UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION |
| | * <br> * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * <br> * <br> * | and consolidated cases |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*           05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*              06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*           06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*              07-5178 | * | |
| | * | |

# PLAINTIFFS' OPPOSITION TO THE MOTION TO QUASH SUBPOENA DUCES TECUM FILED BY THE SECRETARY, LOUISIANA DEPARTMENT OF FINANCE AND REVENUE

Plaintiffs oppose the Feb. 14, 2008, Motion to Quash Subpoena in Civil Case filed by the Secretary of the Louisiana Department of Finance and Revenue (doc. # 11251).

### A.  Plaintiffs' Need for the Information in Question

Plaintiffs have asserted claims under, *inter alia*, Federal maritime law.

On January 31, 2008, plaintiffs filed their Motion to Certify the Class and Subclasses, to Appoint Class Counsel, and to Approve Plaintiff's Proposed Trial Plan (doc. # 11105).  Part D of the Motion, ¶¶ 18-23 at pp. 23-24, requested certification of a subclass of class members with damage to their businesses.  Plaintiffs presented evidence that there were approximately 1,158 businesses in zip codes 70117 in the Lower Ninth Ward and 70043 in St. Bernard Parish West of Paris Road.  *Id.*, and

Attachments A, C, and D to the Motion to Certify the Class.  The Motion stated that, while these zip codes are not coterminous with the class area, they provided an indication of numerosity.

Plaintiffs intend to use an expert to perform a mass appraisal of business losses arising from the flooding.  Pursuant to the February 28, 2008, Order and Reasons, plaintiffs must file their Merits Expert Reports on August 1, 2008, less than five months away.  The subpoenaed tax information will help identify the members of the business loss subclass and will provide raw information to plaintiffs' business loss valuation expert that can then be used in the mass appraisal.

There is no time to obtain this information by obtaining consent forms from class members and submitting the forms to the Louisiana Department of Finance and Revenue.  *First*, the subpoenaed information is necessary to identify the class members to whom letters and consent forms would have to be mailed.  Requiring plaintiffs to send letters and consent forms to class members would create a "catch-22" in which the project would be defeated for lack of the information sought, plaintiffs would have to rely on spotty and incomplete information, and defendants could in theory challenge the resulting expert report for lack of sufficient information.  *Second*, plaintiffs expect that, like the residents of the class area identified in the Motion, the owners of businesses in the class area will be scattered across a number of States and that it would take considerable time and repeated mailings even to get the consent forms to them even after they are identified.  *Third*, confusion and questions will inevitably lead to delays in receiving the filled-in consent forms.  *Fourth*, there will be delays in receiving information from the Louisiana Department of Finance and Revenue after consent forms are submitted to it.  With fewer than five months remaining before the expert report is due, it is simply impossible to obtain the necessary information for use by the expert, and to allow enough time

for analysis before timely submission of the expert report, by any means other than this subpoena.[1]

Plaintiffs respect the confidentiality of the subpoenaed information. The proposed form of Order submitted herewith provides that the information produced will be treated as CONFIDENTIAL INFORMATION subject to the May 29, 2007, Master Protective Order.

**B.      State Statutory Privileges and Confidentiality Provisions Often Yield to Discovery Demands**

Plaintiffs note that the confidentiality provisions of La. Rev. Stat. § 47-1508 are not absolute. Subsec. B of the statute lists 24 exceptions, including the allowance of disclosures for purposes of family and child support. Sec. 47-1508(B)(23).

