UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: | SECTION "K" (2) |
| *Flowers by My Sister and Me* C.A. NO. 06-9246 | |
| and | |
| FLOWERS BY MY SISTER & ME, LLC | CIVIL ACTION |
| VERSUS | NO. 06-9246 |
| ZURICH AMERICAN INS. CO., ET AL. | SECTION "K" (2) |

MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTIONS TO EXCLUDE PLAINTIFF'S EXPERT REPORTS
AND WITNESSES AND EXHIBITS

MAY IT PLEASE THE COURT:

In regard to defendant's motion to exclude plaintiffs experts, plaintiffs have no experts retained in this matter and do not intend to introduce expert testimony at this time.

Concerning defendant's motion to exclude witnesses and exhibits, it is obvious from a review of the record that plaintiffs did not timely file their witness and exhibit list and has only just filed same. Obviously, exclusion of all plaintiffs' witnesses and exhibits amounts to a dismissal of the case and is a severe penalty. Plaintiffs respectfully represent that all of plaintiffs' exhibits which are listed on plaintiffs' exhibit list were identified to the defendant and copies of

same were provided to the defendant on or about October 30, 2007 in response to interrogatories and request for production of documents propounded by the defendant. Additionally, in response to discovery, specifically, defendant's interrogatories number 2 & 6 plaintiff identified both Edward Gutierrez and Cathy Gutierrez, co-owner/operators of the business in question as witnesses that will be called at the trial of this matter. Edward Gutierrez has been deposed by defendant and while the deposition of Cathy Gutierrez had been scheduled for March 3rd, it was necessary to postpone that deposition as Cathy Gutierrez was attending to her terminally ill sister in Opelousas. It was agreed by and between counsel that her deposition could be rescheduled at a later date.

While plaintiff has listed additional fact witnesses to testify concerning the damage to the building and contents of the building which were not identified in response to interrogatories, it is anticipated that these additional witnesses would simply verify the testimony of both Edward and Cathy Gutierrez.

The only additional witness listed is the building owner of the building in question who would be expected to testify concerning when it was available and/or if it was available for re-occupancy by plaintiff's business and, of course, the nature of the damage to the building in question. Plaintiff is certainly willing to accommodate defendant and cooperate in further discovery if necessary.

Counsel for plaintiff acknowledges the importance of complying with this Court's orders in regard to filing applicable witness and exhibit lists. The relief sought by defendant's as indicated above, amounts to dismissal of plaintiff's claims. It is respectfully suggested that this Court could fashion a remedy, under the circumstances, that would protect, yet not result in

dismissal of plaintiff's claims.  As stated above, defendants had been aware of at least two plaintiff's witnesses, Ed and Cathy Gutierrez, and have been aware and provided with copies of plaintiff's exhibits since approximately October 30, 2007.

For these reasons plaintiff respectfully suggest that defendant's motion to exclude witnesses and exhibits of the plaintiff should be denied.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES, LLC**

s/Jim S.Hall
**JOSEPH W. RAUSCH (Bar No.: 11394)**
**JIM S. HALL, (Bar No.: 21644)**
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001
Telephone: (504) 832-3000
Facsimile:   (504) 832-1799
E-Mail Address: jim@jimshall.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 4th day of March, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

s/Jim S. Hall
**JIM S. HALL**

3