UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                               CIVIL ACTION
CONSOLIDATED LITIGATION
                                                           NO. 05-4182

PERTAINS TO:                                               SECTION "K"(2)
   *Schmitt*  C.A. No. 07-6194

### ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 8952) filed by plaintiff Vera Schmitt. Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the motion.

In ruling on a Motion to Remand, the Court must first determine whether on the face of the petition was the removal proper, which requires a Court to look at the petition and ask whether the amount in controversy exceeds $75,000. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). If on the face of the complaint, such an amount can be fairly seen as being demanded, then the case was properly removed. Post-removal affidavits and the like are not sufficient to destroy the propriety of the removal. *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000), *citing St. Paul Mercury Indem. v. Red Cab Co,*303 U.S. 283 (1938). Certainly, offers of settlement do not constitute evidence that would form a proper basis for remand.

The basis of this motion to remand is that Liberty Mutual has taken the position in mediation that the claim is not worth more than $15,000. The policy limits, however, far exceed $75,000.[1]  Plaintiff has also alleged deceptive trade practices within the meaning of La. Rev.

---

[1]Exhibit "D" of the Petition includes the Declaration Sheet for the subject policy with the dwelling being covered for $105,000., other structures on the residence premises being covered

Stat. 51:1401 which would entitle her to attorneys' fees.  She also seeks recovery under the Louisiana Valued Policy statute, La. Rev. Stat. 22:695 wherein she alleges that her property was a total loss. (Petition, ¶¶ 6-7).  Thus, clearly, the amount in controversy exceeds the requisite jurisdictional amount.   Accordingly,

**IT IS ORDERED** that Vera Schmit's  Motion to Remand (Doc. 8952) is **DENIED**.

New Orleans, Louisiana, this ___4th___ day of March, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

---

for $10,500 and Personal Property being covered for $52,500.