UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K"(2) |
| PERTAINS TO: Levee Breach | JUDGE: DUVAL |
| INSURANCE: *Deborah Marks v. Lloyds of London (07-5208)* | MAGISTRATE: WILKINSON |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY

NOW INTO COURT, through undersigned counsel, comes defendants, Certain Underwriters at Lloyds, London, Subscribing to Policy No. 41183 (improperly referred to in the Complaint as "Lloyds of London")(hereinafter "Underwriters"), and denying any and all liability, file this Answer to the Complaint filed by Plaintiffs as follows:

### FIRST DEFENSE

Underwriters affirmatively assert that some or all of the Plaintiffs' claims are time-barred.

### SECOND DEFENSE

The Complaint fails to state a claim against Underwriters upon which relief can be granted.

And now, Underwriters respond to the specific allegations in the Complaint as follows:

### I.

The allegations in Paragraph I for lack of sufficient information to justify a belief therein.

### II.

The allegations in Paragraph II are denied as written.

BR.538467.1

### III.

The allegations in Paragraph III are denied for lack of sufficient information to justify a belief therein. In further answering, Underwriters issued an insurance policy to plaintiff, Deborah Marks, bearing Policy No. 41183 for the property located at 7817 Lady Gray Street, New Orleans, Louisiana (the "Underwriters Policy"), which policy is best evidence of its terms, limitations and conditions all of which are pled as if copied *in extenso*.

### IV.

The allegations in Paragraph IV are denied for lack of sufficient information to justify a belief therein, except to admit that Hurricane Katrina made landfall on or about August 29, 2005.

### V.

The allegations in Paragraph V are denied for lack of sufficient information to justify a belief therein.

### VI.

The allegations in Paragraph VI are denied for lack of sufficient information to justify a belief therein. In further answering, Louisiana's Valued Policy Law is inapplicable to Plaintiff's claims.

### VII.

The allegations in Paragraph VII are denied. In further answering, Underwriters acted in good faith at all times pertinent hereto.

### VIII.

The allegations in Paragraph VIII are denied. In further answering, Underwriters acted in good faith at all times pertinent hereto.

BR.538467.1

## IX.

The allegations in Paragraph IX do not require a response by Underwriters.

## X.

The allegations in Paragraph X are denied. In further answering, Underwriters have tendered all undisputed amounts for the loss to Plaintiff and have acted in good faith at all times pertinent hereto.

### Third Defense (Affirmative Defense)

Underwriters specifically plead the "Water Damage" exclusion of the Underwriters Policy as if pled herein *in extenso.*

### Fourth Defense (Affirmative Defense)

Underwriters have at all times pertinent hereto acted in good faith in the adjustment, investigation and payment of the loss.

### Fifth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is limited to the Underwriters Policy, the terms, conditions and limitations of which are pled as if copied *in extenso.*

### Sixth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims do not result from damage to covered property or from a covered cause of loss under Certificate No. 41183 and/or to the extent some or all of the damage was pre-existing and/or due to a failure to mitigate.

### Seventh Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims are barred from coverage by the "Ordinance or Law" exclusion of the Underwriters Policy, which

3

BR.538467.1

exclusion is pled as if copied *in extenso*.

### Eighth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims are barred from coverage by the "Earth Movement", "Power Failure", "Neglect", "Intentional Loss", "Weather conditions", "Acts or decisions" and/or "Faulty, inadequate or defective" exclusions of the Underwriters Policy, which exclusions are pled as if copied *in extenso*.

### Ninth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the "Seepage, Pollution and Contamination" and "Total Mold" exclusions of the Underwriters Policy, which exclusions are pled as if copied *in extenso*.

### Tenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims for coverage are barred pursuant to the "Perils Insured Against" provisions of the Underwriters Policy, which are pled as if copied *in extenso*.

### Eleventh Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is reduced to the extent that some or all of the claims for coverage are subject to the "Loss of Use", "Additional Living Expenses", "Fair Rental Value", "Debris Removal", "Reasonable Repairs",  "Windstorm or hail", "Vandalism or malicious mischief" and "Concealment and Fraud" provisions of the Underwriters Policy, all of which are pled as if copied *in extenso*.

