UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION K – JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE:  JUPITER, 07-1689 | * | |
| | * | |

****************************************

## MEMORANDUM IN SUPPORT OF
## MOTION FOR CONTEMPT AND DISMISSAL

**MAY IT PLEASE THE COURT:**

This case arises out of Hurricane Katrina. This memorandum is submitted on behalf of Defendant, Auto Club Family Insurance Company ("ACFIC"), in support of its Motion for Contempt and Dismissal in connection with Lorraine Jupiter's ("Jupiter") failure to comply with Magistrate Judge Wilkinson's January 30, 2008 discovery order.

## PROCEDURAL HISTORY

On June 7, 2007, ACFIC propounded Interrogatories and Request for Production of Documents to Jupiter, through her attorney of record, Brent A. Klibert.[1] On August 27, a second copy of the same Interrogatories and Requests for Production of Documents were forwarded to Jupiter, through her attorney of record, Brent A. Klibert.[2] Undersigned counsel for ACFIC conferred with counsel for Jupiter on numerous occasions to seek an amicable resolution and comply with Rule 37.1(E), but was unsuccessful.

On October 3, 2007, undersigned counsel for ACFIC conducted a Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to respond to ACFIC's discovery requests.[3] Pursuant to the teleconference, a five day extension of time was granted for Jupiter to respond to the Interrogatories and Requests for Production of Documents originally propounded on June 7, thereby making Jupiter's responses due by the close of business on October 8.[4] Not until October 16 did ACFIC's undersigned counsel receive via facsimile Jupiter's belated Answers to Interrogatories only.

Upon review, it was evident Jupiter's late Answers to Interrogatories were deficient. Consequently, on October 23, 2007, undersigned counsel conducted a second Rule 37.1(E) conference with counsel for Jupiter to discuss Jupiter's failure to completely and sufficiently respond to ACFIC's Interrogatories, as well as Jupiter's refusal to respond to ACFIC's Request for Production.[5] Pursuant to the teleconference, a seven day extension of time was granted to Jupiter to provide supplemental answers to ACFIC's Interrogatories in the form of a pleading,

---

[1] See Interrogatories and Requests for Production of Documents copies of which are attached hereto as Exhibit 1, *in globo*.
[2] See correspondence to counsel for Plaintiff, dated August 27, 2007, attached hereto as Exhibit 2.
[3] See correspondence to counsel for Plaintiff, dated October 3, 2007, attached hereto as Exhibit 3.
[4] See Exhibit 3.
[5] See correspondence to counsel for Plaintiff, dated October 23, 2007 in which counsel for ACFIC addresses each deficient Answer to its Interrogatories, attached hereto as Exhibit 4.

and respond to ACFIC's Request for Production of Documents.[6] Jupiter failed to respond to ACFIC's Request for Production within the time delay agreed upon. Rather than providing ACFIC with supplemental answers to Interrogatories in the proper format within the time specified, on November 17, 2007, counsel for Jupiter faxed an informal correspondence letter providing ACFIC with supplemental Answers to its Interrogatories.[7] Furthermore, the November 17 correspondence letter from counsel for Jupiter did not address Jupiter's continued refusal to respond to ACFIC's Request for Production of Documents.[8] Upon review of Jupiter's November 17 informal supplemental Answers; it again became apparent Jupiter's supplemental Answers to ACFIC's Interrogatories remained deficient.

On January 4, 2008, Amy V. Christina, another counsel for ACFIC conducted separate Rule 37.1(E) conferences with counsel of record for Jupiter, Brent Klibert, for the purpose of addressing multiple discovery issues, one being Jupiter's ongoing deficient Answers to ACFIC's Interrogatories and her continued refusal to respond to ACFIC's Request for Production of Documents. Another discovery issue addressed during the January 4 Rule 37.1(E) conferences was availability for the scheduling of Jupiter's deposition. Mr. Klibert informed ACFIC's counsel he was no longer involved in the case and referred ACFIC counsel to Bruce Feingerts. Accordingly, counsel for ACFIC also spoke with Mr. Feingerts. Mr. Feingerts, however, was unwilling to commit to a date deadline for responding to ACFIC's Request for Production of Documents and for submitting in proper form and completeness Jupiter's supplemental Answers to ACFIC's Interrogatories. Preferring instead, to address orally each deficient Interrogatory and Request for Production of Documents. Furthermore, Mr. Feingerts refused to provide counsel for ACFIC with available dates to depose Jupiter.

---

[6] See Exhibit 4.
[7] See correspondence from counsel for Plaintiff, dated November 17, 2007, attached hereto as Exhibit 5.
[8] See Exhibit 5.

3

Consequently, due to Jupiter's insufficient Answers to ACFIC's Interrogatories, her complete failure to respond to ACFIC's First Request for Production of Documents, and refusal to provide ACFIC with available dates to schedule her deposition, ACFIC was forced to file a Motion to Compel on January 14.[9] This Motion was deemed unopposed by the Court due to Jupiter's failure to file an opposition memorandum.[10] Finding ACFIC's Motion to Compel had merit, the Court ordered Jupiter to provide ACFIC, within ten days of entry of the order, supplemental responses to ACFIC's Interrogatory Nos. 3, 4, 5, and 8, to respond to ACFIC's First Request for Production of Documents, and to provide ACFIC's counsel with available dates within the next 30 days for scheduling Jupiter's deposition. Jupiter was also ordered to pay $450.00 in attorney's fees for her discovery violations which necessitated the filing of ACFIC's Motion to Compel. The Order was signed on January 30, 2008.[11]

To date, Jupiter has ignored the Court's order. She has failed to provide the required discovery responses. She has yet to provide ACFIC with available deposition dates and she has failed to pay the $450.00 monetary sanction. Consequently, ACFIC is now forced to file this Motion for Contempt and Dismissal in connection to Jupiter's failure to comply with the Court's January 30 discovery order.

