UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES   \*
CONSOLIDATED LITIGATION   \*
  \*
  \*
PERTAINS TO:   \*
  \*
INSURANCE:   JUPITER, 07-1689   \*
  \*
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

CIVIL ACTION NO. 05-4182

SECTION K – JUDGE DUVAL

MAG. (2) – MAG. WILKINSON

# FIRST SET OF INTERROGATORIES

TO:    Lorraine Jupiter
      Through counsel
      Brent A. Klibert
      Law Offices of Roy F. Amedee, Jr.
      228 St. Charles Avenue, Suite 801
      New Orleans, LA 70130

These Interrogatories are propounded under authority of Rule 33 of the Federal Rules of Civil Procedure. These Interrogatories are to be answered by the party to whom they are addressed, separately, fully, in writing and under oath, and the answers shall be served within thirty days of service hereof. These Interrogatories are deemed continuing, and you are requested to seasonably supplement your answers in accordance with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

Unless stated otherwise, the following definitions apply to the terms used in these

**EXHIBIT**

tabbies

/

Interrogatories:

1.    "You", "Your" or "Plaintiff" means Lorraine Jupiter and/or her attorneys, agents, employees and/or representatives acting on behalf of Lorraine Jupiter.

2.    "ACFIC" means Auto Club Family Insurance Company, the insurer who issued you the homeowner's policy at issue in the captioned litigation.

3.    "Your immovable property" means the immovable property, including but not limited to your dwelling, and any other structures located at 7421 Arbor Drive, New Orleans, Louisiana.

4.    "Your movable property", means your movable property, including any personal property or contents inside your dwelling or any other structures at 7421 Arbor Drive, New Orleans, Louisiana.

5.    "Identify", when used with reference to a person or witness, means to state the person's full name, last known home address, last known telephone number, and if known, current place of employment, current employment address, date of birth, and social security number.

6.    "Identify", when used with reference to an entity, means to state the full name of the entity, its current address and its telephone number.

7.    "Documents" means any written, printed, typed, recorded, computer generated, or graphic materials of any kind or character, by which information has been recorded, preserved or stored, and which are in your actual or constructive possession, custody, or control.  By way of example, and not limitation, "documents" shall include drafts, letters, correspondence, pleadings, telegrams, memoranda, messages, records, minutes, logs, calendar or diary entries, contracts, agreements, forms, photographs, statements, notes, pamphlets, invoices, ledgers, statements,

computer entries, e-mail messages, tape recordings, reports, etc.

8.      "Exchanged", when used with reference to a document, means documents either sent or received.

9.      The single form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and *vice versa*.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and *vice versa*.

**INTERROGATORY NO. 1:**

Identify yourselves and all persons providing information needed to answer these Interrogatories.

**INTERROGATORY NO. 2:**

State the date of the last appraisal of your immovable property prior to Hurricane Katrina, identify the appraiser, and state the amount of the appraisal.

**INTERROGATORY NO. 3:**

Have you received any payments from any entity, (including but not limited to ACFIC, another insurer, FEMA, etc.), for any damages or losses you sustained as a result of Hurricane Katrina?  If the answer to this interrogatory is yes, for each such payment you received, then answer the following:

(a)      Identify the person and/or entity that made the payment;

(b)      If the entity who made the payment is an insurer, state the number of the policy issued to you by that insurer, and the type of coverage provided to you by that insurer (*e.g.* homeowner's, flood, business interruption, etc.);

(c)      State the date of the payment;

(d)     State the amount of the payment; and

(e)     Describe the reason for the payment (*e.g.*, advance on additional living expenses, cost of repairs to dwelling, replacement of damaged contents, etc.).

