UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES              CIVIL ACTION
CONSOLIDATED LITIGATION

PERTAINS TO LEVEE                          NO. 05-4182

FILED IN:                                  SECTION "K"(2)

**BOURGEOIS, No. 06-5131**
**FERDINAND, No. 06-5132**

## ORDER AND OPINION

Before the Court in each referenced case is a "Motion for Dismissal Under Rule 12(b)(6) or, in the Alternative, Motion for Summary Judgment Under 56" filed on behalf of defendant CSX Transportation, Inc ("CSXT")[1] and an "Alternative Motion for FRCP 56(f) Relief" filed on behalf of plaintiffs Keith C. Ferdinand, M.D., APMC ("Bourgeois") and Linda C. and Arnold F. Bourgeois ("Bourgeois") (Doc. 3375 and 3383). After reviewing the pleadings, memoranda, and relevant law, for the following reasons, the Court denies plaintiffs' "Alternative Motion for FRCP 56(f) Relief" and grants defendant CSXT's alternative motions for summary judgment.

### I. BACKGROUND

Plaintiffs, citizens and residents of Orleans Parish, filed suit against CSXT, and a number of other defendants, for among other things, damages sustained as a result of flooding from the Industrial Canal which followed in the wake of Hurricane Katrina on August 29, 2005. The

---

[1] Doc. No. 1697 in *Bourgeois*, No. 06-5131 and Doc. No. 1698 in *Ferdinand*, No. 06-5132.

complaints allege in pertinent part:[2]

> Plaintiffs' Claims derive particularly from the damage to Floodgate I-W-30 which occurred on or about September 11, 2004, when struck by rail cars being operated by defendant CSX Transportation, Inc. on track owned by defendants Public Belt and Burlington Northern;
>
> . . .
>
> On or about September 11, 2004 floodgate I-W-30 was damaged by railcars being operated by defendant CSX Transportation on tracks owned by defendant Public Belt Rail Road Commission and Burlington Northern and Santa Fe Railway Company;
>
> The Floodgate was owned by the Corps of Engineers and constructed [on] property owned by it.
>
> In anticipation of a winter storm in December 2004, the Orleans Levee District placed sandbags in the opening;
>
> The Orleans Levee District made a claim against Public Belt and others for damages and received over $534,000 to repair the damages.
>
> The sandbags were unable to arrest the rush of waters flowing from the Mississippi River Gulf Outlet, down the IWW [Intracoastal Waterway] and against the west bank of the Inner Harbor Navigational Canal;
>
> The Corps of Engineers was aware of the damages and the sandbagging and knew that what was done was not adequate to arrest the exposure to risk.
>
> Plaintiffs' damages were the proximate caused [sic] by the damage to Floodgate;

## *II. LAW AND ANALYSIS*

The Federal Rules of Civil Procedure provide that summary judgment should be granted

---

[2] The pertinent allegations are identical in both complaints; however, the allegations do not appear in the same numbered paragraphs in both complaints.  Therefore, paragraph numbers have been omitted to eliminate confusion.

only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiffs ground their claim against CSXT solely on their allegation that CSXT operated the train that derailed and damaged the floodgate on September 11, 2004. CSXT seeks summary judgment contending that it did not cause the derailment of the train that damaged the floodgate and

3

that the derailment did not occur on tracks owned by CSXT.  In support of its motion for summary judgment, CSXT offers the declaration of Tom May, the CSXT Terminal Manager-New Orleans which states:

- "On September 11, 2004, railcars in a train operated by New Orleans Public Belt Railroad ("NOPB") employees derailed on NOPB tracks near the Industrial Canal in New Orleans, Louisiana.  Part of the derailed train was dragged onto the CSXT main line";

- "A derailed car in the train operated by NOPB struck the floodwall and Floodgate W-30 that traverses the CSXT main line on the west side of the Industrial Canal"; and

- "CSXT employees were not operating the train that derailed and damaged Floodgate W-30 on September 11, 2004, nor was the train in CSXT's custody."

Additionally, CSXT offers the November 6, 2006 affidavit of Jim Bridger who was at all times relevant herein the General Manager of the Public Belt Railroad Commission for the City of New Orleans (PBRC).   In pertinent part, Mr. Bridger's affidavit states:

- "On September 11, 2004, some of the rail cars in a train operated by Public Belt employees derailed near the Industrial Canal in New Orleans, Louisiana";

- "At least one of the derailed cars struck and damaged Floodgate W-30 and the support system of that floodgate, causing damage to the structure";

- On December 10, 2004, John Morrow, the claims manager for PBRC "wrote an interoffice memorandum to the Public Belt Accounting Department, requesting the issuance of a check in the amount of $427,387.96, payable to the Orleans Levee Board, "to reimburse the Board for damage to the Floodgate W-30 by the NOPB derailment on September 11, 2004" (internal quotations omitted);

- On December 10, 2004, PBRC issued a check in the amount of $427,387.96 payable to Orleans Levee Board for the estimated cost to reconstruct Floodgate W-30; and

- After PBRC issued the check to the Orleans Levee Board, Mr. Bridger told Mr. Hearn, the Executive director of the Orleans Levee Board that "if the actual costs [to repair Floodgate W-30] were greater than [$427,387,96], the Public Belt would pay the difference between the amount and the estimated costs; and on the other hand, if the actual costs were less than the estimated costs, the Levee Board would refund the amount of the difference to the Public Belt."

