UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO LEVEE:<br><br>Bourgeois, No. 06-5131<br>Ferdinand, No. 06-5132 | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K"(2) |

### *ORDER AND OPINION*

Before the Court in each referenced case is a "Motion to Dismiss the Claims of the Plaintiffs Pursuant to F.R.C.P. Rule 12(b)(6)"[1] filed on behalf of defendant Public Belt Railroad Commission for the City of New Orleans ("PBRC") and a ""Motion to Dismiss Pursuant to Rule 12(B)(6)" filed on behalf of defendant BNSF Railway Company, f/k/a the Burlington Northern and Santa Fe Railway Company ("BNSF").[2] After reviewing the pleadings, memoranda, and relevant law, for the following reasons the Court GRANTS the motions.

### *I. BACKGROUND*

Plaintiffs, citizens and residents of Orleans Parish, filed suit against PBRC and BNSF, and a number of other defendants, for, among other things, damages sustained as a result of flooding from the Industrial Canal which followed in the wake of Hurricane Katrina on August 29, 2005. The complaints allege in pertinent part:[3]

---

[1] Document No. 2938 (*Bourgeois* and *Ferdinand*)

[2] Documents No. 1921 (*Ferdinand*) and No. 2931 (*Bourgeois*)

[3] The pertinent allegations are identical in both complaints; however, the allegations do not appear in the same numbered paragraphs in both complaints. Therefore, paragraph numbers have been omitted to eliminate confusion.

1

> Plaintiffs' Claims derive particularly from the damage to Floodgate I-W-30 which occurred on or about September 11, 2004, when struck by rail cars being operated by the defendant CSX Transportation, Inc. on track owned by defendants Public Belt and Burlington Northern;
>
> . . . .
>
> On or about September 11, 2004 floodgate I-W-30 was damaged by railcars being operated by defendant CSX Transportation on tracks owned by defendant Public Belt Rail Road Commission and Burlington Northern and Santa Fe Railway Company;
>
> The Floodgate was owned by the Corps of Engineers and constructed [on] property owned by it;
>
> In anticipation of a winter storm in December 2004, the Orleans Levee District placed sandbags in the opening;
>
> The Orleans Levee District made a claim against Public Belt and others for damages and received over $534,000 to repair the damages;
>
> The sandbags were unable to arrest the rush of waters flowing from the Mississippi River Gulf Outlet, down the IWW [Intracoastal Waterway] and against the west bank of the Inner Harbor Navigational Canal;
>
> The Corps of Engineers was aware of the damages and the sandbagging and knew that what was done was not adequate to arrest the exposure to risk;
>
> Plaintiffs' damages were the proximate caused [sic] by the damage to Floodgate;

### *LAW AND ANALYSIS*

Plaintiffs allege state law negligence claims against PBRC and BNSF. PBRC and BNSF contend that plaintiffs' claims against them should be dismissed for failure to state a claim because plaintiffs' sole allegation against them is that they owned the track on which the railcars were

operating at the time of the accident.[4]

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). In *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1969 (2007) the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at ___, ___, 127 S.Ct. at 1969. "To survive a <u>Rule 12(b)(6)</u> motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. at ___, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, ___ U.S. at ___, 127 S.Ct. at 1965. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for

---

[4] Plaintiffs filed no opposition to BNSF's motions to dismiss. Nevertheless, because the claims against BNSF are identical to those against PBRC, the Court will address the merits of BNSF's motion to dismiss.

relief." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247  (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1367, at 601 (1969).

Plaintiffs have not alleged that the location, maintenance, or condition of the railroad tracks contributed in any way to the September 11, 2004, accident. In fact, plaintiffs have not alleged any specific acts of negligence or negligent omissions by PBRC or BNSF, nor have they identified any duty owed by PBRC or BNSF to plaintiffs which was breached. Plaintiffs simply assert that PBRC and BNSF own the railroad tracks on which the train derailment occurred.

Article 2315 of the Louisiana Civil Code provides the basis for negligence liability in Louisiana. It states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The duty-risk analysis "is the standard negligence analysis employed in determining whether to impose liability." *Lemann v. Essen Lane Daiquiris,* 923 So.2d 627, 632-33 (La. 2006). To prevail on a claim of negligence, the plaintiff must satisfy all five elements of the duty-risk analysis: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the actual damages. *Id.*

Under a duty-risk analysis, absent a defendant owing a duty to the plaintiff, there can be no actionable negligence and therefore no liability. *Id.* Whether a defendant owes a duty to another presents a question of law. *Peterson v. Gibraltar Savings and Loan*, 733 So.2d 1198, 1204 (La. 1999). The relevant "[i]nquiry is whether the plaintiff has any law - statutory, jurisprudential, or arising from general principles of fault - to support his claim." *Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (1993).

Plaintiffs concede that neither PBRC nor BNSF owned the damaged floodgate. Additionally, plaintiffs acknowledge that their "losses derive from the damage to the gate, not the failure to repair it."[5] As noted herein above, the complaints do not specifically identify any duty owed by PBRC or BNSF to plaintiffs, nor do they allege any facts establishing a breach of any duty owed to plaintiffs by PBRC or BNSF. Implicit in each complaint is an allegation that PBRC and BNSF had a duty to protect plaintiffs from the flood waters that flowed through the gap in the flood wall. However, it is unnecessary to give plaintiffs the opportunity to amend their complaints to specifically allege that PBRC and BNSF breached their duty to protect plaintiffs from flooding. Such an amendment would be futile. *See Briggs v. State of Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). As a matter of law, neither BNSF nor PBRC, as owners of the railroad track,[6] owe plaintiffs a duty to protect them from the damage caused by flooding.

Plaintiffs have not identified any statutory, jurisprudential, or common law obligating the owner of railroad tracks to protect the general public from flood damage. Nor has the Court located any law which imposes such a duty on the owner of railroad tracks. The lack of law imposing such a duty on the owner of railroad tracks is not surprising; the duty to protect the residents and citizens of New Orleans from flood has been statutorily imposed on others.

Congress has mandated that the Secretary of the Army has the responsibility to provide flood protection for the City of New Orleans. *See* 33 U.S.C. §701, *et seq.* Additionally, it is well

---

[5] PBRC "Memorandum in Opposition to the F.R.A.P. [sic] 12(b)(6) Motion to Dismiss Filed by Public Belt Railroad, p. 2 (Doc. 3385).

[6] BNSF denies that it owns the railroad track at issue. The actual ownership of the track is not relevant in analyzing this motion to dismiss. In considering a motion to dismiss, all allegations of the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d at 442.

established that the state owes its citizens a duty to protect them from flood.  "[T]he state's duty to protect citizens from damage by flood is inherent within its police power." *The Board of Commissioners of the Orleans Parish Levee District v. The Department of Natural Resources*, 496 So.2d 281,289 (La. 1986). Plaintiffs acknowledge in their complaints that the Louisiana legislature has vested the board of commissioners of the Orleans Levee District with the "full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects" within the Parish of Orleans.   La. Rev. Stat. 38:307A(1).   The state has not delegated any responsibility for flood control or maintenance of the structures necessary for flood control to the PBRC, a legislatively created political subdivision of the state.[7] The  Louisiana legislature granted the PBRC exclusive authority  for " [t]he control, operation, management and development of the public belt railroad system.  La. Rev. Stat. 33:4530(C).  Nothing in the statute creating the PBRC  and defining its scope of  authority hints at  imposing on the PBRC  any responsibility for flood control.

     In the absence of  any state law imposing a duty on the owner of railroad tracks to protect the plaintiffs from flooding, the Court must attempt to predict how the Louisiana Supreme Court would decide the issue. In analyzing whether the Louisiana Supreme Court would impose that duty on the owners of railroad tracks, it is significant that plaintiffs have not alleged that they have any  any special relationship, e.g., a contractual relationship, with the PBRC or BNSF.  There is, at best, a tenuous relationship between plaintiffs and PBRC BNSF.  Plaintiffs are members of the

---

[7]. *See Cooper v. Public Belt Railroad*, 886 So.2d 531, 537 (La. App. 4th Cir. 2004)("Supreme Court would likewise consider the Public Belt to be a loccal government unit consistent with the broad definition of 'political subdivision' found in La.R.S. 13:5106 B(1).")

general public who are residents and citizens of Orleans Parish, the parish in which PBRC and BNSF are alleged to own the railroad tracks involved in the September 11 accident. That relationship is too attenuated to serve as the basis for concluding that BNSF and PBRC owed plaintiffs a duty to protect them from flooding. There is no legal basis for concluding that the Louisiana Supreme Court, if confronted with this issue, would impose on the PBRC or BNSF a duty to protect the general public from the hazard of flooding. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiffs' claims against Public Belt Railroad Commission for the City of New Orleans be dismissed with prejudice;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** plaintiffs' claims against BNSF Railway Company, f/k/a the Burlington Northern and Santa Fe Railway Company's be dismissed with prejudice.

New Orleans, Louisiana, this 5th day of March, 2008

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE