UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES LITIGATION | * CIVIL ACTION NO. 05-4182 <br> * <br> * SECTION "K" (2) <br> * <br> * JUDGE DUVAL <br> * MAG. WILKINSON |

PERTAINS TO:
*Parfait*, C.A. 07-3500,
and BARGE

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN
RESPONSE TO THE FEBRUARY 28, 2008 AND MARCH 4, 2008 ORDERS**

Lafarge North America Inc. ("LNA") respectfully submits the following points in response to the orders entered on February 28, 2008 [Doc. 8 in 07-3500] and on March 4, 2008 [Doc. 11527], and in anticipation of the status conference to be held on March 7, 2008:

1.  Federal Rule of Civil Procedure 23(c)(1)(A) <u>requires</u> the Court to decide class certification <u>prior</u> to adjudication of any motion for summary judgment or other substantive matters absent the defendant's consent. That rule protects defendants against the severe inequity of one-way intervention, under which, if summary judgment is decided before class certification and a class is later certified, putative class members will join the class if the merits ruling is favorable to the plaintiff but will opt out of the class if the ruling favors the defendant.

LNA therefore objects to the proposal in the February 28 order under which a summary judgment motion by the plaintiffs could be adjudicated prior to class certification. LNA also

objects to, and asks the Court to reconsider, the March 4, 2008 order to the extent it states that the Court "has determined that the issue of Class Certification shall be determined after there is resolution on all substantive matters." Doc. 11527, at 1.

The Court does, however, have the authority to allow the <u>defendants</u> to <u>voluntarily</u> move for summary judgment prior to class certification. Incorporating such a provision into the schedule – under which the Barge defendants could elect to seek summary judgment on the dispositive ground that the Barge did not cause the breach in the IHNC retaining wall – would allow the Court to take advantage of the potential efficiencies of such a motion without infringing on the defendants' rights under Rule 23(c)(1)(A).

2.      Promptly moving forward with class certification proceedings in the Barge track is also appropriate because a decision on class certification must be made well in advance of trial. This is so for four separate but mutually-reinforcing reasons: (a) it is impossible for LNA to meaningfully prepare for trial without knowing whether there is going to be an individual or classwide trial, since that profound distinction will make an enormous difference in every aspect of the trial; (b) Federal Rule of Civil Procedure 23 states that the court "must" decide class certification at an "early practicable time," which must be prior to dispositive motions and well in advance of the trial date; (c) the trial date needs to accommodate the certainty of an interlocutory appeal of the class certification ruling whether a class is certified or not; and (d) if a class is certified, a substantial period of time prior to trial would be necessary in any event for the class members to be sent notice and to decide whether to opt out of the class. Accordingly, contrary to the schedule "proposed" in the February 28 order, the schedule should either (1) move forward promptly with class certification proceedings (so that they are completed well before a July 2009

trial date), or (2) defer the trial date until at least eight months after the Court issues its class certification decision.

3. Any effort to bifurcate the Barge claims (which would be relevant only to a class trial) would not work and would violate LNA's Seventh Amendment rights. Bifurcation would not work because the issue of "liability" – as well as damages – must be decided on a plaintiff-by-plaintiff basis. For example, the causation aspect of liability – whether each plaintiff's alleged damages were caused by waters released from one or both IHNC breaches for which LNA is allegedly responsible, or by waters from the many other breaches and overtoppings, or by some other cause, or by some combination of these – must be decided on a plaintiff-by-plaintiff basis. That is also true for the negligence aspect of liability, since the question of whether LNA owed a legal duty of care to each plaintiff depends in part on whether the risk of harm to that specific plaintiff was foreseeable. As such, bifurcation simply would not work because there is no issue that can be bifurcated for trial without regard to the identity of the individual plaintiffs. Bifurcation of the Barge cases would also violate the Seventh Amendment, since it is impossible to carve out common issues that would not be subject to reexamination in a later trial phase. Finally, Fifth Circuit caselaw makes clear that bifurcation cannot be used to avoid or lessen the stringent predominance requirement for class certification under Rule 23. For all of these reasons, bifurcation (a) should not be considered except in the context of a class certification motion that contains a specific proposal for bifurcation, and (b) in LNA's view, cannot lawfully be employed in the Barge cases.

4. A bellwether trial should not and lawfully cannot be conducted until the Court has ruled on class certification. As noted above, absent the defendant's consent, Rule 23(c)(1)(A) bars any merits determination – whether a full merits trial or a merits motion – until after the

court has decided class certification.  If and when class certification is denied, then it certainly will be appropriate to identify which individual cases should be tried first – a decision that should be made on the basis of the full record at that time.

None of these points prevents the Court from handling the Barge cases in an efficient and fair manner.  Consistent with these principles, LNA proposes that the Court set a schedule with the following sequence:  (1) fact and expert witness discovery on all class certification and merits issues (other than damages for putative class members); (2) summary judgment motions by any defendant that wishes to waive its right to have class certification decided prior to any decision on its summary judgment motion; (3) class certification briefing, hearing, and decision; (4) sufficient time (at least eight months) for an interlocutory appeal from the decision on class certification, for substantive motions, and for pretrial preparation; and (5) trial(s).  The Court also should move forward with the merits trial in *Robinson*, which is scheduled for September 8, 2008 and, as all have agreed, will provide useful information on the strength and manageability of the plaintiffs' claims against the United States government.

Finally, the March 4, 2008 order appoints Mr. Treeby, who is counsel for WGI, as the Barge representative on the Defendants' Preliminary Master Committee.  But WGI is no longer a party to any case in the Barge track, since *Parfait* was the only Barge track case in which WGI was sued and that portion of *Parfait* has been severed and transferred to the MR-GO track.  Accordingly, Mr. Treeby does not represent any party in the Barge track and cannot speak for the Barge defendants.  Furthermore, Mr. Gilbert's clients have not sued Mr. Treeby's client, and thus Mr. Treeby is not a proper counterpart to Mr. Gilbert.  Because LNA is the party adverse to Mr. Gilbert's clients in the Barge track, LNA's lead Louisiana counsel – Derek Walker – should be appointed as the Barge representative on the Defendants' Preliminary Master Committee instead

of Mr. Treeby. Indeed, the need for a Barge representative was discussed with liaison counsel Ralph Hubbard, who we understood had broached the subject with the Court.

**DISCUSSION**

**1.     Pursuant To Rule 23(c)(1)(A), Motions For Summary Judgment Against LNA And Other Substantive Matters Cannot Be Adjudicated Until After Class Certification is Decided**

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." One of the fundamental principles underlying this rule is that a court is prohibited from adjudicating the merits of a putative class action until it has first determined whether to certify a class and, if certification is granted, until the class members have been given notice and an opportunity to opt out of the class. In *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547-50 (1974), the Supreme Court explained that this sequence is necessary to prevent the abuse of "one-way intervention" – that is, a procedure whereby "members of the claimed class" are permitted to "await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests."[1] The rule is one of basic fairness: if the merits are determined first, then class members will participate only if the named plaintiff has prevailed, but will opt out (and avoid being bound) if the defendant has won. See *id*. at 547, 550. Thus, the rules <u>require</u> a determination on class certification, including implementation of the required notice and opt-out procedures if a class is certified, <u>before</u> any decision on the merits. See *id*.; *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681 (7th Cir. 2001) (reversing case management order that permitted one-way intervention); *Robinson v. Union Carbide Corp.*, 538 F.2d 652, 663 (5th Cir. 1976) (rule was "designed to prevent

---

[1] Indeed, the requirement that class certification be decided early in the case was added to Rule 23 specifically for the purpose of preventing one-way intervention. See *In re Philip Morris Inc.*, 214 F.3d 132, 134 (2d Cir. 2000).

'sideline sitting' and subsequent 'one-way intervention' by the eligible class member"); *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (rule requiring class notice prior to adjudication of merits was "adopted to prevent 'one-way intervention'").

This rule is equally applicable to summary judgment and other substantive motions. See, *e.g.*, *Dege v. Hutchinson Technology, Inc.*, 2007 U.S. Dist. LEXIS 81475 (D. Minn. Nov. 2, 2007) ("[T]he Court believes that, in this case, a determination on the merits would provide an unfair advantage to potential plaintiffs who may be waiting to determine whether to opt-in to the lawsuit. As a result, Plaintiffs' Motion for Partial Summary Judgment is denied without prejudice."); *Turner v. Murphy Oil USA, Inc.*, 2006 U.S. Dist. LEXIS 4472, *15 (E.D. La. Feb. 6. 2006) (recognizing that class notice and opt-out period must occur prior to any dispositive motion); *In re Diamond Multimedia Systems, Inc.*, 1997 U.S. Dist. LEXIS 21558 (N.D. Cal. Oct. 15, 1997) (rejecting plaintiffs' request to adjudicate dispositive motions prior to class certification, due to one-way intervention problem).

There is, however, one important exception to this rule: a defendant may <u>voluntarily</u> move for summary judgment prior to class certification. See, *e.g.*, *Casas v. American Airlines, Inc.*, 304 F.3d 517, 526 n.12 (5th Cir. 2002) ("Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first."). Accordingly, the Court should adopt a schedule that would allow any <u>defendant</u> to elect to file a motion for summary judgment prior to class certification. For example, it would allow the Barge defendants to elect to file an early motion for summary judgment on the ground that the barge did not cause the breach in the IHNC retaining wall. Likewise, in the MR-GO track, it would allow WGI to move for summary judgment prior to a class certi-

fication ruling if it wishes. But this exception only allows the Court to entertain a merits motion filed voluntarily by a defendant; it does not authorize the Court to entertain such motions by plaintiffs.

In short, any schedule that would adjudicate a summary judgment or other substantive motion against LNA prior to the decision on class certification would flatly contravene Rule 23(c)(1)(A) and the extensive authority thereunder. LNA objects to any such schedule. For the same reasons, LNA submits that the statement in the March 4, 2008 order that class certification will be determined after all substantive matters likewise is directly contrary to the Rule and its caselaw, and LNA urges the Court to reconsider that conclusion. Instead, the Court should afford an opportunity for any defendant to voluntarily move for summary judgment prior to class certification, but otherwise must schedule class certification to be decided prior to any summary judgment or other merits motions.

## 2. Class Certification Must be Decided Far in Advance of Trial

The original case management order for the Barge track (CMO #5) provided a 14-month period between the hearing on class certification (April 28, 2008) and the start of trial (June 15, 2009). Doc. 7724. The amended schedule provided an eight-month period. Doc. 10881. The proposed schedule set forth in the February 28, 2008 order, however, would have the class certification hearing begin on May 13, 2009 and the merits trial begin on June 15, 2009 – only one month after the class certification hearing. For the following reasons, LNA submits that the schedule must provide at least eight months between issuance of the decision on class certification and the start of any merits trial. This is another reason why the Barge schedule should either proceed promptly with a decision on class certification or postpone the trial date.

A. <u>Because the Nature and Shape of the Trial Will Not Be Known Until After the Class Certification Decision, Sufficient Trial Preparation Time Must be Allowed Between the Certification Decision and Trial</u>

As courts have repeatedly held, one of the principal issues in class certification is to determine "how a trial on the merits would be conducted." *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). Specifically, the plaintiffs have the burden of proposing a trial plan that will make the case manageable as a class action. See *Robinson v. Txeas Auto. Dealers Ass'n*, 387 F.3d 416, 425 (5th Cir. 2004); *Perrin v. Expert Oil and Gas, LLC*, No. 07-2878, 2008 U.S. Dist. LEXIS 8830, *10-11 (E.D. La. Feb. 6, 2008). The Court "must conduct a rigorous analysis" of the proposed trial plan to ensure that the case can, in fact, be manageably tried, consistent with the requirements of, *inter alia*, the Seventh Amendment and the applicable substantive law. *Castano*, 84 F.3d at 740; *Robinson*, 387 F.3d at 425-26. If the trial plan cannot meet those (and other) requirements, then class certification must be denied and the cases must proceed as individual actions.

Accordingly, until the class certification phase of the case, LNA does not and cannot know what the nature and shape of the trial in the case will be. Most fundamentally, LNA will not know whether the trial will involve individual plaintiffs or a class. It will not know where the plaintiffs' properties are located; whether the plaintiffs are claiming property damage, personal injury, or both; whether business losses or loss of property value are also claimed; what kind of evidence plaintiffs hope to adduce; and many other essential pieces of information.

B. <u>Rule 23(c)(1)(A) Also Requires a Class Certification Decision Well in Advance of Trial</u>

As quoted above, Rule 23(c)(1)(A) provides that the court must decide class certification "at any early practicable time." As noted above, the schedule contained in the February 28, 2008 order would postpone the hearing on class certification until barely one month before trial. It

also would postpone the class certification hearing until over three and one half years after the Barge cases were first filed. Under the authorities cited above, it is evident that postponing class certification until three and a half years after the cases are filed, and until one month before the trial date, is not an "early practicable time" within the meaning of Rule 23(c)(1)(A). Moreover, as explained above, the Court cannot adjudicate summary judgment or other substantive motions until after class certification has been decided (absent the defendants' consent), and thus the need to allow a reasonable time for such motions to be decided after class certification has been resolved is yet another reason why there must be a substantial period of time between the order on class certification and the start of trial.

        C.      <u>The Schedule Should Allow Sufficient Time for an Interlocutory Appeal as to Class Certification</u>

Federal Rule of Civil Procedure 23(f) allows the court of appeals in its discretion to allow an interlocutory appeal from an order granting or denying class certification. If a Barge class is certified, LNA certainly will seek permission from the Fifth Circuit to appeal that order immediately. LNA believes that it is highly likely that the Fifth Circuit would grant leave for such an appeal, given the magnitude and nature of the litigation. Accordingly, to avoid impairing the Fifth Circuit's ability to review any class certification decision in an orderly fashion, the schedule should build in sufficient time for the parties to seek an interlocutory review.[2]

        D.      <u>Moving Forward with Class Certification Will Not be Wasteful</u>

Promptly getting the Barge cases ready for a decision on class certification is not only necessary and required by the rules, but would not waste substantial resources. The Barge plaintiffs have prepared and filed their motion for class certification. The Barge parties have already

---

[2] A substantial time between the class certification decision and trial is also necessary because, if a class is certified, a significant period of time is also needed to draft the class notice, to disseminate the notice to putative class members, and to afford those individuals sufficient time to decide whether to opt out of the class.

engaged in significant discovery. Thus, although additional discovery, expert work, and briefing remain to be completed, work relating to class certification is already underway and it would be most efficient to allow it to proceed. Moreover, class certification is already fully briefed in the MR-GO track. Finally, as explained above, a decision on class certification will enhance efficiency by enabling the parties to determine the shape and scope of trial.

* * * * *

In sum, the Court must make a determination on class certification prior to adjudicating any summary judgment (or other merits) motions <u>against</u> the defendants and must schedule trial for a date substantially after the ruling on class certification, in order to allow time for an interlocutory appeal, for pretrial merits motions, and for adequate trial preparation. Indeed, a recent Seventh Circuit decision recognized all of these points:

> After the 1966 amendments [to Rule 23], treatment of plaintiffs and defendants is supposed to be symmetric, which is possible only if a class is certified (or not) before decision on the merits. Class-action status must be granted (or denied) early not only to avoid problems with mootness, and provide an opportunity for interlocutory review, see Fed. R. Civ. P. 23(f), but also to clarify who will be bound by the decision. The larger the class, the more the litigants may invest in discovery and briefing to ensure that the case is decided correctly. Until everyone knows who will, and who will not, be bound by the outcome, it is difficult to make informed decisions about how the case should proceed.

*Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007).

### 3.     **Any Effort to Bifurcate the Barge Cases Would Not Work, Would Violate the Seventh Amendment, and Could Not be Used to Evade the Predominance Requirement of Rule 23(b)(3)**

LNA anticipates that the question of whether the Barge claims can and should be bifurcated will be fully briefed in the context of plaintiffs' motion for class certification. As we now summarize, LNA will demonstrate in that briefing that bifurcation will not work, would

infringe LNA's jury trial rights, and would not cure plaintiffs' inability to establish that common issues predominate over individual ones.

> A. Bifurcation Would Not Work Because There are No Common Issues to be Bifurcated from Individual Ones

Any effort to bifurcate the Barge cases into a common "liability" trial followed by individual "damages" trials would not work because the issue of "liability" involves questions that must be decided on a plaintiff-by-plaintiff basis. First, each plaintiff must prove that LNA's allegedly negligent conduct proximately caused his or her damages, which necessarily requires showing (among other things) that the plaintiff's alleged damage was proximately caused by water flowing through a breach caused by the barge, as opposed to the many other breaches and overtoppings, or wind, or some other cause. This issue, of course, is part of the predominance inquiry under Rule 23(b)(3) that the Court will adjudicate in addressing class certification. Indeed, the MR-GO track class certification briefs devote considerable attention to this very point. See Doc. 8286 at 80-82.

The same is true with respect to the liability issue of negligence. A negligence plaintiff must establish that the defendant owed him or her a duty, which depends in part on whether it was foreseeable that the defendant's conduct could harm the plaintiff. That too can only be decided on a plaintiff-by-plaintiff basis, since the question of whether it was foreseeable that LNA's actions could harm a particular plaintiff depends in part on where that plaintiff's property was located. As such, bifurcation cannot be utilized here because the "liability" issue encompasses multiple questions that turn on the identity and circumstances of the individual plaintiffs.

> B. Bifurcation of the Barge Claims Would Violate the Seventh Amendment

The Seventh Amendment provides that "no fact tried by a jury shall otherwise be re-examined in any court of the United States, other than according to the rules of the common

law." In *Alabama v. Blue Bird Body Co.*, 573 F.2d 309 (5th Cir. 1978), the Fifth Circuit held "[i]nherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact." *Id*. at 318. Thus, "separation of issues is not the usual course that should be followed." *Id*. In order for an issue to be bifurcated, it must be "distinct and separable from the others" so as to avoid separate juries from "pass[ing] on issues involving overlapping legal and factual questions." *Id*.; see also *Castano*, 84 F.3d at 750-51 (reiterating principles set forth in *Blue Bird*).

There are no "distinct and separable" issues in the Barge cases. For example, the causation question of whether the barge caused a breach in the IHNC retaining wall is part of the single larger question of whether LNA's actions proximately caused each particular plaintiff's alleged injury and how any liability should be apportioned among the various actors. Thus, the Seventh Amendment would prohibit assigning different parts of that overall causation question to different juries. Moreover, under the Seventh Amendment, the question of LNA's alleged negligence must be tried by the same jury that considers each individual plaintiff's contributory fault. As the Fifth Circuit held in *Castano*, "[s]evering a defendant's conduct from comparative negligence results in the type of risk that our court forbade in *Blue Bird*" because "[c]omparative negligence, by definition, requires a comparison between the defendant's and the plaintiff's conduct." 84 F.3d at 751.

In short, bifurcation of the Barge claims would violate LNA's Seventh Amendment rights, and LNA objects to any schedule that would entail such bifurcation. Once again, the Seventh Amendment impact of any proposed trial plan should and will be adjudicated in the context of a class certification motion, as confirmed by the briefing of the Seventh Amendment issue in the MR-GO class certification briefs. See Doc. 8286 at 89-91.

      C.      <u>Bifurcation Would Not Avoid or Affect Plaintiffs' Burden to Satisfy the Predominance Requirement of Rule 23(b)(3)</u>

Bifurcation also would not affect plaintiffs' burden to prove that the claims asserted in the Barge cases, <u>viewed as a whole</u>, satisfy the predominance requirement for class certification. Under Fifth Circuit law, "the cause of action, as a whole, must satisfy Rule 23(b)(3)'s predominance requirement." *Castano*, 84 F.3d at 745 n.21; see also *Corley v. Orangefield Indep. School Dist.*, 2005 WL 2600177 (5th Cir. 2005) ("plaintiffs must first show that the cause of action, taken as [a] whole, satisfies the predominance requirement of Rule 23(b)(3)"); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998).

Accordingly, even apart from its other flaws, bifurcation would neither postpone nor alter plaintiffs' burden to prove that their Barge claims, taken as a whole, meet the requirements for class certification. This reinforces the point that the Court should not try to divine the shape or scope of the Barge trial in a vacuum, but rather in the context of adjudicating plaintiffs' class certification motion.

**4.** **<u>No Bellwether Trial Can or Should be Set Until After Class Certification Has Been Decided, and Decisions as to Specific Individual Trials Should be Made on a Full Record After Class Certification is Denied</u>**

As shown above, Rule 23(c)(1)(A) and the extensive precedent thereunder make clear that the Court cannot hold a merits trial prior to the decision on class certification, because such a trial would unfairly expose LNA and any other defendants to the severe harms of one-way intervention. Accordingly, LNA objects to any plan that would involve a merits trial involving the Barge defendants prior to the decision on class certification.

If class certification is denied, as LNA firmly believes it should be, the Court and parties will face a number of decisions at that time as to how to proceed with individual trials, including

the criteria and process for selecting the specific plaintiffs and defendants. Those decisions should be made on a full record following the Court's decision as to class certification.

**5.      LNA's Counsel, Rather than WGI's, Should be Appointed as the Barge Track Representative to the Defendants' Preliminary Master Committee**

As noted above, the March 4, 2008 order appoints Brian Gilbert – one of the attorneys whose clients are suing LNA in the Barge track cases – as the Barge track representative on the Plaintiffs' Preliminary Master Committee. However, the order appoints William Treeby as the Barge track representative on the Defendants' Preliminary Master Committee. Mr. Treeby represents WGI, which is no longer a party to any case in the Barge track. The only Barge track case in which WGI was sued was *Parfait* (No. 07-3500), and the February 28, 2008 order severed *Parfait* so that the claims against WGI in that case have been moved to the MR-GO track.

Because Mr. Gilbert's clients are suing LNA, and because LNA is a lead defendant in each of the Barge track cases, LNA's lead Louisiana counsel – Derek Walker – should be appointed as the Barge track representative on the Defendants' Preliminary Master Committee, rather than of Mr. Treeby. As noted above, the need for a Barge representative was discussed with liaison counsel Ralph Hubbard, who we understood had raised the subject with the Court.

> Respectfully submitted,
>
> Robert B. Fisher, Jr., T.A. (# 5587)
> Derek A. Walker (#13175)
> Ivan M. Rodriguez (#22574)
> **CHAFFE McCALL, L.L.P.**
> 2300 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163-2300
> Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**

March 5, 2008