UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING 4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION <br> * <br> * NO. 05-4419, C/W 05-4237, C/W 05-5531, <br> * C/W 05-5724, C/W 06-3313, C/W 06-5342, <br> * C/W 06-5054, C/W 06-6299, C/W 06-7516 <br> * <br> * SECTION "C" (2) <br> * <br> * JUDGE HELEN G. BERRIGAN <br> * <br> * MAG. JUDGE JOSEPH C. WILKINSON, JR. |

**[PROPOSED] ORDER CONCERNING CASE MANAGEMENT**

**A.  Schedule of Further Proceedings**

1. Plaintiffs in the above referenced cases shall file a single master consolidated complaint against all defendants other than the limitation petitioners by September 15, 2007. The master consolidated complaint will set forth the claims asserted by the plaintiffs against all such defendants; the theories of liability; the plaintiffs' contentions regarding the applicable law; the definition and scope of plaintiffs' proposed class(es); and the identity of the class representative(s) of the proposed class(es).

2. Defendants shall file their answers or other responsive pleadings by October 15, 2007. Additional parties may be joined at this time, provided that no undue prejudice results from their

not having participated in the Phase I proceedings regarding privity or knowledge that cannot reasonably be remedied by their participation in further proceedings.

3. Discovery may be served on all subjects and as to all parties starting September 1, 2007. Section B below will govern the conduct of discovery.

4. The next phase of the litigation will resolve all remaining issues with respect to the maritime petitions for limitation of liability or exoneration that have been filed in this action, including the limitation petitioners' defense related to the cause of the failure of the Inner Harbor Navigation Canal retaining wall through which the barge passed. Simultaneous with the completion of the limitation proceeding, the Court will also adjudicate any other defendant's motion for summary judgment based on the wall-failure causation issue. Such proceedings will be conducted according to the following schedule:

> December 14, 2007: Expert reports from all Group A parties on wall-failure causation and any other limitation/exoneration issues due. The Court declines to order limits at this time on the number of experts who may be identified by any party, but instructs all parties to avoid duplication and cumulation of expert testimony.

> January 14, 2008: Expert reports from all Group B parties on wall-failure causation and any other limitation/exoneration issues due. Expert depositions may be conducted starting on this date.

> March 14, 2008: Close of fact and expert witness discovery on wall-failure causation and any other limitation/exoneration issues.

> April 11, 2008: Deadline for any motions for summary judgment by the limitation petitioners on limitation/exoneration issues other than wall-failure causation. The deadline for the opposition to any such motion, and the date for hearing on any such motion, shall be set in accordance with the applicable local rules.

> April 14, 2008: Defendants' motions for summary judgment (and supporting memoranda) on wall-failure causation due.

> May 7, 2008: Plaintiffs' memoranda in opposition to defendants' motion for summary judgment on wall-failure causation due.

> May 29, 2008: Defendants' reply memoranda on motion for summary judgment

on wall-failure causation due.

<u>July 2, 2008</u>:  Pre-trial briefs and witness and exhibit lists due for bench trial on all remaining limitation/exoneration issues.

<u>July 15, 2008</u>:  Combined hearing on defendants' summary judgment motion on wall-failure causation and bench trial on all remaining limitation/exoneration issues.

5.  If the Court does not dispose of the case in the limitation/exoneration and summary judgment phase, then class certification proceedings will go forward as to any remaining parties according to the following schedule:

<u>October 1, 2008</u>:  Plaintiffs' class certification motion and brief due, including any expert affidavits and/or reports.

<u>November 14, 2008</u>:  Defendants' class certification opposition brief due, including any expert affidavits and/or reports.

<u>December 15, 2008</u>:  Plaintiffs' reply memorandum in support of class certification due.

<u>January 13, 2009</u>:  Hearing on class certification,

6.  Following the completion of class certification proceedings, the Court will enter an order providing for the conduct of further proceedings, including whether any further phasing is required.  In accordance with the Court's previous ruling (Rec. Doc. 618), the Court declines to sever the third-party claims asserted against the United States and other governmental entities from the plaintiffs' first-party claims against the barge defendants.

**B.  Provisions Governing Discovery**

1.  <u>Limits on discovery based on Phase I proceedings</u>.  To the extent that discovery was had in Phase I, through depositions or written discovery, there shall be no duplication.  Witnesses who were deposed in Phase I are not subject to further deposition except by stipulation or by order of this Court based on a specific showing of need, and any examination of such witnesses is limited to those specific subjects for which need has been shown.

Exhibit 3 to Barge Plaintiffs' Motion for Leave to File Preliminary Response

2. <u>Limits on the number of written discovery requests</u>.  Group A and Group B are limited to 35 interrogatories, 35 document requests, and 35 requests to admit per side.  As provided in the Court's previous scheduling order (Rec. Doc. 210 at 2-3), Group B defendants may serve discovery on other Group B defendants by stipulation or, if necessary, through the filing of appropriate motions.  Discovery concerning third-party claims is governed by Paragraph 6 below.

3. <u>Limits on the number of depositions</u>.  The Court declines to impose limits on the number of depositions at this time, pending identification by the parties of witnesses who may be called to testify on the remaining limitation/exoneration issues and whose depositions are required for purposes of summary judgment and/or class certification.

4. <u>Issues relating to electronically stored information</u>.  Electronically-stored information produced in discovery may be produced in such format as the parties may stipulate.

5. <u>Claims of privilege or protection as trial-preparation material</u>.  Claims of privilege and work product protection shall be made per Fed. R. Civ. P. 26(b)(5) and the accompanying Advisory Committee comments.  The parties may stipulate to protection against inadvertent waiver as allowed by the Rules.

6. <u>Discovery relating to third-party claims</u>.  In order to avoid duplication and unnecessary expense, each third-party defendant shall within 45 days produce all of the documents, interrogatory answers, and other materials that such third-party defendant has produced or hereafter produces in discovery in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (including consolidated cases).  Similarly, each third-party plaintiff shall within 45 days produce all of the documents, interrogatory answers, and other materials that such third-party plaintiff has produced or hereafter produces in this case.  The parties to the third-party claims

shall review such materials and, prior to serving any additional discovery requests on any other party to the third-party claims, shall confer with such other party concerning the scope of the proposed additional discovery requests. Discovery relating to third-party claims shall not be duplicative or cumulative of discovery taken in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (including consolidated cases), or in this case.

_____
United States District Judge