

CLASSACT § 7:15 Page 1
3 Newberg on Class Actions § 7:15 (4th ed.)

Newberg on Class Actions
Database updated June 2007

Alba Conte and Herbert B. Newberg

Chapter 7. Initial Class Determination: Strategies and Procedures

References

**§ 7:15. Timing relative to disposition of certain motions**

Initial class rulings may be made before, after, or simultaneously with the disposition of other motions. Accordingly, class rulings have been made before, contemporaneously with, and following disposition of a defendant's motion to dismiss for failure to state a cause of action,[FN1] lack of jurisdiction,[FN2] lack of standing of the plaintiff,[FN3] or improper venue.[FN4] So also, initial class rulings have been made at various times in relation to motions for transfer of venue,[FN5] consolidation under 28 U.S.C.A. § 1407,[FN6] abstention or stay of proceedings,[FN7] preliminary injunction,[FN8] amendment of the complaint,[FN9] a three-judge court,[FN10] approval of a settlement,[FN11] voluntary dismissal of the entire litigation,[FN12] and motions for summary judgment.[FN13]

Recent cases have held, usually on grounds of judicial efficiency, that class certification issues should be addressed before consideration of a dispositive motion.[FN14] Bieneman v. City of Chicago,[FN15] stated another rationale for considering class certification before dispositive motions:

> … one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly. After even a tentative decision on the merits, incentives are different. Indeed, a class representative who has lost on the merits may have a duty to the class to oppose certification, to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset. It is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.

If the disposition of such a motion is favorable to the class representative, then the interests of the absent class members have not been prejudiced. On the other hand, if a motion to dismiss or for summary judgment is granted in favor of the defendants, the entire complaint would normally be dismissed, and the court would not reach the class determination. Even in this situation, therefore, the resulting order would not be binding on the class which would not suffer

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW    Document 11562-5    Filed 03/06/08    Page 2 of 13

CLASSACT § 7:15                                                                                Page 2
3 Newberg on Class Actions § 7:15 (4th ed.)

prejudice.[FN16]

In ruling that it had the authority to dispose of the defendant's summary judgment motion before a ruling on class action propriety, the court in Haas v. Pittsburgh National Bank,[FN17] distinguished the prohibition in Eisen v. Carlisle & Jacquelin[FN18] against holding a minihearing before a class ruling, by stressing that in summary judgment determinations only questions of law are left for resolution. Thus, the Haascourt concluded that the possible prejudice to the defendants by such a minihearing on the merits was not involved when a court proceeds to dispose of a summary judgment motion. The same rationale would appear to support the conclusion that the rights of absent class members to participate in the management of an action would not be prejudiced when only issues of law are presented for court disposition in summary fashion.

With respect to the perspective of absent class members, therefore, little or no prejudice results by permitting a court to dispose of a summary motion before a class ruling. On the contrary, certain advantages accrue thereby to class members as noted above, as well as the opportunity for shifting costs of class action notice in a subsequent class certification following a favorable judgment for the plaintiffs.[FN19]

From the perspective of the defendants, certain advantages and disadvantages arise from a prejudgment class ruling. Rule 23(c)(3) provides that any judgment in an action maintained as a class action, whether or not favorable to the class, will be binding on the entire class. Before Rule 23 was amended in 1966, only those absent class members who formally intervened in a spurious class action would be bound by the judgment. Thus, an absent class member might wait to see the outcome of a class litigation on the merits before determining whether to intervene and take advantage of the adjudication. The amended rule was designed, in part, to eliminate such one-way intervention by making the entire class bound by the judgment in a class action, whether or not favorable to the class. By the same token, the defendant gained the benefit of classwide res judicata if the defendant won a favorable judgment in an action certified as a class suit. Most courts that have discussed the issue of whether a trial court has authority to reach a summary disposition on the merits before a class ruling have focused on that part of Rule 23's objective to protect the defendants from one-way intervention of absent class members.

At the outset, courts have recognized that the need to eliminate one-way intervention does not arise in classes certified under Rule 23(b)(1) or (b)(2), because such classes do not afford the opportunity of absent class members to exclude themselves. Thus, courts have concluded under these circumstances that there is no bar to disposing of a motion to dismiss, or for judgment on the pleadings, or for summary judgment before or simultaneously with a class ruling in Rule 23(b)(1) or (b)(2) class actions.[FN20]

Whether summary dispositions on the merits, before a class ruling, may be proper in a Rule 23(b)(3) class action is unsettled. The Seventh Circuit in Peritz v. Liberty Loan Corp.,[FN21] a Truth in Lending Act class suit under Rule 23(b)(3), held that the language of Rule 23(c)(1)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 3 of 13

CLASSACT § 7:15                                                                                              Page 3
3 Newberg on Class Actions § 7:15 (4th ed.)

"requires class certification prior to a determination on the merits."[FN22] The Peritz court relied on Eisen and American Pipe & Construction Co. v. Utah to support its conclusion. In subsequent decisions, the Seventh Circuit limited the Peritz rule to Rule 23(b)(3) class actions only. On the other hand, the Sixth Circuit in Senter v. General Motors Corp.,[FN23] a Title VII employment discrimination suit, held that the trial court had authority to issue a class certification and an order on the merits simultaneously. In its brief discussion on this issue, the court in Senter stated: "The language of Rule 23(c)(1) is obviously directed to the district court. It does not impose upon a plaintiff the additional burden of ensuring that the district court adhere to 23(c)(1)'s directive."[FN24] The class in Senterqualified under both Rule 23(b)(2) and (b)(3) but was deemed to have been certified under Rule 23(b)(2) by the appellate court. In any event, the court did not rely on this distinction in justifying the power of the court to defer the class ruling until the merits of the action were also determined.

   Other courts and circuits reaching this issue have permitted trial courts to make a summary merits disposition before or simultaneously with a class ruling when the defendant waives the protection of the rule which eliminates one-way intervention. The leading decision upholding this view is Katz v. Carte Blanche Corp.[FN25] Various courts have also permitted a precertification merits ruling on plaintiff's motion followed by a postjudgment class certification if plaintiffs were successful on the merits, though this may give rise to one-way intervention objections by defendant.[FN26] When the defendant is unwilling to waive its Rule 23(c)(1) protections, it has been held that the plaintiff may not seek unilaterally to defer the class ruling in order to have a test case on the merits.[FN27]

   The Manual for Complex Litigation[FN28] states:

   The court may also need to consider whether to entertain motions to dismiss or for summary judgment pending class certification. Courts have been divided over whether an action may be dismissed on the merits before certification. The court should rarely postpone a ruling on subject-matter jurisdiction or jurisdiction of the parties. Similarly, defects in venue or service of process should ordinarily be raised so that they may be timely corrected before the case is permitted to proceed. A precertification ruling on the merits, however, raises concerns. While it binds only the individual parties, it may have precedential effect on the putative class members. When it is clear that the action lacks merit, dismissal will avoid unnecessary expense for the parties and burdens for the court, but the court should consider whether the interests of putative class members may be prejudiced.[FN29]

   The Manual also notes:

   Courts occasionally have granted summary judgment in favor of a class representative before considering the question of class certification. This practice should usually be avoided. Post-judgment certification in favor of the class may not be possible. Moreover, the potential use of collateral estoppel may have inequitable consequences similar to those of one-way intervention, a practice that Fed. R. Civ. P. 23(c)(3) was intended to prevent.[FN30]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 4 of 13

CLASSACT § 7:15                                                                 Page 4
3 Newberg on Class Actions § 7:15 (4th ed.)

  The intent of amended Rule 23, to avoid one-way intervention problems, has now become largely academic because of the evolution of the law of collateral estoppel without mutuality of rights requirements, as well as recognition that a class denial may be reversed on appeal after a decision on the merits.[FN31] In a thoughtful study to improve class actions, which has been transmitted for consideration to the Advisory Committee on Civil Rules of the Judicial Conference of the United States, the Litigation Section of the ABA recommended several changes; among them, that a court should have general discretion to make a precertification ruling on the merits because "an appropriate case precertification decision of a merits motion, whether made by a plaintiff or a defendant, may advance a 'speedy and inexpensive' resolution of the controversy or significantly inform the certification ruling."

  When a class ruling is made after a full trial on the merits, its validity depends on lack of prejudice to either party. In an action which has been filed and treated as a class action throughout the proceedings, certification after the trial will usually not result in prejudice to the defendant[FN32] and is proper. Similarly, if an action which has been treated as a class action is denied certification after trial, the denial may be reversed as prejudicial to the plaintiff.[FN33]

  [FN1] Class ruling before the defendant's motion to dismiss for failure to state a claim: Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 7 Fed. R. Serv. 3d 592 (2d Cir. 1987) (securities). The district court properly reserved decision on a class certification motion pending disposition of the defendant's motions to dismiss the amended complaint, in light of the breadth of the class sought and the absence of a showing of abuse of discretion. "In any particular case, such procedure may or may not be appropriate depending on the complexity of the legal or factual issues raised by the motion to certify." Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 214, 7 Fed. R. Serv. 3d 592 (2d Cir. 1987).

  Dixon v Quern, 76 F.R.D. 617 (N.D. Ill. 1977) (government benefits); McCray v. Standard Oil Co. (Indiana), 76 F.R.D. 490 (N.D. Ill. 1977) (Rule 8(a)(2) objections ruled on before class ruling); Contract Buyers League v. F & F Inv., 48 F.R.D. 7 (N.D. Ill. 1969) (antitrust); Class ruling simultaneously: Louisiana Ed. Ass'n v. Calcasieu Parish School Bd., 76 F.R.D. 629 (W.D. La. 1977) (employment discrimination); Feldman v. Hanley, 59 F.R.D. 299 (S.D. N.Y. 1973) (securities).

  Class not ruled on when dismissal motion disposed: Stavrides v. Mellon Nat. Bank & Trust Co., 353 F. Supp. 1072 (W.D. Pa. 1973), order aff'd, 487 F.2d 953 (3d Cir. 1973) (Truth In Lending Act (TILA)); Travis v Fairmount Foods Co, 346 F. Supp. 679 (E.D. Pa. 1972) (antitrust).

  [FN2] Class ruled on before motion to dismiss for lack of jurisdiction: Eliasen v. Green Bay & W. R. Co., 93 F.R.D. 408 (E.D. Wis. 1982), aff'd, 705 F.2d 461 (7th Cir. 1983) (securities) (unnecessary to meet jurisdictional requirements at time class criteria are

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 4 to Barge Plaintiffs' Motion for Leave to File Preliminary Response

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 5 of 13

CLASSACT § 7:15                                                                Page 5
3 Newberg on Class Actions § 7:15 (4th ed.)

determined); International Tape Mfrs. Ass'n v. Gerstein, 344 F. Supp. 38 (S.D. Fla. 1972), judgment vacated on other grounds, 494 F.2d 25 (5th Cir. 1974) (copyright).

Class ruling simultaneously: Oldroyd v Kugler, 461 F.2d 535 (3d Cir. 1972) (civil rights); Kozinski v Schmidt, 409 F. Supp. 215 (E.D. Wis. 1975) (government benefits).

Class not yet ruled on when dismissal motion determined: Vigil v. American Tel. & Tel. Co., 455 F.2d 1222 (10th Cir. 1972) (disapproved of by, Mohasco Corp. v. Silver, 447 U.S. 807, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980)) (employment discrimination); Ross v Longchamps, Inc, 336 F. Supp. 434 (E.D. Mo. 1971) (securities).

[FN3] Class ruled on before motion to dismiss for lack of standing: Moss v Lane Co, 471 F.2d 853 (4th Cir. 1973) (employment discrimination); Fields v. Village of Skokie, 502 F. Supp. 456 (N.D. Ill. 1980) (disapproved of by, Bailey v. Delta Air Lines, Inc., 722 F.2d 942 (1st Cir. 1983)); Contract Buyers League v. F & F Inv., 48 F.R.D. 7 (N.D. Ill. 1969) (antitrust).

Class ruling simultaneously: La Raza Unida v. Volpe, 337 F. Supp. 221 (N.D. Cal. 1971), opinion supplemented, 57 F.R.D. 94 (N.D. Cal. 1972) and order aff'd, 488 F.2d 559 (9th Cir. 1973) (environmental); Jinks v. Mays, 332 F. Supp. 254 (N.D. Ga. 1971), judgment aff'd and remanded, 464 F.2d 1223 (5th Cir. 1972) (employment discrimination).

[FN4] Class ruled on before motion to dismiss for lack of venue: Carpenter v Hall, 311 F. Supp. 1099 (S.D. Tex. 1970) (securities); Altman v. Liberty Equities Corp., 54 F.R.D. 620 (S.D. N.Y. 1972) (securities).

Class ruling simultaneously: Marston v. L. E. Gant, Ltd., 56 F.R.D. 60 (E.D. Va. 1972) (patent); Sunrise Toyota, Ltd. v. Toyota Motor Co., 55 F.R.D. 519 (S.D. N.Y. 1972) (antitrust).

Class not yet ruled on when dismissal motion determined: Goldberg v. Touche Ross & Co., 390 F. Supp. 290 (S.D. N.Y. 1975) (securities).

[FN5] Class ruled on before venue transfer motion determined: Philadelphia v Emhart Corp, 317 F. Supp. 1320 (E.D. Pa. 1970) (antitrust); Fogel v. Wolfgang, 48 F.R.D. 286 (S.D. N.Y. 1969) (securities).

Class ruling simultaneously: Fertig v. Blue Cross of Iowa, 68 F.R.D. 53 (N.D. Iowa 1974); Abercrombie v Lum's, Inc, 345 F. Supp. 387 (S.D. Fla. 1972) (antitrust).

Class not yet ruled on when venue transfer motion determined: Umbriac v American Snacks, Inc, 388 F. Supp. 265 (E.D. Pa. 1975) (securities); Girsh v Jepson, 355 F. Supp. 1104 (E.D. Pa. 1973) (securities); Bogosian v Gulf Oil Corp, 337 F. Supp. 1230 (E.D. Pa.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 6 of 13

CLASSACT § 7:15                                                                                    Page 6
3 Newberg on Class Actions § 7:15 (4th ed.)

1971) (antitrust).

[FN6] Class ruled on before § 1407 transfer: In re Holiday Magic Securities and Antitrust Litigation, 375 F. Supp. 1400 (J.P.M.L. 1974).

Class not yet ruled on at time of § 1407 transfer: *Vogel v. Trahan*, Fed. Sec. L. Rep. (CCH) 97,303 (E.D. Pa. Jan. 11, 1980) (securities) (consideration of class deferred because of likelihood of consolidation).

[FN7] Class ruling simultaneously with ruling on stay motion: Weisfeld v. Spartans Industries, Inc., 58 F.R.D. 570 (S.D. N.Y. 1972); Vaughan v. Bower, 313 F. Supp. 37 (D. Ariz. 1970), judgment aff'd, 400 U.S. 884, 91 S. Ct. 139, 27 L. Ed. 2d 129 (1970) (civil rights); Winters v. Miller, 306 F. Supp. 1158 (E.D. N.Y. 1969), order rev'd, 446 F.2d 65 (2d Cir. 1971) (mental health).

Class not yet ruled on when stay motion determined: King v. Kansas City Southern Industries, Inc., 56 F.R.D. 96 (N.D. Ill. 1972), judgment aff'd, 519 F.2d 20 (7th Cir. 1975) (securities).

[FN8] Class ruled on before plaintiff motion for preliminary injunction: Arrington v. Massachusetts Bay Transp. Authority, 306 F. Supp. 1355 (D. Mass. 1969) (employment discrimination).

Class ruling simultaneously: Kozinski v Schmidt, 409 F. Supp. 215 (E.D. Wis. 1975) (government benefits).

Class not yet ruled on when preliminary injunction determined: Hess v Hughes, 500 F. Supp. 1054 (D. Md. 1980) (government benefits).

The court may properly rule on a preliminary injunction prior to the decision on class certification.

Musto v. American General Corp., 615 F. Supp. 1483 (M.D. Tenn. 1985), order rev'd, 861 F.2d 897 (6th Cir. 1988) (ERISA).

[FN9] Class ruled on before motion to amend: Larson v Tony's Investments, Inc., 12 Fed. R. Serv. 2d 2559 (M.D. Ala. 1968) (securities).

Class ruling simultaneously: Fertig v. Blue Cross of Iowa, 68 F.R.D. 53 (N.D. Iowa 1974).

Class not yet ruled on when motion to amend determined: Bogosian v Gulf Oil Corp, 337 F. Supp. 1234 (E.D. Pa. 1972) (antitrust); Yaffe v Detroit Steel Corp, 50 F.R.D. 481

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 7 of 13

CLASSACT § 7:15                                                                           Page 7
3 Newberg on Class Actions § 7:15 (4th ed.)

(N.D. Ill. 1970) (securities).

[FN10] Class ruled on before three-judge court determined: Com. of Pa. v. Glickman, 370 F. Supp. 724 (W.D. Pa. 1974) (action to enjoin city officials from engaging in unlawful racial discrimination in hiring firemen; class upheld June 6, 1973; court denied request for three-judge court in cited opinion on Jan 15, 1974 n 4).

If a three-judge court is to be ordered, then in the absence of compelling circumstances for the single judge to issue a conditional class ruling, as in connection with a temporary restraining order on behalf of a class, it is usual to defer the class ruling for determination by the three-judge panel. Gesicki v. Oswald, 336 F. Supp. 365, 367 n 3 (S.D. N.Y. 1971) (civil rights suit); Norton v. Weinberger, 364 F. Supp. 1117, 1120 (D. Md. 1973), judgment vacated on other grounds, 418 U.S. 902, 94 S. Ct. 3191, 41 L. Ed. 2d 1150 (1974) (contesting Social Security Act provision). Another case in which the court had not yet ruled on the class certification motion when a three-judge court motion was determined include: Samuel v University of Pittsburgh, 56 F.R.D. 435 (W.D. Pa. 1972) (employment suit; three-judge court originally convened but subsequently revoked).

[FN11] Class ruled on before settlement approval: Chance v. Board of Examiners and Bd. of Ed. of City of New York, 330 F. Supp. 203 (S.D. N.Y. 1971), judgment aff'd, 458 F.2d 1167 (2d Cir. 1972) (disapproved of by, Washington v. Davis, 426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976)).

See also Phillips v. Allegheny County, Pa., 869 F.2d 234, 13 Fed. R. Serv. 3d 514 (3d Cir. 1989) (rehearing denied) (for settlement purposes, court should have treated pending class action as if certification had been granted).

[FN12] Class not yet ruled on before voluntary dismissal: Rothman v. Gould, 52 F.R.D. 494 (S.D. N.Y. 1971) (securities).

[FN13] Class ruled on before defendant's motion for summary judgment determined: Manning v. Princeton Consumer Discount Co., Inc., 390 F. Supp. 320 (E.D. Pa. 1975), on reconsideration, 397 F. Supp. 504 (E.D. Pa. 1975), judgment aff'd, 533 F.2d 102 (3d Cir. 1976) (TILA).

Bowling v Pfizer, Inc, 142 F.R.D. 302 (S.D. Ohio 1991) (tort) (motions for summary judgment and to dismiss would be considered after the class certification motion because "it may promote judicial efficiency by resolving this dispute in one law suit." Bowling v Pfizer, Inc, 142 F.R.D. 302, 303 (S.D. Ohio 1991)).

Otto v. Variable Annuity Life Ins. Co., 98 F.R.D. 747 (N.D. Ill. 1983). The court refused to grant a motion by plaintiff for reconsideration of a ruling which held in abeyance briefing on the defendant's motion to strike and dismiss, and for summary judgment

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 8 of 13

CLASSACT § 7:15                                                         Page 8
3 Newberg on Class Actions § 7:15 (4th ed.)

pending a ruling on plaintiff's motion for class certification. Such a ruling would require the court "to go well beyond the fact of the pleadings and into the merits of plaintiff's claim." Otto v. Variable Annuity Life Ins. Co., 98 F.R.D. 747 (N.D. Ill. 1983).

Class ruling simultaneously with summary judgment: Wofford v Safeway Stores, Inc., 78 F.R.D. 460 (N.D. Cal. 1978) (employment discrimination); Oscar Gruss and Son v. Geon Industries, Inc., 75 F.R.D. 531 (S.D. N.Y. 1977) (securities).

Class not yet ruled on when summary judgment determined: Giles v. Secretary of Army, 84 F.R.D. 374 (D.D.C. 1979), aff'd and remanded, 627 F.2d 554 (D.C. Cir. 1980) (military rights) (Rule 23(b)(2) class certified after summary judgment rendered for plaintiffs).

Wright v. Schock, 742 F.2d 541, 40 Fed. R. Serv. 2d 73 (9th Cir. 1984) (securities). The district court, after extensive discussion with the parties to determine the most fair and economical way to structure this complex litigation, determined that threshold issues relating to bank and title companies would be resolved on summary judgment motions after limited discovery, an approach which would most likely save time and expense for all parties. The defendants consented to this approach and the court ruled on the summary judgment motions before ruling on a class certification motion. The court of appeals found that the trial court may properly rule on summary judgment motions before making a class certification determination when it is more practicable to do so and when the parties will not suffer significant prejudice. A defendant may waive the protection afforded by an early class ruling. When a defendant assumes the risk that a summary judgment ruling in his or her favor will have only stare decisis effect on the members of the putative class, the court may properly rule on the summary judgment motion first.

Boles v. Earl, 601 F. Supp. 737 (W.D. Wis. 1985) (government benefits).

[FN14]Bowling v Pfizer, Inc, 142 F.R.D. 302 (S.D. Ohio 1991) (class certification motion would be considered before motions for summary judgment and to dismiss); Smiley v. City of Chicago, 1991 WL 156208 (N.D. Ill. 1991); Wilson v. American Cablevision of Kansas City, Inc., 130 F.R.D. 404, 18 Fed. R. Serv. 3d 252 (W.D. Mo. 1990) (Cable Communication Policy Act).

Defendant's motion to deny class certification and plaintiff's subsequently filed motion for class certification would be determined before the pending cross-motions for summary judgment would be considered and ruled. "Adherence to the general rule applicable to Rule 23(c)(1) will avoid the inevitable complications and waste of judicial time produced when a district court attempts simultaneously to certify a class and to rule on the merits of the class action claims presented by motions for summary judgment." Wilson v. American Cablevision of Kansas City, Inc., 130 F.R.D. 404, 405-06, 18 Fed. R. Serv. 3d 252 (W.D. Mo. 1990). See also Ch 8.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 9 of 13

CLASSACT § 7:15                                                                    Page 9
3 Newberg on Class Actions § 7:15 (4th ed.)

See also Rutan v. Republican Party of Illinois, 868 F.2d 943, 13 Fed. R. Serv. 3d 175 (7th Cir. 1989), cert. granted, 493 U.S. 807, 110 S. Ct. 48, 107 L. Ed. 2d 17 (1989) and judgment aff'd in part, rev'd in part on other grounds, 497 U.S. 62, 110 S. Ct. 2729, 111 L. Ed. 2d 52 (1990)

H. Newberg, Should the Class Certification Issue be Determined at the Outset? Expediting Pretrials and Trials of Antitrust Cases, ABA Section of Antitrust Law (Monograph No. 3, 1978).

[FN15]Bieneman v. City of Chicago, 838 F.2d 962, 964, 10 Fed. R. Serv. 3d 914 (7th Cir. 1988).

[FN16]West v. Capitol Federal Sav. and Loan Ass'n, 558 F.2d 977 (10th Cir. 1977) (dismissal of action against potential class members, in conjunction with class denial, was void because members were not parties to the action and district court had no jurisdiction to enter an order against them).

§ 7:35.

[FN17]Haas v. Pittsburgh Nat. Bank, 381 F. Supp. 801 (W.D. Pa. 1974), judgment aff'd in part, rev'd in part, 526 F.2d 1083 (3d Cir. 1975).

[FN18]Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732, 18 Fed. R. Serv. 2d 877 (1974) (antitrust). See § 7:9.

See also Ch 8 (timing of notice).

[FN19]Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970).

[FN20]Larionoff v. U. S., 533 F.2d 1167 (D.C. Cir. 1976), cert. granted, 429 U.S. 997, 97 S. Ct. 522, 50 L. Ed. 2d 607 (1976) and judgment aff'd, 431 U.S. 864, 97 S. Ct. 2150, 53 L. Ed. 2d 48 (1977) (military rights).

Consor v. Occidental Life Ins. Co. of California, 469 F. Supp. 1110 (N.D. Tex. 1979) (employment discrimination) (local rule prohibits merits ruling prior to class ruling, though dismissal motions may be heard first).

Jimenez v. Weinberger, 523 F.2d 689 (7th Cir. 1975) (government benefits) (Rule 23(b)(2) class certified simultaneously with disposition of summary judgment motion).

White v. Local 942, Laborers' Intern. Union of North Am., 90 F.R.D. 368 (D. Alaska

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 10 of 13

CLASSACT § 7:15                                                          Page 10
3 Newberg on Class Actions § 7:15 (4th ed.)

1981), aff'd in part, vacated in part, rev'd in part, 688 F.2d 850 (9th Cir. 1982) (labor) (no bar to simultaneous certification of class and merits decision).

Davis v. Bucher, 451 F. Supp. 791 (E.D. Pa. 1978) (employment discrimination).

[FN21]Peritz v. Liberty Loan Corp., 523 F.2d 349, 20 Fed. R. Serv. 2d 965 (7th Cir. 1975) (Truth in Lending Act (TILA)).

[FN22]Peritz v. Liberty Loan Corp., 523 F.2d 349, 353, 20 Fed. R. Serv. 2d 965 (7th Cir. 1975) (emphasis in original).

[FN23]Senter v. General Motors Corp., 532 F.2d 511 (6th Cir. 1976) (employment discrimination).

[FN24]Senter v. General Motors Corp., 532 F.2d 511, 521 (6th Cir. 1976).

[FN25]Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974). In Katz, a Truth in Lending Act Rule 23(b)(3) class suit, the Third Circuit held that a test case on the merits before a class ruling was permissible at the request of the defendant and was superior to a class action, because the defendant was waiving its Rule 23(c) protections in order to avoid possible prejudice by class action notice before a decision on the merits. Haas v. Pittsburgh Nat. Bank, 381 F. Supp. 801 (W.D. Pa. 1974), judgment aff'd in part, rev'd in part, 526 F.2d 1083 (3d Cir. 1975).

Roberts v. American Airlines, Inc., 526 F.2d 757, 762 to 763 (7th Cir. 1975) (Rule 23(b)(3) class complaint challenging illegal air fare increases was dismissed without a class ruling; a summary judgment for defendant was affirmed on appeal, the court holding that on remand defendant could not obtain classwide res judicata because any subsequent class ruling would be untimely and barred by the rule in Peritz).

Hutchinson v. Wickes Companies, Inc., 726 F. Supp. 1315 (N.D. Ga. 1989) (ERISA). Class certification was not necessary before a ruling on plaintiffs' motion for partial summary judgment:

The court disagrees with defendants' argument that class certification is necessary prior to ruling on the motion. Generally, class certification is required prior to any determination on the merits. … A dismissal for failure to exhaust administrative remedies, however, is not a determination on the merits. Instead, exhaustion of remedies is a jurisdictional defense that, if meritorious, results in an action being dismissed without prejudice prior to adjudication of the merits … .

Kim v. Commandant, Defense Language Institute, Foreign Language Center, 772 F.2d 521, 3 Fed. R. Serv. 3d 66 (9th Cir. 1985) (employment). Summary judgment ruling before class determination was proper, though Rule 23 calls for ruling "as soon as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 4 to Barge Plaintiffs' Motion for Leave to File Preliminary Response

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 11 of 13

CLASSACT § 7:15                                                          Page 11
3 Newberg on Class Actions § 7:15 (4th ed.)

practicable," when fairness and economy dictate otherwise and defendant consents.

Other cases upholding a ruling on the merits before a class ruling, when the merits ruling is based on defendant's motion, include Hotel Emp. Ass'n of San Francisco v. Gorsuch, 669 F.2d 1305, 1306 n 1 (9th Cir. 1982); Zambardino v. Schweiker, 668 F.2d 194, 201 (3d Cir. 1981); Pharo v. Smith, 621 F.2d 656, 663–64, (5th Cir. 1980), on reh'g in part on other grounds, 625 F.2d 1226 (5th Cir. 1980); Case & Co., Inc. v. Board of Trade of City of Chicago, 523 F.2d 355, 360, 2 Fed. R. Evid. Serv. 518 (7th Cir. 1975); Jackson v. Lynn, 506 F.2d 233, 236 (D.C. Cir. 1974). Some cases permit a precertification merits ruling on defendant's motion only in Rule 23(b)(1) or (b)(2) cases and not in 23(b)(3) suits. Roberts v. American Airlines, Inc., 526 F.2d 757, 763 (7th Cir. 1975); Jimenez v. Weinberger, 523 F.2d 689, 699–702 (7th Cir. 1975).

Accord O'Boskey v. First Federal Sav. & Loan Ass'n of Boise, 112 Idaho 1002, 739 P.2d 301 (1987). For more information on class action law in Idaho, see American Bar Association's Survey of State Class Action Law, IdahoPrecertification partial summary judgment and injunctive relief was granted to a class of realty purchasers and sellers challenging bank fees and increased interest rates charged for assumption of mortgage by new property owner.

[FN26] See, e.g., Gurule v. Wilson, 635 F.2d 782, 790 (10th Cir. 1980) (overruling on other grounds recognized by, E.E.O.C. v. Gaddis, 733 F.2d 1373, 39 Fed. R. Serv. 2d 277 (10th Cir. 1984)) and (overruling on other grounds recognized by, World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 17 Fed. R. Evid. Serv. 852, 1 Fed. R. Serv. 3d 629 (10th Cir. 1985)) (district court has power to certify plaintiff class action under Rule 23(b)(2) in prisoners' rights class action, following earlier favorable ruling on plaintiffs' summary judgment motion); accord Postow v. OBA Federal Sav. and Loan Ass'n, 627 F.2d 1370, 1380–81 (D.C. Cir. 1980).

[FN27]Manning v. Princeton Consumer Discount Co., Inc., 390 F. Supp. 320 (E.D. Pa. 1975), on reconsideration, 397 F. Supp. 504 (E.D. Pa. 1975), judgment aff'd, 533 F.2d 102 (3d Cir. 1976).

The editors for the Manual for Complex Litigation, Second (1985) distinguish between nondispositive dismissal motions (e.g., for lack of jurisdiction, improper venue or service, dismissal of particular parties or claims that call for more definite statements, etc.) and dispositive ones (e.g., for summary judgment and for judgment on the pleadings), with reference to the propriety of ruling thereon before any ruling on class certification.

The Manual sees no problem with precertification disposal of nondispositive motions filed by any party. With reference to dispositive motions filed by defendants, the Manual editors suggest that this is appropriate in some situations because "defendant has waived the additional protection that would have been afforded by a judgment against the class,"

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 12 of 13

CLASSACT § 7:15                                                                Page 12
3 Newberg on Class Actions § 7:15 (4th ed.)

but "the court, however, should approach such pre-certification motions with caution and ensure that an adequate opportunity for discovery on the critical issues has been allowed before considering motions for summary judgment."

Finally, the Manual suggests that the granting of precertification summary judgment motions filed by class representatives, in contrast to defendants, "should usually be avoided." Concerns expressed by the Manual in support of this suggestion, namely inequitable consequences of one-way intervention (or opt-out), and difficulties in granting postjudgment class certification, presumably do not apply in class actions suitable for certification under Rule 23(b)(1) or (2) which do not expressly provide for opt-outs. Similarly, the waiver of protections by defendants, when defendants file a precertification summary judgment motion, properly should extend to permit court disposition of cross-motions for summary judgment filed by class representatives. As a practical matter, to promote fairness for all parties and orderly adjudication for future res judicata effects of a decision on the merits, the court should give serious consideration to a simultaneous conditional certification of the class (if the suit otherwise qualifies for class treatment) when the court determines that it is appropriate to grant a summary judgment in favor of class representatives before there has been any formal class ruling. Condition certification is no long permitted under the revised Rules. 23(c)(1)(C) now states: An order under Rule 23(c)(1) may be altered or amended before final judgment. See 1:1.

[FN28]Manual for Complex Litigation (3d ed.) § 30.11.

[FN29]Manual for Complex Litigation (3d ed.) § 30.11 (footnotes omitted).

[FN30]Manual for Complex Litigation (3d ed.) § 30.11, footnote 671.

[FN31] See Ch 8 (one-way intervention).

Cf. ABA, Litigation Section, Report and Recommendations of the Special Committee on Class Action Improvements, 110 F.R.D. 195, 208–09 (1986).

[FN32]Alexander v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO, 565 F.2d 1364 (6th Cir. 1977) (employment discrimination).

Cf. DeLong v Brumbaugh, 703 F. Supp. 399 (W.D. Pa. 1989) (health). A deaf woman who brought a Rehabilitation Act suit alleging that a judge excluded her from a jury on the basis of her deafness was not entitled to post-trial certification of a class of 150 deaf persons in the country when the plaintiff was highly skilled in sign language; some deaf persons could be more or less adept in sign language and others might communicate by signed English or manually coded English, a fact that could be determined only after a hearing with evidence and appropriate findings.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 11562-5   Filed 03/06/08   Page 13 of 13

CLASSACT § 7:15                                                                                               Page 13
3 Newberg on Class Actions § 7:15 (4th ed.)

[FN33]Horn v Associated Wholesale Grocers, Inc, 555 F.2d 270 (10th Cir. 1977) (employment discrimination).

Akers v. Bolton, 531 F. Supp. 300, 2 Ed. Law Rep. 1036 (D. Kan. 1981) (education). In a suit under the Education For All Handicapped Children Act, court reserved decision on class, then denied Rule 23(b)(2) class after trial, on grounds that there had been no violation of statute and that defendant had not refused to act on grounds generally applicable to class.

© 2007 Thomson/West

CLASSACT § 7:15

END OF DOCUMENT