UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * * | SECTION "K" (2) |
| *Boutte v. Lafarge* **05-5531** | * | |
| *Mumford v. Ingram* **05-5724** | * | |
| *Lagarde v. Lafarge* **06-5342** | * | JUDGE |
| *Perry v. Ingram* **06-6299** | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* **06-7516** | * | |
| *Parfait Family v. USA* **07-3500** | * | MAG. |
| *Lafarge v. USA* **07-5178** | * * | JOSEPH C. WILKINSON, JR. |

LAFARGE NORTH AMERICA INC'S
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION
PROPOUNDED TO THE BARGE ENTITIES
REGARDING CLASS CERTIFICATION

Defendant Lafarge North America, Inc. ("LNA"), hereby responds to the Requests for Production served by Plaintiffs in the above-captioned actions on October 12, 2007 as follows:

**GENERAL OBJECTIONS**

1. LNA objects to plaintiffs' instructions, and the Interrogatories incorporating them, on the ground that they call for actions not required by the Federal Rules of Civil Procedure. LNA will respond to the Requests in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2. LNA objects to each Request to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. In that connection, LNA

expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation. That investigation continues to this day. In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the purpose of preparing for trial of claims such as those asserted in these cases, and such materials are protected from disclosure under Fed. R. 26(b)(3). Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege. LNA will supply a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5) and accompanying comments.

3. LNA objects to each Request to the extent that it is in contravention of Case Management Order #5 and seeks to preempt the timelines established by the Court.

4. LNA objects to the Requests on the ground that they exceed the permissible limits for written discovery set forth in Case Management Order #5.

5. Each of LNA's answers to these Requests is made to the best of LNA's knowledge at the present time, based upon its investigation to date. LNA states that its investigation is ongoing and LNA specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

6. LNA objects to each and all "definitions" to the extent they vary the content of the Request in a way that renders them cumbersome and unduly burdensome. LNA will answer the Requests in accordance with the Federal Rules of Civil Procedure, common English usage, and the terms of the Interrogatories themselves.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents of any kind that support your Answers to Interrogatories.

<u>Response</u>: LNA objects to this request for production on the ground that it multiplies the number of request for production beyond the permissible limits imposed by CMO#5. The request amounts to no fewer than eight subparts, corresponding to the eight interrogatories served by the plaintiffs regarding class certification. LNA further objects to the request as vague and construes it to refer to documents used by LNA to support its responses to plaintiffs' interrogatories regarding class certification, as opposed, for example, to documents that LNA may eventually come to rely upon in opposing a class certification motion.

So construed, LNA refers the plaintiffs to their proposed Sixth Amended Complaint; LNA's pleadings including its answers to the various complaints filed against it; class certification briefs and expert reports in the MRGO/Levee matter; case law regarding class certification standards; pleadings in lawsuits filed against entities other than the defendants and asserting claims for the same types of damages sought herein; and the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report. All such documents are available in the public domain and access to them is equal for plaintiffs and defendants.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in the Interrogatory that states as follows: "Please describe (i) all efforts, if any, to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Sixth Amended Complaint, and (ii) describe all results or conclusions derived as a result of such efforts, specifically

3

including in your response any estimate of the number of affected persons and/or structures, and any estimate of monetary damages or losses."

Request:  LNA responds that it has not undertaken any activities specifically directed at estimating the number of persons who sustained damages or incurred losses within the geographic area covered by the Sixth Amended Complaint.  To the extent the request may be read to sweep more broadly than that, LNA objects on grounds of burden and because the request calls for production of documents protected from disclosure under Fed. R. Civ. P. 26(b)(3).

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in the Interrogatory that states as follows: "Please describe in detail each source of flooding and the manner in which you contend the flooding occurred with respect to the geographic area encompassed by the Sixth Amended Complaint."

Response:  LNA objects on the ground that this request is unintelligible because there are no "activities" described in the referenced Interrogatory.  LNA further objects to the request as vague and construes it to refer to documents referenced by LNA in preparing its answer to the referenced Interrogatory, as opposed, for example, to documents that LNA may eventually come to rely upon to oppose a class certification motion.  Subject to and without waiving any objections, LNA refers the plaintiffs to the documents identified in response to Request for Production No. 1, including but not limited to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report and to the pulblicly-available supporting

4

documents regarding each report, and the reports of defendants' experts in the MRGO/Levee litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005 in the geographic area described in the Sixth Amended Complaint.

Response:  LNA is not aware of any documents in its possession, custody, or control that specifically address the subject matter of this request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the sources of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

Response:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report.  LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports

such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina: A Nation Still Unprepared*". These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the causes of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

Response: LNA objects to this request as vague and as unduly burdensome. LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5. LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report. LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein. LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina: A Nation Still Unprepared.*" These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

<u>Response</u>:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report.  LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

<u>Response</u>:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R.

7

Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5. LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report. LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein. LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina: A Nation Still Unprepared.*" These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005 through September 1, 2005 within the geographical area described in the Sixth Amended Complaint or any part of it.

Response: LNA objects to this request as vague and as unduly burdensome. LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5. LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report. LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert

reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates or otherwise reflects the area within the geographical area described in the Sixth Amended Complaint affected by the breaches in the eastern Industrial Canal floodwall.

<u>Response</u>:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report.  LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and equally accessible to plaintiffs as to LNA.

    Respectfully Submitted,

    Robert B. Fisher, Jr., T.A. (#5587)
    Derek A. Walker (#13175)
    Ivan M. Rodriguez (#22574)
    Parker Harrison (#27538)
    **CHAFFE MCCALL, L.L.P.**
    2300 Energy Centre
    1100 Poydras Street
    New Orleans, LA 70163-2300
    Telephone: (504) 585-7000
    Facsimile: (504) 585-7075
    Fisher@chaffe.com
    Walker@chaffe.com
    Harrison@chaffe.com

      Mark S. Raffman
    John D. Aldock
    Richard M. Wyner
    Mark S. Raffman
    **GOODWIN PROCTER LLP**
    901 New York Avenue, N.W.
    Washington, DC 20001
    Telephone: (202) 346-4240

    Daniel A. Webb (#13294)
    **SUTTERFIELD & WEBB, LLC**
    Poydras Center
    650 Poydras Street, Suite 2715
    New Orleans, LA 70130
    Telephone: (504) 598-2715

    ***Attorneys for Lafarge North America Inc.***

December 28, 2007

## Certificate of Service

I do hereby certify that I have on this 28th day of December, 2007 served a copy of the foregoing document on counsel for all parties to this proceeding by e-mail.

/s/ Mark S. Raffman