UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| COSOLIDATED LITIGATION | * | |
| _____ | * | SECTION K – JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE:  JUPITER, 07-1689 | * | |
| | * | |

**************************************

## MEMORANDUM IN OPPOSITION TO
## MOTION FOR CONTEMPT AND DISMISSAL

**MAY IT PLEASE THE COURT:**

This memorandum is submitted on behalf of Plaintiff, Lorraine Jupiter, in opposition to Defendant's, Auto Club Family Insurance Company ("ACFIC"), Motion for Contempt and Dismissal in connection with Lorraine Jupiter's failure to comply with Magistrate Judge Wilkinson's January 30, 2008, Discovery Order.

It is not disputed by Plaintiff that Defendant propounded Interrogatories and Requests for Production of Documents on or around June 7, 2007.  Defendant then on October 23, 2007, provided Plaintiff with a letter which indicated that the responses to the discovery were insufficient and defendant listed four individual insufficiencies, that letter is attached to defendant's motion as Exhibit 4 and attached to this opposition as Exhibit A.  Defendant was provided with supplemental responses on November 17, 2007, the responses are attached to defendant's motion as Exhibit 5 and attached to this opposition as Exhibit B.

Defendant's letter of insufficiencies, attached to this opposition as Exhibit A, lists the following deficiencies:

1. "Interrogatory Number 3 fails to provide the requested date of payment, total amount of payment (not subtracting out amounts for attorney's fees and contractor fees) and description for the reason of payment"

This question was previously answered adequately according to plaintiff. Plaintiff's Exhibit responded that Ms. Jupiter received $225,000.00 from flood on her dwelling and $31,500.00 from flood on her contents (her policy limits). Defendant's are in a better position to know the amount of payment Plaintiff has received from Auto Club Family Insurance Company ("ACFIC"), see Defendant's answer to interrogatory number 1, attached as Plaintiff's Exhibit C wherein Defendant replies to Plaintiff what has been paid on behalf of ACFIC. Plaintiff will accept as true the amounts that Defendant has supplied, unless we can prove otherwise at a later date, since counsel for Defendant did sign the Answers to Interrogatories and assume that he complied in good faith under Rule 11 of the Federal Rules of Civil Procedure.

2. "Interrogatory number 4 fails to provide an itemization an itemization of the damages your client is contending entitlement to recover from ACFIC. At a minimum, the requested itemization must include a description of the type of category of damages claimed and the amount of damages for each category or type of damages."

Defendants received a report from a contractor, Jim Kotter, listing in particular the damages sustained to Plaintiff's property. This report is attached as Plaintiff's Exhibit D and the

facsimile cover sheet and facsimile confirmation sheet that this report was sent on October 9, 2007, is attached as Plaintiff's Exhibit D-1 and D-2, respectively.

      3.    "Interrogatory Number 5 fails to provide a "yes" or "no" response as to whether your client has provided ACFIC with a satisfactory proof of loss for the damages arising out of Hurricane Katrina with which your client seeks to recover from ACFIC.  In the event the response is "yes", please provide sufficient responses to subsections (a) & (b). [subsection a asks for a full description of all information and/or documentation you contend comprises the "satisfactory proof of loss" you provided to ACFIC: and subsection b asks for the date(s) you contend you provided ACFIC with each item of information and/or documentation that comprises your "satisfactory proof of loss".

Plaintiff contends that the expert report provided to ACFIC (already attached as Plaintiff's Exhibit D) comprises Plaintiff's proof of loss; therefore the answer is yes.  The interrogatory does not state what type of losses are being sought, therefore, Plaintiff assumes that ACFIC is seeking "proof of loss" information on the dwelling since other types of losses are asked about in subsequent interrogatories.  This expert report was provided at the latest October 9, 2007, however, since the report is dated October 19, 2006, Plaintiff believes the report was provided in 2006.

      4.    "Interrogatory Number 8 fails to provide a "yes" or "no" response  as to whether your client is contending entitlement to recover from ACFIC any additional living expenses sustained as a result of Hurricane Katrina.  In the event the response

"yes", please provide sufficient responses to subsections (a) (b) (c) & (d). [subsection a asks for the full address for each place you lived after Hurricane Katrina other than 7421 Arbor Dr., New Orleans, Louisiana; subsection b asks the dates you lived at each address listed in your answer to Interrogatory No. 9(a); subsection c asks to provide an itemized description of additional living expenses for which you are making claim; and subsection d asks to provide an itemized description of your average monthly living expenses during the period of January 1, 2005, to August 28, 2005.

Plaintiff has previously complied with this interrogatory, see attached Plaintiff's Exhibit E.  Plaintiff, in correspondence dated November 27, 2007, listed all places she resided between August 28, 2005 until the present (November 27, 2007), also included was a list of all of her additional living expenses.

Defendant also complains of not receiving any of the Requests for Production of Documents.  Plaintiff and Defendant have been to two mediations, however, from what is understood only one was brought before a qualified mediator.  All documents which Defendant seeks have been provided and if there are any particular documents which Defendant seeks, they have not specifically requested those documents.  Documents such as declarations pages, estimates, additional living expenses, contents list, etc. have been provided previously to and at the two mediations.  These documents were provided to counsel and to Craig Morice, the ACFIC Adjuster who attended the mediations.

Defendant, in his response to Plaintiffs interrogatories, right off the cuff, objects to Plaintiff's interrogatories on the grounds that they exceed the number allowed by Rule 33 of the Federal Rules of Civil Procedure. FRCP 33 says "Unless otherwise stipulated or ordered by the court…no more than 25 written interrogatories, including all discreet subparts." Defendants, if the subparts are added, asked more than 25 interrogatories themselves.

Plaintiff has supplied all information which was sought from Defendant. If any information was not supplied, then the Plaintiff was not in possession or did not have that information available. Plaintiff is in the process of obtaining another expert report from Larry Townsend, an engineer with Technical Environmental Services. This report will be supplied to Defendant upon completion.

Defendant's Motion for Contempt and Dismissal should also be denied under Rule 5 of the Federal Rules of Civil Procedure. FRCP 5(b)(3) in regards to service states "*Using Court Facilities.* If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." FRCP 5(b)(2)(E) states "[S]ending it by electronic means if the person consented in writing – in which event service is complete upon transmission, **but is not effective if the serving party learns that it did not reach the person to be served.**" [emphasis added]. Plaintiff does receive the CM/ECF notices; however, plaintiff was not served with a notice of any Motion to Compel and has relayed that message to Defendant. Plaintiff had not heard of a Motion to Compel being filed until speaking with Defendant's counsel on March 10, 2008.

Defendant's Motion for Contempt and Dismissal should not be granted. Plaintiff contends that discovery has been responded to appropriately and fully. Counsel for Plaintiff contacted Counsel for Defendant on March 10, 2008, to ask what specifically was ACFIC seeking and Plaintiff would be willing to submit anything they want. Defendant's response was simply that he was not going through the request. As stated in Defendant's memorandum, "[D]ismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith." Plaintiff has not acted in bad faith. Plaintiff is willing to submit to Defendant any information that is available. Plaintiff did not comply with the previous order simply because, Plaintiff has no idea there was an order. Plaintiff understands that the local rules or FRCP do not mandate any party mail or fax a hard copy of pleadings to the opposing side, but being that the Counsels for Plaintiff represent hundreds of Hurricane Katrina cases against over a dozen insurers in both single cases and class actions, mix-ups do occur and Plaintiff by no means arbitrarily ignored any filings of Defendant.

    Respectfully Submitted.

    */s/ Brent A. Klibert*_____

    Law Offices of Roy F. Amedee, Jr.
    Roy F. Amedee, Jr. (#2449)
    Brent A. Klibert (#29296)
    228 St. Charles Avenue, Suite 801
    New Orleans, LA  70130
    Telephone: (504) 592-3222
    Facsimile: (504) 592-8783

CONNICK AND CONNICK, LLC
William P. Connick - 14158
2551 Metairie Road
Metairie, LA 70005
Telephone:  504-838-8777
Facsimile:  504-838-9903

FEINGERTS & KELLY, PLC
Bruce L. Feingerts - 5499
365 Canal Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-568-1515
Facsimile:  504-568-1521

PATRICK G. KEHOE, JR., APLC
Patrick G. Kehoe, Jr. - 14419
833 Baronne Street
New Orleans, LA 70113
Telephone:  504-588-1110
Facsimile:  504-588-1954

LESTELLE & LESTELLE, APLC
Terrence J. Lestelle - 08540
Andrea S. Lestelle - 08539
Jeffery B. Struckhoff - 30173
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229

ROBICHAUX LAW FIRM
J. Van Robichaux, Jr. - 11338
71234 Hendry Ave.
Covington, LA 70433
Telephone:  985-809-0620
Facsimile: 504-282-6298

ALLAN BERGER & ASSOCIATES, APLC
Allan Berger - 2977
4173 Canal Street
New Orleans, LA 70119
Telephone:  504-486-948
Facsimile:  504-483-8130