## LAW OFFICES OF ROY F. AMEDEE, JR.
*ATTORNEYS AT LAW*
228 ST. CHARLES AVENUE
SUITE 801
NEW ORLEANS, LOUISIANA 70310

*Telephone: 504-592-3222*
*Facsimile: 504-592-8783*
*E-mail: Ramedeejr@Aol.com*
*Brent@Klibertlaw.com*

ROY F. AMEDEE, JR.*
BRENT A. KLIBERT

November 17, 2007

NOTARIES PUBLIC

*MASTER OF LAWS
ENERGY AND ENVIRONMENT

Thomas M. Richard
Chopin Wagar Richard & Kutcher
Two Lakeway Center
Suite 900
3850 N. Causeway Blvd.
Metairie, LA 70002

Dear Tom:

The answers to interrogatories previously provided to you are supplemented as follows:

In response to interrogatory number 3 subtracting out the attorneys' fees, we respond that after comparing it to the amounts AAA has tendered thus far, attorneys' fees actually were not subtracted out. Ms. Jupiter received $225,000 in flood for her dwelling and $31,500 for her contents from flood.

In response to interrogatory number 4 failing to provide an itemization of the damages we are contending entitlement to recover from AAA: contents lists and descriptions thereof have been previously provided by Ms. Jupiter via Mr. Feingerts. The description of the structural damages are also described in the expert report completed by Jim Cotter.

In response to providing a proof of loss, the expert report provide by Jim Cotter is being submitted as Lorraine Jupiter's proof of loss to her residence.

In response to interrogatory number 8 not being sufficient, I agree. I have received some supplemental information from Ms. Jupiter and I informed her that her most recent submission was not sufficient and needed to be supplemented again. She is currently working on the list.


EXHIBIT B

On another note, any future drafts made to Ms. Jupiter needs to have Roy F. Amedee, Jr.'s name on it. If only one attorney's name goes on the check, put Roy F. Amedee, Jr.'s, if you can put two names put Roy's and Bruce Feingerts. Roy and I are the attorneys who signed all the pleadings, so we want to make sure we are included.

With best wishes and kindest regards, I remain

Very Truly Yours,

Brent A. Klibert

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 |
| PERTAINS TO: | * * | SECTION K – JUDGE DUVAL |
| INSURANCE:   JUPITER, 07-1689 | * * | MAG. (2) MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ACFIC'S ANSWERS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

#### General Objections

ACFIC objects to the Interrogatories on the grounds that they exceed in number the maximum limit of interrogatories, including subparts, authorized by Rule 33 of the Federal Rules of Civil Procedure and LR 33.1E, Uniform Local Rules of the United States District Courts of Louisiana.

ACFIC further objects to the "Definitions" section, in that many of the definitions are vague, ambiguous and overly broad. Furthermore, the Federal Rules of Civil Procedure do not authorize the proponent of discovery to define, delineate, or otherwise specify the terms or manner of the respondent's answers, but merely authorizes one to direct inquiries to which the opponent is obliged to respond consistent with the scope of discovery prescribed by the Federal Rules of Civil Procedure.



ACFIC further objects to the extent that many of the Interrogatories seek to discover information that is protected by the attorney-client privilege and/or work product doctrine, or was otherwise prepared in anticipation of litigation and/or preparation for trial, and ACFIC does not waive, and specifically reserves, any objections on these grounds even if an answer is provided herein to any question.

ACFIC further objects to the production of any confidential and proprietary business information.

Without waiving any objections, ACFIC answers the First Set of Interrogatories and Requests for Production of Documents as follows:

## ANSWERS TO INTERROGATORIES

### Interrogatory Number 1:

Please state the amounts paid and the dates of payments for the following
A) Property Loss
B) Contents Loss
C) Loss of Use

### Answer to Interrogatory Number 1:

ACFIC has paid Plaintiff the amounts listed below under the various Coverages afforded by her ACFIC policy. The date listed below for each payment reflects the date the check cleared.

| | | |
|---|---|---|
| *COVERAGE A (dwelling)* | 11/18/05 | $27,007.85 |
| | 6/28/06 | $ 6,363.30 |
| | 3/2/07 | $36,153.09 |
| *Total Payments for Coverage A* | | $69,524.24 |
| *COVERAGE B (Other Structures)* | 6/28/06 | $8,955.25 |
| *COVERAGE C (Contents)* | 11/18/05 | $1,499.98 |
| | 9/9/05 | $ 250.00 |

| | | |
|---|---|---|
| *COVERAGE D (Loss of Use/ALE)* | 9/9/05 | $ 2,500.00 |
| | 12/21/05 | $ 8,250.00 |
| | 3/7/06 | $ 4,050.00 |
| | 3/9/06 | $ 350.00 |
| | 4/10/06 | $ 2,200.00 |
| | 5/4/06 | $ 2,200.00 |
| | 5/31/06 | $ 2,200.00 |
| | 7/19/06 | $ 4,400.00 |
| *Total Payments for ALE* | | $26,150.00 |

**Interrogatory Number 2:**

Please identify every adjuster employed by you to adjust Plaintiffs' claims, including in your identification of each, the dates and period of his/her assignment to Plaintiffs' claims, his or her date of hire, salary, nature and date of training, whether the person is currently employed, and if not, the reason for separation.

**Answer to Interrogatory Number 2:**

ACFIC objects to this Interrogatory on the grounds that it vague, overbroad, and unduly burdensome. Furthermore, the interrogatory seeks confidential and proprietary information, and information which is irrelevant, immaterial and not reasonably calculated to lead to admissible evidence. Without waiving any objections, ACFIC states the following adjusters were involved in the actual "adjustment" of the Plaintiff's claim:

1. Rich Somes, ASU, P.O. Box 77, Okemos, Michigan 48805-0077, telephone: 800-820-8006;

2. Stephen Williams, Reliable Adjusting Company, 5213 Main Street, Anderson, Indiana 46013, telephone: 800-853-3314;

3. Tommie McMorris, Trinity Insurance Services, P.O. Box 1733, Mandeville, LA 70470-1723;

4. Adam Dohm, Mid-America Loss Services, 5720 N. Belt W., Suite 20, Belleville, IL 62226, telephone: 618-223-0760;

3