UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSSELL AND DIANE TARDO, | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | |
| VERSUS | * | JUDGE: DUVAL |
| | * | |
| MET LIFE INSURANCE COMPANY, | * | MAGISTRATE: WILKINSON |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PERTAINS TO: 08-1162**

## MEMORANDUM IN SUPPORT OF
## CONSENT MOTION TO DISMISS BASED ON *RES JUDICATA*
## BY METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

Defendant Metropolitan Property and Casualty Insurance Company, improperly named as Met Life Insurance Company, ("Metropolitan") submits the following in support of its motion to dismiss the captioned case on *res judicata* grounds.

### BACKGROUND

Plaintiffs Russell and Diane Tardo originally filed suit against Metropolitan, and numerous other insurers, in a case titled *Tardo, et al. v. Louisiana Citizens Property Insurance Corp., et al.* ("*Tardo I*"), No. 07-7299 (E.D. La.) (Beer, J.). Metropolitan subsequently entered into a settlement agreement with the Tardos, as shown by the motion to dismiss filed on the Tardos' behalf on January 2, 2008 by their attorneys at the "Hurricane Legal Center," and the

Order granting that motion. *See* Partial Motion to Dismiss, Rec. Doc. No. 14 and Order, Rec. Doc. No. 15, *Tardo I,* No. 07-7299.

Approximately one month later, on January 31, 2008, Judge Beer severed *Tardo I,* directing the attorneys at the Hurricane Legal Center to file an amended complaint for each individual property claim. *See* Order, Rec. Doc. No. 25, *Tardo I,* No. 07-7299. On February 29, 2008 – having forgotten that the Plaintiffs had settled their claims against Metropolitan – the attorneys at the Hurricane Legal Center filed a "First Amended Complaint for Damages as Ordered by the Court in Civil Action 07-7299" against Metropolitan, initiating the captioned litigation. *See* Rec. Doc. No. 1.

On March 6, 2008, undersigned counsel learned of the captioned case when she received a letter from Lawrence Centola at the Hurricane Legal Center asking that she waive service of behalf of Metropolitan. In response, undersigned counsel faxed a letter to Mr. Centola explaining that the captioned case was in clear violation of the settlement agreement between the Tardos and Metropolitan, and requesting that Mr. Centola prepare and file a motion to dismiss the captioned litigation immediately. Mr. Centola subsequently telephoned undersigned counsel, acknowledged that the captioned case had been filed in error, and promised that he would file a motion to dismiss the case that day. Despite this specific promise, Mr. Centola neglected to file the motion to dismiss, as evidenced by the pendency of the captioned case

## LAW AND ARGUMENT

**A.    PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*.**

As the Plaintiffs' attorneys at the Hurricane Legal Center have conceded, the Plaintiffs' claims against Metropolitan are barred by *res judicata.* The parties in *Tardo I* and the captioned case are identical; the Order dismissing the Plaintiffs' claims in *Tardo I* was rendered

by a court of competant jurisdiction; the order in *Tardo I* constitutes a final adjudication on the merits; and, the same claims are involved in *Tardo I* and the captioned case.  *See, e.g., St. Bernard Citizens for Envirnmental Quality, Inc. v. Chalmette Refining, L.L.C.,* 500 F.Supp.2d 592, 603 (E.D. La. 2007) (holding plaintiffs' claims barred by *res judicata*); *Livaccari v. Zack's Famous Frozen Yogurt, Inc.,* No. 92-1836, 1992 WL 236950, *7 (E.D. La. Aug. 31, 1992) (same).

### 1. The Parties are Identical.

The Plaintiffs in the captioned case are the same individuals as the plaintiffs in *Tardo I,* Russell Tardo and Diane Tardo.  *Compare, e.g.,* Partial Motion to Dimiss and Order, Exhibit A *with* Rec. Doc. No. 1.  Likewise, the defendant in the captioned case, Metropolitan, was a defendant in *Tardo I. Compare, e.g.,* Partial Motion to Dismiss and Order, Exhibit A *with* Rec. Doc. No. 1.

### 2. The Order was Rendered by a Court of Competant Jurisdiction.

The Plaintiffs do not contest the jurisdiction of the court in *Tardo I.*  Accordingly, this condition to the application of *res judicata* is satisfied.  *See, e.g., Livaccari,* 1992 WL 236950 at *9 ("As the parties have not contested this court's jurisdiction in [the prior action], the court next turns to the third element necessary to apply *res judicata.*")

### 3. The Order in *Tardo I* Constitutes a Final Adjudication on the Merits.

As set forth above, there is no dispute that the Plaintiffs and Metropolitan entered into a settlement agreement pursuant to which they settled all disputes between them.  Indeed, the Plaintiffs' motion to dismiss in *Tardo I* explicitly states that Plaintiffs and Metropolitan have resolved their disputes:

> Plaintiffs Russell and Diane Tardo and Tardo Properties, L.L.C.
> have resolved their dispute with defendant Met Life Auto & Home

>Insurance Company ("Metropolitan").  As a result of this settlement, the plaintiffs respectfully request that all of their claims against Metropolitan in this lawsuit be dismissed, with prejudice, each party to bear its own costs.

Partial Motion to Dismiss, Rec. Doc. No. 14, *Tardo I,* Exhibit A.

It is well settled that a settlement agreement such as the one entered into by the Plaintiffs and Metropolitan constitutes a final adjudication on the merits for *res judicata* purposes. *See St. Bernard Citizens for Environmental Quality,* 500 F.Supp.2d at 608. Consequently, this prerequisite to the application of *res judicata* is satisfied.

### 4. The Claims in *Tardo I* are Identical to The Claims in the Captioned Case.

The Plaintiffs' claims in *Tardo I* are identical to those in the captioned case. *Compare* "Complaint for Damages," Rec. Doc. No. 1 (attached as Exhibit "D"), *Tardo I* with "First Amended Complaint for Damages as Ordered by the Court in Civil Action 07-7299," Rec. Doc. No. 1. Consequently, the fourth and final prerequisite to the application of *res judicata* is satisfied.

### CONCLUSION

In sum, the Plaintiffs' claims are barred by *res judicata.* Consequently, the captioned case must be dismissed.

Respectfully submitted,

*/s/ Bailey Smith*

_____

H. Minor Pipes, III, 26403
Bailey H. Smith, 27906
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Metropolitan Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served on all counsel of record, via electronic mail, facsimile, hand delivery, and/or U.S. Mail, first class postage pre-paid, this 7th day of March, 2008.

*/s/ Bailey Smith*

_____

105114