UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| PERTAINS TO:   BARGE | * * | NO. 05-4182 and consolidated cases |
| Boutte v. Lafarge          05-5531 | * | |
| Mumford v. Ingram     05-5724 | * | SECTION "K" (2) |
| Lagarde v. Lafarge      06-5342 | * | |
| Perry v. Ingram            06-6299 | * | JUDGE |
| Benoit v. Lafarge         06-7516 | * | STANWOOD R. DUVAL, JR. |
| Parfait Family v. USA  07-3500 | * | |
| Lafarge v. USA             07-5178 | * * | MAG. JOSEPH C. WILKINSON, JR. |

**PLAINTIFFS' OPPOSITION TO THE MOTION TO
QUASH SUBPOENA DUCES TECUM FILED BY
<u>THE MARITIME LAW ASSOCIATION</u>**

Plaintiffs oppose the Maritime Law Association's ("MLA's") motion for a protective order quashing plaintiff's subpoena of January 28, 2008 and Rule 45 Requests.

Plaintiff's subpoena is calculated to produce information necessary and material to the within action. These items address, quite specifically, information concerning the breakaway of Ingram Barge ING 4727 (items 1, 2, 4, 7, 8, 11, 12 and 13); information pertaining to the  mooring and securing of barges generally in severe weather (items 5, 6 and 8); and Ingram barges or ING 4727 in particular (items 6, 8 and 10); information addressing the plaintiff's property  damage claims as appearing in insurance controversies following hurricanes Katrina and Rita (item 3); and information pertaining

1

to admissions by or of prior notice to the defendants (items 6, 9 and 10).  The subpoena is annexed hereto as Exhibit 1.

The nub of MLA's opposition to the subpoena can be summarized in a sentence: as far as MLA knows, everything MLA has pertinent to the subpoena's requests is on its website and MLA has no desire to search further.  **Hurley Memorandum pp. 6 - 8.**  Simply put, MLA's desire not to respond to the subpoena is no justification for a protective order.

> **FRCP 45(c)(3)** provides:
>
>> **(3) *Quashing or Modifying a Subpoena.***
>>
>> **(A)** *When Required.*  On timely motion, the issuing court must quash or modify a subpoena that:
>>
>>> **(i)** fails to allow a reasonable time to comply;
>>>
>>> **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>>>
>>> **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>>
>>> **(iv)** subjects a person to undue burden.
>>
>> **(B)** *When Permitted*.  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

> **(i)** disclosing a trade secret or other confidential research, development or commercial information;
>
> **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Nowhere does MLA claim that a reasonable time for compliance has not been allowed. Nowhere does it claim that the subpoena seeks privileged or other protected information. Nowhere does MLA claim that the subpoena seeks disclosure of a trade secret or other confidential research, development or commercial information. Nowhere does MLA claim that the subpoena requires disclosure of an unretained expert's opinion. The best that MLA offers is that it believes the material requested is not relevant to plaintiff's claims or that it would be unduly burdensome to produce the material it admits to possess (i.e., on its website). Neither objection, thin as they are, warrants the relief requested.

With regard to the assertion of an undue burden, MLA claims that the only material it possess pertinent to plaintiff's requests is available on its website. Assuming this to be true, plaintiff's fail to apprehend MLA's objection validating this claim. Simply put, if the claim is true, producing said material pursuant to the subpoena is far simpler than burdening the Court with the subject motion.

3

If, on the other hand, there is additional information that MLA is seeking to withhold, the motion is at best disingenuous.  If MLA has a valid claim of privilege, trade secret or something else, it is obligated to assert such claim now.  Plainly, it has not done so and the information sought is in no way "protected".[1]

With regard to the claim of "relevance", plaintiffs must respectfully disagree with the MLA's second-hand analysis of what it deems relevant to plaintiff's causes of action.  The subpoena is annexed hereto as Exhibit 1.  A description of the items and their subjects is provided supra.  All the items focus on issues crucial to the issues in dispute, to wit: the breakaway barge, property damage in the 9th Ward, the mooring of barges in severe weather and admissions by or notice to the defendants.  Put another way, MLA has wholly failed to explain how the subpoenaed material addressing property damage claims alleged to have been caused by a specific breakaway barge that was alleged to have been  improperly moored by specific defendants is somehow not relevant to a case where the plaintiffs seek to recover for property damage caused by a breakaway barge improperly moored by specific defendants during Hurricane Katrina.

---

[1] Movant avers that the proceedings of the MLA are "published in their entirety and are available to the public on the website...".  Movant annexes as Exhibits F & G respectively, Proceedings Fall 2005 and Proceedings Fall 2006.  Notwithstanding movant's demonstration of apparent cooperation, a review of these submissions reveals that each is a record of but one day, November 5, 2005 and October 7, 2006.  Each meeting included "Continuing Legal Education sessions (the fall 2005 held sessions of Marina Liability and Tug & Barge Liability).  Copies of the information brochures are annexed hereto as Exhibits 2 and 3.  Based on the above, it is obvious that movant may in fact have information sought by the Rule 45 request.

Plaintiffs have a compelling need for the information requested.  MLA has demonstrated no good cause to quash or modify the subpoena.  Indeed, if MLA's claims regarding the requested information are true, it has proposed no rationale for not complying with the subpoena other than a desire not to "download" such material from its website.  Plaintiffs respectfully request that the Court deny MLA's motion in its entirety.

Respectfully submitted,

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq.
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana   70113
   Telephone: (504) 885-7700
   Telephone: (504) 581-6180
   Facsimile: (504) 581-4336
   e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann
Lawrence D. Wiedemann
Karl Wiedemann
Karen Wiedemann
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana   70113
   Telephone: (504) 581-6180
   Facsimile: (504) 581-4336
   e-mail: lawrence@wiedemannlaw.com,
   karl@wiedemannlaw.com,
   karen@widemannlaw.com

/s/ Patrick J. Sanders
Patrick J. Sanders
3316 Ridgelake Drive, Suite 100
Metairie, LA      70002
    Telephone: (504) 834-0646
    e-mail: pistols42@aol.com


/s/ Richard T. Seymour
Richard T. Seymour
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.   20036-4129
    Voice: (202) 862-4320
    Cell: (202) 549-1454
    Facsimile: (800) 805-1065 and (202) 828-4130
    e-mail: rick@rickseymourlaw.net
    adele@rickseymourlaw.net


/s/ Lawrence A. Wilson
Lawrence A. Wilson
David W. Druker
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway - 5th Floor
New York, New York   10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 553-9050
    e-mail: lwilson@wgdnlaw1.com,
    ddruker@wgdnlaw1.com


/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.
Leslie Kelmachter, Esq.
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, New York    10110-0002
    Telephone: (212) 869-3500 ext. 235
    Facsimile: (212) 398-1532
    e-mail: afuchsberg@fuchsberg.com
    lkelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which send a notice of electronic filing to CM/ECF participants. I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile, and/or E-mail, to non-CM/ECF participants.

      New Orleans, Louisiana, this 11th day of March, 2008.

                                                ___/s/ Lawrence D. Wiedemann_____
                                                LAWRENCE D. WIEDEMANN