UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES           CIVIL ACTION
CONSOLIDATED LITIGATION
                                        NO. 05-4182
PERTAINS TO: 07-1690 (WILLIAMS)
*********************************************************************

### REPLY MEMORANDUM IN SUPPORT OF MOTION
### FOR COMPLIANCE WITH CONSENT JUDGMENT

MAY IT PLEASE THE COURT:

### I. PROCEDURAL BACKGROUND

This Reply Memorandum is filed on behalf of defendant, Auto Club Family Insurance Company ("Auto Club"), in support of its Motion to Compel Compliance with the Consent Judgment, now set for hearing March 19, 2008.

Plaintiff, Latoya Williams ("Williams") through "new" counsel Andrea Lestelle, filed on January 16, 2008 an opposition to Auto Club's Motion for Contempt for plaintiff's repeated failure to give a deposition and participate in discovery. Just one day earlier, plaintiff's counsel, Brent Klibert, who has represented the plaintiff from the outset of this case, advised that his client wanted to dismiss the case against Auto Club. Klibert requested that the Motion for Contempt be dismissed and said his client, Ms. Williams, would execute a Motion to Dismiss. **(See, Exhibit "A").**

Counsel for Auto Club further communicated with Ms. Lestelle requesting proof that she is authorized to act in Mr. Klibert's stead for Ms. Williams. **Exhibit "B"**. No response has been received from Ms. Lestelle. Auto Club subsequently filed this Motion to Compel Compliance with the consent reached between the parties on January 15, 2008 to dismiss the claim against Auto Club.

Plaintiff has not filed an opposition to the Motion for Compliance, which was served upon Brent Klibert for Latoya Williams. Auto Club believes the plaintiff's opposition filed January 16, 2008 is intended as an opposition to any action taken by Auto Club to enforce the dismissal agreement. Accordingly, Auto Club is replying to that opposition since it has received no other.

## II. PLAINTIFF'S FAILURE TO PARTICIPATE IN DISCOVERY

On November 14, 2007 this court granted Auto Club's Motion to Compel deposition and ordered the plaintiff to appear for deposition on December 3, 2007 at 9:00 a.m. at undersigned counsel's office.

Auto Club re-noticed the deposition accordingly. On November 26, 2007, undersigned counsel wrote to counsel for plaintiff enclosing a Motion to Dismiss the complaint based upon previous statements and actions by Ms. Williams that she did not want to pursue this claim. A Motion to Dismiss was included with that correspondence.

On December 3, 2007, the court reporter appeared and undersigned counsel and Auto Club were prepared to go forward with the deposition. Neither counsel nor Ms. Williams appeared.

Mr. Klibert did advise several days before the deposition that he had not been able to reach the witness and would not be appearing nor producing any witness.

Auto Club then moved for the imposition of appropriate sanctions including dismissal of this complaint with prejudice. But on January 15, 2008, Auto Club received the communications from Mr. Klibert attached as **Exhibit "A"** once again advising Ms. Williams desired to dismiss her claim against Auto Club.

### III. PLAINTIFF CLAIMS CONFUSION AS DEFENSE

In the opposition filed by Andrea Lestelle for Ms. Williams, plaintiff claims that she erroneously believed she could not pursue the action against Auto Club since she received Road Home funds. No affidavit is attached to the opposition attesting to the plaintiff's confusion. Nor is there an explanation why her counsel, Mr. Klibert, advised on January 15, 2008 that he had spoken to Ms. Williams **that day** and she agreed to a dismissal of the claim against Auto Club.

Nor does plaintiff explain why, when represented by at least two different law firms according to the signature lines on the opposition, she nonetheless became so confused about her claim that she agreed to a dismissal one day then reneged on that agreement the next day. No excuse is offered as to why plaintiff failed **twice** to appear for a deposition.

### IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

Latoya William sued Auto Club on a Katrina claim for insurance proceeds. Auto Club has been forced to defend itself in federal court and incur attorney's fees and costs. Meanwhile, the plaintiff has ignored her obligations as a party in this litigation to the detriment of Auto Club.

Rule 37(b)(2)(C) and (d) of the Federal Rules of Civil Procedure allows a district court to **dismiss** a lawsuit with prejudice when a party fails to appear for a properly noticed deposition or

fails to comply with a **discovery** order. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514-17 (5th Cir.1985); *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084-85 (5th Cir.1985). **Dismissal** with prejudice being a severe sanction, its use is appropriate only where the **plaintiff's** refusal to prosecute her **case** or to comply with a court order results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct. *Coane v. Ferrara Pan Candy Company*, 898 F.2d 1030, 1032 (5th Cir.1990). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be **dismissed** based on the failure of the **plaintiff** to prosecute her **case** or to comply with an order of the court. *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir.1978)

In this case, plaintiff has both failed to participate in discovery and has agreed to a dismissal of her claim, only to renege a day later through new counsel. Auto Club is prejudiced by plaintiff's actions and respectfully requests this Court dismiss Ms. Williams' claims against Auto Club.

**Respectfully submitted:**

**UNGARINO & ECKERT L.L.C.**

/s/ William H. Eckert
_____

***WILLIAM H. ECKERT (#18591)***
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**Telephone:** *(504) 836-7556*
**Fax:**           *(504) 836-7566*
**Email:**        beckert@ungarino-eckert.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2008, I served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, OR by electronic means if said attorney is a CM/ECF participant, as may be appropriate.

/s/ William H. Eckert
UNGARINO & ECKERT, LLC
3850 N. Causeway Blvd., Suite 1280
Metairie, LA 70002
Telephone: (504) 836-7556
Fax: (504) 836-7566
beckert@ungarino-eckert.com