UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| _____ | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| _____ | * | |

**MEMORANDUM IN SUPPORT OF NATIONAL UNION'S OBJECTIONS TO MAGISTRATE'S ORDER ON MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY DISCOVERY**

National Union Fire Insurance Company of Pittsburgh, Pa., defendant, through undersigned counsel, in support of its objections to the magistrate's order on the plaintiffs' motion to compel and National Union's motion to quash the requests for production to, and notice of deposition of, National Union and to stay discovery against it until the motion to dismiss is decided, states the following:

**Relevant Background**

On August 10, 2007, the plaintiffs filed the First Supplemental and Amending Levee Master Consolidated Class Action Complaint ("Master Complaint"), in which the plaintiffs added as a defendant, *inter alia*, National Union as the insurer of the Board of Commissioners of

1

East Jefferson Levee District ("EJLD").  The plaintiffs alleged that National Union "had in full force and effect a policy or policies of liability insurance, under the terms, provisions, and conditions of which it assumed the liability for the acts and/or negligence of its insured, EJLD, and against whom the Class Representatives assert their claim under the Louisiana Direct Action Statute, La.R.S. 22:655." (Master Complaint, Document No. 6194, ¶16(j)).  The plaintiffs also allege that EJLD had the legal responsibility and duty to conduct the dredging activity of the 17th Street Canal "in a manner that would not compromise the safety of the canal's levee/flood wall system." (Id., ¶85).  They further allege that "National Union is directly liable to these Plaintiffs as the liability insurer of Defendant EJLD." (Id.).

On November 20, 2007, National Union filed a motion to dismiss the claims of the plaintiffs in all Levee matters, because the claims-made-and-reported policy National Union issued to EJLD unambiguously excludes coverage of the plaintiffs' claims and actions. (See Document No. 9171).  On January 3, 2008, the plaintiffs' liaison counsel and the levee plaintiffs' sub-group litigation committee propounded requests for production on National Union and *unilaterally* set the corporate deposition of National Union for February 8, 2008 at the offices of plaintiffs' liaison counsel.  National Union objected to responding to the discovery, because of its pending motion to dismiss.  Accordingly, National Union filed motions for protective order, to quash and to stay discovery and set it for hearing on February 20, 2008 before the district judge. (Document No. 11047).  In response, the plaintiffs filed a motion to compel and set it for hearing on February 28, 2008 before the magistrate judge. (Document No. 11106).

On February 20, 2008, this Court heard the motion to dismiss.  Before that hearing, counsel for the parties discussed the appropriateness of deferring the decision on the motions for protective order and to stay discovery until the motion to dismiss was decided.  Independently,

during the hearing on the motion to dismiss, the Court stated on the record it might be appropriate to defer ruling until the motion to dismiss was decided. Following the hearing, plaintiffs' counsel agreed to depose National Union's insured, East Jefferson Levee District, to determine whether it had any evidence that National Union insured it.

The following week, on February 27, 2008, the magistrate denied National Union's motions and granted the plaintiffs' motion to compel and to respond within 10 days.[1] (Document No. 11455). In the order, the magistrate stated in footnote 1:

> The "motion to dismiss" attached evidence in the form of an insurance policy. Rule 12(b)(6) motions are limited to the face of the pleadings. When evidence is attached to a purported 12(b)(6) motion, it must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Discovery is usually appropriate before a motion for summary judgment is addressed.

This statement is the underpinning of the magistrate's decision to deny National Union's motions, but it is clearly wrong and contrary to the U.S. Fifth Circuit's holdings in Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003), and Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), which definitively held that attaching to the motion to dismiss that are referenced in the complaint and are central to the claim does not convert the motion to dismiss to a motion for summary judgment. As such, National Union objects to the magistrate's order pursuant to Federal Civil Procedure Rule 72 as contrary to law. The objections should be sustained, the decision of the magistrate set aside and National Union's motions granted.

---

[1] The order was served by ECF Summary on February 29, 2008, which was the first notice of the order. Accordingly, these objections are timely, since they are filed within 10 days of service of the order. FED. CIV. P. 72(a).

## NO DISCOVERY SHOULD BE ALLOWED UNTIL
## THE MOTION TO DISMISS IS DECIDED

A party may object to a magistrate's order regarding a non-dispositive motion, and a district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).  As stated succinctly by the district court in DeFazio v. Wallis, 459 F.Supp.2d 159 (E.D.N.Y. 2006):

> A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

Id. at 162-163 (internal citations omitted).  In this case, the magistrate stated that the motion to dismiss pursuant to Rule 12(b)(6) is actually a motion for summary judgment, because an insurance policy was attached to the motion to dismiss.  The magistrate then reasoned that discovery is appropriate before National Union's motion is decided.  The magistrate's decision to deny National Union's motions is obviously premised on the conclusion that National Union's motion to dismiss is a Rule 56 motion, not a Rule 12(b)(6) motion.

But the magistrate's conclusions are erroneous and are contrary to the Fifth Circuit's decisions in Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003), and Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).  In those cases, the Court of Appeals determined that a district court may properly consider documents that are referred to in the plaintiffs' complaint and that are central to the plaintiffs' claim *without* converting the motion to dismiss into a motion for summary judgment. Scanlan, 343 F.3d at 536; Collins, 224 F.3d at 498-499.  The rule prevents plaintiffs from avoiding motions to dismiss by simply refusing to attach to the complaint the documents that form the basis of their claims.  There is little doubt that the plaintiffs' claims against National Union can exist only if there is a policy of insurance in place, and in fact the plaintiffs so alleged that there was.  As such, National Union

properly attached the policy of insurance to its motion to dismiss for the Court's consideration and the magistrate's order is contrary to law in this regard.

In turn, the magistrate's decision is contrary to the Fifth Circuit Court of Appeals' decision in <u>Senegal v. Jefferson County</u>, 1 F.3d 1238 (5th Cir. 1993), in which the Fifth Circuit stated it was "simply wrong" to allow discovery to proceed before deciding the Rule 12(b)(6) motion to dismiss, since the motion must be decided on the face of the pleadings. The magistrate's ruling allows exactly this and is therefore contrary to law and should be set aside.

Furthermore, the magistrate stated that the plaintiffs' discovery sought only what National Union "would be required to disclose under ordinary circumstances – even without a discovery request, Fed. R. Civ. P. 26(b)(1) … ." (Document No. 11455). The magistrate's reasoning is contrary to law, because the requirement for disclosures pursuant to Rule 26(b)(1) was superceded by this Court's implementation of Case Management Orders. None of those CMO's or their amendments requires the disclosure of insurance policies by National Union. (*See, e.g.*, Document 3299, p.20-25). Thus, National Union is not already required to disclose the documents sought by the plaintiffs. Additionally, under the "ordinary circumstances", National Union would not be required to provide initial disclosures before filing a motion to dismiss, since disclosures are due after the Rule 26(f) which is required to occur 21 days before the Rule 16(b) conference. But, since discovery is not allowed while a motion to dismiss is pending, the Rule 16(b) conference would either not occur or would not provide for discovery until a pending motion to dismiss is decided. As such, the magistrate's reasoning is circular and necessarily contrary to law.

Moreover, as National Union pointed out in its memorandum in support of the motions for protective order, to quash and to stay, the discovery is overbroad and unduly burdensome in

its breadth. Specifically, the discovery provides no scope or period of time for which policies of insurance are sought, so as written, the discovery requires National Union to search its large volume of records through all time to find a needle in a haystack. The unwieldy breadth of the discovery is demonstrated in the questions posed regarding East Jefferson Levee District's conduct in *Orleans* Parish. Plaintiffs provide nothing to establish that East Jefferson Levee District had any responsibility or took any actions with regard to canals in another Parish. To require National Union to look for policies that would protect EJLD against conduct is not even legally required or authorized to take is a monumental waste of time and money.

Instead, at a minimum, the plaintiffs should be required to seek the information and documentation as to what other policies may exist from the insured, East Jefferson Levee District, who is the best position to identify its insurers for minimal expense and effort.[2] If EJLD has no evidence to suggest that National Union was its insurer during certain periods of time, National Union should not be required to expend significant resources to prove a negative. As this Court recognized during the hearing on the motion to dismiss, the resolution of that motion will affect the need for, extent and scope of any discovery from National Union. Accordingly, it is clearly erroneous and contrary to law to require discovery at this time. See also Tschirn v. Kurzweg, 2003 WL 21087741 (E.D.La. May 9, 2003)(denying motion to compel and granting motion to quash and stay discovery pending ruling on motion to dismiss)(relying on Montgomery v. U.S., 933 F.2d 348 (5th Cir. 1991)).

## CONCLUSION

The magistrate's order is contrary to law, because it erroneously concluded that National Union's Rule 12(b)(6) motion was really a Rule 56 motion for summary judgment. By doing so,

---

[2] At this time, the plaintiffs' liaison counsel has scheduled the 30(b)(6) deposition of East Jefferson Levee District for March 18, 2008, which deposition will include issues regarding insurance issued to EJLD.

6

the magistrate ignored or failed to apply the Fifth Circuit case law that allows a court deciding a Rule 12(b)(6) motion to dismiss to consider the complaint and documents referred to in the complaint that are central to the plaintiffs' claims.  In addition, the magistrate's decision is contrary to the Fifth Circuit's unambiguous holding that discovery is inappropriate and premature when a true Rule 12(b)(6) motion to dismiss is pending.  As such, the magistrate's order should be set aside.  Furthermore, the order ignores that the discovery is overboard and unduly burdensome by requiring National Union to search its records without requiring plaintiffs to seek discovery from EJLD first.  Consequently, the magistrate's order should be set aside and National Union's motions for a protective order, to quash discovery and to stay discovery, should be GRANTED.

**WHEREFORE** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully prays that the objections be sustained, the magistrate's order be set aside, and its motions for protective order from and to quash notice of deposition and requests for production of documents and motion to stay discovery from it be GRANTED, the requests for production and notice of deposition propounded to it be quashed, National Union be exempt from answering or responding to said discovery and deposition notice, further discovery from it be stayed until National Union's motion to dismiss is decided, and for all other relief deemed just and proper.

        Respectfully submitted,

        /s/  Karen M. Dicke
        **KAREN M. DICKE (#24781)**
        **GEORGE D. FAGAN, T.A. (#14260)**
        Leake & Andersson, LLP
        1100 Poydras Street, Suite 1700
        New Orleans, Louisiana 70163-1701
        Telephone:  (504) 585-7500
        Facsimile:  (504) 585-7775
        Email:  *kdicke@leakeandersson.com*
                *gfagan@leakeandersson.com*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading has been delivered to all counsel of record on March 14, 2008, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

                                         /s/ Karen M. Dicke

F:\38803\2-Pleadings\National Union\word versions\motion quash - memo.doc