**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION K – JUDGE DUVAL |
| _____ | * | |
| | * | MAG. (2) – MAG. WILKINSON |
| PERTAINS TO: | * | |
| | * | |
| INSURANCE:   JUPITER, 07-1689 | * | |
| | * | |

**************************************

<u>REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION FOR CONTEMPT AND DISMISSAL</u>

**MAY IT PLEASE THE COURT:**

      Defendant, Auto Club Family Insurance Company ("ACFIC"), respectfully submits this

Reply Memorandum to Lorraine Jupiter's ("Jupiter") Memorandum in Opposition to ACFIC's

Motion for Contempt and Dismissal.

      At the outset, it should be noted a majority of Jupiter's Opposition Memorandum

addresses the sufficiency of her discovery responses. The issue of whether Jupiter has complied

with the discovery requirements set forth in Federal Rule 33 and 34 is not presently before this

Court. If Jupiter wanted to address this issue, she should have filed a Memorandum in

Opposition to ACFIC's Motion to Compel Discovery. Jupiter, however, failed to file an

opposition memorandum, and Judge Wilkinson found that to extent Jupiter provided some

"response" (the same response Jupiter now contends was sufficient), such response was inadequate. Consequently, ACFIC will not respond to Jupiter's claims that she has, in fact, provided sufficient discovery responses other than to point out the following:

In her Opposition Memorandum, Jupiter states she has previously complied with ACFIC's Interrogatory No. 8 via correspondence dated November 27, 2007, in which she listed all places she resided between August 29, 2005 until the present. Included in the November 27, 2007 correspondence, Jupiter also provided a list of her additional living expenses.[1] Specifically, Interrogatory No. 8(d), requests an itemized description of Jupiter's average monthly living expenses during the period of January 1, 2005 to August 28, 2005.[2] To date, ACFIC has never received the requested itemization.

Jupiter was also ordered by Magistrate Judge Wilkinson on January 30, 2008 to provide, within ten days, dates for plaintiff's deposition, and to also pay a sanction of $450. Jupiter has neither provided deposition dates nor paid the sanction.

ACFIC now addresses the issue raised in Jupiter's Opposition Memorandum and presently before this Court - whether Jupiter's failure to comply with Judge Wilkinson's January 30, 2008 Order was the result of willful or bad faith conduct. Jupiter contends was not acted in bad faith because she simply had no idea of the existence of the Order.[3] There were, however, a number of steps Jupiter could have done to support her contention, which she failed to do.

For example, if she was unable to comply with the time limitations set forth in Judge Wilkinson's Order because the email service of the order was simply "missed", once she undoubtably was aware of the order she could have complied with it, attaching as exhibits to her

---

[1] See Jupiter's Memorandum in Opposition to Motion for Contempt and Dismissal, p. 4.
[2] See ACFIC's Interrogatories, attached to ACFIC's Memorandum in Support of Motion for Contempt and Dismissal as Exhibit 1.
[3] See Jupiter's Memorandum in Opposition to Motion for Contempt and Dismissal, p. 5.

Opposition Memorandum her Supplemental Answers to ACFIC's Interrogatories, her Responses to ACFIC's First Request for Production, the available dates for scheduling her deposition, and a check in payment of the sanction.  By immediately remedying her noncompliance, Jupiter would have  conveyed to this Court and to counsel for ACFIC her original noncompliance was truly due to an "oversight".

      To the contrary, however, Jupiter's Memorandum in Opposition and corresponding exhibits demonstrate continued bad faith by still failing to comply with Judge Wilkinson's January 30, 2008 Order.  Specifically, by declaring to this Court that ACFIC was provided with supplemental responses to its Interrogatories relying on the informal November 17, 2007 correspondence letter, Jupiter is in direct violation of the January 30, 2008 Order in which Judge Wilkinson expressly declares "[t]he letter response that plaintiff's counsel provided does not comply with Fed. R. Civ. P. 33(b)."[4]  Jupiter was ordered to provide full, written supplemental responses to ACFIC's Interrogatory Nos. 3, 4, 5, and 8, signed and verified under oath by the party making them, in accordance with Fed. R. Civ. P. 33(b).[5]

      Similarly, in addressing the allegation of her complete failure to respond to ACFIC's First Request for Production of Documents, Jupiter's Memorandum in Opposition maintains all documents which ACFIC requested were allegedly provided to counsel for ACFIC during two prior mediations.  Pretermitting whether the unidentified documents provided at a mediation are indeed responsive to ACFIC's discovery requests (which is denied), in advancing this position, Jupiter continues to demonstrate defiance of the January 30, 2008 Order requiring that she respond to ACFIC's First Request for Production of Documents fully and in writing, in accordance with Fed. R. Civ. P. 34.

---

[4] See Docket No. 10992.
[5] See Docket No. 10992.

Consequently, Jupiter's claim of a lack of bad faith on her part because she was unaware of the January 30, 2008 Order is negated by the statements and arguments advanced in her Opposition Memorandum.   Simply put, Jupiter's Opposition Memorandum in and of itself provides the evidence necessary for a finding of willful and bad faith conduct in refusing to comply with the Court's January 30, 2008. In *Yazdchi v. American Honda*, 217 Fed.Appx. 299, 2007 WL 464705 (5 Cir. 2007), the Plaintiff challenged a district court's dismissal with prejudice contending two court order violations were   insufficient to justify dismissal.   The *Yazdchi* Plaintiffs failed to provide adequate responses to discovery requests even after the specific inadequacies of their responses were detailed in several requests and motions from Defendants and two orders from the district court.  In affirming the lower court's dismissal with prejudice, the Fifth Circuit acknowledged that dismissal for two court order violations is well supported by precedent that has affirmed dismissal under similar circumstances where only one discovery order has been violated.[6]

Furthermore, in *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030 (5 Cir. 1990), the Fifth Circuit upheld the district court's Rule 37 sanction of dismissal with prejudice where the party refused to obey the Court's order to produce his tax returns and to pay sanctions in the form of attorney's fees.  In upholding the Rule 37 sanction of dismissal, the appellate court specifically observed the party's "refusal to pay the May 1988 sanctions until December 1988 without a credible explanation underscores his attitude toward the court and the inefficacy of any lesser sanctions."[7]

---

[6] See *Truck Treads, Inc. v. Armstrong Ruber Co.*, 818 F.2d 427, 429 (5 Cir. 1987); see also *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5 Cir. 1990) (dismissing an action principally because the plaintiff failed to obey two court orders.
[7] *Coane*, 898 F.2d at 1033.

Undersigned counsel also notes that the suggestion that Judge Wilkinson's January 30, 2008 order was simply "missed" by plaintiff's counsel is inconsistent with the prior communications undersigned counsel has had with Mr. Kleibert regarding the difficulty in getting cooperation in discovery matters. Mr. Kleibert has advised the undersigned that he has been in disagreement with his co-counsel, Mr. Bruce Feingerts, over the handling of this case and the "division of responsibilities". At one point the undersigned was advised that Mr. Kleibert was going to handle all discovery matters. At another time the undersigned was advised that Mr. Kleibert was withdrawing. When Mr. Feingerts was contacted about deficient discovery, he declared that he wanted to supply supplemental discovery only "orally".[8]

Contrary to what is stated in the opposition memorandum, when Mr. Kleibert contacted the undersigned on March 10, 2008, Mr. Kleibert did so because he intended to file an *ex parte* Motion to Withdraw. The undersigned advised Mr. Kleibert that in light of the pending contempt motion, he should set his Motion to Withdraw for a contradictory hearing, so as to not prejudice the pending contempt motion. During this conversation, Mr. Kleibert did ask "what do you want?" or words to that effect, and the undersigned referred him to Judge Wilkinson's January 30, 2008 order as what was "wanted". A copy of the order was emailed again to Mr. Kleibert that day by Amy Christina, an associate of the undersigned.

Instead of taking time to comply with the January 30, 2008 Order, Mr. Kleibert has decided to raise stale arguments already rejected by Judge Wilkinson. It should also be noted that the motion presently before the Court is not based simply on Jupiter's ignoring of "any filings by Defendant", but on her failure to comply with filings from the Court.

In this case, monetary sanctions have failed to deter Jupiter's continued refusal to provide written discovery responses according to the specifications set forth in the January 30, 2008

---

[8] See p. 3 of ACFIC's Memorandum in Support of Motion for Contempt and Dismissal.

Order.  There is nothing in Rule 37 that states or suggests that the sanction of dismissal can be used only after all of the other sanctions have been considered or tried.[9]  Lesser sanctions have been ineffective because Jupiter has failed to cooperate in discovery even after the court awarded monetary sanctions against her, and even after a contempt motion has been filed.

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.**

By

**THOMAS M. RICHARD (#2069)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana   70002
Telephone:  (504) 830-3838
Fax: (504) 836-9540
***Attorney for Defendant, Auto Club Family
Insurance Company***

---

[9] *Blackwell v. JC Penny*, 95 F.3d 49 (5 Cir. 1996).