UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**INTERROGATORIES TO ALL PLAINTIFFS
FROM LAFARGE NORTH AMERICA INC.,
ZITO FLEETING LLC AND ZITO FLEETING INC.**

Pursuant to Fed. R. Civ. P. 33, Defendants Lafarge North America, Inc. ("LNA"), Zito Fleeting LLC and Zito Fleeting Inc. direct the following interrogatories to the plaintiffs in the above-captioned matters, to be answered individually by each plaintiff unless the answer is the same for all plaintiffs. Responses are due within thirty days of service.

**Instructions**

1. These interrogatories are continuing, and supplemental answers shall be required, to the full extent provided by Fed. R. Civ. P. 26(f), at such time as you receive information that makes a prior answer incomplete, inaccurate, or misleading.

2. Any objections to these Interrogatories must be stated with specificity, in writing.

3. You are requested to furnish all information available to you, including information that is known by you and/or available to you through your representatives, attorneys, and agents, by reasonable inquiry.

4.   If you withhold any information on the grounds that such information is privileged or protected from discovery, you must comply with Federal Rule of Civil Procedure 26(b)(5)(A) regarding the identification of such information.

5.   Unless otherwise noted, the relationships, events, and actions in these interrogatories refer to the factual circumstances, events, dates, and places set forth in the pleadings in the instant action.

6.   You are under a continuing duty to supplement and correct your responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**Definitions**

For the purpose of simplicity and clarity, LNA provides the following definitions:

"Communication" means the transmission of information by any means.

"Document" includes all forms of documents or electronically stored information within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

"IHNC" means the Inner Harbor Navigation Canal.

"MRGO" means the Mississippi River – Gulf Outlet.

"Northern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Florida Avenue.

"Southern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Claiborne Avenue.

"Individual plaintiff" and "named plaintiff" mean each and every person who is identified by name as a plaintiff in the complaint(s) in the consolidated cases listed in the caption above (i.e., Boutte, Mumford, Lagarde, Perry, Benoit, Parfait Family), including amended complaint(s) and proposed amended complaint(s), and any person not so identified who is proposed to be a class representative in any of these cases.

"You" refers to the plaintiff(s) answering the interrogatories.

## INTERROGATORIES

1. Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

   Response:

2. Provide the name and, if known, the address and telephone number of each person (other than the individual plaintiffs themselves) who is likely to have discoverable information that plaintiffs may use to support their claim that the Barge ING 4727 caused damage to any plaintiff or member of the proposed class in this action

   Response:

3. Identify and fully describe all simulations, replicas, models, mockups, and other study, investigation, or representation, forensic or otherwise, of any and all things, events and/or locations which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony.

   Response:

4. Please state the full names, addresses, job titles, employers, credentials, and areas of expertise of any and all experts or opinion witnesses whom you will or may call to render any opinion concerning any issues in this matter, whether by affidavit, report, or trial testimony, and provide a summary of all such opinions and a list of all documents consulted, used or relied upon by such expert or opinion witness.

   Response:

5. Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses

   Response:

6. What do you contend caused the breakaway of the Barge ING 4727? (Please provide a full narrative account of all factors, including the time at which you contend the barge broke away and the reasons why it broke away, all parties at fault in the breakaway, and all measures which, if taken, would have prevented the breakaway).

   Response

7. Identify any past instance in which a barge breakaway caused flooding as the result of an allision with a flood protection structure.

   Response:

8. In Court Record Doc. No. 798-3 in Case No. 05-4419, Group A plaintiffs stated that "eyewitnesses … saw the barge crash through the intact floodwall long before the MRGO flooded." Please identify all such eyewitnesses and state the date and means

by which plaintiffs' counsel or representatives learned the substance of each witness's account

Response

9. Identify all "witnesses [who] say that they heard the barge scraping against the still intact floodwall, and then saw it crash through" as you represented to the public on www.bargecase.com and state the date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account.

Response:

10. Identify every other person, if any, who claims to have seen or heard the barge make contact with the IHNC floodwall, pass from the canal side of the floodwall to the residential side of the wall, or cause one or more breaches of the floodwall, and state the date and means by which plaintiffs' counsel or representatives learned the substance of each person's account.

Response:

11. In Court Record Doc. 726 (at page 7, footnote 1), Group A represented to the Court that "pronouncements of experts" state "that the barge is what breached the floodwall." Similarly, on the website www.bargecase.com, Group A counsel have represented to the public that experts have formed the opinion that the barge "broke the floodwall" and that "scientific investigations … reveal that the Industrial Canal breach was caused by a barge adrift in the canal during Katrina, which slammed into the concrete floodwall, allowing the wall and levee to topple."  Please identify every expert pronouncement that the barge is what breached the floodwall, every expert who has formed the opinion that the barge broke the floodwall, and every scientific investigation that reveals that the Industrial Canal breach was caused by a barge.

Response:

12. State the whereabouts / physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005.  Provide street address(es) or other similar information.

Response:

13. As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

Response:

14. Plaintiffs' complaints in this case allege that the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII) and that it "raced diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8).  Identify all witnesses, documents, and facts that support these any of these allegations.

Response:

4

15. Identify each person who has told you, your counsel, or your representatives (including investigators employed by your or your counsel), that he or she saw or heard the barge and/or saw or heard the failure of the IHNC retaining wall on August 29, 2005 and state the substance of the communication.

Response:

16. Identify each person who has told you, your counsel, or your representatives (including investigators employed by you or your counsel) that the failure of the IHNC retaining wall occurred for reasons other than the barge, or occurred before the barge passed through or in the absence of the barge, and state the substance of the communication, including any reasons or support given.

Response:

17. Identify each person who called or who has been interviewed by Kendrick Harding or any other investigator or person working on the plaintiffs' behalf in connection with the barge breakaway and/or the breach(es) of the IHNC floodwall, including the person's name, address, and telephone number, and date of the interview, whether a tape recording or other transcription was made, and whether documents exist memorializing the interview.

Response:

18. For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish?  If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

Response:

19. The website maintained by plaintiffs' counsel, www.bargecase.com, asserts:

    ]T]he barge "was the sole cause of the eastern Industrial Canal breaches in the Lower Ninth Ward."

    Do you contend in this action that the barge was the "sole cause" of the eastern Industrial Canal breaches in the Lower Ninth Ward?  If so, then provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely.

Response:

20. The reports of the Interagency Performance Evaluation Team (IPET), Independent Levee Investigation Team (ILIT), and Team Louisiana investigations have each attributed the IHNC floodwall breaches to causes other than the barge.  Do you disagree with the conclusions of these reports regarding the causes of the IHNC floodwall breaches?  If so, then provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely.

Response:

5

21. Do you contend that the IHNC floodwall would have remained intact if the barge had not broken away from its moorings? If so, then provide all reasons and identify witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded. If not, then state what mechanism would have caused the wall to fail in the absence of the barge.

<u>Response</u>:

22. Do you contend that the plaintiffs would not have suffered damages if the ING 4727 had remained at its moorings? If so, then provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded. If not, state what you contend damages would have been if the barge had remained at its moorings.

<u>Response</u>:

23. Do you contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge)? If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

<u>Response</u>:

24. Do you deny that the actions or inactions of the United States Government, including the Army Corps of Engineers, caused or substantially contributed to the flooding in the Lower Ninth Ward and St. Bernard Parish? If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

<u>Response</u>:

25. Provide your complete, detailed, exhaustive account of any and all locations, things, persons, events, circumstances and factors constituting the causes and occurrence of the breaches of the eastern IHNC floodwall between S. Claiborne and Florida Avenues, including but not limited to the time that each breach occurred and all facts and evidence showing what time each breach occurred.

<u>Response</u>:

26. For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

<u>Response</u>:

27. Describe in detail how this case can be tried as a class action, including an identification of all issues that plaintiffs propose to try to a single jury and a description of how plaintiffs propose to try, on a classwide or individualized basis, causation and damages as to each category of harm for which damages are sought in the complaint.

6

Response:

28. Identify all "conflicts of interest between attorneys and litigants" referenced in plaintiffs' motion for reconsideration (Rec. Doc. 781-2) and every "conflict" referenced in Rec. Doc. 804 (at 4).

Response:

29. For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina? If so, state the date of the claim, the present status of the claim, and any amounts received.

Response:

30. Without stating the substance of any attorney-client communication, identify each occasion on which proposed class counsel has communicated with the proposed representative plaintiffs regarding the subject matter of this suit, including the date of each communication and whether it was in writing, by phone, in person, by e-mail, or by other means.

Response:

31. State how you propose to ascertain the identities of the individuals and/or entities that make up the proposed class and subclasses, including the true owners of real property located within the proposed class area.

Response:

32. Identify every floodwall and levee breach that caused water to flow into the proposed class area of which plaintiffs and their representatives are aware.

Response:

33. Identify and describe any mathematical or formulaic calculations or models that you contend may be used to determine the cause(s) of alleged injuries to any proposed class member and/or to determine the type or amount of damages sustained by any class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

Response:

34. Identify and describe in detail the circumstances if any of the individual plaintiffs or proposed class representatives have ever been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.

Response:

35. Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

Response:

7

36.  If you claim damages to real property, identify the real property by address and location and identify all owners, lienholders, mortgagees and mortgagors, and all other persons with a legal interest in said property.

Response:

37.  If you claim damages for demolition, salvage or restoration of property, identify the person or persons who carried out the demolition, salvage or restoration, the dates on which it was carried out, and the describe what was done and the costs incurred.

Response:

38.  If you claim damages for lost income, describe the source and amount of income prior to the storm, the circumstances under which it was "lost," and all efforts to generate income or find work after the storm.

Response:

39.  Do you claim damages for personal injury other than emotional distress? If so, identify the injury, the date of its occurrence, and any medical providers who provided treatment. If not, state why you are not claiming damages for personal injury other than emotional distress.

Response:

40.  Do you claim damages in this case for emotional distress? If so, identify any medical, psychiatric, or other professional who provided treatment and the dates of treatment.

Response:

41.  If you claim damages for wrongful death, identify the decedent and circumstances of death, including the date, location, and cause of death.

Response

42.  State how and when you or your representatives or counsel learned about any settlement involving the Murph family, including the name of every person who provided any information about a settlement involving the Murph family and the date(s) on which such information was provided.

Response:

43.  Was any of the flooding attributable to the northern breach? If so, state what portion you contend is attributable compared to the southern breach, and describe the evidence supporting that contention.

Response:

44.  Was any of the flooding in the proposed class area attributable to other breaches or failures other than the northern and southern IHNC breaches? If so, state what portion you contend is attributable compared to the southern breach, and describe the evidence or reports or studies supporting that contention.

8

Response:

45. [On behalf of Zito entities only]: Please identify the full names, addresses, telephone numbers, job titles, and employers of any and all witnesses that purport to support the claim that a representative(s) of Lafarge North America Inc. called and left a voice mail message with Zito on the morning of August 27, 2005

Response

46. [On behalf of Zito entities only]: Please identify all facts, documents, evidence, and witnesses that you are aware of that purportedly support your contention that Zito had knowledge on August 27, 2005 that Barge ING 4727 had been offloaded and/or was ready for pick up from LaFarge North America, Inc.'s facility.

Response:

47. [On behalf of Zito entities only]: If you contend that Zito was in any way at fault for the breakaway of Barge ING 4727, identify all facts, documents, evidence, and witnesses (if any), that you are aware of that purportedly support this contention.

Response:

48. [On behalf of Zito entities only]: If you contend that Zito violated or failed to comply with any Coast Guard, industry, or other applicable rules, regulations, standards or duties that caused or contributed to the breakaway of Barge ING 4727, please identify the specific rules, regulations, standards, and/or duties, together with factual basis for the alleged violation/non-compliance.

Response:

49. [On behalf of Zito entities only]: If you disagree with Barry Boudreaux's testimony that had a telephone call been placed to Zito's 504-835-8531 phone number on August 27, 2005, the call would not go to an answering machine or a voice mail system, identify all facts, documents, evidence and witnesses (if any) that you are aware of that support your contention.

Response:

50. [On behalf of Zito entities only]: If you contend that Zito had the means to pickup Barge ING 4727 on August 27, 2005 after Edward Busch allegedly left a voice mail message with Zito that morning, identify the specific basis for this contention including all facts, documents, evidence and witnesses that you are aware of that purportedly support this contention.

Response

          Robert B. Fisher, Jr., T.A. (#5587)
          Derek A. Walker (#13175)

LIBW/1659165.5

Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

***Attorneys for Lafarge North America Inc.***

/s/ C. William Emory (by permission)
ANDRÉ J. MOULEDOUX (LA Bar #9778)
C. WILLIAM EMORY (LA Bar #20179)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile:  (504) 522-2121

Email: bemory@mblb.com
Attorneys for Zito Fleeting, L.L.C. and Zito Fleeting, Inc.

10

LIBW/1659165.5

11

## Certificate of Service

I do hereby certify that I have on this 12th day of October, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding via first-class mail, facsimile transmission, and/or electronic mail.

/s/ John D. Aldock