UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

### REQUESTS FOR PRODUCTION TO ALL PLAINTIFFS FROM LAFARGE NORTH AMERICA INC., ZITO FLEETING LLC AND ZITO FLEETING INC.

Pursuant to Fed. R. Civ. P. 34, Defendants Lafarge North America Inc. ("LNA"), Zito Fleeting LLC and Zito Fleeting, Inc. direct the following requests for production to the plaintiffs in the above-captioned matters, to be responded to individually by each plaintiff unless the response is the same for all plaintiffs. Response is due within thirty days of service.

**Instructions**

1. You are directed to produce all documents responsive to these Requests that are in your possession, custody, or control (including documents in the possession, custody, or control of your agents, representatives, or your attorneys). To the extent that multiple copies exist of a document, you are directed to produce all non-identical copies (whether different from the original by means of any notation made on the copies or otherwise).

2. Any objections to these Requests must be stated with specificity, in writing. If objection is made to producing part of a category of documents or part of a particular document,

you must specify that part and produce and permit inspection and copying with respect to the remainder.

3. If you withhold any document or portion of a document on the grounds that such document or portion of a document is privileged or protected from discovery, you must provide the information required by Federal Rule of Civil Procedure 26(b)(5)(A). If a document is privileged in part, you must produce the non-privileged portion of the document.

4. Documents must either be produced as they are kept in the usual course of business or organized and labeled so as to correspond with the categories in these Requests. If documents are produced as they are kept in the usual course of business, then all associated file labels, file headings, file folders, or similar identifying information must also be produced.

5. You are under a continuing duty to supplement and correct your responses and produce and permit inspection and copying of any additional documents responsive to these Requests to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

6. If, in responding to these Requests, the responding party encounters any ambiguities when construing a particular request or definition, it is requested that the responding party's counsel consult with the requesting party's counsel in a good faith effort to clarify any ambiguity. If any ambiguity remains, the responding party shall set forth in the response the matter deemed ambiguous and the construction used in responding.

7. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

8. Please produce responsive documents and things at the offices of Chaffe McCall, LLP, 2300 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70130-2300, within the time limits established by the Federal Rules of Civil Procedure and/or CMO #5.

**Definitions**

For the purpose of simplicity and clarity, LNA provides the following definitions:

"Any" means "any and all."

"Communication" means the transmission of information by any means.

"Document" includes all forms of documents or electronically stored information within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

"IHNC" means the Inner Harbor Navigation Canal.

"MRGO" means the Mississippi River – Gulf Outlet.

"Northern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Florida Avenue.

"Southern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Claiborne Avenue.

"Individual plaintiff" and "named plaintiff" mean each and every person who is identified by name as a plaintiff in the complaint(s) in the consolidated cases listed in the caption above (i.e., Boutte, Mumford, Lagarde, Perry, Benoit, Parfait Family), including amended complaint(s) and proposed amended complaint(s), and any person not so identified who is proposed to be a class representative in any of these cases.

"You" refers to the plaintiff(s) answering the requests for production.

## REQUESTS FOR PRODUCTION

1. Any writings and things of whatever kind and nature (including photos, videos, and DVDs) which contain information and/or opinions relative to the breakaway and/or movements of ING 4727 during the effects of Katrina, and/or which contain information and/or opinions relative to the causes and/or occurrence of the eastern Industrial Canal floodwall breach(es) between North Claiborne and Florida Avenues

2. Any simulations, replicas, models, model basin tests, videos, photos, or DVDs, mockups, and other study, investigation, or representation, forensic or otherwise, of any and all things, events and/or locations you contend are pertinent to this litigation and which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony

3. Any documents evidencing any bankruptcy filing, criminal conviction, or adjudication of breach of fiduciary duty involving any proposed class representative.

4. Any documents or data or information considered, consulted or relied upon by any expert retained or specially employed to provide expert testimony for the plaintiffs in this proceeding

5. Copies of any exhibits to be used as a summary of or support for the opinions of any expert retained or specially employed to provide expert testimony for the plaintiffs in this proceeding.

6. Any appurtenance, or fragment of an appurtenance, taken from the barge on or after August 29, 2005.

7. Any rope or other item or thing taken from the LNA dock on or after August 29, 2005.

8. Any documents that support or relate to your claim that the Barge ING 4727 caused the collapse of the IHNC retaining wall, including all documents that support your allegation that (a) the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII); (b) the barge "raced

      diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8); and (c) that the barge "was the sole cause of the eastern Industrial Canal breaches in the Lower Ninth Ward" (www.bargecase.com)

9. Any documents that evidence any statement or communication that each or any individual plaintiff made to any other person (other than the plaintiff's lawyer or his representatives) regarding the events of August 29, 2005, the causes of the IHNC retaining wall failure(s), or the subject matter of this suit.

10. Any documents that evidence the whereabouts of each individual plaintiff during and immediately after Hurricane Katrina.

11. Any documents that evidence any telephone calls made or received on August 29, 2005 to or from any location in the Lower Ninth Ward or St. Bernard Parish, including telephone bills covering the period including August 29, 2005.

12. Any clock or other timepiece that was in the Lower Ninth Ward on August 29, 2005 and that stopped during the flood.

13. Any fragment of the retaining wall, including cement or "rebar" or sheet piling, collected on or after August 29, 2005.

14. Any documents that evidence communications between any person and any local, state or federal agency regarding the Barge ING 4727, including but not limited to any incident report made or obtained by you or your representatives.

15. Any documents referencing or evidencing communications made on August 28, 29, or 30 between persons in the Lower Ninth Ward of New Orleans or St. Bernard Parish and any local, state or federal emergency response agency, including all records of 911 calls.

16. Any photographs, digital video discs, video tapes, aerial photography or recordings, or other visual or recorded evidence of the ING 4727, the floodwall breach, the LNA terminal, or damage to plaintiffs' home or property taken on or after August 29, 2005.

17. Any photos and other proof of damages and expenditures caused by flooding for which compensation is claimed in this case and provided by any person to proposed class counsel (see www.bargecase.com).

18. Any documents evidencing or containing narrative or eye witness accounts of events that took place in the Lower Ninth Ward or St. Bernard Parish on August 28 and August 29, 2005, including but not limited to any written statement, tape recording, or transcription or account that discusses or describes the barge and/or the flooding that took place.

19. Any documents evidencing any accounts or communications about a barge or other object knocking, scraping or engaged in other contact against the IHNC floodwall or levee.

4

20. Any articles, notices, advertisements, statements, newspapers, periodicals, magazines and other publicly communicated accounts in your possession, custody or control of the breakaway of the ING 4727 and/or the breach of the Industrial Canal floodwall

21. Any documents evidencing or relating to damage to real property that you claim to have suffered and for which you seek compensation in this litigation, including but not limited to ownership records, records regarding reconstruction or reconditioning, and any sale or transfer records.

22. Any documents relating to emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injury(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

23. Any documents relating to any personal injury other than emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injury(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

24. Any documents evidencing or relating to damage to personal property that you claim to have suffered and for which you seek compensation in this litigation, including evidence of title and value.

25. Any documents relating to businesses for which lost income is sought, including financial statements and documents reflecting income and expenses, both pre- and post-Katrina.

26. Any documents evidencing or relating to any claim that a named plaintiff is asserting for lost wage income or lost rental income, including wage or income records pre- and post-Katrina.

27. Any documents evidencing or relating to wrongful death claims that a named plaintiff is asserting, including evidence of the identity of the decedent and the date and circumstances of death.

28. Any documents relating to tests of the property of any plaintiff or proposed class member concerning the presence of pollutants on that person's property, pre- or post-Katrina.

29. Any SF-95 forms submitted by named plaintiffs or any members of the proposed plaintiff class seeking recompense for flood-related damage from August 29, 2005 to the present, to the extent that they are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

30. Any administrative claims relating to Hurricane Katrina that the named plaintiffs or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority) that are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

31. Any solicitations, advertisements, or public comments or communications made by Lawrence Wiedemann, Brian Gilbert, and/or Patrick Sanders regarding proposed legal representation of proposed class members, or the merits of the claims made in this case involving the ING 4727.

32. Any documents evidencing the terms of engagement between the proposed class representatives and class members and Brian Gilbert, Lawrence Wiedemann, and/or Patrick Sanders, including all documents evidencing retainer agreements in which any of these lawyers was retained to represent a claimant in "all matters pertaining to claims or lawsuits I have or may have against any … government entities" and all documents (if any) evidencing the client's consent to the withdrawal of such lawyers from representation in matters pertaining actual or potential claims against "government entities."

33. Any mathematical or formulaic calculations or models that refer or relate to determining the cause(s) of injury to any named plaintiff, any proposed class member, or any group of proposed class members.

34. Any mathematical or formulaic calculations or models that refer or relate to the calculation of damages for any named plaintiff, any proposed class member, or any group of proposed class members.

35. Any documents relating to real property for which damages are sought by the proposed representative plaintiffs, including but not limited to ownership records, documents evidencing liens, mortgages, or other similar interests in such property, and appraisals or evaluations of such property at any time.

36. Any documents evidencing or relating to insurance claims prepared or submitted by or on behalf of the named plaintiffs or members of the proposed class and seeking compensation for damages or injuries (personal or property) sustained between August 28, 2005 and September 25, 2005, that are in the possession, custody or control of the named plaintiffs or their attorneys.

37. All demonstrative evidence or exhibits that you may refer to at the class certification hearing.

38. Any and all records and/or documents which you believe support or corroborate your contention that Zito had knowledge during the period August 27, 2005 through August 29, 2005 that Barge ING 4727 had been offloaded and/or was ready for pickup from LaFarge North America, Inc.'s facility.

39. Any and all documents and/or records which you believe support or corroborate your allegations of fault, neglect, and/or liability on the part of Zito in this matter.

40. Any and all documents and/or records, including but not limited to, telephone records, telephone logs, telephone billing records, or any other material that shows that a representative(s) of LaFarge North America, Inc., called Zito on the morning of August 27, 2005.

41. If you contend that Zito violated or failed to comply with any Coast Guard, industry, or other applicable rules, regulations, standards or duties that caused or contributed to the breakaway of Barge ING 4727, produce any and all documents and/or records which you believe support or corroborate your contention

42. If you disagree with Barry Boudreaux's testimony that had a telephone call been placed to Zito's 504-835-8531 phone number on August 27, 2005, the call would not go to an answering machine or a voice mail system, produce any and all documents and/or records which you believe support or corroborate your contention.

43. If you contend that Zito had the means to pickup Barge ING 4727 on August 27, 2005 after Edward Busch allegedly left a voice mail message with Zito that morning, produce any and all documents and/or records which you believe support or corroborate your contention

 

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

/s/ C. William Emory (by permission)
ANDRÉ J. MOULEDOUX (LA Bar #9778)
C. WILLIAM EMORY (LA Bar #20179)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile:  (504) 522-2121

Email: bemory@mblb.com
*Attorneys for Zito Fleeting, L.L.C. and Zito Fleeting, Inc.*

### Certificate of Service

I do hereby certify that I have on this 12th day of October, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding via first-class mail, facsimile transmission, and/or electronic mail.

/s/ John D. Aldock