UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**SUPPLEMENTAL ANSWERS TO INTERROGATORIES
PROPOUNDED BY BARGE ENTITIES**

**NOW COME** plaintiffs, through the Barge Plaintiffs' Subgroup Litigation Committee, who supplement as follows their original Answers to Interrogatories Nos. 5, 11, and 14. Undersigned reserve the right to supplement, and will continue to do so as information is obtained.

<u>INTERROGATORY NO. 5:</u>

Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

<u>**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**</u>

Note: all persons c/o Barge PSLC are clients of Sanders, Wiedemann and Gilbert.

Plaintiffs may call:

Ethel Mae Coleman Mumford - *1423 Feliciana Street, New Orleans, Louisiana 70117,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Ms. Mumford is a self-employed house keeper.

Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing. Mr. Riche is the owner of the former business, Mr. Ribbon, a wedding supply retailer formerly in Chalmette, and is the owner of rental property.

Kismit Bourgere - *794 13th Street, Plano, Texas 75074*, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Ms. Bourgere was a financial officer at Harrah's before the storm. She is disabled and receives SSD or SSI due to her emotional problems.

Rico Terrence Sutton - 30600 Range Ave., Apt. 505, Denham Springs, LA 70726, c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing. Mr. Sutton was the self-employed owner of Big Shot Trucking, formerly at *2523 ½ Jourdan Avenue, New Orleans, Louisiana 70117*, which was also his residence. He now works at a Popeye's and lives in the Baton Rouge area.

Jimmie Harris - *790 Bateswood Drive, Apt. 24, Houston, Texas 77282* c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Jimmie Harris is a firefighter and member of the United States Army.

Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing. Mr. and Mrs. Glaser are the owners of a former jewelry retail business in Chalmette. Mr. Glaser is now a real estate agent on the Northshore.

Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing. Mr. and Mrs. Koch are the owners of several pieces of rental property.

Josephine Richardson - *9696 Hayne Boulevard, Apt. 13, New Orleans, Louisiana 70127,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within

class geography, destruction of property(ies) within class area, death of her husband, emotional damages due to all of the foregoing. Ms. Richardson is elderly and retired.

Terry Adams - 2165 Carol Sue, Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that ING 4727 caused southern breach and consequent flooding. Mr. Adams works for Matrana's Produce.

Christopher Weaver - 7500 Stonewood St New Orleans, LA 70128 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that ING 4727 caused southern breach and consequent flooding. Mr. Weaver is unemployed.

Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC- to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion." Mr. McGill works at the Doubletree and Chateau Sonesta hotels.

Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC- to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion." Mr. Simmons works at the Chateau Sonesta.

Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall. Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in

connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.  May be called also to corroborate storm accounts of Arthur Murph.

New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

Harry Holaday, 1100 Poydras St., NOLA - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or

maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

William Villavasso - c/o Charles M. Lanier, Jr., Christovich and Kearney - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) within class area. To testify that ING 4727 caused north breach and consequent flooding.

Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding.  Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road.  Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Her employment status is unknown at present.

Jim Reed, 4025 Kings Drive, Chalmette, La, to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.   Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house. Mr. Reed is a shop manager at Cadillac of Metairie.

Doris Knighten Shanks, 22720 Imperial Valley Drive, Apt. 1202, Houston, TX - c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

Carolyn Berryhill, Kendrick Pounds, D'Antoinette Johnson, to testify to facts expressed in the substance of their recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

Robert Green, 1826 Tennessee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, deaths of his family members, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

Annette Gaskin, Roland Johnson, to testify to facts expressed in the substance of their recent deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations.

Mecklenborg, Shah, Sehrt, Nobles, Feagley, Morton, Cook, Jarrell, Williams, Tassin, Holman, Vandermeulen, Busch, Smith, Thigpen, Grabert, McNeil, Boudreaux, Heck, Burnett - to prove facts contained in their deposition testimony and/or trial testimony in connection with Civil Action 05-4419.

Plaintiffs may also call Louis Robein to prove facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations.

Undetermined Lafarge employee(s) or representative(s) to prove facts relative to The American Club policy coverage provisions as same relate to ING 4727 and/or occurrences upon which the present suit is based.

Plaintiffs reiterate the remainder of their original Answer to Interrogatory No. 5, and reserve the right to supplement.

### INTERROGATORY NO. 11:

In Court Record Doc. 726 (at page 7, footnote 1), Group A represented to the Court that "pronouncements of experts" state "that the barge is what breached the floodwall." Similarly, on the website www.bargecase.com, Group A counsel have represented to the public that experts have formed the opinion that the barge "broke the floodwall" and that "scientific investigations...reveal that the Industrial Canal breach was caused by a barge adrift in the canal during Katrina, which slammed into the concrete floodwall, allowing the wall and levee to topple." Please identify every expert pronouncement that the barge is what breached the floodwall, every expert who has formed the opinion that the barge broke the floodwall, and every scientific investigation that reveals that the Industrial Canal breach was caused by a barge.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 11:**

Helmer, Pazos and Bartlett are plaintiffs' experts in this matter, and have thus far stated their opinions in conversation, and via reports that are not discoverable at this time, or not discoverable in accord with CMO 5 as they are preliminary, that the barge caused the IHNC floodwall to breach and flood the proposed class geography..

Plaintiffs possess, as does Lafarge, a video of Robert Bea stating that the barge caused the IHNC floodwall to breach, and that the protection system otherwise performed admirably. See http://webcast.berkeley.edu:8080/ramgen/events/publicaffairs/bea.rm.

The IPET contains a physics calculation addressing the plausibility of contact by ING 4727 as the cause of the IHNC breach(es). See IPET, March 10, 2006, and perform OCR search for the word, "barge."

R. Lee Wooten, expert retained by WGI, opines in his report and deposition that the barge

could have breached the IHNC floodwall, based upon William Villavasso's eyewitness account.

Plaintiffs reiterate the remainder of their original answer to Interrogatory No. 11, and reserve the right to supplement.

## INTERROGATORY NO. 12:

State the whereabouts/physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005. Provide street address(es) or other similar information.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:**

Doris Shanks was driving to Texas on August 28, 2005, arrived at the Sudio 6 Hotel in Houston on August 29, 2005, and remained there on August 30, 2005.

Plaintiffs reiterate the remainder of their original answer to Interrogatory No. 11, and reserve the right to supplement as additional information is gathered.

## INTERROGATORY NO. 13:

As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:**

Doris Shanks did not see the barge and/or breaches on August 29, 2005.

## INTERROGATORY NO. 14:

Plaintiffs' complaints in this case allege that the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII) and that it "raced diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8). Identify all witnesses, documents, and facts that support any of these allegations.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:

Plaintiffs represent that the barge's rate of travel (raced across) and direction of travel (diagonally) are subject of further investigation and discovery.

Plaintiffs reiterate the list of persons/sources of information contained in their original answer to Interrogatory No. 14, and additionally direct requestors to Supplemental Answer to Interrogatory No. 5 for addresses and anticipated substance of testimony.

Please also see Supplemental Answer to Interrogatory No. 11, above, relative to documents.

The Coast Guard document referenced in the original Answer to Interrogatory No. 14 is produced herewith.

Plaintiffs also add the following persons in answer to Interrogatory No. 14: Berryhill, D'Antoinette Johnson, Pounds, St. Cyr-Butler, Offray, and Sidney Williams, and refer to their testimony concerning their eye and ear witness observations as related by those already deposed, and as to St. Cyr-Butler, Offray and Williams, plaintiffs refer requestors to Supplemental Answer to Interrogatory No. 5, above. St. Cyr-Butler, Offray and Williams state that they heard an "explosion" coupled with onset of the floodwaters.

Facts supporting allegations that the barge crashed through the East IHNC floodwall taking out a large section of floodwall, and that it struck the East wall of the Industrial Canal causing it to fail:

1. are contained in testimony of those persons identified here who have already been deposed;

2. consist, in the aggregate, of eye and ear witness accounts whereby the barge caused the north breach, coupled with an "explosion" sound and sudden appearance of floodwater, and then caused the south breach, preceded by a scraping sound, and coupled with an explosion sound, and sudden appearance of floodwater;

3. are supported by eye and ear witness testimony already a matter of record;

4. include striations along the bottom of the barge corresponding to rebar contained

        in the East IHNC I-wall;

5.       include physical evidence relevant to the location, nature and apparent manner of the fractures of the concrete floodwall at the south breach - which indicate alision by ING 4727, the only loose barge in the section of the canal otherwise blocked by the surrounding drawbridges;

6.       include various hull breaches and dings observed on the barge itself;

7.       include videotaped pronouncement of Robert Bea referenced above;

8.       include the IPET calculation referenced above;

9.       include the fact that ING 4727 was the only barge found on the wrong side of the floodwall at the breaches alleged to have caused plaintiffs damages;

10.      include the fact that the floodwall remained intact in every location where the barge was not seen causing it to breach.

        Plaintiffs reiterate their original response and reserve the right to supplement.

**INTERROGATORY NO. 17:**

        Identify each person who called or who has been interviewed by Kendrick Harding or any other investigator or person working on the plaintiffs' behalf in connection with the barge breakaway and/or the breach(es) of the IHNC floodwall, including the person's name, address, and telephone number, and date of interview, whether a tape recording or other transcription was made, and whether documents exist memorializing the interview.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17:**

        Plaintiffs reiterate their original Answer to Interrogatory No. 17, and supplement as follows:

        Certain persons including McGill, Simmons, Offray, St. Cyr-Butler, Sidney Williams, Robert Green, Terry Adams and Christopher Weaver, all clients of the undersigned have claimed in attorney-client intake documents - which substitute for initial client interviews in this matter - or in verbal conversations with their undersigned attorneys and/or their staff, to have seen the barge breach the floodwall, and/or to have heard "explosions" or "booms" coupled with the sudden onset of flooding. The dates of such intake "interviews" in the form of attorney-client intake documents are presumed to coincide with dates on which these clients signed undersigned's retainer agreement, as set forth below:

        McGill - July 19, 2006;

Simmons - July 12, 2006;

Offray - May 16, 2006;

St. Cyr-Butler - August 2, 2007;

Sidney Williams - date unknown

Robert Green - April 3, 2006;

Terry Adams - May 24, 2006;

Christopher Weaver - May 27, 2006.

Adams and Weaver participated in additional interviews conducted personally by undersigned counsel, which were memorialized in written form by undersigned counsel on May 25, 2006 (Adams) and April 12, 2006 (Weaver). Robert Green, Ronald McGill and Wilson Simmons participated in additional interviews with undersigned which were not memorialized except through undersigned counsel's handwritten notes. The dates are unknown, as said interviews were not rigidly scheduled, but as to McGill and Simmons, occurred in 2006, and as to Green, occurred in 2007.

To the extent that interviews concerning floodwaters can be construed as interviews concerning the breach(es), plaintiffs submit:

The following clients of the undersigned were interviewed by undersigned and undersigned's staff on unknown dates in 2007, concerning floodwater source, direction and timing. The substance of the interviews were memorialized in internal written communications between undersigned, and between undersigned and their staff.

Kathy Dering 3705 Plaza Dr Chalmette, LA 70043;

Juliette Bordelon 1043 LeBeau Ave Arabi, LA 70032;

Calvin Kelone Jr 2105 Congressman Hebert Dr., Chalmette, LA;

James Ruiz 507 E. Second Street, Lockport, LA 70032

Sally Jones 645 Mehle St. Arabi, LA.

Maj. Pete Tufaro, St. Bernard Parish Sheriif's Office, was interviewed by the undersigned in late 2007 concerning his observations of floodwaters from the St. Bernard Parish Courthouse and nearby areas in St. Bernard.

Jim Reed was interviewed by the undersigned in late 2007 concerning his observations of

floodwaters from his residence at 4025 Kings Drive, Chalmette, LA.

Plaintiffs have yet to retain any professional or private investigator or other similar person or entity who has interviewed anyone or obtained statements relative to any breakaway and/or breach(es).

Undersigned as well as other attorneys representing named plaintiffs are in the process of interviewing named plaintiffs for the purpose of responding to Lafarge's discovery.

Plaintiffs reserve the right to supplement.

**INTERROGATORY NO. 18:**

For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish? If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:**

Doris Shanks did not make or receive any calls to or from a location in the Lower Ninth Ward or St. Bernard on August 29, 2005.

Plaintiffs reserve the right to supplement, and will continue to do so as information is obtained.

**INTERROGATORY NO. 26:**

For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 26:

Ethel Mae Coleman Mumford seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*


Michael Riche seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss and destruction of businesses and business assets;*
*Past and future lost profit;*
*Past and future lost income;*
*Past and future lost earning capacity;*
*Past and future lost business opportunity;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Rico Terrence Sutton seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*

*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss and destruction of businesses and business assets;*
*Past and future lost profit;*
*Past and future lost income;*
*Past and future lost earning capacity;*
*Past and future lost business opportunity;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Aida and Hermann Koch seek damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss and destruction of businesses and business assets;*
*Past and future lost profit;*
*Past and future lost income;*
*Past and future lost earning capacity;*
*Past and future lost business opportunity;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Josephine Long Richardson seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Wrongful death;*
*Past and future loss of love, affection, service, support, society and consortium;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss and destruction of businesses and business assets;*
*Past and future lost profit;*

*Past and future lost income;*
*Past and future lost earning capacity;*
*Past and future lost business opportunity;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Jimmie Donnel Harris seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Jacob "Bob" and Dianne Glaser seek damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of movables;*
*Past and future expenses for salvage of movable property;*
*Diminution of property values;*
*Past and future loss and destruction of businesses and business assets;*
*Past and future lost profit;*
*Past and future lost income;*
*Past and future lost earning capacity;*
*Past and future lost business opportunity;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Kismit Bourgere seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of movables;*
*Past and future expenses for salvage of movable property;*

*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Doris Shanks seeks damages for:

All tangible evidence of these losses currently in the above persons' or undersigned's possession, custody or control has been provided. As additional tangible evidence comes within the above persons' or undersigned's possession, custody or control, it will be provided by way of supplementation. Undersigned are currently engaged in the process of ascertaining whether additional tangible evidence exists, and obtaining same, for tender to opposing counsel at the earliest opportunity.

Undersigned will supplement as to named plaintiffs who have retained attorneys in this matter other than the undersigned, on or before February 15, 2008, as per agreement with opposing counsel, to the greatest extent possible at that time, and will continue to supplement should additional tangible evidence and information come within the possession, custody or control of undersigned, of named plaintiffs with other attorneys, and/or of said other attorneys.

Damages as to all named plaintiffs will be determined in accord with the plaintiffs' trial plan, based upon tangible evidence, and upon testimony of lay and expert witnesses.

### INTERROGATORY NO. 27:

Describe in detail how this case can be tried as a class action, including an identification of all issues that plaintiffs propose to try to a single jury and a description of how plaintiffs propose to try, on a classwide or individualized basis, causation and damages as to each category of harm for which damages are sought in the complaint.

### SUPPLEMENTAL (REITERATED) ANSWER TO INTERROGATORY NO. 27:

Plaintiffs reiterate their original response, and further, articulate the objection that the request is premature in that the Court has not yet ordered a trial plan. Further, plaintiffs clarify that if defendants wish to cooperatively propose possible stipulations and parameters, the plaintiffs committee counsel are willing to entertain such considerations and cooperation.

### INTERROGATORY NO. 29:

For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina? If so, state the date of the claim, the present status of the claim, and any amounts received.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:**

Doris Shanks made a claim for insurance through Louisiana Citizens from whom she received $11,000.00 but which is nonetheless in litigation, a Road Home/LRA claim of unknown amount, an SBA claim whereby she received $10,000.00, FEMA claims of August 30, 2005 and April 2006 whereby she received a total of $12, 000.00, a Red Cross claim in September 2005 which yielded $600.00, and also received Wal Mart and clothing vouchers.

**INTERROGATORY NO. 35:**

Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:**

Doris Shanks was involved in a personal injury suit in 1992 in New Orleans. She was represented by an attorney on Canal Street whose name she does not recall. Additional requested information is not recalled or known by Ms. Shanks, and is a matter of public record equally available to the requestor as to Ms. Shanks.

Doris Shanks has not been involved in any criminal proceeding resulting in a felony conviction.

**INTERROGATORY NO. 36:**

If you claim damages to real property, identify the real property by address and location and identify all owners, lienholders, mortgagees and mortgagors, and all other persons with a legal interest in said property.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 36:**

Doris Shanks owns 5500 Dauphine St., New Orleans, Louisiana 70117 in her maiden name, Doris Knighten. She granted a mortgage to her parents.

NOTE: The Plaintiffs' Subgroup Litigation Committee and individual counsel are involved in cooperative efforts to obtain requested information, which is being acquired and provided on a continuous supplementary basis, in accord with Lafarge's agreement to receive supplementation

on a rolling basis so long as defense counsel are provided sufficient information to "chew on" and so as to permit Lafarge to engage in meaningful discovery efforts. Plaintiffs will continue to uphold this agreement. Further, plaintiffs' committee will provide additional named plaintiff verifications on the most reasonable and timely basis possible, given that many, if not most, are still displaced and dependent upon mail for transmittal of verifications, and must locate notaries public in their current residential locations.

RESPECTFULLY SUBMITTED,

**WIEDEMANN & WIEDEMANN**

/s/ Lawrence D. Wiedemann
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

/s/ Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

/s/ Patrick J. Sanders

>PATRICK J. SANDERS
>Attorney at Law
>3316 Ridgelake Drive
>Metairie, Louisiana 70002
>Telephone: (504) 834-0646
>Attorney for Plaintiffs
>
>**BARGE PSLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 24 day of January, 2008.

>\s\Brian A. Gilbert
>BRIAN A. GILBERT