# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge* | 05-5531 | * |
| *Mumford v. Ingram* | 05-5724 | * |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * |
| *Parfait Family v. USA* | 07-3500 | * | MAG. |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## SECOND SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs supplement as follows their responses to Defendants, LNA and Zito entities', discovery, reiterating prior discovery responses, objections and reservations:

## GENERAL OBJECTIONS

A.    Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

B.    Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

1

C.      Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.      Plaintiffs object to the Interrogatories to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiffs object to the Interrogatories to the extent they are overly broad and unduly burdensome.

F.      Plaintiffs object to the Interrogatories to the extent that they exceed the scope of admissible discovery.

G.      Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous.

H.      Plaintiffs object to the Interrogatories as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.      Plaintiffs object to the Interrogatories that seek information readily available to Defendant in the public domain.

J.      These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.


**GENERAL RESPONSE AND RESERVATIONS**

2

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

Ethel Mae Coleman Mumford
Josephine Long Richardson
Jimmie Donnell Harris
Kismit Bourgere
Michael Joseph Riche
Jacob Robert "Bob" Glaser
Dianne Glaser
Herman Koch
Aida Koch
Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

Marie Short Benoit
Henry Adams
Gwendolyn Adams
John Alford
Jerry Alford
Michael Watts
Robert Green, Sr.
Jonathon Green
David Green, individually and as the representative of the Estate of Joyce
      H. Green
Everage Green, individually and as representative of the Estate of Shanai
      Green, as as the natural tutor of Shaniya Green and Shamiya Green
Hyman Sheppard
Earl Matthew Daniels, Sr.
Joyce B. Matthews
Mildred Delores Dean
Ethel Leon
Karen Leon
Joyce Daniels
Myrna Daniels, in her individual capacity and as natural tutrix of Keina
      Daniels
Tom Browder
Albertine Browder
Gaynell Browder
Blair Boutte
Doris Shanks

3

Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

## INTERROGATORY NO. 1:

Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:

Objection: attorney work product. Subject to and without waiver of any objections, and excluding the undersigned counsel:

Named plaintiffs in *Lagarde v. Lafarge*, No. 06-5342, consisting of:

Marenthia Lagarde
3721 Rue Nichole Dr.
New Orleans, LA 70131

Donald Pritchett, Jr
2136 N. Lobdell Blvd., Apt.

2300 Baton Rouge, LA 70806

Michael Lagarde
93 Main Street, Apt. 124
Brunswick, MN 04011

Named plaintiffs in *Benoit v. Lafarge* 06-7516:

Henry Adams
Gwendolyn Adams
2358 Marais St.
New Orleans, LA 70117

Earl Matthew Daniels Sr.
Joyce Daniels
1810 Lowerline St.
New Orleans, LA  70118

Mildred Delores Dean
1400 Florida Ave
Tylertown, MS  39667

Ethel Leon
Karen Leon
7036 Neptune
New Orleans, LA  70126

Named plaintiffs in *Boutte v. Lafarge* 05-5531:

Blair Boutte
5480 Wright Rd.
New Orleans, Louisiana 70128

Named plaintiffs in *Parfait Family v. USA*   07-3500:

Melba Gibson
1310 Reynes St.
New Orleans, LA 70117

Kevin McFarland
3150 Regent St.

Shreveport, LA 71109

**INTERROGATORY NO. 5:**

Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

**May call:**

_____Marenthia Lagarde - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing, observations during the storm, occurrence of ING 4727 striking her residence, damage to said residence, property loss and repair, nature, timing and source of flooding, nature and existence of any and all settlements or settlement negotiations with any defendants in this action, any and all communications with others with whom any defendant in this action has settled.

Michael Lagarde- to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing, observations during the storm, occurrence of ING 4727 striking the Lagarde residence, damage to said residence, property loss and repair, nature, timing and source of flooding, nature and existence of any and all settlements or settlement negotiations with any defendants in this action any and all communications with others with whom any defendant in this action has settled.

Donald Pritchett, Jr., Earl Matthew Daniels, Joyce B. Daniels, Mildred Delores Dean, Ethel Leon, Karen Leon, Henry Adams, Gwendolyn Adams - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Earl Matthew Daniels may testify additionally concerning business and business income losses.

Blair Boutte - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

6

Melba Gibson, to prove facts relative to the drowning death of her mother due to events subject of suit,  evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

Kevin McFarland, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

## INTERROGATORY NO. 12:

State the whereabouts/physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005.  Provide street address(es) or other similar information.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:

**Marenthia Lagarde:**

_____On August 28, 200, Plaintiff, Marenthia Lagarde, was located at her home, located at 1815 Jourdan Ave., New Orleans, LA Marenthia Lagarde traveled on the 28th to the Ramada Inn in Greenville, Mississippi and remained there through August 30, 2005

**Donald Pritchett, Jr:**

_____From August 28, 2005, through August 30, 2005,  Plaintiff, Donald Pritchett, Jr., was located at Jones Hall, room 602B at Southern University, Baton Rouge, LA 70813.
_____

**Michael Lagarde**

On August 28, 2005, Michael Lagarde was located at his home, located at  1815 Jourdan Ave., New Orleans, LA 70117.On August 29, 2005, Michael Lagarde was located at the Naval Air Station Joint Reserve Base in Fort Worth, TX, and then on August 30, 2005, Michael Lagarde was at the Naval Air Station Joint Reserve Base in Belle Chasse, LA.

**Earl Matthew Daniels, Joyce B. Daniels:**

The Daniels were in New Orleans at their home on the 28th. They left New Orleans on the 29th and ended up in an evacuation center in Natchez, LA run by the Red Cross that was located in a school. They don't recall the name.

**Mildred Delores Dean** was at the Fairmont Hotel in New Orleans on all pertinent dates.

 **Ethel Leon**

August 28, 2005 - 2311 Delonde, NOLA, until approximately 12:00 p.m.  Thereafter, from August 28 - 30, 2005 in Pensacola, FL at the La Quinta Inn.

**Karen Leon**

Same as Ethel Leon

**Henry Adams and Gwendolyn Adams** were at home in the Lower 9th Ward, 2414 Deslonde, until 2:00 p.m. on 8/29/05, after which time they were at the Hotel St. Marie,  827 Toulouse St., New Orleans, LA 70112.

**Blair Boutte** evacuated to Atlanta, where he remained throughout the pertinent time period.

**Melba Gibson** was at 1310 Reynes Street on August 28, Centerville, Mississippi on August 29, and at a Y.M.C.A. shelter in Baton Rouge on August 30, 2005.

**Kevin McFarland** was at home, 1626 Forstall Street, on August 28, at home and on the N. Claiborne Bridge on August 29, and on the N. Claiborne Bridge on August 30, 2005.

**INTERROGATORY NO. 13:**

As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

**ANSWER TO INTERROGATORY NO. 13:**

**Marenthia Lagarde:**

_____No.

8

**Donald Pritchett, Jr:**

_____No.

**Michael Lagarde:**

No.

**Earl Matthew Daniels:**

No.

**Joyce B. Daniels:**

No.

**Mildred Delores Dean:**

No.

 **Ethel Leon:**

No.

**Karen Leon:**

No.

**Henry Adams:**

No.

**Gwendolyn Adams:**

No.

**Blair Boutte:**

No.

**Melba Gibson:**

No.

**Kevin McFarland:**

Yes.

**INTERROGATORY NO. 14:**

Plaintiffs' complaints in this case allege that the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII) and that it "raced diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8).  Identify all witnesses, documents, and facts that support any of these allegations.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:**

_____To add:  Marenthia Lagarde, Michael Lagarde.  The barge landed on their house at 1815 Jourdan Avenue.  Ingram Barge Company demolished the house at the time the barge was removed.  They saw the large section from which the floodwall had been taken out.

Kevin McFarland heard the sound of the barge when it hit the floodwall.

**INTERROGATORY NO. 15:**

Identify each person who has told you, your counsel, or your representatives (including investigators employed by you or your counsel), that he or she saw or heard the barge and/or saw or heard the failure of the IHNC retaining wall on August 29, 2005 and state the substance of the communication.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 15:**

Michael Lagarde's former neighbor, Eddie Spiller, 1800 block of Deslonde, now deceased, told Michael Lagarde that he stayed during the storm, and that he saw the barge as it was coming from the canal to the street.   Please see .gif file provided herewith containing aerial photo of Spiller residence.

Kevin McFarland heard the impact of the barge into the floodwall.

**INTERROGATORY NO. 17:**

Identify each person who called or who has been interviewed by Kendrick Harding or any other investigator or person working on the plaintiffs' behalf in connection with the barge breakaway and/or the breach(es) of the IHNC floodwall, including the person's name, address, and telephone number, and date of interview, whether a tape recording or other transcription was made, and whether documents exist memorializing the interview.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17:**

Marenthia Lagarde, Michael Lagarde and Donald Pritchett were interviewed by their attorneys at Cochran Firm New Orleans, resulting in attorney notes, to which the attorney-client privilege applies, and plaintiffs hereby supply objection based thereon.

_____David Leefe, counsel for Ingram, approached and spoke with Marenthia Lagarde near her former residence during December 2005.

_____The *Benoit* plaintiffs identified herein were interviewed by their attorneys at Maples & Kirwan, resulting in attorney notes, to which the attorney-client privilege applies, and plaintiffs hereby supply objection based thereon.

_____Blair Boutte has been interviewed by undersigned counsel, and his former attorney, Robert Evans.

_____Melba Gibson and Kevin McFarland were interviewed by undersigned, and, presumably, by Ashton O'Dwyer.

**INTERROGATORY NO. 18:**

For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish?  If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:**

**Marenthia Lagarde:**

_____Plaintiff, Marenthia Lagarde, received several calls on August 29, 2005.  At present, she recalls only that from her cousin, Eldridge Nelson, at around 9:00 a.m., to discuss her evacuation.  His telephone number is 512-835-9059.

**Donald Pritchett, Jr.:**

_____Plaintiff, Donald Pritchett, Jr., did not make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish**._____**

**Michael Lagarde:**

_____Plaintiff, Michael Lagarde, did not make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish**._**

_____The **Benoit Plaintiffs** named above did not make or receive any calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish.

**Blair Boutte** did not make or receive any calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish.

**Melba Gibson** did not make or receive any calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish.

**Kevin McFarland** was able to make calls until his phone became wet in the flood water.

**INTERROGATORY NO. 26:**

For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 26:**

_____Marenthia Lagarde seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Michael Lagarde seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Mildred Delores Dean seeks damages for:

13

_____ *Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

_____ Earl M. and Joyce B. Daniels seek damages for:
_____

*Past and future mental pain, suffering and anguish;*

*Past and future mental health care expense;*

*Past and future loss and destruction of and damage to immovable and movable property;*

*Past and future loss of use of immovables and movables;*

*Past and future expenses for demolition and salvage of immovable and movable property;*

*Loss of business and business income;*

*Diminution of property values;*

*Past and future loss of enjoyment of lifestyle;*

*Inconvenience;*

*Any and all others proven.*

Ethel Leon and Karen Leon seek damages for:

*Past and future mental pain, suffering and anguish;*

*Past and future mental health care expense;*

*Past and future loss and destruction of and damage to immovable and movable property;*

*Past and future loss of use of immovables and movables;*

*Past and future expenses for demolition and salvage of immovable and movable property;*

*Diminution of property values;*

*Past and future loss of enjoyment of lifestyle;*

*Inconvenience;*

*Any and all others proven.*

Gwendolyn V. and Henry Adams seek damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Blair Boutte seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Loss of business and business income;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

Melba Gibson seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Wrongful death of mother, Marion Green;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Loss of business and business income;*

*Diminution of property values;*

*Past and future loss of enjoyment of lifestyle;*

*Inconvenience;*

*Any and all others proven.*

Kevin McFarland seeks damages for:

*Past and future mental pain, suffering and anguish;*

*Past and future mental health care expense;*

*Past and future loss and destruction of and damage to movable property;*

*Past and future loss of use of immovables and movables;*

*Past and future expenses for demolition and salvage of immovable and movable property;*

*Diminution of property values;*

*Past and future loss of enjoyment of lifestyle;*

*Inconvenience;*

*Any and all others proven.*


## INTERROGATORY NO. 29:

For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina?  If so, state the date of the claim, the present status of the claim, and any amounts received.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:

_____**Marenthia Lagarde**, applied for Road Home benefits in approximately August of 2006. The claim is ongoing.  She has received nothing as of this date.

_____Plaintiff, Marenthia Lagarde, submitted a claim for homeowners insurance on the following properties:

1815 Jourdan Ave.

New Orleans, LA 70117.

She has received $15,396.88. The claim on the home is still ongoing.

_____She also received a $100.00 debit card from the Salvation Army, and $345.00 in food stamps.

_____**Donald Pritchett, Jr.**, did not submit any claim for homeowners insurance and/or government benefits related to Hurricane Katrina**.**

**Michael Lagarde** did not submit any claim for homeowners insurance and/or government benefits related to Hurricane Katrina.  Michael Lagarde received $1200.00 from the Red Cross in September 2005.

**Earl Matthew Daniels and Joyce B. Daniels** received $32,000.00 in flood insurance proceeds, $60, 800 from the Road Home, did not apply to the SBA, received $2200.00 in FEMA assistance, $600.00 from the Red Cross, $320.00 of food stamps.

**Karen Leon and Ethel Leon** received $45,000.00 from home owners' insurance, $37,000.00 from flood insurance, $67,000.00 from the Road Home, did not submit an SBA claim, received rental assistance from FEMA, and $360.00 from the Red Cross.

**Henry and Gwendolyn Adams** received homeowners insurance proceeds, flood insurance proceeds, were denied funding by the SBA, and received rental assistance from FEMA. Will supplement.

**Mildred Dean** is awaiting a Road Home decision, was denied by the SBA, received $4300.00 in FEMA assistance, $700.00 from the Red Cross, and a mattress and electric stove from the Salvation Army.

_____**Blair Boutte** did not submit or receive any of the described claims or benefits.

_____**Melba Gibson** received $10,500.00 from FEMA beginning in 2005, and $1500.00 from the Red Cross in 2005.



**_____Mr. McFarland** is unsure whether an insurance claim was made on his residence owned by Charles Ulmer.  He received about $250.00 from the Red Cross, and has submitted a Road Home claim.  He has submitted a Form 95.

## INTERROGATORY NO. 35:

Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:

Plaintiff, **Marenthia Lagarde**, was divorced in Chancery Court, Jefferson County, Mississippi, No. 5743, on 10/21/75.

Plaintiff, **Donald Pritchett, Jr.**, has not been a party to a civil proceeding or a criminal proceeding.

Plaintiff, **Michael Lagarde** was party to a divorce action in Civil District Court for the Parish of Orleans, Suit No. 2004-2316.

Plaintiff **Mildred Dean** was a plaintiff in a motor vehicle accident suit in the 1980's which settled before trial.

Plaintiff **Earl Daniels** was a claimant against State Farm arising out of a motor vehicle accident approximately eight years ago.  He does not know whether suit was filed.  He has not been convicted of any felonies within the last ten years.

Plaintiff **Henry Adams** was a tank car claimant.  He petitioned for bankruptcy in 1989.

Plaintiff **Blair Boutte** has not been convicted of any felonies within ten years.   He was party to motor vehicle accident litigation in the 1990's in Orleans Parish.  He was party to student loan litigation in the 1990's in Orleans Parish.

_____**Melba Gibson** has not been party to a civil or criminal proceeding, other than a divorce.

_____**Kevin McFarland** has not been a party to a civil proceeding or a criminal proceeding.

## INTERROGATORY NO. 36:

If you claim damages to real property, identify the real property by address and location and identify all owners, lienholders, mortgagees and mortgagors, and all other persons with a legal interest in said property.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 36:

**Marenthia Lagarde:**
    1815 and 1827-29 Jourdan Ave.
    New Orleans, LA 70117
    Marenthia Lagarde is sole owner.  No lienholders or mortgages.
    1815 demolished by Ingram.

**Michael Lagarde:**
    6112 Royal Street
    New Orleans, LA
    Mortgage through OMNI Bank.
    No co-owners.

**Henry and Gwendolyn Adams:**
    2411 Deslonde Street
    Owners: Gwendolyn and Henry Adams
    Mortgage through Citi Financial
    Demolished by City of New Orleans.

**Earl M. and Joyce B. Daniels**
    2333 Deslonde Street
    Owners: Earl M. and Joyce B. Daniels
    Sold to Road Home.

**Ethel and Karen Leon**

2311 Deslonde St.
Owners: Ethel Leon, Karen Leon, Donna McCray, Kim Price and Donald Leon, Jr.
No liens or mortgages.
Demolished by City of New Orleans.

**Mildred Dean**

2302 Tennessee Street
Owners: Marion and Mildred Dean
Lien/Mortgage through American General Finance

**Blair Boutte**

Apartment complex at 6022 Derbigny Street, NOLA 70117.
Owned by Reed Real Estate.
Lien/Mortgage: Liberty Bank

**Melba Gibson**

1310 Reynes Street - residence
Owner: Melba Gibson
Lien/Mortgage: CitiCorp

1308 Reynes Street - rental
Owner: Melba Gibson
Lien/Mortgage: Citi Corp

**INTERROGATORY NO. 38:**

If you claim damages for lost income, describe the source and amount of income prior to the storm, the circumstances under which it was "lost," and all efforts to generate income or find work after the storm.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 38:**

Earl Matthew Daniels owned and operated a lawn care business, Earl's Lawn Care, from his home. His equipment, estimated value $10,000.00, was destroyed by the events subject of suit. He has been unable to replace his equipment, and is now retired.

Blair Boutte d/b/a Reed Real Estate is owner of an apartment complex at 6022 Derbigny Street in the Lower Ninth Ward. It was purchased and nearing completion of renovations at the

time of the events subject of suit.  Projected income was approximately $19, 200.00 per month.
The property was rendered uninhabitable by the events subject of suit.  Blair Boutte is financially
unable to make repairs, and is attempting to resolve outstanding issues with his lender, Liberty
Bank, concerning the current status of the property.  Please see documents submitted with
supplemental production to be tendered February 15, 2008.

Melba Gibson owns rental property, 1308 Reynes, which prior to the events subject of
suit yielded $23,000.00 annually.  She has not been able to restore or repair this property due to
her financial losses caused by the events subject of suit.

**INTERROGATORY NO. 40:**

Do you claim damages in this case for emotional distress?  If so, identify any medical,
psychiatric, or other professional who provided treatment and the dates of treatment.

**ANSWER TO INTERROGATORY NO. 40:**

All plaintiffs are claiming damages for emotional distress.

**Kismit Bourgere** submits in Supplemental Responses to Requests for Production Social
Security records containing information responsive to this Interrogatory.

**Marenthia Lagarde** has undergone treatment for physical symptoms of emotional
distress at a temporary clinic in the Red Cross Shelter in Greenville, Mississippi, and is receiving
ongoing treatment from Dr. E. LaBranch in New Orleans, Louisiana.

NOTE: The Plaintiffs' Subgroup Litigation Committee and individual counsel are involved in
cooperative efforts to obtain requested information, which is being acquired and provided on a
continuous supplementary basis, in accord with Lafarge's agreement to receive supplementation
on a rolling basis so long as defense counsel are provided sufficient information to "chew on"
and so as to permit Lafarge to engage in meaningful discovery efforts.  Plaintiffs will continue to
uphold this agreement.  Further, plaintiffs' committee will provide additional named plaintiff
verifications on the most reasonable and timely basis possible, given that many, if not most, are
still displaced and dependent upon mail for transmittal of verifications, and must locate notaries
public in their current residential locations.

Plaintiffs again reserve the right to supplement as information and documents become available, and reiterate all objections, responses, statements and disclosures made in prior discovery responses, to the extent not inconsistent with those contained in ongoing supplementation.

Respectfully submitted,

WIEDEMANN & WIEDEMANN

\s\Lawrence D. Wiedemann
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

LAW OFFICE OF BRIAN A. GILBERT

s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs
Barge Plaintiffs' Liaison

\s\Patrick J. Sanders
PATRICK J. SANDERS (18741)
Attorney at Law
3123 Ridgelake Drive, Suite B
Metairie, Louisiana 70002
Telephone: (504) 834-0646

22

Attorney for Plaintiffs

\S\Richard T. Seymour
**RICHARD T. SEYMOUR (D.C. Bar #28100)**
The Law Office of Richard T. Seymour, PLLC
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C.   20036-4129

\S\ Alan L. Fuchsberg
**ALAN L. FUCHSBERG (N.Y.S.B.A. #1755966)**
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
New York, NY   10110

\S\ Leslie D. Kelmachter
**LESLIE D. KELMACHTER (N.Y.S.B.A. #1795723**
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
New York, NY   10110

\S\ Lawrence A. Wilson
**LAWRENCE A. WILSON (N.Y.S.B.A. #2487908)**
Wilson, Grochow, Druker & Nolet
233 Broadway, 5th Floor
New York, NY  10279

\S\ David Druker
**DAVID DRUCKER (N.Y.S.B.A. #1981562)**
Wilson, Grochow, Druker & Nolet
233 Broadway, 5th Floor
New York, NY  10279

**CERTIFICATE OF SERVICE**

23

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 15 day of February, 2008.

\s\Brian A. Gilbert