UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT NEWMAN., ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-8772 c/w 05-4182 "K" (2)** |
| | * | |
| **ALLSTATE** | * | **JUDGE DUVAL** |
| **INSURANCE COMPANY** | * | **MAG. WILKINSON** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**I.   BACKGROUND**

Like so many others in the New Orleans metropolitan area, Plaintiff suffered property damage as a result of Hurricane Katrina.

On August 30, 2007, Plaintiffs filed suit in the Civil District Court of the Parish of Orleans against their insurer, Allstate, for its failure to pay the claim.

On November 13, 2007, Allstate removed this case, alleging that this Honorable Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**II.   STANDARD OF LAW**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. §1447(c). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res*., 99 F.3d 746, 751 (5th Cir. 1996).  The removal statute must be strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); *see also Sea Robin Pipeline Co. v. New Medico*

*Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995). Doubts concerning removal must be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### III. STIPULATION AS TO DAMAGES

In an effort to clarify the issue of the amount in controversy in this case, Plaintiffs stipulated in their petition to affirmatively and knowingly renounce and waive entitlement to the right to accept or enforce a judgment in excess of $75,000. (See Exhibit A). Specifically, paragraph X(a) of Plaintiff's Petition for Damages states that:

> **PETITIONERS STIPULATE THAT ALL CAUSES OF ACTION HEREIN DO NOT EXCEED $75,000, EXCLUSIVE OF COSTS AND INTEREST, AND PETITIONERS WAIVE THEIR RIGHT TO COLLECT ANY AMOUNT IN EXCESS OF $75,000, EXCLUSIVE OF COSTS AND INTEREST, FROM ANY JUDGMENT ISSUED HEREIN**. (Bold and capitals are original)

Such a stipulation is sufficient to clarify the issue of the amount in controversy and facilitate remand. *Hatcher v. Colonial Penn Life Ins. Co.,* 2006 WL 197031, at *2 (E.D. la. Jan. 24, 2006) (Fallon, J.)

### IV. CONCLUSION

Given the stipulation in Plaintiff's petition, it is clear that this Honorable Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As such, Plaintiff requests that this Honorable Court remand this case back to state court.

Respectfully submitted,

s/ Soren Gisleson
**SOREN E. GISLESON, ESQ.**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113-1116
Telephone: (504) 581-4892
Fax: (504) 561-6024

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/ Soren Gisleson
**SOREN E. GISLESON, ESQ.**