UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES ) <br> CONSOLIDATED LITIGATION ) <br> ) <br> ) <br> ) <br> PERTAINS TO: LEVEE ) <br> (*La. Envtl. Action Network, 06-9147*) ) <br> ) | CIVIL ACTION <br> NO. 05-4182 "K" (2) <br> JUDGE DUVAL <br> MAG. WILKINSON |

**DEFENDANT UNITED STATES' REPLY IN SUPPORT OF
MOTION TO DISMISS LEAN's FIRST AMENDED COMPLAINT**

**INTRODUCTION**

In its amended complaint, LEAN is essentially alleging the same action against Defendant United States Army Corps of Engineers ("the Corps") under the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), that has already been dismissed by this Court based on Flood Control Act immunity. LEAN concedes its amended complaint is still premised on the Section 6972(a)(1)(B) citizen suit provision. *See* Opposition Brief at 3 and 11. LEAN, however, argues that the amended complaint can survive a motion to dismiss inasmuch as LEAN is now recharacterizing its Section 6972(a)(1)(B) cause of action as a cause of action being brought under Section 6961. *See* Opp. at 13. LEAN's belief that simply recharacterizing its claim as a cause of action under Section 6961 is sufficient to avoid dismissal is mistaken.

Put most simply, LEAN cannot recharacterize the same claim as a cause of action under Section 6961, because no cause of action exists under Section 6961. To be sure, Section 6961 contains a waiver of sovereign immunity, but there is a distinction between a waiver of sovereign immunity and a cause of action. Section 6961 contains the former, but not the latter.

LEAN discusses the scope of the waiver of sovereign immunity in Section 6961. *See* Opp. at 2, 5-7. But this discussion misses the point. The scope of the waiver of sovereign immunity in Section 6961 and its lack of applicability to claims under section 6972(a)(1)(B) was addressed when the United States moved to dismiss LEAN's initial complaint. With the Court having already resolved the issue of whether the waiver of immunity in Section 6961 can be transferred to a claim under Section 6972(a)(1)(B), the scope of the waiver in Section 6961 is no longer at issue. *See In re Katrina Canal Breaches Consol. Litig*, No. 05-4182, 2007 WL 3270768, at \*\* 9-11 (E.D. La. Nov. 2, 2007). At issue in the instant motion to dismiss is whether Section 6961 contains any alternative cause of action. It does not.[1]

There is no express or implied cause of action in Section 6961. Indeed, LEAN barely makes any effort in its brief to try to argue that there is. For example, LEAN fails to address at all in its brief the two most relevant Supreme Court cases on implied causes of action: the Supreme Court's decisions in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), and *Middlesex County Sewarage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 14-15 (1981). *See* United States' Opening Mem. at 10-12. In *Gonzaga University,* the Supreme Court made clear that where a statutory provision by its terms grants no private rights to any identifiable class, the provision definitively does not create any implied cause of action. 536 U.S. at 283-84. Here, Section 6961 does not by its terms grant private rights to any identifiable class. In *Middlesex County*, the Supreme Court made clear that where an express remedy for violation of statutory

---

[1] In dismissing LEAN's original complaint, the Court granted LEAN permission to replead its claim"*only if* . . . LEAN can assert a *bonafide* claim under § 6961," 2007 WL 3270768, at \* 11 (emphasis added). Thus, contrary to LEAN's suggestion (*see* Opp. at 4), this Court did not find in dismissing LEAN's original Complaint that any bona fide cause of action under Section 6961 exists.

2

requirements already exists in a statute, another provision of the statute should not be read to create any implied cause of action. 453 U.S. at 14-15. Here, Section 6972(a)(1)(A) provides a cause of action for a violation of RCRA requirements.

Furthermore, LEAN does not identify a single instance in which a federal court has ever recognized a cause of action under Section 6961. LEAN contends that there exists one instance in which a court recognized a cause of action under Section 6961. *See* Opp. at 2 (citing Ninth Circuit's decision in *Parola v. Weinberger*, 848 F.2d 956 (9th Cir. 1988)). LEAN is mistaken. The *Parola* case cited by LEAN involved a cause of action brought under the judicial review provision of the Administrative Procedure Act ("APA").

Although LEAN largely ignores the threshold question of whether Section 6961 contains any cause of action, LEAN does address at greater length (*see* Opp. at 3, 7-11) the United States' alternative and secondary argument – the United States' point that *if* Section 6961 contained some implied cause of action (and it does *not*), then LEAN would have still not stated a claim upon which relief may be granted. *See* Opening Mem. at 12-14. As discussed in the United States' opening brief and further below, LEAN's amended complaint fails to identify any statutory "requirement" that has been violated by the Corps within the meaning of Section 6961. LEAN's opposition misconstrues the meaning of the word "requirement" as it appears in Section 6961. In any event, the Court need not even reach this issue, inasmuch as Section 6961 does not contain any cause of action in the first place.

Accordingly, the United States' motion to dismiss should be granted.

# DISCUSSION

## I. SECTION 6961 DOES NOT CONTAIN ANY CAUSE OF ACTION

LEAN does not dispute that in addition to identifying a waiver of the government's sovereign immunity, a plaintiff must also have a cause of action – a "source of substantive law . . . [that] provides an avenue for relief." *FDIC v. Meyer*, 510 U.S. 471, 484 (1994). *See generally* Opening Mem. at 9. A cause of action is "analytically distinct" from a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. at 484.

Section 6961 contains a waiver of sovereign immunity with respect to certain requirements relating to waste management. It does not, however, either expressly or impliedly create any cause of action. *See* Opening Mem. at 9-12. As noted in the United States' opening brief (*see* Opening Mem. at 11), no cause of action in Section 6961 can be implied under the standards set forth by the Supreme Court in *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002). In *Gonzaga*, the Supreme Court clarified that "where a statute by its terms grants no private rights to any identifiable class," the "question [of] whether Congress . . . intended to create a private right of action [is] answered definitively in the negative." To confer a private right, language must be phrased with "unmistakable focus on the benefited class." *Id*. at 284 (citations and internal quotation marks omitted). Section 6961 does not contain any such language that unmistakably focuses on a benefitted class.

Moreover, the Supreme Court has held that Congress' inclusion of an express citizen suit provision like that in RCRA generally bars implication of other remedies. *See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 14-15 (1981) (addressing analogous citizen suit provision in Federal Water Pollution Control Act). Here, subsection (a)(1)(A) of the citizen suit provision, 42 U.S.C. § 6972(a)(1)(A), provides an express remedy

4

for non-federal parties to enforce requirements of RCRA.  Therefore, no cause of action to enforce statutory requirements should be implied in other provisions of RCRA, including Section 6961.

Indeed, if Section 6961 were to be construed as creating an implied cause of action for violation of any "requirement" of RCRA, this would effectively nullify mandatory pre-suit notice requirements for RCRA citizen suit actions against federal defendants.  *See* 42 U.S.C. § 6972(b); *Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989) (holding that where party suing under citizen suit provision of RCRA fails to meet the notice and 60–day delay requirements of section 6972(b), district court must dismiss the action as barred by the terms of the statute). That is, if Section 6961 were construed as containing an implied cause of action, then any cause of action that can be brought under Section 6972(a)(1)(A) against a federal defendant could alternatively be brought under Section 6961.  Thus, plaintiffs could easily bypass and evade mandatory pre-suit notice requirements for citizen suit actions against federal defendants by simply recharacterizing Section 6972(a)(1)(A) citizen suits as actions brought under Section 6961.

The Ninth Circuit in *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004-05 (9th Cir. 1998), a case that LEAN cites to (*see* Opp. at 7), recognized the importance of construing RCRA so as not to nullify pre-suit notice requirements.  In *Cohen*, the Ninth Circuit found that Congress had precluded an action under the APA for challenges that could be brought under the RCRA citizen suit provision, explaining that otherwise, plaintiffs could circumvent the notice requirement of the citizen suit provision by resorting to the APA.  Likewise here, LEAN advocates a construction of Section 6961 would enable persons to circumvent the notice requirements of the Section 6972 citizen suit provision.

Furthermore, LEAN fails in its opposition to identify a single case in which a court has ever recognized a cause of action under Section 6961. LEAN's characterization (*see* Opp. at 2, 6) of the Ninth Circuit's decision in *Parola v. Weinberger*, 848 F.2d 956 (9th Cir. 1988), as recognizing a cause of action under Section 6961 is wrong. In *Parola*, the owner of an exclusive garbage collection franchise under a city ordnance sought declaratory and injunctive relief against the award of two government contracts to other parties. In doing so, the owner pursued a cause of action arising under the judicial review provision of the Administrative Procedure Act ("APA"). *See* 848 F.2d at 958, 959 (noting that Parola's standing to sue is "based on his alleged injury from a government contract award and on the judicial review provisions of the APA").[2]

The Ninth Circuit likewise did not recognize a cause of action under Section 6961 in its subsequent decision in *Cohen*. 156 F.3d at 1004. In *Cohen*, similar to *Parola*, a contractor brought an APA claim challenging the federal government's award of a garbage collection contract to a competitor. The Ninth Circuit reached a different result than in *Parola*, and held that the plaintiff did not have standing to bring the APA claim, in view of the fact that the plaintiff already had an adequate remedy under the RCRA citizen suit provision, 42 U.S.C. § 6972(a)(1)(A).[3]

---

[2] Section 6961 was relevant in *Parola* because it provided the waiver of sovereign immunity that required federal defendants to comply with the city ordnance establishing an exclusive garbage collection franchise, but plaintiff's relevant cause of action was one under the judicial review provision of the APA.

[3] Nor did courts recognize any cause of action under Section 6961 in other cases cited by LEAN in its brief. In *Blue Legs v. U.S. Bureau of Indian Affairs*, 867 F.2d 1094 (8th Cir. 1989), tribal members brought an action against federal agencies under RCRA citizen suit provision, 42 U.S.C. § 6972(a)(1)(A). Likewise, *Sierra Club v. Dep't of Energy*, 770 F. Supp. 578 (D. Col. 1991) was a citizen's enforcement action brought under the RCRA citizen suit provision.

LEAN again discusses, as it did in briefing the United States' motion to dismiss its original complaint, the extent to which Section 6961 waives sovereign immunity. *See* Opp. at 5-7. However, LEAN's discussion of the scope of the waiver is badly misplaced in the context of the instant motion, inasmuch as the extent to which Section 6961 waives sovereign immunity has no bearing on whether Section 6961 itself contains a cause of action. This Court has already considered and rejected LEAN's argument that the waiver in Section 6961 can be applied to the cause of action under Section 6972(a)(1)(B) that was set forth in LEAN's initial complaint.

In short, LEAN fails to appreciate the significance of the distinction between a wavier of sovereign immunity and a cause of action, and fails to demonstrate the existence of any cause of action under Section 6961. Because LEAN cannot pursue a cause of action that does not exist, LEAN's amended complaint must be dismissed.

## II.   LEAN HAS NOT ALLEGED THE VIOLATION OF ANY "REQUIREMENT" WITHIN THE MEANING OF SECTION 6961

Much of LEAN's opposition (*see* Opp. at 7-13) addresses the United States' secondary, and alternative, argument – the United States' point that *if* Section 6961 contained some implied cause of action (and for the reasons discussed above, it does not), then LEAN still has not stated a claim upon which relief may be granted, because LEAN has failed to identify any "requirement" within the meaning of Section 6961 that has been allegedly violated by the Corps.

The cause of action for abatement of a hazard set forth in Section 6972(a)(1)(B) does not create any "requirement" within the meaning of the Section 6961 sovereign immunity waiver provision. The term "requirements" as it appears in Section 6961 means "substantive environmental standards" and "the procedural means by which those standards are implemented: including permit requirements, reporting and monitoring duties, and submission

7

to . . . inspections," as well as administrative and judicial orders. *Parola v. Weinberger*, 848 F.2d at 961; 42 U.S.C. § 6961(a).

LEAN argues that the citizen suit cause of action at Section 6972(a)(1)(B) is a "requirement" within the meaning of Section 6961 because (1) the citizen suit cause of action at Section 6972(a)(1)(B) contains a provision for injunctive relief, and (2) the term "requirements" in Section 6961 includes "provisions for injunctive relief." *See* Opp. at 7. LEAN fails to recognize that for a particular injunctive relief provision to fall within the Section 6961 definition of "requirements," there must still be some nexus between that particular provision for injunctive relief and some applicable "requirement." The term "requirements" does not encompass injunctive relief provisions entirely disconnected from any applicable requirement. Endangerment suits pursuant to Section 6972(a)(1)(B) do not seek to ensure compliance with any applicable requirement within the meaning of Section 6961.

Indeed, in *Florida Department of Environmental. Regulation v. Silvex Corp.,* 606 F. Supp. 159, 163 (M.D. Fla. 1985), the court squarely rejected LEAN's position that a claim seeking injunctive relief to abate an imminent hazard seeks to enforce any "requirement" within the meaning of the Section 6961 sovereign immunity waiver.[4/] In *Silvex*, Plaintiff State of Florida brought suit against the Navy and sought, among other things, to hold the Navy liable for injunctive relief under state law based on the alleged negligent release of hazardous waste materials generated at a naval air station. 606 F. Supp. at 161. The applicable state law, Fla Stat. § 403.726, provided Florida with ability to pursue relief nearly identical to the authority

---

[4/] Although RCRA was amended subsequent to the *Silvex* decision by the Federal Facilities Compliance Act of 1992, the "injunctive relief" language in 42 U.S.C. § 6961 that is relied upon by LEAN as the basis for suit here was present in the statute prior to the 1992 Amendments and was considered by the court in *Silvex*. *See* 606 F. Supp. at 162.

8

provided by Section 6972(a)(1)(B).  Specifically, Fla. Stat. § 403.726 provided Florida with authority to "take any action necessary pursuant to . . . [Fla. Stat. §] 403.131 to abate or substantially reduce any imminent hazard caused by a hazardous substance."  Fla. Stat. § 403.131 in turn provided Florida with authority to bring a civil action to "seek injunctive relief."  Thus, Florida advanced a claim that was functionally identical to the claim asserted here.  Like LEAN, Florida was seeking to abate an alleged imminent hazard, and like LEAN, Florida's cause of action was premised on a "provision for injunctive relief."  The court in *Silvex*, however, held that Florida was *not* seeking to enforce any "requirement" within the meaning of the Section 6961 sovereign immunity waiver provision and granted the Navy's motion to dismiss.  *See* 606 F. Supp. at 161-64.[5/]

Finally, LEAN's discussion of EPA's Section 6973 authority and comparison of this authority to citizen suit actions under Section 6972(a)(1)(B) is premised on a mischaracterization of the United States' position.  *See* Opp. at 11-12.  Contrary to LEAN's implication, the United States agrees that federal agencies are generally subject to suit under section 6972(a)(1)(B).  However, as the United States addressed in previous briefing, there is a separate express waiver of sovereign immunity within section 6972(a)(1)(B) itself that makes federal agencies subject to section 6972(a)(1)(B).  As the Court has already held, the waiver in Section 6961 cannot be transferred to a claim under Section 6972(a)(1)(B).  LEAN's initial complaint raising a claim under section 6972(a)(1)(B) was dismissed because the separate section 6972(a)(1)(B) waiver did not expressly supercede Flood Control Act immunity.  *See*

---

[5/] LEAN's reliance on *United States v. New Mexico*, 32 F.3d 494, 498 (10th Cir. 1994) (*see* Opp. at 10), is misplaced.  *New Mexico* involved a suit for enforcement of permit conditions, which generally do comprise substantive environmental standards or "requirements" within the meaning of Section 6961.

United States Mem. in Supp. of Mot. to Dismiss LEAN's Compl. for Lack of Subject Matter Jurisdiction (Docket No. 10312-2) at 13-21; *In re Katrina Canal Breaches Consol. Litig.,* 2007 WL 3270768, at ** 2-8.

Finally, LEAN, in its motion for consideration of supplemental authority, cites to *Holy Cross Neighborhood Ass'n v. Corps*, No. 03-370, 2003 WL 22533671 (E.D. La. Nov. 3, 2003). LEAN's citation to this case is misplaced inasmuch as *Holy Cross* did not recognize or purport to address a cause of action under Section 6961, as alleged in the instant amended complaint. Moreover, to the extent that *Holy Cross* addressed a Section 6972(a)(1)(B) cause of action such as the one LEAN alleged in its dismissed initial complaint, *Holy Cross* is distinguishable. In *Holy Cross* the United States did not raise, and the Court did not address, the application of Flood Control Act immunity to claims brought under Section 6972(a)(1)(B).

In short, Section 6961 does not contains any implied cause of action, but even assuming, solely for the sake of argument, that it contained one, LEAN has not alleged the violation of any "requirement" within the meaning of Section 6961.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the United States' opening brief, the United States' Motion to Dismiss LEAN's First Amended Complaint should be granted.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General


s/ Eric G. Hostetler
ERIC G. HOSTETLER
Trial Attorney
Environmental Defense Section
Environment & Natural Resources
    Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 305-2326
(202) 514-8865(Fax)

Attorneys for the United States Army Corps
    of Engineers

## CERTIFICATE OF SERVICE

      I, Eric G. Hostetler, hereby certify that on March 24, 2008, I served a copy of the foregoing Reply in Support of Motion Dismiss LEAN's First Amended Complaint on counsel electronically by using the CM/ECF system.


                                      s/ Eric G. Hostetler
                                      Eric G. Hostetler