UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELVIRA GRAY | * | CIVIL ACTION |
| VERSUS | * | NO:   07-3701 |
| SECURITY PLAN FIRE INSURANCE COMPANY | * | SECTION: "B" (3) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SECURITY PLAN FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Security Plan Fire Insurance Company ("Security Plan"), submits the following memorandum in support of its Motion for Partial Summary Judgment.

**I.   INTRODUCTION**

On August 24, 2006, Mary and Oscar Williams and Elvira Gray filed suit in Civil District Court for the Parish of Orleans naming Security Plan as a defendant. See *Petition for Damages*, attached herein as Exhibit "A." The case was removed to this Court, and the Court ordered that the claims be severed into individual suits, each addressing distinct properties. On July 12, 2007, Elvira Gray, plaintiff ("Gray"), filed her First Supplemental and Amending Complaint to recover for the damage to her property located at 2809 North Tonti Street, New Orleans, Louisiana. See *First Supplemental and Amending Complaint*, attached herein as Exhibit "B."

At the time of Gray's alleged loss, she had Contents Insurance with Extended Coverage issued by Security Plan, policy number 004251941 with a policy limit of $10,000.00 for her

property located at 2809 North Tonti Street, New Orleans, Louisiana. See Security Plan Insurance Policy, attached herein as Exhibit "C;" See also Affidavit of Jamie Louque, attached herein as Exhibit "D." On December 15, 2005, Gray signed a Security Plan Proof of Loss and submitted a list of her alleged damaged contents. See Exhibit "D." Terry Williams, an adjuster for Security Plan, examined Gray's property located at 2809 North Tonti Street, New Orleans, Louisiana on December 15, 2005 and determined that the damage to Gray's property was caused by rising water and/or flood. See Exhibit "D." On January 18, 2006, Security Plan sent a letter to Gray declining coverage, because the loss was not due to a peril covered by her policy. Id.

Gray alleges that her personal property located at 2809 Tonti Street, New Orleans, Louisiana was damaged as a result of Hurricane Katrina, and that the damages were caused by wind, wind driven rain, and/or flooding. See Exhibits "A" and "B." The policy issued to Gray by Security Plan is a "named peril" policy. Under Louisiana law, "named peril" policies insure only against specifically enumerated perils unlike "all risk policies" which insure against all fortuitous losses not specifically excluded. See Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910, 912 n.2 (5th Cir. 1985) (explaining "all risk" coverage). The policy issued to Gray provides coverage for eight enumerated perils, and it specifically excludes coverage for loss caused by "tidal wave, high water, high water or overflow, whether driven by wind or not." See Exhibit "C." Any damage to Gray's property that was caused by flooding is not covered by Gray's Security policy, because flooding is not an enumerated peril. Thus, Security properly declined Gray's claim for coverage for damage caused by flooding under the policy at issue.

2

Gray also claims that she is entitled to reimbursement for the full value of her property under Louisiana's Valued Policy Law, LSA-R.S. 22:695, 697. See Exhibits "A" and "B." Louisiana's Valued Policy Law does not apply for several reasons. See LSA-R.S. 22:667 and 22:695. First, Security Plan does not place a valuation upon the covered property for purposes of determining the premium charge to be made under the policy. Second, LSA-R.S. 22:667 does not apply to insurance on a group of items insured as contents insurance on household items. Finally, the valued policy statutes do not apply when the loss of the property was caused by a non-covered peril. See Chauvin v. State Farm Fire and Cas. Co., 495 F.3d 232 (5th Cir. 2007).

Gray claims that she is entitled to recovery pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220 for Security Plan's failure to cover the loss to her personal property. Because Security Plan properly denied coverage to Gray for damages caused by flooding, Gray is not entitled to penalties pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220. For these reasons and for the reasons more fully set forth below, summary judgment should be granted dismissing Gray's claims for damage caused by flooding or rising water as a matter of law.

## II. LAW AND ARGUMENT

### A. Summary Judgment Standard.

A party against whom a claim is asserted may, at any time, move with or without supporting affidavits for a partial summary judgment in the party's favor as to all or any part thereof. Fed. R. Civ. P. 56 (b). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Only factual disputes

that might affect the action's outcome under governing law can properly preclude summary judgment. Disputes over facts which have no effect on the action's resolution are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Substantive law identifies the facts that are material. Zachary v. Dow Corning Corporation, 884 F. Supp. 1061, 1064 (M.D.La. 1995).

    **B.    The Claim For Damage From Flooding Should Be Dismissed As Flooding Is Not A Listed Peril.**

The policy that Gray purchased from Security Plan provides coverage on a "named peril" basis. Coverage provided on a named peril basis insures only against specifically enumerated perils, in contrast to coverage provided on an open peril (sometimes called "all risk") basis, which typically insures against all fortuitous losses not specifically excluded. See Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910, 912 n.2 (5th Cir. 1985) (explaining "all risk" coverage); Walker v. Travelers Indem. Co., 289 So. 2d 864, 868 (La. App. 4 Cir. 1974) (explaining "all risk" coverage); West Virginia Fire & Cas. Co. v. Mathews, 543 S.E.2d 664, 670 (W. Va. 2000) ("Unlike an 'all-risk' policy that includes all risks that are not specifically excluded in the terms of the contract, a 'named perils' policy excludes 'all risks not specifically included in the contract.'"); See also Judge Duval's Order and Reasons dated 9/30/07, In Re Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182, pertains to: C.A. No. 06-11385.

It is well-established that, under a named peril policy, the insured bears the burden of alleging and proving that the damage for which the insured seeks to recover was caused by one or more of the covered perils. Opera Boats, Inc. v. La Reunion Francaise, 893 F.2d 103, 105 (5th Cir. 1990) ("When insurance is provided by a named-perils clause, the initial burden is on

the insured to prove that loss occurred by the named peril."); Gulf Ventures III, Inc. v. Glacier General Assurance Co., 584 F. Supp. 882, 886 (E.D. La. 1984) (Beer, J.) ("Under a specific perils insurance policy the burden of proving a loss by a peril insured against is on the insured."); St. Amant v. American Home Assurance Co., 158 So. 2d 871, 875 (La. App. 1 Cir. 1963) (stating that, under named peril policy, burden was on insured to prove that loss was caused by an insured peril).

In Three Star Transp., Inc. v. Cont'l Ins. Co., 729 F. Supp. 501 (S.D. Miss. 1989), for example, a cargo insurance policy insured against loss caused by certain enumerated perils. The court held that the damage to the cargo was not caused by one of the listed perils and, accordingly, granted summary judgment in favor of the insurer. Id. at 502-03. The court explained that "[c]learly, the policy is not an 'all risk' policy designed to cover practically all losses but is instead a 'limited risk' policy insuring only against those specifically denominated perils." Id. at 502.

Judge Duval in the In Re Katrina Canal Breaches Consolidated Litigation, granted Standard Fire Insurance Company's Motion to Dismiss. See Judge Duval's Order and Reasons dated 9/30/07, C.A. No. 05-4182, pertains to: C.A. No. 06-11385. Standard Fire Insurance Company ("Standard Fire") filed a Motion to Dismiss the plaintiff's claims for flood damage, because the policy issued by Standard Fire to the plaintiff was a named peril policy and damage for flood or for third-party negligence that results in flood is not a named peril in the policy. Id. Judge Duval explained,

> The insuring language states specifically
>
> '[w]e insure for direct physical loss to the property described in Covered C caused by a peril listed below unless the loss is excluded in SECTION I-EXCLUSIONS.'

5

> Thus, only perils named are covered.  Plaintiff relies on the 'wind hail coverage' which unequivocally states:
>
> 2. Windstorm or hail.
> This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force or wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet sand or dust enters through the opening. . .
>
> Nothing in this language could possibly create coverage for water damage caused by a levee breach.  Even rain water damage is excluded unless the 'direct force of wind' causes damage to the insured building causing an opening in roof or wall.  This description bears no resemblance to water damage caused by a levee breach inundating a home.
>
> Id.

Similarly in this case, Gray's policy clearly provides "named peril" coverage for personal property.  The policy provides coverage for direct loss by "FIRE, LIGHTNING . . . WINDSTORM, HAIL, EXPLOSION, RIOT, RIOT ATTENDING A STRIKE, CIVIL COMMOTION, AIRCRAFT, VEHICLES AND SMOKE." The policy further provides that

> [t]his Company shall not be liable for loss caused directly or indirectly by (a) frost or cold weather or (b) snow storm, tidal wave, high water or overflow, whether driven by wind or not.  This Company shall not be liable for loss to the interior of the building or the insured property therein caused, (a) by rain, snow, sand or dust, whether driven by wind or not, unless the building insured or containing the property insured shall first sustain an actual loss to roof or walls by the direct force of wind or hail and then shall be liable for loss to the interior of the building or the insured property therein as may be caused by rain, snow, sand or dust entering the building through openings in the roof or walls made by direct action of wind or hail.

See Exhibit "C."

Gray claims that the damage to her property was caused by wind and wind-driven rain. See Exhibit "B" ¶¶3 and 6. The adjuster who investigated Gray's claim found that the damage

6

was exclusively caused by flood water and/or rising water. See Affidavit of Jamie Louque, attached herein as Exhibit "D."

Gray also alleges that the damage to her property was caused by "flooding and water entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees and/or levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees and levee walls." See Exhibit "B", ¶4. Gray further alleges that the "breaking or failure of the levee systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy." See Exhibit "B," ¶5. As quoted above, the policy specifically excludes coverage for flood and/or rising water. See Exhibit "C." The Complaint simply fails to allege that the damage from flooding to Gray's property was caused by any of the enumerated perils. Accordingly, Gray is not owed coverage under the policy at issue for damages for flooding, and Security Plan's motion should be granted.

### C.   Louisiana's Valued Policy Law Do Not Apply To Gray's Claims.

Gray claims that she is entitled to recover the full face value stated in her homeowner's policy for dwelling and other structures without deduction or offset, pursuant to LSA-R.S. 22:695 and 22:667. See Exhibits "A" and "B." The policy limit of Gray's policy was $10,000.00. LSA-R.S. 22:695 states in pertinent part,

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset. . .

7

West 2008. Security Plan, however, does not place a valuation on Gray's contents to determine the premium charge to be made under the policy. See Exhibit "D." The policy limit on Gray's insurance policy is $10,000.00 for contents. See Exhibit "D." The policy limits had nothing to do with the premium for the policy. See Exhibit "D." In addition, the quote for the premium for the policy had nothing to do with the value of Gray's contents. In fact, the policy limit of Gray's policy was $10,000.00, which was not based on the actual value of Gray's contents. As a result, LSA-R.S. 22:695 is not applicable to Gray's claims.

> According to LSA-R.S. 22:667,
>
> In any case in which a policy includes coverage for loss of or damage to personal property of the insured, from whatever cause, if the insurer places a valuation upon the specific item of covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, the insurer shall compute any covered loss of or damage to such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of prominent size, the actual method of such loss computation by the insurer.

West 2008. The statute, however, does not apply to "[i]nsurance on a group of items insured as contents insurance on household items." West 2008. Gray's Security Plan policy was a Contents Insurance with Extended Coverage policy, and she is seeking to recover for alleged damage to her household contents. See Exhibit "D." Clearly, LSA-R.S. 22:667 does not apply to Gray's claim.

If this Court rejects the above arguments and finds that Louisiana's Valued Policy Law does apply, then the statutes have been found inapplicable if the property is rendered a loss from a non-covered peril. Chauvin v. State Farm Casualty Co., 495 F.3d 232, 239 (5th Cir. 2007). In Chauvin, the plaintiffs' homes were damaged from Hurricanes Katrina and Rita. Id. at 235. The

plaintiffs filed suit when their insurer refused to reimburse them for the full value of their homes as stated in their policies. Id. The defendant insurer filed a Motion to Dismiss on the basis that Louisiana's Valued Policy Law does not apply, because the loss did not result from a covered peril. Id. The district court agreed with the insurer, and the plaintiffs appealed. Id. at 237. The Fifth Circuit agreed with the district court and explained

> [i]f the VPL [valued policy law] has the meaning plaintiffs ascribe to it, an insured holding a valued homeowner's policy that covered wind damage but specifically excluded flood losses could recover the full value of his policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. The insurer would thus have to compensate the covered loss of a few shingles at the value of the entire house. In effect, the insurer would be required to pay for damage not covered by the policy and for which it did not charge a premium. Such a result would be well outside the boundaries of any party's reasonable expectation of the operation of an insurance contract.

Id. at 240.

In fact, no Louisiana court has ever held the Valued Policy Law to apply to a situation where a covered peril was not, at the very least, the proximate cause of the building becoming an actual or constructive total loss. In Hart v. North British & Mercantile Ins. Co., 182 La. 551 (La. 1935), the Louisiana Supreme Court held that an insurer had to pay the full amount of the policy after the covered property had been condemned by the municipal authorities in the wake of the devastating fire. The Court held that the property had been rendered a "constructive total loss" by the loss by the fire, and that the Valued Policy Law therefore applied. See also Ochipiniti, et al v. Boston Ins.. Co. , 72 So.2d 326 (La. Ct. App. Orleans 1954) (insurer liable for null amount of the policy under Valued Policy Law when the property rendered a "construed total loss" by fire). In Hart, the covered peril, fire destroyed 75% of the property, rendering the remaining 25% "so damaged as to become useless."

In this case, Gray claims that her property was damaged as a result of wind, wind driven rain, and/or flooding. <u>See</u> Exhibits "A" and "B." According to Security's adjuster, the damage was the result of flood and/or rising water. <u>See</u> Exhibit "D." As discussed in detail above, flood and/or rising water is not a covered peril under Gray's insurance policy. Because the alleged loss of Gray's property was caused by a non-covered peril, Louisiana's Valued Policy Law is not applicable to Gray's claims, and Gray is not entitled to recover the full value of her property.

### D.  Gray Is Not Entitled To Penalties Pursuant To LSA-R.S. 22:658 And/Or LSA-R.S. 22:1220.

Gray also seeks to recover penalties under LSA-R.S. 22:658 and 22:1220. <u>See</u> Exhibits "A" and "B." It is well-established, however, that without a valid underlying claim for breach of the insurance policy, there can be no recovery under Sections 22:658 and 22:1220. <u>Phillips v. Patterson Ins. Co.</u>, 813 So. 2d 1191, 1195 (La. App. 3 Cir. 2002) (affirming dismissal of claims under LSA-R.S. 22:658 and 22:1220 for failure to state a cause of action where plaintiff had "no viable underlying claim" for insurance coverage); <u>Clausen v. Fidelity & Deposit Co.</u>, 660 So. 2d 83, 85 (La. App. 1 Cir. 1995) (holding that, in order to bring a claim under LSA-R.S. 22:658 or 22:1220, the plaintiff "must first have a valid, underlying, substantive claim upon which insurance coverage is based"); <u>Hardy v. Hartford Ins. Co.</u>, 236 F.3d 287, 293 (5th Cir. 2001) (affirming dismissal of bad faith claims, holding that insurer could not be liable under LSA-R.S. 22:658 and 22:1220 where it had no duty to provide coverage); <u>Edwards v. Allstate Prop. & Cas. Co.</u>, 2005 WL 221558, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (holding that "because [the insured] has no underlying breach of contract on her insurance policy, she has no claim for penalties under LSA-R.S. 22:1220 and 22:658").

As discussed above, Gray has no viable claim for insurance coverage for damage caused by flooding. The alleged damage to Gray's property was the result of flood and/or rising water, which is not a covered peril under Gray's policy. See Exhibits "C" and "D." Security Plan properly denied coverage to Gray, and Gray is not entitled to penalties under LSA-R.S. 22:658 and 22:1220.

### III. CONCLUSION

Gray alleges that she is entitled to reimbursement for damage to her household contents as a result of Hurricane Katrina. The damage to Gray's property was a result of flood and/or rising water. Gray's Contents Insurance with Extended Coverage is a named peril policy, and flood and/or rising water is not a named peril. In fact, damage caused by flood and/or rising water is specifically excluded. Thus, Gray is not owed coverage for damage caused by flooding under her Security Plan policy.

Gray seeks the recovery of the full value of her contents pursuant to Louisiana's Value Policy Law. Louisiana's Value Policy Law is not applicable to Gray's claims for the following reasons: (1) Security does not determine the amount of coverage based on the value of the property, and it does not place a valuation upon the covered property for purposes of determining the premium charge to be made under the policy; (2) LSA-R.S. 22:667 does not apply to insurance on a group of items insured as contents insurance on household items; and (3) the valued policy statutes do not apply when the total loss of the property was caused by a non-covered peril.

Gray has also made a claim for recovery under LSA-R.S. 22:658 and LSA-R.S. 22:1220. Gray was not entitled to reimbursement for her property damage under her Security Plan policy. Accordingly, Gray has no claim for penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220.

For these reasons and for the reasons more fully set forth above, there is no genuine issue of material fact that the policy of insurance issued to Elvira Gray, does not cover the damages caused by flooding and/or rising water. As a result, Elvira Gray is not entitled to the recovery of damages for flooding and/or rising water in this suit as a matter of law. Therefore, partial summary judgment in favor of Security Plan should be granted.

Respectfully submitted,

HUVAL VEAZEY FELDER AERTKER
& RENEGAR, L.L.C.

/s/ Thomas H. Huval
**THOMAS H. HUVAL (#21725)**
Stephen C. Aertker, Jr. (#24929)
Stefini W. Salles (#25857)
Christian A. Shofstahl (#27080)
532 East Boston Street
Covington, Louisiana 70433
Telephone: (985) 809-3800
Facsimile: (985) 809-3801
**Counsel for Defendant,**
**Security Plan Fire Insurance Company**

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the court's electronic service, via facsimile, and/or by depositing a copy of same in the U.S. Mail, properly addressed, with sufficient postage affixed thereto. Covington, Louisiana this 30th day of January, 2008.

/s/ Thomas H. Huval
**THOMAS H. HUVAL**