CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

NO. 06-8328

DIVISION "H"

CIVIL DISTRICT COURT

MARY AND OSCAR WILLIAMS AND
ELVIRA GRAY

VERSUS

SECURITY PLAN FIRE INSURANCE COMPANY

FILED:_____    _____

DEPUTY CLERK

PETITION

NOW INTO COURT, through undersigned counsel, come Mary and Oscar Williams,

et al, all persons of the full age of majority and citizens of the State of Louisiana, who

respectfully represent as follows:

I.

Made defendant herein is SECURITY PLAN FIRE INSURANCE COMPANY

(hereinafter sometimes referred to as "insurer"), a foreign insurer domiciled in the State of

Louisiana and licensed to do and doing business in the State of Louisiana at all material times

herein.

II.

At all times relevant herein, defendant had in full force and effect homeowners or other

fire policies of insurance (hereinafter sometimes referred to as "homeowners") in favor of each of

the plaintiffs listed hereinafter, which provided coverage for claims of the nature asserted herein

by each of the plaintiffs. In particular, insurer agreed to pay for damages or losses to plaintiffs'

dwellings, personal property/contents, other structures, for additional living expenses and/or for

all other relief provided by the policy as a result of Hurricane Katrina pursuant to the terms of

their policies and subject to applicable law.

III.

Plaintiffs herein are or were domiciliaries of Orleans Parish, State of Louisiana, who, at

all material times herein, including on August 29, 2005, owned immovable property and all

improvements and contents thereon located in Orleans Parish, which was insured by defendant.

Furthermore, said plaintiffs sustained damages or losses in Louisiana to their dwellings, personal

-1-



property/contents, other structures, for additional living expenses and/or for all other relief

provided by the policy; confected their homeowners contracts with insurer in Louisiana; and seek

damages pursuant to Louisiana's laws including, but not limited to, La. R.S. 22:695(A),

Louisiana's "Valued Policy Law" ("VPL"), which provides:

> Under any fire insurance policy insuring inanimate, immovable property in this
> state, if the insurer places a valuation upon the covered property and uses such
> valuation for purposes of determining the premium charge to be made under the
> policy, in the case of total loss the insurer shall compute and indemnify or
> compensate any covered loss of, or damage to, such property which occurs during
> the term of the policy at such valuation without deduction or offset, unless a
> different method is to be used in the computation of loss, in which latter case, the
> policy, and any application therefor, shall set forth in type of equal size, the actual
> method of such loss computation by the insurer. Coverage may be voided under
> said contract in the event of criminal fault on the part of the insured or the assigns
> of the insured.

### IV.

Additionally, as a result of the hurricane-force winds of Katrina (the efficient proximate

cause), each of the plaintiffs listed herein sustained a total loss to their immovable property,

contents and all improvements thereon such that the value of the losses exceeded the policy

limits of the coverages.  Therefore, each plaintiff is entitled to the policy limits with regard to all

coverages, including but not limited to, dwelling, personal property/contents, other structures, for

additional living expenses and/or for all other relief provided by the policy.

### V.

Made plaintiffs herein are the following persons who are all of the full age of majority,

who, at all material times hereto, including on August 29, 2005, owned immovable property and

all improvements thereon insured by defendant at their respective following addresses:

Elvira Gray, 1624 & 1626 Arts Street, New Orleans, LA 70117;

Elvira Gray, 2809 Tonti Street, New Orleans, LA 70117;

Mary E. & Oscar Williams, 3717 Baudin Street, New Orleans, LA 70119.

### VI.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a

category 4 hurricane bearing sustained winds of 140 miles per hour.

-2-

VII.

The insured immovable property and all improvements thereon owned by each of the plaintiffs listed in paragraph V each sustained a covered loss or damage under the policy issued by insurer.

VIII.

As a result of Hurricane Katrina, plaintiffs sustained substantial damage to their respective, immovable property rendering them "total losses".

IX.

Insurer placed valuations upon each of the respective, insured immovable properties owned by each plaintiff.

X.

Insurer used each such valuation for the purpose of determining the premium charges to be made under each policy insuring each plaintiff's immovable property.

XI.

Each homeowner's or other fire insurance policy, and any application therefor, issued by insurer to each plaintiff herein, did not set forth in type of equal size a different method of loss computation in the event of total loss as permitted by La. R.S. 22:695(A).

XII.

Accordingly, each plaintiff is entitled to recover the full face value stated in each of their respective homeowner's or other fire insurance policies insuring their covered immovable property and other structures, without deduction or offset, pursuant to La. R.S. 22:695(A).

XIII.

In the alternative, if the court finds that La. R.S. 22:695(A) does not apply to one or more of the respective, immovable dwellings and other structures owned by the respective plaintiffs herein, then each of these plaintiffs avers that insurer failed to properly adjust and/or appraise each of their respective dwellings and other structures damaged as a result of Hurricane Katrina and that additional money is owed to each of these plaintiffs for the damages to the dwelling and other structures pursuant to each plaintiff's homeowner's policy.

XIV.

Additionally, plaintiffs dispute that insurer has fully compensated each of them for their contents coverage pursuant to their homeowner's coverage and claim that additional money is owed to each of them for their personal property/contents damaged or destroyed by Hurricane Katrina.

XV.

Additionally, plaintiffs dispute that insurer has fully compensated each of them under their additional living expenses coverage and claim that each of them is owed additional living expenses.

XVI.

Additionally, plaintiffs dispute that insurer has fully compensated each of them for all other relief provided by their policies and claim that each of them is owed all other relief provided by each of their policies.

XVII.

Upon information and belief, and out of an abundance of caution, plaintiffs further allege that insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses to each of their respective dwellings, other structures, personal property/contents, and/or for additional living expenses, and/or for all other relief provided by the policy and/or in paying an appropriate amount of such damage(s) after satisfactory proof of loss.  More specifically, for example, insurer undervalued the cost of sheet rock, roofing materials, gutters and/or other materials related to each plaintiff's wind damage including, but not limited to, undervaluing the cost of labor, contractors' profit and/or overhead costs.  Additionally, it has been more than 60 days (or at least 30 days) since satisfactory proofs of loss were submitted and more than 60 days (or at least 30 days) since an inspection was made or should have been made.  Accordingly, in that event, each plaintiff is entitled to recover from insurer under La. R.S. 22:1220 and/or La. R.S. 22:658 damages, penalties, attorney fees, costs and/or any other relief set forth therein.

XVIII.

Additionally, plaintiffs allege that the efficient proximate cause of the damages and losses to each of their respective dwellings, other structures, personal property/contents, additional living expenses and/or all other relief provided by the policy, were the severe winds of Hurricane

-4-

Katrina and that the anti-concurrent cause clause provision used by insurer to deny the numerous claims of the plaintiffs is in violation of the efficient proximate cause rule and is vague and ambiguous, rendering insurer liable to each plaintiff for the damages and losses to each of their respective dwellings, other structures, personal property/contents, for additional living expenses, and/or for all other relief provided by the insurer's policy.

WHEREFORE, the petitioners pray:

That defendant insurer be served with a copy of this petition and be cited to appear and answer same; that, after appropriate legal delays, there be judgment in favor of each plaintiff and against defendant for the full face value stated in each of their respective homeowners or other fire insurance policies, without deduction or offset; that, in the alternative, there be judgment in favor of each plaintiff and against insurer for just and reasonable damages provided under the homeowners or other fire insurance policies for additional damages to each plaintiff's dwelling, other structures, personal property/contents, for additional living expenses and/or for all other relief provided by the policy; that plaintiffs recover all relief provided for under La. R.S. 22:1220 and/or La. R.S. 22:658 ; that plaintiffs recover interest from the date of judicial demand; that plaintiffs recover all costs of these proceedings; for trial by jury;  and for all general and equitable relief.

Respectfully submitted,

PATRICK G. KEHOE, JR., APLC

Patrick G. Kehoe, Jr. / 14419
833 Baronne Street
New Orleans, LA 70113
Telephone: 504-588-1110
Facsimile: 504-588-1954

ALLAN BERGER & ASSOCIATES, APLC
Allan Berger - 2977
4173 Canal Street
New Orleans, LA 70119
Telephone: 504-486-9481
Facsimile: 504-483-8130

CONNICK AND CONNICK, LLC
William P. Connick - 14158
2551 Metairie Road
Metairie, LA 70005
Telephone: 504-838-8777
Facsimile: 504-838-9903

**FEINGERTS & KELLY, PLC**
Bruce L. Feingerts – 5499
365 Canal Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-568-1515
Facsimile: 504-568-1521

**MICHAEL HINGLE & ASSOCIATES, LLC**
Michael Hingle – 6943
Paul Hesse – 22796
220 Gause Boulevard
Slidell, LA 70458
Telephone: 985-641-6800
Facsimile: 985-646-1471

**LESTELLE & LESTELLE, APLC**
Terrence J. Lestelle – 08540
Andrea S. Lestelle – 08539
Jeffery B. Struckhoff – 30173
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: 504-828-1224
Facsimile: 504-828-1229

**ROBICHAUX LAW FIRM**
J. Van Robichaux, Jr. – 11338
71234 Hendry Ave.
Covington, LA 70433
Telephone: 985-809-0620
Facsimile: 504-282-6298

**UNGAR & BYRNE, APLC**
Randy J. Ungar – 12387
365 Canal Street, Suite 2520
New Orleans, LA 70130
Telephone: 504-566-1616
Facsimile: 504-566-1652

**ROY F. AMEDEE, Jr.**
Roy F. Amedee, Jr. – 2449
228 St. Charles Avenue, Suite 801
New Orleans, La. 70130
Telephone: 504-592-3222
Facsimile: 504-592-8783

PLEASE SERVE:
SECURITY PLAN FIRE INSURANCE COMPANY
Through their Agent for Service
Corporate Service Company
320 Somerlous Street
Baton Rouge, La. 70802

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE LITIGATION

NO. _06-8328_                                    DIVISION _H_

_Mary & Oscar Williams & Elvira Gray_

VERSUS

_Security Plan Fire Insurance Company_

ORDER

THIS MATTER will come before the Court for case management conference

on the _22_ day of _January_, 20_07_

at _11:30_ o'clock _A_. m., before Division _H_.

NEW ORLEANS, LOUISIANA, this _31_ day of

_October_, 20_06_

_B. Capehart_
BERNADETTE CAPEHART
MINUTE CLERK

PLEASE SERVE WITH PETITION:

_Security Plan Fire Insurance Company_
_Through their Agent for Service_
_Corporate Service Company_
_320 Somerulos Street._
_B.R., LA 70802_

ENTERED ON MINUTES
NOV 20 2006