UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| COSOLIDATED LITIGATION | * | |
| _____ | * | SECTION K – JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE:  JUPITER, 07-1689 | * | |
| | * | |

**************************************

### SURREPLY TO DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION FOR CONTEMPT AND DISMISSAL

**MAY PLEASE THE COURT:**

Plaintiff, Lorraine Jupiter, respectfully submits this Surreply to Defendant's Reply Memorandum to Plaintiff's Opposition to Motion for Contempt and Dismissal.

Defendant's begins their memorandum stating that Plaintiff's opposition mainly contends that they have submitted sufficient discovery responses.  The entire basis for defendant's motions are based on discovery responses and whether or not they have received responses to their satisfaction..  Plaintiff acknowledges that she contends the discovery responses were adequate.  Defendant, in their motion for sanctions and dismissal, did not submit to the court all applicable discovery responses that Plaintiff submitted.  Plaintiff, in her opposition, submitted to the Court, a complete set of discovery responses to show that, Defendant's motion to compel, was a motion filed simply as a scare tactic and was not based in good faith and should have never been filed from the start.

Defendant contends that Plaintiff should have immediately complied with the January 30, 2008, order if it was simply an oversight and paid the $450 in attorney's fees and submitted the discovery.  Plaintiff, upon learning of this order, contacted Defendant immediately.  Plaintiff asked Defendant, "What is it exactly that you want or need?", and Defendant's reply was "You know what I need, and I am not going through it again."  From Plaintiff's point of view, we have provided Defendant with what has been requested.   Defendant submitted to Plaintiff a list of insufficient responses and Plaintiff answered those insufficiencies.  Plaintiff told Defendant that if they had to pay the $450 in attorney's fees, they would, but Plaintiff needed to know what Defendant was seeking, and since Defendant would not communicate with Plaintiff and Defendant did not say they would dismiss their motion for contempt and dismissal if information was provided and sanction was paid, Plaintiff was going to wait for the order of the hearing set for March 19, 2008, since it was only 9 days away.

Defendant is welcome to copy the entire file of Plaintiff.  Everything that Plaintiff has, Defendant has a copy.  If a production was not met, it is simply because Plaintiff does not have the documentation.  Plaintiff's property obviously sustained a tremendous amount of flooding due to her receiving flood policy limits, and producing many documents are impossible since everything was inundated with water.  Plaintiff has been to two mediations with Defendants.  Many pages of documentation were exchanged at these occasions.  Since two mediation have occurred, that shows that both parties are willing to settle.  Plaintiff asks that a settlement conference with the magistrate be scheduled, this way the Court can see where both sides are and maybe resolve the entire case.

Defendant contends that Plaintiff has not submitted a list of dates available for Ms. Jupiter's deposition.  In a previous discussion, Defendant did ask for deposition dates with Ms. Jupiter.  Plaintiff asked for dates from Defendant' expert to do his/her deposition and we could schedule the depositions on the same date.  Plaintiff told Defendant that their expert's availability is probably more limited than Ms. Jupiter's so Defendant could provide Plaintiff with the availability of their expert and we can fit in Ms. Jupiter's deposition on one of those dates.  Defendant has never sent Plaintiff a notice of deposition and has never sent Plaintiff a subpoena to compel her testimony.

In defendant's reply memorandum, it states the intention of Brent Klibert's withdrawl, along with several other attorneys of record. This motion was never filed simply because there were pending motions and Counsel did not feel that his motion would be granted and Counsel wanted to wait until there were no pending motions.  At the conclusion of these motions, Bruce Feingerts will be the sole attorney on this case and there will no longer be any confusion as to who is handling this case.

The bad faith aspect that Defendant is alleging is without merit.  As stated, when Plaintiff was informed of the motion, Defendant was contacted and did not want to discuss the matter. Plaintiff contends that adequate discovery responses were supplied and the initial motion to compel was simply to increase the amount of paperwork in this litigation.  Plaintiff's attorneys are working on hundreds of Hurricane Katrina cases, and sometimes confusion occurs.  Our offices are constantly receiving copies of discovery, motions, and other correspondence from numerous attorneys, who are all members of the CM/ECF system; all of them send us copies

either via mail, email, or fax of any motion that is filed as a courtesy even though they are not required to do so, and we try to do the same.  In this particular case, Plaintiff feels as though if defendant would have simply contacted Plaintiff and said a Motion to Compel was filed, none of this would even be at issue.

Plaintiff re-acknowledges that once an order is received on this pending motion, Plaintiff will submit a tender to defendant for the amount of the previous sanction.  Plaintiff intentions were not in bad faith and Plaintiff does not feel as though her case should be dismissed and request that the Court set a settlement conference with the magistrate so that issues can be resolved *in globo*.  However, in the meantime, Plaintiff will resolve the confusion of who is dealing with this case and counsel who are not working on this case will file a motion to withdraw subsequent to the Courts order on this motion.

          Respectfully Submitted

          */s/ Brent A. Klibert*_____
          Law Offices of Roy F. Amedee, Jr.
          Roy F. Amedee, Jr. (#2449)
          Brent A. Klibert (#29296)
          228 St. Charles Avenue, Suite 801
          New Orleans, LA  70130
          Telephone: (504) 592-3222
          Facsimile: (504) 592-8783

          CONNICK AND CONNICK, LLC
          William P. Connick - 14158
          2551 Metairie Road
          Metairie, LA 70005
          Telephone:  504-838-8777
          Facsimile:  504-838-9903

FEINGERTS & KELLY, PLC
Bruce L. Feingerts - 5499
365 Canal Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-568-1515
Facsimile:  504-568-1521

PATRICK G. KEHOE, JR., APLC
Patrick G. Kehoe, Jr. - 14419
833 Baronne Street
New Orleans, LA 70113
Telephone:  504-588-1110
Facsimile:  504-588-1954

LESTELLE & LESTELLE, APLC
Terrence J. Lestelle - 08540
Andrea S. Lestelle - 08539
Jeffery B. Struckhoff - 30173
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229

ROBICHAUX LAW FIRM
J. Van Robichaux, Jr. - 11338
71234 Hendry Ave.
Covington, LA 70433
Telephone:  985-809-0620
Facsimile: 504-282-6298

ALLAN BERGER & ASSOCIATES, APLC
Allan Berger - 2977
4173 Canal Street
New Orleans, LA 70119
Telephone: 504-486-948
Facsimile:  504-483-8130