FILED

2007 AUG 20 P 6:03

JUDICIAL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA CIVIL DISTRICT COURT

NUMBER:                                                       DIVISION:

ROBERT NEWMAN AND JANE NEWMAN

versus

ALLSTATE INSURANCE COMPANY

FILED:_____          _____
                                                DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of Robert Newman and Jane Newman, persons of full legal age and capacity and resident and domiciliary of Orleans Parish, State of Louisiana, respectfully represent:

I.

Allstate Insurance Company [hereinafter "Insurer"] is a foreign corporation licensed to issue insurance policies and in fact issuing insurance policies in the State of Louisiana.

II.

At all material times, Petitioners resided at 317 Wallace Drive, New Orleans, Louisiana 70122, located in the Gentilly area of the city (hereinafter "Property").

### BACKGROUND

III.

Petitioners entered into a contract with Insurer known as a home owner's policy.

IV.

On August 29, 2005, Hurricane Katrina made landfall near Grand Isle, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Mississippi border. As expected, Hurricane Katrina produced a great deal of rain fall and caused significant wind damage in the metropolitan New Orleans area as well as storm surge along the banks of Lake Pontchartrain.

V.

Petitioners' home was significantly damaged.

VI.

A significant portion of Petitioners' damage was caused by the wind and rain of the hurricane.

VII.

Within weeks of the hurricane, Petitioners notified Defendant Insurer of their loss and filed


EXHIBIT A

a claim.

### VIII.

After thirty and/or sixty days, defendant Insurer sent an adjuster to evaluate Petitioners' losses. The adjuster acted as defendant Insurer's legal agent.

### IX.

Defendant Insurer communicated to Petitioners that it valued Petitioners' damages under the homeowner's policy.

### X.

Petitioners communicated to Insurer that the above estimates were woefully inadequate. Defendant Insurer refused to re-evaluate its estimates.

### X(A).

**PETITIONERS STIPULATE THAT ALL CAUSES OF ACTION RAISED HEREIN DO NOT EXCEED $75,000, EXCLUSIVE OF COSTS AND INTEREST, AND PETITIONERS WAIVE THEIR RIGHT TO COLLECT ANY AMOUNT IN EXCESS OF $75,000, EXCLUSIVE OF COSTS AND INTEREST, FROM ANY JUDGMENT ISSUED HEREIN.**

### CAUSES OF ACTION

A.   **Bad faith: LA. REV. STAT. § 22:1220.**

### XI.

Petitioners repeats and re-alleges all foregoing paragraphs.

### XII.

Petitioners maintains that Defendant Insurer's aforementioned conduct breached the following duties to Petitioners: (1) the duty of *"good faith and fair dealing;"* (2) the "affirmative duty to adjust claims fairly and promptly"; and (3) the "affirmative duty" to "make a *reasonable effort to settle claims* with the insured or the claimant, or both."

### XIII.

Petitioners further maintains that Defendant Insurer "knowingly committed or performed "the following acts, thereby constituting a breach of the insurer's duties: (1) *misrepresenting* pertinent *facts* or insurance *policy provisions*; (2) *failing to pay a settlement* within thirty days; and (3) *failing to pay the amount of any claim due any person insured by the contract within sixty days* after receipt of satisfactory proof of loss from the claimant when such failure is *arbitrary, capricious, or without probable cause.*

### XIV.

As a result of Defendant Insurer's aforementioned conduct, the Defendant Insurer is liable for any damages sustained as a result of the breach, including, but not limited to specific and *general*

2

*damages* (i.e. for mental anguish and/or inconvenience), attorneys' fees, and penalties. Such penalties include an amount not to exceed two times the damages sustained or five thousand dollars, which ever is greater.

B.   **Bad Faith: LA. CIVIL CODE art. 1997.**

XV.

Petitioners repeats and re-alleges all preceding paragraphs.

XVI.

Petitioners maintains that Defendant Insurer's aforementioned conduct violates La. Civil Code art. 1997.

XVII.

As a result of its bad faith, Defendant Insurer is liable to Petitioners for all damages, foreseeable or not, that a direct consequence of its failure to perform.

C.   **La. Rev. Stat. § 22:658.**

XVIII.

Petitioners repeats and re-alleges all preceding paragraphs.

XIX.

Petitioners maintains that Defendant Insurer's aforementioned conduct violated La. Rev. Stat. § 22:658 by Defendant"s Insurer's failure to initiate loss adjustment within thirty (30) days of being notified of the claim by Petitionerss.

XX.

Petitioners maintains that Defendant Insurer's aforementioned conduct violated La. Rev. Stat. § 22:658 by Defendant Insurer's failure to provide Petitioners payment within thirty (30) days after being provided satisfactory proof of loss by Petitioners.

XXI.

As a result of its misconduct, Defendant Insurer is liable to Petitioners for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, penalties as provided in Section 658.

D.   **Miscellaneous Breaches of Aforementioned Duties.**

XXII.

Petitioner repeats and re-alleges all preceding paragraphs.

XXIII.

Petitioner maintains that it further breached the aforementioned duties for the following, non-exclusive acts: (1) Failing to properly train its adjusters and agents; (2) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; (3) failing to take

3

into account the economic climate after Hurricane Katrina; (4) failing to account for the increase in labor, materials, costs, and time in valuing Petitioner's claims; (5) failing to provide a proper means to facilitate contact between Petitioners and Defendant Insurer; (6) instructing its adjusters and agents to undervalue Petitioners damages; (7) instructing its adjusters and agents to delay the process of Petitioners' claim; (8) instructing its adjusters and agents to engage in multiple, time consuming evaluations of Petitioners' claim; and (9) any and all misconduct as becomes known before trial.

XXIV.

As a result of its misconduct, Defendant Insurers are liable to Petitioners for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, penalties.

E. **Breach of Contract.**

XXV.

Petitioners repeats and re-alleges all preceding paragraphs.

XXVI.

Petitioners maintains that defendant Insurer's preceding conduct constitutes a breach of the contract as embodied by the aforementioned insurance policies.

XXVII.

As a result of its misconduct, Defendant Insurer is liable to Plaintiff for all damages resulting from the breach.

**PRAYER FOR RELIEF**

Petitioners prays that after due proceedings are conducted and after a jury verdict in his favor that this Court enter judgment in his favor against Defendant for all damages discussed herein, including, but not limited to, all general, specific, equitable, and punitive relief which include but are not limited to costs, attorneys fees, penalties, and interest from the date of injury.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, L.L.P.

BY: _____
SOREN E. GISLESON, ESQ. (#26302)
JOSEPH E. CAIN, ESQ. (#29785)
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax: (504) 561-6024

**PLEASE SERVE (with First Set of Discovery):**

ALLSTATE INSURANCE COMPANY
through its registered agent
SECRETARY OF STATE
State of Louisiana
3851 Essen Lane
Baton Rouge, LA 70809

W:\25000-29999\27317\Newman\Petition Homeowners Insurance 2007-08-29.wpd\nr