UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| ———————————— | * | SECTION K – JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. (2) – MAG. WILKINSON |
| | * | |
| INSURANCE:  JUPITER, 07-1689 | * | |
| | * | |

**************************************

### SECOND REPLY MEMORANDUM

Auto Club Family Insurance Company ("ACFIC") is compelled to submit this Second Reply Memorandum, to reply to the "Surreply to Defendant's Reply Memorandum to Plaintiff's Opposition to Motion for Contempt and Dismissal," because several of the statements contained therein are false and misleading.

On the first page of Plaintiff's Surreply, Plaintiff suggests:

> Defendant, in their motion for sanctions and dismissal, did not submit to the court all applicable discovery responses that Plaintiff submitted. Plaintiff, in her opposition, submitted to the Court, a complete set of discovery responses to show that, Defendant's motion to compel, was a motion filed simply as a scare tactic and was not based in good faith and should have never been filed from the start.

In fact, the Plaintiff filed no opposition to ACFIC's Motion to Compel. ACFIC's Motion to Compel attached to it copies of the relevant correspondence exchanged with Plaintiff's counsel, including the Plaintiff's "supplemental" discovery responses which were only in letter form. The Interrogatories and Request for Production in question were served on June 25, 2007. The correspondence exchanged between counsel (attached as Exhibits 2, 3, 4 and 5) cover the period from August 27, 2007 to November 17, 2007. The correspondence reflects specific complaints that ACFIC had with Plaintiff's discovery responses, which are also detailed in the Memorandum in Support of Motion to Compel Discovery filed by ACFIC. ACFIC's Motion to Compel was not simply the product of the Plaintiff's failure to provide any response whatsoever. If ACFIC was simply interested in filing a Motion to Compel "as a scare tactic" it would not have conducted so many Rule 37.1 telephone conferences over such a long period of time, and given Plaintiff multiple opportunities to cure the deficiencies in their discovery responses, which were specifically spelled out by ACFIC. ACFIC would have simply filed a Motion to Compel immediately after the first Rule 37.1 conference. The fact that Plaintiff's counsel suggests that ACFIC's Motion to Compel "was not based in good faith and should never have been filed from the start" is, in and of itself, not only insulting but a further demonstration of Plaintiff's continued bad faith, considering the fact that Plaintiff never even opposed the Motion to Compel.

In the first paragraph on page 2 of the Surreply, Plaintiff's counsel suggests that upon learning of the January 30, 2008 Order, he contacted Defendant immediately. This "immediate contact" came on March 10, 2008, almost a week after ACFIC filed its Motion for Contempt and Dismissal on March 4, 2008. Plaintiff's counsel misquotes undersigned counsel's reply to the

question posed to him by Mr. Klibert on March 10, 2008, *i.e.* "what do you want?" Both Mr. Klibert and Mr. Feingerts were directed by the undersigned to review this court's January 30, 2008 discovery order to ascertain the answer to their question. Mr. Klibert continues to respond to his letter of November 17, 2007 as being a sufficient response to discovery insufficiencies, when in fact this court has held: "The letter response plaintiff's counsel provided does not comply with Fed. R. Civ. P. 33(b)."

Plaintiff counsel's states that "*if* they had to pay the $450 in attorney's fees, they would." The fact of the matter is that Plaintiff was ordered to pay $450 in attorney's fees on January 30, 2008, and she still has not done so. Why Plaintiff's counsel believes that he can also ignore this aspect of this court's Order is perplexing.

Counsel for Plaintiff offers Defendant to "copy the entire file of Plaintiff," and suggests that "everything Plaintiff has, Defendant has a copy." Interestingly enough, some of the documents attached to Plaintiff's Opposition Memorandum filed on March 10, 2008, such as the Swan Construction, Inc. estimate for wind damages, apparently faxed to Plaintiff's counsel on October 7, 2007, have been produced for the first time. ACFIC does not and has not, however, asked for an entire copy of the Plaintiff's file. What ACFIC has asked for is spelled out in a Request for Production of Documents, a Motion to Compel, and a January 30, 2008 court Order. Plaintiff has yet to provide ACFIC with a document entitled "Response to Request for Production of Documents" that complies with Fed. R. Civ. P. 34(b).

3

Plaintiff's counsel also includes the totally irrelevant statement that there have been two mediations, and that fact alone indicates that "both parties are willing to settle." The fact that there have been two mediations and this case has not settled, should be an indication that another mediation or settlement conference would be an absolute waste of time. It has become abundantly clear in two mediations that Plaintiff is not willing to consider anything other than the exorbitant amount demanded, when the evidence overwhelmingly indicates that the significant majority of her damages were sustained due to flood. Another mediation or settlement conference, particularly before the Plaintiff properly responds to discovery and court Orders, or ACFIC has had an opportunity to depose the Plaintiff, would be wasteful and counter-productive.

On page 3 of Plaintiff's Surreply it is suggested that Plaintiff asked for dates from "Defendant's expert." Undersigned counsel, to the best of his knowledge, has had no such discussion with Plaintiff's counsel, and the undersigned has no idea what "Defendant expert" Plaintiff is speaking of. In any event, undersigned counsel would never agree to a deposition of the Plaintiff and the "Defendant expert" (whoever that may be) on the same day. Experience has shown that depositions of plaintiffs in Hurricane Katrina lawsuits usually take the better part of a day and most if not all of the seven hours permitted by Fed. R. Civ. P. 30(d)(2). In any event, undersigned counsel has never been provided with a date on which to depose Plaintiff. For that reason, ACFIC has never served Plaintiff with a Notice of Deposition, because unilaterally noticing a deposition of the Plaintiff would be a vain and useless act. It is true that ACFIC has never "compelled" Plaintiff to appear at a deposition with a subpoena, but a subpoena should not

be necessary for Plaintiff to appear at her deposition. ACFIC has, however, filed a Motion to Compel which resulted in a court Order requiring the Plaintiff to provide dates for her deposition within ten days. That aspect of the court's January 30, 2008 Order also continues to be ignored.

In the last paragraph on page 3 of the Surreply, Plaintiff's counsel again falsely states that: "Defendant was contacted and did not want to discuss the matter." What Plaintiff's counsel ignores is that he was told to respond to the January 30, 2008 Order of this court. How can undersigned counsel be any clearer as to "what he wants"? Plaintiff still, despite the recent flurry of memoranda filed with the court, has elected not to comply with the January 30, 2008 Order.

In the paragraph on the top of page 4 of Plaintiff's Surreply Plaintiff's counsel suggests that "if Defendant would have simply contacted Plaintiff and said a Motion to Compel was filed, none of this would even be at issue." Undersigned counsel complied with the local rules regarding the filing and service of pleadings. Considering the Plaintiff's history of non-responsiveness, following multiple Rule 37.1 conferences, why the undersigned should believe that "none of this would even be at issue" is a mystery, considering the fact that Plaintiff still has not complied with the January 30, 2008 discovery Order, but has elected to file memoranda contending they should not be required to respond to discovery, although they have been ordered to do so.

In conclusion, ACFIC respectfully requests this court to ignore the Plaintiff's request that "the court set a settlement conference with the magistrate so that issues can be resolved *in*

*globo.*" There is no need for another settlement conference. If the Plaintiff does not want to comply with court orders regarding discovery, this case will not be settled regardless of the number of "settlement conferences." The court is empowered to impose the sanction of dismissal, and ACFIC submits that the Plaintiff's contumacious behavior justifies a dismissal. What is *not* justified by the Plaintiff's refusal to comply with a court Order is a "settlement conference."

Respectfully submitted,

**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**

By_____
**THOMAS M. RICHARD (#2069)**
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Fax: (504) 836-9540
*Attorney for Defendant, Auto Club Family Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of March, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

**THOMAS M. RICHARD**