**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | SECTION "K" (2) |
| PERTAINS TO: | * | |
| No.   05-4181 | * | |
|         06-1885 | * | |
|         06-4024 | * | |
|         06-4389 | * | |
|         06-5771 | * | |
|         06-5786 | * | |
|         06-6099 | * | |
|         07-0206 | * | |
|         07-3500 | * | |
|         07-3612 | * | |
|         07-5023 | * | |
|         07-5040 | * | |
| | * | |

* * * * * * * * * * * * * * * * *

**OPPOSITION TO MOTION FOR RECONSIDERATION**
**(RECORD DOCUMENT NO. 11623)**

**NOW INTO COURT,** comes Plaintiffs' Liaison Counsel, who opposes the Motion for Reconsideration (Record Document No. 11623) for the following reasons:

**I.**

**FACTS**

On February 14, 2008, Ashton O'Dwyer filed a Notice of Depositions in the above referenced actions, without leave of court, seeking to depose a majority of the attorneys appointed on the Plaintiffs' Sub-Litigation Committees of the *In re: Katrina Levee Breaches Litigation*, as well

-1-

as Charles Foti, the former Attorney General for the State of Louisiana. Plaintiffs' Liaison Counsel Joseph Bruno filed a Motion for Protective Order seeking the Court's intervention to address the propriety of the noticing these depositions in contravention of CMO No. 4 and both the federal and Louisiana Rules of Evidence. The court granted Plaintiffs' Liaison Counsel's request for oral argument, which was scheduled to take place on Wednesday, March 12, 2008 at 11:00 a.m.

No opposition was filed by Mr. O'Dwyer, nor did he appear at the properly noticed hearing on the matter. Likewise, Mr. O'Dwyer did not provide an explanation for his failure to attend this hearing. On March 12, 2008, the Court granted the Motion for Protective Order, to which Mr. O'Dwyer filed a Motion for Reconsideration on March 13, 2008.

Mr. O'Dwyer does not cite the procedural mechanism for seeking reconsideration, but alleges in the body of his Motion that the basis of relief for his Motion for Reconsideration was that through inadvertence or excusable neglect, he did not enter the Motion for Protective Order into his calendar. If inadvertence or excusable neglect is in fact the basis for seeking reconsideration, then the Court should look to Rule 60 of the Federal Rules of Civil Procedure for guidance in considering Mr. O'Dwyer's motion.

## II.

## ARGUMENT

*A.     Mr. O'Dwyer has failed to show good cause for the relief sought*

F.R.C.P., Rule 60 sets forth in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief."

While it is not the intent of this pleading to malign Mr. O'Dwyer for a his admitted human error, it is imperative to point out that such a simple failure does not give sufficient cause for the court to utterly discard its prior ruling. In order to be eligible for relief under F.R.C.P., Rule 60(b)(1), Mr. O'Dwyer must demonstrate the following:

>"(1) the existence of mistake, inadvertence, surprise, or excusable neglect;
>
>(2) that he has a meritorious defense."

Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, (6th Cir., 1980); Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 808 (7th Cir. 1977); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970); Central Operating Company v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1973). Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957). A motion under this rule is addressed to the sound discretion of the court and **must be clearly substantiated by adequate proof**. [Emphasis added]. Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964); Consolidated Gas & Equipment Co. of America v. Carver,, 257 F.2d 111 (10th Cir. 1958); Lane v. Swingspout Measure Co., 340 F.2d 40 (8th Cir.1969); MacLeod v. D.C. Transit System,

Inc., 283 F.2d 194 (C.A.D.C.. 1960); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136 (10th Cir. 1966).

Remarkably, Mr. O'Dwyer has failed to present any proof that he is entitled to his relief sought, and he has still chosen not to present a substantial opposition to the Motion for Protective Order in showing both the propriety and the need for the depositions set forth in his Notices of Deposition. In his Motion for Reconsideration, Mr. O'Dwyer cites record documents as evidence that reconsideration is justified. However, a review of the documents listed reveals that there can be no discovery pursuant to these documents.

    **1.**    **Document No.10331- Motion to Disqualify Counsel**

This pleading was filed by Mr. O'Dwyer in an attempt to disqualify Calvin Fayard and Daniel Becnel from the Katrina litigation. O'Dwyer's request for oral argument was denied, and the motion was taken on the papers and that any opposition was required to be filed by February 6, 2008. (See Record Doc. No. 10718). As such, there can be no discovery regarding this issue.

    **2.**    **Document No.10431 - Affidavit of Personal Bias against Judge Duval**

This pleading was filed by Mr. O'Dwyer in what can be characterized as a failed attempt to recuse Judge Duval. The attempts to have Judge Duval were denied by Judge Duval as indicated in Document No. 11357. This matter has been resolved; there can be no discovery pursuant to this pleading.

    **3.**    **Document No. 10615 - Order of January 17, 2008**

This pleading relates to Document No.10431, the Affidavit of Personal Bias against Judge Duval. As this matter has been resolved by Document No. 11357; there can be no discovery pursuant to this pleading.

**4.     Document No. 10646 - Motion for Leave to File Document**

This pleading relates to the filing of a supplemental memo to Document No.10331, the Motion to Disqualify Counsel. This matter has been submitted; there can be no discovery pursuant to this pleading.

**5.     Document No. 10731 - Minute Entry re: Status Conference of January 16, 2008**

This is only a minute entry that relates to Document No.10431, the Affidavit of Personal Bias against Judge Duval.

**6.     Document No. 10737 - Order on Motion to Amend**

This Order simply granted leave for Mr.O'Dwyer to correct typographical errors in Document No. 10646, which related to Document No.10331, the Motion to Disqualify Counsel.

**7.     Document No. 10758 - Transcript of proceedings held on January 16, 2008**

This document is an excerpt of Judge Duval commiserating that he did not recuse himself at the outset of the Hurricane Katrina canal breaches litigation.

**8.     Document No. 10759 - Transcript of proceedings held on January 16, 2008**

This document is the transcript of the hearing related in large part to the late filing of the Affidavit of Personal Bias against Judge Duval (Document No. 10431). As this matter has been resolved by Document No. 11357; there can be no discovery pursuant to this pleading.

**9.     Document No. 10886 - Order on Motion to Amend**

This Order granted leave to Mr. O'Dwyer to have Blayne Honeycutt named as a respondent to Doc. No. 10331. This matter has been submitted; there can be no discovery pursuant to this pleading.

**10.     Document No. 10910 - Motion for Recusal of Judge Duval**

This pleading was filed by Mr. O'Dwyer in another a failed attempt to recuse Judge Duval. This matter has been resolved by Order, Document No. 11357; there can be no discovery regarding this issue.

**11.     Document No. 10969 - Affidavit of O'Dwyer supplementing affidavit Doc. 10431**

This pleading relates to Document No.10431, the Affidavit of Personal Bias against Judge Duval. This matter has been resolved by Order, Document No. 11357; there can be no discovery regarding this issue.

**12.     Document No. 11074 - Order on Motion to Amend**

This Order relates to Document No.10910, granting leave to attach an exhibit to Doc. No. 10910, the Motion for Recusal of Judge Duval. This matter has been resolved by Order, Document No. 11357; there can be no discovery regarding this issue.

**13.     Document No. 11096 - Motion for Leave to File Document**

This pleading requests leave to file a Reply Memo related to Doc. 1033, the Motion to Disqualify Counsel. This matter has been submitted; there can be no discovery regarding this issue.

**14.     Document No. 11253 - Notices of Depositions**

This is the Notice that the instant controversy surrounds. The Court should take note that no explanation for the basis of this Notice has been presented by Mr. O'Dwyer.

**15.     Document No. 11317 - O'Dwyer's Opposition to Motion to Quash Doc. 10910**

This pleading relates to Document No.10910, the Motion for Recusal of Judge Duval. . This matter has been resolved by Order, Document No. 11357; there can be no discovery regarding this issue.

**16.    Document No. 11357 - Order on Motion for Recusal(10910)**

This Order relates to Document No.10910, the Motion for Recusal of Judge Duval.  By this Order, Judge Duval denied Mr. O'Dwyer's Motion for Recusal.

**17.    Document No. 11369 - Order granting Motion for Leave to file Supplemental Memo re: 10331**

This pleading relates to the filing of a supplemental memorandum to Document No.10331, the Motion to Disqualify Counsel.  This matter has been submitted; there can be no discovery regarding this issue.

**18.    Document No. 11370 - Supplemental Memo re: 10331**

This pleading relates to the filing of a supplemental memorandum to Document No.10331, the Motion to Disqualify Counsel.  This matter has been submitted; there can be no discovery regarding this issue.

**19.    Document No. 11371 - Order on Motion for Leave**

This Order relates to the filing of a supplemental memo to Document No.10331, the Motion to Disqualify Counsel.  This matter has been submitted; there can be no discovery regarding this issue.

**20.    Document No. 11372 - Reply to Response to Motion in Opposition**

This pleading relates to Document No.10331, the Motion to Disqualify Counsel.  This matter has been submitted; there can be no discovery regarding this issue.

**B.    *Mr. O'Dwyer has still failed to address the propriety of the Motion for Protective Order*__**

As set forth by Plaintiffs' Liaison Counsel in the Memorandum in Support of the Motion for Protective Order, a party seeking to depose an attorney is required to establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove

overly disruptive or burdensome.  Because the deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Fed.R.Civ.P., Rule 26(c) protective order unless the party seeking the deposition can show both the propriety and need for the deposition.

In order to overcome the preference of granting the protective order, Mr. O'Dwyer must demonstrate that the deposition is the only reasonably practical means available for obtaining the information. If there are other available sources, Mr. O'Dwyer should explore them first. Likewise, if there are other persons available who have the information, they should be deposed before the attorneys.  And finally, Mr. O'Dwyer is required to exhaust other methods of discovery, such as written interrogatories, requests for production, requests for admissions, and depositions upon written questions.  Hay & Forage Industries v. Ford New Holland, Inc., 132 F.R.D. 687 (D.Kan.,1990).

### III.

### CONCLUSION

Mr. O'Dwyer's Motion for Reconsideration must be evaluated pursuant to the guidelines established by Rule 60 of the Federal Rules of Civil Procedure.  The most important consideration is that Mr. O'Dwyer show that he has a meritorious defense to Plaintiffs' Liaison Counsel's Motion for Protective Order.  Mr. O'Dwyer's mere listing of a number of pleadings fails to meet any such standard.  As shown above, each of those pleadings relates to matters that do not give rise to the right to conduct discovery, much less the right to depose the attorneys subject of the Notices of Deposition.

Additionally, Mr. O'Dwyer's Motion for Reconsideration fails to include a proposed Opposition to the Motion for Protective Order filed by Plaintiffs' Liaison Counsel.

Mr. O'Dwyer has failed to establish either a procedural or substantive argument that the Motion for Reconsideration should be granted. For these reasons, the Motion for Reconsideration must be denied.

>Respectfully Submitted,
>
>**APPROVED PLAINTIFFS LIAISON COUNSEL**
>
>      /s/ Joseph M. Bruno
>JOSEPH M. BRUNO (La. Bar # 3604)
>PLAINTIFFS LIAISON COUNSEL
>Law Offices of Joseph M. Bruno
>855 Baronne Street
>New Orleans, Louisiana 70113
>Telephone: (504) 525-1335
>Facsimile: (504) 561-6775
>Email: jbruno@jbrunolaw.com
>
>
>MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE
>s/ James Parkerson Roy
>JAMES PARKERSON ROY
>MR-GO PSLC Liaison Counsel
>LA. Bar Roll Number: 11511
>Domengeaux Wright Roy & Edwards LLC
>P.O. Box 3668
>Lafayette, LA. 70502
>Telephone: (337) 593-4190 or (337) 233-3033
>Facsimile: (337) 233-2796
>Email: jimr@wrightroy.com
>
>For
>
>MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
>
>Jonathan Andry (Andry Law Firm, New Orleans, LA)
>Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
>Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
>James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 25th day of March, 2008.

                                             /s/ Joseph M. Bruno  
                                            Joseph M. Bruno