UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| PERTAINS TO INSURANCE | JUDGE DUVAL |
| R.C. TIPPEN and CARRIE TIPPEN C.A NOS. 06-7701 c/w 06-8440 | MAGISTRATE WILKINSON |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Plaintiffs R.C. Tippen and Carrie Tippen submit this memorandum in opposition to the Motion for Summary Judgment filed by defendant Fidelity National Property and Casualty Insurance Company. Plaintiffs submit that there are genuine issues of material fact which preclude the court from entering summary judgment in favor of the mover.

This is not the "cookie cutter" case which the defendants would have the Court believe. Plaintiffs are an elderly, minimally educated couple who lost everything they owned in the flood following Hurricane Katrina. They made a claim on their flood policy, which was handled and adjusted by defendant. The plaintiffs and defendant disagree on the amount of the payments under the policy which defendant has made to date.

The basis of the defendant's motion is the purported absence of a "proof of loss" from the plaintiffs. However, issues of fact exist regarding the existence of such a document.

Initially, it must be noted that 44 CFR part 61, App. A(1), Art. VII(J)(7) reads in part:

". . . you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." This rule does not prevent the adjuster from handling, filling out and submitting the proof of loss at the heart of defendant's motion, which in this case their adjuster did. See FN 0008 and FN 0082, attached to defendant's Rule 26 Disclosures, and attached hereto as Exhibit A and B.

So, what impact on the claim exists "if the adjuster does [] furnish the form, helps you complete it" and leaves you with the impression that you signed it, which appears to have occurred here? The defendant ignores, and would have the Court also ignore, both the existence of and reason for this language being included in the policy.

Additionally, documents produced in the Rule 26 disclosures of defendant demonstrate a clear issue of fact regarding the proof of loss. These documents include:

(1) "Building Replacement Cost Proof of Loss" at Bates No. FN 0009, Exhibit C;

(2) a "Final Report" which notes a "Proof of Loss" was included at FN 0010, Exhibit D;

(3) "Proof of Loss" at FN 0082;

(4) "Replacement Cost Proof of Loss" at FN 0083, Exhibit E; and

(5) another "Final Report" noting a "Proof of Loss" was included at FN 0084, Exhibit F.

Thus, in direct contradiction to the statement included in the affidavit, the documents produced by defendant contain several "Proofs of Loss" as well as references to additional undefined "Proofs of Loss".

What consideration should be given to the reference to a "proof of loss" being attached to documents 0010 and 0084? Defendant has not addressed this, and that failure creates an issue of fact which requires that the motion be denied.

Further, defendants attach a recent decision from the United States Court of Appeal from the Fifth Circuit, *Lamar Richardson, Jr. v. American Bankers Insurance Company of Florida*, USDC No. 2:06-CV-175, in support of their motion. However, this case is factually different from the matter before this court. In *Lamar*, the plaintiff is an attorney who had a copy of his policy and the requisite education to interpret it. It appears from the opinion that "no proof of loss" was submitted at any time. In *Lamar*, the plaintiff relied on defense counsel's statement and argued equitable estopel. As can be seen from the attached Affidavits of the Plaintiffs, Exhibit G and H, it was the adjuster for the insurance company who handled this entire matter, including filling out the proper proof of loss. The Plaintiffs can only attest that whatever was necessary as told to them by the adjuster, is what they signed. Given their age and education, they have every right to believe they signed a proof of loss as they put their entire life holdings in the hands of their insurance company.

In conclusion, the CFR allows the adjuster to assist the insured homeowner with the submission of the proof of loss. It is undisputed that the plaintiffs are elderly, lost everything they owned in the flood, and that defendant (through its adjuster) had complete control of the adjusting process and documents created thereby. The documents produced by the defendant in this proceeding include various "proofs of loss" including the proper proof of loss form, as well as references to other "proof of loss" documents, contrary to the representation of defendant's representative. In this case, the

proper proof of loss has been completely under the control of the insurance carrier, since it was filled out by their adjuster. No copies were given to the Plaintiffs. Thus, there exists material issues of fact which should be left to the trier of fact and is not properly resolved by way of a motion for summary judgment. The motion should be denied due to the existence of issues of fact.

Respectfully Submitted,

__/s/ *Robert G. Harvey, Sr.*
Robert G. Harvey, Sr.
Bar No. 18615
2609 Canal Street, First Floor
New Orleans, LA 70119
Telephone: 504-822-2136
Fax:  504-822-2179

### Certificate of Service

I hereby certify that I have filed this document electronically with the Clerk of Court using the CM/EMF system. Notice of filing will be sent to all parties or counsel of record by operation of the Court's electronic filing system, and by depositing same in the United States mail, postage prepaid, to all parties or counsel of record who have not registered for such electronic service.

This 25th day of March, 2008.

__/s/ *Robert G. Harvey*