UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br>07-4558, 07-4948, 07-4968, 07-4979, 07-4982, 07-4995,<br>07-4997, 07-5016, 07-5018, 07-5254, 07-5286, 07-5317,<br>07-5323, 07-5350, 07-5351, 07-5355, 07-5356, 07-5359,<br>07-5367 | *<br>*<br>*<br>*<br>* | |

## OPPOSITION TO NATIONAL UNION'S OBJECTIONS TO MAGISTRATE'S ORDER ON MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY DISCOVERY

Plaintiffs respectfully request that this Court deny National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") objections to the February 27, 2008 order of Magistrate Wilkinson. National Union fails to satisfy the lofty burden set forth for a party to prevail on a Rule 72(a) motion. Magistrate Wilkinson correctly denied National Union's Motion for Protective Order, Motion to Quash, and Motion to Stay Discovery, and he correctly granted Plaintiffs' Motion to Compel Discovery. Accordingly, this Court should now deny National Union's objections as being unfounded and contrary to law.

I.  Rule 72(a) motions should not be granted unless a ruling is "clearly erroneous or contrary to law."

Under the express language of Federal Rule of Civil Procedure 72(a) and 29 U.S.C. §

636(b)(1)(A), a district court may only reverse a magistrate judge's ruling where the court has a definite and firm conviction that the decision is "clearly erroneous or contrary to law."[1] Under this standard, the district court defers significantly to the judgment of the magistrate judge. It is well-settled that "[a] magistrate judge is afforded broad discretion in the resolution of non-dispositive motions."[2] Consequently, this "burden of 'clearly erroneous or contrary to law' is an **especially high burden**."[3]

II.  **The Magistrate's ruling was not clearly erroneous insofar as the Magistrate reasonably treated National Union's Motion to Dismiss, coupled with the external exhibit, as a Rule 56 motion.**

National Union, in its Motion to Dismiss, attached an insurance policy as an exhibit.[4] In evaluating a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court "must not go outside the pleadings" in determining whether they give rise to a cognizable claim.[5] National Union's argument, at its heart, contends that the insurance policy that it provided

---

[1] *See* Fed. R. Civ. Proc. 72(a); 28 U.S.C. § 636(b)(1)(A); *Bertholot v. Foti*, 01-3489, 2002 WL 726635, at *1 (E.D. La. Apr. 23, 2002) (Porteous, J.) (holding under that "clearly erroneous" standard under Rule 72(a) requires that the "district court shall affirm the decision of the magistrate unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate made a mistake") *Townson v. Crain Bros., Inc.*, 06-10545, 2007 WL 2402634, at *2 (E.D. La. Aug. 17, 2007)("A district Court can only reverse a magistrate judge's ruling where the court finds the ruling to be 'clearly erroneous or contrary to law.'").

[2] *Townson,* at *2.

[3] *Woodland v. Nalco Chem. Co.*, 01-3337, 2003 WL 145535, at *2 (E.D. La. Jan. 16, 2003) (Porteous, J.) (emphasis added).

[4] *See,* Exhibit to Motion to Dismiss, Doc. No. 9171, filed November 20, 2007.

[5] *Eberhardt v. Merck & Co., Inc.*, 106 Fed. Appx. 277, 278 (5th Cir. 2004).

2

as an exhibit constitutes a document that is referenced in the Complaint, and thus it may be considered as part of the pleadings. This argument, however, ignores the fact that the Master Complaint alleged that National Union issued "a policy **or policies**" to its insured, the East Jefferson Levee District (EJLD).[6] Nowhere has National Union definitively established that the policy that it attached as an exhibit to its Motion to Dismiss constitutes the only policy that it issued to EJLD. As such, Plaintiffs seek limited discovery for the narrow purpose of clarifying the existence and scope of the policies issued by National Union to EJLD.

### A.   Magistrate Wilkinson reasonably and proper ruled that National Union's attachment of an external exhibit operated to convert its Rule 12(b)(6) motion to a Rule 56 motion.

By the plain words of Rule 12 of the Federal Rules of Civil Procedure, National Union's attachment of an insurance policy as an exhibit to its Motion to Dismiss converted it to a Rule 56 Motion for Summary Judgment:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, **matters outside the pleading are presented to** and not excluded by the court, the **motion shall be treated as one for summary judgment and disposed of as provided in Rule 56**, and all parties shall be given reasonable opportunity to present all material to such a motion by Rule 56.[7]

The use of the word "shall" suggests that the attachment of external exhibits automatically converts the Rule 12(b)(6) motion into a motion for summary judgment; it is not a matter for the Court's discretion. As such, Magistrate Wilkinson did not commit "clear error" in categorizing National Union's motion as one for summary judgment based upon the presence of the external

---

[6] *See*, Complaint, at ¶16(j) (asserting that National Union "had in full force and effect **a policy or policies** of liability insurance, under the terms, provisions, and conditions of which it assumed liability for the acts and/or negligence of its insured, EJLD" (emphasis added).

[7] *See*, F.R.C.P. 12(b).

3

exhibit.

### B. The limited exception cited by National Union is inapplicable.

National Union places great weight upon the Fifth Circuit's ruling in *Collins v. Morgan Stanley Dean Witter*, wherein the Court allowed the defendant to attach a document that was expressly referenced in the complaint to its motion to dismiss.[8] The reach of *Collins*, however, is necessarily limited. The Fifth Circuit subsequently noted that the plaintiffs' failure to object to the consideration of the attached documents "was central to this Court's approval of that practice."[9] The necessary implication, however, is that given the disfavored nature of Rule 12(b)(6) motions, had the plaintiffs objected to the use of these external exhibits, the court would have likely converted the motion to a Rule 56 Motion for Summary Judgment.

Here, however, Plaintiffs have objected to the inclusion of the exhibit to National Union's Motion to Dismiss. In particular, Plaintiffs objected to the inclusion of just **one** insurance policy to the motion to dismiss, even the Master Complaint expressly referred to the existence of "a policy **or policies**" issued by National Union. Moreover, there was no indication or proof that the policy provided as an exhibit was the **only** applicable policy. As such, Plaintiffs sought to take limited discovery pertaining to the existence of other insurance policies issued by National Union that may

---

[8] 224 F.3d 496, 498.

[9] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The *Collins* court specifically noted that the plaintiffs "did not object in the district court to this inclusion, and do not question it on appeal." *See also, Dorsey v. N. Life Ins. Co.*, No. 04-0342, 2005 WL 2036738 (E.D. La. Aug. 15, 2005) (Africk, J.) (emphasizing that the plaintiffs' failure to object to the inclusion of exhibits with a Rule 12(b)(6) motion to dismiss was "central" to the Fifth Circuit's approval in *Collins*).

arguably provide coverage.[10]  Moreover, Plaintiffs argued that it was improper and potentially prejudicial for this Court to consider dismissing their claims against National Union without there being any certainty as to whether any additional policies existed.  As such, Plaintiffs requested discovery so that it may fairly respond to National Union's Motion to Dismiss.

The present situation resembles that in *Scanlan* more than *Collins*.  In the motion to dismiss in *Scanlan*, the defendant quoted portions of a report that was referenced in the complaint.  It did not, however, provide the entire report.  As such, the quoted portions did not constitute the entirety of the materials that were referenced in the complaint.  The portions of the report that were not quoted are, in effect, akin to the other policies that National Union issued that were not attached to its motion.  The *Scanlan* court held that the district court erred in granting the defendant's motion under these circumstances.

### III. EJLD's corporate representative has indicated that National Union did, in fact, issue multiple policies to EJLD, but only one of these policies was attached to the motion to dismiss as an exhibit.

The testimony of Frances Campbell, the Executive Director of EJLD, supports Plaintiffs' allegation that National Union issued multiple types of insurance policies to EJLD.  In turn, because EJLD obtained multiple policies from National Union, but only one such policy was attached as an exhibit to its Motion to Dismiss, it would be premature to dismiss Plaintiffs' claims based upon the provisions found in only one of the policies in question.  More fundamentally, Ms. Campbell's testimony also supports the magistrate's ruling regarding the need for additional discovery.

---

[10] *See,* Plaintiff's Motion to Compel Discovery, Document No. 11106, filed February 7, 2008.

Ms. Campbell testified that the EJLD had obtained policies providing general liability coverage, public officials and employment liability, property, and umbrella coverage in the years immediately preceding Hurricane Katrina.[11] The policy attached to National Union's Motion to Dismiss appears to be a public official and employment liability policy for claims made between January 1, 2006 and January 1, 2007.

Ms. Campbell testified that the EJLD obtained a general liability policy in June 2006. She did not indicate in her testimony whether this policy was issued by National Union or a different insurer, and a copy of the policy was not produced at the deposition. As the master complaint was filed in August 2006, if this policy were a "claims-made" policy, it would presumably provide coverage for Plaintiffs' claims. Upon information and belief, a copy of the umbrella policy was also not produced at that time.

It is undisputed that EJLD had multiple policies of insurance in effect prior to Hurricane Katrina, and prior to the initiation of legal claims against EJLD. What is unclear is (1) whether National Union issued one policy, or more than one type of policy to EJLD, and (2) the terms of such additional policies. Because of this uncertainty, Plaintiffs are entitled to engage in discovery as to the insurance policies that are, or potentially may be, in dispute.

---

[11] A transcript of Ms. Campbell's March 18, 2008 deposition is not yet available. Undersigned counsel relies upon memory and notes in describing and summarizing the content of her testimony.

**IV.** **Even if the motion were to be construed as a Rule 12(b)(6) motion, as opposed to a Rule 56 Motion for Summary Judgment, courts have allowed limited discovery in the context of a motion to dismiss in order to clarify certain issues raised by the motion; as such, Magistrate Wilkinson's ruling cannot be deemed "clearly erroneous."**

Plaintiffs posit that Magistrate Wilkinson did not err in converting National Union's Rule 12(b)(6) Motion to Dismiss to a Rule 56 Motion for Summary Judgment. Assuming, *arguendo*, that such a decision was improper, however, there is precedential support for allowing limited discovery at the Rule 12(b)(6) stage, and accordingly, Magistrate Wilkinson did not err by granting Plaintiffs' Motion to Compel and denying National Union's Motions.

Plaintiffs recognize the general principle that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not, under normal circumstances, require the parties to engage in discovery. Nonetheless, courts from across the country, including Louisiana federal district courts, have allowed written discovery to proceed prior to ruling upon a Rule 12(b)(6) motion, particularly when it is necessary to clarify certain issues raised by the pending motion. For example, in *Lafarge Corp. v. M/V Macedonia Hellas*, this Court ruled that ambiguous information concerning the ownership of a vessel necessitated discovery.[12] In particular, this Court denied the Rule 12(b)(6) motion without prejudice, allowing it to be re-urged after "additional discovery sheds some light upon the relationship between [defendants]". In effect, *LaFarge* relied upon the same rationale employed by Magistrate Wilkinson— the use of external documents converted the motion to one for summary judgment, and as such, additional discovery was warranted. Numerous federal appellate courts, including the Court of Appeals for the Fifth Circuit, have allowed the parties to engage in

---

[12] No. 99-2648, 2000 WL 687708 (E.D. La. May 24, 2000), at *10.

limited discovery prior to ruling on a Rule 12(b)(6) motion to dismiss.[13] These cases suggest that Magistrate Wilkinson's ruling is in accordance with law, and therefore not "clearly erroneous."

### V.   Conclusion.

For the foregoing reasons, National Union fails to satisfy its lofty burden to demonstrate that Magistrate Wilkinson committed "clear error" in granting Plaintiffs' Motion to Compel Discovery, and in denying National Union's Motion for Protective Order, Motion to Quash, and Motion to Stay Discovery. As a result, this Court should not disturb his ruling, and it should dismiss National Union's objections thereto.

---

[13] *See, e.g., Fussell v. Stalder,* 61 Fed. Appx. 119 (5th Cir. 2003); *Williams v. Barrett,* 220 Fed Appx. 930 (11th Cir. 2007) (holding that district court abused its discretion by not permitting any discovery before granting Rule 12(b)(6) motion); *Brown v. Budz,* 398 F.3d 904, 917 (7th Cir. 2005) (holding that Plaintiff "should at least be given the opportunity through discovery to determine the extent of each defendant's duties of employment" prior to ruling on Rule 12(b)(6) motion); *Cantanella v. Van de Kamp,* 486 F.3d 1128, 1131-32 (9th Cir. 2007) (noting that district court allowed limited discovery pertaining to whether claims were time-barred prior to granting motion to dismiss).

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER, #19589
PETER L. HILBERT, JR. #6875
JEFFREY D. KESSLER #30156
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
philbert@shergarner.com
jkessler@shergarner.com
ATTORNEYS FOR PLAINTIFFS IMPERIAL TRADING CO., INC.; XAVIER UNIVERSITY; WHITE III, L.L.C. F/K/A JLH, L.L.C.; UNIVERSAL HEALTH SERVICES, INC.; CII CARBON, L.L.C.; DILLARD UNIVERSITY; AND SAVOY PLACE ASSOCIATES, LP.

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ James M. Garner
JAMES M. GARNER