UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA* 07-5178 | * * | |

# BARGE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AS TO THE SURREPTITIOUS RECORDINGS OF WITNESS INTERVIEWS BY COUNSEL FOR LAFARGE NORTH AMERICA, INC., THROUGH THEIR AGENT CENTANNI INVESTIGATIVE SERVICES, INC., FOR LAFARGE'S CONCEALMENT OF THE INTERVIEWS AND OTHER MISCONDUCT, AND FOR DECLARATORY AND OTHER RELIEF

Barge Plaintiffs move for the following relief:

1. Pursuant to Rules 26(c)(1)(B) and (D), 37(c)(1)(C) and 37(b)(2)(A)(ii), Fed. R. Civ. Pro., for a protective Order barring the Barge Entities from referring to the recordings or transcripts of surreptitiously recorded interviews in any depositions, any motions or attachments filed in Court as to discovery, liability or damages, or at trial, with the Barge Entities able to prepare their questions in advance, and plaintiffs able to prepare witnesses in advance, based on the recordings or transcripts;

2. Pursuant to Rules 26(c), 26(e), 30(d)(3)(A), and 37(c)(1), Fed. R. Civ. Pro., for a protective Order barring the Barge Entities' depositions of any witness interviewed by defendant

Lafarge North America, Inc. ("Lafarge"), and its counsel through their agent, Centanni Investigative Services, Inc., until thirty days after Lafarge produces to plaintiffs complete and clearly audible copies of all surreptitious recordings Lafarge and its counsel made of such witness, of all transcripts prepared from such surreptitious recordings, and of all documents provided by any such witnesses to Lafarge and its counsel;

3. Pursuant to Rules 26(c)(1)(B) and (C), 26(c)(3), 26(e), 30(d)(3)(A) and (C), 37(a)(5), and 37(c)(1)(A), Fed. R. Civ. Pro., for a protective Order requiring Lafarge to pay witness fees, mileage, one night's reasonable hotel expenses, and reasonable meal expenses to Mr. Williams as a condition of the resumption of his deposition;

4. Pursuant to Rules 26(b)(1), 26(e), 30(d)(2), and 37(c)(1)(B), Fed. R. Civ. Pro., for a declaration that Lafarge and its counsel:

    a. Unethically made surreptitious recordings of 268 potential witnesses to the flooding of the Lower Ninth Ward;

    b. Made untruthful responses on September 18, 2006, to Plaintiff's Second Set of Interrogatories and Requests for Production in C.A. No. 05-04419, Section C, in an attempt to conceal that such recordings had been made, and has never amended or supplemented that response;

    c. Wrongly refused to disclose the facts contained in such recordings and transcripts of Barge P.S.L.C. clients in response to discovery requests until its partial disclosures after it attempted to use a transcript of a surreptitious recording against a witness who was a Barge P.S.L.C. client on February 19, 2008;

    d. Wrongly refused to disclose the facts contained in such recordings and

2

transcripts of witnesses other than Barge P.S.L.C. clients in response to discovery requests;

   e. Claimed a work-product privilege it knew or should have known did not exist, in refusing to disclose the existence of these recordings and transcripts of the recordings as late as March 14, 2008;

   f. Failed or refused to produce the actual surreptitious recordings of interviews of Barge P.S.L.C. clients even after a demand, and produced only the purported draft transcripts from such recordings, with redactions to conceal what any other witness said; and

   g. Refused to produce either the actual surreptitious recordings or the purported draft transcripts of such interviews of witnesses who were not Barge P.S.L.C. clients even after a demand.

Plaintiffs reserve the right to urge the Trial Court to inform the jury of such declaration, and that it is allowed to draw adverse inferences therefrom.

5. For purposes of context:

   a. Plaintiffs have also moved on March 7, 2008, pursuant to Rule 37(a), Fed. R. Civ. Pro., for an Order compelling Lafarge to produce the recordings and the transcripts not yet produced, as well as other information. Doc. # 11578. The Motion has been re-set for submission without oral argument on April 16, 2008. Doc. # 11714.

   b. Plaintiffs will shortly also move for relief as to Lafarge's, its counsel's and their agent's looting of the property of putative class members, intrusion on their property, and theft of objects from their property.

   c. Plaintiffs will shortly also move for an Order barring any further *ex parte*

communications between Lafarge, its counsel, or Centanni, on the one hand, and putative class members, on the other, in light of the abuses described herein and those to be described in a subsequent Motion.

WHEREFORE, Barge Plaintiffs pray that the Court enter an Order:

1. Barring the Barge Entities from referring to the recordings or transcripts of surreptitiously recorded interviews in any depositions, any motions or attachments filed in Court as to discovery, liability or damages, or at trial, for impeachment or otherwise, with the Barge Entities able to prepare their questions in advance, and plaintiffs to prepare witnesses in advance, based on the recordings or transcripts;

2. Barring the Barge Entities' depositions of any witness interviewed by defendant Lafarge North America, Inc. ("Lafarge"), and its counsel through their agent, Centanni Investigative Services, Inc., until thirty days after Lafarge produces to plaintiffs complete and clearly audible copies of all surreptitious recordings Lafarge and its counsel made of such witness, of all transcripts prepared from such surreptitious recordings, and of all documents provided by any such witnesses to Lafarge and its counsel, directly or through Centanni;

3. Requiring Lafarge to pay witness fees, mileage, one night's reasonable hotel expenses, and reasonable meal expenses to Mr. Williams as a condition of the resumption of his deposition;

4. Declaring that Lafarge and its counsel:

    a. Unethically made surreptitious recordings of 268 potential witnesses to the flooding of the Lower Ninth Ward;

    b. Made untruthful responses on September 18, 2006, to Plaintiff's Second Set of Interrogatories and Requests for Production in C.A. No. 05-04419, Section C, in an attempt

to conceal that such recordings had been made, and has never amended or supplemented that response;

      c.  Wrongly refused to disclose the facts contained in such recordings and transcripts of Barge P.S.L.C. clients in response to discovery requests until its partial disclosures after it attempted to use a transcript of a surreptitious recording against a witness who was a Barge P.S.L.C. client on February 19, 2008;

      d.  Wrongly refused to disclose the facts contained in such recordings and transcripts of witnesses other than Barge P.S.L.C. clients in response to discovery requests;

      e.  Claimed a work-product privilege it knew or should have known did not exist, in refusing to disclose the existence of these recordings and transcripts of the recordings as late as March 14, 2008;

      f.  Failed or refused to produce the actual surreptitious recordings of interviews of Barge P.S.L.C. clients even after a demand, and produced only the purported draft transcripts from such recordings, with redactions to conceal what any other witness said; and

      g.  Refused to produce either the actual surreptitious recordings or the purported draft transcripts of such interviews of witnesses who were not Barge P.S.L.C. clients even after a demand.

A proposed form of Order is submitted herewith.

    Respectfully submitted,

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq.
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann
Lawrence D. Wiedemann.
Karl Wiedemann
Karen Wiedemann
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net, adele@rickseymourlaw.net

<div style="margin-left: 3in;">

/s/ Lawrence A. Wilson
Lawrence A. Wilson
David W. Drucker
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.
Leslie Kelmachter, Esq.
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235
    Facsimile:  212-398-1532
    e-mail: a.fuchsberg@fuchsberg.com,
    l.kelmachter@fuchsberg.com

</div>

Dated: March 25, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by ECF upload, this 25th day of March, 2008.

<div style="margin-left:2em">

/s/ Richard T. Seymour
Richard T. Seymour
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
   Voice: 202-862-4320
   Cell:    202-549-1454
  Facsimile:  800-805-1065 and 202-828-4130
  e-mail: rick@rickseymourlaw.net, adele@rickseymourlaw.net

</div>