# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING ·4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION<br>*<br>* NO. 05-04419 and consolidated cases<br>*<br>* SECTION "C"<br>*<br>* MAGISTRATE (2)<br>* |

## RESPONSES OF LAFARGE NORTH AMERICA INC. TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Lafarge North America Inc., for its answer to the Interrogatories and Requests for Production propounded by plaintiffs on August 18, 2006, states upon information and belief as follows, based upon information presently available:

## GENERAL OBJECTIONS

LNA objects to the instructions and preamble to plaintiffs' requests to the extent they purport to impose upon LNA duties or obligations beyond those provided in the Federal Rules of Civil Procedure.  LNA further objects to the requests to the extent they are not "limited to Phase I issues" as required by the Court's Order of July 28, 2006.  In addition, LNA objects to the requests to the extent they call for identification or production of documents created by or for

Exhibit 4 to  P Motion for Protective Order          Page 000001

LNA on or after September 8, 2005, the date on which LNA learned of the allegations that form the basis for plaintiffs' claims in this action; such documents are protected from disclosure under Fed. R. Civ. P. 26(b)(3). LNA states that it has attempted to retrieve and preserve records from its New Orleans terminal, but can neither guarantee nor represent that none were destroyed or lost because of Hurricane Katrina, which seriously flooded and damaged the plant. To the extent an objection may be necessary, LNA objects to producing any documents which may have been lost as a result of this hurricane. LNA's investigation is ongoing and LNA will supplement as and to the extent necessary.

Subject to these and any other stated objections, Lafarge North America Inc. (hereafter occasionally "LNA") responds upon information and belief as follows:

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Give the name and address of the any non-employee personnel at the Industrial Canal facility over the ten day period August 22-31, and give the name and address of the employer of each and state the reason for their presence.

### RESPONSE TO INTERROGATORY NO. 1:

LNA objects to this interrogatory as vague and construes it to request identification of persons who were present at LNA's New Orleans cement terminal from August 22-31 other than persons employed by LNA. LNA responds that, at times during this period prior to the advent of Hurricane Katrina, third-party personnel would have been present at LNA's facility as a matter of normal business operations – e.g., truck drivers of LNA's customers would have been present to pick up cement for delivery to LNA's customers. The names of such individuals are not known to LNA but the identities of the customers may be available from LNA records, including

Exhibit 4 to  P Motion for Protective Order        Page 000002

New Orleans terminal records, that LNA will make available for plaintiffs' inspection.   Also, LNA understands that on the afternoon of August 27, 2006, a crew arranged by Joseph C. Domino Inc. was present at the facility to shift the barge at the LNA dock prior to Hurricane Katrina.   LNA has no first-hand knowledge of the identity of the crew members, but notes that this information may be available from documents previously produced to plaintiffs by Joseph Domino Inc..   Finally, LNA believes that at some point on August 27, individuals from the Orleans Levee Board were present on the site to close the flood gates; LNA does not know the identity of these individuals.   LNA's investigation continues and LNA will supplement if other persons are identified.   LNA does not know whether any individuals were present at the terminal on August 28 and 29, during which time the City of New Orleans was under a mandatory evacuation order.

**INTERROGATORY NO. 2:**

Give the names and addresses of all of your employees at the Industrial Canal facility over the ten day period August 22-31, and describe the title and duty of each employee.

**RESPONSE TO INTERROGATORY NO. 2:**

The following LNA employees were or may have been present at the LNA New Orleans cement terminal at various times during period from August 22 to August 27, 2005:

- Dennis Millon, terminal manager;

- Ed Busch, terminal operations assistant;

- Annette Gaskin, administrative assistant;

- Earl Smith, maintenance supervisor;

- Eric Peppin, terminal operator;

- Louis Robin, terminal operator;

- Roland Johnson, plant operator;

- Aaron Regas, plant operator;

- Daryl Evans, weighmaster;

- Ed Sturgis, truck loader.

Another employee, James Lewis, is believed not to have been present at the facility during the August 22-27 time frame.

The address of employment for each employee at that time was: Lafarge North America Inc., 2315 France Street, New Orleans, Louisiana.

LNA believes that no employees were present at the terminal from August 28 to August 31, during which time the City of New Orleans was under a mandatory evacuation order.

## INTERROGATORY NO. 3:

Give the name, and address, of any person engaged in securing the barge in anticipation of the approach of Hurricane Katrina and give the name and address of the employer of each person.

## RESPONSE TO INTERROGATORY NO. 3:

Ed Busch, Earl Smith, Roland Johnson and Louis Robin were the LNA employees who were involved in securing the barges at the LNA New Orleans terminal on August 27, 2005. The crew arranged by Joseph C. Domino Inc. would also have been involved in such activity.

**REDACTED AS IRRELEVANT**

**REDACTED AS IRRELEVANT**



**INTERROGATORY NO. 26:**

Please identify al    witnesses who you contend have knowledge of the incident, events preceding the incident (August 22-29, 2005), events during the incident, and events following the incident.

**RESPONSE TO INTERROGATORY NO. 26:**

LNA objects to this interrogatory as vague to the extent it fails to specify the "events" as to which information is sought.   LNA further object to this interrogatory to the extent that it seeks information about "events following the incident" on the ground that such information is irrelevant to the issues to be addressed in Phase I and therefore beyond legitimate discovery pursuant to the Court's July 28 Order.   Subject to and without prejudice to these objections, LNA refers plaintiffs to its responses to Interrogatories 1, 2 and 3 above.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 11:**



Produce any reports of the incident prepared by you, or received by you from others, on, or subsequent to, August 29, 2005, including but not limited to, reports to the United States Coast Guard, local or state police, FEMA, Homeland Security, or any other private or governmental agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

LNA objects to this request as vague construes it to request reports exemplified by U.S. Coast Guard Form 2692 or similar reports. So construed, LNA responds: So construed, LNA responds: none prepared by LNA nor received from others outside the context of this action..



REDACTED AS IRRELEVANT



## REQUEST FOR PRODUCTION OF DOCUMENT NO. 17:

Provide any records which would reflect the time that the barge broke loose from it's [sic] mooring at your facility on August 29, 2005.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

LNA has no company records which would reflect the time that the barge ING 4727 broke loose from its mooring at the New Orleans cement terminal on August 29, 2005.   LNA objects to this request to the extent it seeks production of attorney work product or expert

analysis generated for purposes of this litigation regarding the time that the barge was likely to have broken loose from its moorings.


## REQUEST FOR PRODUCTION OF DOCUMENT NO. 18:

Produce any still, or motion, photographs taken by you or taken by others in your possession, of the mooring of the ING 4727 prior to it's breaking loose, following it's breaking loose, the condition of the moorings after it broke loose and the course of the barge after it broke loose.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

LNA does not possess any photographs of the mooring of the barge taken prior to the hurricane. The documents that LNA will make available for plaintiffs' inspection include post-hurricane photographs obtained by LNA prior to September 8, 2005; such photographs were publicly-available at the time that they were obtained. LNA objects to the production of documents created or obtained by LNA counsel or representatives on or after September 8, 2005, on the basis of work product protection. LNA is willing to meet and confer with plaintiffs regarding this request.

REDACTED AS IRRELEVANT



REDACTED AS IRRELEVANT

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFELD & WEBB, LLC**
650 Poydras Street, Suite 2715
New Orleans LA 70130
Telephone: (504) 598-2715

John D. Aldock
**GOODWIN PROCTER LLP**
901 New York Ave., N.W
Washington, D.C. 20001
Telephone: (202) 346-4400

*Attorneys for Lafarge North America Inc.*

**Certificate of Service**

I do hereby certify that I have on this _____ *18* _____ day of, _____, 2006

served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile

transmission and by mailing the same by United States mail, properly addressed, and first class

postage prepaid.