UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | | * * * * | CIVIL ACTION |
| | | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | | * * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA, INC.'S**
**RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

Defendant Lafarge North America Inc. ("LNA"), hereby responds to the Requests for Production served by Plaintiffs in the above-captioned actions as follows:

**GENERAL OBJECTIONS**

1.  LNA objects to each Request to the extent it purports to require any act not mandated by the Federal Rules of Civil Procedure. LNA will respond to the Requests for Production in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2.  LNA objects to each Request to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation. That investigation continues to this day. In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the purpose of preparing for trial of claims such as those asserted in these cases, and such materials are protected from

Exhibit 5 to P Motion for Protective Order                Page 000001

disclosure under Fed. R. 26(b)(3).  Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege.  LNA will supply a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5) and accompanying comments.

3.      LNA objects to each Request to the extent that it contravenes Case Management Order #5 and/or seeks to preempt the timelines established by the Court.

4.      LNA objects to each and every Request to the extent that it calls for the production of documents that already have been produced in this litigation or calls for the production of publicly available documents that are equally available to the plaintiffs as to LNA.

5.      LNA states that it has attempted to retrieve and preserve records from its New Orleans terminal, but can neither guarantee nor represent that none were lost or destroyed because of Hurricane Katrina, which seriously flooded and damaged the plant.  To the extent that an objection may be necessary, LNA objects to producing documents which may have been lost as a result of this hurricane.

6.      Each of LNA's answers to these Requests is made to the best of LNA's knowledge at the present time, based upon its investigation to date.  LNA states that its investigation is ongoing and LNA specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

7.      LNA objects to each and all "definitions" to the extent they vary the content of the Requests in a way that renders them cumbersome and unduly burdensome.  LNA will answer the Requests in accordance with the Federal Rules of Civil Procedure, common English usage, and the terms of the Interrogatories themselves.

**SPECIFIC RESPONSES**

REDACTED

REDACTED AS IRRELEVANT

REDACTED AS

REDACTED AS IRRELEVANT

**REQUEST NO. 3:**

Any and all communications and statements you have obtained from any and all plaintiffs and/or persons potentially belonging to the putative class herein concerning allegations subject of suit, including but not limited to Arthur Murph, and any and all other such persons and entities.

**Answer to Request No. 3:**

LNA objects to this request to the extent that it pertains to communications or statements obtained from persons who are not parties to this case, including persons "potentially belonging to the putative class herein" on the grounds that (1) the request seeks the production of documents created in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3);

and (2) the group of persons to which the request pertains is ill-defined and not capable of ascertainment, there being no single definition of the proposed "putative class." Notwithstanding the foregoing objections, LNA will identify and produce written statements, if any, obtained from plaintiffs named in the captions of the above-captioned cases, case numbers 05-5531, 05-5724, 06-5342, 06-6299, 06-7516, and 07-3500.

REDACTED

REDACTED AS IRRELEVANT

**REDACTED AS IRRELEVANT**

**REQUEST NO. 6:**

Please produce any and all written, taped and otherwise recorded accounts of any and all events and/or circumstances whereby (a) ING 4727 broke free from its moorings at the Lafarge North America France Road facility; (b) traversed or traveled within the IHNC; (c) transited the eastern IHNC floodwall, and/or (d) was deposited east of the eastern IHNC floodwall during and about the time Katrina affected the New Orleans area.

**Answer to Request No. 6:**

LNA objects to this request on the ground that it seeks the production of documents that are protected by Fed. R. Civ. P. 26(b)(3) to the extent that it seeks "accounts" that were created in anticipation of litigation by or for LNA or its attorneys or representatives. LNA directs plaintiffs to the publicly available reports addressing these topics prepared by the Interagency Performance Evaluation Task Force, the Independent Levee Investigation Team, the Team Louisiana, and the American Society of Civil Engineers External Review Panel.

**REDACTED AS IRRELEVANT**

**REDACTED AS**

REDACTED AS IRRELEVANT

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████

██████████

███████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████████████████████████████

██████████████

REDACTED AS IRRELEVANT

██████████████████████████████████████

██████████████████████████████████████

████████████████████████

██████████

███████████████████████████████

████████████████

██████████████

██████████████████████████████████

**REQUEST NO. 17A:**

Any and all writings and things of whatever kind and nature which contain information and/or opinions relative to the breakaway and/or movements of ING 4727 during the effects of Katrina, and/or

which contain information and/or opinions relative to the causes and/or occurrence of the eastern Industrial Canal floodwall breach(es) between N. Claiborne and Florida Avenues.

**Answer to Request No. 17A:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3). LNA further objects to this request to the extent that "information . . . relative . . . to the breakaway" is so vague as to be meaningless. The request is also overbroad insofar as it pertains to documents "which contain information … relative to" the floodwall breaches, as the request could pertain to virtually every document in the litigation files of LNA's counsel and representatives. LNA directs plaintiffs to the publicly available reports addressing these topics prepared by the Interagency Performance Evaluation Task Force, the Independent Levee Investigation Team, the Team Louisiana, and the American Society of Civil Engineers External Review Panel.

REDACTED

REDACTED AS IRRELEVANT

■ REDACTED AS ■

■ REDACTED AS IRRELEVANT ■

■
■
■
■
■
■
■
■
■
■

**REQUEST NO. 20:**

Any and all things, photos, documents and writings reflecting description and origin of any and all pre and post August 29, 2005 damage to ING 4727. This is not limited to, but includes, any and all graffiti or other writing on ING 4727 after its breakaway.

**Answer to Request No. 20:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3). LNA has previously produced material created prior to September 8, 2005, which is responsive to this request, including LNA 000294 and similar documents. Documents created or compiled from other sources after September 8, 2005 were in anticipation of litigation and are protected by Fed. R. Civ. P. 26(b)(3). Subject to and without prejudice to the foregoing objections, LNA would consider production of documents responsive to this request if the plaintiffs agree to reciprocal production of similar documents requested by LNA.

**REQUEST NO. 21:**

Any and all any video and photos of ING 4727 from August 22 - 2005 through the present.

**Answer to Request No. 21:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3).  LNA has previously produced material created prior to September 8, 2005, which is responsive to this request, including LNA 000294 and similar documents.  Documents created or compiled from other sources after September 8, 2005 were in anticipation of litigation and are protected by Fed. R. Civ. P. 26(b)(3).  Subject to and without prejudice to the foregoing objections, LNA would consider production of documents responsive to this request if the plaintiffs agree to reciprocal production of similar documents requested by LNA.

REDACTED

REDACTED AS IRRELEVANT

15

**REDACTED AS IRRELEVANT**

██████████████████████████████
██████████████████████████
████████████
    ██████████████████████
██████████████████████████████
██████████████████████████████
████████████████████
████████████
    ██████████████████████
██████████████████████████████
████████████████████████
████████████
    ████████████████████████
██████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████
██████████████████████████
████████████████████

**REQUEST NO. 30:**

      Any and all documents and things mentioning, concerning and/or describing any and all complaints, accounts, claims and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and

the full substance of any and all such complaints and/or communications, during the period August 28-29, 2005.

**Answer to Request No. 30:**

LNA is aware of no documents mentioning complaints or communications responsive to this request during the period August 28-29, 2005.



DATED:  December 28, 2007

                Respectfully submitted,

                Robert B. Fisher, Jr., T.A. (#5587)
                Derek A. Walker (#13175)
                Ivan M. Rodriguez (#22574)
                Parker Harrison (#27538)
                **CHAFFE MCCALL, L.L.P.**
                2300 Energy Centre
                1100 Poydras Street
                New Orleans, LA 70163-2300
                Telephone:  (504) 585-7000
                Facsimile:  (504) 585-7075
                Fisher@chaffe.com
                Walker@chaffe.com
                Harrison@chaffe.com

          _____Mark S. Raffman_____
          John D. Aldock
          Richard M. Wyner
          Mark S. Raffman
          **GOODWIN PROCTER LLP**
          901 New York Avenue, N.W.
          Washington, DC 20001
          Telephone:  (202) 346-4240

          Daniel A. Webb (#13294)
          **SUTTERFIELD & WEBB, LLC**
          Poydras Center
          650 Poydras Street, Suite 2715
          New Orleans, LA 70130
          Telephone:  (504) 598-2715

          ***Attorneys for Lafarge North America Inc.***

LIBW/1658715.8

1658715.8        17

## Certificate of Service

I do hereby certify that I have on this 28th day of December, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding by e-mail.

/s/ Mark S. Raffman