## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

LAFARGE NORTH AMERICA INC'S
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION
PROPOUNDED TO THE BARGE ENTITIES
REGARDING CLASS CERTIFICATION

Defendant Lafarge North America, Inc. ("LNA"), hereby responds to the Requests for

Production served by Plaintiffs in the above-captioned actions on October 12, 2007 as follows:

### GENERAL OBJECTIONS

1.      LNA objects to plaintiffs' instructions, and the Interrogatories incorporating them,

on the ground that they call for actions not required by the Federal Rules of Civil Procedure.

LNA will respond to the Requests in accordance with the obligations imposed by the Federal

Rules of Civil Procedure and not otherwise.

2.      LNA objects to each Request to the extent it expressly or impliedly seeks

documents or information protected by the attorney-client privilege, the work product doctrine,

or any other applicable privilege or similar reason for non-production.  In that connection, LNA

expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation.  That investigation continues to this day.  In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the purpose of preparing for trial of claims such as those asserted in these cases, and such materials are protected from disclosure under Fed. R. 26(b)(3).  Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege.  LNA will supply a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5) and accompanying comments.

3.      LNA objects to each Request to the extent that it is in contravention of Case Management Order #5 and seeks to preempt the timelines established by the Court.

4.      LNA objects to the Requests on the ground that they exceed the permissible limits for written discovery set forth in Case Management Order #5.

5.      Each of LNA's answers to these Requests is made to the best of LNA's knowledge at the present time, based upon its investigation to date.  LNA states that its investigation is ongoing and LNA specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

6.      LNA objects to each and all "definitions" to the extent they vary the content of the Request in a way that renders them cumbersome and unduly burdensome.  LNA will answer the Requests in accordance with the Federal Rules of Civil Procedure, common English usage, and the terms of the Interrogatories themselves.

REDACTED AS
IRRELEVANT

REDACTED AS IRRELEVANT

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the sources of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

<u>Response</u>: LNA objects to this request as vague and as unduly burdensome. LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5. LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report. LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein. LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports

5

Exhibit 6 to  P Motion for Protective Order          Page 000003

such as the Senate Committee on Homeland Security and Governmental Affairs report entitled,

"*Hurricane Katrina:  A Nation Still Unprepared*".  These documents are publicly available and

equally accessible to plaintiffs as to LNA.


**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of each and every document that discusses, analyzes, depicts,

illustrates, simulates, or otherwise reflects the causes of any flooding within the geographical

area described in the Sixth Amended Complaint or any part of it.

Response:  LNA objects to this request as vague and as unduly burdensome.  LNA

further objects to the request on the ground that it seeks documents that are protected by Fed. R.

Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in

contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the

plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team

Louisiana Report, and the publicly-available supporting documents for each report.  LNA further

refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert

reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports

regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports

such as the Senate Committee on Homeland Security and Governmental Affairs report entitled,

"*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and

equally accessible to plaintiffs as to LNA.

Exhibit 6 to  P Motion for Protective Order          Page 000004

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

Response:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R. Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team Louisiana Report, and the publicly-available supporting documents for each report.  LNA further refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports such as the Senate Committee on Homeland Security and Governmental Affairs report entitled, "*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and equally accessible to plaintiffs as to LNA.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

Response:  LNA objects to this request as vague and as unduly burdensome.  LNA further objects to the request on the ground that it seeks documents that are protected by Fed. R.

LIBW/1660368.3

Exhibit 6 to  P Motion for Protective Order          Page 000005

Civ. P. 26(b)(3), including opinion work product of counsel, and seeks expert discovery in

contravention of the time frames set forth in Case Management Order No. 5.  LNA refers the

plaintiffs to the IPET Report (including External Review Panel report), ILIT Report, and Team

Louisiana Report, and the publicly-available supporting documents for each report.  LNA further

refers the plaintiffs to the class certification record in the MRGO/Levee matter, including expert

reports submitted therein.  LNA further refers the plaintiffs to the voluminous media reports

regarding the flooding that occurred as a result of Hurricane Katrina, and to government reports

such as the Senate Committee on Homeland Security and Governmental Affairs report entitled,

"*Hurricane Katrina:  A Nation Still Unprepared.*"  These documents are publicly available and

equally accessible to plaintiffs as to LNA.

REDACTED AS
IRRELEVANT

Exhibit 6 to  P Motion for Protective Order          Page 000006

Respectfully Submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

   Mark S. Raffman
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

December 28, 2007

10

## Certificate of Service

I do hereby certify that I have on this 28th day of December, 2007 served a copy of the foregoing document on counsel for all parties to this proceeding by e-mail.

_____/s/ Mark S. Raffman_____

11