UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**ANSWERS TO INTERROGATORIES PROPOUNDED BY THE BARGE ENTITIES**

Plaintiffs respond to Defendants, LNA and Zito entities', discovery as follows:

**GENERAL OBJECTIONS**

A.  Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

B.  Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.  Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-

1

Exhibit 11 to  P Motion for Protective Order          Page 000001

inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D. Plaintiffs object to the Interrogatories to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E. Plaintiffs object to the Interrogatories to the extent they are overly broad and unduly burdensome.

F. Plaintiffs object to the Interrogatories to the extent that they exceed the scope of admissible discovery.

G. Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous.

H. Plaintiffs object to the Interrogatories as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I. Plaintiffs object to the Interrogatories that seek information readily available to Defendant in the public domain.

J. These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.

**GENERAL RESPONSE AND RESERVATIONS**

**GENERAL RESPONSE AND RESERVATIONS**

As used herein, the term "named class representative plaintiffs" means the following

Exhibit 11 to P Motion for Protective Order                     Page 000002

named plaintiffs:

>Ethel Mae Coleman Mumford
>Josephine Long Richardson
>Jimmie Donnell Harris
>Kismit Bourgere
>Michael Joseph Riche
>Jacob Robert "Bob" Glaser
>Dianne Glaser
>Herman Koch
>Aida Koch
>Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

>Marie Short Benoit
>Henry Adams
>Gwendolyn Adams
>John Alford
>Jerry Alford
>Michael Watts
>Robert Green, Sr.
>Jonathon Green
>David Green, individually and as the representative of the Estate of Joyce H. Green
>Everage Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
>Hyman Sheppard
>Earl Matthew Daniels, Sr.
>Joyce B. Matthews
>Mildred Delores Dean
>Ethel Leon
>Karen Leon
>Joyce Daniels
>Myrna Daniels, in her individual capacity and as natural tutrix of Keina Daniels
>Tom Browder
>Albertine Browder
>Gaynell Browder
>Blair Boutte
>Doris Shanks
>Herbert Warren, Jr.

3

Exhibit 11 to  P Motion for Protective Order                Page 000003

       Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

REDACTED AS

REDACTED AS IRRELEVANT [redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]



**INTERROGATORY NO. 10:**

Identify every other person, if any, who claims to have seen or heard the barge make contact with the IHNC floodwall, pass from the canal side of the floodwall to the residential side of the wall, or cause one or more breaches of the floodwall, and state the date and means by which plaintiffs' counsel or representatives learned the substance of each person's account.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine insofar as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account." Subject to said objections and without waiving same, Plaintiffs respond as follows:

Plaintiffs will submit their witness lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Subject to and without waiver of any objections, plaintiffs respond as follows:

1. William Villavasso - Sewerage and Water Board of N.O - Station 05 - Intersection of Surecoat Dr. and Florida Ave. - 2007 interview

2. Terry Adams - Jourdan Avenue -2006 interview

3. Arthur Murph - 1739 Jourdan Ave. -interview of unknown date

4. Ronald McGill - 2006 interview

5. Wilson Simmons - 2006 inteview

6. Christopher Weaver - 2006 interview

7. Rico Terrence Sutton - 2523 and a Half Jourdan Ave. - 2007 interview.

16

Exhibit 11 to  P Motion for Protective Order         Page 000005

Additionally, other putative class members have stated that they heard one or more explosions, whose times  -  to the best of each relator's recollection - generally or roughly coincide with times at which witnesses maintain that they saw the barge crash through the floodwall with an explosive sound, and with times at which they and others experienced a violent surge of water, lifting houses from their foundations and propelling them up the street.  These accounts are commonplace among persons from the Lower Ninth Ward, including but not limited to the following clients of the undersigned, who may be called to testify:

Ernest Offray, formerly of 2028 Deslonde;

Sidney Williams, formerly of 1720 Tennessee Street;

Delores St. Cyr-Butler, formerly of 5434 N. Johnson Street;

Robert Green - 1826 Tennessee Street.

Carolyn Berryhill (has been deposed)

Clarence Sartin (effort has been made to depose him)

Kendrick Pounds (has been deposed)



REDACTED AS IRRELEVANT

17

Exhibit 11 to  P Motion for Protective Order            Page 000006

**REDACTED AS IRRELEVANT**

Respectfully Submitted by
Counsel for Plaintiffs, BARGE PSLC

**WIEDEMANN & WIEDEMANN**
\s\Lawrence D. Wiedemann_____
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)

46

Exhibit 11 to  P Motion for Protective Order                    Page 000007

KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

\s\Patrick J. Sanders
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 28 day of December, 2007.

\s\Brian A. Gilbert

47

Exhibit 11 to P Motion for Protective Order        Page 000008