UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*     05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*     06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*     06-7516 | * | |
| *Parfait Family v. USA*     07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*     07-5178 | * | |
| | * | |

# AFFIDAVIT OF RICHARD T. SEYMOUR IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LAFARGE NORTH AMERICA INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON CENTANNI INVESTIGATIVE AGENCY

CITY OF WASHINGTON     )
                                             ) ss:
DISTRICT OF COLUMBIA  )

Before me, the undersigned authority, personally came and appeared RICHARD T,

SEYMOUR, known to me, who after having first been duly sworn did depose and state:

1. I have been admitted pro hac vice as one of the attorneys for the *Mumford* plaintiffs in this

case.

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 1 of 10
Exhibit 16 to P Motion for Protective Order          Page 000001

2. On February 5, 2008, I conducted a search on YouTube (www.youtube.com) for materials on "Katrina Barge" and related videos, and found a related video that included a sign on a utility pole with the following text and format:

> Saw
> Levee Break?
> Wanted: Photos/
> Video / Witnesses
> CALL TOLL FREE
> 866-360-3065

I captured a still from the video, and have attached it as Attachment B to the Opposition. The complete video, including all other signs on the utility pole, can be seen at

http://www.youtube.com/watch?v=FVryfmlh6HA&feature=related.

3. Nothing in the sign alerted onlookers that the sign had been posted at the instance of defendant LaFarge North America ("LNA"), whose interests were adverse to the interests of the putative class members in the area, and its counsel.

4. Defendant LaFarge North America ("LNA") has admitted that this telephone number, as well as another, were established by Centanni at its counsel's direction. Plaintiff's Interrogatory No. 17 and LNA's December 28, 2007, response are as follows:

**INTERROGATORY No. 17:**

Please identify and state the full name, address, job title and employer of any and all persons and/or entities causing signs to be posted in the affected area asking witnesses to call (866) 360-3065 and/or (866) 370-2031, those responsible for initiating telephone company accounts relative to said numbers, and state the full names, addresses and phone numbers of any and all persons who responded by calling said numbers.

**Answer to Interrogatory No. 17:**

LNA objects on the basis of Fed. R. Civ. P. 26(b)(3) because this Interrogatory seeks the products of investigation by LNA and its counsel and representatives made in anticipation of litigation or for trial by LNA and its counsel and representatives. Subject to and without

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 2 of 10
Exhibit 16 to P Motion for Protective Order            Page 000002

waiving this objection, LNA answers that the phone numbers referenced in this request were established, at counsel's request, by Centanni Investigative Agency, PO Box 23752, New Orleans, LA 70183-0752.

A copy of LNA's Responses to Plaintiffs' Interrogatories is Attachment C to the Opposition.

5. Prior to serving the subpoena on Centanni, plaintiffs attempted to obtain from LNA information about the statements obtained by LNA, and on December 28, 2007, LNA refused to provide the information:

> **INTERROGATORY NO. 5:**
>
> Please identify, describe and state the contents of any and all fact statements you have obtained from any and all plaintiffs and/or persons potentially belonging to the putative class herein concerning allegations subject of suit, stating the dates upon which all such statements were obtained, identifying by full name and address persons giving such statement, obtaining such statement, and having custody of such statement.
>
> **Answer to Interrogatory No. 5:**
>
> LNA objects to this request to the extent that it pertains to "fact statements" obtained from persons who are not parties to this case, including persons "potentially belonging to the putative class herein" on the grounds that (1) the request seeks the production of documents created in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3); and (2) the group of persons to which the request pertains is ill-defined, overly broad, and not capable of ascertainment. Notwithstanding the foregoing objections, LNA will identify and produce written statements, if any, obtained by LNA from named plaintiffs listed in the captions of the above-captioned cases, case numbers 05-5531, 05-5724, 06-5342, 06-6299, 06-7516, and 07-3500.

See Attachment C to the Opposition.

6. Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 3, which attempted to obtain from LNA the actual witness statements obtained by LNA, and on December 28, 2007, LNA refused to provide this information:

> **REQUEST NO. 3:**
>
> Any and all communications and statements you have obtained from any and all plaintiffs and/or persons potentially belonging to the putative class herein concerning allegations subject of suit, including but not limited to Arthur Murph, and any and all other

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 3 of 10
Exhibit 16 to P Motion for Protective Order          Page 000003

such persons and entities.

**Answer to Request No. 3:**

LNA objects to this request to the extent that it pertains to communications or statements obtained from persons who are not parties to this case, including persons "potentially belonging to the putative class herein" on the grounds that (1) the request seeks the production of documents created in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3); and (2) the group of persons to which the request pertains is ill-defined and not capable of ascertainment, there being no single definition of the proposed "putative class." Notwithstanding the foregoing objections, LNA will identify and produce written statements, if any, obtained from plaintiffs named in the captions of the above-captioned cases, case numbers 05-5531, 05-5724, 06-5342, 06-6299, 06-7516, and 07-3500.

A copy of LNA's Responses to Plaintiffs' Requests for Production is attached to this Affidavit as Attachment D to the Opposition.

7.  Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 6, which attempted to obtain from LNA the actual written, taped, and recorded accounts of the breakaway of the barge, its movements, and its passage through the Eastern floodwall of the IHNC, and on December 28, 2007, LNA refused to provide this information:

**REQUEST NO. 6:**

Please produce any and all written, taped and otherwise recorded accounts of any and all events and/or circumstances whereby (a) ING 4727 broke free from its moorings at the Lafarge North America France Road facility; (b) traversed or traveled within the IHNC; (c) transited the eastern IHNC floodwall, and/or (d) was deposited east of the eastern IHNC floodwall during and about the time Katrina affected the New Orleans area.

**Answer to Request No. 6:**

LNA objects to this request on the ground that it seeks the production of documents that are protected by Fed. R. Civ. P. 26(b)(3) to the extent that it seeks "accounts" that were created in anticipation of litigation by or for LNA or its attorneys or representatives. LNA directs plaintiffs to the publicly available reports addressing these topics prepared by the Interagency Performance Evaluation Task Force, the Independent Levee Investigation Team, the Team Louisiana, and the American Society of Civil Engineers External Review Panel.

See Attachment D to the Opposition.

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 4 of 10
Exhibit 16 to P Motion for Protective Order          Page 000004

8. Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 17A, which attempted to obtain from LNA the actual writings and things containing information or opinions on the causes of occurrence of the breaches in the Eastern floodwall of the IHNC, and on December 28, 2007, LNA refused to provide this information:

**REQUEST NO. 17A:**

Any and all writings and things of whatever kind and nature which contain information and/or opinions relative to the breakaway and/or movements of ING 4727 during the effects of Katrina, and/or which contain information and/or opinions relative to the causes and/or occurrence of the eastern Industrial Canal floodwall breach(es) between N. Claiborne and Florida Avenues.

**Answer to Request No. 17A:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3). LNA further objects to this request to the extent that "information . . . relative . . . to the breakaway" is so vague as to be meaningless. The request is also overbroad insofar as it pertains to documents "which contain information … relative to" the floodwall breaches, as the request could pertain to virtually every document in the litigation files of LNA's counsel and representatives. LNA directs plaintiffs to the publicly available reports addressing these topics prepared by the Interagency Performance Evaluation Task Force, the Independent Levee Investigation Team, the Team Louisiana, and the American Society of Civil Engineers External Review Panel.

See Attachment D to the Opposition.

9. Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 21, which attempted to obtain from LNA the actual writings and things containing information or opinions on the causes of occurrence of the breaches in the Eastern floodwall of the IHNC, and on December 28, 2007, LNA refused to provide this information for the period covered by Centanni's activities:

**REQUEST NO. 20:**

Any and all things, photos, documents and writings reflecting description and origin of any and all pre and post August 29, 2005 damage to ING 4727. This is not limited to, but

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 5 of 10
Exhibit 16 to P Motion for Protective Order          Page 000005

includes, any and all graffiti or other writing on ING 4727 after its breakaway.

**Answer to Request No. 20:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3). LNA has previously produced material created prior to September 8, 2005, which is responsive to this request, including LNA 000294 and similar documents. Documents created or compiled from other sources after September 8, 2005 were in anticipation of litigation and are protected by Fed. R. Civ. P. 26(b)(3). Subject to and without prejudice to the foregoing objections, LNA would consider production of documents responsive to this request if the plaintiffs agree to reciprocal production of similar documents requested by LNA.

See Attachment D to the Opposition. Plaintiffs have already produced to LNA all comparable writings from non-clients, and all comparable photos, and will supplement their production if new responsive materials are obtained. See Attachment E to the Opposition.

10. Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 21, which attempted to obtain from LNA the actual writings and things containing information or opinions on the causes of occurrence of the breaches in the Eastern floodwall of the IHNC, and on December 28, 2007, LNA refused to provide this information for the period covered by Centanni's activities:

**REQUEST NO. 21:**

Any and all any video and photos of ING 4727 from August 22 - 2005 through the present.

**Answer to Request No. 21:**

LNA objects to this request to the extent that it seeks the production of documents created or compiled from other sources in anticipation of litigation by or for LNA and its attorneys that are protected by Fed. R. Civ. P. 26(b)(3). LNA has previously produced material created prior to September 8, 2005, which is responsive to this request, including LNA 000294 and similar documents. Documents created or compiled from other sources after September 8, 2005 were in anticipation of litigation and are protected by Fed. R. Civ. P. 26(b)(3). Subject to and without prejudice to the foregoing objections, LNA would consider production of documents responsive to this request if the plaintiffs agree to reciprocal

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 6 of 10
Exhibit 16 to P Motion for Protective Order          Page 000006

production of similar documents requested by LNA.

See Attachment D to the Opposition.  Plaintiffs have already produced to LNA all comparable writings from non-clients, and all comparable photos, and will supplement their production if new responsive materials are obtained.  See Attachment E to the Opposition.

11. Prior to serving the subpoena on Centanni, plaintiffs served their Request for Production No. 30, which attempted to obtain from LNA the actual writings and things containing information or opinions on the causes of occurrence of the breaches in the Eastern floodwall of the IHNC, and on December 28, 2007, LNA refused to provide this information by limiting its response to the period prior to Centanni's activities:

> **REQUEST NO. 30:**
>
> Any and all documents and things mentioning, concerning and/or describing any and all complaints, accounts, claims and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and the full substance of any and all such complaints and/or communications, during the period August 28-29, 2005.
>
> **Answer to Request No. 30:**
>
> LNA is aware of no documents mentioning complaints or communications responsive to this request during the period August 28-29, 2005.

See Attachment D to the Opposition.  Plaintiffs have already produced to LNA all comparable writings from non-clients, and all comparable photos, and will supplement their production if new responsive materials are obtained.  See Attachment E to the Opposition.

12. Plaintiffs served their Request for Production No. 20, which attempted to obtain from LNA information about its defenses to the claims of any putative class members.  On December 28, 2007, LNA refused to provide this information:

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 7 of 10
Exhibit 16 to P Motion for Protective Order          Page 000007

**INTERROGATORY NO. 20:**

Please fully identify and describe any and all acts of contributory and/or comparative fault for which you contend any putative class members bear any responsibility for the damages alleged herein, disclosing any and all witness from whom you will take testimony, and documents and things you will seek to introduce and/or rely upon at trial in furtherance of such contentions.

**Answer to Interrogatory No. 20:**

LNA objects to the term "damages alleged herein" as vague and interprets this phrase to refer to the damages alleged in the named plaintiffs' complaints. LNA further objects that the group of persons to which the request pertains is ill-defined and not capable of ascertainment, there being no single definition of the proposed "putative class." LNA further objects to this interrogatory to the extent that it contravenes the schedule set forth in the Court's Case Management Order #5. LNA refers plaintiffs to its witness list, filed November 20, 2007, and to its monthly supplementations thereof. Subject to and without waiving any objections, LNA responds that at least some individuals failed to take reasonable precautions in response to reports on or after August 27, 2005, that Hurricane Katrina would strike the greater New Orleans area and placed themselves and/or their property in harm's way in advance of the oncoming storm despite having the ability to avoid the risk of harm. LNA reserves all rights to take discovery on this issue from the named plaintiffs and putative class members, and to supplement this response.

See Attachment C.

13. LNA amended its responses to plaintiffs' Requests for Admissions 1, 2, 3, 5, and 8 on February 1, 2008. Its amended responses are Attachment F to the Opposition. Some of the amended responses provided factual information other than a simple denial. These are set forth below:

**REQUEST NO. 1:**

Admit that Lafarge is aware of one or more persons - other than Terry Adams and Christopher Weaver - who has claimed to be an eyewitness to the transition of ING 4727 from the canal side of the eastern Inner Harbor Navigation Canal floodwall to the residential side thereof on August 28 - 29, 2005.

**Amended Answer to Request No. 1:**

Lafarge objects to this request as an improper Request for Admission in this action. Requests for admission are for the purpose of narrowing the issues for trial, not for purposes of discovery. LNA's "awareness" of what others may have "claimed" is not an issue for trial, and this request cannot possibly narrow the issues for trial regardless of the answer.

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 8 of 10
Exhibit 16 to P Motion for Protective Order        Page 000008

Subject to and without waiving any objections, LNA admits that it is "aware" of "one or more persons … other than Terry Adams and Christopher Weaver" who has "claimed to be an eyewitness" to the supposed events recited in the request, but LNA does not admit the veracity of any such account.  Further, to prevent any attempted misuse of its answer to this request to admit, LNA specifically denies that ING 4727 caused or contributed to the failure of the eastern IHNC floodwall or levee, or any other floodwall or levee, and denies that any witness can truthfully testify to the contrary.

*                               *                               *

**REQUEST NO. 3:**

Admit that Lafarge is aware of one or more persons - other than Terry Adams and Christopher Weaver - who claim to have seen a barge make contact with the eastern Industrial Canal floodwall between N. Claiborne Avenue and Florida Avenue on August 28 - 29, 2005.

**Amended Answer to Request No. 3:**

Lafarge objects to this request as an improper Request for Admission in this action. Requests for admission are for the purpose of narrowing the issues for trial, not for purposes of discovery. LNA's "awareness" of what others may have "claimed" is not an issue for trial, and this request cannot possibly narrow the issues for trial regardless of the answer.

Subject to and without waiving any objections, LNA admits that it is "aware" of "one or more persons … other than Terry Adams and Christopher Weaver" who "claim to have seen" the supposed events recited in the request, but LNA does ***not*** admit the veracity of any such account. Further, to prevent any attempted misuse of its answer to this request to admit, LNA specifically denies that ING 4727 caused or contributed to the failure of the eastern IHNC floodwall or levee, or any other floodwall or levee, and denies that any witness can truthfully testify to the contrary.

(Emphasis in original.)

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 9 of 10
Exhibit 16 to P Motion for Protective Order          Page 000009

14. Further affiant sayeth not.

                                                         *[signature]*
                                                         RICHARD T. SEYMOUR

Washington, D.C., ss:

Subscribed and sworn to before me on this the 12th day of February, 2008.

                                                         *[signature]*
                                                         Notary Public

My commission expires:  Patricia B. Martin
Notary Public, District of Columbia
My Commission Expires 3-31-2009

Attachment A to Plaintiffs' Opposition to Lafarge North America Inc.'s Motion to Quash
Subpoena Duces Tecum Served on Centanni Investigative Agency
Page 10 of 10

Exhibit 16 to P Motion for Protective Order                                                Page 000010