# Law Offices of Brian A. Gilbert, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113

Telephone (504) 581-6180
Telephone (504) 885-7700
Facsimile (504) 581-4336

bgilbert@briangilbertlaw.com

November 28, 2007

Derek A. Walker, Esq.  
Chaffe McCall, L.L.P.  
1100 Poydras Street, Suite 2300  
New Orleans, LA 70163-2301  

Mr. John D. Aldock, Esq.  
Goodwin Proctor, L.L.P.  
901 New York Ave., NW  
Washington, DC 20001  

Robert B. Fisher, Esq  
Chaffe McCall, L.L.P.  
1100 Poydras Street, Suite 2300  
New Orleans, LA 70163-2301  

Mr. Mark S. Raffman, Esq.  
Goodwin Proctor, L.L.P.  
901 New York Ave., NW  
Washington, DC 20001  

Mr. Daniel A. Webb, Esq.  
Sutterfield & Webb, LLC  
New Orleans, Louisiana 70130  

      Re:    Katrina Canal Breaches Consolidated Litigation;
               USDC EDLA Civil Action 05-4182 and consolidated cases

Gentlemen:

    I take no pleasure in writing this letter, however, it appears that a serious problem has arisen that must be addressed. Lafarge has listed on its preliminary witness list an entry describing witnesses to events in the Lower Ninth Ward on August 29, 2005. This description does not satisfy the requirements of discovery or the Court's Case Management Orders, so I contacted counsel for Lafarge last week for more definite information. I was told that the category was a catch-all of sorts, in case witnesses were discovered.

    Yesterday, in reply to my suggestion that we prepare to report to Mag. Wilkinson our progress in scheduling fact depositions, I received from Robert Fisher email proposing depositions of the following persons:

December 11: D'Antoinette Johnson and Kendrick Pounds

**November 28, 2007**
**P. 2**

>December 12: Diane Berryhill and Michael Bickham
>December 13: Andrew Sartin and Carolyn Berryhill
>December 19: Albert Parker Jr. and Eugene Ruiz
>December 21: Quentin Sutton and Calvin Jenkins

I spoke again with Chaffe McCall on two occasions yesterday, and once today, seeking more information about the identities of these persons and the substance of their anticipated testimony. While some information provided was vague and evasive of my direct questions, I was left with the distinct understanding that these people are Lower Ninth Ward residents. In other words, they are putative class members with whom those acting for Lafarge and/or its insurers have engaged in *ex parte* communications, or have received information so obtained.

Though I was concerned during my conversation with Chaffe McCall, I deferred detailed discussion of this matter in order to afford myself the opportunity to research, as exparte communications are a serious matter. My research reveals ample jurisprudence, in addition to Rules of Professional Conduct, which clearly prohibit, and may even criminalize, the activities in which Lafarge, through its counsel or others, appears to have engaged. As a starting point, I direct you to Judge Fallon's November 10, 2005 ruling in *Turner v. Murphy Oil*, No. 05-4206, USDC EDLA. While the cases on which the ruling is based are distinguishable, I do not think that the distinctions favor Lafarge.

Frankly, these activities, if they occurred, are shocking to the conscience, unmistakably harmful to the putative class, and depending upon their scope, have tainted these proceedings. These activities serve to create conflicts of interest between members of the putative class and the greater whole. They defy the rules of discovery, and breach the privilege of attorney-client confidentiality. Were these activities permissible, they would not have been perpetrated in secret, without notice to the Court or putative class counsel. Nor would counsel for Lafarge attempt to withhold information when asked directly about these proposed witnesses for Lafarge. "Win at all costs" is not a governing precept underlying the practice of law. We are no more permitted to engage in ex parte communications with Lafarge employees than the opposition is with respect to putative class members.

At this time, the BARGE PSLC demands that all persons acting for Lafarge and/or its insurers immediately cease and desist from and further communication with putative class members.

Second, we demand immediate receipt of the names, addresses and phone numbers of all

Exhibit 34 to P Motion for Protective Order                    Page 000002

**November 28, 2007**

**P.3**

putative class members with whom Lafarge and/or its insurers, directly or through any other person, has communicated concerning the subject matters of this suit.

Third, we demand immediate receipt of the names, addresses and phone numbers of any and all persons and entities who have communicated with putative class members concerning matters subject of this suit on behalf of Lafarge and/or its insurers.

Fourth, we demand immediate disclosure of every date and description of every occasion upon which any person acting on behalf of Lafarge and/or its insurers communicated with putative class members concerning matters subject of this suit.

Fifth, we demand immediate receipt of any and all written or recorded statements, affidavits, narratives, documents, and things made or provided by any putative class members concerning matters subject of this suit to persons acting on behalf of Lafarge and/or its insurers.

Sixth, we demand immediate receipt of any and all notes and records made by persons acting on behalf of Lafarge and/or its insurers relative to communications with putative class members concerning matters subject of this suit.

Seventh, we demand immediate disclosure of the identities of any and all persons who, on behalf of any other parties, plaintiff or defendant, in any of these consolidated matters, have received any of the above information, and/or have communicated in any manner, directly or indirectly, with members of the putative class concerning matters subject of this suit.

Eighth, we demand that counsel for Lafarge and/or its insurers either submit to deposition concerning these matters or file of record provide to the BARGE PSLC affidavits exhaustively disclosing all of the information sought by this correspondence.

Ninth, we demand that Lafarge and/or its insurers abstain from any depositions or taking of record testimony from these individuals pending adjudication of these matters.

We are in the process of preparing motions necessary to inform the Court of these actions, and to seek appropriate remedies and redress. I nonetheless hope for your compliance with these demands.

Exhibit 34 to P Motion for Protective Order                    Page 000003

November 28, 2007
P. 4

    Thank you for your courtesy and attention to this matter. If you have any questions, please do not hesitate to call my office.

                Sincerely,

                \s\Brian A. Gilbert
                \s\Lawrence D. Wiedemann
                \s\Patrick J. Sanders

                **BARGE Plaintiffs Subgroup**
                **Litigation Committee**

BAG/jrc