

# CHAFFE McCALL
### L.L.P

**DEREK A. WALKER**
Licensed in Louisiana,
Texas, and Colorado

Direct Dial No: (504) 585-7044
Direct Fax No: (504) 544-6066
E-mail: walker@chaffe.com

November 30, 2007

**VIA E-MAIL: bgilbert@briangilbertlaw.com**
Brian A. Gilbert, Esq.
Law Offices of Brian A. Gilbert, P.L.C.
821 Baronne Street
New Orleans, LA 70113
Law Office of Brian A. Gilbert

Re: *In re: Katrina Canal Breaches Consolidated Litigation*
C.A. No. 05-4182 "K"(2). U.S. District Court, E. D. of La.
BARGE Cases:

| | |
|---|---|
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait Family v. USA* | C.A. No. 07-3500 |
| *Lafarge v. USA* | C.A. No. 07-5178 |

Our Ref.: 099675/28821/DAW

Dear Brian:

We are writing in response to your letter dated November 28, 2007, and as a follow up to our numerous telephone discussions on the subject of your letter, which culminated in an agreement between barge plaintiffs and LNA. We agreed that:

1. The depositions noticed by LNA for the month of December will proceed as scheduled and without objection except that those noticed for December 21, will be rescheduled to a mutually convenient time.

2. Barge counsel can examine individuals noticed or identified by LNA, as allowed under the FRCP, including on the topic of contact LNA may have had with the witness.

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
Baton Rouge: 202 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 2425 West Loop South, Suite 200 • Houston, TX 77056 • Tel: (713) 621-7711 • Fax: (713) 621-4399
www.chaffe.com

1004202-1

Exhibit 35 to Motion for Protective Order         Page 000001

November 30, 2007
Page 2

   Notwithstanding this agreement, LNA feels compelled to reiterate its position on the subject of your letter, for the record. Your assertion that any prior communications between representatives of Lafarge North America, Inc. ("LNA") and so-called putative class members were improper, are unfounded and incorrect.

   The United States Supreme Court has held that a party's communications with putative class members may be limited only upon a "clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). Thus, "[t]o the extent that the district court is empowered to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened." *Id.* at 102. In short, "[a]bsent some showing of past abuse, or of an intention of future abuse, ... there is no reason to chill the defendant and its agents in its pursuit of the truth." *McLaughlin v. Liberty Mutual Ins. Co.*, 224 F.R.D. 295, 299 (D. Mass. 2004); accord *In re Fed Ex Ground Package System, Inc. Employment Practices Litig.*, 2007 U.S. Dist. LEXIS 79111, *16 (N.D. Ind. Oct. 12, 2007); *Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc.*, 214 F.R.D. 696 (S.D. Ala. 2003).

   These cases make clear that communications with putative class members to ascertain the relevant facts do <u>not</u> constitute abusive conduct and will not support a limitation order. In *McLaughlin*, for example, the court noted that the defendant had "represented that it seeks to conduct the interviews so that it can realistically assess the scope and nature of the case brought against it" and flatly held that "[t]here is nothing inherently wrong with that." *Id.* at 299. Accordingly, your assertion that LNA is prohibited from communicating with putative class members in an effort to ascertain the relevant facts is simply mistaken.

   The same conclusion applies under the Rules of Professional Conduct. On April 11, 2007, the American Bar Association's Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 07-455, captioned *Contact by Counsel with Putative Class Members Prior to Class Certification*. The Opinion specifically finds that:

> Both plaintiffs' counsel and defense counsel have legitimate need to reach out to potential class members regarding the facts that are the subject of the potential class action, including information that may be relevant to whether or not a class should be certified. With respect to such contacts, Rule 4.3, which concerns lawyers dealing with unrepresented persons, does not limit factual inquiries but requires both sides to refrain from giving legal advice other than advice to engage counsel, if warranted.

*Id.* at 5-6. The Opinion further holds that "[a] client-lawyer relationship with a potential member of the class does not begin until the class is certified and the time for opting out by a

November 30, 2007
Page 3

potential member of the class has expired. ... Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period." *Id.* at 3.

Judge Fallon's ruling in *Turner v. Murphy Oil USA, Inc.*, No. 05-4205 (E.D. La. Nov. 10, 2005), does not support your position. At page 2 of the opinion, Judge Fallon notes that he <u>denied</u> a motion for a blanket prohibition on communications between Murphy Oil and the putative class members, because such an order "would unduly infringe on Murphy Oil's First Amendment rights and was not justified by any specific evidence of coercion or duress." Subsequently, Judge Fallon held that specific evidence of (1) communications about settlements, and (2) communications that had the potential to be misleading, justified a limited order. There is no such evidence, and no such communications, here. To the contrary, defendants are entitled – no less than plaintiffs – to investigate the facts.

I am glad we were able to work this out.

Sincerely,

CHAFFE McCALL, L.L.P.

Derek A. Walker
Robert B. Fisher, Jr.

DAW/em

cc:   Goodwin Procter, L.L.P.:
      John D. Aldock – jaldock@goodwinprocter.com
      Mark S. Raffman – mraffman@goodwinprocter.com
      Richard M. Wyner – rwyner@goodwinprocter.com

      Sutterfield & Webb, L.L.C.
      Daniel A. Webb - dwebb@swslaw.com