# Rules of Professional Conduct

**with amendments through May 19, 2006**



Published by the
Louisiana Attorney Disciplinary Board
2800 Veterans Memorial Boulevard
Suite 310
Metairie, Louisiana 70002
(504) 834-1488 or (800) 489-8411

Exhibit 38 to P Motion for Protective Order  Page 000001

# ARTICLE XVI. RULES OF PROFESSIONAL CONDUCT
*As amended effective May 19, 2006*

## Table of Rules

RULE 1.0. TERMINOLOGY ..................................................................................4
**CLIENT-LAWYER RELATIONSHIP.................................................. 6**
  RULE 1.1. COMPETENCE ......................................................................6
  RULE 1.2. SCOPE OF REPRESENTATION AND ALLOCATION OF AUTHOR-
      ITY BETWEEN CLIENT AND LAWYER ......................................6
  RULE 1.3. DILIGENCE............................................................................6
  RULE 1.4. COMMUNICATION...............................................................6
  RULE 1.5. FEES........................................................................................7
  RULE 1.6. CONFIDENTIALITY OF INFORMATION..........................9
  RULE 1.7. CONFLICT OF INTEREST: CURRENT CLIENTS..............9
  RULE 1.8. CONFLICT OF INTEREST: CURRENT CLIENTS: SPECIFIC RULES.
      10
  RULE 1.9. DUTIES TO FORMER CLIENTS..........................................14
  RULE 1.10. IMPUTATION OF CONFLICTS OF INTEREST: GENERAL RULE 15
  RULE 1.11. SPECIAL CONFLICTS OF INTEREST FOR FORMER AND CUR-
      RENT GOVERNMENT OFFICERS AND EMPLOYEES ...................15
  RULE 1.12. FORMER JUDGE, ARBITRATOR, MEDIATOR OR OTHER THIRD-
      PARTY NEUTRAL ................................................................16
  RULE 1.13. ORGANIZATION AS CLIENT ............................................17
  RULE 1.14. CLIENT WITH DIMINISHED CAPACITY ........................18
  RULE 1.15. SAFEKEEPING PROPERTY ...............................................18
  IOLTA RULES.........................................................................................20
  RULE 1.16. DECLINING OR TERMINATING REPRESENTATION ...................22
  RULE 1.17. [RESERVED] ........................................................................23
  RULE 1.18. DUTIES TO PROSPECTIVE CLIENT..........................................23
**COUNSELOR ......................................................................................... 24**
  RULE 2.1. ADVISOR................................................................................24
  RULE 2.2 (DELETED) ..............................................................................24
  RULE 2.3. EVALUATION FOR USE BY THIRD PERSONS...............24
  RULE 2.4. LAWYER SERVING AS THIRD-PARTY NEUTRAL .........................24
**ADVOCATE ........................................................................................... 25**
  RULE 3.1. MERITORIOUS CLAIMS AND CONTENTIONS ...............................25
  RULE 3.2. EXPEDITING LITIGATION ................................................25
  RULE 3.3. CANDOR TOWARD THE TRIBUNAL................................25
  RULE 3.4. FAIRNESS TO OPPOSING PARTY AND COUNSEL..........................26
  RULE 3.5. IMPARTIALITY AND DECORUM OF THE TRIBUNAL ..................26
  RULE 3.6. TRIAL PUBLICITY...............................................................26
  RULE 3.7. LAWYER AS WITNESS .......................................................27
  RULE 3.8. SPECIAL RESPONSIBILITIES OF A PROSECUTOR ........................28
  RULE 3.9. ADVOCATE IN NONADJUDICATIVE PROCEEDINGS....................29

Exhibit 38 to P Motion for Protective Order  Page 000002

**TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS... 30**
    RULE 4.1. TRUTHFULNESS IN STATEMENTS TO OTHERS ............................30
    RULE 4.2. COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL 30
    RULE 4.3. DEALING WITH UNREPRESENTED PERSON ................................30
    RULE 4.4. RESPECT FOR RIGHTS OF THIRD PERSONS ..................................31

**LAW FIRMS AND ASSOCIATIONS ................................................. 32**
    RULE 5.1. RESPONSIBILITIES OF PARTNERS, MANAGERS, AND SUPERVISORY LAWYERS .................................................................................32
    RULE 5.2. RESPONSIBILITIES OF A SUBORDINATE LAWYER......................32
    RULE 5.3. RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS...32
    RULE 5.4. PROFESSIONAL INDEPENDENCE OF A LAWYER .........................33
    RULE 5.5. UNAUTHORIZED PRACTICE OF LAW; MULTIJURISDICTIONAL PRACTICE OF LAW .............................................................................34
    RULE 5.6. RESTRICTIONS ON RIGHT TO PRACTICE .....................................36

**PUBLIC SERVICE................................................................................ 38**
    RULE 6.1. VOLUNTARY PRO BONO PUBLICO SERVICE ................................38
    RULE 6.2. ACCEPTING APPOINTMENTS............................................................38
    RULE 6.3. MEMBERSHIP IN LEGAL SERVICES ORGANIZATION .................38
    RULE 6.4. LAW REFORM ACTIVITIES AFFECTING CLIENT INTERESTS ....39
    RULE 6.5. NONPROFIT AND COURT-ANNEXED LIMITED LEGAL SERVICES PROGRAMS ..........................................................................................39

**INFORMATION ABOUT LEGAL SERVICES ................................. 40**
    RULE 7.1. COMMUNICATIONS CONCERNING A LAWYER'S SERVICES.....40
    RULE 7.2. ADVERTISING......................................................................................41
    RULE 7.3. DIRECT CONTACT WITH PROSPECTIVE CLIENTS.......................41
    RULE 7.4. COMMUNICATION OF FIELDS OF PRACTICE................................43
    RULE 7.5. FIRM NAMES AND LETTERHEADS..................................................43

**MAINTAINING THE INTEGRITY OF THE PROFESSION.......... 44**
    RULE 8.1. BAR ADMISSION AND DISCIPLINARY MATTERS........................44
    RULE 8.2. JUDICIAL AND LEGAL OFFICIALS...................................................44
    RULE 8.3. REPORTING PROFESSIONAL MISCONDUCT .................................44
    RULE 8.4. MISCONDUCT.......................................................................................44
    RULE 8.5. DISCIPLINARY AUTHORITY; CHOICE OF LAW ............................45

Exhibit 38 to P Motion for Protective Order  Page 000003

**RULE 1.0. TERMINOLOGY**

(a) "Belief" or "believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

(b) "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (e) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

(c) "Firm" or "law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization.

(d) "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive.

(e) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

(f) "Knowingly," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(g) "Partner" denotes a member of a partnership, a shareholder in a law firm organized as a professional corporation, or a member of an association authorized to practice law.

(h) "Reasonable" or "reasonably" when used in relation to conduct by a lawyer denotes the conduct of a reasonably prudent and competent lawyer.

(i) "Reasonable belief" or "reasonably believes" when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

(j) "Reasonably should know" when used in reference to a lawyer denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(k) "Screened" denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

(l) "Substantial" when used in reference to degree or extent denotes a material matter of clear and weighty importance.

(m) "Tribunal" denotes a court, an arbitrator in a binding arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other

Exhibit 38 to P Motion for Protective Order   Page 000004

body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

(n) "Writing" or "written" denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, photostating, photography, audio or videorecording and e-mail. A "signed" writing includes an electronic sound, symbol or process attached to or logically associated with a writing and executed or adopted by a person with the intent to sign the writing.

Exhibit 38 to P Motion for Protective Order  Page 000005

# ADVOCATE

## RULE 3.1. MERITORIOUS CLAIMS AND CONTENTIONS

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

## RULE 3.2. EXPEDITING LITIGATION

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

## RULE 3.3. CANDOR TOWARD THE TRIBUNAL

(a) A lawyer shall not knowingly:
    (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
    (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
    (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.
(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.
(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6. (d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Exhibit 38 to P Motions for Protective Order  Page 000006

## RULE 3.4. FAIRNESS TO OPPOSING PARTY AND COUNSEL

A lawyer shall not:
(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists;
(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or
(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:
  (1) the person is a relative or an employee or other agent of a client, and
  (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

## RULE 3.5. IMPARTIALITY AND DECORUM OF THE TRIBUNAL

A lawyer shall not:
(a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law;
(b) communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;
(c) communicate with a juror or prospective juror after discharge of the jury if:
  (1) the communication is prohibited by law or court order;
  (2) the juror has made known to the lawyer a desire not to communicate; or
  (3) the communication involves misrepresentation, coercion, duress or harassment; or
(d) engage in conduct intended to disrupt a tribunal.

## RULE 3.6. TRIAL PUBLICITY

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the

Exhibit 38 to P Motion for Protective Order  Page 000007

# TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS

## RULE 4.1. TRUTHFULNESS IN STATEMENTS TO OTHERS

In the course of representing a client a lawyer shall not knowingly:
(a) make a false statement of material fact or law to a third person; or
(b) fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

## RULE 4.2. COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL

In representing a client, a lawyer shall not communicate about the subject of the representation with:
(a) a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.
(b) a person the lawyer knows is presently a director, officer, employee, member, shareholder or other constituent of a represented organization and
   (1) who supervises, directs or regularly consults with the organization's lawyer concerning the matter;
   (2) who has the authority to obligate the organization with respect to the matter; or
   (3) whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

## RULE 4.3. DEALING WITH UNREPRESENTED PERSON

In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in a matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

Exhibit 38 to P Motion for Protective Order  Page 000008

## LAW FIRMS AND ASSOCIATIONS

### RULE 5.1. RESPONSIBILITIES OF PARTNERS, MANAGERS, AND SUPERVISORY LAWYERS

(a) A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.
(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.
(c) A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:
   (1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
   (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

### RULE 5.2. RESPONSIBILITIES OF A SUBORDINATE LAWYER

(a) A lawyer is bound by the Rules of Professional Conduct notwithstanding that the lawyer acted at the direction of another person.
(b) A subordinate lawyer does not violate the Rules of Professional Conduct if that lawyer acts in accordance with a supervisory lawyer's reasonable resolution of an arguable question of professional duty.

### RULE 5.3. RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS

With respect to a nonlawyer employed or retained by or associated with a lawyer:
(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

Exhibit 38 to P Motion for Protective Order  Page 000009
32

    (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

    (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

### RULE 5.4. PROFESSIONAL INDEPENDENCE OF A LAWYER

(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

    (1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;

    (2) a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer;

Exhibit 38 to P Motion for Protective Order  Page 000010

# MAINTAINING THE INTEGRITY OF THE PROFESSION

## RULE 8.1. BAR ADMISSION AND DISCIPLINARY MATTERS

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) Knowingly make a false statement of material fact;
(b) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6; or
(c) Fail to cooperate with the Office of Disciplinary Counsel in its investigation of any matter before it except for an openly expressed claim of a constitutional privilege.

## RULE 8.2. JUDICIAL AND LEGAL OFFICIALS

(a) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.
(b) A lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Code of Judicial Conduct.

## RULE 8.3. REPORTING PROFESSIONAL MISCONDUCT

(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the Office of Disciplinary Counsel.
(b) A lawyer who knows that a judge has committed a violation of the applicable rules of judicial conduct that raises a question as to the judge's honesty, trustworthiness or fitness for office shall inform the Judiciary Commission. Complaints concerning the conduct of federal judges shall be filed with the appropriate federal authorities in accordance with federal laws and rules governing federal judicial conduct and disability.
(c) This rule does not require the disclosure of information otherwise protected by Rule 1.6 or information gained by a lawyer or judge while participating in an approved lawyers assistance program or while serving as a member of the Ethics Advisory Service Committee.

## RULE 8.4. MISCONDUCT

It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

Exhibit 38 to P Motion for Protective Order  Page 000011

(b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) Engage in conduct that is prejudicial to the administration of justice;
(e) State or imply an ability to influence improperly a judge, judicial officer, governmental agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;
(f) Knowingly assist a judge or judicial officer in conduct that is a violation of applicable Rules of Judicial Conduct or other law; or
(g) Threaten to present criminal or disciplinary charges solely to obtain an advantage in a civil matter.

## RULE 8.5. DISCIPLINARY AUTHORITY; CHOICE OF LAW

(a) Disciplinary Authority. A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction. A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct.
(b) Choice of Law. In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:
 (1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and
 (2) for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.

Exhibit 38 to P Motion for Protective Order  Page 000012