Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

Pfeifer v. State Farm Ins. Co.
E.D.La.,1997.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
David PFEIFER
v.
STATE FARM INSURANCE COMPANY
**No. CIV. A. 96-1895.**

May 22, 1997.

WILKINSON, J.

*INTRODUCTION*

**\*1** Plaintiff David Pfeifer brought this action under the Family Medical Leave Act ("FMLA"), Louisiana's anti-discrimination statutes and Louisiana tort law. He alleges that his former employer, State Farm Mutual Automobile Insurance Company ("State Farm"), unlawfully discriminated against him and violated the FMLA by terminating his employment on the basis of his mental illness.[FN1] He also alleges that State Farm defamed him and invaded his privacy by falsely claiming that his termination was based on his acts of sexual harassment against his co-employees, which violated the company's policy against sexual harassment. Plaintiff's Petition and Amended Petition, Record Doc. No. 3 (Exh. A) and No. 8; Defendant's Answer, Record Doc. No. 4.

Defendant has filed a motion to compel plaintiff to (1) produce notes that he made in his personal journal at the request of his psychiatrist; (2) produce tape recordings of telephone conversations he conducted with fellow State Farm employees, which he recorded without their knowledge; and (3) to answer deposition questions regarding any illegal drug use while he was employed by State Farm. Plaintiff opposes the motion on grounds that (1) his notes are protected by the psychiatrist/patient privilege, (2) his tape-recordings are protected by the work product doctrine and (3) his responses to the deposition questions would force him to provide potentially self-incriminating evidence in violation of his Fifth Amendment privilege.

For the following reasons, the motion is GRANTED.

II. *ANALYSIS*

A. *Plaintiff's Journal*

Pfeifer kept a journal following his termination from State Farm concerning events relevant to this action. He argues that it is protected from discovery under the psychotherapist/patient privilege because he maintained the journal on the advice of his treating psychiatrist.

The United States Supreme Court recently recognized the existence of a federal psychotherapist/patient privilege under Fed.R.Evid. 501. *Jaffee v. Redmond,* 116 S.Ct. 1923, 1928 (1996).[FN2] Like other privileges, the psychotherapist/patient privilege must be strictly construed. *Id.* at 1928. The Supreme Court emphasized repeatedly in *Jaffee* that the reason for the privilege is to protect *confidential communications between* patient and therapist. *Id.* at 1929, 1930, 1931.[FN3]

In the instant case, Pfeifer testified at his deposition that he began keeping a journal because his doctor suggested that "writing down what happened can help you understand some of the situation." Defendant's Exh. B, plaintiff's deposition at 115. Nothing in either plaintiff's deposition or his opposition memorandum suggests that his journal was intended to be or actually was used as a communication between him and his therapist. When no "confidential communication" [FN4] has occurred, the privilege does not apply.

Accordingly, plaintiff's objection to production of his journal on the basis of the psychotherapist/patient privilege is overruled.

B. *Tape-recorded Telephone Conversations*

*2 Plaintiff argues that the tape recordings of his telephone conversations are protected by the work product doctrine because they were made upon the advice of his attorney in an effort to obtain his former co-workers' "candid recollections of the events which led up to plaintiff's termination." Plaintiff's opposition memorandum at 4. This objection is also overruled.

The work product doctrine offers only qualified protection for documents and other tangible things prepared in anticipation of litigation. Fed.R.Civ.P. 26(b)(3). Although Pfeifer's tape recordings appear to have been made in anticipation of litigation, they are not automatically exempt from discovery. Rule 26(b)(3) specifically permits discovery of such materials if the moving party can show "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.*

However, the Court need not decide whether State Farm has met that test because other exceptions compel disclosure of the tapes. First, Pfeifer taped the conversations while the fellow employees were still working for State Farm for the purpose of obtaining information relevant to the allegations and defenses asserted in this lawsuit, and he concedes that he may use them at trial for impeachment. Defendant's Exh. C, plaintiff's deposition at 12-18, 44-48; Plaintiff's opposition memorandum at 4. Pfeifer's statements in this regard indicate that the recordings contain information relevant to the subject matter of this action and are reasonably calculated to

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

lead to the discovery of admissible information.

A statement of an employee is discoverable as a matter of right pursuant to Fed.R.Civ.P. 26(b)(3) if said statement would be admissible in evidence against the employer corporation as a vicarious admission. Under Fed.R.Evid. 801(d)(2)(D) a statement is an admission of the employer if it was made "by his agent or servant concerning a matter within the scope of his agency or employment, [and] made during the existence of the relationship."

*Thornton v. Continental Grain Co.,* 103 F.R.D. 605, 606 (S.D.Ill.1984) (quoting Fed.R.Evid. 801(d)(2)(D); citing 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2027 at n. 8); *accord United States v. First Tenn. Bank Nat'l Ass'n,* No. 94-CV-3232, 1995 WL 440808, at *2 (E.D.Tenn.1995).

Any statements made by defendant's employees concerning a matter within the scope of their agency or employment, made during the existence of the relationship, can be attributed to State Farm. The rule of attribution is not limited, as Pfeifer argues, to supervisory employees: "all that is required is that the statement concern a matter within the scope of the agency or employment, and that the agent or servant still be employed at the time of making the statement." M. Graham. *Federal Practice and Procedure: Evidence* § 6723 at 508-09 (interim ed.1992).[FN5]

**\*3** It appears from the excerpts of Pfeifer's deposition testimony in the record that the female employees whose conversations he recorded were directly involved in some of the incidents defendant claims involved sexual harassment. These employees may have been (and plaintiff testified that he was trying to find out if they were) those who made the complaints that led to defendant's purported reasons for terminating his employment. These employees were not mere observers of a dangerous condition that allegedly caused an accident, [FN6] but were directly involved in the entire chain of events that led to the decisionmaking process. Their statements were made during the course of their employment and may constitute an admission of State Farm under Fed.R.Evid. 801(d)(2)(D). Therefore, they are statements of a party pursuant to Fed.R.Civ.P. 26(b)(3) discoverable as a matter of right without the showing required for other trial preparation materials subject to the rule.

Furthermore, Pfeifer's conduct in surreptitiously taping conversations in which he deliberately engaged unsuspecting co-workers vitiates the qualified protection of Rule 26(b)(3). *Ward v. Maritz, Inc.,* 156 F.R.D. 592, 594 (D.N.J.1994) (citing *Parrott v. Wilson,* 707 F.2d 1262, 1270-72 (11th Cir.1983); *Moody v. IRS,* 654 F.2d 795, 800 (D.C.Cir.1981)). "[O]ne-sided, surreptitious taping of potential witnesses without discovery could produce an unfairly prejudicial effect in that witnesses could be subjected to surprise introduction of tapes at trial or potential blackmail." *Id.* at 595 (citing *Bogan v. Southwestern Mut. Life Ins. Co.,* 144 F.R.D. 51, 56 (S.D.N.Y.1992)). The " 'extremely mild remedy of discovery' " does not interfere with the rights of the parties or their counsel to interview witnesses, except when it is done secretly without the consent of the interviewee, in which case the tapes are discoverable. *Id.* (quoting *Bogan,* 144 F.R.D. at 54); see also additional cases cited *id.* at 595-96.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

Finally, "[p]roduction of the tapes also accords with the principle of fairness governing the application of the work product doctrine.... Without such production, plaintiff unilaterally maintains the ability to use the secretly recorded statements for discovery purposes and for impeachment purposes at trial. Fundamental fairness requires that the defense be afforded the opportunity, if [defendant] so desires, to use the statements [for the same purposes] ...." *Id.* at 594 (citation omitted).

Accordingly, plaintiffs objection to production of the tape recordings is overruled.

C. *Deposition Questions Regarding Plaintiff's Alleged Drug Use*

During plaintiff's deposition, defense counsel asked whether plaintiff had used marijuana or cocaine while he worked for State Farm. Pfeifer admitted that he had used marijuana, denied that he had used it regularly and could not recall how often he had used it. When counsel for defendant asked whether Pfeifer had used cocaine while employed by State Farm, plaintiff's counsel objected and instructed Pfeifer not to answer any further questions about illegal drug use on the basis of his Fifth Amendment privilege against self-incrimination. State Farm asserts that plaintiff's answers to these questions "may have a bearing on the cause of his alleged mental illness and on any request for reinstatement in this matter." Defendant's memorandum at 5.

**\*4** An individual is entitled to assert the privilege against self-incrimination in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory. *In re Corrugated Container Antitrust Litigation,* 620 F.2d 1086, 1091 (5th Cir.1980). However, the privilege applies only when the possibility of self-incrimination is a real danger, not a remote and speculative possibility.... [T]he claim of privilege must be sustained if it is 'evident *from the implications of the question, in the setting in which it is asked,* that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.' If, however, the incriminating nature of the response is not readily apparent to the court, the claimant must 'specify how he would be injured by any specific question [or answer]'.... In short, unless the danger of self-incrimination is readily apparent, the burden of proving that the danger exists lies on the claimant.

*Steinbrecher v. Commissioner of Internal Revenue,* 712 F.2d 195, 197 (5th Cir.1983) (quoting *Hoffman v. United States,* 341 U.S. 479, 486-87 (1951), and *United States v. Carroll,* 567 F.2d 955, 957 (10th Cir.1977)) (other citations omitted) (emphasis added). It is not necessary that a criminal prosecution be ongoing or imminent for the Court to find that Pfeifer may invoke the privilege. *United States v. Cuthel,* 903 F.2d 1381, 1384 (11th Cir.1990); *United States v. Jones,* 703 F.2d 473, 477 (10th Cir.1983); *In re Corrugated Container Antitrust Litigation,* 620 F.2d at 1091.

In this case, the potentially incriminating nature of the response is readily apparent if plaintiff is compelled to admit to illegal drug use. However, it is known whether the applicable statutes of limitations might have already expired or whether other circumstances might exist that would

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 40 to P Motion for Protective Order        Page 000004

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

make criminal charges remote or speculative. Moreover, the setting in which the questions were asked, *i.e.,* a deposition in an employment discrimination case by a private plaintiff against a private employer, is not as likely to lead to prosecution as it would be if the questions were being asked by a government agency, such as the Internal Revenue Service or the Securities and Exchange Commission, in a civil enforcement proceeding when that same agency could exercise its power to initiate criminal proceedings based on the witness' answers to self-incriminating questions. *See, e.g., Jones,* 703 F.2d at 478. Thus, I do not find that the "the danger of self-incrimination is readily apparent," nor do I find that Pfeifer has carried his burden to show that such a danger exists.

On the other hand, there is no need for public dissemination of plaintiff's answers to such questions. Thus, plaintiff's objection to the subject deposition questions is overruled and defendant's motion to compel a continuation of his deposition will be granted, subject however to the protections described below.

*CONCLUSION*

**\*5** Accordingly, IT IS ORDERED that Pfeifer must appear at a time and place to be arranged jointly by counsel for a continuation of his deposition, which will be limited to questions about his drug use while plaintiff was employed by State Farm. IT IS FURTHER ORDERED that plaintiff's answers to any questions about illegal drug use must be maintained in confidence by the parties; may be disclosed only to "Qualified Persons," as defined in the protective order previously entered in this case, and subject to the requirement that Qualified Persons agree to be bound by the protective order as provided therein, Record Doc. No. 14; must be used solely for purposes of this litigation; and must be filed under seal if it is necessary that such answers be filed with the Court.

IT IS FURTHER ORDERED that plaintiff must provide a supplemental, written response to defendant's Request for Production Nos. 1 and 3 in accordance with Fed.R.Civ.P. 34 and must produce to defendant within ten days of entry of this order his journal and/or other notes identified in his deposition and the tape recordings of his conversations with State Farm employees.

Defendant's request for sanctions is DENIED. I find that plaintiff's objections to the subject discovery were justified by good faith legal arguments that would make an award of expenses unjust in these circumstances. Fed.R.Civ.P. 37(d).
New Orleans, Louisiana, this 21st day of May, 1997.

> FN1. Plaintiff states that he had been diagnosed as having major depression.
>
> FN2.Rule 501 states: "Except as otherwise required by the Constitution of the United States or provided by the Supreme Court pursuant to statutory authority, the privilege of a witness, person ... shall be governed by the principles of common law as they may be

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 40 to P Motion for Protective Order   Page 000005

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501. Thus, federal common law governs the scope of privileges under Rule 501.

FN3. The Supreme Court specifically rejected the balancing test that Pfeifer urges This Court to apply. *Id.* at 1932.

FN4. The Court looks for guidance in this context to proposed, but rejected, Federal Rule of Evidence 504, which defines a communication as " 'confidential' if not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview." Rejected Fed.R.Evid. 504. Thus, there must be a confidential communication between the patient and his health care provider for the privilege to attach. See also La.Code Evid. art. 510 for similar definition under Louisiana state law of health care provider/patient privilege.

FN5.*See* Corley v. Burger King Corp., 56 F.3d 709, 710 (5th Cir.1995) (statement of defendant's manager that he was on his way to Burger King store to deliver supplies needed for he store's business when he had auto accident with plaintiff was admissible because it concerned matter within scope of his agency or employment): EEOC v. Watergate at Landmark Condominium, 24 F.3d 635, 640 (4th Cir.1994) ("significant involvement, either as advisor or participant in a process leading to a challenged decision, may suffice to establish 'agency' for this purpose: it is not necessary that the declarant be the final decisionmaker"): Nekolny v. Painter, 653 F.2d 1164, 1171 (7th Cir.1981) (once fact of agency is established, Rule 801(d)(2)(D) requires only that statement concern a matter within scope of agency or employment): Watts v. Kroger Co., 955 F.Supp. 674, 677, 678 (N.D.Miss.1997) (a co-worker's statement to plaintiff, reporting to her a sexual comment that was allegedly made by her supervisor to the co-worker, was made within scope of co-worker's employment).

FN6.*See* Mayfield v. Soo Line R.R., No. 95-C-2394, 1995 WL 715865, at *2 (N.D.Ill.Dec. 4, 1995) (statements of employees who were merely witnesses to a dangerous condition, but who wee not involved in causing the dangerous condition and did not witness the accident allegedly caused by the condition, were not admissions attributable to defendant and therefore were not discoverable).

E.D.La.,1997.
Pfeifer v. State Farm Ins. Co.
Not Reported in F.Supp., 1997 WL 276085 (E.D.La.)

END OF DOCUMENT

**Westlaw.**

Date of Printing: MAR 17,2008

# KEYCITE

**Pfeifer v. State Farm Ins. Co.,** 1997 WL 276085 (E.D.La., May 22, 1997) (NO. CIV. A. 96-1895)

## History

### Direct History

=> 1 **Pfeifer v. State Farm Ins. Co.,** 1997 WL 276085 (E.D.La. May 22, 1997) (NO. CIV. A. 96-1895)

### Negative Citing References (U.S.A.)

*Distinguished by*

H  2 Merrill v. Waffle House, Inc., 227 F.R.D. 467 (N.D.Tex. Feb 04, 2005) (NO. 3:04-CV-888-M) ★

   3 Williams v. Gunderson Rail Services, LLC, 2008 WL 145251 (W.D.La. Jan 14, 2008) (NO. CIV. A. 07-0887) ★

### Related References (U.S.A.)

H  4 Pfeifer v. State Farm Ins. Co., 1997 WL 423106 (E.D.La. Jul 25, 1997) (NO. CIV. A. 96-1895)

*Affirmed by*

H  5 Pfeifer v. State Farm Ins. Co., 156 F.3d 183 (5th Cir.(La.) Aug 14, 1998) (Not selected for publication in the Federal Reporter, NO. 97-30865)

## Court Documents

### Dockets (U.S.A.)

**E.D.La.**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

Exhibit 40 to P Motion for Protective Order     Page 000007

6 PFEIFER v. ST FARM INS CO, ET AL, NO. 2:96cv01895 (Docket) (E.D.La. Jun. 03, 1996)

**Citing References**

**Positive Cases (U.S.A.)**

★★★  **Discussed**

7 Smith v. WNA Carthage, L.L.C., 200 F.R.D. 576, 578+ (E.D.Tex. Apr 06, 2001) (NO. 900-CV-223) "

★★  **Cited**

8 Robertson v. National R.R. Passenger Corp., 1999 WL 199093, *1+ (E.D.La. Apr 08, 1999) (NO. CIV. A. 98-1397)

9 Robertson v. National Railroad Passenger Corp., 1998 WL 1058101, *1+, 79 Fair Empl.Prac.Cas. (BNA) 1369, 1369+ (E.D.La. Apr 08, 1998) (NO. 98-1197)

**Secondary Sources (U.S.A.)**

10  Employment Discrimination Law and Litigation s 14:64, s 14:64. Tape recorded conversations--Ethical considerations (2007)

11 THE LIMITS OF PRIVILEGE: THE DEVELOPING SCOPE OF FEDERAL PSYCHOTHERAPIST-PATIENT PRIVILEGE LAW, 20 Rev. Litig. 1, 43 (2000)

12 DECEPTIVE LAWYERING, 74 U. Cin. L. Rev. 577, 606 (2005)

13 THE PSYCHOTHERAPIST-PATIENT PRIVILEGE AFTER JAFFEE V. REDMOND: WHERE DO WE GO FROM HERE?, 76 Wash. U. L.Q. 1341, 1409+ (1998)

14 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SM031 ALI-ABA 847, 1051 (2007)

15 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SM027 ALI-ABA 797, 1003 (2006)

16 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SL070 ALI-ABA 919, 1123 (2006)

17 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SL031 ALI-ABA 943, 1117 (2005)

18 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR, SK083 ALI-ABA 997, 1199 (2005)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 40 to P Motion for Protective Order         Page 000008

19 SELECTED ETHICS, SK033 ALI-ABA 1283, 1474 (2004)

20 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SJ079 ALI-ABA 767, 953 (2004)

21 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, SJ088 ALI-ABA 483, 657 (2004)

22 ETHICAL CONSIDERATIONS IN HANDLING EMPLOYMENT LAW PROBLEMS, SH062 ALI-ABA 549, 717 (2003)

23 THE AGE OF THE ELECTRONIC WORKPLACE, 762 PLI/Lit 625, 637+ (2007)

24 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND EMPLOYMENT LAW CASES, 743 PLI/Lit 229, 434 (2006)

25 SELECTED ETHICS AND PROFESSIONALISM ISSUES, 727 PLI/Lit 19, 72 (2005)

## Court Documents

### Trial Court Documents (U.S.A.)

**Trial Motions, Memoranda and Affidavits**

26 John J. BLOOM, Plaintiff/Counter Defendant, v. WEEKS MARINE, INC., Defendant/Counter Plaintiff., 2003 WL 23804095, *23804095+ (Trial Motion, Memorandum and Affidavit) (M.D.Fla. Feb 03, 2003) **Defendant's Motion for Reconsideration & ...** (NO. 302-CV-176-J-16-HTS) ★★

27 John J. BLOOM, Plaintiff, v. WEEKS MARINE, INC., Defendant., 2002 WL 32660436, *32660436+ (Trial Motion, Memorandum and Affidavit) (M.D.Fla. Nov 15, 2002) **Motion to Compel Compliance With Discovery and ...** (NO. 302-CV-176-J-16-HTS) ★★★

28 Peter MOLODECKI, Sr., Plaintiff, v. ROBERTSON DISPLAY, INC., Defendants., 2002 WL 32637346, *32637346 (Trial Motion, Memorandum and Affidavit) (M.D.Fla. Mar 15, 2002) **Plaintiff's Response in Opposition to Defendant's ...** (NO. 800-CV-2469-T-17F) ★★

29 Maria Alexandra BALDA and Yaisury Ramirez, Plaintiffs, v. IDS TELCOM, LLC, Defendant., 2002 WL 32608494, *32608494 (Trial Motion, Memorandum and Affidavit) (S.D.Fla. Aug 23, 2002) **Defendant's Motion to Compel Production, or ...** (NO. 01-CV-3362-JORDAN/BA) ★★

30 Charquita PRICE, Plaintiff, v. GWINNETT FAMILY DENTAL CARE, LLC and Dr. Eric Staeben, Defendants., 2007 WL 4718189, *4718189 (Trial Motion, Memorandum and Affidavit) (N.D.Ga. Jun 22, 2007) **Defendant Gwinnett Family Dental Care, LLC's ...** (NO. 106-CV-2659) ★

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

Exhibit 40 to P Motion for Protective Order          Page 000009

31 Daniel G. DURAND, Plaintiff, v. UNION PACIFIC RAILROAD COMPANY, Defendant., 2002 WL 32711815, *32711815 (Trial Motion, Memorandum and Affidavit) (M.D.La. Feb 26, 2002) **Memorandum in Support of Motion to Compel** (NO. 01-CV-959) ★★

32 Jennifer ARD, v. CITY OF ZACHARY and Glen B. Spillman, Individually and in His Official Capacity., 2001 WL 34646865, *34646865 (Trial Motion, Memorandum and Affidavit) (M.D.La. Feb 05, 2001) **City of Zachary's Response to Plaintiff's ...** (NO. 00-251) ★★

33 Ray WILLIAMS, v. GUNDERSON RAIL SERVICES, LLC., 2007 WL 4840494, *4840494+ (Trial Motion, Memorandum and Affidavit) (W.D.La. Dec 10, 2007) **Memorandum in Support of Motion to Compel ...** (NO. 307CV0887) ★★★

34 Vicky B. CHELETTE and Dale Chelette, Plaintiffs, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, State Farm Fire and Casualty Company, Rex Finklea and Ken Daniel, Defendant., 2005 WL 3644986, *3644986+ (Trial Motion, Memorandum and Affidavit) (W.D.La. Nov 15, 2005) **Memorandum of Law in Support of Defendants' ...** (NO. CV04-2440-M) ★★

35 James E. AVANT, v. Johnny Ray MATTHEWS, et al., 2003 WL 23913504, *23913504 (Trial Motion, Memorandum and Affidavit) (W.D.La. Jan 21, 2003) **Memorandum in Opposition to Defendants' Motion to ...** (NO. CV02-1197L-O) ★★

36 Thomas C. and Pamela MCINTOSH, Plaintiffs, v. STATE FARM FIRE & CASUALTY CO. and Forensic Analysis & Engineering Co., et al., Defendants., 2007 WL 1573760, *1573760 (Trial Motion, Memorandum and Affidavit) (S.D.Miss. May 30, 2007) **Defendant State Farm Fire and Casualty Company's ...** (NO. 106-CV-1080-LTS-RHW) ★★

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 40 to P Motion for Protective Order       Page 000010