*Westlaw.*

▷Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Thomas F. ROBERTSON
v.
NATIONAL RAILROAD PASSENGER CORPORATION (A.K.A.Amtrak) and Glenn Welch
**No. CIV. A. 98-1397.**

April 8, 1999.

AFRICK, Magistrate J.

**\*1** A hearing was held on this date regarding defendants' motion to compel in which defendants seek an order compelling plaintiff to answer interrogatories and to produce documents responsive to requests for production. Participating by telephone were Catherine Leary, Esq., representing plaintiff, and David Whitaker, Esq., representing defendants.

 IT IS ORDERED that the motion is DENIED with respect to interrogatories nos. 4 and 6, except to the extent that plaintiff is ordered, within ten (10) days, to relate to defense counsel all factual information obtained from witnesses during conversations between plaintiff and such witnesses.

 With respect to defendants' request that witness affidavits be produced, IT IS ORDERED that, within ten (10) days, plaintiff provide defendants with the names of the four affiants. IT IS FURTHER ORDERED that, within ten (10) days, plaintiff submit these four affidavits to this Court for *in camera review* to determine whether the affidavits are discoverable.

 As to defense counsel's request for tape recordings surreptitiously made by plaintiff, the Court is informed that thirty-six "tape recordings were made by plaintiff during the period from September, 1998, through January, 1999, to document incidents of workplace abuse and harassment." [FN1] Plaintiff has provided defendants with eighteen of the tapes.

> FN1. Plaintiff's memorandum in opposition, p. 3.

 By surreptitiously tape recording the statements of co-workers, plaintiff has vitiated the qualified protection of Rule 26(b)(3). [FN2] "[O]ne-sided, surreptitious taping of potential witnesses without discovery could produce an unfairly prejudicial effect in that witnesses could be subjected to surprise introduction of tapes at trial or potential blackmail." [FN3] "Finally, '[p]roduction of the tapes also accords with the principle of fairness governing the application of the work product doctrine ... Without such production, plaintiff unilaterally maintains the ability

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.
Exhibit 41 to P Motion for Protective Order          Page 000001

Not Reported in F.Supp.2d                                                        Page 2
Not Reported in F.Supp.2d, 1999 WL 199093 (E.D.La.)
**(Cite as: 1999 WL 199093 (E.D.La.))**

to use the secretly recorded statements for discovery purposes and for impeachment purposes at trial. Fundamental fairness requires that the defense be afforded the opportunity, if [defendant] so desires, to use the statements [for the same purposes]" ' [FN4]

> FN2.*See Pfeifer v. State Farm Insurance Company,* 1997 WL 276085, *3 (E.D.La.1997); *see Ward v. Maritz, Inc.,* 156 F.R.D. 592, 594- 95 (D.N.J.1994) (*citing Parrott v. Wilson,* 707 F.2d 1262, 1270-72 (11th Cir.), *cert. denied,*464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983)); *see Moody v. IRS,* 654 F.2d 795, 800 (D.C.Cir.1981).

> FN3.*Pfeifer v. State Farm Insurance Company,* 1997 WL 276085 at * 3 (*quoting Ward v. Maritz, Inc.,* 156 F.R.D. at 598).

> FN4.*Pfeifer v. State Farm Insurance Company,* 1997 WL 276085 at * 3 (*quoting Ward v. Maritz. Inc.,* 156 F.R.D. at 595).

The remaining issue relates to the timing of such production. In *Innovative Therapy Products, Inc. v. Roe,* [FN5] the Court considered the production of an audiotape recording, surreptitiously made by plaintiff, which defendants sought to discover and which plaintiff declined to produce. Plaintiff argued that the tape was impeachment evidence and need not be produced until after Roe's deposition. Defendants argued that they were entitled to the tape immediately so that they could question the plaintiff about it during his deposition, that the tape was not impeachment evidence, and that the defendants were entitled to review the tape before the deposition of one of the defendants. The magistrate judge, in ordering the immediate production of the tape recording, stated that "[w]hile it is true that under some circumstances courts have permitted parties to withhold discoverable impeachment evidence pending an opponent's deposition, the question is a complex one and there is no universal rule prohibiting discovery of such evidence or governing the timing of disclosure." [FN6]

> FN5.1998 WL 293995 *1 (E.D.La.1998).

> FN6.*Id.; see* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2015, at 211-20 (West 1994); *see also Roberts v. Americable Intern., Inc.,* 883 F.Supp. 499 (E.D.Cal.1995) (the court ordered the immediate production of surreptitiously recorded tapes).

**\*2** Notwithstanding plaintiff's attempt to distinguish *Roberts,* this Court exercises its discretion to order that such tapes be produced prior to any depositions of the taped witnesses. Delaying production following depositions would be difficult and cumbersome. The conversations on the tapes may be unclear, transcripts may be needed, there are a large volume of tapes not yet produced, and plaintiff has not specifically delineated the prejudice that would be suffered should the tapes be produced prior to any depositions.

According to defense counsel's memorandum, a sample tape has been provided defendants by

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.
Exhibit 41 to P Motion for Protective Order                    Page 000002

Not Reported in F.Supp.2d                                                                                        Page 3
Not Reported in F.Supp.2d, 1999 WL 199093 (E.D.La.)
**(Cite as: 1999 WL 199093 (E.D.La.))**

plaintiff's counsel which contains a "sample" of the alleged egregious conduct. It would be unfair to produce such a sampling without affording opposing counsel a meaningful opportunity to discover the context within which such statements were made. Furthermore, forcing defense counsel to redepose eighteen witnesses because of his inability to conduct a meaningful evaluation of the tapes, in context with one another and prior to the conclusion of the initial depositions, would be a waste of resources. The Court also notes that the tapes, or portions thereof, may be substantive in nature and they may not merely relate to the impeachment of witnesses.

 Accordingly,

 IT IS ORDERED that, within ten (10) days, plaintiff provide defendants with the remaining eighteen tapes.

 Not Reported in F.Supp.2d, 1999 WL 199093 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.
Exhibit 41 to P Motion for Protective Order                    Page 000003

Westlaw.

Date of Printing: MAR 17,2008

## KEYCITE

▷**Robertson v. National R.R. Passenger Corp.,** 1999 WL 199093 (E.D.La., Apr 08, 1999) (NO. CIV. A. 98-1397)

### History

### Direct History

=>       1 **Robertson v. National R.R. Passenger Corp.,** 1999 WL 199093 (E.D.La. Apr 08, 1999) (NO. CIV. A. 98-1397)
                    *Order Clarified by*
H        2 Robertson v. National Ry. Passenger Corp., 1999 WL 350115 (E.D.La. May 27, 1999) (NO. CIV. A. 98-1397)

### Related References (U.S.A.)

H        3 Robertson v. National R.R. Passenger Corp., 1999 WL 280407 (E.D.La. May 03, 1999) (NO. CIV.A. 98-1397)

### Court Documents

### Dockets (U.S.A.)

**E.D.La.**
        4 ROBERTSON v. NATL RR PASSENGER CO, ET AL, NO. 2:98CV01397 (Docket) (E.D.La. May. 08, 1998)

### Citing References

### Positive Cases (U.S.A.)

★★★   Discussed

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 41 to P Motion for Protective Order          Page 000004

**Westlaw.**

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 1999 WL 350115 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**   5 Woodland v. Nalco Chemical Co., 2002 WL 31556356, *1+, 83 Empl. Prac. Dec. P
41,341, 41341+, 147 Lab.Cas. P 34,665, 34665+ (E.D.La. Nov 15, 2002) (NO.
CIV.A. 01-3337) "

### ★★  Cited

**C**   6 Stoldt v. Centurion Industries, Inc., 2005 WL 375667, *1+ (D.Kan. Feb 03, 2005)
(NO. 03-2634-CM-DJW)

**H**   7 Woodland v. Nalco Chemical Co., 2003 WL 145535, *1 (E.D.La. Jan 16, 2003)
(NO. CIV.A. 01-3337)

**C**   8 Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 231,
44 Fed.R.Serv.3d 1269, 1269 (M.D.N.C. Jun 18, 1999) (NO. 1:98CV00379)

**C**   9 Costa v. AFGO Mechanical Services, Inc., 237 F.R.D. 21, 24 (E.D.N.Y. Apr 17,
2006) (NO. 05 CV 4640 (SJ))

**C**  10 Smith v. WNA Carthage, L.L.C., 200 F.R.D. 576, 578+ (E.D.Tex. Apr 06, 2001)
(NO. 900-CV-223)

### ★  Mentioned

11 Williams v. Gunderson Rail Services, LLC, 2008 WL 145251, *2 (W.D.La. Jan 14,
2008) (NO. CIV. A. 07-0887)

### Secondary Sources (U.S.A.)

12 Employment Discrimination Law and Litigation s 14:64, s 14:64. Tape recorded
conversations--Ethical considerations (2007)

13 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SN029 ALI-ABA 1697, 1955+ (2007)

14 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SM031 ALI-ABA 847, 1051 (2007)

15 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SM027 ALI-ABA 797, 1003 (2006)

16 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SL070 ALI-ABA 919, 1123 (2006)

17 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SL031 ALI-ABA 943, 1117 (2005)

18 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR, SK083
ALI-ABA 997, 1199 (2005)

19 SELECTED ETHICS, SK033 ALI-ABA 1283, 1474 (2004)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 41 to P Motion for Protective Order                    Page 000005



Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 1999 WL 350115 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

20 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SJ079 ALI-ABA 767, 953 (2004)

21 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, SJ088 ALI-ABA 483, 657 (2004)

22 ETHICAL CONSIDERATIONS IN HANDLING EMPLOYMENT LAW
PROBLEMS, SH062 ALI-ABA 549, 717 (2003)

23 SELECTED ETHICS AND PROFESSIONALISM ISSUES IN LABOR AND
EMPLOYMENT LAW CASES, 743 PLI/Lit 229, 434 (2006)

24 SELECTED ETHICS AND PROFESSIONALISM ISSUES, 727 PLI/Lit 19, 72
(2005)


## Court Documents

### Trial Court Documents (U.S.A.)


**Trial Motions, Memoranda and Affidavits**

25 Charquita PRICE, Plaintiff, v. GWINNETT FAMILY DENTAL CARE, LLC and
Dr. Eric Staeben, Defendants., 2007 WL 4718189, *4718189 (Trial Motion,
Memorandum and Affidavit) (N.D.Ga. Jun 22, 2007) **Defendant Gwinnett Family
Dental Care, LLC's ...** (NO. 106-CV-2659) ★★

26 PEACE LAKE TOWERS, INC., Plaintiff, v. INDIAN HARBOR INSURANCE
CO. and Hartford Steam Boiler Inspection and Insurance Co., Defendants., 2007
WL 4541096, *4541096 (Trial Motion, Memorandum and Affidavit) (E.D.La. Nov
20, 2007) **Indian Harbor's Memorandum in Opposition of ...** (NO. 06-4522, 06-
4693) ★★

27 Kelly Marie CAMP, individually and on behalf of all other similarly situated claims
adjusters employed by the Progressive family of insurance companies, Plaintiffs, v.
THE PROGRESSIVE CORPORATION, Progressive Casualty Insurance Company,
Progressive Classic Insurance Company, Progressive Halcyon Insurance Company,
Progressive Northern Insurance Company, Progressive Northwestern Insurance
Company, Progressive Security Insurance Company, Progressive, 2003 WL
23834871, *23834871 (Trial Motion, Memorandum and Affidavit) (E.D.La. Sep
17, 2003) **Memorandum in Reply to the Progressive Defendants ...** (NO. 01-
2680, 03-721) ★★

28 Vicky B. CHELETTE and Dale Chelette, Plaintiffs, v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, State Farm Fire and Casualty
Company, Rex Finklea and Ken Daniel, Defendant., 2005 WL 3644986, *3644986
(Trial Motion, Memorandum and Affidavit) (W.D.La. Nov 15, 2005)
**Memorandum of Law in Support of Defendants' ...** (NO. CV04-2440-M) ★★

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 41 to P Motion for Protective Order          Page 000006

Westlaw.

Not Reported in F.Supp.2d                                                           Page 4
Not Reported in F.Supp.2d, 1999 WL 350115 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**


H Robertson v. National Ry. Passenger Corp.
E.D.La.,1999.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.<br>
Thomas F. ROBERTSON<br>
v.<br>
NATIONAL RAILWAY PASSENGER CORP., et al.<br>
<b>No. CIV. A. 98-1397.</b>


May 27, 1999.


AFRICK, Magistrate J.

**\*1** Defendants request that this Court clarify its April 6, 1999, minute entry to state that disclosure is "mandated by the need for contemporaneous recollections of fact witnesses" as set forth in the Fifth Circuit opinion in *Southern Railway Co. v. Lanham,* 403 F.2d 119 (5th Cir.1969).[FN1] The Court DECLINES to do so. The four (4) affidavits which were produced by plaintiff's counsel were taken between January, 1999 and March, 1999. Defendants failed to demonstrate that they were entitled to these affidavits pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. Such information is available to defendants by depositions. There has been no showing made that the witnesses have faulty memories, no longer remember details, have provided inconsistent testimony or are hostile and refuse to provide information. Defendants have not shown that the affiants' recollection of events would be any worse at their depositions than they were when they provided the affidavits to plaintiff's counsel. Accordingly, defendants have failed to demonstrate the requisite showing under the Rule, i.e., a substantial need and undue hardship.

> FN1.*Lanham* was decided under the old "good cause" standard applicable to document requests under Rule 34 as it existed prior to the Rule amendments in 1970. *See Cristofani v. The Board of Administrators of the Tulane Educational Fund,* 1996 W.L. 715524 (E .D. La.1996).

The Court does, however, clarify its order with respect to the Federal Rule of Evidence 801(d)(2)(D) issue raised by defense counsel. The Court, in ordering the production of the affidavits, was not making a finding that such affidavits are admissible in evidence as admissions pursuant to the aforementioned rule. Clearly, only the U.S. District Judge can make such a finding. Rather, this Court ordered such discovery provided utilizing the standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, i.e., that the information need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Since defense counsel did not have a copy of the affidavit until after the same was produced,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 41 to P Motion for Protective Order                    Page 000007

Not Reported in F.Supp.2d                                                                                    Page 5
Not Reported in F.Supp.2d, 1999 WL 350115 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

defendants could not fully address all issues relative to the admissibility or non-admissibility of such statement. Accordingly, the last paragraph of this Court's April 6, 1999, minute entry is clarified to the extent that such order could erroneously be interpreted to mandate an admissibility finding with respect to the four (4) affidavits.

E.D.La.,1999.
Robertson v. National Ry. Passenger Corp.
Not Reported in F.Supp.2d, 1999 WL 350115 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 41 to P Motion for Protective Order        Page 000008

Westlaw.

Date of Printing: MAR 17,2008

## KEYCITE

**H Robertson v. National Ry. Passenger Corp.,** **1999 WL 350115 (E.D.La., May 27, 1999) (NO. CIV. A. 98-1397)**

### History

### Direct History

1 Robertson v. National R.R. Passenger Corp., 1999 WL 199093 (E.D.La. Apr 08, 1999) (NO. CIV. A. 98-1397)

*Order Clarified by*

=> **2 Robertson v. National Ry. Passenger Corp.,** 1999 WL 350115 (E.D.La. May 27, 1999) (NO. CIV. A. 98-1397)

### Related References (U.S.A.)

H 3 Robertson v. National R.R. Passenger Corp., 1999 WL 280407 (E.D.La. May 03, 1999) (NO. CIV.A. 98-1397)

### Court Documents

### Dockets (U.S.A.)

**E.D.La.**

4 ROBERTSON v. NATL RR PASSENGER CO, ET AL, NO. 2:98CV01397 (Docket) (E.D.La. May. 08, 1998)

### Citing References

### Positive Cases (U.S.A.)

★ **Mentioned**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 41 to P Motion for Protective Order          Page 000009

C   5 Costa v. AFGO Mechanical Services, Inc., 237 F.R.D. 21, 25 (E.D.N.Y. Apr 17, 2006) (NO. 05 CV 4640 (SJ))

## Secondary Sources (U.S.A.)

6 Employment Discrimination Law and Litigation s 14:64, s 14:64. Tape recorded conversations--Ethical considerations (2007)

## Court Documents

## Trial Court Documents (U.S.A.)

**Trial Motions, Memoranda and Affidavits**

7 Charquita PRICE, Plaintiff, v. GWINNETT FAMILY DENTAL CARE, LLC and Dr. Eric Staeben, Defendants., 2007 WL 4718189, *4718189 (Trial Motion, Memorandum and Affidavit) (N.D.Ga. Jun 22, 2007) **Defendant Gwinnett Family Dental Care, LLC's ...** (NO. 106-CV-2659) ★

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 41 to P Motion for Protective Order          Page 000010