Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2008 WL 145251 (W.D.La.)
**(Cite as: Slip Copy)**

Williams v. Gunderson Rail Services, LLC
W.D.La.,2008.
Only the Westlaw citation is currently available.
United States District Court, W.D. Louisiana,
Monroe Division.
Ray WILLIAMS
v.
GUNDERSON RAIL SERVICES, LLC.
**Civil Action No. 07-0887.**

Jan. 14, 2008.

Nelson Welch Cameron, Shreveport, LA, for Ray Williams.
Mark A. Perkins, Perkins & Assoc., Shreveport, LA, for Gunderson Rail Services, LLC.

*MEMORANDUM RULING*

KAREN L. HAYES, U.S. Magistrate Judge.
    **\*1** Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel [FN1] filed by defendant Gunderson Rail Services, L.L.C. ("Gunderson"). (Doc. # 26). Plaintiff Ray Williams opposes the motion. (Doc. # 28). For the reasons stated below, the motion to compel is **GRANTED.**

    FN1. As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

## BACKGROUND

    Gunderson's motion asks this court to compel the production of several audio tapes in Williams' possession. The tapes contain recorded conversations between Williams and several Gunderson employees.[FN2] Williams recorded each conversation without the knowledge or consent of his co-workers. According to Williams, all but one of the recordings were made between April and May 2007, with the other taking place in August 2007. (Doc. # 26, p. 2). Williams filed suit against Gunderson on May 25, 2007.

    FN2. According to the Plaintiff's memorandum in opposition (Doc. # 28), Williams

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 42 to P Motion for Protective Order                    Page 000001

recorded conversations with Julie Cassidy, Sandra Kennedy, Matt Nugent, David Lee, Gerald "Jerry" Wagner, Andre Anderson, Jason Wigley, and Shelly Allaine.

Gunderson learned about the tapes while deposing Williams on November 1, 2007. Despite Gunderson's requests, Williams has refused to provide the tapes. Williams argues that the tapes are protected by the work product privilege and, as a result, cannot be obtained through discovery. Williams argues in the alternative that even if the tapes are discoverable, he should be permitted to depose each of the employees whom he recorded before relinquishing the tapes.

## LAW AND ANALYSIS

To resolve this dispute, the court considers two issues. First, whether the tapes in question are discoverable. Second, if the tapes are discoverable, whether the tapes should be turned over before or after the depositions of the pertinent witnesses. This court holds that the tapes are discoverable and orders Williams to relinquish them in advance of the depositions.

## I. The Tapes Are Discoverable

Under Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, the work product privilege protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[FN3] Several courts in this circuit have considered whether tapes containing surreptitiously recorded conversations are protected as work product. For example, in *Pfeifer v. State Farm Ins. Co.,* the plaintiff in an employment discrimination case recorded several telephone conversations with co-workers without their knowledge. No. 96-1895, 1997 U.S. Dist. LEXIS 7375, at *1-2 (E.D.La. May 22, 1997). As in this case, when the defendant sought discovery of the tapes, the plaintiff argued that the recordings were protected work product. *Id.*

> FN3. This court will assume *arguendo* that the tapes fall under the Rule 26 definition of work product.

The *Pfeifer* court rejected that argument and granted the defendant's motion to compel. The court held that the act of "surreptitiously taping conversations in which [the plaintiff] deliberately engaged unsuspecting co-workers, vitiates the qualified protection of Rule 26(b)(3)."*Id.* at *9 (citing *Ward v. Maritz, Inc.,* 156 F.R.D. 592, 594 (D.N.J.1994); *Moody v. IRS,* 210 U.S.App. 80 (D.C.Cir.1981)). The court reasoned that "[o]ne-sided, surreptitious taping of potential witnesses, without discovery could produce an unfairly prejudicial effect in that witnesses could be subjected to surprise introduction of tapes at trial or potential blackmail."*Id.* (citing *Ward,* 156 F.R.D. at 595). The *Pfeifer* court concluded that the " 'extremely mild remedy of discovery' does not interfere with the rights of the parties or their counsel to interview witnesses, except when [the interview] is done secretly without the consent of the interviewee."*Id.* (quoting *Ward,* 156 F.R.D. at 595). This court is inclined to agree with *Pfeifer* that the act of secretly recording an interview vitiates any otherwise applicable work product

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 42 to P Motion for Protective Order          Page 000002

Slip Copy                                                                                      Page 3
Slip Copy, 2008 WL 145251 (W.D.La.)
**(Cite as: Slip Copy)**

protection of the tapes.

**\*2** Williams argues, however, that this court should decline to follow *Pfeifer* for two reasons. First, Williams argues that *Pfeifer* cannot "be cited or used as precedent" because it "was not reported in the Federal Supplement."(Doc. # 28, p. 8). This argument is completely without merit, as evidenced by counsel's inability to cite supporting authority. As *Pfeifer* is a district court decision, this court may cite it as persuasive authority and elects to do so.[FN4]

> FN4. It is possible that Williams is under the mistaken impression that Fifth Circuit Rule 47.5.4 applies in this situation. Rule 47.5 .4 governs the citation to unpublished *Court of Appeals* opinions. Indeed, the term "published," as it is used in the rule, does not make sense in the context of citing to a district court decision. *See* 5th Cir. R. 47.5.5 (an "opinion is considered 'published' for purposes of [Rule 47] when *the panel deciding the case* determines ... that the opinion shall be published.") (emphasis added); *see also* 5th Cir. R. 1(a)(1) ("These rules govern procedure in the United States courts of appeals"). Moreover, even if the rule applied, it would not preclude the undersigned from citing to *Pfeifer. See* 5th Cir. R. 47.5.5 (allowing for citation to unpublished opinions as persuasive authority but prohibiting their use as precedent).

Second, Williams argues that *Pfeifer* is distinguishable from the instant case because in *Pfeifer* the plaintiff made the tapes "upon the advice of his attorney."1997 U.S. Dist. LEXIS 7375, at \*5. Williams argues that "[t]he *only* time the privilege is vitiated is if counsel recorded witnesses without their consent or advised or consented to the recording."(Doc. # 28, p. 4) (emphasis added). This argument is inconsistent with the jurisprudence in this circuit. It is true that several courts have held that recordings made by an attorney, in violation of a formal opinion of the American Bar Association, may vitiate the work product privilege. *E.g. Moody v. IRS,* 654 F.2d 795, 800 (D.C.Cir.1981); *Parrott v. Wilson,* 707 F.2d 1262 (11th Cir.1983). However, at least one court in this circuit has concluded that the lack of attorney involvement is not dispositive as to the question of vitiation.

In *Smith v. WNA Carthage, L.L. C.,* the court explained that the surreptitious recording of witnesses, even without the involvement of an attorney, brings "the very applicability of the work product doctrine" into question.[FN5]200 F.R.D. 576, 578 (D.Tex.2001). The *WNA Carthage* court expressly rejected the very argument that Williams makes now.

> FN5. Much of the *WNA Carthage* opinion was dicta. The court indicated that it could have ended its inquiry by holding that the plaintiff had failed to meet its "burden of establishing work product protection," eliminating the need to determine whether the privilege had been vitiated. 200 F.R.D. at 578.

Smith recognizes that because an attorney is ethically prohibited from making clandestine recordings, such recordings made with sufficient attorney involvement may be discoverable. She argues, however, that this exception is inapplicable because her attorney was not involved in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 42 to P Motion for Protective Order                    Page 000003

making the recordings. **The case law does not support Plaintiff's limitation on the rule. Virtually all cases dealing with this issue have held that clandestine recordings of conversations with potential fact witnesses, whether made by a party or by counsel, before or after counsel is consulted, are not shielded under the work product doctrine.**

*Id.* (citing *Otto v. Box USA Group, Inc.,* 177 F.R.D. 698, 701 (N.D.Ga.1997); *Sea-Roy Corp. v. Sunbelt Equip. & Rentals, Inc.,* 172 F.R.D. 179, 183 (M.D.N.C.1997); *Robertson v. Nat'l R.R. Passenger Corp.,* 1999 U.S. Dist. LEXIS 4905, No. Civ. A. 98-1397, 1999 WL 199093, *2 (E.D.La. Apr. 8, 1999); *Pfeifer v. State Farm Ins. Co.,* 1997 U.S. Dist. LEXIS 7375, No. Civ.A. 96-1895, 1997 WL 276085, *2 (E.D.La. May 22, 1997); *Giladi v. Albert Einstein Coll. of Med.,* 1998 U.S. Dist. LEXIS 14783, No. 97 Civ. 9805(DC), 1998 WL 183874, *1 (S.D.N.Y. Apr. 15, 1998)) (emphasis added) (internal citations omitted). Indeed, even the *Pfeifer* opinion, cited in *WNA Carthage,* ignored the distinction upon which Williams relies. *See* 1997 U.S. Dist. LEXIS 7375.

**\*3** The undersigned, persuaded both by the number of courts to reach the decision and the quality of their reasoning, holds that Williams' clandestine, unconsented recording of the conversations vitiated the work product privilege. Thus, the tapes are discoverable.

## II. The Tapes Are To Be Turned Over To The Defense Before The Depositions Of Those Recorded

In *Mason v. T.K. Stanley, Inc.,* a case involving extremely similar facts, [FN6] the court considered the issue now presented: Must the possessor of the tapes relinquish them before the persons recorded are deposed? No. 4-CV-207, 2005 U.S. Dist. LEXIS 22598 (S.D.Miss. Aug. 2, 2005). The *Mason* court realized that it had the task of protecting several principles which were potentially jeopardized by either solution.

> FN6. *Mason* differs only in that at the time of the deposition, the existence of the tapes was not known. 2005 U.S. Dist. LEXIS 22598, at *8.

The principle of truth-seeking, a primary goal of the discovery process, is arguably protected by delaying the production of the tapes. *Id.* at *7. As Williams notes, if not for the withholding of the tapes, the witnesses could simply conform their testimony to the tapes' content. (Doc. # 28, p. 7). On the other hand, the principles of fairness and predictability demand that the deponents be permitted to listen to the recordings in advance. These principles would be compromised by allowing "a party unlimited time to craft the perfect series of questions to ambush a deponent." *Mason,* 2005 U.S. Dist. LEXIS 22598, at *10.

Ultimately, this court reaches the same conclusion as the *Mason* court; the tapes must be disclosed in advance of the depositions. Otherwise, with months to prepare and recorded conversations available, a competent attorney could create pitfalls that even the most truthful and prudent deponent would struggle to avoid. Indeed, counsel employing this strategy could make "[e]ven a witness honestly attempting to recall events truthfully" appear less credible. A

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Exhibit 42 to P Motion for Protective Order          Page 000004

Slip Copy, 2008 WL 145251 (W.D.La.)
**(Cite as: Slip Copy)**

deposition conducted under such circumstances would be a farce, unlikely to render a more honest and accurate outcome than would be achieved with advance disclosure.

Accordingly, the plaintiff is **ORDERED** to turn over all tapes in his possession or control to the defendant within 5 days of the date of this order and **before** the depositions are conducted. Furthermore, defendant's request to award sanctions and costs is **DENIED.**

**THUS DONE AND SIGNED** this 14th day of January, 2008, in Monroe, Louisiana.

W.D.La.,2008.
Williams v. Gunderson Rail Services, LLC
Slip Copy, 2008 WL 145251 (W.D.La.)

END OF DOCUMENT



Date of Printing: FEB 19,2008

## KEYCITE

**Williams v. Gunderson Rail Services, LLC,** 2008 WL 145251 (W.D.La., Jan 14, 2008) (NO. CIV. A. 07-0887)

### History

=>      1 **Williams v. Gunderson Rail Services, LLC,** 2008 WL 145251 (W.D.La. Jan 14, 2008) (NO. CIV. A. 07-0887)

### Court Documents

### Trial Court Documents (U.S.A.)

**W.D.La. Trial Motions, Memoranda and Affidavits**

2 Ray WILLIAMS, v. GUNDERSON RAIL SERVICES, LLC., 2007 WL 4840493 (Trial Motion, Memorandum and Affidavit) (W.D.La. Feb. 28, 2007) **Plaintiff's Reply Brief in Support of Plaintiffs' Motion for Preliminary Injunction** (NO. 307CV0887)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

3 Ray WILLIAMS, v. GUNDERSON RAIL SERVICES, LLC., 2007 WL 4840494 (Trial Motion, Memorandum and Affidavit) (W.D.La. Dec. 10, 2007) **Memorandum in Support of Motion to Compel Discovery** (NO. 307CV0887)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

4 Ray WILLIAMS, v. GUNDERSON RAIL SERVICES, LLC., 2007 WL 4840495 (Trial Motion, Memorandum and Affidavit) (W.D.La. Dec. 26, 2007) **Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel** (NO. 307CV0887)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

### Dockets (U.S.A.)

**W.D.La.**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 42 to P Motion for Protective Order          Page 000006

<u>5</u> WILLIAMS v. GUNDERSON RAIL SERVICES L L C, NO. 3:07cv00887 (Docket)
(W.D.La. May 25, 2007)

**Citing References**

No references were found within the scope of KeyCite's citing case coverage.

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory
Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.
Exhibit 42 to P Motion for Protective Order        Page 000007