# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*            07-5178 | * | |
| | * | |

# ORDER GRANTING BARGE PLAINTFFS' MOTION FOR PROTECTIVE ORDER AS TO THE SURREPTITIOUS RECORDINGS OF WITNESS INTERVIEWS BY COUNSEL FOR LAFARGE NORTH AMERICA, INC., THROUGH THEIR AGENT CENTANNI INVESTIGATIVE SERVICES, INC., FOR LAFARGE'S CONCEALMENT OF THE INTERVIEWS AND OTHER MISCONDUCT, AND FOR DECLARATORY AND OTHER RELIEF

This matter comes before the Court on the March 25, 2008, Motion of Barge Plaintiffs for a Protective Order as to the Surreptitious Recordings of Witness Interviews by Counsel for Lafarge North America, inc., through their Agent Centanni Investigative Services, Inc., for Lafarge's Concealment of the Interviews and Other Misconduct, and for Declaratory and Other Relief.  Upon consideration of the matter and of the materials filed in support of the Motion and in opposition to it, it appears that the Motion is well taken.  It is therefore hereby

ORDERED, that:

1.   The Barge Entities are hereby barred from referring to the recordings or transcripts of surreptitiously recorded interviews in any depositions, any motions or attachments filed in Court as to discovery, liability or damages, or at trial, for impeachment or otherwise, with the Barge Entities able to prepare their questions in advance, and plaintiffs to prepare witnesses in advance, based on the recordings or transcripts;

2.   The Barge Entities are hereby barred from taking the depositions of any witness interviewed by defendant Lafarge North America, Inc. ("Lafarge"), and its counsel through their agent, Centanni Investigative Services, Inc., until thirty days after Lafarge produces to plaintiffs complete and clearly audible copies of all surreptitious recordings Lafarge and its counsel made of such witness, of all transcripts prepared from such surreptitious recordings, and of all documents provided by any such witnesses to Lafarge and its counsel, directly or through Centanni;

3.   Lafarge must pay witness fees, mileage, one night's reasonable hotel expenses, and reasonable meal expenses to Mr. Sidney Williams as a condition of the resumption of his deposition;

4.   The Court hereby finds and declares that Lafarge and its counsel:

   a.   Unethically made surreptitious recordings of 268 potential witnesses to the flooding of the Lower Ninth Ward;

   b.   Made untruthful responses on September 18, 2006, to Plaintiff's Second Set of Interrogatories and Requests for Production in C.A. No. 05-04419, Section C, in an attempt to conceal that such recordings had been made, and has never amended or supplemented that response;

   c.   Wrongly refused to disclose the facts contained in such recordings and

transcripts of Barge P.S.L.C. clients in response to discovery requests until its partial

disclosures after it attempted to use a transcript of a surreptitious recording against a

witness who was a Barge P.S.L.C. client on February 19, 2008;

     d.  Wrongly refused to disclose the facts contained in such recordings and

transcripts of witnesses other than Barge P.S.L.C. clients in response to discovery requests;

     e.  Claimed a work-product privilege it knew or should have known did not exist,

in refusing to disclose the existence of these recordings and transcripts of the recordings as

late as March 14, 2008;

     f.  Failed or refused to produce the actual surreptitious recordings of interviews of

Barge P.S.L.C. clients even after a demand, and produced only the purported draft

transcripts from such recordings, with redactions to conceal what any other witness said;

and

     g.  Refused to produce either the actual surreptitious recordings or the purported

draft transcripts of such interviews of witnesses who were not Barge P.S.L.C. clients even

after a demand.

     New Orleans, Louisiana, this _____ day of _____, 2008.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**