UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES   *     CIVIL ACTION
CONSOLIDATED LITIGATION          *     NO. 05-4182 "K" (2)
                                 *     JUDGE DUVAL
FILED IN: 07-3500                *
                                 *
PERTAINS TO: PARFAIT FAMILY      *
                                 *
                                 *
                                 *
                                 *
* * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

MAY IT PLEASE THE COURT:

### I.  FACTUAL BACKGROUND

Third-Party Plaintiff, Lafarge North America, Inc. ("Lafarge"), filed the instant Cross-Claim against the United States of America, the Board of Commissioners for the Port of New Orleans and the Board of Commissioners of the Southeast Louisiana Flood Protection Authority East ("SLFPA").  According to Lafarge's Cross-Claim, SLFPA is the successor in interest of both the Board of Commissioners of the Lake Borgne Basin Levee District ("LBBLD"), as well as Board of Commissioners of the Orleans Levee District ("OLD").  Lafarge's Cross-Claim continues on to allege that both LBBLD and OLD committed numerous acts and omissions in connection with the inspection, operation and maintenance of the levees, retaining walls, flood gates and related systems which was the proximate cause of overtopping and breaches of the Inner Harbor Navigational Canal, Mississippi River Gulf Outlet and the Gulf Intra Coastal Waterway. As such, plaintiff contends that if it is found to be liable to plaintiffs, who filed suit

against a number of defendants, including the OLD, it is entitled to indemnity from SLFPA.

## II. LAW AND ARGUMENT

The purpose of a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is to test the sufficiency of the complaint not to judge the merits of the case.[1]  The complaint must be liberally construed in favor of the Plaintiff, and all the facts pleaded in the complaint must be taken as true to determine whether the Plaintiff has any valid claim for relief.[2]  Dismissal is appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief.[3]  However, courts do not have to accept legal conclusions, unsupported conclusions, unwarranted references or sweeping legal conclusions cast in the form of factual allegations.[4]

### *Third Party Plaintiff's claims against SLFPA as the successor of Lake Borgne are improperly styled as a Cross-Claim*

As noted above, Third-Party Plaintiff Lafarge has styled its action against SLFPA for the alleged negligence of the OLD and LBBLD as a Cross-Claim.   Cross-Claims are governed by Federal Rule of Civil Procedure 13(g), which states in pertinent part: "[a" pleading may state as a Cross-Claim any claim by one party against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original

---

[1]      *First Nat'l Bank of Louisville v. Lustig*, 809 F.Supp. 444 (E.D. La. 1992).

[2]      *Brown v. Nations Bank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999).

[3]      *U.S. Ex Rel. Thompson v. Columbia HCA/Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

[4]      *In Re Mastercard Intern. Inc., Internet Gambling Litigation*, 132 F.Supp.2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002).

action or of a counterclaim."[5]   Federal jurisprudence has further defined "co-parties" as parties having **like** status.[6]   The *Murray* court observed that the language of Rule 13(g) indicates the clear intent of the framers of the Federal Rules to characterize co-parties, such as co-defendants, as parties having like status.[7]

The Eastern District of Louisiana reached a similar conclusion in *In re Taxable Mun. Bond Securities Litigation*, noting that the proper device for asserting a claim against a third person not yet a party to the action is by impleading the person under Rule 14(a).[8]   Moreover, the court observed that Rule 14(a) requires a summons and complaint to be served upon a person not a party to the action, unlike the more permissive Cross-Claim.[9]   As such, the court dismissed the Cross-Claim against a non-party for contribution and indemnity, as it failed satisfy the service requirements of Rule 14(a).[10]

In the Parfait Family's Original Class Action Complaint, plaintiffs named a number of defendants, including OLD.   Nevertheless, as SLFPA was not named as a party in the original complaint, it contends that a Cross-Claim was not the proper procedural vehicle in which to add it as a Third Party.   Moreover, SLFPA asserts that Lafarge may not assert claims for the actions of LBBLD against the SLFPA, as LBBLD was not named in the Parfait complaints, either.   Based upon Lafarge's improper filing of a Cross-Claim against SLFPA, it has failed to satisfy the service requirements set forth in Rule 14(a) with respect to non-parties, thus, the action should be dismissed.

***Third Party Plaintiff fails to state a cause of action against SLFPA***

---

[5]   F.R.C.P. 13(g).
[6]   *.See Murray v. Haverford Hospital Corp.*, 278 F.Supp. 5 (D.C. Pa. 1968).
[7]   *Id.*
[8]   *In re Taxable Mun. Bond Securities Litigation*, 1993 WL 591418 (Ed.La. 1997).
[9]   *Id.*
[10]   *Id.*

On January 1, 2007 the SLFPA was established as a levee district pursuant to Louisiana Revised Statute 38:330.1, assuming the authority of a number of levee districts, including the OLD and the LBBLD. Louisiana Revised Statute 38:330.3(A)(1)(a) addresses the transfer of authority as well as obligations to SLFPA, and states in pertinent part:

> (1)(a) Any legal proceeding to which the East Jefferson Levee District, Lake Borgne Basin Levee District, Orleans Levee District, or West Jefferson Levee District is a party and which is filed, initiated, or pending before any court on January 1, 2007, and all documents involved in or affected by said legal proceeding, shall retain its effectiveness and shall be continued in the name of the district. Other than the district or districts originally named as party to the proceedings, *neither an authority or district within the territorial jurisdiction of the authority shall have any liability for actions pending or claims arising prior to the effective date of this Section.*[11]

The starting point for the interpretation of any statute is the language of the statute itself.[12] Louisiana jurisprudence has previously held that as a matter of statutory construction, a claim "arises" when the injury producing event takes place.[13]

Thus, the language of the statute cited above clearly indicates that SLFPA is not liable for any claims which arose prior to January 1, 2007, the effective date of the statute. As Lafarge's Cross-Claim against SLFPA arises from LBBLD's and OLD's alleged acts or omissions in connection with the operation, inspection and maintenance of levees and waterways on or before Hurricane Katrina's landfall in 2005, well before the

---

[11]   La. R.S. 38:330.3.

[12]   *In re Succession of Boyter*, 1999-0761 (La.1/7/00) 756 So.2d 1122. The meaning and intent of the law is determined by placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. *Id.*

[13]   *See e.g. Cole v. Celotex Corp.*, 91-2531, 9-2539 (La. 5/28/92) 599 So.2d 1058.

effective date of La.R.S. 38:330.3, it has failed to state a claim upon which relief can be granted against SLFPA.   Accordingly, Lafarge's Cross-Claim against SLFPA should be dismissed.

## III.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant, SLFPA, respectfully submits that Lafarge's Cross-Claim must be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

S/Jennifer M. Morris

---

**LAWRENCE J. DUPLASS #5199**
**ANDREW D. WEINSTOCK #18495**
**JENNIFER M. MORRIS #29936**
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone:  (504) 832-3700
Facsimile:  (504) 837-3119
**Counsel for Defendant, The Southeast Louisiana Flood Protection Authority East**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2008, a copy of the foregoing Board of Commissioners for the Southeast Louisiana Flood Protection Authority East was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

S/ Jennifer M. Morris

_____

**JENNIFER M. MORRIS (#29936)**