UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES           CIVIL ACTION
       CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO:  INSURANCE, <u>Jupiter</u>, 07-1689           JUDGE DUVAL
                                                             MAG. WILKINSON

## **HEARING AND ORDER ON MOTION**

APPEARANCES:  Brent Klibert and Bruce Feingerts, representing plaintiff; Thomas Richard, representing defendant (all via telephone)

MOTION:  Defendant Auto Club Family Insurance Company's Motion for Contempt and Dismissal, Record Doc. No. 11531

<u>O R D E R E D</u>:

<u>XXX</u> :  GRANTED IN PART AND DENIED IN PART.  The motion is denied insofar as it seeks a contempt order or dismissal.  The draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct.   <u>Federal Deposit Ins. Corp. v. Connor</u>, 20 F.3d 1376, 1381 (5th Cir. 1994); <u>Ginther v. Sea Support Servs. L.L.C.</u>, No. 00-2928, 2002 WL 1213601, at *4 (E.D. La. June 4, 2002) (Duval, J.). Plaintiff's one-time failure to comply with my discovery order, under the circumstances described in the written submissions, does not at this time rise to a level of contumacious conduct sufficient to mandate dismissal as a discovery sanction.  I decline under these circumstances either to institute the necessary formal contempt proceedings or to recommend dismissal at this time.

     The motion is granted as follows.  Plaintiff is again ordered to provide defendant, no later than **April 4, 2008**, with full, written, supplemental answers to defendant's Interrogatory Nos. 3, 4, 5 and 8, without objection, signed and verified <u>under oath by the</u>

MJSTAR:  **0  :  20**

party making them, in accordance with Fed. R. Civ. P. 33(b); a written verification of her previous interrogatory answers; and full, written responses, without objection, to defendant's First Request for Production of Documents, in accordance with Fed. R. Civ. P. 34(b), clearly stating that all responsive materials have been produced or that no responsive materials are in plaintiff's possession, custody or control.

**IT IS FURTHER ORDERED** that (a) plaintiff must appear at her attorney's office at **9:00 a.m. on April 14, 2008** to be deposed by defendant's counsel, and (b) Leonard Quick, defendant's expert engineer, must appear at defense counsel's office on **April 30, 2008 at 9:00 a.m.** to be deposed by plaintiff's counsel. The date, time and location of these court-ordered depositions may be varied only by written stipulation of all parties or by order of the court.

**IT IS FURTHER ORDERED** that, no later than **April 4, 2008**, plaintiff must pay to defendant the previously ordered $450 in attorney's fees. Record Doc. No. 10992.

New Orleans, Louisiana, this   27th   day of March, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2