UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 K - (2) |
| PERTAINS TO: INSURANCE<br>07-5199 (Rafael & Dioigna Acevedo v.<br>State Farm Fire and Casualty Company | JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

For the following reasons, plaintiffs Rafael & Dioigna Acevedo *et al* should be granted leave to file the attached Second Amended Complaint pursuant to Rule 15(a)(2), Fed.R.Civ.P.

**Background[1]**

The *Acevedo* plaintiffs filed suit in this Court on August 29, 2007, seeking damages related to Hurricane Katrina from more than 70 homeowners' insurers, including State Farm Fire and

---

[1] Because of the parallel procedural course of this case ("*Abram*") and the case of *Acevedo v. AAA Insurance,* No. 07-5199 K-2 (E.D.La.)("*Acevedo*"), and the similar Rule 15(a)(2) motion pending in each of the two cases, this "Background" section includes a discussion of both cases.

1

Casualty Company ("State Farm"). The plaintiffs in the *Abram* case also filed suit in this Court on August 29, 2007, seeking Katrina-related damages from more than 70 insurers, including State Farm. rec.doc. 1 (both cases).

On November 26, 2007, Judge Duval issued an order, rec. doc. 9297, in *In re Katrina Canal Breaches Litigation*, No. 05-4182 K-2 ("*In re Katrina*"), staying all proceedings in the Insurance Umbrella concerning the issue of the water damage exclusion addressed by the Louisiana Fourth Circuit Court of Appeal in *Sher v. Lafayette Insurance Co.,* 973 So.2d 39 (La.App. 4th Cir. Nov. 19, 2007), *writ granted*, 972 So.2d 1153 (La. Jan. 11, 2008). That order specifically provided:

> As a result of the present posture of this issue in the Louisiana state court system and the fact that this Court has been assured that a writ will be taken in *Sher*, it is in the interest of justice and judicial economy to stay all proceedings in the Insurance Umbrella concerning this coverage issue.

On December 7, 2007, the *Acevedo* plaintiffs filed their First Amended Complaint as of right under Rule 15(a)(1)(A), Fed.R.Civ.P., rec.doc. 9371. On December 10, 2007, State Farm filed in *Abram* and in *Acevedo* a virtually identical motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., and noticed both motions for hearing on Wednesday, January 23, 2008. rec.doc. 9421 (*Abram*), rec.doc. 9420 (*Acevedo*).[2] State Farm filed an Answer in both *Abram* and in *Acevedo* on January 4, 2008. rec.doc. 10087 (*Abram*), rec.doc. 10088 (*Acevedo*).

On January 4, 2008, Judge Duval issued an order in *In re Katrina*, rec.doc. 10110, clarifying the scope of his November 26th stay order:

> It has come to the Court's attention that the scope of the stay described in the Court's Minute Entry dated November 26, 2007 [Rec. Doc. 9227] is not necessarily

---

[2] Both of State Farm's motions to dismiss were docketed on the master docket sheet in *In re Katrina,* as both cases were consolidated under the Insurance umbrella.

being read as intended. For that reason, the Court takes this opportunity to clarify the scope of the stay vis-à-vis the Insurance Umbrella.

For the reasons stated by the Court in its November 26, 2007 Minute Entry, all proceedings in the Insurance Umbrella are hereby completely stayed until further Order of the Court, including without limitation discovery, any deadlines for responsive pleadings, or other motions. With the exception of joint motions to dismiss resolved cases, no motions of any kind are to be filed during this time.

On January 23, 2008, Judge Duval signed a single order, under the caption **"IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION, PERTAINS TO:** *Abram* **C.A. No. 07-5205,** *Acevedo* **C.A. No. 07-5199**," granting as unopposed[3] both of State Farm's motions to dismiss. The order provides:

> Before the Court are State Farm's Rule 12(b)(6) Motions to Dismiss (Doc. 9420 and 9421) filed in the above-referenced cases. The Court sent an e-mail to plaintiff's counsel to ascertain whether oppositions were intended to be filed; however, the Court has not received a response to the e-mail, and it has not received an opposition to either motion. Thus, finding the motions have merit,
>
> IT IS ORDERED that State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9420) in Acevedo, C.A. No. 07-5199 and State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9421) in Abram, C.A. No. 07-5205) are GRANTED.

Judge Duval's January 23rd order was docketed as rec.doc. 10734 on the master docket sheet in *In re Katrina* . As of the date of filing this motion, the district court has not entered a judgment of dismissal in favor of State Farm in either *Abram* or in *Acevedo.* The *Acevedo* plaintiffs seek in

---

[3] Plaintiffs submit that State Farm's two motions to dismiss were subject to Judge Duval's November 26, 2007 stay order, as clarified by the Court's January 4, 2008 order, and were thus filed in violation of the stay. Plaintiffs further submit that the Magistrate Judge need not resolve the issue of whether State Farm's motions were subject to the stay in order to rule on plaintiffs' Motion for Leave to File First Amended Complaint; the factual background regarding the stay is provided herein for informational purposes only.

this motion the Court's leave to file their proposed Second Amended Complaint, attached as Ex. 1.[4]

## The Law

### 1. Movers have the right to seek leave to amend following Judge Duval's dismissal order.

Judge Duval's January 23rd order states only that State Farm's two motions to dismiss "are granted." This seemingly plain language leaves open the procedural question whether the Court intended to dismiss both actions or merely dismiss the two complaints. The distinction is critical here because movers' right to seek leave to amend their complaint *after* entry of a Rule 12(b)(6) dismissal depends on the district court's intent in granting the Rule 12(b)(6) motion. In resolving such an issue, the Fifth Circuit focuses on the clarity of the dismissal order itself: "[U]nless the dismissal order of the district court expressly states or clearly indicates the court's intention to dismiss the *action*, a plaintiff may seek leave to amend under Fed.R.Civ.P. 15(a), even though the complaint has been dismissed." *Whitaker v. City of Houston, Texas*, 963 F.2d 831, 832 (5th Cir. 1992)(emphasis in original), *citing Czeremcha v. Intern. Ass'n of Mach. & Aero. Workers*, 724 F.2d 1552, 1554-56 (11th Cir. 1984). The Fifth Circuit explained the rule as follows:

> A district court's order dismissing a complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible – *e.g.,* when the complaint is dismissed with prejudice or with express denial of leave to amend – or when circumstances otherwise indicate that no amendment is possible – *e.g.,* when the limitations period has expired. In any such case, dismissal of the complaint terminates the action even though the district court does not use those precise words, and thus constitutes a final order, subject to the thirty-day appeal limit – assuming, that is, that a Rule 58 judgment was entered, which was not the case here.[5] If, on the other hand, the district court's order does not expressly or by clear implication

---

[4] *See also* Ex. 2, plaintiffs' First Amended Complaint for Damages, rec. doc. 9371, *In re Katrina*.

[5] Judge Duval has not signed a Rule 58 judgment in either *Abram* or *Acevedo.*

>   dismiss the *action*, then under *Czeremcha*, such order merely dismisses the complaint. In that case, the plaintiff may amend under Rule 15(a), but only with permission of the court. After dismissal, the plaintiff does not have the right to amend as a matter of course.

963 F.2d at 835 (footnotes omitted)(emphasis in original; footnote n. 4 not in quoted material).

Each of the three factors that the Fifth Circuit considered in *Whitaker* (whether the case was dismissed with prejudice, whether the order of dismissal expressly denied leave to amend, and whether circumstances indicate that amendment is not possible) supports a finding in this case that Judge Duval did not intend to dismiss the *Abram* and the *Acevedo* lawsuits in their entirety. First, the district court's order does not provide that the dismissals were with prejudice. Second, the dismissal order does not provide that plaintiffs may not seek leave to amend their pleadings. And, last, circumstances (such as a prescriptive bar) do not indicate that amendment is not possible. Although the statutory limitations period in this case may have passed, that fact would not bar either set of plaintiffs from recovering under their proposed amended complaint because the amended pleadings relate back to the original pleadings under Rule 15©, Fed.R.Civ.P. *See* discussion of the relation back issue, *infra*. Thus, all three of the *Whitaker* factors identified by the Fifth Circuit support a finding that Judge Duval intended to dismiss only the *Abram* and the *Acevedo* complaints, and that plaintiffs may seek leave to amend their pleadings following the grant of State Farm's Rule 12(b)(6) motions.

Further, the facts in both *Abram* and *Acevedo* present a more compelling argument than in *Whitaker* for allowing movers to seek to amend their pleadings following the Rule 12(b)(6) dismissals. In *Whitaker*, the district court ordered "that defendant the City of Houston's Motion to Dismiss is hereby GRANTED and that plaintiff's claims against the City of Houston and the

Houston Police Department are hereby DISMISSED." Thus, even though the order went further than Judge Duval's dismissal order (which stated only that the dismissal motions were "granted" and did not state that plaintiffs' "claims" were dismissed), the Fifth Circuit found that "the district court's ruling neither states nor clearly indicates whether the court intended to dismiss Whitaker's *action* or merely his *complaint*." 963 F.2d at 834 (emphases in original). The Fifth Circuit also noted that, as here, the district court "did not state, for example, that Whitaker's claims were dismissed with prejudice." *Id*. This, coupled with other factors not relevant to this case, caused the appellate court to conclude that "on balance the evidence in this case indicates that the district court probably intended to dismiss only Whitaker's complaint, not his action." *Id*.

### 2. Movers should be allowed to amend their complaint under Rule 15(a).

Rule 15(a)(2), Fed.R.Civ.P., provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[6] It is within the sound discretion of the trial court to grant leave to amend. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). The Fifth Circuit has acknowledged that the term "discretion" in this context "may be misleading because Fed.R.Civ.P. 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. Louisiana Health Service and Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004), *quoting Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872 (5th Cir. 2000); *see also Federal Deposit Insurance Corp. v. Conner*, 20 F.3d 1376, 1385

---

[6] This request for leave to amend should be analyzed under Rule 15(a), rather than Rule 16(b), Fed.R.Civ.P. Rule 16(b) governs amendments after a scheduling order deadline has expired. *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, *NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) requires a showing of "good cause" to modify a scheduling order. Because plaintiffs filed this motion before the Court scheduled a deadline for amending pleadings, the more "lenient" standard of Rule 15(a) should apply. *Id.* at 535.

(5th Cir. 1994)(Rule 15(a) "evinces a strong bias in favor of granting a motion for leave to amend a pleading"); *Chitimacha Tribe of Louisiana,* 690 F.2d at 1163 (district court should "err on the side of allowing amendment"). If the district court "lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Rolf v. City of San Antonio,* 77 F.3d 823, 828 (5th Cir. 1996).

The Fifth Circuit considers five factors in determining whether to allow a party to amend its complaint: (1) undue delay, (2) bad faith or dilatory motive on the part of the mover, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to opposing party, and (5) futility of amendment. *Smith v. EMC* Corp., 393 F.3d 590, 595 (5th Cir. 2004), *citing Foman v. Davis,* 371 U.S. 178 (1962); *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[7] Because none of these factors is present here, plaintiffs are entitled to an order allowing them to file their Second Amended Complaint.

**No undue delay.** In order for the passage of time to bar a party's request for leave to amend its pleadings, the amount of time passed must constitute "undue delay." *Lewis v. Fresne,* 252 F.3d 352, 360 (5th Cir. 2001)(undue delay "justifies a district court's decision to deny leave to amend"). "[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux,* 376 F.3d at 427 (emphasis in original). The passage of only nine weeks between the January 23rd grant of State Farm's Rule 12(b)(6) motions and the March 27th motions by the *Abram* and *Acevedo* plaintiffs seeking leave to amend their pleadings does not constitute "undue" delay.

---

[7] A court may weigh in the favor any prejudice that will accrue to the moving party from *denial* of leave to amend. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

7

> The Fifth Circuit has recognized that the
>
>> mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial; see 6 C. Wright & A. Miller, Federal Practice and Procedure s 1488 (1971); see also Fed.R.Civ.Pro. 15(b). Instances abound in which appellate courts on review have required that leave to amend be granted after dismissal or entry of judgment.

*Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981)(holding that plaintiff's request for leave to amend filed 41 days after entry of a dismissal order was reasonable).

Cases where the Fifth Circuit has found undue delay have presented facts not comparable to the facts in this case. *See, e.g., Lewis v. Fresne*, 252 F.3d at 360 (holding that more than one year between the dismissal of various defendants and a request for leave to file amended pleadings constituted "undue delay"); *Mayeaux,* 376 F.3d at 425-26 (denying as untimely motion to amend complaint for a third time, after extensive discovery and pretrial activity and only five months before trial date). There has been no undue delay by the *Acevedo* plaintiffs in this case, where the case was filed August 29, 2007, the Answer was filed in January 2008, no scheduling order had been entered, and, at the time of dismissal, the parties had not commenced discovery (which had been stayed by the district court). *See, e.g., Federal Deposit Insurance Corp. v. Conner*, 20 F.3d at 1386 (holding that a request for leave to amend was "presumptively timely" when it was filed over a year before the deadline for amendment of pleadings and completion of discovery).

**No repeated failure to cure deficiencies by previously allowed amendments**. There has been no failure to cure deficiencies by prior amendments. The *Acevedo* plaintiffs' First Amended Complaint was filed to correct the name of one of the defendant insurers and to add four other insurers not previously identified. *See* prefatory language of First Amended Complaint for Damages.

8

Ex. 1.

**No undue prejudice.**  No undue prejudice would befall State Farm if leave to amend were granted.  Plaintiffs seek to amend their pleadings to clear any confusion as to the claims they are raising.  Further, as plaintiffs request leave to add a legal claim that is based entirely on the events that led to the filing of this suit – Katrina-related damages to property – the amendment would not result in the need for any *additional* discovery.  *See* proposed Second Amended Complaint, Ex. 1.  Plaintiffs do not seek to add additional parties; rather, they seek to clarify the facts as alleged in their original pleading so as to address the alleged deficiency that precipitated State Farm's motion to dismiss.[8]

The purpose of Rule 15(a) is "to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Chitimacha Tribe of Louisiana,* 690 F.2d at 1163.  Proposed amendments that merely proposes alternative legal theories for recovery on the same underlying facts "generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." *Mayeaux,* 376 F.3d at 427.  In contrast, a proposed amendment that, if allowed, would "fundamentally alter the nature of the case" may be denied if circumstances warrant. *Id.*  Clearly, the *Acevedo* plaintiffs' proposed Second

---

[8] The prefatory language in the proposed Second Amended Complaint underscores that State Farm would not be unduly prejudiced by the amendment:

> Plaintiffs' Second Amended Complaint for Damages does not change the parties contained in the First Amended Complaint for Damages.  As to defendant State Farm Fire and Casualty Company only (named in the original Complaint for Damages and the First Amended Complaint for Damages as State Farm Fire & Casualty Insurance Company)(hereinafter "State Farm"), the First Amended Complaint for Damages is amended to allege that all of plaintiffs' damage was the result of wind and wind driven rain only.

9

Amended Complaint falls into the former category and should be allowed.  *See* prefatory language, Ex. 1.

The Fifth Circuit has required parties opposing a request to amend pleadings to make a substantial showing that they would be prejudiced by the amendment.  For example, in *Federal Deposit Insurance Corp. v. Conner,* 20 F.3d at 1386, the Court rejected the defendants' claim of prejudice where the FDIC sought leave to amend its complaint to seek recovery on loans not included in the original complaint:

> The defendants claim that allowing the motion to amend would have unduly prejudiced them because the FDIC stated at a meeting before this suit was filed that the loans identified in the original complaint would be the only loans that the FDIC would include in its complaint.  Accepting this assertion as true, we do not see how granting the motion to amend would unduly prejudice the defendants . . . . [D]efendants have not alleged that the amendment will interfere with their ability to present any evidence or defenses to the FDIC's claims.  Thus, the defendants could not have been unduly prejudiced by the FDIC's motion to amend its complaint.

State Farm cannot show that it would be unduly prejudiced by allowance of the requested amendment.

**The proposed amendment would not be futile.**  The "futility" exception to the requirement that leave be freely granted, Rule 15(a), Fed.R.Civ.P., does not justify denial of plaintiffs' request to amend.  The typical reasons for a district court's denial of leave to amend on the basis of futility are that the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.  *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).  Futility in this context means that the amended complaint would fail to state a claim upon which relief could be granted.  *Trahan v. Lowe's, Inc*., 2002 WL 1560272, at * 7 (E.D.La. 2002)(Wilkinson, J.).

Judge Vance recently denied State Farm's Rule 12(b)(6) motion to dismiss as to all claims except flood claims in another case where the plaintiffs raised in their First Amended Complaint claims that were substantially the same as those raised in the *Acevedo* plaintiffs' proposed Second Amended Complaint. *See* Ex. 3, Judge Vance's Order and Reasons entered February 25, 2008, rec.doc. 28, *Boyd v. State Farm Fire & Casualty Insurance Co.,* No. 07-6736 R-2;  Ex. 4, First Amended Complaint in *Boyd.*

State Farm cannot realistically argue that the proposed amendment would be time-barred and, therefore, futile.  Under Rule 15(c)(1)(B), an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Amendments that "correct technical deficiencies in a pleading or serve to expand the facts alleged in the original pleading satisfy the relation back requirements of rule 15©." *McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 102 (5th Cir. 1995).  The central purpose of Rule 15© "is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Johnson v. Crown Enterprises, Inc.,* 398 F.3d 339, 342 (5th Cir. 2005), *quoting Longbottom v. Swaby,* 397 F.2d 45, 48 (5th Cir. 1968).  Whether the "claims involve the same conduct, transaction, or occurrence" is the central issue in determining whether an amended pleading relates back under Rule 15©.  *Id.*  This is clearly the case with the *Acevedo* plaintiffs' proposed Second Amended Complaint.  Once again, movers direct the Court's attention to the prefatory language in their proposed Second Amended Complaint, Ex. 1.

**Plaintiffs will be greatly prejudiced if their proposed amendment is not allowed.** Although State Farm will not suffer any prejudice if leave to amend is granted, plaintiffs will be

greatly prejudiced if leave to amend is denied. They will also have lost the opportunity of having the Court decide the merits of their claims , as more fully set out in the proposed Second Amended Complaint. Under Rule 15(a), this court may weigh, in the movers' favor, any prejudice that would arise from denial of leave to amend. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

## Conclusion

The trial court's discretion "is not broad enough to permit denial if the court lacks substantial reason to do so." *Matter of Southmark Corporation,* 88 F.3d 311, 314 (5th Cir. 1996), *cert. denied sub nom. Schulte Roth & Zabel v. Southmark Corp.,* 519 U.S. 1057 (1997), *citing State of Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1302-03 (5th Cir. 1995). As no substantial reason exists in this case to deny leave to amend, plaintiffs' motion for leave to file the proposed Second Amended Complaint should be granted.

Respectfully submitted,
STUART T. BARASCH
La. Bar No. 20650
Hurricane Legal Center
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Tel: 504.525.1944
E-mail: sbarasch1@aol.com

and

          **/s/Maureen Blackburn Jennings**
MAUREEN BLACKBURN JENNINGS
La. Bar No. 3100
Maureen Blackburn Jennings, PLC
4407 Blossom Street
Houston, TX 77007
Tel: 504.813.6224
E-mail: jennings.maureen@gmail.com