UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | JUDGE: K |
| | * | |
| | * | MAG. 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PERTAINS TO:                                                 *
INSURANCE    (Newman v. Allstate 07-8772)    *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONSE TO PLAINTIFFS' MOTION TO REMAND

Defendant, Allstate Insurance Company ("Allstate"), hereby submits this Memorandum in Response to Plaintiffs' Motion to Remand. Allstate removed this action pursuant to 28 U.S.C. §§ 1332 and 1441 because Plaintiffs, Robert and Jane Newman, ("Plaintiffs") and Allstate are citizens of different states and the amount in controversy exceeds $75,000. Plaintiffs filed this suit in the Civil District Court for the Parish of Orleans seeking damages for losses sustained to the residence located in New Orleans, Louisiana.

In the Motion to Remand, Plaintiffs do not dispute that complete diversity of citizenship exists. Instead, Plaintiffs contest whether the amount of Plaintiffs' claim exceeds the jurisdictional amount. As stated in Allstate's Notice of Removal filed on

November 15, 2007, the Petition alleges that "Petitioners' home was significantly damaged." (Petition ¶ V.) Further, Plaintiffs' insurance policy with Allstate, under which Plaintiffs' claim is made, has dwelling limits of $70,000, other structure limits of $7,000, and personal property limits of $49,000. These limits are properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met). Although Allstate has made payments to Plaintiffs under the policy, there is more than $75,000 remaining on the policy's limits. In addition to the contractual amounts claimed, Plaintiffs also attempt to state causes of action under bad faith insurance statutes, La. Rev. Stat. §§ 22:658 and 22:1220, which provide for penalties that can total twice the amount of damages. (Petition ¶¶ XI-XIV and XVIII-XXI.) Plaintiffs also seek attorneys' fees under these statutes.[1] (Petition ¶ XXI.) While Allstate denies it acted in bad faith, such attorneys' fees and penalties are properly included in determining the jurisdictional amount. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). These

---

[1] Allstate denies that attorneys' fees are properly recoverable under the Louisiana bad faith statutes in force at the relevant time alleged in the Petition, including La. Rev. Stat. 22:658. But regardless of whether Plaintiffs could recover attorneys' fees under those statutes, attorneys' fees are still properly considered toward the amount in controversy in the context of the removal of this action. *See generally Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536-37 (5th Cir. 1990).

potential penalties and fees simply swell the amount in controversy and further establish that the amount in controversy requirement is met.  *See, e.g., Shepard v. State Farm Mut. Auto. Ins. Co.*, 545 So. 2d 624, 631 (La. App. 4th Cir. 1989) ($80,000 in attorneys' fees awarded pursuant to La. RS. 22:658); *Fuqua v. Aetna Cas. & Sur. Co.***,** 542 So. 2d 1129, 1134 (La. App. 3d Cir. 1989) (same, awarding $100,000 in attorneys' fees).

Prior to removal to this Court, on October 22, 2007 and November 9, 2007, Allstate asked Plaintiffs to sign a Binding Pre-Removal Stipulation, which included among other things, a stipulation that neither Plaintiffs nor Plaintiffs' attorney will amend the petition after one year to plead an amount in controversy in excess of $75,000, including all penalties and attorneys' fees, but exclusive of interest and costs.[2]  Plaintiffs decided not to consider the stipulation at that time.  On October 22, 2007, undersigned counsel mailed counsel for Plaintiffs the proposed stipulation in case his client decided to reconsider signing said stipulation.

Instead, in Plaintiffs' Motion to Remand, Plaintiffs refer to a stipulation in the Petition that purposefully omits the waiver of the right to amend the Petition, preserving Plaintiffs' option to amend the Petition after one year to plead an amount in controversy in excess of $75,000.   On March 25, 2008, undersigned Counsel again contacted Plaintiffs' counsel to inquire as to the reason why Plaintiffs had not signed the proposed

---

[2] *See* letters of October 22, 2007 and November 9, 2007, attached hereto as Exhibits "A" and "B," respectively.

stipulation provided by undersigned Counsel,[3] and Plaintiffs' counsel again refused to sign the stipulation.

Plaintiffs' refusal to include a renunciation of Plaintiffs' right to amend the suit is potentially an improper forum manipulation tactic by which Plaintiffs will attempt to amend the suit in state court after one year to plead an amount in controversy in excess of $75,000. At this time, however, based on Plaintiffs' Binding Stipulation, which is a judicial representation to the Court that Plaintiffs will not accept more than $75,000 in damages, exclusive of interest and costs, Allstate agrees to the Remand, but respectfully requests that the Order of Remand specifically incorporate Plaintiffs' Binding Stipulation by reference and express the Court's reliance on these representations as the basis for ordering the remand.

## CONCLUSION

Allstate respectfully requests that any Order of Remand specifically incorporate Plaintiffs' Binding Stipulation by reference and express the Court's reliance on these representations as the basis for ordering the remand.

---

[3] *See* letter of March 25, 2008, attached hereto as Exhibit "C."

Respectfully submitted,

/s/ Lauren L. Hudson
Scott G. Jones (Bar No. 14408)
Lauren L. Hudson (Bar No. 28614)
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com
lauren@inabnetjones.com

**Certificate of Service**

    I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.
    I further certify that there are no non-CM/ECF participants in this case.

/s/ Lauren L. Hudson
Lauren L. Hudson (Bar No. 28614)