# INABNET & JONES, L.L.C.
## Counselors at Law

1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940

SCOTT G. JONES
scott@inabnetjones.com

October 22, 2007

**Via Facsimile & U.S. Mail**

Soren E. Gisleson
820 O'Keefe Avenue
New Orleans, LA 70113

    **RE:** *Robert Newman and Jane Newman v. Allstate Insurance Company*
          *CDC No.: 2007-12226, Division "G-11"*

Dear Mr. Gisleson:

    I will be undertaking the representation of Allstate Insurance Company in the above captioned matter.

    In this regard, I have also enclosed a pleading for your consideration and possible signature entitled "Binding Pre-Removal Stipulation". This Stipulation allows you to stipulate that the amount in controversy in this action is less than $75,000.00 so that we can maintain the proceedings in State Court. If you are not able to agree to the Binding Pre-Removal Stipulation then we will be filing removal pleadings to remove this matter to the United States District Court for the Eastern District of Louisiana.

    Because of the deadlines imposed under Federal Law concerning removals I would ask that you please forward the Binding Pre-Removal Stipulation to me no later than Monday, October 29, 2007.

    Of course, if you would like to discuss this further for any reason, please feel free to give me a call and I will be happy to do so.

Sincerely,

Scott G. Jones

SGJ/cee
Enclosure



# INABNET & JONES, L.L.C.
## Counselors at Law

1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940

LAUREN L. HUDSON
lauren@inabnetjones.com

215-182

November 9, 2007

**Via Facsimile 504-561-6024 & U.S. Mail**

Soren E. Gisleson
820 O'Keefe Avenue
New Orleans, LA 70113

      *RE: Robert Newman and Jane Newman v. Allstate Insurance Company*
           *CDC No.: 2007-12226, Division "G-11"*

Dear Mr. Gisleson:

      Confirming our conversation earlier today, it is my understanding that your clients will not sign the Binding Pre-Removal Stipulation previously mailed to you by our office. As I explained, the Affidavit submitted by your clients does not **irrevocably** renounce the right to a judgment in excess of $75,000. Thus, once the removal deadline has passed, your clients may attempt to revoke the Affidavit and seek a judgment in excess of $75,000. The simple fact that you and/or your clients will not agree that the Affidavit is irrevocable raises concerns. Accordingly, we will file a Notice of Removal early next week. I have enclosed another copy of the Binding Pre-Removal Stipulation in case you change your mind. If so, please fax it back to me as soon as possible.

                          Sincerely,

                          Lauren L. Hudson

LLH/cee



# INABNET & JONES, L.L.C.
## Counselors at Law

1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940

LAUREN L. HUDSON
lauren@inabnetjones.com

215-182

March 25, 2008

**Via Facsimile and U.S. Mail**

Soren E. Gisleson
820 O'Keefe Avenue
New Orleans, LA 70113

    **RE:   Robert Newman and Jane Newman v. Allstate Insurance Company**
           **USDC No.: 07-8772**

Dear Soren:

    Confirming our conversation earlier this morning, you will not sign the binding and irrevocable stipulation agreeing that the amount in controversy is less than $75,000. Also, you will have the motion re-set for a hearing date which allows the required fifteen days' notice. If this is incorrect, please let me know.

    Also, I have not yet received a response to my request for a settlement demand. If you are interested in resolving this matter without further litigation, please forward me a settlement demand.

                                Sincerely,

                                  Lauren L. Hudson

LLH/kmb

