UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| | * | |

### REPLY IN SUPPORT OF NATIONAL UNION'S OBJECTIONS TO MAGISTRATE'S ORDER ON MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY DISCOVERY

National Union Fire Insurance Company of Pittsburgh, Pa., defendant, through undersigned counsel, in support of its objections to the magistrate's order on the plaintiffs' motion to compel and National Union's motion to quash the requests for production to, and notice of deposition of, National Union and to stay discovery against it until the motion to dismiss is decided, offers the following reply to address certain statements by the plaintiffs:

In their opposition, the plaintiffs suggest that this Court must substantially defer to the magistrate judge in reviewing his decision, but the plaintiffs confuse "clearly erroneous" and "contrary to law" in this regard. While questions of fact are reviewed under the clear error

1

standard and the district court does defer to the magistrate, but the contrary to law standard permits the district court to make an independent review of legal determinations. Green v. Baca, 215 F.R.D. 485, 489 (C.D. Cal. 2003)(and cases cited therein)(attached as exhibit 1).  In this case, the magistrate simply failed to follow the law of the Fifth Circuit that allows certain documents to be attached to a Rule 12(b)(6) motion without changing its character and converting it to a Rule 56 motion.  This Court certainly reviews that decision independently under the contrary to law standard.

Recognizing that the magistrate failed to follow Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), the plaintiffs suggest that the rule announced in that case is inapplicable, simply because they object to the attachment of the policy at issue.  That is a misreading of the case.  The plaintiff in *Collins* did not object but that was ***not*** the basis upon which the Fifth Circuit allowed the document attached to the motion to dismiss to be reviewed. Rather, the Fifth Circuit stated:

> We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).  In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.

Id. at 498-499 (citing in footnote Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994); Field v. Trump, 850 F.2d 938, 949 (2d Cir. 1988); and Sheppard v. Texas Dep't of Transp., 158 F.R.D. 592, 595 (E.D. Tex. 1994)).

Furthermore, the plaintiffs argue that Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003), requires all of the portions of the document central to the plaintiff's claim to be cited or produced in order to allow any portion to be considered.  That is an incorrect reading of Scanlan.  Rather, the Fifth Circuit, after affirmatively reciting the *Collins* rule, determined that

the document cited by the defendant in the motion to dismiss was <u>not</u> attached to the motion and in case was <u>not</u> central and integral to that plaintiffs' claims. <u>Id.</u> at 537.  Such does not change the fact that the motion to dismiss National Union filed is not a motion for summary judgment.  Accordingly, the magistrate erred in concluding that National Union's Rule 12(b)(6) motion is actually a Rule 56 motion.  In turn, the magistrate necessarily acted contrary to law in allowing discovery at this stage. <u>See</u> <u>Senegal v. Jefferson County</u>, 1 F.3d 1238 (5th Cir. 1993).

The plaintiffs then go on to discuss testimony of Frances Campbell, the representative of the East Jefferson Levee District.  The plaintiffs erroneously suggest that her testimony supports the need for discovery *from National Union*.  Contrary to the plaintiffs' statements, Ms. Cambell produced a box full of policies and testified about the identity of the insurance agent.  Further, she said that both the general liability and excess policies issued in 2006 were by St. Paul Marine and Fire Insurance Company.  Regardless, Ms. Campbell's deposition demonstrates that the plaintiffs are able to and should obtain this information from a source other than National Union.  Indeed, National Union simply moved to preclude discovery from it, both through written discovery and the notice of deposition.  To allow otherwise would be to waste resources and money where the motion to dismiss could end the case as to National Union without substantial cost. <u>See</u> <u>Tschirn v. Kurzweg</u>, 2003 WL 21087741 (E.D.La. May 9, 2003)(denying motion to compel and granting motion to quash and stay discovery pending ruling on motion to dismiss)(relying on <u>Montgomery v. U.S.</u>, 933 F.2d 348 (5th Cir. 1991)).

Finally, the plaintiffs contend that courts have allowed discovery even when a Rule 12(b)(6) motion is pending.  Unfortunately, the plaintiffs misconstrue all of the cases they cite, which all involved motions that referred to evidence outside the pleadings, not a case like here where the document attached to the motion is referenced in and central to the plaintiffs' claims.

For example, in Lafarge Corp. v. M/V Macedonia Hellas, 2000 WL 687708 (E.D.La. 2000), this Court denied a Rule 12(b)(6) motion without prejudice to allow discovery, because there was conflicting information about the ownership of the vessel involved. Id. at *10.  Most notably, the moving party submitted the *deposition* of the captain of the vessel. Id. at *9.  Clearly, attaching such evidence converted the Rule 12(b)(6) motion to a Rule 56 motion.[1]  Consequently, the magistrate's order should be set aside and National Union's motions for a protective order, to quash discovery and to stay discovery, should be GRANTED.

**WHEREFORE** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully prays that the objections be sustained, the magistrate's order be set aside, and its motions for protective order from and to quash notice of deposition and requests for production of documents and motion to stay discovery from it be GRANTED, the requests for production and notice of deposition propounded to it be quashed, National Union be exempt from answering or responding to said discovery and deposition notice, further discovery from it be stayed until National Union's motion to dismiss is decided, and for all other relief deemed just and proper.

Respectfully submitted,

 /s/  Karen M. Dicke
**KAREN M. DICKE (#24781)**
**GEORGE D. FAGAN, T.A. (#14260)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
Email:       *kdicke@leakeandersson.com*
              *gfagan@leakeandersson.com*

---

[1] As explained in the reply in support of the motion for protective order (document 11432) and the opposition to the motion to compel (document 11406), both incorporated here by reference, the other cases do not support the plaintiffs' premise.  Rather, no discovery should be allowed from National Union.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record on March 28, 2008, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

                                            /s/ Karen M. Dicke

F:\38803\2-Pleadings\National Union\word versions\motion quash - memo.doc