AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF INGRAM BARGE

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ 05-4182 and consolidated cases

Rec'd
2/12/08
K.C.

TO: Greater New Orleans Barge Fleeting Assoc.
Through its President, Karl C. Gonzales
6226 Jefferson Highway, Suite F
Harahan, Louisiana 70123

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Wiedemann & Wiedemann, 821 Baronne Street, New Orleans, LA 70113 | DATE AND TIME  2/29/2008 10:45 am |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Notice of FRCP 45 Production Request

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | 2/8/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen Wiedemann, 821 Baronne Street
New Orleans, LA 70113   504/581-6180 (L.S.B.A. #21151)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

GNOBFA Stevedoring Guideline

FROM : GULFSOUTH  Case 2:05-cv-04182-SRD-JCW   Document 11973-3   Filed 03/28/08   Page 2 of 6  FAX NO. : 5047378997   Feb. 12 2008 10:41PM P3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531 | * | |
| *Mumford v. Ingram*   05-5724 | * | |
| *Lagarde v. Lafarge*   06-5342 | * | JUDGE |
| *Perry v. Ingram*   06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*   06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*   07-5178 | * | JOSEPH C. WILKINSON, JR. |

## CORRECTED /NOTICE OF FRCP 45 PRODUCTION REQUEST

TO:   All Counsel

YOU ARE HEREBY NOTIFIED of the FRCP 45 Production Request of the following named organization, to produce under oath, before a court reporter or other person authorized to administer oaths, at the place, date and time stated below, to continue from day to day until concluded, the documents and things specified below.

You are invited to attend and participate as is appropriate according to law.

RESPONDENT:   Greater New Orleans Barge Fleeting Assoc.
Through its President, Karl C. Gonzales
6226 Jefferson Highway, Suite F
Harahan, Louisiana 70123

LOCATION:   Law Office of Brian A. Gilbert
821 Baronne Street
New Orleans, Louisiana 70113

**DATE/TIME:** February 29, 2008 1:15 p.m.

Please appear and produce at the Law Office of Brian A. Gilbert, 821 Baronne Street, at 1:15 p.m. on February 29, 2008, any and all of the following AWO and/or RCP materials in effect in the New Orleans area as of August 29, 2005 and applicable or available to maritime entities such as Ingram Barge Company, Lafarge North America, Zito Towing, Domino Towing and/or Unique Towing Company, and/or available and/or applicable to the commercial maritime insurance industry:

1. Documents, books, guidelines, rules, publications, communications, email, correspondence, memoranda, notices, recommendations, standards, texts, articles, treatises, instructions, video, photos, recordings, records, reports, and other materials concerning or describing.

    The proper means of handling, mooring, transport and fleeting of and securing barges when a storm or unusually windy weather is possible;

    The risk or consequences of a barge becoming loose;

    The risk or consequences of a barge alliding with a floodwall or other stationary structure;

2. All documents referring to any incident resulting in any damage that was ever allegedly caused in whole or in part by any Ingram barge that ever became loose, whether or not in a flood or hurricane

    And

    such additional documents as any or all of the entities listed above.;

3. Any and all inquiry, investigations, reports, publications, articles, statements, records, documents, things, writings, accounts, photo, video and other materials relative to the breakaway of Ingram hopper barge ING 4727 during Hurricane Katrina.

4. Any and all materials consisting of and/or related to prevention and/or investigation of the breakaway of barges, specifically including BUT NOT LIMITED TO Ingram hopper barge ING 4727 during Hurricane Katrina.

5.  Any and all materials, directives, communications, correspondence, documents, writings and things provided to and/or by, and/or obtained by or from, Ingram Barge Company, Lafarge North America, Zito Towing, Zito Fleeting, Domino Towing and/or Unique towing relative to any and all of the foregoing in Nos. 2 or 3, above.

6.  Any and all audits, reports, investigations and evaluations of Ingram Barge Company and Lafarge North America (including but not limited to Lafarge's France Road Terminal in New Orleans Louisiana) relative to safe mooring, handling and/or securing of barges generally, and relative to severe weather.

7.  Any and all materials, writings, investigations, reports, documents, communications, email, agenda, publications, speeches, lectures, consultations, notes, transcripts and recordings relative to the August 29, 2005 breakaway of Ingram Barge ING 4727, consequent damages, as well as any discussions and communications thereof

8.  Any and all documents, things and communications obtained from and/or provided by any and all persons and entities with knowledge of the aforesaid breakaway.

10. Any and all other writings and things consisting of and/or bearing upon and or memorializing the contents of any and all l meetings, press releases, newsletters, bulletins and other communications of whatever form and time relating to the August 29, 2005 breakaway of Ingram Barge ING 4727 and/or consequences thereof.

11. Affidavit of authenticity of all of the foregoing.

Respectfully submitted
By BARGE P.S.L.C.

**LAW OFFICE OF BRIAN A. GILBERT**

\S\ Brian A. Gilbert
**BRIAN A. GILBERT (#21297)**
821 Baronne Street
New Orleans, Louisiana   70113
Phone: 504/885-7700
Phone: 504/581-6180
Fax: 504/581-4336
Attorney for Plaintiffs

**WIEDEMANN & WIEDEMANN**

\S\ Lawerence D. Wiedemann
**LAWRENCE D. WIEDEMANN
KARL WIEDEMANN**

KAREN WIEDEMANN
821 Baronne Street
New Orleans, Louisiana  70113
Phone: 504/581-6180
Fax: 504/581-4336
Attorneys for Plaintiffs


\S\ Patrick J. Sanders
3123 Ridgelake Drive, Ste. B
Metairie, Louisiana  70002
Phone: 504/834-0646
Fax: 504/835-2401
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been served upon all counsel of record by E-mail and/or United States Mail, postage pre-paid and properly addressed, and/or via facsimile and/or ECF upload this 28th day of January, 2008.

\s\ Brian A. Gilbert