Issued by the

# United States District Court

|  EASTERN  | DISTRICT | LOUISIANA |
|---|---|---|

| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE | SUBPOENA IN A CIVIL CASE<br>CASE NUMBER. 05-4182 "K" (2)<br>AND CONSOLIDATED CASES |
|---|---|

TO: THE GREATER NEW ORLEANS BARGE FLEETING ASSOC.
Through its Agent
Frederick S. Renoudet
4 Bronco Lane
St. Rose, LA 70087

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED NOTICE OF FRCP 45 PRODUCTION REQUEST

| PLACE | Chaffe McCall, L. L. P.<br>1100 Poydras Street, 2300 Energy Centre<br>New Orleans, Louisiana 70163-2300 | DATE AND TIME<br>February 29, 2008<br>11:45 a.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ Derek A. Walker, Attorney for Defendant | DATE<br>February 7, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Derek A. Walker (#13175)
Chaffe McCall, L.L.P.
1100 Poydras Street, 2300 Energy Centre
New Orleans, Louisiana 70163-2300  (504) 585-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1    If action is pending in district other than district of issuance, state district under case number.



1069609_1.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                           DATE                                              SIGNATURE OF SERVER

                                                                             _____
                                                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | | * CIVIL ACTION * * NO. 05-4182 |
| *THIS PLEADING APPLIES TO:*   BARGE | | *and consolidated cases * |
| *Boutte v. Lafarge* | C.A. No. 05-5531 | * SECTION "K" (2) |
| *Mumford v. Ingram* | C.A. No. 05-5724 | * |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 | * JUDGE |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 | * STANWOOD R. DUVAL |
| *Benoit v. Lafarge* | C.A. No. 06-7516 | * |
| *Parfait v. USA* | C.A. No. 07-3500 | * MAGISTRATE JUDGE |
| *Lafarge v. USA* | C.A. No. 07-5178 | * JOSEPH C. WILKINSON, JR. * |

### NOTICE OF FRCP 45 PRODUCTION REQUEST BY LAFARGE NORTH AMERICA, INC.

TO:   All Counsel

**YOU ARE HEREBY NOTIFIED** of the FRCP 45 Production Request of the following named organization, to produce under oath, before a court reporter or other person authorized to administer oaths, at the place, date and time stated below, to continue from day to day until concluded, the documents and things specified below.

You are invited to attend and participate as is appropriate according to law.

1069651-1

| | |
|---|---|
| RESPONDENT: | The Greater New Orleans Barge Fleeting Assoc.<br>c/o Registered Agent: Frederick S. Renoudet<br>4 Bronco Lane<br>St. Rose, LA 70087 |
| LOCATION: | Chaffe McCall, LLP<br>2300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2300 |
| DATE/TIME: | February 29, 2008 at 11:45 a.m. |

Please appear and produce at Chaffe McCall, LLP, 2300 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163-2300, any and all of the identical documents and things listed in the attached "Notice of FRCP 45 Production Request" filed on January 28, 2008 by Brian A. Gilbert on behalf of Plaintiffs.

In addition, please produce documents regarding any and all barges that broke away from any and all fleets or facilities in the greater New Orleans area during the hurricane Katrina event.

**THIS NOTICE IS FOR THE PRODUCTION OF RECORDS ONLY. DEPONENT NEED NOT APPEAR IF RECORDS ARE MAILED OR DELIVERED TO THE FOLLOWING ADDRESS PRIOR TO THE DATE OF FEBRUARY 29, 2008.**

Chaffe McCall, L.L.P.<br>
1100 Poydras Street<br>
Suite 2300<br>
New Orleans, LA 70163<br>
Tel: (504) 585-7000<br>
Fax: (504) 585-7075

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | |
| *Mumford v. Ingram* | 05-5724 | |
| *Lagarde v. Lafarge* | 06-5342 | JUDGE |
| *Perry v. Ingram* | 06-6299 | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | |
| *Parfait Family v. USA* | 07-3500 | MAG. |
| *Lafarge v. USA* | 07-5178 | JOSEPH C. WILKINSON, JR. |

### CORRECTED /NOTICE OF FRCP 45 PRODUCTION REQUEST

TO:   All Counsel

   **YOU ARE HEREBY NOTIFIED** of the FRCP 45 Production Request of the following named organization, to produce under oath, before a court reporter or other person authorized to administer oaths, at the place, date and time stated below, to continue from day to day until concluded, the documents and things specified below.

   You are invited to attend and participate as is appropriate according to law.

**RESPONDENT:**         Greater New Orleans Barge Fleeting Assoc.
            Through its President, Karl C. Gonzales
            6226 Jefferson Highway, Suite F
            Harahan, Louisiana   70123


**LOCATION:**           Law Office of Brian A. Gilbert
            821 Baronne Street
            New Orleans, Louisiana   70113

**DATE/TIME:**                                February 29, 2008 1:15 p.m.

Please appear and produce at the Law Office of Brian A. Gilbert, 821 Baronne Street, at 1:15 p.m. on February 29, 2008, any and all of the following AWO and/or RCP materials in effect in the New Orleans area as of August 29, 2005 and applicable or available to maritime entities such as Ingram Barge Company, Lafarge North America, Zito Towing, Domino Towing and/or Unique Towing Company, and/or available and/or applicable to the commercial maritime insurance industry:

1. Documents, books, guidelines, rules, publications, communications, email, correspondence, memoranda, notices, recommendations, standards, texts, articles, treatises, instructions, video, photos, recordings, records, reports, and other materials concerning or describing.

    The proper means of handling, mooring, transport and fleeting of and securing barges when a storm or unusually windy weather is possible;

    The risk or consequences of a barge becoming loose;

    The risk or consequences of a barge alliding with a floodwall or other stationary structure;

2. All documents referring to any incident resulting in any damage that was ever allegedly caused in whole or in part by any Ingram barge that ever became loose, whether or not in a flood or hurricane

    And

    such additional documents as any or all of the entities listed above.;

3. Any and all inquiry, investigations, reports, publications, articles, statements, records, documents, things, writings, accounts, photo, video and other materials relative to the breakaway of Ingram hopper barge ING 4727 during Hurricane Katrina.

4. Any and all materials consisting of and/or related to prevention and/or investigation of the breakaway of barges, specifically including BUT NOT LIMITED TO Ingram hopper barge ING 4727 during Hurricane Katrina.

5.  Any and all materials, directives, communications, correspondence, documents, writings and things provided to and/or by, and/or obtained by or from, Ingram Barge Company, Lafarge North America, Zito Towing, Zito Fleeting, Domino Towing and/or Unique towing relative to any and all of the foregoing in Nos. 2 or 3, above.

6.  Any and all audits, reports, investigations and evaluations of Ingram Barge Company and Lafarge North America (including but not limited to Lafarge's France Road Terminal in New Orleans Louisiana) relative to safe mooring, handling and/or securing of barges generally, and relative to severe weather.

7.  Any and all materials, writings, investigations, reports, documents, communications, email, agenda, publications, speeches, lectures, consultations, notes, transcripts and recordings relative to the August 29, 2005 breakaway of Ingram Barge ING 4727, consequent damages, as well as any discussions and communications thereof

8.  Any and all documents, things and communications obtained from and/or provided by any and all persons and entities with knowledge of the aforesaid breakaway.

10. Any and all other writings and things consisting of and/or bearing upon and or memorializing the contents of any and all l meetings, press releases, newsletters, bulletins and other communications of whatever form and time relating to the August 29, 2005 breakaway of Ingram Barge ING 4727 and/or consequences thereof.

11. Affidavit of authenticity of all of the foregoing.

Respectfully submitted
By BARGE P.S.L.C.

**LAW OFFICE OF BRIAN A. GILBERT**

\S\ Brian A. Gilbert
**BRIAN A. GILBERT (#21297)**
821 Baronne Street
New Orleans, Louisiana 70113
Phone: 504/885-7700
Phone: 504/581-6180
Fax: 504/581-4336
Attorney for Plaintiffs


**WIEDEMANN & WIEDEMANN**

\S\ Lawerence D. Wiedemann
**LAWRENCE D. WIEDEMANN
KARL WIEDEMANN**

KAREN WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Phone: 504/581-6180
Fax: 504/581-4336
Attorneys for Plaintiffs

\S\ Patrick J. Sanders
3123 Ridgelake Drive, Ste. B
Metairie, Louisiana 70002
Phone: 504/834-0646
Fax: 504/835-2401
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing has been served upon all counsel of record by E-mail and/or United States Mail, postage pre-paid and properly addressed, and/or via facsimile and/or ECF upload this 28th day of January, 2008.

\s\ Brian A. Gilbert

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4240

*Attorneys for Lafarge North America Inc.*

### Certificate of Service

I do hereby certify that I have on this 7 day of February, 2008 served a copy of the foregoing Notice of FRCP 45 Production Request upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and property addressed.

/s/ Derek A. Walker