UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182<br>SECTION "K" (2) |

PERTAINS TO: INSURANCE –INSURANCE SUITS
PENDING IN THE INSURANCE UMBRELLA THAT
INVOLVE STATE FARM AND HARTFORD AS DEFENDANTS:
06-11198; 06-1386; 06-2919; 06-4155; 06-4703; 06-4746; 06-4952; 06-4954; 06-7307; 06-7487; 06-7585; 06-7922; 06-8451; 06-8452; 06-8602; 06-8942; 06-8952; 06-9077; 06-9151; 06-9152; 06-9874; 06-9990; 07-0245; 07-1561; 07-1562; 07-1563; 07-1564; 07-1565; 07-1566; 07-1567; 07-1568; 07-1569; 07-1570; 07-1571; 07-1572; 07-1573; 07-1574; 07-1575; 07-1576; 07-1577; 07-1578; 07-1579; 07-1580; 07-1581; 07-1582; 07-1583; 07-1584; 07-1585; 07-1586; 07-1587; 07-1588; 07-1589; 07-1590; 07-1591; 07-1592; 07-1593; 07-1594; 07-1595; 07-1596; 07-1597; 07-1598; 07-1599; 07-1600; 07-1601; 07-1602; 07-1603; 07-1604; 07-1605; 07-1606; 07-1607; 07-1608; 07-1609; 07-1782; 07-1783; 07-1784; 07-1785; 07-1787; 07-1788; 07-1789; 07-1790; 07-1791; 07-1792; 07-1793; 07-1794; 07-1795; 07-1797; 07-1798; 07-1799; 07-1800; 07-1801; 07-1803; 07-1804; 07-1805; 07-1806; 07-1807; 07-1808; 07-1809; 07-1810; 07-1811; 07-1812; 07-1813; 07-1814; 07-1815; 07-1816; 07-1817; 07-1818; 07-1819; 07-1823; 07-1858; 07-1859; 07-1860; 07-1861; 07-1862; 07-1863; 07-1864; 07-1865; 07-1866; 07-1867; 07-1868; 07-1869; 07-1870; 07-1871; 07-1872; 07-1873; 07-1874; 07-1875; 07-1876; 07-1877; 07-1878; 07-1879; 07-1880; 07-1881; 07-1882; 07-1883; 07-1884; 07-1885; 07-1886; 07-1887; 07-1888; 07-1889; 07-1890; 07-1891; 07-1892; 07-1894; 07-1895; 07-1896; 07-1897; 07-1898; 07-1899; 07-1900; 07-1901; 07-1902; 07-1903; 07-1904; 07-1906; 07-1907; 07-1908; 07-1909; 07-1911; 07-1912; 07-1913; 07-1914; 07-1915; 07-1916; 07-1917; 07-1918; 07-1919; 07-1920; 07-1921; 07-1943; 07-1944; 07-1945; 07-1946; 07-1947; 07-1948; 07-1949; 07-1951; 07-1952; 07-1953; 07-1954; 07-1955; 07-1956; 07-1958; 07-1959; 07-1960; 07-1961; 07-1962; 07-1963; 07-1964; 07-1965; 07-1966; 07-1967; 07-1968; 07-1969; 07-1970; 07-1971; 07-1972; 07-1973; 07-1974; 07-1975; 07-1976; 07-1977; 07-1978; 07-1979; 07-1980; 07-1981; 07-1982; 07-1983; 07-1984; 07-1985; 07-1986; 07-1987; 07-1988; 07-2018; 07-2020; 07-2021; 07-2022; 07-2023; 07-2025; 07-2026; 07-2027; 07-2028; 07-2029; 07-2030; 07-2031; 07-2032; 07-2033; 07-2034; 07-2035; 07-2036; 07-2037; 07-2038; 07-2039; 07-2040; 07-2041; 07-2042; 07-2043; 07-2044; 07-2045; 07-2046; 07-2047; 07-2048; 07-2049; 07-2050; 07-2051; 07-2052; 07-2053; 07-2054; 07-2055; 07-2056; 07-2057; 07-2058; 07-2059; 07-2060; 07-2157; 07-2158; 07-2159; 07-2160; 07-2161; 07-2162; 07-2163; 07-2164; 07-2165; 07-2166; 07-2167; 07-2168; 07-2169; 07-2170; 07-2171; 07-2172; 07-2173; 07-2174; 07-2175; 07-2176; 07-2177; 07-2178; 07-2179; 07-2180; 07-2181; 07-2183; 07-2184; 07-2185; 07-2186; 07-2187; 07-2188; 07-2189; 07-2190; 07-2191; 07-2192; 07-2193; 07-2194; 07-2195; 07-2196; 07-2197; 07-2198; 07-2232; 07-2233; 07-2234; 07-2236; 07-2238; 07-2239; 07-2240; 07-2241; 07-2660; 07-2661; 07-2662; 07-2663; 07-2664; 07-2665; 07-4393; 07-4395; 07-4396; 07-4457; 07-4459; 07-4538; 07-4784; 07-4852; 07-4853; 07-5069; 07-5112; 07-5199; 07-5204; 07-5205; 07-5206; 07-5208; 07-6247; 07-6488; 07-6737; 07-8621; 07-8622; 07-8623; 07-8820; 07-8945; 07-9768

# MEMORANDUM OF LAW IN SUPPORT OF
# STATE FARM'S MOTION TO DISMISS FLOOD WATER DAMAGE CLAIMS

State Farm Fire and Casualty Company and State Farm General Insurance Company (collectively "State Farm") submit this Memorandum of Law in Support of State Farm's Motion to Dismiss Flood Water Damage Claims, based upon this Court's rulings in *Chehardy* and *Vanderbrook*, as affirmed by the United States Fifth Circuit Court of Appeals.

## ARGUMENT

I.  Standard for Granting a Rule 12(c) Motion

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Accordingly, a court must view the pleadings in the light most favorable to the nonmovant and must draw all reasonable inferences in favor of the nonmovant. *See Youngblood v. Bender*, 2000 WL 1059782, *1 (E.D. La. July 31, 2000). But if the movant can establish beyond a reasonable doubt that the nonmovant can plead or prove no set of facts that would entitle him to relief, judgment on the pleadings is proper. *See Faust v. State Farm Fire & Cas. Co.*, 2007 WL 1191163, *1 (E.D. La. Apr. 20, 2007).

II. Cases Alleging Only Flood Water Damage Should Be Dismissed in Their Entirety

   A.  Plaintiffs' Contract Claims Should Be Dismissed

      1.  State Farm's Water Damage Exclusion Clearly and Unambiguously Excluded Flood Damage, Regardless of Cause

Every State Farm Policy at issue in the above-captioned litigation clearly and unambiguously excludes water damage, including flood damage.[1] For example, State Farm Homeowners Policy No. FP-7955 provides as follows:

---

[1] State Farm's water damage exclusion does not exclude damage caused by wind-driven rain and the term "water damage," as used herein, does not include wind-driven rain.

SECTION I – LOSSES NOT INSURED

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss *regardless of: (a) the cause of the excluded event*; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \*

c. **Water Damage,** meaning:

(1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not . . . .

(Exhibit C, Homeowners Policy FP 7955 at p. 10, ¶ 2(c) (emphasis added).)[2] Other State Farm policies at issue contain nearly identical language, including the lead-in language.[3] Although commonly referred to as an "anti-concurrent cause" provision, the lead-in language to the water damage exclusion not only negates the effect of "concurrent," antecedent, or sequential causes of loss on the enumerated "excluded events" (including flood water damage), but also makes irrelevant the cause of the excluded event itself.

Attached to State Farm's motion as Exhibit A is a list of cases in which the Plaintiffs allege damage to their properties as a result of flooding from canal and levee overtopping, storm

---

[2] *See also In re Katrina Canal Breaches Consol. Litig.*, 466 F. Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.) ("*Katrina Canal Breaches I*") (quoting State Farm policy language), *aff'd as to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).

[3] The policies at issue potentially comprise of State Farm Homeowners, Renters, Rental Dwelling, Commercial, Apartment, Manufactured Home, Builders, Church, Business, Farm/Ranch, Contractors and Condominium policies. Any and all of the policies potentially sued upon contain a flood exclusion virtually identical to the exclusion cited herein. The minor differences in the policy language have no bearing on the interpretation and ultimate validity of the flood exclusion. For example, not all policies include the words "tsunami" or "seiche." Such variations are not material to this motion. *See generally Katrina Canal Breaches I*, 466 F. Supp. 2d at 762-63.

surge, and/or levee failures during or following Hurricane Katrina.[4] The Plaintiffs in the cases listed on Exhibit A do not allege that they sustained wind damage during Hurricane Katrina. Instead, Plaintiffs seek a court determination that State Farm's water damage exclusion does not extend to canal and levee overtopping, storm surge, and/or levee failures on the grounds that hurricane winds and/or human negligence caused or contributed to the levee breaches or overtopping and, therefore, the resulting flood damage is covered under the policies, notwithstanding coverage exclusions for flood damage. As to State Farm, however, this Court has already rejected Plaintiffs' argument in a decision affirmed by the Fifth Circuit. *See In re Katrina Canal Breaches Consol. Litig.*, 466 F. Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.)

---

[4] Thirteen of these cases were filed by plaintiffs represented by the Hurricane Legal Center (HLC) and use virtually identical petitions or complaints: 07-5204, 07-5206, 07-5208, 07-4457, 07-4459, 07-6737, 07-8621, 07-8622, 07-8623, 07-9768, 08-1164, 08-1165, 08-1166. In two recently dismissed lawsuits filed by plaintiffs also represented by the HLC (*Acevedo*, No. 07-5199 and *Abram*, No. 07-5205), the complaints were identical to the thirteen HLC complaints currently before the Court. In *Acevedo* and *Abrams*, this Court dismissed all claims against State Farm, finding that the complaints alleged claims against State Farm only for excluded water damage. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No. 07-5205, and *Acevedo*, No. 07-5199), Order [Dkt. No. 10738] (E.D. La. Jan. 22, 2008) (Duval, J.).

Additionally, in two of the thirteen HLC actions currently at issue (*Anderson*, No. 07-6737) and *Aguda*, No. 07-4457), the plaintiffs recently moved before Judge Wilkinson to amend their complaints. Judge Wilkinson rejected the proposed amended complaint in its entirety and denied the plaintiffs' motions "insofar as the proposed amendment asserts claims that flood damage to their property is covered by plaintiffs' insurance policy with State Farm," holding that such claims were futile. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson*, No. 07-6737), Order on Motion [Dkt. No. 11296] (E.D. La. Feb. 20, 2008) (Wilkinson, M.J.); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Aguda*, No. 07-4457), Order on Motion [Dkt. No. 11543] (E.D. La. Mar. 5, 2008) (Wilkinson, M.J.). In so ruling, he implicitly also agreed with State Farm's categorization of the original Complaint as solely asserting claims for excluded water damage. Further, identical suits filed by the HLC on behalf of other plaintiffs were pending in other sections of the Eastern District. The courts in those cases found that the HLC complaints asserted claims against State Farm only for excluded water damage and dismissed the suits. *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

("*Katrina Canal Breaches I*"), *aff'd as to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).

In its decision in *Katrina Canal Breaches I*, this Court granted motions to dismiss in favor of State Farm, *id.* at 765 & 774-75, based upon "the clarity of the State Farm exclusion as to 'regardless of cause.'" *Id.* In so doing, the Court expressly rejected any argument that State Farm's water damage exclusion did not include flood damage resulting from levee failures. As this Court held:

> The State Farm policy does precisely what the ISO Water Exclusion Policy fails to do. It makes it clear that regardless of the cause of the flooding, there is no coverage provided for any flooding "regardless of the cause." Such language is clear to the Court and as such, the Court must find that the State Farm policy as written excludes coverage for all flooding.

*Katrina Canal Breaches I*, 466 F. Supp. 2d at 762-63. The Court further stated: "This provision [State Farm's water damage exclusion] clearly excludes flood damage 'no matter the cause' which clearly includes both natural and man-made 'causes.'" *Id.* at 774-75.

The Fifth Circuit affirmed this Court's ruling as to State Farm. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 223 (5th Cir. 2007) ("*Katrina Canal Breaches II*"), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008). In addition, in a later decision, the Fifth Circuit held that the flood exclusion in State Farm's policy, together with its lead-in language, unambiguously precludes recovery for damage caused by flood waters that followed Hurricane Katrina. *See Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 353 (5th Cir. 2007). As the Fifth Circuit explained: "The Water Damage Exclusion states that water damage includes damages caused by, among other things, flood, waves, tidal water, and overflow of a body of water, 'all whether driven by wind or not.' These words accurately describe the influx of water into the [plaintiffs'] home that was caused by the Katrina storm surge. Furthermore, courts have held that similarly worded water damage exclusions apply to flooding that occurs during a hurricane." *Id.* at 352.

Plaintiffs may rely upon an opinion from *Sher v. Lafayette Ins. Co.*, No. 07-0757 (La. App. 4th Cir. 11/19/07), 973 So. 2d 39 (appeal pending) to argue that their claims should not be dismissed. Such reliance would be misplaced. In *Sher*, a plurality of the appellate court found that the Lafayette policy at issue in that case, an ISO policy, was ambiguous and did not clearly exclude flooding that resulted from human negligence. *See id.* at p. 8-9, 973 So. 2d at 51. *Sher* is currently on appeal to the Louisiana Supreme Court. This Court in *Katrina Canal Breaches I* reached a similar result as to ISO policies, including Lafayette's policy. *See Katrina Canal Breaches I*, 466 F. Supp. 2d at 756-60, 770. The Fifth Circuit disagreed and held that the term "flood," as used in such exclusions, included man-made events. *See Katrina Canal Breaches II*, 495 F.3d at 215. For purpose of this motion, however, the Court need not resolve the conflict between the Fifth Circuit and the *Sher* plurality opinion, nor wait for a decision from the Louisiana Supreme Court. This Court expressly distinguished the language in State Farm's water damage exclusion from ISO language and held that State Farm's policy did what Lafayette's did not: it clearly and unambiguously excluded flood resulting from both natural and man-made causes. *See Katrina Canal Breaches I*, 466 F. Supp. 2d at 762-63, 774-75. Accordingly, even if the Louisiana Supreme Court were to affirm *Sher*, dismissal of the cases on Exhibit A would still be required as to State Farm, based on this Court's prior ruling.

2. <u>The Efficient Proximate Cause Doctrine Is Inapplicable</u>

Furthermore, Plaintiffs do not avoid the effect of this Court's ruling in *Katrina Canal Breaches I* by pleading the efficient proximate cause doctrine. Again, such an argument has already been expressly rejected by this Court. As the Court explained: "This case does not present a combination of forces that caused damage such as wind versus water . . . . In this case the 'cause' conflates to flood; it is not wind damage versus water damage . . . ." *Katrina Canal Breaches I*, 766 F. Supp. 2d at 762. The Fifth Circuit agreed:

> The district court considered the anti-concurrent-causation clauses in this case and concluded that they are inapplicable here because there were not two separate causes of the plaintiffs' damage. . . .

> We agree with the district court's determination that we need not address whether insurers may contract around the efficient-proximate-cause rule under Louisiana law, nor need we address the operation of the efficient-proximate-cause rule itself in this case. The efficient-proximate-cause doctrine applies only where two or more distinct actions, events, or forces combined to create the loss. But here, on these pleadings, there are not two independent causes of the plaintiffs' damages at play; the only force that damaged the plaintiffs' properties was flood. To the extent that negligent design, construction, or maintenance of the levees contributed to the plaintiffs' losses, it was only one factor in bringing about the flood; the peril of negligence did not act, apart from flood, to bring about damage to the insureds' properties. Consequently, as the plaintiffs argue and as the district court held, the efficient-proximate-cause doctrine is inapplicable.

*Katrina Canal Breaches II*, 495 F.3d at 222-23.

Further, with respect to State Farm's policy, this Court specifically held that the efficient proximate cause doctrine did not prevent enforcement of the water damage exclusion:

> Louisiana has not spoken to the issue of whether the doctrine of efficient proximate cause overrides anti-concurrent cause clauses. As noted, Louisiana has adopted the efficient proximate cause approach to coverage; however, the courts have not, to this Court's knowledge, squarely addressed this tension. Nonetheless, from the foregoing citations to the Code and the jurisprudence constant concerning clear language and the ability for parties to a contract to dictate the terms thereof, it appears that a Louisiana court would enforce the clear contractual intent to exclude coverage as found in this State Farm lead-in clause.

*Katrina Canal Breaches I*, 766 F. Supp. 2d at 763.[5]

Accordingly, in *Katrina Canal Breaches I*, this Court dismissed the plaintiffs' contract claims against State Farm. *See id.* at 765 & 774-75. Likewise, this Court dismissed, as to State Farm, the plaintiffs' claim for a declaratory judgment, seeking a declaration that

(1) the first efficient proximate cause of their loss was windstorm, rendering subsequent losses from levee failures irrelevant to coverage;

(2) the second efficient proximate cause of losses were acts of negligence;

---

[5] Since this Court's decision in *Katrina Canal Breaches I*, the Fifth Circuit has held that the anti-concurrent cause language in State Farm's water damage exclusion renders the efficient proximate cause doctrine inapplicable. *See Tuepker*, 507 F.3d at 356; *see also Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 231 (5th Cir. 2007) ("Louisiana law equates 'direct loss' with proximate cause; an insurance policy, however, may limit or otherwise define 'direct loss.'"). However, based upon this Court's prior rulings, the Court need not reach this issue for purpose of the instant motion.

(3) the third efficient proximate cause of losses was storm surge;

(4) the breaking or failure of boundaries of bodies of water was not an excluded peril;

(5) the damage caused by water entering the City of New Orleans and adjoining parishes due to levee breaches was not within the exclusion for flood.

*See id.* at 769 (describing allegations of Count I of the *Chehardy* Amended and Restated Complaint) and at 774-75 (dismissing Count I as to State Farm).[6] This Court's prior rulings, therefore, require dismissal of any and all contract claims alleged in the cases listed on Exhibit A, as well as any claims seeking a declaration of the rights of the parties under the contract.[7]

B. Plaintiffs' Extra-Contractual Claims Should Be Dismissed

In *Katrina Canal Breaches I*, this Court declined to address claims for extra-contractual damages, reserving such issue for a later date. *See* 466 F. Supp. 2d at 775. However, if there is no breach of contract claim, there can likewise be no recovery of extra-contractual damages. *See, e.g.*, *Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 WL 221558, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (dismissing claims for statutory bad faith and for fraud/deceit; "because [plaintiff] has no underlying breach of contract on her insurance policy, she has no claim for penalties under La. R.S. 12:220 and 22:658"); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons at 3-4 [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.) ("The complaint contains no claims for recovery of insurance proceeds for unpaid wind

---

[6] Before addressing the *Chehardy* Amended and Restated Complaint in its decision, the Court considered and granted State Farm's motion to dismiss the flood damage claims of *Vanderbrook* plaintiffs Mary Jane Silva and Robert G. Harvey. *See Katrina Canal Breaches I*, 466 F. Supp. 2d at 765. This Court subsequently entered an order dismissing the Silva and Harvey claims in their entirety and with prejudice. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Vanderbrook*, No. 05-6323), Order [Dkt. No. 10725] (E.D. La. Jan. 22, 2008) (terminating State Farm as a defendant).

[7] Since this Court's decision in *Katrina Canal Breaches I*, both this Court and other Louisiana district courts have dismissed complaints against State Farm that alleged only flood water damage. *See supra* note 4.

damage[s]. The plaintiffs have therefore not stated a claim for breach of contract, and, accordingly, the ancillary claims for penalties under La. Rev. Stat. §§ 22:658 and 22:1220 must be dismissed."); *Phillips v. Patterson Ins. Co.*, 2001-1545 (La. App. 3d Cir. 2002), 813 So. 2d 1191, 1195 (statutory bad faith penalties "do not stand alone" but rather depend on a "valid, underlying, insurance claim").

Both Louisiana bad faith statutes provide for recovery of penalties when the evidence clearly demonstrates that an insurer's denial of the plaintiff's claim was "arbitrary, capricious, or without probable cause." *Block v. St. Paul Fire & Marine Ins. Co.*, 32,306, p. 7 (La. App. 2d Cir. 9/22/99), 742 So. 2d 746, 751-52; *see also id.* at p. 7, 742 So. 2d at 751 ("[It must be] clearly shown that the insurer was in fact arbitrary, capricious, and without probable cause in refusing to pay."); *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107, p. 13 (La. 10/21/03), 857 So. 2d 1012, 1021 (stating sanctions "are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay"). The "arbitrary, capricious or without probable cause" standard is synonymous with "vexatious," and describes an insurer whose willful refusal of a claim is not based on a good-faith defense. *See Reed*, 03-0107, at pp. 13-14, 857 So. 2d at 1021. Where there is a good faith dispute about coverage or the extent of loss, resolution of the coverage issue in favor of the insured is not, in itself, evidence of bad faith. *See Reed v. United States Fid. & Guar. Co.*, 302 So. 2d 354, 357-58 (La. App. 3d Cir. 1974). On the other hand, a court's determination of the coverage question in the insurer's favor necessarily precludes a bad faith claim, since the insurer's denial of the claim was proper under the policy. As to the cases on Exhibit A, the only loss asserted by the Plaintiffs is flood damage. Because their contractual claims fail, so do their extra-contractual claims. Accordingly, such complaints should be dismissed, as to State Farm, in their entirety and with prejudice.

III.   Claims for Flood Water Damage Should Be Dismissed from the Cases on Exhibit B

Attached to State Farm's motion as Exhibit B is a list of cases where Plaintiffs allege that they sustained damage resulting from both wind and water. To the extent that such Plaintiffs

seek to recover for damage caused by the excluded peril of flood, such claims must be dismissed for the reasons stated in Section II.A. above.  Dismissal of such claims will serve to narrow the issues for discovery and trial, as well as facilitate more focused settlement discussions.  *See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (observing that "district courts have the power and the duty to define the issues at the earliest stages of litigation").  Accordingly, as to the cases listed on the attached Exhibit B, State Farm asks that any and all claims for flood damage be dismissed.  All claims for monetary relief for flood damage should be stricken from the complaints.

IV.     Conclusion

For all the foregoing reasons, State Farm respectfully requests that the cases listed on Exhibit A be dismissed as to State Farm in their entirety and with prejudice.  State Farm further requests that all claims for flood damage asserted in the complaints in the cases listed on the attached Exhibit B be dismissed and all claims for monetary relief for damage stricken from the complaints.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
LINDSAY A. LARSON, III #8053
CHRISTIAN A. GARBETT, SR. #26293
ADAM P. MASSEY, #29330
SARAH R. SHANNAHAN, #30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingrebs.com; llarson@kingkrebs.com
cgarbett@kingkrebs.com; amassey@kingkrebs.com
smonsour@klb-law.com

-and-

        CHARLES L. CHASSAIGNAC, IV (#20746)
        PORTEOUS, HAINKEL & JOHNSON
        343 Third Street, Suite 202
        Baton Rouge, Louisiana  70801
        Telephone:  (225) 383-8900
        cchassaignac@phjlaw.com

        -and-

        WAYNE J. LEE
        Stone Pigman Walther Wittmann, LLC
        546 Carondelet St.
        New Orleans, LA 70130-3588
        (504) 581-3200
        wlee@stonepigman.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

        **/s/ David A. Strauss**