UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>VERSUS<br><br>PERTAINS TO: MRGO, Robinson<br>(No. 06-2268) | :  CIVIL ACTION NO. 05-4182 "K" (2)<br>:<br>:  JUDGE DUVAL<br>:<br>:  MAG. WILKINSON<br>:<br>: |

## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SUBPOENA

MAY IT PLEASE THE COURT:

The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), and Dr. Hassan S. Mashriqui, object to the subpoena issued by plaintiffs, Norman Robinson, et al, for the video-taped deposition of Dr. Hassan Mashriqui and the production of documents. LSU respectfully requests that this Court quash this subpoena and release Dr. Mashriqui from said subpoena on the following grounds.

Neither Dr. Mashriqui, an employee and faculty member at LSU, nor LSU are parties to the subject lawsuit. On Friday, March 28, 2008, plaintiffs served Dr. Mashriqui with a subpoena for his video-taped deposition to be taken on Wednesday, April 2, 2008, at 9:00 a.m., at plaintiffs' counsel's office in New Orleans.[1] From the documents, it appears that the subpoena was only issued on March 26, 2008. Prior to receiving service of the subpoena, Dr. Mashriqui had not been contacted by the requesting attorneys regarding setting his deposition for a convenient and reasonable date, place, or time for the deposition, or inquiring as to whether the documents requested was information that could in fact be produced.

---

[1] A copy of the subject subpoena is attached to LSU's Motion to Quash Subpoena as Exhibit "A".

449814.1

The return date on the subpoena and for Dr. Mashriqui's deposition is April 2, 2008, a mere 2 business days from the date of service for Dr. Mashriqui to make himself available for the deposition and to gather the documents requested in the subpoena. Fed. Rule of Civ. Proc. 45(a)(3)(A)(i) states that the court shall quash or modify a subpoena that fails to allow reasonable time for compliance. The return date on this subpoena does not allow for sufficient time for Dr. Mashriqui to clear his schedule to appear for the deposition, much less gather and review the documents requested. This subpoena should be quashed for failing to allow for reasonable time to comply, pursuant to Fed. Rule of Civ. Proc. 45(a)(3)(A)(i).

More importantly, the litigants to this matter have failed to inquire or determine whether or not the documents requested can in fact be produced by Dr. Mashriqui. Fed. Rule of Civ. Proc. 45(c)(3)(A)(iii) allows for a subpoena to be quashed if compliance requires disclosure of privileged or other protected matter and no exception or waiver applies. The LSU Bylaws provide for ownership by LSU of any original work that is fixed in any tangible medium of expression and created or produced by LSU personnel. LSU System Bylaws, Chapter VII. LSU is neither a party to this litigation nor the entity to whom this subpoena was directed. Dr. Mashriqui has no authority to produce to the litigants in this matter documents or data in which he does not own. LSU has not granted permission for use of its intellectual property in this litigation.

Additionally, the first category of documents requested to be produced by Dr. Mashriqui at his proposed deposition appears to relate to research performed and information generated pursuant to a research grant from the State of Louisiana, Department of Transportation and Development ("DOTD"). Neither LSU nor Dr. Mashriqui has had an opportunity to determine whether DOTD has its own ownership interest under the grant to the documents and data

generated from the research. The remaining categories of requested data and documents may also implicate the ownership interests of other entities not a party to this litigation or to this subpoena. Again, the return date on this subpoena provides insufficient time for either LSU or Dr. Mashriqui to gather the documents requested and review any related grants for protected information and additional ownership interests. When these documents can be gathered and reviewed, a confidentiality agreement and protective order may be necessary to protect LSU's intellectual property created by the research and data generated. Further, LSU may choose not to all the use of its intellectual property in this manner.

Plaintiffs, in allowing insufficient time for Dr. Mashriqui to arrange his schedule to comply with this subpoena and in failing to determine what privileged or protected information may be contained in the documents requested in connection with the subpoena, have forced the filing of this Motion to Quash. LSU and Dr. Mashriqui respectfully request that this Court grant this Motion to Quash and release Dr. Mashriqui from the requirement of complying with this subpoena.

Respectfully Submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By ___s/Jennifer M. Sigler___
David J. Shelby II, #22614
Jennifer M. Sigler, #27083
8th Floor, Chase Tower South
451 Florida Street, Baton Rouge, Louisiana 70801
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

*Attorneys for Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Dr. Hassan Mashriqui*

## CERTIFICATE

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 1st day of April, 2008.

s/Jennifer M. Sigler