UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO.: 05-4182 "K"(2) JUDGE DUVAL |
| PERTAINS TO:  INSURANCE Nos. *06-4746; 07-4538; 07-4852; 07-5112; 07-5199; 07-5205; 07-5208* | * * * | MAGISTRATE JUDGE WILKINSON |

**<u>MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS BY HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, HARTFORD UNDERWRITERS INSURANCE COMPANY, AND ANY IMPROPERLY IDENTIFIED VARIANT OF THE HARTFORD ENTITIES</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company, and any improperly identified variant of the Hartford entities (hereinafter "Hartford") file this Memorandum in Support of their Omnibus Motion for Partial Judgment on the Pleadings in the identified civil actions pending in this Court (Cause Nos. 06-4746; 07-4538; 07-4852; 07-5112; 07-5199; 07-5205; 07-5208).  For cause, Hartford would show:

1

**I.**

Plaintiffs in the identified civil actions (Cause Nos. 06-4746; 07-4538; 07-4852; 07-5112; 07-5199; 07-5205; 07-5208) have asserted claims under their respective Hartford homeowners' insurance policies arising from, *inter alia*, property damage caused by flood water and rising surface waters attributable to certain alleged breaches in the levees, canals and other flood control structures within the New Orleans area hurricane protection system during and after Hurricane Katrina. These flood and surface water damages are the basis for consolidation of the referenced civil actions (Cause Nos. 06-4746; 07-4538; 07-4852; 07-5112; 07-5199; 07-5205; 07-5208) under the *In Re Katrina Canal Breaches Consolidated Litigation* umbrella.

The Hartford policies at issue in these lawsuits exclude coverage for loss caused by water damage, meaning "flood, surface water, . . . overflow of a body of water . . . whether or not driven by wind."[1] The Fifth Circuit has held that a water damage exclusion identical to the one contained in the Hartford policies is effective to bar recovery for the flood and surface water damage claims.[2]

Separate and apart from the exclusion for water damage, the claims asserted by Plaintiffs also are independently excepted from coverage by the Hartford policies through Hartford's Amendatory Endorsement Specifically Excepted Perils (the "H-380 Endorsement"), which is unique to the Hartford policies in these consolidated pleadings.[3]

---

[1] *See* Exhibit A to this Memorandum, Representative Homeowners' Policy at page 9 of 18, Section I – Exclusions, 1.c. (bates label Hartford/Vanderbrook 000012). The Representative Policy attached hereto is the Policy that was submitted in connection with Hartford's motion to dismiss the claims of Plaintiff Jack Capella as the Executor of the Succession of Lillian Capella (the "Capella Estate") in the *Vanderbrook* litigation. *See also*, Exhibit B, Patton Declaration (establishing that the same policy form and endorsement (or identical versions) are at issue with respect to the claims addressed by this motion).
[2] *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 221 (5th Cir. 2007).
[3] *See* Exhibit A to this Memorandum, Representative Homeowners' Policy at Amendatory Endorsement Specifically Excepted Perils (bates label Hartford/Vanderbrook 000030-000031).

All of the affected Plaintiffs in the referenced cases have the H-380 endorsement or a virtually identical equivalent attached to their particular policies.[4] This endorsement explicitly excepts from coverage any damage directly or indirectly caused by:

- negligent "design, specifications, workmanship, repair, construction" or "maintenance" of "levees, dams or other facilities;"[5] or

- "collapse, cracking or shifting" of structures or facilities that occurs during earth movement or flood conditions, including any "release of water held by a dam, levy or dyke or by a water control device."[6]

Applying the independent exclusions contained in Hartford's H-380 Endorsement, this Court previously ordered dismissal of claims against Hartford for damage from flood and rising surface waters attributable to the alleged failures in the hurricane protection system, even where the Court denied similar effect for the water damage exclusions contained in various homeowners' policies. Rec. Doc. No. 1803.[7] The same result should be reached for all of the affected Plaintiffs' in the referenced cases, because all of them have the same H-380 endorsement or one that is identical in all material respects, as established by the Declaration of William Patton attached hereto as Exhibit B and incorporated for all purposes.[8]

To avoid duplication and facilitate the efficient treatment of this Omnibus Motion, Hartford adopts and incorporates the relevant pleadings, and this Court's order granting the Motion to Dismiss Plaintiff's claims brought against Hartford in the consolidated Civil Action No.05-6323, styled as *Vanderbrook, et al. v. State Farm Fire & Cas. Co., et al*. The relevant pleadings incorporated here include:

---

[4] *See* Exhibit B, Patton Declaration.
[5] *See* Exhibit A to this Memorandum, Representative Homeowners' Policy at Amendatory Endorsement Specifically Excepted Perils (bates label Hartford/Vanderbrook 000030).
[6] *See* Exhibit A to this Memorandum, Representative Homeowners' Policy at Amendatory Endorsement Specifically Excepted Perils (bates label Hartford/Vanderbrook 000031).
[7] *In Re Katrina Canal Breaches Consolidated Litigation*, 466 F.Supp.2d 729, 763-764 (E.D.La. 2006).
[8] Exhibit B, Patton Declaration.

- **Hartford's Rule 12 Motion to Dismiss**, June 15, 2006, Rec. Doc. No. 572 (and attached Memorandum);
- **Consolidated Reply Memorandum of Defendants The Standard Fire Insurance Company, Hartford Insurance Company of the Midwest, Hanover Insurance Company and Unitrin Preferred Insurance Company in Further Support of Their Rule 12 Motions**, August 2, 2006, Rec. Doc. No. 862 (and attachments);
- **Hartford's Supplemental Reply Memorandum in Further Support of Its Rule 12 Motion to Dismiss**, August 2, 2006, Rec. Doc. No. 865
- **Order**, November 27, 2006, Rec. Doc. No. 1803, *In Re Katrina Canal Breaches Consolidated Litigation*, 466 F.Supp.2d 729 (E.D.La 2007);
- **Motion for Entry of Rule 54(b) Judgment By Hartford Insurance Company of the Midwest**, January 29, 2007, Rec. Doc. No. 2892 (and attached Memorandum); and
- **Rule 54(b) Final Judgment**, March 23, 2007, Rec. Doc. No. 3540.

These incorporated pleadings establish as a matter of law that Plaintiffs' claims for damage from flood waters and rising surface waters released from the alleged breaches in the New Orleans area hurricane protection system are excluded from coverage pursuant to the Amendatory Endorsement Specially Excepted Perils – the H-380 Endorsement. Hartford therefore respectfully prays that its Omnibus Motion to Dismiss Plaintiffs' flood and rising surface water damage claims should be granted and those claims dismissed.

          Respectfully submitted:

          **/s/ Seth A. Schmeeckle**
          Ralph S. Hubbard III, T.A. La. Bar. # 7040
          Seth A. Schmeeckle, La. Bar # 27076
          LUGENBUHL, WHEATON, PECK,
          RANKIN &  HUBBARD
          601 Poydras Street, Suite 2775
          New Orleans, LA 70130
          Telephone:    (504) 568-1990
          Facsimile:    (504) 310-9195

          And

          OF COUNSEL:

Christopher W. Martin (pro hac vice)
Texas Bar 13057620
Federal ID 13515
Martin R. Sadler (pro hac vice)
Texas Bar 00788842
Federal ID 18230
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

**Attorneys for Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company, and any improperly identified variant of the Hartford Entities ("Hartford")**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Seth A. Schmeeckle
Seth A. Schmeeckle