UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO:    Insurance

Acevedo v. AAA Insurance, et al
No. 07-5199

CIVIL ACTION

NO. 05-4182

SECTION "K" (2)

PLAINTIFF, UNION BAPTIST THEOLOGICAL SEMINARY'S
OPPOSITION MEMORANDUM TO CHURCH MUTUAL INSURANCE
COMPANY'S RULE 12(b)(6) MOTION TO DISMISS

Background

On August 29, 2007, 413 plaintiffs filed suit in this action, seeking damage to their

property, insured through their respective insurer.  The damage inflicted on their property,

arose from hurricane Katrina, which hit the New Orleans region on August 29, 2005.

The plaintiff's complaint, identified 76 insurance companies, as insurers for plaintiff's

respective properties.

On December 5, 2007, plaintiff's amended the original complaint, to reflect an

omission in the complaint, which did not identify for 4 of the plaintiff's, their correct insurer.

Plaintiff's amended complaint of December 5, 2007, was its first amended complaint

and was made without leave of court, their being no responsive pleading as yet filed by any of the identified defendants.

On December 19, 2007, the defendant, Church Mutual Insurance Company filed a Rule 12(b)(6) Motion to Dismiss plaintiff's complaint as to the Seminary.

On March 19, 2008, the Honorable Judge Stanwood R. Duval, Jr., United States District Court Judge, granted plaintiff's until April 1, 2008, to file it's opposition to the motion.

<u>The Law</u>

<u>Authority for Amendment</u>

Plaintiff's amended their complaint, by adding Church Mutual Insurance Company as an additional defendant under Rule 15(c)(3), Fed. R. Civ. P.

<u>History of Rule 15(c)</u>

The Fifth Circuit in <u>Jacobsen v. Police Officer Osborne, et al</u>, 133 F.3d 315 (5th Cir. 1998) provides an historical summary of Fed. R. Civ. P. 15(c) as follows:[1]

Rule 15(c), as amended in 1991 and 1993, provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

---

[1]The most recent amendments to Rule 15(c) became  effective December 31, 2007. Essentially, only stylistic changes were made. Because the plaintiff's amended complaint was filed before this date plaintiff will cite and discuss the previous version of the rule.

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(C) (emphasis added).

Prior to the rule bing amended in 1991, the Supreme Court, in Schiavone v. Fortune, 477 U.S. 21, 91 L. Ed. 2d 18, 106 S. Ct. 2379 (1986), interpreted it to permit relation back if the following conditions were satisfied:

(1) the basic claim must have risen out of the conduct set forth in the original proceeding (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Moore v. Long, 924 F.2d 586, 587 (5th Cir. 1991) (quoting Schiavone, 477 U.S. at 29).

In response to Schiavone, Rule 15(c) was amended to change the fourth relation-back factor.  The Advisory Committee stated that

[subpart (3) was] revised to change the result in Schiavone v. Fortune, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action withing the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the

> defendant's name provided that the requirements of clauses (A) [notice] and (B) [mistake] have been met.  If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time <u>to correct a formal defect such as a misnomer or misdentification</u>.  On the basis of the test of the former rule, the Court reached a result in <u>Schiavone v. Fortune</u> that was inconsistent with the liberal pleading practices secured by Rule 8.

Fed. R. CIV. P. 15(c), Advisory Committee Notes (1991 Amendment) (emphasis added).

<u>Jacobsen v. Police Officer Osborne, et al</u>, 133 F.3d at 319.

The J<u>acobsen</u> court understood:

> The only significant difference between the <u>Schiavone</u> rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown.

<u>Id</u> at 319-320 citing <u>Skolzylas v. Federal Burea of Prisons</u>, 961 F.2d 543, 545 (5th Cir. 1992).

Beyond the history that Jacobson provides, the case is important within the context of the development of the law under Rule 15(c).  <u>Jacobson</u> made clear that a defendant that is named as "John Doe" cannot be an added defendant and relate back under Rule 15(c)(3) because as a "John Doe" there is no mistake to be had, in identifying the correct defendant; rather the problem was not being able to identify the defendant in the first instance, when the complaint was filed.  <u>Id</u> at 320-321.

Following <u>Jacobson</u>, the Fifth Circuit in <u>SMS Fin., Ltd. Liab. Co. V. ABCO Homes, Inc</u>. 167 F.3d 235, 244-245 (5th Cir. 1999) allowed relation back of an amendment changing the naming of the plaintiff and cited the Advisory Committee Notes for the 1966 Amendment

-4-

to Rule 15 as authority for it's holding that Rule 15 also applies to changing a plaintiff.

The Fifth Circuit in <u>SMS Fin., Ltd. Liab. Co.</u> also clearly stated its understanding that:

Fed. R. Civ. P. 15(c)(3) allows an amended pleading to relate back when: (1) it changes the party or the naming of the party ; (2) the claim arose out of the conduct, transaction, or occurrence in the original pleading; (3) the party brought in by the amendment has received notice so that the party will not be prejudiced in maintaining a defense on the merits; and (4) the party knew or [**30] should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed. R. Civ. P. 15(c)(3). While Rule [*245] 15(c) as written only applies to amendments adding defendants to an action, the Advisory Committee Notes for the 1966 Amendment to Rule 15 indicate that the rule also applies to amendments changing a plaintiff. (Footnote omitted).

Issues Presented

General Issue

1.  Whether Rule 15(c)(3) permits relation back of the amended complaint adding Church Mutual Insurance Company (hereinafter described as Church Mutual) as an additional defendant, under the facts and law presented.

Specific Issue(s)

1. How will the court weigh and balance the competing tensions inherent in the policy sought to be served under Rule 15(c)(3), i.e., liberal amendment of pleadings and determination of a case on its merits vs. statute of limitations, which give defendant's predictable repose from claims through the passage of time?

2. How will the court, view the specific language of Rule 15(c)(3), i.e., but for a "mistake" the defendant "knew or should have known" that it had been sued from the face of the complaint?

-5-

3. How will the court apply the law to the facts of this case, wherein there are 413 identified plaintiff's and only four of them are described as being churches or church related, and 76 defendant insurance companies, none of which, identify Church Mutual, despite it being the leading insurer of church related properties in the United States?

4. In applying the law to the instant facts, shouldn't the court consider whether the outcome would be any different, if, the Seminary filed a suit as an individual plaintiff, against it's insurer Church Mutual, but omitted identifying Church Mutual both in the caption and in the allegations of the complaint, (as in the instant complaint)?

<u>How to Resolve Competing Policies?</u>

Resolution of this case, in favor of allowing the amendment, will come when the court is satisfied, that despite plaintiff's omission in not naming the defendant Church Mutual on the complaint, the defendant reasonably knew or should have known, that from the complaint, it had been sued.

<u>Summary of Facts</u>

1. Church Mutual advertises that it is the leading insurer of church and church related properties in the United States. Declaration of Stuart Barasch Exhibit A (Declaration of Stuart Barasch and Exhibit D (webpage from Church Mutual's website).

2. Church Mutual was named as a defendant in 45 law suits filed by it's insureds for hurricane Katrina related damages as follows: 18 in the United States District Court for the Eastern District of Louisiana, and the remainder in courts in Jefferson, St. Tammany and Orleans Parish state courts. Exhibit A.

3.  Of the 413 plaintiff's named in the instant suit, only four are church or church-related properties.

Argument

The case law applies general principles that govern whether an amendment adding a defendant should relate back.  These cases offer guidance to the court on whether Church Mutual, knew or should have known, that but for a mistake concerning it's lack of identity on the complaint, it should be charged with knowledge of the fact, that it was sued.

a. Generally

The Fifth Circuit acknowledges liberal provision for the relation back of amendments under Rule 15(c).  Skidmore v. Syntex Laboratories, Inc., 529 F.2d 1244, 1249 (5th Cir. 1976).  Additionally, the Skidmore case, citing Welch v. Louisiana Power and Light Co., 466 F.2d 1344, 1345 n.3 (5th Cir. 1972), recognized that "...this court has found Rule 15(c) applicable to amendments which add parties and permitted such amendments if the rules notice requirements are met."

b. Under Rule 15(c)(2) There Can Be No Dispute

Under Rule 15(c)(2)[2] the claim or defense asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

The allegations contained in the complaint are the exact allegations contained in the

---

[2]Rule 15(c)(1)(A) is not addressed in the memorandum because it is  inapplicable to the facts herein as there is no Statute of Limitations which specifically allows relation back.  Prior to the December 2007 amendments of the Federal Rules, this rule, was Rule 15(c) (1).

amended complaint.

Therefore, there can be no dispute that plaintiff meets this portion of Rule 15(c).

### c. Under Rule 15(c)(3)

Under Rule 15(c)(3)[3] an amendment to a pleading relates back to the date of the original pleading when a change in party or naming of a party against whom a claim is asserted and Rule 15(c)(2) is satisfied and the added defendant has been served with the summons and complaint within the period provided by Rule 4(m); and

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff will now address why the court should allow relation back of the amended complaint.

Defendant, having filed it's motion to dismiss under Rule 12(b)(6) on December 19, 2007, received notice of the amended complaint within the period provided by Rule 4(m).

The defendant will not be prejudiced in defending on the merits. In fact, the defendant's motion to dismiss does not allege that a defense of the action, would cause prejudice.

### d. Knew or Should Have Known: Argument

Plaintiff contends, that Church Mutual knew or should have known from the

---

[3]The December 2007 stylistic changes include former Rule 15(c)(1)(2)(3) now as Rule 15C(1)(A)(B)(C)(i)(ii).

-8-

complaint, that it had been sued for the following reasons.

Church Mutual, as the leading insurer of church and church related properties in the United States, was sued in the Eastern District of Louisiana in at least eighteen Katrina related actions, and in at least 27 state court actions. before or around the date that it was served with the summons and amended complaint in this action, i.e.,. before December 19, 2007[4]

Given the backdrop of the physical destruction of hurricane Katrina, and the resulting flurry of Katrina related cases filed against Church Mutual Insurance Company in local courts, (for destruction to real property of church and church relates institutions), the only reasonable interpretation that Church Mutual could have come to, when reading the complaint and noticing it's insureds name, (Union Baptist Theological Seminary), identified as a plaintiff, was that a mistake as predictable as a "slip of the pen," had occurred, in not being identified as a defendant, along with the 76 other insurers.

Hurricane Katrina was an event of historic proportions, wrecking havoc to real property within its path, without distinguishing churches and church related houses of worship and study. The factual allegations in the complaint describe that plaintiff's real property sustained roof damage, damage to the interior and contents therein, by a combination of hurricane related forces.

Further, by virtue of Church Mutual being the leading insurer of church related, institutions as described in it's website, it could easily identify from the plaintiff's names listed in the caption, that of the 413 plaintiffs, only four were identifiable church or church

---

[4]Not all of the actions originated in the Eastern District of Louisiana and therefore some bear case numbers, reflective after September 1, 2007, following their removal.

related plaintiffs and that one of them, Union Baptist Theological Seminary, was its insured. And that despite plaintiff's mistake, in not placing its name (Church Mutual) on the list of defendants in the caption, it knew or should have known that it was sued by virtue of it's insured, Union Baptist Theological Seminary, being named in the caption as a plaintiff.

This is so, because by virtue of the numerous party plaintiffs and numerous party defendants, each defendant once served with the complaint, would necessarily have to go through the necessary mechanics, to make the necessary determination, as to which one, or more than one, or none, of the 413 identified plaintiffs, referred to them; i.e., their insurer.

Put another way, despite  the fact for example, that Zurich Insurance is named as a party defendant, it would still have to perform the tedious task of searching the 413 names on the list of plaintiffs, to determine which one, if any, of the plaintiff's named in the suit, were its insured.

Thus, once an identified defendant, such as  Zurich Insurance, was served with the complaint, the task of the identified defendant to determine from among the 413 plaintiffs suing, whether it had been properly sued by any one or more, or none, of the 413 listed plaintiffs, would involve the same necessary tedious search as an unidentified insurer defendant, like Church Mutual, would have to wade through to determine if one of it's insured was a named plaintiff..

The fact that Church Mutual could not identify itself as named a party defendant in this multiparty plaintiff and multiparty defendant suit, could not reasonably have ended it's inquiry, once it was served with the complaint.  To be satisfied that it knew that it was not

sued, Church Mutual would have to perform the same tedious task that the other defendants named in the suit had to perform, to carefully and painstakingly review the list of 413 plaintiffs names in the caption, and determine whether anyone of the named plaintiffs, could be identified, as one of its insured. In other words, it would be unreasonable for Church Mutual, to have not considered "a slip of the pen" by plaintiff, once noticing it's insured was identified as a party plaintiff.[5]

### e. Knew or Should Have Known That But for a Mistake: Law

The Goodman v. Praxair, Inc.,494 F.3d 458 (4th Cir. 2007) case is one that sets forth the principles behind Rule 15(c)(3) and is instructive, in providing clear and understandable contours, within which to decide this case.

In Goodman, the plaintiff was a lobbyist who filed a breach of contract action against a defendant parent corporation. But following removal to federal court amended its complaint alleging that the defendant subsidiary was liable for the breach.

The defendant filed a motion to dismiss, contending that the amendment was time based and that Rule 15(c) did not provide relation, back of the amendment.

The district court reasoned that because the amended complaint did not "change" a party, as required by the rule, but rather added a party, and that adding a party when plaintiff was fully aware of that party when he filed his original complaint was not the type of mistake envisioned by Rule 15(c) as suitable for relation back. The district court convinced that

---

[5]If the Seminary instead had chosen to file suit on August 29, 2007 as a sole plaintiff and employed the same allegations as those contained in the instant complaint, and omitted referencing the defendant's corporate name, i.e., Church Mutual, in the caption, wouldn't the defendant be chargeable under the circumstances, to know that plaintiff had sued it?

Goodman had not demonstrated that <u>Praxair Services, Inc</u>., "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it."

In <u>Goodman</u> the court discussed Rule 15(c)(2),(3) and stated:

> These requirements of Rule 15(c) reflect a subtle and complex compromise of two competing policies: *On the one hand*, the Federal Rules favor simplicity in pleadings, *see* Fed. R. Civ. P. 8(a), and their liberal amendment, *see* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), as well as the administration of [**21] cases to secure their just determination, *see* Fed. R. Civ. P. 1. *On the other hand*, statutes of limitations are legislative determinations that give defendants predictable repose from claims after the passage of a specified time, and courts must, in recognition of the separation of [*468] powers, hesitate to extend or ignore them for judicially created reasons. *See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001). In light of these policies, Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served. *See* 3 James Wm. Moore, et al., *Moore's Federal Practice* § 15.19[3][a] (3d ed. 1997) ("The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed"). And that is accomplished in Rule 15(c) by requiring that a new party have had adequate notice within the limitations period and by assuring that the new party not be prejudiced by the passage of time between the original pleading and the amended [**22] pleading.

<u>Goodman v. Praxair, Inc.</u>, 494 F.3d at 467-468.

In rejecting the district court's decision, the court in <u>Goodman</u> cited 6A Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1498 (2 Ed. 1990) ("the word 'changing' has been literally construed by the courts, so that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule.").

The <u>Goodman</u> court, then tackled the issue of mistake. The court first noting that the

district court rejected relation back, based in its view, that because <u>Goodman</u> knew of the existence of the defendant sought to be added through the amendment (Praxair Services, Inc.) at the time of filing the complaint, the amendment corrected a mistake that was not covered by Rule 15(c).[6]  <u>Id</u>., 494 F.3d at 469.

---

[6]Contra. <u>Jacobson v. Police Officer Osborne, et al.</u>, 133 F.3d 315, 320-321 (5th Cir. 1998) as follows:

> The Second Circuit has held in a case interpreting the 1991 and 1993 amendments that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities". ***Barrow***, 66 F.3d at 470. This result is necessitated by the goals of relation-back and Rule 15(c)(3): to correct a *mistake* concerning the identity of a party. ***Id.*** The Second Circuit reasoned that failing to identify individual defendants cannot be characterized as a mistake. ***Id.***

> In interpreting the amended Rule, the Seventh Circuit reached the same result in ***Worthington v. Wilson***, 8 F.3d 1253, 1257 (7th Cir. 1993). For the ***Worthington*** § 1983 action, the plaintiff sued "unknown [**15] named police officers". After limitations had run, the plaintiff moved to substitute as defendants the two officers involved in his arrest. In affirming the denial of that motion, the Seventh Circuit held: "Because Worthington's failure to name [the correct officers] was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c)". ***Id.*** at 1257.

> And, in a case decided after the amendments to Rule 15(c), the First Circuit endorsed the view that relation back is not allowed when the plaintiff simply lacks knowledge of the proper party. ***Wilson v. United States Government***, 23 F.3d 559, 56263 (1st Cir. 1994). In ***Wilson***, the plaintiff, after filing suit against the wrong party, sought to substitute the United States after limitations had run. ***Id.*** at 56061. In affirming the time-bar, the First Circuit noted that the United States had not received notice of the action within the time allowed for service of process. ***Id.*** at 562-63. In addition, it held that the mistake prong of Rule 15(c)(3) had not been satisfied:

>> There [**16] was no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3). Rather, Wilson merely lacked knowledge of the proper party. In other words, Wilson fully intended to sue [a particular party], he did so, and [that party] turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

In rejecting additional arguments over the construction of a covered mistake, the Goodman court, concluded that defendant's arguments and the interpretations made by the district court unnecessarily focused on the type of mistake without addressing the notice and prejudice to the new party. Id., 494 F.3d at 469.

The Goodman court proceeds:

Rule 15 implements the notions that a plaintiff may amend a pleading for whatever reason and that his amendment should be freely allowed. Consistent with this policy, Rule 15(c)(3) articulates an instance when an amendment relates back, referring simply to when an amendment "changes the party or the naming of the party" *for whatever reason.* The Rule does not concern itself with the amending party's particular state of mind except insofar [**27] as he made a mistake; it presumes that the amending party can make the amendment, although it does constrain substantially the type of amendment that may relate back--one that changes a party or the naming of a party with respect to a [*470] claim already asserted. The Rule's description of when such an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have. *See* Fed. R. Civ. P. 15(c)(3)(A)-(B). These core requirements preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation. Stated in the specifics of the Rule, an amendment relates back only when it changes a party or the naming of a party, *see* Fed. R. Civ. P. 15(c)(3); when it arises out of the same transaction as that referred to in the original complaint, *see* Fed. R. Civ. P. 15(c)(2), (3); when it causes no prejudice to the new defendant in maintaining his defense, *see* Fed. R. Civ. P. 15(c)(3)(A); and when the new defendant should have known that it was the party that would have been sued but for [**28] a "mistake," Fed. R. Civ. P. 15(c)(3)(B). Thus, reference to "mistake" in Rule 15(c)(3)(B), while alluding by implication to a circumstance where the plaintiff makes a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, explicitly describes the *type of notice or understanding* that the *new party* had. This construction serves the policies of freely allowing amendment and at the same time preserving to new

---

Jacobsen, 133 F3d. at 321

-14-

parties the protections afforded by statutes of limitations.
Goodman,,494 F,3d at 469-470.

The Goodman court continues with acknowledgment, that the Circuit courts have differing interpretations of the "but for mistake" language, and describes these differing interpretations as, unfortunate. Id., 494 F.3d at 470.

The court viewed these interpretations as offering good-sense results, but concluded that the "...text of Rule 15(c)(3) does not support their parsing of the "mistake language."

The Goodman court, noted that while parsing among different kinds of mistake does not aid in application of the Rule, the naming of Doe defendants self-evidently is no "mistake."  Id., 494 F.3d at 471.

The Goodman court then commented that:

The "mistake" language is textually limited to describing the notice that the new party had, requiring that the new party have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place, although it also implies that the plaintiff in fact made a mistake. No policy supports permitting relation-back for typographical mistakes, but not for oversights or mistakes of inclusion or omission. The policy considerations of Rule 15(c) concern whether the repose granted by statutes of limitations is preserved for parties named in amended pleadings. And that depends on the notice to and effect on the new party. The limitations of Rule 15(c)(3) thus only apply when the policies underlying limitations rules may be trampled. As Justice Holmes explained:

> Of course an argument can be made on the other side, but *when a defendant has had notice from the beginning* that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be [**32] applied.

*New York Cent. & Hudson River R.R. v. Kinney*, 260 U.S. 340, 346, 43 S. Ct. 122, 67 L. Ed. 294 (1922) (emphasis added); *see also* Rebecca S. Engrav,

-15-

*Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rule of Civil Procedure 15(c)*, 89 Calif. L. Rev. 1549, 1573-78 (2001) (advocating liberal construction of "mistake" language in Rule 15(c)(3)).

Goodman, 494 F.3d at 471

The Goodman court then proceeded to critically review two earlier cases decided by the court, which focused their decision on the kind of "mistake," to see how their holdings, measured against the holding in Goodman.

These two cases reviewed by the Goodman court with a critical eye, are explained herein, because they serve to illustrate why plaintiff's amendment should relate back.

The Goodman court reviewed Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196 (4th Cir. 1989) and Locklear v. Bergman and Beving AB, 457 F.3d 363 (4th Cir. 2006). Id., 494 F.3d at 471-472.

The Goodman court stated as follows:

The facts of those cases, however, demonstrate that we used the "mistake" language as a shorthand term to hold that the party to be added must have known of the mistake. Thus, we concluded in both cases that the party seeking amendment outside of the limitations period had originally pleaded in such a way that the new party to be added *could not reasonably have known* that it should have been named originally.

In *Western [**34] Contracting*, the plaintiff corporation brought suit for breach of contract. The defendant counterclaimed on the basis that the contract had been procured by fraud. Later, the defendant sought to amend the counterclaim to add new claims against individual employees of the plaintiff corporation, asserting that they were responsible for the fraud. We held that the new claims did not relate back under Rule 15(c)(3) because the new counterclaim defendants were not chargeable, within the limitations period, with knowledge that they should have been parties to the original counterclaim but for a mistake. 885 F.2d at 1201. Because the counterclaim complaint set out claims only *against the corporation*, without mention of the individual employees responsible, the individual employees had no reasonable notice that they should

-16-

also have been parties. Thus, the amendment in *Western Contracting* failed the notice requirement of Rule 15(c)(3)(B).

Similarly, in *Locklear*, the original complaint in a products liability action named the town where the offending machine was constructed, rather than the manufacturer. We held that the manufacturer was not chargeable within the limitations period with knowledge [**35] that it should have originally been named a defendant. It was readily apparent in that case that the naming of the town rather than the manufacturer was a "mistake," but the later-added manufacturer was not put on notice of the claim within the limitations period in that it should have known it would have been named but for the mistake. *See Locklear*, 457 F.3d at 366. Accordingly, we *limited* our holding to the conclusion that the machine manufacturer did not have the knowledge required by Rule 15(c)(3)(B). *See id.* ("We therefore focus our attention *solely* on the application of Rule 15(c)(3)'s remaining requirements to *Locklear*'s amended complaint, beginning with the requirement [Rule 15(c)(3)(B)] that [the machine manufacturer] 'knew or should have known that, but for a mistake concerning' their identity, the action would have been brought against [it]") (emphasis added).

 Goodman, 494 F.3d at 472

The cases above, serve to illustrate, that although plaintiff did not name Church Mutual in the complaint, the allegations in the complaint regarding Katrina damages and the naming of it's insured against the backdrop of the enormity of the disaster, it's leading position as an insurer of church related properties , and the flurry of litigation  that followed before or around the time of the filing of the amended complaint, show that when  employing the reasonable man test, it was placed on reasonable notice, that as the insured's insurer, it had reasonably been sued, despite the complaint omitting its name from the list of  76 other insurance company defendants.

The Goodman court resolved with:

Thus, when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an

existing action, that person is entitled to repose. *See* Fed. R. Civ. P. 15(c)(3)(B). On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save him. *Id.* This is not to say that a plaintiff [*473] may name any party within the limitations period with the hope of amending later, perhaps after discovery. Rather, it is to say that the "mistake" language is not the vehicle to address those concerns. In the cases of concern, most notably the cases of "Doe" substitutions, the notice and prejudice requirements of Rule 15(c)(3)(A) and (B) adequately police this strategic joinder practice. The Rule's emphasis on notice, rather than on the type of "mistake" that has occurred, saves the courts not only from an unguided and therefore undisciplined sifting of reasons for an amendment but also from prejudicing would-be defendants who rightfully have come to rely on the statute of limitations for [**37] repose. The disagreement among courts over which mistakes are forgiven under Rule 15(c) and which mistakes result in dismissal illustrates the peril of the approach.

The mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period. The Federal Rules do not demand a perfect effort at the outset, but they do demand that when an amendment seeks to correct an imperfect effort by changing parties, the new party must have received adequate notice within the limitations period and suffer no prejudice in its defense.

<u>Goodman</u>, 494 F.3d at 472-473.

In light of the rationale announced in <u>Goodman</u>, the court should deny Church Mutual's motion to dismiss and allow the amendment to the complaint.

f. <u>Still Wrestling with "Mistake," "Knew or Should Have Known," and "Defendant's Entitlement to Repose from Claims After the Passage of a Specific Time?"</u>

If the pronouncements and rationale given in the <u>Goodman</u> case are unavailing, then a few cases cited therein, and how the court wrestled with these issues before the <u>Goodman</u> court reached its decision, may offer the court, other rationale, for deciding in plaintiff's favor, or serve to underscore the correctness of how the court reached its decision in

Goodman.

(1) Locklear v. Bergman and Beving AB, 457 F.3d 363 (4th Cir. 2006) cited in Goodman, 494 F.3d at 469, 471-472 shows how the court wrested with tensions.

In Locklear, the plaintiff sought to add two additional defendants. (Bergman and Luna) in an amendment, after the statute of limitations.  Locklear advised that the basis for the amendment, was that he had only recently discovered that Luna and Berman were the manufacturers. Locklear, 457 F.3d 363, 364 (4th Cir. 2006).

The Locklear court rejected the amendment, choosing to focus its inquiry on the lack of knowledge of the plaintiff, as to who was the proper defendant, at the time the plaintiff filed the complaint.  The court concluded this was not a mistake within the meaning of Rule 15(c)(3).  Id., 457 F.3d at 366-367.

The Goodman court, viewed this rational, through the better test of hindsight and rejected it.

The Goodman court stated:

At bottom, the inquiry, when determining whether an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, and it looks into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation. When that party has been given fair notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back.

Goodman, 494 F.3d at 471.

Locklear, was not incorrect however when stating that:

Although Rule 15(c)(3)(B) speaks broadly of a "mistake concerning the identity of the proper party," we have, in analyzing the scope of this rule, distinguished between mistake due to a lack of knowledge and mistake due to a misnomer. In so doing, we have not viewed lack of knowledge of the proper party to be sued as a "mistake" as that term is used in Rule 15(c)(3)(B). In the principal case on point, *Western Contracting Corp. v. Bechtel Corp*, we adopted the Seventh Circuit's holding that

> Rule 15(c)(2)[7] permits an amendment to relate back where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.  <u>Locklear</u> 457 F.3d at 366.

Following <u>Locklear's</u> language, plaintiff has shown that Church Mutual was chargeable with knowledge of plaintiff's mistake and plaintiff did not lack knowledge as to the identity of it's insurer. .

The <u>Locklear</u> court also noted that Rule 15 has its limits and that court's properly exercise caution when reviewing an application of the rule which would increase a defendant's exposure to liability, especially when an amendment "... drags a new defendant into a case..." <u>Locklear</u>, 457 F.3d at 366.

In <u>Locklear</u>, the court found support for its conclusion in the jurisprudence of other circuit courts.  Citing for example, <u>Rendall-Speranza v. Nassim</u>, wherein the D.C. Circuit held that "a potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to response - - - unless it is or should be apparent to the person that he is the beneficiary of a mere slip fo the pen."  323 U.S. App. D.C. 280, 107 F.3d 913, 918 (D.C. Cir. 1997).

---

[7]Rule 15(c)(3) was numbered 15(c)(2) when <u>Bechel</u> was decided.

(2).   In Leonard v. Parry, 219 F.3d 25 (1st Circ. 2000), plaintiff involved in an automobile accident, filed a complaint against the owner of the car and later amended to name the driver after the statute of limitations had run.  The court concluded that Rule 15(c)(3) allowed relation back, because the added defendant knew to a certainly, that she, not the owner was the driver of the car and therefore knew or should known from the moment she was served with the amended complaint, that the action would have been originally brought against her, but for the mistake about who was driving.

The Leonard court viewed the facts of the case and as to allowance of the amended complaint stated:

> Although a straightforward reading of Federal Rule of Civil Procedure 15(c)(3) seems to require an affirmative answer to this question, a doubt lingers because some courts, spurred by a mischievous bit of dictum, have glossed the text of the rule. Resisting the temptation to read more into Rule 15(c)(3) than its unvarnished language implies, we hold that the attempted amendment "relates back," and, accordingly, we reverse the district court's order of dismissal.

The Leonard court noted that the complaint specifically alleged negligence of the driver, thus reflecting the district's court concern that, the failure to identify Parry on the complaint was a tactical decision. Id., 219 F.3d at 28 n.2.

The Leonard court also rejected the district's court's analysis of "...theorizing that plaintiff knew (or, through the exercise of reasonable diligence, could have known) the identity of the proper defendant within the pertinent limitations period, but waited..." then she could not avail herself of the protections in Rule 15(c)(3). Id., 219 F.3d at 28-29.

The Leonard court found the district's court's analysis unfounded and stated:

Virtually by definition, every mistake involves an element of negligence, carelessness, or fault -- and the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity. Properly construed, the rule encompasses both mistakes that were easily avoidable and those that were serendipitous. The examples assembled by the advisory committee -- e.g., the naming of a nonexistent federal agency or a retired officer, *see* Fed. R. Civ. P. 15 advisory committee's note (1966 Amendment) -- confirm this construction. The drafters believed that such errors would trigger Rule 15(c)(3) notwithstanding that reasonable diligence almost always would prevent them from occurring.

We need not belabor the point.   Rule 15(c)(3) requires courts to ponder whether, in a counterfactual error-free world, the action would have been brought against the proper party, not whether the action should have been amended subsequently to include that party. *See* Fed. R. [**9] Civ. P. 15 advisory committee's note (1966 Amendment) (explaining that the appropriate question is whether the proper party "knew or should have known that the action would have been brought against him *initially* had there not been a mistake concerning [identity]" (emphasis supplied)). Thus, what the plaintiff knew (or thought he knew) at the time of the original pleading generally is the relevant datum in respect to the question of whether a mistake concerning identity actually took place. *See*, *e.g.*, *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992) ("Even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset."). What the plaintiff learned later, however, cannot be relevant *for this purpose*.

We say "for this purpose" because, even though evaluating the existence of a plaintiff's mistake in light of subsequently acquired knowledge is flatly inconsistent with the language of Rule 15(c)(3), post-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time. *Cf. United States v. Mena*, 933 F.2d 19, 25 n.5 (1st Cir. 1991) [**10] (explaining that events which occur after an incident may bear on an assessment of an actor's state of mind at an earlier time). Morever, such events can inform *a defendant's* reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice). *See Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857 (9th Cir. 1986) ("A plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identity of a proper party . . . may cause the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of the

plaintiff's mistake.").[8] 3 We limit our holding accordingly: knowledge acquired by a plaintiff after filing his original complaint is without weight in determining his state of mind at the time he filed the initial complaint and, thus, in determining whether a mistake concerning identity occurred. *See id.* at 856.

Leonard, 219 F.3d at 219.  See also Arthur v. Maersk, 434 F.3d 196, 207-210 (3rd Cir. 2006).

Conclusion

Plaintiff has shown, that under the circumstances of this case, amendment is warranted, because the policy considerations of Rule 15(c)(3) permitting it will be served, as will the protections the rule affords defendants.

Respectfully submitted

S/Stuart Barasch

STUART BARASCH
Attorney for Plaintiffs
HURRICANE  LEGAL  CENTER
910 Julia Street
New Orleans, LA 70113
Tel. (504) 525-1944
Fax (504 525-1279

---

[8] Kilkenny's original complaint targeted the wrong defendant. With the limitations period still open, the named defendant answered the complaint, stating exactly the correct defendants' identities. Kilkenny demonstrated her appreciation of this fact by including these new defendants in a second suit, but did not attempt to amend her complaint in her initial action for over two years (at which point the statute of limitations had run). *See* 800 F.2d at 854-55. No such exaggerated fact pattern exists here: Leonard's conduct after filing the original complaint, though lackadaisical, could not have led Parry to believe that she was omitted from that complaint for any reason other than his mistake.

-23-

CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2008, the foregoing document, was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

S/Stuart Barasch

STUART T. BARASCH