UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 K - (2) |
| PERTAINS TO: INSURANCE 07-4457 (Aguda v. State Farm Fire          and Casualty Company | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

**UNSWORN DECLARATION OF LAWRENCE J. CENTOLA, JR.
UNDER 28U.S.C. § 1746**

My name is Lawrence J. Centola, Jr.  I am a person of the age of majority and am competent in all respects to make this declaration.  I am providing this declaration in support of plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline.

I have been a member in good standing of the Louisiana State Bar Association since 1972 and a member in good standing of the bar of the United States District Court for the Eastern District of Louisiana since 1975.

# EXHIBIT 5

1

Since February 11, 2008, I have been employed by the Hurricane Legal Center, which represents the plaintiffs in *Aguda v. State Farm Fire and Casualty Company,* No. 07-4457 K-2 ("*Aguda*"), and the plaintiffs in *Anderson v. State Farm Fire and Casualty Insurance Company*, No. 07-6737 K-2 ("*Anderson*"), both pending in the U.S. District Court for the Eastern District of Louisiana.

I have been enrolled as co-counsel of record in the *Aguda* case and in the *Anderson* case since February 27, 2008. Stuart T. Barasch serves as lead counsel in both of these cases. Since the week of March 3, 2008, I have personally received, opened, and viewed the daily Summary of ECF Activity which the Clerk's Office of the Eastern District of Louisiana  e-mails to me and the numerous other counsel of record in cases consolidated under *In re Katrina*. At first, I opened each docket entry that I felt obviously applied to cases where parties are represented by the Hurricane Legal Center.  I did not open the document numbered 11543 which appeared in the March 6th Summary of ECF Activity (which was Judge Wilkinson's ruling on the *Aguda* plaintiffs' Motion for Leave to File First Amended Complaint) because, from the docket text, the entry did not appear to me to pertain to a case  where the Hurricane Legal Center was counsel of record. The information provided in that docket entry was not sufficient to alert me otherwise.

Since about March 22, 2008, I have expanded the scope of docket entries that I actually open in each Summary of ECF Activity to include any case which, in my view, could possibly involve parties represented by the Hurricane Legal Center. I expanded the scope of my review in this way after I learned that two of Judge Wilkinson's orders, one granting the *Aguda* plaintiffs leave to file a First Amended Complaint and the other granting the *Anderson* plaintiffs leave to file a First

Amended Complaint, had not been timely discovered by the Hurricane Legal Center. I believe that my expanded review of docket entries appearing on the daily Summary of ECF Activity will avoid in the future the situation that has arisen in *Aguda* and in *Anderson*, i.e., the missed deadlines.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2008.

                                        **/s/ Lawrence J. Centola, Jr.**
                                        LAWRENCE J. CENTOLA, JR.