UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 K - (2) |
| PERTAINS TO: INSURANCE 07-4457 (Aguda v. State Farm Fire and Casualty Company | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

**UNSWORN DECLARATION OF STUART THOMAS BARASCH
UNDER 28U.S.C. § 1746**

My name is Stuart Thomas Barasch. I am a person of the age of majority and am competent in all respects to make this declaration. I am providing this declaration in support of plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline.

I have been a member in good standing of the Louisiana State Bar Association and of the bar of the United States District Court for the Eastern District of Louisiana since 1991. I have also been a member in good standing of the State Bar of California and the Florida Bar Association since 1977, the State Bar of Texas since 1991, and the State Bar of Georgia since 1992.

# EXHIBIT 4

1

I am lead counsel for the plaintiffs in *Aguda v. State Farm Fire and Casualty Company,* No. 07-4457 K-2 ("*Aguda*"), and for the plaintiffs in *Anderson v. State Farm Fire and Casualty Insurance Company*, No. 07-6737 K-2 ("*Anderson*"), both pending in the U.S. District Court for the Eastern District of Louisiana.  I drafted and revised the Motion for Leave to File Plaintiff's First Amended Complaint, F.R.C.P.15, that was filed in each of these two cases in February 2008.

It is my practice to review each Summary of ECF Activity that is e-mailed to all counsel of record in cases under *In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182 K-2 on the docket of the Eastern District of Louisiana.  I did not realize when I viewed the February 21, 2008 Summary of ECF Activity  or the March 6, 2008 Summary of ECF Activity that any of the docket text entries on those two days included Judge Wilkinson's rulings in *Aguda* or in *Anderson*.  Although at this point I do not specifically recall  reviewing the particular docket entries for those two dates, I am certain that I reviewed the entries, and that I did not appreciate that any of the docket text entries related to a ruling from Judge Wilkinson on the pending motions to amend in *Aguda* or in *Anderson.*

I first learned that Judge Wilkinson had granted the plaintiffs in both cases 10 days in which to file their First Amended on Saturday, March 22, 2008,  when I saw filings by State Farm in two other cases that included Judge Wilkinson's *Anderson* and *Aguda* orders as exhibits.  Those cases were  *Harrington v. State Farm Fire and Casualty Company*, No. 07-7600 T-1, and *Benit v. State Farm Fire and Casualty Company,* No. 07-6738 T-5.  State Farm filed in each of these cases a Memorandum in Opposition to Plaintiffs' Rule 60 Motion for Relief From Judgment, and attached Judge Wilkinson's rulings on the motions to amend in *Aguda* and in *Anderson.*

Prior to March 22, 2008, I fully expected that I would see at the very least one of the

following notations on each docket text entry that pertained to any case that involved any of my clients: the notation "INSURANCE"; the name of one or more clients; the name of one or more defendants, my name; or the name of opposing counsel. I believe that this expectation was reasonable, because invariably each docket text entry that did involve one or more of my clients contained one, or usually more than one, of these items, which I call "markers." I believe that I would have picked up the docket text entry for either or both of Judge Wilkinson's orders granting our *Aguda* and our *Anderson* clients leave to amend if even just one of these markers had been included in the docket text entries.

      I specifically recall that I read the Frequently Asked Questions in the *In re Katrina Canal Breaches Consolidated Litigation* section of the Eastern District of Louisiana's website in late January or early February 2008.

      Since discovering on March 22, 2008, that I missed two docket text entries that pertained to my clients in *Aguda* and in *Anderson*, I now look closely at and investigate all docket text entries that contain the notation "INSURANCE," as well as those entries that contain no "pertains to" notation, even if the entries include none of the other "markers" that customarily appear in docket text entries. This is true, even where the sole identifying information in the entry is a civil action number.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on April 1, 2008.

      **/s/ Stuart Thomas Barasch**
      STUART THOMAS BARASCH