MINUTE ENTRY
WILKINSON, M. J.
APRIL 2, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES             CIVIL ACTION
       CONSOLIDATED LITIGATION
                                          NO. 05-4182 "K" (2)

PERTAINS TO: LEVEE, MRGO , RESPONDER      JUDGE DUVAL
                                          MAG. WILKINSON
    C.A. Nos. 05-4181, 06-1885, 06-4024, 06-4389,
    06-5771, 06-5786, 06-6099, 07-0206, 07-3500,
    07-3612, 07-5023, 07-5040


## HEARING AND ORDER ON MOTION

APPEARANCES:   Plaintiffs' Liaison Counsel Joseph M. Bruno; Ashton R. O'Dwyer,
               representing movants / certain plaintiffs

MOTION:        Plaintiffs' Motion for Reconsideration of Magistrate Wilkinson's
               Minute Entry of March 12, 2008 (Record Doc. No. 11615), Record
               Doc. No. 11623

O R D E R E D:

XXX : DENIED. The motion offers nothing on which I would reconsider my previous order, which stands unaltered. Specifically, plaintiffs seek this discovery essentially for three stated purposes. The first is in connection with a motion to disqualify Judge Duval, which has already been denied. Record Doc. No. 11357. This proposed discovery was not and is not needed in connection with that matter, which has already been decided.

MJSTAR:  0 : 25

The second stated purpose is in connection with a motion to disqualify counsel. Two such motions are pending in this court and are under active consideration. One such motion, filed by various insurance companies, Record Doc. No. 10937, is fully supported by 22 exhibits. There has been no need expressed in the various proceedings that have occurred in connection with that thorough and well-briefed motion for the depositions of counsel of record. It appears that everything that will be necessary to determine whether counsel should be disqualified can be submitted to the court without these disruptive and unnecessary depositions, which the case law cited in my previous order generally disfavors. The third stated purpose is in connection with vaguely alleged and unsupported in these motion papers violations of the Louisiana Code of Professional Conduct. Both this court and the Louisiana Office of Disciplinary Counsel have established extensive procedures, both for screening such allegations and for investigating them if they are deemed worthy of further investigation. Those are the procedures plaintiffs' counsel should employ if he seeks to pursue these allegations, not discovery in the underlying civil matters.

I apply the same legal standards cited in my previous order. "Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." Theriot v. Parish of Jefferson, 185 F.3d 477, 490 (5th Cir. 1999)(citing Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986)). "[T]hose circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel. . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (citations omitted)(emphasis added). I find that ample other means exist (and have already been employed, for example, by the insurance companies' counsel) to provide to the court the information needed to address the motions to disqualify; the proposed depositions are largely unnecessary and would impact both privileged information and the ongoing preparation of the underlying cases; and the deposition testimony is not crucial to determination of either the matters for which it is sought or the substance of the underlying cases.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE