UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, <u>Acevedo</u>, 07-5199 | *<br>*<br>* | <br>JUDGE DUVAL<br>MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT,** in support of its Motion to Strike Plaintiffs' Motion for Leave to File Second Amended Complaint, defendant, State Farm Fire & Casualty Company ("State Farm"), respectfully avers as follows:

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed suit against State Farm on August 29, 2007.  Thereafter, the following procedural activity took place:

- On December 7, 2008, Plaintiffs filed a First Amended Complaint as of right, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

- On December 10, 2007, State Farm filed a Motion to Dismiss the plaintiffs' claims against State Farm pursuant to Rule 12 (b)(6).  *See* Rec. Doc. 9420.  State Farm's Motion to Dismiss requested that this Court dismiss all of the plaintiffs' *claims*

{N0076016}

against State Farm, *with prejudice*. *Id*. The Motion was noticed for hearing on January 23, 2008.

- On January 4, 2008, State Farm filed an Answer and Defenses to the plaintiffs' Complaint. *See* Rec. Doc. 10088.

- On January 21, 2008, Ms. Janet Daly sent an email to the parties which stated the following:

  Subject: 05-4182 docs. 9420 and 9421--general plan/status conference

  Dear Gentlemen:

  While the Judge has entered a stay in the insurance cases, he did enter judgment with respect to the State Farm policy in Chehardy. As such, it appears that some attorneys will be trying to "clean out" these claims.

  We now have two such motions noticed for Wednesday filed by David Strauss on behalf of State Farm seeking Summary Judgment in which he asked for Oral Argument. No opposition has been filed in either case by Mr. Barasch of the Hurricane Law Center. As such, the Judge could grant these motions as unopposed. However, I would like confirmation from Mr. Barasch that you do not intend to file an opposition. You may have thought that these motions were subject to the stay.

  Seth, Joe and Ralph--I copy you on this e-mail because I think we may need to address a global solution to the State Farm issue--Seth, I would ask that you let the State Farm attorneys that we are aware of this issue and please ask them to desist from filing motions until we arrive at a global solution for a rational approach.

  Mr. Strauss and Mr. Barasch--there will be no oral argument on these motions and an order so stating will issue today. If I do not hear back from Mr. Barasch by noon tomorrow, these motions will be granted as unopposed.

  With many thanks for your consideration, Janet

  Janet Daley
  Chambers of Stanwood Duval, Jr. *See* Exhibit A.

- On January 24, 2008, this Court "GRANTED" State Farm's Motion to Dismiss. *See* Rec. Doc. 16. The Court referenced the above email in the Order and stated that the plaintiffs had yet to submit an opposition to State Farm's motion. *Id.* Finding that State Farm's motion had merit, this Court specifically referenced State Farm's motion (Rec. Doc. 9420) and "GRANTED" State Farm's Motion to Dismiss.

Despite the clear judgment from this Court that the plaintiffs' action against State Farm was dismissed its entirety, with prejudice, and their case against State Farm was closed, plaintiffs now attempt to file a Motion for Leave to File a Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. As will be shown below, the Court should not even consider the plaintiffs' Motion For Leave and their Motion should be stricken from the record as the plaintiffs' action against State Farm has been dismissed in its entirety.

## II. LAW AND ARGUMENT

Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864-865 *(*5th Cir.2003); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir.1981); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (after grant of summary judgment, leave to amend complaint 'can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60.'); *Mirpuri v. ACT Manufacturing, Inc.*, 212 F.3d 624 (1st. Cir. 2000); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).[1] The U.S.

---

[1] Even if the court were to liberally interpret the plaintiffs' motion for leave as an effort to seek relief under Rule 59, any such effort would be untimely. Pursuant to Rule 59(d): "a motion for a new trial must be filed no later than 10 days after the entry of judgment." Furthermore, pursuant to Rule 59(e) a motion to alter or amend a judgment "must be filed no later than 10 days after the entry of the judgment." This ten day period may not be extended by court order or waived by the parties. *See* F.R.C.P. Rule 6(b); *Schneider Exrel. Estate of Schneider v. Fried,* 320 F.3d 396, 402-03 (3rd Cir. 2003); *Litchtenberg v. Bisicorp Group, Inc.*, 204 F.3d 397, 401 (2nd Cir. 2000). The Order of Dismissal was issued on January 24th and the current motion was not filed until March 27, 2008, more than ten days after the entry of judgment.

Supreme Court and the U.S. Fifth Circuit have held that a final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978); *Bourg v. Continental Oil Co.*, 1999 WL 684161, * 2 (C.A.5 (La.),1999).  The Fifth Circuit has also stated that it "…follow[s] a practical, rather than technical, approach to determining whether a district court decision meets this standard. *Bourg v. Continental Oil Co.*, 1999 WL 684161, * 2.  "A judgment reflecting an intent to dispose of all issues before the court is final." *Id.*, citing *Moreau v. Harris County,* 158 F.3d 241, 244 (5th Cir. 1998).  If the language used by the court clearly evidences the judge's intention that it shall be his final act it constitutes a final judgment…." *Id.,* citing *Erstling v. Southern Bell Tel. & Telegraph Co.,* 255 F.2d 93, 95 (5th Cir. 1958).

In the instant case, this Court's Order evidences a clear intent to dismiss the plaintiffs' entire case as requested in State Farm's Motion to Dismiss.  The Court expressly references the fact that State Farm's Motion to Dismiss had merit and referenced the specific Record Docket entry (9420) as being "GRANTED."[2]  *See* Rec. Doc. 10738.

In *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1302 (C.A.5 (La.), 1995),[3] the Fifth Circuit found that the wording of a moving parties' motion to dismiss is relevant when determining the court's intentions as to whether or not the trial court intended to dismiss the plaintiffs' entire case or merely the original complaint.  Particularly, the court held that:

> … unless a district court order states expressly or by clear indication reflects the court's intention to dismiss an entire action, the order dismisses only the complaint and a plaintiff may seek leave of court to amend.  Here, the dismissal order stated only that '[i]T IS ORDERED that Defendant BISYS Loan Services, Inc.'s

---

[2] In fact, both the Judge's Order and the Notice of the dismissal Order from the Clerk described the Order as "Order Granting [9420] Motion to Dismiss."

[3] While the Court in *State of La.* reversed the district court's decision to deny the plaintiffs motion for leave to amend their complaint on a procedural basis, the court ultimately affirmed the district court's refusal to grant the plaintiffs' motion for leave on a substantive basis. *See State of La.* 50 F.3d at 1304.

> March 18, 1994 Motion to Dismiss, argued before this Court on April 6, 1994 is hereby GRANTED." A literal reading of this order reflects that the court intended to grant the Litton/BISYS motion, which in turn literally was a motion to dismiss the State's second amended complaint. The docket sheet supports this literal reading in that it records the dismissal order as granting BISYS' motion to 'dismiss the State's second amended complaint.'

State Farm's Motion literally was a Motion to Dismiss the *entire action*. State Farm's Motion to Dismiss specifically sought and requested that, "each of the *claims* made by plaintiffs against State Farm should be dismissed with prejudice, at the cost of the plaintiffs." *See* Rec. Doc. 9420. Likewise, State Farm's Memorandum in Support of its Motion to Dismiss specifically states that, "State Farm respectfully requests that this Court grant its Motion to Dismiss with prejudice all of the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, at the cost of the plaintiffs." *See* Rec. Doc. 9420-2 at page 10. The relief sought by State Farm in its Motion to Dismiss and memorandum in support thereof was not limited to dismissal of the *complaint* alone – State Farm clearly requested and this Court granted its request for dismissal of the plaintiffs' **entire action**, with prejudice.

Unlike the Order in *State of La.*, which the Court determined to have vaguely dismissed only the plaintiffs' *complaint*, the Order in the instant case clearly expresses the Court's intent to grant the relief sought by State Farm in its Motion to Dismiss – full dismissal with prejudice of the entire action. Accordingly, as there is nothing left for the plaintiffs to amend, the plaintiffs' Motion for Leave to Amend their Complaint should not be considered by the Court and should be stricken from the record.[4]

---

[4] If the Court intended to dismiss the case in its entirety, as State Farm believes, pursuant to relevant Fifth Circuit case law, the Court should not even consider the plaintiffs' Motion to Amend as the Fifth Circuit has held that consideration of the merits alone may be an indication of the court's intent to only dismiss the *complaint* and not the entire *action*. *See State of La.* 50 F.3d 1298, 1302; *Whitaker v. City of Houston*, 963 F.2d 831, 834 (5th Cir.1992) (noting that if court intended to dismiss entire action it surely would not have considered subsequent motion to amend because there would have been nothing left to amend and plaintiff's only options would have been motion for reconsideration or appeal.)

### III. CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court grant its Motion to Strike from the record the Plaintiffs' Motion for Leave to Amend Complaint.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**