**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.    05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |

* * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN**
**OPPOSITION TO THE MOTION FOR**
**PROTECTIVE ORDER (RECORD DOCUMENT NO. 11298)**
**BY PLAINTIFFS' LIAISON COUNSEL**

**MAY IT PLEASE THE COURT:**

There are only three (3) reasons why this Court should set aside its prior granting

of the Motion for Protective Order against depositions by Plaintiffs' Liaison Counsel:

1)      The integrity of this litigation;

2)      The integrity of the litigation;  and

3)      The integrity of this litigation.

More particularly, plaintiffs respectfully submit that the focal issue facing the Court in deciding how to rule on whether plaintiffs' desire to take the depositions of lawyers serving on Committees in this litigation may proceed has been succinctly summarized in plaintiffs' prior pleadings as follows:

> "The integrity of this litigation which has been called into question by virtue of an extra-judicial source of bias and prejudice, arising out of the Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or other counsel prior to August 29, 2007."

Unfortunately, neither the integrity of the litigation nor the issues inherent in Mr. Fayard's extra-judicial relationship with Judge Duval, his having been appointed to Committees in this litigation by Judge Duval, and his simultaneous representation of the State of Louisiana, which he concealed from everyone until August 29, 2007, are addressed by Plaintiffs' Liaison Counsel in their Motion for a Protective Order.

Plaintiffs find it noteworthily ironic that their attempts to obtain information under oath from lawyers appointed by the Court to represent plaintiffs' interests are being opposed by those very same lawyers. Plaintiffs attempted to obtain the information, which they are now seeking by way of deposition, informally, without resorting to a Notice of Depositions or service of *subpoenae duces tecum*. See the following:

1)    Plaintiffs' Louisiana Public Records Act request to then Attorney General Foti and the Louisiana Department of Justice of September 5, 2007, which has not been responded to, attached as Exhibit No. 1;

2)      Plaintiffs' Louisiana Public Records Act request[1] of September 5, 2007, to the very same lawyers who have filed the Motion for Protective Order, which has not been responded to, attached as Exhibit No. 2;

3)      Plaintiffs' February 13, 2008 E-mail to counsel, requesting convenient dates for the taking of depositions, attached as Exhibit No. 3;

4)      Plaintiffs' Notice of Depositions (Record Document No. 11253) filed on February 14, 2008, attached as Exhibit No. 4;

5)      *Subpoena duces tecum* return on Mr. Bruno, who was served on February 21, 2008, attached as Exhibit No. 5;  and

6)      *Subpoena duces tecum* return on Mr. Fayard, who was served on February 21, 2008, attached as Exhibit No. 6.

As of today, not one word of deposition testimony has been uttered under oath; not one document responsive to the Notice of Depositions or *subpoenae duces tecum* has been produced to plaintiffs by their lawyers.

The Plaintiffs' Liaison Committee lawyers essentially argue as follows in support of their Motion for a Protective Order:

1.      The lawyers say they are entitled to at least thirty (30) day's notice, and the notice of depositions and *subpoenae duces tecum* did not afford them sufficient time within which to respond;

2.      The taking of depositions constitutes "harassment" since it is unreasonable to divert the attention of the "MRGO and Insurance Plaintiffs' Subgroup Litigation Committees" from other duties in the litigation;

---

[1] The lawyers must be acting in the capacity of "Special Assistant Attorney's General" to represent the State.  Hence, the Louisiana Public Records Act request.

3.      Means other than the taking of depositions exist for obtaining the requested information;

4.      The information sought may invade the attorney-client privilege;

5.      Under Louisiana law, depositions of attorneys may be taken only under "exceptional circumstances".

In response, plaintiffs once again find it noteworthily ironic that the Plaintiffs' Liaison Committee lawyers fail completely to address the substantive issues which underlie the need to take the depositions which are being sought, namely violation of the following Rules of Professional Conduct by any or all of the proposed deponents, among many others:

Rule 1.7, which prohibits conflicts of interests;

Rule 3.3, which requires candor towards the tribunal;

Rule 4.1, which requires truthfulness in statements to others;  and

Rule 8.4, which prohibits misconduct, including deceit and dishonesty, and to engage in conduct prejudicial to the orderly administration of justice.

Plaintiffs also wish to ask questions under oath bearing on Rule 3.5.

The "reasons" why depositions should not be allowed will be taken in order:

1.      **Lack of thirty (30) days notice**

The Notice of Depositions, which was a follow-up to the earlier Louisiana Public Records Act requests and the E-mail sent to the lawyers on February 13, 2008, was filed of record herein on February 14, 2008.  The *subpoenae duces tecum* served on Messrs. Bruno and Fayard were served on February 21, 2008.   The proposed

deponents have now had considerably more than thirty (30) days to begin gathering the information about which they will be questioned at their depositions;

2.      **Harassment**

Plaintiffs deny that their intent is to harass these lawyers in any way.  Rather, as members of Committees in this litigation, the lawyers had an absolute duty to plaintiffs and all others similarly situated.  Since the loyalty of these lawyers has reasonably been called into question by virtue of their representation of an adverse party, namely the State of Louisiana, plaintiffs believe they are reasonably entitled to examine the lawyers, who are supposed to be representing them, under oath, concerning their representation of an adverse party, the State.

3.      **Means other than depositions exist**

Plaintiffs respectfully submit that while they could propound interrogatories and requests for production and, perhaps, other <u>written</u> discovery devices to the lawyers, depositions under oath are a more direct way of obtaining the required information. Plaintiffs view the argument that "other means exist" as a concession that the discovery which they are seeking is both material and relevant to issues in this litigation, including the integrity of the litigation and the fitness of counsel to continue serving on Committees.

4.      **Depositions may invade the attorney-client privilege**

Plaintiffs ask rhetorically, "What attorney-client privilege?"  Are the members of the Plaintiffs' Liaison Committee who have filed the Motion for Protective Order talking about the PLC's attorney-client relationship with plaintiffs and all others similarly situated?  Or, are they talking about the attorney-client relationship between members of the PLC and their "other" client, the State of Louisiana, the representation of which was

concealed from plaintiffs until August 29, 2007?  This argument is entirely disingenuous, for if the attorney-client privilege raised as an issue stems from their relationship with the State, then the lawyers whose depositions are being sought violated the "attorney-client privilege" they had with plaintiffs and others similarly situated at the very minute they entered into negotiations for representation of the State of Louisiana.

5.      **Lawyers are only deposed in exceptional circumstances**

Plaintiffs respectfully submit that this is another disingenuous argument.  The law cited by the Plaintiffs' Liaison Committee in their memorandum deals with deposing attorneys for <u>adverse</u> parties.  Here, the lawyers whose depositions are being sought serve as Members of Plaintiffs' Committees in this litigation, with the duty of loyalty to the very same plaintiffs who are seeking the depositions of their own lawyers, who deceived them and the Court.

<u>CONCLUSION</u>

In conclusion, plaintiffs respectfully submit that the focal issue which should guide the Court in rendering a proper decision in this matter is "the integrity of this litigation, which has been called into question by virtue of the following, *inter alia*:

> "The integrity of this litigation which has been called into question by virtue of an extra-judicial source of bias and prejudice, arising out of the Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or other counsel prior to August 29, 2007."

These issues were simply not addressed by the Plaintiffs' Liaison Committee in their Motion for a Protective Order, which is a real shame, which plaintiffs respectfully

submit speaks "volumes" about the actual conflict of interests which does in fact exist and which plaintiffs aver that they are entitled to learn more about.  The Motion for Protective Order should be denied and the depositions ordered to proceed forthwith.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

**By:    S/Ashton R. O'Dwyer, Jr.**
**Ashton R. O'Dwyer, Jr.**
**Bar No. 10166**
**821 Baronne Street**
**New Orleans, LA 70113**
**Tel. 504-679-6166**
**Fax. 504-581-4336**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 31st day of March 2008.

S/Ashton R. O'Dwyer, Jr.