UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § | CIVIL ACTION<br><br>NO. 05-4182 "K"(2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |
| PERTAINS TO:<br><br>MRGO | | |

## PROTECTIVE ORDER

**WHEREAS**, Defendant Washington Group International, Inc. ("WGII") has issued a *subpoena duces tecum* to the Louisiana Office of Community Development ("OCD") seeking the Road Home files of MRGO named plaintiffs and putative class representatives Jeanine Armstrong and Ethel Mae Coats;

**WHEREAS**, the Louisiana Public Records Law does not apply to the OCD;

**WHEREAS**, the Producing Party OCD, through its agent and contractor ICF Emergency Management Services, Inc. ("ICF"), has deemed the Road Home files of MRGO putative class representatives Jeanine Armstrong and Ethel Mae Coats CONFIDENTIAL pursuant to the Stipulated Protective Order (Rec. Doc. 5393);

918564v.1

**WHEREAS**, OCD, through its agent and contractor ICF, WGII, the MRGO PSLC, and plaintiffs Armstrong and Coats move the Court to enter the following Protective Order to protect the Road Home files of plaintiffs Armstrong and Coats and the information and documents contained therein from dissemination and use except as set forth below;

**IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT**

1.　This Protective Order shall govern the entirety of Road Home files of MRGO named plaintiffs and putative class representatives Jeanine Armstrong and Ethel Mae Coats (hereinafter "the Coats and Armstrong Files"), including, but not limited to all documents, the information contained therein, and all other information produced or disclosed by OCD, through its agent and contractor ICF (hereinafter "the Producing Party"), in response to WGII's *subpoena duces tecum* as it pertains to the Coats and Armstrong Files.

2.　The Receiving Parties WGII and MRGO PSLC (hereinafter "the Receiving Parties") may disclose the Coats and Armstrong Files and any information contained therein to (1) counsel of record, in-house counsel (in the case of WGII), and the attorneys, paralegals, stenographic and clerical staff employed by such counsel in the *In re Katrina Canal Breaches Consol. Litig.*, Civil Action No. 05-4182 (E.D. La.) (Duval, J) ("the Action"); (2) outside experts and/or consultants retained by either of the Receiving Parties to offer testimony and/or opinions in the Action, provided that any such individuals agree to be bound by the terms of this Order; (3) stenographic employees and court reporters recording or transcribing testimony in this Action, provided that any such individuals agree to be bound by the terms of this Order; and (4) the Court, and any members of their staffs to whom it is necessary to disclose the information.

3. The Receiving Parties shall use confidential information only in connection with the Action.

4. Any Party seeking to challenge the confidentiality of any information or document contained in the Armstrong and Coats Files or to use such documents or information in any manner other than that expressly provided by this Order must first petition the Court in advance by submitting a motion under seal as is set forth in the July 26, 2006 General Order for the United States District Court for the Eastern District of Louisiana. The Moving Party shall bear the burden of demonstrating the lack of confidentiality.

5. If a Receiving Party learns of any unauthorized disclosure of the Armstrong and Coats Files or of the information contained therein, that party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

6. At the conclusion of this Action, including any appeals related thereto, at the written request and option of the Producing Party, the Coats and Armstrong Files, and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar days to the Producing Party, provided, however, that counsel may retain their privileged communications, work product, and all court-filed documents even though they contain discovery materials produced by the Producing Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda,

summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Producing Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Producing Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Producing Party in accordance with the terms of this Protective Order.

7. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

**IT IS SO ORDERED,**

New Orleans, Louisiana, this ____ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

918564v.1