## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | |
| | | |
| PERTAINS TO: | * | SECTION "K"(2) |
| | * | |
| INSURANCE: JUPITER, 07-1689 | * | JUDGE: DUVAL |
| | * | MAG. JUDGE: WILKINSON |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ANSWERS TO FIRST SET OF INTERROGATORIES

TO:    **AUTO CLUB FAMILY INSURANCE COMPANY**
**Through their attorneys of record**
**CHOPIN WAGAR RICHARD & KUTCHER**
**Thomas Richard, Esq.**
**Two Lakeway Center**
**Suite 900**
**3850 N. Causeway Blvd.**
**Metairie, LA 70002**

**INTERROGATORY NO. 1:**

Identify yourselves and all persons providing information needed to answer these Interrogatories.

**ANSWER TO INTERROGATORY NO. 1:**

Lorraine Jupiter, Bruce Feingerts, Brent Klibert

**INTERROGATORY NO. 2:**

State the date of the last appraisal of your immovable property prior to Hurricane Katrina, identify the appraiser, and state the amount of the appraisal.

1

## ANSWER TO INTERROGATORY NO. 2:

Plaintiff does not know for a fact, but she believes a drive by appraisal was done for this property for lending purposes by Hibernia Bank in or around 2001. We do not know the appraiser. Plaintiff does not have a copy of this appraisal.

## INTERROGATORY NO. 3:

Have you received any payments from any entity, (including but not limited to ACFIC, another insurer, FEMA, etc.), for any damages or losses you sustained as a result of Hurricane Katrina? If the answer to this interrogatory is yes, for each such payment you received, then answer the following:

(a)     Identify the person and/or entity that made the payment;

(b)     If the entity who made the payment is an insurer, state the number of the policy issued to you by that insurer, and the type of coverage provided to you by that insurer (*e.g.* homeowner's, flood, business interruption, etc.);

(c)     State the date of the payment;

(d)     State the amount of the payment; and

(e)     Describe the reason for the payment (*e.g.*, advance on additional living expenses, cost of repairs to dwelling, replacement of damaged contents, etc.).

## ANSWER TO INTERROGATORY NO. 3:

(a) Allstate Insurance Company – Flood Insurance
(b) Policy Number: 80985199 – Flood Insurance
(c) Don't have a copy of the payment; therefore, don't know the date
(d) and (e) $225,500 dwelling and $31,500.00 for contents

To the best of Plaintiff's knowledge, the following payments were made by Auto Club Family Insurance Company:

Coverage A – Dwelling
11/18/05 - $27,007.85
6/28/06  - $6,363.30

2

3/2/07    - $36,153.09

Total Payments for Coverage A:  $69,524.24

Coverage B – Other Structures
6/28/06 - $8,955.25

Coverage C – Contents
11/18/05 - $1,499.98
9/9/05    - $ 250.00

Coverage D – Loss of Use/ALE
9/9/05 – $2,500.00
12/21/05 - $8,250.00
3/7/06 - $4,050.00
3/9/06 - $ 350.00
4/10/06 - $2,200.00
5/4/06 - $2,200.00
5/31/06 - $2,200.00
7/19/06 - $4,400.00

Total Payments for Coverage D:  $26,150.00

These dates and amounts were taken from Defendant's responses to Plaintiff's interrogatories. Plaintiff does not disagree with the totals, but cannot confirm the dates. Plaintiff will rely that Defendant is in good faith with providing dates and amounts.

## INTERROGATORY NO. 4:

Providing as much detail as possible, itemize the damages you contend you are entitled to recover from ACFIC. At a minimum, your itemization should include a description of the type or category of damages you are claiming (*e.g.* cost of repairing dwelling; cost of repairing/replacing contents; additional living expenses, etc.), and the amount of damages you contend you are entitled to recover for each category or type of damages. Note: If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory. If the inventory or list is not complete, or does not provide all information needed to completely respond to this

Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

## ANSWER TO INTERROGATORY NO. 4:

In an abundance of caution, Plaintiff produces the Wind Damage Report on Structure, the list of Damaged Contents, and the list of Additional Living Expenses which have already been provided to defendant via hand delivery on two previous occasions, the first occasion was at the Mediation held at AAA in the fall of 2006 and the second was at the mediation held at MAPS on October 3, 2007.

Itemized wind and water intrusion damages for Dwelling is attached as exhibit A in the production of documents.

Larry Townsend of Technical Environmental Services, Inc. will be providing an expert report regarding hurricane wind and rainwater intrusion damage to the home. This report will be provided immediately upon Plaintiff's receipt.

Damaged Contents (Personal Property) list is attached as exhibit B in the production of documents.

Loss of Use (ALE or Living Expenses) list is attached as exhibit C and D-1 through D-10 in the production of documents.

## INTERROGATORY NO. 5:

Do you contend you have provided ACFIC with satisfactory proof of loss for any damages arising out of Hurricane Katrina you seek to recover from ACFIC? If the answer to this Interrogatory is yes, then state the following:

(a)      A full description of all information and/or documentation you contend comprises the "satisfactory proof of loss" you provided to ACFIC;

(b)      The date(s) you contend you provided ACFIC with each item of information and/or documentation that comprises your "satisfactory proof of loss".

## ANSWER TO INTERROGATORY NO. 5:

Yes.

Full documentation was provided at the mediation held at the American Arbitration Association in the fall of 2006 and the second mediation at MAPS on October 3, 2007

Plaintiff feels a satisfactory proof of loss is established by providing the lists of dwelling damages, contents lists and ALE lists supplied in exhibits A-C and D-1 through D-10 in the production of documents. This information was provided at least twice before at the mediation in fall of 2006 and the mediation in Ocober 2007.

## INTERROGATORY NO. 6:

Have you made any repairs to the damage caused by Hurricane Katrina to your immovable property? If the answer to this Interrogatory is yes, then answer the following:

    (a)    Describe fully any repairs you have made;

    (b)    State the date of these repairs;

    (c)    Identify all persons or entities who made the repairs; and

    (d)    State the amount you paid to each person or entity referred to in your answer to

Interrogatory No. 6(c).

## ANSWER TO INTERROGATORY NO. 6:

    (a) The roof has been covered with a tarp, the house has been gutted, and the yard was cleaned and a tree was removed.

    (b) Exact date of repairs not known, but were completed in 2005.

    (c) City of New Orleans covered the roof. Don't recall name of person(s) who gutted property nor who cleaned the yard and removed the tree.

    (d) Approximately $5,000 was paid for gutting the house. Approximately $3,000 was paid for yard clean up and tree removal. Plaintiff does not have a receipt.

## INTERROGATORY NO. 7:

Have you repaired or replaced any of your movable property damaged by Hurricane

Katrina?  If the answer to this Interrogatory is yes, for each item repaired or replaced, answer the following:

(a)      Provide an itemized inventory of the movable property that was repaired or replaced;

(b)      State the date of the repair and/or replacement;

(c)      Identify all persons or entities who made any repairs, or identify any person or entity from whom you purchased any replacement items, and any persons or entities who provided you written repair or replacement estimates; and

(d)      State the amount you paid for the repair or replacement.

Note:  If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory.  If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

## ANSWER TO INTERROGATORY NO. 7:

Plaintiff objects to this question.  Plaintiff has a replacement value policy.  Plaintiff has provided to the best of her ability a detailed list of contents which were damaged by wind and rainwater intrusion and their replacement costs, see exhibit B in the production of documents.  Plaintiff is awaiting payment from her homeowner's insurer to replace many of her contents.

## INTERROGATORY NO. 8:

Do you contend you are entitled to recover from ACFIC any additional living expenses you sustained as a result of Hurricane Katrina?  If the answer to this Interrogatory is yes, then answer the following:

(a)     The full address for each place you lived after Hurricane Katrina other than 7421 Arbor Drive, New Orleans, Louisiana;

(b)     The dates you lived at each address listed in your answer to Interrogatory No. 8(a);

(c)     Provide an itemized description of additional living expenses for which you are making claim; and

(d)     Provide an itemized description of your average monthly living expenses during the period of January 1, 2005 to August 28, 2005.

Note:  If you have already prepared an inventory or list that responds in whole or in part to the information sought by this Interrogatory, you can reference the inventory or list in your answer to this Interrogatory and attach a copy of the inventory or list to your answer to this Interrogatory.  If the inventory or list is not complete, or does not provide all information needed to completely respond to this Interrogatory, supplement the inventory or list in your answer to this Interrogatory and provide all other additional information so your response is complete.

**ANSWER TO INTERROGATORY NO. 8:**

(a) a list of all places Plaintiff has resided since Hurricane Katrina is attached as exhibit E in the production of documents.

(b) a list of dates and places Plaintiff has resided is attached as exhibit E in the production of documents.

(c) a list of ALE claims is provided as exhibit C and D-1 through D-10 in the production of documents.

(d) A list of average monthly living expenses between January 2005 and August 2005 are attached as exhibit F in the production of documents.

7

**INTERROGATORY NO. 9:**

Do you contend that ACFIC is liable to you for any penalties and/or attorney's fees under La. R.S. 22:658 and/or La. R.S. 22:1220? If the answer to this Interrogatory is yes, please state the following:

(a)     Describe fully the respects in which you believe ACFIC violated La. R.S. 22:658 and/or La. R.S. 22:1220, and the penalty you believe ACFIC is liable for; and

(b)     If you contend ACFIC is also liable for attorney's fees, state the amount of attorney's fees you have incurred as a result of ACFIC's violation of La. R.S. 22:658 and/or La. R.S. 22:1220, and state the hourly fee you have agreed to pay any attorney to make a claim against ACFIC and/or the percentage of your recovery you have agreed to pay any attorney to prosecute any claim in your behalf against ACFIC.

**ANSWER TO INTERROGATORY NO. 9:**

(a) ACFIC clearly has not timely paid all claims for Hurricane Wind and water intrusion damages to the structure, contents, and reimbursements for additional living expenses in violation of Louisiana Statutes. Plaintiff has objected to both the scope and amounts of payments from structure, contents and ALE. The penalties will be calculated at trial, depending upon the result of ACFIC's past and future actions, if the matter is not amicably settled.

(b) Plaintiff objects to this questions regarding fee arrangements between Plaintiff and her counsel. Plaintiff's fee arrangement is privileged. If this claim is not amicably settled, Plaintiff will make her claim for reasonable attorney's fees at trial and will be based on past and future actions of ACFIC.

**INTERROGATORY NO. 10:**

Identify each person you may call as a witness at the trial of this matter, and for each witness, describe the facts they will testify to. Additionally, if any witness will be tendered as an expert, state the field of expertise the witness will be tendered in and the opinion(s) such expert witness will testify to.

8

**ANSWER TO INTERROGATORY NO. 10:**

Lorraine Jupiter, Jim Kotter (construction expert), Larry Townsend of Technical Environmental Services, Inc.   Plaintiff reserves the right to call additional witnesses.

Respectfully submitted:

FEINGERTS & KELLY, PLC

By:_____

BRUCE L. FEINGERTS (#5499)
365 Canal Street, Suite 2700
New Orleans, LA 70130
(504) 568-1515

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this _3rd_ day of April, 2008, served a copy of the foregoing pleading on all counsel for all parties by:

( X ) Hand Delivery        ( ) Prepaid U. S. Mail

( ) Facsimile             ( ) UPS/Federal Express

_____

Bruce L. Feingerts

9

## **VERIFICATION**

I certify that the preceding interrogatories have been answered to the best of my abilities and recollection.  I reserve the right to supplement my answers upon knowledge of any inaccuracies or new information.

**LORRAINE JUPITER**