UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES                    CIVIL ACTION
      CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO                               JUDGE DUVAL
                                                 MAG. WILKINSON

## ORDER AND REASONS ON MOTIONS

I previously deferred ruling, Record Doc. No. 11456, on two motions:  (1) a

Motion to Quash filed by plaintiffs Jeanine Broggi Armstrong, Kenneth P. Armstrong

and Ethel Mae Coats, Record Doc. No. 10623; and (2) a Motion to Quash Subpoena

Issued by Washington Group International, Inc. ("WGI") or, in the Alternative, Motion

for Protective Order, filed by the MRGO Plaintiffs Sub-Group Litigation Committee (the

"PSLC").  Record Doc. No. 10927.  Both subject subpoenas seek the production of vast

amounts of materials from the Road Home Program of the State of Louisiana Office of

Community Development.

During the hearing on these motions, counsel for WGI waived its objections to

having this court handle the dispute concerning the subpoena duces tecum issued  to the

Road Home Program from the United States District Court for the Middle District of

Louisiana.  Counsel for WGI also stipulated to restrict the scope of the subpoena duces

tecum for present purposes to only two Road Home files, those of proposed MRGO

putative class representatives, Kenneth and Jeannine[1] Armstrong and Ethel Mae Coats. Counsel for ICF Emergency Management Services, the contractor that administers the Road Home grant program for persons who incurred losses in Hurricane Katrina, also participated in the hearing.

I ordered ICF to produce those two Road Home files to the court for in camera review, so that I could evaluate the files concerning relevance and whether they contain confidential or otherwise private information. ICF complied by producing to me a Bates-numbered copy of each file. Having reviewed the documents in camera and having considered the record, the submissions of the parties, the arguments of counsel and the applicable law, **IT IS ORDERED** that both motions are GRANTED IN PART AND DENIED IN PART, as follows.

In both motions, plaintiffs moved under Fed. R. Civ. P. 45 to quash a subpoena duces tecum that was issued by WGI to the Road Home Program. Alternatively, the PSLC in its motion sought a protective order under Fed. R. Civ. P. 26(c) that would prevent production of the requested materials to WGI until the parties can agree on a procedure for the orderly and secure dissemination of the information.

---

[1]This is the correct spelling of Mrs. Armstrong's first name, as reflected in the documents she provided to the Road Home.

I consider both motions as motions for protective order under Fed. R. Civ. P. 26(c) and apply the standards of Fed. R. Civ. P. 26(b) concerning discoverability.  WGI argues that the materials in the Road Home files are relevant to (1) liability issues, (2) the adequacy of representation of the proposed class representatives and (3) WGI's affirmative defense of setoff.

The adequacy of the named plaintiffs to protect and prosecute this action on behalf of the putative class is relevant.  A motion to certify a class in the MRGO cases is pending and the issue has been briefed.  Although the deadline for class certification discovery has already passed in the MRGO category of cases under Case Management Order No. 4 ("CMO No. 4"), the class certification hearing has been continued indefinitely.  WGI also contends that each plaintiff's Road Home file may contain statements made by plaintiffs about the cause of their damages, which may be relevant to "common liability issues," as defined in CMO No. 4.  I agree with WGI's contention that such information contained in the files would be relevant.  However, after having reviewed the two files produced to me, I find that they actually contain only a minuscule amount of such information.

WGI also argues that the grant amount received by any particular plaintiff from the Road Home Program is relevant to WGI's setoff defense, in that any damages for which WGI may be found liable should be reduced by the grant amount that the plaintiff

received.  WGI's setoff defense may be tenuous in light of the Road Home Program's contention in some of these consolidated cases that it is subrogated to the rights of its grant recipients to certain amounts received on account of hurricane damage. Nonetheless, the setoff defense is currently in the case and will remain in the case until such time, if ever, as it is dismissed on motion.  Thus, the grant amounts are relevant to this defense.

Some discovery concerning the claimed damages of the named plaintiffs who are also proposed class representatives has heretofore been permitted because it was both relevant and proportionally necessary to class certification issues, including typicality, commonality, adequacy of representation, predominance and superiority.  However, WGI's subpoenas go well beyond what is relevant to, proportionally necessary for or reasonably calculated to lead to the discovery of evidence admissible as to class certification issues, and extend into areas of discovery that relate primarily to individual damage claims.  Although very limited damages discovery has heretofore been allowed under CMO No. 4, it appears that Coats and the Armstrongs are named plaintiffs whose individual damage claims will probably proceed, regardless whether any class is ever certified.  Given the limited scope of this particular damages discovery and its multipurpose usefulness for liability issues (to a small extent), class certification and planning for future damages discovery, I am inclined to permit it.

4

Despite the relevance of some materials contained in the Road Home files, the subpoenas duces tecum issued by WGI are overly broad and seek an excessive amount of confidential and sensitive personal information.  Some materials in the files, like in-house Road Home checklists, cover sheets and purely administrative directions are wholly irrelevant.  Small portions of these files appear to be Road Home Program attorney work product.  These things need <u>not</u> be produced.  In addition, the Armstrong and Coats files are replete with highly private, confidential, personal information, including personal data identifiers of the type described in this court's General Order issuing its Notice Concerning Personal Data Identifiers dated April 9, 2003 (Rule 12 of this court's Administrative Procedures for Electronic Case Filing) (Social Security numbers, names of minor children, dates of birth, financial account or loan numbers), as well as fingerprints, driver's licenses, insurance policy and claim numbers, telephone numbers,[2] personal account numbers of all kinds and loan and/or identification numbers for the Road Home Program, Small Business Administration, FEMA, Department of Veterans Affairs and many private lenders.  The files are also filled with redundant copies of forms and other papers.  In my view, any production of these file materials

---

[2]While telephone numbers may ordinarily be discoverable, Coats and the Armstrongs are represented by counsel of record.  Any contact with them by the discovering party should be through their counsel, and there should be no need for disclosure of their various telephone numbers contained in these files.

must be narrowed to the greatest extent possible, including elimination of any requirement of production of duplicate documents contained in these files, to ensure that such highly personal and private information is not widely circulated.

Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1) require that the court strike a balance between the fairly broad scope of permissible discovery (which in this case has been limited by the court's Case Management Orders) and the benefit that the requesting party may obtain from the materials, on the one hand, with the need to protect producing parties from undue burdens and privacy concerns on the other side of the balance. Although some materials in the Road Home files may be relevant, their production must be tempered by the extremely sensitive nature of much of the information contained therein.

Many of the things that I am ordering be produced, such as, for example, real estate appraisals, the amount of the grants and insurance recoveries that Coats and the Armstrongs received and information underlying the Road Home's calculation of grant amounts, are discoverable principally because they are relevant to damages and/or the setoff defense, which itself is a damages defense.  In summary, although damages discovery has heretofore been limited under Case Management Order No. 4, I find that these limited materials may be discovered for four present purposes:  (1) so that the discovering party may see the generally innocuous nature of the contents of Road Home

6

files insofar as they relate to liability issues; (2) because of their relevance to class certification issues; (3) because the materials relate to the damage claims of two named plaintiffs, whose damage claims apparently will have to be discovered at some point in connection with their individual claims, regardless whether any class is certified; and (4) so that the parties may begin to craft a plan for further discovery and/or use in this case of Road Home file information relevant to damages that will avoid the incredible burden and expense that would have been imposed by WGI's original subpoena and that will also protect the privacy interests of Road Home participants to the greatest extent possible.  It is the court's intent that the limited production of materials related to damages in this order will provide the parties with an overview of the kind of information available in the Road Home files so that future damages discovery, when permitted, can be tailored and narrowed appropriately.

Accordingly, the motions are denied in part in that the following responsive materials must be produced from the Armstrong and Coats Road Home files within thirty (30) days of entry of this order, subject to the protective order referenced below.  **IT IS FURTHER ORDERED** that, before producing these materials, ICF must redact from them all personal data identifiers of the sort identified above.

Armstrong:

Bates No.
OCD-MRGO        Description of Materials:

000001-04       eGrantsPlus - HomeOwner Assistance Program
                Report:
                –Question & answer on p. 002: "Was your home
                damaged or destroyed by Hurricane Katrina or Rita?"
                –Insurance & SBA proceeds information on p. 003
                –plaintiffs' income range
000008-09       eGrantsPlus - Approve Grant Amount(s)
                –approval of grant amounts for 3 grant options; other
                compensation received
000014-24       Summary Appraisal Report
000029          Louisiana Abstractor Worksheet:
                –showing price paid for property on March 25, 1985
000034          Disputing pre-storm value & deduction
000036-40       Benefit Selection Form showing 3 options, grant
                amounts for each option and plaintiffs' choice of
                Option 2
000060-80       Road Home Benefits Award Letter and Attachments
000085          Authorization to Release Information
000086          Application Certifications:
                –applicants' certification that all information provided
                is correct
000088          Allstate Flood Insurance Program:
                –check stubs & amount paid on flood claim
000090          Liberty Mutual:
                –check stub & amount paid on homeowner's claim
000092-100      Liberty Mutual:
                –estimates of repair costs & Statement of Loss under
                each coverage
000102          Applicant Income Information
000103          The Road Home Insurance/FEMA Override:
                –correction of amount of homeowner's insurance
                proceeds received by applicant

8

| 000117-22 | Fannie Mae Appraisal report |
| 000125-27 | The Road Home Program Home Evaluation Work Order Sheet:<br>– p. 126, Type of Evaluation Required: 100% Destroyed<br>– p. 126, question & answer: "Did flood waters enter the house?" |

**Coats:**

Bates No.
<u>OCD-MRGO</u>                    <u>Description of Materials</u>:

| 000131-34 | eGrantsPlus - HomeOwner Assistance Program Report:<br>–Question & answer on p. 131: "Was your home damaged or destroyed by Hurricane Katrina or Rita?"<br>–Insurance proceeds information on pp. 132-33 |
| 000137-49 | Appraisal Report |
| 000150-51 | eGrantsPlus - Approve Grant Amount(s):<br>–approval of grant amounts for each of 3 options |
| 000158-60 | Louisiana Abstractor Worksheet:<br>–price paid for property in 1994 and subsequent tax liens & judgments |
| 000170-71 | Benefit selection form showing plaintiff's choice of Option 1 and amounts available for each option |
| 000175 | First American Title Insurance Co. of Louisiana:<br>–Final Disbursement Statement |
| 000181-82 | Grant Agreement and Fraud Acknowledgment |
| 000183-85 | The Road Home Limited Subrogation/Assignment Agreement |
| 000186-88 | The Road Home Grant Recipient Affidavit & Acknowledgment Form |
| 000189 | Closing Instructions for FA:<br>–final amount of grant |
| 000190-91 | File Balance Sheet:<br>–grant disbursements |

000193-94          Signed version of Attachment 2
                   –Benefit selection form showing plaintiff's choice of
                   Option 1 and amounts available for each option
000195             Applicant Income Information
                   –signed by plaintiff on 5/25/07
000196             Road Home Homeowner Assistance Program
                   –Income and asset information signed by plaintiff on
                   5/25/07
000203             Authorization to Release Information
000205             Road Home Program Applicant Certification
000209             Letter from FEMA
                   –Approval of request for Rental Assistance
000211             Fidelity National Property & Casualty:
                   –draft stub, payable to Coats & Bank One
                   –"Reason: recoverable depreciation of building
                   damage"
000212             Fidelity National Property & Casualty:
                   –draft stub, payable to Coats & Bank One
                   –"Reason:  settlement of building damage"
000214             Louisiana Citizens Property Ins. Corp.:
                   –Estimate of damages and net payment due
000216             Road Home Homeowner Assistance Program
                   –Income and asset information signed by plaintiff on
                   12/18/06
000217             Applicant Income Information
                   –Table showing annual household income signed by
                   plaintiff on 12/18/06
000218             Letter from Dept. of Veterans Affairs dated Nov. 27, 2006
                   –Pension amount

In addition, all responsive materials that are produced in response to this order

shall be marked as Confidential Information and are subject to the separately entered

Protective Order, which the court is entering simultaneously with entry of this order.

Plaintiffs' motions for protective order are granted to the extent that the subpoenas seek a broader range of information, and no information other than that permitted by this order need be produced.  This order is <u>not</u> to be construed as a general invitation to commence full-scale damages discovery, which remains prohibited at this time under Case Management Order No. 4.

New Orleans, Louisiana, this ____3rd____ day of April, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK OF COURT TO SEND**
<u>**COURTESY COPY TO:**</u>

Pauline Hardin
Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.
Phardin@joneswalker.com
Counsel for ICF Emergency Management Services

11