UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES              CIVIL ACTION
              CONSOLIDATED LITIGATION
                                                                               NO. 05-4182 "K"(2)

PERTAINS TO:  MRGO                                     JUDGE DUVAL
                                                                               MAG. WILKINSON

**PROTECTIVE ORDER
CONCERNING COATS AND ARMSTRONG ROAD HOME FILES**

For the reasons more fully set forth in the court's separate order granting in part and denying in part the motions concerning the subpoenas duces tecum issued by defendant Washington Group International, Inc. ("WGI") to the Louisiana Office of Community Development ("OCD"), which seek the Road Home files of named plaintiffs and putative MRGO class representatives Ethel Mae Coats, Kenneth P. Armstrong and Jeannine B. Armstrong, the following protective order is entered:

**IT IS HEREBY ORDERED THAT**

(1)     This Protective Order shall govern the entirety of the Road Home files of named plaintiffs and putative MRGO class representatives Ethel Mae Coats, Kenneth P. Armstrong and Jeannine B. Armstrong (hereinafter "the Coats and Armstrong Road Home Files"), including but not limited to all documents, the information contained therein and all other information produced or disclosed by OCD, through its agent and contractor ICF Emergency Management Services, Inc. ("ICF") (hereinafter "the Producing Party"), in response to WGI's subpoena.

(2)     The Receiving Parties, WGI and the MRGO Plaintiffs Sub-Group Litigation Committee (hereinafter "the Receiving Parties"), may disclose the Coats and Armstrong Files and any information contained therein only to (1) counsel of record, in-house counsel (in the case of WGI), and the attorneys, paralegals and stenographic and clerical staff employed by such counsel in the <u>In re: Katrina Canal Breaches Consolidated Litigation</u>, Civil Action No. 05-4182 (E.D. La.) (Duval, J) ("the Action"); (2) outside experts and/or consultants retained by either of the Receiving Parties to offer testimony and/or opinions in the Action, provided that any such individuals agree to be bound by the terms of this Order and to sign a copy of Exhibit A prior to receiving any such information, all as provided herein; (3) stenographic employees and court reporters who record or transcribe testimony in the Action, provided that any such individuals agree to be bound by the terms of this Order and to sign a copy of Exhibit A prior to receiving any such information, all as provided herein; and (4) the court and its personnel to whom it is necessary to disclose the information.

(3)     The Receiving Parties shall use the information and materials from the Coats and Armstrong Road Home Files only in connection with the Action.

(4)     Any Party seeking to challenge the confidentiality of any information or document contained in the Coats and Armstrong Road Home Files or to use such documents or information in any manner other than that expressly provided by this Order must first petition the court in advance by submitting a motion in compliance

with the July 26, 2006 General Order for the United States District Court for the Eastern District of Louisiana, which is available for review on the court's website at http://www.laed.uscourts.gov.  The Moving Party shall bear the burden of demonstrating the lack of confidentiality of the information or document.

      (5)    If a Receiving Party learns of any unauthorized disclosure of the Coats and Armstrong Road Home Files or of the information contained therein, that party shall, immediately upon learning of such disclosure, (a) inform the Producing Party of all pertinent facts relating to such disclosure and make all reasonable efforts to prevent disclosure by each unauthorized person who received such information, and (b) inform the court, so that contempt proceedings or other sanctions may be instituted.

      (6)    At the conclusion of the Action, including any appeals related thereto, at the written request and option of the Producing Party, the Coats and Armstrong Road Home Files and any and all copies, summaries, notes, compilations (electronic or otherwise) and memoranda related thereto, shall be returned within thirty (30) calendar days to the Producing Party, provided, however, that counsel may retain their privileged communications, their work product and all court-filed documents, even though they contain discovery materials produced by the Producing Party, but such retained privileged communications, work product and court-filed documents shall remain subject to the terms of this Protective Order.  At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other

written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party, shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Producing Party, any copies thereof and any and all records, notes, memoranda, summaries or other written material regarding the discovery materials produced by the Producing Party (except for privileged communications, work product and court-filed documents, as stated above) have been delivered to the Producing Party in accordance with the terms of this Protective Order.

(7) Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other court proceeding of any document, testimony or other evidence.

(8) All persons (except court personnel) to whom information or materials from the Coats and Armstrong Road Home Files is disclosed pursuant to this order must, prior to such disclosure, sign a copy of the affidavit attached hereto as Exhibit A. All signed copies of Exhibit A must be maintained by counsel for ICF and/or counsel for OCD, as they may designate between them, for whatever future use the court and/or the parties might find necessary.

New Orleans, Louisiana, this ___3rd___ day of April, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A TO PROTECTIVE ORDER**
**COATS AND ARMSTRONG ROAD HOME FILE AFFIDAVIT**

      I, the undersigned, hereby acknowledge that I have read the Protective Order Concerning Coats and Armstrong Road Home Files entered in the United States District Court for the Eastern District of Louisiana in the consolidated lawsuits styled In re: Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182, Section "K"(2). I understand the terms of this Protective Order and agree to be bound by all the terms thereof. Without limiting the generality of the foregoing statement, I agree not to disclose any document or information provided to me from the Coats and Armstrong Road Home Files (or any copies, extracts, summaries or information otherwise derived therefrom) to any person or entity not authorized under this Protective Order to receive such information. I further agree to use any such information or material disclosed to me solely for the purposes of the MRGO lawsuit(s) in the above-referenced Consolidated Litigation and for no other purposes. I further acknowledge and agree that the terms of this Protective Order are enforceable against me by the Court and any officer it may designate and by any party to the above referenced consolidated litigation, both during and after the conclusion of the lawsuit. I further agree and submit to the jurisdiction of, and consent to the enforcement of the terms of this Protective Order in, the United States District Court for the Eastern District of Louisiana.

Date: _____        Signature: _____

                                                               Print Name: _____