UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § | CIVIL ACTION<br><br>NO.  05-4182 "K"(2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |
| PERTAINS TO:<br><br>MRGO/BARGE/LEVEE--ALL CLASS ACTIONS | | |

**Scheduling Plan and Trial Plan Pursuant to Judge Duval's Order for
<u>BARGE/MRGO and LEVEE cases In re: Katrina--CA 05-4182</u>**

In response to the order issued by the Court after the March 7, 2008 status conference, the attorneys representing the Orleans Levee District, Board of Commissioners for the Lake Borgne Levee District, East Jefferson Levee District, Sewerage & Water Board of New Orleans, U. S. Government, Lafarge North America and Washington Group International, being representatives of all of the defendants in MRGO, LEVEE, and BARGE, conferred and overcame differences of opinion among and between them, resulting in a proposed scheduling order and Trial Plan that they believed was consistent with the Court's Order.  These conferences that resulted in the first draft proposal included several telephone conferences with Plaintiffs' Liaison Counsel to attempt to include his views in the proposal.  A draft proposal was provided to Plaintiffs' Liaison Counsel for distribution to interested plaintiffs in all case categories, on March 24, 2008, at approximately 5 p.m.  While these conferences were taking place, counsel representing all parties, plaintiffs and defendants, were invited to confer on March 27, 2008, in person or by telephone, to discuss and attempt to agree where possible on a scheduling plan and trial plan.  The conference that ensued on March 27 included representatives of all defendants and all plaintiffs' groups in MRGO, LEVEE and BARGE.

As a result of these efforts, all of the Defendants and the MRGO/LEVEE Plaintiffs have essentially agreed, with some differences of emphasis and opinion, as to a workable Scheduling Plan, dependent upon the timing of the Court's decision on class certification.  The BARGE Plaintiffs were unwilling or unable to provide the Court with their alternative dates on a singular, linear scheduling matrix, believing that their positions were so dissimilar to those of the other parties that they needed to provide the Court with their positions separately.
In order to attempt to provide the Court with a linear scheduling plan and points of agreement on a trial plan approach, we have inserted the comparable BARGE Plaintiffs' scheduling dates in the far right-hand column for comparison with the scheduling plan agreed upon between and among all of the other remaining parties.

| Event | Dates Agreed Between All Defendants and MRGO/LEVEE Plaintiffs | MRGO/LEVEE Plaintiffs' Comments | BARGE Plaintiffs' Dates |
|---|---|---|---|
| BARGE Plaintiffs' Motion for Class Certification, with specifics required by Judge Duval's Order of January 25, 2008, doc. no. 10881 | Within ten (10) days of the entry of a revised scheduling order | Class certification motion, memoranda, expert reports, discovery, witness and exhibit lists have been completed as to MRGO and LEVEE Plaintiffs | No date provided, although Motion for Class Certification already filed on January 31, 2008 |
| Monthly Preliminary Witness/Exhibit Lists for Class Certification and Merits in BARGE/MRGO/LEVEE | 20th of each month | 20th of each month as to merits only. | No equivalent provided. Proposes 4/30/2008 witness/exhibit list |
| Any party may move for summary judgment within these dates, to be noticed for hearing in accordance with court procedures such that plaintiffs are given two weeks to prepare opposition memoranda. | May 1, 2008 through September 1, 2008; and, November 1, 2008 through March 1, 2009 | | No equivalent provided. Proposes "all substantive and *Daubert* motions shall be filed" on November 14, 2008 |
| DEADLINE for document production of all parties in MRGO/LEVEE/BARGE | As to all Rule 26 disclosures and outstanding Requests for Production--May 1, 2008. Any additional discovery - Final deadline - January 31, 2009 | | No equivalent provided |
| BARGE Plaintiffs' Class Certification Expert Reports | May 12, 2008 | | January 12, 2009 |
| BARGE Parties final witness list, facts and experts for class certification | July 7, 2008 | | No equivalent provided-- 4/30/2008 witness/exhibit list proposed |

919604v.3

| | | | |
|---|---|---|---|
| BARGE Defendants' Class Certification Expert Reports | July 14, 2008 | | February 17, 2009 |
| BARGE Class Certification Discovery, facts and expert, closes | August 11, 2008 | | March 2, 2009 |
| Submission to the Court of any unresolved issues regarding an individual case identification protocol for use in the event class certification is denied, any disputes to be heard on September 3, 2008 | August 15, 2008 | Submission could also be used in the event the Court continues December 8, 2008 class certification hearing. | No equivalent provided. |
| Daubert Motions, all parties, on Class Certification, BARGE | August 18, 2008 | | No equivalent provided. |
| BARGE Parties final exhibit list for class certification hearing | August 18, 2008 | | No equivalent provided. |
| Oppositions to Daubert Motions, class certification BARGE | August 25, 2008 | | No equivalent provided for class certification |
| Hearing on BARGE Daubert Motions, Class Certifications | September 10, 2008 | | No equivalent provided for class certification |
| BARGE Plaintiffs' Memoranda on class certification | September 15, 2008 | | April 1, 2009 |
| BARGE Defendants' Memoranda opposing class certification | November 10, 2008 | | April 15, 2009 |
| BARGE Plaintiffs' Reply on Class Certification | November 24, 2008 | | May 1, 2009 |
| Deadlines for Barge deposition designations and visual aids for class cert hearing. | December 1, 2008 | | No equivalent provided. |
| Class Certification Hearing, to commence at 10:00 a.m. for BARGE-MRGO-LEVEE | December 8, 2008 | | May 13, 2009 |
| Status conference to discuss the scope and contour of June 15, 2009 Trial(s) (whether | January 15, 2009 | While the MRGO Plaintiffs do not desire a class ruling prior to trying one or more individual | No equivalent provided-- proposes "Joint Proposed Trial |

| | | | |
|---|---|---|---|
| individual trial or Class Trial) [If not a class trial, the Parties will have discussed (once it is clear that these are individual trials) to identify individual cases that would be instructive to all the parties as to the relative strengths and weaknesses of their cases | | claims, they have no objection to this schedule provided that all of the parties know, on or before January 15, 2009, whether the trial in June 2009 will be a class trial or the first of several individual trials | Plan for MRGO and Barge to be filed" on December 19, 2008, for a January 8, 2009 "Trial of liability and causation of the flooding in the Class Areas in MRGO and Barge" |
| Final merits fact and expert witness lists, all parties in all case categories | February 16, 2009 | | October 7, 2008 for "Final Witness, Exhibit List all parties" in MRGO and Barge" |
| Completion of all merits written discovery and merits fact witnesses depositions in BARGE/MRGO/LEVEE | March 9, 2009 | | October 31, 2008, [including experts] |
| All Plaintiffs' merits experts reports due (All Case categories) | March 16, 2009 | | August 1, 2008 |
| All Defendants' merits experts' reports due (All Case categories) | April 13, 2009 | | September 15, 2008 |
| Close of all experts' depositions (All Case categories) | April 27, 2009 | | October 31, 2008 |
| Final Exhibit Lists all parties | April 29, 2009 | | No equivalent provided, 4/30/2008 witness/exhibit list |
| Objections to Exhibits, all parties | May 4, 2009 | | No equivalent provided |
| All Merits Daubert Motions (All case categories) | May 11, 2009 | | November 14, 2008 |
| Hearings on Objections to Exhibits, all parties | May 13, 2009 | | No equivalent provided |
| Daubert Motion Oppositions | May 18, 2009 | | December 1, 2008 |
| Daubert Hearings | May 27, 2009 | | December 17, |

- 4 -

919604v.3

|  |  |  |  |
|---|---|---|---|
|  |  |  | 2008 |
| Pre Trial Order for trial(s) | May 29, 2009 |  | January 5, 2009, for "liability and causation of flooding in MRGO Barge area" |
| Deposition designations and proposed visual aid designations exchanged, for trial, all parties, all case categories | May 29, 2009 |  | No equivalent provided |
| Pre Trial Conference for trial(s) | June 4, 2009 |  | January 7, 2009, for January 8, 2009 trial of "liability and causation of flooding in MRGO Barge area" |
| Bench books of exhibits, proposed jury instructions and other jury trial requirements | June 8, 2009 |  | No equivalent provided |
| Objections to deposition testimony; submit visual aids; object to visual aids | June 10, 2009 |  | No equivalent provided |
| Beginning of Merits Trial(s), see January 15, 2009. | June 15, 2009 |  | January 8, 2009 trial of "liability and causation of flooding in MRGO Barge area"; June 15, 2009 trial of "classwide damages" in MRGO and Barge |
|  |  |  |  |

919604v.3

Defendants and MRGO/LEVEE Plaintiffs believe that because the BARGE plaintiffs have chosen to submit three pages of argumentation with their proposal, in spite of the Court's directives, a few brief observations are in order. Copies of the BARGE Plaintiffs' proposals and arguments are attached as Exhibit "A" to this filing.

1. Defendants: The BARGE plaintiffs' chief complaint about the other parties' submission (p.1) is that preparing for class certification proceedings during the spring and summer of 2008 is an "impossible task" for them. But it was *the BARGE plaintiffs themselves* who proposed to this Court a schedule, adopted in January 2008 (Rec. Doc. 10881), calling for them to submit class certification expert reports on April 15, 2008. Surely it cannot be "impossible" for the BARGE plaintiffs to articulate and support a basis for class certification, two-and-a-half years after having filed a class action complaint. In any event, under the proposal set forth below, plaintiffs' class certification expert reports are due on May 12, 2008, a full month later than the date that BARGE plaintiffs proposed in their January 2008 schedule. This revision accommodates any time the BARGE plaintiffs may have lost as a result of the recent discussions regarding the Court's proposal to revise the schedule, as discussed at the March 7 status conference.

2. Defendants: Beyond that, BARGE plaintiffs' proposal bears no resemblance to anything the Court or any of the parties have ever proposed. BARGE plaintiffs propose a trial in January 2009 on amorphous "negligence" and "causation of flooding" issues, to be followed by a second trial in June 2009 on "Classwide Damages."[1] Though BARGE plaintiffs say that their January 2009 trial relates only to "one or more individuals," the scope of the merits expert reports extends to the entire "Class Area" in the apparent belief that the trial will be a classwide trial on negligence and causation. (Of course, under plaintiffs' proposal, they will not have filed their class certification brief, let alone obtained certification of a class, prior to the trial on those issues, whatever they may constitute). From this proposal, nobody can have any idea of what will be tried in either of the two trial proceedings they contemplate. In addition, the proposal of BARGE plaintiffs, not joined by any other party, raises significant legal problems that increase the likelihood that the trial they propose would have to be done again.

3. Defendants: In response to MRGO/LEVEE Plaintiffs' comment on the January 15, 2009 entry, all defendants continue to believe that the approach that will be the most judicially efficient and productive of an early, as possible, resolution of this massive litigation will be to have the class certification hearing and decision before considering any individual trials, particularly in light of the enormous economic consequences of the certification of a class to all defendants involved. If a class is certified, and sustained, then one case can be tried for all; if a class is not certified, or is certified and reversed on appeal, it will be because one trial cannot resolve all the issues and thus that individual trials should commence on some regularized basis.

4. MRGO/LEVEE Plaintiffs have previously moved, and the Court ordered the continuance of the Class certification hearing previously set. MRGO/LEVEE Plaintiffs suggest that in view of the complex issues in the MRGO case, now amplified by the necessary

---

[1] This proposal appears at page 4 of their submission under the entry for May 29, 2009, calling for a pretrial order on "Trial of Classwide Damages."

consolidation of the Barge issues, that exemplar trial(s) should be undertaken prior to class certification in the MRGO, LEVEE and BARGE cases.

5. MRGO/LEVEE Plaintiffs propose that the Court retain the June 15, 2009 trial date to accomplish this end.  MRGO/LEVEE Plaintiffs understand that the defendants strongly encourage the Court to resolve class certification issues before trial.  MRGO/LEVEE Plaintiffs believe that defendants could be prepared to select exemplar trial plaintiffs' cases to retain the dates currently set for exemplar trial(s), pursuant to paragraph 6 below.

6. The defendants and the MRGO/LEVEE Plaintiffs acknowledge that if the Court opts to proceed with exemplar trial(s) before class certification (which is opposed by defendants), it will be necessary and appropriate to develop a protocol to identify which cases might be tried; said protocol obviously including criteria that would allow all parties and the Court to benefit from the findings.  The defendants and the MRGO/LEVEE Plaintiffs agree to discuss and attempt to agree upon such a protocol on or before August 15, 2008, failing which the MRGO/LEVEE Plaintiffs and the defendants will submit any differences that may exist regarding such case identification protocol to the Court for resolution on September 3, 2008 for use in the event the Court determines not to certify a class after class certification is submitted to the Court in accordance with the agreed schedule set forth above.

Dated: <u>April 4, 2008</u>                                            Respectfully submitted,

| | |
|---|---|
| */s/Ralph S. Hubbard III*<br>Ralph S. Hubbard III, Bar No. 7040<br>Joseph P. Guichet, Bar No. 24441<br>Rachel Meese, Bar No. 25457<br>Of<br>**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**<br>601 Poydras Street, Suite 2775<br>New Orleans, Louisiana 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>*Defendants' Liaison Counsel*<br><br>*/s/ Gary M. Zwain*<br>Lawrence J. Duplass, Bar No. 5199<br>Gary M. Zwain, Bar No. 13809<br>Andrew D. Weinstock, Bar No. 18495<br>Of<br>**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock**<br>3838 N. Causeway Blvd., Suite 2900<br>Metairie, Louisiana 70002<br>Telephone: (504) 832-3700<br>Facsimile: (504) 837-3119<br>Attorneys for Board of Commissioners for the Lake Borgne Basin Levee District | */s/Joseph M. Bruno*<br>Joseph M. Bruno, Bar No. 3604<br>Scott Joanen, Bar No. 21431<br>**The Law Office of Joseph M. Bruno**<br>855 Baronne Street<br>New Orleans, LA 70130<br>Telephone: (504) 525-1335<br>Facsimile: (504) 561-6775<br><jbruno@jbrunolaw.com><br>*Plaintiffs' Liaison Counsel*<br><br>*/s/Thomas P. Anzelmo*<br>Thomas P. Anzelmo, Bar No. 2533<br>Mark E. Hanna, Bar No. 19336<br>Kyle P. Kirsch, Bar No. 26363<br>Andre J. Lagarde, Bar No. 28649<br>Of<br>**McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel**<br>3445 N. Causeway Boulevard, Suite 800<br>Metairie, Louisiana 70002<br>Telephone: (504) 831-0946<br>Facsimile: (504) 831-2492<br><br>And |

919604v.3

| | |
|---|---|
| */s/Robin D. Smith*<br>Robin D. Smith<br>Trial Attorney<br>Torts Branch, Civil Division<br>**U.S. Department of Justice**<br>P.O. Box 888<br>Benjamin Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-4289<br>Facsimile: (202) 616-5200<br>Attorneys for United States<br><br><br>*/s/Charles M. Lanier*<br>Charles M. Lanier, Bar No. 18299<br>**Christovich & Kearney, LLP**<br>Suite 2300<br>Pan American Life Center<br>601 Poydras Street<br>New Orleans, Louisiana 70130-6078<br>Telephone: (504) 561-5700<br>Attorney for Sewerage & Water Board<br>of New Orleans<br><br><br>*/s/ William D. Treeby*<br>William D. Treeby, Bar No. 12901<br>Carmelite M. Bertaut, Bar No. 3054<br>Heather S. Lonian, Bar No. 29956<br>        Of<br>**S**TONE **P**IGMAN **W**ALTHER **W**ITTMANN **L.L.C.**<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>Telephone:  (504) 581-3200<br>Facsimile:   (504) 581-3361<br>and<br>Adrian Wager-Zito<br>**Jones Day**<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>Telephone:  (202) 879-3891<br>Facsimile:  (202) 626-1700<br>Attorneys for Washington Group<br>International, Inc., a division of URS<br>Corporation | James L. Pate, Bar No. 10333<br>Ben L. Mayeux, Bar No. 19042<br>Of<br>**Laborde & Neuner**<br>One Petroleum Center, Suite 200<br>1001 West Pinhook Road, Suite 200<br>Post Office Drawer 52828<br>Lafayette, Louisiana 70505-2828<br>Telephone: (337) 237-7000<br>Attorneys for the<br>Board of Commissioners for the<br>Orleans Levee District<br><br>*/s/ John D. Aldock*<br>John D. Aldock<br>Mark S. Raffman<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 346-4240<br><br>Derek A. Walker, Bar No.13175<br>Robert B. Fisher, Jr., T.A. Bar No.  5587<br>**CHAFFE McCALL, L.L.P.**<br>2300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163-2300<br>Telephone: (504) 585-7000<br><br>Daniel A. Webb, Bar No. 13294<br>**SUTTERFIELD & WEBB, LLC**<br>650 Poydras Street, Suite 2715<br>New Orleans, LA 70130<br>Telephone: (504) 598-2715<br><br>**ATTORNEYS FOR<br>LAFARGE NORTH AMERICA INC.** |

919604v.3