UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*      05-5531<br>*Mumford v. Ingram*  05-5724<br>et, al | * * * | |
| | * * | JUDGE<br>STANWOOD R. DUVAL, JR. |
| | * * * | MAG.<br>JOSEPH C. WILKINSON, JR. |

### PROPOSAL BY BARGE PLSC OF CASE MANAGEMENT

In the March 7, 2008 status conference in encaptioned matter, The Court proposed that all counsel meet and prepare a joint case management proposal setting forth the areas of agreement and disagreement between the parties. Counsel participated in such a meeting at Stone Pigman on April 27, 2008, at which it became clear that the Barge PSLC has little in common with the Lafarge-MRGO Plaintiffs contingent, or with other parties in attendance. At that time, the Barge PSLC - for the first time - was presented with a Scheduling and Trial Plan obviously familiar to the represented Defendants which commenced with Class certification issues and would have committed the Barge PSLC to the impossible task of class document production and class certification expert reports on May 1, and May 12, 2008, respectively. See Exhibit "A" attached.  Rather, the Barge PSLC favors a schedule more closely approximating that proposed by the Court before the March 7, 2008 status conference. The linear, joint progression sought by the Court requires fusion of disjointed opinions. Therefore, this proposal is made on behalf of the Barge plaintiffs, with the

EXHIBIT A

defendants proposal attached hereto.

It was the understanding of the Barge PSLC, from your Honor's comments that the submission was to consider methods and timing of moving the case forward. Particularly, a two phase bifurcated trial was discussed. First, the trial of liability and causation of the flooding in the Class Area as to selected, agreed plaintiffs from the Barge and MRGO groups, followed by a trial on the class issues as to both groups.

Until the transfer of the Lafarge aspect of this case from Section "C' to Section "K" in late 2007, the Barge PSLC, under Judge Berrigan's Case Management Order, was dealing with the issue of wall failure and flooding causation with class action considerations not to become an issue until October 1, 2008, and, accordingly, the Barge PSLC was concentrating on the critical issue at hand, while at the same time lining up experts and witnesses to meet the class action issues on the horizon. See Exhibit "B" attached.    Accordingly, at the Stone Pigman meeting there was really nothing for the Barge PSLC to agree on when presented with a proposed case management order prepared without its participation; which, in essence, would deprive it and its putative class members of a reasonable opportunity to prepare for the selected issues to be tried, with sufficient notice in advance to create as level a playing field as possible.

The Barge PSLC agree to try negligence and causation of the flooding in the Class Area, first and then address class certification and a class trial. Of course it is the Court's choice and decision in what manner the case shall proceed. The Barge PSLC just needs sufficient notice to enable it to be properly prepared, should the court choose to address class certification preliminarily. The Barge PSLC would be prepared to try either at this time if it had been in this case as long as the defendants and the MRGO plaintiffs. The Barge PSLC believes that the trial of certain selected cases as addressed by your Honor at the March 7, 2008 status conference would be potentially more

beneficial in that it might lead resolution of liability or to a settlement without the expense and delay of class status litigation.

The Barge PSLC sought, without success, to restructure the Defendants' case management proposal and came to the conclusion that it would be better and hopefully of more assistance to your Honor to make our position known independently.    In response to your Honor's request of March 7, 2008, the Barge PSLC hereby proposes a phased trial plan: In summary, the Barge PSLC propose: 1) resolution of issues of governmental/contractor immunity; 2) a trial of one or more plaintiffs from the Barge Group, MRGO Group and Robinson Group[1] to determine issues of negligence and causation[2] of the flooding in the Class Area and the breach of the INHC Floodwall and/or the MRGO levee.[3]  In due course, thereafter, the court should address issues of class certification and a class trial.

Accordingly, the proposed scheduling order set forth by the court, with minor changes, is acceptable to the barge PSLC, as set forth hereinafter:

| | |
|---|---|
| April 30, 2008 | Preliminary Witness (including expert witnesses) and Exhibit Lists shall be filed for all parties in MRGO and Barge |
| August 1, 2008 | Plaintiff's Merit Expert Reports on liability and causation of the flooding in the Class Area (but not class damages expert reports) shall be due for all parties in MRGO and Barge |

---

[1] It is clear there is commonality in that the Barge Group, MRGO Group and some of the Robinson Group sustained damages in the same, overlapping, geographical area bounded by the INHC, Paris Road, 40-Arpent Canal and Mississippi River.

[2] Bifurcation trial of negligence and causation would render moot defendant, Lafarge's 7th Amendment concerns. See *Barge Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 ,628 ( 5th Cir. 1999), *cert denied*, 528 U.S. 1159 (2000), and the Barge P.S.L.C.'s March 7, 2008, Preliminary Response to the Memorandum of Lafarge North America Inc., as to the February 28, 2008 and March 4, 2008 Orders (doc. # 11576), at pp. 5-7 and 9-10, and the attachments thereto.

[3] **In addition, Barge PSLC would be agreeable, should the court desire, to including in the negligence/causality trial the extent of flood from each claimed source.**

| | |
|---|---|
| September 15, 2008 | Defendant's Merit Expert Reports on liability and causation of the flooding in the Class Area (but not class damages expert reports) shall be due for all parties in MRGO |
| October 7, 2008 | Final Witness, Exhibit List all parties and plaintiff Reply Expert reports shall be filed in MRGO and Barge. |
| October 31, 2008 | Merit Discovery Completed, including all expert depositions. |
| November 14, 2008 | All substantive and *Daubert* motions shall be filed for all parties in MRGO and Barge |
| December 1, 2008 | All oppositions to substantive and *Daubert* motions shall be filed |
| December 8, 2008 | All reply briefs to substantive and *Daubert* motions shall be filed |
| December 17, 2008 | Hearing on All Substantive and *Daubert* Motions-at 10:00 a.m.; use this date for noticing such motions |
| December 19, 2008 | Joint Proposed Trial Plan for MRGO and Barge to be filed. |
| January 5, 2009 | Pre-Trial Order for Trial of liability and causation of the flooding in the Class Areas in MRGO and Barge |
| January 7, 2009 | Pre-Trial Conference |
| January 8, 2009 | Trial to commence at 8:30 a.m. with counsel to arrive at Court in Chambers conference at 8:00 a.m. |
| January 12, 2009 | Plaintiffs' Class Certification Expert Reports Due |
| February 17, 2009 | Defendants' Class Certification Expert Reports Due |
| March 2, 2009 | All class certification discovery, including expert and fact depositions to be completed |
| April 1, 2009 | Memoranda due by plaintiffs on class certification |
| April 15, 2009 | Defendants and 3rd party defendants opp to class certification |
| May 1, 2009 | Plaintiffs' Reply to Cert Opp |

| | |
|---|---|
| May 13, 2009 | Class Certification Hearing to commence at 10:00 a.m. |
| | (Opt out period to be established timely consistent with Trial date below) |
| May 29, 2009 | Pre-Trial Order for Trial of Classwide Damages in MRGO and Barge |
| June 4, 2009 | Pre-Trial Conference |
| June 15, 2009 | Trial to commence at 8:30 a.m. with counsel to arrive at Court in Chambers conference at 8:00 a.m. |

Respectfully submitted,

WIEDEMANN & WIEDEMANN

LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

LAW OFFICE OF BRIAN A. GILBERT

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs
Barge Plaintiffs' Liaison

PATRICK J. SANDERS (18741)
Attorney at Law
3123 Ridgelake Drive, Suite B
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

RICHARD T. SEYMOUR (D.C. Bar #28100)
The Law Office of Richard T. Seymour, PLLC
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C.   20036-4129


ALAN L. FUCHSBERG (N.Y.S.B.A #1755966)
LESLIE D. KELMACHTER (N.Y.S.B.A. #1795723)

The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
New York, NY   10110


LAWRENCE A. WILSON (N.Y.S.B.A. 2487908)
DAVID DRUCKER (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
233 Broadway, 5th Floor
New York, NY   10279


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this ____ day of April, 2008.

\s\Brian A. Gilbert

DRAFT WORK PRODUCT DOCUMENT AS OF MARCH 25, 2008

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL |
|---|---|---|
| PERTAINS TO: MRGO/BARGE/LEVEE--ALL CLASS ACTIONS | § § § § § § | MAG. WILKINSON |

**Scheduling Plan and Trial Plan Pursuant to Judge Duval's Order for BARGE/MRGO and LEVEE cases In re: Katrina--CA 05-4182**

| Event | Agreed Dates | Defendants' Dates | Plaintiffs' Dates |
|---|---|---|---|
| BARGE Plaintiffs' Motion for Class Certification, with specifics required by Judge Duval's Order of January 25, 2008, doc. no. 10881, dismissed as premature by doc. no. 11527 | Within ten (10) days of the entry of a revised scheduling order | | |
| Monthly Preliminary Witness/Exhibit Lists for Class Certification and Merits in BARGE/MRGO/LEVEE | 20th of each month | | |
| Any defendant may move for summary judgment on or after this date, motion to be noticed for hearing in accordance with court procedures such that | April 1, 2008 | | |

| plaintiffs are given two weeks to prepare opposition memoranda. | | | | |
| DEADLINE for document production of all parties in MRGO/LEVEE | May 1, 2008 ✓ | | | |
| BARGE Plaintiffs' Class Certification Expert Reports | May 12, 2008 | | | |
| BARGE Parties final witness list, facts and experts for class certification | July 7, 2008 | | | |
| BARGE Defendants' Class Certification Expert Reports | July 14, 2008 | | | |
| BARGE Class Certification Discovery, facts and expert, closes | August 11, 2008 | | | |
| Daubert Motions, all parties, on Class Certification, BARGE | August 18, 2008 | | | |
| BARGE Parties final exhibit list for class certification hearing | August 18, 2008 | | | |
| Oppositions to Daubert Motions | August 25, 2008 | | | |
| Hearing on BARGE Daubert Motions, Class Certifications | September 10, 2008 | | | |
| BARGE Plaintiffs' Memoranda on class certification | September 15, 2008 | | | |
| BARGE Defendants' Memoranda opposing class certification | November 10, 2008 | | | |
| BARGE Plaintiffs' Reply on Class Certification | November 24, 2008 | | | |
| Deadlines for Barge deposition designations and visual aids for class cert hearing. | December 1, 2008 | | | |
| Class Certification Hearing, to commence at | December 8, 2008 | | | |

- 2 -

916410v.4

| | | | |
|---|---|---|---|
| 10:00 a.m. for BARGE-MRGO-LEVEE | | | |
| Status conference to discuss the scope and contour of June 15, 2009 Trial(s) (whether individual trial or Class Trial) [If not a class trial, the Parties will have cooperated (once it is clear that these are individual trials) to select individual cases that would be instructive to all the parties as to the relative strengths and weaknesses of their cases, without binding any parties other than those before the Court.] | January 15, 2009 | | |
| Final merits fact and expert witness lists, all parties in all case categories | February 16, 2009 | | |
| Completion of all merits written discovery and merits fact witnesses depositions in BARGE/MRGO/LEVEE | March 9, 2009 | | |
| All Plaintiffs' merits experts reports due (All Case categories) | March 16, 2009 | | |
| All Defendants' merits experts' reports due (All Case categories) | April 13, 2009 | | |
| Close of all experts' depositions (All Case categories) | April 27, 2009 | | |
| Final Exhibit Lists all parties | April 29, 2009 | | |
| Objections to Exhibits, all parties | May 4, 2009 | | |
| All Merits Daubert Motions (All case categories) | May 11, 2009 | | |
| Hearings on Objections | May 13, 2009 | | |

916410v.4

| | | | |
|---|---|---|---|
| to Exhibits, all parties | | | |
| Daubert Motion Oppositions | May 18, 2009 | | |
| Daubert Hearings | May 27, 2009 | | |
| Pre Trial Order for trial(s) | May 29, 2009 | | |
| Deposition designations and proposed visual aid designations exchanged, for trial, all parties, all case categories | May 29, 2009 | | |
| Pre Trial Conference for trial(s) | June 4, 2009 | | |
| Bench books of exhibits, proposed jury instructions and other jury trial requirements | June 8, 2009 | | |
| Objections to deposition testimony; submit visual aids; object to visual aids | June 10, 2009 | | |
| Beginning of Merits Trial(s), see January 15, 2009. | June 15, 2009 | | |
| | | | |

916410v.4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING 4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION<br>*<br>* NO. 05-4419, C/W 05-4237, C/W 05-5531,<br>* C/W 05-5724, C/W 06-3313, C/W 06-5342,<br>* C/W 06-5054, C/W 06-6299, C/W 06-7516<br>*<br>* SECTION "C" (2)<br>*<br>* JUDGE HELEN G. BERRIGAN<br>*<br>* MAG. JUDGE JOSEPH C. WILKINSON, JR. |

### [PROPOSED] ORDER CONCERNING CASE MANAGEMENT

**A. Schedule of Further Proceedings**

1. Plaintiffs in the above referenced cases shall file a single master consolidated complaint against all defendants other than the limitation petitioners by <u>September 15, 2007</u>. The master consolidated complaint will set forth the claims asserted by the plaintiffs against all such defendants; the theories of liability; the plaintiffs' contentions regarding the applicable law; the definition and scope of plaintiffs' proposed class(es); and the identity of the class representative(s) of the proposed class(es).

2. Defendants shall file their answers or other responsive pleadings by <u>October 15, 2007</u>. Additional parties may be joined at this time, provided that no undue prejudice results from their

not having participated in the Phase I proceedings regarding privity or knowledge that cannot reasonably be remedied by their participation in further proceedings.

3. Discovery may be served on all subjects and as to all parties starting <u>September 1, 2007</u>. Section B below will govern the conduct of discovery.

4. The next phase of the litigation will resolve all remaining issues with respect to the maritime petitions for limitation of liability or exoneration that have been filed in this action, including the limitation petitioners' defense related to the cause of the failure of the Inner Harbor Navigation Canal retaining wall through which the barge passed. Simultaneous with the completion of the limitation proceeding, the Court will also adjudicate any other defendant's motion for summary judgment based on the wall-failure causation issue. Such proceedings will be conducted according to the following schedule:

<u>December 14, 2007</u>: Expert reports from all Group A parties on wall-failure causation and any other limitation/exoneration issues due. The Court declines to order limits at this time on the number of experts who may be identified by any party, but instructs all parties to avoid duplication and cumulation of expert testimony.

<u>January 14, 2008</u>: Expert reports from all Group B parties on wall-failure causation and any other limitation/exoneration issues due. Expert depositions may be conducted starting on this date.

<u>March 14, 2008</u>: Close of fact and expert witness discovery on wall-failure causation and any other limitation/exoneration issues.

<u>April 11, 2008</u>: Deadline for any motions for summary judgment by the limitation petitioners on limitation/exoneration issues other than wall-failure causation. The deadline for the opposition to any such motion, and the date for hearing on any such motion, shall be set in accordance with the applicable local rules.

<u>April 14, 2008</u>: Defendants' motions for summary judgment (and supporting memoranda) on wall-failure causation due.

<u>May 7, 2008</u>: Plaintiffs' memoranda in opposition to defendants' motion for summary judgment on wall-failure causation due.

<u>May 29, 2008</u>: Defendants' reply memoranda on motion for summary judgment

on wall-failure causation due.

<u>July 2, 2008</u>: Pre-trial briefs and witness and exhibit lists due for bench trial on all remaining limitation/exoneration issues.

<u>July 15, 2008</u>: Combined hearing on defendants' summary judgment motion on wall-failure causation and bench trial on all remaining limitation/exoneration issues.

5. If the Court does not dispose of the case in the limitation/exoneration and summary judgment phase, then class certification proceedings will go forward as to any remaining parties according to the following schedule:

<u>October 1, 2008</u>: Plaintiffs' class certification motion and brief due, including any expert affidavits and/or reports.

<u>November 14, 2008</u>: Defendants' class certification opposition brief due, including any expert affidavits and/or reports.

<u>December 15, 2008</u>: Plaintiffs' reply memorandum in support of class certification due.

<u>January 13, 2009</u>: Hearing on class certification.

6. Following the completion of class certification proceedings, the Court will enter an order providing for the conduct of further proceedings, including whether any further phasing is required. In accordance with the Court's previous ruling (Rec. Doc. 618), the Court declines to sever the third-party claims asserted against the United States and other governmental entities from the plaintiffs' first-party claims against the barge defendants.

**B. Provisions Governing Discovery**

1. <u>Limits on discovery based on Phase I proceedings</u>. To the extent that discovery was had in Phase I, through depositions or written discovery, there shall be no duplication. Witnesses who were deposed in Phase I are not subject to further deposition except by stipulation or by order of this Court based on a specific showing of need, and any examination of such witnesses is limited to those specific subjects for which need has been shown.

3

2. <u>Limits on the number of written discovery requests</u>. Group A and Group B are limited to 35 interrogatories, 35 document requests, and 35 requests to admit per side. As provided in the Court's previous scheduling order (Rec. Doc. 210 at 2-3), Group B defendants may serve discovery on other Group B defendants by stipulation or, if necessary, through the filing of appropriate motions. Discovery concerning third-party claims is governed by Paragraph 6 below.

3. <u>Limits on the number of depositions</u>. The Court declines to impose limits on the number of depositions at this time, pending identification by the parties of witnesses who may be called to testify on the remaining limitation/exoneration issues and whose depositions are required for purposes of summary judgment and/or class certification.

4. <u>Issues relating to electronically stored information</u>. Electronically-stored information produced in discovery may be produced in such format as the parties may stipulate.

5. <u>Claims of privilege or protection as trial-preparation material</u>. Claims of privilege and work product protection shall be made per Fed. R. Civ. P. 26(b)(5) and the accompanying Advisory Committee comments. The parties may stipulate to protection against inadvertent waiver as allowed by the Rules.

6. <u>Discovery relating to third-party claims</u>. In order to avoid duplication and unnecessary expense, each third-party defendant shall within 45 days produce all of the documents, interrogatory answers, and other materials that such third-party defendant has produced or hereafter produces in discovery in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (including consolidated cases). Similarly, each third-party plaintiff shall within 45 days produce all of the documents, interrogatory answers, and other materials that such third-party plaintiff has produced or hereafter produces in this case. The parties to the third-party claims

shall review such materials and, prior to serving any additional discovery requests on any other party to the third-party claims, shall confer with such other party concerning the scope of the proposed additional discovery requests. Discovery relating to third-party claims shall not be duplicative or cumulative of discovery taken in *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (including consolidated cases), or in this case.

_____
United States District Judge