# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

# PRIVILEGE LOG OF BARGE PLAINTIFFS

Barge Plaintiffs hereby provide this Privilege Log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) in response to the Barge Entities' discovery requests.  This privilege log is subject to all of the Barge Plaintiffs' General Objections, and General Response and Reservations, and in providing this Privilege Log, Barge Plaintiffs do not concede that any document in each category logged is relevant to this litigation.  Barge Plaintiffs reserve the right to supplement this Privilege Log if they locate additional responsive documents, or if the Court orders production of documents in areas where Barge Plaintiffs have lodged objections.

Barge Plaintiffs have employed invocations of privilege by category of document or communication protected by the attorney-client privilege and work product doctrine, as permitted by Rule 26(b)(5) and the accompanying comments.  It would be overly-burdensome for Barge

Plaintiffs to log separately each such document and communication.  The information provided describing each category of document is intended to enable defendants to assess the applicability of the privilege or protection.  The accompanying declaration of Brian A. Gilbert describes how each category of document came to be created or selected by counsel, after August 29, 2005, for the purpose of investigating and prosecuting claims related to Barge ING 4727.

Barge Plaintiffs claim privilege or work-product protection for the following categories of documents:  .

Category 1: Communications between counsel and clients regarding the subject matter of the representation, for the purpose of furnishing or obtaining legal advice, directly related to the prosecution of the rights of the clients in anticipation of litigation, within the scope of the representation, and not published to third parties.  The only persons with access to these documents have been Barge P.S.L.C. counsel and their staff.

Category 2: Notes, memoranda or other records created after August 29, 2005 by Barge Plaintiffs' counsel containing counsel's opinions or analyses related to the breakaway of ING 4727, the movements of ING 4727 during Katrina, the causes or occurrences of the levee breaches on the eastern side of the Inner Harbor Navigation Canal, damages, class definitions, tactics, strategies and planning, prepared for the purpose of investigating and prosecuting claims related to ING 4727.  The only persons with access to these documents have been Barge P.S.L.C. counsel, their staff, and in some instances expert witnesses or consultant retained by Barge P.S.L.C. counsel with respect to this litigation, under the provisions of the Master Protective Order entered herein on May 29, 2007 (Doc. # 5393), made applicable to this case by paragraph V(B)(2) of Case Management and Scheduling Order No. 5, entered herein on Sept. 18, 2007 (Doc. # 7724).

Category 3:  Notes, memoranda or other records created after August 29, 2005 by Barge

Plaintiffs' attorneys concerning or related to client interviews (in person, in writing, or by telephone) conducted in the course of and for the purpose of investigating and prosecuting claims related to ING 4727. (Note: Barge Plaintiffs have provided to defense counsel a list, accurate up to and including the date on which it was provided, of all retained clients not named in any Complaints contained in the Barge track of this litigation.) The only persons with access to these documents have been Barge P.S.L.C. counsel and their staff.

Category 4: Notes, memoranda, communications to counsel created after August 29, 2005 by Barge Plaintiff's counsel or representatives concerning inspections and observations in the course of and for the purpose of investigating claims related to ING 4727. The only persons with access to these documents have been Barge P.S.L.C. counsel and their staff.

Category 5: Communications and drafts of documents among counsel, or between counsel and the experts plaintiffs have retained. As to the experts, these documents are subject to the provisions of the Master Protective Order entered herein on May 29, 2007 (Doc. # 5393), made applicable to this case by paragraph V(B)(2) of Case Management and Scheduling Order No. 5, entered herein on Sept. 18, 2007 (Doc. # 7724).

Please note that Plaintiffs have produced, and are not claiming privilege, for any of the following:

(a) Photographs, videos and visual evidence of ING 4727, the Lafarge facility, and mooring lines taken after August 29, 2005 by Plaintiffs' counsel and/or representatives for the purpose of investigating and prosecuting claims related to ING 4727. All such materials have been produced to defendants. Defendants may inspect such evidence in plaintiffs' counsel's possession to reassure defense counsel of complete production of these materials.

(b) Photographs, videos and visual evidence of the ING 4727 taken after August 29,

2005 that came into plaintiffs' counsel's custody, control or possession through litigation preparation and litigation related activities of plaintiffs' counsel after August 29, 2005.Such materials to be used at trial have been produced to defendants.  Defendants may inspect such evidence in plaintiffs' counsel's possession to reassure defense counsel of complete production of these materials.

(c) Photos, videos and visual evidence of the affected areas and properties selected and gathered after August 29, 2005, by plaintiffs' counsel for the purpose of investigating and prosecuting claims related to ING 4727.  Defendants asked that plaintiffs not produce all such materials due to their numerosity.  Defendants may inspect such evidence in plaintiffs' counsel's possession to reassure defense counsel of complete production of these materials.

(d)  Photos, videos and visual evidence of the affected areas and properties selected and gathered after August 29, 2005 by named plaintiffs and clients or their families, all of which may be used in trial.  Defendants asked that plaintiffs not produce all such materials due to their numerosity.  Defendants may inspect such evidence in plaintiffs' counsel's possession to reassure defense counsel of complete production of these materials.

(e)  Compilations of materials such as media clippings, broadcasts and internet content, and government records, gathered or assembled after August 29, 2005 by plaintiffs' counsel in the course of and for the purpose of investigating and prosecuting claims related to ING 4727.  Such materials to be used at trial have been produced to defendants. Defendants may inspect such evidence in plaintiffs' counsel's possession to reassure defense counsel of complete production of these materials.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,
        adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com, ___
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235
    Facsimile:  212-398-1532
    e-mail: a.fuchsberg@fuchsberg.com,
    l.kelmachter@fuchsberg.com

Dated: April 7, 2008

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 7 day of April, 2008.

\s\Brian A. Gilbert