# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION | |
| | * | | |
| | * | NO. 05-4182 | |
| PERTAINS TO: BARGE | * | and consolidated cases | |
| | * | | |
| | * | SECTION "K" (2) | |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAG. |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | | |

## AFFIDAVIT OF BRIAN A. GILBERT ON BEHALF OF BARGE P.S.L.C. IN SUPPORT OF BARGE PLAINTIFFS' PRIVILEGE LOG

Before me, the undersigned, came and appeared:

## BRIAN A. GILBERT

who, first being duly sworn, did depose and state:

1.    That this affidavit is made pursuant to Fed. R. Civ. P. 26(b)(5), for the purposes of providing evidentiary support for claims of privilege.

2.    That he is an attorney retained by Mumford and Boutte plaintiffs in the above encaptioned matter, is Barge Plaintiffs' Subgroup Litigation Committee Liaison Counsel, and a member of the Preliminary Plaintiffs' Master Committee herein.

3.    That the statements herein are based upon personal knowledge and on records created during

1

the course of affiant's work in this matter.

Co-committee members, co-counsel, staff and representatives:

4.    The Barge P.S.L.C. consists of the undersigned affiant, and attorneys Lawrence D. Wiedemann, Karen Wiedemann, Karl Wiedemann, Patrick J. Sanders, Lawrence A. Wilson, David Druker, Leslie Kelmachter, and Richard T. Seymour, all of whom are additionally associated in the Mumford and Boutte matters.

5.    Additionally, attorneys Chet Kern and Alan Fuchsberg are attorneys associated with the Barge PSLC attorneys, and in the Mumford and Boutte matters.

6.    Each of the foregoing attorneys maintain law practices known as the Law Office of Brian A. Gilbert, Wiedemann & Wiedemann, Patrick J. Sanders Attorney at Law, Wilson, Grochow, Druker and Nolet, The Jacob Fuchsberg Firm, The Law Office of Richard T. Seymour, and The Law Office of Chet Kern, and each of the foregoing employ various other attorneys and/or staff members.

Activities in Anticipation of Litigation and for
Trial and/or Which Generated Attorney Work Product

7.    The Law Office of Brian A. Gilbert, Patrick J. Sanders Attorney at Law, and Wiedemann & Wiedemann became cognizant of the facts and potential claims underlying this matter during the first week of September 2005, and immediately began first-hand investigation and generation of proof, as well as devising legal tactics and strategies, for the sole purpose of prosecuting this litigation.

8.    The above said activities have been continuous since their inception, and have grown to include the additional attorneys and their staff members identified or described herein.

2

9.  These activities gave rise to and underlie the Mumford matter filed herein by Gilbert, Sanders, and Wiedemann & Wiedemann, and which continue through efforts of the other aforementioned attorneys, their offices and staff.

10. Undersigned affiant is personally aware of other attorneys, their offices and staff, including Burgos and Evans, F. Gerald Maples, Carlos Zelaya, Stephen Wiles, Cochran Firm, Richard Joseph Guidry, Ashton O'Dwyer, and John Musser, who have also filed lawsuits, namely, the Boutte, Benoit, Lagarde, Parfait and Perry matters consolidated herein with Mumford.

11. Eventually, Gilbert, Sanders and Wiedemann & Wiedemann assumed representation of the Boutte plaintiffs, and have, along with other members and associates of the Barge PSLC, and their staff, performed the same activities with respect to Mumford for the sole purpose of prosecution.

12. Affiant and said Barge PSLC counsel, associates, and their staff, have performed activities in confidential and exclusive collaboration with the plaintiffs' attorneys and their staff in Benoit, Lagarde and Parfait, for purposes of prosecuting the Barge track of cases consolidated herein.

13. The Barge PSLC has additionally and retained consulted experts including Lt. Cmdr. Don Green, Aurora Environmental, Raymond C. Helmer, Hector Pazos, Robert Bartlett, Ronald Kessler, Don Coker, John Kilpatrick, Genarro Marino, Melvin Spinks, and is engaged in confidential communication with others,    to whom the Barge PSLC has confidentially provided privileged information for the sole purpose of assisting with prosecution of this matter.

14. That privileged information has not been shared with any person or entity not heretofore

3

named or described herein.

Privileged Information Withheld

15.     The Barge Plaintiffs' claims of privilege and work product protection concern client communications, information gathered, and documents and things created since the inception of their attorney's activities in investigating and prosecuting this matter.

16.     The Barge Plaintiffs do not claim protection of information or things as to which privilege is expressly waived or withdrawn in plaintiffs' discovery responses, or as to information and things provided to the defense.

17.     Privilege protects any and all written and oral communications between plaintiffs' counsel and their clients relative to the subject matter for the purpose of furnishing or obtaining legal advice relevant to the prosecution of this matter, within the scope of the representation, and not published to third parties. Said items are withheld in accord with law and the governing CMO in this matter, and have not been shared outside the Barge PSLC, plaintiffs' counsel, their associates and staff.

18.     Privilege protects any and all notes, memoranda, communications, writings and memorializations created by Plaintiffs' Counsel and/or their staff and/or representatives concerning attorney research, investigation, opinions, mental impressions, tactics, strategies and planning in the prosecution of this matter. Said items are withheld in accord with law, and have not been shared with anyone outside of the Barge PSLC and its associates and staff.

19.     Privilege protects any and all communications between the Barge PSLC and experts in this matter relative to its prosecution, as per law, the governing CMO, and Master Protective Order herein, and have been accordingly withheld.

Undersigned affiant declares under penalty of perjury that the foregoing is true and correct
to the best of his knowledge and belief.

_____

Brian A. Gilbert

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, this 7 day of

April, 2008.

Notary Signature: _____

Printed Name and Bar No.: Lawrence D. Wiedemann 13457

My commission expires at death.

5