**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **NO. 05-4182 "K"(2)** |
| | * | |
| **PERTAINS TO: ROAD HOME** | * | **JUDGE DUVAL** |
| Louisiana State C.A. No.: 07-5528 | * | **MAGISTRATE WILKINSON** |

**********************************************

### AFFIDAVIT OF DANIEL A. REES

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**BEFORE ME,** the undersigned Notary Public, duly commissioned, qualified, and sworn in

for the State and Parish aforesaid, personally came and appeared:

### DANIEL A. REES

who did depose and state:

1. I am of full age of majority and domiciliary of the sovereign State of Louisiana;

2. I am legal counsel for the Disaster Recovery Unit, Office of Community Development, Division

of Administration, State of Louisiana. I have personal knowledge of the facts, circumstances and

history of the State's action against numerous insurance companies for the recovery of funds

awarded under The Road Home Program which is the subject of the above-captioned matter;

3. The Disaster Recovery Unit, Office of Community Development ("DRU - OCD") oversees and

administers The Road Home Program for the State;

4. The Road Home Program is a state program that provides money in the form of grants to eligible

individual Louisiana homeowners to compensate them for the damage to their homes caused by

Hurricanes Katrina and Rita;



**EXHIBIT**

1

5. Individual Louisiana homeowners apply for grants from The Road Home Program by submitting an application;

6. The application process includes a disclosure by the applicant to the State of all insurance proceeds received for damage to the primary dwelling under any flood, homeowners or wind insurance policy for the applicant's primary residence.

7. Each application goes through an approval process to determine the total amount of grant funds to be awarded to an applicant;

8. An applicant may be awarded up to $150,000.00 in total grant funds from The Road Home Program;

9. After an application is approved, the applicant must attend a closing before any grant award is disbursed. Following the closing, an applicant becomes a grant recipient under The Road Home Program;

10. At the closing, each applicant is required to execute a document entitled "The Road Home/Limited Subrogation/Assignment Agreement;

11. The Agreement was drafted by attorneys retained for the implementation of the Road Home Program and attorneys for DRU - OCD. None of those attorneys are counsel of record in this matter or at those firms. The first edition of the subrogation document is attached as Exhibit A and the second (current) edition of the subrogation document is attached as Exhibit B.;

12. The Agreement provides the State, in part, with an assignment and subrogation of the recipient's interest and rights, up to the amount of the Road Home grant, in any future insurance proceeds obtained by the individual homeowner for reimbursement of structural damage to his or her primary residence;

13. The Agreement also provides that an individual grant recipient must obtain the State's approval

to any settlement between the recipient and his or her insurer, unless the settlement will provide the State reimbursement of the full amount of the grant awarded to the recipient;

14. The criteria utilized by DRU-OCD for analysis of settlements for the purposes of consent to settlement and amounts to be remitted to the DRU-OCD was prepared without any input or guidance from any of the private independent counsel authorized by the Attorney General to pursue this action;

15. To date, the DRU - OCD has reviewed and approved numerous settlements submitted by recipients and their insurers.

16. The Division of Administration, of which DRU – OCD is an office, is the only state entity or agency which has the legal right under the Agreement to approve or consent to any settlement submitted by any recipient;

17. To date, the DRU - OCD or individuals acting under the direction and authority of the DRU - OCD have conducted all negotiations for the State regarding the State's reimbursable portion of each individual homeowner's/recipient's settlements;

18. All written consents and releases from the State that are necessary or required to effectuate any settlement between any applicant or recipient and his or her insurer have been executed by the DRU - OCD only;

19. I am aware that the Attorney General's Office has authorized eight private independent firms Fayard & Honeycutt, A.P.C., Domengeaux, Wright, Roy & Edwards, McKernan Law Firm, The Dudenhefer Law Firm, Ranier, Gayle & Elliot, LLC, Paul G. Aucoin, Attorney at Law, Murray Law Firm and Gauthier, Houghtaling and Williams to pursue the State's rights to recover any and all funds due pursuant to the Agreement from any property and casualty insurance policy. No member of these firms has ever negotiated for the State with an insurer what the State's reimbursable portion

of any settlement submitted for approval is or should be; and

20. I am unaware of any instance in which any member of the above listed private independent firms ever negotiated for the State with any applicant or recipient what the State's reimbursable portion of any settlement submitted for approval is or should be. On at least one occasion, specifically in the *Lemaire v. State Farm* case, I did request information and documentation from Frank Elliot of the Ranier, Gayle & Elliot firm, including a copy of the retainer contract, adjusters' reports, the complaint, and the proof of loss filed by the plaintiffs in that action, consistent with the DRA - OCD's established protocol for approving settlements at that time. The DRU - OCD was solely responsible for determining the State's approval of this settlement. Mr. Elliot never negotiated the State's reimbursable portion of this settlement and/or the approval of this settlement for the State. In fact, another attorney outside of Mr. Elliot's firm was identified as the proper person for the DRU - OCD to discuss and negotiate any specifics regarding the State's approval of that particular settlement.

WITNESSES:

Name  TERRI REDMANN

Name

DANIEL A. REES

**SWORN TO AND SUBSCRIBED** before me, this 7TH day of April, 2008, in the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

PATRICK KELLER, NOTARY PUBLIC
LSBA # 23404

**THE ROAD HOME**
**SUBROGATION/ASSIGNMENT AGREEMENT**

In consideration of my/our receipt of funds under *The Road Home* program for Hurricane Katrina/Hurricane Rita victims (the *"Program"*) being administered by the Office of Community Development, Division of Administration, State of Louisiana, I/we hereby assign to the State of Louisiana, Division of Administration, Office of Community Development (the *"State"*), to the extent of the grant proceeds awarded or to be awarded to me under the Program, all of my/our claims and future rights to reimbursement and all payments hereafter received or to be received by me (a) under any policy of casualty or property damage insurance or flood insurance on the residence, excluding contents (*"Residence"*) described in my/our application for Homeowner's Assistance under the Program (*"Policies"*); (b) from FEMA, Small Business Administration, and any other federal agency (*"Federal Assistance Payments"*), arising out of physical damage to the Residence caused by Hurricane Katrina and/or Hurricane Rita. Such Policies include, but are not limited to, insurance policies characterized as homeowner's, wind, flood or any other type of casualty or property damage or hazard insurance coverage under which I/we have or may assert any claim for physical damage to the Residence. Such rights under the Policies assigned hereunder include without limitation, all of my/our rights, claims or payments to be received, representing or arising out of increased costs of compliance, penalties and attorney's fees, including without limitation penalties and attorney's fees due under the provisions of La. R.S. 22:1220 and La. R.S. 22:658, as amended. State may in its discretion pursue the claims and payments assigned to it hereunder, but shall be under no duty or obligation to me/us to do so. State in its sole discretion may settle such claims under the Policies, in such amounts and on such terms and conditions as the State may decide, including without limitation amounts which may be greater or less than the proceeds paid to we/us under the Program. For the purposes of the State's settlement of any such claims, this agreement constitutes an irrevocable power of attorney for such purposes granted by we/us to the State. The portion of my Program application describing the Policies is incorporated herein and made a part here of this reference. State acknowledges that this subrogation/assignment agreement is subject to any rights of our first mortgage lender, as a loss payee or lien holder under the Policies, if such rights exists.

I/we agree to assist and cooperate with the State should the State elect to pursue any of the claims I/we have against the insurers for reimbursement under any such policies. My/our assistance and cooperation shall include allowing suit to be brought in my/our name(s), giving depositions, providing documents, producing records and other evidence, testifying at trial and any other form of assistance and cooperation reasonably requested by the State.

If requested by the State, I/we agree to execute such further and additional documents and instruments as may be requested to further and better assign to the State, to the extent of the grant proceeds awarded or to be awarded to me under the Program, my/our policies and/or any rights thereunder, and to take, or cause to be taken, all actions and to do, or cause to be done, all things requested by the State to consummate and make effective the purposes of this Agreement.

If I/we hereafter receive any insurance payment or Federal Assistance Payments for physical damage to the Residence (not including contents), I/we agree to promptly pay such amount to the State if my/our receipt of that payment allowed me/us to receive grant proceeds under the Program in an amount greater than the amount I/we would have received if such insurance payment had been received prior to my receipt of grant proceeds.

Once the State has recovered an amount equal to the combined amounts of the grant proceeds paid to me/us, plus the State's costs of collection (including attorney's fees) incurred by the State to recover such amount, to the extent required by law State will reassign to me/us any remaining rights assigned to the State pursuant to this Subrogation/Assignment Agreement, and the State will pay to me/us any insurance proceeds recovered by the State which are in excess of such combined amount of the grant proceeds and collection costs of collection.

In any proceeding to enforce this Agreement, the State shall be entitled to recover all costs of enforcement, including actual attorney's fees and court costs.

82306.doc

1

**STATE OF LOUISIANA**

**PARISH OF** _____

**THUS DONE AND SIGNED** on the ____ day of _____, 200___, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**                                **OWNER:**

_____              _____
                                              Print Name: _____

_____              _____
                                              Print Name: _____

**NOTARY PUBLIC**
Print Name: _____
Notary No/Bar Roll No: _____
My Commission Expires: _____

82306.doc

2

**STATE OF LOUISIANA**

**PARISH OF** _____

**THUS DONE AND SIGNED** on the _____ day of _____, 200____, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**

                          **STATE OF LOUISIANA**
                          **DIVISION OF ADMINISTRATION**
                          **OFFICE OF COMMUNITY DEVELOPMENT**

_____

                          Print Name: _____
                          Title: _____

_____

                        **NOTARY PUBLIC**
                **Print Name:** _____
                **Notary No/Bar Roll No:** _____
                **My Commission Expires:** _____

82306.doc

3

## THE ROAD HOME
## <u>LIMITED</u> SUBROGATION / ASSIGNMENT AGREEMENT

In consideration of my/our receipt of funds under The Road Home program for Hurricane Katrina/Hurricane Rita victims (the <u>"*Program*"</u>) being administered by the Office of Community Development, Division of Administration, State of Louisiana, <u>subject to the provisions below</u> I/we hereby assign to the State of Louisiana, Division of Administration, Office of Community Development (the <u>"*State*"</u>), to the extent of the grant proceeds awarded or to be awarded to me under the Program, all of my/our claims and future rights to reimbursement and all payments hereafter received or to be received by me/us (a) under any policy of casualty or property damage insurance or flood insurance on the residence, excluding contents <u>("*Residence*")</u> described in my/our application for Homeowner's Assistance under the Program <u>("*Policies*")</u>; (b) from FEMA, Small Business Administration, and any other federal agency, arising out of physical damage to the Residence caused by Hurricane Katrina and/or Hurricane Rita. Such Policies include, but are not limited to, insurance policies characterized as homeowner's, wind, flood or any other type of casualty or property damage or hazard insurance coverage under which I/we have or may assert any claim for physical damage to the Residence due to Hurricane Katrina or Hurricane Rita.

Notwithstanding anything to the contrary contained herein, this is a limited subrogation and assignment, and is limited to an amount not to exceed the amount of the grant received by the undersigned under the Program, to which the State has not been reimbursed from other sources. If I/we hereafter receive any Federal Assistance Payments for physical damage to the Residence (not including contents), I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such Federal Assistance Payment prior to my receipt of grant proceeds. For Federal Assistance Payments, this assignment shall not apply to benefits specifically calculated to be in excess of the amount of my/our grant received under the Program.

If I/we hereafter receive any insurance payments for physical damage to the Residence (not including contents) caused by Hurricane Katrina or Hurricane Rita, I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such insurance payments prior to my receipt of grant proceeds. I/We hereby authorize and instruct my insurance carrier to issue any future payments for such damage jointly to me and to *La. Division of Administration/DRU*. For insurance payments, this assignment shall not apply to amounts received in excess of the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources.

I/We agree that rights to insurance proceeds assigned to the State herein shall be paid from any insurance payments I/we may receive, whether through unconditional tender by the insurance carrier, through settlement, or through judgment adverse to the insurance company, with preference and priority over any other party entitled to any portion of such proceeds, up to the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources. The State's right for recovery shall be with preference and priority as set forth above, from those portions of my/our recovery related to physical damage to the Residence and of any penalties under the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658 relating to those insurance proceeds. If I/we am now or in the future become represented by an attorney in connection with such insurance claims, I/we hereby agree that any funds received from which the State may be entitled to recovery shall by subject to Rule 1.15(e) of Louisiana Rules of Professional Conduct and hereby instruct my/our attorney to handle any such payments in compliance with that Rule.

I/We hereby agree that the State's written consent shall be required to settle any claim which would result in the State's recovering less than one hundred (100%) percent of the amount of my/our grant received under the Program. Request for such consent shall be directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit.

In the event that I/we choose to abandon, dismiss, or release the claims against my insurance company, I/we agree to provide the State thirty (30) days prior written notice directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit, to allow the State to individually pursue recovery of the rights which have been assigned to the State herein. I/we agree to assist and cooperate with the State should the State elect to pursue any of the claims I/we have against the insurers for reimbursement under any such policies. My/our assistance and cooperation shall include allowing suit to be brought in my/our name(s), giving depositions, providing documents, producing records and other evidence, testifying at trial and any other form of assistance and cooperation reasonably requested by the State.

If requested by the State, I/we agree to execute such further and additional documents and instruments as may be requested to further and better assign to the State, to the extent of the grant proceeds awarded or to be awarded to me under the Program, my/our policies and/or any rights there under, and to take, or cause to be taken, all actions and to do, or cause to be done, all things requested by the State to consummate and make effective the purposes of this Agreement.

In any proceeding to enforce this Agreement, the State shall be entitled to recover all costs of enforcement, including actual attorney's fees and court costs.

**STATE OF LOUISIANA**

**PARISH OF** _____

     **THUS DONE AND SIGNED** on the _____ day of _____, 200____, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**                     **OWNER:**

_____       _____
**Witness Signature**                    Homeowner ONE

**Print Name:**_____

_____       _____
**Witness Signature**                    Homeowner TWO

**Print Name:**_____

                          _____
                              Notary Public

                    Print Name:_____

                    Notary No./Bar Roll No._____

                    My Commission Expires:_____

**STATE OF LOUISIANA**

**PARISH OF** _____

    **THUS DONE AND SIGNED** on the _____ day of _____, 200__, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**

STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT, by First American Title Insurance Company of Louisiana, Inc., as Attorney in fact

_____
Witness Signature

Print Name:_____

By:_____
    Sign Name:

_____
Witness Signature

Name:_____
    Print Name:

Print Name:_____

Title:_____

_____
Notary Public

Print Name:_____

Notary No./Bar Roll No._____

My Commission Expires:_____

### *THE ROAD HOME*
### <u>LIMITED</u> SUBROGATION / ASSIGNMENT AGREEMENT

In consideration of my/our receipt of funds under *The Road Home* program for Hurricane Katrina/Hurricane Rita victims (the *"Program"*) being administered by the Office of Community Development, Division of Administration, State of Louisiana, <u>subject to the provisions below</u> I/we hereby assign to the State of Louisiana, Division of Administration, Office of Community Development (the *"State"*), to the extent of the grant proceeds awarded or to be awarded to me under the Program, all of my/our claims and future rights to reimbursement and all payments hereafter received or to be received by me/us (a) under any policy of casualty or property damage insurance or flood insurance on the residence, excluding contents (*"Residence"*) described in my/our application for Homeowner's Assistance under the Program (*"Policies"*); (b) from FEMA, Small Business Administration, and any other federal agency, arising out of physical damage to the Residence caused by Hurricane Katrina and/or Hurricane Rita. Such Policies include, but are not limited to, insurance policies characterized as homeowner's, wind, flood or any other type of casualty or property damage or hazard insurance coverage under which I/we have or may assert any claim for physical damage to the Residence due to Hurricane Katrina or Hurricane Rita.

Notwithstanding anything to the contrary contained herein, this is a limited subrogation and assignment, and is limited to an amount not to exceed the amount of the grant received by the undersigned under the Program, to which the State has not been reimbursed from other sources.  If I/we hereafter receive any Federal Assistance Payments for physical damage to the Residence (not including contents), I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such Federal Assistance Payment prior to my receipt of grant proceeds.  For Federal Assistance Payments, this assignment shall not apply to benefits specifically calculated to be in excess of the amount of my/our grant received under the Program.

If I/we hereafter receive any insurance payments for physical damage to the Residence (not including contents) caused by Hurricane Katrina or Hurricane Rita, I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such insurance payments prior to my receipt or grant proceeds.  I/We hereby authorize and instruct my insurance carrier to issue any future payments for such damage jointly to me and to "La. Division of Administration/DRU".  For insurance payments, this assignment shall not apply to amounts received in excess of the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources.

I/We agree that rights to insurance proceeds assigned to the State herein shall be paid from any insurance payments I/we may receive, whether through unconditional tender by the insurance carrier, through settlement, or through judgment adverse to the insurance company, with preference and priority over any other party entitled to any portion of such proceeds, up to the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources.  The State's right for recovery shall be with preference and priority as set forth above, from those portions of my/our recovery related to physical damage to the Residence and of any penalties under the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658 relating to those insurance proceeds.  If I/we am now or in the future become represented by an attorney in connection with such insurance claims, I/we hereby agree that any funds received from which the State may be entitled to recovery shall be subject to Rule 1.15(e) of Louisiana Rules of Professional Conduct and hereby instruct my/our attorney to handle any such payments in compliance with that Rule.

I/We hereby agree that the State's written consent shall be required to settle any claim which would result in the State's recovering less than one hundred (100%) percent of the amount of my/our grant received under the Program.  Request for such consent shall be directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit.

In the event that I/we choose to abandon, dismiss, or release the claims against my insurance company, I/we agree to provide the State thirty (30) days prior written notice directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit, to allow the State to individually pursue recovery of the rights which have been assigned to the State herein. I/we agree to assist and cooperate with the State should the State elect to pursue any of the claims I/we have against the insurers for reimbursement under any such policies. My/our assistance and cooperation shall include allowing suit to be brought in my/our name(s), giving depositions, providing documents, producing records and other evidence, testifying at trial and any other form of assistance and cooperation reasonably requested by the State.

If requested by the State, I/we agree to execute such further and additional documents and instruments as may be requested to further and better assign to the State, to the extent of the grant proceeds awarded or to be awarded to me under the Program, my/our policies and/or any rights there under, and to take, or cause to be taken, all actions and to do, or cause to be done, all things requested by the State to consummate and make effective the purposes of this Agreement.



In any proceeding to enforce this Agreement, the State shall be entitled to recover all costs of enforcement, including actual attorney's fees and court costs.

**STATE OF LOUISIANA**

**PARISH OF** _____

    **THUS DONE AND SIGNED** on the _____ day of _____, 200____, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**                                         **OWNER:**

_____                    _____
Witness Signature                                       Bob B Buyer

Print Name:_____

_____                    _____
Witness Signature                                       Betty B Buyer

Print Name:_____

                                    _____
                                            Notary Public

                        Print Name:_____

                        Notary No./Bar Roll No._____

                        My Commission Expires:_____

**STATE OF LOUISIANA**

**PARISH OF** _____

**THUS DONE AND SIGNED** on the _____ day of _____, 200__, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:**

_____
**Witness Signature**

Print Name:_____

_____
**Witness Signature**

Print Name:_____

STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT, by First American Title Insurance Company of Louisiana, Inc., as Attorney in fact

By:_____
   Sign Name:

Name:_____
   Print Name:

Title:_____

_____
Notary Public

Print Name:_____

Notary No./Bar Roll No._____

My Commission Expires:_____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State*, C.A. No. 07-5528 | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF JOHN W. HOUGHTALING, II**

STATE OF LOUISIANA

PARISH OF JEFFERSON

   **BEFORE ME**, the undersigned authority, commissioned in and for the Parish

and State aforesaid, personally came and appeared:

**JOHN W. HOUGHTALING, II**

who, after being duly sworn, did state the following:

1.

   I am a person of the full age of majority, have personal knowledge of the facts

contained herein, and am competent to make this Affidavit.

2.

   I am a principal of Gauthier, Houghtaling & Williams.

- 1 -

EXHIBIT

3

3.

My firm represents plaintiffs who are pursuing individual claims to recover funds from his or her insurer for underpayment of a homeowners' insurance policy.

4.

Each of these plaintiffs is a homeowner who either has received or has applied to receive a grant from the Road Home Program.

5.

Representatives of the State have been informed of Gauthier, Houghtaling & Williams' representation of individuals and have consented to the waiver of any conflict. Each plaintiff/homeowner has been informed that the law firm represents the State of Louisiana in the Road Home case in writing. Gauthier, Houghtaling & Williams is in the process of confirming in writing this limited representation of plaintiff/homeowner and confirming in writing this informed consent. This process will be complete prior to a hearing on this matter.

Further affiant sayeth not.

_____, Louisiana, this _____ day of April, 2008.

Sworn to and subscribed before
me, this _7_ day of _April_, 2008

_____
Notary Public

My commission expires _____.

**Stephen M. Huber**
**NOTARY PUBLIC**
**State of Louisiana**
**LA. Bar No. 24463**
**My commission is issued for life.**

- 2 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| | | * | CIVIL ACTION |
| PAMELA FLOTTE, et al | * | | |
| | | * | NO. 06-5011 c/w 06-7497 |
| VERSUS | | * | |
| | | * | SECTION C (1) |
| STATE FARM FIRE & | | | |
| CASUALTY COMPANY | * | * | |

PETITION OF INTERVENTION

NOW INTO COURT, through undersigned counsel, comes intervenor, State of Louisiana,

Division of Administration, Office of Community Development (the "State"), and in its Petition in

Intervention, respectfully represents:

I.

Plaintiffs, Pamela A. Flotte and David M. Flotte, filed the instant action/consolidated action

to recover damages for property damage they sustained on or about August 29, 2005, when Hurricane

Katrina impacted the New Orleans, Louisiana area.

II.

The allegations in all petitions, complaints, and amended petitions asserted by plaintiffs are

specifically adopted and alleged by intervenor as if copied herein in extenso.



EXHIBIT

4

III.

At the time of the Hurricane, the Flottes were insured by defendant, State Farm Fire & Casualty Company ("State Farm"), for homeowners insurance and had also obtained flood insurance through State Farm.

IV.

Plaintiffs allege, as more fully set out in their Complaints, that State Farm failed to pay their legitimate flood insurance claims and they seek any and all damages, penalties, interests and attorneys fees allowed by law.

V.

Subsequent to the storm, plaintiffs applied for and were granted funds under The Road Home Program for Hurricane Katrina/Hurricane Rita victims (the "Program") administered by the Office of Community Development, Division of Administration, State of Louisiana, in the amount of one hundred and fifty thousand dollars ($150,000).

VI.

Subject to The Road Home's Limited Subrogation/Assignment Agreement, plaintiffs' assigned certain rights to the State to allow the State to individually pursue recovery of the Flotte's rights against their insurers. (Please see Exhibit A, The Road Home Limited Subrogation/Assignment Agreement and signature pages.)

VII.

This assignment of rights by the Flottes to the State includes the right of recovery under policies of casualty or property damage insurance or flood insurance on the residence at issue up to the amount of the grant paid to the Flottes under the Program.

2

VIII.

Further, the Flottes agreed to the extent they pursued the underpayment of funds on their own that they would repay to the State any amounts that would reduce the amount of the Program grant, and the Flottes also agreed to authorize and instruct their insurance carrier to issue any future payment for such damages jointly to the Flottes and to "LA. Division of Administration/DRU"

IX.

Based on the agreement signed by the Flottes, the State hereby intervenes seeking to collect the funds it is entitled to recover pursuant to the program from any and all parties herein, along with all other applicable penalties, attorneys fees, interest, and other damages as allowed by law.

X.

The State further asserts it is entitled to reimbursement, by way of priority, for any benefits from the Flottes and/or against any defendant herein, by way of judgment, settlement, or any other Order of this Court.

WHEREFORE, the State of Louisiana, Division of Administration, Office of Community Development, prays for Judgment in its favor and against the plaintiffs, Pamela A. Flotte and David M. Flotte, and all defendants, to recover by way of priority, subrogation, and/or reimbursement for any funds paid under The Road Home program for Hurricane Katrina/Hurricane Rita to or on behalf of plaintiffs, out of any proceeds or award that the plaintiffs receive by way of judgment, settlement, or any other order of this Court, as well as prays for a judgment in its favor as to its own independent subrogation rights against defendants herein, together with the interest, cost, and for all equitable relief to which intervenor is entitled as provided for by law.

3

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, T.A., Bar No. 19591
RANDALL C. MULCAHY, Bar No. 26436
THE PRESTON LAW FIRM, L.L.P.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorney for Intervenor, State of Louisiana
Email: rmulcahy@prestonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Carl J. Hebert
David M. Flotte
Preis & Roy
Pan American Life Center
601 Poydras Street, Ste1700
New Orleans, LA 70130
cjh@preisroy.com
dflotte@pkrlaw.com
**Attorneys for Plaintiffs**

David A. Strauss
Amanda L. Nesser
Bradley A. Stevens
King, LeBlanc & Bland, LLP
Place St. Charles
201 St. Charles Ave
45th Floor
New Orleans, LA 70170
dstrauss@klb-law.com
**Attorneys for State Farm Fire & Casualty Company**

LaDonna Grey Wilson
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Ste 2775
New Orleans, LA 70130
lwilson@lawla.com
**Attorney for Consolidated Plaintiff**

Kim Huong Ashley Tran
Gerald J. Nielsen
John Dennis Carter
Joseph James Aguda, Jr.
Nielsen Law Firm
3838 North Causeway Blvd. Ste 2850
Metairie, LA 70002
ktran@nielsenlawfirm.com
**Attorneys for State Farm Fire & Casualty Company and Marie Clesi Insurance Agency, Inc.**

4

Charles L. Chassaignac, IV
Bryan Joseph Haydel, Jr.
Eleanor Weeks Wall
James Eric Johnson
Porteous, Hainkel, Johnson, & Sarpy
343 Third Street, Ste 202
Baton Rouge, LA 70820
cchassaignac@phjlaw.com
**Attorneys for State Farm Fire & Casualty
Company and Marie Clesi Insurance
Agency, Inc.**

Glenn Kenneth Schreiber
U.S. Attorney's Office
500 Poydras Street
Room 210
New Orleans, LA 70130
680-3093
589-3602 (Fax)
glenn.schreiber@usdoj.gov
**Attorney for National Flood Insurance
Program**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None.

/s/ Randall C. Mulcahy
RANDALL C. MULCAHY, Bar No. 26436

5



RICHARD P. IEYOUB
ATTORNEY GENERAL

**State of Louisiana**
DEPARTMENT OF JUSTICE
**Baton Rouge**
70804-9005

P. O. BOX 94005
TELEPHONE (504) 342-7013
FAX (504) 342-8703

March 7, 2003

TO WHOM IT MAY CONCERN:

Re:    In Re: Baycol Products Liability Litigation

This letter will serve as the formal authority of the law firm of Dugan, Gremillion & Browne, P.L.C. to represent the State of Louisiana in *In Re: Baycol Products Liability Litigation*. In addition, the State of Louisiana has authorized the law firm of Dugan, Gremillion & Browne, P.L.C. to investigate any and all claims the State of Louisiana may have in protecting the rights of consumers that have been affected by the overt acts of the defendants in *In Re: Baycol Products Liability Litigation* and to also seek monetary compensation for the monies expended by the State of Louisiana in the purchase of *Baycol* as well as monies expended by the State due to personal injuries sustained by Louisiana citizens resulting from Baycol use. This authorization includes the investigation of such claims against Bayer A.G., Bayer Corporation, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline relating to the manufacturing, marketing, promotion, and selling of the prescription drug Baycol.

Further, the law firm of Dugan, Gremillion & Browne, P.L.C. is authorized to pursue litigation related to Baycol on behalf of the State of Louisiana to protect the interests of the State of Louisiana and its citizens as they deem necessary including, but not limited to, claims arising under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.* and any other applicable consumer protection laws.

The Dugan law firm will be responsible for all costs and expenses associated with the pursuit of the aforementioned investigation and litigation. After successful prosecution of this litigation, the attorneys of the law firm will be compensated either by court order or by private agreement between the litigants. At no time and for no reason will any attorneys' fees come out of the recovery that is due the State of Louisiana.

**EXHIBIT**
*tabbies*
*A*

**EXHIBIT**
*tabbies*
5

Page 2
March 7, 2003

This agreement supercedes any preceding authorizations, if any, concerning the claims arising out of
the transactions or occurrences of the litigation set forth herein. Further, this agreement is effective
immediately and the Dugan law firm is authorized to begin their investigation and litigation of these
claims to protect the rights of the State of Louisiana as set forth in this letter.

Very truly yours,

Richard P. Ieyonb
Attorney General, State of Louisiana