UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: Insurance | SECTION "K" (2) |
| *Acevedo v. AAA Insurance, et al*     *C.A. No. 07-5199* | |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO CHURCH MUTUAL INSURANCE COMPANY'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

MAY IT PLEASE THE COURT:

Grafting works well in horticulture, but not so well in law.  Fruit farmers can improve their crops of citrus, apples, dates and many other fruits by grafting a new plant onto old stock.  Lawyers, on the other hand, cannot breathe life into a dead cause of action by trying to graft it on an existing suit.  That is what plaintiff seeks to do in this matter.

Plaintiff has not shown, nor even asserted, that Church Mutual Insurance Company is solidarily liable with any other defendant, which, under Louisiana law, would be required to interrupt prescription for the tort allegations made in its amended complaint.  Nor has it shown any contractual or legal right to sue Church Mutual for a contract claim after the

1

contractual limitation of the policy and law, two years from the loss-causing event, expired on September 1, 2007.

La. Rev. Stat. 22: 658.3, enacted by the Louisiana Legislature following Hurricanes Katrina and Rita, extended the prior limitation period granted an insured for suing its insurer as follows:

"A. Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract."

In Louisiana, prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.Code Civ.P. art. 3462. La.Civ.Code articles 1799 and 3503 further define the concept to provide that interruption of prescription against one solidary obligor is effective against all solidary obligors. While ordinarily the burden of proof is on the party pleading prescription, when the plaintiff's petition has clearly prescribed on its face, as here, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted (Y*ounger v. Marshall Industries, Inc.,* 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans,* 611 So.2d 1383 (La.1993)) and the plaintiff bears the burden of proving that solidarity exists. *Younger,* 618 So.2d at 869.

The Louisiana Supreme Court, in *Hoefly v. Government Employees Insurance Co.,* 418 So.2d 575 (La.1982), set forth the elements for determining the existence of a solidary obligation and stated that "[a]n obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor." *Id.* at 576; La.Civ.Code art. 1794.

In the instant matter, it cannot be seriously argued that Church Mutual is obligated to the same thing as any of the other defendants, nor can it be compelled to pay any part of any of the claims alleged by any of the plaintiff policyholders against any of the defendant insurers.  Nor can it be argued even that Union Baptist Theological Seminary was a plaintiff in this suit before the amending complaint was filed in December of 2007, more than three months after the deadline for such suits as set forth in La. Rev. Stat. 22: 658.3.

In this Erie-based action, Louisiana substantive law must prevail.

Plaintiff also argues that Fed. R. Civ. P., Art. 15(c) allows its prescribed claim against Church Mutual to be revived because it somehow "relates back" to the mass joinder action filed on behalf of other entities, but not Union Baptist, against other insurers, but not Church Mutual, prior to September 1, 2007.  Its arguments for "relation back" under Rule 15(c) fall into two categories.

The first category alleges that the amended petition concerns the same "conduct, transaction or occurrence" as the original complaint.  The second category alleges that since Church Mutual is a leading insurer of churches and church-related properties in the U.S., and the widespread destruction of Hurricane Katrina was well known, such knowledge is sufficient to put Church Mutual on notice that suit was filed against it by plaintiff.

Both arguments grossly misconstrue the facts as they relate to plaintiff's claim.

Plaintiff argues that the combined claims for bad faith and policy proceeds made by the numerous plaintiffs and defendants involved in this suit all relate to the same conduct, transaction or occurrence as its claim.  This cannot be true, as none of the other plaintiffs were insured under the Church Mutual policy issued to plaintiff, and none of the other defendant insurers issued a policy to plaintiff.  Thus, the only claim of any importance in the original complaint is Union Baptist's claim.  Union Baptist did not name its insurer in the

3

original complaint, so it made no claim to which its amendment can relate back. Its argument must be rejected, and Church Mutual's Motion to Dismiss should be granted.

Union Baptist next argues that Church Mutual's knowledge that Hurricane Katrina damaged much of New Orleans (where Church Mutual insures property) is an adequate substitute for notice by Union Baptist of its dissatisfaction with Church Mutual's handling of its claim and intent to file suit.

Plaintiff's argument is laughable. Church Mutual cannot be "put on notice of a lawsuit" simply because a Hurricane devastates an area. This presumes that incidents always result in a lawsuit. Not only is such presumption grossly inaccurate, it is particularly untrue in this case. As admitted in the Amended Complaint, Church Mutual paid all of Union Baptist Theological Seminary's damages for wind and wind-driven rain, the damages covered under the property section of the Religious Institutions policy issued by Church Mutual to Union Baptist. This suit, as it states on its face, is to take advantage of a future change in the Valued Policy law of Louisiana, should that occur.

As Union Baptist's claim has prescribed, Church Mutual Insurance Company's Motion to Dismiss should be GRANTED.

Respectfully submitted,

Of Counsel:
SUTTERFIELD & WEBB, LLC

s/ James R. Sutterfield
JAMES R. SUTTERFIELD (12597)
650 Poydras Street, Suite 2715
New Orleans, Louisiana  70130
Telephone:   (504) 598-2715
Facsimile:    (504) 529-7197
COUNSEL FOR CHURCH MUTUAL
INSURANCE COMPANY

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th day of April, 2008, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties.

                                                     s/ James R. Sutterfield
                                                     JAMES R. SUTTERFIELD