UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, <u>Aguda</u>, 07-4457   * | *<br>* | JUDGE DUVAL<br>MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT,** in opposition to Plaintiffs' Motion for Leave to File Amended Complaint, defendant, State Farm Fire & Casualty Company ("State Farm"), respectfully avers as follows:

**I.   RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs filed suit against State Farm on August 27, 2007. The case was assigned to Judge Lemmon. Thereafter, the following procedural activity took place:

- On August 31, 2007, the case was reassigned to Judge Porteous. *See* 07-4457, Rec. Doc. 3.

- On January 22, 2008, State Farm filed a Motion to Dismiss Pursuant to Rule 12 (b)(6) requesting that the Court dismiss all of the plaintiffs' claims against State Farm, with prejudice. *See* Rec. Doc. 11419. The Motion was noticed for hearing on February 13, 2008. *Id.*

{N0077151}

- On January 22, 2008, State Farm filed an Answer and Defenses to the plaintiffs' Complaint which was served upon plaintiffs' counsel, Mr. Barasch, via email through the Court's CM/ECF system.  *See* 07-4457, Rec. Doc. 7.

- On February 8, 2008 plaintiffs filed a "Supplemental Memorandum in Opposition to State Farm's Motion to Dismiss."  *See* 07-4457, Rec. Doc. 8.  State Farm filed a response to plaintiffs' "Supplemental Memorandum" on February 14, 2008.  *See* Rec. Doc. 11417.

- On February 14, 2008, the plaintiffs filed a Motion for Leave to File Plaintiffs' First Amended Complaint.  *See* Rec. Doc. 11420.  Plaintiffs set the Motion for Leave for hearing on March 5, 2008.  *See* Rec. Doc. 11420-4.  State Farm filed an Opposition to Plaintiffs' Motion for Leave to File Amended Complaint on February 12, 2008.[1]  *See* 07-4457, Rec. Doc. 21.

- On February 26, 2008, Judge Porteous transferred the case to be consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*.  The case was consolidated that day.  *See* Rec. Doc. 11418.

- On March 5, 2008, *the hearing date set by the plaintiffs* for their Motion for Leave to File Amended Complaint, this Court ruled upon the plaintiffs' Motion.  *See* Rec. Doc. 11543.  This Court granted the motion in part and denied the motion in part.  This Court allowed the plaintiffs to file an Amended Complaint for the sole purpose of clarifying whether they had any claims that wind and/or wind-driven rain proximately cause damage to the plaintiffs' property beyond any amounts already paid by State Farm, but rejected the plaintiffs' proposed Amended Complaint insofar as it asserted claims for flood damage under their homeowners policies and claims under Louisiana's Valued Policy Law.  This

---

[1] Plaintiffs attempted to file a Motion for Leave to Amend on February 6, 2008, but due to deficiencies in filing, they were required to re-file their motion.  The docket reflects that the motion was filed on February 14, 2008.

{N0077151}  2

Court further ordered that the plaintiffs file an amended complaint which complied with the Order within 10 days of entry of the Order. Thus, the plaintiffs were required to file their Amended Complaint by Monday, March 19, 2008.

- On January 21, 2008, in response to virtually identical motions to dismiss filed by State Farm in two lawsuits filed by plaintiffs also represented by the plaintiffs' counsel in the instant case, which were both pending in the *In Re Katrina* umbrella (*Acevedo*, No. 07-5199 and *Abram*, No. 07-5205),[2] Judge Duval suggested that in light of his ruling in *Chehardy* upholding the flood exclusion contained in State Farm's policies, State Farm and plaintiffs' liaison counsel should work together to devise a global solution to dispose of the numerous cases pending in the umbrella seeking recovery for flood damages excluded under State Farm's policies. On February 15, 2008, Judge Duval held a status conference concerning State Farms interest in terminating those claims based on the inapplicability of the water damage exclusion in all cases pending in the Insurance Umbrella founded on the Court's ruling in *Chehardy*. *See* Rec. Doc. 11285. Judge Duval ordered that State Farm, Hartford and any other relevant insurer to identify all cases for which a global Motion to Dismiss claims based on the applicability of the water damage exclusion would be appropriate and to provide this list to plaintiffs counsel. The court further ordered that the plaintiffs' liaison counsel and counsel for State Farm and Hartford to jointly propose to the court a proper method for disposing of these claims. *Id.* On March 7, 2008, plaintiffs' liaison counsel and counsel for State Farm and Hartford proposed a proper method for disposing of these claims and provided lists of the cases to which the motion would apply. *See* Rec. Doc. 11579. The instant case is included in that

---

[2] Notably, Judge Duval granted State Farm's motions to dismiss in these two cases. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No. 07-5205, and *Acevedo*, No. 07-5199);

{N0077151}                                            3

motion. *See Id.* at Exhibit B. On March 11, 2008, Judge Duval ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for water damage under their respective homeowners policies (which, as stated above, includes the above-referenced case). *See* Rec. Doc. 11613. State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091. The plaintiffs' liaison counsel must file a response by April 21, 2008. The matter is presently set for hearing on May 14, 2008.

- On March 17, 2008 Judge Duval dismissed without prejudice State Farm's Motion to Dismiss this particular matter and ordered that the motion instead be re-urged in the global motion discussed above. *See* Rec. Doc. 11657.

I. **LAW AND ARGUMENT**

This court gave the plaintiffs' a third opportunity to attempt to state a valid claim against State Farm and allowed the plaintiffs the reasonable time of ten (10) days to do so should there be such a claim. The plaintiffs filed nothing. Now, thirteen (13) days after the expiration of the deadline established in the Order, the plaintiffs again seek leave of court to file another amended complaint. As will be explained below, counsel's failure to comply with this Court's Order does not rise to "excusable neglect." Accordingly, plaintiffs' Motion for Leave should be denied.

A. **Applicable Legal Principles**

Under Fed.R.Civ.P. 6(b), the district court, in its discretion, may enlarge a time period a period of time after the expiration of a specified time period, but *only if*: (1) cause is shown, *and* (2) the applicant's failure to act timely was the result of excusable neglect. Demonstrating excusable neglect is not easily done, and was not intended to be. *See Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (C.A.4 (Va.),1996). The U.S. Supreme Court has

labeled the excusable neglect hurdle as the "greatest" substantive obstacle of all. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 3193 (1990). "In exercising discretion regarding enlargements of time, courts should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 -158 (7th Cir. (Ind.), 1996), citing *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988). "Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." *Spears* at 74 F.3d at 157. In commenting on such principles, the Fifth Circuit has stated that:

> [D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (1990):

**B.     Argument**

        1.     <u>The Failure To Comply With This Court's Order Is Not Excusable</u>

In support of their position that their failure to comply with the deadline fixed by the Court in its March 5, 2008 Order constitutes "excusable neglect," the plaintiffs argue that the ECF Activity for the day that this Court entered its Order on plaintiffs' Motion to Amend was "meager and less than helpful." *See* Plaintiffs' Memorandum in Support of Motion to Amend (Rec. Doc. 12154-2). However, counsel's alleged inability to properly navigate the consolidated litigation within which counsel has numerous cases does not satisfy the "excusable neglect" test.

Gross carelessness of counsel does not constitute excusable neglect." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985). Also, "…it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to

the client no matter how unfair this on occasion may seem.  Clients are chargeable with their attorney's mistakes."  *Id.* at 287 (internal citation omitted); *See also*, e.g., *Southern Tires Services, Inc.*, 2004 WL 1770120, *2 (E.D.La. 2004), see, e.g., *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962).

Contrary to plaintiffs' allegations, the ECF Notice in question clearly identifies the case to which the Order applies by listing the only true identifying characteristics: (1) the USDC case number – 07-4457; and (2) the Record Docket number and title of the document to which the Order applies – [11420] Motion for Leave to File.  It is unreasonable that an attorney with numerous cases consolidated in the *In re Katrina Consolidated Litigation* would have any problems recognizing relevant filings when the entry contains this clear identifying information. Indeed, the Rules of Conduct dictate that attorneys are required to act with reasonable diligence and promptness when representing their clients.  *See* Rule 1.3 Louisiana Rules of Professional Conduct.  Furthermore, the local rules of this court demand that:

> Counsel for a party in any civil matter in this court shall be familiar with the substance of all documents filed in the case and if the case is consolidated with one or more other cases, shall be familiar with the record of the consolidated cases.  It is the responsibility of counsel representing a party joined in a case after its inception whether by third party complaint or otherwise, or whose case is consolidated with one or more pending cases, to become familiar with court orders and with other documents previously filed in the record.  Local Rule 83.2.8.1E.

Counsel for plaintiffs should have recognized this Court's March 5, 2008 Order on their Motion for Leave to File.  The notice contained the U.S.D.C. Case Number and specifically referenced the plaintiffs' Motion by Record Docket Number *and* title.  Significantly, such information has been sufficient for State Farm's counsel to identify all Docket Entries relevant to this case,

including the ECF entry at issue.  Thus, plaintiffs' counsel likewise reasonably should have been able to identify such information.

Additionally, the plaintiffs argue that the ECF docket summary containing this Court's Order violates Judge Duval's Case Management Order Number 1 (Rec. Doc. 790).  Specifically, plaintiffs state, "Not only were the two entries meager, they violated Judge Duval's explicit directive that docket text entries which are e-mailed to all *In re Katrina* counsel must begin with the 'pertains to' identifier, which, in the case of these two entries, was 'INSURANCE.'"  *See* Rec. Doc. 12154-2, at footnote 8.  However, Case Management Order Number 1 (Rec. Doc. 790) requires such "identifiers" to be placed *on pleadings as specified by counsel*.  It does not mandate that all Orders be designated as such by the Court.  The first sentence of Case Management Order Number 1 states: "This Case Management Order No. 1 delineates a set of rules by which *the parties* in those cases presently consolidated before the Court and all parties in litigation subsequently consolidated shall be bound."  *See* Rec. Doc. 790, page 1.  It further orders that "Any pleading, motion, or other submission *filed by any party* in this consolidated litigation shall indicate in the "Pertains To" section of the caption which group the pleadings applies to, as well as which cases (by docket number) within that group to which the pleading applies."  *Id.* at page 2.  While the Order does mandate that the Clerk of Court begin its entries with (1) the "Group" and (2) the "Cases," the Order is directed to *pleadings* filed by *parties*.  *Id.* The Order does not delineate methods by which the Clerk of Court must enter Orders of the Court.  *Id.*  The plaintiffs' argument that the ECF notice violated Judge Duval's Case Management Order 1 is without merit.

Plaintiffs' counsel has had at least 30 cases consolidated in the *In Re Katrina Umbrella*, many of which are mass actions.  Yet, plaintiffs seem to suggest the notice system for the

consolidated cases is so mysterious they are suddenly incapable of distinguishing any of the cases consolidated therein unless the "pertains to" category, the name of any party or the name of any counsel is listed next to the entry. Further, lead counsel for the plaintiffs admitted in his Unworn Declaration that he does not specifically recall reviewing the specific docket text entry on the date this Court's Order was emailed to him. Perhaps more relevant to the inquiry of excusability, counsel stated that

> Since discovery in on March 22, 2008, that I missed two docket text entries that pertained to my clients in *Aguda* and in *Anderson*, I **now** look closely at and investigate all docket text entries that contain the notation 'INSURANCE,' as well as those entries that contain no 'pertains to' notation, even if the entries include none of the other 'markers' that customarily appear in docket text entries. This is true, even where the sole identifying information in the entry is a civil action number. *See* Unsworn Declaration of Stuart Thomas Barasch (Rec. Doc. 12154-9) (emphasis added).

By Mr. Barasch's own statement, he concedes that he does not specifically recall whether or not he checked the ECF summary on March 6, 2008 and that it was not until he missed this deadline that he "now" has made it a practice to "carefully review" the ECF summaries. *Id.* In other words, despite having many cases in the consolidated litigation, counsel suggests that before this situation he was not properly reviewing the ECF notices.

Furthermore, this Court's Order on plaintiffs' Motion for Leave was filed and set for hearing on March 5, 2008 *by the plaintiffs*. Upon filing of its Motion for Leave to Amend, said motion was assigned a Record Docket Number: Rec. Doc. 11420. A reasonable and perhaps expected duty of counsel would be to note the Record Document Number of the motion *filed by counsel* on behalf of their clients to ensure notice of any activity related to their motion. Moreover, this Court's Order was served upon the parties one day after the date on which *the plaintiffs* set their Motion for Leave to File Amended Complaint – counsel would thus

presumably have been reviewing the ECF for a ruling on their Motion or checking the court's docket, on a regular basis.

The plaintiffs were afforded ample opportunity by the Court to file an Amended Complaint and they failed to do so. Because it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b), State Farm respectfully requests that plaintiffs' Motion for Leave be denied. *See Pioneer Investment Servs. v. Brunswick Assoc.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *United States v. Torres,* 372 F.3d 1159, 1163-1164 (10th Cir.2004) ("[C]ounsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule.").

    2.    <u>According To The Relevant Factors Plaintiffs May Not Be Allowed To Amend</u>

The U.S. Supreme Court has held that the relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. (Tex.), 2006), citing *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir.1980); *Pioneer Inv. Co.*, 507 U.S. at 395-97.

Plaintiffs cite to the U.S. Supreme Court's decision in *Pioneer* for the proposition that, "…the lack of any prejudice to the debtor or to the interest of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Pioneer Inv. Co.* 507 U.S. at 381. However, it should be noted that in *Pioneer*, the "…petitioner d[id] not challenge the findings made below concerning the

respondents' good faith and the absence of any danger of prejudice to the debtor or of disruption to efficient judicial administration posed by the late filings." *Id.* at 397.  Based on these facts, the Court went on to state that, "To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable.'" *Id.* Unlike *Pioneer*, the facts in the instant case show that granting the plaintiffs' motion would greatly impact the judicial proceedings in the case, waste judicial resources and significantly prejudice State Farm.  Furthermore, State Farm questions whether the plaintiffs' counsel has acted in good faith.  Analysis of the relevant factors of the "excusable neglect" inquiry in the instant case reasonably can lead to only one conclusion: that the plaintiffs have failed to make the necessary showing of excusable neglect.

        **a.**    **Allowing The Plaintiffs To Disregard This Court's Order Will Impact Pending Judicial Proceedings In The District Court And Will Prejudice State Farm**

If the plaintiffs are granted the relief they seek there will be a serious disruption of the efforts of Judge Duval to efficiently address all State Farm matters that are pending in the Insurance Umbrella, including the *Anderson* and *Aguda* cases.  Judge Duval has issued an Order recognizing the special situation of State Farm due to his ruling validating the State Farm water damage exclusion.  *See* Rec. Doc. 11613.  The district court thus specifically asked State Farm and the parties to assist the court in proposing a streamlined process for addressing the State Farm claims in a manner that recognizes the tremendous work facing the district court in dealing with many matters pending in the consolidated litigation. The district court in turn asked that State Farm devote significant resources to identifying all State Farm suits pending in the Umbrella (over 300), categorizing those suits and drafting a global motion addressing the claims in those suits for damage caused by flood, levee/canal overtopping, levee failure and storm

{N0077151}        10

surge. This pleading was filed by State Farm on March 31, 2008 (Rec. Doc. 12091) and the plaintiffs, via their liaison counsel, shall shortly be filing responsive pleadings. The motion seeks rulings dismissing in full certain suits for solely alleging claims for excluded flood damage and partial dismissals of other suits alleging both flood and unpaid wind damages.

The complaints in *Anderson* and *Aguda* are subject to this motion and have been categorized, at the request of the district court, based on the complaints pending at the time the global motion was filed. If this court were to now grant these plaintiffs their belated efforts to amend the complaints for a second time it will disrupt and confuse the proceedings in the district court relative to the global State Farm motion practice. Indeed, such a ruling might unwittingly set a larger precedent whereby plaintiffs in the Insurance Umbrella with claims against State Farm generally now seek to be allowed, long after the suits have been filed, to amend their complaints while the global motion is pending. Such an occurrence would wreak havoc on the omnibus process established by the district court to address the State Farm suits and defeat the purpose of Judge Duval's efforts.

Furthermore, plaintiffs request that they be granted the opportunity to file a **third** complaint. Allowing the plaintiffs to file a third complaint – after State Farm has answered the Original Petition and substantively addressed both the Original Petition[3] and the first proposed First Amended Complaint,[4] neither of which state a claim against State Farm – would be highly prejudicial.

### b. Plaintiffs Have Not Demonstrated Good Faith

---

[3] *See* State Farm's 12(b)(6) Motion to Dismiss (Rec. Doc. 11419).
[4] *See* State Farm's Reply to Plaintiffs' Supplemental Memorandum in Opposition to State Farm's 12(b)(6) Motion (Rec. Doc. 11417) and State Farm's Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (07-4457, Rec. Doc. 21.).

State Farm questions the plaintiffs' good faith in missing the deadline granted to plaintiffs by this Court. Plaintiffs' counsel filed identical petitions/complaints in numerous lawsuits, many of which name(d) State Farm as a defendant. In many of the suits filed against State Farm, State Farm filed motions to dismiss the cases pursuant to Rule 12(b)(6) for failure to state a claim. Five of those cases were dismissed pursuant to State Farm's motions to dismiss.[5] After those cases were dismissed, plaintiffs' counsel moved to amend many complaints to attempt to state valid claims against State Farm. However, despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action, plaintiffs' counsel continued to include such allegations within the proposed amended complaints. For example, although having been advised by Judge Feldman, Judge Porteous and Judge Duval that claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping) was not covered under State Farm homeowners (and all other State Farm policies other than the Standard Flood Insurance Policy) and is not a valid cause of action against State Farm, counsel nevertheless included such allegations in the Amended Complaint submitted (and subsequently rejected) by this Court on March 5, 2008. *See id.*

Additionally, the most recently proposed amended complaint in the instant case is based upon a set of facts completely opposite and inconsistent to those initially pled in the state court Petition and the proposed First Amended Complaint. The initial complaint and the first amended complaint (both of which this court previously rejected) contained allegations that storm surge,

---

[5] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No. 07-5205, and *Acevedo*, No. 07-5199); *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

canal/levee overtopping/breaching (flooding) caused a total loss to plaintiffs' property. Now, plaintiffs allege that wind only caused a total loss – these claims diametrically contradict plaintiffs' previous allegations. Such pleading begs the question of whether plaintiffs have any claims at all. For example, one wonders whether the plaintiffs failed to amend their complaint in the instant case (as well as the cases which are now dismissed) because plaintiffs recognize that they truly have no legitimate claim. Indeed, alleging in one pleading that plaintiffs are entitled to full policy limits based on a total loss caused by flooding and in the next (proposed) pleadings that plaintiffs are entitled to full policy limits based on a total loss caused by wind suggests such pleading evidences a lack of good faith.

While plaintiffs state in their Memorandum in Support that this is not a case where plaintiffs deliberately embarked on a course of conduct or strategy, and later entertained second thoughts or regrets, it is questionable as to whether there was a dilatory motive involved in this case. As this Court is aware, plaintiffs' counsel is involved in numerous additional cases with the undersigned attorneys. In some of those cases, plaintiffs' counsel has argued in pleadings that any ruling regarding coverage for flood claims under State Farm homeowners policies would be premature given the fact that *Sher v. Lafayette Ins. Co.*, No. 07-0757 (La. App. 4th Cir. 11/19/07) is currently pending before the Louisiana Supreme Court.[6] Additionally, recent correspondence from the Hurricane Legal Center to State Farm advised State Farm that plaintiffs counsel can only enter into partial settlement agreements since the issue of whether homeowners insurance is liable for flood damage is pending before the Supreme Court.[7] It is certainly plausible then that plaintiffs' counsel intentionally did not file the amended complaint within this

---

[6] *See*, e.g., *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Sur-Reply in Opposition to Defendant's Motion to Dismiss [Dkt. No. 13] (E.D. La. Jan. 23, 2008).

[7] *See* Exhibit A, Correspondence from Hurricane Legal Center.

court's deadline as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the Supreme Court rules in *Sher*. Such a motive would indicate a lack of good faith.

### III. CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend Complaint.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**