# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 01-422**                                **June 24, 2001**
**Electronic Recordings by Lawyers**
**Without the Knowledge of All Participants**

*A lawyer who electronically records a conversation without the knowledge of the other party or parties to the conversation does not necessarily violate the Model Rules. Formal Opinion 337 (1974) accordingly is withdrawn. A lawyer may not, however, record conversations in violation of the law in a jurisdiction that forbids such conduct without the consent of all parties, nor falsely represent that a conversation is not being recorded. The Committee is divided as to whether a lawyer may record a client-lawyer conversation without the knowledge of the client, but agrees that it is inadvisable to do so.*

## 1. Introduction

In Formal Opinion 337,[1] this Committee stated that with a possible exception for conduct by law enforcement officials, a lawyer ethically may not record any conversation by electronic means without the prior knowledge of all parties to the conversation.[2] The position taken in Opinion 337 has been criticized by a number of state and local ethics committees, and at least one commentator has questioned whether it survives adoption of the Model Rules of Professional Conduct.[3] The Committee has reexamined the issue and now rejects the broad proscription stated in Opinion 337. We also describe certain circumstances in which nonconsensual taping of conversations may violate the Model Rules.

The Committee does not address in this opinion the application of the Model Rules to deceitful, but lawful conduct by lawyers, either directly or through supervision of the activities of agents and investigators, that often accompanies nonconsensual recording of conversations in investigations of criminal activity, dis-

---

1. Formal Opinion 337 (August 10, 1974), in FORMAL AND INFORMAL ETHICS OPINIONS (ABA 1985), at 94.

2. In Informal Opinion 1320 (May 2, 1975) (Reconsideration of Formal Opinion 337), *id.* at 193, the Committee declined to reconsider its view and additionally opined that a lawyer may not ethically direct an investigator to tape record a conversation without the knowledge of the other party.

3. C. WOLFRAM, MODERN LEGAL ETHICS (1986) §12.4.4.

---

This opinion is based on the Model Rules of Professional Conduct and, to the extent indicated, the predecessor Model Code of Professional Responsibility of the American Bar Association. The laws, court rules, regulations, codes of professional responsibility, and opinions promulgated in the individual jurisdictions are controlling.

AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY, 541 North Fairbanks Court, 14th Floor, Chicago, Illinois 60611-3314 Telephone (312)988-5300 CHAIR: Donald B. Hilliker, Chicago, IL ❑ Loretta C. Argrett, Washington, DC ❑ Jackson M. Bruce, Jr., Milwaukee, WI ❑ William B. Dunn, Detroit, MI ❑ James W. Durham, Philadelphia, PA ❑ Mark I. Harrison, Phoenix, AZ ❑ Daniel W. Hildebrand, Madison, WI ❑ William H. Jeffress, Jr., Washington, DC ❑ M. Peter Moser, Baltimore, MD ❑ CENTER FOR PROFESSIONAL RESPONSIBILITY: George A. Kuhlman, Ethics Counsel; Eileen B. Libby, Associate Ethics Counsel

EXHIBIT
2

criminatory practices, and trademark infringement.[4] We conclude that the mere act of secretly but lawfully recording a conversation inherently is not deceitful, and leave for another day the separate question of when investigative practices involving misrepresentations of identity and purpose nonetheless may be ethical.

## 2.   Reasons for Abandonment of the General Prohibition Stated in Opinion 337

Formal Opinion 337 was decided under the Code of Professional Responsibility, which incorporated the principle that a lawyer "should avoid even the appearance of impropriety."[5] That admonition was omitted as a basis for professional discipline nine years later in the ABA's adoption of the Model Rules of Professional Conduct. Opinion 337 further stated, however, that "conduct which involves dishonesty, fraud, deceit or misrepresentation in the view of the Committee clearly encompasses the making of recordings without the consent of all parties."[6] The Model Code's prohibition against conduct involving deceit or misrepresentation was preserved in Model Rule 8.4(c),[7] and thus we must consider whether that conclusion by the Committee in Opinion 337 is correct under the Model Rules.

Reception by state and local bar committees of the principle embraced by Opinion 337 has been mixed.[8] Courts and committees in a number of states have adopted the position of the opinion.[9] The State Bar of Michigan Standing

4. The subject is discussed thoughtfully in David B. Isbell & Lucantonio Salvi, *Ethical Responsibility of Lawyers for Deception by Undercover Investigators and Discrimination Testers: An Analysis of the Provisions Prohibiting Misrepresentation Under The Model Rules of Professional Conduct*, 8 GEO. J. LEGAL ETHICS 791 (Summer 1995). The ethics of supervising investigators who use "pretext" techniques to gather information, often accompanied by secret electronic recording of conversations with their subjects, also is discussed in Apple Corps. Ltd. v. International Collectors Society, 15 F.Supp.2d 456, 475-76 (D. N.J. 1998).

5. Prior to Opinion 337, the Committee had interpreted Canon 22 of the ABA Canons of Professional Ethics, which stated that a lawyer's conduct "should be characterized by candor and fairness," to proscribe surreptitious taping of a court proceeding of conversations with clients, and of conversations with other lawyers. *See* Informal Decision C-480 (Attorney's Use of Recording Device for Court Proceedings) (December 26, 1961), *in* 1 INFORMAL ETHICS OPINIONS, at 81 (ABA 1975); Informal Opinion 1008 (Lawyer Tape Recording Telephone Conversation of Client Without Client's Knowledge) (October 25, 1967), *in* 2 INFORMAL ETHICS OPINIONS, at 180 (ABA 1975); Informal Opinion 1009 (Lawyer Tape Recording Telephone Conversation with Lawyer for Other Party) (October 25, 1967), *id.* at 182.

6. FORMAL AND INFORMAL ETHICS OPINIONS (1985), at 96.

7. Model Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

8. Ethics opinions on the subject prior to 1990 are discussed in Mark Koehn, Note, *Attorneys, Participant Monitoring and Ethics: Should Attorneys Be Able to Surreptitiously Record their Conversations?*, 4 GEO. J. LEGAL ETHICS 403 (1990).

9. *See* Matter of Anonymous Member of So. Carolina Bar, 404 S.E.2d 513, 513 (S.C. 1991); People v. Selby, 606 P.2d 45, 47 (Colo. 1979); Supreme Court of Texas Professional Ethics Committee Op. 392 (Feb. 1978).

Committee on Professional and Judicial Ethics initially agreed with Opinion 337,[10] but later found that the ethics of nonconsensual recording should be considered on a case-by-case basis.[11] The New York State Bar adopted a *per se* rule condemning nonconsensual recordings,[12] while the New York City Bar recognized exceptions to that position in the case of prosecutors and defense counsel in criminal investigations.[13] The New York County Bar more recently opined that recording of a conversation without the consent of the other party is not, in and of itself, unethical.[14]

In Virginia, a series of opinions condemned nonconsensual recordings by or at the direction of lawyers,[15] but the latest opinion on the subject found such conduct not to be unethical when done for the purpose of a criminal or housing discrimination investigation. The Virginia Standing Committee on Legal Ethics noted there may be other factual situations in which the same result would be reached.[16] Oklahoma, Utah, and Maine have rejected the broad prohibition of Opinion 337, saying that nonconsensual recordings by lawyers are not unethical unless accompanied by other deceptive conduct.[17] The District of Columbia also found a *per se* rule inappropriate,[18] and Kansas has found surreptitious recording by lawyers to be "unprofessional," but not unethical.[19]

Criticism of Opinion 337 has occurred in three areas. First, the belief that nonconsensual taping of conversations is inherently deceitful, embraced by this Committee in 1974, is not universally accepted today. The overwhelming majori-

---

10. State Bar of Michigan Standing Committee on Professional and Judicial Ethics Informal Op. CI-200 (interpreting the Code of Professional Responsibility).

11. State Bar of Michigan Standing Committee on Professional and Judicial Ethics Op. RI-309 (May 12, 1998).

12. New York State Bar Ass'n Committee on Professional Ethics Op. 328 (1974).

13. The Association of the Bar of the City of New York Committee on Professional and Judicial Ethics Op. 80-95 (1981).

14. New York County Lawyers' Ass'n Committee on Professional Ethics Op. 696 (Secret Recording Of Telephone Conversations) (July 28, 1993).

15. Gunter v. Virginia State Bar, 385 S.E. 2d 597, 622 (Va. 1989); Virginia Legal Ethics Op. 1324 (Representing a Client Within the Bounds of the Law: Attorney Obtaining Non-Consensual Tape Recordings From Client) (Feb. 27, 1990); Virginia Legal Ethics Op. 1448 (Advising Client/Potential Civil Plaintiff to Record Oral Conversation With Unrepresented Potential Civil Defendant) (January 6, 1992); Virginia. Legal Ethics Op. 1635 (Attorney's Tape Recording Telephone Conversation When Not Acting in Attorney Capacity) (February 7, 1995).

16. Virginia Legal Ethics Opinion 1738  (Attorney Participation In Electronic Recording Without Consent Of Party Being Recorded) (April 13, 2000).

17. Maine Professional Ethics Commission of the Bd. of Overseers of the Bar Op. 168 (March 9, 1999); Utah State Bar Ethics Advisory Op. Committee No. 96-04 (July 3, 1996); Oklahoma Bar Ass'n Op. 307 (March 5, 1994).

18. D.C. Bar's Legal Ethics Committee Op. 229 (Surreptitious Tape Recording By Attorney) (June 16, 1992).

19. Kansas Bar Ass'n Ethics Op. 96-9 (Secret Tape Recordings of Other Persons by Attorneys and Clients) (August 11, 1997).

ty of states permit recording by consent of only one party to the conversation.[20] Surreptitious recording of conversations is a widespread practice by law enforcement, private investigators and journalists, and the courts universally accept evidence acquired by such techniques.[21] Devices for the recording of telephone conversations on one's own phone readily are available and widely are used. Thus, even though recording of a conversation without disclosure may to many people "offend a sense of honor and fair play,"[22] it is questionable whether anyone today justifiably relies on an expectation that a conversation is not being recorded by the other party, absent a special relationship with or conduct by that party inducing a belief that the conversation will not be recorded.[23]

Second, there are circumstances in which requiring disclosure of the recording of a conversation may defeat a legitimate and even necessary activity. For that reason, even those authorities that have agreed with the basic proposition of Opinion 337 have tended to recognize numerous exceptions. The State Bar of Arizona, for example, listed four exceptions to the ethical prohibition for such things as documenting criminal utterances (threats, obscene calls, etc.); documenting conversations with potential witnesses to protect against later perjury; documenting conversations for self-protection of the lawyer; and recording when "specifically authorized by statute, court rule or court order."[24] Other ethics committees have excepted recordings by criminal defense lawyers, reasoning that the commonly accepted "law enforcement exception" otherwise would give prosecutors an unfair advantage.[25] Exceptions also have been recognized for "testers" in investigations of housing discrimination and trademark infringement.[26] And the Ohio Supreme Court, although finding nonconsensual recordings by lawyers generally impermissible, has noted an exception for "extraordinary circumstances" as well as for investigations by prosecutors and criminal defense lawyers.[27]

A degree of uncertainty is common in the application of rules of ethics, but an ethical prohibition that is qualified by so many varying exceptions and such frequent disagreement as to the viability of the rule as a basis for professional discipline, is highly troubling. We think the proper approach to the question of legal but nonconsensual recordings by lawyers is not a general prohibition with certain

---

20. *See infra* note 30 and accompanying text.

21. *E.g.,* Richardson v. Howard, 712 F.2d 319, 321 (7th Cir. 1983); Miano v. AC & R Advertising Inc., 148 F.R.D. 68, 88-89, *aff'd*, 834 F.Supp. 632 (S.D. N.Y. 1993).

22. Maine Op. 168, *supra* note 17.

23. As discussed in Part 5, *infra*, the client-lawyer relationship may create a justifiable expectation that the lawyer will not record a client's conversation without the knowledge of the client.

24. Arizona Op. No. 75-13 (June 11, 1975).

25. *See, e.g.,* Board of Professional Responsibility of the Supreme Court of Tenn. Formal Ethics Op. 86-F-14(a) (July 18, 1986); Kentucky Bar Ass'n Op. E-279 (Jan. 1984).

26. Virginia Legal Ethics Op. 1738, *supra* note 16.

27. Supreme Court of Ohio Board of Commissioners on Grievances and Discipline Op. 97-3 (June 13, 1997).

exceptions, but a prohibition of the conduct only where it is accompanied by other circumstances that make it unethical.

The third major criticism of Opinion 337 has been that whatever its basis under the Canons and the Model Code, it is not consistent with the approach of the Model Rules. The Model Rules do not contain the injunction of the Model Code that lawyers "should avoid even the appearance of impropriety." Furthermore, unlike the Canons or the Code, the Model Rules deal directly with "respect for rights of third persons" in Rule 4.4. That rule proscribes only "means that have no substantial purpose other than to embarrass, delay or burden a third person," and "methods of obtaining evidence that violate the legal rights of such a person."

If a lawyer records a conversation with no substantial purpose other than to embarrass or burden a third person, the lawyer has violated Model Rule 4.4. But there seems no reason to treat recording of conversations any differently in this respect from other methods of gathering evidence.[28] The Committee believes that to forbid obtaining of evidence by nonconsensual recordings that are lawful and consequently do *not* violate the legal rights of the person whose words are unknowingly recorded, would be unfaithful to the Model Rules as adopted.

### 3.   Nonconsensual Recording In Violation of State Law

Federal law permits recording of a conversation by consent of one party to the conversation.[29] Some states, however, prohibit recordings without the consent of all parties, usually with an exception for law enforcement activities and occasionally with other exceptions.[30] Violation of such laws is a criminal offense, and may subject the lawyer to civil liability to persons whose conversations have been recorded secretly.[31] A lawyer who records a conversation in the practice of law in violation of such a state statute likely has violated Model Rule 8.4(b) or 8.4(c) or both. Further, because the state statute creates a right not to have one's conversations recorded without consent, nonconsensual recordings of conversations for the purpose of obtaining evidence would violate Model Rule 4.4's proscription

---

28. Similarly, if a lawyer falsely states that a conversation is not being recorded, the lawyer likely has violated Model Rule 4.1's prohibition against knowingly making false material statements of fact to third persons, but again there seems no reason to treat the subject of nonconsensual recording differently from any other conduct when it is not accompanied by misrepresentations to third persons.

29. 18 U.S.C. § 2511(2)(d).

30. According to a 1998 law review note surveying state statutes, twelve states at that time prohibited recording without consent of both parties to the conversation: California, Connecticut, Delaware, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, New Hampshire, Pennsylvania and Washington. Stacy L. Mills, Note, *He Wouldn't Listen to Me Before, But Now . . . : Interspousal Wiretapping and an Analysis of State Wiretapping Statutes*, 37 Brandeis L.J. 415, 429 and nn. 126, 127 (Spring 1998). Oregon law permits recording of telephone conversations, but not in-person conversations, with one party's consent. Or. Rev. Stat. § 165.540 (1999).

31. *See* Kimmel v. Goland, 51 Cal. 3d 202, 212 (Cal. 1990), holding that a lawyer is not immune from tort liability for transcribing conversations recorded by a client in violation of California's two-party consent statute.

against using "methods of obtaining evidence that violate the legal rights of [a third] person."[32]

A lawyer contemplating nonconsensual recording of a conversation should, therefore, take care to ensure that he is informed of the relevant law of the jurisdiction in which the recording occurs.

**4.    False Denial That a Conversation is Being Recorded**

That a lawyer may record a conversation with another person without that person's knowledge and consent does not mean that a lawyer may state falsely that the conversation is not being recorded. To do so would likely violate Model Rule 4.1, which prohibits a lawyer from making a false statement of material fact to a third person. The distinction has been recognized by the Mississippi Supreme Court, which held in *Attorney M. v. Mississippi Bar*[33] that nonconsensual recording of conversations by lawyers generally is not a violation of ethical rules, but then held in *Mississippi Bar v. Attorney ST*[34] that a lawyer who falsely denied to a third person that he was recording their telephone conversation had violated the proscription of Rule 4.1 against false statements of material fact in the course of representing a client.

**5.    Undisclosed Recording of Conversations With Clients**

When a lawyer contemplates recording a conversation with a client without the client's knowledge, ethical considerations arise that are not present with respect to non-clients.[35] Lawyers owe to clients, unlike third persons, a duty of loyalty that transcends the lawyer's convenience and interests. The duty of loyalty is in part expressed in the Model Rules requiring preservation of confidentiality and communication with a client about the matter involved in the representation. Whether the Model Rules that define and implement these duties permit a lawyer to record a client conversation without the client's knowledge is a question on which the members of this Committee are divided. The Committee is unanimous, however, in concluding that it is almost always advisable for a lawyer to inform a client that a conversation is being or may be recorded, before recording such a conversation.[36]

Clients must assume, absent agreement to the contrary, that a lawyer will memorialize the client's communication in some fashion. But a tape recording that captures the client's exact words, no matter how ill-considered, slanderous or profane, differs from a lawyer's notes or dictated memorandum of the conversa-

---

32. That conclusion does not, of course, apply to lawyers engaged in law enforcement whose activities are authorized by state or federal law.

33. 621 So. 2d 220, 223-24 (Miss. 1992).

34. 621 So. 2d 229, 232-33 (Miss. 1993).

35. "A fundamental distinction is involved between clients, to whom lawyers owe many duties, and non-clients, to whom lawyers owe few duties." THE RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS, ch. 2, topic 1, Introductory Note, at 125 (2000).

36. A lawyer may satisfy the need to inform a client that their conversations are or may be recorded by advising the client, at the outset of the representation or any later time, that the lawyer may follow this practice.

tion. If the recording were to fall into unfriendly hands, whether by inadvertent disclosure or by operation of law,[37] the damage or embarrassment to the client would likely be far greater than if the same thing were to happen to a lawyer's notes or memorandum of a client conversation.

Recordings of conversations may, of course, serve useful functions in the representation of a client. Electronic recording saves the lawyer the trouble of taking notes, and ensures an accurate record of the instructions or information imparted by a client. These beneficial purposes may weigh in favor of recording conversations, but they do not require that the recording be done secretly.

The relationship of trust and confidence that clients need to have with their lawyers, and that is contemplated by the Model Rules, likely would be undermined by a client's discovery that, without his knowledge, confidential communications with his lawyer have been recorded by the lawyer. Thus, whether or not undisclosed recording of a client conversation is unethical, it is inadvisable except in circumstances where the lawyer has no reason to believe the client might object, or where exceptional circumstances exist. Exceptional circumstances might arise if the client, by his own acts, has forfeited the right of loyalty or confidentiality. For example, there is no ethical obligation to keep confidential plans or threats by a client to commit a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm. Nor is there an ethical obligation to keep confidential information necessary to establish a defense by the lawyer to charges based upon conduct in which the client is involved. Those members of the Committee who believe that the Model Rules forbid a lawyer from recording client conversations without the client's knowledge nonetheless would recognize exceptions in circumstances such as these.

**Conclusion**

In summary, our conclusions are as follows:

1. Where nonconsensual recording of conversations is permitted by the law of the jurisdiction where the recording occurs, a lawyer does not violate the Model Rules merely by recording a conversation without the consent of the other parties to the conversation.

2. Where nonconsensual recording of private conversations is prohibited by law in a particular jurisdiction, a lawyer who engages in such conduct in violation of that law may violate Model Rule 8.4, and if the purpose of the recording is to obtain evidence, also may violate Model Rule 4.4.

---

37. Though a client-lawyer conversation ordinarily will be privileged, there are numerous ways in which disclosure of the recording might nevertheless later be compelled by law, as in a situation where the client is held to have waived the privilege, or where a court finds the crime-fraud exception is applicable. Further, when a recording is made of an officer of a client corporation, the recording may become the property of an unfriendly successor in the case of a bankruptcy, receivership, or hostile takeover.

3.  A lawyer who records a conversation without the consent of a party to that conversation may not represent that the conversation is not being recorded.

4.  Although the Committee is divided as to whether the Model Rules forbid a lawyer from recording a conversation with a client concerning the subject matter of the representation without the client's knowledge, such conduct is, at the least, inadvisable.