## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: BARGE | and consolidated cases |
| | SECTION "K" (2) |
| *Boutte v. Lafarge*            05-5531 | |
| *Mumford v. Ingram*      05-5724 | |
| *Lagarde v. Lafarge*       06-5342 | JUDGE |
| *Perry v. Ingram*             06-6299 | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | |
| *Parfait Family v. USA*  07-3500 | MAG. |
| *Lafarge v. USA*              07-5178 | JOSEPH C. WILKINSON, JR. |

### ANSWERS TO INTERROGATORIES PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs respond to Defendants, LNA and Zito entities', discovery as follows:

### GENERAL OBJECTIONS

A.     Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure. Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

B.     Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure. Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.     Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-

1


EXHIBIT 8

26. Lt. Cmdr. Donald Green, USCG (Ret.)

27. Raymond Helmer, P.E.

28. R. Lee Wooten

29. Don C. Coker

30. Aurora Environmental Consultants

31. Ronald C. Kessler, Ph.D

32. John Kilpatrick

33. Hector Pazos, P.E.

34. Robert Bartlett, P.E.

35. Jim Reed (putative class member, 4025 Kings Dr., Chalmette, LA)

36. Any and all putative plaintiff class members, named class representatives, named plaintiffs (see the above explanation).

37. Any and all purported experts retained by other parties to this consolidated litigation (see the above explanation).

38. Any and all known to or identified by other parties (see the above explanation).

39. Any and all others yet to be determined (see the above explanation)

40. Any and all listed above in Answer No. 1.

## INTERROGATORY NO. 3:

Identify and fully describe all simulations, replicas, models, mockups, and other study, investigation, or representation, forensic or otherwise, of any an all things, events and/or locations which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony.

## ANSWER TO INTERROGATORY NO. 3:

9

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs have not yet determined whether to use any of the items subject of the request, but anticipate the possibility of computer or other simulation of the variety devised by Vrijling, and/or reconstruction of the movements of the barge and/or breaches of the eastern IHNC floodwall subject of this suit, and/or additional models, studies, demonstrative exhibits, etc., pertaining to elements of damages claimed herein and/or relative to the particular areas of expertise of expert witnesses to be called.

## INTERROGATORY NO. 4:

Please state the full names, job titles, employers, credentials, and areas of expertise of any and all experts or opinion witnesses whom you will or may call to render any opinion concerning any issues in this matter, whether by affidavit, report, or trial testimony, and provide a summary of all such opinions and a list of all documents consulted, used or relied upon by such expert or opinion witness.

## ANSWER TO INTERROGATORY NO. 4:

Plaintiff objects to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their expert reports and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court. Please see witness lists filed into the record hereof.

Plaintiffs may call:

1. Lt. Cmdr. Don Green, USCG (Ret.) - maritime operations and regulations - negligence of defendants and unseaworthiness of their vessels, breakaway causation;

2. Raymond Helmer, P.E. - breach causation and hydrological flood analysis;

3. Robert Bartlett, P.E. - breach causation