UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: INSURANCE, <u>Abram</u>, 07-5205 | * | |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT,** in opposition to Plaintiffs' Motion for Leave to File First Amended Complaint, defendant, State Farm Fire & Casualty Company ("State Farm"), respectfully avers as follows:

### I.  RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed suit against State Farm on August 29, 2007. Thereafter, the following procedural activity took place:

- On December 10, 2007, State Farm filed a Motion to Dismiss the plaintiffs' claims against State Farm pursuant to Rule 12 (b)(6). *See* Rec. Doc. 9421. State Farm's Motion to Dismiss requested that this Court dismiss all of the plaintiffs' *claims* against State Farm, *with prejudice*. *Id*. The Motion was noticed for hearing on January 23, 2008.

- On January 4, 2008, State Farm filed an Answer and Defenses to the plaintiffs' Complaint. *See* Rec. Doc. 10087.

- On January 21, 2008, Ms. Janet Daly sent an email to the parties which stated the following:

    Subject: 05-4182 docs. 9420 and 9421--general plan/status conference

    Dear Gentlemen:

    While the Judge has entered a stay in the insurance cases, he did enter judgment with respect to the State Farm policy in Chehardy. As such, it appears that some attorneys will be trying to "clean out" these claims.

    We now have two such motions noticed for Wednesday filed by David Strauss on behalf of State Farm seeking Summary Judgment in which he asked for Oral Argument. No opposition has been filed in either case by Mr. Barasch of the Hurricane Law Center. As such, the Judge could grant these motions as unopposed. However, I would like confirmation from Mr. Barasch that you do not intend to file an opposition. You may have thought that these motions were subject to the stay.

    Seth, Joe and Ralph--I copy you on this e-mail because I think we may need to address a global solution to the State Farm issue-- Seth, I would ask that you let the State Farm attorneys that we are aware of this issue and please ask them to desist from filing motions until we arrive at a global solution for a rational approach.

    Mr. Strauss and Mr. Barasch--there will be no oral argument on these motions and an order so stating will issue today. If I do not hear back from Mr. Barasch by noon tomorrow, these motions will be granted as unopposed.

    With many thanks for your consideration, Janet

    Janet Daley
    Chambers of Stanwood Duval, Jr.  *See* Exhibit A.

- On January 24, 2008, this Court "GRANTED" State Farm's Motion to Dismiss. *See* Rec. Doc. 10738. The Court referenced the above email in the Order and stated that

the plaintiffs had yet to submit an opposition to State Farm's motion. *Id.* Finding that State Farm's motion "had merit," the District Court specifically referenced State Farm's motion (Rec. Doc. 9421) and "GRANTED" State Farm's Motion to Dismiss.

## II.     LAW AND ARGUMENT

Despite the clear judgment from this Court that the plaintiffs' action was dismissed its entirety, with prejudice, and the case was closed, plaintiffs now attempt to file a Motion for Leave to File Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. As explained below and in State Farm's Motion to Strike plaintiffs' Motion to Amend (Rec. Doc. 12187), the Court should not even entertain the plaintiffs' Motion For Leave and their Motion should be stricken from the record as the plaintiffs' action has been dismissed in its entirety.

However, in the alternative and out of an abundance of caution, in the event that the Court did not intend to dismiss the plaintiffs' action in its entirety, as argued by plaintiffs, plaintiffs' Motion for Leave to Amend should be denied on the merits. As will be shown below, the circumstances in the instant case provide a significant basis to deny the Plaintiffs' Motion to Amend.

### A.     *Arceneaux, et al. v. State Farm*[1] – This Court Decided Identical Motions Involving the Same Plaintiffs' attorneys and Same Pleadings

This Court recently ruled upon a Motion for Leave to File an Amended Complaint in *Arceneaux v. State Farm Fire & Cas. Co.,* a case substantially identical to the instant case. *Arceneaux* was filed by plaintiffs also represented by the plaintiffs' counsel in the instant case against State Farm, also represented by the undersigned attorneys. In that case, State Farm filed a Motion to Dismiss which was virtually identical to the motion to dismiss filed in the instant

---

[1] *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701 (Feldman, J.).

{N0077333}                                   3

case. In response to State Farm's Motion to Dismiss, the District Court (Judge Feldman) granted State Farm's motion and dismissed the case in its entirety.[2] Thereafter, plaintiffs filed a Motion for Leave to File Amended Complaint virtually identical to the Motion for Leave at issue in the instant case. This Court denied plaintiffs' Motion to Amend based on the fact that the District Court had already dismissed the case.[3] Here, as in *Arceneaux*, the District Court (Judge Duval) has already dismissed the plaintiffs' case. Accordingly, the instant motion should be denied.

### B. Plaintiffs' Motion Should Be Denied on a Procedural Basis

Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864-865 (5th Cir.2003); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir.1981); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (after grant of summary judgment, leave to amend complaint "can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60."); *Mirpuri v. ACT Manufacturing, Inc.*, 212 F.3d 624 (1st Cir. 2000); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).[4] The U.S. Supreme Court and the U.S. Fifth Circuit have held that a final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978); *Bourg v. Continental Oil Co.*, 1999

---

[2] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.).

[3] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order [Dkt. No. 33] (E.D. La. April 3, 2008) (Wilkinson, J.).

[4] Even if the court were to liberally interpret the plaintiffs' motion for leave as an effort to seek relief under Rule 59, any such effort would be untimely. Pursuant to Rule 59(d): "a motion for a new trial must be filed no later than 10 days after the entry of judgment." Furthermore, pursuant to Rule 59(e) a motion to alter or amend a judgment "must be filed no later than 10 days after the entry of the judgment." This ten day period may not be extended by court order or waived by the parties. *See* F.R.C.P. Rule 6(b); *Schneider Exrel. Estate of Schneider v. Fried,* 320 F.3d 396, 402-03 (3rd Cir. 2003); *Litchtenberg v. Bisicorp Group, Inc.*, 204 F.3d 397, 401 (2nd Cir. 2000). The Order of Dismissal was issued on January 24th and the current motion was not filed until March 27, 2008, more than ten days after the entry of judgment.

WL 684161, * 2 (C.A.5 (La.),1999). The Fifth Circuit has also stated that it "…follow[s] a practical, rather than technical, approach to determining whether a district court decision meets this standard. *Bourg v. Continental Oil Co.*, 1999 WL 684161, * 2. "A judgment reflecting an intent to dispose of all issues before the court is final." *Id.*, citing *Moreau v. Harris County,* 158 F.3d 241, 244 (5th Cir. 1998). If the language used by the court clearly evidences the judge's intention that it shall be his final act it constitutes a final judgment…." *Id.,* citing *Erstling v. Southern Bell Tel. & Telegraph Co.,* 255 F.2d 93, 95 (5th Cir. 1958).

In the instant case, this Court's Order evidences a clear intent to dismiss the plaintiffs' entire case as requested in State Farm's Motion to Dismiss. The Court expressly references the fact that State Farm's Motion to Dismiss had merit and referenced the specific Record Docket entry (9420) as being "GRANTED."[5] *See* Rec. Doc. 10738.

In *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1302 (C.A.5 (La.), 1995),[6] the Fifth Circuit found that the wording of a moving parties' motion to dismiss is relevant when determining the court's intentions as to whether or not the trial court intended to dismiss the plaintiffs' entire case or merely the original complaint. Particularly, the court held that:

> … unless a district court order states expressly or by clear indication reflects the court's intention to dismiss an entire action, the order dismisses only the complaint and a plaintiff may seek leave of court to amend. Here, the dismissal order stated only that '[i]T IS ORDERED that Defendant BISYS Loan Services, Inc.'s March 18, 1994 Motion to Dismiss, argued before this Court on April 6, 1994 is hereby GRANTED." A literal reading of this order reflects that the court intended to grant the Litton/BISYS motion, which in turn literally was a motion to dismiss the State's second amended complaint. The docket sheet supports this literal

---

[5] In fact, both the Judge's Order and the Notice of the dismissal Order from the Clerk described the Order as "Order Granting [9421] Motion to Dismiss."
[6] While the Court in *State of La.* reversed the district court's decision to deny the plaintiffs motion for leave to amend their complaint on a procedural basis, the court ultimately affirmed the district court's refusal to grant the plaintiffs' motion for leave on a substantive basis. *See State of La.* 50 F.3d at 1304.

{N0077333}                     5

>reading in that it records the dismissal order as granting BISYS'
>motion to 'dismiss the State's second amended complaint.'

State Farm's Motion literally was a Motion to Dismiss the *entire action*. State Farm's Motion to Dismiss specifically sought and requested that, "each of the *claims* made by plaintiffs against State Farm should be dismissed *with prejudice*, at the cost of the plaintiffs." *See* Rec. Doc. 9421. Likewise, State Farm's Memorandum in Support of its Motion to Dismiss specifically states that, "State Farm respectfully requests that this Court grant its Motion to Dismiss *with prejudice all of the plaintiffs' claims* against State Farm pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, at the cost of the plaintiffs." *See* Rec. Doc. 9421-2 at page 10. The relief sought by State Farm in its Motion to Dismiss and memorandum in support thereof was not limited to dismissal of the *complaint* alone – State Farm clearly requested and this Court granted its request for dismissal of the plaintiffs' *action*, with prejudice.

Unlike the Order in *State of La.*, which the Court determined to have vaguely dismissed only the plaintiffs' *complaint*, the Order in the instant case clearly expresses the Court's intent to grant the relief sought by State Farm in its Motion to Dismiss – full dismissal with prejudice of the entire action. Accordingly, as there is nothing left for the plaintiffs to amend, the plaintiffs' Motion for Leave to Amend their Complaint should not be considered by the Court and should be stricken from the record.[7]

---

[7] If the Court intended to dismiss the case in its entirety, as State Farm believes, pursuant to relevant Fifth Circuit case law, the Court should not even consider the plaintiffs' Motion to Amend as the Fifth Circuit has held that consideration of the merits alone may be an indication of the court's intent to only dismiss the *complaint* and not the entire *action*. *See State of La.* 50 F.3d 1298, 1302; *Whitaker v. City of Houston*, 963 F.2d 831, 834 (5th Cir.1992) (noting that if court intended to dismiss entire action it surely would not have considered subsequent motion to amend because there would have been nothing left to amend and plaintiff's only options would have been motion for reconsideration or appeal.)

{N0077333}                                        6

### C.     Plaintiffs' Motion to Amend Should Be Denied On The Merits

#### 1.     Applicable Legal Principles

Under Fed.R.Civ.P. 15(a), permission to amend "shall be freely given **when justice so requires**." *See* Fed.R.Civ.P. 15(a); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. (Miss.) 1967) (emphasis added).  The rule, however, "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Id.* (quoting *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)).

The decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 582 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981).  In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Absent such factors, "the leave sought should, as the rules require, be 'freely given.'" *Rosenzweig v. Azurix Corp.* 332 F.3d 854, 864 (C.A.5 (Tex.), 2003).  "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend.  *Id.*

A district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an

earlier time."); *Rosenzweig*, 332 F.3d at 865 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman* ); *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995) (same).

        2.        According To The Relevant Factors Plaintiffs Should Not Be Allowed To Amend

            **a.**        **Amendment Would Be Futile**

Rule 15(c) provides in pertinent part that: "…An amendment to a pleading relates back to the date of the original pleading when:… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; …." Plaintiffs argue that Judge Duval did not dismiss the plaintiffs' entire action, but only dismissed the plaintiffs' complaint. Yet, plaintiffs also contend that any amended complaint filed would relate back to the "original complaint" because it is based on the same conduct, transaction, or occurrence set out in the original complaint. Thus, plaintiffs argue in one breath that the Court dismissed their complaint and in the next irrationally argue that there is a complaint to which an amended complaint may relate back. This argument is inconsistent and without merit. *See Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir. (Cal.), 2006) (After dismissal of original habeas petition without prejudice for failing to exhaust state remedies, because plaintiff did not reopen judgment, plaintiff could not employ Rule 15(c) to relate his second habeas petition back to the first).

            **b.**        **Allowing Amendment Will Prejudice State Farm**

Plaintiffs request that they be granted the opportunity to file a **third** complaint. Allowing the plaintiffs to file a third complaint – after State Farm has answered the Original Complaint and substantively addressed the Original Complaint which failed to state a claim against State Farm – would be highly prejudicial.

Furthermore, State Farm obtained a substantive and dispositive judgment dismissing plaintiffs' claims in their entirety. Plaintiffs now request that ruling be ignored so that they can attempt to file an amended complaint. This is inherently prejudicial to State Farm.

### c. Plaintiffs Have Not Demonstrated Good Faith

State Farm questions the plaintiffs' good faith in failing to file an amended complaint until nine weeks after Judge Duval dismissed plaintiffs' case. Plaintiffs' counsel filed identical petitions/complaints in numerous lawsuits, many of which name(d) State Farm as a defendant. In many of the suits filed against State Farm, State Farm filed motions to dismiss the cases pursuant to Rule 12(b)(6) for failure to state a claim. Four of those cases were dismissed pursuant to State Farm's motions to dismiss.[8] After those cases were dismissed, plaintiffs' counsel moved to amend many of complaints to attempt to state valid claims against State Farm. In addition, two of the cases (which have not been dismissed) were recently before this Court on Motions for Leave to File an Amended Complaint and this Court rejected both the plaintiffs' original petition/complaint and the plaintiffs' proposed amended complaint.[9] Nevertheless, despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action, plaintiffs' counsel continued to include such allegations within the proposed amended complaints. For example, although having been advised by Judge Feldman, Judge Porteous and Judge Duval that claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping) was not covered under State Farm homeowners (and all other State Farm policies other than the Standard

---

[8] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Acevedo*, No. 07-5199); *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

[9] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]).

Flood Insurance Policy) and is not a valid cause of action against State Farm, counsel nevertheless included such allegations in the amended complaint submitted (and subsequently rejected) by this Court on February 20, 2008. *See id.*

Additionally, the most recently proposed amended complaint in the instant case is based upon a set of facts completely opposite and inconsistent to those initially pled in the Original Complaint. The initial complaint contained allegations that storm surge, canal/levee overtopping/breaching (flooding) caused a total loss to plaintiffs' property. Now, in the proposed amended complaint, plaintiffs allege that wind only caused a total loss – these claims diametrically contradict plaintiffs' previous allegations. Such pleading begs the question of whether plaintiffs have any claims at all. For example, one wonders whether the plaintiffs failed to timely oppose State Farm's Motion to Dismiss or timely seek to amend their complaint in the instant case (as well as the cases which are now dismissed) is because plaintiffs recognize that they truly have no legitimate claim. Indeed, alleging in one pleading that plaintiffs are entitled to full policy limits based on a total loss caused by flooding and in the next (proposed) pleadings that plaintiffs are entitled to full policy limits based on a total loss caused by wind suggests such pleading evidences a lack of good faith.

Further, it is questionable as to whether there was a dilatory motive involved in this case. As this Court is aware, plaintiffs' counsel is involved in numerous additional cases with the undersigned attorneys In some of those cases, plaintiffs' counsel has argued in pleadings that any ruling regarding coverage for flood claims under State Farm homeowners policies would be premature given the fact that *Sher v. Lafayette Ins. Co.*, No. 07-0757 (La. App. 4th Cir. 11/19/07) was at the time pending before the Louisiana Supreme Court.[10] Additionally, recent

---

[10] *See*, e.g., *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Sur-Reply in Opposition to Defendant's Motion to Dismiss [Dkt. No. 13] (E.D. La. Jan. 23, 2008).

{N0077333}  10

correspondence from the Hurricane Legal Center to State Farm advised State Farm that plaintiffs counsel can only enter into partial settlement agreements since the issue of whether homeowners insurance is liable for flood damage is pending before the Supreme Court.[11]  It is certainly plausible then that plaintiffs' counsel intentionally did not oppose the Motion to Dismiss nor timely seek to amend the complaint as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the Supreme Court ruled in *Sher*.  Such a motive would indicate a lack of good faith.

### III.     CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

> Respectfully submitted,
>
> **/s/ David A. Strauss**
> DAVID A. STRAUSS (**T.A.**) #24665
> CHRISTIAN A. GARBETT, SR. #26293
> SARAH SHANNAHAN MONSOUR # 30957
> KING, KREBS & JURGENS, P.L.L.C.
> 201 St. Charles Avenue, Suite 4500
> New Orleans, Louisiana 70170
> Telephone: (504) 582-3800
> Facsimile:  (504) 582-1233
> dstrauss@kingkrebs.com
> cgarbett@kingkrebs.com
> smonsour@kingkrebs.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**

---

[11] *See* Exhibit A, Correspondence from Hurricane Legal Center.