UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 K - (2) |
| PERTAINS TO: INSURANCE<br>07-5199 (Rafael & Dioigna Acevedo v.<br>State Farm Fire and Casualty Company | JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

PLAINTIFFS' REPLY TO MEMORANDUM
OF STATE FARM FIRE AND CASUALTY COMPANY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs Rafael & Dioigna Acevedo *et al* take this opportunity to respond to two of the arguments raised by State Farm Fire and Casualty Company ("State Farm") in its Memorandum in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint ("Opp.Mem."). Plaintiffs will address State Farm's remaining points at oral argument.

**1. There is no procedural basis for denial of plaintiffs' motion
as plaintiffs have timely requested leave to amend their complaint.**

State Farm correctly notes that "[p]ost-judgment amendment to a complaint can only occur

once the judgment itself is vacated under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." Opp.Mem. at 4, rec.doc.   But State Farm incorrectly applies that legal principle to this case and to the *Abram* case,[1] claiming that Judge Duval's January 23rd ruling on State Farm's dismissal motion was a *judgment*, which triggered the 10-day deadline for seeking relief under Rule 59, Fed.R.Civ.P.  Thus, State Farm argues, plaintiffs' request for leave to amend (which, defendant claims, should be construed as a Rule 59 motion), is untimely and should not be considered.  This argument is easily dispatched.

Judge Duval's January 23rd order, which disposed of only a request for dismissal by *one* defendant (State Farm) and did not address plaintiffs' claims against more than 70 other defendants, could not possibly be a final judgment.  "A final decision is one that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Apache Bohai Corporation, LDC v. Texaco China, B.V.,* 330 F.3d 307, 309 (5th Cir.), *cert. denied,* 540 U.S. 880 (2003), *quoting Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000).  An order that does not adjudicate the rights and liabilities of all parties is not a final judgment.  *Burge v. Parish of St. Tammany,* 187 F.3d 452, 467 (5th Cir. 1999).

Thus, as the January 23rd order was not a final judgment, any deadlines for filing post-trial motions have not yet come into play.  *See Student Loan Marketing Ass'n v. Lipman,* 45 F.3d 173, 175 (7th Cir. 1995)(if judgment is not final, "then a motion to correct a mistake in that judgment could not be untimely even under Rule 60(b), as the one year time period in that rule would never have commenced to run.").

---

[1] *Abram v. AAA Insurance,* No. 07-5205 K-2 (E.D.La.).

### 2. Plaintiffs have acted in good faith throughout these proceedings and had no dilatory motive.

Plaintiffs' good faith in regard to their request for leave to amend their complaint cannot seriously be questioned.  Plaintiffs' counsel did not intentionally fail to oppose State Farm's motion to dismiss.  *See* Unsworn Declaration of Stuart T. Barasch, attached as Ex. A.  This is not a case where plaintiffs deliberately embarked on a course of conduct or strategy, and later entertained second thoughts or regrets.  *See, e.g., In re Veritas Software Corporation Securities Litigation,* 496 F.3d at 973, where  mover's asserted reason for the delay in moving for attorney's fees, "that he deliberately chose to postpone the fee application because of the awkward procedural posture of the case and because he thought that the district court's order extended the deadline for fee applications, was not neglect at all and certainly not a compelling showing of good cause."  *See also Yesudian v. Howard University,* 270 F.3d 969, 971 (D.C.Cir. 2001)(finding that counsel acted in good faith in missing a deadline because he mistakenly relied, in calculating an upcoming deadline, on the District of Columbia Superior Court rules instead of the federal district court rules:  "Foolish as this may have been, there is no suggestion of bad faith." ).

State Farm has asserted three alleged bases for questioning plaintiffs' good faith, none of which is based in law or fact.  First, State Farm claims that plaintiffs' counsel continued to include certain allegations within proposed amended complaints in various cases "despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action."  *Id.*[2]   This is simply not true, as shown by a review of the proposed First Amended Complaint.  The proposed amended complaint (Ex. 1 to plaintiffs' pending motion) specifically states in the first paragraph that "the Complaint for

---

[2] According to State Farm, these claims include "claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping)." *Id. at 9.*

Damages is amended to allege that all of plaintiffs' damage was the result of wind and wind driven rain *only*." (emphasis added).   This introductory language is included in paragraph 4 of the proposed First Amended Complaint, which states:

> On August 29, 2005 Hurricane Katrina caused substantial damage to each plaintiff's real property, including roof damage and damage to the interior, including contents. This damage rendered the property uninhabitable for an extended period of time. *This damage was caused by wind and wind driven rain alone.* (emphasis added)

Second, State Farm argues that plaintiffs' proposed First Amended Complaint "is based upon a set of facts completely opposite and inconsistent to those initially plead" in the Complaint. *Id.* at 10.  This also is just not true.  State Farm has mistaken a "set of facts" for a theory of relief.  As in the leading Supreme Court case on granting leave to amend under Rule 15,[3] the "amendment would [do] no more than state an alternative theory for recovery."  *Foman v. Davis,* 83 S.Ct. 227, 230 (1962)(holding that the district court should have allowed plaintiff to amend her complaint to assert a right of recovery in *quantum meruit*, instead of a cause of action that was unenforceable under the Statute of Frauds).  The federal rules specifically allow a party to plead alternative, and even inconsistent, causes of action.  Rule 8(e), Fed.R.Civ.P.

Third, State Farm alleges, without any evidence or support, that "it is questionable as to whether there was a dilatory motive involved in this case," and that "it is plausible" that plaintiffs' counsel intentionally did not oppose the Rule 12(b)(6) motion "as part of a strategy to delay the filing of an amended complaint . . . until the [Louisiana] Supreme Court ruled in *Sher [v. Lafayette Ins. Co.]*." *Id.* at 11.   These bald allegations – that the issue is "questionable" and "plausible" – are without any foundation whatsoever. *See* Unsworn Declaration of Stuart T. Barasch, attached as Ex.

---

[3]   *Foman* is still the Supreme Court's benchmark case on granting leave to amend. *See, e.g., Central Laborers' Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546 (5th Cir. 2007); *Carroll v. Fort James Corp.,* 470 F.3d 1171 (5th Cir. 2006), both quoting *Foman.*

A. Further, plaintiffs would have had no motive to wait until after a decision from the Louisiana Supreme Court in the *Sher* case, as (1) any delay in doing so could have reduced its chances of obtaining permission to amend their pleadings, given the "undue delay" factor; and (2) if the Supreme Court had rendered a decision in *Sher* favorable to the plaintiffs, they could have sought relief in this Court on that basis alone.

Thus, State Farm has not satisfied its burden of showing that plaintiffs have not acted in good faith.

## **Conclusion**

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 83 S.Ct. at 230. Plaintiff should be allowed that opportunity in this case.

Respectfully submitted,
STUART T. BARASCH, T.A.
La. Bar No. 20650
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70113
Tel: 504.525.1944
E-mail: sbarasch1@aol.com

and

/s/Maureen Blackburn Jennings
MAUREEN BLACKBURN JENNINGS
La. Bar No. 3100
Maureen Blackburn Jennings, PLC
4407 Blossom Street
Houston, TX 77007
Tel: 504.813.6224
E-mail: jennings.maureen@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008, I electronically filed the foregoing Reply to Memorandum of State Farm Fire and Casualty Company in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David A. Strauss

/s/Maureen Blackburn Jennings
MAUREEN BLACKBURN JENNINGS
E-mail: jennings.maureen@gmail.com