**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | |
| | **NO. 05-4182 K - (2)** |
| **PERTAINS TO: INSURANCE** | **JUDGE DUVAL** |
| **07-4457 (Aguda v. State Farm Fire** | |
| **and Casualty Company)** | **MAGISTRATE WILKINSON** |

**UNSWORN DECLARATION OF STUART THOMAS BARASCH**
**UNDER 28U.S.C. § 1746**

My name is Stuart Thomas Barasch.  I am a person of the age of majority and am competent in all respects to make this declaration.  I am providing this declaration in support of plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline.

I have been a member in good standing of the Louisiana State Bar Association and of the bar of the United States District Court for the Eastern District of Louisiana since 1991.  I have also been a member in good standing of the State Bar of California and the Florida Bar Association since 1977, the State Bar of Texas since 1991, and the State Bar of Georgia since 1992.

# EXHIBIT A

1

I am lead counsel for the plaintiffs in *Aguda et al v. State Farm Fire and Casualty Company,* *No.* 07-4457 K-2 ("*Aguda*"), and for the plaintiffs in *Anderson et al v. State Farm Fire and Casualty Company,* No. 07-6737 K-2 ("*Anderson*"),both pending in the U.S. District Court for the Eastern District of Louisiana.

In its Memorandum opposing Plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline (at page 13) filed in both this case and in the *Anderson* case, State Farm's counsel stated that it "is certainly plausible then that plaintiffs' counsel intentionally did not file the amended complaint within this court's deadline as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the  [Louisiana] Supreme Court ruled in *Sher [v. Lafayette Insurance Company]*."  The suggestion in this statement by State Farm's counsel is absolutely untrue.

I did not, in either this case or in the *Anderson* case,  intentionally not file plaintiffs' First Amended Complaint within the 10-day deadline established by Judge Wilkinson in his ruling on plaintiffs' motion for leave to file an amended complaint "as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the  [Louisiana] Supreme Court ruled in *Sher [v. Lafayette Insurance Company]*", as asserted by State Farm's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2008.


**/s/ Stuart Thomas Barasch**
STUART THOMAS BARASCH


2