UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:   Insurance<br><br>  Acevedo v. AAA Insurance, et al<br>  No. 07-5199 | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |

### SUR-REPLY MEMORANDUM TO DEFENDANT'S CHURCH MUTUAL INSURANCE COMPANY'S REPLY

Defendant, Church Mutual makes the following assertions in it's Reply:

(1) That because the Seminary did not name it on the complaint, no claim was stated, upon which an amendment could relate back.

The defendant sets forth no authority for it's assertion.

In <u>Watkins v. Manual Lujan Jr.,Secretary, Department of the Interior</u>, 922 F.2d 261 (5th Cir. 1991), the defendant Secretary made a similar argument regarding relation back.

In <u>Watkins</u>, the plaintiff timely filed a Title VII action under the Civil Rights Act of 1964 alleging racial discrimination, but then amended her complaint eliminating her Title VII action and elected to proceed under 42 U.S.C. § 1981.  Thereafter and beyond the 30-day filing requirement under Title VII, Watkins filed a second amended complaint re-asserting

her Title VII action.[1] Watkins, 922 F.2d at 262-263.

The defendant Secretary contended that: (1) the 30-day period was jurisdictional; (2) Watkins had abandoned her Title VII cause of action; and (3) the district court was without jurisdiction to hear Watkins 1981 action, and thus there was no cause of action to which Watkins second amended complaint, alleging Title VII action, could relate back to. Id. at 263.

In Watkins, the Fifth Circuit allowed the amendment, finding that the amendment arose out of the conduct, transaction, or occurrence as set forth in the original complaint. Id. at 263-265.

In reaching it's conclusion, the Watkins court addressed Rule 15(c) ed. R. Civ.P. and Brown v. Department of the Army, 854 F. 2d 77 (5th Cir. 1988).

In Brown, the plaintiff filed his Title VII suit within the 30-day period, but named the wrong party defendant and did not name the correct party until well after the 30-day period had run. Id. at 263.

In Brown, although the court held that the amendment did not relate back, it specifically pointed to Rule 15(c), as a way that a Title VII claim could be timely despite being added after the 30-day period of limitations had lapsed. But the Brown court concluded:

> The only way the court could have retained jurisdiction was if the amended complaint which named the proper defendant could relate back to the original filing date under Rule 15(c) Fed. R.Civ.P.
>  Brown, 854 F.2d at 78.

---

[1] Title VII is the exclusive judicial remedy for claims of federal employment discrimination. Id. at 263.

Herein, the Seminary was not subject to a 30-day statutory limitations period. Herein, the Seminary amended it's complaint within the 120 day period under Rule 4(m). See Rule 15(c)[2].

Herein the amendment is a verbatim reiteration of the same transaction, conduct and occurrence as the original pleading.

In <u>Watkins</u>, the court stated:

> The viability of a course of action in an original complaint does not necessarily affect the application of the relation-back doctrine.

> While a court must dismiss a case over which it has no jurisdiction whenever a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given.
> <u>Id.</u> at 264.

In <u>Watkins</u>, like the cases cited by the Seminary in it's Opposition Memorandum, the court looked to the hardship the defendant would face in answering to the amendment and whether, adequate notice was given to the defendant in the original pleading, as the factors that are outcome determinative. <u>Id.</u> at 264-265.

The <u>Watkins</u> court noted:

> The common thread running through these opinions is that the relation-back doctrine is controlled not by the caption given a cause of action, but by the underlying facts upon which the cause of action is based.
> <u>Id.</u> at 265.

---

[2] In the <u>Brown</u> case, the amendment adding the correct party defendant was not allowed due to application of the <u>Schiavone</u> factors. The <u>Brown</u> court acknowledged that, Brown met the first of four factors, i.e., same transaction or occurrence, but not the three other factors. <u>Brown</u>, 854 F.2d at 77-78.
   Herein, the Seminary was not bound by Schiavone factors as Congress amended Rule 15(c) to avoid Schaivone's harsh result.

(2) The second assertion by Church Mutual, also is not supported by any legal authority, appears as smoke screen, rather than substance. Church Mutual at Page 3 of it's Reply, contends that the claims of the plaintiff's other than the Seminary, named in the complaint, cannot relate back because: (1) the plaintiff's (other than the Seminary) were not insured by Church Mutual, and (2) none of the named insurer defendants issued a policy to the other plaintiff's.

How the above facts recounted by Church Mutual relate to Rule 15(c)(3) and the issue of "same transaction or occurrence," to defeat this first criteria of Rule 15(c) is not explained.

(3) The third assertion by Church Mutual at Pages 3-4 of it's Reply, is that notice of a law suit, cannot be provided, by the fact of a hurricane causing damage to an insured's property and/or that Church Mutual is the leading insurer of church- related properties. However, the assertion infers that the reasonable man test for notice under Rule 15(c)(3) cannot take these facts into account when determining notice thereunder. Again, the defendant offers no legal authority for the assertion.

(4) The last assertion of Church Mutual is that the complaint fails to state a cause of action for damages by inferring that "all" damage was paid for wind and wind driven rain. However the complaint and the amendment, does not state that "all" damage for wind and wind driven rain was paid. The defendant's inference may be a reasonable one, but the converse is reasonable as well, i.e., that payment made was not made for "all"wind and wind driven rain damage. General Electric Capital Corporation, v. Posey, 415 F.3d 391, 396 (5th Cir. 2005) (The "... simplified notice pleading standard relies on liberal discovery rules ans

summary judgment notions to define disputed facts and issues and to dispose of unmeritorious claims.").

In conclusion, the <u>General Electric Capital Corporation</u> case summarizes the general pleading principles of Rule 8 Fed.R.Civ.P. as follows:

> Instead, the testis whether the complaint outlines or adumbrates a violation of the statute, [common law theory] of recovery, or constitutional provision on which the plaintiff relies...and connects the violation to the named defendants. <u>Id.</u> at 397

Plaintiff submits that it's Opposition Memorandum and this Sur-Reply, show that the complaint and the amendment satisfy the rules of notice pleading and the requirements of Rule 15(c) to allow this amendment.

                                                            Respectfully submitted

                                                            *S/Stuart Barasch*
                                                            STUART BARASCH
                                                            Attorney for Plaintiffs
                                                            HURRICANE LEGAL CENTER
                                                            910 Julia Street
                                                            New Orleans, LA 70113
                                                            Tel. (504) 525-1944
                                                            Fax (504 525-1279

CERTIFICATE OF SERVICE

_____I hereby certify that, on April 12, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties.

*S/Stuart Barasch*
STUART T. BARASCH