1

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES    *    Civil Action No. 05-4182
                                 *    Consolidated Litigation
_____*
                                 *    Section "K"(2)
PERTAINS TO:                     *
RECORD DOCUMENT 11623            *    New Orleans, Louisiana
                                 *    April 2, 2008
* * * * * * * * * * * * * * * *  *



              HEARING ON MOTION FOR RECONSIDERATION,
         BEFORE THE HONORABLE JOSEPH C. WILKINSON, JR.,
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Movers:                      Law Office of Ashton O'Dwyer, Jr.
                                 By:  ASHTON R. O'DWYER, JR., ESQ.
                                 821 Baronne Street
                                 New Orleans, Louisiana 70113

For Plaintiff Liaison            Bruno & Bruno
Counsel:                         By:  JOSEPH M. BRUNO, ESQ.
                                 855 Baronne Street
                                 New Orleans, Louisiana 70113

For Indian Harbor                Phelps Dunbar, LLP
Insurance Company:               By:  MARSHALL M. REDMON, ESQ.
                                 445 North Blvd., Ste. 701
                                 Baton Rouge, Louisiana 70821

                                 Lambert & Nelson
                                 By:  HUGH P. LAMBERT, ESQ.
                                 701 Magazine Street
                                 New Orleans, Louisiana 70130

```
APPEARANCES (Cont'd.):

For Louisiana State:        Fayard & Honeycutt
                            By:  CALVIN C. FAYARD, JR., ESQ.
                            519 Florida Boulevard
                            Denham Springs, Louisiana 70726

                            Dudenhefer Law Firm, LLC
                            By:  FRANK DUDENHEFER, JR., ESQ.
                            601 Poydras Street, Suite 2655
                            New Orleans, Louisiana 70130

For Peace Lake Towers, Inc. Jackson Walker, LLP
                            By:  JOSHUA A. ROMERO, ESQ.
                            100 Congress Ave., Ste. 1100
                            Austin, Texas 78701

                            Schully, Roberts, Slattery
                             & Marino
                            By:  GERALD F. SLATTERY, ESQ.
                            1100 Poydras St., Ste. 1800
                            New Orleans, Louisiana

Court Audio Operator:       Bonnie Hebert

Transcriptionist:           Dorothy Bourgeois
                            c/o U.S. District Court
                            500 Poydras Street, Room C151
                            New Orleans, Louisiana 70130
                            (504) 589-7721
```

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

1        **P R O C E E D I N G S**

2              (Wednesday, April 2, 2008)

3              (Matter is called by Clerk)

4         THE COURT:  Good morning, be seated, please.

5        ("Good morning" from all Counsel)

6         THE COURT:  This case is In Re: Katrina Canal

7   Breaches Consolidated Litigation, Civil Action Number 05-4182.

8   We have Plaintiff's Motion for Reconsideration of my previous

9   order.

10             Counsel, make your appearances, please.

11             MR. O'DWYER:  May it please the Court, Your Honor;

12  Ashton O'Dwyer for Movers.

13             MR. BRUNO:  Good morning, Your Honor; Joseph Bruno

14  for Plaintiff Liaison Counsel, and thank you very much for

15  accommodations this morning.

16             THE COURT:  Sure.

17             Mr. O'Dwyer, your motion.

18             MR. O'DWYER:  Good morning, Your Honor.

19             Preliminarily, I wish to bring to the Court's

20  attention that, on March 31st, I filed Record Document

21  Number 12082 in the record, which is a Memorandum in Opposition

22  to the Motion for Protective Order, that was the subject of the

23  Motion for Reconsideration.

24             THE COURT:  I received it.  I read it.  It's sitting

25  here in front of me, Mr. O'Dwyer.

4

1        MR. O'DWYER:  All right.  As of this morning, the
2   Motion for Leave --
3        THE COURT:  Do you want me to --
4        MR. O'DWYER:  -- to File had not been granted.
5        THE COURT:  That's right.  Do you want me to grant
6   it?
7        MR. O'DWYER:  I would like you to, Your Honor.
8        THE COURT:  Do you want that filed in the record?
9        MR. O'DWYER:  Yes, I do.
10       THE COURT:  All right, it will be filed in the
11  record.
12       MR. O'DWYER:  Thank you.
13       Your Honor, because I know you for so long, having
14  been your law partner at one time, --
15       THE COURT:  Do you think that's grounds to recuse me
16  in this matter?
17       MR. O'DWYER:  No.
18       THE COURT:  Why not?
19       MR. O'DWYER:  Because I think that you can be fair
20  and impartial, notwithstanding that past relationship which is
21  some time ago.
22       But, anyway, I know that you know what a conflict of
23  interests is, and I know that you know that I know what a
24  conflict of interest is.  And, a real conflict of interest
25  exists in this case.  I can't be the only lawyer in the City of

1   New Orleans in the Katrina litigation that sees this obvious
2   conflict.
3              THE COURT:  Obviously, you're not, since about 20
4   other lawyers have already filed a motion on behalf of hundreds
5   of other clients, based on the same point, --
6              MR. O'DWYER:  Well, --
7              THE COURT:  -- which is pending and being considered.
8              MR. O'DWYER:  Yes, sir.  Okay.
9              THE COURT:  And, which is supported by 22 exhibits.
10             MR. O'DWYER:  All right.  I am not --
11             THE COURT:  And, in which nobody has asked for these
12  depositions.
13             MR. O'DWYER:  Well, I --
14             THE COURT:  You're not aware of the other Motion to
15  Disqualify these counsel --
16             MR. O'DWYER:  I am aware --
17             THE COURT:  -- from these cases?
18             MR. O'DWYER:  -- that there is, in the Road Home
19  litigation, a Motion to Disqualify these lawyers based on a
20  conflict that someone in the Road Home litigation sees between
21  them -- between and among them, their clients and the State of
22  Louisiana.
23             It is a different conflict of interest that I am
24  urging in my particular papers.  And, as far as I knew --
25  because I don't follow the Road Home litigation; I'm not in it

```
 1   -- the Motion to Disqualify those counsel was stayed, I
 2   thought, --
 3            THE COURT:  You're wrong again, Mr. O'Dwyer.
 4            MR. O'DWYER:  All right.  Well, --
 5            THE COURT:  You see, this is one of the problems that
 6   you frequently have when you appear, which is you're not fully
 7   informed of what's in the record.  I know it's a big record.
 8            MR. O'DWYER:  I concede --
 9            THE COURT:  I know it's a difficult record to deal
10   with.
11            MR. O'DWYER:  I concede the point.  The last time I
12   looked at the record in the Road Home cases, the Motion for
13   Disqualification, filed by the insurance companies, had been
14   stayed pending a decision on remand of the case to state court.
15            I stand to be corrected.
16            THE COURT:  Let me read the Order to you.
17            Go ahead.  Continue with your argument,
18   Mr. O'Dwyer, --
19            MR. O'DWYER:  All right.
20            THE COURT:  -- because Mr. Bruno has got --
21            MR. O'DWYER:  The reason that I believe --
22            THE COURT:  -- to get out of here.
23            MR. O'DWYER:  -- the depositions are necessary is
24   because I have reason to believe that these lawyers have been
25   representing the interests of the state for some time, and that
```

1   they failed to disclose their representation of the state.
2            My first knowledge of it was August 29, 2007, or
3   thereabouts.  I have since learned that, in the dredging
4   limitation proceedings, and more particularly a case which
5   bears Civil Action Number 06-8676, these same lawyers filed
6   pleadings on behalf of the state as early as July 2007.
7            The "gorilla in the room" here that no one has
8   addressed -- and I would also remind Your Honor, respectfully,
9   that my worthy opponents have not addressed the conflict of
10  interests in their papers.  What the issue is:  When did the
11  Court know that Mr. Fayard and Mr. Becnel represented the
12  state?
13           Could I ask Your Honor that question?  When did you
14  learn that they represented the state?
15           THE COURT:  I don't recall.
16           MR. O'DWYER:  Well, I would like to ask them, under
17  oath, when they commenced negotiations to represent the state.
18  And, if it is a date prior to August 29, 2007, then I
19  respectfully submit that I and my clients have the right to
20  know when that was and why they didn't disclose that fact to us
21  and to the Court sooner.
22           I also respectfully submit that we are entitled to
23  full financial disclosure, not only of their financial
24  arrangements with the state, which is a party adverse to
25  claimants, plaintiffs and potential class members, but also

1   between and among each other.  So that, in addition to
2   Messrs. Becnel, Fayard, Honeycutt, and Bruno, we can determine
3   who else may be tainted.
4          The last point, Your Honor, was -- and this is part
5   of my Motion for Disqualification of Counsel filed right before
6   the new administration took over; I believe the record document
7   number is 10166 -- we maintain that these lawyers should be
8   disqualified from serving on committees in this litigation.
9   And, if that leads elsewhere, then so be it.
10         Now, why the lawyers for the insurance companies have
11  not asked for depositions, I can't address, but I did it, and
12  I've just told you why.
13         Do you want me to address their arguments?
14         THE COURT:  You can address whatever you want,
15  Mr. O'Dwyer.  I've looked at this Order that we talked about
16  earlier.  It's not so much a stay order as a continuance, and
17  it provides for response briefing on the Motion to Disqualify,
18  to be due after the court of appeal rules.
19         MR. O'DWYER:  Okay.
20         THE COURT:  And, it appears that the court of appeals
21  has given itself an extension to rule on the Motion to Remand
22  until April 14th.
23         MR. O'DWYER:  I see.
24         THE COURT:  So, it's not a stay.
25         MR. O'DWYER:  All right.

1    THE COURT:  In my view, it's not even an indefinite
2 continuance, because the court of appeals is obligated to rule
3 in a certain time frame.
4    MR. O'DWYER:  Well, when I leave here, I am going to
5 do some due diligence and investigate the status of the Road
6 Home litigation.
7    THE COURT:  Well, I just told you what the status is.
8    MR. O'DWYER:  But, has the Motion for
9 Disqualification been argued contradictorily before Your Honor
10 or Judge Duvall?
11    THE COURT:  It hasn't been before me, but apparently
12 there has been at least one and maybe more status conferences
13 in open court concerning the -- for motions, since there are a
14 couple of minute entries in the record concerning that.
15    MR. O'DWYER:  All right.  Your Honor, the last time I
16 was in this courthouse was to attend a settlement conference in
17 front of Judge Africk, and he called me into chambers before
18 the conference actually got started.  And, I'm not going to go
19 into everything that was said in chambers, but I told him:
20 Rather than me attend this conference and say, with everyone
21 present, what I've already put in my papers is not going to
22 serve any useful purpose.
23    I have said --
24    THE COURT:  This was a conference in some other case?
25    MR. O'DWYER:  It was a conference in the Katrina

1  cases.  Judge Duvall referred a settlement conference to
2  Judge Africk, who is not the judge presiding over the Katrina
3  cases.
4          I wanted to know what was going on at that
5  conference, which I had not been invited to, but which I knew
6  about.  And, so I appeared, along with a lot of other people,
7  in Judge Africk's chambers, at the time the conference was set.
8          The point I'm trying to make to you, which I made to
9  him:  I've already said some very strident things about these
10 lawyers, including particularly Mr. Fayard.  I don't apologize
11 for what I have said, because I'm reporting things as
12 accurately to you as I see them.
13         But, they have not addressed, either in their Motion
14 for a Protective Order or in their opposition to my Motion for
15 Reconsideration, either the conflict of interests or the issue
16 concerning the integrity of the litigation as I have framed it
17 to this Honorable Court.
18         I'll submit.
19         THE COURT:  Thank you.
20         MR. O'DWYER:  If I can have some rebuttal, if I think
21 I need it.
22         THE COURT:  Certainly.
23         MR. BRUNO:  It is Mr. O'Dwyer's constant habit to
24 address the issues extraneous to what's before Your Honor.
25 What is before Your Honor is a Motion to Quash specific Notices

1   of Deposition.
2          There are rules which govern a party's right -- or a
3   litigant's right, I should say; because it's not a party, it's
4   a litigant -- to depose lawyers in the case.  Mr. O'Dwyer has
5   not addressed that issue, which is the only issue before you
6   this morning.
7          He does not know what a conflict of interest is,
8   unfortunately.  He has no basis to even suggest that there is
9   any conflict of interest regarding me.  I am not counsel for
10  the State of Louisiana.  The record bears that out.  And so,
11  essentially what we have, with regard to his suggested need to
12  depose me, in the very least, is that he has a suspicion.
13         Well, I'll put it to Your Honor that that is hardly
14  the substance of which would permit the Court to allow him to
15  depose me; nothing more than his belief.  He's got nothing.
16  He hasn't met his burden of demonstrating the need for the
17  deposition.
18         The second point, with regard to the other counsel,
19  who he suggests a need to depose, he doesn't even understand
20  that the timing of the conflict is not relevant.  Either there
21  is a conflict or there's not a conflict.  Either he's right,
22  that the representation by Mr. Fayard of the state represents a
23  conflict, or it does not.  Very simple issue.  There's nothing
24  that a deposition would give the Court or Mr. O'Dwyer in order
25  to assist the Court in resolving that question.

```
 1            The simply facts are these:
 2            The State of Louisiana is not a party to this
 3   litigation as a defendant.  He knows that.  He refuses to
 4   acknowledge that.  I am the one who had to share with him,
 5   because he never does his due diligence, that the State of
 6   Louisiana is a party to a class action complaint pending in
 7   state court, which this Court, you may recall, suggested is the
 8   right place to be, because this Court had no jurisdiction over
 9   the State of Louisiana.
10            So, to the extent that Mr. O'Dwyer suggests that his
11   clients don't have an opportunity for relief against the state,
12   he's wrong -- again.  They have that right to relief.
13            Number two, they're not a party before the Court now.
14   There is no conflict.
15            And, most importantly, with regard to the issue
16   today, he hasn't met his burden of demonstrating that there is
17   a need to depose lawyers in this case.
18            Thank you, Judge.
19            THE COURT:  All right.
20            Rebuttal.
21            MR. O'DWYER:  Yes, Your Honor, just a few points of
22   rebuttal.
23            Number one, the depositions are certainly relevant to
24   my Motion for Disqualification, which is still pending.
25            Point two, the issue about deposing lawyers.  I
```

1  stated in my papers, that Your Honor granted me leave to file
2  that plaintiffs liaison counsel gloss over the fact that the
3  case law that they cite deals with deposing lawyers for a party
4  opponent.  These gentlemen wear two hats.  They're our lawyers.
5           Number three --
6           THE COURT:  You wouldn't argue, though, that you're
7  not adverse to them in this regard, would you?
8           MR. O'DWYER:  No, but they have an obligation to me
9  and my clients, as members of committees, which I maintain that
10 they have violated, and there are ramifications that flow from
11 that.  I didn't make the rules.  I didn't "sleep with the
12 Devil."  They did.
13          Mr. Bruno is tainted, Your Honor, whether he's on
14 pleadings representing the State of Louisiana or not, by virtue
15 of the financial arrangements.  His signature is on a Fee
16 Sharing Agreement where his fees and the state's lawyer's fees
17 and other committee member's fees go all kinds of ways.
18 They're shared and that taints them, whether he wants to
19 concede that or not.
20          Lastly, Your Honor, here is another "elephant in the
21 room."  I have told them in no uncertain terms that I am
22 studying a cause of action against them for legal malpractice.
23 This may be the first legal malpractice class action in the
24 history of American jurisprudence, but if they are guilty of a
25 conflict of interest, particularly after Judge Duvall's

14

1  January 30, 2008 decision, I respectfully submit that my
2  clients and I have a cause of action against them.
3           I'll submit the matter.  Thank you.
4           THE COURT:  Thank you very much.
5           The motion is denied.  I'll issue some written
6  reasons this afternoon.
7                    *   *   *   *   *
8                    (Hearing is Concluded)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**C E R T I F I C A T E**

      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

| | |
|---|---|
| **/s/Dorothy M. Bourgeois** | **4/8/08** |
| **Dorothy M. Bourgeois** | **Date** |