UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.   05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |
| * * * * * * * * * * * * * * * * * * | | |

PLAINTIFFS' OBJECTIONS TO AND MOTION
TO REVIEW MAGISTRATE'S HEARING AND
ORDER ON MOTION (RECORD DOCUMENT NO. 12182)

**COME NOW** plaintiffs, including Ashton R. O'Dwyer, Jr., who appears *in propria persona* and as counsel for plaintiffs and movers herein, pursuant to the provisions of Rule 72(a), Federal Rules of Civil Procedure, pursuant to 28 U.S.C. §636(b)(1), and pursuant to Rule 74.1 of the Uniform Rules for the United States District Courts in the State of Louisiana, and object to and move This Honorable Court to review each of the findings, orders and rulings contained in Record Document No. 12182, being Magistrate Wilkinson's Hearing and Order on Motion of April 2, 2008.  More

particularly, plaintiffs object to and move for review of the following rulings and conclusions upon the grounds that they are clearly erroneous or contrary to law or clearly erroneous and contrary to law, and upon further grounds that Magistrate Wilkinson abused the discretion vested in him in so ruling:

(1)  "DENIED"

(2)  "The motion offers nothing on which I would reconsider my previous order, which stands unaltered."

(3)  "There has been no need expressed in the various proceedings that have occurred with that thorough and well-briefed motion for the depositions of counsel of record."

(4)  "It appears that everything that will be necessary to determine whether counsel should be disqualified can be submitted to the court without these disruptive and unnecessary depositions, which the case law cited in my previous order generally disfavors."

(5)  "Both this court and the Louisiana Office of Disciplinary Counsel have established extensive procedures, both for screening such allegations and for investigating them if they are deemed worthy of further investigation.  Those are the procedures plaintiffs' counsel should employ if he seeks to pursue these allegations, not discovery in the underlying civil matters."

(6)  "Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney' instead, the practice should be employed only in limited circumstances."  (citations omitted).

-3-

(7) "I find that ample other means exist (and have already been employed, for example, by the insurance companies' counsel) to provide the court the information needed to address the motions to disqualify; the proposed depositions are largely unnecessary and would impact both privileged information in the ongoing preparation of the underlying cases; and the deposition testimony is not crucial to determination of either the matters for which it is sought or the substance of the underlying cases."

As grounds for the brining of these Objections to and Motion to Review Magistrate's Hearing and Order on Motion, plaintiffs reaver, reiterate, and incorporate herein by reference thereto the factual averments of and legal arguments made in Record Document Nos. 11253, 11623, 12189, 12458, 10331, 10431, 10615, 10646, 10731, 10737, 10758, 10759, 10886, 10910, 10969, 11074, 11096, 11253, 11317, 11357, 11369, 11370, 11371 and 11372, none of which are waived. Plaintiffs further aver that Magistrate Wilkinson may have had his ability to be fair and impartial compromised by his affiliation with Judge Duval, who plaintiffs aver should be recused. Plaintiffs specifically direct the attention of the Court to Record Document No. 12458 and to the following exchange on the record in Open Court on August 2, 2008:

BY PLAINTIFFS' COUNSEL:

"What the issue is: When did the Court know that Mr. Fayard and Mr. Becnel represented the state?

Could I ask Your Honor that question? When did you learn that they represented the state?

BY MAGISTRATE WILKINSON:

-3-

        "I don't recall".[1]
(Record Document No. 12458, page 7, lines 10-14).

Additional grounds for bringing this motion are contained in the memorandum filed simultaneously herewith.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ASHTON R. O'DWYER, JR.**

    **By:**   **S/Ashton R. O'Dwyer, Jr.**
           Ashton R. O'Dwyer, Jr.
           La. State Bar Roll No. 10166
           821 Baronne Street
           New Orleans, LA 70113
           Tel. (504)-679-6166
           Fax. (504)-581-4336

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served upon all counsel of record, via Electronic filing, this 15th day of April, 2008, and also upon the Honorable Magistrate Judge and the Honorable U.S. District Judge presiding in this case by U.S. mail, if Electronic filing is not CM-ECF-accepted for both Judges, with respect.

        S/Ashton R. O'Dwyer, Jr.

---

[1] An April 2, 2008 facsimile from plaintiff's counsel to Magistrate Wilkinson, following the hearing, asking the Magistrate to attempt to reconstruct when he acquired that knowledge and how, attached as Exhibit No. 1, has not been responded to.