UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.    05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |

* * * * * * * * * * * * * * * * * *

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF OBJECTIONS TO
AND MOTION TO REVIEW
MAGISTRATE'S HEARING ORDER ON MOTION

**MAY IT PLEASE THE COURT:**

This matter has already been fully briefed and argued to Magistrate Wilkinson who, it is respectfully submitted, appears to have rendered a "political" decision calculated to satisfy the subjective wishes of the presiding Judge, the Honorable Stanwood R. Duval, Jr. on this issue in this litigation.  In a Memorandum in Opposition to Plaintiffs' Liaison Counsel's Motion for a Protective Order (Record Document No. 12189), plaintiffs stated that there are only three (3) reasons why Magistrate Wilkinson

-1-

should have set aside his prior granting of the Motion for a Protective Order, quashing the depositions of Plaintiffs' Liaison Counsel and Committee Members:

1.    The integrity of this litigation;

2.    The integrity of this litigation;  and

3.    The integrity of this litigation.

Neither Plaintiffs Liaison Counsel nor the Committee Members whose depositions are being sought have addressed the patently obvious conflict of interests which exists by virtue of their serving on Committees in this litigation and, therefore, having obligations pursuant to Rule 23 to claimants, plaintiffs and potential class members, while simultaneously represented the interests of the State of Louisiana, and failing to disclose their representation of the State to the Court or other counsel in a timely manner.  Additionally, neither the District Court nor Magistrate Wilkinson, nor Plaintiffs' Liaison Counsel nor Committee Members, have addressed the focal issue which was summarized in plaintiffs' prior pleadings as follows:

>    "The integrity of this litigation which has been called into question by virtue of an extra-judicial source of bias and prejudice, arising out of the Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or other counsel prior to August 29, 2007."  Record Document Nos. 10910, p. 16, and 11317, pp. 3-4, in C.A. No. 05-4182.

As was pointed out at oral argument, the depositions are not only directly relevant to the pending motion for disqualification of counsel for their conflict of interests and

other violations of the Rules of Professional Conduct,[1] but also to the District Court's recusal. The depositions which plaintiffs are seeking to take will, it is respectfully submitted, reveal facts directly relevant to an appeal and/or a writ of mandamus of the denial of plaintiffs' Motion to Recuse Judge Duval, facts currently denied to plaintiffs. At oral argument on April 2, 2008, plaintiffs' counsel framed the issue by asking Magistrate Wilkinson the following:

BY PLAINTIFFS' COUNSEL:

"What the issue is: When did the Court know that Mr. Fayard and Mr. Becnel represented the State?

Could I ask Your Honor that question? When did you learn that they represented the State?"

BY MAGISTRATE WILKINSON:

"I don't recall." [2]
(Record Document No. 12458, page 7, lines 10-15).

With such non-responsive answers to a very simple question going to the very integrity of this litigation, plaintiffs' posit: "How else, but through depositions, are they supposed to learn what "other people", who had professional responsibilities to them and to the entire judicial process, may have concealed from them for so long?"

The Magistrate's Order denying plaintiffs the right to take the depositions of Counsel, Plaintiffs' Liaison Committee Members, and others, should be reversed.

---

[1] How are plaintiffs expected to learn who else may be "tainted" if Plaintiffs' Liaison Counsel and Committee Members cannot be deposed under oath and required to make returns on *subpoenae duces tecum*?
[2] See also the April 2, 2008 facsimile to the Magistrate, requesting that he attempt to reconstruct when and how he acquired that knowledge, which remains unresponded to.

Respectfully submitted,

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**Counsel for Plaintiffs**

**By:    S/Ashton R. O'Dwyer, Jr.**
            **Ashton R. O'Dwyer, Jr.**
            **Bar No. 10166**
            **821 Baronne Street**
            **New Orleans, LA 70113**
            **Tel. 504-679-6166**
            **Fax. 504-581-4336**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record, via Electronic filing, this 15th day of April, 2008, and also upon the Honorable Magistrate Judge and the Honorable U.S. District Judge presiding in this case by U.S. mail, if Electronic filing is not CM-ECF-accepted for both Judges, with respect.


            S/Ashton R. O'Dwyer, Jr.