UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THE MARRERO LAND AND              *    CIVIL ACTION NO. 07-5366
IMPROVEMENT ASSOCIATION, LTD.     *
                                  *
VERSUS                            *
                                  *
                                  *
UNITED STATES OF AMERICA,         *
WASHINGTON GROUP                  *
INTERNATIONAL, INC., BOARD        *
OF COMMISSIONERS OF THE           *
ORLEANS LEVEE DISTRICT, ST.       *
PAUL FIRE AND MARINE              *
INSURANCE COMPANY, AND BOARD      *
OF COMMISSIONERS OF THE LAKE      *
BORGNE BASIN LEVEE DISTRICT       *
* * * * * * * * * * * * * * * * * * * * * * *

ANSWER AND DEFENSES OF THE BOARD OF COMMISSIONERS,
TO PLAINTIFFS' ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of

Commissioners, Lake Borgne Basin Levee District ("LBBLD"), who answers and sets forth its

affirmative defenses to the Original Complaint ("Complaint") of Plaintiff, Marrero Land and

Improvement Association as follows:

FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the Complaint fails to state a

claim against this defendant for which relief can be granted.

SECOND DEFENSE

The LBBLD is a political subdivision of the State of Louisiana and is, under La. R.S.

9:2798.1, entitled to immunity for all actions and inactions as alleged in the Complaint.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, the LBBLD is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

## FOURTH DEFENSE

Defendant avers that all the levees were constructed in accordance with federal guidelines.

## FIFTH DEFENSE

Defendant alleges that plaintiffs have failed to mitigate their damages, if any.

## SIXTH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, La. R.S. 9:2800, La. R.S. 9:2800.17 and La. R.S. 13:5106.

## SEVENTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy any alleged defect, the existence of which is denied.

## EIGHTH DEFENSE

Defendant affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm, the existence of which is denied.

## NINTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is denied.

## TENTH DEFENSE

Defendant alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue. To the contrary, the exclusive right, jurisdiction, power and authority to design and construct the levees in question was conferred by law to persons or entities other than the LBBLD.

## ELEVENTH DEFENSE

Defendant denies that it was negligent, but in the event it is deemed negligent, then the negligence or fault of the defendant should be compared to the negligence or fault of others, both parties and non-parties to the instant action, and any recovery against defendant should be reduced accordingly.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury and loss of property constituted known risks.

## FOURTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, then any injuries and/or damages resulted from an independent, intervening, and/or superseding cause for which defendant may not be held responsible.

**FIFTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' injuries and damages, if any, resulted from circumstances and causes that could not have been prevented by the defendant.

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct alleged in plaintiff's Complaint.

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that, at all times relevant hereto, it acted as a Federal Officer and/or Federal Contractor under 28 U.S.C. § 1442(a)(1).

**NINETEENTH DEFENSE**

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others.  To the extent that the same is applicable, defendant specifically herein pleads the Government Contractor Defense.

**TWENTIETH DEFENSE**

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

## TWENTY-FIRST DEFENSE

Defendant affirmatively pleads that plaintiffs are not entitled to attorney's fees, costs or judicial interest.

## TWENTY-SECOND DEFENSE

Defendant affirmatively pleads that plaintiffs' claims are barred, either in whole or in part, by the applicable period of limitations or prescriptive/preemptive period and/or latches.

## TWENTY-THIRD DEFENSE

Defendant affirmatively pleads the provisions of La R.S. 9:2772 (preemptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon).

## TWENTY-FOURTH DEFENSE

Defendant affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. § 701, *et. seq.*

## TWENTY-FIFTH DEFENSE

Defendant affirmatively avers that to the extent plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times,

defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Torts Claims Act.

## TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure Rule 19.

## TWENTY-NINTH DEFENSE

Defendant affirmatively pleads the doctrine of *Lis Pendens*.

## THIRTIETH DEFENSE

Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state or federal law.
2. Additional defenses are established as discovery proceeds.
3. Additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-FIRST DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against the LBBLD are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by Federal law.

## THIRTY-THIRD DEFENSE

If any of the plaintiffs have received compensation or reimbursement, or should receive compensation or reimbursement, for any of their respective alleged damages, the LBBLD is entitled to credit or setoff.

## THIRTY-FOURTH DEFENSE

Defendant affirmatively pleads the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (La. R.S. 29:721, *et seq.*).

## THIRTY-FIFTH DEFENSE

Plaintiffs' right to trial by jury against the LBBLD is limited by the provisions of La. R.S. 13:5105.

## THIRTY-SIXTH DEFENSE

Defendant specifically objects to a trial by jury.

## THIRTY-SEVENTH DEFENSE

Defendant avers that the plaintiffs' claims are barred under the provisions of La. C.C. art 2315, in whole or in part, because plaintiffs cannot establish: (a) the LBBLD's alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the LBBLD's alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the LBBLD owed any duty to the plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the LBBLD breached such duty.

## THIRTY-EIGHTH DEFENSE

Defendant avers that the Independent Contractor Defense to the extent plaintiffs seek to hold the LBBLD responsible for the acts and/or omissions and/or fault of any third party entities, including but not limited to contractors and/or subcontractors.

## THIRTY-NINTH DEFENSE

The LBBLD owed no duty to the plaintiffs and, therefore, did not breach any duty.

## FORTIETH DEFENSE

The LBBLD is not liable to plaintiffs under any alleged "Act of Assurance".

## FORTY-FIRST DEFENSE

Defendant affirmatively pleads the doctrine of *Res Judicata*.

## FORTY-SECOND DEFENSE

The LBBLD hereby incorporates by reference each and every exception, denial, defense and response contained in any pleading previously filed on its behalf in Civil Action No. 05-4182 (Levee and MRGO) on the docket of this Court, as if set forth and copied herein in extenso.

## FORTY-THIRD DEFENSE

The LBBLD adopts by this reference any and all other defenses pled either now or later by any other named defendant to this action, if not otherwise set forth herein.

**AND NOW**, answering separately the allegations to the Complaint, LBBLD responds as follows:

1.

The allegations contained in Paragraph 1 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

Defendant admits its status as alleged in paragraph 4. The remaining allegations of paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

Defendant admits that National Union Fire Insurance Company issued a policy of insurance. However, defendant submits that the policy itself is the best evidence of its contents and is pled as if copied herein in *extenso*. The remaining allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 constitute a legal conclusion, thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations contained in Paragraph 34 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 35 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 37 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph 40 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in Paragraph 41 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph 42 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 43 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraph 44 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraph 45 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph 46 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in Paragraph 47 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 48 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in Paragraph 49 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations contained in Paragraph 50 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in Paragraph 51 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained in Paragraph 52 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations contained in Paragraph 53 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraph 54 are denied as written

55.

The allegations contained in Paragraph 55 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in Paragraph 56 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in Paragraph 57 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in Paragraph 58 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in Paragraph 59 constitute a legal conclusion, thus no answer is required of this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in Paragraph 60 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in Paragraph 61 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations contained in Paragraph 62 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations contained in Paragraph 63 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in Paragraph 64 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations contained in Paragraph 65 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in Paragraph 66 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in Paragraph 67 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in Paragraph 68 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in Paragraph 69 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in Paragraph 70 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in Paragraph 71 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in Paragraph 72 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in Paragraph 73 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in Paragraph 74 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 74 are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in Paragraph 75 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in Paragraph 76 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in Paragraph 77 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in Paragraph 78 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in Paragraph 79 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in Paragraph 80 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in Paragraph 81 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in Paragraph 82 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in Paragraph 83 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in Paragraph 84 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in Paragraph 85 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in Paragraph 86 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in Paragraph 87 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in Paragraph 88 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations contained in Paragraph 89 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

90.

The allegations contained in Paragraph 90 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations contained in Paragraph 91 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations contained in Paragraph 92 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations contained in Paragraph 93 require no answer from this defendant. However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations contained in Paragraph 94 constitute a legal conclusion thus no answer is required from this defendant. However, insofar as an answer is deemed necessary, the

allegations contained in Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

95.

The allegations contained in Paragraph 95 constitute a legal conclusion thus no answer is required from this defendant.  However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations contained in Paragraph 96 constitute a legal conclusion thus no answer is required from this defendant.  However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

97.

The allegations contained in Paragraph 97 constitute a legal conclusion thus no answer is required from this defendant.  However, insofar as an answer is deemed necessary, the allegations contained in Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

s/Jennifer M. Morris

LAWRENCE J. DUPLASS #5199
ANDREW D. WEINSTOCK #18495
JENNIFER M. MORRIS #29936
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Counsel for Defendant, Board of Commissioners, Lake Borgne Basin Levee District**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

s/Jennifer M. Morris

JENNIFER M. MORRIS
jmorris@duplass.com