UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 K - (2) |
| PERTAINS TO: INSURANCE | JUDGE DUVAL |
| 07-5199 (Rafael & Dioigna Acevedo v. State Farm Fire and Casualty Company | MAGISTRATE WILKINSON |

## UNSWORN DECLARATION OF STUART THOMAS BARASCH
### UNDER 28U.S.C. § 1746

My name is Stuart Thomas Barasch. I am a person of the age of majority and am competent in all respects to make this declaration. I am providing this declaration in support of plaintiffs' Motion for Leave to File First Amended Complaint.

I have been a member in good standing of the Louisiana State Bar Association and of the bar of the United States District Court for the Eastern District of Louisiana since 1991. I have also been a member in good standing of the State Bar of California and the Florida Bar Association since 1977, the State Bar of Texas since 1991, and the State Bar of Georgia since 1992.

# EXHIBIT A

I am lead counsel for the plaintiffs in *Abram et al v. AAA Insurance et al, No.* 07-5205 K-2 ("*Abram*"), and for the plaintiffs in *Acevedo et al v. AAA Insurance et al,* No. 07-5199 K-2 ("*Acevedo*"),both pending in the U.S. District Court for the Eastern District of Louisiana.

In its Memorandum in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint (at page 11) filed in both this case and in the *Abram* case, State Farm's counsel has stated that it "is certainly plausible then that plaintiffs' counsel intentionally did not oppose the Motion to Dismiss nor timely seek to amend the complaint as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the [Louisiana] Supreme Court ruled in *Sher [v. Lafayette Insurance Company]*." The suggestion in this statement by State Farm's counsel is absolutely untrue.

I did not, in either this case or in the *Abram* case, intentionally fail to oppose State Farm's Motion Rule 12(b)(6) Motion to Dismiss. I did not intentionally delay in seeking leave of court to amend the complaint in this case or in the *Abram* case "as part of a strategy to delay the filing of an amended complaint which removes any claim for damage caused by flood until the [Louisiana] Supreme Court ruled in *Sher [v. Lafayette Insurance Company]*", as asserted by State Farm's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2008.

/s/ **Stuart Thomas Barasch**
STUART THOMAS BARASCH