UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: LEVEE<br>(LOUISIANA ENVIRONMENTAL<br>ACTION NETWORK, NO. 06-9147) | SECTION: "K"(4) |

### MEMORANDUM AND ORDER

Before the Court is Defendant United States Army Corps of Engineers' ("Corps") Motion to Dismiss Plaintiff Louisiana Environmental Action Network's ("LEAN") First Amended Complaint for failure to state a claim.[1]  Having reviewed the relevant pleadings, statutes, and case law, this Court finds that the Corps' motion to dismiss should be granted for the reasons herein.

### I. BACKGROUND

LEAN has brought the instant suit as a means to compel the Corps to clean up debris that was deposited in the Vista Park neighborhood of New Orleans due to the breach of the London Avenue Canal levees in the wake of Hurricane Katrina.  LEAN originally asserted a claim under the citizen suit provision of Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.  By memorandum and order dated November 2, 2007, this Court dismissed the Plaintiff's claim, holding that the strong invocation of sovereign immunity in the Flood Control Act, 33

---

[1] The Corps does not specifically mention a Rule of Civil Procedure in its motion. However, considering that the motion states as its most broad ground that "LEAN has failed to state any viable claim," this Court believes it is on solid ground applying Rule 12(b)(6).

1

U.S.C. § 702c, overcame any waiver of sovereign immunity in § 6972.  *See In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 06-9147, 2007 WL 3270768, at *11 (E.D. La. Nov. 2, 2007).  LEAN has now filed its First Amended Complaint that attempts to assert essentially the same claim against the Corps; however, in this complaint LEAN couches its allegations on the federal facilities provision of RCRA, 42 U.S.C. § 6961(a).  First Amended Complaint at 1 (Rec. Doc. 9130) ("Compl.").  Specifically, LEAN claims that the Corps has violated the provisions of § 6961(a), which require the federal government and its agencies to comply with "all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal and management in the same manner, and to the same extent, as any person is subject to such requirements."  42 U.S.C. § 6961(a).  LEAN alleges that the Corps had jurisdiction over the London Avenue Canals that were breached during Hurricane Katrina, spilling hazardous sediments in the Vista Park neighborhood of New Orleans.  Compl. at 6-7.  LEAN seeks an injunction and a declaratory judgment requiring the Corps to analyze and clean up the contaminated sediment and soil in the Vista Park neighborhood, and LEAN seeks the costs of litigation, fees, and any other relief this Court deems proper.  Complaint at 11-12.

      The Corps moves here for an order of dismissal for failure to state a claim upon which relief can be granted.  Motion to Dismiss (Rec. Doc. 10312).  It asserts that LEAN is bringing an "endangerment" claim, which is properly brought under 42 U.S.C. § 6972 (the "citizen suit" provision), a claim that this Court dismissed in its previous order.  Furthermore, the Corps claims

that LEAN's new claim under § 6961 must fail because § 6961 does not provide for a private right of action, unlike § 6972's citizen suit provision.  Finally, the Corps asserts that LEAN has not identified any statutory "requirement" that the Corps has violated.

LEAN replies that their complaint is adequate.  First, LEAN claims that they have asserted a "requirement" because RCRA allows for a broad definition of "requirement," to include injunctive relief.  Reply at 7 (Rec. Doc. 11469).  LEAN asserts that the provision of § 6961 that subjects the federal government to requirements including injunctive relief "unambiguously incorporates RCRA § 6972(a)(1)(B)'s authorization to the courts to issue injunctions in a lawsuit that may be brought by 'any person.'" Reply at 5 (quoting 42 U.S.C. § 6972(a)).  LEAN further argues that the law of the case doctrine does not prevent this Court from revisiting its prior opinion and holding that § 6961's waiver of immunity can be transferred to an action brought under § 6972.  Reply at 12-13.

**II.  ANALYSIS**

Rule 12(b)(6) allows a party to seek dismissal where the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Evaluation of a Rule 12(b)(6) motion requires this Court to "accept[] as true the factual allegations that are well-pled and constru[e] them favorably towards the plaintiff."  *U.S. ex rel. Marcy v. Rowan Companies, Inc.*, --- F.3d ----, 2008 WL 588745, at *2 (5th Cir. Mar. 5, 2008).  "The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Guidry v. American Public Life*

*Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), *quoting Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct 1955, 1965, 1974, 167 L.Ed.2d 929 (2007).

As a preliminary matter, assuming, without deciding, that this Court can revisit its prior opinion holding that the Flood Control Act precludes any suit under § 6972 of RCRA, LEAN has not persuaded this Court that its prior decision was in error. Therefore, this Court's order of November 2, 2007 shall remain untouched. This Court will proceed to determine whether LEAN can bring its revised claim under § 6961 of RCRA.

The relevant section of RCRA in dispute here, § 6961, entitled "Application of Federal, State, and local law to Federal facilities," reads in relevant part as follows:

> **a)** In general
>
> Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal and management in the same manner, and to the same extent, as any person is subject to such requirements, including the payment of reasonable service charges. The Federal, State, interstate, and local substantive and procedural requirements referred to in this subsection include, but are not limited to, all administrative orders and all civil and administrative penalties and fines, regardless of whether such penalties or fines are punitive or coercive in nature or are imposed for isolated, intermittent, or continuing violations. The United States hereby expressly waives any immunity otherwise applicable to the United States with respect to any such substantive or procedural requirement (including, but not limited to, any injunctive relief, administrative order or civil or administrative penalty or fine referred to in the preceding sentence, or reasonable service charge).

42 U.S.C. § 6961(a). The parties do not dispute that, unlike § 6972 (the citizen suit provision), §

6961 contains a broad and explicit waiver of sovereign immunity. Moreover, it appears uncontested that § 6961's waiver of sovereign immunity would override any invocation of sovereign immunity in the Flood Control Act. Indeed, in this Court's previous opinion in this matter, it noted that "the waiver in RCRA's § 6961 is explicit, delineating in clear language that 'any immunity' of the United States is 'expressly waived' regarding actions under this section." *In re Katrina Canal Breaches*, 2007 WL 3270768, at *9.

While there is no question that § 6961 waives federal sovereign immunity, there is a question as to whether that section includes a private cause of action. The Government claims that reading a cause of action into § 6961 would be contrary to congressional intent. The Fifth Circuit has noted that "it cannot be assumed that a claimant has a cause of action for damages against a government agency merely because there has been a waiver of sovereign immunity." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248 (5th Cir. 2006). Waivers may be particular in their nature, such as the waiver in bankruptcy cases being limited to "compulsory counterclaims to governmental claims . . . and permissive counterclaims to governmental claims capped by a setoff limitation." *Id.* at 254.

In cases considering RCRA specifically, courts refrain from reading additional causes of action into the statute. In *Leland v. Moran*, 235 F. Supp. 2d 153 (N.D.N.Y. 2002), a district court considered whether RCRA may be enforced through an action for damages under 42 U.S.C. § 1983. In the course of deciding that RCRA cannot be enforced through § 1983, the court noted that RCRA is a comprehensive statute, and "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id.* at 171, *quoting Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14-15, 101

5

S.Ct. 2615, 2623, 69 L.Ed. 435 (1981).  The *Leland* court proceeded to explain, "RCRA contains numerous explicit remedies, including civil and criminal penalties that may be enforced by the federal government, 42 U.S.C. § 6928, administrative enforcement actions, 42 U.S.C. § 6961(b), and *a private cause of action*, 42 U.S.C. § 6972."  *Leland*, 235 F. Supp. 2d at 171 (emphasis added).  *Leland* suggests that Congress was thorough in drafting RCRA and therefore any private cause of action must be founded solely in 42 U.S.C. § 6972.  *See also General Motors Corp. v. Hirschfield Steel Serv.*, 402 F. Supp. 2d 800, 807 (E.D. Mich. 2005) (strictly construing RCRA and holding that the statute did not waive sovereign immunity to suits seeking "contribution for the costs of responding to past pollution at sites that are not currently owned or operated by a federal agency.").

     LEAN replies by asserting that several cases have held that a private cause of action brought pursuant to RCRA specifically arises under § 6961.  LEAN cites a Ninth Circuit case, *Parola v. Weinberger*, 848 F.2d 956, 959 (9th Cir. 1988), an Eighth Circuit case, *Blue Legs v. U.S. Bureau of Indian Affairs*, 867 F.2d 1094, 1099 (8th Cir. 1989), and *Sierra Club v. Department of Energy*, 770 F. Supp. 578, 584 (D. Colo. 1991).  These cases, however, are not on point.  In *Parola*, the Ninth Circuit did not uphold a claim arising under § 6961; instead, that case was brought under the Administrative Procedures Act.  Indeed, the Ninth Circuit held that "[plaintiff's] *standing* to sue is based on his alleged injury from a government contract award and on the judicial review provisions of the APA."  *Parola*, 848 F.2d at 959.

     In *Blue Legs*, Native American plaintiffs brought suit against their tribe and several federal agencies to force compliance with trash dumping regulations.  The Eighth Circuit did state in a footnote that "§ 6961 might be construed as a waiver of the government's sovereign

6

immunity only with respect to injunctive or other equitable relief." *Blue Legs*, 867 F.2d at 1099 n.4.  However, the court also cited § 6972 in stating, "Under RCRA, citizens are permitted to bring compliance suits 'against any person . . . including [] the United States.'" *Id.* at 1097.  Thus, the Eighth Circuit never decided if § 6961 alone could be the basis for a private right of action.  Likewise, in *Sierra Club*, a conservation organization brought an action against the Department of Energy to enjoin the Rocky Flats Nuclear Weapons Plant and compel it to comply with solid waste disposal statutes.  *Sierra Club*, 770 F. Supp. at 582.  The district court agreed that the plant had not been complying with the requirements, and held that it must comply within 24 months.  *Sierra Club* admittedly does not mention § 6972's citizen suit provision, but counsel for the Plaintiff conceded during oral argument that § 6972 was the basis for the cause of action in *Sierra Club*.[2]  Regardless, *Sierra Club* is unpersuasive, as the district court never had the occasion to determine whether § 6961 could support a private cause of action on its own where § 6972 was unavailable.

      Moreover, the Senate Report cited by LEAN concerning the sovereign immunity amendment to RCRA does not support the proposition that § 6961 provides a private cause of action.  S. Rep. 102-67 (May 30, 1991) (102d Cong., 1st Sess. 1991, 1991 WL 104464).  The portion cited by LEAN states, "Section 6001 of the Solid Waste Disposal Act provides for the imposition of injunctive relief and waives sovereign immunity with respect to the enforcement of injunctive relief by any State or Federal court."  *Id.*  LEAN claims this statement means that sovereign immunity allows private civil suits to impose injunctions.  However, this statement

---

[2]Adam Babich, counsel for Plaintiff LEAN, was also counsel for plaintiff Sierra Club in *Sierra Club v. Department of Energy*

more clearly means that the Act allows for injunctive relief to be imposed, and once it is imposed the Act waives sovereign immunity to the *enforcement* of injunctive relief.  The legislative statement does not specify *by whom* such enforcement can be performed under § 6961.

LEAN would have this Court read § 6961 as providing that the federal government will be subject to all relevant environmental compliance requirements, and that § 6972 is one such requirement to which the federal government is subject.  Therefore, LEAN argues, § 6961 is really the cause of action to enforce the "requirement" of § 6972.  However, as explained above, § 6972 is clearly the cause of action by which a citizen can enforce the provisions of § 6961. Accepting LEAN's reasoning would yield a tortured, ouroboros-like interpretation of RCRA, and this Court is in no mood to chase its own tail.  The clear terms of § 6961 permit enforcement actions against the federal government and specify that the EPA Administrator may perform such enforcement.  Section 6972 allows "any person [to] commence a civil action on his own behalf . . . against any person including (a) the United States . . . ) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter."  42 U.S.C. § 6972(a)(1)(A).  The logical reading of RCRA, therefore, is that a citizen is permitted under § 6972 to employ a civil suit to enforce the provisions of RCRA, which therefore allows that citizen to enforce § 6961.  In the unusual case where § 6972 no longer may be utilized due to an explicit invocation of sovereign immunity (such as in the Flood Control Act), a citizen no longer has a cause of action to enforce § 6961. Therefore, the Corps' motion shall be granted.[3]

---

[3] Because this opinion otherwise disposes of LEAN's claim under § 6961, this Court will not address the Corps' last point of argument that LEAN has failed to allege a "requirement" that the Corps has violated under § 6961.

### III.  CONCLUSION

For the reasons contained herein, accordingly,

**IT IS ORDERED** that the Corps' Motion to Dismiss is **GRANTED WITH PREJUDICE.**

New Orleans, Louisiana, this __16th__ day of April, 2008.

                                **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT JUDGE**