UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

**DECLARATION OF PIERCE O'DONNELL IN SUPPORT OF PLAINTIFFS'
MOTION TO AMEND COMPLAINT**

1.    I am a member of the California State Bar in good standing, am admitted to appear before this Court *pro hac vice,* and a partner in O'Donnell & Associates PC, counsel of record for Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucille Franz (collectively, "Plaintiffs"). I have personal knowledge of the following facts and, if called and sworn, would competently testify as follows:

2.    On April 9, 2008, I sent an email to Defendant's counsel, Robin Smith, asking whether it remained the position of the United States that it would oppose any motion to amend the Complaint in this instant action. (A true and correct copy of that April 9, 2008 email is attached hereto as Exhibit "A"). I informed Mr. Smith that the amendments would allege negligence as to the excavation on the east side of the IHNC and its impact on the related floodwalls, as well as how the Army Corps's negligent maintenance dredging further widened Reach 2 of the MR-GO and deleteriously impacted the spoilbanks, levees, and/or floodwalls along Reach 2.  (*Id.*)  As of today's date, Mr. Smith had not responded.

3.    Plaintiffs' counsel have been diligent in attempting to discover as many facts as possible about the causes of the catastrophic flooding of Greater New Orleans during and after

1

Hurricane Katrina and the reasons for the worst engineering failure in American history. The Army Corps-commissioned IPET Report studiously refused to acknowledge that the MR-GO contributed to the catastrophic flooding. This denial forced Plaintiffs' counsel to mount a major factual and forensic investigation of the MR-GO's role in the destruction of all of St. Bernard Parish, New Orleans East, and the Lower Ninth Ward. Practically speaking, given the time that had to be devoted to opposing the Government's motion to dismiss in 2006 and its motion for summary judgment in late 2007 and early 2008, Plaintiffs' counsel will have had only about one year to conduct discovery and less than six months to take depositions.

4. The Government has at its disposal extraordinary resources to defend the MR-GO litigation, including attorneys in the Justice Department in Washington, D.C. and the U.S. Attorneys Office for the Eastern District of Louisiana, numerous staff members of the Army Corps of Engineers in New Orleans, Vicksburg, and Washington, D.C., and outside contractors hired for this case.

5. The facts about the Government's long-time notice about the issues concerning the IHNC Lock Expansion Project and the work of the Washington Group International are set forth in the accompanying Declaration of Joseph Bruno.

6. Concerning the new allegations in Paragraph 53 of the First Amended Complaint regarding the Army Corps's negligent maintenance dredging and widening of the Reach 2 channel and its effect on the EBSBs, Plaintiffs' counsel discovered only within the past month an Army Corps's Disposition Form, dated June 24, 1981 (a true and correct copy is attached hereto as Exhibit "B"). This document states in part: "Within 10 years the MR-GO bank will have eroded past the MR-GO R/W line (over 200 feet) and will threaten the stability of the hurricane levee." Exhibit "B" at p. 4, (h) (PET-011-000000764). It was upon the discovery of

this document that Plaintiffs' counsel conducted further factual and expert investigation into how the Army Corps's negligent maintenance dredging of the MR-GO weakened, undermined, compromised, impaired, and otherwise damaged the spoilbanks, levees, and/or floodwalls along Reach 2.

7. Fact discovery in this case is ongoing. The Army Corps produced several millions of pages of documents last summer at a document depository in New Orleans. With a great expenditure of time and money, Plaintiffs' counsel organized a team of document reviewers and marked for production several hundred thousand pages of documents. A second review process—entailing careful analysis and coding—was undertaken upon receipt of the documents, and that process is still underway. In fact, there are so many documents that all of them will not have been analyzed and coded by the time of trial in September 2008.

8. In addition, the Army Corps produced a massive volume of electronic records, including 70 hard drives which are estimated to contain five to ten terabytes of data. A terabyte is a measurement term for data storage capacity. The value of a terabyte is one trillion (short scale) bytes or 1,000 gigabytes. To illustrate the massiveness of this volume of material, the U.S. Library of Congress reports that its program to capture and store information from the internet had collected 70 terabytes of data as of May 2007. *See* www.locgov.webcapture/faq.html. It will be an impossible undertaking to review all of these hard drives before trial in September 2008.

9. At a cost of millions of dollars, Plaintiffs' counsel have retained renowned experts in a variety of fields, including coastal engineering, civil engineering, systems engineering, hydrology, hydrodynamics, meteorology, surveying, wetlands ecology, coastal science, computer modeling of flooding, and others. Their investigations have been intensive, extensive and time

3

consuming, and these experts are currently generating reports that will be given to the Government in the near future.  Their depositions will be taken thereafter.  The Government's expert reports are not due until June 13, 2008, and their depositions will be taken thereafter.

10. Plaintiffs' counsel have not been dilatory in investigating the facts giving rise to the necessity of seeking leave to amend the Complaint.  Discovery is ongoing, and expert depositions have not even begun.  While it is conceivable that further amendments may be necessary, Plaintiffs' counsel have determined that they have now conducted sufficient due diligence to warrant amending the Complaint as proposed.

11. Attached hereto as Exhibit "C" is a true and correct, redlined copy of Plaintiffs' proposed First Amended Complaint.

12. Attached hereto as Exhibit "D" is a true and correct copy of Plaintiffs' proposed First Amended Complaint.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2008, in Los Angeles, California.


       s/ Pierce O'Donnell
PIERCE O'DONNELL

## **CERTIFICATE OF SERVICE**

I, Pierce O'Donnell, hereby certify that on April 18, 2008, I caused to be served **DECLARATION OF PIERCE O'DONNELL IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell