UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL LEVEE | § | |
| _____ | § | |

UNITED STATES OF AMERICA'S
RESPONSE TO PLAINTIFFS' MOTION FOR NEW TRIAL

MAY IT PLEASE THE COURT:  Defendant, the United States of America, hereby opposes Plaintiffs' "Motion for New Trial" (Doc. 11366).

INTRODUCTION

Plaintiffs' motion, ostensibly premised on Rule 59 of the Federal Rules of Civil Procedure, seeks to undo this Court's January 30, 2008, order dismissing claims against the United States pertaining to the 17th Street Canal, the London Avenue Canal, and the Orleans Avenue Canal.  Because Plaintiffs' motion is both procedurally defective and substantively meritless, the Court should deny it forthwith.[1]

DISCUSSION

Plaintiffs' motion cannot be brought under Rule 59.  Motions for new trial under Rule 59 are properly brought only in cases where a final judgment has been entered.  *See Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) (recognizing that Rule 59 "does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be

---

[1] Plaintiffs have filed a Notice of Hearing setting their motion to be heard April 30, 2008.  The United States respectfully submits that oral argument on this matter is not warranted.

taken"); *Tokio Marine & Fire Ins. Co. V. M/V Flora*, No. CIV. A 97-1154, 1999 WL 461966, at *1 (E.D. La. July 2, 1999) (Duval, J.) ("[T]he court could not properly consider this motion under either Rule 59 or Rule 60 because those rules pertain to cases where final judgment has been entered."). Because it did not resolve all of Plaintiffs' claims, the Court's January 30, 2008 order was not "final," and it cannot be challenged under Rule 59.

But even if Plaintiffs' motion were one for reconsideration of an *interlocutory* order, it lacks merit and should be denied. This Court has held that such motions are governed by the standard in Rule 60. *See Tokio Marine*, 1999 WL 461966, at *1 (Duval, J.) ("Courts look to the standard applicable to Rule 60(b) motions for guidance in reconsidering interlocutory orders."); *see also Mateo v. M/S Kiso*, 805 F. Supp. 761, 786 (N.D. Cal. 1991) (observing that, when entertaining motions for reconsideration of interlocutory orders, "the Court looks to the standard used in examining a Rule 60(b) motion"). Here, Plaintiffs argue that the Court committed legal error by granting the United States' motion under Rule 12(b)(6), rather than converting it to one under Rule 56 and permitting discovery before rendering an opinion. Accordingly, the only possible basis for relief under Rule 60 would be Rule 60(b)(1), which permits reconsideration based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Although the standard in Rule 60(b)(1) has been held in limited circumstances to include legal "mistakes" by the court, Plaintiffs' motion falls far short of that standard.

Indeed, claims of "mere legal error" do not warrant relief under Rule 60. *See Castleberry*, 230 Fed. Appx. 352, 356 (5th Cir. 2007) ("To the extent the 'mistake' is one by the court, we have held that a plaintiff's claim of 'mere legal error' does not warrant Rule 60(b)(1) relief."); *McMillan v. Mbank Fort Worth*, 4 F.3d 362, 367 (5th Cir. 1993) (holding that "mere legal error" provides no basis for relief under Rule 60). Rather, "[i]n this circuit Rule 60(b) may

2

be invoked 'only to rectify an obvious error of law, apparent on the record.'" *Robinson v. Johnson*, No. 00-10011, 2001 WL 1066893, at * 1 (5th Cir. Aug. 14, 2001); *see also Grimland, Inc. v. James F. Parker Interests*, 243 F.3d 228, 233 (5th Cir. 2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b).  The error must involve a fundamental misconception of the law or a conflict with a clear statutory mandate."); *Alvestad v. Monsanto Co.*, 671 F.2d 908, 913 (5th Cir. 1982) (observing that Rule 60(b) permits "the perfunctory correction" of obvious errors; affirming the denial of relief because "the legal questions presented are at least arguable").  As the Fifth Circuit has recognized, the standard for relief under Rule 60(b)(1) is "a very high bar." *Robinson*, 2001 WL 1066893, at *1.

The type of court error claimed by Plaintiffs is hardly an "obvious legal error" that might justify reconsideration.  Plaintiffs' overarching argument, that the Court erred by deciding the United States' motion under Rule 12(b)(6) rather than converting it to one under Rule 56, was expressly considered, and wisely rejected, by the Court.  *See* Doc. 10984 at 21-26.  Indeed, the Court relied on well-established Fifth Circuit precedent for the proposition that in deciding a defendant's challenge to the court's jurisdiction, one "'proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under' . . . Rule 12(b)(6).'" *Id.* at 22 (quoting *Montez v. Dep't of the Navy*, 392 F.3d 147, 149-50 (5th Cir. 2004) (internal citations omitted)); *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985) (holding that where the jurisdictional facts are intertwined with the merits of a claim, "the preferable practice is to . . . proceed to determine the merits of the claim pursuant to [Rule 12] subdivision (b)(6) or Rule 56") (quoting 2 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 12.07 [2.-1] at 12-50 (1982));

3

*Williamson v. Tucker*, 645 F.2d 404, 405 (5th Cir. 1981) (holding that where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56)).

Nor is there merit to Plaintiffs' contention that the Court erred by taking judicial notice of certain Acts of Congress to support its conclusion that "there was specific [Congressional] authorization of the parallel protection plan on all three canals." *Id.* at 34. As the Court recognized in its decision, judicial notice may be taken of any fact that is "'capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned.'" *Id.* at 25 (quoting Fed. R. Evid. 201(b)). Consistent with this rule, courts may, and often do, take judicial notice of Acts of Congress. *See, e.g.*, *Connecticut v. Spellings*, 453 F. Supp. 2d 459, 471 (D. Conn. 2007) (taking judicial notice of Acts of Congress to hold that congressional funding met or exceeded legal requirements); *Hooten v. Civil Air Patrol*, 161 F. Supp. 478, 480 (E.D. Wis. 1958) ("The court must take judicial notice of the Acts of Congress."); *Carius v. New York Life Ins. Co.*, 124 F. Supp. 388, 390 (taking judicial notice "of the passage by Congress of the Servicemen's Indemnity Act").[2]

---

[2] In their attempt to demonstrate error where none exists, Plaintiffs cite to two cases from other Circuits that have nothing to do with a court's authority to take judicial notice of Acts of Congress. *See* Doc. 11366-2 (citing to *United States v. Evans*, 951 F.2d 729, 732 (6th Cir. 1991) and *Doyle v. Suffolk County*, 786 F.2d 523, 527 (2d Cir. 1986)). *Evans* was a criminal case that merely recognized that where a state legislature has proscribed certain conduct in two different statutes, the court must sometimes conduct "a factual inquiry into the intent of the legislature in enacting the several statutes." *See Evans*, 951 F.2d at 732. *Doyle* discussed the procedures a court must follow when applying part of a statute after another part has been declared invalid. *See Doyle*, 786 F.2d at 527. Neither *Evans* nor *Doyle* comes close to discussing the situation here, where the Court was confronted with Acts of Congress that plainly demonstrate that

Thus, the Court did not commit legal error in any event. To the contrary, the Court properly took judicial notice of certain legislative facts relating to the LPV and the authorization by Congress of the high level plan, including that Congress "enacted the LPV in 1965 as a 'project for hurricane-flood protection on Lake Pontchartrain, Louisiana,'" *id.* at 33-34 (quoting Pub. L. No. 890298, 79 Stat. 1073, 1077 (1965)); Congress specifically directed the Secretary of the Army "'to provide parallel hurricane protection works along the entire lengths of the Orleans Avenue and London Avenue Outfall Canals," *id.* at 34 (quoting Pub. L. No. 102-104, 105 Stat. 510, 514 (1991)); and Congress appropriated additional funds and "'directed the Secretary of the Army, acting through the Chief of Engineers, to incorporate parallel protection long the Orleans and London Avenue Outfall Canals into the authorized Lake Pontchartrain and Vicinity, Louisiana, Hurricane Protection project,'" *id.* (quoting Pub. L. No. 102-377, 106 Stat. 1315, 1320 (1992)).

---

Congress authorized flood control projects on the outfall canals. As the cases cited by the United States demonstrate, the Court properly took judicial notice of these Acts of Congress in deciding the motion to dismiss.

**CONCLUSION**

The Court was completely justified in taking judicial notice of Acts of Congress that conclusively demonstrated that the United States was immune from liability in this case. As a result, the Court properly decided the United States' motion under Rule 12(b)(6) without converting it to a motion for summary judgment. Plaintiffs' motion for new trial must therefore be denied.

        Respectfully Submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch

        s/ Richard Stone
        Richard Stone
        Senior Trial Counsel, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C. 20044
        (202) 616-4400 / (202) 616-5200 (Fax)
        Attorneys for the United States

        s/ Jeffrey P. Ehrlich
        Jeffrey P. Ehrlich
        Trial Attorney, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C. 20044
        (202) 616-4400 / (202) 616-5200 (Fax)
        Attorneys for the United States

## **CERTIFICATE OF SERVICE**

      I, Jeffrey P. Ehrlich, hereby certify that on April 22, 2008, I served a true copy of the United States of America's Response to Plaintiffs' Motion for New Trial upon all parties by ECF.

                      s/    Jeffrey P. Ehrlich