UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | SECTION "K" (2) |
| PERTAINS TO: | * | |
| No.    05-4181 | * | |
| 06-1885 | * | |
| 06-4024 | * | |
| 06-4389 | * | |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |

* * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO REVIEW
MAGISTRATE'S HEARING AND ORDER ON MOTION
(RECORD DOCUMENT NO. 12182)**

**NOW INTO COURT,** comes Plaintiffs' Liaison Counsel, who opposes Plaintiffs' Objections To and Motion to Review Magistrate's Hearing and Order on Motion (Record Document No. 12182). The simple issue before the Court is Magistrate Wilkinson's denial of Mr. O'Dwyer's Motion for Reconsideration. This Motion for Review should be denied for the following reasons:

**I.**

**FACTS**

On February 14, 2008, Ashton O'Dwyer filed a Notice of Depositions in the above referenced actions, without leave of court, seeking to depose a majority of the attorneys appointed

-1-

on the Plaintiffs' Sub-Litigation Committees of the *In re: Katrina Levee Breaches Litigation*, as well as Charles Foti, the former Attorney General for the State of Louisiana. Plaintiffs' Liaison Counsel Joseph Bruno filed a Motion for Protective Order seeking the Court's intervention to address the propriety of the noticing these depositions in contravention of CMO No. 4 and both the federal and Louisiana Rules of Evidence. The court granted Plaintiffs' Liaison Counsel's request for oral argument, which was scheduled to take place on Wednesday, March 12, 2008 at 11:00 a.m.

No opposition was filed by Mr. O'Dwyer, nor did he appear at the properly noticed hearing on the matter. On March 12, 2008, the Court granted the Motion for Protective Order, to which Mr. O'Dwyer filed a Motion for Reconsideration on March 13, 2008.

In the Motion for Reconsideration, Mr. O'Dwyer did not cite the procedural mechanism for seeking reconsideration, simply asserting in the Motion that the basis of relief was that through inadvertence or excusable neglect, he did not enter the Motion for Protective Order into his calendar. Nonetheless, Mr. O'Dwyer was still obligated to show that he would have been successful on the merits of the previous argument. Mr. O'Dwyer did not argue this in his Motion. After opposition was filed to the Motion for Reconsideration, Mr. O'Dwyer filed an out of time Memorandum in Opposition to the Motion for Protective Order. (Documnet No. 12082-2).

In denying the Motion for Reconsideration, Magistrate Wilkinson referenced the arguments made in this pleading, yet still found that Mr.O'Dwyer "offer[ed] nothing on which [he] would reconsider [his] previous order..."

Now, Mr. O'Dwyer continues his diatribe in the Motion to Review, while still ignoring the fundamental issue at hand: by what standing does he have the right to undertake discovery at all.

II.

ARGUMENT

### A.  *MAGISTRATE WILKINSON PROPERLY DENIED THE MOTION FOR RECONSIDERATION*

F.R.C.P., Rule 60 sets forth in pertinent part:

> "**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;"

Mr. O'Dwyer's admission of human error did not give sufficient cause for the Court to utterly discard its prior ruling. In order to be eligible for relief under F.R.C.P., Rule 60(b)(1), Mr. O'Dwyer was required to demonstrate the following to Magistrate Wilkinson:

> "(1) the existence of mistake, inadvertence, surprise, or excusable neglect;
>
> (2) that he has a meritorious defense."

Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, (6th Cir., 1980); Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 808 (7th Cir. 1977); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970); Central Operating Company v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1973). A motion under this rule is addressed to the sound discretion of the court and **must be clearly substantiated by adequate proof**. [Emphasis added]. Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964); Lane v. Swingspout Measure Co., 340 F.2d 40 (8th Cir.1969); MacLeod v. D.C. Transit System, Inc., 283 F.2d 194 (C.A.D.C.. 1960); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136 (10th Cir. 1966).

Despite the fact that Mr. O'Dwyer's Motion for Reconsideration set a hearing date of

April 2, 2008, he did not file his Memorandum in Opposition to the Motion for Protective Order, the pleading necessary to establish a meritorious defense, until April 2, 2008. (Document No. 12189).

Remarkably, Mr. O'Dwyer still failed to present any proof that he was entitled to the relief sought.  In his Motion for Reconsideration, Mr. O'Dwyer cited record documents as evidence that reconsideration was justified.  However, a review of the documents listed reveals that there can be no discovery pursuant to these documents. (See Exhibit 1).  These documents fall into two categories:

1. those filed by Mr. O'Dwyer in his attempt to recuse Judge Duval. (This issue was resolved in Document No. 11357 and thereby allow no more discovery).

2. those filed by Mr. O'Dwyer in his attempt to disqualify attorneys from the Katrina litigation. (This issue likewise does not allow discovery as the motion was already been taken on the papers. (See Doc. No. 10718)).

It should also be noted that Magistrate Wilkinson asked Mr. O'Dwyer at the outset of the hearing for the Motion for Reconsideration whether Mr. O'Dwyer believed that he (Magistrate Wilkinson) could be fair.  Mr. O'Dwyer assured the Magistrate that he would not question the propriety of the Magistrate addressing the matter.  While this does not appear to be Mr. O'Dwyer's position anymore, Mr. O'Dwyer's Motion to Review still fails to enunciate the appropriate case in which he has standing to pursue any discovery of the attorneys.

Because Mr. O'Dwyer failed to prove to Magistrate Wilkinson that he had standing to undertake the discovery sought, Magistrate Wilkinson's ruling was proper in that Mr. O'Dwyer could not present a meritorious defense to the Motion for Protective Order.

### B.  THE MOTION FOR PROTECTIVE ORDER WOULD HAVE BEEN PROPERLY GRANTED; THEREFORE, THE RESULT IS THE SAME

### 1.  Mr. O'Dwyers' Notice was procedurally defective

Mr. O'Dwyer's Notice of Depositions was filed on February 14, 2008, commanding the production of substantial documents on February 25 and February 26, 2008, respectively.

Federal Rules of Civil Procedure, Rule 30 (b)(5) holds in pertinent part:

> "[t]he notice to party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request."

Federal Rules of Civil Procedure, Rule 34 requires:

> "the party upon whom the request is served shall serve a written response within 30 days after service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties..."

A simple examination of the Notice of Depositions indicates that the requisite 30 days was not allowed. The Court specifically proscribed any shorter discovery periods in Case Management Order No. 4 (CMO No. 4) § (IV)(D)(3), footnote 7, which required that "requests for production must be made pursuant to Rule 34..." And finally, there were no agreements in writing by any of the attorneys subject of the Notice to waive the 30 day requirement.

In addition, the Notice of Depositions did not give "reasonable notice in writing" to the proposed deponents as required by F. R.C.P., Rule 30 (b)(1). The attorneys sought to be deposed constitute the majority of the MRGO and Insurance Plaintiffs' Subgroup Litigation Committees. It is completely unreasonable to divert the attention being paid by those attorneys to the looming deadlines in those actions (deadlines to which Mr. O'Dwyer does not contribute any effort to meet despite all of the actions he has filed) with a notice giving such a short interval of time to prepare and appear.

Because Mr. O'Dwyer failed to comply with the requisites of the Federal Rules of Civil Procedure and the Court's Case Management Order No. 4, Magistrate Wilkinson would have been within his discretion in granting the Motion for Protective Order.

### *2.     It would have been appropriate to issue the Protective Order on substantive grounds*

In general, courts are instructed that protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances. Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C.1987). However, a request to take the deposition of a party's attorney constitutes a circumstance justifying departure from the normal rule. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83 (M.D.N.C.,1987).

Courts have recognized that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters. In re Arthur Treacher's Franchisee Litigation, 92 F.R.D. 429 (E.D.Pa.1981). In addition to disrupting the adversarial system, such depositions have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986). For these reasons, it is appropriate to require the party seeking to depose an attorney to establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome. N.F.A. Corp., *supra*.

Because the deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Fed.R.Civ.P.,

Rule 26(c) protective order unless the party seeking the deposition can show both the propriety and need for the deposition. This procedure is superior to requiring the attorney to submit to a deposition and make his objections at that time.

Additionally, the Court must consider that Mr. O'Dwyer has failed to show that the information sought will not invade the attorney-client privilege or the attorney's work product. In re Arthur Treacher's Franchisee Litigation, *supra*, at 439; Jack Winter, Inc. v. Koratron Company, 50 F.R.D. 225, 227-28 (N.D.Cal.1970). Federal Rules of Civil Procedure, Rule 26(b)(3) provides near absolute protection of an attorney's mental impressions or opinion work product. Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 509 F.2d 730 (4th Cir.1974), cert. denied, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975).

Because Mr. O'Dwyer has failed to comply with any of the requisites established for the taking of a litigant's attorney's deposition, and likewise will never be able to meet this burden, Plaintiffs' Liaison Counsel's Motion for Protective Order would have justifiably been granted, thereby precluding the discovery sought by Mr. O'Dwyer in his Notice of Depositions.

### 3. *Louisiana state law is consistent in requiring the protective relief sought*

Under Federal Rules of Evidence, Rule 501, privileges are determined under state law when state law supplies the rule of decision for a claim in a civil proceeding. Mr. O'Dwyer filed his Notice of Deposition in matters that arguably involve state law; therefore, the court should analyze the propriety of issuing a protective order pursuant to Louisiana law as well. Continental Cas. Co. v. Multiservice Corp., 2008 WL 73345 (D.Kan.,2008).

LSA-C.E. Art. 508 holds in pertinent part that "neither a subpoena nor court order shall be issued to a lawyer to appear in any civil proceeding, including pretrial discovery, where the

purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; **and the following:**

> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative;
>
> (2) The purpose of seeking the information is not to harass the attorney or his client;
>
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice;
>
> (4) There is no practicable alternative means of obtaining the information."

The Louisiana Supreme Court has recognized that "discovery of information held by attorneys and related to their practice must be conducted with the recognition that such material is available only under exceptional circumstances and only where the information sought cannot be obtained through other means." Levy v. Maloney, 652 So.2d 522 (La.,1995). This is due to the fact that such information often consists of confidential and/or privileged matters which affect not only the attorney, but also are of great concern to that attorney's clients.

First, Mr. O'Dwyer's Notice of Depositions fails to specify why the information sought is essential to the successful completion of an ongoing investigation or is essential to the case of the party seeking the information. As shown in Exhibit 2, the only viable claims filed by Mr. O'Dwyer that are still pending have been subsumed by the Katrina umbrella litigation, and Mr. O'Dwyer has not been appointed to any of the Plaintiff's Subgroup Litigation Committees.

Second, the purpose of seeking the information is solely to harass the attorneys listed in the Notice. Mr. O'Dwyer has consistently made unfounded allegations regarding the handling of

the Katrina umbrella litigation, as well as besmirching the attorneys themselves. In particular, Mr. O'Dwyer has alleged that the attorneys listed in the Notice of Depositions are "tainted," and that he wanted to depose Judge Duval and Ms. Daley. (See Exhibit 3 - email dated February 13, 2008). This was not the first such attack; by email dated January 31, 2008, Mr. O'Dwyer alleged that the attorneys serving on the litigation committees were both "tainted" and "dirty." (See Exhibit 4 - email dated January 31, 2008). And finally, Mr. O'Dwyer has gone so far as to threaten a "legal malpractice class action" against the members of the litigation committees. (See Exhibit 5 - email dated February 11, 2008).

Third, the Notice does not list the information sought with particularity, it is not reasonably limited as to subject matter and period of time, and it fails to give timely notice to the attorneys. The Notice commands the production of a plethora of "Louisiana Public Records" believed to stretch back to August 29, 2005, as well as communications that may contain attorney-client communications. By the very language of the request, it is clear that Mr. O'Dwyer already has an alternative source for these documents; none of which would be ordinarily maintained by the attorneys sought to be deposed. To undergo an exhaustive search for records not ordinarily maintained, but that may be stored within the respective attorney's office, would be unduly burdensome.

In the present case, Mr. O'Dwyer has failed to establish his burden of proof of establishing all of the elements of inquiry as set forth in LSA-C.E. Art. 508. As such, Magistrate Wilkinson would have had little choice but to grant the Motion for Protective Order.

## III.

## CONCLUSION

Mr. O'Dwyer's Motion to Review must be evaluated pursuant to the guidelines established by Rule 60 of the Federal Rules of Civil Procedure. The most important consideration was that Mr. O'Dwyer show that he had a meritorious defense to Plaintiffs' Liaison Counsel's Motion for Protective Order. Mr. O'Dwyer's mere listing of a number of pleadings failed to meet any such standard. As shown above, each of those pleadings relates to matters that do not give rise to the right to conduct discovery, much less the right to depose the attorneys subject of the Notices of Deposition.

Mr. O'Dwyer failed to establish either procedural or substantive grounds entitling the Motion for Reconsideration to be granted. For these reasons, the Motion to Review must be denied.

Respectfully Submitted,

**APPROVED PLAINTIFFS LIAISON COUNSEL**

　　/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

       MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE
s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 22nd day of April, 2008.

          /s/ Joseph M. Bruno
          Joseph M. Bruno