UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                      CIVIL ACTION
CONSOLIDATED LITIGATION
_____                    NO. 05-4182

PERTAINS TO INSURANCE:                             SECTION K-2
*Acevedo, et al. v. AAA Insurance, et al.*, 07-5199
*Abram, et al. v. AAA Insurance, et al.*, 07-5205

**PLAINTIFFS' OPPOSITION TO STATE FARM'S MOTIONS TO STRIKE**
**MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT**

State Farm's Motions to Strike[1] should be denied on two grounds. First, Magistrate Wilkinson ruled on Plaintiffs' Motion for Leave to File an Amended Complaint; therefore, Defendant's motions are moot. Alternatively, the motions should be denied because State Farm incorrectly assumes that the January 24, 2008 Order[2] granting State Farm's Rule 12(b)(6) Motions to Dismiss is a final judgment.

**BACKGROUND**

The *Abram* and *Acevedo* plaintiffs filed suit in August of 2007, seeking damages related to Hurricane Katrina. Their suits named more than 70 homeowners' insurers, including State Farm.[3] Both *Acevedo* and *Abram* were consolidated under the Insurance Umbrella in the *In re Katrina Canal Breaches Litigation*.[4]

---

[1] 05-4182, Rec. Docs. 12185 (*Acevedo*) and 12187 (*Abram*)
[2] 05-4182, Rec. Doc. 10738
[3] 07-5205, Rec. Doc. 1, and 07-5199, Rec. Doc. 1.
[4] 05-4182, Rec. Docs. 7959 (*Acevedo*) and 7967 (*Abram*)

1

In November of 2007, this Court issued an order[5] in *In re Katrina Canal Breaches Litigation* that stayed all proceedings under the Insurance Umbrella. The stay contemplated a ruling by the Louisiana Supreme Court of the water damage exclusion in *Sher v. Lafayette Insurance Co.*[6] The Order provided:

> As a result of the present posture of this issue in the Louisiana state court system and the fact that this Court has been assured that a writ will be taken in *Sher*, it is in the interest of justice and judicial economy to stay all proceedings in the Insurance Umbrella concerning this coverage issue.[7]

On December 5, 2007, the *Acevedo* plaintiffs filed a First Amended Complaint. The amended complaint was filed as of right under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.[8] On December 10, 2007, State Farm filed Motions to Dismiss Under Rule 12(b)(6) in *Abram* and in *Acevedo*,[9] and set the motions for hearing on January 23, 2008. State Farm filed an Answer in both *Abram* and in *Acevedo* on January 4, 2008.[10]

On the same day this Court issued an Order[11] clarifying the scope of the November stay order:

> It has come to the Court's attention that the scope of the stay described in the Court's Minute Entry dated November 26, 2007 [Rec. Doc. 9227] is not necessarily being read as intended. For that reason, the Court takes this opportunity to clarify the scope of the stay vis-à-vis the Insurance Umbrella. For the reasons stated by the Court in its November 26, 2007 Minute Entry, **all proceedings in the Insurance Umbrella are hereby completely stayed until further Order of the Court**, including without limitation discovery, any deadlines for responsive pleadings, or other motions. With the exception of joint motions to dismiss resolved cases, no motions of any kind are to be filed during this time. (Emphasis added).

---

[5] 05-4182, Rec. Doc. 9297
[6] 973 So.2d 39 (La.App. 4th Cir. Nov. 19, 2007)
[7] 05-4182, Rec. Doc. 9297
[8] 07-5199, Rec. Doc. 9371
[9] 05-4182, Rec. Docs. 9420 (*Acevedo*) and 9421 (*Abram*)
[10] 05-4182, Rec. Doc. 10087 (*Abram*) and 10088 (*Acevedo*)
[11] 05-4182, Rec. Doc. 10110

Because counsel for Plaintiffs understood the Insurance matters to be stayed, oppositions to State Farm's Motions to Dismiss were not filed. Two weeks later, on January 21, 2008—a federal holiday—the Court sent an email inquiring whether an opposition was going to be filed, noting that plaintiffs' counsel "may have thought that these motions were subject to the stay."[12] The email stated that State Farm's Motions to Dismiss would be granted unless the Court heard back from counsel by noon the next day. Unfortunately, counsel did not read the email until the court's deadline had already passed. Two days later, the Court entered an order granting both of State Farm's motions to dismiss as unopposed.[13] The order provides:

> Before the Court are State Farm's Rule 12(b)(6) Motions to Dismiss (Doc. 9420 and 9421) filed in the above-referenced cases. The Court sent an e-mail to plaintiff's counsel to ascertain whether oppositions were intended to be filed; however, the Court has not received a response to the e-mail, and it has not received an opposition to either motion. Thus, finding the motions have merit,
>
> IT IS ORDERED that State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9420) in Acevedo, C.A. No. 07-5199 and State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9421) in Abram, C.A. No. 07-5205) are GRANTED.

The Court has still not entered a final judgment of dismissal in favor of State Farm. Accordingly, Plaintiffs filed motions seeking leave to file their amended complaints.[14] State Farm now seeks to strike those motions. State Farm also filed Motions for Expedited Hearing[15] regarding the present motions to strike, which were both denied.[16]

On April 16, 2008, Magistrate Wilkinson held a hearing on the motions for leave to amend. Judge Wilkinson expressed willingness to grant leave to amend to clarify wind-

---

[12] Exhibit 1.
[13] 05-4182, Rec. Doc. 10738
[14] 05-4182, Rec. Docs. 11932 (*Abram*) and 11934 (*Acevedo*)
[15] 05-4182, Rec. Docs. 12186 (*Acevedo*) and 12188 (*Abram*)
[16] 05-4182, Rec. Docs. 12246 (*Acevedo*) and 12247 (*Abram*)

3

damage claims (*i.e.*, claims not affected by the recent *Sher* ruling). However, he denied the motions[17] expressing concern that "the effect of granting the motions for leave to file amended complaints may be to undo what the district judge has done or to disrupt the global approach he has taken." Significantly, the motions were denied without prejudice.[18]

### STATE FARM'S MOTIONS TO STRIKE ARE MOOT

Rule 58 of the Federal Rules of Civil Procedure provides that "[e]very judgment and amended judgment must be set out in a separate document." It is uncontested that a Rule 58 judgment has not been entered in these proceedings. State Farm nevertheless claims that the Court's January 23, 2008 order somehow constitutes a final judgment, one sufficient to trigger deadlines under Rules 59 and 60 of the Federal Rules of Civil Procedure.

After Plaintiffs filed their Motions for Leave to Amend, State Farm sought expedited hearing, suggesting it was necessary to hear the Motions to Strike before hearing the Plaintiffs' Motions to Amend. This assertion was certainly an implicit acknowledgement that the January 23rd Order was not a final judgment. Because Plaintiffs' motions have already been heard by the Magistrate Judge, State Farm's Motions to Strike are now moot. Therefore, State Farm's Motions to Strike should be denied.

### STATE FARM'S MOTIONS TO STRIKE ARE ALSO MERITLESS

Alternatively, State Farm's motions should be denied because they incorrectly rely upon the proposition that this Court's January 23rd Order[19] constituted a final judgment. Fifth Circuit jurisprudence on this point is instructive and binding. An order granting a

---

[17] 05-4182, Rec. Doc. 12498
[18] *Id.*
[19] 05-4182, Rec. Doc. 10738

motion to dismiss will dismiss only the complaint—unless the order expressly, or by clear implication, dismisses the **entire action**.[20] When only the complaint is dismissed, a plaintiff is permitted to amend under Rule 15(a).[21] Fifth Circuit caselaw establishes also that, when a motion to dismiss is granted as to fewer than all defendants, the dismissal order is not a final order.[22] In such cases, the policies of Rules 59 and 60 are not implicated because the action is still pending against other defendants in the district court.[23]

In *James v. Sadler*, plaintiff asserted §1983 claims after she was detained during a warrant search at a beauty salon.[24] The district court denied the motion to amend after a motion to dismiss was granted.[25] The Fifth Circuit reversed, finding the district court improperly applied deadlines from Rule 59 of the Federal Rules of Civil Procedure. The Fifth Circuit held that Rule 59 deadlines did not begin to toll when a motion to dismiss was granted as to only one set of defendants. Rather, the Court held that such a dismissal was interlocutory in nature and, therefore, that the district court "misapplied" the requirement that a litigant contest a dismissal judgment within the ten-day period provided by Rules 59(c) or 60(b).[26]

Here, State Farm argues that Plaintiffs' Motion for Leave to Amend should be stricken because: (1) amendment can only occur once the judgment is vacated under Rules 59 or 60; and, (2) that, even if the court interpreted Plaintiffs' motion as one for relief under Rule 59, then the motion is untimely.[27] First, as has already been discussed, this

---

[20] *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992)
[21] *Id.*
[22] *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)
[23] *Id.*
[24] *Id.* at 835
[25] *Id.* at 836
[26] *Id.*
[27] 05-4182, Rec. Docs. 12185 (*Acevedo*) and 12187 (*Abram*), pp. 3 to 5.

5

Court has not entered a separate judgment in accordance with Rule 58. Also, review of the order shows that it fails to dismiss Plaintiffs' claims against State Farm—explicitly or implicitly. Instead, it simply grants State Farm's motion to dismiss. Because the January order refers to only one of many defendants, this matter is indistinguishable from *James v. Sadler*. Accordingly, State Farm's contention that the time to bring a Rule 59 motion has expired is also without merit.

## CONCLUSION

Plaintiffs' Motions for Leave to Amend are procedurally and substantively proper; therefore, State Farm's Motions to Strike should be denied.

RESPECTFULLY SUBMITTED,

***Ernest S. Svenson***
Ernest S. Svenson, 17164
Svenson Law Firm
123 Walnut Street, Suite 1001
New Orleans, Louisiana 70118
(504) 208-5199
esvenson@gmail.com

***Stuart T. Barasch***
STUART T. BARASCH, 20650, T.A.
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70113
(504) 525-1944
sbarasch1@aol.com

***/s Al Robert, Jr.***
Al J. Robert, Jr., 29401
Law Office of Al J. Robert, Jr., LLC
6040 Laurel Street,
New Orleans, Louisiana 70118
(504) 309-4852
ajr@ajrobert.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s Al Robert, Jr.*
AL J. ROBERT, JR.