40411

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TARDO PROPERTIES, L.L.C. | ) | CIVIL ACTION NO. 08-1167 |
| Plaintiffs, | ) | |
| vs. | ) | JUDGE DUVAL |
| WESTERN WORLD INSURANCE COMPANY, | ) | MAGISTRATE WILKINSON |
| Defendant. | ) | SECTION K |

## ANSWER AND JURY REQUEST

NOW INTO COURT, through undersigned counsel, comes defendant, Western World Insurance Company ("Western World"), and, denying all liability, responds to the allegations contained in the Petition for Damages filed by and on behalf of the plaintiff, Tardo Properties, L.L.C., upon information and belief, as follows:

## FIRST DEFENSE

Western World responds to the individually numbered paragraphs of plaintiffs' Petition for Damages as follows:

I.

Defendant denies the allegations of Paragraph I and calls for strict and specific proof.

II.

Defendant, Western World, admits that it was added as a defendant and admits its status capacity as alleged in this paragraph. Defendant, Western World, denies any and all connotations of liability contained in Paragraph II.

III.

Defendant admits that it issued a policy of insurance to the petitioner which was in effect on the date of loss. Defendant submits that the insurance policy is a written document and the best evidence of its contents and is pled herein as if copied in extenso. Defendant denies any and all remaining allegations contained in Paragraph III.

IV.

Defendant denies the allegations of Paragraph IV as pled. Defendant submits that any insurance policy identified is the best evidence of its contents and is pled herein as if copied in extenso.

V.

Defendant denies the allegations of Paragraph V and calls for strict and specific proof.

VI.

Defendant denies the allegations of Paragraph VI and calls for strict and specific proof. To the extent that the plaintiff's property received any damage from flooding, this coverage is not provided under the Western World policy. The Western World policy provides a flood exclusion which reads as follows:

* * *

**B. EXCLUSIONS**

**1.** We will not pay for the loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**g. Water**

**1.** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

**2.** Mudslide or mudflow;

**3.** Water that backs up or overflows from a sewer, drain or sump; or

**4.** Water under the ground surface pressing on, or flowing or seeping through;

**a.** Foundations, walls, floors or paved surfaces;

**b.** Basements, whether paved or not; or

**c.** Doors, windows or other openings.

But if Water, as described in **g(1)** through **(4)** above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

* * *

VII.

Defendant has tendered all payments due for the covered portions of this loss. Defendant denies any and all remaining allegations contained in Paragraph VII.

VIII.

Defendant denies the allegations of Paragraph VIII and calls for strict and specific proof.

IX.

Defendant denies the allegations of Paragraph IX and calls for strict and specific proof.

X.

Defendant joins the plaintiff in a request for a trial by jury. Defendant denies any and all allegations of liability contained in Paragraph X.

XI.

Defendant submits that it has tendered all payments due for the covered portions of this loss. Defendant denies any and all remaining connotations of liability contained in Paragraph XI and calls for strict and specific proof.

**SECOND DEFENSE**

Plaintiff's Petition fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff has failed to perform all of their obligations and conditions under the policy.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the terms, exclusions, conditions and limitations contained in the policy.

**FIFTH DEFENSE**

Plaintiff's claims are barred because the policy did not provide coverage for flood.

**B. EXCLUSIONS**

**1.** We will not pay for the loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**g. Water**

**1.** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

**2.** Mudslide or mudflow;

**3.** Water that backs up or overflows from a sewer, drain or sump; or

**4.** Water under the ground surface pressing on, or flowing or seeping through;

**a.** Foundations, walls, floors or paved surfaces;

**b.** Basements, whether paved or not; or

**c.** Doors, windows or other openings.

But if Water, as described in **g(1)** through **(4)** above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrines of payment and accord and satisfaction because defendant has tendered all amounts due to the plaintiffs under the policy.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because defendant acted in good faith at all times and did not act arbitrarily, capriciously or without probable cause. Defendant's decisions were reasonable based upon good faith defenses under the policy.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because the policy did not provide coverage for flood damage or damage caused by flood.

**NINTH DEFENSE**

Plaintiff's claims are barred as defendant complied with all adjusting and payment requirements under Louisiana law.

**TENTH DEFENSE**

Defendant affirmatively pleads any and all policy terms, provisions and exclusions which limit or preclude insurance coverage for the plaintiff's claims.

**ELEVENTH DEFENSE**

Defendant is entitled to a credit for all amounts paid to the plaintiff to date.

**TWELFTH DEFENSE**

Defendant is entitled to a setoff or credit to the extent any amounts were paid by plaintiff.

**WHEREFORE**, Western World Insurance Company, prays that its Answer be deemed good and sufficient and after all due delays and proceedings be had, that there be judgment herein in favor of defendant and against plaintiffs, dismissing plaintiffs' Complaint with prejudice at plaintiffs' cost.

This ______ day of April, 2008.

R. Todd Musgrave, (Bar No. 22840)
Brent J. Carbo (Bar No. 30429)
Musgrave, McLachlan & Penn, L.L.C.
1515 Poydras Street
Suite 2380
New Orleans, Louisiana 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
Email: rtm@mmpfirm.com
Attorneys for Western World Insurance Company

40411

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TARDO PROPERTIES, L.L.C. | ) | CIVIL ACTION NO. 08-1167 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | JUDGE DUVAL |
| | ) | |
| WESTERN WORLD INSURANCE COMPANY, | ) | MAGISTRATE WILKINSON |
| | ) | |
| Defendant. | ) | SECTION K |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for all parties in this action with a copy of the foregoing **ANSWER AND JURY REQUEST** by U.S. Mail Postage prepaid upon the following:

Tardo Properties, L.L.C.
Through their Attorney of Record
Stuart. T. Barasch, Bar No. 20650
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70163

This 28th day of April, 2008.

R. Todd Musgrave