UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| | * | |
| LEVEE  (Sims 06- 5116) | * | |
|            (DePass 06-5127) | * | SECTION K |
|            (Ferdinand 06-5132) | * | |
|            (Bourgeois 06-5131) | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| | * | MAGISTRATE KNOWLES |
| ************************************** | | |

MEMORANDUM IN SUPPORT OF BERTHOLOT'S
MOTION FOR NEW TRIAL

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs in Case No. 06-5116 (Sims), Case No. 06-5127 (DePass), Case No. 06-5131 (Bourgeois), and Case No. 06-5132 (Ferdinand) to file this Memorandum in Support of the Motion for New Trial filed by *Bertholot et al*. in this matter (Doc. No. 11254), pursuant to leave granted.

Your *amici* support the position taken by *Bertholot* in its Motion and offer the following argument in support of the relief sought.

*Summary of the Argument*

*Central Green Co. v. United States,* 531 U. S. 425 (2001) narrowed the scope of the '28 Flood Act's immunity to damage caused by "all waters that flow through *a federal facility that was designed and is operated*, at least in part for flood control purposes." p.427 *Emphasis Added.* In doing so *Central Green* abandoned the "project" test the Court applied in deciding the

United States' motion in *Bertholot*. Doc. 10984. The federal works increasing the heights of the levees on the Outfall canals did not render them "federal facilities . . . .  designed and operated . . . for flood control purposes" in terms of the immunity as defined in *Central Green. supra* at p. 427. Even then, '28 Flood Act immunity did not attach because the heightening of the levees in the Outfall Canals was not "authorized to be prosecuted" under Sec. 1, of the '28 Act, as amended, and even if it was so "authorized", it was neither "constructed" nor "completed," and "turned over . . . to the States or local interest," "to maintain them after completion" under Secs. 2, 3, 4, 6 and 9 of the '28 Flood Act.[1] "Authorization" under the '28 Flood Act, "Turnover" under Sec. 4, is a pre-condition to immunity. The immunity provision in paragraph two of Sec. 3 that "No liability of any kind shall attach to or rest on the United States" is conditioned on turnover referred to in the first paragraph. Immunity presupposes "turnover" to local interest "to maintain all flood-control works after their completion." Sec. 3.

1. The High Level Plan, and the abandonment of the previously approved Barrier Plan, was neither vetted by or approved by Congress. The 1928 Flood act was not amended to include it. The Director of Civil Works for the Corp of Engineers approved a post authorization change for the Lake Pontchartrain, Louisiana, and Vicinity Hurricane Protection project abandoning the Barrier Plan and adopting the High Level Plan. This Plan included installing gated control structures at or near the canal entrances to the lake. The High level plan was never fully implemented. The gates were never installed. In the 1992 Energy and Water Development Act Congress appropriated the funds to raise the height of the Outfall Canal levees, but that did not convert the outfall canal levees into "federal facilities . . . designed and operated . . . for flood control purposes." Id. 427.

---

[1] The '28 Flood Act was enacted by Pub. Law 391, 71st Cong. 1st Sess., pp. 534 thru 539.

2.      *Central Green* narrowed the immunity from damage from or by floods or flood waters to those related to a Federal Flood Control Facility.  It revisited *James,* and abandoned the Project test, it had applied *James*[2] and the Courts of Appeal.[3]  It was made to apply only to levees and other structures 'built by the United States', consistent with the other provisions of the '28 Flood Act.  Local levees were neither 'built by the United States' or 'acquired * * * under the provisions of' the 1928 Act."  The improvement to the Outfall canals did not convert state drainage canals into federal flood control facilities.  They were not "constructed under the provisions of (the) (1928) Act," nor were they "designed and operated" for that purpose.

*Central Greens* narrowing is consistent with Section 9 of the 1928 Act, 33 U.S.C.A. s 702i, which made Section 14 of the Act of March 3, 1899  ( 33 U.S.C. s 408, 33 U.S.C.A. s 408), which prohibited interference with levees, 'applicable to all lands, waters, easements, and other property and rights acquired or constructed under the provisions of this (1928) Act (sections 702a to 702m of this title).'  *U.S. v. Sponenbarger*, 308 U.S. 256, 60 S.Ct. 225, U.S. 1939.  Notably Section 14 of the 1899 Act related only to levees and other structures 'built by the United States,' and no local levees on which respondent could rely have as yet been 'built by the United States' or 'acquired * * * under the provisions of' the 1928 Act.  Id.  In fact, a proposal that the Government assume control of local levees appeared in the original draft of the 1928 Act

---

[2] *United States v. James*, 478 U. S. 597 (1986)

[3] "All other Courts of Appeal that have interpreted  §702c and prior to this case, the Court of Appeal for the Fifth Circuit, see N. 2, *supr*a, has held the §702(c) grants immunity caused by flood waters from a federal flood control project".  *Id.* 429

but was stricken out by amendment[4] and the War Department, charged with its administration, has treated the Act as leaving local interests free to raise proposed fuse plug levees if they wish.[5]

3.  The improvements to the Outfall Canals, funded by the 1992 appropriation, were never completed. In the case of the 17th Street Canal, the contract with Pittman Construction was never accepted, Pittman was not fully paid, and the completed works were never turned over to the Levee Districts.[6] As to London Avenue and New Basin Canals, the south ends were never closed.

### Conclusion

*Central Green* held that whether immunity attaches depends on the "character of the waters", which it defined as "all waters that flow through a federal facility designed and operated, at least in part, for flood control purposes." The Outfall canals were not federal facilities. They were neither constructed nor completed and they were never turned over to local interests to interest "to maintain . . . after their completion." 28 Flood Act, Sec. 3. The immunity defense cannot be sustained.

Respectfully submitted,

OF COUNSEL:
MILLING BENSON WOODWARD L.L.P.      /s/ William C. Gambel
William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA  70112-1010
Telephone:  (504) 569-7000
Telecopy:  (504) 569-7001
wgambel@millinglaw.com

---

[4] 69 Cong.Rec., Part 7, pp. 7114, 7115.

[5] Com.Doc. No. 2, House Committee on Flood Control, 71st Cong., 1st Sess.

[6] For instance, see Sims (6-5116) Third Amendment to Complaint, Doc. 8107, ¶9c through 9k.

John J. Cummings, III (LA Bar No. 4652
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 569-0000
Telecopy: (504) 586-8423


W371980

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of April, 2008, a copy of the foregoing pleadings have been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed to the parties on the attached list, and with adequate postage affixed thereon.

                                      /s/ William C. Gambel

W371980