UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES          CIVIL ACTION
        CONSOLIDATED LITIGATION
                                        NO. 05-4182 "K" (2)

PERTAINS TO:  BARGE                     JUDGE DUVAL
*Mumford v. Ingram*        C.A. No. 05-5724      MAG. WILKINSON
*Boutte v. Lafarge*        C.A. No. 05-5531
*Lagarde v. Lafarge*       C.A. No. 06-5342
*Perry v. Ingram Barge*    C.A. No. 06-6299
*Benoit v. Lafarge*        C.A. No. 06-7516
*Parfait Family v. USA*    C.A. No. 07-3500 (stayed)

## ORDER ON MOTION

Defendant, Lafarge North America, Inc., filed a Motion to Compel Written
Discovery from  Plaintiffs.  Record Doc. No. 11666.  The Barge Plaintiffs, through the
Plaintiffs' Subgroup Litigation Committee ("PSLC"), filed a timely opposition
memorandum.  Record Doc. No. 12328.  Having considered the written submissions of
the parties, the record and the applicable law, and for the following reasons, Lafarge's
motion is GRANTED as provided herein, and DISMISSED AS MOOT IN PART.

I.    GENERAL MATTERS

      A.    Individual Plaintiffs Must Provide Individual Answers

      The court's Case Management Order ("CMO") No. 5 in these consolidated actions
ordered that "[w]ritten discovery directed to each individual plaintiff must be answered
individually."  Record Doc. No. 7724 at p. 8.  Lafarge's written discovery requests state

that they are directed to all individual plaintiffs and are to be answered individually, unless the answer is the same for all plaintiffs in the above captioned cases. Defendant's Exhs. 1, 2. Neither Lafarge's discovery requests nor CMO No. 5 distinguished between "named class representatives" and "named individual non-representative plaintiffs," as the Barge Plaintiffs do in their "General Responses and Reservations" section of their written responses to defendant's discovery. Accordingly, the following order applies to all named plaintiffs in each captioned case, regardless whether they have also been identified as proposed class representatives.

Lafarge states that the Mumford, Boutte, Lagarde, Perry and Benoit plaintiffs listed on pages 7 through 9 of its memorandum and all of the Parfait plaintiffs (listed on Defendant's Exh. 13) have not provided any discovery responses. The Barge PSLC, in its opposition memorandum and exhibits, documents its efforts to advise counsel for each of the named plaintiffs of the discovery requests and deadlines for responding, and to encourage individual counsel to provide written responses for their particular clients. Despite those efforts, the listed plaintiffs did not respond. With the exception at this time of the plaintiffs in the Parfait case, C.A. No. 07-3500, which has been stayed by order of the district judge,[1] **IT IS ORDERED** that each and every named plaintiff in any of the

_____

[1]Although further proceedings in Parfait are stayed at this time, Record Doc. No. 12713, so that discovery concerning the named Parfait plaintiffs will not currently be proceeding, counsel for the Parfait plaintiffs should have already begun and must continue the process of circulating these discovery requests to his clients and gathering responsive information from them, so that the discovery responses

referenced cases must provide timely, complete discovery responses as dictated by the Federal Rules of Civil Procedure and this court's orders.  If particular plaintiffs fail to comply, they may be subject to sanctions, possibly including dismissal of their claims, upon an appropriate motion by Lafarge.

> B.   <u>Privilege Log</u>

Lafarge   argues that plaintiffs did not provide a privilege log.  In response, plaintiffs attached to their opposition memorandum a privilege log and an affidavit of PSLC attorney Brian A. Gilbert.  Plaintiffs' Exh. 2A, 2B.   Plaintiffs thus have adequately asserted their attorney-client privilege and work product objections in general (although some of the specific work product objections are overruled, as provided below), and the part of defendant's motion seeking a privilege log is dismissed as moot.

> C.   <u>Verifications</u>

According to Lafarge's memorandum and one verification attached to its memorandum, which is apparently intended as an example of others that have been provided to Lafarge, Defendant's Exh. 12, the responding plaintiffs failed to provide proper verifications of their Answers to Interrogatories, as required by Fed. R. Civ. P. 33(b)(3).  Plaintiffs state in their opposition memorandum that they will supply proper verifications.   Accordingly, the motion is granted in that <u>all</u> plaintiffs must provide a

---

can be timely prepared and provided <u>after</u> the stay is lifted.

verification that complies with Rule 33(b)(3) of their original <u>and</u> any supplemental answers to interrogatories.

        D.      <u>Production of Materials</u>

        Lafarge complains that plaintiffs have not complied with Fed. R. Civ. P. 34(b)(2)(E)(ii) because they have not produced tangible materials as they are kept in the ordinary course of business; organized and labeled the materials to correspond with the Requests for Production; or stated specifically in their written responses which materials correspond to a particular request.  Plaintiffs respond that they have produced the documents as they are kept in the course of <u>counsel's</u> business, that is, in case files corresponding to each particular plaintiff.

        Rule 34 gives the responding "party" the option either to "produce documents as they are kept in the usual course of business <u>or</u> [to] organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(e)(i).  The "course of business" to which the rule refers is the business of the <u>party</u>, not its counsel.  <u>See</u> <u>Google, Inc. v. American Blind & Wallpaper Factory, Inc.</u>, No. 03-cv-5340, 2006 WL 5349265, at *4 n.3 (N.D. Cal. Feb. 8, 2006) (emphasis added) ("The more reasonable reading of Rule 34, however, is that the 'course of business' to which it refers concerns a party's substantive business operations.").

Thus, if the responding party is a business, it may produce the materials as they are kept in the usual course of its substantive business, provided that they are organized in a manner reasonably accessible to the responding party.

> The purpose behind the 1980 Amendment that added the "usual course of business" language to Rule 34(b) was to allow the discovering party access to underline business records in the manner documents were normally maintained by the producing party to prevent deliberate "shifting of the materials from the sequence which they were ordinarily kept to somewhere else . . . ." The solution proposed by the 1980 Amendment was obviously intended to include all business forms. . . . [T]o satisfy the requirements of Rule 34(b)[,] any archived documents produced must be thoroughly indexed, the boxes accurately labeled and the depository kept in good order. The Court does not endorse a method of document production that merely gives the requesting party access to a "document dump," with an instruction to the party to "go fish."

In re Adelphia Commc'ns Corp., 338 B.R. 546, 551 (Bankr. S.D.N.Y. 2005) (emphasis added) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213 at 431 (2d ed. 1994); Hagemeyer N. Am. v. Gateway Data Sci. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Doe v. National Hemophilia Found., 194 F.R.D. 516, 518 (D. Md. 2000)); see also Wagner v. Dryvit Sys., Inc., 208 F.R.D. 606, 609-10 (D. Neb. 2001) (disapproving defendant's document production in which "documents were located in four oversized file cabinets with no index provided to plaintiffs' counsel. The documents were not organized by date, subject matter or in any other way. . . . [Defendant] provided no identification by Bates stamp number of the documents

responsive to plaintiffs' request."  "[N]o system of organizing exists and [defendant] is passing the duty of sorting through the documents onto the plaintiff.").

In addition, even if documents are produced as they are kept in the usual course of its business, a business litigant's written response to a request for production must state that all responsive materials have been produced or made available for inspection, unless an objection is stated.  Plaintiffs' statement in their opposition memorandum that they have done this is insufficient to satisfy the requirements of Rules 34(b)(2)(B), 34(b)(2)(E)(i) and 26(g).  Google, Inc., 2006 WL 5349265, at *3 (citing Fed. R. Civ. P. 34(b)); see also Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611, 618 (D. Kan. 2005) ("[A] party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner. . . .  In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business.");  Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 540-41 (D. Kan .2006) (party who failed to meet burden of showing that documents were produced as kept in usual course of business was required to identify by Bates number which documents were responsive to each request).

An individual litigant, however, does not have the option to "produce documents as they are kept in the usual course of business" when the individual is not engaged in

a business.  Thus, the individual plaintiffs in these consolidated actions "<u>must</u> organize and label [the materials they produce] to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(e)(i) (emphasis added); <u>see also</u> <u>Cardenas</u>, 230 F.R.D. at 618 ("Because [defendant] did not produce [the documents] as kept in the usual course of business, it should have organized and labeled them to correspond with the categories in each request, as required by Rule 34(b).").

Accordingly, the motion is granted in that plaintiffs must supplement their responses to each of the requests for production to comply with these requirements of Rule 34(b).

E.   <u>Requests for Admissions</u>

In footnote 23 of its memorandum, Lafarge states that it is <u>not</u> moving to compel responses to its requests for admissions and notes that unanswered requests for admissions are deemed admitted under Fed. R. Civ. P. 36.  However, Lafarge asks the court to compel responses immediately, if the court is inclined to accept untimely responses.  Plaintiffs echo this request in their opposition memorandum.

The court is not inclined to rule on a motion that is not pending based on papers that do not adequately address the applicable legal standard.  As matters now stand, unanswered requests for admissions are deemed admitted, Fed. R. Civ. P. 36(a)(3), and are "conclusively established," until such time, if ever, that plaintiffs do what the rule

requires.  Fed. R. Civ. P. 36(b).  Rule 36(a)(3) provides procedures by which the parties can stipulate to an extension of time to answer, if that is what they want to do. Otherwise, if plaintiffs wish to undo the fact that the unanswered requests for admissions have already been admitted by operation of law, they must file the motion and address the factors set out in Rule 36(b).  See Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *1-2 (5th Cir. Mar. 6, 2007); In re Carney, 258 F.3d 415, 419 (5th Cir. 2001).

II.    SPECIFIC DISCOVERY REQUESTS

     A.    Requests Concerning Facts, Contentions and Witness Identification

Plaintiffs' work product objection to Interrogatory No. 1 is overruled and defendant's motion is granted.  The interrogatory seeks the names of each person whom plaintiffs consulted, who provided information to plaintiffs or who assisted in preparing plaintiffs' responses to Lafarge's discovery requests.  This obviously does not ask plaintiffs to identify every source of information from which they may have gleaned some knowledge related to this case, such as from non-persons, publicly available reports or defense attorneys.  Rather, the interrogatory plainly seeks the names of those persons who participated in responding to the discovery.  Plaintiffs must supplement their Answer to Interrogatory No. 1 to respond properly.

Defendant's motion is granted as to Interrogatory No. 2.  Plaintiffs must supplement their answer to this interrogatory to delete all general categories of persons and to supply contact information for the named persons.

Plaintiff's objections are overruled, except as to expert reports (as explained below), and Lafarge's motion is granted as to Interrogatories No. 23 and 24.  These are contention interrogatories.  Rule 33(a)(2) allows such interrogatories, including questions that relate to the application of law to fact.  Plaintiffs' answers are evasive and incomplete.  Plaintiffs contend in their opposition memorandum that they have provided information in other answers to interrogatories and in documents produced that answer Interrogatories No. 23 and 24.  That is insufficient to answer these particular interrogatories.  Furthermore, the court's requirement that plaintiffs submit witness and exhibit lists at some later date is not a valid ground for objecting to a discovery request that seeks information about the factual bases for plaintiffs' contentions.  Although plaintiffs need not disclose their expert reports until the date set by the court's case management orders, they must supplement their responses to answer the questions asked, specifically and completely, based on the information they currently have.

Interrogatory No. 27 asks plaintiffs to describe in detail how this case can be tried as a class action.  Plaintiffs' objection on the basis of work product is overruled.  Plaintiffs submitted a proposed trial plan in their motion for class certification, Record

Doc. No. 11005, which was dismissed as premature.  Clearly, plaintiffs are in position to answer this interrogatory, and they must do so.  Lafarge's motion to compel is granted as to Interrogatory No. 27.

As to Lafarge's Request for Production No. 19, plaintiffs state in their opposition memorandum that they have produced all responsive documents in their possession, custody or control.  They must supplement their written response to state clearly that they have done so and to identify by Bates-stamp number or other identifying mark which documents are responsive to the request in accordance with Rule 34(b)(2)(e)(i).

B.    Requests Relating to Individual Plaintiffs' Claims and Alleged Injuries

In a footnote in its memorandum, Lafarge states that two individual plaintiffs, Donald Pritchett and Doris Shanks, who otherwise responded to the discovery requests failed to answer Interrogatory No. 26.  Plaintiffs state in their memorandum that this was an oversight and that these two plaintiffs will answer Interrogatory No. 26.  They must do so.

Lafarge's motion is granted as to Interrogatories No. 37, 40 and 41, which seek information about plaintiffs' claims of property damage, emotional distress and wrongful death.  Those portions of plaintiffs' responses to Interrogatories No. 37 and 41 that refer Lafarge to their complaint for an answer are insufficient.  Furthermore, regardless whether a class is ever certified and whether any experts testify concerning class-wide

damages, individual plaintiffs must provide the requested facts concerning their individual damages.  If <u>all</u> plaintiffs are claiming damages for emotional distress, as plaintiffs assert in their answer to Interrogatory No. 40, then all plaintiffs must identify the health care providers who treated them and the dates of their treatment, or must plainly say that they obtained no treatment.  Although plaintiffs state in their memorandum that they have identified all decedents for whom they are claiming wrongful death damages, they have not clearly done so in their answer to Interrogatory No. 41, and they must supplement their response to answer the interrogatory fully.

All objections, except as to providing early expert reports, to Request for Production No. 17 are overruled and defendant's motion is granted.  In their supplemental response to this request, plaintiffs state in the first paragraph that Lafarge orally agreed to accept responses <u>only</u> on behalf of named class representatives. However, plaintiffs provide no evidence of such an agreement and Lafarge does not mention any such agreement in its memorandum.  After reciting this supposed agreement, plaintiffs state in the second paragraph of their supplemental response to Request for Production No. 17 that they have produced all responsive materials "in the possession, custody or control of named plaintiffs," not just class representatives.  Thus, the response is unclear as to which plaintiffs have actually responded, and incomplete if only class representatives have replied.  Plaintiffs' supplemental response to Request for

Production No. 21 refers to its supplemental response to Request for Production No. 17, while their supplemental response to Request for Production No. 35 refers to their supplemental response to Request for Production No. 21. Thus, the supplemental responses to Requests for Production No. 21 and 35 suffer from the same defects as the supplemental response to Request for Production No. 17. Accordingly, plaintiffs must supplement their responses to Requests for Production No. 17, 21 and 35 to state clearly and without objection that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

In their original response to Request for Production No. 24, plaintiffs state that they have not alleged any claims for personal property damage, which clearly conflicts both with some allegations in plaintiffs' complaints, see, e.g., Record Doc. No. 8779, Sixth Amended Complaint (filed by the Barge PSLC on behalf of Ethel Mumford individually and on behalf of a class of persons similarly situated and with common claims) at p. 13; Record Doc. No. 719, filed in In re Ingram Barge Company, C.A. No. 05-4419 (with which the captioned cases were previously consolidated), Fifth Amended Complaint (filed by Ethel Mumford individually and on behalf of a class of persons similarly situated and with common claims and on behalf of all Group A plaintiffs and claimants; Group A was defined in the case management orders in C.A. No. 05-4419 to include all named plaintiffs in the captioned cases) at p. 4 (claiming "all damages as are

12

reasonable in the factual and legal premises"); Record Doc. No. 449 in C.A. No. 05-4419, Fourth Amended Complaint (filed by all plaintiffs in the captioned cases individually and on behalf of a class of persons with common claims) at p. 3 (claiming "any and all damages . . . caused by the consequent flooding"), and with plaintiffs' supplemental response to Request for Production No. 24, in which they state that they are in the process of gathering responsive materials and will supplement again when they have the information. However, they also "reiterate their original Response to Request for Production No. 24." These responses are confused and evasive, and defendant's motion is granted in that plaintiffs must supplement their response to state clearly that they have provided all responsive materials in their possession, custody or control. They must supplement again if and when they acquire additional responsive materials. Fed. R. Civ. P. 26(e)(1).

Request for Production No. 28 seeks any documents relating to tests of any plaintiff's or proposed class member's property for the presence of pollutants. Plaintiffs' objection that this calls for expert discovery is overruled. The request seeks tests, not expert opinion, and defendant's motion is granted in that any such tests in plaintiffs' possession, custody or control must be produced.

Lafarge's motion is granted as to Request for Production No. 22 because plaintiffs' original response, which is reiterated in their supplemental response, is non-

responsive.  Plaintiffs must supplement their response, without objection, to state that they have provided all responsive materials in their possession, custody or control.

Lafarge's motion is granted as to Requests for Production No. 23, 25 and 26. Plaintiffs must supplement their responses, without objection, to state that they have provided all responsive materials in their possession, custody or control.

CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiffs must supplement their written responses to defendant's Interrogatories and Requests for Production and make all responsive documents available to defendant's counsel, as ordered above, within thirty (30) days of entry of this order.

New Orleans, Louisiana, this _____29th_____ day of April, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

14