# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION * * NO. 05-4182 "K" (2) * * JUDGE STANWOOD R. DUVAL * * MAG. JUDGE JOSEPH C. WILKINSON, JR. * |

*THIS PLEADING APPLIES TO:* BARGE

| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait v. USA* | C.A. No. 07-3500 |
| *LNA v. USA* | C.A. No. 07-5178 |

## SUPPLEMENTAL DECLARATION OF WAYNE R. CENTANNI

1. My name is Wayne Centanni, sole proprietor of Centanni Investigative Agency ("CIA"), and I submit this declaration in support of LNA's opposition to plaintiffs' motion for a protective order and other relief.

2. I have been in the private investigative business since 1975. I, and/or investigators employed by CIA, have conducted thousands of interviews at the request of clients, such as private companies, insurance companies, insurance adjusters, and attorneys. The bulk of our business is on instruction from legal counsel.

3. The interviews which CIA conducted for Lafarge North America, Inc. ("LNA") and its counsel did not deviate or differ from the standard practice we have employed since 1975.

These practices are in accordance with the guidelines set forth by the Louisiana State Board of Private Investigator Examiners.

4.  The intention of our interviews was to have the witness relate his/her recollection of events surrounding Hurricane Katrina. We never coerced, lied, threatened, or misrepresented ourselves or any facts; we sought to obtain information regarding the events, circumstances, and facts, surrounding the flooding of the Ninth Ward. We asked the persons to share the truth with us about what happened.

5.  CIA obtained no photographs or videos as a result of any response we received to signs we posted in the Ninth Ward, or at any other time during any interviews of Lower Ninth Ward residents.

6.  Further, at no time did we seek to obtain attorney client or work product from any witness, and if any witness advised us that he/she was represented by counsel, we stopped the interview.

7.  I have reviewed the transcription of the recorded interview with Kenneth Robinson. This is the full and complete conversation. The interviewer forgot to turn on the recorder for the very beginning of the conversation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2008.

_____
WAYNE CENTANNI

2