# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*      05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*        06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*      06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * * * | MAGISTRATE<br>JOSEPH C. WILKINSON, JR. |

### LAFARGE NORTH AMERICA INC.'S
### RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Lafarge North America Inc. ("LNA"), hereby responds to the Interrogatories served by Plaintiffs in the above-captioned actions as follows:

### GENERAL OBJECTIONS

1.      LNA objects to each Interrogatory to the extent it purports to require any act not mandated by the Federal Rules of Civil Procedure. LNA will respond to the Interrogatories in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2.      LNA objects to each Interrogatory to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation. That investigation continues to this day. In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the

LIBW/1658662.7

**Answer to Interrogatory No. 21:**

LNA objects to the phrase "damages alleged by putative class plaintiffs herein" as vague and potentially. LNA interprets this interrogatory to refer to the damages alleged by the named plaintiffs in their complaints in the above-captioned actions, case numbers 05-5531, 05-5724, 06-5342, 06-6299, 06-7516, and 07-3500. LNA objects to the request to the extent that it applies to other persons because any such group of persons is ill-defined and not capable of ascertainment, there being no single definition of the proposed "putative class." Subject to these objections, and without limitations, LNA answers: the United States of America; the United States Army Corps of Engineers; the Board of Commissioners of the Orleans Levee District; Board of Commissioners of the Port of New Orleans; the plaintiffs themselves; and, possibly, other named defendants in the MRGO track of the *In re Katrina* litigation (No. 05-4182). LNA refers plaintiffs to its witness and exhibit lists, filed November 20, 2007, and to its monthly supplementations thereof.

**INTERROGATORY NO. 22:**

Please identify and describe any and all complaints and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and the full substance of any and all such complaints and/or communications, during the period August 28-29, 2005.

**Answer to Interrogatory No. 22:**

LNA is unaware of any such complaints or communications having occurred during the period August 28-29, 2005.

**INTERROGATORY NO. 23:**

Please identify and describe in as much detail as possible any and all efforts to track, redirect, guide, navigate, and/or recapture ING 4727 after its breakaway during the effects of Katrina.

17