# EXHIBIT D

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION |
| | * <br> * | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | * <br> * | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531<br>*Mumford v. Ingram*       05-5724<br>*Lagarde v. Lafarge*        06-5342<br>*Perry v. Ingram*             06-6299<br>*Benoit v. Lafarge*          06-7516<br>*Parfait Family v. USA*   07-3500 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE<br>JOSEPH C. WILKINSON, JR. |

## LAFARGE NORTH AMERICA INC.'S
## SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Lafarge North America Inc. ("LNA"), hereby responds to the Interrogatories served by Plaintiffs in the above-captioned actions as follows:

### GENERAL OBJECTIONS

1. LNA objects to each Interrogatory to the extent it purports to require any act not mandated by the Federal Rules of Civil Procedure. LNA will respond to the Interrogatories in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2. LNA objects to each Interrogatory to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation. That investigation continues to this day. In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the

required by Rule 26 and in accordance with the timelines established by the Court. Subject to and without waiving any objections, LNA refers the plaintiffs to the reports of the IPET, ILIT, Team Louisiana, and American Society of Civil Engineers External Review Panel, all of which provide comprehensive scientific investigation of the facts and circumstances relevant to this litigation. The reports and underlying materials are available to the plaintiffs through the following web addresses:

    a) IPET: : https://ipet.wes.army.mil.

    b) ILIT:    http://www.ce.berkeley.edu/~new_orleans

    c) Team Louisiana: ftp://hcf-hurricane.hurricane.lsu.edu/Team_Louisiana.

    d) External Review Panel: http://www.asce.org/static/hurricane/whitehouse.cfm

See also overtopping animation produced by the History Channel ("Modern Marvels," 5/1/06; "Katrina: American Catastrophe," 5/4/06.

**INTERROGATORY NO. 22:**

Please identify and describe any and all complaints and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and the full substance of any and all such complaints and/or communications, during the period August 28-29, 2005.

<u>**Answer to Interrogatory No. 22:**</u>

Carolyn Berryhill and Wesley Wilson (identified in Berryhill deposition) heard a noise which they described as scraping but did not associate the noise with an object or a barge. In fact, Ms. Berryhill testified she did not see the barge until many hours later.

**INTERROGATORY NO. 25:**

Please provide your complete, detailed, exhaustive account of any and all locations, things, persons, events, circumstances and factors constituting the causes and occurrence of the breakaway of ING 4727.