UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                       CIVIL ACTION
CONSOLIDATED LITIGATION
_____                       NO. 05-4182

PERTAINS TO INSURANCE:                             SECTION K-2

*Acevedo*, **07-5199**
*Abram*, **07-5205**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTIONS TO
VACATE AND TO DISMISS ORDER GRANTING STATE FARM'S MOTIONS
TO DISMISS (REC. DOC. 10738) AND FOR LEAVE TO FILE AMENDED COMPLAINTS**

Plaintiffs move this Court under Rule 60(b)(1) of the Federal Rules of Civil Procedure to vacate a January 23, 2008 Order granting State Farm Fire and Casualty's Rule 12(b)(6) Motions to Dismiss as unopposed. This motion is made in both *Acevedo* (07-5199) and *Abram* (07-5205). State Farm's Motions were filed in violation of the stay that governed the Insurance Umbrella of this consolidated action and State Farm's motions were granted before counsel for Plaintiffs' could communicate its opposition to the Court. Based on the wording of the January 23, 2008 Order and an email sent to counsel by this Court, the undersigned respectfully asserts that the Order granting the Motions to Dismiss would never have been granted if the Court was fully apprised of Plaintiffs' opposition. Accordingly, Plaintiffs' move this Court for: (1) an Order vacating the previous January 23,

1

2008 Order (Rec. Doc. 10738); and, (2) an Order granting them leave to amend their complaints to further clarify their claims against State Farm.

## BACKGROUND

The *Abram* and *Acevedo* plaintiffs filed suit in August of 2007, seeking damages related to Hurricane Katrina. Their suits named more than 70 homeowners' insurers, including State Farm.[1]  Both *Acevedo* and *Abram* were consolidated under the Insurance Umbrella in the *In re Katrina Canal Breaches Litigation*.[2]  The complaints contained the following paragraph:

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below.[3]

Thereafter, the complaints enumerate several causes of action including, but not limited to, breach of insurance contract and failure to tender timely and sufficient payments.[4]  Clearly, regardless of the holdings of *Chehardy*,[5] *Vanderbrook*,[6] or *Sher*,[7] Plaintiffs' Complaints state claims for damages caused by wind and wind-driven rain that caused damage to property beyond the amounts paid by State Farm.  After these matters were consolidated herein, this Court issued an order[8] in *In re Katrina Canal Breaches Litigation* that stayed all proceedings under the Insurance Umbrella in November, 2007.

---

[1] 07-5205, Rec. Doc. 1, and 07-5199, Rec. Doc. 1.
[2] 05-4182, Rec. Docs. 7959 (*Acevedo*) and 7967 (*Abram*)
[3] 07-5205, Rec. Doc. 1 (*Abram*) and 07-5199, Rec. Doc. 1 (*Acevedo*)
[4] *Id.*
[5] 06-1672, 06-1673, and 06-1674
[6] 05-6323
[7] *Sher v. Lafayette Ins. Co.*, 2007-C-2441 (La. 4/8/2008)
[8] 05-4182, Rec. Doc. 9297

The stay contemplated a ruling by the Louisiana Supreme Court of the water damage exclusion in *Sher v. Lafayette Insurance Co.*[9] The Order provided:

> As a result of the present posture of this issue in the Louisiana state court system and the fact that this Court has been assured that a writ will be taken in *Sher*, it is in the interest of justice and judicial economy to stay all proceedings in the Insurance Umbrella concerning this coverage issue.[10]

On December 5, 2007, the *Acevedo* plaintiffs filed a First Amended Complaint. The amended complaint was filed as of right under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.[11] On December 10, 2007, State Farm filed Motions to Dismiss Under Rule 12(b)(6) in *Abram* and in *Acevedo*,[12] in violation of this Court's Stay Order, and set the motions for hearing on January 23, 2008. State Farm joined issue when it subsequently filed an Answer in both *Abram* and in *Acevedo* on January 4, 2008.[13]

On the same day this Court issued an Order[14] clarifying the scope of the November stay order:

> It has come to the Court's attention that the scope of the stay described in the Court's Minute Entry dated November 26, 2007 [Rec. Doc. 9227] is not necessarily being read as intended. For that reason, the Court takes this opportunity to clarify the scope of the stay vis-à-vis the Insurance Umbrella. For the reasons stated by the Court in its November 26, 2007 Minute Entry, **all proceedings in the Insurance Umbrella are hereby completely stayed** until further Order of the Court, **including without limitation** discovery, **any deadlines for responsive pleadings, or other motions.** With the exception of joint motions to dismiss resolved cases, no motions of any kind are to be filed during this time (emphasis added).

Because counsel for Plaintiffs understood that all matters under the Insurance Umbrella were stayed, oppositions to State Farm's Motions to Dismiss were not filed. Two

---

[9] 973 So.2d 39 (La.App. 4th Cir. Nov. 19, 2007)
[10] 05-4182, Rec. Doc. 9297
[11] 07-5199, Rec. Doc. 9371
[12] 05-4182, Rec. Docs. 9420 (*Acevedo*) and 9421 (*Abram*)
[13] 05-4182, Rec. Doc. 10087 (*Abram*) and 10088 (*Acevedo*)
[14] 05-4182, Rec. Doc. 10110

3

weeks later, on January 21, 2008—a federal holiday—and two days before the previously-stayed hearing date, the Court sent an email to counsel inquiring whether an opposition was going to be filed. Specifically, the Court noted that plaintiffs' counsel "may have thought that these motions were subject to the stay."[15]

The email stated that State Farm's Motions to Dismiss would be granted unless the Court heard back from counsel by noon the next day. Unfortunately, counsel did not read the email until the court's deadline had already passed. Moreover, given the Case Management Orders that have been entered in this matter, counsel was prohibited, under threat of sanctions, from calling Chambers to advise of its opposition to State Farm's motions or to seek further clarification regarding the matter.

A day later, on January 23, 2008, the Court entered an order granting both of State Farm's motions to dismiss as unopposed.[16] The order provides:

> Before the Court are State Farm's Rule 12(b)(6) Motions to Dismiss (Doc. 9420 and 9421) filed in the above-referenced cases. The Court sent an e-mail to plaintiff's counsel to ascertain whether oppositions were intended to be filed; however, the Court has not received a response to the e-mail, and it has not received an opposition to either motion. Thus, finding the motions have merit,
>
> **IT IS ORDERED** that State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9420) in Acevedo, C.A. No. 07-5199 and State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 9421) in Abram, C.A. No. 07-5205) are GRANTED.

The Court did not enter a judgment of dismissal in favor of State Farm. Accordingly, Plaintiffs moved the Court for leave to amend their complaints to reurge and clarify their claims against State Farm. Plaintiffs' motions for leave to amend came for hearing before the Magistrate Judge on April 16, 2008 and, although the Magistrate Judge found Plaintiffs'

---

[15] Exhibit 1.
[16] 05-4182, Rec. Doc. 10738

meritorious, he denied the motions due to concerns regarding this Court's global handling of flood claims under the Insurance Umbrella.[17] The Magistrate Judge denied the Motions for Leave to Amend without prejudice to Plaintiffs' rights to seek relief under Rule 60(b).[18] Accordingly, Plaintiffs now move this Court for relief from the January 23, 2008 Order and for Leave of Court to Amend their Complaints to further clarify their claims for wind damages against Defendants.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 60(b)(1) authorizes a district court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect, " among other reasons. A plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice.[19] As such, any doubt regarding the granting of such a motion should be resolved in favor of a judicial decision made on the merits of a case. [20] A technical error or a slight mistake by an attorney should not deprive plaintiffs of an opportunity to present the true merits of their claims and they should not be punished for an attorney's mistake absent a clear record of delay, willful contempt, or contumacious conduct.[21]

The Supreme Court addressed the contours of "excusable neglect" in its 1993 decision, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*.[22] The case involved an interpretation of Bankruptcy Rule 9006(b)(1), which authorizes bankruptcy courts to permit a late filing of a proof of claim if the failure to meet the rule's deadlines was the result of "excusable neglect." The claimant filed a motion seeking relief

---

[17] 05-4182, Rec. Doc. 12498
[18] *Id.*
[19] *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)
[20] *Id.*
[21] *Id.* citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)
[22] 507 U.S. 380, 113 S.Ct. 1489 (1993)

5

from a missed claims deadline on the grounds that he had been moving offices around the time of the claims deadline and that the actual deadline was improperly noticed. The claimant's relief was denied by both the bankruptcy court and the district court. On appeal, the Sixth Circuit reversed and remanded and, on certiorari review, the Supreme Court affirmed the Sixth Circuit finding that had found notice of the claims deadline contained a "dramatic ambiguity" that could have confused "[e]ven persons experienced in bankruptcy."[23]

Notably, the Court specifically referenced and analogized Rule 60(b) of the Federal Rules of Civil Procedure in its decision and held that "the determination of what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[24] "These include . . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[25] The *Pioneer* majority specifically rejected the notion that a movant had to be "sufficiently blameless" in the delay, as well as the argument that "any showing of fault on the part of the late filer would defeat a claim of 'excusable neglect.'"[26] Furthermore, *Pioneer* abrogated the Fifth Circuit's previous jurisprudence that stringently construed "excusable neglect."[27]

As the following illustrates, a review of the Supreme Court's "excusable neglect" factors that were enunciated in *Pioneer* confirms that plaintiffs are entitled to Rule

---

[23] *Id.* at 1494
[24] *Id.* at 1498.
[25] *Id.* (footnotes omitted)
[26] *Id.* at 1494
[27] *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 468 (5th Cir. 1998)

6

60(b)(1) relief because: (1) there is no danger of prejudice to State Farm; (2) the minimal resulting delay will have no impact on these judicial proceedings due to the stay that has been entered; (3) Plaintiffs and their counsel have acted in good faith; and (4) Plaintiffs have meritorious claims against State Farm.  Each of these factors is more fully addressed by the following after a brief discussion of *Herman v. Citizens' Consulting, Inc.*[28]

In *Herman*, the United States Secretary of Labor brought an action pursuant to the Fair Labor Standards Act to enjoin defendants from continuing to withhold overtime that was due to their employees.  During the pendency of the matter, Judge Sear granted as unopposed a motion for judgment on the pleadings and/or summary judgment and dismissed one of the defendants from the proceedings.  Plaintiff, the Secretary of Labor thereafter filed a Motion for Reconsideration pursuant to Rule 60(b), which was granted by the Court.

In considering plaintiff's motion, the Court noted that the decision to grant or deny relief is left to the sound discretion of the Court, "but there is much more reason for liberality in reopening a matter when the merits have never been considered than there is when the judgment or order comes after full consideration of the merits."[29]  Judge Sear noted that the merits of defendant's motion was subject to the same standard as a Rule 12(b)(6) motion to dismiss—a court should not dismiss a Complaint unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.

Judge Sear found the defendant's contention that the Complaint failed to allege a claim against him based on a matter of procedural capacity without merit.  Accordingly, viewing the allegations in the light most favorable to plaintiff, he found that it did not

---

[28] 1997 WL 2711356 (E.D. La. 1997) (J. Sear)
[29] *Id.* at p. 1.

appear beyond doubt that plaintiff could prove no set of facts that would entitle him to relief.  Accordingly, the earlier motion granting the defendant's motion was vacated and the motion for judgment on the pleadings was denied.[30]  The facts of the present matter demand the same result.

### There is no danger of prejudice to State Farm.

There is no danger that State Farm will be prejudiced by the grant of Rule 60(b)(1) relief.  Prejudice in the context of "excusable neglect" is difficult to prove, and is not shown by the simple delay that will occur in the resolution of a case as a result of setting aside a judgment.  *Hibernia National Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion"). Rather, a party opposing a Rule 60(b)(1) motion must show that the delay in setting aside the judgment will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2nd Cir. 1983), *quoting* 10 C. Wright, A. Miller and M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2699 at 536-37 (1983).  Under this high standard, State Farm could not reasonably claim that it would be prejudiced if the district court set aside its order that granted the 12(b)(6) motions and handled these matters in accordance with State Farm's global motion to dismiss.

### The potential impact on these judicial proceedings is negligible.

Plaintiffs have moved to vacate the January 24th Order less than two weeks after the Magistrate Judge denied their Motions for Leave to Amend their Complaints.  Given that all

---

[30] *Id.* at 3.

8

proceedings in the Insurance Umbrella have been completely stayed, including discovery, granting Plaintiffs' requested relief will not impair these judicial proceedings in any manner.

### Plaintiffs and their counsel acted in good faith.

Plaintiffs' good faith throughout the course of events that led to the filing of this motion cannot seriously be questioned. Plaintiffs' lead counsel had a good faith belief that State Farm's 12(b)(6) Motions to Dismiss had been stayed and that responses were not due until after the stay was lifted.  Although the Court sent an email to counsel inquiring whether Plaintiffs opposed State Farm's Motions to Dismiss, the email was sent on a federal holiday and requested a response by noon the following day.  Counsel for Plaintiffs was not in the office on January 21, 2008 because he was required to appear before a federal administrative law judge on behalf of another client at 9:00 a.m. on January 22, 2008. Counsel flew back to New Orleans after his hearing and by the time he read the Court's email that afternoon, the deadline for responding had already passed.  Although a first instinct would be to call the Court, the Case Management Order's in this proceeding make clear that counsel is not permitted to call the Court regarding this proceeding under any circumstances.

Accordingly, Plaintiffs sought relief from the January 23, 2008 Order by filing Motions for Leave to Amend their Complaints.  As previously discussed, on April 16, 2008 the Magistrate Judge found Plaintiffs' Motions for Leave to Amend had merit, but he denied the relief because of concerns he had regarding global proceedings pending before this Court regarding the handling of flood claims.  Given the confusion engendered by the Stay Order and the nature of this consolidated proceedings, Plaintiffs suggest that this matter is

similar to *Pioneer* and certainly qualifies as excusable neglect.  Therefore, Plaintiffs suggest that this factor, just as the others, must be resolved in its favor.

**Plaintiffs have a meritorious claim against State Farm.**

Finally, a party requesting Rule 60 relief must show that he or she has a meritorious claim or defense,[31] but this does not mean that the moving party must show that he or she is likely to prevail.[32]  A plaintiff's complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.[33]  As already indicated, the Complaints filed by the *Abram* and *Acevedo* plaintiffs contained the following paragraph:

> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below.[34]

Furthermore, the complaints also enumerate several causes of action including, but not limited to, breach of insurance contract and failure to tender timely and sufficient payments.[35]  Clearly, regardless of the holdings of *Chehardy*, *Vanderbrook*, or *Sher*, Plaintiffs' Complaints state claims for damages caused by wind and wind-driven rain that caused damage to property beyond the amounts paid by State Farm.  As such, even without being afforded the opportunity to amend, Plaintiffs assert that this matter is indistinguishable from Judge Sear's decision in *Herman* in that Plaintiffs have stated valid

---

[31] *Pease v. Pakhoed Corp.,* 980 F.2d 995, 998 (5th Cir. 1993),
[32] *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Co.,* 953 F.2d 17, 21 (1st Cir. 1992)
[33] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)
[34] 07-5205, Rec. Doc. 1 (*Abram*) and 07-5199, Rec. Doc. 1 (*Acevedo*)
[35] *Id.*

claims in their original Complaints—especially when considered in the light most favorable to them.

Nonetheless, Plaintiffs have also attached a draft copy of their proposed amended Complaints as Exhibit 2, which they will file if the Court grants Rule 60 relief and leave to amend. Furthermore, if the Court has concerns about granting this motion in light of the global proceedings regarding the flood claims, Plaintiffs suggest that these concerns can be handled by adding these cases to Exhibit B of State Farm's Global Motion to Dismiss, which will effectively dismiss the flood claims in accord with *Chehardy* and *Sher*, while permitting Plaintiffs to move forward with their wind claims. This matter is further discussed in Plaintiffs' appeal of the Magistrate Judge's April 16, 2008 Order.[36]

## CONCLUSION

Plaintiffs are entitled to Rule 60(b)(1) relief because: (1) there is no danger of prejudice to State Farm; (2) the minimal resulting delay will have no impact on these judicial proceedings due to the stay that has been entered; (3) Plaintiffs and their counsel have acted in good faith; and (4) Plaintiffs have meritorious claims against State Farm. Accordingly, Plaintiffs move this Court to vacate its January 23, 2008 Order and to grant Plaintiffs' leave to amend their complaints.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| **_Ernest S. Svenson_** | **_Stuart T. Barasch_** |
| Ernest S. Svenson, 17164 | STUART T. BARASCH, 20650, T.A. |
| Svenson Law Firm | Hurricane Legal Center |
| 123 Walnut Street, Suite 1001 | 910 Julia Street |
| New Orleans, Louisiana 70118 | New Orleans, LA 70113 |
| (504) 208-5199 | (504) 525-1944 |
| esvenson@gmail.com | sbarasch1@aol.com |

---

[36] 05-4182, Rec. Doc. 12498

11

and

**_/s Al Robert, Jr._**
Al J. Robert, Jr., 29401
Law Office of Al J. Robert, Jr., LLC
6040 Laurel Street,
New Orleans, Louisiana 70118
(504) 309-4852
ajr@ajrobert.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2008, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**_/s Al Robert, Jr._**
AL J. ROBERT, JR.