UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                      CIVIL ACTION
CONSOLIDATED LITIGATION
_____                    NO. 05-4182

**PERTAINS TO INSURANCE:**                        SECTION K-2

*Aguda,* 07-4457
*Anderson,* 07-6737
*Acevedo,* 07-5199
*Abram,* 07-5205

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS**

On April 16, 2008, Magistrate Judge Wilkinson stated that, if it were solely up to him, he'd grant Plaintiffs' Motions for Leave to File Amended Complaints[1] in the above-referenced matters. Nonetheless, the Magistrate Judge denied the motions because of his reluctance to inadvertently affect this Court's efforts to globally address claims pending under the Insurance Umbrella against State Farm Insurance and Casualty Company and Hartford Accident and Indemnity Company. Thus, the Magistrate expressed the view that the district court was in the best position to rule on the motions and he denied Plaintiffs'

---

[1] 05-4182, Plaintiffs' Motion for Leave to File First Amended Complaint, Rec. Doc. 11932 (*Abram*)
05-4182, Plaintiffs' Motion for Leave to File Second Amended Complaint, Rec. Doc. 11934 (*Acevedo*)
05-4182, Plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline, Rec. Doc. 12154 (*Aguda*).
05-4182, Plaintiffs' Motion for Leave to File First Amended Complaint After Expiration of Deadline, Rec. Doc. 12156 (*Anderson*).

Motions for Leave to File Amended Complaints without prejudice to Plaintiffs' rights to seek relief as part of a Rule 59 or Rule 60 motion.[2]

Since the Magistrate Judge found Plaintiffs' motions meritorious, Plaintiffs reference and incorporate their original substantive arguments herein. And, rather than rehash those same arguments, the following outlines why granting Plaintiffs' Motions for Leave to Amend their Complaints will not impair the global handling of claims in this consolidated matter vis-à-vis the pending Motion to Dismiss filed by State Farm[3] and the pending Motion for Judgment on the Pleadings filed by Hartford.[4]

In his written order, the Magistrate Judge mistakenly stated that Plaintiffs' claims against State Farm in *Aguda* and *Anderson* had been dismissed.[5] Because the *Aguda* and *Anderson* claims have not been dismissed and because there is no Order or Judgment from which Plaintiffs may seek relief under Rule 59 or 60, Plaintiffs appeal from the Magistrate Judge's April 16, 2008 ruling and move this Court to reverse the decision of the Magistrate Judge and to allow them leave of court to file their amended complaints after expiration of deadlines.

In contrast, because the *Abram* and *Acevedo* complaints against State Farm were dismissed,[6] Plaintiffs in *Abram* and *Acevedo* are seeking Rule 60(b) relief via a separate motion in accordance with the Magistrate's Order. This motion has been set for hearing on the same day as this matter.[7] Accordingly, the *Abram* and *Acevedo* Plaintiffs also appeal from the Magistrate Judge's ruling and, in the event that this Court grants them Rule 60(b)

---

[2] 05-4182, Rec. Doc. 12498
[3] 05-4182, Rec. Doc. 12091
[4] 05-4182, Rec. Doc. 12151
[5] *Id.*
[6] 05-4182, Rec. Doc. 10738
[7] 05-4182, Rec. Doc. 12856

relief, Plaintiffs seek relief from the April 16, 2008 Order of the Magistrate Judge and seek leave of court to file their amended complaints. Instead of repeating the procedural history of the *Abram* and *Acevedo* in this pleading, Plaintiffs reference and incorporate the background material that is contained in their Rule 60(b) Motion,[8] which is set for hearing at the same time as this appeal, herein.

## BACKGROUND

In *Aguda*, over 90 plaintiffs filed suit in this Court seeking to recover damages caused by Hurricane Katrina and their homeowners' insurer, State Farm.[9] Similarly, more than 40 plaintiffs in the *Anderson* case filed suit seeking to recover similar damages. The *Anderson* suit was removed to this Court on October 11, 2007.[10] Both cases were consolidated under the Insurance umbrella of *In re Katrina*.[11] State Farm filed motions to dismiss[12] in both cases and both sets of plaintiffs moved for leave to file a First Amended Complaint to clarify their claims against the insurer.[13]

Judge Wilkinson granted in part and denied in part the Plaintiffs' Motions for Leave to file their First Amended Complaints.[14] Specifically, the Magistrate Judge granted Plaintiffs' motions "insofar as they sought to amend their complaint to clarify that wind and/or wind-damaged rain (*i.e.*, covered risks under State Farm's policy) proximately caused damage to plaintiffs' property beyond the amounts paid by State Farm."[15] The

---

[8] *Id.*
[9] 07-4457, Rec. Doc. 1
[10] 07-6737, Rec. Doc. 1
[11] 07-6737, Rec. Doc. 7 (*Anderson*) and 07-4457, Rec. Doc. 27 (*Aguda*)
[12] 05-4182, Rec. Docs. 9573 (*Anderson*) and 11417 (*Aguda*)
[13] 05-4182, Rec. Docs. 11051(*Anderson*) and 11420 (*Aguda*)
[14] 05-4182, Rec. Docs. 11296 (*Anderson*) and 11543 (*Aguda*)
[15] *Id.*

3

Plaintiffs were ordered to "file an amended complaint that complies with the limitations set forth in this order within ten (10) days of entry of this order."[16]

Unfortunately, the docket entries[17] granting Plaintiffs' motions in *Aguda* and *Anderson* did not include the "pertains to" Category ("INSURANCE"), the name of any of the plaintiffs, the name of State Farm, or the names of any counsel for plaintiffs or for State Farm. The entries were the only ones in the multiple entries on the summary docket that did not contain a "pertains to" Category, such as INSURANCE, MRGO, BARGE, LEVEE, etc., nor the name of any party, nor the name of any counsel. Accordingly, the entries granting Plaintiffs Motions for Leave to File Amended Complaints[18] failed to comply with this Court's order that established the rules for the entry of Docket Text on the *In re Katrina* docket sheet. Specifically, Case Management Order Number One[19] provides in part:

> **IT IS FURTHER ORDERED** that with respect to the CM/ECF notices prepared by the Clerk of Court which are e-mailed to the parties, the Clerk of Court is directed to begin its entry of the Docket Text field with (1) the group, *i.e.,* the "Pertains To" identifier, and (2) the "Cases" designations as specified by counsel for each pleading filed where appropriate.[20]

This Court's specific requirement that each docket text entry start with the "pertains to **identifier**" was designed to assist counsel in their efforts to **identify** pertinent docket entries from the mass of entries (now over 12,000) on the *In re Katrina* docket sheet and in the multitude of entries that are contained in each Daily Summary. Additionally, the *In re Katrina* section of this Court's website contains a tab titled, "**FAQ**."[21] The second question and answer of the FAQ provide:

---

[16] *Id.*
[17] 05-4182, Rec. Docs. 11296 (*Anderson*) and 11543 (*Aguda*)
[18] *Id.*
[19] 05-4182, Rec. Doc. 790.
[20] *Id.*
[21] http://www.laed.uscourts.gov/CanalCases/FAQ.htm

4

> Q. I am in only one case, but am getting notice on everything in the levee case. I only want what pertains to me. I am getting too much e-mail.
>
> A. Unfortunately the computer can not determine what case pertains to you and which cases do not. The **e-mail you get from the Court specifies the category** with the case number to which the document pertains at the beginning of the docket text for you to determine if that document pertains to your case or cases. If it is not in a case in which you are enrolled, there is no need for you to read it. . . .

These clear statements from the Court and the Clerk's Office direct counsel for Plaintiffs, who was enrolled as counsel only in cases under the Insurance Umbrella, that he would find the identifier "INSURANCE" at the start of each docket text that referred to his cases. Because of the lack of the INSURANCE identifier, the deadlines associated with the Orders granting Plaintiffs leave to file their amended complaints had passed before counsel for Plaintiffs realized that leave of court to amend had been granted.

Accordingly, upon realizing that the deadline established by the Magistrate Judge had expired without their knowledge, Plaintiffs filed the Motions for Leave to Amend after Expiration of Deadlines.[22]  Although the Magistrate Judge found that the Plaintiffs' motions were meritorious, he denied the motions on April 16, 2008, without prejudice, due to concerns the Magistrate Judge had about inadvertently affecting this Court's efforts to globally address claims pending against State Farm and Hartford under the Insurance Umbrella.  As the following makes clear, however, granting Plaintiffs requested relief will not impair this Court's global handling of the relevant flood claims.

## ARGUMENT

On March 31, 2008, State Farm filed a Motion to Dismiss.[23]  In its Motion, State Farm identifies approximately 30 cases in Exhibit A wherein it asserts that Plaintiffs **do not**

---

[22] 05-4182, Rec. Docs. 12154 (*Aguda*) and 15156 (*Anderson*)
[23] 05-4182, Rec. Doc. 12091

5

allege that they sustained wind damage during Hurricane Katrina.[24] State Farm moves this Court to dismiss the complaints in these cases with prejudice.  In contrast, State Farm identifies nearly 300 cases in Exhibit B to its Motion to Dismiss, wherein it avers that plaintiffs allege that they sustained damages from both wind and water.  In the cases listed in Exhibit B to its motion, State Farm seeks only to have claims related to flood damages dismissed, rather than the entirety of plaintiffs' complaints.[25]

Regarding the present matter, State Farm's Motion to Dismiss lists both *Aguda* (07-4457) and *Anderson* (07-6737) on Exhibit A.  Although Plaintiffs strenuously object to State Farm's assertion that they only allege flood damages, they moved to amend their complaints out of an abundance of caution to clarify their claims for wind damages when State Farm filed individual motions to dismiss in these proceedings.[26]  As already indicated, the Magistrate Judge granted Plaintiffs leave to amend, but their deadline for doing so expired before they became aware of the Order.

Accordingly, at the April 16, 2008 hearing on Plaintiffs' Motions for Leave to Amend After Expiration of Deadlines, the Magistrate Judge denied Plaintiffs' motions due to concerns about impacting this Court's resolution of the global proceedings related to State Farm.  Plaintiffs suggest, however, that granting them leave to amend their complaints after the expiration of deadlines will facilitate, rather than impede, the global handling of flood claims under the Insurance Umbrella.

Given the Louisiana Supreme Court's recent *Sher* decision,[27] Plaintiffs do not dispute that their flood claims should be dismissed against State Farm.  Plaintiffs do, however,

---

[24] *Id.*, p. 2
[25] *Id.*
[26] 05-4182, Rec. Docs. 9573 (*Anderson*) and 11417 (*Aguda*)
[27] *Sher v. Lafayette Ins. Co.*, 2007-C-2441 (La. 4/8/2008)

object to State Farm's efforts to seek dismissal of their entire complaints, with prejudice, when Plaintiffs have already been granted leave of court to amend their complaints to clarify their claims for wind damages.  Furthermore, dismissal of Plaintiffs' complaints, with prejudice, via a global proceeding in which they are required to oppose State Farm's Motion to Dismiss via the Plaintiffs Insurance Liaison Counsel[28] would potentially violate due process rights that might generate additional, and unnecessary, litigation.

If, however, Plaintiffs are granted leave to amend their complaints after expiration of deadlines—relief that the Magistrate Judge has already found to be meritorious—then they will not dispute that their flood claims against State Farm should be dismissed under the global proceedings.  This would further streamline the global proceedings because there would be no objections from Plaintiffs regarding the relief that State Farm seeks.  Specifically, in considering State Farm's Global Motion to Dismiss, the Court can treat the *Aguda, Anderson, Abram*, and *Acevedo* cases as if they were listed on Exhibit B to State Farm's Motion to Dismiss, wherein State Farm only seeks dismissal of flood claims that would permit Plaintiffs to proceed with their claims for uncompensated wind damages.  This would avoid any due process concerns that might be raised by Plaintiffs that might otherwise complicate the global handling of State Farm's Motion to Dismiss.  Accordingly, by reversing the decision of the Magistrate Judge and permitting Plaintiffs to file their amended complaints, the Court can further streamline the handling of these global proceedings.

**[CONCLUDED ON NEXT PAGE]**

---

[28] 05-4182, Rec. Doc. 11613, p. 2

## CONCLUSION

Plaintiffs' urge this Court to reverse the decision of the Magistrate Judge and to grant their Motions for Leave to Amend after Expirations of Deadlines. Plaintiffs' motions are meritorious and granting them will expedite, rather than impair, this Court's global handling of flood claims against State Farm.

RESPECTFULLY SUBMITTED,

*__Ernest S. Svenson__*
Ernest S. Svenson, 17164
Svenson Law Firm
123 Walnut Street, Suite 1001
New Orleans, Louisiana 70118
(504) 208-5199
esvenson@gmail.com

*__Stuart T. Barasch__*
STUART T. BARASCH, 20650, T.A.
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70113
(504) 525-1944
sbarasch1@aol.com

*__/s Al Robert, Jr.__*
Al J. Robert, Jr., 29401
Law Office of Al J. Robert, Jr., LLC
6040 Laurel Street,
New Orleans, Louisiana 70118
(504) 309-4852
ajr@ajrobert.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*__/s Al Robert, Jr.__*
AL J. ROBERT, JR.

8