UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>* NO. 05-4182<br>* SECTION "K" (2)<br>* |
| PERTAINS TO: LEVEE, MRGO, BARGE | * JUDGE DUVAL<br>* <br>* MAGISTRATE WILKINSON<br>* |

### CASE MANAGEMENT AND SCHEDULING ORDER NO. 7

The Court, having determined that the goal of judicial economy is furthered by an amendment of the prior scheduling orders issued in this consolidated action as they apply to the BARGE, MRGO, and LEVEE category of cases[1], has reviewed and considered the proposed scheduling orders submitted by the parties. Accordingly, pursuant to Fed. R. Civ. P. 16, **IT IS ORDERED** that the LEVEE, MRGO, and BARGE cases consolidated under this Umbrella shall proceed as set forth below. To the extent any provisions of Case Management and Scheduling Orders Nos. 4 and/or 5 (Rec. Docs. 3299 and 7724) (as they pertain to the LEVEE, MRGO, and

---

[1] Case Management Order No. 7 does not apply to the Insurance or Road Home categories of cases.

BARGE categories of cases) are inconsistent with any of the provisions set forth below or by any other prior Order of this Court, those provisions of CMOs Nos. 4 and/or 5 are hereby explicitly superseded. To the extent that any provisions of CMO Nos. 4 and/or 5 (as they pertain to the LEVEE, MRGO, and BARGE categories of cases) are not inconsistent with any provision set forth herein, they are hereby adopted and incorporated by reference as if set forth herein in their entirety.

**I.     MOTIONS FOR SUMMARY JUDGMENT**

Any party seeking to file a motion for summary judgment may only do so on any date during the windows of time (1) commencing May 1, 2008 and concluding September 1, 2008; and (2) commencing November 1, 2008, and concluding March 1, 2009. All motions for summary judgment shall be noticed for hearing in accordance with the Local Rules for the United States District Court for the Eastern District of Louisiana, such that any opposing party shall have no less than two weeks to submit a memorandum in opposition.

**II.    IDENTIFICATION OF POTENTIAL INDIVIDUAL CASES FOR TRIAL ON THE MERITS**

**A**.    No later than August 15, 2008, the parties shall submit to the Court any unresolved issues regarding a protocol regarding the identification of individual cases for the purposes of individual merits trials in the event that Plaintiffs' class certification motions are denied or continued.

**B**.    Any disputes pertaining to the aforementioned unresolved issues shall be heard on September 3, 2008 at 9:30 a.m.

**III.   BARGE CLASS CERTIFICATION PROCEEDINGS**

**A.     Motions Concerning Class Certification in the Barge Category of Cases**

**1**.    The Barge Plaintiffs shall file any Motion for Class Certification within 10 days of the issuance of this Order. The motion must describe each proposed class and sub-class

- 3 -

and designate proposed class representatives (not to exceed five (5) in number), for each proposed class and/or for each proposed sub-class, and the specific basis in the Federal Rules of Civil Procedure as to which class certification is sought. As to each proposed class representative, the motion must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these cases, including whether he or she owned or leased the property, a brief description of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes, and identify for each class representative whether that class representative is making a personal injury or wrongful death claim.

  **2**. No later than September 5, 2008, any and all *Daubert* motions relating to class certification in the Barge cases must be filed.

  **3**. No later than September 12, 2008, any and all oppositions to any *Daubert* motions relating to class certification in the Barge cases must be filed.

  **4**. No later than September 15, 2008, the Barge Plaintiffs shall file any memoranda in support of their motion(s) for class certification.

  **5**. No later than November 10, 2008, the Barge Defendants and/or Third Party Defendants shall file any memoranda in opposition to the Barge Plaintiffs' motion(s) for class certification.

  **6**. No later than November 24, 2008, the Barge Plaintiffs shall file any Reply Briefs with respect to their Motion(s) for Class Certification.

  **B.** **Barge Class Certification Discovery**
    **1.** **Class Certification Preliminary Witness and Exhibit Lists**

On the 20th day of every month (continuing until the deadlines for Final Class Certification Witness and Exhibit Lists), the Barge Plaintiffs, Defendants and/or Third Party

Defendants shall each file a Preliminary List of Witnesses who may or will be called to testify at any class certification hearing, and Preliminary List of Exhibits that may or will be introduced at any class certification hearing.  The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible.  Preliminary Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony.  [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

    **2.**    **Class Certification Final Witness and Exhibit Lists**

        **a.**    No later than August 7, 2008, the Barge Plaintiffs, Defendants, and/or Third Party Defendants shall each file a Final List of Witnesses who may or will be called to testify at any class certification hearing.  Final Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony.  [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

        **b.**    No later than September 5, 2008, the Barge Plaintiffs, Defendants, and/or Third Party Defendants shall each file a Final List of Exhibits that may or will be introduced at any class certification hearing.  To the extent that a Final List of Exhibits lists any exhibits that have not previously been produced, copies of any and all such exhibits must be served on opposing counsel.

      **c.** The Court will not permit any witness (expert or fact) to testify or any exhibits to be introduced unless they are identified on the respective Final Lists absent a showing of good cause by the party seeking to introduce the testimony or exhibit.

**3.** **Class Certification Experts**

      **a.** No more than five (5) expert witnesses concerning class certification issues per side may be called to testify at any class certification hearing. (The parties are specifically instructed that the Court is not inclined to permit any purported "complex litigation specialist" expert to testify at any class certification hearing.)

      **b.** Written reports of class certification experts who may be called as witnesses for the Barge Plaintiffs must be delivered to Liaison Counsel or their designees and to opposing counsel as soon as possible, but in no event later than June 12, 2008.

      **c.** Written reports of class certification experts who may be called as witnesses for the Barge Defendants and/or Third Party Defendants must be delivered to Liaison Counsel or their designees and to opposing counsel as soon as possible, but in no event later than August 14, 2008.

      **d.** All reports of expert witnesses must comply fully with the requirements of Fed. R. Civ. P. 26(a)(2)(B). Drafts of

expert reports are considered protected work product and shall not be discoverable or admissible for any purpose including impeachment.

### 4. Class Certification Depositions and Discovery

All expert and fact depositions and all fact discovery pertaining to class certification of the Barge cases must be completed no later than August 28, 2008.

### 5. Barge Pre-Class Certification Hearing Matters

**a.** The hearing of any *Daubert* motions relating to class certification of the Barge cases shall commence October 8, 2008 at 9:30 a.m.

**b.** No later than December 1, 2008, the Barge Plaintiffs, Defendants and/or Third Party Defendants shall each exchange and deliver to the Court any designations of deposition testimony and visual aids that they will seek to introduce at the class certification hearing.

## IV. BARGE/MRGO/LEVEE CLASS CERTIFICATION HEARING

The motions for class certification filed by the Barge Plaintiffs, the MRGO Plaintiffs, and the Levee Plaintiffs shall be heard on December 9, 2008 at 9:30 a.m.

## V. POST-CLASS CERTIFICATION HEARING STATUS CONFERENCE

No later than January 15, 2009, the Court shall convene a status conference to discuss the scope and contours of any trial(s) on the merits. In the event that the Court has determined that the July 13, 2009 proceeding shall consist of individual trial(s) on the merits rather than a Class trial, all parties shall be prepared to identify those individual cases which they

believe would be instructive to all the parties as to the relative strengths and weaknesses of their cases. Only limited plaintiff specific damages and other discovery necessary for trial to judgment of individual cases has heretofore been permitted. During May 2008, Magistrate Judge Wilkinson will schedule and conduct a status conference, to be organized by his office through Liaison Counsel, to discuss and plan possible means and timing for completing all plaintiff specific discovery, including individual plaintiff damages and causation, so that a deadline for completion of all discovery and trial preparation for any individual trial(s) that might occur on July 13, 2009 may be set.

## VI. MERITS PROCEEDINGS IN BARGE/MRGO/LEVEE CATEGORIES OF CASES

### A. Merits Discovery

#### 1. Preliminary Witness and Exhibit Lists

On the 20th day of every month (concluding with the deadlines for the Final Witness and Exhibit Lists) the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Preliminary List of Witnesses who may or will be called to testify at any trial(s) on the merits, and Preliminary List of Exhibits that may or will be introduced at any trial(s) on the merits. The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible. Preliminary Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.].

#### 2. Final Witness and Exhibit Lists

a. No later than February 16, 2009, the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants

and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Final List of Witnesses who may or will be called to testify at any trial on the merits. Final Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

     **b.** No later than April 29, 2009, the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Final List of Exhibits that may or will be introduced at any merits trial. To the extent that a Final List of Exhibits lists any exhibits that have not previously been produced, copies of any and all such exhibits must be served on opposing counsel.

     **c.** The Court will not permit any witness (expert or fact) to testify or any exhibits to be introduced unless they are identified on the respective Final Lists absent a showing of good cause by the party seeking to introduce the testimony or exhibit.

  **3.** **Production of Documents**

Any and all documents produced pursuant to Rule 26 disclosures and/or outstanding Requests for Production shall be produced no later than May 1, 2008, except as otherwise ordered in motion practice. Documents produced pursuant to any additional discovery requests shall be due no later than January 31, 2009, requiring that they be propounded

sufficiently in advance of that date to provide for production by that date pursuant to the Federal Rules of Civil Procedure.

### 4.  Merits Fact Depositions and Written Discovery

All depositions of merits fact witnesses and all written discovery pertaining to the merits shall be concluded no later than March 9, 2009.

### 5.  Merits Experts

**a.** All Plaintiffs' expert reports pertaining to any trial on the merits shall be served on Liaison Counsel and opposing counsel as soon as possible, but in no event later than March 16, 2009.

**b.** All Defendants' expert reports pertaining to any trial on the merits shall be due no later than April 13, 2009.

## B.  Pre-Trial Merits Motions and Proceedings

### 1.  Objections to Exhibits

**a.** Any and all objections to proposed Exhibits shall be due no later than May 4, 2009.

**b.** Oppositions to any objections to proposed Exhibits shall be due on May 13, 2009. Any objections will be heard on the briefs.

### 2.  *Daubert* Motions

**a.** All parties shall file any *Daubert* motions pertaining to the trial(s) on the merits no later than May 11, 2009.

       **b.**    Any oppositions to *Daubert* motions shall be due no later than May 18, 2009.

       **c.**    Any Daubert motions shall be heard June 17, 2009.

**3.**    **Deposition Designations and Proposed Visual Aids**

       **a.**    Any and all deposition designations and proposed visual aids shall be exchanged between the parties no later than June 19, 2009.

       **b.**    Any deposition designations and proposed visual aids shall be submitted to the Court no later than July 1, 2009.

       **c.**    Any objections to deposition designations and proposed visual aids shall be submitted to the Court no later than July 1, 2009.

**4.**    **Pre-Trial Conference**

       **a.**    No later than June 19, 2009, Liaison Counsel shall jointly submit a proposed pre-trial order.  The pre-trial order must be prepared, to the extent possible, in accordance with the Court's standard Final Pre-Trial Notice attached to Case Management Order No. 4.  The proposed pre-trial order submitted to the Court must be double-spaced and signed by Liaison Counsel.

923100v.1

      **b.** On June 25, 2009, the parties shall convene for a pre-trial conference. Based upon its review of the submission by the parties, the Court will enter a final pre-trial and/or scheduling order, if appropriate.

  **5.** **Bench Books, Proposed Jury Instructions, and Other Jury Requirements**

Bench books containing exhibits, proposed jury instructions, and any other jury requirements shall be submitted to the Court no later than June 29, 2009.

## VII. TRIAL ON THE MERITS

A trial on the merits (the scope and contours of which shall be determined at the January 15, 2009 Status Conference and/or any Orders resulting therefrom) shall commence on July 13, 2009.

New Orleans, Louisiana, this __1st__ day of May, 2008.

            _____
            STANWOOD R.. DUVAL, JR.
            UNITED STATES DISTRICT JUDGE