**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE KATRINA CANAL BREACHES                          CIVIL ACTION
CONSOLIDATED LITIGATION
                                                      NO.  05-4182
PERTAINS TO:  INSURANCE
    *Allen-Perkins, #07-5204*                        SECTION "K" (2)
    *Adams,        #07-5206*
    *Anderson,     #07-6737*
    *Worgan,       #07-8621*
    *Moore,        #07-8622*
    *Woniger,      #07-8623*
    *Gaubert,      #07-9768*
    *Tardo,        #08-1164*
    *Tardo,        #08-1165*
    *Tardo,        #08-1166*

---

**RESPONSE MEMORANDUM IN OPPOSITION TO MOTION
TO STATE FARM INSURANCE COMPANY'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS BY PLAINTIFFS ALLEN-PERKINS, ADAMS, ANDERSON, WORGAN,
MOORE, WONIGER, GAUBERT, AND TARDO**

**MAY IT PLEASE THE COURT**

    Upon being advised that liaison counsel does not intend to file an opposition memo, Hurricane Legal Center, on behalf of its plaintiffs, feels compelled to file this memorandum.

    In response to State Farm's Motion To Dismiss Flood Water Damage Claims, State Farm improperly states that the following cases

        Allen-Perkins,  #07-5204
        Adams,         #07-5206
        Anderson,      #07-6737
        Worgan,        #07-8621
        Moore,         #07-8622
        Woniger,       #07-8623
        Gaubert,       #07-9768
        Tardo,         #08-1164
        Tardo,         #08-1165
        Tardo,         #08-1166

are cases in which Plaintiffs only allege damage from canal and levee overtopping, storm surge and/or levee failures.  Rather they should be included in the list of cases in which Plaintiffs allege they sustained damages resulting from both wind and water.

In response to State Farm's Motion for Partial Judgment, Plaintiffs anticipate that this Honorable Court will follow its decision in Vanderbrook et al v. State Farm Fire and Casualty Company et al, Civil Action No. 05-6323 as to property damage caused by flood water and rising surface waters.

Plaintiffs want to ensure that this Honorable Court is only considering a partial dismissal for property damage caused by flood water and rising surface water. Paragraph 4 of Plaintiffs' original complaint states that the damage caused by Hurricane Katrina to Plaintiffs' property "was caused by wind, wind driven rain" which is a covered peril under Plaintiffs' insurance policies with State Farm and in paragraph 6 that "only partial payment based upon wind and wind driven rain" was made. Therefore this Court's ruling on State Farm Insurance Company's Motion For Partial Judgment must leave standing Plaintiffs' claims against State Farm for damages caused by wind and wind driven rain

To further clarify Plaintiffs' claim for wind and wind driven rain, Plaintiffs have filed First and Second Amending Complaints with a hearing on their motion for leave of court to file the First and Second Amending Complaints set for hearing on **May 13, 2008**, which amends paragraph 4 to read:

> *"On August 29, 2005, Hurricane Katrina caused substantial damage to each Plaintiff's real property, including roof damage and damage to the interior, including contents. This damage rendered the property uninhabitable for an extended period of time. This damage was caused by wind and wind driven rain alone."*

Further, the First and Second Amending Complaints delete paragraph 5 of the original Complaint which references flood waters.

In addition, in the three Tardo cases, Amending Complaints were filed pursuant to Court order to file specific lawsuits for each piece of property.

Paragraphs 7 and 8 of those Amending Complaints state:

> *"As a result of the aforesaid events Defendant was required to pay each Plaintiff for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Instead, Defendant made only partial payment based upon wind and wind driven rain alone. The partial payment did not constitute full payment of all the damage caused by wind and Defendant still owes Plaintiffs' additional policy benefits for all the damage caused by wind."*

Based on paragraph 7, it is difficult to see how State Farm would include the three Tardo cases in the water damage only category.

Respectfully submitted,

BY:   /s/ Stuart T. Barasch
          Stuart T. Barasch (Bar #20650)
          Hurricane Legal Center
          1100 Poydras Street, Suite 2900
          New Orleans, Louisiana  70163
          Telephone:  (504) 525-1944
          Facsimile:  (504) 525-1279

          ATTORNEY FOR PLAINTIFFS