UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: ROAD HOME | * | MAGISTRATE (2) |
| Louisiana State, C.A. No. 07-5528 | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * | * | |

MEMORANDUM IN SUPPORT OF
CERTAIN PLAINTIFFS' EX PARTE MOTION
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF INSURERS' MOTION TO DISQUALIFY
CERTAIN SPECIAL ASSISTANT ATTORNEYS GENERAL

**MAY IT PLEASE THE COURT:**

Undersigned counsel for plaintiffs in Civil Action Nos. 05-4181, 06-1885, 06-4024, 06-4389, 06-5771, 06-5786, 06-6099, 07-0206, 07-3500 and 07-3612, had a truly "existential" experience listening to oral argument, and to observations and questions by the Court, on Certain Insurers' Motion to Disqualify Certain Special Assistant Attorneys General on Thursday, May 1, 2008. Indeed, counsel came away from the proceedings in Open Court on May Day with the following convictions:

1)  The attorneys for the Special Assistant Attorneys General either don't know what a "conflict of interests" is, or they are intentionally committing "fraud upon the Court", because they know the "stakes" are so "high".[1]

2)  The insurers' attorneys really don't know what a "conflict of interests" is, either, and haven't bothered to find out;[2]

3)  The Court doesn't know what a "conflict of interests" is, either.[3]

Accordingly, and because these arguments were not made, or even hinted at, during oral argument on May 1, 2008, certain plaintiffs now wish to bring to the attention of the Court some rather obvious (to the undersigned) reasons why Certain Special Assistant Attorneys General should be disqualified form representing ANYONE in this case:

**I.  CERTAIN SPECIAL ASSISTANT ATTORNEYS GENERAL HAVE A NON-CONSENTABLE, CONCURRENT CONFLICT OF INTERESTS BY VIRTUE OF THEIR REPRESENTATION OF CLAIMANTS, PLAINTIFFS AND POTENTIAL CLASS MEMBERS IN THE "VICTIMS OF KATRINA" LITIGATION, AND THEIR SIMULTANEOUS REPRESENTATION OF THE STATE OF LOUISIANA.**

At oral argument on May 1, 2008, a fair amount of time was spent "talking" about the representation of individuals in "Road Home" or "Insurance" litigation, simultaneously with the State. However, unless the undersigned "missed" something, he did not hear any argument directed to the issue of simultaneous representation of

---

[1] Most, if not all, of the Special Assistant Attorneys General have already been placed on notice that, if they are disqualified, then they will be joined as parties defendant in the first legal malpractice Class Action in the annals of American jurisprudence.

[2] "Motivated", at least in part, by the fact that they get paid "by the hour" by their corporate insurance clients, regardless of whether their clients win or lose whatever they may be arguing.

[3] This is somewhat understandable, because conflicts of interest generally occur in the context of attorney-client relationships, which rarely involve judicial intervention. However, when a conflict of interests involves the very integrity of the litigation, as this one does, litigants expect the Court to recognize a conflict of interest. Why the Court has not done so in this case remains a mystery to the undersigned.

individuals in the "plain ole' vanilla" (or "chocolate") "Victims of KATRINA" litigation by some of the Special Assistant Attorneys General and their simultaneous representation of the State in Road Home litigation.

A review of the docket sheet in Civil Action No. 05-4182 will reveal that the following firms and individuals, representing the State of Louisiana in the Road Home litigation, also represent the interests of claimants, plaintiffs and potential class members in the "Victims of KATRINA" litigation:

- Paul G. Aucoin
- The Dudenhefer Law Firm, LLC
- Fayard & Honeycutt
- McKernan Law Firm
- Ranier, Gayle and Elliot, LLC
- Domengeaux, Wright, Roy & Edwards, LLC
- Murray Law Firm

It is respectfully submitted that these firms and individuals are, therefore, "conflicted", whether or not they represent individuals in Road Home or Insurance Cases.

**II.   REGARDLESS OF THEIR REPRESENTATION OF INDIVIDUALS IN ROAD HOME OR INSURANCE LITIGATION, SOME OF THE SPECIAL ASSISTANT ATTORNEYS GENERAL ARE DISQUALIFIED BY VIRTUE OF THEIR BEING SIGNATORIES TO FEE-SHARING AGREEMENTS, WHICH "CORRUPT", "DISQUALIFY" AND "TAINT" THEM.**

Again, while many of the arguments, and questions by the Court, on May 1, 2008, addressed representation of individuals in Road Home and/or Insurance litigation, while simultaneously representing the State, no one even raised the existence of any fee-sharing

agreements, which would "corrupt", "disqualify" or "taint" the Special Assistant Attorneys General regardless of their dual representation in Road Home and/or Insurance Litigation.

Appended hereto and marked for identification as Exhibit No. 1 is an admittedly incomplete "Co-Counsel Agreement" pertaining to the "Levee Breach Litigation Group". Certain plaintiffs respectfully aver that such a fee-sharing agreement, which it averred, upon information and belief, also exists in this case, would have the effect of "corrupting", "disqualifying" or "tainting" each of the signatories thereto, regardless of other "dual" representation.

## CONCLUSION

For the above and foregoing reasons certain Plaintiffs pray that their motion for leave to file an *Amicus Curiae* brief be granted, as prayed for, and that the Special Assistant Attorneys General be disqualified from representing anyone in this litigation.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

**By:    S/Ashton R. O'Dwyer, Jr.
          Ashton R. O'Dwyer, Jr.
          Bar No. 10166
          821 Baronne Street
          New Orleans, LA 70113
          Tel. 504-679-6166
          Fax. 504-581-4336**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 5th day of May 2008.

                                        S/Ashton R. O'Dwyer, Jr.