f.    Attorney time of a Member or attorneys working for a Member is generally not a "cost", but rather shall be utilized for allocation under E.2.C. from the Bonus Pool for Significant Effort.

2. Whatever money remains in the Fund, after payment of the foregoing, and after any necessary "Reserve or Contingency Fund" ("Reserve") is set aside by the Executive Committee shall be called NET ATTORNEY FEES which shall be allocated and distributed among the Group as follows:

    a.    **FORTY PERCENT (40%) of the net attorney fees as ADDITIONAL COST ENHANCEMENT PAYMENTS:** This 40% shall be split pro rata according to the Members' Funding Units that have remained current in their assessments and who have timely paid their initial and additional assessments;

    b.    **BONUS POOL FOR SIGNIFICANT EFFORT (60%):** The remaining 60% of the net attorneys' fees shall be split among any Members of the Group providing **Significant Contribution of skill and effort** to the case. The Executive Committee shall make the allocation of this Bonus Pool for Significant Effort. Contribution to the case shall mean "substantive and qualitative contribution." In making such determination, the Executive Committee shall not refer to or utilize any reference to any Member's (or anyone working for them) "Receipt and Review" time. It is the intent of the parties that real, substantive work is to be the major criterion herein used to allocate this Bonus Pool for Significant Effort; it is contemplated that the Group will separately hire its own staff (both clerical and staff attorneys) as needed. Upon determination of the Bonus Pool by the Executive Committee, the Executive Committee shall inform all Members in writing by telefax and e-mail of such determination. This determination as to the allocation of the Bonus Pool by the Executive Committee shall be final unless, within seven days of the date notice is given (including the date of the notice as one of the seven days), seventy five percent (75%) of all of the Members of the Group, in writing, agree to modify the Bonus Pool determination of the Executive

Committee, in which case such modification shall be communicated to all Members Immediately and shall be final.

F. **CLIENTS AND CLIENT CONTRACTS - SPECIAL PROVISIONS FOR INDIVIDUAL CASES' REFERRAL FEES**

1. The Members agree that any individual clients they have as of the effective date of this Agreement (or in the case of Members admitted later, as of the date of their admission to the Group) shall be resigned as Group Clients when the Executive Committee directs and that thereafter all fees from those individual clients' cases shall be treated as fees due the Group subject to the allocation hereinabove stated. No further clients will be signed by any Member of the Group or the Group itself until the Executive Committee so directs.

2. As clients are signed by the Group or a Member after authorization by the Executive Committee, a copy of the retainer agreement and approved information sheet shall be promptly filed, coded, and indexed at the Group Repository where the Group shall maintain a master file of all such contracts and notify all Members periodically of such data.

3. With approval of the Executive Committee, advertising may be done for clients at the cost of the Group.

4. Individual Private Client files of the Group shall have Individual Client Ledgers maintained for expenses incurred by the Group unique to each individual case.

5. **CLIENT FUNDS:** The Executive Committee shall also determine whether the Group shall establish a joint trust account for the collection and distribution of client funds, or shall designate a particular Member's trust account to serve as the account for handling client funds in any given matter. All trust account matters shall be conducted in strict accordance with the Louisiana Rules of Professional Conduct.

6. The Members will jointly represent clients of the Individual Members; or current or former clients of non-member attorney with whom the Group agrees to represent said clients on a joint basis; or individuals or entities who choose to retain the Group or one of its Members to represent their interests and to pursue such actions as envisioned by this agreement. The retainer contract used to jointly represent clients in these matters shall be substantially in a form to be designed by the Executive Committee and approved by Ethics counsel it hires for the Group.

-9-

    7. No client shall be a client of the Group unless the Client is signed on the approved Group Client Contract form and countersigned by the designee of the Executive Committee.

G. The Members agree to act in good faith and to take all proper and legal actions necessary to aid and enable the Group to further and fulfill the goals, duties, and obligations contemplated by this agreement. The Members acknowledge and agree that all actions taken by, for and on behalf of the Group shall be done in accordance with the Louisiana Rules of Professional Conduct.

H. This agreement shall remain in effect until mutually agreed in writing to be changed by the parties.

I. **CONFIDENTIALITY:** The Members agree that, except as may be ordered by the Court or by agreement of a majority of the Group Members, or at the direction of liaison counsel, this agreement and its terms and conditions and the work product of the LEVEE BREACH LITIGATION GROUP and/or its Members will be kept strictly confidential and shall not be disclosed to any third party for any reason.

J. **DISPUTE RESOLUTION AND APPLICABLE LAW:** Any dispute that arises under or is derived from or related to any matter arising from this agreement, either in its performance or operation, shall be resolved by **binding, mandatory, and non-appealable arbitration** in New Orleans, Louisiana, which shall be held pursuant to the guidelines of the American Arbitration Association or other guidelines mutually agreed to by the parties to the dispute. This agreement shall be interpreted pursuant to Louisiana Law and Louisiana Law shall govern the rights and obligations of the Members in all respects. In regard to any Bonus Pool allocation that a Member disputes and wishes arbitration, said arbitration must be initiated by written request to the American Arbitration Association (with a copy to all Members) within thirty (30) days of the Bonus Pool allocation determination. If a Member who initiates arbitration concerning the Bonus Pool allocation is not granted the relief he seeks in his demand for arbitration for an increased portion of the Bonus Pool, such Member shall forfeit fifty percent (50%) of whatever Bonus Pool allocation had been previously allocated to him and shall forfeit any "additional cost enhancement payments" he may have been due.

K. **ETHICS AND CONFLICTS COMPLIANCE:** Each Member firm is responsible for doing its own conflict checks on an ongoing basis. The Members agree to submit this agreement and the attached contract to ethics counsel, Mr. Basile Uddo, Professor of Law at Loyola University School of Law, for review and recommendations of changes to ensure compliance with the Louisiana Rules of Professional Conduct. The Members agree that this agreement shall incorporate the Professor's recommended changes. If needed, all Members agree to

-10-

execute such amendments to this agreement to implement Professor Uddo's recommendations, if any; failure to do so may result in expulsion from the Group at the option of the Executive Committee, upon two-thirds vote of the Executive Committee. It is agreed that it is the obligation of each individual Member to take whatever steps are necessary to comply with the opinions provided by ethics counsel to the Group to ensure that any actual or potential ethical problems or conflicts are remedied and prevented. It is further understood, agreed, and acknowledged that an ethics letter will be requested from ethics counsel, and, upon receipt, will be attached as Exhibit A to this agreement.

It being previously unanimously agreed to by the Members, and being the intent of the entire membership to comply with all applicable ethics, conflicts, and professional conduct rules, this agreement is hereby executed by the Members and supercedes and replaces any prior agreements, whether written or oral, and shall become effective as of the above stated effective date, once executed by all Members and once a copy of the letter requested from ethics counsel is received and attached hereto.

L. The Members agree that as to the subject LEVEE BREACH LITIGATION, the Members of the Group and its/their Members and employees shall exclusively pursue such litigation and related settlement efforts through and under the auspices of the Group, and each Member shall avoid all conflicts with same.

M. This Group venture may be terminated, dissolved, and terminated by majority vote of the membership, and in such case all remaining funds in the Account shall be distributed back to the Members (less reserves to cover incurred, but not paid, expenses).

This agreement may be executed separately by the signatories and the combined signature pages or facsimiles thereof shall still constitute full execution of this agreement.

This agreement shall only be effective as to those firms named hereinabove who timely deliver a signed original of this agreement and their initial contribution to the Group to the office of Bruno & Bruno by the Due Date as stated hereinabove at 4:30 p.m.; unless the Executive Committee, in writing, extends such deadline for a particular law firm.

THUS AGREED WITH AN EFFECTIVE DATE OF ____6____ DAY OF JUNE, 2006.

[Separate signature pages for each Member Firm are attached hereto and made a part hereof conditioned upon their timely execution and delivery with their initial contribution as noted above.]

-11-

Bruno & Bruno

By: _____
JOSEPH M. BRUNO

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_Evelyn Alexis Bevis_
Notary Public

Evelyn Alexis Bevis LA Bar Roll No. 29091
Print Name and Notary Number

My commission expires: with life

-12-

The Law Offices of Daniel E. Becnel, Jr.

By: _____
DANIEL E. BECNEL, JR.

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Peters  LA Bar Roll No. 29081
Print Name and Notary Number

My commission expires: with life

-13-

Lambert & Nelson, PLC

By: _____
HUGH P. LAMBERT

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Bevis LA Bar Roll No. 24041
Print Name and Notary Number

My commission expires: with life

-14-

Fayard & Honeycutt

By: _____
D. BLAYNE HONEYCUTT

Subscribed to and sworn to before me, Notary Public, on this ____ day of _____, 2008, to certify which witness my hand and official seal.

_____
Notary Public

_____
Print Name and Notary Number

My commission expires:_____

Murphy Law Firm

By: _____
PEYTON MURPHY

Subscribed to and sworn to before me, Notary Public, on this ____ day of _____, 2006, to certify which witness my hand and official seal.

_____
Notary Public

_____
Print Name and Notary Number

My commission expires:_____

-15-

Gainsburgh, Benjamin, Meunier & Warshauer, LLC

By: _____
GERALD E. MEUNIER

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Bens  LA Bar Roll No. 29091
Print Name and Notary Number

My commission expires: with life

-16-

Jacobs & Sarrat

By: _____
DARLEEN M. JACOBS

Subscribed to and sworn to before me, Notary Public, on this ___ day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Berns LA Bar Roll No. 29091
Print Name and Notary Number

My commission expires: with life

-18-

Dumas & Associates Law Corporation

By: _____
  WALTER C. DUMAS

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Beirs / LA Bar Roll No. 29091
Print Name and Notary Number

My commission expires: with life

-18-

Jacobs & Sarrat

By: _____
DARLEEN M. JACOBS

Subscribed to and sworn to before me, Notary Public, on this 6th day of June, 2006, to certify which witness my hand and official seal.

_____
Notary Public

Evelyn Alexis Beiris LA Bar Roll No. 29091
Print Name and Notary Number

My commission expires: with life

-18-

Law Offices of Ashton R. O'Dwyer, Jr.

By: _____
     ASHTON R. O'DWYER, JR.

Subscribed to and sworn to before me, Notary Public, on this _____ day of _____, 2006, to certify which witness my hand and official seal.

_____
Notary Public

_____
Print Name and Notary Number

My commission expires:_____

-17-