UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  KATRINA CANAL BREACHES         §        CIVIL ACTION
             CONSOLIDATED LITIGATION         §        NO. 05-4182 "K" (2)
                                                                      §        JUDGE DUVAL
_____§        MAG. WILKINSON
                                                                      §
PERTAINS TO:                                              §
        ALL CASES                                           §
                                                                      §
_____§

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED
STATES' EX PARTE/CONSENT MOTION FOR A PROTECTIVE ORDER
RESTRICTING DISSEMINATION OF ELECTRONICALLY STORED INFORMATION**

Pursuant to Federal Rules of Civil Procedure 26(b)(2)(B)-(C) and 26(c), the United States moves for a protective order restricting dissemination of Electronically Stored Information (hereinafter "ESI") produced by the United States.  This order seeks to prevent public dissemination of ESI by the parties until the United States has an opportunity to determine whether that data is privileged or otherwise protected.

In response to the parties' requests for production, the United States is producing a voluminous amount of ESI.  It is likely that the United States will produce information which is privileged.  It is also likely that the United States will produce data which contains proprietary information, sensitive financial data, technical information, information related to business practices, or copyrighted information.  These materials, while not privileged, may be considered

"CONFIDENTIAL INFORMATION" under the Amended Master Protective Order (Doc. Rec. No. 7634).

The Court previously entered a Discovery Order Concerning Materials as to Which Privileges May be Asserted (Doc. Rec. No. 5183) (hereinafter "the Clawback Order"). In an effort to facilitate and speed document production, this order allows parties to produce documents without waiving privileges or other protections applicable to those documents. Parties may then later assert privileges or other protections and seek return or destruction of those documents. However, the Clawback Order does not prevent parties from disseminating privileged documents before the United States has an opportunity to assert privilege. To prevent public disclosure of privileged or protected data, the United States needs to be assured that it has an opportunity to review ESI before it is disseminated.

Given the breadth of the parties' Requests for Productions, the size of the United States' ESI production, and the time allowed for document production, the United States is unable to review all of its ESI prior to production to ensure any privileged information is not publicly disseminated. In addition, the cost to undertake a privilege review – even after production of ESI – would be extremely expensive and time consuming. This order will ensure that parties do not publicly disseminate ESI which is privileged or otherwise protected without the United States first having an opportunity to review the ESI and determine whether the data is privilege or otherwise protected.

Parties will still be able to use ESI as exhibits to Court filings or depositions or include ESI on exhibit lists. However, parties will not be able to publicly disseminate exhibits and

exhibit lists containing ESI until the United States has an opportunity to conduct a review of the ESI.

This practice has been adopted to resolve similar disputes in cases involving voluminous document productions:

> We recognize that flexibility will be required to accommodate the practical needs of the discovery process with the standards enunciated (in this case), particularly where the discovery embraces a large quantity of documents. It may be appropriate, for example, for a trial court (on a proper showing) to issue a blanket protective order covering all documents in a large-scale exchange of files without prejudice to raising the merits of the protective order as applied to particular documents at a later time. If a party wishes to disseminate a particular document, he might then inform the opposing party (precisely as plaintiffs have done here). At that point the burden would revert back to the party resisting dissemination to establish "good cause" as applied to the particular document(s), consistent with the standards enunciated in this opinion. This procedure is commonly used to preserve parties' right to assert claims of privilege with respect to particular documents in complex cases, while at the same time facilitating needed discovery.

*Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 124 (D.D.C. 2005) (Facciola, J.) (citing *Tavoulareas v. Piro*, 93 F.R.D. 24, 29, 30 n.4 (D.D.C. 1981)).

     Allowing the United States to determine whether ESI is privileged or protected before public dissemination appropriately balances the interests of all parties without requiring a single party to bear a disproportionate burden or expense. Accordingly, the Court should grant the United States' Motion and enter the proposed Order.

                          Respectfully submitted,

                          GREGORY G. KATSAS
                          Acting Assistant Attorney General

                          PHYLLIS J. PYLES
                          Director, Torts Branch

                          JAMES G. TOUHEY, JR.
                          Assistant Director, Torts Branch

                          <u>/s Paul Marc Levine</u>
                          PAUL MARC LEVINE
                          Trial Attorney, Torts Branch, Civil Division
                          U.S. Department of Justice
                          Benjamin Franklin Station, P.O. Box 888
                          Washington, D.C. 20044
                          (202) 616-4400/ (202) 616-5200 (Fax)
                          Attorneys for the United States

Dated: May 5, 2008