UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | SECTION "K"(2) |
| | * | |
| PERTAINS TO: ALL CASES | * | JUDGE DUVAL |
| | * | MAG. JUDGE WILKINSON |
| | * | |

******************************************

### [PROPOSED] ORDER RESTRICTING DISSEMINATION OF ELECTRONICALLY STORED INFORMATION

1. Pursuant to Federal Rules of Civil Procedure 26(b)(2)(B)-(C) and 26(c), it is hereby ordered that all parties are restricted from disseminating electronically stored information (hereinafter "ESI") produced by the United States to any third party.

2. Prior to disclosing or disseminating such ESI to any third party, a party to this litigation (hereinafter "party" or "parties") who intends to disclose or disseminate ESI shall notify the United States in writing of its intent. The notice shall specify the Bates ranges of the ESI that the party intends to disclose. Notice via e-mail to counsel of record for the United States shall suffice upon personal (*i.e.*, non-automated) acknowledgment of receipt by counsel.

3. Upon receipt of the notice and pursuant to the Discovery Order Concerning Materials as to Which Privileges May be Asserted (Doc. Rec. No. 5183) (hereinafter "the Clawback Order"), the United States shall have ten (10) business days after acknowledging receipt of notice to determine whether a particular document is privileged or otherwise protected under Amended Master Protective Order. The United States may seek leave of Court for an

enlargement of time to complete its review. For purposes of this order, the period of time for the United States to complete its review shall be known as the "review period."

    4. Prior to the expiration of the review period, the United States shall provide notice of its decision to the parties. Notice via e-mail shall suffice. If the United States asserts a privilege or other protection, it shall also provide notice in accordance with the Clawback Order. If the United States does not assert a privilege or other protection, it shall provide notice to counsel of record of the party intending to disclose or disseminate ESI.

    5. If a party fails to provide the United States timely notice of its intent to use ESI as an exhibit during a deposition, the exhibit shall be marked at the deposition and the stenographer shall retain a copy. However, the exhibit shall not be attached to any transcribed copies of the deposition or otherwise disseminated. The United States will then have the prescribed review period to determine if the ESI is privileged or otherwise protected. If the United States asserts a privilege or other protection over the document, it shall notify the stenographer and the parties who, pursuant to the Clawback Order, shall return or destroy the ESI at issue. The United States will provide notice of its claim of privilege or protection, or that it does not intend to claim privilege or protection, in accordance with ¶ 4 of this Order. If the United States does not assert any privileges or protections, the stenographer may attach copies of the exhibit to the transcribed copies of the deposition. The United States does not waive any privileges or protection in the ESI by allowing a stenographer to retain a copy of the ESI for purposes of this paragraph.

    6. All parties will take reasonable steps to provide timely notice to the United States of all ESI they intend to use as exhibits to court filings. However, if a party fails to provide the United States timely notice of its intent to use ESI an exhibit in any court filing, a party shall file

the ESI under seal.  The United States will then have the prescribed review period to determine if the ESI is privileged or otherwise protected.  The United States will provide notice of its claim of privilege or protection, or that it does not intent to claim privilege or protection, in accordance with ¶ 4 of this Order.  If the United States does not assert any privileges or protections over ESI, the exhibit may be unsealed.

7.  If the United States asserts privilege over ESI, the Clawback Order shall govern disputes over the privilege.  If the United States asserts that ESI is protected under the Amended Master Protective Order, the Amended Master Protective Order shall govern any disputes.

8.  This Order does not prohibit or require notice concerning the dissemination of ESI to a retained expert or consultant who has been furnished with a copy of this order and has executed a non-disclosure agreement prohibiting further dissemination.

**SO ORDERED:**

New Orleans, Louisiana, this _____ day of May, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

_____

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**