UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*         05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*             07-5178 | * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION OF LAFARGE NORTH
AMERICA INC. FOR RECONSIDERATION OF THE APRIL 21, 2008
ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL**

Lafarge North America Inc. ("LNA") respectfully submits this memorandum in support of its motion for reconsideration of the portion of the April 21, 2008 order that requires LNA to produce the confidential transcripts of witness telephone interviews undertaken by investigators at the direction of LNA's counsel. [Doc. 12605, hereafter "Order."] Although the Order recognized that the transcripts constitute LNA's work product, as they were prepared in anticipation of litigation, the Order held that LNA's work product protection was "vitiated" because the interviewers did not announce that they were recording the conversations.

The Order acknowledged that unannounced recordings are legal in Louisiana. But the Order relied on *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir. 1989),

1118407-1

for the proposition that the unannounced recording of telephone conversations is unethical and that the product of unethical conduct is not entitled to work product protection.

LNA respectfully submits that *Chapman & Cole*, and the line of cases of which it was a part, demonstrably are no longer good law. *Chapman & Cole* was premised <u>solely</u> on the Eleventh Circuit's decision in *Parrott*, which in turn was premised <u>solely</u> on the 1974 ABA ethics opinion holding that unannounced telephone recordings are unethical. That sole basis for *Chapman & Cole* vanished in 2001, when the ABA reversed its position on the ethics issue, issuing a new formal opinion holding that unannounced telephone recordings are <u>not unethical</u>. Because the <u>sole basis</u> for the vitiation of work product under *Chapman & Cole* was the ABA's 1974 view that unannounced recordings are unethical, and because the ABA has since reversed that view, *Chapman & Cole* is no longer good law. The unannounced recordings were ethical, and hence there is no legal basis whatsoever to vitiate LNA's work product protection for the interview transcripts.

Although LNA strongly believes that April 21 Order is legally erroneous, and that LNA's work product protection protects the recordings from compelled disclosure, LNA would agree to produce the interview transcripts voluntarily, except for the fact that the Barge plaintiffs have filed a further motion seeking to <u>preclude</u> the very same transcripts from being used in this litigation.  [Rec. 11765.]  Because of the pendency of that further motion, LNA seeks reconsideration of the April 21 Order to ensure that the ethics ruling in that Order is not somehow used as a springboard for plaintiffs' second motion seeking to bar LNA from using the documents.  Moreover, if the preclusion motion is granted, it would be unfair to require LNA to produce the transcripts but simultaneously preclude LNA from using them.

If plaintiffs' new motion to prohibit use of the transcripts is denied, LNA is prepared to voluntarily produce the transcripts so that they can be used by all parties. If, on the other hand, plaintiffs' new motion to prohibit use of the transcripts is granted, then the order requiring LNA to produce them should be reversed.

## ARGUMENT

The line of cases on which the April 21 Order relied was based <u>entirely and solely</u> on the ABA's 1974 opinion that undisclosed recording violated the ethics rules. Because the ABA has repudiated and reversed that view, that line of cases is no longer good law and provides no basis for vitiating LNA's work product

*Moody v. IRS*, 654 F.2d 795, 799-801 (D.C. Cir. 1981), which addressed the discoverability of a letter detailing an *ex parte* meeting between an IRS lawyer and the federal judge handling a receivership, was the first in the line of cases that eventually included *Chapman & Cole*. In *Moody,* the appellant argued that the *ex parte* meeting violated ABA opinions and the court's rules, and that work product protection should not be afforded to "the fruit of impermissible legal conduct." *Id*. at 799. The D.C. Circuit agreed that "in some circumstances, a lawyer's unprofessional conduct may vitiate the work product privilege," and it therefore remanded the case to the district court "so that it may determine in the first instance whether such circumstances exist in this case, and more fundamentally, whether the actions of the IRS attorney in fact violated professional standards." *Id*. at 800. Thus, *Moody* made clear that work product may be vitiated only if the attorney's conduct "in fact violated professional standards."

In *Parrott v. Wilson*, 707 F.2d 1262, 1271-72 (11th Cir. 1983), the Eleventh Circuit specifically applied this general principle from *Moody* in holding that undisclosed recording vitiates work product protection. The Eleventh Circuit quoted *Moody* for the rule that "in some circum-

stances, a lawyer's unprofessional conduct may vitiate the work product privilege." 707 F.2d at 1271.  The court then observed that "[t]he American Bar Association's Committee on Ethics and Professional Responsibility has ruled that the recording of conversations of witnesses without their consent is unethical.  See ABA Committee on Professional Responsibility, Formal Opinions, No. 337 (1974)." *Id.*  Putting together (1) the general principle that unethical conduct may vitiate work product protection and (2) the ABA ethics opinion, the Eleventh Circuit in *Parrott* held that "whatever work product privilege might have existed was vitiated by counsel's clandestine recording of conversations with witnesses." *Id*. at 1272.

*Chapman & Cole*, which involved a taped conversation between one of the defendant's attorneys and a witness in the case, did nothing more than follow *Parrott*.  The entirety of the Fifth Circuit's discussion of the work product issue in *Chapman & Cole* was as follows:

> [The defendant] and its counsel claim that they were not under a duty to reveal to the tape since it constitutes work product.…  [T]his contention cannot prevail.…  [T]he clandestine recording of a telephone conversation implicitly waives the protection of the work product doctrine because it violates the American Bar Association's Model Rules of Professional Conduct.  *See Parrott v. Wilson*, 707 F.2d 1262, 1270-72 (11th Cir.), *cert denied*, 464 U.S. 936 … (1983).

*Id*. at 686.  Similarly, the other cases cited in the April 21 Order either (1) directly relied on the 1974 ABA opinion (like *Parrott* did), or (2) indirectly relied on the 1974 ABA opinion by relying on prior cases that had relied on the 1974 ABA opinion (like *Chapman & Cole* did).

The bottom line is that the cases on which the April 21 Order relied (1) specifically held that work product is vitiated if, but only if, the conduct at issue violates the ethics rules, and (2) specifically relied on the 1974 ABA opinion as the basis for concluding that unannounced recording violated the ethics rules.

On June 24, 2001, however, the ABA's Standing Committee on Ethics and Professional Responsibility expressly withdrew its 1974 opinion and replaced it with new Formal Opinion 01-422. Among other things, the ABA explained that "the belief that non-consensual taping of conversations is inherently deceitful, embraced by this Committee in 1974, is not universally recognized today." *Id*. at 3. Instead, the new opinion noted, "[t]he overwhelming majority of states permit recording by consent of only one party to the conversation" and "[s]urreptitious recording of conversations is a widespread practice by law enforcement, private investigators and journalists, and the courts universally accept evidence acquired by such techniques …." *Id*. at 3-4. Moreover, because "[d]evices for the recording of telephone conversations on one's own phone readily are available and widely are used …, it is questionable whether anyone today justifiably relies on an expectation that a conversation is not being recorded by the other party, absent a special relationship with or conduct by that party inducing a belief that the conversation will not be recorded." *Id*. at 4. Based on these and still further factors all weighing against the 1974 Opinion, the ABA concluded that "the proper approach to the question of legal but non-consensual recordings by lawyers is not a general prohibition with certain exceptions, but a prohibition of the conduct only where it is accompanied by other circumstances that make it unlawful." *Id*. at 4-5. Based on this reasoning, the ABA unanimously concluded that a lawyer does not violate the ethics rules merely by recording a conversation without the consent of the other parties to the conversation" (id. at 7) and formally withdrew the 1974 ethics opinion (*id*. at 1).

Given that the sole basis for the Eleventh Circuit's decision in *Parrott*, and for the Fifth Circuit's decision in *Chapman & Cole* that relied on *Parrott*, was the ABA's 1974 opinion that unannounced recordings were unethical, the ABA's contrary 2001 formal opinion that such

recordings are not unethical – which expressly withdrew its 1974 opinion – requires the conclusion that *Parrott* and *Chapman & Cole* are no longer good law and that such recording does not vitiate work product.

The situation here is directly analogous to cases in which prior Fifth Circuit decisions have relied on interpretations of state law that have subsequently been changed by the state: in those cases, both the Fifth Circuit and this District have made clear that the prior Fifth Circuit decisions are no longer controlling authority.  See, *e.g.*, *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 241 F.3d 396, 398 n.3 (5th Cir. 2001) ("To the extent that the Supreme Court of Texas's answer to our question in the instant case conflicts with our [prior] decisions …, those cases are no longer binding precedent of this Court.").[1]  Here, just as in those cases, the body on which the Fifth Circuit (and Eleventh Circuit) had previously relied – the ABA – has changed its interpretation on the legal question at issue, and thus *Chapman & Cole* is "no longer binding precedent of" the Fifth Circuit.

The April 21 Order noted that *Chapman & Cole* "cited the Model Rules of Professional Conduct, rather than the Code of Professional Responsibility."  As quoted above, however, the only basis cited by the Fifth Circuit for its one-sentence statement was the Eleventh Circuit's opinion in *Parrott*, which rested on the 1974 ABA opinion (which, in turn, applied the Code of Professional Responsibility).  Moreover, as explained above, the ABA's repudiation of its prior ethics ruling was not based solely or even primarily on the switch from the Code to the Model Rules, but rather on the modern view that unannounced recording is simply not improper or wrongful absent special aggravating circumstances.

---

[1] See also *Floors Unlimited, Inc. v. Field-Crest Cannon, Inc.*, 55 F.3d 181, 185 (5th Cir. 1995) ("Our close examination of those subsequent Texas cases leads us to the contrary conclusion, i.e., that they are 'clearly contrary' to our decisions in *Falconer* and *Pruitt*. That in turn compels us to conclude that *Falconer* is not a correct statement of Texas law and thus is no longer binding precedent in this Circuit."); *Blair v. Sealift, Inc.*, 1995 U.S. Dist. LEXIS 6646 (E.D. La. May 8, 1995).

Indeed, other courts have recognized the sea change effected by the 2001 Opinion. In *Price v. Gwinnett Family Dental Care, LLC*, 2007 U.S. Dist. LEXIS 80657 (Oct. 31, 2007), the defendant moved to sanction plaintiff's counsel for allegedly unethical conduct in recording witnesses without their consent. The court noted that "[i]n 1983, the Court of Appeals for the Eleventh Circuit [in *Parrott*] relied on Formal Opinion 337 to find that the protections of the work-product doctrine had been forfeited with respect to recorded witness statements based on the fact that the recordings were made without notification to the witness." *Id*. at *7. It then observed that "[n]evertheless, as Plaintiff points out, the ABA has since withdrawn Opinion 337" and replaced it with Opinion 01-422, which "concludes that lawyers may make clandestine witness recordings in jurisdictions … where it is legal to do so …." *Id*. The court therefore found that the undisclosed recordings did not violate the ethics rules. *Id*. at 9.[2] See also *Alaska v. Murtagh*, 169 P.3d 602, 617-19 (Alaska 2007) ("Nationally, … there is now a consensus that undisclosed recording is not unethical.") (citing ABA change in position); *Mena v. Key Food Stores Co-operative, Inc.*, 758 N.Y.S.2d 246, 248 (N.Y. Sup. Ct. 2003) ("Contemporary ethical opinions hold that a lawyer may secretly record telephone conversations with third parties without violating ethical strictures so long as the law of the jurisdiction permits such conduct.") (also citing ABA change in opinion).[3]

As a final point, the April 21 Order said that the Court was "not persuaded that 'the just, speedy and inexpensive determination of every action,' Fed. R. Civ. P. 1, is well served by

---

[2] The April 21 Order cited *Price* as holding that an intentional lie to a witness about tape recording would violate the ethics rules. As quoted in the text, however, the district court in *Price* also specifically held that, notwithstanding the decision in *Parrott* that relied on the 1974 ABA opinion, it is now clear from the ABA's new opinion that that undisclosed recordings are not unethical.

[3] The April 21 Order said that *Nissan Motor Co. v. Nissan Computer Corp.*, 180 F. Supp. 2d 1089 (C.D. Cal. 2002), held that undisclosed tape recording of conversations with opposing counsel was unethical despite Formal Opinion 01-422. But as the *Nissan* court explained, California law as applicable in that case made the undisclosed recordings illegal, and Opinion 01-422 provides that where such recordings are illegal, they are also unethical. Moreover, *Nissan* involved recording another attorney, not a witness.

allowing clandestinely made, nonconsensual recordings ...." Rule 1, however, provides no basis for divesting LNA of its fundamental work product protections. To LNA's knowledge, no court has ever held that Rule 1, without more, empowers a court to vitiate a party's work product protection. Moreover, Rule 1 by its express terms only governs how the other rules should "be construed and administered." As such, Rule 1 provides no basis for contravening the plain and unambiguous terms of Rule 26(b)(3)(A), which provides that "a party may not discover documents and tangible things that are prepared for trial by or for another party or its representative."[4]

## CONCLUSION

The April 21 Order requiring LNA to produce its work product should be reconsidered because LNA's lawyers' conduct was not unethical, and hence there is no lawful basis for vitiating LNA's work product protection.

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

---

[4] To the extent that the April 21 Order could be read to imply that it was somehow unethical for LNA to contact putative class members, that is contrary to applicable authority. The ABA has specifically ruled that putative class members are to be treated as unrepresented persons unless and until a class is certified, and that both parties may contact such individuals. See ABA Formal Opinion 07-445 (Apr. 11, 2007) ("putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period").

        John D. Aldock
        Richard M. Wyner
        Mark S. Raffman
        **GOODWIN PROCTER LLP**
        901 New York Avenue, N.W.
        Washington, DC 20001
        Telephone: (202) 346-4240

        Daniel A. Webb (#13294)
        **SUTTERFIELD & WEBB, LLC**
        Poydras Center
        650 Poydras Street, Suite 2715
        New Orleans, LA 70130
        Telephone: (504) 598-2715

        ***Attorneys for Lafarge North America Inc.***

May 5, 2008

## Certificate of Service

I hereby certify that I have on this 5th day of May, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Derek A. Walker