**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * | **CIVIL ACTION NO.: 05-4182** |
| | * | **SECTION: K** |
| | * | **MAGISTRATE: 2** |
| **PERTAINS TO: INSURANCE (#06-9246)** | * | |
| **FLOWERS BY MY SISTER & ME, LLC** | * | |
| **VERSUS** | * | |
| **ZURICH AMERICAN INSURANCE COMPANY AND/OR MARYLAND CASUALTY COMPANY** | * | |
| * * * * * * * | * | |

**MARYLAND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**MAY IT PLEASE THE COURT:**

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or "MCC"), submits this memorandum in support of its Motion to Quash plaintiff's First Set of Interrogatories and Request for Production of Documents.

## I.     FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit on August 25, 2006, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  Subsequently, defendant filed a Notice of Removal on October 31, 2006, based on diversity jurisdiction.  Plaintiff's primary claims against defendant concerns whether the damage sustained at 1002 West Judge Perez Drive, Chalmette, Louisiana ("the Property") was caused by rising flood water/tidal surge occurring on or about August 29, 2005, and accordingly, whether said damage is excluded under the policy issued by defendant.  Plaintiff alleges that its property suffered substantial damage caused by wind and water inundation due to the levee breeches, which is specifically excluded in Precision Portfolio Policy No. PAS 00094807, effective November 1, 2004, until cancelled/non-renewed (the "Policy"), issued by Maryland Casualty Company.

According to this Court's Scheduling Order in this matter, dated October 17, 2007, "depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**."[1]  However, plaintiff did not propound any written discovery requests to MCC until April 7, 2008, over a month past the discovery deadline in this matter.[2]  Previously, on March 11, 2008, the parties attended a settlement conference with Magistrate Judge Wilkinson wherein discovery issues were also discussed.  It is defendants' understanding that Magistrate Judge Wilkinson provided only a limited extension of the discovery deadline in this matter for the purpose of defendant's completion of deposing plaintiff's witnesses.  Accordingly, MCC moves to quash the First Set of Interrogatories and Request for Production of Documents propounded by plaintiff on April 7, 2008.

---

[1] See copy of Scheduling Order, attached as Exhibit "A."
[2] See copy of plaintiff's First Set of Interrogatories and Request for Production, attached as Exhibit "B."

## II. LAW AND ARGUMENT

Maryland Casualty Company moves to quash the First Set of Interrogatories and Request for Production of Documents propounded by plaintiff on April 7, 2008, inasmuch as plaintiff failed to comply with this Honorable Court's Scheduling Order, dated October 17, 2007. This Scheduling Order mandated that "depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**." The Order further provides that deadlines, cut-off dates, or other limits fixed therein may only be extended by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Finally, the Scheduling Order states that continuances will not normally be granted.

Inasmuch as plaintiff's First Set of Interrogatories and Request for Production of Documents was not propounded to MCC until April 7, 2008, over a month after the discovery deadline set by this Court, MCC moves to quash plaintiff's First Set of Interrogatories and Request for Production of Documents. MCC previously filed Motions in Limine to Exclude plaintiff's Expert Reports, Witness List, and Exhibit List based on plaintiff's failure to comply with this Court's Scheduling Order.[3] Although MCC's Motions were denied by the Court, it is defendants' understanding that the Court provided only a limited extension of the discovery deadline in this matter:

> Because these matters in the Insurance umbrella of the captioned consolidated litigation are stayed, no trial date has yet been scheduled and none will be set at this time. The lists have now been provided and defendant is free to depose any person on the list, if it desires to do so, so that no prejudice will occur. Under the unique circumstances of this consolidated matter, plaintiff will not be precluded from using the now listed witnesses and exhibits at trial.[4]

---

[3] See copy of MCC's Motion in Limine to Exclude Expert Reports, attached as Exhibit "C" and copy of MCC's Motion in Limine to Exclude Witness and Exhibit Lists, attached as Exhibit "D."

[4] See Order on Motions, Doc. 11616, attached as Exhibit "E."

There is no indication in Magistrate Judge Wilkinson's Order that the discovery deadline was extended for Interrogatories and Requests for Production of Documents. Accordingly, plaintiff violated this Court's Scheduling Order by propounding its Interrogatories and Request for Production to MCC after the discovery deadline and without filing a motion in compliance with the Local Rules.

For the foregoing reasons, plaintiff's actions are in clear violation of this Court's Scheduling Order. Therefore, MCC strongly contends that this Court should enter an order quashing plaintiff's First Set of Interrogatories and Request for Production of Documents.

## III. CONCLUSION

For the reasons set forth above, MCC prays for an order by this Honorable Court granting MCC's Motion to Quash Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff has blatantly failed to timely propound its First Set of Interrogatories and Request for Production of Documents, despite a clear obligation to do so under the Court's Scheduling Order.

Respectfully submitted,

***/s/ Richard E. King***

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
***Counsel for Defendant,***
***Maryland Casualty Company***
***(erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company)***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 6th day of May, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

***/s/ Richard E. King***

**RICHARD E. KING**