UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | CIVIL ACTION <br><br> NO. 05-4182 |
| PERTAINS TO: BARGE | and consolidated cases <br><br> SECTION "K"  (2) |
| *Boutte v. Lafarge*           05-5531 <br> *Mumford v. Ingram*      05-5724 <br> *Lagarde v. Lafarge*       06-5342 <br> *Perry v. Ingram*             06-6299 <br> *Benoit v. Lafarge*          06-7516 <br> *Parfait Family v. USA*   07-3500 <br> *Lafarge v. USA*             07-5178 | <br><br> JUDGE <br> STANWOOD R. DUVAL, JR. <br><br> MAG. <br> JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER**

The Barge Plaintiffs respectfully seek reconsideration of the ruling of the Magistrate Court sustaining Lafarge North America's work product objections as to photographs and certain materials that the Barge Plaintiffs' sought through written discovery, and sought to compel.  Plaintiffs' Motion to Compel is Record Doc. 11578.  The Requests for Production seeking the photographs at issue are attached as Exhibit E to the aforesaid motion.  Lafarge's opposition is Record Doc. 12331. Plaintiff's Reply is Record Doc. 12381.  Lafarge's Sur-Reply is Record Doc. 12550.  Magistrate Wilkinson's Order On Motion is Record Doc. 12605.  These matters are addressed on pages 20 - 23 of the plaintiff's original memorandum, and beginning on page 15 of Magistrate Wilkinson's Opinion.

At issue are Requests for Production 20, 21 and 29, seeking photos of pre and post-Katrina

damage to the barge, and photos and video of the barge from August 22 through the present, and photos and other materials related to a tier of five barges moored adjacent to the Ingram barge subject of this suit. Lafarge objected to production of the above photos and things, claiming work product. The Magistrate Court sustained this objection. Op., Record Doc. 12605, p. 15.

Katrina occurred on August 29, 2005. Lafarge purportedly hired counsel and began its investigation on September 8, 2005, and claims that all photos after that date are privileged. Plaintiffs seek photos taken before Lafarge was made party to these proceedings, which occurred on December 21, 2005. Lafarge filed its Answer on January 30, 2006.

However, plaintiffs seek photos and materials generated before Lafarge's entry into these proceedings. As the Court is well aware, the City was still evacuated until well after September 8, 2005, Rita occurred, rendering the City still uninhabitable, plaintiffs counsel were still displaced from Katrina, not allowed back into town, and had no lawful right anyway to enter Lafarge's property and take photographs of the pertinent things and locations immediately after the storm. Rather, plaintiffs had to wait until these proceedings advanced to a stage where inspections could be formally conducted within the Federal Rules and under the Court's auspices. Lafarge is the only party to this suit with the ability to generate photos and other materials subject of the request during this early period after the storm.

The photos are also not protected by work product privilege. *Southern Scrap Material Co. v. Fleming*, USDC EDLA Civil Action No. 01-2554, Section "M" (3) (June 18, 2003). *cf. Kiln Underwriting v. Jesuit High School of New Orleans*, USDC Civil Action 06-04350 and consolidated cases, Section "T" (4) (January 9, 2008), in which Magistrate Roby held that photos are not protected under the work product doctrine. Also, "[d]espite the fact that this photograph was taken more than two years before ADSI filed suit, counsel refused to produce the picture because the original print

was photocopied by an attorney. The Federal Circuit condemned this conduct as an "egregious discovery ploy." *Advanced Display Systems,* 212 F.3d at 1288-89 (USDC N.D. Texas 2003).

Even if they are arguably subject to privilege or otherwise protected, which they are not, in accord with Fed. R. Civ. P. 26, they are discoverable because the items are not opinion work product, because plaintiffs have a substantial need of the materials in preparation of the case, and are unable without undue hardship to obtain the substantial equivalent by any means. Only Lafarge had the ability to photograph and note the scene and pertinent things in Katrina's immediate aftermath, including the positions and condition of the barges, the mooring lines, bollards, cavils and other mooring points, etc. Plaintiffs had no means whatsoever of going onto Lafarge's property to accomplish the same. After whatever activities Lafarge conducted, and after Rita, the scene could not have been expected to have stayed the same. Plaintiffs urge the Court to recognize the substantial need for this evidence and the absolute impossibility of obtaining the equivalent from another source.

## CONCLUSION

Undersigned seek an Order vacating the Magistrate Court's ruling as to Requests for Production 20, 21 and 29, and compelling Lafarge North America to produce the requested items. Alternatively, movers suggest that an appropriate resolution might be to order Lafarge to produce all photos taken prior to their Answer to the lawsuit.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113

    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
  Telephone: (504) 581-6180
  Facsimile: (504) 581-4336
  e-mail: lawrence@wiedemannlaw.com,
  karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
  Telephone: 504-834-0646
  e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
  Voice: 202-862-4320
  Cell:   202-549-1454
  Facsimile:  800-805-1065 and 202-828-4130
  e-mail: rick@rickseymourlaw.net,
   adele@rickseymourlaw.net


/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor

New York, NY 10279-0003
   Telephone: (212) 608-4400
   Facsimile: (212) 227-5159
   e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
   Telephone: 212-869-3500 ext. 235
   Facsimile:  212-398-1532
   e-mail: a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 6 day of May, 2008.

\s\Brian A. Gilbert