# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

## DECLARATION OF DR. THOMAS F. WOLFF

I, Thomas F. Wolff, declare as follows:

1. I am employed by Michigan State University and am currently the Associate Dean for Undergraduate Studies, College of Engineering.

2. I was a member of the Interagency Performance Evaluation Task Force ("IPET") review team, which conducted internal reviews of draft reports.

3. I was retained by the United States as an expert witness on November 28, 2007 and have been asked to prepare and submit an expert report in *Robinson v. United States* on behalf of the United States. At this time, my participation in the litigation has been limited solely to *Robinson*.

4. My analysis has been limited to the claims enumerated in the *Robinson* complaint, most specifically:

> The breaches and failures of the spoilbanks, floodwalls, and/or levees along the MR-GO and the Industrial Canal, and the resulting inundation of New Orleans East, the Lower Ninth Ward, and St. Bernard Parish, *were directly and proximately caused by the Army Corps' negligence in the design, construction, operation, repair, and maintenace of the MR-GO*, and the design, construction, operation, repair, and maintenance of the MR-GO was a substantial contributing factor to the same.

(Compl. ¶ 102) (emphasis added).

5. I have read Plaintiffs' proposed amended claim regarding the East Bank Industrial Area ("EBIA").

6. The proposed amended claims with respect to the EBIA are separate and distinct from my analyses regarding the effects of the MR-GO on the levees and floodwalls protecting Greater New Orleans. As such, I have not reviewed any documents related to excavation and remediation along the EBIA in preparation of my expert report until Plaintiffs' proposed amended claim was filed with the Court.

7. Upon receipt of Plaintiffs' expert reports, I will need approximately six weeks to review and respond to their opinions.

8. Due to the short notice of this amended claim, any review, analysis, and rendering of opinions with respect to the EBIA claim cannot likely be completed on or before the date of submission for the United States' expert reports. In my estimation, review and analysis will require an additional three months separate from the work I am currently performing. This does not include the six weeks needed to respond to Plaintiffs' expert reports.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2008.

Thomas F. Wolff

2