## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>     CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION<br><br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE,    Aguda, 07-4457 <br> Anderson, 07-6737 <br> Acevedo, 07-5199 <br> Abram, 07-5205 | * <br> * <br> * <br> * | <br> JUDGE DUVAL <br> MAG. WILKINSON |

*************************************************************************

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS

**MAY IT PLEASE THE COURT,** in opposition to Plaintiffs' Appeal of Magistrate Wilkinson's Order Denying Plaintiffs' Motion for Leave to File Amended Complaints, defendant, State Farm Fire & Casualty Company ("State Farm"), respectfully avers as follows:

**I.     RELEVANT PROCEDURAL BACKGROUND**

**A.     *Acevedo* and *Abram***

The *Acevedo* and *Abram* plaintiffs filed suit against State Farm (and several other insurers) on August 29, 2007. Thereafter, the following procedural activity took place:

- On December 5, 2008, the *Acevedo* plaintiffs filed a First Amended Complaint as of right, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

- On December 10, 2007, State Farm filed motions to dismiss the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) in both *Acevedo* and *Abram*. *See* Rec.

Docs. 9420 (*Acevedo*) and 9421 (*Abram*).  State Farm's motions requested that this Court dismiss all of the plaintiffs' *claims* against State Farm, *with prejudice* based on this Court's decision in *Chehardy* upholding State Farm's flood exclusion.  *Id*.  The motions were noticed for hearing on January 23, 2008.

- On January 4, 2008, State Farm filed answers and defenses to the plaintiffs' complaints in both *Acevedo* and *Abram*.  *See* Rec. Docs. 10088 (*Acevedo*) and 10087 (*Abram*).

- On January 21, 2008, Ms. Janet Daly sent an email to the parties which stated the following:

> Subject: 05-4182 docs. 9420 and 9421--general plan/status conference
>
> Dear Gentlemen:
>
> While the Judge has entered a stay in the insurance cases, he did enter judgment with respect to the State Farm policy in Chehardy. As such, it appears that some attorneys will be trying to "clean out" these claims.
>
> We now have two such motions noticed for Wednesday filed by David Strauss on behalf of State Farm seeking Summary Judgment in which he asked for Oral Argument.  No opposition has been filed in either case by Mr. Barasch of the Hurricane Law Center. As such, the Judge could grant these motions as unopposed. However, I would like confirmation from Mr. Barasch that you do not intend to file an opposition.  You may have thought that these motions were subject to the stay.
>
> Seth, Joe and Ralph--I copy you on this e-mail because I think we may need to address a global solution to the State Farm issue-- Seth, I would ask that you let the State Farm attorneys that we are aware of this issue and please ask them to desist from filing motions until we arrive at a global solution for a rational approach.
>
> Mr. Strauss and Mr. Barasch--there will be no oral argument on these motions and an order so stating will issue today.  If I do not

hear back from Mr. Barasch by noon tomorrow, these motions will
be granted as unopposed.

With many thanks for your consideration, Janet

Janet Daley
Chambers of Stanwood Duval, Jr.  *See* Exhibit A.

- On January 24, 2008, this Court "GRANTED" State Farm's motions to dismiss.  *See* Rec. Doc. 10738.  The Court referenced the above email in the Order and stated that the plaintiffs in both *Acevedo* and *Abram* had yet to submit oppositions to State Farm's motions.  *Id.*  Finding that State Farm's motions "had merit," the Court specifically referenced State Farm's motions (Rec. Docs. 9420 and 9421) and "GRANTED" State Farm's motions to dismiss.  The plaintiffs do not dispute that they received Ms. Daley's email.

- On March 27, 2008, both the *Acevedo* and *Abram* plaintiffs filed motions for leave to file amended complaints which were set for hearing before Judge Wilkinson on March 16, 2008.  *See* Rec. Docs. 11933 (*Acevedo*) and 11934 (*Abram*).

- On April 3, 2008, State Farm filed motions to strike the plaintiffs' motions for leave to file amended complaints based on the fact that the plaintiffs' claims against State Farm were dismissed with prejudice by this Court.  *See* Rec. Docs. 12185 (*Acevedo*) and 12187 (*Abram*).

- On April 8, 2008, State Farm filed oppositions to the plaintiffs' motions for leave to file amended complaints.  *See* Rec. Docs. 12332 (*Acevedo*) and 12333 (*Abram*).

- On April 14, 2008, the plaintiffs filed motions for leave to file replies to State Farm's oppositions to the plaintiffs' motions for leave to file amended complaints.  *See* Rec. Docs. 12421 (*Acevedo*) and 12420 (*Abram*).  Those motions were granted and the

replies were placed on the record on April 16, 2008.  *See* Rec. Docs. 12488 (*Acevedo*) and 12486 (*Abram*).

- The hearings on the plaintiffs' motions for leave to file amended complaints took place on April 16, 2008 with oral argument before Magistrate Judge Wilkinson. Judge Wilkinson denied the plaintiffs' motions orally and a Minute Order was entered on the record that same day.  *See* Rec. Doc. 12498.  It is that Order from which the plaintiffs now appeal.

**B.     *Anderson* and *Aguda***

1.     *Anderson*

Plaintiffs filed suit against State Farm on August 27, 2007 in the 34th Judicial District Court, Parish of St. Bernard.  Thereafter, the following procedural activity took place:

- State Farm timely removed the suit to the Eastern District of Louisiana on October 11, 2007.  The case was assigned to Judge Barbier and Magistrate Shushan.

- On December 11, 2007, State Farm filed a Motion to Dismiss Pursuant to Rule 12 (b)(6) requesting that this Court dismiss all of the plaintiffs' claims against State Farm, with prejudice. *See* Rec. Doc. 9573. The Motion was noticed for hearing on February 6, 2008. *Id.*

- On December 12, 2007, Judge Barbier transferred the case to be consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*.  The case was consolidated on December 18, 2007.  *See* Rec. Doc. 9572.

- On January 3, 2008, State Farm filed an Answer and Defenses to the plaintiffs' Petition which was served upon plaintiffs' counsel, Mr. Barasch, via email through the Court's CM/ECF system.  *See* Rec. Doc. 10065.

- On February 5, 2008 plaintiffs filed a "Supplemental Memorandum in Opposition to State Farm's Motion to Dismiss."  *See* Rec. Doc. 11050.[1]  State Farm properly filed a response to plaintiffs' "Supplemental Memorandum" on February 14, 2008.  Rec. Doc. 11234.

- On February 5, 2008, the plaintiffs filed a Motion for Leave to File Plaintiffs' First Amended Complaint.  *See* Rec. Doc. 11051.  Plaintiffs set the Motion for Leave for hearing on February 20, 2008.  *See* Rec. Doc. 11051-3.  State Farm filed an Opposition to Plaintiffs' Motion for Leave to File Amended Complaint on February 12, 2008.  *See* Rec. Doc. 11193.

- On February 20, 2008, *the hearing date set by the plaintiffs* for their Motion for Leave to File Amended Complaint, Judge Wilkinson ruled upon the plaintiffs' Motion.  *See* Rec. Doc. 11296.  Judge Wilkinson granted the motion in part and denied the motion in part. The Order allowed the plaintiffs to file an Amended Complaint for the sole purpose of clarifying whether they had any claims that wind and/or wind-driven rain proximately cause damage to the plaintiffs' property beyond any amounts already paid by State Farm, but rejected the plaintiffs' proposed Amended Complaint insofar as it asserted claims for flood damage under their homeowners policies and claims under Louisiana's Valued Policy Law.   Judge Wilkinson further ordered that the plaintiffs file an amended complaint which complied with the Order within 10 days of entry of the Order.  Thus, the plaintiffs were required to file their Amended Complaint by Monday, March 5, 2008.

---

[1] Notably, plaintiffs never filed an initial opposition to State Farm's Motion to Dismiss.  Further, pursuant to Uniform Local Rule 7.5E, plaintiffs' initial Memorandum opposing State Farm's Motion to Dismiss was required to be filed no later than January 30, 2008, eight days before the February 6, 2008 hearing date.  Uniform Local Rule 7.5E requires any party opposing a motion to file its memorandum in opposition no later than eight calendar days prior to the noticed hearing date.  *See* LR 7.5E, Uniform District Court Rules.  Despite the Local Rules, plaintiffs filed a Supplemental Memorandum in Opposition on February 5, 2008.

- On January 21, 2008, in response to virtually identical motions to dismiss filed by State Farm in two lawsuits filed by plaintiffs also represented by the plaintiffs' counsel in the instant case, which were both pending in the *In Re Katrina* umbrella (*Acevedo*, No. 07-5199 and *Abram*, No. 07-5205), this Court suggested that in light of its ruling in *Chehardy* upholding the flood exclusion contained in State Farm's policies, State Farm and plaintiffs' liaison counsel should work together to devise a global solution to dispose of the numerous cases pending in the umbrella seeking recovery for flood damages excluded under State Farm's policies.  On March 7, 2008, plaintiffs' liaison counsel and counsel for State Farm and Hartford proposed a proper method for disposing of these claims and provided lists of the cases to which the motion would apply.  *See* Rec. Doc. 11579.  The instant case is included in that motion.  *See Id.* at Exhibit B.  On March 11, 2008, This Court ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for water damage under their respective homeowners policies (which includes *Aguda* and *Anderson*).  *See* Rec. Doc. 11613.  State Farm filed its global motion to dismiss on March 31, 2008.  *See* Rec. Doc. 12091.  The matter is presently set for hearing on June 11, 2008.

- On March 17, 2008, this Court dismissed without prejudice State Farm's Motion to Dismiss this particular matter and ordered that the motion instead be re-urged in the global motion discussed above. *See* Rec. Doc. 11680.

- On April 1, 2008, the plaintiffs thereafter filed a Motion for Leave to Amend their complaint. Rec. Docs. 12154 (*Aguda*) and 12516 (*Anderson*).  On April 16, 2008, Judge Wilkinson denied the Motion.  Rec. Doc. 12498.

2.      *Aguda*

Plaintiffs filed suit against State Farm on August 27, 2007.  The case was assigned to Judge Lemmon.  Thereafter, the following took place:

- On August 31, 2007, the case was reassigned to Judge Porteous. *See* 07-4457, Rec. Doc. 3.

- On January 22, 2008, State Farm filed a Motion to Dismiss Pursuant to Rule 12 (b)(6) requesting that the Court dismiss all of the plaintiffs' claims against State Farm, with prejudice. *See* Rec. Doc. 11419.  The Motion was noticed for hearing on February 13, 2008. *Id.*

- On January 22, 2008, State Farm filed an Answer and Defenses to the plaintiffs' Complaint which was served upon plaintiffs' counsel, Mr. Barasch, via email through the Court's CM/ECF system.  *See* 07-4457, Rec. Doc. 7.

- On February 8, 2008 plaintiffs filed a "Supplemental Memorandum in Opposition to State Farm's Motion to Dismiss."  *See* 07-4457, Rec. Doc. 8.  State Farm filed a response to plaintiffs' "Supplemental Memorandum" on February 14, 2008.  *See* Rec. Doc. 11417.

- On February 14, 2008, the plaintiffs filed a Motion for Leave to File Plaintiffs' First Amended Complaint.  *See* Rec. Doc. 11420.  Plaintiffs set the Motion for Leave for hearing on March 5, 2008.  *See* Rec. Doc. 11420-4.  State Farm filed an Opposition to Plaintiffs' Motion for Leave to File Amended Complaint on February 12, 2008.[2]  *See* 07-4457, Rec. Doc. 21.

---

[2] Plaintiffs attempted to file a Motion for Leave to Amend on February 6, 2008, but due to deficiencies in filing, they were required to re-file their motion.  The docket reflects that the motion was filed on February 14, 2008.

- On February 26, 2008, Judge Porteous transferred the case to be consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*.  The case was consolidated that day. *See* Rec. Doc. 11418.

- On March 5, 2008, *the hearing date set by the plaintiffs* for their Motion for Leave to File Amended Complaint, Judge Wilkinson ruled upon the plaintiffs' Motion.  *See* Rec. Doc. 11543.  Judge Wilkinson granted the motion in part and denied the motion in part.  Judge Wilkinson allowed the plaintiffs to file an Amended Complaint for the sole purpose of clarifying whether they had any claims that wind and/or wind-driven rain proximately cause damage to the plaintiffs' property beyond any amounts already paid by State Farm, but rejected the plaintiffs' proposed Amended Complaint insofar as it asserted claims for flood damage under their homeowners policies and claims under Louisiana's Valued Policy Law.  He further ordered that the plaintiffs file an amended complaint which complied with the Order within 10 days of entry of the Order.  Thus, the plaintiffs were required to file their Amended Complaint by Monday, March 19, 2008.

- The remaining procedural history is identical to that of the *Anderson* matter.

## II.   <u>STANDARD OF REVIEW</u>

As this Court has held, "[t]he Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates.  *In re Katrina Canal Breaches Consol. Litigation*, 2008 WL 544362, 1 (E.D.La.,2008), citing *Corcova v. Crowley Marine Services, Inc.,* 2003 WL 21804986 (E.D.La.Aug.4, 2004), citing Fed. R. Civ.P. 72(a);  *see also* Eastern District of Louisiana Local Rule 72.1 E(A); 28 U.S.C. § 636(b)(1)(A).  A magistrate's ruling on such a nondispositive matter is appealable to the district court.  *Id.* "The district judge to whom the case is assigned ... shall modify or set aside any

portion of the magistrate's order only if found to be clearly erroneous or contrary to law." *Id.,* citing Fed.R.Civ.P. 72(a)(emphasis added); see also Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A).  "Indeed, the 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'  *In re Katrina Canal Breaches Consol. Litigation,* 2008 WL 544362, 1; *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *See also* Fed.R.Civ.P. 72(a). The district court may not undertake a de novo review of the magistrate's disposition.  *Id.,* citing *Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. Unit A 1981).  Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact.  *Id.,* citing *Blair v. Sealift,* 848 F.Supp. 670 (E.D.La.1994) (*citing Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992).

## II.   <u>LAW AND ARGUMENT</u>

The plaintiffs make no argument whatsoever that Judge Wilkinson committed an error or entered judgment contrary to the law. Nonetheless, State Farm will address the merits of the arguments.

### A.   *Acevedo* **and** *Abram*

Despite the clear judgment from this Court that the plaintiffs' action was dismissed in its entirety, with prejudice, and the case was closed, plaintiffs attempted to file Motions for Leave to File Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  As explained below, Judge Wilkinson properly denied the Motions due to this Court's prior dismissal of the claims against State Farm in the *Acevedo* and *Abram* mass actions.

1.      *Arceneaux, et al. v. State Farm*[3] – **Judge Wilkinson Denied Identical Motions To Amend Involving the Same Plaintiffs' attorneys and Same Pleadings**

Judge Wilkinson similarly ruled upon a Motion for Leave to File an Amended Complaint in *Arceneaux v. State Farm Fire & Cas. Co.,* a case substantially identical to the instant case. *Arceneaux* was filed by plaintiffs also represented by the Hurricane Legal Center and against State Farm, which is also represented by the undersigned attorneys.  In that case, State Farm filed a Motion to Dismiss which was virtually identical to the motion to dismiss filed in the instant case.  In response to State Farm's Motion to Dismiss, the District Court (Judge Feldman) granted State Farm's motion and dismissed the case in its entirety.[4]  Thereafter, plaintiffs filed a Motion for Leave to File Amended Complaint virtually identical to the Motions for Leave at issue in the instant case.  Judge Wilkinson also denied plaintiffs' Motion to Amend based on the fact that the District Court had already dismissed the case.[5]  Here, as in *Arceneaux*, this Court had already dismissed the plaintiffs' case thus there was not pending action in which the plaintiffs could properly seek leave to amend their complaint.

2.      **Plaintiffs' Motions to Amend Were Properly Denied**

a.      Applicable Legal Principles

Under Fed.R.Civ.P. 15(a), permission to amend "shall be freely given when justice so requires."  *See* Fed.R.Civ.P. 15(a); *Freeman v. Continental Gin Co*., 381 F.2d 459, 468 (5th Cir. (Miss.) 1967) (emphasis added).  The rule, however, "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development

---

[3] *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701 (Feldman, J.).
[4] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.).
[5] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order [Dkt. No. 33] (E.D. La. April 3, 2008) (Wilkinson, J.).

of a cause toward its ultimate disposition." *Id.* (quoting *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)). The decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 582 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981).

Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864-865 *(*5th Cir.2003); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir.1981); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (after grant of summary judgment, leave to amend complaint "can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60."). The Fifth Circuit has instructed that "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *Id.* (citing *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995)). Further, a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time."); *Rosenzweig*, 332 F.3d at 865 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman*); *Briddle v. Scott,* 63 F.3d at 380 (same). "Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Ordemann v. Unidentified Party*, 2008 WL 695253, 4 (E.D.La., March

12, 2008) (Porteous, J.), *citing Adrian v. Regents of the Univ. of California*, 363 F.3d 398, 404 (5th Cir.2004).

        b. <u>According To The Relevant Factors Plaintiffs Should Not Be Allowed To Amend</u>

### i.    Amendment Would Be Futile

Rule 15(c) provides in pertinent part that: "…An amendment to a pleading relates back to the date of the original pleading when:… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; …." Plaintiffs argue that this Court did not dismiss the plaintiffs' entire action, but only dismissed the plaintiffs' complaint. Yet, plaintiffs also contend that any amended complaint filed would relate back to the "original complaint" because it is based on the same conduct, transaction, or occurrence set out in the original complaint. Thus, plaintiffs argue in one breath that the Court dismissed their complaint and in the next irrationally argue that there is a complaint to which an amended complaint may relate back. This argument is inconsistent and without merit. *See Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir. (Cal.), 2006) (After dismissal of original habeas petition without prejudice for failing to exhaust state remedies, because plaintiff did not reopen judgment, plaintiff could not employ Rule 15(c) to relate his second habeas petition back to the first).

Further, even presuming this Court were to find there was somehow a complaint to amend, allowing plaintiffs to file an Amended Complaint would still be futile because the prescriptive period for Hurricane Katrina claims expired on September 1, 2007. Thus, the new and novel claims in plaintiffs' proposed Amended Complaint (that wind destroyed the properties) would be time-barred and subject to yet another Motion to Dismiss.

Where a proposed amended complaint attempts to add a new legal theory which is unsupported by the factual claims raised in the original pleading, the proposed claim arises from new and distinct conduct, transactions, or occurrences not found in the original pleading, and, therefore, the complaint will not relate back.  In determining if an amended complaint relates back, the Fifth Circuit "regards as 'critical' whether the opposing party was put on notice regarding the claim raised therein."  *Holmes v. Greyhound Lines, Inc*., 757 F.2d 1563, 1566 (5th Cir. (Tex.) 1985), citing *Woods Exploration & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1299 (5th Cir.1971), (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968)).

Here, the original complaints notified State Farm that the plaintiffs sought full policy limits under their State Farm policies for damages caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore according to the plaintiffs, covered under each of the their respective State Farm policies.  These statements set out the only claims and the grounds upon which the plaintiffs' action was based – non-covered flood damage.

While not precisely on point, *Enjet, Inc. v. Maritime Challenge Corp.*, offers guidance on the application of Rule 15(c).  220 B.R. 312, 315, (E.D.La.,1998).  In *Enjet*, the issue before the Court was whether a debtor's late filed proposed amended objection to the creditor's proof of claim in a bankruptcy action would relate back under Rule 15(c) to a timely filed original objection.  *Id.*  The Court held that, "The flat inconsistency between the original and amended objection precludes relation back."  *Id.*, citing *In re Solari*, 63 B.R. 115, 117 (9th Cir. BAP 1986) (rejecting an amended proof of claim's relation back because it "does not purport to cure a defect in the timely filed claim, nor does it describe the [original] claim with greater particularity"); *In*

*re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985) (rejecting relation back of amendment whose purpose was not "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim").  The Court reasoned that, "Conceptually, relation back in this context should be defined by some traceable relationship to the same bundle of facts that initiated the original objection to the proof of claim." *Enjet, Inc.*, 220 B.R. at 315.

As this court (and many other courts in the Eastern District in examining identical complaints filed by the HLC) determined, the only "occurrence" set out in the original complaints is total loss due to flooding caused by levee breach and overtopping. Thus the plaintiffs now come forward, almost three years after Hurricane Katrina, with a completely new "occurrence" – total loss from hurricane winds **alone.**  Surely a law firm that identifies itself as "hurricane" experts by virtue of its name (Hurricane Legal Center) which indicates it exists solely to handle hurricane claims, meant what it said when it drafted the original complaints.  At that time, the validity of the insurer flood exclusions was being heavily litigated and many insureds without adequate flood insurance filed suit with the hope that the courts might provide an avenue of recovery under homeowners policies.  That issue has now been resolved in favor of State Farm thus the plaintiffs seek to create a novel theory of recovery based on an opposite set of facts.  This attempted new claim – wind alone destroyed the properties – does not relate back to the original claim – flood alone destroyed the properties.

ii.     **Allowing Amendment Will Prejudice State Farm And This Court's Efforts To Globally Resolve Flood Damage Claims Against State Farm and Hartford**

Plaintiffs request that they be granted the opportunity to file a third complaint in *Acevedo* and a second complaint in *Abram*.  Allowing the plaintiffs to file additional complaints – after State Farm has answered the original complaints and substantively addressed the original complaints  which failed to state a claim against State Farm – would be highly prejudicial.

State Farm obtained a substantive and dispositive judgment dismissing plaintiffs' claims in their entirety.  Plaintiffs now request that those rulings be ignored so that they can attempt to file an amended complaint.  This is inherently prejudicial to State Farm.

Furthermore, this court established, with joint and agreed input from plaintiffs' and insurers' liaison counsel, a process to efficiently address whether the complaints in the Insurance Umbrella state valid causes of actions against State Farm and Hartford. The State Farm omnibus Motion on all pending State Farm hurricane claims in the Umbrella does *not* address the *Acevedo* and *Abram* suits because they had been dismissed in their entirety as to State Farm when the omnibus pleading was filed. To now allow the plaintiffs to amend in the middle of the briefing would wreak havoc on the global approach to these issues. It would defeat the purpose of the court's protocol and require piecemeal motion practice as new motions special to these suits would have then be urged. It would also disrupt Hartford's pending motion which does address these two suit complaints. The plaintiffs' suggestion that allowing piecemeal amendments to four complaints would somehow facilitate and not impede the process is illogical.

iii.     **Plaintiffs Have Not Demonstrated Good Faith**

State Farm questions the plaintiffs' good faith in seeking leave to amend their complaints nine weeks after this court dismissed plaintiffs' claims against State Farm.  The Hurricane Legal

Center filed identical petitions/complaints in numerous lawsuits, many of which name(d) State Farm as a defendant.  In many of the suits filed against State Farm, State Farm filed motions to dismiss the cases pursuant to Rule 12(b)(6) for failure to state a claim.  Five of those cases were dismissed pursuant to State Farm's motions to dismiss.[6]  After those cases were dismissed, plaintiffs' counsel moved to amend many of complaints to attempt to state valid claims against State Farm.  Nevertheless, despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action, plaintiffs' counsel continued to include such allegations within the proposed amended complaints.  For example, although having been advised by Judge Feldman, Judge Porteous and this Court that claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping) was not covered under State Farm homeowners (and all other State Farm policies other than the Standard Flood Insurance Policy) and is not a valid cause of action against State Farm, counsel nevertheless included such allegations in the amended complaint submitted (and subsequently rejected) by Judge Wilkinson on February 20, 2008.  *See id.*

Additionally, the most recently proposed amended complaints in the instant case are based upon facts completely opposite and inconsistent to those initially pled in the Original Complaints.  The Original Complaints contained allegations that storm surge, canal/levee overtopping/breaching (flooding) **solely** caused a total loss to plaintiffs' property.  Now, in the proposed amended complaint, plaintiffs allege that wind "**alone**" caused a total loss – these claims diametrically contradict plaintiffs' previous allegations.  Alleging in one pleading that plaintiffs are entitled to full policy limits based on a total loss caused by flooding alone and in

---

[6] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No.07-5205); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Acevedo*, No.07-5199); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

the next (proposed) pleadings that plaintiffs are entitled to full policy limits based on a total loss caused by wind alone suggests such pleading evidences a lack of good faith.

**B.** *Anderson* **and** *Aguda*

Judge Wilkinson ruled on the plaintiffs' original Motions for Leave to Amend and gave the plaintiffs' a third opportunity to attempt to state a valid claim against State Farm and allowed the plaintiffs the reasonable time of ten (10) days to do so should there be such a claim. The plaintiffs filed nothing. Long after the expiration of the ten day deadline the plaintiffs filed another Motion For Leave to Amend in *Aguda* and *Anderson.* Judge Wilkinson properly denied these Motions. The Hurricane Legal Center's failure to comply with Judge Wilkinson's Order does not rise to "excusable neglect"

Under Fed.R.Civ.P. 6(b), the district court, in its discretion, may enlarge a time period a period of time after the expiration of a specified time period, but *only if*: (1) cause is shown, *and* (2) the applicant's failure to act timely was the result of excusable neglect. Demonstrating excusable neglect is not easily done, and was not intended to be. *See Thompson v. E.I. DuPont de Nemours & Co., Inc*., 76 F.3d 530, 534 (C.A.4 (Va.),1996). The U.S. Supreme Court has labeled the excusable neglect hurdle as the "greatest" substantive obstacle of all. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 3193 (1990). "In exercising discretion regarding enlargements of time, courts should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 -158 (7th Cir. (Ind.), 1996), citing *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988). "Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." *Spears* at 74 F.3d at 157. In commenting on such principles, the Fifth Circuit has stated that:

[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (1990):

1.      **Argument**

        a.      The Failure To Comply With The Magistrate's Order Is Not Excusable

In support of their position that their failure to comply with the deadline fixed by the Court in its March 5, 2008 Order constitutes "excusable neglect," the plaintiffs argue that the ECF Activity for the day that this Court entered its Order on plaintiffs' Motion to Amend was "meager and less than helpful." *See* Plaintiffs' Memorandum in Support of Motion to Amend (Rec. Doc. 12154-2). However, counsel's alleged inability to properly navigate the consolidated litigation within which counsel has numerous cases does not satisfy the "excusable neglect" test.

Gross carelessness of counsel does not constitute excusable neglect." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985). Also, "…it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client no matter how unfair this on occasion may seem. Clients are chargeable with their attorney's mistakes." *Id.* at 287 (internal citation omitted); *See also*, e.g., *Southern Tires Services, Inc.*, 2004 WL 1770120, *2 (E.D.La. 2004), see, e.g., *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962).

Contrary to plaintiffs' allegations, the ECF Notice in question clearly identifies the case to which the Order applies by listing the only true identifying characteristics: (1) the USDC case number – 07-4457; and (2) the Record Docket number and title of the document to which the Order applies – [11420] Motion for Leave to File. It is unreasonable that an attorney with

numerous cases consolidated in the *In re Katrina Consolidated Litigation* would have any problems recognizing relevant filings when the entry contains this clear identifying information. Indeed, the Rules of Conduct dictate that attorneys are required to act with reasonable diligence and promptness when representing their clients.  *See* Rule 1.3 Louisiana Rules of Professional Conduct.  Furthermore, the local rules of this court demand that:

> Counsel for a party in any civil matter in this court shall be familiar with the substance of all documents filed in the case and if the case is consolidated with one or more other cases, shall be familiar with the record of the consolidated cases.  It is the responsibility of counsel representing a party joined in a case after its inception whether by third party complaint or otherwise, or whose case is consolidated with one or more pending cases, to become familiar with court orders and with other documents previously filed in the record.  Local Rule 83.2.8.1E.

Counsel for plaintiffs should have recognized this Court's March 5, 2008 Order on their Motion for Leave to File.  The notice contained the U.S.D.C. Case Number and specifically referenced the plaintiffs' Motion by Record Docket Number *and* title.  Significantly, such information has been sufficient for State Farm's counsel to identify all Docket Entries relevant to this case, including the ECF entry at issue.  Thus, plaintiffs' counsel likewise reasonably should have been able to identify such information.

The plaintiffs argue that the ECF docket summary containing the Magistrate's Order violates this Court's Case Management Order Number 1 (Rec. Doc. 790).  Specifically, plaintiffs state, "Not only were the two entries meager, they violated Judge Duval's explicit directive that docket text entries which are e-mailed to all *In re Katrina* counsel must begin with the 'pertains to' identifier, which, in the case of these two entries, was 'INSURANCE.'"  *See* Rec. Doc. 12857-2.  However, Case Management Order Number 1 (Rec. Doc. 790) requires such "identifiers" to be placed *on pleadings as specified by counsel*.  It does not mandate that all

Orders be designated as such by the Court.  The first sentence of Case Management Order Number 1 states: "This Case Management Order No. 1 delineates a set of rules by which *the parties* in those cases presently consolidated before the Court and all parties in litigation subsequently consolidated shall be bound."  *See* Rec. Doc. 790, page 1.  It further orders that "Any pleading, motion, or other submission *filed by any party* in this consolidated litigation shall indicate in the "Pertains To" section of the caption which group the pleadings applies to, as well as which cases (by docket number) within that group to which the pleading applies."  *Id.* at page 2.  While the Order does mandate that the Clerk of Court begin its entries with (1) the "Group" and (2) the "Cases," the Order is directed to *pleadings* filed by *parties*.  *Id.* The Order does not delineate methods by which the Clerk of Court must enter Orders of the Court.  *Id.*  The plaintiffs' argument that the ECF notice violated Judge Duval's Case Management Order 1 is without merit.

The Hurricane Legal Center has had at least 30 cases consolidated in the *In Re Katrina Umbrella*, many of which are mass actions.  Yet, plaintiffs seem to suggest the notice system for the consolidated cases is so mysterious they are suddenly incapable of distinguishing any of the cases consolidated therein unless the "pertains to" category, the name of any party or the name of any counsel is listed next to the entry.  Further, lead counsel for the plaintiffs admitted in his Unworn Declaration in the Motion to Amend that he does not specifically recall reviewing the specific docket text entry on the date this Court's Order was emailed to him.  Perhaps more relevant to the inquiry of excusability, counsel stated that

> Since discovery in on March 22, 2008, that I missed two docket text entries that pertained to my clients in *Aguda* and in *Anderson*, I **now** look closely at and investigate all docket text entries that contain the notation 'INSURANCE,' as well as those entries that contain no 'pertains to' notation, even if the entries include none of the other 'markers' that customarily appear in docket text entries.

> This is true, even where the sole identifying information in the entry is a civil action number.  *See* Unsworn Declaration of Stuart Thomas Barasch (Rec. Doc. 12154-9) (emphasis added).

By Mr. Barasch's own statement, he concedes that he does not specifically recall whether or not he checked the ECF summary on March 6, 2008 and that it was not until he missed this deadline that he "now" has made it a practice to "carefully review" the ECF summaries.  *Id.* In other words, despite having many cases in the consolidated litigation, counsel suggests that before this situation he was not properly reviewing the ECF notices.

A reasonable and perhaps expected duty of counsel would be to note the Record Document Number of the motion *filed by counsel* on behalf of their clients to ensure notice of any activity related to their motion.

The plaintiffs were afforded ample opportunity by the Court to file an Amended Complaint and they failed to do so.  Because it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b).  *See Pioneer Investment Servs. v. Brunswick Assoc.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *United States v. Torres,* 372 F.3d 1159, 1163-1164 (10th Cir.2004) ("[C]ounsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule.").

   b.    <u>According To The Relevant Factors Plaintiffs Were Correctly Not
          Allowed To Amend</u>

The U.S. Supreme Court has held that the relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. (Tex.), 2006), citing

*Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir.1980); *Pioneer Inv. Co.*, 507 U.S. at 395-97.

> i.    **Allowing The Plaintiffs To Disregard This Court's Order Will Impact Pending Judicial Proceedings In The District Court And Will Prejudice State Farm**

If the plaintiffs are granted the relief they seek there will be a serious disruption of the efforts of this Court to efficiently address all State Farm matters that are pending in the Insurance Umbrella, including the *Anderson* and *Aguda* cases.  The district court thus specifically asked State Farm, Hartford and the plaintiffs to assist the court in proposing a streamlined process for addressing the State Farm and Hartford claims in a manner that recognizes the tremendous work facing the district court in dealing with many matters pending in the consolidated litigation. The district court in turn asked that State Farm devote significant resources to identifying all State Farm suits pending in the Umbrella (over 300), categorizing those suits and drafting a global motion addressing the claims in those suits for damage caused by flood, levee/canal overtopping, levee failure and storm surge. This pleading was filed by State Farm on March 31, 2008 (Rec. Doc. 12091). The motion seeks rulings dismissing in full certain suits for solely alleging claims for excluded flood damage and partial dismissals of other suits alleging both flood and unpaid wind damages.

The complaints in *Anderson* and *Aguda* are subject to this motion and have been categorized, at the request of the district court, based on the complaints pending at the time the global motion was filed. If this court were to now grant these plaintiffs their belated efforts to amend the complaints for a second time it will disrupt and confuse the proceedings in the district court relative to the global State Farm motion practice. Indeed, such a ruling might unwittingly set a larger precedent whereby plaintiffs in the Insurance Umbrella with claims against State Farm generally now seek to be allowed, long after the suits have been filed, to amend their

complaints while the global motion is pending. Such an occurrence would wreak havoc on the omnibus process established by the district court to address the State Farm suits and defeat the purpose of Judge Duval's efforts. The plaintiffs' suggestion that allowing the Hurricane Legal Center to amend four complaints in the middle of this process would somehow facilitate the global handling of these claims is illogical.

Also, plaintiffs request that they be granted the opportunity to file a **third** complaint. Allowing the plaintiffs to file a third complaint – after State Farm has answered the Original Complaints and substantively addressed both the Original Complaints[7] and the first proposed First Amended Complaints,[8] neither of which state a claim against State Farm – would be highly prejudicial.

### ii.      Plaintiffs Have Not Demonstrated Good Faith

State Farm refers the Court to its discussion of this factor earlier in the pleading.

### c.      The Rule 15 Factors Are Not Satisfied

State Farm refers the court to the discussion of these factors above as the analysis is the same – Judge Wilkinson, in ruling on the plaintiffs original Motion to Amend and even rejecting their second proposed complaints found that the plaintiffs in *Aguda* and *Anderson* also filed complaints seeking only to recover for total loss caused by flooding from levee breach and overtopping yet they now seek to allege an entirely new cause of action – that their properties were destroyed by solely by wind.

---

[7] *See* State Farm's 12(b)(6) Motions to Dismiss Rec. Docs. 11419 (*Aguda*) and 9573 (*Anderson*).

[8] *See* State Farm's Reply to Plaintiffs' Supplemental Memorandum in Opposition to State Farm's 12(b)(6) Motion, Rec. Docs. 11417 (*Aguda*) and 11234) (*Anderson*) and State Farm's Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (07-4457, Rec. Docs. 21 and *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson*, No. 07-6737, [Dkt. No. 11193]).  .

III.     **CONCLUSION**

For the foregoing reasons, State Farm respectfully requests that this Court deny Plaintiffs' Appeal.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**