## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: INSURANCE, <u>Acevedo</u>, 07-5199 | * | |
| <u>Abram</u>, 07-5205 | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

**************************************************************************

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' RULE 60 MOTION FOR RELIEF FROM JUDGMENT

**MAY IT PLEASE THE COURT**, in opposition to plaintiffs' Motion for Relief From

Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, Defendant, State Farm

Fire & Casualty Company ("State Farm"), respectfully avers as follows:

### I.        INTRODUCTION

Plaintiffs' suit sought damages and penalties from State Farm for its alleged failure to

provide coverage and payment under homeowners policies for property damage sustained as a

result of levee breaches and overtopping related to Hurricane Katrina.  State Farm filed a motion

to dismiss pursuant to Rule 12(b)(6). This Court granted State Farm's Motion and dismissed the

plaintiffs' claims in their entirety, with prejudice, finding that plaintiffs sought coverage

exclusively for damage caused by flooding, a peril unambiguously excluded under the plaintiffs'

State Farm policies.  Plaintiffs now request that this Court, pursuant to F.R.C.P. 60, grant the

plaintiffs relief from the Court's judgment dismissing the plaintiffs' action and allow plaintiffs to

amend their complaint pursuant to F.R.C.P. 15 to allege a new theory of recovery based on novel and contradictory factual allegations.  As will be explained below, plaintiffs are not entitled to such relief and thus their motion should be denied.

## II.   PROCEDURAL HISTORY

The *Acevedo* and *Abram* plaintiffs, their counsel the Hurricane Legal Center ("HLC"), filed suit against State Farm (and several other insurers) on August 29, 2007.  Thereafter, the following procedural activity took place:

- On December 5, 2008, the *Acevedo* plaintiffs filed a First Amended Complaint as of right, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

- On December 10, 2007, State Farm filed motions to dismiss the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) in both *Acevedo* and *Abram*.  *See* Rec. Docs. 9420 (Acevedo) and 9421 (Abram).  State Farm's motions requested that this Court dismiss all of the plaintiffs' *claims* against State Farm, *with prejudice* based on this Court's decision in *Chehardy* upholding State Farm's flood exclusion.  *Id*.  The motions were noticed for hearing on January 23, 2008.

- On January 4, 2008, State Farm filed answers and defenses to the plaintiffs' complaints in both *Acevedo* and *Abram*.  *See* Rec. Docs. 10088 (Acevedo) and 10087 (Abram).

- On January 21, 2008, Ms. Janet Daly sent an email to the parties which stated the following:

  > Subject:  05-4182  docs.  9420  and  9421--general  plan/status conference

  > Dear Gentlemen:

  > While the Judge has entered a stay in the insurance cases, he did

enter judgment with respect to the State Farm policy in Chehardy. As such, it appears that some attorneys will be trying to "clean out" these claims.

We now have two such motions noticed for Wednesday filed by David Strauss on behalf of State Farm seeking Summary Judgment in which he asked for Oral Argument.  No opposition has been filed in either case by Mr. Barasch of the Hurricane Law Center. As such, the Judge could grant these motions as unopposed. However, I would like confirmation from Mr. Barasch that you do not intend to file an opposition.  You may have thought that these motions were subject to the stay.

Seth, Joe and Ralph--I copy you on this e-mail because I think we may need to address a global solution to the State Farm issue--Seth, I would ask that you let the State Farm attorneys that we are aware of this issue and please ask them to desist from filing motions until we arrive at a global solution for a rational approach.

Mr. Strauss and Mr. Barasch--there will be no oral argument on these motions and an order so stating will issue today.  If I do not hear back from Mr. Barasch by noon tomorrow, these motions will be granted as unopposed.

With many thanks for your consideration, Janet

Janet Daley
Chambers of Stanwood Duval, Jr.  *See* Exhibit A.

- On January 24, 2008, this Court "GRANTED" State Farm's motions to dismiss.  *See* Rec. Doc. 10738.  The Court referenced the above email in the Order and stated that the plaintiffs in both *Acevedo* and *Abram* had yet to submit oppositions to State Farm's motions.  *Id.*  Finding that State Farm's motions "had merit," the Court specifically referenced State Farm's motion (Rec. Docs. 9420 and 9421) and "GRANTED" State Farm's motions to dismiss.

- On March 27, 2008, both the *Acevedo* and *Abram* plaintiffs filed motions for leave to file amended complaints which were set for hearing before Judge Wilkinson on March 16, 2008.  *See* Rec. Docs. 11933 (*Acevedo*) and 11934 (*Abram*).

- On April 3, 2008, State Farm filed motions to strike the plaintiffs' motions for leave to file amended complaints based on the fact that the plaintiffs' claims against State Farm were dismissed with prejudice by this Court. *See* Rec. Docs. 12185 (*Acevedo*) and 12187 (*Abram*).

- On April 8, 2008, State Farm filed oppositions to the plaintiffs' motions for leave to file amended complaints. *See* Rec. Docs. 12332 (*Acevedo*) and 12333 (*Abram*).

- On April 14, 2008, the plaintiffs filed motions for leave to file replies to State Farm's oppositions to the plaintiffs' motions for leave to file amended complaints. *See* Rec. Docs. 12421 (*Acevedo*) and 12420 (*Abram*). Those motions were granted and the replies were placed on the record on April 16, 2008. *See* Rec. Docs. 12488 (*Acevedo*) and 12486 (*Abram*).

- The hearings on the plaintiffs' motions for leave to file amended complaints took place on April 16, 2008 with oral argument before Magistrate Judge Wilkinson. Judge Wilkinson denied the plaintiffs' motions, but without prejudice to the requested relief being sought as part of a Rule 59 or 60 motion. *See* Rec. Doc. 12498. He further stated that, "Any Rule 59 or 60 motion which plaintiffs might desire to assert should be presented as such and noticed for hearing before the district judge."

## II.   <u>LAW AND ARGUMENT</u>

Plaintiffs argue that they are entitled to relief from judgment pursuant to Rule 60(b)(1), for alleged mistake, inadvertence, surprise, or excusable neglect. However, as discussed below, such relief is not warranted.

### A.   **Judge Porteous Has Denied Similar Rule 60 Motions by the HLC**

Notably, two other district court judges (Porteous and Feldman) and one magistrate

(Wilkinson) have agreed with this Court that the allegations in the initial complaint fail to state a valid claim against State Farm.  State Farm filed identical motions to dismiss virtually identical petitions/complaints filed by plaintiffs represented by the HLC.  In addition to *Acevedo* and *Abram*, three additional cases were dismissed pursuant to State Farm's motions to dismiss.[1]  In the two cases dismissed by Judge Porteous, *Benit, et al.* and *Harrington, et al.,* the plaintiffs sought relief from judgment pursuant to Rule 60(a) and (b) under similar circumstances.[2]  Judge Porteous denied the plaintiffs' motions.[3]

**Also,** Judge Wilkinson recently ruled upon a Motion for Leave to File an Amended Complaint in *Arceneaux v. State Farm Fire & Cas. Co.,* a case substantially identical to the instant case.  *Arceneaux* was filed by plaintiffs also represented by the HLC against State Farm, which was also represented by the undersigned attorneys.  In that case, State Farm filed a Motion to Dismiss which was virtually identical to the motions to dismiss filed in the instant cases.  In response to State Farm's motion, the District Court (Judge Feldman) granted State Farm's motion and dismissed the case in its entirety.[4]  Thereafter, plaintiffs filed a Motion for Leave to File Amended Complaint virtually identical to the Motion for Leave at issue in the instant case.  Judge Wilkinson denied the *Arceneaux* plaintiffs' Motion to Amend based on the fact that the

---

[1] *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701 (Feldman, J.); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

[2] *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 40] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 35] (E.D. La. Jan. 24, 2008) (Porteous, J.).

[3] *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

[4] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order and Reasons [Dkt. No. 16] (E.D. La. Jan. 24, 2008) (Feldman, J.).

Judge Feldman had already dismissed the case.[5]  Like *Acevedo* and *Abram*, Judge Wilkinson denied the plaintiffs' motions without prejudice so that the plaintiffs could pursue Rule 59 or Rule 60 motions with the district court.  Almost immediately upon receiving Judge Wilkinson's Order, Judge Feldman entered a formal Rule 58 Judgment in favor of State Farm Fire and Casualty Company.[6]

### B.     Applicable Legal Principles

#### 1.     Fed.R.Civ.P 60(b)

In determining whether a moving party has established "excusable neglect" under Rule 60(b)(1), the district court enjoys considerable discretion.  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981) (citing *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977)).  However, both the U.S. Eastern District of Louisiana and the U.S. Fifth Circuit have held that this discretion is not without limits.  *Id*.; *Southern Tires Services, Inc. v. Virtual Point Development*, 2004 WL 1770120 (E.D.La. 2004; *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir.1990).  The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy ... and that the desire for a judicial process that is predictable mandates caution in reopening judgments."  *In re Pettle*, 410 F.3d 189, 191 (5th Cir. (La.),2005) (internal quotations omitted); citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Bailey v. Ryan Stevedoring Co., Inc*., 894 F.2d 157, 160 (5th Cir.1990)).  A district court may only grant relief under Rule 60(b) upon "a sufficient showing of unusual or unique circumstances."  *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985).  As this

---

[5] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order [Dkt. No. 33] (E.D. La. April 3, 2008) (Wilkinson, J.).

[6] *See Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, Order [Dkt. No. 33] (E.D. La. April 3, 2008) (Wilkinson, J.).Rec. Doc. 35.

Court has held, the Fifth Circuit "has pointedly announced that **a party has a duty of diligence to inquire about the status of a case**, and that Rule 60(b) relief will be afforded only in 'unique circumstances." *Mesa v. Unocal Corp.*, 2003 WL 943639, 3 (E.D.La.) (E.D.La.,2003).  The movant bears the burden of demonstrating the exceptional or unique circumstances which warrant relief. *Lavespere*, 910 F.2d at 173-174.  Further, t**he gross carelessness or ignorance of counsel is not sufficient to warrant reopening the case**. *Pryor*, 769 F.2d at 287 (emphasis added).  Nor can a party be relieved of a deliberate decision or choice pursuant to Rule 60(b). *In re Pettle*, 410 F.3d 189, 192 (5th Cir. (La.) 2005).

2.   Fed.R.Civ.P. 15 (a)

Under Fed.R.Civ.P. 15(a), permission to amend "shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. (Miss.) 1967) (emphasis added).  The rule, however, "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Id.* (quoting *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)).  The decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 582 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981).

Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864-865 *(*5th Cir.2003); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660

F.2d 594, 597 n. 1 (5th Cir.1981); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (after grant of summary judgment, leave to amend complaint "can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60.").   The Fifth Circuit has instructed that "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'"   *Id.* (citing *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995)).   Further, a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time."); *Rosenzweig*, 332 F.3d at 865 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman*); *Briddle v. Scott,* 63 F.3d at 380 (same).

### C.   The Plaintiffs Have Failed to Demonstrate Entitlement to Relief Under Rule 60(b)(1) Based On Mistake, Inadvertence, Surprise or Excusable Neglect

The U.S. Fifth Circuit has held that, "While Rule 60(b)(1) allows relief for mistake, inadvertence ... or excusable neglect, these terms are not wholly open-ended.   Denial of a Rule 60 Motion is warranted if, in the exercise of ordinary prudence, it could have been guarded against and relief from a judgment based on mistake or excusable neglect is generally not available for the mere carelessness of a party.   *In re Pettle*, 410 F.3d at 192.   Further, ordinarily, a mistake of judgment is not such a mistake as will justify relief.   *Id.*; see also *Sampson v. Radio Corp. of America*, 434 F.2d 315, (2d Cir. 1970), decision supplemented on other grounds, 478 F.2d 339, (2d Cir. 1973); *Kahle v. Amtorg Trading Corp*., 13 F.R.D. 107 (D.N.J. 1952). Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor*, 769 F.2d at 287, citing 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170 (footnotes omitted); see also

*Murray v. Serena Software, Inc.*, 212 Fed.Appx. 349, 351 (5th Cir. (Tex.),2007) (holding that relief under this Rule is not appropriate when a litigant exhibits a disregard for the judicial process or repeated indifference to court orders and denying plaintiff relief, noting that plaintiff's "**recurring non-compliance reflects a pronounced disrespect for the court's processes and orders**.") (emphasis added); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. (Tex.) 1993) (holding that **ignorance of local rules or misconstruction of their applicability does not merit relief** under Rule 60(b)) (emphasis added); *United States v. O'Neil,* 709 F.2d 361, 373-375 (5th Cir.1983) (holding that denial of 60(b)(1) motion not abuse of discretion where movant misconstrued court's use of word "sever" and failed to timely appeal; movant had ample opportunity to resolve confusion or ambiguity before time for appeal lapsed). As one commenter has explained:

> Excusable mistakes are not those which were result of a deliberate and counseled decision by the complaining party, but, rather, the kinds of mistakes remediable under a motion for relief from a judgment are mistakes that the complaining party could not have protected against, and a party who simply misunderstands or fails to predict the legal consequences of his or her deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes. *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. (Ill.) 2000).

Further, "…it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client no matter how unfair this on occasion may seem.  Clients are chargeable with their attorney's mistakes." *Pryor*, 769 F.2d at 287 (internal citation omitted); see also, e.g., *Southern Tires Services, Inc.*, 2004 WL 1770120, *2 (E.D.La. 2004); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962).  In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's

carelessness with or misapprehension of the law or the applicable rules of court.  *Mesa Knapp v. Dow Corning Corp.,* 941 F.2d 1336, 1338 (5th Cir.1991).

The parties to a case bear the responsibility of monitoring the court's docket.  McMillian v. District of Columbia  233 F.R.D. 179, 181 -182 (D.D.C.,2005); *Fox v. Am. Airlines, Inc.,* 295 F.Supp.2d 56, 59 (D.D.C.2003), *aff'd Fox v. Am. Airlines, Inc.,* 389 F.3d 1291, 1294 (D.C.Cir.2004) (affirming the district court's dismissal of an unopposed motion and calling a party's excuse for failing to respond to a motion due to a lack of e-mail notification "nothing but an updated version of the classic 'my dog ate my homework' line"); *see also U.S. ex rel. McAllan v. City of New York,* 248 F.3d 48, 53 (2d Cir.2001) (refusing to re-open the time for appeal under Federal Rule of Appellate Procedure 4(a)(6) because "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal"); *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 361 (8th Cir.1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official *182 docket failed to reflect entry of final judgment); *In re Mayhew,* 223 B.R. 849, 856 (D.R.I.1998) (holding in the 60(b) context that it is the attorney's duty to monitor the docket and that 'an attorney may not simply sit back and rely on the court to keep him or her up to date; allowing attorneys to do so would not only invite abuse, but would remove the burden of vigilance from the advocates hired to pursue a client's interest').

In the instant case, State Farm filed its motions to dismiss in on December 10, 2007.  The motions were noticed for hearing over a month later, on January 23, 2008.  It is unreasonable that an attorney with numerous cases consolidated in the *In re Katrina Consolidated Litigation* would have any problems recognizing relevant filings when the entry contains this clear identifying information.   Indeed, the Rules of Conduct dictate that attorneys are required to act with

reasonable diligence and promptness when representing their clients. *See* Rule 1.3 Louisiana

Rules of Professional Conduct. Furthermore, the local rules of this court demand that:

> Counsel for a party in any civil matter in this court shall be familiar with the substance of all documents filed in the case and if the case is consolidated with one or more other cases, shall be familiar with the record of the consolidated cases. It is the responsibility of counsel representing a party joined in a case after its inception whether by third party complaint or otherwise, or whose case is consolidated with one or more pending cases, to become familiar with court orders and with other documents previously filed in the record. Local Rule 83.2.8.1E.

Nevertheless, plaintiffs counsel failed to file oppositions to State Farm's motions in both

*Acevedo* and *Abram*. Upon noticing that counsel had not responded to the motions, the Court

contacted counsel and gave him an additional opportunity to oppose the motions, after the

deadline. Again, however, counsel did not timely respond to the court. After the Court granted

State Farm's motions, plaintiffs counsel waited ten more weeks before seeking leave of court to

file amended complaints. This sort of neglect is not excusable.

### D.    Analysis of the Relevant Factors Supports Denial Of The Plaintiffs' Motion

#### 1.    Fed.R.Civ.P 60(b) Factors

In exercising its discretion, a trial court must consider several factors in determining

whether Rule 60(b) relief is proper: (1) the danger of prejudice to the [non-moving party], (2) the

length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay,

including whether it was within the reasonable control of the movant, and (4) whether the

movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Limited*

*Partnership*, 507 U.S. 380, 395 (1993); see also *Halicki v. Louisiana Casino Cruises, Inc.,* 151

F.3d 465, 468 (5th Cir.1998).

2.    Fed.R.Civ.P 15(a) Factors

Similarly, under Fed.R.Civ.P. 15(a), the decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 582 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981).  In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

a.    State Farm Will Be Prejudiced and the Delay Is Unjustified

State Farm obtained a substantive and dispositive ruling dismissing plaintiffs' claims in their entirety.  Plaintiffs now request that ruling be set aside so that they can attempt (again) to file an amended complaint with novel factual allegations and legal theories.  This is inherently prejudicial to State Farm and there are no facts which justify the plaintiffs' delay.

The Fifth Circuit has stated that it will "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."  *Parish v. Frazier*, 195 F.3d 761, 764, (5th Cir. (Miss.),1999), citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 and n. 2 (5th Cir.1992)*; Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 667, (5th Cir.1981); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (5th Cir.(Miss.) 1967).  Further, "It is clear that lack of diligence is reason for refusing to permit amendment."  *Freeman*, 381 F.2d at 469, citing *Wheeler v. West India S.S. Co.*, 205 F.2d 354 (2 Cir., 1953).  Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay 'was due to oversight, inadvertence, or

excusable neglect.' *Id.,* citing *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8 Cir., 1945).  In this situation, "Leave will be denied unless he shows some 'valid reason for his neglect and delay.' *Id.*, citing *Carroll v. Pittsburgh Steel Co.*, 103 F.Supp. 788, 790 (W.D.Pa.1952).

This court established, with joint and agreed input from plaintiffs' and insurers' liaison counsel, a process to efficiently address whether the complaints in the Insurance Umbrella state valid causes of actions against State Farm and Hartford. The State Farm omnibus Motion on all pending State Farm hurricane claims in the Umbrella does *not* address the *Acevedo* and *Abram* suits because they had been dismissed in their entirety as to State Farm when the omnibus pleading was filed. To now allow the plaintiffs to amend in the middle of the briefing would wreak havoc on the global approach to these issues. It would defeat the purpose of the court's protocol and require piecemeal motion practice as new motions special to these suits would have then be urged. It would also disrupt Hartford's pending motion which does address these two suit complaints. The plaintiffs' suggestion that allowing piecemeal amendments to four complaints would somehow facilitate and not impede the process is illogical.

If the plaintiffs are granted Rule 60 relief and allowed to file the proposed new Complaints, with the new, inconsistent factual allegations and new theory of liability, State Farm will be significantly prejudiced.  *See Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1208 (10th Cir. (Okla.),2006) (noting prejudice found when amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues); *see also Royal Indem. Co. v. King*, 532 F.Supp.2d 404, 417 (D.Conn.,2008), citing *Missouri Housing Dev. Com. v. Brice,* 919 F.2d 1306, 1316 (8th Cir.1990) (denying leave to amend after plaintiff lost at summary judgment and attempted to change the theory of the case.); *Parker v. Joe Lujan*

*Enterprises, Inc*., 848 F.2d 118 (9th Cir. 1988) (holding that an amendment offered by the plaintiff may be denied on the grounds of undue delay where the amendment sets forth an entirely new theory of liability, particularly if that new theory is inconsistent with the Original Petition.").   Furthermore, a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time." *Rosenzweig,* 332 F.3d at 864 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman*); *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995) (same).

In *Parish*, the plaintiff filed a motion to amend on the same day, but after the defendants filed their motion for summary judgment on the plaintiff's complaint. *Parish*, 195 F.3d at 763. The district court found that allowing the plaintiff to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint. *Id.,* citing *Little,* 952 F.2d 841, 846; *Addington,* 650 F.2d 663, 667; *Layfield v. Bill Heard Chevrolet Co*., 607 F.2d 1097, 1099 (5th Cir.1979); *Ferguson,* 11 F.3d. at 706-7.   In so holding, the district court found that the plaintiff's attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues. *Id.* In addition, the district court found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could have raised the additional claims in her complaint or at least sought to amend at an earlier time. *Id.*, citing *Layfield,* 607 F.2d 1097, 1099.   Accordingly, the Fifth Circuit affirmed the district court's denial of the plaintiff's motion for leave to amend. *Id.*

Here, as in *Parish*, the plaintiffs seek to amend their complaints over eight (8) months after the original complaints were filed.  Plaintiffs offer no excusable justification for this delay.  As explained above, the plaintiffs' lack of diligence is not excusable.  State Farm pointed out the fatal flaws in the plaintiffs' complaints in December of 2007 in its Motions to Dismiss.  Nevertheless, the plaintiffs did not respond to State Farm's motions and did not respond to the Court's email requesting that plaintiffs show cause why State Farm's motion should not be granted.  Rather, the plaintiffs waited until well-after the case was dismissed to seek leave of court to amend their complaints.  They offer no justification for this delay.  Further, as explained below, should the Court allow the plaintiffs to file the proposed amended complaint, State Farm would be required to expend additional time and resources to file another motion to dismiss the case since the proposed amended complaint will also fail.  Likewise, it would be a waste of judicial resources.  Such circumstances do not warrant granting the plaintiffs' motion.

Specifically, the new proposed amended complaint attached to plaintiffs' Rule 60 motion sets forth facts which contradict the operative facts alleged in the initial complaint and the proposed amended complaints which the plaintiffs previously attempted to file.  The current amended complaint proposed by the plaintiffs deletes any and all references to flood damage.  The plaintiffs removed from the Original Complaint the paragraph which stated that each of the properties suffered substantial damage caused by "wind, wind driven rain, storm surge, overflowing of canals **and** breach of levees," (Plaintiffs' Original Complaints ¶ IV), and replaced it with a paragraph stating that the plaintiffs' property was damaged by wind and wind-driven rain alone."   Plaintiffs' Proposed Second Amended Complaint ¶ III (*Acevedo*), Plaintiffs' Proposed First Amended Complaint ¶ III, (*Abram*), Rec. Doc. 12856-5.  Further, the plaintiffs deleted paragraph V of the Original Complaints which stated that the "flood waters from nearby

levee breaches" damaged each of the properties and that the flooding from the levee breaches was "man-made flooding and not natural flooding," and therefore covered under each of the plaintiffs' respective State Farm policies. *See* Plaintiffs' Proposed Second Amended Complaint ¶ IV (*Acevedo*), Proposed First Amended Complaint ¶ IV (*Abram*),  Rec. Doc. 12856-5 .  In other words the plaintiffs filed suit alleging their properties were destroyed by **flood alone** and now seek to allege the opposite – that their properties were destroyed by **wind alone**.  One of the things which remains consistent – the plaintiffs still allege that State Farm owes each of them full policy limits.

Another division of this court recently held that, "Under binding Fifth Circuit precedent, '[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them.'" *Fontenot v. Metropolitan Property & Cas. Ins. Co*., 2007 WL 2990428, 1 (W.D.La.,2007) (Lemelle, J.), citing *Johnson v. Houston's Restaurant, Inc.,* 167 Fed. Appx. 393, 395 (5th Cir.2006) *citing White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983), *Morales v. Dep't of the Army,* 947 F.2d 766, 769 (5th Cir.1991), and *Davis v. A.G. Edwards & Son, Inc.,* 823 F.2d 105, 108 (5th Cir. 1987).  The factual allegations contained in the plaintiffs' current proposed Amended Complaint is in direct conflict with the factual allegations alleged in the plaintiffs' Original Petition.  As such, plaintiffs should be estopped asserting these facts.

b.     Amendment Would Be Futile

Allowing plaintiffs to file an Amended Complaint would be futile because the prescriptive period for Hurricane Katrina claims expired on September 1, 2007.  Thus, the claims in plaintiffs' proposed Amended Complaints would be time-barred and subject to yet another Motion to Dismiss.  Further, the proposed Amended Complaints would not relate back under 15(c) as the original pleadings were dismissed as to State Farm by the Court on January 24th.

Accordingly, there is not an original pleading for the proposed Amended Complaint to relate back to. *In Re Cases Filed by DIRECTTV, Inc.*, 344 F.Supp.2d 647 (D.Ariz., 2004); see also *Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir. (Cal.), 2006) (After dismissal of original habeas petition without prejudice for failing to exhaust state remedies, because plaintiff did not reopen judgment, plaintiff could not employ Rule 15(c) to relate his second habeas petition back to the first).

Further, Rule 15(c) provides in pertinent part that: "…An amendment to a pleading relates back to the date of the original pleading when:… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;…." Fed.R.Civ.Pro. 15(c). Where a proposed amended complaint attempts to add a new legal theory which is unsupported by the factual claims raised in the original pleading, the proposed claim arises from new and distinct conduct, transactions, or occurrences not found in the original pleading, and, therefore, the complaint will not relate back. In determining if an amended complaint relates back, the Fifth Circuit "regards as 'critical' whether the opposing party was put on notice regarding the claim raised therein." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. (Tex.) 1985), citing *Woods Exploration & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1299 (5th Cir.1971), (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968)).

Here, the Original Complaints notified State Farm that the plaintiffs sought full policy limits under their State Farm policies for damages caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore according to the plaintiffs, covered under each of the their respective State Farm policies. These statements set out the only claims and the grounds upon which the plaintiffs' action was based – non-

covered flood damage.

While not precisely on point, Judge Feldman's decision in *Enjet, Inc. v. Maritime Challenge Corp.* offers guidance on the application of Rule 15(c).  220 B.R. 312, 315, (E.D.La.,1998).  In *Enjet*, the issue before this Court was whether a debtor's late filed proposed amended objection to the creditor's proof of claim in a bankruptcy action would relate back under Rule 15(c) to a timely filed original objection.  *Id.*  The Court held that, "The flat inconsistency between the original and amended objection precludes relation back."  *Id.*, citing *In re Solari*, 63 B.R. 115, 117 (9th Cir. BAP 1986) (rejecting an amended proof of claim's relation back because it "does not purport to cure a defect in the timely filed claim, nor does it describe the [original] claim with greater particularity"); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985) (rejecting relation back of amendment whose purpose was not "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim").  The Court reasoned that, "Conceptually, relation back in this context should be defined by some traceable relationship to the same bundle of facts that initiated the original objection to the proof of claim."  *Enjet, Inc.*, 220 B.R. at 315.

As this court (and many other courts in the Eastern District in examining identical complaints filed by the HLC) determined, the only "occurrence" set out in the Original Petition is total loss due to flooding caused by levee breach and overtopping. Thus the plaintiffs now come forward, almost three years after Hurricane Katrina, with a completely new "occurrence" – total loss from hurricane winds **alone.**  Surely a law firm that identifies itself as "Hurricane" experts by virtue of its name (Hurricane Legal Center) which indicates it exists solely to handle hurricane claims, meant what it said when it drafted the Original Complaints.  At that time, the

validity of the insurer flood exclusions was being heavily litigated and many insureds without adequate flood insurance filed suit with the hope that the courts might provide an avenue of recovery under homeowners policies.  That issue has now been resolved in favor of State Farm thus the plaintiffs seek to create a novel theory of recovery based on an opposite set of facts. This new claim – wind alone destroyed the properties – does not relate back to the original claim – flood alone destroyed the properties.

Further, as previously explained, the factual allegations in plaintiffs' proposed Amended Complaints diametrically contradict the factual allegations in the Original Complaints.  As such, in addition to the prescriptive bar on plaintiffs' claims, there would sufficient evidence to support an estoppel to prevent the plaintiffs from making such inconsistent factual allegations and legal claims.  Based on these facts, it is clear that granting plaintiffs leave to amend would be futile.

c.    Plaintiffs Have Not Demonstrated Good Faith

State Farm questions the plaintiffs' good faith in failing to file motions for leave to file amended complaints until nine weeks after this Court dismissed the plaintiffs' claims against State Farm.  Plaintiffs' counsel filed identical petitions/complaints in numerous lawsuits, many of which name(d) State Farm as a defendant.  In many of the suits filed against State Farm, State Farm filed motions to dismiss the cases pursuant to Rule 12(b)(6) for failure to state a claim. Four of those cases were dismissed pursuant to State Farm's motions to dismiss.[7]  After those cases were dismissed, plaintiffs' counsel moved to amend many of complaints to attempt to state valid claims against State Farm.  In addition, two of the cases (which have not been dismissed) were recently before Judge Wilkinson on Motions for Leave to File an Amended Complaint and

---

[7] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No.07-5205); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Acevedo*, No.07-5199); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

this Court rejected both the plaintiffs' original petition/complaint and the plaintiffs' proposed amended complaint.[8]  Nevertheless, despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action, plaintiffs' counsel continued to include such allegations within the proposed amended complaints.  For example, although having been advised by this Court, Judge Porteous and this court that claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping) was not covered under State Farm homeowners (and all other State Farm policies other than the Standard Flood Insurance Policy) and is not a valid cause of action against State Farm, counsel nevertheless included such allegations in the amended complaint submitted (and subsequently rejected) by Judge Wilkinson on February 20, 2008.  *See id.*

In addition, the most recently proposed amended complaint in the instant case is based upon a set of facts completely opposite and inconsistent to those initially pled in the Original Petition.  The initial complaint contained allegations that storm surge, canal/levee overtopping/breaching (flooding) caused a total loss to plaintiffs' property.  Now, in the proposed amended complaint, plaintiffs allege that wind **alone** caused a total loss – these claims diametrically contradict plaintiffs' previous allegations.  Alleging in one pleading that plaintiffs are entitled to full policy limits based on a total loss caused by flooding and in the next (proposed) pleadings that plaintiffs are entitled to full policy limits based on a total loss caused by wind suggests such pleading evidences a lack of good faith.

While clients are chargeable with their attorney's mistakes, denying the plaintiffs' motions will not leave plaintiffs without a remedy – other remedies against their counsel may be

---

[8] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]).

available.  *Pryor*, 769 F.2d at 289.  As this Court has noted, "keeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." *Dudenhefer v. Davol, Inc.,* 1994 WL 548203 (E.D.La. Oct. 5, 1994) (Feldman, J), citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1390, n. 10, (1962).  The plaintiffs also retain their right to appeal.  Accordingly, plaintiffs have failed to demonstrate a justification for relief from judgment.

### III.     CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court deny plaintiffs' Motion for Relief From Judgment Pursuant to Rule 60.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to: Stuart T. Barasch.

**/s/ David A. Strauss**