UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA LEVEE BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
| | SECTION: "K"(2) |
| PERTAINS TO: INSURANCE | JUDGE: DUVAL |
| *Hammond*: 07-1767 | |
| | MAGISTRATE: WILKINSON |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DE-CONSOLIDATE AND TRANFER PROCEEDINGS**

**MAY IT PLEASE THE COURT:**

Defendant, Republic Fire And Casualty Insurance Company ("Republic"), incorrectly referred to as "Republic Fire & Casualty Company," hereby opposes plaintiff's *Motion to De-Consolidate and Transfer Proceedings to Originally Allotted Division of Court* (Rec. Doc. 12821). As this Honorable Court is aware, this matter was transferred into this Section and consolidated with the litigation entitled *In Re: Katrina Canal Breaches Consolidated Litigation*, Docket No. 05-4182, Section "K"(1), as mandated by the Executive Committee of the Eastern District of Louisiana and this Honorable Court in its Minute Entry dated November 29, 2006 (No. 05-4182, Rec.Doc. 2034 at 7-8). This civil action met, and continues to meet, the

1

requirements of the mandate by the Executive Committee and this Honorable Court, as more fully set forth below. Accordingly, this matter should be remain in Section "K" and consolidated with the litigation entitled *In Re: Katrina Canal Breaches Consolidated Litigation*, Docket No. 05-4182, Section "K"(1).

## FACTUAL BACKGROUND

On or about April 12, 2007, counsel for plaintiff initiated this civil action in federal court by filing an *Amended Petition for Damages* on behalf of plaintiff, Lonnie E. Hammond, Jr., and alleged *inter alia* that defendant under-adjusted plaintiff's claim arising out of Hurricane Katrina, including that Republic allegedly failed to compensate plaintiff for flood damage to his property located at 2124 Spain Street, New Orleans, Louisiana 70117. (No. 07-1767, Rec.Doc.No. 1, Preamble and ¶ X). Plaintiff alleged in the *Amended Petition for Damages* as follows: "The defendant's flood exclusion is ambiguous, vague and, consequently, is invalid resulting in coverage for damages caused by flood." (No. 07-1767, Rec.Doc.No. 1, ¶ X). Plaintiff's property is located in an area bounded by Elysian Fields Avenue to the West, N. Claiborne Avenue to the South, St Roch Avenue to the East, and Florida Avenue to the North, which is an area that flooded during Hurricane Katrina as a result of breaches in the levee system. In fact, plaintiff's property was inundated with in excess of four feet of flood water as a result of levee breaches in the New Orleans area for which plaintiff seeks coverage in this civil action under his Republic policy.

Republic issued Policy No. HI1 1044591 to Lonnie E. Hammond, Jr. with a Period of February 27, 2005 to February 27, 2006 for the Residence Premises of 2124 Spain Street, New Orleans, Louisiana 70117. (No. 07-1767, Rec. Doc. 6-3). The Republic policy issued to plaintiff is a purported "All-Risk" homeowners insurance policy, which provides as follows: "We insure

against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss: . . ." (No. 07-1767, Rec. Doc. 6-4). Additionally, Republic asserted the Water Damage Exclusion contained in the policy issued to plaintiff as a defense to plaintiff's allegations. Considering the above, this civil action clearly met the requirements for transfer to Section "K" for consolidation with *In Re: Katrina Canal Breaches Consolidated Litigation*, Docket No. 05-4182, Section "K"(1).

Plaintiff recently filed a *Motion to De-Consolidate and Transfer Proceedings to Originally Allotted Division of Court* (Rec. Doc. 12821) arguing that this matter was originally transferred and consolidated on the basis that plaintiff made allegations as to the ambiguity of the flood exclusion in his *Petition* and that this matter should be de-consolidated and transferred back to its original Section because "[p]laintiff wishes to strike any and all allegations regarding the ambiguity of, or the reliance upon, the flood exclusion in the policy at issue." (Rec. Doc. 12821, p. 2). In furtherance of his *Motion*, plaintiff attached a proposed Amended Complaint striking said allegations. However, the proposed Amended Complaint has not yet been filed into the record of this matter, nor has plaintiff sought leave to file the proposed pleading into the record.

**ARGUMENT**

I. **THIS CIVIL ACTION STILL MEETS THE CRITERIA FOR CONSOLIDATION EVEN IF ALLEGATIONS REGARDING THE AMBIGUITY OF THE FLOOD EXCLUSIONS ARE STRUCK**

At this time, the proposed Amended Complaint striking such allegations has not been filed into the record, nor has plaintiff sought leave to file the Amended Complaint. Accordingly, the allegations regarding the ambiguity of the flood exclusion contained in the policy issued by Republic to plaintiff have not yet been struck or dismissed. Furthermore, Republic respectfully

3

submits that this civil action continues to meet the requirements of the mandate of the Executive Committee and this Honorable Court, even should the allegations as to the ambiguity of the flood exclusion be struck. The criteria for transfer and consolidation were provided by the Executive Committee of this Honorable Court and Judge Duval, as follows:

> **NOTICE TO ALL LITIGANTS INVOLVED IN
> ANY KATRINA-RELATED INSURANCE LITIGATION**
>
> **It is the intention of the Eastern District of Louisiana for any case concerning the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal to be transferred to Section "K" for consolidation with the In Re: Katrina Canal Breaches Consolidated Litigation . . .**
>
> **If you are invoking coverage under an All-Risk policy for flooding caused BY A BREACH OF A CANAL _or_ are relying on a Water Damage Exclusion as a defense to a claim for flooding CAUSED BY A BREACH OF A CANAL under an All-Risk policy, you must move to transfer that case for consolidation to In Re: Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182 "K" (2). Flooding caused by the failure of the pumping stations in Jefferson Parish are NOT INCLUDED in this litigation.**

Minute Entry dated November 29, 2006 (Emphasis added) (No. 05-4182, Rec. Doc. 2034 at 7-8).

The criteria set forth by this Order mandates that all of those cases which involve "the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal" should be transferred and consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*. As noted in the Factual Background section above, the instant civil action clearly meets the criteria for transfer and consolidation as it does "pertain to [flood] damage allegedly caused by a breach in a canal" for which plaintiff seeks coverage under his "All-Risk" Republic policy, especially considering the allegations as to the ambiguity of the flood exclusion have not yet been struck and/or dismissed.

Furthermore, on July 26, 2007, Republic filed the *Answer and Affirmative Defenses to the Amended Petition for Damages by Republic Fire And Casualty Insurance Company*, which

specifically pled the Water Damage Exclusion as an affirmative defense. It should be noted that plaintiff has never contested that the homeowners insurance policy issued by Republic to plaintiff is a purported "All-Risk" policy, as established in the original Motion and Memorandum. (No. 07-1767, Rec.Doc. 6 and 6-4). The Republic policy includes a Water Damage Exclusion that Republic specifically relied upon and continues to rely upon and pled as an affirmative defense in the *Answer and Affirmative Defenses to the Amended Petition for Damages*, as follows:

### EIGHTH DEFENSE

The claims of plaintiff are precluded and/or barred by the "Water Damage" Exclusion in any and all policies of insurance which this defendant may have issued to plaintiff, which Exclusion provides as follows:

### SECTION I – EXCLUSIONS

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\*       \*       \*

c.   **Water Damage**, meaning:

(1)   Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2)   Water which backs up through sewers or drains or which overflows from a sump; or

(3)   Water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

5

> Direct loss by fire, explosion or theft resulting from water damage is covered.

(Rec.Doc. 3, EIGHTH DEFENSE).

The *Answer and Affirmative Defenses to the Amended Petition for Damages* by Republic clearly meets the criteria for mandatory transfer, because Republic is ". . . relying on a Water Damage Exclusion as a defense to a claim for flooding CAUSED BY A BREACH OF A CANAL under an All-Risk policy." Minute Entry dated November 29, 2006 (No. 05-4182, Rec.Doc. 2034). Considering that causation and scope of damage are the primary issues in this matter, Republic continues to rely on the Water Damage Exclusion as a defense to plaintiff's claims. Simply striking the allegations seeking recovery for damages caused by flood does not mean that Republic is no longer asserting a defense based on the Water Damage Exclusion in the policy issued to plaintiff.

## II. THIS HONORABLE COURT IS CONSIDERING A NEW CASE MANAGEMENT ORDER AND THE INSURANCE UMBRELLA HAS NOT YET BEEN DISMANTLED

This Honorable Court recently held a meeting with liaison counsel in the consolidated cases to discuss the best way to encourage and facilitate settlement in these matters prior to dismantling the Insurance Umbrella. (See Minute Entry dated April 21, 2008, Rec. Doc. 12632). At that time it was decided that counsel would present to the Court a proposed Case Management Order for the Insurance Umbrella no later than May 28, 2008, which Case Management Order would set out certain procedures to encourage and obtain settlements in the pending cases with the understanding that, absent such settlement, the Court intends at the appropriate time to sever the cases for random re-allotment. Republic submits that this is not the appropriate time to sever the instant matter. The parties are actively involved in settlement negotiations and are working toward resolution of this matter. Accordingly, it is appropriate at this time to allow this matter to

remain as part of the Insurance Umbrella and allow it to be severed in accordance with the April 21, 2008 Minute Entry (Rec. Doc. 12632) and at such later date as this Honorable Court deems fit should this matter not be resolved.

## **CONCLUSION**

Considering the above, defendant, Republic Fire And Casualty Insurance Company, respectfully requests that this Honorable Court deny plaintiff's *Motion to De-Consolidate and Transfer Proceedings to Originally Allotted Division of Court.*

Respectfully submitted,

**LARZELERE PICOU WELLS
 SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:   (504) 834-6500
Fax:   (504) 834-6565

BY:   */s/ Angie Arceneaux Akers*
**JAY M. LONERO, T.A. (No. 20642)**
   jlonero@lpwsl.com
**CHRISTOPHER R. PENNISON (No. 22584)**
   cpennison@lpwsl.com
**ANGIE ARCENEAUX AKERS (No. 26786)**
   aakers@lpwsl.com

**ATTORNEYS FOR REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

/s/ *Angie Arceneaux Akers*