MINUTE ENTRY
WILKINSON, M.J.
OCTOBER 17, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES               CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, <u>Flowers</u>, 06-9246        JUDGE DUVAL
MAG. WILKINSON

## <u>SCHEDULING ORDER</u>

A preliminary conference was conducted in the referenced case, <u>Flowers By My</u>

<u>Sister and Me, LLC v. Zurich American Insurance Company et al.</u>, C.A. No. 06-9246 c/w

05-4182, on October 17, 2007, before the undersigned magistrate judge. Participating

were: Joseph Rausch, representing plaintiff; Matthew Lindsay, representing defendant.

The purpose of the conference was to craft a schedule concerning the individual

issues in the referenced <u>Flowers</u> case, which were bifurcated and referred to me by the

presiding district judge. Record Doc. No. 8055. The conference was conducted pursuant

to Paragraph VII of Case Management Order No. 4 ("CMO No. 4") allowing non-class

action cases asserting claims involving individual adjusting and coverage issues,

> MJSTAR:  0:30



including liability and damages but not including "common liability issues" as described in CMO No. 4, to proceed separately toward resolution.

Settlement possibilities were discussed. It appears that the case is not currently in a posture to settle. Accordingly, the schedule set out herein will be imposed pursuant to Fed. R. Civ. P. 16. The dates and deadlines established in this scheduling order apply only to the individual Flowers issues.

Pleadings have been completed. Jurisdiction and venue are established.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **March 19, 2008**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the court.

No further Rule 26(a)(1) disclosures will be required in this case.

Depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**.

The previously fixed deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims has lapsed. No further amendments will be allowed, absent a showing of good cause.

- 2 -

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **January 4, 2008**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **February 1, 2008**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than **February 1, 2008**.

The court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A settlement conference is hereby scheduled before the Magistrate Judge **on March 11, 2008 at 3:00 p.m.** The individualized issues in the Flowers case do not involve extensive documentary evidence, depositions or other discovery. No special

discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

**The Final Pretrial Conference will be held on March 26, 2008, at 2:30 p.m. before the Magistrate Judge**. Counsel will be prepared in accordance with the final Pretrial Notice attached. At this pretrial conference, a date for trial in **April 2008** may be assigned. Counsel are directed to reserve time on their calendars appropriately.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Continuances will not normally be granted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

- 4 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: | SECTION "K" (2) |
| *Flowers by My Sister and Me* C.A. NO. 06-9246 | |

and

| | |
|---|---|
| FLOWERS BY MY SISTER & ME, LLC | CIVIL ACTION |
| VERSUS | NO. 06-9246 |
| ZURICH AMERICAN INS. CO., ET AL. | SECTION "K" (2) |

## FIRST SET OF INTERROGATORIES

TO:    Zurich American Insurance Company
       through their attorney of record:
       Richard E. King, Esq.
       Galloway, Johnson, Tompkins, Burr & Smith
       One Shell Square
       701 Poydras Street, 40th Fl.
       New Orleans, Louisiana 70139

These *Interrogatories* and *Requests for Production of Documents*, through undersigned

counsel, comes, Plaintiff, Flowers by My Sister and Me, who propounds the following

interrogatories to defendant, Zurich American Insurance Company, to be answered in writing,

1



EXHIBIT
*B*

under oath, Pursuant to the provisions of Rule 33, of the Federal Rules of Civil Procedure, to be provided within the delays provided by law. These *Interrogatories* and *Request for Production of Documents* are specifically deemed to be continuing and the answers and responses thereto shall be supplemented without the necessity of propounding additional *Interrogatories* and *Request for Production of Documents* at any time additional information may be obtained after the responses are filed to these *Interrogatories* and *Request for Production of Documents*.

## PREFACE

Please note throughout these *Interrogatories* the term "THE STRUCTURE" means the structures and improvements which plaintiff alleges was insured under policy of insurer here issued by *Zurich American Insurance Company*. Any reference to "claim" shall mean the insurance claims subject of this litigation, number as given by defendant.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the full names, address, job title and present employer of each person answering and assisting in answering these interrogatories on behalf of defendant.

### INTERROGATORY NO. 2:

Please state the name, address and telephone number of each person, including experts, known by the defendant and/or defendant's attorney who claims to have personal knowledge and information regarding the cause of any damages sustained to THE STRUCTURES on or after August 29, 2005.

**INTERROGATORY NO. 3:**

Please state the name and address of each expert consulted in reaching any decision regarding any payment under the insurance coverage subject to this litigation for any damages sustained to THE STRUCTURES on or after August 29, 2005.

**INTERROGATORY NO. 4:**

Have you conducted any test, experiment or recreation of the event regarding the damages sustained in Hurricane Katrina, which you will attempt to introduce into evidence at the trial of this matter?

**INTERROGATORY NO. 5:**

State specifically what information was furnished by each expert or consultant regarding the adjustment of Plaintiff's claim, together with any publications or documents upon which those persons relied to adjust Plaintiff's claim.

**INTERROGATORY NO. 6:**

Please state when you began a loss adjustment as to Plaintiff's claim.

**INTERROGATORY NO. 7:**

Please state the date:

a.   Defendant made contact with Plaintiff regarding an inspection of THE STRUCTURE.

b.   Defendant examined THE STRUCTURE.

c.   Defendant made any payments to Plaintiff for the damages to THE STRUCTURE, as well as the amounts of those payments.

**INTERROGATORY NO. 8:**

Please state how you came to the conclusion that Plaintiff's damages were the amounts

3

that have been paid thus far.

**INTERROGATORY NO. 9:**

Please identify all other claims which have been made against you in the Parish of Orleans, State of Louisiana, arising out of damages claimed to be the result of the winds, storms, rains, tidal surge or wave action in Orleans Parish, Louisiana. As to each claim, identify the claimant, the claimant's address, the claimant's telephone number and whether said claim was paid or denied.

**INTERROGATORY NO. 10:**

Do you claim that any representatives, employees, adjusters, third-party administrators, contractors, engineers, and/or estimators of the insured's property damages performed an inspection(s) at your request, but failed to submit same to you? If so, state the following:

    a)    Name, employer, last known address, social security number, telephone (business, home and cell) of such person;

    b)    Date of assignment for inspection;

    c)    Date of inspection;

    d)    Your understanding of what happened to such person and/or his or her report.

**INTERROGATORY NO. 11:**

Have any representatives, employees, adjusters, third-party administrators, contractors, engineers, and/or estimators of the insured's property damages rendered a report(s) which you rejected? If so, state the following:

    a)    Name, employer, last known address, social security number, telephone (business, home and cell) of such person;

    b)    Date of assignment for inspection;

c)  Date of inspection;

d)  Your understanding of what happened to such person and/or his or her report;

e)  All reasons for your rejection of such report(s)

f)  Please produce the reports(s)

g)  State whether you transmitted such report(s) by U.S. Mail to anyone, and if so, the identity of all recipients of said report;

h)  State whether you transmitted such report(s) by any electronic means, and if so, the identity of all recipients of said report.

## INTERROGATORY NO. 12:

Identify all insurance carriers, including excess carriers and reinsurers, who have had anything to do with this claim either directly or indirectly.

## INTERROGATORY NO. 13:

Identify all insurance agents, adjusters, third-party administrators, who have had anything to do with this claim, either directly or indirectly.

## INTERROGATORY NO. 14:

Identify all attorneys who have had anything to do with this claim, either directly or indirectly.

## INTERROGATORY NO. 15:

State the amount of any reserve established with regard to this claim by any insurance carrier who has had anything to do with this claim, either directly or indirectly.

## INTERROGATORY NO. 16:

Identify all insuring agreements, including reinsurance contracts or treaties, which may relate to this claim either directly or indirectly.

5

**INTERROGATORY NO. 17:**

Identify all payments that have been made by any reinsurer that relates to this claim either directly or indirectly.

**INTERROGATORY NO. 18:**

Identify any and all instructions, whether written or oral, given to independent adjusting firms relative to the adjustment of this and any other claim.

**INTERROGATORY NO. 19:**

Identify the cause(s) of loss to Plaintiff's property, as you understand it.

**INTERROGATORY NO. 20:**

Identify any and all exclusions you believe apply to Plaintiff's claim.

**INTERROGATORY NO. 21:**

Identify any and all portions of Plaintiff's claim you believe are covered by the policy issued by you, including the specific amount of coverage for each.

**INTERROGATORY NO. 22:**

Indicate whether or not you have paid Plaintiffs for the portion(s) of their claim you believe are covered by your policy, as set forth in your response to Interrogatory No. 21.

**INTERROGATORY NO. 23:**

Identify any information, other than the report(s) from your adjuster(s) on which you relied to evaluate this claim.

6

Respectfully Submitted:

JIM S. HALL & ASSOCIATES, LLC

JOSEPH W. RAUSCH (#11394)
JIM S. HALL (#21644)
1100 N. Causeway Blvd., #B
Metairie, LA 70001
Telephone: 504-832-3000

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___ day of April , 2008, served a copy of the foregoing pleadings on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

JOSEPH W. RAUSCH

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES

PERTAINS TO:
*Flowers by My Sister and Me C.A. NO. 06-9246*

CIVIL ACTION

NO. 05-4182

SECTION "K" (2)

and

FLOWERS BY MY SISTER & ME, LLC

VERSUS

ZURICH AMERICAN INS. CO., ET AL.

CIVIL ACTION

NO. 06-9246

SECTION "K" (2)

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Zurich American Insurance Company
      through their attorney of record:
      Richard E. King, Esq.
      Galloway, Johnson, Tompkins, Burr & Smith
      One Shell Square
      701 Poydras Street, 40th Fl.
      New Orleans, Louisiana 70139

          Pursuant to the provisions of Rule 34, of the Federal Rules of Civil Procedure, Plaintiff,

Flowers by My Sister and Me, through the undersigned counsel, propound the following

Request(s) for Production of Documents to defendant, Zurich American Insurance Company,

through their attorney of records, to be provided within the delays provided by law.

## INSTRUCTIONS:

Each request for a Document or Documents should be considered as including all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other ( e.g., by reason of difference in form or content or by reasons of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

If any Request is objected to by You as inquiring into privileged matter, set forth fully in Your objection the facts upon which you rely as the basis for Your objections.

For each Document produced in response hereof, You should so itemize and specifically identify by Bates number the Document(s) responsive to each Request.

## REQUEST NO. 1:

The Underlying claim file, including all documents regarding and/or related to the processing, payment and/or denial of the claim.

## REQUEST NO. 2:

Any and all claims handling manuals or guidelines, including additions, deletions and other revisions from previous versions and any other materials used to train claims handlers for use in handling claims following Hurricane Katrina.

## REQUEST NO. 3:

Any investigative reports, including any videos and photos, not included in the claim file.

## REQUEST NO. 4:

Any and all information regarding loss reserves, including but not limited to letters, charts, tables, e-mails, and memoranda.

**REQUEST NO. 5:**

      Any and all expert or engineering reports obtained, including but not limited to building, mechanical, technical, and construction reports, both used and unused, in determining coverage for the subject loss, or any issue of damage claimed herein.

**REQUEST NO. 6:**

      Copies of all checks issued for expert reports both used and unused by the insurance company in determining coverage and/or premium setting, or any issue of damage claimed herein.

**REQUEST NO. 7:**

      Any agreement, treaty or insurance protocol by which any reinsurers, co-insurers or any other entity has been, or may be, responsible for all, or part of, the claim made in this case.

**REQUEST  NO. 8:**

      All indemnity or insurance agreement(s) under which any person or entity may be liable to satisfy part or all of a judgement rendered in this action or to indemnify or reimburse anyone for payments made to satisfy a judgement in this case.

**REQUEST NO 9:**

      The daily claim reports that shows the highest and lowest reserve set for this claim.

**REQUEST NO 10:**

      All documents setting reserves in this case.

**REQUEST NO. 11:**

      All insurance policies which may be applicable to this lawsuit.

**REQUEST NO. 12:**

      All adjustments documents, including but not limited to any underwriting information or

documents and any information on documents reflecting a wind versus flood percentage if relied upon by the insurer in adjusting this claim.

**REQUEST NO. 13:**

Copies of each and every exhibit you will or may attempt to offer or use as real or demonstrative evidence at trial.

**REQUEST NO. 14:**

All documents, writings, manuals, guidelines, instructions and any other material including the name, date of issuance, version, latest update prior to adjusting of the damage calculation/estimate computer software used in the handling of this claim.

**REQUEST NO. 15:**

The underwriting files, including any and all underwriting manuals or guidelines regarding and/or including premium setting information, including but not limited to the policy, application, amendments, letters, and memoranda.

**REQUEST NO. 16:**

Personnel files of employees involved in premium or rate setting and processing, payment, or denial of claims, including but not limited to information on training, merit-based promotions or demotions, and reprimands.

**REQUEST NO. 17:**

Marketing materials and advertisements concerning the coverage purchased including materials provided by you to agents or brokers.

**REQUEST NO 18:**

All adjuster reports obtained, including but not limited to drafts and notes, or other

documents evidencing any information relied upon in the adjustment of Plaintiffs' claim, including

but not limited to any underwriting information or documents and any information or documents

reflecting a wind versus flood percentage if relied upon by the insurer in adjusting this claim,

determining coverage for the subject loss or any issue of damage claimed herein.

**REQUEST NO: 19:**

Any adjusting reports or documents in your possession concluding a peril other water,

flood, or storm surge was the cause of loss to property covered by you within a 1-mile radius of

Plaintiff's property.

**REQUEST NO. 20:**

All internal documents relating to procedures for handling claims and underwriting
policies.

**REQUEST NO. 21:**

Any documents or reports in your possession relating to La. R.S. 22:695, the valued policy

law, including its interpretation, application, and affect on your policies.

"Document" means any papers, writings, electronic medium or records of any

type or source of authorship, in Your possession, custody or control, wherever located,

however produced or reproduced, or whether a draft, an original or a copy. By way of

illustration and not limitation, the term "documents" shall include memoranda of

telephone conversations, summaries, diaries or other records of personal conversations, or

interviews, and minutes, summaries or other records of any meetings, discussions or conferences,

as well as all other notes, reports, records of any meetings, discussions or conferences, as well as all

other notes, reports, records, data memoranda, correspondence, notebooks, scrapbooks, diaries,

-5-

telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications,

graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records, e-

mails, photographs, photograph negatives, photocopies, photostats, descriptions, purchase orders,

agreements, contracts, invoices, bills of lading, published speeches, manuscripts or articles,

transcripts, affidavits, depositions, printed matter, publications and any other retrievable

intelligence, however recorded, memorialized or preserved, photomicrographs, microfilm, medical

and hospital records and reports, x-ray photographs, MRI films, slides, drafts, advertisement,

catalogs, paper indices, tapes, discs, data sheets or data processing material, or any handwritten,

recorded, transcribed, punches, taped, filmed or graphic matter, however produced or reproduced,

in Your possession, custody or control or to which You had or have had access, Any original or

copy containing thereon or having attached thereto any alterations, notes, comments or other

material not included in each other original or copy, shall be deemed a separate document within

the foregoing definition.

Respectfully Submitted:

JIM S. HALL & ASSOCIATES, LLC

JOSEPH W. RAUSCH (#11394)
JIM S. HALL (#21644)
800 N. Causeway Blvd., #100
Metairie, LA 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799

-5-

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ____ day of April , 2008, served a copy of the

foregoing pleadings on counsel for all parties to this proceeding, by mailing the same by United

States mail, properly addressed, and first class postage prepaid.

JOSEPH W. RAUSCH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES     *     CIVIL ACTION NO.: 05-4182
CONSOLIDATED LITIGATION       *
                                      *     SECTION: K
                                      *
                                      *     MAGISTRATE: 2
PERTAINS TO:                  *
INSURANCE (#06-9246)        *
                                      *
FLOWERS BY MY SISTER & ME, LLC  *
                                      *
VERSUS                        *
                                      *
ZURICH AMERICAN INSURANCE    *
COMPANY AND/OR MARYLAND       *
CASUALTY COMPANY           *
                                      *
*     *     *     *     *     *     *     *

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
## PLAINTIFF'S EXPERT REPORTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Maryland

Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland

Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or

"MCC"), who, pursuant to Fed. Rules of Evidence Rules 401 – 403 and the provisions of this

Court's Scheduling Order, moves for this Honorable Court to strike plaintiff's expert reports

1



from being identified, offered, introduced, or filed into evidence at the trial of this matter, as more fully set forth in the attached Memorandum in Support.

**WHEREFORE,** Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company), prays for an Order by this Honorable Court granting its Motion in Limine to Exclude Plaintiff's Expert Reports.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)
DAVID M. MORAGAS (#29633)
MATTHEW J. LINDSAY (#30599)
GALLOWAY, JOHNSON, TOMPKINS,
    BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

***Counsel for Defendant,
Maryland Casualty Company
(erroneously sued as Zurich American Insurance
Company and/or Maryland Casualty Company)***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of February, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 |
| | * | SECTION: K |
| _____ | * | MAGISTRATE: 2 |
| PERTAINS TO: INSURANCE (#06-9246) | * * * | |
| FLOWERS BY MY SISTER & ME, LLC | * * | |
| VERSUS | * * | |
| ZURICH AMERICAN INSURANCE COMPANY AND/OR MARYLAND CASUALTY COMPANY | * * * * | |
| *      *      *      *      *      *      * | * | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT REPORTS

MAY IT PLEASE THE COURT:

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or "MCC"), submits this memorandum in support of its Motion in Limine to Exclude Plaintiff's Expert Reports.

## I.   FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit on August 25, 2006, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Subsequently, defendant filed a Notice of Removal on October 31, 2006, based on diversity jurisdiction. Plaintiff's primary claims against defendant concerns whether the damage sustained at 1002 West Judge Perez Drive, Chalmette,

1

Louisiana ("the Property") was caused by rising flood water/tidal surge occurring on or about August 29, 2005, and accordingly, whether said damage is excluded under the policy issued by defendant.

Plaintiff alleges that its property suffered substantial damage caused by wind and water inundation due to the levee breaches, which is specifically excluded in Precision Portfolio Policy No. PAS 00094807, effective November 1, 2004, until cancelled/non-renewed (the "Policy"), issued by Maryland Casualty Company.  In support of its allegations, plaintiff has offered no expert reports to date, despite written discovery requests therefore from MCC.  (See Exhibit A). In fact, plaintiff has not even disclosed the names of any experts it has retained in this matter, much less an actual expert report.

According to this Court's Scheduling Order, dated October 17, 2007, written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for plaintiff were to be obtained and delivered to counsel for defendant **no later than January 4, 2008**.  To date, however, plaintiff has not delivered its expert reports to counsel for MCC, nor has it provided any explanation for the delay in the delivery of the same.

## II.    LAW AND ARGUMENT

Maryland Casualty Company moves pursuant to Fed. Rules of Evidence Rules 401-403 and the terms of this Court's Scheduling Order for an Order by this Honorable Court prohibiting from introduction into evidence at the trial of this matter any reports or testimony provided by any purported expert retained by plaintiff.  The pertinent evidentiary rules are as follows:

> **Fed. Rule Evidence Rule 401**
> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence.

2

**Fed. Rule Evidence Rule 402**
All relevant evidence is admissible, except as otherwise provided
by ... these rules...Evidence which is not relevant is not
admissible.

**Fed. Rule Evidence Rule 403**
Although relevant, evidence may be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by
considerations of undue delay, waste of time, or needless
presentation of cumulative evidence.

This Court's Scheduling Order mandated that the plaintiff *shall* deliver all written reports of

experts to counsel for MCC no later than January 4, 2008. (See Exhibit B). The Order further

provides that the Court will not permit any witness, expert or fact, to testify or any exhibits to be

used unless there has been compliance with the Scheduling Order as it pertains to the witness

and/or exhibits.

Inasmuch as plaintiff failed to produce any expert reports indicating that damage to

plaintiff's property was caused by an event covered under the Policy issued by MCC, MCC avers

that it will suffer unfair prejudice within the meaning of Rule of Evidence 403 if plaintiff is

permitted to introduce such evidence at the trial of this matter. Plaintiff allowed the deadline to

exchange expert reports to pass without providing the undersigned with any expert reports

indicating any causal relationship between a covered event and plaintiff's alleged damages, or

the name of any experts who might create such reports. Thus, MCC will suffer unfair prejudice

if plaintiff is permitted to introduce such evidence for the first time at this point in the litigation.

MCC will be unable to prepare a defense in regard to plaintiff's unsupported claims.

Such tactics instituted by plaintiff are clearly in violation of MCC's fundamental right of

due process. For these reasons, MCC strongly contends that this Court should enter an order

3

prohibiting plaintiff from entering into evidence any reports or testimony provided by any purported expert at trial of this matter.

## III.   CONCLUSION

For the reasons set forth above, MCC prays for an order by this Honorable Court granting MCC's Motion in Limine to Exclude Expert Reports and testimony related thereto. Plaintiff has blatantly failed to timely submit its expert reports, despite a clear obligation to do so under the Court's Scheduling Order.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of February, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION NO.: 05-4182 <br><br> SECTION: K |
| | * | MAGISTRATE: 2 |
| PERTAINS TO:<br>INSURANCE (#06-9246) | * <br> * <br> * | |
| FLOWERS BY MY SISTER & ME, LLC | * <br> * | |
| VERSUS | * <br> * | |
| ZURICH AMERICAN INSURANCE<br>COMPANY AND/OR MARYLAND<br>CASUALTY COMPANY | * <br> * <br> * <br> * | |
| *    *    *    *    *    *    * | * | |

ORDER

Considering the foregoing Motion in Limine to Exclude Plaintiff's Expert Reports:

**IT IS HEREBY ORDERED** that plaintiff is prohibited from entering into evidence any

reports or testimony provided by any purported expert at trial of this matter.

**NEW ORLEANS**, Louisiana, this ___ day of _____, 2008.

_____

**J U D G E**

*Exhibit "A"*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLOWERS BY MY SISTER & ME, LLC * | CIVIL ACTION NO.: 06-9246 |
| * | |
| VERSUS * | SECTION: J |
| * | |
| ZURICH AMERICAN INSURANCE * | MAGISTRATE: 4 |
| COMPANY AND/OR MARYLAND * | |
| CASUALTY COMPANY * | |
| * | |

\*     \*     \*     \*     \*     \*     \*

## INTERROGATORIES

TO:   **FLOWERS BY MY SISTER & ME, LLC**
      through its attorney of record,
      **JIM S. HALL, ESQ.**
      800 N. Causeway Blvd., Suite 100
      Metairie, Louisiana  70001

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to as "MCC"), hereby requests that plaintiff, Flowers By My Sister & Me, LLC (hereinafter referred to as "Plaintiff"), answer fully, in writing and under oath, each of the following Interrogatories in accordance with the Federal Rules of Civil Procedure. These Interrogatories are continuing in character and require you to file supplemental answers if you obtain further or different

information after your initial answers and before trial. Include in your supplemental answers the

date and manner such further information came to your attention.

The following definitions apply and should be considered when responding to these

Interrogatories:

## I. DEFINITIONS

1.    **"Relating"** shall mean in whole or in part and directly or indirectly referring to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

2.    **"You or your"** shall mean Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents, and affiliates.

3.    **"Repairs"** shall mean any and all repairs and/or renovations, and the reasons for said repairs and/or renovations, performed on the property forming the basis of the instant litigation from August 29, 2005, through present.

4.    **"Documents"** means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions analyses, notes, records of contract, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, films, E-mail, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegraphs, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, drafts or any of the foregoing. Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents. In addition, **documents** includes every original or copy which is in your possession, care, custody or control and every original or copy to which you have access or the right to possession.

6.    **"And"** as well as **"or"** should be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

2

7.    If any document identified has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents which relate to the circumstances and/or the reasons for such destruction.

8.    **"Problems"** shall mean difficulties during repair, including but not limited to field conditions which were not in conformity with the contract documents, labor problems, communication issues, weather events, and/or any other circumstances which may have affected repairs or caused additional damage.

9.    **"Remediation"** shall mean the process by which the presence of any and all moisture and any alleged resulting fungal development was addressed by Flowers By My Sister & Me, LLC, at the property forming the basis of the instant litigation, including but not limited to, any and all work performed by consultants, contractors, and/or subcontractors.

10.    **"Business Interruption"** shall mean temporary lost profits, which shall mean revenues a plaintiff would have received but for a defendant's wrongful acts, less any costs that would have been incurred in obtaining those revenues.

11.    **"Building"** shall mean the building that forms the basis of the instant litigation, namely: 1002 West Judge Perez Drive, Chalmette, Louisiana.

12.    **"Plaintiff"** refers to Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents and affiliates.

13.    **"MCC"** refers to Maryland Casualty Company, its subsidiaries, entities under its control, its agents, and affiliates.

**INTERROGATORY NO. 1:**

Please state the name and address of the person or persons responding to these Interrogatories.

**INTERROGATORY NO. 2:**

Please identify all persons and documents known to Plaintiffs who may have knowledge concerning the allegations of this lawsuit, listing their names, home and business addresses, telephone numbers and the facts known by each person.

3

**INTERROGATORY NO. 3:**

As to each expert you have retained in this matter, please list the following:

a.   Name, home and business address, and telephone number;

b.   The expert's alleged area of expertise;

c.   State the subject matter on which each expert is expected to testify;

d.   State the substance of the facts to which the expert is expected to testify;

e.   State the substance of the opinions to which the expert is expected to testify; and

f.   List all documents, evidence, books, and treaties reviewed and/or relied on by the expert in formulating his/her opinion.

**INTERROGATORY NO. 4:**

Please give a detailed list and identify any and all exhibits, documentation, or illustrations that will be used by you at any hearing and/or trial of this matter.

**INTERROGATORY NO. 5:**

State all facts and reasoning and identify all witnesses and documents which support your allegation that MCC is liable under Louisiana Revised Statute 22:658 and/or 22:1220.

**INTERROGATORY NO. 6:**

Please identify all witnesses that will be called by you at any hearing and/or at the trial on the merits of this matter, including such witnesses' names, home and business addresses, telephone numbers, and the expected facts to be testified by each witness.

**INTERROGATORY NO. 7:**

Please describe the date, time, and manner of Plaintiff's demands for payment to MCC for the alleged damages that form the basis of the instant suit.

4

**INTERROGATORY NO. 8:**

State whether or not Plaintiff was/is involved in any other litigation, either prior to and/or subsequent to the instant lawsuit. If so, please state the court in which each suit was filed, names of the parties involved in each lawsuit, docket numbers, and the disposition of each such lawsuit.

**INTERROGATORY NO. 9:**

Please provide a complete explanation and description of any sub-contracting agreements between Plaintiff and any contractors, sub-contractors, architects, engineers, and/or design professionals, including, but not limited to, architects and/or engineers, in relation to any Repairs made to the Building.

**INTERROGATORY NO. 10:**

Please provide a complete explanation of any and all work performed by Architects and/or Engineers after Hurricanes Katrina and/or Rita to the Building, including, but not limited to:

  a.  The name, address, telephone number, and qualification of the persons who completed the Repairs; and

  b.  The nature and details of the work.

**INTERROGATORY NO. 11:**

Please provide a complete explanation of the manner in which Repairs were made to the Building, including:

  a.  The name, address, telephone number, and qualification of the person who completed the Repairs;

  b.  The nature and details of the Repairs; and

5

c.    All factors relating to problems noted with respect to whether the Repairs were reasonable or not and the manner in which the need for those Repairs came to the attention of Plaintiff.

**INTERROGATORY NO. 12:**

Please provide a complete explanation of the individuals employed by Plaintiff or who were involved in any Repairs to the Building in question, including:

a.    The name, address, telephone number, and qualification of the persons who performed the Repairs; and

b.    Their job title and responsibilities.

**INTERROGATORY NO. 13:**

Please provide a complete listing (including title, court docket, number of parties and attorneys) of all lawsuits, mediations, arbitrations, and/or insurance claims in which a claim has been submitted by or against Plaintiff, or its owners or managers, for any damages as a result of damages resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 14:**

Please provide a complete description of the damages allegedly sustained by Plaintiff as a result of business interruption, loss of contents, and/or loss of income and profits resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 15:**

Please describe in detail all calculations of the value of business interruption, loss of contents, and/or loss of income and profits allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

6

**INTERROGATORY NO. 16:**

Please provide a complete description of the property damages, including repair and remediation expenses, allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 17:**

Please describe in detail all calculations of the value of property damages, including repair and remediation expenses, allegedly sustained by Plaintiff resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 18:**

Please provide a complete description of the damages allegedly sustained by Plaintiff as a result of emotional distress resulting from Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 19:**

Please provide a complete explanation of any and all managerial or financial reports for Plaintiff.

**INTERROGATORY NO. 20:**

Please provide a complete explanation of any amount, basis, and support for claims, including, but not limited to, flood claims, made in the petition filed in this litigation matter.

**INTERROGATORY NO. 21:**

Please provide a complete description of the efforts by Plaintiff to properly supervise the work of its employees, consultants, contractors, or subcontractors.

**INTERROGATORY NO. 22:**

Please provide a complete explanation of the basis of any allegation that any alleged damages were **not** due to flood, but rather were the result of wind and/or any covered cause of loss

7

under the policy related to Hurricanes Katrina and/or Rita, including, but not limited to, the cause of damage for each item of damage listed.

**INTERROGATORY NO. 23:**

Please provide a complete explanation of any and all measures taken by Plaintiff to mitigate its damages.

**INTERROGATORY NO. 24:**

Please provide a complete description of any amounts paid by any insurers to Plaintiff as a result of any damages allegedly sustained as a result of Hurricanes Katrina and/or Rita.

**INTERROGATORY NO. 25:**

Please provide an explanation of the terms of any and all lease agreements relating to the lease of the Building to Plaintiff, including, but not limited to, rental amount and duration of lease.

Respectfully submitted,

**RICHARD E. KING (#25128)**
**MATTHEW J. LINDSAY (#30599)**
**CHERRELL R. SIMMS (#28227)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

8

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel of record for plaintiffs, Jim S. Hall, 800 North Causeway Boulevard, Suite #100, Metairie, Louisiana 70001, in conformity with 28 U.S.C. § 1446(d), by depositing same in the United States Mail, properly addressed and postage prepaid, this 12th day of February, 2007.

_____
**MATTHEW J. LINDSAY**

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FLOWERS BY MY SISTER & ME, LLC   &ast;     CIVIL ACTION NO.: 06-9246

                             &ast;

**VERSUS**                    &ast;     SECTION: J

                             &ast;

**ZURICH AMERICAN INSURANCE**   &ast;     MAGISTRATE: 4

**COMPANY AND/OR MARYLAND**    &ast;

**CASUALTY COMPANY**           &ast;

                             &ast;

&ast;     &ast;     &ast;     &ast;     &ast;     &ast;     &ast;

## REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:**   **FLOWERS BY MY SISTER & ME, LLC**
       through its attorney of record,
       **JIM S. HALL, ESQ.**
       800 N. Causeway Blvd., Suite 100
       Metairie, LA 70001

     Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to as "MCC"), hereby requests that plaintiff, Flowers By My Sister & Me, LLC (hereinafter referred to as "Plaintiff"), and/or its attorney of record, produce for inspection and/or copying the following writings, things, or documents within their possession, custody, or control, within the delays allowed by law in accordance with the Federal Rules of Civil Procedure. These requests are

continuing in character and require you to file supplemental answers if you obtain further or different documents or information at any time after your initial responses and before trial. Include in your supplemental responses the date and manner such additional writings, things, or documents came to your attention.

The following definitions apply and should be considered when responding to this Request for Production of Documents:

## I. DEFINITIONS

1. **"Relating"** shall mean in whole or in part and directly or indirectly referring to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

2. **"You or your"** shall mean Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents, and affiliates.

3. **"Repairs"** shall mean any and all repairs and/or renovations, and the reasons for said repairs and/or renovations, performed on the property forming the basis of the instant litigation from August 29, 2005, through present.

4. **"Documents"** means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions analyses, notes, records of contract, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, films, E-mail, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegraphs, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, drafts or any of the foregoing. Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents. In addition, **documents** includes every original or copy which is in your possession, care, custody or control and every original or copy to which you have access or the right to possession.

2

6.    **"And"** as well as **"or"** should be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

7.    If any document identified has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents which relate to the circumstances and/or the reasons for such destruction.

8.    **"Problems"** shall mean difficulties during repair, including but not limited to field conditions which were not in conformity with the contract documents, labor problems, communication issues, weather events, and/or any other circumstances which may have affected repairs or caused additional damage.

9.    **"Remediation"** shall mean the process by which the presence of any and all moisture and any alleged resulting fungal development was addressed by Flowers By My Sister & Me, LLC, at the property forming the basis of the instant litigation, including but not limited to, any and all work performed by consultants, contractors, and/or subcontractors.

10.   **"Business Interruption"** shall mean temporary lost profits, which shall mean revenues a plaintiff would have received but for a defendant's wrongful acts, less any costs that would have been incurred in obtaining those revenues.

11.   **"Building"** shall mean the building that forms the basis of the instant litigation, namely: 1002 West Judge Perez Drive, Chalmette, Louisiana.

12.   **"Plaintiff"** refers to Flowers By My Sister & Me, LLC, its subsidiaries, entities under its control, its agents and affiliates.

13.   **"MCC"** refers to Maryland Casualty Company, its subsidiaries, entities under its control, its agents, and affiliates.

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents identified in response to the Interrogatories propounded by

MCC.

## REQUEST FOR PRODUCTION NO. 2:

Please produce all documents referred to by you in preparing your Answers to

Interrogatories propounded by MCC.

## REQUEST FOR PRODUCTION NO. 3:

Please produce every report prepared by each expert that you have retained in this matter.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all item(s) that you intend to introduce as an exhibit(s) at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all statements given by any parties or witnesses in these proceedings.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide any and all Documents Relating to the corporate structure of Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide any and all Documents Relating to the departmental structure of Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide any and all Documents Relating to the job descriptions of all employees of Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

Please provide any and all Documents Relating to the ownership of Plaintiff.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide any and all Documents Relating to the individuals either employed by Plaintiff or who were involved in any Repairs to the Building in question, including:

    a.    The name, address, telephone number, and qualification of the persons who performed the Repairs; and

    b.    Their job title and responsibilities.

4

**REQUEST FOR PRODUCTION NO. 11:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in paying the claims made by Plaintiff that form the basis of the instant litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in the rendition of its professional services to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**

Please provide any and all Documents Relating to the basis of any allegations that MCC, or any employee or representative of MCC, acted in bad faith in any way pertaining to any services to Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all Documents Relating to the basis of any allegation that any alleged damages were **not** due to flood, but rather were the result of wind and/or any covered cause of loss under the policy related to Hurricanes Katrina and/or Rita, including but not limited to the cause of damage for each item of damage listed.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide any and all Documents Relating to each element of damages claimed by Plaintiff in this lawsuit, the total amount of each element of damages claimed, the amount of each element of damages Plaintiff asserts is caused by some action or inaction of MCC, the manner in which same have been computed, and the name, address, and qualifications of any person who has assisted in the computation of those damages.

5

**REQUEST FOR PRODUCTION NO. 16:**

Please provide any and all Documents Relating to the basis of all allegations in your Petition for Damages that MCC is liable to Plaintiff for the damages asserted together with penalties pursuant to La. R.S. 22:658 and 22:1220.

**REQUEST FOR PRODUCTION NO. 17:**

Please provide any and all Documents Relating to any and all lawsuits, mediations, arbitrations, and/or insurance claims, including but not limited to claims Relating to flood, in which a claim has been submitted by or against Plaintiff, or its owners or managers, for any damages as a result of Hurricanes Katrina and/or Rita.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide any and all Documents Relating to the damages allegedly sustained by Plaintiff as a result of business interruption, loss of contents, and/or loss of income and profits.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide any and all Documents Relating to the property damages, including repair and remediation expenses, allegedly sustained by Plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

Please provide any and all Documents Relating to the damages allegedly sustained by Plaintiff as a result of emotional distress.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide any and all Documents Relating to any and all managerial or financial reports for Plaintiff.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide any and all Documents Relating to any and all Financial Statements for

Plaintiff.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide any and all Documents Relating to any and all general ledgers and trial

balances for Plaintiff, including said ledgers and trial balances.

**REQUEST FOR PRODUCTION NO. 24:**

Please provide any and all Documents Relating to any and all detail of expenses including,

but not limited to the following:

      a.      Direct labor;

      b.      Payroll related taxes and benefits costs;

      c.      Utilities;

      d.      Property taxes;

      e.      Insurance costs; and

      f.      Other expenses

**REQUEST FOR PRODUCTION NO. 25:**

Please provide any and all Documents Relating to any and all Louisiana State Income tax

returns for 1997-2006.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide any and all Documents Relating to any and all St. Bernard Parish sales tax

returns for 1997-2006.

7

**REQUEST FOR PRODUCTION NO. 27:**

Please provide any and all Documents Relating to any amount, basis, and support for claim made in the petition filed in this litigation matter.

**REQUEST FOR PRODUCTION NO. 28:**

Please provide any and all Documents Relating to the adjustment and/or payment of any flood claims made by Plaintiff as a result of Hurricane Katrina and/or Rita.

Please provide any and all Documents Relating to any and all lease agreements relating to the lease of the Building to Plaintiff, including, but not limited to, said leases and the amount of rent paid and duration for said leases.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents which support any claims for damages Plaintiff may have and may assert in the future.

Respectfully submitted,

RICHARD E. KING (#25128)
MATTHEW J. LINDSAY (#30599)
CHERRELL R. SIMMS (#28227)
GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

8

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel of record for plaintiffs, Jim S. Hall, 800 North Causeway Boulevard, Suite #100, Metairie, Louisiana 70001, in conformity with 28 U.S.C. § 1446(d), by depositing same in the United States Mail, properly addressed and postage prepaid, this 12th day of February, 2007.

 

                                                                   MATTHEW J. LINDSAY

9

*Exhibit "B"*

MINUTE ENTRY
WILKINSON, M.J.
OCTOBER 17, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
        CONSOLIDATED LITIGATION
                                                 NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, <u>Flowers</u>, 06-9246          JUDGE DUVAL
                                                 MAG. WILKINSON

### SCHEDULING ORDER

A preliminary conference was conducted in the referenced case, <u>Flowers By My</u>

<u>Sister and Me, LLC v. Zurich American Insurance Company et al.</u>, C.A. No. 06-9246 c/w

05-4182, on October 17, 2007, before the undersigned magistrate judge.  Participating

were: Joseph Rausch, representing plaintiff; Matthew Lindsay, representing defendant.

The purpose of the conference was to craft a schedule concerning the individual

issues in the referenced <u>Flowers</u> case, which were bifurcated and referred to me by the

presiding district judge. Record Doc. No. 8055. The conference was conducted pursuant

to Paragraph VII of Case Management  Order No. 4 ("CMO No. 4") allowing non-class

action cases asserting claims involving individual adjusting and coverage issues,

MJSTAR:   0:30

including liability and damages but not including "common liability issues" as described in CMO No. 4, to proceed separately toward resolution.

Settlement possibilities were discussed.  It appears that the case is not currently in a posture to settle.  Accordingly, the schedule set out herein will be imposed pursuant to Fed. R. Civ. P. 16.  The dates and deadlines established in this scheduling order apply only to the individual <u>Flowers</u> issues.

Pleadings have been completed.  Jurisdiction and venue are established.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **March 19, 2008**.  Any motions filed in violation of this order shall be deemed waived unless good cause is shown.  All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the court.

No further Rule 26(a)(1) disclosures will be required in this case.

Depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**.

The previously fixed deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims has lapsed.  No further amendments will be allowed, absent a showing of good cause.

- 2 -

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **January 4, 2008**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **February 1, 2008**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than **February 1, 2008**.

The court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A settlement conference is hereby scheduled before the Magistrate Judge **on March 11, 2008 at 3:00 p.m.** The individualized issues in the Flowers case do not involve extensive documentary evidence, depositions or other discovery. No special

discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

**The Final Pretrial Conference will be held on March 26, 2008, at 2:30 p.m. before the Magistrate Judge.** Counsel will be prepared in accordance with the final Pretrial Notice attached. At this pretrial conference, a date for trial in **April 2008** may be assigned. Counsel are directed to reserve time on their calendars appropriately.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Continuances will not normally be granted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

- 4 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 |
| | * | SECTION: K |
| | * | MAGISTRATE: 2 |
| PERTAINS TO: INSURANCE (#06-9246) | * * * | |
| FLOWERS BY MY SISTER & ME, LLC | * * | |
| VERSUS | * * | |
| ZURICH AMERICAN INSURANCE COMPANY AND/OR MARYLAND CASUALTY COMPANY | * * * * | |

\*      \*      \*      \*      \*      \*      \*      \*

## NOTICE OF HEARING

Please take notice that the foregoing Motion in Limine to Exclude Plaintiff's Expert Report on behalf of defendant, Maryland Casualty Company, will be brought for hearing before Judge Joseph C. Wilkinson on the *12th* day of *March, 2008,* at *11:00 a.m.,* or as soon thereafter as counsel may be heard.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
*Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO.: 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **SECTION: K** |
| | * | |
| ——————————————————— | * | **MAGISTRATE: 2** |
| | * | |
| **PERTAINS TO:** | * | |
| **INSURANCE (#06-9246)** | * | |
| | * | |
| **FLOWERS BY MY SISTER & ME, LLC** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **ZURICH AMERICAN INSURANCE** | * | |
| **COMPANY AND/OR MARYLAND** | * | |
| **CASUALTY COMPANY** | * | |
| | * | |
| *    *    *    *    *    *    * | * | |

### <u>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE</u>
### <u>PLAINTIFF'S WITNESSES AND EXHIBITS</u>

**NOW INTO COURT**, through undersigned counsel, comes defendant, Maryland

Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland

Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or

"MCC"), who, pursuant to Fed. Rules of Evidence Rules 401 – 403 and the provisions of this

Court's Scheduling Order, moves for this Honorable Court to strike plaintiff's witnesses and

1



exhibits from being identified, offered, introduced, or filed into evidence at the trial of this

matter, as more fully set forth in the attached Memorandum in Support.

**WHEREFORE,** Defendant, Maryland Casualty Company (erroneously sued as Zurich

American Insurance Company and/or Maryland Casualty Company), prays for an Order by this

Honorable Court granting its Motion in Limine to Exclude Plaintiff's Witnesses and Exhibits.

Respectfully submitted,

*/s/ Richard E. King*
_____

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
        **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

***Counsel for Defendant,***
***Maryland Casualty Company***
***(erroneously sued as Zurich American Insurance***
***Company and/or Maryland Casualty Company)***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of February, 2008, undersigned electronically

filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice

of electronic filing to all counsel of record.

*/s/ Richard E. King*
_____

**RICHARD E. KING**

2

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: **KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | * <br> * <br> * <br> * | **CIVIL ACTION NO.:  05-4182** <br><br> **SECTION:  K** |
| _____ | * | **MAGISTRATE:  2** |
| **PERTAINS TO:**<br>**INSURANCE (#06-9246)** | * <br> * <br> * | |
| **FLOWERS BY MY SISTER & ME, LLC** | * <br> * | |
| **VERSUS** | * <br> * | |
| **ZURICH AMERICAN INSURANCE**<br>**COMPANY AND/OR MARYLAND**<br>**CASUALTY COMPANY** | * <br> * <br> * <br> * | |
| *        *        *        *        *        *        * | * | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES AND EXHIBITS

**MAY IT PLEASE THE COURT:**

Defendant, Maryland Casualty Company (erroneously sued as Zurich American Insurance Company and/or Maryland Casualty Company) (hereinafter referred to at times as "Maryland Casualty Company" or "MCC"), submits this memorandum in support of its Motion in Limine to Exclude Plaintiff's Witnesses and Exhibits.

### I.    FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit on August 25, 2006, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  Subsequently, defendant filed a Notice of Removal on October 31, 2006, based on diversity jurisdiction.  Plaintiff's primary claims against defendant concerns whether the damage sustained at 1002 West Judge Perez Drive, Chalmette,

Louisiana ("the Property") was caused by rising flood water/tidal surge occurring on or about August 29, 2005, and accordingly, whether said damage is excluded under the policy issued by defendant. Plaintiff alleges that its property suffered substantial damage caused by wind and water inundation due to the levee breeches, which is specifically excluded in Precision Portfolio Policy No. PAS 00094807, effective November 1, 2004, until cancelled/non-renewed (the "Policy"), issued by Maryland Casualty Company.

According to this Court's Scheduling Order, dated October 17, 2007, plaintiff's witness and exhibit lists were to be filed into the record and served on defendant **no later than February 1, 2008**. To date, however, plaintiff has not filed either a witness or exhibit list into the record, much less serve defendant with a copy of the same. Accordingly, MCC moves to exclude any witnesses or exhibits plaintiff would attempt to introduce at the trial of this matter.

## II.   LAW AND ARGUMENT

Maryland Casualty Company moves pursuant to Fed. Rules of Evidence Rules 401-403 and the terms of this Court's Scheduling Order for an Order by this Honorable Court prohibiting from introduction into evidence at the trial of this matter any and all of plaintiff's witnesses or exhibits. The pertinent evidentiary rules are as follows:

> **Fed. Rule Evidence Rule 401**
> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence.

> **Fed. Rule Evidence Rule 402**
> All relevant evidence is admissible, except as otherwise provided by … these rules…Evidence which is not relevant is not admissible.

2

**Fed. Rule Evidence Rule 403**
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This Court's Scheduling Order mandated that the plaintiff *shall* file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial no later than February 1, 2008. (See Exhibit A). The Order further provides that the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with the Scheduling Order as it pertains to the witness and/or exhibits.

Inasmuch as plaintiff failed to file in the record or serve upon MCC a list of witnesses or exhibits that may or will be called or used at trial, MCC avers that it will suffer unfair prejudice within the meaning of Rule of Evidence 403 if plaintiff is permitted to introduce such evidence at the trial of this matter. Plaintiff allowed the deadline to file witness and exhibit lists to pass without filing or providing the undersigned with any such lists. Thus, MCC will suffer unfair prejudice if plaintiff is permitted to introduce such evidence for the first time at this point in the litigation. MCC will be unable to complete adequate discovery regarding these witnesses and exhibits or to prepare a complete defense to plaintiff's unsupported claims asserted against MCC.

Such tactics instituted by plaintiff are clearly in violation of MCC's fundamental right of due process. For these reasons, MCC strongly contends that this Court should enter an order prohibiting plaintiff from entering into evidence any and all witnesses or exhibits at trial of this matter.

3

## III.   CONCLUSION

For the reasons set forth above, MCC prays for an order by this Honorable Court granting MCC's Motion in Limine to Exclude Witnesses and Exhibits.  Plaintiff has blatantly failed to timely submit its witness and exhibit lists, despite a clear obligation to do so under the Court's Scheduling Order.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

***Counsel for Defendant,***
***Maryland Casualty Company***
***(erroneously sued as Zurich American Insurance***
***Company and/or Maryland Casualty Company)***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of February, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | * | SECTION: K |
| _____ | * | |
| | * | MAGISTRATE: 2 |
| PERTAINS TO: | * | |
| INSURANCE (#06-9246) | * | |
| | * | |
| FLOWERS BY MY SISTER & ME, LLC | * | |
| | * | |
| VERSUS | * | |
| | * | |
| ZURICH AMERICAN INSURANCE | * | |
| COMPANY AND/OR MARYLAND | * | |
| CASUALTY COMPANY | * | |
| | * | |
| *      *      *      *      *      *      *      * | | |

**ORDER**

Considering the foregoing Motion in Limine to Exclude Plaintiff's Witnesses and Exhibits:

**IT IS HEREBY ORDERED** that plaintiff is prohibited from entering into evidence any and all witnesses or exhibits at trial of this matter.

**NEW ORLEANS**, Louisiana, this ___ day of _____, 2008.

_____
J U D G E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION NO.: 05-4182 <br><br> SECTION: K |
| ——————————————— | * | MAGISTRATE: 2 |
| PERTAINS TO:<br>INSURANCE (#06-9246) | * <br> * <br> * | |
| FLOWERS BY MY SISTER & ME, LLC | * <br> * | |
| VERSUS | * <br> * | |
| ZURICH AMERICAN INSURANCE<br>COMPANY AND/OR MARYLAND<br>CASUALTY COMPANY | * <br> * <br> * <br> * | |

\*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF HEARING

Please take notice that the foregoing Motion in Limine to Exclude Plaintiff's Witnesses
and Exhibits on behalf of defendant, Maryland Casualty Company, will be brought for hearing
before Judge Joseph C. Wilkinson on the *12ᵗʰ* day of *March, 2008,* at *11:00 a.m.,* or as soon
thereafter as counsel may be heard.

Respectfully submitted,

*/s/ Richard E. King*

---

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**MATTHEW J. LINDSAY (#30599)**
**GALLOWAY, JOHNSON, TOMPKINS,**
     **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
 *Counsel for Defendant,*
*Maryland Casualty Company*
*(erroneously sued as Zurich American Insurance*
*Company and/or Maryland Casualty Company)*

*Exhibit "A"*

MINUTE ENTRY
WILKINSON, M.J.
OCTOBER 17, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES      CIVIL ACTION
      CONSOLIDATED LITIGATION

                                          NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, <u>Flowers</u>, 06-9246      JUDGE DUVAL
                                          MAG. WILKINSON

## <u>SCHEDULING ORDER</u>

A preliminary conference was conducted in the referenced case, <u>Flowers By My Sister and Me, LLC v. Zurich American Insurance Company et al.</u>, C.A. No. 06-9246 c/w 05-4182, on October 17, 2007, before the undersigned magistrate judge. Participating were: Joseph Rausch, representing plaintiff; Matthew Lindsay, representing defendant.

The purpose of the conference was to craft a schedule concerning the individual issues in the referenced <u>Flowers</u> case, which were bifurcated and referred to me by the presiding district judge. Record Doc. No. 8055. The conference was conducted pursuant to Paragraph VII of Case Management Order No. 4 ("CMO No. 4") allowing non-class action cases asserting claims involving individual adjusting and coverage issues,

MJSTAR:   0:30

including liability and damages but not including "common liability issues" as described in CMO No. 4, to proceed separately toward resolution.

Settlement possibilities were discussed. It appears that the case is not currently in a posture to settle. Accordingly, the schedule set out herein will be imposed pursuant to Fed. R. Civ. P. 16. The dates and deadlines established in this scheduling order apply only to the individual <u>Flowers</u> issues.

Pleadings have been completed. Jurisdiction and venue are established.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **March 19, 2008**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the court.

No further Rule 26(a)(1) disclosures will be required in this case.

Depositions for trial use shall be taken and all discovery shall be completed not later than **March 3, 2008**.

The previously fixed deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims has lapsed. No further amendments will be allowed, absent a showing of good cause.

- 2 -

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **January 4, 2008**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **February 1, 2008**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than **February 1, 2008**.

The court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A settlement conference is hereby scheduled before the Magistrate Judge **on March 11, 2008 at 3:00 p.m.** The individualized issues in the Flowers case do not involve extensive documentary evidence, depositions or other discovery. No special

- 3 -

discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

**The Final Pretrial Conference will be held on March 26, 2008, at 2:30 p.m. before the Magistrate Judge**.  Counsel will be prepared in accordance with the final Pretrial Notice attached.  At this pretrial conference, a date for trial in **April 2008** may be assigned.  Counsel are directed to reserve time on their calendars appropriately.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause.  Continuances will not normally be granted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

- 4 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
    CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE, <u>Flowers</u>, 06-9246

JUDGE DUVAL
MAG. WILKINSON

## <u>ORDER ON MOTIONS</u>

APPEARANCES:   None (on the briefs)

MOTIONS:      (1)   Defendant's Motion in Limine to Exclude Plaintiff's Expert
                    Reports, Record Doc. No. 11352
              (2)   Defendant's Motion in Limine to Exclude Plaintiff's
                    Witnesses and Exhibits, Record Doc. No. 11353

<u>O R D E R E D</u>:

 (1) : DISMISSED AS MOOT: Plaintiff has stated in its opposition memorandum that
plaintiff will not offer any expert testimony at trial. Accordingly, no expert reports need
be filed, and this motion is moot.

 (2) : DENIED. A Rule 16 order "shall not be modified except upon a showing of good
cause." Fed. R. Civ. P. 16(b). In determining "good cause" in connection with a Rule 16
scheduling order of the type that was entered in this case, the court must weigh the
following factors: (1) the explanation for the failure to comply; (2) the importance of the
matters that are the subject of the order; (3) potential prejudice in allowing the requested
action; and (4) the availability of a continuance to cure such prejudice, <u>Metro Ford Truck</u>
<u>Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 324 (5th Cir. 1998); <u>Campbell v. Keystone</u>
<u>Aerial Surveys, Inc.</u>, 138 F.3d 996, 999 (5th Cir. 1998).
        Because these matters in the Insurance umbrella of the captioned consolidated
litigation are stayed, no trial date has yet been scheduled and none will be set at this time.
The lists have now been provided and defendant is free to depose any person on the list,
if it desires to do so, so that no prejudice will occur. Under the unique circumstances of
this consolidated matter, plaintiff will not be precluded from using the now listed



witnesses and exhibits at trial.

New Orleans, Louisiana, this __12th__ day of March, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. STANWOOD R. DUVAL, JR.