## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO | § | |
| | § | |
| FILED IN:    05-4181, 05-4182, 05-5237, 05-6073, | § | |
|                 05-6314, 05-6324, 05-6327, 06-0225, | § | |
|                 06-0886, 06-1885, 06-2152, 06-2278, | § | |
|                 06-2287, 06-2824, 06-4024, 06-4065, | § | |
|                 06-4066, 06-4389, 06-4634, 06-4931, | § | |
|                 06-5032, 06-5155, 06-5159, 06-5161, | § | |
|                 06-5260, 06-5162, 06-5771, 07-0206, | § | |
|                 07-0621, 07-1073, 07-1271, 07-1285 | § | |
| | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WASHINGTON GROUP INTERNATIONAL, INC. AND THE UNITED STATES' JOINT MOTION TO STRIKE ADDITIONAL SUB-CLASS REPRESENTATIVES FROM PARAGRAPH 13.B OF AMENDED MRGO MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants Washington Group International, Inc. ("WGII")[1] and the United States of America (collectively, "Defendants") hereby move to strike the MRGO Plaintiffs' recent insertion of four *new* proposed representatives for the Lower Ninth Ward and St. Bernard Sub-Class into their Amended MRGO Master Consolidated Class Action Complaint (the "Amended MRGO Complaint").  *See* Amended MRGO Compl., ¶ 13.B (Feb. 28, 2008) (Doc. 11450).

---

[1] In November 2007, WGII merged with URS Corporation, a Delaware Corporation.  WGII is now a subsidiary of Washington Holdings, Inc., a Delaware Corporation (also known as Washington Division, URS).  Washington Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation.  URS Holdings Inc. is a subsidiary of URS Corporation.

As set forth below, the MRGO Plaintiffs' belated attempt to add proposed class representatives to the Lower Ninth Ward and St. Bernard Sub-Class should be stricken for the following reasons:

a.      In complete disregard for the governing Case Management Order No. 4 ("CMO No. 4"), the MRGO Plaintiffs failed to seek leave of Court prior to amending their Complaint to add these new sub-class representatives;

b.      The Plaintiffs' insertion of these new proposed representatives at this stage in the MRGO litigation (*i.e.,* more than nine months after class-certification fact discovery closed, more than eight months after class-certification expert discovery closed, and more than seven months after the MRGO Defendants filed their Opposition to MRGO Plaintiffs' Motion for Class Certification) is highly prejudicial and burdensome to Defendants; and

c.      The addition of these proposed representatives violates CMO No. 4's express limit on the number of allowed representatives for any one sub-class.

## BACKGROUND

In its January 30, 2008 Order granting the United States' Motion to Dismiss Counts I-III and V-VII of the Superseding (LEVEE) Master Consolidated Class Action Complaint, the Court ordered the Plaintiffs to amend the MRGO Master Complaint (Doc. 3415) by February 28, 2008 to:  (1) "include any and all allegations that are stated against the Corps in Counts IV and VIII [of the Superseding LEVEE Complaint (Doc. 3420)]

with respect to the appropriate geographic locations;"[2] and (2) add any allegations of legal fault against the Corps relating to the hurricane protection system on the west side of the IHNC, as alleged in Count V, ¶ 254 of the Superseding LEVEE Complaint. *See* Order and Reasons, dated Jan. 30, 2008, at 43-44 (Doc. 10984). The Plaintiffs did not request leave to amend, and the Court did not permit the Plaintiffs to amend, any other part of the MRGO Complaint.

On February 28, 2008, the MRGO Plaintiffs filed an Amended MRGO Complaint, which, among other things, included the addition of the following proposed representatives to the "Lower Ninth Ward and St. Bernard Sub-Class":

DIXON SMITH, who resided in and owns property at 3228 Dauterive Dr., Chalmette, LA 70043);

PATRICIA BOUTWELL, who resided at and owns property at 3601 Ventura Dr., Chalmette, LA 70043;

JAMES GODFREY, who resided at and owns property at 3704 Volpe Dr., Chalmette, LA 70043;

KATHRYN GODFREY, who resided at and owns property at 3704 Volpe Dr., Chalmette, LA 70043.

---

[2] Count VIII of the Superseding LEVEE Complaint contains allegations relating to the MRGO by Plaintiffs "representing the entire, general class, including all subclasses." *See* Superseding LEVEE Compl. (Doc. 3420), ¶ 277. This general class includes the "geographic area bounded to the north by Lake Pontchartrain, to the south by the Mississippi River, to the east by the IHNC, and to the west by the 17th Street Canal running from Lake Pontchartrain south to Metairie Road and then west on Metairie Road to Causeway Boulevard, and then south on Causeway Boulevard to the Mississippi River." *Id.*, ¶ 151. Thus, the geographic boundaries of the proposed general class defined in the Superseding LEVEE Complaint do not overlap with or include the geographic boundaries of the Ninth Ward and St. Bernard Sub-Class defined in the MRGO Complaint. *See* Amended MRGO Compl., ¶ 13B (including all persons "in the lower Ninth Ward of the Parish of Orleans (that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and the Parish of St. Bernard, and to the South of the [GIWW]/MRGO)").

Amended Compl., ¶ 13.B.  None of these putative class members previously had been designated as sub-class representatives in the Plaintiffs' original MRGO Complaint (or the Plaintiffs' Superseding LEVEE Complaint (Doc. 3420)), and none of these proposed representatives resided west of the IHNC prior to Hurricane Katrina.

## ARGUMENT

In Case Management Order No. 4, the Court ruled that "the deadline for amending pleadings is now deemed lapsed," and "no further amendments to pleadings . . . will be allowed, except as required by this order or, hereafter, on motion with a proposed order, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b)."  CMO No. 4, § II(A) (Doc. 3299) (emphasis added).  *See S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").  Because the Plaintiffs' recent addition of four proposed sub-class representatives to their MRGO Complaint was undertaken without permission of the Court and without the requisite showing of good cause under Federal Rule 16(b), it should be stricken.  *See* Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter").  *See also Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999) ("[A] party who ignores any case-management deadline does so at his own peril.").

But even assuming *arguendo* that the Plaintiffs had properly moved for leave to amend the MRGO Complaint, such a request should be denied.  The Fifth Circuit has

held that in determining "good cause" under Federal Rule 16(b) the "[c]ourts should consider four factors:  1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Hawthorne Land Co. v. Occidental Chemical Corp*., 431 F.3d 221, 227 (5th Cir. 2005) (citing *S&W Enterprises,* 315 F.3d at 536).  *See Ordemann v. Unidentified Party*, Case No. 06-4796, 2008 WL 695253, *2 (E.D. La. Mar. 12, 2008) ("'the good cause showing unambiguously centers on [the mover's] diligence'") (quoting *STMicroelectronics, Inc. v. Motorola, Inc*., 307 F.Supp.2d 845, 851 (E.D. Tex. 2004)).  As briefly outlined below, the Plaintiffs cannot demonstrate good cause for adding additional sub-class representatives to the MRGO Complaint at this stage in the MRGO litigation.

*First,* Defendants will be prejudiced by the Plaintiffs' belated amendment.  As the Court is well aware, all proceedings leading up to the class-certification hearing in the MRGO case category are now complete.  In an eight-month period between March and October 2007, the MRGO parties undertook an aggressive schedule to prepare for a Rule 23 class-certification hearing, which included:  propounding and answering extensive class-certification written discovery, exchanging volumes of documents, participating in fact depositions, inspecting class representatives' properties, exchanging expert reports, taking expert depositions and submitting extensive briefs.  The Plaintiffs' sudden and untimely addition of four more sub-class representatives to the MRGO Complaint would require the parties to engage in all of these proceedings *once again* before the currently-scheduled December 9, 2008 class-certification hearing.  Specifically, Defendants would

- 5 -

have to investigate the new proposed sub-class representatives and their properties, propound additional written discovery, take the new representatives' depositions, have their experts consider how the addition of these representatives will, if at all, affect their existing expert reports, and amend their Opposition to Plaintiffs' Motion for Class-Certification.  All of these activities are expensive, time consuming and unduly burdensome in light of the Plaintiffs' extraordinary and inexplicable delay.

*Second*, Plaintiffs' amendment, which increases the total number of representatives in the Ninth Ward and St. Bernard Sub-Class to seven, violates this Court's express limit on the number of representatives that the MRGO Plaintiffs may propose for any one sub-class.  *See* CMO No. 4 (Doc. 3299), § III(A) (limiting the proposed class and sub-class representatives to "five (5) in number").  The Plaintiffs' inexplicable disregard for the Court's Order relating to the number of class representatives should not be countenanced.

*Finally*, just last week the Court entered Case Management Order No. 7 (Doc. 12935).  There is no allowance in CMO No. 7 for any further class-certification motion practice or class-certification discovery in the MRGO case category.  Thus, if the Court allows the Plaintiffs to add new proposed class representatives to the Ninth Ward and St. Bernard Sub-Class, Defendants will be forced to seek an extension of the current deadlines outlined in Case Management Order No. 7.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court strike the Plaintiffs' four new proposed sub-class representatives from paragraph 13.B of the Amended MRGO Complaint.

WAI-2876224v5

Dated:          May 9, 2008                    Respectfully submitted,


                                               /s/ *William D. Treeby*
                                               William D. Treeby, Bar No. 12901
                                               Heather S. Lonian, Bar No. 29956
                                               Stone Pigman Walther Wittmann LLC
                                               546 Carondelet Street
                                               New Orleans, LA 70130
                                               Phone:  504-581-3200
                                               Fax:  504-581-3361

                                               Of Counsel:

                                               George T. Manning
                                               JONES DAY
                                               2727 N. Harwood Street
                                               Dallas, TX  75201-1515
                                               Phone:  214-220-3939
                                               Fax:  214-969-5100

                                               Adrian Wager-Zito
                                               Debra S. Clayman
                                               JONES DAY
                                               51 Louisiana Avenue, N.W.
                                               Washington, D.C. 20001-2113
                                               Phone:  1-202-879-3939
                                               Fax: 1-202-626-1700

                                               *Attorneys for Defendant*
                                               *Washington Group International, Inc.*

                                               JEFFREY S. BUCHOLTZ
                                               Acting Assistant Attorney General

                                               PHYLLIS J. PYLES
                                               Director, Torts Branch

                                               JAMES G. TOUHEY, JR.
                                               Assistant Director, Torts Branch

                                               s/ Robin D. Smith

ROBIN D. SMITH
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov

*Attorneys for Defendant United States*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum of Law in Support of  Joint Motion to Strike Additional Sub-Class Representatives From Paragraph 13.B of Amended MRGO Master Consolidated Class Action Complaint has been served upon Joseph Bruno, Plaintiffs' Liaison Counsel, this 9th day of May, 2008.


*/s/ William D. Treeby*
William D. Treeby