UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NUMBER:  05-4182 "K"(2) JUDGE Duval MAG. Wilkinson |
| PERTAINS TO:  MRGO, Robinson (No. 06-2268) | |

**PLAINTIFFS' REPLY TO UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs moved for leave to amend their Complaint in two particulars:

(1) adding a more detailed allegation in Paragraph 53 about the Defendant's negligent operation and maintenance of the MR-GO in Reach 2 in allowing the channel banks to undermine the Reach 2 flood structures by severe, unremediated erosion that enabled the channel to widen from the Congressionally-authorized 650 feet at the surface to 2,000 or more feet; and  (2) adding a new claim for relief concerning the Defendant's negligent failure to supervise its contractor Washington Group International ("WGI") in its excavation work at the IHNC  Lock Expansion Project that contributed to the breaches of the floodwalls on the eastern side of the IHNC and the resulting catastrophic flooding.

The Government has opposed the motion on four grounds:  it is untimely; Plaintiffs' counsel were not diligent; at least three months would be needed for the Defendant's experts to respond, necessitating a continuance of the summary judgment briefing schedule and moving September 8th trial date to some time in 2009; and the proposed amendment regarding the IHNC Lock Expansion Project is futile since it is untimely under the administrative claim requirement

1

of the Federal Tort Claims Act ("FTCA") and is barred by the Discretionary Function Exception

to the FTCA.  Plaintiffs' counsel take strong issue with each of these objections.  Nevertheless,

Plaintiffs' counsel have decided to withdraw the proposed amendments *solely to preserve the*

*long-scheduled trial date which is a critical component of their strategy to secure economic*

*justice for Hurricane Katrina victims.*

By withdrawing their motion, Plaintiffs counsel are in no way conceding the validity of

any of the Government's objections.  Indeed, as the Government notes, the issue concerning

WGI's activities in connection with the IHNC Lock Replacement and the Defendant's negligent

supervision of its contractor is a claim asserted in the Master Consolidated Class Action

Complaint filed on March 15, 2007 ("Master Complaint").  Opposition at 4-5.  That case is

scheduled to be tried after *Robinson v. United States.*

## 1.    The Motion Is Not Untimely

The motion for leave to amend is not untimely.  Regardless of whether Rule 15 or

Rule 16 (b) governs here, there is good cause for permitting the amendment, especially in light of

the strong policy of liberality in amending pleadings.  *See* Plaintiffs' Memorandum in Support of

Motion for Leave to Amend at pp.8-11.  Cases should be decided on their merits, and all claims

should be tried at one time wherever feasible.

Here, the proposed amendment was filed close to six months before trial.  While the

Government claims that it has not yet undertaken expert study of the WGI claim, this assertion is

highly suspect given the fact that the Government admits that it has been on notice of this issue

for at least one year and faces the same claim in Master Complaint.  Opposition at 4.  Moreover,

there has been written and deposition discovery in the Master Complaint case concerning the

WGI claim.

2.      **Plaintiffs' Counsel Have Been Diligent**

The Government's claim that Plaintiffs' counsel were not diligent because they filed their motion to amend a year after receiving an expert report from Dr. Bob Bea on this subject relating to the Master Complaint misses the critical point.

<u>First</u>, it is by no means certain that Plaintiffs' counsel were required to seek an amendment to add the WGI claim in light of the broad allegations in their Complaint about the Defendant's negligent design, construction, operation, repair, and maintenance of the MR-GO and the discovery on this issue.

<u>Second</u>, in light of the Defendant's notice of and discovery about this claim (including Dr. Bea's earlier expert report in April 2007), the issue may very well be ripe for adjudication on the present record in *Robinson v United States*.  This is particularly true since Plaintiffs have served the Government with Dr. Bea's expert merits report in *Robinson v. United States* and the report contains a detailed discussion of the WGI claim.

<u>Third</u>, at the very least, this issue relates to causation and any potential allocation of damages based on causes of the catastrophic flooding of the Lower 9th Ward.

<u>Finally</u>, the MR-GO litigation seeks an adjudication of the Government's liability for the worst man-made disaster in American history.  The case covers over a half century of events, millions of pages of documents, and scores of percipient and expert witnesses.  *See* Declarations of Joseph M. Bruno at ¶¶ 5-8, and Pierce O'Donnell at ¶¶ 7-10.  Plaintiffs' counsel face the most formidable of foes with unlimited resources and defenses not otherwise available to private parties accused of gross negligence.  Plaintiffs' counsel are waging the most vigorous and valiant battle that their talent and finances can muster.  Regardless of the outcome of this lawsuit, Plaintiffs' counsel have been diligent in prosecuting this case.

### 3.       Three Months for Government Expert Reports

The Government claims that it would need at least three months to prepare expert reports responding to Dr. Bea's work.  This assertion—ostensibly supported by vague, summary declarations of two defense experts—is curious given the fact that the Government has known about this issue for at least one year.  Apparently, the Defendant would like the Court to believe that it has done no investigation whatsoever and would need to start from scratch in developing its technical defense.

The two carbon copy declarations submitted by the Government—by Reed L. Mosher and Thomas F. Wolff—assert that they have not investigated the IHNC Lock Replacement issue. Yet, they both admit that the scope of their expert work, begun while they were members of the IPET team, has included "the breaches and failures of the spoilbanks, floodwalls, and/or levees along the MR-GO *and the Industrial Canal . . . .*" and the "operation, repair, and maintenance of the MR-GO . . . ."  *See* Pargraph 4 of Mosher and Wolff Declarations.  As the Court well knows as IPET detailed in its report, the IHNC (also known as the Industrial Canal) experienced two major breaches on the eastern side in the immediate vicinity of the WGI excavation work that was part of the "operation, repair, and maintenance of the MR-GO" and is the subject of the proposed amendment.  As presumably competent defense experts, Mosher and Wolff would necessarily have had to investigate all potential causes of the breaches and failures along the IHNC, including the WGI activities.

### 4.       The Proposed Amendment Is Not Futile Because of Failure to Exhaust

The Government invites a premature ruling on the legal sufficiency of the proposed amendment by arguing that Plaintiffs did not satisfy the exhaustion requirement of the FTCA because they never alleged in their administrative claim form filed with the Army Corps of

Engineers the specific facts asserted in the new claim for relief.  This assertion is preposterous.

In any event, there is no need to rule on this issue now in light of the withdrawal of the motion

for leave to amend.

As the Government concedes, the Form 95s filed by Plaintiffs allege that their

homes were destroyed by "flooding from the MR-GO."  Opposition at 9.  That is, indeed, the

Plaintiffs' operative theory, and Plaintiffs have been proceeding for over two years with their

allegations that the failure and breaches of the flood structures along the IHNC were caused by

the excess storm surge caused the MR-GO's adverse effects, including the funnel, decimation of

the storm buffering wetlands, and unremediated widening of the Reach 2 channel.  While the

Government has twice moved to dismiss the Complaint, it has never asserted that the Plaintiffs

did not adequately allege their claims in the administrative filing process.

Not surprisingly, the Government has not cited any authority that requires a plaintiff to

file a Form 95 setting forth *before any discovery* detailed allegations about the Defendant's

unlawful conduct and causation.  By no stretch of the imagination is the proposed amendment

about the WGI activities "a different set of facts."  *Id.* at 10.  The Form 95s assert that the

catastrophic flooding of the Lower 9th Ward was caused by the Army Corps of Engineers.  That

is more than legally sufficient.

**5.      The Proposed Amendment Is Not Futile Because of the Discretionary
         Function Exception to the FTCA**

The Government also asserts that the proposed amendment is barred because of the

discretionary function exception to the FTCA.  This is obviously a throwaway argument since

this Court has denied the Defendant's motion to dismiss on this ground in *Robinson v. United*

*States*.  *See In Re Katrina Canal Breaches Consolidated Litigation*, 471 F. Supp. 2d 684, 696-97

(E.D. La. 2007).  As this Court ruled, the issue of the Government's immunity for allegedly

negligent Government activities over the course of 50 years involving the catastrophic flooding during Hurricane Katrina is inextricably intertwined with the merits and cannot be decided on a motion to dismiss before any discovery.  *Id.*

**6.      The Issue of the Unremediated Widening of Reach 2 Is Already Presented in the Pending Complaint**

Paragraph 53 of the existing Complaint alleges as follows:

> Notwithstanding that dredging is a critical safety requirement for the MR-GO, the Army Corps negligently failed to maintain the MR-GO and failed to properly dredge the canal, all to the harm and detriment of each of the Plaintiffs.  In November 2005, dredging of the MR-GO was suspended indefinitely due to alleged lack of funding and controversy about the waterway's future.

Thus, since April 2006, the Government has been on notice that Plaintiffs are alleging that the Army Corps negligently maintained and dredged the MR-GO.[1]  During discovery, significant time has been devoted to the issue of the unrelenting widening of the Reach 2 channel and its disastrous effects on the wetlands and the stability of the flood structures along the south side of Reach 2.  In September 2007, the Government produced to Plaintiffs an Army Corps document demonstrating that the agency was aware of this problem as early as 1981.  *See* O'Donnell Declaration at Paragraph 6 and Exhibit B.  Dr. Robert Bea's expert report analyzes this issue.  Accordingly, the issue is presently in the case and will be the subject of evidence at trial.

---

[1] Throughout the Complaint, Plaintiffs allege that the catastrophic flooding of Greater New Orleans was "caused by the United States Army Corps of Engineers' negligent design, construction, *maintenance, and operation* of the Mississippi River Gulf Outlet ('MR-GO')." Complaint, Paragraph 1 (emphasis added).

Plaintiffs' counsel proposed the new language for Paragraph 53 to make absolutely certain that the Government could not claim surprise at trial.[2]  By withdrawing the motion for leave to amend, Plaintiffs' counsel are not acknowledging that any amendment to their Complaint on the issue of the widening of Reach 2 was required.

Dated: May 12, 2008                              Respectfully submitted,

**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Law Offices of Joseph M. Bruno**           **Domengeaux Wright Roy & Edwards LLC**
By: s/ Joseph M. Bruno                        Bob F. Wright (LSBA No. 13691)
Joseph M. Bruno (LSBA No. 3604)               James P. Roy (LSBA No. 11511)
855 Baronne Street                            556 Jefferson Street, Suite 500
New Orleans, Louisiana 70133                  P.O. Box 3668
Telephone: (504) 525-1335                     Lafayette, Louisiana 70502-3668
Facsimile:  (504) 581-1493                    Telephone: (337) 233-3033

---

[2] The new language states: "Specifically, the Army Corps' negligent maintenance dredging significantly widened the MR-GO in many areas beyond its authorized width.  This widening of the MR-GO weakened, undermined, compromised, impaired, and otherwise damaged the spoilbanks, levees, and/or floodwalls along Reach 2 as it exacerbated the settling and subsidence of the uncompacted hydraulic soil used to construct these purported flood control measures.  As a result, the settling and subsidence of this soil reduced the height of and destabilized the spoilbanks, levees, and/or floodwalls along the MR-GO, which helped cause their catastrophic failure and/or overtopping during Katrina."

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Law Office of Elwood C. Stevens, Jr., a
Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

Facsimile:  (337) 233-2796

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**Gainsburgh, Benjamin, David, Meunier &
Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

8

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Salas & Co., LC**
 Camilo K. Salas, III (LSBA No. 11657)
650 Poydras Street, Suite 1650
New Orleans, LA  70130
Telephone: (504) 799-3080
Facsimile:  (504) 799-3085

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

## <u>CERTIFICATE OF SERVICE</u>

I, Pierce O'Donnell, hereby certify that on May 12, 2008, I caused to be served

**<u>PLAINTIFFS' REPLY TO UNITED STATES OF AMERICA'S OPPOSITION TO</u>**

**<u>PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**, upon

Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF

and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov,

and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell