UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * * | | |
| CONSOLIDATED LITIGATION | * * | CIVIL ACTION | |
|  | * * | NO. 05-4182 and consolidated cases | |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) | |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA* | 07-5178 | * * | JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER**

The Court correctly ruled that LNA's work product is entitled to the work product protection embodied in Federal Rule of Civil Procedure 26(b)(3)(A), and correctly denied plaintiffs' motion to compel production of the photographs. [Doc. 12605, at 15]. Plaintiffs' motion supplies no basis for this Court to reconsider its ruling.

"A motion for reconsideration may not be used to rehash rejected arguments *or introduce new arguments*." *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2007 WL 2480422, at *1 (E.D.La. Aug. 28, 2007) (Wilkinson, J.) (quoting *LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005) (emphasis added). Plaintiffs' reconsideration motion advances two new arguments – both of which could have been raised in plaintiffs' original brief or their reply brief, but were not – and rehashes one argument previously rejected by the Court. First, plaintiffs say that LNA is not entitled to work product protection for materials created prior to

1121395-1

when it first filed an Answer in this action.  Second, they say that plaintiffs have a substantial need for the photographs and cannot, without undue hardship, obtain the substantial equivalent.  Third, they say that photographs cannot, ever, be work product.   Not one of these arguments has substantive merit, and all are procedurally defective.

**1.  LNA's Work-Product is Entitled to Protection from September 8, 2005 Forward**.

Plaintiffs' first argument (at 2) – that LNA is not entitled to work product protection for materials created before it filed its Answer in this action – is contrary to plain language of Rule 26(b)(3)(A) and decades of work-product caselaw.  The work product protection applies to materials "prepared in anticipation of litigation."  Rule 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947).  There is no requirement that litigation actually be pending much less that a party have answered a complaint for materials prepared in anticipation of litigation to be protected by the work-product protection.  *See, e.g.*, *DeNova v. United States DOL* (*In re Kaiser Aluminum & Chem. Co.*), 214 F.3d 586, 593 (5th Cir. 2000) (test is whether "the primary motivating purpose behind the creation of the document was to aid in possible future litigation").

The Court correctly found that, under this standard, LNA has satisfied its burden of demonstrating work product protection for materials created after September 8, 2005, based on its privilege log and sworn affidavit detailing the hiring of counsel and primary purpose of investigative activities created after that date.  [Doc. 12605, at 15].  As detailed in the Affidavit of Mark S. Raffman, on September 8, 2005, LNA in-house counsel contacted Goodwin Procter to request that the firm investigate and defend against possible claims involving a barge that had ended up inside one of the broken levees in New Orleans, Louisiana, following Hurricane Katrina.  Earlier that day, a reporter from the Wall Street Journal had contacted LNA regarding allegations that a barge that had been moored at the company's New Orleans cement terminal

had broken loose and allegedly breached one of the levees. [Raffman Aff. ¶ 2, Ex. 4 to Opposition to Motion to Compel (Rec. Doc. 12331-5)]. In the following days and weeks, LNA retained additional counsel and representatives to participate in this investigation and defense. [*Id*. at ¶¶ 3-8].

Plaintiffs have not challenged these facts. Rather, they concede (at 3) that LNA "purportedly hired counsel and began its investigation on September 8, 2005." And plaintiffs make no attempt to overcome LNA's showing that the investigative work done after that date by counsel and other agents was performed "in anticipation of litigation." Nor does their motion explain why they should be permitted to advance this argument now, having failed to make it in their original motion (Doc. 11578-2) or their reply memorandum (Doc. 12374-3). Plaintiffs therefore have provided no basis for reconsidering the previous ruling.

**2. Plaintiffs Have Made No Showing of "Substantial Need"**

Plaintiffs' second argument (at 2, 3) – that they are entitled to overcome LNA's work product protection based on supposed "substantial need" – is similarly prohibited because it was not made in their initial motion to compel nor even in their reply brief. Nowhere did they advance a "substantial need" argument, *see* Fed. R. Civ. P. 26(b)(3)(A)(ii), nor did they advance any evidence or reasoning to support such an argument. For this reason alone, plaintiffs' new argument must be rejected.[1]

It also must be rejected on its merits. Although a party may overcome work product protection for ordinary (non-opinion) work product, it must show "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial

---

[1] Plaintiffs' failure to advance a "substantial need" argument for photos of LNA's terminal – the subject of their current motion -- appears to have been part of a calculated attempt to gain access to all of LNA's work product, based on broad blunderbuss arguments, rather than advance arguments directed at specific evidence for which such a showing might be attempted. To permit plaintiffs' belated assertion of such arguments in these circumstances would only encourage further dilatory conduct and delay.

1121395-1                                    3

equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). This showing is the burden of the party attempting to overcome the work product protection. *Gator Marshbuggy Excavator LLC v. M/V Rambler*, 2004 U.S. Dist. LEXIS 16090, at *3 (E.D. La. Aug. 12, 2004) (Wilkinson, J.).[2]

Plaintiffs do not carry their burden under Rule 26(b)(3)(A)(ii). They advance the theory that they are entitled to any photos taken in the early days of LNA's investigation because they themselves were not in New Orleans. But they do not explain why they have substantial need for the materials to prepare their case or why they could not (or even that they have not) obtained the substantial equivalent, nor have they provided any factual support for the statements they do make. (They do not even state when plaintiffs or their counsel did or could have returned to the city.)

Furthermore, a quick examination of the three Requests for Production also reveals why they *cannot* make the showing. First, plaintiffs had access to the substantial equivalent of all possible photographs or video of the ING 4727 as requested by Requests 20 and 21. Request 20 seeks photos of pre-[3] and post-Katrina damage to ING 4727, and Request 21 seeks photos or video of ING 4727 from August 22, 2005, to the present. [See Ex. E to Pls. Motion to Compel (Rec. Doc. 11578-14).] LNA claims work product protection only for material created after September 8, 2005. At all times between September 8, 2005, and the court-supervised scrapping of ING 4727, the barge was located in the Lower Ninth Ward, equally accessible to the plaintiffs

---

[2] Further, to the extent the photos reveal the thought processes of counsel or its investigators (e.g., by showing counsel focus in selecting what to document more extensively), then they are opinion work product, entitled to near absolute protection. Fed. R. Civ. P. 26(b)(3)(B). Because plaintiffs have not even begun to satisfy their burden to overcome "ordinary" work product protection, the Court need not consider this issue.

[3] Obviously, LNA did not claim work product protection for any pre-Katrina documentation of damage to the barge.

1121395-1                                          4

as to LNA.  LNA's access to the barge from September 8, 2005 forward was no greater than that of plaintiffs and their counsel.[4]

And plaintiffs have already shown that they do not have substantial need for the materials sought in Request 29 (described by plaintiffs (at 2) as "photos and other materials"[5] regarding "the mooring or securing, and any shifting or movement during the effects of Katrina, of the five-barge tier north of ING 4727").  First, LNA produced non-work-product documents in response to this request.  Moreover, plaintiffs conducted an entire trial in the limitation of liability proceeding – including evidence and expert opinion regarding the mooring of the five-barge tier[6] – without ever suggesting they needed the additional materials they now say they require.  Furthermore, plaintiffs have not shown that they could not have obtained the "substantial equivalent."  They state (at 2) that they "had no lawful right anyway to enter Lafarge's property," but LNA's facility was on a public waterway and anyone on a skiff could have viewed and photographed the barges moored there, just as anyone could have viewed and photographed the ING 4727 in the Lower Ninth Ward.

### 3. Photos are Work Product

Finally, plaintiffs argument that photographs are never entitled to work product protection is copied verbatim from their original motion to compel (Doc. 11578-2, at 21 n.4).  This Court's prohibition on using a motion for reconsideration to "rehash rejected arguments" (see above at 1) calls for summary rejection of this argument.

---

[4] LNA has also produced dozens of photographs of the barge.  *See* LNA 000770-790; 1088-1117; 1126-1127.  These photos show all sides of the barge and the entire bottom of the barge, both on-scene and in a protected warehouse where all bottom sections had been retained.

[5] The request calls for "communications, documents, statements, investigations, records, photo, video and evidence."  Certainly, memoranda regarding the mooring of the barges is work product – and opinion work product, at that – for which plaintiffs have no substantial need, much less have they made the much higher showing for opinion work product.

[6] See, *e.g.*, Rec. Doc. 837-2 in No. 05-4419 at page 8, § 5.1 (plaintiffs' expert opinion re. five-barge tier).

In any event, Rule 26(b)(3)(A) protects "documents and tangible things" (which photographs certainly are) that are prepared in anticipation of litigation. *See, e.g.*, Restatement (Third) of Law Governing Lawyers § 87 cmt. d, at 640 (1998) ("Work product includes tangible materials and intangible equivalents prepared, collected, or assembled by a lawyer. Tangible materials include documents, ***photographs***, diagrams . . . .") (emphasis added).[7]

As explained previously, the cases cited by plaintiffs are inapposite. The *Southern Scrap Materials Co. v. Fleming* court, in fact, concluded that photos are work product. 2003 U.S. Dist. LEXIS 10815, Case No. 01-2554 (E.D. La. June 18, 2003). The court nonetheless ordered production in an application of the 5th Circuit's ruling in *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993), regarding the discoverability of surveillance tapes that a party seeks to use at trial. This ruling has no application here. Neither of plaintiffs' other cited cases provides a reason for this Court to reconsider its previous ruling.[8]

## CONCLUSION

For the foregoing reasons, decision denying plaintiffs' motion to compel production under Requests for Production 20, 21, and 29 should be affirmed.

Respectfully submitted,

/s/      Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)

---

[7] *See also Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 n.4 (8th Cir. 1998) ("Ordinary work product includes such items as photographs and raw information."); *Poulin v. Greer*, 18 F.3d 979, 985-86 (1st Cir. 1994) (photographs protected as work product); *Equal Rights Ctr. v. Post Prop. Inc.*, 247 F.R.D. 208, 211(D.D.C. 2008) (photographs protected as work product); *Carne v. Crete Carrier Corp.*, 244 F.R.D. 694, 699 (N.D. Ga. 2007) (photographs of accident scene protected as work product).

[8] As shown in more detail in our opposition to plaintiffs' motion (Doc. 12331 at 25-26 n.21), the court in *Advanced Display Sys. v. Kent State University*, 212 F.3d 1272, 1288 (Fed. Cir. 2000) found that the relevant photograph was not prepared in anticipation of litigation, and the court in *Kiln Underwriting, Ltd. v. Jesuit High Sch.*, 2008 U.S. Dist. LEXIS 1635 (E.D. La. 2008) applied an incorrect standard of the law without any explanation. Plaintiffs' reply brief (Doc. 12374-3) did not take issue with LNA's argument concerning these cases.

        Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## Certificate of Service

    I do hereby certify that I have on this 13th day of May, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.


        /s/  Derek A. Walker