UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                             CIVIL ACTION
CONSOLIDATED LITIGATION
_____                          NO. 05-4182

**PERTAINS TO INSURANCE:**                               SECTION K-2

*Aguda,* 07-4457
*Anderson,* 07-6737
*Acevedo,* 07-5199
*Abram,* 07-5205

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTIONS TO VACATE AND APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING THEIR
MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS**

Plaintiffs reply to briefly address State Farm's opposition memorandums,[1] and to highlight points that were perhaps obscured in their own memorandums.[2]

**1.    Plaintiffs seek relief from an order, not a judgment.**

The *Abram* and *Acevedo* plaintiffs filed Motions to Vacate and Dismiss under Rule 60(b)(1). However, Plaintiffs are not seeking relief from a **judgment**, but from an **order**.[3] In fact, the first sentence of Plaintiffs' motion is: "Plaintiffs move this Court under Rule 60(b)(1) of the Federal Rules of Civil Procedure to vacate a January 23, 2008 **Order** granting State Farm Fire and Casualty's Rule 12(b)(6) Motions to Dismiss as unopposed." Nonetheless, State Farm's opposition seems to assume a judgment has been entered in

---

[1] 05-4182, Rec. Docs. 12979 and 12980
[2] 05-4182, Rec. Docs. 12856 and 12857
[3] 05-4182, Rec. Doc. 12856-2

*Abram* and *Acevedo*. As discussed in Plaintiffs' Memorandum in Support,[4] this Court has not entered a judgment of dismissal.

> 2. **The original complaints could (and should) be construed to seek damages related to wind, and wind driven rain.**

The Plaintiffs in *Abram*, *Acevedo*, *Aguda*, and *Anderson*, submit they have asserted claims for wind damage in their original complaints. Paragraph four of the original complaints (paragraph five of the state court petitions in *Aguda* and *Anderson*) states that the damage for which Plaintiffs seek compensation "was caused by wind, wind driven rain" and, further, in paragraph six (paragraph seven of the state court petitions), that "Defendant made only partial payment based upon wind and wind driven rain alone."[5] Accordingly, given the standards of notice pleading, Plaintiffs dispute State Farm's assertions that they failed to state claims for damages arising from wind. The significance of the original complaints (petitions) is also pertinent to the following point.

> 3. **Plaintiffs' proposed amendments would not be futile.**

State Farm's opposition argues that granting Plaintiffs leave to amend would be futile. State Farm suggests the amended complaint would not relate back to the original pleadings because they were already dismissed by the Court. However, State Farm fails to recognize that if this Court grants Rule 60(b) relief and vacates its earlier Order granting State Farm's Motions to Dismiss (essentially as unopposed), then plaintiffs in *Abram* and *Acevedo* will be in the same procedural posture as the plaintiffs in *Aguda* and *Anderson*. This result underlies the plaintiffs efforts in *Abram*, *Acevedo*, *Aguda*, and *Anderson* to appeal

---

[4] 05-4182, Rec. Doc. 12856, p. 4
[5] *See* 07, 5199, Rec. Doc. 1 (*Acevedo*); 05-4182, Rec. Doc. 1 (*Abram*); 05-4182, Rec. Doc. 1 (*Anderson*); and 07-4457, Rec. Doc. 1 (*Aguda*).

the decision of the Magistrate Judge. Moreover, given that the amendments only seek to clarify the original wind claims, the amendments will not prejudice State Farm.

### 4. Judge Wilkinson did commit error.

State Farm asserts that "plaintiffs make no argument whatsoever that Judge Wilkinson committed an error or entered judgment contrary to the law." This assertion is incorrect: the third paragraph of Plaintiffs' memorandum states: "[i]n his written order, the Magistrate Judge mistakenly stated that Plaintiffs' claims against State Farm in *Aguda* and *Anderson* had been dismissed."[6] Thus, despite State Farm's claim to the contrary, Plaintiffs did in fact assert that Judge Wilkinson committed an error.

### 5. Granting Plaintiffs relief will not disrupt the case as a whole.

State Farm also argues that granting Plaintiffs' requested relief will "be a serious disruption of the efforts of this Court to efficiently address all State Farm matters that are pending in the Insurance Umbrella."[7] State Farm suggests that granting leave to amend would "wreak havoc ... and defeat the purpose of Judge Duval's efforts."[8] Of course, this Court is in the best position decide what actions are consistent with its overall approach to this case. However, Plaintiffs humbly suggest that granting the requested relief would have a minimal impact on the pending global motion to dismiss. The Plaintiffs' amended complaints seek only to clarify that they are seeking damages from State Farm for losses caused by wind and wind-driven rain. These are not novel legal claims. Nor would the amended complaints present any novel facts.

---

[6] 05-4182, Rec. Doc. 12857, p. 2
[7] 05-4182, Rec. Dco. 12979, p. 22
[8] *Id.* at 23.

After Plaintiffs' file their amend their complaints, State Farm would need only to modify or amend its Motion to Dismiss to strike *Aguda* and *Anderson* from Exhibit A, and to add all four cases to Exhibit B. Obviously, Plaintiffs would consent to this ministerial change.

RESPECTFULLY SUBMITTED,

*Ernest S. Svenson*
Ernest S. Svenson, 17164
Svenson Law Firm
123 Walnut Street, Suite 1001
New Orleans, Louisiana 70118
(504) 208-5199
esvenson@gmail.com

*Stuart T. Barasch*
STUART T. BARASCH, 20650, T.A.
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70113
(504) 525-1944
sbarasch1@aol.com

*/s Al Robert, Jr.*
Al J. Robert, Jr., 29401
Law Office of Al J. Robert, Jr., LLC
6040 Laurel Street,
New Orleans, Louisiana 70118
(504) 309-4852
ajr@ajrobert.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s Al Robert, Jr.*
AL J. ROBERT, JR.

4