# Longman Russo
### A PROFESSIONAL LAW CORPORATION

**GARY J. RUSSO**
Also Admitted To Practice In Texas
GJRUSSO@LRFIRM.COM

CHASE TOWER, SUITE 1600
600 JEFFERSON STREET
LAFAYETTE, LOUISIANA 70501
(337) 262-9000 FAX (337) 262-9001

MAILING ADDRESS:
P.O. BOX 3408
LAFAYETTE, LOUISIANA 70502-3408

OUR FILE NUMBER:
894.304

April 11, 2008

**VIA FEDERAL EXPRESS**
Ms. Dawn Marullo
Nicaud, Sunseri & Fradella, L.L.C.
3000 18th Street
Metairie, LA  70002

> Re:   Anthony J. Randazzo and Glenna P. Randazzo
>         vs. Lafayette Insurance Company, et al
>         USDC, Eastern District of Louisiana, No. 07-0182
>                 Consolidated With
>         In Re:  Katrina Canal Breaches
>         USDC, Eastern District of Louisiana, No. 05-4182

Dear Dawn:

You have advised that your clients received funds from the Road Home Program. In connection therewith, your clients entered into a Limited Subrogation/Assignment Agreement (the "Assignment Agreement"), pursuant to which they assigned certain claims and rights to the State of Louisiana, Division of Administration, Office of Community Development (the "State"). The Assignment Agreement provides that in the event your clients choose to "abandon, dismiss, or release the claims against [their] insurance company," they must "provide the State thirty (30) days prior written notice . . . to allow the State to individually pursue recovery of the rights which have been assigned to the State herein."

This letter will confirm that your clients have agreed to settle their claims against The Standard Fire Insurance Company ("Standard Fire"), for a total payment in new money of $29,500, allocated between Coverage A – Dwelling ($19,500), Coverage C – Personal Property ($8,000) and Coverage D – Additional Living Expense ($2,000) (the "Proposed Settlement"), subject to satisfaction of each of the following conditions:

> (i)      your clients' execution of the attached Settlement, Release, and Non-Waiver Agreement (the "Release");

> (ii)     your clients send written notice of the Proposed Settlement, dismissal and release of claims to the State, in compliance with the provisions of the Assignment Agreement;



EXHIBIT
*A*

Ms. Dawn Marullo
April 11, 2008
Page 2

> (iii)   the State either consents to the Proposed Settlement or, in the event the State does not respond to your written notice sent pursuant to the Assignment Agreement within thirty (30) days' of the date of its receipt thereof, the Court grants a Motion to Dismiss your clients' claims with prejudice.

In order to comply with condition (i) above, please have your clients execute the Release and return the original executed copy to me at your earliest convenience. I will hold it in trust pending satisfaction of the remaining conditions and your receipt of the settlement funds from Standard Fire.

In order to comply with condition (ii) above, we ask that you please complete the attached Request for Consent Form (note that much of the information relating to Standard Fire and its policy is included in the one-page document entitled "Settlement Communication Pursuant to F.R.E. Art. 408 and/or La. Code of Evidence Art. 408", which has been completed by Standard Fire and is also attached hereto). Please forward the completed Request for Consent Form and one-page document completed by Standard Fire to the State at the address set forth on Page 1 of the Request for Consent Form **via certified mail, return receipt requested.** For your convenience, we have attached hereto a form of cover letter that you may want to use when forwarding the required documents to the State. Please send a copy of the letter to the State and all attachments to me, along with the executed return receipt from the certified mailing, so that we can calendar the thirty (30) day notice period for responding by the State.

If you receive approval of the settlement from the State, please immediately forward to us a copy of the State's written consent to the settlement, at which time we will forward the settlement funds, along with a Motion to Dismiss and proposed form of Order, which we will ask that you execute and return to us for filing with the Court.

Alternatively, if thirty (30) days pass after the State's receipt of your letter, as evidenced by the certified mail return receipt, and the State has not responded, we will prepare a Motion to Dismiss requesting that the Court dismiss this matter with prejudice in light of the State's failure to timely intervene in these proceedings. If the Court grants the Motion to Dismiss and dismisses this action with prejudice, we will forward to you a check representing the settlement funds.

Please do not hesitate to give me a call if you have any questions regarding the foregoing.

With kindest regards, I am

Very truly yours,

Gary J. Russo

GJR/agl
Enclosures