UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, Robert Adams, 07-4459 | *<br>*<br>* | <br>JUDGE DUVAL<br>MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT,** in opposition to Plaintiffs' Motion for Leave to File Amended Complaint, defendant, State Farm Fire & Casualty Company ("State Farm"), respectfully avers as follows:

## I.  RELEVANT PROCEDURAL BACKGROUND

Plaintiffs, via their counsel, the Hurricane Legal Center ("HLC"), filed suit against State Farm on August 27, 2007.  *See* 07-4459, Rec. Doc. 1.  The case was assigned to Judge Berrigan. Thereafter, the following procedural activity took place:

- On October 10, 2007, the case was transferred to this Court to be consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*.  *See* 07-4459, Rec. Doc. 3.

- On October 22, 2007, the case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*.  *See* Rec. Doc. 8540.

- On November 5, 2007, Plaintiffs filed a First Amended Complaint as of right to add Allstate Insurance Company as a defendant. *See* Rec. Doc. 8846.

- On January 21, 2008, in response to motions to dismiss filed by State Farm in two virtually identical lawsuits filed by plaintiffs also represented by the HLC, which were both pending in the *In Re Katrina* umbrella (*Acevedo*, No. 07-5199 and *Abram*, No. 07-5205),[1] Judge Duval suggested that in light of his ruling in *Chehardy* upholding the flood exclusion contained in State Farm's policies, State Farm and plaintiffs' liaison counsel should work together to devise a global solution to dispose of the numerous cases pending in the umbrella seeking recovery for flood damages excluded under State Farm's policies. On February 15, 2008, Judge Duval held a status conference concerning State Farms interest in terminating those claims based on the inapplicability of the water damage exclusion in all cases pending in the Insurance Umbrella founded on the Court's ruling in *Chehardy*. *See* Rec. Doc. 11285. Judge Duval ordered that State Farm, Hartford and any other relevant insurer to identify all cases for which a global Motion to Dismiss claims based on the applicability of the water damage exclusion would be appropriate and to provide this list to plaintiffs' counsel. On March 7, 2008, plaintiffs' liaison counsel and counsel for State Farm and Hartford jointly proposed a proper method for disposing of these claims and provided lists of the cases to which the motion would apply. *See* Rec. Doc. 11579. The instant case is included in that motion. *See Id.* at Exhibit B. On March 11, 2008, Judge Duval ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for water damage under their respective homeowners

---

[1] Notably, Judge Duval granted State Farm's motions to dismiss in these two cases. *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No. 07-5205, and *Acevedo*, No. 07-5199);

{N0087476}                                      2

- policies (which, as stated above, includes the above-referenced case). *See* Rec. Doc. 11613. State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091.

- On April 30, 2008, plaintiffs filed the instant Motion for Leave to File Plaintiff's Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See* Rec. Doc. 12907.

- The plaintiffs' liaison counsel chose not oppose the State Farm motion. Their response would have been due on April 21, 2008. On May 5, 2008, the HLC in turn belatedly filed its own opposition relative to the many suits it has filed that are pending in the Insurance Umbrella. *See* Rec. Doc. 12955. The omnibus motion practice is presently set for hearing on June 11, 2008.

## II.   LAW AND ARGUMENT

Plaintiffs seek Leave of Court to file a **third** complaint, yet offer no factual or legal support for their request. State Farm filed a dispositive motion to dismiss the plaintiffs' claims on March 31, 2008.[2] The plaintiffs' liaison counsel was required to file an opposition to State Farm's motion by April 21, 2008 but apparently have chosen not to oppose the global motion. On May 5, 2008, the HLC filed an opposition to State Farm's global motion to dismiss, which includes this matter. Now, in complete disregard for the joint effort of Judge Duval to efficiently address the State Farm suits in a global manner and over eight (8) months since they instituted this action, the HLC seeks Leave of Court to file a third complaint which sets forth novel facts and new causes of action which diametrically contradict the facts and theories stated in the initial

---

[2] As discussed above and below, State Farm filed a global motion to dismiss numerous suits and claims in the *In Re Katrina* umbrella. Rec. Doc. 11579. That motion seeks to dismiss the instant case in its entirety. *Id*. at Exhibit B.

{N0087476}   3

and first amending complaints.³ The plaintiffs offer no excuse for this untimely and unfounded request. Moreover, the proposed amended complaint, like the initial and first amending complaints, does not state a claim against State Farm. Accordingly, plaintiffs' Motion for Leave should be denied.

    **A.**    ***Anderson, et al. v. State Farm*** **and** ***Aguda, et al. v. State Farm***⁴ **– This Court Denied Motions for Leave to File Amended Complaints in Cases Involving the Same Plaintiffs' Attorneys and Same Pleadings**

This Court recently ruled upon two Motions for Leave to File an Amended Complaint in *Anderson, et al. v. State Farm Fire and Cas. Co.* and *Aguda, et al. v. State Farm Fire and Cas. Co.,* cases substantially identical to the instant case. The *Anderson* and *Aguda* cases were filed by plaintiffs also represented by the plaintiffs' counsel in the instant case against State Farm, also represented by the undersigned attorneys. In those cases, the plaintiffs sought leave from this Court to amend their complaints.⁵ This Court granted the motion in part and denied the motion in part.⁶ This Court allowed the plaintiffs to file an amended complaint for the sole purpose of clarifying that wind and/or wind-driven rain proximately cause damage to the plaintiffs' property beyond any amounts already paid by State Farm, but rejected the plaintiffs' proposed amended complaint insofar as it asserted claims for flood damage under their homeowners policies and claims under Louisiana's Valued Policy Law.⁷ This Court further ordered that the plaintiffs file

---

³ The HLC has filed identical Motions for Leave to Amend in six (6) other cases pending before this court, all of which are also part of the State Farm global motion to dismiss.
⁴ *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, and *Aguda* No. 07-4457.
⁵ *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, [Dkt. No. 11051] and *Aguda* No. 07-4457, [Dkt. No. 11420]).
⁶ *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]).
⁷ *Id.*

an amended complaint which complied with the Order within 10 days of entry of the Order. Plaintiffs' counsel did not comply with the Court's Order.[8]

Despite the plaintiffs' failure to comply with this Court's deadline to amend their complaints in *Aguda* and *Anderson*, the HLC again sought leave of this Court to file new amended complaints. This Court denied plaintiffs' Motions for Leave to File Amended Complaints, in part, because the Court did not want to disrupt Judge Duval's efforts to obtain global resolution to the claims against State Farm.[9]

The instant case, like *Anderson* and *Aguda*, is subject to the same global motion before Judge Duval and would likewise disrupt those efforts and would undermine State Farm's Motion to Dismiss. Further, despite the previous advice from this Court, the amended complaint proposed by the plaintiffs seeks full policy limits based on Louisiana's Valued Policy Law. Accordingly, plaintiffs' motion should be denied.

### B. Applicable Legal Principles

Under Fed.R.Civ.P. 15(a), permission to amend "shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. (Miss.) 1967) (emphasis added). The rule, however, "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition," *Id.*, reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment.

---

[8] *Id.*
[9] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, *Aguda* No. 07-4457, Acevedo, No. 07-5199 and Abram, No. 07-5205, Order [Dkt. No. 12151]).

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Additionally, "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864, (5th Cir. (Tex.), 2003).  Further, courts have held that an amendment offered by the plaintiff may be denied on the grounds of undue delay where the amendment sets forth an entirely new theory of liability, ***particularly if that new theory is inconsistent with the original complaint***.  *Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118 (9th Cir. 1988); see also *Rosenzweig,* 332 F.3d at 864 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman*); *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995) (same).

> **C.    Analysis of the Relevant Factors Supports Denial Of The Plaintiffs' Motion**
>
>> 1.    <u>Allowing The Plaintiffs To Disregard This Court's Order Will Impact Pending Judicial Proceedings In The District Court And Will Prejudice State Farm</u>
>>
>>> a.    *Disruption of Judge Duval's Omnibus Motion Practice Order*

If the plaintiffs are granted the relief they seek there will be a serious disruption of the efforts of Judge Duval to efficiently address all State Farm matters that are pending in the Insurance Umbrella, including the above-referenced case.  Judge Duval issued an Order recognizing the special situation of State Farm due to his ruling validating the State Farm water damage exclusion.  *See* Rec. Doc. 11613.  The district court thus specifically asked State Farm and the parties to assist the court in proposing a streamlined process for addressing the State Farm claims in a manner that recognizes the tremendous work facing the district court in dealing with many matters pending in the consolidated litigation.  The district court in turn asked that State Farm devote significant resources to identifying all State Farm suits pending in the Umbrella (over 300), categorizing those suits and drafting a global motion addressing the claims in those suits for damage caused by flood, levee/canal overtopping, levee failure and storm

{N0087476}                                           6

surge. This pleading was filed by State Farm on March 31, 2008 (Rec. Doc. 12091). The motion seeks rulings dismissing in full certain suits for solely alleging claims for excluded flood damage and partial dismissals of other suits alleging both flood and unpaid wind damages.

The complaint in the instant case is subject to this motion and has been categorized, at the request of the district court, based on the complaints pending at the time the global motion was filed. If this Court were to now grant these plaintiffs their belated efforts to amend the complaint for a second time it will disrupt and confuse the proceedings in the district court relative to the global State Farm motion practice. Indeed, such a ruling might unwittingly set a larger precedent whereby plaintiffs in the Insurance Umbrella with claims against State Farm generally now seek to be allowed, long after the suits have been filed, to amend their complaints while the global motion is pending. Such an occurrence would wreak havoc on the omnibus process established by the district court to address the State Farm suits and defeat the purpose of Judge Duval's efforts.

Further, the HLC has filed an Opposition to the State Farm motion. Judge Duval will address the very issues they ask this court to now address. Obviously the district court believed eight months was sufficient time to give the plaintiffs to seek leave to file any amendments to the State Farm complaints before inviting omnibus motion practice. This may be because, as discussed below, it is illogical for the plaintiffs to suggest that almost three years after Hurricane Katrina and eight months after suit was filed they suddenly now have facts that indicate their properties were not actually solely destroyed by flooding from levee breaches and overtopping but were destroyed by wind "alone." Surely, the HLC, a law firm that purports, by its very name, to be legal hurricane experts, meant exactly what it alleged when it filed its original complaints – that the levee debacle caused flood waters to destroy its clients properties – thus the effort to

amend cannot be couched in terms of the need to correct in-artful pleading by inexperienced counsel. Indeed, when the original complaints were filed, the issue of the validity of claims for flood damage from levee breach under homeowners policies was still being actively litigated.

### b. *Prejudice To State Farm*

The Fifth Circuit has stated that it will "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764, (5th Cir. (Miss.),1999), citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 and n. 2 (5th Cir.1992)*; Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 667, (5th Cir.1981); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (5th Cir.(Miss.) 1967). Further, "It is clear that lack of diligence is reason for refusing to permit amendment." *Freeman*, 381 F.2d at 469, citing *Wheeler v. West India S.S. Co.*, 205 F.2d 354 (2 Cir., 1953). Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay 'was due to oversight, inadvertence, or excusable neglect.' *Id.,* citing *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8 Cir., 1945). In this situation, "Leave will be denied unless he shows some 'valid reason for his neglect and delay.' *Id.*, citing *Carroll v. Pittsburgh Steel Co.*, 103 F.Supp. 788, 790 (W.D.Pa.1952).

If the plaintiffs are allowed to file the proposed new Complaint, with the new, inconsistent factual allegations and new theory of liability, State Farm will be significantly prejudiced. *See Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1208 (10th Cir. (Okla.),2006) (noting prejudice found when amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues); see also *Royal Indem. Co. v. King*, 532 F.Supp.2d 404, 417 (D.Conn.,2008), citing *Missouri Housing Dev. Com. v. Brice,*

919 F.2d 1306, 1316 (8th Cir.1990) (denying leave to amend after plaintiff lost at summary judgment and attempted to change the theory of the case.); *Parker v. Joe Lujan Enterprises, Inc*., 848 F.2d 118 (9th Cir. 1988) (holding that an amendment offered by the plaintiff may be denied on the grounds of undue delay where the amendment sets forth an entirely new theory of liability, particularly if that new theory is inconsistent with the original complaint.). Furthermore, a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time." *Rosenzweig,* 332 F.3d at 864 ("'A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*'") (quoting *Freeman*); *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995) (same).

In *Parish*, the plaintiff filed a motion to amend on the same day, but after the defendants filed their motion for summary judgment on the plaintiff's complaint. *Parish*, 195 F.3d at 763. The district court found that allowing the plaintiff to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint. *Id.,* citing *Little,* 952 F.2d 841, 846; *Addington,* 650 F.2d 663, 667; *Layfield v. Bill Heard Chevrolet Co*., 607 F.2d 1097, 1099 (5th Cir.1979); *Ferguson,* 11 F.3d. at 706-7. In so holding, the district court found that the plaintiff's attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues. *Id.* In addition, the district court found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could have raised the additional claims in her complaint or at least sought to amend at

an earlier time. *Id.*, citing *Layfield,* 607 F.2d 1097, 1099. Accordingly, the Fifth Circuit affirmed the district court's denial of the plaintiff's motion for leave to amend. *Id.*

Here, as in *Parish*, the plaintiffs seek to amend their complaint over eight (8) months after the original complaint was filed. Plaintiffs offer no basis for their motion and provide not excusable justification for this delay. State Farm filed pleadings in reply to numerous HLC complaints identical to the instant complaint as far back as early December of 2007 wherein it asserted that the complaints only sought recovery for non-covered flood damages. Nevertheless, the plaintiffs did not seek leave of court to amend until after the expiration of the Court's deadline to respond to State Farm's global motion. They offer no justification for this delay.

Further, as explained below, should the Court allow the plaintiffs to file the proposed amended complaint, State Farm would be required to expend additional time and resources to file another motion to dismiss the case since the proposed amended complaint will also fail. Likewise, it would be a waste of judicial resources. Plaintiffs request that they be granted the opportunity to file a **third** complaint. Allowing the plaintiffs to file a third complaint – after State Farm has substantively addressed the Original Complaint by filing a substantive and dispositive motion to dismiss would be highly prejudicial.

Specifically, the new proposed amended complaint attached to plaintiffs' Motion for Leave sets forth facts which contradict the operative facts alleged in the initial complaint. The proposed amended complaint deletes any and all references to flood damage. The plaintiffs removed from the original complaint the paragraph which stated that each of the properties suffered substantial damage caused by "wind, wind driven rain, storm surge, overflowing of canals **and** breach of levees," (Plaintiffs' Original Complaint ¶ IV), and replaced it with a paragraph stating that the plaintiffs' property damage "was caused by wind and wind-driven

rain." Plaintiffs' Proposed Second Amended Complaint ¶ V, Rec. Doc. 12907-6. Further, the plaintiffs deleted paragraph V of the original complaint which stated that the "flood waters from nearby levee breaches" damaged each of the properties and that the flooding from the levee breaches was "man-made flooding and not natural flooding," and therefore covered under each of the plaintiffs' respective State Farm policies. *See* Plaintiffs' Proposed Second Amended Complaint, Rec. Doc. 12907-6. Now the plaintiffs allege new opposing facts that wind "was the cause of **all** this damage" and that "direct **wind** damage, **by itself**, caused a total loss of the property" *Id.* at ¶¶ V-VI. (emphasis added). In other words the plaintiffs filed suit alleging their properties were destroyed by **flood alone** and now seek to allege the opposite – that their properties were destroyed by **wind alone**. One thing remains consistent – the plaintiffs still allege that State Farm owes each of them full policy limits based on Louisiana's Valued Policy Law. *Id.* at ¶ VII.

Another division of this court recently held that, "Under binding Fifth Circuit precedent, '[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them.'" *Fontenot v. Metropolitan Property & Cas. Ins. Co*., 2007 WL 2990428, 1 (W.D.La.,2007) (Lemelle, J.), citing *Johnson v. Houston's Restaurant, Inc.,* 167 Fed. Appx. 393, 395 (5th Cir.2006) *citing White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983), *Morales v. Dep't of the Army,* 947 F.2d 766, 769 (5th Cir.1991), and *Davis v. A.G. Edwards & Son, Inc.,* 823 F.2d 105, 108 (5th Cir. 1987). The factual allegations contained in the plaintiffs' current proposed Amended Complaint is in direct conflict with the factual allegations alleged in the plaintiffs' Original Petition. As such, plaintiffs should be estopped asserting these facts.

2. <u>Amendment Would Be Futile</u>

Allowing plaintiffs to file an amended complaint would be futile because the prescriptive period for Hurricane Katrina claims expired on September 1, 2007.[10] Thus, the claims in plaintiffs' proposed amended complaint would be time-barred and subject to yet another Motion to Dismiss. Further, the proposed amended complaints would not relate back under 15(c) as the proposed amended complaint is based on entirely district operative facts.

Rule 15(c) provides in pertinent part that: "…An amendment to a pleading relates back to the date of the original pleading when:… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;…." Fed.R.Civ.Pro. 15(c). Where a proposed amended complaint attempts to add a new legal theory which is unsupported by the factual claims raised in the original pleading, the proposed claim arises from new and distinct conduct, transactions, or occurrences not found in the original pleading, and, therefore, the complaint will not relate back. In determining if an amended complaint relates back, the Fifth Circuit "regards as 'critical' whether the opposing party was put on notice regarding the claim raised therein." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. (Tex.) 1985), citing *Woods Exploration & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1299 (5th Cir.1971), (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968)).

---

[10] Louisiana Revised Statute 22:658.3(A) provides the relevant prescriptive period for insurance claims arising from Hurricane Katrina as follows:
> **§658.3. <u>Filing claims; extension for claims arising from hurricane activity</u>**
>
> A. Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through **September 1, 2007**, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract. (emphasis added).

Here, the original complaint notified State Farm that the plaintiffs sought full policy limits under their State Farm policies for damages caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore according to the plaintiffs, covered under each of the their respective State Farm policies. These statements set out the only claims and the grounds upon which the plaintiffs' action was based – non-covered flood damage.

While not precisely on point, Judge Feldman's decision in *Enjet, Inc. v. Maritime Challenge Corp.* offers guidance on the application of Rule 15(c). 220 B.R. 312, 315, (E.D.La.,1998). In *Enjet*, the issue before the Court was whether a debtor's late filed proposed amended objection to the creditor's proof of claim in a bankruptcy action would relate back under Rule 15(c) to a timely filed original objection. *Id.* The Court held that, "The flat inconsistency between the original and amended objection precludes relation back." *Id.*, citing *In re Solari*, 63 B.R. 115, 117 (9th Cir. BAP 1986) (rejecting an amended proof of claim's relation back because it "does not purport to cure a defect in the timely filed claim, nor does it describe the [original] claim with greater particularity"); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985) (rejecting relation back of amendment whose purpose was not "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim"). The Court reasoned that, "Conceptually, relation back in this context should be defined by some traceable relationship to the same bundle of facts that initiated the original objection to the proof of claim." *Enjet, Inc.*, 220 B.R. at 315.

As this court (and many other courts in the Eastern District in examining identical complaints filed by the HLC) determined, the only "occurrence" set out in the original complaint

is total loss due to flooding caused by levee breach and overtopping. Thus the plaintiffs now come forward, almost three years after Hurricane Katrina, with a completely new "occurrence" – total loss from hurricane winds **alone.** The HLC, "hurricane" experts by virtue of its name, meant what it said when it drafted the original complaint. At that time, the validity of the insurer flood exclusions was being heavily litigated and many insureds without adequate flood insurance filed suit with the hope that the courts might provide an avenue of recovery under homeowners policies. That issue has now been resolved in favor of State Farm thus the plaintiffs seek to create a novel theory of recovery based on an opposite set of facts. This new claim – wind alone destroyed the properties – does not relate back to the original claim – flood alone destroyed the properties.

Further, as previously explained, the factual allegations in plaintiffs' proposed amended complaint diametrically contradict the factual allegations in the original complaint. As such, in addition to the prescriptive bar on plaintiffs' claims, there would sufficient evidence to support an estoppel to prevent the plaintiffs from making such inconsistent factual allegations and legal claims. Based on these facts, it is clear that granting plaintiffs leave to amend would be futile.

### 3. Plaintiffs Have Not Demonstrated Good Faith

State Farm questions the plaintiffs' good faith in failing to file a motion for leave to file an amended complaint until eight months after it initially filed suit and two months after State Farm filed a dispositive motion to dismiss the plaintiffs' claims. Plaintiffs' counsel filed identical petitions/complaints in numerous lawsuits, many of which name(d) State Farm as a defendant. In many of the suits filed against State Farm, State Farm filed motions to dismiss the cases pursuant to Rule 12(b)(6) for failure to state a claim. Four of those cases were dismissed

pursuant to State Farm's motions to dismiss.[11]  After those cases were dismissed, plaintiffs' counsel moved to amend many of complaints to attempt to state valid claims against State Farm. In addition, two of the cases (which have not been dismissed) were recently before this court on Motions for Leave to File an Amended Complaint and this Court rejected both the plaintiffs' original petition/complaint and the plaintiffs' proposed amended complaint.[12]  Nevertheless, despite having been fully advised by several sections of the Eastern District of Louisiana that the claims in the initial petitions/complaints failed to state valid causes of action, plaintiffs' counsel continued to include such allegations within the proposed amended complaints.  For example, although having been advised by Judge Duval, Judge Porteous and Judge Feldman that claims for excluded water damage (storm surge, levee breaches and levee/canal overtopping) was not covered under State Farm homeowners (and all other State Farm policies other than the Standard Flood Insurance Policy) and is not a valid cause of action against State Farm, counsel nevertheless included such allegations in the amended complaint submitted (and subsequently rejected) by this Court on February 20, 2008.  *See id.*  Further, after being specifically directed by this Court in those cases to remove all claims under Louisiana's Valued Policy Law, the plaintiffs nevertheless include such allegations in the proposed amended complaint.  *See Id.; see also* Plaintiffs' Proposed Second Amended Complaint ¶ VII, Rec. Doc. 12907-6.

Finally, alleging in one pleading that plaintiffs are entitled to full policy limits based on a total loss caused by flooding and in the next (proposed) pleadings that plaintiffs are entitled to

---

[11] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram*, No.07-5205); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Acevedo*, No.07-5199); *Benit v. State Farm Fire & Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire & Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.).

[12] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]).

full policy limits based on a total loss caused by wind suggests such pleading evidences a lack of good faith.

### III.   CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend Complaint.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**