## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | : : : | CIVIL ACTION NO. 05-4182 "K" (2) |
| VERSUS | : : : | JUDGE DUVAL |
| PERTAINS TO: MRGO, Robinson (No. 06-2268) | : : : | MAG. WILKINSON |

### JOINT MOTION AND ORDER FOR PROTECTIVE ORDER

Plaintiffs, Norman Robinson, Kent Lattimore, Lattimore & Associates, Inc., Anthony Franz, Jr., Lucille Franz, and Tanya Smith, issued a subpoena to Dr. Hassan S. Mashriqui, a faculty member and employee of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), for the production of documents, data, and other information related to research performed by LSU. Neither Dr. Mashriqui nor LSU are parties to this litigation. Because both LSU and other governmental entities who funded some of the research pursuant to grants have ownership interests in the research documents, data, and other information, plaintiffs and LSU have agreed to and hereby move that the following consent protective order/confidentiality agreement be made an Order of the Court to protect the confidentiality and ownership of the research documents, data, and information owned by LSU and/or other governmental entities and to protect as confidential any and all information and documents exchanged between these parties in this matter:

### DEFINITIONS

(1) "Documents" as used in this Joint Motion and Order for Protective Order shall mean any and all documents, data, or other information pertaining to any research performed or compiled by LSU pursuant to any research performed in whole or in part by LSU whether funded by LSU or pursuant to grants provided by any other entity, and which contain confidential, sensitive, or proprietary information, trade secrets, or any other documents which may be marked or otherwise identified by LSU as "Confidential".

(3) "Parties" as used in this Joint Motion and Order for Protective Order shall mean the following persons who may need the confidential documents or information in connection with their duties in the conduct of this litigation:
   a. The Parties in the case and to this Joint Motion and Order for Protective Order;

b. Attorneys of record for the Parties in this litigation and their partners or associate attorneys;

c. Any persons regularly employed by such attorneys for Parties or their firms, when working in connection with this litigation under the direct supervision of partners or associate attorneys of said firm, including but not limited to, paralegals, secretarial and clerical employees, outside copy services, litigation consulting services, document management services and graphic services assisting attorneys of record;

d. Any independent expert, attorney, consultant, or similar person consulted or retained by counsel for Parties to provide assistance, expert advice, technical consultation, or testimony in this litigation, and the employees of such experts, consultants or similar persons when working in connection with this litigation under the direct supervision of said persons;

e. If applicable, the officers, directors or employees of a Party to this litigation, only to the extent that such persons are assisting counsel for that Party in the conduct of this litigation;

f. The Court;

g. Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

h. Any other person on such terms and conditions as the Parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

## PROCEDURES AND OBJECTIONS

(1) Any documents exchanged between the Parties in response to a request for documents and/or subpoenas, whether such documents were exchanged formally or informally (collectively "exchanged documents"), shall be disclosed only to the parties to this litigation and such approved employees of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College whom counsel for the Board may specifically identify as such.

(2) Exchanged documents must be specifically marked "Confidential" and other precautions taken as to reasonably ensure that the exchanged documents will not be disclosed, accidentally or otherwise, to persons not authorized to receive or view the exchanged documents.

(3) Information contained in the exchanged documents shall be used by the parties and such approved employees of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College solely for purposes of this litigation.

(4) The substance of any information contained within and obtained from these documents shall not be disseminated to anyone not authorized pursuant to this Order to examine these documents.

(5) The provisions of this Order restricting the handling, communication and use of the exchanged documents shall continue to be binding after the termination of this suit, including all appeals, unless the Court by order authorizes alternative handling, communication or use of the information.

(6) If any of the exchanged documents provided to plaintiffs or their attorneys are subpoenaed or otherwise required to be produced by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, plaintiffs, their attorneys, or their experts shall not produce such information without first giving written notice (including the delivery of a copy of the subpoena) by any expedited means including but not limited to facsimile to the attorneys of record for LSU, at least 10 business days prior to the return date of the subpoena. If a subpoena purports to require production of such exchanged documents on less than 10 business days, immediate notice by telephone and facsimile of the receipt of such subpoena is required.

(7) In the event that all parties are not actually notified prior to the return date of the subpoena, the party to whom the subpoena is directed shall respond to the subpoena by objecting to production of the subpoenaed records and notifying the party requesting the exchanged documents of this order.

(8) All parties to this Joint Motion and Order for Protective Order reserve their respective rights to object to the discoverability (based on lack of relevancy or otherwise) and confidentiality of any documents requested or subpoenaed, which objection may be resolved through a contradictory hearing before this Court.

(9) In the event that any person violates the terms of this Order, they may be determined to be in contempt of Court and subject to any and all fines and penalties available under the law.

(10) This Order shall in no way diminish the attorney/client privilege or require production or exchange of attorney work product.

(11) All Documents and/or confidential information as marked shall remain the exclusive property of the disclosing party. No right or license to any produced document or information or any intellectual property contained in any document or information, either expressed or implied, is granted to the receiving party pursuant to the Agreement.

(12) Ownership and title to any research, documents, data, and other information and intellectual property generated by LSU and its employees will remain with LSU.

(13) The disclosure pursuant to this Order of research, documents, data, or information possessed, generated or compiled by LSU or Dr. Mashriqui does not grant any rights to the receiving parties to publish, present, or otherwise incorporate such research, documents, data, or information as that party's own work. Any use of the research, documents, data, or other information generated or compiled by LSU or Dr. Mashriqui is prohibited unless a specific request is made to and permission is given by LSU.

(14)  This Order shall be effective on the date entered.

New Orleans, Louisiana, this ____ day of _____, 2008.

_____
**JUDGE, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

Approved and agreed as to form and content,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By _____
David J. Shelby, II, #22614
Jennifer M. Sigler, #27083
8th Floor, 451 Florida
Post Office Box 2471
Baton Rouge, Louisiana 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

*Attorneys for Dr. Hassan Mashriqui and
The Board of Supervisors of Louisiana State University and
Agricultural and Mechanical College*

By _____
Law Offices of Joseph M. Bruno
Joseph M. Bruno, #3604
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile (504) 581-1493

McKernan Law Firm
Joseph Jerry McKernan, #10027
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile: (225) 926-1202