UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDRIA ARCENEAUX ET AL.              *     CIVIL ACTION

VERSUS                                *     NO. 07-7701

STATE FARM FIRE AND CASUALTY CO.     *     SECTION "F"

ORDER AND REASONS

The plaintiffs move the Court to vacate the Court's January 24, 2008 order of dismissal under Rule 59(e) and allow the plaintiffs to amend their complaint. In the alternative, plaintiffs move for relief from judgment under Rule 60(b). For the following reasons, the plaintiffs' motions are DENIED.

Background

The plaintiffs sued State Farm on August 27, 2007 for relief under their homeowners insurance policies and for penalties under Louisiana law. State Farm filed a motion to dismiss under Rule 12(b)(6) on December 11, 2007, which the Court granted on January

1



24, 2008, finding that the plaintiffs only stated a claim for losses caused by flooding, an excluded risk under the State Farm policies. The plaintiffs now request the Court to vacate the order of dismissal under Rule 59(e) and allow the plaintiffs to amend their complaint under Rule 15. In the alternative, the plaintiffs claim they are entitled to relief from judgment under Rule 60(b).

## I. Motion to Alter or Amend Judgment

Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). To obtain relief under Rule 59(e), the movant must (1) show that its motion is necessary to correct a manifest error of law or fact, (2) present newly discovered or previously unavailable evidence, (3) show that it motion is necessary to prevent manifest injustice, or (4) show that its motion is justified by an intervening change in the controlling law. Robinett v. State Farm Mut. Auto. Ins. Co., 2003 WL 292306, at *1 (E.D. La. 2003). Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling

2

Co. United, Inc., 2004 WL 2554847, at *4 (5th Cir. 2004). The plaintiffs have not presented any new evidence or persuaded the Court that it made any errors in its January 24, 2008 Order and Reasons, let alone the manifest errors of law or fact necessary to entitle a party to alteration or amendment of judgment under Rule 59(e).

## II. Motion to Amend the Complaint

The Fifth Circuit has instructed that "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59(e)." See Heimlich v. Harris County, Texas, 81 Fed. Appx. 816, 2003 WL 22770144 (5th Cir. 2003), citing Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000). In Heimlich, the court of appeals noted that, "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" Id., citing Briddle v. Scott, 63 F.3d 364, 380 (5th Cir. 1995). Post-judgment amendments are properly denied when they may "substantially prejudice the other party or are caused by the movant's unreasonable delay, especially where the movant was aware of the facts upon which the amendment is predicated but failed to raise the matter prior to judgment." Durkin v. State Farm Mut. Ins.

3

Co., 1997 WL 417247 *1 (E.D. La. 1997). The plaintiffs have not "clearly established [they] could not reasonably have raised the new matter" prior to judgment. See Heimlich at 816.[1] Further, considering that the plaintiffs filed their original complaint more than eight months ago, and waited more than 100 days after dismissal to file the present motion, allowing the post-judgment amendment would prejudice the defendant. The plaintiffs' motion for leave to amend the complaint is denied.

### III. Motion for Relief from Judgment

Rule 60(b)(1) provides relief from a judgment that results from mistake, inadvertence, surprise, or excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993). Although the concept of excusable neglect is

---

[1] Indeed, it is apparent that the plaintiffs have discovered nothing new since filing the original complaint, and instead intend to pursue whatever factual or legal theories they believe will advance their lawsuit against State Farm. In the original complaint, the plaintiffs claimed that their losses were caused by a combination of, "wind, wind driven rain, storm surge, overflowing of canals and breaches of levees," and they asserted total losses caused by man-made flooding.

After State Farm's Rule 12(b)(6) motion was granted, the plaintiffs attempted to amend the complaint, adding that, while their losses were caused by "wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. *However, wind was the efficient proximate cause of all this damage.*"

Finally, in the proposed amended complaint attached to the Rule 59(e) motion, the plaintiffs now contend that the damage "was caused by wind, wind driven rain *alone.*" The plaintiff is not entitled to continue sharpening its legal theory months after the case was dismissed.

4

"somewhat elastic," it generally excludes gross carelessness, ignorance of the rules, or ignorance of the law. See id. at 392. Under Rule 60(b)(6), the district court may provide relief from final judgment for any "reason justifying relief from the operation of the judgment." See Williams v. Sheriff's Dept., Iberia Parish, 2006 WL 470607, *1 (5th Cir. 2006).

The plaintiffs electronically filed a "First Amended Complaint" on January 15, 2008 without seeking leave from the Court and, as a consequence, the clerk of the court marked it "deficient," did not enter it into the record, and issued a "notice of deficient document" that stated: "Attention: Document must be refiled in its entirely within five (5) working days. . . . [d]eficiency remedy due by 1/24/2008."[2] The plaintiffs contend that the language of the "notice of deficient document" provided them with a reasonable basis to assume the complaint could be amended anytime before midnight on January 24, 2008 -- notwithstanding the fact that State Farm's motion to dismiss was set for hearing on January 23, 2008, at 10:00 a.m. The Court does not agree that this constitutes excusable neglect under 59(e). See Pioneer at 392. State Farm filed the motion to dismiss on December 11, 2007, and noticed it for hearing on January 23, 2008. The "notice of deficient document" published on January 16, 2008 certainly did not

---

[2] The Court addressed this issue in its Order and Reasons, dismissing the complaint.

5

affect the motion's hearing date. Nor does the Court see "any other reason that justifies relief" under Rule 60(b)(6).

Accordingly,

IT IS ORDERED: The plaintiffs' motion to alter or amend judgment under Rule 59(e) is DENIED.

IT IS FURTHER ORDERED: The plaintiffs' motion for relief from judgment under Rule 60(b) is DENIED.

IT IS FURTHER ORDERED: The plaintiffs' request to amend the complaint is DENIED.

New Orleans, Louisiana, May 14, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE