UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: INSURANCE, <u>Allen-Perkins, 07-5204</u> | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

*************************************************************************

### STATE FARM'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**MAY IT PLEASE THE COURT,** in supplement to its Opposition to plaintiffs' Motion for Leave to File Amended Complaint, defendant, State Farm Fire and Casualty Company ("State Farm"), respectfully avers as follows:

**I.   INTRODUCTION**

On May 14, 2008, the day after State Farm filed its Opposition to plaintiffs' Motion for Leave to File Amended Complaint, another division of this Court issued an Order and Reasons denying similar motions filed by plaintiffs also represented by the Hurricane Legal Center ("HLC") against State Farm, also represented by the undersigned attorneys.[1] The Court's Order, attached hereto as Exhibit 1, includes substantive rulings on issues significant to those in the instant cases.

**II.   ARGUMENT**

    **A.   Background of *Arceneaux***

In *Arceneaux*, the plaintiffs, through the HLC, filed a Petition virtually identical to the complaints filed in the instant case.[2] State Farm filed a motion to dismiss the plaintiffs' case with

---

[1] *Arceneaux v. State Farm Fire and Cas. Co.*, No. 07-7701 Order [Dkt. No. 49] (E.D. La. May 14, 2008) (Feldman, J.).
[2] *Arceneaux*, No. 07-7701 [Dkt. No. 1].

{N0090315}

prejudice, which was substantially similar to State Farm's global motion to dismiss currently pending in the instant case.[3]  Judge Feldman granted State Farm's motion and issued an Order dismissing the plaintiffs' suit.[4]  The Court determined that the plaintiffs exclusively sought to recover for damages caused by flooding, a loss specifically excluded under the plaintiffs' policies.[5]

The *Arceneaux* plaintiffs sought leave of court to file an amended complaint over two months after the dismissal order was issued.[6]  That request was denied based on the District Court's previous dismissal of the plaintiffs' entire suit.[7] The plaintiffs then filed (1) a Rule 60(b) Motion for Relief From Judgment and for Leave to File an Amended Complaint;[8] and (2) a Rule 59(e) Motion to Alter/Amend Judgment and for Leave to File an Amended Complaint.[9] The motions were denied.

### B. The Court's Ruling in *Arceneaux*

In its Order denying the plaintiffs' motions, the *Arceneaux* Court spoke to several issues of particular relevance in the instant case:

**(1)    The Court affirmed its prior holding that the Original Petition (virtually identical to the initial complaint in the instant case) exclusively stated claims for non-covered flood damage;[10]**

**(2)    The Court held that the plaintiffs were attempting to assert novel facts and legal theories in their proposed Amended Complaint (which is virtually identical to the proposed amended complaint in the instant case)**:

> Indeed, it is apparent that the plaintiffs have discovered nothing new since filing the original complaint, and instead *intend to pursue whatever factual or legal theories they believe will advance their lawsuit against State Farm.*  In the original complaint, the plaintiffs claimed that their losses were caused by a combination of 'wind, wind driven rain, storm surge, overflowing of canals and breaches of levees,' and they asserted total losses caused by man-made flooding.  After State Farm's Rule 12(b)(6) motion was granted, the plaintiffs attempted to amend the complaint, adding that, while their losses were caused by 'wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below.  However, wind was the efficient

---

[3] *Arceneaux,* No. 07-7701 [Dkt. No. 5].
[4] *Arceneaux*, No. 07-7701 [Dkt. No. 16], attached hereto as Exhibit 1.
[5] *Id.*
[6] *Arceneaux,* No. 07-7701 [Dkt. No. 26].
[7] *Arceneaux,* No. 07-7701 [Dkt. No. 33].
[8] *Arceneaux,* No. 07-7701 [Dkt. No. 36].
[9] *Arceneaux,* No. 07-7701 [Dkt. No. 38]
[10] *Arceneaux,*No. 07-7701 Order [Dkt. No. 49], pp.1-3.

{N0090315}                                           2

proximate cause of all this damage.' Finally, in the proposed amended complaint…the plaintiffs now contend that the damage was cause by wind, wind driven rain *alone*.' (emphasis in original). *The plaintiff is not entitled to continue sharpening its legal theory months after the case was dismissed*.[11]

**(3)  The Court recognized that the plaintiffs failed to establish that "they could not reasonably have raised the new matter prior to the trial court's merits ruling."**[12]

**(4)  The Court determined that State Farm would be prejudiced should the plaintiffs be permitted to amend their complaint, stating that:**

> Further, considering that the plaintiffs filed their original complaint more than eight months ago, and waited more than 100 days after dismissal to file the present motion, allowing the post-judgment amendment would prejudice the defendant." [13]

**(5)  The Court found that attorney neglect which was similar to the attorney neglect exhibited in the instant case was not excusable**.[14]

### C.  Application

Similar principles to those analyzed by the Court in *Arceneaux* are applicable to the instant case. In both *Arceneaux* and *Allen-Perkins*, the plaintiffs filed suit seeking damages for total loss of their respective properties caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore according to the plaintiffs, covered under each of the their State Farm policies. The complaints were based on a legal theory which has been expressly rejected by this Court and the Fifth Circuit.

The proposed amended complaint in *Allen-Perkins* is virtually identical to the proposed amended complaint rejected by Judge Feldman in *Arceneaux*. As the Court held in *Arceneaux*, the proposed amended complaint here sets forth novel facts and theories which diametrically contradict those stated in the initial complaint. Thus, plaintiffs' motion should be denied.

The plaintiffs in *Arceneaux* waited over eight months from the inception of the suits and "more than 100 days after dismissal" before they sought Leave of Court to file an amended

---

[11] *Arceneaux,* No. 07-7701 Order [Dkt. No. 49], at p. 4, note 1 (emphasis added).
[12] *Id.* at pp.3-4, citing *Heimlich v. Harris County, Texas*, 81 Fed. Appx. 816, 2003 WL 22770144 (5th Cir. 2003).
[13] *Id.* at p. 4.
[14] *Id.* at pp.5-6.

complaint. Similarly, the plaintiffs' motion for leave in *Allen-Perkins* is also untimely. It has been over eight (8) months since plaintiffs instituted this action. Further, while *Allen-Perkins* has yet to be dismissed, State Farm's global motion to dismiss, which includes *Allen-Perkins*, is currently pending before this Court. As early as December of 2007, State Farm asserted in identical cases that the complaints only sought recovery for non-covered flood damages. Additionally, the Court and the parties started to discuss this global motion practice in January of 2008 – over three months ago. Nevertheless, like the plaintiffs in *Arceneaux*, the plaintiffs here did not seek leave of court to amend until after the expiration of the Court's deadline to respond to State Farm's global motion. Furthermore, allowing plaintiffs to belatedly amend their complaint would disrupt both this Court's and State Farm's efforts toward global resolution. As the Court reasoned in *Arceneaux*, the undue delay and prejudice to State Farm could have been avoided had the HLC exercised due diligence and does *not* amount to excusable neglect.

### III. CONCLUSION

In light of the above, and for the reasons stated in State Farm's Opposition to plaintiffs' Motion for Leave to File Amended Complaint, State Farm respectfully requests that this Court deny plaintiffs' motion.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com;
cgarbett@kingkrebs.com;
smonsour@kingkrebs.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**