**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NO. 05-4182
SECTION "K" (2)

PERTAINS TO: INSURANCE –INSURANCE SUITS
PENDING IN THE INSURANCE UMBRELLA THAT
INVOLVE STATE FARM AND HARTFORD AS DEFENDANTS:
07-4457; 07-4459; 07-5204; 07-5206; 07-5208; 07-6737; 07-8621; 07-8622; 07-8623; 07-9768;
08-1164; 08-1165; 08-1166

**REPLY TO PLAINTIFFS' OPPOSITION TO STATE FARM'S**
**OMNIBUS MOTION TO DISMISS FLOOD WATER DAMAGE CLAIMS**

**MAY IT PLEASE THE COURT,** in reply to Plaintiffs' Opposition to State Farm's

Motion to Dismiss, defendant, State Farm Fire and Casualty Company ("State Farm")

respectfully avers as follows:

**I.    PLAINTIFFS' FAILURE TO COMPLY WITH THIS COURT'S ORDER**
**WARRANTS DISMISSAL OF THE PLAINTIFFS' CLAIMS**

Almost four months ago, on January 21, 2008, in response to motions to dismiss filed by

State Farm in two nearly identical lawsuits filed against State Farm on behalf of plaintiffs

represented by the Hurricane Legal Center ("HLC"),[1] this Court suggested that the Court and the

parties work together to devise a global solution to dispose of the numerous cases pending in the

umbrella seeking recovery for excluded flood damages. On March 7, 2008, plaintiffs' liaison

counsel and counsel for State Farm and Hartford proposed a method for disposing of these

claims and provided lists of the cases to which the motion would apply. *See* Rec. Doc. 11579.

---

[1] Notably, this Court granted State Farm's motions to dismiss in these two cases. *In re Katrina Canal Breaches Litig.*, No. 05-4182, Rec. Doc. 10738 (*Abram*, No. 07-5205, and *Acevedo*, No. 07-5199).

This Court approved the parties' method and issued an Order on March 11, 2008, which provided deadlines as follows:

> This motion practice shall be governed by the following briefing schedule:
>
>    a. State Farm and Hartford shall file their motions 21 days from the entry of this Order.
>    b. The Plaintiffs shall file an Opposition to each of these motions 21 days thereafter.
>    c. State Farm and Hartford shall file any reply briefs within 14 days thereafter. *See* Rec. Doc. 11613.

In compliance with this Court's Order, State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091. Thus, pursuant to the Court's Order, the plaintiffs were required to file a response by April 21, 2008. The plaintiffs did not file an opposition. However, on May 5, 2008, fourteen days after the deadline ordered by the court and agreed upon by the parties, the HLC, an entity which filed numerous lawsuits in the Eastern District of Louisiana on behalf many plaintiffs, filed an Opposition to State Farm's motion. *See* Rec. Doc. 12955. That memorandum curiously states that it pertains to only ten of the thirteen HLC cases identified in and subject to State Farm's global motion to dismiss.[2] *Id.*

Plaintiffs' liaison counsel did not to oppose State Farm's motion and thus *sub silencio* acknowledges that dismissal of the cases referenced therein is appropriate. As such, State Farm's motion should be granted. Further, because the HLC plaintiffs failed to comply with this Court's Order by ignoring the briefing schedule agreed upon by the parties and ordered by the Court, the untimely Opposition should not be considered and the cases should likewise be dismissed.

Although Fed.R.Civ.Pro. 6(b) allows the district court, in its discretion, to enlarge some deadlines after they have expired, it may only do so if: (1) cause is shown, **and** (2) the applicant's failure to act timely was the result of excusable neglect. The plaintiffs here do not even recognize their failure to act timely, much less argue that their failure is justified.

---

[2] Thirteen cases filed by plaintiffs represented by the HLC are subject to State Farm's global motion to dismiss. While State Farm clearly identified these thirteen cases in Exhibit A the HLC only captions and references ten of the cases in their Opposition. The plaintiffs do not reference the following three cases: *Aguda, et al. v. State Farm* (No. 07-4457); *R.Adams, et al. v. State Farm* (No. 07-4459); and *Acevedo, et al. v. State Farm, et al*. (No. 07-5208).

Further, the Fifth Circuit has stated that:

> [D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

This court established, with **joint and agreed upon input from plaintiffs' and insurers' liaison counsel**, a process to efficiently address whether the complaints in the Insurance Umbrella state valid causes of actions against State Farm and Hartford.  Further, the parties and this Court have expended significant resources to this process. The HLC's failure to comply with the briefing schedule is inexcusable.  As such, plaintiffs' Opposition should not be considered. Alternatively, in the event the Court should consider plaintiffs' Opposition, out of an abundance of caution, State Farm responds to the substance of plaintiffs' motion below.

## II.    THE HLC CASES

### A.    The HLC Complaints State Claims for Water Damage Only

The plaintiffs allege in each of their complaints that all of the properties suffered substantial damage caused by "wind, wind driven rain, storm surge, overflowing of canals and breach of levees." They assert that the "flood waters from nearby levee breaches" damaged each of the properties and that the flooding from the levee breaches was "man-made flooding and not natural flooding," and therefore covered under the plaintiffs' respective policies.  The plaintiffs then allege that as "a result of the aforesaid events Defendant was required to pay each Plaintiff his/her **policy limit**" on all coverages under the plaintiffs' policies.  The plaintiffs assert:

> Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid **limit payments**.  Instead, **Defendant made only partial payment based upon wind and wind driven rain** *alone*. (emphasis added).

In other words, the plaintiffs claim that their properties were total losses due to flooding from the levee debacle, allege that State Farm made payments for covered losses caused by wind and wind driven rain "**alone**", and now solely seek recovery of the full policy limits based on the allegation that State Farm was also obligated to pay for water damage caused by "overflowing of

canals and breach of levees." Thus, plaintiffs exclusively seek recovery of the *full policy limits* for damages caused by flooding.

This Court has already determined that identical complaints filed by the HLC assert claims for water damage only.[3] Further, two other district court judges (Porteous and Feldman) and one Magistrate Judge (Wilkinson) have agreed with this Court that plaintiffs' complaints fail to state any valid claims against State Farm. State Farm filed motions to dismiss virtually identical complaints filed by plaintiffs represented by the HLC. Five of those cases were dismissed pursuant to State Farm's motions, finding that the complaints stated claims for non-covered flood damage only.[4] After the two cases before Judge Porteous and the case before Judge Feldman were dismissed with prejudice, the plaintiffs sought relief pursuant to Rule 60 and Rule 59 and sought leave to file amended complaints[5] The plaintiffs' motions were denied.[6]

In addition, two cases at issue here were deemed by Judge Wilkinson to solely state claims for flood damages in the context of his ruling upon plaintiffs' motions to amend the complaints in those matters.[7] Thus, to date, seven (7) of these HLC complaints (which are virtually identical to the complaints at issue here) have been deemed to exclusively seek recovery for flood damages.

The notice requirements of Fed.R.Civ.Pro. 8 require only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957). Citing to the Supreme Court's decision in *Bell Atlantic Corporation v. Twombly*, ---U.S.----, ----, 127 S.Ct. 1955, 1969 (2007), this Court has held that:

---

[3] *In re Katrina Canal Breaches Litig.*, No. 05-4182, Rec. Doc. 10738 (*Abram*, No.07-5205, *Acevedo*, No.07-5199).

[4] *In re Katrina Canal Breaches Litig.*, No. 05-4182 (*Abram*, No.07-5205, *Acevedo*, No.07-5199); *Benit v. State Farm Fire and Cas. Co.*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire and Cas. Co.*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Arceneaux v. State Farm Fire and Cas. Co.*, No. 07-7701 Order [Dkt. No. 16] (E.D. La. May 14, 2008) (Feldman, J.).

[5] *Benit*, No. 07-6738, [Dkt. No. 40]; *Harrington*, No. 07-7600, [Dkt. No. 35]; *Arceneaux*, No. 07-7701 [Dkt. No. 36]

[6] *Benit*, No. 07-6738, Order [Dkt. No. 40] (E.D. La. Mar. 25, 2008) (Porteous, J.); *Harrington*, No. 07-7600, Order [Dkt. No. 35] (E.D. La. Mar. 25, 2008) (Porteous, J.); *Arceneaux*, No. 07-7701 Order [Dkt. No. 49] (E.D. La. May 14, 2008) (Feldman, J.).

[7] *In re Katrina Canal Breaches Litig.*, No. 05-4182 (*Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]).

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal Breaches Litigation,* 2008 WL 659467, 1 (E.D.La., March 5, 2008).

Additionally, in *Bell Atlantic Corp.,* the Court held that, "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." 127 S.Ct. at 1965, citing 5 Wright & Miller §1202, 94-95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented…"). Further, in *Neitzke v. Williams*, the Supreme Court explained that, "if as a matter of law it is clear that no relief could be granted **under any set of facts that could be proved consistent with the allegations**, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." 490 U.S. 319, 326-327, 109 S.Ct. 1827, 1832 (1989).

The allegations in the complaints notified State Farm that the plaintiffs sought full limits under their policies for damages caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore, according to the plaintiffs, covered under each of the their respective policies.  These statements set out the only claims and the grounds upon which the plaintiffs' actions were based – non-covered flood damage.  However, in contrast, the complaints in no way notified State Farm that plaintiffs sought full policy limits for coverage of wind and wind-driven rain damages. Rather the complaints state that State Farm **did** pay for wind and wind-driven rain damages "**alone**" and solely sets out a factual basis and legal grounds to recover for damages caused by flood. Unfortunately for the plaintiffs, this Court and the Fifth Circuit have determined that State Farm's flood exclusions unambiguously excludes coverage for the losses alleged in plaintiffs' complaints.

### B.   Plaintiffs Have Not Amended Their Complaints

Plaintiffs assert in their Opposition that they have filed amended complaints which are set to be heard on "May 13, 2008" and thus argue that the Court should refrain from granting State Farm's Motion to Dismiss. However, this argument is misleading. To clarify, there are seven

Case 2:05-cv-04182-SRD-JCW   Document 13205   Filed 05/19/08   Page 6 of 10


cases in which plaintiffs have filed motions for leave to file amended complaints which are pending before Judge Wilkinson to be heard on May 21, 2008.[8] As Judge Wilkinson has denied the HLC's prior efforts to amend their complaints because of its potential impact on this process it is reasonable to assume he will rule in a consistent fashion on the pending HLC motions.

Further, there are three cases (*Tardo*, 08-1164, 08-1165 and 08-1166) in which the plaintiffs filed amended complaints pursuant to another Court's Severance Order, but which improperly exceeded the bounds of that order by substantially altering the facts and asserting novel legal theories. Additionally, there are two cases (*Anderson,* 07-6737 and *Aguda,* 07-4457) in which the plaintiffs sought leave to file amended complaints, but their motions were denied.[9] Finally, in one of the cases (*Acevedo II,* 07-5208), the plaintiffs have not attempted to amend their complaint.[10]   As there are no pending motions for leave to amend the complaints in *Anderson*, *Aguda* and *Acevedo II*, the plaintiffs' argument that the complaints have been amended is not applicable and thus for the reasons stated above, those cases should be dismissed.

### A.   *Gaubert*; *R. Adams*, *D. Adams*; *Allen-Perkins*; *Woniger*; *Worgan* and *Moore*

The plaintiffs in these seven cases filed motions for leave of court to file amended complaints well-after State Farm filed its global motion to dismiss and after the deadline to file an opposition to State Farm's Global Motion.[11] It is likely that plaintiffs' motions for leave will be denied, as Judge Wilkinson recently denied two similar motions.[12] State Farm opposed the

---

[8] *Gaubert*, 07-9768; *R. Adams*, 07-4459; *D. Adams*, 07-5206; *Allen-Perkins*, 07-5204; *Woniger*, 07-8623; *Worgan*, 07-8621; *Moore*, 07-8622).

[9] *Gaubert*, 07-9768 [Dkt. No. 13107], *R. Adams*, 07-4459 [Dkt. No. 13103], *D. Adams*, 07-5206 [Dkt. No. 13109], *Allen-Perkins*, 07-5204 [Dkt. No. 13110], *Woniger*, 07-8623 [Dkt. No. 13112], *Worgan*, 07-8621 [Dkt. No. 13114], *Moore*, 07-8622 [Dkt. No. 13116]).

[10] The *Acevedo II* plaintiffs (07-5208) apparently seek to recover under the various plaintiffs' flood insurance policies, but the allegations in the Complaint are virtually identical to the allegations in the twelve other complaints at issue here other than its unique reference to "property insurance to cover damage by flood." For example, the complaint states claims for full policy limits for coverages which only exist in homeowners policies and states claims for full policy limits based on the VPL (which does not apply to the SFIP).  Because of the ambiguity of the complaint, State Farm included it in its global motion with the expectation that plaintiffs would clarify in an opposition.  The plaintiffs did not name this suit in their Opposition and thus apparently concede that it should be dismissed to the extent that it seeks recovery for flood damages under homeowners policies but claims seeking recovery under flood policies would remain.

[11] With respect to the *Debra Adams* case (07-5206), the plaintiffs did not assert any claims against State Farm until over two months after the prescriptive period expired. State Farm has yet to file a motion to dismiss on this basis because this Court requested that State Farm refrain from filing any motions in the *In Re Katrina* Umbrella.

[12] *Anderson,* No. 07-6737, *Aguda* No. 07-4457, Order [Dkt. No. 12151]).

plaintiffs' baseless motions on many grounds, including: the fact that their proposed amended complaints set forth novel facts and new causes of action which diametrically contradict the facts and theories stated in the initial complaints, plaintiffs' undue delay in seeking amendment, the prejudice which State Farm would endure should amendment be allowed, and allowing plaintiffs to amend their complaints would be futile.[13]

Plaintiffs assert in their Opposition to State Farm's global motion that they filed motions for leave to amend their complaints in order to "further clarify Plaintiffs' claims for wind and wind driven rain." However, the proposed amended complaints do not "clarify" anything other than the fact that the plaintiffs are attempting to assert theories seriatim.  The proposed amended complaints, in the words of Judge Feldman in his recent ruling denying identical efforts by the HLC, reflect the plaintiffs' intent "*to pursue whatever factual or legal theories they believe will advance their lawsuit against State Farm.*"[14]   The plaintiffs removed from the original complaints the paragraph which stated that each of the properties suffered substantial damage caused by "wind, wind driven rain, storm surge, overflowing of canals **and** breach of levees," and replaced it with a paragraph stating that the plaintiffs' property damage "was caused by wind and wind-driven rain."  Further, plaintiffs deleted from the original complaints the paragraph which stated that the "flood waters from nearby levee breaches" damaged the properties and that the flooding from the levee breaches was "man-made flooding and not natural flooding," and therefore covered under the plaintiffs' State Farm policies.  Now plaintiffs seek leave to allege new opposing facts that wind was the cause of "**all** this damage" and that "direct **wind** damage, **by itself**, caused a total loss of the property." In other words plaintiffs filed suit alleging their properties were destroyed by **flood alone** and now seek leave to allege the opposite – that their properties were destroyed by **wind alone**.  One thing remains consistent –plaintiffs still allege that State Farm owes each of them full policy limits.

---

[13] *See Gaubert*, 07-9768 (Rec. Doc. ; *R. Adams*, 07-4459; *D. Adams*, 07-5206; *Allen-Perkins*, 07-5204; *Woniger*, 07-8623; *Worgan*, 07-8621; *Moore*, 07-8622.

[14] *Arceneaux,* No. 07-7701 Order [Dkt. No. 49], at p. 4, note 1 (emphasis added).

There is also no valid reason that the plaintiffs waited over eight (8) months after the original complaints were filed and waited until after the deadline to oppose State Farm's global motion had expired before they sought leave of court to amend their complaints. State Farm filed pleadings in response to numerous HLC complaints identical to the instant complaints as far back as early December of 2007 wherein it asserted that the complaints only sought recovery for non-covered flood damages. This Court and the parties started to discuss this global motion practice in January of 2008 – over three months ago.

It is illogical for plaintiffs to suggest that almost three years after Hurricane Katrina and eight months after suit was filed they suddenly now have these new facts that indicate their properties were not actually solely destroyed by flooding from levee breaches and overtopping but were destroyed by wind "alone." Surely, the HLC, a law firm that purports, by its very name, to be legal hurricane experts, meant exactly what it alleged when it filed its original complaints – that the levee debacle caused flood waters to destroy its clients properties – thus the effort to amend cannot be couched in terms of the need to correct in-artful pleading by inexperienced counsel. Indeed, when the complaints were filed, the issue of the validity of claims for flood damage from levee breach under homeowners policies was still being actively litigated.

The plaintiffs' proposed amended complaints not only state diametrically opposing facts and theories from those stated in the original complaints, but they also state facts and theories inconsistent with those in the proposed amended complaint itself. Namely, paragraph V states, "This damage was caused by wind and wind driven rain. However, wind was the efficient proximate cause of all this damage" and in paragraph VI state that direct wind damage, by itself caused a total loss of the property."

Another division of this court recently held that under binding Fifth Circuit law, "[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Fontenot v. Metropolitan Property & Cas. Ins. Co*., 2007 WL 2990428, 1 (W.D.La.,2007) (Lemelle, J.), citing *Johnson v. Houston's,* 167 Fed. Appx. 393, 395 (5th Cir.2006), *Morales v. Dep't of the Army,* 947 F.2d 766, 769 (5th Cir.1991). The factual

allegations contained in the plaintiffs' proposed amended complaints are in direct conflict with the factual allegations alleged in the plaintiffs' original complaints and in the proposed amended complaints themselves.  As such, plaintiffs should be estopped asserting these facts.

In addition, as stated in State Farm's global motion, plaintiffs do not avoid the effect of this Court's ruling in *Katrina Canal Breaches I* by seeking leave to plead the efficient proximate cause doctrine. This argument has already been expressly rejected by this Court and the Fifth Circuit. The lead in language to State Farm's flood exclusion has the effect of overriding the efficient proximate cause doctrine under which plaintiffs now attempt to state a cause of action. *Tuepker v. State Farm Fire and Cas. Co*. 507 F.3d 346, 356 (5th Cir. (Miss.),2007) ("Therefore, under *Leonard*, which binds us, and with which we in any event agree, the ACC Clause in State Farm's policy overrides the efficient proximate cause doctrine."); *Bilbe v. Belsom*, No. 07-30869, slip op. at 5, note 3 (5th Cir. May 12, 2008) (adopting *Leonard* and *Tuepker* as applicable to Louisiana cases.),  Thus, here, as in *In re Katrina, Tuepker* and *Leonard,* "an insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss."  *Leonard*, 499 F.3d at 438, citing *In re Katrina Canal Breaches,* 495 F.3d at 223; see also *Tuepker,* 507 F.3d at 356.

**B.**     ***Tardo*** **(Case Nos. 08-1164, 08-1165, 08-1166)**

The three *Tardo* cases were previously pending before Judge Beer in a single suit which named five separate insurers as defendants. *See* Case No. 07-7299.  In response to Western World Insurance Company's Motion to Sever, Judge Beer severed the initial case and ordered that the plaintiffs file amended complaints for each individual property claim. *See* Case No. 07-7299, Rec. Doc. 25.  The amended complaints filed thereafter and currently before the Court should also be dismissed. Like the proposed amended complaints discussed above, the amended complaints filed pursuant to Judge Beer's Order contain novel facts and legal theories which contradict those stated in the original petitions.  As stated above, the allegations in plaintiffs' original petitions are judicial admissions and binding on the plaintiffs.  *Fontenot*, 2007 WL 2990428 at 1.  Indeed, Judge Beer further ordered that the plaintiffs' original complaint or notice

of removal be filed with each amended complaint. *See* 07-7299, Rec. Doc. 25. As such, plaintiffs should be estopped asserting these facts and the cases should be dismissed.

Moreover, Judge Beer did not allow plaintiffs to change the factual and legal substance of the Original Petition, but exclusively ordered plaintiffs to file amended complaints to assert individual property claims. Prior to severance, State Farm filed a motion to dismiss virtually identical to State Farm's global motion (07-7299, Rec. Doc. 6) and also filed an Answer to plaintiffs' Original Petition. (07-7299, Rec. Doc. 12). In opposition to State Farm's motion to dismiss, plaintiffs *attempted* to file an amended complaint but did not seek leave to do so and thus the amended complaint was not allowed. *See* 07-7299, Rec. Doc. 16. Judge Beer deferred ruling on State Farm's motion to dismiss in light of his severance order and instructed State Farm to re-file the motions in each of the severed suits. Judge Beer's severance order cannot be interpreted to grant leave of court to allow plaintiffs to transform the operative facts and theories which formed the basis of plaintiffs' entire cause of action.[15] (See discussion *supra*). Thus, these cases should also be dismissed.

## III.   CONCLUSION

For the reasons stated above and in State Farm's Motion to Dismiss, State Farm requests that State Farm's Motion be granted, dismissing the claims in their entirety and with prejudice.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com;
cgarbett@kingkrebs.com;
smonsour@kingkrebs.com

---

[15] State Farm has yet to challenge the propriety of the severed and amended *Tardo* complaints as the matters were immediately transferred to the *In Re Katrina* Umbrella and thus subject to the stay. Further, this Court requested that State Farm refrain from filing any motions (other than its global motion) in the *In Re Katrina* Umbrella.