UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| *In Re: KATRINA CANAL BREACHES* | * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| *CONSOLIDATED LITIGATION* | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |
| | * | |
| ************************************************** | | |
| PERTAINS TO: | * | |
| | * | |
| INSURANCE  07-3441  (Lee v. Allstate) | * | |
| ************************************************** | | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Allstate Insurance Company ("Allstate"), presents this Memorandum in

support of its Motion for Summary Judgment for dismissal based on the "wind/hail

exclusion" contained in Allstate's policy as follows:

### Background

Prior to the events of Hurricane Katrina, Allstate issued to the Plaintiffs, Morris and

Rosalie Lee, a policy of insurance bearing policy number 095083244 for property located

at 7110 Neptune Court in New Orleans, Louisiana 70126.  A complete and certified copy

of the policy of insurance issued by Allstate to the Plaintiffs has been attached hereto and

labeled as Exhibit "A".  The policy allowed for $157,000 of coverage under Coverage A, $15,700 of coverage under Coverage B, and $78,500 of coverage under Coverage C.  The applicable policy period pursuant to the policy was from December 4, 2004 through December 4, 2005.  Thus, the policy was in effect at the time of the passage of Hurricane Katrina.

Following the events of Hurricane Katrina, the Plaintiffs filed a claim against Allstate alleging wind/hail damage had occurred as a result of the passage of the hurricane. Plaintiffs also alleged that flood damages were sustained as a result of the passage of Hurricane Katrina.

## Applicable Policy Language

In pertinent part, the Allstate policy contained an exclusion that applies, and a copy of which has been attached hereto and labeled, separately, as Exhibit "B".  This "policy endorsement" is entitled "Wind Storm or Hail Exclusion - AP892", and states as follows:

"For a reduction in premium:

We do not cover any loss to any  property covered by this policy caused by or consisting of wind storm or hail.  Such loss is excluded regardless of any other cause of event contributing concurrently or in any sequence to the loss.

We do not cover sudden and accidental direct physical loss caused by fire or explosion resulting from wind storm or hail.  This exclusion does not apply to **Section 1 - Your Property, Additional Protection Coverage** Item 1.(A) and 1.(C) under Additional Living Expense.

All of the policy conditions and provisions apply."

## Law and Argument

Summary judgment should be granted where "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996);

*Rogers v. Int'l Marine Terminals, Inc.,* 87 F.3d 755, 758 (5th Cir. 1996). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F .3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986)). If the moving party meets its burden, Federal Rule of Civil Procedure 56(c) requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042 at 1047. The Court will not, "in the absence of any proof, assume that the nonmoving part could or would prove the necessary facts." *McCallum Highlands v. Washington Capital Dus., Inc.* 66 F.3d 89, 92 (5th Cir. 1995).

There is no genuine material issue herein. Allstate does not provide insurance coverage for the losses plaintiff incurred as a result of property damage caused by wind. The policy clearly excludes coverage for the wind damage to Plaintiff's property. Accordingly, Allstate is entitled to a Summary Judgment on the issue of coverage for property damage caused by wind.

### Interpretation of Insurance Contracts

The Louisiana Supreme Court has held, "An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Samuels v. State Farm Mut. Auto Ins. Co.,* 2006-0034 (La. 10/17/06), 939 So.2d 1235. When interpreting an insurance contract, a Court must attempt to determine the parties' common intent. *Id.* The parties' intent, as reflected by the language in the policy, determines the extent of coverage. *Id.* An insurance contract must be construed as a whole, and each provision in the policy is to be interpreted in light

of the other provisions, so that each provision is given meaning. *Rolston v. United States Auto. Ass'n,* 2006-0978, (La. App. 4 Cir. 12/13/06), 948 So.2d 1113. Further, words and phrases in insurance policies must be construed in accordance with their plain, ordinary and generally prevailing meaning. *Menendez v. O'Niell,* 2006-0451 (La. App. 1 Cir. 12/28/06), 947 So.2d 850.

Here, when the contact between Allstate and the plaintiff is interpreted by application of the plain, ordinary and generally prevailing meaning of the words and phrases used therein, the plain language of the insurance contract clearly reflects the parties' intent that coverage is not extended to damages caused by windstorm or hail, regardless of any other contributing cause.

It is equally well-settled that insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. *LeMarie v. Lone Star Life Ins. Co.,* No. 00-570, 2000 WL 1678009, at *6 ( E. D. La. Nov. 7, 2000). Moreover, whether the exclusion is located in the policy itself or in an endorsement to the policy, coverage will be excluded so long as the provision is clear. See *LeMarie,* 2000 WL 1678009, at *6.

When construed as discussed above, the plaintiff's policy at issue is clear and unambiguously excludes coverage for the property wind loss the plaintiff is claiming. The policy states: "We do not cover any loss to any property covered by this policy caused by or consisting of windstorm or hail." This provision clearly precludes coverage for property damage caused by wind. Allstate's exclusion of windstorm coverage is neither contrary to statutory law nor against public policy. *Scarborough v. Travelers Ins. Co.,* 718 F.2d 702, 709 (5th Cir. 1983). Finally, as indicated by the windstorm exclusion itself, because the

policy did not cover wind, Allstate did not charge the plaintiff for wind coverage, and the plaintiff did not pay a premium for wind coverage. Under Louisiana law, "insurers should pay only for what they were paid to cover." *See, e.g., Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 316 (5th Cir. 2005) (no coverage exists when no premium was paid for that coverage); *Jones v. Webb*, 821 So. 2d 614, 617 (La. App. 2d Cir. 2002) (no jury could reasonably find that coverage existed where no premiums for that coverage had been paid).

## Application of Exclusion in Hurricane Katrina

The policy herein specifically excludes coverage for windstorm damage, "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Accordingly, the insurance contract between Allstate and the Plaintiff clearly and specifically excludes coverage for damages caused by windstorm, regardless of any other cause.

The Windstorm Endorsement at issue has been found by numerous courts in this District to exclude wind-related damages resulting from Hurricane Katrina. For example, in *Duhon v. Allstate Indemnity Co.*, 06-03199, Judge Zainey granted Allstate's motion for summary judgment based on the same windstorm exclusion. In *Duhon*, the plaintiff argued that an issue of fact existed regarding how her property had been damaged, but provided no additional explanation for the damage. Judge Zainey found that the term "windstorm" is not inherently ambiguous and granted the Allstate's motion for summary judgment. Again, in *Cindass v. Allstate Ins. Co.*, 06-6267, Judge Engelhardt granted Allstate's motion for summary judgment on the same exclusion. Plaintiff's argument that the exclusion was ambiguous was rejected by the court and her claim that she was did not speak English was

held to be of no moment.  Likewise, Judge Barbier upheld the Windstorm Endorsement in *Bobby Earl Pierce v. Allstate Insurance Company*. *Bobby Earl Pierce v. Allstate Insurance Company*, No. 06-9920,, 2008 WL 506096 (E.D. La., February 21, 2008).  There, Allstate asserted that the windstorm and hail exclusion endorsement in plaintiff's insurance policy excluded the Hurricane Katrina damages for which the plaintiff was suing.  In reaching its decision, the Court held that as long as a limitation of coverage is included in a policy itself or in an endorsement, coverage is excluded so long as the provision is clear.  Interpreting the exact same exclusion that is at issue in this case, the Court held that summary judgment was an appropriate mechanism for disposition of the case since plaintiff produced no evidence that the provision was unclear, ambiguous or unenforceable.  The Court further noted that Allstate, in wording the endorsement as it did, and specifically using ordinary terms, plainly stated what kind of damage would not be covered by the policy and under what circumstances.  As a result, the court determined that the endorsement issued by Allstate was clear and unambiguous and must be enforced as written.

A motion for summary judgment on this issue was also upheld in *Ganier v. Specialty Risk Associates, Inc.,* No. 2007-1374C/W No. 2007-1375, (La. App. 4th Cir. 2/8/08), 2008 WL 353117. There, Hurricane Katrina caused the damage to plaintiff's residence and the policy specifically excluded damages caused by wind, including wind driven water or rain. In validating the exclusion, the court held that the policy clearly and unambiguously excluded the peril that damaged plaintiff's residence and that judgment was appropriate as a matter of law.

The issue whether an insurance contract provision is clear, unambiguous and enforceable is a question of law for the Court to decide. Here, as set forth above, Allstate's wind exclusion is entirely clear. Accordingly, Allstate is entitled to summary judgment as a matter of law that the plaintiff's property damage caused by wind is not covered under the policy. The lawsuit therefore should be dismissed.

## Plaintiffs' Flood Claims are Now Excluded Pursuant to the *Sher* Decision

Moreover, recently, the Louisiana Supreme Court rendered its decision in *Joseph Sher v. Lafayette Insurance Company, et al*, (No. 07-C-2441 consolidated with 07-C-2443, dated 4/8/08). As this Court well knows, the Louisiana Supreme Court made it clear that Plaintiffs such as Morris and Rosalie Lee would have no claim against their homeowners insurer for flood damages for their homeowners policy contains a flood damage exclusion.

In that regard, the policy attached hereto, under the section entitled "**Losses We Do Not Cover Under Coverages A and B:**", clearly sets forth that an excluded item is:

> "1.  Flood, including but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind."

## Conclusion

Accordingly, it is clear that, based on the development of the case law since Hurricane Katrina, and as is clearly set forth in Allstate's policy language, there is no coverage for either wind/hail damage or flood damage, and therefore, Allstate should be dismissed from this cause of action.

Respectfully submitted,

/s/ Scott G. Jones
Scott G. Jones (Bar No. 14408)
INABNET & JONES, L.L.C
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, by CM/ECF system notice of electronic filing this _20_ day of May, 2008.

SCOTT G. JONES