UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * | CIVIL ACTION NO.: 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| ************************************************ PERTAINS TO: INSURANCE 07-3401 (Weathersby v. Allstate) ************************************************ | * * * | |

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

MAY IT PLEASE THE COURT:

In support of its Motion for Settlement Agreement Allstate Insurance Company ("Allstate") avers that the following facts are not in dispute:

1. Prior to the events of Hurricane Katrina, Allstate issued policy number 045930689 to Wilbert and Donna Weathersby.

2. The policy of insurance issued by Allstate covered property owned by the Weathersby's and located at 6620 Clements Drive, New Orleans, Louisiana 70126, in the eastern section of the city.

3. The policy issued by Allstate offered coverage to the Weathersby's dwelling in the amount of $89,000, with $8,900 in coverage for additional structures and $44,500 in coverage for contents.

4. The policy of insurance issued by Allstate also contained certain exclusions and included among the exclusions of coverage was an exclusion for flood damage which stated that "we do not cover loss to the property described in Coverage A - Dwelling Protection or Coverage B - Other Structures Protection consisting of or caused by: 1. Flood, including but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these whether or not driven by wind."

5. Following the passage of Hurricane Katrina, Allstate established a claim file regarding the Weathersby's home bearing claim number 5113468259. On October 25, 2005, an initial assessment of wind damage to the home was performed by Allstate and a net claim in the amount of $5,485.88 was estimated. Also, as of that date, Allstate had issued an emergency payment under additional living expenses to the Weathersby's in the amount of $2,900.00. (See initial assessment attached as Exhibit "A")

Accordingly, based on the initial assessment, a payment was issued to the Weathersby's on November 8, 2005, under Coverage A, in the amount of $3,083.28. On that same date, a payment was issued for other structures under Coverage B in the amount of $2,102.60 and a payment was also issued on that same date for contents in the amount of $300.00. Accordingly, the total payments issued to the plaintiffs as of November 8,

2005 was $5,485.88.

Subsequently, the Weathersby's were dissatisfied with the payments made through their wind coverage and requested a mediation of their claim and an additional appraisal. Accordingly, on September 21, 2006, an additional appraisal of the Weathersby home was done by Allstate which yielded an additional net claim payable, ACV, in the amount of $32,847.50 (See Exhibit "B").

6. Accordingly, and in conjunction with the supplemental estimate that was done, the Weathersby's and Allstate entered into a mediation wherein the Weathersby's agreed to accept that payment in the amount of $32,847.50 in settlement of their homeowners claim. (See Mediation Agreement attached hereto as Exhibit "C")

## Law and Argument

A review of the Mediation Settlement Agreement clearly indicates that ". . . if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation the insured may file a supplemental claim which shall be treated as a new claim which shall be treated as a new claim."

Since the time of the mediation herein, however, the plaintiffs have not performed any additional appraisals of the property which would indicate that there was damage that occurred prior to September 21, 2006, that was not otherwise known to the parties.

Louisiana Civil Code Article 3071 governs the enforcement of settlement agreements and provides that a transaction of compromise "must be either reduced into writing or recited in open court." The settlement agreement between the plaintiffs and

Allstate was, indeed, reduced to a writing, as contemplated, by the Civil Code. In fact, the settlement/mediation agreement specifically states that "this settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim."

Once again, the plaintiff has failed to provide Allstate with any information to suggest that there was damage that was not previously discovered by the parties.

## Conclusion

Accordingly, for the reasons set forth herein, Allstate avers that its Motion to Enforce Settlement Agreement should be granted and the plaintiffs' claims against Allstate be dismissed.

Respectfully submitted,

/s/ Scott G. Jones
Scott G. Jones (Bar No. 14408)
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com

## CERTIFICATE OF SERVICE

I certify that on this 20 day of May, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

/s/ Scott G. Jones
Scott G. Jones