UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| ----------------------------------------------------------- | * * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE (2007-08772) | * * * | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF NON-PARTY PILOT CATASTROPHE SERVICES, INC.'S OBJECTION TO AND MOTION TO QUASH RULE 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION**

**MAY IT PLEASE THE COURT:**

Pilot Catastrophe Services, Inc. ("Pilot"), a non-party to the above civil action, files the following Objection to and Motion to Quash 30(b)(6) Notice of Videotaped Deposition ("Deposition Notice") as follows:

On April 28, 2008, Plaintiffs mailed the Deposition Notice to Pilot, through its agent for service of process, CT Corporation System, pursuant to Federal Rules of Civil Procedure 30(b)(6). However, under Federal Rule of Civil Procedure 45, this Court does not have jurisdiction to issue a subpoena for the deposition of Pilot or the production of their documents.[1]

---

[1] Pilot reserves it rights to advance any and all objections to the substance of the 30(b)(6) Notice in the event it is properly noticed and served.

1

Fed. R. Civ. P. 45 states, in pertinent part:

> **Rule 45.   Subpoena**
>
> **(a)   Form; Issuance**
>
> **(2)**   A subpoena must issue as follows:
>
> **(B)**   for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony; and . . .
>
> **(b)   Service.**
>
> **(2)**   Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district which is within 100 miles of the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena.
>
> **(c)   Protection of Persons Subject to a Subpoena.**
>
> **(3)**   Quashing or Modifying a Subpoena.
>
> **(A)** When Required.  On timely motion, the issuing court must quash or modify a subpoena that:
>
> **(ii)**  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Pilot objects on the grounds that the Deposition Notice requests one or more representatives of Pilot to travel to Mandeville for the deposition.  Pilot is headquartered in Mobile, Alabama, more than 100 miles away from the location of the noticed deposition.  (See Affidavit of Terry L. Aucoin, attached as Exhibit "A".)  Pilot objects to and cannot be forced to travel such a distance for deposition in a case where Pilot is not a party.

No subpoena has been issued compelling the testimony or production of documents from Pilot. Further, the district where the deposition subpoena should be noticed and taken is Mobile, Alabama. In order for service to be proper, a subpoena must be issued from a court in Mobile, Alabama. Until such time, Pilot is under no obligation to appear for the deposition as noticed and the Deposition Notice should be quashed.

**WHEREFORE**, Pilot respectfully requests that this Court quash the Deposition Notice stating that Pilot does not have to otherwise respond to the Deposition Notice.

Respectfully submitted,

*CHOPIN, WAGAR, RICHARD & KUTCHER, LLP*

By:    */s/ Robert A. Kutcher*
   **ROBERT A. KUTCHER (T.A.) (#7895)**
   **NICOLE S. TYGIER (#19814)**
   **CASSIE E. FELDER (#27805)**
   Two Lakeway Center, Suite 900
   3850 N. Causeway Boulevard
   Metairie, Louisiana  70002
   Telephone: (504) 830-3845
   Facsimile: (504) 836-9543

*Attorneys for Pilot Catastrophe Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I emailed and faxed the foregoing document and the notice of electronic filing to any non-CM/ECF participant.

*/s/ Robert A. Kutcher*

3