UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| *In Re: KATRINA CANAL BREACHES* | * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| *CONSOLIDATED LITIGATION* | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |
| | * | |

*************************************************

PERTAINS TO:                                      *
                                                          *
INSURANCE  07-3397  (Pierre v. Allstate)    *
*************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO
## ENFORCE SETTLEMENT AGREEMENT

MAY IT PLEASE THE COURT:

In support of its Motion for Settlement Agreement Allstate Insurance Company

("Allstate") avers that the following facts are not in dispute:

1.    Prior to the events of Hurricane Katrina, Allstate issued a policy bearing

policy number 15004360 to Brenda Ann Jean-Pierre.

2.    The policy of insurance issued by Allstate covered property owned by the

Ms. Pierre and located at 1630 Choctaw Street, New Orleans, Louisiana.

3.    The policy issued by Allstate offered coverage to Ms. Jean-Pierre's dwelling

in the amount of $74,000, with $7,400 in coverage for additional structures and $37,000 in coverage for contents.

4.  The policy of insurance issued by Allstate also contained certain exclusions and included among the exclusions of coverage was an exclusion for flood damage which stated that "we do not cover loss to the property described in Coverage A - Dwelling Protection or Coverage B - Other Structures Protection consisting of or caused by: 1. Flood, including but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these whether or not driven by wind."

5.  Following the passage of Hurricane Katrina, Allstate established a claim file regarding the Ms. Jean-Pierre's home bearing claim number 5114109274. Following the establishment of the claim file for Ms. Jean-Pierre, an initial payment of $2,500 for additional living expenses was issued to her. Thereafter, on November 11, 2005, a meeting was held with Ms. Jean-Pierre and a structure adjuster for Allstate and photographs of the property were taken. A payment was then issued for wind damages on the property to Ms. Jean-Pierre in the amount of $1,774.66.

Subsequently, a supplemental review of Ms. Jean-Pierre's claim was performed by Allstate and an additional payment was issued in February 2006 to Ms. Jean-Pierre in the amount of $5,224.71 for damages to the roof of the Jean-Pierre home.

Thereafter, Ms. Jean-Pierre felt that additional damage had been done in her home as a result of water that had intruded through the roof damage and

another inspection of her home was done by Allstate on July 12, 2006. Pursuant to that inspection a mediation was then held as part of the hurricane mediation settlement program and, at the time of the mediation, a final payment was made to Ms. Jean-Pierre for full and final settlement in the amount of $27,644.60. (See Exhibit "A") The settlement form, signed by Ms. Jean-Pierre and a representative of Allstate set forth that "this settlement is full, complete and a final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which will be treated as a new claim."

Since the time of the mediation in August 2006, Brenda Jean-Pierre has produced not one item of documentation to suggest the discovery of new damage that was not known prior to the mediation of August 4, 2006.

## Law and Argument

A review of the Mediation Settlement Agreement clearly indicates that ". . . if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation the insured may file a supplemental claim which shall be treated as a new claim which shall be treated as a new claim."

Since the time of the mediation herein, however, the plaintiff has not performed any additional appraisals of the property which would indicate that there was damage that occurred prior to August 4, 2006, that was not otherwise known to the parties.

Louisiana Civil Code Article 3071 governs the enforcement of settlement agreements and provides that a transaction of compromise "must be either reduced into writing or recited in open court."  The settlement agreement between the plaintiff and Allstate was, indeed, reduced to a writing, as contemplated, by the Civil Code.

Allstate further suggests that the above quoted language regarding the finality of the settlement agreement evidences the desire of both parties to conclude the claim.  Ms. Jean-Pierre's appearance in the lawsuit, at this point, appears to Allstate to be nothing more than an attempt on her part to be part of litigation which could have potentially resulted in flood damages being covered damages under the homeowners policy. However, in light of the Court's recent decision in the *Sher v. Lafayette Ins. Co.*, *supra*, matter that is no longer a possibility.  Accordingly, there are no new damages presented by the plaintiff herein, the settlement agreement previously entered into should be enforced and the plaintiff's claims herein should be dismissed.

## Conclusion

Accordingly, for the reasons set forth herein, Allstate avers that its Motion to Enforce Settlement Agreement should be granted and the plaintiff's claims against Allstate be dismissed.

Respectfully submitted,

/s/ Scott G. Jones
Scott G. Jones (Bar No. 14408)
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com

## CERTIFICATE OF SERVICE

I certify that on this $\partial$ day of May, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

/s/ Scott G. Jones
Scott G. Jones