UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL | | * | |
| BREACHES | | * | |
| CONSOLIDATED LITIGATION | | * | CIVIL ACTION |
| | | * | |
| | | * | NO. 05-4182 |
| | | * | and consolidated cases |
| PERTAINS TO: BARGE | | * | |
| | | * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |

**HARRY HOLLADAY'S OBJECTIONS TO**
**SUBPOENA DUCES TECUM ISSUED BY PLAINTIFFS**

On May 8, 2008, plaintiffs served Harry Holladay with a subpoena duces tecum in the Barge Litigation. Plaintiffs' subpoena orders Mr. Holladay to produce 1) any and all documents and things pertinent to the compromise with Arthur Murph; and 2) any and all statements, interviews and/or memorialized accounts of Arthur Murph's observations during the effects of Hurricane Katrina.[1]

---

[1] Plaintiffs' subpoena to Mr. Holladay is attached as **Exhibit A**.

1123753-1

Mr. Holladay is a lawyer with Chaffe McCall, L.L.P.  Chaffe McCall is one of defendant Lafarge North America's ("LNA") lawyers in this matter.  Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Mr. Holladay objects to all documents requested in plaintiffs' improper subpoena duces tecum for the reasons detailed below.[2]

## II.   OBJECTIONS

1. Mr. Holladay objects to the subpoena duces tecum because this Court has already expressly denied plaintiffs' attempt to obtain documents concerning Mr. Holladay's communications with the Murphs.  Plaintiffs' prior Request for Production No. 15 to LNA sought production of "communications" regarding Mr. Murph, specifically including "Harry Holladay."  The Court denied plaintiffs' Motion to Compel concerning Request No. 15, and ruled that no further discovery would be permitted.  Rec. Doc. 12,605, dated April 21, 2008 in No. 05-4182, at 12-13.  Plaintiffs cannot obtain document discovery that this Court has already prohibited them from obtaining, through the artifice of a subpoena duces tecum directed to LNA's attorney.  Plaintiffs' subpoena duces tecum therefore seeks irrelevant documents beyond the scope of permissible discovery.

2. Mr. Holladay objects to the documents that plaintiffs seek in the subpoena duces tecum because the subpoena seeks to discover documents that are protected by the attorney-client privilege, the attorney work product doctrine and other applicable privileges arising out of Chaffe McCall's representation of LNA.  Courts disfavor discovery directed at opposing counsel.  Courts generally forbid such discovery except in limited circumstances where the information sought:  1) is not available by other means, 2) is relevant and non-privileged, and 3) is crucial to the preparation of the case.  *Cf. Theriot v. Parish of Jefferson*, 185 F.3d 477, 491

---

[2] Mr. Holladay will also be filing a motion for protective order seeking to prevent this discovery, and will file a motion to quash the subpoena duces tecum served on May 8, 2008.

(5th Cir. 1999). None of these circumstances exist in this matter. Plaintiffs have already obtained substantial information concerning the Murph settlement, including the settlement document itself. They have already deposed Mr. Murph concerning his observations during Hurricane Katrina. Additionally, this Court has already barred plaintiffs from seeking discovery concerning communications between the Murphs and Mr. Holladay because that information is irrelevant and beyond the scope of permissible discovery. Rec. Doc. 12,605, April 21, 2008 in No. 05-4182, at 12-13. Finally, the documents plaintiffs seek from Mr. Holladay are not crucial to plaintiffs' case because plaintiffs have already obtained substantial documents concerning the settlement from LNA and from third parties. They have also deposed Mr. Murph at length concerning his observations during the hurricane.

3. Mr. Holladay further objects to plaintiffs' subpoena duces tecum because the use of a subpoena against one of LNA's attorney's is highly improper, and violates this Court's case Management Order No. 5. This Court has repeatedly cautioned the use of discovery devices other than Rule 34 to secure documents from parties. *See* Rec. Doc. 317, in No. 05-4419, at 3, 4. In Case Management Order No. 5, the Court specifically provided that "[p]arties are prohibited from serving subpoenas for document production or Rule 30(b)(5) requests for production on other parties to this litigation." Doc. 7724, at. 9. A request directly to LNA's lawyer is clearly a request to LNA itself, and is improper.

4. Mr. Holladay also objects to the subpoena duces tecum to the extent plaintiffs' subpoena seeks documents relating to real estate transfers because those documents are available in the public domain and the information is equally available to the issuing party.

5. Mr. Holladay further objects to the subpoena duces tecum because it is overbroad, not limited to a specific time period, and is unduly burdensome.

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715
*Attorneys for Harry Holladay*

## Certificate of Service

I do hereby certify that I have on this 21st day of May, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Derek A. Walker