343-84

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RITA BOSKENT HENRY** | * | **CIVIL ACTION NO.: 07-9481** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **SECTION "F"** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE "5"** |

## INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), and requests that plaintiff, Rita Boskent Henry, answer the following Interrogatories pursuant to the Louisiana Code of Civil Procedure, within the delays provided for therein.

## DEFINITIONS

1. "Plaintiff", "you", "your" or "yours" refers to plaintiff, Rita Boskent Henry, individually, and all representatives or persons acting for or on behalf of, or at the request of, any or all of the plaintiffs.

2. "State Farm" refers to State Farm Fire and Casualty Company, and all related or affiliated companies, employees, associates, or representatives.

3. "Your home" refers to the property located at 5180 St. Roch Avenue, New Orleans, Louisiana 70122.



4.   The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail, and graphic matter of any kind or character and any recorded material, however produced or reproduced, in Rita Boskent Henry's possession, custody, or control or known by Rita Boskent Henry to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes, and entries in books of any accountant relating or referring in any way to the subject matter of these Interrogatories.

5.   "Identify" or "identification", when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6.   "Identify" or "identification", when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

## INSTRUCTIONS FOR USE

1.   All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2.   Where an individual Interrogatory calls for an answer which involves more than one part, each party of the answer shall be set out so that it is understandable. If any of the Interrogatories cannot be answered in full, please answer to the extent

possible, indicating the part you are answering, and the reason why the Interrogatory cannot be answered in full. You are requested to submit supplemental information at a later date.

3. If you lack information necessary to answer any of the Interrogatories, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4. These Interrogatories are intended as continuing Interrogatories, requiring you to supplement your answers, setting forth any information within the scope of the Interrogatories as may be acquired by you, your attorney, agents, or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5. When a Interrogatory asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6. With respect to each Interrogatory, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each Interrogatory and your answer thereto.

7. If objection is made to any Interrogatory propounded below on the grounds that it requests information that falls within the attorney-client privilege, is

protected by the work product immunity, or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

(b) If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished, together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such documents responds;

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the Plaintiff to whom the substance of the communication has been disclosed.

8. With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the Plaintiff has for the periodic destruction or retirement of documents.

**INTERROGATORY NO. 1:**

State your full name and any other names you have been known by; date and place of birth; marital status; present home address; and your Social Security number.

**INTERROGATORY NO. 2:**

Please list each job or position of employment, including self-employment, held by you for the past five (5) years stating as to each the following:

(a) Place of employment, indicating name, address, telephone number and name of immediate supervisor of each employer, and the rate of pay;

(b) Date of commencement and date of termination as to each employment and reason(s) for termination;

(c) The nature of each employment and the duties performed;

(d) The rate of compensation.

**INTERROGATORY NO. 3:**

Have any claims for damages or for compensation or for injunctive relief been made against you at any time during the past ten years? If so, please state with particular detail the nature of the claim made against you, whether a civil suit or criminal suit was filed against you, the name, address, and telephone number of the person or entities who made such claim or filed such suit against you, the current status of the claim and/or suit, the civil suit number, the courthouse where the suit was filed, and the date of its filing.

**INTERROGATORY NO. 4:**

Have you ever asserted <u>any other</u> claim(s) for damages or for compensation for theft of personal property, personal injuries or property damage? If so, please state the particular detail the date and nature of the damage sustained, the name and address of the person or entity against whom said claim was made, and the disposition of said claim(s).

If a lawsuit was filed in connection with said claim, kindly indicate the court where the suit was filed, the civil suit number, and the date of its filing.

### INTERROGATORY NO. 5:

Please identify all fact witnesses whom you anticipate may be called by you at the trial of the captioned matter.

### INTERROGATORY NO. 6:

Please identify all expert witnesses whom you anticipate may be called by you as witnesses at the trial of the captioned matter and state the qualifications of the expert and substance of the expert opinion.

### INTERROGATORY NO. 7:

Please identify all expert witnesses whom you have consulted, whether or not you anticipate they may be called by you as witnesses at the trial of the captioned matter and state the qualifications of the expert and substance of the anticipated expert opinion.

### INTERROGATORY NO. 8:

Please identify any and all documents of any kind supplied to your experts identified in the Interrogatories herein.

### INTERROGATORY NO. 9:

Please identify all photographs or video of any kind supplied to your experts identified in the Interrogatories herein.

### INTERROGATORY NO. 10:

Please identify each and every exhibit or other piece of demonstrative evidence which you intend to introduce or display as a trier of fact at the trial of this matter. As to

each exhibit, identify any and all witnesses who will be used to authenticate or otherwise utilize said exhibit or demonstrative aid.

## INTERROGATORY NO. 11:

Please specify in detail the basis for your allegations that the damages you seek were solely and/or concurrently caused by wind rather than flood.

## INTERROGATORY NO. 12:

Please specify in detail each and every fact that supports your allegation that State Farm acted in bad faith in adjusting your claim and identify each individual with personal knowledge of said alleged facts.

## INTERROGATORY NO. 13:

Please identify each and every representative of State Farm who you allege acted in furtherance of State Farm's alleged bad faith in adjusting your claim and identify the specific actions that you contend evidence bad faith.

## INTERROGATORY NO. 14:

Have you made a claim for recovery of damages to your home pursuant to a flood policy? If so, identify the damages to your home for which you attributed to loss by flood and identify any monies received by you pursuant to a flood claim relative to said damage to your home.

## INTERROGATORY NO. 15:

Please identify any and all documents, photographs, or video of any kind submitted in support of your claim submitted under your flood policy.

**INTERROGATORY NO. 16:**

Have you made a claim for recovery of damages to your personal contents pursuant to a flood policy? If so, identify the damages to your home for which you attributed to loss by flood and identify any monies received by you pursuant to a flood claim to said damage to your home.

**INTERROGATORY NO. 17:**

Please identify the insurer that handled your flood policy and identify the adjuster who adjusted your flood claim.

**INTERROGATORY NO. 18:**

In connection with your flood claim, did you give any type of recorded statement? If so, please identify the date the statement was given and who secured the statement from you.

**INTERROGATORY NO. 19:**

Please identify any and all documents, photographs, or video of any kind attributed in support of your contents claim submitted under your flood policy.

**INTERROGATORY NO. 20:**

Please identify the date that your home was built and the contractor, if known.

**INTERROGATORY NO. 21:**

Please identify any and all improvements, repairs, or alterations to your home while you were the owner of said home prior to Hurricane Katrina and identify the individuals, contractors, or companies who performed said alterations, repairs, or improvements.

## INTERROGATORY NO. 22:

Identify and describe any repairs or improvements made by you to your home after Hurricane Katrina, and identify the individuals, contractors, or companies who made such repairs or improvements, and identify the amount of said repairs or improvements.

## INTERROGATORY NO. 23:

Have you applied for relief or benefits from the Small Business Administration and/or Louisiana Recovery Authority? If so, please state the date of application(s), the relief or benefits sought, and what relief you have received.

## INTERROGATORY NO. 24:

What was the type and age of your roof at the time of Hurricane Katrina?

## INTERROGATORY NO. 25:

Did the property at issue have breakaway walls?

## INTERROGATORY NO. 26:

Please itemize the total amount of all general and special damages, penalties, and attorneys' fee that you allege State Farm owes to you.

Respectfully submitted,
BEAHM & GREEN

CHARLES S. GREEN, JR. (#21627)
JOHN J. FISCHESSER II (#28351)
Attorneys for Defendant
Suite 408
145 Robert E. Lee Boulevard
New Orleans, Louisiana 70124
Telephone (504) 288-2000
Facsimile (504) 288-2099
charlie@beahm.com
johnf@beahm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of January, 2008, served a copy of the foregoing pleading on all counsel of record by forwarding the same by United States mail, properly addressed and first class postage prepaid.

_____
**CHARLES S. GREEN, JR.**
**JOHN J. FISCHESSER II**

343-84

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RITA BOSKENT HENRY** | * | **CIVIL ACTION NO.: 07-9481** |
| **VERSUS** | * | **JUDGE** |
| | * | **SECTION "F"** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE "5"** |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), and requests that plaintiff, Rita Boskent Henry, answer the following Requests for Production of Documents pursuant to the Louisiana Code of Civil Procedure, within the delays provided for therein.

## DEFINITIONS

1. "Plaintiff", "you", "your" or "yours" refers to plaintiff Rita Boskent Henry, individually, and all representatives or persons acting for or on behalf of, or at the request of, any or all of the plaintiffs.

2. "State Farm" refers to State Farm Fire and Casualty Company, and all related or affiliated companies, employees, associates, or representatives.

3. "Your home" refers to the property located at 5180 St. Roch Avenue, New Orleans, Louisiana 70122.

4. The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail, and graphic matter of any kind or character and any recorded material, however produced or reproduced, in Rita Boskent Henry's possession, custody, or control or known by Rita Boskent Henry to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes, and entries in books of any accountant relating or referring in any way to the subject matter of these Requests for Production of Documents.

5. "Identify" or "identification", when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6. "Identify" or "identification", when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

## INSTRUCTIONS FOR USE

1. All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2. Where an individual Request for Production of Documents calls for an answer which involves more than one part, each party of the answer shall be set out so

that it is understandable. If any of the Requests for Production of Documents cannot be answered in full, please answer to the extent possible, indicating the part you are answering, and the reason why the Request for Production of Documents cannot be answered in full. You are requested to submit supplemental information at a later date.

3. If you lack information necessary to answer any of the Requests for Production of Documents, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4. These Requests for Production of Documents are intended as continuing Requests for Production of Documents, requiring you to supplement your answers, setting forth any information within the scope of the Requests for Production of Documents as may be acquired by you, your attorney, agents, or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5. When a Request for Production of Documents asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6. With respect to each Request for Production of Documents, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each Request for Production of Documents and your answer thereto.

7. If objection is made to any Request for Production of Documents propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity, or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

(b) If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished, together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such documents responds;

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the Plaintiff to whom the substance of the communication has been disclosed.

8. With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the Plaintiff has for the periodic destruction or retirement of documents.

## REQUEST FOR PRODUCTION NO. 1:

Please produce any and all documents of any kind identified in your answers to the accompanying Interrogatories.

## REQUEST FOR PRODUCTION NO. 2:

Please produce any and all exhibits that you may utilize at the trial of the referenced matter.

## REQUEST FOR PRODUCTION NO. 3:

Please produce any and all demonstrative aids that you may use at the trial of the referenced matter.

## REQUEST FOR PRODUCTION NO. 4:

Please produce any and all reports issued by any and all experts that you have consulted and/or may call as a witness at the trial of the referenced matter.

## REQUEST FOR PRODUCTION NO. 5:

Please produce and all documents that you have supplied any expert that you have consulted and/or retained relative to the referenced matter.

## REQUEST FOR PRODUCTION NO. 6:

Please produce any and all photographs and/or videos and/or DVDs showing your home before and after Hurricane Katrina.

## REQUEST FOR PRODUCTION NO. 7:

Please produce any and all documents you presented to your insurer in support of your flood claim.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all correspondence of any kind, written or electronic, by and between you and the adjuster and/or insurer responsible for adjusting your flood claim.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all statements taken by you in connection with the claim giving rise to the above referenced litigation.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all damage and/or repair estimates of any kind relative to damages to your home following Hurricane Katrina, including any receipts/invoices for additional living expenses.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of any and all retainer agreements and/or contracts between you and your public adjuster.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all documents that you contend support your allegations that State Farm adjusted your claim in bad faith.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all documents that you contend support your allegation that the damages you seek in the referenced litigation were solely and/or concurrently caused by wind.

## REQUEST FOR PRODUCTION NO. 14:

Please produce your application(s) to the Small Business Administration and/or Louisiana Recovery Authority and any documents received by these entities in response to your application(s).

## REQUEST FOR PRODUCTION NO. 15:

Please produce a content/inventory list of any and all personal items you claim were damaged/ruined in your suit.

Respectfully submitted,
BEAHM & GREEN

_____
CHARLES S. GREEN, JR. (#21627)
JOHN J. FISCHESSER II (#28351)
Attorneys for Defendant
145 Robert E. Lee Boulevard, Suite 408
New Orleans, Louisiana 70124
Telephone (504) 288-2000
Facsimile (504) 288-2099
charlie@beahm.com
johnf@beahm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of January, 2008, served a copy of the foregoing pleading on all counsel of record by forwarding the same by United States mail, properly addressed and first class postage prepaid.

_____
CHARLES S. GREEN, JR.
JOHN J. FISCHESSER II