UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES     *   CIVIL ACTION
         CONSOLIDATED LITIGATION       *
                                                    *   NO. 05-4182 "K"(2)
PERTAINS TO: ROAD HOME              *
     Louisiana State, C.A. no 07-5528   *   JUDGE DUVAL
                                                    *
                                                    *   MAGISTRATE WILKINSON
                                                    *

*************************************************************************

POST-HEARING BRIEF IN OPPOSITION TO MOTION OF
STATE FARM FIRE AND CASUALTY COMPANY
AND CERTAIN OTHER INSURER DEFENDANTS
TO DISQUALIFY PLAINTIFF'S PRIVATE COUNSEL

**Introduction**

       This matter arises out of the Louisiana Attorney General's suit against defendant insurance companies whereby the Attorney General issued letters "letters of representation" authorizing private counsel to represent the state's interest in the above captioned matter. Subsequently defense counsel filed a motion to disqualify the Attorney General's appointed counsel, alleging that the agreements between the Attorney General's Office and private counsel do not comply with statutory requirements for professional services contracts.

1

## The provisions of LSA-R.S. 49:258 are not applicable

Defense counsel argues that an agreement between the Attorney General's Office and private counsel is null and void without the approval of the commissioner of administration.[1]  The aforementioned statute reads in part:

> Notwithstanding the provisions of any other laws to the contrary and specifically the provisions of any law that authorizes the state or a state agency to appoint, employ, or contract for private legal counsel to represent the state or a state agency, .... any appoint of private legal counsel to represent the state or a state agency shall be made by the attorney general with the concurrence of the commissioner of administration in accordance with the following procedures:

The statute then sets out the minimum qualifications for private counsel and requires that the standards for such be published annually in the Louisiana Bar Journal. Properly read, the statute directs the attorney general and the commissioner of administration to set out the minimum standards for employing private counsel to represent the state. In practice, when a state agency engages private legal counsel, the attorney general reviews and approves the contract for compliance with the minimum standards for private counsel; and the division of administration reviews and approves the contract as to form and compliance with the state's fee schedule. The "approval" procedures established in LSA-R.S. 49:258 are intended to ensure that any contract that necessitates the expenditure of state funds conforms to state laws. The contracts at issue before the court do not fall into that category.

### Attorney General is constitutionally vested with the authority to act as chief legal officer of the state..

The Louisiana constitution designates the Attorney General as the chief legal officer of the state, and grants him the power to institute, prosecute or intervene in any

---

[1] LSA-R.S.49:258

2

civil action or proceedings.[2]   Inherent in this constitutional grant of power is the authority to determine the methods by which the action is pursued, including the association of private counsel to handle certain legal matters.

Defense counsel's reading of La. R.S. 49:258 that all associations with private counsel, whether involving the expenditure of public funds or not involving expenditure of public funds, are subject to the restrictions placed upon it by the legislature would amount to a violation of the separation of powers doctrine.  Under the separation of powers doctrine, no one branch of government can unduly interfere with or hinder any other branch while the latter is acting or assuming to act within the scope of the particular powers reserved to it.[3]   Because there is no expenditure of state funds, defense counsel's interpretation would impose an impermissible encroachment by the legislature on the Attorney General's constitutional grant of authority to act as the State's chief legal officer and associate with outside counsel should the Attorney General deem it necessary to effectively protect the state's interest.

## Authority of the Attorney General to engage outside counsel has been addressed by the courts

There is a long history of cases upholding the Attorney General's authority to associate with private counsel. One of the more recent examples comes about in the case of *Ieyoub v. Philip Morris, Inc.*  In 1996, the Attorney General signed a "representation agreement" designating private counsel "special assistant attorneys general" and authorized them to represent the State in litigation against the tobacco

---

[2] LSA-Const. Art IV sec.8
[3] *Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board*, 774So.2d at 1199

companies.[4] The agreement read that "counsel is authorized to pursue attorneys' fees for their services" and "counsel shall pay all costs of the litigation". The letter agreement was not submitted to the Commissioner of Administration for review or concurrence. In fact, in a decision by the arbitration panel to award Louisiana private counsel attorney's fees in the tobacco litigation, the panel markedly points out that Louisiana was "the only state in the country where not only the Governor but also the state's principal public health officer opposed the suit brought by the Attorney General".[5]

Subsequent to the award of fees by the Arbitration Panel, a case was filed in the Louisiana Nineteenth Judicial District Court attacking the tobacco fee award as a "diversion of state funds".[6] The court held that Louisiana private counsel had the right and the authority to represent Louisiana; and the tobacco manufacturers have the exclusive obligation to pay the fees of Louisiana private counsel as determined by the arbitration panel.[7]

The *Philip Morris* case is a prime example of why the Attorney General needs autonomy is procuring private counsel to assist in representing the state in certain circumstances. Had the concurrence of the Commissioner, an office situated within the governor's office, been necessary in regards to the representation agreement, the governor would have been able to block the Attorney General's attempt to effectively protect the interests of the state and its citizens by instructing the Commissioner to reject the contract.

---

[4] Representation agreement executed November 7, 1996 between the Office of the Attorney General and Badon & Ranier. Attachment II
[5] In Re Attorney's Fee Application By Louisiana Private Counsel (NYDOCS 04/2642771) Attachment III
[6] Docket No. 471,238; made a part of *Richard P. Ieyoub v. Philip Morris, et al*, Louisiana Fourteenth Judicial District Court, Docket No 98-6473. Attachment IV
[7] *Id* at p. 8

4

The Legislature may only impose limits on the Attorney General's authority to associate with private counsel when the Attorney General attempts to make payment arrangements with private counsel using state funds.

### Conclusion

As previously argued, the issues presented herein have already been successfully litigated by the Attorney General in Louisiana State court. It is clear that the power to appoint and engage private is inherent in the Attorney General's authority to act as the chief legal office of the state of Louisiana.

THE STATE OF LOUISIANA
The Honorable Buddy Caldwell
ATTORNEY GENERAL,
STATE OF LOUISIANA
/s/ Isabel Wingerter
Isabel Wingerter (No. 20428)
Assistant Attorney General
Consumer Protection Section
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Ph.: 225-326-6040
Fax: 225-326-6097

AND

ROAD HOME LIAISON AND LEAD COUNSEL
/s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (No. 5486)
FAYARD & HONEYCUTT, A.P.C.
519 Florida Avenue, S.W.
Denham Springs, LA 70726
Ph.: 225-664-4193
Fax: 225-664-6925
Email: calvinfayard@fayardlaw.com
AND

ROAD HOME CO-LEAD COUNSEL
Paul G. Aucoin (No. 2604)
PAUL G. AUCOIN, ATTORNEY AT LAW
135 Goodwill Plantation

5

Vacherie, LA 70090-5240
Ph.: 225-265-7906
Fax: 225-265-7906
Email: aucoinp@bellsouth.net

Joseph J. McKernan (No. 10027)
McKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph.: 225-926-1234
Fax: 225-926-1202
Email: jemckernam@mckernanlawfirm.com

Drew A. Ranier (No. 8320)
RANIER, GAYLE & ELLIOTT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph.: 337-494-7171
Fax: 337-494-7219
Email: drainer@rgelaw.com

Frank C. Dudenhefer, Jr. (No. 5117)
THE DUDENHEFER LAW FIRM
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Ph.: 504-525-2553
Fax: 504-523-2508
Email: FCDLaw@aol.com

James P. Roy (No. 11511)
DOMENGEAUX WRIGHT
ROY & EDWARDS L.L.C.556 Jefferson Street,
Suite 500
P. O. Box 3668
Lafayette, LA 70502-3668
Ph.: 337-233-3033
Fax: 337-232-8213
Email: jimr@wrightroy.com

James R. Dugan, II (No. 24785)
MURRAY LAW FIRM
650 Poydras Street, Suite 1250
New Orleans, LA 70130
Ph.: 504-648-0180

Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Calvin C. Fayard, Jr.
CALVIN C. FAYARD, JR.

7