Westlaw.

55 LABJ 123
55 La. B.J. 123
(Cite as: 55 La. B.J. 123)

Page 1

Louisiana Bar Journal
August/September, 2007

## *123 MINIMUM QUALIFICATIONS FOR APPOINTMENT AS A SPECIAL ASSISTANT ATTORNEY GENERAL

Copyright © 2007 by Louisiana Bar Journal

The minimum qualifications for appointment as a special assistant attorney general are listed below.

1. The attorney shall be admitted to practice law in the state of Louisiana unless the action is pending in another state, in which event the attorney shall be admitted to practice in the state where the action is pending.

2. If the action is pending before a federal court or other court of special admission requirements, the attorney shall be admitted to practice before such court.

3. The attorney shall not be under suspension by the Louisiana Supreme Court or any court in which the action is pending.

4. The attorney and any attorney with whom he is engaged in the practice of law shall not represent any plaintiff in any tort claim against the state and/or its departments, commissions, boards, agencies, officers, officials or employees.

5. The attorney shall not have a conflict of interest as provided by the Rules of Professional Conduct of the Louisiana State Bar Association.

6. The attorney shall have and maintain professional malpractice insurance with minimum coverage of $1 million per claim with an aggregate of $1 million.

7. The attorney must be a subscriber to an electronic billing program designated by ORM.

8. The attorney should have a Martindale-Hubbell rating of "bv" or better.

9. The attorney should have been admitted to and engaged in the practice of law for a minimum of three years.

10. The requirements set forth in 8 and 9 may be waived by the attorney general, in which event the attorney will be placed in a probationary status for a period of three years. During the period of probation, the attorney's performance will be evaluated annually by the claims officer and the assistant director for litigation management of the Office of Risk Management and deputy attorney general of the Louisiana Department of Justice.

In the event that the attorney's performance is acceptable during the three-year probationary period, he shall be removed from probationary status.

In the event the attorney's performance is unsatisfactory, he may be removed from the probationary list or, at the discretion of the claims officer and the assistant director for litigation management and with the concurrence of the state risk director and the LP/DOJ, the probationary period may be extended.

11. Any attorney appointed by the attorney general serves at the pleasure of the attorney general and may be removed by the attorney general at any time without cause.

12. The commissioner of administration may withdraw his concurrence of any attorney only for cause.

13. In accordance with R.S. 42:1113(D), Act 1156 of the 1995 Regular Session: "No legislator or per-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Opposition Ex. 11**

son who has been certified by the secretary of state as elected to the legislature, or spouse of a legislator or person who has been certified as elected to the legislature, nor any corporation, partnership, or other legal entity the legislator or his spouse owns any interest in, except publicly traded corporations, shall enter into any contract or subcontract with any branch, agency, department, or institution of state government or with the Louisiana Insurance Guaranty Association, the Louisiana Health Insurance Guaranty Association or any other quasi public entity created in law, unless the contract or subcontract is awarded by competitive bidding after being advertised and awarded in accordance with Part II of Chapter 10 of Title 38 of the Louisiana Revised Statutes of 1950 or is competitively negotiated through a request of proposal process or any similar competitive selection process in accordance with Chapter 16 of Title 39 of the Louisiana Revised Statues of 1950."

### Additional Requirements for the Defense of Medical Malpractice Claims

14. The attorney should have three years' experience in the defense of medical malpractice claims.
15. The attorney should have participated as counsel of record in at least two medical malpractice tri- als.
16. Professional malpractice limits shall be at least $1 million per claim with an aggregate of $1 mil- lion.
17. Requirement 14 and 15 may be waived by the attorney general, in which event the attorney will be placed on probation as to medical malpractice defense as provided above.

55 La. B.J. 123

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.