# EXHIBIT 26

**Louisiana State Bar Association**
**Rules of Professional Conduct Committee**

**PUBLIC Opinion 08-RPCC-016**[1]                                                          March 29, 2008

**Conflict of Interest: Simultaneous Representation of Driver and Guest-Passenger**

> *Conflicts are probably the most perplexing ethical issues that a lawyer will encounter. In general, a lawyer will not be able to represent both a driver and a guest-passenger simultaneously in an automobile accident due to a prohibited conflict of interest that will usually arise as a matter of course. This conflict derives from the fact, which is present in almost all such cases, that the passenger will have a claim against the driver and/or his insurer if the driver is even slightly at fault in the accident. However, in some rare instances, the dual representation may be permissible if the conflict is reasonably waivable and if the lawyer strictly follows the rules for informed consent with both clients. Because these instances are so rare, and because the potential for failing to obtain truly informed consent from both clients is substantial, the safe and recommended ethical course of action is to avoid this type of dual representation entirely.*

Because they customarily share some familial or social relationship, it is not unusual for drivers and their guest-passengers to seek joint legal representation following an automobile accident. Such representations are fertile ground for conflicts of interest due to the potential for driver fault and adverse and/or competing claims by the passengers. In these situations, the lawyer often

---

[1] The comments and opinions of the Committee—public or private—are not binding on any person or tribunal, including—but not limited to—the Office of Disciplinary Counsel and the Louisiana Attorney Disciplinary Board. Public opinions are those which the Committee has published—specifically designated thereon as "PUBLIC"—and may be cited. Private opinions are those that have not been published by the Committee—specifically designated thereon as "NOT FOR PUBLICATION"—and are intended to be advice for the originally-inquiring lawyer only and are not intended to be made available for public use or for citation. Neither the LSBA, the members of the Committee or its Ethics Counsel assume any legal liability or responsibility for the advice and opinions expressed in this process.

cannot adequately represent the passenger without compromising the lawyer's duty of loyalty to the driver, and vice versa.

Lawyers often inquire whether the conflict rules permit them to represent both the driver and the guest-passenger in an automobile accident. In almost all such cases, there will be a prohibited conflict of interest between the driver and the guest-passenger that will prevent such a joint/simultaneous representation. The most common conflict will arise when the driver is even slightly at fault in the accident, which is a fact that may not be known or realized until the case is factually developed. Thus, even when a conflict is not apparent at the outset of the representation, in most cases a conflict will arise when the defense begins to assert and develop facts that the driver was partially at fault. At that moment, even the lawyer who believed in good faith that the driver was not at fault will have a conflict that must be addressed, since the passenger client will now have an interest in pursuing a claim based on that driver-fault theory, if ultimately proven to be true. For all of these reasons, the only safe ethical course is to decline the proposed joint representation of the driver and guest-passenger from the outset.

**Rule 1.7**

The permissibility of a particular representation is fact-intensive and turns upon an application of the facts to Rule 1.7.[2] Rule 1.7(a)[3] provides that a "concurrent" conflict of interest exists when: (1) the representation of one client will be "directly adverse" to another of the lawyer's clients; or (2) there is a "significant risk" that the lawyer's representation of one client will be "materially limited" by the lawyer's responsibilities to another client, a former client, a third person or by a personal interest of the lawyer.[4]

---

[2] Rule 1.7 of the Louisiana Rules of Professional Conduct.

[3] Rule 1.7(a) of the Louisiana Rules of Professional Conduct.

[4] Indeed, a lawyer considering a proposed simultaneous representation of a driver and guest-passenger should reflect upon whether the lawyer's own financial desires and/or pressures may be influencing the lawyer's

© 2008 by the Louisiana State Bar Association.  All rights reserved.

When there is a concurrent conflict of interest, the second part of the Rule – Rule 1.7(b)[5] – governs whether the representation can still proceed nonetheless.  There is essentially a three-step process that must be considered:

First, some conflicts are so pronounced that they are not susceptible to waiver[6] by the clients and, accordingly, are fatal to the representation.  For example, a lawyer representing two clients in the same litigation may never assert a claim by one of the clients against the other client in that same litigation.[7]

---

professional judgment about the prudence of the proposed representation, given the respective individual interests of each proposed client.

[5] Rule 1.7(b) of the Louisiana Rules of Professional Conduct.

[6] It should be noted, for technical accuracy, that Rule 1.7(b) does not use the term "waiver", instead referring to "informed consent, confirmed in writing."  Rule 1.0 of the Louisiana Rules of Professional Conduct defines these terms.  Rule 1.0(e) states: "*...(e) 'Informed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct...*"  Rule 1.0(b) states "*...(b) 'Confirmed in writing,' when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent.  See paragraph (e) for the definition of 'informed consent.'  If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter...*"

[7] The district court in <u>Verret v. State Farm Mutual Automobile Insurance Company</u>, 759 So. 2d 115 (La. App. 3rd Cir., 2000), vacated a default judgment on the grounds that the lawyer, on behalf of a guest-passenger, obtained it against his other client, the driver.  While the court of appeal decided the case on a procedural issue without reaching the conflict, Rule 1.7(b)(3), as amended in 2004, expressly forbids this conduct.

© 2008 by the Louisiana State Bar Association.  All rights reserved.

Second, the lawyer must reasonably believe that he can "provide competent and diligent representation to each affected client," notwithstanding the conflict.[8] Of course, if the lawyer does not believe that he can do so (or a disinterested lawyer would find the belief unreasonable), the lawyer must decline the representation. In performing this analysis, the relationship and wishes of the clients should be taken into account. Moreover, the lawyer's duty of disclosure is ongoing. Therefore, consent should be revisited if any new pertinent facts develop over the course of the litigation.

Third, assuming that the first two conditions noted above are satisfied, the lawyer must obtain the informed consent of <u>each</u> of the affected clients, confirmed in writing.[9] The lawyer should include a discussion of options and available alternatives for the affected clients—in this case, noting the option of each client to choose alternate, independent legal counsel rather than continue with the proposed representation. If each client then still chooses to proceed with the proposed representation, acknowledging and waiving the option to choose alternate, independent legal counsel—and confirms that in writing—the lawyer has satisfied Rule 1.7(b) and may proceed with the proposed representation, despite the concurrent conflict.

As such, the Committee acknowledges that in very rare factual cases, simultaneous representation of the driver and the guest-passenger may be possible, though it is still not advisable. The Committee must stress that these cases in our view are very few, and still will usually present conflicts of interest that must be addressed. First, an objectively reasonable lawyer must conclude that the conflict is one that can be waived, which often will not be the case, even if the lawyer involved feels differently. Second, even if a reasonable lawyer would conclude that the conflict can be waived, the lawyer then must strictly comply with the rules of informed consent, as amplified above. Again, however, the Committee must urge great caution.

---

[8] Rule 1.7(b)(1) of the Louisiana Rules of Professional Conduct.

[9] Rule 1.7(b)(4) of the Louisiana Rules of Professional Conduct.

© 2008 by the Louisiana State Bar Association. All rights reserved.

In cases such as these, the clients are often unsophisticated, thus elevating the risk that the lawyer may not be successful in obtaining truly informed consent even when he or she tries in good faith to do so.

**An Example: Simultaneous Representation of Spouses**

To understand the concept (which must be stated generally and contoured to the specific facts of each representation), it is helpful to consider a proposed dual/simultaneous representation of spouses. Many ethics inquiries feature husbands and wives who are adamant that they are not willing to allege claims against each other under any circumstances. Although it has been said that "love conquers all" and the lawyer may feel certain that the proposed representation poses no danger, prudence would still suggest that the lawyer recognize the concurrent conflict between a driver and guest-passenger and evaluate the facts under Rule 1.7.[10]

In terms of immediate rights, the passenger-spouse may not realize or understand that there may be insurance coverage available for the driver's fault, i.e., that while the driver may not personally have to come out-of-pocket to satisfy a monetary award, the driver may still need to be sued in order to obtain a recovery from the driver's insurer. By the same token, the passenger-spouse must also understand that the claims against the driver are subject to liberative prescription and may be lost forever if suit is not filed timely.[11]

What is more, circumstances sometimes change. Spouses cooperating happily in pursuit of a tort action today may be warring ruthlessly in a divorce action tomorrow. Under those

---

[10] Rule 1.7 of the Louisiana Rules of Professional Conduct.

[11] In cases such as this, it may even be advisable to invite independent counsel to advise the passenger, confirmed in writing, as to the conflict and the advisability of providing informed consent to the proposed simultaneous representation. If the passenger still chooses to provide the informed consent, then the shared lawyer has a very solid record on which to proceed with the joint representation.

circumstances, a lawyer who neglected to explain at the outset of the dual/simultaneous representation that confidentiality is shared commonly/equally between the co-clients is particularly at risk of being disqualified from continuing to represent either client.[12]

For reasons such as these, the Committee believes that facts will rarely be present to suggest that a simultaneous representation of driver and guest-passenger would be prudent, even if otherwise technically permitted by Rule 1.7.

**Conclusion**

Conflicts are probably the most perplexing ethical issues that a lawyer will encounter. In general, a lawyer will not be able to represent both a driver and a guest-passenger simultaneously in an automobile accident due to a prohibited conflict of interest that will usually arise as a matter of course. This conflict derives from the fact, which is present in almost all such cases, that the passenger will have a claim against the driver and/or his insurer if the driver is even slightly at fault in the accident. However, in some rare instances, the dual representation may be permissible if the conflict is reasonably waivable and if the lawyer strictly follows the rules for informed consent with both clients. Because these instances are so rare, and because the potential for failing to obtain truly informed consent from both clients is substantial, the safe and recommended ethical course of action is to avoid this type of dual representation entirely.

---

[12] In joint representations, confidentiality, under Rule 1.6 of the Louisiana Rules of Professional Conduct, may be simply characterized as an "all-for-one and one-for-all" arrangement—i.e., any information relating to the representation provided to the lawyer by either client is "pooled" for the mutual benefit of the clients and the lawyer can have no secrets about the case to the exclusion of either client. In the event the joint representation is cut short, Rule 1.9(c)—with its prohibition against using confidential information to the disadvantage of a former client—becomes particularly pertinent.