# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERALD M. ALEXANDER SR., ET AL.** | * | |
| | * | **CIVIL ACTION NO:   07-4538** |
| **VERSUS** | * | |
| | * | **SECTION:  "K"** |
| **AUTOMOBILE CLUB INTER-INSURANCE** | * | |
| **EXCHANGE, ET AL.** | * | **MAGISTRATE:  "2"** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES OF
## NATIONAL FIRE AND INDEMNITY EXCHANGE

**NOW INTO COURT**, through undersigned counsel, comes National Fire and Indemnity

Exchange ("NIE"), who answers the Complaint of Jerald M. Alexander, Sr., et al. ("Plaintiffs"),

as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim or cause of action upon which relief may be

granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment,

estoppel, and set-off.  Plaintiffs' claims are also barred in whole, or in part, by their own judicial

admissions.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by weather conditions that contribute in

any way with a cause or event excluded under the policy to produce the loss or damage and such

loss is excluded when there are two or more causes of loss and the dominant cause of loss is excluded.

## FOURTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by water, including: "(1) [f]lood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not; (2) Mudslide or mudflow; (3) Water that backs up or overflows from a sewer, drain or sump; or (4) Water under the ground surface pressing on, or flowing or seeping through: (a) Foundations, walls, floors or paved surfaces; (b) Basements, whether paved or not; or (ca) Doors, windows or other openings."

## FIFTH DEFENSE

Plaintiffs' claims are subject to all terms, conditions, exclusions, deductibles and endorsements of NIE's commercial insurance policy as set forth in the policy, and any policy issued by NIE is the best evidence of its terms and limitations therein and it is pled herein as if copied *in extensor*.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to mitigate, minimize and/or protect the structure from the damages and losses alleged.

## SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata and/or laches.

**EIGHTH DEFENSE**

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and they are presumed to know the provisions of the policy, including the insurer's limits of liability, any and all exclusions, and they may not avail themselves of ignorance of the policy or law.

**NINTH DEFENSE**

Defendant avers that it is entitled to a credit for any payments made to the plaintiffs herein for damages they claim are related to the subject events from any individual, corporation, insurance company or any party hereto.

**TENTH DEFENSE**

Plaintiffs' policy specifically excludes coverage for loss or damage caused by ordinance of law, including but not limited to "The enforcement of any ordinance or law: (1) Regulating the construction, use or repair of any property; or (2) Requiring the tearing down of any property, including the cost of removing its debris." This exclusion applies whether the loss results from: "(1) An ordinance or law that is enforced even if the property has not been damaged; or (2) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property."

**ELEVENTH DEFENSE**

To the extent that Plaintiffs have previously agreed to compromise all or part of any claim, that portion of the claim is barred by the doctrine of accord and satisfaction and/or release and compromise.

3

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of their claims.

## THIRTEENTH DEFENSE

NIE denies that it violated any provision(s) of the Insurance Code of the State of Louisiana as pled by Plaintiffs. NIE further avers that at all times pertinent hereto it acted in good faith and in compliance with all applicable statutory law.

## FOURTEENTH DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page(s) of that policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## SIXTEENTH DEFENSE

To the extent that the Plaintiffs have made a claim on their flood policy that flood/storm surge destroyed their property and/or contents, Plaintiffs are judicially, legally, and/or equitably estopped from claiming that wind and/or rain caused the same loss to their property and/or contents.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process

4

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## EIGHTEENTH DEFENSE

To the extent that NIE's liability depends upon Congress' decision to inadequately fund the design, construction and maintenance of the New Orleans levee system, holding NIE liable would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## TWENTIETH DEFENSE

Defendant specifically avers that Plaintiffs have stated no cause of action to recover either attorney's fees, costs or other penalties.

## TWENTY-FIRST DEFENSE

NIE is entitled to a credit for any and all amounts paid or to be paid to, or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, the Red Cross, Louisiana Road Home Program, SBA, any other governmental agency, any insurance company, and/or any charitable organization.

## TWENTY-SECOND DEFENSE

NIE avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiffs herein.

## TWETY-THIRD DEFENSE

NIE has detrimentally relied on prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

## TWENTY-FOURTH DEFENSE

Any potential damages awarded for physical damage to Plaintiffs' structure, personal property, and/or contents are limited to the difference between the pre-loss value of Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to Plaintiffs' structure, personal property, and/or contents.

## TWENTY-FIFTH DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and the failure to act as a prudent person under the circumstances diminishes or bars Plaintiffs' recovery herein.

## TWENTY-SIXTH DEFENSE

NIE contends that there is no cause of action for the claims asserted herein, however, should this Court find any negligence and/or fault on the part of NIE, which is specifically denied, then NIE avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

## TWENTY-SEVENTH DEFENSE

NIE specifically denies that it breached any contractual or statutory duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

## TWENTY-EIGHTH DEFENSE

NIE denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## TWENTY-NINTH DEFENSE

NIE asserts that Plaintiffs are not entitled to additional business and/or alternative expenses under his policy, as the damage to the property was caused by an excluded peril.

## THIRTIETH DEFENSE

NIE owes no damages to Plaintiffs to the extent that Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the following:

   a.   Refusing or failing to provide satisfactory proof of loss;

   b.   Refusing to provide information that has been specifically requested;

   c.   Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

   d.   Any other circumstances discovered between now and the trial of this matter.

## THIRTY-FIRST DEFENSE

To the extent that the damages and/or losses sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires NIE to pay its proportionate share of the covered loss or damage, being

the proportion that the applicable Limit of Insurance under the policy bears to the Limits of Insurance of all insurance covering on the same basis.

### THIRTY-SECOND DEFENSE

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, NIE is responsible only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether Plaintiffs can collect on it or not. NIE is not responsible for more than the applicable Limit of Insurance.

### THIRTY-THIRD DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

### THIRTY-FOURTH DEFENSE

To the extent that Plaintiffs' policy contained a Hurricane Deductible, Plaintiffs' claims are subject to the application of the Hurricane Deductible as set forth in the policy.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by NIE, or anyone acting on NIE's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

### THIRTY-SIXTH DEFENSE

NIE gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

### THIRTY-SEVENTH DEFENSE

The plaintiffs' policy issued by NIE and the rates pertaining thereto have been filed with and approved by the Department of Insurance ("DOI") and the Louisiana Insurance Rating Commission ("LIRC") in accordance with La. R.S. 22:620 and La. R.S. 22:1401, *et seq.* The times of the insurance policy does not cover the damage claimed by the plaintiffs and the rates approved by the LIRC and the DOI are not designed to cover the risks associated with flood claims thus awarding compensation as requested by the plaintiffs would contravene the terms of the lawful policy forms and the approved rates and thereby violate the Filed Rate Doctrine.

### THIRTY-EIGHTH DEFENSE

Review of the DOI decisions is permitted only as provided by La. R.S. 22:1351, *et seq.* and other applicable law. The time for appeal or judicial review under those provisions has expired. Accordingly, the DOI's prior decision regarding the term language of NIE's policy is no longer subject to judicial review and the Complaint must be dismissed.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims constitute an improper attempt to achieve *de novo* judicial review or otherwise to collaterally attack the DOI's prior decisions contrary to procedures established by State of Louisiana Law. Plaintiffs' claims are therefore barred by the separation of powers provisions of the Constitution of the State of Louisiana and the petition must be dismissed.

### FORTIETH DEFENSE

Plaintiffs' claims interfere with the exclusive or primary jurisdiction of the Department of Insurance of Louisiana including jurisdiction over policy forms.

### FORTY-FIRST DEFENSE

Plaintiffs' Complaint improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to NIE by the Constitutions of the United States and the State of Louisiana.

### FORTY-SECOND DEFENSE

Plaintiffs' Complaint improperly seeks to effect taking without just compensation in contravention of rights guaranteed to NIE by the Constitutions of the United States and the State of Louisiana.

### FORTY-THIRD DEFENSE

Plaintiffs' Complaint improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

### FORTY-FOURTH DEFENSE

Plaintiffs' Complaint improperly seeks to effect a deprivation of liberty and property in contravention of rights guaranteed to NIE by the Due Process Clauses of the Constitutions of the United States and the State of Louisiana.

### FORTY-FIFTH DEFENSE

Plaintiffs' Complaint improperly seeks to deprive NIE of equal protection of the law in contravention of the rights guaranteed to NIE by the Constitutions of the United States and the State of Louisiana.

### FORTY SIXTH DEFENSE

Any Standard Flood Insurance Policy ("SFIP") issued to Plaintiffs includes an "other insurance" provision which provides as follows:

"Section C Other Insurance

1.  If a loss covered by this policy is also covered by other insurance that includes flood coverage not issued under the Act, we will not pay more than the amount of the insurance you are entitled to for lost, damaged or destroyed property under this policy subject to the following:

(i)   We will pay only the proportion of the loss that the amount of the insurance that applies under this policy bears to the total amount of insurance covering the loss unless C. 1.b. or c. immediately below applies.

(ii)  If the other policy has a provision stating that it is excess insurance this policy will be primary.

(iii)   This policy will be primary (but subject to its own deductible) up to the deductible in the other flood policy (except another policy as described in C.1.b. above).  When the other deductible amount is reached, this policy will participate in the same proportion that the amount of insurance under this policy bears to the total amount of both policies for the remainder of the loss."

44CFR Part 61, App. A (1), Art. VII.C.

NIE Commercial Insurance Policies also include an "other insurance" clause that requires determining the total amount of insurance covering the loss in order to determine the amount to be made under the commercial insurance policy.  Therefore, if there was flood coverage under the commercial insurance policy as Plaintiff claims, those claims would be contractually limited and/or barred and their claims would be preempted.

## FORTY-SEVENTH DEFENSE

With respect to any determinations made under the Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program, should Plaintiffs herein have purchased such a policy, NIE reserves all defenses with respect to the SFIP, including but not

limited to all applicable conditions precedent, coverage limitations, exclusions, limitations on remedies and damages, appraisal rights, other insurance or payment, loss payee requirements and other requirements and provisions of the SFIP, the National Flood Insurance Act and the Federal Emergency Management Agency, as well as causation, assumption of the risk, the Appropriations Clause of the United States Constitution and the Separation of Powers Doctrine.

## FORTY-EIGHTH DEFENSE

Coverage is precluded, in whole or in part, to the extent the policy contains the following language, or functionally identical language:

> We will not pay for loss or damage caused by or resulting from any of the following, but if an excluded cause of loss that is listed results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

> a.    Weather Conditions. But this exclusion only applies if weather conditions contribute in any way with the cause or event excluded in paragraph 1 above to produce the loss or damage.

## FORTY-NINTH DEFENSE

Coverage is precluded, in whole or in part, to the extent the policy contains the following language, or functionally identical language:

> We will not pay for loss or damage caused by or resulting from any of the following but if an excluded cause of loss that is listed results in a Covered Cause of Loss we will pay for the loss or damage caused by that Covered Cause of Loss.

> (c) Faulty, inadequate or defective:

> (1) Planning, zoning, development, surveying, sighting;

> (2) Design, specifications, workmanship, repair, construction, renovation remodeling, grating, compaction;

(3)  Materials used in repair, construction, renovation or remodeling; or

(4)  Maintenance of part or all of any property on or off the described premises.

### FIFTIETH DEFENSE

Coverage is precluded, in whole or in part, to the extent the policy contains the following language, or functionally identical language:

C. LIMITATIONS

The following limitations apply to all policy forms and endorsements unless otherwise stated.

We will not pay for loss of or damage to property as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section,

(c) The interior of any building or structure or to personal property in the building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust whether driven by wind or not unless:

(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof of walls through which the rain, snow, sleet, ice, sand or dust enters.

### FIFTY-FIRST DEFENSE

Coverage is precluded, in whole or in part, to the extent the policy contains the following language, or functionally identical language:

a. Business Income (And Extra Expense) Coverage Form, Business Income (Without Extra Expense) Coverage Form

We will not pay for:

13

(1) Any loss caused directly or indirectly by the failure of power or other utility service supplied to the described premises, however caused, if the failure occurs outside of a covered building.

But if the failure of power or other utility service results in a Covered Cause of Loss we will pay for the loss resulting from that Covered Cause of Loss.

### FIFTY-SECOND DEFENSE

NIE has no obligations under the policy unless and until all terms, provisions and conditions including conditions precedent or subsequent of the policy have been satisfied.   The policy conditions include but are not limited to those detailed in the provisions entitled "Loss Conditions", "Duties in the Event of Loss or Damage", "Loss Payments", and "Appraisal". To the extent the plaintiffs have not satisfied and/or have violated any conditions precedent or subsequent identified in the policy, NIE has no liability under the policy.

### FIFTY-EIGHTH DEFENSE

Coverage is precluded in whole or in part to the extent the policies contain the following language, or functionally identical language:

D. LEGAL ACTION AGAINST US:

No one may bring a legal action against us against under this coverage part unless:

(1) There has been full compliance with all of the terms of this Coverage Part.

**AND NOW**, further answering the allegations of Plaintiffs' Complaint, Defendant avers as follows:

I.

The allegations of Paragraph I of the Complaint are denied.

14

II.

The allegations of Paragraph II of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph III of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph IV of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph V of the Complaint are denied except to admit the issuance of a policy of commercial property insurance by NIE, identified as Policy No. CPP5978-87-06, to Ellis and Lynn Bordelon doing business as Broadview Cleaners.

VI.

The allegations of Paragraph VI of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph VII of the Complaint are denied as written insofar as it is disputed that the losses claimed by Plaintiffs were caused, in whole or in part, by perils covered under the commercial insurance policy referred to in this matter.

VIII.

The allegations of Paragraph VIII of the Complaint are denied.

IX.

The allegations of Paragraph IX of the Complaint are denied.

X.

The allegations of Paragraph X of the Complaint are denied except to admit that Hurricane Katrina made landfall in Southeast Louisiana on or about August 29, 2005.

XI.

The allegations of Paragraph XI of the Complaint are denied.

XII.

The allegations of Paragraph XII of the Complaint are denied.

XIII.

The allegations of Paragraph XIII of the Complaint are denied.

XIV.

The allegations of Paragraph XIV of the Complaint are denied.

XV.

The allegations of Paragraph XV of the Complaint are denied.

XVI.

The allegations of Paragraph XVI of the Complaint are denied.

XVII.

The allegations of Paragraph XVII of the Complaint are denied.

XVIII.

The allegations of Paragraph XVIII of the Complaint are denied.

## XIX.

The allegations of Paragraph XIX of the Complaint are denied.

## XX.

The allegations of Paragraph XX of the Complaint are denied.

## XXI.

The allegations of Paragraph XXI of the Complaint are denied.

## XXII.

The allegations of Paragraph XXII of the Complaint are denied.

## XXIII.

The allegations of Paragraph XXIII of the Complaint are denied.

## XXIV.

The allegations of Paragraph XXIV of the Complaint are denied.

## XXV.

The allegations of Paragraph XXV of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVI.

The allegations of Paragraph XXVI of the Complaint are denied.

## XXVII.

The allegations of Paragraph XXVII of the Complaint are denied.

## XXVIII.

The allegations of Paragraph XXVIII of the Complaint are denied.

### XXIX.

The allegations of Paragraph XXIX of the Complaint are denied.

### XXX.

The allegations of Paragraph XXX of the Complaint are denied for lack of sufficient information to justify a belief therein.

### XXXI.

WHEREFORE, Defendant National Fire and Indemnity Exchange, prays that this Answer be deemed good and sufficient and after all due proceedings had, Plaintiffs' Complaint be dismissed, with prejudice, and at Plaintiffs' cost.

Respectfully submitted,

**CURRY & FRIEND,**
**A Professional Law Corporation**

BY:   **s/ Brett F. Willie**
**RENE' A. CURRY, JR. (#4670)**
**GUY C. CURRY (#22032)**
**BRETT F. WILLIE (#26755)**
**228 St. Charles Avenue**
**1200 Whitney Bank Building**
**New Orleans, Louisiana 70130**
**Telephone: (504) 524-8556**

**Attorneys for National Fire Indemnity**
**Exchange**

18

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of May, 2008, I electronically filed the foregoing Answer and Affirmative Defenses of National Fire and Indemnity Exchange with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to the following:

> Daniel E. Becnel, Jr., Esq.
> Becnel Law Firm, L.L.C.
> 106 W. Seventh Street
> Post Office Drawer H
> Reserve, Louisiana  70084

and by depositing same in the United States Mail, postage prepaid and properly addressed on this 23rd day of May.

> s/ Brett F. Willie
> BRETT F. WILLIE

19

F:\C&F\28-463\Pleadings\ANSWER.