UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____ | CIVIL ACTION<br><br>NO. 05-4182 |
| **PERTAINS TO INSURANCE:** | SECTION K-2 |

*Aguda,* 07-4457
*Anderson,* 07-6737
*Acevedo,* 07-5199
*Abram,* 07-5205

**PLAINTIFFS' SUR-REPLY MEMORANDUM IN SUPPORT OF
MOTIONS TO VACATE AND APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING THEIR
<u>MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS</u>**

Plaintiffs wish to respond to misstatements in State Farm's recent supplemental memorandums,[1] especially as regards their description of Judge Feldman's ruling in the *Arceneaux* case.

    **1.    The captioned matters are distinct from *Arceneaux*.**

State Farm's memos focus on Judge Feldman's ruling in *Arceneaux v. State Farm Fire and Casualty Co.*, 07-7701. Their memos assert that "*Acevedo* and *Abram* have a substantially similar procedural background as *Arceneaux*,"[2] which is not true for several reasons. First, *Arceneaux* was **not** subject to a stay order when State Farm's Motion to Dismiss was granted. Second, in *Arceneaux* the plaintiffs filed both a Rule 60(b) motion and

---

[1] 05-4182, Rec. Docs. 13152 and 13153
[2] 05-4182, Rec. Doc. 13152-3, p. 3

a Rule 59(e) motion seeking relief from a final judgment. As discussed previously in some detail, this Court has not entered judgment in *Abram* and *Acevedo*.

True, *Abram* and *Acevedo* are similar to *Arceneaux* in one respect: Judge Feldman granted the Motion to Dismiss without benefit of plaintiffs' opposition. Judge Feldman evidently concluded that plaintiffs failed to state a claim for wind damage in their original complaint. His order (granting State Farm's Motion to Dismiss) included the following sentence: "The complaint contains no claims for recovery of insurance proceeds for unpaid wind damaged (sic)."[3] Here, Plaintiffs have vehemently argued that their original claims encompass claims for wind damage. In other words, this court has the benefit of important information that Judge Feldman failed to consider (the reason for that failure of consideration is not relevant to these proceedings). Accordingly, this case is distinct from *Arceneaux* and, if this Court considers the observations of another judicial officer relevant, Plaintiffs refer to the observations of Magistrate-Judge Wilkinson in these same proceedings.

When he granted leave to the Plaintiffs in *Aguda* and *Anderson* to amend their complaints, Magistrate-Judge Wilkinson rulings indicated that he did not agree with State Farm's argument that plaintiffs had failed to state claims for wind damage in their original complaint: "The motion is granted in part insofar as plaintiffs seek to amend their complaint to **clarify** that wind and/or wind-driven rain (*i.e.*, covered risks under plaintiffs' State Farm policy) proximately caused damage to plaintiffs' property beyond the amounts paid by State Farm."[4] Clearly, an amendment permitting Plaintiffs to clarify damages caused by wind and/or wind-driven rain presupposes the existence of claims for wind

---

[3] 07-7701, Rec. Doc. 16, p. 3
[4] 05-4182, Rec. Docs. 11296 and 11543 (emphasis added).

and/or wind-driven rain in the original pleadings. Nonetheless, State Farm continues to press its argument that Plaintiffs have not stated claims for wind damage in its most recent opposition memorandums.

> **2.  The original complaints should be construed to seek damages related to wind, and wind driven rain.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure establishes that an affirmative federal pleading need only consist of "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] This is the heart of the federal system's notice pleading system. Given this standard, Plaintiffs in *Abram*, *Acevedo*, *Aguda*, and *Anderson* maintain that they have asserted claims for wind damage in their original complaints/petitions.

Although State Farm argues otherwise, it has failed to address Plaintiffs' contentions that the damage for which they seek compensation "was caused by wind, wind driven rain" and that "Defendant made only partial payment based upon wind and wind driven rain alone."[6] Instead of addressing Plaintiff's position, State Farm argues that Plaintiffs' effort to clarify their original claims somehow constitutes the assertion of novel facts and legal theories. This argument ignores the basic underpinnings of notice pleading, in addition to Magistrate-Judge Wilkinson's determination that Plaintiffs have stated viable claims for wind damages.

> **3.  Granting Plaintiffs Request for Relief will <u>not</u> Prejudice State Farm.**

Finally, State Farm argues that granting Plaintiff leave to amend would somehow prejudice it and it relies on *Arceneaux* and Judge Feldman's order and reasons in support of this claim. State Farm repeatedly references this language from the order and reasons in

---

[5] 5 Federal Practice and Procedure, Section 1215 (West 2008).
[6] *See* 07, 5199, Rec. Doc. 1 (*Acevedo*); 05-4182, Rec. Doc. 1 (*Abram*); 05-4182, Rec. Doc. 1 (*Anderson*); and 07-4457, Rec. Doc. 1 (*Aguda*).

3

that case: "plaintiffs filed their original complaints more than eight months ago, and waited more than 100 days after dismissal to file the present motion, allowing the post-judgment amendment would prejudice the defendant."[7]

But State Farm ignores and obvious (and important) difference: Judge Feldman's finding was made in the context of a Rule 59 analysis, one that is not pertinent here, where judgment has never been entered in *Abram* and *Acevedo* and where *Aguda* and *Anderson* have never been dismissed. State Farm also incorrectly asserts that the Plaintiffs in *Abram* and *Acevedo* waited more than 100 days before filing their motion to amend. More importantly, State Farm fails to identify how it could be prejudiced in light of the fact that a stay has been in place. More likely, it is Plaintiffs who have been prejudiced by State Farm's filing of a Motion to Dismiss in violation of the stay order.

### CONCLUSION

Plaintiffs are entitled to Rule 60 relief vacating this Court's order that granted State Farm's Motions to Dimiss in *Abram* and *Acevedo* and an Order allowing Plaintiffs in *Abram, Acevedo, Aguda*, and *Anderson* to file amended complaints to clarify their desire to seek damages stemming from wind during Hurricane Katrina. State Farm will suffer no prejudice and a proper resolution of the merits will be afforded to both sides.

RESPECTFULLY SUBMITTED,

***Ernest E. Svenson***  
Ernest E. Svenson, 17164  
Svenson Law Firm  
123 Walnut Street, Suite 1001  
New Orleans, Louisiana 70118  
(504) 208-5199  
esvenson@gmail.com

***Stuart T. Barasch***  
STUART T. BARASCH, 20650, T.A.  
Hurricane Legal Center  
910 Julia Street  
New Orleans, LA 70113  
(504) 525-1944  
sbarasch1@aol.com

---

[7] 07-7701, Rec. Doc. 49, p. 4

*/s Al Robert, Jr.*
Al J. Robert, Jr., 29401
Law Office of Al J. Robert, Jr., LLC
6040 Laurel Street,
New Orleans, Louisiana 70118
(504) 309-4852
ajr@ajrobert.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2008, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s Al Robert, Jr.*
AL J. ROBERT, JR.