# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: INGRAM BARGE COMPANY                    CIVIL ACTION

                                               NO. 05-4419 and
                                                    consol'd cases

                                               SECTION "C" (2)

### ORDER ON MOTIONS

APPEARANCES: None (on the briefs)

MOTIONS:    (1)   Motion of Ingram Barge for Protective Order, Record Doc. No. 278;
            (2)   Motion of Lafarge North America, Inc., for Protective Order with Respect to Plaintiff's Notice of Proposed 30(b)(6) Deposition and Records Deposition, Record Doc. No. 291;
            (3)   Motion of Lafarge North America, Inc., et al, to Compel, Record Doc. No. 277

O R D E R E D:

(1) : GRANTED IN PART AND DENIED IN PART. Ingram asserts three principal reasons why the Rule 30(b)(6) notice is objectionable and should be modified: (1) verbosity and confusion; (2) failure to describe the topics with reasonable particularity; and (3) portions of the notice are beyond the scope of, or irrelevant to, Phase One discovery, as provided in the court's Rule 16 order, Record Doc. No. 210. In addition, Ingram objects to the Rule 30(b)(5) notice on grounds that it contains requests for production that exceed the limit of 35 imposed by the court's Rule 16 order.

    As to the topics contained in the Rule 30(b) notice, the motion is denied as to Topics No. 5, 6, 7, 8, 11, 12, 15, 16, 25, 26, 27, 29, 30, 31, 33, 35 and 42. These topics seek information relevant to Phase One and are reasonably calculated to lead to the discovery of admissible evidence. All objections are overruled. I understand them and

so should Ingram, particularly in light of plaintiffs' explanation of what they seek in their opposition memorandum.

The motion is granted in part and denied in part as to Topics No. 9, 13, 23 and 24. These topics seek information relevant to Phase One and are reasonably calculated to lead the discovery of admissible evidence. If Ingram has no designee with any knowledge of these topics, it must produce an authorized corporate representative to say so under oath and to explain the evidence indicating otherwise, which plaintiffs say in their opposition memorandum refutes any such assertion. The motion is granted only in that the objection concerning privileged attorney-client communications is sustained and no such communications need be revealed in response to these topics.

The motion is granted in part as to Topic No. 28, which is hereby modified to exclude all language after "August 29, 2005" in this topic. The motion is denied in part in that Ingram must designate a witness concerning the remainder of this topic, as modified by the court.

The motion is granted as to Topics No. 36 and 38. The objections are sustained. In addition, the purposes for which plaintiffs assert that they require this information are served by Topic No. 37 (as to which no objection has been made) and therefore the information sought is more conveniently and without cumulativeness obtainable by other means. Fed. R. Civ. P. 26(b)(2)(i).

The motion is granted in part as to Topic No. 43. This topic is overly broad and seeks much that is irrelevant as written. It is hereby modified to add "and relating to Hurricane Katrina, including specifically whether the barge should be brought into the Industrial Canal before or during the hurricane." The motion is denied in part in that Ingram must designate a witness concerning this topic, as modified by the court.

The motion is denied as to Topic No. 44. This topic seeks information relevant to Phase One and is reasonably calculated to lead the discovery of admissible evidence. If Ingram has no designee with any knowledge of some of the relationships (e.g., those not involving itself) that are addressed in this topic, it must produce an authorized corporate representative to say so under oath

The motion is granted as to Topic No. 45 (misnumbered as No. 41). All objections are sustained.

The motion is granted, except as otherwise provided herein, concerning the requests for production of documents that are in plaintiffs' Rule 30(b)(5) notice. I note initially that Ingram's motion papers state that Ingram "is prepared to produce" certain documents or other materials in response to some of the disputed requests. It must do so.

2

Beyond that, however, Ingram argues that the requests exceed the number of requests for production which was imposed as a limitation on Rule 34 discovery in the court's Rule 16 order. Record Doc. No. 210. Plaintiffs make no response to this argument in their opposition memorandum, and in fact make no argument of any kind as to the requests for production, except for Nos. 29 and 30. Requests for production contained in a Rule 30(b)(5) notice are Rule 34 requests for production. Fed. R. Civ. P. 30(b)(5). When a provision is contained in a court's Rule 16 order, it may be modified only with leave of court for good cause shown. Fed. R. Civ. P. 16(b). No such showing has been made in this instance. Thus, the motion is granted, and no further response to the Rule 30(b)(5) requests for production need be made, other than those ordered in the preceding paragraph.

(2) : GRANTED IN PART AND DENIED IN PART: In this motion, Lafarge requests a court order: (1) limiting the scope of permissible topics contained in the Rule 30(b)(6) notice it has received, essentially on grounds that (a) the notice is overly broad and unduly burdensome because the number of topics (45) is unmanageable; (b) the topics are beyond the scope of Lafarge's corporate knowledge; (c) portions of the notice are beyond the scope of, or irrelevant to, Phase One discovery, as provided in the court's Rule 16 order, Record Doc. No. 210; and (d) the topics seek disclosure of protected attorney work product; (2) excluding from its Rule 30(b)(6) notice any testimony regarding the mooring of the subject barge; and (3) prohibiting any "later-joined parties from seeking additional Phase I Rule 30(b)(6) depositions" from Lafarge.

The motion is denied insofar as it seeks an order excluding from the Rule 30(b)(6) notice any testimony regarding the mooring of the subject barge on grounds that individual witnesses with specific knowledge in this area will be deposed later. The corporate deposition should proceed on this topic. If anticipated follow-up individual depositions would be cumulative or duplicative, Fed. R. Civ. P. 26(b)(2)(i), counsel and the court will address that issue at the appropriate time. *ok*

The motion is also denied insofar as it seeks any order prospectively precluding any party who may be joined later in this case from deposing Lafarge concerning Phase One issues. A decision whether any future party might be permitted to redepose Lafarge will not be made until such a decision is actually necessary and will depend on an evaluation of circumstances that cannot now be known. *ok*

The motion is granted insofar as it seeks an order prohibiting the revelation of attorney work product. Any question at the deposition that seeks the revelation of attorney work product may be addressed in the manner contemplated by Fed. R. Civ. P. 30(d)(1), and Lafarge must identify any such information as required in Fed. R. Civ. *ok*

3

P. 26(b)(5), so that plaintiffs may later have an opportunity to make the showing contemplated by Fed. R. Civ. P. 26(b)(3), if appropriate. Nothing in the remainder of this order is to be construed as an indication that privileged information of any kind must be provided at this time.

As to Lafarge's request to limit the particular topics contained in the Rule 30(b)(6) notice to Lafarge, the proposed order submitted to the court as an attachment to Lafarge's motion is specifically rejected, and the motion is denied insofar as it requests entry of that order, because the proposed order is unduly narrow, overly restrictive and based in part on objections that I find have no merit. The Rule 30(b)(6) notice submitted to Lafarge appears to be identical to the notice submitted to Ingram, which is addressed in the foregoing portion of this order concerning Ingram's motion for protective order. **IT IS ORDERED** that Lafarge must designate one or more witnesses, as required by Fed. R. Civ. P. 30(b)(6), to provide testimony concerning the same topics and to the same extent as addressed above in connection with Ingram's motion for a protective order. In short, Lafarge's motion is granted in part only as to those topics that have been modified above or as to which Ingram's motion was granted. In all other respects, it is denied.

Similarly, although (unlike the opposition to Ingram's motion) plaintiffs' opposition to Lafarge's motion addresses the question of the requests for production contained in the Rule 30(b)(5) notice, I reject plaintiffs' argument and (for the same reasons set out above in connection with Ingram's motion) find that plaintiffs have exceeded the limit on requests for production imposed by the court and have made no showing of good cause at this time to modify it, as required by Fed. R. Civ. P. 16(b). Accordingly, the motion is granted in part, in that no further response to the Rule 30(b)(5) requests for production need be made.

(3): GRANTED IN PART AND DENIED IN PART. Subject to the conditions noted herein, the motion is denied as to Interrogatory No. 3. The objection is overruled. The answer is sufficient, subject to the requirements of Fed. R. Civ. P. 26(e)(2). The answer indicates that "some plaintiffs may have seen the barge drifting" and that this information "is being sought at this time." Thus, **IT IS ORDERED** that, pursuant to Rule 26(e)(2), counsel must survey all named plaintiff members of Group A immediately and supplement their answer to Interrogatory No. 3 no later than **November 14, 2006** (the date Group A witness lists are due) to identify specifically any "plaintiff" with knowledge responsive to this interrogatory. As to other persons who may be discovered to have such knowledge, the parties are advised that the term "seasonably" as used in Rule 26(e)(2) will be interpreted under the circumstances of this case to mean "immediately."

Similarly, subject to the conditions contained herein, the motion is denied as to Interrogatories No. 5 and 6. These interrogatories appear to be "contention" interrogatories of the type specifically contemplated by Fed. R. Civ. P. 33(c), which provides: "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Thus, if any of the Group A plaintiffs contend in their various complaints or claims that any parties against whom they assert claims violated statutes, regulations, etc. as enumerated in these interrogatories, an answer would be required and no work product objection would have merit. However, the Group B parties' motion makes no reference to any such contention in any pleading, I have located none in my own review of the pleadings, and the interrogatory answer (like the Group A parties' pleadings themselves) asserts that plaintiffs will rely on general negligence principles, as opposed to statutory or other violation as the basis for liability. Accordingly, the answers appear sufficient at this time. However, pursuant to Fed. R. Civ. P. 33(c), **IT IS ORDERED** that Group A parties must supplement their answers to these interrogatories no later than **December 29, 2006** (the date Group A expert reports are due), to state definitively whether or not they contend that some statutory, regulatory, etc. (as enumerated in these interrogatories) violation forms a basis for their liability allegations and, if so, to cite them.

The motion is granted as to Request for Production No. 1 as follows: The current response is vague and evasive. The objections that the request is overly broad and unduly burdensome are overruled. No later than within twenty (20) days of entry of this order, the Group A parties must provide a new written response to this request, in compliance with Fed. R. Civ. P. 34(b) and signed pursuant to Fed. R. Civ. P. 26(g), stating that all non-privileged responsive materials in their possession, custody or control are being produced, and all such materials must be made available for inspection and related Rule 34 activities. A "work product" objection has been asserted, and it is not overruled at this time. However, there is no indication that the Group A parties have complied with Fed. R. Civ. P. 26(b)(5) in asserting this objection. The required privilege

5

log must be provided along with the new response within twenty (20) days of entry of this order.

New Orleans, Louisiana, this __25th__ day of October, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE