# EXHIBIT 6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | CIVIL ACTION |
| COMPLAINT OF INGRAM BARGE | * | |
| COMPANY, AS OWNER OF THE | * | NO. 05-4419 |
| ING4727, PETITIONING FOR | * | C/W 05-4237 |
| EXONERATION FROM OR | * | C/W 05-5531 |
| LIMITATION OF LIABILITY | * | C/W 05-5724 |
| | * | C/W 06-3313 |
| | * | C/W 06-5342 |
| | * | C/W 06-5054 |
| | * | C/W 06-6299 |
| | * | C/W 06-7516 |
| | * | |
| | * | SECTION "C" (2) |
| | * | |
| | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAG. JUDGE JOSEPH C. |
| | * | WILKINSON, JR. |

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO LAFARGE NORTH AMERICA

**TO:** Lafarge North America
Through its attorneys of record
Robert B. Fisher, Jr. Esq.
Derek A. Walker, Esq.
Chaffe McCall, LLP
1100 Poydras Street, Ste. 2300
New Orleans, LA 70163

Pursuant to Federal Rules of Civil Procedure, answers to these interrogatories are to be served upon undersigned counsel within thirty (30) days of service, and to be answered by you personally, or through an authorized officer, or agent, in writing, and signed under oath by the party making the answers. Plaintiff requests, in accordance with the Federal Rules of Civil Procedure, that the answers to these interrogatories include all pertinent information gathered by you, or for or on your behalf, through interviews with witnesses and through other investigation, in addition to

information available to you, or directly within your knowledge, or the knowledge of your agents, servants, employees and attorneys.

Supplementation of your answers is specially requested in accordance within the Federal Rules of Civil Procedure.

These requests are intended to yield the greatest amount possible of discoverable information as per law. If the respondent deems any portion of a request legally objectionable, the respondent is to comply to the fullest possible extent to the remainder of the request.

In each case of an objection, please exhaustively state the reasons therefor. In each instance in which privilege from disclosure is claimed, please state the exact nature of the privilege, and state the statutory and/or jurisprudential authorities for your invocation of same.

When the term "identify" is used, please sufficiently describe the document, or the individual, so that the document, or the witness's appearance, can be obtained by subpoena or other discovery device.

When the term "describe" is used, the respondent is to disclose every known fact, belief and opinion about the nature, content, date, time, location, participants, custodian, events and circumstances relevant to the subject of the particular discovery request.

For the purposes of this discovery, the words "communicate" and "communication" are intended to refer to any and all expression, transmittal, receipt, and/or exchange of thought, information, knowledge, message, intention, fact, belief, opinion, view, observation, sensation, direction, mandate, and/or meaning; by whatever means, mode, method, or medium, including but not limited to speech, behavior or writing; regardless of transmission method, including but not limited to voice, paper, electronic, numerical, visual, telephone, text message, pager, satellite, signal, correspondence, email, bulletin, memorandum, fax, delivery, posting, or publication; by, from, to

and between any number of persons or entities, regardless of status, source, recipient or route; regardless whether human, computer or machine generated; regardless of any subjective intention as to or interpretation of same; regardless of title, designation, nomenclature or terminology; regardless of any means by which the person(s) or entitiy(ies) answering these Interrogatories came into possession or awareness of same.  This definition is not intended to narrow the scope, nor to alter the plain meaning, of any discovery request not incorporating the words communicate or communication, nor to  relieve or lessen any obligation to fully respond in full accord with requests that do not specifically use these words.

This discovery, unless otherwise stated, pertains to Freight Barge ING 4727, alternative VIN # CG025606, located in the Industrial Canal in New Orleans, Louisiana, on August 29, 2005, and which, following Hurricane Katrina,  was on the land side of the East side flood wall of said canal.

Please produce any and all of the following:

**REQUEST NO. 1:**

Any and all communications and writings reflecting, describing and/or mentioning Ingram personnel visits to Lafarge facilities in advance of Hurricane Katrina, and/or any and all prior hurricanes, to "check" fiberglass lift covers  on, and/or to perform any and all other activities with respect to, any and all Ingram barges at said facilities.

**REQUEST NO. 2:**

Any and all communications and writings reflecting and/or mentioning any and all retrieval and/or transport of any and all  Ingram barge(s) from LNA over the period August 25-29, 2005.

**REQUEST NO. 3:**

Any and all communications and statements you have obtained from any and all plaintiffs

and/or persons potentially belonging to the putative class herein concerning allegations subject of suit, including but not limited to Arthur Murph, and any and all other such persons and entities.

**REQUEST NO. 4:**

Comprehensive reports, curricula vitae, fee schedules and written testimonial disclosures of any and all experts or other persons you have consulted, retained and will call at trial to render any opinion concerning issues in this matter.

**REQUEST NO. 5:**

Copies of any and all writings and things that your experts as described above in Request No. 4 have generated, consulted, relied upon in reaching their opinions and/or upon which their testimony will be based.

**REQUEST NO. 6:**

Please produce any and all written, taped and otherwise recorded accounts of any and all events and/or circumstances whereby (a) ING 4727 broke free from its moorings at the Lafarge North America France Road facility; (b) traversed or traveled within the IHNC; (c)transited the eastern IHNC floodwall, and/or (d) was deposited east of the eastern IHNC floodwall during and about the time Katrina affected the New Orleans area.

**REQUEST NO. 7:**

Any and all items of documentary and/or demonstrative evidence, exhibits and things that you will seek to introduce and/or upon which you will rely at trial in this matter.

**REQUEST NO. 8:**

Any and all communications, documents and things that substantiate any and all denials in response to the accompanying Requests for Admissions, designating in each instance which response is thereby substantiated.

**REQUEST NO. 9:**

Any and all communications, documents and things whose existence is admitted in response to the accompanying Requests for Admissions.

**REQUEST NO. 10:**

Any and all writings and things reflecting the custodial status - joint, shared, sole or otherwise - of Ingram barges while at customers' facilities.

**REQUEST NO. 11:**

Any and all communications and documents reflecting citations, violations, accusations, investigation, penalties, litigation, prosecution, discipline, revocation via any and all official, administrative, judicial, quasi-judicial, and/or other process made, sought or convened against LNA relative to any and all marine casualties (1) at any time and/or (2) due to Katrina.

**REQUEST NO. 12:**

Any and all notifications and communications between Ingram, Lafarge and/or the United States Coast Guard concerning any intention or possibility that ING 4727 and/or any other Ingram barge would remain at any Lafarge facility during Katrina.

**REQUEST NO. 13:**

The entirety of any and all contracts governing any and all relationships and/or obligations between any and all Ingram companies and LNA during the years 2003, 2004 and 2005, including but not limited to contracts whereby any Ingram companies were contracted to assume responsibility for any maritime operations at any Lafarge facility, including but not limited to Silver Grove, KY.

**REQUEST NO. 14:**

Any and all documents purporting to effect settlement, compromise and/or transaction between LNA any and all other persons and/or parties for property damage and/or personal injuries arising out of the effects of Katrina, during Katrina, and/or in any manner whatsoever connected with the breakaway of ING 4727, including but not limited to those naming Arthur Murph.

**REQUEST NO. 15**

Any and all communications between counsel for LNA and Murph, counsel for LNA and relatives of Shirley Priestly, counsel for LNA and any title company, realtor, buyer and seller of immovable property relative to the Priestly property and/or Arthur Murph. Counsel for LNA shall be understood to include, without limitation, Harry Holladay and Robert Fisher.

**REQUEST NO. 16:**

Any and all confidentiality agreements relevant to the compromise, transaction and/or settlement documents requested above.

**REQUEST NO. 17:**

Any and all writings and things of whatever kind and nature which contain information and/or opinions relative to the breakaway and/or movements of ING 4727 during the effects of Katrina, and/or which contain information and/or opinions relative to the causes and/or occurrence of the eastern Industrial Canal floodwall breach(es) between N. Claiborne and Florida Avenues.

**REQUEST NO. 17:**

Any and all written and/or other communications concerning fleeting, mooring, ballasting, scuttling, sinking and/or anchoring ING 4727 before and/or during the effects of Katrina.

**REQUEST NO. 18:**

Any and all writings and things containing the whereabouts of Roland Johnson and/or Louis

Robein from August 29, 2005 through the present, and all identifying information, including but not limited to birthdates and social security numbers, customarily used by private investigators to locate persons.

**REQUEST NO. 19:**

Any and all communications and writings reflecting inspections of ING 4727, its moorings, structure, hull, interior, appurtenances, superstructure, hatches, ports, cleats, parts, hardware, berth, and/or exterior both in anticipation of and/or during Katrina, and at other times prior to Katrina.

**REQUEST NO. 20:**

Any and all things, photos, documents and writings reflecting description and origin of any and all pre and post August 29, 2005 damage to ING 4727. This is not limited to, but includes, any and all graffiti or other writing on ING 4727 after its breakaway.

**REQUEST NO. 21:**

Any and all any video and photos of ING 4727 from August 22 - 2005 through the present.

**REQUEST NO. 22:**

Any and all communication, documents and writings reflecting any and all facts concerning the seaworthiness, adequacy or fitness of ING 4727, and/or any and all equipment and/or structures used to secure, berth, store or secure ING 4727 at the Lafarge facility.

**REQUEST NO. 23:**

Any and all communications and documentation provided to the Coast Guard concerning ING 4727.

**REQUEST NO. 24:**

Any and all permits, leases, agreements and other writings reflecting ownership of, and/or LNA's rights to use and/or occupy, any and all areas at, near, and about the LNA France Road

facility to dock, wharf, moor and/or berth barges.

**REQUEST NO. 25**:

The entirety of any and all writings and things previously requested by Group A via written discovery requests and/or FRCP 30(b)(5) notice deemed by the Court to be irrelevant to Phase I.

**REQUEST NO. 26**:

Any and all articles, notices, advertisements, statement, newspapers, periodicals, magazines, and other publically communicated accounts in your possession, whether generated by LNA or not, of the breakaway of ING 4727 and/or breach of the Industrial Canal floodwall.

**REQUEST NO. 27**:

Any and all communications, writings, documents, instructions from barge owners other than Ingram concerning safe-keeping and/or preparation of their barges at LNA dock facilities in advance of an approaching hurricane.

**REQUEST NO. 28**:

Any and all simulations, replicas, reconstructions, models, mockups, and other study, investigation or representation, forensic or otherwise, of any and all things, events and/or locations you contend are pertinent to this litigation and which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony, including any and all documents and things of which said matters consist and/or to which they relate, including <u>but not limited to</u> notes, diaries, journals, correspondence, bulletins, memoranda, communications, logs, records, tables, charts, calculations, data, assumptions, premises, photos, video, sound recordings, computer media, reports, publications, theories, hypotheses, opinions, conclusions, plans, specifications, diagrams, graphics, and all other documents and things as requested herein.

**REQUEST NO. 29:**

Any and all communications, documents, statements, investigations, records, photo, video and evidence pertinent to the mooring or securing, and any shifting or movement during the effects of Katrina, of the five-barge tier north of ING 4727 at the Lafarge France Road facility.

**REQUEST NO. 30:**

Any and all documents and things mentioning, concerning and/or describing any and all complaints, accounts, claims and/or communications about a barge or other object knocking, scraping or engaged in other contact against the Industrial Canal floodwall or levee, and/or a barge breakaway, including the identities of all complainants, the recipients and persons with knowledge of all such complaints and/or communications, the dates and times of such complaints and/or communications, and the full substance of any and all such complaints and/or communications, during the period August 28 - 29, 2005.

**REQUEST NO. 31:**

Any and all documents and things mentioning, concerning and/or describing any and all efforts to track, redirect, guide, navigate, and/or recapture ING 4727 after its breakaway during the effects of Katrina.

**All of the foregoing requests are to be deemed continuing.**

Respectfully Submitted by

**WIEDEMANN & WIEDEMANN**

LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)

821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

*/s/ Brian A. Gilbert*

BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 24 day of September, 2007.

*/s/ Brian A. Gilbert*