# EXHIBIT 8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*_____07-5178_____ | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## REQUESTS FOR PRODUCTION PROPOUNDED TO THE BARGE ENTITIES

To:     **BARGE ENTITIES**

Lafarge North America
Through its attorneys of record
Robert B. Fisher, Jr. Esq.
Derek A. Walker, Esq.
Thomas D. Forbes, Esq.
Chaffe McCall, LLP
1100 Poydras Street, Ste. 2300
New Orleans, LA 70163

Zito Fleeting, Zito Towing
Through their attorneys of record
Andre Mouledoux, Exq.
C. Wm. Emory, Esq.
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, LA  70139-6001

Pursuant to Federal Rules of Civil Procedure, answers to these Requests are to be served

upon undersigned counsel within thirty (30) days of service, and to be answered by you

personally, or through an authorized officer, or agent, in writing, and signed under oath by the party making the answers.  Plaintiff requests, in accordance with the Federal Rules of Civil Procedure, that the answers to these interrogatories include all pertinent information gathered by you, or for or on your behalf, through interviews with witnesses and through other investigation, in addition to information available to you, or directly within your knowledge, or the knowledge of your agents, servants, employees and attorneys.

Supplementation of your answers is specially requested in accordance within the Federal Rules of Civil Procedure.

These requests are intended to yield the greatest amount possible of discoverable information as per law.  If the respondent deems any portion of a request legally objectionable, the respondent is to comply to the fullest possible extent to the remainder of the request.

In each case of an objection, please exhaustively state the reasons therefor.  In each instance in which privilege from disclosure is claimed, please state the exact nature of the privilege, and state the statutory and/or jurisprudential authorities for your invocation of same.

When the term "identify" is used, please sufficiently describe the document, or the individual, so that the document, or the witness's appearance, can be obtained by subpoena or other discovery device.

When the term "describe" is used, the respondent is to disclose every known fact, belief and opinion about the nature, content, date, time, location, participants, custodian, events and circumstances relevant to the subject of the particular discovery request.

For the purposes of this discovery, the words "communicate" and "communication" are intended to refer to any and all expression, transmittal, receipt, and/or exchange of thought, information, knowledge, message, intention, fact,  belief, opinion, view, observation, sensation,

direction, mandate, and/or meaning; by whatever means, mode, method, or medium, including but not limited to speech, behavior or writing; regardless of transmission method, including but not limited to voice, paper, electronic, numerical, visual, telephone, text message, pager, satellite, signal, correspondence, email, bulletin, memorandum, fax, delivery, posting, or publication; by, from, to and between any number of persons or entities, regardless of status, source, recipient or route; regardless whether human, computer or machine generated; regardless of any subjective intention as to or interpretation of same; regardless of title, designation, nomenclature or terminology; regardless of any means by which the person(s) or entitiy(ies) answering these Interrogatories came into possession or awareness of same.   This definition is not intended to narrow the scope, nor to alter the plain meaning, of any discovery request not incorporating the words communicate or communication, nor to  relieve or lessen any obligation to fully respond in full accord with requests that do not specifically use these words.

This discovery, unless otherwise stated, pertains to Freight Barge ING 4727, alternative VIN # CG025606, located in the Industrial Canal in New Orleans, Louisiana, on August 29, 2005, and which, following Hurricane Katrina,  was on the land side of the East side flood wall of said canal.

*The Named Plaintiffs, and the class they seek to represent, are all persons and/or entities who/which sustained injuries, death, loss and/or damages as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties or businesses in, the following geographic area: the Industrial Canal floodwall on the East, North to the Mississippi River Gulf Outlet, South to the Mississippi River, and East to Paris Road.*

Please see Exhibit A served herewith.

Please produce any and all of the following:

## REQUEST FOR PRODUCTION NO. 1:

Please produce any and all documents of any kind that support your Answers to Interrogatories.

## REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in the Interrogatory that states as follows: "Please describe (i) all efforts, if any, to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Sixth Amended Complaint, and (ii) describe all results or conclusions derived as a result of such efforts, specifically including in your response any estimate of the number of affected persons and/or structures, and any estimate of monetary damages or losses."

## REQUEST FOR PRODUCTION NO. 3:

Please produce a copy of every document consulted, obtained, or generated in connection with any activities described in the Interrogatory that states as follows: "Please describe in detail each source of flooding and the manner in which you contend the flooding occurred with respect to the geographic area encompassed by the Sixth Amended Complaint."

## REQUEST FOR PRODUCTION NO. 4:

Please produce a copy of each and every document that would establish the number of persons residing on August 28, 2005 in the geographic area described in the Sixth Amended

Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the sources of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the causes of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the depth of any flooding within the geographical area described in the Sixth Amended Complaint or any part of it.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates, or otherwise reflects the timing, duration, and depth of precipitation during the period August 27, 2005 through September 1, 2005 within the geographical area described in the Sixth Amended Complaint or any part of it.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of each and every document that discusses, analyzes, depicts, illustrates, simulates or otherwise reflects the area within the geographical area described in the Sixth Amended Complaint affected by the breaches in the eastern Industrial Canal floodwall.

Respectfully Submitted,

**WIEDEMANN & WIEDEMANN**

_____

LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

_____

BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

_____   **PATRICK J. SANDERS (18741)**
_____   Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by depositing the same in the U.S. Mail, postage prepaid, and/or via email, and/or via ECF upload, this 12 day of October, 2007.

_____

**BRIAN A. GILBERT**