UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL | * | |
| BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*             07-5178 | * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF LAFARGE
NORTH AMERICA INC.'S AND HARRY HOLLADAY'S MOTION
FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA
<u>DUCES TECUM SERVED ON ATTORNEY HARRY HOLLADAY</u>**

Lafarge North America Inc. ("LNA") and Harry Holladay move for a protective order pursuant to Fed. R. Civ. P. 26(c) and further move under Rule 45(c)(3)(A) to quash plaintiffs' *subpoena duces tecum* to Mr. Holladay. Mr. Holladay is one of LNA's lawyers, and it is inappropriate to take the testimony of counsel for an opposing party except in exceptional circumstances, which do not exist here. Additionally, this Court has already ruled that the

1123198-1

communications that plaintiffs are seeking involving Mr. Holladay and the Murphs are not discoverable.

## BACKGROUND

LNA settled a property damage claim with Arthur and Jeane Murph on February 9, 2006, because the barge ING 4727 landed on their house after floating through the IHNC breach. The settlement terms, conditions, and amount were confidential.

The plaintiffs have persisted in seeking discovery concerning the Murph settlement, intimating some nefarious or underhanded purpose. Plaintiffs' initial discovery argued that their requests might bear on the credibility of Arthur Murph, whom plaintiffs had listed as a witness. Over LNA's objections, the Court permitted the plaintiffs to discover "whether or not [Murph] has settled with Lafarge," Rec. Doc. 535 dated February 15, 2007 in No. 05-4419, at 23-24. But the Court expressly limited the discovery by holding that LNA was *not* required to respond to interrogatories seeking the "amount" of the settlement or the "damage or injury … claimed" by Mr. Murph. *Id.* at 24.

Plaintiffs then served LNA with broadly worded requests for production of documents on September 24, 2007. (**Exhibit A**). Plaintiffs' Request for Production No. 14 sought "Any and all documents purporting to effect settlement … between LNA [and] any and all other persons" relating to ING 4727, including Arthur Murph. Request No. 15 sought "Any and all communications between counsel for LNA and Murph, counsel for LNA and relatives of Shirley Priestley, counsel for LNA and any title company, relative, buyer and seller of immovable property relative to Priestley and/or Arthur Murph. Counsel for LNA shall be understood to include, without limitation, Harry Holladay and Robert Fisher." *Id.* (emphasis added). Request No. 16 sought any confidentiality agreements relating to any settlements.

In response, LNA produced the settlement agreement to plaintiffs on December 28, 2007. LNA objected to Request No. 15 because the documents sought were not reasonably calculated to lead to the discovery of admissible evidence and were otherwise confidential. (**Exhibit B**). LNA also objected to Request No. 16. *Id.*

Plaintiffs subsequently moved to compel production of additional responses to Requests for Production Nos. 14-16.  While the Court ordered LNA to supplement its response to Request No 14 to confirm that it had entered into only one settlement, it denied plaintiffs' motion "as to the remainder of these three Requests for Production," including Request No. 15 involving communications between Mr. Holladay and the Murphs.  Rec. Doc. 12605 dated April 21, 2008 in No. 05-4182, at 12-13.

In two separate orders this Court has limited plaintiffs' discovery on the settlement issue to a redacted version of the settlement agreement and confirmation that LNA has entered into only one settlement.  And this Court's April 21, 2008 order specifically denied plaintiffs attempts to obtain documents and communications relating to Mr. Murph, including those between Mr. Murph and Mr. Holladay.

Notwithstanding the Court's prior orders, plaintiffs issued subpoenas and obtained settlement-related documents from third parties.  They obtained documents from True Title, Inc., the title company that handled the closing of the purchase of the Berkley property included in the settlement.  (**Exhibit C**).  They also obtained documents from Crescent Bank, which maintained the account from which funds were transferred to True Title.  (**Exhibit D).**  Through their requests, plaintiffs learned the settlement amount despite the Court's prior order that monetary information was not discoverable.  Plaintiffs also obtained documents from New Jourdan, the entity to whom the Murphs delivered title to their Jourdan Street property under the settlement.

1123198-1                                               3

**(Exhibit E)**.  Thus, plaintiffs have obtained all of the information regarding the settlement through other sources.

Plaintiffs took Arthur Murph's deposition on December 17, 2007 and January 28, 2008, persisting in their unwarranted investigation of the settlement and its alleged purpose. Plaintiffs' counsel questioned Mr. Murph at length regarding his observations at the time of the hurricane and he testified that there was no connection between his testimony regarding the events of Hurricane Katrina and the settlement for the damage to his home. Mr. Murph refused to answer questions regarding the settlement agreement so as not to breach the confidentiality provisions as his personal attorney, Richard Richthofen, advised him.

Plaintiffs now ignore this Court's April 21, 2008 order, which barred them from any further discovery concerning communications between Mr. Holladay and the Murphs. They have purported to serve a subpoena directly on Mr. Holladay – the lawyer for a party (LNA) -- demanding that he submit to a deposition and provide settlement-related documents and documents concerning Mr. Murph's factual recollections. (**Exhibit F**).

Courts disfavor depositions of opposing counsel and allow such discovery in only exceptional circumstances when plaintiff proves that 1) other means are unavailable to obtain the information; 2) the information sought is relevant and non-privileged, and 3) the information is crucial to the preparation of the case.  Plaintiffs cannot come anywhere near satisfying any of these criteria in this case, and this Court should prevent plaintiffs from deposing Mr. Holladay. Further, the Court should block plaintiffs' untimely and unauthorized attempt to take document discovery that the Court has already prohibited through the artifice of a subpoena directed to LNA's attorney, Mr. Holladay.

## ARGUMENT

**1. Plaintiffs have not and cannot establish grounds for taking opposing counsel's deposition.**

The trial court is vested with wide discretion in determining the scope and effect of discovery. *Sanders v. Shell Oil Co.*, 678 F.2d 614 (5th Cir. 1982). Fed. R. Civ. P. 26(c) provides a safeguard for the protection of parties and witnesses by setting forth grounds for the institution of protective orders. 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil §2036, at 487. Under Rule 26(c), the court "may make <u>any order</u> which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). *Id.* at 489. *See also Choice, Inc. of TX, v. Graham*, 226 F.R.D. 545 (E.D. La. 2005). This includes an order "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c),

Furthermore, under Rule 45(c)(3)(A), the Court should quash or modify a subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden. The factors involved in determining whether a subpoena imposes undue burden include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *The Travelers Indemnity Company v. Metropolitan Life Insurance Company*, 228 F.R.D. 111, 113 (D. Conn. 2005).

A protective order and order quashing plaintiffs' subpoena to Mr. Holladay is appropriate here. Mr. Holladay is a lawyer with Chaffe McCall, L.L.P., and he served as counsel for LNA. He worked on the title transfer aspects of the confidential settlement with the Murphs. Courts disfavor the practice of taking the deposition of an opposing party's attorney. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) *citing Shelton v. American Motors Corp.*, 805

F.2d 1323, 1327 (8th Cir. 1986). "The practice of forcing trial counsel to testify as a witness has long been discouraged, because it 'causes the standards of the profession to suffer' and disrupts the abnormal nature of the judicial system."), *Shelton*, 805 F.2d at 1327, *citing Hickman v. Taylor*, 329 US 495, 513 (1947).  "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession but it also adds to the already burdensome time and costs of litigation." *Id.*  Deposing opposing counsel results in additional delays due to almost certain work-product and attorney-client objections. *Id.*  And deposing and opposing counsel adversely affects the quality of representation.  "Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrupted by his or her opponent."  805 F.2d at 1327.

Accordingly, courts generally "forbid a party from deposing opposing counsel unless (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case."  *Certain Underwriters at Lloyd's London v. Penthouse Owner's Association*, 2008 U.S. Dist. LEXIS 33723 (E.D. La. April 24, 2008 (Magistrate Judge Wilkinson)).

This Court recently reaffirmed its position that depositions of an opposing party's attorney are not allowed in the Fifth Circuit absent proof of the three elements listed above.  On April 2, 2008, this Court denied a similar request by certain plaintiffs in the *Katrina Canal Breaches* consolidated litigation to depose another party's attorney.  There the Court found that ample other means existed to obtain the information, and the "proposed depositions are largely unnecessary and would impact both privileged information and the ongoing preparation of the underlying cases." Rec. Doc. 12182 dated April 2, 2008 in No. 05-4182, at 2.

This Court has already held that plaintiffs cannot obtain communications between LNA's counsel (including Mr. Holladay) and Murph, because such communications are irrelevant and beyond the scope of admissible discovery. Rec. Doc. 12605 dated April 21, 2008 in No. 05-4182, at 12-13. Plaintiffs therefore fail to satisfy the requirement of showing the relevancy and admissibility of the information they seek from opposing counsel.

Moreover, plaintiffs have other means of obtaining information apart from deposing Mr. Holladay, and have employed such means in this case. Thus, they have sought documents in written discovery directly from LNA, which has produced such documents as the Court allowed plaintiffs to discover. And they have sought and received discovery from third parties unrelated to LNA, including True Title, Inc. (**Exhibit C**) and Crescent Bank (**Exhibit D**), concerning the settlement. New Jourdan has also provided plaintiffs with documents concerning the settlement (**Exhibit E**), and plaintiffs also deposed Arthur Murph on December 17, 2007 and January 28, 2008. Thus, the information plaintiffs seek is and has been available from other sources, to the extent it is legitimately subject to discovery.

Finally, plaintiffs have made no showing that the information and documents they seek are "crucial" to the preparation of their case. Again, LNA has produced a redacted version of the settlement to plaintiffs' counsel. Plaintiffs' counsel has already obtained documents from third parties concerning the settlement. Plaintiffs have deposed Arthur Murph and have had the opportunity to test Mr. Murph's credibility concerning what he saw and experienced during Hurricane Katrina on August 29, 2005. Plaintiffs have made no showing about why they legitimately need to depose Mr. Holladay in light of all that has come before, and it is apparent that their notice is designed solely to harass LNA and its counsel.

## 2. Plaintiffs' subpoena to Harry Holladay seeks documents and information beyond the scope of permissible discovery in this case.

Plaintiffs' subpoena to Mr. Holladay requests that Mr. Holladay appear for a deposition on June 4, 2008, and produce: "(1) any and all documents and things pertaining to compromise with Arthur Murph; and (2) any and all statements, accounts and or interviews memorializing Arthur Murph's observations during the effects of Katrina." **(Exhibit F).** But as previously noted, this Court has rejected plaintiffs' attempts to obtain this information directly from LNA, Rec. Doc. 12605, and this Court's reasoning should extend to plaintiffs' attempts to obtain the same information from one of LNA's lawyers.

As an initial matter, plaintiffs' attempt to seek documents from LNA's counsel through the use of a subpoena against LNA's attorneys is highly improper. This Court has repeatedly cautioned against the use of discovery devices other than Rule 34 to secure the production of documents from parties. Nearly two years ago, the Court denied document requests served by these plaintiffs under Rule 30(b)(5). See Rec. Doc. 317 in No. 05-4419 at 3, 4. In Case Management Order No. 5, the Court specifically provided that "[p]arties are prohibited from serving subpoenas for document production or Rule 30(b)(5) requests for production on other parties to this litigation." Doc. 7724 at 9. A subpoena directed to LNA's lawyer – seeking production of documents that the lawyer possesses only because of the lawyer's representation of LNA in this litigation – is clearly a request directed to LNA itself, as shown by the fact that plaintiffs sought these same documents *directly from LNA* in their requests for production. Plaintiffs' document subpoena to Mr. Holladay is in direct violation of this Court's admonition in CMO #5 that documents should be sought from other parties only through Rule 34.

Moreover, this Court has expressly ***denied*** production of the documents plaintiffs now seek. Request No. 15, in particular, sought production of "communications" regarding Mr. Murph, specifically including communications including "Harry Holladay." The Court denied plaintiffs' motion to compel and ruled no further discovery would be permitted. Rec. Doc. 12605 at 12-13. In any event, the plaintiffs have made no showing to justify their request for the documents and information they seek from Mr. Holladay. In addition to being inadmissible under Fed. R Evid. 408 to prove liability for a claim or its amount, evidence of a settlement is excluded when it is irrelevant and prejudicial. *Orth v. Emerson Elec. Co.,* 980 F. 2d 632, 639 (10th Cir. 1992); *Stewart v. Ourso,* 1994 WL 33997 (E. D. La. Feb. 4, 1994). The plaintiffs' initial stated reason for discovery concerning the settlement was the need to determine Mr. Murph's credibility. But plaintiffs now have the settlement; they have documents from a third-party bank and title company concerning the settlement; they have documents from New Jourdan concerning the settlement; and they have deposed Mr. Murph at length concerning the events on August 29, 2005.

## CONCLUSION

This Court previously denied plaintiffs' attempts to obtain documents concerning Mr. Holladay's communications with the Murphs. The Court should now apply that order and bar plaintiffs' attempt to depose Mr. Holladay. In any event, plaintiffs cannot satisfy the elements necessary to allow them the extraordinary relief of deposing one of LNA's lawyers.

This Court should quash the *subpoena duces tecum* served on Harry Holladay, Lafarge's counsel, and also issue a protective order barring plaintiffs from seeking any additional discovery from Mr. Holladay.

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715
*Attorneys for Lafarge North America Inc. and Harry Holladay*

### Certificate of Service

I do hereby certify that I have on this 27th day of May, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Derek A. Walker