UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL | | * | |
| BREACHES | | * | |
| CONSOLIDATED LITIGATION | | * | CIVIL ACTION |
| | | * | |
| | | * | NO. 05-4182 |
| | | * | and consolidated cases |
| PERTAINS TO: BARGE | | * | |
| | | * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | | * | |

**MEMORANDUM IN SUPPORT OF LAFARGE NORTH
AMERICA INC.'S AND NEW JOURDAN, L.L.C.'S
MOTION FOR PROTECTIVE ORDER AND
<u>MOTION TO QUASH</u>**

Lafarge North America Inc. ("LNA") and New Jourdan, L.L.C. ("New Jourdan") move pursuant to Fed. R. Civ. P. 26(c) for a protective order, and further move to quash plaintiffs' Notice of Rule 30(b)(6) Deposition to New Jourdan, because the discovery plaintiffs seek from New Jourdan is beyond the scope of discovery that this Court has allowed regarding the Murph

1125404-1

settlement. Additionally, plaintiffs have already obtained documents and information concerning New Jourdan in this case through prior document requests.

## BACKGROUND

New Jourdan is a limited liability company formed in February of 2006, for the purpose of acquiring title to the Murphs' Jourdan Avenue property under the confidential settlement with the Murphs. New Jourdan's sole asset is the Jourdan Street property, which it acquired by Act of Sale of Property from the Murphs in December of 2007. New Jourdan has no other activities or purpose.

As this Court knows, plaintiffs have persisted in seemingly endless discovery concerning the settlement. Over LNA's objection, the Court initially permitted the plaintiffs to discover "whether or not [Murph] has settled with Lafarge," Rec. Doc. 535 dated February 15, 2007 in No. 05-4419, at 23-24. The Court expressly limited the discovery by holding that LNA was ***not*** required to respond to interrogatories seeking the "amount" of the settlement or the "damage or injury … claimed" by Mr. Murph. *Id.* at 24 (denying motion as to subparts 2 and 3 of plaintiffs' interrogatory 1).

More recently, this Court denied plaintiffs' attempt to obtain additional discovery concerning the settlement. Specifically, plaintiffs' Request for Production No. 15 to LNA sought production of any and all of LNA's "communications" concerning the settlement with Mr. Murph and other persons or entities. LNA objected to plaintiffs' request and the Court denied plaintiffs' Motion to Compel concerning Request No. 15, ruling that no further discovery would be permitted. Rec. Doc. 12605, dated April 21, 2008 in No. 05-4182, at 12-13.

On January 28, 2008, prior to this Court's latest order denying plaintiffs' discovery concerning the Murphs, plaintiffs served a Rule 45 Request for Production on New Jourdan.

1125404-1

2

Plaintiffs requested New Jourdan's organizational documents, all documents "pertinent" to the Murph settlement, and any factual accounts of Mr. Murph's observations during Hurricane Katrina. (**Exhibit A**). New Jourdan responded on March 3, 2008 and produced documents responsive to plaintiffs' request. (**Exhibit B**).

Plaintiffs have also issued subpoenas and obtained settlement-related documents from third parties. They have obtained documents from True Title, Inc., a title company that handled the closing for the transfer of the Berkley property under the settlement. (**Exhibit C**, Notice of Plaintiffs' FRCP 45 Production to True Title, Inc.). Plaintiffs also obtained documents from Crescent Bank, which managed the account from which funds were transferred to True Title. (**Exhibit D**, Notice of Plaintiffs' FRCP 45 Production to Crescent Bank).

Despite plaintiffs' prior discovery concerning the Murph settlement (which exceeds what the Court has allowed them to obtain from LNA), and despite this Court's recent April 21, 2008 order stopping additional discovery on the settlement, plaintiffs have now noticed New Jourdan's Rule 30(b)(6) deposition (**Exhibit E**). Plaintiffs seek testimony in eight areas, which overlap their prior discovery requests to New Jourdan and third parties. This Court should quash the Notice to New Jourdan and should issue a protective order barring plaintiffs from seeking further discovery from it.

**ARGUMENT**

1. **Plaintiffs' Notice of 30(b)(6) Deposition to New Jourdan, L.L.C. is unduly burdensome and seeks information beyond the scope of discovery allowed by the Court.**

The trial court is vested with wide discretion in determining the scope and effect of discovery. *Sanders v. Shell Oil Co.,* 678 F.2d 614 (5th Cir. 1982). Fed. R. Civ. P. 26(c) provides a safeguard for the protection of parties and witnesses by setting forth grounds for the institution

of protective orders. 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil §2036, at 487. Under Rule 26(c), the court "may make <u>any order</u> which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). *Id*. at 489. *See also Choice, Inc. of TX, v. Graham*, 226 F.R.D. 545 (E.D. La. 2005). This includes an order "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c).

Similarly, under Rule 45(c)(3)(A), the Court should quash or modify a subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.[1] The factors involved in determining whether a subpoena imposes undue burden include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *The Travelers Indemnity Company v. Metropolitan Life Insurance Company*, 228 F.R.D. 111, 113 (D. Conn. 2005).

It is well established that limitations on discovery vary with the need of the requesting party, and "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2036. A compelling reason to limit or prohibit a deposition is "that the information sought has already been obtained by prior deposition or other means of discovery." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2037. Here, plaintiffs have already obtained all appropriate discovery concerning the Murph settlement. Their Rule 30(b)(6) notice to New Jourdan is merely an exercise in harassment. *See Landry v. Air Line Pilots Assoc. Int'l*, 901 F.2d 404, 435-36 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result.").

---

[1] To date, plaintiffs have not served a deposition subpoena on New Jourdan, but they have issued a notice of New Jourdan's deposition.

**Topic 1:** "Identities and duties of any and all officers, directors, members and shareholders of New Jourdan."

New Jourdan previously provided to plaintiffs its Articles of Organization and Annual Reports. (**Exhibit B**). New Jourdan has also produced the Act of Sale from the Murphs to New Jourdan, signed by New Jourdan's agent. *Id.* Other than harassment, there is no relevance to plaintiffs' request for specific details concerning New Jourdan's members, especially given New Jourdan's limited role and its prior production of documents to plaintiffs. Moreover, this Court has already limited the information that plaintiffs can obtain concerning the Murph settlement, Rec. Doc. Dated April 21, 2008 in No. 05-4182 at 12-13, and this request goes beyond that allowed.

**Topic 2:** "Any and all organizational functions and purposes of New Jourdan LLC."

This request is beyond the scope of permissible discovery for the same reasons as Topic 1 of plaintiffs' notice. Furthermore, New Jourdan has already provided to plaintiffs its Articles of Organization, First Amendment to Articles of Organization, and Annual Reports in response to plaintiffs' prior Rule 45 request. (**Exhibit B**).

**Topic 3:** "Any and all resolutions, meetings and activities by New Jourdan, LLC relevant to transactions or compromise with Arthur Murph and/or Jeannie Murph of claims concerning ING 4727."

This request is similar to Item No. 4 of plaintiffs' prior Rule 45 Request to New Jourdan, which sought any and all documents and things "pertinent to and/or reflecting terms of settlement with Arthur Murph." New Jourdan has already supplied documents to plaintiffs. (**Exhibit B**). This discovery also exceeds that previously allowed by the Court, and is irrelevant to the issues in this case.

> **Topic 4:** "Any and all monetary transactions with, through or involving New Jourdan, LLC, relative to above transaction or compromise with Arthur Murph and/or Jeannie Murph."

This request is similar to Item No. 3 of plaintiffs' prior Rule 45 Request to New Jourdan, which sought financial records concerning the settlement with the Murphs, as well as plaintiffs' prior Request No. 4, which sought all documents "pertinent" to the compromise with the Murphs. (**Exhibit A**). New Jourdan has supplied responsive documents to plaintiffs (**Exhibit B**). Furthermore, plaintiffs have obtained information on monetary transactions concerning the settlement through their subpoenas to True Title and Crescent Bank.

> **Topic 5:** "Any and all participation in and/or activities relevant to sale and/or purchase of 1739 Jourdan Ave. and/or 105 Berkley Drive."

Plaintiffs have the settlement agreement so they know New Jourdan's limited role in the settlement. New Jourdan also previously produced documents to plaintiffs concerning Rule 45 Request No. 3, which sought financial records and "all other writings" concerning the Murph settlement "and/or purchase and/or sale of 1739 Jourdan Avenue and/or 105 Berkley Drive."

> **Topic 6:** "Any and all knowledge of the activities of any other parties or entities concerning transaction or compromise with Arthur Murph and/or Jeannie Murph of claims concerning ING 4727 and/or sale and/or purchase of 1739 Jourdan Avenue and/or 105 Berkley Drive."

This request is essentially the same as Items No. 3 and 4 of plaintiffs' prior Rule 45 Request to New Jourdan. New Jourdan has produced responsive documents (**Exhibit B**). And, as with all other topics in plaintiffs' 30(b)(6) notice, this information is beyond what the Court has allowed plaintiffs to obtain in its prior orders.

    **Topic 7:**    **"Any and all knowledge of communications with Arthur Murph, Jeannie Murph, Shirley Priestly, Jennifer Fernandez and/or Wayne Priestly concerning transaction or compromise with Arthur Murph and/or Jeannie Murph of claims concerning ING 4727 and/or sale and/or purchase of 1739 Jourdan Avenue and/or 105 Berkley Drive."**

This request restates items previously identified in Topics 3-6 of plaintiffs' 30(b)(6) notice, and is improper for the same reasons discussed for each of those topics.

    **Topic 8:**    **"Any and all other relevant factual matters disclosed by deponent(s) of which the deponent(s) have knowledge."**

This item is overbroad. It contains no specifics or limits concerning topics, nor what "relevant factual factors" plaintiffs believe New Jourdan may have. This Court has overruled plaintiffs' prior attempts to include this element in a Rule 30(b)(6) deposition notice. Rec. Doc. No. 317 in No. 05-4419 at 2 (denying Topic 45). This topic is unduly burdensome and improper.

## CONCLUSION

For the reasons stated above, this Court should grant LNA's and New Jourdan's motion and should issue a protective order preventing plaintiffs from seeking any additional discovery from New Jourdan and should issue an order quashing plaintiff's Notice of 30(b)(6) Deposition to New Jourdan.

    Respectfully submitted,

    /s/ Derek A. Walker
    Robert B. Fisher, Jr., T.A. (#5587)
    Derek A. Walker (#13175)
    Ivan M. Rodriguez (#22574)
    **CHAFFE MCCALL, L.L.P.**
    2300 Energy Centre
    1100 Poydras Street
    New Orleans, LA 70163-2300
    Telephone: (504) 585-7000
    Facsimile: (504) 585-7075
    Fisher@chaffe.com
    Walker@chaffe.com

>John D. Aldock
>Richard M. Wyner
>Mark S. Raffman
>**GOODWIN PROCTER LLP**
>901 New York Avenue, N.W.
>Washington, DC 20001
>Telephone:  (202) 346-4240
>
>*Attorneys for Lafarge North America Inc.*
>
>*/s/* Daniel A. Webb
>Daniel A. Webb (#13294)
>**SUTTERFIELD & WEBB, LLC**
>Poydras Center
>650 Poydras Street, Suite 2715
>New Orleans, LA 70130
>Telephone:  (504) 598-2715
>*Attorneys for New Jourdan, L.L.C.*

## Certificate of Service

I do hereby certify that I have on this 27th day of May, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

>/s/ Derek A. Walker