## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                          CIVIL ACTION
      CONSOLIDATED LITIGATION

                                                  NO. 05-4182

PERTAINS TO: BARGE                                      SECTION "K"(2)
        PARFAIT, 07-3500

### ORDER AND REASONS

Before the Court is Defendant United States of America's Motion to Dismiss (Rec. Doc. 8364) ("Mot."). Plaintiffs the Parfait Family, on behalf of themselves and named class members (collectively "Plaintiffs") have filed an opposition to the Defendant's motion (Rec. Doc. 8690) ("Opp."). Defendant filed a Reply to the Plaintiffs' Opposition (Rec. Doc. 8834) ("Reply"). The Court has reviewed the pleadings, memoranda, and applicable law, and it finds that dismissal of the claims against Defendant United States in this matter is appropriate for the reasons stated herein.

## I. BACKGROUND

This case is one of the matters consolidated within the *In re Katrina Canal Breaches Litigation* umbrella (Civ. A. No. 05-4182). Plaintiffs' complaint asserted a class action against various defendants for damage that occurred when Hurricane Katrina caused flooding in the Industrial Canal in New Orleans, causing a barge to strike the retaining wall of the canal, bursting the retaining wall and flooding the area below the canal. Complaint at 6 ("Compl.") (Civ. A. No. 07-3500, Rec. Doc. 1). Plaintiffs assert that jurisdiction is proper under general federal jurisdiction statutes (28 U.S.C. §§ 1331, 1332, 1333, and 1367); the Federal Tort Claims

1

Act (codified at 28 U.S.C. § 1346 and § 2671, *et seq.*); the Suits in Admiralty Act (46 U.S.C. § 30901, *et seq.*)[1]; and the Public Vessels Act (46 U.S.C. § 31101, *et seq.*)[2].  Compl. at 6. Plaintiffs specifically allege that the United States, through the U.S. Army Corps of Engineers ("Corps"), negligently designed and maintained the Industrial Canal in such a manner as to make the canal susceptible to flood as occurred due to Hurricane Katrina.  Compl. at 9-13.

In the present motion, Defendant United States motions this Court to dismiss all claims against it and the Corps on two grounds.  First and foremost, Defendant claims that Plaintiffs failed to properly exhaust their administrative remedies.  Mot. at 4.  Because exhaustion is a jurisdictional requirement to bring suit against the federal government, the United States avers that this case should be dismissed.  Second, Defendant asserts that Plaintiffs filed their Opposition to the Motion to Dismiss late, and thus the Opposition should be disregarded by the Court.  Reply at 1-2.  Plaintiffs reply that they indeed did file an administrative complaint with the Corps on December 14, 2006, and that the lack of response in six months allowed the Plaintiffs to file suit on June 26, 2007.  Opp. at 2.  As will become clear in the following analysis, the Court finds that Plaintiffs did not properly exhaust their administrative remedies. As such, this Court is bound to dismiss this matter for lack of jurisdiction.[3]

---

[1]Cited by Plaintiffs under its prior codification, 46 U.S.C. § 741, *et seq.*

[2]Cited by Plaintiffs under its prior codification, 46 U.S.C. § 781, *et seq.*

[3]Considering the Plaintiffs' failure to exhaust administrative remedies will result in dismissal, this Court has no need to consider the Plaintiffs' tardiness in filing their Opposition to the Defendant's Motion to Dismiss.

## II. ANALYSIS

This matter is before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which allows dismissal for lack of subject matter jurisdiction. As set forth by the Fifth Circuit, where a motion to dismiss for lack of subject matter jurisdiction is presented, "a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief.'" *Wagstaff v. U.S. Dep't of Education*, 509 F.3d 661, 663 (5th Cir. 2007) (applying standard to Rule 12(b)(1) motion to dismiss), *quoting Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,* 354 F.3d 348, 351 (5th Cir. 2003).

"The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004). Thus, the federal government may only be sued if there is a waiver of sovereign immunity. However, "waivers of sovereign immunity should be narrowly construed in favor of the United States." *In Supreme Beef Processors*, 468 F.3d at 253.

The Plaintiffs in this case cite several statutes as providing waivers of sovereign immunity, and therefore subject matter jurisdiction in this case. They cite general federal jurisdiction statutes; the Federal Tort Claims Act ("FTCA"); the Suits in Admiralty Act ("SAA"); and the Public Vessels Act ("PVA"). Compl. at 6. Not all of these can serve as a basis for subject matter jurisdiction because they do not all contain waivers of sovereign immunity. Section 1331 is the general federal question statute, while § 1332 provides diversity jurisdiction. Neither contains an explicit waiver of sovereign immunity. Likewise § 1333, the general admiralty jurisdictional statute, contains no waiver and neither does § 1367, the general

supplemental jurisdiction statute.  Without an explicit waiver, such general jurisdiction statutes cannot provide jurisdiction to sue the United States.  *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) ("It is well settled, however, that sovereign immunity is not waived by a general jurisdictional statute such as 28 U.S.C. § 1331.").

The other remaining statues upon which Plaintiffs seek to base jurisdiction are the FTCA, the SAA, and the PVA.  These statutes clearly provide for waivers of sovereign immunity.  *See In re Ingram Barge Co.*, No. 05-4419, 2007 WL 837181, at *3-4 (E.D. La. Mar. 14, 2007) (Berrigan, J.) (finding that the FTCA, SAA, and PVA waive sovereign immunity).  The SAA allows that "a civil action in admiralty in personam may be brought against the United States" for cases that could have been brought against a private owner of a vessel.  46 U.S.C. § 30903(a).  The FTCA provides jurisdiction for "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The PVA likewise provides that "[a] civil action in personam in admiralty may be brought, or an impleader filed, against the United States for . . . damages caused by a public vessel of the United States."  46 U.S.C. § 31102(a).

However, it should be noted that the claim here involves damage allegedly caused by a barge and/or by the United States that occurred on land.  Therefore, the Admiralty Extension Act ("AEA"), codified at 46 U.S.C. § 30101, should apply here.  The AEA provides that "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury

4

or damage, to person or property, caused by a vessel on navigable waters, even though the injury

or damage is done or consummated on land."  46 U.S.C. § 30101(a).   As observed by the

Honorable Helen G. Berrigan of this Court:

> The AEA was passed as a means to extend the PVA and SAA to cover suits in
> which the damage or injury caused by a vessel on navigable water occurred on
> land. Prior to the passage of the AEA admiralty jurisdiction did not normally
> extend to injuries caused by a vessel to persons or property on land where
> navigable aids were not involved.

*In re Ingram Barge Co.*, No. 05-4419, 2007 WL 837181, at *3 (E.D. La. Mar. 14, 2007)

(Berrigan, J.).  The AEA similarly has a waiver of sovereign immunity, specifically providing

for actions against the United States.  46 U.S.C. § 30101(c).  Furthermore, "[i]n a civil action

against the United States for injury or damage done or consummated on land by a vessel on

navigable waters" the AEA serves as the "exclusive remedy."  46 U.S.C. § 30101(c)(1).  This

nuance is critical because it illustrates how the FTCA and AEA are two distinct means of suing

the sovereign.  As explained by this Court in *In re Katrina Canal Breaches Consolidated*

*Litigation*, Civ. A. No. 05-4182, 2007 WL 2480369, at *1 (E.D. La. Aug. 29, 2007) (Duval, J.):

> This alternative pleading is necessitated by the fact that claims brought under the
> FTCA, which essentially provides a vehicle for suit against the United States for a
> state law based tort claim, cannot be brought under the SAA/PVA/AEA, which
> provide for the prosecution of admiralty claims against the United States, or in the
> instance of the AEA, claims which arise by virtue of vessel negligence the effects
> of which are felt on land.  *In other words, the FTCA and the SAA/PVA/AEA*
> *statutory schemes are mutually exclusive.*

*In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182, 2007 WL 2480369,

at *1 (E.D. La. Aug. 29, 2007) (Duval, J.) (emphasis added).

Thus, Plaintiffs have two alternative vehicles to successfully establish jurisdiction here:

the AEA and the FTCA.  If the damage were entirely caused on land, it would qualify as an

FTCA claim; if the damage on land were caused by an object on navigable water, it would be an

AEA claim.  Regardless of which statute applies here, both require that all administrative

remedies be exhausted prior to filing suit.  The AEA provides that a civil action against the

United States for harm caused by a vessel on land "may not be brought until the expiration of the

6-month period after the claim has been presented in writing to the agency owning or operating

the vessel causing the injury or damage."  46 U.S.C. § 30101(c)(2).  Likewise, the FTCA

requires administrative exhaustion:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, unless the claimant shall
> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by certified or
> registered mail. The failure of an agency to make final disposition of a claim
> within six months after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes of this section. The
> provisions of this subsection shall not apply to such claims as may be asserted
> under the Federal Rules of Civil Procedure by third party complaint, cross-claim,
> or counterclaim.

28 U.S.C.A. § 2675(a).  Failure to exhaust administrative remedies is a bar to a district court's

subject matter jurisdiction to hear a matter under the FTCA.  *Price v. United States*, 81 F.3d 520,

521 (5th Cir. 1996) (holding district court lacked subject matter jurisdiction where "petitioners

failed to comply with the administrative exhaustion requirements of the Federal Tort Claims Act,

28 U.S.C. § 2675(a)"); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per

curiam) (filing administrative claim a "jurisdictional prerequisite to suit" under the FTCA).  The

same failure to exhaust the AEA's administrative claim requirement likewise deprives this Court

of jurisdiction.  *In re Ingram Barge Co.*, 435 F. Supp. 2d 524, 528 (E.D. La. 2006) (Berrigan, J.) ("Claimants' allegation that the United States failed to intentionally sink the barge, which then ran into the levee, falls squarely under the AEA, which has an administrative exhaustion requirement. Failure to comply with the requirement leaves this Court without jurisdiction, and that claim is therefore dismissed.").  Thus, the relevant inquiry in this matter is: Have all administrative remedies been properly exhausted?

The United States asserts that the administrative exhaustion requirement has not been fulfilled.  It claims that Plaintiffs attempted to exhaust their remedies by sending a letter on December 14, 2006 to the Corps, but that this attempt was inadequate.  The United States explains that the letter only "list[ed] the potential, stat[ed] a litany of alleged bases for jurisdiction, provid[ed] a list of generalized damages, an provid[ed] a sum certain of $2.5 million for each claimant."  Mot. at 5.  The Defendant states that this information was inadequate for the Corps to fully investigate the claims of the Plaintiffs, and therefore the administrative remedy was not properly exhausted.  Plaintiffs claim that there notice letter did adequately place the Corps on notice as to what the Plaintiffs' complaints were.  This defense having been raised, the burden is on the Plaintiffs to prove that they exhausted their administrative remedies.[4]

The Court finds that the Defendant's claim has merit, particularly as this issue has been previously considered by Judge Berrigan in *In re Ingram Barge Co.*, Civ. A. No. 05-4419, 2007

---

[4]*See Rivera-Carrion v. Miranda*, 529 F. Supp. 2d 296, 299 (D. P.R. 2008) ("Because Defendants have challenged the Court's subject matter jurisdiction over Plaintiff's FTCA claim, it is Plaintiff's burden to prove that they did exhaust the administrative remedies."(citing *Aversa v. United States*, 99 F.3d 1200, 1299 (1st Cir. 1996)); *McClenton v. Menifee*, No. 05 Civ. 2844 (JGK), 2006 WL 2474872, at *16 (S.D.N.Y. Aug. 22, 2006) ("The burden is on the plaintiff to plead and prove compliance with the FTCA's administrative exhaustion requirement.").

WL 550060, at *1 (E.D. La. Feb. 15, 2007).  In that case, the same named plaintiffs, the Parfait Family, sought reconsideration of Judge Berrigan's dismissal of their complaint on the basis of res judicata and failure to exhaust their administrative remedies.  As here, Plaintiffs had asserted that they had sent a letter asserting their administrative claim to the Army Corps of Engineers that fulfilled the administrative exhaustion requirement.  The letter had "simply listed the plaintiffs and said that each of them had damages of $2.5 million arising out of the deficient preparations and responses of the agency to Hurricane Katrina and its aftermath." *Id.* at *2.  The Court found that the notice was not detailed enough.  It reasoned that "[e]ach of the Plaintiffs listed in the sixteen and one-half pages could not have suffered exactly the same damages," and therefore "[t]he government cannot be expected to investigate a claim that is stated and valued as broadly as Parfait Plaintiffs' was in their February 17, 2006 letter" to the Army Corps of Engineers. *Id.*  Judge Berrigan found that this letter was deficient under 28 C.F.R. § 14.2(a) because it "was not sufficient to give the agency written notice of the claim sufficient to enable the agency to investigate the claim and place a value on the claims." *Id.*  (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir., *on reh'g*, 622 F.2d 197 (5th Cir. 1980)); *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982)).

In the present case, this Court is presented with a mirror image of the suit in *In re Ingram Barge*, and it is persuaded that the identical conclusion is appropriate.  The administrative exhaustion requirement for the FTCA is set forth in 28 C.F.R. § 14.2, which states:

> (a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury,

> or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2 (2008).  Judge Berrigan's opinion in *In re Ingram Barge* noted that "[t]he AEA contains an administrative remedies requirement that mirrors that of the FTCA," and found that an administrative claim issued to the relevant agency to satisfy the AEA must contain sufficient detail in order to allow the agency to reconcile the claim and possibly dispose of it.  *In re Ingram Barge Co.*, Civ. A. No. 05-4419, 2007 WL 550060, at *2.  Indeed, courts recognize that a significant purpose of such administrative exhaustion requirements is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."  *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958 (2d Cir. 1982), *quoting* S. Rep. No. 1327, 89th Cong., 2d Sess 6 (1966); *see Henderson v. Office of Thrift Supervision, Dep't of Treasury*, 135 F.3d 356, 360 (5th Cir. 1998) ("The exhaustion requirement avoids premature interruption of the administrative process and allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously.") (citation omitted).

The administrative claim filed by Plaintiffs in this case appears to be nearly identical to that in *In re Ingram Barge*.  Plaintiffs' letter, attached to their Complaint, simply lists all of the named Plaintiffs and iterates a series of statues that the Corps allegedly has violated.  The only detail to the claims provided in the letter states, "The above-identified individual claims against your agencies include claims arising out of the deficient preparations for and deficient response to Hurricane Katrina and its aftermath by your agencies, which caused damages to my clients."

Compl. at 22.  The letter then suggests various causes of action, which "may include wrongful death and survival actions," "damages for fear, fright, hopelessness, emotional distress and mental anguish," and "damage to natural resources," while including no detail concerning the specific harm caused to each Plaintiff.  Compl. at 23.  It broadly claims $2.5 million as damages for each Plaintiff.  Compl. at 22.  As concluded by Judge Berrigan in *In re Ingram Barge*, this letter does not provide the Corps with any detail whatsoever concerning how each Plaintiff was harmed and what damages he or she suffered.  Lacking such information, the Corps could not have investigated these claims and resolved them in order to avoid unnecessary litigation and to promptly satisfy legitimate claims.  This Court finds that the administrative claim filed by Plaintiffs was inadequate, and that the administrative exhaustion requirement was therefore not satisfied.  As such, this Court lacks subject matter jurisdiction over the claims against the United States, and thus these claims must be dismissed.

**III.  CONCLUSION**

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Defendant United States' Motion to Dismiss (Rec. Doc. 8364) is hereby **GRANTED.**  Plaintiffs' claims against the United States are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this __27th__ day of May, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**