UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182** |
| **PERTAINS TO:**<br>  Insurance 07-3401  *Weathersby*<br>  Insurance 07-3441  *Lee* | **SECTION "K"(2)** |

## ORDER

Before the Court are an Ex Parte Motion and Order for Leave to File Motion for Summary Judgment on Wind/Hail Exclusion filed in the *Lee* case noted above (Doc. 13208) and an Ex Parte Motion for Leave to File Motion to Enforce Settlement Agreement filed in the *Weathersby* case noted above (Doc. 13214). In each, Allstate seeks to lift the stay in place with respect to the Insurance umbrella to adjudicate these individual claims.

The Insurance umbrella in the *In re Katrina Consolidated Litigation* was created so that there would be consistency and a quick adjudication of the coverage issue raised by the applicability of the water damage exclusion found in, *inter alia,* homeowner policies for water damage caused by levee breaches. As a result of the creation of the umbrella, this Court has in essence tens of thousands of claims which were transferred to it and consolidated herein for this express purpose. The subject stay was the result of the Court's decision to await the decision of the Louisiana Supreme Court on this salient concerning coverage. With the decision rendered in by the Louisiana Supreme Court in *Sher*, the primary purpose of the umbrella no longer exists.

However, the parties, through Liaison Counsel, requested that the Court keep the umbrella in tact in order to attempt to reach a global settlement of the numerous pending claims. The Court agreed as memorialized in its Minute Entry of April 21, 2008 wherein the Court

ordered a Case Management Order for the establishment of certain procedures to work toward this settlement goal.  Such a proposed order is slated to be filed this day.

The instant motions seek to circumvent this procedure; however, the Court finds that it would be counter-productive to begin the piecemeal litigation of these cases at this juncture. Furthermore, in the event these tens of thousands of cases are not settled, they will be properly re-allotted among all of the judges of the Eastern District.

However, if counsel for both plaintiff and defendant concur that they would prefer to remove themselves from this procedure, then a joint motion for severance from the consolidated matter may be filed, and the case will be re-allotted according to the rules of the Court. Accordingly,

**IT IS ORDERED** that the Ex Parte Motion and Order for Leave to File Motion for Summary Judgment on Wind/Hail Exclusion filed in the *Lee* case noted above (Doc. 13208) and the Ex Parte Motion for Leave to File Motion to Enforce Settlement Agreement filed in the *Weathersby* case noted above (Doc. 13214) are **DENIED.**

New Orleans, Louisiana, this  28th  day of May, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**