# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 07-445**                      **April 11, 2007**
**Contact by Counsel with Putative Members
of Class Prior to Class Certification**

> *Before a class action has been certified, counsel for plaintiff and defense have interests in contacting putative members of the class. Model Rules of Professional Conduct 4.2 and 7.3 do not generally prohibit counsel for either plaintiff or defendant from communicating with persons who may in the future become members of the class. Both plaintiff's and defense counsel must nevertheless comply with Model Rule 4.3.*[1]

Communications between counsel for plaintiffs or defendants and putative class members during the period between filing a class action lawsuit and class certification implicate the Model Rules of Professional Conduct, the Federal Rules of Civil Procedure,[2] and the First Amendment to the United States Constitution.[3] This opinion focuses on how the Model Rules address such communications.[4]

---

1. This opinion is based on the Model Rules of Professional Conduct as amended by the ABA House of Delegates through February 2007. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.

2. Federal Rule of Civil Procedure 23 promotes judicial economy by providing for class actions combining multiple claims that might be too costly to assert individually, thus preserving rights that might be encroached upon if claims were pursued on a piecemeal basis. As a practical matter, plaintiffs' counsel must reach out to potential members of the aggrieved class in order to aggregate claims. Defense counsel likewise needs to gather information about potential class members and their claims in order to defend. Federal Rule 23, however, contains no specific provision concerning communications by counsel for either side with potential members of a class before the class is certified. *But see* Gulf Oil v. Bernard, 452 U.S. 89, 101-02 (1981) (trial court has authority under Federal Rule 23(d) to enter orders limiting communications between counsel and class members based on "a clear record and specific finding that reflect a weighing of the need for a limitation and a potential interference with the rights of the parties.")

3. *See* Parris v. Superior Court of Los Angeles County, 135 Cal. Rptr.2d 90, 99-101 (Cal. Ct. App. 2003) (blanket prohibitions against plaintiffs' counsel contacting potential class plaintiffs violates First Amendment as unjustified prior restraint of speech).

4. Rule 7.2 Comment [4] states, "neither this Rule nor Rule 7.3 prohibits communications authorized by law, such as notice to members of a class action in class action

AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY, 321 N. Clark Street, Chicago, Illinois 60610-4714 Telephone (312)988-5300  CHAIR: Steven C. Krane, New York, NY ❏ Elizabeth Alston, Covington, LA ❏ T. Maxfield Bahner, Chattanooga, TN ❏ Amie L. Clifford, Columbia, SC ❏ Edwin L. Felter, Jr., Denver, CO ❏ James Akio Kawachika, Honolulu, HI ❏ Robert H. Mundheim, New York, NY ❏ Arden J. Olson, Eugene, OR ❏ Irma Russell, Tulsa, OK ❏ Sylvia E. Stevens, Lake Oswego, OR  ❏ CENTER FOR PROFESSIONAL RESPONSIBILITY: George A. Kuhlman, Ethics Counsel; Eileen B. Libby, Associate Ethics Counsel
© 2007 by the American Bar Association. All rights reserved.

**Opposition Ex. 12**

Case 2:05-cv-04182-SRD-JCW   Document 13345-1   Filed 05/29/08   Page 2 of 6

Before a class is certified, it is routinely unclear how far the class may extend. Thus, defense counsel have little guidance in making judgments concerning individuals with whom they may communicate in order to develop facts that may help them evaluate the claims made by plaintiffs seeking class certification.[5]

The key to evaluating the propriety of contacting putative class members is whether they are deemed to be represented by the lawyer or lawyers seeking to certify a class. If potential class members are represented by counsel for the named plaintiff, Rule 4.2 prohibits defense counsel from contacting them absent consent of plaintiffs' counsel.[6] If potential class members are not represented by counsel for the named plaintiff, both plaintiffs' and defense counsel are governed by Rule 4.3, which addresses communicating with persons not represented by counsel.[7] In the latter situation, plaintiffs' counsel's right to contact putative class members also is subject to the limits on contacting prospective clients under Rule 7.3.[8]

Although formation of a client-lawyer relationship may be complicated and nuanced, the relationship is established when a client manifests an intent that a lawyer provide legal services to the client and the lawyer accepts, or when there is a substitute for that assent given by a court or by another person authorized to act for the client.[9] For a case to proceed as a class action in fed-

---

litigation." This opinion does not address post-certification communications regulated by a court.

5. Restricting defense communication with potential plaintiffs could inhibit the defendant from taking remedial measures to alleviate a harmful or dangerous condition that has led to the lawsuit. A defendant in a class action lawsuit also would be prevented from attempting to reach conciliation agreements with members of the potential class without going through a lawyer whom the potential class member may have no interest in retaining.

6. Rule 4.2 provides, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

7. Rule 4.3 provides in pertinent part, "[t]he lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such person are or have reasonable possibility of being in conflict with the interests of the client."

8. Rule 7.3(a) provides, "[a] lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted: (i) is a lawyer; or (ii) has a family, close personal, or prior professional relationship with the lawyer." Rule 7.3(c) states that any permissible communication under Rule 7.3 must include the words "Advertising Material" on the outside of the envelope or at the beginning and ending of any recorded or electronic communication. Rule 7.2 sets out the requirements for advertising.

9. See RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 14 (2000) (citing RESTATEMENT OF THE LAW (SECOND), AGENCY § 15 (1958)). See also RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 99 illus. 6(1).

3 Committee on Ethics and Professional Responsibility          07-445

eral district court, the court must certify that the case meets the standards for maintaining a class action, including finding that the representatives will fairly and adequately protect the interests of the class, providing notice of class certification, and affording putative class members the opportunity to "opt out" or request exclusion under Federal Rule 23 or applicable state rules.[10]

Before the class has been certified by a court, the lawyer for plaintiff will represent one or more persons with whom a client-lawyer relationship clearly has been established. As to persons who are potential members of a class if it is certified, however, no client-lawyer relationship has been established. A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired. If the client has neither a consensual relationship with the lawyer nor a legal substitute for consent, there is no representation. Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period.

There are a number of ethics opinions on the subject of lawyers contacting putative members of a class action, although they address only solicitation issues. This Committee issued an informal opinion interpreting the Model Code of Professional Responsibility that addressed the propriety of a lawyer who represents plaintiffs in a class action sending letters to a targeted group advising them of possible advantage in joining the pending litigation.[11] The lawyer believed that it would strengthen his clients' case to have the support of additional plaintiffs, but did not seek to represent any recipient of the letters. The Committee concluded that sending the letters was not prohibited by the Code. Of critical importance to this conclusion was the fact that the lawyer's letter expressly stated that he would not represent additional plaintiffs who might join the class. Although such letters would have been improper if the lawyer were seeking additional employment, they were permissible because their purpose was to communicate with persons whose legal rights may have been in jeopardy.

The New York State Bar Association concluded that a lawyer could send a targeted mailing to current and former employees of a corporation stating that the lawyer represented clients who intended to bring an employment discrimi-

---

10. As noted above, this opinion deals only with obligations under the Model Rules. It may be, after class certification but prior to the ultimate resolution of the class notice process, that the court may assume control over communications by counsel with class members. This opinion does not address the extent of such limits under state or federal rules of court. *See* Gulf Oil v. Bernard, 452 U.S. 89, notes 2 and 19-21 and accompanying text.

11. ABA Informal Op. 1469 (July 6, 1981) (Advice by Attorney to Persons, Not His Clients, Regarding Possible Legal Claim), in FORMAL AND INFORMAL ETHICS OPINIONS, FORMAL OPINIONS 316-348, INFORMAL OPINIONS 1285-1495 (1985), at 390.

07-445 Formal Opinion                                                                    4

nation class action against the corporation, and inviting similarly situated individuals to participate in the litigation or furnish information.[12] The opinion characterized the mailing as an advertisement for legal services and required it to conform to the rules applying to advertisements, for example, taking care in the advertisements and mailings not to create unjustified expectations or false hopes in those potential members of the class who read the communication.[13]

Legal scholars and commentators addressing the issue of communications with putative class members have focused on whether such persons should or should not be considered as represented by plaintiffs' counsel.[14] A principal argument in favor of considering putative class members as represented by counsel focuses on the potential for abuse of unrepresented potential class members by defense counsel.[15] That risk is ameliorated if defense counsel is

---

12. New York Bar Ass'n. Comm. Prof. Eth. Op. 676 (1995).

13. Several other jurisdictions similarly have opined that lawyers may communicate with putative class members, subject to certain conditions, *e.g.*, District of Columbia Bar Ass'n Eth. Op. 302 ((Nov. 21, 2000) (Soliciting Plaintiffs for Class Action Lawsuits or Obtaining Legal Work Through Internet-based Web Pages) (permissible for lawyers to use Internet-based web pages to seek plaintiffs for class action lawsuits as long as communications are not vexatious or harassing); Massachusetts Bar Ass'n Eth. Op. 93-5 (Mar. 23, 1993) (lawyer in class action permitted to contact prospective plaintiffs under applicable class action law); North Carolina State Bar 2004 Formal Eth. Op. 5 (Jan. 21, 2005) (Solicitation of Claimants in a Class Action) (lawyer may send solicitation to prospective class members on wide array of topics prior to class certification, but letter must contain the words "This is an advertisement for legal services."); Ohio Bd. of Comm'rs on Grievances and Discipline Op. 92-3 (Feb. 14, 1992) (Ohio Code of Professional Responsibility does not ban direct mail communication from named plaintiffs and their counsel to potential or actual class members during pendency of a class action, nor does Code prohibit lawyer from accepting employment in response to such advertising).

14. The majority rule is that there is no client-lawyer relationship between putative class members and lawyers seeking class certification until the class has been certified. Hammond v. Junction City, 167 F. Supp. 2d 1271, 1286 (D. Kan.), *reconsideration denied*, 168 F. Supp. 2d 1241 (D.Kan. 2001). *See also* In re McKesson HBOC Securities Litigation, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) (putative class members are not "represented," thus although communications in question were improperly disruptive and misleading, they were not unethical as communications with represented parties); In re Chicago Flood Litigation, 682 N.E.2d 421, 425 (Ill. App. Ct. 1997) (class counsel will be deemed to fully represent all class members only after court has certified class and opt-out time period has expired, giving putative class members time to decide whether to participate in class). *But see* Dondore v. NGK Metals, 152 F. Supp. 2d 662, 666 (E.D. Pa. 2001) (under Pennsylvania law, putative class members are properly characterized as "parties to the action," and thus, during interim between filing of action and certification of class, unnamed class members have certain interests in lawsuit).

15. *See generally* Debra Lyn Bassett, *Pre-Certification Communication Ethics in Class Actions*, 36 GA. L. REV. 353 (2002).

5 Committee on Ethics and Professional Responsibility  07-445

limited to communicating with potential plaintiffs through plaintiffs' counsel. If plaintiffs' counsel blocks these communications, the defense counsel could, under the provisions of Federal Rule 23, ask the court directly for an avenue of communication.[16] The counterargument is that the theoretical potential for abuse by defense counsel does not justify limiting a channel of communication that is vital to efficient and fair class action litigation.[17] The Model Rules of Professional Conduct regulate the content of certain communications, and if those Rules are violated, plaintiff's counsel can seek more expansive oversight by the court under Federal Rule 23.[18]

The United States Supreme Court, in its only decision addressing contact with potential plaintiffs between the filing and certification of a class action, rejected an all-or-nothing approach to communication by one side or the other as incompatible with the purposes of Federal Rule 23.[19] The Court held that a district court abused its discretion by issuing an order prohibiting parties and their counsel from communicating with potential class members without court approval. The Court stated that such restrictions can only be imposed when the court has, on a case-by-case basis, made factual findings that justify such restrictions.[20] The Court recognized that, because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. However, this discretion is not unlimited, and must be weighed against the need to inform potential class members of the existence of a lawsuit and class representatives' interest in obtaining information about the merits of the case.[21]

Both plaintiffs' counsel and defense counsel have legitimate need to reach out to potential class members regarding the facts that are the subject of the potential class action, including information that may be relevant to whether or not a class should be certified. With respect to such contacts, Rule 4.3, which concerns lawyers dealing with unrepresented persons, does not limit

---

16. Fed. Rule of Civil Procedure 23(d) authorizes district courts to impose conditions on the representative parties and accords discretion in dealing with other procedural matters.

17. See generally Vincent R. Johnson, *The Ethics of Communicating with Putative Class Members*, 17 REV. LITIG. 497 (1998).

18. *Supra* note 16. See generally Linda Mullenix, *State Class Actions: Practice and Procedure, Annual Updates No. 1* (Chicago: CCH, July 2001); Linda Mullenix, *Master Class—Class Communications*, NATIONAL LAW JOURNAL, Oct. 15, 2001, at B11.

19. Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-04 (1981).

20. *Id.* at 101-02.

21. *Id.* at 100-04.

22. Rule 4.3 provides in pertinent part that, when contacting an unrepresented potential member of a class, a lawyer "shall not state or imply that the lawyer is disinterested" and if the lawyer reasonably knows or should know that the unrepresented person does not understand the lawyer's role in the matter the lawyer must "make reasonable efforts to correct the misunderstanding."

07-445 Formal Opinion                                                    6

factual inquiries but requires both sides to refrain from giving legal advice other than advice to engage counsel, if warranted.[22] If, on the other hand, plaintiffs' counsel's goal is to seek to represent the putative class member directly as a named party to the action or otherwise, the provisions of Rule 7.3, which governs lawyers' direct contact with prospective clients, applies. The fact that an action has been filed as a class action does not affect the policies underlying Rule 7.3 that prohibit the types of contact with prospective clients that have serious potential for overreaching and other abuse. However, Rule 7.3's restrictions do not apply to contacting potential class members as witnesses, so long as those contacts are appropriate and comport with the Model Rules.