UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State*, No. 07-5528 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**CASE MANAGEMENT ORDER NO.**
**ROAD HOME SETTLEMENT PROTOCOL**</u>

The Court has held certain status conferences in which the following individuals, amongst others, have participated: Road Home Liaison Counsel Calvin Fayard, Plaintiffs Liaison Counsel Joseph M. Bruno, Jr., and Defendants Liaison Counsel Ralph S. Hubbard III. The Court understands that the captioned litigation stems from the State of Louisiana, Division of Administration, Office of Community Development's, (hereinafter the "State") alleged rights it obtains in that portion of an insurance claim and/or lawsuit against a first-party property insurer involving a residence which sustained damage in Hurricane Katrina and/or Rita by virtue of a purported Limited Assignment and/or Subrogation agreement Road Home grant recipient executes at the time he/she receives the Road Home grant. The State has represented to this Court that, until the execution of the limited assignment/subrogation agreement by a policyholder, it does not claim any legal interest in the insurance claim and/or lawsuit.

This Court is aware that tens of thousands of individuals have executed the assignment and/or subrogation agreement, and many of those individuals likely have lawsuits presently pending against their insurers.  The Court has been advised that many settlements between a policyholder and an insurance company are not being perfected because the settlements are made contingent upon a number of occurences including but not limited to the State executing a release of the insurance company.  However, the Court is aware that the State lacks certain information it deems necessary before it can make a decision concerning a settlement to which it may have rights.  Additionally, the Court is aware that certain difficulties have been experienced concerning the identification for a particular insurance company of its policyholders who applied for a Road Home Grant and which ones have actually received grants.

The Court encouraged its Liaison Counsel to orchestrate an administrative protocol to streamline the settlement process for those lawsuits involving Road Home applicants and/or recipients which resulted in the  voluntary adoption by the State of a Voluntary Approval Protocol as well as a Voluntary Privacy Protocol.  The Insurers maintain that the Voluntary Approval Protocol, and certain amendments should be made an Order of the Court, notwithstanding the State's objection to entry of such an Order.  Having considered the matter  the Court is of the opinion that an Order effectuating the Voluntary Approval Protocol will benefit all parties involved and thereby enters the following order.   Nothing contained herein shall be construed by any party as an admission as to the validity of the assignment and/or subrogation agreements referenced herein or a waiver of any defense.  Accordingly,

**IT IS ORDERED**, that:

A. In Case No. 07-5528, the State purports to bring claims on behalf of itself and all past, present, and future Road Home grant recipients who have executed or will execute a Limited Assignment/Subrogation agreement allegedly providing the State a legal interest in certain aspects of the grant recipients' hurricane claims. As such, the provisions of this Section apply to any insurance company defendant in that lawsuit as well as to any claim that involves a Road Home grant from the State.

B. In the event an insurance company defendant and a policyholder who is a Road Home grant recipient agree to settle a lawsuit contingent upon the State's release of its alleged claims against the insurance company, the following SHALL occur:

1. The insurance company shall complete the form attached hereto as Exhibit A and send same to counsel for the policyholder;

2. Counsel for the policyholder shall complete the form attached hereto as Exhibit B.

3. Counsel for the policyholder shall, within 10 days of receipt of Exhibit A, transmit the completed Exhibits A and B to the Louisiana Division of Administration, Disaster Recovery Unit, at the address listed in Exhibit B. A conformed copy shall simultaneously be transmitted to the counsel of record for the insurance company. Delivery to the State shall be by certified mail, registered mail, or overnight delivery service (such as FedEx or UPS); the State shall be presumed to have received such items on the date shown by the Postal Service or delivery service.

4. Based upon representations by counsel for the State, this Court believes that thirty (30) days after receipt of Exhibits A and B is a reasonable time frame for the State of Louisiana to review and process Exhibits A and B.

5. The State shall furnish its response as outlined on Page 6 of Exhibit B simultaneously to the policyholder and to counsel for the insurance company defendant who was copied with the original submission as provided for in Par. B(3).

6. If the State responds within thirty (30) days with a refusal to consent to the proposed settlement or fails to respond within thirty (30) days, then the insurance company defendant or the policyholder shall have the right to file a motion requesting a settlement conference with the Magistrate Judge on the earliest date available with the Magistrate. In the Motion seeking such conference, the moving insurance company defendant or policyholder shall certify that to the best of movant's knowledge and belief, all necessary information has been tendered to the State. The policyholder's counsel and the policyholder shall attend the settlement conference with a copy of their file. Dan Rees, or a designee of his choosing with full authority, shall attend the settlement conference on behalf of the State with its file. Counsel for the insurance company defendant shall attend the settlement conference with a copy of counsel's file.

7. If the State responds within thirty (30) days and provides the executed conditional release made a part of Exhibit B, then the State shall furnish

that executed form to the policyholder's counsel.  Policyholder's counsel is required to send a copy to counsel for the insurance defendant company upon receipt.

   a. Upon receipt by policyholder's counsel of the executed release, the policyholder is required to accept or reject the terms of the State's conditional release and will have seven (7) days to advise the insurance company defendant of his or her position as detailed below.  A non-response within this time frame will be deemed as a rejection thereby triggering the provisions of Par. B(7)(c).

   b. If the policyholder accepts the terms of the State's conditional release, the policyholder is to execute page 7 of Exhibit B and furnish same to the insurance company.  The insurance company shall issue and deliver checks in accordance with the terms of page 7 of Exhibit B within thirty (30) days of receipt of same.  Documents dismissing the policyholder's lawsuit with prejudice shall be filed.

   **c.** If the policyholder rejects the terms of the State's conditional release, policyholder's counsel shall immediately notify counsel for the insurance company defendant. The insurance company defendant shall have the right to file a motion requesting a settlement conference with the Magistrate Judge on the earliest date available with the Magistrate.  The policyholder's counsel and the policyholder shall attend the settlement conference with a copy

       of their file.  Dan Rees, or his designee with full authority, shall attend the settlement conference on behalf of the State with its file. Counsel for the insurance company defendant shall attend the settlement conference with a copy of counsel's file.

8  The State shall have the right, at its sole and uncontrolled discretion, to amend or modify pages 1 through 5 of Exhibit B without leave of Court so long as any such amendment or modification of Exhibit B will make completion of Exhibit B less onerous and burdensome.

9  The Court notes that presently both Exhibits A and B are subject to a Privacy Protocol of February 14, 2008, issued voluntarily by the State.  A copy of this voluntary Privacy Protocol is attached hereto as Exhibit C for convenience and ease of reference.  However, the Court does not hereby adopt or enter this Privacy Protocol as part of this Case Management Order.

New Orleans, this ____ day of _____, 2008.

                                            _____
                                            STANWOOD R. DUVAL, JR.
                                            UNITED STATES DISTRICT JUDGE

                                            _____
                                            JOSEPH WILKINSON
                                            UNITED STATES MAGISTRATE JUDGE