UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| ------------------------------------------------- | * | MAG. WILKINSON |
| | * | |
| PERTAINS TO: | * | |
| INSURANCE (2007-08772) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO PILOT CATASTROPHE SERVICES, INC.'S MOTION TO QUASH

NOW INTO COURT come Plaintiffs Robert Newman and Jane Newman who respectfully submit the instant Opposition to Pilot Catastrophe Services, Inc.'s Motion to Quash.

This is a Hurricane Katrina case. Plaintiffs sued Allstate Insurance Company for the misadjustment of their claims under their homeowner's policy which include bad faith allegations.

Plaintiffs properly issued a subpoena to Pilot Catastrophe on April 28, 2008. See Subpoena, Deposition Notice, and Addendum, attached in globo as Exhibit "A". The subpoena contained the demand for production of a corporate designee to testify concerning various areas of inquiry as well as the production of documents. The deposition and document production is noticed for June 10, 2008 at counsel for Allstate's office. The deposition was served on Pilot's designated agent for service of process, CT Corporation in Baton Rouge.

Pilot moves the Court to quash the subpoena, arguing that this Court lacks jurisdiction

because Pilot Catastrophe's headquarters is greater than 100 miles outside the jurisdiction of this Court. However, Pilot's reading of Fed. R. Civ. Proc. 45(c)(3)(A)(iii) is unjustifiably limiting.

Under Rule 45, a subpoena must be quashed if it requires the deponent to travel more than 100 miles "from where that person resides, is employed, or <u>regularly transacts business in person</u> . . ." <u>Fed. R. Civ. Proc.</u> 45(c)(3)(A)(iii) (emphasis supplied). Pilot Catastrophe and its agents regularly transact business in Louisiana.

In another case in this district, <u>Weiss v. Allstate Insurance Co.</u>, No. 06-3774 (E.D. La.) (Vance, J.), Allstate proffered Paul Tracey as a corporate designee to discuss Allstate's reliance upon Pilot Catastrophe in adjusting hurricane claims in Louisiana. <u>See Deposition of Paul Tracey</u>, attached as Exhibit "B".

In his deposition, Mr. Tracey testified that after Katrina, Allstate used Pilot Catastrophe as its primary adjusting company. <u>Id.</u> at 15. Allstate paid Pilot Catastrophe $145 million in 2005 and $255 million dollars in 2006 to adjust Allstate insurance claims as to Katrina. <u>Id.</u> at 14-15. As for adjusting Allstate's Hurricane Rita claims, Allstate paid Pilot Catastrophe $30 million in 2005 and $55 million in 2006. Allstate paid Pilot Catastrophe a total of $485 million. And, this does not even include payments in 2007 or 2008.

Such large scale activity in Louisiana in 2005 and 2006 certainly qualifies as "regularly transacting business" pursuant to Rule 45(c)(3)(A)(iii). Pilot's affidavit of Terry Aucoin does not support the position whether, although Pilot Catastrophe's home office is in Mobile, the corporate designee himself "regularly transacts business in person." Mr. Aucoin's affidavit does not indicate who would be the corporate designee, where the corporate designee may reside, or where he

regularly transacts business.

In the alternative, Plaintiffs request a status conference with this Court and Pilot Catastrophe's counsel to arrange for Pilot Catastrophe to produce documents and produce a corporate designee in a mutually agreeable location.

**WHEREFORE**, Plaintiffs respectfully request that this Court deny Pilot Catastrophe's Motion to Quash the Subpoena and Deposition Notice.

        Respectfully submitted,

        **HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**

BY:   /s/ Soren E. Gisleson
        **SOREN E. GISLESON, ESQ. (#26302)**
        **JOSEPH E. CAIN, ESQ. (#29785)**
        820 O'Keefe Ave.
        New Orleans, LA 70113
        Telephone: (504) 581-4892
        Fax: (504) 561-6024

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I emailed and faxed the foregoing document and the notice of electronic filing to any non-CM/ECF participant.

        */s/ Soren E. Gisleson, Esq.*
        SOREN E. GISLESON