**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| NO.    05-4181 | * | |
| 06-1885 | * | JUDGE DUVAL |
| 06-4024 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5771 | * | |
| 06-5786 | * | |
| 06-6099 | * | |
| 07-0206 | * | |
| 07-3500 | * | |
| 07-3612 | * | |
| 07-5023 | * | |
| 07-5040 | * | |

* * * * * * * * * * * * * * * * * *

**SUPPLEMENTAL DECLARATION OF**
**ASHTON R. O'DWYER, JR.**
**MADE UNDER PENALTY OF PERJURY**
**PURSUANT TO THE PROVISIONS OF**
**28 U.S.C. §1746 IN RESPONSE TO RECORD**
**DOCUMENT NOS. 11357, 12552 AND 13003**

**COMES NOW** Ashton R. O'Dwyer, Jr., appearing herein in *propria persona,* pursuant to the provisions of 28 U.S.C. § 1746, and does declare under penalty of perjury, as follows:

1.      That he reiterates the declarations he made in paragraph nos. 1 and 2 of Record Document No. 11699, further declaring that, since he made certain declarations

on March 20, 2008, his financial situation has gotten "worse", not better than it was on March 20, 2008, meaning that he does not have the financial wherewithal to comply with said Order(s), even if he wanted to do so.

2.      That he prefaces his further declarations made herein by observing that, in Record Document No. 12552, the Court stated as follows:

> "Mr. O'Dwyer blatantly refused to comply with said Order in a pleading styled Declaration of Ashton R. O'Dwyer, Jr. Made Under Penalty of Perjury (Doc. 11699).  In that pleading, Mr. O'Dwyer indicated, *inter alia*, that his relationship with his clients was none of this Court's business.  Mr. O'Dwyer not only blatantly refused to comply with the above-mentioned Order, but he has on numerous occasions impugned the integrity of the Court and refused to adhere to other admonitions of the Court."

3.      O'Dwyer takes this opportunity to reiterate what he said in paragraph no. 3 of Record Document No. 11699, namely that he does not believe this Court has the authority to require him to "provide a copy of this ruling (Record Document No. 11357, being the Court's Order and Reasons of February 22, 2008, as amended by Record Document No. 13003) to each of his named clients", which constitutes an unwarranted intrusion into the relationship between O'Dwyer and his clients, which is none of this Court's business.

4.      O'Dwyer admits that, even if he had the financial wherewithal to do so, he would have refused to comply with Record Document No. 11357, as amended by Record Document Nos. 12552 and 13003, because he contends "openly" that no valid obligation

exists for him to comply with the said Order(s).  See Rule 3.4(c) of the Rules of Professional Conduct, which permits a lawyer to openly refuse to obey an order of a tribunal based on the assertion that no valid obligation to obey exists.

5.       In terms of the Court's allegation that: "he [O'Dwyer] has on numerous occasions impugned the integrity of the Court", O'Dwyer is not sure precisely what the Court may be referring to.   However, O'Dwyer concedes as much, assuming argumentatively that the Court is talking about the contents of written communications from O'Dwyer to all of the Judges of the United States District Court for the Eastern District of Louisiana, involving the breaching of the confidentiality of disciplinary proceedings involving O'Dwyer personally, which O'Dwyer avers the Court played a pivotal role in having brought against O'Dwyer, and knowledge which the Court may have had concerning Mr. Fayard's representation of the State of Louisiana when the Court imposed sanctions against O'Dwyer in favor of Mr. Fayard's client, the State, on August 6, 2007.[1]  Those written communications with all of the Judges are not attached, out of respect for the Court as an institution.  However, O'Dwyer reserves the right to produce those written communications at the appropriate time.   More particularly, O'Dwyer has framed the issue, which the Court has repeatedly failed to address, and which the Court may interpret, as having "impugned the integrity of the Court", as follows:

> "The integrity of this litigation which has been called into question by
> virtue of an extra-judicial source of bias and prejudice, arising out of the

---

[1] In Record Document No. 13309, Magistrate Wilkinson referenced only "proceedings in this Court" in responding to O'Dwyer's question, "When did Your Honor or any member of Your Honor's Staff first become aware of the representation of the State of Louisiana by Daniel Becnel and/or by Calvin Fayard concerning any KATRINA-related matters?"  Although Judge Duval and His Honor's Staff has not yet answered the question, if their answers are similar to Magistrate Wilkinson's, then they must have known who represented the State when sanctions were imposed against O'Dwyer on August 6, 2007, just as O'Dwyer has averred.

> Court's long-time friendship with Mr. Fayard, whose professional ethics and professional integrity have been placed at issue in this litigation as a result of his Membership on Committees while simultaneously representing the interests of the State of Louisiana, and failing to disclose his relationship with the State to the Court or to other counsel prior to August 29, 2007." Record Document No. 11317 and related Record Documents.

6.  The Court also may be talking about the contents of "Confidential Settlement Documents" exchanged between O'Dwyer and The Honorable Lance M. Africk, which O'Dwyer reserves the right to produce at the proper time.

7.  Although the Court in Record Document No. 11357 framed the "issue" as being about "recusal" as the result of an extra-judicial relationship which the Court maintained it had disclosed early on in this litigation, on March 24, 2006, and by making personal attacks on O'Dwyer by accusing him of "reckless, unprofessional and unethical conduct" (See Record Document No. 12552), the real issue is Mr. Fayard's blatantly obvious conflict of interests in this case, which was not known by O'Dwyer and others until August 29, 2007, when Mr. Fayard and others filed pleadings in this Court on behalf of the State of Louisiana, coupled with misconduct on the part of the Court, which O'Dwyer avers upon information and belief knew, prior to August 29, 2007, of Mr. Fayard's representation of the State, and the failure to disclose that representation to anyone, in the meantime issuing rulings which were favorable to Mr. Fayard's client, the State, and even including sanctions in the sum of almost $8,000 against O'Dwyer personally, in favor of the State.  O'Dwyer welcomes the opportunity to air these matters, including how and when the Court and its Staff acquired that knowledge, "on the record".

8.  In terms of the Court's allegation that "Mr. O'Dwyer has a duty to inform his clients of the activities in this Court", O'Dwyer avers that the matters at issue are all a

matter of public record, and therefore readily available to each of his clients, without the need to send them anything via the U.S. Mail.  Further, the Court has seen to it already that, with very few exceptions, O'Dwyer's clients' claims against virtually every defendant sued by O'Dwyer's clients since September 19, 2005 have been dismissed, with prejudice.

9.      The cases cited by the Court, in anticipation of imposing additional monetary sanctions against O'Dwyer, and "dismissing all cases filed by Mr. O'Dwyer in the KATRINA umbrella" viz., Hartz v. Administrators of the Tulane Educational Fund and In re United Markets, are inapposite.  Hartz involved service of a Court Order by counsel on only one client, after counsel appeared at oral argument unprepared and otherwise demonstrating to the three-Judge Panel a "cavalier disregard for his client's interest and for his obligation to the Court".  In this case counsel represents some 2,000 clients, does not have the financial resources necessary to comply with the Court Order, and openly contends that no valid obligation for him to comply with the referenced Court Order exists under the Rules of Professional Conduct.  The In re United Markets Int'l Inc. case cited by the Court involved "bad faith or willful abuse of the judicial process" by a lawyer who had already incurred monetary sanctions of some $70,000 under facts which do not come even "close" to those in the case at bar, in which O'Dwyer's sole motivations are:  (1) the integrity of the litigation and (2) his innocent clients' interests and protection of their legal rights against all potentially liable parties.

10.     O'Dwyer also takes this opportunity to specifically deny any "reckless, unprofessional and unethical conduct", as has been averred by the Court in Record Document No. 12552.

11.     Lastly, in paragraph no. 5 of his original Declaration (Record Document No. 11699) O'Dwyer stated that "the said order (Record Document No. 11357, as modified by Record Document Nos. 12552 and 13003) is simply "more" evidence of the personal bias and prejudice which The Honorable Stanwood R. Duval, Jr. has against him and his clients, and in favor of the Court's friend, Mr. Fayard, and his client, the State of Louisiana."  O'Dwyer now adds Record Document No. 12552 and the disciplinary Complaint which has been brought against him to that "mix", and avers that there is a definite "link" or nexus between and among O'Dwyer's efforts to have counsel disqualified, the Court recused, and the disciplinary Complaint now pending against O'Dwyer.

This supplemental declaration is made under penalty of perjury at New Orleans, Louisiana, this 20th day of March 2008.

<div style="margin-left: 40%;">

Respectfully submitted,
**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

**By:    S/Ashton R. O'Dwyer, Jr.**
     **Ashton R. O'Dwyer, Jr.
Bar No. 10166
821 Baronne Street
New Orleans, LA 70113
Tel. 504-679-6166
Fax. 504-581-4336**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via Electronic filing, this 1st day of June 2008.

<div style="margin-left: 40%;">

S/Ashton R. O'Dwyer, Jr.

</div>