UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NUMBER: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: MRGO, Robinson | * | |
| (No. 06-2268) | * | |

*************************************************************************

## MEMORANDUM IN SUPPORT OF RULE TO SHOW CAUSE WHY THE UNITED STATES OF AMERICA SHOULD NOT BE ORDERED TO PARTICIPATE IN GOOD FAITH TO COMPLETE DISCOVERY

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who request that the defendant United States of America, show cause, if it can, why it should not be ordered to partcipate in good faith to complete discovery. The defendant United States of America has engaged in a pattern of dilatory conduct that has consistently impede the orderly flow of discovery. In light of the impending discovery deadlines, and the recalcitrant behavior of the Government, the Plaintiffs have been left with no choice but to file this pleading.

**I.**

Beginning in at least February 22, 2008, the Plaintiffs have been attempting to depose the defendant the United States of America pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In the intersts of professional courtesy, the Plaintiffs undertook the efforts to serve separate and distinct Notices of Deposition. Each such Notice of Deposition allowed for more

than thirty (30) days for the defendnat to appear.

## II.

For a variety of reasons that have not been well documented by the defendant, the United States began a pattern of conduct that was skillfully designed to avoid engaging in a good faith effort to complete discovery. These efforts, which began with a host of superfluous objections in response to written discovery requests, to the unindexed "data dump" of information as a Rule 26 disclosure, the in response to the request the production of documents, have resulted in the Government not appearing for a Rule 30(b)(6) deposition despite the vigorous efforts of the Plaintiffs.

## III.

The Government has participated to some degree in providing fact witnesses, at their discretion, on short notice, to appear at deposition around the country, sequentially for a number of weeks. This resulted in the Plaintiffs' counsel having to perform multiple tracking for deposition preparation and attendance. Invariably, these witnesses were short on memory of any pertinent information, and referred counsel to seek that information from some other governmental witness. Then when that witness was deposed, the witness couldn't recall the information!

The degree of evasion is quite evident in the testimony of Richard Varusso. Mr. Varusso had been the Corps of Engineers representative witness regarding the performance of the MRGO levee system during Hurricane Katrina in the litigation involving the Murphy Oil tank rupture and oil spill. (Turner v. Murphy, USDC, EDLA, No. 06-4206). When Mr. Varusso's testimony as a fact witness in <u>Robinson</u> conflicted with his prior testimony in the <u>Murphy Oil</u> case and this

was pointed out to him by Plaintiffs' counsel, objection was raised by the defendant's counsel indicating that Mr. Varusso was following a script when he testified in the Murphy case.

While it is likely that his comment was an inappropriate mischaracterization, it is telling of the subterfuge to which the defendant is engaging to avoid participating in the good faith completion of discovery.

### IV.

Plaintiffs' counsel have consistently provided advanced notice of the areas of inquiry sought by Rule 30(b)(6).  This was designed to allow time to address any objections that may be raised, so as to proceed at a logical, unfettered pace at the deposition.  The defendant has incorporated this professional courtesy into its dilatory agenda to thwart the good faith efforts of the Plaintiffs to complete discovery.

The scenario invariably works like this:

1. Plaintiffs counsel discusses the various topics via telephone with one of a multitude of Government attorneys in order to set up the depositon;

2. The government attorney states that he needs to see the Notice of Deposition before he commits to anything;

3. Plaintiffs' counsel provides a courtesy copy of the Notice via email;

4. No response is heard back from the Government lawyer;

5. After some period of time has passed, Plaintiffs' counsel inquires about the status of the deposition;

6. The government lawyer says he never received the email transmitting the Notice of Deposition;

    7.    A new email is sent, to which the defendant complains that the areas of inquiry are overly broad and can't be responded to.

In the ordinary course of business, a deposition is set by a Notice fo Deposition. Any issues the deponent has reagrding teh scope of inquiry are taken up by the Court by the "aggrieved" party. In that fashion, a resolution is achieved in relatively short order. However, with the volume of cases pending before the court, and the large areas of inquiry necessary in light of the scope of this litigation; every effort has been undertaken by Plaintiffs' counsel to diligently resolve any discovery disputes amicably.

### V.

By way of example, the exact same pattern of dilitory conduct is being utilized by the defendant in the MRGO litigation. A courtesy copy of the Rule 30(b)(6) Notice f Deposition of the East Bank Industrial Area of the Industruial Canal was forwarded to counsel for the government on March 4, 2008. That deposition has yet to take place, with a "possible date" of June 30, 2008 for the deposition to take place.

Of course, this Notice has had to be re-sent on more than one occasion.

Furthermore, Plaintiffs' counsel in that case have provided the government with a list of fact witnesses for the project at issue, yet to date only one has been scheduled. (This deposition is scheduled for Tuesday, June 2, 2008 in Tulsa , Oklahoma; only after multiple amicable efforts to obtain a deposition date and pertinent information for the Notice was only provided on May 27, 2008, one week before the deposition date). No other datyes have been provided to depose the other witnesses.

### VI.

Rule 16 ( c) of the Federal Rule of Civil Procedure authorizes the Court to take appropriate action with respect to the control and scheduling of discovery and the need for adopting special procedures for managing difficult issues taht may involve complex issues or unusual proof problems.

In the present case, Plaintiffs' counsel have been diligent in prosecuting the cause of action through discovery despite the defendant's recalcitrant behavior.  However, the defalcations of the Government in participating in the good faith completion of discovery has left palintiff' counsel no choice but to seek the instant relief.

**WHEREFORE**, Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz request that the defendant United States of America be oredered to appear and show cause, if it can, why it should not be ordered to partcipate in good faith to complete discovery.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

   /s/  Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

_____  **O'Donnell & Associates P.C.**
By: s/ Pierce O'Donnell
Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone: (213) 347-0290
Fax: (213) 347-0298

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 585-1788

**Law Offices of Joseph M. Bruno**
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017

Telephone: (213) 489-5330
Facsimile: (213) 481-1554


**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile: (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No. 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile: (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr. (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381

Telephone: (985) 384-8611
Facsimile: (985) 385-4861
**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: (504) 525-9522

**Salas & Co., LC**
Camilo K. Salas, III (LSBA No. 11657)
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: (504) 799-3080
Facsimile: (504) 799-3085
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

_____ I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 2nd day of June, 2008.

    /s/ Joseph M. Bruno
Joseph M. Bruno