UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * |  |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531 | * |  |
| *Mumford v. Ingram*   05-5724 | * |  |
| *Lagarde v. Lafarge*   06-5342 | * | JUDGE |
| *Perry v. Ingram*   06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*   06-7516 | * |  |
| *Parfait Family v. USA*   07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*   07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * |  |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF LAFARGE NORTH AMERICA INC.'S MOTION FOR PROTECTIVE ORDER ON PLAINTIFFS' AMENDED SECOND RULE 30(B)(6) NOTICE

On May 27, 2008, defendant Lafarge North America Inc. ("LNA") moved for a protective order to prevent the taking of a second Rule 30(b)(6) deposition of LNA (Rec. Doc. 13280). Two days after LNA served its protective order motion, plaintiffs filed and served an amended Rule 30(b)(6) deposition notice on LNA (Rec. Doc. 13343). Plaintiffs' amended notice restates, verbatim, every topic set out in their earlier notice. In addition, the amended notice includes a *new* proposed deposition topic which LNA must now add to its protective order motion.

Plaintiffs' new proposed topic has to do with a corporate stock repurchase transaction that took place in early 2006, a shareholder lawsuit concerning that transaction, and LNA's

LIBW/1679137.1

"Year 2006 SEC filings."[1]  The Court should not permit a deposition on this topic, and should include it within the protective order against a second Rule 30(b)(6) deposition, because the topic is plainly irrelevant to this action and because plaintiffs have had "ample opportunity" to take any appropriate written discovery (of which there is none) concerning this topic.  Plaintiffs' harassment of LNA on irrelevant tangents must be brought to a close.

Plaintiffs' proposed topic fails the bedrock test for relevance under Rule 26(b)(1), which requires that discovery be "relevant to any party's claim or defense."  Here, the parties' claims and defenses concern a barge that had been moored at LNA's terminal prior to Hurricane Katrina.  The plaintiffs assert tort claims alleging that the barge broke away and caused flooding.  LNA asserts defenses that it acted properly in handling the barge and that the barge did not cause any flooding or injuries.  A corporate stock repurchase, a state-court shareholder lawsuit, and SEC filings from 2006 have *absolutely nothing* to do with plaintiffs' claims or LNA's defenses in this case.  Plaintiffs' new proposed topic is well outside the limits of any conception of relevance, however broad, that might be posited under Rule 26.

Moreover, these topics could easily have been made the subject of written discovery if plaintiffs considered them remotely worthy of inquiry.  The stock repurchase, the 2006 SEC filings, and the shareholder lawsuit have all been in the public domain since long before written

---

[1] The full text of plaintiffs' new topic reads as follows:

"22.  Any and all facts and circumstances relevant to nature, timing, purpose, occurrence and effects of 2006 stock reacquisition, divestiture, merger, sale, acquisition of Lafarge North America, Inc., to, through and/or involving Efalar, Inc., Lafarge SA, Lafarge Group, Cementia Holding Company, Blue Circle North America; the owners, directors, structure, relationships and purposes of any and all of the foregoing; and any and all facts and circumstances surrounding and/or contained in Year 2006 SEC filings by any or all of the foregoing; purpose, intent and effects of any and all of the foregoing relative to this litigation and/or to any laws, statutes or regulations governing the afore described conduct; any and all facts and circumstances surrounding Rice et al. v. Lafarge North America Inc. et al., Civil Action 268974V, and consolidated cases, Circuit Court for Montgomery County, Maryland."

discovery began in this case.[2]  For plaintiffs now to seek documents and information on these subjects after the close of written discovery, through the artifice of a Rule 30(b)(6) deposition, is wasteful and pointless.  Plaintiffs had "ample opportunity" to take discovery on these subjects if any discovery was warranted (see Fed. R. Civ. P. 26(b)(2)(C)(ii)), and the consequences should not be visited on LNA if plaintiffs squandered that opportunity.  Moreover, ample information exists in the public domain to satisfy whatever curiosity plaintiffs may have on this (clearly irrelevant) topic, and plaintiffs should be required to obtain such information from these "more convenient, less burdensome, [and] less expensive sources."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Finally, the burden of having to prepare a corporate witness to address plaintiffs' fishing expedition clearly outweighs any supposed "benefit" to the case from a deposition on this topic.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

## CONCLUSION

For the foregoing reasons, Defendant's motion for a protective order to limit Plaintiffs' 30(b)(6) deposition notice should be granted as to the new "Topic 22" in the Amended Notice of Rule 30(b)(6) deposition.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

---

[2] See, e.g., LNA's Schedule 14D-9 (March 6, 2006) (describing planned stock reacquisition) (available at http://www.secinfo.com/dsvRq.vVy.htm).  The complaint in *Rice v. LNA*, the shareholder action referenced in plaintiffs' notice, was attached to this March 2006 SEC filing as Exhibit 99(a)(14).

3

      /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 2nd day of June, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock