UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 "K"(2) |
| PERTAINS TO: ROAD HOME *Louisiana State*, C.A. No. 07-5528 | * * * | JUDGE DUVAL |
| | * * | MAGISTRATE WILKINSON |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMBINED OPPOSITION TO INSURERS'** *EX PARTE* **MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM IN SUPPORT OF MOTION OF STATE FARM FIRE AND CASUALTY COMPANY AND CERTAIN OTHER INSURER DEFENDANTS TO DISQUALIFY PLAINTIFFS' PRIVATE COUNSEL**

Paul G. Aucoin, Attorney at Law; The Dudenhefer Law Firm; Fayard & Honeycutt, A.P.C.; McKernan Law Firm; Ranier, Gayle and Elliot, L.L.C.; and Domengeaux Wright Roy & Edwards L.L.C., along with their individual counsel who have appeared in this case, through their undersigned counsel, as well as the Murray Law Firm, through its undersigned counsel, Basile J. Uddo, respectfully submit this Combined Opposition to the Insurers' *Ex Parte* Motion for Leave to File Sur-Reply Memorandum in Support of Motion of State Farm Fire and Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiffs' Private Counsel.

**I.    Response of Paul G. Aucoin, Attorney at Law; The Dudenhefer Law Firm; Fayard & Honeycutt, A.P.C.; McKernan Law Firm; Ranier, Gayle and Elliot, L.L.C.; and Domengeaux Wright Roy & Edwards L.L.C.**

Paul G. Aucoin, Attorney at Law; The Dudenhefer Law Firm; Fayard & Honeycutt, A.P.C.; McKernan Law Firm; Ranier, Gayle and Elliot, L.L.C.; and Domengeaux Wright Roy &

Edwards L.L.C., along with their individual counsel who have appeared in this case, oppose the Insurers' *Ex Parte* Motion for Leave to file a Sur-Reply Memorandum in Support of their Motion to Disqualify Counsel. After four extensive briefs from each side and oral argument, we see no need for further briefing. Of course, there is always an additional argument to be made, but we believe the Court properly ordered briefing to end with the last exchange of reply briefs.

In the event the Court wishes to consider the Insurers' sur-reply, we wish to rebut the Insurers' last word with the following points: (1) the lesson of *Green*, if any, is that La. Rev. Stat. § 49:258 should be given a narrowing construction when in conflict with other relevant law; in this case, that law would be the separation-of-powers doctrine inherent in the specific constitutional grant of authority to the Attorney General; (2) the statement that it is only "49:258 and not the constitution (sic)" that gives the Attorney General the power to engage counsel is inconsistent both with the Louisiana Constitution and multiple jurisprudential confirmations of that power;[1] and, (3) no authority suggests that a failure to follow § 49:258 in particular, or the technical rules for engagement of counsel in general, constitute grounds for the extreme sanction of disqualification. In contrast, the precedents of this Circuit have upheld disqualification orders only in the clearest and most egregious of circumstances.[2]

## II. Response of Murray Law Firm

The Murray Law Firm, through its undersigned counsel, Basile J. Uddo, adopts the above and would further respond to the Insurers' proposed sur-reply as follows:

As it has been thoroughly presented in the briefs of Counsel, including the Murray Law Firm, the Insurers have failed utterly to carry their burden of demonstrating any conflict, much

---

[1] *State v. Anderson*, 29 La. Ann. 774 (La. 1877); *Taylor v. Allen*, 91 So. 635, 638 (La. 1920); *State v. Mangrum*, 35 La. Ann. 619 (La. 1883).

[2] *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995); *In re American Airlines, Inc.*, 972 F.2d 605 (5th Cir.1992); *In re Dresser Industries, Inc.*, 972 F.2d 540 (5th Cir. 1992).

less one that would require disqualification. In their proposed sur-reply, they again assume that the Murray Law Firm has a disqualifying conflict. As noted in previous briefs, no such conflict exists. However, the Murray Law Firm in an abundance of caution has assured that they will obtain appropriate scope of representation/consents from their clients. The Insurers' speculation about how and whether these will be obtained and adequate deserves no weight by this court. The facts will speak for themselves.

For the above reasons, the Insurers' *Ex Parte* Motion for Leave to File Sur-Reply Memorandum in Support of Motion of State Farm Fire and Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiffs' Private Counsel should be denied.

Respectfully submitted,

By:  /s/ Thomas P. Owen, Jr.

Richard C. Stanley, 8487
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
 Of
STANLEY, FLANAGAN & REUTER, L.L.C
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069

-and-

Basile J. Uddo, 10174
Attorney at Law
3445 North Causeway Boulevard
Suite 724
Metairie, Louisiana 70002
Telephone: (504) 834-1819
Facsimile: (504) 832-7208

            Attorneys for Paul G. Aucoin, Attorney at Law; The Dudenhefer Law Firm, L.L.C.; Fayard & Honeycutt, A.P.C.; McKernan Law Firm; Ranier, Gayle and Elliot, L.L.C.; and Domengeaux Wright Roy & Edwards L.L.C.

            By: ___/s/ Basile J. Uddo___
            Basile J. Uddo, 10174
            Attorney at Law
            3445 North Causeway Boulevard
            Suite 724
            Metairie, Louisiana 70002
            Telephone: (504) 834-1819
            Facsimile: (504) 832-7208

            Attorney for the Murray Law Firm

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, I electronically filed the foregoing Combined Opposition to the Insurers' *Ex Parte* Motion for Leave to File Sur-Reply Memorandum in Support of Motion of State Farm Fire and Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiffs' Private Counsel with the Clerk of Court using the CM/ECF system which will send a notice of filing to all counsel accepting electronic notice. I further certify that I mailed the foregoing document and notice of electronic filing filed by first-class mail to all counsel of record who are non-CM/ECF participants.

            ___/s/ Thomas P. Owen, Jr.___