# CONFIDENTIAL

## RECEIPT, RELEASE, AND SETTLEMENT AGREEMENT
## WITH RESERVATION OF RIGHTS

This Receipt, Release, and Settlement Agreement With Reservation of Rights is made and entered into this ___9th___ day of February, 2006, by and among Arthur L. Murph, Jr. and Jeanne A. Church Murph, Lafarge North America Inc., a Maryland corporation, New Jourdan LLC, and New Berkley LLC.

WHEREAS, on or about August 29, 2005, Arthur L. Murph, Jr. and Jeanne A. Church Murph were the owners of a home located at 1739 Jourdan Avenue in the Lower Ninth Ward, New Orleans, Louisiana, 70017 ("the Murphs' home"), officially described as follows:

> ONE (1) CERTAIN LOT OF GROUND, together with all buildings and improvements thereon and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Third District of the City of New Orleans, State of Louisiana, in Square No. 807, bounded by Jourdan Avenue, North Derbigny Street, North Roman and Deslonde Streets; said lot is designated by the Lot No. Eight (8) of said square, and measures forty (40') feet front on Jourdan Avenue, same width in the rear, by a depth, between equal and parallel lines, of one hundred ten (110') feet.
>
> All according to plan of survey made by Gilbert and Kelly, Surveyors, dated December 29, 1926, copy of which is attached to an act of sale to Angus T. Stanley, passed before S. T. Cristina, Notary Public in and for the Parish of Jefferson, dated July 23, 1945;

WHEREAS, on or about August 29, 2005, the Murphs were also the owners of a vacant lot at 4823-4825 North Roman Street that runs behind the property at the corner of North Roman Street and Jourdan Avenue, continues behind the Murphs' home, and further behind the adjacent property that also fronts on Jourdan Avenue ("the North Roman Property");

LNA000694

REDACTED

WHEREAS, on or about August 29, 2005, Ingram Barge Company, Inc.'s barge ING 4727 was moored at Lafarge North America Inc.'s terminal adjacent to the Inner Harbor Navigation Canal ("IHNC" or "Industrial Canal");

WHEREAS, the names "New Jourdan LLC" and "New Berkley LLC" are names of companies to be created or entities to be identified;

WHEREAS, as Hurricane Katrina swept through the Greater New Orleans Area on August 29, 2005, the ING 4727 broke free from her moorings on the Industrial Canal and was swept through a breach in the floodwall;

WHEREAS, the Murphs' home and the North Roman Property were damaged by flooding when the floodwall was breached;

WHEREAS, after being swept through the breach in the floodwall, the ING 4727 came to rest atop the Murphs' home at 1739 Jourdan Avenue; and

WHEREAS, the parties are desirous of settling, adjusting, and concluding all claims that the Murphs may have arising out of or in any way related to the barge ING 4727 on the basis hereinafter set forth:

NOW, THEREFORE, the parties hereto agree as follows:

1.0    Payment

In consideration of the release by the Murphs of all claims as set forth below in Section 2, and in further consideration of the Murphs' agreement to deliver clear title to the Murphs' home to New Jourdan LLC or its assignee, New Jourdan LLC and/or New Berkley LLC or their respective assignees have paid or have agreed to pay to or for the benefit of the Murphs, receipt of which the Murphs hereby acknowledge, the total amount of

LNA000695

REDACTED

plus an agreement to accept title to the Murphs home subject to a remaining balance on the mortgage on 1739 Jourdan Avenue, New Orleans, La after application of the flood insurance proceeds, up to but not more than      to be broken down as set forth in Sections 1.1 and 1.2 below.  This total payment shall be made to or for the benefit of the Murphs at the time of the closing on the Berkley property as described below in Section 1.1, and shall be used to purchase the Berkley property and thereafter to discharge a portion of the mortgage on the Murphs home.

1.1    New Berkley LLC

Of the total payment amount set forth in Section 1.0 above, New Berkley LLC or its assignee will contribute the total amount of

    receipt of which the Murphs hereby acknowledge, toward the purchase price of a home at 105 Berkley, New Orleans, Louisiana, 70131 ("the Berkley property").  In exchange, the Murphs will grant a collateral mortgage in the amount of

    on the Berkley property in favor of New Berkley LLC or its assignee to secure performance of the Murphs' obligation to sell the Murphs' home, as well as the Murphs' remaining obligations under this Receipt, Release, and Settlement Agreement.  At the end of five years, the collateral mortgage shall be cancelled if no sums are then owed thereunder, as long as the Murphs have not breached any of the terms of this Receipt, Release, and Settlement Agreement.

1.2    New Jourdan LLC

Of the total payment amount set forth in Section 1.0 above, New Jourdan LLC or its assignee will contribute a total of

LNA000696

REDACTED

receipt of which the Murphs hereby acknowledge.  In exchange for this sum, and on the date of the closing on the Berkley property described in Section 1.1 above, the Murphs agree to and execute a promissory note for             and a purchase and sale agreement to convey to New Jourdan LLC or its assignee free and clear title to the Murphs' home at 1739 Jourdan Avenue, New Orleans, Louisiana 70117, and they further agree to appoint an agent and/or sign a power of attorney to accomplish the sale.  The Murphs hereby expressly agree that this             represents the full purchase price for the home at 1739 Jourdan Avenue, New Orleans, Louisiana 70117, and that no further funds are due or owed by New Jourdan LLC, New Berkley LLC, Lafarge North America Inc., its insurers, Ingram Barge Company, Inc., or their respective assignees, or any other Released Party (as defined in Section 2 below), with respect to that property, except that there may remain an outstanding balance due on the mortgage of not more than             after application of the             of flood insurance proceeds to the mortgage balance.  The Murphs further agree to indemnify and hold harmless New Jourdan LLC and its assignee, as well as any other Released Party (as defined in Section 2 below) from any liens, claims, mortgages, or privileges that may affect title to the Murphs' home until the date of recordation of the transfer of ownership of the Murphs' home to New Jourdan LLC or its assignee.

2.0    Release and Discharge, Indemnity, and Reservation of Rights

2.1    In consideration of the payments set forth in Section 1 above, receipt of which is hereby acknowledged, Arthur L. Murph, Jr., and Jeanne A. Church Murph, each on his/her own behalf and on behalf of their minor daughter, Ariana Murph, hereby and for their heirs, successors, executors, assigns, and affiliates (collectively, "the Murphs"), do release and forever discharge Lafarge North America Inc., Ingram Barge Company, Inc., New Jourdan LLC, and

LNA000697

New Berkley LLC, and their respective parents, subsidiaries, affiliates, related companies, predecessors and successors in interest, and insurers, and their respective past, present, and future officers, directors, agents, servants, representatives, employees, attorneys, successors, heirs, assigns, and all other persons and firms or corporations with whom any of the former have been, are, or may hereafter be affiliated (collectively, "the Released Parties" and each individually a "Released Party") from any and all claims, demands, obligations, actions, and causes of action of whatsoever nature, howsoever arising, whether presently known or to become known, arising out of or in any way related to the barge ING 4727. The claims released include, but are not limited to, loss and/or damage to immovable and/or movable property, loss of use, loss of business opportunity, personal injury and/or death, emotional distress, attorney's fees, reliance damages, and costs and expenses of any nature whatsoever, whether based on maritime, common, or civil law, or equity, and whether based on tort, contract, or any other theory of recovery, that the Murphs now have or could have had, or which may hereafter accrue or otherwise be acquired, and which arise out of or are in any way related to the barge ING 4727.

### 2.2   Right of Passage – Servitude

In further consideration of the payment described in Section 1 above, Arthur L. Murph, Jr. and Jeanne A. Church Murph, each on his/her own behalf and on behalf of their minor daughter, Ariana Murph, agree to grant to Lafarge North America Inc., New Jourdan LLC, New Berkley LLC, and/or Ingram Barge Company, Inc., or their respective assignee(s), a right of passage across the North Roman Property to enable Lafarge North America Inc., New Jourdan LLC, New Berkley LLC, and/or Ingram Barge Company, Inc., or their respective assignee(s) or representative(s) to access the Murphs' home for the purpose of dismantling and removing the ING 4727. The Murphs agree to execute all documents necessary to establish and record the

5                              LNA000698

aforementioned right of passage. This right of passage shall be effective for five (5) years from the date on which the Murphs transfer the Murphs' home to New Jourdan LLC or its assignee.

### 2.3 Indemnification

Arthur L. Murph, Jr. and Jeanne A. Church Murph, for themselves and on behalf of their minor daughter, Ariana Murph, agree to defend, save and hold harmless, and indemnify Lafarge North America Inc., their insurers, New Berkley LLC, New Jourdan LLC, Ingram Barge Company, Inc., and their respective past, present, and future officers, directors, attorneys, agents, servants, representatives, employees, subsidiaries, parents, insurers, affiliates, partners, predecessors and successors in interest, assigns, and all other persons and firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated, and any other Released Parties, of and from any and all claims, known and unknown, including any subrogation claims by insurers, that already have been or might hereafter be asserted by anyone against Lafarge North America Inc., its insurers, New Berkley LLC, New Jourdan LLC, and/or Ingram Barge Company, Inc., in any way related to the damage to the Murphs' home and/or the North Roman Property sustained in the aftermath of Hurricane Katrina on August 29, 2005 in any way related to the barge ING 4727.

### 2.4 Reservation of Rights

Lafarge North America Inc. and its interested insurers, New Berkley LLC, and New Jourdan LLC, in further consideration for having made the aforesaid payments to Arthur L. Murph, Jr. and Jeanne A. Church Murph set forth in Section 1 above, reserve any and all rights that they may have for reimbursement, indemnity, and/or contribution against Ingram Barge Company, Inc., the United States Army Corps of Engineers, the Board of Commissioners of the Port of New Orleans, the New Orleans Levee District, the New Orleans Sewerage & Water

LNA000699

Board, the Louisiana Department of Transportation & Development, the Lake Borgne Levee District, and any other parties that may be responsible, in whole or in part, for the claims asserted herein by Arthur L. Murph, Jr. and Jeanne A. Church Murph against Lafarge North America Inc. with respect to property damage and injuries allegedly sustained by the Murphs, arising out of Hurricane Katrina on August 29, 2005 when the Barge ING 4727 broke free from her moorings on the Industrial Canal and was swept through a breach in the floodwall, into the lower Ninth Ward.

### 3.0    Adequate Consideration – Denial of Liability

The Murphs acknowledge and agree that they accept payment of the sums that they have received in accordance with this Receipt, Release, and Settlement Agreement as a full, complete, final, and binding compromise of any and all claims in any way related to the barge ING 4727 and the Murphs' home, regardless of whether too much or too little may have been paid; the payment of any sum by Lafarge North America Inc., its insurers, New Jourdan LLC, New Berkley LLC, and/or Ingram Barge Company, Inc. shall not be considered an admission by any of them of any liability or wrongdoing; that such payment is made solely by way of compromise; and that no past or present wrongdoing on the part of Lafarge North America Inc., its insurers, New Jourdan LLC, New Berkley LLC, and/or Ingram Barge Company, Inc. or any other Released Party shall be implied by such payment or negotiation. In no event shall this Receipt, Release and Settlement Agreement, or any of its provisions or any negotiations or discussions relating to it, in any way be offered as, received as, used as, or deemed to be evidence of any kind of any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce its terms.

### 4.0    Representations

LNA000700

### 4.1    Non-representation

In entering into this Receipt, Release, and Settlement Agreement, the Murphs acknowledge and understand that Chaffe McCall, LLP, Sutterfield & Webb, and Goodwin Procter LLP do not represent them.  The Murphs further acknowledge and represent that they have had the opportunity to review these terms with independent legal counsel prior to the execution of this Receipt, Release, and Settlement Agreement, and that they are aware of the legal and tax consequences of this Receipt, Release, and Settlement Agreement.

### 4.2    Representation of Comprehension of Document

The Murphs further acknowledge and represent that they have read the terms of this document in full and understand and voluntarily accept them.

### 4.3    Representation regarding tax liability

The Murphs further acknowledge and agree that they shall remain liable for any tax consequences that they may incur as a result of the transactions described in this Receipt, Release, and Settlement Agreement, including personal income tax consequences.

### 5.0    Warranty of Capacity to Enter into and Execute Agreement

The Murphs represent and warrant that they are the sole parties entitled and authorized to enter into this Receipt, Release, and Settlement Agreement and to receive the settlement specified herein, and that no other persons or entities have or have had any interest in the claims, demands, obligations, or causes of action referred to in this Receipt, Release, and Settlement Agreement.  The Murphs further represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Receipt, Release, and Settlement Agreement.

LNA000701

REDACTED

**6.0    Governing Law**

This Receipt, Release, and Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana.

**7.0    Additional Documents**

The Murphs agree to cooperate fully and to execute any and all supplemental documents and to take all additional actions that may be necessary and/or appropriate to give full force and effect to the basic terms and intent of this Receipt, Release, and Settlement Agreement.

**8.0    Confidentiality**

8.1    The Murphs understand and agree that the terms of this Receipt, Release, and Settlement Agreement, the fact and the amount of the settlement they have received in accordance with this Receipt, Release, and Settlement Agreement, and all of the negotiations and discussions that they have had with Lafarge North America Inc., New Jourdan LLC, New Berkley LLC, and/or Ingram Barge Company, Inc., either directly or through their representatives and/or legal counsel, and whether verbal or written, shall forever remain completely confidential, except as disclosed by the public record through filings approved by Lafarge North America Inc. The Murphs further agree that in the event that they should be compelled by legal process to reveal the terms of this Receipt, Release, and Settlement Agreement, they shall first obtain the written permission of Lafarge North America Inc., New Jourdan LLC, and New Berkley LLC, which permission shall not unreasonably be withheld.

**8.2    Liquidated Damages**

In the event of breach by the Murphs, their executors, heirs, successors, assigns, and/or affiliates of the confidentiality provisions of this Receipt, Release, and Settlement Agreement, the Murphs shall be liable to pay liquidated damages in the total amount of

LNA000702

# REDACTED

to Lafarge North America Inc., its insurers, New Jourdan LLC, and/or New Berkley LLC. Such liquidated damages shall be secured by the collateral mortgage on the Berkley property in favor of New Berkley LLC; this collateral mortgage shall be cancelled by its holder five (5) years from the date of the closing on the Berkley property, absent any intervening breach of the terms of this Receipt, Release, and Settlement Agreement.

**9.0   Entire Agreement**

This Receipt, Release, and Settlement Agreement contains the entire agreement between the Murphs, Lafarge North America Inc., New Jourdan LLC, New Berkley LLC, and Ingram Barge Company, Inc. with regard to the matters set forth herein and shall be binding upon the executors, administrators, personal representatives, heirs, successors, assigns, affiliates, parents, and subsidiaries of the Murphs.

**10.0   Effectiveness**

This Receipt, Release, and Settlement Agreement shall become effective immediately following execution by the parties listed below:

LNA000703

WITNESSES:

_Shannon Helfrich_
Shannin Helfrich

_Arthur L. Murph Jr._
Arthur L. Murph, Jr.

_Parker Harrison_
Parker Harrison

_Jeanne A. Church-Murph_
Jeanne A. Church Murph

LAFARGE NORTH AMERICA INC.

_Robert B. Fisher Jr._
Robert B. Fisher, Jr.
*On behalf of Lafarge North America Inc.*
*And other Released parties*


Sworn to and subscribed before me this ___9th___ day of February, 2006.

_____
NOTARY PUBLIC

HARRY R. HOLLADAY.
NOTARY PUBLIC
STATE OF LOUISIANA
BAR ROLL #06950
COMMISSION EXPIRES AT DEATH

LNA000704

751277-1                                    11

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

ARTHUR L. MURPH, JR. AND JEANNE A. CHURCH MURPH

who, after being duly sworn, did depose and say:

That the attached and foregoing Receipt, Release and Final Settlement Agreement with Reservation of Rights has been read and reviewed by them;

That they fully understand and appreciate the foregoing words, terms, and their effects; they believe this is a fair and reasonable settlement of their claims; they understand that this is a full and final settlement of all claims that they or their heirs, successors or assigns have or may have arising directly or indirectly from or related to the barge ING 4727, including but not limited to alleged damages sustained by them and to their property at 1739 Jourdan Avenue, and/or their adjacent vacant lot at 4823-4825 North Roman Street in the City of New Orleans, on or about August 29, 2005 during Hurricane Katrina, when Ingram's Barge ING 4727 was swept through a breach in the Industrial Canal floodwall;

That they have executed this Receipt, Release and Final Settlement Agreement with Reservation of Rights, voluntarily, of their own free will and consent.

_____
ARTHUR L. MURPH, JR.

_____
JEANNE A. CHURCH MURPH

Sworn to and subscribed before me,
Notary, this ___ day of February, 2006.

_____
NOTARY PUBLIC
HARRY R. HOLLADAY
NOTARY PUBLIC
STATE OF LOUISIANA
751277-1        BAR ROLL #06950
COMMISSION EXPIRES AT DEATH

LNA000705