Westlaw.

Not Reported in F.Supp.2d                                                                                         Page 1
Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.))**


H Raspino v. JRL Enterprises, Inc.
E.D.La.,2002.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Louis A. RASPINO
v.
JRL ENTERPRISES, INC., et al
**No. CIV.A. 01-1720.**

March 25, 2002.

BARBIER, J.
**\*1** Before the Court are the following motions:

Defendants' Motion for Leave to Convert Affirmative Defense to Counterclaim (Rec.Doc. 38);

Plaintiff's Motion for Summary Judgment (Rec.Doc. 34); and

Defendants' Motion for Withdrawal of Deemed Admissions (Rec.Doc. 44).

All motions are opposed. The motions, set for hearing on March 27, 2002, are before the Court on briefs without oral argument.

I. *Motion for Leave to Convert Affirmative Defense to Counterclaim*

By this motion, defendants seek to file an entirely new counterclaim, despite the disingenuous manner in which the motion is styled. On September 10, 2001, this Court entered its scheduling order, requiring all counterclaims to be filed not later than October 8, 2001. Rec. Doc. 14. Now, more than five months beyond that cut-off, defendants seek to file a new counterclaim covering a new time period and containing new allegations. At the same time, defendants offer no justification for why the counterclaim was not brought sooner.

While the Court is cognizant of the liberal standard for allowing amendments reflected in Federal Rule 15, at the same time, this liberality is not without limits. Denial of leave to amend is appropriate in cases involving undue delay in bringing the amendment, or in cases where a late amendment will unduly prejudice opposing counsel. *Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir.1981)*.

After a review of the record, it is apparent to the Court that allowing defendants to file their late

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.))**

counterclaim will necessitate a new round of discovery, and very possibly, additional motion practice. This in turn would likely require a continuance of the May 20, 2002 trial date (less than two months away), to plaintiff's prejudice. In addition, it appears that defendants have unduly delayed in bringing the counterclaim, because it is not premised on newly discovered evidence unavailable at the time their original answer. Accordingly, the Court finds that leave for defendants to file their late counterclaim should be denied.

## II. *Motion for Summary Judgment*

Having reviewed the record, the memoranda of counsel, and applicable law, the Court finds that genuine issues of material fact are present which preclude summary judgment. Fed.R.Civ.P. 56.

## III. *Motion for Withdrawal of Deemed Admissions*

In this motion, defendants seek to withdraw admissions that plaintiff argues have been deemed admitted by virtue of defendants' failure to timely respond to the Second Request for Admissions propounded to plaintiff by defendants. Plaintiff opposes the motion arguing that if defendants are allowed to withdraw the admissions, he will be prejudiced due to the fact that he does not have time to complete discovery on the "piercing the corporateveil" issue (to which many of the deemed admissions were directed), prior to the expiration of the discovery deadline on April 28. Because he alleges that the withdrawal of the admissions would prejudice him, plaintiff argues that the standard for withdrawing admissions under Federal Rule 36 has not been met. As a further basis for denying defendants' motion, plaintiff complains that defendant has been uncooperative throughout discovery.

**\*2** Under Federal Rule 36(b), "the court may permit withdrawal or amendment [of deemed admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."*See also, In re Carney, 258 F.3d 415, 419 (5th Cir.2001).*

Based on its review of the record, the Court finds that plaintiff will not be unduly prejudiced by permitting withdrawal of the admissions, and further, that any hardship plaintiff does suffer could have been preempted by greater diligence on the part of plaintiff's counsel.

The exhibits filed in connection with defendants' motion reveal that on December 19, 2001, the date defendants' responses were due, defendants did indeed attempt to respond to plaintiff's discovery request, forwarding a cover letter referencing the responses to admissions as being enclosed and further noting that the responses were included in the 2.11 conference conducted the week before. Rec. Doc. 44, Exh. 2. By letter dated December 20, 2001, plaintiff's counsel informed defense counsel that the responses were not enclosed with the cover letter; defense counsel has provided an affidavit attesting that a second copy was shortly sent to plaintiff's counsel. *Id.,* Exhs. 3 & 4. Defense counsel further attested that in subsequent conversations with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.))**

plaintiff's counsel, no mention was made that the responses had not been received or were considered untimely; nor was the issue raised during a motion hearing before the Magistrate Judge on January 9, 2002.

On this record, it appears to the Court that plaintiff was on notice as of December 21 or 22 that the topics covered in the requests were in issue, and that discovery on those topics would be necessary. If plaintiff actually received the responses a few days after December 19 and considered them untimely, the proper course would have been to move to strike the responses as untimely. However, plaintiff did not move to strike or indicate in any way to defense counsel that there was a problem with the responses. Given this, it is unfathomable to the Court why plaintiff would not have undertaken discovery related to the question of piercing the corporate veil beginning in late 2001 or early 2002. At any rate, over a month remains until the close of discovery, and the Court considers this enough time for plaintiff to conduct necessary discovery on this issue. In the event that defense counsel is uncooperative, appropriate motions may be filed before the assigned Magistrate Judge. Accordingly,

IT IS ORDERED that defendants' Motion for Leave to Convert Affirmative Defense to Counterclaim (Rec.Doc. 38), should be and is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment (Rec.Doc. 34) should be and is hereby DENIED;

IT IS FURTHER ORDERED that defendants' Motion for Withdrawal of Deemed Admissions (Rec.Doc. 44), should be and is hereby GRANTED.

E.D.La.,2002.
Raspino v. JRL Enterprises, Inc.
Not Reported in F.Supp.2d, 2002 WL 465179 (E.D.La.)

END OF DOCUMENT



Date of Printing: JUN 03,2008

## KEYCITE

**H Raspino v. JRL Enterprises, Inc.,** **2002 WL 465179 (E.D.La., Mar 25, 2002) (NO. CIV.A. 01-1720)**

### History

### Direct History

=>        1 **Raspino v. JRL Enterprises, Inc.,** 2002 WL 465179 (E.D.La. Mar 25, 2002) (NO. CIV.A. 01-1720)

### Related References (U.S.A.)

H        2 Raspino v. JRL Enterprises, Inc., 2001 WL 845455 (E.D.La. Jul 25, 2001) (NO. CIV. A. 01-1720)

### Court Documents

### Trial Court Documents (U.S.A.)

**E.D.La. Trial Pleadings**

3 Louis A. RASPINO, Jr., Plaintiff, v. JRL ENTERPRISES, INC., Defendant., 2001 WL 34704881 (Trial Pleading) (E.D.La. Jun. 6, 2001) **Complaint for Damages** (NO. 01-1720)

4 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2001 WL 34704885 (Trial Pleading) (E.D.La. Aug. 13, 2001) **Answer** (NO. 01-1720)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

5 Louis A. RASPINO, Jr., Plaintiff, v. JRL ENTERPRISES, INC. and John R. Lee, Defendants., 2001 WL 34704886 (Trial Pleading) (E.D.La. Nov. 8, 2001) **First Amended Complaint for Damages** (NO. 01-1720)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

6 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2001 WL 34704888 (Trial Pleading) (E.D.La. Dec. 31, 2001) **Answer to First Amended Complaint for**

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

**Damages** (NO. 01-1720)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)


**E.D.La. Trial Motions, Memoranda and Affidavits**

7 Louis A. RASPINO, Plaintiffs, v. JRL ENTERPRISES, INC., Defendants., 2001 WL 34704883 (Trial Motion, Memorandum and Affidavit) (E.D.La. Jul. 10, 2001) **Plaintiff's Memorandum in Opposition to Motion to Dismiss** (NO. 01-1720) ORIGINAL IMAGE OF THIS DOCUMENT WITH APPENDIX (PDF)

8 Louis A. RASPINO, Plaintiffs, v. JRL ENTERPRISES, INC., Defendants., 2001 WL 34704884 (Trial Motion, Memorandum and Affidavit) (E.D.La. Jul. 16, 2001) **Plaintiff's Supplemental Memorandum in Opposition to Motion to Dismiss** (NO. 01-1720)

9 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2001 WL 34704887 (Trial Motion, Memorandum and Affidavit) (E.D.La. Dec. 31, 2001) **Memorandum in Opposition to Motion to Compel** (NO. 01-1720)

10 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2002 WL 32738252 (Trial Motion, Memorandum and Affidavit) (E.D.La. Mar. 18, 2002) **Memorandum in Opposition to Motion for Partial Summary Judgment** (NO. 01-1720)

11 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2002 WL 32738255 (Trial Motion, Memorandum and Affidavit) (E.D.La. Apr. 8, 2002) **Memorandum of Jrl Enterprises, Inc. and John R. Lee in Opposition to Plaintiff's Motion to Compel** (NO. 01-1720)

12 Louis A. RASPINO, Plaintiff, v. JRL ENTERPRISES, INC. & John R. Lee, Defendants., 2002 WL 32738257 (Trial Motion, Memorandum and Affidavit) (E.D.La. Apr. 17, 2002) **Memorandum in Opposition to Motion to Quash** (NO. 01-1720)

13 Louis A. RASPINO, v. JRL ENTERPRISES, INC., 2002 WL 32738259 (Trial Motion, Memorandum and Affidavit) (E.D.La. Aug. 15, 2002) **Memorandum in Opposition to Motion to Lift Seal** (NO. 01-1720) ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

14 Louis A. RASPINO, Jr., v. JRL ENTERPRISES, et al., 2002 WL 32738261 (Trial Motion, Memorandum and Affidavit) (E.D.La. Dec. 10, 2002) **Memorandum in Opposition to Motion to Compel** (NO. 01-1720)


**Dockets (U.S.A.)**


**E.D.La.**


© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

[15](#) RASPINO v. JRL ENTERPRISES INC, ET AL, NO. 2:01CV01720 (Docket) (E.D.La. Jun. 06, 2001)

## Citing References

### Positive Cases (U.S.A.)

### ★ Mentioned

**H**  [16](#) Taylor v. State Farm Fire and Cas. Co., 2007 WL 1087589, *2 (E.D.La. Apr 10, 2007) (NO. CIV.A.06 2609)

## Court Documents

### Trial Court Documents (U.S.A.)

**Trial Motions, Memoranda and Affidavits**

[17](#) UNICOM SYSTEMS, INC., a California corporation, Plaintiff, v. ELECTRONIC DATA SYSTEMS CORPORATION, et al., Defendants; Electronic Data Systems Corporation, et al., Counterclaimant, v. Unicom Systems, Inc., a California corporation, and Roes through 10, inclusive, Counterclaim Defendants., 2005 WL 5852999, *5852999 (Trial Motion, Memorandum and Affidavit) (C.D.Cal. Oct 26, 2005) **Notice of Hearing on Motion and Motion by ...** (NO. CV046716AHM, RZX) ★★

[18](#) Rita L. TAYLOR Wife of/and John S. Taylor, v. STATE FARM FIRE AND CASUALTY COMPANY., 2007 WL 2981483, *2981483+ (Trial Motion, Memorandum and Affidavit) (E.D.La. Apr 03, 2007) **Memorandum In Opposition to Plaintiffs' Motion ...** (NO. 206CV02609) ★★

[19](#) PROGRESSIVE GAMES, INC., Plaintiff, v. RIVERSIDE RESORT AND CASINO, INC., and D.J. Laughlin, Defendants; D.J. Laughlin, Counterclaimant, v. Progressive Games, Inc., and Mikohn, Counterclaim Defendants., 2002 WL 32976647, *32976647+ (Trial Motion, Memorandum and Affidavit) (D.Nev. Jul 19, 2002) **Memorandum of Points and Authorities in Support ...** (NO. CV-S-01-1397-RLH-RJJ) ★★

[20](#) Shelia Phillips NLEMADIM, Plaintiff, v. HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al., Defendants., 2006 WL 5326436, *5326436+ (Trial Motion, Memorandum and Affidavit) (N.D.Tex. Nov 20, 2006) **Plaintiff Shelia Phillips Nlemadim's Reply Brief ...** (NO. 306-CV-00057-N) ★★

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.