

Not Reported in F.Supp.  
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)  
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

Page 1

**H**Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.
E.D.La.,1998.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
WESTSIDE-MARRERO JEEP EAGLE, INC. et al.
v.
CHRYSLER CORPORATION, INC. et al.
**No. CIV. A. 97-3012.**

April 17, 1998.

WILKINSON, Magistrate J.

**\*1** Defendant Chrysler Corporation, Inc. ("Chrysler") has filed a motion for protective order regarding its former employee Alfred S. Stevens, Jr. Record Doc. No. 25. Chrysler seeks protection against plaintiffs' use of information obtained from Chrysler's former employee Stevens, a nonparty witness. Chrysler alleges that plaintiffs' counsel acted unethically by interviewing Stevens outside the presence of Chrysler's counsel, examining confidential and/or privileged documents held by Stevens and accepting from Stevens documents that he produced in response to plaintiffs' notice of records deposition and subpoena duces tecum without allowing Chrysler time to object to the production. For the following reasons, Chrysler's motion is GRANTED IN PART AND DENIED IN PART. As explained in detail below, plaintiffs' counsel must *immediately* provide to Chrysler's counsel copies of all documents that Stevens produced to plaintiffs.

Chrysler issued its own subpoena duces tecum to Stevens, seeking document production only. Plaintiffs have filed a motion to quash and/or for protective order to quash Chrysler's subpoena duces tecum to Stevens. Record Doc. No. 27. Chrysler opposes the motion. For the following reasons, plaintiffs' motion is GRANTED IN PART AND DENIED IN PART. As explained in detail below, Stevens must *immediately* provide to Chrysler's counsel copies of all documents responsive to Chrysler's subpoena duces tecum to him.

I. *FACTUAL BACKGROUND*

Plaintiffs Walter Thomas Stubbs and Kathleen Stubbs owned and operated plaintiff corporation Westside-Marrero Jeep Eagle, Inc. ("Westside"), an automobile dealership engaged in sales and service of Jeep-Eagle motor vehicles obtained from Chrysler. Plaintiffs allege various causes of action against defendants based on, among other things, Stevens' alleged extraction of cash payments from plaintiffs in exchange for an increase in Westside's allocation of new vehicles from Chrysler.

As a Chrysler management employee since at least 1991, Stevens was privy to Chrysler's proprietary and confidential information, including financial information about all dealers within Chrysler's "New Orleans Zone," which information Chrysler is contractually bound not to disclose. Stevens assisted Chrysler counsel in drafting agreements with dealers and in defending previous litigation between Chrysler and other dealers in the New Orleans Zone (the "*Dorsey* litigation").

Plaintiffs originally named Stevens as a defendant in the instant lawsuit. He continued to work for Chrysler for approximately one month after Chrysler received a copy of a draft of the suit, during which time he consulted with Chrysler counsel on several issues relating to its allegations. After Stevens resigned in mid-July 1997, he asked Chrysler to pay his attorney's fees to defend the suit and to indemnify him for any judgment. Chrysler refused his request in November 1997.

Stevens met with plaintiffs' counsel and gave them a sworn statement, recorded by a court reporter, in December 1997. Only plaintiffs, their counsel, Stevens, his personal counsel and the court reporter were present. At that meeting, Stevens apparently permitted plaintiffs' counsel to review documents he had obtained during his employment with Chrysler. In February 1998, plaintiffs voluntarily dismissed Stevens from this action.

**\*2** On March 5, 1998, plaintiffs served on Stevens a subpoena duces tecum, with a return date of March 16th, for 99 categories of Chrysler-related documents. Defendant's Exh. 1. On March 6th, Chrysler also served on Stevens a subpoena duces

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 13416-16   Filed 06/03/08   Page 2 of 7

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

tecum seeking eleven categories of documents, including documents exchanged between Stevens and plaintiffs, documents Stevens created or obtained in connection with his employment at Chrysler and Stevens' personal financial records. Record Doc. No. 24; Plaintiff's Exh. B.

When Chrysler's counsel received a copy of plaintiffs' subpoena to Stevens, they began preparing a motion for protective order to prevent disclosure of privileged and/or confidential information. They advised plaintiffs' counsel on Monday, March 9th that they intended to file such a motion. The next morning, six days before the return date on the subpoena duces tecum, Stevens produced the documents in his possession (the "Stevens documents") to plaintiffs' counsel, who accepted and reviewed them.

Plaintiffs' counsel advised defense counsel of the Stevens document production on the afternoon of March 10th. When Chrysler's counsel asked for copies of the documents, plaintiffs' counsel refused to provide any copies until after April 10, 1998, the date when Chrysler was due to respond to plaintiffs' request for production of documents to it. Plaintiffs also refused to produce to defendants a copy of Stevens' sworn statement on the ground that it is attorney work product. In their opposition memorandum, plaintiffs state that they are willing to produce the Stevens documents after Chrysler responds to their request for production of documents so that Chrysler cannot "tailor" its discovery responses based on its knowledge of what plaintiffs already know.

II. *PLAINTIFFS' MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER*

Plaintiffs have moved to quash the subpoena that Chrysler served on Stevens. They argue first that Stevens has no responsive documents because he has already turned over to plaintiffs' counsel the originals of all Chrysler-related documents responsive to the subpoena and he does not keep copies of the requested personal financial records. This argument is irrelevant and does not relieve Stevens of his obligation to respond to a subpoena. If he has no responsive documents, he must say so under oath and explain what happened to any responsive documents that he formerly possessed.

As to the specific document requests, plaintiffs object to Request Nos. 1 and 4, which seek all documents relating to any agreement, release or settlement between Stevens and any plaintiff, and all documents relating to any communications or meetings between Stevens and plaintiffs or their counsel concerning any issue of this lawsuit. Plaintiffs argue that settlement agreements and related documents are not discoverable because they are inadmissible as evidence to prove liability or invalidity of a claim under Fed.R.Evid. 408.

**\*3**Rule 408 provides that evidence of settlement agreements

is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. *This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness,* negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408 (emphasis added).

"Rule 408 is not an absolute ban on the admissibility of evidence that falls within its scope. Evidence of offers or acceptances of compromise ... are only inadmissible 'to prove liability for or invalidity of the claim or its amount.' If offered for some other purpose, the evidence is admissible," and obviously also discoverable. 23 *C.A. Wright & K.W. Graham, Federal Practice and Procedure § 5308 at 237-38 (1980).*

In this case, Chrysler is seeking evidence of any settlement agreements between plaintiffs and Stevens not for purposes of proving liability for or invalidity of the claims in this case but for other purposes, including, for example, to evaluate Stevens' possible bias, interest and credibility when he testifies. Discovery of settlement agreements is routinely permitted for such purposes. *Griffin v. Mashariki, No. 96 CIV 6400, 1997 WL 756914, at \*2 (S.D.N.Y. Dec.8, 1997)*; *Glaze v. G & B Marine, Inc., No. 95-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 13416-16   Filed 06/03/08   Page 3 of 7

Not Reported in F.Supp.  
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)  
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

Page 3

1845, 1997 WL 20738, at *1 (E.D.La. Jan.16, 1997) (Fallon, J.); *Securities & Exch. Comm'n v. Downe,* No. 92 Civ. 4092, 1994 WL 23141, at *6 (S.D.N.Y.1994); *Collins v. Coastline Constr., Inc.,* No. 92-16, 1992 WL 125328, at *3 (E.D.La. May 25, 1992) (Schwartz, J.); *Koch Indus., Inc. v. Columbia Gas Transmission Corp.,* No. 89-2156, 1990 WL 72789, at *2 (E.D.La. May 29, 1990) (Sear, J.) Accordingly, this objection is OVERRULED.

Request Nos. 2 and 3 ask Stevens to produce all documents that he has received from or provided to plaintiffs relating to or in connection with this lawsuit. As discussed in the next section of this order, Chrysler is entitled to receive all documents that Stevens has provided to plaintiffs. In addition to their argument that settlement agreements which may be covered by this request are not discoverable, which the Court has already rejected, plaintiffs object that Stevens' recorded statement to plaintiffs' counsel is attorney work product and therefore not discoverable absent the showing of hardship required by Fed.R.Civ.P. 26(b)(3).

The subject of this motion is a subpoena duces tecum to Stevens, not to plaintiffs or their counsel, representative, consultant or agent. If Stevens has a copy of the statement he provided to plaintiffs or of any other documents that were voluntarily provided to him by plaintiffs' counsel, the work product doctrine has been waived because Stevens is a nonparty witness, not a lawyer, representative, consultant or agent of plaintiffs. Accordingly, this objection is OVERRULED. Stevens must produce all documents responsive to this request.

**\*4** The motion to quash is GRANTED as to Request No. 5, which is overbroad and unduly burdensome in its present form.

As to Request No. 6, plaintiffs state that Stevens has no documents responsive to this request. If this is correct, then Stevens must say so under oath and explain what happened to any responsive documents that he once had. Plaintiffs' objection is OVERRULED. However, the time period of this request (from 1990 to the present) is overbroad. The allegations of the lawsuit focus on events that began in 1992. Accordingly, the time period of this request will be limited to 1992 to the present.

Request Nos. 7 through 10 seek Stevens' personal financial data from January 1, 1990 to the present. Plaintiffs object to these requests on several grounds, including Stevens' assertion that he does not retain copies of the requested documents, relevance, confidentiality, harassment and overbreadth in time. As previously stated, even if Stevens does not possess these documents, he is not relieved of the obligation of responding to the subpoena. If he has no responsive documents, he must say so under oath and explain what happened to the documents he once possessed.

In addition, plaintiffs have no interest in or standing to object to Request Nos. 7 through 10. Plaintiffs' counsel do not represent Stevens, and these requests seek purely personal information in which plaintiffs have no conceivable interest. Plaintiffs do not have standing to object to a subpoena duces tecum issued to a third party when they "have not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979); *accord Garrett v. Blanton,* No. 89-4367, 1993 WL 262697, at *5 (E.D.La. July 6, 1993) (Clement, J.); 9A C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 2459, at 41 & cases cited nn. 15, 16 (2d ed. 1997) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought."). Accordingly, plaintiffs' objections to these requests are OVERRULED. However, the Court again believes that the time period of the requests is overbroad and will limit the time period to January 1, 1992 to the present.

Finally, Request No. 11 seeks all documents relating to monies paid or items of value given or promised to Stevens or on his behalf by plaintiffs or persons acting on their behalf. Plaintiffs object that this request is unlimited in time and seeks irrelevant information. Like the settlement agreements, this request is relevant to Stevens' possible interest, bias and credibility. The unlimited time period is not unreasonable because defendant can have no idea what the relevant time period might be. Plaintiffs' objections to this request are OVERRULED. Accordingly, IT IS ORDERED that Stevens must produce to Chrysler's counsel *immediately* all documents in his possession that are responsive to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW    Document 13416-16    Filed 06/03/08    Page 4 of 7

Not Reported in F.Supp.                                                                                                           Page 4
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

Chrysler's subpoena duces tecum.

**\*5** IT IS FURTHER ORDERED that Stevens must appear to be deposed by Chrysler's counsel in the Michelle Pitard Wynne Attorney Conference Center, Room 364, 501 Magazine St., New Orleans, LA 70130, on Friday, May 1, 1998 at 2:00 p.m. Counsel for Chrysler must serve Stevens with a new subpoena, together with a copy of this order, *immediately* upon receipt of this order. This deposition is limited to questions necessary to clarify the nature and extent of Stevens' responses to Chrysler's subpoena and the presence or absence of documents in or from his subpoena response. The deposition will not be his testimonial deposition for all purposes, nor will it be considered a separate and distinct deposition for the purposes of Fed.R.Civ.P. 30(a)(2)(A) and (B). At the conclusion of the deposition, Chrysler's counsel, plaintiffs' counsel and Stevens' personal counsel must instruct Stevens on the meaning of the attorney/client privilege, the work product doctrine, trial preparation materials and confidential and proprietary information, for the purposes and reasons set out in the remainder of this minute entry. Counsel for all parties and the witness may vary the date, time and location of the deposition, but only upon written stipulation signed by all parties and the witness.

III. *CHRYSLER'S MOTION FOR PROTECTIVE ORDER*

A. *Plaintiffs' Ex Parte Contacts with Stevens Are Permissible*

Defendant contends that Stevens, a former, long-term management employee, has substantial information and possesses documents obtained from Chrysler during his employment that should be immune from disclosure under the attorney/client privilege and/or the work product doctrine, or should be protected from dissemination outside the confines of this litigation because they are confidential or proprietary.[FN1] Chrysler argues that, given Stevens' extensive involvement in defending the *Dorsey* litigation, his approximately one-month involvement in Chrysler's investigation of the allegations of the instant lawsuit and his substantial knowledge of both privileged and confidential information about Chrysler operations, he should not be permitted to communicate with plaintiffs' counsel outside the presence of defendant's counsel because of the serious risk of disclosure of such information.

> [FN1.] The parties have been unable to agree on all the terms of a protective order to protect confidential and proprietary information. Chrysler has moved for entry of a proposed protective order and plaintiffs have responded with their own proposed order. That motion will be addressed in a separate minute entry.

Defendant correctly states that Stevens, a former employee, has no authority to waive Chrysler's attorney/client privilege or work product protection, which still attach to information and documents in his possession after he left the company. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). However, there is no ethical prohibition preventing plaintiffs' counsel from interviewing Stevens or examining his documents, provided that counsel do not inquire into privileged areas.

Federal judges sitting in Louisiana have uniformly held that Louisiana's professional conduct rules, which prohibit a litigant's counsel from communicating with employees of a represented opponent without consent of the opposing lawyer,[FN2] do not prohibit such communications with *former* employees. *Barron Builders & Mgmt. Co.,* No. 96-2921, 1997 WL 685352, at \*4 (E.D.La. Oct.31, 1997) (Lemelle, M.J.); *Jenkins v. Wal-Mart Stores, Inc.,* No. 96-2220, 1997 WL 87617, at \*2 (W.D.La. Feb.27, 1997) (Wilson, M.J.); *Lirette v. Delchamps Inc.,* No. 95-4086, 1996 WL 267991, at \*2 (E.D.La. May 20, 1996) (Carr, J.); *In re Torch, Inc.,* No. 94-3200, 1996 WL 185765, at \*4 (E.D.La. Apr. 16, 1996) (Duval, J.); *Seitel Geophysical, Inc. v. Greenhill Petroleum Corp.,* No. 95-1648, 1995 WL 686754, at \*3 (E.D.La. Nov.17, 1995) (Berrigan, J.). The only Louisiana state appellate case on point that I have been able to locate has reached the same conclusion. *Schmidt v. Gregorio,* 705 So.2d 742, 744 (La.App. 2d Cir.1993).[FN3]

> [FN2.] Rule 4.2 of the Louisiana Code of Professional Conduct provides:
>
> > In representing a client, a lawyer shall not communicate about the subject of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 13416-16   Filed 06/03/08   Page 5 of 7

Not Reported in F.Supp.   Page 5
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. A lawyer shall not effect the prohibited communication through a third party, including the lawyer's client.

FN3. This opinion was withdrawn from publication by a five-judge rehearing panel in 1993. The opinion was published in 1997 over the strong dissent of Judge Hightower. Judge Hightower noted that the defendant, who had protested at the trial level the contacts of plaintiffs' counsel with defendant's ex-employees, had never filed a brief in opposition to the plaintiffs' application for writs because the underlying case had settled while the writ application was pending. *Id.* at 744 (Hightower, J., dissenting). Because the appellate court had addressed this issue of first impression without a truly adversarial proceeding, the five-judge rehearing panel voted in 1993 to recall the opinion from publication. *Id.* In 1997, Judge Hightower wrote:

> Now, several years later, in response to yet another request to reconsider publication, and even in the absence of two members of the rehearing panel who have departed this court, that earlier decision not to publish has been revisited and abrogated by two of the remaining three judges. This action not only disregards the earlier careful deliberations in that regard, but also breaks faith with the litigants, viz., the defendant-respondent, in their reliance upon the finality of our previous determination. Obviously, no judicial body should operate in such a fashion.

*Id.* at 745. The precedential value of this Second Circuit opinion appears weakened in the face of Judge Hightower's vigorous dissent. I can locate no other Louisiana state appeal court decision that has addressed the issue.

*6 Rule 4.2 of the Louisiana Code of Professional Conduct, like its identical counterpart in the ABA Model Rules, is designed both to prevent disclosure of attorney/client communications and to protect an entity from "liability-creating" statements elicited by a skilled opposing attorney from the entity's agent/employees. *Jenkins, 956 F.Supp. 695, 1997 WL 87617, at *1*. Those concerns are largely, if not entirely, absent in the case of current statements by former employees; therefore, the ban on ex parte communications with current employees is not extended to former employees. *Id.; accord In re Torch, Inc., 1996 WL 185765, at *4;Lirette, 1996 WL 267991, at *2* (noting that a great majority of district courts addressing this issue agree); American Bar Ass'n Formal Opin. 91-359 (Mar. 22, 1991), *quoted in In re Torch. Inc., 1996 WL 185765, at *4*.

Chrysler persuasively argues that a fairly high risk exists that Stevens, who is presumably hostile to Chrysler and who had access to considerable attorney/client privileged [FN4] and confidential information during his years in Chrysler management, may have jeopardized Chrysler's interests in preserving its privileges and in ensuring that its confidential information is not disclosed except as necessary for this litigation and as protected by an appropriate protective order. Nonetheless, considering (1) the uniformity of opinion in Louisiana cases that the rules of professional conduct do not prohibit communications with ex-employees; (2) the presumption that counsel for plaintiffs, like all counsel appearing before this Court, will act in accordance with their ethical obligations concerning Chrysler's privileged, work product and confidential information; and (3) the Court's ability to craft an order designed to ameliorate the risk that Stevens will disclose privileged or otherwise confidential information, Chrysler's motion will be denied at present, unless and until evidence establishes that these measures will not suffice.

> FN4. Defendant has submitted the declarations of its attorneys and upper level managers that Stevens was involved in drafting agreements, assisting Chrysler's attorneys with strategy on business decisions and assisting them with defense of the *Dorsey* litigation and the instant case. Defendant's Exh. 2, declaration of William C. Glaub; Defendant's Exh. 3, declaration of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 13416-16   Filed 06/03/08   Page 6 of 7

Not Reported in F.Supp.  
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)  
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

Page 6

> Mark F. Kennedy; Defendant's Exh. 4, declaration of Edward H. Weeby. Plaintiffs have submitted the affidavit of Stevens, in which he admits working with Chrysler's attorneys and providing them with factual information but denies that he was privy to their legal strategies, advice or opinions. Plaintiff's Exh. A, affidavit of Stevens.

Accordingly, Chrysler's motion for protective order is DENIED insofar as it seeks (1) to prohibit plaintiffs' counsel from contacting Stevens, (2) to obtain *from plaintiffs* copies of Stevens' sworn statement and other communications with plaintiffs' counsel, and (3) sanctions based on prior contacts. Before any future contact between Stevens and plaintiffs or their counsel, however, the Court HEREBY ORDERS that (1) plaintiffs' counsel must instruct Stevens that Stevens must not discuss with or produce to plaintiffs or their counsel, consultants, agents or other representatives any information that is trial preparation material or is conceivably protected by the attorney/client privilege, the work product doctrine or Chrysler's interest in preserving the confidentiality of its and its dealers' proprietary or confidential information; (2) Stevens must consult with his own attorney or Chrysler's attorney before revealing any information that might conceivably be protected by the attorney/client privilege or the work product doctrine; and (3) plaintiffs' counsel must immediately return to Stevens and advise Chrysler of any information that Stevens might hereafter reveal to them that is covered by the attorney/client privilege or work product doctrine.[FN5]

> [FN5.] Plaintiffs have represented to the Court that they did not receive any such protected information in the Stevens documents or his sworn statement and Stevens has represented that he did not give plaintiffs any documents which *he believed* were subject to an attorney/client privilege or were proprietary. Plaintiff's Exh. A, Stevens affidavit, ¶¶ 21-25. Stevens' belief in this regard must be tested for accuracy.

**\*7** However, Chrysler's motion is GRANTED IN PART as follows.

B. *Plaintiffs Must Immediately Produce the Stevens Documents to Chrysler*

Although plaintiffs' counsel are not ethically prohibited from talking with Stevens, their conduct in accepting and reviewing documents from him on the morning after Chrysler's counsel had advised them that Chrysler would file a motion seeking to prevent production of the documents is unacceptable. Rule 45(b)(1) expressly requires that notice of a subpoena duces tecum be given to all parties, and the Official Comment to the rule states that the "purpose of such notice is to afford other parties an opportunity to object to the production or inspection." Fed.R.Civ.P. 45(b)(1) & Advisory Committee note to 1991 Amendment, subdivision (b). Chrysler is entitled to time to assert its objections to Stevens' provision of documents to plaintiffs that may be absolutely protected from disclosure by the attorney/client privilege or qualifiedly protected by the work product doctrine, Fed.R.Civ.P. 26(b)(3), or a legitimate need to protect proprietary information. In this case, plaintiffs have subverted the discovery process and perhaps the fairness of this proceeding by accepting early delivery of and reviewing documents they may have no right to see and by refusing to provide copies of the documents to Chrysler upon request.

At this point, Chrysler has been deprived of its opportunity to assert its objections in the manner required by Fed.R.Civ.P. 26(b)(5) and/or 45(c)(3)(A)(iii) and (B)(ii) because, as a direct result of plaintiffs' machinations, it has not seen the Stevens documents. Plaintiffs cite neither law nor facts to support their offensive suggestion that they can withhold the documents because Chrysler might "tailor" its discovery responses if it receives the documents before it responds.[FN6] Accordingly, Chrysler's motion is GRANTED as to the Stevens documents.

> [FN6.] The alleged "facts" that plaintiffs cite to support their suspicions are uniformly innocuous and do not bear repeating.

IT IS ORDERED that plaintiffs and/or their counsel must produce to Chrysler *immediately* upon receipt of this order complete copies of all documents provided to them by Stevens. IT IS FURTHER ORDERED that plaintiffs and/or their counsel, agents or other representatives are PROHIBITED from disseminating copies of or disclosing the contents of any of the Stevens documents to anyone other than

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 13416-16   Filed 06/03/08   Page 7 of 7

Not Reported in F.Supp.  Page 7
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)
**(Cite as: Not Reported in F.Supp., 1998 WL 186705 (E.D.La.))**

parties to this litigation and their counsel until such time as the Court enters a protective order, at which time the documents will be subject to that order.

IT IS FURTHER ORDERED that Chrysler must advise the Court in writing on or before May 4, 1998 whether it considers any of the Stevens documents to be privileged or attorney work product. If so, Chrysler must compile a "privilege log" of the sort contemplated by Fed.R.Civ.P. 26(b)(5), submit it to plaintiffs and the Court in conjunction with a renewed motion for protective order and submit the disputed documents to the Court for in camera review. IT IS FURTHER ORDERED that plaintiffs, who have already seen the documents, may not reveal the contents of any such documents either in their memoranda in opposition to such a motion or otherwise until the Court rules on Chrysler's motion.

**\*8** As to any of the Stevens documents that Chrysler considers proprietary or confidential, Chrysler must compile a list of those documents and submit it to plaintiffs with a request that the originals and any copies in plaintiffs' possession be marked in accordance with the protective order which will be entered in this matter by separate order. IT IS ORDERED that all such designated documents are subject to the protective order according to its terms.

E.D.La.,1998.
Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.
Not Reported in F.Supp., 1998 WL 186705 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.