UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.  05-4182 "K"(2)  JUDGE DUVAL  MAG. WILKINSON |
| PERTAINS TO: | | |
| MRGO | | |
| FILED IN: 05-4181, 05-4182, 05-5237, 05-6073, 05-5314, 05-6324, 05-6327, 06-0225, 06-0886 06-1885, 06-2152, 06-2278, 06-2287, 06-2824, 06-4024, 06-4065, 06-4066, 06-4389, 06-4634, 06-4931, 06-5032 06-5155, 06-5159, 06-5161, 06-5260, 06-5162, 06-5771, 07-0206, 07-0621, 07-1073, 07-1271, 07-1285 | | |

**OPPOSITION TO DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC. AND THE UNITED STATES' JOINT MOTION TO STRIKE ADDITIONAL SUB-CLASS REPRESENTATIVES FROM PARAGRAPH 13.B OF AMENDED MRGO MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes the MRGO PSLC, which opposes the defendant Washington Group International, Inc. ("WGI") and the United States' Joint Motion to Strike Additional sub-class representatives from paragraph 13.B of the Amended MRGO Master Consolidated Class Action Complaint, for the following reasons:

I.

**FACTS**

In compliance with Case Management Order No. 4 (CMO No. 4) and its subsequent amendments, the MRGO PSLC produced its expert reports in July of 2007. In particular, the

reports developed by the experts from the Delft University in the Netherlands allowed for the visualization of the scope of flooding from the various levee failures.  At this time, it could be determined that Paris Road would be a high ground area that would provide a clear line of demarcation for the area.  As a single class action for the MRGO PSLC, the entirety of the area could be utilized as the subject class, with only the Government as a defendant for the area east of Paris Road, and both the Government and WGI as defendants west of Paris Road.

However, the "landscape" of the litigation changed dramatically when the Barge litigation was brought under the Katrina levee breach umbrella.  It ultimately became apparent that the Barge plaintiffs would be seeking to certify a class of individuals whose damaged property addresses would fall west of Paris Road. In essence, the Barge plaintiffs would be seeking to certify a heretofore unnecessary subclass of the MRGO litigation.

In evaluating the logistics of litigating two substantial class action proceedings with overlapping yet competing interests, it becomes necessary to evaluate the scope of harm to two areas; the area west of Paris Road that encompasses the Lower Ninth Ward and a portion of St. Bernard Parish, and the area east of Paris Road that includes the remaining portion of St. Bernard Parish.  In order to do so, the MRGO PSLC now needed, for the first time, class representatives for the area east of Paris Road.

Shortly thereafter, the Court entered its January 30, 2008 Order (Rec. Doc. 10984) requiring the Plaintiffs to amend the MRGO Master Complaint.  As a result, the MRGO PSLC timely filed its Amended Complaint adding the names of the witnesses at issue on February 28, 2008. These witnesses are Dixon Smith, Patricia Boutwell, James Godrey and Kathryn Godfrey. Each person listed has a damaged property address that lies east of Paris Road.

It should be noted that James and Kathryn Godfrey are husband and wife with the same damaged property address; and Dixon Smith lives less than one mile north of the Godfreys. Patricia Boutwell, whose damaged property was at 3601 Ventura Drive, lives just one block away from Tanya Smith, a named plaintiff in the Robinson Complaint. (Norman Robinson, et. al. v. The United States of America, USDC, EDLA, No. 06-2268).

## II.

## LAW

### A.   *WGI HAS NO STANDING TO COMPLAIN*

The Amended MRGO Master Consolidated Class Action Complain does not amend any of the allegations previously set forth in the MRGO Master Consolidated Class Action Complaint. It simply adds individuals whose damage property addresses lie east of Paris Road. The allegations against WGI concern the failures of the flood walls at the Industrial Canal adjacent to the Lower Ninth Ward, with evidence of the scope of flooding from those flood wall failures extending to Paris Road. Therefore, WGI has no standing to complain because the added plaintiffs do not affect WGI in any way.

### B.   *THE GOVERNMENT CANNOT SHOW IT IS SUBSTANTIALLY PREJUDICED BY THE AMENDED COMPLAINT*

It is well settled that the court is guided by Federal Rules of Civil Procedure, Rule 16 in the context of amending pleadings once a scheduling order deadline has expired. The court must consider "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice. " Reliance Ins. Co. v. La. Land &

Exploration Co., 110 F.3d 253, 257 (5th Cir.1997) (quoting Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir.1990). Accordingly, the movant must show "good cause" to modify the scheduling order; once shown, the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave, which provides that leave to amend "shall be freely given when justice so requires." FRCP, Rule16(b); S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533 ( 5h Cir.(Tex.) 2003).

     The MRGO PSLC was able to determine, only after their own experts were able to conclusively establish the scope and extent of flooding from each identified levee failure, that Paris Road was a likely high ground barrier to limit the commingling of flood waters from areas east and west of Paris Road. With the incorporation of the Barge litigation, a need for class representatives from the area east of Paris Road arose for the first time. By chance, no class representatives had been identified from that area. Therefore, in order to allow the orderly progression of combined trials incorporating the allegations of the Barge plaintiffs and defendant, it became essential for the claimants whose property lies east of Paris Road to have a representaive for their claims. By adding the four new class representatives, the MRGO PSLC is assuring the adequate representation of that area while still allowing for the combined trials of the MRGO and Barge litigations.

     The Government is not as prejudiced by this amendment as it would have the court believe. The Government has been actively defending the Robinson case, *supra*, from its inception. The Robinson case has as a named plaintiff Tanya Smith, whose damaged property address is located at 3920 Despaux Drive in Chalmette/ Mereaux, Louisiana. This location lies east of Paris Road as well. As a result, the Government has already performed its expert

-4-

evaluations for this area.  The sole remaining task for the Government in preparation for a class certification hearing is to evaluate the claims of the four proposed class members for specific class certification issues.

As indicated above, the expert reports detailing the scope of flooding from the identified breaches were produced in July of 2007.  The Amended MRGO Master Consolidated Class Action Complaint was filed and served on February 28, 2008.  The Government then waited over two (2) months to file the instant Motion to Strike.  Now it still has over two (2) months (until August 28, 2008) to complete any discovery it needs for the December 9, 2008 class certification hearing.

The MRGO PSLC has good cause to file the Amended MRGO Master Consolidated Class Action Complaint in the manner it did.  As a result, the Court would be guided by the more liberal standard of FRCP, Rule 15(a) in granting leave to file the Amended Complaint.  Therefore, the Motion to Strike should be denied.

### III.

### CONCLUSION

In order to accomodate the unique circumstances involving the incorporated trials of two similar yet divergent class actions, the MRGO PSLC is required to informally identify two "subclasses" of individuals to adequately represent the interests of two distinct areas. The first area lying west of Paris Road in St. Bernard Parish will include as defendants the Government and WGI, and will track a class similar to the Barge case.  The second area will cover the area of St. Bernard Parish east of Paris Road.

Because the need for more class representatives from the area east of Paris Road arose only recently, the MRGO PSLC followed the directives of the Court's Order of January 30, 2008

to file its Amended Complaint. This amendment in no affects or prejudices WGI. The amended pleading only involves the Government, which will not be substantially prejudiced because it has already been heavily involved in expert evaluations of the area via the <u>Robinson</u> case; plus there is ample time for the Government to complete the minimal discovery necessary to prepare for the December 9, 2008 class certification hearing.

As such, the Washington Group International, Inc. ("WGI") and the United States' Joint Motion to Strike Additional sub-class representatives from paragraph 13.B of the Amended MRGO Master Consolidated Class Action Complaint should be denied.

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 3rd day of June, 2008.

     /s/ Joseph M. Bruno

     Joseph M. Bruno