UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*      05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*        06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*      06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*         07-5178 | * | |
| | * | |

## BARGE PLAINTIFFS' OPPOSITION TO DEFENDANT LAFARGE NORTH AMERICA'S MOTION TO QUASH PLAINTIFFS' APRIL 30, 2008, DEPOSITION NOTICE AND DOCUMENT DEMAND TO CENTANNI INVESTIGATIVE AGENCY

This matter comes before the Court on defendant Lafarge North America's Motion to Quash Plaintiffs' April 30, 2008, Deposition Notice and Document Demand to Centanni Investigative low (doc. # 13281).

Plaintiffs hereby narrow their topics and demands, and suspend the former topics and demands, to avoid any issues as to which defendant may assert a colorable work-product privilege claim, as explained below. As narrowed, plaintiffs oppose defendant Lafarge's Motion.

Plaintiffs have also set forth reasonable conditions under which they would re-notice the deposition, reinstate the broader demands, and seek a ruling from the Court.

    A.    **Reasons for Narrowing the Issues and Suspending Topics and Demands**

The discovery requests at issue cover matters involving defendant Lafarge North America,

Inc.'s work-product objections, but were originally framed and served prior to the May 14, 2008, Order and Reasons on Motions (doc. # 13149) covering work-product privilege among other matters. Plaintiffs have a pending appeal (doc. # 13347) from that ruling, which when decided may also address the permissible scope of work-product privilege.  In this regard, plaintiffs also intend to file shortly a motion to bar Lafarge and its privies from further unconsented contacts with putative class members, based on  abuses and on Lafarge's thefts of clocks and watches from the dwellings, structures, and property of putative class members, and in connection with that motion will seek a declaration that the crime-fraud exception to privilege applies to Centanni's work and communications in this case.

Plaintiffs believe that in the interests of judicial efficiency these matters should be determined before revisiting work-product privilege questions in connection with discovery related to Centanni.

**B.** **Failure of Agreement**

Plaintiffs proposed this narrowing of the issues to Lafarge on June 2, 2008.[1]  Defendant rejected it.[2]

**C.** **The Narrowing of Issues**

**1.** **Narrowing of the Issues**

Barge plaintiffs hereby suspend and/or narrow the demands for documents and things as listed below:

**(a)** **Topics**

All topics listed would be suspended except to the extent provided below in narrowed form.  The parties would proceed now on the narrowed topics, which do not involve claims of

---

[1] See Exhibit 1 hereto, the June 2, 2008, letter from Brian Gilbert to Derek Walker, with attached draft Consent Order.

work-product privilege:

    (a) The signs posted by Centanni, and the names, addresses, telephone numbers, and dates of contact with persons who responded to the local or toll-free numbers on the signs posted by Centanni, to the extent that the persons were not interviewed with the interviews already provided to plaintiffs.  Questions would be restricted to these topics, and will not cover the instructions of counsel to Centanni with respect to the signs or setting up the contacts, or reports made by Centanni to counsel.

    (b) Physical evidence not originally belonging to LaFarge North America, Inc., that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts.  Questions would be restricted to the topics of the physical evidence itself, and not the instructions of counsel to Centanni with respect to acquiring or holding or storing such evidence or reports made by Centanni to counsel.

    **(b)**    **Documents and Things**

All demands listed would be suspended except to the extent provided below in narrowed form.  The parties would proceed now on the narrowed demands, which do not involve claims of work-product privilege:

    (a) Names, addresses, telephone numbers, and dates of contact of persons who called the local or toll-free numbers on the signs posted by Centanni, to the extent not interviewed and not already provided to plaintiffs.

---

[2] See Exhibit 2 hereto, the June 3, 2008, letter from Derek Walker to Brian Gilbert.

3

(b) Physical evidence not originally belonging to LaFarge North America, Inc.—and not created by LaFarge North America, Inc., its counsel, or their investigators—that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts. This includes but is not limited to videos, photographs, and witness-created written accounts other than the recorded interviews.

### 2. Conditions for Possible Reinstatement of the Issues

The suspended topics and demands for documents and things are subject to reinstatement (1) in the event that Judge Duval clarifies the scope of work-product privilege in deciding the appeal or any other matter in this action, or (2) if LaFarge or any other party adds Centanni investigators or officials to its witness list, or (3) if LaFarge or any other party seeks to put any Centanni statements or compilations of Centanni statements into the record of a trial, or (4) if LaFarge or any other party seeks to present testimony of a Centanni investigator or official to impeach an interviewee at trial.

In the event that any of the second through fourth events occur, Barge plaintiffs would seek immediate leave of the Court to take the depositions of Centanni and of the investigator. In the event that any of the third through fourth events occur, Barge plaintiffs would seek immediate leave of the Court to be able to take the depositions of Centanni and of the investigator and get a transcript back before the evidentiary submission is made.

### D. Argument

Plaintiffs want to preserve their rights while avoiding any need for this Court to re-visit previously-decided issues of work-product privilege in advance of possible clarification from Judge Duval. In the event that Judge Duval does not alter this Court's prior rulings or make any new

rulings, plaintiffs will have nothing to raise before this Court.  In the event that Judge Duval provides any clarification that warrants an expansion or resumption of topics or document demands, the appropriate time to address the clarification is after it is made.

In the meantime, defendant is the only party in possession of contact information for putative class members or other witnesses who contacted it at its toll-free numbers, but who were not interviewed and whose contact information has not already been produced.

Centanni also requested potential interviewees to turn over irreplaceable physical evidence.[3] To the extent that Centanni took possession of irreplaceable physical evidence such as photographs, videotapes, journals, or stopped clocks from interviewees, that information may now exist only in Centanni's or counsel's hands.  Plaintiffs have a right to such evidence, in order to have a fair opportunity to prosecute their claims.  There can be no question of work-product privilege as to these materials.  If there are no such materials, Centanni can simply so state.  Compliance with this request does not impose any undue burden.

Finally, plaintiffs submit that it would be proper to seek leave of the Court to depose Centanni officials or investigators in the event that Lafarge or other parties place Centanni officials or investigators on their witness lists, or call them to impeach a witness, or seek to place the fruits of Centanni's endeavors into evidence.  Such efforts would open the door to questions as to how the statements were obtained, how the interviewees' questions to the interviewers were to be answered, and how the questions were to be steered to cover or bypass particular areas.  The factfinder would need to know such information in order to evaluate the testimony of the Centanni official or investigator or the product of their work.  In *United States v. Nobles*, 422 U.S. 225, 239-40 (1975), a

---

[3] The signs posted by Centanni in the Lower Ninth Ward requested photographs and videos of

criminal case, the Court stated:

> The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived.  Here respondent sought to adduce the testimony of the investigator and contrast his recollection of the contested statements with that of the prosecution's witnesses. Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony.  Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.

(Footnote and citation omitted.)  *Schwegmann Westside Expressway, Inc. v. Kmart Corp.*, 1995 WL 510071 (E.D. La. August 25, 1995) (No. CIV. A. 94-2095), applied this doctrine in a civil case and held at p. *6 that plaintiff waived work-product privilege for all underlying documents when it submitted the affidavit of its real-estate counsel in the litigation.[4]  *Southern Scrap Material Co. v. Fleming*, 2003 WL 21474516 (E.D. La. June 18, 2003) (No. CIV. A. 01-2554),[5] also applied the doctrine in a civil case and stated that "a general subject-matter waiver of work-product immunity is warranted only when the facts relevant to a narrow issue are in dispute and have been disclosed in such a way that it would be unfair to deny the other party access to facts relevant to the same subject matter."   "[C]ourts have recognized subject-matter waiver of work-product in instances where a party deliberately disclosed work product in order to gain a tactical advantage and in instances where a party made testimonial use of work-product and then attempted to invoke the work-product doctrine to avoid cross-examination."

Similarly, the Fifth Circuit has held as to attorney-client privilege: "The great weight of authority holds that the attorney-client privilege is waived when a litigant 'place[s] information

---

the breaking of the levee.  See Exhibit 3 hereto.
  [4] A copy is attached as Exhibit 4.
  [5] A copy is attached as Exhibit 5.

protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).

Plaintiffs cite these authorities only to demonstrate that the events that may trigger an effort to seek leave of court are reasonable. Because they have not arisen and may never arise, there is no need to resolve them now.

Plaintiffs pray that defendant's Motion be denied under the terms set forth above. A proposed form of Order is attached.

Respectfully submitted,

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235
    Facsimile:  212-398-1532
    e-mail: a.fuchsberg@fuchsberg.com,
    l.kelmachter@fuchsberg.com

Dated: June 3, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by ECF upload, or by facsimile or e-mail or First Class mail, this 3rd day of June, 2008.

/s/ Richard T. Seymour
Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
  Voice: 202-862-4320
  Cell:   202-549-1454
 Facsimile:  800-805-1065 and 202-828-4130
 e-mail: rick@rickseymourlaw.net