# Law Office of Brian A. Gilbert, P.L.C.
## 821 Baronne Street
## New Orleans, Louisiana 70113

Telephone (504) 885-7700                                         bgilbert@briangilbertlaw.com
Telephone (504) 581-6180
Facsimile   (504) 581-4336


June 2, 2008


Derek A. Walker, Esq.
Chaffe Mcall
1100 Poydras Street, Suite 2300
New Orleans, LA   70163


          Re:   In re Katrina Canal Breaches, USDC, EDLA, No. 05-4182, Section "K"(2)

Dear Derek:

Barge plaintiffs are proposing a resolution of our April 30, 2008, Notice of Rule 30(b)(6) Deposition with Records Production, and of the parts of our May 29, 2008, Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition of LaFarge North America, Inc., dealing with Centanni's interactions with witnesses and property in the Lower Ninth Ward and the rest of the Class Area.

    Our April 30 subpoena was issued before Magistrate Judge Wilkinson's May 15 Order and its rulings on work-product privilege, and of course before our appeal from that Order.  It seems to us to make sense to suspend anything involving privilege objections and to let that appeal run its course.  We do not know if Judge Duval's Order or some other order will get into all these matters, but we can talk about the extent to which the law of the case has been clarified after an order comes down.

    Our April 30, 2008, subpoena was also issued before we received some of the information in question.

    Accordingly, Barge plaintiffs are hereby suspending the topics and demands for documents and things listed in the next paragraph, subject to reinstatement (1) after Judge Duval decides the appeal or any other matter involving the scope of work-product privilege in this

**Derek Walker, Esq.**
**June 2, 2008**
**P. 2**

action, or (2) if LaFarge adds any Centanni investigators or officials to its witness list, or (3) if LaFarge seeks to put any Centanni statements or compilations of Centanni statements into the record of a trial, or (4) if LaFarge seeks to present testimony of a Centanni investigator or official to impeach an interviewee at trial. In the event that any of the second through fourth events occur, Barge plaintiffs would want to take the depositions of Centanni and of the investigator. In the event that any of the third through fourth events occur, Barge plaintiffs would need enough notice to be able to take the depositions of Centanni and of the investigator and get a transcript back before the evidentiary submission is made.

     We have put these conditions into the attached proposed Consent Order. If we cannot reach agreement, these are the terms we will propose to the Court in our opposition tomorrow.

     This is a list of the topics and document demands we propose to suspend under these conditions:

     A.     The April 30, 2008, Subpoena to Centanni Investigative     Services

     1.     Topics

All topics listed would be suspended except to the extent provided below in narrowed form. The parties would proceed now on the narrowed topics, which do not involve claims of work-product privilege:

     (a) The signs posted by Centanni, and the names, addresses, telephone numbers, and dates of contact with persons who responded to the local or toll-free numbers on the signs posted by Centanni, to the extent that the persons were not interviewed with the interviews already provided to plaintiffs. Questions would be restricted to these topics, and will not cover the instructions of counsel to Centanni with respect to the signs or setting up the contacts, or reports made by Centanni to counsel.

     (b) Physical evidence not originally belonging to LaFarge North America, Inc., that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts. Questions would be restricted to the topics of the physical evidence itself, and not the instructions of counsel to Centanni with respect to acquiring or holding or storing such evidence or reports made by Centanni to counsel.

**Derek Walker, Esq.**
**June 2, 2008**
**P. 3**

  **2.**  **Documents and Things**

 All demands listed would be suspended except to the extent provided below in narrowed form.  The parties would proceed now on the narrowed demands, which do not involve claims of work-product privilege:

  (a) Names, addresses, telephone numbers, and dates of contact of persons who called the local or toll-free numbers on the signs posted by Centanni, to the extent not interviewed and not already provided to plaintiffs.

  (b) Physical evidence not originally belonging to LaFarge North America, Inc.—and not created by LaFarge North America, Inc., its counsel, or their investigators—that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts.  This includes but is not limited to videos, photographs, and witness-created written accounts other than the recorded interviews.

**B.**  **The April 30, 2008, Rule 30(b)(6) Notice of Deposition to Lafarge North America, Inc.**

  **1.**  **Topics**

All topics listed would be suspended to the extent, and only to the extent, that:

  (a) They involve the activities of Centanni Investigative Services, Inc.;

  (b) They involve matters as to which the court has held that work-product privilege is applicable; or

  (c) They involve matters for which defendant LaFarge has asserted work-product privilege and which are similar to the matters as to which the court has held that work-product privilege is applicable.

**Derek Walker, Esq.**
**June 2, 2008**
**P. 4**

The parties would proceed now on the narrowed topics.

    **2.**    **Documents and Things**

All demands listed would be suspended to the extent, and only to the extent, that:

    (a) They involve the activities of Centanni Investigative Services, Inc.;

    (b) They involve matters as to which the court has held that work-product privilege is applicable; or

    (c) They involve matters for which defendant LaFarge has asserted work-product privilege and which are similar to the matters as to which the court has held that work-product privilege is applicable.

The parties would proceed now on the narrowed demands.

    To the extent that there are remaining objections of work-product privilege, we would like to explore the specifics of the objection further with you, and perhaps elicit some nonprivileged information from the witness that will help us assess the privilege claim, so that we can decide whether to challenge the assertion of privilege in whole or in part and so that the court will have something more specific to go on, in ruling upon any motion.

    This seems to us an orderly means of proceeding.  Please let us know if you see any problems with this proposal.

    A proposed Consent Order is attached.  Please let us know what you think, and whether your client will agree.  Failing agreement, we will include these proposals in our opposition unless we hear from you a good reason not to do so.

    With best wishes,

**Derek Walker, Esq.**
**June 2, 2008**
**P. 5**

                                                          Yours very truly,

                                                          **BRIAN A. GILBERT**

BAG/jrc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>* | CIVIL ACTION |
| | *<br>* | NO. 05-4182 |
| PERTAINS TO: BARGE | *<br>* | and consolidated cases |
| | *<br>* | SECTION "K" (2) |
| *Boutte v. Lafarge*    05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*    06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*    06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*    07-5178 | *<br>* | |

**CONSENT ORDER RESOLVING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' APRIL 30, 2008 DEPOSITION NOTICE AND DOCUMENT DEMAND TO CENTANNI INVESTIGATIVE AGENCY, NARROWING PLAINTIFFS' AMENDED NOTICE OF FED. R. CIV.P. 30(b)(6) DEPOSITION OF LAFARGE NORTH AMERICA, INC., AND NARROWING DEFENDANT LAFARGE NORTH AMERICA, INC.'S MOTION TO QUASH THE AMENDED NOTICE**

This matter comes before the Court on defendant Lafarge North America's Motion to Quash Plaintiffs' April 30, 2008, Deposition Notice and Document Demand to Centanni Investigative Agency (doc. # 132821), and defendant Lafarge North America's Motion for Protective Order With Respect to Plaintiffs' Notice of Proposed FRCP 30(b)(6) Deposition by Lafarge North America, Inc. (doc. # 13280).

    A.    <u>Stipulation of Counsel</u>

The parties represent that they have further met and conferred on these discovery disputes, and have reached the following agreement:

    1.    Whereas the discovery requests at issue cover matters involving defendant Lafarge North

America, Inc.'s work-product objections, but were originally framed and served prior to the May 15, Order covering work-product objections and the pending appeal from that ruling, the parties agree that no purpose would be served by further immediate litigation over work-product privilege issues relating to the outstanding discovery requests.

    2. The partial resolution of defendant Lafarge North America's Motion for Protective Order With Respect to Plaintiffs' Notice of Proposed FRCP 30(b)(6) Deposition by Lafarge North America, Inc. (doc. # 13280) contained herein is without prejudice to the other matters raised in the Motion and in plaintiffs' Opposition, and those matters will still need to be resolved by the Court.

    3. Barge plaintiffs hereby suspend the topics and demands for documents and things listed in paragraph 4 below, subject to reinstatement (a) after Judge Duval decides the appeal or any other matter involving the scope of work-product privilege in this action, or (b) if LaFarge adds any Centanni investigators or officials to its witness list, or (c) if LaFarge seeks to put any Centanni statements or compilations of Centanni statements into the record of a trial, or (d) if LaFarge seeks to present testimony of a Centanni investigator or official to impeach an interviewee at trial.

>  a. In the event that any of the second through fourth events occur, Barge plaintiffs would take the depositions of Centanni and of the investigator.
>
>  b. In the event that any of the third through fourth events occur, Barge plaintiffs would need enough notice to be able to take the depositions of Centanni and of the investigator and get a transcript back before the evidentiary submission is made.

    4. Barge plaintiffs hereby suspend and/or narrow the demands for documents and things as listed below:

>  A.    The April 30, 2008, Subpoena to Centanni Investigative Services
>
>      1.    Topics
>
>  All topics listed would be suspended except to the extent provided below in narrowed form. The parties would proceed now on the narrowed topics, which do not involve claims of work-product privilege:
>
>      (a) The signs posted by Centanni, and the names, addresses, telephone

numbers, and dates of contact with persons who responded to the local or toll-free numbers on the signs posted by Centanni, to the extent that the persons were not interviewed with the interviews already provided to plaintiffs. Questions would be restricted to these topics, and will not cover the instructions of counsel to Centanni with respect to the signs or setting up the contacts, or reports made by Centanni to counsel.

(b) Physical evidence not originally belonging to LaFarge North America, Inc., that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts. Questions would be restricted to the topics of the physical evidence itself, and not the instructions of counsel to Centanni with respect to acquiring or holding or storing such evidence or reports made by Centanni to counsel.

2. Documents and Things

All demands listed would be suspended except to the extent provided below in narrowed form. The parties would proceed now on the narrowed demands, which do not involve claims of work-product privilege:

(a) Names, addresses, telephone numbers, and dates of contact of persons who called the local or toll-free numbers on the signs posted by Centanni, to the extent not interviewed and not already provided to plaintiffs.

(b) Physical evidence not originally belonging to LaFarge North America, Inc.—and not created by LaFarge North America, Inc., its counsel, or their investigators—that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts. This includes but is not limited to videos, photographs, and witness-created written accounts other than the recorded interviews.

B. The April 30, 2008, Rule 30(b)(6) Notice of Deposition to Lafarge North America, Inc.

1. Topics

All topics listed would be suspended to the extent, and only to the extent, that:

(a) They involve the activities of Centanni Investigative Services, Inc.;

(b) They involve matters as to which the court has held that work-product privilege is applicable; or

(c) They involve matters for which defendant LaFarge has asserted work-product privilege and which are similar to the matters as to which the court has held that work-product privilege is applicable.

The parties would proceed with the discovery now on the narrowed topics. With respect to any narrowed topic as to which defendant is asserting a work-product privilege not already ruled upon by the court or similar to a matter on which the court has held that work-product privilege is applicable, plaintiffs may elicit some nonprivileged information from the witness that will help plaintiffs assess whether to challenge the assertion of privilege, but will not enquire into the substance of the matters defendant asserts as privileged until the matter has been first presented to the court and ruled upon.

2.   Documents and Things

All demands listed would be suspended to the extent, and only to the extent, that:

(a) They involve the activities of Centanni Investigative Services, Inc.;

(b) They involve matters as to which the court has held that work-product privilege is applicable; or

(c) They involve matters for which defendant LaFarge has asserted work-product privilege and which are similar to the matters as to which the court has held that work-product privilege is applicable.

The parties would proceed with the discovery now on the narrowed demands. Plaintiffs may elicit some nonprivileged information from the witness that will help us assess the privilege claim, so that we can decide whether to challenge the assertion of privilege in whole or in part and so that the court will have something more specific to go on, in ruling upon any motion. With respect to any narrowed topic as to which defendant is asserting a work-

product privilege not already ruled upon by the court or similar to a matter on which the court has held that work-product privilege is applicable, plaintiffs may elicit some nonprivileged information from the witness that will help plaintiffs assess whether to challenge the assertion of privilege, but will not enquire into the substance of the matters defendant asserts as privileged until the matter has been first presented to the court and ruled upon.

A.     Order

The Court finds that the agreement of the parties is a reasonable and practical manner of proceeding, which will help to move this case forward.  It is therefore hereby

ORDERED, that the parties shall follow the procedures to which they have stipulated.

New Orleans, Louisiana, this _____ day of _____, 2008.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


CLERK TO NOTIFY:
HON. STANWOOD R. DUVAL, JR.


We so stipulate and we ask for this:

s/ Brian A. Gilbert
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

s/ Derek A. Walker
Derek A. Walker (#13 175)
CHAFFE MCCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

e-mail: Walker@chaffe.com

Dated: June 3, 2008