**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          **05-5531** | * | |
| *Mumford v. Ingram*       **05-5724** | * | |
| *Lagarde v. Lafarge*       **06-5342** | * | JUDGE |
| *Perry v. Ingram*            **06-6299** | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          **06-7516** | * | |
| *Parfait Family v. USA*   **07-3500** | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*             **07-5178** | * | |
| | * | |

### ORDER DENYING DEFENDANT LAFARGE NORTH AMERICA'S MOTION TO QUASH PLAINTIFFS' APRIL 30, 2008, DEPOSITION NOTICE AND DOCUMENT DEMAND TO CENTANNI INVESTIGATIVE AGENCY

This matter comes before the Court on defendant Lafarge North America's Motion to Quash

Plaintiffs' April 30, 2008, Deposition Notice and Document Demand to Centanni Investigative

Agency (doc. # 132821).  Plaintiffs note that their Deposition Notice and Document Demand were

served before the Court handed down its May 14, 2008, Order and Reasons on Motions (doc. #

13149).

In light of that decision, plaintiffs have narrowed the issues, suspended their topics and

demands so as to avoid any materials potentially protected by work-product privilege, and informed

the Court and defendant of the circumstances under which they will re-raise the suspended topics and

demands for a determination by the Court.

The remaining topics and demands for decision are as follows:

1.       **Topics**

(a) The signs posted by Centanni, and the names, addresses, telephone numbers, and dates of contact with persons who responded to the local or toll-free numbers on the signs posted by Centanni, to the extent that the persons were not interviewed with the interviews already provided to plaintiffs.  Questions would be restricted to these topics, and will not cover the instructions of counsel to Centanni with respect to the signs or setting up the contacts, or reports made by Centanni to counsel.

(b) Physical evidence not originally belonging to LaFarge North America, Inc., that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-inspection by experts.  Questions would be restricted to the topics of the physical evidence itself, and not the instructions of counsel to Centanni with respect to acquiring or holding or storing such evidence or reports made by Centanni to counsel.

2.       **Documents and Things**

(a) Names, addresses, telephone numbers, and dates of contact of persons who called the local or toll-free numbers on the signs posted by Centanni, to the extent not interviewed and not already provided to plaintiffs.

(b) Physical evidence not originally belonging to LaFarge North America, Inc.—and not created by LaFarge North America, Inc., its counsel, or their investigators—that was obtained from the class area or from Lower Ninth Ward, other than the clocks and watches already made available for inspection and subject to re-

2

inspection by experts.  This includes but is not limited to videos, photographs, and

witness-created written accounts other than the recorded interviews.

These materials are clearly discoverable under Rule 26(b)(2), Lafarge is by definition the only party

in possession of such materials, if any exist, and no claim of work-product privilege can possibly

attach to materials generated by putative class members and witnesses and provided to Lafarge.

Defendant's motion is DENIED as to these topics and demands.

Plaintiffs note that they have appealed (doc. # 13347) the May 14, 2008, Order and Reasons

on Motions (doc. # 13149) covering work-product privilege among other matters, and that they

anticipate filing a motion that may also result in a ruling on the scope of work-product privilege

herein as to Centanni's activities.  The Court agrees that in the interests of judicial efficiency these

matters should be determined before revisiting work-product privilege questions in connection with

discovery related to Centanni.

Plaintiffs have described the events that may trigger a re-noticing of the suspended topics and

demands: (1) in the event that Judge Duval clarifies the scope of work-product privilege in deciding

the appeal or any other matter in this action, or (2) if LaFarge or any other party adds Centanni

investigators or officials to its witness list, or (3) if LaFarge or any other party seeks to put any

Centanni statements or compilations of Centanni statements into the record of a trial, or (4) if LaFarge

or any other party seeks to present testimony of a Centanni investigator or official to impeach an

interviewee at trial.   The Court finds that there is no need to rule on these events now, but that they

would constitute good cause to request a ruling from the Court.  Other events may also constitute

good cause.  It is therefore hereby

3

ORDERED, that defendant's Motion is denied.

New Orleans, Louisiana, this _____ day of _____, 2008.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

4