UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. |
| | * | NO. 05-4182 |
| | * | JUDGE DUVAL |
| PERTAINS TO INSURANCE | * | MAGISTRATE WILKINSON |
| (Frught, K, No. 07-4581) | * | |

## ANSWER

COMES NOW, through undersigned counsel, The Standard Fire Insurance Company ("Standard Fire"), who for answer to the Complaint avers as follows:

1. The allegations contained in Paragraph 1 of the Complaint are denied except to admit that Standard Fire is authorized to do and doing business in the State of Louisiana.

2. The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information on which to justify a belief.

1

3. The allegations contained in Paragraph 3 of the Complaint are denied as it refers to a written document which is the best evidence of its terms, conditions, limitations, and exclusions.

4. The allegations contained in Paragraph 4 of the Complaint are denied as phrased. It is admitted that Hurricane Katrina made landfall near the Louisiana coast on or about August 29, 2005.

5. The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information on which to justify a belief.

6. The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information on which to justify a belief.

7. The allegations contained in Paragraph 7 of the Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied as phrased. It is admitted that the plaintiff did file a claim.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. Defendant's responses to Paragraphs 1 through 11 are adopted and reiterated with respect to the allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 of the Complaint refer to legal issues and do not require a response from this defendant.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. Defendant's responses to Paragraphs 1 through 15 are adopted and reiterated with respect to the allegations in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. Defendant's responses to Paragraphs 1 through 18 are adopted and reiterated with respect to the allegations in Paragraph 19.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. Defendant's responses to Paragraphs 1 through 22 are adopted and reiterated with respect to the allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. Defendant's responses to Paragraphs 1 through 25 are adopted and reiterated with respect to the allegations in Paragraph 26.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. Defendant's responses to Paragraphs 1 through 28 are adopted and reiterated with respect to the allegations in Paragraph 29.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. Defendant's responses to Paragraphs 1 through 32 are adopted and reiterated with respect to the allegations in Paragraph 33.

34. The allegations contained in Paragraph 34 of the Complaint refer to a written document which is the best evidence of its terms, conditions, limitations and exclusions.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. Defendant's responses to Paragraphs 1 through 36 are adopted and reiterated with respect to the allegations in Paragraph 37.

38. The allegations contained in Paragraph 38 of the Complaint refer to a written document which is the best evidence of its terms, conditions, limitations and exclusions.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint do not require a response from this defendant as it refers to a legal issue.

**AND NOW,** further answering, Standard Fire affirmatively avers as follows

### First Affirmative Defense

The Complaint fails to state a claim against Standard Fire upon which relief can be granted.

### Second Affirmative Defense

Standard Fire denies any liability to Plaintiffs.

### Third Affirmative Defense

The claims are barred, in whole or in part, by the terms, conditions, limitations and exclusions of the Standard Fire policy at issue (the "Policy").

### Fourth Affirmative Defense

Standard Fire has no obligations under the Policy unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, have been satisfied. The Policy conditions include, but are not limited to, those detailed in the provisions titled "Insurable Interest and Limit of Liability," "Your Duties After Loss", "Loss Settlement", "Appraisal," "Other Insurance", "Loss Payment," and "No Benefit to Bailee." To the extent the Plaintiffs have not satisfied or have violated any conditions precedent or subsequent identified in the Policy, or have failed to comply with all the terms of the Policy, Standard Fire has no liability under the Policy.

### Fifth Affirmative Defense

The Policy provides coverage (consistent with its terms, conditions, limitations and exclusions) only for direct physical loss to personal property owned or used by an insured. Plaintiffs' claims are barred, in whole or in part, to the extent that the claims asserted are not for

direct physical loss to personal property owned or used by the insured within the meaning of the Policy.

### Sixth Affirmative Defense

Coverage is provided only for loss caused by a peril insured against as defined in the Policy. Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are not for a loss caused by a peril insured against as defined in the Policy.

### Seventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by water damage as defined in the Policy.

### Eighth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover losses attributable to an ordinance or law as defined in the Policy.

### Ninth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by earth movement as defined in the Policy.

### Tenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by power failure as defined in the Policy.

### Eleventh Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by neglect as defined in the Policy.

### Twelfth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

### Thirteenth Affirmative Defense

Coverage is precluded, in whole or in part, by the Policy language excluding loss caused directly or indirectly by faulty, inadequate or defective planning, zoning, development, surveying sitting; or faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; or faulty, inadequate or defective maintenance.

### Fourteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover additional living expenses that are not attributable to an "Insured" within the meaning of the Policy.

### Fifteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover loss of use barred by the Policy language.

### Sixteenth Affirmative Defense

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover losses that are not attributable to debris removal within the meaning of the Policy.

### Seventeenth Affirmative Defense

To the extent Standard Fire may have any liability under the Policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the Policy or in any endorsement.

### Eighteenth Affirmative Defense

To the extent coverage exists, coverage may be limited, in whole or in part, by the loss to a pair or set language in the Policy.

### Nineteenth Affirmative Defense

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiff:

> **Suit Against Us.** No action can be brought unless the policy provisions have been complied with. . . .

### Twentieth Affirmative Defense

To the extent coverage exists, coverage is limited by the loss settlement provision language of the Policy.

### Twenty-First Affirmative Defense

Coverage is barred for Plaintiffs' claim, in whole or in part, to the extent Plaintiffs seek damages for fungi and mold that is excluded by the terms, conditions, limitation and exclusions of the Policy.

### Twenty-Second Affirmative Defense

Standard Fire asserts that, at all times, it (i) acted in good faith, exercised due care, did not act in an arbitrary or capricious manner, (ii) properly and adequately complied with all provisions of the Policy and all applicable laws, rules or regulations, and (iii) breached no duty

or obligation owed to Plaintiffs. Standard Fire further asserts that this lawsuit was filed as the result of a bona fide dispute between Standard Fire and Plaintiffs.

### Twenty-Third Affirmative Defense

Any liability under the Policy is excluded or reduced to the extent that the Plaintiffs have other insurance applicable to the claim.

### Twenty-Fourth Affirmative Defense

Any liability under the Policy is excluded, reduced or set-off to the extent payment has already been made to Plaintiffs for their alleged damages.

### Twenty-Fifth Affirmative Defense

The claim is precluded to the extent that Plaintiffs seek damages that are excluded or limited by the Policy.

### Twenty-Sixth Affirmative Defense

Standard Fire further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Standard Fire's ongoing investigation and discovery.

### Twenty-Seventh Affirmative Defense

Because the complaint does not provide sufficient specificity of the allegations, Standard Fire reserves the right to raise any and all defenses under the Policy or applicable law.

### Twenty-Eighth Affirmative Defense

The claims asserted by Plaintiffs are barred, in whole or in part, by prescription or the applicable statute of limitation.

Standard Fire requests that the Court dismiss with prejudice all claims by Plaintiffs against Standard Fire at Plaintiffs' cost, and grant all other general and equitable relief to which Standard Fire may be entitled.

Respectfully submitted:

/s/ Gary J. Russo
Gary J. Russo (#10828)
Douglas C. Longman, Jr. (#8719)
Camille Bienvenu Poché (#22597)
Nadia de la Houssaye (#24777)
Attorneys for The Standard Fire Insurance Company
LONGMAN RUSSO,
A Professional Law Corporation
P. O. Drawer 3408
Lafayette, LA. 70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@lrfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following to all counsel.

s/Gary J. Russo
Gary J. Russo (#10828) Trial Counsel