UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION: K   MAG.: 2 |
| PERTAINS TO: ROAD HOME<br>*State of Louisiana, C.A. No. 07-5528* | JUDGE DUVAL<br>MAGISTRATE JUDGE WILKINSON |

*************************************************************************

## OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER ESTABLISHING ROAD HOME SETTLEMENT PROTOCOL

MAY IT PLEASE THE COURT:

The State of Louisiana, Division of Administration, Office of Community Development (the "State"), through the Honorable Buddy Caldwell, the Attorney General for the State of Louisiana, and through the undersigned private counsel duly authorized to act for and on its behalf, respectfully submits its Opposition to Defendants' Motion for Entry of Case Management Order Establishing Road Home Settlement Protocol.

I. BACKGROUND

The Court and counsel for the State of Louisiana and the Defendant Insurance Companies have met on several occasions to discuss the content and scope of a proposed Road Home Case

1

Management Order (CMO). The motion now before the Court asks that these discussions be memorialized in a formal order rather than the Insurers agreeing that the State of Louisiana, the Division of Administration, Office of Community Development, ("OCD") adopt same as a voluntary protocol.

## II. ARGUMENT

The recent ruling of the United States Fifth Circuit Court of Appeals makes it clear that this Court lacks jurisdiction as to all cases in which a Subrogation Agreement has been executed by the settling insured. The fact that remand of these cases has not yet happened or been requested does not in any way diminish the absence of jurisdiction.

The Insurers suggest delay on the part of the Road Home Program, but fail to mention that other equally difficult issues have caused delay which are outside of the Program's control. For example, many insurers have refused to furnish the Road Home Program with information necessary for the Program's deliberations without entry of a protective order. The insistence of various Insurers that no checks will issue pending approval by Road Home has also been a source of delay. Lender issues have further added to the delays.

Road Home has also received incomplete approval packages, requiring it to track down the missing items internally or approach counsel requesting supplementation. Staff has been added to assist but the problems with incomplete submissions persist. In meetings with State Farm and Travelers' Counsel recently, these carriers were advised of the extent to which Road Home was either not receiving approval requests or receiving incomplete requests (often missing the carrier form which these carriers had already provided to plaintiff counsel). Some carrier forms are received

unsigned. Some forms (for one carrier) only have Coverage A column completed. Each of these deficiencies delay the approval process and are beyond the ability of Road Home to control. There is a built in appeals process for a plaintiff to pursue should he or she be dissatisfied with the recovery sought by the Road Home Program. To allow further proceeding before the Court where a Plaintiff is not prepared to accept the decision of the Road Home Program is to create another layer of appeal, all of which is unnecessary and not cost effective. The Road Home strongly believes the administrative appeal procedures should remain in place and not be usurped by the proposed CMO. As in other analogous circumstances, administrative procedures are always exhausted as a prerequisite to court action. That rule should not be altered in this case. Delay not chargeable to Road Home Program does not warrant the Court's exercise of its jurisdiction over the approval process as contemplated by the proposed CMO.

Other concerns with the proposed order exist. There is a built in appeals process for a plaintiff to pursue should he or she be dissatisfied with the recovery sought by the Road Home Program. To allow further proceeding before the Court where a plaintiff is not prepared to accept the decision of the Road Home Program is to create another layer of appeal, all of which is unnecessary and not cost effective. A second concern lies in the refusal of the Insurers to agree to forward to settling plaintiff's counsel or the pro se plaintiff a copy of the Approval Request Protocol.

If the Court is prepared to enter a version of the proposed CMO, the Road Home Program request that the Insurers be required to furnish the Approval Request Form to the settling party at the same time it furnishes The Insurer Declaration. It is also suggested that any rejection by a plaintiff trigger the appeals process rather than queuing such a matter up before this Court.

3

Road Home counsel has made diligent efforts to address approval issues and has repeatedly met with the plaintiffs and the Insurers to facilitate resolution. Thus, as a matter of jurisdiction and as a matter of necessity, good grounds do not exist for the entry of the proposed CMO.

III. CONCLUSION

WHEREFORE, in consideration of the above and foregoing, the State of Louisiana respectfully requests that this Honorable Court not enter the Proposed Case Management Order submitted by the Defendant Insurers and that it deny the Defendants' Motion for Entry of Case Management Order Establishing Road Home Settlement Protocol Motion.

Respectfully submitted,

THE STATE OF LOUISIANA
The Honorable Buddy Caldwell
ATTORNEY GENERAL,
STATE OF LOUISIANA
/s/ Isabel Wingerter
Isabel Wingerter (No. 20428)
Assistant Attorney General
Public Protection Division
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Ph.: 225-326-6040
Fax: 225-326-6097

AND

ROAD HOME LIAISON AND LEAD COUNSEL
/s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (No. 5486)
FAYARD & HONEYCUTT, A.P.C.
519 Florida Avenue, S.W.
Denham Springs, LA 70726
Ph.: 225-664-4193
Fax: 225-664-6925
Email: calvinfayard@fayardlaw.com

AND

ROAD HOME CO-LEAD COUNSEL
Paul G. Aucoin (No. 2604)
PAUL G. AUCOIN, ATTORNEY AT LAW
135 Goodwill Plantation
Vacherie, LA 70090-5240
Ph.: 225-265-7906
Fax: 225-265-7906
Email: aucoinp@bellsouth.net

Joseph J. McKernan (No. 10027)
McKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph.: 225-926-1234
Fax: 225-926-1202
Email: jemckernam@mckernanlawfirm.com

Drew A. Ranier (No. 8320)
RANIER, GAYLE & ELLIOTT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph.: 337-494-7171
Fax: 337-494-7219
Email: drainer@rgelaw.com

Frank C. Dudenhefer, Jr. (No. 5117)
THE DUDENHEFER LAW FIRM
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Ph.: 504-525-2553
Fax: 504-523-2508
Email: FCDLaw@aol.com

James P. Roy (No. 11511)
DOMENGEAUX WRIGHT
ROY & EDWARDS L.L.C.556 Jefferson Street,
Suite 500
P. O. Box 3668
Lafayette, LA 70502-3668

5

Ph.: 337-233-3033
Fax: 337-232-8213
Email: jimr@wrightroy.com

James R. Dugan, II (No. 24785)
MURRAY LAW FIRM
650 Poydras Street, Suite 1250
New Orleans, LA 70130
Ph.: 504-648-0180
Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2008, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Calvin C. Fayard, Jr.
CALVIN C. FAYARD, JR.