**MINUTE ENTRY**
**DUVAL, J.**
**June 3, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | |
| | **NO. 05-4182** |
| | **SECTION "K"(2)** |

**PERTAINS TO: MRGO,** *Robinson* **C.A. No. 06-2268**

Attending a telephonic status conference concerning Defendant United States' Proposed Motion and Trial Schedule (Doc. 13346) were:

Joseph Bruno and Pierce O'Donnell for plaintiffs, and

Robin Smith for defendants.

Since the Court's last status conference of May 1, 2008, certain events occurred in this litigation which required a status conference to be held today. At the last conference, the Court extended expert report deadlines requiring the confection of a new schedule for trial and motion practice in *Robinson* and a continuance of the trial date. At a minimum the trial was to be continued to October. However, because of the issue of whether the *Robinson* complaint contained sufficient notice concerning the Corps' alleged liability for damages arising from the Lock Expansion Project or the East Bank Industrial Area ("EBIA") to be litigated in *Robinson* as pleaded in the first complaint, there was pending a Motion to Amend. The Court noted in its minute entry that if the Motion to Amend were granted, then a January trial date would be required.

Plaintiffs then chose to withdraw the Motion to Amend because they did not want to lose the October trial date; however, they maintained that the Complaint as originally drafted was

sufficient to raise the issue of negligence concerning the EBIA. The United States responded with the above-noted pleading, "Defendant United States' Proposed Motion and Trial Schedule" (Doc. 13346). In essence, they maintained that the Complaint was not sufficient, but in the event that its experts "were required to examine the proposed new claim regarding work done at the EBIA, they would require the additional three months for trial" (as had been indicated in the May status conference).

Having reviewed this pleading, the Court independently reviewed the original *Robinson* Complaint under the standard provided by Fed. R. Civ. P. 8(a)(2) which provides that a complaint must only include a "short and plain statement of the claim showing that the pleader is entitled to relief," and such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewica v. Sorem N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court in *Swierkiewica* noted that this simplified notice pleading standard combined with the liberal discovery rules and summary judgment motions eliminates any attempted surprised in federal practice.

Giving the broadest reading to the Complaint, the Court finds that indeed the issue of liability for any damages arising from the EBIA was not raised in the initial Complaint. As such, the Court finds that to not require the amendment of the Complaint to include specific allegations to that end, if indeed the plaintiffs seek to litigate these issues, could constitute legal error. Accordingly,

**IT IS ORDERED** that the *Robinson* plaintiffs shall amend their suit with specificity concerning alleged liability arising out of the EBIA **no later than June 13, 2008.**

**IT IS FURTHER ORDERED** that as a result of this amendment, the trial date of January 20, 2009 is hereby adopted and trial of this matter is **CONTINUED** to that date.

During the conference there was some controversy concerning the cut-off for discovery and depositions of fact witnesses as the Government maintained that the June 13, 2008 date had already provided plaintiffs an extensive extension of time. Plaintiffs argued that they still were having difficulty completing discovery and noted that there were pending motions concerning Rule 30(b)(6) depositions of Government witnesses that to date have not occurred and that they maintain are necessary for the completion of their case. Having heard these arguments,

**IT IS FURTHER ORDERED** that the following schedule is hereby **ADOPTED** for the trial of the *Robinson* case:

| | |
|---|---|
| July 14, 2008 | All Discovery and Depositions of Fact Witnesses Completed<br>Plaintiffs' Expert Reports and Computer Generated Evidence<br>Exchange of Proposed Stipulated Facts |
| October 9, 2008 | Pre-filing meeting with Respect to *Daubert* and Substantive Motions and to Discuss Exhibit Procedures at trial at 10:00 a.m. by telephone with counsel to initiate call. |
| October 21, 2008 | All substantive Motions will be filed as soon as possible but in any event not later than this date. To present the issues for decision as early possible, each party may file multiple motions. Oppositions to such motions shall be filed not more than 21 days after the date on which the motion is filed. Replies, if any shall be filed not more than 11 days after the filing of an opposition.<br><br>**Counsel shall contact the Court before filing any such motion to determine when such motion shall be noticed for hearing as some or all of these motions may require a special setting due to the Court's own schedule. Also, when filing a Notice of Hearing, a citation to this Minute Entry should be included in the text to alert the Clerk's Office of same.** |

**It is also requested that the Government inform the Court at its earliest convenience when it intends to file its motion on the discretionary function exception to FTCA liability.**

| | |
|---|---|
| October 28, 2008 | Defendant's Expert Reports and Computer Generated Evidence |
| November 11, 2008 | Oppositions to Substantive Motions must be filed |
| November 12, 2008 | All *Daubert* Motions must be filed |
| November 24, 2008 | Reply briefs in support of Substantive Motions must be filed |
| December 1, 2008 | All Discovery and Depositions of Experts Completed |
| December 2, 2008 | Opposition to *Daubert* Motions must be filed<br>Final List of Witnesses and Exhibits to be Filed with the Court<br>Finalized Agreed-Upon Stipulated Facts Filed with Court |
| December 5, 2008 | Hearing on Substantive Motions at 10:00 a.m. with oral argument unless otherwise informed prior to hearing date |
| December 9, 2008 | Reply briefs in support of *Daubert* motions to be filed |
| December 18, 2008 | Hearing date on *Daubert* motions at 10:00 a.m. with oral argument unless otherwise informed prior to hearing date |
| December 29, 2008 | Pretrial Order Filed |
| January 5, 2009 | Pretrial Conference at 1:30 p.m. Attendance in person of all trial counsel required. |
| January 12, 2009 | All Pretrial filings must be filed in Chambers |
| January 20, 2009 | Trial Commences at 9:00 a.m. with counsel to be in Chambers at 8:30 a.m. as this is a non-jury trial and is scheduled for 3 weeks. |

THESE DATES ARE FIRM AND WILL NOT BE CHANGED UNLESS EXTREME PREJUDICE CAN BE DEMONSTRATED.

JS:10- ½ hr.

4