**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES**<br>**CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br>**NO. 05-4182**<br>**SECTION "K" (2)** |

**PERTAINS TO: INSURANCE –INSURANCE SUITS**
**PENDING IN THE INSURANCE UMBRELLA THAT**
**INVOLVE STATE FARM AND HARTFORD AS DEFENDANTS:**

**REPLY TO PLAINTIFFS' OPPOSITION TO STATE FARM'S AND HARTFORD'S**
**OMNIBUS MOTIONS TO DISMISS FLOOD WATER DAMAGE CLAIMS**

**MAY IT PLEASE THE COURT,** in reply to Plaintiffs' Opposition to State Farm's and

Hartford's Global Motions, defendants, State Farm Fire and Casualty Company ("State Farm") and

Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire

Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of

the Southeast, Hartford Underwriters Insurance Company and any improperly identified variant of

the Hartford entities ("Hartford"), respectfully aver as follows:

**I.   PLAINTIFFS' BRIEF IS IN VIOLATION OF THIS COURT'S ORDER AND**
**SHOULD NOT BE CONSIDERED**

This Court issued an Order on March 11, 2008 which provided the following deadlines:

This motion practice shall be governed by the following briefing schedule:

a.  State Farm and Hartford shall file their motions 21 days from the entry of this Order.
b.  The Plaintiffs shall file an Opposition to each of these motions 21 days thereafter.
c.  State Farm and Hartford shall file any reply briefs within 14 days thereafter. *See* Rec.
Doc. 11613.

State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091.

Thus, pursuant to the Court's Order, plaintiffs were required to respond to State Farm's Motion by

April 21, 2008.  Hartford filed its Global Motion for Judgment on the Pleadings on April 1, 2008

(Rec. Doc. 12151) and thus plaintiffs were required to respond by April 22, 2008.  The plaintiffs'

liaison counsel did not file an opposition until May 27, 2008, over twenty (20) days after the

deadline ordered by the Court and agreed upon by the parties.[1]  This Court established, with **joint and agreed upon input from plaintiffs' and insurers' liaison counsel**, a process and briefing schedule to efficiently address whether the complaints in the Insurance Umbrella state valid causes of actions against State Farm and Hartford.  Because plaintiffs failed to comply with this Court's Order, the untimely Opposition should not be considered.

Alternatively, in the event the Court should consider the Opposition, out of an abundance of caution, State Farm and Hartford respond to the substance of the Opposition below.

## II.        THE WATER DAMAGE ONLY COMPLAINTS

The cases at issue were consolidated with the *In Re Katrina* Umbrella based on the fact that each of the complaints assert claims for insurance proceeds for property damage sustained as a result of canal and levee overtopping, storm surge, and/or levee failures caused by Hurricane Katrina.  Many of the complaints solely state claims for damages sustained from flooding and fail to state any claims whatsoever for covered losses (i.e. uncompensated damages caused by wind or wind-driven rain). Although plaintiffs do not distinguish the cases applicable to Hartford's motion from those applicable to State Farm's motion, such a distinction is relevant here.

### A.        Cases Subject to Hartford's Omnibus Motion

Hartford's omnibus motion (Rec. Doc. 12151) applies to seven (7) cases in the *In Re Katrina* Umbrella.  Three of these cases were instituted by plaintiffs represented by the Hurricane Legal Center ("HLC")[2] and involve identical complaints. This Court and numerous sections of the Eastern District of Louisiana have held that the HLC plaintiffs exclusively seek to recover full policy limits for flood damages.[3]  This Court previously dismissed State Farm as a defendant in two of these

---

[1] On May 5, 2008, thirteen (13) and fourteen (14) days after the Court's deadline, the HLC filed independent oppositions to State Farm's motion (Rec. Doc. 12955) and Hartford's motion (Rec. Doc. 12951).  State Farm replied to that opposition on May 19, 2008 (Rec. Doc. 13205) and thus does not specifically address those cases herein.

[2] These cases include *Acevedo*, No. 07-5199, *Abram*, No.07-5205 and *Acevedo*, No.07-5208.

[3] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Acevedo,* No. 07-5199 and *Abram,* No. 07-5205, Order [Dkt. No. 10738] (E.D. La. Jan. 22, 2008) (Duval, J.); *Anderson,* No. 07-6737, Order [Dkt. No. 11296] and *Aguda* No. 07-4457, Order [Dkt. No. 11543]) (Wilkinson, J.); *Benit v. State Farm*, No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm*, No. 07-7600, Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Arceneaux v. State Farm*, No. 07-7701 Order [Dkt. No. 16] (E.D. La. May 14, 2008) (Feldman, J.).

HLC cases (*Acevedo*, 07-5199 and *Abram*, 07-5205) on the basis that the suits sought to recover for damages caused by flooding alone. Thus, for all of the reasons explained in State Farm's separate Reply to the HLC's independently filed Opposition to State Farm's motion, all of the claims against Hartford in the HLC cases should likewise be dismissed in their entirety.

### B.  Cases Subject to State Farm's Omnibus Motion

State Farm's omnibus motion applies to three-hundred thirty-two (332) cases in the *In Re Katrina* Umbrella.[4]  After completing a detailed analysis of these complaints, the complaints were placed into two (2) categories: (a) cases in which plaintiffs seek to recover for damages caused by flood water alone (not covered under their homeowners policies) (*see* Exhibit A to State Farm's global motion, Rec. Doc. 12091-3); and (b) cases in which plaintiffs seek to recover for damages caused by *both* flood waters (not covered under their homeowners policies) *and* wind/wind-driven rain (potentially covered under their homeowners polices) (*see* Exhibit B to State Farm's global motion, Rec. Doc. 12091-4).  Plaintiffs' Opposition is silent with respect to the cases in which plaintiffs seek to recover for damages caused by *both* flood waters and wind.

The plaintiffs' sole assertion is that the complaints listed in Exhibit A of State Farm's motion state claims for non-covered flood damages *and* covered wind/wind-driven rain and should thus not be dismissed in their entirety. However, a review of those complaints reveals that they only seek to recover proceeds for excluded flood damages.[5] *See* Exhibit 1 *in globo*. The attached complaints, which include the non-HLC, "flood only" complaints listed in Exhibit A to State Farm's global motion, exclusively contain allegations and theories of recovery virtually identical to those set forth

---

[4] State Farm's global motion should not apply to two of the cases initially identified in Exhibit B to the parties' March 7, 2008 joint motion – case numbers 07-5528 and 07-8820.  State Farm notified the parties and the Court that it mistakenly included Case No. 07-5528 in its initial list of cases.  Also, Case No. 07-8820 was recently transferred out of the umbrella and thus presumably is not subject to State Farm's global motion.

[5] Exhibit A to State Farm's global motion lists 27 cases in which plaintiffs seek to recover for flood damages alone. One of these cases, 07-8820, as mentioned above, has recently been transferred to another section of the Court. Thirteen of these cases were filed by the HLC. State Farm previously responded to the HLC's Opposition to its global motion (Rec. Doc. 13205) and does not specifically address those complaints herein but adopts the arguments previously asserted therein. Thus, there are thirteen additional cases which assert claims for flood damages only: 06-2919, 06-4703, 06-4952 06-9151; 06-9152; 07-2660; 07-2661; 07-2662; 07-2663; 07-2664; 07-2665; 07-4784 and 07-6488. Six of these complaints contain identical allegations: 07-2660; 07-2661; 07-2662; 07-2663; 07-2664; 07-2665. As such, there are eight distinct complaints which represent the remaining thirteen non-HLC, flood-only complaints: 06-2919, 06-4703, 06-4952 06-9151; 06-9152; 07-2660; 07-4784 and 07-6488.  In an effort to assist the Court with its analysis, these seven complaints are attached hereto *in globo* as Exhibit 1.

and rejected by this Court in *Chehardy*. In *Chehardy*, this Court found that the plaintiffs' Complaint failed to state a cause of action as it exclusively made claims for damage caused by flooding which is unambiguously excluded from coverage under the plaintiffs' homeowners policies. Like the plaintiffs in *Chehardy*, the plaintiffs here have failed to state a valid cause of action and their claims should also be dismissed with prejudice.

The notice requirements of Fed.R.Civ.Pro. 8 require only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). Citing to the Supreme Court's decision in *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1969 (2007), this Court has held that:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal Breaches Litigation*, 2008 WL 659467, 1 (E.D.La., March 5, 2008).

In *Bell Atlantic Corp.*, the Court held that, "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." 127 S.Ct. at 1965, citing 5 Wright & Miller §1202, 94-95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented…"). Further, in *Neitzke v. Williams*, the Supreme Court explained that, "if as a matter of law it is clear that no relief could be granted **under any set of facts that could be proved consistent with the allegations**, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." 490 U.S. 319, 326-327, 109 S.Ct. 1827, 1832 (1989).

The allegations in the complaints solely notified State Farm that plaintiffs sought coverage for damages caused by the excluded peril of flood. In fact, the complaints go to great lengths to set out detailed factual allegations and legal theories upon which the plaintiffs' actions were based – recovery for flood damage caused by levee breach and overtopping. Unfortunately for plaintiffs, this Court, the U.S. Fifth Circuit and the Louisiana Supreme Court in *Sher v. Lafayette Ins. Co.*, 2008

WL 928486 (La.,2008) have since determined that State Farm's flood exclusion clearly excludes coverage for the losses alleged in the complaints. The complaints do not set forth claims for independent uncompensated wind or wind-driven damages. Thus, just as this Court granted State Farm's prior motions to dismiss two HLC suits in their entirety for failure to state a cause of action, the court must dismiss the suits listed in Exhibit A their entirety.

## II.      THE PLAINTIFFS' REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs offer no argument that the complaints state claims for uncompensated losses caused by wind and/or wind-driven rain.  On the contrary, plaintiffs merely make the self-serving assertion that "Several of the plaintiffs' attorneys believe, in fact and contrary to the State Farm/Hartford Motion, that the complaints do seek insurance proceeds for wind damage caused by Hurricane Katrina."  *See* Rec. Doc. 13285, ¶ 2.  Clearly, as the HLC complaints and the complaints attached hereto reveal, that is not the case.  There is not a single allegation which could be reasonably construed to assert claims for covered wind or wind-driven rain damages.

Further, plaintiffs illogically assert that "**some** attorneys" have informed them that they did not believe amendments could be made to various complaints due to the stay in effect umbrella and thus argue that **each** plaintiff listed in Exhibit A to State Farm's motion should be allowed **additional** time to attempt "to amend their complaints within 21 days of entry of the order to clarify **or allege** wind damage." *Id*. This contradictory assertion begs the question of why plaintiffs would need to amend their complaints if the complaints already "specifically plead wind damage." Plaintiffs essentially concede that the complaints do not state claims for wind damage.  These assertions confirm that plaintiffs seek to assert new causes of action well-after the prescriptive period for such causes of action have elapsed.

While the plaintiffs do not provide any discussion or make any reference to the proper legal procedure or standard upon which an order allowing amendment should be issued, the only plausible means through which amendment would be possible would be for the Court to consider the informal request in the body of plaintiffs' Opposition as a motion for leave of court to amend

under Fed.R.Civ.P. 15.  As such, a Rule 15 analysis of whether leave of court to amend should be granted is warranted.  As will be shown below, the plaintiffs' request should be denied.

### A.      Applicable Legal Principles

Under Rule 15(a), permission to amend "shall be freely given when justice so requires." *Freeman v. Continental Gin Co*., 381 F.2d 459, 468 (5th Cir.(Miss.) 1967). The rule, however, "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Id.*  In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, (1962).

Additionally, "It is clear that lack of diligence is reason for refusing to permit amendment." *Freeman*, 381 F.2d at 469; see also *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864, (5th Cir. (Tex.), 2003) ("A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend."). "Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay was due to oversight, inadvertence, or excusable neglect." *Freeman*, 381 F.2d at 469. In this situation, "Leave will be denied unless he shows some valid reason for his neglect and delay." *Id.* Further, an amendment offered by a plaintiff may be denied on the grounds of undue delay where the amendment sets forth an entirely new theory of liability, ***particularly if that new theory is inconsistent with the original complaint***. *Parker v. Lujan Enterprises, Inc*., 848 F.2d 118, 121 (9th Cir. 1988); *Rosenzweig,* 332 F.3d at 864 ("A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim.*"). Similarly, the Fifth Circuit has held that it will "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764, (5th Cir. (Miss.),1999).

### B.      Analysis of the Relevant Factors Supports Denial Of Plaintiffs' Request to Amend

1.      <u>Plaintiffs' Request to Amend is Untimely And If Allowed, Would Prejudice State Farm and Hartford</u>

Many of the complaints at issue not only exclusively state claims for flood damage alone, but also seek to recover full policy limits for the excluded flood damages. Nevertheless, plaintiffs now request permission to amend their complaints in an effort to state claims for damages caused by wind and/or wind-driven rain resulting from an event which took place nearly three years ago. In other words, plaintiffs filed suit alleging their properties were destroyed by **flood alone** and now seek to allege the opposite – that their properties were destroyed by **wind alone**.  In *Arceneaux* (*supra*), Judge Feldman denied leave to amend a Hurricane Katrina complaint based on the fact that the plaintiffs were attempting to assert new facts and a new legal theory which contradicted the facts and theories initially plead, finding that:

> Indeed, it is apparent that the plaintiffs…intend to pursue whatever factual or legal theories they believe will advance their lawsuit against State Farm.  In the original complaint, the plaintiffs claimed that their losses were caused by a combination of 'wind, wind driven rain, storm surge, overflowing of canals and breaches of levees,' and they asserted total losses caused by man-made flooding.  After State Farm's Rule 12(b)(6) motion was granted, the plaintiffs attempted to amend the complaint, adding that, while their losses were caused by 'wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. However, wind was the efficient proximate cause of all this damage.' Finally, in the proposed amended complaint…the plaintiffs now contend that the damage was cause by wind, wind driven rain alone.' The plaintiff is not entitled to continue sharpening its legal theory months after the case was dismissed.  No. 07-7701, Order (Rec. Doc. 49) (E.D. La. May 14, 2008).

Here, it is unreasonable for plaintiffs to suggest that almost three years after Hurricane Katrina and months (if not years) after suit was filed they suddenly now have these new facts that indicate their properties were not actually solely destroyed by flooding from levee breaches and overtopping but were destroyed by wind alone. Surely, the experienced plaintiffs' counsel in these cases meant exactly what they particularly alleged in their clients' complaints – that the levee debacle caused flood waters to destroy their clients' properties – thus the effort to amend cannot be couched in terms of the need to correct in-artful pleading by inexperienced counsel. Indeed, when the complaints were filed, the issue of the validity of claims for flood damage from levee breach under homeowners policies was still being actively litigated.

If plaintiffs are allowed to amend their complaints in an effort to state new, inconsistent factual allegations and a new theory of liability – that wind caused the total loss of the property and uncompensated damages - State Farm will be significantly prejudiced. *See Arceneaux, supra* at p. 4

(finding State Farm will be prejudiced by allowing plaintiffs to amend levee breach complaint to now state wind damage claims); *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1208 (10th Cir. (Okla.),2006) (noting prejudice when amended claims arise out of a subject matter different from that set forth in the complaint and raise significant new factual issues).

In *Parish* (*supra*), the plaintiff filed a motion to amend on the same day, but after the defendants filed their motion for summary judgment on the plaintiff's complaint. 195 F.3d at 763. The district court found that allowing the plaintiff to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint. *Id.* In so holding, the court found that the plaintiff's attempt to broaden the issues would require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues. *Id.* The court also found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence. *Id.* Accordingly, the Fifth Circuit affirmed the district court's denial of the plaintiff's motion for leave to amend.  195 F.3d at 763.

Here, as in *Parish*, plaintiffs seek to amend their complaints, in some cases over two years and at a minimum, eight months after they filed their respective initial complaints. Plaintiffs have waited to seek to amend until after the deadline to oppose the global motions expired and after the legal theories upon which each of the complaints are exclusively based were expressly rejected by this Court, the Fifth Circuit and the Louisiana Supreme Court. Allowing plaintiffs to file amended complaints – after State Farm and Hartford have substantively addressed these complaints by filing dispositive motions to dismiss – would be highly prejudicial. Further, State Farm and Hartford would be required to expend *additional* time and resources to file additional motions to dismiss as any amended complaints will also fail.  And, it would be a waste of this Court's resources.

Finally, it is well-settled in the Fifth Circuit that "[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them."  *Morales v. Dep't of the Army,* 947 F.2d 766, 769 (5th Cir.1991), citing *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983). Further, judicial estoppel "is a common law doctrine by which a party who has

{N0098602}                                             8

assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc*., 179 F.3d 197, 205 (5th Cir.1999). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. at 206. For example, in *Webster v State Farm*, 2008 WL 2080907 (E.D.La. 5/14/2008), Judge Africk recently held that the plaintiff was estopped from claiming total loss to his property due to wind when he also asserted a flood claim and received his flood policy limits. Given the allegations in the instant complaints stating that levee breach flooding alone caused plaintiffs' damages, plaintiffs should be estopped from now asserting the conflicting allegation that the damages were caused by wind.

### 2.    Amendment Would Be Futile

The prescriptive period for Hurricane Katrina claims expired on September 1, 2007.  *See* La. R.S. 22:658.3(A). Thus, any new wind damage claims alleged in any amended complaint would be time-barred and subject to yet another Motion to Dismiss and thus futile.  Additionally, any such wind damage claims would not relate back under Rule 15(c) as the proposed amended complaint is based on entirely district operative facts.

Under Rule 15(c), "…An amendment to a pleading relates back to the date of the original pleading when:… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading…." Where a proposed amended complaint attempts to add a new legal theory which is unsupported by the factual claims raised in the original pleading, the proposed claim arises from new and distinct conduct, transactions, or occurrences not found in the original pleading, and, therefore, the complaint will not relate back. *Holmes v. Greyhound Lines, Inc*., 757 F.2d 1563, 1566 (5th Cir. (Tex.) 1985). In determining if an amended complaint relates back, the Fifth Circuit "regards as critical whether the opposing party was put on notice regarding the claim raised therein." *Id.*

Here, the only "occurrence" set out in the complaints is severe property damage caused by levee breach and overtopping. The detailed assertions in the complaint notified State Farm and

Hartford of the only claims upon which plaintiffs' action was based – non-covered flood damage. The complaints in no way notified State Farm and Hartford that plaintiffs sought coverage for property damage caused by wind.  Thus, any new claims that wind destroyed the properties would not relate back to the initial claims that flood alone destroyed the properties.

In addition to the prescriptive bar, should plaintiffs be allowed to amend their complaints to assert facts and theories which diametrically contradict the facts and theories in the current complaints, there would be sufficient evidence to support a motion for summary judgment given the judicial admission that flooding from levee breaches caused plaintiffs' property damages (see *Morales, supra,* 947 F.2d at 769), and/or based on an estoppel theory. *In re Coastal Plains, Inc*., 179 F.3d at 205; *Webster*, 2008 WL 2080907. Thus, allowing plaintiffs to amend would be futile.

## III.  PLAINTIFFS' REQUEST THAT THE COURT DELAY RULING ON STATE FARM'S AND HARTFORD'S GLOBAL MOTIONS SHOULD BE DENIED

As an alternative to their request to amend their complaints, plaintiffs request that the Court postpone ruling on State Farm's and Hartford's motions for thirty days to allow any potential or pending settlements to be completed. This request is untimely and unjustified.  The Court and the parties started this global process almost five months ago. *See* Rec. Doc. 11285. Both motions have been pending for over two (2) months.  State Farm initially set its motion for hearing on May 14, 2008. At the suggestion of this Court, State Farm, Hartford and **plaintiffs' liaison counsel** *jointly* moved the Court to continue the hearing until June 11, 2008. Plaintiffs have had ample opportunity to pursue settlement of these cases. Further, plaintiffs' reference to hypothetical "pending settlements" does not amount to reasonable grounds for the Court to further delay ruling on these motions. Thus, plaintiffs' request should be denied.

## IV.  CONCLUSION

For the reasons stated above and in State Farm's and Hartford's Global Motions, State Farm and Hartford respectfully request that their global motions be granted.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com;
smonsour@kingkrebs.com
*Attorneys for State Farm*

/s/ Seth Andrew Schmeeckle
Seth Andrew Schmeeckle, #27076
LUGENBUHL, WHEATON, PECK, RANKIN
  & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
sschmeeckle@lawla.com
*Attorneys for Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company and any improperly identified variant of the Hartford entities*