UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |  |
|  | * | NO. 05-4182 |  |
|  | * | and consolidated cases |  |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |  |
| *Boutte v. Lafarge*     05-5531 | * |  |  |
| *Mumford v. Ingram*   05-5724 | * |  |  |
| *Lagarde v. Lafarge*   06-5342 | * | JUDGE |  |
| *Perry v. Ingram*         06-6299 | * | STANWOOD R. DUVAL, JR. |  |
| *Benoit v. Lafarge*       06-7516 | * |  |  |
| *Parfait Family v. USA*  07-3500 | * | MAGISTRATE |  |
| *Lafarge v. USA*          07-5178 | * * | JOSEPH C. WILKINSON, JR. |  |

REPLY MEMORANDUM IN SUPPORT OF
LAFARGE NORTH AMERICA INC.'S MOTION
TO QUASH PLAINTIFFS' APRIL 30, 2008 DEPOSITION NOTICE AND
DOCUMENT DEMAND TO CENTANNI INVESTIGATIVE AGENCY

Lafarge North America Inc. ("LNA") submits this reply to address the arguments in plaintiffs' opposition [Doc. 13418] to LNA's motion to quash plaintiffs' deposition notice and document demand of Centanni Investigative Agency ("Centanni") [Doc. 13281].

1. **Plaintiffs' Purported "Narrowing" of their Deposition Notice and Document Demand Should be Rejected as Untimely Under Local Rule 37.1**

Plaintiffs' opposition purports to "narrow" the deposition topics and document demands from those set forth in plaintiffs' Rule 30(b)(6) notice. This belated effort to create a different Rule 30(b)(6) notice is procedurally improper and should not be condoned.

Local Rule 37.1 requires the parties to "confer in good faith" for the purpose of resolving any discovery dispute <u>before</u> a motion is filed, and authorizes the imposition of sanctions on a party that fails to do so.  The reason, of course, is to avoid the burdens on the Court and the moving party that are imposed where a party is forced to prepare and file a discovery motion because the other party has failed to confer in good faith.

Here, as set forth in the Local Rule 37.1 Certificate accompanying LNA's motion [Doc. 13281-4], LNA's counsel contacted plaintiffs' counsel in an effort to resolve the dispute over plaintiffs' Rule 30(b)(6) notice to Centanni, but plaintiffs did not agree to resolve the dispute. Accordingly, LNA prepared and, on May 28, 2008, filed  the instant motion to quash.

On June 2, 2008 – <u>five days after LNA filed its motion to quash</u> – plaintiffs' counsel sent LNA's counsel a letter purporting to narrow the categories of demanded topics and documents. Pl's Opp. Exh. 1.  Plaintiffs' opposition asks the Court to approve those new categories.

This Court should decline plaintiffs' invitation to rule on a deposition and document notice that is not the notice that plaintiffs filed and that was not proposed during the Local Rule 37.1 meet-and-confer process, but rather only after LNA had incurred the burden and expense of moving to quash the original Rule 30(b)(6) notice.  Allowing plaintiffs to ignore their obligations under Local Rule 37.1, and to do their narrowing only after the motion to quash has been filed, strips Local Rule 37.1 of its force and invites similar inappropriate and counter-productive conduct in the future.

For this threshold reason, LNA's motion to quash should be granted in its entirety.

### 2. In Any Event, Plaintiffs Are Not Entitled to Discovery on Their Two "Narrowed" Categories

Plaintiffs are also wrong in asserting that they are entitled to take Centanni's deposition on, and to obtain Centanni's documents relating to, the two supposedly "narrowed" subjects that plaintiffs enumerate in their opposition to LNA's motion to quash.

<u>Persons who called the number on the Centanni signs but were not interviewed</u>.

Plaintiffs assert first that they are entitled to demand that Centanni produce, and testify about, the names, addresses, numbers, and dates of contact for persons who called the phone number on the Centanni signs but who were <u>not</u> interviewed. Plaintiffs are wrong.

First, this topic is not even covered by plaintiffs' Rule 30(b)(6) notice. See LNA Motion to Quash at Exh. 1 [Doc 13281-3]. To the contrary, plaintiffs' notice asked for information about efforts at contact made on behalf of LNA.

Second, this demand is an improper end-run effort to obtain discovery from LNA. LNA's motion to quash showed that plaintiffs' demands to Centanni are in fact untimely and procedurally improper demands to LNA, which is the actual owner of any materials that Centanni may have. Plaintiffs' opposition does not even attempt any response to this point. This point is particularly apt with respect to plaintiffs' demand for a list of persons who called in response to the Centanni signs. Plaintiffs' interrogatories to LNA requested that very list, and LNA's response refused to provide it on work product grounds, as follows:

> **Interrogatory No. 17:**
>
> Please identify and state the full name, address, job title and employer of any and all persons and/or entities causing signs to be posted in the affected area asking witnesses to call (866) 360-3065 and/or (866) 370-2031, those responsible for initiating telephone company accounts relative to said numbers, and state the full names, addresses and phone numbers of any and all persons who responded by calling said numbers.

3

>  **Answer to Interrogatory No. 17:**
>
>  LNA objects on the basis of Fed. R. Civ. P. 26(b)(3) because this Interrogatory seeks the products of investigation by LNA and its counsel and representatives made in anticipation of litigation or for trial by LNA and its counsel and representatives. Subject to and without waiving this objection, LNA answers that the phone numbers referenced in this request were established, at counsel's request, by Centanni Investigative Agency, PO Box 23752, New Orleans, LA 70183-0752.

See Exh. 1 hereto. Plaintiffs did <u>not</u> move to compel any further response to this interrogatory prior to the close of discovery. Under the authorities cited in LNA's motion, and not rebutted in the opposition, plaintiffs cannot use third-party discovery against LNA's agent, Centanni, in an effort to reopen the expired discovery period against LNA.

Finally, as LNA's motion to quash showed without rebuttal from plaintiffs, the fruits of Centanni's investigative activities <u>are</u> protected work product. Plaintiffs have no right to appropriate the results of that work product effort for their own benefit. This is particularly true because there is, and can be, no argument that LNA's work product privilege has been vitiated with respect to persons who were <u>not</u> interviewed by Centanni, which is the set of persons covered by plaintiffs' first category.

<u>Physical evidence</u>.

Plaintiffs' opposition also asserts that they are entitled to obtain any physical evidence that Centanni collected from the class area or the Lower Ninth Ward, apart from the clocks and watches already made available for inspection. In particular, plaintiffs assert (at 4) that they are entitled to obtain, and then depose Centanni about, "videos, photographs, and witness-created written accounts other than the recorded interviews" obtained from the class area or the Lower Ninth Ward. Again, plaintiffs are wrong.

With respect to videos and photographs, Mr. Centanni has already declared under oath that "CIA obtained no photographs or videos as a result of any response to signs we posted in the Ninth Ward, or at any other time during any interviews of Lower Ninth Ward residents." [Doc. 12831-3, filed April 29, 2008.] Plaintiffs have no legitimate need to continue to burden both the Court and LNA with repeated demands for these non-existent materials.

With respect to any "witness-created written accounts other than the recorded interviews," undersigned counsel is informed that Centanni did not obtain any, and so the issue is a moot one.[1]

### 3. Plaintiffs' Asserted Right to "Possible Reinstatement" of the Withdrawn Portions of Their Notice Lacks Any Basis

Plaintiffs assert that they have merely "suspended" the other categories of their notice and that those categories are "subject to reinstatement" in the event LNA seeks to use Centanni as a witness or Judge Duval reverses this Court's rulings. LNA disagrees. The rules do not permit a party to issue "conditional" discovery demands. Nor should the rules allow it since, as this example shows, such demands impose substantial undue burdens on the other parties and the Court notwithstanding their supposedly "conditional" nature. Accordingly, LNA respectfully submits that the portions of the notice that plaintiffs have withdrawn no longer have any legal effect in this case.

---

[1] If any such documents did exist, however, they plainly would be protected work product to which plaintiffs are not entitled. This Court has already recognized that LNA has complied with its express obligation under Fed. R. Civ. P. 26(b)(3)(C) to produce any previous statement upon request by the person who made that statement. Plaintiffs' demand for materials beyond the limited scope of that Rule has no basis in the rules. To the contrary, LNA's motion to quash showed, without rebuttal in plaintiffs' opposition, that plaintiffs' demand invades LNA's work product protection for the results of its investigation and seeks to appropriate LNA's work product.

5

## CONCLUSION

      LNA's motion to quash the deposition and document demands to Centanni should be granted.

      Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

***Attorneys for Lafarge North America Inc.***

June 9, 2008

**Certificate of Service**

    I hereby certify that I have on this 9th day of June, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

                                        /s/ Derek A. Walker