UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 05-4182** |
| | * | **and consolidated cases** |
| **PERTAINS TO: BARGE** | * | |
| | * | **SECTION "K" (2)** |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | **JUDGE** |
| *Perry v. Ingram*           06-6299 | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | **MAGISTRATE** |
| | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

### LAFARGE NORTH AMERICA INC.'S
### RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Lafarge North America Inc. ("LNA"), hereby responds to the Interrogatories served by Plaintiffs in the above-captioned actions as follows:

### GENERAL OBJECTIONS

1.   LNA objects to each Interrogatory to the extent it purports to require any act not mandated by the Federal Rules of Civil Procedure.  LNA will respond to the Interrogatories in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2.   LNA objects to each Interrogatory to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production.  In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation.  That investigation continues to this day.  In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the

\* \* \*

To the extent this request calls for further information, LNA objects on the grounds that any further responsive information is not reasonably calculated to lead to the discovery of admissible evidence, are confidential, is subject to misuse by plaintiffs' counsel, and will place counsel for certain plaintiffs in a conflict-of-interest situation.

**INTERROGATORY NO. 17:**

Please identify and state the full name, address, job title and employer of any and all persons and/or entities causing signs to be posted in the affected area asking witnesses to call (866) 360-3065 and/or (866) 370-2031, those responsible for initiating telephone company accounts relative to said numbers, and state the full names, addresses and phone numbers of any and all persons who responded by calling said numbers.

**Answer to Interrogatory No. 17:**

LNA objects on the basis of Fed. R. Civ. P. 26(b)(3) because this Interrogatory seeks the products of investigation by LNA and its counsel and representatives made in anticipation of litigation or for trial by LNA and its counsel and representatives. Subject to and without waiving this objection, LNA answers that the phone numbers referenced in this request were established, at counsel's request, by Centanni Investigative Agency, PO Box 23752, New Orleans, LA 70183-0752.

**INTERROGATORY NO. 18:**

Please identify any and all persons and/or entities, if any, that you contend to be at fault for the breakaway of ING 4727, stating and describing as to each any and all facts, beliefs and/or opinions upon which you base your contention.

**Answer to Interrogatory No. 18:**

LNA has not claimed against any other party specifically for the breakaway of ING 4727. Rather, the breakaway of ING 4727 was an Act of God that occurred despite all due care exercised by LNA.

\* \* \*