UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
|     CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: ROAD HOME | * | |
|     *Acevedo*, 07-5199 | * | |
|     *Abram*, 07-5205 | * | |

*************************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, comes Defendant Liaison Counsel, Ralph S. Hubbard III, who submits the instant opposition on behalf of all insurer defendants remaining in *Acevedo, et al. v. AAA Insurance*, No. 07-5199 and *Abram, et al. v. AAA Insurance*, No. 07-5205 in response to the Plaintiffs' Motion for Leave to File Plaintiff's Second Amended Complaint for Damages filed in both suits. [Rec. Docs. 12905 and 12906].

**I.**      ***Abram* and *Acevedo* are Subject to the Insurance Umbrella Stay Orders in Effect**

On November 26, 2007 [Rec. Doc. 9227], the Court entered an order in which it "stay[ed] all proceedings in the Insurance Umbrella…." On January 4, 2008, the Court entered an additional order clarifying the scope of the original stay order wherein it stated that "all proceedings in the Insurance Umbrella are hereby completely stayed until further Order of the Court, including without limitation, discovery, any deadlines for responsive pleadings, ***or other motions***." [Rec. Doc. 10110, emphasis added.] Because Plaintiffs' two motions were filed in violation of these stay orders, the motions are due to be denied. Defendants in these particular

1

suits as well as defendants in other individual insurance suits consolidated in *In Re Katrina* have been precluded from filing motions by virtue of the stay orders.  Likewise, plaintiffs in these two matters should be precluded from unilaterally filing motions in contravention of the stay order.  Granting this motion potentially could be construed by practioners that the stay orders have been lifted thereby leading to significant motion practice in all of the individual insurance suits.  This would be contrary to the efforts to organize the *In Re Katrina* insurance litigation by way of the case management orders submitted on the 23rd and 30th days of May to Magistrate Judge Wilkinson.[1]

## II.     Consistent Approaches Should Be Maintained

The procedural posture of *Acevedo* and *Abram* further dictate the denial of these motions.  Both complaints name virtually every major property insurer in the State of Louisiana as a defendant.  On December 10, 2007, one insurer – State Farm – filed motions to dismiss the plaintiffs' claims against State Farm pursuant to Rule 12(b)(6) in both *Acevedo* and *Abram*.  *See* Rec. Docs. 9420 (*Acevedo*) and 9421 (*Abram*).  State Farm's motions requested that this Court dismiss all of the plaintiffs' claims against State Farm, with prejudice based on this Court's decision in *Chehardy* upholding State Farm's flood exclusion.  *Id*.  The Court effectively lifted the stay orders as to State Farm for the specific purpose of entertaining State Farm's two motions because State Farm's water damage exclusion was not at issue in *Sher v. Lafayette Ins. Co.*, --- So.2d ----, 2008 WL 928486, 2007-2441 (La. 4/8/08) (NO. 07-C-2443, 07-C-2441) when it contacted counsel to advise that it was proceeding with State Farm's motions and requested

---

[1] Presently pending before the Court are motions filed by State Farm [Rec. Doc. 12091] and Hartford [Rec. Doc 12151] filed pursuant to the Court's March 12 order [Rec. Doc 11613] to streamline water damage exclusion motion practice related to State Farm and Hartford and to which *Acevedo* and *Abram* are encompassed.  These motions are pending before Judge Duval.  The plaintiffs' instant motions should not be allowed to circumvent the motions filed by State Farm or Hartford.   Moreover, in response to the State Farm and Hartford omnibus motions concerning water damage exclusions, the Plaintiffs' Liaison Counsel requested that all plaintiffs should have an opportunity to amend their complaints, including *Acevedo* and *Abram*.  *See* Rec. Doc. 13285.

oppositions to same.  *See* e-mail communication from the Court to Seth Schmeeckle, Ralph Hubbard, Joseph Bruno, Steuart Barasch, and David Strauss dated January 21, 2008.

On January 24, 2008, this Court granted State Farm's motions to dismiss. [Rec. Doc. 10738] Finding that State Farm's motions "had merit," the Court dismissed all claims against State Farm with prejudice.  The remaining insurer defendants are entitled to the identical relief as a result of the Louisiana Supreme Court's ruling in *Sher*, *supra*.  However, as a result of the stay order in effect, the remaining insurer defendants have been precluded from seeking that relief.  The instant motions to amend should be denied, and the remaining insurer defendants should – upon the lifting of the stay order – be allowed to position themselves similarly to State Farm vis-à-vis the *Abram* and *Acevedo* complaints now that the law concerning the application of the water damage exclusions for the majority of insurers has  been settled.  The Court should avoid the creation of an anomalous situation among insurers due in large measure to the timing of decisions concerning the water damage exclusion.

    Respectfully submitted,

    /s/Ralph S. Hubbard
**Ralph S. Hubbard, III, T.A., La. Bar #7040**
**Seth A. Schmeeckle, La. Bar #27076**
**Insurer Defendants' Liaison Counsel**
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-Mail:	rhubbard@lawla.com
	sschmeeckle@lawla.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 9th day of June 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Ralph S. Hubbard
Ralph S. Hubbard