UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL | | * | |
| BREACHES | | * | |
| CONSOLIDATED LITIGATION | | * | CIVIL ACTION |
| | | * | |
| | | * | NO. 05-4182 |
| | | * | and consolidated cases |
| PERTAINS TO: BARGE | | * | |
| | | * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | | * | |

**REPLY MEMORANDUM IN SUPPORT OF
LAFARGE NORTH AMERICA INC.'S AND NEW JOURDAN'S
MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**

Lafarge North America Inc. ("LNA") and New Jourdan LLC ("New Jourdan") submit this brief reply to address plaintiffs' arguments in their opposition [Doc. 13414] to LNA's and New Jourdan's Motion for Protective Order and Motion to Quash Plaintiffs' Deposition Notice to New Jourdan. [Rec. Doc. 13288].

1129171-1

1.      **Plaintiffs offer no valid reasons for repetitive discovery from New Jourdan.**

As plaintiffs know from prior discovery in this case, New Jourdan was formed to hold title to the Jourdan Avenue property as part of LNA's settlement with the Murphs. The Murphs transferred title to New Jourdan because the insurer that funded the settlement did not want to hold real estate. Plaintiffs know details concerning New Jourdan's involvement through LNA's prior production of the settlement agreement, New Jourdan's prior production of documents, documents that plaintiffs obtained by subpoena from third parties, and those that are available in public records.

Plaintiffs now seek more, based on continuing speculation that LNA settled with the Murphs to influence Mr. Murph's testimony concerning what he observed during Hurricane Katrina. As detailed in LNA's and Harry Holladay's motion for protective order and motion to quash, and reply memorandum in support of that motion, plaintiffs have no basis to continue their discovery on this issue.[1]

Moreover, plaintiffs already obtained more information concerning the Murph settlement than this Court allowed them to obtain from LNA directly. *See* Rec. Doc. 12605 dated April 21, 2007, and No. 05-4182 at 12-13, and Rec. Doc. 535 dated February 15, 2007, in No. 05-4419 at 23-24. They should not now be allowed even more improper and repetitive discovery on this issue from New Jourdan.

Furthermore, discovery should be limited where, as here, there is no reason for the inquiry, because the information sought has already been obtained "by prior deposition or other means of discovery." Wright Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2037. Plaintiffs do not argue that they seek new information from New Jourdan but rather

---

[1] LNA and New Jourdan adopt the arguments in LNA's and Harry Holladay's memorandum and reply memorandum in support of motion for protective order and motion to quash herein by reference.

1129171-1                                         2

want "an explanation regarding the documents produced" and "clarification" of the "inner workings of New Jourdan." Plaintiffs' opposition memorandum, at 8. Given New Jourdan's limited role, and the documents and information plaintiffs already have in their possession, plaintiffs' repetitive discovery is unduly burdensome and the Court should stop it, especially where the Court has already stopped such discovery against LNA itself.

Finally, plaintiffs assert that they have appropriately limited "the areas of proposed examination of New Jourdan" (plaintiffs' opposition at p. 6). However, they seek everything conceivably related to the Murph settlement, plus "any and all other relevant factual matters." This is clearly beyond the scope of permissible discovery.

## CONCLUSION

This Court should grant LNA's and New Jourdan's motion for protective order and to quash the deposition notice to New Jourdan.

    Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

1129171-1      3

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

*Attorneys for Lafarge North America Inc.*

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for New Jourdan L.L.C.*

## Certificate of Service

I do hereby certify that I have on this 9th day of June, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.


/s/ Derek A. Walker