# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO | § | |
| | § | |
| FILED IN:   05-4181, 05-4182, 05-5237, 05-6073, | § | |
| 05-6314, 05-6324, 05-6327, 06-0225, | § | |
| 06-0886, 06-1885, 06-2152, 06-2278, | § | |
| 06-2287, 06-2824, 06-4024, 06-4065, | § | |
| 06-4066, 06-4389, 06-4634, 06-4931, | § | |
| 06-5032, 06-5155, 06-5159, 06-5161, | § | |
| 06-5260, 06-5162, 06-5771, 07-0206, | § | |
| 07-0621, 07-1073, 07-1271, 07-1285 | § | |
| | § | |

**REPLY IN SUPPORT OF DEFENDANTS WASHINGTON GROUP INTERNATIONAL, INC.'S AND THE UNITED STATES' JOINT MOTION TO STRIKE ADDITIONAL SUB-CLASS REPRESENTATIVES FROM PARAGRAPH 13.B OF AMENDED MRGO CONSOLIDATED CLASS ACTION COMPLAINT**

The MRGO Plaintiffs' Opposition (Doc. No. 13417) fails to address much of the substance of the Defendants' Joint Motion to Strike Additional Sub-Class Representatives from the MRGO Class Action Complaint (Doc. No. 13074-2), and more importantly, does not provide the Court with the necessary showing of good cause to belatedly amend their Complaint. Accordingly, WGII and the United States (collectively, the "Defendants") respectfully submit this Reply in support of their Motion to Strike.

930460v.1

# I.   WGII Properly Moved To Strike An Untimely And Unauthorized Amendment To The MRGO Complaint

The MRGO PSLC's argument that WGII "has no standing to complain" about the plaintiffs' untimely attempt to amend their Complaint *without* permission from this Court is baseless.  Pls.' Opp. (Doc No. 13417) at 3.  The Amended MRGO Complaint, like the original MRGO Complaint (Doc. No. 3415), alleges that WGII's activities in the East Bank Industrial Area ("EBIA") prior to Hurricane Katrina caused damage to proposed members of the so-called "Lower Ninth Ward And St. Bernard Sub-Class."  Amended MRGO Compl., § VIII ("Count III").  This proposed Lower Ninth Ward And St. Bernard Sub-Class is defined as:

> All individuals and entities (both private and public, both natural and juridical) in the lower Ninth Ward of the Parish of Orleans (that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and the parish of St. Bernard, and to the South of the Gulf Intracoastal Waterway/MR-GO) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

*Id.*, ¶ 13B.  *See also* Levee and MRGO Plaintiffs' Consolidated Brief In Support of Motions For Class Certification (Sept. 10, 2007) (Doc No. 7489), Exs. C & F.  Although Count III of the Amended Complaint now purports to limit WGII's liability to only part of the geographic region within the Lower Ninth Ward And St. Bernard Sub-Class (*i.e.,* "from Orleans Parish to Paris Road"), the undisputed fact remains that the "Class Action Allegations" of the Amended MRGO Complaint as they relate to WGII have not changed at all.  *See* Amended MRGO Compl., § V. In other words, as a named Defendant in the Amended MRGO Complaint, WGII still must oppose certification of the "Greater New Orleans Class" and the entire "Lower Ninth Ward And St. Bernard Sub-Class."  *Id.*, ¶¶ 12, 13B.

930460v.1

Moreover, in accordance with this Court's Case Management Order, *all* MRGO Defendants shared the same class-certification experts, *all* Defendants named in connection with the Lower Ninth Ward And St. Bernard Sub-Class jointly investigated and deposed the same proposed representatives, and *all* MRGO Defendants submitted a single Opposition to Plaintiffs' motion for class certification. *See* CMO No. 4 (Doc. No. 3299), §§ III(C)-(E).  The addition of new proposed representatives to the Lower Ninth Ward And St. Bernard Sub-Class therefore means that, at a minimum, *all* remaining Defendants sued in connection with this sub-class will need to take additional fact discovery, take additional expert discovery, and revise their joint Opposition brief.  Accordingly, unless and until WGII is wholly *removed* as a Defendant with respect to the Lower Ninth Ward And St. Bernard Sub-Class, WGII has every right to complain about any untimely amendment to the MRGO Complaint that affects that sub-class.

## II.  Plaintiffs Have Not Made The Requisite Showing of "Good Cause" Necessary To Amend Their Complaint

As Plaintiffs apparently concede, to amend their MRGO Complaint at this late stage, they must show "good cause," which requires consideration of:  "the explanation for the failure to timely move for leave to amend; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'"  *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citation omitted); Pls.' Opp. (Doc. No. 13417) at 3-4 (citations omitted).  Not only did Plaintiffs fail to make this requisite showing *before* amending their Complaint—as required under the Court's Case Management Order and the Federal Rules—but they also fail to make that showing now, in their recently-filed Opposition brief (Doc. No. 13417).  *See* CMO No. 4 (Doc. No. 3299), § II(A); Fed. R. Civ. P. 16(b).

**A.    Plaintiffs have no valid explanation for their failure to timely move for leave to amend.**

The MRGO PSLC has not cited a single legitimate reason for waiting until February 28, 2008, to add four new representatives to the Lower Ninth Ward and St. Bernard Sub-Class.  To the contrary, the MRGO plaintiffs admit that as early as July 2007, their experts from Delft University in the Netherlands had "determined that Paris Road would be a high ground area that would provide a clear line of demarcation for the area. . . . with only the Government as a defendant for the area east of Paris Road, and both the Government and WGI as defendants west of Paris Road."  Pls.' Opp. (Doc. No. 13417) at 2.  At that time, Plaintiffs had no sub-class representatives from the area east of Paris Road.  Yet at no time between July 2007 and February 2008, did the MRGO plaintiffs take action to address the discrepancy between their experts' new theory and the class allegations in the MRGO Complaint.  This "new" discovery in July 2007 by the Plaintiffs, if pertinent, should have appeared during discovery and briefing that was concluded prior to the scheduled November 2007 class certification hearing.

The fact that "Barge litigation was brought under the Katrina levee breach umbrella" as of September 18, 2007, *see* CMO No. 5 (Doc. No. 7724), provides no justification for the plaintiffs' failure to add any new sub-class representatives *prior* to the completion of class-certification discovery and briefing in the MRGO litigation.  Pls.' Opp. (Doc. No. 13417) at 2, 4.  Defendants joint Opposition to Class Certification in MRGO (Doc. No. 8286) was filed on October 9, 2007, some three months after Plaintiffs' "new" discovery.  Moreover, the parties, the allegations, and the experts involved in the Barge litigation are substantially different from those in the MRGO litigation.  Accordingly, class-certification discovery and briefing in the Barge

4

litigation are proceeding separately from the MRGO litigation.[1]  There is no logical connection between the addition of the Barge litigation to the Katrina levee breach umbrella and any requirement that the MRGO plaintiffs add four new proposed representatives to the Lower Ninth Ward and St. Bernard Sub-Class.   If the MRGO plaintiffs did not require sub-class representatives from the area east of Paris Road in July 2007 when their experts first "determined that Paris Road would be a high ground area that would provide a clear line of demarcation for the area," then the addition of the Barge litigation to the Katrina levee breach umbrella certainly does not provide good cause to add them now.[2]

> **B.    The Defendants will be prejudiced by the belated addition of proposed sub-class representatives to the MRGO Complaint**

As described in Defendants' Motion to Strike, both the United States and WGII will suffer prejudice if the plaintiffs' recently-added amendment to the MRGO Complaint is not stricken.  Mot. to Strike (Doc. No. 13074-2) at 5-6.  Unable to dispute this fact, the plaintiffs simply claim that "the Government is not as prejudiced by this [addition of new sub-class representatives to the MRGO case] as it would have the court believe" because, in the Robinson case, there is a plaintiff "whose damaged property . . . lies east of Paris Road as well."  Pls.' Opp. (Doc. No. 13417) at 4.  Plaintiffs' argument is, again, without any logical basis.  Defendants have

---

[1]    In fact, Case Management Order No. 7 expressly recognizes that class-certification discovery and briefing are complete in MRGO.  See CMO No. 7, § III (Doc. No. 12935).  The only dates relating to class certification discovery and briefing in CMO No. 7 are those applicable to the Barge parties.  Id.

[2]    Moreover, the plaintiffs' contention that the "MRGO PSLC followed the directives of the Court's Order of January 30, 2008" when it filed its Amended Complaint, which included the names of four new proposed sub-class representatives, is patently untrue.  See Pls.' Opp. (Doc. No. 13417) at 5-6.  As already explained in Defendants' Motion to Strike, the Court's January 30, 2008 Order plainly did not grant plaintiffs leave to amend their MRGO Complaint with respect to any allegations relating to the area east of the IHNC.  See Motion to Strike (Doc. No. 13074-2), at 1-4.

930460v.1

opposed class certification in this case because, *inter alia*, there are an overwhelming number of issues that inevitably will require individualized proof from each class member at trial.  *See* MRGO Defendants' Joint Mem. In Opp. To Pls.' Mot. for Class Certification, Oct. 9, 2007 (Doc. No. 8286) at 60.  Indeed, the nature of and/or the cause of damage to a plaintiff in the <u>Robinson</u> case that happens to live east of Paris Road says absolutely nothing about the nature of and/or cause of damage to the four recently added sub-class representatives in MRGO.  (For example, during class-certification discovery, Defendants learned that a house on one part of a street might have been destroyed by a falling tree, while a house on another part of the same street might have been destroyed by flooding, by wind, by rain, or by all of the above. *Id.* at 65.)

Thus, at a bare minimum, if the plaintiffs' amendment is not stricken:  Plaintiffs will have to amend their Motion for Class Certification; Defendants will have to investigate and depose each new sub-class representative; Defendants' expert on property valuation and damage assessment issues, Michael W. Truax, MAI, will have to inspect the proposed new representatives' property and amend his expert report; Defendants' expert on forensic investigations of structure failures, moisture intrusion and wind damage, James Danner, P.E., will have to inspect the proposed new representatives' property and amend his expert report; and Defendants' will have to submit a revised Opposition to Class Certification.  All of these endeavors are time consuming, costly and extraordinarily burdensome given that the MRGO Defendants *already completed* their fact discovery, expert discovery and extensive briefing on class-certification issues in this litigation more than seven months ago.

Finally, the fact that the Government (or WGII) "waited over two (2) months to file the instant Motion to Strike" should not have any bearing on the validity of Plaintiffs' unauthorized amendment.  Appropriately, Defendants' counsel undertook negotiations with

Plaintiffs' Liaison Counsel regarding the unexplained and unauthorized addition of four proposed representatives to the Lower Ninth Ward and St. Bernard Sub-Class immediately upon receiving the Plaintiffs' Amended Complaint.  Plaintiffs' Liaison Counsel indicated that Plaintiffs might be willing to revise the Amended Complaint to remove the new proposed class representatives only if the United States stipulated that it would not oppose certification of the Lower Ninth Ward and St. Bernard Sub-Class on the ground that no proposed representatives resided east of Paris Road. This issue was addressed repeatedly in subsequent discussions with Plaintiffs' Liaison Counsel, Joseph Bruno.  It was not until one week prior to the filing of Defendants' Joint Motion to Strike that Mr. Bruno finally informed WGII's counsel that an agreement could not be worked out, and the four proposed new sub-class representatives would not be removed from the Amended MRGO Complaint.  Defendants have consistently and diligently opposed the proposed new sub-class representatives, and good-faith efforts to resolve this dispute should in no way undermine the Defendants' position.

## CONCLUSION

Considering Plaintiffs' unjustified delay, their disregard for the procedures set forth by this Court, and the substantial prejudice Defendants would suffer if Plaintiffs' amendment were allowed, Defendants respectfully request that the Court strike the Plaintiffs' four new proposed sub-class representatives from paragraph 13.B of the Amended MRGO Complaint.

930460v.1

Dated:       June 10, 2008                    Respectfully submitted,


/s/Heather S. Lonian _____
William D. Treeby, Bar No. 12901
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:
Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

Attorneys for Defendant
Washington Group International, Inc.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

/s/ Robin D. Smith _____
ROBIN D. SMITH
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov

Attorneys for Defendant United States

8

930460v.1

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing Reply in Support of Defendants Washington Group International Inc.'s and the United States' Joint Motion to Strike Additional Sub-Class Representatives From Paragraph 13.B of Amended MRGO Master Consolidated Class Action Complaint has been served upon Joseph Bruno, Plaintiffs' Liaison Counsel, this 10th day of June, 2008.

/s/Heather S. Lonian
Heather S. Lonian

930460v.1