UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES			CIVIL ACTION
   CONSOLIDATED LITIGATION
                   NO. 05-4182 "K" (2)

PERTAINS TO:  ALL INSURANCE			JUDGE DUVAL
                         MAG. WILKINSON

## POST-SHER INSURANCE UMBRELLA
## CASE MANAGEMENT ORDER

  The Louisiana Supreme Court in <u>Sher v. Lafayette Ins. Co.</u>, No. 07-C-2441, 2008 WL 928486, at *6-7 (La. Apr. 8, 2008), and the United States Fifth Circuit Court of Appeals in <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 214 (5th Cir. 2007), have issued their rulings.  Essentially, both courts have ruled that the exclusions in Louisiana homeowners' insurance policies of coverage for damages caused by the flood that resulted from the various levee breaches in the aftermath of Hurricane Katrina are valid and unambiguous.

  Since that time Liaison Counsel have conferred with the court, most recently on June 12, 2008, and submitted their proposals and comments concerning proposed case management orders in the Insurance umbrella of the captioned consolidated litigation. Having considered the input of counsel and the record in these proceedings, and pursuant to Fed. R. Civ. P 16, further proceedings in the Insurance category of cases will proceed as follows:

**IT IS ORDERED** that all claims asserted by plaintiffs in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning such a flood claim, are DISMISSED WITH PREJUDICE. Any defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008**.

The Insurance umbrella of the captioned consolidated litigation was established because all of the cases included the common flood coverage claim described above. The flood coverage issue that was the reason for consolidation no longer exists. Thus, <u>with the exception of Aaron</u> 06-4746, <u>Connie Abadie</u> 06-5164, <u>Susan Abadie</u> 07-5112, <u>Abram</u> 07-5205, <u>Rafael Acevedo</u> 07-5208, <u>Rafael Acevedo</u> 07-5199, <u>Aguilar</u> 07-4852, <u>Jerald Alexander</u> 07-4538, <u>Aguda</u> 07-4457, <u>Robert Adams</u> 07-4459, <u>Allen-Perkins</u> 07-5204, <u>Debra Adams</u> 07-5206, <u>Anderson</u> 07-6737, <u>Alvin Alexander</u> 07-5768, <u>Penny Alexander</u> 07-4455, <u>Ansardi</u> 07-5767, <u>Aucoin</u> 07-4458, <u>Call</u> 07-5769, <u>Robert</u> 07-6162, <u>Kiefer</u> 06-5370, <u>Austin</u> 06-5383 and <u>Allen</u> 07-5111, all of which are mass joinder cases that may benefit from separate consolidated treatment, in a final effort to permit the parties to these cases (which are <u>not</u> excepted from this order above) one last opportunity to settle their

cases in an efficient and cost-effective manner before the cases are deconsolidated and set for trial, **IT IS FURTHER ORDERED** that, no later than **July 14, 2008**, all plaintiffs, either through their counsel or on their own if they are proceeding pro se, must submit to counsel for the appropriate defendants in their particular case a written settlement offer.

To maximize settlement possibilities and to facilitate the receipt of a good faith counteroffer from defendants, plaintiffs and/or their counsel are encouraged to attach to their settlement offer the following information:

1. a contractor's estimate or other estimate of the claimed damage to the structure;
2. a list, including the estimated value, of any personal property being claimed;
3. receipts or other documents concerning any additional living expenses, business income or business extra expense being claimed;
4. an explanation or report stating how the damage was caused by a covered peril;
5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and
7. a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insurer and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption).

**IT IS FURTHER ORDERED** that, no later than **August 14, 2008**, counsel for defendants must evaluate the settlement offers and provide plaintiffs with a written

settlement counteroffer. To maximize settlement possibilities, defendant(s) are encouraged to attach to their response their adjusters' or contractors' estimate of damage and any other documentation supporting their position.

**IT IS FURTHER ORDERED** that, no later than **September 12, 2008**, all parties in each of the consolidated cases, except Aaron 06-4746, Connie Abadie 06-5164, Susan Abadie 07-5112, Abram 07-5205, Rafael Acevedo 07-5208, Rafael Acevedo 07-5199, Aguilar 07-4852, Jerald Alexander 07-4538, Aguda 07-4457, Robert Adams 07-4459, Allen-Perkins 07-5204, Debra Adams 07-5206, Anderson 07-6737, Alvin Alexander 07-5768, Penny Alexander 07-4455, Ansardi 07-5767, Aucoin 07-4458, Call 07-5769, Robert 07-6162, Kiefer 06-5370, Austin 06-5383 and Allen 07-5111, must confer with each other and advise Magistrate Judge Wilkinson in writing whether the case presents a strong likelihood of settlement. Based on these submissions, Magistrate Judge Wilkinson will determine on the papers or through whatever conference, hearing or other process he deems appropriate, whether a court-conducted settlement conference or a private mediation should be scheduled or whether the case should be deconsolidated, separated from the Insurance umbrella, reallotted to the originally assigned district judge and magistrate judge, and set for trial. Magistrate Judge Wilkinson is hereby specifically authorized to issue any transfer order, deconsolidation order, or other appropriate non-dispositive order concerning these matters.

The failure of any party to comply with this order may result in the imposition of sanctions or the setting of the case for trial without any further input from the parties.

The parties have submitted to the court separate proposed case management orders with special procedures for Aaron 06-4746, Connie Abadie 06-5164, Susan Abadie 07-5112, Abram 07-5205, Rafael Acevedo 07-5208, Rafael Acevedo 07-5199, Aguilar 07-4852, Jerald Alexander 07-4538, Aguda 07-4457, Robert Adams 07-4459, Allen-Perkins 07-5204, Debra Adams 07-5206, Anderson 07-6737, Alvin Alexander 07-5768, Penny Alexander 07-4455, Ansardi 07-5767, Aucoin 07-4458, Call 07-5769, Robert 07-6162, Kiefer 06-5370, Austin 06-5383 and Allen 07-5111, which the court is considering.

New Orleans, Louisiana, this ___13th___ day of June, 2008.

```
                              _____
                                   STANWOOD R. DUVAL, JR.
                                 UNITED STATES DISTRICT JUDGE


                              _____
                                   JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE
```