UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION NO. 05-4182 "K" (2) |
| | * | |
| ------------------------------------------------------- | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO:<br>INSURANCE (2007-08772) | * | |
| | * | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NON-PARTY PILOT CATASTROPHE SERVICES, INC.'S OBJECTION TO AND MOTION TO QUASH RULE 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION

**MAY IT PLEASE THE COURT:**

Pilot Catastrophe Services, Inc. ("Pilot"), a non-party to the above civil action, files the following Supplemental Objection to and Motion to Quash 30(b)(6) Notice of Videotaped Deposition ("Deposition Notice") :

Plaintiffs oppose Pilot's Motion to Quash on the grounds that Pilot conducted business in the State of Louisiana following Hurricanes Katrina and Rita. Plaintiffs contend that the person Pilot would produce for its 30(b)(6) deposition *might* be a Louisiana resident or *might* transact business regularly in Louisiana. That is not enough to defeat Pilot's motion.

Rule 30(b)(6) of the *Federal Rules of Civil Procedure* allows the corporate deponent, *not* the attorney signing a subpoena, to designate who will testify. Pilot is not going to designate a person located in Louisiana or regularly transacting business in Louisiana as its corporate

representative for purposes of a deposition in this case.  In fact, the person or persons most likely to be the Pilot representative, if the deposition goes forward, do not reside in Louisiana or regularly conduct business in Louisiana, but instead reside in Alabama.  Accordingly, Plaintiffs cannot require those persons to travel to Louisiana for a deposition.  Despite efforts to amicably resolve this dispute without court intervention, the parties were unable to reach a mutually acceptable agreement.

In addition to the grounds previously asserted, Pilot objects to the subpoena and moves this Court to quash the subpoena on the following additional grounds:

**1.     <u>The subpoena violated a court-ordered stay</u>**

On January 4, 2008, Judge Duval issued the following Order which clearly stayed all proceedings in the consolidated insurance cases: "For the reasons stated by the Court in its November 26, 2007 Minute Entry, all proceedings in the Insurance Umbrella are hereby completely stayed until further Order of the Court, **including without limitation discovery**, any deadlines for responsive pleadings, or other motions."  *See* Record Document number 10110.  Plaintiffs did not seek leave of Court to lift the stay to conduct discovery prior to unilaterally noticing Pilot's deposition; thus, Plaintiffs violated the Stay Order.  Although the parties have now apparently agreed to bifurcate the case from the consolidated cases and proceed with the litigation, the stay was not lifted when the subpoena was issued, and, therefore, the subpoena was issued in violation of Judge Duvall's Order.  As a non-party, Pilot was unaware of this fact at the time of the original Motion to Quash was filed.

**2.    Simultaneous lawsuits**

Plaintiffs' claims are the subject of a second suit currently pending before this Court captioned *Connie Abadie et al. v. Aegis Security Insurance Company, et al.*, 06-5164, Section K, Magistrate 2. Counsel for Allstate has advised that Allstate has contacted Plaintiffs' counsel in both suits and is attempting to negotiate a dismissal of one of the suits without Court intervention. However, Pilot should not be forced to respond to discovery for the same claim in two separate actions. Thus, Pilot respectfully submits that the deposition should not go forward until one of the suits is dismissed.

**3.    Substantive objections**

The deposition notice identifies *twenty-seven* (27) topics for examination, and *twenty-seven* (27) document requests. Pilot is not a party to the lawsuit, and has no knowledge of the claims in the lawsuit.

The lawsuit apparently relates to claims against Allstate relating to insurance policies issued by Allstate and damages to property sustained during Hurricane Katrina. Pilot, which is not a party to this lawsuit, is an insurance adjusting firm that performed some adjusting services for Allstate following Hurricane Katrina. The subpoena seeks proprietary, trade secret, and confidential documents and records of Pilot that, if revealed, would be highly detrimental and damaging to Pilot's business relationship with Allstate and Pilot's other past, current, and potential customer clients. Such information would also give Pilot's competitors an unfair advantage in a highly competitive business. Production of some of the documents also will invade the privacy and confidentiality of Pilot's employees.

Specifically, and in addition to the objections stated above, Pilot objects to the requests as follows:

### Requests 1 through 5

These requests deal with documents pertaining specifically to the Newman residence. Such documents typically are not retained by Pilot, but are turned over to Allstate when a file is closed. Plaintiffs should seek those documents from Allstate, which, unlike Pilot, is a party to the lawsuit. Because those documents should be available from a party, Pilot should not have to bear the burden and expense of locating and producing those documents – if Pilot even has possession of such documents.

### Requests 6 through 27

These requests seek almost every imaginable type of document pertaining to the adjustment of insurance claims and the relationship between Pilot and Allstate. Pilot objects on the grounds that the requests seek confidential and proprietary information and business records of Pilot which, if released could adversely impact and seriously damage and disrupt Pilot's business, its business relationship with Allstate, its business relationship with its other past, current or future client customers, and its relationship with current and former adjusters who have worked for Pilot, and put it at a severe competitive disadvantage with its competitors who could use the information to injure or damage Pilot's business relationship with its customer clients and potential customers. The documents referenced could reveal confidential information which, if made public, would put Pilot at a competitive disadvantage as the competitors would have confidential, proprietary information of Pilot's business practices. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (court must quash or modify a subpoena that "requires disclosure of privileged or

other protected matter"). For example, Plaintiffs seek information regarding pricing software used by Pilot when that software is subject to licensing and confidentiality agreements. Pilot also states to the Court that it is a closely held family corporation and that it closely guards and protects it business records and information relating to its goods and services and financial matters. Additionally, such request is unreasonably burdensome and, if allowed, will provide totally irrelevant information as to Pilot, a non-party, whose financial status and services are not at issue; moreover, many of the requests are not even limited to Hurricane Katrina or otherwise limited in time or scope. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv) (court must quash or modify subpoena that "subjects a person to undue burden"); 45(c)(3)(B)(i) (court may quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information"). Therefore, Pilot respectfully objects and, if Plaintiffs insist, requests a Protective Order preventing and precluding the Plaintiffs obtaining such information or documents.

Pilot, a nonparty, is not aware of the status of discovery in this case. Rather than forcing Pilot to produce documents such as "all documents provided to you from Allstate to assist in adjusting Hurricane Katrina claims," Plaintiffs should first seek discovery from Allstate and the actual parties to this lawsuit could then resolve any disputes as to what can or should be produced. Requiring Pilot, a non-party, at its own time and expense, to provide such information, while risking damage to its relationship with Allstate and others, is simply unreasonable and unduly burdensome. This is particularly true when there has been no discovery and, in fact, Plaintiff has not even filed Initial Disclosures.

**Other objections**

In addition to the grounds for a protective order set forth above, Pilot states the following objections to the discovery:

a. Objection to the extent that the requests and topics, separately and severally, are not reasonably calculated to lead to relevant, admissible evidence or are otherwise not needed to resolve the issues of this civil action.

b. Objection to the extent that information which is sought is privileged, proprietary, confidential, and/or trade secret.

c. Objection to the extent that the information is available to the Plaintiffs from other sources -- namely, Allstate, a party to this lawsuit -- and/or would be unduly and unreasonably burdensome for Pilot to locate.

d. Objection to the extent that the requests and topics, separately and severally, are each phrased in a misleading manner, assume facts which are not in existence, assume incorrect facts, and/or provide insufficient facts and information to allow the non-party to reasonably interpret and respond to each request.

e. Objection to the extent that information sought is attorney work product and/or attorney-client privileged communications.

f. Objection because the requests are overly burdensome and irrelevant.

g. Objection to the extent that terms used in the discovery are ambiguous, vague, and/or overly broad.

h. Objection to the extent that the information seeks information that invades or may invade the privacy of Pilot or an employee.

      i.      Objection based on improper service.

      j.      Objection based on failure to reasonably limit a request in time and scope.

**WHEREFORE**, Pilot respectfully requests that this Court quash the Deposition Notice stating that Pilot does not have to otherwise respond to the Deposition Notice.

    Respectfully submitted,

    *CHOPIN, WAGAR, RICHARD & KUTCHER, LLP*

    By:   */s/ Robert A. Kutcher*
         **ROBERT A. KUTCHER (T.A.) (#7895)**
         **NICOLE S. TYGIER (#19814)**
         **CASSIE E. FELDER (#27805)**
         Two Lakeway Center, Suite 900
         3850 N. Causeway Boulevard
         Metairie, Louisiana 70002
         Telephone: (504) 830-3845
         Facsimile: (504) 836-9543

    *Attorneys for Pilot Catastrophe Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I emailed and faxed the foregoing document and the notice of electronic filing to any non-CM/ECF participant.

    */s/ Robert A. Kutcher*