## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL | * | |
| BREACHES | | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*    05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*    06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*    06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*    07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## MEMORANDUM IN SUPPORT OF THE MOTION OF LAFARGE NORTH AMERICA, INC. FOR RULE 37 SANCTIONS AGAINST PLAINTIFFS

On April 29, 2008, this Court ordered plaintiffs to supplement their inadequate written responses to defendant's Interrogatories and Requests for Production and to make all responsive documents available to defendant's counsel no later than May 29, 2008 (Rec. Doc. 12824) (Exh. 1 hereto).  Among other things, the Court ordered "each and every named plaintiff in any of the referenced cases" to provide "timely, complete discovery responses" and warned that "[i]f particular plaintiffs fail to comply, they may be subject to sanctions, possibly including dismissal." *Id.* at 3.

In wholesale violation of this Court's Order, there are scores of plaintiffs who have produced *no discovery whatsoever.*  Lafarge North America, Inc. ("LNA") moves for the sanction of dismissal of these plaintiffs' claims under Fed. R. Civ. P. 37(b)(2)(A), based on their total failure to obey the Court's discovery order.  Dismissal is necessary and proper in light of

these plaintiffs' complete refusal to produce any discovery over an extended period of time and the resulting prejudice to LNA's ability to defend against their claims. Dismissal of these claims is also the only way that the remaining "Barge" cases can be made "ready to be tried to judgment in July 2009," as this Court has also ordered. Rec. Doc. 13500.

In addition, the plaintiffs who have provided at least some discovery have nevertheless refused or otherwise failed to provide many of the key documents or answers expressly required by this Court's prior order compelling discovery. As to these plaintiffs, LNA seeks sanctions under Rule 37(b)(2)(A) directed toward the specific claims affected by the non-compliance and toward the proposed "class representative" status of the non-compliant plaintiffs.

## BACKGROUND

The "Barge" track consists of several consolidated actions alleging that plaintiffs suffered damages from Hurricane Katrina which they attribute, in whole or in part, to a barge that had been moored at LNA's cement terminal prior to the storm. These actions are: *Mumford* (10 individual plaintiffs); *Boutte* (3 individual plaintiffs); *Benoit* (21 individual plaintiffs); *Parfait* (over 120 individual plaintiffs); *Lagarde* (6 individual plaintiffs); and *Perry* (2 individual plaintiffs). Four of the cases – *Mumford, Boutte, Benoit,* and *Parfait* – are styled as class actions in which the individual plaintiffs seek damages not only individually, but also on behalf of absent class members of variously-defined putative classes. In Case Management Order No. 5 (Rec. Doc. 7724), this Court set a discovery schedule to govern all of the consolidated actions. The Order provided that "all written discovery (interrogatories, requests for production and requests for admissions) to other parties in these cases must be issued no later than October 12, 2007" and that responses must be provided "no later than November 30, 2007." Written

2

discovery is not limited to any specific subject matter; to the contrary, CMO #5 requires that "all" written discovery be completed within the requisite period.

On October 12, 2007, LNA (together with Zito) propounded written discovery to the plaintiffs. Consistent with CMO #5, the requests address class certification and the merits of plaintiffs' claims. After an extension was granted, LNA received certain plaintiffs' responses to its written discovery requests on December 28, 2007. Certain plaintiffs supplemented these responses on January 24-25, February 7, and February 15, 2008. The responses and the supplemented responses were incomplete, inadequate, and did not comply with the Federal Rules of Civil Procedure. On March 18, 2008, LNA was forced to file a motion to compel responses from the plaintiffs.

On April 29, 2008, this Court granted LNA's motion on virtually every point raised in the motion. Rec. Doc. 12824 ("Order").[1] The Court ordered plaintiffs who had not responded to discovery to produce timely and complete responses and stated that plaintiffs who failed to do so "may be subject to sanctions, possibly including dismissal of their claims upon an appropriate motion by Lafarge." Order at 3.[2] The Court also ordered plaintiffs to supplement their responses to certain interrogatories and requests for production to identify responsive documents by Bates number or to clearly state that they have no responsive documents. Order at 10-14.

---

[1] The Court denied as moot LNA's motion to require the plaintiffs to produce a privilege log, but only because plaintiffs had belatedly complied by producing a privilege log after LNA had filed its motion but before the Court decided the motion. Order at 3.

[2] Although the Order did not apply to the *Parfait* plaintiffs, whose cases had been stayed, the Court admonished those plaintiffs that their responses would need to be "timely prepared and provided _after_ the stay is lifted." Order at 2-3 n.1. The stay of the *Parfait* claims was lifted on May 7, 2008, Rec. Doc. 13003 (vacating stay order, Rec. Doc. 12713), and this Court's order compelling discovery became applicable to those plaintiffs on that date. The *Parfait* plaintiffs had more than a month to comply with the Order, but did not do so. Accordingly their claims are included in this motion. While LNA recognizes that the Court has recently stayed and closed the *Parfait* claims as a sanction for other conduct by plaintiffs' counsel, Rec. Doc. 13525, that unrelated sanction should not prevent the imposition of sanctions as requested in this motion, and in fact it supports LNA's requested relief, as it further makes clear that plaintiffs' conduct will prevent these cases from being tried in July 2009 as the Court has ordered.

3

In response to the order, certain plaintiffs supplemented their discovery responses on May 27, 2008.  (Exhs. 2 and 3 hereto).  However, even these supplemental responses did not comply with the Order.  In particular, many individuals did not provide *any* discovery, while many others did not comply with the requirement to supplement their responses by identifying responsive documents or stating that no such documents exist.  LNA asks that the Court follow through on its warning of sanctions for particular plaintiffs that have continued to disregard the Federal Rules of Civil Procedure, made it impossible for LNA to prepare its defenses, and disobeyed this Court.

## ARGUMENT

Part A addresses the appropriate remedy for the plaintiffs who have failed to provide any discovery whatsoever.  Parts B-E address the proper remedies for the plaintiffs who have provided deficient discovery responses.

### A.  Plaintiffs Who Failed to Provide Any Discovery Should Have Their Claims Dismissed.

The vast majority of the named plaintiffs in the consolidated cases have failed to provide any discovery despite this Court's order compelling responses.  This complete disobedience should result in the dismissal of their claims against the defendants, as permitted by Fed. R. Civ. P. 37(b)(2)(A)(v).  It is firmly established that a district court has the authority under Rule 37(b)(2) to dismiss a complaint with prejudice when a party refuses to obey a discovery order.  *Baston v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).  Dismissal is authorized under Rule 37(b)(2) when the plaintiffs' failure to comply is a result of willfulness or bad faith and when the deterrent value of Rule 37 cannot be achieved by less drastic measures.

4

*Id.*; *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).[3]  The plaintiffs' failure to comply has been willful as evidenced by counsel for one group of plaintiffs expressly refusing to provide any discovery on behalf of his clients.[4]  The complete lack of response from the plaintiffs listed below after months of repeated requests and litigation shows that lesser measures than dismissal would not be appropriate, especially after this Court specifically warned plaintiffs that such a consequence would result from noncompliance.  *See Smith*, 145 F.3d at 344 (parties' repeated refusal to comply with discovery requests justify dismissal); *Butler v. Cloud*, 104 Fed. Appx. 373, 2004 WL 1491611, at *1 (5th Cir. 2004) (dismissal appropriate when court gave ample warning that noncompliance could result in dismissal).[5]

The individual plaintiffs for whom no documents or interrogatory answers have ever been provided, separated by case, are as follows:

<u>*Benoit* Plaintiffs</u>

No documents or interrogatory responses have been provided for the following plaintiffs:

- Albertine Browder
- Gaynell Browder
- Tom Browder
- Myrna Daniels, individually and as natural tutrix of Keina Daniels
- Joyce B. Matthews
- Hyman Sheppard
- Michael Watts

---

[3] Even when dismissal is authorized, other considerations, including "whether the other party's preparation for trial [has been] substantially prejudiced," can contribute to the analysis of whether dismissal is appropriate.  *Baston*, 765 F.2d 511, 514.

[4] See Rec. Doc. 11666-2, Exhibit 11 (January 2008 email from Ashton O'Dwyer to Mark S. Raffman refusing to produce any discovery).

[5] LNA recognizes that dismissal may be "inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders."  *Baston*, 765 F.2d at 514.  The Court's discovery order is clear, and there is no possibility of "confusion or sincere misunderstanding."  Further, a finding that plaintiffs are "blameless" would necessarily mean that their attorneys did not communicate the Court's order to them; and that would mean, in effect, that plaintiffs' attorneys could insulate their clients from the sanction of dismissal – clearly warned of by the Court – simply by withholding the warning from their clients.  At a minimum, plaintiffs' attorneys should be required to show cause as to why dismissal is inappropriate based on their own blameworthiness as opposed to their clients.

### _Lagarde_ Plaintiffs

No documents or interrogatory responses have been provided for the following plaintiffs:

- Jocelyn Carter
- Anthony Dunn
- Jocelyn Moses

### _Parfait_ Plaintiffs

None of the over 120 named individual _Parfait_ plaintiffs provided documents or interrogatory information in response to this Court's order.[6]  No documents or interrogatory responses of any kind have ever been provided for any of the _Parfait_ plaintiffs identified by name in Exhibit 4.

### _Perry_ Plaintiffs

No documents or interrogatory responses have been provided for the following plaintiffs:

- Jimmie A. Perry
- Nellie S. Perry

Dismissal is the appropriate sanction for these plaintiffs' claims.  After the Court provided a clear warning that non-compliance could result in dismissal, these plaintiffs did not provide even a single document or response to LNA's discovery requests.  Their complete failure to honor the Court's order is working to the severe prejudice of LNA because there are scores of plaintiffs who have failed to provide _any_ discovery, and the Court has stated that "all 'Barge' cases must be ready to be tried to judgment in July 2009" (Rec. Doc. 13500).  At a minimum, the plaintiffs' conduct has severely compromised the parties' ability to prepare these cases for trial by July 2009.  Finally, there is no lesser sanction that would be appropriate as a deterrent or that would remedy the interference with orderly procedure caused by these plaintiffs' disregard of the

---

[6] A single mention of _Parfait_ plaintiff Kevin McFarland is made in the response to Interrogatory No. 37, stating that he is not seeking compensation for his personal or real property.  However, this plaintiff, who is apparently represented by both Mr. O'Dwyer and Mr. Gilbert, answered no other interrogatories and produced no documents, effectively ignoring this Court's order.

Court's order.  In sum, based on the severity of their disregard for the authority of this Court, the rights of the defendants, and the integrity of the judicial system, each of above named plaintiffs' claims should be dismissed with prejudice.

**B.  All Claims for Personal Injury Should be Dismissed or Struck.**

LNA's Request for Production No. 23 required plaintiffs to produce documents supporting any claim for "personal injury other than emotional distress."  This Court required plaintiffs to produce all responsive documents or to "supplement their responses, without objection, to state that they have provided all responsive materials in their possession, custody or control."  Rec. Doc. 12824 at 14.  Plaintiffs did not comply with the Court's order.  Instead, they wrote in their supplemental response:

> None of the Plaintiffs is asserting a class action claim for personal injury for anything other than class wide emotional distress, and deaths resulting from personal injuries.  If this litigation is not certified as a class action, plaintiffs reserve the right to seek damages for bodily injuries.

This response mocks the Court's order requiring disclosure.  It *refuses* to produce responsive documents concerning plaintiffs' personal injury claims, while purporting to *reserve* those claims depending on whether the Court grants class certification or not.  It most certainly does not produce responsive documents or certify that all responsive documents have been provided, as required by the Court.

What is worse, this supplemental response is at odds with plaintiffs' own class certification motion.  That motion purports to assert classwide claims for people "who suffered *physical injury* or emotional distress as a result of the August 29, 2005 flood."  Rec. Doc. 13166 (emphasis added).  Thus, the proposed class representatives have *refused* to comply with a court order requiring discovery concerning a claim that they purport to assert on behalf of absent class

members, and have stated that they will only comply with the court order if class certification is *denied*. Leaving aside the serious doubts this sort of conduct creates about these plaintiffs' adequacy to serve as class representatives for any purpose, such conduct certainly cannot be accepted with regard to the personal injury claims that are the subject of LNA's discovery request and the Court's order.

Among the sanctions authorized by Fed. R. Civ. P. 37(b)(2)(a), the court may "dismiss[] the action or proceeding … in part" (Fed. R. Civ. P. 37(b)(2)(a)(v)) and may "strik[e] pleadings … in part" (Fed. R. Civ. P. 37(b)(2)(a)(iii)). There is no excuse for plaintiffs' refusal to comply with the Court's order regarding Document Request No. 23. Moreover, plaintiffs' refusal to provide discovery responses concerning their personal injury claims makes it impossible for LNA to prepare to try those claims next year. The Court should therefore dismiss any personal injury claim (other than wrongful death) asserted by these plaintiffs, and strike any pleading that purports to address personal injury claims of these plaintiffs or any absent class members.

**C. Plaintiffs Should Be Prohibited from Introducing Designated Matters as Evidence Because They Have Failed to Produce Responsive Documents and Failed to Act in Accordance with Rule 34(b)(2)(e)(i) as Ordered by this Court.**

LNA moved to compel a response to Request for Production No. 19, which called for documents concerning "accounts or communications about a barge or other objects knocking, scraping or engaged in other contact against the IHNC floodwall or levee." This Court ordered plaintiffs to "supplement their written response to state clearly that they have [produced all responsive documents] and to identify by Bates-stamp number or other identifying mark which documents are responsive to the request." Order at 10. The plaintiffs did not comply with this order. Instead, their supplemental responses to LNA's Request for Production do not mention Request for Production No. 19 at all, let alone provide identifying information or an assurance

LIBW/1679922.5

that plaintiffs have no responsive documents or have produced all responsive documents.  Thus, plaintiffs have ignored the Court's order as to this request.  In doing so, moreover, plaintiffs have made it impossible for LNA to prepare its defense to any such evidence.

The mildest sanction contained in Fed. R. Civ. P. 37(b)(2)(A)(ii) for disobeying a discovery order is an order "prohibiting the disobedient party … from introducing designated matters in evidence."  Accordingly, as a consequence to plaintiffs' failure to abide by the Court's Order regarding the compelled response to Request for Production No. 19, plaintiffs should be prohibited from introducing any evidence regarding "accounts or communications about a barge or other objects knocking, scraping or engaged in other contact against the IHNC floodwall or levee," at least to the extent such accounts or communications were not disclosed to LNA in discovery.  Such an order is directly in proportion to plaintiffs' discovery violation in failing to abide by the Court's order and is the minimum required to ensure that LNA is not prejudiced by plaintiffs' non-compliance.

### D. Plaintiffs who Have Failed to Provide Discovery that Corresponds to Their Claims Should Have Their Claim Dismissed or Be Otherwise Sanctioned and Their Pleading as a Class Representative Struck.

Seven *Mumford* plaintiffs have asserted claims and asked to serve as class representatives with respect to those claims.  *See* Mot. to Certify Class (Rec. Doc. 13166).  However, a number of these proposed class representatives have failed to produce a single document during discovery that corresponds to the claims for which they seek to represent the class.  This Court ordered every named plaintiff to provide timely, complete discovery responses and warned if particular plaintiffs failed to comply they could face sanctions, including dismissal.  Order at 2-3. The named class representatives should be especially cognizant of this obligation as they affirmatively seek to represent the interests of absent putative class members in this litigation. Under the circumstances, any failure to comply with this Court's order is inexcusable.

9

Among the forms of sanction authorized by Fed. R. Civ. P. 37(b)(2)(a) are "dismissing the action or proceeding … in part" (Fed. R. Civ. P. 37(b)(2)(a)(v)), "striking pleadings … in part" (Fed. R. Civ. P. 37(b)(2)(a)(iii)), and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" (Fed. R. Civ. P. 37(b)(2)(a)(ii)).  Dismissing the particular claims of proposed class representatives who produced no documents regarding those claims, and striking those plaintiffs as class representative for those same claims, is necessary proper considering the warning given by this Court regarding dismissal for noncompliance, the repeated opportunities these plaintiffs have had to produce the requested discovery, the prejudice to LNA's ability to prepare for trial (let alone class certification), and the plaintiffs' choice to be at the forefront of this litigation.  *See Baston*, 765 F.2d at 514; *Smith*, 145 F.3d at 344; *Butler*, 2004 WL 1491611, at *1.

1. <u>Rico Sutton</u>:  *Mumford* plaintiff Rico Sutton, along with other plaintiffs, was ordered by the court to respond appropriately to discovery after failing to provide any documents during plaintiffs' initial production.  Order at 3.  Mr. Sutton is listed by plaintiffs as a proposed class representative for their proposed "business loss subclass" in connection with a business called Big Shot Trucking.  Rec. Doc. 13166 at 9-10, 23-24.  In response to Request for Production No. 25, however, Mr. Sutton has produced *no documents* concerning his business – not even documents that establish it ever existed under that name, or that he had anything to do with it.[7] Mr. Sutton failed to respond to any of the document requests about business loss, including Request for Production No. 25 and Request for Production No. 26.  Plaintiffs' responses to these

---

[7] Mr. Sutton has produced a *total* of two pages of documents in plaintiffs' supplemental document production and interrogatory responses,  Neither of these documents supports Mr. Sutton's claim for lost income, and he makes no claim in the discovery responses that they do.  As Mr. Sutton states in Plaintiffs' Supplemental Response to Request for Production No. 30, the first document he produced is a response to an administrative claim he made.  From the document itself, it is obvious that the administrative claim was made regarding damage to Mr. Sutton's residence, not his business.  The other document is not labeled nor does its Bates number show up in any of the responses to Request for Production, so it is unclear if the document is responsive to any of the requests.

LIBW/1679922.5

two requests do **not** aver that they have produced all responsive materials in their possession, custody or control.  Considering Mr. Sutton's failure to produce the requested documents regarding his business damage claim even after this Court compelled him to produce such documents, Mr. Sutton claim for business damages should be dismissed, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(v), and he should be struck as a business loss class representative, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iii).

2.  <u>Jimmie Harris</u>:  *Mumford* plaintiff Jimmie Harris seeks to represent a class for property damage based on alleged damage to his real property located at 942 Lamanche Street, New Orleans, Louisiana.  Rec. Doc. 13166 at 5.  However, Mr. Harris failed to indicate that any documents he produced corresponded to Requests for Production Nos. 21 and 35, which seek documents regarding real property that plaintiffs claim was damaged, include the damage sustained.  This Court ordered plaintiffs to supplement their responses to each of the requests for production to comply with the requirements of Fed. R. Civ. P. 34 (Order at 7), including either organizing and labeling the materials to correspond with the Request for Production or stating specifically in their written responses which materials correspond to a particular request.  Mr. Harris has not complied with this directive regarding Requests for Production No. 21 and 35; insofar as LNA is aware, Mr. Harris's claims have no documentary support.  In response to these Requests for Production, the plaintiffs generally aver that they have "produced all responsive materials in the possession, custody, or control of all named plaintiffs who have responded." Document Request Response at 10, 15.  Based on the failure of Mr. Harris to produce **any** documents, it appears that his claim for damage to his real property lacks any documentary support, and he should be barred from introducing documents to support it and should be struck as a property damage class representative, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iii).

3. <u>Ethel Mumford</u>:  Plaintiff Ethel Mumford has claimed damage to personal property and asked to be a class representative for the property damage subclass.  Mot. to Certify Class (Rec. Doc. 13166) at 3-4.  She has failed to indicate in the response to Request for Production No. 24, which seeks any documents evidencing or relating to damage to personal property, that any documents she produced related to damage to her personal property.  This Court ordered all plaintiffs to supplement their responses to each of the requests for production to comply with the requirements of Fed. R. Civ. P. 34 (Order at 7), including either organizing and labeling the materials to correspond with the Request for Production.  Ms. Mumford has not done this in regard to Request for Production No. 24.  The plaintiffs generally aver that they have "produced all responsive materials in the possession, custody, or control of all named plaintiffs who have responded." Document Request Response at 12.  If that statement is correct, then Ms. Mumford appears to have no documentary support for her personal property damage claims, and should be precluded from introducing any documentary evidence relating to damage to personal property, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(ii).  She should also be struck as a class representative for property damage, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iii), at least to the extent that this class purports to include damage to personal property.

4. <u>Herman Koch</u>:  *Mumford* plaintiff Herman and Aida Koch seek damages for loss and destruction of business and business assets, lost profit, lost income, and lost business opportunity related to four rental properties located at 3409-11 Shangri La Lane, Chalmette, Louisiana; 3619 Shangri La Lane, Chalmette, Louisiana; 6317-19 Douglass Street, New Orleans Louisiana; and 6035-37 Burgundy Street, New Orleans, Louisiana.  Mr. Koch also seeks to represent a subclass for business loss. Rec. Doc. 13166 at 8-9.  Request for Production No. 25 seeks any documents relating to businesses for which lost income is sought, and Request for Production No. 26 seeks

any documents evidencing or relating to claims for lost wage income or lost rental income.  This Court ordered all individual plaintiffs to respond to Requests for Production Nos. 25 and 26 (Order at 14) and that plaintiffs must supplement their responses to each of the requests for production to comply with the requirements of Fed. R. Civ. P. 34 (Order at 7), including either organizing and labeling the materials to correspond with the Request for Production or stating specifically in their written responses which materials correspond to a particular request.  Despite the Court's directive regarding Requests for Production Nos. 25 and 26 and Mr. and Mrs. Koch's claim of losses related to their rental business, they failed to indicate any documents responsive to Requests for Production Nos. 25 and 26 when many of the other plaintiffs did so.  The plaintiffs have **not** averred that all responsive documents have been produced.  Moreover, it is impossible for defendants to tell. from among the extensive and often duplicate copies of documents that Mr. and Mrs. Koch produced, which are responsive to Requests for Production Nos. 25 and 26 and which are not.[8]  Mr. and Mrs. Koch have failed to comply with this Court's order regarding their response these Requests for Production and should be prohibited from supporting their claim of lost income, lost wage income, or lost rental income or from introducing any evidence relating to these claims, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(ii).  In addition, Mr. Koch should be struck as a class representative for the business loss subclass, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iii).

### E. Plaintiffs Should Be Prohibited from Supporting Claims or Introducing Designated Matters as Evidence Based on Their Failure to Respond to Interrogatories or Produce Responsive Documents that Relate to Their Claims and Alleged Injuries.

Plaintiffs' complaint has set forth sixteen elements of damage for which plaintiffs seek recovery in this case.  Rec. Doc. 8779 at 13-14.  Plaintiffs' initial responses to LNA's interrog-

---

[8] Plaintiffs' counsel have refused requests to organize the responsive documents provided.

atories and document requests relating to individual plaintiffs' claims and alleged injuries were incomplete, and this Court granted LNA's motion to compel each of these discovery requests. Order at 10-14.  In addition to the deficiencies outlined above, plaintiffs' supplemental responses to two other requests are also still incomplete and not in compliance with this Court's order. When a party has disobeyed a court discovery order, a district court is authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii) to issue an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Accordingly, LNA asks that particular plaintiffs be prohibited from supporting their claims and introducing the designated matters as evidence in relation to those claims and alleged injuries based on their failure to comply with the Court's discovery order.

1. <u>Interrogatory No. 37</u>:  This interrogatory requests information regarding damages for demolition, salvage or restoration of property, including the date, cost and identity of parties involved.  This Court ordered the individual plaintiffs in regard to Interrogatory No. 37 to "provide the requested facts concerning their individual damages." Order at 11.  Although plaintiffs have supplemented their answer to Interrogatory No. 37, only Josephine Richardson provided all the requested facts as order by this Court.  Interrogatory Responses at 25.

The following plaintiffs answered Interrogatory No. 37 but failed to identify the costs of demolition, salvage or restoration, for which they seek damages:

- Herman Koch
- Henry and Gwendolyn Adams
- John Alford, Jr. and Jerry Alford
- Herbert and Mary Warren
- Earl and Joyce Daniels
- Ethel and Karen Leon
- Michael and Marenthia Lagarde

14

LNA is entitled to all facts regarding the costs of demolition, salvage or restoration of real property that plaintiffs have alleged in the complaint and that many of them have affirmatively included in the January 2008 supplemental responses to Interrogatory No. 26, concerning damages sought by the plaintiffs.  The plaintiffs have disobeyed this Court by failing to provide these facts, or an assurance that all responsive information had been produced.[9] Therefore, all plaintiffs listed above should not be permitted to introduce any evidence regarding damages for demolition, salvage or restoration of property, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(ii), at least to the extent such evidence existed as of May 29, 2008 and was not produced to defendants.

2.  <u>Request for Production No. 28</u>:  This request for production seeks any documents concerning the presence of pollutants on plaintiffs' property pre- or post-Katrina.  This Court ordered that plaintiffs must supplement their responses to each of the requests for production to comply with the requirements of Fed. R. Civ. P. 34 (Order at 7), including either organizing and labeling the materials to correspond with the Request for Production or stating specifically in their written responses which materials correspond to a particular request.  Plaintiffs' supplemental response to Request for Production No. 28 states that all responsive document have been produced, but it does not state the Bates numbers of those documents and no documents are marked as being responsive to the request.  Possibly this response refers to documents that were produced informally, but LNA does not know this to be the case.  In any event, plaintiffs have failed to comply with this Court's order regarding their response to Request for Production No. 28 by failing to identify the responsive documents and are subject to sanctions in accordance with Fed. R. Civ. P. 37(b)(2)(A)(ii).

---

[9] Plaintiffs' supplemental response does ***not*** represent that all responsive information has been produced.  Rather, it says that "counsel … are continually seeking and expect to receive" responsive information.  This attempt by

**CONCLUSION**

LNA respectfully asks the Court to sanction the plaintiffs as discussed above for their

failure to obey this Court's discovery order, as necessary to remedy the prejudice to LNA

resulting from plaintiffs' failure to comply with their discovery obligations.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

***Attorneys for Lafarge North America Inc.***

**Certificate of Service**

I do hereby certify that I have on this 17th day of June, 2008 served a copy of the foregoing
pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock

---

plaintiffs to unilaterally extend the compliance date, without even seeking leave of the Court, should be rejected.

LIBW/1679922.5

17