# EXHIBIT 2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
|  | NO. 05-4182 |
| PERTAINS TO:  BARGE | and consolidated cases |
|  | SECTION "K"  (2) |

| | |
|---|---|
| *Boutte v. Lafarge* | 05-5531 |
| *Mumford v. Ingram* | 05-5724 |
| *Lagarde v. Lafarge* | 06-5342 |
| *Perry v. Ingram* | 06-6299 |
| *Benoit v. Lafarge* | 06-7516 |
| *Parfait Family v. USA* | 07-3500 |
| *Lafarge v. USA* | 07-5178 |

JUDGE
STANWOOD R. DUVAL, JR.

MAG.
JOSEPH C. WILKINSON, JR.

## BARGE PLAINTIFFS' MAY, 2008 SUPPLEMENTAL, AMENDED AND SUPERCEDING SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY BARGE ENTITIES

**NOW COME** plaintiffs, through the Barge Plaintiffs' Subgroup Litigation Committee, who supplement as follows their original Answers to Interrogatories as follows. Undersigned reserve the right to supplement, and will continue to do so as information is obtained.

## GENERAL OBJECTIONS

1.  Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Requests in a manner sufficient to comply with their obligations as stated therein.

2.  Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in

writing with a full statement of the particulars.

3.   Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

4.   Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

6.   Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

7.   Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

8.   Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

9.   Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

10.   These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

> Ethel Mae Coleman Mumford
> Josephine Long Richardson
> Jimmie Donnell Harris
> Kismit Bourgere
> Michael Joseph Riche
> Jacob Robert "Bob" Glaser
> Dianne Glaser
> Herman Koch
> Aida Koch
> Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

> Marie Short Benoit
> Henry Adams
> Gwendolyn Adams
> John Alford
> Jerry Alford
> Michael Watts
> Robert Green, Sr.
> Jonathan Green
> David Green, individually and as the representative of the Estate of Joyce H.
>      Green
> Everidge Green, individually and as representative of the Estate of Shanai
>      Green, as as the natural tutor of Shaniya Green and Shamiya Green
> Hyman Sheppard
> Earl Matthew Daniels, Sr.
> Joyce B. Matthews
> Mildred Delores Dean
> Ethel Leon
> Karen Leon
> Joyce Daniels
> Myrna Daniels, in her individual capacity and as natural tutrix of Keina
>      Daniels
> Tom Browder
> Albertine Browder
> Gaynell Browder
> Blair Boutte

Doris Shanks
Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

## INTERROGATORY NO. 1:

Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:

1. Marie Short Benoit
2. Henry Adams
3. Gwendolyn Adams
4. Robert Green, Sr.
5. Jonathon Green
6. David Green, individually and as the representative of the Estate of Joyce H. Green
7. Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
8. Hyman Sheppard
9. Earl Matthew Daniels, Sr.
10. Joyce Daniels
11. Mildred Delores Dean

12. Ethel Leon
13. Karen Leon
14. Ethel Mumford
15.  Michael Riche
16.  Kismit Bourgere
17. Rico Terrence Sutton
18. Jimmie Harris
19.  Bob and Dianne Glaser
20.  Herman and Aida Koch
21.  Josephine Richardson
22. Blair L. Boutte
23. Marenthia Lagarde
24. Michael Lagarde
25. Donald Pritchett
26. Melba Gibson
27. Kevin McFarland
28. Herbert and Mary Warren
29. JoAnn Warren Howard
30. Terry Adams (client of undersigned)
31. Christopher Weaver (client of undersigned)
32. Ronald McGill (client of undersigned)
33. Wilson Simmons (client of undersigned)
34. Arthur Murph (putative class member, depending upon nature of settlement with LNA)
35. Maj. Pete Tufaro (putative class member)
36. Sal Gutierrez (putative class member)
37. James Ruiz (client of undersigned)
38. Sally Jones (client of undersigned)
39. James Reed
40. John and Jerry Alford

Undersigned counsel and staff assisted the above named persons in the preparation of the written answers to interrogatories, responses to request for production and request for admissions.

**INTERROGATORY NO. 2:**

Provide the name and, if known, the address and telephone number of each person (other than the individual plaintiffs themselves) who is likely to have discoverable information that plaintiffs may use to support their claim that the Barge ING 4727 caused damage to any plaintiff or member of the proposed class in this action.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:

1.      Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.      Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.      Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of hurricane effects;  weather forecasts and advisories;  pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;  Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.      Lafarge North America, through designated 30(b)(6) representative(s)

5.      Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

6.      A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.      Annette Gaskin, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.      Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

9.      Louis Robin - 5913 N. Oak Street, Marrerro, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition.

10.     Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.     David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.      Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.     Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

14.     Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.     Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.     Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

17.     Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.     David Williams-  any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.     Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.      Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

21.    Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.    Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.    Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.    Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.    Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.    Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.    Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.    Richard C. Heck - 611 Savannah Millard Road, Poplarville, MS 39470, any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

29.    Ethel Mae Coleman Mumford - 1423 Feliciana Street, New Orleans, Louisiana 70117, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

30.    Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

31.    Kismit Bourgere - 794 13th Street, Plano, Texas 75074, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

32.    Rico Terrence Sutton - 30600 Range Ave., Apt. 505, Denham Springs, LA 70726, c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

33.    Jimmie Harris - 790 Bateswood Drive, Apt. 24, Houston, Texas 77282 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction

of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

34.     Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

35.     Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

36.     Josephine Richardson - 9696 Hayne Boulevard, Apt. 13, New Orleans, Louisiana 70127, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, death of her husband, emotional damages due to all of the foregoing.

37.     Terry Adams - 2165 Carol Sue, Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that ING 4727 caused southern breach and consequent flooding.

38.     Christopher Weaver - 7500 Stonewood St New Orleans, LA 70128 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that ING 4727 caused southern breach and consequent flooding.

39.     Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC- to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion."

40.     Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC- to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion."

41.     William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) within class area. To testify that ING 4727 caused north breach and consequent flooding.

42.     Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

43.     Daniel Webber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

44.     Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, and/or for rebuttal or impeachment.

45.     Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall. Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

46.     Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall. Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation. May be called also to corroborate storm accounts of Arthur Murph.

47.     New Jourdan, LLC - 322 Hector, Metairie, LA - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally

funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

48.     New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.     Harry Holaday, 1100 Poydras St., NOLA - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.     G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

51.     Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding. Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road. Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

52.     Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

53.     James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

54.     Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Her employment status is unknown at present.

55.     Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house.  Mr. Reed is a shop manager at Cadillac of Metairie.

56.     Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Mr. Cornwall will testify that on the morning of August 29, 2005, he saw a wall of water coming from the Industrial Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

57.     Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

58.     Kendrick Pounds to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

59.     D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition

testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

60.     Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

61.     Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

62.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

63.     Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

64.     Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

65.     Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

66.     Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

67.     Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

68.     Henry "Junior" Rodriquez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

69.     Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

70.     Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

71.     Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

72.     Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING 4727, mooring ropes, and the Lafarge France Road facility.

73.     Lt. Cmdr. Donald J. Green, USCG (Ret.)

        K-Don Marine Consulting

        8876 Gulf Freeway, Ste. 120

        Houston, TX 77017

        http://www.kdoncorp.com/consulting/

Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe operating practices, mooring, maritime hurricane precautions, to testify concerning negligence and unseaworthiness causing breakaway of ING 4727;

74.     Ray Helmer, P.E,

        Helmer Engineering, Inc.

        9314 Bankside

        Houston, TX 77031

http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

75.   Hector V. Pazos, P.E.

Ocean-Oil International Corp.

P.O. Box 47188

St. Petersburg, FL 33743

http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

76.   Michael M. Bernitsas, Ph.D

215 NA&ME Bldg.

University of Michigan

2600 Draper Road, Ann Arbor,

Michigan 48109-2145

Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

77.    Robert Bartlett, P.E.

Bartlett Engineering

2617 Edenborn Ave., Ste. D

Metairie, LA 70002

http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

78.     Mr. Melvin Spinks, P.E. and staff

        CivilTech Engineering, Inc.

        11821 Telge Road

        Cyprus, TX 77429

http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

79.     Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.

        Marino Engineering Associates, Inc.
        1101 E. Colorado Avenue
        Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

**INTERROGATORY NO. 5:**

        Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

        Plaintiffs will submit their witness lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

        Please see Answers Nos. 2 and 4, above, and Witness List filed November 20, 2007, and every 20th day of every month thereafter until final witness lists are required.

        John and Jerry Alford c/o BARGE PSLC

**INTERROGATORY NO. 12:**

        State the whereabouts/physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005.  Provide street address(es) or other similar information.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:

**Doris Shanks** was riding to Texas on August 28, 2005, arrived at the Studio 6 Hotel in Houston on August 29, 2005, and remained there on August 30, 2005.

**Earl Daniels** and **Joyce B. Daniels** left their home on August 28, 2005 and ended up in an evacuation center in Natchez, LA. Neither one of them can remember the address of the center. When they left the center they went to stay with a nephew in Atlanta, GA.

**David Green** is the administrator of the estate of Joyce H. Green. He was in Nashville, Tennessee at all times referred to in the interrogatory. His address is 7904 Boone Trace, Nashville, TN 37221.

**John Alford, Jr** and **Jerry Alford** were in the Hotel St. Marie on August 28, 2005 until 4:00 p.m. After evacuation from the city they drove to Jerry Alford's parent's home at 45 Otis Lane, Columbia, MS 39483.

## INTERROGATORY NO. 13:

As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**John Alford, Jr.**

No

**Jerry Alford**

No

## INTERROGATORY NO. 18:

For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish? If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:

Plaintiff, **Marenthia Lagarde** received several calls on August 28, 2005. At present she recalls only that from her cousin, Eldridge Nelson, at around 9:00 a.m., to discuss her evacuation. His telephone number is (512)835-9059.

**John Alford, Jr.** and **Jerry Alford** made no calls from the Ninth Ward.

## INTERROGATORY NO. 23:

Do you contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge)? If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 23:

Yes, Plaintiffs contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge). The event and/or its effects were witnessed by the following:

1.  William Villavasso - Sewerage and Water Board of N.O - Station 05  - Intersection of Surecoat Dr. and Florida Ave. - 2007 interview and 2008 deposition - saw barge cause northern breach, and subsequent flooding;

2.  Wallace Rainey c/o counsel for SWB - saw flooding subsequent to barge causing northern breach;

3.  Richard Reiss c/or consel for SWB saw flooding subsequent to barge causing northern breach;

4.  Christopher Weaver - client 2006 interview saw flooding subsequent to barge causing northern breach;

5.  Antonio Guy - saw flooding subsequent to barge causing northern breach;

6.  Gloria Guy - saw flooding subsequent to barge causing northern breach;

7.  Sidney Williams, saw flooding subsequent to barge causing northern breach;

8.  Delores St. Cyr-Butler, saw flooding subsequent to barge causing northern breach;

9.  Carolyn Berryhill saw flooding subsequent to barge causing northern breach;

10.    Clarence Sartin saw flooding subsequent to barge causing northern breach;

11.    Kendrick Pounds saw flooding subsequent to barge causing northern breach;

12.    Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

13.    Sidney Williams, formerly of, 1720 Tennessee St saw flooding subsequent to barge causing northern breach;

14.    Delores St. Cyr Butler, formerly of 5434 N. Johnson St., saw flooding subsequent to barge causing northern breach;

15.    Andrew Sartin c/o Barge PSLC saw flooding subsequent to barge causing northern breach;

16.    Damon Peters c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

17.    Patrina Peters c/o Barge PSLC saw flooding subsequent to barge causing northern breach;

18.    Dakeia Johnson c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

19.    Earl Lackings c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;


Further, plaintiffs' experts express the opinion that ING 4727 caused the north breach. Plaintiffs and their expert disagree with theories attributing the IHNC floodwall breaches to causes other than the barge - because, among other reasons - eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

The IPET represents that the barge, if it allided with the floodwall, breached it. Plaintiffs and their expert agree with this conclusion. The IPET and R. Lee Wooten stated that the barge could have broken the floodwall.

See Also Group A, Phase I & II Benchbooks which are in Defendant's possession.

Finally, photos of ING 4727 and the remnants of the Industrial Canal floodwall evidence the violent allision between ING 4727 and the IHNC retaining wall. See Plaintiffs' Supplemental, Amended and Superceding Responses to Request for Production, Bates Numbers: **PSLC 000052-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.** See also documents produced by Sewerage and Water Board deposited at Docusource: **SWB-ED-F0013-021756 to**

**SWB-ED-F0054-21892, SWB-ED-M0001-000147 to 153,SWB-ED-M0001-000139to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**

## INTERROGATORY NO. 24:

Do you deny that the actions or inactions of the United States Government, including the Army Corps of Engineers, caused or substantially contributed to the flooding in the Lower Ninth Ward and St. Bernard Parish? If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 24:

Yes, plaintiffs deny the matters subject of the Interrogatory, based upon first-hand accounts that ING 4727 caused the breach and subsequent flooding of the proposed class geography.

Based on the eyewitness accounts coupled with accounts of an explosive sounds heard immediately preceding a violent surge of water, Plaintiffs believe that it was said breach which caused the flooding in the lower ninth ward and St. Bernard Parish.

Further, plaintiffs' experts identified below express the opinion that ING 4727 caused the north breach.

Ray Helmer, P.E,
Helmer Engineering, Inc.
9314 Bankside
Houston, TX 77031
http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

Hector V. Pazos, P.E.
Ocean-Oil International Corp.
P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC

floodwall breach causation.

> Michael M. Bernitsas, Ph.D
> 215 NA&ME Bldg.
> University of Michigan
> 2600 Draper Road, Ann Arbor,
> Michigan 48109-2145

Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

> Robert Bartlett, P.E.
> Bartlett Engineering
> 2617 Edenborn Ave., Ste. D
> Metairie, LA 70002
> http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

> Mr. Melvin Spinks, P.E. and staff
> CivilTech Engineering, Inc.
> 11821 Telge Road
> Cyprus, TX 77429
> http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

> Gennardo G. Marino, Ph.D, P.E. and Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
> Marino Engineering Associates, Inc.
> 1101 E. Colorado Avenue
> Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

See also the expert report of R. Lee Wooten at **PSLC 000120-000214** and the deposition of R. Lee Wooten.

See photos produced at: **PSLC 000083-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.**

See also documents produced by Sewerage and Water Board deposited at Docusource: **SWB-ED-F0013-021756 to SWB-ED-F0054-21892, SWB-ED-M0001-000147 to**

**153,SWB-ED-M0001-000139to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**

See also depositions of Kendrick Pounds, Dakeia Johnson, Delores St.Cyr-Butler, Andrew Sartin, Ronald Williams, Wilson Simmons, Ernest Offray, Patrina Peters, Damon Peters, Terry Adams, William Villavasso, D'Antoinette Johnson, Carolyn Berryhill, James Ruiz, James Reed, Sal Gutierrez, Henry "Junior" Rodriguez, Sally Jones.

See also video of Robert Bea stating that ING 4727 caused the INHC floodwall to breach, and that the protection system otherwise performed admirably. See http://webcast.berkeley.edu:8080/ramgen/events/publicaffairs/bea.rm.

In addition, please see the above response to Interrogatory No. 23 , which identifies witnesses to support this answer.

## INTERROGATORY NO. 26:

For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 26:

**Doris Shanks** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Donald Pritchett** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*

*Past and future expenses for demolition and salvage of movable property;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**John Alford, Jr.** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Jerry Alford** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 27:

Plaintiffs withdraw their previous objection to this request and refer defendants to Plaintiffs' Motion to Certify the Class and Subclasses, to Appoint Class Counsel, and to Approve Plaintiffs' Proposed Trial Plan (Civil Action 05-4182, Docket No. 13166). This contains the extent of plaintiffs' proposed trial plan as it currently exists. Modifications may occur in accord with the Court's inclinations or orders."

## INTERROGATORY NO. 29:

For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina? If so, state the date of the claim, the present status of the claim, and any amounts received.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:

Plaintiffs object to this request as overbroad, vague, compound, and not likely to lead to the discovery of admissible evidence.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

### John Alford, Jr. and Jerry Alford:

1. SBA Disaster Loan on or about October 26, 2006 to replace damaged personal property.

2. Road Home in the amount of $120,000.00.

3. FEMA claim $2,000.00 initial grant and subsequent supplement of $2,820.00.

4. Little Rock missionary Baptist congregation members $25.00

5. Homeowner's insurance from Balboa Insurance Group in the amount of $27,796.00.

## INTERROGATORY NO. 35:

Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:

Plaintiff, **David Green** was divorced in the Forth Circuit Court for Davidson County in Tennessee.  In addition David Green petitioned for Chapter 13 bankruptcy on 04/27/2004, Middle District of Tennessee - Davidson County, Docket No.  04-05170.

Plaintiff, **Doris Shanks** was convicted of a DWI in Conroe, Texas in 2006. She was involved in a lawsuit in New Orleans in 1992.

Plaintiffs, **John Alford, Jr. and Jerry Alford,** have never been involved in civil or criminal proceedings, have never been convicted of a crime, have never filed bankruptcy nor been found to have breached a fiduciary duty.

## INTERROGATORY NO. 36:

If you claim damages to real property, identify the real property by address and location and identify all owners, lienholders, mortgagees and mortgagors, and all other persons with a legal

interest in said property.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 36:

**Doris Shanks** owns 5500 Dauphine St., New Orleans, Louisiana 70117 in her maiden name, Doris Warren Knighten.  She granted a mortgage to her parents.

**Earl Daniels** and **Joyce B. Daniels** owned 2333 Deslonde Street until sold to the Road Home program.

**John Alford, Jr. and Jerry Alford** owned 2423 Deslonde Street, Select Portfolio held a lien on the property. No other persons have a legal interest in the property.


## INTERROGATORY NO. 37:

If you claim damages for demolition, salvage or restoration of property, identify the person or persons who carried out the demolition, salvage or restoration, the dates on which it was carried out, and describe what was done and the costs incurred.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 37:

All named plaintiffs are seeking compensation for damage, loss, destruction or diminution of the value of their real and personal property, with the exception of Kevin McFarland, Donald Pritchett, Kismit Bougere, who did not own real property, and are therefore seeking compensation only for damage to or loss of their personal property.

**Aida and Herman Koch:** have not demolished the properties at 8545-47 Deerfield, Drive, Chalmette, LA, 6035-37 Burgundy Street, 6317-19 Douglas Street, New Orleans, LA, 3409-11 Shagri-La Street, Chalmette, LA and 3619 Shangri-La, Chalmette, LA. Of these properties only the properties at 8545-47 Deerfield, Drive, Chalmette, LA and 3409-11 Shangri-La have been restored by Santos General Contractor, Dan Peters Electric, Mr. Reed Murrell, The Home Depot, Alex Ramos.

**Michael and Marenthia Legarde**: property at 1815 Jourdan Avenue was demolished by Ingram Barge Company. The property has not been restored to date.

**Ethel M. Mumford:** has not demolished the properties at 6101 N. Robertson Street, 6107-05 Robertson Street, 6113-15 N. Robertson Street, 4829 Burgundy Street. Of these properties, only the property at 6113-15 N. Robertson is being restored by Diamond Construction at a cost of $109,000.00.

**Josephine Richardson:** property at 1321 Egania Street, New Orleans, LA has not been demolished and was restored by Manson Service, Kenneth Ledet at a cost of $91,000.00 as of April, 2008.

**Michael and Glenda Riche**: properties at 3617 Charles Drive, Chalmette, LA(Homestead), 8825-27 W. Judge Perez Drive, Chalmette, LA (Business), and 128-30 W. Phillip Court, Chalmette, LA(Rental Property), have not been demolished or restored to date.

**Doris Shanks:** property at 5500 Dauphine Street, New Orleans, LA has not been demolished or restored to date.

**Melba Gibson**: property at 1308-10 Reynes Street, New Orleans, LA has not been demolished or restored to date.

**Rico Sutton**: property at 2523 ½ Jourdan Avenue was demolished and has not been restored to date.

**Herbert and Mary Warren:** property at 2330 Roffingnac Street, New Orleans, LA was demolished by the City of New Orleans on March 7, 2006 and has not been restored. Properties at 723-25 and 727-29 Flood Street, 5317 -19 N. Galvez, and 1806 Delery Streeet (Rental Property) have not been demolished or restored.

**Blair Boutte**: property at 6022 Derbingny, New Orleans, LA was has not been demolished restored to date.

**Jacob and Dianne Glaser:** property at 3716 Riverland Drive not been demolished or restored to date.  The property at 2808-10 Jacob Drive, Chalmette, LA (Rental Property) was sold.

**Jimmie Harris:** property at 924 Lamanche Street was not demolished. Plaintiff preformed demolition of all the walls in the property and is in the process of restoring the house at a cost of $50,000.00 to date.

**Henry and Gwendolyn Adams:** property at 2414 Deslonde Street, New Orleans, LA was demolished by the City of New Orleans on August 23, 2006 and Plaintiffs have not rebuilt.

**Ethel and Karen Leon**: property at 2311 Deslonde Street is believed to have been demolished by the City of New Orleans at an unknown date.  The property has not been restored.

**Earl and Joyce Daniels:** property at 2333 Deslonde Street was demolished by the City of New Orleans at an unknown date. This property has not been restored.

**Mildred Dean:** property at 2302 Tennessee Street was demolished by the City of New Orleans in June, 2006. This property has not been restored.

**John Alford, Jr. and Jerry Alford**: property at 2423 Deslonde Street, New Orleans, LA was demolished by the City of New Orleans on or about February, 2006 and has not been restored.

Please find certain Plaintiffs' documents evidencing or relating to damage to personal property attached to Plaintiffs Supplemental, Amended and Superceding Responses to Request for

Production Propounded by the Barge Entities: **Shanks 000025-000035, Harris 000005, Lagarde 000141-000142, Lagarde 000156-000159, Adams 000002, Dean 000011-000013, D.Green 000045, Bougere 000065-000066, Riche 000043, Riche 000172-000175, Warren 000033, Glaser 000071-000072, Pritchett 000001.**

Counsel for plaintiffs are continually seeking and expect to receive information concerning demolition, salvage or restoration of property responsive to the Interrogatory, but at present, do not possess any of the requested information. Though undersigned have made requests for such information, it is unknown whether individual plaintiffs have in their possession, custody or control information responsive to the Interrogatory, as none has been provided at this time. In many instances, this is due to the plaintiffs' financial inability to engage in these activities, and in many other instances, because plaintiffs have divested their interests in their real property. Undersigned continue their best efforts to obtain the requested information, and will provide same as soon as possible.

**INTERROGATORY NO. 40:**

Do you claim damages in this case for emotional distress? If so, identify any medical, psychiatric, or other professional who provided treatment and the dates of treatment.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 40:**

All plaintiffs seek damages for class wide emotional distress.
To the best of plaintiffs' knowledge, only Kismit Bougere has received treatment for emotional distress to date. Please see Kismit Bougere's Social Security records provided as **Bougere 000002** through **000058**. Treatment dates and providers are expressed in said documents. Other named plaintiffs are unsure whether their very limited contact with charitable organizations having temporary facilities or booths in evacuation centers consisted of treatment for emotional distress, and are unaware of, and do not have in their possession, custody or control, any responsive documents.
Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

**INTERROGATORY NO. 41:**

If you claim damages for wrongful death, identify the decedent and circumstances of death, including the date, location, and cause of death.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 41:**

Plaintiffs, **Robert Green**, Sr.**, David Green**, and **Jonathan Green**, are asserting a wrongful death and/or survivor claim for the death of Joyce H. Green and have attached her death certificate. See **D.Green 000010.**

Plaintiff, **Everidge Green**, is asserting a wrongful death/ and or survivor action for his daughter Shania Green

Plaintiff, **Josephine Richardson,** is asserting a wrongful death claim for her husband Joseph Richardson, Sr. Please see Death Certificate of Joseph Richardson, Sr. attached hereto as **Richardson 000021.**

NOTE: The Plaintiffs' Subgroup Litigation Committee and individual counsel are involved in cooperative efforts to obtain requested information, which is being acquired and provided on a continuous supplementary basis, in accord with Lafarge's agreement to receive supplementation on a rolling basis so long as defense counsel are provided sufficient information to "chew on" and so as to permit Lafarge to engage in meaningful discovery efforts. Plaintiffs will continue to uphold this agreement. Further, plaintiffs' committee will provide additional named plaintiff verifications on the most reasonable and timely basis possible, given that many, if not most, are still displaced and dependent upon mail for transmittal of verifications, and must locate notaries public in their current residential locations.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002

Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
e-mail: a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this __ day of May, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT