**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| _____ | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' OPPOSITION TO PLAINTIFFS' "RULE TO
SHOW CAUSE" AND MOTION FOR A PROTECTIVE ORDER**

**INTRODUCTION**

On June 2, 2008, Plaintiffs filed a motion requesting that the defendant United States be required to show cause why it should not be ordered to participate in good faith to complete discovery. Doc. 13402 (Plt. Mot.) at 1. Plaintiffs asserted that the United States had repeatedly failed to produce witnesses for Federal Rule of Civil Procedure 30(b)(6) depositions, impeding the completion of discovery. *Id.* Plaintiffs also moved for an expedited hearing, Doc. 13403, which the Court granted on June 6 in an order requiring that counsel confer, schedule the remaining depositions, and submit the schedule to the Court by June 13, Doc. 13460. The Court further ordered that, failing agreement as to a schedule of depositions, the United States file its opposition papers by June 17. *Id.*

-1-

As directed, the parties conferred in an attempt to reach agreement concerning the scope of the deposition testimony to be provided by the Army Corps of Engineers pursuant to Rule 30(b)(6).  This process culminated in Plaintiffs' creation of a list of 164 topics as to which they requested that testimony be provided and (at least) 57 discrete requests for production of documents.  *See* Exhibit 1 (Joanen email of June 12, 2008, and attachment).  Plaintiffs have persistently refused to reduce the number and breadth of matters for examination, despite the United States' repeated requests that these matters be reasonably defined.[1]

Plaintiffs' proposed deposition notice not only fails to comply with the Rule 30(b)(6) requirement that matters be described with "reasonable particularity," but also would impede "the just, speedy, and inexpensive determination" that this rule is intended to secure.  Fed. R. Civ. P. 1.  Plaintiffs' motion should therefore be denied, and the United States should be protected by issuance of an order that prohibits Plaintiffs from any further attempt to depose the Corps on matters that are not "described with reasonable particularity."  Fed. R. Civ. P. 30(b)(6).

## ARGUMENT

I.      **Plaintiffs' motion should be denied because the matters which Plaintiffs propose for examination under Rule 30(b)(6) are not described with reasonable particularity.**

Plaintiffs' motion should be denied because their proposed notice of deposition does not comply with Rule 30(b)(6), which  requires that "matters for examination" be described "with

---

[1]On the afternoon of June 17, as this opposition was being finalized, counsel for Defendant received a new list from Plaintiffs.  Although time constraints prohibited a careful review, the new list, which, together with the transmittal email, is attached as Exhibit 2, appears to suffer from the same overbreadth as the first and includes an even more expansive request for documents.

reasonable particularity."[2]  As the Fifth Circuit has noted, Rule 30(b)(6) is intended not only to surmount difficulties in identifying the persons within an organization who have pertinent knowledge, but also to protect "the corporation or agency by eliminating unnecessary and unproductive depositions."  *Cates v. LTV Aerospace Corp.,* 480 F.2d 620, 623 (5th Cir. 1973). This intent is reflected in the requirement that matters for examination be described "with reasonable particularity."  Accordingly, descriptions that are overly broad or conclusory are improper.

This Court itself has found a 30(b)(6) notice overbroad where the matter for examination was merely "the causes of the loss or damage to the cargo as described in the Complaint." *Padana Assicurazioni-Societa Azioni v. M/V Caribbean Express I,* 1999 WL 30966 at *2 (E.D. La. 1999); *cf. Doe v. Yorkville Plaza Assoc.,* 1996 U.S. Dist. LEXIS 8683 at *20 –*23 (S.D.N.Y. June 21, 1996) (determining, *inter alia,* that the listing "Fire Code requirements for residential buildings built in New York City from 1983 to date" was overly broad for 30(b)(6) purposes). Where a party uses broad language in a 30(b)(6) notice, such as "any statement of fact set forth in the amended complaint to which defendant has denied," courts have admonished the issuing

---

[2]Federal Rule of Civil Procedure 30(b)(6) provides:

> ***Notice of Subpoena to an Organization**.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must *describe with reasonable particularity* the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. . . .*

Fed. R. Civ. P. 30(b)(6) (emphasis supplied).

party that such broad statements do not satisfy the reasonable particularity requirement. *Skladzien v. St. Francis Regional Medical Ctr.,* 1996 U.S. Dist. LEXIS 20621 at * 2 (D. Kan. 1996).

Courts also have found Rule 30(b)(6) notices overbroad when they list topics but then indicate that the listed topics are not exclusive.  *See Heartland Surgical Specialty Hospital, LLC, v. Mid-West Division, Inc.,* 2007 U.S. Dist. LEXIS 26552 at *14 (D. Kan. 2007).  A notice is also overbroad when the noticing party could easily find the information in the noticed topics through a less burdensome manner.  *Id.* at *15 n.8.  Use of expansive phrases such as "including, but not limited to" nullifies any particularity that might otherwise inhere in a description and produces overbreadth.  *See Reed v. Bennett,* 193 F.Doc. 689, 692 (D. Kan. 2000).  "An overbroad 30(b)(6) notice subjects the noticed party to an impossible task," and where "the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."  *Id.*

The matters proposed by Plaintiffs do not satisfy the reasonable particularity requirement of Rule 30(b)(6).  To begin with, Plaintiffs repeatedly request testimony regarding "any part or parts of the MRGO, individually or collectively" from pre-Hurricane Betsy through the present.[3] These vast requests span more than half a century.  Consequently, no witness or witnesses could ever be adequately prepared to address these matters.  Compliant designation simply would not be feasible.  *See Reed,* 193 F.Doc. at 692; *Tri-State Hospital Supply Corp. v. United States,* 226 F.Doc. 118, 125 (D.D.C. 2005) ("The purpose of designating matters for the 30(b)(6) deposition is to give the opposing party notice of the areas of inquiry that will be pursued so it can identify

---

[3] By way of another example, Plaintiffs routinely ask for things such as "[a]ll scientific research and studies relative to the effects of wetlands and/or swamps on hurricane generated waves."  Exhibit 1 ¶ 152.  A plain language reading of this request suggests, at a minimum, a half-century of research, if not more.

appropriate deponents and ensure they are prepared for deposition.").  In addition, many of Plaintiffs' descriptions include the expansive phraseology that courts have criticized as being overbroad: "including, but not limited to."  This phrase appears in not fewer than 25  (roughly 15%) of Plaintiffs' descriptions.  *See* Exhibit 1 ¶¶ 4, 9, 16, 22, 24, 29, 36, 41, 45, 52, 62, 69, 75, 82, 89, 96, 99, 106, 109, 111, 118, 126, 130, 132, 139, and 160.[4]

The subject matter descriptions formulated by Plaintiffs would require testimony regarding every detail of design, construction, maintenance, and operation of the MRGO from before Hurricane Betsy through the present.  Even though Plaintiffs have broken down their notices and requests into time periods ("eras"), the cumulative and overlapping requests cover virtually everything the Corps ever did or knew about the MRGO.  The cumulative effect of requesting testimony on 164 broadly framed topics is effectively the same as setting forth a single limitless topic, which plainly does not comport with Rule 30(b)(6)'s particularity requirement. *See Skladzien,* 1996 U.S. Dist. LEXIS 20621 at *2 (D. Kan. 1996).

For example, Plaintiffs seek deposition testimony regarding this topic:

> Evaluations by the Corps regarding lunar tides within the MR-GO, Lake Borgne, Lake Pontchartrain, the IHNC, the GIWW, or the Gulf and their relationship to the design, construction, operations, maintenance, dredging, or existence of any part or parts of the MR-GO, individually or collectively.

*See* Exh. 1 ¶¶ 10, 30, 46, 63, 112, and 133.  Although each enumerated paragraph is limited to several years or more, Plaintiffs' repetition of this topic cumulatively requires testimony for the entire life of the MRGO project, a period exceeding half a century.  This topic is only one of

---

[4] Curiously, Plaintiffs have also seen fit to include 57 requests for production of documents in addition to their expansive requests for depositions.  Exhibit 1 at "Exhibit B."  The deadline for serving requests for production of documents was April 30, *2007,* Doc. 3603 (Rev. C.M.O. No. 1), and Plaintiffs are in possession of all non-privileged documents that are responsive to their timely served requests for production.

several equally broad topics that appear verbatim multiple times.[5]  These descriptions, which encompass a broad range of activities that occurred over several decades, do not satisfy the requirement that matters of examination be described with "reasonable particularity."

Plaintiffs' lengthy list is patently devised to "cover the waterfront" and would require virtually unrestricted testimony on subjects that mirror their broad claims:  wetlands loss, erosion, the putative "funnel effect," and—even more broadly—"defects" or "inadequacies" in the design, construction, operation, and maintenance of the MRGO.  *See* Exhibit 1, *passim*.  The overbreadth of these subject matter descriptions mandates that Plaintiffs' motion be denied and that Defendant be protected from any future notice under Rule 30(b)(6) that does not "describe with reasonable particularity the matters for examination."

II.    **Plaintiffs' persistent and repeated attempts to notice depositions on matters not described with reasonable particularity warrant a protective order prohibiting Plaintiffs from noticing depositions on ill-defined and overbroad matters as to which compliant designation would be all but impossible.**

The United States moves this Court for a protective order under Rule 26(c) to prevent Plaintiffs from issuing deposition notices that do not describe with particularity the matters for examination under Rule 30(b)(6).

---

[5] This is not the only example.  For other examples, compare Exhibit 1 ¶¶ 9, 29, 45, 62, 111, and 132; *id.* ¶¶ 11, 31, 47, 64, 113, and 134; *id.* ¶¶ 12, 32, 48, 65, 114, and 135; *id.* ¶¶ 13, 33, 49, 66, 115, and 136; *id.* ¶¶ 14, 34, 50, 67, 116, and 137; *id.* ¶¶ 15, 35, 51, 68, 117, and 138; *id.* ¶¶ 16, 36, 52, 69, 96, 118, and 139; *id.* ¶¶ 17, 37, 53, 70, 97, 119, and 140; and *id.* ¶¶ 18, 38, 54, 71, 98, 120, 141.  Each group of paragraphs uses identical language to seek information from each and every era from the 1950s to the present.  The sum of the parts is a half century of information regarding the MRGO.

Pursuant to Federal Rule of Civil Procedure 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c); *see also Tri-State Hospital,* 226 F.Doc. at 126.

The United States has agreed to provide testimony under Rule 30(b)(6) as to reasonably defined matters that are within the knowledge of or reasonably available to the Corps of Engineers.  Accordingly, a date has been set for testimony concerning the East Bank Industrial Area site remediation, *see* Exh. 3 (Joanen email re EBIA dep.), and a date will be set for testimony as to a MRGO re-evaluation project that began in the late 1990s.  The United States is willing to provide testimony as to additional reasonably defined matters but requests that the Court limit the duration of the Corps's testimony to a cumulative total of 14 hours.  By imposing both content and temporal restrictions on the deposition of the Corps, the purpose of Rule 30(b)(6) will be met, and the larger ends set forth in Rule 1 will be promoted.

**CONCLUSION**

For these reasons, Plaintiffs' motion should be denied and Defendant's motion should be granted.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

THOMAS DUPREE
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

  /s/ Robin D. Smith
ROBIN D. SMITH
Senior Trial Counsel
CONOR KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4289 (tel.)
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing was served by ECF upon all counsel of record

on June 17, 2008.


 /s/ Robin D. Smith

ROBIN D. SMITH