UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: BARGE | JUDGE DUVAL |
| *Mumford v. Ingram*        C.A. No. 05-5724<br>*Boutte v. Lafarge*         C.A. No. 05-5531<br>*Lagarde v. Lafarge*        C.A. No. 06-5342<br>*Perry v. Ingram Barge*    C.A. No. 06-6299<br>*Benoit v. Lafarge*          C.A. No. 06-7516<br>*Parfait Family v. USA*    C.A. No. 07-3500<br>*Lafarge v. USA*             C.A. No. 07-5178 | MAG. WILKINSON |

## ORDER AND REASONS ON MOTION

Defendant Lafarge North America Inc. filed a Motion to Quash Plaintiffs' April 30, 2008 Deposition Notice and Document Demand to Centanni Investigative Agency. Record Doc. No. 13281. The Barge Plaintiffs filed a timely opposition memorandum. Record Doc. No. 13418.

For the following reasons, the motion is GRANTED IN PART AND DISMISSED AS MOOT IN PART, as follows. On May 14, 2008, in connection with prior discovery motions, I ruled that the investigative notes of recorded witness interviews which Centanni Investigative Agency conducted on behalf of Lafarge were prepared in anticipation of litigation. Record Doc. No. 13149. In their opposition to the instant

motion, plaintiffs concede that, pursuant to that ruling, the majority of the deposition topics and requests for production of documents and things in plaintiffs' deposition notice addressed to Centanni invade Lafarge's work product protection. Thus, plaintiffs state in their opposition memorandum that they will "suspend" most of their deposition topics and requests for production to avoid any work product issues, pending Judge Duval's ruling on their appeal of my previous order. Record Doc. No. 13347, set for hearing on June 25, 2008. Accordingly, Lafarge's motion to quash is dismissed as moot as to plaintiffs' "suspended" deposition topics and requests for production.

Plaintiffs ask the court to rule in advance on several proposed "conditions for possible reinstatement of the issues," pursuant to which they seek leave to proceed with Centanni's deposition, in the event either that (1) Judge Duval "clarifies the scope of work-product privilege" in deciding their appeal of my order, (2) Lafarge or any other party adds any Centanni investigators to its witness list, (3) Lafarge or any other party seeks to introduce at trial "any Centanni statements or compilations of Centanni statements" or (4) Lafarge or any other party seeks to present testimony from Centanni personnel to impeach a witness at trial. Plaintiffs' memorandum, Record Doc. No. 13148, at p. 4. I decline to rule on such possibilities now, before the parties have complied with their obligations under the Local Rules to confer concerning discovery

issues, or to file motions for leave to amend witness lists. I also decline to address evidentiary issues that may arise at a future trial that will be conducted by Judge Duval.

Subject to their "suspension" of most of their deposition topics and production requests, plaintiffs oppose Lafarge's motion and ask that they be allowed to depose Centanni and obtain production of tangible things from it now concerning two narrowed topics, which allegedly do not involve any work product issues. However, plaintiffs fail to address Lafarge's argument that the deposition notice should be quashed because it was procedurally improper.

Lafarge argues that Centanni is its agent, that Centanni's files are effectively within its possession, custody and control, and that plaintiffs are trying to circumvent the elapsed deadline for obtaining written discovery from Lafarge by deposing and obtaining tangible items from Centanni. Lafarge contends that a party may not obtain discovery of materials belonging to another party beyond the discovery deadline by deposing the other party's agent.

Plaintiffs issued a Fed. R. Civ. P. 30(b)(6) deposition notice of their intent to depose Centanni. They did not subpoena Centanni, which is required to obtain either deposition testimony or tangible things from a non-party. Fed. R. Civ. P. 30(b)(2), 30(b)(6), 34(c), 45. Lafarge contends that plaintiffs' failure to issue a subpoena to Centanni and their reliance instead on a deposition notice, which was issued only to

3

parties, implicitly acknowledges Lafarge's argument that Centanni's files are actually within its possession, custody and control and can only be obtained from Lafarge.

Previously in this case, in response to plaintiffs' requests for production of documents directed to Lafarge under Fed. R. Civ. P. 34, Lafarge voluntarily produced some, and I ordered it to produce additional, transcripts of audiotaped witness interviews that had been conducted by its agent, Centanni. Record Doc. No. 12605. Plaintiffs appropriately sought those documents through Rule 34 requests addressed to Lafarge, and Lafarge was obligated to produce the documents. Generally, documents held by a party's agent are considered to be within the possession, custody and control of the party and should be sought within the discovery deadline by way of discovery requests addressed to the party, rather than to its non-party agent. Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008); Burns v. Bank of Am., No. 03 Civ. 1685(RMB)(JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (citing Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2204 (1994))); In re Pabst Licensing GmbH Patent Litig., No. 99-MD-1298, 2001 WL 797315, at *21 (E.D. La. July 12, 2001) (Wilkinson, M.J.) (citing Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D. Mass. 2000); Gossard v. ADIA Servs., Inc., No. 91C2047, 1992 WL 198424, at *2 (N.D. Ill. Aug. 11, 1992); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D.

Ind. 1992); Zitin v. Turley, No. 89-2061-PHX-CAM, 1991 WL 283814, at *5 (D. Ariz. June 20, 1991)); Dreyer v. GACS Inc., 204 F.R.D. 120, 123 (N.D. Ind. 2001) (citing Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995); Wright & Miller, 9A Federal Practice & Procedure § 2452 (Supp. 2001)); Alper v. United States, 190 F.R.D. 281, 283 (D. Mass. 2000).

    Therefore, the motion is granted in part and the current deposition notice to Centanni is quashed. The Rule 30(b)(6) deposition of Centanni may ultimately be permitted in this case, but only pursuant to a proper notice and subpoena, both of which are best planned and issued after ruling by the district judge on the related matters currently before him.

    New Orleans, Louisiana, this  23rd  day of June, 2008.

                                      JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE