UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                     CIVIL ACTION
              CONSOLIDATED LITIGATION
                                                                            NO. 05-4182 "K" (2)

PERTAINS TO:  BARGE                                          JUDGE DUVAL
*Mumford v. Ingram*              C.A. No. 05-5724          MAG. WILKINSON
*Boutte v. Lafarge*                C.A. No. 05-5531
*Lagarde v. Lafarge*             C.A. No. 06-5342
*Perry v. Ingram Barge*         C.A. No. 06-6299
*Benoit v. Lafarge*                C.A. No. 06-7516
*Parfait Family v. USA*         C.A. No. 07-3500
*Lafarge v. USA*                   C.A. No. 07-5178

## ORDER AND REASONS ON MOTION

Defendant Lafarge North America Inc. and non-party Harry Holladay filed a Motion for Protective Order and Motion to Quash Subpoena Duces Tecum Served on Harry Holladay.  Record Doc. No. 13286.  The Barge Plaintiffs filed a timely opposition memorandum, Record Doc. No. 13413, and were granted leave to substitute a complete exhibit for an incomplete one.  Record Doc. No. 13434, 13456.

For the following reasons, the motion is GRANTED.  Ingram Barge Company's Barge ING 4727 was moored at Lafarge's terminal in the Inner Harbor Navigation Canal in New Orleans.  During Hurricane Katrina on August 29, 2005, the barge either came through the breach in or floated over the flood wall and landed on the house of Arthur and Jeane Murph on Jourdan Avenue, which borders the canal.  Mr. Murph did not

evacuate, but stayed in his house during the storm and reportedly saw the barge coming through the flood wall.

Movant Harry Holladay is an attorney. Although he is not enrolled as counsel of record in the instant case, he works for the same law firm as Lafarge's counsel of record and he represented Lafarge in connection with the confidential settlement agreement between Lafarge and the Murphs in February 2006. The settlement included the purchase of the Jourdan Avenue property from the Murphs and its transfer to New Jourdan LLC, a newly created limited liability company, and the purchase and transfer of another house to the Murphs.

The court has already allowed the Barge Plaintiffs to take limited discovery concerning Lafarge's settlement agreement with the Murphs. Record Doc. No. 12605 and Record Doc. No. 535 in C.A. No. 05-4419-C. Nonetheless, the Barge Plaintiffs have obtained information concerning the agreement by subpoenaing documents from the title company, bank and limited liability company involved in the real property transactions. Plaintiffs also deposed Mr. Murph concerning what he saw during the hurricane. At his deposition, he refused to answer questions about the confidential settlement agreement on the advice of his attorney.

Plaintiffs contend that they are entitled to depose Holladay and to obtain from him "(1) any and all documents and things pertaining to compromise with Arthur Murph;

2

[and] (2) any and all statements, accounts and or interviews memorializing Arthur Murph's observations during the effects of Katrina." Record Doc. No. 13286, Defendant's Exh. F, notice of deposition and subpoena duces tecum.

Lafarge correctly argues that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances." Nguyen v. Excel Corp., 197 F.3d 200, 209 (5th Cir. 1999). Thus, the Fifth Circuit and other courts usually "forbid a party from deposing opposing counsel unless (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." Id. at 208 (citing Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986)) (emphasis added). All three factors must be shown before such a deposition will be allowed.

The rule against deposing a party's attorney is not limited solely to litigation counsel, as plaintiffs argue, but also applies to any attorneys who have engaged in confidential communications with the opponent "when the communications were made to obtain legal services," such as communications between the in-house counsel who advised the corporate defendant in Nguyen concerning its pre-litigation compliance with the Fair Labor Standards Act. Id. at 204 n.4, 206. Holladay was clearly involved in confidential communications with his client, Lafarge, when he participated in the real property title transfer aspects of Lafarge's settlement with the Murphs.

Plaintiffs argue that they need to depose Holladay to investigate whether the Murphs might have been intimidated by Lafarge and its attorneys, which may lead to discoverable information concerning Mr. Murph's bias, interest and credibility. However, plaintiffs have presented nothing sufficient to establish all three of the Nguyen factors.

As to the first factor, plaintiffs' memorandum demonstrates that they have already obtained numerous documents connected with the settlement. They have deposed Mr. Murph and they intend to take Fed. R. Civ. P. 30(b)(6) depositions of Lafarge and of New Jourdan LLC (although those proposed depositions are the subject of other pending motions for protective order). They have interviewed Jessica Fernandez, the daughter of the former owner of the Jourdan Ave. house, who apparently is a friend of the Murphs, concerning the Murphs' communications with her regarding the settlement agreement, and they have obtained Fernandez's cell phone records. They can also interview and depose representatives of the title company and the bank concerning Holladay's non-privileged communications with them. Thus, other, less intrusive means exist to obtain the information that plaintiffs seek.

Plaintiffs' attempt to depose Holladay is also defeated by the second factor because much of the information sought, particularly under deposition topic No. 1, is privileged under either federal common law or Louisiana law. Holladay's conversations

4

with Lafarge's representatives, legal advice given, legal research performed and drafts of documents created for Lafarge in furtherance of the settlement agreement and related property transactions are privileged.  See La. Code Evid. art. 506(B) ("a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client" is privileged); id. art. 506(A)(5) (A communication is "confidential" if it is not intended to be disclosed except "in furtherance of obtaining or rendering professional legal services for the client."); Nguyen, 197 F.3d at 206 (citing general law of attorney-client privilege).

Finally, plaintiffs already have plenty of information upon which to question Mr. Murph's bias, interest or credibility.  They have not shown that the additional information they seek from Holladay is crucial to the preparation of their case.

Accordingly, Lafarge's motion is granted.  The subpoena and the notice of deposition are quashed.  The Barge Plaintiffs are prohibited from deposing Holladay and from seeking documents from him via this court's subpoena power.

New Orleans, Louisiana, this  23rd  day of June, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE