UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES                CIVIL ACTION
      CONSOLIDATED LITIGATION
                                                         NO. 05-4182 "K" (2)

PERTAINS TO: ROAD HOME                       JUDGE DUVAL
      Louisiana State, 07-5528                  MAG. WILKINSON


**CASE MANAGEMENT ORDER**
**RE: ROAD HOME SETTLEMENT PROTOCOL**

The Court has held certain status conferences in which the following individuals, among others, have participated: Road Home Liaison Counsel, Calvin Fayard; Plaintiffs' Liaison Counsel, Joseph M. Bruno, Jr.; Defendants' Liaison Counsel, Ralph S. Hubbard III and Seth Schmeeckle; Daniel A. Rees, Louisiana Office of Community Development; Charles Chassaignac and David Strauss, representing State Farm. The captioned litigation stems from the State of Louisiana, Division of Administration, Office of Community Development's (hereinafter the "State") alleged rights it obtains in that portion of an insurance claim and/or lawsuit against a first-party property insurer involving a residence which sustained damage in Hurricanes Katrina and/or Rita by virtue of a purported Limited Assignment and/or Subrogation Agreement executed by all Road Home grant recipients at the time they receive the Road Home grant. The State has represented to this Court that, until the execution of the limited assignment/subrogation agreement by a policyholder, it does not claim any legal interest in the insurance claim and/or lawsuit.

This Court is aware that tens of thousands of individuals have executed the assignment and/or subrogation agreement, and many of those individuals have lawsuits presently pending against their insurers, hundreds or thousands of which are pending in this Court.  The Court has been advised that many settlements between a policyholder and an insurance company are not being perfected because the settlements are made contingent upon a number of occurences, including but not limited to the State executing a release of the insurance company.  However, the Court is aware that the State lacks certain information it deems necessary before it can make a decision concerning a settlement to which it may have rights.  Additionally, the Court is aware that certain difficulties have been experienced concerning the identification for a particular insurance company of its policyholders who applied for a Road Home grant and which ones have actually received grants.

The Court encouraged its Liaison Counsel to orchestrate an administrative protocol to streamline the settlement process for those lawsuits involving Road Home applicants and/or recipients, which resulted in the adoption by the State of a Voluntary Approval Protocol as well as a Voluntary Privacy Protocol. The Insurers maintain that the Voluntary Approval Protocol with certain amendments should be made an Order of the Court, notwithstanding the State's objection to entry of such an Order.

Having considered the Insurers' motion, Record Doc. No. 13348, the written opposition of the State, Record Doc. No. 13437, the Insurers' reply memorandum, Record Doc. No. 13540, the oral argument of counsel conducted on June 17, 2008, the record and

- 2 -

the applicable law, including Fed. R. Civ. P 16, the Court finds that an Order effectuating the Voluntary Approval Protocol will benefit all parties involved.  Accordingly, the Insurer defendants' motion is GRANTED, and the Court hereby enters the following order.  Nothing contained herein shall be construed by any party as an admission as to the validity of the assignment and/or subrogation agreements referenced herein or a waiver of any defense.

**IT IS ORDERED** that:

A.      In Case No. 07-5528, the State  purports to bring claims on behalf of itself and all past, present, and future Road Home grant recipients who have executed or will execute a Limited Assignment/Subrogation agreement allegedly providing the State a legal interest in certain aspects of the grant recipients' hurricane claims.  As such, the provisions of this Section apply to any insurance company defendant in that lawsuit as well as to any claim that involves a Road Home grant from the State.

B.      In the event an insurance company defendant and a policyholder who is a Road Home grant recipient agree to settle a lawsuit contingent upon the State's release of its alleged claims against the insurance company, the following SHALL occur:

1.      The insurance company shall complete the form attached hereto as Exhibit A and send same to counsel for the policyholder;

2.      Counsel for the policyholder shall complete the form attached hereto as Exhibit B.

3.     Counsel for the policyholder shall, within 10 days of receipt of Exhibit A, transmit the completed Exhibits A and B to the Louisiana Division of Administration, Disaster Recovery Unit, at the address listed in Exhibit B. A conformed copy shall simultaneously be transmitted to the counsel of record for the insurance company. Delivery to the State shall be by certified mail, registered mail, or overnight delivery service (such as FedEx or UPS); the State shall be presumed to have received such items on the date shown by the Postal Service or delivery service.

4.     Based upon representations by counsel for the State, this Court believes that thirty (30) days after receipt of Exhibits A and B is a reasonable time frame for the State of Louisiana to review and process Exhibits A and B.

5.     The State shall furnish its response as outlined on Page 6 of Exhibit B simultaneously to the policyholder and to counsel for the insurance company defendant who was copied with the original submission as provided for in Par. B(3).

6.     If the State responds within thirty (30) days with a refusal to consent to the proposed settlement or fails to respond within thirty (30) days, then the insurance company defendant or the policyholder shall have the right to file a motion requesting a settlement conference with the Magistrate Judge assigned to the particular case on the earliest date available with the Magistrate Judge. In the motion seeking such conference, the moving

insurance company defendant or policyholder shall certify that to the best of movant's knowledge and belief, that all necessary information has been tendered to the State. The policyholder's counsel and the policyholder shall attend the settlement conference with a copy of their file. Dan Rees, or a designee of his choosing with full authority, shall attend the settlement conference on behalf of the State with its file.  Counsel for the insurance company defendant shall attend the settlement conference with a copy of counsel's file.

7. If the State responds within thirty (30) days and provides the executed conditional release made a part of Exhibit B, then the State shall furnish that executed form to the policyholder's counsel.  Policyholder's counsel is required to send a copy to counsel for the insurance defendant company upon receipt.

    a. Upon receipt by policyholder's counsel of the executed release, the policyholder is required to accept or reject the terms of the State's conditional release and will have seven (7) days to advise the insurance company defendant of his or her position as detailed below.  A non-response within this time frame will be deemed as a rejection thereby triggering the provisions of Par. B(7)(c).

    b. If the policyholder accepts the terms of the State's conditional release, the policyholder is to execute page 7 of Exhibit B and

- 5 -

furnish same to the insurance company. The insurance company shall issue and deliver checks in accordance with the terms of page 7 of Exhibit B within thirty (30) days of receipt of same. Documents dismissing the policyholder's lawsuit with prejudice shall be filed.

c.      If the policyholder rejects the terms of the State's conditional release, policyholder's counsel shall immediately notify counsel for the insurance company defendant. The insurance company defendant shall have the right to file a motion requesting a settlement conference with the Magistrate Judge assigned to the particular case on the earliest date available with the Magistrate Judge. The policyholder's counsel and the policyholder shall attend the settlement conference with a copy of their file. Dan Rees, or his designee with full authority, shall attend the settlement conference on behalf of the State with its file. Counsel for the insurance company defendant shall attend the settlement conference with a copy of counsel's file.

8.      The State shall have the right, at its sole and uncontrolled discretion, to amend or modify pages 1 through 5 of Exhibit B without leave of Court so long as any such amendment or modification of Exhibit B will make completion of Exhibit B less onerous and burdensome.

9.    The Court notes that presently both Exhibits A and B are subject to a Privacy Protocol of February 14, 2008, issued voluntarily by the State.  A copy of this voluntary Privacy Protocol is attached hereto as Exhibit C for convenience and ease of reference.  However, the Court does not hereby adopt or enter this Privacy Protocol as part of this Case Management Order.

10.   In any case pending in this Court in which the Road Home Program may have subrogation or assignment rights, the parties may request, either orally in connection with a settlement conference or in writing if no settlement conference has been conducted, that the assigned magistrate judge make a finding as to the reasonableness of a proposed settlement.  The request or motion should be based upon information of record and/or submitted by the parties sufficient to support an order that will take essentially the following form:

> This matter came on for a review of the settlement for reasonableness of the amount of the settlement paid on the structure, the plaintiff having received a Louisiana Road Home grant funded by the United States Department of Housing and Urban Development which grant is subject to a prohibition on duplications of benefits under the Stafford Act, 42 U.S.C. 5151, et seq. The Court has been provided information regarding the parties' positions , as may be relevant to the case, on the causation and extent of damages claimed, payments made to date, coverage issues and claims administration, and anticipated litigation expenses. The parties have further submitted for in camera review the executed Road Home Carrier Settlement Communication, which shall not form a part of the court record.

The Court, considering the information submitted to it finds that the amount agreed to be paid as a final settlement on the primary structure, specifically _____, is a reasonable one and this Order can be accepted by the Louisiana Road Home Program under its issued settlement protocols as prima facie evidence of the reasonableness of the settlement.

Within 10 days of the date of this Order, counsel must forward a copy of this Order, together with all other materials required by this Court's Case Management Order Re: Road Home Settlement Protocol, to State of Louisiana Office of Community Development, DRU Subrogation Unit, P.O. Box 94095, Baton Rouge, Louisiana, 70804 for the State to issue a determination of that portion of the primary structure settlement which is a duplication of benefits of Road Home grant for remittance to the State of Louisiana.

All such motions or oral requests are hereby specifically referred to the magistrate judge assigned to the particular case in which the request is made, and the magistrate judge is specifically authorized to address the request in any way he or she deems appropriate and to make all necessary findings in connection with the reasonableness of the settlement.

New Orleans, Louisiana, this __23rd__ day of June, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

| Insured Name: | |
|---|---|
| | |
| Insured Premises Address: | |

| | | | |
|---|---|---|---|
| Homeowner[†] Insurer: | | Flood Insurer[‡]: | |
| Homeowner[†]Policy No.: | | Flood Policy No. [‡]: | |
| Homeowner[†] Claim No: | | Flood Claim No.[‡]: | |

### Flood Policy Information[‡]

| | Coverage A (Dwelling) | Coverage B (Other Structures) | Coverage C (Personal Property) | Coverage D (ALE) |
|---|---|---|---|---|
| Flood Insurer Limits: | $ | $ | $ | $ |
| Total Payments By Flood Insurer: | $ | $ | $ | $ |
| Additional Loss Payee: | Is there a mortgage company or other additional loss payee on the Flood Policy? Yes _____ No _____ If Yes, identify the name(s) of the additional loss payees: | | | |

### Homeowner[†] Policy Information

| | Coverage A (Dwelling) | Coverage B (Other Structures) | Coverage C (Personal Property) | Coverage D (ALE) |
|---|---|---|---|---|
| Policy Limits: | $ | $ | $ | $ |
| Payments Made Prior to Final Settlement by HO[†] Insurer: | $ | $ | $ | $ |
| Proposed Final Settlement with HO[†] Insurer: | $ | $ | $ | $ |
| Additional Loss Payee: | Is there a mortgage company or other additional loss payee on the Homeowner Policy? Yes _____ No _____ If Yes, identify the name(s) of the additional loss payee: | | | |

The undersigned certifies that the above information is true and correct to the best of his/her knowledge:

Printed Name: _____
Company: _____
Title: _____
Date: _____

The insurance company does not, by providing this information, consent to any subrogation and/or assignment that may have been executed in favor of the State of Louisiana, and does not waive any rights or policy provisions or defenses it may have. All rights, policy provisions, and defenses are expressly reserved.

[†]The term "Homeowner" and symbol "HO" refer generally to policies of insurance not issued pursuant to the NFIP.
[‡] Information related to the Flood Policy and flood payments are only to be included where the Homeowner Insurer and the Flood Insurer are the same issuing company.

05-30-2008 – REVISED CONFIDENTIAL INFORMATION PRODUCED FOR SETTLEMENT REVIEW PURSUANT TO THE STATE OF LOUISIANA PRIVACY PROTOCOL OF FEBRUARY 14, 2008

**EXHIBIT**

*A*

**Road Home Grant Recipient Request for Consent to Settlement (6/16/08 ed.)**

**Instructions:**

This form is to be completed by a Road Home Grant Recipient entering a settlement for claims against their insurance carriers for damage caused by Hurricanes Rita and/or Katrina. This process is for settlements that occur after a Road Home grant closing has occurred.   If you have not closed on your grant, you are not required to submit this form.

A separate Carrier Settlement Communication form, signed by the insurance company attorney or another authorized representative, should also be provided to you by the insurance company to be submitted with this form.

Please review and carefully respond to all of the following requested information on this Request for Consent Form.   Once you have completely responded to all of the requested information, and the Form has been fully executed, please return the Form, the Carrier Settlement Communication Form, your lender communication form (if applicable) and your attorney fee contract and cost statement (if settlement includes a primary structure payment) to:

**Louisiana Division of Administration**
**Disaster Recovery Unit – Attention Subrogation**
**Post Office Box 94095**
**Baton Rouge LA 70804-9095**

**(1) Recipient's/Applicant's Full Name**:

First:_____

Middle:_____

Last: _____     Suffix:_____

What is your Road Home Identification Number? *06HH*_____

**(2) Co-Recipient's/Co-Applicant's Full Name**:

First:_____

Middle:_____

Last: _____     Suffix:_____

**(3) Address of Damaged Property (as listed on grant application)**:

Street Address:_____

City: _____     State: La.   Zip:_____

**(4) Current Contact Information**:

Street Address:_____

City: _____     State: _____     Zip:_____

Phone : ___(___)_____     Fax: ___(___)_____

E-Mail: _____

**(5) FLOOD INSURANCE (You only have to fill out this section 5 if the Carrier Settlement Communication form does not include complete information about your flood claim, if any)**:

Did you have flood insurance at the time of Hurricanes Katrina and/or Rita?

_____ Yes     _____ No

Did you make a claim? _____ Yes     _____ No

If you answered yes to making a claim, please answer the following:

Name of your Flood Insurance Company:

Policy Number:_____

Claim Number:_____

Did you receive any funds from your flood insurer? _____ Yes _____ No

If you answered **"Yes"** to receiving funds from your flood insurer, please complete the following questions:

**PAST FLOOD INSURANCE PAYMENTS:**

How much did you receive for the primary residence? _____

(The term "primary residence" refers to your primary home or dwelling, and excludes other structures such as fences, sheds, and detached garages).

How much did you receive for other structures?_____

How much did you receive for contents?_____

How much did you receive for alternative living expenses?_____

How much did you receive for any other expenses or property damage?_____

**FLOOD INSURANCE SETTLEMENT PAYMENTS:**

**Does the current settlement include a release of claims under your flood insurance policy?**

_____ Yes _____ No

**IF YES, provide the following for payments being made under the flood policy, if any:**

How much is the settlement amount for the primary residence? _____

(The term "primary residence" refers to your primary home or dwelling, and excludes other structures such as fences, sheds, and detached garages).

How much is the settlement amount for other structures:_____

How much is the settlement amount for contents:_____

How much is the settlement amount for alternative living expenses:_____

How much is the settlement amount for any other expenses or property damage:_____

**(6) HOMEOWNERS INSURANCE (You only have to fill out this section 6 if the Carrier Settlement Communication form does not have complete information about your homeowner's claim, if any):**

Did you make a claim? _____ Yes _____ No

If you answered yes to making a claim, please answer the following:

Name of your Homeowners Insurance Company:_____

Policy Number:_____

Claim Number:_____

If you answered yes to making a claim and you received any funds from your homeowner's insurer, please answer the following:

**PAST HOMEOWNERS INSURANCE PAYMENTS:**

How much did you receive for the primary residence?_____

(The term "primary residence" refers to your primary home or dwelling, and excludes other structures such as fences, sheds, and detached garages).

How much did you receive for other structures?_____

How much did you receive for contents?_____

How much did you receive for alternative living expenses?_____

How much did you receive for any other expenses or property damage?_____

**HOMEOWNERS INSURANCE SETTLEMENT PAYMENTS:**

**Does the current settlement include a release of claims under your homeowner's insurance policy?**

_____ Yes _____ No

**IF YES, provide the following for payments being made under the homeowner's policy, if any:**

How much is the settlement amount for the primary residence? _____

(The term "primary residence" refers to your primary home or dwelling, and excludes other structures such as fences, sheds, and detached garages).

How much is the settlement amount for other structures:_____

How much is the settlement amount for contents:_____

How much is the settlement amount for alternative living expenses:_____

How much is the settlement amount for any other expenses or property damage:_____

**(7) ATTORNEY INFORMATION**

**Your Attorney:** **IF THE SETTLEMENT INCLUDES ANY PAYMENTS FOR THE PRIMARY STRUCTURE, PLEASE ATTACH A COPY OF THE FEE AGREEMENT AND A COST STATEMENT, WHICH IS USED TO ALLOW A REDUCTION IN ANY AMOUNT YOU MAY BE REQUIRED TO PAY TO THE STATE.**

Name of Attorney:_____

Name of Law Firm:_____

Street Address:_____

City: _____ State: _____ Zip:_____

Phone : ( ) Fax: ( )

E-Mail: _____

**Insurance Company Attorney:**

Name of Attorney:_____

Name of Law Firm:_____

Street Address:_____

City: _____ State: _____ Zip:_____

Phone : ( ) Fax: ( )

E-Mail: _____

I solemnly swear that the information contained in this Road Home Consent Form is true and correct under penalty of law and penalty of perjury. The information contained herein and the documents submitted as part of this consent request may be the basis for determining benefits under the Road Home Program, and that Undersigned acknowledge that Undersigned may be prosecuted by Federal, State and/or local authorities in the event that Homeowner(s) make or file false, misleading and/or incomplete statements and/or documents, and that the State of Louisiana may seek remittance of settlement proceeds from the Undersigned in the event that the Undersigned make or file false, misleading and/or incomplete statements and/or documents. Additionally, I understand that any incomplete responses may result in grounds for a deficiency rejection. Finally, I understand that consent to settlement and agreement as to amount to be returned to the Road Home Program will only be evidenced by the written consent and approval of the Road Home Program.

_____     _____
Signature (Recipient/Applicant)          Print Name (Recipient/Applicant)

_____     _____
Signature (Co-Recipient/Co-Applicant)     Print Name (Co-Recipient/Co-Applicant)

Sworn to and subscribed before me the undersigned Notary Public on this _____ day of

_____, 200__.

_____
Notary Public
(Print Name, Date Commission Expires and Bar Number)_____

_____     _____
Signature (Attorney)                     Print Name (Attorney)

 RH#«Homeowner_ID»
«Name»

(For Official Use Only)
ROAD HOME CONSENT

____   Request for consent denied.

 ____   Request for consent denied, please respond to the State's request for additional information, so that further review may be made and consent granted.

 ___   Request for consent granted.   The State of Louisiana, Division of Administration, Office of Community Development ("the State"), solely as the assignee(s) and/or subrogee(s) of interests of the above referenced Road Home Grant recipient(s) ("Recipient"), in consideration of the receipt of the sum of *$[Net Amount to State*] less fees), paid by or on behalf of Recipient(s) does hereby RELEASE, ACQUIT, AND FOREVER DISCHARGE *«Carrier_Name»* (hereinafter referred to as "Insurer" and as defined below), but only to the extent of  any and all claims against the Insurer that the State may possess or allegedly possess or be entitled to by virtue of the execution of the Assignment and Subrogation Agreement made part of The Road Home Program Grant process including but not limited to contractual claims or any claims for damages, penalties, punitive damages and/or attorneys fees under any provision of state law, including but not exclusively La. Civ. Code art. 1997, La. R.S. 22:658 and/or 22:1220, arising out of or related to damages or losses caused in any way, whether in whole or in part, by Hurricanes Katrina and/or Rita to the insured premises of the Road Home Recipient and under or relating to Policy Number *«Policy_Number»* issued by Insurer.  With respect to the claims to which the State is the Recipient's alleged subrogee or assignee under the Road Home subrogation and assignment agreement, the sole reservation of rights against the Insurer are rights that the State may have for recovery of Increased Cost of Compliance benefits, if any, under any flood insurance policy issued to the Recipient pursuant to the National Flood Insurance Program and administered by the Insurer, as identified and defined herein.

This Release does not apply to any claims that the State or the State of Louisiana may have in any capacity other than as the Recipient's subrogee or assignee under the Road Home subrogation and assignment agreement executed by that specific Recipient.  This Release does not release any rights against the Recipient identified above or rights against any insurer not included within the term Insurer as defined herein.

Insurer is defined herein to include any person or entity who sold or offered for sale Policy Number *«Policy_Number»*, independent program administrators, agents, or agencies involved in the sale or offer for sale of said policy, independent or contract claim adjusters, independent or contract engineers and engineering firms, together with any current and former agents, employees, officers, directors, attorneys, owners, shareholders, associated and affiliated companies, parent companies, divisions, subsidiaries, predecessors, successors, and assigns of any of them, in connection with any claim for damages or losses but only to the extent such claims are or could be asserted by Recipient(s), against Insurer under or relating to Policy Number *«Policy_Number»* and arising out of or relating to claims for damages or losses from Hurricanes Katrina and/or Rita.

It is expressly acknowledged that payment by Insurer does not constitute and shall not operate as an admission of liability, validate the Assignment and Subrogation Agreement made part of The Road Home Program Grant process, or waive any of Insurer's defenses.

The insurance company or you should make the State portion of the settlement funds payable to Louisiana Division of Administration – DRU" and mailed to

Louisiana Division of Administration
Disaster Recovery Unit – Attention Subrogation
Post Office Box 94095
Baton Rouge LA 70804-9095

Please include on the reference portion of the check the above referenced Road Home application number and include a copy of this correspondence with the check.  The above release by the State is contingent on receipt of the State's portion of settlement funds as set forth in the consent and release.

Approved by:_____     Date:_____
Daniel A. Rees, Legal Counsel

RECIPIENT ACKNOWLEDGMENT

I hereby authorize and irrevocably approve and agree to reimburse the Road Home the sum of [*$Gross Amount to State]*, subject to a deduction for fees and costs, for a net payment to the Road Home Program in the amount of *$[Net Amount to State]*, which I authorize and irrevocably direct the insurance company listed in the Request for Consent Form to remit directly to the Louisiana Division of Administration – DRU, as provided above. If the insurance company has issued or issues the payment jointly to the Road Home Program and others, I authorize my attorney to issue payment of the net payment amount directly to Louisiana Division of Administration – DRU, as provided above.

_____          _____
Witness                                  Signature:

_____
Witness

_____          _____
Witness                                  Signature (Co-Recipient/Co-Applicant)

_____          _____
Witness                                  Print Name (Co-Recipient/Co-Applicant)

Sworn to and subscribed before me the undersigned Notary Public on this _____ day of _____, 2008.

_____
Notary Public

(Print Name, Date Commission Expires and Bar Number)

**PRIVACY PROTOCOL**
**GOVERNING SETTLEMENT INFORMATION PROVIDED TO THE STATE IN**
**CONNECTION WITH ITS REVIEW OF INSURANCE SETTLEMENTS WITH**
**ROAD HOME PROGRAM RECIPIENTS**

The State of Louisiana, Division of Administration, Office of Community Development ("the State") has an interest in insurance payments received or to be received by Applicants and Recipients under their policy of casualty or property damage insurance by virtue of *"The Road Home* / Limited Subrogation / Assignment Agreement" (emphasis in original) ("Subrogation / Assignment Agreement") signed by those receiving funds from the State's Road Home Program (hereinafter "Grant Recipients"). Further, the Subrogation / Assignment Agreement grants the State the right to review and approve or disapprove settlement agreements between Grant Recipients and their casualty or property damage insurers and has requested that certain information be provided to the State in connection with that review. In order to encourage settlement and insure the privacy concerns of the settling parties, the following Privacy Protocol is adopted:

1.      As used herein, the term INSURANCE SETTLEMENT refers to any settlement agreement or proposed settlement agreement between a Grant Recipient and a property insurance carrier which is submitted to the State's Road Home Program for review and approval in light of the State's claimed interests under a Subrogation / Assignment Agreement.

2.      The settling insurer or insured may designate coverage limits, prior payments, and payments to be made in consideration of settlement submitted to the State's Road Home Program in connection with its review of an INSURANCE SETTLEMENT as CONFIDENTIAL INFORMATION  Such information shall be held subject to the following provisions,

1



a.      Such information shall be marked by the Designating Party with the following legend:

CONFIDENTIAL INFORMATION
PRODUCED FOR SETTLEMENT REVIEW

b.      Such information may only be used to review the particular INSURANCE SETTLEMENT and to administer the Road Home Grant in connection with which the information is submitted. Such information may not be disclosed, or used by the State, the State's counsel, or any agent or contractor of either in any other manner, including in connection with any other case or settlement.

c.      However, nothing provided for herein shall prevent the State, the State's counsel, or any agent or contractor of either from disclosing or discussing such information with the settling insurer's counsel or its designated employees or agents, the Grant Recipient(s) and counsel, duly authorized representatives of the United States of America and of the State of Louisiana having a legal right to review, analyze, and review same in the discharge of their lawfully imposed duties, including but not limited to the Small Business Association, the Department of Housing and Urban Affairs, law enforcement agencies, Inspector Generals, auditors, and representatives of mortgage lenders holding a security interest in the property subject to the INSURANCE SETTLEMENT in question.

d.      Further, nothing herein shall prevent the State or any other agency or office of the State of Louisiana or any other their agents or contractors from compiling and utilizing data in an aggregated forms, including but not limited to

2

the planning and implementation of its disaster recovery programs or future programs, so long as the form in which that data is used does not reveal information identifying the particular insurer, homeowner or damaged property.

      e.      In the event that a Freedom of Information Act or Public Records Act request is directed to the State seeking the information covered by this Protocol, notice of such request will be given the settling insurer who will then either agree to the release of the requested information or take such action as is necessary to challenge such request.  The State of Louisiana makes no representation or guaranty herein that the information will be exempt from production under such record or information request or that it can refuse to release the information.

      3.      Notwithstanding anything herein to the contrary, any information and/or documents provided to the State of Louisiana in the Road Home application and closing and monitoring processes and the sum of the proceeds payable to the State of Louisiana in the INSURANCE SETTLEMENT shall not be considered confidential information for purposes of this Protocol and may be disclosed and/or used by the State of Louisiana as it deems necessary.

      4.      Notwithstanding anything herein to the contrary, in event the State has any remaining rights or claims under its Subrogation/Assignment Agreement, any documents and/or information disclosed in the settlement review process may be disclosed and/or used by the State in furtherance of its rights and claims under the Subrogation/Assignment Agreement.

      EFFECTIVE, this the 14th day of February, 2008.