MINUTE ENTRY
WILKINSON, M.J.
JUNE 23, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>      CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO:  MRGO, Robinson 06-2268 | JUDGE DUVAL<br>MAG. WILKINSON |

**HEARING AND ORDER ON MOTION**

APPEARANCES:  Joseph M. Bruno and Scott Joanen, Plaintiffs' Liaison Counsel; Robin Smith, representing the United States; Ralph Hubbard, Defendants' Liaison Counsel

MOTION:  Plaintiffs' Rule to Show Cause Why the United States of America Should Not be Ordered to Participate in Good Faith to Complete Discovery, Record Doc. No. 13402

O R D E R E D:

 XXX : DENIED, subject to the order concerning further proceedings contained herein. I have reviewed the written submissions of the parties in connection with this motion and discussed it with Liaison Counsel and counsel for the United States in a telephone conference. The only relief sought in this "Rule to Show Cause. . ."[1] is an order "that the

---

[1] There is no such thing in the Federal Rules of Civil Procedure as a "Rule to Show Cause. . ." of the type plaintiffs have submitted. I have therefore assumed that it is a motion related either to this court's case management orders (as seems to be suggested in plaintiffs' reply memorandum) or to discovery conduct under Fed. R. Civ. P. 16(f)(1)(C), 26(c) or 37(a)(3)(B) or (b)(2)(A).

| |
|---|
| MJSTAR:     0:25 |

defendant United States of America be ordered to appear and show cause, if it can, why it should not be ordered to participate in good faith to complete discovery." No such order is warranted since, to date, the United States has in fact participated in discovery in good faith. On the contrary, at least in connection with the draft Rule 30(b)(6) and 30(b)(5) notices attached to these papers that appear to be the focus of plaintiffs' "Rule to Show Cause. . . ," it is plaintiffs who have violated this court's Case Management Order No. 4. See Record Doc. No. 3299 at p. 35 ¶ IV(D)(3) and n.7. The "Rule to Show Cause. . ." is essentially a whine that, in response to a request for an elephant, plaintiffs have received an elephant, accompanied by a request that – for oral deposition purposes – the elephant be shrunken to the size of a hippopotamus.

However, both the written submissions and my discussions with counsel indicate that the parties are engaged in a good faith dispute over the scope of the Rule 30(b)(6) deposition of the United States and to what extent, if any, an extension of the time and number limitations applicable to such depositions previously imposed by the court in CMO No. 4 (as referenced above) should be permitted. The court will resolve that dispute as follows:

**IT IS ORDERED** that plaintiffs must immediately submit to me, with a copy to Defendants' Liaison Counsel and counsel for the United States, the final version of their proposed notice of the Rule 30(b)(6) deposition of the United States.

**IT IS FURTHER ORDERED** that no later than **Wednesday, June 25, 2008**, the United States may file a supplemental brief addressing its objection to the proposed notice.

**IT IS FURTHER ORDERED that no later than Monday, June 30, 2008**, plaintiffs may file a brief in reply to the response of the United States.

Thereafter, I will issue an order concerning the scope and timing of plaintiffs' Rule 30(b)(6) deposition of the United States based on the record, without oral argument, unless otherwise ordered by the court.

New Orleans, Louisiana, this  23rd  day of June, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

Clerk to Notify:
Hon. Stanwood R. Duval, Jr.