## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **NO. 05-4182** |
| | * | **and consolidated cases** |
| | * | |
| **PERTAINS TO: BARGE** | * | **SECTION "K" (2)** |
| | * | **JUDGE** |
| | * | **STANWOOD R. DUVAL, JR.** |
| *Parfait Family v. USA*          07-3500 | * | **MAGISTRATE** |
| | * | **JOSEPH C. WILKINSON, JR.** |

## FIRST SUPPLEMENTAL AND AMENDED THIRD PARTY COMPLAINT OF DEFENDANT LAFARGE NORTH AMERICA INC AGAINST THE ORLEANS LEVEE DISTRICT, AND LAKE BORGNE BASIN LEVEE DISTRICT

NOW INTO COURT, through undersigned counsel, comes Lafarge North America Inc. ("LNA"), sought to be made defendant in the "Class Action Amended Complaint" of the Parfait Family, et al, Civil Action No. 07-3500, who supplements and amends its previously filed Cross-Claims against the United States of America, the Board of Commissioners of the Port of New Orleans ("Dock Board"), and the Board of Commissioners for the Southeast Louisiana Flood Protection District – East ("SLFPA-E"), to include Third Party Complaints against the Orleans Levee District ("OLD") and Lake Borgne Basin Levee District ("LBBLD") as follows:

1104585-1

I.

By amending the preamble, main body and prayer of the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to add Third Party Demands against the Orleans Levee District and Lake Borgne Basin Levee District.

II.

By amending paragraph 2 of the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to read as follows:

> If and to the extent that plaintiffs' claims against LNA are adjudicated in this district, then venue is proper in this district in accordance with 28 U.S.C. § 1391 and/or 46 U.S.C. § 782 because the acts or omissions of cross defendants United States of America, Dock Board, Orleans Levee District, and Lake Borgne Basin Levee District occurred within this District. The M/V WHEELER, an oceangoing hopper dredge owned and operated by the United States of America through its agency, the U.S. Army Corps of Engineers ("USCOE"), is also homeported in this District.

III.

By deleting paragraph 7 of the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East, and substituting in its place the paragraphs 7-a and 7-b, as further explained herein.

IV.

By amending and supplementing the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to add the following new paragraph, to be designated as paragraph 7-a:

> The Orleans Levee District is a political subdivision of the State of Louisiana that may be sued for civil liability under La. R.S. 38:309(b). The Orleans Levee District was responsible for, inter alia, the maintenance, inspection, and operation of levees, retaining

walls (including I-walls), floodwalls, floodgates, and various other hurricane protection structures and their connections in Orleans Parish, and particularly those along the IHNC and GICW.

V.

By amending and supplementing the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to add the following new paragraph, to be designated as paragraph 7-b:

> The Lake Borgne Basin Levee District is a political subdivision of the State of Louisiana that may be sued for civil liability under La. R.S. 38:309(b).   The Lake Borgne Basin Levee District was responsible for, inter alia, flood control and hurricane protection for the Parish of St. Bernard, including without limitation the maintenance, inspection, and operation of certain levees, retaining walls, floodwalls, floodgates and related structures and their connections on various waterways and canals including the MR-GO, GICW, Bayou Bienvenue, 40 Arpent Canal and Citrus Canal.

VI.

By amending the heading immediately preceding paragraph 67 of the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to read as follows:

**For a First Cause of Action Against the Orleans Levee District
and the Lake Borgne Basin Levee District**

VII.

By amending paragraph 68 of the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to read as follows:

> The Orleans Levee District is a political subdivision of the State of Louisiana that may be sued for civil liability under La. R.S. 38:309 (B).   At the times relevant herein, the Orleans Levee District was

responsible for, inter alia, the maintenance, inspection, and operation of levees, retaining walls (including I-walls), floodwalls, floodgates, and various other hurricane protection structures and their connections in Orleans Parish, and particularly those along the IHNC and GICW.

VIII.

By amending and supplementing the original Cross-Claims against the United States of America, the Dock Board, and the SLFPA-East to add the following new paragraph, to be designated as paragraph 68-a:

The Lake Borgne Basin Levee District is a political subdivision of the State of Louisiana that may be sued for civil liability under La. R.S. 38:309 (B).  At the times relevant herein, the Lake Borgne Basin Levee District was responsible for, inter alia, flood control and hurricane protection for the Parish of St. Bernard, including without limitation the maintenance, inspection, and operation of certain levees, retaining walls, floodwalls, floodgates and related structures and their connections on various waterways and canals including the MR-GO, GICW, Bayou Bienvenue, 40 Arpent Canal and Citrus Canal.

IX.

By amending paragraph 74 of the original Cross Claims against the United States of America, the Dock Board, and the SLFPA-East to read as follows:

If LNA is held liable unto plaintiffs, which LNA specifically denies, said liability arises out of the breach of duties of the Orleans Levee District and LNA is therefore entitled to indemnity, recovery over, and/or contribution from the Orleans Levee District in the full amount of any liability that LNA may incur herein, together with interest, costs, and attorneys' fees.

X.

By amending and supplementing the original Cross-Claims against the United States of

America, the Dock Board, and the SLFPA-East to add the following new paragraph, to be

designated as paragraph 74-a:

> If LNA is held liable unto plaintiffs, which LNA specifically
> denies, said liability arises out of the breach of duties of the Lake
> Borgne Basin Levee District and LNA is therefore entitled to
> indemnity, recovery over, and/or contribution from the Lake
> Borgne Basin Levee District in the full amount of any liability that
> LNA may incur herein, together with interest, costs, and attorneys'
> fees.

XI.

By amending the heading immediately preceding paragraph 75 of the original Cross

Claims against the United States of America, the Dock Board, and the SLFPA-East to read as

follows

**For a Second Cause of Action Against the Dock Board,**
**and the Orleans Levee District**

XII.

By amending paragraph 76 of the original Cross Claims against the United States of

America, the Dock Board, and the SLFPA-East to read as follows:

> At the time relevant herein, the Orleans Levee District and the
> Dock Board had overlapping responsibility for the inspection,
> maintenance and operation of the IHNC and its levees, retaining
> wall (including I-wall) systems, and related components, and knew
> or reasonably should have known that the height and composition
> of these structures were fundamentally flawed and could result in
> multiple failures of the levees, retaining wall (including I-wall)
> systems, and related components.

1104585-1                                        5

XIII.

By amending paragraph 79 of the original Cross Claims against the United States of

America, the Dock Board, and the SLFPA-East to read as follows:

> If the Court should find LNA liable unto plaintiffs, which LNA
> specifically denies, said liability arises out of the breach of duties
> of the Dock Board and/or Orleans Levee District, and LNA is
> therefore entitled to indemnity, recovery over, and/or contribution
> from the Dock Board and the Orleans Levee District, in the full
> amount of any liability that LNA may incur herein, together with
> interest, costs, and attorneys' fees.

XIV.

LNA pleads its previous answers and defenses in this matter as if recited herein *in*

*extenso*, and reserves the right to supplement and amend its First Supplemental and Amended

Third Party Demand Against the United States of America, Port of New Orleans, Orleans Levee

District, and Lake Borgne Basin Levee District when and if additional relevant information

becomes available.

WHEREFORE, Lafarge North America, Inc. prays for the following relief:

(1)     That Third-Party defendants Orleans Levee District and Lake Borgne Basin Levee

District be served with a copy of First Supplemental and Amended Third-Party

Complaint, Summons, and a copy of the original  Answer to Class Action Amended

Complaint and Cross-Claims of Lafarge North America, Inc. and that they be required to

answer this Third-Party Complaint;

(2)     That its prior answers and defenses be deemed good and sufficient;

(3)     That there be judgment in favor of LNA, dismissing the Class Action Amended

Complaint of plaintiffs against LNA, with prejudice, and at plaintiffs' costs;

1104585-1                                                6

(4)     That if plaintiffs are entitled to judgment, said judgment be solely against cross

defendants the United States of America, The Board of Commissioners of the Port

of New Orleans, the Orleans Levee District, and/or the Lake Borgne Basin Levee

District, and not against LNA;

(5)     That if LNA should be found liable unto plaintiffs, then LNA be granted

indemnity, recovery over, and/or contribution against cross defendants the United

States of America, the Board of Commissioners of the Port of New Orleans, the

Orleans Levee District, and/or the Lake Borgne Basin Levee District, in the full

amount of said liability, together with interest, expenses, costs, and attorneys' fees

incurred in the defense of this action; and

(6)     For all other general and equitable relief that the law and nature of the case may

allow.

Respectfully submitted,

**CHAFFE McCALL, L.L.P.**

_/s/ Robert B. Fisher, Jr._
Robert B. Fisher, Jr., T.A. (# 5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
fisher@chaffe.com
walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Tel.: (202) 346-4240


Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

**ATTORNEYS FOR
LAFARGE NORTH AMERICA INC.**


## Certificate of Service

I do hereby certify that I have on this 24th day of June, 2008 served a copy of the

foregoing pleading on counsel for all parties to this proceeding by electronic notification.

*/s/ Robert B. Fisher, Jr.*