UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES           CONSOLIDATED LITIGATION _____ PERTAINS TO:       Parfait C.A. No. 07-3500 | * * * * * * * * | CIVIL ACTION NUMBER:  05-4182 SECTION "K" (2) |

* * * * * * * * * * * * * * * * * * * * * * * * *

### *EX PARTE* MOTION TO CLARIFY ORDER OF JUNE 23, 2008, and INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Southeast Louisiana Flood Protection Authority – East ("SLFPA") who moves this Honorable Court, *ex parte*, for a clarification of its Order dated June 23, 2008 (Doc. 13592) relating to the SLFPA's pending 12(b)(6) Motion to Dismiss (Doc. 11784).

On March 26, 2008, the SLFPA filed a Rule 12(b)(6) Motion to Dismiss the claims brought against it by Lafarge North America ("LNA") (Doc. 11784). The hearing on this motion was continued several times at the request of counsel for LNA. Each time, LNA advised that it was researching the most appropriate method by which to both voluntarily dismiss the SLFPA and substitute, in its place, the Orleans Levee District ("OLD") and the Lake Borjne Basin Levee District ("LBLD").

On June 23, 2008 this Court entered an Order dismissing as moot the SLFPA's Rule 12(b)(6) motion. The Court stated that "…the subject matter of the motion has been rendered moot by subsequent pleadings…" (Doc. 13592). Nonetheless, apparently a miscommunication had occurred because on June 23, 2008, LNA had not yet filed any "subsequent pleadings" addressing the merits of the SLFPA's Rule 12(b)(6) Motion. Obviously, only once LNA files its chosen pleadings and the Court enters the appropriate orders can the Rule 12(b)(6) Motion even possibly be deemed "moot".

Assuming the effect of LNA's "subsequent pleadings" results in an order from this Court both dismissing the SLFPA and substituting in its place the OLD and the LBLD, at that point the OLD and the LBLD should retain all rights to file any necessary or responsive pleadings to address any procedural or merits issues associated with that pleading. The SLFPA specifically avers that through its cooperation with the LNA to amicably resolve issues related to the Rule 12(b)(6) Motion, neither the OLD nor the LBLD should be seen to have consented to either the procedural correctness of any filing or the merits of any allegation contained therein.

Accordingly, the Southeast Louisiana Flood Protection Authority – East requests that this Court's Order of June 23, 2008 be clarified to reflect that its Rule 12(b)(6) Motion was not at that point necessarily "rendered moot by subsequent pleadings", and that once any such "subsequent pleadings" are considered by the Court, if the effect is to dismiss the SLFPA and substitute in its place the OLD and the LBLD, the OLD and the LBLD should retain all rights to file any responsive pleadings or other motions on any grounds.

3

        Respectfully Submitted,

        **DUPLASS, ZWAIN, BOURGEOIS, MORTON,**
        **PFISTER & WEINSTOCK**

        */S/ JOSEPH E. BEARDEN, III*
        LAWRENCE J. DUPLASS (#5199)
        GARY M. ZWAIN (#13809)
        JOSEPH E. BEARDEN, III (#26188)
        NICOLE M. BOYER (#29775)
        RYAN M. MALONE (#30607)
        3838 NORTH CAUSEWAY BOULEVARD
        METAIRIE, LOUISIANA 70002
        TELEPHONE: (504) 832-3700
        FACSIMILE: (504) 837-3119
        **ATTORNEYS FOR DEFENDANT,**
        **THE SOUTHEAST LOUISIANA FLOOD**
        **PROTECTION AUTHORITY - EAST**

## CERTIFICATE

    I do hereby certify that on the 25th day of June 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

        */S/ JOSEPH E. BEARDEN, III*
        JOSEPH E. BEARDEN, III (#26188)