UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.:   05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |

IN RE:  KATRINA CANAL BREACHES          *          CIVIL ACTION
     CONSOLIDATED LITIGATION          *          NO.:   05-4182 "K" (2)
                                 *          JUDGE DUVAL
                                 *          MAG. WILKINSON
_____          *          _____
                                 *
PERTAINS TO:          *
                                 *
07-8880 (Mervin Jefferson, et al. v.          *
Allstate Insurance Company)          *
                                 *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S MEMORANDUM IN SUPORT OF ITS MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant, Allstate Insurance Company ("Allstate"), respectfully moves for the entry of a final judgment in its favor in this matter.

On June 13, 2008, the Court stated that, pursuant to *Sher v. Lafayette Ins. Co.*, No. 07-C-2441, 2008 WL 928486, at *6-7 (La. Apr. 8, 2008) and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007), flood exclusions in Louisiana homeowners insurance policies are valid and unambiguously exclude coverage for damages sustained when the levees failed after Hurricane Katrina struck.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*").  Accordingly, the Court held that "all

claims asserted by plaintiffs in this consolidated litigation against any insurer alleging failure to provide plaintiff with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning such a flood claim, are DISMISSED WITH PREJUDICE."   (Post-*Sher* Insurance Umbrella Case Management Order at 2.)  In addition, the Court ordered defendants to submit a motion for entry of a final judgment of dismissal no later than July 14, 2008, in cases that would be fully disposed of by *Sher* and *Chehardy.*

This is just such a case.  While the Petition for Damages ("Petition") initially purports (Petition, ¶ V) to allege numerous causes of damage to plaintiffs' properties, that paragraph is expressly made subject to the next paragraph's allegations by the statement "as alleged below." (Petition, ¶ V).  Yet, in the next paragraph, the sole allegation is that "[f]lood waters from nearby levee breaches damaged each Plaintiff's real property." (Petition, ¶ VI).  So, by the express terms of plaintiffs' pleading, all the damage to their properties was caused by flooding resulting from levee breaches.

Moreover, the Petition specifically alleges (at ¶ VII) that Allstate should have made payments for the "total destruction of the property," but instead made payments "based upon wind and wind-driven rain alone." (Petition, ¶ VII).  This clearly indicates that plaintiffs are only complaining about Allstate's refusal to pay additional sums not "based upon wind and wind-driven rain" – *i.e.,* based on flood-caused damage.

Accordingly, pursuant to this Court's Post-*Sher* Insurance Umbrella Case Management Order, Allstate respectfully requests that the Court enter an order of final judgment in Allstate's favor.

Respectfully submitted,

*/s/ Arthur J. Lentini*

Arthur J. Lentini, APLC (#8520)
6620 Riverside Drive, Suite 312
Metairie, Louisiana 70003
(504) 780-8700 Telephone

OF COUNSEL:
Stephen H. Lee
J. B. (Trey) Henderson III
6660 Riverside Drive, Suite 212
Metairie, Louisiana 70003
(504) 456-5809 Telephone

**Attorneys for Allstate Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, the above and foregoing document was filed electronically. Notice of this filing has been served upon all counsel of record by operation of the Court's electronic filing system and by placing same in the United States mail, postage prepaid and properly addressed. Parties may access this filing through the Court's system.

*/s/ Arthur J. Lentini*
Arthur J. Lentini