UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO INSURANCE GROUP | *<br>* | JUDGE STANWOOD DUVAL<br>MAG. WILKINSON |
| *New Orleans Coffee Company v.*<br> *Allstate: 07-CV-8181* | *<br>*<br>* | |
| *   *   *   *   *   *   *   * | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION, RECONSIDERATION, AMENDMENT OR ALTERATION OF JUNE 13, 2008 ORDER (DOC. NO. 13521)**

MAY IT PLEASE THE COURT:

This Memorandum is being submitted on behalf of New Orleans Coffee Company, Inc., through undersigned counsel, in support of its MOTION FOR CLARIFICATION, RECONSIDERATION, AMENDMENT OR ALTERATION OF JUNE 13, 2008 ORDER (DOC. NO. 13521).

**I.    SHER IS NOT A FINAL DEFINITIVE DECISION AND THIS HONORABLE COURT'S JUNE 13, 2008 ORDER MAY BE PREMATURE**

This Honorable Court noted the decision of the Louisiana Supreme Court in <u>Sher v. Lafayette Ins. Co.</u>, No. 07-C-2441, 2008 WL 928486 (La. Apr. 8, 2008).  This decision is still under reconsideration and no decision to the best of undersigned's knowledge has been made and

1

thus this decision is not a final definitive decision and thus this Honorable Court's June 13, 2008 Order with respect to dismissal of flood claims is premature and should be delayed until Sher is a final definitive decision.

II. **NEW ORLEANS COFFEE HAS ADDITIONAL ARGUMENT THAT THE ALLSTATE WATER DAMAGE EXCLUSION AT ISSUE IS AMBIGUOUS BECAUSE OF THE INCLUSION OF A WATER DAMAGE ENDORSEMENT FOR SURFACE WATER**

In addition to the argument that the water damage exclusion in the policy at bar is ambiguous with respect to its application to levee breaches, particularly the 17th Street Canal breach at issue in this litigation, the "All Risk" policy at issue at bar has an **Allstate Water Damage Endorsement BU9418A language that covers loss caused by "1. Surface water (not including flood)**"[1]. Allstate has consistently contended that the term "flood" means "water flowing over onto normally dry land, without regard for the source or cause of the inundation"[2]. If this broadest possible definition of "flood" is accepted, then the term "flood" will include all water damage that can possibly happen to a business or residence **which would render meaningless the endorsement covering "surface water (not including flood)".** In fact, Allstate's other consistent position is that the term "flood" in its policies includes "surface water". And in fact, as noted in this Honorable Court's November 27, 2006 Opinion (Doc. No. 1803), at page 68, many of Allstate's policies have the language:

> **Losses We Do Not Cover Under Coverages A and B:**
> We do not cover loss to the property described in Coverage A–Dwelling Protection or Coverage B–Other Structures Protection consisting of or caused by:

---

[1] See relevant portion of policy attached hereto as Exhibit "A".

[2] This was the position advocated by Allstate Insurance Company and apparently adopted by the United States Fifth Circuit in *In re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. (La.) Aug 02, 2007). See Original Brief Of Allstate Insurance Company And Allstate Indemnity Company at page 16.

> **Flood, including, but not limited to surface water**, waves, tidal water or overflow ofany body of water, or spray from any of these, whether or not driven by wind.
> (Doc. No. 1803 at page 68.  Emphasis added).

Thus, the Allstate Water Damage Endorsement at bar for **"1. Surface water (not including flood**)". read in pari materiae with the water damage exclusion renders the water damage exclusion ambiguous and unenforceable and thus all damages from water entering the business of New Orleans Coffee is a covered peril under the "All Risk" policy at bar.  This conclusion is consistent with the holding of the United States District Court in <u>Northrop Grumman Corporation v. Factory Mutual Insurance Company</u>, at 2007 WL 2385134, C.D.Cal. August 16, 2007, which found the flood damage exclusion in primary policy to be ambiguous when read together with language in the excess policy.

### III. DISMISSAL OF CLAIMS WITHOUT EVALUATION OF POLICIES WOULD BE A VIOLATION OF PROCEDURAL DUE PROCESS

Lastly, it is submitted that there may be many variations of the flood damage exclusionary language and other language of policies read in pari materia with the flood damage exclusion that could have an affect on the application of the flood damage exclusion.  Thus, on the grounds of due process and fairness, this Honorable Court should clarify that the first paragraph of page 2 of this Order that the dismissal of claims does not apply to those Insurer Defendants and to those insurance policies that were not examined by <u>Sher v. Lafayette Ins. Co</u>., No. 07-C-2441, 2008 WL 928486 (La. Apr. 8, 2008) and the United States Fifth Circuit Court of Appeals in <u>In re Katrina Canal Breaches Litig</u>., 495 F.3d 191 (5th Cir. 2007).  While those decisions may have precedent value, they should not be dispositive of defendants and policies that were not before the Court in those decisions and are not before the Court on a Motion wherein the specific policy languages are evaluated and fully briefed.

## IV. CONCLUSION

For the foregoing reasons, New Orleans Coffee urges this Honorable Court to clarify that the first paragraph of page 2 of this Order involving the dismissal of claims does not apply to those Insurer Defendants and to those specific insurance policies that were not examined by <u>Sher v. Lafayette Ins. Co</u>., No. 07-C-2441, 2008 WL 928486 (La. Apr. 8, 2008) and the United States Fifth Circuit Court of Appeals in <u>In re Katrina Canal Breaches Litig</u>., 495 F.3d 191 (5th Cir. 2007) including those water damage claims alleged by New Orleans Coffee.

Dated: June 26, 2008

Respectfully submitted,

Larry D. Dyess, APLC

/s/ Larry D. Dyess
Larry D. Dyess, Esq. (Bar No. 19555)
4637 Jamestown Avenue, Suite C
Baton Rouge, LA 70808
Telephone: 225-928-0019
Facsimile: 225-924-0141

Counsel for New Orleans Coffee Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 26th day of June, 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic service through the CM/ECF system.

/s/ Larry D. Dyess
LARRY D. DYESS