UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: INSURANCE | * * | |
| FILED IN: 08-1650 "K" (2) | * * | |
| GERALD NORMAN       Plaintiff, | * * * | |
| VERSUS | * * | |
| STATE FARM FIRE AND CASUALTY COMPANY       Defendant. | * * * * | |
| * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF RULE 37
MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

MAY IT PLEASE THE COURT:

On or about April 22, 2008, undersigned counsel for defendant, State Farm Fire and Casualty Company, propounded Interrogatories and Request for Production of Documents upon plaintiff, Gerald Norman, through his attorney of record, Roy F. Amedee, Jr., a copy of which is attached hereto and made a part hereof as Exhibit # 1.

The discovery requests went unanswered.

1

Our File No.: 895.1015

That on June 4, 2008, undersigned counsel wrote to plaintiff's counsel regarding the outstanding Interrogatories and Request for Production of Documents. Undersigned counsel selected June 12, 2008 at 10:00 a.m. for a discovery conference. A copy of the June 4, 2008 correspondence regarding the same is attached hereto and made a part hereof as Exhibit #2.

Counsel for plaintiff did not participate in the June 12, 2008 discovery conference.

To date, State Farm Fire and Casualty Company still has received no response to the discovery request nor has it received any explanation as to plaintiff's failure to participate in the discovery conference which was set in order to avoid the necessity of this Motion to Compel.

## **INTERROGATORIES**

Federal Rule of Civil Procedure, Rule 33(b)(1), Rule 33(b)(3) and Rule 33(b)(5) provides in pertinent part:

**Rule 33. Interrogatories to Parties**

(b) Answers and Objections.

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is no objectionable.

(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and the objections of any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

Our File No.: 895.1015

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Federal Rule of Civil Procedure Rule 34[b] governs the time delays for a party to provide responses to Request for Production of Documents and provides in pertinent part:

> **Rule 34. Production of Documents and Things and Entry upon Land for Inspection and Other Purposes.**
>
> (b) Procedure.
>
> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. If objection is made to the requested form or forms for producing electronically stored information – or if no form was specified in the request – the responding party must state the form or forms it intends to use. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

When a party fails to answer Interrogatories or fails to respond to Request for Production of Documents, the Federal Rules of Civil Procedure provide that a Motion requesting an Order compelling Discovery is allowed pursuant to Federal Rules of Civil Procedure, Rule 37. This Rule state in pertinent part:

> **Rule 37. Failure to Make or Cooperate in Discovery; Sanctions**
>
> (a) Motion for Order Compelling Disclosure or Discovery.
>
> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

3

Our File No.: 895.1015

(2) Motion.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

(4) Expenses and Sanctions.

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery with out court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Thus, in accordance with the above-cited provisions of the Federal Rules of Civil Procedure, defendant and mover herein, State Farm Fire and Casualty Company, avers that it is entitled to an order compelling the plaintiff, Gerald Norman, to fully and completely answer the Interrogatories and respond to the Request for Production of Documents propounded upon him on April 22, 2008. Considering that close to two months time has elapsed since the date of propounding said discovery requests, defendant and mover herein, State Farm Fire and Casualty

Our File No.: 895.1015

Company, avers that it is entitled to reasonable attorney's fees and costs associated with the filing of this Motion.

                                 Respectfully submitted,

                                 PORTEOUS, HAINKEL & JOHNSON

                                   s/ Patrick D. DeRouen
                                PATRICK D. DeROUEN, ESQUIRE (#20535)
                                LAURIE L. DeARMOND, ESQUIRE (#26622)
                                CHAD J. PRIMEAUX, ESQUIRE (#30024)
                                GUY H. BUMPAS, ESQUIRE (#29546)
                                704 Carondelet Street
                                New Orleans, Louisiana  70130-3774
                                Telephone:  (504) 581-3838
                                Facsimile:  (504) 581-4069
                                pderouen@phjlaw.com
                                ldearmond@phjlaw.com
                                cprimeaux@phjlaw.com
                                gbumpas@phjlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of June 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                   s/ Patrick D. DeRouen
                                PATRICK D. DeROUEN
                                CHAD J. PRIMEAUX
                                GUY H. BUMPAS IV