# EXHIBIT A
# PART 1

|  |  |
|---|---|
| KENT LATTIMORE, LATTIMORE & ASSOCIATES, NORMAN ROBINSON, TANYA SMITH, ANTHONY FRANZ, JR. AND LUCILLE FRANZ, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS IN ST. BERNARD PARISH, NEW ORLEANS EAST, AND THE LOWER NINTH WARD OF ORLEANS PARISH | * * * * * * * * * * |
| V. | * * |
| THE UNITED STATES | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF A CLASS CLAIM PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 USC § 2675, ET SEQ

This is a formal notice of a claim being submitted to the defendant, the United States of America, pursuant to the United States Federal Tort Claims Act, 28 USC § 2675(a). This claim is submitted on behalf of Kent Lattimore, Lattimore & Associates, Norman Robinson, Tanya Smith, Anthony Franz, Jr. and Lucille Franz, individually and on behalf of all other similarly situated individuals in St. Bernard Parish and all similarly situated individuals/entities in the areas of Orleans Parish known as the lower Ninth Ward and New Orleans East. This claim is hereby submitted as a class claim pursuant to Federal Rules of Civil Procedure Rule 23. All of the damages complained of herein were caused as a direct and proximate result of the negligence of the United States Army Corps of Engineers in the design, construction, and maintenance of the Mississippi River Gulf Outlet navigational/shipping structure located in St. Bernard and

Orleans Parishes in Louisiana.

Pursuant to 28 USC § 2675(b), the specific amount of this claim is Two Hundred Billion ($200,000,000,000.00) Dollars.

## I. REPRESENTATIVE CLAIMANTS

### 1) Kent Lattimore

I owned and resided in a house trailer located at 2100 Marcelle Drive in St. Bernard Parish, Louisiana. My residence was very close to my real estate appraisal office. I had a very good situation prior to Hurricane Katrina. On August 29 and 30, 2005, that all changed drastically for the worse. On those dates Hurricane Katrina hit St. Bernard Parish. My property was completely destroyed by flood waters that emanated from the Mississippi River Gulf Outlet navigation/shipping structure. Since the Mississippi River Gulf Outlet navigational/shipping structure was cut into the marshes of St. Bernard Parish, the Corps of Engineers has had a legal duty under Louisiana law to maintain, design and/or construct the MRGO in a manner so as to prohibit the flooding of St. Bernard Parish. The Corps breached that duty by improperly designing, constructing and/or maintaining the MRGO which flooded St. Bernard Parish and my property. The loss of my residence has caused me extreme grief and mental anguish in that I am now without a residence and am forced to rebuild same. I have also lost irreplaceable contents including, but not limited to, photographs, furniture and personal records.

See Form 95 submitted on behalf of Kent Lattimore, Exhibit 1.

### 2) Lattimore & Associates

Lattimore & Associates is a real estate appraisal business that was located at 2100 Marcelle Drive in St. Bernard Parish, Louisiana. Lattimore & Associates was incorporated in 1992. I am the owner and chief operating officer. I operated Lattimore & Associates out of my residence until 1998 when I moved the business to 9117 West St. Bernard Highway in St. Bernard Parish, Louisiana. Since that time, my business has grown rapidly and I have accumulated a significant number of clientele and goodwill.

Lattimore & Associates was still in the growth phase as I was constantly getting inquiries from new banks and mortgage companies. At the time of the hurricane, I had 4 employees and was looking to hire more. The flood water from the MRGO ruined all of my computers, phone system, credit card machines, camera equipment, software applications and related furniture, such as expensive map cabinets. I am now out of business as I do not have the facilities to

perform any appraisals. It will take years to build Lattimore & Associates back to the pre-MRGO flood levels.

I have experienced severe mental anguish associated with the loss of my business. At the outset, it is very difficult to accept that my business is a total loss given its level of performance prior to the MRGO flooding. I am now forced to rebuild from the ground up, which is worse than returning to the level where my business first began in 1992. There is no doubt that Lattimore & Associates will not be operating at pre-MRGO flooding levels for at least twelve years.

Prior to the flooding, Lattimore & Associates was performing approximately 80 to 100 appraisals per month at $350.00 per appraisal. We were also performing appraisals of multi-family dwellings for $450.00 to $500.00 per appraisal. Lattimore & Associates' gross revenue prior to Katrina was between $350,000.00 and $420,000.00 per year. As a result of the flood of the MRGO, there is no income. Consequently, Lattimore & Associates has been deprived of approximately $6 million in lost revenue.

See Form 95 submitted on behalf of Kent Lattimore, Exhibit 2.

### 3) Norman Robinson

I owned and resided in a house located at 6965 Mayo Boulevard, New Orleans, LA 70126, in the area known as "New Orleans East" in Orleans Parish, Louisiana. My residence was convenient to my place of work at WDSU-TV in New Orleans, Louisiana, where I am a news anchor. As a news anchor, I have made my livelihood by being involved and a part of the community in which I live. I lived in a very nice neighborhood prior to the MRGO flooding. My wife, Monica, and I were helping to raise our granddaughter and she lived with us part-time prior to the storm. On August 29 and 30, 2005, my life situation drastically changed for the worse. On those dates all of my worldly possessions were destroyed by flood waters that emanated from the Mississippi River Gulf Outlet navigation/shipping structure (MRGO). The entire first floor of my house was destroyed and my house has sustained structural damage due to the widespread flooding. The loss of my residence has caused me extreme grief and mental anguish in that I am now without a residence and am forced to rebuild same. I have also lost irreplaceable contents including, but not limited to, photographs and personal records. My granddaughter has had to relocate to Houston, Texas and has had to change schools and has lost contact with all of her friends. We miss our granddaughter extremely.

See Form 95 submitted on behalf of Norman Robinson, Exhibit 3.

4) **Tanya Smith**

I owned and resided in a house located at 3920 Despaux Drive, Chalmette, Louisiana 70043, in St. Bernard Parish, Louisiana. My home was custom built and was designed by me. I lived in a very nice neighborhood prior to the storm. My residence was convenient to my place of work and school. Prior to the storm, I was studying at LSU Heath Sciences Center in New Orleans to become an nurse/anesthesiologist. My children were attending St. Mark's Catholic School in Chalmette. St. Bernard Parish was the only "world" which they knew. On August 29 and 30, 2005, my life situation drastically changed for the worse. On those dates my home and all of my worldly possessions were destroyed by flood waters that emanated from the Mississippi River Gulf Outlet navigation/shipping structure. Since the Mississippi River Gulf Outlet navigational/shipping structure was cut into the marshes of St. Bernard Parish, the Corps of Engineers has had a legal duty under Louisiana law to maintain, design and/or construct the MRGO in a manner so as to prohibit the flooding of St. Bernard Parish. The Corps breached that duty by improperly designing, constructing and/or maintaining the MRGO which flooded Orleans Parish and my property. The loss of my residence has caused my sons and me extreme grief and mental anguish in that we are now without a residence and are forced to rebuild same. Meanwhile, we are living in a small apartment, in a different city. My children have had to change schools and have lost contact with all of their friends. We have also lost irreplaceable contents including, but not limited to, photographs and personal records.

See Form 95 submitted on behalf of Tanya Smith, Exhibit 4.

5) **Anthony Franz, Jr.**

My wife and I owned and resided in a house located at 5926 St. Claude Avenue, New Orleans, LA 70117, in the area known as the "Lower Ninth Ward" in Orleans Parish, Louisiana. My residence was a five-plex multi-family dwelling and was convenient for my wife's and my lifestyle in that we are both elderly and our son lived adjacent to us in the same building. He helped to provide for our needs by living in such a close proximity to us. Prior to the storm, we had a very good living arrangement. On August 29 and 30, 2005, my life situation drastically changed for the worse. On those dates my home and all of my worldly possessions were destroyed by flood waters that emanated from the Mississippi River Gulf Outlet navigation/shipping structure. Since the Mississippi River Gulf Outlet navigational/shipping structure was cut into the marshes of Orleans Parish, the Corps of Engineers has had a legal duty under Louisiana law to maintain, design and/or construct the MRGO in a manner so as to prohibit the flooding of Orleans Parish. The Corps breached that duty by improperly designing, constructing and/or maintaining the MRGO which flooded Orleans Parish and my property. The loss of my residence has caused me extreme grief and mental anguish in that I am now without a residence and am forced to rebuild same. I have also lost irreplaceable contents including, but

not limited to, photographs and personal records. I have had to temporarily relocate to a city with which I am not familiar and do not have the ease of life I once had as my son no longer lives close enough to provide for my needs. I no longer work and am not in a position to rebuild my house at this stage of my life. Our house was not covered by any type of insurance and we have suffered a total loss of everything we owned.

See Form 95 submitted on behalf of Anthony Franz, Jr., Exhibit 5.

### 6) Lucille Franz

My husband and I owned and resided in a house located at 5926 St. Claude Avenue, New Orleans, LA 70117, in the area known as the "Lower Ninth Ward" in Orleans Parish, Louisiana. My residence was a five-plex multi-family dwelling and was convenient for my husband's and my lifestyle in that we are both elderly and our son lived adjacent to us in the same building. He helped to provide for our needs by living in such a close proximity to us. Prior to Hurricane Katrina, we had a very good living arrangement. We also had ample storage space for family heirlooms. On August 29 and 30, 2005, my life situation drastically changed for the worse. On those dates my home and all of my worldly possessions were destroyed by flood waters that emanated from the Mississippi River Gulf Outlet navigation/shipping structure. Since the Mississippi River Gulf Outlet navigational/shipping structure was cut into the marshes of Orleans Parish, the Corps of Engineers has had a legal duty under Louisiana law to maintain, design and/or construct the MRGO in a manner so as to prohibit the flooding of Orleans Parish. The Corps breached that duty by improperly designing, constructing and/or maintaining the MRGO which flooded Orleans Parish and my property. The loss of my residence has caused me extreme grief and mental anguish in that I am now without a residence and am forced to rebuild same. I have also lost irreplaceable contents including, but not limited to, family heirlooms, photographs and personal records. I have had to temporarily relocate to a city to which I am not familiar and do not have the ease of life I once had as my son no longer lives close enough to provide for my needs. I no longer work and am not in a position to rebuild my house at this stage of my life. Our house was not covered by any type of insurance and we have suffered a total loss of everything we owned.

See Form 95 submitted on behalf of Lucille Franz, Exhibit 6.

## II. CLASS OF CLAIMANTS

Kent Lattimore, Lattimore & Associates, Tanya Smith, and Anthony and Lucille Franz bring this claim individually and on behalf of all other similarly situated residents/entities. The representatives claimants submit this claim/notice pursuant to section 2675 of the Federal Tort Claims Act, and pursuant to Federal Rule of Civil Procedure 23 which provides for actions/claims to be brought as a class action. This rule expressly permits/authorizes

individuals/entities to bring an action on behalf of all other similarly situated individuals/entities. Representative claimants' claims are similar/common to the claims of all of the other individuals/entities in the affected area. These representative individuals/entities specifically submit this Notice/Claim/Action on behalf of the following class:

> **All individuals/entities which sustained property damage, related mental anguish, and business loss which were located in St. Bernard Parish Louisiana and the area of Orleans Parish Louisiana bounded by the Inner Harbor Navigational Canal, Lake Pontchartrain and Lake Borgne.** (See Form 95 submitted on behalf of the Class of Claimants, Exhibit 7, and Map depicting Class of Claimants, Exhibit 8).

The geographical area, in which the Class of Claimants' damage occurred, is bordered on the south and southwest by the Mississippi River, on the west by the Inner Harbor Navigation Canal (IHNC) and the Industrial Canal, on the north and east by Lake Pontchartrain and by open marsh leading to the Gulf of Mexico. (See Map depicting Class of Claimants, Exhibit 8). All of the individuals/entities residing in this area experienced extensive property damage, business loss and related mental anguish as a direct and proximate result of the flooding from the Mississippi River Gulf Outlet Navigational/Shipping Structure (MRGO). The flooding from the MRGO was the direct and proximate result of the negligence of the United States Army Corps of Engineers (USACE) in the design, maintenance and construction of the MRGO.

### III. STATEMENT OF CASE

The MRGO is a navigable waterway authorized by The Rivers and Harbors Act of 1956. It is a deep water channel constructed by the Corps of Engineers in the late 1950's and early 1960's at an estimated cost of $88,000,000. The channel is approximately 76 miles long, including 46 miles of "land cut", and runs from the Gulf of Mexico through St. Bernard and Orleans Parishes. The MRGO was constructed by the USACE as an aid to navigation and shipping as distinguished from a flood control project.

The MRGO originates in Breton Sound and runs in a northwesterly direction to the confluence with it and the Gulf Intercoastal Waterway, where the two bodies of water merge and flow into the Inner Harbor Navigational Canal/Industrial Canal. The MRGO is bordered on the northeast for approximately 16 miles by Lake Borgne which has a surface area of approximately 350k square miles but a relatively shallow depth of 3 feet to 25 feet maximum. Lake Borgne is fed directly from the Gulf of Mexico via the Mississippi Sound (through a six mile wide water course).

The geographical dynamic of these water bodies is essentially that of a funnel for

hurricane storm surges. The funnel created by these water bodies is easily visible on any map and should have been taken into account by the USACE in its design, construction and maintenance of the MRGO. Instead the USACE chose to ignore and/or overlook this hydrodynamic phenomena. The USACE's acts and/or omissions in this regard constitute actionable negligence which caused the flooding damage and resulting injuries to the representative claimants and the class of claimants they represent. The USACE's negligence is heightened by the fact that the flooding and resulting injuries to the class of claimants was entirely predictable in light of the history of hurricanes and tidal surges in this area.

A storm surge, rather than being a wall of water, is a dome-like water increase, centered under the eye of the storm, which diminishes gradually in all directions from the center. Its fore-runners are the tidal rises preceding the hurricane's advance and the water height gradually increases as the highest winds and lowest barometric pressures approach a land mass. In 1965 Hurricane Betsy created a tidal surge that moved up the MRGO and breached the levees in Orleans and St. Bernard Parishes killing over 80 people and causing over two billion in damages. Since that time there have been numerous hurricanes, such as Camille, Georges, Andrew and Ivan, which would have also pushed an extreme tidal surge up the MRGO but for the fact these storms turned to the east at the last minute. Despite the direct hit from Betsy, and the near misses of numerous other storms the USACE did nothing to protect the class of claimants and their respective property from the predictable flooding associated with the existence of the MRGO and the "funnel". Moreover, the USACE has permitted the MRGO to become a much greater threat to the class of claimants and their property because the USACE has negligently maintained the MRGO which has allowed the area to become more than 2000 feet wide which allows it to carry a tidal surge into the geographical area occupied by the class of claimants several times greater than the destructive tidal surge that was carried by Hurricane Betsy. The USACE's negligent maintenance of the MRGO has resulted in the MRGO becoming a superhighway for tidal surges associated with these storms.

All of the predictions came true on August 29 & 30, 2005, nearly forty years to the day after Hurricane Betsy, when Hurricane Katrina made landfall. Predictably, Katrina pushed a storm surge up the MRGO and into St. Bernard Parish, and into the areas of Orleans Parish referred to as New Orleans East and the lower Ninth Ward. This storm surge flooded and literally destroyed these areas. As discussed above, the resulting flooding caused massive damage to the representative claimants and the Class of Claimants they represent. This damage was clearly the "fault" of the USACE and was entirely predictable.

## IV. OPERATING LAW

In a suit brought under the Federal Tort Claims Act, the United States is amenable to damages in the same manner and to the same extent as a private individual in like circumstances. 28 U.S.C. Section 2674. In determining the liability of the United States to be cast in judgment

for damages, the substantive laws of Louisiana (the state in which the incident occurred) are controlling. *Standeder v. United States*, 511 F.2d 101 (5th Cir. 1975); *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805(1963).

Under Louisiana law, every act of the United States that causes damage to another as a result of the fault of the United States obliges the United States to repair that damage. LSA C.C. Art. 2315. The elements of a cause of action under Article 2315 are Fault (which embraces all conduct falling below a proper standard), Causation, and Damage. *Weiland v. King*, 281 So.2d 688, 690 (La. 1973). Under Louisiana law, the United States is responsible for the damage it occasions not only by its acts, but also by its negligence, imprudence and want of skill. LSA C.C. Art. 2316. The United States as grantee of the right of way, builder and maintainer of the MRGO assumed a high standard of care with relations to damages caused by the works to neighboring lands and individuals. LSA C.C. Art. 667; *Carr v. City of Baton Rouge*, 314 So.2d 527 (La.App.1975).

The failure to exercise that degree of care ordinarily expected of a reasonably prudent person under similar circumstances constitutes negligence. *Fire & Gas Ins. Co. of Conn. V. Garick*, 312 So.2d 103, writs denied, 313 So.2d 845 (La.1975). The USACE clearly did not act as a reasonably under the circumstances, as discussed above, which means that the United States is liable to the class of claimants for all damages they incurred/endured as a direct and proximate result of the USACE's negligence.

## V. DAMAGES

Each of the Class of Claimants was damaged by the flooding from the Mississippi River Gulf Outlet navigational/shipping structure. They each lost their homes, their possessions, their jobs, their businesses and their communities and each experienced and will continue to experience severe mental anguish as a result. The United States Army Corps of Engineers/United States is liable for these damages pursuant to the Federal Tort Claims Act and the law of the State of Louisiana. The combined damage amount is Two Hundred Billion ($200,000,000,000.00) Dollars.

Respectfully Submitted:
THE ANDRY LAW FIRM

By: Jonathan B. Andry, Esq. (LSBA#20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8933

8

9

*Received 10/24/05 RCM*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| United States Army Corps of Engineers<br>7400 Leake Avenue<br>New Orleans, Louisiana 70118-3651 | Kent Lattimore, 2100 Marcelle Drive, Chalmette, LA 70043<br>represented by:<br>Jonathan B. Andry, The Andry Law Firm, 610 Baronne Street, New Orleans, LA 70113 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 6-21-66 | single | August 29, 2005 | 12:00 a.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Notice of Claim attached hereto and made a part hereof.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Hurricane and flooding. The damage was a complete loss of structure and contents located at 2100 Marcelle Drive, Chalmette, LA 70043.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Notice of Claim attached hereto and made a part hereof.
Kent Lattimore; see address above.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
|  |  |

12. AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 45,000.00 | 200,000.00 |  | 245,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* | 504-536-8899 | 10/13/05 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.        NSN 7540-00-634-4046        STANDA... PRESCR... 28 CFR

**EXHIBIT 1**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No

N/A

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

**17. If deductible, state amount**

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

**19. Do you carry public liability and property damage insurance?** ☒ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

State Farm Insurance Company

SF 95 (Rev. 7-85) BACK

06N15T002  Received 9/24/05  RCM

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: United States Army Corps of Engineers 7400 Leake Avenue New Orleans, Louisiana 70118-3651 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Lattimore & Associates, 9117 West St. Bernard Hwy., Chalmette, LA 70043 represented by: Jonathan B. Andry, The Andry Law Firm, 610 Baronne Street, New Orleans, LA 70113 |
|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY [X] CIVILIAN | 4. DATE OF BIRTH 1992 | 5. MARITAL STATUS n/a | 6. DATE AND DAY OF ACCIDENT August 29, 2005 | 7. TIME (A.M. or P.M.) 12:00 a.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Notice of Claim attached hereto and made a part hereof.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

See Notice of Claim attached hereto and made part hereof.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Notice of Claim attached hereto and made part hereof.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 6,180,000.00 | 200,000.00 | | 6,380,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory 504-586-8899 | 14. DATE OF CLAIM 10/13/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.    NSN 7540-00-634-4046    STANDARD PRESCR 28 CFR

EXHIBIT 2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☒ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance?  ☒ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

State Farm Insurance Company

SF 95 (Rev. 7-85) BACK