UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 |
| | * | SECTION "K" (2) |
| PERTAINS TO: | * | JUDGE DUVAL |
| INSURANCE  06-3509 | * | MAG. WILKINSON |
| (Lundy Enterprises) | * | |

**************************************************

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

WHEREAS, Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C. ("Plaintiffs"), by and through their attorneys, have requested IMA of Kansas, Inc. ("IMA") to make available for inspection and/or copying, documents and various materials relating to the litigated matters in the above entitled and numbered cause;

WHEREAS, IMA contends that some of these documents and materials are in whole or in part proprietary information, confidential business records, and/or trade secrets, all of which is competitively sensitive;

WHEREAS, IMA requires that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained, as well as the confidentiality of the fact of the existence of the documents and materials and their description and identity; and

WHEREAS, Plaintiffs and Plaintiffs' attorneys as well as Defendant Wausau Underwriters Insurance Company ("Wausau"), and Wausau's attorneys and IMA and IMA's attorneys have agreed to comply with the letter and intent of said confidentiality;

IT IS HEREBY STIPULATED THAT:

1.     At such time as IMA delivers to Plaintiffs, Plaintiffs' attorneys, Wausau, and Wausau's attorneys any documents or materials by way of discovery in this case, or divulges

any documents or materials or any information contained therein, IMA shall designate as "Confidential" any such documents, materials, or information it deems to be confidential.

2.     Plaintiffs, Plaintiffs' attorneys, Wausau, and Wausau's attorneys shall not give, show or otherwise directly or indirectly disclose any such confidential documents, materials or information produced by IMA in this action, or the substance thereof, or the existence thereof, or any copies, prints, negatives or summaries thereof, and will not disclose the fact of the existence thereof, to any entity or person except to the parties in this litigation.

3.     Any and all of Plaintiffs' and Wausau's experts, consultants and/or counsel associated in this litigation and any other individuals, including deponents, who have access to confidential documents and/or materials and/or information subject to this Protective Order, or to the substance hereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Protective Order. Those experts, consultants, counsel, deponents, and other individuals shall not give, show, or otherwise, directly or indirectly, disclose any of the confidential documents or materials or information subject to this Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit only.

4.     At the conclusion of the work of such experts, consultants, counsel, deponents, or other persons as described in Paragraph 3 herein, all confidential documents and materials and all copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents and/or materials and/or information.  At the time of such redelivery, an Affidavit in the form of **Exhibit "A"** attached hereto shall be executed by such experts, consultants, counsel, deponents, and/or other persons who have had access to the confidential documents and/or materials and/or information, stating that they have complied with the provisions of this

Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the confidential documents and/or materials and/or information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, Plaintiffs' attorneys and Wausau's attorneys shall provide to IMA all competitively sensitive documents and materials produced under the terms of this Protective Order along with all executed Affidavits.

     5.     The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved and all questions of admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

     6.     Confidential documents and materials, as those terms are used herein, mean information, including confidential and proprietary information about IMA's business, products, practices, or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, reports, claims, graphs, charts, rating information, premium information and documentation, financial and budget information, risk analyses, personal identifying information such as Social Security numbers, and deposition or trial transcripts and exhibits thereto. Confidential documents and materials shall be so designated by prominent red markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. If Plaintiffs, Plaintiffs' attorneys, Wausau, and Wausau's attorneys require more than one copy of any confidential document or material produced pursuant to this Protective Order, they must ensure that each copy is made with the original red marking designating the confidentiality of

the document and/or material and the information contained therein.  Plaintiffs, Plaintiffs'

attorneys, Wausau, and Wausau's attorneys shall limit the number of copies to that which is

absolutely necessary to prepare their cases adequately and shall ensure that copies are returned

to Plaintiffs' attorneys and Wausau's attorneys and that unnecessary copies are destroyed.

Any and all copies shall be treated in accordance with the terms of this Protective Order.

7.      No party hereto shall be bound by this Protective Order as to any information

that it possessed prior to this action, unless the information was obtained from the other party

under circumstances requiring the first party to treat it as confidential.

8.      Any party claiming that information designated by the other party as

confidential has been in the possession of such first party or has been in the possession of the

public prior to disclosure of such information in discovery herein shall have the burden of

proving such earlier possession or such public knowledge of such information.

9.      This Protective Order shall be without prejudice to the rights of the parties in

any other action and applies solely to the above entitled and numbered cause.

10.     The parties do not waive any rights they may possess to compel further

discovery responses or to object to any further discovery requests made by either party.

11.     Any confidential documents or materials attached as an exhibit to any

deposition taken in this action, and any deposition testimony containing information from

confidential documents and materials, and any papers filed with the Court in this action,

which include or summarize any deposition transcripts, testimony, or exhibits containing

confidential information, as described herein, shall be sealed and protected from disclosure by

this Protective Order, and neither Plaintiffs nor Plaintiffs' attorneys nor any other party hereto

shall attack the propriety of the sealing or protection of such confidential documents and

materials or any such depositions, exhibits, or papers filed with the Court, after the conclusion

of this litigation, whether by judgment or settlement or by any other means of dispute

resolution. The use of such confidential information during depositions in this action does not waive the terms of this Protective Order.

12.     Any confidential documents and materials produced during discovery and/or offered and/or admitted into evidence during pre-trial proceedings, trial, or post-trial proceedings, and any testimony relating to such confidential documents and materials, and any papers filed with the Court in this action, which attach, include, or summarize any such confidential information, shall be sealed and protected from disclosure by this Protective Order and neither Plaintiffs, Plaintiffs' attorneys, Wausau, and Wausau's attorneys nor any other party hereto shall attack the propriety of the sealing or protection of such confidential documents and materials or evidence after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. Such productions and/or offerings and/or admissions into evidence do not waive the terms of this Protective Order.

13.     The terms of this Protective Order shall remain fully active until released by written consent of the IMA. The Court shall retain jurisdiction over the parties, this Protective Order, and recipients of confidential documents and materials for the sole purpose of enforcing this Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.  The provisions of this Protective Order shall continue to be binding as to the confidential documents and materials produced pursuant to it.

14.     Any party to this action may challenge the "Confidential" designation by IMA by making written application to the Court.  The materials shall remain "Confidential" subject to the provisions of this "Stipulation and Protective Order Regarding Confidentiality of Documents and Materials" pending determination by the Court of the merits of such a challenge.

IT IS SO STIPULATED:

DATED: _6/30/08_

Peter B. Sloss (#17142)
Robert H. Murphy (#9850)
Gary J. Gambel (#19864)
Murphy, Rogers, Sloss & Gambel
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA 70139
Telephone: (504) 523-0400
Attorneys for LUNDY ENTERPRISES,
L.L.C. and M-LUND ENTERPRISES, L.L.C.

DATED: _6/30/08_

Lawrence J. Duplass (#5199)
Duplass, Zwain, Bourgeois,
    Pfister & Weinstock
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA  70002
Telephone: (504) 832-3700
Attorneys for IMA OF KANSAS, INC.

DATED: _6/30/08_

Judy Y. Barrasso (#2814)
Bailey H. Smith (#27906)
Barrasso, Usdin, Kupperman, Freeman & Sarver
909 Poydras Street, Suite 1800
New Orleans, LA 70112
Telephone: (504) 589-9700
Attorneys for WAUSAU UNDERWRITERS
INSURANCE COMPANY