### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO.  05-4182 |
| PERTAINS TO: LEVEE/MRGO | & Consol. Cases |
| *Bourgeois,* No. 06-5131 | |
| *Ferdinand,* No. 06-5132 | SECTION "K" (2) |
| *Christophe,* No. 06-5134 | JUDGE  DUVAL |
| *Williams,* No. 06-5137 | |
| *Porter,* No. 06-5140 | MAGISTRATE WILKINSON |

### MEMORANDUM OF DEFENDANT BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

### Introduction

In the five actions captioned above, this Honorable Court previously dismissed the Plaintiffs' original Act of Assurance claims against the Board of Commissioners of the Port of New Orleans ("Dock Board"). See, Order and Reasons (Rec. Doc. 8913)(attached as Exhibit A).  Shortly before their Act of Assurance claims were dismissed, Plaintiffs amended their Complaints to assert strict liability claims against the Dock Board under La. C.C. Arts. 2317 and

2317.1 to recover damages arising out of the alleged failure of certain floodwalls near the Industrial Canal during Hurricane Katrina.

In the Katrina Litigation umbrella, however, this Honorable Court has previously held, as a matter of law, that La. R.S. 9:2800 (H) bars any such strict liability claims against public entities, such as the Dock Board, for damages arising out of Hurricane Katrina.  See, Order and Reasons at p. 2 (Rec. Doc. 8389)(attached as Exhibit B).  Moreover, this Court has also held that the Dock Board, as a matter of law, has no legal duty or responsibility with respect to flood control or levee maintenance.  See, Order and Reasons at p. 2-3 (Rec. Doc. 8389)(attached as Exhibit B).  Accordingly, because the Plaintiffs' remaining strict liability claims against the Dock Board fail to state a claim upon which relief can be granted, the Plaintiffs' actions against the Dock Board should respectfully be dismissed, with prejudice, under FRCP 12(c).

## Standard of Review

In the U.S. Fifth Circuit, a motion for judgment on the pleadings under Rule 12(c) and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted are decided using the same standard:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff.  The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  When considering such motions, the district court "is to take the factual allegations of the complaint as

true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).  However, if it appears without a doubt that the facts alleged, taken as true, would not entitle the plaintiff to the relief sought, the complaint should be dismissed. See, Fernandez-Montes, 987 F.2d at 284-85; Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 502 (5th Cir. 1959)("[W]hen the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial."), cert. denied, 361 U.S. 818, 80 S.Ct. 60, 4 L.Ed.2d 64 (1959).  Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes, 987 F.2d at 284.   Thus, when the plaintiff's allegations "are wholly conclusory ... and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." Davidson v. State of Ga., 622 F.2d 895, 897 (5th Cir. 1980). To that end, dismissal of the plaintiff's complaint is warranted if it "lacks an allegation regarding a required element necessary to obtain relief."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

### Basic Facts

Over one year ago, the Dock Board filed a Rule 12(b)(6) motion to dismiss eleven Complaints[1] in this litigation, including the five actions at issue here, for

---

[1] The Complaints were filed in the following actions:  Sims No. 06-5116; DePass No. 06-5127; Paul No. 06-7682; Richard No. 06-5118;  Adams No. 06-5128; Bourgeois No. 06-5131; Ferdinand No. 06-5132; Christophe No. 06-5134; Williams No. 06-5137; Porter No. 06-5140; and Augustine No. 06-5142.

failure to state a claim upon which relief could be granted.[2]  Those Complaints, despite the existence of overwhelming caselaw precedent to the contrary, sought to hold the Dock Board vicariously liable to the Plaintiffs under certain Congressionally-mandated Acts of Assurance that the Dock Board, in conjunction with the federal funding and construction of the Mississippi River-Gulf Outlet and other projects, had executed in favor of the United States.  The Complaints did not allege any wrongdoing on the Dock Board's behalf.  Instead, the Plaintiffs simply claimed status as third-party beneficiaries of the Acts of Assurance and dubiously asserted a direct action against the Dock Board as an "insurer" under La. R.S. § 22:655.  This Honorable Court granted the Dock Board's Rule 12(b)(6) motion and dismissed the Plaintiffs' Acts of Assurance claims.  See, Order and Reasons (Rec. Doc. 8913) (attached as Exhibit A).

Shortly before the Dock Board's Rule 12(b)(6) motion was granted, however, the Plaintiffs in the five above-captioned actions (Bourgeois No. 06-5131; Ferdinand No. 06-5132; Christophe No. 06-5134; Williams No. 06-5137; and Porter No. 06-5140) were granted leave to amend their Complaints to add a new strict liability claim against the Dock Board.[3]  Specifically, the Plaintiffs allege that the flooding at issue was proximately caused by the failure of certain floodwalls associated with the Industrial Canal and/or surge from the MRGO,[4] and that "the [Dock Board] had the care, custody, and control of the Industrial

---

[2] See, Rec. Doc. Nos. 2935 (Port Motion and Supporting Memorandum), 3407 (Plaintiffs' Opposition Memorandum) & 3462 (Port Reply Memorandum in Support).

[3] The Dock Board opposed the Plaintiffs' Motion for Leave to Amend on the basis that the proposed amended claims against the Dock Board were futile.  See, Rec. Doc. No. 7330.

[4] See, Rec. Doc. No. 8197 at ¶11a. (Bourgeois); Rec. Doc. No. 8198 at ¶14a. (Ferdinand); Rec. Doc. No. 8199 at ¶10a. (Christophe); Rec. Doc. No. 8200 at ¶10a. (Williams); Rec. Doc. 8202 at ¶10a. (Porter).

Canal ... and is, accordingly, answerable for Plaintiffs' damages under Civil Code Articles 2317 and 2317.1."[5]   The Dock Board now files this motion to dismiss these remaining strict liability claims in the five above-captioned actions, and to dismiss those five actions against the Dock Board in their entirety.

As will be explained more fully below, if we view the Plaintiffs' allegations as true, which is specifically denied, because this Honorable Court has previously recognized that the Louisiana Legislature has enacted legislation barring the assertion of strict liability claims arising out of Hurricane Katrina against public bodies such as the Dock Board, and because this Court has also previously determined that the responsibility for levee and floodwall maintenance does not reside with the Dock Board, the Plaintiffs' strict liability claims against the Dock Board necessarily fail as a matter of law.

2.   **Plaintiffs' Hurricane Katrina strict liability claims against the Dock fail as a matter of law because this Honorable Court has recognized that the Louisiana Legislature has barred the assertion of such claims against public bodies such as the Dock Board and that the Dock Board has no duties or responsibilities with regard to flood control.**

As stated above, in their Amended Complaints, Plaintiffs assert strict liability claims against the Dock Board under Louisiana Civil Code Articles 2317 and 2317.1.  These allegations, however, are wholly conclusory and fail to allege specific facts which if proven would entitle the Plaintiffs to the relief sought.  In any event, because the Dock Board is a public entity, the provisions of La. R.S. § 9:2800 are also implicated.  Relevant portions of La. R.S. § 9:2800, however, bar

---

[5] See, Rec. Doc. No. 8197 at ¶ 27e. (Bourgeois); Rec. Doc. No. 8198 at ¶ 64a. (Ferdinand); Rec. Doc. No. 8199 at ¶ 63 (Christophe); Rec. Doc. No. 8200 at ¶ 63 (Williams); Rec. Doc. 8202 at ¶ 63 (Porter).

the assertion of strict liability claims for damages against a public entity, such as

the Dock Board, arising out of Hurricane Katrina:

> § 2800.  Limitation of liability for public bodies
>
> \*   \*   \*
>
> C.      [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. …
>
> H.      (1)      Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.

See, La. R.S. § 9:2800 (C), (H)(1).

As this Honorable Court held in dismissing the Dock Board from the Levee

Master Class Action alleging the same type of strict liability claims:

> The Louisiana legislature enacted subsection H of La. Rev. Stat. 9:2800, which concerns limitation of liability for public bodies. … By operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body.

See, Order and Reasons at p. 2 (Rec. Doc. 8389)(attached as Exhibit B).  By

logical extension, and the wording of the statute itself, this same reasoning

applies to all strict liability claims asserted by Plaintiffs here. In fact, this

Honorable Court so stated in its recent Order and Reasons  dismissing certain

claims against the Sewerage and Water Board of New Orleans:

Plaintiffs' claims on this point also fail. The claim concerning SWB's garde over the pumping stations was similarly placed against the Port of New Orleans in this matter. This Court, in an order dated October 12, 2007, dismissed those claims against the Port of New Orleans on two bases. PNO Dismissal Order, Civ. A. No. 05-4182, Oct. 12, 2007 (Rec. Doc. 8389). First, this Court found that Section H of La. Rev. Stat. 9:2800 provided immunity for the Port of New Orleans for any suit under Civil Code Article 2317 for any damage arising from Hurricanes Katrina and Rita. PNO Dismissal Order at 2. As stated by this Court previously, "[b]y operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body." *Id.*

See, Order and Reasons at p. 6-7 (Rec. Doc. 13613). Given that La. R.S. 9:2800(H) provides immunity for the Dock Board "for any suit under Civil Code Article 2317 for any damage arising from Hurricanes Katrina and Rita," see, Order and Reasons at p. 6-7 (Rec. Doc. 13613), all of the Plaintiffs' strict liability claims against the Dock Board necessarily fail as a matter of law.

Finally, this Court has also held that the Dock Board has no duties or responsibilities with regard to flood protection or levee maintenance. See, Order and Reasons at p. 2-3 (Rec. Doc. 8389)("[T]he maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board.")(attached as Exhibit B); see also, Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 288 (La. 1986)("Under well settled principles, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection."). Without the existence of such a duty, the Dock Board cannot be held liable to Plaintiffs as a matter of law.

Given the foregoing, and viewing the allegations of Plaintiffs' Complaints as true, which is specifically denied, because the Plaintiffs' Amended Complaints fail to state a legally cognizable claim against the Dock Board, the Plaintiffs' remaining claims against the Dock Board in the five above-captioned actions, and those five actions in their entirety with respect to the Dock Board, must respectfully be dismissed, with prejudice, as a matter of law.

## CONCLUSION

Plaintiffs' original Act of Assurance claims against the Dock Board have already been dismissed as a matter of law. Plaintiffs' Amended Complaints assert similarly defective strict liability claims against the Dock Board for damages arising out of Hurricane Katrina. As stated above, this Honorable Court has previously held that such strict liability claims arising out of Hurricane Katrina are not cognizable against public bodies, such as the Dock Board, under La. R.S. 9:2800 (H). Moreover, this Honorable Court has previously determined that the Dock Board has no duties or responsibilities with regard to flood control or levee maintenance, and, therefore, cannot be legally liable for the allegedly defective flood walls at issue. Given the foregoing, because Plaintiffs' amended claims against the Dock Board necessarily fail as a matter of law, it is respectfully requested that this Honorable Court grant the Dock Board's Motion for Judgment on the Pleadings and dismiss the Plaintiffs' remaining claims, and these actions in their entirety, against the Dock Board, with prejudice, each party to bear their own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
        J. FREDRICK KESSENICH (7354)
        JONATHAN H. SANDOZ (23928)
        MICHAEL W. MCMAHON (23987)
        JON A. VAN STEENIS (27122)
        KIRK N. AURANDT (25336)
        P. O. Box 5350
        Covington, Louisiana  70434-5350
        Telephone:  985/871-0800
        Facsimile:   985/871-0899
        Attorneys for Defendant, The Board of
        Commissioners of the Port of New
        Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 30th day of June, 2008.

/s/ Kirk N. Aurandt
KIRK N. AURANDT