UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSILIDATED LITIGATION | * | |
| | * | SECTION "K" MAG. 2 |
| | * | |
| PERTAINS TO: INSURANCE | * | JUDGE STANWOOD R. DUVAL |
| <u>Gaubert</u>, 07-9768 | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant Louisiana Citizens Property Insurance Corporation ("LCPIC"), a nonprofit corporation created by the Louisiana Legislature (La. Rev. Stat. § 22:1430, et seq.) to operate residual market insurance programs for the State of Louisiana, AND respectfully submits this Answer and Affirmative Defenses:

### FIRST DEFENSE

Plaintiff's Petition fails to state a claim for which this Court may grant relief.

### SECOND DEFENSE

AND NOW, through undersigned counsel, comes LCPIC to answer the specific allegations contained in Plaintiff's Petition as follows:

1.

The allegations in Paragraph I of the Petition are denied for lack of information sufficient to justify a belief therein.

1

2.

The allegations in Paragraph II are denied as written. LCPIC administers insurance programs but is not an "insurance company," a "Louisiana insurer," or domestic or foreign "insurer."

3.

The allegations in Paragraph III do not appear to be applicable to this lawsuit and do not appear to require a response from this Defendant. However, in an abundance of caution, the allegations in Paragraph III are denied.

4.

The allegations in Paragraph IV are denied. Under the residual market insurance program LCPIC administers, Petitioner was issued a policy of insurance. That policy is an instrument in writing and is the best evidence of its terms, conditions, and limitations, which are pled herein. Furthermore, the policy contains the following exclusionary language which directly contradicts the allegations in Paragraph IV that LCPIC issued a policy providing flood coverage:

> **GENERAL EXCLUSIONS**
>
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> > **3. Water Damage**, meaning:
> >
> > > **a.** flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.

5.

The allegations in Paragraph V are denied as written.

6.

The allegations in Paragraph VI are denied as written. Furthermore, LCPIC avers that under the residual market insurance program LCPIC administers, Petitioner was issued a policy of insurance. That policy is an instrument in writing and is the best evidence of its terms, conditions, and limitations, which are pled herein. In any case, the policy contains the following exclusionary language which directly contradicts the allegation in Paragraph VI that LCPIC issued a policy providing flood coverage, whether "non-natural" or otherwise:

> **GENERAL EXCLUSIONS**
>
> **B.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
>> **4. Water Damage**, meaning:
>>
>>> **a.** flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.

7.

The allegations in Paragraph VII of the Petition are denied, except to admit that LCPIC issued partial payment based on wind damage, pursuant to the terms of the policy of insurance. Furthermore, La. Rev. Stat. § 22:695, referring to "any fire insurance policy," is inapplicable to the policy of insurance issued by LCPIC. Additionally, the policy issued by LCPIC sets forth an alternative method of loss computation and the provisions of La. Rev. Stat. § 22:695 are inapplicable to the policy at issue here.

8.

The allegations in Paragraph VIII of the Petition, including subparagraphs (a) through (d), are denied.

9.

The allegations in Paragraph IX of the Petition are denied.

10.

Paragraph X requires no response from this Defendant.

11.

The allegations in Paragraph XI of the Petition, including subparagraphs (1) through (10), are denied.

12.

Any allegations contained in the unnumbered paragraph of the Petition immediately following Paragraph XI, beginning with "WHEREFORE," are denied.

### THIRD DEFENSE

LCPIC is a non-profit corporation created by the Louisiana legislature (La. Rev. Stat. § 22:1430, et seq.) to operate residual market insurance programs for the State of Louisiana. It administers insurance programs but is not a "Louisiana Insurance Company" or a foreign or domestic "Insurer" to which the penalties and provisions of La. Rev. Stat. §§ 22:658 and 22:1220 apply.

### FOURTH DEFENSE

La. Rev. Stat. § 22:695, addressing "any fire insurance policy," is inapplicable to the insurance policy or policies issued to Petitioner under the residual market insurance program administered by LCPIC. Additionally, the policy issued by LCPIC sets forth an alternative method of loss computation and the provisions of La. Rev. Stat. § 22:695 are inapplicable to the policy at issue here.

## FIFTH DEFENSE

The amount of recoveries by Petitioner herein is limited to the extent that there have been payments made in accordance with the terms, limitations, conditions, and exclusions of the policy or policies, and such payments are pled herein as a set-off.

## SIXTH DEFENSE

To the extent Petitioner has been compensated in whole or in part for the damage to the property by any other insurer, Petitioner has no right or cause of action to the extent of such payment.

## SEVENTH DEFENSE

The policy or policies issued by the insurance program upon which Petitioner seeks recovery is/are not a flood policy and any losses due to flooding, as that term is used in the policy, are excluded from recovery by the Plaintiff.

## EIGHTH DEFENSE

The policy or policies issued by the insurance program upon which Petitioner seeks recovery excludes coverage for events contributing concurrently with excluded perils to cause Petitioner's losses.

## NINTH DEFENSE

LCPIC specifically pleads the provisions of La. Rev. Stat. § 22:1430.5 as an affirmative defense, and/or immunity to the allegations of arbitrary and capricious actions and behavior on the part of Defendant and to the claims for statutory penalties and/or attorney's fees made by Petitioner.

### TENTH DEFENSE

For the claims of statutory penalties, LCPIC pleads in abeyance, mitigation or denial, the unprecedented scope of damage wrought by Hurricanes Katrina and Rita; the unprecedented number of claims; the loss of communication and governmental control following Hurricanes Katrina and Rita; the physical and legal restrictions on access to property; and the displacement of insureds from the area.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because he failed to comply with the applicable policy conditions, including but not limited to Plaintiff's failure to provide LCPIC with adequate proofs of loss, Plaintiff's failure to provide LCPIC with access to the insured structures, and/or Plaintiff's failure to provide sufficient documentation of lost rents.

### TWELFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred or reduced because he failed to take reasonable efforts to mitigate his losses.

### FOURTEENTH DEFENSE

Pursuant to the "Other Insurance" provisions of the insurance policy administered by LCPIC and issued to Plaintiff, LCPIC asserts all rights it has to credit, setoff, allowance, or reduction as a result of any insurance policy benefits paid to or on behalf of Plaintiff.

### FIFTEENTH DEFENSE

At all times relevant to this action, LCPIC acted in good faith and fair dealing towards Plaintiff and, at all times, had an arguable basis in fact or in law for its actions. No legal or factual basis exists for the award of extra-contractual damages or penalties.

### SIXTEENTH DEFENSE

Plaintiff's claims for policy limits for contents are barred because no such coverage exists under the provisions of the insurance policy administered by LCPIC and issued to Plaintiff, which are pled herein as if listed in their entirety.

### SEVENTEENTH DEFENSE

Plaintiff's claims for policy limits for "additional living expenses" are barred because no such coverage exists under the provisions, conditions, and exclusions of the insurance policy administered by LCPIC and issued to Plaintiff, which are pled herein as if listed in their entirety.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of contributory negligence and/or comparative fault.

WHEREFORE, Defendant LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION prays that its Answer and Affirmative Defenses be deemed good and sufficient and that after all due proceedings had, there be Judgment herein in favor of the Defendant, dismissing Plaintiff's demands at Plaintiff's cost, and for all other just and equitable relief.

**SIGNATURE LINE ON FOLLOWING PAGE**

RESPECTFULLY SUBMITTED:

__/s Laurent J. Demosthenidy_____
Laurent J. Demosthenidy (La. Bar. #30473)
**HULSE & WANEK, APLC**
1010 Common St. Suite 2800
New Orleans, Louisiana 70112
Telephone:     (504) 524-6221
Facsimile:     (504) 529-4106
ljd@hulsewanek.com

**Attorney for Defendant,
Louisiana Citizens Property Insurance Corporation**

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been filed with the Clerk of Court using the CM/ECF system, which will provide electronic service to the following:

**Stuart Thomas Barasch** SBarasch1@aol.com

**Christian Albert Garbett** cgarbett@klb-law.com

**Sarah Shannahan Monsour** smonsour@klb-law.com

**David A. Strauss** dstrauss@klb-law.com

This 1st day of July, 2008.

__/s Laurent J. Demosthenidy__

Laurent Demosthenidy