UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO:  ALL INSURANCE | * * | JUDGE DUVAL<br>MAG. WILKINSON |

******************************************************************************

**<u>MEMORANDUM IN SUPPORT OF THE INSURANCE PSLC'S
MOTION FOR ENTRY OF
THE ORGANIZATION AND COMPENSATION OF
COMMON BENEFIT PLAINTIFFS ATTORNEYS
CASE MANAGEMENT ORDER</u>**

MAY IT PLEASE THE COURT:

The Katrina Canal Breaches Litigation Plaintiffs' Liaison Counsel, Joseph M. Bruno, Liaison Counsel for the Insurance PSLC, Calvin C. Fayard, Jr., and the Plaintiffs' Sub-Group Litigation Committee - Insurance, John Ellison, Jerry Joseph McKernan, Drew Ranier, and James Garner (collectively referred to as "the Insurance PSLC"), submit this memorandum in support of their motion for entry of the proposed Case Management Order ("CMO") establishing an organizational system for the compensation of common benefit plaintiffs attorney fees and expenses. For the reasons

1

that follow, the Insurance PSLC respectfully requests this Honorable Court enter an order establishing the proposed Case Management Order ("CMO").

In August 2005, Hurricane Katrina ravaged Southeast Louisiana. In the aftermath of the storm, levees surrounding the Greater New Orleans area began to fail and large sections of the City of New Orleans and surrounding parishes and communities were inundated. Hurricane Katrina and the failure of the levees resulted in thousands of federal and state court filings by homeowners domiciled in this district against their property and casually insurance companies. It was not long before the Eastern District was swamped with lawsuits by homeowners against their insurers. In response, the Judges of the Eastern District established an organizational and management system under this Court's Section to administer these mass filings.

In order to address these filings, the Court established numerous Case Management Orders designed to provide an orderly structure for the fair and efficient handling of the cases transferred to this Section under the Katrina Canal Breaches Consolidated Litigation ("the Umbrella"). To achieve maximum effort in ensuring complete and adequate representation of the interests of all individual plaintiff cases, the Court appointed both Plaintiff and Defendant Liaison Counsel, and appointed committees to address the various sections comprising the Umbrella (e.g., MR-GO, Levees, Insurance, etc.).

Over the course of the last two years, principally, the Insurance PSLC has undertaken to advance and oppose numerous motions, including motions to dismiss. In particular, the Insurance PSLC diligently fought the Insurance Company Defendants' motions to dismiss countess claims relating to water damage exclusions contained in their policies. This battle was fought on many

fronts, including federal and state courts, and the United States Fifth Circuit, Court of Appeals and the United States Supreme Court. These issues were recently addressed by the Louisiana Supreme Court in the *Sher* decision.

In addition to advancing this critical issue, the Insurance PSLC has been diligently involved in all aspects of the insurance litigation in the Umbrella. The Insurance PSLC has also advanced and opposed other motions, and performed other action for the benefit of all plaintiffs, including but not limited to the following:

1. Maintained communications with individual plaintiffs' attorneys throughout the process regarding orders, case management orders, ancillary matters (such as the *Oubre* and *Chalona* class actions), motions filed on global basis, class representatives;
2. Drafted/Filed amicus briefs in individual cases within the umbrella;
3. Opposed pleadings filed by defendants on behalf of all plaintiffs;
4. Assisted the Court with drafting of case management orders;
5. Drafted and filed briefs on various issues such as need for special master, retroactivity of Act 813, collateral source, and burden of proof;
6. Monitored activities in similar cases on a regional basis;
7. Maintained contact with defense attorneys regarding pleadings, CMOs, etc.;
8. Attended all hearings and attended meetings with the Court; and
9. Conducted discovery.

All of these efforts were undertaken for the benefit of all plaintiffs.

Equally important, many plaintiffs sought to have their cases transferred to the Umbrella. Even though a number of cases settled prior to the Louisiana Supreme Court's decision in the *Sher* case, a large number remained in the Umbrella awaiting that court's decision. Those cases that have

not reached final settlement within forty-five (45) days of this Court's Post-*Sher* Case Management Order presumably were optimistically awaiting a favorablel decision from the Louisiana Supreme Court in the *Sher* case. A favorable plaintiff/policyholder decision in the *Sher* case would have obviously benefitted all plaintiffs in the Umbrella. Thus, those plaintiffs who chose to keep their cases alive in the Umbrella pending resolution have obtained the benefit provided by the Insurance PSLC, and those attorneys working with the Insurance PSLC. The effort advanced by the Insurance PSLC, and realized by the plaintiffs in the Umbrella, was significant and at no risk or cost to the Individual Plaintiff's counsel or any *pro se* plaintiff. As such, entry of an order establishing a modest common benefit assessment on all cases not settled within forty-five (45) days of entry of the Court's Post-*Sher* Case Management Order is reasonable. All work performed to date has been done at the Insurance PSLC's, and the attorneys working with the Insurance PSLC's, sole costs and expense. All Individual Plaintiffs Counsel and *Pro se* Plaintiffs should share in that cost, expense and effort.

The Insurance PSLC's proposed CMO is clearly in line with similar CMO's entered in other analogous situations. Courts generally impose a common benefit assessment on plaintiffs in mass joinder actions, such as MultiDistrict Litigation matters. The Umbrella was established for the benefit of all plaintiffs and has functioned accordingly to achieve that end. It is clearly reasonable to establish a modest assessment on all cases. Furthermore, the Insurance PSLC envisions undertaking additional efforts to advance the final resolution of all cases remaining in the Umbrella.

Accordingly, the Insurance PSLC believes the proposed Organization and Compensation of Common Benefit Plaintiffs Attorneys CMO is appropriate, fair and reasonable, and respectfully request this Honorable Court enter an order establishing a common benefit assessment on all

4

individual plaintiff cousel or *pro se* plaintiff.

## CONCLUSION

For the foregoing reasons, the Insurance PSLC respectfully requests this Honorable Court grant Their Motion for Entry of the Organization and Compensation of Common Benefit Plaintiffs Attorneys CMO on an expedited basis, and establish a formal court supervised system for the allocation of common benefit fees and expenses.

                **Respectfully Submitted,**

                **APPROVED PLAINTIFFS LIAISON COUNSEL**

                /s/ Joseph M. Bruno
                JOSEPH M. BRUNO (La. Bar # 3604)
                PLAINTIFFS LIAISON COUNSEL
                The Law Offices of Joseph M. Bruno, APLC
                855 Baronne Street
                New Orleans, Louisiana 70113
                Telephone: (504) 561-6776
                Facsimile: (504) 561-6775
                Email: jbruno@jbrunolaw.com

                **INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

                /s/ Calvin C. Fayard, Jr.
                Calvin C. Fayard, Jr. (La. Bar #5486)
                INSURANCE PSLC LIAISON COUNSEL
                Fayard & Honeycutt, APLC
                519 Florida Avenue, SW
                Denham Springs, LA 70726
                Tel: (225) 664-4193
                Fax: (225) 664-6925
                Email: calvinfayard@fayardlaw.com

For

**INSURANCE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

/s/ Joseph M. Bruno
Joseph M. Bruno
