UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 "K" (2) |
| PERTAINS TO:  ALL INSURANCE | * <br> * | JUDGE DUVAL <br> MAG. WILKINSON |

*****************************************************************************

## THE ORGANIZATION AND COMPENSATION OF
## COMMON BENEFIT PLAINTIFFS ATTORNEYS
## CASE MANAGEMENT ORDER

The Court recognizes that all Individual Plaintiff's Counsel or *Pro Se* Plaintiff in this litigation have benefitted from the creation of the Insurance Umbrella, and from the efforts of attorneys working in the Umbrella to advance the common interests of all Individual Plaintiff's Counsel or *Pro Se* Plaintiff so that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendants to plaintiffs in fulfillment of obligations to settle claims as well as to satisfy judgments. These funds will be used to compensate plaintiffs' attorneys who have and will contribute resources and/or time to the common benefit and continuing management of this Umbrella.

1

By virtue of CMO No. 4, the Court appointed Joseph M. Bruno as Plaintiffs' Liaison Counsel and the Court established a Plaintiffs' Sub-group Litigation Committee – Insurance ("PSLC – Insurance") for the purpose of prosecuting the insurance litigation pending before the court. The Court appointed Calvin C. Fayard, Jr. as the PSLC – Insurance Liaison Council and appointed John Ellison, Calvin C. Fayard Jr., Jerry Joseph McKernan, Drew Ranier, and James Garner to the PSLC – Insurance.  The Court recognizes and acknowledges that these court-appointed attorneys, together with other counsel, have expended time, effort and expense for the benefit of all Individual Plaintiff's Counsel or *Pro Se* Plaintiff, including but not limited to the filing and opposing of numerous motions and briefs in this Court, and in other federal and state district and appellate courts.

## A. APPLICABILITY OF THIS ORDER

The terms of this Case Management Order shall apply to any litigation arising from an insurance claim resulting from Hurricane Katrina currently filed in, subsequently filed in, transferred to, or removed to Section K of the United States District Court for the Eastern District of Louisiana, whether administratively closed or active, and whether or not they were excepted from the Court's Post-Sher Insurance Umbrella Case Management Order, entered on June 13, 2008.

## B. COMMUNICATION WITH PLAINTIFFS' LIAISON COUNSEL

In order to promote better communications, Individual Plaintiff's Counsel or *Pro Se* Plaintiff affected by this Order who have not already done so shall send an e-mail to Joseph M. Bruno at jbruno@jbrunolaw.com to ensure they are added to the Plaintiffs' Liaison master e-mail list.

**C. COMPENSATION FOR COMMON BENEFIT ATTORNEYS**

**1. 22:658 and 22:1220**

Plaintiffs' counsel reserves their right to seek compensation for their time and reimbursement for costs from Defendants under applicable law, including La. R.S. art. 22:658, La. R.S. 658.2, and La. R.S. art. 22:1220.

**2. Common Benefit Fund**

To this end, Plaintiffs' Liaison Counsel and Insurance Liaison Counsel shall promulgate time and expense keeping protocols following the ethical and customary guidelines established in complex litigation case and submit same to the Court for approval. It is expected that, at a minimum, the protocol shall require each PSLC member to file quarterly reports, in sufficient detail to be utilized to support a fee and cost reimbursement application. This protocol shall also provide that the PSLC shall serve as the allocation committee of the whole.

It is contemplated that PSLC committee members as well as those non-subcommittee members specifically assigned to assist the PSLC in the exercise of their duties will receive common benefit fees to be fixed by the Court pursuant to case law on point, together with costs and expense reimbursement of monies expended for the common benefit upon successful completion of insurance cases under this Court's Umbrella. Factors used to determine the fees to which each individual committee member shall be entitled to receive are: significant contribution of skill and effort, perceived value of time and effort contributed to the litigation, time and monies expended on this litigation, and customary standards for awarding fees set forth in complex litigation; all of which shall

ultimately be submitted to the Court for its approval. "Contribution of Skill and Effort" for the purposes of this subsection shall mean "substantive and qualitative contribution" in the nature of the following non-exclusive list: negotiations, settlement discussions, taking of depositions, trial work, discovery, court arguments, and document preparation. It shall also include a component for recognition of early efforts at initiating and organizing this litigation. All cases will contribute a common benefit fund in the following amounts:

> (a) All Individual Plaintiff's Counsel or *Pro Se* Plaintiff whose cases are resolved within sixty (60) days of the entry of the Post-Sher Insurance Umbrella Case Management Order shall be assessed up to 2% of the total settlement. Parties who remain in the Management Protocol that have not been resolved within **150** days will be assessed up to **5%** of the total recovery.

> (b) All cost assessment percentages will be based on plaintiff's total recovery amount and will be subtracted from that amount before individual plaintiffs' attorneys operating on a contingency basis calculate their fee.

> (c) All Individual Plaintiff's Counsel or *Pro Se* Plaintiff shall have the right to apply for additional fees or cost reimbursement. The assessments set forth herein shall never be used or argued to be in any way a cap or limitation on Defendant's exposure for fees and costs.

> (d) The assessments will be placed in an escrow account, approved by the Court, maintained by the Plaintiffs' Liaison Counsel and Insurance Liaison Counsel.

> (e) Plaintiffs' Liaison Counsel and Insurance Liaison Counsel will have the right from time to time to apply to the Court for orders relative to making distributions from the fund.

**3. Exemption for Pro Se/Pro Bono Litigants in Settlement Track.**

Those cases involving only pro se litigants or attorneys representing a claimant for no fee are exempt from the case assessment provision of this CMO if they *initially* elect to enter the settlement track and resolve their case in that track.

4

**4. Time Records.**

Plaintiffs' Common Benefit Attorneys who anticipate seeking attorney's fees from the Court's assessment shall keep a daily record of their time spent and expenses incurred in connection with all assignments, indicating with specificity the hours (in increments no greater than 1/10 hour) and particular activity. The failure to maintain such records will be grounds for denying fees, as will an insufficient description of the activity. Each month such records shall be submitted to Plaintiff Liaison Counsel and Insurance Liaison Counsel thru the Depository. Time spent in other sections or on hourly billing may be submitted but the burden will be on counsel making such a submission to demonstrate that he or she is entitled to have such efforts considered in whole or in part to be for the common benefit of those subject to the provisions of this CMO. Plaintiff Liaison Counsel and Insurance Liaison counsel may develop a separate sharing agreement to be approved and accepted by those common benefit attorneys electing to so do.

**5. Payments from Defendant**

When making a payment to a plaintiff, the defendant shall sever the lawyers' fees and deposit said fees into the registry of the court to be held in an interest bearing account pending further order of the Court.

The named plaintiff's attorney will then send a notarized letter to Plaintiffs' Liaison Counsel and Insurance Liaison Counsel through the Depository including: (1) a copy of the payment by the defendant; and, (2) a timeline with precise dates indicating: when the case was filed in or removed

to this Court, Plaintiff's initial track selection, and each subsequent track that Plaintiff entered into. Plaintiff Liaison Counsel and Insurance Liaison Counsel will then notify plaintiff's counsel of the assessment in the case, and Plaintiffs' Liaison Counsel and Insurance Liaison Counsel will then authorize payment subject to plaintiffs counsel written agreement to tender the assessment amount.

**6. Allocation Dispute**.

If there is a dispute among common benefit attorneys as to how the common benefit fund should be allocated, the parties will be subjected to binding arbitration which will be limited to the portion of the fund that is in dispute.

New Orleans, Louisiana, this _____ day of _____, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE