UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Vanderbrook*, No. 05-6323 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS**
**RENEWED MOTION FOR ENTRY OF FRCP 54(b) FINAL JUDGMENT**

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company, seeks entry of final judgment in its favor in the Vanderbrook case, in accordance with this Court's Post-*Sher* Insurance Umbrella Case Management Order (Doc. 13521).  In support of this motion, Standard Fire respectfully submits as follows:

1. Plaintiffs each own a home in New Orleans which is insured by one of the defendants, and which suffered substantial water damage at the time of Hurricane Katrina. (Petition, ¶ 7 (a copy of the Petition is attached as Exhibit A hereto).)  Plaintiffs Gregory Jackson and Peter Ascani, III were insured by Standard Fire.  (Id., ¶ 7(m), (n).)

2. The Petition seeks to recover only for water damage resulting from the failure of the canal wall on the 17th Street Canal.  Plaintiffs allege that "[s]ometime between 10:00 and

1

11:00 a.m. on August 29, 2005, before the full force of [Hurricane Katrina] reached the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners," resulting in damage to Plaintiffs' homes.  (Id., ¶ 3.)  Plaintiffs allege that Defendants improperly failed to pay for the water damage to their homes because it is not an excluded loss.  (Id., ¶ 10.)  Plaintiffs also allege that the water damage exclusions in the Policies are unconscionable and void.  (Id., ¶ 11.)

      3.      In June of 2006, Standard Fire filed a motion for judgment on the pleadings in this case based on the water damage exclusion.

      4.      On November 27, 2006, this Court issued an Order and Reasons denying Standard Fire's motion for judgment on the pleadings in this case, at the same time that it issued rulings on similar motions filed by other insurers in this case, and by Standard Fire and other insurers in several other cases.  The Court certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Civ. A. No. 05-4182, Rec. Doc. 1803.)

      5.      The U.S. Court of Appeals for the Fifth Circuit granted Standard Fire leave to appeal in this case and heard the appeal on an expedited basis.  (Civ. A. No. 05-4182, Rec. Docs. 3200, 3560.)

      6.      The Fifth Circuit issued its opinion in the interlocutory appeal on August 2, 2007. (Civ. A. No. 05-6323, Rec. Doc. 47.)  The Fifth Circuit held that Plaintiffs in this case were not entitled to recover for water damage resulting from the levee breaches:

> We conclude, however, that even if the plaintiffs can prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery.  Regardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property.  This event was

> excluded from coverage under the plaintiffs' insurance policies, and under Louisiana law, we are bound to enforce the unambiguous terms of their insurance contracts as written. Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies.

In re Katrina Canal Breaches Litig., 495 F.3d 191, 196 (5th Cir. 2007), cert. denied, 128 S. Ct. 1231 (2008).

7. On September 28, 2007, Standard Fire moved for entry of final judgment in this case based upon the Fifth Circuit's mandate. (Doc. 8051.) The only ground on which Plaintiffs opposed the motion was that their time to file a petition for certiorari in the U.S. Supreme Court had not yet expired. (See Docs. 8594, 8692.) After that motion was fully briefed and argued, on November 26, 2007 this Court denied the motion without prejudice, in light of the Louisiana Fourth Circuit Court of Appeal decision in Sher v. Lafayette Ins. Co. The Court indicated that it would await action by the Louisiana Supreme Court in Sher. The Court, however, granted State Farm's motion for entry of final judgment because the Court had held that the water damage exclusion in State Farm's policy was enforceable, and the Fifth Circuit had affirmed. (Doc. 9227.)

8. Plaintiffs in this case did not file a timely petition for certiorari in the United States Supreme Court. The plaintiffs in Chehardy and Xavier did, and those petitions were denied in February of 2008. Katrina Canal Breaches, 128 S. Ct. 1231.

9. In April of 2008, the Louisiana Supreme Court dispelled any doubt about whether the damage caused by the massive inundation of New Orleans at the time of Hurricane Katrina was excluded by water damage exclusions in property insurance policies. The Louisiana Supreme Court held that the exclusion was unambiguous because "the entire English speaking world recognizes that a flood is the overflow of a body of water causing a large amount of water to cover an area that is usually dry land." Sher v. Lafayette Ins. Co., 2008 WL 928486, at *4

(La. Apr. 8, 2008).  As this Court recently recognized, both the U.S. Fifth Circuit and the Louisiana Supreme Court "have ruled that the exclusions in Louisiana homeowners' policies of coverage for damages caused by the flood that resulted from the various levee breaches in the aftermath of Hurricane Katrina are valid and unambiguous."  (Post-*Sher* Insurance Umbrella Case Management Order, Doc. 13521, at 1.)

10. In accordance with the allegations in the Petition, the extensive prior proceedings in this case, and the decisions in <u>Katrina Canal Breaches</u> and <u>Sher</u>, nothing remains to be litigated in this case.  Standard Fire is entitled to entry of a final judgment in its favor.

## **CONCLUSION**

For all of the foregoing reasons, a final judgment should be entered in favor of Standard Fire in this case.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

Stephen E. Goldman (pro hac vice)
Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:     (860) 275-8299
 **Attorneys for The Standard Fire Insurance Company (incorrectly named as Travelers Insurance Company and St. Paul Travelers Insurance Company**)

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 2, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle