CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

**FILED**

STATE OF LOUISIANA

NO. 05-11834    DIVISION F-10    2005 OCT 14 A 11: 08
DOCKET NO.
CIVIL DISTRICT COURT

RICHARD VANDERBROOK, MARY JANE SILVA, JAMES CAPELLA,
SOPHIA GRANIER, JACK CAPELLA as the Executor of the Succession of LILIAN
CAPELLA, GREGORY JACKSON, PETER ASCANI, III and
ROBERT G. HARVEY, SR.

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY, KEMPER INSURANCE
COMPANY, HARTFORD INSURANCE COMPANY, TRAVELERS INSURANCE
COMPANY, HANOVER INSURANCE COMPANY, ST. PAUL TRAVELERS
INSURANCE COMPANY and THE BOARD OF COMMISSIONERS FOR THE
ORLEANS LEVEE DISTRICT FOR THE PARISH OF ORLEANS

FILED: _____
                              DEPUTY CLERK

### PETITION FOR DAMAGES

The joint petition of Richard Vanderbrook, Mary Jane Silva, James Capella, Sophia Granier, Jack Capella as the Executor of the Succession of Lilian Capella, Gregory Jackson, Peter Ascani, III and Robert G. Harvey, Sr., all persons of the full age of majority, residents of the City of New Orleans, Parish of Orleans, State of Louisiana:

1.

Made Defendants herein are:

a) State Farm Fire and Casualty Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

b) Kemper Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

c) Hartford Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

d) Travelers Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

e) Hanover Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

f) St. Paul Travelers Insurance Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana; and


EXHIBIT A

g) **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, a state agency responsible for providing levee protection to the residents of the Parish of Orleans,

who are all truly indebted unto your Petitioners for the following reasons to-wit:

2.

On or about August 29, 2005, Hurricane Katrina passed over and near the City of New Orleans, causing damage to the homes and structures in the City of New Orleans.

3.

Sometime between 10:00 and 11:00 a.m. on August 29, 2005, before the full force of the storm reached the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners, causing damage as hereinafter alleged.

4.

That said water damage inflicted on the Petitioners' homes and property was not the result of flood, surface water, waves, title water, tsunami, seiche, overflow of a body of water, seepage under or over the outfall canal wall or spray from any of the above but was water intrusion, caused simply from a broken levee wall.

5.

The Defendant, **the Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, is statutorily charged with maintenance of the levee system, including the outfall canals, particularly the 17th Street Canal, which includes inspection and monitoring of the levees during storms.

6.

Although the concrete outfall canal levee wall broke sometime between the hours of 10:00 and 11:00 a.m. on August 29, 2005, the defendant, **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, breached their duty to Petitioners by failing to correct the break or warn others including Petitioners of the impending water intrusion, apparently absent from their post.

7.

As a result of the water damage caused by the sudden break in the concrete outfall levee

wall, your Petitioners suffered damages as follows:

h) **Richard Vanderbrook** suffered water damage to his home at 6964 Vicksburg, New Orleans, LA, 70124 including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Richard Vanderbrook maintained a homeowner's policy of insurance with Kemper Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

i) **Mary Jane Silva** suffered water damage to her home at 431 12th Street, New Orleans, LA 70124, including but not limited to structural damage, destruction of her home, destruction of the contents to her home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Mary Jane Silva maintained a homeowner's policy of insurance with State Farm Fire and Casualty Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

j) **James Capella** suffered water damage to his home at 6771 Louis XIV Street, New Orleans, La 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, James Capella maintained a homeowner's policy of insurance with Hanover Insurance Company which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

k) **Sophia Granier** suffered water damage to her home at 5942 Pratt Dr., New Orleans, LA 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant,

Sophia Granier maintained a homeowner's policy of insurance with Hanover Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

l) **Jack Capella as the Executor of the Succession of Lilian Capella**, suffered water damage to his home at 5910 Louis XIV, New Orleans, Louisiana 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Jack Capella, as the Executor of the Succession of Lilian Capella, maintained a homeowner's policy of insurance with Hartford Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

m) **Gregory Jackson**, suffered water damage to his home at 5828 Orleans Avenue, New Orleans, LA 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Gregory Jackson, maintained a homeowner's policy of insurance with Travelers Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

n) **Peter Ascani, III**, suffered water damage to his home at 444 Lane Street, New Orleans, LA 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Peter Ascani, III maintained a homeowner's policy of insurance with St. Paul Travelers Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

o) **Robert G. Harvey, Sr.**, suffered water damage to his home at 100 Bellaire Dr., New Orleans, LA 70124, including but not limited to structural damage, destruction of his

home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts. At all times relevant, Robert G. Harvey, Sr. maintained a homeowner's policy of insurance with State Farm [Exhibit A, Section 1, Paragraph 2 (c)], which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

8.

As a result of breach of duty by **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, in failing to discover, correct and notify others including Petitioners of the break in the levee wall, your Petitioners suffered damages all as reasonable under the premise, to be determined by the trier of fact.

9.

Petitioners aver amicable demand to no avail.

10.

Defendants, **State Farm Fire and Casualty Company, Kemper Insurance Company, Hartford Insurance Company, Travelers Insurance Company, St. Paul Travelers Insurance Company and Hanover Insurance Company**, despite amicable demand, refuse to adjust or pay for a covered loss and with full knowledge that the water damage suffered by Petitioners was due to a sudden break in the concrete wall of the levee outfall canal and is not described in any policies as an excluded loss and thus defendants are arbitrary and capricious and Petitioners are entitled to additional damages, as provided by statute and as reasonable under the premise, to be determined by the trier of fact.

11.

The homeowners' policies of insurance issued by the Defendant insurers are adhesion contracts, unduly and unreasonably complex in their provisions and language and difficult to understand by the average consumer and policy holder, which resulted in a lack of knowledge in the provisions of the policies and lack of understanding on the part of the policy holders. The vague exclusion provisions contained in these policies, issued by the Defendants, are unreasonably favorable to the Defendants and oppressive to the policy holders and bear no reasonable relationship to the risk and needs of the business of the Defendants, thereby rendering such exclusion provisions

substantially and procedurally unconscionable, void and subject to any interpretation by the Defendants to exclude Plaintiffs from coverages to which they are entitled.

**WHEREFORE** your Petitioners pray that a copy of this petition be served on all defendants herein and that they be duly cited to appear and answer same and after all legal delays and due proceedings there be judgment herein in favor of Petitioners, **Richard Vanderbrook, Mary Jane Silva, James Capella, Sophia Granier, Jack Capella as the Executor of the Succession of Lillian Capella, Gregory Jackson, Peter Ascani, III and Robert G. Harvey, Sr.**, and against Defendants, **State Farm Fire and Casualty Company, Kemper Insurance Company, Hartford Insurance Company, Travelers Insurance Company, Hanover Insurance Company, St. Paul Travelers Insurance Company and the Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, for all amounts as reasonable under the premises; additionally, Petitioners pray that they are entitled to arbitrary and capricious penalties against all named insurers for failing to adjust and pay for all public water damage claims, all as provided for by statute, together with legal interest from date of judicial demand until paid, for all cost, all expert fees, attorney fees and for all general and equitable relief.

Respectfully submitted:

_____
ROBERT G. HARVEY, SR. #18615
2609 Canal Street, Fifth Floor
New Orleans, Louisiana 70119
Telephone:   (504) 822-2136
Facsimile:    (504) 822-2179

And

_____
TAMARA KLUGER JACOBSON, # 22494
2609 Canal Street, Fifth Floor
New Orleans, Louisiana 70119
Telephone: (504) 822-2136
Facsimile:  (504) 822-2179
Temp         (504) 895-3431

And

_____
THOMAS CORRINGTON #21536
3431 Prytania st
New Orleans, Louisiana 70115
Telephone (504) 895-3431
Facsimile (504) 895-1312

**PLEASE SERVE:**

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

STATE OF LOUISIANA **FILED**

NO. DIVISION " " 2005 OCT 14 A 11: 08 DOCKET NO.

RICHARD VANDERBROOK, MARY JANE SILVA, JAMES CAPELLA, SOPHIA GRANIER, JACK CAPELLA as the Executor of the Succession of LILLIAN CAPELLA, GREGORY JACKSON, PETER ASCANI, III and ROBERT G. HARVEY, SR.

**VERSUS**

STATE FARM FIRE AND CASUALTY COMPANY, KEMPER INSURANCE COMPANY, HARTFORD INSURANCE COMPANY, TRAVELERS INSURANCE COMPANY, HANOVER INSURANCE COMPANY, ST. PAUL TRAVELERS INSURANCE COMPANY and THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT FOR THE PARISH OF ORLEANS

### SERVICE INSTRUCTIONS:

**STATE FARM FIRE AND CASUALTY COMPANY**
through the Secretary of State
State of Louisiana

**KEMPER INSURANCE COMPANY**
through the Secretary of State
State of Louisiana

**HARTFORD INSURANCE COMPANY**
through the Secretary of State
State of Louisiana

**TRAVELERS INSURANCE COMPANY**
through the Secretary of State
State of Louisiana

**HANOVER INSURANCE COMPANY**
through the Secretary of State
State of Louisiana

**ST. PAUL TRAVELERS INSURANCE COMPANY**
through the Secretary of State
State of Louisiana

and

**THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT FOR THE PARISH OF ORLEANS**
Through their President, James Huey
New Orleans Lakefront Airport
Second Floor
New Orleans, Louisiana