UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Vanderbrook*, No. 05-6323 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

**DEFENDANT THE HANOVER INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
RENEWED MOTION FOR ENTRY OF FRCP 54(b) FINAL JUDGMENT**

Defendant The Hanover Insurance Company, erroneously sued as Hanover Insurance Company ("Hanover") seeks entry of final judgment in its favor in the *Vanderbrook* case, in accordance with this Court's Post-*Sher* Insurance Umbrella Case Management Order (Rec. Doc. 13521). In support of this motion, Hanover respectfully submits as follows:

1.  Each plaintiff owns a home in New Orleans that was insured by one of the defendants, and which suffered substantial water damage at the time of Hurricane Katrina. (Petition, ¶¶ 3, 7 [attached as Exhibit "A" hereto].)

2.  The Petition alleges that plaintiffs James Capella and "Sophia Granier" were insured by Hanover. (Petition, ¶ 7(j), (k).) Plaintiffs' counsel subsequently stipulated that the true name of the second plaintiff was Madeleine Grenier (not Sophia Granier), and the Court

approved this amendment.  *See In re Katrina Canal Breaches Consol. Litig.*, 466 F. Supp. 2d 729, 734, n. 3 (2006).

3. The Petition seeks to recover *only* for water damage resulting from the failure of the canal wall on the 17th Street Canal.  Plaintiffs allege that "[s]ometime between 10:00 and 11:00 a.m. on August 29, 2005, before the full force of [Hurricane Katrina] reached the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners," resulting in damage to Plaintiffs' homes.  (*Id.*, ¶ 3.)  Plaintiffs allege that Defendants improperly failed to pay for the water damage to their homes because it is not an excluded loss.  (*Id.*, ¶ 10.)  Plaintiffs also allege that the water damage exclusions in the Policies are unconscionable and void.  (*Id.*, ¶ 11.)

4. On June 15, 2006, Hanover moved for judgment on the pleadings in *Richard Vanderbrook et al. v. State Farm Fire & Cas. Co., et al.*, Civil Action No. 05-6323, with respect to the claims of plaintiff Capella.  (Rec. Doc. 568.)

5. On August 25, 2006, at the oral argument on Hanover's motion for judgment on the pleadings, Hanover moved to include the claims of plaintiff Grenier.  The Court orally granted Hanover's oral motion.

6. On November 27, 2006, this Court issued an Order and Reasons denying Hanover's motion for judgment on the pleadings.  The Court certified its orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Rec. Doc. 1803.)

7. Hanover and various other defendants sought leave to appeal from this Court's November 27, 2006 Order.  The Fifth Circuit Court of Appeals granted leave to appeal and heard the appeal on an expedited basis.  (Rec. Docs. 3200, 3560.)

8. The Fifth Circuit issued its opinion in the interlocutory appeal on August 2, 2007. The Fifth Circuit held that Plaintiffs in this case were not entitled to recover for water damage resulting from the levee breaches:

> We conclude, however, that even if the plaintiffs can prove that the levees were negligently designed, constructed, or maintained and that the breaches were due to this negligence, the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery. Regardless of what caused the failure of the flood-control structures that were put in place to prevent such a catastrophe, their failure resulted in a widespread flood that damaged the plaintiffs' property. This event was excluded from coverage under the plaintiffs' insurance policies, and under Louisiana law, we are bound to enforce the unambiguous terms of their insurance contracts as written. Accordingly, we conclude that the plaintiffs are not entitled to recover under their policies.

*In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 196 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1231 (2008).

9. Accordingly, the Fifth Circuit ordered that, "[w]ith respect to the *Vanderbrook* action, . . . [t]he denial of the motions for judgment on the pleadings filed by Hanover and Standard Fire is VACATED and REMANDED." *In re Katrina Canal Breaches Litig.*, 495 F. 3d at 224. The case was remanded "for further proceedings consistent with this opinion." *Id.*

10. With respect to the claims of plaintiff Grenier, the Fifth Circuit's opinion further stated, at footnote 3

> At oral argument before the district court, a copy of Madeline Grenier's policy with Hanover that contains only the odd numbered pages was inserted into the record. Because the copy of the policy in the record is incomplete, we cannot adequately review it. Consequently, we leave it to the district court on remand to obtain a copy of the entire policy and to interpret it consistently with this opinion.

*Id.* at 197, n. 3.

3

11. On November 16, 2007, Hanover moved for entry of final judgment in this case, with respect to the claims of plaintiff Capella, based upon the Fifth Circuit's mandate. (Rec. Doc. 9073.)

12. Additionally, on November 16, 2007, Hanover renewed its motion for judgment on the pleadings with respect to the claims of plaintiff Grenier. (Rec. Doc. 9075.) In support of that renewed motion, Hanover submitted a complete, certified copy of Grenier's insurance policy, which confirmed that the policy contained the water damage exclusions at issue. (*See id.*, Exh. "A" attached thereto, Form HO 00 03 04 91, at pp. 8, 9.)

13. On November 26, 2007, this Court denied Hanover's motions without prejudice, in light of the decision from the Louisiana Fourth Circuit Court of Appeal in *Sher v. Lafayette Ins. Co.* Specifically, the Court indicated that it would await action by the Louisiana Supreme Court in *Sher*. By contrast, the Court granted State Farm's motion for entry of final judgment, because the Court had held that the water damage exclusion in State Farm's policy was enforceable, and the Fifth Circuit had affirmed. (Rec. Doc. 9227.)

14. Plaintiffs in this case did not file a timely petition for certiorari in the United States Supreme Court. The plaintiffs in *Chehardy* and *Xavier* did, and those petitions were denied in February of 2008. *Katrina Canal Breaches*, 128 S. Ct. 1231.

15. On April 8, 2008, the Louisiana Supreme Court dispelled any possible doubt about whether the damage caused by the massive inundation of New Orleans at the time of Hurricane Katrina was excluded by water damage exclusions in property insurance policies. The Louisiana Supreme Court held that the exclusion was unambiguous, because "the entire English speaking world recognizes that a flood is the overflow of a body of water causing a large amount

4

of water to cover an area that is usually dry land." *Sher v. Lafayette Ins. Co.*, 2008 WL 928486, at *4 (La. Apr. 8, 2008).

16. Because this is a diversity action that was initiated in Louisiana state court, involving the interpretation of insurance policies issued in Louisiana for properties located in Louisiana, the substantive law of Louisiana controls. To determine Louisiana law, the Court must look to final decisions from the Louisiana Supreme Court. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007); *American Internat'l Specialty Lines Ins. Co v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

17. Indeed, as this Court recently recognized, both the U.S. Fifth Circuit and the Louisiana Supreme Court "have ruled that the exclusions in Louisiana homeowners' policies of coverage for damages caused by the flood that resulted from the various levee breaches in the aftermath of Hurricane Katrina are valid and unambiguous." (Post-*Sher* Insurance Umbrella Case Management Order, Rec. Doc. 13521, at 1.)

18. In accordance with the allegations in the Petition, the extensive prior proceedings in this case, the decisions in *Katrina Canal Breaches* and *Sher*, and this Court's Post-*Sher* Insurance Umbrella CMO, nothing remains to be litigated in this case. Hanover is entitled to entry of a final judgment in its favor, as to the claims of plaintiffs Capella and Grenier.

## CONCLUSION

For all of the foregoing reasons, a final judgment should be entered in favor of Hanover in this case.

Respectfully submitted,

/s/ Seth A. Schmeeckle
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076

        LUGENBUHL, WHEATON, PECK,
            RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:     (504) 310-9195

and

Paul E. B. Glad (pro hac vice)
Kevin P. Kamraczewski (pro hac vice)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Defendant The Hanover Insurance Company

## CERTIFICATE OF SERVICE

    I hereby certify that, on July 2, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

        /s/ Seth A. Schmeeckle
        Seth A. Schmeeckle