## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: LEVEE/MRGO<br>*Murphy Building Corp.,* No. 07-4775<br>*Rault Resources, Inc.,* No. 07-5184<br>*Rault,* No. 07-5186<br>*McCay,* No. 07-5187 | CIVIL ACTION<br><br>NO.  05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE  DUVAL<br><br>MAGISTRATE WILKINSON |

### MEMORANDUM OF DEFENDANT, BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

### Introduction

Plaintiffs, in the above-captioned actions, have sued the Board of Commissioners of the Port of New Orleans ("Dock Board") in negligence to recover damages arising out of Hurricane Katrina for the Dock Board's alleged "failure to ensure the adequacy of the design, composition, construction and maintenance of the IHNC levees and floodgates,"[1] and in strict liability for the

---

[1] See, Murphy Building Corp. Complaint at ¶192; Rault Resources, Inc. Complaint at ¶191; Rault Complaint at 191; McCay Complaint at ¶ 191.

Dock Board's alleged garde of such IHNC levees and floodgates.[2]  In the Katrina Litigation umbrella, however, this Honorable Court has previously held, as a matter of law, that:  (1) the Dock Board has no duties or responsibilities with respect to levees, floodgates, or flood control; (2) the Dock Board does not have garde over the IHNC levees and floodgates at issue; and (3) La. R.S. §9:2800 (H) bars any such strict liability claims against public entities, such as the Dock Board, for damages arising out of Hurricane Katrina.  See, Order and Reasons at p. 2-3 (Rec. Doc. 8389)(attached as Exhibit A).   Accordingly, because the Plaintiffs' claims against the Dock Board fail to state a claim upon which relief can be granted, the Plaintiffs' actions against the Dock Board should respectfully be dismissed, with prejudice, under FRCP 12(c).

## **Standard of Review**

In the U.S. Fifth Circuit, a motion for judgment on the pleadings under Rule 12(c) and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted are decided using the same standard:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).   We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff.   The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  When considering such motions, the district court "is to take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim

---

[2] See, Murphy Building Corp. Complaint at ¶193; Rault Resources, Inc. Complaint at ¶ 192; Rault Complaint at ¶ 192; McCay Complaint at ¶ 192.

in favor of the plaintiff." <u>Fernandez-Montes v. Allied Pilots Ass'n.</u>, 987 F.2d 278, 284 (5th Cir. 1993). However, if it appears without a doubt that the facts alleged, taken as true, would not entitle the plaintiff to the relief sought, the complaint should be dismissed. <u>See</u>, <u>Fernandez-Montes</u>, 987 F.2d at 284-85; <u>Hoshman v. Esso Standard Oil Co.</u>, 263 F.2d 499, 502 (5th Cir. 1959)("[W]hen the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial."), <u>cert. denied</u>, 361 U.S. 818, 80 S.Ct. 60, 4 L.Ed.2d 64 (1959). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Fernandez-Montes</u>, 987 F.2d at 284. Thus, when the plaintiff's allegations "are wholly conclusory ... and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." <u>Davidson v. State of Ga.</u>, 622 F.2d 895, 897 (5th Cir. 1980). To that end, dismissal of the plaintiff's complaint is warranted if it "lacks an allegation regarding a required element necessary to obtain relief." <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995).

## Basic Facts

Plaintiffs belatedly filed these actions against the Dock Board two years after Hurricane Katrina struck New Orleans. In nearly identical forty-plus page Complaints, the Plaintiffs seek to recover damages against the Dock Board on the following grounds:

[  ]

Upon information and belief, the [Dock Board] never tested whether the design, construction and maintenance of the structures and/or appurtenances of the IHNC were adequate, proper, and compliant with requisite standards.[6]

[  ]

The [Dock Board's] failure to ensure the adequacy of the design, composition, construction and maintenance of the IHNC levees and floodgates constituted negligence, subjecting the [Dock Board] to liability for those damages attributable to the failure of these structures.[7]

[  ]

Further, the levees and floodgates were within the care, custody, control and *garde* of the [Dock Board] and said levees and floodgates contained vices and defects, which were known or should have been known to the [Dock Board].  Accordingly, the defendant [Dock Board'] actions render it liable pursuant to Louisiana Civil Code Articles 2317 and 2317.1.[8]

The Dock Board now files this motion to dismiss the Plaintiffs' claims, and these actions in their entirety, against the Dock Board.

---

[6] Murphy Building Corp. Complaint at ¶ 191; Rault Resources, Inc. Complaint at ¶ 190; Rault Complaint at ¶ 190; McCay Complaint at ¶ 190.
[7] Murphy Building Corp. Complaint at ¶ 192; Rault Resources, Inc. Complaint at ¶ 191; Rault Complaint at ¶ 191; McCay Complaint at ¶ 191.
[8] Murphy Building Corp. Complaint at ¶ 193; Rault Resources, Inc. Complaint at ¶ 192; Rault Complaint at ¶ 192; McCay Complaint at ¶ 192.

**2.** **Plaintiffs' strict liability and negligence claims against the Dock Board fail as a matter of law because this Honorable Court has previously held that La. R.S. §9:2800(H) bars the assertion of strict liability claims against public bodies, such as the Dock Board, for damages arising out of Hurricane Katrina, and also because this Honorable Court has previously held that the Dock Board has no legal duties or responsibilities relative to levees and flood control and, therefore, cannot have had custody or garde over the levees and floodgates at issue.**

As stated above, Plaintiffs assert claims against the Dock Board for strict liability, under Louisiana Civil Code Articles 2317 and 2317.1, and for negligence. Beginning with Plaintiffs' strict liability claims, because the Dock Board is a public entity, the provisions of La. R.S. § 9:2800 are implicated and relevant portions of that statute preclude the assertion of strict liability claims against a public entity, such as the Dock Board, for damages arising out of Hurricane Katrina:

§ 2800.  Limitation of liability for public bodies

*   *   *

C.     [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. ...

H.     (1)     Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.

See, La. R.S. § 9:2800 (C), (H)(1).

As this Honorable Court held in dismissing the Dock Board from the Hurricane Katrina Levee Master Class Action wherein essentially the same strict liability claims were made:

> The Louisiana legislature enacted subsection H of La. Rev. Stat. 9:2800, which concerns limitation of liability for public bodies. ... By operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body.

See, Order and Reasons at p. 2 (Rec. Doc. 8389)(attached as Exhibit A). Recently, in its Order and Reasons dismissing certain Hurricane Katrina claims against the Sewerage and Water Board of New Orleans ("S&WB"), this Honorable Court further elaborated upon the scope of La. R.S. §9:2800(H) and the immunity provided to the Dock Board for strict liability claims arising out of Hurricane Katrina:

> Plaintiffs' claims on this point also fail.   The claim concerning SWB's garde over the pumping stations was similarly placed against the Port of New Orleans in this matter.  This Court, in an order dated October 12, 2007, dismissed those claims against the Port of New Orleans on two bases.  PNO Dismissal Order, Civ. A. No. 05-4182, Oct. 12, 2007 (Rec. Doc. 8389).  First, this Court found that Section H of La. Rev. Stat. 9:2800 provided immunity for the Port of New Orleans for any suit under Civil Code Article 2317 for any damage arising from Hurricanes Katrina and Rita.  PNO Dismissal Order at 2.  As stated by this Court previously, "[b]y operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body." Id.

See, Order and Reasons at p. 6-7 (Rec. Doc. 13613).  Given the foregoing, because Plaintiffs seek to hold the Dock Board strictly liable under La. C.C. Arts. 2317 and 2317.1 for damages arising out of Hurricane Katrina, their claims are barred by La. R.S. §9:2900(H) and necessarily fail as a matter of law.

Additionally, Plaintiffs' base their claims upon the faulty premise that the Dock Board had *garde* over the IHNC levees and floodgates at issue. Again, this Honorable Court in the Hurricane Katrina Levee Master Class Action has already rejected this notion and dismissed essentially the same strict liability and negligence claims against the Dock Board as those asserted by plaintiffs herein. See, Order and Reasons (Rec. Doc. 8389)(attached as Exhibit A). In that action, before finding that the Levee Plaintiffs' claims against the Dock Board were wholly without merit, this Court characterized the Levee Plaintiffs' claims in the following manner:

> Plaintiffs allege fault on the part of the Dock Board with respect to the alleged levee and/or flood gate failures along the Inner Harbor Navigation Canal ("IHNC"). They claim that the IHNC levees and/or flood gates were within the *garde* of the Dock Board, that the Dock Board was negligent in its failure to insure the adequacy of the design composition, construction and maintenance of the IHNC levees and flood gates, and that the IHNC levees and floodgates contained vices and defects rendering the Board strictly liable pursuant to La. Civ. Code Arts. 2317 and 2317.1.

See, Order and Reasons at p. 1 (Rec. Doc. 8389)(attached as Exhibit A). In ultimately dismissing the Dock Board from the Levee Master Class Action, this Court held that the Dock Board has no legal duty relative to the design, composition, construction, and maintenance of the IHNC levees and floodgates because all such levee and flood control-related duties are, by law, owed exclusively by the Orleans Levee District:

> [T]he maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board. It is primarily the state's duty to protect citizens from damage by flood which is inherent within its police power. Such power, however, belongs to the state; the police power may be exercised by agencies of the state only under a delegation of authority. The state retains the

right to recall, abrogate or modify the delegation.  Thus, a levee
board is a creature or agency of the state brought into existence for
the purpose of discharging the state's duties of flood protection.

This delegation is manifested in La. Rev. Stat. 38:281(6)
which provides that a levee district "means a political subdivision of
this state organized for the purpose and charged with the duty of
constructing and maintaining levees, drainage, and all other things
incidental thereto within its territorial limits."  In addition, La. Rev.
Stat. 38:325(A)(1) and (2) mandate that levee boards engage in
any activities related to flood protection and maintenance of levees.
Finally, La. Rev. Stat. 38:307 provides that the Orleans Levee
District "shall have full and exclusive right, jurisdiction, power, and
authority" with respect to the levees. Thus, these claims [against
the Dock Board] are without merit.

See, Order and Reasons at p. 2-3 (some citations and quotation marks
omitted)(Rec. Doc. 8389)(attached as Exhibit A).  Without a requisite legal duty,
the Dock Board cannot be held liable to Plaintiffs herein, as a matter of law, on
the negligence theory advanced.

Moreover, because the Dock Board does not possess any duties or
responsibilities relative to levees, floodgates, or flood control,  it also could not
have had *garde* or custody over the levees and floodgates at issue. As stated by
this Honorable Court in its recent Order and Reasons dismissing certain
Hurricane Katrina claims against the S&WB:

[T]he Plaintiffs cannot successfully aver that SWB has any garde
over the flood water pump system.  That duty is held by the Orleans
Levee District alone.  In a prior order by this Court, the Port of New
Orleans was dismissed from this case because the allegations that
the Port of New Orleans had custody over the levees was baseless;
the Orleans Levee District clearly has custody over the levee
system.

See, Order and Reasons at p. 7-8 (Rec. Doc. 13613). Accordingly, the Plaintiffs' allegation that the Dock Board had garde over the levees and floodgates at issue lacks merit.

Given the foregoing, and viewing the allegations of Plaintiffs' Complaints as true, which is specifically denied, because the Plaintiffs' fail to state legally cognizable claims against the Dock Board for damages arising out of Hurricane Katrina, the Plaintiffs' claims against the Dock Board must respectfully be dismissed, with prejudice, as a matter of law.

## CONCLUSION

Plaintiffs' assert legally defective negligence and strict liability claims against the Dock Board for damages arising out of Hurricane Katrina. As stated above, this Honorable Court has previously held that such strict liability claims are not cognizable against public bodies, such as the Dock Board, under La. R.S. §9:2800 (H). Moreover, this Honorable Court has previously determined that the Dock Board cannot be legally liable for the allegedly defective levees and floodgates at issue because the Dock Board has no duties or responsibilities relative to levees, floodgates, and flood control, and, therefore, did not have garde over the levees and floodgates at issue. Given the foregoing, because Plaintiffs' claims against the Dock Board necessarily fail as a matter of law, it is respectfully requested that this Honorable Court grant the Dock Board's Motion for Judgment on the Pleadings and dismiss the Plaintiffs' claims, and each of these actions in their entirety, against the Dock Board, with prejudice, each party to bear their own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
       J. FREDRICK KESSENICH (7354)
       JONATHAN H. SANDOZ (23928)
       MICHAEL W. MCMAHON (23987)
       JON A. VAN STEENIS (27122)
       KIRK N. AURANDT (25336)
       P. O. Box 5350
       Covington, Louisiana  70434-5350
       Telephone:  985/871-0800
       Facsimile:   985/871-0899
       Attorneys for Defendant, The Board of
       Commissioners of the Port of New
       Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 2nd day of July, 2008.

/s/ Kirk N. Aurandt
KIRK N. AURANDT