UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: LEVEE/MRGO<br>*Cina,* No. 07-4944 | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**MEMORANDUM OF DEFENDANT, BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**MAY IT PLEASE THE COURT:**

### Introduction

Plaintiffs, in the above-captioned action, have sued the Board of Commissioners of the Port of New Orleans ("Dock Board") to recover for damages arising out of Hurricane Katrina. The Complaint seeks to hold the Dock Board liable, without fault, for simply having jurisdiction to govern the Port of New Orleans. See, Complaint at ¶ 115. In the Katrina Litigation umbrella, however, this Honorable Court has previously held, as a matter of law, that La. R.S. §9:2800 (H) bars any such strict liability claim against public entities, such as the

Dock Board, for damages arising out of Hurricane Katrina.  See, Order and Reasons at p. 2 (Rec. Doc. 8389)(attached as Exhibit A).  Accordingly, because the Plaintiffs fail to state a claim against the Dock Board upon which relief can be granted, this action against the Dock Board should respectfully be dismissed, with prejudice, under FRCP 12(c).

## Standard of Review

In the U.S. Fifth Circuit, a Rule 12 (c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted are decided using the same standard:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff.  The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  When considering such motions, the district court "is to take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).  However, if it appears without a doubt that the facts alleged, taken as true, would not entitle the plaintiff to the relief sought, the complaint should be dismissed. See, Fernandez-Montes, 987 F.2d at 284-85; Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 502 (5th Cir. 1959)("[W]hen the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial."), cert. denied, 361 U.S. 818, 80 S.Ct.

60, 4 L.Ed.2d 64 (1959). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes, 987 F.2d at 284. Thus, when the plaintiff's allegations "are wholly conclusory ... and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." Davidson v. State of Ga., 622 F.2d 895, 897 (5th Cir. 1980). To that end, dismissal of the plaintiff's complaint is warranted if it "lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

## Basic Facts

Plaintiffs belatedly filed this action against the Dock Board two years after Hurricane Katrina struck New Orleans. The Plaintiffs' thirty-five page Complaint makes one claim against the Dock Board:

> 115.
>
> The Port of New Orleans has jurisdiction and responsibility to govern the port and maintain its cranes, terminals, marshaling yards, wharves, and transportation structures affecting the regulation of commerce and is therefore liable for the events referenced herein.

See, Complaint at ¶ 115. Viewing Plaintiffs' allegation as true, which is specifically denied, this wholly-conclusory claim is nothing more than an attempt to hold the Dock Board strictly liable, without fault, for Plaintiffs' alleged Hurricane Katrina damages. Cf., Delange v. Dutra Construction Co., Inc., 183 F.3d 916, 921 (9th Cir. 1998)("The mere assertion that the pin was bent, without a showing of specific facts supporting negligence on the part of [the defendant], amounts to

a claim that the barge was unseaworthy, a strict liability action not cognizable under section 905(b)."). The Dock Board now files this motion to dismiss not only this claim, but this action in its entirety, against the DockBoard.

2. **Plaintiffs' claim against the Dock Board fails as a matter of law because this Honorable Court has recognized that the Louisiana Legislature has barred the assertion of strict liability claims against public bodies such as the Dock Board for damages arising out of Hurricane Katrina.**

As stated above, Plaintiffs have, for all intents and purposes, asserted a strict liability claim against the Dock Board to recover for their alleged damages arising out of Hurricane Katrina. Because the Dock Board is a public entity, the provisions of La. R.S. § 9:2800 are implicated. In this regard, relevant portions of La. R.S. § 9:2800 bar the assertion of strict liability claims for damages against a public entity, such as the Dock Board, arising out of Hurricane Katrina:

§ 2800. Limitation of liability for public bodies

\*   \*   \*

C. [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. …

H. (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.

See, La. R.S. § 9:2800 (C), (H)(1).

As this Honorable Court held in dismissing the Dock Board from the Levee Master Class Action alleging similar strict liability claims:

> The Louisiana legislature enacted subsection H of La. Rev. Stat. 9:2800, which concerns limitation of liability for public bodies. ... By operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body.

See, Order and Reasons at p. 2 (Rec. Doc. 8389)(attached as Exhibit A). More recently, in its Order and Reasons dismissing certain Hurricane Katrina claims against the Sewerage and Water Board of New Orleans, this Honorable Court further elaborated upon the scope of La. R.S. § 9:2800(H) and the immunity provided to the Dock Board for strict liability claims arising out of Hurricane Katrina:

> Plaintiffs' claims on this point also fail. The claim concerning SWB's garde over the pumping stations was similarly placed against the Port of New Orleans in this matter. This Court, in an order dated October 12, 2007, dismissed those claims against the Port of New Orleans on two bases. PNO Dismissal Order, Civ. A. No. 05-4182, Oct. 12, 2007 (Rec. Doc. 8389). First, this Court found that Section H of La. Rev. Stat. 9:2800 provided immunity for the Port of New Orleans for any suit under Civil Code Article 2317 for any damage arising from Hurricanes Katrina and Rita. PNO Dismissal Order at 2. As stated by this Court previously, "[b]y operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body." Id.

See, Order and Reasons at p. 6-7 (Rec. Doc. 13613).

Applying the foregoing law, the Dock Board is immune from liability for any strict liability claim for damages arising out of Hurricane Katrina. Because Plaintiffs seek to hold the Dock Board strictly liable for their alleged damages arising out of Hurricane Katrina, the Plaintiffs' claim is barred by La. R.S.

§9:2900(H) and necessarily fails as a matter of law. Accordingly, Plaintiffs' action against the Dock Board must respectfully be dismissed, with prejudice, as a matter of law.

## CONCLUSION

Plaintiffs assert a legally defective strict liability claim against the Dock Board for damages arising out of Hurricane Katrina. As stated above, this Honorable Court has previously held that such strict liability claims arising out of Hurricane Katrina are not cognizable against public bodies, such as the Dock Board, under La. R.S. § 9:2800 (H). Given the foregoing, because Plaintiffs' claim against the Dock Board is wholly devoid of merit and necessarily fails as a matter of law, it is respectfully requested that this Honorable Court grant the Dock Board's Motion for Judgment on the Pleadings and dismiss this action against the Dock Board, with prejudice, each party to bear their own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 2nd day of July, 2008.

/s/ Kirk N. Aurandt
KIRK N. AURANDT