**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION**

**CIVIL ACTION**

**NO. 05-4182**

**PERTAINS TO: LEVEE**
**DEPASS, 06-5127**
**SIMS, 06-5116**

**SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is a motion to dismiss (Rec. Doc. 11374) ("Mot.") pursuant to Rule 12(b)(6) and/or Rule 12(c) by East Jefferson Levee District ("EJLD"). EJLD seeks to dismiss all allegations against it in two cases consolidated within the *In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182. Those cases are the *DePass* case, Civ. A. No. 06-5127, and the *Sims* case, Civ. A. No. 06-5116. In response to this motion, the Plaintiffs have replied with one consolidated opposition. (Rec. Doc. 12825) ("Opp."). For the following reasons, the motion to dismiss will be granted.

## I. BACKGROUND

The present matter arises out of alleged negligence and defalcations in relation to Hurricane Katrina's devastation of New Orleans. Plaintiffs were residents and property owners in the neighborhoods abutting the 17th Street Canal, an outfall canal lying entirely in Jefferson Parish on the east side of the Mississippi River. It is apparently undisputed among the parties that this geographical area is within the jurisdiction of the EJLD. *See* La. Rev. Stat. § 38:291(D).

The Plaintiffs in *Depass* held property in Metairie, in Jefferson Parish, on the west side of the 17th Street Canal. Mot. at 2. The *Sims* Plaintiffs held property on the east side of the canal in Orleans Parish. *Id.*

Plaintiffs generally allege that EJLD is liable for the flooding of canals within its jurisdiction during Hurricane Katrina. Plaintiffs allege here that EJLD is liable for the maintenance and operation of the canals prior to Hurricane Katrina. *See* Complaint ¶ 75, Civ. A. No. 06-5127 (Rec. Doc. 1) ("Compl."). They assert that EJLD was "negligent in failing to close" canals that were overwhelmed during Hurricane Katrina. Compl. ¶ 77. Plaintiffs also assert that they can sue the EJLD on the basis of acts of assurance granted by EJLD to the United States in which EJLD agreed that it would "[h]old and save the Government free from all damages due to construction works" of the levees. Compl. ¶ 56.

Defendant EJLD seeks dismissal of all claims against it in these two actions in its motion. EJLD cites two grounds for dismissal. First, no claim based on the acts of assurance may be brought against EJLD because the act of assurance did not create a cause of action for a private citizen to bring against EJLD. Mot. at 4. EJLD also asserts that Plaintiffs' claims regarding EJLD's garde, or custody, over the levees and canals must fail because EJLD enjoys immunity from suit granted to public bodies by the Louisiana legislature. Mot. at 6.

**II. ANALYSIS**

As a preliminary matter, Plaintiffs assert in their motion filed on April 29, 2008, that "[f]or the purposes of Fed. R. Civ. P. 12(b)(6), the possibility of a claim is enough to defeat dismissal." Opp. at 13, *citing Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n of*

*New England, Inc.*, 37 F.3d 12, 17 (1st Cir. 1994). Not only is the U.S. Court of Appeals for the First Circuit not binding upon this Court, this citation is a misstatement of the law as it now stands. As refined by the Supreme Court well prior to Plaintiffs' motion, "[u]nder Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane ex rel. Lane v. Halliburton*, --- F.3d ----, 2008 WL 2191200, at *4 (5th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007). *Twombly* distinguished between allegations of the possible or "conceivable," and those allegations that are "plausible." *Twombly*, 127 S.Ct. at 1974. Thus, mere possibility is not sufficient to survive a 12(b)(6) motion; the pleadings must plead sufficient facts "to state a claim of relief that is plausible on its face." *Id.* "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, --- F.3d ----, 2008 WL 2068064, at *3 (5th Cir. 2008) (citations omitted). For both a Rule 12(b)(6) motion to dismiss and Rule 12(c) motion for judgment on the pleadings, this Court is restricted to looking only "at the pleadings and accept[ing] all allegations in them as true." *Cuvillier v. Taylor*, 503 F.3d 397, 402 (5th Cir. 2007), *quoting St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

### A. Alleged Violations of Acts of Assurance

Plaintiffs claim that their suit can be founded upon alleged violations of acts of assurance by EJLD. Plaintiffs' allegations against EJLD on this point encompass two paragraphs of their complaint:

> ¶ 55. The defendant East Jefferson Levee District is sued under the Act of Assurance given under date of February 21, 1997, pursuant to and in furtherance of Public Law 298 of the 89th Congress which authorized the construction of the Lake Pontchartrain, Louisiana Vicinity Hurricane Protection Project;
>
> ¶ 56. Under the February 18, 1997 Act of Assurance the East Jefferson Levee District assured the Secretary of the Army that it had the authority and capability to furnish local cooperation required by federal legislation authorizing the Lake Pontchartrain and Vicinity Hurricane Protection Project, "agree(d) that it will:
>
> > (a) Hold and save the Government free from all damages due to construction works;"

Compl. ¶¶ 55-56.

Despite any alleged violations of these acts that were committed by the EJLD, Plaintiffs cannot form a cause of action based on acts of assurance between EJLD and the federal government. This Court previously addressed this issue in this matter when considering allegations against the New Orleans Sewerage and Water Board. SWB Order, Civ. A. No. 05-4182, June 24, 2008 (Rec. Doc. 13613). In this Court's order addressing a motion to dismiss, this Court found that similar acts of assurance between the Sewerage and Water Board and the United States could not form the basis for a private cause of action. As cited in that order, the Fifth Circuit has held that acts of assurance between government entities do not establish a cause of action by a third party:

> The plaintiffs' evidence citing to the RRWC's legal authority to manage the waterway and to acquire property, and the RRWC's "acts of assurance" to the United States does not controvert the fact that the RRWC never exercised any authority that it might have had to raise water levels and thereby damage the plaintiffs' property. Furthermore, the Corps of Engineers' potential right to seek indemnification from the RRWC does not confer power upon the plaintiffs to file suit against the RRWC. *See Soileau v. Yates Drilling Co.*, 183 So.2d 62, 64-65 (La. App. Ct.1966) (holding that indemnity clause does not confer cause of action in favor of third parties) and *Haeuser v. Bd. of Comm'rs of the Port of New Orleans*, 170 So.2d 728, 729 (La. App. Ct.1965) ("Plaintiffs have no direct action against Defendant for such recovery, since Defendant, or the State, if liable, is

answerable only to the United States in a proper proceeding.”).

*Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 215 (5th Cir. 2000) (quoting in SWB Order at 9-10). As in this Court's prior order, there is no language in the assurances cited by the Plaintiffs here that would establish any cause of action by a third party against EJLD. Therefore, simply because the federal government is able to seek indemnity from EJLD based on an act of assurance does not necessarily, without more, allow a third party to sue based upon that assurance.[1]

**B. Garde Claims**

Plaintiffs also claim that EJLD violated their duty of garde, or custody, over the drainage canals and levees. These claims are again virtually identical to those asserted against other public entities and which have been dismissed.

The claim alleged by Plaintiffs here is pursuant to Civil Code article 2317, which generally provides that parties are responsible for “damages occasioned by . . . the things which we have in our custody.” La. Civ. Code art. 2317. Turning to section 9:2800, this liability for garde, or custody, is extended to public entities: “A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.” La. Rev. Stat. 9:2800(A). However, subsection (H), the hurricane immunity provision, states:

---

[1]Plaintiffs cite *Cooper v. Louisiana Dep't of Public Works*, 870 So.2d 315. 330-31 (La. Ct. App. 2004), a case that appears to stand for the proposition that an act of assurance of this type can form a cause of action against a state entity for indemnity. However, this Court has already evaluated the applicability of *Cooper* to Hurricane Katrina lawsuits and found *Cooper*'s reasoning “forced”, and instead has followed the majority of Louisiana courts in finding that these acts of assurance do not create a third party cause of action. *In re Katrina Canal Breaches Litig.*, Civ. A. No. 05-4182, 2007 WL 3353296, at *3-4 (E.D. La. Nov. 7, 2007) (Duval, J.).

> H. (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
> (2) The provisions of this Subsection shall expire on August 30, 2008.
>
> (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
> (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

La. Rev. Stat. 9:2800(H). Despite any assertion to the contrary by Plaintiffs, EJLD appears in all ways to be a "public entity", particularly as it is a creation of state law. *See* La. Rev. Stat. § 38:291(D). Therefore, this Court finds that EJLD enjoys immunity against any garde claims arising out of Hurricane Katrina.

## III. CONCLUSION

This Court is compelled to note that in its prior opinion it allowed allegations of negligence under Civil Code Article 2315 to proceed against the New Orleans Sewerage and Water Board. SWB Order at 6. In the present motion, EJLD has sought dismissal of all claims against it, although it has failed to specifically address Article 2315. It appears from the Complaint that Plaintiffs do make allegations that would fall within the ambit of Article 2315. *See* Compl. ¶ 75 (asserting that EJLD is "liable for the failure to maintain the drainage canals"). Therefore, those allegations of negligence under Article 2315 will be allowed to remain in this action. Accordingly,

**IT IS ORDERED** that Defendant EJLD's Motion to Dismiss (Rec. Doc. 11374) is

hereby **GRANTED.** Those claims by Plaintiffs against EJLD asserting violations of garde in the *DePass* case, Civ. A. No. 06-5127, and the *Sims* case, Civ. A. No. 06-5116 are **DISMISSED WITH PREJUDICE.** Those claims by Plaintiffs asserting violations of the acts of assurance by EJLD in the *DePass* and *Sims* cases also **DISMISSED WITH PREJUDICE.** All other negligence claims will remain in these cases.

New Orleans, Louisiana, this 3rd day of July, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**