UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE (DePass., No. 06-5127) | * | |
| (Bourgeois, 06-5131) | | |
| (Sims, 06-5116) | * | SECTION K |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE KNOLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION
OF COURT'S RULING (DOC 13613)**

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this memorandum in support of their Motion for Reconsideration to accommodate the May 21, 2008, opinion of the La Supreme Court in *Burmaster v. Plaquemines Parish Government*. For the following reasons, the motion should be **GRANTED**.

The La. Supreme Court opinion published May 21, 2008 in *Burmaster v. Plaquemines Parish Government*, --- So.2d ---, 2008 WL 2150729, La., 2008, held that application of the amendment to claims that had accrued, become vested, and were pending prior to June 22, 2006, the effective date of the act, divested plaintiffs of their due process rights in violation of the Louisiana and United States Constitutions.

As the opinion reflects, its holding is consistent with a long line of decisions in cases involving the retroactive application of newly-adopted statutory language to claims that accrued prior to the effective date of the statutory change. In *Bourgeois v. A.P.*

*Green Indus., Inc.,* 00-1528 (La.4/3/01), 783 So.2d 1251. of the retroactive application of 1999 La. Act 989 was rejected. The court held enforcement of the provision "would impermissibly divest them of a vested right in their causes of action." *Id.,* at 1, 783 So.2d at 1254. The court therefore affirmed the district court's judgment "insofar as it declared Act 989 unconstitutional as applied to plaintiffs' causes of action." *Id.* "Retroactive application of new legislation is constitutionally permissible only if it does not result in impairment of the obligations of contracts or in divestiture of vested rights." *Bourgeois II,* 00-1528 at 3, 783 So.2d at 1255. at 7, 783 So.2d at 1258., quoting 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise, § 10 (3d ed.1991). Cf *Adams v. Parish of East Baton Rouge,* 804 So.2d 679, (La.App. 1 Cir. 11/14/01), *Cox v. Moore*, 805 So.2d 277, (La.App. 3 Cir. 12/12/01); *Hicks v. State*, 802 So.2d 1005, (La.App. 2 Cir. 12/7/01); *Harvey v. State, Dept. of Transp. and Development*, 799 So.2d 569, (La.App. 4 Cir. 9/26/01),

LSA-Const. art. I, § 23 prohibits *ex post facto* laws and laws impairing the obligations of contracts. Also, no law can be retroactively applied so as to divest a party of a vested right, as this would violate the due process clause of the state and federal constitutions. These constitutional issues, however, arise only when retroactive effect is given to a new law. *St. Paul Fire & Marine Ins. Co. v. Smith,* 609 So.2d 809, 816 n. 11 (La.1992)

As in *Faucheaux v. Alton Ochsner Med. Found. Hosp. & Clinic, 470 So.2d 878 (La.1985),* which involved a retroactive attempt to eliminate a strict liability cause of action for contaminated blood, "(W)hen [the plaintiff's] injury happened, he acquired a cause of action in strict tort liability under Civil Code article 2315 which is a vested

property right protected by the guarantee of due process. *Lott v. Haley,* 370 So.2d 521 (La.1979), *Burmaster v. Gravity Drainage District No. 2,* 366 So.2d 1381 (La.1978). The statutes enacted after the acquisition of such a vested property right, therefore, cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties. *Terrebonne v. South Lafourche Tidal Control,* 445 So.2d 1221 (La.1984); *Lott v. Haley, supra.*" *Id.* at 878-879.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Motion to Reconsider should be GRANTED and the decision modified to reflect the holding in *Burmaster*.

                              Respectfully submitted,

                              /s/ William C. Gambel
                              WILLIAM C. GAMBEL, Bar # 5900
                              MILLING BENSON WOODWARD, LLP
                              909 Poydras Street, Suite 2300
                              New Orleans, LA 70112
                              Telephone: (504) 569-7210

JOHN J. CUMMINGS, III, Bar # 4652
CUMMINGS & CUMMINGS
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000


W374046

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others depositing same in the United States mail, postage prepaid and properly addressed, this  7th  day of July, 2008.

                                                  /s/ William C. Gambel  
                                                  William C. Gambel

W374046