UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * * | and consolidated cases |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*        05-5724 | * | |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO
AMEND AND/OR WITHDRAW ADMISSIONS DEEMED MADE DUE TO LAPSE OF
DEADLINE FOR RESPONDING AND/OR FOR EXTENSION OF TIME TO RESPOND**

**MAY IT PLEASE THE COURT:**

Lafarge North America propounded written discovery including Requests for Admissions, **Exhibit A**.  The requests were directed to all named plaintiffs, to which the Barge PSLC objected, on the grounds that only designated class representatives should be subject to written discovery in this class action.  This objection was overruled by the Court, and extensive efforts undertaken to obtain discovery responses from clients of the undersigned and of other attorneys representing named plaintiffs in the Barge litigation track.

Named *Mumford* plaintiffs, all clients of the undersigned, responded timely to the Requests, by February 28, 2008, a target date agreed upon by undersigned and counsel for Lafarge.  However,

responses of three *Lagarde* Plaintiffs - Michael Lagarde, Marenthia Lagarde and Donald Pritchett - were not made until April 4, 2008, by way of the Amended Response to Requests for Admissions attached as **Exhibit B**. These three named plaintiffs, along with the remaining three *Lagarde* Plaintiffs, were referred to undersigned by The Cochran Firm on June 20, 2008. The three remaining *Lagarde* Plaintiffs' whereabouts are unknown at present, but efforts are underway to locate them. These three have not responded to discovery. Undersigned have also been recently referred the two *Perry* plaintiffs, who are scheduled to bring all of their responsive information and documents to undersigned's offices on Tuesday, June 24, 2008. They have not yet responded to discovery. Undersigned intend to provide discovery responses as to these new named plaintiff clients at the earliest possible opportunity. Additionally, *Parfait* plaintiff Kevin MacFarland responded late, on April 4, 2008 **(Exhibit B)**, before which time undersigned did not know that of the thousands of persons who retained undersigned, Mr. MacFarland had also retained and been named by Mr. O'Dwyer in the Parfait matter. As soon as this dual-representation was discovered, Mr. MacFarland was contacted and his discovery responses provided. Undersigned have also recently discovered that undersigned's client, Daniel Weber, is a named Parfait plaintiff, though he recalls signing no retainer as such. Finally, responses to Requests for Admissions by certain Benoit Plaintiffs were also late, but were provided on April 14, 2008 **(Exhibit C)**. Counsel for Benoit Plaintiffs is still attempting to obtain responses from those clients of theirs who have not yet responded.

Plaintiffs move for withdrawal of any matters deemed admitted by passage of time as to persons who provided late responses, and move additionally for extensions of time to respond as to those persons now clients of the undersigned who have not yet responded to discovery.

## **ARGUMENT AND LAW**

The Plaintiffs contend that Ingram Barge ING 4727 broke away from Lafarge's France Road facility and then collided with and breached the eastern Industrial Canal floodwall, causing flooding and destruction throughout the area bounded by the IHNC, Mississippi River, Paris Road, and Florida Walk Canal and equivalent landmarks on the northern class boundary. Though some persons saw this collision and breach, many more heard the barge hit the wall, and crash to the ground. Lafarge has already deposed numerous such persons, all of whom describe a tremendous "BOOM" around daybreak, coupled by the appearance of the barge, and a wall of water. Additional witnesses saw this wall of water as it traveled east to Paris Road. Witness accounts are essential to the trier of fact performing its legitimate function at trial. In a class action trial, the effect of any single person's responses is minimal when taken in light of many others' responses to the same request for admissions. However, the Court has recently ordered that individual actions will be tried in July 2009. Each individual action will stand on its own merits, as opposed to being given class treatment.

When Kevin MacFarland, Michael and Marenthia Lagarde and Donald Pritchett responded on April 4, 2008, they adopted the responses of the Mumford plaintiffs, which were also amended on that date to clarify that they were made on behalf of named plaintiffs, rather than only proposed class representatives. In so doing, the three responding Lagarde plaintiffs adopted the Mumford Plaintiffs' admissions, denials, objections, and responses stating their inability to answer, except as noted below. Ten days later, on April 14, 2008, the Benoit Plaintiffs responded, essentially adopting all of the Mumford Plaintiff responses also, reiterating those having broad application to the entire putative class, and making particular responses where applicable. According to this Court's April 29, 2008 Judgment (Record Doc. 12824), all of these late responses are recognized as being deemed admitted by operation of law. Such admissions are not intended, not supported in fact, and their

withdrawal will promote presentation of the merits of this class action, and the individual actions to be designated for trial in July 2009.

Obviously, intended admissions are not subject of this motion for withdrawal or amendment. Only responses containing denials, responses consisting only of objections, or those stating an inability to admit or deny, are subject of this motion, to the extent that they are deemed admissions by passage of time, where, in fact, proponents of the responses intended no such admission. The responses subject of this motion are those made by all Benoit Plaintiffs, by Marenthia Lagarde, Michael Lagarde and Donald Pritchett, and by Parfait Plaintiff Kevin MacFarland. Please see Exhibit C. The topics as to which late denials are given effect include floodwall breach locations (No. 9), whether flooding would have occurred regardless of the barge (No. 14), which experts have concluded that the barge broke the floodwall (No. 16), contributory negligence (No. 24), whether different locations were affected differently by flooding (No. 28), whether the causes of personal injuries are individual issues (No. 29), whether damages are individual issues (No. 30), whether conflicts exist between the Barge PSLC and other plaintiffs' counsel (No. 33), whether plaintiffs can recover more than once for the same damages (No. 34), whether undersigned made a conscious decision not to pursue claims against any government (No. 36), whether plaintiffs suffered wind or rain damage (No. 40), whether plaintiffs were damaged by looting or criminal activity (No. 41), whether damaged structures had preexisting damage (No. 43), whether Zito had notice that ING 4727 was ready for pickup (No. 46), LNA Ed Bush's state of mind concerning pickup of the barge (No. 47), whether Zito could have picked up the empty barge (No. 48), and whether LNA employee Ed Bush left a message for Zito to pick up the barge (No. 49).

Plaintiffs MacFarland, Lagarde (Michael and Marenthia) and Pritchett denied additional matters, which denials are also sought through this motion to be given effect.

Mr. MacFarland did not evacuate, did hear the "BOOM" of the barge colliding, and did see the Barge in the Lower Ninth Ward before noon on August 29, 2008. Therefore, he responded as follows:

> **REQUEST FOR ADMISSION NO. 2:** For each plaintiff individually: Admit that you did not see or hear the barge strike the retaining wall.
>
> **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Also denied as to Kevin McFarland.
>
> **REQUEST FOR ADMISSION NO. 3:** For each plaintiff individually: Admit that you did not see the barge in the Lower Ninth Ward before noon on August 29, 2005.
>
> **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Also denied as to Kevin McFarland.

Marenthia Lagarde, Michael Lagarde, and Donald Pritchett were not in the Lower Ninth Ward during Katrina, and so did not see or hear the barge. However, the barge smashed into their home on Jourdan Avenue. Notwithstanding their own claims for this damage, the fact that Lafarge settled with Arthur Murph- the barge having smashed his house, but who was also in the Lower Nine when the floodwall breach occurred and is therefore a potential witness against Lafarge - is a matter for the trier of fact to consider and from which inferences can be drawn. The fact that the barge also hit the Lagarde house, but without consequent settlement offers, is implicated by the following:

> **REQUEST FOR ADMISSION NO. 5:** For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property.
>
> **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Also denied as to

Michael Lagarde, Donald Pritchett and Marenthia Lagarde. The plaintiffs also contend that

1.  **Legal Standard Governing Withdrawal or Amendment of Admissions**

>   Fed. R. Civ. P. 36(b) provides:
>
>   **(b) Effect of an Admission; Withdrawing or Amending It.**
>   A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." FED. R. CIV. P. 36(b); *Le v. The Cheesecake Factory*, 06-20006 (5th Cir. 3-6-2007).

2.  **The merits of the action will be subserved by withdrawal or amendment.**

The Court must consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits. *Le v. the Cheesecake Factory*, 06-20006 (5th Cir. 3-6-2007) citing *Hadley v. U.S.*, 45 F.3d 1345 (9th Cir. 1995). Factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the Case,"*Le v. the Cheesecake Factory*, 06-20006 (5th Cir. 3-6-2007) citing *North Louisiana Rehabilitation Center v. U.S.*, (W.D.La. 2001).

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. In the case at bar, the district court found, and the government did not dispute, that a denial of Hadley's motion to withdraw the admissions would eliminate a determination of the merits. The admissions Hadley sought to withdraw, Admissions 22 and 23 in particular, essentially admitted the necessary elements of "responsibility" and "willfulness" under 26 U.S.C. § 6672. Therefore, the first prong of the test in Rule 36(b) is satisfied here because withdrawal of the admissions would certainly facilitate a presentation of the merits of Hadley's case." *Hadley v. U.S.*, 45 F.3d 1345 (9th Cir. 1995).

"In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission. The court must also look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits." *Ropfogel v. United States,* 138 F.R.D. 579, 583 (D. Kan. 1991) (internal citations Omitted). *North Louisiana Rehabilitation Center v. U.S.*, (W.D.La. 2001)

"On May 8, 2000, Coastal served Ordoyne with its discovery requests, including requests for admissions. Mem. at 2. On June 13, 2000, having received no response, Coastal contacted Ordoyne's counsel and pointed out that the responses were overdue. *Id*. When Coastal filed its Motion for Summary judgment on June 26, 2000, Ordoyne had still not served his responses. Coastal argues that its May 8 requests are deemed admitted and that it is entitled to summary judgment as a matter of law. In his opposition, Ordoyne's attorney avers that he forwarded all discovery responses to Coastal on June 29, 2000. Ordoyne will be permitted to withdraw his admissions only if the Court finds that withdrawal will aid in the presentation of the merits and will not prejudice the requesting party. See FED. R. Civ. P. 36(b); *Reyes v. Vantage Steamship Co.*, 672 F.2d 556, 557 (5th Cir. 1982). Obviously, allowing Ordoyne to withdraw his admissions will aid in the presentation of the merits." *Ordoyne v. Mcdermott, Inc.*, (E.D.La. 2000).

Here, most named plaintiffs are displaced, spread-out among several states, and subject to varying degrees of instability in their lives and whereabouts due to the events subject of suit. With this backdrop, Lafarge posed requests for admissions that "go to" lynchpin factual issues, the underlying merits of the litigation - whether the barge caused or contributed to the floodwall breaches, nature and extent of damages, first-person accounts of the events subject of suit, facts

bearing upon application of the maritime law of joint and several liability, facts bearing upon class treatment, and facts affecting individual claims now of greater importance in light of the Court's recent determination to hold individual trials in July 2009.  Not all plaintiffs timely responded, due in no small part to having been scattered by the flooding, and their consequent mental state and lifestyles not conducive to comprehension, following directions, promptitude or intensive contact with their attorneys.  They should not be automatically penalized for this. Were they able to remain in their homes, the difficulty in making responses would not arise.  Moreover, matters deemed admitted without any such intention or which contradict explicit factual contentions contravene the true merits of the case.

The record is clear that the Barge Plaintiffs contend that ING 4727 breached the eastern Industrial Canal in two places, caused all flood and consequential damage to persons and property between the Industrial Canal, Paris Road, the Mississippi River and Florida Walk-Forty Arpent Canals, and that according to the general maritime law of joint and several liability, the Barge Entities can be held liable singly or in combination for 100% of these damages regardless of the potential liability of joint tortfeasors.  The record is clear that witnesses throughout the Lower Ninth Ward contend that they saw and/or heard the barge breach the floodwall, and saw flooding from the IHNC that traveled throughout the proposed class area, to the exclusion of all other flood sources. The record is clear that plaintiffs contend that a class should be certified, and that certain plaintiffs will nonetheless, as of recently, be required to try their individual claims.  The effect of the deemed admissions curtails the plaintiffs' ability to present the merits of their claims, both collectively, as a class, and especially as individuals where certain of those individuals were late in responding to Requests for Admissions and supplied denials or objections.  Deeming such to be admissions contrary to the individual plaintiffs' contentions also jeopardizes the Court's intention to hold

individual trials, by preventing those individuals from proving merits borne out of facts not properly supplied, but attributed involuntarily through operation of law.

3.     **No prejudice to Barge Entities.**

Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1120 (5th Cir. 1991)). *See also, e.g., FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994); *In re Guardian Trust Company,* 260 B.R. 404, 411 (S.D. Miss. 2000). The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice. *See, e.g., FDIC v. Prusia,* 18 F.3d at 640 (citing *Davis v. Noufal,* 142 F.R.D. 258, 259 (D. D.C. 1992)). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. *Id.* (citing *Davis,* 142 F.R.D. at 259).

According to the current Case Management Order (No. 7), as modified by Judge Duval, class action discovery does not close until September 14, 2008, and merits discovery does not close until March 9, 2009. In the meantime, Lafarge North America intends to depose named plaintiffs in accord with the Court's determination to hold individual trials in July 2009. Persons whose admissions were deemed by operation of law are named plaintiffs that Lafarge will depose. Sufficient time exists in the discovery and trial schedule to obviate any question Lafarge whether need suddenly obtain evidence or incur additional expense in discovering facts underlying their Requests for Admissions.

Also, assuming that a class action trial will eventually occur, Lafarge will still need to contend with timely denials of putative class members and proposed class representatives. Their

accounts are identical in most respects to those whose admissions are deemed by operation of law, in conflict with what these persons actually saw, heard or suffered. In other words, deeming matters admitted as to late responders does not benefit Lafarge when they still must defend against contentions of persons whose denials were not untimely. In the context of individual actions also, Lafarge must content with co-plaintiffs who are witnesses to the same facts as those whose admissions were deemed by operation of law. These deemed admissions provide Lafarge no advantage.

**4.     Extension of Time**

Though undersigned have rights and obligations with respect to the entire putative class, undersigned are not privy to retainer contracts with all putative class members. Undersigned are retained by the overwhelming majority of the putative class, and in few instances, persons having retained other Barge Plaintiffs' counsel have retained undersigned as well. Undersigned therefore have access to these persons for purposes of providing discovery responses. However, as no master consolidated complaint has been ordered by the Court or filed by undersigned, undersigned's ability to interact with all putative class members starts and stops with the retainer agreements by which any of the members have obtained counsel. To varying degrees, plaintiffs' counsel other than the undersigned have cooperated with undersigned in obtaining discovery responses, albeit delayed responses in some instances. However, consistent with the diaspora described above, there are various plaintiffs named by other counsel who have not been in contact with anyone concerning discovery responses, and those who have been contacted, but whose responses to requests for admissions are late. Though undersigned have limited obligations and ability to respond on behalf of others' clients, undersigned nonetheless move, in furtherance of the integrity of the plaintiffs' claims herein, for a reasonable extension of time for persons whose whereabouts are unknown, and

for those whose responses are available but untimely, to submit responses to their direct counsel, and in turn, to undersigned. While undersigned recognize that a point will come at which no more indulgence can be granted to those who do not comply with Lafarge's legitimate discovery requests, discovery is nowhere near conclusion.

## CONCLUSION

Because withdrawal of deemed admissions will promote presentation of the merits, because withdrawal will not prejudice Lafarge, and because some named plaintiffs are not in contact with their attorneys, undersigned move for an order permitting withdrawal of deemed admissions, and granting a reasonable extension of time for those missing plaintiffs to respond.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com,

karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,


/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532

e-mail: a.fuchsberg@fuchsberg.com, l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 7th day of July, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT