UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |
| PERTAINS TO: LEVEE<br>           DEPASS, 06-5127<br>           BOURGEOIS, 06-5131<br>           SIMS, 06-5116 | |

**MEMORANDUM IN SUPPORT OF ORLEANS LEVEE DISTRICT'S MOTION
TO RECONSIDER COURT'S ORDER AND REASONS (REC. DOC. 13613)**

For the reasons discussed below, the Orleans Levee District (the "OLD") respectfully moves this Honorable Court to reconsider its June 24, 2008 Order and Reasons granting in part and denying in part the motions to dismiss filed by the Sewerage and Water Board of New Orleans ("SWB") pursuant to Federal Rules 12(b)(6) and 12(c) (Rec. Doc. 13613), insofar as the Order states that the Orleans Levee District has garde over the flood water pump system, flood water pumping system and/or flood system.

- 1 -

This Honorable Court, in the foregoing Order, states, in response to the plaintiffs' assertions regarding the SWB's alleged garde, or custody, over the water pumping system, as follows:

> Moreover, however, the Plaintiffs cannot successfully aver that SWB has any garde over the flood water pump system. That duty is held by the Orleans Levee District alone.[1]
>
> . . .
>
> Similarly, it is clear in this case that the SWB indeed did not have garde over the flood water pumping system. Custody over the flood system is held by the levee districts.[2]

The OLD respectfully submits that the two above statements by the Court in its June 24, 2008 Order are factually incorrect and, as such, the Order should be reconsidered and the above statements made therein should be corrected.

The OLD's powers originally evolve from the Constitution of the State of Louisiana enacted in 1921. In Article XVI (Levees), Section 7 (Orleans levee district; board of commissioners; powers), the OLD was authorized to exercise, in pertinent part, the following powers:

> . . . full and exclusive right, jurisdiction, power and authority to locate, relocate, construct, maintain, extend and improve levees, embankments, seawalls, jetties, breakwaters, waterbasins, and other works in relation to this project, and to conduct all dredging operations necessary in connection therewith and/or incidental thereto, along, over and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans from its western boundary to the boundary line separating township 11 south range 12 east, from township 11

---

[1] June 24, 2008 Order, page 7.

[2] June 24, 2008 Order, page 8.

> south, range 13 east, at a distance not to exceed three miles from the present shore line, as the said Board may determine, and along and on the shores adjacent to said Lake and along the canals connected therewith; the said levees, embankments, seawalls, jetties, breakwaters, water-basins and other works to be of such character and extent and of such height, width, slope, design and material as said Board may determine, with power and authority to improve and to protect the same with such other structures as may be deemed necessary and proper by said Board.
> (See Section 7(a) (General powers; jurisdiction; projects))

The Louisiana Constitution of 1921 set forth the exclusive authority and powers of the OLD. As such, the 1921 Constitution did not, in any manner whatsoever, provide the OLD with any authorization or powers regarding flood water pump system, flood water pumping system and/or flood system.

The authority and powers of the OLD, as originally set forth in the 1921 Constitution, have ultimately been codified in La. R.S. 38:307 (Orleans Levee District; powers of board of commissioners), wherein such powers are again set forth in Section A(1) therein. Similar to the 1921 Constitution, La. R.S. 38:307 does not, in any manner whatsoever, provide the OLD with any authorization or powers regarding flood water pump system, flood water pumping system and/or flood system.

This Honorable Court, in rendering its aforementioned June 24th Order, references its October 12, 2007 Order and Reasons (Rec. Doc. 8389), in which this Court granted the Motion for Judgment on the Pleadings (Rec. Doc. 5522) filed by the Board of Commissioners for the Port of New Orleans (the "Dock Board"). In that Order, this Court noted in pertinent part that ". . . the maintenance of the levees involved would be

3

the duty of the Orleans Levee District, not the Dock Board."[3] This Court stated that the state's duty to protect citizens from damage by flood was properly delegated to levee boards, which are creatures or agencies of the state "brought into existence for the purpose of discharging the state's duties of flood protection."[4] This Court then stated that such "delegation is manifested in La. Rev. Stat. 28:281(6) which provides that a levee district 'means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits.'"[5]

The OLD respectfully points out to the Court that the aforementioned definition provided by this Court in its October 12, 2007 Order is actually found in La. R.S. 28:281(7), which addresses "levee and drainage districts." In fact, the definition for "levee districts", found in La. R.S. 28:281(6), is as follows: "A political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees and all other things incidental thereto within its territorial limits." The critical difference between the two definitions is that "levee districts", as opposed to "levee and drainage districts", are not charged with the responsibility of drainage.

As attested to by Stevan Spencer, Director of Hurricane and Flood Protection for the OLD,[6] the OLD is not a "levee and drainage district." Rather, the OLD is a "levee district." Furthermore, as set forth in both the Louisiana Constitution of 1921 and La.

---

[3] October 12, 2007 Order, page 2.

[4] October 12, 2007 Order, page 2.

[5] October 12, 2007 Order, page 3.

[6] See July 7, 2008 Affidavit of Stevan Spencer, attached hereto as Exhibit A.

4

R.S. 38:307, and as attested to by Mr. Spencer, the OLD has no authorization or powers regarding flood water pump system, flood water pumping system and/or flood system.[7]

For the foregoing reasons, the Orleans Levee District requests that this Honorable Court reconsider its aforementioned June 24, 2008 Order and correct its statements made therein that the Orleans Levee District has garde over the flood water pump system, flood water pumping system and/or flood system.

Dated: July 7, 2008                    Respectfully submitted,

                                                  s/ Thomas P. Anzelmo
                                                  McCRANIE, SISTRUNK, ANZELMO,
                                                      HARDY, MAXWELL & McDANIEL
                                                Thomas P. Anzelmo, P.A. - #2533
                                                Mark E. Hanna - #19336
                                                Kyle P. Kirsch - #26363
                                                Andre J. Lagarde - #28649
                                                3445 N. Causeway Boulevard, Ste. 800
                                                Metairie, Louisiana 70002
                                                TELEPHONE: (504) 831-0946
                                                FACSIMILE: (504) 831-2492

                                                and

---

[7] The OLD notes that pursuant to La. R.S. 33:4071 (Creation and organization of sewerage and water board), the SWB is responsible for, *inter alia*, the construction, control, maintenance and operation of the public drainage system, which would appear to include the flood water pump system, flood water pumping system and flood system, as those terms are used in the Court's June 24, 2008 Order.

LABORDE & NEUNER
Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE: (337) 237-7000
FACSIMILE: (337) 233-9450
Attorneys for the ORLEANS LEVEE
DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2008, a copy of the above and foregoing **Memorandum in Support of Orleans Levee District's Motion to Reconsider Court's Order and Reasons (Rec. Doc. 13613)** was filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

s/ Thomas P. Anzelmo
McCRANIE, SISTRUNK, ANZELMO,
   HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE: (504) 831-0946
FACSIMILE: (504) 831-2492
E-MAIL: tpa@mcsalaw.com