**REVISED MAY 28, 2008**
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2008

No. 06-30840

Charles R. Fulbruge III
Clerk

MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON RICHARDS; STEPHANIE PORTER, doing business as Interior Specialties LLC; SHEILA JORDAN JORDAN; ET AL

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA, through its agencies & instrumentalities the United States Army Corps of Engineers and the Federal Emergency Management Agency (a/k/a FEMA); KATHLEEN BLANCO, Louisiana State Governor, both individually & in her elected capacity; LOUISIANA STATE; RAY NAGIN, Mayor, both individually & in his elected capacity; NEW ORLEANS CITY; EDDIE COMPASS, Chief of police, both individually & in his appointed capacity; EDDIE JORDAN, District Attorney, both individually & in his appointed capacity; JIM HUEY, President of Orleans Parish Levee Board, both individually & in his official capacity; ORLEANS PARISH LEVEE BOARD; RAY NAGIN, Orleans Parish Sewerage & Water Board, both individually & in his capacity; CRIMINAL SHERIFF FOR THE PARISH OF ORLEANS; CLERK OF COURT, PARISH OF ORLEANS, CRIMINAL DISTRICT; UNIDENTIFIED PARTIES; ORLEANS PARISH SEWERAGE AND WATER BOARD; AARON BROUSSARD, individually & in his capacity as President for the Parish of Jefferson; JEFFERSON PARISH; KIMBERLY WILLIAMSON BUTLER, Clerk of Court, Orleans Parish Criminal District Court; EUSTIS ENGINEERING COMPANY INC; MODJESKI & MASTERS INC; C RAY NAGIN, Honorable Mayor, sued as Ray Nagin; EDWIN COMPASS, III, former Superintendent of Police, sued as Eddie Compass; ORLEANS LEVEE DISTRICT, Board of Commissioners, sued as Orleans Parish Levee Board; ST PAUL FIRE & MARINE INSURANCE CO; LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT; SEWERAGE AND WATER BOARD OF NEW ORLEANS; B & K CONSTRUCTION COMPANY INC; BURK KLEINPETER, INC; CSX TRANSPORTATION INC; GEOTECH, INC;

No. 06-30840

PITTMAN CONSTRUCTION CO, INC; WASHINGTON GROUP INTERNATIONAL INC

Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
2:05-CV-4181

---

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]
PER CURIAM:[**]

Hurricane Katrina slammed against parts of the Louisiana and Mississippi Gulf coasts on August 29, 2005. New Orleans suffered serious flooding. Plaintiffs filed suit against numerous defendants, including the United States, the State of Louisiana, and local governmental and private entities. Plaintiffs sought payment for personal injury and property damage caused by the flooding in New Orleans. The essence of the claims is that the decisions made by governing officials in all levels of federal, state, and local government caused the Plaintiffs to be exposed to tragic conditions such as deprivation of food and water following the storm.

As this litigation developed, a magistrate judge allowed the Plaintiffs to file numerous amended complaints but after the eleventh amended complaint, warned that would be the last unless good cause was shown. Subsequently, Plaintiffs were not allowed to file a twelfth amended complaint to assert claims in admiralty. After the latest amendment was rejected, those same allegations

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

## No. 06-30840

became the basis of a separate lawsuit filed by the Plaintiffs. Claims against governmental entities were then dismissed. Some of the governmental party defendants were severed and are not involved in this appeal. *See Arcement v. Broussard*, 225 F. App'x 303 (5th Cir. 2007) (affirming the dismissal of claims against Aaron Broussard and Jefferson Parish for lack of jurisdiction).

The tort claims against the United States were dismissed for lack of jurisdiction because Plaintiffs failed to exhaust administrative remedies. Exhaustion is required before bringing a Federal Tort Claims Act suit. *Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1981). Proceedings against various private entities continue in district court. The appeal from the dismissal of the United States is therefore interlocutory. The Plaintiffs argue that a statute applies that allows appeals from interlocutory decrees that resolve the rights and liabilities of parties in admiralty cases. 28 U.S.C. § 1292 (a)(3). The appeal here is from the dismissal of the right to file a twelfth amended complaint to add an admiralty claim. The denial of a motion seeking leave to file this amended complaint does not resolve rights and liabilities. Indeed, the claims are now part of a separate lawsuit. The interlocutory appeal from the denial of the twelfth amended complaint and the dismissal of the United States is dismissed.

The constitutional claims against the state and local governmental entities and their officials were dismissed for lack of subject matter jurisdiction and for failure to state an adequate claim for civil rights violations. The district court declined to exercise supplemental jurisdiction over the remaining state law claims and entered a Rule 54(b) judgment. Plaintiffs have not made a sufficiently clear allegation that the defendant governmental entities and officials violated the Plaintiffs' constitutional rights. *See Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). The district court properly dismissed these claims and refused to exercise supplemental jurisdiction over the state law claims.

No. 06-30840

We DISMISS the interlocutory appeal and AFFIRM the dismissal of the claims against the state and local governments and their officials.