# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| | * | |
| | * | |
| | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*      06-7516 | * | |
| | * | MAG. |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## BENOIT PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSIONS PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs reiterate prior discovery responses herein, and further, the Benoit plaintiffs hereby respond to Defendants, LNA and Zito entities', discovery as follows, supplementing and amending all Benoit plaintiffs' prior responses as follow:

## GENERAL OBJECTIONS

A.    Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure. Plaintiffs will answer specific Request for Admissions in a manner sufficient to comply with their obligations as stated therein.

B.    Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.    Plaintiffs object to each of the requests to the extent that they seek information regarding

"each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.      Plaintiffs object to the requests to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiffs object to the requests to the extent they are overly broad and unduly burdensome.

F.      Plaintiffs object to the requests to the extent that they exceed the scope of admissible discovery.

G.      Plaintiffs object to the requests to the extent that they are vague and ambiguous.

H.      Plaintiffs object to the requests as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.      Plaintiffs object to the requests that seek information readily available to Defendant in the public domain.

J.      These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

Class representatives have provided the following according to their best efforts, in light of loss of much information during the events subject of suit. Respondents reserve the right to supplement and amend any and all of the following as discovery, class certification preparation and trial preparation progress.

## REQUEST FOR ADMISSION NO. 1:

For each plaintiff individually: Admit that you did not see the barge before it broke away from its moorings or during the time before it passed through the floodwall.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

For each *Benoit* Plaintiff it is admitted that none saw the barge before it broke from its moorings or during the time it passed through the floodwall.

## REQUEST FOR ADMISSION NO. 2:

For each plaintiff individually: Admit that you did not see or hear the barge strike the retaining wall.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

For each *Benoit* Plaintiff it is admitted that none saw or heard the barge strike the retaining wall.

## REQUEST FOR ADMISSION NO. 3:

For each plaintiff individually: Admit that you did not see the barge in the Lower Ninth Ward before noon on August 29, 2005.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

For each *Benoit* Plaintiff it is admitted that none saw the barge in the lower Ninth Ward before noon on August 29, 2005.

## REQUEST FOR ADMISSION NO. 4:

For each plaintiff individually: Admit that the barge did not make physical contact with your person.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

For each *Benoit* Plaintiff it is admitted that none were physically touched by the barge.

**REQUEST FOR ADMISSION NO. 5:**

For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

For each *Benoit* Plaintiff it is admitted that none of their residences were physically touched by the barge.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at all times prior to 8:00 a.m. on the morning of August 29, 2005, the center of Hurricane Katrina was south and east of New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiffs can neither admit or deny the request in spite of reasonably diligent search for the precise location of the center of Katrina at 8:00 a.m.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Northern Breach on the Industrial Canal (i.e., nearer Florida Avenue) occurred before the Southern Breach (i.e., nearer Claiborne Avenue).

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that there was more than a foot of water in the Lower Ninth Ward at or near Jourdan Avenue at the time that the barge passed through the IHNC retaining wall from the canal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiffs object on the grounds of vagueness and ambiguity in that the request does not specify an area of Jourdan Avenue, which runs the entire length of the eastern floodwall between

Florida and N. Claiborne Avenues, nor does it specify a time, nor which breach is to be addressed in response, nor is the request specific as to whether "passed through" is to be construed as partial passage, or passage of the entire barge.  Subject to and without waiver of the objection, Sewerage and Water Board pump operator states that until the barge hit the floodwall at the North breach, sometime around 3:30 - 4:30 a.m., and protruded partially through this breach, there was little water in the street, which he described as "nothing the pumps couldn't handle."  This breach caused sudden and violent flooding that did not exist before.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the retaining wall on the east side of the IHNC was breached in at least one location before the barge made contact with the wall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiffs object on the grounds of irrelevance, overbreadth, vagueness and ambiguity in that the present litigation concerns only breaches in the eastern IHNC floodwall between North Claiborne and Florida Avenues, and flooding whose western boundary is the eastern IHNC floodwall between Florida Avenue and the Mississippi River.  Subject to and without waiver of any objections, and as to eastern floodwall between the Florida Avenue Bridge and the Mississippi River, the request is denied in part and admitted in part.  There were no breaches until the barge caused the North breach, which existed at the time that the barge caused the South breach.  Plaintiffs are unaware of any breaches in the eastern IHNC floodwall south of N. Claiborne Ave., and therefore are unable to admit or deny concerning such area.

**REQUEST FOR ADMISSION NO. 10:**

Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 6:10 a.m. on the morning of August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

No *Benoit* plaintiffs were present throughout the entire geographic location requested on the date and referenced time to have sufficient information to admit or deny the requested admission.

**REQUEST FOR ADMISSION NO. 11:**

Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 7:45 a.m. on the morning of August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

No *Benoit* plaintiffs, with the exception of members of the Green Family (Robert Green, Jonathan Green, Hyman Shepherd and the Robert Green's two grandchildren) were present in the Ninth Ward on the date and referenced time to have sufficient information to admit or deny this request.  For those plaintiffs the request is admitted.


**REQUEST FOR ADMISSION NO. 12:**

Admit that barges struck floodwalls during Hurricane Katrina without causing the walls to be breached.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiffs can neither admit nor deny the request for lack of sufficient, conclusive information so as to permit a response.  Plaintiffs do not know whether other barges struck any floodwalls.

**REQUEST FOR ADMISSION NO. 13:**

Admit that floodwalls breached during Hurricane Katrina without having been struck by barges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that flooding due to levee and floodwall breaches would have occurred in the proposed class area whether or not the barge had broken free from its moorings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objections: calls for speculation and expert opinion. Subject thereto and without waiver, the request is denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that experts, other than those retained by plaintiffs or their counsel, have concluded that the barge caused the IHNC floodwall breach(es).

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admitted.

**REQUEST FOR ADMISSION NO. 16:**

Admit that no experts, other than those retained by plaintiffs or their counsel, have concluded that the barge cause the IHNC floodwall breach(es).

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Terry Adams has been convicted of a felony.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

Admit that LNA employees replaced mooring lines between the barge ING 4727 and the ING 4745 and placed one or more additional lines between the ING 4727 and ING 4745 on August

27, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 19:**

Admit that six of the seven barges that had been moored at the LNA facility prior to Katrina did not break away during the storm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiffs object on the grounds of overbreadth and irrelevance in that the six barges referenced by the request are not the subject of this litigation. Plaintiffs further object on the grounds of vagueness and ambiguity insofar as the phrase "break away" is undefined, and because evidence exists that five of the six barges did not remain fully moored.

**REQUEST FOR ADMISSION NO. 20:**

Admit that barges other than the ING 4727 broke away from their moorings during Katrina from locations other than the LNA terminal on the IHNC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiffs object on the grounds of irrelevance and overbreadth in that other breakaways are not the subject of this litigation, and on the grounds that the request requires Plaintiffs to speculate or assume that any such other barges were moored, and to speculate or assume as to the manners in which any such barges were moored .

Subject to and without waiver of any objections, and subject to revision upon discovery of contrary information, the request is admitted.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the USCG Port Contingency Plan is not a statute and not a regulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admitted. Further responding, the Contingency Plan is drafted and implemented pursuant to statutory and regulatory authority.

**REQUEST FOR ADMISSION NO. 22:**

Admit that New Orleans was under a mandatory evacuation order as of Sunday morning, August 28, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiffs object in that the request calls for a legal conclusion as to whether any government entity was legally empowered to order mandatory evacuation. Plaintiffs admit however that state and local government intended that a mandatory evacuation be in effect.

**REQUEST FOR ADMISSION NO. 23:**

Admit that it is your contention that proposed class members' claims in this case exceed $10,000.00 per person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the contributing negligence of a plaintiff or class member is an individual rather than a common issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Plaintiffs object on the grounds of relevance, pursuant to *Edmonds v. Compagnie*, *Coats v. Penrod Drilling*, etc., and in that the request calls for a legal concusion. Subject to and without waiver of any objections, the request is denied, as maritime law governing fault and liability is classwide in application.

**REQUEST FOR ADMISSION NO. 25:**

To be answered by plaintiffs who did not evacuate: Admit that during the week prior to August 29, 2005, you owned or had access to a motor vehicle capable of transporting you away from the Lower Ninth Ward or St. Bernard Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted that all *Benoit* plaintiffs had access to a motor vehicle to leave the Ninth Ward on the date in question or did in fact leave the Ninth Ward.

**REQUEST FOR ADMISSION NO. 26:**

Admit that some members of the proposed class elected to stay in the Lower Ninth Ward or St. Bernard Parish during Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that plaintiffs' and class members' properties were affected by water from more than one floodwall or levee breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiffs object on the grounds of overbreadth, vagueness and irrelevance.  Plaintiffs cannot presume what is meant by the word "affected" as used in the request.  "Affected" may, by one of many possible interpretations, mean that loss of city services such as electricity or water prevented certain uses of plaintiffs' property.   Plaintiffs are therefore unable to admit or deny.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the degree to which a particular floodwall breach contributed to the damage suffered at a given location in the proposed class area is different at different locations within that

area.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that causation of personal injury is an individual rather than a common issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Denied as to this litigation.

**REQUEST FOR ADMISSION NO. 30:**

Admit that damages is an individual rather than a common issue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Denied as to this litigation.

**REQUEST FOR ADMISSION NO. 31:**

Admit that some proposed class members have filed SF-95 forms.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that some proposed class members have chosen to sue other entities for flood-related

damages and have not included the barge in their suits.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Plaintiffs can neither admit nor deny what unknown or unidentified persons have done.

Plaintiffs are not positioned so as to determine who, if anyone, brought suit against "other entities"

and excluded "the barge" in their suits, as such persons would have had no contact with proposed

plaintiffs' counsel.

**REQUEST FOR ADMISSION NO. 33:**

Admit that there are conflicts between proposed class counsel in the <u>Katrina</u> case and proposed class counsel in this case regarding the proper legal strategy to pursue on behalf of the proposed classes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Plaintiffs object on the grounds of vagueness and ambiguity in that the intended distinction between "the Katrina case" and "this case" is unknown.  In other words, following deconsolidation and transfer, this case *is* the Katrina case, as far as respondents are aware.  Plaintiffs further object in that the request calls for disclosure of attorney mental impressions, calls for speculation as to legal strategies held by other attorneys, calls for speculation and legal conclusions as to what constitutes a conflict within the meaning of the request.  Subject to and without waiver of the objection, the request can be neither admitted nor denied due to lack of sufficient information.

**REQUEST FOR ADMISSION NO. 34:**

Admit that plaintiffs "will not be permitted to recover more than once for the same damages" - i.e., if they are compensated for the destruction of their property in one action then they "probably cannot receive money in another action for this same loss." (See www.bargecase.com).

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Plaintiffs object in that the request calls for a legal conclusion concerning apportionment and set-off, concerning the collateral source doctrine, and calls for speculation.  The request is further objected-to as an inaccurate and partial representation of a sentence found at said website, which sentence constitutes only a cautionary statement, not an admission, waiver or relinquishment of any rights.   Subject to and without waiver of any objections, the request is denied.

**REQUEST FOR ADMISSION NO. 35:**

Admit that "whether this suit proceeds as a class action" depends on "several factors" including "location" as represented by plaintiffs' counsel to the public on www.bargecase.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Admitted.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the proposed representative plaintiffs, through counsel, made a conscious decision not to pursue damages from the United States government or any local government entity in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Plaintiffs object in that the request contains a presumption that damages are available from government entities in this action. Plaintiffs object further in that the request does not specify which "counsel" is intended., i.e., BARGE PSLC counsel, other BARGE plaintiff counsel, MRGO PSLC or counsel, casual advice from attorneys not counsel of record in any of the pending actions, etc. Plaintiffs further object in that the request requires respondents to speculate about persons' state of mind. Subject to and without waiver of objections, the request is denied, as those representative plaintiffs who wished to assert claims against governmental entities have done so, without any involvement of, or encouragement or discouragement by, undersigned.

**REQUEST FOR ADMISSION NO. 37:**

Admit that members of the proposed class who lost their homes in Hurricane Katrina have an interest in individually controlling the prosecution of claims seeking recompense for the destruction of their homes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Plaintiffs can neither admit nor deny the request, as all lost their homes, thus rendering

indistinguishable individual from class interests in compensatory claims for such losses.  Further, plaintiffs cannot admit or deny as the losses were not due to Katrina, but due to ING 4727.

**REQUEST FOR ADMISSION NO. 38:**

Admit that extensive litigation, other than the above-captioned cases, has been commenced by members of the class seeking recompense for flood-related damage sustained during Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Plaintiffs are unable to conclusively admit or deny for lack of sufficient information so as to determine whether class members "commenced" litigation that is "extensive."

**REQUEST FOR ADMISSION NO. 39:**

Admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair value of their properties before Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Plaintiffs object on the grounds of vagueness and ambiguity, and insofar as the request calls for speculation as to fair market value.  Plaintiffs further object in that the request calls for expert opinion as to classwide losses or damages.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the proposed class includes individuals or entities who were damaged or injured, in whole or in part, because of rain or wind related to Hurricane Katrina passing near New Orleans on or about August 28, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Plaintiffs object on the grounds of overbreadth and irrlevance in that the present litigation is not based upon claims for wind or rain damage.  Subject to and without waiver of any objections,

the request is admitted to the extent that some proposed class members were damaged in part by rain or wind; denied to any further extent, and denied that this litigation is based upon claims arising from such damage.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the proposed class includes individuals who were damaged or injured, in whole or in part, because of looting or other criminal activity following Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Objection in that the request is vague and ambiguous, calls for speculation, legal conclusions as to criminality, and on the grounds of irrelevance.  The request is not reasonably calculated to lead to discovery of admissible evidence as any incidence of looting did not cause the destruction upon which this action is based.  Further, "other criminal activity" is not sufficiently defined so as to distinguish, for example, street level vandalism or thuggery from white-collar corporate acts of criminal negligence concerning ING 4727 potentially causing damage or injury to the plaintiffs. Further, "following Katrina" is vague in that the inception of such time period is undetermined, and because of the open-ended nature of the termination of such time period.   Plaintiffs can neither admit nor deny as to unknown criminal occurrences perpetrated by unknown criminals by unknown means at unknown times.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the proposed class includes individuals or entities whose property was damaged, in whole or in part, by water that came through breaches other than the southern breach of the IHNC floodwall through which the barge passed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admitted.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the proposed class includes individuals or entities whose residences or businesses had pre-existing, unrepaired damage when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Plaintiffs object in that the request calls for speculation, is overly broad and unduly burdensome. Subject to and without waiver of any objections, plaintiffs can neither admit nor deny the request for lack of sufficient, conclusive information to permit a response.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the proposed class includes individuals or entities that filed insurance claims for property damage that was caused by wind or rain on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Admitted.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the proposed class includes individuals or entities that do not have clear title to the real property they claim was damaged when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Plaintiffs object in that the request calls for speculation and conclusions of law.

**REQUEST FOR ADMISSION NO. 46:**

[On behalf of Zito entities only]: Admit that other than Edward Busch's testimony that he called and left a voice mail message with Zito on the morning of August 27, 2005, you are not aware of any other facts or information to show that Zito had notice during the period August 27, 2005

through August 29, 2005 that Barge ING 4727 was ready for pickup from LaFarge North America, Inc.'s facility.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Denied, pending further discovery and investigation.

**REQUEST FOR ADMISSION NO. 47:**

[On behalf of Zito entities only]: Admit that notwithstanding Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005, Mr. Busch did not expect Zito to pickup Barge ING 4727 from LaFarge North America, Inc.'s facility before Hurricane Katrina struck New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection in that the request calls for speculation and assessment of Mr. Bush's credibility and state of mind.

**REQUEST FOR ADMISSION NO. 48:**

[On behalf of Zito entities only]: Admit that after Edward Busch allegedly left a voice mail message with Zito on the morning of August 27, 2005, Zito did not have the means to pickup Barge ING 4727 from LaFarge North America, Inc's facility before Hurricane Katrina struck New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied.

**REQUEST FOR ADMISSION NO. 49:**

[On behalf of Zito entities only]:Admit that you are aware of no witness, testimony, records or other evidence to corroborate Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Denied, pending further discovery and investigation.


Plaintiffs reserve the right to supplement and amend.



Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
     Telephone: (504) 885-7700
     Telephone: (504) 581-6180
     Facsimile: (504) 581-4336
     e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
     Telephone: (504) 581-6180
     Facsimile: (504) 581-4336
     e-mail: lawrence@wiedemannlaw.com,
     karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport

Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
      Facsimile:  800-805-1065 and 202-828-4130
      e-mail: rick@rickseymourlaw.net,
           adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com,        ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
      e-mail: a.fuchsberg@fuchsberg.com,
      l.kelmachter@fuchsberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record

via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via

facsimile and/or electronic mail, this14  day of April, 2008.

\s\Brian A. Gilbert