UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> Plaintiff, <br> <br> <br> <br> PERTAINS TO: INSURANCE <br> *Dunn v. Encompass Ins. Co.* <br> No. 06-5288 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION: 05-4182 "K" (2) <br> <br> JUDGE: STANWOOD R. DUVAL <br> MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS AND FOR ENTRY OF FINAL JUDGMENT**

Defendant, Encompass Insurance Company ("Encompass"), respectfully moves for the entry of a final judgment in its favor in this matter.

On June 12, 2008, Your Honor stated that pursuant to *Sher v. Lafayette Ins. Co.*, 2008 WL 928486 (La. Apr. 8, 2008) and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007), flood exclusions in Louisiana homeowners insurance policies are valid and unambiguously exclude coverage for damages sustained when the levees failed after Hurricane Katrina struck. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ("*Chehardy*"). Accordingly, Your Honor held that "all claims asserted by plaintiffs in this consolidated litigation against any insurer alleging failure to provide plaintiff with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning

such a flood claim, are DISMISSED WITH PREJUDICE." (Post-*Sher* Insurance Umbrella Case Management Order at 2.) In addition, Your Honor ordered defendants to submit a motion for entry of a final judgment of dismissal, no later than July 14, 2008, in cases that would be fully disposed of by *Sher* and *Chehardy*.

This is just such a case. The only allegations plaintiffs make are of damage to their home caused by flood waters resulting from the levee breaches. (*See* Complaint, ¶¶ VI, IX, X, XII.) There is not a single Complaint allegation of any damage other than by flood.

Accordingly, pursuant to this Court's Post-*Sher* Insurance Umbrella Case Management Order, Encompass respectfully requests the Court enter an order of final judgment in Encompass' favor.

−3−

Respectfully submitted,

*/s/ Bailey Smith*

Judy Y. Barrasso, #2814
Bailey H. Smith, #27906
Barrasso, Usdin, Kupperman,
    Freeman & Sarver
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Encompass Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by hand delivery, facsimile transmission, Court's electronic system, and/or by U.S. Postal Service, on this 9th day of July, 2008.

*/s/ Bailey Smith*