UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: | § | |
| KATRINA CANAL BREACHES | § | CIVIL ACTION NO. 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | § | |
| | § | JUDGE DUVAL |
| *PERTAINS TO:  INSURANCE* | § | |
| | § | MAGISTRATE WILKINSON |
| HARRY PITTMAN        NO. 07-9069 | § | |
| | § | |
| VERSUS | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |

### ALLSTATE'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL HARRY PITTMAN TO RESPOND TO ALLSTATE'S DISCOVERY

Allstate Insurance Company ("Allstate"), by and through its attorney, respectfully submits this Memorandum in Support of Its Motion to Compel Plaintiff to Respond to Allstate's Discovery. As stated in greater detail below, Plaintiff has failed to respond to Allstate's discovery and have not requested an extension of time to do so.

A. INTRODUCTION

Plaintiff, Harry Pittman, filed this action seeking recovery of losses and damages incurred as a result of Allstate's alleged bad faith in handling Plaintiff's claim for damages to property caused by Hurricane Katrina, which Plaintiff alleges were covered under Plaintiff's Allstate homeowners insurance policy. On February 7, 2008, Allstate propounded Interrogatories and Requests for Production of Documents to plaintiff. Although plaintiff's responses were due on March 8, 2008, plaintiff did not serve any written responses nor did he produce any documents.

Allstate has attempted to confer with counsel for plaintiff in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(2)(B). On

May 20,2008 Allstate sent correspondence requesting a conference to discuss the overdue discovery.  Plaintiff has failed to comply. Allstate therefore seeks relief from this Court.

## B.  ARGUMENT

The Court may compel responses to discovery if a party does not provide responses to interrogatories and requests for production of documents submitted under Federal Rule of Civil Procedure Articles 33 and 34.  Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  Fed. R. Civ. P. 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Plaintiff has not provided any responses to Allstate's discovery nor have he requested an extension of time to do so.  In addition, Allstate's discovery seeks relevant information related to plaintiff's claims permitted by Rule 26(b).  As this Court is aware, trial of this matter is set for January 5, 2009 and the requested information is necessary for Allstate's trial preparation. Plaintiff therefore should be ordered to respond to Allstate's discovery, or in the alternative, barred from introducing any evidence not previously produced at the trial of this matter.

## C.  CONCLUSION

For the reasons stated herein, Allstate Insurance Company respectfully requests this Court enter an order compelling plaintiff to respond to Allstate's Interrogatories and Requests for Production of Documents.

RESPECTFULLY SUBMITTED,

*/s/ Gregory J. Schwab*
**GREGORY J. SCHWAB #21075**
100 Ramey Road
Houma, Louisiana 70360
Telephone: (985) 223-4457
Facsimile: (985) 851-5051
E-mail: gjschwab@exceedtech.net
Attorney for Allstate

**CERTIFICATE OF SERVICE**

I hereby certify that on July , 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

*/s/Gregory J. Schwab*
**GREGORY J. SCHWAB**