UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRY PITTMAN** | § CIVIL ACTION NO.: 07-9069 "I" (1) |
| | § |
| **VERSUS** | § JUDGE PORTEOUS |
| | § |
| **ALLSTATE INSURANCE COMPANY** | § MAGISTRATE SHUSHAN |
| _____ | § |

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:   Harry Pittman
      Through his attorney:
      Michael C. Darnell
      1540 N. Broad Street
      New Orleans, Louisiana 70119

Defendant, Allstate Insurance Company hereby requests that the above named party, by any officer or agent, answer separately and fully in writing under oath each of the following written interrogatories, or if objection is made, that the reasons for each objection be given, and that said answers, sworn to and signed by the person making them, and any objections signed by the attorney making them, be served upon said Defendant within thirty (30) days from the date of service of these interrogatories, all pursuant to the Federal Rules of Civil Procedure Rule 33 and/or other applicable laws. These interrogatories are deemed to be continuing, and supplementation, amendment or correction of answers is required pursuant to Federal Rules of Civil Procedure Rule 26(e).

**INSTRUCTIONS**

A.   With respect to any interrogatory or request for production to which you object under a claim of privilege or other doctrine, please state:

   (1)   The nature of the privilege asserted;
   (2)   Whether the allegedly privileged communication was oral or written;

    (3)    If in writing, then

        (a)    Identify the author of the document;

        (b)    Identify all addresses and recipients of the document or copies thereof;

        (c)    Indicate the date the document bears, or, if undated, the date that it was written or created;

        (d)    Identify the type of document as, for instance, letter, memorandum, etc.;

        (e)    Describe the subject matter of the document;

        (f)    Indicate the nature of the privilege;

        (g)    Identify any persons who have had access to the document or its contents, or any part thereof; and

        (h)    State the facts giving rise to the claimed privilege.

    (4)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

    B.    If you cannot answer an interrogatory or request for production in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

    C.    If you have any questions regarding the scope, meaning or intent of these interrogatories or requests for production, please promptly contact undersigned counsel.

    D.    The responses to these interrogatories and requests for production shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

    E.    If, in responding to these interrogatories and requests for production, the responding party encounters any ambiguities when construing an interrogatory or request,

instruction, or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

A.  The term "Document" shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained. Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

B.  "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

C.  "You" and "Your" shall mean Plaintiff, Harry Pittman, his agents, representatives, attorneys, employees, and all persons acting or purporting to act on his behalf for any purpose or reason whatsoever.

D.  "Allstate" shall mean Allstate Insurance Company or any of its agents, employees or representatives.

E.  The terms "and" and "or", as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any

document or information that might be deemed outside its scope by another construction of these terms.

  F. The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

  G. The phrases "relate to" or "refer to," and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

  H. "Identify" when used with respect to a natural person shall mean to indicate the person's:

   (1) Name;
   (2) Current address, if known, or last known address;
   (3) Current telephone number, if known, or last known telephone number;
   (4) Current employer, if known, or if unknown, then last known employer;
   (5) Current work address, if known, or last known work address; and
   (6) Current work telephone number, if known, or last known work telephone number.

  I. "Identify" when used with respect to a company, business, or other legal entity shall mean to indicate the following:

   (1) Its name;
   (2) Its address or the address of its principal place of business;

  (3) Its telephone number; and

  (4) Its state of incorporation, if known.

  J. "Identify" when used with respect to a document means to state the date of the document, identify the author, all addressees and recipients of the document, and to describe the subject matter of the document.  Alternatively, you may identify a document by appending a copy thereof to your Answers to these Interrogatories and designate Interrogatory or Interrogatories to which the document is responsive.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

  Identify each individual who you believe has information or knowledge regarding the facts or circumstances of this case, and provide a brief synopsis of the knowledge that you believe he or she possesses.

**INTERROGATORY NO. 2:**

  Identify each and every witness you may call at the trial of this matter, and provide a brief factual summary of his or her anticipated testimony.

**INTERROGATORY NO. 3:**

  Identify each person whom you or your attorney may call as an expert witness at the trial of this matter, including the person's name, address, occupation, field of expertise and qualifications as an expert; the subject matter to which the person is expected to testify; the substance of the facts and opinions to which the person is expected to testify; and a summary of the grounds for such opinion.

**INTERROGATORY NO. 4:**

Identify all insurance policies that provide or have provided any coverage for the property located at 1925 Lombard Street, New Orleans, Louisiana from August 1, 2005 to the present.

**INTERROGATORY NO. 5:**

Provide the following information for any claim made to an insurer or FEMA for property damage or loss at 1925 Lombard Street, New Orleans, Louisiana since August 29, 2005:

    1. Date claim was made and to whom;
    2. Amount of claim;
    3. Type of damage giving rise to claim; and
    4. Amount paid on claim and date of receipt
    5. Identify all documents relating to the claim

**INTERROGATORY NO. 6:**

Identify all mortgage companies or other entities or individuals, including but not limited to the State of Louisiana, Division of Administration, Office of Community Development **(a/k/a Road Home),** having any interest in the property located at 1925 Lombard Street, New Orleans, Louisiana, and the nature and extent of such interest, and identify all documents relating to or evidencing that interest.

**INTERROGATORY NO. 7:**

Identify all loss or damage the property at 1925 Lombard Street, New Orleans, Louisiana is alleged to have suffered as a result of Hurricane Katrina, including, but not limited to, those damages that You contend occurred as a result of wind damage, and identify all documents relating to or evidencing such loss.

**INTERROGATORY NO. 8:**

Identify each item of damage the property located at 1925 Lombard Street, New Orleans, Louisiana suffered as a result of Hurricane Katrina that you contend was covered under Allstate homeowner policy no.045229424, the reason(s) you believe such damage is covered under the policy, and any and all other facts related to this claim, including identification of any documents relating thereto.

**INTERROGATORY NO. 9:**

Identify all persons or entities that have inspected the property located at 1925 Lombard Street, New Orleans, Louisiana since August 29, 2005, and/or investigated damage or loss caused to the property as a result of Hurricane Katrina and identify all documents relating to such inspection or investigation.

**INTERROGATORY NO. 10:**

Identify all estimates to replace or repair any property that you contend was covered under homeowner policy no. 045229424 and damaged as a result of Hurricane Katrina.  For each such estimate, provide the following information:
1. Amount of repair estimate;
2. Description of services to be performed or items to be repaired or replaced;
3. Identity of person or entity providing the estimate; and
4. Date of estimate.

**INTERROGATORY NO. 11:**

Identify all amounts that you have spent to date to repair or replace any property or items that you contend were covered under homeowner policy no. 045229424 and

damaged as a result of Hurricane Katrina.  For each such amount, provide the following information:

    1.    Amount of repair/replacement;

    2.    Description of item repaired or replaced;

    3.    Identity of person or entity performing repair or providing replacement;

    4.    Date of repair or replacement; and

    5.    Identify all documents relating to the repair or replacement, including receipts or other documentation evidencing payment.

**INTERROGATORY NO. 12:**

Identify all facts and documents that support your contention that Allstate acted in bad faith, acted arbitrarily and capriciously, and should be subjected to penalties under L.A. R.S. 22:1220 and 22:658 in the handling/adjustment of the homeowner's claim you submitted to Allstate for damage allegedly caused to the property located at 1925 Lombard Street, New Orleans, Louisiana as a result of Hurricane Katrina.

**INTERROGATORY NO. 13:**

Provide an itemized statement of all damages sought against Allstate Insurance Company in this action of any kind or nature whatsoever, including, but not limited to, any and all compensatory damages, penalties or punitive damages, and identify all documents relating thereto.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Allstate Insurance Company hereby requests production from the aforesaid party of the documents listed below for inspection and copying pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, at the Law Office of Gregory J. Schwab, 423 Goode Street, Houma, Louisiana 70360, or at such time and place as may be agreed upon by all counsel, within thirty (30) days after service hereof.

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to damage or loss to the property located at 1925 Lombard Street, New Orleans, Louisiana as a result of Hurricane Katrina, including, but not limited to, photographs, engineering reports, loss adjuster reports, repair estimates, correspondence and receipts for repairs or replacement of damage.

### REQUEST FOR PRODUCTION NO. 2:

All documents relating to any appraisal of the property located at 1925 Lombard Street, New Orleans, Louisiana from January 1, 2000 to the present.

### REQUEST FOR PRODUCTION NO. 3:

All documents relating to any claim submitted to any insurance company or other entity for damage caused by Hurricane Katrina to the property at 1925 Lombard Street, New Orleans, Louisiana, including, but not limited to, documents reflecting payments received for such claims.

### REQUEST FOR PRODUCTION NO. 4:

All documents relating to any mortgages held on the property located at 1925

Lombard Street, New Orleans, Louisiana from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to or referring to any communications between you and Allstate from August 29, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to all insurance policies that covered the property located at 1925 Lombard Street, New Orleans, Louisiana from August 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that support the damages you seek to recover through this action.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Allstate Claim No. 5114705881, including but not limited to any and all correspondence with Allstate.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identified in your Answers to Interrogatories that have not otherwise been produced.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that you intend to introduce at trial of this action.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to or evidencing any agreements you entered into with the State of Louisiana, Division of Administration, Office of Community Development **(a/k/a Road Home).**

**RESPECTFULLY SUBMITTED,**

_____
**GREGORY J. SCHWAB #21075
423 Goode Street
Houma, Louisiana 70360
Telephone: (985) 223-4457
Facsimile: (985) 851-5051
E-mail: gjschwab@exceedtech.net
Attorney for Allstate**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, postage paid and properly addressed this \_\_\_ day of _____, 2008.

_____
**GREGORY J. SCHWAB**