UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSILIDATED LITIGATION | * | |
| | * | SECTION "K" MAG. 2 |
| | * | |
| PERTAINS TO: INSURANCE | * | JUDGE STANWOOD R. DUVAL |
| <u>Gaubert</u>, 07-9768 | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**</u>

MAY IT PLEASE THE COURT:

Plaintiff's Petition alleges that LCPIC failed to provide flood damage coverage under the policy of homeowner's insurance issued by LCPIC. That policy specifically and unambiguously excludes coverage for flood damage. The Petition makes no other claims against LCPIC.

On June 13, 2008, the Court issued a Post-*Sher* Insurance Umbrella Case Management Order. That Order states that "all claims asserted by plaintiff in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage…are DISMISSED WITH PREJUDICE." Rec. Doc. 13521.

The Order also provides that "[a]ny defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008.**" *Id.*

1

(emphasis in original). This case fits squarely into the category of cases targeted by the Court for dismissal.

## I.     The Petition's Allegations Concern Only Flood Damage.

Plaintiffs filed their petition in the Civil District Court for the Parish of Orleans on August 27, 2007. *See* Original Petition, attached as Exhibit 1. The Petition makes the following allegations:

1. On August 29, 2005, Plaintiff had in effect a policy of property insurance, including flood insurance, issued by LCPIC. Original Petition, ¶ IV.

2. On August 29, 2005, Hurricane Katrina caused substantial damage to Plaintiff's real property. The damage was caused by wind, wind driven rain, storm surge, overflowing of canals, and breaches of levees. Original Petition, ¶ V.

3. Floodwaters from canals near Plaintiff's property damaged the property. These floods were man-made and not natural. The insurance policy issued by LCPIC provided coverage for non-natural flooding from a man-made levee breach. Original Petition, ¶ VI.

4. As a result of the flooding, LCPIC was required to pay Plaintiff the limits of his insurance policy. However, LCPIC only made payments based on damage caused by wind and wind driven rain. Original Petition 1, ¶ VII.

Plaintiff's petition is identical in substance to several other petitions filed by Plaintiff's Counsel. This Court has determined that this form petition only makes claims related to flooding. *See*, *e.g.*, *Harrington v. State Farm Fire & Cas. Co.*, 07-7600 [Rec. Doc. 18] (E.D. La. 2008) (Porteous, J.); *Benit v. State Farm Fire & Cas. Co.*, 07-6738 [Rec. Doc. 21] (E.D. La. 2008)

(Porteous, J.); *Arceneaux v. State Farm Fire & Cas. Co.*, 07-7701 [Rec. Doc. 16] (E.D. La. 2008) (Feldman, J.).

Plaintiff makes no claims other than LCPIC's refusal to pay policy limits for damages caused by "man-made" flooding. As explained in Section II, any distinction between "natural" and "non-natural" flooding argued by Plaintiff is irrelevant in light of recent jurisprudence. Plaintiff admits that LCPIC actually paid for covered wind damage. This case should be dismissed.

### II. The LCPIC Policy Clearly and Unambiguously Excludes Coverage for Flood Damages; Therefore, this Case Should Be Dismissed.

The LCPIC policy in question is numbered FZD 0052667 11. The policy contains the following clearly worded flood exclusion:

> **GENERAL EXCLUSIONS**
>
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> **3. Water Damage**, meaning:
>
> **a.** flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind.

A copy of the policy exclusions is attached as Exhibit 2.

As the Court is aware, this language unambiguously excludes coverage for the type of water damage alleged in Plaintiff's complaint—overtopped levees and breached floodwalls. *See In Re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 214, 221 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008); *see also Sher v. Lafayette Ins. Co.*, 07-C-2441 (La. 4/8/08), 2008 WL 928486, *6-7.

In recognition of these rulings, this Court issued a Post-*Sher* Insurance Umbrella Case Management Order dismissing, with prejudice, all claims in the consolidated actions that alleged coverage for flood damages under a homeowner's policy with a flood exclusion. Rec. Doc. 13521. The Order also invites insurers to seek final dismissal of any lawsuits that make only those allegations. *Id.*

## Conclusion

This case is precisely the type of case envisioned by this Court's Post-*Sher* Case Management Order. The Petition claims only that LCPIC failed to pay for flood damage under a homeowner's policy that specifically excluded coverage for flooding. Pursuant to the Order, this case should be dismissed with prejudice.

RESPECTFULLY SUBMITTED:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been filed with the Clerk of Court using the CM/ECF system, which will provide electronic service to all counsel of record.

This 10th day of July, 2008.

  /s Laurent J. Demosthenidy

Laurent Demosthenidy

  /s Laurent J. Demosthenidy
Laurent J. Demosthenidy (La. Bar. #30473)
**HULSE & WANEK, APLC**
1010 Common St. Suite 2800
New Orleans, Louisiana 70112
Telephone:   (504) 524-6221
Facsimile:    (504) 529-4106
ljd@hulsewanek.com

**Attorney for Defendant,
Louisiana Citizens Property Insurance Corporation**