UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                        NO. 05-4182

PERTAINS TO: INSURANCE                 SECTION "K"(2)
06-5890

ORDER AND REASONS

Before the Court is Defendant M.A. Hayes Company's ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction. ("Mot.") (Rec. Doc. 9087). Plaintiffs Dear Mother's Taste of New Orleans, LLC, Hasan Al-Ghani, and Khadija Al-Ghani (collectively "Plaintiffs") have filed an opposition. ("Opp.") (Rec. Doc. 10371). Having considered the pleadings and relevant law, this Court will deny the motion.

I. BACKGROUND

The present suit is part of the greater *In re Katrina Canal Breach Consolidated Litigation*, Civ. A. No. 05-4182. According to Plaintiffs' allegations, Mr. and Mrs. Al-Ghani moved in 2005 from California to New Orleans. While in California, Plaintiffs ran a New Orleans-theme food company, and they decided to do the same in New Orleans. Mr. Al-Ghani contacted his insurance broker when they had prepared to open their new business in New Orleans. His insurance broker, Defendant M.A. Hayes Company, was located in Richmond, California, and had previously been the insurer for Plaintiffs' business in California. Mr. Al-Ghani asked Defendant to procure a commercial insurance policy "sufficient to cover Dear Mother's, including, but not limited to, coverage for flood and business interruption." Opp. at 2.

1

As alleged by Plaintiffs, "there was an undertaking and/or agreement by Hayes to procure sufficient and proper insurance" for Plaintiff's New Orleans property, but Hayes "failed to procure a policy that met these requirements." *Id.* Hurricane Katrina then struck New Orleans on August 29, 2005, causing "massive damage" to Plaintiffs' property. *Id.* Plaintiffs allege that when they began the claims process with their insurer, St. Paul Travelers, they realized that the Defendant failed to procure for them "proper and sufficient coverage" for Plaintiffs' business and business property. *Id.* This defalcation is the basis upon which Plaintiffs seek damages from Defendant.

Defendant in its present motion seeks dismissal for lack of personal jurisdiction. It asserts that it is a California company with its principal place of business in Richmond, California. Defendant claims that "[i]t is not licensed to do business in Louisiana, does not transact any business in Louisiana, has no agent for service of process, offices or employees in Louisiana, owns no movable or immovable property in Louisiana, and maintains no records in Louisiana." Opp. at 9. Moreover, it asserts that it has never solicited business or advertised in Louisiana, and that its only contact with Louisiana was securing insurance policies for existing customers who had moved to Louisiana from California.

## II. ANALYSIS

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "[t]he plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*,

20 F.3d 644, 648 (5th Cir.1994)). "Proof by a preponderance of the evidence is not required." *Id.* (citations omitted). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

Personal jurisdiction analysis is generally a two-step inquiry. A court must determine if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 418 (5th Cir.1993). The Louisiana Long Arm statute, La. Rev. Stat. § 13:3201, provides that "[a] court may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." Accordingly, this Court must only determine whether the exercise of personal jurisdiction in this case is consistent with the Due Process Clause of the Constitution.

"Exercising personal jurisdiction over a nonresident defendant is consistent with due process when (1) defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 813 (5th Cir. 2006). "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Central Freight Lines, Inc. v.*

3

*APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted). "When a nonresident defendant has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities,' the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant." *Id.*, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citation omitted).

In the present matter, it is clear that Defendant does not have the requisite systematic and continuous contacts with Louisiana to justify general personal jurisdiction in this forum. Defendant asserts, and it is not apparently contradicted, that it has no offices in Louisiana, does not advertise or seek business in this state, and it does not regularly conduct business here. Merely having sales in a jurisdiction, and even having salesmen travel to that jurisdiction, does not necessarily establish enough continuous and systematic contacts to allow general jurisdiction. *See Johnston*, 523 F.3d at 611 (5th Cir. 2008) (sporadic sales in Texas and occasional service trips by employees not adequate to establish general jurisdiction over company); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000) (no general jurisdiction where, over the course of a year, "[t]he evidence shows, at best, that [defendant] sold, on isolated occasions, products to entities located in Texas, that it was party to an agreement to provide Mexican mines with products that were shipped to Texas . . . , that companies used [defendant's] products for projects in Texas, and that [defendant's] personnel made field service visits"). Consequently, general jurisdiction cannot be based on occasional

4

agency services performed for customers located in Louisiana without any further connections.

However, specific jurisdiction presents a different analysis. The Fifth Circuit has set forth a three-step analysis for specific:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002) (citing *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174); see *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (applying *Nuovo Pignone* test).

While Defendant's only connection with Louisiana is having served as an insurance agent for customers such as Plaintiffs, this type of contact has been held to be adequate to hail a non-resident company into Louisiana's courts. In *New Investment Properties v. ABC Insurance Co.*, 972 So.2d 392, 394-95 (La. Ct. App. 2007), the Louisiana Fourth Circuit Court of Appeals considered the application of Louisiana's long arm statute to an independent insurance agency located in California that had allegedly been negligent in procuring property insurance for a Louisiana customer. Noting that "a nonresident defendant's single act can suffice to subject a defendant to personal jurisdiction," the court found that the insurance agent had availed itself purposefully of the privileges of doing business in Louisiana because it gave "advise with regard to types of policies and levels of insurance coverage" and "was cognizant that the policies it procured were for property in Louisiana." *Id.* at 396-97. Accordingly, "[a]n agent or broker who fails to procure the appropriate insurance policies or coverage for his clients can reasonably anticipate being haled into court." *Id.* at 397. The defendant's lack of physical presence in

5

Louisiana was of no moment to the court because "'modern commercial life' has changed significantly, and the need for physical presence in a state is presumably much less necessary today." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Federal courts addressing this issue in claims against nonresident insurance agents likewise reach similar conclusions. *See Gulf South Litrotripsy, LLC v. North River Ins. Co.*, Civ. A. No. 06-9613, 07-6173, 2008 WL 169705, at *1 (E.D. La. Jan. 17, 2008) (Engelhardt, J.) (exercising jurisdiction over nonresident insurance agent that allegedly negligently procured an insurance policy for Louisiana plaintiff); *Adams v. Unione Mediterranea Di Sicurta*, 234 F. Supp. 2d 614, 622-23 (E.D. La. 2002) (Duval, J.) (holding Italian insurance company could be subjected to specific jurisdiction where it insured cargo that it knew would be transshipped in Louisiana, therefore "it was foreseeable to [defendant] that it might be required to defend a claim in Louisiana."); *McDermott Inc. v. Amclyde*, Civ. A. No. 88-4340, 1994 WL 236387, at *4 (E.D. La. May 24, 1994) (holding foreign insurers were subject to specific jurisdiction where insurers knew they were insuring a resident of Louisiana). It appears without a doubt that the second requirement of *Nuovo Pignone* is fulfilled here because this matter arises directly out of Defendant's failure to procure an appropriate policy for property located in Louisiana, and therefore this action is directly related to the Defendant's contacts with the forum.

The last step of *Nuovo Pignone* commands this Court to determine "whether the exercise of personal jurisdiction is fair and reasonable," *Nuovo Pignone*, 310 F.3d at 378. "Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends "'traditional notions of fair play and substantial justice.'" *Ruston Gas*, 9 F.3d at 421, *quoting International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). As stated by the Fifth Circuit:

> If the required minimum contacts are shown, jurisdiction exists unless the defendant can make a "compelling case" that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction. To evaluate the reasonableness of exercising jurisdiction, we normally consider: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interest of the several states.

*Johnston v. Multidata Sys. Int'l Corp*, 523 F.3d 602, 615 (5th Cir. 2008) (internal citations omitted). In referring back to the precedents discussed *supra*, state and federal courts in Louisiana have found that it is fair and reasonable to subject an insurance agent to specific jurisdiction. The appellate court in *New Investment Properties* found that, while the defendant insurance agent may be burdened defending a case in Louisiana, the plaintiffs and the State of Louisiana "have a strong interest in seeing that Louisiana property owners who demonstrate that they were negligently advised when obtaining insurance coverage for property that was damaged by Hurricane Katrina be fairly compensated." *New Inv. Properties*, 972 So.2d at 398. California undoubtedly has an interest in regulating its own insurance agents; however, Louisiana certainly has an equal if not greater interest in regulating insurance contracts that directly impact its citizens and property within its borders. *See Gulf South*, 2008 WL 169705, at *1 (citing *New Investment Properties* in holding that exercising jurisdiction would be fair and reasonable).

7

## III. CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED** (Rec. Doc. 9087).

New Orleans, Louisiana, this \_\_\_9th\_\_\_ day of July, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE