UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 "K"(2) |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State*, C.A. No. 07-5528 | * * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO FILE EXHIBIT UNDER SEAL

NOW INTO COURT comes the Murray Law Firm, along with their individual counsel who have appeared in this case, all through their undersigned counsel, who respectfully move to file under seal Exhibit "2" to their post-hearing brief concerning State Farm Fire and Casualty Company and certain other insurer defendants' (collectively the "Insurers") motion to disqualify plaintiffs' private counsel. In support of this request, the movants represent the following:

1.

The Insurers have moved to disqualify counsel because of, *inter alia*, alleged conflicts in representing the State of Louisiana in this case and individual homeowner insureds in other individual cases.

2.

In their post-hearing brief the Murray Law Firm clarified that it had determined since the hearing that the firm was counsel in seven cases on behalf of individual clients that might have received or be expecting Road Home benefits. The Murray Law Firm also stated that they would obtain agreements limiting the scope of counsel's representation and waiving any potential conflicts involving counsel's representation of the State in these cases.

3.

The documents that constitute Exhibit "2" are the letters and agreements between counsel and the individual homeowner insureds concerning counsel's representation of the insureds in six of the listed cases[1]. As such, these letters constitute confidential communications with clients and contain information protected by the attorney-client privilege. Because these agreements will assist the Court in ruling on the motion to disqualify counsel, the movants desire to attach the agreements as Exhibit "2" to their post-hearing brief for *in camera* review by the Court.

4.

Although this Court is entitled to review these letters in order to decide whether counsel should be disqualified, the defendant Insurers have no corollary entitlement to access privileged communications between Plaintiffs' counsel and their clients. Therefore, the movants respectfully request that the Court permit the filing of Exhibit _"2" under seal and review said exhibit only *in camera*.

5.

The submission of these agreements for *in camera* review does not constitute a waiver of the attorney-client or any other privilege. Therefore, all such privileges are expressly preserved.

---

[1] The seventh case, Inez Landry v. State Farm Insurance Co., No. 108248-C, 16th JDC, Parish of Iberia, has been settled.

WHEREFORE, the movants respectfully request that the Court grant their motion and permit the filing under seal of Exhibit "2" to their post-hearing brief concerning the Insurers' motion to disqualify plaintiff's private counsel.

Respectfully submitted,

By: /s/

Basile J. Uddo
Attorney at Law
3445 North Causeway Boulevard
Suite 724
Metairie, Louisiana 70002
Telephone: (504) 834-1819
Facsimile: (504) 832-7208

Attorney for the Murray Law Firm

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2008, I filed the Memorandum in Support of Motion to File Exhibit Under Seal with the Clerk of Court. I further certify that I mailed the foregoing document and notice of filing by first-class mail to defense liaison counsel .

*[signature]*