EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                CIVIL ACTION
CONSOLIDATED LITIGATION
                                             NO. 05-4182

PERTAINS TO:                                 SECTION "K"(2)
Hurricane Legal Center Cases-Mass Joinder:[1]

## ORDER

Pending before the Court are the following motions:

**Doc. 12185 Motion to Strike (Acevedo I)**
**Doc. 12187 Motion to Strike (Abrams)**
**Doc. 12856 Motion to Vacate (Acevedo I, Abrams)**
**Doc. 12857 Motion for Appeal of Denial of Leave to Amend (Aguda, Anderson,**
         **Acevedo, Abram)**

---

[1] The following comprises a matrix of those pending Mass Joinder Cases filed by HLC, the number of plaintiffs joined in the respective action and the status of allegations therein.

| Complaint | C.A. No. | No. of Pl. | Status of Complaint/Petition |
|---|---|---|---|
| Alexander, P. | 07-4455 | 110 | Amended (Doc. 11207) to allege wind as eff. prox. cause |
| Alexander, A. | 07-5768 | 23 | Amended (Doc. 11212) to allege wind as eff. prox. cause |
| Call | 07-5769 | 20 | Amended (Doc. 11211) to allege wind as eff. prox. cause |
| Ansardi | 07-5767 | 43 | Amended (Doc. 11208) to allege wind as eff. prox. cause |
| Aucoin | 07-4458 | 64 | no amendment filed |
| State Farm Defendant Cases: | | | |
| Anderson | 07-6737 43 | 43 | **subject of these motions** |
| Adams, D. | 07-5206 255 | 255 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Adams, R. | 07-4459 76 | 76 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Aguda | 07-4457 68 | 68 | **subject of these motions** |
| Allen-Perkins | 07-5204 134 | 134 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Various Insurers | | | |
| Abram | 07-5205 286 | 286 | **subject of these motions** |
| Acevedo I | 07-5199 372 | 372 | **subject of these motions** |
| Acevedo II | 07-5208 414 | 414 | no amendment filed |

Having reviewed the pleadings memoranda and the relevant law, the Court will dispose of some of these motions. However, because of the pleading quagmire caused by counsel for plaintiffs' failure to abide by the rules and orders of the Court, it will require the attorney Stuart T. Barasch to appear in person at a hearing on the remainder of the motions.

**Background**

On November 27, 2006, this Court issued its opinion concerning the Water Damage Exclusion in a number of all risk policies. While finding coverage with respect to, *inter alia,* certain ISO policies, the Court found that the Water Damage Exclusions as written in the State Farm policies and Hartford policies were not ambiguous and that no coverage was provided for flood damage thereunder. (Doc. 1803 at 50).

On August 2, 2007, the Fifth Circuit rendered its decision, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007), finding that all of the water exclusion provisions at issue therein were not ambiguous and thus no coverage was afforded thereunder. This decision thus affirmed this Court's findings with respect to the State Farm policies and Hartford policies that they unambiguously did not afford coverage.

On August 29, 2007, The Hurricane Legal Center filed, among the other cases listed at Footnote 1, *Abram* (C.A. No. 07-5199) and *Acevedo I* (C.A. No. 07-5205). Others of these other cases were filed by HLC in state courts and removed to this Court. The salient allegations in each of these complaints are identical and an exemplar can be found at paragraphs 4 through 6 of the *Acevedo* complaint:

> 4.   On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real

>property uninhabitable for an extended period of time. This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees as alleged below.
>
>5.     Flood waters from nearby levee breaches damaged each Plaintiff's real property. These levee breaches were man-made flooding and not natural flooding. Defendant's policy of insurance provided coverage for non-natural flooding from a man-made levee breach.
>
>6.     As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statue, Defendant was obligated to make the aforesaid limit payments. Instead, Defendant made only partial payment based upon wind and wind driven rain alone.

On November 26, 2007, in light of the decision of the Fourth Circuit Court of Appeal in *Joseph Sher v. Lafayette Ins. Co., et al.*, 2007 CA-0757, November 19, 2007, which called into question the force of the Fifth Circuit decision concerning coverage, the Court entered a stay as to all insurance cases pending the outcome of the *Sher* case in the Louisiana Supreme Court and denied certain motions for entry of final judgment. (Doc. 9227 ). However, the Court specifically stated in that order "that there was no just reason to delay the entry of final judgment with respect to those claims brought against State Farm Fire and Casualty Company" and granted same insofar as it pertained to the *Chehardy* and *Vanderbrook* cases.

On December 5, 2007, the *Acevedo* plaintiffs filed a First Amended complaint that added new plaintiffs and defendants, but did not change the basic coverage allegations in any way.

On December 10, 2007, State Farm filed motions to dismiss in both *Acevedo* and *Abram* which were noticed for January 23, 2008. (Docs. 9420 and 9421) Thus, under the rules of the Court an opposition was due to be filed no later than January 15, 2008.

On January 4, 2008, the Court clarified the stay entered on November 26, 2007 (Doc. 9227) to note specifically that all proceedings in the Insurance Umbrella were stayed including discovery, any deadlines for responsive pleadings, or other motions, except for joint motions to dismiss resolved cases.  On the same day, State Farm filed an Answer in both *Abram* and *Acevedo.*

On January 21, 2008, nothing had been filed by Mr. Barasch or any counsel for plaintiffs. In an attempt to prevent a precipitous ruling, an e-mail was sent to Mr. Barasch, plaintiffs' counsel, noting that there was the possibility of confusion as to whether the stay was applicable to State Farm:  "While the Judge has entered a stay in the insurance cases, he did enter judgment with respect to the State Farm policy in *Chehardy.*"  With that, the Court through its law clerk requested that Mr. Barasch to respond by noon on January 22, 2008, as to whether there was any opposition to the motions or the motions would be granted as unopposed.  There was no response.  The Court waited an additional day, finally granting the motions to dismiss as having merit and being unopposed on January 23, 2008, which was the hearing date. (Doc. 10738).  No motion to reconsider was filed within the normal 10 days to seek relief for such an error under Fed. R. Civ. P. 59.   No Rule 54(b) judgment was entered.

On February 14, 2008, the Court held a status conference concerning State Farm's and Hartford's  interest in terminating the claims against it concerning the Water Damage Exclusion. The Court ordered the parties to suggest a method for disposing of these claims which was to be proposed no later than March 7, 2008.

On February 20, 2008, Judge Wilkinson had before him a Motion to Amend in *Anderson,* a removed case from the 34th JDC for St. Bernard Parish,  which is a State Farm only defendant

case. The motion seeking that amendment was filed on February 5, 2008. The amendment sought to add to the above-noted paragraph 4 (which was paragraph 5 in the First Amended Complaint sought to be added in *Anderson*) the sentence: "However, wind was the efficient proximate cause of all this damage." It also sought to add a new paragraph which stated: "Although Plaintiff's property was damaged as described above, the direct wind damage, by itself, caused a total loss of the property." This amendment was the first attempt in *Anderson* by plaintiffs to address the problem with their initial pleading with respect to State Farm–that is that plaintiffs basically had plead themselves out of Court as they alleged that "defendant made only partial payment based upon wind and wind driven rain alone." Since there was no coverage for water damage under the State Farm policies, there was no cause of action to maintain.

Judge Wilkinson on February 20, 2008 granted in part and denied in part the motion in an opinion as follows:

> The motion is granted in part insofar as plaintiffs seek to amend their complaint to clarify that wind and/or wind-driven rain (i.e. covered risks under plaintiffs' State Farm policy) proximately caused damage to plaintiffs' property beyond the amounts paid by State Farm. The motion is denied insofar as the proposed amendment asserts claims that flood damage to their property is covered by plaintiffs' insurance policy with State Farm or that plaintiffs have some sort of claim under Louisiana's Valued Policy Law, since these kinds of claims are futile under recent Fifth Circuit decisions. *In re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007) (flood exclusion); *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp.2d 660 (E.D. La. 2006), *aff'd* 495 F.3d 232 (5th Cir. 2007) (Louisiana Valued Policy Law.). Plaintiffs must file an amended complaint that complies with the limitations set forth in this order within ten(10) days of entry of this order.

Doc. 11296. No amendment was filed.

On February 26, 2008, another Motion for Leave to Amend was filed in another HLC suit solely against State Farm–*Aguda*, C.A. No. 07-4457. Plaintiffs sought the same amendment as

5

noted requested in *Anderson*. On March 5, 2008, Judge Wilkinson issued the identical ruling as noted above (Doc. 11543). No amendment was filed.

On March 27, 2008, nearly two months after the Motions to Dismiss in *Acevedo* and *Abrams* were granted based both on the merits as well as the failure to oppose the motions, a Motion for Leave to File Amended Complaints was set for hearing before Judge Wilkinson on April 16, 2008. In response, State Farm filed the above referenced motions: Doc. 12185 Motion to Strike (*Acevedo I*) and Doc. 12187 Motion to Strike (*Abrams*) on April 3, 2008.

Prior to this Court ruling on the Motions to Strike, Judge Wilkinson denied both motions for leave to amend on April 16, 2007 as well as Motions for Leave to File First Amended Complaint After Expiration of Deadline (Doc. 12154-*Aguda*) and (Doc. 12156–*Anderson*). Judge Wilkinson stated:

> DENIED, subject to the reservation contained herein. These motions seek to assert claims against a defendant, State Farm, which has already been dismissed from each case by order of the presiding district judge[2], who has also recently required that the status of claims against defendant State Farm in this large, consolidated litigation be addressed globally. While I previously provided plaintiffs with an opportunity to amend in two of the cases., the permitted amendments were not filed within the time frame set forth in my orders. Record Doc. Nos. 11296 and 11543. Thus, my concern is that the effect of granting the motions for leave to file amended complaints may be to undo what the district judge has done or to disrupt the global approach he has undertaken. Under these circumstances, the motions are DENIED, but without prejudice to the requested relief being sought as part of a Rule 59 or 60 motion. Any rule 59 or 60 motion which plaintiffs might desire to assert should be presented as such and noticed for hearing before the district judge.

Doc. 12498.

---

[2] The Court had only dismissed *Acevedo* and *Abram*.

On March 31, 2008, by order of this Court, State Farm filed its Omnibus Motion to Dismiss all Flood Water Damage claims. (Doc. 12091 State Farm's Motion to Dismiss Flood Water Damage Claims). Hartford filed a similar motion on April 1, 2008. (Doc. 12951 Hartford's Motion for Partial Summary Judgment). These motions were set for hearing on June 11, 2008.

On April 8, 2008, *Sher v. Lafayette Ins. Co.*, 2008 WL 928486 (La. 2008) issued wherein the Louisiana Supreme Court found that water that flowed through levees broken by Hurricane Katrina constituted a "flood" within the exclusion of the policy at issue there. With that decision, the viability of any recovery under a homeowner's policy for water damage caused by the breaches of the levees surrounding New Orleans ended.

On April 29, 2008, plaintiffs then filed a Motion to Vacate and to Dismiss Order Granting State Farm's Motions to Dismiss (Rec. Doc. 10738) and for Leave to File Amended Complaints in *Acevedo and Abram*. In addition, on the same day, they filed Plaintiffs' Appeal fo Magistrate Judge's Order Denying Their Motions for Leave to File Amended Complaints in *Aguda, Anderson, Acevedo* and *Abrams*. (Doc. 12857).

On June 13, 2008, the Court issued the Post-Sher Insurance Case Management Order recognizing that under the current case law, it has been established that the exclusions in Louisiana homeowners' insurance policies of coverage for damages caused by the flood that resulted from the various levee breaches in the aftermath of Hurricane Katrina are valid and unambiguous. As a result, the Court dismissed those claims globally and entered a case

7

management order for the Insurance umbrella establishing a procedure to settle all non-mass joinder cases. (Doc. 13521).[3]

While the subject motions do not include the Complaints in *Adams*, 07-4459, *Allen-Perkins*, 07-5204, *Adams*, 07-5206, (which are all mass joinder cases) and in *Worgan*, 07-8621, *Moore*, 07-8622, *Woniger*, 07-8623, and *Gaubert*, 07-9768 (which are individual cases filed by HLC), for the sake of clarity, it must also be noted that Motions for Leave to File Second Amended Complaints in these cases were heard before Mag. Judge Wilkinson. He ruled as follows:

> DENIED, subject to the reservation contained herein. These motions seek to assert claims against a defendant, State Farm, which has filed a pending motion to dismiss, pursuant to the order of the presiding district judge, who has recently required that the status of claims against defendant State Farm in this large, consolidated litigation be addressed globally. That motion is set for hearing on June 11, 2008. Part of the basis for these plaintiffs' opposition to the global motion to dismiss is similar to their argument in support of these motions to amend. Although the motions and amendments appear to assert some sort of claim under Louisiana's Valued Policy Law, which would be futile under the recent Fifth Circuit decision in *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D.La. 2006), *aff'd*, 495 F.3d 232 (5th Cir. 2007); cite and appear to rely upon Louisiana procedural law concerning joinder that is inapplicable in this court; and may otherwise fail under the standards of Fed. R. Civ. P. 15 (which plaintiffs' motions fail to address), my primary concern is that the effect of granting the motions for leave to file amended complaints may be to conflict with what the district judge has done or to disrupt the global approach he has undertaken. Under these circumstances, the motions are DENIED, but without prejudice to the required relief being sought as part of whatever motion or opposition argument plaintiffs might desire to assert, raised in conjunction with the global motion to dismiss already noticed for hearing before the district judge.

Thus, the Court in fashioning a remedy must take into account all of the pending suits. It is for this reason it has included a synopsis of the HLC mass joinder cases in footnote 1 above.

---

[3] The court recognizes that a Motion for Reconsideration Post-Cher CMO (Doc. 13631) filed by the *Chehardy* plaintiffs has been filed. It is set for hearing with oral argument on the same day as the subject motions shall be considered.

With that background, the Court now turns to the substantive motions as well as raising the issue *sua sponte* of the subject motions' effect on State Farm's Motion to Dismiss Flood Water Damage Claims (Doc. 12091) and Hartford's Motion for Partial Summary Judgment (Doc. 12951) .

**Analysis**

**Doc. 12185 Motion to Strike (Acevedo I)**
**Doc. 12187 Motion to Strike (Abrams)**

To begin, Magistrate Judge Wilkinson ruled on the motions which were the subject of the Motions to Strike (Doc. 12185 and Doc. 12187). Furthermore, he denied the motions for leave to file the amended complaints which motions were the subject of the subject Motions to Strike based on the Court's having previously granted motions to dismiss in *Acevedo I* and *Abrams* as they relate to State Farm based on plaintiffs' failure to respond to the Court's inquiries. Thus, the relief sought in the Motions to Strike was in essence obtained. Accordingly,

**IT IS ORDERED** that the Motion to Strike (Doc. 12185 ) (Acevedo I) and the Motion to Strike (Doc. 12187) (Abrams) are **DENIED** as moot.

**Doc. 12856 Motion to Vacate (Acevedo I, Abrams)**

Plaintiffs have moved pursuant to Fed. Civ. P. R. 60(b)(1), that is for "mistake, inadvertence, surprise, or excusable neglect" to vacate the Court's dismissal of the claims against State Farm (Doc. 10738). In their memoranda, plaintiffs' counsel opines that:

> 1.  That because of the November 26, 2007 and clarifying January 4, 2008 orders staying all matters in the Insurance umbrella, plaintiffs' counsel did not oppose the motion.
>
> 2.  That counsel did not read the Court's e-mail to him until "the Court's deadline had unfortunately passed" and he did not call Chambers because of the "threat of sanctions" as this Court has a standing order that phone calls are not accepted.

In response to these excuses, the Court notes that in the initial order (November 26, 2007) it granted the issuance of judgment in *Chehardy* with respect to State Farm which indicated that the *Sher* decision would not effect this Court's and the Fifth Circuit's decision that the State Farm policy did not provide coverage.

While the filing by State Farm of the motions to dismiss was arguably not contemplated under the stay order, the Court understood the confusion, issued a clearer edict, and attempted to contact plaintiffs' counsel. The standing rule as to contacting the Court is that persons may fax a letter with any inquiry to Chambers to which the Court will respond immediately. It so states on the Court's website, so any argument that counsel was reluctant to contact the court because of a threat of sanctions is disingenuous at best and absurd at worst. Moreover, failure to file motions to protect counsel's clients could be considered malpractice.

In addition, the Court would note that under the local rules, an opposition to any noticed motion is due 8 days prior to a hearing date. Failure to file a timely opposition can result in a motion being granted as unopposed where the motions appear to be well taken. The subject motions had neither been stricken by the Court based on the stay, nor had plaintiffs' counsel filed anything to indicate that he believed such motions to be filed in contravention of the stay. As a courtesy, the Court contacted Mr. Barasch to insure that any confusion with respect to the

stay would be cleared up.  He did not take advantage of that courtesy and indeed failed to file **anything** to remedy his "mistake" for two months.

The Court granted the motions based on the fact that the pleadings stated:

> 4.  On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but no limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees as alleged below.
>
> 5.  Flood waters from nearby levee breaches damaged each Plaintiff's real property.  These levee breaches were man-made flooding and not natural flooding.  Defendant's policy of insurance provided coverage for non-natural flooding from a man-made levee breach.
>
> 6.  As a result of the aforesaid events Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses).  Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statue, Defendant was obligated to make the aforesaid limit payments.  Instead, Defendant made only partial payment based upon wind and wind driven rain alone.

The final sentence of Paragraph 6 indicated to the Court that payment had been made for the wind and wind-driven rain damage alone, and thus, there were no other insurance payments due since there was no coverage for damage caused by flooding.

Plaintiffs contend based on the analysis found in *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993) that there is no danger of prejudice to State Farm; that the minimal resulting delay will have no impact on these judicial proceedings due to the stay that has been entered; that plaintiffs and their counsel have acted in good faith; and plaintiffs have meritorious claims against State Farm.

Defendants counter that Judge Feldman's ruling in *Arceneaux v. State Farm Fire and Cas. Co.*, C.A.No. 07-7701 exemplifies the approach this Court should take. In Feldman's case, a Motion to Dismiss was filed by State Farm in a removed 6 plaintiff case against State Farm. Rather than opposing the Motion to Dismiss, Mr. Barasch filed an Amended Complaint, along the same lines as ours. However, an answer had been filed by State Farm in that case which meant that such an amendment had to be either consented to or had to be filed with leave of Court.

In its ruling on the Motion to Dismiss, Judge Feldman dismissed the VPL claims based on *Chauvin v. State Farm Fire and Cas. Co.*, 450 F. Supp.2d 660 (E.D. La. 2006), *aff'd*, 495 F.3d 232 (5th Cir. 2007) and *Richards' Reality Co., L.L.C. et al. v. Paramount Disaster Recovery, Inc. et al.*, Case No. 06-2396 (E.D.La. Nov. 13, 2007) (Vance, J.),

> because to recover under the VPL an insured must allege a "total loss" caused by a "covered peril." State Farm's argument is unquestionably correct. The plaintiffs specifically allege that flooding was a concurrent cause of substantial damage to their properties. Flooding from levee breaches is, however, excluded under the plaintiffs' State Farm Policies. *See In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007). Therefore the plaintiffs have not alleged that their total loss was caused by a covered peril. *See Chauvin,* 450 F. Supp.2d 660. The claims under La. Rev. Stat. § 22:695 must be dismissed.

(C.A. No. 07-7701 Doc. 16 at 3).

The Feldman decision then noted that the complaint contained no claims for recovery of insurance proceeds for unpaid wind damage, so there was no stated claim for breach of contract under La. Rev. Stat. §§ 22:658 and 22:1220.

Then, the court noted that the amendment as filed pursuant to Rule 15(a)(1) was procedurally improper an answer having been filed and that it had been marked as deficient "and was not entered into the record". No motion to amend pursuant to Fed. R. Civ. P. 15(a)(2)

had been filed and as such, the motion to dismiss was granted on January 24, 2008. Judgment was entered on April 3, 2008.

Plaintiffs then moved the court to vacate the Court's January 24, 2008 order of dismissal under Rule 59(e) and allow the plaintiffs to amend their complaint. In the alternative, plaintiffs sought relief form judgment under Rule 60(b). In *Arceneaux v. State Farm Fire and Cas. Co.*, 2008 WL 2067044 (E.D.La. May 14, 2008), Judge Feldman denied Rule 59(e) relief from the January 24, 2008 order noting that "plaintiffs have not presented any new evidence or persuaded the Court that it made any errors in its January 24, 2008 order.

Feldman then stated with respect to the Motion to Amend by which plaintiffs sought to amend the complaint in *Arceneaux* in the exact same manner as in the suits before this Court:

> The Fifth Circuit has instructed that "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59(e)." *See Heimlich v. Harris County, Texas,* 81 Fed. Appx. 816, 2003 WL 22770144 (5th Cir.2003), *citing Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir.2000). In *Heimlich,* the court of appeals noted that, "[ I]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.' " *Id., citing Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir. 1995). Post-judgment amendments are properly denied when they may "substantially prejudice the other party or are caused by the movant's unreasonable delay, especially where the movant was aware of the facts upon which the amendment is predicated but failed to raise the matter prior to judgment." *Durkin v. State Farm Mut. Ins. Co.,* 1997 WL 417247 *1 (E.D.La.1997). The plaintiffs have not "clearly established [they] could not reasonably have raised the new matter" prior to judgment. *See Heimlich* at 816.[FN1] Further, considering that the plaintiffs filed their original complaint more than eight months ago, and waited more than 100 days after dismissal to file the present motion, allowing the post-judgment amendment would prejudice the defendant. The plaintiffs' motion for leave to amend the complaint is denied.
>
> > FN1. Indeed, it is apparent that the plaintiffs have discovered nothing new since filing the original complaint, and instead intend to pursue whatever factual or legal theories they believe will

> advance their lawsuit against State Farm. In the original complaint, the plaintiffs claimed that their losses were caused by a combination of, "wind, wind driven rain, storm surge, overflowing of canals and breaches of levees," and they asserted total losses caused by man-made flooding. After State Farm's Rule 12(b)(6) motion was granted, the plaintiffs attempted to amend the complaint, adding that, while their losses were caused by "wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below. *However, wind was the efficient proximate cause of all this damage.*"
>
> Finally, in the proposed amended complaint attached to the Rule 59(e) motion, the plaintiffs now contend that the damage "was caused by wind, wind driven rain *alone*." The plaintiff is not entitled to continue sharpening its legal theory months after the case was dismissed.

*Arceneaux v. State Farm Fire and Cas. Co.*, 2008 WL 2067044, *1 (E.D.La. May 14, 2008).

Finally, in relation to the alternative Rule 60(b)(1) motion which is before this Court on these motions, Judge Feldman noted that "Although the concept of excusable neglect is 'somewhat elastic,' it generally excludes gross carelessness, ignorance of the rules of ignorance of the law. [*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392]." *Id.* The court then also noted that under Rule 60(b)(6) a district could provide relief "for any reason justifying relief form the operation of the judgment citing *Williams v. Sheriff's Dept., Iberia Parish*, 2006 WL 470607, *1 (5th Cir. 2006). The court then focused on the failure of plaintiffs to rectify the deficient Motion to Amend timely and thus, the court in *Arceneaux* denied all relief to those plaintiffs.

While the case at bar is in a different procedural posture– judgment has not been entered as to the dismissals– the type of "excuses" provided to the Court for relief to be provided under Rule 60(b)(1) are less than compelling. Nonetheless, as stated by the Fifth Circuit in *Warfield v. Byron,* 436 F.3d 551 (5th Cir. 2006):

> Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed.R.Civ.P. 60(b)(1). Pertinent to a motion for relief from a default judgment, courts are to consider: (1) the extent of prejudice to the plaintiff; (2) the culpability of the defendant's conduct; and (3) the merits of the defendant's asserted defense. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 938 (5th Cir.1999). Additional factors may be considered by the court as well, and "the decision of whether to grant relief under Rule 60(b)(1) falls within [the district court's] sound discretion." *Id.* at 939.

*Warfield*, 436 F.3d at 556.  In this instance, there is arguably extreme prejudice for the plaintiffs; there is no "culpability" on the part of the defendant; and as to the complaint, the motion to dismiss is well taken.  While the issue at hand is not a default judgment, it is analogous considering that had Mr. Barasch responded in a timely fashion to the pending motion and sought to amend these pleadings at that time, the Court would have in all likelihood granted such a motion since in essence the amendments clarify which is initially an inartfully drafted complaint/petition.  The original complaint/petition arguably in a wholesale fashion pleads that the amounts paid were correct with respect to the wind and wind-driven rain damage experienced by each of the numerous individuals that have been misjoined in these global pleadings.  The Court notes however that Judge Feldman's characterization of the amendments sought to be made are not without some force.

Moreover, the court notes that all of the HLC cases noted at footnote1 are misjoined and Mr. Barasch should be prepared to discuss in the event amendment is allowed, why these claims should not be severed.  In addition, it appears that there remain two mass joined cases for which no amendment has been sought.  (See n.1 above).

Thus, the Court will require Mr. Barasch personally to appear before the Court to argue why this Court should grant the relief requested.

15

### Doc. 12857 Motion for Appeal of Denial of Leave to Amend (Aguda, Anderson, Acevedo, Abram)

Likewise, the Court will require Mr. Barasch to appear and argue to the Court on what basis the Court should allow him to amend *Aguda* and *Anderson* when leave was given and plaintiffs' counsel simply did not read the notice give to him electronically and act upon it in a timely manner. Mr. Barasch again tries to lay blame at the feet of the Court for his failure to monitor and read the electronic notices of the Court. The Court's CMO concerning specific identification of cases in the caption to which Mr. Barasch places such emphasis pertains to the litigants and not the Court. Obviously, if counsel is aware that there is a pending motion for which a ruling should be coming, he ought to be able to take the time to read the electronic notices of the actions of the Court.

Then, with respect to *Acevedo* and *Abram*, Mr. Barasch must explain to the Court why it should allow a wholesale change in pleading when even before these suits were filed, the Court and the Fifth Circuit had explicitly found that State Farm policies did not provide coverage for water damage caused by canal breaches.

Finally, in addition, the Court will ask counsel to address the fact that all of the HLC cases have been made subject to State Farm's Motion to Dismiss Flood Water Damage Claims (Doc. 12091 State Farm cases and Various Insurer Cases noted above) and Hartford's Motion for Partial Summary Judgment (Doc. 12951–Abram, Acevedo I, Acevedo II) and that the Court has already dismissed all Water Damage Claims under it Post-Sher CMO. Does this procedural posture not operate to foreclose these late amendments? And furthermore, would not that Order

preclude amending the other above-noted State Farm/Hartford cases for which leave to amend has not been sought? Accordingly,

**IT IS ORDERED** that oral argument shall be had on Doc. 12856 Motion to Vacate (Acevedo I, Abrams) and Doc. 12857 Motion for Appeal of Denial of Leave to Amend (Aguda, Anderson, Acevedo, Abram) on **August 6, 2008 at 9:30 a.m. Mr. Stuart T. Barasch is required to attend in person. NO FURTHER BRIEFING WILL BE ENTERTAINED ON THESE MOTIONS.**

New Orleans, Louisiana, this  11th  day of July, 2008.

                              **STANWOOD R. DUVAL, JR.**
                          **UNITED STATES DISTRICT COURT JUDGE**