UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 |
| | * | |
| | * | |
| | * | SECTION "K"(2) |
| PERTAINS TO: | * | |
| SHAVERS-WHITTLE CONSTRUCTION, INC. | * | |
| V. FIREMAN'S FUND INSURANCE COMPANY | * | |
| NO. 06-CV-06968 | * | |
| | * | |

**************************************************

# DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Fireman's Fund Insurance Company ("FFIC"), respectfully submits this Memorandum in Support of its Motion for Entry of Final Judgment in this matter.

In its June 13, 2008, Post-*Sher* Case Management Order, this Court held that pursuant to *Sher v. Lafayette Insurance Company,* No. 07-C-2411, 2008 WL 928486, at * 6-7 (La. 4/8/08) and *In Re Katrina Canal Breaches Litigation,* 495 F.3rd 191, 214 (5th Cir. 2007), all claims asserted by plaintiffs in the above captioned litigation against any insurer defendant "alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage … are DISMISSED WITH PREJUDICE." *See* Document No. 13521 at p. 2. In addition, this Court ordered defendants to submit a motion for entry of final judgment of dismissal no later than July 14, 2008, in cases that would be fully disposed of by this dismissal.

In the instant case, only flood damage is at issue and thus entry of final judgment is warranted. The plaintiff alleges that the damaged property was located at Dakin Street near the 17th Street Canal. *See* Petition for Declaratory Judgment, Damages and Penalties attached as Exhibit "A" at par. 8. Plaintiff further alleges that on August 29, 2005, the 17th Street Canal Levee failed, allowing water to spread throughout Orleans and Jefferson Parish, including the area of the Dakin Street location, submerging the equipment at issue and resulting in loss or damage to the equipment. *Id.* at pars. 10-11. Plaintiff alleges that the loss or damage to the equipment at issue was caused by a number of factors including but not limited to, "storm surge, wind driven water, and the failure of the 17th Street Canal levee." *Id.* at par. 13.

While alleging that the damage to the equipment was caused by storm surge, wind driven water or the failure of the 17th Street Canal levee, without question, plaintiff alleges that the damages were caused by the equipment being submerged in water from the 17th Street Canal. *Id.* at pars. 18-22.

Plaintiff does not allege damage to equipment caused by wind but rather makes various allegations attempting to argue that flood damage is covered under the policy despite the flood exclusion contained in the policy. *See* Exhibit "B", Excerpts of FFIC policy no. MXI-97853973, Contractor's Equipment Form – 135154 01 83 (4) (f) at pages 2-3.[1] Specifically, the Contractor's Equipment form includes a "Perils Excluded" section, which provides as follows:

> This equipment policy does not insure against loss caused by or resulting from: …

---

[1] A certified copy of FFIC policy no. MXI-97853973 has been requested and the undersigned will move to supplement the record upon receipt.

>    f.  flood, meaning a general and temporary condition of partial or complete inundation of normally dry land areas from:  (1) the overflow of inland or tidal waters; (2) the rapid accumulation of runoff of surface waters from any source; or (3) mudslides which are caused or precipitated by accumulation of water on or under the ground,, unless fire or explosion ensues, …  This exclusion shall not apply to insured property in due course of transit.

*Id.*

Accordingly, in light of this Court's June 13, 2008 Order regarding the flood exclusion, dismissal and entry of final judgment in this matter, wherein the sole damage claimed is submersion of equipment in water, is warranted under FFIC's Contractor Equipment coverage that includes flood damage.

>    Respectfully Submitted,
>
>    **DUPLASS, ZWAIN, BOURGEOIS,
>    PFISTER & WEINSTOCK**
>
>    *s/Kelly Cambre Bogart*
>    _____
>    **KELLY CAMBRE BOGART (#22985)
>    C. MICHAEL PFISTER (#14317)
>    JAIME M. CAMBRE (#29116)**
>    Three Lakeway Center, Suite 2900
>    3838 N. Causeway Boulevard
>    Metairie, LA 70002
>    Tel.:   (504) 832-3700
>    Fax:   (504) 837-3119
>    kbogart@duplass.com
>    *ATTORNEYS FOR DEFENDANT,*
>    FIREMAN'S FUND INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th  day of July 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel by operation of the court's electronic filing system.

>    *S/Kelly Cambre Bogart*
>    _____
>    KELLY CAMBRE BOGART (#22985)