UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO: LEVEE/MRGO<br>*Bourgeois*, No. 06-5131<br>*Ferdinand*, No. 06-5132<br>*Christophe*, No. 06-5134<br>*Williams*, No. 06-5137<br>*Porter*, No. 06-5140 | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

### SUPPLEMENTAL MEMORANDUM OF DEFENDANT, BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

### Introduction

The Board of Commissioners of the Port of New Orleans ("Dock Board") recently filed a Motion for Judgment on the Pleadings to dismiss the remaining claims against it contained in the five actions captioned above (Doc. 13670). This motion was premised, in part, upon La. R.S. §9:2800(H)'s prohibition against the assertion of strict liability claims against public bodies, such as the Dock Board, for damages arising out of Hurricane Katrina. It has come to the attention of undersigned counsel, however, that the Louisiana Supreme Court

recently declared La. R.S. §9:2800(H) unconstitutional after determining that retroactive application of that statutory section would improperly operate to divest persons of rights that had vested prior to the statutory provision's effective date. See, Burmaster v. Plaquemines Parish Government, 982 So.2d 795, 806-12 (La. 2008). Accordingly, the Dock Board informs this Honorable Court of this decision of the Louisiana Supreme Court and withdraws its prior argument regarding La. R.S. §9:2800(H). Despite the foregoing, and as explained more fully below, other grounds support the granting of the Dock Board's motion.

1. **The Plaintiffs' claims against the Dock Board should be dismissed because they have failed to allege sufficient facts necessary to state a claim against the Dock Board under Louisiana law. Moreover, even if Plaintiffs had alleged sufficient facts their claims still fail as a matter of law because this Honorable Court has previously held that the Dock Board did not have garde over the floodwalls at issue.**

Plaintiffs in the above-captioned actions make the following allegations against the Dock Board:

> The flooding was proximately caused by the failure of the flood wall on the East [or West] Bank of the Industrial Canal or Inner Harbor Navigational Canal[1] [and the surge from MRGO.][2] ...
>
> The defendant Port had the care[,] custody[,] and control of the Industrial Canal having acquired the lands from the Ursulines and retaining an interest in same and is, accordingly, answerable for Plaintiffs['] damages under Civil Code Articles 2317 and 2317.1.[3]

---

[1] See, Doc. No. 8197 at ¶11a. (Bourgeois); Doc. No. 8198 at ¶14a. (Ferdinand); Doc. No. 8199 at ¶10a. (Christophe); Doc. No. 8200 at ¶10a. (Williams); Doc. 8202 at ¶10a. (Porter).
[2] This additional phrase is only contained in Doc. No. 8202 at ¶10a. (Porter).
[3] See, Doc. No. 8197 at ¶ 27e. (Bourgeois); Doc. No. 8198 at ¶ 64a. (Ferdinand); Doc. No. 8199 at ¶ 63 (Christophe); Doc. No. 8200 at ¶ 63 (Williams); Doc. 8202 at ¶ 63 (Porter).

In order to survive a Rule 12(c) motion for judgment on the pleadings, "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Guidry v. American Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007)(citing to and quoting from Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). In this regard, the Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Guidry, 512 F.3d at 180 (citing to and quoting from Bell Atl. Corp., 127 S.Ct. at 1965). Moreover, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S.Ct. at 1964-65 (citation and quotation marks omitted). Finally, in deciding a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp., 127 S.Ct. at 1965 (citation and quotation marks omitted).

As set forth above, Plaintiffs assert claims against the Dock Board under Louisiana Civil Code Articles 2317 and 2317.1. These articles read as follows:

> Art. 2317.    Acts of others and of things in custody
>
> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.[4]
>
> Art. 2317.1   Damage caused by ruin, vice, or defect in things

---

[4] See, La. C.C. Art. 2317.

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[5]

Because, the Dock Board is a public entity, the provisions of La. R.S. § 9:2800 are also implicated. Relevant portions of La. R.S. § 9:2800 state:

> § 2800. Limitation of liability for public bodies
>
> \* \* \*
>
> C. [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. …

See, La. R.S. § 9:2800 (C). Under Louisiana law, "[i]n order to prove public entity liability for a thing, a plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) that the defect created an unreasonable risk of harm; (3) that the public entity had actual or constructive knowledge of the defect; (4) that the public entity failed to take corrective measures within a reasonable time; and (5) causation." Craft v. Sewerage and Water Board of New Orleans, 874 So.2d 908, 912 (La.App.4Cir. 2004), writ denied, 882 So.2d 1134 (La. 2004).

---

[5] See, La. C.C. Art. 2317.1.

- 4 -

Examining the allegations contained in the Complaints and applying the foregoing law, it is readily apparent that Plaintiffs have failed to "plead enough facts to state a claim to relief that is plausible on its face." Guidry, 512 F.3d at 180. Specifically, Plaintiffs have alleged no facts showing that the Dock Board had custody or ownership of the floodwall in question. Nor have Plaintiffs alleged any facts regarding the Dock Board's knowledge of any defects in the floodwall or its failure to take corrective action to correct any such defects. Finally, the Plaintiffs do not allege that anything the Dock Board did or did not do was a cause of their alleged damages. Even if Plaintiffs had made such allegations, which is specifically denied, their claims against the Dock Board would still fail as a matter of law because the Dock Board, by law, has no duty or responsibility for the levees and flood control devices at issue, and, therefore, could not have had custody or *garde* over those things.

Under Louisiana law, "the person who has the garde of a thing is he who has the legal duty to prevent its vice or defect from harming another." King v. Louviere, 543 So.2d 1327, 1328 (La. 1989). As explained below, this Honorable Court in the Hurricane Katrina Levee Master Class Action has already determined that the Dock Board did not legally have *garde* over the levees and floodwalls at issue and has dismissed similar strict liability and negligence claims against the Dock Board. See, Order and Reasons (Doc. 8389).

In the Levee Master Class Action, before finding that the Levee Plaintiffs' claims against the Dock Board lacked merit, this Court characterized the Levee Plaintiffs' claims in the following manner:

> Plaintiffs allege fault on the part of the Dock Board with respect to the alleged levee and/or flood gate failures along the Inner Harbor Navigation Canal ("IHNC"). They claim that the IHNC levees and/or flood gates were within the *garde* of the Dock Board, that the Dock Board was negligent in its failure to insure the adequacy of the design composition, construction and maintenance of the IHNC levees and flood gates, and that the IHNC levees and floodgates contained vices and defects rendering the Board strictly liable pursuant to La. Civ. Code Arts. 2317 and 2317.1.

See, Order and Reasons at p. 1 (Doc. 8389). In ultimately dismissing the Dock Board from the Levee Master Class Action, this Court held that the Dock Board has no legal duty relative to the maintenance of the IHNC levees and floodgates because all such levee and flood control-related duties are, by law, owed exclusively by the Orleans Levee District:

> [T]he maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board. It is primarily the state's duty to protect citizens from damage by flood which is inherent within its police power. Such power, however, belongs to the state; the police power may be exercised by agencies of the state only under a delegation of authority. The state retains the right to recall, abrogate or modify the delegation. Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection.
>
> This delegation is manifested in La. Rev. Stat. 38:281(6) which provides that a levee district "means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits." In addition, La. Rev. Stat. 38:325(A)(1) and (2) mandate that levee boards engage in any activities related to flood protection and maintenance of levees. Finally, La. Rev. Stat. 38:307 provides that the Orleans Levee District "shall have full and exclusive right, jurisdiction, power, and authority" with respect to the levees. Thus, these claims [against the Dock Board] are without merit.

See, Order and Reasons at p. 2-3 (some citations and quotation marks omitted)( Doc. 8389). Moreover, because the Dock Board does not possess any duties or

- 6 -

responsibilities relative to levees, floodgates, or flood control, it also could not have had *garde* or custody over the levees and floodgates at issue. As stated by this Honorable Court in its recent Order and Reasons dismissing certain Hurricane Katrina claims against the S&WB:

> [T]he Plaintiffs cannot successfully aver that SWB has any garde over the flood water pump system. That duty is held by the Orleans Levee District alone. In a prior order by this Court, the Port of New Orleans was dismissed from this case because the allegations that the Port of New Orleans had custody over the levees was baseless; the Orleans Levee District clearly has custody over the levee system.

See, Order and Reasons at p. 7-8 (Doc. 13613). Without a requisite legal duty, the Dock Board simply cannot be held liable to Plaintiffs herein, as a matter of law.

## Conclusion

As set forth above, Plaintiffs' allegations against the Dock Board are legally defective because they have failed to plead sufficient facts to state a claim against the Dock Board under Louisiana law. Moreover, even if Plaintiffs had alleged sufficient facts, which is specifically denied, their claims still wholly lack merit because the Dock Board has no legal duties or responsibilities with respect to the flood control devices at issue, and, therefore, cannot be held liable to Plaintiffs herein, as a matter of law. Given the foregoing, it is respectfully requested that this Honorable Court grant the Dock Board's motion for judgment on the pleadings and dismiss the Plaintiffs' remaining claims against the Dock Board, with prejudice, each party to bear its own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
    J. FREDRICK KESSENICH (7354)
    JONATHAN H. SANDOZ (23928)
    MICHAEL W. MCMAHON (23987)
    JON A. VAN STEENIS (27122)
    KIRK N. AURANDT (25336)
    P. O. Box 5350
    Covington, Louisiana 70434-5350
    Telephone: 985/871-0800
    Facsimile: 985/871-0899
    Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 11th day of July, 2008.

/s/ Kirk N. Aurandt
KIRK N. AURANDT