UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

OPPOSITION TO MOTION FOR SANCTIONS

MAY IT PLEASE THE COURT:

In open court recently, Your Honor clearly told Mr. Aldock (who appears to have authored
the Motion for Sanctions) that seeking dismissal for alleged failure to comply with this Court's Order
compelling discovery would be highly unlikely and a waste of time. Apparently, Mr. Aldock
believes otherwise. The tone of Lafarge's motion portrays Lafarge as an angelic victim of the Barge
Plaintiffs as they and their attorneys thumb their noses at the Court's order compelling revisions and
supplementation of their prior discovery responses. [1]   Nothing could be farther from the truth.

---

[1]Plaintiffs note at the outset that Lafarge itself has yet to provide any formal, verified
pleadings or production in compliance with this Court's order compelling Lafarge to respond to
Plaintiffs' discovery.

1

Undersigned counsel have hired additional staff and mobilized much of their resources and attention to comply with the Court's order.[2]  Since Lafarge filed the Motion to Compel resulting in the Order upon which the present motion is said to be based, undersigned have Bates numbered everything, have correlated all documents with the particular requests to which they are tendered in response, and have provided to Lafarge no less than five supplemental discovery pleadings, along with file boxes of records and documents, and multiple compact discs containing photos, audio, video, text, graphics, webcontent and more.   Undersigned have done their utmost to comply, and Lafarge fails to appreciate this or to demonstrate otherwise.  Lafarge merely complains.  Lafarge knows, however, having been told countless times, that certain information or documents they seek simply do not exist yet.  Lafarge has seen, however, that once requested information and documents come into existence, they are promptly tendered as supplemental discovery responses.  Lafarge claims many discovery offenses, most of which they have not suffered.

## ARGUMENT

Lafarge's motion should be denied for several reasons: (1) failure to certify compliance with L.R. 37.1E; (2) failure to attempt resolution as per representations made to undersigned and relayed to the Court; (3) contravention of Judge Duval's order staying Parfait; (4) failure to identify any missing discovery responses as to any named plaintiffs who are clients of the undersigned; (5) because all named plaintiffs who have responded have tendered every bit of information and every shred of documentation presently in their possession, custody or control; (6) because the matters subject of discovery are, as Lafarge is well aware, in constant flux as the plaintiffs rebuild their lives; (7) because plaintiffs and undersigned have undertaken massive efforts to provide Lafarge with a

---

[2]Exhibits D and E.

steady stream of supplemental responses as facts become known or documents come into named plaintiffs' possession, custody or control; and (8) because, as Lafarge also knows, undersigned were not at the time of the original discovery requests in contractual privity with named plaintiffs whose lawsuits have only recently been referred to the undersigned by their original attorneys.  Barge Plaintiffs are not in violation of this Court's order, and are doing their best to provide Lafarge every discoverable bit of information Lafarge asked for.

### *Failure to Certify Compliance with L.R. 37.1E*

Undersigned told counsel for Lafarge that they failed to engage in a L.R. 37.1E conference and to include a L.R. 37.1E Certificate with their motion.  Lafarge took the position that their motion concerning Barge Plaintiffs' discovery responses is not a motion relative to discovery, and therefore not subject to L.R. 37.1E.  Lafarge is incorrect.  Local Rule 37.1E provides:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

In *Shadow Lake Management Co. v. Landmark Amer. Ins. Co.*, Civil Action Nos. 06-4357-HGB-SS c/w 06-4358, 06-4359, 06-4360, 06-4428 (E.D.La. 12-10-2007), Mag. Shushan held that the plaintiff's motion for sanctions and to enforce an order compelling discovery responses was subject to the requirements of L.R. 37.1E.  The opinion, in pertinent part, states:

> "Before the undersigned are the following motions: (1) the motion of the plaintiffs, Shadow Lake Management Company, Inc. (Shadow Lake") and five owners of

3

apartment buildings and condos, to compel a supplemental answer to plaintiffs' second set of interrogatories (Rec. doc. 99); (2) plaintiffs' motion to compel (Rec. doc. 101); (3) plaintiffs' motion to enforce court order (Rec. doc. 102); (4) the motion of the defendant, Landmark American Insurance Company ("Landmark"), to reconsider the order of October 31, 2007 granting plaintiffs' motion to compel (Rec. doc. 104); and (5) Landmark's motion to dismiss or continue plaintiffs' motions to compel (Rec. doc. 106)."

"7. Motion to enforce court order and compel production of documents (Rec. doc. 102).

On October 15, 2007, the plaintiffs filed a motion to compel. Rec. doc. 96. Landmark did not submit any opposition and, on October 31, 2007 the motion was granted as unopposed. Landmark was ordered to respond fully to plaintiffs' discovery within ten working days. All objections to the discovery, except those based on the attorney-client privilege and the work product doctrine, were deemed waived. Rec. doc. 98. Plaintiffs seek to enforce this order reporting that prior to the issuance of the order, on October 30, 2007, Landmark served a supplemental response to the discovery. The plaintiffs contend that these responses are deficient."

"If plaintiffs contend that there are any other deficiencies in Landmark's October 20, (sic) 2007 discovery response, they may file a motion to compel and request expedited consideration. *They shall comply with L.R. 37.1 before filing this motion*." (Emphasis added)[3]

In light of the Court's discretionary authority to enforce L.R. 37.1E by imposing sanctions, the sanction plaintiffs seek for Lafarge's failure to comply with the Local Rule is the striking, with prejudice, of Lafarge's Motion for Sanctions.

### *Failure to Attempt Resolution as per Representations Made to Undersigned and Relayed to the Court*

Defense counsel did not initiate L.R. 37.1E activities. Undersigned did, motivated in part by surprise that Lafarge moved for dismissal as a sanction on the heels of Your Honor's advice that Lafarge forgo such an endeavor. Undersigned contacted defense cousnel Derek Walker, and

---

[3]Mag. Shushan denied plaintiffs' motion for sanctions.

explained - as has been the case so many times in the past - that undersigned has contractual privity with and control over their named plaintiffs, but not those who retained other attorneys. Undersigned explained for perhaps the twentieth time that because the Barge destroyed everyone's homes and documents, caused the plaintiffs to relocate, to lose their jobs and lives here, and that because of the evolving nature of the plaintiffs' damages, discovery responses would be (and have been!) regularly supplemented as information and documents become available. As a result, Lafarge has received a steady stream of massive quantities of information on compact disc, DVD, and in paper form. Lafarge still continues to complain, however, despite undersigned's intensive and successful efforts to fulfill all Bates numbering and response designation requirements, and despite counsel for Lafarge having received just recently another gargantuan supplemental response from original named plaintiff-clients of the undersigned, as well as those recently referred by The Cochran Firm and Jeffrey Greenberg (*Lagarde* and *Perry* plaintiffs), and a few of the *Benoit* plaintiffs who are not even clients of the undersigned.

Seeming to understand all of the above, counsel for Lafarge agreed to continue hearing of this matter to July 23, 2008, under the rational supposition and assurance by undersigned that the latest discovery supplement (Exhibits A, B and C, provided to Lafarge on July 7, 2008) would cure most, if not all, of Lafarge's myriad complaints. Undersigned informed the Court of the parties' intention to attempt resolution of Lafarge's complaint. At least as to plaintiffs with whom undersigned have contractual privity or access through their attorneys, undersigned have supplied the promised resolution. Most of Lafarge's complaints are moot. However, despite repeated inquiry as to the status of Lafarge's Motion for Sanctions after the July 7, 2008 supplementation,, Lafarge has consistently failed to respond. Therefore, even though the latest supplementation cures Lafarge's

complaints, Lafarge's failure to acknowledge this forces undersigned to file this Opposition, which is an aggravating and needless waste of undersigned's and the Court's time and resources.

### Contravention of Judge Duval's Order Staying Parfait

As Lafarge is aware, a handful of named plaintiffs in *Parfait* also signed retainers with the undersigned. As these persons are identified, complete discovery responses are promptly provided. Lafarge has all received all information known by these persons, and all requested materials in their present custody, control or possession. However, Lafarge moves also against the remainder of the multitude named by Mr. O'Dwyer in various *Parfait* iterations. This is contrary to Judge Duval's Order of June 13, 2008 (Record Doc. 13525) statistically closing and staying proceedings in *Parfait* and other suits by Mr. O'Dwyer (Suits Nos. 05-4181, 06-1885, 06-4024, 06-4389, 06-5771, 06-5786, 06-6099, 07-206, 07-3500, 07-3612, 07-5023, 07-5040, 06-1850). Judge Duval made clear in denying the City of New Orleans' motion to dismiss (denial, Record Doc. 13672, June 30, 2008) that not only is Mr. O'Dwyer prevented from prosecuting his cases, but that his opponents are also stayed from taking actions against the plaintiffs in those matters. Lafarge file the present Motion for Sanctions on June 17, 2008, after Judge Duval stayed Mr. O'Dwyer's suits, in clear contravention of and contempt for Judge Duval's Order.

### Failure to Identify Any Missing Discovery Responses
### as to Any Named Plaintiffs Who Are Clients of the Undersigned

Because it is Lafarge that moves for sanctions, it is Lafarge's burden to prove named plaintiffs' failure to comply with this Court's order or with any law governing discovery. Lafarge fails to offer any proof other than conclusory, *ipse dixit* assertions in this regard. Lafarge attaches as exhibits to its motion the named Barge Plaintiffs' second to last supplemental discovery

responses. These responses demonstrate the reverse of what Lafarge contends! Named plaintiffs providing responses have complied in every respect with this Court's order! Please see Exhibits A, B, and C attached hereto, which are named Barge Plaintiffs' most recent supplemental discovery responses.

**Bodily Injuries**

Lafarge complains that named plaintiffs have not provided discovery responses with respect to personal injury claims. This is a "red herring." Lafarge knows that personal injuries other than emotional damages were not at issued when Lafarge propounded discovery, when responses were tendered, when Lafarge filed its Motion to Compel, or when this Court partially granted said motion. Lafarge has seen the Barge Plaintiffs Motion to Certify Class and ***knows*** that classwide bodily injuries are not part of the class action sought to be tried.[4] Lafarge knows that until this Court held the conference at which Mr. Aldock was advised to desist from efforts to obtain dismissal for Lafarge's discovery-related complaints, these suits were proceeding as a putative class action in which only classwide damages were sought. This did not include bodily injuries. Lafarge complains now that named plaintiffs are noncompliant when bodily injuries were not at issue until this Court's announcement of Judge Duval's intention to hold individual trials in July 2009. Lafarge cannot honestly claim to have standing to complain about not having proof of bodily injuries when they were not at issue at any time pertinent to events purportedly underlying Lafarge's motion for sanctions. Named plaintiffs pursuing individual claims for bodily injuries will provide such proof as soon as it becomes available, which Lafarge has been told repeatedly. Discovery does not close

---

[4]As for the death cases, surely Lafarge is aware that there are no medical records or bills relevant to events whereby people were trapped in their attic and drowned, or became dehydrated and fell from their roofs and drowned, or who could not swim and drowned.

until March 2009.  Lafarge has no ground for complaint about proof of bodily injuries.

**Documents Concerning Accounts of the Barge Scraping or Knocking**

The documents Lafarge attempted to conceal - the written transcripts of Centanni's surreptitious telephone interviews - are responsive to Lafarge's request for documents concerning the barge scraping or knocking against the floodwall.  Dozens of persons with whom Lafarge initiated *ex parte* contact told Centanni and his employees of the barge sounds.  Lafarge has audio and written copies of an interview of Arthur Murph conducted by The Cochran Firm in which Mr. Murph describes sounds of the barge against the floodwall, and participated in the deposition of Mr. Murph concerning these observations.[5]  Lafarge has conducted the depositions of Lower Ninth Ward residents Terry Adams, D'Antoinette Johnson, Wilson Simmons, Ronald McGill, Daniel Weber, Kendrick Pounds, Earl Lackings, Andrew Sartin, Ernest Offray, Sidney Williams, Delores St. Cyr-Butler, Dakeia Johnson, Damon Peters, Patrina Peters, and Sewerage and Water Board Pump Operator William Villavasso, all of whom have testified about the sound of the barge knocking, scraping or crashing against the floodwall.  Lafarge has been provided a video of Joseph Edwards describing the sounds of the barge against the floodwall, which he thought were sounds of the government blowing up the levee.  Lafarge has been provided Answers to Interrogatories and Witness Lists describing the anticipated testimony of all persons known to have heard the sounds of the barge.  Lafarge has even been provided a video of UC- Berkley Professor Robert Bea stating

---

[5]Lafarge has complained at times that Mr. Murph's statement is redacted.  This was done by The Cochran Firm in respect of the confidentiality agreement Lafarge forced upon Mr. Murph, and which Lafarge will not waive despite the agreement's own terms that waiver will not be unreasonably withheld.  Plaintiffs cannot obtain an un-redacted copy unless Lafarge stands behind its statement in the settlement documents that waiver of confidentiality will not be unreasonably denied.

that the barge collided with and caused the eastern Industrial Canal Floodwall to breach - which, as anyone can imagine, would make quite a sound. As any new evidence or accounts come to light, they will be provided, as has been the case all along. Yet Lafarge seeks to strike any proof of the sounds of the barge against the floodwall because of false claims that they have not received documents describing these sounds. The claim of deprivation, and relief sought, are utterly fantastic and exaggerated, as Lafarge has received every shred of information and documentation known to the named plaintiffs, or in their possession, custody and control, and has not been prejudiced in any way whatsoever. Rather, Lafarge's complaint about proof of barge sounds arises only because Lafarge is so acutely aware of such proof, and wants to keep it from the trier of fact.

### Class Representatives' Proof

Rico Sutton:

Lafarge knows that Mr. Sutton operated his trucking business from his home. Lafarge knows that Mr. Sutton lived mere steps away from the southern breach. Lafarge has been told countless times that his home, his truck, and all of his business records were destroyed because of the barge that Lafarge allowed to break away from their facility. Yet, although Mr. Sutton's company has been clearly identified in the Sixth Supplemental Complaint in Mumford, and in the Barge Plaintiffs' Motion to Certify Class, as "Big Shot Trucking," Lafarge complains about not having proof of the company's existence, despite public documents pertaining to Big Shot, LLC available at http://www400.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=35989023K at any time Lafarge cared to look. Lafarge has received from undersigned Mr. Sutton's tax returns, a copy of the Secretary of State's Detailed Record, and has been free to depose Mr. Sutton at any time, but has not made any effort to do so. Lafarge is prejudiced only if its attorneys want it to be.

9

### *Evolving Proof*

Ethel Mumford, Jimmie Harris, and Herman Koch:

As undersigned have explained again and again to Lafarge, proof concerning property damage, costs of repair, restoration and remediation, and the like, are only available to the extent that the named plaintiffs (or class representatives) have the financial ability to make repairs at all. Many named plaintiffs have no property to repair, as their houses were washed entirely from their foundations when the barge broke the floodwall. Many houses were demolished by the City of New Orleans before evacuees could return. Many persons have begun repairs, and Lafarge knows that it has been provided pertinent documents as they come into existence. Lafarge also already has ownership records for properties still owned by named plaintiffs, that is, those not tendered to insurers or Road Home. Lafarge likewise has all documents in named plaintiffs' and class representatives' possession, custody or control showing income losses due to destruction of rental property, including leases, tax returns, and all other proof of these losses.

### *Nothing Has Been Withheld*.

Lafarge seeks to strike Ms. Mumford, Mr. Sutton and Mr. Koch as class representatives. Whether this is suggested as a form of sanction for supposedly failing to provide responses, or pursuant to some aspect of Fed. R. Civ. P. 23 which Lafarge does not express in its motion, such relief is improper. In fact, the absence of documents due to flooding, due to total loss of the property, due to loss of papers in the flood, and due to financial inability to engage in the activities out of which such documents will arise, is common and typical throughout the putative class, and in no way reflects any tendency to withhold such proof or disregard obligations to respond to discovery. Again, Lafarge has been and will continue to be provided all responsive materials in

10

plaintiffs' custody, control and possession as they come into existence. Lafarge just received from Mr. Harris and Mr. Koch, and from the *Perry* and *Lagarde* Plaintiffs, through undersigned, a large box of such proof, and CD's containing additional proof, but has not informed the Court of this fact. As has already been stated to both the Court and to Larfarge, no named plaintiffs who have responded are withholding anything from discovery. There is no reason to withhold anything, yet and every reason to demonstrate to Lafarge the horrors that its negligence has wrought upon the lives of the Barge Plaintiffs. ***Again, everything that presently exists has been Bates numbered, correlated with particular requests, and provided to Lafarge!*** Lafarge continues to receive supplemental discovery responses, but neglects to tell the Court.

### *Undersigned Lack Contractual Privity With Nonresponding Named Plaintiffs.*

Mr. Aldock seeks to lay responsibility for every named Barge Plaintiff's discovery responses at the feet of undersigned, but undersigned know of no principle of contract law that affords any credibility to Mr. Aldock's argument. Undersigned filed suit on behalf of the *Mumford* Plaintiffs, who are the proposed class representatives. Undersigned were later referred the *Boutte* lawsuit, and its three plaintiffs. More recently, undersigned were referred the *Lagarde* and *Perry* matters, and named plaintiffs therein. On several occasions, undersigned have discovered or been told that persons named in *Parfait* also retained undersigned directly. All of the foregoing persons have responded through undersigned, fully in accord with this Court's order, providing all known information, and all proof currently in their possession, custody or control, Bates numbered, and identified so as to correspond with particular requests.

Undersigned have no contracts with any of the *Benoit* plaintiffs. Counsel for *Benoit* plaintiffs has been cooperative, and undersigned has provided to Lafarge all responses of those named *Benoit*

plaintiffs who have responded at all...everything in their possession, custody or control, Bates numbered, and correlated with particular requests.  Undersigned have or know of no contractual privity with any other persons, including other *Parfait* plaintiffs whose causes are stayed and are therefore not subject to Lafarge's motion.  There is no consolidated master complaint in this matter, as such as been expressly decided against by Judge Duval, and therefore, other than generalized protection and prosecution of their rights as putative class members, undersigned have no specific duty or ability to obtain discovery responses from non-contract plaintiffs.  To the extent that sanctions are warranted against any named plaintiffs with whom undersigned are not in privity of contract, those persons' respective attorneys will have to answer for their clients' shortcomings. Undersigned cannot.

<u>**CONCLUSION**</u>

For the foregoing reasons, Barge Plaintiff pray that the Court strike with prejudice and/or deny Lafarge North America's Motion for Sanctions.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

12

/s/ Lawrence D. Wiedemann,

Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
k a r l @ w i e d e m a n n l a w . c o m ,
karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
        Telephone: 504-834-0646
        e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159

e-mail:   lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

_____     /s/ Alan L. Fuchsberg
_____     Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
                    Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
                    The Jacob D. Fuchsberg Law Firm
                    500 Fifth Avenue
                    45th Floor
                    New York, NY 10110-0002
                    Telephone: 212-869-3500 ext. 235
                    Facsimile:  212-398-1532
                    e-m a i l :   a . f u c h s b e r g @ f u c h s b e r g . c o m ,
l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 14th day of July, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT