# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## BARGE PLAINTIFFS' JULY 3, 2008 SUPPLEMENTAL, AMENDED AND SUPERCEDING SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY BARGE ENTITIES

**NOW COME** plaintiffs, through the Barge Plaintiffs' Subgroup Litigation Committee, who supplement as follows their original Answers to Interrogatories as follows. Undersigned reserve the right to supplement, and will continue to do so as information is obtained.

## GENERAL OBJECTIONS

1.   Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Requests in a manner sufficient to comply with their obligations as stated therein.

2.   Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in

writing with a full statement of the particulars.

3.     Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

4.     Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

6.     Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

7.     Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

8.     Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

9.     Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

10.    These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

Ethel Mae Coleman Mumford
Josephine Long Richardson
Jimmie Donnell Harris
Kismit Bourgere
Michael Joseph Riche
Jacob Robert "Bob" Glaser
Dianne Glaser
Herman Koch
Aida Koch
Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

Marie Short Benoit
Henry Adams
Gwendolyn Adams
John Alford
Jerry Alford
Michael Watts
Robert Green, Sr.
Jonathan Green
David Green, individually and as the representative of the Estate of Joyce H.
    Green
Everidge Green, individually and as representative of the Estate of Shanai
    Green, as as the natural tutor of Shaniya Green and Shamiya Green
Hyman Sheppard
Earl Matthew Daniels, Sr.
Joyce B. Matthews
Mildred Delores Dean
Ethel Leon
Karen Leon
Joyce Daniels
Myrna Daniels, in her individual capacity and as natural tutrix of Keina
    Daniels
Tom Browder
Albertine Browder
Gaynell Browder
Blair Boutte

Doris Shanks
Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

Answers reflect the best information known to Plaintiffs. Plaintiffs aver that these answers are true and correct to the best of their knowledge and belief.

Undersigned counsel represent named plaintiffs in Mumford, Boutte, Lagarde and Perry. Undersigned also represent named Parfait plaintiffs Kevin McFarland, Melba Gibson and Daniel Webber. Undersigned only recently became aware of a pleading in Parfait, though admittedly available prior to such awareness, naming Daniel Webber as a plaintiff in that action. Undersigned do not represent anyone named in the Benoit matter. It is undersigned's position that in absence of a consolidated master complaint and in absence of an order having the effect of creating an obligation on the part of undersigned to assume direct contact with client of other attorneys for the purposes of providing discovery responses, undersigned lack authority or obligation to provide responses on behalf of persons who have not retained undersigned directly. However, to the extent that counsel for Benoit plaintiffs have tendered responses on behalf of their clients, such responses are included herein, but without assumption by undersigned of obligations or authority they do not have. Further, it is undersigned's position that in light of the Court's orders in Record Documents 13525 and 13672, both discovery and discovery motions practice are stayed as to all remaining named Parfait plaintiffs.

**INTERROGATORY NO. 1:**

Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:**

1. Marie Short Benoit
2. Henry Adams
3. Gwendolyn Adams
4. Robert Green, Sr.
5. Jonathon Green
6. David Green, individually and as the representative of the Estate of Joyce H. Green
7. Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
8. Hyman Sheppard
9. Earl Matthew Daniels, Sr.
10. Joyce Daniels
11. Mildred Delores Dean
12. Ethel Leon
13. Karen Leon
14. Ethel Mumford
15. Michael Riche
16. Kismit Bourgere
17. Rico Terrence Sutton
18. Jimmie Harris
19. Bob and Dianne Glaser
20. Herman and Aida Koch
21. Josephine Richardson
22. Blair L. Boutte
23. Marenthia Lagarde
24. Michael Lagarde
25. Donald Pritchett
26. Melba Gibson
27. Kevin McFarland
28. Herbert and Mary Warren
29. JoAnn Warren Howard
30. Terry Adams (client of undersigned)
31. Christopher Weaver (client of undersigned)
32. Ronald McGill (client of undersigned)
33. Wilson Simmons (client of undersigned)
34. Arthur Murph (putative class member, depending upon nature of settlement with LNA)

35. Maj. Pete Tufaro (putative class member)
36. Sal Gutierrez (putative class member)
37. James Ruiz (client of undersigned)
38. Sally Jones (client of undersigned)
39. James Reed
40. John and Jerry Alford
41. Jimmie and Nellie Perry
42. Jocelyn C. Moses
43. Anthony Dunn
44. Jocelyn Carter

Undersigned counsel and staff assisted the above named persons in the preparation of the written answers to interrogatories, responses to request for production and request for admissions.

**INTERROGATORY NO. 2:**

Provide the name and, if known, the address and telephone number of each person (other than the individual plaintiffs themselves) who is likely to have discoverable information that plaintiffs may use to support their claim that the Barge ING 4727 caused damage to any plaintiff or member of the proposed class in this action.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

1.      Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.      Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.      Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of

hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;  Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.     Lafarge North America, through designated 30(b)(6) representative(s)

5.     Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

6.     A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.     Annette Gaskin, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.     Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

9.     Louis Robin - 5913 N. Oak Street, Marrerro, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition.

10.     Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.     David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.     Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.     Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in

deposition and/or trial of limitation action.

14.     Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.     Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.     Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

17.     Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.     David Williams-  any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.     Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.     Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

21.     Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.     Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.     Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.     Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.     Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.     Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.     Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.      Richard C. Heck - 611 Savannah Millard Road, Poplarville, MS 39470, any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

29.      Ethel Mae Coleman Mumford - 1423 Feliciana Street, New Orleans, Louisiana 70117,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

30.      Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

31.      Kismit Bourgere - 794 13th Street, Plano, Texas 75074, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

32.      Rico Terrence Sutton - 30600 Range Ave., Apt. 505, Denham Springs, LA 70726,  c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

33.      Jimmie Harris - 790 Bateswood Drive, Apt. 24, Houston, Texas 77282 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

34.      Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

35.      Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

36.      Josephine Richardson -  9696 Hayne Boulevard, Apt. 13, New Orleans, Louisiana 70127, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, death of her husband, emotional damages due to all of the foregoing.

37.      Terry Adams - 2165 Carol Sue,  Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all

of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

38.     Christopher Weaver - 7500 Stonewood St New Orleans, LA 70128  c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

39.     Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion."

40.     Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of "boom" or "explosion."

41.     William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) within class area. To testify that ING 4727 caused north breach and consequent flooding.

42.     Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

43.     Daniel Webber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

44.     Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, and/or for rebuttal or impeachment.

45.     Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and

105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

46.      Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall. Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation. May be called also to corroborate storm accounts of Arthur Murph.

47.      New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

48.      New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.      Harry Holaday, 1100 Poydras St., NOLA - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or

maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.     G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

51.     Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding.  Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road.  Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

52.     Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

53.     James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

54.     Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Her employment status is unknown at present.

55.   Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house. Mr. Reed is a shop manager at Cadillac of Metairie.

56.   Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Cornwall will testify that on the morning of August 29, 2005, he saw a wall of water coming from the Industrial Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

57.   Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

58.   Kendrick Pounds to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

59.   D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

60.   Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

61.   Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

62.   Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and

displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

63.     Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

64.     Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

65.     Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

66.     Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

67.     Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

68.     Henry "Junior" Rodriquez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

69.     Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

70.     Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

71.     Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC

floodwall breaches and/or nature, causes, sources and extent of flooding.

72.    Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING 4727, mooring ropes, and the Lafarge France Road facility.

73.    Lt. Cmdr. Donald J. Green, USCG (Ret.)

K-Don Marine Consulting

8876 Gulf Freeway, Ste. 120

Houston, TX 77017

http://www.kdoncorp.com/consulting/

Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe operating practices, mooring, maritime hurricane precautions, to testify concerning negligence and unseaworthiness causing breakaway of ING 4727;

74.    Ray Helmer, P.E,

Helmer Engineering, Inc.

9314 Bankside

Houston, TX 77031

http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

75.    Hector V. Pazos, P.E.

Ocean-Oil International Corp.

P.O. Box 47188

St. Petersburg, FL 33743

http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

76.   Michael M. Bernitsas, Ph.D

215 NA&ME Bldg.

University of Michigan

2600 Draper Road, Ann Arbor,

Michigan 48109-2145

Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

77.    Robert Bartlett, P.E.

Bartlett Engineering

2617 Edenborn Ave., Ste. D

Metairie, LA 70002

http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.


78.    Mr. Melvin Spinks, P.E. and staff

CivilTech Engineering, Inc.

11821 Telge Road

Cyprus, TX 77429

http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

79.   Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.

Marino Engineering Associates, Inc.
1101 E. Colorado Avenue
Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

80.     Jocelyn Moses - 111 North 13th Street, Thibodaux, LA 70301, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom(s)" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

81.     Anthony Dunn - 111 North 13th Street, Thibodaux, LA 70301, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom(s)" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

82.     Jocelyn Carter - 110 Lambson Lane, Newcastle, DE 19720 - ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

83.     Jimmie and Nellie Perry - Austerlitz, New Orleans, LA 70115 ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, and emotional damages due to all of the foregoing.

84.     John and Jerry Alford - 1827 East Homestead Street, New Orleans, LA 70114 ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

85.     Dr. Richard Weisler, MD, -700 Spring Forest Road, Suite 125, Raleigh, NC, 27609

Past, current and ongoing physical or emotional distress arising from the flooding in the Lower Ninth Ward and the portion of St. Bernard Parish within the proposed class area.

**INTERROGATORY NO. 5:**

        Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

Plaintiffs will submit their witness lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Please see Answers Nos. 2 and 4, above, and Witness List filed November 20, 2007, and every 20th day of every month thereafter until final witness lists are required.

John and Jerry Alford c/o BARGE PSLC

Jimmie and Nellie Perry c/o BARGE PSLC

Jocelyn Moses c/o BARGE PSLC

Anthony Dunn c/o BARGE PSLC

Jocelyn Carter c/o BARGE PSLC

## INTERROGATORY NO. 10:

Identify every other person, if any, who claims to have seen or heard the barge make contact with the IHNC floodwall, pass from the canal side of the floodwall to the residential side of the wall, or cause one or more breaches of the floodwall, and state the date and means by which plaintiffs' counsel or representatives learned the substance of each person's account.

## ANSWER TO INTERROGATORY NO. 10:

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine insofar as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account." Subject to said objections and without waiving same, Plaintiffs respond as follows:

1.   **Jocelyn C. Moses -** 1723 Jourdan Avenue - interview of June, 2008

2.   **Anthony Dunn** -1723 Jourdan Avenue - interview of June, 2008

## INTERROGATORY NO. 12:

State the whereabouts/physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005.  Provide street address(es) or other similar information.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:**

**Doris Shanks** was riding to Texas on August 28, 2005, arrived at the Studio 6 Hotel in Houston on August 29, 2005, and remained there on August 30, 2005.

**Earl Daniels** and **Joyce B. Daniels** left their home on August 28, 2005 and ended up in an evacuation center in Natchez, LA. Neither one of them can remember the address of the center. When they left the center they went to stay with a nephew in Atlanta, GA.

**David Green** is the administrator of the estate of Joyce H. Green. He was in Nashville, Tennessee at all times referred to in the interrogatory. His address is 7904 Boone Trace, Nashville, TN 37221.

**John Alford, Jr** and **Jerry Alford** were in the Hotel St. Marie on August 28, 2005 until 4:00 p.m. After evacuation from the city they drove to Jerry Alford's parent's home at 45 Otis Lane, Columbia, MS 39483.

**Jimmie Perry and Nellie Perry** were in the Veteran's Administration Hospital in New Orleans from August 28, 2005 to August 30, 2005 when they evacuated the city and drove to Alexandria, Louisiana, Veteran's Administration Hospital.

**Jocelyn C. Moses** was located in her home (rental) at 1723 Jourdan Avenue during Katrina. She remained there until she was rescued from the roof, five days later and taken to the Morial Convention Center.

**Anthony Dunn** was located in his home (rental) at 1723 Jourdan Avenue during Katrina. He remained there until he was rescued from the roof five days later and taken to the Morial Convention Center.

**Jocelyn Carter** was in New Orleans, LA at the home of her cousin, Arnel Carter. She then evacuated to North Broad Bridge and then to the Superdome and later evacuated to Houston, Texas.

**INTERROGATORY NO. 13:**

As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:**

_____To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**John Alford, Jr.**

No

**Jerry Alford**

No

**Jimmie Perry**

No

**Nellie Perry**
No

**Jocelyn Moses**

Yes

**Anthony Dunn**

Yes

**Jocelyn Carter**

No

## INTERROGATORY NO. 18:

For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish?  If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:

Plaintiff, **Marenthia Lagarde** received several calls on August 28, 2005. At present she recalls only that from her cousin, Eldridge Nelson, at around 9:00 a.m., to discuss her evacuation. His telephone number is (512)835-9059.

**John Alford, Jr.** and **Jerry Alford** made no calls from the Ninth Ward.

**Jimme Perry and Nellie Perry** made no calls from the Ninth Ward.

**Jocelyn Moses** made several calls from her cell phone to her daughters Fanta, Jocelyn and Ruby Carter in New Orleans. And, she made several calls to 911 . She does not recall the telephone numbers.

**Anthony Dunn** made several calls to Fanta, Jocelyn and Ruby Carter and to 911 from his cell phone. He does not recall the numbers.

**Jocelyn Carter** spoke to her mother Jocelyn Moses in the Ninth Ward on one occasion and later could not get through.


## INTERROGATORY NO. 23:

Do you contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge)?  If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.


## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 23:

Yes, Plaintiffs contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge).  The event and/or its effects were witnessed by the following:

1.   William Villavasso - Sewerage and Water Board of N.O - Station 05  - Intersection of Surecoat Dr. and Florida Ave. - 2007 interview and 2008 deposition - saw barge cause northern breach, and subsequent flooding;

2.   Wallace Rainey c/o counsel for SWB - saw flooding subsequent to barge causing northern breach;

3.   Richard Reiss c/or consel for SWB saw flooding subsequent to barge causing northern breach;

4.   Christopher Weaver - client 2006 interview saw flooding subsequent to barge causing northern breach;

5.    Antonio Guy - saw flooding subsequent to barge causing northern breach;

6.   Gloria Guy - saw flooding subsequent to barge causing northern breach;

7.   Sidney Williams, saw flooding subsequent to barge causing northern breach;

8.   Delores St. Cyr-Butler, saw flooding subsequent to barge causing northern breach;

9.   Carolyn Berryhill saw flooding subsequent to barge causing northern breach;

10.    Clarence Sartin saw flooding subsequent to barge causing northern breach;

11.     Kendrick Pounds saw flooding subsequent to barge causing northern breach;

12.     Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

13.     Sidney Williams, formerly of, 1720 Tennessee St saw flooding subsequent to barge causing northern breach;

14.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., saw flooding subsequent to barge causing northern breach;

15.     Andrew Sartin c/o Barge PSLC saw flooding subsequent to barge causing northern breach;

16.     Damon Peters c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

17.     Patrina Peters c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

18.     Dakeia Johnson c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

19.     Earl Lackings c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;


Further, plaintiffs' experts express the opinion that ING 4727 caused the north breach. Plaintiffs and their expert disagree with theories attributing the IHNC floodwall breaches to causes other than the barge - because, among other reasons - eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

The IPET represents that the barge, if it allided with the floodwall, breached it. Plaintiffs and their expert agree with this conclusion. The IPET and R. Lee Wooten stated that the barge could have broken the floodwall.

See Also Group A, Phase I & II Benchbooks which are in Defendant's possession.

Finally, photos of ING 4727 and the remnants of the Industrial Canal floodwall evidence the violent allision between ING 4727 and the IHNC retaining wall. See Plaintiffs' Supplemental, Amended and Superceding Responses to Request for Production, Bates Numbers: **PSLC 000052-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.** See also documents

produced by Sewerage and Water Board deposited at Docusource: **SWB-ED-F0013-021756 to SWB-ED-F0054-21892, SWB-ED-M0001-000147 to 153, SWB-ED-M0001-000139 to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**


## INTERROGATORY NO. 24:

Do you deny that the actions or inactions of the United States Government, including the Army Corps of Engineers, caused or substantially contributed to the flooding in the Lower Ninth Ward and St. Bernard Parish?  If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.


## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 24:

Yes, plaintiffs deny the matters subject of the Interrogatory, based upon first-hand accounts that ING 4727 caused the breach and subsequent flooding of the proposed class geography.

Based on the eyewitness accounts coupled with accounts of an explosive sounds heard immediately preceding a violent surge of water, Plaintiffs believe that it was said breach which caused the flooding in the lower ninth ward and St. Bernard Parish.

Further, plaintiffs' experts identified below express the opinion that  ING 4727 caused the north breach.

Ray Helmer, P.E,
Helmer Engineering, Inc.
9314 Bankside
Houston, TX 77031
http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

Hector V. Pazos, P.E.

Ocean-Oil International Corp.
P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

Michael M. Bernitsas, Ph.D
215 NA&ME Bldg.
University of Michigan
2600 Draper Road, Ann Arbor,
Michigan 48109-2145

Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

Robert Bartlett, P.E.
Bartlett Engineering
2617 Edenborn Ave., Ste. D
Metairie, LA 70002
http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

Mr. Melvin Spinks, P.E. and staff
CivilTech Engineering, Inc.
11821 Telge Road
Cyprus, TX 77429
http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
Marino Engineering Associates, Inc.
1101 E. Colorado Avenue
Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

See also the expert report of R. Lee Wooten at **PSLC 000120-000214** and the deposition of

R. Lee Wooten.

See photos produced at: **PSLC 000083-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.**

See also documents produced by Sewerage and Water Board deposited at Docusource: **SWB-ED-F0013-021756 to SWB-ED-F0054-21892, SWB-ED-M0001-000147 to 153, SWB-ED-M0001-000139 to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**

See also depositions of Kendrick Pounds, Dakeia Johnson, Delores St.Cyr-Butler, Andrew Sartin, Ronald Williams, Wilson Simmons, Ernest Offray, Patrina Peters, Damon Peters, Terry Adams, William Villavasso, D'Antoinette Johnson, Carolyn Berryhill, James Ruiz, James Reed, Sal Gutierrez, Henry "Junior" Rodriguez, Sally Jones.

See also video of Robert Bea stating that ING 4727 caused the INHC floodwall to breach, and that the protection system otherwise performed admirably. See http://webcast.berkeley.edu:8080/ramgen/events/publicaffairs/bea.rm.

In addition, please see the above response to Interrogatory No. 23 , which identifies witnesses to support this answer.


**<u>INTERROGATORY NO. 26:</u>**

For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 26:

**Doris Shanks** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Donald Pritchett** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of movable property;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**John Alford, Jr.** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Jerry Alford** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*

*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Jimmie Perry** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Nellie Perry** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Jocelyn Moses** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to immovable and movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Anthony Dunn** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*

*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of immovable and movable property;*
*Diminution of property values;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Jocelyn Carter** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of movable property;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*


## INTERROGATORY NO. 29:

For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina?  If so, state the date of the claim, the present status of the claim, and any amounts received.


## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:

Plaintiffs object to this request as overbroad, vague, compound, and not likely to lead to the discovery of admissible evidence.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**Ethel Mae Mumford:**

1.  Plaintiff, Ethel Mae Mumford, submitted a claim to Fidelity National Insurance for flooding at the property located at 4829 Burgundy Street on/or about December 12, 2005, she received $125,000.00 for the building and $50,000.00 for the loss of personal property/contents.

2.  Plaintiff, Ethel Mae Mumford, submitted a claim to the Road Home.  On or

about January, 2007, she received $50,000.00.

3.  Plaintiff, Ethel Mae Mumford, submitted a claim to the SBA.  On or about May, 2007, she received a loan in the amount of $70,000.00.

4.  Plaintiff, Ethel Mae Mumford, submitted a claim to FEMA.  On or about December 6, 2005, she received $4,300.00.

5.  Plaintiff, Ethel Mae Mumford, received approximately $300.00 from the Red Cross in December, 2005.

**John Alford, Jr. and Jerry Alford:**

1. SBA Disaster Loan on or about October 26, 2006 to replace damaged personal property.

2. Road Home in the amount of $120,000.00.

3. FEMA claim $2,000.00 initial grant and subsequent supplement of $2,820.00.

4.  Little Rock missionary Baptist congregation members $25.00

5. Homeowner's insurance from Balboa Insurance Group in the amount of $27,796.00.

**Jimmie Perry and Nellie Perry:**

1. SBA Disaster Loan in the amount of $423,000.00

2. FEMA claim $2,000.00 initial grant and subsequent supplement of $2,820.00.

3. Flood Insurance for 1710 Deslonde Street in the amount of $84,500.00 from Imperial Fire and  Casualty.

4. Homeowners insurance for the property at 1617 Alabo Street in the amount of $10,655.00.

5. Red Cross, $250.00.

6. Jimmie and Nellie Perry submitted a claim to the Road Home but were denied.

**Jocelyn Moses**:

1. FEMA claim $2,000.00 initial grant and subsequent supplement of $2,300.00.

2. Applied for an SBA Disaster Loan but was denied.

3. Got an initial grant from the Red Cross for $100 and she believes she got a subsequent payment of $1,500.00 but she is not sure.

**Anthony Dunn:**

1. FEMA claim $2,000.00 initial grant.

2. $100 from the Red Cross.

3. Applied for an SBA Disaster Loan but was denied.

**Jocelyn Carter:**

1. FEMA Claim, $2,000.00 initial grant and the subsequent grant for $2,300.00.

2. Red Cross in the amount of $500, she believes.

## INTERROGATORY NO. 34:

Identify and describe in detail the circumstances if any of the individual plaintiffs or proposed class representatives have ever been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.

## ANSWER TO INTERROGATORY NO. 34:

Plaintiffs object to this request as overbroad, unduly burdensome, harassing, embarrassing, annoying, and not reasonably calculated so as to lead to the discovery of admissible evidence. Plaintiffs also object to this Interrogatory as it seeks information readily available to Defendants in the public domain.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

_____**Jimmie Perry** was convicted for drugs in 1972.

_____**Jocelyn Moses** was convicted for fighting in 2005 in Orleans Parish.

**Anthony Dunn** was convicted for simple battery in 1998 in Orleans Parish.

**Jocelyn Carter** has never been convicted of any crimes.

## INTERROGATORY NO. 35:

Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:

Plaintiff, **David Green** was divorced in the Fourth Circuit Court for Davidson County in Tennessee.  In addition David Green petitioned for Chapter 13 bankruptcy on 04/27/2004, Middle District of Tennessee - Davidson County, Docket No.  04-05170.

Plaintiff, **Doris Shanks** was convicted of a DWI in Conroe, Texas in 2006. She was involved in a lawsuit in New Orleans in 1992.

Plaintiffs, **John Alford, Jr. and Jerry Alford,** have never been involved in civil or criminal proceedings, have never been convicted of a crime, have never filed bankruptcy nor been found to have breached a fiduciary duty.

Plaintiffs **Jimmie and Nellie Perry** have never filed bankruptcy nor been found to have breached a fiduciary duty. Mr. Jimmie Perry was divorced on or about 1976 and again  in 1979 in Orleans Parish. Mr. Jimmie Perry was convicted for drugs in 1972. Mr. Perry is currently involved in litigation in Orleans Parish for a car accident in 2006.

**Jocelyn Moses** has never filed bankruptcy nor been found to have breached a fiduciary duty. She was convicted for fighting in 2005 in Orleans Parish.

**Anthony Dunn** has never filed bankruptcy nor been found to have breached a fiduciary duty. He was convicted for simple battery in 1998 in Orleans Parish.

**Jocelyn Carter** has never filed bankruptcy nor been found to have breached a fiduciary duty. She has never been involved in a civil or criminal proceeding.

## INTERROGATORY NO. 36:

If you claim damages to real property, identify the real property by address and location and identify all owners, lienholders, mortgagees and mortgagors, and all other persons with a legal interest in said property.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 36:

**Doris Shanks** owns 5500 Dauphine St., New Orleans, Louisiana 70117 in her maiden name, Doris Warren Knighten. She granted a mortgage to her parents.

**Earl Daniels** and **Joyce B. Daniels** owned 2333 Deslonde Street until sold to the Road Home program.

**John Alford, Jr. and Jerry Alford** owned 2423 Deslonde Street, Select Portfolio held a lien on the property. No other persons have a legal interest in the property.

**Jimmie Perry and Nellie Perry** owned property 1710 Deslonde Street, Washington Mutual held a lien on the property. The also owned a property at 1617 Alabo Street, Homecoming Financial held a lien on this property. No other persons have a legal interest in these properties.

**Blair Boutte** is the sole owner of the property located at 6022 N. Derbigny Street, Liberty Bank holds a lien on this property. No other person has a legal interest in this property.

## INTERROGATORY NO. 37:

If you claim damages for demolition, salvage or restoration of property, identify the person or persons who carried out the demolition, salvage or restoration, the dates on which it was carried out, and describe what was done and the costs incurred.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 37:**

All named plaintiffs are seeking compensation for damage, loss, destruction or diminution of the value of their real and personal property, with the exception of Kevin McFarland, Donald Pritchett, Kismit Bougere, Jocelyn Moses,  Anthony Dunn and Jocelyn Carter who did not own real property, and are therefore seeking compensation only for damage to or loss of their personal property.

**Aida and Herman Koch:** have not demolished the properties at 8545-47 Deerfield, Drive, Chalmette, LA, 6035-37 Burgundy Street, 6317-19 Douglas Street, New Orleans, LA, 3409-11 Shangri-La Street, Chalmette, LA and 3619 Shangri-La, Chalmette, LA. Of these properties only the properties at 8545-47 Deerfield, Drive, Chalmette, LA(1/2007, Cost: $125,000) and 3409-11 Shangri-La (05/2008, Cost: $82,246.20, to date)  have been restored by Santos General Contractor, Gaspar Morales General Contractor,  Dan Peters Electric, Mr. Reed Murrell, The Home Depot, and Alex Ramos. Plaintiffs have begun the restoration process at 3619 Shangri-La, Chalmette, LA and have produced the receipts for costs to date. The Property at 6035-37 Burgundy Street was sold to a private party.  See Response to Request for Production No. 21.

**Michael and Marenthia Lagarde**: property at 1815 Jourdan Avenue was demolished by Ingram Barge Company at no cost to the Lagarde's. The property has not been restored to date due to financial inability.

**Ethel M. Mumford:** has not demolished the properties at 6101 N. Robertson Street, 6107-05 Robertson Street, 6113-15 N. Robertson Street, 4829 Burgundy Street. Of these properties, the property at 6113-15 N. Robertson is being restored by Diamond Construction at a cost of $109,000.00. Plaintiff has also begun the restoration process at the 4829 Burgundy Street and has produced those receipts in her possession, custody or control. Said restoration continues and

Plaintiff, Mumford will supplement further as they become available.

**Josephine Richardson:** property at 1321 Egania Street, New Orleans, LA has not been demolished and was restored by Manson Service, Kenneth Ledet at a cost of $91,000.00 as of April, 2008. The receipts for costs have been produced.  See Response to Request for Production No. 21.

**Michael and Glenda Riche**: 8825-27 W. Judge Perez Drive, Chalmette, LA (Business), and 128-30 W. Phillip Court, Chalmette, LA(Rental Property), Mr. Riche has performed the demolition of the property on his own and has not incurred any costs for the demolition. The Riche properties have not been restored to date because Mr. Riche is still in negotiations with his insurer and has been financially unable to do so.

**Doris Shanks:** property at 5500 Dauphine Street, New Orleans, LA has not been demolished. Volunteers from California helped to gut the property at no expense to Mrs. Shanks. The property has not been restored to date due to financial inability.

**Melba Gibson**: property at 1308-10 Reynes Street, New Orleans, LA has been gutted at Ms. Gibson's expense. She did not recall the cost but is in the process of locating a receipt and will supplement with same. Ms. Gibson has begun the restoration process at a cost of $53,679.96 to date and produced receipts for this ongoing project. See Response to Request for Production No. 21.

**Herbert and Mary Warren:** property at 2330 Roffingnac Street, New Orleans, LA was demolished by the City of New Orleans on March 7, 2006 and was not  restored. The property at 2330 Roffingnac was sold to the Road Home Program.  Property at 723-25 Flood Street was not demolished or restored and was sold to a private party.  The properties at 727-29 Flood Street, 5317 -19 N. Galvez, and 1806 Delery Street (Rental Property) have not been demolished or restored to date due to a financial inability.

**Blair Boutte:** property at 6022 Derbigny, New Orleans, LA was has been gutted at a cost of

$4,500.00. Mr. Boutte has been unable to restore this 16 unit apartment building to date due to financial inability. See Response to Request for Production No. 21.

**Jacob and Dianne Glaser:** Were not the owners of the property located at 8400 West Judge Perez Drive # 7, Chalmette, LA 70043-1655 which housed their business, Holiday Jewelers, Inc. The Glasers performed the demolition and salvage of any merchandise on their own. They have been unable to reopen their store to date due to financial inability and have changed careers altogether.

**Jimmie Harris:** property at 924 Lamanche Street was not demolished. Plaintiff performed demolition of all the walls in the property on his own and is in the process of restoring the house himself at a cost of $80,000.00 to date. Receipts for the restoration have been produced. See Response to Request for Production No. 21.

**Henry and Gwendolyn Adams:** property at 2414 Deslonde Street, New Orleans, LA was demolished by the City of New Orleans on August 23, 2006 at no cost to the plaintiffs and Plaintiffs have not rebuilt due to financial inability.

**Ethel and Karen Leon**: property at 2311 Deslonde Street is believed to have been demolished by the City of New Orleans at an unknown date and at no cost to the plaintiffs. The property has not been restored due to financial inability.

**Earl and Joyce Daniels:** property at 2333 Deslonde Street was demolished by the City of New Orleans at an unknown date and at no cost to the plaintiffs. This property was not restored and was sold to the Road Home.

**Mildred Dean:** property at 2302 Tennessee Street was demolished by the City of New Orleans in June, 2006. This property has not been restored due to financial inability.

**John Alford, Jr. and Jerry Alford**: property at 2423 Deslonde Street, New Orleans, LA was demolished by the City of New Orleans on or about February, 2006 at no cost to the Alfords and has

not been restored due to financial inability.

**Jimmie Perry and Nellie Perry**: property at 1710 Deslonde Street, was demolished by the City of New Orleans at no cost to the Perrys.  The property at 1617 Alabo Street was demolished by the City of New Orleans on or about November, 2006 at no cost to the Perrys. The properties have not been restored to date due to the lack of infrastructure and due to the financial inability of the Perrys.

Counsel for plaintiffs are continually seeking and expect to receive information concerning demolition, salvage or restoration of property responsive to the Interrogatory, as the named plaintiffs begin the demolition and restoration process. Undersigned have made numerous inquiries regarding such information. Many of the named plaintiffs have responded by 1) stating that their property was demolished by the City of New Orleans and/or Ingram Barge Company at no cost to the plaintiffs; 2) stating that they do not have the financial ability to begin the restoration process; and 3) stating that they have divested their interests in their real property; either by sale to the Road Home or to private parties.

To the extent that any of the plaintiffs have in their possession, custody or control information responsive to the Interrogatory, said information has been produced at Response to Request for Production No. 21. In many instances, due to the plaintiffs' financial inability to engage in these activities, such information is not yet available.  Undersigned continue their best efforts to obtain the requested information, and will supplement same as soon as it is made available by the named plaintiffs.

**INTERROGATORY NO. 38:**

If you claim damages for lost income, describe the source and amount of income prior to the

storm, the circumstances under which it was "lost," and all efforts to generate income or find work after the storm.

**ANSWER TO INTERROGATORY NO. 38:**

Proposed class representatives, Michael Riche, Rico Sutton, Jacob and Dianne Glaser, and Herman and Aida Koch, claim damages for lost income only to the extent classwide business losses are evaluated by Plaintiffs' expert, John Kilpatrick, Greenfield Advisors.

Proposed class representative Ethel Mumford claims damages for lost income secondary to the loss of real property from which she derived rental income.

Named Plaintiffs, Marie Benoit, Robert Green, Sr. and Earl Daniels claim damages for lost income secondary to the loss of personal property used in home businesses.

Named Plaintiffs, Melba Gibson, Jimmie and Nellie Perry and Herbert Warren, claim damages for lost income secondary to the loss of real property from which they derived rental income.

All named Plaintiffs, seek classwide damages for lost income evaluated by expert analysis on a classwide approach, unless a class is not certified, in which event plaintiffs reserve all of their claims for lost income.

In light of the Court's recent ruling regarding the trial of individual claims in July, 2009 (Rec. Doc. 13500), certain non class representative named plaintiffs will seek individual claims for damages resulting in lost income. Investigation of such claims is now underway. Plaintiffs will provide all responsive information and documents as soon as it comes into named plaintiffs' custody, possession or control.

Please refer to Plaintiffs expert reports from Greenfield advisors submitted on June 30, 2008. In addition, Plaintiffs witness lists and/or exhibit lists and/or other evidence and/or information

which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Attached to Plaintiffs Response to Request for Production No. 25 and 26, please find named Plaintiffs' business records, rental agreements and tax records.   Plaintiffs anticipate ongoing supplementation as they retrieve or salvage records from their damaged property. See (Tax Records) **Riche 000024-000182, Glaser 000001-000044, , Daniels 000026-000040, Gibson 000013 - 000064, Sutton 000001-000041, Perry 000103-000200,  Koch 000489-000553, 001142-001147,** (Lease Agreements/rental receipts) **Warren 000034-000041, Perry 000201-000215, Koch 000518- 000553.** (Miscellaneous Business Documents) **Daniels 000043, Boutte 00001 - 000027, Perry 000102, Sutton 000036,** produced in response to Request for Production No. 25.

## INTERROGATORY NO. 39:

Do you claim damages for personal injury other than emotional distress?  If so, identify the injury, the date of its occurrence, and any medical providers who provided treatment.  If not, state why you are not claiming damages for personal injury other than emotional distress.

## SUPPLEMENTAL AND AMENDED ANSWER TO INTERROGATORY NO. 39:

**As to class action claims:**

None of the named plaintiffs other than Josephine Richardson is asserting a claim for personal injury for anything other than emotional distress.

Plaintiff Josephine Richardson is asserting a wrongful death claim as a surviving spouse.  Her claim is described in detail in the Sixth Amended Complaint in Mumford.

Plaintiffs object to this request to the extent it asks for the reasons why a claim was never

made.  Such a request is outside the scope of discovery under Rule 26(b)(1), Fed. R. Civ. Pro., which limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense."

Plaintiffs further object to this request to the extent it asks for the substance of communications protected by the attorney-client privilege, the substance of interview notes and other documents protected by the privilege for attorney work-product.

Plaintiffs note that, if the class is not certified in conformity with plaintiffs' motion for certification, plaintiffs anticipate that at least 6,000 individuals will pursue their claims in individual cases, consolidated cases, or mass tort actions against defendants, and will seek all compensable damages.

**As to individual claims to be tried in July 2009:**

Non class representative named plaintiffs will assert bodily injury claims.  Investigation of such claims is now underway.  Plaintiffs will provide all responsive information and documents as soon as it comes into named plaintiffs' custody, possession or control.

**INTERROGATORY NO. 40:**

Do you claim damages in this case for emotional distress?  If so, identify any medical, psychiatric, or other professional who provided treatment and the dates of treatment.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 40:**

All plaintiffs seek damages for class wide emotional distress. Certain individual named plaintiffs will seek individual damages if selected for trial as per the Courts order at (Rec. Doc.

13500).

To the best of plaintiffs' knowledge, only Kismit Bougere has received treatment for emotional distress to date. Please see Kismit Bougere's Social Security records provided as **Bougere 000002** through **000058**. Treatment dates and providers are expressed in said documents.

**Jimmie Perry** was under treatment with the Veteran's Administration Hospital in New Orleans for P.T.S.D. as a result of the Vietnam War. Mr. Perry claims that these symptoms were aggravated as a result of the damage to his properties in the Lower Ninth Ward. He became very emotional when he went to inspect his properties and saw the Barge sitting near his property. Mr. Perry states that he shared his feelings with his therapist at the V.A. Hospital and in group therapy. Undersigned has requested Mr. Perry's treatment records from the V.A. Hospital and will produce these upon receipt.

**Jocelyn Carter** was treated for anxiety at River Parishes Hospital in Laplace, Louisiana. Undersigned has requested Ms. Carter's treatment records from the Hospital and will produce these upon receipt.

Other named plaintiffs are unsure whether their very limited contact with charitable organizations having temporary facilities or booths in evacuation centers consisted of treatment for emotional distress, and are unaware of, and do not have in their possession, custody or control, any responsive documents.

**INTERROGATORY NO. 41:**

If you claim damages for wrongful death, identify the decedent and circumstances of death, including the date, location, and cause of death.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 41:**

Plaintiffs, **Robert Green**, Sr**., David Green**, and **Jonathan Green**, are asserting a wrongful

death and/or survivor claim for the death of Joyce H. Green and have attached her death certificate. See **D.Green 000010.**

Plaintiff, **Everidge Green**, is asserting a wrongful death/ and or survivor action for his daughter Shania Green.

Plaintiff, **Josephine Richardson,** is asserting a wrongful death claim for her husband Joseph Richardson, Sr. Please see Death Certificate of Joseph Richardson, Sr. attached hereto as **Richardson 000021.**

Plaintiff, **Daniel Webber** asserts a Lejeune claim arising out of the death of Rosetta Marrero whose death he personally witnessed at the time at issue in this litigation.

NOTE: The Plaintiffs' Subgroup Litigation Committee and individual counsel are involved in cooperative efforts to obtain requested information, which is being acquired and provided on a continuous supplementary basis, in accord with Lafarge's agreement to receive supplementation on a rolling basis so long as defense counsel are provided sufficient information to "chew on" and so as to permit Lafarge to engage in meaningful discovery efforts.  Plaintiffs will continue to uphold this agreement.  Further, plaintiffs' committee will provide additional named plaintiff verifications on the most reasonable and timely basis possible, given that many, if not most, are still displaced and dependent upon mail for transmittal of verifications, and must locate notaries public in their current residential locations.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
    Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson

Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com, ___
ddruker@wgdnlaw1.com

_/s/ Alan L. Fuchsberg_
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
e-mail: a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 7th day of July, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT