UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*       05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*          06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*       06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA*           07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**BARGE PLAINTIFFS' JULY, 2008 SUPPLEMENTAL, AMENDED AND
SUPERCEDING RESPONSES  TO REQUESTS FOR ADMISSIONS
PROPOUNDED BY THE BARGE ENTITIES**

    **NOW COME** respondents, through undersigned counsel, who respond as follows:

**GENERAL OBJECTIONS**

A.    Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

B.    Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with

this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

C. Plaintiffs object to the requests to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

D. Plaintiffs object to the requests to the extent they are overly broad and unduly burdensome.

E. Plaintiffs object to the requests to the extent that they exceed the scope of admissible discovery.

F. Plaintiffs object to the requests to the extent that they are vague and ambiguous.

G. Plaintiffs object to the requests as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

H. Plaintiffs object to the requests that seek information readily available to Defendant in the public domain.

I. These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.

**GENERAL RESPONSE AND RESERVATIONS**

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

>Ethel Mae Coleman Mumford
>Josephine Long Richardson
>Jimmie Donnell Harris
>Kismit Bourgere
>Michael Joseph Riche

2

      Jacob Robert "Bob" Glaser
      Dianne Glaser
      Herman Koch
      Aida Koch
      Rico Terrence Sutton

    As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

      Marie Short Benoit
      Henry Adams
      Gwendolyn Adams
      John Alford
      Jerry Alford
      Michael Watts
      Robert Green, Sr.
      Jonathon Green
      David Green, individually and as the representative of the Estate of Joyce
          H. Green
      Everage Green, individually and as representative of the Estate of Shanai
          Green, as as the natural tutor of Shaniya Green and Shamiya Green
      Hyman Sheppard
      Earl Matthew Daniels, Sr.
      Joyce B. Matthews
      Mildred Delores Dean
      Ethel Leon
      Karen Leon
      Joyce Daniels
      Myrna Daniels, in her individual capacity and as natural tutrix of Keina
          Daniels
      Tom Browder
      Albertine Browder
      Gaynell Browder
      Blair Boutte
      Doris Shanks
      Herbert Warren, Jr.
      Marenthia Lagarde
      Michael Lagarde
      Donald Pritchett
      Jocelyn Moses
      Anthony Dunn
      Jocelyn Carter
      One or more persons named in the matter entitled "*The Parfait Family, et*

*al v. United States of America, et al,*" Civil Action No. 07-3500.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

Undersigned counsel represent named plaintiffs in **Mumford, Boutte, Lagarde** and **Perry.** Undersigned also represent named **Parfait** plaintiffs Kevin McFarland, Melba Gibson and Daniel Webber. Undersigned only recently became aware of a pleading in **Parfait**, though admittedly available prior to such awareness, naming Daniel Webber as a plaintiff in that action. Undersigned do not represent anyone named in the **Benoit** matter. It is undersigned's position that in absence of a consolidated master complaint and in absence of an order having the effect of creating an obligation on the part of undersigned to assume direct contact with client of other attorneys for the purposes of providing discovery responses, undersigned lack authority or obligation to provide responses on behalf of persons who have not retained undersigned directly. However, to the extent that counsel for **Benoit** plaintiffs have tendered responses on behalf of their clients, such responses are included herein, but without assumption by undersigned of obligations or authority they do not have. Further, it is undersigned's position that in light of the Court's orders in Record Documents 13525 and 13672, both discovery and discovery motions practice are stayed as to all remaining named **Parfait** plaintiffs.

Plaintiffs reiterate prior discovery responses herein, and further, the *Perry* plaintiffs, Jimmie and Nellie Perry, the *Lagarde* plaintiffs, Jocelyn Moses, Jocelyn Carter and Anthony Dunn, the *Parfait* plaintiff, Daniel Weber hereby supplement, amend and respond to Defendants, LNA and Zito entities', Request for Admissions as follows:

**REQUEST FOR ADMISSION NO. 1:**

For each plaintiff individually: Admit that you did not see the barge before it broke away from its moorings or during the time before it passed through the floodwall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions,

4

but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted, as to Jimmie and Nellie Perry, Jocelyn Moses, Anthony Dunn, Jocelyn Carter and Daniel Webber.

**REQUEST FOR ADMISSION NO. 2:**

For each plaintiff individually: Admit that you did not see or hear the barge strike the retaining wall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to Jimmie and Nellie Perry and Jocelyn Carter. Denied as to Jocelyn Moses, Anthony Dunn, and Daniel Webber who heard the barge strike.

**REQUEST FOR ADMISSION NO. 3:**

For each plaintiff individually: Admit that you did not see the barge in the Lower Ninth Ward before noon on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to Jimmie and Nellie Perry, Jocelyn Carter. Denied as to Jocelyn Moses, Anthony Dunn and Daniel Webber, who saw the barge in the Lower Ninth Ward before noon on August 29, 2005.

**REQUEST FOR ADMISSION NO. 4:**

For each plaintiff individually: Admit that the barge did not make physical contact with your person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to Jimmie and Nellie Perry, Jocelyn Moses, Anthony Dunn, Jocelyn Carter and Daniel Webber.

**REQUEST FOR ADMISSION NO. 5:**

For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to all named class representative plaintiffs.

Subject to and without waiver of any objections, admitted as to Jimmie and Nellie Perry, and Daniel Webber.  Denied as to Jocelyn Moses, Jocelyn Carter and Anthony Dunn, who claim that the Barge made contact with their residence and/or personal property.

**REQUEST FOR ADMISSION NO. 25:**

To be answered by plaintiffs who did not evacuate: Admit that during the week prior to

August 29, 2005, you owned or had access to a motor vehicle capable of transporting you away from the Lower Ninth Ward or St. Bernard Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

_____Denied as to non representative named plaintiffs Jocelyn Moses and Anthony Dunn who did not own or have access to a motor vehicle capable of transporting them away from the Lower Ninth Ward.

Admitted as to non representative named plaintiff Daniel Webber who did have a vehicle but did not have the financial ability to evacuate.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)

Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,


/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235

          Facsimile:  212-398-1532
          e-mail: a.fuchsberg@fuchsberg.com,
          l.kelmachter@fuchsberg.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 11th day of July, 2008.

          /s/Brian A. Gilbert

          Brian A. Gilbert, Esq.