UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * | NO. 05-4182 and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * * | JOSEPH C. WILKINSON, JR. |

### OBJECTIONS AND APPEAL TO THE DISTRICT COURT FOR LR 74.1E AND 28 U.S.C. § 636 REVIEW OF THE MAGISTRATE COURT'S ORDER ON MOTION RELATIVE TO LAFARGE NORTH AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' NOTICE OF PROPOSED FRCP 30(B)(6) DEPOSITION OF LAFARGE NORTH AMERICA

Now come Barge Plaintiffs, through undersigned counsel, who, with respect and for the reasons expressed here and in the accompanying memorandum, object to and request review in accord with 28 U.S.C. § 636 and Local Rule 74.1E of the Magistrate Court's Order on Motion (Record Doc. 13711), granting in whole or in part Lafarge North America, Inc.'s Motion for Protective Order as to the Barge Plaintiffs' proposed Fed. R. Civ. P. 30(b)(6) deposition of Lafarge North America, topics Nos.:

1. Any and all knowledge Lafarge had preceding Katrina of any or all of the following:
   a. Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges in advance of a hurricane;

    b. Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges within the IHNC;
    c. The forecasted nature, strength, direction and effects of Katrina;
    d. Any and all pre Katrina actions undertaken and not undertaken by Lafarge with respect to barges at its France Road facility in light of any or all of the foregoing knowledge, or lack thereof.

2. Nature and proof of any and all of Lafarge's knowledge, contentions and/or defenses as to ING 4727's escape from its berth at Lafarge during the effects of Katrina;

3. The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;

4. The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all governmental agencies and/or investigative bodies relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit, including but not limited to the United States Coast Guard, Army Corps of Engineers, IPET, ILIT, Team Louisiana, National Science Foundation; and/or parties to Robinson and/or MRGO litigation;

5. The existence, nature, contents and custodian(s) of any and all communications, statements, accounts, representations and accident and/or incident reports describing any casualty in which ING 4727 was involved during Katrina;

6. The existence, nature, contents and custodian(s) of any and all communications, reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

10. The existence, contents and custodians of any land, aerial or satellite video or photo, and/or graphic, diagram, or visual representation of any or all of the following on August 28 - 29, 2005:
    a. the Lafarge France Road facility and environs;
    b. Industrial Canal and environs;
    c. ING 4727;

11. Identities and whereabouts of any and all persons who claim to have knowledge of the movements of ING 4727 from the Lafarge dock to its

eventual resting place in the residential area of the Lower Ninth Ward;

12. Identities and whereabouts of any and all persons who claim:
   a. to have seen ING 4727 make contact with the eastern IHNC floodwall, and/or transit from the canal side of the eastern IHNC floodwall to the residential side during Katrina, and/or,
   b. to have heard scraping sounds and/or booms and/or explosions in the Lower Ninth Ward during Katrina.

18. The nature, issuance, entry, contents, limits, coverage, terms, effects, underwriters of, and nature of any claims or controversies concerning, any and all policies of primary, excess, surplus and other marine casualty insurance issued to Lafarge and in effect at times pertinent to this litigation, specifically including but not limited to that issued by American Steamship Owners (The American Club);

22. Any and all facts and circumstances relevant to nature, timing, purpose, occurrence and effects of 2006 stock reacquisition, divestiture, merger, sale, acquisition of Lafarge North America, Inc., to, through, and/or involving Efalar, Inc., Lafarge, SA, Lafarge Group, Cementia Holding Company, Blue Circle North America; the owners, directors, structure, relationships and purposes of any and all of the foregoing; any and all facts and circumstances surrounding and/or contained in Year 2006 SEC filings by any or all of the foregoing; purpose, intent and effects of any and all of the foregoing relative to this litigation and/or to any laws, statutes or regulations governing afore described conduct; any and all facts and circumstances surrounding Rice, et al v. Lafarge North America, Inc., et al, Civil Action 268974V, and consolidated cases, Circuit Court for Montgomery County, Maryland.

And further, upon suggesting that the ruling of the Magistrate Court contains clear errors and findings contrary to law, Barge Plaintiffs pray that judgment be reversed or modified accordingly, so as to deny Lafarge North America, Inc.'s Motion for Protective Order as to the foregoing proposed Fed. R. Civ. P. 30(b)(6) topics.

        Respectfully submitted,

        /s/ Brian A. Gilbert,
        Brian A. Gilbert, Esq.(21297)
        LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
        821 Baronne Street
        New Orleans, Louisiana 70113
            Telephone: (504) 885-7700

Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,
    adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159

      e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
   Telephone: 212-869-3500 ext. 235
   Facsimile: 212-398-1532
   e-mail: a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 14 day of July, 2008.

            \s\Brian A. Gilbert