UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY APP** | * | **CIVIL ACTION: 07-8717** |
| | * | |
| **VERSUS** | * | **SECTION: B** |
| | * | |
| **ZURICH ASSURANCE COMPANY OF AMERICA** | * | **MAGISTRATE: 4** |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF ASSURANCE COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Assurance Company of America (erroneously sued as Zurich Assurance Company of America) (hereinafter referred to as "ACA"), files this Memorandum of Law in Support of its Motion for Summary Judgment requesting this Honorable Court to dismiss Plaintiff, Gregory App's (hereinafter referred to as "App" or "Plaintiff") claims against ACA as there is no genuine issue of material fact as to the liability of ACA regarding the same.

### FACTS

Gregory App (hereinafter referred to as "App" or "Plaintiff") owned Property located at 1106 Treme Street, New Orleans, Louisiana (hereinafter referred to as the "Property") and insured under Builder's Risk Policy Number ER 61026342, effective February 22, 2005 to February 22, 2006 (hereinafter referred to as the "Policy"), which was issued by ACA[1].

Plaintiff alleges it sustained damage to the Property as a result of Hurricane Katrina and its aftereffects.[2] Plaintiff now seeks coverage for said damages under the Policy, including damages pursuant to Louisiana's Valued Policy Law ("VPL"), as the alleged damages to his

---

[1] See a Copy of ACA's Builders Risk Policy ER 61026342, attached hereto as Exhibit "A".
[2] See Plaintiff's Petition for Damages, attached hereto as Exhibit "B".

Property constituted a "total loss".[3] Specifically, Plaintiff contends that "at all relevant times herein, Defendant (ACA) had in full force and effect a fire insurance policy…in favor of the Plaintiff listed herein".[4]

However, the Policy as issued by ACA to Plaintiff, is an Inland Marine Builder's Risk policy, not a fire, all-risk, liability policy; therefore, Louisiana's Valued Policy Law does not apply.[5] Furthermore, Plaintiff stated that Hurricane Katrina rendered his Property a "total loss".[6] However, the Property was not rendered a "total loss", as it sustained only minor wind and water damage.[7]

Moreover, Plaintiff also contends that ACA is liable for bad-faith penalties in that "insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses to his dwelling, dwelling extension, other structures…"[8] However, there is ample evidence of ACA adjusting Plaintiff's claim, including tendering Plaintiff a payment in the amount of $55,767.54 as compensation for Plaintiff's covered losses.[9] Furthermore, Plaintiff made an additional demand to include $30,000.00 for alleged past mortgage payments on the Property, due to ACA's alleged failure to make timely payments.[10] However, losses due to delay and loss of market or use are specifically excluded under the Policy.[11] Lastly, alleged back mortgage payments and/or any alleged delay prior to the same are not afforded coverage under the Policy.[12]

---

[3] See Plaintiff's Petition for Damages, attached hereto as Exhibit "B".
[4] See Paragraph 2 of Plaintiff's Petition for Damages, attached hereto as Exhibit "B".
[5] See a Copy of ACA's Builders Risk Policy ER 61026342, attached hereto as Exhibit "A".
[6] See Paragraph 10 of Plaintiff's Petition for Damages, attached hereto as Exhibit "B".
[7] See a Copy of Gilbane report attached here as Exhibit "C".
[8] See Paragraph 12 of Plaintiff's Petition for Damages, attached hereto as Exhibit "B".
[9] See a Copy of the payment screen of $55,767.54, issued to Gregory App and Chase Home Finance, attached hereto as Exhibit "D".
[10] See Plaintiff's Correspondence to ACA dated May 21, 2007, attached hereto as Exhibit "E".
[11] See Paragraph 12 of Plaintiff's Petition for Damages, attached hereto as Exhibit "B".
[12] See ACA's Builders Risk Policy ER 60126342, attached hereto as Exhibit "A".

Therefore, based on the reasons stated herein, there is no genuine issue of material fact as to ACA's liability for any additional damages as a result of Hurricane Katrina, as the Policy is a Builder's Risk policy, not an all-risk, liability policy, and therefore, Louisiana Valued Policy Law does not apply. Furthermore, the Policy excludes coverage for losses sustained due to delay and/or loss of market and use and alleged back mortgage payments are not afforded coverage based on the clear language of the Policy.  Thus, Plaintiff is not entitled to the benefits of the same.  Lastly, Plaintiff has been amply, timely, and fully compensated for the covered damages sustained to the Property.

## **LAW AND ARGUMENT**

### **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE 56 IN THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO COVERAGE FOR THE DAMAGES TO THE PROPERTY UNDER THE POLICY.**

There is no genuine issue of material fact as to ACA's liability for additional damages pursuant to the terms of the Policy.  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)).   Moreover, "The mere existence of a factual dispute does not itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987).  "The requirement is that there be no genuine issue of material fact." *Evans v. United States*, 824 F.Supp. 93, 96.  (Citing, *Anderson v. Liberty Lobby*, 477 U.S. [242], [248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2nd Ed. 202] (1986) (emphasis in original.)

> Additionally, there is no issue for trial unless the non-movant can present sufficient evidence for a reasonable jury to return a verdict in the non-movant's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50 (1986). Summary judgment is appropriate when the non-movant fails to demonstrate there is sufficient summary judgment evidence to allow a

3

reasonable fact finder to find in its favor on all essential elements as to which it would bear the burden of proof at trial. *Dutcher v. Ingalls Ship Building*, 53 F.3rd 723, 725 (5th Cir. 1995).

### A. Louisiana's Value Policy Law does not apply to the Policy.

The Policy is not governed by the Louisiana Valued Policy Law ("VPL"). The Policy is a builder's risk policy, and is specifically excluded from applicability of the VPL as identified in La. R.S. 22:695 (D), which states as follows: "This Section shall only apply to policies issued or renewed after January 1, 1992, and shall not apply to a loss covered by a blanket-form policy of insurance nor to a loss covered by a builders risk policy of insurance". La. R.S. 22:695 (D). Clearly, the Policy, a builder's risk policy, is specifically excluded from applicability of the VPL.

Furthermore, the Louisiana Supreme Court has determined that a builder's risk policy is <u>not</u> considered a simple, valued policy. *Mixon v. St. Paul Fire and Marine Insurance Co.,* (La. 1920).

Therefore, as builder's risk policies are clearly excluded from applicability of the VPL, the VPL does not apply to Builder's Risk Policy Number ER 61026342, effective February 22, 2005 to February 22, 2006, which was issued by ACA. Should this Honorable Court deem to the contrary, Plaintiff is still barred from recovering the policy limits as alleged in the Petition for Damages.

### B. **Plaintiff does not have a valid claim under the VPL and additional claims for back mortgage payments are specifically excluded under the Policy.**

Additionally, and although the VPL does not apply in this matter, Plaintiff is not entitled to additional damages under the VPL as Plaintiff's damages did not constitute a total loss. As such, Plaintiff alleges that it is entitled to recovery under Louisiana's Valued Policy Law ("VPL") because the insured property is a total loss. Louisiana's VPL provides that an insurer must pay an insured the full face value of the policy where destruction of the building constitutes

a total loss. *Kelly v. Commercial Union Insurance Company*, 709 F.2d 973 (5th Cir. 1983). However, Plaintiff's VPL allegations are unsupported by the law to the extent that the damages alleged arise from an uncovered or specifically excluded peril.

The United Stated District Court for the Eastern District of Louisiana has ruled that "the Court must recognize that the VPL was designed to fix valuations of losses and was not intended to expand coverage to excluded perils. The Court concludes that Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril." *Chauvin v. State Farm Fire and Cas. Co.* 2006 WL 2228946 (E.D. La. August 2, 2006) aff'd. 495 F. 2d 232. Accordingly, "the insurer [is] responsible for paying only the percentage of loss which is attributable to the covered peril." *Turk v. Louisiana Citizens Property Insurance Corporation, et al,* 2006 WL 1635677 (W.D. La. June 7, 2006). As stated above, ACA has already tendered payment for all losses which were attributable to a covered peril, wind.

Additionally, in *Chauvin*, the court dismissed homeowners' claims for homes that were rendered total losses due to Hurricanes Katrina and Rita. In dismissing the actions, the court reasoned that the statutory law was ambiguous and thus, should not be interpreted so as to lead to absurd consequences. To hold an insurer liable for the total loss of a property resulting from wind and flood under an insurance policy that covers wind damage and specifically excludes flood damage, would be just such a consequence. Therefore, exposure exists only for damage resulting from covered peril. As any additional damages caused by delay from loss of use or loss of market will not be covered under the relevant Policy, exposure under the VPL for any additional damages resulting from the same does not exist.

Accordingly, the Louisiana Civil Code defines interpretation of a contract as "the determination of the common intent of the parties." LSA-C.C. art. 2045; *Dunn v. Potomac Ins.*

*Co. of Illinois,* 94-2202 (La. App. 1st Cir. 6/23/95), 657 So.2d 660, 663. The contract at issue provides as follows, in pertinent part:[13]

> **A.      COVERAGE**
>
> We will pay for direct physical loss to Covered Property from any Covered Cause of Loss described in this Coverage Form.
>
> **SECTION A. COVERAGE,** paragraph 1. a. is replaced by the following:
>
> 1.  **COVERED PROPERTY,** as used in the Coverage form means:
>     a.  Property which has been installed, or is to be installed in any commercial structure and/or anyone (1) to twelve (12) family dwelling, private garage, or other structures that will be used to service the dwelling at the location which you have reported to us. This includes:
>         (1) Your property;
>         (2) Property of others for which you are legally responsible;
>         (3) Paving, curbing, fences, trees, shrubs, plants, lawns and outdoor fixtures; and
>         (4) Completed dwelling(s) which is being used as a Model Home when reported to us as such on monthly reports with an amount shown.
>
> 3   COVERED CAUSE OF LOSS
>
> Covered Cause of Loss means risk of direct physical loss to Covered Property, except those causes of *loss* listed in the Exclusions.
>
> **B.      EXCLUSIONS**
>
> 2.  We will not pay for a *loss* caused by or resulting from any of the following:
>
>     a. Delay, loss of use, or loss of market. This does not include *profit* if reported in compliance with the Reporting Provision section of this Coverage Form;

Plaintiff has specifically demanded that ACA pay an additional $30,000.00 to Plaintiff for alleged back mortgage payments on the Property, due to the alleged delay in payment for

---

[13] See ACA's Builders Risk Policy ER 60126342, attached hereto as Exhibit "A".

damages from ACA.[14] However, though it is ACA's position that there was no delay in compensating Plaintiff for damages as Plaintiff was timely and fully compensated for any covered damages, coverage for damages resulting from any alleged delay, loss of use or loss of market is specifically excluded under the Policy and must be upheld as such. Furthermore, back mortgage payments or any alleged delay prior to the same do not constitute a "direct physical loss to Covered Property" as required for coverage to be afforded under the Policy.

"Exclusions in an insurance policy should be upheld when clear and unmistakable." *Southern Hotels Limited Partnership v. Lloyd's Underwriters at London Companies*, 1997 WL 325972 (E.D. La.). As the language in the Policy clearly excludes a "loss caused by or resulting from…delay, loss of use, or loss of market", said damages are not afforded coverage under the clear and unmistakable exclusions of the Policy.

Further, in a suit involving a coverage dispute, the plaintiff has the burden of proving "both the damage and the causal connection between the damage and the covered cause of loss." *Id.* The plaintiff must show proof of these factors "by a reasonable preponderance of the evidence, and with some detail and specificity." *Id.* Furthermore, "a mere possibility of causation and damage are insufficient." *Id.* Here, Plaintiff has not proven any additional damages or the causal connection between damage and a covered cause of loss.

Moreover, the Policy provides coverage for "direct physical loss to Covered Property".[15] In analyzing potential coverage under relevant insurance policies, one must adhere to basic insurance contract law. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Carbon v. Allstate Ins. Co.,* 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439. Words and

---

[14] See Plaintiff's Correspondence to ACA dated May 21, 2007, attached hereto as Exhibit "D".
[15] See ACA's Builders Risk Policy ER 60126342, attached hereto as Exhibit "A".

phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.  *See* La. Civ. Code art. 2047; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441.

However, an insurance contract should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. *Carbon,* supra.  As such, any alleged damage for back mortgage payments or any alleged delay prior to the same is clearly not a "direct physical loss to Covered Property", and thus, is not afforded coverage under the plain language of the Policy.  Clearly, the intent of the exclusionary language is to preclude coverage for certain consequential losses such as back mortgage payments and must be construed as such.

Accordingly, there is no genuine issue of material fact as to Plaintiff's availability of additional coverage under the Policy.  Also, Plaintiff's additional demand for compensation for alleged back mortgage payments is specifically excluded under the Policy; therefore, the VPL does not apply and there is no coverage for the same under the Policy.  As such, Plaintiff's claims against ACA should be dismissed.

## **CONCLUSION**

As stated herein, there is no genuine issue of material fact as to the liability of ACA for any additional damages under the Policy as the Louisiana Valued Policy Law may not be applied thereto and compensation for delay of loss of use and/or market is specifically excluded under the Policy.  Furthermore, back mortgage payments to not constitute a "direct physical loss to Covered Property".  As such, ACA respectfully requests that all of said claims against ACA be

dismissed and also prays for an award of all costs and fees associated with filing this motion, and any other relief this Court deems appropriate.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**JENNIFER L. SIMMONS (#30060)**
**GALLOWAY, JOHNSON, TOMPKINS,**
    **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Assurance Company of America*
*(erroneously sued as Zurich North America)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of January, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**

9