UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY APP** | * | **CIVIL ACTION: 07-8717** |
| | * | |
| **VERSUS** | * | **SECTION: B** |
| | * | |
| **ZURICH ASSURANCE COMPANY OF AMERICA** | * | **MAGISTRATE: 4** |
| | * | |
| | * | |
| *   *   *   *   *   *   * | | |

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

**MAY IT PLEASE THE COURT**, comes now Defendant, Assurance Company of America (hereinafter "ACA"), who respectfully submits this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment:

1.

Gregory App (hereinafter referred to as "App" or "Plaintiff") owned Property located at 1106 Treme Street, New Orleans, Louisiana (hereinafter referred to as the "Property") and insured under Builder's Risk Policy Number ER 61026342, effective February 22, 2005 to February 22, 2006 (hereinafter referred to as the "Policy"), which was issued by ACA[1].

---

[1] See a Copy of ACA's Builders Risk Policy ER 61026342, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "A".

2.

Plaintiff alleges it sustained damage to the Property as a result of Hurricane Katrina and its aftereffects.[2]

3.

Plaintiff now seeks coverage for said damages under the Policy, including damages pursuant to Louisiana's Valued Policy Law ("VPL"), as the alleged damages to his Property constituted a "total loss".[3]

4.

Plaintiff contends that "at all relevant times herein, Defendant (ACA) had in full force and effect a fire insurance policy…in favor of the Plaintiff listed herein".[4]

5.

The Policy as issued by ACA to Plaintiff is an Inland Marine Builder's Risk policy, not a fire, all-risk, liability policy; therefore, Louisiana's Valued Policy Law does not apply.[5]

6.

Plaintiff stated that Hurricane Katrina rendered his Property a "total loss".[6]

7.

The Property was not rendered a "total loss", as it sustained only minor wind and water damage.[7]

---

[2] See Plaintiff's Petition for Damages, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "B".
[3] See Plaintiff's Petition for Damages, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "B".
[4] See Paragraph 2 of Plaintiff's Petition for Damages, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "B".
[5] See a Copy of ACA's Builders Risk Policy ER 61026342, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "A".
[6] See Paragraph 10 of Plaintiff's Petition for Damages, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "B".
[7] See a Copy of Gilbane report attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "C".

8.

Plaintiff also contends that ACA is liable for bad-faith penalties in that "insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses to his dwelling, dwelling extension, other structures…" [8]

9.

There is ample evidence of ACA adjusting Plaintiff's claim, including tendering Plaintiff a payment in the amount of $55,767.54 as compensation for Plaintiff's covered losses. [9]

10.

Plaintiff made an additional demand to include $30,000.00 for alleged past mortgage payments on the Property, due to ACA's alleged failure to make timely payments. [10]

11.

Losses due to delay and loss of market or use are specifically excluded under the Policy. [11]

12.

Alleged back mortgage payments and/or any alleged delay prior to the same are not afforded coverage under the Policy. [12]

---

[8] See Paragraph 12 of Plaintiff's Petition for Damages, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "B".

[9] See a Copy of the payment screen of $55,767.54, issued to Gregory App and Chase Home Finance, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "D".

[10] See Plaintiff's Correspondence to ACA dated May 21, 2007, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "E"

[11] See ACA's Builders Risk Policy ER 60126342, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "A".

[12] See ACA's Builders Risk Policy ER 60126342, attached to the Memo in Support of Motion for Summary Judgment, as Exhibit "A".

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**JENNIFER L. SIMMONS (#30060)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

*Counsel for Defendant,*
*Assurance Company of America*
*(erroneously sued as Zurich North America)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of January, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**