**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GREGORY APP** | * | **CIVIL ACTION: 07-8717** |
| | * | |
| **VERSUS** | * | **SECTION: B** |
| | * | |
| **ZURICH ASSURANCE COMPANY OF** | * | **MAGISTRATE: 4** |
| **AMERICA** | * | |
| | * | |
| *    *    *    *    *    *    * | | |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
TO ACA'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, Assurance Company of America, respectfully submits this Reply Memorandum to Plaintiff's Opposition to ACA's Motion for Summary Judgment, in that ACA did not act arbitrarily and capriciously in adjusting Plaintiff's claims and the pertinent exclusion in the contract of insurance does not violate public policy.

**REPLY TO PLAINTIFF'S BAD FAITH CLAIMS**

Plaintiff has recently stated that ACA is liable for bad faith penalties for failure to timely adjust this claim and for failure to timely compensate Plaintiff for his loss. However, Plaintiff has no evidence of ACA's bad faith, in that ACA did not act arbitrarily and capriciously and there existed extensive coverage issues surrounding Plaintiff's claim.

Accordingly, a plaintiff seeking penalties and attorneys fees pursuant to LRS-R.S. 22:1220 and 22:658 bears a heavy burden of proof. *Lewis v. State Farm Ins. Co.*, 41-527 (La.App. 2 Cir. 12/27/06), 946 So.2d 708, 725. Failure to make payments within the prescribed time after receipt of satisfactory proof of loss exposes insurers to the penalties allowed by statute, where such failure is arbitrary, capricious or without probable cause. *Crescent City Baptist*

*Church v. Church Mut. Ins. Co.*, 2006 WL 2631862 (E.D. La. 9/13/2006); *See* La. R.S. 22:1220 and 22:658.

Importantly, where an "insurer has legitimate doubts about the coverage owed to the insured, the insurer may litigate the questionable claim without being subjected to damage and penalties." *Id.* at 2.  The penalties provided by La. R.S. 22:1220 and 22:658 are to be strictly construed "and cannot be invoked when the insurer has a reasonable basis for denying coverage." *Id.* at 2.

Further, a plaintiff seeking penalties pursuant to these penal statutes bears the burden of proving 1) that the insurer received satisfactory proof of loss; 2) that the insurer failed to pay within the applicable time period; and 3) that the insurer's failure to pay was arbitrary and capricious. *Boudreaux v. State Farm Mut. Auto Ins. Co.*, 2004-1339 (La. App. 4 Cir. 2005), 896 So.2d 230.

Louisiana Revised Statute §22:658 states in pertinent part:

> In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property claim within thirty days after notification of loss by the claimant.  Failure to comply with the provisions of the Paragraph shall subject the insurer to the penalties in R.S. 22:1220.

The statute allows penalties against an insured for failing to initiate loss adjustment process within 30 days of notification of loss.  However, the statute does not require that an insurance company pay the claim or inspect the property within thirty days.  *Chatoney v. Safeway Ins. Co.,* 2000-1189 (La.App. 3 Cir. 6/13/01), 801 So.2d 448, 452.  The statute merely requires that an insurer take substantive and affirmative steps to accumulate the facts that are necessary to evaluate the claim. *Id.*  As such, Plaintiff's mere allegations that ACA did not inspect the property within 30 days are simply not enough to sustain claims of ACA's bad faith claims.

Furthermore, an insured's actions must be arbitrary, capricious and without probable cause to give rise to liability for penalties under La. R.S. 22:658 and 22:1220. *Steadman v. Pearl Assur. Co.*, 134 So.2d 884 (La. 1961). The aforementioned statutes are penal in nature and therefore must be strictly construed. *Dixon v. First Premium Insurance Group*, 2005-0988 (La. App. 1 Cir. 3/29/2006), 934 So.2d 134, 142.

Additionally, courts have recognized that "insurance companies have a right to litigate questionable claims without being subjected to damages and penalties." *Darby v. Safeco Insurance Company of America*, 545 So.2d 1022 (La.1989). In order for damages to be awarded under the aforementioned statutes, denial of the claim must result from the arbitrary and capricious behavior of the insurer with penalties under La. R.S. 22:658 being mandatory. In addition, an insured must prove that it sustained damage as a result of the arbitrary and capricious failure to pay a claim and penalties will be based on said damages; not on the amount that the insured claims that he or she is entitled. *Champagne v. Hartford Casualty Insurance Group*, 607 So.2d 752 (La. 1 Cir. 1992). Therefore, Plaintiff must prove that ACA acted in an arbitrary and capricious manner and that he suffered damage from said manner. Plaintiff has not proven the same.

Further, the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed, supra* citing *Rudloff v. Louisiana Health Services and Indemnity Co.,* 385 So.2d 767, 771 (La.1980). Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist. *Block v. St. Paul Fire and Marine Ins. Co,* 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746. As such, during the adjustment period, there were substantial coverage

3

issues surrounding Plaintiff's claim, including issues regarding the property being leased at the time of the date of loss and causes of loss.

Moreover, the phrase "arbitrary, capricious or without probable cause," means more than a reasonable mistake or justifiable excuse for not paying timely. *Nat'l Union Fire Ins. Co. v. Cagle,* 68 F.3d 905 (5th Cir. 1995).  Rather, "arbitrary, capricious or without probable cause" means totally unjustified, vexatious, dishonest and evil intent.  *Combatta v. Ordoyne*, 2004-2347 (La.App. 1 Cir. 5/5/06), 934 So.2d 836.  A serious dispute as to quantum, or the nature of the loss, will preclude a finding that an insurer's refusal to pay the claim is arbitrary, capricious or without probable cause.  *Husseiny v. Independent Fire Insurance*, 1996 WL 637547 (E.D. La.).

Lastly, Plaintiff states in his Opposition that ACA failed to tender the amount of additional damages stated in the November 6, 2007 report of his expert, Mr. James Conn. However, to date, Plaintiff has never submitted said report to ACA, and ACA was unaware of the same.  Thus, Plaintiff may not accuse ACA of failing to compensate for damages it was unaware existed.

As previously stated, there were several reports containing different information regarding the amount of damages, scope of damages, and type of damages to Plaintiff's property. As stated above, ACA's refusal to tender compensation of damages during the active investigation cannot be found to be arbitrary and capricious in that ACA was not totally unjustified, vexatious, dishonest or did not have evil intent.

## REPLY TO PLAINTIFF'S EXCLUSION ARGUMENT

Plaintiff claims that ACA's exclusion regarding damages due to delay is against public policy in that it attempts to limit ACA's bad faith exposure.  However, the exclusion is not against public policy and does not attempt to limit ACA's bad faith exposure.  The exclusion

simply excludes the *insured's* claim for damages due to loss due to delay or loss of market regarding losses to the property, not damages against ACA, and must be upheld as written.

As such, an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Louisiana contracts are to be interpreted by determining the common intent of the parties. *Carbon v. Allstate Ins. Co.,* 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439.  Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.  *See* La. Civ. Code art. 2047; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441.

However, an insurance contract should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. *Carrier v. Reliance Ins. Co.,* 99-2573 (La.4/11/00), 759 So.2d 37, 43.

Further, ambiguous policy provisions are generally construed against the insurer and in favor of coverage. La. C.C. art. 2056; *Carrier*, 759 So.2d at 43.  If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.  *Carrier*, 759 So.2d. at 44.  The goal of contractual interpretation is to ascertain the intent of the parties as reflected by the words in the policy in order to determine the extent of any coverage provided.  *Brown v. Yacht Club,* 96-757 (La. App. 3 Cir. 12/26/96), 685 So.2d 670.

Moreover, courts should not strain to find an ambiguity in a contract where none exists. *Cadwallader v. Allstate Ins. Co.,* 02-1637 (La.6/27/03), 848 So.2d 577.  "Courts cannot, under the guise of interpretation, make a new contract for the parties."  *Atlas Lubricant Corp. v. Fed.*

*Ins. Co. of N.J.,* 293 So.2d 550, 552 (La.App. 4 Cir.1974); *Monteleone v. Am. Employers Ins. Co.,* 239 La. 773, 120 So.2d 70 (1960); *Hemel v. State Farm Mut. Auto. Ins. Co.,* 211 La. 95, 29 So.2d 483 (1947); **7** *Edwards v. Life & Cas. Ins. Co. of Tenn.,* 210 La. 1024, 29 So.2d 50 (1946).

Accordingly, the terms of the insurance Policy are not ambiguous and can not be interpreted to find the same, as none exists. Furthermore, exclusions in an insurance policy should be upheld when clear and unmistakable." *Southern Hotels Limited Partnership v. Lloyd's Underwriters at London Companies*, 1997 WL 325972 (E.D. La.). As the language in the Policy clearly excludes a loss caused by or resulting from…delay, loss of use, or loss of market (of the insured) said damages are not afforded coverage under the clear and unmistakable exclusions of the Policy.

Therefore, as the Policy must be interpreted using basic contract principles, the terms of the Policy are not ambiguous and are not against public policy, the exclusion regarding damages due to loss or delay incurred by the *insured* must be upheld as written.

<u>**CONCLUSION**</u>

As Plaintiff failed to establish a question of fact regarding the alleged arbitrary and capricious behavior of ACA and the exclusion regarding claims for damages due to delay or loss of the insured does not go against public policy, Plaintiff's Opposition to ACA's Motion for Summary Judgment should be denied.

Respectfully submitted,

*/s/ Richard E. King*

_____

**RICHARD E. KING (#25128)**
**JENNIFER L. SIMMONS (#30060)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**   BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Counsel for Defendant,*
*Assurance Company of America*
*(erroneously sued as Zurich North America)*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of March, 2008, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

_____

**RICHARD E. KING**