UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>05-4182"K"(5)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: INSURANCE<br><br>07-8880  (Mervin Jefferson &<br>           Merlin McGhee, et al v.<br>           Allstate Insurance Company) | |

PLAINTIFF'S OPPOSITON MEMORANDUM TO ALLSTATE'S
MOTION FOR ENTRY OF FINAL JUDGEMENT

Allstate overlooked plaintiff's First Amended Complaint. As such, Allstate was led astray in making this motion. This court should deny it's motion for the following reasons.

Defendant's Memorandum does not address plaintiff's First Amended Complaint filed February 14, 2008. (Document #11248)

Defendant's Memorandum solely addresses plaintiff's Petition for Damages that the defendant removed to this court from Orleans Parish Civil District Court on November 16, 2007.

Plaintiffs First Amended Complaint reasonably states a claim for unpaid damage caused by wind and wind driven rain.

Federal Courts follow the rule of notice pleading.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, when evaluating a Rule 12 (b)(6) motion, a court must accept all well-pleaded allegations as true and it must also resolve all doubts in favor of the plaintiff. *Lindquist v. City of Pasadena*, No. 07-20013 (5th Cir. Apr. 15, 20080 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). Rule 8(f) specifies that pleadings "must be construed so as to do justice."

Defendant asserts that plaintiff's lawsuit presents a flood claim only. Paragraph 6 of plaintiffs' First Amended Complaint clearly states, "This damage was caused by wind, wind driven rain…"

Both wind and wind driven rain are covered perils under plaintiffs' insurance policy with Allstate.

Paragraph 9 of plaintiff's First Amended Complaint states:

> Defendant made only partial payment based on wind and wind driven rain alone. This partial payment did not constitute full payment of all the damage caused by wind and Defendant still owes Plaintiff's additional policy benefits for all the damage caused by wind.

The *only* question that need be resolved by this Court is whether this language can reasonably be interpreted to state a claim for unpaid wind damage. Unquestionably, it does.

A plain reading of "partial payment" means that full payment has not yet been made. Plaintiffs have alleged that the cause for which full payment is demanded includes wind and wind driven rain, a covered peril. It is not disputed that Allstate is liable for wind and wind driven rain damage resulting from Hurricane Katrina

DATED:  July 14, 2008

                                        Respectfully submitted,

                                        S/Stuart Barasch
                                        STUART T. BARASCH (20650)
                                        HURRICANE LEGAL CENTER
                                        910 Julia Street
                                        New Orleans, LA 70163
                                        Telephone: (504) 525-1944
                                        Facsimile:  (504) 525-1279
                                        Email: sblawoffice@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2008, the foregoing Plaintiffs Opposition to Allstate's Motion for Entry of Final Judgment, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        S/Stuart Barasch
                                        STUART T. BARASCH