# Exhibit A

American Steamship Owners Mutual Protection and Indemnity Association, Inc.



Shipowners Claims Bureau, Inc., Manager
60 Broad Street – 37th Floor
New York, New York 10004
U.S.A.

Tel: +1-212-847-4500
Fax: +1-212-847-4599
E-mail: info@american-club.net
Website: www.american-club.com

September 23, 2005

**VIA FACSIMILE**

Josh Lawson, Esq.
Lafarge North America
Risk Management, Safety and Health
12950 Worldgate Drive, Suite 500
Herndon, VA 20170
Fax – 703-796-2217

Re:   Barge ING-4727 – Alleged Breach of Levee

Dear Mr. Lawson:

We refer to your phone conversation with our Donald Moore of September 12, 2005 and to your facsimile of the same date enclosing the Transportation Agreement between Ingram Barge Company and Lafarge North America which, we understand, is the governing contract for the provision of Ingram Barges to Lafarge and for the barge in question. Lafarge through Willis has put the American Club, as P&I carriers for Lafarge, on notice of a potential claim and, in support thereof, have forwarded the above referenced Transportation Agreement for our review.

Lafarge's Certificate of Entry under the "Member Specific Clauses", states as follows:

> If Lafarge Corporation et al acquires an insurable interest in any vessel in addition to or in substitution for those set forth herein, through purchase, charter, lease or otherwise, such insurance as is afforded hereunder to any similar vessel shall automatically cover such additional vessel effective from the date and time the Assured acquires an insurable interest in such additional vessel.

The Transportation Agreement, Clause 51 states as follows:

> Independent Contractor: Nothing contained in this Contract shall be construed as a contract by Shipper for the chartering, hiring or leasing of any barge, or other equipment of Carrier to be provided hereunder; nor shall any of the agents, servants, subcontractors or employees of Carrier be regarded as employees of Shipper, it being understood that Carrier is in all respects an independent contractor and that Shipper shall exercise no control over the operation of any barge, towboat or other equipment of Carrier or over Carrier's agent servants, subcontractors or employees.



9/23/2005
Page 2 of 2

It is clear that Lafarge, by operation of the Transportation Agreement, did not obtain an insurable interest in the subject barge, as Lafarge did not purchase, charter or lease said vessel.

Furthermore, Clause 51 of the Transportation Agreement explicitly states that Lafarge is not to be considered as having chartered or leased any barge provided under the terms of the Transportation Agreement. Given that the contract specifically states that the Ingram barges provided under the agreement are not chartered, leased or purchased, we fail to see how Lafarge's P&I cover is implicated in the alleged incident, as it is clear from the language of the Transportation Agreement that Lafarge did not obtain an insurable interest in said barge. Thus, this barge is not entered with the American Club under the terms of Lafarge's entry. The Club is thereby unable to assist Lafarge in this matter.

This letter is written entirely without prejudice to any and all defenses which the American Club may assert as additional facts are made known to us.

Very truly yours,

*Michael J. Mitchell*

Michael J. Mitchell
Senior Vice President & General Counsel
Shipowners Claims Bureau, Inc.
Managers for American Steamship Owners
Mutual Protection and Indemnity Association, Inc.

CC: Raymond G. Miles, Willis – Via Telefax
Joseph E.M. Hughes
Donald Moore
Stuart Todd
Ed Flynn