# Exhibit C

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  AM 11: 02

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT )     CIVIL ACTION
OF INGRAM BARGE COMPANY, AS )
OWNER OF THE ING4727, PETITIONING )     NO. 05-4419 C/W
FOR EXONERATION FROM OR )     05-5724
LIMITATION OF LIABILITY )

                                                        SECTION "C"
                                                        MAG. DIV. (2)

### ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, American

Steamship Owners Mutual Protection and Indemnity Association, Inc. (hereinafter referred to as

"American Club"), incorrectly identified as American Owners Mutual Protection and Indemnity

Association, and in Answer to the "Suit for Damages, Trial by Jury," First Supplemental and

Amended Complaint, and Second Supplemental and Amended Complaint (hereinafter

collectively referred to as "Complaint") of plaintiff, Ethel Mumford, individually and on behalf

of a class or persons with common claims, in Civil Action No. 05-5724, alleges and avers upon

information and belief as follows:

### FIRST DEFENSE

The Complaint fails to state a claim, right, or cause of action against the American Club

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

upon which relief can be granted.

## SECOND DEFENSE

The American Club avers that the plaintiffs are not the real parties in interest and therefore not entitled to pursue or maintain this action.

## THIRD DEFENSE

The American Club avers that if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were caused in whole or in part by plaintiffs' own negligence and fault, thereby barring or diminishing any recovery herein.

## FOURTH DEFENSE

Alternatively, the American Club avers that if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were caused in whole or in part by the negligence and fault of other parties or entities over which the American Club had no control and for whose actions or omissions the American Club cannot be held liable.

## FIFTH DEFENSE

Alternatively, the American Club avers that if plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were caused in whole or in part by the defective design and/or construction of the Inner Harbor Navigation Canal levees and flood walls, as well as the levees and flood walls to the east and north along the Mississippi River Gulf Outlet Canal and Gulf Intracoastal Waterway, Bayou Bienvenu, and related structures, and/or the lack of inspection and maintenance of these structures, for which the American Club cannot be held liable.

## SIXTH DEFENSE

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then the American Club avers that the catastrophic winds and water surge from Hurricane Katrina were the proximate cause of any damages, and therefore defendant is protected from any responsibility or liability because of this *force majeure* event.

## SEVENTH DEFENSE

Alternatively, in the event that plaintiffs sustained any damages as alleged, which is specifically denied, then such damages were the result of an Act of God and/or an inevitable accident.

## EIGHTH DEFENSE

The American Club specifically avers that Barge ING 4727 did not cause any breach in the Inner Harbor Navigation Canal levee or flood wall and that Barge ING 4727 was not the proximate cause or cause-in-fact of any damages or injuries alleged by plaintiffs.

## NINTH DEFENSE

If damages were sustained, none of which are admitted, then plaintiffs failed to properly mitigate such damages.

## TENTH DEFENSE

The American Club denies that plaintiffs' claims can be certified for treatment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

The American Club avers that plaintiffs' claims for punitive damages are not recoverable under the applicable law.

- 3 -

## TWELFTH DEFENSE

The American Club avers that at the time of the subject incident the American Club provided certain protection and indemnity insurance to Lafarge North America, Inc., pursuant to Certificate of Entry No. 01729000, and the American Club specifically refers to the terms, conditions, limitations, and exclusions contained in the Certificate of Entry, the Special Terms and Conditions attached thereto, the Club's By-Laws and Rules which are incorporated by reference in the aforesaid Certificate of Entry, and which are specifically pleaded herein as if copied *in extenso.*

## THIRTEENTH DEFENSE

Alternatively, the American Club avers that if any party is entitled to recover against it, which is specifically denied, then the American Club claims the benefit of limitation of liability as provided for in 46 U.S.C. §181, et seq. (and all laws supplementary and amendatory thereto).

## FOURTEENTH DEFENSE

AND NOW, without waiving any of its defenses, and for answer to each of the allegations in plaintiffs' "Suit for Damages, Trial by Jury," First Supplemental and Amended Complaint, and Second Supplemental and Amended Complaint (hereinafter collectively referred to as "Complaint") the American Club avers as follows:

I.

The allegations contained in Paragraph I of the Complaint state legal conclusions which do not require a response. However, to the extent that a response is required, the allegations contained in Paragraph I of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

- 4 -

II.

The allegations contained in Paragraph II of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that the American Club provided certain protection and indemnity insurance to Lafarge North America, Inc., pursuant to Certificate of Entry No. 01729000, and the American Club specifically pleads the terms, conditions, limitations, and exclusions contained in the Certificate of Entry, the Special Terms and Conditions attached thereto, the Club's By-Laws and Rules which are incorporated by reference in the aforesaid Certificate of Entry, and which are specifically pleaded herein as if copied *in extenso*.

III.

The allegations contained in Paragraph III of plaintiffs Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph IV of plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph V of plaintiffs' Complaint state legal conclusions that do not require a response. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein, and it is specifically denied that Barge ING 4727 allided with the flood wall.

VI.

The allegations contained in Paragraph VI of plaintiffs' Complaint are denied.

- 5 -

VII.

The allegations contained in Paragraph VII of plaintiffs' Complaint are denied. Subject to this denial, it is admitted that Barge ING 4727 was owned by Ingram Barge Company and was moored at Lafarge North America, Inc.'s terminal, adjacent to the Industrial Canal on August 28 and 29, 2005, and that Barge ING 4727 broke free from her moorings and was drawn through a pre-existing breach in the flood wall or was carried over the flood wall by rising water, and that flooding of adjacent neighborhoods occurred due to multiple failures and/or overtopping of the levee and flood wall structures, none of which was caused by Barge ING 4727.

VIII.

The allegations contained in Paragraph VIII of plaintiffs' Complaint are denied.

IX.

The allegations contained in Paragraph IX of plaintiffs' Complaint are denied.

X.

The allegations contained in Paragraph X of plaintiffs' Complaint are denied.

XI.

The American Club denies plaintiffs' demand for a jury trial.

XII.

The allegations contained in the prayers for relief are denied.

XIII.

The American Club reserves the right to supplement its answers and/or defenses, as well as to file cross-claims and third-party claims, as may be warranted from the facts as they may be developed.

WHEREFORE, American Steamship Owners Mutual Protection and Indemnity Association, Inc. prays that this Answer be deemed good and sufficient, and that there be judgment in favor of the American Club, dismissing the "Suit for Damages, Trial by Jury," First Supplemental and Amended Complaint, and Second Supplemental and Amended Complaint filed on behalf of plaintiffs, Ethel Mumford, individually and on behalf of a class of persons with common claims, with prejudice, and at plaintiffs' cost, and that the American Club have all other general and equitable relief that may be permitted by law.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ, LLP

A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Phone: 504-585-3200
Fax: 504-585-7688
*Attorneys for: American Steamship Owners*
*Mutual Protection and Indemnity*
*Association, Inc.*

- 7 -

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _25ᵗʰ_ day of _April_ , 2006 served a copy of

the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail

and/or by United States mail.

pbrooks\Ingram Barge 4727 11724.01\Answer

- 8 -