# Exhibit G

MINUTE ENTRY
DUVAL, J.
July 1, 2008

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>BARGE | SECTION "K"(2) |

  Attending a status conference held this day concerning the issue of insurance coverage for Lafarge North America, Inc. ("LaFarge") and plaintiffs' direct action against LaFarge's insurer(s) were:

  Brian Gilbert, Richard Seymour and Bill O'Neil for Plaintiffs;

  Derek Walker and Robert Klein (by phone) for Lafarge North America, Inc.;

  Gordon Grant, Philip Brooks and John Woods (by phone) for American Steamship Owners Mutual Protection and Indemnity Association; and

  Daniel Webb for New York Marine & General Insurance Company.

The Court discussed the problems concerning plaintiffs' inability to pursue their claims directly against the American Steamship Owners Mutual Protection and Indemnity Association ("American Club") in this action in relation to the pending litigation in the Southern District of New York, *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. LaFarge North America, Inc.*, No. 06 Civ. 3123 (CSH). On November 9, 2007, the Court, as contemplated under Case Management Order No. 5. (Doc. 9100), refused leave for plaintiffs to file a Motion for Summary Judgment on the coverage issue based on the on-going New York litigation. Faced with the New York court's decision to eschew the First-to-File Rule and this

Court's understanding that a coverage decision would be swiftly forthcoming from the Court on coverage, for the sake of judicial economy, this Court decided to deny plaintiffs' the right to file a Motion for Summary Judgment on the issue.

Since then, this Court has set a July 13, 2009, trial date for all of the claims inherent in the BARGE litigation. In the New York litigation, there is presently no trial date set and dispositive motions, which are expected to be filed on this coverage issue, are to be filed by August 4, 2008 with briefing continuing through August 25, 2008. A pre-trial conference is then scheduled to be held four weeks from a decision on such motions, at which time a trial date will be set. In addition, it appears that the litigation in New York has blossomed with a number of ancillary issues that are threatening this present schedule in New York. As such, this Court is becoming increasingly concerned that the underlying reasoning for its decision to forego litigating the issue of coverage at this time in this litigation is evaporating and that the New York litigation and its schedule may have a negative impact on these proceedings.

To that end and after much discussion, the Court decided that it would allow the parties to brief the Court as to their respective positions concerning the filing by plaintiffs of a Rule 56 motion on coverage with respect to the American Club. Accordingly,

**IT IS ORDERED** that no later than July 14, 2008, plaintiffs shall file a memorandum outlining their arguments with respect to the efficacy and need for their being able to adjudicate the coverage issue vis-a-vis American Lines by motion at this time. This brief shall include the issue of issue preclusion and what effect, if any, that a New York ruling might have on the present litigation. In addition, plaintiffs' must address the issue of the efficacy of referring this matter at the appropriate time to the MDL panel. Also, the Court is concerned as to whether

plaintiffs intend to pursue only the American Club in this matter. Plaintiffs should inform the Court if they intend to sue or have sued any other insurer directly and the status of those claims.

**IT IS FURTHER ORDERED** that Lafarge and the insurance defendants shall respond with their respective positions no later than July 28, 2008. In such filing, the Court also requires an explanation of the insurance coverage issues pending or to be raised in all related cases in New York and a candid evaluation as to the effect of these suits on this litigation.

After these memoranda are filed, this Court will decide forthwith whether it will allow the Rule 56 motion be filed.

JS-10: 45 MINS.