State Farm Ins.        10/2/2006 9:18 AM   PAGE   6/010   Fax Server

10/02/2006 08:59 FAX 5040035812        SF RIVERSIDE SHU       → CIOS        ☒004/009

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 2006-9720            DIVISION "#"-15            FILED
                                                    2006 AUG 28 P 4:56
                                                    CIVIL
                                                    DISTRICT COURT

JASON HARMER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____
                                DEPUTY CLERK

### PETITION FOR DAMAGES AND DECLARATORY JUDGMENT

NOW INTO COURT, comes Petitioner Jason Harmer, a person of the age of majority and a citizen of and domiciled in the Parish of Orleans, State of Louisiana, on behalf of himself and all others similarly situated and for their Petition for Declaratory Judgment with respect state:

1.

Venue is proper in this Court pursuant to LSA-C.C.P. art. 42.

### FACTUAL BACKGROUND

II.

On Monday, August 29, 2005, Hurricane Katrina made its second landfall in Louisiana as a Category 4 hurricane with winds of 145 mph. The winds of the hurricane breached three levees on Lake Pontchartrain, allowing water to flow into the city of New Orleans. After, and only because, the levees breached, did water enter the city; it did not flow over the levees themselves. The water flowing through the levees subsequently damaged the personal property of residents who owned renter's insurance policies purchased from State Farm Fire and Casualty.

III.

The plaintiff in this action, Jason Harmer, is a second-year student at Tulane University Law School. He was a visiting student at the Northwestern University School of Law for the Fall 2005 semester pending the resumption of classes at Tulane. Prior to August 29, 2005, he lived in a first floor apartment at 3132 State Street Drive, across the street from the Tulane campus.

OCT-05-2006 THU 08:31 AM 309 766 8285                                P. 07

EXHIBIT
1

State Farm Ins.         10/2/2006 9:18 AM   PAGE   7/010    Fax Server
10/02/2006 08:59 FAX 5049838812      SF RIVERSIDE SRU      → CIOS        @005/005

### IV.

Jason Hammer purchased a renter's policy from State Farm Fire and Casualty with a term of twelve months, effective from February 10, 2005 through February 10, 2006, a copy of which is attached to this Complaint as Exhibit A. His policy and all class members' policies were valid when Hurricane Katrina made landfall, August 29, 2005.

### V.

Jason Hammer suffered damage and loss of nearly all personal property located in his apartment as a result of water flowing from Lake Pontchartrain after Hurricane Katrina damaged the system of dams and levees protecting the city. He further sustained monetary losses when he evacuated his residence.

### VI.

Jason Hammer applied to State Farm for coverage under the terms of the policy. State Farm denied coverage in a letter, dated September 23, 2005, citing exclusionary provision Section I-1.c. of the policy: "Water damage, meaning: (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not". The policy contains no exclusion for hurricane water. The letter also states that the damaging water was rainwater which is likewise not excluded by the policy. Although plaintiff lost virtually all property located in his apartment, State Farm offered only to pay $535 for food spoiled as a result of the electrical service interruption following the storm.

### VII.

Merriam-Webster's Dictionary defines flood as "a rising and overflowing of a body of water especially onto normally dry land." In the instant case, the damaging water did not rise and flow over the levees, but rather flowed through breaches caused by the hurricane winds.

### VIII.

Made defendant herein is: STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer domiciled in the State of Illinois and doing business in the State of Louisiana with a market share of approximately X% of Louisiana renter's insurance policies.

### IX.

As a result of this denial of their claim, Plaintiffs reserve the right to retain their own experts to examine the damage to their property caused by Hurricane Katrina.

To date, Defendant, STATE FARM FIRE AND CASUALTY COMPANY has failed to make any payments on Plaintiff's claim under the renter's policy.

2

State Farm Ins.       10/2/2006 9:18 AM    PAGE    8/010    Fax Server

10/02/2006 08:59 FAX 5048838912        SF RIVERSIDE SHU         → CIOS

X.

Plaintiffs have complied with all of their duties and responsibilities as set forth by the policy.

XI.

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is also liable for the full value of Plaintiff's movable property under the policy pursuant to Louisiana's Valued Policy Clause, La.R.S.22:695, as Plaintiffs' property was a total loss caused by a covered peril.

XII.

Louisiana R.S.22:658 requires insurers, among other things, to pay the amount of any claim due its insured within thirty (30) days after receipt of satisfactory proof of loss, initiate loss adjustment within thirty (30) days of notification of loss by claimant, and make a written offer to settle within thirty (30) days of satisfactory proof of loss.

XIII.

Plaintiffs provided Defendants with satisfactory proof of loss over ninety (90) days prior to the filing of this petition, and Defendants have inspected Plaintiffs' property.

XIV.

Defendants have failed to pay Plaintiffs the sums due them under the policy for repair and/or replacement of their damaged property, its contents and additional living expenses incurred, and Defendants have failed to timely and properly initiate loss adjustment to Plaintiffs' property.

XV.

Defendants' failure to pay and/or timely initiate loss adjustment is arbitrary, capricious and without probable cause and is in bad faith, making Defendants liable to Plaintiffs for damages, penalties and attorney fees under applicable law, including but not limited to La.R.S.22:658, et seq.

XVI.

Louisiana R.S.22:1220 provides that an insurer owes a duty of good faith and fair dealing to its insured, and it provides that insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims.

3

State Farm Ins.       10/2/2006 9:18 AM   PAGE   9/010   Fax Server
10/02/2008 09.53 FAX 5048938972       SF RIVERSIDE SHU     → CIOS        007/009

XVII.

Defendant, STATE FARM FIRE AND CASUALTY COMPANY has violated its duties under La.R.S. 22:1220 as alleged herein and is therefore liable for damages, penalties and attorney fees under applicable law, including but not limited to La. R.S. 22:1220 by one of the following acts or omissions:

a) knowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue;

b) arbitrarily, capriciously and without probable cause, failing to pay the amount of claim due within sixty (60) days after receipt of satisfactory proof of loss.

XVIII.

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is liable for the acts and omissions of its agents, employees and representatives in the handling of the Plaintiffs' claim, failure to adjust Plaintiffs' claim in good faith and failure to disclose material information to Plaintiffs causing further delay and damage to Plaintiffs as a result.

XIX.

This action is appropriate for determination through the Louisiana Class Action Procedure (LSA-C.C.P. art. 591, et seq.) for the following reasons:

a.   Numerosity

Plaintiff is informed and believes, and on that basis alleges, that this class consists of thousands of persons presenting a level of numerosity most appropriately handled by the class action procedure.

b.   Common Questions of Law and Fact

This Petition for Declaratory Judgment seeks a declaration of the court that the water entering New Orleans beginning on August 29, 2005 due to breaches in the levees does not fall within the exclusion of flood or surface water nor was it caused by rainwater, as claimed in State Farm's denial letter, attached to this Complaint as Exhibit B.

c.   Adequate Representation

Plaintiff will fairly and adequately represent the interests of the class as no interest of plaintiff conflicts with any other member of the class.

4

State Farm Ins.          10/2/2006 9:18 AM   PAGE 10/010   Fax Server
10/02/2006 09:59 FAX 5048838812      SF RIVERSIDE SHU      → CIOS         ☒ 008/009

d. **Typicality**

The claims of the class representatives as named herein are typical of the claims of the class members they seek to represent in that they are all seeking declarations from the Court that the damage caused by water entering New Orleans through breached levees does not fall within the exclusionary provisions of flood, surface water, etc.

e. **Superiority**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members would be unduly burdensome to the plaintiffs as well as unduly burdensome and expensive to the court system and the defendants.

XX.

Plaintiff brings this Petition for Declaratory Judgment on behalf of himself and all others similarly situated, seeking a declaration by this Court that the damage caused by water entering New Orleans through breached levees does not fall within the exclusionary provisions of flood, surface water, etc. of plaintiff's State Farm renter's policy.

XXI.

It is appropriate for the issue presented in this Petition to be decided by declaratory judgment since their proper resolution affects thousands of Louisiana citizens. Many of the class members are suffering and will continue to suffer emotional and financial hardship until this issue is decided.

XXII.

WHEREFORE, plaintiff prays that after due proceedings had that this matter be certified as a class action in accordance with LSA-C.C.P. art. 591, et seq., and that the Court enter a declaratory judgment on behalf of himself and all other similarly situated, that the damage caused by water entering New Orleans through the levee breaches does not fall within the exclusion of flood, surface water, nor any of the other exclusions contained in the policy, that the breaches were a result of wind or storm damage covered by the policy.

Respectfully submitted:

_____
Kevin J. Kuboer, # 21306
2640 Barracks Street
New Orleans, LA 70119
Telephone: (504) 827-0494
Fax: (504) 301-0698 (call first)

Temporary location:
4445 Painters St.
New Orleans, LA 70122
(504) 460-2898

BLUHM LEGAL CLINIC
NORTHWESTERN UNIVERSITY
J. Samuel Tenenbaum
Not Licensed in Louisiana
Pro Hac Vice
Illinois State Bar No. 15245
357 East Chicago Avenue
Chicago, IL 60611
Tel: (312) 503-4808

PLEASE SERVE:

STATE FARM FIRE AND CASUALTY COMPANY
By and through its agent for service of process:
The Louisiana Secretary of State,
8549 United Plaza Blvd.
Baton Rouge, LA 70809

A TRUE COPY
_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

6