UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, K. Jones, 06-9151 | * * | JUDGE DUVAL<br>MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT PURSUANT TO THE COURT'S POST-SHER CASE MANAGEMENT ORDER**

Defendant, State Farm Fire and Casualty Company ("State Farm") submits this Memorandum in Support of its Motion for Entry of Final Judgment Pursuant to the Court's Post-Sher Case Management Order (Rec. Doc. 13521) dismissing with prejudice all claims asserted by plaintiffs against any insurer defendant alleging the failure of the defendant to provide flood damage coverage under an insurance policy that excludes such coverage.

**I.   BACKGROUND**

The plaintiffs, Ken Jones and Lorie James-Jones ("Plaintiffs"), filed suit in the Civil District Court for the Parish of Orleans on September 20, 2006, seeking damages and penalties from State Farm for its alleged failure to provide coverage and payment under Plaintiffs' State Farm homeowners policy for property damage sustained as a result of flooding related to Hurricane Katrina. *See* 06-9151, Rec. Doc. 1. State Farm timely removed the suit to the Eastern District of Louisiana on October 27, 2006. *Id.* On September 5, 2007, the Plaintiffs filed their

First Supplemental and Amended Complaint, which they allege replaces the original Petition in its entirety. A copy of the First Supplemental and Amended Complaint is attached hereto as Exhibit "2." On September 20, 2007, the case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*. *See* 06-9151, Rec. Doc. 38.

On March 11, 2008, this Court ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for water damage under their respective homeowners policies. *See* Rec. Doc. 11613. State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091. State Farm's global motion applies to three-hundred thirty-two (332) cases in the *In Re Katrina* Umbrella. After completing a detailed analysis of these complaints, the complaints were placed into two (2) categories: (a) cases in which plaintiffs seek to recover for damages caused by flood water alone (not covered under their homeowners policies) (*see* Exhibit A to State Farm's global motion, Rec. Doc. 12091-3); and (b) cases in which plaintiffs seek to recover for damages caused by *both* flood waters (not covered under their homeowners policies) *and* wind/wind-driven rain (potentially covered under their homeowners polices) (*see* Exhibit B to State Farm's global motion, Rec. Doc. 12091-4). The instant case is subject to State Farm's global motion to dismiss and was listed on Exhibit A as a suit which seeks to recover for damages caused by flood alone. *See* Rec. Doc. 12091-3. State Farm's global motion seeks full dismissal of the instant plaintiffs' entire suit, with prejudice. To date, however, the Court has not issued a ruling on State Farm's global motion. Thus, out of abundance of caution and in an effort to preserve its rights, State Farm moves the Court to enter final judgment in this case pursuant to its Post-Sher Case Management Order (Rec. Doc. 13521).

935745v.1

**II.     ARGUMENT**

This Court's Post-Sher Case Management Order dismissed with prejudice all claims for flood coverage under homeowners policies and further ordered that "any defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008**." *See* Rec. Doc. 13521.  The instant case falls into the category of cases to which the Order is directed.

As evident from Plaintiffs' Petition (attached hereto as Exhibit "1"), Plaintiffs exclusively assert claims for insurance proceeds for property damage sustained as a result of canal and levee overtopping, storm surge, and/or levee failures caused by Hurricane Katrina and fails to state any claims whatsoever for covered losses.  Based on this Court's decision in *Chehardy* and the Fifth Circuit's subsequent affirmation of that decision, such losses are clearly and unambiguously excluded by Plaintiffs' homeowners policy.  *See In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.) ("*Katrina Canal Breaches I*"), *aff'd as to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).  Like the plaintiffs in *Chehardy*, the Plaintiffs here seek a court determination that State Farm's water damage exclusion does not extend to canal and levee overtopping, storm surge, and/or levee failures on the grounds that hurricane winds and/or human negligence caused or contributed to the levee breaches or overtopping and, therefore, the resulting flood damage is covered under the policies, notwithstanding coverage exclusions for flood damage.  *See* Plaintiffs' First Amended and Supplemental Complaint.

Plaintiffs' assert in their First Amended and Supplemental Complaint that they are entitled to recover under their homeowners policy for damage caused by flooding; such damages are specifically excluded under the terms of their homeowners policy. Thus, pursuant to this Court's Post-Sher Case Management Order (Rec. Doc. 13521) dismissing with prejudice all claims asserted by plaintiffs against any insurer defendant alleging the failure of the defendant to provide flood damage coverage under an insurance policy that excludes such coverage, all of Plaintiffs' claims against State Farm related to flood damage have been fully resolved. Accordingly, State Farm respectfully requests that a Plaintiffs claims against State Farm regarding their flood damage be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, State Farm respectfully moves the Court for entry of final judgment of dismissal in favor of State Farm in accordance with the Court's Post-Sher Case Management Order (Rec. Doc. 13521).

>                /s/ Wayne J. Lee
> Wayne J. Lee, Bar No. 7916
> Mary L. Dumestre, Bar No. 18873
> Andrea L. Fannin, Bar No. 26280
> Lesli D. Harris, Bar No. 28070
> STONE PIGMAN WALTHER
>   WITTMANN LLC
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Telephone: (504) 581-3200
>
> Attorneys for Defendant
>   State Farm Fire and Casualty Company

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order has been served upon all counsel of record by electronic service through the Court's CM/ECF system this 14th day of July, 2008.

                                                       */s/ Wayne J. Lee*