CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2006-11323         DIVISION: "_F_"         SECTION: _14_

FILED
2006 SEP 20 P 3: 26
CIVIL DISTRICT COURT

"HURRICANE LITIGATION"

KENNETH JONES AND LORIE JAMES-JONES

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY, INC.,
BOB NOWLIN AND ABC INSURANCE COMPANY

FILED: _____     _____
                                      DEPUTY CLERK

## PETITION FOR DAMAGES AND DECLARATORY JUDGMENT

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The petition of Kenneth Jones and Lorie James-Jones, both persons of the age of majority and citizens of the Parish of Orleans, State of Louisiana, through undersigned counsel, on information and belief, with respect allege that:

### I. JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this action pursuant to Article 2 and Article 1871 et seq, La. C. C. P.

2.

This Court has personal jurisdiction over both the plaintiffs and defendants pursuant to Article 6, La. C. C. P., as the events comprising the underlying facts of this case occurred within the jurisdiction of this Court.

3.

Venue is proper within this Court pursuant to Article 74, La. C. C. P., as the wrongful conduct giving rise to the present action and/or damages occurred in this Parish and within the jurisdiction of this Court.

1



## II. PARTIES

4.

Made defendants herein are:

1. STATE FARM FIRE AND CASUALTY COMPANY, INC., a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, ("State Farm") which at all times pertinent herein was the homeowner's insurer of Kenneth Jones and Lorie James-Jones for the property located at the municipal address of 4715 Werner Drive, New Orleans, Louisiana 70126;

2. Bob Nowlin, a licensed insurance agent, which at all times pertinent hereto provided insurance advice and sold policies of insurance and/or provided other insurance services in the Parish of Orleans, State of Louisiana; and who sold homeowners' and flood insurance policies to the plaintiffs.

3. ABC INSURANCE COMPANY, a foreign and/or domestic insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which at all times pertinent herein was the errors and omissions insurer of State Farm and Bob Nowlin.

## III. FACTUAL BACKGROUND

5.

On or about August 29, 2005, Hurricane Katrina, as predicted by weather forecasters, passed through the Parish of Orleans, and thereafter caused massive damage, including storm water, flood and wind damage to component parts and contents of plaintiffs' residence located at 4715 Werner Drive, New Orleans, Louisiana 70126, including but not limited to ancillary structures insured by the insuring agreement between plaintiffs and State Farm. The building, ancillary building and contents were a total loss entitling plaintiffs to the full insurable amount shown on their policy for building and structures.

6.

At all times relevant hereto, plaintiffs owned the insured residence and resided there until they were forced to evacuate by mandatory evacuation orders issued by the Governor of the State of Louisiana and the Mayor of New Orleans.

2

10/04/2006 11:47 FAX 309 766 8285    CORP. LAW EC    Case 2:05-cv-04182-SRD-JCW    Document 13826-2    Filed 07/14/08    Page 3 of 12    ☒008/020

09/27/2006 19:03 FAX 5048838812    BOB NOWLIN STATE FARM → SF RIVERSIDE SHU    → CIOS    ☒006/017
Sep 27 06 12:07p

7.

At all times material hereto, plaintiffs had a homeowners' insurance contract in effect with State Farm. The applicable insurance contract specifically provided coverage for the incident that occurred on and after August 29, 2005. Plaintiffs purchased from Defendants a homeowner's policy, issued to plaintiffs, naming Kenneth Jones and Lorie James-Jones as the insured. The subject policy insured the residence at 4715 Werner Drive, New Orleans, Louisiana 70126 for approximately $87,100 for dwelling, $65,000 for contents, $8,700 in dwelling extension/other structures, and the actual cost incurred for loss of use.

8.

Kenneth Jones and Lorie James-Jones sought advice from and purchased policies of insurance from Bob Nowlin, a licensed insurance agent authorized to do and doing business in the State of Louisiana and the Parish of Orleans. The plaintiffs relied on Mr. Nowlin's insurance expertise to provide them with complete and competent advice regarding the amount and type of insurance to provide them with full coverage.

9.

Plaintiffs' residence, as a result of the above sudden and accidental event was severely damaged and/or destroyed. The National Weather Service reported the landfall winds reached and/or exceeded 145 MPH at 6:00 a.m. on August 29, 2005. Katrina passed just to the east of the City of New Orleans, the winds were at and/or in excess of 135 MPH at 8:00 a.m. The eye of Katrina was 32 miles in diameter and Katrina's winds radiated 125-150 miles from the center. The strength and magnitude of Katrina's violent winds leave little doubt to consider that the high velocity wind force was the "efficient proximate cause" of the damage to plaintiffs' building and ancillary structures and total destruction/loss of plaintiffs' building and ancillary structures. As a result of this damage, subsequent storms and/or weather further aggravated and/or contributed to the property loss.

10.

Plaintiffs' residence sustained massive damage as a result of a sudden and accidental event that proceeded or occurred as a result of an otherwise covered peril as defined in their policy of insurance.

3

10/04/2006 11:47 FAX 309 766 8285  Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 4 of 12
CORP. LAW EC                                                                                          ☒009/020

09/27/2006 18:04 FAX 5049838812         SF RIVERSIDE SHU          → CIOS              ☒007/017
Sep 27 06 12:07p    BOB NOWLIN  STATE FARM  p

11.

Following the storm, plaintiffs notified State Farm of their loss and filed their claim.

12.

Subsequently, State Farm sent adjusters and/or other authorized representatives to evaluate plaintiff's loss.

13.

In turn, State Farm and/or its authorized agent advised the plaintiffs that the value of their loss was significantly less than the true value of the damages and/or the necessary repairs to the residence, other structures and its contents.

14.

At all times material hereto, plaintiffs have fully cooperated with State Farm and provided access to the residence, as well as claim documentation to the best of their ability.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VALUED POLICY LAW

15.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 14, as if delineated here *in extenso*.

16

Plaintiffs also allege that Hurricane Katrina destroyed plaintiffs' insured property, and that coverage extended by the terms in the contract of insurance issued to plaintiffs by virtue of La. R. S. 22:695 and policy language contained within the State Farm contract of insurance, which entitles plaintiffs to the total face amount of the policy of insurance.

17.

Plaintiffs' home sustained loss or damage from hurricane related winds, which is a covered peril under the State Farm's insurance policy, and the efficient proximate cause of their loss.

18.

As a result of Hurricane Katrina, and/or subsequent storms or weather, plaintiffs sustained substantial damage to their residence and its contents rendering it a total loss and/or constructive total loss.

4

10/04/2006 11:48 FAX 309-766-8265   CORP. LAW EC                    @010/020
Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 5 of 12

09/27/2006 13:04 FAX 5048898812           SF RIVERSIDE SHU         → CIOS        @008/017
Sep 27 06 12:07p    BOB NOWLIN  STATE FARM

19.

Prior to the placement of coverage, defendant, State Farm, placed a valuation upon the covered property and used such valuation for purposes of determining the premium charge to be made under the policy.

20.

Defendants, State Farm, did not use a different method in the computation of loss of the insured property.

21.

The homeowner's policy, which covers the peril of fire, and the application of it, if any, issued by defendants to plaintiffs did not set forth in type of equal size a different method of loss computation by the insurer.

22.

Plaintiffs are entitled to recover the stated value of the homeowner's policy, without deduction or offset, pursuant to La. Rev. Stat. 22:695.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT

23.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 22, as if delineated here in extenso.

24.

State Farm breached its contract of insurance with plaintiff by:

A. Failing to promptly and reasonably adjust the claim;

B. Failing to properly train and/or instruct its adjusters and/or agents;

C. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

D. Failing to take into account increases in the cost of labor, material and/or replacement cost and adjusting claims for these increased costs;

E. Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

F. Failing to pay for sufficient living expenses incurred by plaintiff after they evacuated their insured residence in the time frame of the relevant insurance contract;

5

10/04/2006 11:48 FAX 309 766 8285    CORP. LAW EC    ☒011/020
Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 6 of 12

08/27/2006 13:04 FAX 5048838812    SF RIVERSIDE SHU    → CIOS    ☒009/017
Sep 27 06 12:07p    BOB NOWLIN STATE FARM    p

G.   Failing to promptly adjust and properly pay the policy limits for the plaintiffs' total loss of buildings;

H.   Failing to provide sufficient funds for the repair or replacement of the contents contained in the subject property, as per policy provisions; and

I.   Any other acts or omissions to be shown at trial on the merits.

### THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

25.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 24, as if delineated here *in extenso*.

26.

State Farm further breached its contract with plaintiff and/or acted negligently by the following actions:

A.   Failing to respond to verbal requests and correspondence in a timely manner;

B.   Failing to properly and timely adjust this case consistent with insurance industry standards;

C.   Failing to provide any reasonable basis for denying payment on this claim now months following the incident;

D.   Failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

E.   Any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

### FOURTH CAUSE OF ACTION: BAD FAITH

27.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 26, as if delineated here *in extenso*.

28.

Pursuant to La. R.S. 22:1220; La. R.S. 22:658 and La. C.C. Art. 1997, State Farm further breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with plaintiffs by:

A.   Failing to issue a property insurance contract to plaintiffs that contained exclusionary

6

10/04/2006 21:48 FAX 308 766 8285    CORP. LAW EC    Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 7 of 12   ☒ 0127/020

09/27/2006 13:04 FAX 5048838812    SF RIVERSIDE SHU    → CIOS    ☒ 010/017
Sep 27 06 12:08p    BOB NOWLIN STATE FARM 5

language that is narrowly drafted;

B. Failing to issue a property insurance contract to plaintiffs that contained exclusionary language that was defined within the agreement;

C. Failing to issue a property insurance contract to plaintiffs that is not designed to be used to deny coverage for the cost of repairs and restoration of plaintiffs' property as a result of the damages arising from an occurrence or covered peril as defined in the policy;

D. Failing to issue a policy of insurance that will provide for the repair of any covered damage resulting from a covered accident and direct physical loss which resulted from the high velocity hurricane winds that damaged plaintiffs' property and destroyed its contents;

E. Failing to provide a property insurance contract that is unambiguous;

F. Failing to pay plaintiffs sufficient additional living expenses;

G. Failing to sufficiently pay plaintiffs for contents damages;

H. Failing to pay a settlement within thirty (30) days after the agreement is reduced to writing;

I. Failing to pay the full amount of any claim due the plaintiffs within sixty (60) days after receipt of satisfactory proof of loss;

J. Failing to promptly adjust the claim within thirty (30) days of being notified by petitioners.

K. Failing to reasonably and promptly adjust the amounts of the claim to reflect increases in the costs of repairs and/or replacement;

L. The defendants failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles plaintiffs to recover attorney's fees, costs and penalties as allowed by law; and

M. Any other acts or omissions to be shown at trial on the merits.

29.

Defendant's, State Farm, failures were willful and/or intentional and/or arbitrary and capricious so that the plaintiffs are entitled to an award of penalties, attorney's fees and costs.

7

10/04/2006 11:48 FAX 309 766 8285   CORP. LAW EC                                              013/020

09/27/2006 13:04 FAX 5048838812           SF RIVERSIDE SHU         + CIOS                     017/017
Sep 27 06 12:08p    BOB NOWLIN STATE FARM 5

### FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT

30.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 29, as if delineated here in extenso.

31.

Plaintiffs seek a declaratory judgment pursuant to the Louisiana Code of Civil Procedure Article 1871, et seq., for the purposes of determining a question of actual controversy between the parties concerning their rights, obligations, and coverages under the subject policy.

32.

Plaintiffs further seek a declaration that the Louisiana Valued Policy Law, La. R.S. 22:265, applies to the policy at issue herein.

33.

Plaintiffs seek a declaration that the homeowner's policy provides full insurance coverage for all damage to the insured residence, property, and loss of use caused by Hurricane Katrina and/or Hurricane Rita.

### SIXTH CAUSE OF ACTION: SPECIFIC PERFORMANCE

34.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 33, as if delineated here in extenso.

35.

State Farm entered into the subject contract of insurance with the plaintiffs wherein it clearly and expressly agreed to provide insurance coverage for physical loss to property, contents and loss of use proximately and efficiently caused by a hurricane. Plaintiff in turn paid State Farm a substantial premium and plaintiffs agreed to a "hurricane deductible" in consideration for the agreed upon hurricane coverage.

36.

Plaintiffs have now suffered total destruction of their insured residence and property as a proximate and direct result of Hurricane Katrina and/or subsequent storms or weather and have consequently been denied use of their residence as well.

8

10/04/2006 11:48 FAX 309 766 8285   CORP. LAW EC   Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 9 of 12   ⌀014/020

09/27/2006 13:04 FAX 5049938912   BOB NOWLIN STATE FARM   SF RIVERSIDE SHU   → CIOS   ⌀012/017
Sep 27 06 12:09p

37.

Plaintiffs have performed their end of the bargain and are accordingly now entitled to specific performance of the homeowner's insurance contract. The Court should therefore require State Farm to specifically perform such agreement.

### SEVENTH CAUSE OF ACTION: UNJUST ENRICHMENT

38.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 37, as if delineated here in extenso.

39.

Despite realizing substantial premium from plaintiffs, State Farm has withheld the insurance proceeds owed to plaintiffs for the hurricane damage to their insured property.

40.

In addition, by classifying Hurricane Katrina and/or subsequent storms or weather and the damage to plaintiffs' residence and property as "flood", State Farm has wrongfully realized insurance premiums and withheld insurance proceeds for which plaintiffs are entitled.

41.

State Farm has therefore been unjustly enriched at plaintiffs' expense.

### EIGHTH CAUSE OF ACTION: AGENT NEGLIGENCE AND/OR BREACH OF CONTRACT

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 41, as if delineated here in extenso

42.

Plaintiffs, Kenneth Jones and Lorie James-Jones, sought the advice of and relied on the expertise of Bob Nowlin, a licensed insurance agent for State Farm, to obtain full and complete flood and homeowner's coverage for their residence at 4715 Werner Drive, New Orleans, Louisiana 70126.

43.

As the plaintiffs' fiduciary, Mr. Nowlin obtained a homeowner's policy of insurance through State Farm and a flood insurance policy from the National Flood Insurance Program underwritten by FEMA.

9

10/04/2006 11:45 FAX 909-766-8285   Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 10 of 12   CORP. LAW EC                           ☒015/020

09/27/2006 13:04 FAX 5048898812         SF RIVERSIDE SHU          → CIOS           ☒013/017
Sep 27 06 12:09p    BOB NOWLIN STATE FARM 5

44.

At all times relevant herein, Mr. Nowlin advised the plaintiffs that the flood insurance policy would provide full coverage for all damage that might be incurred to the dwelling and its contents and that plaintiffs were fully insured.

45.

However, Mr. Nowlin obtained far less in dwelling and contents coverage under the flood insurance than he sold them in homeowner's insurance through State Farm.

46.

Mr. Nowlin did not advise plaintiffs as to the necessity and/or availability of a greater amount of dwelling and contents coverage under the flood insurance policy. Otherwise, plaintiffs would have purchased a flood contents insurance in an amount commensurate with the replacement value of this dwelling and contents contained therein.

47.

In actuality, neither policy sold to plaintiffs was sufficient in policy limits to pay to replace and/or repair the damage incurred as a result of covered perils under both/either policy.

48.

Moreover, Mr. Nowlin assured plaintiffs that the loss of use/ALE insurance under their homeowner's policy would cover them regardless if their loss of use/ALE was incurred as a result of flooding.

49.

As a result of Mr. Nowlin's negligence and/or breach of contract and/or breach of fiduciary duty in failing to procure sufficient insurance for flood and/or wind perils, plaintiffs were uninsured/underinsured and have suffered significant damages.

50.

ABC Insurance Company is the errors and omissions insurer of Bob Nowlin and/or State Farm, and is directly liable to plaintiffs herein pursuant to the Louisiana Direct Action Statute.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs are entitled to full insurance coverage under the State Farm homeowner's policy of insurance for the damage to the insured residence and property caused by Hurricane Katrina and/or Hurricane Rita and other such, equitable relief set for in the petition.

10

including, but not limited to:

A. A Declaration and/or Judgment by this Court that the subject policy provides full insurance coverage for the damages caused by Hurricane Katrina and/or Hurricane Rita to plaintiffs' insured residence as well as loss of use and additional living expenses;

B. A Declaration and/or Judgment by this Court that any damage to plaintiffs' insured residence and property caused by "storm surge" is not excluded under th subject policy;

C. A Declaration and/or Judgment by this Court that the subject policy's "flood" exclusion is not applicable and ambiguous;

D. A Declaration and/or Judgment by this Court that the State Farm policy is subject to the Louisiana Valued Policy Law, La. Rev. Stat. 22:695; that plaintiffs' residence is a total loss; and that the covered structure sustained a covered loss or damage;

E. A Declaration and/or Judgment by this Court that to the extent that plaintiffs were uninsured/underinsured for the perils experienced in Hurricanes Katrina and Rita, their agent, Bob Nowlins, is responsible for said damage and owes plaintiffs the difference between the damage incurred and the applicable coverages provided by the insurance policies at issue herein.

F. Specific Performance of the subject State Farm policy;

G. Attorney's fees and court costs against defendants, State Farm Fire and Casualty Insurance Company, Bob Nowlin, and ABC Insurance Company, in accordance with La. Rev. Stat. 22:657 and 22:658;

H. Damages and penalties against defendants, State Farm Fire and Casualty Insurance Company, Bob Nowlin and ABC Insurance, in accordance with La. Rev. Stat. 22:1220, including damages for bad faith and arbitrary and capricious actions included hereinabove;

I. Court costs, expenses, and judicial interest; and

J. Any and all other equitable relief deemed appropriate by this Court.

WHEREFORE, plaintiffs, Kenneth Jones and Lorie James-Jones, pray that a copy of this Petition for Declaratory Judgment and Petition for Damages, along with proper citation be served

11

10/04/2008 12:35 FAX 504-736-5205  CORP. LAW EC                                    ☒017/020
Case 2:05-cv-04182-SRD-JCW   Document 13826-2   Filed 07/14/08   Page 12 of 12

09/27/2008 13:05 FAX 5048838812        SF RIVERSIDE SHU         → CIOS         ☒015/017
Sep 27 06 12:10p    BOB NOWLIN  STATE FARM 5

upon defendants, State Farm Fire and Casualty Insurance Company, ABC Insurance Company and Bob Nowlin. Plaintiffs also respectfully request that defendants be caused to answer or otherwise plead within the delays set forth in Louisiana Code of Civil Procedure. Plaintiffs pray that there will be judgment in their favor and against defendants for all damages prayed for herein, along with legal interest from the date of judicial demand, all cost of filing this Petition, attorney's fees, penalties and all equitable relief to which plaintiffs may be entitled.

FILED
SEP 20 P 3:26
CIVIL COURT

Respectfully submitted,

_____
Paul C. Miniclier, Esq. (Bar #17062)
David A. Binegar, Esq. (Bar #26603)
LAW OFFICE OF PAUL C. MINICLIER
1305 Dublin Street
New Orleans, Louisiana 70018
Telephone: (504) 864-1276
Facsimile: (504) 864-1278
Attorneys for plaintiffs, Kenneth Jones
and Lorie James-Jones

**PLEASE SERVE:**

STATE FARM FIRE & CASUALTY INSURANCE COMPANY
through its registered agent for service of process,
Louisiana Secretary of State

BOB NOWLIN
14349 Chef Menteur Hwy
Ste. C
New Orleans, LA 70129

**PLEASE WITHHOLD SERVICE ON:**

ABC INSURANCE COMPANY