UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: INSURANCE, MURDOCK 07-4784 | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

*************************************************************************

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO THE COURT'S POST-SHER CASE MANAGEMENT ORDER**</u>

Defendant, State Farm Fire and Casualty Company ("State Farm") submits this Memorandum in Support of its Motion for Entry of Final Judgment Pursuant to the Court's Post-Sher Case Management Order (Rec. Doc. 13521) dismissing with prejudice all claims asserted by plaintiffs against any insurer defendant alleging the failure of the defendant to provide flood damage coverage under an insurance policy that excludes such coverage.

**I.    BACKGROUND**

The Plaintiffs, William and Paula Murdock ("Plaintiffs"), filed suit in the United States District Court for the Eastern District of Louisiana on August 28, 2007, seeking damages and penalties from State Farm for its alleged failure to provide coverage and payment under Plaintiffs' State Farm homeowners policy for property damage sustained as a result of flooding related to Hurricane Katrina. *See* 07-4784, Rec. Doc. 1. On September 25, 2007, the case was

consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*. *See* 07-4784, Rec. Doc. 3.

On March 11, 2008, this Court ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for water damage under their respective homeowners policies. *See* Rec. Doc. 11613. State Farm filed its global motion to dismiss on March 31, 2008. *See* Rec. Doc. 12091. State Farm's global motion applies to three-hundred thirty-two (332) cases in the *In Re Katrina* Umbrella. After completing a detailed analysis of these complaints, the complaints were placed into two (2) categories: (a) cases in which plaintiffs seek to recover for damages caused by flood water alone (not covered under their homeowners policies) (*see* Exhibit A to State Farm's global motion, Rec. Doc. 12091-3); and (b) cases in which plaintiffs seek to recover for damages caused by *both* flood waters (not covered under their homeowners policies) *and* wind/wind-driven rain (potentially covered under their homeowners polices) (*see* Exhibit B to State Farm's global motion, Rec. Doc. 12091-4). The instant case is subject to State Farm's global motion to dismiss and was listed on Exhibit A as a suit which seeks to recover for damages caused by flood alone. *See* Rec. Doc. 12091-3. State Farm's global motion seeks full dismissal of the instant Plaintiffs' entire suit, with prejudice. To date, however, the Court has not issued a ruling on State Farm's global motion. Thus, out of abundance of caution and in an effort to preserve its rights, State Farm moves the Court to enter final judgment in this case pursuant to its Post-Sher Case Management Order (Rec. Doc. 13521).

**II.     ARGUMENT**

This Court's Post-Sher Case Management Order dismissed with prejudice all claims for flood coverage under homeowners policies and further ordered that "any defendant who contends

that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008**." *See* Rec. Doc. 13521.  The instant case falls into the category of cases to which the Order is directed.

As evident from Plaintiffs' Petition, Plaintiffs exclusively assert claims for insurance proceeds for property damage sustained as a result of canal and levee overtopping, storm surge, and/or levee failures caused by Hurricane Katrina and fails to state any claims whatsoever for covered losses.  Based on this Court's decision in *Chehardy* and the Fifth Circuit's subsequent affirmation of that decision, such losses are clearly and unambiguously excluded by Plaintiffs' homeowners policy.  *See In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.) ("*Katrina Canal Breaches I*"), *aff'd as to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).  Like the plaintiffs in *Chehardy*, the Plaintiffs here seek a court determination that State Farm's water damage exclusion does not extend to canal and levee overtopping, storm surge, and/or levee failures on the grounds that hurricane winds and/or human negligence caused or contributed to the levee breaches or overtopping and, therefore, the resulting flood damage is covered under the policies, notwithstanding coverage exclusions for flood damage.  In fact, Plaintiffs' Petition contains allegations and theories of recovery virtually identical to those set forth and rejected in *Chehardy*.  *See* Plaintiffs' Petition, ¶ 28.

Plaintiffs' Petition does not seek recovery of independent, uncompensated wind damages.  Rather, the suit only asserts claims for damage caused by flooding.  Thus, pursuant to this Court's Post-Sher Case Management Order (Rec. Doc. 13521) dismissing with prejudice all

claims asserted by plaintiffs against any insurer defendant alleging the failure of the defendant to provide flood damage coverage under an insurance policy that excludes such coverage, all of Plaintiffs' claims have been fully resolved and there are no other outstanding issues to be litigated in the case. Accordingly, State Farm respectfully requests that a final judgment of dismissal be entered in favor of State Farm and against Plaintiffs.

### III.   CONCLUSION

For the foregoing reasons, State Farm respectfully moves the Court for entry of final judgment of dismissal in favor of State Farm in accordance with the Court's Post-Sher Case Management Order (Rec. Doc. 13521).

Respectfully Submitted,

/s/ Tricia E. Bollinger

**ALAN A. ZAUNBRECHER   (#13783)**
**RANDELL E. TREADAWAY (#1624)**
**TRICIA E. BOLLINGER (# 26204)**
**ZAUNBRECHER TREADAWAY, LLC**
**Suite 1045 – Lakeway II**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**(504) 833-7300**
alan@ztlalaw.com
randy@ztlalaw.com
tricia@ztlalaw.com
*Counsel for Defendant,*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of July, 2008, undersigned counsel electronically filed the foregoing with the Clerk of Court by using CM/ECF system.

/s/ Tricia E. Bollinger

**TRICIA BOLLINGER**