UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | **NO. 05-4182** |
| | * | |
| **PERTAINS TO:** | * | |
| | * | |
| | * | **JUDGE STANWOOD R. DUVAL, JR.** |
| | * | |
| | * | **MAGISTRATE JUDGE JOSEPH C.** |
| *Hardy Chiropractic Center, Inc.* | * | **WILKINSON, JR.** |
| C.A. NO. (07-9438) | | |

*************************************************************************************

## ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes and appears TRANSPORTATION INSURANCE COMPANY ("Transportation"), and in response to the Petition for Damages filed by plaintiff Hardy Chiropractic Center, Inc., respectfully answers as follows:

I.

The allegations of the preamble of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

II.

The allegations of paragraph I are admitted.

III.

Except to admit that Transportation issued an insurance policy listing Hardy Chiropractic Center Inc. as the named insured with an inception date of March 12, 2005, the terms of which are best evidence of its coverages, limitations and exclusions, the allegations of paragraph II of Plaintiff's original Petition for Damages are denied.

IV.

The allegations of paragraph no. III of Plaintiff's original Petition for Damages are denied.

V.

The allegations of paragraph no. IV of Plaintiff's original Petition for Damages are denied

VI.

The allegations of paragraph no. V of Plaintiff's original Petition for Damages are denied.

VII.

The allegations of paragraph no. VI of Plaintiff's original Petition for Damages are denied.

VIII.

The allegations of paragraph no. VII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

IX.

The allegations of paragraph no. VIII of Plaintiff's original Petition for Damages are denied.

X.

The allegations of paragraph no. IX of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XI.

The allegations of paragraph no. X of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XII.

The allegations of paragraph no. XI of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XIII.

The allegations of paragraph no. XII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XIV.

The allegations of paragraph no. XIII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XV.

The allegations of paragraph no. XIV of Plaintiff's original Petition for Damages are denied.

XVI.

The allegations of paragraph no. XV of Plaintiff's original Petition for Damages are denied.

XVII.

The allegations of paragraph no. XVI of Plaintiff's original Petition for Damages are denied.

XVIII.

The allegations of paragraph no. XVII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XIX.

The allegations of paragraph no. XVIII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XX.

The allegations of paragraph no. XIX of Plaintiff's original Petition for Damages are denied.

XXI.

The allegations of paragraph no. XX of Plaintiff's original Petition for Damages are denied.

XXII.

The allegations of paragraph no. XXI of Plaintiff's original Petition for Damages state mixed conclusions of law and fact, requiring no answer of this defendant. To the extent that an answer be deemed necessary, the allegations of paragraph XXI are denied.

XXIII.

The allegations of paragraph no. XXII of Plaintiff's original Petition for Damages are denied for lack of sufficient information to justify a belief as to the truth therein.

XXIV.

The allegations of paragraph no. XXIII of Plaintiff's original Petition for Damages are denied.

XXV.

The allegations of paragraph no. XXIV of Plaintiff's original Petition for Damages are denied.

XXVI..

The allegations of paragraph no. XXV of Plaintiff's original Petition for Damages are denied.

XXVII.

The allegations of paragraph no. XXVI of Plaintiff's original Petition for Damages are denied.

XXVIII.

The allegations of the prayer of Plaintiff's original Petition for Damages are denied.

**AND, NOW FOR FURTHER ANSWER**, Defendant affirmatively asserts the following:

XXIX.

To the extent the Plaintiff is not an "Insured" as defined by the Policy, the Plaintiff has no right of action against the defendant under the Policy.

XXX.

The Policy provides coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

To the extent that the plaintiff seeks recovery for loss of or damage to property that was not caused by or a Covered Cause of Loss as defined in the policy, there is no coverage.

XXXI.

To qualify as Covered Property the building or premises must have a Limit of Insurance shown in the Declarations, must meet the definition of Buildings or Business Personal Property as set forth in the Policy, and must not be Property Not Covered as defined in the Policy.

To the extent that the plaintiff seeks recovery for loss of or damage to Property Not Covered, property for which no limit is shown in the Declarations, or property not falling within the definition of Buildings or Business Personal Property as defined in the policy, there is no coverage.

XXXII.

The Policy excludes coverage for "loss or damage caused directly or indirectly" by, among other things, Ordinance or Law, Earth Movement, Governmental Action, Failure of Power/Utility Services, Water (including flood, surface water, waves, tides, tidal waves,

overflow of any body of water, or their spray, whether driven by wind or not, mudslide or mudflow, water that backs up from a sewer or drain, or water under the ground surface pressing on or flowing or seeping through foundations, walls, floors, paved surfaces, basements, doors, windows, or other openings), Electrical Apparatus, Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more, Smoke, Vapor, Gas, Steam Apparatus, Mechanical Breakdown, Dishonesty, False Pretense, Exposed Property, Collapse, Pollution, Other Types of Loss, Weather Conditions, Acts or Decisions, Negligent Work, or Fungi, Mold, Mildew and/or Yeast all as defined in the Policy. Such loss or damage is excluded "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

To the extent the Plaintiff seeks recovery for loss or damage caused directly, indirectly, concurrently, or in any sequence with an excluded cause of loss or loss or damage that is specifically excluded under the Policy, there is no coverage.

XXXIII.

Delay losses, loss of use, or loss of market are excluded from coverage under the Policy. To the extent the Plaintiff seeks recovery for such damages, there is no coverage.

XXXIV.

The Policy excludes coverage for loss or damage caused by or resulting from faulty, inadequate or defective: (1) design, specifications, workmanship, processing, manufacturing, testing, repair, installation , construction, renovation, remodeling, grading, compaction; (2) materials used in processing, manufacture, testing, repair, construction, renovation or remodeling; (3) planning zoning, development, surveying, siting; or (4) maintenance. To the

extent the Plaintiff seeks recovery for loss or damage caused by one or more of these excluded causes of loss, there is no coverage.

## XXXV.

To the extent the Plaintiff seeks recovery for Business Income and/or Extra Expense loss, the Policy provides specific terms, limitations, and exclusions of coverage all as set forth and defined in the Policy. Moreover, the Business Income loss must be caused by the necessary "suspension" of the plaintiff's "operations" during the "period of restoration" all as defined in the Policy. The "suspension" must be caused by direct physical loss of or damage to property at the described premised caused by or resulting from a Covered Cause of Loss. The Policy provides coverage for Extra Expense incurred during the "period of restoration" that would not have been incurred if there had been no direct physical loss or damage to the described property caused by or resulting from a Covered Cause of Loss, all as defined in the Policy.

To the extent the Plaintiff seeks recovery for losses not within the definitions and limitations of Business Income or Extra Expense, there is no coverage. Moreover, to the extent the Business Income or Extra Expense losses were not caused by a necessary suspension of the Plaintiff's "operations" caused by or resulting from a Covered Cause of Loss, there is no coverage. To the extent that the Plaintiff seeks recovery for Business Income or Extra Expense after the termination of the "period of restoration," there is no coverage. To the extent the Plaintiff could have resumed "operations", in whole or in part, by using damaged or undamaged property at the described premises or elsewhere, the amount of Business Income loss is reduced accordingly. To the extent that the Plaintiff could have returned operations to normal and

discontinue Extra Expense loss, the amount of Extra Expense loss is be reduced accordingly. Finally to the extent the Plaintiff seeks recovery of Business Income or Extra Expense caused directly, indirectly, concurrently, or in any sequence with an excluded cause of loss or loss or damage that is specifically excluded under the Policy, there is no coverage.

XXXVI.

The Policy provides coverage for actual loss of Business Income and Necessary Extra Expense as defined in the Policy "caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property other than at the described premises, caused by or resulting from a Covered Cause of Loss." This coverage begins and ends as specified in the Policy.

To the extent that civil authority did not prohibit access to the described premises due to direct physical loss of or damage to property other than at the described premises, caused by or resulting from a Covered Cause of Loss, or alternatively, that access to the described premises was concurrently prevented by an excluded cause of loss, including, but not limited to flood waters, there is no coverage under the Civil Authority provision of the Policy.

XXXVII.

Defendant specifically pleads the terms, limitations, and exclusions contained within the Building and Personal Property Coverage Form and the Causes of Loss - Special Form.

XXXVIII.

The Policy Declarations and other provisions provide Limits of Insurance for various covered losses or damages. To the extent the Plaintiff seeks recovery in excess of those limits, there is no coverage.

XXXIX.

The Policy Declarations and other provisions provide Deductibles for various covered losses or damages. To the extent the Plaintiff seeks recovery for amounts less than the Deductibles, there is no coverage. Moreover, Defendant has no obligations to pay unless or until the deductibles are satisfied.

XL.

The Policy contains all of the agreements between the Plaintiff and the Defendant concerning the insurance afforded under the Policy. To the extent the Plaintiff contends that other writings or documents not consented to by the Defendant and made a part of the policy by endorsement alter the provisions of the Policy, these writings and documents are without effect.

XLI.

The Policy requires the Plaintiff to submit an adequate Proof of Loss of damages as a condition of payment. To the extent the Plaintiff has failed to submit an adequate Proof of Loss of covered losses or damages, in whole or in part, the Defendant's obligation to pay has not been triggered and this action is premature.

XLII.

The Policy provides that the Plaintiff must comply with certain duties in the event of a loss or damage, including the duty to promptly notify the Defendant of the loss, to cooperate with the investigation and settlement of the claim, to provide an adequate description and proof of loss, to preserve the property and mitigate damages, to provide inventories upon request, to permit inspections and sampling upon request, to provide a sworn proof of loss upon request, to resume "operations" as quickly as possible, to allow examination of books and records upon request, and to submit to a sworn examination upon request. To the extent the Plaintiff has failed to comply with its duties in the event of loss or damage, the Plaintiff's right to any recovery under the Policy is barred.

XLIII.

The Policy limits coverage and obligations in the event there is Other Insurance and/or Coinsurance available to the Plaintiff for the loss or damage asserted. In the event the Other Insurance and/or Coinsurance provision is applicable, or in the event the Plaintiff receives compensation for loss or damages from third parties, the coverage, if any, under the Policy, must be appropriately reduced therefore.

XLIV.

The Policy provides coverage for loss or damage commencing during the policy period shown in the Declarations and within the coverage territory as defined by the Policy.

To the extent the Plaintiff seeks recovery for loss or damage commencing outside of the policy period, commencing after the Policy was cancelled, or occurring outside of the coverage territory, there is no coverage.

XLV.

Defendant is entitled to a credit for any advance payments previously made, should it be determined that the Plaintiff should recover more than that amount owed under the Policy. Alternatively, and to the extent any advance payments exceeds the Plaintiff's entitlement to recovery under the Policy, Defendant is entitled to recover the overage.

XLVI..

The Policy provides that a disagreement as to the amount of the loss may be submitted to binding Appraisal as provided under the Policy. Such Appraisal is without prejudice to Defendant's right to deny the claim.

Defendant specifically reserves the right to submit any disagreement as to the amount of the loss to binding Appraisal as provided under the Policy.

XLVII.

The Policy provides that payment for covered loss or damage is due 30 days after receiving the sworn proof of loss if (1) the Plaintiff has complied with all of the terms of the Policy, and (2) an agreement has been reached regarding the amount of the loss, or any disagreement regarding the amount of the loss has been submitted to Appraisal and an Appraisal award has been made.

To the extent that all of the conditions precedent for payment of a covered loss have not been met, this action is premature and should be dismissed.

XLVIII.

Coverage under the Policy is void to the extent the Plaintiff at any time has engaged in fraud, or intentionally concealed or misrepresented a fact material to the coverage, the covered property, the Plaintiff's interest in the covered property, or a claim under the Policy.

XLIX.

All or some of the damages claimed by the plaintiff were caused by third parties for whom defendant has no responsibility and for which damage the policy provides no coverage. Specifically, some or all of the alleged damages sustained was caused by the faulty design, construction, and/or installation of the roof and/or other components of the building.

L.

Defendant hereby asserts all terms, conditions, limitations, limits, and provisions of the Policy and Policy Endorsements by reference as if copied herein in its entirety.

LI.

Defendant reserves its right to supplement and amend this answer where necessary to allege any additional affirmative defenses as warranted by discovery.

**WHEREFORE,** the defendant, Transportation Insurance Company, prays that this answer be deemed good and sufficient and that after all due proceedings are had herein there be judgment in its favor, and against the plaintiff, Hardy Chiropractic Center, Inc., dismissing the plaintiff's demands with full prejudice and at plaintiff's sole cost.

Respectfully submitted,

LABORDE & NEUNER

s/Will Montz
BEN L. MAYEAUX #19042
JAMES L. PATE #10333
WILL MONTZ #29355
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:          (337) 237-7000
FACSIMILE:          (337) 233-9450
Attorneys for Transportation Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2008, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/Will Montz
COUNSEL