UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No.: 05-4182 |
| | * | & Consolidated Cases |
| PERTAINS TO: | * | |
| LEVEE    (DePass, No. 06-5127) | * | SECTION "K" |
| (Bourgeois, 06-5131) | * | |
| (Sims, 06-5116) | * | JUDGE DUVAL |
| | * | |
| | * | MAG. KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * *****

## OPPOSITION TO MOTION FOR RECONSIDERATION OF COURT'S RULING

**MAY IT PLEASE THE COURT:**

      On July 3, 2008, this Honorable Court dismissed various claims brought by the Plaintiffs against the East Jefferson Levee District ("EJLD"). Those claims centered on EJLD's alleged violation of acts of assurance and its duty of garde. On July 7, 2008, Plaintiffs filed a Motion for Reconsideration of the dismissal. In that motion, Plaintiffs argued that in light of the opinion rendered by the Louisiana Supreme Court in *Burmaster v. Plaquemines Parish Government*, 07-2432 (La. 5/21/08); 982 So.2d 795, this Court should overturn its dismissal of Plaintiffs claims and modify its original ruling to reflect the holding in *Burmaster*.

Admittedly, Plaintiffs are entitled to bring a Motion to Alter or Amend the Judgment pursuant to FED. R. CIV. P. 59(e). However, the U.S. Court of Appeals for the Fifth Circuit has decided that, generally speaking, parties may not raise an argument for the first time in a petition for rehearing. *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). The U.S. District Court for the Eastern District of Louisiana has also recognized, "It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment." *In the Matter of Liljeberg Enterprises, Inc.*, 1996 WL 257569, at *2 (E.D. May 16, 1996).[1] In this case, Plaintiffs in fact have raised an issue on rehearing that they did not raise on any previous occasion. Before this Motion for Reconsideration, Plaintiffs never discussed the constitutionality of LA. REV. STAT. § 9:2800(H) or the *Burmaster* decision, though it came out nearly three weeks before this Court rendered its final judgment. The memorandum filed in support of their Motion is the first time they made such an argument. This is not allowed under Fifth Circuit or Eastern District jurisprudence, and thus the Court should not entertain their request for rehearing.

---

[1] See copy of the decision, attached as "Exhibit A."

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

Respectfully Submitted,

*/S/  JOSEPH E. BEARDEN, III*_____
**LAWRENCE J. DUPLASS (#5199)**
**GARY M. ZWAIN (#13809)**
**JOSEPH E. BEARDEN, III (#26188)**
**NICOLE M. BOYER (#29775)**
**RYAN M. MALONE (#30607)**
3838 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE: (504) 832-3700
FACSIMILE: (504) 837-3119
**ATTORNEYS FOR DEFENDANT,
BOARD OF COMMISSIONERS FOR THE
EAST JEFFERSON LEVEE DISTRICT**

## CERTIFICATE

I do hereby certify that on the 15th day of July, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

/S/_JOSEPH E. BEARDEN, III _
JOSEPH E. BEARDEN, III (#26188)