

H In Matter of Lijeberg Enterprises, Inc.
E.D.La.,1996.
Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
In the Matter of LILJEBERG ENTERPRISES, INC.
LILJEBERG ENTERPRISES, INC.
v.
EMMETT, COBB, WAITS AND KESSENICH.
**Civ. A. No. 94-3804.**

May 16, 1996.

*MEMORANDUM AND ORDER*

SEAR, Chief Judge.

*Background*

\*1 This matter originally came before me on appeal from the decision of United States Bankruptcy Judge Thomas M. Brahney, III. Following a trial on the merits, Judge Brahney entered judgment in favor of cross-appellant Emmett, Cobb, Waits and Kessenich ("ECWK") on its claim for attorneys' fees in the amount of $750,000.00, subject to a credit of $230,213.99 for amounts previously paid. Judge Brahney further found that ECWK was entitled to a lien in the amount of $57,436.15 on the proceeds of a state court judgment rendered in favor of appellant Liljeberg Enterprises, Inc. ("Liljeberg"). Both Liljeberg and ECWK appealed the decision of the bankruptcy judge.

After a thorough review of the record, the briefs submitted by both parties, and the applicable law, I concluded that the bankruptcy judge correctly held that ECWK was entitled to reasonable attorneys' fees based upon the factors set forth in the Louisiana Rules of Professional Conduct. However, I also concluded that the bankruptcy judge failed to calculate the attorneys' fees based upon consideration of all the factors listed in Rule 1.5(a). Accordingly, I entered judgment on April 11, 1996, affirming, in part, and reversing and remanding, in part, the decision of the bankruptcy judge. In remanding the case, I also instructed the bankruptcy judge to award judicial interest on the award of attorneys' fees, since I expressly found that ECWK was entitled to interest from the date of judicial demand.

*Liljeberg's Motion for Rehearing and Reconsideration/New Trial*

On April 22, 1996, Liljeberg filed this motion for rehearing and reconsideration/new trial. In support of its motion, Liljeberg advances two general arguments. First, Liljeberg takes issue with my determination that ECWK is entitled to interest on the award of attorneys' fees from the date of judicial demand. Second, Liljeberg makes a number of arguments in support of its larger claim that the Rules of Professional Conduct should not be used to determine the amount of attorneys' fees due to ECWK. ECWK opposes the motion arguing that Liljeberg has waived its right to contest the award of interest and that Liljeberg has raised no new issues that warrant

reconsideration of my previous ruling.

*Analysis*

Bankruptcy Rule 8015 expressly provides that "a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel."[FN1] However, that rule is silent concerning the standard to be applied by a court ruling on such a motion. Outside the bankruptcy context, the Fifth Circuit has consistently held that a motion for reconsideration filed with ten days of judgment is treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993); Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). Moreover, Bankruptcy Rule 9023, which is entitled "New Trials; Amendment of Judgments," expressly states that Federal Rule of Civil Procedure 59 applies in cases under the Bankruptcy Code.[FN2] Therefore, I conclude that the same considerations that would guide my analysis under Federal Rule of Civil Procedure 59(e) should guide my analysis in this case.[FN3]

*2 Specific grounds to alter or amend judgments are not listed in Federal Rule of Civil Procedure 59, and a district court has considerable discretion in deciding whether to grant such a motion. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Reconsideration of a judgment previously entered in a case is an extraordinary remedy that should be used sparingly. Id. There are several grounds upon which a Rule 59(e) motion may granted. Id. These include situations in which the movant demonstrates: (1) that the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) that reconsideration is necessary to prevent manifest injustice; or (4) that serious misconduct of counsel justifies relief. Id.

Although Liljeberg does not couch its analysis in these terms, I find that its arguments in support of reconsideration fall within the scope of the first ground mentioned in the preceding list. That is because Liljeberg appears to argue that my previous judgment was based upon manifest errors of law. First, Liljeberg asserts that I incorrectly relied upon Louisiana Civil Code Article 2924 and In Matter of Clark, 960 F.2d 475 (5th Cir. 1992) in concluding that ECWK is entitled to interest on the award of attorneys' fees from the date of judicial demand. ECWK correctly argues, however, that Liljeberg did not even address its claim to interest on appeal. I noted this fact as well on page twenty of my Memorandum and Order dated April 8, 1996. Moreover, Liljeberg readily admits that it "overlooked rebutting" ECWK's argument concerning interest. Memorandum in Support at p. 1.

It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1. See also Browning v. Navarro, 894 F.2d 99, 100 (5th Cir. 1990) (stating that a party cannot raise an argument for the first time in a petition for rehearing); Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995) ("Motions for reconsideration are not ... vehicles whereby a party may present arguments inexplicably omitted in prior proceedings."). Since it is undisputed that Liljeberg could (and should) have raised its defensive arguments prior to my entering judgment in this case, Liljeberg is not entitled to a rehearing or reconsideration of this issue.

The second argument Liljeberg advances in support of its motion for reconsideration is that I have erred in applying the Rules of Professional Conduct to the determination of attorneys' fees. In particular, Liljeberg claims that I have "used the Rules as a weapon against the client rather than a shield to protect the client ...." Memorandum in Support at p. 3. Liljeberg then engages in a lengthy discourse in an attempt to persuade me that my ruling is wrong and that ECWK is not entitled to claim attorneys' fees "any further than its billings." *Id.* at p. 5. In its opposition memorandum, ECWK attempts to address each point raised by Liljeberg. After reviewing Liljeberg's memorandum in light of the record, I find it unnecessary to engage in such a tedious exercise.

*3 Just as a motion for reconsideration cannot be used to advance an argument for the first time, a motion for reconsideration should not be used as a vehicle to re-urge matters that have already been advanced by a party. Stated another way, a motion for reconsideration cannot be used as a substitute for an appeal on the merits. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Plaskon Electronic Materials, Inc.*, 904 F. Supp. at 669 (internal quotations and citations omitted). Applying this standard, I find that Liljeberg is not entitled to be reheard on the issue of whether the Rules of Professional Conduct apply in the determination of ECWK's attorneys' fees; Liljeberg raises nothing in its motion that I have not previously considered and rejected. Accordingly,

IT IS ORDERED that the Motion for Rehearing and Reconsideration/New Trial filed by Liljeberg Enterprises, Inc. is DENIED.

FN1. Applying the computation of time rules found in Bankruptcy Rule 9006, I find that Liljeberg's motion for rehearing is timely.

FN2. An exception exists and, therefore, Federal Rule of Civil Procedure 59 does not apply to motions filed under Bankruptcy Rule 3008. However, that exception does not apply in this case.

FN3. Neither side addresses the issue of what standard governs my ruling on this motion for rehearing and reconsideration/new trial.

E.D.La.,1996.
In Matter of Liljeberg Enterprises, Inc.
Not Reported in F.Supp., 1996 WL 257569 (E.D.La.)

END OF DOCUMENT