**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | | * | **CIVIL ACTION** |
| | | * | **NO. 05-4182 and consolidated cases** |
| **PERTAINS TO: BARGE** | | * | |
| | | * | **SECTION "K" (2)** |
| *Boutte v. Lafarge* | **05-5531** | * | |
| *Mumford v. Ingram* | **05-5724** | * | |
| *Lagarde v. Lafarge* | **06-5342** | * | **JUDGE** |
| *Perry v. Ingram* | **06-6299** | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge* | **06-7516** | * | |
| *Parfait Family v. USA* | **07-3500** | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| *Lafarge v. USA* | **07-5178** | * | |

# BARGE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER BARRING DEFENDANT LAFARGE NORTH AMERICA AND ITS COUNSEL FROM HAVING ANY *EX PARTE* CONTACT WITH ANY MEMBER OF THE PUTATIVE CLASS THE BARGE P.S.L.C. SEEKS TO REPRESENT, WITHOUT THE CONSENT OF THE BARGE P.S.L.C. OR THE PERMISSION OF THE COURT, FOR DECLARATORY RELIEF, AND FOR OTHER APPROPRIATE RELIEF

Barge Plaintiffs hereby move for a Protective Order barring defendant Lafarge North American ("Lafarge") and its counsel from having any *ex parte* contact with any member of the putative class the Barge P.S.L.C. seeks to represent, without the consent of the Barge P.S.L.C., or the permission of the court, for declaratory relief, for discovery on the stolen clocks and watches, for the return of the stolen property to class members at the conclusion of this litigation, and for any other relief that may be appropriate.

The declaratory relief sought by plaintiffs is that:

(a) Defendant Lafarge, intentionally and without authorization, through its and its

counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into the dwellings or structures of others after a hurricane, and removed items without the consent of the owner, and that such conduct is defined as the felony offense of looting under LSA-R.S. § 14:62.5, although Lafarge has not been criminally prosecuted;

(c) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into the dwellings or structures of others after the Governor's declaration of a disaster or emergency, and that such conduct is defined as the felony offense of unauthorized entry of a dwelling during an emergency or disaster under LSA-R.S. § 14:62.7 whether or not anything was taken, although Lafarge has not been criminally prosecuted;

(d) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into uninhabited dwellings or structures, with the intent to commit a felony or any theft therein, and that such conduct is defined as the felony offense of simple burglary under LSA-R.S. § 14:62 whether or not anything was taken, although Lafarge has not been criminally prosecuted;

(e) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered onto the property of others without authorization, and that such conduct is defined as criminal trespass under LSA-R.S. § 14:63 whether or not anything was taken, although Lafarge has not been criminally prosecuted;

(e) Defendant Lafarge intentionally and without authorization, through its and its

counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, stole clocks and watches, and that such conduct is defined as the crime of theft under LSA-R.S. § 14:67; and

(f) The crime-fraud exception has abolished attorney-client privilege and work-product privilege with respect to the entire program of Lafarge's, its counsel's, and Centanni's dealings with putative class members and their property—from the solicitation of evidence to the interviews to the trespasses and thefts of clocks and watches—and with the details of the criminal scheme and the uses of its fruits.

This motion is supported by the accompanying Memorandum and attached exhibits. A proposed form of Order is submitted herewith.

Respectfully submitted,

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile: 212-398-1532
e-mail: a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

Dated: July 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by ECF upload, this 15th day of July, 2008.

/s/ Richard T. Seymour
Richard T. Seymour
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net, adele@rickseymourlaw.net