UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA*            07-5178 | * * | |

## DECLARATION OF BRIAN GILBERT IN SUPPORT OF BARGE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER BARRING DEFENDANT LAFARGE NORTH AMERICA AND ITS COUNSEL FROM HAVING ANY *EX PARTE* CONTACT WITH ANY MEMBER OF THE PUTATIVE CLASS THE BARGE P.S.L.C. SEEKS TO REPRESENT, WITHOUT THE CONSENT OF THE BARGE P.S.L.C. OR THE PERMISSION OF THE COURT, FOR DECLARATORY RELIEF, AND FOR OTHER APPROPRIATE RELIEF

I make the following declaration subject to the penalties for perjury under the laws of the United States:

1. During a meet-and-confer on Friday, February 15, 2008, counsel for Lafarge represented to me that it had not obtained physical items such as photographs from interviewees, but had taken clocks or other time pieces from the class area by rummaging through wreckage for them or taking them from the ground.

2. In the late afternoon of February 18, 2008, I sent a draft stipulation to Lafarge, requesting it to stipulate in writing the following, among other matters:

> That Lafarge represents that it, and/or Centanni Investigative, has additionally obtained by rummaging through wreckage and/or other means of retrieval in the Lower Ninth Ward a number of time pieces. That said time pieces are not the property of Lafarge or Centanni. That the Barge PSLC may inspect and photograph time pieces and conduct related activities within the scope of the Federal Rules, and additionally, plaintiffs reserve all rights to seek return of their property, upon verified identification of same.

Lafarge did not agree to this proposed stipulation.

3. On February 22, 2008, Lafarge provided Barge P.S.L.C. counsel with an opportunity to see and photograph the stolen clocks and watches, and provided a list of these clocks and watches showing the addresses near the spots where they were taken. That list is Barge Plaintiffs' Exhibit 3. I photographed the timepieces.

4. The inspection was under an express agreement that plaintiffs could re-inspect the clocks and watches, with experts, at some later date.

5. Pursuant to my requests, on March 4, 2008, Lafarge produced to plaintiff a list showing the specific locations, including the floors and walls, from which the clocks and watches were taken, and the dates on which they were taken. That list is Barge Plaintiffs' Exhibit 4.

_____
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
  Telephone: (504) 885-7700
  Telephone: (504) 581-6180
  Facsimile: (504) 581-4336
  e-mail: bgilbert@briangilbertlaw.com

Dated: July 8, 2008