Westlaw.

LSA-R.S. 14:63

C West's Louisiana Statutes Annotated Currentness
  Louisiana Revised Statutes
    Title 14. Criminal Law
      Chapter 1. Criminal Code (Refs & Annos)
        Part III. Offenses Against Property
          Subpart A. by Violence to Buildings and Other Property
            4. Criminal Trespass

### ➡§ 63. Criminal trespass

A. No person shall enter any structure, watercraft, or movable owned by another without express, legal, or implied authorization.

B. No person shall enter upon immovable property owned by another without express, legal, or implied authorization.

C. No person shall remain in or upon property, movable or immovable, owned by another without express, legal, or implied authorization.

D. It shall be an affirmative defense to a prosecution for a violation of Subsection A, B, or C of this Section, that the accused had express, legal, or implied authority to be in the movable or on the immovable property.

E. The following persons may enter or remain upon the structure, watercraft, movable or immovable property, of another:

(1) A duly commissioned law enforcement officer in the performance of his duties.

(2) Any firefighter, whether or not a member of a volunteer or other fire department, and any employee or agent of the Louisiana Department of Agriculture and Forestry engaged in locating and suppressing a fire.

(3) Emergency medical personnel engaged in the rendering of medical assistance to an individual.

(4) Any federal, state or local government employee, public utility employee or agent engaged in suppressing or dealing with an emergency that presents an imminent danger to human safety or health or to the environment.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

(5) Any federal, state or local government employee, public utility employee or agent in the performance of his duties when otherwise authorized by law to enter or remain on immovable or movable property.

(6) Any person authorized by a court of law to enter or remain on immovable property.

(7) Any person exercising the mere right of passage to an enclosed estate, as otherwise provided by law.

F. The following persons may enter or remain upon immovable property of another, unless specifically forbidden to do so by the owner or other person with authority, either orally or in writing:

(1) A professional land surveyor or his authorized personnel, engaged in the "Practice of Land Surveying", as defined in R.S. 37:682.

(2) A person, affiliate, employee, agent or contractor of any business which is regulated by the Louisiana Public Service Commission or by a local franchising authority or the Federal Communication Commission under the Cable Reregulation Act of 1992 or of a municipal or public utility, while acting in the course and scope of his employment or agency relating to the operation, repair, or maintenance of a facility, servitude or any property located on the immovable property which belongs to such a business.

(3) Any person making a delivery, soliciting, selling any product or service, conducting a survey or poll, a real estate licensee or other person who has a legitimate reason for making a delivery, conducting business or communicating with the owner, lessee, custodian or a resident of the immovable property, and who, immediately upon entry, seeks to make the delivery, to conduct business or to conduct the communication.

(4) An employee of the owner, lessee or custodian of the immovable property while performing his duties, functions and responsibilities in the course and scope of his employment.

(5) The owner of domestic livestock or his employees or agents while in the process of retrieving his domestic livestock that have escaped from an area fenced to retain such domestic livestock.

(6) The owner of a domestic animal while in the sole process of merely retrieving his domestic animal from immovable property and not having a firearm or other weapon on his person.

(7) Any candidate for political office or any person working on behalf of a candidate for a political office.

(8) The owner or occupant of a watercraft or vessel traveling in salt water engaged in any lawful purpose for the purpose of retrieval of his property or for obtaining assistance in an emergency

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

situation.

G. The following penalties shall be imposed for a violation of this Section:

(1) For the first offense, the fine shall be not less than one hundred dollars and not more than five hundred dollars, or imprisonment for not more than thirty days, or both.

(2) For the second offense, the fine shall be not less than three hundred dollars and not more than seven hundred fifty dollars, or imprisonment for not more than ninety days, or both.

(3) For the third offense and all subsequent offenses, the fine shall be not less than five hundred dollars and not more than one thousand dollars, or imprisonment for not less than sixty days and not more than six months, or both, and forfeiture to the law enforcement authority of any property seized in connection with the violation.

(4) A person may be convicted of a second offense and any subsequent offenses regardless of whether any prior conviction involved the same structure, watercraft, movable or immovable property and regardless of the time sequence of the occurrence of the offenses.

H. The provisions of any other law notwithstanding, owners, lessees, and custodians of structures, watercraft, movable or immovable property shall not be answerable for damages sustained by any person who enters upon the structure, watercraft, movable or immovable property without express, legal or implied authorization, or who without legal authorization, remains upon the structure, watercraft, movable or immovable property after being forbidden by the owner, or other person with authority to do so; however, the owner, lessee or custodian of the property may be answerable for damages only upon a showing that the damages sustained were the result of the intentional acts or gross negligence of the owner, lessee or custodian.

I. A minor ten years old or younger shall not be arrested, detained or apprehended for the crime of trespass.

CREDIT(S)

Amended by Acts 1960, No. 458, § 1; Acts 1964, No. 497, § 1; Acts 1981, No. 78, § 1, eff. Jan. 1, 1982; Acts 1990, No. 870, § 1, eff. Jan. 1, 1991; Acts 1991, No. 438, § 1; Acts 1993, No. 887, § 1; Acts2003, No. 279, § 3; Acts 2003, No. 802, § 1.

REPORTER'S COMMENT--1950

2007 Main Volume

**Louisiana statutes covered:**

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

R.S.1870, § 818; Acts 1890, No. 85, § 1 (trespass on private premises).

R.S.1870, § 819 (trespass on state lands).

R.S.1870, § 820 (trespass on state lands).

R.S.1870, § 822; Acts 1910, No. 162 (trespassing on posted premises).

Acts 1882, No. 14, § 2 (use of school lands).

**Trespass on trapping lands:**

Trespass on marsh lands for the purpose of trapping does not constitute taking possession of the same. State v. Crappel, 181 La. 715, 160 So. 309 (1935); State ex rel. Panville v. Butler, 181 La. 622, 160 So. 99 (1935). But see Section 3 of the Act enacting the Code which expressly preserves Act No. 89 of 1938 (punishing trapping without the consent of the owner on marsh or swamp lands) [R.S.1950, § 56:278].

**Possession:**

Possession means "natural possession," which is the actual corporeal detention of the thing, such as occupying a house or the cultivation of land. It implies the detention, holding or controlling of property to the exclusion of others. State v. Crappel, supra. See also Arts. 3426-3430, La.Civil Code of 1870.

**Enclosure:**

The term "enclosed land" signifies land which is enclosed with some visible and tangible obstruction such as a fence. Dudley v. McKenzie, 54 Vt. 685 (1882). The mere fact that signs are posted warning off trespassers is not sufficient to constitute the property enclosed, neither is the fact that the property is enclosed by natural boundaries. State v. Hebert, 179 La. 190, 153 So. 688 (1934).

HISTORICAL AND STATUTORY NOTES

2007 Main Volume

**Source:**

Acts 1942, No. 43, § 1, Art. 63.

The 1960 amendment rewrote the section, which previously read:

"Criminal trespass is:

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

"(1) The unauthorized and intentional taking possession of any tract of land or structure thereon without the consent of the owner thereof; or

"(2) The unauthorized and intentional entry upon any:

  "(a) enclosed and posted plot of ground; or
  "(b) posted lands belonging to public institutions; or
  "(c) structure, water craft, or movable.

"Whoever commits the crime of criminal trespass shall be fined not more than one hundred dollars, or imprisoned for not more than ninety days, or both."

Section 3 of Acts 1960, No. 458, provided:

"All laws or parts of laws in conflict herewith are hereby repealed; provided however, that this Act shall not be construed to repeal or affect local ordinances adopted pursuant to special legislative enabling Acts."

The 1964 amendment added references to Assumption Parish.

Lafayette Parish trespass ordinances: Acts 1974, No. 367 authorizes the governing authority of Lafayette Parish to adopt such trespass ordinances and regulations as it may deem necessary to prevent and punish trespasses committed within Lafayette Parish.

The 1981 amendment rewrote the section which formerly read:

"A. Criminal trespass, except in the parishes of Allen, Assumption, Beauregard, Grant, LaSalle, Livingston, St. Helena, Vernon, Winn and Sabine, is:

"(1) The unauthorized and intentional taking possession of any tract of land or structure thereon without the consent of the owner thereof; or

"(2) The unauthorized and intentional entry upon any:

  "(a) Plot of immovable property in excess of one acre which is posted but not enclosed, unless said property is situated in an open range area; or
  "(b) Plot of immovable property which is posted and enclosed, including property situated in open range areas; or
  "(c) Posted lands belonging to public institutions; or
  "(d) Structure, water craft or movable.

"Where an entry is made from a waterway for emergency purposes the party in distress may use

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

the banks of said waterway without violating the provisions of Paragraph 2.

"B. Definitions

"For purposes of criminal trespass, the following definitions are adopted:

"(1) 'Posted' property means any immovable property which is designated as such by the owner, lessee or other person lawfully authorized to take such action, provided the following requirements are satisfied:

"(a) The owner or person seeking to post the property shall place and maintain signs along the boundaries of the property or area to be posted, which signs shall be written in the English language, and said signs shall contain the words, 'Posted', or, 'Private Property', or words to that effect.
"(b) The signs shall have letters at least five inches in height and shall be of sufficient size and clarity to give notice to the public of the location and boundary of the posted property. The signs shall be placed and maintained at intervals of not more than one-eighth of a mile and shall be at least three but not more than nine feet above the ground or water level.
"(c) At the main entrance to the property and at no less than four extremities along the boundary of said property the party seeking to post same shall include his name and address on the posted signs in addition to the words 'Posted', or, 'Private Property', or words to that effect.
"(d) In woodland, or areas where land is heavily overgrown, the party seeking to post the property, in addition to placing and maintaining signs as prescribed in this section, must be fenced with not less than three strand wire, or its equivalent.
"(e) In marsh lands, posted signs shall also be placed at all major points of ingress or egress.

"(2) 'Enclosed' property means any immovable property which is surrounded or encompassed by natural and/or artificial barriers.

"Natural barriers include:

"(a) The Gulf of Mexico,
"(b) Lakes or ponds or other bodies of water which hold water during twelve months of the year,
"(c) Any river, stream, bayou or canal in which water is held or runs during twelve months of the year,
"(d) Other similar natural barriers.

"Artificial barriers include:

"(e) Any wall or wire, stone, metal or wooden fence,
"(f) Any cattle-guard being used as part of a fence,
"(g) Other similar barriers.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

"(3) 'Open Range' area means any area in which livestock are not prohibited by law to freely rove, provided that any road or highway which is required by law to be fenced, and which passes through any area in which livestock are not otherwise prohibited by law to freely rove, shall not prevent such area from being classified as "open range".

"C. Penalties

"Whoever commits the crime of criminal trespass shall be fined not less than twenty-five ($25.00) dollars, nor more than fifty ($50.00) dollars.

"On second conviction, the offender shall be fined not less than fifty ($50.00) dollars nor more than one hundred ($100.00) dollars, or imprisoned for not more than five (5) days or both.

"On a third conviction the offender shall be imprisoned for sixty (60) days.

"D. Criminal trespass in the parishes of Allen, Assumption, Beauregard, Grant, LaSalle, Livingston, Sabine, St. Helena, Vernon and Winn is:

"(1) The unauthorized and intentional taking possession of any tract of land or structure thereon without the consent of the owner thereof; or

"(2) The unauthorized and intentional entry upon any:

  "(a) enclosed and posted plot of ground; or
  "(b) posted lands belonging to public institutions; or
  "(c) structure, watercraft or movable.

"Whoever commits the crime of criminal trespass as defined by this Subsection in any of the parishes herein enumerated shall be fined not more than one hundred dollars, or be imprisoned for not more than ninety days, or both.

"E. The governing authorities of the parishes of Allen, Assumption, Beauregard, Grant, LaSalle, Livingston, Sabine, St. Helena, Vernon and Winn, respectively, are hereby authorized to adopt such regulations as may be deemed necessary, not inconsistent with the provisions of this Section, prevent and punish the unauthorized entry upon or use of any enclosed or unenclosed lands and waters lying within their parishes. The governing authority of Assumption Parish may at its option make such regulations applicable to particular wards and precincts in said parish."

In par. (2) of subsec. C as amended in 1981, "egress; that" was substituted for "egress. That", and "lacked" was substituted for "lacking" pursuant to the statutory revision authority of the Louisiana State Law Institute.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

Section 5 of Acts 1981, No. 78 (§ 1 of which amended this section), provided:

"All provisions of this Act shall become effective January 1, 1982."

Suspension of Acts 1981, No. 78. House Concurrent Resolution No. 241 of the 1981 Regular Session suspended, until the sixtieth day after the 1982 Regular Session of the Legislature, the provisions of Acts 1981, No. 78 "to the extent that those provisions would declare null and void any local trespass ordinance and to the extent that those provisions would deny the local governing authorities of this State the right to enact any ordinance prohibiting and punishing trespass which does not conform to the requirements of state law other than the penalty requirements."

Publication of state and local laws and ordinance which prohibit trespassing. Senate Concurrent Resolution No. 108 of the 1982 Regular Session provides:

"WHEREAS, Act No. 78 of the 1981 Regular Session of the Louisiana Legislature was widely publicized and, as a result, most interested Louisiana citizens believe that the crime of trespass is exclusively defined and punished by a statute that has statewide effect; and

"WHEREAS, few people understood the effect of House Concurrent Resolution No. 241 of the 1981 Regular Session which suspended the effectiveness of Act No. 78 until September 12, 1982; and

"WHEREAS, this suspension has left local ordinances in effect until the effective date of Act No. 78 of the 1981 Regular Session unless House Bill No. 629 of the 1982 Regular Session becomes law and supercedes the 1981 Act by again permitting local ordinances; and

"WHEREAS, all of this recent legislative activity has created a great deal of confusion about trespass laws, particularly which ones are currently effective and what the requirements are; and

"WHEREAS, an accurate understanding of trespass prohibitions is of vital interest to thousands of Louisiana hunters and landowners; and

"WHEREAS, there is no readily available source of current information on trespass laws; and

"WHEREAS, it appears that the pertinent laws and ordinances have and are likely to continue to change periodically; and

"WHEREAS, the Department of Wildlife and Fisheries currently publishes and disseminates information about hunting seasons and bag limits which information reaches many of the same people who want to be accurately informed about the current laws on trespass.

"THEREFORE, BE IT RESOLVED by the Senate of the Legislature of Louisiana, the House of

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

Representatives thereof concurring, that the Department of Wildlife and Fisheries is hereby authorized and directed to annually compile and publish in an easily read form all state and local laws and ordinances which prohibit trespass or regulate behavior relative to trespass.

"BE IT FURTHER RESOLVED that the publication of this information be accomplished at the same time as the annual announcement of hunting seasons and bag limits and disseminated in a manner most convenient for the purpose of assuring all interested parties are aware of the law.

"BE IT FURTHER RESOLVED that a copy of this Resolution be transmitted to the secretary of the Department of Wildlife and Fisheries."

House Bill No. 629, referred to in S.C.R. No. 108 above, was enacted as Acts 1982, No. 601 amending R.S. 33:1236(14).

The 1990 amendment rewrote this section which formerly read:

"A. No person shall without authorization intentionally enter any structure, watercraft, or movable.

"B. No person shall intentionally enter immovable property owned by another:

"(1) when he knows his entry is unauthorized, or

"(2) under circumstances where he reasonably should know his entry is unauthorized.

"C. The following shall be affirmative defenses to a prosecution pursuant to Subsection B(2) hereof:

"(1) That fenced property outside of an incorporated area lacked a posted sign or sign of similar meaning at points of normal ingress and egress.

"(2) That unfenced cultivated property, or unfenced improved pasturelands lacked a posted sign or sign of similar meaning at points of normal ingress and egress; that unfenced forest lands owned by a person, consisting of five hundred acres or less, lacked a posted sign or sign of similar meaning at points of normal ingress and egress, and a posted sign or sign of similar meaning at intervals of not more than fifty feet on or near the boundary line from which entry was made.

"(3) That unfenced horticultural property or unimproved pasturelands lacked a posted sign or sign of similar meaning at intervals of not more than six hundred sixty feet on or near the boundary line from which entry was made.

"(4) That forest lands were not fenced with not less than three strand wire or its equivalent, or

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

that forest lands which were fenced as required above lacked a posted sign or sign of similar meaning at points of normal ingress and egress, and in addition, lacked the letters 'NO', at least five inches in height, on trees or other markers or a posted sign or sign of similar meaning at intervals of not more than 50 feet on or near the boundary line from which entry was made.

"(5) That the person was on the property for the purpose of managing his or his employer's livestock located on the property of another.

"(6) That the person entered upon the immovable property owned by another due to an emergency.

"(7) That the entry was consented to by a holder of a possessory interest in the property.

"(8) That the entry was by a Registered Land Surveyor, and his personnel, engaged in the 'Practice of Land Surveying', as defined in R.S. 37:682, or a person employed by a public utility acting in the course and scope of his employment relating to operation, repair or maintenance of a public utility facility who entered upon unfenced immovable property which lacked a posted sign or sign of similar meaning at points of normal ingress and egress.

"(9) That the person was unarmed and entered immovable property for the sole purpose of retrieving a dog.

"D. Whoever commits the crime of criminal trespass shall be imprisoned for not more than ninety-one days, or fined not more than five hundred dollars, or both.

"E. Upon a second or subsequent conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be imprisoned for not more than six months, or shall be fined not more than five hundred dollars, or both.

"F. The provisions of this Article shall not be applicable to marshland which shall be governed by the provisions of R.S. 14:63.12.

"G. The provisions of this Section shall not prohibit the governing authority of any parish from adopting an ordinance in accordance with the provisions of R.S. 33:1236(14)."

In this section as amended in 1990, "Subsection C" was substituted for "Subsections C and D" in subsec. B; a comma was deleted following "forest land" in the first sentence of par. (C)(1); the spelling of "cultivated" was corrected in the first sentence of par. (C)(2); "Paragraphs (1) and (2)" was substituted for "Paragraphs 1 and 2" in par. (C)(3); references to "immovable property" were substituted for references to "real property" throughout subsec. C; and, in subsec. D, "Affirmative defenses" was substituted for "An affirmative defense" at the beginning of the subsection, a colon was inserted following "shall be", and paragraphs were designated thereafter with attendant changes in capitalization and format, all pursuant to the statutory revision

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

authority of the Louisiana State Law Institute.

The 1991 amendment rewrote the section, which had read:

"A. No person shall without authorization intentionally enter any structure, watercraft, or movable.

"B. Unauthorized entry upon immovable property is the intentional entry upon any immovable property, which is posted in accordance with Subsection C of this Section, without first obtaining the consent of the owner or lessee of that immovable property.

"C. (1) The owner or lessee of any forest land shall post the same by placing identifying paint marks on trees or posts around the area to be posted. Each paint mark shall be a vertical line of at least eight inches in length, and the bottom of the mark shall be no less than three feet nor more than five feet high. Such paint marks shall be placed no more than one hundred feet apart and shall be readily visible to any person approaching the property.

"(2) The owner or lessee of any immovable property other than forest land, including cultivated land, orchards, pasturelands, impoundments, or other immovable property, shall post such immovable property by placing identifying paint marks on posts around the area to be posted. Each paint mark shall be a vertical line of at least eight inches in length, and the bottom of the mark shall be no less than three feet nor more than five feet high. Such paint marks shall be placed no more than one thousand feet apart and at each point of entry and shall be readily visible to any person approaching the property.

"(3) The type and color of the paint to be used for posting shall be prescribed by regulation by the Louisiana Forestry Commission, which shall not select a color that is presently being used by the timber industry in this state to mark land line or property lines. The color of paint prescribed shall not be used on trees or posts for any other purpose. Any person who knowingly paints such color on any tree or post for any purpose other than posting immovable property pursuant to Paragraphs (1) and (2) of this Subsection, shall be guilty of a misdemeanor. It shall be unlawful for any person to post any lands which the person does not own or lease except with the written permission of the owner or lessee.

"(4) By placing signs around the boundaries of the property at points no more than one hundred feet apart and at each point of entry. The signs shall bear the words 'Posted' or 'No Trespassing' in letters at least four inches high and shall be so placed as to be readily visible to any person approaching the property.

"D. Affirmative defenses to a prosecution pursuant to Subsection B of this Section shall be:

"(1) That the entry was by a registered land surveyor, and his personnel, engaged in the 'Practice of Land Surveying', as defined in R.S. 37:682, or a person employed by a public utility acting in

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

the course and scope of his employment relating to operation, repair, or maintenance of a public utility facility, or

"(2) That the person was unarmed and entered immovable property for the sole purpose of retrieving a dog.

"E. Whoever commits the crime of criminal trespass shall be fined not more than five hundred dollars.

"F. Upon a second or subsequent conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be imprisoned for not more than six months, or shall be fined not more than five hundred dollars, or both.

"G. The provisions of this Section shall not be applicable to marshland which shall be governed by the provisions of R.S. 14:63.12.

"H. the provisions of this Section shall not prohibit the governing authority of any parish from adopting an ordinance in accordance with the provisions of R.S. 33:1236(14).

"I. The owner or lessee shall be immune from liability as a result of trespassing by any person upon forest land, cultivated land, orchards, pasturelands, swamplands, marshlands, and impoundments."

Pursuant to the statutory revision authority of the Louisiana State Law Institute, in this section as amended in 1991, capitalization was added at the beginning of pars. (B)(1) and (B)(2); reference to "Paragraph B(2)" was changed to "Subsection B(2)" in par. (C)(1); ", or" was replaced by periods at the respective ends of pars. (D)(1), (D)(2), (E)(1), and (E)(2); and citation styling was revised in par. (C)(2) and subsecs. G and M.

The 1993 amendment added a second paragraph, designated par. (I)(2), relating to third and subsequent convictions, designated the previously existing text as par. (I)(1), and limited its application to second convictions.

Acts 2003, No. 279, § 3 substituted "professional" for "registered" preceding "land surveyor" in par. (G)(1).

Acts 2003, No. 802, § 1 rewrote the section, which had provided:

"§ 63. Criminal trespass

"A. No person shall without authorization intentionally enter any structure, watercraft, or movable.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

"B. No person shall intentionally enter immovable property owned by another:

"(1) When he knows his entry is unauthorized, or

"(2) Under circumstances where he reasonably should know his entry is unauthorized.

"C. (1) It shall be an affirmative defense to a prosecution pursuant to Subsection B(2) that the person was unarmed and entered immovable property for the sole purpose of retrieving a dog or livestock.

"(2) It shall be an affirmative defense to a prosecution pursuant to Subsection B(2) to show that property was not adequately posted in accordance with Subsections D or E, and F of this Section.

"D. In order for forest land to be adequately posted the owner, lessee, or person having the written permission of the owner or lessee shall post the property by any one of the following methods:

"(1) Placing identifying paint marks on trees or posts around the area to be posted. Each paint mark shall be a vertical line of at least eight inches in length, and the bottom of the mark shall be no less than three feet nor more than five feet high. Such paint marks shall be placed no more than one hundred feet apart and shall be readily visible to any person approaching the property.

"(2) Placing signs around the area to be posted at no more than one hundred feet apart and at normal points of ingress and egress. The signs shall bear the words 'Posted', 'No Trespassing', or 'No' in letters at least three and one-half inches high and shall be so placed as to be readily visible to any person approaching the property.

"(3) Constructing a fence around the area to be posted of not less than three strand wire, or its equivalent, and placing signs that bear the words 'Posted', 'No Trespassing', or 'No' in letters at least three and one-half inches high at normal points of ingress and egress.

"E. In order for any immovable property other than forest land to be adequately posted, including cultivated land, orchards, pasture lands, impoundments, or other immovable property, the owner, lessee, or person having the written permission of the owner or lessee shall post the property by any one of the following methods:

"(1) Placing identifying paint marks on posts around the area to be posted. Each paint mark shall be a vertical line of at least eight inches in length, and the bottom of the mark shall be no less than three feet nor more than five feet high. Such paint marks shall be placed no more than one thousand feet apart and at normal points of ingress and egress and shall be readily visible to any person approaching the property.

"(2) Placing signs around the area to be posted at points no more than one thousand feet apart

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

and at each normal point of ingress and egress. The signs shall bear the words 'Posted', 'No Trespassing', or 'No' in letters at least three and one-half inches high and shall be so placed as to be readily visible to any person approaching the property.

"(3) Constructing a fence around the area to be posted of not less than three strand wire, or its equivalent, and placing signs that bear the words 'Posted', 'No Trespassing', or 'No' in letters at least three and one-half inches high at normal points of ingress and egress.

"F. The type of color of the paint to be used for posting shall be prescribed by regulation by the Louisiana Forestry Commission, which shall not select a color that is presently being used by the timber industry in this state to mark land line or property lines. The color of paint prescribed shall not be used on trees or posts for any other purpose.

"G. Affirmative defenses to a prosecution pursuant to Subsection B of this Section shall be:

"(1) That the entry was by a registered land surveyor, and his personnel, engaged in the 'Practice of Land Surveying', as defined in R.S. 37:682, or a person employed by a public utility acting in the course and scope of his employment relating to operation, repair, or maintenance of a public utility facility, or

"(2) That the entry was by an employee or agent of the Louisiana Department of Agriculture and Forestry and was for the purpose of locating and suppressing wildfire in accordance with the rules and regulations of the department.

"H. Whoever commits the crime of criminal trespass shall be fined not more than five hundred dollars.

"I. (1) Upon a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be imprisoned for not more than six months, or shall be fined not more than five hundred dollars, or both.

"(2) Upon a third or subsequent conviction, whether trespass has been committed in each previous offense upon land belonging to the same landowner or landowners, regardless of the time sequence of the occurrence of the offenses, the offender shall be imprisoned for not more than one year, or shall be fined not more than one thousand dollars, or both.

"J. The provisions of this Section shall not be applicable to marshland which shall be governed by the provisions of R.S. 14:63.12.

"K. The provisions of this Section shall not prohibit the governing authority of any parish from adopting an ordinance in accordance with the provisions of R.S. 33:1236(14).

"L. The owner or lessee shall be immune from liability as a result of trespassing by any person

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

upon forest land, cultivated land, orchards, pasturelands, swamplands, marshlands, and impoundments.

"M. No person shall knowingly paint such color prescribed by the Louisiana Forestry Commission for posting immovable property on any tree or post for any purpose other than posting immovable property pursuant to Paragraph (1) of Subsection D or Paragraph (1) of Subsection E of this Section. Any person who violates the provisions of this Subsection shall be fined not more than five hundred dollars."

Section 2 of Acts 2003, No. 802 repealed R.S. 14:63.1, 14:63.2, 14:63.5, 14:63.6, 14:63.7, 14:63.8, 14:63.9, 14:63.10, and 14:63.12.

Acts 2003, No. 279, § 3 changed "registered land surveyor" to "professional land surveyor" in par. (G)(1), while Acts 2003, No. 802 amended this section in its entirety. Pursuant to the statutory revision authority of the Louisiana State Law Institute, this section was printed as amended by Act 802, and "professional land surveyor" was substituted for "registered land surveyor" in par. (F)(1).

Pursuant to the statutory revision authority of the Louisiana State Law Institute, in this section as amended in 2003, in subsec. D, "Subsections A, B, or C" was changed to "Subsection A, B, or C".

**Prior Laws:**
    R.S.1870, §§ 818 to 820, 822.
    Acts 1882, No. 14, § 2.
    Acts 1890, No. 85, § 1.
    Acts 1910, No. 162.

CROSS REFERENCES

    Contributing to delinquency of juvenile by permitting habitual trespass, see R.S. 14:92.

    Fish and game structures or areas used for scientific experiments, see R.S. 56:18.

    Fish propagation, areas set aside for, see R.S. 56:316.

    Military property, penalty for trespass on, see R.S. 29:29.

    Posted areas, war time, see R.S. 53:205.

    Prohibition of entry on land for hunting, fishing, etc., right of owner, see C.C. art. 3413.

    Ships and water craft, exemption of wildlife agents and peace officers from trespass during

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

enforcement procedures, see R.S. 34:851.29.

State lands, leased lands, see R.S. 41:1220, 41:1221.

Summons by officer instead of arrest in criminal trespass cases, see C.Cr.P. art. 211.1.

Trapping or hunting furbearing animals, trespass on marshlands, see R.S. 56:265.

Upland game preserves and wildlife sanctuaries, see R.S. 56:786.

LAW REVIEW AND JOURNAL COMMENTARIES

Criminal Code article on attempt construed as general attempt provision because of statutory provision abrogating rule of strict construction. 25 Tul.L.Rev. 513 (1951).

Legislative symposium: 1960 regular session--Criminal law and procedure. Dale E. Bennett, 21 La.L.Rev. 66 (1960).

Personal property leases in Louisiana. David S. Willenzik, 44 La.L.Rev. 755 (1984).

Work of the Louisiana appellate courts for 1974-1975 term: Legislative progress. H. Alston Johnson III, 36 La.L.Rev. 549 (1976).

LIBRARY REFERENCES

2007 Main Volume

Trespass ☞76 to 84.
Westlaw Topic No. 386.
C.J.S. Trespass §§ 172 to 175, 179 to 191.

RESEARCH REFERENCES

2008 Electronic Update

**ALR Library**

50 ALR 4th 1081, Lesser-Related State Offense Instructions: Modern Status.

**Treatises and Practice Aids**

2 LA Civil Law Treatise § 85, Rights of the General Public.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

4 LA Civil Law Treatise § 212, Rights of the General Public.

17 LA Civil Law Treatise § 6.16, Burden of Proof--Justification Defenses.

17 LA Civil Law Treatise § 10.62.3, Unauthorized Entry of an Inhabited Dwelling (R.S. 14:62.3).

17 LA Civil Law Treatise § 10.62.4, Unauthorized Entry of a Place of Business (R.S. 14:62.4).

NOTES OF DECISIONS

**Air travel 14**
**Burden of proof 22**
**Civil court actions 19**
**Construction and application 3**

**Construction with other laws 4**
**Enclosed and posted lands 6-8**
      **Enclosed and posted lands - In general 6**
      **Enclosed and posted lands - Hunting or trapping 7**
      **Enclosed and posted lands - Waters 8**
**Evidence, sufficiency of 23**
**Forest land 10**
**Hunting or trapping, enclosed and posted lands 7**
**Indictment and information 21**
**Injunction against prosecution 20**
**Instructions 24**
**Malicious prosecution 16**
**Nature and elements of offense 5**
**Personal property 12**
**Presumptions and burden of proof 22**
**Recreational trespass 17**
**Residences 11**
**Retrieval of dogs or livestock 15**
**Sufficiency of evidence 23**
**Trapping 13**
**Unauthorized entry of inhabited dwelling 18**

**Validity 1**
**Validity of prior law 2**
**Waters, enclosed and posted lands 8**
**Waters, generally 9**

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

1. Validity

Defendants who were convicted of criminal trespass, obstructing public passages and resisting an officer as result of protest demonstrations at an abortion clinic were not entitled to defense of justification in defense of others based on Louisiana constitutional due process provision, even though the Louisiana legislature has expressed its disfavor for abortion; such legislative intent is specifically curtailed by Supreme Court rulings that a woman's right to obtain an abortion is constitutionally protected. State v. Aguillard, App. 5 Cir.1990, 567 So.2d 674, writ denied 571 So.2d 631. Constitutional Law ☞ 4511; Criminal Law ☞ 38; Trespass ☞ 84

The guaranties of "freedom of religious worship" and "freedom of speech" and "freedom of the press," given by Const.1921, Art. 1, §§ 3, 4 (see, now, Const. Art. 1, §§ 7, 8), and U.S.C.A. Const.Amend. 1, do not sanction trespass in the name of freedom. State v. Martin, Sup.1941, 199 La. 39, 5So.2d 377. Constitutional Law ☞ 1290; Constitutional Law ☞ 1725; Constitutional Law ☞ 2070

While this section is repugnant to constitutional provision pertaining to local or special laws (LSA-Const. Art. 3, § 12), general provisions of this section are unaffected. Op.Atty.Gen., No. 76-218, February 18, 1976.

Debates of constitutional convention of 1973 evince intent to repeal special trespass provisions of criminal code and to retain only general law on trespass. Op.Atty.Gen., No. 76-218, February 18, 1976.

2. Validity of prior law

R.S.1870, § 822, as amended by Acts 1910, No. 162 (see, now, this section), forbidding a person to trespass on the property of another, did not deprive a person of liberty or property without "due process of law" or deny "equal protection of the law" in violation of U.S.C.A. Const.Amend. 14. State v. Martin, Sup.1941, 199 La. 39, 5 So.2d 377. Constitutional Law ☞ 3781; Constitutional Law ☞ 4509(5); Trespass ☞ 77

R.S.1870, § 822, as amended by Acts 1910, § 162 (see, now, this section), forbidding a person to trespass on the property of another did not violate the constitutional guaranties of "freedom of religious worship" and "freedom of speech" and of "freedom of the press," granted by Const.1921, Art. 1, §§ 3, 4 (see, now, Const. Art. 1, §§ 7, 8); U.S.C.A. Const.Amend. 1. State v. Martin, Sup.1941, 199 La. 39, 5 So.2d 377. Constitutional Law ☞ 1414; Constitutional Law ☞ 1725; Trespass ☞ 77; Constitutional Law ☞ 2070

3. Construction and application

This section is a penal statute and must be strictly construed. Op.Atty.Gen., Jan. 4, 1956.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

4. Construction with other laws

In order for Louisiana misdemeanor conviction for criminal trespass to be predicate felony conviction in Colorado for purposes of habitual criminal conviction, it must be equivalent to first-degree criminal trespass, or other felony, in Colorado. People v. Nguyen, App.1995, 899 P.2d 352, rehearing denied. Sentencing And Punishment ☞ 1279

Louisiana misdemeanor criminal trespass conviction could not be used as predicate felony conviction under Colorado habitual criminal statute; based on comparison of pertinent statutes and charging document for Louisiana criminal trespass offense, court was unable to determine whether Louisiana criminal trespass offense would have been felony if committed in Colorado. People v. Nguyen, App.1995, 899 P.2d 352, rehearing denied. Sentencing And Punishment ☞ 1280

Former section (enacted by Acts 1990, No. 704, § 1 and repealed by Acts 1991, No. 438, § 2) defining trespass for recreational purposes governed over the general trespass provision of the Criminal Code and any parish ordinance criminalizing trespass, where either conflicted with the substance of Act No. 704. Op.Atty.Gen., No. 90-569, Nov. 14, 1990.

Parish governing authority by ordinance cannot alter the elements of the state crime of recreational trespass; such an ordinance would infringe upon the inalienable police power of the state and would be ultra vires. Op.Atty.Gen., No. 90-512, Nov. 14, 1990.

Police jury could pass ordinance defining criminal trespass, but ordinance under consideration by police jury would not be valid inasmuch as penalty exceeded penalty provided by this section. Op.Atty.Gen., No. 76-218, February 18, 1976.

LSA-Const. Art. 6, § 9 does not prohibit police jury from passing criminal trespass ordinance. Op.Atty.Gen., No. 76-218, February 18, 1976.

5. Nature and elements of offense

Engineering firm was not required to show irreparable harm in order to obtain preliminary injunction to prevent competitor from rummaging through dumpsters on the property of engineering firm and from disseminating or disclosing any information previously taken from the trash; such conduct was unlawful under Parish Code section prohibiting "scavenging" and also probably violated state trespass law and Unfair Trade Practices Act. Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., App. 5 Cir.1995, 652 So.2d 44, 94-547 (La.App. 5 Cir. 2/15/95). Injunction ☞ 138.31

The crime of criminal trespass does not involve an intent to commit a felony or theft within the structure that was entered without authorization; furthermore, trespass is not limited to entering structures. State v. Jones, Sup.1983, 426 So.2d 1323. Trespass ☞ 76; Trespass ☞ 78

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

Where ordained minister of religious group and her companions went to plantation and aroused the owner by playing a musical record and by loud talk, a and, though requested by the owner to leave, they went to the fields of the plantation and played musical records and talked to the workers, and owner again requested ordained minister and her companions to leave the premises, but they refused, the conduct of the ordained minister constituted a "trespass" within Rev.St.1870, § 822, as amended by Act No. 162 of 1910 (see, now, this section). State v. Martin, Sup.1941, 199 La. 39, 5 So.2d 377. Trespass ☞ 79

Continuing maintenance of a private fence upon state-owned lake bottoms in Bossier Parish once posted gives rise to either civil or criminal actions. Op.Atty.Gen. No. 76-1363, Jan. 21, 1977.

6. Enclosed and posted lands--In general

Although former R.S. 14:63.6 (repealed; see, now, this section) did not define word "posted," such fact did not warrant assumption that the statutory scheme permitted posting by some means other than signs. U. S. v. Peck, C.A.5 (La.)1977, 545 F.2d 962. Trespass ☞ 77

Distinctively colored beacon allegedly identifying Barksdale Air Force Base as a military airfield did not constitute a "posting" within meaning of provisions of this section defining criminal trespass in the Parish of Bossier as unauthorized and intentional entry on any posted public lands. U. S. v. Peck, C.A.5 (La.)1977, 545 F.2d 962. Trespass ☞ 81

Where property is posted in order to create an "enclosure", state law prevails over a local parish law which defines criminal trespass in terms of a violation of fenced property. Op.Atty.Gen., No. 90-557, Dec. 12, 1990.

In open range parishes, for a prosecution of criminal trespass, property entered upon must meet required standards set forth in this section, in that property must be posted and surrounded or encompassed by natural or artificial barriers; adequacy of fence will be determined by each specific case, but fence must at least give public notice as to enclosing of such property. Op.Atty.Gen., April 27, 1973.

A 600 acre tract, which was enclosed by a man-made dirt embankment at least seven feet high and inside the embankment by a ditch about eight feet wide and six feet deep, was not "enclosed" within meaning of this section. Op.Atty.Gen., Jan. 4, 1956.

7. ---- Hunting or trapping, enclosed and posted lands

Defendants entering uninclosed swamp land without consent of owner or lessee for purpose of trapping were not guilty of penal offense of trespassing under R.S.1870, § 822, as amended by Acts 1910, No. 162 (see, now, this section), notwithstanding land was posted. State v. Hebert, Sup.1934, 179 La. 190, 153 So. 688. Trespass ☞ 79

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

One commits no offense by hunting on lands not under fence, unless such lands belong to public institutions and are properly posted. Op.Atty.Gen., 1942-44, p. 201.

The mere posting of signs warning off trespassers is not sufficient to constitute an enclosure of realty so as to make a hunter guilty of trespass. Op.Atty.Gen., 1942-44, p. 201.

8. ---- Waters, enclosed and posted lands

The word "ground" as used in definition of criminal trespass as the unauthorized and intentional entry upon any inclosed and posted plot of ground includes nonnavigable water covered areas as well as dry land. State v. Almokary, Sup.1947, 212 La. 783, 33 So.2d 519. Trespass 🗝 78

9. Waters, generally

Pipeline canal which had silted up to some extent and which flowed over privately owned land was flooded swampland and not submerged banks of navigable stream, even though it lay within levees of Atchafalaya River, and, therefore, defendants who crayfished there after being told not to by owner were guilty of remaining upon property belonging to another after being forbidden. State v. Barras, Sup.1993, 615 So.2d 285, rehearing denied. Navigable Waters 🗝 1(6); Trespass 🗝 78

A levee district in taking property for levee purposes acquires only a servitude and the land owner retains title to the land and to borrow pits along the levee, and although all fish are the property of the state, licensed fisherman may not invade private property to reach the waters without consent of the property owner. Op.Atty.Gen., 1944--46, p. 378.

10. Forest land

Prohibition in this section against entry onto land by a person who has been forbidden such entry is applicable to large tracts of forest land even though that land does not meet the posting and enclosure requirements. Op.Atty.Gen., No. 89-475, March 5, 1990.

11. Residences

A person who enters the residence of another without authorization is guilty of criminal trespass. State v. Jones, Sup.1983, 426 So.2d 1323. Trespass 🗝 78

12. Personal property

Law did not denounce trespass on personal property since Rev.St.1870, §§ 817, 819, Act No. 85 of 1890, Act No. 14 of 1882, and Act No. 162 of 1910 (see, now, this section) pertained to real property. Mullen v. Gause, Sup.1926, 161 La. 461, 109 So. 31. Trespass 🗝 78

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

13. Trapping

Article 63 of former Criminal Code (see, now, this section) defining offense of criminal trespass covered trespasses other than unauthorized trapping on marsh lands, and such trapping was covered by the special law, Act No. 89 of 1938. Op.Atty.Gen., 1946-48, p. 144.

Article 63 of former Criminal Code (see, now, this section) defining a criminal trespass had no effect insofar as trapping was concerned, that type of criminal trespass being covered by the special statute, Acts 1938, No. 89. Op.Atty.Gen., 1946-48, p. 130.

Persons living on boat in navigable stream for believed purpose of aiding, assisting and abetting trappers employed to trap fur-bearing animals on island game preserve to avoid payment of trapping license, were not violating R.S.1870, § 818 (see, now, this section), prohibiting trespassing. Op.Atty.Gen., 1928-30, p. 109.

14. Air travel

Even if provision of former R.S. 14:63.6 (repealed; see, now this section) defining criminal trespass in Parish of Bossier as unauthorized and intentional entry on posted public lands applied to an air traveler-intruder, posting of Barksdale Air Force Base, which is located in such Parish, by signs visible to vehicular ground traffic was not a posting sufficient with respect to an air traveler so as to warrant conviction thereunder of individual who landed his private plane at night on the base. U. S. v. Peck, C.A.5 (La.)1977, 545 F.2d 962. Trespass ⌾ 81

15. Retrieval of dogs or livestock

The retrieval of a dog was not an affirmative defense to the crime of criminal trespass for recreational purposes, as that offense required that the unauthorized entry on to immovable property be for the purpose of engaging in a recreational activity. Op.Atty.Gen., No. 91-75, March 12, 1991.

16. Malicious prosecution

Defendants were not liable for malicious prosecution in instituting prosecution of plaintiff who had gone upon land leased by one of them from city to trap without consent of owner or lessee, regardless of whether plaintiff was guilty under R.S.1870, § 822, as amended by Acts 1910, No. 162 (repealed), relating to criminal trespass, under which prosecution was brought, where defendants had reasonable grounds for believing plaintiff was trespasser. Hebert v. Hogan, Sup.1936, 184 La. 750, 167 So. 430. Malicious Prosecution ⌾ 20

17. Recreational trespass

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

Section defining trespass for recreational purposes governs over the general trespass provision of the Criminal Code and any parish ordinance criminalizing trespass, where either conflicts with the substance of Act No. 704. Op.Atty.Gen., No. 90-569, Nov. 14, 1990.

Parish governing authority by ordinance cannot alter the elements of the state crime of recreational trespass; such an ordinance would infringe upon the inalienable police power of the state and would be ultra vires. Op.Atty.Gen., No. 90-512, Nov. 14, 1990.

18. Unauthorized entry of inhabited dwelling

Criminal trespass was lesser and included offense of unauthorized entry of an inhabited dwelling, entitling defendant charged with the latter offense to instruction on the former, where all elements of criminal trespass were also essential elements of unauthorized entry of an inhabited dwelling; misdemeanor offense of criminal trespass included unauthorized and intentional entry of any structure, elements also found in crime of unauthorized entry of an inhabited dwelling. State v. Simmons, Sup.2002, 817 So.2d 16, 2001-0293 (La. 5/14/02). Criminal Law ☞ 795(2.35); Indictment And Information ☞ 191(2)

Criminal trespass is a lesser included offense and a responsive verdict to a charge of unauthorized entry of an inhabited dwelling. State v. Simmons, Sup.2002, 817 So.2d 16, 2001-0293 (La. 5/14/02). Burglary ☞ 47; Criminal Law ☞ 881(2)

It is inappropriate to use the criminal trespass statute as a retaliatory device against a person who has reported instances of elderly abuse, but if expressly forbidden to enter the property, the person may be subject to prosecution unless he or she had express, legal, or implied authority to be there. Op.Atty.Gen., No. 04-0297, January 20, 2005.

19. Civil court actions

Where a prosecution is pending against a trespasser in the criminal court, the civil courts will be slow to inflict punitive damages. Bendich v. Scobel, Sup.1901, 107 La. 242, 31 So. 703. Trespass ☞ 56

20. Injunction against prosecution

Temporary restraining order sought by plaintiff, who alleged he was being threatened with arrest for exercising his First Amendment rights (U.S.C.A. Const.Amend. 1) under this section, which he contended was unconstitutional, would be denied by federal court, where plaintiff failed to show that the threatened arrest was to be made in bad faith. Holmes v. Giarrusso, E.D.La.1970, 319 F.Supp. 832. Civil Rights ☞ 1457(5); Injunction ☞ 150

Where there was no contention by plaintiffs that trespass statute complained of was unconstitutional or that plaintiffs possessed property right threatened with invasion, plaintiffs had

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

no right to an injunction against parish district attorney and sheriff from prosecuting them for trespassing. Warner v. Clarke, App. 2 Cir.1970, 232 So.2d 99, writ refused 255 La. 918, 233 So.2d 565. Injunction ☞ 105(1)

21. Indictment and information

An indictment for cutting timber from the land of another was not required to describe the land otherwise than by the name of the owner. State v. Prince,Sup.1890, 42 La.Ann. 817, 8 So. 591. Trespass ☞ 87

22. Presumptions and burden of proof

In order to convict defendant of criminal trespass, the State need only prove unauthorized intentional entry into immovable property owned by another under circumstances where person entering property knows or reasonably should know that entry is authorized; it is not necessary that entry have been forbidden either orally or in writing. State v. Davis, App. 5 Cir.1989, 540 So.2d 600. Trespass ☞ 81

23. Sufficiency of evidence

Guilty verdict for lesser offense of criminal trespass was nonresponsive to greater charged offense of attempted unauthorized entry of inhabited dwelling, requiring reversal of conviction and sentence and remand for new trial, where reasonable state of facts could be imagined wherein greater offense could be committed without perpetration of lesser offense. State v. Lynch, App. 4 Cir.1999, 729 So.2d 12, 1997-2426 (La.App. 4 Cir. 2/3/99). Criminal Law ☞ 881(2); Criminal Law ☞ 1175

Evidence was sufficient to sustain conviction of criminal trespass for entering home at 2 a.m. without authority. State v. Davis, App. 5 Cir.1989, 540 So.2d 600. Trespass ☞ 88

Undisputed evidence that defendant paddled a small boat on the waters of a lake formed from an old river channel, passing through a fence maintained by complainants, along which were "no trespassing" signs, which defendant saw, and fished within such inclosure authorized conviction of trespass under this section notwithstanding that defendant at no time walked on or passed over any dry land possessed by complainants. State v. Almokary, Sup.1947, 212 La. 783, 33 So.2d 519. Trespass ☞ 78

24. Instructions

Criminal trespass was lesser and included offense of unauthorized entry of an inhabited dwelling, entitling defendant charged with the latter offense to instruction on the former, where all elements of criminal trespass were also essential elements of unauthorized entry of an inhabited dwelling. State v. Hernandez, App. 5 Cir.2002, 824 So.2d 529, 02-340 (La.App. 5 Cir. 7/30/02).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:63

Criminal Law ☞ 795(2.26)

Trial court's erroneous refusal of defendant's request for instruction on misdemeanor criminal trespass as responsive verdict to charge of unauthorized entry of a dwelling was not harmless, where jury, after requesting further instruction, returned verdict of only lesser included offense offered to it, and where defendant would have escaped sentencing as multiple offender had he been convicted of a misdemeanor. State v. Simmons, Sup.2002, 817 So.2d 16, 2001-0293 (La. 5/14/02). Criminal Law ☞ 1173.2(4)

Where defendant insisted that criminal trespass be charged as lesser included offense of attempted simple burglary of pharmacy, but objected to court's charging jury on more obvious lesser included offense of attempted simple burglary, trial judge's refusal to charge that criminal trespass is lesser included offense did not constitute reversible error. State v. Simmons, Sup.1982, 422 So.2d 138. Criminal Law ☞ 1043(1)

In prosecution for murder of deceased while removing line fence in dispute, requested instructions that trespass on realty or destruction of movable property, belonging to another, justified killing of trespasser, if, in judgment of reasonable man, resort to such force was necessary to protect property, was properly refused; R.S.1870, § 818, as amended by Act No. 85 of 1890 (see, now, this section), protecting owner against willful or malicious trespass by punishing trespasser. State v. Ciaccio, Sup.1927, 163 La. 563, 112 So. 486.

On an indictment for cutting timber from the land of another, it was error to refuse a charge that, in order to convict, it must be proved that the act was done knowingly and willfully, and not through mistake or inadvertence. State v. Prince, Sup.1890, 42 La.Ann. 817, 8 So. 591. Trespass ☞ 83

LSA-R.S. 14:63, LA R.S. 14:63

Current through the 2008 Second Extraordinary Session.

Copr © 2008 Thomson Reuters/West.

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.