LSA-R.S. 14:67

West's Louisiana Statutes Annotated Currentness
  Louisiana Revised Statutes
    Title 14. Criminal Law
      Chapter 1. Criminal Code (Refs & Annos)
        Part III.  Offenses Against Property
          Subpart C.  by Misappropriation Without Violence

→ § 67. Theft

A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

(2) When the misappropriation or taking amounts to a value of three hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.

(3) When the misappropriation or taking amounts to less than a value of three hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.

C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.

D. Repealed by Acts 2001, No. 944, § 4.

CREDIT(S)

Amended by Acts 1968, No. 647, § 1, eff. July 20, 1968, at 1:30 P.M; Acts 1970, No. 458, § 1; Acts 1972, No. 653, § 1; Acts 1990, No. 118, § 1; Acts 1999, No. 338, § 1; Acts 1999, No. 1251,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

§ 1; Acts 2006, No. 82, § 1.

REPORTER'S COMMENT--1950

2007 Main Volume

**Louisiana statutes covered:**

R.S.1870, § 903 (embezzlement of public money).

R.S.1870, § 904 (embezzlement of parish or city funds).

R.S.1870, § 905; Acts 1888, No. 31; 1918, No. 165, § 1 (embezzlement by officer, agent, or employee).

Acts 1940, No. 57, § 1 (cumulation of offenses in embezzlement indictment).

R.S.1870, § 906 (indictment for embezzlement or larceny).

R.S.1870, § 907 (embezzlement by officer or employees of bank).

Acts 1926, No. 187, § 1 (embezzlement of hired motor vehicle).

The preceding statutes cover the Louisiana material on embezzlement.

Acts 1914, No. 82, §§ 1 to 4 (stealing rides on trains).

Acts 1916, No. 249, § 1 (stealing stock parts or fixtures of locomotive).

Acts 1920, No. 211, § 1 (stealing from shipments in transit).

Acts 1926, No. 116, § 1 (stealing electric current).

Acts 1926, No. 116, § 2 (attempting to steal electric current).

Acts 1926, No. 116, § 3 (stealing electricity by interference with meters).

Acts 1926, No. 116, § 4 (stealing electricity by diverting current from meter).

Acts 1926, No. 116, § 5 (attempting to steal electricity by interference with meter).

Acts 1926, No. 116, § 6 (attempting to steal electricity by diverting current from meter).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

Acts 1926, No. 116, § 7 (prima facie evidence of stealing electricity).

Acts 1926, No. 116, § 8 (constitutionality of act).

Acts 1926, No. 117, § 1 (stealing gas from pipes).

Acts 1926, No. 117, § 2 (attempting to steal gas from pipes).

Acts 1926, No. 117, § 3 (stealing gas by interference with meter).

Acts 1926, No. 117, § 4 (stealing gas by diversion from meters).

Acts 1926, No. 117, § 6 (attempting to steal gas by diversion from meters).

Acts 1926, No. 117, § 7 (prima facie evidence of stealing gas).

Acts 1926, No. 117, § 8 (constitutionality of act).

Acts 1874, No. 124, § 8 (grand and petit larceny).

Acts 1902, No. 107, § 5 (petit larceny graded).

Acts 1936, No. 150, § 1 (petit larceny graded).

Acts 1912, No. 225, § 1 (attempting to steal money from receptacle).

Acts 1904, No. 133, § 1; 1914, No. 40, § 1 (stealing from person of another).

Acts 1910, No. 64, § 1 (stealing cattle).

Acts 1934, No. 209, § 1 (milking cow of another).

Acts 1898, No. 109, § 1 (skinning dead animal of another).

Acts 1918, No. 45, § 1; 1932, No. 94, § 1 (stealing hogs, sheep).

Acts 1870 (E.S.), No. 8, § 3 (killing another's animal with intent to steal).

R.S.1870, § 814 (stealing horses or mules).

Acts 1926, No. 33, § 1 (stealing automobile parts).

Acts 1918, No. 154, §§ 1, 2 (stealing plumbing fixtures).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

R.S.1870, § 810 (stealing bills, notes, or certificates).

Acts 1936, No. 290, § 1 (stealing trees and flowers).

The preceding statutes cover the Louisiana material on larceny and "stealing" in general.

Acts 1902, No. 107, § 6; 1936, No. 151, § 1 (obtaining by false pretenses graded).

R.S.1870, § 813; Acts 1936, No. 151, § 2 (obtaining by false pretenses graded).

Acts 1936, No. 151, § 3 (obtaining by false pretenses graded).

Acts 1912, No. 43, §§ 1 to 3 (obtaining by false checks).

Acts 1912, No. 72, §§ 1 to 3 (obtaining credit by false statement).

Acts 1888, No. 119, §§ 1, 2 (using another's name fraudulently).

R.S.1870, § 825 (purchasing goods with intent to defraud).

Acts 1894, No. 166, § 1; 1896, No. 94, § 1; 1912, No. 114, § 1 (purchasing goods under assumed name).

Acts 1894, No. 166, § 2; 1896, No. 94, § 2; 1912, No. 114, § 2 (disposing of goods out of ordinary course).

Acts 1894, No. 166, § 3; 1896, No. 94, § 3; 1912, No. 114, § 3 (purchasing goods with intent to abscond).

Acts 1896, No. 94, § 5; 1912, No. 114, § 5 (vendor failing to pay original vendor).

Acts 1912, No. 114, § 8 (act applying to persons and corporations).

Acts 1894, No. 11, § 1 (buying or selling by short weight or measure).

Acts 1928, No. 75, §§ 1, 2 (operating coin machine fraudulently).

Acts 1926, No. 219, § 1 (tampering or removing register on "For Hire" motor vehicles).

Acts 1926, No. 192, §§ 1, 2 (overcharging taxicab passengers).

Acts 1938, No. 50, §§ 1 to 4 (preventing teeth of mule or horse from indicating age).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

Acts 1938, No. 123, §§ 1 to 2 (false packing of cotton bales).

The preceding statutes cover the Louisiana material on "obtaining by false pretenses" and a great number of miscellaneous statutes on "fraud and false dealing."

In many instances the particular existing statutes denounce both the complete offense and also what would amount to attempts to commit the offense in question or aiding in committing it. See Acts 1926, No. 116, §§ 1 to 8; R.S.1870, § 904; Acts 1888, No. 119, §§ 1, 2; R.S.1870, § 825; Acts 1894, No. 166, §§ 1 to 3; 1896, No. 94, §§ 1 to 3; 1912, No. 114, §§ 1 to 3; Acts 1896, No. 94, § 5; 1912, No. 114, § 5; Acts 1912, No. 114, § 8; Acts 1926, No. 117, §§ 1 to 8; Acts 1904, No. 133, § 1; 1914, No. 40, § 1; Acts 1870 (E.S.), No. 8, § 3; Acts 1938, No. 50, §§ 1 to 4; Acts 1938, No. 123, §§ 1, 2. The law of attempts, accessories, etc., is stated in general sections which apply to all crimes, thus eliminating the necessity of specific sections dealing with these matters.

**General purpose of section:**

This section has the effect of combining the traditional offenses of larceny, embezzlement, and obtaining by false pretenses. In spite of the tremendously complicated nature of the problem as a matter of historical development, there seems to be absolutely no reason why today the fundamental notion that it is socially wrong to take the property of another, in any fashion whatsoever, cannot be stated as clearly and simply as it has been above. There is eminent theoretical and practical authority for this step. See Stumberg, Criminal Appropriation of Movables--A Need for Legislative Reform (1941) 19 Tex.L.Rev. 300.

**Technical common law distinctions abolished:**

Louisiana has not defined larceny by statute, but has looked to the common law for its definition by virtue of the Crimes Act of 1805. The common law restricted the concept in a number of ways which seem unnecessary. See Comment (1941) 19 N.C.L.Rev. 221. For instance, only personal property, not real property or "fixtures," might be the subject of larceny. This rule caused absurd distinctions between standing trees and trees which have been cut, as in State v. Prince, 42 La.Ann. 817, 8 So. 591 (1890), and also caused the enactment of such special statutes as Acts 1918, No. 154, §§ 1, 2, supra, on stealing plumbing and electric fixtures. At common law, also, electricity, gas, etc., and many animals were not "property" and not subjects of larceny. See State v. Chambers, 194 La. 1042, 195 So. 532 (1940), on dog stealing, commented upon in (1941) 3 La.L.Rev. 389. In Louisiana special statutes have been enacted to take care of this defect. See Acts 1926, No. 116, §§ 1, 2; Acts 1926, No. 117, §§ 1 to 8.

Accordingly, in the "theft" section of the Code, very broad language has been used: "anything of value which belongs to another," which is intended to eliminate all of the common law distinctions and to include all of the objects mentioned above. The word "property" was not used, since it might be narrowly construed and have read into it all of the traditional dogmatic

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

distinctions as to those things which might be the "subject of ownership." By saying, "which belong to another" the way is clear for the court to interpret this broadly in the popular sense of that phrase, and not as synonymous with the technical legal term "property." This intended broad meaning of "anything of value which belongs to another" is made clear in the Code itself in the definition section.

**"Larceny" and "embezzlement" merged:**

One of the most important single changes made by the "theft" section is the combination of what was "larceny" and what was "embezzlement." This was accomplished by the elimination of the element of common law larceny known as "a trespass in the taking," or "taking out of the possession of the owner." The fact of taking out of the owner's possession was originally a requirement, so that a misappropriation by one lawfully in possession was not larceny. This fact alone led to the enactment of statutes denouncing a new offense, "embezzlement," which included a taking by one in "possession" who necessarily could not "take out of the owner's possession." Clark and Marshall, Law of Crimes (4th ed., 1940) 444, 449, §§ 341, 345. The important factor is clearly the misappropriation, and the matter of who has possession (which involves the further refinement of "custody" as distinguished from "possession") seems entirely immaterial. This phase of the section, of course, represents an innovation in the Louisiana criminal law, as will appear from an examination of the sections of the Statutes enumerated above. See also State v. Pellerin, 118 La. 547, 43 So. 159 (1907); State v. Perry, 167 La. 550, 119 So. 870 (1929). It is a reform which has been instituted in a number of states, however, and one which has been urged earnestly by authorities in the field generally. See Cal.Pen.Code (1931) § 484; Ill.S.H.A. ch. 38, § 207; Proposed Ill.Pen.Code (1937) § 39; Mass.Gen.Laws (1932) c. 266, § 30; Mont.Rev.Codes Ann. (Anderson & McFarland, 1935) § 11368; N.Y.Pen.Law (Thompson) § 1290.

**"Asportation" and consent of owner:**

There are other problems in connection with the law of larceny at common law about which it does not appear to be necessary to set out details in the Code. Obviously, in particular cases, there may be some question as to whether there has been sufficient "asportation" of the stolen thing in the common law sense. The slightest "asportation" or misuse of anything belonging to another should be sufficient, but in any case it would be a question for the court to decide whether the offender's activity was sufficient to amount to a "taking." So also of the question of the owner's consent: if he was not aware of the taking, or if he turned over the thing knowingly but unwillingly, clearly the taking would be "without his consent." Again the court must determine, in particular cases, whether the circumstances fall within the legislative language.

**Embezzlement:**

Some observations should be made about the former concept of "embezzlement," which is merged in the crime of "theft." As indicated above, embezzlement as a separate offense from

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

larceny is a historical accident. Generally speaking it involved a misappropriation by one lawfully "in possession," usually by reason of the offender's holding a position of trust and confidence. Under this section, which provides that anyone can commit theft of anything, all of the acts which formerly amounted to "embezzlement" will be "theft" under the Code and much statutory material and many historical distinctions eliminated. It will no longer be necessary, for instance, to try to enumerate every conceivable type of fiduciary relationship in particular. R.S.1870, § 905; Acts 1888, No. 31; 1918, No. 165, § 1, *supra*. Whether the offender was in "possession" or had "custody," etc., will clearly be immaterial.

With regard to the Louisiana law of embezzlement in particular, it has been possible to eliminate still another distinction. Formerly, there were various statutes on commissions of this offense by different individuals. R.S.1870, § 903, supra (public officials); R.S.1870, § 907, supra (bank officials); R.S.1870, § 905; Acts 1888, No. 31; Acts 1918, No. 165, § 1, supra (fiduciaries in general). With reference to misuse of public funds, a failure to account operated as a presumption of conversion and embezzlement. R.S.1870, § 903, supra. This fact has given rise to discussion in the jurisprudence of a distinction between "public" and "private" embezzlement in Louisiana. See State v. Palmer, 32 La.Ann. 565 (1880); State v. O'Kean, 35 La.Ann. 901, 903 (1883); State v. Smith, 47 La.Ann. 432, 435, 16 So. 938, 940 (1895); State v. Stringer, 162 La. 925, 928, 111 So. 330, 331 (1927).

**Obtaining by false pretenses:**

This section concerns itself also with the offense of obtaining by false pretenses, but it is stated broadly to include much more than that traditional offense. See Acts 1902, No. 107, § 6; 1936, No. 151, § 1, *supra*.

Originally "obtaining by false pretenses" was accomplished in the English law only by the use of false weights, measures, and "tokens," but it has been extended by statute in most jurisdictions to include a great variety of conduct. Clark and Marshall, Law of Crimes (4th ed., 1940) 467, § 355. In general, it consists of depriving someone of property (of various descriptions in various statutes) under circumstances in which the owner intends to relinquish ownership, not merely "possession" or "custody." Thus a type of consent is secured and larceny does not result. State v. Will, 49 La.Ann.1337, 22 So. 378 (1897). It is a consent affected by the vice of fraud, however, as we would say in the field of civil law. The analogy to civil fraud was not complete, however, because the concept as it exists in Anglo-American law included only false "pretenses" or "representations" about present or past facts. State v. Colly, 39 La.Ann. 841, 2 So. 496 (1887); State v. Antoine, 155 La. 120, 98 So. 861 (1924). Inducing another to part with his property by means of representations or promises as to future events was not included. State v. Antoine, supra. By not including this latter concept in the definition of "theft," it is intended to produce identity of meaning between civil and criminal fraud. Whenever the situation is such that the transaction between the parties could be avoided because of fraud, the defrauder is guilty of theft.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

The phrase "anything of value which belongs to another" is particularly necessary here. State v. Mestayer, 144 La. 601, 80 So. 891 (1919); State v. Frusha, 150 La. 995, 91 So. 430 (1922); State v. Eicher, 174 La. 344, 140 So. 498 (1932); State v. Smith, 195 La. 783, 197 So. 429 (1940); Clark and Marshall, Law of Crimes (4th ed., 1940) 483 to 485, § 369; Note (1940) 3 La.L.Rev. 236. The word "taking" also has been used advisedly, rather than "obtain," since the only significant consideration is whether someone lost, not whether the offender or anyone else gained by "obtaining."

**Intent:**

No matter what approach was used with reference to the problem of intent in the Code, it was necessary to include a special mental element as an essential in this section's definition. It is well established that an intent to deprive the owner permanently of his property is a necessary element in any "stealing" crime. See Clark and Marshall, Law of Crimes, (4th ed. 1940) 428, 462, 476, §§ 327, 349, 364.

**Penalty clause:**

Where the theft amounts to a felony the general habitual offender law will apply. Where the theft is of an amount under twenty dollars (and only a misdemeanor), the fourth paragraph of this section carries a provision concerning offenders who have been guilty of theft previously. This provision is based on Acts 1902, No. 107, § 5, *supra*.

The last paragraph of this section states the substantive portion of Article 225 of the Louisiana Code of Criminal Procedure of 1928 and Act 57 of 1940. See Note (1940) 3 La.L.Rev. 159.

HISTORICAL AND STATUTORY NOTES

2007 Main Volume

**Source:**
   Acts 1942, No. 43, § 1, Art. 67.

Prior to the 1968 amendment, this section read as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

"Whoever commits the crime of theft, when the misappropriation or taking amounts to a value of one hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

"When the misappropriation or taking amounts to a value of twenty dollars or more, but less than a value of one hundred dollars, the offender shall be fined not more than three hundred dollars, or imprisoned, with or without hard labor, for not more than two years, or both.

"When the misappropriation or taking amounts to less than a value of twenty dollars, the offender shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both. In such cases, if the offender has been convicted of theft once before, upon a second conviction he shall be fined not less than one hundred dollars nor more than two hundred dollars, or imprisoned for not less than six months nor more than one year, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be fined not less than one hundred dollars nor more than three hundred dollars, or imprisoned for not less than six months nor more than two years, or both.

"When there has been misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense."

The 1968 amendment increased the maximum prison term for offenders convicted once before from one year to two years, and for offenders convicted two or more times from two years to three years.

Section 5 of Acts 1968, No. 647 (§ 1 of which amended this section) provides as follows:

"This Act amends the penalty clauses of the crimes covered herein. Upon the effective date of this Act it shall govern all prosecutions regardless of when the offense was committed, for crimes where the penalty is reduced.

"Where the crime has been changed to a felony by amendment of the penalty clause, the amendment shall only be effective as to crimes committed after this Act becomes effective; and such offenses, when committed before this Act becomes effective, shall be governed by law in effect at the time the crime was committed."

The 1970 amendment rewrote the section to read as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one hundred dollars or more, shall be imprisoned with or without hard labor, for not more than ten years or may be fined not more than three thousand dollars, or both.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

"When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.

"When there has been misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriation or takings shall determine grade of the offense."

The 1972 amendment rewrote the section to read as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

"When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.

"When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.

"When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense."

Section 2 of Acts 1972, No. 653 (§ 1 of which amended this section) provides:

"This Act shall not apply to any crimes committed before the effective date of this Act. Crimes committed before that time shall be governed by the law existing at the time the crime was committed."

Acts 1979, No. 147, § 1 repealed R.S. 46:114.2. which related to penalties for attempting or aiding to obtain welfare assistance fraudulently. Section 2 of Acts 1979, No. 147 provides:

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

"Section 2. Statement of Legislative Intent

"It is the intent of the Legislature of Louisiana that all such fraudulent conduct as previously denounced by the herein repealed statute be prosecuted under the provisions of Louisiana Revised Statute 14:67."

The 1990 amendment inserted subsection and paragraph designations and added a subsec. D, relative to theft of timber.

Subsection D of this section as amended by Acts 1990, No. 118, § 1, relating to thefts of timber, was redesignated as R.S. 14:67.12 pursuant to the statutory revision authority of the Louisiana State Law Institute.

Acts 1999, No. 338, § 1 added subsec. D, relating to misdemeanor offenses as the subject of municipal ordinances.

Acts 1999, No. 1251, § 1, in par. (B)(2) and in the first sentence of par. (B)(3), substituted "a value of three hundred dollars" for "a value of one hundred dollars", and in the second sentence of par. (B)(3), substituted "two thousand dollars" for "one thousand dollars".

Acts 2001, No. 944, § 4 repealed subsec. D, which had read:

"D. Notwithstanding any other provision of law, a misdemeanor offense under this Section may be the subject of a municipal ordinance."

See, now, generally, R.S. 14:143 as amended by Acts 2001, No. 944, § 2.

Acts 2006, No. 82, § 1, in par. (B)(3), in the first sentence, substituted "one thousand" for "five hundred".

**Prior Laws:**
    Acts 1870, Ex.Sess., No. 8, § 3.
    R.S.1870, §§ 810, 812 to 814, 825, 903 to 907.
    Acts 1874, No. 124, § 8.
    Acts 1888, No. 31.
    Acts 1888, No. 119, §§ 1, 2.
    Acts 1894, No. 11, § 1.
    Acts 1894, No. 166, §§ 1 to 3.
    Acts 1896, No. 94, § 5.
    Acts 1898, No. 109, § 1.
    Acts 1902, No. 107, §§ 5, 6.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

LSA-R.S. 14:67

    Acts 1904, No. 133, § 1.
    Acts 1910, No. 64, § 1.
    Acts 1912, No. 43, §§ 1 to 3.
    Acts 1912, No. 72, §§ 1 to 3.
    Acts 1912, No. 114.
    Acts 1912, No. 225, § 1.
    Acts 1914, No. 40.
    Acts 1914, No. 82, §§ 1 to 4.
    Acts 1914, No. 168.
    Acts 1916, No. 249, § 1.
    Acts 1918, No. 45, § 1.
    Acts 1918, No. 154, §§ 1, 2.
    Acts 1918, No. 165.
    Acts 1920, No. 16, §§ 1 to 3.
    Acts 1920, No. 91.
    Acts 1920, No. 211.
    Acts 1926, No. 33, § 1.
    Acts 1926, No. 116, §§ 1 to 8.
    Acts 1926, No. 117, §§ 1 to 8.
    Acts 1926, No. 187, § 1.
    Acts 1926, No. 192, §§ 1, 2.

    Acts 1926, No. 219, § 1.
    Acts 1928, No. 75, §§ 1, 2.
    Acts 1932, No. 94, § 1.
    Acts 1934, No. 209, § 1.
    Acts 1936, No. 150, § 1.
    Acts 1936, No. 151, §§ 1 to 3.
    Acts 1936, No. 290, § 1.
    Acts 1938, No. 50, §§ 1 to 4.
    Acts 1938, No. 123, §§ 1, 2.
    Acts 1940, No. 57, § 1.

LSA-R.S. 14:67, LA R.S. 14:67

Current through the 2008 Second Extraordinary Session.

Copr © 2008 Thomson Reuters/West.

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.