UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*         05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*           07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**MEMORANDUM IN SUPPORT OF LAFARGE NORTH AMERICA INC.'S
MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON
<u>CENTANNI INVESTIGATIVE AGENCY</u>**

Lafarge North America Inc. ("LNA") files this motion under Rule 45(c)(3)(a) to protect its work product by quashing the deposition subpoena and request for records production served on LNA's investigator, Centanni Investigative Agency ("Centanni"). Plaintiffs seek Centanni's work product related to the investigators' interviews and investigation concerning witnesses in

the Lower Ninth Ward, including both Centanni's recollections and all documents prepared by his firm concerning the interviews and investigations.[1]

LNA has already agreed to provide the identities and contact information for these witnesses pursuant to written discovery requests served by plaintiffs on LNA. Thus, rather than appropriating LNA's work product, plaintiffs can obtain the information they seek by interviewing these people for themselves and performing their own investigation.

REDACTED AS IRRELEVANT

## BACKGROUND

LNA engaged Centanni Investigative Agency in October 2005, after barge-related litigation had already been filed, to assist in the investigation and defense of claims against the company relating to the barge ING 4727. [Centanni Dec.. ¶ 3] The only purpose of all activities conducted by Centanni pursuant to this engagement has been to assist LNA in anticipation of litigation or for trial. [Centanni Dec. ¶ 4] Centanni performed investigative tasks at the direction of counsel. [Centanni Dec. ¶ 8] Among other tasks, Centanni interviewed possible witnesses to events occurring in the Lower Ninth Ward from August 28-31, 2005, to assist LNA counsel in the preparation of their defense in the litigation. [Centanni Dec. ¶ 5] The Centanni investigators exercised professional judgment in determining what leads to pursue, what questions to ask, and what information to gather. [Centanni Dec. ¶ 7] Further, Centanni selected, gathered, compiled, analyzed and evaluated materials obtained from publicly available

---

[1] Specifically, plaintiffs seek information related to interviews of "named plaintiffs, persons represented by counsel, and/or putative class members." *See* Pls. Notice of FRCP 30(b)(6) Deposition (Docket # 10617). Practically, these individuals are residents of the Lower Ninth Ward or other areas of plaintiffs' proposed class.

sources (such as media accounts) and on-line databases regarding possible witnesses, all in the exercise of the investigators' professional judgment. [Centanni Dec. ¶ 6]  Centanni met regularly with LNA's lawyers to provide investigative results and receive further instructions. [Centanni Dec. ¶ 8].  Centanni had no other clients for which it investigated these Katrina-related matters. [Centanni Dec.¶ 9]  Because Centanni carried out its investigation on behalf of LNA, Centanni's investigative files are within the control of LNA and its counsel. [Centanni Dec. ¶ 10].

After LNA disclosed Centanni's identity to plaintiffs in response to a written discovery request, the plaintiffs served a deposition and document subpoena directly on Centanni.[2] Plaintiffs' subpoena does not merely seek information sufficient to identify potential witnesses so that plaintiffs can contact the witnesses to investigate the facts for themselves.[3]  Rather, the subpoena seeks to take for plaintiffs' own use the *results* of Centanni's investigation by requiring the firm to testify or produce everything that it has learned from or about these potential witnesses during the course of the firm's investigation on behalf of LNA.  Thus, the subpoena seeks to require Centanni to testify as to the contents of any interviews conducted with potential fact witnesses in the Lower Ninth Ward, and to turn over any "memorialization" of those interviews.[4]  REDACTED AS IRRELEVANT

---

[2] The subpoena is attached as Exhibit 1.

[3] Although the subpoena does seek identifying and contact information (see Exhibit 1, Deposition Topic 1), plaintiffs had requested that information from LNA directly in written discovery, and LNA has agreed to provide it.

[4] See Exhibit 1, Deposition Topic 5 and Document Request 2.  The subpoena is framed to seek information regarding interviews of "named plaintiffs, persons represented by counsel, and putative class members in this suit." Exhibit 1, Depo Topic 5 and Document Request 2.  This group effectively includes all witnesses to events in the Lower Ninth Ward on August 28-31, 2005.

3



LNA has already provided, or has agreed to provide, the identities and contact information for the persons in the putative class members whom Centanni interviewed.[8]  Thus, LNA has provided the plaintiffs with all the information they need to gather for themselves whatever information these individuals have to provide.



---

[8] See Exhibit 2 (LNA's amended response to plaintiffs' Interrogatory No. 5).  Although LNA maintains that identifying those individuals that it chose to interview reveals the thoughts and strategy of counsel, *see Schbley v. Gould*, 1994 U.S. Dist. LEXIS 4082, at *4 (D. Kan. Mar. 29, 1994), LNA nonetheless offered, during meet and

4

**REDACTED AS IRRELEVANT**

Here, plaintiffs cannot carry even this lesser burden because they have available to them the names and contact information for the potential witnesses, and can interview them or subpoena them for deposition. **REDACTED AS IRRELEVANT**

**REDACTED AS IRRELEVANT**

8

REDACTED AS IRRELEVANT

But it is plaintiffs' ability to interview these witnesses themselves that most easily demonstrates that this deposition should be quashed. Even if these interviews were subject to the lesser disclosure requirements for ordinary work product (as opposed to opinion work product), the deposition and subpoena duces tecum must be quashed because nothing prevents plaintiffs from interviewing or deposing the witnesses themselves. REDACTED AS IRRELEVANT



10

**REDACTED AS IRRELEVANT**

Plaintiffs' ability to conduct their own investigation, equipped with witness identities and contact information supplied by LNA, precludes them from seizing the results of LNA's investigation in the guise of attempting to learn "facts." **REDACTED AS IRRELEVANT**

[redacted]⁶ LNA has agreed to provide, and plaintiffs have

**REDACTED AS IRRELEVANT**

Here, by contrast, plaintiffs are given the witnesses' identities and contact information and do not need the investigator's deposition to learn who the people are or what they may have to say.

---

¹⁶ *See also Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, 2003 U.S. Dist. LEXIS 16378, at *5-6 (N.D. Ill. 2003) (noting that "defendants will have a fair opportunity to contact and interview these witnesses regarding any

11

available to them, the identities and contact information for the witnesses whose "factual accounts" they seek to wrest from Centanni. Having been given this information, plaintiffs are not allowed a free ride on the efforts of LNA's investigators in interviewing the witnesses. Rather, plaintiffs can and should be required to conduct their own investigation.



12

## CONCLUSION

Because all topics noticed by plaintiffs have either been resolved through LNA's provision of its list of witnesses interviewed or seek protected work product, the subpoena should be quashed in its entirety. ■■■ REDACTED AS IRRELEVANT ■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*

17

## Certificate of Service

I do hereby certify that I have on this 4th day of February, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Derek A. Walker