UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION |
| | *<br>* | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | *<br>* | SECTION "K" (2) |
| *Boutte v. Lafarge*       05-5531<br>*Mumford v. Ingram*   05-5724<br>*Lagarde v. Lafarge*    06-5342<br>*Perry v. Ingram*         06-6299<br>*Benoit v. Lafarge*       06-7516 | *<br>*<br>*<br>*<br>*<br>* | <br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE<br>JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA, INC.'S PRIVILEGE LOG
IN RESPONSE TO PLAINTIFFS' DISCOVERY REQUESTS**

Defendant Lafarge North America, Inc. ("LNA"), hereby provides this Privilege Log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), in response to Plaintiffs' Discovery Requests. This Privilege Log is subject to all of LNA's General and Specific Objections interposed in response to Plaintiffs' Discovery Requests, and in providing this Privilege Log LNA does not concede that any document in each category logged is relevant to this litigation. LNA reserves the right to supplement this Privilege Log if it locates additional responsive documents, or if the Court orders production of documents in areas where LNA has lodged relevance, burden, or other objections.

LNA has employed invocations of privilege by category of document or communication protected by the attorney-client privilege and work product doctrine, as permitted by Rule 26(b)(5) and the accompanying comments. It would be overly-burdensome for LNA to log separately each such document and communication. The information provided describing each category of document is intended to enable Plaintiffs to assess the applicability of the privilege or protection. The accompanying declaration of Mark S. Raffman describes how each category of document came to be created of selected

by counsel or representatives, after September 8, 2005, for the purpose of investigating and defending against claims related to the Barge ING 4727.

LNA claims privilege or work-product protection for the following categories of documents:



REDACTED AS IRRELEVANT

*Category 3*: Notes, memoranda or other records created after September 8, 2005, by LNA's counsel or representatives concerning witness interviews (in person or by telephone) conducted in the course of and for the purpose of investigating and defending against claims related to the ING 4727. (Note: In response to plaintiffs' request for a supplemental response to interrogatory number 5, LNA has prepared a chart for production to the plaintiffs containing the identities and contact information for putative class area residents who were interviewed in the course of LNA's investigation of the facts).

REDACTED AS IRRELEVANT

*Category 5*: Photographs, videos and visual evidence of the barge ING 4727 taken after September 8, 2005, by LNA's counsel or representatives for the purpose of investigating and defending against claims related to the Barge ING 4727.[1] (Note: LNA has not gathered photographs, videos, or

---

[1] To the extent that any of these materials may or will be used as trial exhibits, they will be disclosed pursuant to the case management order.

visual evidence from plaintiffs or putative class members and neither this category nor any other category listed in this log extends to any such evidence).

**REDA** ████ **REDACTED AS IRRELEVANT** ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

  ████    ██████████████████████████████

████████████████████████████████████████

████████████████████████

  ████    ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

  ████    ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

_____

████████████████████████████████████████
████████████████

████████████████████████████████████████
████████████████

3

██████████████ REDACTED AS IRRELEVANT ██████████████

████████████████████

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

  Mark S. Raffman
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

February 20, 2008

---

[4] To the extent that any of these materials may or will be used as trial exhibits, they will be disclosed pursuant to the case management order.

4

LIBW/1660399.3