UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lafarge v. USA* 07-5178 | * * | |

# ORDER GRANTING BARGE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER BARRING DEFENDANT LAFARGE NORTH AMERICA AND ITS COUNSEL FROM HAVING ANY *EX PARTE* CONTACT WITH ANY MEMBER OF THE PUTATIVE CLASS THE BARGE P.S.L.C. SEEKS TO REPRESENT, WITHOUT THE CONSENT OF THE BARGE P.S.L.C. OR THE PERMISSION OF THE COURT, FOR DECLARATORY RELIEF, AND FOR OTHER APPROPRIATE RELIEF

This matter comes before the Court on the July 15, 2008, Barge Plaintiffs' Motion for Protective Order Barring Defendant Lafarge North America and its Counsel from Having any *Ex Parte* Contact with any Member of the Putative Class the Barge P.S.L.C. Seeks to Represent, Without the Consent of the Barge P.S.L.C. or the Permission of the Court, for Declaratory Relief, for Discovery, and for Other Appropriate Relief.

Upon consideration of the matter and of the materials filed in support of the Motion and in opposition to it, it appears that the Motion is well taken. It is therefore hereby

ORDERED, that:

1. Defendant Lafarge North America, Inc., its counsel, and their officials, employees, and agents, including Centanni Investigative Services, Inc., and its officials and agents, are barred from any *ex parte* contact with any putative class member, as to any matter having to do with this litigation, unless the Barge P.S.L.C. or the Court have previously granted permission in writing.

2. The Court hereby declares the following:

    (a) Defendant Lafarge, intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into the dwellings or structures of others after a hurricane, and removed items without the consent of the owner, and that such conduct is defined as the felony offense of looting under LSA-R.S. § 14:62.5, although Lafarge has not been criminally prosecuted;

    (c) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into the dwellings or structures of others after the Governor's declaration of a disaster or emergency, and that such conduct is defined as the felony offense of unauthorized entry of a dwelling during an emergency or disaster under LSA-R.S. § 14:62.7 whether or not anything was taken, although Lafarge has not been criminally prosecuted;

    (d) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered into uninhabited dwellings or structures, with the intent to commit a felony or any theft therein, and that such conduct is defined as the felony offense of simple burglary under LSA-R.S. § 14:62 whether or not anything was taken, although Lafarge has not been

criminally prosecuted;

(e) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, unlawfully entered onto the property of others without authorization, and that such conduct is defined as criminal trespass under LSA-R.S. § 14:63 whether or not anything was taken, although Lafarge has not been criminally prosecuted;

(e) Defendant Lafarge intentionally and without authorization, through its and its counsel's agent Centanni Investigative Services, Inc., and Centanni's officials and employees, stole clocks and watches, and that such conduct is defined as the crime of theft under LSA-R.S. § 14:67; and

(f) The crime-fraud exception has abolished attorney-client privilege and work-product privilege with respect to the entire program of Lafarge's, its counsel's, and Centanni's dealings with putative class members and their property—from the solicitation of evidence to the interviews to the trespasses and thefts of clocks and watches—and with the details of the criminal scheme and the uses of its fruits.

3.  Plaintiffs may take discovery as to defendant's, its counsel's and its agents' entire program of Lafarge's, its counsel's, and Centanni's dealings with putative class members and their property—from the solicitation of evidence to the interviews to the trespasses and thefts of clocks and watches—and with the details of the criminal scheme and the uses of its fruits.

New Orleans, Louisiana, this _____ day of _____, 2008.

_____
HON. STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

3

**CLERK TO NOTIFY:**
**HON. JOSEPH C. WILKINSON, JR.**