UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO<br>LEVEE:  06-5116  (Sims)<br>             06-5127 (DePass)<br>             06-5131 (Bourgeois)<br><br>* * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NUMBER 05-4182<br>& CONSOLIDATED CASES<br><br>SECTION "K"<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S RULING**

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans responds to the Motion for Reconsideration of Court's Ruling (Doc 13716) filed by plaintiffs. [Rec. Doc. 13725]. Based upon the Louisiana Supreme Court's decision in *Burmaster v. Plaquemines Parish Government,* --- So.2d ---, 2008 WL 2150729, (La. 2008), plaintiffs ask the Court to reconsider its ruling granting in part and denying in part the motions to dismiss filed by the Sewerage and Water Board of New Orleans. The *Burmaster* decision, however, does not affect the Court's holding.

The *Sims*, *DePass* and *Bourgeois* plaintiffs cumulatively assert four categories of claims against the Sewerage and Water Board of New Orleans. They allege: (1) failure to maintain the drainage canals; (2) failure to manage flooding during Hurricane Katrina; (3)

failure to maintain levees and levee improvements; and (4) breaches of so-called acts of assurances between the Sewerage and Water Board and the United States of America through the Army Corps of Engineers.[1]

The Sewerage and Water Board of New Orleans sought dismissal of plaintiffs' claims because they fail to state a cause of action upon which relief can be granted.  In its Order and Reasons, the Court dismissed three out of four of the categories of claims.  It dismissed the breach of the so-called acts of assurances claims based upon the Fifth Circuit's holding in *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211 (5th Cir. 2000) and finding that "there is no language in the assurances . . . that would establish any cause of action by a third party against the SWB." *See* Order and Reasons, pp. 9-10 [Rec. Doc. 13613].  The Court also dismissed the claims of failure to manage flood waters during Hurricane Katrina based upon Emergency Preparedness immunity found in La. R.S. 29:735.  Order and Reasons, pp. 4-5. Lastly, the Court dismissed the failure to maintain levees claims.  In doing so, the Court cited

---

[1] *Bourgeois*, 06-5131, only makes two claims against the Sewerage and Water Board of New Orleans:  breaches of acts of assurances (¶81 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial) and failure to maintain the drainage canals (¶¶80 and 83 of the original Complaint).

*Sims*, 06-5116, makes four claims against the Sewerage and Water Board of New Orleans:  breaches of acts of assurances (¶¶69 and 70 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial), failure to maintain the drainage canals (¶¶68 and 72 of the original Complaint), failure to manage the flooding (¶75.11 of the First Amendment to Complaint for Declaratory Judgment and Damages and Request for Jury Trial), and failure to maintain the levees and levee improvements (¶71 of the original Complaint and ¶75.8 of the First Amendment to Complaint for Declaratory Judgment and Damages and Request for Jury Trial).

*DePass*, 06-5127, makes four claims against the Sewerage and Water Board of New Orleans: breaches of acts of assurances (¶¶69 and 70 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial), failure to maintain drainage canals (¶¶68 and 72 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial), failure to maintain levees and levee improvements (¶71 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial and ¶75.8 of the First Amended Complaint for Declaratory Judgment and Damages and Request for Jury Trial), and failure to manage flooding (¶78 and 79 of the Complaint for Declaratory Judgment and Damages and Request for Jury Trial and ¶75.11 of the First Amended Complaint for Declaratory Judgment and Damages and Request for Jury Trial).

La. R.S. 9:2800(H) and, referring to its prior decision dismissing similar claims against the Port of New Orleans in Rec. Doc. 8389, said "the Orleans Levee District clearly has custody over the levee system." *See* Order and Reasons, pp. 7-8.[2]

Plaintiffs have filed a motion to reconsider the Court's Order and Reasons. The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration; however, Federal Rule 59(e) allows motions to alter or amend a judgment. "Such motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

Plaintiffs have asked the Court to modify its ruling to reflect the *Burmaster* decision. In *Burmaster*, the Louisiana Supreme Court held that application of La. R.S. 9:2800(H) to claims that accrued before June 22, 2006 (the effective date of the act) divested plaintiffs of their due process rights. Notably, plaintiffs did not assert that subparagraph (H) was unconstitutional in their opposition to the dismissal motions and did not preserve the issue. Even had they done so, however, *Burmaster* does not change the result of this Court's ruling.

---

[2] In dismissing this category of claims, the Court not only disposed of the claims relating to the duty to maintain levees, but also analyzed claims for garde or custody of the "water pumping system", "flood water pump system" and "flood water pumping system". The Court did not explain what was encompassed within the "flood water pump system." But, more importantly, nowhere in their numerous complaints do plaintiffs make a claim for defects in the flood water pump system. Reviewing the complaints, plaintiffs do not allege any pump was defective or failed to operate. Plaintiffs aver the SWB was negligent on the day of Hurricane Katrina for continuing to operate pumps when the 17th Street Canal was closed, but nowhere is there stated an allegation that some pump or pump house failed to operate because the SWB failed to maintain the pumps or pump stations. The plaintiffs' claims for defects in things allegedly in the SWB's custody are limited to the drainage canals and the levees. Not having pled anything further, plaintiffs do not and cannot state a cause of action for defects in the flood water pump system.

The *Burmaster* decision finding La. R.S. 9:2800(H) unconstitutional does not change the dismissal of the above three categories of claims.  The Court only referred to La. R.S. 9:2800(H) in relation to one category:  claims for defalcations arising from the garde of any levee or flood gate.  *See* Order and Reasons, p. 7 [Rec. Doc. 13613].  The Court, however, made a second finding equally supportive of its ruling.  The Court said the Orleans Levee District has "full and exclusive right, jurisdiction, power and authority with respect to levees."  *See* Order and Reasons, p. 8 [Rec. Doc. 13613].  Further, as it admits in its own motion to reconsider [Rec. Doc. 13728], the Orleans Levee District is charged with the duty of maintaining levees.  The Orleans Levee District had custody of the levee system and had exclusive jurisdiction over it.  The Court properly found the Sewerage and Water Board of New Orleans had no duty to maintain levees and dismissed the failure to maintain levees claims filed against it.

The constitutionality of La. R.S. 9:2800(H) and the *Burmaster* decision do not change the outcome of the Sewerage and Water Board's dismissal motions.  Plaintiffs' motion to reconsider should be denied.

Were the Court inclined to reconsider its ruling, however, it should reconsider dismissing the remaining category of plaintiffs' claims:  failure to maintain the drainage canals.  Although plaintiffs generally allege the Sewerage and Water Board of New Orleans failed to maintain the drainage canals, that allegation alone does not properly state a cause of

action.  Plaintiffs in no way allege what maintenance was lacking or how the lack of maintenance of the canals caused their harm.[3]

In *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed. 929 (2007), the Supreme Court of the United States wrote:

> [w]hile a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Twombly*, 127 S.Ct. at 1964-1965 [some citations omitted].

Here, plaintiffs fail to plead facts supporting the elements of their negligence cause of action.  They allege a duty to maintain the drainage canals, but do not plead facts suggesting how the Sewerage and Water Board of New Orleans breached that duty or how such a breach caused plaintiffs' damages.  The Sewerage and Water Board is left to guess what maintenance it should have performed and how that maintenance relates to plaintiffs' alleged damages.  The Sewerage and Water Board is not sufficiently put on notice of the claims it must defend.  Without the pleading of facts alleging a specific breach of a maintenance duty and showing a causal connection between that alleged breach and plaintiffs' harm, plaintiffs have failed to state a cause of action for negligent maintenance of the drainage canals.

---

[3] The Court has dismissed plaintiffs' identical allegations against the Parish of Jefferson.  [Rec. Doc. 8387 and 8390].  Plaintiffs alleged Jefferson Parish owns the 17th Street and failed to maintain the drainage canals (¶75 of the Sims and DePass original complaints).

Plaintiffs filed suit against the Sewerage and Water Board of New Orleans. To succeed on a motion to dismiss that suit for failure to state a cause of action, it is no longer defendant's burden to show that it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Instead, per *Twombly*, it is plaintiff's duty to plead sufficient facts necessary to support the elements of his claim. Plaintiffs have not done so and their conclusory allegation that the Sewerage and Water Board failed to maintain the drainage canals does not state a cause of action. Plaintiffs' remaining claim against the Sewerage and Water Board of New Orleans should be dismissed.

## CONCLUSION

The Court properly dismissed plaintiffs' claims for alleged breaches of the so-called acts of assurances, for alleged failure to manage flooding during Hurricane Katrina, and for alleged failure to maintain levees and levee improvements. The *Burmaster* decision does not affect this holding and plaintiffs' motion to reconsider should be denied. Instead, the Court should reconsider its ruling and dismiss plaintiffs remaining allegation of failure to maintain the drainage claims. Plaintiffs have failed to state a cause of action upon which relief can be granted. The Sewerage and Water Board of New Orleans should be dismissed from plaintiffs' suits.

Respectfully submitted,

s/Charles M. Lanier, Jr.
_____
**CHARLES M. LANIER, JR. - #18299, T.A.**
**KEVIN R. TULLY - #1627**
**CHARLOTTE J. SAWYER – #28493**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:    (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

# **C E R T I F I C A T E**

I do hereby certify that on the 15th day of July 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Charles M. Lanier, Jr.
_____
**CHARLES M. LANIER, JR.**