# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## REPLY MEMORANDUM IN SUPPORT OF
## BARGE PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND/OR WITHDRAW
## ADMISSIONS DEEMED MADE DUE TO LAPSE OF DEADLINE FOR RESPONDING
## AND/OR FOR EXTENSION OF TIME TO RESPOND

**MAY IT PLEASE THE COURT:**

Lafarge proffers in its opposition a liberal measure of gratuitous manipulation and gaffes, to

which a reply is warranted.  Lafarge either intentionally, inadvertently or innocently misstates facts.

Lafarge undertakes to change the nature of this Court's inquiry from that governed by Fed. R. Civ.

P. 36(b) to one applicable to a Fed. R. Civ. P. 36(a)(6) motion - one which Lafarge has not filed, and

which Lafarge explicitly forwent in its Motion to Compel.[1]  Lafarge supplies an absurd alternative

---

[1]LNA memorandum in support of Motion to Compel, Record Doc. 11666 - 1, p. 9,
footnote 23.

to the only logical means by which a Court can examine a record for efficacy of withdrawal of admissions subservient to presentation of the merits.  Lafarge claims prejudice that does not exist unless Lafarge wants it to.  Lafarge attempts to raise the standard for entitlement to the relief Plaintiffs request.  In reality, the standard is not that high.

### Presentation of the Merits

Lafarge attempts to convert its opposition to Plaintiffs' request for relief into a superfluous and improper offer of proof, and/or a motion to test the sufficiency of the responses actually intended (as opposed to those supplied by operation of law and lapse of time).  Fed. R. Civ. P. 36(b) incorporates inquiry as to whether admissions sought to be withdrawn are contrary to the record.  If this inquiry were meant to focus only upon record entries consistent with an adversary's position, then withdrawal would never be possible.  The standard, however, is not so high, and the only inquiry logically consistent with the demonstrably and uniformly  liberal grant of relief by the Federal bench is that which considers whether the withdrawal of admissions is inconsistent with statements on the record made by the party seeking relief.[2]  It is not incumbent upon Lafarge, and

---

[2]Although Rule 36 permits an admission to be withdrawn or amended by the Court upon motion, see Fed.R.Civ.P. 36(b), MX has never filed a motion for leave to withdraw or amend the deemed admissions. See Petrunich v. Sun Bldg. Systems, Inc., No. 04-2234, 2006 WL 2788208, at *3 (M.D.Pa. Sept. 26, 2006) (admissions deemed admitted after denial of motion to withdraw or amend requests for admissions because grounds for amendment or withdrawal in Rule 36(b) were not established). Even though MX never filed such a motion, we recognize that ***a disposition on the merits is preferred over a decision based upon procedural technicalities***. Id. (acknowledging that the court has considerable discretion in determining whether to grant a motion for withdrawal or amendment of an admission). Had MX filed a motion for withdrawal or amendment, we would engage in a two-part, conjunctive inquiry. Id. "First, the moving party . . . must establish that withdrawal or amendment will `subserve' the presentation of the merits." Id. (citing Fed.R.Civ.P. 36(b); Dunn v. Hercules, Inc., No. 93-4175, 1994 WL 194542, at *1 (E.D.Pa. May 12, 1994)). "Second, the nonmoving party . . . must fail to show he would be prejudiced by permitting Defendants to amend or withdraw their admissions." Id. (citing Fed.R.Civ.P. 36(b); The Maramont Corp. v. B. Barks & Sons., Inc., No. 97-5371,

unavailing, to make disingenuous reference to the MRGO class certification motion as support for Lafarge's proposition. Lafarge could just as easily point to its own Answer and speciously argue that the admissions are not contrary to "the record." Such absurdity can only mean that the Court is to view the record on the whole, not only in light of record contents favorable to one party. It is therefore not incumbent upon the Plaintiffs to refute in the present context Lafarge's contentions as to ultimate facts that will not be conclusive as to either party until dispositive motion or trial.[3]

---

1999 WL 55175, at *3 (E.D.Pa. Jan. 13, 1999)).

 MX has not raised any claim that Sunoco's requests for admissions were improper or provided any reason why they failed to timely respond to the requests for admissions. MX has not stated that it requested any extension to file responses to the requests for admissions. Even if MX had filed a motion to withdraw or amend the admissions, Sunoco has raised arguments that show that it would be prejudiced if MX's deemed admission that it owed $1,533,894.00 were withdrawn. *MX admitted in its answer to the complaint that it owed Sunoco money. To withdraw its deemed admission that it owed Sunoco money would be prejudicial because it is in direct contrast to what it admitted in its answer to the complaint.* See Petrunich, 2006 WL 2788208, at *3 (deeming as admitted late admissions where defendants' late response was not consistent with its answer to complaint). We also note that when MX served its untimely responses, its response to Sunoco's request that it "[a]dmit that MX owes Sunoco a certain sum for motor fuel" and its request that it [a]dmit that MX owes Sunoco $1,533,894.00 (exclusive of interest, fees, costs and counsel fees)" was a simple "no" with no further explanation. It was not until after Sunoco filed its motion for summary judgment, and not until MX filed its sur-reply, that MX raised for the first time that it was taking the position that Sunoco owed MX money due to breaches by Sunoco of the agreement.

 Thus, we find that MX admitted in its complaint that it owed Sunoco a certain sum, and admitted (as deemed) that it owed Sunoco the sum of $1,533,894.00. We also find that MX *did not file a motion to withdraw or amend the admissions*, *or provide any reason for its failure to timely respond*, and even if it did, that Sunoco has shown that it would be prejudiced by the withdrawal of the admissions since it was not until *after Sunoco filed its motion for summary judgment that MX raised for the first time its argument contrary to its earlier statements* that it did not owe Sunoco money. *Sunoco, Inc. (R & M) v. MX Wholesale Fuel Corporation, et al.*, Civil Action No. 06-3933 (NLH), (United States District Court, D. New Jersey; June 17, 2008)

[3]On page 8 of Lafarge's opposition, footnote 12, Lafarge states that no witness conclusively heard the sound of the barge against the floodwall. This is either flat-out wrong, as

Lafarge comments that the plaintiffs cite to no record evidence to demonstrate that the deemed admissions are contrary to the record. *The evidence is already in the record!*[4]  This over-arching and easily accessed evidence consists of the Barge Plaintiffs' Complaints here and in *In Re Ingram Barge Company and consolidated cases*, their May 2008 Motion to Certify Class, their periodic witness lists echoing deposition testimony consistent with Barge Plaintiffs' record allegations, and factual histories given in any number of memoranda Barge Plaintiffs have filed into the record of *In Re Ingram Barge Company* (05-4419) and *In Re Katrina Canal Breaches*, all of which the Plaintiffs deem Lafarge and the Court to have keen awareness in light of repeated exposure to their contents and significance.[5]  Lafarge seeks to characterize the record by reference

---

even Mr. Aldock must admit that numerous deponents *did* testify that they heard the barge against the floodwall.  Or, the statement is based upon Lafarge's *perception or desire* as to what the deponents accounts mean, and whether they are conclusive as to controverted facts.  The fact is that the record - contained at least in depositions and witness lists - reflects clearly that  eye and ear-witnesses will testify to sounds of the barge hitting the floodwall, coupled with the first appearance of the barge, and with a mammoth wall of water. Whether the testimony is conclusive is left to the trier of fact to determine.  Lafarge's argument is a "red herring," premised upon slanted assumptions, which is why this response is contained only in a footnote.

[4]LR7.4  Motions Must Be Accompanied by Memorandum

    The moving party shall submit and serve opposing parties with a copy of the motion and memorandum. Except as noted in LR7.4.1M & W, all motions shall be accompanied by a memorandum commonly referred to as a "Memorandum in Support", which shall contain (1) a concise statement of reasons in support of the motion, and (2) citations of the authorities on which he relies or copies of these authorities. ***If the motion requires the consideration of facts not appearing of record***, the movant shall also file with the clerk and serve upon opposing counsel a copy of all documentary evidence he or she intends to submit in support of the motion. Memoranda may not be supplemented except with leave of court first obtained. (Emphasis added.)

[5]*In Re Ingram Barge Company*, etc., Civil Action 05-4419 and consolidated cases.  Each complaint is found in the records of the Barge cases listed in captions to pleadings filed in *In Re Katrina Canal Breaches*.  The Sixth Supplemental Complaint pertaining to BARGE filed in *In*

only to entries with which the Barge Plaintiffs either do not agree, or which do not reflect the personal knowledge of the respondents. Lafarge cannot supply this knowledge by opposition of the present motion.

Moreover, Lafarge **_knows_** that the record of Barge Plaintiffs' filings and deposition testimony clearly contradict matters deemed admitted. Lafarge knows, not only because Lafarge has filed Answers and other pleadings in controversion of the Barge Plaintiffs' contentions, but, most tellingly, Lafarge's Request for Admissions are themselves an effort to controvert the Barge Plaintiffs contentions in the record. Lafarge does not seek responses consistent with the record, but aspires to overcome the record claimed in their opposition not to exist.

### *Timing of the Plaintiffs' Motion*

 "Lassitude" hardly describes the efforts of undersigned and the difficulty which named plaintiffs have had to overcome to provide discovery responses.[6] Though it has been stated in other pleadings put before this Court, it bears repeating now that the plaintiffs' lives have been thrown into turmoil by the events Lafarge set in motion when it allowed ING 4727 to break away from its facility. Plight does not absolve persons who sue from adherence to rules governing their suits. But the Plaintiffs' forced exodus and loss of stability affect the timeliness and completeness of their discovery responses. Counsel for Lafarge, writing from Washington, D.C. and with little to no direct

_____

*Re Katrina Canal Breaches* is Record Doc. 8779. The Motion to Certify Class is Record Doc. 13166 (see also Record Doc. 11005, dismissed as premature after revision of CMO 5,). The witness lists are designated by various numbers and appear roughly around the 20th of each month since entry of CMO 5. The record also contains numerous instances of named plaintiffs' Responses to Requests for Production and Answers to Interrogatories which establish a record contrary to the matters deemed admitted.

[6]Please see Record Doc. 13803 and Exhibits.

experience in these matters, is understandably removed from and perhaps unmoved by the plaintiffs'

circumstances.    These circumstances should affect the Court's discretion in considering relief from

matters deemed admitted by lapse of time.

Neither the Federal Rules of Civil Procedure, nor applicable jurisprudence, nor any Orders

of this Court impose any particular deadline on the timing of the present motion.    Rather,

jurisprudence cited in Plaintiffs' original memorandum permits withdrawal shortly before trial.[7]

Here, the motion is timed according to this Court's recent announcement that individual actions will

be tried in July 2009.  Until this change in plan, the matter was slated to proceed as a class action,

in which Lafarge could not hope to defeat an entire class of over 42,000 persons through the deemed

admissions of a few of its member.  Denial of class certification would have presumably afforded

a very different schedule, incorporating allowances for individuals to place their claims into trial

posture.  The plaintiffs' motion for withdrawal of deemed admissions follows very shortly after the

Court's statement of intent to try individual cases in July 2009, and predates trial by more than a

year.  This motion also predates any effort by Lafarge to depose named plaintiffs whose testimony

---

[7]*Cf.*  ***Michael S. Kaufman, Plaintiff, v. S & A Restaurant Corporation, et al.***, Civil
Action No. 3:06-CV-2192-G ECF (United States District Court, N.D. Texas, Dallas Division;
May 30, 2008) at footnote 7:

 "The plaintiff argues that under Rule 36(b) of the Federal Rules of Civil Procedure, the
defendants have admitted the Plan is governed by ERISA, and therefore are now precluded from
arguing the contrary. See Defendants' Answer ¶ 1 (admitting that jurisdiction is proper in this
court under ERISA). ***However, the court finds that through their motion to dismiss, the
defendants have effectively withdrawn their admission.*** FED. R. CIV. P. 36(b); American
Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117,
1119 (5th Cir. 1991) (recognizing the district court's "considerable discretion over whether to
permit withdrawal or amendment of admissions," so long as the decision serves the merits of the
case and does not prejudice the party that originally obtained the admissions)." (Emphasis added)

would be consistent with withdrawal of deemed admissions, but whose testimony Lafarge may wish to avoid for this reason. Lafarge claims prejudice. None exists but that which Lafarge embraces for tactical gain.

### *Boutte Plaintiffs*

Barge Plaintiffs originally deemed Lafarge's discovery requests to be overbroad and objectionable because they sought responses from individuals rather than the proposed class representatives on behalf of the putative class as a whole. Upon reconsideration, Barge Plaintiffs acquiesced to affording broader application to Lafarge's requests. Lafarge's On page 3 of Lafarge's memorandum, counsel states that the Boutte Plaintiffs have not responded at all to Requests for Admissions. This is incorrect. Plaintiffs' amended Responses to Requests for Admissions of April 4, 2008 (Record Doc. 13803 - 5) stated:

> (1) To amend the GENERAL RESPONSE AND RESERVATIONS in the following respect:
>
> To delete:
>
> *All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise. Plaintiffs are in the process of obtaining answers as to the named individual nonrepresentative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.*
>
> To substitute:
>
> All Responses to Requests for Admissions are made on behalf of all named plaintiffs who have responded to any extent to Barge Entities' discovery herein, all of whom have responded to these requests, and unless specifically noted, their responses are consistent in all respects with responses previously made.
>
> Named plaintiffs reiterate in all other respects the entirety of their original

responses, and reiterate that all responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit, and in light of information available at relevant points in time. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

The Responses to Requests for Admissions - previously provided only by class representative plaintiffs, with objection as to any broader application of the requests - were in fact broadened on April 4, 2008 (in furtherance of the purposes of L.R. 37.1E, and in concession to Lafarge's ) to include by adoption all named plaintiffs (as opposed to just class representatives) who responded to written discovery requests.[8]   Unless otherwise noted, their admissions and denials differ in no respect from those they adopted. Allowance was made for persons whose responses did deviate, and those deviations were explicitly noted (i.e., responses of McFarland, Pritchett, and The Lagardes). The responses of the Boutte plaintiffs (Blair Boutte, Herbert Warren and Doris Shants) did not differ from any of the responses previously made by class representatives, and so no particular deviation was noted.  Their responses are the same as those provided earlier by class representatives.  The substitution of language above is the adoption by Boutte Plaintiffs (and others) of the previous responses.  The Boutte plaintiffs did respond.

### *Extension of Time to Respond*

Lafarge suggests that this Court reject out of hand the Plaintiffs' request for an extension. However, undersigned were only recently referred the Lagarde and Perry matters, and were only recently able to contact Joceyln Moses (Carter) and Anthony Dunn (Lagarde plaintiffs) and Jimmie and Nellie Perry.  Additionally, only recently did it come to undersigned's attention that Daniel

---

[8]Blair Boutte and Doris Shants responded timely to Interrogatories and Requests for Production, in pleadings of January 24, 2008 and February 15, 2008, and .

Webber, a named Parfait plaintiff, also retained undersigned, enabling contact and acquisition of

discovery responses.[9]  They underscore the circumstances why timely response has been frustrated,

and why this Court's reasonable exercise of authority to grant an extension is appropriate.

## CONCLUSION

As this reply demonstrates, this Court has clear grounds to afford the relief requested.

Lafarge suggests in its opposition that this Court abuse its discretion, through denial of that which

clearly surmounts a very low threshold for relief.

Respectfully submitted,


/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

---

[9]Supplemental Responses to Requests for Admissions of July 11, 2008, Exhibit C to
Record Doc. 13803.

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
 Telephone: 504-834-0646
 e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
 Voice: 202-862-4320
 Cell:   202-549-1454
 Facsimile:  800-805-1065 and 202-828-4130
 e-mail: rick@rickseymourlaw.net,


/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
 Telephone: (212) 608-4400
 Facsimile: (212) 227-5159
 e-mail: lwilson@wgdnlaw1.com, ___ ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
 Telephone: 212-869-3500 ext. 235
 Facsimile:  212-398-1532
 e-mail:   a.fuchsberg@fuchsberg.com, l.kelmachter@fuchsberg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 16th day of July, 2008.


/s/Brian A. Gilbert
Brian A. Gilbert, Esq.

11