# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge* | 05-5531 | * |
| *Mumford v. Ingram* | 05-5724 | * |
| *Lagarde v. Lafarge* | 06-5342 | *  JUDGE |
| *Perry v. Ingram* | 06-6299 | *  STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * |
| *Parfait Family v. USA* | 07-3500 | *  MAG. |
| *Lafarge v. USA* | 07-5178 | *  JOSEPH C. WILKINSON, JR. |
| | * | |

## BARGE PLAINTIFFS' JULY 15, 2008 SUPPLEMENTAL, AMENDED AND SUPERCEDING SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY BARGE ENTITIES

**NOW COME** plaintiffs, through the Barge Plaintiffs' Subgroup Litigation Committee, who supplement as follows their original Answers to Interrogatories as follows. Undersigned reserve the right to supplement, and will continue to do so as information is obtained.

## GENERAL OBJECTIONS

1.    Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Requests in a manner sufficient to comply with their obligations as stated therein.

2.    Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in

writing with a full statement of the particulars.

3.      Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

4.      Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

6.      Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

7.      Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

8.      Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

9.      Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

10.     These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

> Ethel Mae Coleman Mumford
> Josephine Long Richardson
> Jimmie Donnell Harris
> Kismit Bourgere
> Michael Joseph Riche
> Jacob Robert "Bob" Glaser
> Dianne Glaser
> Herman Koch
> Aida Koch
> Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

> Marie Short Benoit
> Henry Adams
> Gwendolyn Adams
> John Alford
> Jerry Alford
> Michael Watts
> Robert Green, Sr.
> Jonathan Green
> David Green, individually and as the representative of the Estate of Joyce H. Green
> Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
> Hyman Sheppard
> Earl Matthew Daniels, Sr.
> Joyce B. Matthews
> Mildred Delores Dean
> Ethel Leon
> Karen Leon
> Joyce Daniels
> Myrna Daniels, in her individual capacity and as natural tutrix of Keina Daniels
> Tom Browder
> Albertine Browder
> Gaynell Browder
> Blair Boutte

Doris Shanks
Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

Answers reflect the best information known to Plaintiffs. Plaintiffs aver that these answers are true and correct to the best of their knowledge and belief.

Undersigned counsel represent named plaintiffs in Mumford, Boutte, Lagarde and Perry. Undersigned also represent named Parfait plaintiffs Kevin McFarland, Melba Gibson and Daniel Webber. Undersigned only recently became aware of a pleading in Parfait, though admittedly available prior to such awareness, naming Daniel Webber as a plaintiff in that action. Undersigned do not represent anyone named in the Benoit matter. It is undersigned's position that in absence of a consolidated master complaint and in absence of an order having the effect of creating an obligation on the part of undersigned to assume direct contact with client of other attorneys for the purposes of providing discovery responses, undersigned lack authority or obligation to provide responses on behalf of persons who have not retained undersigned directly. However, to the extent that counsel for Benoit plaintiffs have tendered responses on behalf of their clients, such responses are included herein, but without assumption by undersigned of obligations or authority they do not have. Further, it is undersigned's position that in light of the Court's orders in Record Documents 13525 and 13672, both discovery and discovery motions practice are stayed as to all remaining named Parfait plaintiffs.

## INTERROGATORY NO. 1:

Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:

1. Marie Short Benoit
2. Henry Adams
3. Gwendolyn Adams
4. Robert Green, Sr.
5. Jonathon Green
6. David Green, individually and as the representative of the Estate of Joyce H. Green
7. Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
8. Hyman Sheppard
9. Earl Matthew Daniels, Sr.
10. Joyce Daniels
11. Mildred Delores Dean
12. Ethel Leon
13. Karen Leon
14. Ethel Mumford
15. Michael Riche
16. Kismit Bourgere
17. Rico Terrence Sutton
18. Jimmie Harris
19. Bob and Dianne Glaser
20. Herman and Aida Koch
21. Josephine Richardson
22. Blair L. Boutte
23. Marenthia Lagarde
24. Michael Lagarde
25. Donald Pritchett
26. Melba Gibson
27. Kevin McFarland
28. Herbert and Mary Warren
29. JoAnn Warren Howard
30. Terry Adams (client of undersigned)
31. Christopher Weaver (client of undersigned)
32. Ronald McGill (client of undersigned)
33. Wilson Simmons (client of undersigned)
34. Arthur Murph (putative class member, depending upon nature of settlement with LNA)

35. Maj. Pete Tufaro (putative class member)
36. Sal Gutierrez (putative class member)
37. James Ruiz (client of undersigned)
38. Sally Jones (client of undersigned)
39. James Reed
40. John and Jerry Alford
41. Jimmie and Nellie Perry
42. Jocelyn C. Moses
43. Anthony Dunn
44. Jocelyn Carter
45. Daniel Weber

Undersigned counsel and staff assisted the above named persons in the preparation of the written answers to interrogatories, responses to request for production and request for admissions.

**INTERROGATORY NO. 2:**

Provide the name and, if known, the address and telephone number of each person (other than the individual plaintiffs themselves) who is likely to have discoverable information that plaintiffs may use to support their claim that the Barge ING 4727 caused damage to any plaintiff or member of the proposed class in this action.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

1.      Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.      Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.      Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of

hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;  Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.    Lafarge North America, through designated 30(b)(6) representative(s)

5.    Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA;any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

6.    A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.    Annette Gaskin, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.    Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

9.     Louis Robin - 5913 N. Oak Street, Marrerro, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition.

10.    Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.    David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.     Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.    Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

14.     Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.     Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.     Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

17.     Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.     David Williams-  any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.     Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.      Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.


21.     Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.     Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.     Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.     Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.     Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.     Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.     Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.     Richard C. Heck - 611 Savannah Millard Road, Poplarville, MS 39470, any and all topics

addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

29.     Ethel Mae Coleman Mumford - 1423 Feliciana Street, New Orleans, Louisiana 70117,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

30.     Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

31.      Kismit Bourgere - 794 13th Street, Plano, Texas 75074, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

32.     Rico Terrence Sutton - 30600 Range Ave., Apt. 505, Denham Springs, LA 70726,  c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

33.     Jimmie Harris - 790 Bateswood Drive, Apt. 24, Houston, Texas 77282 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

34.     Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

35.      Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, emotional damages due to all of the foregoing.

36.     Josephine Richardson -  9696 Hayne Boulevard, Apt. 13, New Orleans, Louisiana 70127, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, death of her husband, emotional damages due to all of the foregoing.

37.     Terry Adams - 2165 Carol Sue,  Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

38.     Christopher Weaver - 7500 Stonewood St New Orleans, LA 70128  c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

39.     Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

40.     Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

41.     William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) within class area. To testify that ING 4727 caused north breach and consequent flooding.

42.     Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

43.     Daniel Webber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

44.     Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, and/or for rebuttal or impeachment.

45.     Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with

Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

46.     Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.  May be called also to corroborate storm accounts of Arthur Murph.

47.     New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

48.     New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.     Harry Holaday, 1100 Poydras St., NOLA - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New

Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.    G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

51.    Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding.  Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road.  Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

52.    Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

53.    James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

54.    Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Her employment status is unknown at present.

55.    Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies)

within class area, emotional damages due to all of the foregoing.  Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house. Mr. Reed is a shop manager at Cadillac of Metairie.

56.     Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.  Mr. Cornwall will testify that on the morning of August 29, 2005, he saw a wall of water coming from the Industrial Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

57.     Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

58.     Kendrick Pounds to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

59.     D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

60.     Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

61.     Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

62.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

63.     Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

64.     Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

65.     Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

66.     Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

67.     Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

68.     Henry "Junior" Rodriquez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

69.     Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

70.     Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

71.     Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

72.     Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING 4727, mooring ropes, and the Lafarge France Road facility.

73.     Lt. Cmdr. Donald J. Green, USCG (Ret.)

        K-Don Marine Consulting

        8876 Gulf Freeway, Ste. 120

        Houston, TX 77017

        http://www.kdoncorp.com/consulting/

Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe operating practices, mooring, maritime hurricane precautions, to testify concerning negligence and unseaworthiness causing breakaway of ING 4727;

74.     Ray Helmer, P.E,

        Helmer Engineering, Inc.

        9314 Bankside

        Houston, TX 77031

        http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

75.     Hector V. Pazos, P.E.

        Ocean-Oil International Corp.

        P.O. Box 47188

        St. Petersburg, FL 33743

        http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

76.     Michael M. Bernitsas, Ph.D

        215 NA&ME Bldg.

University of Michigan

2600 Draper Road, Ann Arbor,

Michigan 48109-2145

Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

77.      Robert Bartlett, P.E.

Bartlett Engineering

2617 Edenborn Ave., Ste. D

Metairie, LA 70002

http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.


78.      Mr. Melvin Spinks, P.E. and staff

CivilTech Engineering, Inc.

11821 Telge Road

Cyprus, TX 77429

http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

79.     Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.

Marino Engineering Associates, Inc.
1101 E. Colorado Avenue
Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

80.     Jocelyn Moses - 111 North 13th Street, Thibodaux, LA 70301, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom(s)" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

81.     Anthony Dunn - 111 North 13th Street, Thibodaux, LA 70301, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom(s)" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

82.     Jocelyn Carter - 110 Lambson Lane, Newcastle, DE 19720 - ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

83.     Jimmie and Nellie Perry - Austerlitz, New Orleans, LA 70115 ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, business losses, and emotional damages due to all of the foregoing.

84.     John and Jerry Alford - 1827 East Homestead Street, New Orleans, LA 70114 ,  c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

85.     Dr. Richard Weisler, MD, -700 Spring Forest Road, Suite 125, Raleigh, NC, 27609

Past, current and ongoing physical or emotional distress arising from the flooding in the Lower Ninth Ward and the portion of St. Bernard Parish within the proposed class area.

86.     Daniel Weber - 2017 Laurel Apt. 101, New Orleans, LA 70130-c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom(s)" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing.

**INTERROGATORY NO. 5:**

        Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

Plaintiffs will submit their witness lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Daniel Weber c/o BARGE PSLC

Kevin McFarland c/o BARGE PSLC

## INTERROGATORY NO. 10:

Identify every other person, if any, who claims to have seen or heard the barge make contact with the IHNC floodwall, pass from the canal side of the floodwall to the residential side of the wall, or cause one or more breaches of the floodwall, and state the date and means by which plaintiffs' counsel or representatives learned the substance of each person's account.

## ANSWER TO INTERROGATORY NO. 10:

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine insofar as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account." Subject to said objections and without waiving same, Plaintiffs respond as follows:

1.   **Daniel Weber -** 2227 Reynes Street - interview of July, 2008

## INTERROGATORY NO. 12:

State the whereabouts/physical location of each individual plaintiff during the period from August 28, 2005 through August 30, 2005.  Provide street address(es) or other similar information.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:

**Kevin McFarland** was in the Lower Ninth Ward in his home at 1626 Forstall St. New Orleans, LA 70117 on August 28 and 29, 2005 and then on a bridge 4 blocks from his home on August 30, 2005.

**Daniel Webber** was in the Lower Ninth Ward in his home at 2227 Reynes Street New Orleans, LA 70117 on August 28, 2005. He and Ms. Rosetta Marrero went to the superdome but decided ride out the storm in their own home when they witnessed the deplorable conditions at the superdome. Mr. Weber was in his home in the Lower ninth ward when the flood waters came. He later evacuated to Baton Rouge, Louisiana.

## INTERROGATORY NO. 13:

As to each individual plaintiff, state whether the plaintiff claims to have seen the barge and/or

the breaches of the retaining wall on the eastern side of the IHNC on August 29, 2005.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:**

_____To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**Daniel Weber**

Yes

**Kevin McFarland**

No

**INTERROGATORY NO. 18:**

For each individual plaintiff, did you make or receive any telephone calls on August 29 to or from a location in the Lower Ninth Ward or St. Bernard Parish?  If so, provide the phone number from which the call was made, the phone number to which it was placed, the time of the call, the identity of the other party to the call, and the subject of the call.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:**

**Kevin McFarland** attempted to call his father from his cell phone but it shorted out because of the water.

**Daniel Weber** could not make any calls from his home phone because the line was dead on August 29, 2005.

**INTERROGATORY NO. 26:**

For each individual plaintiff, including each proposed class representative, identify every injury or harm for which damages are sought by that person and for each element of damages, identify all evidence regarding the existence and the amount of the claimed damages including how the amount of damages is determined.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 26:**

**Daniel Webber** seeks damages for:

_Past and future mental pain, suffering and anguish;_
_Past and future mental health care expense;_

*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of movable property;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

**Kevin McFarland** seeks damages for:

*Past and future mental pain, suffering and anguish;*
*Past and future mental health care expense;*
*Past and future loss and destruction of and damage to movable property;*
*Past and future loss of use of immovables and movables;*
*Past and future expenses for demolition and salvage of movable property;*
*Past and future loss of enjoyment of lifestyle;*
*Inconvenience;*
*Any and all others proven.*

## INTERROGATORY NO. 29:

For each individual plaintiff and proposed class representative: Did you submit a claim for homeowners insurance and/or government benefits (such as "Road Home" benefits) related to Hurricane Katrina? If so, state the date of the claim, the present status of the claim, and any amounts received.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:

_____Plaintiffs object to this request as overbroad, vague, compound, and not likely to lead to the discovery of admissible evidence. Subject to said objections and without waiving same, Plaintiffs respond as follows:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**Kevin McFarland**

_____1. FEMA claim $2,000.00 initial grant
2. Has applied for Road Home Grant
3. Red Cross, $250.00.

**Daniel Weber**

_____1. FEMA claim $2,000.00 initial grant and subsequent grant of $2,000.00.

2. Red Cross, $250.00.

———

## INTERROGATORY NO. 34:

Identify and describe in detail the circumstances if any of the individual plaintiffs or proposed class representatives have ever been convicted of a crime, filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.

## ANSWER TO INTERROGATORY NO. 34:

Plaintiffs object to this request as overbroad, unduly burdensome, harassing, embarrassing, annoying, and not reasonably calculated so as to lead to the discovery of admissible evidence. Plaintiffs also object to this Interrogatory as it seeks information readily available to Defendants in the public domain.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

**Kevin McFarland** has never been convicted of any crime  filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.

**Daniel Weber** has never been convicted of any crime  filed for bankruptcy, or been adjudicated to have breached a fiduciary duty.

## INTERROGATORY NO. 35:

Identify, by court and docket number, each civil or criminal proceeding in which any individual plaintiff or proposed class representative has been a party.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:

**Kevin McFarland** has never filed bankruptcy nor been found to have breached a fiduciary duty.

**Daniel Weber** has never filed bankruptcy nor been found to have breached a fiduciary duty.

In addition, Mr. Weber has never been a part of any civil or criminal proceeding.

## INTERROGATORY NO. 37:

If you claim damages for demolition, salvage or restoration of property, identify the person or persons who carried out the demolition, salvage or restoration, the dates on which it was carried out, and describe what was done and the costs incurred.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 37:

All named plaintiffs are seeking compensation for damage, loss, destruction or diminution of the value of their real and personal property, with the exception of Daniel Webber, Kevin McFarland, Donald Pritchett, Kismit Bougere, Jocelyn Moses,  Anthony Dunn and Jocelyn Carter who did not own real property, and are therefore seeking compensation only for damage to or loss of their personal property. Because the houses where *these* plaintiffs resided were either washed away by the flood waters or demolished by the City, plaintiffs have no documentary evidence of the lost personal property.

Counsel for plaintiffs are continually seeking and expect to receive information concerning demolition, salvage or restoration of property responsive to the Interrogatory, as the named plaintiffs begin the demolition and restoration process. Undersigned have made numerous inquiries regarding such information. Many of the named plaintiffs have responded by 1) stating that their property was demolished by the City of New Orleans and/or Ingram Barge Company at no cost to the plaintiffs; 2) stating that they do not have the financial ability to begin the restoration process; and 3) stating that they have divested their interests in their real property; either by sale to the Road Home or to private parties.

To the extent that any of the plaintiffs have in their possession, custody or control information responsive to the Interrogatory, said information has been produced at Response to Request for Production No. 21. In many instances, due to the plaintiffs' financial inability to engage

in these activities, such information is not yet available.  Undersigned continue their best efforts to

obtain the requested information, and will supplement same as soon as it is made available by the

named plaintiffs.

**INTERROGATORY NO. 39:**

Do you claim damages for personal injury other than emotional distress?  If so, identify the

injury, the date of its occurrence, and any medical providers who provided treatment.  If not, state

why you are not claiming damages for personal injury other than emotional distress.

**SUPPLEMENTAL AND AMENDED ANSWER TO INTERROGATORY NO. 39:**

**As to class action claims:**

None of the named plaintiffs other than Josephine Richardson is asserting a claim for

personal injury for anything other than emotional distress.

Plaintiff Josephine Richardson is asserting a wrongful death claim as a surviving spouse.  Her

claim is described in detail in the Sixth Amended Complaint in Mumford.

Plaintiffs object to this request to the extent it asks for the reasons why a claim was never

made.  Such a request is outside the scope of discovery under Rule 26(b)(1), Fed. R. Civ. Pro., which

limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or

defense."

Plaintiffs further object to this request to the extent it asks for the substance of

communications protected by the attorney-client privilege, the substance of interview notes and other

documents protected by the privilege for attorney work-product.

Plaintiffs note that, if the class is not certified in conformity with plaintiffs' motion for

certification, plaintiffs anticipate that at least 6,000 individuals will pursue their claims in individual

cases, consolidated cases, or mass tort actions against defendants, and will seek all compensable

damages.

**As to individual claims to be tried in July 2009:**

Non class representative named plaintiffs will assert bodily injury claims.  Investigation of such claims is now underway.  Plaintiffs will provide all responsive information and documents as soon as it comes into named plaintiffs' custody, possession or control.

**Daniel Weber** suffered cuts and scratches in the flood waters which became infected. Mr. Weber was treated at Oschner Hospital in New Orleans  and Huey Long Hospital in Baton Rouge, Louisiana. Plaintiff has requested medicals from the above named hospitals and will produce copies of same upon receipt.

**INTERROGATORY NO. 40:**

Do you claim damages in this case for emotional distress?  If so, identify any medical, psychiatric, or other professional who provided treatment and the dates of treatment.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 40:**

All plaintiffs seek damages for class wide emotional distress. Certain individual named plaintiffs will seek individual damages if selected for trial as per the Court's order at (Rec. Doc. 13500).

**Daniel Webber** has received treatment from Dr. Margaret Dumas and Chartres/Pontchartrain Mental Health Center for depression and suicidal ideation pursuant to his witnessing the death of Rosetta Marrero. Plaintiff has requested treatment records from these providers and will produce copies of same upon receipt.

Other named plaintiffs are unsure whether their very limited contact with charitable organizations having temporary facilities or booths in evacuation centers consisted of treatment for

emotional distress, and are unaware of, and do not have in their possession, custody or control, any responsive documents.

**INTERROGATORY NO. 41:**

If you claim damages for wrongful death, identify the decedent and circumstances of death, including the date, location, and cause of death.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 41:**

Plaintiff, **Daniel Webber** asserts a Lejeune claim arising out of the death of Rosetta Marrero, whose death he personally witnessed at the time at issue in this litigation. See death certificate produced at **Webber 000002.**

NOTE: The Plaintiffs' Subgroup Litigation Committee and individual counsel are involved in cooperative efforts to obtain requested information, which is being acquired and provided on a continuous supplementary basis, in accord with Lafarge's agreement to receive supplementation on a rolling basis so long as defense counsel are provided sufficient information to "chew on" and so as to permit Lafarge to engage in meaningful discovery efforts.  Plaintiffs will continue to uphold this agreement.  Further, plaintiffs' committee will provide additional named plaintiff verifications on the most reasonable and timely basis possible, given that many, if not most, are still displaced and dependent upon mail for transmittal of verifications, and must locate notaries public in their current residential locations.

Respectfully submitted,
/s/ Brian A. Gilbert,

Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
      Metairie, LA 70002
      Telephone: 504-834-0646
      e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159

e-mail: lwilson@wgdnlaw1.com, ___
ddruker@wgdnlaw1.com

_____   /s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
e - m a i l : a . f u c h s b e r g @ f u c h s b e r g . c o m ,
l.kelmachter@fuchsberg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of

record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload,

this 16th day of July, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT