UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO.   05-4182 |
| PERTAINS TO:<br>*Palumbo,* C.A. No. 06-7922 | * | SECTION "K" (2) |
| *   *   *   *   *   *   *   * | | |

MEMORANDUM IN OPPOSITION
TO MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO THE COUR'T POST SHER CASE MANAGEMENT ORDER

**MAY IT PLEASE THE COURT:**

The defendant, STATE FARM FIRE AND CASUALTY COMPANY ("STATE FARM"), has moved this Court for entry of a final judgment in favor of STATE FARM pursuant to this Court's Post-Sher Insurance Umbrella Case Management Order dated June 13, 2008.

In that Order, this Court ordered as follows:

> **"Any defendant who contends that a final judgment and dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a Motion for Entry of Judgment no later than July 14, 2008."**

Somehow, counsel for the defendant, in reading plaintiff's lawsuit, totally overlooks allegations made by the plaintiff that STATE FARM failed to pay for damages caused to plaintiff's home by wind. For the following reasons, the defendant's Motion for Entry of Judgment must be dismissed.

**Law and Argument**

The plaintiff in this matter, SAM PALUMBO, lived at 6566 Avenue B in Lakeview. During the course of Hurricane Katrina, a very large roof vent was ripped from Mr. PALUMBO's roof creating a two foot by three foot hole into which rainwater poured destroying most of Mr. PALUMBO's kitchen, laundry room and den. Above the flood line, obvious rainwater intrusion damage was visible to all interior surfaces.

Additionally, as a result of hurricane force winds, a large window in Mr. PALUMBO's bedroom was blown in which, also, presumably allowed the entry of significant rainwater.

Most of the roofing system to the main house and shed were also lost due to hurricane force winds as were trees and fences.

For all of the above wind damage, Mr. PALUMBO was paid approximately $2,136.99.

In his lawsuit, which was initially filed in the Civil District Court for the Parish of Orleans, a copy of which is attached as Exhibit "A," Mr. PALUMBO at Count 4 (XV) alleges as follows:

>  **"Count 4**
>
> **XV**
>
> **In addition to the above, plaintiff avers that the defendant has arbitrarily determined that it would not pay plaintiff for certain obvious damages caused by wind, as follows:**
>
> **(1)   Plaintiff sustained significant and serious wind damage to his home, including damage to his roof, carport and trees in the rear yard. Despite obvious damage caused by wind and rain, the defendant paid only the sum of $2,136.00 toward such wind loss.**

**(2)    Plaintiff further avers that he is entitled to recover actual additional living expenses/actual loss of use as called for under the subject policy."**

It is obvious, in plaintiff's petition, he is seeking recovery under the STATE FARM homeowner's policy for covered losses. His petition is not limited to attempting to recover for damage from flood, which, in view of Sher, would not be a covered peril.

Lastly, the Court's attention is directed to the allegations in Count 5 of the petition which plaintiff believes establishes an errors and omissions claim against STATE FARM, having nothing to do with coverage issues. The errors and omissions claim, alone, warrants denial of the defendant's Motion for Entry of Judgment.

For all the above and foregoing reasons, plaintiff respectfully prays that the defendant's motion for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order be dismissed at its cost.

Respectfully submitted,

s/Gary M. Pendergast
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454
Facsimile: (504) 523-0464
E-Mail: GMPendergastLLC@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 17th day of July, 2008, served a copy of the foregoing on all counsel of record via CM/ECF System Notice of Electronic Filing.

s/ Gary M. Pendergast