# EXHIBIT "A"

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**HURRICANE LITIGATION**

NO.   *2006-9200*                                                                                           DIVISION "*F-10*"

**SAMUEL PALUMBO, JR.**

**VERSUS**

**ELAINE BILSTAD and STATE FARM FIRE AND CASUALTY COMPANY**

FILED:_____                    _____
                                                                                    **DEPUTY CLERK**

## PETITION

The petition of SAMUEL PALUMBO, JR., domiciled in the Parish of Orleans, State of Louisiana, with respect represents:

**I**

Named defendants herein are ELAINE BILSTAD (hereinafter referred to as "BILSTAD"), on information and belief, domiciled in the Parish of Jefferson, State of Louisiana; and STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as "STATE FARM"), a foreign insurance corporation, authorized to do and doing business in the Parish of Orleans, State of Louisiana.

The defendants are indebted unto your petitioner, in some respects jointly and *in solido* and in some respects individually, for the following reasons:

# Count 1

## II

On August 29, 2005, plaintiff was the owner of both immovable and movable property located at 6566 Avenue B, New Orleans, Louisiana 70124, which was completely destroyed as a result of events both related and unrelated to the impact of Hurricane Katrina.

## III

In connection with the ownership of his property, plaintiff was interested in insurance protection from hurricane damage to his home, and its content, and contacted a representative of the defendant for the purpose of purchasing both homeowners insurance and flood insurance. Subsequently, the defendant, STATE FARM, issued Policy No. 18EF44772, with coverage limits of $156,900.00 for the covered dwelling; $117,675.00 for its content, the actual loss sustained for any loss of use; and $15,690.00 for other covered structures. This homeowners/fire/liability policy is subject to Louisiana's "Valued Policy Law," La.R.S. 22:695, pursuant to which the defendant placed a valuation on plaintiff's covered property and used such valuation for the purpose of determining the premiums to be charged to plaintiff.

## IV

Plaintiff avers that, any exclusionary language or anti-concurrent cause clauses contained in this policy are null and void as being against public policy. Also, such exclusionary language or anti-concurrent cause clauses are further, specifically, prohibited by the provisions of La.R.S. 22:695(B).

V

Insurance adjusters representing the defendant, STATE FARM, assessed the damage to plaintiff's home on several occasions after the events of August 29, 2006. Despite such, the defendant, STATE FARM, arbitrarily determined that the damage to the covered property was not caused by a covered peril but, rather, was caused by hurricane driven water, thus denying plaintiff payment for the majority of plaintiff's losses.

VI

Plaintiff avers that his property sustained loss or damage from perils which are covered under the policy of homeowners/fire/liability insurance issued by the defendant and that, as a result of those losses, plaintiff sustained substantial damage to his property, rendering it a total loss and entitling plaintiff to full policy limits for dwelling in the sum of $156,900.00, for content in the sum of $117,675.00, and for additional insurance coverage as per the policy of insurance issued by the defendant to plaintiff. Accordingly, this claim is based upon breach of contract and to enforce the policy of insurance pursuant to the applicable provisions of the Louisiana Insurance Code and, specifically, La.R.S. 22:695, *et seq*.

## Count 2

VII

As stated above, on August 29, 2005, plaintiff's home and most of its content sustained substantial damage, rendering it a total loss.

## VIII

Much of the damage to plaintiff's home was caused by water entering the City of New Orleans, beginning on August 29, 2005, due to the breaches in the flood walls along the 17th Street Canal and London Avenue Canal.

## IX

Plaintiff avers that the dominant and efficient cause of the losses which he sustained due to the breaches in the aforementioned flood walls and which were due to the negligent acts of others, or windstorm, and which are standard covered perils in the policy of insurance issued by defendant to plaintiff.

## X

On information and belief, plaintiff avers that the defendant is well aware of the various post Katrina studies which have been performed on the various levy failures, particularly the 17th Street Canal failure, all of which concluded that water entering the City of New Orleans on August 29, 2005 was as a result of an act of man, not as a result of flood driven waters from Hurricane Katrina. Plaintiff avers that the defendant has arbitrarily and capriciously ignored these findings and have denied plaintiff's demand for coverage of his losses under his homeowner's policy.

## XI

Plaintiff reiterates that insurance adjusters representing the defendant, STATE FARM, assessed the damage to plaintiff's home on several occasions and, as stated above, arbitrarily determined that the damage to plaintiff's property was not caused by a covered peril but, rather, as a result of "flood," thus denying plaintiff's claim. Plaintiff is entitled to and demand has been made upon the defendant, STATE FARM, for policy

limits stated in plaintiff's homeowners/fire/liability policy, to no avail, and as fully set forth in the provisions of Paragraph VI of this Petition. Accordingly, this claim is based upon breach of contract and to enforce the policy of insurance pursuant applicable provisions of the Louisiana Insurance Code and, specifically, La.R.S. 22:695, *et seq.*

## Count 3

### XII

Plaintiff shows that, pursuant to Louisiana law, STATE FARM is required to pay the amount of any claim due plaintiff within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. Although the defendant, STATE FARM, inspected the subject property and has received such proofs of loss, it has failed to pay sums due under the policy for the repair and/or replacement of plaintiff's covered property, its content, additional living expenses which were incurred and other insured items.

### XIII

Said failure to pay is arbitrary, capricious and in bad faith and the defendant, STATE FARM, is liable to plaintiff for penalties and attorneys fees under the applicable provisions of state and federal law.

### XIV

Plaintiff further avers that, pursuant to the provisions of La.R.S. 22:1220, an insurer owes to its insured a duty of good faith and fair dealings; the defendant, STATE FARM, has an affirmative duty to adjust claims fairly and promptly and to make reasonable effort to settle claims with the insured; any insurer who violates this duty is liable for any damages sustained as a result and, plaintiff avers that the defendant,

STATE FARM, is and has been in violation of the provisions of La.R.S. 22:1220, thus entitling plaintiff to actual damages sustained, penalties and attorney's fees.

## Count 4

### XV

In addition to the above, plaintiff avers that the defendant has arbitrarily determined that it would not pay plaintiff for certain obvious damages caused by wind, as follows:

> (1) Plaintiff sustained significant and serious wind damage to his home, including damage to his roof, carport and trees in the rear yard. Despite obvious damage caused by wind and rain, the defendant paid only the sum of $2,136.00 toward such wind loss.
>
> (2) Plaintiff further avers that he is entitled to recover actual additional living expenses/actual loss of use as called for under the subject policy.

## Count 5

### XVI

As mentioned hereinabove, the defendant, STATE FARM, had issued to plaintiff a policy of homeowners/fire/liability insurance for his residence which provided, amongst other things, dwelling content in the amount of $156,900.00 and content coverage in the amount of $117,675.00.

### XVII

At the same time, plaintiff had flood insurance, for which the defendant, STATE FARM, was the administrator, providing dwelling coverage of $146,000.00, and content coverage of $15,000.00.

## XVIII

Subsequent to the events of August 29, 2005, plaintiff first discovered that there was a significant disparity and gap between his homeowners/fire/liability insurance coverages and his flood coverages. Plaintiff further learned that other insurance products were available which would have permitted him to reasonably protect his dwelling at 6566 Avenue B, New Orleans, Louisiana 70124 and the content contained therein. Neither the gap, nor other available insurance products were brought to plaintiff's attention by the defendant, STATE FARM.

## XIX

STATE FARM, as administrator and agent for both the homeowners/fire/liability policy, and flood policy, knew, or should have known, that there was a disparity or gap between the insured value of plaintiff's home and its content under the homeowners/fire/liability policy, and the insured value of the home and its contents under the flood policy. Despite such knowledge, the defendant, STATE FARM, breached its fiduciary obligation as insurer and its fiduciary duty as agent for the flood policy, by its negligent failure to close the gap and/or to bring the gap to the attention of plaintiff.

## XX

Plaintiff avers that the defendant's failure to close the gap and/or bring the gap to the attention of plaintiff, is both an active and passive form of negligence. Plaintiff avers that he has been damaged in the amount of the difference between the existing flood insurance of $146,000.00 and the actual damage to plaintiff's home of $200,000.00 for a difference of $54,000.00, as well as the content loss coverage limit of $15,000.00, versus

the actual content damage of $117,675.00, for a difference of $102,675.00, which occurred as a result of the damage to plaintiff's home on August 29, 2005.

## XXI

Plaintiff avers that the defendant, STATE FARM, was negligent in the following non-exclusive particulars:

(A) Failing to advise plaintiff of the gap;

(B) Failing to close the gap;

(C) Increasing homeowner/fire/liability limits without implementing corresponding increases in flood insurance limits and failing to warn plaintiff that it was not increasing flood limits;

(D) Failing to apprise the plaintiff of the existence of other insurance products, specifically excess flood insurance coverage, which would have allowed plaintiff to have properly insured his dwelling and content;

(E) Deviating from industry standards by failing to "match" plaintiff's flood content coverage to plaintiff's flood dwelling coverage;

(F) Failing to advise the plaintiff that homeowners/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in damage to plaintiff's property;

(G) Failing to advise the plaintiff of the existence of available and expanded insurance coverage which might have been available to cover the type of catastrophic levee failure which destroyed plaintiff's home and its content; and

(H) Such other acts of negligence and inaction as may be shown at the trial of this cause.

## Count 6

### XXII

At all times material to the allegations contained herein, the defendant, BILSTAD, was either employed by or was an agent of the defendant, STATE FARM. As such, the defendant, STATE FARM, is liable and responsible for the acts, errors and omissions of the defendant, BILSTAD, rendering the defendants liable, jointly and *in solido*, for plaintiff's damages and losses.

### XXIII

Plaintiff reiterates and reavers the allegations contained in Paragraphs XV through XX with regard to the defendant, BILSTAD, insofar as the defendant, BILSTAD, owed the same fiduciary duties to plaintiff as did the defendant, STATE FARM.

### XXIV

Plaintiff avers that the defendant, BILSTAD, was negligent in the following non-exclusive particulars:

(A) Failing to advise plaintiff of the gap;

(B) Failing to close the gap;

(C) Increasing homeowner/fire/liability limit without implementing corresponding increases in flood insurance limits and failing to warn plaintiff that it was not increasing flood limits;

- (D) Failing to apprise the plaintiff of the existence of other insurance products, specifically excess flood insurance coverage, which would have allowed plaintiff to have properly insured his dwelling and content;

- (E) Deviating from industry standards by failing to "match" plaintiff's flood content coverage to plaintiff's flood dwelling coverage;

- (F) Failing to advise the plaintiff that homeowners/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in damage to plaintiff's property;

- (G) Failing to increase flood content limits to the available maximum when instructed to do so in the latter part of June 2005; and

- (H) Such other acts of negligence and inaction as may be shown at the trial of this cause.

## XXV

As a result of the breach of contract, the breach of the fiduciary duty which the defendants owed to plaintiff and as a result of the defendants' errors and omissions, plaintiff has sustained significant damage and is entitled to recover such sums as are reasonable, said sums to include damages for breach of contract in the amount of plaintiff's homeowner/fire/liability dwelling and content limits, as well as damages for breach of their fiduciary duties and their negligence, such sums to be calculated on the basis of the total loss of plaintiff's dwelling and the total loss of plaintiff's content, together with such other pecuniary and non-pecuniary damages as may be proven at the trial of this cause.

## XXVI

Plaintiff avers that his damages, exclusive of interest and cost, both for breach of contract and in negligence, exceed the sum of $50,000.00.

**WHEREFORE**, plaintiff prays that the defendants be duly cited and served with a copy of this petition and that, after due proceedings had, there be judgment herein in his favor and against the defendants, in some respects jointly and *in solido* and in some respects individually, for such sums as are reasonable in the premises, said sums to include penalties, attorney's fees and other compensable damages, said sums to be with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted,

---

GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

**PLEASE SERVE:**

**ELAINE BILSTAD**
**5608 Citrus Boulevard, Suite G**
**Harahan, Louisiana 70123**

**STATE FARM FIRE AND CASUALTY COMPANY**
**Through the Secretary of State,**
**AL ATER**
**3851 Essen Lane**
**Baton Rouge, Louisiana 70809**

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

# HURRICANE LITIGATION

**NO.**                                                                                      **DIVISION " "**

**SAMUEL PALUMBO, JR.**

**VERSUS**

**ELAINE BILSTAD and STATE FARM FIRE AND CASUALTY COMPANY**

**FILED:** _____          _____
                                                                   **DEPUTY CLERK**

# **ORDER**

      **THIS MATTER** will come before the Court for case management conference on the _____ day of _____, 20____, at _____ o'clock ___. M., before Division _____.

      **NEW ORLEANS, LOUISIANA**, this _____ day of _____, 20____.

_____
**J U D G E**

**PLEASE SERVE WITH PETITION:**

**ELAINE BILSTAD**
**5608 Citrus Boulevard, Suite G**
**Harahan, Louisiana 70123**

**STATE FARM INSURANCE COMPANY**
**Through the Secretary of State,**
**AL ATER**
**3851 Essen Lane**
**Baton Rouge, Louisiana 70809**