UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAGISTRATE |
|  | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

### REPLY MEMORANDUM OF LAFARGE NORTH AMERICA IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS AGAINST PLAINTIFFS

This Court's April 29 Order compelled plaintiffs to produce additional documents and interrogatory answers no later than May 30, 2008. (Rec. Doc. 12824). Plaintiffs did not comply with that Order, and LNA moved for sanctions on June 17, 2008 (Rec. Doc. 13557). Plaintiffs' opposition memorandum (Rec. Doc. 13803) concedes every single violation alleged in LNA's motion, but argues that "most, if not all" of the violations have been cured by supplemental discovery responses dated July 7, 2008. LNA files this reply memorandum to

    a.    correct plaintiffs' misrepresentations regarding which parties have (and have not) complied with discovery obligations;

b. set the record straight regarding plaintiffs' continuing failures to comply with the Court's April 29 order; and

c. address plaintiffs' argument that LNA failed to comply with L.R. 37.1E with respect to the motion. .

**A. LNA complied with discovery orders while plaintiffs did not.**

Plaintiffs aver that they are innocent of "most" of the "discovery offenses" alleged in LNA's motion. Pl. Mem. at 1-2. LNA's motion, however, identified many specific plaintiffs who provided ***no written discovery responses*** as of the May 30 deadline and the date LNA filed its motion. LNA Mem. at 4-7. LNA's motion also showed that other plaintiffs failed to provide required elements of the compelled discovery. LNA Mem. at 7-15. Plaintiffs' opposition does not cite a single instance – ***not one*** – in which LNA's charges of non-compliance were in error, either as of the May 30 deadline or the date the motion was filed. In short, plaintiffs violated the Court's April 29 Order in every single respect set forth in LNA's motion, and there is not even a dispute on this point.

Plaintiffs, meanwhile, falsely accuse LNA and its attorneys of "thumb[ing] their nose at the Court[]" by failing to provide "any formal, verified pleadings or production in compliance with this Court's order compelling Lafarge to respond to discovery." Pl. Mem. at 1 & n.1. This accusation is nothing more than an attempt to deflect attention from plaintiffs' own conceded discovery failures. And the claim is patently and demonstrably untrue. The truth, as plaintiffs well know, is that LNA provided timely and complete supplementation of its responses in full compliance with the Court's order compelling discovery from LNA.[1] While plaintiffs freely level vitriolic ad hominem

---

[1] LNA's supplemental responses, and the e-mail by which they were transmitted to plaintiffs' counsel, are attached as Exhibit 1 hereto. The Court's order is Rec. Doc. 12605.

2

attacks against other litigants and counsel, their advocacy on this point demonstrates that they do not hold themselves to even minimal standards of truthfulness and care.

### B. Plaintiffs have still failed to provide required discovery.

Plaintiffs assert (at 5-6) that their post-motion supplementation "cures Lafarge's complaints" or, at least, resolves "[m]ost of Lafarge's complaints." They arrive at this conclusion, however, only by excluding the many plaintiffs who have still not provided a single scrap of compelled discovery, in complete violation of the Court's April 29 Order.[2]

1. The *Benoit* plaintiffs.

The seven *Benoit* plaintiffs identified in LNA's motion have ignored the court order and have not responded to any document requests or interrogatories.

The opposition memorandum filed by plaintiffs' counsel (Barge PSLC) essentially throws the *Benoit* plaintiffs under the bus, arguing that counsel have no contractual privity with these litigants and that "those persons' respective attorneys will have to answer for them" because "[u]ndersigned cannot." Pl. Mem. at 11-12.[3] The wholesale refusal of these plaintiffs to comply with this Court's discovery order, after many months and numerous extensions, warrants dismissal for the reasons stated in LNA's motion (at 4-5), which plaintiffs' opposition does not even bother to contest with

---

[2] Plaintiffs' memorandum (at 4-6) takes LNA to task for not withdrawing its sanctions motion after receiving their belated supplementation. This argument ignores that, as plaintiffs concede, there are many plaintiffs who did *not* participate in the supplementation. Thus LNA had very good reason not to withdraw its motion. Moreover, plaintiffs did not serve their supplemental interrogatory answers on LNA on July 7; rather, these were omitted from the box of materials that plaintiffs provided to LNA on that date, and LNA did not see them until plaintiffs attached them as an exhibit to their opposition. Finally, plaintiffs have continued to provide piecemeal supplementation even after filing their opposition memorandum, confirming that they had not fully complied as of the time their opposition memorandum was due.

[3] While the relationship between the Barge PSLC and the *Benoit* plaintiffs' attorneys is irrelevant to LNA's motion for sanctions, which is based on the plaintiffs' total non-compliance with the Court's orders, LNA observes that on at least one occasion, the Barge PSLC lawyers affixed their signatures to discovery responses submitted on behalf of the *Benoit* plaintiffs. *See* Rec. Doc. 13738-6 (responses to requests for admissions dated April 14, 2008, signed by Barge PSLC and no other lawyers).

3

respect to these plaintiffs. Sanctions are warranted where a party completely fails to comply with a court order. Fed. R. Civ. P. 37(b)(2). More pointedly, severe sanctions are appropriate where plaintiffs refuse to produce documents or adequate responses after two extensions to discovery, two attempts to confer, and a court order compelling discovery. *See In re Glenn*, 2001 Bankr. LEXIS 110, at \*3-\*5 (Bankr. S.D. Ga. Jan. 4, 2001) (granting dismissal and stating that plaintiffs had "ample opportunity to respond").

2. The *Parfait* plaintiffs.

With three exceptions, the *Parfait* plaintiffs have refused to provide a single discovery response or responsive document.[4] Plaintiffs' opposition does not attempt to defend the conduct of these plaintiffs or their counsel.[5] Rather, plaintiffs' opposition argues (at 6) that the stay entered in *Parfait* prevents this Court from acting on LNA's motion. That is not, or at least should not be, the case.

The Court imposed a stay on the *Parfait* plaintiffs as a sanction for separate violations of the Court's orders by their counsel, noting that "it is within the Court's purview to dismiss these suits for his contumacious conduct." Rec. Doc. 13525 at 2. Now, counsel for the *Parfait* plaintiffs is using the stay as a pretext to avoid the consequences of other, independent violations of this Court's order, impairing LNA's ability to defend itself or to address the claims against it. Indeed, *Parfait* counsel treats the stay as a protective bubble within which he can continue to press his clients' claims,[6]

---

[4] The three exceptions are Keith McFarland, Melba Gibson, and Daniel Weber. These individuals have provided at least some discovery in response to LNA's requests.

[5] There is no question that the *Parfait* plaintiffs violated the Court's April 29 Order. As noted in our opening memorandum (at 3 n.2), this Court's discovery order applied to the *Parfait* plaintiffs for over thirty days, from the time the initial stay was lifted (Rec. Doc. 13003) until the time it was reimposed (Rec. Doc. 13525). Thus the *Parfait* plaintiffs' violation of the Order is a completed fact.

[6] *See, e.g.*, Exhibit 2 hereto (email from *Parfait* counsel demanding access to expert reports).

4

even while insulating himself from any obligation to act in a responsible way in the conduct of discovery or otherwise. The stay is simply not serving its function as a sanction. The Court should act now to dismiss the claims of the *Parfait* plaintiffs, lifting the stay as necessary to accomplish that result.

      3. The *Perry* and *Lagarde* plaintiffs.

The two *Perry* plaintiffs and three *Lagarde* plaintiffs identified in LNA's motion violated this Court's order by producing **no** discovery by the May 30 deadline. That violation alone warrants the imposition of sanctions. In *Lytal Enters. v. Newfield Exploration Co*. ("*Lytal*"), the plaintiff produced documents thirteen days after the deadline. 2006 U.S. Dist. LEXIS 84342, at *10-*11 (E.D.La. Nov. 17, 2006). Although the documents were "clearly responsive", *Id.* at *11, they were not timely produced and the delay warranted the sanction of attorney's fees. *Id.* at *14.

The two *Perry* plaintiffs did not provide responses to LNA's document requests until July 7, 2008, and did not serve responses to LNA's interrogatories until July 15, 2008. Although these responses would have gone a long way toward satisfying this Court's Order had they been timely served, there was no timely response from these individuals. Thus, although LNA does not expect the Court to impose the severe sanctions that total non-production would warrant (and does warrant for the plaintiffs discussed above), neither does LNA believe that their belated production immunizes them from the imposition of sanctions as their brief seems to suggest.

Moreover, there are still deficiencies in their production. As of this writing, *Lagarde* plaintiffs Anthony Dunn and Jocelyn Carter have not provided any documents responsive to any of LNA's requests for production. In their latest supplement these

plaintiffs assert that they have absolutely no documents concerning their personal property damage claims, but they still have not produced documents responsive to any of LNA's other requests. While *Lagarde* plaintiff Jocelyn Moses has purportedly produced documents in response to LNA's Request No. 24 concerning her personal property damages, her production consisted of a three-page Rental Agreement only. She did not provide any documents identifying any personal property in support of her claim and now asserts she has none. Nor has Ms. Carter produced a promised verification of her interrogatory responses.

The belated discovery responses of the *Perry* plaintiffs (Jimmie and Nellie Perry) are also insufficient. Jimmie Perry claims that property damage from Katrina aggravated his pre-existing emotional injuries.[7] He claims treatment for this emotional injury at the Veterans Administration Hospital in New Orleans, but did not produce medical records. *Id.* While plaintiffs' counsel now asserts he has requested those records and will provide them later, this offer comes much too late and violates the Court's prior deadlines.

Additionally, the Perrys claim personal property damages. In their response to Request for Production No. 24, they have cited various documents that they claim are responsive.[8] Those documents relate to real property, not personal property. Their response is insufficient.

4. The *Mumford* plaintiffs.

The *Mumford* plaintiffs violated the Court's order by failing to provide full compliance by the May 30 deadline. Plaintiffs do not seriously argue to the contrary.

---

[7] *See* plaintiffs' response to LNA's Request No. 22, contained in Barge Plaintiffs' July 7, 2008 supplemental, amended and superseding responses to requests for production. Rec. Doc. 13803-3.
[8] *See* plaintiffs' Response to Request for Production No. 24, contained in Barge Plaintiffs' July 7 supplemental, amended and superseding responses to request for production. Rec. Doc. 13803-3.

Thus, sanctions are warranted.  In *Lytal,* the court held that untimely production of court ordered discovery, even if responsive, warrants some sanction under Rule 37(b)(2), even if less severe than had the plaintiff failed to provide any discovery.  2006 U.S. Dist. LEXIS 84342, at *11, *22.

Additionally, Ethel Mumford still has not produced documents supporting her personal property damage claim.  In plaintiffs' July 7 response to Request for Production No. 24, Mumford referenced several documents as purportedly responsive.[9]  But those documents relate solely to the purchases of real property.  She has not fully complied with the Court's prior orders, and while she now states that she will produce additional documents, LNA has not received them.

Again, the belated attempts by these plaintiffs to "cure" their prior violations of the Court's orders may properly influence the Court's discretion regarding the severity of sanctions to be issued, but that does not mean that a free pass is in order.  Moreover, while LNA has been understanding of the plight of displaced individuals and accorded them multiple extensions prior to bringing its motion to compel, there is a point at which excuses start to wear thin.  LNA submits that point has been eclipsed in this case.

5. Plaintiffs' personal injury claims.

Plaintiffs' opposition memorandum seeks to excuse their failure to provide discovery concerning their physical injury claims, even after the Court compelled them to do so, on the following basis:  "Lafarge has seen the Barge Plaintiffs Motion to Certify Class" and ***knows*** that classwide bodily injuries are not part of the class action sought to be tried."  Pl. Mem. at 7 (emphasis in original).  That assertion is a flat-out falsehood. Plaintiffs' class certification motion states that "[t]he proposed Physical or Emotional

---

[9] *Id.*

Distress Subclass consists of all class members who … suffered ***physical injury*** or emotional distress as a result of the August 29, 2005 flood." Rec. Doc. 13166 at 25 (emphasis added).[10]  Physical injuries are expressly included in the "class action sought to be tried."  Plaintiffs' misrepresentation is easily exposed by the very document they invoke to make it.  Their underlying refusal to produce discovery concerning physical injuries as required by this Court's order, based on such a false and transparent pretext, should be grounds for the imposition of sanctions.

Now, of course, plaintiffs have done an about-face, and profess to be hunting down proof of bodily injuries.  Pl. Mem. at 7-8.  This evidence should have been produced months ago, or at any rate no later than this Court's May 30 deadline for complying with its order, which expressly required production of documents concerning plaintiffs' physical injury claims.  Rec. Doc. 12824 at 14.  As of this writing, plaintiffs have provided medical information concerning only a small group of persons, and in most of those cases they have produced very few documents.   Plaintiffs' latest offer of further supplementation is well beyond this Court's ordered deadline for plaintiffs to respond.  Whatever the Court determines about requests for which plaintiffs have "cured" their violations by belatedly producing the discovery required by the Court's order, plaintiffs' mendacious approach to the issue of physical injuries cries out for the imposition of some sort of discipline.

### C.  LNA did not violate any meet-and-confer obligations.

Plaintiffs assert (at 3-4) that LNA violated L.R. 37.1E.  This assertion is in error because (2) the rules do not require a conference of counsel before filing a motion to enforce a court order, and (2) in any event, any requirement of a conference was satisfied

---

[10] LNA quoted this very language in its memorandum supporting this motion (at 7).

by LNA's June 19 meeting with counsel and its agreement to continue the motion to accommodate their desire to "cure" their violations (which they conceded) in order to lessen the severity of the sanctions to be sought.

    1. <u>Conference requirements do not apply to motions for violations of court orders.</u>

Fed. R. Civ. P. 37 provides that a pre-filing conference is *only* required in the case of motions brought under Rule 37(a) and Rule 37(d), which seek to remedy failures to provide discovery in the first instance, but *not* under Rule 37(b), which seeks to address failure to comply with a court order. Thus, while the language of Rule 37(a) and Rule 37(d) expressly requires a pre-motion conference, such a requirement is absent from Rule 37(b), the provision under which LNA's motion is brought. The reason for the different pre-motion conference requirements in these provisions is simple. When a party seeks to compel discovery in the first instance, either because the other party has not responded or has provided deficient responses, it makes sense to require an attempt to work out the dispute before court intervention is invoked. Once the conference has taken place and the court has intervened by issuing a formal court order, the purpose of the conference requirement is no longer served, and therefore is not required by the rules. *See Royal Maccabees Life Insurance Co. v. Malachinski* (*"Royal Maccabees"*), 2001 U.S. Dist. LEXIS 3362, at *28 (N.D. Ill Mar. 19, 2001) ("Clearly, the prior issuance of a court order obviates the need to meet and confer as required under Rule 37(a).") [11]

---

[11] See also *Kelly v. City of New York,* 2007 U.S. Dist. LEXIS 43816, at *10 (S.D.N.Y. June 15,2007) (holding that "sanctions are warranted under Rule 37(b)(2), which does not require parties to meet and confer prior to imposing sanctions."); *Get-a-Grip, II, Inc. v. Hornell Brewing Co.,* 2000 U.S. Dist. LEXIS 1191, at *9-*10 n.5 (E.D. Pa. Aug. 8, 2000) (no conference required; "plaintiff was under order of this court to provide the log, and it was not defendant's obligation to remind plaintiff to do so") ; *cf. Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 187 (3d Cir. 2003) (finding conference was required because party had timely responded to court-ordered interrogatories and compliance was "open to interpretation").

Plaintiffs assert that LNA violated Rule 37.1E, which requires a pre-motion conference before bringing a motion "relative to discovery." That rule should be read in conjunction with the differing pre-motion conference requirements applicable under Rules 37(a) and 37(d) as opposed to Rule 37(b).[12] Under such a reading, a pre-motion conference is required for the initial motion to compel, but a second conference is not required when the other party violates a court order to produce the same materials that were already the subject of the prior conference and motion. The decision in *Get-A-Grip, II, Inc. v. Hornell Brewing Co.*, 2000 U.S. Dist. LEXIS 11961 (E.D. Pa. Aug. 8, 2000), is on point. There, the district court found that the defendant's prior attempts to secure discovery from the plaintiff had satisfied the conferencing requirement, and that there was no requirement to go back and ask the plaintiff for the same discovery in yet another conference prior to renewing motion practice when the plaintiff violated a court order requiring its production. *Id.* at *8, *9.[13]

Here, LNA conferred with plaintiffs' counsel under L.R. 37.1E before filing its initial motion to compel responses to these very same requests. *See* Rec. Doc.13557-4. In that conference, LNA asked the plaintiffs to comply with the requests, and plaintiffs refused. LNA obtained a court order compelling plaintiffs to respond, which plaintiffs violated. The vast majority of plaintiffs produced **no discovery** in response to the order.

---

[12] Indeed, a local rule cannot be inconsistent or duplicative of federal rules and should be construed so as to render it compatible with other applicable rules. Fed. R. Civ. P. 83(a)(1); *Frazier v. Heebe,* 482 U.S.. 641, 646 (1987); *Baylson v. Disciplinary Bd. of Supreme Court*, 764 F. Supp. 328, 337 (E.D. Pa. 1991).

[13] In *Royal Maccabees,* 2001 U.S. Dist. LEXIS 3362 at * 27-28, the court found no conference was required prior to bringing a motion under Rule 37(b) in a jurisdiction that had a similar local rule to L.R. 37.1E. See N.D. Ill. L.R. 37.2 ("any and all motions for discovery"). In *Naviant*, 339 F.3d at 187. however, the court found that a conference was required under both the federal rule and a local rule which it said was "broader than" Rule 37(b). As noted above, the result in *Naviant* can be explained by the court's conclusion that "compliance was open to interpretation," a condition that does not apply in this case, where all violations have been conceded., subject only to being "cured" (or not) after the court-ordered deadline.

10

A prior conference and court order having failed to produce a response, requiring yet another conference would stand the rule on its head.[14]

### 2. LNA appropriately addressed plaintiffs' complaint about L.R. 37.1E.

For the reasons discussed above, LNA did not believe (and does not believe) that any pre-motion conference was required or necessary prior to filing its Rule 37(b) motion for sanctions. Nevertheless, when plaintiffs took a contrary position and argued that a pre-conference motion was required, LNA immediately agreed to participate in a conference and to extend the hearing date on its motion, so that plaintiffs could attempt to cure their violations and argue for less severe sanctions than what LNA was seeking in its motion. The conference took place on June 19, 2008, two days after LNA filed its motion. LNA agreed to extend the hearing to July 9, 2008, and then again (at plaintiffs' request) to July 23, 2008. By virtue of LNA's agreement to continue the date of the hearing on the motion, the practical effect was to treat the motion as if it had been filed at a subsequent point, after the date of the conference.

On June 20, 2008, plaintiffs' counsel sent a letter to LNA's counsel setting forth his views on the conference. Exhibit 3. In the letter, plaintiffs' counsel thanked LNA counsel for agreeing to a conference notwithstanding LNA's position that no conference was required. The letter from plaintiffs' counsel noted LNA's agreement to continue the hearing on the motion, conceded the violations alleged in LNA's motion, and committed

---

[14] *Shadow Lake Management Co. v. Landmark American Ins. Co.*, 2000 U.S. Dist. LEXIS 90527 (E.D. La., Dec. 10, 2007), does not compel a different result. There, the party had served discovery responses ***before*** the entry of an order compelling production, and there had been no opportunity to consider the sufficiency of those responses. In those circumstances, the Court required compliance with L.R. 37.1E; but its special invocation of the rule implies the court did not consider the rule applicable of its own force. Here, by contrast, LNA filed its motion after the court-ordered deadline had passed, and a very large number of plaintiffs had produced ***no discovery*** in response to the court's order. LNA Mem. at 4-7 & Exh. 4.

11

to provide the missing information no later than July 8, 2008. The letter concluded by apologizing for plaintiffs' counsel's "ill-informed statements" regarding the motion.

As plaintiffs' letter demonstrates, even though LNA disputed the applicability of L.R. 37.1E to the motion at hand, LNA bent over backward to make sure that plaintiffs were given the benefit of that rule. As a result of LNA's immediate conference and its agreement to continue the hearing, plaintiffs were given many additional weeks to "cure" their conceded violations of the Court's order. Some plaintiffs provided or supplemented their responses, permitting them to argue in favor of lesser sanctions for their conceded violations. LNA has agreed, as to those plaintiffs, that lesser sanctions are now appropriate. Thus, LNA's agreement to engage in an immediate conference, coupled with its agreement to continue the hearing at plaintiffs' request, placed plaintiffs in the exact same position – or even a better position – than if LNA had engaged in a conference three days earlier than it did.

By the same token, many plaintiffs did ***nothing*** to provide responses to the court-ordered discovery, even after LNA agreed to extend the hearing date on its sanctions motion and engage in a conference with plaintiffs' counsel. These plaintiffs should be subject to the most severe sanctions, particularly given that their failure to respond contradicts the commitment of plaintiffs' counsel to supply "all missing information" as promised in the June 20 letter.

## Conclusion

Many plaintiffs have still produced no discovery responses in complete violation of the Court's order. These plaintiffs are the members of the *Benoit* and *Parfait* groups identified above and in LNA's opening memorandum. Their claims should be dismissed.

The remaining plaintiffs, members of the *Perry, Lagarde*, and *Mumford* groups, violated the Court's order by failing to provide the required discovery by the May 30 deadline – indeed, some of them had provided no discovery as of the deadline. These plaintiffs, however, have undertaken to "cure" the violations by belatedly producing the discovery compelled by the order. Accordingly, LNA no longer seeks the entry of severe sanctions such as dismissal or striking of pleadings as to these plaintiffs. Nevertheless, a lesser sanction along the lines of *Lytal* awarding fees incurred for efforts needed to enforce the Court's discovery order, would be in order. 2006 U.S. Dist. LEXIS 84342, at *14.[15]

 

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)

---

[15] Plaintiffs' rolling production and serial supplementation, which has continued through the present, has made it difficult to track plaintiffs' compliance with confidence; and there are still areas of non-compliance. Thus, further efforts may yet be needed to secure plaintiffs' compliance with this Court's discovery order.

> **SUTTERFIELD & WEBB, LLC**
> Poydras Center
> 650 Poydras Street, Suite 2715
> New Orleans, LA 70130
> Telephone: (504) 598-2715
>
> *Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 18th day of July, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

                                                       /s/ John D. Aldock