UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE   (Sims, No. 06-5116) | * | |
|            (DePass, No. 06-5127) | * | SECTION K |
|            (Bourgeois, 06-5131) | * | JUDGE DUVAL |
| | * | MAGISTRATE KNOLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO OLD'S MOTION FOR RECONSIDERATION (DOC 13728) AND TO SWB OPPOSITION TO SAME (DOC 13843 & 13844) AND SUPPORT OF RECONSIDERATION OF COURT'S RULING (DOC 13613)**

**NOW COME** Plaintiffs, Leslie Sims, Jr., et al, residing in, or doing business in Lakeview and Carrollton-Hollygrove areas of Orleans Parish, Louisiana 06-5116, Elizabeth H. and William Keith DePass, IV, et al, residing in, or doing business in Metairie, Jefferson Parish, Louisiana (06-5127), and Linda C. and Arnold F. Bourgeois, et al, residing in, or doing business in the Old Gentilly and Lake Terrace sections of the City of New Orleans, State of Louisiana (06-5131), to file this Response to Orleans Levee District's (OLD'S) Motion for Reconsideration [Doc. 13728] of this Court's ruling [Doc. 13613] and the Opposition to Reconsideration [Docs. 13843 & 13844] filed by the New Orleans Sewerage and Water Board (SWB), and in Support of Reconsideration pursuant to Plaintiffs and OLD's Motions [Docs. 13723 and 13728].[1]

---

[1] The SWB's Motions to Dismiss in *Sims* [Doc. 9009], *DePass* [Doc. 8893] and *Bourgeois* [Doc. 9007] were all filed in November, 2007, after the Second Amended Complaints had been filed in *Sims* and *Bourgeois* and the Third in *DePass.* Plaintiffs' Opposition was filed December 31, 2007. [Doc. 10005]. SWB filed it's Reply on February 11, 2008. [Doc. 11155]

Plaintiffs seek Reconsideration [Doc 13723] of this Court's Order & Reasons [Doc. 13613] in applying the Katrina and Rita Amendment, La. Act 545 of 2006, adding Subsection H to La. R.S. 9:2800, and barring certain of plaintiffs' *garde* claims against the SWB, given the Supreme Court decision in *Burnmaster*. In addition, OLD seeks reconsideration respecting the Court's determination that Orleans Levee District has "garde over the flood water pump system, flood water pumping system and/or flood system" [Motion Doc. 13728, p. 1 ].

OLD's Motion has important significance. For if, given *Burnmaster*, this Court should set aside its holding that '"(b)y operation of this statue [9:2800H] all claims for defalcation arising from garde of any levee or flood gate are barred if brought against a public body"', [Doc.13716, Order & Reasons, p. 7], then whether OLD or SWB has *garde* over the flood water pumping system, the canal, its improvements and structures and pumps[2] is critical.

The issue becomes just how should the Court amend its judgment in light of the arguments made?

For the reasons which follow Plaintiffs suggest the Judgment be modified to deny SWB's motion as respects claims of negligence "respecting both claims of garde and of maintenance of the drainage system, its structures and improvements, reserving to SWB the right to plead any affirmative defenses, including immunity under La. R.S 33:735." The Court should not resolve the issue(s) of custody, as

---

[2] In its opposition, Plaintiffs suggested that the immunity is an affirmative defense not suited to resolution via Motion to Dismiss. *Brooks v. City or Winston Salem*, 85 F.3d 178, 181 (4th Cir; 1996) (observing that an affirmative defense may also be raised in a pre-answer motion pursuant to Rule 12(b)(6) of the Federal Rules when the face of the complaint clearly reveals [its] existence). The defense faces a formidable hurdle when advanced on such a motion. *Cohn v. New Paltz Cent. School Dist*., 171 Fed. Appx. 877 (2d. Cir, 2006).

between SWB and OLD, citing the fact that immunity defenses are not appropriate for resolution via 12b motion in this case. The facts are not apparent on the face of the pleadings and, as an affirmative defense, it is incumbent on the SWB and OLD to plead and prove them. The Acts of Assurance claims under Civil Code Art. 1971 and the Direct Action Statute RS22:655 should be dismissed, and certified as final under FRCP 54b.

### Discussion

SWB opposes OLD's Motion arguing that Plaintiffs did not make a claim for "defective pump system, flood water pumping system and/or flood system", and that the statement complained of is *dicta* and does not effect the Court's holding on SWB's motion to Dismiss. Neither OLD nor SWB makes mention of *Burnmaster,* no effort is made to distinguish it.

SWB looks at Plaintiff pleadings via such a broad lens, that it fails to see important specifics. In all three Complaints [Docs.1-1], the Plaintiffs define themselves as persons "who suffered damages due to failure of the *flood protection and drainage system* for the New Orleans East Bank polder" and sue "Sewerage & Water Board of New Orleans, a political Subdivision of the State of Louisiana created by La. R.S. 33:4071 et seq., for the purposes of constructing, controlling, maintaining, and operating *the public drainage system* of the city of New Orleans." Id. ¶4  Plaintiffs pray that SWB be held "liable for the damages proximately caused by its negligence". In the Original Complaints, the Sewerage & Water Board is alleged to be "liable under Civil Code Article 2322 for the deterioration of the levees and levee *improvements and structures* known to it before the events causing loss and damage and the failure to repair same." Id

¶71.(in each) In the First Amended Complaints in *Sims* (Doc 1250) and *DePass* (Doc 1254) it is further alleged that SWB "*owns* the lands which forms *the 17th Canal*. [Id ¶71.1], including the *installations* in place . . . particularly the Hoey Canal Gates". [Id ¶¶75.10] The Third Amendments allege "*Pumping Stations Six and Seven* were owned by (SWB)" [Id *DePass*, Doc. 6796 ¶26a. and *Sims*, Doc. 8107 ¶25a.] *Bourgeois* alleges SWB failed to improve the pump house wall on the Orleans Canal. Complaint Doc. 1-1 ¶83 The absence of fronting protections on the Orleans canal is complained of. Second Amended Complaint [Doc. 8197; ¶11m].

SWB labels as *dicta* that the holding, in a decision dismissing garde claims against SWB, that Orleans Levee District has "garde over the flood water pump system, flood water pumping system and/or flood system", inclusive of the improvements and structures, installations, the 17th St. Canal, Pumping Stations and Hoey Gate. *Burnmaster* speaks to why the holding is not dicta. For if these "things" are owned by OLD[3], then they are not the "things" of SWB, for which it has been called to account under Articles 2317, 2317.1 and 2322. It should be noted that this Court in his Order & Reasons of September 13, 2006, denied the Sewerage & Water Board's two Motions to Dismiss on grounds of R. S. 29:735 immunity and *garde*.[4] Order and Reasons of December 29, 2006. (Docs. 2423 and 2422) The rule has been applied, more recently, the La. Fifth Circuit in *Banks v. Parish of Jefferson*, ---So.2d. ----, 2008 WL 2486857 (June 19, 2008),

---

[3] It is also relevant to responsibility of LDTD and the State because of the differences in its legal relationship to the OLD and SWB.

[4] Cf. *Armstead v. Nagin*, Slip Copy, 2006 WL 3861769, (E.D.La., 2006.) ("The Court does not agree with any tangential inference that acts or omissions of the Levee Board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute. La.Rev.Stat. 29:735.")

relying in part on this Court's decision in *Armstead v. Nagin*, Slip Copy, 2006 WL 3861769, (E.D.La., 2006.)

Secondly, in dismissing Acts of Assurance claims the Court addressed only the claim "violation of the Acts of Assurances". Plaintiff assumes the Court was referencing the demands under Civil Code Article 1981 and the Direct Action Statute 22:755. [ Ide. 69, 70] and not the allegation in ¶¶32 and 33 in the Complaints, that SWB did not maintain the works pursuant to the requirements assumed in the Act of Assurances. Plaintiffs suggest that SWB failure to maintain as required by the Acts of Assurance is not a claim, but sets a standard of care or establishes a duty by which the negligence claims may be tested, and with respect to which SWB may be found in breach.

The Court has been clear and consistent in rejection pour autri and Direct Action claims, choosing not to follow *Cooper* on the former, as "forced", and yet following *Cooper's* rejection of Direct Action against LDOT. In this latter respect plaintiff argues that LDOT is an "arm of the state" while SWB is mere "creature of the state", in the business of issuing such Assurances but the Court has not been persuaded.

By way of context, Plaintiffs *Sims* and *DePass* are contemporaneously filing their Reply to the Opposition to Plaintiffs' Motion for Reconsideration of the Order and Reasons entered on East Jefferson Levee Districts 12b Motion, citing *Burnmaster*. As respects EJLD the complaints are about flooding, due to the failure of flood control systems and works, i.e., the breaches, the failure and the overtopping of the levees, the same complaint as made here about OLD. As respects SWB the complaint is about drainage works, pumps, drainage ditches, gates, and the like. Both levees and drainage are the province of the state, the former being delegated to the levee districts, and the

latter to SWB. [R.S. 33:4071]. Plaintiffs also complain of flooding from the 17th Street Canal owned by the City of New Orleans for the use and benefit of SWB and supported by SWB and Jefferson Parish. Plaintiffs' claims are also about fault, negligent acts and omissions, and the responsibility one has under Civil Code Arts. 2317, 2317.1 and 2322 for its things.

SWB seeks to dismiss Plaintiffs' complaints citing R.S. 33:731- 6, particularly 735 [ Memo SWB Doc. 9009-2, pp 9, 10] and R.S. 9: 2800H [Id. Memo 9009-2, pp11, 12]. *Burnmaster* disposed of 2800H, OLD and SWB's Sec. 735 immunity defense remains available.

Sec. 735 immunity, the relevant portion of the text of the statute reads as follows:

**§ 735. Immunity of personnel**

A. (1) Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, *while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter* shall be liable for the death of or any injury to persons or damage to property as a result of such activity. *Emphasis Added*

Sec. 735 has both a temporal element and a qualifying clause. The temporal element was recognized by this Court in Katrina Consolidated, most notably Order & Reasons of September 13, 2006, denied the Sewerage & Water Board's two Motions to Dismiss on grounds of R. S. 29:735 immunity and *garde.* Order and Reasons of December 29, 2006 (Docs. 2423 and 2422) and the rule has been applied, more recently, the La. Fifth Circuit in *Banks v. Parish of Jefferson*, ---So.2d. ----, 2008 WL 2486857 (June 19, 2008), relying in part on this Courts decision in *Armstead v. Nagin*, Slip Copy, 2006 WL 3861769, (E.D.La., 2006). Thus, the failure to provide power to the gate, the

failure to have a road so the gate could be accessed, etc., failure to erect proper containment on the east side of the 17th St. Canal, the failure to install back flow flaps, failure to maintain the levees, the drainage system, the canals, were not emergency response activities, given the temporal element.

As contemporary omissions, i.e., failure to close the gate, failure to halt the pumping, failure to shut down the pumping and pumping stations, Plaintiffs cite the qualifier in Sec. 735 that immune activity be engaged in "while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter". There is nothing in the *Sims, Bourgeois or DePass* Complaints, as Amended, that supports a finding that SWB and or OLD consciously decide not to take any of these action "while complying or attempting to comply with (for emergency response purpose.[5]

## Conclusion

Respectfully, the *garde* claims survive SWB's 12b challenge as a matter of Law, 9: 2800H having been declared unconstitutional. The claims of fault from negligence acts or omissions are subject to rejection pursuant to the 735 affirmative defense when pled and proved.

Plaintiffs suggest the Judgment be modified to deny SWB's motion as respects claims of negligence "respecting both claims of garde and of maintenance of the drainage system, its structures and improvements, reserving to SWB the right to plead any affirmative defenses, including immunity under La. R.S 33:735." The Court should not

---

[5] As to contemporary omissions, the Motion should be denied because it cannot be said, from the face of the complaint alone, that the omissions were "*while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter.*"

resolve the issue(s) of custody, as between SWB and OLD, citing the fact that immunity defenses are not appropriate for resolution via 12b motion in this case.  Those issues are not resolved on the face of the pleadings and, as an affirmative defense, it is incumbent on the SWB and OLD to plead and prove.

The Acts of Assurance claims under Civil Code Art. 1978, pour autri, and the Direct Action Statute, R.S. 22:655, should be dismissed.

                Respectfully submitted,

                /s/ William C. Gambel
                WILLIAM C. GAMBEL, Bar # 5900
                MILLING BENSON WOODWARD, LLP
                909 Poydras Street, Suite 2300
                New Orleans, LA 70112
                Telephone: (504) 569-7210
                wgambel@millinglaw.com

JOHN  J. CUMMINGS, III, Bar # 4652
CUMMINGS & CUMMINGS
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000


W374482

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others depositing same in the United States mail, postage prepaid and properly addressed, this  21st  day of July, 2008.

                                            /s/ William C. Gambel
                                            William C. Gambel

W374482