UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE   (Sims, No. 06-5116) | * | |
|          (DePass, No. 06-5127) | * | SECTION K |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE KNOLES |

**************************************

RESPONSE TO EJLD'S OPPOSITION TO PLAINTIFFS' MOTION FOR
RECONSIDERATION (Doc. 13838) OF COURT'S RULING (DOC 13716)

**NOW COME** Plaintiffs, Leslie Sims, Jr., et al, residing in, or doing business in Lakeview and Carrollton-Hollygrove areas of Orleans Parish, Louisiana 06-5116, and Elizabeth H. and William Keith DePass, IV, et al, residing in, or doing business in Metairie, Jefferson Parish, Louisiana (06-5127), file this Reply to the Opposition to their Motion for Reconsideration [Doc. 13838] of this Court's ruling [Doc. 13716] filed by the East Jefferson Levee District (EJLD), and in Support of Reconsideration pursuant to Plaintiffs' Motion. [Docs. 13725][1]

Plaintiffs seek reconsideration of this Court's Order & Reasons [Doc. 13716] in two respects:  (i) in applying the Katrina and Rita Amendment, La. Act 545 of 2006, adding Subsection H to La. R.S. 9:2800, and barring certain of plaintiffs' claims against the SWB, given the Supreme Court decision in *Burnmaster*[2]; and (ii) to clear up the apparent conflict between the

---

[1] The Motions to Dismiss in *Sims* and *DePass*  [Doc. 11374] were filed on February 22, 2008, after the Second Amended Complaints had been filed in *Sims* and the Third in *DePass*. Plaintiffs Opposition was filed April 29, 2008. [Doc. 112825].   SWB's Reply was filed April 29, 2008. [Doc. 12825]

[2] *Burmaster v. Plaquemines Parish Government*, --- So.2d ---, 2008 WL 2150729, La., 2008,

1

statement on p. 1 that "EJLD seeks to dismiss all allegations" and "the motion to dismiss will be granted", with the holding that "(a)ll other negligence claims will remain in these cases". P. 6, 7.

EJLD opposes Plaintiffs' Motion on two grounds; (i) that "generally speaking parties may not raise an argument for the first time on reconsideration," citing *Browning v. Navarro,* 894 F2d 99 (5th Cir., 1990), and (ii) that motions for reconsideration should not be used to raise arguments which could, and should, have been made before entry of judgment. *In the Matter of Re Liljeberg Enterprises, Inc*., 1996 WL 257569 (E.D. La. 1996.

EJLD errs in its characterization of the holding in *Browning v. Navarro*. What the court actually said was "Generally speaking a party may not raise an argument for the first time in a petition for rehearing," referring to the application for rehearing of the panel decision *Browning v. Navarro,* 887 F.2d 553 (5th Cir.1989). *In the Matter of Re Liljeberg Enterprises, Inc*., is an unreported decision, and while the rule espoused seems reasonable and appropriate, in the context of the issue in that case Plaintiffs question its applicability here, in a case involving prejudgment interest and attorneys fees, where counsel admitted he "overlooked rebutting." Rather Plaintiffs suggest that *State of La. v. Sprint Communications Co.,* 899 F.Supp. 282 (M.D.La.,1995 ) had *In the Matter of Re Liljeberg Enterprises, Inc*., right, in referencing "Federal Rule of Civil Procedure 8(f) provides that, "All pleadings shall be so construed as to do substantial justice". Most district courts accept such "motions"; however, to conserve limited judicial resources, rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." In this regard *Burnmaster* distinguishes this Motion from all the rest.

Plaintiffs are challenged because they did not expressly raise the unconstitutionality of R.S. 9:2800H in the opposition to the EJLD's Motion. The fact is EJLD did not expressly raise

it.  As an affirmative defense, it was incumbent on EJLD to plead it.  It did not do so.  Plaintiffs acknowledge that EJLD relied on this Court's order dismissing claims against Jefferson Parish, Order & Reasons [Doc. 8390], which considered 2800H.  However, this Court in its Order & Reasons of September 13, 2006, denied the Sewerage & Water Board's two Motions to Dismiss on grounds of R. S. 29:735 immunity and *garde*. [3]  Apparently, Plaintiffs were content to argue that that decision was distinguishable, in that EJLD clearly "was a creature of the state . . . brought into existence for the purposes of discharging the states duties of flood protection," the reason, Plaintiffs perceived, garde claims against the Parish had been dismissed.  Id p12.

The Fifth Circuit has consistently held that a motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1993); *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). Specific grounds to alter or amend judgments are not listed in Federal Rule of Civil Procedure 59.  The district court has considerable discretion in deciding whether to grant such a motion. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (citing *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993)).  While reconsideration of a judgment previously entered in a case is an extraordinary remedy that should be used sparingly, there are several grounds upon which a Rule 59(e) motion may granted. *Id.*  These include situations in which the movant demonstrates that the judgment is based upon a manifest error of law or fact.  Such is the case here.

---

[3] Cf.  *Armstead v. Nagin*, Slip Copy, 2006 WL 3861769, (E.D.La., 2006.)("The Court does not agree with any tangential inference that acts or omissions of the Levee Board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute. La.Rev.Stat. 29:735.")

The issue becomes just how should the Court amend its Order in light of the arguments made?

Plaintiffs suggest the Order be modified to deny EJLD's motion as respects claims of negligence "respecting both claims of garde and of maintenance of the flood control system, its levees, their structures and improvements, reserving to EJLD the right to plead any affirmative defenses, including immunity under La. R.S 33:735." Immunity issues should not be resolved on the face of the pleadings. As an affirmative defense, it is incumbent on the EJLD to plead and prove entitlement, and the nuances more appropriately addressed in a FRCP 56 motion.

Secondly, in dismissing Acts of Assurance claims the court addressed only the claimed "in violation of the Acts of Assurance". Plaintiff assumes the Court was referencing both the allegation in ¶75, that EJLD did not maintain the works pursuant to the requirements assumed in the Act of Assurances, as well as the demands under Civil Code Article 1981 and the Direct Action Statute RS 22:655 [¶¶73 and 74]. Plaintiffs suggest that SWB failure to maintain the drainage works as required by the Acts of Assurance is not a claim, as such, but a standard of care or establishes a duty by which the negligence claims may be tested. The Court has been clear and consistent in rejection pour autri and Direct Action claims, choosing not to follow *Cooper* on the former, as "forced", and yet following *Cooper's* rejection of Direct Action against LDOT. In this latter respect plaintiff argues that LDOT is an "arm of the state" while SWB is mere "creature of the state", in the business of issuing such Assurances.

The Acts of Assurance claims under Civil Code Art. 1978 and the Direct Action Statute 22:655 should be dismissed.

4

### Conclusion

Respectfully, Plaintiffs' Motion for Reconsideration should be granted, and the *garde* claims held to survive EJLD's 12b challenge as a matter of law, given the unconstitutionality of 2800H.  the Judgment be modified to deny EJLD's motion as respects claims of negligence "respecting both claims of garde and of maintenance of the fold control system, its levees, their structures and improvements, reserving to EJLD the right to plead any affirmative defenses, including immunity under La. R.S 33:735."

The Acts of Assurance claims under Civil Code Art. 1978 and the Direct Action Statute 22:655 should be dismissed and the dismissal certified as final under FRCP 54(b) eligible for immediate appeal.

Respectfully submitted,

/s/ William C. Gambel_____
WILLIAM C. GAMBEL, Bar # 5900
MILLING BENSON WOODWARD, LLP
909 Poydras Street, Suite 2300
New Orleans, LA 70112
Telephone: (504) 569-7210
wgambel@millinglaw.com

JOHN J. CUMMINGS, III, Bar # 4652
CUMMINGS & CUMMINGS
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000

W374514

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others depositing same in the United States mail, postage prepaid and properly addressed, this  21st  day of July, 2008.

               /s/ William C. Gambel
              William C. Gambel

W374514