In re Tyco Intern. Ltd. Securities Litigation
D.N.H.,2001.
Only the Westlaw citation is currently available.

NOT FOR PUBLICATION

United States District Court,D. New Hampshire.
In re TYCO INTERNATIONAL LTD. SECURITIES LITIGATION
**No. 00-MD-1335-B.**

Jan. 30, 2001.

*ORDER*

MUIRHEAD, Magistrate J.
***1** Defendants seek a protective order either to prohibit plaintiffs' counsel from investigatory interviews of former employees of Tyco and of companies acquired by Tyco or to set guidelines for such interviews to insure compliance with the New Hampshire Rules of Professional Conduct. They additionally seek to prohibit plaintiffs from relying on such information in any way in the lawsuit and to require plaintiffs' counsel to provide the name of, and information provided by, each interviewee. For reasons set forth below, the motion is denied.

*DISCUSSION*

1. *Failure to Comply With Local Rule 7.1(c)*

Local Rule 7.1(c) provides in pertinent part:

Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence.

The "certification attached to defendants' motion states:
In accordance with Local Rule 7.1(c), on August 17, 2000, Defendants' counsel asked Plaintiffs' counsel whether they would assent to the granting of this motion. The answer was no.

Counsel's certification does not comply with either the letter or spirit of the rule. It certainly fails to state that counsel made a "good faith" attempt at concurrence. Failure to certify a good faith attempt is understandable when the August 17 actions of defense counsel are examined. The record provided in connection with this motion reveals the following:

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

1. By August 17 defense counsel had prepared a two-page motion accompanied by an eighteen-page memorandum and a twenty-three-page appendix.

2. Letter complaints by defense counsel about plaintiffs' investigation were consistently met with prompt responses requesting defense counsel to provide any factual and legal basis for requiring a cessation of plaintiffs' counsel interviews.[FN1] Defense counsel's responses were skeletal at best. Offers by plaintiffs' counsel to meet and confer were ignored.

FN1. While Cravath claims not to have received plaintiffs' August 14 fax, the New Hampshire attorney filing the motion *did* receive it.

At some point in the morning of August 17, 2000, New Hampshire defense counsel called and then faxed New Hampshire plaintiffs' counsel seeking assent to the motion. Prior to these events every piece of correspondence on this subject was sent by a New York lawyer. New Hampshire counsel did not even copy plaintiffs' New York counsel with his faxed ultimatum.

4. Defense counsel's August 17 fax was received by the office of plaintiffs' New York counsel from its New Hampshire counsel at 12:06 p.m. The fax contained an ultimatum requiring a response by 2:00 p.m. that day.[FN2]

FN2. “Lunch time” and “late day” ultimatums are sharp practices which are not consistent with a “good faith” attempt to obtain concurrence.

5. By 2:09 p.m. plaintiffs' New York counsel responded to New Hampshire defense counsel by fax clearly again signaling a willingness to meet and confer. That fax was sent to New York defense counsel by 2:19 pm. Except for the filing of the motion, defense counsel did not respond.

6. At 4:14 p.m. on August 17, 2000, the motion was filed.

In light of these facts, defense counsel certainly could not certify that they had made a “good faith” attempt at concurrence. The conduct of counsel in connection with this motion does not meet the standards for practice in this court and the Local Rule 7.1(c) certification is a sham. At the very least counsel flirted with a violation of Rule 3.1 of the New Hampshire Rules of Professional Conduct by signing a Rule 2.1(c) certification which explicitly requires claiming an attempt at good faith concurrence. As but one basis for the denial of defendants' motion it is denied as a sanction under LR 1.3(a).

2. *The Private Securities Litigation Reform Act (“PSLRA”) and Investigatory Interviews*

***2** The argument offered by defendants is as well-crafted as a Byzantine tapestry. However, it hangs together only if common sense and well-recognized terms are ignored or redefined to suit the outcome desired. Defendants' argument, in its simplest form, is that the PSLRA prohibits discovery during the pendency of any motion to dismiss; that the term “discovery” includes

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

informal discovery; and that investigatory interviews by counsel are informal discovery. Plaintiffs strongly disagree.

The stay provision of the PSLRA which relates to discovery provides that:

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The question is whether a non-compelled interview of a third party, i.e., a former employee of Tyco or of one of the companies it has acquired, is included in the word "discovery."

The term "discovery" in the context of lawsuits has a well-recognized meaning. It is: "the disclosure in practice or in pretrial procedures by a party to an action ... of facts or documents which will afford material evidence in determining the rights of a party asking it...."*Websters Third New International Dictionary*, 647 (3d Ed.1993). It is "data or documents that a party to a legal action is compelled to disclose to another party either prior to or during a proceeding."*The American Heritage Dictionary*, 401 (2d College Ed.1982).

This common understanding of the term "discovery" is the same understanding given to it by the legal community as it relates to trial practice:

The pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial. Under Federal Rules of Civil Procedure (and in states which have adopted rules patterned on such), tools of discovery include: Depositions upon oral and written questions, written interrogatories, production of documents or things, permission to enter upon land or other property, physical and mental examinations and requests for admission. Rules 26-37. Term generally refers to disclosure by defendant of facts, deeds, documents or other things which are in his exclusive knowledge or possession and which are necessary to party seeking discovery as a part of a cause of action pending, or to be brought in another court, or as evidence of his rights or title in such proceeding.

*Black's Law Dictionary*, 466 (6th Ed.1990).

Congress, in its enactment of the PSLRA, understood what discovery is and that is what it put a hold upon. A review of the House and Senate record reveals that Congress intended to put "... requests for voluminous documents and time consuming depositions of company CEOs and other key employees" on hold "... until the judge rules on whether the case should be kicked out of court."141 Cong. Rec. at 5 19146, *S 19151. There is not the slightest hint in the congressional record that the discovery stay was intended to apply to either parties' own investigation.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

***3** Defense counsel previously convinced the Second Circuit Court of Appeals that restrictions on witness interviews by counsel could “impair the constitutional right to effective assistance of counsel” and that this activity is part of “time-honored and decision-honored principles, namely, that counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private, without the presence or consent of opposing counsel ...”*IBM v. Edelstein*, 526 F.2d 37, 42 (1975). The court in *IBM* got it right. The right to conduct such investigations is protected and is not impaired by the PSLRA.

Defendants' argument is unconvincing. Those unfamiliar with case preparation might confuse “discovery” with the work product protected investigatory interviews of third party witnesses. However, Congress did not confuse them. Neither logic, tradition, the constitution nor the PSLRA prohibit interviewing prospective witnesses. This court will not prohibit such interviews either. The motion is denied as to the request to prohibit third party interviews.

3. *Prohibiting or Regulating Plaintiffs Interviews*

Defendants claim that plaintiffs' counsels' actions “appears to violate several of New Hampshire's Rules of Professional Conduct” in its interviewing process. Defense counsel have not filed a professional conduct complaint under Local Rule 83.5 nor, apparently, under N.H. Rules of Professional Conduct 8.3(a). If defendants' position had any substance, defense counsel's failure to report the alleged violations is itself a violation of the Rules. *See*N.H. Rules of Professional Conduct 8.3 and 8.4(a).

The failure of defense counsel to report plaintiffs' counsel is justified since defendants' argument lacks substance.

Defendants have no current agency relationship with its ex-employees and no relationship, past or present, with ex-employees of companies it purchased.New Hampshire Rules of Professional Conduct 4.2 do not prohibit ex parte communications with former employees even as to those whose conduct can be imputed to the corporation. There is no basis to conclude that New Hampshire would extend Rule 4.2 to former employees, including senior ones, since “[n]either the Rule nor its comment purports to deal with former employees of a corporate party.”ABA Formal Op. 91-359 (march 22, 1991). The formal opinion, not the few cases to the contrary, is true to the text of the Rule.Rule 4.2 was not violated.

Defendants claim that plaintiffs violated N.H. Rules of Professional Conduct 4.3 and 8.4 in the language of two messages left on answering machines and in two e-mails. *See* Document no. 34, Exhibits A to D. None of these messages “state or imply” that counsel is disinterested and none contain any misrepresentations. Each identifies that the individual seeking the contact is an investigator for a law firm and that the desired contact involves background research on, or investigating of, Tyco. There is nothing in that to suggest disinterest and it does not constitute a misrepresentation. ABA Formal Op. 91-359 (March 22, 1991) as it relates to Rule 4.3“requires

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

that the lawyer contacting a former employee of an opposing corporate party make clear the nature of the lawyer's role in the matter giving occasion for the contact, including the identity of the lawyer's client and the fact that the witness's former employer is an adverse party”. Even assuming that this portion of the opinion is not an improper reach far beyond the text of the rule and assuming that this court would give some deference to that portion of the formal opinion, the procedure set forth in Ms. Janis' affidavit which she attests is what she does in actual conversations with unrepresented potential witnesses easily meets the requirements of the opinion. Extending the procedure referenced in the opinion to phone and e-mail messages which simply request a conversation would be a hyper-technical, ill-advised, extension of Rule 4.3 far beyond its text.

***4** Nothing plaintiffs' counsel has done in seeking interviews is unethical and their conduct does not justify special regulation. Furthermore, defendants will not be permitted to obtain discovery (of work product no less) while plaintiffs are prohibited from doing so and defendants are not entitled to an order precluding the use of counsel's work product by them in the lawsuit.

The motion (document no. 34) is denied. Further liberties with LR 7.1(c) certifications would be an ill-advised risk for any attorney in this case to take.

SO ORDERED.

D.N.H.,2001.
In re Tyco Intern. Ltd. Securities Litigation
Not Reported in F.Supp.2d, 2001 WL 34075721 (D.N.H.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.



Date of Printing: JUL 24,2008

**KEYCITE**

**H In re Tyco Intern. Ltd. Securities Litigation, 2001 WL 34075721 (D.N.H., Jan 30, 2001) (NO. 00-MD-1335-B)**

**History**

**Direct History**

=> 1 **In re Tyco Intern. Ltd. Securities Litigation,** 2001 WL 34075721 (D.N.H. Jan 30, 2001) (NO. 00-MD-1335-B)

**Related References (U.S.A.)**

2 In re Tyco International, Ltd., Securities Litigation, 2000 WL 33654141, 2000 DNH 268 (D.N.H. Jul 27, 2000) (NO. 00MD1335)

H 3 In re Tyco Intern., Ltd., 2000 WL 1513772, Fed. Sec. L. Rep. P 91,207, 2000 DNH 182 (D.N.H. Aug 17, 2000) (NO. 00-MD-1335-B, 2000 DNH 182)

4 In re Tyco Intern., Ltd., Securities Litigation, 185 F.Supp.2d 102, 2002 DNH 53 (D.N.H. Feb 22, 2002) (NO. 00-MD-1335-B)

H 5 In re Subpoena Issued to Boies, Schiller & Flexner LLP, 2003 WL 1831426 (S.D.N.Y. Apr 03, 2003) (NO. M8-85)

6 In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP, 255 F.Supp.2d 1 (D.D.C. Apr 04, 2003) (NO. 03-087(ESH))

**Court Documents**

**Trial Court Documents (U.S.A.)**

**D.N.H. Trial Pleadings**

7 IN RE TYCO INTERNATIONAL LTD. Securities Litigation., 2000 WL 34594734 (Trial Pleading) (D.N.H. Nov. 2, 2000) **Second Amended Class Action Complaint and Jury Trial Demand** (NO. 00-MD-1335-B)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

8 In re TYCO INTERNATIONAL LTD. SECURITIES LITIGATION., 2000 WL 35562963 (Trial Pleading) (D.N.H. Nov. 2, 2000) **Second Amended Class Action Complaint and Jury Trial Demand** (NO. 00-MD-1335-B)
ORIGINAL IMAGE OF THIS DOCUMENT (PDF)

**D.N.H. Trial Motions, Memoranda and Affidavits**

9 In re TYCO INTERNATIONAL LTD. SECURITIES LITIGATION., 2006 WL 318853 (Trial Motion, Memorandum and Affidavit) (D.N.H. Jan. 17, 2006) **Memorandum of Law of the Ballard Plaintiffs in Opposition to Defendant Michael A. Ashcroft's Motion** (NO. 02-CV-1335(PB))

**Dockets (U.S.A.)**

**D.N.H.**

10 IN RE: TYCO SECURITIES LIT V., NO. 1:00md01335 (Docket) (D.N.H. May. 01, 2000)

© Copyright 2008 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.