UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NUMBER 05-4182 |
| | * | & CONSOLIDATED CASES |
| THIS DOCUMENT RELATES TO | * | |
| LEVEE:  06-5116  (Sims) | * | SECTION "K" |
|              06-5127 (DePass) | * | |
|              06-5131 (Bourgeois) | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF COURT'S RULING**

MAY IT PLEASE THE COURT:

The Sewerage and Water Board of New Orleans ("SWB") replies to plaintiffs' Response to OLD's Motion for Reconsideration (Doc 13728) and to SWB Opposition to Same Doc (Doc 13843 & 13844) and Support of Reconsideration of Court's Ruling (Doc 13613). Plaintiff sought rehearing (Doc 13723) in light of the Louisiana Supreme Court's decision in *Burmaster v. Plaquemines Parish Government,* 2007-2432 (La. 5/21/08), 982 So.2d 795, which was rendered after the SWB's motion to dismiss was submitted for decision, but before the court issued its ruling. The SWB responded that *Burmaster* does not affect the Court's holding dismissing 3 out of 4 categories of plaintiffs' claims and suggested the remaining claim, negligent maintenance of the drainage canals, also should be dismissed. Plaintiffs have replied now raising for the first

time issues not addressed in their motion for reconsideration. The motion for reconsideration should be denied.

## GENERAL OBJECTION

Plaintiffs only sought reconsideration of one issue, the effect of *Burmaster* on the court's ruling. They should not, in a reply memorandum, be allowed to seek reconsideration of other issues not covered by their motion for reconsideration.

## REPLY TO PLAINTIFFS' ARGUMENTS

**1.     Acts of Assurances**

Plaintiffs did not seek reconsideration of the Court's ruling on the Acts of Assurances issue. They now apparently consent to the dismissal of this claim. In the final sentence of their response memorandum, plaintiffs indicate "The Acts of Assurance claims under Civil Code Art. 1978, pour autri [sic], and the Direct Action Statute, R.S. 22:655, should be dismissed." See p. 8 (Doc 13907).

Plaintiffs also argue " . . . SWB failure to maintain as required by the Acts of Assurance is not a claim, but sets a standard of care or establishes a duty by which the negligence claims may be tested, and with respect to which SWB may be found in breach." *See* p. 5 (Doc 13907). The SWB pointed out in its motion to dismiss that plaintiffs failed to point to a single duty contained in the Acts of Assurances that the SWB allegedly breached. The law does not provide a person without privity to plead rights under a contract, but even if it did, plaintiffs have failed to cite to any specific duty under the contract that has any bearing on their case. Plaintiffs have not stated a cause of action against the SWB in connection with the so-called Acts of Assurances nor can they.

**2.      Emergency Preparedness Immunity**

Plaintiffs did not seek reconsideration of the Court's dismissal of claims pursuant to the immunity found in La. R.S. 29:735.   Even so, in their response memorandum, they suggest the grant of that immunity is improper because affirmative defenses should not be decided on a Rule 12(b)(6) motion.  Plaintiffs cite two cases in support of this proposition, but the opinions in those cases are exactly to the contrary.

In *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996), the Fourth Circuit Court of Appeals said a motion pursuant to Rule 12(b)(6) is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.  Similarly, in the unreported decision of *Cohn v. New Paltz Cent. School Dist.*, 171 Fed.Appx. 877, 879 (2nd Cir. 2006), the Second Circuit Court of Appeals said a qualified immunity defense can be presented in the context of a Rule 12(b)(6) motion.  They found this to be so even though they were required to decide the merits of the Rule 12(b)(6) motion under the pre-*Twombly* test (the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief).  Of course, now, the "no set of facts" test has been jettisoned by the United States Supreme Court.  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed. 929 (2007).[1]  Thus, the standard for granting a Rule 12(b)(6) motion has been eased since the courts in the

---

[1] A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions; formulaic recitation of the elements of a cause of action will not do.  Courts are not bound to accept as true legal conclusion couched as a factual allegation.  Factual allegations must be enough to raise a right to relief above the speculative level.  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed. 929 (2007).

decisions cited by plaintiffs found a Rule 12(b)(6) motion is a proper procedural vehicle to assert an affirmative defense.

Moreover, the Court was correct in dismissing plaintiffs' claims of negligent management of water at the time of Hurricane Katrina based upon the emergency preparedness immunity. Plaintiffs admit these alleged omissions, failure to close a gate, failure to halt pumping, failure to shut down the pumping and pumping stations, were contemporaneous to the emergency. See p. 7 (Doc 13907). The SWB's response in dealing with the emergency is covered by the immunity, La. R.S. 29:735, and claims alleging negligent response to the emergency properly were dismissed.

**3.     Claims for "Garde" of the Flood Protection and Drainage System**

Plaintiffs are guilty of the exact sins addressed in *Twombly*. They offer legal conclusion couched as factual allegation. They plead nothing to raise their right to relief above the speculative level.

On pages 3-4 of their response memorandum, plaintiffs say their claims against the SWB should not be dismissed because in their complaints they pled: (1) they are as persons "who suffered damages due to failure of the flood protection and drainage system for the New Orleans East Bank polder"; (2) the SWB should be held "liable for the damages proximately caused by its negligence"; (3) the SWB is alleged to be "liable under Civil Code Article 2322 for the deterioration of the levees and levee improvements and structures known to it before the events causing loss and damage and the failure to repair same"; (4) the SWB "owns the land which forms the 17th Street Canal, including the installations in place . . . particularly the Hoey Canal Gates"[2]; (5) "Pumping Stations

---

[2] Although counsel has thrown quotation marks around this allegation in his response memorandum, he misquotes it. The cited paragraph of the *Sim*s and *DePass* first amended complaints provides, "The

Six and Seven were owned by (SWB)"; (6) *Bourgeois* alleges the SWB failed to improve the pump house wall on the Orleans Canal; and (7) in *Bourgeois* the absence of fronting protections on the Orleans canal is complained of.[3]  See pp. 3-4 (Doc 13907).

It is insufficient to plead garde, ownership or custody in a vacuum.  That alone does not state a cause of action.  The elements of a cause of action under articles 2317 and 2317.1 of the Louisiana Civil Code require proof (1) that the defendant had custody of the thing causing injury, (2) that the thing contained a defect because it contained a condition creating an unreasonable risk of harm, (3) that the custodian had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time and (4) that the defective condition caused plaintiff's harm.  *Charan v. Bowman*, 2006-0882 (La. App. 1 Cir. 8/1/07), 965 So.2d 466, 469, *writ den.*, 2007-1773 (La. 11/9/07), 967 So.2d 505; *Mayeux v. Marmac Acquisition, L.L.C.*, 04-1315 (La. App. 5 Cir. 3/29/05), 900 So.2d 976, 979, *writ den.,* 2005-1108 (La. 6/17/05), 904 So.2d 701; *Herbert  v. Archdiocese of New Orleans*, 98-1217 (La.App. 5 Cir. 7/27/99), 739 So.2d 928, 930.  The enactment of Civil Code article 2317.1 in 1996 effectively turned strict liability claims for ruin, vice or defects in a thing into negligence claims. *Leonard v. Parish of Jefferson*, 05-32 (La. App. 5 Cir. 4/26/05), 902 So.2d 502, 504.

Additionally, La. R.S. 9:2800 governs claims against a public body for the condition of a thing in its custody.  Per that statute, the claimant must show "the public entity had actual or constructive knowledge of the particular vice or defect which caused

---

Sewerage & Water Board owns and possesses a fractional interest in the 17th Street Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal."  See ¶75.10 of the *Sims* and *DePass* first amended complaints.

[3] The exact allegation is "The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder".  See ¶11m of the second amended complaint in *Bourgeois*.

the damage prior to its occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so." La. R.S. 9:2800(C).  Traditionally, Louisiana law provided two theories under which a public entity could be held liable for damages, negligence and strict liability, and these theories could be distinguished, but when the legislature enacted the statute governing limitation of liability for public bodies, La. R.S. 9:2800, this statute eviscerated the distinction between the two theories by requiring proof of actual or constructive notice of the defect.  Thus, the burden of proof is now the same under either a negligence or strict liability theory. *Fuselier v. Matranga*, 01- 721 (La.App. 5 Cir. 11/27/01), 803 So.2d 151, 154, *writ den*., 2001-3393 (La. 3/15/02), 811 So.2d 908.

Plaintiffs have failed to state a cause of action upon which relief can be granted for ruin, vice or a defect in a thing in the SWB's custody.  While plaintiffs allege the SWB had custody of the 17th Street Canal, the Hoey Canal Gate[4], and Pumping Stations Six and Seven, that alone does not state a cause of action.  Custody is only one element of the cause of action.  Plaintiffs' several complaints do not allege a particular vice or defect in those things that caused their harm and of which the SWB was aware and had an opportunity to repair.  Plaintiffs fail to plead facts sufficient to raise their right to relief beyond the speculative.

Further, the allegation that the SWB is responsible for the levees, levee improvements and levee structures fails to state a cause of action.  As a matter of law, the SWB has no right or jurisdiction over the levees.  As this Court has repeatedly stated, the

---

[4] With regard Hoey's Gate, the allegation is the EJLD, the Parish of Jefferson, and/or SWB failed to close it, not that there was a defect in it. (Sims original complaint, ¶¶25, 27 and DePass original complaint, ¶¶25, 27, and 78).  Since these claims go to specific behavior on the day the hurricane struck, the court properly dismissed these claims pursuant to the emergency preparedness immunity, La. R.S. 29:735.

Orleans Levee District has "full and exclusive right, jurisdiction, power and authority with respect to levees." La. R.S. 38:307 and 28:281(6).  Plaintiffs can not state a cause of action against the SWB for failure to maintain the levees, levee improvements and levee structures.

Similarly, the allegation that the SWB is responsible for the absence of fronting protection fails to state a cause of action as a matter of law.  Plaintiffs have pled the February 18, 1997, Act of Assurances and it was attached as an exhibit to the SWB's motion to dismiss.  As that contract clearly shows, the building of fronting protection was to be a federal work to be completed by the United States of America under the Lake Pontchartrain and Vicinity Hurricane Protection Project.  The construction of the fronting protection is not a SWB duty as clearly evidenced by the contract pled by plaintiffs in their complaints.  *See* Supplemental Agreement Between the United States of America, the Orleans Levee District and the Sewerage and Water Board of New Orleans attached as Exhibit "A".  Plaintiffs allegation in *Bourgeois* that fronting protection was absent on the Orleans Canal does not state a cause of action against the SWB.

Finally, in *Bourgeois*, plaintiffs argue they stated a cause of action when they alleged the SWB failed to improve the pump house wall on the Orleans Canal.  This too fails to state a cause of action.  The entire allegation is:  "The Sewerage and Water Board failed to improve the pump house wall under the Orleans Canal, as one example, magnifying the Corps's and the Levee Board's failures described in paragraphs 30 and 78, *infra*." See ¶83 of Bourgeois original complaint.  Since paragraphs 30 and 78 refer to the failure to complete the levee protection on the Orleans Canal at the pumping station, presumably plaintiffs are alleging that the SWB needed to convert its pump house wall

into a levee. How that would have stopped water from flowing through the nearby several hundred foot gap in the levee/floodwall is not explained. As stated above, exclusive jurisdiction over levees is granted to the levee boards, not the SWB. Further, as pled by plaintiffs themselves, there was a contract in place for the U.S.A. to construct fronting protection in front of the pump station. The SWB had no responsibility for levee building or flood protection. It was not contracted to build the fronting protection and could not order the U.S.A. to start and finish the job. The pump house wall is not a substitute for a levee and the SWB had no duty to convert it into a levee pending the Corps of Engineers' completion of fronting protection in front of the pump house. This allegation fails to state a cause of action because the SWB had no levee or fronting protection duties.

Plaintiffs have failed to plead facts alleging specific defects existing in things in the SWB's custody that caused their damages. As such they have failed to state a cause of action upon which relief can be granted and, under *Twombly*, their claims against the SWB should be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration should be denied.

Respectfully submitted,

s/Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR.-#18299 T.A.
J. WARREN GARDNER, JR. - #5928
KEVIN R. TULLY - #1627
CHARLOTTE J. SAWYER – #28493
CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

        **GEORGE R. SIMNO III - #12271**
        **GERARD M. VICTOR - #9815**
        625 St. Joseph Street, Room 201
        New Orleans, Louisiana 70165
        Telephone:  (504) 585-2242
        Facsimile:   (504) 585-2426

        ATTORNEYS FOR DEFENDANT
        SEWERAGE AND WATER BOARD OF
        NEW ORLEANS

## C E R T I F I C A T E

    I do hereby certify that on the 24th day of July 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

        s/Charles M. Lanier, Jr.
        **CHARLES M. LANIER, JR.**