UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: <br> **KATRINA CANAL BREACHES** <br> **CONSOLIDATED LITIGATION** <br> <br> **PERTAINS TO:  INSURANCE** <br> <br> <br> **DALE VALENTI**           NO.: 07-2750 <br> <br> **VERSUS** <br> <br> **ALLSTATE INSURANCE COMPANY and** <br> **ALLSTATE INDEMNITY COMPANY** <br> _____ | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION NO. 05-4182 "K" (2)** <br> <br> **JUDGE DUVAL** <br> <br> **MAGISTRATE WILKINSON** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S PETITION FOR DAMAGES**

Plaintiff's Petition for Damages alleges that one of the Defendants, Allstate Indemnity Company ("Allstate Indemnity") breached Plaintiff's homeowners insurance policy by refusing to pay Plaintiff's claim.  But despite Plaintiff's conclusory contentions to the contrary, Plaintiff does not have a homeowners insurance policy with the named defendant, Allstate Indemnity Company; rather the only insurance policy in existence was written by the other Defendant, Allstate Insurance Company ("Allstate Insurance").  Therefore, Plaintiff's claims against Allstate Indemnity Company fail as a matter of law for two reasons:  (1) Plaintiff has failed to establish standing because they were not injured-in-fact by Allstate Indemnity; and (2) Plaintiff fails to state a claim for breach of an insurance contract because no such contract exists.  As such, Plaintiff's Petition should be dismissed as against Allstate Indemnity Company pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**1.     Plaintiff Fails To Satisfy Their Burden Of Demonstrating A Causal Connection Between Any Alleged Injury And Allstate Insurance.**

It is axiomatic that in order for a court to have subject matter jurisdiction over a claim, the plaintiff must have standing to assert the claim. *Grant v. Gilbert,* 324 F.3d 383, 386 (5th Cir. 2003). The plaintiff must "allege[] such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Florida Dept. of Ins. v. Chase Bank of Texas Nat. Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) *quoting Warth v. Seldin,* 422 U.S. 490, 498-99 (1975). Plaintiff must establish the three elements required for standing: (1) plaintiff must show that he has suffered an "injury in fact", known as an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent - not conjectural or hypothetical"; (2) demonstrate a causal connection between his injury and defendants' conduct; and (3) a "likely" probability that his injury will be redressed by a favorable decision. *Id.* at 387 *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Failure to establish *any one* of the above elements requires dismissal of Plaintiff's Petition pursuant to Rule 12(b)(1). *See Rivera v. Wyeth Ayerst Laboratories*, 283 F.3d 315, 319 (5th Cir. 2002) (explaining that an "injury in fact" is an "irreducible constitutional minimum" of standing under Art. III of the Constitution); *see also Arbaugh v. Y&H Corp.*, 163 L. Ed. 2d 1097, 1109-10 (U.S. 2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court ***must dismiss*** the complaint") (emphasis added); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3).

Applied to this case, Plaintiff has a homeowner's policy with Allstate Insurance

Company not Allstate Indemnity Company. (Exhibit A, Affidavit of Daniel Murphy at ¶ 4)[1]

Thus, even assuming that Plaintiff has suffered some "injury in fact" arising out of her insurance policy, that injury would be based on Allstate Insurance's conduct, not Allstate Indemnity's conduct. Thus, Plaintiff lacks standing to sue Allstate Indemnity and her Petition against it should be dismissed.

2.      **Alternatively, This Court Should Dismiss Plaintiff's Petition Against Allstate Indemnity Pursuant To Fed. R. Civ. P. 12(b)(6) Because Plaintiff Fails To State A Claim For Breach Of Contract.**

In order for a plaintiff to survive this motion to dismiss, the plaintiff must establish a sufficient factual basis to demonstrate potential entitlement to relief based on the face of the complaint. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The United States Supreme Court recently made clear that in order for a complaint to survive a Rule 12(b)(6) motion to dismiss, the complaint must go beyond conclusory allegations that might possibly support recovery based on a set of undisclosed facts and disclose a set of facts that plausibly support a claim. *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (overruling the *Conley v. Gibson*, 355 U.S. 41, 45 (1957) standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Id.*

An insurance contract, like any other contract, requires the essential elements of contract

---

[1] This Court may rely on the attached policy and affidavit in the context of this Rule 12(b) motion. *See, e.g., Kane Enters. v. MacGregor USA, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[T]he court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim.") (citation omitted).

formation be met.  According to the Louisiana Appellate Court:

> A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. *La.Civ.Code art. 1906*. There are four necessary elements for a valid contract: capacity, consent, object, and lawful cause. *La.Civ.Code arts. 1918, 1927, 1966, 1971*. In other words, the parties must have the capacity to contract and give their consent freely for a certain object, and the contract must have a lawful purpose. *Id.* ***Both parties must be bound in order for there to be a contract***.

*Leger v. Tyson Foods, Inc*., 670 So. 2d 397, 401 (La. App. 3 Cir. 2006) (***emphasis added***).

Allstate Indemnity has included an affidavit in support of this Motion which attaches Plaintiff's policy.  The affidavit states that the attached homeowners policy number 031813345 is the policy at issue.  Affiant further states that the policy was issued by Allstate Insurance to Dale and Salvadore Valenti for the premium period of December 29, 2004 to December 29, 2005.  Finally, affiant states that the location of the property insured was 7214 Patricia Street, Arabi, Louisiana.   (Exhibit A, Affidavit and Policy Declarations of Allstate Insurance homeowners policy 031813345.)

The burden of proof in an action for breach of contract is on the party claiming rights under the contract.  *Bond v. Allemand*, 632 So. 2d 326, 329 (La. App. 1 Dist. 1993).  When an insured's claim is based on an insurance contract, the burden of proof is on the insured to establish every fact essential to her cause of action to entitle her to relief.  *Ferguson v. State Farm Ins. Co*., 2007 WL 102127 (E. D. La. 2007); *see also Johnston v. Broussard*, 940 So.2d 79, 82 (La. App. 2 Cir. 2006) (a "written insurance contact is an essential element of the plaintiff's *prima facie* case").

Applied to this case, it is self-evident Plaintiff cannot sue for a breach of contract when a contract between the Plaintiff and Allstate Indemnity does not exist.  Given the burden on the Plaintiff to establish all the elements necessary for recovery, Plaintiff will never be able to

establish these elements nor a *prima facie* case without a contract binding both parties. Moreover, if a contract does not exist, it precludes Plaintiff from asserting any contractual obligations, or specific policy provisions, Allstate Indemnity hypothetically could have breached. *See Louque v. Allstate Ins. Co.*, 314 F. 3d 776, 782 (5th Cir. 2002) (affirming dismissal of action pursuant to Fed. R. Civ. P. 12(b)(6) because "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision").

Moreover, it is a clear principle of Louisiana law that "the insured bears the burden of proving the existence of the policy and coverage." *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So.2d 916, 921, citing *Collins v. New Orleans Public Service, Inc.*, 234 So.2d 270, 272 (La.App. 4th Cir. 1970), *writ denied*, 236 So.2d 503 (1970). Obviously, then, an insured that cannot even prove the existence of an applicable insurance policy issued by the insurer it is suing cannot, as a matter of law, establish an element of its claim, and that claim fails as a matter of law. This principle plainly applies here, where there can be no dispute that Allstate Indemnity never issued a policy of homeowner insurance to Plaintiff.

Accordingly, this Court should dismiss Plaintiff's Petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## **CONCLUSION**

For all the foregoing reasons, this Court should grant Defendant Allstate Indemnity Company's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,


*/s/ Gregory J. Schwab*
**GREGORY J. SCHWAB #21075**
423 Goode Street
Houma, Louisiana 70360
Telephone:  (985) 223-4457
Facsimile:   (985) 851-5051
E-mail: gjschwab@exceedtech.net
Attorney for Allstate


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, postage paid and properly addressed this 25th day of July, 2008.

*/s/ Gregory J. Schwab*
**GREGORY J. SCHWAB**