UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO. 05-4182 (K)(2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKINSON |
| §  §  § | | |
| PERTAINS TO: INSURANCE § | | |
| *Murdock v. La. Citizens and State Farm*  07-4784 § | | |
| § | | |

OPPOSITION TO ENTRY OF JUDGMENT PURSUANT
TO THE COURT'S POST-SHER CASE MANAGEMENT ORDER
*************************************************************************

**MAY IT PLEASE THE COURT:**

William and Paula Murdock oppose State Farm's Motion for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order for the reasons set forth more fully below.

The complaint at bar arose from damages caused by Hurricane Katrina and the failure of William and Paula Murdock's homeowners' insurance policy to fully compensate them for damages caused by Hurricane Katrina.

Plaintiffs respectfully suggest that it was the intent of their complaint to make a claim for all unpaid damages caused by Hurricane Katrina. While a portion of the complaint details information about the flooding of New Orleans, post-Katrina, the complaint makes allegations regarding all

1

Katrina damages, including those causing by wind, sufficient to survive dismissal of the entire case.

## LAW AND ARGUMENT

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short, plain statement of the claim showing that the complainant is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must provide the defendant with notice of the claim and the grounds upon which it rests. Swierkieqicz v. Sorema, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002).

Here, the complaint clearly points out that the Murdocks suffered damage from Hurricane Katrina and windstorms. The language is throughout the complaint and the Murdocks aver that the allegations made by State Farm in its Motion for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order to Dismiss clearly ignores all discussion of failure to pay their claims caused by windstorm. See Exhibit 1, Complaint of William and Paula Murdock.

The defendant had notice of the claim and the grounds upon which the Murdocks' complaint rests, thus the Motion to Dismiss must be denied. Additionally, the Murdocks made several other claims against State Farm such as breach of contract and failure to advise of the availability of flood insurance which warrant denial of the Motion to Dismiss.

Complainants also suggest that several pending motions before the Court have not been decided including a Motion for Reconsideration of the Post-Sher Insurance Case Management Order, and this Motion is premature.

## CONCLUSION

For the foregoing reasons, William and Paula Murdock respectfully request that this Court deny State Farm's Motion for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order.

2

Respectfully submitted,

/s/  Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr., #5486
D. Blayne Honeycutt, #18264
Wanda J. Edwards, #27448
FAYARD AND HONEYCUTT, APC
519 Florida Avenue, SW
Denham Springs, Louisiana  70726
Telephone:  225-664-4193
Facsimile: 225-664-6925

And

Peyton P. Murphy, #22125
MURPHY LAW FIRM
7035 Jefferson Highway
Baton Rouge, LA 70806
Telephone:  (225) 928-8800
Facsimile: 225-928-8802

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the captioned matter.

/s/  Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr.