UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG 28 PM 2: 24

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| WILLIAM MURDOCK and PAULA BATISTE MURDOCK | * | CIVIL ACTION NO. |
| Plaintiffs | * | SECTION " " ( ) |
| VERSUS | * | JUDGE 07-4784 |
| LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY COMPANY | * | SECT. K MAG. 2 |
| Defendants | * | MAGISTRATE |

*************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes **WILLIAM MURDOCK** and **PAULA BATISTE MURDOCK**, (Hereinafter "Policyholders"), who respectfully complain as follows:

I.

Made defendant herein is:

1. **LOUISIANA CITIZENS FAIR PLAN**, a foreign insurance company, authorized to do and doing business in the State of Louisiana, who has appointed Jay Dardenne, Secretary of State for the State of Louisiana as its agent for service of process and can be served at 8549 United Plaza Boulevard, Baton Rouge, Louisiana 70809; and

2. **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**, foreign insurance company, authorized to do and doing business in the State of Louisiana, who has appointed Jay Dardenne, Secretary of State for the State of Louisiana as its agent for service of process and can be served at 8549 United Plaza Boulevard, Baton Rouge, Louisiana 70809.

___ Fee $350
___ Process_____
_X_ Dktd_____
___ CtRmDep
___ Doc. No.

**EXHIBIT**
Murdock-1

II.

This Court has personal jurisdiction over **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** because it was transacting business in this District within the relevant time periods by way of selling insurance policies to Policyholder.

III.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** regularly transacts business in this District.

IV.

Policyholder seeks compensatory and punitive damages from **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** as a result of its wrongful conduct, as well as declaratory relief by the Court that:

a. The first efficient proximate cause of the losses suffered by Policyholder on August 29, 2005 was "windstorm," a covered peril under the insurance policy purchased by Policyholder, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policy;

b. The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere was *acts of negligence*, standard covered perils in LOUISIANA CITIZENS FAIR PLAN's homeowner insurance policy;

c. The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 29, 2005 was "storm surge," a known meteorological phenomenon that is not specifically excluded by 's insurance policy, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policy;

    d.    The breaking or failure of levees or boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by LOUISIANA CITIZENS FAIR PLAN's insurance policy, in contrast to other insurance policies available in the market; and

    e.    The damage caused by water entering the City of New Orleans and surrounding parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the common and approved definition of "flood," nor within the subject insurance policy's exclusions of "flood."

## FACTUAL BACKGROUND

### V.

At all pertinent times, Policyholder owned immovable property with improvements and personal property located at 5884 Old Gentilly Road, New Orleans, Louisiana 70126 and 5886 Old Gentilly Road, New Orleans, Louisiana 70126.

### VI.

Policyholder purchased a homeowner's insurance policy (the "All Risk Policy") from **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY's** .

### VII.

Policyholder purchased the policy with the reasonable expectation that they would be able to recover for any and all losses caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and "storm surge" proximately caused by hurricane wind.

VIII.

At no time did **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** specifically exclude from coverage the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's advanced knowledge of the fragility of the New Orleans area levee systems and the topography of the Greater New Orleans Metropolitan Area.

IX.

Policyholder trusted and relied upon **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their Policy would cover any and all hurricane damage.

X.

The amount of insurance coverage for the Policyholder was based on the estimated cost of replacing the home, an amount established by **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** or an agent authorized by them to determine the replacement cost of each individual home.

XI.

At all times relevant hereto, Policyholder made timely payment of the premiums due on their All Risk Policy, which was in full force and effect at the time of their loss.

XII.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Grande Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

XIII.

As a result of the effects of Hurricane Katrina on the New Orleans region, Policyholder had substantial damage to their home and the contents of their home were destroyed.

XIV.

Based upon information and belief, Policyholder avers that any damages attributable to the levee failures are the result of improper or negligent design, construction, maintenance of the levees by various third parties and/ or third party negligence.

XV.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina and its aftermath, Policyholder instituted a claim for loss pursuant to their insurance policy.

XVI.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** continuously utilized dilatory tactics leading to substantial delays in adjusting Policyholder claims.

XVII.

Additionally, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** refused to adequately adjust the claims and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

## COUNT I

## DECLARATORY JUDGMENT

XVIII.

Policyholder repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XIX.

An actual controversy exists between Policyholder and **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** concerning **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s duty to indemnify Policyholder for her losses.

XX.

Consequently, under the circumstances, it is necessary and appropriate for the Court to declare Policyholder and **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's rights and duties under the Policy pursuant to 28 U.S.C. § 2201.

XXI.

The losses suffered by Policyholder as a result of Hurricane Katrina are covered losses under the respective All Risk Policy.

XXII.

Policyholder has attempted to give timely notification to **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** and made demands that **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** cover Policyholder's losses.

XXIII.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** is obligated by the terms and conditions of their All Risk Policy to indemnify Policyholder for their losses.

XXXIV.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** has refused to indemnify Policyholder for their losses and have denied coverage, in whole or in part, for the losses.

XXV.

Thus, Policyholder is entitled to a declaratory judgment that the damages they suffered are covered losses under the All Risk Policy.

XXVI.

Specifically, Policyholder losses were caused by covered perils, the efficient causes of their losses were covered perils and the efficient and proximate causes of loss were covered perils.

XXVII.

Further, to give the "flood" exclusions a broad reading and thus disallow the coverage for the damages arising from this catastrophic disaster, which occurred despite the vast and expansive levees existing in the greater New Orleans area, would contravene the very purpose of homeowner's policies.

XXVIII.

The reasonable expectations of Louisiana policyholders is that "flood" encompasses overflowing of the Mississippi River or other body of water, accumulation of surface water due to heavy rainfalls, or similar phenomena, but not the unnatural event of the failure of virtually all man-made water containment structure surrounding the New Orleans Metropolitan Area due to negligent conduct beyond the policyholders' control.

XXIX.

Finally, Policyholder should not be deprived of the coverage of the All Risk Policy where **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** has drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** should have specifically excluded hurricane damage and/or the failure of levees as the most probable perils for the New Orleans Metropolitan Area. Instead, **LOUISIANA CITIZENS FAIR PLAN and STATE**

FARM FIRE AND CASUALTY INSURANCE COMPANY decided to sell the same comprehensive All-Risk Homeowners Insurance Policy that they sell in the "high and dry" plains throughout the United States.

XXX.

While **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** may continue to make investment income during the course of any protracted legal proceedings, Policyholder, on the other hand, has little recourse but to sit idly by awaiting a decision, all the while being unable to begin reconstruction or renovation of their homes until they have the money to pay contractors.

XXXI.

As a result, without resolution of this issue by declaratory judgment, Policyholder, in most instances, will be unable to remedy the damages they fully expected were covered by their All Risk Policy.

WHEREFORE, Policyholder respectfully requests that this Court enter a declaratory judgment in their favor and against **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** as to Count I, ordering and decreeing that:

(1) The first efficient proximate cause of the losses suffered by Policyholder on August 29, 2005 was "windstorm," a covered peril under the insurance policy purchased by Policyholder, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policy;

(2) The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere, was *acts of negligence*, standard covered perils in **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s homeowners insurance policy;

(3) The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 was "storm surge," a known meteorological phenomenon that is not specifically excluded **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s's insurance policy, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

(4) The breaking or failure of boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s insurance policy, in contrast to other insurance policies available in the market; and

(5) The damage caused by water entering the City of New Orleans and adjoining parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere, neither falls within the common and approved definition of "flood," nor within the subject insurance policy's exclusions of "flood."

## COUNT II.

## LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY's FAILED TO PROPERLY ADVISE Policyholder OF THE AVAILABILITY OF FLOOD INSURANCE

### XXXII.

In 1956, Congress enacted the Federal Flood Insurance Act. The National Flood Insurance Act, as amended in 1968, is now the seminal authority for the current National Flood Insurance Program ("NFIP"). Congress created the NFIP to provide insurance coverage for property located in flood plain areas where the risk of certain natural or seasonal flooding is increased.

### XXXIII.

The NFIP provides a minimum level of insurance for the peril of natural or seasonal flooding with a cap of $250,000 per property. 42 U.S.C. § 4121(a)(1).

### XXXIV.

Since the inception of the NFIP, the insurance industry has been willing to sell insurance in excess to the minimal level of coverage provided by the NFIP. Thus, the availability of additional flood insurance was known to and sold by **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s at the time it sold its All Risk Policy to Policyholder.

### XXXV.

Despite this knowledge, at no time prior to August 29, 2005 did **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s advise Policyholder that - contrary to their representations - their true intent was not to cover damage or loss caused by hurricanes that may involve damage, in part, from water beyond the NFIP limit, and that

their home may accordingly be grossly under-insured, or that additional coverage could be purchased in excess of the NFIP limit.

### XXXVI.

Policyholder was not adequately advised of the scope and availability of flood insurance under the National Flood Insurance Program by **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's .

## COUNT III

## BREACH OF CONTRACT

### XXXVII.

Policyholder repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

### XXXVIII.

A valid contract exists between Policyholder and **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's in the form of the All Risk Policy, which obligates **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms.

### XXXIX.

Policyholder paid all premiums due under their All Risk Policy and materially performed their obligations under that policy.

XL.

Upon proper and repeated demands by Policyholder **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** has refused to meet its obligations under the All Risk Policy and refused to pay the full extent of damages sustained by Policyholder home asa result of being destroyed or damaged by the efficient proximate cause of windstorms.

XLI.

As a direct and proximate result of the breach by **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's**, Policyholder was deprived of the benefit of insurance coverage for which **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** was paid substantial premiums and, accordingly, Policyholder has suffered substantial damages.

XLII.

Policyholder avers that **LOUISIANA CITIZENS FAIR PLAN and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** negligently failed to exercise reasonable care in fulfilling its duties to Policyholder, more particularly, but not limited to:

1). Failing to initiate loss adjustment of a claim after notification of loss;
2). Failing to promptly and adequately adjust the claims presented;
3). Provide an initial tender of payment at prices falling below regional commercial standards;
4). Failing to make complete payment after receipt of satisfactory proofs of loss of that claim;
5). Failing to fulfill the terms and conditions of the insurance contract at issue;
6). Failing to exercise reasonable care in the supervision of subordinates and employees;
7). Failing to exercise reasonable care;

8). Breach of express and implied warranties; and

9). Any and all other acts of negligence to be proven at trial.

XLIII.

As a result of the above referenced conduct, Policyholder has sustained damages in the following non exclusive ways:

1. loss of personal property and property value;
2. inconvenience;
3. loss of use of property;
4. loss of income;
5. loss of profits;
6. loss of business opportunity;
7. as well as other damages to be proven at trial.

WHEREFORE, Policyholder demands judgment against **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's for all amounts due under the All Risk Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

### COUNT IV
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

XLIV.

Policyholder repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XLV.

By selling its All Risk Policy to Policyholder, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's assumed a duty of good faith and fair dealing to Policyholder, including an obligation to promptly indemnify Policyholder for the losses.

XLVI.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's has failed to follow Louisiana's long-standing efficient proximate cause doctrine and has instead adopted an industry-wide approach to denying valid claims for inappropriate reasons.

XLVII.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's has continuously denied coverage for Policyholder losses by equating the efficient proximate cause of windstorm and the negligent design, construction and maintenance of the New Orleans area levees and/or third party negligence with flooding.

XLVIII.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's has continuously denied coverage for claims by equating "storm surge" with flood, thereby improperly expanding the flood exclusion and ignoring the reasonable expectation of Louisiana policy holders.

XLIX.

Moreover, upon information and belief, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's directed its adjusters to follow specific "guidelines" whereby the adjusters would arbitrarily, capriciously and without probable cause, find a nearby waterline and apply it to Policyholder property in order to deny full payment of Policyholder claims.

L.

Upon information and belief,**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's further directed its adjusters to ignore all other information and evidence and, instead, to use only the procedure and guidelines mandated by them, specifically; the arbitrary application of any nearby waterline to Policyholder property.

LI.

By engaging in all of the conduct above, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's lacks an arguable or legitimate basis for refusing to pay the Policyholder claims.

LII.

In directing its adjusters to undertake the ongoing practice of ignoring any information or evidence other than the arbitrary and capricious application of any nearby waterline, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's violated La. Rev. Stat. Ann. § 658.2(A)(1) which provides that "[n]o insurer shall use the floodwater mark on a covered structure without considering other evidence, when

determining whether a loss is covered or not covered under a homeowners' insurance policy."

LIII.

By engaging in the conduct described above, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s has violated the duties of good faith and fair dealing owed to Policyholder.

LIV.

Moreover, by engaging in the conduct above, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Policyholder rights so as to warrant the imposition of punitive damages against **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s.

LV.

Additionally, Policyholder contends that **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**'s has been arbitrary and capricious in the adjustment and handling of this claim pursuant to Louisiana Revised Statute 22:658.

LVI.

Policyholder further contends that the actions of **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** were arbitrary and capricious and violated the duty to deal with Policyholder in good faith in failing to make a reasonable effort to settle its claim pursuant to La. R.S. 22:1220.

LVII.

Pursuant to La. Rev. Stat. Ann. § 22:1220(A), **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** owes Policyholder a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Policyholder.

LVIII.

La. Rev. Stat. Ann. § 22:1220(B) prohibits **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim ... when such failure is arbitrary, capricious or without probable cause."

LIX.

**LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY 's** has misrepresented the coverage afforded by its insurance policy provisions by wrongfully and without a legitimate basis seeking to have the "flood" exclusions given a broad reading in an effort to disallow coverage for the damages arising from Hurricane Katrina.

LX.

As such, **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

LXI.

By engaging in all of the above conduct **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:1220.

LXII.

As a direct and proximate result of the **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** 's bad faith actions, Policyholder has suffered, and will continue to suffer, substantial damages.

LXIII.

Policyholder hereby demands trial by jury on all issues so triable.

WHEREFORE, Policyholder prays that the defendant **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** be duly served and cited to appear and answer the Complaint, and for trial by jury; and that after due proceedings, that there be judgment in favor of Policyholder and against **LOUISIANA CITIZENS FAIR PLAN** and **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** for damages as are reasonable in the premises with legal interest thereon from date of judicial demand and for all costs of these proceedings, and all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted:

Calvin C. Fayard, Jr. (La. Bar Roll #5486)
D. Blayne Honeycutt (La. Bar Roll #18264)
Wanda J. Edwards (La. Bar Roll #27448)
FAYARD & HONEYCUTT, APC
519 Florida Avenue SW
Denham Springs, LA 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925

And

Peyton P. Murphy (La Bar Roll #22125)
MURPHY LAW FIRM
7035 Jefferson Highway
Baton Rouge, LA 70809
Telephone: (225) 928-8800
Facsimile: (225) 928-8802