# HILL RIVKINS

## HILL RIVKINS & HAYDEN LLP

45 Broadway, Suite 1500, New York, NY 10006-3739
Tel: 212 669-0600   Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

July 15, 2008

**BY HAND**
The Honorable Charles S. Haight
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *American Steamship Owners Mutual Protection &*
> *Indemnity Assoc., Inc. v. Lafarge North America Inc.,*
> **Index No. 06-CV-3123 (CSH)**
> Our File No.: 29089-1-RGC/JJS
>
> *The Northern Assurance Company of*
> *America and American Home Assurance*
> *Company v. Lafarge North America, Inc., etc.*
> **08 Civ. 03289 (CSH)**
> Our File No: 29089-3-RGC/JJS
>
> *New York Marine & General Insurance Co. v.*
> *Lafarge North America, Inc.*
> **Index No. 05-CV-9612 (CSH)**
> Our File No.: 29089-RGC/JJS

Dear Judge Haight:

We represent Lafarge North America Inc. ("LNA"), a defendant in each of the above captioned matters. We write to advise the Court of certain recent developments in the underlying litigation in the Eastern District of Louisiana that gives rise to these coverage actions.

As the Court is aware, the three coverage actions before the Court arise from the breakaway of barge ING 4727, which was moored at LNA's terminal in New Orleans at the time Hurricane Katrina hit that city. The barge eventually came to rest on the land side of the levee separating the Inner Harbor Navigation Canal from the Lower Ninth Ward of New Orleans. Since the catastrophic flooding, thousands of claimants have asserted claims against LNA, among others, for property damage, personal injury, wrongful death, business losses, etc. Eventually, the litigation was expanded to include


EXHIBIT 4

NEW JERSEY
75 North Broadway
South Amboy, NJ 08879-1638
Tel: 732 838-0300  Fax: 732 316-2365
e-mail: thefirm@hillrivkins.com

TEXAS
712 Main Street, Suite 1515
Houston, TX 77002-3209
Tel: 713 222-1515  Fax: 713 222-1359
e-mail: thefirm@hillrivkins.com

CONNECTICUT
60 Quarry Dock Road
Branford, CT 06405-4654
Tel: 203 315-9274  Fax: 203 315-9264
e-mail: thefirm@hillrivkins.com

CALIFORNIA
Hill Rivkins/Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628-5126
Tel: 916 535-0263  Fax: 916 535-0268
e-mail: thefirm@brnlaw.com

Hon. Charles S. Haight, U.S.D.J.
July 15, 2008
-Page 2-

the insurer-plaintiffs in these actions, each of whom issued liability policies to LNA, under Louisiana's direct action statute.

All actions arising from the breakaway of barge ING 4727, including the direct actions complaints, were originally before Chief Judge Berrigan of the Eastern District of Louisiana (collectively "the Barge Litigation"), while the remainder of the cases arising from the flooding of New Orleans were before Judge Duval of that court. In the fall of 2007, Chief Judge Berrigan issued an order reassigning the Barge Litigation to Judge Duval, with the exception of limitation proceedings commenced by certain tug operators and by Ingram Barge Co., the owner of ING 4727. Chief Judge Berrigan has since conducted trial on the limitation complaints, exonerating Ingram, while granting the petitions of the tug operators to limit their liability.

In late 2007, certain plaintiffs in the Barge Litigation made an application to Judge Duval for leave to file a motion for summary judgment against the American Club on their direct action claims. Judge Duval initially denied this application, on the grounds that a coverage decision from this court was expected shortly. At the request of the Barge Litigation plaintiffs, Judge Duval held a status conference on July 1, 2008, which the undersigned attended by telephone, to discuss whether he should revisit his earlier denial of leave to the plaintiffs to seek summary judgment against the American Club.

As a consequence of that status conference Judge Duval issued a minute entry on that date, a copy of which is enclosed. As set out in the document, Judge Duval directed the plaintiffs to submit a memorandum by July 14, 2008, outlining their position as to why he should consider their anticipated motion for summary judgment. In addition, LNA and the American Club have been directed to submit their respective positions by July 28, 2008.

At this time, we expect that LNA will join in the request of the Barge Litigation plaintiffs that Judge Duval grant leave for those plaintiffs to file their motions for summary judgment, consistent with the position LNA set out in its earlier motion in the action before this Court that the matter be transferred to the Eastern District of Louisiana. Among the concerns Your Honor expressed as key factor in the decision to not transfer the case was that "[j]udicial efficiency has a temporal component and mandates that the matter be decided at the *earliest* possible time. If I transfer this case to the Eastern District of Louisiana, the matter will not be decided at the earliest possible time." (emphasis in original).

At this time, it is very possible that Judge Duval will elect to decide the Barge Plaintiff's direct action claims against the American Club before this Court adjudicates the American Club's declaratory judgment complaint and LNA's counterclaims. Accordingly, we request on behalf of LNA a conference with the Court to address these

HILL RIVKINS

Hon. Charles S. Haight, U.S.D.J.
July 15, 2008
-Page 3-

developments and further proceedings in this matter.

Respectfully submitted,

HILL RIVKINS & HAYDEN LLP

Robert G. Clyne

Enc.

cc: **Via e-mail**
John A.V. Nicoletti, Esq.
Nicoletti, Hornig, Campise & Sweeney

**Via e-mail**
John Woods, Esq.
Thacher Proffitt & Wood LLP

**Via e-mail**
David Fromm, Esq.
Brown Gavalas & Fromm LLP

29089\110 Judge Haight



**MINUTE ENTRY**
**DUVAL, J.**
**July 1, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>BARGE | SECTION "K"(2) |

Attending a status conference held this day concerning the issue of insurance coverage for Lafarge North America, Inc. ("LaFarge") and plaintiffs' direct action against LaFarge's insurer(s) were:

Brian Gilbert, Richard Seymour and Bill O'Neil for Plaintiffs;

Derek Walker and Robert Klein (by phone) for Lafarge North America, Inc.;

Gordon Grant, Philip Brooks and John Woods (by phone) for American Steamship Owners Mutual Protection and Indemnity Association; and

Daniel Webb for New York Marine & General Insurance Company.

The Court discussed the problems concerning plaintiffs' inability to pursue their claims directly against the American Steamship Owners Mutual Protection and Indemnity Association ("American Club") in this action in relation to the pending litigation in the Southern District of New York, *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. LaFarge North America, Inc.*, No. 06 Civ. 3123 (CSH). On November 9, 2007, the Court, as contemplated under Case Management Order No. 5. (Doc. 9100), refused leave for plaintiffs to file a Motion for Summary Judgment on the coverage issue based on the on-going New York litigation. Faced with the New York court's decision to eschew the First-to-File Rule and this

Court's understanding that a coverage decision would be swiftly forthcoming from the Court on coverage, for the sake of judicial economy, this Court decided to deny plaintiffs' the right to file a Motion for Summary Judgment on the issue.

Since then, this Court has set a July 13, 2009, trial date for all of the claims inherent in the BARGE litigation. In the New York litigation, there is presently no trial date set and dispositive motions, which are expected to be filed on this coverage issue, are to be filed by August 4, 2008 with briefing continuing through August 25, 2008. A pre-trial conference is then scheduled to be held four weeks from a decision on such motions, at which time a trial date will be set. In addition, it appears that the litigation in New York has blossomed with a number of ancillary issues that are threatening this present schedule in New York. As such, this Court is becoming increasingly concerned that the underlying reasoning for its decision to forego litigating the issue of coverage at this time in this litigation is evaporating and that the New York litigation and its schedule may have a negative impact on these proceedings.

To that end and after much discussion, the Court decided that it would allow the parties to brief the Court as to their respective positions concerning the filing by plaintiffs of a Rule 56 motion on coverage with respect to the American Club. Accordingly,

**IT IS ORDERED** that no later than July 14, 2008, plaintiffs shall file a memorandum outlining their arguments with respect to the efficacy and need for their being able to adjudicate the coverage issue vis-a-vis American Lines by motion at this time. This brief shall include the issue of issue preclusion and what effect, if any, that a New York ruling might have on the present litigation. In addition, plaintiffs' must address the issue of the efficacy of referring this matter at the appropriate time to the MDL panel. Also, the Court is concerned as to whether

2

plaintiffs intend to pursue only the American Club in this matter. Plaintiffs should inform the Court if they intend to sue or have sued any other insurer directly and the status of those claims.

**IT IS FURTHER ORDERED** that Lafarge and the insurance defendants shall respond with their respective positions no later than July 28, 2008. In such filing, the Court also requires an explanation of the insurance coverage issues pending or to be raised in all related cases in New York and a candid evaluation as to the effect of these suits on this litigation.

After these memoranda are filed, this Court will decide forthwith whether it will allow the Rule 56 motion be filed.

JS-10: 45 MINS.

3