

Thacher Proffitt & Wood LLP
Two World Financial Center
New York, NY  10281
212.912.7400

Fax: 212.912.7751
www.tpw.com

July 17, 2008

<u>By Hand</u>

Honorable Charles S. Haight
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1940
New York, New York 10007-1312

        Re:    (1) *Northern Assurance Co. of Amer., et al. v.*
                 *Lafarge North America, Inc., et al.* (08 Civ. 3289) – AND -
           (2) *New York Marine and General Insurance Co. v.*
                 *Lafarge North America, Inc.* (05 Civ. 9612 (CSH)) – AND -
           (3) *American Steamship Owners Mutual P&I Ass'n v.*
                 *Lafarge North America, Inc.* (06 Civ. 3123 (CSH))
                 <u>Our File No.:  20239-00002</u>

Dear Judge Haight:

        We represent the American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "American Club"), in each of the above matters, and we write in response to the letters to Your Honor of July 15, 2008 from opposing counsel Messrs. Hill Rivkins & Hayden and Messrs. Nicoletti Hornig & Sweeney. Those letters forwarded copies of a minute entry and a submission dated July 14, 2008 to Judge Duval by the Barge Litigation Plaintiffs in the consolidated New Orleans litigation entitled *In Re Katrina Canal Breaches Consolidated Litigation* (Civil Action No. 05-4182). We note that the letter of Messrs. Hill Rivkins & Hayden request a conference with the Court.

        As an initial matter, we are not certain what the purpose of such a conference would be, but, in any event, it appears that the request is premature for several reasons. First, we note that there are now pending before you several motions, some of which are fully briefed. These include motions to dismiss the Plaintiff Excess Insurer's action listed as no. (1) above, and a motion to stay that action. A ruling by Your Honor granting any of those motions would go a long way to curbing "the vexatious cluster of New York Consolidated [sic] Declaratory suits", which were cited by the Barge Litigation Plaintiffs as the reason for Judge Duval to now reconsider his decision to allow the American Club's coverage action (no. (3) above) to be decided in this Court first. Second, you will note that the submission by the Barge Plaintiffs to Judge Duval, which was forwarded to you by Messrs. Nicoletti Hornig & Sweeney, is to be responded to by the American Club and Lafarge no later than July 28, 2008. We believe Your

New York, NY        Washington, DC        White Plains, NY        Summit, NJ



EXHIBIT
5

Honorable Charles S. Haight
July 17, 2008

Honor should have the benefit of those responses (if not Judge Duval's ruling on the Barge Litigation Plaintiffs' requests) before holding any conference with the parties.[1] We will certainly be responding to the Barge Litigation Plaintiffs' outrageous and unfounded allegations that we somehow misled you with respect to the financial means of Defendant Lafarge North America, which was and still is one of the largest suppliers of concrete and building materials in the United States and Canada.

Finally, perhaps most importantly, Your Honor has set a deadline of August 4, 2008 for dispositive motions in the American Club's coverage action. It is the present intention of the American Club to file a motion for summary judgment in this action on or before that deadline. Accordingly, we do not agree with the statement by Messrs. Hill Rivkins in their letter to you of yesterday that it is very possible Judge Duval may decide the coverage question before it is adjudicated in this Court. After all, the Barge Plaintiffs in their submission to Judge Duval, have asked to be allowed to make a motion for summary judgment on or before January 15, 2009. Yet even that deadline seems unrealistic because, other than for the disclosure of the American Club's insurance documentation, there has been absolutely no discovery on the coverage issue in the New Orleans litigation. In this case, discovery is virtually complete, and the American Club believes it will be in a position to make a motion for summary judgment by the August 4, 2008 deadline for dispositive motions. Accordingly, this Court will have a dispositive motion before it more than five months before a similar filing in New Orleans, assuming Judge Duval reverses his original ruling and allows such a motion to be filed by the Barge Litigation Plaintiffs.

For the foregoing reasons, we believe therefore that the request by Lafarge for a conference in this matter should be held in abeyance pending the further relevant developments outlined above. We thank you for your kind consideration of this matter.

Respectfully submitted,

THACHER PROFFITT & WOOD LLP

By:     ORIGINAL SIGNED BY
        JOHN M. WOODS

cc (via Email):   John A.V. Nicoletti, Esq.
                  Robert G. Clyne, Esq.
                  John Sullivan, Esq.
                  David H . Fromm, Esq.

cc (by hand):   Anthony Pruzinksy, Esq.

---

[1]   We note that Messrs. Hill Rivkins & Hayden have indicated that Lafarge will respond by joining in the request of the Barge Litigation Plaintiffs that Judge Duval grant leave for those Plaintiffs to file their motion for summary judgment. This of course is not surprising, given that such a result would effectively allow Lafarge to circumvent Your Honor's ruling dated January 29, 2007, denying Lafarge's attempt to transfer the coverage case to New Orleans.