UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*            05-5531 | * | |
| *Mumford v. Ingram*         05-5724 | * | |
| *Lagarde v. Lafarge*          06-5342 | * | JUDGE |
| *Perry v. Ingram*               06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*            06-7516 | * | |
| *Parfait Family v. USA*      07-3500 | * * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF LAFARGE NORTH AMERICA INC.'S MOTION FOR A PROTECTIVE ORDER BARRING "TOPIC 23" IN PLAINTIFFS' AMENDED SECOND RULE 30(B)(6) DEPOSITION NOTICE**

On July 2, 2008, this Court (Magistrate Judge Wilkinson) granted in part the motion of defendant Lafarge North America Inc. ("LNA") for a protective order to prevent plaintiffs from the taking of a second Rule 30(b)(6) deposition of LNA. Doc. 13711. At the conclusion of that ruling, the Court declined plaintiffs' request that it rule on "Topic 23," which plaintiffs had belatedly tried to add to their second Rule 30(b)(6) deposition notice <u>after LNA had already filed its motion for a protective order</u>. Order at 3.

In this memorandum, LNA shows that the Court should issue a protective order barring plaintiffs from deposing LNA on Topic 23 in their second Rule 30(b)(6) deposition of LNA. Topic 23 seeks to depose LNA about a corporate stock purchase transaction that took place in early 2006, a shareholder lawsuit in Maryland state court concerning that corporate transaction, and LNA's SEC filings during 2006. The specific language is:

> Any and all facts and circumstances relevant to nature, timing, purpose, occurrence and effects of 2006 stock reacquisition, divestiture, merger, sale, acquisition of Lafarge North America, Inc., to, through and/or involving Efalar, Inc., Lafarge SA, Lafarge Group, Cementia Holding Company, Blue Circle North America; the owners, directors, structure, relationships and purposes of any and all of the foregoing; and any and all facts and circumstances surrounding and/or contained in Year 2006 SEC filings by any or all of the foregoing; purpose, intent and effects of any and all of the foregoing relative to this litigation and/or to any laws, statutes or regulations governing the afore described conduct; any and all facts and circumstances surrounding Rice et al. v. Lafarge North America Inc. et al., Civil Action 268974V, and consolidated cases, Circuit Court for Montgomery County, Maryland.

Doc. 13343 p. 6.  A copy of the amended deposition notice is Exhibit 1 hereto (Topic 23 is actually mis-numbered as the first Topic 22 on page 6 of the notice).

The Court should not permit a deposition on this topic because it is not relevant to any claim asserted in plaintiffs' complaint (or any defense in LNA's answer) and is therefore outside of the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).

As amended in 2000, Rule 26(b)(1) only discovery of information "that is relevant to any party's claim or defense."  As such, "[t]he scope of discovery" is "determined by the pleadings" (*Aetna Life Ins. Co. v. DFW Sleep Diagnostics Center*, No. 02-1335, 2004 U.S. Dist. LEXIS 3786, *8 n.1 (E.D. La. Mar. 28, 2004) (Berrigan, J.)) and is "confine[d] … to those claims and defenses asserted in the pleadings."[1]  As Your Honor has noted, this "new standard concerning the scope of discovery is <u>narrower</u> than the old, pre-2000, broader standard."  *BG Real Estate*

---

[1]  *Ehrlich v. Incorporated Village of Sea Cliff*, No. 04-4025, 2007 U.S. Dist. LEXIS 39824, *20 (E.D.N.Y. May 31, 2007); see also *Equal Rights Center v. Archstone-Smith Trust*, No. 04-3975, 2008 U.S. Dist. LEXIS 53000, *7-8 (D. Md. Feb. 7, 2008) (Gesner, M.J.) ("this language was intended to narrow the scope of discovery and limit it to the claims and defenses raised in the complaint"); *Burns v. American United Life Ins. Co.*, No. 05-466, 2006 U.S. Dist. LEXIS 46126 (S.D. Ill. Jul. 7, 2006) (the scope of discovery is … controlled by the issues raised in the complaint); *Grother v. Union Pacific RR*, No. 04-3279, 2006 U.S. Dist. LEXIS 38415, *35-36 (S.D. Tex. 2006) (plaintiff's "complaint circumscribed the scope of relevant discovery").

*Services, Inc. v. American Equity Ins. Co.*, No. 04-3408, 2005 U.S. Dist. LEXIS 10330, *4 (E.D. La. May 18, 2005) (Wilkinson, M.J.) (emphasis in original).

The subject addressed by Topic 23 – the 2006 share acquisition – is <u>completely and totally irrelevant</u> to the claims asserted in plaintiffs' complaints and to the defenses asserted in LNA's answers. The parties' claims and defenses concern a barge that had been moored at LNA's terminal prior to Hurricane Katrina. The plaintiffs assert tort claims relating to the barge. LNA asserts defenses based on the propriety of its actions relating to the barge and the absence of any causal link between the barge and any claimed injuries. A corporate stock repurchase, a state-court shareholder lawsuit, and SEC filings from 2006 have <u>absolutely nothing</u> to do with the claims asserted by the plaintiffs in these cases, or the defenses to liability asserted by LNA. Thus, under Rule 26(b)(1) and the authority cited above, Topic 23 is outside the scope of discovery and should not be allowed. See, *e.g.*, *Chen v. Imperial Buffet & Restaurant, Inc.*, No. 06-3459, 2007 U.S. Dist. LEXIS 78883, *5 (D.N.J. Oct. 23, 2007) (refusing to permit discovery on alter ego liability theory not pled in complaint because "Plaintiffs may not proceed to the discovery stage to support an allegation that does not exist in the pleadings").

Plaintiffs do not deny that Topic 23 has no connection to the claims and defenses asserted in the pleadings. Instead, plaintiffs argue that the 2006 corporate transaction is relevant to a potential "veil piercing" claim that they might bring against LNA's corporate parent. This argument is utterly meritless.

It is well settled that, under the current version of Rule 26(b)(1), "[p]arties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings." *In re REMEC, Inc.*, No. 04-1948, 2008 U.S. Dist. LEXIS 47412, * 5-6 (S.D. Cal. May 30, 2008) (Battaglia, M.J.); see also Advisory Committee Note to 2000 Amendment to Rule 26(b)(1) ("The

rule change … signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."). As such, plaintiffs have no right to discovery about a claim that admittedly is not in the pleadings.

Nor, for multiple reasons, can plaintiffs show good cause for this Court to broaden the scope of discovery to include that supposed potential veil piercing claim against LNA's parent.

First and foremost, that claim never can become part of these cases, because the Court-imposed deadline for adding parties to these cases expired on July 10, 2006 – <u>over two years ago</u>. See Doc. No. 199 in Case Nos. 05-4419 et al., at 3; see also Doc. No. 210 in Case Nos. 05-4419 et al, at 2. Because the corporate transaction was a matter of public record well before that date, plaintiffs will never be able to establish good cause for extending that long-lapsed deadline to add new parties. As such, there is no possibility that any purported veil-piercing claim against LNA's corporate parent will ever become a claim in these cases, as required for discovery under Rule 26(b)(1).

Second, "good cause" for expanding the scope of discovery to cover this subject is lacking because plaintiffs' theorized veil-piercing claim is extraordinarily premature and presumptuous. Veil piercing would not become relevant unless and until plaintiffs both (1) recovered a judgment against LNA and (2) were unable to collect on that judgment. Neither of those prerequisites has come to pass, of course, and there are powerful reasons to conclude that neither of them ever will. With respect to the merits, multiple independent studies have concluded that the barge did not breach the floodwall, thereby negating the causation element of plaintiffs claims – even apart from the other defects in plaintiffs' claims against LNA. And with respect to collection, plaintiffs cannot possibly satisfy the requirements for class certification, making the actual risk of an uncollectably large judgment against LNA even more remote.

Third, "good cause" does not exist because broadening discovery to cover this Topic would unnecessarily impose substantial burdens on LNA. The Court has already generously allowed plaintiffs to take a second Rule 30(b)(6) deposition of LNA on numerous subjects, even though plaintiffs failed to seek leave of court as required by Rule 30(a)(2)(A)(ii) and could have covered these subjects during the first deposition. Requiring LNA, in addition to preparing and producing one or more witnesses to testify on LNA's behalf about those various subjects, to also prepare and produce a witness to testify about the items listed in Topic 23, would be unduly burdensome in terms of time, the attention of LNA's employees and counsel, and money. Nor would it be a matter of just one deposition; instead, it promises to spawn still further tangential and extraneous discovery and other proceedings. Imposing those burdens on LNA would be even more particularly unwarranted because, if plaintiffs genuinely are interested in this Topic, information about the stock repurchase, the 2006 SEC filings, and the shareholder lawsuit is already available to plaintiffs from public sources.[2] And the absence of good cause is even more underscored by the fact that, even though information about the 2006 transaction has been public for years, plaintiffs undertook no written discovery on this subject, and now are effectively seeking documents and information on this after the close of written discovery through the artifice of a Rule 30(b)(6) deposition.

Finally, "good cause" does not exist because plaintiffs' fevered imagining that the 2006 transaction was undertaken in order to put assets beyond plaintiffs' reach is nonsense. For example, the Washington Post reported at the time that the acquisition of LNA's remaining outstanding shares was being undertaken by its parent company for obviously sound financial reasons – reasons having nothing whatsoever to do with the Katrina litigation. See Exhibit 2 hereto.

---

[2] For example, LNA's Schedule 14D-9 dated March 6, 2006, which described the planned stock acquisition, is available at http://www.secinfo.com/dsvRq.vVy.htm), and the complaint in *Rice v. LNA*, the shareholder action

## CONCLUSION

LNA's motion for a protective order notice should be granted as to the new Topic 23 in the amended second Rule 30(b)(6) deposition notice.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

 /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

### Certificate of Service

I do hereby certify that I have on this 29th day of July, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock

---

referenced in plaintiffs' notice, was attached to this March 2006 SEC filing as Exhibit 99(a)(14).