# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES        CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO: BARGE                   SECTION "K" (2)

| | |
|---|---|
| Boutte v. Lafarge | 05-5531 |
| Mumford v. Ingram | 05-5724 |
| Lagarde v. Lafarge | 06-5342 |
| Perry v. Ingram | 06-6299 |
| Benoit v. Lafarge | 06-7516 |
| Parfait Family v. USA | 07-3500 |
| Lafarge v. USA | 07-5178 |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Lafarge North America, Inc.'s Motion for Protective Order with Respect to Plaintiffs' Notice of Proposed FRCP 30(b)(6) Deposition of Lafarge North America, Inc., Record Doc. No. 13280

O R D E R E D:

XXX : DISMISSED AS MOOT IN PART, GRANTED IN PART AND DENIED IN PART, as follows. The motion is dismissed as moot in part as to Topics Nos. 5, 13, 14 and 19. Plaintiffs state in their opposition memorandum that they have "suspended" these four topics pending resolution of their appeal to Judge Duval of my prior order concerning Lafarge North America, Inc.'s work product privilege. Plaintiffs also state that Topic No. 15 is suspended in part because Lafarge has already produced all clocks and timepieces in its possession. Thus, Lafarge's motion is moot in part insofar as Topic No. 15 seeks such items.

The motion is granted as to Topics Nos. 1(a), 1(b), 1(c), 1(d), 2, 3, 5(second)[1], 6, 10(a), 10(b), 10(c), 11, 12(a), 12(b), 20 and 21 of plaintiffs' second Fed. R. Civ. P. 30(b)(6) deposition notice to Lafarge. These topics are virtually identical and/or substantially similar to Topics Nos. 3, 4, 9, 10, 14, 16, 22, 23, 24, 30, 31 and 32 of plaintiffs' first Fed. R. Civ. P. 30(b)(6) notice of deposition of Lafarge. Examination concerning these topics was permitted in an earlier phase of discovery in these cases by the court's order of October 25, 2006 in Civil Action No. 05-4419, Record Doc. No. 317, and the deposition was conducted on November 10, 2006. Thus, plaintiffs already have had ample opportunity to obtain through deposition testimony the information sought in this second Rule 30(b)(6) deposition, and another deposition on these topics would be unreasonably cumulative or duplicative of the earlier deposition. Fed. R. Civ. P. 26(b)(2)(C)(i), (ii). No further Rule 30(b)(6) deposition testimony will be permitted as to these topics.

The motion is denied in part as to Topic No. 4. To the extent that this topic seeks (1) oral communications made by Lafarge to governmental and/or investigative agencies and (2) any communications by Lafarge to the parties in the Robinson and/or MRGO litigation, Topic No. 4 is not duplicative of previous topics. The motion is granted in all other respects as to this topic, which is otherwise duplicative of previous Topics Nos. 23 and 31.

The motion is granted in part insofar as Topic No. 15 concerns personal property other than clocks and timepieces. Lafarge states again in its memorandum, as it and/or its investigators have previously done in affidavit form, that its investigators obtained no other personal property from the Lower Ninth Ward.

Defendant's motion is granted in part and denied in part as to Topic No. 16. The motion is granted to the extent that Topic No. 16 seeks communications by Lafarge and its agents concerning any transaction or compromise with the Murphs (including the sale and purchase of 1739 Jourdan Avenue and 105 Berkley Drive). The court has ruled that limited discovery will be allowed concerning this topic, and the limited discovery has already occurred. However, the motion is denied as to communications by Lafarge and its agents with the listed persons concerning the movement of the Barge ING 4727, which was not the subject of prior deposition topics. This portion of Topic No. 16 remains subject to the court's prior rulings concerning Lafarge's work product privilege.

Lafarge's motion is granted in part and denied in part as to Topic No. 18. The motion is denied to the extent that this topic seeks information concerning any claims or

---

[1] Plaintiffs' deposition notice mistakenly contains two successive topics numbered 5.

controversies arising out of Lafarge's insurance coverage, which was not included in plaintiffs' first Rule 30(b)(6) deposition notice. The motion is granted as to the remainder of the topic, which is duplicative of previous Topic No. 28.

Defendant's motion is also granted as to Topics Nos. 17(e) and 22 of plaintiffs' second Rule 30(b)(6) deposition notice to Lafarge. These topics are worded so broadly, vaguely and ambiguously that they fail to "describe with reasonable particularity the matters for examination," as required by Rule 30(b)(6). In addition, Topic No. 22 is duplicative of previous Topic No. 45, as to which the court previously sustained all objections and granted Lafarge's prior motion for protective order.

However, Lafarge's request for its costs incurred in seeking another protective order regarding plaintiffs' inclusion of Topic No. 22 is denied. Defendant's allegation of plaintiffs' bad faith in including this repetitive topic in its current Notice of Deposition is unsupported.

The motion is denied as to Topics Nos. 7, 8, 9, 10(d), 10(e), 17(a), 17(b), 17(c) and 17(d) of plaintiffs' second Rule 30(b)(6) deposition notice to Lafarge. These topics were not the subject of the previous deposition notice. The fact that Lafarge may have provided answers to interrogatories and/or responses to requests for production concerning substantially similar or even identical topics does not preclude plaintiffs from making use of the more searching discovery device provided in the deposition format to obtain explanations or more detailed information concerning Lafarge's answers to interrogatories and/or documents previously provided. Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2163, at p. 220 (2d ed. 1994). No Rule 30(b)(5) notice accompanies this request, and no additional materials need be produced at the deposition, except as might otherwise be required from Lafarge concerning previous discovery requests, pursuant to Fed. R. Civ. P. 26(e). Plaintiffs must identify each geographic area about which they seek testimony in Topic No. 10(d).

In their opposition memorandum, plaintiffs seek a ruling concerning a new Topic No. 23 that they say was recently included in an amended Proposed Rule 30(b)(6) Notice of Deposition. No such topic number exists in the Notice of Deposition attached to Lafarge's motion and Lafarge has not briefed any argument concerning such a topic. Plaintiffs have neither attached a copy of the amended notice nor quoted the new topic in their memorandum. Thus, the court has no knowledge of the content of the proposed amended topic. Accordingly, the court does not address plaintiffs' request, and Lafarge need designate no witness concerning this topic at this time.

Lafarge must designate one or more witnesses to provide deposition testimony consistent with this order at a mutually convenient time, date and place, which counsel must arrange as soon as possible.

New Orleans, Louisiana, this __2nd__ day of July, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

4