# EXHIBIT 2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | CIVIL ACTION |
| COMPLAINT OF INGRAM BARGE | * | |
| COMPANY, AS OWNER OF THE | * | NO. 05-4419 |
| ING4727, PETITIONING FOR | * | C/W 05-4237 |
| EXONERATION FROM OR | * | C/W 05-5531 |
| LIMITATION OF LIABILITY | * | C/W 05-5724 |
| | * | SECTION "C" (2) |
| | * | |
| | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAG. JUDGE JOSEPH C. |
| | * | WILKENSON, JR. |

## NOTICE OF PROPOSED FRCP 30(b)(6) DEPOSITION AND RECORDS DEPOSITION

TO:

Robert B. Fisher, Jr. Esq.
Derek A. Walker, Esq.
Thomas D. Forbes, Esq.
Chaffe McCall, LLP
1100 Poydras Street
New Orleans, LA 70163

Daniel A. Webb, Esq.
Sutterfield and Webb, LLC
650 Poydras Street
Suite 2715
New Orleans, LA 70130

John D. Aldock, Esq.
Mark Raffman, Esq.
Goodwin Proctor, LLP
901 New York Avenue
Washington, D.C. 20001

Sherman G. Fendler, Esq.
Brett D. Wise, Esq.
David W. Leefe, Esq.
Don K. Haycaft, Esq.
Liskow & Lewis
701 Poydras Street, 50th Floor
New Orleans, LA 70139

A. Gordon Grant, Jr. Esq.
Phillip S. Brooks, Esq.
Montgomery, Barnett, Brown, Read,
Hammond, & Mintz
1100 Poydras Street
New Orleans, LA 70163



EXHIBIT

A

John F. Emmett, Esq.
Emmet, Cobb, Waits, & Henning
Suite 1950
1515 Poydras Street
New Orleans, LA 70112

Robin D. Smith, Esq.
Peter D. Keisler, Esq.
Phyllis J. Figley, Esq.
Torts Branch, U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Rufus C. Harris, III, Esq.
Harris & Ruffy, LLC
650 Poydras Street
Suite 2710
New Orleans, LA 70130

Peter G. Myer, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington D.C. 20044-4271

**YOU ARE HEREBY NOTIFIED** that counsel for plaintiffs Ethel Mumford, et al, The

Parfait Family, et al, Marie Benoit, et al, and Blair Boutte, et al (Group A) will conduct the FRCP

30(b)(6) deposition of the following named organization, under oath, before a court reporter or other

person authorized to administer oaths, at the place, date and time stated below, to continue from day

to day until concluded. The organization subject to deposition is to designate one or more persons

with knowledge in order to render testimony concerning the topics enumerated below.

The organization is also directed to produce at the office of Wiedemann & Wiedemann, 821

Barrone Street, New Orleans, LA 70113 the items described on the attached *30(b) (5) notice*, at least

seven days in advance of the date on which testimony is scheduled to occur.

You are invited to attend and participate as is appropriate according to law.

ORGANIZATIONAL DEPONENT: LAFARGE NORTH AMERICA, Inc. THROUGH
IT'S COUNSEL, John D. Aldock, Esq.
Goodwin Proctor, LLP, 901 New York Avenue
Washington, D.C. 20001

DATE, TIME: OCTOBER 12, 2006 AT 9:00 a.m.

LOCATION: 821 BARONNE STREET, NEW ORLEANS, LA 70113

## TOPICS

1. The identities and whereabouts of any and all of Ingram Barge's managing or other agents, officers, supervising or other employees, personnel and/or representatives having any control or authority whatsoever over the custody, use, care, storage, mooring, berthing, handling, charter, navigation and/or movement of ING 4727 from August 22, 2005 through August 29, 2005;

2. The point(s) of origin of ING 4727 and its movements leading to its delivery to/at the Industrial Canal Lafarge facility;

3. Any and all circumstances by which Ingram Barge/Lafarge/Domino/Unique Towing acquired knowledge of the weather disturbance eventually named Katrina, including but not limited to how, when and where said knowledge was first acquired, by whom it was acquired, and how, when, where, and by whom additional or subsequent knowledge of said weather was acquired by Ingram, as well as the substance of the knowledge acquired;

4. Any and all measures and preparations which Ingram Barge/Lafarge/Domino/Unique/owing undertook, ordered, directed, requested, arranged, or of which Ingram had knowledge or anticipation, and/or about which Ingram Barge/Lafarge/Domino/Unique/Towing inquired, to move, remove, prepare or secure ING 4727 for Katrina, including but not limited to the dates, times and substance of said activities, by whom they were taken and/or at whose direction they occurred, and any and all reasons therefor;

5. Nature, location, capacity, availability, purpose and description of any and all barge or other fleet points available to Ingram Barge/Lafarge/Domino/Unique Towing within a 50 mile radius of the Industrial Canal;

6. The identities and owners of any and all barges fleeted during or because of Katrina at fleet points referenced above;

7. The identities and owners of any and all vessels in or on the Industrial Canal from August 26, 2005 through August 29, 2005 capable of serving as a power unit for ING 4727, and/or capable of maintaining the position of ING 4727 in its berth at Lafarge;

8. The existence, nature, contents, custodian(s) and timing of any and all written, verbal, electronic, email and/or other communications between Ingram Barge/Lafarge/Domino/Unique Towing and any other entity or person, and/or within the Ingram organization, and/or within the Lafarge and/or Unique Towing (Joe Domino) organizations, concerning ING 4727 from August 22, 2005 through August 29, 2005, including but not limited to the participants in such communications, identities and whereabouts of persons with knowledge of such communications;

9. Any and all knowledge Ingram Barge/Lafarge/Domino/Unique Towing had/has of the

mooring methods and equipment used to tie ING 4727 from August 26, 2005 through August 29, 2005, including but not limited to the substance of such knowledge, how and when and by whom acquired;

10.   Any and all knowledge Ingram Barge/Lafarge/Domino/Unique Towing had/has of ING 4727's escape from its berth at Lafarge during the effects of Katrina, including but not limited to the substance of such knowledge, how and when and by whom acquired;

11.   Any and all measures taken, ordered, requested, arranged or anticipated by Ingram Barge/Lafarge/Domino/Unique Towing in response to knowledge, if any, that ING 4727 had escaped from its berth at Lafarge during the effects of Katrina;

12.   Knowledge of the physical and dynamic characteristics of ING 4727 when unloaded and subject simultaneously to hurricane force wind and rising water and/or storm surge;

13.   Knowledge of the sufficiency or adequacy of methods used to moor and/or tie ING 4727 in advance of the arrival of Katrina;

14.   Any and all inquiry(ies) made by Ingram Barge/Lafarge/Domino/Unique Towing from August 22, 2005 through August 29, 2005 regarding Katrina, its strength, direction, position, forecasts and effects;

15.   Any and all inquiry(ies) made by Ingram Barge/Lafarge/Domino/Unique Towing from August 22, 2005 through August 29, 2005 regarding ING 4727, its status, position, location, seaworthiness, fitness for Katrina, potential hazards it presented, physical and/or dynamic characteristics when unloaded and subject simultaneously to hurricane force wind and rising water and/or storm surge, and/or measures available to minimize risk of hazards it presented;

16.   Existence, nature, contents and custodian(s) of any and all written or other policies, standards, manuals, guidelines, regulations, instructions, training materials, memoranda, bulletins, correspondence and other communications and/or publications possessed by, used by,        implemented   by,   consulted   by,   and/or   available   to   Ingram Barge/Lafarge/Domino/Unique Towing from August 26, 2005 through August 29, 2005 concerning (a)the advisability, feasibility and/or procedure for securing, sinking, ballasting, anchoring, moving of a barge from/in an inland waterway, specifically including but not limited to ING 4727, under threat of hurricane; and/or (b) the seaworthiness of a barge, specifically including but not limited to ING 4727, while under threat of hurricane;

17.   Identities and whereabouts of any and all shoreside personnel present at the Lafarge facility from August 22, 2005 through August 29, 2005 with any knowledge of ING 4727's movements, moorings, mission, charter, and/or of any and all measures and/or decisions undertaken with respect to the approach and/or effects of Katrina;

18.   Identities and whereabouts of any and all personnel assigned or called upon to man or crew or moor or move ING 4727 from August 22, 2005 through August 29, 2005;

19.     The nature and identity of any and all cargo carried by ING 4727 to Lafarge from August 22, 2005 through August 29, 2005, and the identities and whereabouts of any and all persons with knowledge thereof;

20.     Any and all inspections of ING 4727, its moorings, structure, hull, interior, appurtenances, superstructure, hatches, ports, cleats, parts, hardware, berth, and/or exterior in anticipation of and/or during Katrina, including the timing, extent and identities and whereabouts of any and all participants in such inspection;

21.     The existence, nature, contents and custodian(s) of any and all maintenance and inspection records for ING 4727;

22.     The existence, nature, contents and custodian(s) of any and all accident and/or incident reports describing occurrences in which ING 4727 was involved, during Katrina, and otherwise;

23.     The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;

24.     The existence, nature, contents and custodian(s) of any and all reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

25.     The existence, nature, contents, substance and language of any and all contracts delegating to another person or entity any authority, management and/or control whatsoever over ING 4727 and in effect from August 22, 2005 through August 29, 2005;

26.     Any and all written, oral or other delegation to another person or entity of authority, management and/or control over ING 4727 from August 22, 2005 through August 29, 2005;

27.     Existence, nature, contents, substance and custodian(s) of any and all bills of lading, manifests, logs, diaries, ship records, charters, contracts, agreements and other documents relative to ING 4727's entire mission or voyage in which it was involved on dates including but not limited to August 27, 2005;

28.     The existence, nature, contents, substance, language, coverage terms and limits of any and all policies of liability, pollution, excess, reinsurance and other hazard insurance issued to Ingram Barge/Lafarge/Domino/UniqueTowing and/or providing coverage of ING 4727 from August 22, 2005 - August 29, 2005, as per remedies afforded under, and consequences of, *Crown Zellerbach Corp* and related law and case;

29.     Nature and availability of any and all measures, including but not limited to mooring, movement, ballasting, anchorage and/or sinkage of ING 4727, reasonably likely to prevent

its movement to and/or through the Industrial Canal floodwall during the effects of Katrina;

30. Identities and whereabouts of any and all witnesses to and/or persons with knowledge of any and all of the foregoing;

31. Nature, existence, contents and custodian(s) of any and all writings and/or things describing, memorializing, reporting and/or containing information relative to any or all of the foregoing;

32. Identities and whereabouts of any and all persons with knowledge of the movements of ING 4727 from the Lafarge dock to its eventual resting place in the residential area of the Lower Ninth Ward;

33. Any and all written designs, plans, specifications, capacities, weather tolerances, weights, measurements, performance data for or applicable to ING 4727;

34. Any and all sale, registration and ownership documents pertaining to ING 4727;

35. Any and all manufacturer literature, operations manuals, data, instructions, warnings and other writings concerning operation and use of ING 4727;

36. Any and all accident/allision history as to ING 4724;

37. Description and origin of any and all pre and post August 29, 2005 damage to ING 4727;

38. The names of any charterers of ING 4727 for the past two years;

39. The existence, contents and custodians of any video surveillance at the Lafarge facility;

40. The existence, contents, nature, availability and custodian of any emergency guidelines for charterers such as Lafarge or for towing companies such as Domino or Unique with respect to Ingram barges;

41. Any and all loading, unloading, moving, berthing, mooring and other activities taken with respect to ING 4727 while at the Lafarge facility.

42. Any and all facts concerning the seaworthiness, adequacy or fitness of ING 4727, and/or any and all equipment and/or structures used to secure, berth, store or secure ING 4727 at the Lafarge facility;

43. Any and all communications between Ingram, Lafarge and/or Domino/Unique concerning ING 4727;

44.     Relationship(s) between Lafarge and/or Riverway, and/or Ingram and/or Domino/Unique.

45.     Any and all other relevant factual matters of which the deponent(s) have knowledge.

Respectfully submitted,

Brian A. Gilbert ( 21297)
LAW OFFICE OF BRIAN A. GILBERT
3232 Edenborn Avenue
Metairie, Louisiana 70002
Telephone:  (504) 885-7700
Facsimile:  (504) 885-7997
Counsel for Ethel Mumford, et al

Patrick J. Sanders, Esq. (18741)
ATTORNEY AT LAW
3316 Ridgelake Drive
Metairie, LA 70002
Phone: 504/834-0646
Counsel for Ethel Mumford, et al

Lawrence D. Wiedemann, Esq. (13457)
Karl Wiedemann, Esq. (18502)
Karen Wiedemann, Esq.(21151)
WIEDEMANN & WIEDEMANN
821 Barrone Street
New Orleans, LA 70113
Phone: 504/581-6180
Fax: 504/581-4336
Counsel for Ethel Mumford, et al

F. Gerald Maples, Esq.(25960)
Carlos A. Zelaya, II, Esq.(22900)
MAPLES & KIRWAN, LLC
902 Julia Street
New Orleans, LA 70113
Phone: 504/569-8732
Fax: 504/525-6932
*Counsel for Marie Benoit, et al*

Ashton R. O'Dwyer, Esq.(10166)
LAW OFFICES OF ASHTON R.
O'DWYER, JR.
365 Canal Street, Suite 2670
New Orleans, LA 70130
Phone: 504/561-6561
Fax: 504/561-6560
*Counsel for The Parfait Family, et al*

Robert B. Evans, III (23473)
BURGOS & EVANS
3632 Canal Street
New Orleans, LA 70119
Phone: 504/488-3722
*Counsel for Blair Boutte, et al*

# CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been served upon all counsel of record by United States Mail, postage pre-paid and properly addressed, this 8th day of August, 2006.