# EXHIBIT 5

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | * | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 05-4182** |
| **PERTAINS TO: BARGE** | * | **and consolidated cases** |
| | * | |
| | * | **SECTION "K" (2)** |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | **JUDGE** |
| *Perry v. Ingram*           06-6299 | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | **MAG.** |
| *Lafarge v. USA*            07-5178 | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

## NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION OF LAFARGE NORTH AMERICA, INC.

YOU ARE HEREBY NOTIFIED that the Barge Plaintiffs, through undersigned counsel, will conduct the oral deposition of Lafarge North America, Inc., beginning at 9:30 a.m. on the 5th day of June, 2008, at the offices of Chaffe-McCall, L.L.P., 1100 Poydras Street, Suite 2300, New Orleans, Louisiana, before an officer authorized to administer oaths, and shall continue from day to day until completed, with respect to the following topics:

Note: The following excludes privileged materials, subject to specific inclusion and description, as per law, in Lafarge's privilege log. Plaintiffs reserve the right to challenge all claims of privilege.

1. Any and all knowledge Lafarge had preceding Katrina of any or all of the following:

    a. Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges in advance of a hurricane;

    b. Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges within the IHNC;

    c. The forecasted nature, strength, direction and effects of Katrina;

    d. Any and all pre Katrina actions undertaken and not undertaken by Lafarge with respect to barges at its France Road facility in light of any or all of the foregoing knowledge, or lack thereof.

2. Nature and proof of any and all of Lafarge's knowledge, contentions and/or defenses as to ING 4727's escape from its berth at Lafarge during the effects of Katrina;

3. The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;

4. The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all governmental agencies and/or investigative bodies relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit, including but not limited to the United States Coast Guard, Army Corps of Engineers, IPET, ILIT, Team Louisiana, National Science Foundation; and/or parties to Robinson and/or MRGO litigation;

5. The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all Robinson and/or MRGO and/or

BARGE plaintiffs or putative class members relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit.

5. The existence, nature, contents and custodian(s) of any and all communications, statements, accounts, representations and accident and/or incident reports describing any casualty in which ING 4727 was involved during Katrina;

6. The existence, nature, contents and custodian(s) of any and all communications, reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

7. Any and all knowledge, communications, documents, photos and other information pertaining to the mooring methods of ING 4525 and/or the five barge tier of Bunge and/or other barges moored adjacent to the tier containing ING 4727, and the movements during the effects of Katrina of any and all of the aforesaid barges other than 4727;

8. Lafarge's awareness of any publically available pre-Katrina information concerning any contentions that MRGO would or might cause or contribute to hurricane related flooding or storm surge;

9. Lafarge's awareness and/or observations of any and all pre-Katrina projects on or near the eastern batture or canal-side embankment of the eastern IHNC between Florida and North Claiborne Avenues.

10. The existence, contents and custodians of any land, aerial or satellite video or photo, and/or graphic, diagram, or visual representation of any or all of the following on August 28 - 29, 2005:

   a. the Lafarge France Road facility and environs;

      b.      Industrial Canal and environs;

      c.      ING 4727;

      d.      areas constituting and/or included within the proposed Barge Class geography;

      e.      Any and all timing, sources, causes locations and extent of flooding alleged by Lafarge to have affected any or all of the proposed Barge Class geography.

11. Identities and whereabouts of any and all persons who claim to have knowledge of the movements of ING 4727 from the Lafarge dock to its eventual resting place in the residential area of the Lower Ninth Ward;

12. Identities and whereabouts of any and all persons who claim:

      a.      to have seen ING 4727 make contact with the eastern IHNC floodwall, and/or transit from the canal side of the eastern IHNC floodwall to the residential side during Katrina, and/or,

      b.      to have heard scraping sounds and/or booms and/or explosions in the Lower Ninth Ward during Katrina.

13. Nature, timing, location, contents, methods of, and participants in, any and all interviews of putative Barge class members by Centanni Investigative and/or any and all other persons or entities acting on behalf of Lafarge;

14. Nature, contents and custodian of any or all written, recorded, videotaped or otherwise memorialized matter or communication acquired via abovesaid interviews;

15. Nature and timing of, and participants in, any and all activities conducted on Lafarge's behalf resulting in Lafarge's possession of any items of personal property acquired from the Lower Ninth Ward after Katrina, specifically including but not limited to stopped clocks;

16. Nature, timing, description, memorialization and/or recordation of, and participants in, any

and all written and verbal communications and contacts between Lafarge, its agents and representatives, and Arthur Murph, Jeanne Murph, Shirley Priestly, Jennifer Fernandez, Wayne Priestly, New Berkley, LLC and/or New Jourdan, LLC, their agents, employees, relatives, shareholders and members, concerning transaction or compromise of claims related to ING 4727, concerning the movements of ING 4727, concerning sale or purchase of 1739 Jourdan Avenue and/or 105 Berkley Drive.

17. Any and all of Lafarge's factual contentions and defenses, and underlying proof, concerning any and all of the following:

   a. Causes of the ING 4727 breakaway;

   b. Movements of the ING 4727 in the IHNC (and from the IHNC) on August 29, 2005;

   c. Causes of IHNC eastern floodwall breaches between Florida and N. Claiborne Avenues;

   d. Causes, sources, location and extent of flooding of the proposed Barge class geography;

   e. Facts underlying any opposition to class certification in the Barge litigation track.

18. The nature, issuance, entry, contents, limits, coverage, terms, effects, underwriters of, and nature of any claims or controversies concerning, any and all policies of primary, excess, surplus and other marine casualty insurance issued to Lafarge and in effect at times pertinent to this litigation, specifically including but not limited to that issued by American Steamship Owners (The American Club);

19. Existence, source or origin, contents and custodian of any and all communications or accounts of persons reporting any or all of the following in or from the Lower Ninth Ward during Katrina:

      a.    flooding;

      b.    flood protection system breaches or failures;

      c.    ING 4727 movements or contact or impact with any object;

      d.    scraping sounds or explosion or boom sounds;

      e.    injuries or deaths;

      f.    emergencies.

20. Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005 at the Lafarge France Road facility;

21. Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005, regardless of location, regardless of whether said policies, procedures and standards differ from those described in Item No. 20, above.

22. Any and all other relevant factual matters disclosed by deponent(s) of which the deponent(s) have knowledge.

                       Respectfully submitted,

                       /s/ Brian A. Gilbert,
                       Brian A. Gilbert, Esq.(21297)
                       LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
                       821 Baronne Street
                       New Orleans, Louisiana 70113

        Telephone: (504) 885-7700
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        e-mail: lawrence@wiedemannlaw.com,
        karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
        Telephone: 504-834-0646
        e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
        Voice: 202-862-4320
        Cell:   202-549-1454
        Facsimile: 800-805-1065 and 202-828-4130
        e-mail: rick@rickseymourlaw.net,
            adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor

New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com, ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile: 212-398-1532
e-mail: a.fuchsberg@fuchsberg.com, l.kelmachter@fuchsberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this _30_____ day of April, 2008.

\s\Brian A. Gilbert