UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| _____ | * | |
| PERTAINS TO: ALL INSURANCE | * * | JUDGE DUVAL MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION MEMORANDUM TO COMMON BENEFIT PLAINTIFFS ATTORNEYS CASE MANAGEMENT ORDER**

Plaintiffs in Aaron, Case No. 06-4746, and Aguilar, Case No. 07-4852, appear herein through undersigned counsel to oppose the Common Benefits Plaintiffs Attorneys Case Management Order as it includes a undeserved and unreasonable confiscation of our client's recovery.

Although counsel has been actively engaged in representing individual clients, we are simply unaware of any positive common benefit to plaintiffs in Aaron and Aguilar which has been derived from the activities of movers. As the Court is aware, the Aaron case has been administratively closed for over two years. The Aguilar matter has been stayed by the Court in agreement of parties shortly after it was filed. Such action has effectively removed these cases from the insurance umbrella and there has been no common benefit enjoyed by the Aaron and Aguilar plaintiffs as a result of the mover's "filing and opposing of numerous motions and briefs

in this Court, and in other Federal and State District and Appellate Courts."

The fact of the matter is that during the time period the Court has allowed these cases to remain either stayed or administratively closed, undersigned counsel have been working vigorously to resolve these cases.  Approximately half of the total cases, approximately 950, in Aaron and Aguilar have been or are in the process of being resolved at this moment.  While agreement has been reached in many of the cases, the only matter preventing dismissal of the individual plaintiffs' claim in this Court are questions that are yet to be resolved with mortgage companies who may hold a lien, and on the Road Home Program concerning what amount they are entitled to.  All these matters have been resolved or are in the process of being settled as a result of no actions by the movers.

There has been no common benefit to the plaintiffs in the Aaron's and Aguilar.  These claims have been processed and are being processed by undersigned counsel separate and apart from any actions by the attorneys who are attempting to confiscate portions of their settlement.  Additionally, counsel submits that cases that have been settled but have not been dismissed should not be subject to any such fee as there has been a final settlement reached, however, because of questions concerning mortgages and Road Home, the dismissals have not occurred.

Movers make no reference to any precedent which would allow them to collect the fees sought.  There was certainly no agreement entered into.  There can not be any compensation on any contract or alleged quasi contract for unjust enrichment as there has been none.  This is not a class action and no class has been identified which would justify any compensation to movers pursuant to some theory of class representation.  There is certainly no agreement by plaintiffs in Aaron and Aguilar to make such a donation to the movers.  Further, it is unjust to make a

wholesale surcharge on every case without examining each individual case as to whether in fact there has been a common benefit, which is denied.

Additionally, it is certainly true that movers, who are seeking to be paid for all the cases, initially became involved in this matter as a result of representing and handling claims on behalf of <u>their</u> <u>own</u> <u>personal</u> <u>clients</u>.  Most undoubtedly, all these attorneys did so on a contingent basis with no guarantee of recovery.  Additionally, all the movers were participants voluntarily in the process and no doubt could have refused to serve on any management committee or quit at any time.  The fact of the matter is that each have their own clients and will be compensated as a result of the efforts they put forth essentially on behalf of their own clients.

Before the proposed Case Management Order can be given serious consideration, many questions must be answered:

1. What is the total number of cases under the Insurance umbrella impacted by the Order?

2. What is the total recovery amount estimated in cases currently under the Insurance umbrella and impacted by the proposed Order?

3. What are the specific common benefits to <u>each</u> claimant from the efforts of attorneys "working in the umbrella?"

4. What are the common benefits to each claimant from the management of the umbrella of attorneys?

5. What has been the ultimate success of "the filing and opposing of numerous motions and briefs in this Court and in other Federal and State district and appellate Courts?" by common benefit attorneys?

6. What criteria defines "common benefit" in individual client representation?

7. What criteria will be applied by the Court to approve request for fee and expenses?

8. Why should 5% of the total recovery amount be confiscated, what is the rational basis for 5%?

9. What is the starting date to calculate time claimed under this Case Management Order?

10. For those attorneys with a contract which calculates a fee on the gross amount of recovery, by what authority does the Case Management Order change counsel's terms of employment with his client?

11. By what statutory authority is the proposed sequestration of client's funds authorized?

12. Isn't the "Insurance umbrella" a creation of the Court which has been managed by the Court and not by Plaintiffs Common Benefit Attorneys?

13. What resources are claimed to have been contributed to the common benefit?

14. What exactly are the duties of the PSLC - Insurance subgroup of the Litigation Committee.  What have they done for positive common benefit, apart from representing individual clients?

15. Does PSLC - Insurance intend to seek fees for any unsuccessful activity such as concerning value policy or flood exclusion?  If so, under what contingent fee notion do we now seek to compensate plaintiffs attorneys for issues won by the insurance industry attorneys?

Counsel for Aaron and Aguilar would oppose the Proposed Common Benefit Plaintiffs Attorneys Case Management Order for the following reasons:

1. In this case, there is no legal or factual basis to justify sequestration of up to 5% of the total recovery amount of all cases currently filed in, subsequently filed in, transferred to or removed to Section K of the United States District Court for the Eastern District of Louisiana;

2. Under a standard contingent employment contract, the vast majority of the proposed sequestration (to confiscate) will be borne by our clients, who have not agreed to or benefited from the proposal at issue;

3. Counsel for Aaron and Aguilar states respectfully that we are aware of no contribution of resources or time which has produced a positive common benefit, outside of representation of individual client(s), which would in any way justify the confiscation of fees proposed in the Common Benefit Plaintiffs Attorneys Case Management Order.

-5-

**WHEREFORE**, counsel for Aaron and Aguilar strongly opposes the confiscation of our clients' funds proposed herein.

Respectfully submitted:

**JIM S. HALL & ASSOCIATES, LLC**

s/Jim S. Hall
**JIM S. HALL (#21644)**
**JOSEPH W. RAUSCH (#11394)**
800 N. Causeway Blvd., #100
Metairie, LA 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799
jim@jimshall.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 29th day of July 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

s/Jim S. Hall