UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO INSURANCE:<br>*Tardo* (08-1164); *Tardo* (08-1165); *Tardo* (08-1166); *Woniger* (07-8623); *Moore* (07-8622); *Worgan* (07-8621); *Bloom* (07-6488); and *Gaubert* (07-9768) | JUDGE STANWOOD K. DUVAL<br>MAGISTRATE JUDGE WILKINSON |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO STATE FARM'S AND LOUISIANA CITIZENS'S MOTIONS FOR ENTRY OF JUDGMENT**

On June 13, 2008, this Court issued an order captioned "Post-*Sher* Insurance Umbrella Case Management Order."[1] Among other things, the order dismissed with prejudice "all claims asserted by plaintiffs in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage." Furthermore, this Court ordered that "[a]ny defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment."[2] In response to the foregoing Order, State Farm filed Motions for Entry of Judgment alleging that Plaintiffs in

---

1 05-4182, Rec. Doc. 13521
2 *Id.* at p. 2.

1

the following cases "seek to recover for damages caused by flood alone:" *Tardo* (08-1164); *Tardo* (08-1165); *Tardo* (08-1166); *Woniger* (07-8623); *Moore* (07-8622); *Worgan* (07-8621); *Bloom* (07-6488) and *Gaubert* (07-9768).[3] Additionally, Louisiana Citizens also seeks a Motion for Entry of Judgment in *Gaubert* (07-9768).[4]

Plaintiffs dispute the self-serving claims of State Farm and Louisiana Citizens that Plaintiffs' complaints only "seek to recover for damages caused by flood alone." As such, Plaintiffs urge this Court to deny the Motions for Entry of Judgment on the basis that Plaintiffs assert claims for unpaid wind damage. Alternatively, in the event that the Court is not persuaded that the Complaints state claims for unpaid wind damages, Plaintiffs request that the Court delay its ruling to allow Plaintiffs time to seek leave to amend their complaints to further clarify their wind damage claims.

**I.     ISSUES**

In deciding Defendants' Motions for Entry of Judgment, this Court first needs to address whether Plaintiffs' complaints assert claims for unpaid wind damages. If so, then the motions must be denied. Alternatively, if the Plaintiffs' complaints do not assert claims for unpaid wind damages, the Court must determine whether State Farm's motions are procedurally premature and, if so, whether Plaintiffs should be allowed to amend their complaints to clarify claims for unpaid wind damages.

**II.    BACKGROUND**

The petitions[5] in these matters all contained the following language:

---

3 *See* Motions for Entry of Judgment, 05-4182. Rec. Docs. 13823, 13824, 13819, 13808, 13812, 13815, 13809, and 13810.
4 *See* Motion for Entry of Judgment, 05-4182, Rec. Doc. 13761.
5 Each of these proceedings were originated in State court and removed to this Court. Moreover, each petition asserted claims that were essentially identical. For an example, see 07-6456, Rec. Doc. 1 (**attached as Exhibit 1**),

> On August 29, 2005, **Hurricane Katrina caused substantial damage to each plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents.** This damage rendered the real property uninhabitable for an extended period of time. **This damage was caused by wind, wind driven rain**, storm surge, overflowing of canals and breaches of levees, as alleged below.
>
> Petition ¶V.
>
> As a result of the aforesaid events defendant was required to pay each plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments. Instead, **the defendant made only partial payment based upon wind and wind driven rain alone.**
>
> Petition ¶VII.

### III.   LAW AND ARGUMENT

**A. The Complaints State Claims for Unpaid Wind Damages**

Federal courts follow the rule of notice pleading in Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Rule 8(a), a complaint will be deemed inadequate **only** if it: (1) fails to provide notice of the circumstances which give rise to the claims; or (2) fails to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *General Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999) (emphasis added). Rule 8(f) specifies that pleadings "must be construed so as to do justice."

In reviewing a district court's dismissal under Rule 12(b)(6), the court must accept as true the well-pleaded factual allegations in the complaint. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). To survive Rule 12(b)(6) motion, the complaint "does not need detailed factual

---

paragraphs V and VII. For sake of consistency, the pleadings are referred to as petitions herein.

allegations," but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id. quoting Bell Atlantic Corp. v. Twombly,* 550 U.S.__, 127 S.Ct. 1955 (2007). "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Robertson v. Johnston*, 376 F.2d 43, 45 (5th Cir. 1967) *citing Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).

In *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946 (5th Cir. 1999), an excess insurer filed suit against a primary insurer alleging that the primary insurer breached its duty to handle the underlying litigation in a reasonably prudent manner. The primary insurer filed a motion to dismiss and asserted that, under Texas law, it only owed such a duty to the insured—and not an excess insurer. The district court agreed and granted the motion to dismiss. On appeal, the Fifth Circuit rejected the hyper-technical reading of the excess insurer's complaint that was advocated by the primary insurer and it reversed and remanded the matter for further proceedings.

The applicable law in the matter was not in dispute, as the Fifth Circuit agreed that a primary insurer only owes a duty to handle litigation in a reasonably prudent manner to the insured. The Fifth Circuit recognized, however, that an excess insurer can be equitably subrogated to an insured's rights in certain situations. The issue was essentially distilled to a single sentence in the excess insurer's complaint: "The Defendants, as primary insurers, **owed Plaintiff**, as provider of excess coverage, a duty to handle the Underlying Litigation in a reasonably prudent manner." *Id.* at 951 (emphasis in original). In short, the excess insurer should have used the term "Insured" instead of "Plaintiff," and in doing so, the primary insurer

4

argued that the excess insurer failed to state an essential element of its claim.

In rejecting the primary insurer's hyper-technical reading of the complaint, the Fifth Circuit found that, despite the inelegant pleading, the complaint provided enough information to put the primary insurer on notice of the excess insurer's claim when the complaint was read as a whole.  In short, the Court found that the Complaint provided notice of the circumstances that gave rise to the excess insurer's claims (*e.g.*, the handling of the underlying litigation); and that the complaint set forth sufficient information to permit inferences to be drawn that the elements of the claim existed (*e.g.*, that the excess insurer was equitably subrogated to the claims of the insured).  Accordingly, the order granting the primary insurer's motion to dismiss was reversed and the matter was remanded for further proceedings.

An analysis of the complaint in the present case warrants a similar result.  The **only** inquiry that need be resolved by this Court is whether the language in Plaintiffs' petitions: (1) fails to provide notice to Defendants of the circumstances that give rise to Plaintiffs' claims; or, whether (2) it fails to set forth sufficient information to outline the elements of Plaintiffs' claims, or to permit inferences to be drawn that the elements exist.  As the following illustrates, Plaintiffs' complaint provides sufficient detail to satisfy both aspects of this inquiry.

First, it is uncontroverted that the Complaint provides Defendants notice of the circumstances that gave rise to Plaintiffs' claims: "On August 29, 2005, at the time of Hurricane Katrina, each Plaintiff had in effect an identical policy of property insurance issued by Defendant."  Petition¶IV.  "On August 29, 2005 Hurricane Katrina caused substantial damage to Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents."  Petition¶V.  Moreover, the Complaint further provides: "This damage

5

was caused by **wind, wind driven rain,** storm surge, overflowing of canals and breaches of levees, as alleged below." *Id.* (emphasis added).

Second, the Complaint sets forth sufficient information to outline the elements of Plaintiffs' claims, or, at a minimum, to permit inferences to be drawn that the elements exist. In the present matter, the essential elements of Plaintiffs' claim are: (1) the existence of an insurance contract between them and State Farm; (2) that the insured suffered damages caused by a covered loss; and (3) that Defendants breached their obligations to Plaintiffs. Notice pleading does not require detailed factual allegations. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

Accordingly, when reading Plaintiffs' petitions as a whole, it is clear that they provide sufficient information to outline the elements of their claims. First, ¶IV affirmatively states that Defendants had policies of insurance in effect for Plaintiffs on August 29, 2005 when Hurricane Katrina made landfall. Subsequently, the next paragraph establishes that Plaintiffs suffered damage as a result of Hurricane Katrina, a covered loss: "Hurricane Katrina cause substantial damage to each Plaintiff's real property, including but not limited to **roof damage**... This damage was caused by wind, wind-driven rain..." Petition¶V (emphasis added). Next, the last sentence of ¶VII alleges that Defendants breached their obligations under the insurance contract to Plaintiffs: "Defendant made only partial payment based upon wind and wind driven rain alone." Finally, ¶VIII outlines numerous claims against Defendants including, but not limited to, "failure to tender timely and sufficient payment under LSA R.S. 22:658 and 22:1220" and "breach of insurance contract." Given the foregoing, it cannot be seriously disputed that the Complaint contains sufficient allegations to permit Defendants to infer that, in addition to

damages under Louisiana Valued Policy Law (an action that has been finally resolved against Plaintiffs in *Chauvin* and *Sher*), Plaintiffs are seeking payment for unpaid wind damages.

Plaintiffs do not dispute that paragraph VII was inelegantly pleaded. Nonetheless, just as in *General Star Indem. Co. v. Vesta Fire Ins. Co.*, the hyper-technical interpretation advocated Defendants fails to take into account the entirety of Plaintiffs' petitions. State Farm has engaged in a battle of nomenclature by alleging that Plaintiffs fail to state a claim for damages by strictly construing the last sentence of ¶VII. More specifically, Defendant has successfully sought to manufacture confusion for its own benefit by emphasizing nomenclature over well-recognized contractual theories of relief.

Specifically, doubt has been manufactured regarding whether "partial payment" as used in ¶VII means: (1) that Defendants failed to pay for flood damages, but paid for all wind and wind-driven rain damage, or (2) that Defendants made only partial payment for damage caused by wind and wind-driven. At a minimum, this language is susceptible of more than one reasonable interpretation. Accordingly, as Federal Rule of Civil Procedure 8(f) requires that pleadings be "construed as to do justice," the petitions herein should be found to state claims for unpaid wind damage. *See Jefferies v. Harris County Community Action Ass'n,* 615 F.2d 1025, 1030 (5th Cir. 1980)("Although the pleadings were worded ambiguously and are subject to varying interpretations, we think that under the liberal federal concept of notice pleading, Jefferies' complaints articulated claims of discrimination….").

Plaintiffs arguments find support from Magistrate Judge Wilkinson. When he granted leave to the Plaintiffs in *Aguda* and *Anderson* to amend their complaints—which are essentially identical to the petitions that are subject to the motions opposed herein—Magistrate-Judge

Wilkinson rulings indicated that he did not agree with State Farm's argument that plaintiffs had failed to state claims for wind damage in their original complaint: "The motion is granted in part insofar as plaintiffs seek to amend their complaint to **clarify** that wind and/or wind-driven rain (*i.e.*, covered risks under plaintiffs' State Farm policy) proximately caused damage to plaintiffs' property beyond the amounts paid by State Farm."[6] Clearly, an amendment permitting Plaintiffs to clarify damages caused by wind and/or wind-driven rain presupposes the existence of claims for wind and/or wind-driven rain in the original pleadings.

Nonetheless, State Farm continues to press its argument that Plaintiffs have not stated claims for wind damage in its Motions for Entry of Judgment. Undoubtedly, Motions to Dismiss would be granted with great regularity if a defendant's interpretation of a complaint were conclusive. The language of the Complaints can reasonably be interpreted to allege that State Farm made only partial payments for damage caused by wind and wind-driven rain. Accordingly, Plaintiffs urge this Court to look beyond Defendants' bald assertions that their petitions fail to state claims for unpaid wind damage and, more importantly, to give meaning to the word "partial." As the Federal Rules of Civil Procedure require that pleadings must be construed as to do justice, Plaintiffs urge this Court to deny the Motions for Entry of Judgment on this grounds alone.

### B.   Defendant's Motion is Procedurally Premature

Given the foregoing, Plaintiffs are confident that this Court will determine that their petitions state claims for unpaid wind damage. Nonetheless, out of an abundance of caution, if the Court finds that Plaintiffs' Complaints fail to state claims for unpaid wind damages, Plaintiffs

---

[6] See 05-4182, Rec. Docs. 11296 and 11543 (emphasis added).

8

alternatively assert that the Motions for Entry of Judgment are procedurally premature. In its Motions for Entry of Judgment, State Farm references its global Motion to Dismiss,[7] which also alleged that Plaintiffs only seek to recover for damages caused by flood alone—an assertion that has been contested by Plaintiffs and the Plaintiffs' Insurance Liaison Committee. To date, however, the Court has not issued a ruling on State Farm's global motion. Presumably, State Farm's motion was rendered moot by the Post-*Sher* Case Management Order. Accordingly, "out of an abundance of caution," State Farm moves this Court to enter final judgment dismissing these cases in their entirety based on the Post-*Sher* insurance Case Management Order.

Notwithstanding the global Motion to Dismiss, a motion seeking reconsideration of this Court's Post-*Sher* Insurance Case Management Order is also pending before this Court. Accordingly, the relief that Defendants seeks is procedurally premature. More importantly, undersigned counsel has previously moved for leave to amend complaints in several cases in this consolidated action.[8] However, such leave has been denied by the Magistrate Judge out of deference to this Court's handling of the State Farm's global motion to dismiss. Given that scheduling orders have not been entered in these matters and that the original complaints placed State Farm on notice of claims for unpaid wind damage, State Farm would not be prejudiced by granting Plaintiffs leave to amend their petitions. Accordingly, if the Court finds amendment necessary, Plaintiffs move this Court to grant them a sufficient period of time to seek leave to amend their pleadings.

**IV.   CONCULSION**

---

7 See 05-4182, Rec. Doc. 12091.
8 Plaintiffs sought leave to amend in *Worgan, Moore, Woniger, and Gaubert*, which was denied without prejudice pending a decision on State Farm's global motion to dismiss.

9

Plaintiffs' petitions: (1) provide Defendants notice of the circumstances that gave rise to their claims (*e.g.*, Hurricane Katrina); and (2) set forth sufficient information for State Farm and Louisiana Citizens to draw inferences that plaintiffs are seeking claims for unpaid wind damages. Plaintiffs satisfy the pleading requirements of Federal Rule of Civil Procedure 8. allege claims for unpaid wind damages. Accordingly, it would be both unfair and improper for this Court to enter a final judgment of dismissal on the purported grounds that Plaintiffs only seek compensation for damages caused by flood. Alternatively, the Motions for Entry of judgment are premature. As such, in the event that this Court is not persuaded that Plaintiffs' petitions contain claims for unpaid wind damage, Plaintiffs move the Court to grant them a sufficient period of time to seek leave to amend their pleadings.

Respectfully submitted,

*s/Stuart Barasch*
STUART BARASCH (20650)
Hurricane Legal Center
910 Julia Street
New Orleans, LA 70113
Tel. (504) 525-1944
Fax (504) 525-1279
E-mail: sbarasch1@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2008, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all enrolled parties.

*s/Stuart Barasch*
STUART BARASCH