UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § § § § § § § | CIVIL ACTION No. 05-4182 "K" (2) JUDGE DUVAL MAGISTRATE WILKINSON |
| PERTAINS TO INSURANCE: | |
| Bloom v. State Farm (07-6488) | |

PLAINTIFFS' RESPONSE TO:

STATE FARM'S MOTION TO DISMISS FLOOD WATER DAMAGE CLAIMS (doc. no. 12091)

and

DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO THE COURT'S POST-SHER CASE MANAGEMENT ORDER (doc. no. 13809)

I.
SUMMARY

Christopher and Gladys Bloom ("Plaintiffs") files this response respectfully requesting that the Court: 1) deny in part State Farm's Motion to Dismiss Flood Water Damage Claims (doc. no. 12091) as it relates to Plaintiffs' individual claims for windstorm damages, and 2) deny Defendant's Motion For Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order (Doc. No. 13809).  Defendant wrongfully contends that Plaintiffs' insurance lawsuit based on their homeowner's insurance policy seeks recovery for flood damages only.  Plaintiffs' lawsuit, as originally filed, clearly sought recovery for windstorm damages, as well as damages caused by levee breach flooding.  Plaintiffs do not contest that they are now prohibited from asserting claims for damages as a result of canal and levee overtopping, storm surge, and/or levee failures.  However, dismissal and entry of final judgment on all of Plaintiffs' claims seeking recovery for

damages caused by wind is not appropriate because such damages are indisputably covered by Plaintiffs' insurance contract with Defendant.

## II.
## ARGUMENT

On March 31, 2008, Defendant filed <u>State Farm's Motion to Dismiss Flood Water Damage Claims</u> (doc. no. 12091) (the "Motion to Dismiss"), seeking dismissal of 338 insurance lawsuits which purportedly sought recovery for only flood damages.

As part of the Motion to Dismiss, Defendant unilaterally classified each of the 338 insurance lawsuits into one of two categories: 1) cases in which plaintiffs seek to recover for damages caused by flood water alone and 2) cases in which plaintiffs seek to recover for damages cases by *both* flood waters a*nd* wind/wind-driven rain." *See* Motion to Dismiss, pp. 1-2 (doc. no 12091). Defendant improperly classified Plaintiffs' lawsuit into the first category.

On July 14, 2008, Defendant filed <u>Defendant's Motion For Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order</u> (doc. no. 13809) (the "Motion for Entry of Judgment") seeking final judgment on all of Plaintiffs', claiming that "Plaintiffs exclusively assert claims for insurance proceeds for property damage sustained as a result of canal and levee overtopping, storm surge, and/or levee failures caused by Hurricane Katrina and fails to state any claims whatsoever for covered losses." This is simply not the case.

Plaintiffs' original complaint, while including claims for damage caused by the levee breach, clearly includes claims for wind related damage, a peril indisputably covered by Plaintiffs' homeowner's policy.

Plaintiffs' complaint alleges "…Hurricane Katrina made landfall in New Orleans, Louisiana causing **wind damage** to the Property…." *See* Exhibit A, ¶ 8, (emphasis added). Plaintiffs' Complaint further alleges "Subsequent to Hurricane Katrina, Plaintiffs made a claim for **wind**, water

2

and other damages to the Property (claim no. 18R233697).  To date, Defendant has refused to pay all amounts due and owing under the Policy for *wind*, water and other damages." *See* Exhibit A, ¶ 10, (emphasis added).

Therefore, because Plaintiffs' complaint seeks recovery for wind related damages, this Court should deny Defendant's Motion to Dismiss and Motion for Entry of Judgment to the extent said motions seek dismissal of Plaintiffs' wind related damage claims.[1]

### III.
### CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court deny in part Defendant's Motion to Dismiss as it related to cause no. 07-69488, and deny entirely Defendant's Motion for Entry of Judgment.  Plaintiffs further pray for such other and further relief as to which they may be justly entitled.

Respectfully submitted,

**BROUSSARD & HART LLC**

By:   /s/ William T. Jones Jr.   .
      **Randall Hart**
      Louisiana Bar No. 23119
      1301 Common Street
      Lake Charles, LA  70601
      Tel:  (337) 439-2450
      Fax: (337) 439-3450

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

---

[1] On July 28, 2008, Plaintiffs conferred with Defendant in attempt to resolve the issues raised in this response, by offering to enter a written agreement that Plaintiffs' flood claims are moot, and requesting that Defendant withdraw the Motion to Dismiss as it related to Plaintiffs lawsuit.  Defendant declined to do so, citing the complexities associated with the fact that the Motion to Dismiss address numerous claims, and in light of the Court's Post Sher case management order.  Nevertheless, Plaintiff and Defendant are continuing to work together in order to amicably and quickly resolve Plaintiffs' outstanding wind damage claims in accordance with the procedures established by the Court.

3

                    OF COUNSEL:

**GRADY, SCHNEIDER & NEWMAN, LLP**
   **Peter B. Schneider (TRIAL ATTORNEY)**
Texas State Bar No.: 00791615
**Keith Grady**
Texas State Bar No. 00786853
**William T. Jones, Jr.**
Texas State Bar No. 24032601
Admitted Pro Hac Vice
**Darcy Douglas**
Texas State Bar No. 24054149
801 Congress, 4th Floor
Houston, Texas 77002
Tel:  (713) 228-2200
Fax:  (713) 228-2210

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record indicated below via electronic filing the PACER system on the 29th day of July, 2008.

LINDSAY A. LARSON III **(T.A.)** #08053
DAVID A. STRAUSS #24665
SARAH SHANNAHAN MONSOUR # 30957
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

**COUNSEL FOR DEFENDANT**

                                            /s/ William T. Jones
                                            **William T. Jones**