CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE LITIGATION

CASE NO. 07-8941          SECTION: 5          DIVISION: K

CHRISTOPHER BLOOM AND GLADYS BLOOM

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED ON:

_____
DEPUTY CLERK

## PETITION FOR DAMAGES

1.      **Christopher Bloom and Gladys Bloom** ("Plaintiffs"), complain of State Farm Fire and Casualty Company ("Defendant") and for cause of action would respectfully show the Court as follows:

### I.
### PARTIES

2.      Plaintiffs Christopher Bloom and Gladys Bloom were residents of Orleans Parish, Louisiana at the time this cause of action accrued.

3.      Defendant, State Farm Fire and Casualty Company is an insurance company authorized to do, and was actually doing business in Orleans Parish, Louisiana at the time this cause of action accrued. Defendant will be served through its agent for service of process, the Louisiana Secretary of State, Legal Services Sections, 8549 United Plaza Boulevard, Baton Rouge, Louisiana 70809.

### II.
### JURISDICTION AND VENUE

4.      Pursuant to LSA – C.C.P. Art. 6, this Court has jurisdiction over Defendant because at the time this cause of action accrued Defendant was transacting business within this Parish, and thus this Court's exercise of personal jurisdiction over Defendant is consistent with the constitution of this State and with the Constitution of the United States.

5.      Venue is proper in this Parish pursuant to LSA – C.C.P. Art. 42, 45, 76 because Plaintiffs were domiciled in this Parish at the time of the loss, because the loss occurred in this Parish and



because this action is founded upon an insurance contract which was executed in this Parish.

### III.
### BACKGROUND

6.     On August 29, 2005, Plaintiffs owned certain immovable property with improvements, and personal property located at 5761 Eastover Drive, New Orleans, LA 70128 (the "Property").

7.     The Property was insured by an all risk insurance policy issued by Defendant (policy no. 18-PO-7068-7), (the "Policy").

8.     On August 29, 2005, Hurricane Katrina made landfall in New Orleans, Louisiana causing wind damage to the Property and damages to the hurricane protection levee system that protects New Orleans and the surrounding areas.  As a result of the damages to the levee system, water entered the streets of New Orleans and surrounding areas causing water damage to the Property.

9.     The water damage to the Property was not the result of flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, seepage under or over the outfall canal wall or spray from any of the above.  The water intrusion and damage was a direct and proximate result of the breached levee system, which itself was directly and proximately caused by the acts and/or omissions of man, and not by natural causes.

10.    Subsequent to Hurricane Katrina, Plaintiffs made a claim and demand for payment on Defendant for wind, water and other damages to the Property (claim no. 18R233697).  To date, Defendant has refused to pay all amounts due and owing under the Policy for wind, water and other damages.

11.    At all times, Plaintiffs have complied with any and all of their obligations under the Policy.

12.    Further, in issuing the Policy, Defendant placed a valuation upon the Property.  Defendant used such valuation for purposes of determining the premium charges to be made under the Policy. Defendant did not use a different method in the computation of the loss of the Property.  The Policy, and any application therefore, issued by Defendant did not set forth in type of equal size a different method which was actually used in the loss computation.

13.    All conditions precedent with regard to the present action have been satisfied.

*Christopher Bloom and Gladys Bloom v. State Farm Fire and Casualty Company*
*Original Petition*                                                          2

# IV.
## CAUSES OF ACTION

14.     The facts as set forth in Section III above are incorporated by reference for all purposes.

   **A. Count One – Breach of Contract.**

15.     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant. Defendant has breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Louisiana Law.  Defendant's breach was a proximate cause of damages to Plaintiffs.

16.     All conditions precedent required under the under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs.  Regardless, nonperformance of a condition precedent may be excused if its performance would cause extreme forfeiture or penalty, and/or the condition precedent it is not an essential part of the contract.

   **B. Count Two – Breach of LSA-R.S. 22:1220 (Bad Faith).**

17.     Pursuant to LSA-R.S. 22:1220, Defendant, an insurer, owes to his insured a duty of good faith and fair dealing. Defendant has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both.  Defendant has breached these duties and is thus liable for any damages sustained as a result of the breach. Defendant breached its duty of good faith and fair dealing in one or more of the following ways by:

   (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue;

   (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing;

   (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured;

   (4) Misleading a claimant as to the applicable prescriptive period;

   (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause; and

   (6) Failing to pay claims pursuant to LSA-R.S. 22:658.2 when such failure is arbitrary, capricious, or without probable cause.

18.     In addition to any general or special damages to which Plaintiffs are entitled for breach of the imposed duty, Plaintiffs seek penalties assessed against Defendant in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

   C. County Three – Breach of LSA-R.S. 22:658 (Prompt Payment).

19.     Pursuant to LSA-R.S. 22:658, Defendant was obligated to pay Plaintiffs any amounts owed within 30 days of proof of loss and has failed to do so.  As a result of such failure, which was arbitrary, capricious and without probable cause, Defendant is liable for all amounts due under the Policy, plus and additional twenty-five percent (25%).  Plaintiffs have engaged attorneys, and seek reasonable attorneys' fees as a result of Defendant's breach of contract.

   D. Count Four – Breach of Fiduciary Duty.

20.     The relationship between the parties gives rise to a fiduciary duty owed by Defendant to Plaintiffs.  Defendant's acts and omissions described herein constitute a breach of that fiduciary duty, which has proximately caused damages to Plaintiffs.

   E. Count Five – Declaratory Judgment: Defendant's Flood Exclusion is Invalid and Unenforceable.

21.     An actual controversy exists concerning Defendant's duty to provide insurance coverage for water damage to the Property.  As such, pursuant to LSA – C.C.P. Art. 1871, et seq., Plaintiffs seek a declaratory judgment regarding the rights, duties and obligations under the Policy.

22.     The losses suffered by Plaintiffs as a result of Hurricane Katrina are covered losses under the all risk Policy.  Defendant is obligated by the terms and conditions of the all risk Policy to indemnify Plaintiffs for their losses.  Defendant has refused to indemnify Plaintiffs for such losses and have denied coverage for the losses.  Thus, Plaintiffs are entitled to a declaratory judgment that the damages they suffered are covered losses under the all risk Policy.

23.     Specifically, Plaintiffs seek a declaratory judgment that the efficient and proximate causes of the losses were covered perils.

24.     Further, to give the "flood" exclusions a broad reading and thus disallow the coverage for the damages arising from this catastrophic disaster, which occurred despite the vast and expansive levees

*Christopher Bloom and Gladys Bloom v. State Farm Fire and Casualty Company*
Original Petition
                                                4

existing in the greater New Orleans area, would contravene the very purpose of homeowner's policies.

25.    The reasonable expectations of Plaintiffs and other Louisiana policyholders is that "flood" encompasses overflowing of the Mississippi River, accumulation of surface water due to heavy rainfalls, or similar phenomena, but not the failing of virtually all man-made structures containing Navigable Waters of the United States surrounding the New Orleans Metropolitan Area due to negligent conduct beyond the policyholders' control.

26.    Finally, Plaintiffs should not be deprived of the coverage of the all risk Policy where Defendant has drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, Defendant should have specifically excluded hurricane damage and/or the failure of levees as the most probable perils for the New Orleans Metropolitan Area.

27.    As a result, without resolution of this issue by declaratory judgment, Plaintiffs will be unable to remedy the damages Plaintiffs fully expected were covered by the all risk Policy.

28.    Therefore, Plaintiffs respectfully request that this Court enter a declaratory judgment against Defendant, ordering and decreeing that:

(1) The first efficient proximate cause of the losses suffered by Plaintiffs on August 29, 2005 was "windstorm," a covered peril under the Policy, thereby rendering any subsequent impact from the water released by the levee and/or levee wall failures irrelevant to coverage afforded by the Policy;

(2) The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere were acts of negligence, standard covered perils under the Policy;

(3) The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 was "storm Surge", a known meteorological phenomenon that is not specifically excluded by the Policy, in contrast to other insurance policies available in the market; thereby rendering any damage caused by "Storm Surge" and resulting water pressure covered under the Policy;

(4) The breaking or failure of boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by the Policy, in contrast to other insurance policies available in the market; and

(5) The damage caused by water entering the City of New Orleans and adjoining parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the regular definition of "flood" nor within any of the Policy's exclusions of "flood".

F. **Count Six – Declaratory Judgment: The Louisiana Value Added Policy Law Applies to the Policy.**

29.     An actual controversy exists concerning the application of La. Rev. Stat. Ann. 22:695 to the Policy.  As such, pursuant to La. C.C.P. art. 1871, et seq., Plaintiffs seek a declaratory judgment that Plaintiffs are entitled to recover the face value stated in the Policy insuring the covered immovable property, without deduction or offset, pursuant to La. Rev. Stat. Ann. 22:695.

## V.
## DAMAGES

30.     Plaintiffs seek all damages available under Louisiana law, including but not limited to all amounts due under the Policy, other compensatory damages, punitive damages, interests, attorney's fees, costs, and statutory damages.

## VI.
## PRAYER FOR RELIEF

31.     WHEREFORE Plaintiffs, pray for Judgment against Defendant, for amounts due under the Policy, other compensatory damages, punitive damages, interests, attorney's fees, costs, statutory damages, and any further relief this Court deems equitable, just and proper.

Respectfully submitted,

BRENT COON & ASSOCIATES

By: _____

Julie Jacobs
Louisiana Bar No. 23796
**Douglas Kraus**
Louisiana Bar No. 26668
**Jason C. Bruzik**
Louisiana Bar No. 30418
1515 Poydras, Suite 2200
New Orleans, LA 70112
Tel: (504) 566-1704
Fax: (504) 566-1798

GRADY, SCHNEIDER & NEWMAN, LLP
  **Peter B. Schneider***
  Texas State Bar No.: 00791615
  **Keith Grady***
  Texas State Bar No. 00786853
  **William T. Jones, Jr.***
  Texas State Bar No. 24032601
  801 Congress, 4th Floor
  Houston, Texas 77002
  Tel: (713) 228-2200
  Fax: (713) 228-2210
  *Applications for admission pro hac vice to be filed

ATTORNEYS FOR PLAINTIFF

PLEASE SERVE DEFENDANT(S): Through the *Louisiana Secretary of State*, Legal Services
Sections, 8549 United Plaza Boulevard, Baton Rouge, Louisiana 70809 by forwarding service to
the East Baton Rogue Parish Civil Sheriff

7