UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
|  | * * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * * | and consolidated cases |
|  | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * |  |
| *Mumford v. Ingram*      05-5724 | * |  |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * |  |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*             07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * |  |

**BARGE PLAINTIFFS' REPLY TO RESPONSES OF LAFARGE NORTH AMERICA, INC., AND THE AMERICAN CLUB RELATIVE TO THE AMERICAN CLUB COVERAGE DISPUTE**

MAY IT PLEASE THE COURT:

Undersigned note several errors in the memoranda submitted by Lafarge North America and The American Club in response to this Court's July 1, 2008 minute entry concerning the dispute over Lafarge's P & I policy issued by The American Club.

First, in Lafarge's response, counsel states on p. 2 and elsewhere that the Barge Plaintiffs are not pursuing insurers other than The American Club, while simultaneously acknowledging that the Barge Plaintiffs sued NYMAGIC, IMU and AHC in this action.  Undersigned confess their failure to infer Lafarge's aim in suggesting as much, but assure the Court and parties that Barge Plaintiffs do not waive any causes of action against these other insurers.

1

Second, Lafarge demonstrates in their own memorandum the point Barge Plaintiffs raise in theirs. Lafarge notes the deadline in the limitation action for adding new parties, and seeks thereby to avoid additional insurer-defendants providing cover, if any -  the identity of whom Barge Plaintiffs do not know despite Lafarge's discovery responses. Lafarge again moves in ways suggestive of a desire to affect its ability to satisfy a large judgment. Why?

Third, Lafarge states in support of the foregoing that everything contained in the Barge Plaintiffs' memorandum submitted to Your Honor was a matter of public knowledge before the deadline for adding new parties to the then-pending limitation action in Section C. Public knowledge does not equate with legally sufficient notice as contemplated by the Federal Rules of Civil Procedure. The record reflects nothing affording notice to the Court or plaintiffs of the declaratory action in New York, or revealing any insurers other than those made defendants. Had Lafarge revealed other insurers, they would have been named.

Fourth, The American Club misconstrues the Barge Plaintiffs' memorandum as a suggestion that this Court enjoin Judge Haight. Tellingly, though, counsel for the American Club states the matter accurately in the first paragraph of their response, that is, that Barge Plaintiffs suggest that this Court might use its authority to enjoin *the parties* - Lafarge and The American Club -  from continuing the New York declaratory action.[1]

---

[1]

District Courts have discretion to enjoin the filing of related lawsuits in other U. S. District Courts. *C-O Two Fire Equipment Co*, 342 U.S. 180 (1952); *Municipal Energy Company v. Big Rivers Elec*. 804 F.2d 338 (5th Cir. 1986); *Schauss v. Metals Depository Corp.,* 757 F.2d 649 (5th Cir. 1985).

"A federal court has the power, under appropriate circumstances, to stay an action before a sister federal court." *Schauss* at 654.

*Cf. Speetjens v. Larson,*  401 F. Supp.2d 600 (S.D.Miss. 2005) ("Pursuant to Rule 65 of the Federal Rules of Civil Procedure, this Court does not have the authority to enjoin one who is not a party to the

Fifth, and perhaps foremost, The American Club omits from its response the very heart of the matter: the Lower Ninth Ward and St. Bernard Parish residents' inviolable right to proceed in accord with the Louisiana Direct Action Statute. The Louisiana Direct Action Statute is the unequivocal, express manifestation of this State's power to shape policy, and to govern insurers who accept risk attendant to an insured's operations in Louisiana.

La. Rev. Stat. 22:655, in pertinent part (emphasis added):

> B.(1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a *right of direct action* against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, ***in the parish in which the accident or injury occurred*** or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.
>
> (2) This right of direct action shall exist ***whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana.*** Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
>
> C. It is the intent of this Section that any action brought under the provisions of this Section ***shall be subject to all of the lawful conditions of the policy or contract and the defenses*** which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.

Such clear expression of legislative will and state sovereignty cannot be undone by an insurer.

---

action.");

"This authority, notwithstanding, does not prevent a United States District Court hearing a particular case, from enjoining the filing of related law suits in another federal court." *Hemmings v. U.S.*, 842 F. Supp. 935 (S.D.Tex. 1993) (citing *Schauss*).

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
 Telephone: (504) 885-7700
 Telephone: (504) 581-6180
 Facsimile: (504) 581-4336
 e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
 Telephone: (504) 581-6180
 Facsimile: (504) 581-4336
 e-mail: lawrence@wiedemannlaw.com,
 karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
 Telephone: 504-834-0646
 e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
 Voice: 202-862-4320
 Cell:   202-549-1454
 Facsimile:  800-805-1065 and 202-828-4130
 e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson

_____Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
_____Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
    Telephone: 212-869-3500 ext. 235
    Facsimile:  212-398-1532
    e-mail:  a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 29th day of July, 2008.

\s\Brian A. Gilbert