UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 "K" (2) |
| _____ | * * | JUDGE DUVAL |
| PERTAINS TO: INSURANCE *Chehardy,* Nos. 06-1672, 06-1673, and 06-1674 | * * * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ALLSTATE DEFENDANTS' ADDITIONAL OPPOSITION AND JOINDER IN DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF POST-*SHER* INSURANCE UMBRELLA CASE MANAGEMENT ORDER**

Defendants Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate") adopt and join in the defendants' joint opposition to plaintiffs' Motion for Reconsideration of Post-*Sher* Umbrella Case Management Order. However, Allstate briefly notes an additional and alternative ground which justifies denial of plaintiffs' Motion for Reconsideration and reaffirmance of the Court's June 12, 2008 Order as to Allstate.

As the Court may recall, in addition to the flood exclusions upheld in the Court's June 12, 2008 Order, Allstate's homeowners insurance policies contain a broadly worded water damage exclusion, which provides:

> We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:

1

* * * *

  4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

Allstate's broad water damage exclusion clearly applies to preclude plaintiffs' water damage claims. Specifically, these claims unquestionably resulted from "water" which exerted "pressure on or flowed, seeped or leaked through the residence premises," and so plaintiffs' claims fall within the plain language of the exclusion. As the Fifth Circuit's decision in *Chehardy* made clear in addressing the flood damage exclusions, which, if anything, were *narrower* than Allstate's broadly worded water damage exclusion, the levees and the bodies of water they bounded were plainly the source of the floodwaters that damaged plaintiffs' homes:

> [T]he flood exclusions in the plaintiffs' policies are unambiguous in the context of the facts of this case. *In the midst of a hurricane, three canals running through the City of New Orleans overflowed their normal boundaries. The flood-control measures, i.e., levees, that man had put in place to prevent the canal's floodwaters from reaching the city failed. The result was an enormous and devastating inundation of water into the city, damaging the plaintiffs' property.* This event was a "flood" within that term's generally prevailing meaning as used in common parlance, and our interpretation of the exclusions ends there. The flood is unambiguously excluded from coverage under the plaintiffs' all-risk policies, and the district court's conclusion to the contrary was erroneous.

*Id.* at 221 (emphasis added).

Although the Fifth Circuit in *Chehardy* had no reason to address Allstate's water damage exclusion, since it decided the case based solely on the flood exclusions, *Chehardy* leaves no doubt that the more broadly worded water damage exclusion – *i.e.,* referring to damage caused by water on the ground *regardless of its source* – would preclude coverage for all plaintiffs' claims, no matter how they are characterized. The same is true of the Louisiana Supreme Court's decision in *Sher v. Lafayette Ins. Co.,* 2008 WL 928486 (La. Apr. 8, 2008), which also

2

leaves no doubt that Allstate's broad water damage exclusion would exclude recovery for these claims.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in defendants' joint opposition to plaintiffs' Motion for Reconsideration of Post-*Sher* Umbrella Case Management Order, defendants Allstate Insurance Company and Allstate Indemnity Company respectfully request the Court enter an order denying plaintiffs' Motion for Reconsideration.

*/s/ Judy Y. Barrasso*

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
    Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700


Richard L. Fenton
SONNENSCHEIN NATH &
 ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000

Attorneys for Defendants
Allstate Insurance Company and
Allstate Indemnity Company

4

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 31st day of July, 2008.

*/s/ Judy Y. Barrasso*
_____