# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: INSURANCE, <u>Bloom, 07-6488</u> | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

*******************************************************************************

## REPLY TO PLAINTIFFS' OPPOSITION TO STATE FARM'S
## <u>GLOBAL MOTION TO DISMISS AND MOTION FOR ENTRY OF JUDGMENT</u>

Defendant, State Farm Fire and Casualty Company ("State Farm") submits this Reply to Plaintiffs' Opposition to its Global Motion to Dismiss (Rec. Doc. 12091) and its Motion for Entry of Final Judgment Pursuant to the Court's Post-*Sher* Case Management Order (Rec. Doc. 13809).

## I.   PLAINTIFFS' BRIEF IS IN VIOLATION OF THIS COURT'S ORDER AND SHOULD NOT BE CONSIDERED

The Plaintiffs' pleading purports to be both a response to State Farm's Global Motion to Dismiss and its Motion for Entry of Judgment per the Court's Post-*She*r Case Management Order.  Pursuant to this Court's March 11, 2008 Order, State Farm timely filed its global motion to dismiss on March 31, 2008.  *See* Rec. Doc. 12091.  Under the terms of that Order, the plaintiffs were required to respond to State Farm's Motion by April 21, 2008.  Thus, the instant Opposition to State Farm's global motion is over ninety (90) days late.  Plaintiffs offer no basis

this delay.  Because Plaintiffs failed to comply with this Court's Order, the untimely Opposition should not be considered.  The Plaintiffs

## II.    PLAINTIFFS' PETITION DOES NOT ASSERT CLAIMS FOR COVERED LOSSES

As evident from their Petition, Plaintiffs exclusively assert claims for insurance proceeds for property damage sustained as a result of canal and levee overtopping, storm surge, and/or levee failures caused by Hurricane Katrina and fails to state any causes of action for covered losses.   Based on this Court's decision in *Chehardy* and the Fifth Circuit's subsequent affirmation of that decision, such losses are clearly and unambiguously excluded by Plaintiffs' homeowners policy.  *See In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.) ("*Katrina Canal Breaches I*"), *aff'd as to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).

The Blooms set out their "Causes of Action" in Section IV of their Petition.  *See* Plaintiffs' Petition at pp. 3-6.  In this section, Plaintiffs allege six (6) counts or theories of liability against State Farm.  *Id.*  Counts 1 through 4 allege causes of action based on breach of various duties allegedly owed by State Farm to Plaintiffs.[1]  *Id.* at pp. 3-4.  Count 5 of the Plaintiffs' Petition seeks a five-part declaratory judgment identical to the five-part declaratory judgment in *Chehardy*.  *See* Plaintiffs' Petition at pp. 3-6; *In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d at 769.  Finally, Count 6 seeks a judgment declaring that State Farm is liable to Plaintiffs for the face value of the their homeowners policy.  Plaintiffs' Petition at p. 6.

---

[1] Count 1 asserts that State Farm is liable to Plaintiffs for refusing to perform its obligations under the terms of the Policy and pursuant to Louisiana Law and alleges that State Farm's breach of those obligations was a proximate cause of damages to the Plaintiffs.  *See* Plaintiffs' Petition at p. 3.  Counts 2 and 3 allege breach of La. R.S. 22:1220 and La. R.S. 22:658, respectively.  *Id.* at pp. 3-4.  Count 4 alleges breach of fiduciary duty.  *Id.* at p. 4.

Under Count 5 of the Causes of Action Section of the Petition, just as the plaintiffs in *Chehardy* asserted, the Blooms assert that, "An actual controversy exists concerning Defendant's duty to provide insurance coverage for water damage to the Property…;" that "the losses suffered by Plaintiffs as a result of Hurricane Katrina are covered losses under the all risk Policy;" that "the efficient and proximate causes of the losses were covered perils;" that "to give the 'flood' exclusions a broad reading and thus **disallow[ ] the coverage for the damages arising from this catastrophic disaster**, which occurred despite the vast and expansive levees existing in the greater New Orleans area, would contravene the very purpose of homeowner's policies;" that "[t]he reasonable expectations of Plaintiffs and other Louisiana policyholders is that 'flood' encompasses overflowing of the Mississippi River, accumulation of surface water due to heavy rainfalls, or similar phenomena, but not the failing of virtually all man-made structures containing Navigable Waters of the United States surrounding the New Orleans Metropolitan Area due to negligent conduct beyond the policyholders' control; that Plaintiffs should not be deprived of the coverage of the all risk Policy where Defendant has drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted; that without resolution of the issue by declaratory judgment, Plaintiffs will be unable to remedy the damages Plaintiffs fully expected were covered by the all risk Policy." *See* Plaintiffs' Petition at pp. 4-5; *In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d at 768-769.  Based on the foregoing, the Plaintiffs, like the plaintiffs in *Chehardy*, seek a judgment declaring that:

> (1) The first efficient proximate cause of the losses ... was 'windstorm,' a covered peril ... thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage;"

(2) The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes ... were acts of negligence;

(3) The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes ... was storm surge, a known meteorological phenomenon that is not specifically excluded by the Policies;

(4) The breaking or failure of boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded" by the Policies;

(5) The damage caused by water entering the City of New Orleans and adjoining parishes ... due to the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the regular definition of 'flood,' nor within any of the subject insurance policies' exclusions of 'flood.'  *See* Plaintiffs' Petition at pp. 5-6; *In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d at 768-769 (quoting *Chehardy* Amended and Restated Petition at pp. 17-18.).

The above-language is *virtually identical* to the language contained in the *Chehardy* Amended and Restated Petition and to the language relied upon by this Court in its Order and Reasons granting State Farm Motion to Dismiss in *Chehardy*.  As the Petition clearly indicates, Plaintiffs go to great lengths to set out detailed legal theories upon which their causes of actions are based, yet nowhere do the Plaintiffs include a cause of action for independent uncompensated wind or wind-driven damages.

Thus, pursuant to this Court's Post-*Sher* Case Management Order (Rec. Doc. 13521) dismissing with prejudice all claims asserted by plaintiffs against any insurer defendant alleging the failure of the defendant to provide flood damage coverage under an insurance policy that excludes such coverage, all of Plaintiffs' claims have been fully resolved and there are no other outstanding issues to be litigated in the case.  Accordingly, State Farm respectfully requests that a final judgment of dismissal be entered in favor of State Farm and against Plaintiffs.

## III.    CONCLUSION

For all of the foregoing reasons, and the reasons stated in State Farm's Global Motion to Dismiss and Reply to the Plaintiffs' Liaison Counsels' opposition thereto, State Farm respectfully requests that the Court grant its Motion for entry of final judgment of dismissal in favor of State Farm in accordance with the Court's Post-*Sher* Case Management Order (Rec. Doc. 13521).

Respectfully submitted,

**/s/ David A. Strauss**
LINDSAY A. LARSON III (**T.A.**) #08053
DAVID A. STRAUSS #24665
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
llarson@kingkrebs.com
dstrauss@kingkrebs.com
smonsour@kingkrebs.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

**/s/ David A. Strauss**
**DAVID A. STRAUSS**