UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSILIDATED LITIGATION | * | |
| | * | SECTION "K" MAG. 2 |
| | * | |
| PERTAINS TO: INSURANCE | * | JUDGE STANWOOD R. DUVAL |
| <u>Gaubert</u>, 07-9768 | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

******************************************

<u>REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION FOR ENTRY OF JUDGMENT</u>

Plaintiff's Petition alleges coverage for flood damages under Defendant Louisiana Citizens Property Insurance Corporation's ("LCPIC") homeowner's policy. It argues that the homeowner's policy provided coverage for "man-made" flooding from a breached levee, despite the "water damage" exclusion in that policy. Now that the Louisiana Supreme Court has squarely addressed and rejected this argument, the Plaintiff wants another bite at the apple and is willing to turn his Petition on its head to get it. Because its only claims are for flood damages, this suit should be dismissed in accordance with the Court's Port-*Sher* Case Management Order.

**I.   <u>Plaintiff's Petition Only Makes Claims for Flood Damages.</u>**

The first relevant Paragraph of the Petition is V, where Plaintiff describes the damage to his residence caused, he alleges, by "wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, as alleged below." Paragraph VI alleges that "flood waters" from "levee breaches" damaged the property and that such flooding is covered by the LCPIC policy. "As a result of the aforesaid events," Paragraph VII argues, LCPIC was required to pay policy limits

1

for all coverages based on the Valued Policy Law, La. Rev. Stat. § 22:695. "Instead," the last sentence claims, "Defendant made only partial payment based upon wind and wind driven rain alone."

Plaintiff states that Paragraph VII was "inartfully pleaded." To the contrary; although part of a form petition obviously drafted for use by multiple plaintiffs, Paragraph VII clearly and unambiguously sets out Plaintiff's claim for payment of policy limits. The three sentences of this paragraph work together to state Plaintiff's claim. As a result of the "aforementioned events"—that is, the damage caused by wind, wind driven rain, storm surge, and flooding from overflowing of canals and levee breaches—LCPIC was required to pay policy limits based on the Valued Policy Law. **Instead** of paying full policy limits for the loss of the house as a result of damage caused by wind and flooding combined, LCPIC made a partial payment of those limits based on wind damage **alone**.

Plaintiff focuses on the allegation of "partial payment," arguing that this phrase means "insufficient payment for wind damages covered under the policy." To emphasize this argument, he omits the first word of the sentence when quoting it to the Court: "Defendant made only partial payment based upon wind and wind driven rain alone." He insulates the sentence from the context of the Petition and hopes the Court will examine this "partial" sentence in a vacuum.

So far, the Court has refused the bait. As noted in its order of July 11, 2008, addressing the Hurricane Legal Center's lawsuits against State Farm—all of which contain language identical to that in the Petition here—the problem with the Petitions

> is that plaintiffs basically had plead themselves out of Court as they alleged that "defendants made only partial payment based upon wind and wind driven rain alone." Since there was no coverage for water damage under the State Farm policies, there was no cause of action to maintain.

2

*In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, Rec. Doc. 13786 (E.D. La. 2008) (Duval, J.). As discussed in LCPIC's Motion for Entry of Judgment, the LCPIC policy also excludes coverage for water damages of the kind alleged in the petition. *See In Re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 214, 221 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008); *see also Sher v. Lafayette Ins. Co.*, 07-C-2441 (La. 4/8/08), 2008 WL 928486, *6-7.

LCPIC agrees with this Court's statement that "[t]he original complaint/petition arguably in a wholesale fashion pleads that the amounts paid were correct with respect to the wind and wind-driven rain damage experienced by [plaintiff]." *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, Rec. Doc. 13786 (E.D. La. 2008) (Duval, J.).

LCPIC does not dispute the factual allegation that wind and wind driven rain caused **part** of the damage to Plaintiff's property. Nor that LCPIC paid for that **part** of the damages covered by the homeowner's policy. It is also true that LCPIC's payment was only **part** of the policy limits demanded in Paragraph VII—a **partial payment** based on wind and wind driven rain **alone**. If the Court doubts that Plaintiff's Petition as it was originally drafted fails to state a claim for unpaid wind damages, it can simply look at the proposed amendments Plaintiff desperately wants to make.

The amendments transform the factual allegations and legal purpose of the Petition. Gone are the allegations of flood damage to the property—now, wind and wind alone caused the Plaintiff's total loss. Most transparent is the addition of the following sentence to the end of the "inartful" Paragraph VII: "This partial payment did not constitute full payment of all the damage caused by wind and Defendant still owes Plaintiff additional policy benefits for all the damage caused by wind."

3

What a difference a sentence makes. The "partial payment" of policy limits has now become a "partial payment" of wind damages. LCPIC maintains that Paragraph VII was not as inartful as Plaintiff now claims. This new addition is not the art Plaintiff seeks, but rather an artifice intended to avoid the end of this lawsuit as ordered by the Court.

Plaintiff misguidedly cites at length the case of *General Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946 (5th Cir. 1999). That case concerned an apparent drafting error in a complaint—use of the word "plaintiff" instead of "insured" when describing the duty owed by the defendant. *Id.* at 950. The rest of the paragraph "correctly characterize[d] the nature of the duty owed" by the defendant, and "succinctly describe[d] the circumstances which gave rise to an alleged breach of this duty." *Id.* at 951. The only mistake was attributing the duty of the defendant to the plaintiff, rather than to a party to which the plaintiff was subrogated. *Id.* A later paragraph specifically reiterated the plaintiff's right of subrogation—"mitigat[ing] the potentially damaging effect of this error." *Id.* When read as a whole, the complaint clearly set out the plaintiff's subrogated claim against the defendant. *Id.*

Here, there is no such "mitigation," because none is needed. The Petition alleges failure to pay for flood damages under a homeowner's claim. No other paragraphs in the Petition describe the theory of recovery Plaintiff now seeks to argue. In fact, most of the substantive allegations discuss flood damages and coverage for those damages under the homeowner's policies. Not once does the Plaintiff "succinctly describe" the purported failure of LCPIC to pay for all wind damages. Unlike the complaint in *General Star*, when read as a whole Plaintiff's Petition does not give any notice to LCPIC that the Plaintiff's wind damage claim was not completely paid.

4

**II. <u>Plaintiff Should Not Be Permitted to Amend His Petition at this Time.</u>**

LCPIC is aware of the Court's instructions regarding additional briefing on Plaintiff's motion for leave to amend his Petition. This section is presented purely in response to Plaintiff's arguments in his opposition to LCPIC's motion for entry of judgment.

The legal and factual reasons to deny Plaintiff's motion for leave to amend his Petition have been thoroughly briefed by LCPIC's codefendant in this matter, State Farm. *See* Rec. Doc. 13106. For the sake of brevity, and because the Court certainly understands these issues as they apply to both Defendants in this case, LCPIC joins in State Farm's opposition to Plaintiff's motion to amend and re-urges the justifications for that opposition in response to Plaintiff's attempts to amend at this time.

Briefly, the reasons to deny amendment are as follows:

1. The amendment comes almost a year after Plaintiff filed his Petition, and many months after the claims which he now seeks to amend were precluded by the jurisprudence.

2. The amendments are diametrically opposed to the theory of recovery asserted in the original Petition; namely, that Plaintiff's damages were caused by wind, rather than flooding. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

3. Amendments to the Petition that make new and inconsistent factual allegations and assert a new theory of liability will seriously prejudice LCPIC and waste the valuable resources of the parties as well as the Court.

4. Even the proposed amendments contain theories of liability which are precluded by the law as it currently stands and would therefore be futile; specifically, any claims for

5

policy limits under the Valued Policy Law as applied to LCPIC. *See Landry v. Louisiana Citizens Prop. Ins. Co.*, 2007-C-1907 (La. 5/21/08) 983 So.2d 66, 82.

5. Plaintiff's course of conduct in seeking to amend the petition to assert contradictory theories of recovery and allegations of fact, without any discovery of new facts not available at the time of filing, indicates that the amendments are not sought in good faith.

### III. Conclusion

By any but the most strained of readings, Plaintiff's original Petition only claims that LCPIC failed to pay for damages caused by flooding. In August of 2007, the Petition's claims were certainly arguable, but intervening jurisprudence has rejected them. Nearly three years after Katrina, and a year after Plaintiff filed suit, he should not be permitted to amend his Petition to assert contradictory facts and theories of recovery. This Court should enter judgment pursuant to the Post-*Sher* Case Management Order and dismiss Plaintiff's claims, with prejudice.

RESPECTFULLY SUBMITTED:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been filed with the Clerk of Court using the CM/ECF system, which will provide electronic service to all counsel of record.

This 1st day of August, 2008.

   s/ Laurent J. Demosthenidy

Laurent Demosthenidy

   s/ Laurent J. Demosthenidy
Laurent J. Demosthenidy (La. Bar. #30473)
**HULSE & WANEK, APLC**
1010 Common St. Suite 2800
New Orleans, Louisiana 70112
Telephone:   (504) 524-6221
Facsimile:   (504) 529-4106
ljd@hulsewanek.com

**Attorney for Defendant,
Louisiana Citizens Property Insurance Corporation**