UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES        * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION        * | | |
| * | | NO: 05-4182 "K"(2) |
| * | | |
| PERTAINS TO: INSURANCE,        * | | JUDGE DUVAL |
| Moore, 07-8621;        * | | |
| Worgan, 07-8622;        * | | MAG. WILKINSON |
| Woniger, 07-8623;        * | | |
| Gaubert, 07-9768;        * | | |
| Tardo, 08-1164;        * | | |
| Tardo, 08-1165;        * | | |
| Tardo, 08-1166        * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REPLY TO PLAINTIFFS' OPPOSITION TO
STATE FARM'S MOTION FOR ENTRY OF JUDGMENT

**MAY IT PLEASE THE COURT,** in reply to Plaintiffs' Opposition to State Farm's Motion for Entry of Judgment, defendant, State Farm Fire and Casualty Company ("State Farm") respectfully avers as follows:

**I.   THE PETITIONS FILED BY THE HURRICANE LEGAL CENTER DO NOT ASSERT CLAIMS FOR COVERED LOSSES**

   **A. This Court and Judge's Porteous and Feldman Have Already Held These Complaints Do Not State A Valid Cause of Action[1]**

This Court and Judges Porteous and Feldman have already held the complaints at issue do not assert claims for uncompensated wind damages but instead merely seek recovery for non-

---

[1] The caption of Plaintiffs' Opposition indicates that it pertains to *Bloom v. State Farm Fire and Casualty Company*, No. 07-6488, which is also consolidated with the *In re Katrina Canal Breaches Consol. Litig*. However, the plaintiffs in that case are not represented by the Hurricane Legal Center and thus State Farm presumes that this was an oversight.

1

covered flood damage.[2]  Nonetheless the plaintiffs advance the same arguments that have previously been rejected by every court to examine these complaints.  State Farm will thus only summarily reply.

The plaintiffs urge the court to consider the complaint "as a whole." Plaintiffs' Opposition, pp. 4-8.  State Farm agrees.  Yet the plaintiffs selectively cite to paragraphs V and VII of their complaint and fail to address paragraph VI.  When read "as a whole" the relevant allegations are:

> **Paragraph V.**
>
> On August 29, 2005 Hurricane Katrina caused substantial damage to each Plaintiff's real property, including but not limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind, wind driven rain, storm surge, overflowing of canals and breaches of levees, *as alleged below*
>
> **Paragraph VI**
>
> *Flood waters from nearby levee breaches damaged each Plaintiff's real property. These levee breaches were man-made flooding and not natural flooding. Defendant's policy of insurance provided coverage for non-natural flooding from a man-made levee breach.*
>
> **Paragraph VII:**
>
> *As a result of the aforesaid events* Defendant was required to pay each Plaintiff his/her policy limit for damage to structure, other structures, contents, debris removal and loss of use / ALE (additional living expenses).  Defendant was required to make these payments based upon the total destruction of the property and, pursuant to LSA R.S. 22:695, the Valued Policy Statute, Defendant was obligated to make the aforesaid limit payments.

---

[2] *See In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to Abram, No.07 5205, and Acevedo, No. 07 5199), Order [Dkt. No. 10738] (E.D. La. Jan. 22, 2008) (Duval, J.) *Benit v. State Farm Fire and Cas. Co.*, No. 07-6738, Order [Rec. Doc. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Harrington v. State Farm Fire and Cas. Co.*, No. 07-7600, Order [Rec. Doc 18] (E.D. La. Jan. 24, 2008) (Porteous, J.); *Arceneaux v. State Farm Fire and Cas. Co.*, No. 07-7701 Order [Rec. Doc. 16] (E.D. La. May 14, 2008) (Feldman, J.).

> Instead, *Defendant made only partial payment based on wind and wind driven rain alone.* [3]

As this Court recognized, "…the plaintiffs basically plead themselves out of Court as they alleged that 'defendant made only partial payment based upon wind and wind driven rain alone.' Since there was no coverage for water damage under the State Farm policies, there was no cause of action to maintain." *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182 (pertaining to *Abram,* No. 07-5205, and *Acevedo,* No. 07-5199), Order (Rec. Doc. 13786) at p. 5, (E.D. La. July 11, 2008) (Duval, J.). The complaint "as a whole" thus states:

1) The properties were damaged from the hurricane (¶V);

2) The cause of the damage at issue in the complaint was flooding from levee failure (¶VI); and

3) State Farm paid for wind damage alone and now owes the plaintiffs compensation for the total destruction caused by flood damage from the levee failures(¶VI and ¶VII).

In other words, this complaint solely seeks recovery under homeowners policies for flood damage caused by the levee debacle and nothing more.

### B.  Judge Wilkinson Implied The Complaints Do Not State A Cause of Action

Plaintiffs mischaracterize Judge Wilkinson's Order regarding identical petitions in *Aguda* and *Anderson* by illogically asserting that Judge Wilkinson recognized the existence of claims for wind and/or wind-driven rain damages in those petitions. *See* Plaintiffs' Opposition, pp. 7-8. The pleadings before Judge Wilkinson were simply motions for leave to amend the complaints in

---

[3] The *Tardo* complaints vary slightly but not substantively. As explained more fully in State Farm's Reply to the HLC Plaintiffs' Opposition to its Global Motion to Dismiss (Rec. Doc. 13205), these slight variations do not save the plaintiffs' claims and the complaints still fail to state a valid cause of action against State Farm. For example, the plaintiffs added to Paragraph V that, "Wind was the *efficient proximate cause* of all of this damage, causing a total loss of the property." (emphasis added). This argument has been expressly rejected by this Court and the Fifth Circuit. The lead in language to State Farm's flood exclusion has the effect of overriding the efficient proximate cause doctrine under which plaintiffs now attempt to state a cause of action. *See Bilbe v. Belsom and State Farm Fire and Casualty Co.*, ___ F.3d ___, 2008 WL 2332880, at *2 (5th Cir. May 12, 2008) (applying Louisiana law);

3

those cases.[4] The fact that the plaintiffs were seeking to amend the complaints suggests that, contrary to the HLC's representations in the subject pleadings, the plaintiffs recognized the complaints failed to state a cause action and required amendment. Further, Judge Wilkinson denied the HLC's efforts to amend in those cases because he found even the proposed amended complaint *still failed to assert a cause of action.*[5] Judge Wilkinson then provided the HLC with an opportunity to try again but they failed to do within the time allowed by the court.[6]

### C. *General Star* Does Not Support The Plaintiffs' Position

Plaintiffs compare the instant cases with *General Star Indemnity Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir.1999) and urge the Court to reach a similar result regarding the interpretation of the Petition.

In *General Star*, the plaintiff-excess insurer sued the defendant-primary insurer under a theory of subrogation. *Id.* at 948-949. The plaintiff was "standing in the shoes" of the parties' insured, a limited partnership. *Id*. The defendant filed a 12(b)(6) motion to dismiss for failure to state a claim based on a single reference in one paragraph of the complaint which alleged that the defendant owed a duty to the *plaintiff* (the excess insurer) rather than stating that the duty was owed to the *insured* (in whose shoes the plaintiff was standing). *Id.* The Court denied the defendant's motion to dismiss, reasoning that the complaint must be read as whole and a single mistake in one paragraph of the Petition did not warrant dismissal. *General Star Indemnity Co.*, 173 F.3d at 951. Significantly, the Court noted that, "[the plaintiff] mitigates the potentially damaging effect of this error, however, by further alleging in Paragraph 23 that '[a]s the excess

---

[4] *In re Katrina Canal Breaches Litig.*, No. 05-4182 (*Anderson,* No. 07-6737, Order [Rec.Doc. 11296] and *Aguda* No. 07-4457, Order [Rec. Doc 11543]).

[5] *In re Katrina Canal Breaches Litig.*, No. 05-4182 (*Anderson,* No. 07-6737, Order [Rec.Doc. 11296] and *Aguda* No. 07-4457, Order [Rec. Doc 11543]).

[6] *Id.*

4

carrier for [the insured], ... [the plaintiff] is equitably subrogated to [the insured's] rights against [defendant] and hereby asserts [the insured's] claim against [defendant].' *Id.*

In stark contrast, the Petition at issue here, as this Court and numerous divisions of the Eastern District of Louisiana have held, when read as a whole, notified State Farm that the plaintiffs acknowledged that State Farm made payments for covered losses caused by wind and wind driven rain *alone* (¶ VII), and now solely seek recovery of the full policy limits based on the allegation that State Farm was also obligated to pay for water damage caused by "overflowing of canals and breach of levees." Plaintiffs' Petition ¶ V, VI and VII. Indeed, the plaintiffs nowhere in the Petition seek recovery of additional partial payment for alleged unpaid wind damage. The allegations in the complaints notified State Farm that the plaintiffs sought full limits under their policies for damages caused by "flood waters from nearby levee breaches" which was "man-made flooding and not natural flooding," and therefore, according to the plaintiffs, covered under each of the their respective policies. These statements set out the only claims and the grounds upon which the plaintiffs' actions were based – non-covered flood damage. The complaints in no way notified State Farm that plaintiffs sought full policy limits for coverage of wind and wind-driven rain damages. Rather the complaints state that State Farm **did** pay for wind and wind-driven rain damages "**alone**" and solely sets out a factual basis and legal grounds to recover for additional damages caused by flood.

Furthermore, unlike the plaintiff in *General Star*, the Plaintiffs here do not "mitigate" the problems with the complaint. Quite the opposite, the Plaintiffs make allegations throughout the Petition which reinforce the problems with the Petition.

5

## II. THE COURT'S POST-SHER CASE MANAGEMENT ORDER DOES NOT RENDER MOOT STATE FARM'S GLOBAL MOTION TO DISMISS

Plaintiffs argue that State Farm's Motion for Entry of Judgment is "procedurally premature" in light of the fact that the Court has yet to rule on State Farm's Global Motion yet assert that "presumably, State Farm's Motion to Dismiss was rendered moot by the Post-Sher Case Management Order." *See* Plaintiffs' Opposition at p. 9. State Farm filed its Motion for Entry of Judgment based on the Court's Order that "any defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008**." *See* Rec. Doc. 13521. The instant cases fall into the category of cases to which the Order is directed. Without a ruling on its Global Motion, State Farm had no choice but to comply with the deadline imposed by the Court or face the threat of losing its right to do so sub silence.

Further, the Plaintiffs, by presuming that the Post-Sher Case Management Order rendered State Farm's Global Motion moot, fail to recognize that State Farm's Global Motion seeks dismissal of over 300 cases many of which are mass joinders filed by the HLC. The HLC mass joinders are specifically exempted from the Post-Sher CMO. Thus the Post-Sher CMO does not render the pending global motion to dismiss moot.

Also, in its Order regarding the *Acevedo* and *Abram* plaintiffs' Motions for Reconsideration, this Court clearly indicated that State Farm's Global Motion is not moot. *See* Rec. Doc. 13786, p. 16. Specifically, the Court acknowledged that, "all of the HLC cases have been made subject to State Farm's Global Motion to Dismiss…." *Id*.

State Farm has been in a unique position since the issuance of this Court's ruling in *Chehardy* and the subsequent affirmation of that ruling by the Fifth Circuit. *See In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp. 2d 729, 762-63 (E.D. La. 2006) (Duval, J.), *aff'd as*

6

*to State Farm ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S.Ct. 1231 (2008).  In particular, by issuing judgment on State Farm's policy in *Chehardy*, this Court determined that the Supreme Court's decision in *Sher* would not affect this Court's and the Fifth Circuit's decisions in *Chehardy* with respect to State Farm.  *See* Rec. Doc. 13786, p. 10.  In recognition of State Farm's unique posture, this Court ordered that State Farm file a Global Motion to Dismiss.  *See* Rec. Doc. 11613.  Accordingly, State Farm suggests that the Court will continue to recognize State Farm's distinctive posture and rule on its Global Motion – the status of the Post-*Sher* Case Management Order does not affect the validity of claims for flood damage under State Farm homeowners policies.

### III.  THE PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT

As argued in State Farm's Reply to the HLC Plaintiffs' Global Motion to Dismiss (Rec. Doc. (Rec. Doc. 13205), and State Farm's Oppositions to several of the instant Plaintiffs' Motions for Leave to File Amended Complaints,[7] all incorporated herein by reference, an analysis of the relevant Fed.R.Civ.P. 15 factors reveal that amendment is inappropriate.

### IV.  CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court grant State Farm's Motion for Entry of Judgment.

---

[7] *Gaubert,* 07-9768 [Dkt. No. 13107], *Woniger*, 07-8623 [Dkt. No. 13112], *Worgan*, 07-8621 [Dkt. No. 13114], *Moore*, 07-8622 [Dkt. No. 13116]).

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JERGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com; cgarbett@kingkrebs.com;
smonsour@ kingkrebs.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to: all counsel of record.

**/s/ David A. Strauss**
 DAVID A. STRAUSS