UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES         CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, Moore, 07-8621; Worgan, 07-8622; Woniger, 07-8623; Gaubert, 07-9768; Tardo, 08-1164; Tardo, 08-1165; Tardo, 08-1166 | * * * * * * * | JUDGE DUVAL MAG. WILKINSON |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR STAY OF SETTLEMENT OBLIGATIONS UNDER THE COURT'S POST-SHER CASE MANAGEMENT ORDER**

Plaintiffs, Dian and Russell Tardo, Bruce Gaubert, Augostos Woniger, Jack Worgan, and Rhonda and Morris Moore ("Plaintiffs"), and Defendant, State Farm Fire and Casualty Company ("State Farm"), jointly submit this Memorandum in Support of their Joint Motion for Stay of Settlement Obligations Under the Court's Post-*Sher* Case Management Order.

**I.     BACKGROUND AND ARGUMENT**

This Court's Post-*Sher* Case Management Order imposes certain obligations upon the parties designed to promote settlement of the cases to which the Post-*Sher* Case Management Order applies. *See* Rec. Doc. 13521. These settlement obligations require that: (1) no later than July 14, 2008, all plaintiffs submit a written settlement offer to their respective insurer-

defendants; (2) no later than August 14, 2008, counsel for the insurer-defendants evaluate the settlement offers submitted by the plaintiffs and respond with a written settlement counteroffer; and (3) no later than September 12, 2008, all parties confer and advise this Court in writing whether the case presents a strong likelihood of settlement. *Id.* at 3-4. With respect to the above-captioned cases, however, the parties agree that given the unique posture of these cases , settlement negotiations at this time would be premature.

### A. The Above-Captioned Hurricane Legal Center Cases Are Subject To A Pending Motion To Dismiss

On March 11, 2008, this Court ordered that State Farm and Hartford each file a single motion addressing the validity of claims by their insureds in the suits identified in the exhibits attached thereto seeking recovery for flood damages under their respective homeowners policies. *See* Rec. Doc. 11613. State Farm filed its global Motion to Dismiss on March 31, 2008. *See* Rec. Doc. 12091. To date, Judge Duval has not ruled on State Farm's Global Motion.

State Farm's global Motion to Dismiss applies to three-hundred thirty-two (332) cases in the *In Re Katrina Insurance Consolidated Litigation*. The complaints were placed into two (2) categories: (a) cases in which plaintiffs seek to recover for damages caused by flood water alone (not covered under their homeowners policies) (*see* Exhibit A to State Farm's global motion, Rec. Doc. 12091-3); and (b) cases in which plaintiffs seek to recover for damages caused by *both* flood waters (not covered under their homeowners policies) *and* wind/wind-driven rain (potentially covered under their homeowners polices) (*see* Exhibit B to State Farm's global motion, Rec. Doc. 12091-4).

The above-captioned cases, all filed on behalf of plaintiffs represented by the Hurricane Legal Center ("HLC"), are subject to State Farm's pending global Motion to Dismiss. *See* Rec. Doc. 12091. Significantly, each of the suits were categorized as cases in which the plaintiffs

seek to recover for excluded flood damages only and thus the remedy sought by State Farm with respect to each is dismissal of the suits in their entirety.  *Id.*  In light of the fact that State Farm's motion is under advisement, settlement discussions regarding these cases would be premature.

### B. The Above-Captioned Cases Are Subject To A Pending Motion For Entry of Judgment

Additionally, even though State Farm's global Motion to Dismiss is under advisement, out of abundance of caution and in an effort to protect its rights, State Farm filed motions for entry of judgment in each of the captioned suits in compliance with the Court's Post-*Sher* Case Management Order.  *See* Rec. Doc. 13819 (*Tardo*, 08-1166), *see* Rec. Doc. 13823 (*Tardo*, 08-1164), *see* Rec. Doc. 13824 (*Tardo*, 08-1165); *see* Rec. Doc. 13810 (*Gaubert*, 07-9768); *see* Rec. Doc. 13815 (*Moore*, 07-8621); *see* Rec. Doc. 13812 (*Worgan*, 07-8622); *see* Rec. Doc. 13808 (*Woniger*, 07-8623).  Those motions are set to be heard on August 6, 2008.  *Id.*  Thus, in light of those pending motions, settlement negotiations at this time would likewise be premature.

### C. Proposed Solution

As an alternative to the current deadlines imposed by the Post-Sher Case Management Order, the parties request that the current deadlines be postponed to commence upon the entry of a ruling by the District Court on State Farm's global Motion to Dismiss and/or State Farm's Motion for Entry of Judgment.  Specifically, in the event that any of the above-captioned claims against State Farm survive State Farm's global Motion to Dismiss and/or State Farm's Motion for Entry of Judgment, the deadlines outlined in the Post-*Sher* Case Management Order would be transposed to commence on the date of entry of the Order in that case denying, in whole or in part, State Farm's global Motion to Dismiss and/or State Farm's Motion for Entry of Judgment.

The above-captioned suits comprise the handful of individual suits filed by the Hurricane Legal Center that were not part of the of the mass joinders filed by the HLC.  Most of those mass

joinders name State Farm as a defendant and some name State Farm as the sole defendant. Due to the unique posture of these cases as well as the volume of cases filed by plaintiffs represented by the HLC against State Farm, represented by undersigned counsel, this Court has expressed an interest in handling the HLC cases in a distinctive manner. Given that the numerous HLC mass joinders are exempted from the Post-*Sher* Case Management Order, to allow these few cases to likewise be exempted (though only temporarily) would promote consistency of the litigation between State Farm and the HLC.

## II. CONCLUSION

Based on the foregoing, Plaintiffs, Dian and Russell Tardo, Bruce Gaubert, Augostos Woniger, Jack Worgan, and Rhonda and Morris Moore and Defendant, State Farm, respectfully request that the Court grant their Joint Motion for Stay of the Parties' Settlement Obligations Under the Court's Post-Sher Case Management Order.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS **(T.A.)** #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com
Respectfully submitted:

**/s/ Stuart Barasch**
STUART T. BARASCH, #20650
THE HURRICANE LEGAL CENTER
910 Julia Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1944
Facsimile: (504) 525-1279

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**