UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>No.: 05-4182 "K" (2)<br><br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:  ALL INSURANCE | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF POST-SHER INSURANCE UMBRELLA CASE MANAGEMENT ORDER**

1. **INTRODUCTION**

Representative Policyholders Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Dave and Debbie Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Susan Brown (incorrectly identified as Patricia Brown in the Amended Complaint), Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis,

- 1 -

Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation and Mack Barham (collectively, the "Chehardy Representative Policyholders" or "Chehardy Plaintiffs"), hereby file this Reply in Support of their Motion for Reconsideration of Post-Sher Insurance Umbrella Case Management Order.

2.  **ARGUMENT**

    (a) **POLICY EXCLUSIONS CANNOT EVISCERATE COVERAGE UNDER AN ALL-RISK POLICY THAT ATTACHES ONCE A COVERED PERIL CAUSES DAMAGE.**

Under governing Louisiana law regarding the interpretation of insurance policies, coverage grants should be construed broadly, and exclusions construed narrowly. See Bezue v. Hartford Accident and Indem. Co., 224 So. 2d 76, 77 (La. App. 1st Cir. 1969). In this case, it is undisputed that the policies provide coverage for a "windstorm," of which hurricanes are an example. To construe the policy to exclude coverage for the damage that the covered peril of windstorm caused based on the subsequent involvement of water (rain or flooding), eviscerates the coverage of an all-risk homeowners policy and is contrary to Louisiana law. As this Court previously held, homeowners policies are considered types of "all-risk" insurance which extend coverage for "risks not usually contemplated, and generally allows recovery for all fortuitous losses, unless the policy contains a specific exclusion expressly excluding the loss from coverage." Nov. 27, 2006 Opinion, Doc. No. 1803 at 9 (citing Jane Massey Draper, "Coverage Under All-Risk Insurance," 30 A.L.R.5th 170).

There is no specific exclusion in the relevant policies for damage efficiently and proximately caused by windstorm or storm surge. In fact, the Louisiana Supreme Court's ruling in Sher v. Lafayette Insurance Company, 07-2441 (La. 4/8/08), 2008 WL 928486, specifically

stated in the context of rejecting the argument that the levee break was the cause of Mr. Sher's losses as follows:

> [T]he flood at issue was not *caused* by man. The flood was caused by Hurricane Katrina, *not* by man.

Id. at *9 (emphasis in original). Thus, as this Court correctly ruled, "under Louisiana law, unless there is a specific exclusion for the type of water damage that an insured has incurred, coverage is presumed under these policies." Nov. 27, 2006 Opinion, Doc. No. 1803 at 9.

While Defendants try to minimize the import of these governing principles in their response brief, relying principally upon Sher and the Fifth Circuit's prior reversal of this Court's November 27, 2006 decision, those decisions do not foreclose a ruling by this Court that "storm surge" is not within the scope of the flood exclusion, or that the efficient proximate cause of loss was Hurricane Katrina, and no exclusion clearly and unambiguously precludes coverage for those losses.

### (b) DAMAGE CAUSED BY STORM SURGE IS NOT EXCLUDED FROM COVERAGE BY THE WATER DAMAGE EXCLUSION AND, BECAUSE STORM SURGE IS AN EFFICIENT PROXIMATE CAUSE OF THE LOSSES, THERE IS COVERAGE UNDER THE INSURANCE POLICIES.

Nowhere in the Amended Complaint do the Chehardy Representative Policyholders allege that the first efficient proximate cause of their loss was "flood." Instead, the first efficient proximate cause of their losses is alleged to be "windstorm," the second efficient proximate cause is alleged to be the negligence in the design, construction and maintenance of the levees, the claim that has been rejected by the Louisiana Supreme Court and the Fifth Circuit, and the third efficient proximate cause of the Policyholders' losses was the meteorological phenomenon known as "storm surge." See Amended and Restated Complaint, Doc. 516, at 2-3.

In response to the Chehardy Plaintiffs' arguments regarding "storm surge," Defendants cite multiple cases interpreting Mississippi law, which are not controlling in this case. The only case interpreting Louisiana law which is cited by Defendants, Bilbe v. Belson, 530 F.3d 314 (5th Cir. 2008), does not apply for the following reasons. First, the court in Bilbe cites exclusively to Mississippi cases which are not binding on this Court's interpretation of Louisiana law. See id. at 316 – 317. Accordingly, the Chehardy Plaintiffs respectfully submit that upon a closer analysis of controlling Louisiana precedent, the conclusion reached in Bilbe applying Mississippi precedent proves erroneous.

Second, the two courts that have engaged in the most thorough analysis of whether "storm surge" falls within the water damage/flood exclusions have reached the correct conclusion that damages flowing from "storm surge" caused by the Hurricane Katrina windstorm are covered because the exclusions do not clearly and unambiguously apply to "storm surge." See, e.g., Northrop Grumman Corp. v. Factory Mut. Ins. Co., No. CV 05-08444DDPPLAX, 2007 WL 2385134 (C.D.Cal. Aug. 16, 2007) and Pinnacle Entertainment, Inc. v. Allianz Global Risks U.S. Ins. Co., CV-00935 (D. Nev. Mar. 26, 2008) (attached hereto as Exhibit "A"). In Northrop Grumman, the court concluded that the policy did not expressly exclude storm surge, which it defined as a wind-driven inundation of water. See Northrop Grumman, 2007 WL 2385134 at *16-20. Specifically, the court looked to the National Hurricane Center's definition of "storm surge," which provides:

> Storm surge is simply water that is pushed toward the shore by the force of the winds swirling around the storm. This advancing surge combines with the normal tides to create the hurricane storm tide …In addition, wind driven waves are superimposed on the storm tide.

Id. at 14. Further, the court cited to other authority that described the "main driver" of storm surges as the stress the wind exerts on the water. Id. (citing Kerry Emanuel, Divine Wind: The History of Science and Hurricanes, at 147 (2005)).

Similarly, in Pinnacle Entertainment, where the all-risk policy defined flood as "[a] general and temporary condition of partial or complete inundation of normally dry land areas from…the overflow of inland or tidal waters," the court found that this definition did not sufficiently communicate an exclusion for storm surge damage because it did not clearly exclude wind-driven inundations of water. Ex. A at 8. Just like the insurance policies here with their Hurricane Deductible Endorsements, the conjunction of coverage for a Weather Catastrophe Occurrence in Pinnacle Entertainment's policy with the lack of an express exclusion for storm surge led to the conclusion that the exclusion did not preclude coverage.[1]

Third, in this case, State Farm's flood exclusion, the only exclusion addressed in the Fifth Circuit's Bilbe decision, has been treated differently because the "lead-in" language is far broader than any other policy. As this Court has previously ruled, "[t]he State Farm policies contain a specific lead-in which removes the ambiguity with regard to causation of flood—that is natural versus man-made." See Nov. 27, 2006 Opinion, Doc. No. 1803, at 50. Specifically, the State Farm policies exclude coverage "regardless of […] the cause of the excluded event." Id. Therefore, even if State Farm, the insurance company contesting coverage in Bilbe, prevails, that has no application to any other policy language that does not contain the broader lead-in language that appears in the State Farm policy. Regarding all of the other policies, this Court has

---

[1] If the Court adopts the argument raised by Defendants concerning the "wind driven or not" language, the Chehardy Plaintiffs direct the Court's attention to the fact that only certain of the policies that are the subject of the Amended and Restated Complaint contain this language.

ruled that the anti-concurrence causation language did not defeat the efficient proximate cause doctrine. See Nov. 27, 2006 Opinion, Doc. No. 1803, at 30 n.12 ("Louisiana courts have recognized the primacy of the efficient proximate cause doctrine and, to this Court's knowledge, having examined the issue for these purposes, no Louisiana court has directly held that an anti-concurrent cause clause automatically overrides concerns of efficient proximate cause.").[2]

Thus, under the foregoing authority, as well as the authority previously submitted, Defendants' contention that the two prior decisions encompass the Chehardy Policyholders' claims as to "storm surge" should be rejected. Neither the Louisiana Supreme Court nor the Fifth Circuit have addressed this contention, nor did this Court's prior decision. Given that the controlling standard of construction under Louisiana law requires that all-risk insurance policy exclusionary language be strictly and narrowly construed, Defendants' "flood is a flood" argument is unavailing, and the Chehardy Plaintiffs' storm surge claim should not be dismissed.

### (c) WINDSTORM IS A COVERED PERIL UNDER THE ALL-RISK HOMEOWNERS POLICIES AND POLICYHOLDERS MAY RECOVER FOR DAMAGE CAUSED BY WINDSTORM AS THE EFFICIENT PROXIMATE CAUSE OF THEIR LOSSES.

As stated in the Chehardy Representative Policyholders' Complaint, windstorm was the first efficient proximate cause of the loss. Moreover, as stated above, "windstorm" is a covered peril under the relevant insurance policies. Defendants' Response to the Policyholders' Motion for Reconsideration argues that the efficient proximate cause doctrine does not apply. See Defendants' Response at 10. Essentially, Defendants seek to prevent the Policyholders from recovering for damages caused by perils clearly covered under their insurance policies.

---

[2] Finally, the plaintiff in Bilbe is proceeded *pro se*, so there is little doubt that she did not do any briefing that would adequately address these issues.

Louisiana law states that where windstorm is a covered peril, damage that is efficiently and proximately caused by windstorm is covered even if the damage is subsequently exacerbated by an uncovered peril. See Ebert v. Pacific Natl. Fire Ins. Co., 40 So. 2d 40 (La.App. 1949).

Ebert was cited by the Defendants for the proposition that the court need only ask whether the damage was caused by wind or by water. See Response, Doc. No. 14212 at 9. However, in Ebert, the court held that the policyholder was entitled to recover under the insurance policy because windstorm was efficient proximate cause of damage even though subsequent flooding caused additional damage to the policyholder's property. See Ebert, 40 So. 2d at 46. Moreover, another Louisiana case cited by Defendant, Milton v. Main Mut. Ins. Co. of Ill., 261 So. 2d 723 (La. App. 4th Cir. 1972), noted that if the policyholders had provided sufficient proof that windstorm was the proximate cause of the loss, the policyholder would have been entitled to recover even in the event that flooding caused subsequent damage. See id. at 726.

In the instant case, windstorm was the first efficient and proximate cause of the losses incurred by the Chehardy Representative Plaintiffs. See Amended and Restated Compl., Doc. No. 516, at ¶17. Under Louisiana law, where windstorm is the efficient and proximate cause, the policyholder is entitled to recover under an insurance policy covering that peril. The prior rulings in Sher and the Fifth Circuit do not dispel this conclusion. To the extent the Fifth Circuit's decision comments on the efficient proximate cause doctrine, the Chehardy Plaintiffs submit that the Louisiana Supreme Court's subsequent statement in Sher that Hurricane Katrina (and her winds) were the cause of the damage, not man, renders the Fifth Circuit's conclusion that no efficient proximate cause analysis needs to be undertaken in error, as the Sher Court held that the cause of the damage in Louisiana was the covered peril of a hurricane. Finally, proper

application of that analysis compels the conclusion that coverage does attach to the losses that were suffered by the efficient cause of loss -- Hurricane Katrina.[3]

Accordingly, the Chehardy Plaintiffs request that this Court reconsider its Order dismissing the action in light of the issues presented by this Motion for Reconsideration and Louisiana precedent regarding damage caused by windstorm.

### 3. CONCLUSION

For the reasons listed above, the Chehardy Representative Policyholders respectfully request that this Court grant this Motion and reconsider the Court's June 13, 2006 Post-Sher Insurance Umbrella Case Management Order.

Respectfully submitted,

Dated: August 6, 2008

**PLAINTIFFS' SUBGROUP
LITIGATION COMMITTEE – INSURANCE**

By: /s/ Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. (#5486)
LIAISON COUNSEL – PSLC - INSURANCE
FAYARD & HONEYCUTT, APC
519 Florida Avenue, SW
Denham Springs, LA 70726
(225) 664-4193
Email: calvinfayard@fayardlaw.com

And

Joseph M. Bruno (La. Bar No. 3604)
PLAINTIFFS' LIAISON COUNSEL
LAW OFFICE OF JOSEPH M. BRUNO, APLC
855 Baronne Street
New Orleans, LA 70113
(504) 561-6776

---

[3] As quoted previously, aside from State Farm, this Court has previously rejected the argument that the other insurers' anti-concurrent causation language overrides the efficient proximate cause doctrine under Louisiana law. See p. 6, supra.

jbruno@jbrunolaw.com

And

John N. Ellison, Esq. (Admitted *Pro Hac Vice*)
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
Email: jellison@reedsmith.com

James M. Garner (#19589)
SHER, GARNER, CAHILL, RICHTER,
KLEIN, & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112
(504) 299-2100
Email: jgarner@shergarner.com

Joseph J. McKernan (#10027)
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
(225) 926-1234
Email: jemckernan@mckernanlawfirm.com

Drew A. Ranier (#8320)
RANIER, GAYLE, & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171
Email: dranier@rgelaw.com

And

**ADDITIONAL ATTORNEYS FOR CHEHARDY REPRESENTATIVE POLICYHOLDERS**

Darin McMullin (Admitted *Pro Hac Vice*)
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Ste. 2500
Philadelphia, PA 19103
(215) 568-4710
Email: dmcmullen@andersonkill.com

       James P. Roy (#11511)
       DOMENGEAUX WRIGHT ROY
       & EDWARDS LLC
       556 Jefferson Street, Suite 500
       P. O. Box 3668
       Lafayette, LA 70502-3668
       (337) 233-3033
       Email: jimr@wrightroy.com

       Matt Schultz (Admitted *Pro Hac Vice*)
       LEVIN, PAPANTONIO, THOMAS, MITCHELL,
       ECHSNER AND PROCTOR, P.A.
       316 South Baylen Street, Ste. 600
       Pensacola, FL 32502
       (850) 435-7140
       Email: mschultz@levinlaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 6th day of August, 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic service through the CM/ECF system.

       /s/ Calvin C. Fayard, Jr.
       Calvin C. Fayard, Jr., Esq.