UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | * | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*              06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*           06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*               07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, AND IN OPPOSITION TO, LAFARGE NORTH AMERICA, INC'S MOTION FOR A PROTECTIVE ORDER BARRING "TOPIC 23" IN PLAINTIFFS' AMENDED SECOND RULE 30(B)(6) DEPOSITION NOTICE**

In brief, Lafarge has filed a motion duplicative of one already granted by this Court as to a proposed Fed. R. Civ. P. 30(b)(6) deposition topic.  This Court's ruling is presently the subject of an appeal pending before Judge Duval.  Barge Plaintiffs respectfully suggest that Lafarge lacks standing to assert a new motion concerning the same matter under consideration by Judge Duval, and that for the time being, any such effort in the Magistrate Court is moot and superfluous.  Lafarge North America's duplicative motion should be stricken in its entirety.  Alternatively, Barge Plaintiffs urge the Court to deny Lafarge's most recent motion, and in effect, to modify its earlier grant of protection from discovery as to the deposition topic at issue.

Lafarge's most recent motion for a protective order concerns the following proposed Fed. R. Civ. P. 30(b)(6) topic mistakenly designated No. 22 in the Barge Plaintiffs Amended Notice, but referred to as Topic 23 by Lafarge.[1]  This topic includes:

> Any and all facts and circumstances relevant to nature, timing, purpose, occurrence and effects of 2006 stock reacquisition, divestiture, merger, sale, acquisition of Lafarge North America, Inc., to, through, and/or involving Efalar, Inc., Lafarge, SA, Lafarge Group, Cementia Holding Company, Blue Circle North America; the owners, directors, structure, relationships and purposes of any and all of the foregoing; any and all facts and circumstances surrounding and/or contained in Year 2006 SEC filings by any or all of the foregoing; purpose, intent and effects of any and all of the foregoing relative to this litigation and/or to any laws, statutes or regulations governing afore described conduct; any and all facts and circumstances surrounding Rice, et al v. Lafarge North America, Inc., et al, Civil Action 268974V, and consolidated cases, Circuit Court for Montgomery County, Maryland.

Though it would seem that Your Honor was under the impression that this matter was not briefed in Lafarge's prior motion concerning the proposed deposition (Record Doc. 13280), this Court did in fact rule that Lafarge need not produce a witness to testify as to the topic.  This ruling is currently subject of an appeal pending before Judge Duval (Record Doc. 13804), which has already been fully briefed by plaintiffs, and opposed by Lafarge.

The question of Lafarge North America's and The Lafarge Group's re-acquisition of its publicly traded NYSE stock, various mergers, and de-listing from the New York Stock Exchange in the wake of this suit having commenced is but one aspect of an overall pattern of conduct presently under review by Judge Duval.  It involves questions of corporate identity and distinctiveness from the Lafarge parent, assumption by the parent of the subsidiary's pre-merger obligations, reacquisition of public ownership by the majority stockholder corporation via a short-form merger, and the shifting of the defendant's assets.  These questions juxtapose with

---

[1] Two topic nos. 22 were inadvertently designated in the notice.

consideration of Lafarge's insurance coverage, as these questions all bear upon Lafarge's possible impairment of its own solvency in light of its potential obligation to satisfy judgment in favor of the 45000 individuals and 1200 businesses forming the putative barge class. These matters have been put before the District Court in Record Docs. 13804, 13821, which, along with exhibits thereto, are referenced and fully incorporated and adopted into this memorandum, as support for same.

Alternatively, but not to derogate in the least from contentions that the motion should be stricken, the motion is opposed, and should be denied, for the same reasons raised in opposition to Lafarge's prior motion for a protective order - the matter currently on appeal, and for reasons expressed in Record Docs. 13804, 13821, as the matters at issue are integral to discovery of a pattern of questionable events and conduct by Lafarge that affect the present litigation, that are proposed for inclusion in a supplemental complaint for which leave will be sought, and that are important to the Court's ability to manage the schedule currently governing this matter. Plaintiffs also adopt and incorporate by reference their prior submissions in opposition to Lafarge's earlier motion for protective order as to this proposed deposition topic.

## CONCLUSION

For the foregoing reasons, Barge Plaintiffs move for an Order striking Lafarge's "Motion for a Protective Order Barring "Topic 23" in Plaintiffs' Amended Second Rule 30(b)(6) Deposition Notice," Record Doc. 14073, and in the alternative, urge this Court to deny same.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.

        821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com,
karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 6th day of August, 2008.

\s\Brian A. Gilbert