UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K"(2) |
| PERTAINS TO: ROAD HOME | * | |
| *Louisiana State*, C.A. No. 07-5528 | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION OF
STATE FARM FIRE AND CASUALTY COMPANY AND CERTAIN OTHER
INSURER DEFENDANTS TO DISQUALIFY PLAINTIFF'S PRIVATE COUNSEL**

# TABLE OF CONTENTS

I.      DEFENDANTS HAVE STANDING ................................................................................. 1

II.     NEITHER   AUTHORITY   NOR   LOGIC   SUPPORT   COUNSEL'S
        CONTENTION THAT DEFENDANTS MUST CHALLENGE THE LEGALITY
        OF  COUNSEL'S  ARRANGEMENTS  WITH  THE  STATE  THROUGH  A
        SEPARATE ACTION FOR DECLARATORY OR INJUNCTIVE RELIEF .................. 3

III.    THE ELEVENTH AMENDMENT DOES NOT APPLY AND EVEN IF IT DID
        IT  WOULD  NOT  PRECLUDE  THE  COURT  FROM  RULING  ON
        DEFENDANTS' MOTION TO DISQUALIFY ............................................................. 6

IV.     CONCLUSION ............................................................................................................ 9

## TABLE OF AUTHORITIES

<u>**CASES**</u>:

*Brown & Williamson Tobacco Corp. v. Daniel International Corp.*, 563 F.2d 671 (5th Cir. 1977) ................................................................................................................. 1

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ........................................................ 2

*City and County of San Francisco v. Philip Morris, Inc.*, 957 F. Supp. 1130 (N.D. Cal. 1997) ..................................................................................................................... 4, 7

*Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70 (1927) ........................................ 8

*Foti v. Bayer Corp.,* No. 04-439, slip op. (La. Civ. Dist. Ct. Sept. 27, 2004) ..................... 4 n.2-5

*Gardner v. New Jersey*, 329 U.S. 565 (1947) ............................................................ 8

*Gray v. Dummitt*, No. 06-322, 2006 WL 5157708 (E.D.N.Y. Dec. 21, 2007) ............................. 4

*Hutto v. Finney*, 437 U.S. 678 (1978) ................................................................. 7-8

*Ieyoub ex rel. State v. W.R. Grace & Co.*, 97-728 ( La. App. 3 Cir. 3/6/98); 708 So. 2d 1227 ....................................................................................................... 4 n.2-5

*In re Gopman*, 531 F.2d 262 (5th Cir. 1976) ............................................................ 1

*In re Katrina Canal Breaches Litig.*, 524 F.3d 700 (5th Cir. 2008) .................................. 5, 6

*In re Pressman-Gutman Co., Inc.*, 459 F.3d 383 (3d Cir. 2006) ...................................... 2

*Lapides v. Board of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002) ................................ 8

*Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, --- F.3d -- 2008 WL 2779210 (5th Cir. July 18, 2008) ............................................................................................... 6-7

*Meredith v. Ieyoub*, 96-1110 (La. 9/9/97); 700 So. 2d 478 .......................................... 2, 4 n.2

*O'Connor v. Jones*, 946 F.2d 1395 (8th Cir. 1991) ............................................ 1, 2-3, 5-6

*People ex rel. Clancy v. Superior Court*, 705 P.2d 347 (Cal. 1985) .................................. 2

*Tomlinson v. Florida Iron & Metal, Inc.*, 291 F.2d 333 (5th Cir. 1961) ........................ 1-2, 3-4

**<u>RULES:</u>**

Fed. R. Civ. P. 23(a)(4)............................................................................................ 2, 8

LA R. Prof'l Conduct 1.5(c)...........................................................................................1

LA R. Prof'l Conduct1.16(a)(1)……………………………………………………......1

Pursuant to the Court's directive in a status conference on July 21, 2008, and a related minute entry (Doc. 13924), State Farm Fire and Casualty Company and the other moving insurers (*see* Docs. 10937 and 10304) ("Defendants") submit this supplemental reply memorandum in support of their motion to disqualify the State's private law firms ("Counsel").

## I.   DEFENDANTS HAVE STANDING

Counsel acknowledge, as they must, that "non-clients do have standing to seek disqualification of counsel when the motion concerns violations of Court-adopted rules of professional conduct" (Doc. 14256 at 3-4),[1] but claim the fact that their engagement agreements violate the Louisiana Constitution and procurement statutes "is unrelated to either the reporting of violations [of] Court-adopted ethical rules or the Court's inherent authority to regulate the professional conduct of counsel." (*Id.* at 5.)   However, as discussed in Defendants' Supplemental Memorandum (Doc. 14257 at 4-5), Counsel's unconstitutional and unlawful retention agreements do implicate both the Court's ethical rules and its inherent authority to supervise the conduct of counsel appearing before it.   La. R. Prof'l Conduct 1.5(c) (barring contingency fee arrangements that are, *inter alia*, "prohibited by … other law"); La. R. Prof'l Conduct 1.16(a)(1) (prohibiting lawyers from commencing or continuing representations that violate "the rules of professional conduct or other law").

In any event, the Court's inherent power to disqualify an attorney from a case is not limited to situations involving violations of local ethics rules.   It can be based on a separate statute, *see, e.g., Tomlinson v. Fla. Iron & Metal, Inc.*, 291 F.2d 333, 335 (5th Cir. 1961) (granting motion to disqualify taxpayer-plaintiff's counsel on basis of statute imposing time

---

[1] Indeed, numerous cases have so held.   *See O'Connor v. Jones*, 946 F.2d 1395, 1399 (8th Cir. 1991); *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977); *In re Gopman*, 531 F.2d 262, 265-66 (5th Cir. 1976).

restrictions on former government lawyer's ability to act as counsel prosecuting any claim against government), or on state common law.  *See, e.g.*, *People ex rel. Clancy v. Superior Court*, 705 P.2d 347, 353 (Cal. 1985) (disqualifying private lawyer hired by local government to bring nuisance abatement actions because contingent fee arrangement was improper).  In light of the Court's inherent obligation to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991), the Court is not forced to turn a blind eye to the fact that counsel for a party in a case pending before it is operating under an unethical, unlawful, and/or unconstitutional retention agreement or fee arrangement with its client.  This is particularly so where that party has chosen to bring the case as a putative class action.  *See* Fed. R. Civ. P. 23(a)(4).

Defendants note that Counsel open Section I of their supplemental brief with a recitation of general Article III standing case law (*see* 14256 at 2-3).  Yet, courts have recognized that "standing in [the] disqualification context is distinct from Article III standing." *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 402 n.20 (3d Cir. 2006) (holding standing argument addressed to motion to disqualify could be waived whereas Article III standing argument could not).  At any rate, even if the standard Article III formulation were to apply, Defendants have a concrete and particularized interest sufficient to support standing.  This litigation was initiated both after and due to the State's retention of Counsel, and Defendants are forced to defend against the claims asserted.  *See Meredith v. Ieyoub*, 96-1110 (La. 9/9/97); 700 So. 2d 478, 479-81 (finding standing by industry association to challenge constitutionality and legality of retention agreements between private counsel and State prior to filing of any lawsuit based on fact association members "would be subject to law suits filed by [private counsel] under the Contract").  By contrast, the *O'Connor* plaintiff's only standing argument was that the

State's general practice of retaining many different private counsel to represent state officials named as defendants in civil rights lawsuits had the effect of reducing the pool of attorneys available to be appointed to represent plaintiffs in such lawsuits.  The Eighth Circuit found that plaintiff lacked standing to raise this issue, however, because plaintiff himself was well represented in *O'Connor*.  Accordingly, the issue had no bearing on plaintiff's own lawsuit:

> O'Connor in fact enjoys the services of highly capable counsel appointed initially by the District Court, so he has not been injured by the state's retention of private attorneys to represent its interests in his lawsuit.  He cannot base his claim of injury on a wholly speculative injury to others.

946 F.2d at 1400-01.  In contrast to the *O'Connor* plaintiff who had only hypothesized injury to other prisoner-litigants, here Defendants have themselves been injured by Counsel's unlawful retention.

Moreover, Counsel's illegal arrangements serve to imbue them with the powers, authority, and resources of the State.  As a result, Defendants are forced to defend against not only a putative class action lawsuit, but one with the State as named plaintiff and the resulting access to and the imprimatur of governmental authority.

## II.   NEITHER AUTHORITY NOR LOGIC SUPPORT COUNSEL'S CONTENTION THAT DEFENDANTS MUST CHALLENGE THE LEGALITY OF COUNSEL'S ARRANGEMENTS WITH THE STATE THROUGH A SEPARATE ACTION FOR DECLARATORY OR INJUNCTIVE RELIEF

Counsel claim, without citation to any authority, that "any challenge to the validity of a contract must be raised as a separate action by requesting declaratory and/or injunctive relief against the State and its counsel."  (Doc. 14256 at 5.)  Counsel claim to have been unable to locate "any case within the Fifth Circuit in which a court has granted attorney disqualification on any basis other than a violation of the applicable rules of professional conduct" (*id.*), but Defendants have previously identified at least one such case from the Fifth Circuit as well as cases from other federal courts.  *Tomlinson*, 291 F.2d at 335 (granting motion

3

to disqualify taxpayer-plaintiff's counsel on basis of statute imposing time restrictions on former government lawyer's ability to act as counsel prosecuting any claim against government); *see also Gray v. Dummitt*, No. 06-322, 2006 WL 5157708, at *3-4 (E.D.N.Y. Dec. 21, 2007) (holding defendants had standing to seek disqualification of plaintiff's counsel on basis of illegal and/or unethical provisions in plaintiff's retainer agreement with counsel curtailing plaintiff's exclusive right to settle her claims on terms acceptable to her); *City and County of San Francisco v. Philip Morris, Inc.*, 957 F. Supp. 1130, 1135-36 (N.D. Cal. 1997) (addressing, though ultimately denying on the merits, motion to disqualify "Special Attorneys" hired pursuant to contingent fee arrangement to prosecute claims against tobacco manufacturers based on alleged violation of state common law rule relating to retention of private lawyers to represent governmental interests).  In any event, as detailed *supra*, the unlawful and/or unconstitutional nature of Counsel's retention agreements does violate the applicable rules of professional conduct, therefore, even if correct, Counsel's argument would be unavailing.

Counsel point out that the three Louisiana cases in which defendants or potential defendants in lawsuits brought on behalf of the State by private counsel challenged such counsel's engagements all involved claims for declaratory and/or injunctive relief brought in separate or severed proceedings.  (Doc. 14256 at 6.)  However, in the absence of any statute, rule, or case law dictating how such challenges can or must be brought, this limited historical sample can in no way be read as mandating that all such challenges be brought in a similar procedural fashion.[2]  Having conjured such a rule, Counsel seek to rationalize it by contending

---

[2] Note that the first of the three cases, *Meredith*, was filed prior to the initiation of any litigation by or on behalf of the State.  Accordingly, a declaratory or injunctive action was, in fact, the *only* procedural mechanism available to the defendants who anticipated they would be the subject of lawsuits under the illegal agreement.  Given the result in *Meredith*, it is not surprising that the defendants in *W.R. Grace* and *Bayer* raised these issues in a similar procedural manner, but nothing in any of those cases even suggests, much less holds, that a separate declaratory or

4

that a declaratory or injunctive claim allows for the joinder of "the State itself" such that it can "defend its interests" and allows for relief "far broader in its effects than an order disqualifying a counsel from participation in a single case." (*Id.*)  As to the first attempted justification, both the State and the Attorney General are already parties to this action.  Indeed, the State is the named plaintiff and purports to appear through the Attorney General (*see* Amended Pet.); the State and the Attorney General have themselves previously filed briefs in this case separate and apart from Counsel (Doc. 13250); and Counsel themselves previously argued the State was in fact the *only* real party in interest in attempting to defeat federal jurisdiction.  *See In re Katrina Canal Breaches Litig.*, 524 F.3d 700, 706 (5th Cir. 2008).  Accordingly, it is not necessary to file a separate declaratory or injunctive action in order to permit the State to appear as a party.

With respect to Counsel's second attempt at justification for requiring a separate declaratory or injunctive proceeding, it is unlikely that the relief sought by such a proceeding would be any broader than the relief sought by virtue of the present disqualification motion, especially in light of the fact that Counsel's retention agreements all specifically encompass only "the recovery of any monetary amounts that may be due and owing the State with respect to the Road Home subrogation matters" and two of those agreements expressly reference this lawsuit by case number.  (*See* Exs. 2-5.)  Therefore, whether Counsel be "disqualified" or "enjoined" from proceeding under the invalid retention agreements, the result would be the same.  Further, irrespective of the procedural form employed, granting the relief requested by Defendants would have no broader effect outside the instant litigation.  Defendants only seek to disqualify these specific Counsel in this specific case.  By contrast, in *O'Connor* the plaintiff effectively sought a

---

injunctive action is the only permissible way to raise the issue of whether plaintiff's counsel are proceeding under an unlawful agreement. *See generally Ieyoub ex rel. State v. W.R. Grace & Co.*, 97-728 (La. App. 3 Cir. 3/6/98); 708 So. 2d 1227; *Foti v. Bayer Corp.*, No. 04-439, slip op. (La. Civ. Dist. Ct. Sept. 27, 2004) (Ex. 20).

declaration that the state's practices in a large class of cases were categorically unlawful.  *See* 946 F.2d at 1400.

There is no legal basis for the assertion that a challenge to the legality of Counsel's retention agreement must be brought exclusively in the form of an independent action for declaratory or injunctive relief, and it is unquestionably more efficient to resolve that issue in the context of this proceeding.

### III.   THE ELEVENTH AMENDMENT DOES NOT APPLY AND EVEN IF IT DID IT WOULD NOT PRECLUDE THE COURT FROM RULING ON DEFENDANTS' MOTION TO DISQUALIFY

After Defendants' motion has been pending for almost 8 months and two complete rounds of briefing have been submitted, Counsel for the first time claim the Eleventh Amendment precludes the Court from addressing Defendants' motion.[3]  Counsel contend that "the only issues raised by the Insurers fall squarely under the immunity provided States and State officials by the Eleventh Amendment, and cannot be decided in federal court, absent a waiver by the State."  (Doc. 14256 at 8.)  However, Counsel completely fail to address the fact that the Fifth Circuit has already held that the State waived any immunity in this case.  *See Canal Breaches*, 524 F.3d at 707, 710-11.  Further, as the State initiated this action as plaintiff, the Eleventh Amendment does not even apply to this case in the first instance as this Court has previously held, (*see* Transcript of November 14, 2007 Ruling (Doc. 9066) at 82-87), and the Fifth Circuit has confirmed in a similar case.  *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, --- F.3d ----, No. 08-30465, 2008 WL 2779210, at *10 n.12 (5th Cir. July 18, 2008) ("A number of circuit courts have interpreted the Eleventh Amendment as only applicable when a state is a

---

[3] Neither did the State previously assert the Eleventh Amendment in its own separate post-hearing brief on Defendants' motion.  (*See* Doc. 13250.)

defendant. …. This is consistent with Supreme Court precedent.") (citations omitted). Accordingly, Counsel's apparent objection to involving "the State or the Attorney General in his official capacity" is unfounded because (1) this litigation *already* involves the State and the Attorney General in his official capacity, (2) the Eleventh Amendment does not apply since the State initiated this lawsuit, (3) the State has waived any sovereign immunity it might have otherwise had.

Assuming the Court has jurisdiction over a case involving the State as a party (which this Court and the Fifth Circuit have already concluded the Court does in this instance), the State cannot invoke the Eleventh Amendment to preclude the Court from conducting and resolving the litigation according to operative law (be it state or federal), applicable rules and procedure, the governing rules of professional conduct, and the Court's inherent authority to manage and supervise the conduct of the attorneys appearing before it.  It is incongruous for the State to contend that this Court, which has been held to have jurisdiction over the parties and the subject matter of this litigation, is powerless to do anything about the fact that the State's counsel is conducting the litigation in a manner violative of its own laws.  *See City and County of San Francisco*, 957 F. Supp. at 1135-36 (N.D. Cal. 1997) (addressing, though ultimately denying on the merits, motion to disqualify "Special Attorneys" hired pursuant to contingent fee arrangement based on alleged violation of state law relating to retention of private lawyers to represent governmental interests).

Nor can the State selectively assert the Eleventh Amendment to prevent the Court from addressing issues intertwined with and necessarily raised by the litigation; if litigation involving the State is properly within the jurisdiction of the federal courts, then those courts must be permitted to adjudicate the matter as they would any other case.  *See Hutto v. Finney*, 437

U.S. 678, 689-98 (1978) (holding Eleventh Amendment does not preclude federal court from awarding costs or attorney fees against a state that is a party to litigation before it, whether based on generally applicable fee-shifting statute or state's alleged bad faith conduct of litigation); *Gardner v. New Jersey*, 329 U.S. 565, 573-74 (1947) (holding state's filing of proof of claim in bankruptcy court waived sovereign immunity not only as to priority of claim but also adjudication of substantive merits of claim under state law); *Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 77 (1927) ("The incidents of the hearing [of the case] are those which attach to the regular jurisdiction of this Court.").   "A federal court's interest in orderly, expeditious proceedings 'justifies [it] in treating the state just as any other litigant ....'"  *Hutto*, 437 U.S. at 696 (quoting *Fairmont Creamery*, 275 U.S. at 77); *see generally Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002) ("[A]n interpretation of the Eleventh Amendment that finds waiver in the litigation context rests upon the Amendment's presumed recognition of the judicial need to avoid inconsistency, anomaly, and unfairness, and not upon a State's actual preference or desire, which might, after all, favor selective use of 'immunity' to achieve litigation advantages.").

Finally and as detailed previously, the illegality of Counsel's retention agreements does not raise issues solely with respect to state law.  That Counsel are prosecuting this case under an unlawful agreement implicates the Court's rules of professional conduct, the Court's inherent authority to manage litigation and supervise attorneys appearing before it consistent with the fair and efficient administration of justice, and concerns under Rule 23(a)(4).

## IV.     CONCLUSION

For the reasons stated above and in prior briefing, the private law firms retained by the State should be disqualified.

Respectfully submitted,

*/s/ Wayne J. Lee*

Wayne J. Lee, 7916
  wlee@stonepigman.com
Stephen G. Bullock, 3648
  sbullock@stonepigman.com
Mary L. Dumestre, 18873
  mdumestre@stonepigman.com
Andrea L. Fannin, 26280
  afannin@stonepigman.com
                    Of
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

                  And

Charles L. Chassaignac IV, 20746
  cchassaignac@phjlaw.com
                    Of
PORTEOUS, HAINKEL
  & JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801
Telephone:  (225)383-8900
Facsimile:  (225) 383-7900

*Attorneys for State Farm Fire and Casualty Company and State Farm General Insurance Company*

9

*/s/ Maura Z. Pelleteri*
Maura Z. Pelleteri, 8463
Amy S. Malish, 28992
     Of
KREBS, FARLEY & PELLETERI, L.L.C.
Texaco, Center, Suite 2500
400 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 299-3570
Facsimile:  (504) 299-3582

*Attorneys for Aegis Security Insurance Company*


*/s/ Howard B. Kaplan*
Howard B. Kaplan, 14414
     Of
BERNARD CASSISA ELLIOTT & DAVIS
1615 Metairie Road
P.O. Box 55490
Metairie, Louisiana  70055-5490
Telephone:  (504) 834-2612

*Attorneys for Lafayette Insurance Company, United Fire and Casualty Company and United Fire and Indemnity Company*


*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
     Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701

*Attorneys for America First Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Mutual Insurance Company*

10

_/s/ Judy Y. Barrasso_
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
        Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701

_Attorneys for Metlife, Inc., Economy Premier Assurance Company, Metropolitan Casualty Insurance Company, and Metropolitan Property & Casualty Insurance Company_


_/s/ Seth A. Schmeeckle_
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
        Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

        And

Christopher W. Martin,
Texas Bar No. 13057620
Martin R. Sadler,
Texas Bar No. 00788842
        Of
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

_Attorneys for United Services Automobile Association, also separately named by plaintiffs as USAA, USAA Casualty Insurance Company and USAA General Indemnity Company_

11

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
   Of
LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

    And

Of Counsel:

Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
   Of
SONNENSCHEIN NATH &
 ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000

*Attorneys for The Hanover Insurance Company, The Hanover American Insurance Company, and Massachusetts Bay Insurance Company*

*/s/ Deborah B. Rouen*
Deborah B. Rouen, 2084
Chris A. D'Amour, 26252
   Of
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

*Attorneys for Union National Fire Insurance Company*

12

*/s/ Dominic J. Ovella*
Dominic J. Ovella, 15030
Anne E. Medo, 24556
Sean P. Mount, 27584
Daniel M. Redmann, 30685
John Christopher Dippel, Jr., 30480
  Of
HAILEY, MCNAMARA, HALL,
 LARMANN & PAPALE, L.L.P.
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500

*Attorneys for Fidelity and Deposit Company of Maryland, Empire Fire and Marine Insurance Company, Empire Indemnity Insurance Company, and Centre Insurance Company*


*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
  Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, LLC
LL&E Tower
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (5040 589-9701

*Attorneys for Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company*

13

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
           Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

              And

Of Counsel:

Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
           Of
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000

*Attorneys for Horace Mann Insurance Company, Teachers Insurance Company, and Horace Mann Property & Casualty Insurance Company*

/s/ Alan J. Yacoubian
Alan J. Yacoubian, 17213
Neal J. Favret, 24412
Rachel P. Catalanotto, 31095
           Of
JOHNSON, JOHNSON, BARRIOS &
  YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana  70139-7708
Telephone:  (504) 528-3001

*Attorneys for Auto Club Family Insurance Company*

14

/s/ *Neil C. Abramson*
Neil C. Abramson, 21436
Nora B. Bilbro, 22955
Jacqueline M. Brettner, 30412
      Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

      And

Marshall M. Redmon, 18398
      Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana  70802
Telephone:  (225) 346-0285
Facsimile:  (225) 381-9197

*Attorneys for Homesite Insurance Company*


/s/ *Harry Rosenberg*
Harry Rosenberg, 11465
Jacqueline M. Brettner, 30412
      Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

*Attorneys for Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company*

*/s/ Marshall M. Redmon*
Marshall M. Redmon, 18398
    Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana  70802
Telephone:  (225) 346-0285
Facsimile:  (225) 381-9197

    And

Amy R. Sabrin
    Of
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760

*Attorneys for Farmers Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Company, and Foremost Signature Insurance Company*


*/s/ Neil C. Abramson*
Neil C. Abramson, 21436
Jacqueline M. Brettner, 30412
    Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

*Attorneys for American Manufacturers Mutual Insurance Company, Kemper Casualty Insurance Company, Lumbermens Mutual Casualty Company, Merastar Insurance Company, Unitrin Preferred Insurance Company, Unitrin Auto and Home Insurance Company, Trinity Universal Insurance Company, and Trinity Universal Insurance Company of Kansas, Inc.*

16

_/s/ Harry Rosenberg_

Harry Rosenberg, 11465
Jay R. Sever, 23935
Jacqueline M. Brettner, 30412
       Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

_Attorneys for Scottsdale Indemnity Company_
_and Scottsdale Insurance Company_

17

_/s/ Ralph S. Hubbard_
Ralph S. Hubbard, III, 7040
Seth A. Schmeeckle, 27076
     Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

       And

Stephen E. Goldman
Wystan M. Ackerman
     Of
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597
Telephone:  (860) 275-8200
Facsimile:  (860) 275-8299

_Attorneys for The Standard Fire Insurance Company, "St. Paul" (a non-existent entity), "St. Paul Travelers Insurance Company" (a non-existent entity), St. Paul Fire & Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, St. Paul Protective Insurance Company, St. Paul Surplus Lines Insurance Company, Travelers Casualty Insurance Company of America, Travelers Casualty and Surety Company, Travelers Home & Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Insurance Company (a non-existent entity), Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, and The Automobile Insurance Company of Hartford, Connecticut_

18

*/s/ Christopher R. Pennison*
Jay M. Lonero, 20642
Christopher R. Pennison, 22584
Angie Arceneaux Akers, 26786
Of
LARZELERE PICOU WELLS SIMPSON
LONERO, LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 834-6500
Fax:  (504) 834-6565
*ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY,
AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY, AMERICAN
NATIONAL GENERAL INSURANCE
COMPANY, AND ANPAC LOUISIANA
INSURANCE COMPANY*

## CERTIFICATE

I hereby certify that a copy of the foregoing Supplemental Reply Memorandum in Support of Motion of State Farm Fire and Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiff's Private Counsel has been served upon all counsel of record by electronic notice from the Court's CM/EC Filing System, this 8th day of August, 2008.

*/s/ Wayne J. Lee*

19