## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **NO. 05-4182 "K"(2)** |
| **PERTAINS TO: ROAD HOME** | * | |
| *Louisiana State*, C.A. No. 07-5528 | * | **JUDGE DUVAL** |
| | * | |
| | * | **MAGISTRATE WILKINSON** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S COUNSEL'S REPLY TO SUPPLEMENTAL MEMORANDUM
### IN SUPPORT OF MOTION OF STATE FARM FIRE AND CASUALTY COMPANY
### AND CERTAIN OTHER INSURER DEFENDANTS
### TO DISQUALIFY PLAINTIFFS' PRIVATE COUNSEL

Paul G. Aucoin, Attorney at Law; The Dudenhefer Law Firm, L.L.C., Fayard & Honeycutt, A.P.C.; McKernan Law Firm; Ranier, Gayle and Elliot, L.L.C.; and Domengeaux Wright Roy & Edwards L.L.C., along with their individual counsel who have appeared in this case, all through their undersigned counsel, respectfully submit this reply to the supplemental memorandum in support of State Farm Fire and Casualty Company and certain other insurer defendants' (collectively the "Insurers") motion to disqualify plaintiffs' private counsel in accordance with the Court's minute entry dated July 21, 2008.

As stated in our supplemental brief, the Insurers: (1) cannot challenge the validity of the State's contracts with its counsel in a motion to disqualify and (2) are prohibited by the Eleventh Amendment from asserting such a claim in federal court. As such, this Court cannot decide this issue. Moreover, even if the Court can decide this issue, disqualification is inappropriate at this

juncture as allowing time to cure any alleged deficiency is a more appropriate and less drastic remedy. Finally, the Insurers' assertions regarding its conflicts claims are outside of the scope of this brief and should be stricken or disregarded in their entirety.

**I.    The Insurers have not established that they can challenge the validity of the State's contracts with counsel in a motion to disqualify.**

In seeking to disqualify counsel in this case, the Insurers have the burden of proving that they have standing to seek such relief. In their supplemental brief, the Insurers assert that: (1) this Court has the inherent authority to disqualify an attorney from this case and to enforce any applicable ethical rules, and (2) the Louisiana Supreme Court's decision in *Meredith v. Ieyoub* provides standing in this instance.[1]

Despite these assertions, the Insurers have not proven that they have the right to seek to disqualify counsel by challenging the validity of the State's contract with its counsel. Motions to disqualify are limited to situations in which there are ethical violations, such as conflicts of interest and the inability to be neutral, that prevent counsel from adequately representing his or her client on a particular claim. They are not intended to be an all-encompassing remedy for any issue related to the engagement and conduct of counsel. Because our situation is not one of the scenarios that a motion to disqualify was designed to rectify, the Insurers' request for relief through such a motion is improper.

Although the Court's inherent authority to disqualify counsel and to enforce applicable ethical rules are not disputed, this alone is insufficient to allow disqualification in this case because the manner in which the Insurers have requested this relief is inappropriate. Moreover, the *Meredith* decision is inapplicable because it did not consider the limitations of a motion to

---

[1] To the extent that the Insurers contend that the issue of standing has been waived, Plaintiff's Counsel note that "objections to standing are never waived" and can even be raised by the Court *sua sponte*. *Lang v. French*, 154 F.3d 217, 222 n.28 (5th Cir. 1998)(quoting *In re: Weaver*, 632 F.2d 461, 463 n.6 (5th Cir. 1980). Thus, this issue is properly before the Court.

disqualify, particularly when brought against opposing counsel by non-clients. Because motions to disqualify by non-clients are limited to situations in which there are ethical violations that affect the ability of counsel to provide adequate representation to his or her clients, the Insurers' claims with respect to the validity of the State's contracts with its counsel are improperly in front of this Court in the guise of a motion to disqualify; thus, the Court cannot grant the requested relief—disqualification—for these claims.

A.     **Although the Court has the inherent authority to regulate counsel and to enforce any applicable ethical rules, the use of that authority is limited by the relief requested.**

Plaintiff's Counsel does not dispute that this Court has the power to disqualify counsel or that it has the inherent authority to oversee attorneys. Rather, they challenge whether the Insurers properly can bring this issue before this Court as a "motion to disqualify" counsel. In their motion, the Insurers assert that counsel should be disqualified from representing the State because the State's contracts with counsel are invalid and thus unenforceable. More particularly, the Insurers claim that the Division of Administration must concur in each separate contract for legal services and because it has not done so, the State's contracts with counsel here are not valid. It is only through a determination of whether a Court can grant disqualification on that basis that is at issue. Because it cannot, the Insurers' motion to disqualify is improper.

B.     ***Meredith* does not impact whether the Insurers have standing to seek to move for disqualification in this case.**

Initially, despite the Insurers' assertions, it must be reiterated that *Meredith* does not provide the Insurers with Article III standing in a motion to disqualify. Rather, it is a state-court decision in which the court conferred standing in a separate state-court action requesting declaratory relief. Because the *Meredith* court did not consider the limitations placed on motions

to disqualify, such as who may bring a motion to disqualify counsel and what relief may be sought in such a motion, *Meredith* does not confer standing to the Insurers for its current motion.

In *Meredith*, an oil & gas association filed suit seeking declaratory and injunctive relief against the State because the State's contingency-fee contracts with its counsel allegedly violated the separation-of-powers doctrine.[2]  The *Meredith* Court held that the oil & gas association had standing as a member of the public at large to seek to have a contingency-fee contract with the State declared invalid.[3]  The Court found that the public could seek to restrain a public body from alleged unlawful action upon a "mere showing of an interest, however small and indeterminable,"[4] and concluded that the association had made this "mere showing of an interest" because of the threat of litigation.[5]

But the standing issues in *Meredith* are distinct from the issues raised here.  *First*, Meredith is a state-court decision and thus addresses standing in state courts of general jurisdiction, not in the constitutionally-limited context of Article III standing.  *Second*, *Meredith* only considered the association's standing for purposes of a suit for declaratory relief, not a motion to disqualify.  As explained in our supplemental brief, a motion to disqualify and a suit for declaratory and/or injunctive relief are two very distinct procedures that implicate different rights, standards, and remedies.[6]  Because of these distinctions, *Meredith* does not address the

---

[2]  *Meredith v. Ieyoub*, 700 So. 2d 478, 479-80 (La. 1997).  It should be noted that whether the Commissioner of Administration approved the contracts at issue under La. Rev. Stat. § 49:258 was not at issue in *Meredith*.

[3]  *Id.* at 480-81.

[4]  *Id.* at 480.

[5]  *Id.*

[6]  *See* Plaintiff's Counsel's Supplemental Brief on Standing and Eleventh Amendment Immunity concerning the Motion to Disqualify Plaintiff's Private Counsel, *In re: Katrina Canal Breaches*

4

federal standards for determining who may bring a motion to disqualify counsel and what relief properly may be sought in such a motion. These issues are critical to determining whether the Insurers can challenge the validity of the State's contracts through a motion to disqualify, and, as explained below, prevent the Insurers from raising this issue in a motion to disqualify.

**C.  Non-clients cannot seek disqualification of opposing counsel unless there is an ethical violation that prevents counsel from adequately representing his or her client on a particular claim.**

Fifth Circuit precedent places a considerable burden on non-clients to prove that they can seek disqualification of opposing counsel. As stated in our supplemental brief, the Fifth Circuit has placed limits on who has standing to seek the disqualification of counsel, stating that as a general rule a nonclient lacks standing to seek disqualification.[7] The only exceptions established in the Fifth Circuit to allow a non-client to seek disqualification are: (1) when the nonclient, due to issues of control of the actual client, was effectively a client of the attorney for whom disqualification is sought, (2) the court raised the issue because of "manifest and glaring" conflicts, or (3) there has been a violation of the applicable rules of professional ethics that prevents counsel from adequately representing his or her client.[8] Therefore, as a non-client, the Insurers must prove that they fall within one of these exceptions before they can seek the disqualification of opposing counsel. As the Insurers have failed to do so with respect to the validity of the State's contracts with counsel, they cannot seek disqualification on this ground.

---

*Litigation*, No. 05-cv-4182 (E.D.La. Aug. 1, 2008) (Doc. 14256), at 6-7 (hereinafter "Supplemental Brief"). For instance, an action for declaratory relief: (1) allows all parties affected by the action to be joined to the suit, (2) is governed by the provisions for ordinary proceedings, including time delays and the right to a jury trial, and (3) allows for the right to an appeal as soon as a decision is rendered. In contrast, a motion to disqualify guarantees none of these rights.

[7] *See* Supplemental Brief, at 3.

[8] *Id.* at 3-4.

Because the Insurers have not asserted that they fall under either of the first two exceptions, we need only consider whether the Insurers' claim that the State has not properly entered into a contract with its counsel is based upon a violation of the rules of professional ethics related to counsel's ability to adequately represent his or her client. It is not.

Initially, the Insurers' assertion that the State's contracts violate Rules 1.5(c) and 1.16(a)(1) of the Louisiana Rules of Professional Conduct because they are illegal is incorrect. At issue here, particularly with respect to La. Rev. Stat. § 49:258, is not whether such contracts are illegal, but whether the State has satisfied all of the procedural steps necessary to make them valid and enforceable. Accordingly, even if this Court were to conclude that the concurrence of the Commissioner of Administration is needed each time the Attorney General appoints counsel, and it should not, the failure to obtain such approval does not make these contracts illegal. Rather, these contracts (assuming the procedures for making such a finding were employed) merely would be unenforceable until such time as the Attorney General obtains such approval. Such relief could only be granted if sought in an action for declaratory and/or injunctive relief, not as a motion to disqualify.

Moreover, the Insurers' attempt to frame every statutory issue as an ethical violation through an expansive interpretation of the ethical rules is misguided. The use of the term "or other law" in both provisions is intended to encompass provisions outside of the Rules of Professional Conduct that are similar to the applicable rule. The Insurers' claim that the State did not comply with La. Rev. Stat. § 49:258 before entering into a contract with counsel is substantially unrelated to any other rule of professional conduct; thus, the Insurers' arguments are not covered by these two provisions.

But even if these Rules were so broadly construed, the case law still makes clear that not every alleged ethical violation is intended to be raised as a motion to disqualify. Rather, it is only ethical violations that affect the ability of counsel to provide adequate representation to his or her client that form the basis of a proper motion to disqualify. As there are no allegations of these types of ethical violations here, a request for disqualification is improper.

The holdings in the cases cited by the Insurers highlight this point. Neither *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*[9] nor *Cappel v. Adams*[10] concerned a motion to disqualify. Rather, the former concerned a motion to dismiss based on the unauthorized practice of law and the latter concerned a review of the reasonableness of attorneys' fees after the attorney invoked the equitable jurisdiction of the Court to review a settlement. And in *People ex rel. Clancy v. Superior Court*[11] and *City and County of San Francisco v. Philip Morris*,[12] the courts did consider through a motion to disqualify whether a contingency-fee contract affected an attorney's need for neutrality in an enforcement proceeding. But the issue before those courts was whether counsel could adequately represent a public entity if he had a contingency-fee contract, not whether the public entity followed the proper procedure in engaging counsel.

Finally, in *Tomlinson v. Florida Iron & Metal, Inc.*,[13] the Fifth Circuit disqualified an attorney because he violated a statute prohibiting former IRS counsel from representing parties against the IRS within two years after ceasing employment. Although this statute is not

---

[9] 401 F.3d 950,951-52 (8th Cir. 2005).

[10] 434 F.2d 1278, 1280-81 (5th Cir. 1970).

[11] 705 P.2d 347, 348 (Cal. 1985).

[12] 957 F.Supp. 1130, 1135 (N.D. Cal. 1997).

[13] 291 F.2d 333, 335 (5th Cir. 1961).

contained within any rules of professional conduct, it is substantially the same as La. Rule of Professional Conduct 1.11, which covers conflicts of interest for former and current government officers and employees.[14]   As such, this statute is a conflict-of-interest provision that would be encompassed as an "other law" under Rule 1.16(a).

These cases make clear that all ethical issues will not necessarily be determined in a motion to disqualify. Rather, motions to disqualify are limited to situations where an ethical or other violation will prevent counsel from adequately representing his client. Therefore, a motion to disqualify is merited when counsel: (1) has a conflict of interest with a current or former client, (2) cannot satisfy his or her need for neutrality, or (3) is required to act as a witness. But such motions are not appropriate platforms for other issues, such as considering the reasonableness of an attorney's fee or determining whether the proper procedural steps have been taken to retain counsel, as those types of issues have no impact on counsel's ability to provide adequate representation during the course of the litigation. It is for this reason that the "serious doubts" expressed by the *O'Connor* Court about the limited scope of a motion to disqualify are well-founded.

Because the Insurers have not, and cannot, assert that counsel will be unable to provide adequate representation the State based solely on whether the State's contracts complied with applicable procedure for the procurement of legal services, such issues cannot be raised in a motion to disqualify. Thus, the Insurers cannot challenge the validity of the State's contracts in

---

[14] *See also* U.S. Supreme Court Rule 7 ("No employee of this Court shall practice as an attorney or counselor in any court or before any agency of government while employed by the Court; nor shall any person after leaving such employment participate in any professional capacity in any case pending before this Court or in any case being considered for filing in this Court, until two years have elapsed after separation; nor shall a former employee ever participate in any professional capacity in any case that was pending in this Court during the employee's tenure."); La. Rule of Professional Conduct 1.12 (providing conflict rule similar to Rule 1.11 for former judges and law clerks).

the instant motion; instead, any such claim must be raised as a separate action for declaratory and/or injunctive relief. Accordingly, on this basis alone, their motion must be denied.[15]

## II.    Because the Insurers' claims must be brought as a separate action, there is no issue of waiver of Eleventh Amendment immunity.

The Insurers' motion should be denied solely because they cannot seek their requested relief through a motion to disqualify. However, as explained in our supplemental brief, any attempt by the Insurers to raise this in a separate action or counterclaim in federal court will also fail because of the immunity provided to the State and State officials by the Eleventh Amendment.[16]

The Insurers assert that the Eleventh Amendment is inapplicable because the State waived such immunity by seeking relief on behalf of others in the instant action. But even presuming this to be true, and that such waiver would be unaffected by a separation of the State's

---

[15] As they have previously done in seeking disqualification for alleged conflicts, the Insurers again seek to have this Court decide issues merely because they may arise in the context of class certification. Here, the Insurers assert that the "legality of Counsel's fee agreement is without question a relevant consideration" for the determination of whether the State and its counsel can fairly and adequately protect the interests of the proposed class. Supplemental Memorandum in Support of Motion of State Farm Fire and Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiff's Private Counsel, *In re: Katrina Canal Breaches Litigation*, No. 05-cv-4182 (E.D.La. Aug. 1, 2008) (Doc. 14257), at 6 (hereinafter "Insurers' Supplemental Memo"). In addition to the fact that such issues are far from being "without question," the Insurers have not yet answered this suit, the Plaintiff has not yet moved for class certification, and no decision has been made on which counsel will represent the class. Therefore, any consideration of the adequacy of counsel or class representatives at this stage is grossly premature and merely serves to prevent the Plaintiff from having a full opportunity to address these issues as they arise. In fact, it is the Insurers' continued insistence on deciding issues in improper procedural postures that has created many of the difficulties that are currently being addressed in these most recent briefs.

[16] Supplemental Brief, at 7-9. It must be noted that discussion of Eleventh Amendment immunity at this time is premature as the Insurers have not yet answered the suit. Therefore, despite the discussion of these issues in the supplemental briefing, Plaintiff's Counsel reserves the right to more fully brief this issue if and when the Insurers file a pleading seeking declaratory and/or injunctive relief challenging the validity of the State's contracts.

individual and class allegations, any waiver of immunity in the main demand will have no effect on the State's ability to assert Eleventh Amendment immunity as a defense to the Insurers' attacks on its contract with counsel.

It is true that if a State impliedly waives its Eleventh Amendment immunity by consenting to suit in federal court, it waives such immunity not only with respect to that cause of action, but also to any relevant defenses and compulsory counterclaims.[17] But "this implied waiver does not extend to any counterclaim unrelated to the State's claim or asserted for the purpose of obtaining an affirmative judgment against the State."[18] Therefore, any counterclaims that do not arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim" will not be subject to waiver.[19]

Here, any counterclaim that the Insurers may assert regarding the validity of the State's contracts with its counsel does not arise out of the same transaction or occurrence of the State's claims against the Insurers for not providing sufficient coverage under its policies. The State's claims against the Insurers are based on insurance contracts with Road Home recipients, whereas the Insurers' claims are based on being a member of the public seeking to enforce procedural statutes relative to retention of counsel by the State. Because a determination of the contractual coverage issues will not impact the Insurers' right as a member of the public to seek enforcement of state statutes, a decision on one case will have no res judicata effect on the other.

This is clear when one considers that the facts and the law necessary to decide each claim are completely unrelated. In the main demand, the language of the insurance policies and the

---

[17] *Vas-Cath, Inc. v. Curators of the University of Missouri*, 473 F.3d 1376, 1381-82 (Fed. Cir. 2007)(citing *Regents of the Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1126 (Fed. Cir. 2003).

[18] *U.S. v. Mottolo*, 605 F.Supp. 898, 910 (D.C.N.H. 1985)(citing cases).

[19] Fed. R. Civ. P. 13(a).

Insurers' compliance with these policies are at issue. For any counterclaim, the Court will need to consider the State's compliance with statutes for the procurement of legal services. As there is no overlap in the witnesses, documents, or legal analysis between the two claims, they cannot be considered part of the same transaction or occurrence.

As any counterclaim or separate suit regarding the validity of the State's contracts with its counsel does not arise out of the same transaction or occurrence as the main demand, it is not a compulsory counterclaim. Thus, any waiver associated with the main demand will have no impact on the State's immunity from suit in federal court under the Eleventh Amendment. Accordingly, any attempt to raise these issues in federal court will fail.

**III.    Even if the Court can, and does, decide at this time that the State has violated its own statutes in entering into a contract with counsel, disqualification is still unwarranted.**

Even if this Court finds that: (1) it has the authority to decide whether the State's contracts with its counsel are valid and (2) the State may have violated a statute with respect to the retention of counsel (and as explained in this and other briefs it should not), this Court is still not required to disqualify counsel at this time. "Although disqualification is ordinarily the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification is never automatic."[20] In situations where the basis for disqualification can be cured, the harsh and drastic remedy of disqualification is unnecessary. Accordingly, should this Court decide in favor of the Insurers concerning the validity of the State's contracts with its counsel, Plaintiff's Counsel respectfully request that the Court allow the State and its counsel at least sixty (60) days

---

[20] *In re: Suard Barge Services, Inc.*, No. Civ. A. 96-3185 *et al.*, 1997 WL 703000, at *1 (E.D.La. Aug. 18, 1997)(quoting *SWS Fin. Fund A v. Salomon Bros. Inc.*, 790 F.Supp. 1392, 1399-1400 (N.D.Ill.1992)).

to take the necessary action to remedy any supposed violations based on the State's understanding of its own statutes and constitutional provisions.

**IV.   The Insurers' discussion of conflict issues is outside the scope of this Court's Order authorizing this supplemental briefing and should be stricken or disregarded.**

On July 21, 2008, after a conference call with counsel, this Court entered a minute entry ordering additional briefing related to whether: (1) "a federal court has the power under the Eleventh Amendment to declare invalid the contract for legal services between the Louisiana Attorney General and private counsel" and (2) "Defendants had standing in this matter to challenge the validity of the contract between the Attorney General and private counsel."[21]   The Court also urged "the parties to be succinct" and stated that "no repetition of any prior arguments is necessary."[22]   Despite this, the Insurers devoted a section of their brief to re-hash arguments related to their allegations that the representation of the State and individual insureds creates a conflict of interest.[23]   Because these issues are outside the scope of the briefing ordered by this Court, this portion of the brief should be stricken and/or disregarded in its entirety.

To the extent that the Court considers these issues, Plaintiff's Counsel responds as follows. *First*, the Insurers' contention that the compensation requested by the members of the Insurance PSLC is improper is incorrect.   The work performed by members of the Insurance PSLC for which those members now seek compensation do not concern matters that involve, let alone are adverse to, the State or the Road Home program.   Thus, this does not present a conflict. *Second*, the formal withdrawal of Rainier, Gayle & Elliot, LLC (the "Ranier Firm") in some cases after the Post-Hearing Brief was filed does not raise any issues.   The Rainier Firm listed

---

[21] Minute Entry, *In re: Katrina Canal Breaches Litigation*, No. 05-cv-4182 (E.D.La. July 21, 2008) (Doc. 13924).

[22] *Id.*

[23] Insurers' Supplemental Memo, at 10-11.

every case in which it was representing individual insureds in the Post-Hearing Brief. The plaintiffs in the cases mentioned in the Insurers' Supplemental Brief were all referred to other counsel before the Post-Hearing Brief was submitted. Therefore, any insinuations that the Rainier Firm was not forthcoming in its representations to this Court are unfounded. However, to the extent that these responses do not adequately resolve these baseless issues, Plaintiff's Counsel respectfully request the opportunity to more fully address the Court's concerns.

## V.      Conclusion

The Insurers have not established a basis to challenge the State's contracts with its counsel in a motion to disqualify as it is a claim that can only be brought as a separate action. Because the Insurers' claim is an action separate and apart from the events that led to the State's main demand against the Insurers, the claim is fully subject to immunity under the Eleventh Amendment. Accordingly, the Insurers' motion to disqualify should be denied.

Respectfully submitted,

By: ___ /s/ Thomas P. Owen, Jr. _____

Richard C. Stanley, 8487
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
           Of
STANLEY, FLANAGAN &
REUTER, L.L.C
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069

-and-

Basile J. Uddo, 10174
Attorney at Law
3445 North Causeway Boulevard
Suite 724
Metairie, Louisiana 70002
Telephone: (504) 834-1819
Facsimile: (504) 832-7208

Attorneys for Paul G. Aucoin,
Attorney at Law; The Dudenhefer
Law Firm, L.L.C., Fayard &
Honeycutt, A.P.C., McKernan Law
Firm; Ranier, Gayle and Elliot,
L.L.C.; and Domengeaux Wright
Roy & Edwards L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2008, I electronically filed the foregoing Plaintiff's

Counsel's Reply to Supplemental Memorandum in Support of Motion of State Farm Fire and

Casualty Company and Certain Other Insurer Defendants to Disqualify Plaintiffs' Private

Counsel with the Clerk of Court using the CM/ECF system which will send a notice of filing to

all counsel accepting electronic notice. I further certify that I mailed the foregoing document and

notice of electronic filing filed by first-class mail to all counsel of record who are non-CM/ECF

participants.

            /s/ Thomas P. Owen, Jr.