UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| | * | |
| ALL CASES | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * | | |

MEMORANDUM IN SUPPORT OF
MOTION FOR RECUSAL

**MAY IT PLEASE THE COURT:**

At the hearing in Open Court on Friday, August 8, 2008, pertaining to Record Document No. 198 in Civil Action No. 06-8676, being a motion for disqualification of the presiding Judge, a real "revelation" was made on the record by Stanwood R. Duval, Jr. at the "tail-end" of the hearing, namely, the revelation that: "The Salley firm did appear briefly in 4182, and it was taken care of; it was a mistake and they're out."[1]

Mover respectfully submits that at the very moment that Duval acquired knowledge that "The Salley firm did appear . . . in 4182",[2] then Duval should have immediately recused himself pursuant to the clear provisions of 28 U.S.C. §455(b)(5)(iii)

---

[1] Admittedly, this quotation is from counsel's notes, since the transcript of the proceedings is not yet available.

[2] Presumably, some time in March 2007. See Record Document No. 222 in Civil Action No. 06-8676, bottom of page 9 and top of page 10. Duval and his Staff know the true facts.

-1-

and Canon 3(C) of the Code of Conduct for United States Judges, which provide as follows:

### 28 U.S.C. §455.  Disqualification of justice, judge, or magistrate judge

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

\* \* \*

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

\* \* \*

(iii)   Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

### CANON 3
### A JUDGE SHOULD PERFORM THE DUTIES
### OF THE OFFICE IMPARTIALLY AND DILIGENTLY

The judicial duties of a judge take precedence over all other activities.  In performing the duties prescribed by law, the judge should adhere to the following standards:

C.  <u>Disqualification.</u>

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

\* \* \*

(d)  the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person:

\* \* \*

(iii)  is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

It is to be noted that there is no discretion once a judge acquires such knowledge.  Both the referenced statute and the Canon clearly state that a judge <u>shall disqualify himself</u> when a person related to either the judge or the judge's spouse, or the spouse of such a person, is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.

Mover avers that once Duval acquired knowledge that the Salley firm had appeared as counsel of record for parties in Civil Action No. 05-4182 and consolidated cases, then it was incumbent upon Duval to immediately disqualify himself in order to comply with the referenced statute and Canon. Rather than do what the clear provisions of the statute and Canon required, however, Duval apparently did something else, known only to Duval and his Staff.

Mover respectfully submits that Stanwood R. Duval, Jr. be and he is recused in all Victims of KATRINA litigation as of March 2007, in order to comply with the requirements of the cited statute and Canon, and to avoid even the appearance of impropriety, so that the confidence of the public in our system of justice will not be undermined.

    Respectfully submitted,

    **LAW OFFICES OF**
    **ASHTON R. O'DWYER, JR.**
    **Counsel for Plaintiffs**

    **By:**    **S/Ashton R. O'Dwyer, Jr.**
    Ashton R. O'Dwyer, Jr.
    Bar No. 10166
    821 Baronne Street
    New Orleans, LA 70113
    Tel. 504-679-6166
    Fax. 504-581-4336

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via electronic filing with the Court, this 11th day of August 2008.

    S/Ashton R. O'Dwyer, Jr.