UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
       CONSOLIDATED LITIGATION

                                     NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO, Robinson 06-2268          JUDGE DUVAL
                                     MAG. WILKINSON

## ORDER AND REASONS
## CONCERNING RULE 30(b)(6) DEPOSITION OF THE
## UNITED STATES ARMY CORPS OF ENGINEERS

In the Robinson case and the MRGO putative class action, plaintiffs allege that the

United States Army Corps of Engineers negligently designed, constructed, maintained

and operated the Mississippi River Gulf Outlet ("MRGO"), which runs from the Gulf of

Mexico alongside St. Bernard Parish and into the Industrial Canal in New Orleans.  Their

essential allegations are that the Corps caused, knew of and failed to correct destructive

effects of the MRGO, including "(1) the destruction of the marshlands surrounding the

MR-GO that intensified a huge east-west storm surge resulting in the inundation of much

of New Orleans; and (2) the funnel effect stemming from the MR-GO's faulty design that

accelerated the force and strength of the storm surge to lethal proportions."  Record Doc.

No. 1, Complaint in Robinson et al. v. United States, C.A. No. 06-2268.  Plaintiffs assert

that the negligence of the Corps spanned a period of some 50 years before Hurricane

Katrina struck southern Louisiana in late August 2005, ultimately resulting in catastrophic loss of life and property in Orleans and St. Bernard Parishes during Hurricane Katrina.

The court previously denied Plaintiffs' Rule to Show Cause Why the United States of America Should Not be Ordered to Participate in Good Faith to Complete Discovery. Record Doc. No. 13402.  In that same order, however, plaintiffs in the Robinson case and the MRGO putative class action were required to submit a final version of their proposed notice and list of topics for the Fed. R. Civ. P. 30(b)(6) deposition of the United States. The parties were also permitted additional briefing concerning plaintiffs' final proposed scope of the deposition.  Record Doc. No. 13599.  Plaintiffs filed the required revised final deposition notice and list of proposed topics.  Record Doc. No. 13621.  The court has considered the additional briefing of the parties.  Record Doc. Nos. 13560, 13573, 13624.

Because of the importance and complexity of this Rule 30(b)(6) deposition and the issues raised by the parties, the presiding district judge and the assigned magistrate judge have considered this issue together and are issuing this order jointly.  The instant order will govern the scope and timing of plaintiffs' Rule 30(b)(6) deposition of the United States.

First, some procedural background is necessary.  On March 1, 2007, the court entered Case Management Order ("CMO") No. 4 in the Katrina Canal Breaches Consolidated Litigation, which includes the <u>Robinson</u> case and the MRGO category of cases.  CMO No. 4 provides in relevant part that

> the plaintiffs' Master Discovery Coordinating Committee and the defendants as a group will be allowed a *single seven-hour long Rule 30(b)(6) [FN1] deposition of each entity defendant* and of each non-party corporation, partnership, limited liability company, or other organization. No further Rule 30(b)(6) depositions of a defendant or of a non-party shall be allowed absent written agreement of the Liaison Counsel <u>and</u> the deponent *or order of the Court*.
>
> FN1:  Rule 30(b)(5) depositions of parties will <u>not</u> be permitted.  Requests for production must be made pursuant to Rule 34 and the special rules for document requests provided in this order.

Record Doc. No. 3299, at p. 35, ¶ D(3) (underlining in original; italics added).  When the court crafted CMO No. 4, it anticipated that the Rule 30(b)(6) deposition of the United States would be complex and wide-ranging and would probably require more than seven hours.  That does not mean, however, that the deposition should be completely unlimited.

The instant dispute presents the familiar dichotomy of Fed. R. Civ. P. 26(b) between allowing the parties adequate leeway to discover information relevant to their claims or defenses and imposing limits "to guard against redundant or disproportionate discovery."  Advisory Committee Notes to the 1983 Amendments to the Federal Rules of Civil Procedure <u>reported</u> <u>in</u> <u>Federal Civil Judicial Procedure and Rules</u> at 157

3

(Thomson West Pamph. 2008 ed.).  Here, plaintiffs' deposition notice lists 168 topics, divided chronologically into seven eras of time dating back in history to at least 1957. All of the topics are relevant.  Viewed as a whole, however, and even considering the high stakes of the litigation, the substantial resources of the deponent, and the unique position of the Corps in terms of its knowledge of crucial information, Fed. R. Civ. P. 26(b)(2)(C)(iii), the deposition notice is so broad and far-reaching, in that it covers every conceivable aspect of the MRGO, its levees and its related waterways over a 50-year period, that it is difficult to imagine even this deponent could reasonably comply with such a notice or that, once commenced, a deposition governed by the notice proposed by plaintiffs would ever end.

The United States raises essentially three objections:  (1) that the topics are repetitive and duplicative, (2) that the topics are so broad as to make it impossible to designate a representative with knowledge and (3) that plaintiffs fail to state the topics of inquiry "with reasonable particularity," as required by Rule 30(b)(6).  In the court's view, the principal problem with plaintiffs' deposition notice is <u>not</u> that the topics are not reasonably particular.  Rather, the listing of topics is paradoxically both <u>too</u> particular when considered individually and overly broad and numerous when considered as a whole.  The reasonableness of any topic of inquiry in discovery depends on the circumstances of the case. <u>See</u> Advisory Committee Notes to the 2000 Amendments to

4

the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 167 ("When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action.").

To allow plaintiffs to proceed with their repetitive and duplicative list of 168 proposed deposition topics would be unreasonable. Thus, the court must exercise its discretion to restrict plaintiffs' deposition notice in some reasonable fashion. See Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 162 (Thomson West Pamph. 2008 ed.) ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery . . . . The revision also dispels any doubt as to the power of the court to impose limitations on the length of depositions under Rule 30 . . . ."); Reif v. CNA, 248 F.R.D. 448, 451 (E.D. Pa. 2008) (citing Gallas v. Supreme Ct., 211 F.3d 760, 778 (3d Cir. 2000)) ("Courts have significant discretion when resolving discovery disputes."); Johnson v. Nyack Hosp., 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (The court has "broad powers . . . to regulate or prevent discovery even though the materials sought are within the scope of 26(b).") (quotation and citation omitted); Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2040 at pp. 519-20 (2d ed. 1984) (The court may

order that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.  An order of this kind might be appropriate when discovery would burden the party from whom it is sought unduly, in comparison with any advantage it would provide to the discovering party . . . .  The court also has discretion whether to limit discovery to matters occurring in a particular period of time or otherwise limit the scope of the inquiry.).

This court is very familiar with the issues and has its own views concerning the key topics.  The court is capable of issuing its own notice that would govern this deposition if counsel prove incapable of reasonably doing so themselves.  In fact, in its own evaluation of this issue, the court has identified 31 topics (still broad both in nature and as to the time period that necessarily must be covered, but at least free of redundance, duplication and cumulation) that it considers important.  In the court's view, a few obvious examples of topic listings that the court would find both acceptable and important include any and all funnel effect evaluations; any and all tidal surge evaluations; the design, construction, operation and maintenance of MRGO and coordination or communication with Congress and other agencies (see 22(a) of Record Doc. No. 13621); any and all evaluations of bank erosion of the MRGO; and remedial measures actually taken in light of the Renaissance Reports of 1988, 1994 and 1999.  However, the court also believes that counsel should be expected to know more about their case and what they need to prove than the court does.  In the court's experience, the imposition of restrictions on the number of deposition topics and the time period in

which the deposition must be completed of the type provided herein is the best way to focus deposition-takers on the key issues in a complex matter and to prevent unstructured, unlimited exploration into every conceivable topic, including those of marginal relevance.

Plaintiffs' division of their topic list into seven different eras has caused needless duplication and repetition. Many of the listed topics are verbatim duplicates of each other within the different eras. Two examples suffice to demonstrate this problem. Request No. 109, concerning the impact of MRGO on the marsh environment, and No. 114, concerning the potential of the MRGO to serve as a conduit for hurricane-generated storm surge, seek relevant information. However, each of these topics recurs throughout the eras and should be condensed into one topic. All duplicative topics must be condensed.

Accordingly, **IT IS ORDERED** that, no later than **August 22, 2008**, plaintiffs must identify specifically any 40 deposition topics derived from the 168 topics in their revised deposition notice. Plaintiffs' new list must organize the topics of inquiry by subject matter, not by era, but may cover the entire period of the development, construction and maintenance of the MRGO.

**IT IS FURTHER ORDERED** that no later than **September 8, 2008**, the United States must identify to plaintiffs' counsel, in writing, the most knowledgeable person or

7

group of persons who will testify as its designees about each topic.  Whether the United States is capable of designating persons with personal knowledge of every detail of events that occurred decades ago as to topics that the court will permit to be phrased broadly is extremely doubtful, but the United States nonetheless "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively [sic], the questions posed . . . as to the relevant subject matters."  Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) (quotation and citations omitted). The deposition must take place at a location chosen by the United States, which must also identify the location to plaintiffs' counsel, in writing, no later than **September 8, 2008**.  The deposition is limited to eight (8) business days and must be conducted on Monday through Thursday, September 15 through 18, and Monday through Thursday, September 22 through 25, 2008, beginning promptly at 9:00 a.m. and concluding promptly at 5:30 p.m. each day.  The parties may take a one-hour break for lunch and may take a 15-minute break each morning and afternoon. These time limitations may <u>not</u> be extended, except on stipulation of <u>all</u> parties.  Document production has been separately conducted pursuant to the court's previous orders.  No Rule 30(b)(5) requests for production may be attached

to this notice and no document production as part of this purely testimonial deposition is required.

       New Orleans, Louisiana, this    11th    day of August, 2008.

                           _____
                             STANWOOD R. DUVAL, JR.
                        UNITED STATES DISTRICT JUDGE

                           _____
                           JOSEPH C. WILKINSON, JR.
                      UNITED STATES MAGISTRATE JUDGE