EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                CIVIL ACTION
CONSOLIDATED LITIGATION
                                             NO. 05-4182

PERTAINS TO:                                 SECTION "K"(2)
Hurricane Legal Center Cases-Mass Joinder:[1]
Acevedo I      07-5199
Abram          07-5205
Aguda          07-4457
Anderson       07-6737

## ORDER

The following motions came for hearing in open court on August 8, 2008:

**Doc. 12856 Motion to Vacate (Acevedo I, Abrams)**
**Doc. 12857 Motion for Appeal of Denial of Leave to Amend (Aguda, Anderson, Acevedo, Abram)**

---

[1] The following comprises a matrix of those pending Mass Joinder Cases filed by HLC, the number of plaintiffs joined in the respective action and the status of allegations therein.

| Complaint | C.A. No. | No. of Pl. | Status of Complaint/Petition |
|---|---|---|---|
| Alexander, P. | 07-4455 | 110 | Amended (Doc. 11207) to allege wind as eff. prox. cause |
| Alexander, A. | 07-5768 | 23 | Amended (Doc. 11212) to allege wind as eff. prox. cause |
| Call | 07-5769 | 20 | Amended (Doc. 11211) to allege wind as eff. prox. cause |
| Ansardi | 07-5767 | 43 | Amended (Doc. 11208) to allege wind as eff. prox. cause |
| Aucoin | 07-4458 | 64 | no amendment filed |
| State Farm Defendant Cases: | | | |
| Anderson | 07-6737 | 43 | **subject of these motions** |
| Adams, D. | 07-5206 | 255 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Adams, R. | 07-4459 | 76 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Aguda | 07-4457 | 68 | **subject of these motions** |
| Allen-Perkins | 07-5204 | 134 | Leave den'd (13244) by Mag. b/c of global Mtn to Dism (12091,12151) |
| Various Insurers | | | |
| Abram | 07-5205 | 286 | **subject of these motions** |
| Acevedo I | 07-5199 | 372 | **subject of these motions** |
| Acevedo II | 07-5208 | 414 | no amendment filed |

which motions were also the subject of a previous order in which the chronology of events and defalcations of Stuart T. Barasch (Doc. 13786) are outlined *in extenso* and incorporated herein by reference.

With respect to the Motion to Vacate and the Court's previous dismissal of the *Acevedo I* and *Abrams* cases on January 23, 2008, the Court gave Mr. Barasch an opportunity to explain why he did not immediately file a Motion for Reconsideration upon the entry of the dismissal of those cases. The Court for the reasons stated in open court found the explanation unavailing and not meeting the standards required under Rule 60 for excusable neglect. As such, the Court denied the Motion to Vacate.

As concerns the Motion for Appeal of Denial of Leave to Amend, the Court found the explanations for Mr. Barach's failure to timely file the amended complaints as first contemplated by Judge Wilkinson's first order again without basis. Moreover, as noted by the Court during the hearing, the amended complaints sought to be filed seek to recast the claims of all of the hundreds of plaintiffs as being "caused by wind and wind driven rain alone" which is in direct contravention of the judicial admissions made in the original complaints wherein it was plead with specificity that all of the plaintiffs were damaged by flood waters as well. The Court expressed concern as to whether these allegations were based on actual contact and communication with the clients represented or amounted to wholesale litigation. The Court remains unconvinced that such communication is ongoing and admonishes Mr. Barasch that any failure to properly represent his clients may lead to sanctions.

As noted by the Court, a close reading of the albeit inartfully drafted original complaint sets forth in clear terms that the plaintiffs experienced both flood and wind damage. The

2

problem with the original complaint is the sentence in Paragraph 6 which states "Defendant made only partial payment based upon wind and wind driven rain alone." Having heard the argument of counsel for both plaintiffs and State Farm, the Court found that the true thrust of these claims is underpayment for the wind damage–thus the "partial" payment noted was not intended to mean that the payment was satisfactory for all alleged wind damage, just that there had been some payment made for wind damage. Therefore, the Court will not allow the proposed amendment but regards the issue of "wind damage" as sufficiently pled in the original complaints in compliance with the notice pleading requirement of Fed. R. Civ. P. 8.

As such, for the reasons assigned in open court, the Court will take judicial notice that with respect to all of the complaints filed by the Hurricane Legal Center, the Court will hereafter consider the allegations to include allegations for failure to pay adequately wind damage claims. Likewise, considering the Post-Sher CMO, the Court will also consider that all claims for failing to pay for flood damage are dismissed. Accordingly,

**IT IS ORDERED** that the Motion to Vacate (Acevedo I, Abrams) (Doc. 12856) is **DENIED** and the Motion for Appeal of Denial of Leave to Amend (Aguda, Anderson, Acevedo, Abram) (Doc. 12857) is **DENIED**.

New Orleans, Louisiana, this       11th       day of August, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**