UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| | * | JUDGE: DUVAL |
| *Parfait Family v. USA*              07-3500 | * | MAG: WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LAKE BORGNE BASIN LEVEE DISTRICT'S
MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

The Lake Borgne Basin Levee District ("Lake Borgne") respectfully submits this Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss. Defendant Lafarge North America, Inc.'s ("LNA") First Supplemental and Amended Third Party Complaint against Lake Borgne should be dismissed for the following reasons:

(1) The Third Party Complaint for tort contribution from Lake Borgne fails to state a claim upon which relief can be granted.

(2) The Third Party Complaint for tort indemnity from Lake Borgne fails to state a claim upon which relief can be granted.

**I.     STATEMENT OF FACTS**

During Hurricane Katrina, the retaining wall on the East side of the Industrial Canal was breached, causing widespread flooding in the area below the Industrial Canal. Rec. Doc. 9, Case No. 07-3500, ¶ V. The breach was due in part to the alleged negligence of Lafarge North America, Inc. ("LNA") and/or Zito Fleeting ("Zito") in failing to moor a barge that caused substantial damage when it broke free and passed through the retaining wall. *Id*. at ¶ VI. In

February 2008, several plaintiffs led by the Parfait family brought suit against LNA and Zito for the damages they suffered as a result of this alleged negligence. *Id.* at ¶¶ I-VIII. In June 2008, LNA filed a Third Party Complaint that alleged Lake Borgne failed to comply with its duties of maintaining and operating several levees in the area, and this failure exacerbated the situation in the Industrial Canal. *See* Rec. Doc. 13608-3, Case No. 05-4182, ¶ V. Thus, LNA claimed tort indemnity and contribution from Lake Borgne. *Id.* at ¶ X.

II.   ARGUMENT AND CITATION OF AUTHORITY

A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) is designed "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), *superseded by statute on other grounds as stated in Brown v. Citicorp*, No. 97-C-6337, 1997 U.S. Dist. LEXIS 16496 (N.D. Ill. Oct. 16, 1997); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Rule 12(b)(6) motions directly challenge the legal theory of the complaint, not the sufficiency of any evidence that might be adduced or presented. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

A Rule 12(b)(6) dismissal is appropriate where the alleged claim(s) fails to assert a legally cognizable theory as a matter of law <u>or</u> the claim(s) fail to allege sufficient facts to support a cognizable legal claim. *Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert denied*, 519 U.S. 1028 (1996). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A Rule 12(b)(6) dismissal is proper "if the complaint

lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

Furthermore, the allegations in the pleading must plausibly suggest that the plaintiff is entitled to relief in order to meet "the threshold requirement of [Federal Rule of Civil Procedure] 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 127 S. Ct. at 1966 (granting defendants' 12(b)(6) motion for dismissal where plaintiffs' complaint, which cited lawful parallel conduct in support of its antitrust allegations, failed to present plausible grounds to infer an agreement in violation of § 1 of the Sherman Act). A complaint that "stops short of the line between possibility and plausibility of 'entitlement to relief'" is insufficient. *Id.* at 1966. In this case, Plaintiffs' legal claims suffer from various fatal deficiencies, rendering Rule 12(b)(6) relief appropriate in this case.

**B.     LNA is Only Entitled to Bring this Suit under Maritime and Diversity Jurisdiction**

LNA claims it is entitled to tort contribution and indemnity from Lake Borgne. *See* Rec. Doc. 13608-3, Case No. 05-4182, ¶ X. Accordingly, LNA must provide some jurisdictional basis for this Court to hear those claims. In LNA's original Cross-Claim, it alleged that this Court had jurisdiction under nine different jurisdictional statutes. *See* Rec. Doc. 11633, Case No. 05-4182, ¶ 1. Most of those statutes dealt with jurisdiction over the United States, so those are clearly inapplicable here. Of the remaining statutes, only two form the basis of contribution and indemnity – diversity jurisdiction, 28 U.S.C. § 1332, which would allow LNA to pursue contribution and indemnity under Louisiana law, and admiralty jurisdiction, 28 U.S.C. § 1333, which would allow LNA to pursue contribution and indemnity under the general maritime law. However, as set forth below, LNA is not entitled to recover contribution and indemnity under either a state law or maritime theory.

**C.     The Third Party Complaint for Tort Contribution Fails to State a Claim under Louisiana Law upon Which Relief Can Be Granted.**

As discussed above, LNA has brought suit under this Court's diversity jurisdiction. A federal court exercising diversity jurisdiction applies the law of the forum state. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir. 2000); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, Louisiana law governs in this diversity action. Under Louisiana tort law, the concept of contribution among multiple tortfeasors no longer exists. Contribution was necessary in the time when "one party paid more than its share because of the imposition of a solidary obligation." *Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415, at *2 (E.D. La. June 20, 2001), attached hereto as Exhibit "A."  Under the current law, a party to a negligence action no longer pays more than her share because solidary liability in Louisiana is limited to intentional tort cases. *See id.*; *see also* LA. CIV. CODE art. 2324 (2007). Instead, that party pays according to principles of pure comparative fault, which apportions fault among the multiple tortfeasors in proportion to the damage each tortfeasor caused. *See* LA. CIV. CODE art. 2323 (2006). According to the general comparative fault rule, no party can be held liable for more than its share of the damages. *See Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998) (holding that the amended Civil Code articles 2323 and 2324 "revoked solidarity for non-conspiratorial acts and expressed defendant's liability instead as a 'joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person.'"). Therefore, contribution is no longer viable because a tortfeasor in a negligence action no longer pays more than her share of damages.

Here, LNA has asked for tort contribution from Lake Borgne. Rec. Doc. 13608-3, Case No. 05-4182, ¶ X. Because this is a negligence action, LNA and Lake Borgne cannot be cast solidarily liable for the Plaintiffs' damages. *See* LA. CIV. CODE art. 2324 (2007). Accordingly,

4

neither LNA nor Lake Borgne can be held liable for more than each party's share of the damages. *See Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998). Because LNA will only pay its share of the damages, it has no claim for contribution. Without that claim, LNA is not entitled to relief, and therefore the Court should dismiss this action against Lake Borgne.

**D.     The Third Party Complaint for Tort Indemnity Also Fails to State a Claim under Louisiana law upon Which Relief Can Be Granted.**

In addition to the contribution claim, Louisiana law will govern LNA's claim for tort indemnity. Under Louisiana tort law, indemnity is viable when one party discharges the responsibility of another party. *See Diggs v. Hood*, 772 F.2d 190, 193 (5th Cir. 1985) (citing Louisiana law). When that party discharges the responsibility, she is entitled to get back what she paid from the party who actually owed it. *See id*. However, "Indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor." *Id*. (emphasis added).

With the advent of comparative fault in Louisiana, there is no longer any need for one party to pay the debts of another. *See Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415, at *2 (E.D. La. June 20, 2001); s*ee also* LA. CIV. CODE art. 2323 (2006). Thus, there is no occasion on which a tortfeasor in a negligence action will pay a debt of a fellow tortfeasor. Accordingly, "the doctrine of tort indemnity is more or less a dead letter." *Rachel*, 2001 WL 699415 at *2. Here, LNA has asked for tort indemnity from Lake Borgne. Rec. Doc. 13608-3, Case No. 05-4182, ¶ X. Because LNA will not be forced to pay any debt owed solely by Lake Borgne, then there is no right to indemnity under Louisiana law. Without a valid indemnity claim, LNA is not entitled to relief, and therefore the Court should dismiss this action against Lake Borgne.

**E.    The Face of the Pleadings Establishes that Maritime Law Does Not Apply to this Case.**

In addition to diversity grounds, LNA brings this Third Party action against Lake Borgne under admiralty jurisdiction. LNA believes that it is entitled to contribution and/or indemnity relief under the general maritime law, as well. However, just as with the claims discussed above, any maritime claim also fails to state a claim upon which relief can be granted.

When a party seeks to invoke a federal court's maritime jurisdiction over a tort claim, the party must prove both location and connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (U.S. 1995). This Honorable Court has previously held that maintenance and operation of levees is unrelated to maritime commerce. *See In re Ingram Barge Co.*, 2007 WL 837181, at *6 (E.D. La. March 14, 2007) (citing Parfait), attached hereto as Exhibit "B." "A levee is more akin to those structures like bridges, whose fixed land-based nature and non-maritime purpose have been found not to need the protection of a uniform body of federal law that is accorded vessels which roam the sea for business purposes." *In re Ingram Barge Co.*, 435 F.Supp.2d 524, 530 (E.D. La. 2006). Therefore, a claim centered on the failure to maintain and/or operate levees properly does not establish a sufficient connection with maritime activity to allow a federal court to exercise its admiralty jurisdiction.

Here, LNA claims it is entitled to contribution and/or indemnity from Lake Borgne under maritime law. However, because its claim against Lake Borgne revolves around Lake Borgne's duties to maintain and operate various levees in south Louisiana, the claim clearly does not establish a connection to maritime activity. *See* Rec. Doc. 13608-3, Case No. 05-4182, ¶¶ V, X. Without that connection, there can be no admiralty jurisdiction over this claim.

Furthermore, the claim as presented by LNA does not state any facts that support maritime jurisdiction for any other reason. There are no facts contained in LNA's pleading that

6

suggest levee maintenance and operation are related to the law of admiralty. The facts simply suggest state law contribution and/or tort claims, which as described above are not actionable by LNA. Thus, LNA is not entitled to relief for any claim brought under maritime law or Louisiana tort law.

Finally, any attempt to bring a claim for the maintenance and upkeep under the umbrella of the BARGE cases violates the law of this case. The law of the case doctrine says that courts generally to refuse to reopen what has already been decided. *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006). In this consolidated action, this Court has already decided that maritime issues such as the negligence of mooring and care of barges are to be decided under the BARGE umbrella, while non-maritime issues such as the construction and maintenance of levee projects must be determined under the MRGO umbrella. *See generally* Rec. Doc. 8, Case No. 07-3500, p. 7 (ordering claims about the mooring, movement and care of Ingram Barge 4727 to be consolidated under BARGE, while ordering claims about the design, construction, and maintenance of the Industrial Canal floodwall under MRGO). By brining these inherently non-maritime issues under the maritime arm of this litigation in BARGE, LNA asks the court to reopen an issue it has already resolved. That violates the law of this case. Thus, LNA has not stated a claim for which relief can be granted under the general maritime law.


### III. CONCLUSION

As Lake Borgne have established, the following causes of action must be dismissed as a matter of law:

(1) The Third Party Complaint for tort contribution.

(2) The Third Party Complaint for tort indemnity.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Joseph E. Bearden
_____
**LAWRENCE J. DUPLASS (#5199)
ANDREW D. WEINSTOCK (#18495)
JOSEPH E. BEARDEN, III (#26188)
JENNIFER M. MORRIS (#29936)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
lduplass@duplass.com
andreww@duplass.com
jbearden@duplass.com
jmorris@duplass.com
**Attorneys for Lake Borgne Basin Levee District**

### C E R T I F I C A T E

I hereby certify that on the 12th day of August, 2008, a copy of the foregoing Memorandum in Support of Rule 12(b)(6) Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Joseph E. Bearden
_____
**JOSEPH E. BEARDEN, III #26188**
jbearden@duplass.com