Not Reported in F.Supp.2d                                                                                                     Page 1
Not Reported in F.Supp.2d, 2001 WL 699415 (E.D.La.)
**2001 WL 699415 (E.D.La.)**

Rachel v. Petroleum Helicopters, Inc.
E.D.La.,2001.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Mark RACHEL, et al.
v.
PETROLEUM HELICOPTERS, INC.
**No. CIV. A. 99-3205.**

June 20, 2001.

ORDER AND REASONS

CLEMENT, Chief J.
***1** Before the Court is Defendant Petroleum Helicopters, Inc.'s Motion for Leave of Court to File Third-Party Complaint. For the following reasons, the Motion is DENIED.

A. BACKGROUND

Plaintiff Mark Rachel alleges that he was injured on August 26, 1999 while a passenger aboard a helicopter operated by Defendant Petroleum Helicopters, Inc. ("PHI") that crashed during take-off from an offshore platform. Mr. Rachel claims that he sustained injuries to his right leg and hip, the latter of which required hip replacement surgery. Unfortunately, it appears that the hip implant, manufactured by Sulzer Orthopedics, Inc. ("Sulzer"), may have been defective, requiring a second hip replacement. Mr. Rachel and his wife filed an action for damages against PHI in this Court and are pursuing a separate class-action suit against Sulzer in state court.

B. LAW AND ANALYSIS

PHI seeks leave of Court to file a third-party complaint to assert claims against Sulzer for contribution and/or indemnity for any damages attributable to the faulty hip replacement for which PHI may be held liable. Because PHI served its original answer more than ten days ago, it is required to obtain leave of court to serve its third-party complaint. *See* FED. R. CIV. P. 14(a). District courts are accorded "wide discretion" in determining whether third party complaints should be permitted. *McDonald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Cir.1984) (quoting *Southern Ry. Co. v. Fox,* 339 F.2d 560, 563 (5th Cir.1964)). The Rachels urge the Court to exercise that discretion to deny the proposed third-party complaint because Louisiana no longer recognizes claims for indemnity and contribution in nonintentional tort cases. The Court agrees.[FN1]

> FN1. Because the alleged accident occurred on a platform on the Outer Continental Shelf, the appropriate basis of jurisdiction is the Outer Continental Shelf Lands Act (OCSLA).*See Bartholomew v. CNG Producing Co.,* 832 F.2d 326, 328 (5th Cir.1987). OCSLA requires application of "federal law, supplemented by state law of the adjacent state," here Louisiana. *Id.* (quoting *Rodrigue v. Aetna Casualty Co.,* 395 U.S. 352, 355, 89 S.Ct. 1835, 1837, 23 L.Ed.2d 360 (1969)).

In *Weber v. Charity Hospital,* 475 So.2d 1047, 1050 (La.1985), the Louisiana Supreme Court iterated the long-standing rule that an original "tortfeasor may be liable not only for the injuries he directly causes to the tort victim, but also for the tort victim's additional suffering caused by inappropriate treatment by the doctor, nurse or hospital staff member who treats the injuries directly caused by the [original] tortfeasor."Under the traditional rule, the original tortfeasor was solely liable for the original tort and solidarily liable with the negligent medical providers for damages from the subsequent tort. *See id.* at 1050-51 (stating that the original tortfeasor was solidarily liable with the medical providers for damages resulting from a negligent

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

blood transfusion necessitated by the original tort). In 1996, however, the Louisiana legislature amended Civil Code articles 2323 and 2324, replacing solidary liability in nonintentional tort cases with comparative liability. Thus, in a case such as *Weber* or the case at bar, the original tortfeasor is now liable for only his comparative share of fault for the subsequent tort. *See* Frank L. Maraist & Thomas C. Galligan, Jr., *Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law,* 71 TUL. L. REV. 339, 406-09 (1996); David W. Robertson, *Love and Fury: Recent Radical Revisions to the Law of Comparative Fault,* 59 LA. L. REV. 175, 197 (1998).

**\*2** With the adoption of pure comparative fault in nonintentional tort cases, the need for contribution and indemnity has largely been obviated."[S]ince solidarity is arguably dead in nonintentional tort cases, contribution is of little or no importance. That is, the right of contribution arose only where one party paid more than its share because of the imposition of a solidary obligation. Now, one should never pay more than one's share because there is no more solidarity in nonintentional tort cases.... Additionally, the doctrine of tort indemnity is more or less a dead letter."Maraist & Galligan, 71 TUL. L. REV. at 409;*see also Osgood v. Branam Enters.,* Civ. A. No. 97-3713, 2000 WL 622608 (E.D.La. May 12, 2000) (Vance, J.) (granting third-party defendants' motion to dismiss because third-party plaintiff's claims for indemnity and contribution were no longer viable in light of 1996 amendments). Thus, PHI may assert the comparative negligence of Sulzer as a defense but may not bring claims for contribution or indemnity against Sulzer. Accordingly, the Court DENIES PHI's motion for leave to file its third-party complaint. See 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1443, at 308-10 (2d ed.1990) ("a lack of substance to the third-party claim ... may be sufficient to warrant dismissal of an impleaded party); *cf. Rolf v. City of San Antonio,* 77 F.3d 823, 828 (5th Cir.1996) (court may consider futility of proposed amendments when considering motion to amend under FED. R. CIV. P. 15(a)).

### C. CONCLUSION

Because its proposed third-party complaint states no viable claims,

IT IS ORDERED that Defendant Petroleum Helicopters, Inc.'s Motion for Leave of Court to File Third-Party Complaint is DENIED.

E.D.La.,2001.
Rachel v. Petroleum Helicopters, Inc.
Not Reported in F.Supp.2d, 2001 WL 699415 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.