# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

THE NORTHERN ASSURANCE COMPANY OF
AMERICA and AMERICAN HOME ASSURANCE
COMPANY,

                Plaintiffs,

-against-

LAFARGE NORTH AMERICA, INC., *et al.*,

                Defendants.
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/04/08

08 Civ. 3289 (CSH)

MEMORANDUM OPINION
AND ORDER

HAIGHT, Senior District Judge:

Plaintiffs The Northern Assurance Company of America and American Home Assurance Company (collectively "the Excess Underwriters") filed this declaratory judgment action against defendants Lafarge North America, Inc. ("Lafarge") and American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the American Club") concerning questions of Lafarge's right to a defense and indemnity for claims asserted against it as the result of the breakaway of a chartered barge moored at Lafarge's New Orleans, Louisiana facility during Hurricane Katrina in August 2005.[1]

The Excess Underwriters now move to consolidate the captioned action for all purposes with a pending action for declaratory judgment relief brought in this Court by the American Club against Lafarge bearing docket number 06 CV 3123 (CSH) ("the American Club Action").[2] The American Club cross-moves to stay the captioned action pending resolution of the American

---

[1] The underlying facts are recounted in the Court's prior opinion reported at 474 F.Supp. 2d 474 (S.D.N.Y. 2007), familiarity with which is assumed.

[2] The opinion cited in footnote 1, *supra*, was rendered in the American Club Action.

Club action.

## DISCUSSION

A.  The Excess Underwriters' Motion to Consolidate

The Excess Underwriters' motion for consolidation is denied. If not previously summarily disposed of, a bench trial of the American Club's action against Lafarge and Lafarge's counterclaims will begin before this Court on October 6, 2008. Assuming without deciding that common questions of law and fact exist between the two cases that might otherwise justify consolidation, the imminent trial of the American Club action would be significantly delayed if consolidation with the captioned action were allowed. The American Club points out that there has been no discovery with respect to three of the four causes of action pleaded by the Excess Underwriters, and that at least in respect to them "full discovery from document production to depositions will be necessary." Br. at 10. Counsel for the Excess Underwriters forswear their intentions to take certain depositions, and say that the American Club should be able to glean all relevant evidence from other litigation taking place. However, it is not for counsel for the Excess Underwriters to dictate what discovery should be sufficient for the Club, and it seems entirely likely that consolidation would result in additional discovery generated by the Excess Underwriters' claims. Delay engendered by such discovery would be contrary to the interests of justice because compelling reasons exist for a prompt resolution of the American Club Action. *See* this Court's Memorandum Opinion and Order dated August 1, 2008 in the American Club action. Denial of consolidation works no discernible prejudice upon the Excess Underwriters.

In addition to discovery considerations, there are currently pending in this action three motions that are not yet ripe for decision. Lafarge has moved to dismiss the Excess

2

Underwriters' claims against it for failure to state a cause of action and for failure to include NYMAGIC as a party. The Excess Underwriters have cross-moved for summary judgment on the extent and order in which each of the insurance policies should pay for the cost of defending Lafarge in the litigation pending in the Eastern District of Louisiana. And most recently, on July 16, 2008, NYMAGIC filed a motion to intervene in the action to protect its own interests. These motions are illustrative of the manner in which litigation in this Court involving insurance coverage for the underlying casualty has metastasized. The Court must decide these motions, not yet *sub judice*, before the captioned case is ready for trial by itself or consolidated with a trial of the American Club Action (should that prove necessary) on October 6, 2008.

In these circumstances, and in the exercise of my discretion, I conclude that the trial of the American Club Action on October 6 should not be delayed or complicated by consolidating it with the captioned action.[3]

B.   The American Club's Cross-Motion to Stay the Excess Underwriters' Action

The American Club's cross-motion for a stay is granted. The Excess Underwriters' first cause of action, against the American Club, prays for a declaration that the American Club's denial of coverage to Lafarge is invalid. *See* Compl. ¶¶ 65-82. The Excess Underwriters' second cause of action, against Lafarge, prays for a declaration that they are liable under their policies only after recoveries have been made under the NYMAGIC[4] and American Club policies

---

[3] Plaintiffs' request to submit a sur-reply memorandum in support of their motion to consolidate is denied.

[4] "NYMAGIC" stands for the New York Marine & General Insurance Company. For its place in the pantheon of insurers involved with the breakaway barge, *see* 474 F.Supp. 2d at 479 n.3. NYMAGIC is not a party to the two declaratory judgment actions discussed in text, although it is the plaintiff in a third action, against Lafarge, bearing docket number 05 CV 9612

3

and Lafarge has borne a particular amount the Excess Underwriters ascribe to Lafarge under their interpretation of the American Club policy. *See id.* ¶¶ 83-86. The Excess Underwriters' third cause of action, against Lafarge, prays for a declaration that they are not liable to reimburse Lafarge for certain legal expenses. *See id.* ¶¶ 87-100. The Excess Underwriters' fourth cause of action, against both defendants, prays for a declaration that the policy they issued is excess to the available coverages under all other policies relating to underlying casualty, *see id.* ¶¶ 101-107, including the American Club policy which Lafarge contends extends to the barge at issue in the Louisiana litigation, a contention that the American Club rejects. That particular dispute will be resolved, summarily or by trial, in the American Club Action. That resolution will have a direct or indirect impact upon all the Excess Underwriters' claims for declaratory relief in the captioned case.

As for the Excess Underwriters' first cause of action, resolution of the American Club Action against Lafarge will substantially narrow the issues and ultimately save the parties and the Court from the needless or duplicative expenditure of resources. The Excess Underwriters challenge the American Club's contention that it is not liable under its policy for Lafarge's defense or liability in respect of the underlying incident. That is precisely the issue that will be resolved in the American Club Action.

As for the Excess Underwriters' second and fourth causes of action, a determination of the several insurers' respective liabilities under their policies need not and should not be made before the initial resolution of the American Club's declaratory action against Lafarge. The order of coverage is directly dependent upon the decision in that case.

---

(CSH) ("the NYMAGIC action").

4

As for the Excess Underwriters' third cause of action, NYMAGIC's declaratory judgment action against Lafarge will resolve the issues of whether Lafarge is due defense costs incurred in defending actions against it in Louisiana and whether it possesses the right to appoint defense counsel under the NYMAGIC policy.

While the question is not presently before me, it would appear that, depending upon the outcome of the American Club Action and the NYMAGIC Action, issue preclusion would benefit one or another of the parties in the Excess Underwriters' Action. For the sake of saving time and husbanding the resources of the parties and the Court, the only sensible course is to stay all proceedings in the captioned case until the American Club Action has been decided summarily or by trial. That stay will include briefing and decision on the three pending motions in the captioned case.

## CONCLUSION

For the foregoing reasons:

(1) The plaintiffs' motion for consolidation is DENIED.

(2) The defendant American Club's cross-motion for a stay is GRANTED. All proceedings in the captioned case are stayed pending the Court's further Order.

It is SO ORDERED.

Dated: New York, New York
August 4, 2008

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5