UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
        CONSOLIDATED LITIGATION
                                                                                         NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE                       JUDGE DUVAL
                                                                                        MAG. WILKINSON

## ORDER ON MOTIONS

APPEARANCES: None (on the briefs)

MOTIONS:       (1)  Plaintiffs' Ex Parte Motion for Extension of Time, Record Doc. No. 13794
                      (2)  Joint Motion for Stay of Settlement Obligations Under the Court's Post-Sher Case Management Order, Record Doc. No. 14299

O R D E R E D:

 (1), (2) : DENIED. Both motions seek extension of the deadlines for the exchange of settlement proposals established in the court's "Post-Sher Insurance Umbrella Case Management Order." Record Doc. No. 13521. Where–as here–the court has entered a case management order setting deadlines pursuant to Rule 16, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Relevant factors to consider in determining good cause include (1) the explanation for the failure timely to comply with the deadline; (2) the importance of the requested extension; (3) prejudice; and (4) the availability of a continuance to cure such prejudice. Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

      Good cause to extend these deadlines has not been shown. Hurricane Katrina occurred almost three years ago. The insurance umbrella of the captioned consolidated litigation was established more than two years ago. The decision of the United States

Court of Appeals for the Fifth Circuit concerning the flood exclusion issue central to this consolidation was issued more than a year ago. The <u>Sher</u> decision of the Louisiana Supreme Court was issued more than four months ago. More than ample time for the parties to gather information relevant to their claims and formulate a settlement position has already been provided.

The purpose of the additional 90-day settlement proposal exchange and evaluation period provided in the "Post-Sher Insurance Umbrella Case Management Order" was to provide the parties one final opportunity to settle their cases before this umbrella and its special procedures are largely dissolved and the cases are reallotted and individually set for trial. The parties have until **September 12, 2008** to complete these special settlement efforts and provide me with the required report. Failure to comply with the order or to achieve settlement, of course, does not mean that the possibility of settlement is forever foreclosed. It simply means that the likelihood is high that the case will no longer be included in this umbrella and will, instead, be deconsolidated, reallotted and set for trial or other proceedings as may be deemed appropriate by the judge who then receives it and will preside over the individual case to its conclusion.

New Orleans, Louisiana, this __13th__ day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**