# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| |   CIVIL ACTION |
| | * |
| |   No. 05-4182 |
| IN RE: KATRINA CANAL BREACHES | * |
| CONSOLIDATED LITIGATION | *   SECTION "K" (2) |
| | * |
| | * |
| | *   JUDGE DUVAL |
| PERTAINS TO: LEVEE, MRGO, BARGE | * |
| | * |
| | * |
| | *   MAGISTRATE WILKINSON |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

**EXHIBIT**

tabbies®

1

## CASE MANAGEMENT AND SCHEDULING ORDER NO. 7

The Court, having determined that the goal of judicial economy is furthered by an amendment of the prior scheduling orders issued in this consolidated action as they apply to the BARGE, MRGO, and LEVEE category of cases[1], has reviewed and considered the proposed scheduling orders submitted by the parties. Accordingly, pursuant to Fed. R. Civ. P. 16, **IT IS ORDERED** that the LEVEE, MRGO, and BARGE cases consolidated under this Umbrella shall proceed as set forth below. To the extent any provisions of Case Management and Scheduling Orders Nos. 4 and/or 5 (Rec. Docs. 3299 and 7724) (as they pertain to the LEVEE, MRGO, and

---

[1] Case Management Order No. 7 does not apply to the Insurance or Road Home categories of cases.

BARGE categories of cases) are inconsistent with any of the provisions set forth below or by any other prior Order of this Court, those provisions of CMOs Nos. 4 and/or 5 are hereby explicitly superseded. To the extent that any provisions of CMO Nos. 4 and/or 5 (as they pertain to the LEVEE, MRGO, and BARGE categories of cases) are not inconsistent with any provision set forth herein, they are hereby adopted and incorporated by reference as if set forth herein in their entirety.

I.   **MOTIONS FOR SUMMARY JUDGMENT**

Any party seeking to file a motion for summary judgment may only do so on any date during the windows of time (1) commencing May 1, 2008 and concluding September 1, 2008; and (2) commencing November 1, 2008, and concluding March 1, 2009. All motions for summary judgment shall be noticed for hearing in accordance with the Local Rules for the United States District Court for the Eastern District of Louisiana, such that any opposing party shall have no less than two weeks to submit a memorandum in opposition.

II.  **IDENTIFICATION OF POTENTIAL INDIVIDUAL CASES FOR TRIAL ON THE MERITS**

A.   No later than August 15, 2008, the parties shall submit to the Court any unresolved issues regarding a protocol regarding the identification of individual cases for the purposes of individual merits trials in the event that Plaintiffs' class certification motions are denied or continued.

B.   Any disputes pertaining to the aforementioned unresolved issues shall be heard on September 3, 2008 at 9:30 a.m.

III. **BARGE CLASS CERTIFICATION PROCEEDINGS**

A.   **Motions Concerning Class Certification in the Barge Category of Cases**

1.   The Barge Plaintiffs shall file any Motion for Class Certification within 10 days of the issuance of this Order. The motion must describe each proposed class and sub-class

923100v.1

and designate proposed class representatives (not to exceed five (5) in number), for each proposed class and/or for each proposed sub-class, and the specific basis in the Federal Rules of Civil Procedure as to which class certification is sought. As to each proposed class representative, the motion must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these cases, including whether he or she owned or leased the property, a brief description of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes, and identify for each class representative whether that class representative is making a personal injury or wrongful death claim.

        2.      No later than September 5, 2008, any and all *Daubert* motions relating to class certification in the Barge cases must be filed.

        3.      No later than September 12, 2008, any and all oppositions to any *Daubert* motions relating to class certification in the Barge cases must be filed.

        4.      No later than September 15, 2008, the Barge Plaintiffs shall file any memoranda in support of their motion(s) for class certification.

        5.      No later than November 10, 2008, the Barge Defendants and/or Third Party Defendants shall file any memoranda in opposition to the Barge Plaintiffs' motion(s) for class certification.

        6.      No later than November 24, 2008, the Barge Plaintiffs shall file any Reply Briefs with respect to their Motion(s) for Class Certification.

    **B.**    **Barge Class Certification Discovery**

        **1.**    **Class Certification Preliminary Witness and Exhibit Lists**

        On the 20th day of every month (continuing until the deadlines for Final Class Certification Witness and Exhibit Lists), the Barge Plaintiffs, Defendants and/or Third Party

923100v.1

Defendants shall each file a Preliminary List of Witnesses who may or will be called to testify at any class certification hearing, and Preliminary List of Exhibits that may or will be introduced at any class certification hearing. The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible. Preliminary Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

2. **Class Certification Final Witness and Exhibit Lists**

    a. No later than August 7, 2008, the Barge Plaintiffs, Defendants, and/or Third Party Defendants shall each file a Final List of Witnesses who may or will be called to testify at any class certification hearing. Final Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

    b. No later than September 5, 2008, the Barge Plaintiffs, Defendants, and/or Third Party Defendants shall each file a Final List of Exhibits that may or will be introduced at any class certification hearing. To the extent that a Final List of Exhibits lists any exhibits that have not previously been produced, copies of any and all such exhibits must be served on opposing counsel.

923100v.1

      c.    The Court will not permit any witness (expert or fact) to testify or any exhibits to be introduced unless they are identified on the respective Final Lists absent a showing of good cause by the party seeking to introduce the testimony or exhibit.

3.    **Class Certification Experts**

      a.    No more than five (5) expert witnesses concerning class certification issues per side may be called to testify at any class certification hearing. (The parties are specifically instructed that the Court is not inclined to permit any purported "complex litigation specialist" expert to testify at any class certification hearing.)

      b.    Written reports of class certification experts who may be called as witnesses for the Barge Plaintiffs must be delivered to Liaison Counsel or their designees and to opposing counsel as soon as possible, but in no event later than June 12, 2008.

      c.    Written reports of class certification experts who may be called as witnesses for the Barge Defendants and/or Third Party Defendants must be delivered to Liaison Counsel or their designees and to opposing counsel as soon as possible, but in no event later than August 14, 2008.

      d.    All reports of expert witnesses must comply fully with the requirements of Fed. R. Civ. P. 26(a)(2)(B). Drafts of

expert reports are considered protected work product and shall not be discoverable or admissible for any purpose including impeachment.

**4.**     **Class Certification Depositions and Discovery**

All expert and fact depositions and all fact discovery pertaining to class certification of the Barge cases must be completed no later than August 28, 2008.

**5.**     **Barge Pre-Class Certification Hearing Matters**

      **a.**     The hearing of any *Daubert* motions relating to class certification of the Barge cases shall commence October 8, 2008 at 9:30 a.m.

      **b.**     No later than December 1, 2008, the Barge Plaintiffs, Defendants and/or Third Party Defendants shall each exchange and deliver to the Court any designations of deposition testimony and visual aids that they will seek to introduce at the class certification hearing.

**IV.**   **BARGE/MRGO/LEVEE CLASS CERTIFICATION HEARING**

The motions for class certification filed by the Barge Plaintiffs, the MRGO Plaintiffs, and the Levee Plaintiffs shall be heard on December 9, 2008 at 9:30 a.m.

**V.**   **POST-CLASS CERTIFICATION HEARING STATUS CONFERENCE**

No later than January 15, 2009, the Court shall convene a status conference to discuss the scope and contours of any trial(s) on the merits.  In the event that the Court has determined that the July 13, 2009 proceeding shall consist of individual trial(s) on the merits rather than a Class trial, all parties shall be prepared to identify those individual cases which they

923100v.1

believe would be instructive to all the parties as to the relative strengths and weaknesses of their

cases.   Only limited plaintiff specific damages and other discovery necessary for trial to

judgment of individual cases has heretofore been permitted.   During May 2008, Magistrate

Judge Wilkinson will schedule and conduct a status conference, to be organized by his office

through Liaison Counsel, to discuss and plan possible means and timing for completing all

plaintiff specific discovery, including individual plaintiff damages and causation, so that a

deadline for completion of all discovery and trial preparation for any individual trial(s) that

might occur on July 13, 2009 may be set.

VI.   **MERITS PROCEEDINGS IN BARGE/MRGO/LEVEE CATEGORIES OF CASES**

   A.   **Merits Discovery**

      1.   **Preliminary Witness and Exhibit Lists**

            On the 20th day of every month (concluding with the deadlines for the Final

Witness and Exhibit Lists) the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the

Barge Defendants and/or Third Party Defendants, the MRGO Defendants, and the Levee

Defendants shall each file a Preliminary List of Witnesses who may or will be called to testify at

any trial(s) on the merits, and Preliminary List of Exhibits that may or will be introduced at any

trial(s) on the merits.   The parties must use their best efforts and act in good faith in making

these preliminary lists as complete as possible.   Preliminary Witness Lists must include, for each

witness, both fact and expert, the witness' name, address, and anticipated subject matter of

his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not

suffice.].

      2.   **Final Witness and Exhibit Lists**

                  a.   No later than February 16, 2009, the MRGO

            Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants

- 7 -

and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Final List of Witnesses who may or will be called to testify at any trial on the merits.   Final Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony.   [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.]

    **b.**  No later than April 29, 2009, the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Final List of Exhibits that may or will be introduced at any merits trial.   To the extent that a Final List of Exhibits lists any exhibits that have not previously been produced, copies of any and all such exhibits must be served on opposing counsel.

    **c.**  The Court will not permit any witness (expert or fact) to testify or any exhibits to be introduced unless they are identified on the respective Final Lists absent a showing of good cause by the party seeking to introduce the testimony or exhibit.

  **3.**  **Production of Documents**

   Any and all documents produced pursuant to Rule 26 disclosures and/or outstanding Requests for Production shall be produced no later than May 1, 2008, except as otherwise ordered in motion practice.   Documents produced pursuant to any additional discovery requests shall be due no later than January 31, 2009, requiring that they be propounded

- 8 -

sufficiently in advance of that date to provide for production by that date pursuant to the Federal Rules of Civil Procedure.

### 4. Merits Fact Depositions and Written Discovery

All depositions of merits fact witnesses and all written discovery pertaining to the merits shall be concluded no later than March 9, 2009.

### 5. Merits Experts

a. All Plaintiffs' expert reports pertaining to any trial on the merits shall be served on Liaison Counsel and opposing counsel as soon as possible, but in no event later than March 16, 2009.

b. All Defendants' expert reports pertaining to any trial on the merits shall be due no later than April 13, 2009.

## B. Pre-Trial Merits Motions and Proceedings

### 1. Objections to Exhibits

a. Any and all objections to proposed Exhibits shall be due no later than May 4, 2009.

b. Oppositions to any objections to proposed Exhibits shall be due on May 13, 2009. Any objections will be heard on the briefs.

### 2. *Daubert* Motions

a. All parties shall file any *Daubert* motions pertaining to the trial(s) on the merits no later than May 11, 2009.

- 9 -

923100v.1

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

| | | | |
|---|---|---|---|
| LEOPOLD Z. SHER [1] | DOROTHY S. WATKINS LAWRENCE [2] | JONATHAN B. CERISE | [1] LAW CORPORATION |
| JAMES M. GARNER [2] | JOHN T. BALHOFF, II | ASHLEY G. COKER | [2] MEMBER OF LOUISIANA AND TEXAS BARS |
| ELWOOD F. CAHILL, JR. | ALVIN C. MIESTER, III | AMANDA RUSSO SCHENCK | [3] MEMBER OF LOUISIANA AND ALABAMA BARS |
| RICHARD P. RICHTER | HOWARD T. BOYD, III [2] | RYAN O. LUMINAIS [5] | [4] MEMBER OF LOUISIANA AND CALIFORNIA BARS |
| STEVEN I. KLEIN [1,8] | CHRISTOPHER T. CHOCHELES | MEGAN M. DUPUY | [5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS |
| PETER L. HILBERT, JR. | KAREN T. HOLZENTHAL | MATTHEW C. CLARK | [6] MEMBER OF LOUISIANA AND NEW YORK BARS |
| MARIE A. MOORE [3] | ASHLEY BERGERON JACOBSON | MELISSA M. ROME | [7] MEMBER OF LOUISIANA AND GEORGIA BARS |
| DEBRA J. FISCHMAN | RYAN D. ADAMS | | [8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA |
| ROBERT P. THIBEAUX | THOMAS J. MADIGAN, II [5] | | BOARD OF LEGAL SPECIALIZATION |
| DARNELL BLUDWORTH [2] | KEVIN M. McGLONE | | [9] REGISTERED TO PRACTICE BEFORE THE |
| MARTHA Y. CURTIS [2] | SHARONDA R. WILLIAMS [5,6] | | UNITED STATES PATENT AND TRADEMARK |
| NEAL J. KLING | CHAD P. MORROW | | OFFICE |
| JOSHUA S. FORCE [2,4] | JEFFREY D. KESSLER [7] | OF COUNSEL: | |
| DEBORAH J. MOENCH | R. SCOTT HOGAN | TIMOTHY B. FRANCIS | ALL OTHERS LOUISIANA BAR |
| | | DAVID A. MARCELLO | |

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

August 11, 2008

**Via Email and U.S. Mail**
Joseph M. Bruno, Esq.
Law Offices of Joseph M. Bruno
355 Baronne Street
New Orleans, Louisiana 70113

Re:   *In re Katrina Canal Breaches Consolidated Litigation*
      U.S. District Court, Eastern District of Louisiana, No. 05-4182, Sec. "K" (2)
   c/w   *Universal Health Services, Inc. v. United States of America, et al.*
      U.S. District Court, Eastern District of Louisiana, No. 07-5016, Sec. "K" (2)
   c/w   *Universal Health Services, Inc. v. United States of America, et al.*
      U.S. District Court, Eastern District of Louisiana, No. 07-5286, Sec. "K" (2)
   c/w   *Universal Health Services, Inc. v. United States of America, et al.*
      U.S. District Court, Eastern District of Louisiana, No. 07-5254, Sec. "K" (2)
   c/w   *Universal Health Services, Inc. v. United States of America, et al.*
      U.S. District Court, Eastern District of Louisiana, No. 07-5350, Sec. "K" (2)
   Our Reference:   20897.0002

Dear Joe:

        Pursuant to Case Management and Scheduling Order No. 7, Plaintiffs' liaison counsel is to identify for the Court potential individual cases for trial on the merits no later than August 15, 2008. We submit this correspondence to propose that the cases filed by Universal Health Services, Inc. ("UHS") be among the individual cases identified to the Court to proceed individually in the event that the pending class certification motions are continued or denied.

**EXHIBIT**
2

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Joseph M. Bruno, Esq.
August 11, 2008
Page - 2 -

     UHS owns three campuses in the New Orleans area, each of which contained a number of health care facilities, and each of which was severely damaged due to the failure of the levees and floodwalls that were protecting New Orleans.[1]  They are:

- Chalmette Medical Center campus, including facilities located at 800 and 801 Virtue Street and at 9000 and 9001 Patricia Street ("CMC");

- Pendleton Methodist Hospital campus, including a six-story acute care facility located at 5620 Read Boulevard and ancillary buildings at a number of nearby locations on Read and Lake Forest Boulevards ("Pendleton"); and

- Lakeland Medical Center campus, including a three-story facility at 6000 Bullard Avenue and ancillary facilities at nearby locations on Bullard Avenue ("Lakeland").[2]

     Pursuant to the Amended MRGO Master Consolidated Class Action Complaint, and orders of the Court: (a) CMC is part of the Lower Ninth Ward and St. Bernard Sub-class of the MRGO category of class claims; and (b) Pendleton and Lakeland fall into the New Orleans East Sub-class.

     There are at least two reasons why UHS's claims should be among the cases that proceed first in the event class certification is denied.  First, proceeding with UHS's claims would permit plaintiffs to test cases in several of the sub-categories.

     Second, UHS is one of the largest claimants against the U.S. Army Corps of Engineers ("Corps"), having suffered massive losses as the result of the damage to its three health care campuses and the resulting loss of business.  Chalmette, Pendleton and Lakeland all consisted of a main hospital and other facilities, such as doctors' offices and other health care centers.  The campuses sustained extensive water damage as a result of the failures of the levees and floodwalls.  The flood waters at CMC were approximately 11 to 12 feet high, and they were approximately 3 to 4 feet high at both Pendleton and Lakeland.  Due to the flooding, the CMC campus was subsequently demolished, and the lower levels of the buildings at Pendleton and Lakeland had to be gutted.

---

  [1] UHS also owns River Oaks Hospital ("River Oaks"), which is located at 1525 River Oaks West Road in Harahan, and which was closed for several weeks following Hurricane Katrina.  River Oaks suffered at least several hundred thousand dollars in damage.  River Oaks is currently UHS's only operational medical facility in the New Orleans area.

  [2] *See* attached Exhibit A, assorted newspaper publications regarding UHS's Katrina damage.

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Joseph M. Bruno, Esq.
August 11, 2008
Page - 3 -

These medical institutions provided over 400 hospital beds to the patients of New Orleans East and Chalmette, as well as employing over 2,000 doctors, nurses and other health care professionals and staff. UHS's damages, including ongoing business interruption, currently exceed $500 million.

UHS has complied with the procedures for asserting claims against the Corps. On March 1, 2007, UHS filed a Form 95 to notify the Corps of its claims for damages under both the Federal Tort Claims Act[3] and the Admiralty Extension Act.[4] These claims were received by the Corps and assigned claim numbers 07N15T0229251 and 07N15T0229239.[5] Thereafter, on August 29, 2007, UHS filed suit against the Corps and eleven other defendants.[6]

For the foregoing reasons, in the event the court determines that the classes should not certified and that individual cases should proceed, UHS strongly believes that its case should be one of the independent test cases against the Corps.

---

[3] *See* Exhibit B.

[4] *See* Exhibit C.

[5] *See* Exhibits B and C.

[6] *See* Exhibit D, *In re Katrina Canal Breaches Consolidated Litigation*, U.S. District Court, Eastern District of Louisiana, No. 05-4182, Sec. K(2) c/w *Universal Health Services, Inc. v. United States of America, et al.*, U.S. District Court, Eastern District of Louisiana, No. 07-5016, Sec. K(2).

Out of an abundance of caution, identical suits were filed on August 30, 2007, August 31, 2007, and September 4, 2007, bearing the captions *In re Katrina Canal Breaches Consolidated Litigation*, U.S. District Court, Eastern District of Louisiana, No. 05-4182, Sec. K(2) c/w *Universal Health Services, Inc. v. United States of America, et al.*, U.S. District Court, Eastern District of Louisiana, No. 07-5254, Sec. K(2); *In re Katrina Canal Breaches Consolidated Litigation*, U.S. District Court, Eastern District of Louisiana, No. 05-4182, Sec. K(2) c/w *Universal Health Services, Inc. v. United States of America, et al.*, U.S. District Court, Eastern District of Louisiana, No. 07-5286, Sec. K(2); and *In re Katrina Canal Breaches Consolidated Litigation*, U.S. District Court, Eastern District of Louisiana, No. 05-4182, Sec. K(2) c/w *Universal Health Services, Inc. v. United States of America, et al.*, U.S. District Court, Eastern District of Louisiana, No. 07-5350, Sec. K(2), respectively.

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Joseph M. Bruno, Esq.
August 11, 2008
Page - 4 -

     After your review of this letter, please contact us to discuss this matter further.

Cordially,

James M. Garner
John T. Balhoff, II
Ashley G. Coker

JMG
cc: Richard F. McMenamin, Esq.
(Morgan, Lewis & Bockius LLP)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>United States Army Corp of Engineers<br>Headquarters<br>441 G. Street, NW<br>Washington, DC 20314 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Claimant: Universal Health Services, Inc.    Rep: J. Garner & D. Bludworth<br>367 South Gulph Rd.                              909 Poydras Street, 28th Fl.<br>King of Pruissia, PA 19406-0958                New Orleans, LA 70112 |

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>8/29/05-9/30/05 | 7. TIME (A.M. OR P.M.)<br>Unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On or about August 29, 2005 through September 30, 2005, the four hospitals identified individually in the chart attached as Exhibit A, and owned by Universal Health Services, Inc. sustained extensive water damage caused by the levee breaches along the Industrial Canal, the Mississippi River Gulf Outlet ("MR-GO"), and/or the Gulf Intra Coastal Waterway. These levee breaches were caused by the actions and/or omissions of the U.S. Army Corps of Engineers. See Judge Duval's opinion of February 2, 2007 regarding In re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182, Section K (2).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State and Zip Code).
Universal Health Services, Inc., 367 South Gulph Rd., King of Pruissia, PA 19406-0958

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
The hospitals located at the addresses identified individually in the chart attached hereto as Exhibit A, sustained damage as a result of the levee breaches along the Industrial Canal, the Mississippi River Gulf Outlet ("MR-GO"), and/or the Gulf Intra Coastal Waterway.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

None

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Ms. Cheryl Ramagano | 367 South Gulph Rd., King of Pruissia, PA 19406-0958 |
| Martin J. Anderson, Federal Ins. Adjuster | 15 Mountain View Road, Warren, NJ 07061 |
| Dr. Robert Bea | University of California at Berkley, 212 McLaughlin, Berkley, CA 94720 |
| Robert Landow | 644 Germantown Pike, Lafayette Hill, PA |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $519,000,000.00 | -0- | -0- | $519,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>(504) 299-2100 | 14. DATE OF SIGNATURE<br>3-1-07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

07N15T
0229251

MAR 01 2007

EXHIBIT
3

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

Primary insurance from Lexington Insurance Co, 100 Summer Street, Boston, MA 02110, Policy No. 576/UK63482
Excess insurance from Federal Insurance Co., 15 Mountain View Road, Warren, NJ 07061, Policy No. 3581-18-78PHL

| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☒Yes   ☐No | 17. If deductible, state amount. |
|---|---|
| United Health Services has filed claims with above-listed insurance carriers.  The insurance policies have deductibles. | Unknown at this time |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

The claims have been settled.

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

Please see Box 15

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in Item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  Principal Purpose: The information requested is to be used in evaluating claims.
C.  Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

UNIVERSAL HEALTH SERVICES, INC.
HOSPITALS/PROPERTIES DAMAGED

CHALMETTE MEDICAL CENTER
801 Virtue Street
Chalmette, LA 70043
-AND-
9001 Patricia Street
Chalmette, LA 70043

PENDLETON METHODIST HOSPITAL
5620 Read Blvd.
New Orleans, LA 70127

LAKELAND MEDICAL CENTER
6000 Bullard Avenue
New Orleans, LA 70127

RIVER OAKS HOSPITAL
1525 River Oaks Road West
New Orleans, Louisiana 70123

# EXHIBIT "A"

Form 95 filing for UHS                                                    Page 1 of 1

**Chocheles, Jo Aline**

om:      Bludworth, Darnell
Sent:    Thursday, March 01, 2007 1:33 PM
To:      Chocheles, Jo Aline
Subject: FW: Form 95 filing for UHS

From: Widin, Douglas R. [mailto:DWidin@ReedSmith.com]
Sent: Thursday, March 01, 2007 1:29 PM
To: Bludworth, Darnell
Cc: Bob.Engelhard@uhsinc.com; rmcmenamin@morganlewis.com; Garner, James M.
Subject: Form 95 filing for UHS

Darnell:

                                                        Bob has authorized you to file the
Form 95 on behalf of UHS in order to protect its future avenues of action,

        Thanks for being on top of this.

Douglas R. Widin
215.851.8170
dwidin@reedsmith.com
**Reed Smith** LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Fax 215.851.1420

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,7]
PETER L. HILBERT, JR.
MARIE A. MOORE [5]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [3]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [3]
JOSHUA S. FORCE [3,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [3]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [3]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [5]
KEVIN M. McGLONE
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR

JEFFREY D. KESSLER [6]
KEITH L. MAGNESS
R. SCOTT HOGAN
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA C. RUSSO
ADAM J. SWENSEK

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

March 1, 2007

Mr. Robert Engelhard
Director, Corporate Ins.
Universal Corporate Center
P. O. Box 61558
King of Prussia, PA 19406-0958

Re:     United Health Services
        Our File: 20897.0001

Dear Mr. Engelhard:

This letter confirms that you have the authority to act on behalf of United Health Services, Inc. and have authorized Mr. James M. Garner and Darnell Bludworth and the law firm of Sher, Garner, Cahill, Richter, Klein & Hilbert, L.L.C. to present a claim on behalf of United Health Services, Inc. against the United States Army Corps of Engineers for damages arising from Hurricane Katrina.

Cordially,

James M. Garner
Darnell Bludworth

JMG/jc
Enclosure



**DEPARTMENT OF THE ARMY**
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

OFFICIAL BUSINESS
CEMVN-OC

REPLY TO
ATTENTION OF                                    19 July 2007

Office of Counsel

J GARNER
909 POYDRAS ST 28TH FL
NEW ORLEANS LA 70112-4000

ǁhͅllͅlͅͅllͅhͅllͅlͅllͅllͅlͅllͅlͅllͅllͅllͅllͅllͅlͅllͅllͅlͅllͅllͅll

SUBJECT:  Claim of UNIVERSAL HEALTH SER, Claim Number (07N15T0229251)

Dear Sir or Madam:

The subject claim was received on 01 March 2007.  A copy of the claim, with the date-stamp from this office reflecting the date of receipt, is attached.  **If the claim is properly presented within the prescribed statutory time limits**, it will be processed under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 2671-2680 or the Admiralty Extension Act (AEA), Title 46, United States Code app., Section 30101, as appropriate.

Due to the massive volume of claims filed in relation to Hurricane Katrina, **the Army has not reviewed the attached claim and has not determined if a properly presented claim has been filed.**  Accordingly, please review the attached claim to determine if it complies with the requirements necessary to present a valid FTCA or AEA claim.  The following items on the Standard Form (SF) 95 (Claim for Damage, Injury or Death) claim form **must** be completed to properly present a claim:

1. There must be a name in Block 2 (Name, Address of claimant and claimant's personal representative, if any); and

2. Block 8 (Basis of Claim) must include a description of the nature of the alleged damage, injury or death with sufficient information to permit the Army to investigate the merits of the claim and assign it a monetary value; and

3. An exact dollar amount must be recorded in one or more Blocks of 12a-12c (Property Damage, Personal Injury and/or Wrongful Death) and in Block 12d (Total) for the specific damages; and

4. Block 13a (Signature of Claimant) must be signed by the claimant or authorized representative who has written authority to sign the claim form on the claimant's behalf.

5. Each person wanting to present a properly filed claim must individually file his/her own claim and satisfy the above noted requirements.  If multiple claimants are listed on the same claim form, each claimant must separately describe the nature of the damage, injury, or death alleged and state the specific amounts of damages each claimant is demanding.

An SF 95 claim form does not have to be used.  However, the foregoing information must nevertheless be provided with the claim.

**If, after reviewing the attached claim, you find one or more of the above deficiencies, the CLAIM HAS NOT BEEN PROPERLY PRESENTED and you must file a new claim with the required corrections within two years of the date of the alleged damage, injury or death in order to present a properly filed claim under the FTCA.  Moreover, the filing of a new claim under the AEA will not be properly filed unless the new claim is filed within 18 months of the date of the alleged damage, injury or death.**

The following general information is provided concerning the FTCA and AEA:

a.  The FTCA and AEA both contain a mandatory six-month period for the administrative investigation of a properly filed claim and claim settlement.

b.  The FTCA permits suit to be filed six months after the claim was filed if the Army has not taken final administrative action on the claim, provided the claim has been properly filed.  Title 28, United States Code, Section 2675(a).  However, filing suit is not required.  If suit is not filed, the statute of limitations will be tolled until the claimant is notified by the Army in writing, by certified or registered mail, of the final denial of the claim.

c.  Under the AEA, suit **must** be filed within 2 years after the date of the alleged damage, injury or death.

If a claim has been properly filed, there is no need to submit any additional information or respond to this letter at this time.  **However, an improperly filed claim does not toll the statute of limitations under the FTCA or AEA and a new claim must be properly filed within two years under the FTCA and 18 months under the AEA from the date of the alleged damage, injury or death.**

Sincerely,



Angela Jean Drinkwitz
Claims Administrator

Enclosure

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>United States Army Corp of Engineers<br>Headquarters<br>441 G. Street, NW<br>Washington, DC 20314 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code)<br>Claimant: Universal Health Services, Inc.   Rep:J. Garner & D. Bludworth<br>367 South Gulph Rd.                                 909 Poydras Street, 28th Fl.<br>King of Pruissia, PA 19406-0958                 New Orleans, LA 70112 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>8/29/05-9/30/05 | 7. TIME (A.M. OR P.M.)<br>Unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On or about August 29, 2005 through September 30, 2005, the four hospitals identified individually in the chart attached as Exhibit A, and owned by Universal Health Services, Inc. sustained extensive water damage caused by the levee breaches along the Industrial Canal, the Mississippi River Gulf Outlet ("MR-GO"), and/or the Gulf Intra Coastal Waterway. These levee breaches were caused by the actions and/or omissions of the U.S. Army Corps of Engineers. See Judge Duval's opinion of February 2, 2007 regarding In re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182, Section K (2). The hospitals' injuries and damages were caused by dredges owned or chartered by the Corps of Engineers, which operated on navigable waters.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Universal Health Services, Inc., 367 South Gulph Rd., King of Pruissia, PA 19406-0958

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
The hospitals located at the addresses identified individually in the chart attached hereto as Exhibit A, sustained damage as a result of the levee breaches along the Industrial Canal, the Mississippi River Gulf Outlet ("MR-GO"), and/or the Gulf Intra Coastal Waterway.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

None

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Ms. Cheryl Ramagano<br>Martin J. Anderson, Federal Ins. Adjuster<br>Dr. Robert Bea<br>Robert Landow | 367 South Gulph Rd., King of Pruissia, PA 19406-0958<br>15 Mountain View Road, Warren, NJ 07061<br>University of California at Berkley, 212 McLaughlin, Berkley, CA 94720<br>644 Germantown Pike, Lafayette Hill, PA |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>$519,000,000.00 | 12b. PERSONAL INJURY<br>-0- | 12c. WRONGFUL DEATH<br>-0- | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$519,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* | 13b. Phone number of person signing form<br>(504) 299-2100 | 14. DATE OF SIGNATURE<br>3/1/07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

07N15T
0229239

MAR 0 1 2007

EXHIBIT
tabbies®
4

07N15T0229239       2007-03-01                                    NRI 216-3207   F

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☑ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

Primary insurance from Lexington Insurance Co, 100 Summer Street, Boston, MA 02110, Policy No. 576/UK63482
Excess insurance from Federal Insurance Co., 15 Mountain View Road, Warren, NJ 07061, Policy No. 3581-18-78PHL

| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☑Yes   ☐No | 17. If deductible, state amount. |
|---|---|
| United Health Services has filed claims with above-listed insurance carriers.  The insurance policies have deductibles. | Unknown at this time |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

The claims have been settled.

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

Please see Box 15

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose:  The information requested is to be used in evaluating claims.
C. Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95      BACK

UNIVERSAL HEALTH SERVICES, INC.
HOSPITALS/PROPERTIES DAMAGED

CHALMETTE MEDICAL CENTER
801 Virtue Street
Chalmette, LA 70043
-AND-
9001 Patricia Street
Chalmette, LA 70043

PENDLETON METHODIST HOSPITAL
5620 Read Blvd.
New Orleans, LA 70127

LAKELAND MEDICAL CENTER
6000 Bullard Avenue
New Orleans, LA 70127

RIVER OAKS HOSPITAL
1525 River Oaks Road West
New Orleans, Louisiana 70123

EXHIBIT "A"

Form 95 filing for UHS                                                    Page 1 of 1

**Chocheles, Jo Aline**

om:        Bludworth, Darnell
Sent:      Thursday, March 01, 2007 1:33 PM
To:        Chocheles, Jo Aline
Subject:   FW: Form 95 filing for UHS

---

From: Widin, Douglas R. [mailto:DWidin@ReedSmith.com]
Sent: Thursday, March 01, 2007 1:29 PM
To: Bludworth, Darnell
Cc: Bob.Engelhard@uhsinc.com; rmcmenamin@morganlewis.com; Garner, James M.
Subject: Form 95 filing for UHS

Darnell:

Bob has authorized you to file the Form 95 on behalf of UHS in order to protect its future avenues of action,

Thanks for being on top of this.

Douglas R. Widin
215.851.8170
dwidin@reedsmith.com
**Reed Smith**LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Fax 215.851.1420

3/1/2007

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,7]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [7]
MARTHA Y. CURTIS [7]
NEAL J. KLING
KEITH A. KORNMAN [3]
JOSHUA S. FORCE [3,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN L. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [7]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [3]
KEVIN M. McGLONE
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR

JEFFREY D. KESSLER [6]
KEITH L. MAGNESS
R. SCOTT HOGAN
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA C. RUSSO
ADAM J. SWENSEK

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1]  LAW CORPORATION
[2]  MEMBER OF LOUISIANA AND TEXAS BARS
[3]  MEMBER OF LOUISIANA AND ALABAMA BARS
[4]  MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5]  MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6]  MEMBER OF LOUISIANA AND NEW YORK BARS
[7]  BOARD CERTIFIED TAX ATTORNEY LOUISIANA
     BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

dbludworth@shergarner.com
Direct Dial: (504) 299-2114
Direct Fax: (504) 299-2314

(504) 299-2100
FAX (504) 299-2300

March 1, 2007

Mr. Robert Engelhard
Director, Corporate Ins.
Universal Corporate Center
P. O. Box 61558
King of Prussia, PA 19406-0958

Re:   United Health Services
      Our File: 20897.0001

Dear Mr. Engelhard:

This letter confirms that you have the authority to act on behalf of United Health Services, Inc. and have authorized Mr. James M. Garner and Darnell Bludworth and the law firm of Sher, Garner, Cahill, Richter, Klein & Hilbert, L.L.C. to present a claim on behalf of United Health Services, Inc. against the United States Army Corps of Engineers for damages arising from Hurricane Katrina.

Cordially,

James M. Garner
Darnell Bludworth

JMG/jc
Enclosure



DEPARTMENT OF THE ARMY
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267
OFFICIAL BUSINESS
CEMVN-OC

REPLY TO
ATTENTION OF                                    23 July 2007

Office of Counsel

J GARNER
909 POYDRAS ST 28TH FL
NEW ORLEANS LA 70112-4000

||uıllı....ılıulliıldıldllludlıudlıublılıldıluıll

SUBJECT:  Claim of UNIVERSAL HEALTH SER, Claim Number (07N15T0229239)

Dear Sir or Madam:

    The subject claim was received on 01 March 2007.  A copy of the claim, with the date-stamp from this office reflecting the date of receipt, is attached.  **If the claim is properly presented within the prescribed statutory time limits**, it will be processed under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 2671-2680 or the Admiralty Extension Act (AEA), Title 46, United States Code app., Section 30101, as appropriate.

    Due to the massive volume of claims filed in relation to Hurricane Katrina, **the Army has not reviewed the attached claim and has not determined if a properly presented claim has been filed.**  Accordingly, please review the attached claim to determine if it complies with the requirements necessary to present a valid FTCA or AEA claim.  The following items on the Standard Form (SF) 95 (Claim for Damage, Injury or Death) claim form **must** be completed to properly present a claim:

        1.  There must be a name in Block 2 (Name, Address of claimant and claimant's personal representative, if any); and

        2.  Block 8 (Basis of Claim) must include a description of the nature of the alleged damage, injury or death with sufficient information to permit the Army to investigate the merits of the claim and assign it a monetary value; and

        3.  An exact dollar amount must be recorded in one or more Blocks of 12a-12c (Property Damage, Personal Injury and/or Wrongful Death) and in Block 12d (Total) for the specific damages; and

        4.  Block 13a (Signature of Claimant) must be signed by the claimant or authorized representative who has written authority to sign the claim form on the claimant's behalf.

        5.  Each person wanting to present a properly filed claim must individually file his/her own claim and satisfy the above noted requirements.  If multiple claimants are listed on the same claim form, each claimant must separately describe the nature of the damage, injury, or death alleged and state the specific amounts of damages each claimant is demanding.

An SF 95 claim form does not have to be used. However, the foregoing information must nevertheless be provided with the claim.

**If, after reviewing the attached claim, you find one or more of the above deficiencies, the CLAIM HAS NOT BEEN PROPERLY PRESENTED and you must file a new claim with the required corrections within two years of the date of the alleged damage, injury or death in order to present a properly filed claim under the FTCA. Moreover, the filing of a new claim under the AEA will not be properly filed unless the new claim is filed within 18 months of the date of the alleged damage, injury or death.**

The following general information is provided concerning the FTCA and AEA:

a. The FTCA and AEA both contain a mandatory six-month period for the administrative investigation of a properly filed claim and claim settlement.

b. The FTCA permits suit to be filed six months after the claim was filed if the Army has not taken final administrative action on the claim, provided the claim has been properly filed. Title 28, United States Code, Section 2675(a). However, filing suit is not required. If suit is not filed, the statute of limitations will be tolled until the claimant is notified by the Army in writing, by certified or registered mail, of the final denial of the claim.

c. Under the AEA, suit **must** be filed within 2 years after the date of the alleged damage, injury or death.

If a claim has been properly filed, there is no need to submit any additional information or respond to this letter at this time. **However, an improperly filed claim does not toll the statute of limitations under the FTCA or AEA and a new claim must be properly filed within two years under the FTCA and 18 months under the AEA from the date of the alleged damage, injury or death.**

Sincerely,

Angela Jean Drinkwitz
Claims Administrator

Enclosure

JUL 9 — 2007