UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re KATRINA CANAL BREACHES LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" MAG. (2) |
| PERTAINS TO: BARGE | | |
| | * | JUDGE STANWOOD R. DUVAL, JR. |
| *Boutte v. LaFarge*     05-5531 | | |
| *Mumford v. Ingram*   05-5724 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lagarde v. LaFarge*   06-5342 | | |
| *Perry v. Ingram*         06-6299 | * | |
| *Benoit v. LaFarge*      06-7516 | | |
| *Parfait Family v. USA* 07-3500 | * | |
| *LaFarge v. USA*          07-5178 | | |
| * * * *   * *  | * * * * | * * |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AND THE NORTHERN ASSURANCE COMPANY OF AMERICA'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS AGAINST LAFARGE NORTH AMERICA, INC. AND AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION & INDEMNITY ASSOCIATION, INC.**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come American Home Assurance Company ("AHAC"), The Northern Assurance Company of America ("NACA") and New York Marine and General Insurance Company ("NYMAGIC") (hereinafter, collectively referred to as the "Excess Insurers") and respectfully file this motion pursuant to Rule 15(a) of the Federal

1

Rules of Civil Procedure for leave of the Court to file an Amended Answer to assert Cross-Claims against defendants Lafarge North America, Inc. ("Lafarge") and American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "Club"). This is the Excess Insurers' first request for leave to amend their answer.

## LEGAL ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). In *Foman*, the Supreme Court stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Id. See also Wilson v. National Ass'n of Letter Carriers*, 2005 WL 2037544, at *2-3 (E.D.La. 2005). In *Wilson*, the Court stated the following regarding the standard for Rule 15(a) motions for leave to amend a pleading:

> Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one mis-step by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). And, "the 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

*Id.* at *2.

As the Court is aware, the insurance coverage claims and disputes have been effectively stayed by this Court in favor of the resolution of the various declaratory judgment actions pending in New York, before the Honorable Judge Haight. However, pursuant to this Court's July 1st Order, the Barge plaintiffs and various insurance company defendants have submitted briefs in support and in opposition to the Barge plaintiffs' application to be permitted to proceed with the prosecution of their insurance coverage claims in this jurisdiction before this Court.

While the Court has not yet ruled on the Barge plaintiffs' application, these Excess Insurers wish to amend their Answer to preserve and protect certain cross-claims that they have similarly asserted against defendants Lafarge and the Club in the New York actions. In other words, in the event this Court grants the Barge plaintiffs' application and orders that the insurance coverage disputes will be decided by this Court, the Excess Insurers wish to assert their cross-claims and to file the appropriate motions against Lafarge and the Club in this Court.

In addition and as advised in the supplemental submission filed by AHAC and NACA on August 13, 2008 (Docket No. 14443), by an Order dated August 4, 2008, Judge Haight stayed the declaratory judgment action filed by AHAC and NACA in New York. Under such circumstances, again, if this Court grants the Barge plaintiffs' application to proceed with the resolution of the insurance coverage issues in this jurisdiction, then the Excess Insurers again wish to assert their cross-claims against Lafarge and the Club to allow them the opportunity to timely file a motion for summary judgment on the insurance coverage issues.

Given the fact that this is the first time Excess Insurers seek leave of the Court to amend their answer, and further because the insurance coverage issues have not been subject to the Court's Scheduling Order, there is no discernable reason to deny this application.

3

WHEREFORE, for the foregoing reasons, as well as in the interests of fairness to the parties herein and to future litigants, the Excess Insurers respectfully request this Honorable Court grant the instant motion and issue an Order allowing the filing into the record the attached First Amended Answer, Affirmative Defenses and Cross-Claims Against Lafarge North America, Inc. and American Steamship Owners Mutual Protection & Indemnity Association, Inc.

Respectfully submitted:

*/s/ Leah N. Engelhardt*
FRANK A. PICCOLO (02049)
LEAH N. ENGELHARDT (23232)
PREIS & ROY, APLC
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

- and -

NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Nooshin Namazi (NN-9449)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone: (212) 220-3830
Facsimile: (212) 220-3780
Email: jnicoletti@nicolettihornig.com
File No.: 10000478 JAVN/NN

COUNSEL FOR AMERICAN HOME
ASSURANCE COMPANY AND THE
NORTHERN ASSURANCE COMPANY
OF AMERICA

- and -

*/s/ Robert H. Murphy*
ROBERT H. MURPHY (9850)
MURPHY ROGERS SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, LA 70139

COUNSEL FOR NEW YORK MARINE AND
GENERAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record in these proceedings by:

    (  ) Hand Delivery      (  ) Prepaid U.S. Mail

    (  ) Facsimile      (  ) Federal Express

    ( √ ) ECF Filing      (  ) E-Mail

New Orleans, Louisiana, this 18th day of August, 2008.

*/s/ Leah N. Engelhardt*
LEAH N. ENGELHARDT

1528891