UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                          CIVIL ACTION
        CONSOLIDATED LITIGATION

                                                       NO. 05-4182

PERTAINS TO: BARGE                                     SECTION "K" (2)

Boutte v. Lafarge          05-5531
Mumford v. Ingram          05-5724
Lagarde v. Lafarge         06-5342
Perry v. Ingram            06-6299
Benoit v. Lafarge          06-7516
Parfait Family v. USA      07-3500
Lafarge v. USA             07-5178

## ORDER AND REASONS ON MOTION

The Barge Plaintiffs Subgroup Litigation Committee ("PSLC") filed a Motion for

Leave to Amend and/or Withdraw Admission Deemed Made Due to Lapse of Deadline

for Responding and/or for Extension of Time to Respond.  Record Doc. No. 13724.

Plaintiffs received leave to supplement the record with exhibits they had inadvertently

omitted.  Record Doc. Nos. 13738, 13755.  Although the PSLC stated that it brings the

motion on behalf of the six named Lagarde plaintiffs, the two named Perry plaintiffs and

one named Parfait plaintiff, Kevin McFarland, Record Doc. No. 13724 at p. 1, it is

apparent from their memorandum in support that the motion is actually brought on behalf

of those plaintiffs in the six consolidated Barge plaintiffs' cases (Mumford, Boutte,

Benoit, Parfait, Lagarde and Perry) who either provided untimely responses or did not respond at all to defendant Lafarge North America Inc.'s ("Lafarge") Requests for Admissions.

Lafarge filed a timely opposition memorandum.   Record Doc. No. 13845. Plaintiffs received leave to file a reply memorandum.   Record Doc. Nos. 13852, 13862, 13863.

About ten (10) months ago, Lafarge propounded Requests for Admissions to all named plaintiffs in the Barge track litigation.   After the court extended plaintiffs' response deadline to December 28, 2007, only the class representative plaintiffs in Mumford submitted timely responses.   Record Doc. No. 13738-4, Plaintiffs' Responses to Requests for Admissions Propounded by the Barge Entities, at pp. 2-4.   Although Lafarge agreed to an extended deadline of February 15, 2008 for the remaining plaintiffs to respond, none responded by that date.

In March 2008, Lafarge moved to compel responses to its interrogatories and requests for production of documents.   On April 4, 2008, three of the six Lagarde plaintiffs (Michael and Marenthia Lagarde and Donald Pritchett) and Parfait plaintiff McFarland provided untimely responses to Lafarge's Requests for Admissions.   Record Doc. No. 13738-5, Plaintiffs' Responses to Requests for Admissions Propounded by the Barge Entities.   Although plaintiffs allege in their opposition and reply memoranda that

the remaining <u>Mumford</u> plaintiffs and all three <u>Boutte</u> plaintiffs joined in those responses, Lafarge did not read the responses to include those plaintiffs.  The court also does not see those plaintiffs named in the responses.

On April 14, 2008, the 22 <u>Benoit</u> plaintiffs supplied untimely responses.  Record Doc. No. 13738-6, <u>Benoit</u> Plaintiffs' Responses to Requests for Admissions Propounded by the Barge Entities.  The remaining named plaintiffs, including the two <u>Perry</u> plaintiffs, the other three <u>Lagarde</u> plaintiffs, the three <u>Boutte</u> plaintiffs and the remaining <u>Parfait</u> plaintiffs, did not respond to the requests.

On April 29, 2008, the court noted in ruling on Lafarge's motion to compel that all requests for admissions not timely answered were deemed admitted.  Fed. R. Civ. P. 36(a)(3).  The court advised plaintiffs to follow the procedures of Rule 36(b) to withdraw the admissions, if they wished.  Record Doc. 12824, Order on Motion at pp. 7-8.

On July 7, 2008, the Barge plaintiffs brought the instant motion under Rule 36(b).  They seek withdrawal of any matters deemed admitted by plaintiffs who responded late.  Those plaintiffs who still have not responded to Lafarge's Requests for Admissions move for a "reasonable extension of time" to respond.  In making this argument, these plaintiffs fail to recognize that they have already admitted all of Lafarge's Requests for Admissions by operation of law and are therefore in the same position as the late-responding plaintiffs.

Lafarge notes in its opposition that additional untimely responses to its Requests

for Admissions were submitted on July 11, 2008 by the Perry plaintiffs, the three

previously non-responding Lagarde plaintiffs and Daniel Weber, a Parfait plaintiff.

The Fifth Circuit recently summarized the law concerning sought-after

withdrawals of Requests for Admissions that have already been deemed admitted:

> Rule 36 provides that a party may serve any other party written requests for admission of the truth of any matters within the scope of Rule 26(b). Fed. R. Civ. P. 36(a). The matter is deemed admitted unless the party to whom the request is directed serves the requesting party a written answer or objection within thirty days after the service of the request. Id. Moreover, "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).
>
> Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991); Carney v. IRS, 258 F.3d 415, 419 ( 5th Cir. 2001). Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).[1] And, even when Rule 36(b)'s two-factor test has

---

[1]I note that the language of Rule 36(b) was changed by the 2007 amendments to the Federal Rules of Civil Procedure, so that it now reads: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). As with all the 2007 amendments, the official Advisory Notes to the Rule 36 amendments provide: "The language of Rule 36 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Federal Civil Judicial Procedure and Rules at 201 (Thomson West pamph. rev. ed. 2008).

4

been satisfied, the district court "still has discretion to deny a request to withdraw or amend an admission." Carney, 258 F.3d at 419.

Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *1-2 (5th

Cir. Mar. 6, 2007).

Furthermore,

[e]ven where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." N[orth] La. Rehab. Ctr. Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658-59 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law"). This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1394 (5th Cir. 1969) or its diligence in seeking withdrawal, Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 248[, 2006 WL 1816311, at *1] (5th Cir. 2006) (per curiam) (unpublished).
    Turning to Rule 36(b)'s second requirement, we agree with plaintiffs that "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice. No[rth] La. Rehab. Ctr., 179 F. Supp. 2d at 663. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to

the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. See, e.g., Branch Banking & Trust Co., 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); No[rth] La. Rehab. Ctr., 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

Id. at *2-3 (footnote omitted).

Thus, the court may consider the fault or diligence of plaintiffs when considering both prongs of the two-prong test. Moreover, if plaintiffs fail to carry their burden to show that the presentation of the merits of the action will be subserved by allowing withdrawal of the deemed admissions, the court need not consider the second prong.

Concerning the first factor, plaintiffs argue that the deemed admissions are contrary to the record and will curtail their ability to present the merits of their claims because the admissions go to "lynchpin factual issues, the underlying merits of the litigation – whether the barge caused or contributed to the floodwall breaches, nature and extent of the damages, first person accounts of the events subject of suit, facts bearing upon application of maritime law of joint and several liability, facts bearing upon class treatment, and facts affecting individual claims now of greater importance in light of the court's recent determination to hold individual trials in July 2009." Record Doc. No. 13724-2 at pp. 7-8.

Lafarge responds that plaintiffs fail to present any evidence to support their generalized assertions that presentation of the merits will be served by withdrawal of the deemed admissions and substitution of plaintiffs' untimely responses. Lafarge argues that the "belated responses are incomplete, evasive, or non-responsive," that "replacing deemed admissions with defective responses" would not support the presentation of the merits and that, because many of the untimely responses are actually contrary to the record in the case, the deemed admissions are not contrary to the record. Record Doc. No. 13845 at p. 7. Therefore, Lafarge contends that plaintiffs have not met their burden to satisfy the first prong of the Rule 36(b) test.

I find that withdrawal would not promote the presentation of the merits. Although the burden of proof on this first prong of the test is not high, plaintiffs have presented no evidence to support their argument. Republic Sav. Bank v. United States, 57 Fed. Cl. 73, 75 (Fed. Cl. 2003); Ropfogel, 138 F.R.D. at 583; Branch Banking, 120 F.R.D. at 658-59. "Merely asserting that the evidence is contrary to the admissions does not demonstrate that the merits of the case will be promoted by allowing withdrawal or amendment of the admissions." Spikes v. Bolivar County, No. 07-CV-22-MPM-SAA, 2008 WL 2797014, at *3 (N.D. Miss. July 8, 2008) (Alexander, M.J.).

Lafarge, on the other hand, has cited many specific examples in the record to demonstrate that plaintiffs' deemed admissions are not contrary to the record, either

7

because the only evidence in the record is supportive of the admission or because there

is conflicting evidence on the particular point.  The following examples are illustrative.

> Request for Admissions No. 6:  admit that the center of Hurricane Katrina was south and east of New Orleans at all times prior to 8:00 a.m. on August 29, 2005. Although some plaintiffs admitted this only as of 5:30 a.m. and others said they could neither admit nor deny, plaintiffs' experts stated that the center of the storm was south and east of New Orleans as of at least 6:00 a.m. and did not make landfall on the Mississippi coast until 9:45 a.m.  Defendant's Exh. 1, report of Don Green at p. 3; Defendant's Exh. 2, report of Melvin Spinks at pp. 7-8.

> Request for Admissions No. 9:  admit that the retaining wall on the east side of the Inner Harbor Navigation Canal ("IHNC") was breached in at least one location before the barge made contact with the wall.  Plaintiffs seek to deny this and to state that "there were no breaches until the barge caused the North breach."  One eyewitness supports this allegation, who testified that he saw a "fuzzy" vision of "what appeared to be a piece of steel, appeared to be a barge" at the North breach, but he really "couldn't tell what it was."  Defendant's Exh. 3, deposition of William Villavaso at pp. 202-04, 210-11.  However, expert investigators concluded either that the barge did not cause any breaches in the floodwall or ascribed the breaches to other causes.  Record Doc. No. 13845, Lafarge's opposition memorandum, at p. 8 n. 13 (quoting three expert reports).

> Request for Admissions No. 14:  admit that flooding due to levee and floodwall breaches would have occurred in the proposed class area whether or not the barge had broken free of its moorings.  The report of plaintiffs' expert Spinks appears to show that the proposed class area would have flooded to depths in excess of ten feet even if there had been no breaches along the IHNC.  Defendant's Exh. 6 at pp. 25-26.

> Request for Admissions No. 16:  admit that no experts, other than plaintiffs' own, have concluded that the barge caused the IHNC floodwall breaches.  Plaintiffs seek to deny this with an explanation that "Professor Bea has opined that the barge caused the IHNC floodwall breach(es)."  However, Professor Bea has concluded that the barge did <u>not</u> cause any IHNC floodwall breaches.  Defendant's Exh. 7, declaration and report of Dr. Robert Glenn Bea.

Request for Admissions No. 30:  admit that damages is an individual, rather than a common, issue.  The Lagarde plaintiffs contend that the barge smashed into their home on Jourdan Avenue.  Thus, the barge affected them in a different way than it affected other plaintiffs whose home was not contacted directly by the barge.

In their reply memorandum, plaintiffs repeat their general allegations that the deemed admissions are contrary to the record and they refer to various complaints and lawyers' memoranda, none of which contain any evidence.  They once again fail to cite any specific evidence.

Therefore, the presentation of the merits of a case would not be eliminated by refusing to allow plaintiffs to withdraw their deemed admissions.  Plaintiffs have failed to carry their burden as to the first prong of the Rule 36(b) test.

As to the second prong, plaintiffs argue that withdrawal of the admissions will not prejudice Lafarge because class action discovery does not close until September 14, 2008 and merits discovery does not close until March 9, 2009.  Record Doc. No. 12935, Case Management Order No. 7.  Because Lafarge intends to depose named plaintiffs, they contend that withdrawal of the deemed admissions will not create any special difficulties for Lafarge in obtaining evidence for trial.

Lafarge responds that withdrawal will prejudice it because plaintiffs' handling of these requests for admissions is "part of a pattern of dilatory conduct taken by the plaintiffs throughout the discovery period, which is impairing [Lafarge's] ability to prepare these cases for trial."  Record Doc. No. 13845 at p. 17.  Lafarge argues that the

9

expiration of the extended response deadline on February 15, 2008, five months before

the late and non-responding plaintiffs moved to withdraw their admissions, should weigh

heavily in the prejudice analysis.

I find that Lafarge has shown that it would be prejudiced.  Lafarge has already

waited a substantial period of time beyond the 30-day response period provided by Rule

36(a) and long after the court extended the deadline for plaintiffs to respond within the

further extended deadline of February 15, 2008, yet no plaintiffs responded by that date

(other than the Mumford plaintiffs who had responded timely).  Some plaintiffs filed

responses in April 2008, about two months late.  An additional three months passed

before more plaintiffs responded on July 11, 2008.  Many plaintiffs still have not

responded.  These delays, coupled with the uncertainty of ever receiving complete

responses from the non-responsive plaintiffs, have presented Lafarge with "special

difficulties" in preparing for what will inevitably be a factually complex trial.

Further, I find that plaintiffs have not acted diligently in responding to the

Requests for Admissions or in recognizing and acting to correct their mistakes.

> Prejudice aside, withdrawal of an admission should not be permitted
> unless the party seeking relief was careful in making the admission and
> diligent in asking for its withdrawal.  No reasonable allocation of the
> burden of proving prejudice can eliminate completely the danger that
> withdrawal will harm a party who has relied on an admission.  The
> argument for tolerating this danger is that we should–as a matter of fairness
> and justice–protect the interest of the litigants seeking relief from the
> admission. If this litigant has acted carelessly, however, it would be neither
> fair nor just to protect him at the risk of harming his opponent.  Moreover,

>since the danger of prejudice cannot be entirely avoided, the possibility of withdrawal necessarily impairs reliance on admissions to some extent. The impairment would be greater, and the reliance less, if no showing of diligence was required.
>
>      The litigant seeking relief will be familiar with the facts relevant to diligence and therefore should have the burden of proving it. He should explain why the facts that now cast doubt on his admission were unknown to him when he made the admission.

West Bay Builders, Inc. v. United States, 80 Fed. Cl. 700, 704 (Fed. Cl. 2008) (quoting

Branch Banking, 120 F.R.D. at 659-60) (internal quotation omitted).

Despite counsel's avowed efforts to locate plaintiffs and obtain information from

them, the majority of the plaintiffs failed to respond timely to defendant's Requests for

Admissions. Some plaintiffs did not respond for five or more months after the requests

were propounded and some still have not responded, ten months after the requests were

served. None of these plaintiffs diligently followed the procedure set out in Rule 36(a)

of moving for an extension of time to respond. After this court recognized in a written

order in April 2008 that the unanswered admissions were deemed admitted and advised

plaintiffs to move for withdrawal if they wished, plaintiffs did not file the instant motion

for another two months.

While the court recognizes that many plaintiffs' "lives have been thrown into

turmoil" and they have experienced a "forced exodus and loss of stability" following

Hurricane Katrina, Record Doc. 13863, Plaintiffs' Reply Memorandum at p. 5, none of

the non-responding plaintiffs has given a particularized explanation why he or she could

not comply with the deadline or move timely for an extension.  Individual plaintiffs have

a responsibility to cooperate in discovery and prosecute their cases.  It may well be true

that, even three years after Hurricane Katrina, some of the non-responding plaintiffs

continue to experience hardships that would be relevant to the court's inquiry into their

diligence or fault, but no evidence of such particularized hardships has been provided.

See Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007) (Plaintiff, who had been

"out of touch with his attorney" when responses were due, presented no evidence of "any

serious medical condition or other emergency which illustrate[d] the need for the relief

requested. . . .  Moreover, [plaintiff] had fair warning of the consequences of his

noncompliance.") (quotation omitted).

On the other hand, it may be that some of these plaintiffs are no longer interested

in prosecuting these actions.  Plaintiffs had more than enough time to reply to the

Request for Admissions or to seek a timely extension of their deadline to respond and to

give the court a specific reason why they could not, but they have not done so, to

defendant's prejudice.

Therefore, **IT IS ORDERED** that plaintiffs' Motion for Leave to Amend and/or

Withdraw Admissions Deemed Made Due to Lapse of Deadline for Responding and/or

for Extension of Time to Respond, Record Doc. No. 13724, is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE