UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. LaFarge*          05-5531 | * | |
| *Mumford v. Ingram*          05-5724 | * | |
| *Lagarde v. LaFarge*         06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. LaFarge*          06-7516 | * | |
| *Parfait Family v. USA*      07-3500 | * | MAG. |
| *LaFarge v. USA*             07-5178 | * | JOSEPH C. WILKINSON, JR. |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**FURTHER SUBMISSION BY EXCESS INSURERS:
AMERICAN HOME ASSURANCE COMPANY AND
THE NORTHERN ASSURANCE COMPANY OF AMERICA RELATING
TO THE STATUS OF THE NEW YORK INSURANCE COVERAGE ACTIONS**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come American Home Assurance

Company (hereinafter "AHAC"), and The Northern Assurance Company of America (hereinafter

"NACA") and respectfully file the following supplemental submission pursuant to the Court's Order

dated July 1, 2008.  The purpose of this supplemental submission is to provide the Court with a further update on the status of the insurance coverage litigations pending in New York.

As advised in the prior submission which was filed on July 28, 2008 (Docket No. 14003), AHAC and NACA together with New York Marine and General Insurance Company ("NYMAGIC") (hereinafter "Excess Insurers") issued an Excess Marine Liabilities Policy ("Excess Policy") to Lafarge North America, Inc. ("Lafarge") on a several and not joint basis for the period May 1, 2005 to May 1, 2006, with coverage of $45 million excess of all primary coverage as set forth on the Schedule of Underlying Insurance and subscribed to 25% by NACA, 35% by AHAC, and 40% by NYMAGIC.  As further advised in the July 28th submission, the Primary Protection and Indemnity (P&I) issued by American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "Club") is one of several primary insurance policies expressly listed on the Schedule of Underlying Insurance in the Excess Policy issued by the Excess Insurers herein.  In the July 28th submission, the undersigned counsel also advised the Court that on July 2, 2008, NACA and AHAC had filed a cross-motion for summary judgment in their declaratory judgment action in New York on several issues, including the coverage issues involving the P&I Policy issued by the Club.  That cross-motion was scheduled to be fully briefed on August 11, 2008.

However, on August 4, 2008 (a week before the full briefing of the cross-motion for summary judgment was to be completed) Judge Haight issued a Memorandum Opinion and Order, which among others, stayed the Excess Insurers' insurance coverage litigation against the Club and Lafarge.  The Court also stayed all briefing and the decisions on the three pending motions before the Court in the Excess Insurers' declaratory judgment action.  Judge Haight further denied the Excess Insurers' motion to consolidate their action with *American Steamship Owners Mutual*

*Protection and Indemnity Association, Inc. v. Lafarge North America, Inc.*, 06 CV 3123 (the "Club Action"). *See* Ex. "1" copy of the Memorandum Opinion and Order dated August 4, 2008. Judge Haight reasoned that resolving the coverage issue involving the Club Policy as expeditiously as possible will be in essence a priority as the resolution of the Club coverage issue will possibly alleviate other coverage issues.

To expedite the Club coverage issue, the Court further issued a strict briefing schedule to address the Club's motion for summary judgment which was filed on August 4, 2008 and then, if necessary, proceed with trial on October 6, 2008. *See* Ex. "2" copy of Memorandum Opinion and Order dated August 1, 2008.

On August 12, 2008, NACA and AHAC filed a limited motion for reconsideration of that portion of the August 4th Order which stayed and/or denied consolidation of <u>only</u> their First Cause of Action against the Club (the prayer that there is coverage is under the Club Policy). The Excess Insurers objected to being left out of the process of determining the issue of the Club coverage, an issue to which they have a huge stake (millions of dollars), and if left out, the Excess Insurers would not be bound by the Court's coverage decision:

> Under such circumstances, the Court's August 4th Order, and in particular the portion which stayed the Excess Underwriters' *First Cause of Action* and/or denied consolidation of that *First Cause of Action* (praying that the American Club Policy does cover Lafarge) with the Club Action amounts to manifest injustice because: (1) On the one hand, the Court has stayed the completion of briefing and an anticipated ruling on the Excess Underwriters' cross-motion for summary judgment on, among others, the issue of whether coverage exists under the American Club Policy; and (2) On the other hand, the Court has allowed certain parties (*i.e.* Lafarge and the American Club) to the absolute exclusion of others (*i.e.* Excess Underwriters) to participate in the determination of whether there is coverage under the American Club Policy. The Court has essentially denied the

Excess Underwriters the same opportunity it has given to Lafarge and the American Club to at least be heard on this single issue. There is absolutely no discernable reason to justify denial of the opportunity to Excess Underwriters (who have millions of dollars at stake) to at least submit briefs in the Club Action in response to the American Club's motion for summary judgment.

Further, the Court's denial of opportunity for Excess Underwriters to at least participate in the process of determining the sole issue of the American Club's coverage does not serve the Court's intent to minimize duplication and expenditure of unnecessary judicial resources, because as stated by the Court, if the Court makes a coverage determination without permitting Excess Underwriters to be a party to that coverage determination, such a decision may not be binding on them. Also, Lafarge's capable counsel will no doubt energetically oppose the American Club's motion for summary judgment; but, Lafarge's attorneys (and rightfully so) are here to protect their client, Lafarge; and only Lafarge. The Court should not expect that Lafarge will protect the Excess Underwriters' interests. [1]

See Ex. "3" at pp. 2-3 copy of Memorandum of Law in Support of Motion for Reconsideration.

Finally, we report that on August 1, 2008, Judge Haight issued a Memorandum Opinion and Order granting the Club's motion to strike Lafarge's demand for a jury trial. See Ex. "2" copy of Memorandum Opinion and Order dated August 1, 2008. It appears fairly certain that Lafarge will appeal this issue to the Court of Appeals for the Second Circuit, if Judge Haight finds no coverage under the Club Policy.

Given all of the above developments, and despite Judge Haight's most honorable intentions to achieve an expeditious resolution of the Club coverage issue, we unfortunately foresee no

---

[1] In point of fact, on the issue of the failure to maintain underlying insurance, Lafarge and Excess Underwriters have divergent interests.

possibility of a prompt resolution of the Club coverage issue in the New York litigations.

Respectfully submitted:

*/s/ Frank A. Piccolo*
FRANK A. PICCOLO (02049)
LEAH N. ENGELHARDT (23232)
PREIS & ROY, APLC
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone:(504) 581-6062
Facsimile: (504) 522-9129

- and -

NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Nooshin Namazi (NN-9449)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone: (212) 220-3830
Facsimile: (212) 220-3780
Email:  jnicoletti@nicolettihornig.com

COUNSEL FOR AMERICAN HOME ASSURANCE
COMPANY AND THE NORTHERN ASSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served  on all counsel of record in these proceedings by:

(     ) Hand Delivery         (     ) Prepaid U.S. Mail

(     ) Facsimile               (     ) Federal Express

( √ ) ECF Filing             (     ) E-Mail

New Orleans, Louisiana, this 25th day of August, 2008.


_____ /s/ *Frank A. Piccolo* _____
FRANK A. PICCOLO