# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION,
INC.

                           Plaintiff,

        -against-                                              06 Civ. 3123 (CSH)

LAFARGE NORTH AMERICA, INC.,                          MEMORANDUM OPINION
                                                          AND ORDER
                           Defendant.

-------------------------------------------------------------x

HAIGHT, Senior District Judge:

> This action presents the question of whether plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the American Club" or "the Club"), an insurer of shipowners and charterers against third-party liabilities, covered defendant Lafarge North America, Inc. ("Lafarge"), a barge charterer, in respect of damage to third parties in New Orleans associated with Hurricane Katrina. The American Club issues what is known as "P&I" insurance, standing for "protection and indemnity." The Club contends that it did not cover Lafarge for the underlying third-party claims. Lafarge contends that it is covered. The facts of the case are set forth in detail in the Court's prior opinion, 474 F. Supp. 2d 474 (S.D.N.Y. 2007), familiarity with which is assumed, and are not recounted here.

> American Club commenced this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a judicial declaration of non-coverage. Its complaint alleged admiralty jurisdiction in this Court under 28 U.S.C. § 1333 and diversity jurisdiction under § 1332. The complaint asserts in ¶ 4:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08-01-08

This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Lafarge does not dispute that the case arises out of a maritime contract of insurance and accordingly falls within the Court's admiralty and maritime jurisdiction.

Lafarge's answer and counterclaims assert that it is covered by the Club's policy and the Club has breached that policy, causing Lafarge to suffer damages at law. *See* Def.'s Answer and Countercl. ¶¶ 61-68. Lafarge has demanded a jury trial of its legal claims. The Club now moves to strike defendant's jury demand. For the reasons that follow, the American Club's motion is granted and Lafarge's jury demand is stricken. Trial of this action will be to the Court.

## DISCUSSION

Admiralty jurisdiction is conferred upon federal district courts by 28 U.S.C. § 1333, which provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

The "savings to suitors" clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty jurisdiction exist. *See, e.g., Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359-60 (1962). Prior to the merger of law and admiralty, a plaintiff exercised that option by filing a claim on the "admiralty" side or the "civil" side of a district court. *Id.* With the merger of law and admiralty, the Federal Rules of Civil Procedure advisory committee recognized the need for a

2

mechanism to inform the court of a claimant's election to proceed in admiralty on claims cognizable

both in admiralty and the court's general civil jurisdiction. That mechanism is furnished by Rule

9(h), included in the 1966 amendments to the Rules. Rule 9(h) provides in part:

> If a claim for relief is within the admiralty and maritime jurisdiction
> and also within the court's subject-matter jurisdiction on some other
> ground, the pleading may designate the claim as an admiralty or
> maritime claim for the purposes of Rule 14(c), 38(e), 82 and the
> Supplemental Rules for Admiralty or Maritime Claims and Asset
> Forfeiture Actions.

A pleader may thus designate a claim as an "admiralty or maritime claim within the meaning of Rule

9(h)" to inform the court that the pleading has elected to proceed within the court's admiralty

jurisdiction. The American Club included that designation in its complaint for declaratory relief.

The advisory committee's notes to the Rule 9(h) in the 1966 amendments observe that:

> One of the important procedural consequences is that in the civil
> action either party may demand a jury trial, while in the suit in
> admiralty there is no right to jury trial except as provided by statute.

Rule 38(e), incorporated by reference in Rule 9(h), provides:

> These rules do not create a right to a jury trial on issues in a claim that
> is an admiralty or maritime claim under Rule 9(h).

It is established beyond question that the Seventh Amendment's guarantee of a jury trial in

civil actions at common law does not extend to the trial of admiralty or maritime claims. No right

to a jury trial exists as to such claims and trials are to the court. A leading commentator points out:

"[W]hen a claimant properly designates a claim as one in admiralty under Rule 9(h), or when the

claim is only cognizable in admiralty, whether so identified or not, there is no constitutional jury trial

right as to that claim." 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 38.32 (3d ed.

2007). The principle that there is no right to jury trials in admiralty cases is uniformly recognized by

3

the courts. *See, e.g., Camrex (Holdings) Ltd. v. Camrex Reliance Paint Co.*, 90 F.R.D. 313, 317

(E.D.N.Y. 1981):

> The right to a jury trial in actions at common law guaranteed by the
> Seventh Amendment and "preserved inviolate" by Rule 38(a),
> F.R.Civ.P., provides no basis for claiming a jury trial with respect to
> the issues in an admiralty or maritime claim so designated (as plaintiff
> has done) under Rule 9h), as indeed Rule 38(e) expressly recognizes:
> "These rules shall not be construed to create a right to trial by jury of
> the issues in an admiralty or maritime claim within the meaning of
> Rule 9(h)."

The present motion presents a question that has arisen in a considerable number of reported

cases. A plaintiff properly designates its claim as an admiralty or maritime claim under Rule 9(h).

Subject matter jurisdiction in the district court would also exist under the diversity statute. The

defendant asserts common law counterclaims (such as breach of contract) and demands a jury trial

on the counterclaims. Plaintiff moves to strike the jury demand. The rule derived from the distinct

majority of decisions is that if the defendant's counterclaims arise out of the same contract as the

plaintiff's claims and involve the same operative facts, the plaintiff's Rule 9(h) designation trumps

defendant's jury demand, and the entire case will be tried to the court without a jury.

A number of these cases present exactly the same circumstances as the case at bar: a marine

risk insurer's claim for a declaration of non-coverage, designated as an admiralty claim under Rule

9(h), and the purported insured's counterclaim for breach of the contract of insurance, coupled with

a jury demand. In *St. Paul Fire and Marine Insurance Co. v. Holiday Fair, Inc.*, No. 94 Civ. 5707,

1996 WL 148350 (S.D.N.Y. April 2, 1996), Chief Judge Griesa (as he then was) granted plaintiff St.

Paul's motion to strike defendant's jury demand, stating:

> The majority of the decided cases favor the position of St. Paul. They
> hold that the rules confer rights upon a party such as St. Paul, who

4

sues first and designates the nature of the case as an admiralty matter under Rule 9(h). With one exception, the decided cases do not allow a defendant's counterclaim to control (citing cases).

1996 WL 148350, at *1. Judge Griesa quoted with approval Judge Neaher's holding in *Camrex*, 90 F.R.D. at 317, that "a plaintiff's election to sue on an admiralty or maritime claim as the basis for federal jurisdiction binds the parties in the lawsuit to the inevitable procedural consequence of a court trial . . . even where a 'legal' counterclaim has been interposed," and went on to say:

> The invocation of admiralty jurisdiction is a long established right in our legal system, which is expressly authorized in Rule 9(h). The right to a non-jury trial is expressly provided for in Rule 38(e). It would seem to be a reasonable application of these principles to hold that St. Paul's right to a non-jury claim based on its admiralty claim outweighs Holiday Fair's request for a jury trial based on its counterclaim. Suit by an insurance company under a policy of marine insurance is not a mere "race to the courthouse," but is a normal and orderly procedure.

*Id.*

The "one exception" to which Judge Griesa referred is the Ninth Circuit's decision in *Wilmington Trust v. United States District Court for the District of Hawaii*, 934 F.2d 1026 (9th Cir. 1991), upon which Lafarge places a principal reliance. While *Wilmington Trust* does support Lafarge's jury demand, this Ninth Circuit case is not binding on this Court; Chief Judge Griesa declined to follow it in *St. Paul* and I decline to follow it in the case at bar. So did the district court in *Great Lakes Reinsurance PLC v. Masters*, No. 8:07-cv-1662-T-24, 2008 WL 619342 (M.D. Fla. March 3, 2008), which arose out of identical facts: a claim by a marine insurer for a declaration of non-coverage and the defendant's counterclaim at law for breach of contract, coupled with a jury demand. The court, granting plaintiff's motion to strike the jury demand, said:

> [W]here a plaintiff elects to pursue a non-jury admiralty action pursuant to Rule 9(h), a counterclaiming defendant is not entitled to

5

> a jury trial, even if the counterclaim is based on an alternative basis for
> jurisdiction, if the counterclaim arises out of the same operative facts
> as the plaintiff's admiralty claim (citing cases),

2008 WL 619342, at *2.  The court declined to follow, as non-binding upon it, the Ninth Circuit's

arguably contrary decision in *Wilmington Trust* and the Fourth Circuit's decision in *In re Lockheed*

*Martin Corp.* 503 F.3d 351 (4th Cir. 2007), upon which Lafarge also heavily relies.

In *Norwalk Cove Marina, Inc. v. SS/V Odysseus*, 100 F. Supp. 2d 113, 114 (D. Conn. 2000),

Judge Eginton said in striking a jury demand:

> A review of the relevant case law reveals that the approach of
> *Wilmington Trust* remains to date a minority position.  The majority
> of courts hold that the plaintiff electing to sue in admiralty has the
> right to determine the character of the action, which should not be
> disturbed by the defendant's counterclaims.

The Second Circuit does not appear to have squarely addressed this question.  I agree with the great

majority of the courts that have dealt with it, in those decisions cited *supra* or cited in them, and

additional cases cited by the American Club in its reply brief at 3-4.

Those cases apply to the case at bar, and are persuasive, because as in them, Lafarge's

counterclaims arise out of the same operative facts as the American Club's claim for declaratory

relief.  Lafarge acknowledges that reality when it says, at page 3 of its brief, that "the American

Club's declaratory judgment complaint is entirely derivative of [Lafarge's] claim under the policy...."

It is only necessary to add that the criticism made by Lafarge, that the Club's filing a

declaratory judgment action and designating it as an admiralty claim constituted an unseemly or

improper "race to the courthouse," is frequently made by purported assureds and properly rejected,

as did Chief Judge Griesa's forceful opinion in *St. Paul*.  Lafarge also complains that the Club

behaved improperly in its initial handling of Lafarge's notice of claim under the P&I policy, to

6

Lafarge's detriment. I do not reach the merits of that assertion, with which the Club disagrees; it is sufficient for present purposes to say that Lafarge cannot bootstrap such contentions into a right to a jury trial which does not exist under settled law. A comparable argument was rejected in *Royal Insurance Co. Of America v. Hansen*, 125 F.R.D. 5, 7 (D. Mass. 1988).[1]

## CONCLUSION AND SCHEDULING ORDER

For the foregoing reasons, the motion of plaintiff American Club to strike Lafarge's jury demand is granted. The entire case will be tried to the Court.

The Court makes the following Order:

1.  A scheduling order is in effect which requires papers on contemplated motions for summary judgment to be filed and served not later than August 4, 2008. Responsive papers must be filed and served not later than August 18, 2008. Reply papers must be filed and served on or before August 25, 2008. No further extensions will be granted. No further motions will be entertained, except for *in limine* motions as provided for in ¶ 4 of this Order.

---

[1] Lafarge also relies on Judge Berman's decision in *Sphere Drake Insurance PLC v. J. Shree Corp.*, 184 F.R.D. 258 (S.D.N.Y. 2004). To the extent that Judge Berman's opinion can be lifted from the particular facts of the case and given a broader reading with respect to a right to jury trial that is inconsistent with the authorities discussed in text, I respectfully decline to follow it.

Lafarge's brief asserts at page 20 n.8 that in *Royal Insurance Co. of America v. Deep Sea International*, 2005 A.M.C. 640, 647 n.5 (S.D.N.Y. 2004), Judge Wood "correctly observed" that Judge Berman's "analysis supports a broader reading," and goes on to characterize Judge Wood's opinion in *Royal Insurance Co.* as "rejecting magistrate judge's recommendation to strike the jury demand of the defendant-insured in insurer's declaratory judgment action." What Judge Wood actually said in the cited footnote to her opinion resolving objections to the Report and Recommendation of Magistrate Judge Maas was this: "Because this case may yet be decided on summary judgment, the Court *need not now decide* whether Deep Sea's demand for a jury trial should be stricken. The Court thus denies the motion to strike Deep Sea's jury trial demand, *without prejudice to refiling if this case proceeds to trial.*" (emphases added). Lafarge's characterization of Judge Wood's holding is, to put it charitably, misleading.

2.  If the case is not disposed of summarily, it will be called for a bench trial beginning at

10:00 a.m. on Monday, October 6, 2008, and continuing from day to day until concluded.  That is

a firm date.  No applications for adjournment will be entertained.  Counsel for the parties must now

regard themselves as engaged for trial before this Court on that date, and make the necessary

arrangements for the attendance of witnesses.[2]

3..  The trial will be held at the federal courthouse in New Haven, CT, to which the

undersigned will be relocating as of October 1, 2008.

4.  Any pre-trial motions *in limine* must be filed and served on or before September 18, 2008.

Filing is to be done at the courthouse at 500 Pearl Street, New York, NY.  Responsive papers must

be filed and served not later than September 25, 2008.  Filing is to be done at the courthouse at 500

Pearl Street, New York, NY.  Courtesy copies are to be delivered to chambers at Room 1940, 500

Pearl Street.

It is SO ORDERED.

Dated: New York, New York
August 1, 2008

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] If there is no summary disposition, the Court will adhere to this trial date, in part
because I am aware of and sympathize with the discontent felt by Judge Duval of the Eastern
District of Louisiana with respect to the pace of the litigation in this District involving the several
involved insurance policies, including the policy in the captioned case.  Judge Duval is in charge
of the litigation which will adjudicate liability issues, including third-party claims against
insurers under the Louisiana direct action statute, and wants to get on with it, as I would were I in
his place.  Counsel may not have made Judge Duval fully aware of the three cases pending before
this Court on insurance issues and the number of motions these cases have and continue to
spawn.  In any event, this Court will treat those cases, including the captioned one, on an
expedited basis.  If Judge Duval's reaction is "it's about time," I would understand.

8