UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 |
| PERTAINS TO:<br>05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073<br>05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,<br>06-0225, 06- 0886, 06-11208, 06-2278, 06-2287, 06-2346,<br>06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,<br>06-5771, 06-5786, 06-5937, 06-7682 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288, 07-1289 | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is Levee Defendants' Motion to Strike Certain Allegations contained in Plaintiffs' First Supplemental and Amending Levee Master Consolidated Class Action Complaint and Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint. (Doc. 8425). On August 8, 2007, this Court entertained oral argument on a Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint (Doc. 6548). During that hearing, specific topics were considered as to whether such topic would be allowed to be included in an amended complaint. After argument, Court rendered its opinion orally. Subsequently, it issued a written order which stated:

> **IT IS ORDERED** that the Motion for Leave to File Plaintiffs' Restated Levee Master Consolidated Class Action Complaint (Doc. 6584) is **GRANTED** in the following respects:
> a) Plaintiffs shall be allowed to substitute the class representatives as proposed;
> b) Plaintiffs shall be allowed to amend the class allegations to narrow the class certification hearing as proposed;
> c) Plaintiffs shall be allowed to amend the geographical description of Zone 2 to correct a clerical error;
> d) Plaintiffs shall be allowed to add National Union Fire Insurance Co. as a direct defendant;

    e)  Plaintiffs shall be allowed to amend the "common liability" issues;

 and is **DENIED** with respect to:

    a)  amending the Complaint to allege that OLD and SWB negligently abandoned an authorized plan to install floodgates.  The initial allegations concerning the "Barrier Plan" and the "High Level Plan" shall not be amended and

    b)  Zone 4 being incorporated into Count 1.

Doc. 6939.  In so doing, the Court reiterated those topics to be included in the amended complaint.  Any silence concerning other potential topics did not meant that leave was given for any addition or change not specifically addressed at that time.

 Subsequently, on August 10, 2007, the First Supplemental and Amending Levee Master was filed, and on September 12, 2007, Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint was also filed.  The instant motion followed on October 16, 2007 in which the Levee Defendants contend that these new pleadings incorporate materials which were either specifically rejected by the Court or were not even the subject of the initial Motion to Amend.  Bearing in mind the limited scope of the August 8, 2007, ruling, the Court will now address defendants' Motion.

**A.** **Plaintiff Leslie Dorantes**

 While Leslie Dorantes was not discussed during the August 8, 2007 hearing, the Court sees no prejudice or harm to defendants in allowing Ms. Dorantes to appear as a Zone/ Subclass 3 Representative.  Class certification hearings are not imminent, and there is simply no reason at this stage for the Court to deny this request as it is de minimus in nature.

 **IT IS ORDERED** that the request to strike Leslie Dorantes is **DENIED**.

**B. Counts I, III, and IV**

The Levee Defendants contend that the following six allegation were not allowed by the Court's ruling:

1. Count Three (Allegations of Negligent Design and Construction of the Floodwalls at the 17th Street Canal): Section Heading of Count Three and Paragraph Nos. 121, 153 and 158 to the extent that they include the entire class and Subclass (Zone) 4.

2. Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section Heading of Count Four to the extent that it includes allegations concerning Orleans Avenue Canal and the entire class and Subclasses 2 and 4;

3. Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Paragraph Nos. 151-157 to the extent that they include allegations concerning the Orleans Avenue Canal;

4. Count I (17th Street Canal Drainage Project Allegations): Section Heading of Count One and Paragraph Nos. 88 and 89 of plaintiffs' First Supplemental Complaint to the extent they include the overall class and Subclass 4; Section Heading of Count One and paragraph 86-91 of plaintiffs' Corrected Restated Complaint to the extent they include the overall class and Subclass 4;

      5.      Count I (17th Street Canal Drainage Project Allegations): Paragraphs Nos. 87 and 88 of Plaintiffs' Corrected Restated Complaint and Paragraph No. 142 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that they amend the plaintiffs' Superceding Complaints allegations concerning the "Barrier Plan and the High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates;

      6.      Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal): Section heading of Count Four and any allegations of Count Four to the extent that they attempt to assert a claim against SWB for any liability relating to the London Avenue Canal.

Plaintiffs argue that they were precluded from adding allegations by the Court's ruling only to the extent that the Court's August 10, 2007 order specifically prohibited same. However, such an approach belies the Court's ruling–that is the Court only allowed those amendments specifically urged and more particularly argued at that hearing. Any aggrandizement of those parameters is not sanctioned and would require a new motion for leave to amend to include such allegations. Furthermore, plaintiffs admitted some clerical mistakes by allowing certain allegations to remain where the motion for their inclusion had been specifically denied. Accordingly,

      **IT IS ORDERED** that:

      1.      The Motion to Strike Count Three (Allegations of Negligent Design and Construction of the Floodwalls at the 17th Street Canal): Section Heading of Count Three and Paragraph Nos. 121, 153 and 158 to the extent that they include

the entire class and Subclass (Zone) 4 is **GRANTED**.  At oral argument, the Court was informed that Zone 4 was not effected by waters flowing from the 17th Street Canal–rather it was impacted by the exacerbated surge from MRGO.   The Court prohibited the inclusion of these allegations into Count 1 which concerned the 17th Street Drainage Project; there is no reason to allow an amendment concerning the 17th Street Floodwalls with respect to  Zone 4which was apparently not damaged by those waters.  (See p. 14, 42 and 63 of the transcript of the August 8, 2007 proceedings).

2. The Motion to Strike is **GRANTED** with respect to Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal and Orleans Avenue Canal):  Section Heading of Count Four to the extent that it includes allegations concerning Orleans Avenue Canal and the entire class and Subclasses 2 and 4.  Plaintiffs contend that this amendment was not prohibited by the Court's ruling and that there is no surprise for the Levee Defendants because these allegations are contained in pleadings lodged in Civil District Court for the Parish of Orleans.  This contention ignores the fact that the Court specifically ruled on the inclusion or exclusion of specific topics at that hearing.  This topic was not raised and its inclusion without a proper motion for leave will not be allowed.

3. The Motion to Strike is **GRANTED** with respect to Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal

and Orleans Avenue Canal): Paragraph Nos. 151-157 to the extent that they include allegations concerning the Orleans Avenue Canal for the reasons stated with respect to No. 2 above.

4. The Motion to Strike is **GRANTED** with respect to Count I (17th Street Canal Drainage Project Allegations): Section Heading of Count One and Paragraph Nos. 88 and 89 of plaintiffs' First Supplemental Complaint to the extent they include the overall class and Subclass 4; Section Heading of Count One and paragraph 86-91 of plaintiffs' Corrected Restated Complaint to the extent they include the overall class and Subclass 4 for the reasons stated in No. 2 above, and more specifically, the Court ruled that Zone 4 was not to be included in Count I.

5. The Motion to Strike is **GRANTED** with respect to Count I (17th Street Canal Drainage Project Allegations): Paragraphs Nos. 87 and 88 of Plaintiffs' Corrected Restated Complaint and Paragraph No. 142 of both plaintiffs' First Supplemental Complaint and Corrected Restated Complaint to the extent that they amend the plaintiffs' Superceding Complaints allegations concerning the "Barrier Plan and the High Level Plan" or to allege that the OLD or SWB negligently abandoned an authorized plan to install floodgates as Plaintiffs agree that this inclusion was a clerical mistake and in contravention of the Court's Order of August 10, 2007.

6. The Motion to Strike is **GRANTED** with respect to Count Four (Allegations of Negligent Design and Construction of Floodwalls at the London Avenue Canal

and Orleans Avenue Canal): Section heading of Count Four and any allegations of Count Four to the extent that they attempt to assert a claim against SWB for any liability relating to the London Avenue Canal as Plaintiffs agree that this inclusion was a clerical mistake and in contravention of the Court's Order of August 10, 2007.

New Orleans, Louisiana, this __26th__ day of August, 2008.

                                 **STANWOOD R. DUVAL, JR.**
                     **UNITED STATES DISTRICT COURT JUDGE**