**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO: INSURANCE                           SECTION "K"(2)
ACEVEDO, 07-5199

**ORDER AND REASONS**

Before the Court is Defendant Church Mutual Insurance Company's ("CMIC" or

"Defendant") Motion to Dismiss (Rec. Doc. 9595) ("Mot."). Plaintiff Union Baptist Theological

Seminary ("Plaintiff") has opposed this motion (Rec. Doc. 12152) ("Opp."). CMIC has filed a

reply (Rec. Doc. 12313) ("Reply"), to which Plaintiff filed a sur-reply (Rec. Doc. 12448) ("Sur-

reply"). The Court, having reviewed these memoranda and the relevant law, will grant CMIC's

motion and dismiss Plaintiff's claims against CMIC as prescribed.


**I. BACKGROUND**

Plaintiff is one of 413 plaintiffs joined in the above-captioned action, *Acevedo v. AAA*

*Insurance, et al.*, Civ. A. No. 07-5199, a case consolidated within the umbrella of the *In re*

*Katrina Canal Breaches Litigation*, Civ. A. No. 05-4182. The plaintiffs in this case sued 76

insurance companies. The original complaint states general allegations under state law including

failure to tender timely and sufficient payment, breach of fiduciary duties, and breach of

contract. Complaint at 9 (Rec. Doc. 9). That complaint was filed on August 29, 2007, the

deadline for filing any suits against insurance companies for claims arising out of Hurricane

Katrina. "On December 5, 2007, plaintiff's [sic] amended the original complaint, to reflect an

1

omission in the complaint, which did not identify for 4 [sic] of the plaintiff's [sic], their correct insurer."[1]  Among those defendants added to the suit was Defendant CMIC, who is the sole insurer for Plaintiff Union Baptist Theological Seminary.  CMIC has moved to dismiss pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

## II. ANALYSIS

Defendant CMIC seeks dismissal based on prescription, the civil law equivalent to the expiration of a statute of limitations.[2]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  This Court will "accept the plaintiff's all well-pleaded facts as true and view then in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

CMIC asserts that Plaintiff's addition of CMIC to the complaint was after the prescription period expired, and because the amendment to the complaint does not relate back to

---

[1]Plaintiff's opposition is rife with grammatical errors, most significantly incorrect uses of apostrophes, to wit: this Court "granted plaintiff's until April 1, 2008, to file it's opposition to the motion," "there are 413 identified plaintiff's," "Defendant, having filed it's motion to dismiss," and the Plaintiff's failure in "naming of it's insured against the backdrop of the enormity of the disaster," to name a few.  Opp. at 2, 6, 8, 17.  This Court is befuddled as to why such a serviceable punctuation mark is deserving of such abuse.

[2]"Prescription is the civil-law equivalent of a statute of limitations." *Allstate Ins. Co. v. Torres*, Civ. A. No. 06-5206, 2007 WL 3102791, at *2 (E.D. La. Oct. 23, 2007) (Vance, J.) (citing Blacks Law Dictionary (8th ed. 2004) and La. Civ. Code Ann. art. 3447).

2

the previous complaint, CMIC must be dismissed from the action.  Accordingly, two steps of

analysis apply here.  First, this Court must determine whether the Plaintiff's claim against CMIC

is indeed prescribed.  If so, then this Court must determine if the amendment relates back to the

previous complaint.


**A.  Prescription**

Generally, a plaintiff seeking to sue his insurer has one year to file suit, or his claim will

be prescribed.  La. Rev. Stat. § 22:629.  However, following Hurricane Katrina, the Louisiana

legislature amended § 629 with La. Rev. Stat. § 22:658.3, which provides:

> A. Notwithstanding any other provision of this Title to the contrary, any person or
> entity having a claim for damages pursuant to a homeowners' insurance policy,
> personal property insurance policy, tenant homeowners' insurance policy,
> condominium owners' insurance policy, or commercial property insurance policy,
> and resulting from Hurricane Katrina shall have through September 1, 2007,
> within which to file a claim with their insurer for damages, unless a greater time
> period to file such claim is otherwise provided by law or by contract.

La. Rev. Stat. § 22:658.3(A); *see State v. All Prop. & Cas. Ins. Carriers Authorized & Licensed*

*To Do Business In The State of Louisiana*, 937 So.2d 313, 319-27 (La. 2006) (finding extension

of prescription period in § 22:658 constitutional).  There is no dispute here that Plaintiff filed its

original complaint on August 29, 2007, prior to the expiration of the prescription period.

However, the amendment adding CMIC as a defendant in this action was filed on December 5,

2007.  Accordingly, this amendment is prescribed unless an exception to prescription applies.

"Prescription is interrupted when the owner commences action against the possessor, or

when the obligee commences action against the obligor, in a court of competent jurisdiction or

venue."  La. Civ. Code art. 3462.  In connection with Article 3462, Article 1799 explains, "The

interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."  La. Civ. Code art. 1799.  Moreover, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La. Civ. Code art. 3503.  Thus, if CMIC is a solidary obligor of the other previously named defendants, prescription would have been interrupted and Plaintiff's claim against CMIC would not be time-barred.  "[W]hen the plaintiff's petition is clearly prescribed on its face, as here, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted."  *Rizer v. Am. Sur. & Fidelity Ins. Co.*, 669 So.2d 387, 388 (La. 1996) (citations omitted). "Additionally, if the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidarity exists." *Id.* (citing *Younger v. Marshall Indus., Inc.*, 618 So.2d 866, 869 (La. 1993)).

Louisiana case law reveals that CMIC is not a solidary obligor of the other insurance company defendants.  As well-noted by CMIC, the Louisiana Supreme Court has explained, "An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor." *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575, 576 (La. 1982).  In *Rizer v. American Surety & Fidelity Insurance Co.*, 669 So.2d 387, 388 (La. 1996), the Louisiana Supreme Court considered the operation of Louisiana Civil Code articles 1799 and 3503 in connection with two automobile victims' addition of an insurance company defendant after the prescription period had expired.  The plaintiffs were injured when the defendant motorist's car struck them from behind.  They filed suit under Louisiana's direct action statute against the motorist's insurer, but soon after filing the insurer went bankrupt.  Accordingly, the plaintiffs sought to amend their

4

complaints to add their uninsured motorist carriers as defendants as well.  However, one of those

uninsured motorist carriers, United Services Automobile Association ("USAA"), was added after

the prescriptive period, prompting the issue of whether USAA was a solidary obligor with the

defendant motorist's bankrupt insurance carrier.

Using their interpretation of the relevant Louisiana Code provisions from *Hoefly*, the

Louisiana Supreme Court concluded that USAA was not a solidary obligor with the defendant

motorist's insurance company.  The court explained that the relevant analysis concerns whether

USAA and the motorist's insurance company were "obligated to repair the same damage."  *Id.* at

388.  However, the *Rizer* court noted relevant insurance statute prescribed that the uninsured

motorist carrier only covered that which the defendant motorist's insurance company did not

cover.  Explained the court:

> In effect, these provisions make uninsured motorist coverage "excess" coverage.
> The uninsured motorist carrier has no obligation to pay any portion of an injured
> insured's damages within the underinsured tortfeasor's liability policy limits.
> Rather, the uninsured motorist carrier is only obligated to pay those damages
> which exceed the policy limits of the motor vehicle liability policy and which are
> within the uninsured motorist policy limits.

*Id.* at 390 (citation omitted).  Because there was no "overlap" between the liability of these two

companies, the *Rizer* court concluded that USAA was not a solidary obligor, and thus the claim

against USAA had prescribed.

The present case does not come close to *Rizer*; indeed, CMIC has even less of a

relationship with the other defendants than was the case in *Rizer*.  Here, CMIC does not appear

to jointly insure Plaintiff Union Baptist Theological Seminary with another named defendant;

there is no "overlap" in coverage.  Instead, CMIC is the only insurance company for that

Plaintiff.  Mere oversight in pleading is no excuse for failing to include a defendant, particularly

where the Plaintiff certainly knows who its own insurance company is and likely informed

Plaintiff's counsel of this fact.  Accordingly, this Court finds that Plaintiff's claim against CMIC

has prescribed.


**B.  Relation Back**

Because the addition of CMIC as a defendant is prescribed, this Court must determine

whether the amendment relates back to the prior timely pleading.  "When a plaintiff amends a

complaint to add a defendant, but the plaintiff does so *subsequent* to the running of the relevant

statute of limitations, then Rule 15(c)(3) controls whether the amended complaint may 'relate

back' to the filing of the original complaint and thereby escape a timeliness objection."  *Wilson

v. United States Gov't*, 23 F.3d 559, 562 (1st Cir. 1994).  Relation back analysis applies to the

addition of new claims or new defendants.  As explained by the Fifth Circuit in the context of a

plaintiff's adding new defendants to a claim:

> This distinction for new defendants, as opposed to new claims, is a distinction
> without a difference, because the same result is reached as though the relation
> back test were used: Under federal law, adding a new defendant generally does
> not relate back to the filing of the original complaint unless Federal Rule of Civil
> Procedure 15(c)(3) applies.  Also, under Louisiana law the addition of a new
> defendant does not relate back to the original complaint unless a misnomer
> situation as described in rule 15(c)(3) applies.

*Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806-07 (5th Cir. 2006) (footnotes omitted).  The

Fifth Circuit has suggested some uncertainty in the law regarding whether, in a case founded on

diversity jurisdiction, state law or Federal Rule of Civil Procedure 15(c) guides relation back

analysis.  *Braud*, 445 F.3d at 808 n.14 (noting in case based on jurisdiction under Class Action

Fairness Act that "[i]t is less certain whether state law provides the applicable rules for the

relation back analysis"). *Compare Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) (using state law regarding relation back in diversity case) (cited by *Braud*), *with White v. Louisiana*, 178 F.3d 1291 n.6 (5th Cir. 1999) (unpublished opinion) ("The federal relation back rule set forth in Rule 15(c) violates neither the Rules Enabling Act nor the Constitution and, therefore, applies in federal court in diversity cases controlled by state law.").   However, the Fifth Circuit has also held that the "[t]he four-prong federal and Louisiana tests for relation back are identical," thus mooting this issue for the time being. *Braud*, 445 F.3d at 808 n.15.

Federal Rule of Civil Procedure 15(c) provides the guidelines  as follows:

**(c) Relation Back of Amendments.**

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> > (I) received such notice of the action that it will not be prejudiced in defending on the merits; and

> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).  As Plaintiff here attempts to add a previously unnamed party as defendant in the complaint, Rule 15(c)(1)(C) applies here. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 209

7

(3d Cir. 2006) (noting Rule 15(c)(1)(C) applies to situations where "an amendment substitutes or

adds a party").  The doctrine of relation back of an amendment in order to add a new defendant

has been summarized by Judge Vance of this District as follows:

> Under Rule 15(c)(2) and (3), when an amended complaint changes the name of a
> party or substitutes a new party, (1) it must arise out of the same circumstances
> asserted in the original pleading, (2) the new party must have received sufficient
> notice of the action so as not to be prejudiced, (3) the proper party must at least
> have constructive knowledge that but for a mistake concerning the identity of the
> proper party, suit would have been brought against it, and (4) the second and third
> requirements must occur within 120 days of the original complaint, or longer if
> good cause is shown.

*Allstate Ins. Co. v. Torres*, Civ. A. No. 06-5206, 2007 WL 3102791, at *3 (E.D. La. Oct. 23,

2007) (Vance, J.) (citing *Skocylas v. Federal Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir.

1992)).[3]

Under both federal and Louisiana relation back rules, the Plaintiff's complaint fails to

---

[3]As noted *supra*, Louisiana law regarding the amending of a complaint to add a defendant
is virtually identical to Rule 15(c), requiring that:

> (1) The amended claim must arise out of the same transaction or occurrence set
> forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution
> of the action such that he will not be prejudiced in maintaining a defense on the
> merits;
>
> (3) The purported substitute defendant must know or should have known that but
> for a mistake concerning the identity of the proper party defendant, the action
> would have been brought against him; and
>
> (4) The purported substitute defendant must not be a wholly new or unrelated
> defendant, since this would be tantamount to assertion of a new cause of action
> which would have otherwise prescribed.

*Hodges v. Republic Western Ins. Co.*, 921 So.2d 175, 178 (La. Ct. App. 2005) (citing *Ray v.
Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983).

fulfill the main requirement that the new claim must arise out of the circumstances of the original

pleading.  Plaintiff would contend that CMIC is an insurance company, and exactly like the rest

of the insurance companies sued by the numerous plaintiffs in this action, CMIC is being sued

for its alleged breach of an insurance contract arising out of damage caused by Hurricane

Katrina.  Plaintiff, however, is wrong because the addition of CMIC as a defendant brings into

the suit an entirely new dispute over a separate, independent insurance contract.  As a general

rule:

> When plaintiff attempts to allege an entirely different transaction by amendment,
> Rule 15(c) will not authorize relation back. For example, amendments alleging
> the separate publication of a libelous statement, *the breach of an independent
> contract*, the infringement of a different patent, or even a separate violation of the
> same statute may be subject to the defense of statute of limitations because of a
> failure to meet the transaction standard.

6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1497 (2d ed. 2008) (emphasis

added).  While Plaintiff alleges that its claim arises out of the same occurrence as the other

plaintiffs' claims, namely property damage caused by Hurricane Katrina, in fact Plaintiff's claim

is entirely unique because it arises out of its own insurance contract.  Plaintiff's contract with

CMIC is separate from all other contracts and involves its own unique issues.  Plaintiff certainly

has not attempted to bolster his claim by making any assertion that CMIC is related to a

defendant that is already included in this suit.  *See Huffman v Goodman*, 784 So.2d 718, 733 (La.

Ct. App. 2001) (dismissing complaint where plaintiff attempted to add insurance broker as

defendant, finding that broker had "no identity of interest" with insurer and therefore amendment

did not relate back).  Such an amendment falls beyond the ambit of Rule 15(c).

Some federal courts of appeals cases could be read to suggest that the Plaintiff's

amendment should be permitted.  For example, in *Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th

Cir. 1998), the Fifth Circuit addressed a § 1983 suit wherein the plaintiff attempted to amend his

complaint to add new defendants who were "the correct officers and deputies."  These

defendants were the allegedly offending officers, but plaintiff only discovered their proper

identification after he deposed the sheriff's office after the statute of limitations had expired.  *Id.*

at 318.  The Fifth Circuit did not permit the amendment because it was due to a lack of

knowledge by the defendant, and "not necessitated by the 'mistake' or 'misidentification' at

which Rule 15(c)(3) is aimed."  *Id.* at 321; *see Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th

Cir. 1993) ("Because [plaintiff's] failure to name [two defendants] was due to a lack of

knowledge as to their identity, and not a mistake in their names, [plaintiff] was prevented from

availing himself of the relation back doctrine of Rule 15(c).").

      Plaintiff would argue that under *Jacobsen*'s reasoning it should be permitted the

amendment here because it indeed did know of the identity of the proper defendant prior to

prescription deadline; it simply failed to name CMIC.  However, this Court is unmoved by this

argument.  The *Jacobsen* court explained that Rule 15(c) is designed to permit amendment where

a "misnomer", "mistake," or "misidentification" has occurred, not where an entirely new

defendant is being added who was not included in the original complaint.  *Jacobsen*, 133 F.3d at

321-22.  As explained by another federal court of appeals:

> Thus, amendment with relation back is generally permitted in order to correct a
> misnomer of a defendant where the proper defendant is already before the court
> and the effect is merely to correct the name under which he is sued.  But a new
> defendant cannot normally be substituted or added by amendment after the statute
> of limitations has run.

*Worthington*, 8 F.3d at 1256; *see Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994)

(quoting *Worthington*).  Indeed, upon facts very similar to this case, this Court has dismissed an

insurance claim where the plaintiff incorrectly named the defendant's parent company as defendant, finding that dismiss was appropriate because the plaintiff "disregarded the plain print of his insurance policy stating the correct name of the insurance agency."  *Schewe v. USAA Cas. Ins. Co.*, Civ. A. No. 06-881, 2007 WL 2174588, at *9 (E.D. La. July 27, 2007) (Porteous, J.) (dismissing property insurance suit arising out of Hurricane Katrina where plaintiff incorrectly named "USAA Casualty Insurance Company" and "USAA General Indemnity Company" instead of "USAA Insurance Agency").  Plaintiff may have intended to sue its insurer, but no apparent attempt was made to name that insurer, even if it were the wrong one as in *Schewe*. Accordingly, as MIC as a defendant.  It certainly follows that where a Plaintiff has failed to name any insurance company, and not simply naming the wrong insurance company, its complaint should similarly be dismissed.

In concluding, this Court notes the Seventh Circuit's observations regarding the reason behind allowing amendments to relate back:  "The purpose of allowing relation back – to extend a deadline – allies the doctrine closely to equitable tolling, which permits a party to delay filing his suit beyond the expiration of the limitations period if he could not reasonably be expected to have done so sooner."  *Springman v. AIG Marketing, Inc.*, 523 F.3d 685, 688 (7th Cir. 2008) (citations omitted).  Here, there is no legitimate reason why the Plaintiff could not have named the correct defendant here, particularly where the Plaintiff had full knowledge of who its own insurer was.  This Court takes no *schadenfreude* in dismissing what otherwise could have been a viable claim, but allowing the present amendment would reward negligent plaintiffs or shoddy lawyering.  This Court has patience for neither.

11

**III.  CONCLUSION**

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Defendant CMIC's Motion to Dismiss (Rec. Doc. 9595) is

**GRANTED**.  All of Plaintiff's claims against CMIC are hereby **DISMISSED WITH**

**PREJUDICE.**

New Orleans, Louisiana, this ____26th____ day of August, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**