UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | | * * * * | CIVIL ACTION |
| | | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | | * * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

### SECOND SUPPLEMENTAL DECLARATION OF WAYNE R. CENTANNI

I, Wayne R. Centanni, do depose and say:

1. I am the president of Centanni Investigative Agency in New Orleans, LA, a Louisiana licensed investigative agency. My firm was retained by Lafarge North America Inc. ("LNA") through Chaffe McCall, L.L.P. to assist in the investigation and defense of claims against the company relating to the Barge ING 4727. This affidavit is based on personal knowledge and on records created during the course of the Centanni Investigative Agency's work on this matter.

2. In the course of Centanni Investigative Agency's investigation on behalf of LNA of the claims against LNA, we collected stopped timepieces including clocks and a wristwatch, at various locations in the Lower Ninth Ward. Those timepieces are listed in Exhibit 1 to this Declaration.

3. We collected the timepieces out of a concern that they would be lost and or destroyed in either future flooding or in demolition of structures in the Lower Ninth Ward. Indeed, many of the properties from which we collected timepieces have since been demolished.

4. We received permission from the New Orleans Police Department, the Louisiana National Guard and other law enforcement authorities to enter the Lower Ninth Ward of New Orleans in October and November of 2005.

5. All of the timepieces, except one, were collected during October or November 2005. We collected one clock on or about March 9, 2006.

6. Law enforcement authorities, including the New Orleans Police Department and the Louisiana National Guard, observed our activities, including our collection of timepieces, in the Lower Ninth Ward. These authorities did not interrupt our activities.

7. We did not collect any grandfather clocks. We did photograph two grandfather clocks located in properties at 2607 Andry Street and 5448 N. Galvez Street in New Orleans.

8. Currently, all of the timepieces that we collected are carefully wrapped and are being stored and preserved in a climate-controlled storage locker at Elmwood Self-Storage, 1004 S. Clearview Parkway, Harahan, Louisiana 70123. Due to the timepieces' exposure to water, many of them are in a very poor condition.

9. We are storing the timepieces so that they can be used later in this litigation.

10. At no time did we intend to steal the timepieces or to violate any law if the State of Louisiana or City of New Orleans. We have never intended to possess permanently any of the timepieces. We intend to return them to their owners as warranted and instructed by counsel.

11. No one from Lafarge North America, Inc. has ever provided us with any instructions related to our observation, preservation and/or collection of timepieces.

12. None of the Lower Ninth Ward interviews that we conducted as part of our investigative work for LNA's counsel occurred at the same time that we were collecting timepieces. Nor were any timepieces collected from the residence of anyone that we have interviewed. One interviewee, who identified himself as "George," was interviewed at 2241 Deslonde Street, an address from which a timepiece was also recovered. George told us, however, that he was not the owner of the property but was merely collecting property on behalf of the homeowners. We spoke to George approximately one year after we collected the timepiece from that same address.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Wayne R. Centanni

Dated: August 26, 2008