UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION |
|   | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|   | * |   |
|   | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * |   |
| *Mumford v. Ingram*     05-5724 | * |   |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * |   |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
|   | * |   |

**OBJECTIONS TO AND APPEAL TO DISTRICT COURT OF
MAGISTRATE JUDGE RULING DENYING LEAVE TO WITHDRAW
MATTERS DEEMED ADMITTED BY LAPSE OF TIME**

Ingram Barge 4727 breached the otherwise intact eastern Industrial Canal floodwall in two locations. The resulting flooding destroyed homes and lives in the Lower Ninth Ward and areas of St. Bernard west of Paris Road, and caused the residents of these areas to scatter. Thousands are still displaced and unable to return.

Class and individual actions were brought against companies including, among others, Lafarge North America, Inc., responsible for these and other damages.

In October 2007, Lafarge propounded written Interrogatories, Requests for Production and Requests for Admission to be answered by named plaintiffs in the Barge Litigation Track of the

1

Katrina Canal Breach Consolidated Litigation. The proposed class representatives (all named *Mumford* plaintiffs) timely responded to Requests for Admissions on December 28, 2007, raising general objections to all of the requests, and specific objections as to particular requests.[1] Responses - including both admissions and denials - were provided to each request, but were made subject to and without waiver of the objections.

Lafarge took the view, with which undersigned came to agree, that discovery responses were due not only from proposed class representatives, but from all named plaintiffs. In a series of Rule 37 conferences, Lafarge and the undersigned agreed that additional discovery responses would be provided on behalf of named plaintiffs whether they were proposed class representatives or not. These would be forthcoming from named plaintiffs in *Boutte*, *Benoit*, *Lagarde* and *Perry*, and also three named *Parfait* plaintiffs who, it was eventually discovered, had retained undersigned in addition to Mr. O'Dwyer. Plaintiffs stated in their December 28, 2007 Responses to Requests for Admissions that

> "[p]laintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible."

Undersigned began a massive effort to gather as much information as possible from as many named individual plaintiffs as possible, limited of course by the power of undersigned and the individuals' attorneys to contact and obtain information from persons whose lives were entirely removed from the New Orleans area. This was no small feat. As undersigned have explained in numerous pleadings and communications with counsel for Lafarge, the events giving rise to suit have scattered the plaintiffs across the country and have caused inordinate difficulty in obtaining discovery

---

[1] The parties agreed to this date.

responses, which in the usual course of litigation is no great matter. This case is different. Undersigned maintained contact with counsel for Lafarge to provide continual notice of the difficulties of obtaining the additional information and the need for time and patience. Barge Plaintiff promised and have delivered continual supplementation of responses, and the discovery cutoff is not until March 2009.[2]

Most of the named plaintiffs located by April 2008 had provided responses to Requests for Admissions that differed in no respect from those provided by the Mumford plaintiffs (proposed class representatives) on December 28, 2008. On April 4, 2008, Barge Plaintiffs provided Amended Responses to Requests for Admissions, and in place of the language limiting the original responses to proposed class representatives, substituted instead the statement that:

> "All responses are made on behalf of all named plaintiffs who have responded ***to any extent*** to Barge Entities' discovery herein, all of whom have responded to these requests, and unless specifically noted, their responses are consistent in all respects with responses previously made." (Emphasis recent)[3]

Out of an abundance of caution, the above statement was paraphrased and iterated yet again in the following paragraph of the Amended Responses, and was framed thus:

> "Named plaintiffs reiterate in all other respects the entirety of their original responses, reiterate that all responses reflect the best efforts of counsel and the person

---

[2] Plaintiffs have been ordered nonetheless by Mag. Wilkinson to complete written discovery supplementation by September 5, 2008.

[3] Please see submitted herewith April 4, 2008 email to counsel for LNA, Derek Walker. This adoption was intended to be effective throughout discovery, but Lafarge nonetheless claims the responses to be late and therefore deemed admitted. Out of an abundance of caution, and for purposes of clarity, Barge Plaintiffs have proceeded to seek leave for withdrawal or amendment despite their conflicting view of and intentions with respect to perpetuation of the original responses to requests for admissions, and do stand by their position that the original responses to requests for admissions, allowing for specific contradictions where appropriate, are applicable to all named plaintiffs.

responding, in light of loss of much information during the events subject of suit, and in light of information available at relevant points in time..." See footnote 3, above.

In other words, all named plaintiffs who provide <u>any</u> Answers to Interrogatories or Responses to Requests for Production adopt and say "me too" as to the December 28, 2008 Responses to Requests for Admissions, including admissions, denials and objections, unless noted otherwise.  As of April 4, 2008, all Mumford, all *Boutte*, most *Lagarde* and some *Benoit* plaintiffs had provided discovery responses. These persons include, in addition to proposed class representatives Ethel Mae Coleman Mumford, Josephine Long Richardson, Jimmie Donnell Harris, Kismit Bourgere, Michael Joseph Riche, Jacob Robert "Bob" Glaser, Dianne Glaser, Herman Koch, Aida Koch, and Rico Terrence Sutton, the following persons: *Benoit* Plaintiffs Henry Adams, Gwendolyn Adams, Robert Green, Sr., Earl Matthew Daniels, Sr., Joyce Daniels, Mildred Delores Dean, Ethel Leon, Karen Leon; *Boutte* Plaintiffs Blair Boutte, Doris Shanks and Herbert Warren, Jr.; Lagarde Plaintiffs Marenthia Lagarde, Michael Lagarde and Donald Pritchett; Parfait Plaintiffs Melba Gibson and Kevin Mcfarland. Those whose Responses to Requests for Admissions differed, as noted in the April 4, 2008 response, are Kevin McFarland, a *Parfait* plaintiff who *did* hear the barge and *did* see it before noon on August 29, 2005, and *Lagarde* plaintiffs Marentia Lagarde, Michael Lagarde, and Donald Pritchett, with whose house the barge *did* make contact.  Additional Responses to Requests for Admissions were provided in July 2008 on behalf of Daniel Weber, a *Parfait* plaintiff discovered shortly beforehand to have signed undersigned's retainer, but who was not named in any suit filed by undersigned.  He, too, adopted the original responses, except for, *inter alia*, having seen the barge before noon on August 29, 2005, and for having heard the sound of the barge.  He also supplied his own admissions to certain facts not admitted in the majority of the

4

original responses because for him they were true but not for others.

On April 14, 2008, additional Benoit Plaintiffs responded to discovery - including Responses to Requests for Admissions - invoking by this action the adoption language in the April 4, 2008 Amended Responses to Requests for Admissions. Throughout this period and through the present, named plaintiffs were continuously located, additional documents and information came into their possession, and discovery responses were continuously obtained, updated, supplemented and provided to Lafarge.

All told, Barge Plaintiffs have responded to discovery as follows:[4]

- 12/28/07 Original Answers to Interrogatories, Responses to Requests for Admissions, Responses to Requests for Production;

- 1/24/08 Supplemental Answers to Interrogatories and Responses to Requests for Production;

- 2/12/08 Supplemental Responses to Requests for Production;

- 2/13/08 Supplemental Responses to Requests for Production;

- 2/15/08 two sets of Supplemental Answers to Interrogatories;

- 4/4/08 Amended Responses to Requests for Admissions (amended to comply with Lafarge's requirement that all named plaintiffs respond to discovery, not just proposed class representatives);

- 4/14/05 Supplemental Answers to Interrogatories, Responses to Requests for Production, and Responses to Requests for Admissions;

- 5/15/08 Supplemental Responses to Requests for Production;

---

[4]Lafarge continues, however, to belabor its contention that the plaintiffs have been dilatory or not diligent, which, undersigned suggest, may be born more out of a tactical desire to *appear* prejudiced than born out of *actual* prejudice.

- 7/7/08 Supplemental Answers to Interrogatories and Responses to Requests for Production;

- 7/11/08 Supplemental Responses to Requests for Admissions;

- 7/16/08 Supplemental Answers to Interrogatories and Responses to Requests for Production;

- 7/17/08 Supplemental Responses to Requests for Production;

- 7/23/08 Supplemental Responses to Requests for Production.

Lafarge North America filed a Motion to Compel (Record Doc. 11666), in which they specifically asked the Magistrate to either pretermit consideration of the Barge Plaintiffs' responses to requests for admission, citing Fed. R. Civ. P. 36 for the proposition that their substance was deemed admitted by lapse of time, or, alternatively, to compel responses. The Magistrate stated his intention ***not*** to rule on this matter not pending before it, yet stated in the next sentence that unanswered requests are deemed admitted. Lafarge and the plaintiffs differ as to whether or not the requests were answered timely, and therefore, Plaintiffs do not know the extent of the Magistrate's ruling - that is, whether it comports with the plaintiffs' views or Lafarge's as to the responses that were supplied originally and by continuous adoption.

The Magistrate suggested that the plaintiffs might seek leave to withdraw admissions as per Fed. R. Civ. P. 36(b). This ruling was made on April 28, 2008, fourteen months before trial according to the CMO then in effect. Undersigned therefore perceived available time to research the question, consider the Barge Plaintiffs' position, and the potential effect of matters deemed - correctly or not - admitted.

One major consideration is as follows, and did not come to final fruition for some time. Magistrate Wilkinson commented on March 10, 2008, during a status conference conducted by Your Honor, as follows:

JUDGE WILKINSON: There are two cases in the BARGE
24 section that were filed without any class allegations in them
25 at all --

P. 56

1 MR. BRUNO: Or they opt out.

2 JUDGE WILKINSON: -- Perry and Lagarde. I've always
3 assumed those are opt out people. Why would they file it?
4 They only filed against Lafarge and Ingram and then Lafarge,
5 third-party United States.
6 Why don't you-all think about, as Judge Fallon
7 did in the Vioxx cases, pulling one of those or both of those
8 out, put them on their own individual, separate schedule.
9 Lafarge could file its motion for summary judgment. There are
10 limited numbers of plaintiffs in those cases, too.

11 MR. BRUNO: Judge, Robinson is one of those cases.

12 JUDGE WILKINSON: Let those go forward on their own
13 track, like Robinson is going forward. It's binding only as to
14 those parties in those cases and it's the same -- it seems to
15 me it's the same effect as the Vioxx pull-outs.

Transcr., March 10, 2008, pp. 55 - 56.

After the Magistrate Judge's ruling on the Motion to Compel, another status conference was held on June 9, 2008. At that time, the Magistrate Judge discussed this Court's intention that selected individual plaintiffs' claims be tried in July 2009. Record Doc. 13500. The individual plaintiffs would not be class representatives, which excludes Mumford plaintiffs unless they opt out of the class they are trying to represent. In the absence of the joinder of new plaintiffs, the individual plaintiffs to be selected for the July 2009 trial would have to be selected from among the named plaintiffs in Benoit, Perry, Lagarde, or the three Parfait plaintiffs represented by undersigned. However, the effect of the Magistrate Judge's Order is that each of these potential selectees would

be bound by deemed admissions that are contrary to the evidence, subject to objections that have never been challenged or ruled upon, and that improperly go to the ultimate disputed issues in the case. Unless the Order appealed from is reversed, these factors will rob the July 2009 trial of any utility.

The Magistrate Judge's finding of prejudice is clearly erroneous and giving weight to the finding was an abuse of discretion. There is no prejudice in the defeat of an effort to game the system by taking advantage of the dispersion of plaintiffs and the difficulties of contact, there can be no prejudice when the trial is about a year away, there can be no prejudice when plaintiffs adopt prior responses, there is no showing of prejudice when an individual plaintiff has a response that differs from those of the vast majority of plaintiffs, and there is no evidentiary showing of any prejudice to anyone as to any response. Further, if there were any prejudice whatsoever, Lafarge is the author of such prejudice because it failed to challenge the objections made by the Barge plaintiffs.

Plaintiffs did move for leave to amend or withdraw the responses. However, the Magistrate Judge denied Plaintiffs' motion, despite Plaintiffs' pending objections to the Requests for Admissions, and despite Plaintiffs' satisfaction of a standard for withdrawal that is so low as to suggest that denial was an abuse of discretion. Undersigned further suggest that the Magistrate inadvertently overlooked or misapprehended language in plaintiffs' written responses which actually constitutes adoption by all named plaintiffs - unless exceptions are noted - of timely denials and objections made before lapse of the deadline. Undersigned suggest that the Magistrate Judge's August 18, 2008 denial of such relief is reversible as manifest error, as contrary to law, and an abuse of discretion, and - as well - is contrary to the interests of justice, threatens to cause delay, and

jeopardizes the ability to hold individual trials in July 2009.

## SCOPE OF OBJECTIONS, APPEAL AND RELIEF REQUESTED

The Magistrate Judge committed manifest error in: (1) failing to rule upon objections to Requests for Admissions and permit time for response as to overruled objections; (2) rendering an Order in conflict with an earlier Order; (2) failing to correctly apply the standard governing withdrawal of matters deemed admitted; (3) failing to discern or consider evidence of contradiction by the record as is inherent to the standard for relief; (4) failing to recognize that presentation of the merits will be subserved by withdrawal; and (5) in finding that Lafarge is in any way prejudiced by withdrawal. Barge Plaintiffs seek reversal of the Magistrate Judge's decision, and an Order permitting withdrawal of admissions deemed by operation of law, and/or for remand in the event that this Court does not deem Plaintiffs' appeal dispositive, or that Plaintiffs' sufficiently support their grounds for withdrawals of the admissions.[5]

It is possible to infer from Lafarge's Motion to Compel and from Lafarge's Opposition to the Barge Plaintiffs motions subject of this appeal that Lafarge contends all but the initial responses to request for admissions to be untimely and therefore deemed admitted by operation of law. The Barge Plaintiffs who adopt these original responses, with allowances for exceptions, disagree. The

---

[5]In this appeal, Barge Plaintiffs ask the Court to recognize record evidence that the Magistrate may have overlooked which demonstrate that the admissions are contrary to the record of this case. Plaintiffs contend that the required showing does not rise to the level of that required to oppose a Fed. R. Civ. P. 56 motion for summary judgment, and therefore direct the Court to the plaintiffs' clear expressions in pleadings, motions, witness and exhibit lists and other documents of record which demonstrate the admissions to be contrary to the record. If this Court deems this showing to be insufficient, then Barge Plaintiffs ask that the Court take judicial notice of additional evidence proffered herewith that, in light of the low burden for withdrawal of admissions, was not previously submitted. If Your Honor is not so inclined, then the Barge Plaintiffs request remand for consideration of the additional evidence.

Magistrate's position is unclear to the undersigned, but may be read to deny remedies to all but the Mumford plaintiffs.  This appeal is brought on behalf of all persons deemed to have admitted due to lapse of time the propositions contained in Lafarge's Requests for Admissions.  This appeal *does not include* deemed admissions as to Requests for Admissions Nos. 1, 4, 6, 11, 13, 17, 18, 23, 26, 31, 35, 42, and 44, because admissions, whether intentional or deemed, are appropriate in accord with the purpose and scope of Fed. R. Civ. P 36.  Plaintiffs do not, however, waive any objections, or any rights under Fed. R. Civ. P. 36(b) should parameters for withdrawal be met at a future time.

Accordingly and for the foregoing reasons, Barge Plaintiffs object to and appeal the Magistrate Judge's ruling, and pray that the District Court reverse same and grant the relief requested.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
   Telephone: (504) 885-7700
   Telephone: (504) 581-6180
   Facsimile: (504) 581-4336
   e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
   Telephone: (504) 581-6180

        Facsimile: (504) 581-4336
        e-mail: lawrence@wiedemannlaw.com,
        karl@wiedemannlaw.com,
        karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, and that a copy of same has been forwarded to the Hon. Magistrate Joseph C. Wilkinson, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 29 day of August, 2008.

    \s\Brian A. Gilbert