# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*         06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*       06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*           07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## MEMORANDUM IN SUPPORT OF
## OBJECTIONS TO AND APPEAL TO DISTRICT COURT OF
## Magistrate Judge RULING DENYING LEAVE TO WITHDRAW
## MATTERS DEEMED ADMITTED BY LAPSE OF TIME

**MAY IT PLEASE THE COURT:**

## STANDARD OF REVIEW

Three standards govern review of this matter: clear error, whether the ruling is contrary to law, and abuse of discretion.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b) (1) (A).    "We review the district court's decision not to allow a party to withdraw or amend Rule 36 admissions for abuse of discretion." ***Conlon v. United States***,

1

474 F.3d 616, 621 (9th Cir. 2007).

**ARGUMENT**

Barge Plaintiffs incorporate by reference all pleadings, attachments, exhibits and Orders relevant to Lafarge's Motion to Compel (Record Doc. 11666), to Lafarge's Motion for Sanctions (Record Doc. 13557), and to Barge Plaintiffs Motion for Leave to Amend and/or Withdraw Admissions Deemed Made Due to Lapse of Deadline for Responding and/or for Extension of Time to Respond (Record Doc. 13724). Barge Plaintiffs also incorporate by reference all complaints filed in the component cases of the Barge Track Litigation, regardless of when and how consolidated, as well as all of Barge Plaintiffs' Witness and Exhibit Lists in the Katrina Canal Breaches Consolidated Litigation.[1]

1.   **The Magistrate's ruling is contrary to law. The Magistrate erred by deeming admitted facts sought through Requests for which objections were supplied. These objections are still pending.**

Rule 36(a) prescribes objections as remedies for improper requests for admissions. ***Pickens v. Equitable Life Assu. Socy. Of U.S.***, 413 F.2d 1390 (5th Cir. 1969)**.**

Barge Plaintiffs supplied specific objections to Requests for Admissions Nos. 1, 2, 3, 4, 5, 8, 9, 14,  20, 21, 24, 28, 32, 33, 34, 36, 38, 39, 40, 41, 43, 45, and 47.[2]  Plaintiffs also supplied

---

[1]All of these items are in the record, and in accord with Plaintiffs' arguments, *infra*, constitute evidence that matters sought to be admitted are contrary to the record. For ease of reference, a sampling of witness lists illustrative of this fact is submitted herewith as **Exhibits 22 - 25**, highlighted as to portions of particular relevance to later contents of this memorandum. Other witness and exhibit lists in the record are identical in relevant respects to, or reiterative of, those included here. All are incorporated by reference, though the attached sample may be deemed sufficient.

[2]Nevertheless, Barge plaintiffs are not appealing as to Requests for Admissions Nos. 1, 4, 6, 11, 13, 17, 18, 23, 26, 31, 35, 42, and 44.

2

general objections pertinent to all of the requests.  These objections pertain to the requests themselves.  They do not vary according to the identity of a respondent, or the timing of a response. They are self-sufficient, and relevant to each of the requests, so long as they remain pending.

Fed. R. Civ. P. 36(a)(5) and (6) state in pertinent part:

(5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served.

No proponent of Requests for Admissions has sought any ruling on the objections.  Neither has the Court ruled *sua sponte* on these objections.  They are still pending as to all Barge Plaintiffs.

"A party should not be penalized for standing on an invalid objection unless the requesting party moves for and obtains an order finding the objection invalid. "Once the party receiving the request for admissions objects, `[t]he next step is left to the party serving the requests. If he is satisfied that the objections are well taken, he may do nothing. If he wishes to challenge the sufficiency of the objections, . . . he may move for such a determination." Texaco Puerto Rico, Inc. v. Medina, 834 F.2d 242, 247 n. 3 (1st Cir. 1987) (quoting 4A MOORE, LUCAS AND EPSTEIN, MOORE'S FEDERAL PRACTICE ¶ 36.06, at 66 (1987)); *accord Brown v. P.S. & Sons Painting, Inc., 680 F.2d 1111, 1114-1115 (5th Cir. 1982)* (citations omitted) *("Given [the requesting party's] failure to seek further action by the court to determine the sufficiency of the objections, as thus framed, there was actually no admission.")*; Gummow v. Splined Tools Corp., No. 3-03-CV-1428-L, 2005 WL 1356438, at *6 (N.D. Tex. June 7, 2005) (finding that it was "improper to penalize [the objecting party] for standing on her objections" because the requesting party failed to seek an order determining the sufficiency of the objections)." ***Rimkus Consulting Group, Inc. v. Rault Resources, Inc***., No. H-07-1494 (S.D.Tex. 7-28-2008) (Emphasis added).[3]

Second, Brown contends that the District Court erred in failing to consider certain Requests for Admissions as "conclusively established" for purposes of summary judgment. Brown filed a request for admissions, to which P. S. & Sons Painting Co.

---

[3]*Cf.* ***Brown v. P. S. & Sons Painting, Inc.***, 680 F.2d 1111 (5th Cir. 1982); ***Texaco Puerto Rico, Inc. v. Medina***, 834 F.2d 242 (1st Cir. 1987).

and Aetna objected three days later as "attempting to solicit conclusions of fact and conclusions of law." Approximately a week later, the individual defendants also objected on the same grounds.[fn3] While Brown filed these requested admissions as facts deemed admitted one day prior to the hearing on the motions for summary judgment, no motion was filed to require more specific answers to these requests or to challenge the sufficiency of the objections. Since the defendants served objections to the requested admissions, the next move was up to Brown. See 4A Moore's Federal Practice ¶ 36.06 at 36-66. ***Given Brown's failure to seek further action by the court to determine the sufficiency of the objections, as thus framed, there was actually no admission and the District Court was under no obligation to consider the requested admissions as facts deemed admitted.  Brown v. P.S. & Sons Painting, Inc.,*** 680 F.2d 1111, 1114-1115 (5th Cir. 1982). (Emphasis added)

See also ***Gummow v. Splined Tools Corporation***, No. 3-03-CV-1428-L (N.D.Tex. 2005),

in which the Magistrate wrote:

"Teresa Cole also objected to requests for admission asking her to agree with the definition of two disputed claim elements — "cylindrical opening" and "with a surface of the second end of the handle engaging in a mating surface of the wrench body so that the handle and the wrench body are in a fixed engaged force transmitting relationship." (Id. at 156-57).[4] ***Despite the fact that plaintiff never sought a ruling on any of these objections, he argues that the subject matter of the unanswered discovery requests should be deemed admitted against Cole."*** (Emphasis added)

"The federal discovery rules require the party serving interrogatories or requests for admission to seek an order determining the sufficiency of objections or answers. See FED. R. CIV. P. 33(b)(5) & 36(a). ***Here, plaintiff failed to seek such an order. It is therefore improper to penalize Cole for standing on her objections***. Brown v. P.S. & Sons Painting, Inc., 680 F.2d 1111, 1114-1115 (5th Cir. 1982), citing 4A MOORE, LUCAS AND EPSTEIN, MOORE'S FEDERAL PRACTICE ¶ 36.06, at 66 (1987); see also Texaco Puerto Rico, Inc. v. Medina, 834 F.2d 242, 247 & n. 3 (1st Cir. 1987)."(Emphasis added)

It is axiomatic, therefore, that neither Lafarge nor the Magistrate Judge can deem admitted

matters subject of requests to which objections were supplied and have not been ruled upon.  It does

not matter whether the objections are sustained or not.   Plaintiffs' motion for leave to withdraw

admission, following the Magistrate's lead at pp. 7 and 8 of his Order on Lafarge's Motion to

_____

[4]Refers to Defendant's Motion for Summary Judgment in ***Gummow***.

4

Compel, presented an opportunity for decision as to the objections, which neither Lafarge nor the Magistrate undertook. In fact, Lafarge *specifically asked the Magistrate not to rule on the Requests for Admissions in its Motion to Compel* (Record Doc. 11666), which motion led to the Magistrate's suggestion in his Order that Plaintiffs seek Fed. R. Civ. P. 36(b) relief. In any event, deeming the matters admitted vis-a-vis denial of Plaintiffs' motion is premature, and cannot happen unless and until the objections are ruled-upon, and opportunity given to amend responses accordingly. The ruling is clearly erroneous and contrary to law, and must be reversed.

2.   **The Magistrate's ruling is clearly erroneous in that it conflicts with both the letter and spirit of his August 5, 2008 Order denying Lafarge's Motion for Sanctions.**

Lafarge moved for sanctions against the Barge Plaintiffs (Record Doc. 13557), relative to Interrogatories and Requests for Production, contending that:

> "In wholesale violation of this Court's Order, there are scores of plaintiffs who have produced *no discovery whatsoever*. Lafarge North America, Inc. ("LNA") moves for the sanction of dismissal of these plaintiffs' claims under Fed. R. Civ. P. 37(b)(2)(A), based on their total failure to obey the Court's discovery order." Defendant's Supporting Memorandum, p. 1. (Emphasis original)

> "LNA's motion, however, identified many specific plaintiffs who provided *no written discovery responses* as of the May 30 deadline and the date LNA filed its motion." Defendants Reply at p. 2. (Emphasis original)

Barge Plaintiffs' opposition posited a number of reasons for denial, including:

> "(5) because all named plaintiffs who have responded have tendered every bit of information and every shred of documentation presently in their possession, custody or control; (6) because the matters subject of discovery are, as Lafarge is well aware, in constant flux as the plaintiffs rebuild their lives; (7) because plaintiffs and undersigned have undertaken massive efforts to provide Lafarge with a steady stream of supplemental responses as facts become known or documents come into named plaintiffs' possession, custody or control; and (8) because, as Lafarge also knows, undersigned were not at the time of the original discovery requests in contractual privity with named plaintiffs whose lawsuits have only recently been referred to the

5

undersigned by their original attorneys.  Barge Plaintiffs are not in violation of this Court's order, and are doing their best to provide Lafarge every discoverable bit of information Lafarge asked for."  Plaintiffs' Opp. Mem., p. 1 - 2.

The above statements are equally descriptive of Lafarge's complaints and of Barge Plaintiffs' position respecting Responses to Requests for Admissions.  Upon considering many of the same arguments made in opposition to Lafarge's Motion for Sanctions as were made in seeking withdrawal of matters deemed admitted, the Magistrate ruled  as follows on the Motion for Sanctions:

> "While plaintiffs' conduct in providing discovery responses has been dilatory, I cannot find at this time that willful, contumacious and continuing disobedience has occurred. Accordingly, dismissal as a discovery sanction is not appropriate. Under the circumstances described in plaintiffs' opposition memorandum, Record Doc. No. 13803, imposition of <u>any</u> sanctions, much less the ultimate sanction of dismissal, is also inappropriate at this time." (Emphasis original) "Accordingly, while the request for sanctions is denied and the proposed order submitted by Lafarge is rejected, **IT IS ORDERED** that all named plaintiffs who have not responded or who have made incomplete responses to Lafarge's discovery requests, as enumerated in Lafarge's motion for Rule 37 sanctions, Record Doc. No. 12824, and its reply memorandum, Record Doc. No. 13898, must do so no later than **September 5, 2008** in compliance with this court's April 29, 2008 order."

These same factors underlying the parties' positions with respect to the Motion for Sanctions, and the Magistrate's reasoning for denial that <u>any</u> sanctions are warranted, coupled with an extension of time, conflicts with the ruling imposing the dire and unintended consequence of matters being deemed admitted against plaintiffs who not only adopt timely responses, but otherwise have done and continue to do their best to respond to Lafarge's discovery requests.  The result is that the Court has inadvertently enabled Lafarge to spring a trap, having already said just as earnestly that sanctions are not warranted.

**3.     The Magistrate failed to correctly apply the standard governing withdrawal of deemed**

**admissions.**

The Magistrate cited Fed. R. Civ. P. 36(b), *Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-2006, 2007 WL 715260, at *1-2 (5th Cir. Mar. 6, 2007) and *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) both in his ruling on Lafarge's Motion to Compel in which he recognized Barge Plaintiffs' right to seek withdrawal, and in his denial of the Plaintiffs' motion to withdraw the admissions.[5]   The two-part standard articulated in these cases and in the body of related jurisprudence is not so high as to justify denial.  First, the mover must show that withdrawal of the admissions will subserve presentation of the merits.  Second, the Court must be confident that withdrawal will not prejudice the opponent.

### A.    Purpose of Requests for Admissions

*"Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove*. 4 Moore's Federal Practice, 36.04[2]; Wright, Federal Courts, sec. 89 at p. 343. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper. Kasar v. Miller Printing Machine Co., 36 F.R.D. 200 (W.D.Penn., 1964); Lantz v. New York Central R.R. Co., 37 F.R.D. 69 (N.D.Ohio, 1963); Fuhr v. Newfoundland-St. Lawrence Shipping Ltd., 24 F.R.D. 9 (S.D.N Y 1959)." *Pickens v. Equitable Life Assu. Socy. Of U.S.*, 413 F.2d 1390 (5th Cir. 1969)**.** (Emphasis added)

"Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. Id. advisory committee note. The rule is not to be used in an effort to "harass the other side" or in the hope that a party's adversary will simply concede essential elements. Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir.2002). *Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice*. See Fed.R.Civ.P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon V. U.S.*, 474 F.3d 616

---

[5]Please note that at the Fifth Circuit's direction, their opinion in *Le v. Cheesecake Factory* is unpublished.

(9th Cir. 2007). (Emphasis added. Internal citation omitted)

Though at odds with the majority in *In Re Carney*, Judge Duplantier's dissent sheds light on

Lafarge's goals and how the Magistrate's rulings might further them:

> "I respectfully dissent. The majority opinion affirms the summary judgment entered against plaintiff on the sole basis that plaintiff did not timely file a denial of the following request for admission: "You owe the taxes reflected on the Proof of Claim attached hereto as Government Exhibit 1."

> "Rule 36(a) of the Federal Rules of Civil Procedure permits the service by one party upon the other of a "written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1)[fn1] set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . ." ***Whatever "any matters . . . that relate to statements or opinions of fact or of the application of law to fact" may mean, it is beyond the intent of the Rule to countenance a request for admission such as the one by the I.R.S., which can be paraphrased: "Admit that we win the case."*** (Emphasis added)

> "Clearly, Rule 36 can be used to request admissions of fact which effectively dispose of all of the issues in a case, with the result that the propounding party would be entitled to summary judgment in the absence of a denial. But the request at issue was not that plaintiff admit any facts, but that he admit that he owed the taxes which in his complaint he denied owing." *In Re Carney*, 258 F.3d  415, 419 (5th Cir. 2001).

## B.    Presentation of the Merits

The Magistrate appears to have relied upon language in *Le v. Cheesecake Factory*

(unpublished opinion) that states, "...other factors considered are whether the plaintiff has

demonstrated that the merits would be served by advancing evidence showing "the admission is

contrary to the record of the case"..."  Order, p. 5.  However, the Magistrate appears to have

interpreted this language in a manner adverse to the Barge Plaintiffs. According to this plain

language, the "evidence" required is not evidence to refute the fact sought to be admitted, but

evidence showing that the admission is contrary to the record.  Magistrate Wilkinson's Order

continues on the same page to cite ***Branch Banking & Trust co. v. Deutz-Allis Corp.***, 120 F.R.D. 655, 658-659 (EDNC 1988), which found that pleadings are such evidence. Magistrate Wilkinson continued, at 9, declining to consider "various complaints and lawyers' memoranda." These, as well as the Barge Plaintiffs discovery responses and witness lists, referenced to the Magistrate, ***are evidence that the admissions are contrary to the record.***[6]

Lafarge propounded Requests for Admissions seeking to contradict the very bases of the plaintiffs' allegations in the record - that ING 4727 broke the eastern IHNC floodwall and flooded the entire region. They appear to be tactically directed so as to gut the litigation of abundant evidence in which Lafarge perceives a threat that the Plaintiffs will prevail. The Barge Plaintiffs

---

[6]Supposed evidence that Lafarge submitted was cherry-picked. See reference in Lafarge's original opposition and the Magistrate's ruling to the deposition testimony of Sewerage and Water Board pumping station supervisor William Villavasso, who <u>actually</u> said:                                                     64

```
 4  A.  But I am going to get back around to
 5  that time thing in a minute.  But to finish
 6  what I was saying, when I looked over to my
 7  left, I am watching the water, it's getting
 8  more intense splashing over the wall.  Then I
 9  heard like an explosion.  Boom.  And I heard
10  the explosion, I said what -- what could that
11  be?  I am still looking in that direction.
12  And then I seen the levee wall partially --
13  sections, it's -- The levee walls are like in
14  sections.  I saw it tumble over (indicating).
15  A couple of sections looked like they tumbled
16  over.  And I am looking real good, I am
17  squinting my eyes because it's raining, too.
18  Imagine it was still dark, but I could see
19  that.  Because it looked like a mouth with a
20  tooth out.  That's what went through my mind.
21  And then I seen what appear to be metal
22  structure like a barge, only the tip of it.
23  Couldn't tell you I seen a whole barge,
24  because I didn't.  I -- That's what I seen.
```

                                                     66

```
 8      A.  I am just looking at a silhouette
 9  like.  Not a clear focused picture.  But I
10  seen something protruding which I thought was
11  seeing a barge there.
```

objected to all of these requests.  If the requests or deemed admissions were proper, or properly sustained, they would prevent presentation of merits underlying the entire action.  ***This is not the intent of Fed. Rule 36***, which simultaneously incorporates the safe harbor of 36(b) in order to prevent such overarching tactics as that advanced by Lafarge.

> Where a party seeks to withdraw a deemed admission, the court must take care that "technical considerations will not be allowed to prevail to the detriment of substantial justice. . . ." 8A Federal Practice and Procedure § 2252, at 253. The court should apply the rule in light of its purposes — "to expedite the trial and to relieve the parties of the cost of proving ***facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry***." ***Conlon v. U.S.***, 474 F.3d 616 (9th Cir. 2007); ***Perez v. Miami-Dade County***, 297 F.3d 1255,1268 (11th Cir.2002); ***In re Durability Inc.***, 212 F.3d 551, 555 (10th Cir. 2000); 7 Moore's Federal Practice § 36.02[1], at 36-6; Fed.R.Civ.P. 36 advisory committee note to 1970 amendments.  (Emphasis added)

> "However, because requests for admissions have a binding effect on the parties, see Fed.R.Civ.P. 36(b), the provision for withdrawal or amendment specifically provides parties with a potential safe harbor." ***Conlon v. U.S.***, 474 F.3d 616 (9th Cir. 2007).

"[The] rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. See Fed.R.Civ.P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." ***Conlon, supra.***

In ***Harmless v. Elec. Control Security, Inc.***, No. 1:07-cv-146-SEB-WTL, 2008 WL 686999, at *1 (S.D. Ind. March 10, 2008), defendants who responded to requests for admission one month late were permitted to withdraw their deemed admissions in part because there was "no question that allowing the Defendants to withdraw their admissions would promote the presentation of the merits of this case" and otherwise "the Defendants essentially will be prohibited from disputing the Plaintiff's claims on the merits."

"Rule 36 of the Federal Rules of Civil procedure permits the court to allow the withdrawal of deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits... There is no question that withdrawing the deemed admissions will promote the presentation of the merits of this action. ***The facts sought by the requests for admission are central to proving the plaintiffs' causes of action against Vargas, as well as the other defendants in this case. Requests for admissions are not intended to relieve a plaintiff of proving the material facts of his case, but rather to avoid the need to prove facts which the plaintiff will doubtless be able to prove***.[fn3]  ***Agueros V. Vargas,*** Civil Action No. SA-07-CV-0904 XR (W.D.Tex. 7-21-2008). (Emphasis added)

> [fn3] See Pickens v. Equitable Life Assur. Soc'y, 413 F.2d 1390, 1393 (5th Cir. 1969); Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, 930 F.2d 1117, 1121 (5th Cir. 1991) ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree."). ***Agueros***.

"Generally, on motions for summary judgment, courts regard stipulations of fact as admissions of the parties that are conclusive without further evidentiary support in the record.  See Stubblefield v. Johnson-Fagg, Inc., 379 F.2d 270, 272 (10th Cir. 1967). Adherence to stipulated facts, however, is not categorical.  Stipulations are entered into in order to dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties. Courts thus enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement. United States v. Montgomery, 620 F.2d 753, 757 (10th Cir. 1980) (quotation and citations omitted). Accordingly "[t]he court may relieve a party from an improvident [discovery stipulation] or one that might work injustice." Westinghouse Elec. Corp. v. Adams (In re Westinghouse Elec. Corp. Uranium Contracts Litig.), 570 F.2d 899, 902 (10th Cir. 1978) (citations omitted). The stage at which a party requests relief from a stipulation bears heavily on whether the court should grant the relief, and a court must determine whether there are other overriding rules or policy considerations that compel granting or denying such relief. For example, if a party waits until trial to withdraw stipulations submitted in the pretrial order, the recital of facts "may be modified at the trial only to prevent manifest injustice." United States v Sommers, 351 F.2d 354, 357 (10th Cir. 1965). That standard comports with Fed. R. Civ. P. 16, which mandates that pretrial orders "shall be modified only to prevent manifest injustice." ***If, however, the request to withdraw or amend the stipulation is made before significant prejudice to the other parties would result, promotes important equitable and legal considerations, and is not controlled by a rule of procedure, the***

*party seeking to withdraw must simply show good reason for the request*. See Westinghouse Elec. Corp., 570 F.2d at 902-03 (holding court abused its discretion in binding party to earlier stipulation because of overriding considerations favoring full disclosure and disposition of litigation on the merits and because party's request was not unreasonable). That more lenient standard, applied in the context of summary judgment, is consistent with the rule that a party opposing summary judgment may submit an affidavit contradicting a prior sworn statement, provided the affidavit is not an attempt to create a sham issue of fact. See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986). More importantly, it accords with the principle that summary judgment should not be employed to deprive litigants "of their right to a full hearing on the merits, if any real issue of fact is tendered." Atlas Sewing Ctrs., Inc. v. National Ass'n of Indep. Sewing Mach. Dealers, 260 F.2d 803, 807 (10th Cir. 1958). Similarly, if a stipulation is before the court in the form of a formal admission pursuant to Rule 36 and has not yet become part of a pretrial order, the court may allow the party to withdraw or amend it "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). The court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than [] on the moving party's excuses for an erroneous admission. See 10A Federal Procedure L.Ed. § 26.500 (1988) ("FRCP 36(b) does not require the moving party to prove excusable neglect."). Federal Deposit Ins. Corp. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) (holding that court abused its discretion in refusing to permit party to amend admission because permitting the amendment would have subserved the presentation of the merits and no prejudice was shown) (quotation and other citation omitted). "[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." Id.; see also 8A Wright, Miller, & Marcus, Federal Practice & Procedure Civil 2d § 2264 (1994) (stating that "in a proper case a party may avoid summary judgment by withdrawing an inadvertent admission"); cf. Lucas v. Higher Educ. Assistance Found. (In re Lucas), 124 B.R. 57, 58 (Bankr. N.D. Ohio 1991) (stating that "courts are particularly responsive to allowing late answers to requests for admission when summary judgment is involved") (citing St. Regis Paper Co. v. Upgrade Corp., 86 F.R.D. 355 (W.D. Mich. 1980)). Also of relevance to this case, we have held that a response to a motion for summary judgment arguing in part that the opposing party should not be held to its admissions can constitute a Rule 36(b) motion to withdraw those admissions. See Bergemann v. United States, 820 F.2d 1117, 1120-21 (10th Cir. 1987). *In Re: Durability Inc., Debtor. Scott P. Kirtley v. Sovereign Life Insurance Company of California*, No. 99-5105, (10th Cir. 5/8/2000).

The standard by which the record is considered for contradiction by the admission is not that rigorous, and appears not to require much more than reference to pleadings and discovery responses

and other record contents for indication that the admissions are contradicted by the record.[7]   This

need not even be record contents entered by the proponent of withdrawal, but may be allegations

made by the party seeking to uphold admissions.

> "On January 28, 2008 plaintiff Securities and Exchange Commission ("SEC") served
> Bowden with its Second Requests for Admissions containing ten separate requests. Because
> Bowden failed to respond on or before February 27, 2008, all ten admissions were deemed
> admitted." "The question whether these receivables were guaranteed directly impacts the
> safety of the investment, and affects one of the SEC's principal contentions: that defendants
> misrepresented to investors the safety of the investment. Furthermore, *the amended
> complaint's list of specific false and misleading statements to investors includes the
> statement  that the AmeriFirst entities carried insurance guaranteeing its receivables*.
> Thus the deemed admissions that pertain to Requests for Admissions Nos. 3-6 directly bear
> on the merits of the case." "Both of these admissions substantiate the SEC's allegation that
> defendants misappropriated investors' funds. Thus the deemed admissions that pertain to
> Requests for Admissions Nos. 8-9 also directly bear on the merits of the case. The court
> finds that withdrawing the deemed admissions that are responsive to Requests for Admissions
> Nos. 3-6 and 8-9 would promote the presentation of the merits in this case. *Securities &
> Exchange Comm. v. Amerifirst Funding*,  Civil Action No. 3:07-CV-1188-D (N.D.Tex.
> 5-13-2008). (Emphasis added).

> "Finally, the plaintiff has sought in her opposition memorandum and in separate filings (Doc.
> Nos. 89, 91) to withdraw or amend admissions under Federal Rule of Civil Procedure 36(b).
> Plaintiff had failed to timely respond to defendants' requests for admission, resulting in those
> matters being deemed admitted. Here, withdrawal of the admissions promotes presentation
> of the merits of the action and would not unduly prejudice the defendant, as the trial is not
> set to begin until January 2009. Accordingly, plaintiff's request to withdraw those admissions
> is GRANTED." *Scott v. Solano County Health & Social Services D*., No. Civ. 06-1216
> LKK/EFB  (E.D.Cal. 8-15-2008).

Lafarge propounded Requests for Admissions intended to undermine lynchpin issues

affecting every plaintiff in the case.  This was clearly stated in Barge Plaintiffs' Motion to the

Magistrate, and is evident in the Requests themselves.  However, the Magistrate appears not to have

considered the fact that the record is clearly contrary to such propositions, and to any belief that

---

[7]Contrast Fed. R. Civ. P. 56, which requires an evidentiary showing that completely
negates factual issues for trial.

plaintiffs would admit to them.  Please see pp. 2 - 4 and  7 - 8 of Plaintiffs' Reply Memorandum, Record Doc. 13863.  Each separate request need not be addressed here, as Barge Plaintiffs' point is already made here and in the Barge Plaintiffs' motion to the Magistrate.  By way of illustration however, please consider the following.

Request for Admission No. 9 states:

"Admit that the retaining wall on the east side of the IHNC was breached in at least one location before the barge made contact with the wall."

The record clearly supports denial of this proposition, which obviously underlies the very basis of this suit.  Barge Plaintiffs original December 28, 2007 responses to Requests for Admissions - part of the record - deny and are contrary to the fact sought to be admitted.  See also Answer to Interrogatory No. 44, which does not deviate no matter when or by whom it is being answered. **Exhibits 1, 4, 8, 9, 11, 16, and 18.**  This is true as to *all plaintiffs*,  whose responses cannot conceivably differ on this point.  The plaintiffs, in their various complaints, have each alleged the barge to have caused the breach, and the resulting flooding and damages to have been directly and proximately cause thereby.[8]   Each of these complaints is available in the record of each case consolidated within the Barge Litigation Track.  No other cause is alleged (because none other exists).[9]

---

[8] *Benoit* Complaint, para. 20; *Boutte* Complaint, para. 8, 9; *Mumford*, Sixth Supplemental and Amended Complaint, throughout, alleging that damages were proximately caused by the Defendants; *Perry* Complaint, para. 11, alleging *res ipsa*;

[9] The Court is asked to take judicial notice of the expert reports of Melvin Spinks, P.E. and Genaro Marino, proffered as **Exhibits 26 and 27.** Their conclusions are supported by the depositions of eyewitnesses Terry Adams and William Villavasso, who observed that the wall was entirely intact until the barge caused the breaches. Numerous other deponents observed no flooding until the moment that North Breach occurred.

Another example, Request for Admission No. 16, states:

"Admit that no experts, other than those retained by plaintiffs or their counsel, have concluded that the barge caused the IHNC floodwall breaches."

The Barge Plaintiffs or their counsel have not retained U.C. Berkley Professor Robert Bea. The plaintiffs have stated consistently in discovery responses that Prof. Bea made a video in which he is standing alongside ING 4727, and states:

"...and in fact, in the Ninth Ward, it (the barge) played a role in the disaster of unfolding of the levee under the excessive forces from the colliding barge.  In fact, that barge is now in the middle of the neighborhood that's been wiped out by the flood."

Prof. Bea goes on in the video  to say over footage of what appears to be the IHNC floodwall, that although they saw evidence that the levees they traveled on to get "here" (next to ING 4727) were overtopped, seriously, the earthen levees have a gentle back-slope so there's not serious erosion of those levees, and that, in general, the flood protection structures "have performed extremely admirably."  This video has been identified in Barge Plaintiffs' exhibit lists filed into the record (as: "Bea video at rtsp://169.229.131.16:554/events/publicaffairs/bea.rm"), and has been provided to Lafarge in response to discovery requests.  See also footnote 1, *supra*.

Lafarge's efforts to have these matters deemed admitted fly in the face of the record, and are clearly contrary to the stated position of every Barge Plaintiff who has filed a complaint, responded to discovery, on whose behalf witness and exhibit lists have been filed.  These are merely examples. The requests are just as clearly contradicted by record allegations made on behalf of all *potential* Barge Plaintiffs as well, whose consistent positions are amply demonstrated by the fact that plaintiffs seek to certify a class as to these very allegations.  Lafarge does not mean to narrow issues for trial, but to circumvent proof of the plaintiffs' basic and elementary contentions underlying their claims.

15

## C.      No Prejudice to Lafarge

As stated in Barge Plaintiffs' motion, Lafarge is not prejudiced unless it wants to be.  Lafarge demonstrates no prejudice, only dissatisfaction with the plaintiffs' request for relief.  This statement is made in light of Lafarge's ample and continuous notice of the facts and evidence underlying the plaintiffs contentions throughout  the record, which contentions contradict matters Lafarge would have plaintiffs admit, and in light of a March 2009 discovery deadline, and July 2009 trial. [10]

"Here, withdrawal of the admissions promotes presentation of the merits of the action and would not unduly prejudice the defendant, *as the trial is not set to begin until January 2009.* Accordingly, plaintiff's request to withdraw those admissions is GRANTED." *Scott v. Solano County Health &*

---

[10]Request No. 5 states: "For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property."  Lafarge seeks to impose this admission against the *Lagarde* plaintiffs, now undersigned's clients.  Please see Lafarge Counsel John Aldock's August 26, 2008 correspondence to Your Honor, in which he states: "The *Lagarde* case is hardly instructive as to the Barge track litigation, since the plaintiffs in *Lagarde* allege that the barge came to rest on their property."

Request for Admission No. 2 states:  "For each plaintiff individually: Admit that you did  not see or hear the barge strike the retaining wall." Kevin McFarland *did* hear the barge strike the retaining wall, and said as much in his April 4, 2008 denial of the Request for Admission. Daniel Weber also heard the barge while in his bedroom prior to the flooding, testified to this effect in his deposition taken by Lafarge, and has been included  in witness lists uploaded via ECF with description of his anticipated testimony including the sound of the barge hitting the floodwall.  His responses to Requests for Admissions are consistent with his deposition and description of anticipated trial testimony in witness lists.

Request for Admission No. 3 states: For each plaintiff individually: Admit that you did not see  the barge in the Lower Ninth Ward before noon on August 29, 2009. Kevin McFarland did see the barge before noon, and therefore on April 4, 2008, denied the Request for Admission. Daniel Weber saw it also, drifting along Jourdan Avenue just after his common law wife drowned.  He testified to this in his deposition.  So did countless others identified in the witness lists as having seen the barge coupled with the onset of flooding which, it is undisputed, occurred well before noon.

Lafarge has for many months had notice these facts, which have had no discernable or articulable impact on the defense or their tactics.

16

***Social Services D***., No. Civ. 06-1216 LKK/EFB   (E.D.Cal. 8-15-2008). (Emphasis added)

Magistrate Wilkinson ruled that Lafarge would be prejudiced by April 2008 responses and

July 11, 2008 responses, stating that the delay will present Lafarge with "special difficulties" in

preparing for a factually complex trial. The Magistrate's ruling includes the foregoing quotations,

but does not describe the "special difficulties" presented.  Numerous deliberate admissions Barge

Plaintiffs  made in good faith (subject to objections) might alleviate difficulties, but it is clear that

Fed. R. Civ. P. 36 does not contemplate mere difficulty as grounds for forcing an admission despite

a good faith denial.

> "Allowing Plaintiffs to respond to the requests to admit would without a doubt "promote the presentation of the merits of the action." Fed.R.Civ. 36(b). Moreover, allowing Plaintiffs to respond would not prejudice Defendants. ***Defendants argue that they would be prejudiced by allowing Plaintiffs to respond two years after the answers to the requests to admit were due because they relied on Plaintiffs' failure to respond as an admission that they would not try to argue that Smith did not possess or fire a gun.*** (R. 192, Defs.' Resp, to Pls.' Mot. to Withdraw their Admissions at 2-4.) While the Court does not condone Plaintiffs' failure to follow the discovery rules, ***Defendants' reliance is unreasonable, especially in light of the fact that by November 2007, it had become clear to Defendants that Plaintiffs were disputing Smith's gun possession.*** (Id. at 6.)   ***Moreover, in light of the often contentious, three-year history of this case, it should come as no surprise to Defendants that Plaintiffs dispute many of Defendants' contentions***. Indeed, Plaintiffs' draft responses to the requests to admit demonstrate the wide gap between the parties' views. In the responses, Plaintiffs deny 17 of the 36 request to admit. (R. 192, Ex. B, Pls.' Draft Resps. to Requests to Admit.) Further, Defendants will not be prejudiced by allowing Plaintiffs leave to answer the requests to admit because they have already seen a draft of Plaintiffs' answers, and discovery has been extended due to Defendants' late disclosure of Jackson.[fn3]." ***Warfield v. City of Chicago Case No. 05 C 3712***  (N.D.Ill. 7-16-2008)(Emphasis added. Footnotes omitted).[11]

---

[11]Contrast ***Warfield***, with language from the ruling subject of this appeal, "Lafarge, on the other hand, has cited many specific examples in the record to demonstrate that plaintiffs' ***deemed admissions are not contrary to the record***, either because the only evidence in the record is supporting of the admission or ***because there is conflicting evidence on the particular point***." (Emphasis added) This is at odds with the standard for implementing the first prong of the test.

"***Here, the Debtors failed to timely respond to CitiFinancial's discovery requests. They then waited more than eight months to seek to withdraw their deemed admissions under Rule 36 ... CitiFinancial has been aware that the Debtors contested certain elements of their nondischargeability claim (as discussed more fully below) since at least the time they filed their answer to CitiFinancial's adversary complaint.*** Moreover, CitiFinancial received the Debtors' responses to their request for admissions prior to filing the Summary Judgment Motion. Under these circumstances, and in light of the Court's decision to extend the discovery deadlines, the Court finds that CitiFinancial will not be prejudiced by the withdrawal of the Debtors' deemed admissions, and that the presentation of the merits of this case would be served by allowing withdrawal. *In re Runnels,* Case No. 06-50022, Adv. No. 06-5004.(E.D.Tex. 11-20-2007)."[12]

Contrast the above jurisprudence and this Court's Case Management Orders with ***Spikess V. Bolivar County, Mississippi*** Civil Litigation No. 2:07-CV-22-MPM-SAA(N.D.Miss. 7-8-2008), in which withdrawal was denied when trial was one month away.  Here, discovery does not end until March 2009, and trial does not occur until July 2009.

Magistrate Wilkinson also found that the plaintiffs did not act diligently in providing responses, and by waiting two months to seek leave to withdraw admissions.  To the contrary, plaintiffs counsel undertook enormous effort to gather discovery responses from dozens of persons whose whereabouts are sometimes unknown, whose circumstances are almost always changing, and whose information is not readily accessible with the same ease as a large corporate litigant.  Even Lafarge was unable for many, many months in 2007 and 2008 to locate its two dock workers, Roland Johnson and Louis Robin, whose depositions were continued due to this fact.  Counsel for Lafarge would have the Court believe that instability in the wake of Katrina equates with lack of diligence, but Lafarge knows better.  Plaintiffs are dismayed that these circumstances are deemed by the Court to constitute a lack of diligence, and that unavoidable delay coupled nonetheless with massive effort

---

[12]Please note that an Answer is evidence of whether admissions are contrary to the record.

18

to successfully obtain discovery responses is handled so as to supercede the bare truth that Lafarge is in no way prejudiced by treating a denial as a denial, and an admission as an admission.

Furthermore, plaintiffs' counsel researched the question of withdrawal of deemed admissions, and the jurisprudence is amply clear that where discovery deadlines and trial are a year away, more or less, leave for withdrawal is routinely granted. Under these circumstances, and before announcement of the Court's individual named plaintiff trial plan, immediate action was not mandated. Plaintiffs counsel took time to conduct research, to make informal requests that Lafarge permit withdrawal, to consider the admissions in light of each potential plaintiff for individual trial, to confer and coordinate, all the while continuing to supply supplemental discovery responses and otherwise prosecute the case. The matter was not taken lightly (neither have any of the Barge Plaintiffs' discovery obligations[13]), but was given the attention and preparation it warranted before filing the motion.

Again, the standard for withdrawal is *not that high*, and is certainly satisfied under the circumstances salient to the Barge Plaintiffs' request.

## CONCLUSION

The Magistrate Judge committed manifest error in: (1) failing to rule upon objections to Requests for Admissions and permit time for response as to overruled objections; (2) rendering an Order in conflict with an earlier Order; (2) failing to correctly apply the standard governing withdrawal of matters deemed admitted; (3) failing to discern or consider evidence of contradiction

---

[13]In abundance of caution, plaintiffs proffer all of their discovery responses, as Exhibi**ts 1 through 21**. Many already exist in the record, as exhibits submitted in connection with Lafarge's Motion to Compel (Record Doc. 11666), Lafarge's Motion for Sanctions (Record Doc. 13557), and Barge Plaintiffs Motion for Leave to Amend and/or Withdraw Admissions (Record Doc. 13724), all of which are referenced above and incorporated herein.

by the record as is inherent to the standard for relief; (4) failing to recognize that presentation of the merits will be subserved by withdrawal; and (5) in finding that Lafarge is in any way prejudiced by withdrawal.   Barge Plaintiffs seek reversal of the Magistrate Judge's decision, and an Order permitting withdrawal of admissions deemed by operation of law, and/or for remand in the event that this Court does not deem Plaintiffs' appeal dispositive, or that Plaintiffs' sufficiently support their grounds for withdrawals of the admissions.

Respectfully submitted,


/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
 Telephone: (504) 885-7700
 Telephone: (504) 581-6180
 Facsimile: (504) 581-4336
 e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
 Telephone: (504) 581-6180
 Facsimile: (504) 581-4336
 e-mail:   lawrence@wiedemannlaw.com,
 karl@wiedemannlaw.com,
 karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100

Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, and that a copy of same has been forwarded to the Hon. Magistrate Joseph C. Wilkinson, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 29 day of August, 2008.

\s\Brian A. Gilbert