UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES | * |
| CONSOLIDATED LITIGATION | * CIVIL ACTION |
| | * |
| | * NO. 05-4182 |
| PERTAINS TO:  BARGE | * and consolidated cases |
| | * |
| | * SECTION "K"  (2) |
| *Boutte v. Lafarge*        05-5531 | * |
| *Mumford v. Ingram*    05-5724 | * |
| *Lagarde v. Lafarge*     06-5342 | * JUDGE |
| *Perry v. Ingram*           06-6299 | * STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * |
| *Parfait Family v. USA*  07-3500 | * MAG. |
| *Lafarge v. USA*            07-5178 | * JOSEPH C. WILKINSON, JR. |
| | * |

**THIRD SUPPLEMENTAL ANSWERS TO INTERROGATORIES
PROPOUNDED BY THE BARGE ENTITIES**

  Plaintiffs supplement as follows their responses to Defendants, LNA and Zito entities', discovery, reiterating prior discovery responses, objections and reservations:

**GENERAL OBJECTIONS**

A.  Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

B.  Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.  Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-

        inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.      Plaintiffs object to the Interrogatories to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiffs object to the Interrogatories to the extent they are overly broad and unduly burdensome.

F.      Plaintiffs object to the Interrogatories to the extent that they exceed the scope of admissible discovery.

G.      Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous.

H.      Plaintiffs object to the Interrogatories as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.      Plaintiffs object to the Interrogatories that seek information readily available to Defendant in the public domain.

J.      These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

        As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

        Ethel Mae Coleman Mumford

>Josephine Long Richardson
>Jimmie Donnell Harris
>Kismit Bourgere
>Michael Joseph Riche
>Jacob Robert "Bob" Glaser
>Dianne Glaser
>Herman Koch
>Aida Koch
>Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

>Marie Short Benoit
>Henry Adams
>Gwendolyn Adams
>John Alford
>Jerry Alford
>Michael Watts
>Robert Green, Sr.
>Jonathon Green
>David Green, individually and as the representative of the Estate of Joyce H. Green
>Everage Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
>Hyman Sheppard
>Earl Matthew Daniels, Sr.
>Joyce B. Matthews
>Mildred Delores Dean
>Ethel Leon
>Karen Leon
>Joyce Daniels
>Myrna Daniels, in her individual capacity and as natural tutrix of Keina Daniels
>Tom Browder
>Albertine Browder
>Gaynell Browder
>Blair Boutte
>Doris Shanks
>Herbert Warren, Jr.
>Marenthia Lagarde
>Michael Lagarde
>Donald Pritchett
>Jocelyn Moses
>Anthony Dunn

    Jocelyn Carter
    One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

### INTERROGATORY NO. 5:

Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

### SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:

Plaintiffs may call Sidney Williams, 4564 Candy Lane, Lilburn, GA 30047 to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) within class area, emotional damages due to all of the foregoing. Additionally, Mr. Williams will testify that while standing on his roof at 1720 Tennessee Street the morning of August 29, 2005, he heard several booms and saw ING 4727 strike and crash through the previously intact eastern IHNC floodwall, causing the southern breach and flooding subject of suit.

    Respectfully submitted,

    WIEDEMANN & WIEDEMANN


    \s\Lawrence D. Wiedemann
    LAWRENCE D. WIEDEMANN, (13457)
    KARL WIEDEMANN, (18502)
    KAREN WIEDEMANN, (21151)
    821 Baronne Street
    New Orleans, Louisiana 70113

Telephone: (504) 581-6180
Attorneys for Plaintiffs

LAW OFFICE OF BRIAN A. GILBERT

s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs
Barge Plaintiffs' Liaison


\s\Patrick J. Sanders
PATRICK J. SANDERS (18741)
Attorney at Law
3123 Ridgelake Drive, Suite B
Metairie, Louisiana 70002
Telephone: (504) 834-0646
Attorney for Plaintiffs

\S\Richard T. Seymour
**RICHARD T. SEYMOUR (D.C. Bar #28100)**
The Law Office of Richard T. Seymour, PLLC
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C.   20036-4129

\S\ Alan L. Fuchsberg
**ALAN L. FUCHSBERG** (**N.Y.S.B.A. #1755966)**
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
New York, NY   10110

\S\ Leslie D. Kelmachter
**LESLIE D. KELMACHTER (N.Y.S.B.A. #1795723**
The Jacob D. Fuchsberg Law Firm

500 Fifth Avenue
New York, NY 10110

\S\ Lawrence A. Wilson
**LAWRENCE A. WILSON (N.Y.S.B.A. #2487908)**
Wilson, Grochow, Druker & Nolet
233 Broadway, 5th Floor
New York, NY 10279

\S\ David Druker
**DAVID DRUCKER (N.Y.S.B.A. #1981562)**
Wilson, Grochow, Druker & Nolet
233 Broadway, 5th Floor
New York, NY 10279

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 15 day of February, 2008.

\s\Brian A. Gilbert