## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| | * | |
| | * | |
| | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| | * | MAG. |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

### BENOIT PLAINTIFFS' SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION  PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs reiterate prior discovery responses herein, and further, the Benoit plaintiffs hereby respond to Defendants, LNA and Zito entities', discovery as follows, supplementing and amending all Benoit plaintiffs' prior responses as follow:

### GENERAL OBJECTIONS

A.      Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Requests in a manner sufficient to comply with their obligations as stated therein.

B.      Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full

1

statement of the particulars.

C.      Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.      Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

F.      Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

G.      Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

H.      Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.      Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

J.      These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

> Ethel Mae Coleman Mumford
> Josephine Long Richardson
> Jimmie Donnell Harris
> Kismit Bourgere
> Michael Joseph Riche
> Jacob Robert "Bob" Glaser
> Dianne Glaser
> Herman Koch
> Aida Koch
> Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

> Marie Short Benoit
> Henry Adams
> Gwendolyn Adams
> John Alford
> Jerry Alford
> Michael Watts
> Robert Green, Sr.
> Jonathon Green
> David Green, individually and as the representative of the Estate of Joyce H. Green
> Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
> Hyman Sheppard
> Earl Matthew Daniels, Sr.
> Joyce B. Matthews
> Mildred Delores Dean
> Ethel Leon
> Karen Leon
> Joyce Daniels
> Myrna Daniels, in her individual capacity and as natural tutrix of Keina Daniels
> Tom Browder
> Albertine Browder
> Gaynell Browder
> Blair Boutte
> Doris Shanks

Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500.


All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit.  The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

## GENERAL RESPONSE

All discoverable documents and things currently in the BARGE plaintiffs' possession pertaining to negligence, unseaworthiness and breakaway causation are already in BARGE defendants' physical possession, or are available from WEBPACER, with the exception of several pieces of evidence discovered during Phase II of 05-4419, which are enclosed herewith. Additional expert materials will be provided in accord with Court Order.  All other discoverable materials currently in BARGE plaintiffs' are enclosed.  Respondents anticipate that additional materials will become available as they are gathered by BARGE plaintiffs and/or located among BARGE plaintiffs' flood damaged possessions.  Same will be provided by way of ongoing supplementation.  Additionally, supplementation will be provided in accord with ongoing discovery and expert investigation, and court order.

**REQUEST FOR PRODUCTION NO. 3:**

Any documents evidencing any bankruptcy filing, criminal conviction, or adjudication of breach of fiduciary duty involving any proposed class representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to this request as overbroad, unduly burdensome, harassing, embarrassing, annoying, and not likely to lead to the discovery of admissible evidence.  Plaintiffs also object to this Interrogatory as it seeks information readily available to Defendants in the public domain.  Subject to said objections and without waiving same, Plaintiffs respond as follows:

To the best of Plaintiffs' current knowledge, information, recollection, and belief, Plaintiffs aver as follows:

**Robert Green, Sr.:**

Plaintiff, Robert Green, Sr,, has not been adjudicated to have breached a fiduciary duty and, therefore, possesses no documents that are the subject of this request.  Robert Green, Sr. filed for bankruptcy in 1981 but does not possess any documents related to that matter.  Mr. Green was convicted of a crime and all documents he possesses related to that matter are attached.  See **R.Green 000002-000004.**

**REQUEST FOR PRODUCTION NO. 16:**

Any photographs, digital video discs, video tapes, aerial photography or recordings, or other visual or recorded evidence of the ING 4727, the floodwall breach, the LNA terminal, or damage to plaintiffs' home or property taken on or after August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to the request as overly burdensome and constituting attorney work product, and being available to requestors within the public domain.  Subject to and without waiver of any objections, items subject of this request are already in the requestors' possession, or are enclosed, or will be provided by way of supplementation. See **Dean 000003-000004.**

**REQUEST FOR PRODUCTION NO. 20:**

Any articles, notices, advertisements, statements, newspapers, periodicals, magazines and other publicly communicated accounts in your possession, custody, or control of the breakaway of the ING 4727 and/or the breach of the Industrial Canal floodwall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine. Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

Subject to and without waiver of any objections, please see www.bargecase.com,

complaints filed relative to ING 4727.  Additionally, all responsive, discoverable documents in

plaintiffs' possession, not yet provided to requestors, are enclosed. See **R.Green 000016-000028.**


**REQUEST FOR PRODUCTION NO. 21:**

Any documents evidencing or relating to damage to real property that you claim to have

suffered and for which you seek compensation in this litigation, including but not limited to

ownership records, records regarding reconstruction or reconditioning, and any sale or transfer

records.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs claim damages to real property evaluated by expert analysis on a class wide

approach, possibly performed by John Kilpatrick, unless a class is not certified, in which event

plaintiffs reserve all of their claims for property damage.  Plaintiffs will submit their expert

reports and/or witness lists and/or exhibit lists and/or other evidence and/or information which

Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter

pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure

of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O.

#5, Part V(F).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which

Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter

pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

However, attached hereto please find certain Plaintiffs' documents relating to **Benoit 000001-00009, Adams 000003-000010, Daniels 000001-000025, 000041-000042, R.Green 000001, 000005-000015,  D.Green 000001-000005, 000011-000048, J.Green 000001-000003, E.Green 000001-000003, Leon 000001-000003, Dean 000001-000013.**

## REQUEST FOR PRODUCTION NO. 23:

Any documents relating to any personal injury other than emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injury(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

None of the Benoit Plaintiffs other than is asserting a claim for personal injury for anything other than emotional distress.

Plaintiffs **Robert Green**, Sr**., David Green**, and **Jonathan Green** are asserting a wrongful death and/or survivor claim for the death of Joyce H. Green and have attached her death certificate. See **D.Green 000010.**

Plaintiff Everidge Green is asserting a wrongful death/ and or survivor action for his daughter Shania Green.

Plaintiffs will supplement their answer to this request for production.

**REQUEST FOR PRODUCTION NO. 25:**

Any documents relating to businesses for which lost income is sought, including financial

statements and documents reflecting income and expenses, both pre- and post-Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs, Marie Benoit, Robert Green, Sr. and Earl Daniels claim damages for lost

income secondary to the loss of personal property used in home businesses.  Plaintiffs anticipate

ongoing supplementation as they retrieve or salvage records from their damaged property. See

**Daniels 000026-000040.**

**REQUEST FOR PRODUCTION NO. 27:**

Any documents evidencing or relating to wrongful death claims that a named plaintiff is

asserting, including evidence of the identity of the decedent and the date and circumstances of

death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Please see Death Certificate of Joyce H. Green, attached hereto as **D.Green 000010.**

Plaintiffs will supplement with the death certificate of Shanai Green.

**REQUEST FOR PRODUCTION NO. 29:**

Any SF-95 forms submitted by named plaintiffs or any members of the proposed plaintiff

class seeking recompense for flood-related damage from August 29, 2005 to the present, to the

extent that they are in the possession, custody or control of the named plaintiffs or their attorneys

or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection - not reasonably calculated to lead to discovery of admissible evidence, overly burdensome, overbroad.  Subject to and without waiver of any objections, all such claims and related materials were forwarded to other attorneys involved in such claims.  Those in plaintiffs' possession and provided to undersigned are enclosed as  **Benoit 000009, Adams 000009-000010, Daniels 000041-000042, R.Green 000014-000015, J.Green 000002-000003, E. Green 000001-000003, D.Green 000046-000047, Dean 000001.**

**REQUEST FOR PRODUCTION NO. 30:**

Any administrative claims relating to Hurricane Katrina that the named plaintiffs or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority) that are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Those in plaintiffs' possession and provided to undersigned are enclosed as **Daniels 000017-000025, R.Green 000006, 000008-000012, Dean 000006-000010, Adams 000003**.

**REQUEST FOR PRODUCTION NO. 36:**

Any documents evidencing or relating to insurance claims prepared or submitted by or on behalf of the named plaintiffs or members of the proposed class and seeking compensation for damages or injuries (personal or property) sustained between August 28, 2005 and September 25, 2005, that are in the possession, custody, or control of the named plaintiffs or their attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

To the extent that certain *Benoit* Plaintiffs submitted insurance claims and to the extent

that the *Benoit* Plaintiffs are in possession of such documentation, please see enclosed **Benoit**

**00001-00004, Adams 00001, Daniels 000014, D.Green 000001-000003.**

Plaintiffs reserve the right to supplement and amend.

Respectfully submitted,

/s/ Brian A. Gilbert,

Brian A. Gilbert, Esq.(21297)

LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
           Facsimile:  800-805-1065 and 202-828-4130
           e-mail: rick@rickseymourlaw.net,
                     adele@rickseymourlaw.net

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com,      ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
           e-mail: a.fuchsberg@fuchsberg.com,
           l.kelmachter@fuchsberg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel

of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via

facsimile and/or electronic mail, this 15th   day of May, 2008.


\s\Brian A. Gilbert