In *Carr v. Monroe Mfg. Co.*, 431 F.2d 384 (Former 5th Cir. 1970), *cert. denied sub nom. Aldridge v. Carr*, 400 U.S. 1000 (1971), the court enforced a subpoena directed to the Mississippi Employment Security Commission for unredacted records of applicants for employment referrals, and referral records to the defendant and to other employers. A Mississippi statute barred disclosure of those records. The former Fifth Circuit held that the lower court was not bound by the State statute, stating that "the special federal interest in seeking the truth in a federal question case may require disclosure despite the existence of a state rule holding the same communications privileged." *Id.* at 388. The court held that the policies reflected by the statute should be balanced against the need for the information, stating: "Where a government asserts a privilege not existent in the common law but

---

[1] In the event that the Court denies the Motion to Quash, plaintiffs will consult with the Louisiana Department of Finance and Revenue as to the best means of obtaining the necessary information, and whether it is possible to obtain the information electronically, so as to minimize the burden of compliance on the Department and to avoid plaintiffs' expert having to key in large quantities of information. After such consultations, the informational requests may possibly be revised by a substitute subpoena, with the Louisiana Department of Finance and Revenue having the right to move to quash any revised subpoena on grounds other than confidentiality. As a practical matter, the assertion of statutory confidentiality needs to be resolved before effective consultations

based on unique considerations of government policy, the trial court properly should consider the assertion of privilege as part of the good cause requirement, balancing competing policies." *Id.* at 389. The court held that the lower court properly ordered production of the unredacted records at issue, for the purpose of identifying class members and obtaining information on the merits of the case. *Id.* at 390.

The former Fifth Circuit set forth the balancing test in *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336 (Former 5th Cir. Unit A 1981), involving a Mississippi statute sealing the records of the former State Sovereignty Commission for fifty years. The court assumed for purposes of decision that the confidentiality provision would be treated as the creation of an evidentiary privilege by Mississippi courts, and held that Federal Rule of Evidence 501 governed such questions in Federal courts. *Id.* at 1342. In that case, as in the case at bar, claims had been asserted under Federal law. The court stated as a general rule: "That the courts of a particular state would recognize a given privilege will not often of itself justify a federal court in applying that privilege." *Id.* at 1343.

Federal courts within the Fifth Circuit have applied the *Finch* balancing test and have routinely ordered disclosure where the requesting party demonstrated need for the information, there was no practical alternative, and there was a means of protecting the State interest in confidentiality. *Application of United States for an Order Authorizing Judiciary Comm'n of Louisiana to Release Certain Records to the Grand Jury*, 936 F. Supp. 357 (E.D. La. 1996); *In re Subpoena to Testify Before Grand Jury*, 2007 WL 1098884 (E.D. La. April 10, 2007) (No. MISC.A.07-1500) (involving La. Rev. Stat. § 47-1508); *Fairchild v. Liberty Independent School Dist.*, 466 F. Supp. 2d 817 (E.D.

---

can be held.

Tex. 2006).   The May 29, 2007, Master Protective Order protects the legitimate State interest in confidentiality.

    **C.**    **Conclusion**

Plaintiffs have a compelling need for the information in question, to identify class members and to obtain information their business loss valuation expert will need in order to submit the required Merits Expert Report on August 1.  Plaintiffs have shown that there is no realistic alternative means of obtaining the information in question.  Finally, plaintiffs' proposed Order would protect the legitimate State interest in confidentiality.  Under the balancing test of *Carr* and *Finch*, plaintiffs respectfully request the Court to deny the Motion to Quash and enter plaintiffs' proposed Order.

    Respectfully submitted,

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq.
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann
Lawrence D. Wiedemann.
Karl Wiedemann
Karen Wiedemann
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net, adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson
David W. Drucker
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.
Leslie Kelmachter, Esq.
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235
    Facsimile:  212-398-1532
    e-mail: a.fuchsberg@fuchsberg.com,
    l.kelmachter@fuchsberg.com

Dated: March 4, 2008

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing document and of the proposed form of Order has been served upon counsel of record, by ECF upload, or by facsimile or e-mail or First Class mail, this 4th day of March, 2008.

                       /s/ Richard T. Seymour
                       Richard T. Seymour
                       Adele Rapport
                       Law Office of Richard T. Seymour, P.L.L.C.
                       1150 Connecticut Avenue N.W., Suite 900
                       Washington, D.C.  20036-4129
                             Voice: 202-862-4320
                             Cell:    202-549-1454
                          Facsimile:  800-805-1065 and 202-828-4130
                           e-mail: rick@rickseymourlaw.net, adele@rickseymourlaw.net