### Twelfth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, must be reduced to the extent that some or all of the claims for coverage are barred or limited pursuant to the "Other Insurance" and "Limit of Liability"

provisions in the Underwriters Policy, which provisions are pled as if copied *in extenso*.

### Thirteenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, must be reduced to the extent that all of the claims for coverage are subject to the "Loss Payment", "Loss Settlement", "Valuation", "Replacement Costs", "Cancellation" and/or "Service of Suit" provisions in the Underwriters Policy, which are pled as if copied *in extenso*.

### Fourteenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, must be reduced by amounts owed or tendered for the loss by any other individual or entity and Underwriters are entitled to a set off or credit for any and all such amounts.

### Fifteenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, must be reduced by amounts already tendered by Underwriters for the loss and the applicable deductible(s) under the Underwriters Policy, the terms, conditions and limitations of which are pled as if copied *in extenso*.

### Sixteenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is limited due to failure to comply with certain policy loss conditions and "Duties After Loss" provisions of the Underwriters Policy, the terms, conditions and limitations of which are pled as if copied *in extenso*.

### Seventeenth Defense (Affirmative Defense)

Plaintiffs' recovery, if any, is limited to the extent Plaintiffs failed to provide information to Underwriters or access to records or other documents concerning the loss, all of which impeded the ability of Underwriters to adjust the claim.

### Eighteenth Defense (Affirmative Defense)

The purported proof of loss submitted by Plaintiff was insufficient and/or inadequate such that Underwriters were required to continue inspection(s) and their investigation of the loss.

### Nineteenth Defense (Affirmative Defense)

Underwriters affirmatively assert the defense of independent, superseding or intervening cause.

### Twentieth Defense (Affirmative Defense)

Underwriters affirmatively assert that any loss or damages claimed in this litigation, in whole or part, were caused or contributed to by the negligent and/or wrongful acts or omissions of Plaintiffs and/or third persons or entities for which Underwriters are not responsible.

### Twenty-First Defense (Affirmative Defense)

Underwriters affirmatively assert that they committed no negligent or wrongful act or omission which proximately caused or contributed to the alleged damages and that at all times acted in good faith and in a reasonable manner.

### Twenty-Second Defense (Affirmative Defense)

Underwriters affirmatively assert that the claims are barred due to Plaintiffs' failure to exhaust available remedies.

### Twenty-Third Defense (Affirmative Defense)

Underwriters expressly reserve the right to invoke the "Appraisal" provisions of the Underwriters Policy, which are pled as if copied *in extenso*.

### Twenty-Fourth Defense (Affirmative Defense)

Underwriters affirmatively assert that they intend to rely upon such other affirmative defenses and/or denials as may become available or apparent during the discovery phase of this

BR.538467.1

litigation and reserves the right to amend this answer to assert any such defense and/or denials.

### Demand for a Jury Trial

Underwriters demand a trial by jury.

WHEREFORE, Certain Underwriters at Lloyd's, London Subscribing to Certificate No. 41183, pray that this Answer be deemed sufficient and, after due proceedings have been had, the Plaintiffs' claims be dismissed, with prejudice at Plaintiffs' cost. Underwriters further pray for all further just and equitable relief, including reasonable attorney's fees and court costs, to which they may be entitled.

>                         Respectfully submitted,
>
>                         **PHELPS DUNBAR LLP**
>
>
>                         BY:   /s/ Holly G. Hansen
>                               Marshall M. Redmon, Bar Roll No. 18398
>                               Virginia Y. Trainor, Bar Roll No. 25275
>                               Holly G. Hansen, Bar Roll No. 26902
>                               Suite 701 • City Plaza
>                               445 North Boulevard
>                               Baton Rouge, Louisiana 70802
>                               Telephone: (225) 346-0285
>                               Telecopier: (225) 381-9197
>
>                         ATTORNEYS FOR CERTAIN UNDERWRITERS
>                         AT LLOYDS, LONDON, SUBSCRIBING TO
>                         POLICY NO. 41183

BR.538467.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2008, a copy of the foregoing *Answer to Complaint and Demand for Jury* was filed with the Clerk of the Court by using the CM/ECF system.

/s/ Holly G. Hansen
_____
Holly G. Hansen, Bar Roll No. 26902
Phelps Dunbar LLP
*Counsel for Certain Underwriters at Lloyds, London*

BR.538467.1