## **LAW AND ARGUMENT**

When a party fails to obey a court order to provide or permit discovery, Federal Rule of Civil Procedure 37(b)(2)(A) specifically authorizes the court where the action is pending to issue further orders including a finding of contempt of court and dismissal of a party's civil lawsuit as sanctions for failure to comply with a discovery order. Given the facts as explained above, Jupiter is clearly in violation of the discovery process, and in particular, of the Court's order

---

[9] See Docket No. 10380.
[10] See Docket No. 10992.
[11] See Docket No. 10992.

4

granting ACFIC's Motion to Compel.[12] As a result, pursuant to Rule 37, ACFIC requests that penalties of contempt and dismissal be imposed.

First, ACFIC asks that Jupiter be held in contempt of court. The Court granted Jupiter's Motion to Compel and ordered Jupiter , within ten days of entry of the order, provide supplemental responses to ACFIC's Interrogatory Nos. 3, 4, 5, and 8, to respond to ACFIC's First Request for Production of Documents, to provide ACFIC's counsel with available dates within the next 30 days for scheduling her deposition, and to pay to ACFIC $450.00 in attorney's fees. To date, Jupiter has not only failed to timely comply, but more significantly, failed to provide the discovery responses and deposition dates she was ordered by the Court to provide.

ACFIC also seeks dismissal of Jupiter's claim. Previous cases decided by the Fifth Circuit have noted that the District Court's discretion under Rule 37 is broad but not unlimited.[13] However, the discovery sanction of dismissal is generally reserved only for instances in which a party has demonstrated a clear history of repeated delay or contumacious discovery conduct.[14] The Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order." First, dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. The violation of the discovery order must be attributable to the client instead of the attorney and the violating party's misconduct must substantially prejudice the opposing party. Finally, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.[15]

---

[12] See Docket No. 10992.
[13] *Jones v. Louisiana State Bar Association*, 602 F.2d 94 (5 Cir. 1976).
[14] *Ginther v. Sea Support Servs. L.L.C.*, No. 00-2928, 2002 WL 1213601, at 4 (E.D. La. June 4, 2002).
[15] *Federal Deposit Ins. Corp. v. Connor*, 20 F.3d 1376, 1380-81 (5 Cir. 1994).

5

The foregoing factors in this case clearly weigh in favor of granting the motion and imposing the sanction of dismissal. Simply put, Jupiter has ignored the Court's discovery order. She has failed to provide any response whatsoever, either to ACFIC's January 14 Motion to Compel or to the Court's January 30 order.[16] Furthermore, there is nothing in the record to suggest that this dilatory conduct is attributable to Jupiter's counsel rather than Jupiter herself, or that another order short of dismissal might prompt compliance. The Court has previously sanctioned Jupiter's conduct by awarding monetary sanctions and deeming waived all objections except on the basis of attorney-client privilege or work product doctrine to ACFIC's First Request for Production of Documents. More importantly, discovery deadlines and scheduling orders are looming. As a result, ACFIC is prejudiced in its ability to prepare its defenses by Jupiter's delay tactics and failure to comply with the Court's discovery order. Lesser sanctions have already been imposed, but they have failed to accomplish the desired deterrent.

Finally, Federal Rule of Civil Procedure 37(b)(2)(C) mandates a Court order the disobedient party, or the attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the party's failure to comply with the Court's order. This directive is only alleviated by a finding that the disobedient party was substantially justified or that other circumstances made an award of expenses unjust. In this case, there is no indication that Jupiter is so justified or that an award of expenses is unjust. Accordingly, ACFIC additionally requests this Court order Jupiter to pay the reasonable expenses incurred by ACFIC caused by her failure to comply with the Court's January 30 discovery order.

---

[16] Local Rule 7.5E requires that opposition memorandums be filed and a copy be delivered to chambers eight days prior to the hearing of the motion. Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.

## CONCLUSION

Jupiter's failure to provide written discovery responses and available dates for her deposition is in direct violation of the discovery process and Magistrate Judge Wilkinson's discovery order. Moreover, Jupiter's discovery responses and the taking of her deposition are imperative to ACFIC establishing claims and defenses in this case. Jupiter's continued refusal to participate in the discovery process causes prejudice to ACFIC by obstructing its ability to prepare for trial. Lesser sanctions have previously been attempted and have failed to reprimand Jupiter's discovery abuses. Consequently, the appropriate remedy is to hold Jupiter in contempt and dismiss her claim with prejudice. Furthermore, Jupiter should be ordered to pay the reasonable expenses caused by her failure to comply with the Court's January 30 discovery order.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**

By _____
**THOMAS M. RICHARD (#2069)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Fax: (504) 836-9540
***Attorneys for Defendant, Auto Club Family Insurance Company***

7