## INTERROGATORY NO. 4:

Providing as much detail as possible, itemize the damages you contend you are entitled to recover from ACFIC. At a minimum, your itemization should include a description of the type or category of damages you are claiming (*e.g.* cost of repairing dwelling; cost of repairing/replacing contents; additional living expenses, etc.), and the amount of damages you contend you are entitled to recover for each category or type of damages. Note: If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory. If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

## INTERROGATORY NO. 5:

Do you contend you have provided ACFIC with satisfactory proof of loss for any damages arising out of Hurricane Katrina you seek to recover from ACFIC? If the answer to this Interrogatory is yes, then state the following:

(a)     A full description of all information and/or documentation you contend comprises the "satisfactory proof of loss" you provided to ACFIC;

(b)     The date(s) you contend you provided ACFIC with each item of information and/or documentation that comprises your "satisfactory proof of loss".

**INTERROGATORY NO. 6:**

Have you made any repairs to the damage caused by Hurricane Katrina to your immovable property? If the answer to this Interrogatory is yes, then answer the following:

(a)    Describe fully any repairs you have made;

(b)    State the date of these repairs;

(c)    Identify all persons or entities who made the repairs; and

(d)    State the amount you paid to each person or entity referred to in your answer to Interrogatory No. 6(c).

**INTERROGATORY NO. 7:**

Have you repaired or replaced any of your movable property damaged by Hurricane Katrina? If the answer to this Interrogatory is yes, for each item repaired or replaced, answer the following:

(a)    Provide an itemized inventory of the movable property that was repaired or replaced;

(b)    State the date of the repair and/or replacement;

(c)    Identify all persons or entities who made any repairs, or identify any person or entity from whom you purchased any replacement items, and any persons or entities who provided you written repair or replacement estimates; and

(d)    State the amount you paid for the repair or replacement.

Note: If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory. If the inventory or list is not complete, or does not provide all information needed

to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**INTERROGATORY NO. 8:**

Do you contend you are entitled to recover from ACFIC any additional living expenses you sustained as a result of Hurricane Katrina?  If the answer to this Interrogatory is yes, then answer the following:

(a)     The full address for each place you lived after Hurricane Katrina other than 7421 Arbor Drive, New Orleans, Louisiana;

(b)     The dates you lived at each address listed in your answer to Interrogatory No. 9(a);

(c)     Provide an itemized description of additional living expenses for which you are making claim; and

(d)     Provide an itemized description of your average monthly living expenses during the period of January 1, 2005 to August 28, 2005.

Note:  If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory.  If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**INTERROGATORY NO. 9:**

Do you contend that ACFIC is liable to you for any penalties and/or attorney's fees under La. R.S. 22:658 and/or La. R.S. 22:1220?  If the answer to this Interrogatory is yes, please state

the following:

(a)   Describe fully the respects in which you believe ACFIC violated La. R.S. 22:658 and/or La. R.S. 22:1220, and the penalty you believe ACFIC is liable for; and

(b)   If you contend ACFIC is also liable for attorney's fees, state the amount of attorney's fees you have incurred as a result of ACFIC's violation of La. R.S. 22:658 and/or La. R.S. 22:1220, and state the hourly fee you have agreed to pay any attorney to make a claim against ACFIC and/or the percentage of your recovery you have agreed to pay any attorney to prosecute any claim in your behalf against ACFIC.

**INTERROGATORY NO. 10:**

Identify each person you may call as a witness at the trial of this matter, and for each witness, describe the facts they will testify to. Additionally, if any witness will be tendered as an expert, state the field of expertise the witness will be tendered in and the opinion(s) such expert witness will testify to.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.**

By_____

**THOMAS M. RICHARD (#2069)
KENNETH B. KROBERT (#7865)
BRAD M. LACOMB (#29938)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana  70002
Telephone:  (504) 830-3844
Fax: (504) 836-9544
*Attorneys for Defendant, Auto Club Family
Insurance Company*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this ___ day of June, 2007, served a copy of the

foregoing pleading on counsel for all parties by:

    (    ) Hand Delivery        ( ✓ ) Prepaid U. S. Mail

    (    ) Facsimile            (    ) UPS/Federal Express

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION K – JUDGE DUVAL |
| _____ | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE:  JUPITER, 07-1689 | * | |
| | * | |

**************************************

# FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  Lorraine Jupiter
     Through counsel
     Brent A. Klibert
     Law Offices of Roy F. Amedee, Jr.
     228 St. Charles Avenue, Suite 801
     New Orleans, LA 70130

These Requests for Production of Documents and Things are propounded under authority of Rule 34 of the Federal Rules of Civil Procedure. These Requests are to be responded to by the party to whom they are addressed, separately, fully, in writing and under oath, and the responses and the documents and things requested shall be produced for copying and inspection, or a true copy thereof, in the office of Chopin, Wagar, Richard & Kutcher, 3850 Causeway Boulevard, Suite 900, Metairie, Louisiana 70002, within thirty days of service hereof.  These Requests are deemed continuing, and you are requested to seasonably supplement your responses in accordance with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

Unless stated otherwise, the following definitions apply to the terms used in these Request for Production:

1.      "You", "Your" or "Plaintiff" means Lorraine Jupiter and/or her attorneys, agents, employees and/or representatives acting on behalf of Lorraine Jupiter.

2.      "ACFIC" means Auto Club Family Insurance Company, the insurer who issued you the homeowner's policy at issue in the captioned litigation.

3.      "Your immovable property" means the immovable property, including but not limited to your dwelling, and any other structures located at 7421 Arbor Drive, New Orleans, Louisiana.

4.      "Your movable property", means your movable property, including any personal property or contents inside your dwelling or any other structures at 7421 Arbor Drive, New Orleans, Louisiana.

5.      "Identify", when used with reference to a person or witness, means to state the person's full name, last known home address, last known telephone number, and if known, current place of employment, current employment address, date of birth, and social security number.

6.      "Identify", when used with reference to an entity, means to state the full name of the entity, its current address and its telephone number.

7.      "Documents" means any written, printed, typed, recorded, computer generated, or graphic materials of any kind or character, by which information has been recorded, preserved or stored, and which are in your actual or constructive possession, custody, or control.  By way of example, and not limitation, "documents" shall include drafts, letters, correspondence, pleadings, telegrams, memoranda, messages, records, minutes, logs, calendar or diary entries, contracts,

agreements, forms, photographs, statements, notes, pamphlets, invoices, ledgers, statements, computer entries, e-mail messages, tape recordings, reports, etc.

8.      "Exchanged", when used with reference to a document, means documents either sent or received.

9.      The single form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and *vice versa*.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and *vice versa*.

**REQUEST NO. 1:**

Do you have any photographs or videotape taken prior to Hurricane Katrina of your immovable property or any movable property for which you are making claim, which depicts the appearance of such property in its condition shortly before Hurricane Katrina?  If the answer to this Request is yes, please produce all such photographs or videotapes.  Please produce originals, duplicate originals or negatives of photographs, or clear color photocopies.  Please indicate the date the photographs and/or videotapes were taken in your response.

**REQUEST NO. 2:**

Do you have any photographs or videotape taken after Hurricane Katrina of your immovable property or any movable property for which you are making claim, which depicts any damage to the property caused by Hurricane Katrina?  If the answer to this Request is yes, please produce all such photographs or videotapes.  Please produce originals, duplicate originals or negatives of photographs, or clear color photocopies.  Please indicate the date the photographs and/or videotapes were taken in your response.

**REQUEST NO. 3:**

Any and all appraisals of your movable property, whether the appraisals were conducted before or after Hurricane Katrina.

**REQUEST NO. 4:**

Complete copies of any insurance policies, including any accompanying Declaration pages and any endorsements, issued to you by any insurer against whom you have made a claim for damages to your immovable property or movable property arising out of or related to Hurricane Katrina other than ACFIC.

**REQUEST NO. 5:**

Any and all documents (including but not limited to correspondence, forms, inventories, etc.) you have exchanged with any insurer regarding any claim you have made for damages to your immovable property or movable property arising out of or related to Hurricane Katrina other than ACFIC.

**REQUEST NO. 6:**

Any and all documents (including but not limited to correspondence, forms, inventories, etc.) you have exchanged with ACFIC, or any claims adjuster acting on behalf of ACFIC, regarding any claim you have made for damages to your immovable property or movable property arising out of or related to Hurricane Katrina.

**REQUEST NO. 7:**

Any and all invoices, receipts or any other documents evidencing the cost of any repairs you have made to your immovable property or your movable property damaged by Hurricane Katrina, or the cost of replacing any of your immovable property or your movable property damaged as a result of Hurricane Katrina.

**REQUEST NO. 8:**

Any and all written estimates for repairing and/or replacing any of your immovable property or your movable property damaged by Hurricane Katrina.

**REQUEST NO. 9:**

Any and all inventories or lists you have prepared as a result of damage to your immovable property or movable property, or any additional living expenses you have incurred, caused by Hurricane Katrina.

**REQUEST NO. 10**

Any and all statements, invoices, receipts or other documents which reflect any additional living expenses you incurred as a result of Hurricane Katrina.

**REQUEST NO. 11:**

Any and all documents submitted to ACFIC you contend constitute "satisfactory proof of loss".

**REQUEST NO. 12:**

Any and all checks, drafts, releases, letters or any other documents reflecting or referring to any payments made to you as a result of damage or loss caused by Hurricane Katrina.

**REQUEST NO. 13:**

Any and all documents, photographs or exhibits you relied upon to answer ACFIC's Interrogatories, or referred to in your answers to ACFIC's Interrogatories, to the extent you are not producing such documents in response to a specific request above.

**REQUEST NO. 14:**

Any and all reports generated by any expert you have retained or consulted with regarding any claim you have made arising out of Hurricane Katrina, and any documents you have exchanged with that expert.

**REQUEST NO. 15:**

Any and all documents, photographs or exhibits you may offer into evidence or rely upon at the trial of this matter.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.**

By _____

**THOMAS M. RICHARD (#2069)
KENNETH B. KROBERT (#7865)
BRAD M. LACOMB (#29938)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Fax: (504) 836-9540
*Attorneys for Defendant, Auto Club Family
Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ____ day of June, 2007, served a copy of the foregoing pleading on counsel for all parties by:

( ) Hand Delivery          ( ✓ ) Prepaid U. S. Mail

( ) Facsimile             ( ) UPS/Federal Express

# Chopin Wagur Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Thomas M. Richard**
Partner
Direct Telephone  504 830 3845
Telefax  504 836 9543
trichard@chopin.com

August 27, 2007

Bruce L. Feingerts
Feingerts & Kelly, PLC
One Canal Place, Suite 2700
365 Canal Street
New Orleans, LA 70130

Re:   Lorraine Jupiter v. Automobile Club
       Inter-Insurance Exchange
       USDC No.: 07-1689 L (3)
       Our File No.: 823.4547

Dear Mr. Feingerts:

Enclosed is a copy of Auto Club Family Insurance Company's Answers to Interrogatories and Responses to Requests for Production of Documents.

Please note that I served Brent Klibert, who was then counsel of record for Lorraine Jupiter, with a First Set of Interrogatories and Requests for Production of Documents propounded on behalf of ACFIC on June 7, 2007, and the delay for responding to this discovery has now expired.  On August 23, Mr. Klibert advised me that although he has not yet technically withdrawn as counsel of record for Ms. Jupiter, in the near future he will be doing so, and Ms. Jupiter will continue to be represented by you.  I attach for your convenience a copy of ACFIC's First Set of Interrogatories and First Set of Requests for Production directed to Lorraine Jupiter.  Pursuant to Local Rule 37.1, I am scheduling a telephone conference for September 5, 2007 at 10:30 a.m.  I will call you on that date and time to discuss Plaintiff's failure to respond to ACFIC's discovery.  If you know now that you will be unavailable to speak with me at that time, please call me upon your receipt of this letter so we can confer, an if necessary, reschedule the conference for a mutually convenient date.


EXHIBIT
2

With kind regards, I remain

Very truly yours,

**THOMAS M. RICHARD**

TMR/cl
Enclosures

# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Thomas M. Richard**
Partner
Direct Telephone  504 830 3845
Telefax  504 836 9543
trichard@chopin.com

October 3, 2007

<u>**Via Facsimile No. 568-1521**</u>
Bruce L. Feingerts
Feingerts & Kelly, PLC
One Canal Place, Suite 2700
365 Canal Street
New Orleans, LA 70130

> Re:   Lorraine Jupiter v. Automobile Club
>        Inter-Insurance Exchange
>        USDC No.: 07-1689 L (3)
>        Our File No.: 823.4547

Dear Mr. Feingerts:

Following our telephone conversation this morning, I had an opportunity to review the file, and – contrary to what I believed to be the case during our conversation – I see that you (rather than Brent Klibert) were provided with a copy of ACFIC's Answers to Interrogatories and Responses to Requests for Production of Documents. Attached hereto is a copy of my letter of August 27, 2007 forwarding you ACFIC's Answers to Interrogatories and Responses to Requests for Production of Documents. Accordingly, you already have ACFIC's discovery responses. I attach another copy of ACFIC's written discovery responses. The responsive documents are too voluminous to fax.

Unfortunately, I still do not have Lorraine Jupiter's Responses to ACFIC's discovery. You should be prepared to provide us at the mediation with information and documents responsive to ACFIC's Interrogatories and Requests for Production of Documents. In particular, I have driven by the Jupiter home, and I am aware that dwelling repairs are underway, and perhaps have been completed as of this date. Please bring with you to the mediation all invoices reflecting the actual cost of repair, which would be responsive to ACFIC Request No. 7 and also give us information needed to respond to ACFIC Interrogatory No. 6.



EXHIBIT
3

With kind regards, I remain

Very truly yours,

**THOMAS M. RICHARD**

TMR/cl
cc:  Craig Morice

P.S.  After I dictated the above but before it was faxed, I received your fax of October 3. Regarding conducting a Rule 37.1 telephone conference on October 8, at this point I see no need for it.  We discussed today the fact that you have not responded to ACFIC's Interrogatories and Request for Production and a response is necessary, and thus the requirements of Rule 37.1 have been satisfied.  Accordingly, if the case is not resolved today at mediation, and I do not receive full and complete discovery responses from you by October 8, I will proceed with filing a Motion to Compel.

In your October 3 letter, you also state:  "I am a little perplexed as to why you object to having this Mediation your client requested and my client is more than willing to participate in order amicably settle this claim."  First, after we spoke, I spoke to Mr. Morice once again, and once again he confirmed that having a second mediation was your idea, not his, although he was willing to go along with it.  Second, as for my "objection" to the mediation, during our telephone conversation I repeatedly explained to you that I believed another mediation at this point was premature **before** we received complete discovery responses.  You did not seem "perplexed" about my concerns during our telephone conversation, and I thus assume that the statement to that effect in your letter was written for the benefit of your client, who you copied on your letter. Nevertheless, despite my reservations, I consented to go forward with the mediation today at 4:00 p.m., with the understanding that we have one hour to complete the mediation.  This should not be a problem since this case has already been mediated on one occasion.  You have informed me that you recently settled another case with Mr. Morice in 10 minutes, so obviously you knew how to get to the bottom line quickly in that matter.

Lastly, in your October 3 letter, you indicate that you will bring Jim Kotter to the mediation "to answer any questions regarding our claim for wind and water intrusion damages to the structure and pricing of those repairs.  We will be more than happy to listen to Mr. Kotter, but I note that Mr. Morice and I have already reviewed his estimate. What we are much more interested in is the **actual cost of repairs,** and we expect you to be able to provide us with documentation of same at the mediation.  If such documentation is provided, it will enhance our ability to amicably resolve this matter.

# *Chopin Wagar Richard & Kutcher*

*Attorneys at Law*
*A Limited Liability Partnership*

**Thomas M. Richard**
Partner
Direct Telephone  504 830 3845
Telefax  504 836 9543
trichard@chopin.com

October 23, 2007

*__Via Email: Brent@Klibertlaw.com__*
Brent A. Klibert, Esq.
Law Offices of Roy F. Amedee, Jr.
228 St. Charles Avenue, Suite 801
New Orleans, LA 70130

Re:     *Lorraine Jupiter v. Automobile Club*
        *Inter-Insurance Exchange*
        USDC No.: 07-1689 L (3)
        Our File No.: 823.4547

Dear Mr. Klibert:

As a follow up to our Rule 37.1(E) telephone conference today, this will confirm receipt of your faxed Answers to Interrogatories on October 16, 2007 in connection to the above referenced matter.  Your responses are insufficient in the following respects:

1.     Interrogatory Number 3 fails to provide the requested date of payment, total amount of payment (not subtracting out amounts for attorney's fees and contractor fees) and description of the reason for payment.

2.     Interrogatory Number 4 fails to provide an itemization of the damages your client is contending entitlement to recover from ACFIC.  At a minimum, the requested itemization must include a description of the type of category of damages claimed and the amount of damages for each category or type of damages.

3.     Interrogatory Number 5 fails to provide a "yes" or "no" response as to whether your client has provided ACFIC with a satisfactory proof of loss for the damages arising out of Hurricane Katrina with which your client seeks to recover from ACFIC.  In the event the response is "yes", please provide sufficient responses to sub-sections (a) & (b).

4.     Interrogatory Number 8 fails to provide a "yes" or "no" response as to whether your client is contending entitlement to recover from ACFIC any additional living expenses sustained as a result of Hurricane Katrina.  In

---



EXHIBIT
4

CHOPIN WAGAR RICHARD & KUTCHER, LLP

**Brent A. Klibert, Esq.**
**October 23, 2007**
**Page 2**

the event the response is "yes", please provide sufficient responses to sub-sections (a) (b) (c) & (d).

Additionally, I have yet to receive a response to our Request for Production of Documents. As we discussed, I will have no option but to file a Motion to Compel if I do not receive your client's complete and sufficient responses to our Interrogatories and Request for Production within one week of confirmation of receipt of this letter, via fax transmission. Please contact me if you have any questions.

With kind regards, I remain

Very truly yours,

**THOMAS M. RICHARD**

TMR/cal

# LAW OFFICES OF ROY F. AMEDEE, JR.
### *ATTORNEYS AT LAW*
**228 ST. CHARLES AVENUE**
**SUITE 801**
**NEW ORLEANS, LOUISIANA 70310**

*Telephone: 504-592-3222*
*Facsimile: 504-592-8783*
*E-mail: Ramedeejr@Aol.com*
*Brent@Klibertlaw.com*

*ROY F. AMEDEE, JR.\**
*BRENT A. KLIBERT*

**November 17, 2007**

*NOTARIES PUBLIC*
*\*MASTER OF LAWS*
*ENERGY AND ENVIRONMENT*

Thomas M. Richard
Chopin Wagar Richard & Kutcher
Two Lakeway Center
Suite 900
3850 N. Causeway Blvd.
Metairie, LA 70002

Dear Tom:

The answers to interrogatories previously provided to you are supplemented as follows:

In response to interrogatory number 3 subtracting out the attorneys' fees, we respond that after comparing it to the amounts AAA has tendered thus far, attorneys' fees actually were not subtracted out. Ms. Jupiter received $225,000 in flood for her dwelling and $31,500 for her contents from flood.

In response to interrogatory number 4 failing to provide an itemization of the damages we are contending entitlement to recover from AAA: contents lists and descriptions thereof have been previously provided by Ms. Jupiter via Mr. Feingerts. The description of the structural damages are also described in the expert report completed by Jim Cotter.

In response to providing a proof of loss, the expert report provide by Jim Cotter is being submitted as Lorraine Jupiter's proof of loss to her residence.

In response to interrogatory number 8 not being sufficient, I agree. I have received some supplemental information from Ms. Jupiter and I informed her that her most recent submission was not sufficient and needed to be supplemented again. She is currently working on the list.

**EXHIBIT**
**5**

On another note, any future drafts made to Ms. Jupiter needs to have Roy F. Amedee, Jr.'s name on it.  If only one attorney's name goes on the check, put Roy F. Amedee, Jr.'s, if you can put two names put Roy's and Bruce Feingerts.  Roy and I are the attorneys who signed all the pleadings, so we want to make sure we are included.

With best wishes and kindest regards, I remain

Very Truly Yours,

Brent A. Klibert