The declaration by Tom May and the affidavit by Jim Bridger demonstrate the absence of a genuine issue of material fact concerning whether CSXT was operating the train at the time of the derailment. Plaintiffs offer a number of documents in their attempt to demonstrate that a genuine issue of material fact exists as to which entity was operating the train when it derailed. However, plaintiffs have not provided any affidavits or other acceptable Rule 56 evidence supporting their allegation that CSXT operated the train that damaged Floodgate I-W-30. Plaintiffs rely on a state court petition filed on December 3, 2004 by counsel for the Board of Commissioners of the Orleans Levee District which alleges that employees of CSXT were operating the train at the time it derailed. Additionally, plaintiffs offer the September 11, 2004 report of Orleans Levee District Police Lieutenant Julia Wells concerning the train derailment. Nothing in that report indicates that CSXT was operating the train at the time of the derailment. As noted herein above, none of the documents offered by plaintiffs are appropriate summary judgment evidence. Moreover, they do not create a genuine issue of material fact that precludes granting CSXT's motions for summary judgment.

Alternatively, plaintiffs seek, pursuant to Rule 56(f), additional time to "conduct the necessary due diligence" to determine whether CSXT employees were in fact operating the train at the time of the derailment. Rule 56(f) provides :

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit

> affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"To obtain a continuance of a motion for summary judgment, a party must 'specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 719-720 (5th Cir. 1999), *quoting Liquid Drill v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Id.* at 720.

Plaintiffs have not offered a reason why they have been unable to present evidence creating a genuine issue of fact. In their supplemental opposition to CSXT's motions for summary judgment, plaintiff asks the Court to order CSXT to produce the following items or explain why the items requested are not available:

1. Dennis Trocchiano investigation report for the Orleans Levee District ;
2. The statements, if any of Rickey Sharper, the train engineer, and Rodney White, the train conductor;
3. Payroll stub for John Mayeaux, which identifies his employer;
4. Payroll stub for Rickey Sharper reflecting the identity of his employer;
5. Payroll stub for RodneyWhite, reflecting the identify of his employer;
6. "Something from Gerald G. Metzger and Gwendolyn M. Hanhart, who in light of and source of allegation , and CCP. Article 863B";
7. Any cost sharing agreement, indemnity agreement or agreement to hold harmless in favor of Public Belt to which CSX is bound;
8. The report of any adjuster who adjusted the claim or recommended its payment to any insurer respecting claim, if any;
9. The identity of the insurer, if any, to whom CSX reported the loss and correspondence including adjuster's report; and
10. Copy of any check funding the payment by Public Belt and any deposits to the account from which the funds were drawn or made by or from funds at CSX's direction or instances.

None of the requested items appear likely to produce evidence which raises a genuine issue of material fact as to whether CSXT was operating the train at the time of the derailment. Nor does it appear that the documents listed in plaintiffs' counsel's "Affidavit in Support of Memorandum in Opposition to CSX Transportation's Alternative Motion for Summary Judgment and in Support of Plaintiff' Motion for Rule 56(f) Relief" are likely to provide evidence creating a genuine issue of material fact concerning the entity which was operating the train at the time of the derailment.

Because plaintiffs have not identified any potential evidence which is likely to create a genuine issue of material fact concerning the identity of the entity operating the train at the time of the derailment, the Court is not persuaded that additional time to conduct "due diligence" as to whether CSXT was operating the train is necessary or would be beneficial. Accordingly, plaintiff's alternative motion for Rule 56(f) relief is denied.

Rule 56 provides that;

> "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Considering the affidavit of Jim Bridger and the declaration of Tom May, plaintiffs' allegation that CSXT employees were operating the train at the time of the derailment is not sufficient to raise a genuine issue of material fact on that issue. Accordingly,

IT IS ORDERED that the motions for summary judgment filed on behalf of defendant CSXT are GRANTED.

IT IS FURTHER ORDERED that plaintiffs' claims against defendant CSX Transportation,

7

Inc. are hereby dismissed with prejudice.

New Orleans, Louisiana, this 5th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE