# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 05-4182** |
| **PERTAINS TO:  BARGE** | * | **and consolidated cases** |
| | * | |
| | * | **SECTION "K"  (2)** |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | **JUDGE** |
| *Perry v. Ingram* 06-6299 | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | **MAG.** |
| *Lafarge v. USA* 07-5178 | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

## BARGE PLAINTIFFS' JULY 15, 2008 SUPPLEMENTAL, AMENDED AND SUPERCEDING RESPONSES TO REQUESTS FOR PRODUCTION PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs supplement and amend their responses to Defendants' - Barge Entities' -

Requests for Production as follow:

## GENERAL OBJECTIONS

1.     Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure.  Plaintiffs will answer specific Requests in a manner sufficient to comply with their obligations as stated therein.

2.     Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

3.     Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

4.     Plaintiffs object to the Requests for Production to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Plaintiffs object to the Requests for Production to the extent they are overly broad and unduly burdensome.

6.     Plaintiffs object to the Requests for Production to the extent that they exceed the scope of admissible discovery.

7.     Plaintiffs object to the Requests for Production to the extent that they are vague and ambiguous.

8.     Plaintiffs object to the Requests for Production as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

9.     Plaintiffs object to the Requests for Production that seek information readily available to Defendant in the public domain.

10.    These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Requests for Production that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

> Ethel Mae Coleman Mumford
> Josephine Long Richardson
> Jimmie Donnell Harris
> Kismit Bourgere
> Michael Joseph Riche
> Jacob Robert "Bob" Glaser
> Dianne Glaser
> Herman Koch
> Aida Koch
> Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

> Marie Short Benoit
> Henry Adams
> Gwendolyn Adams
> John Alford
> Jerry Alford
> Michael Watts
> Robert Green, Sr.
> Jonathan Green
> David Green, individually and as the representative of the Estate of Joyce H.
>    Green
> Everidge Green, individually and as representative of the Estate of Shanai
>    Green, as as the natural tutor of Shaniya Green and Shamiya Green
> Hyman Sheppard
> Earl Matthew Daniels, Sr.
> Joyce Daniels
> Mildred Delores Dean
> Ethel Leon
> Karen Leon
> Joyce B. Matthews
> Myrna Daniels, in her individual capacity and as natural tutrix of Keina
>    Daniels
> Tom Browder
> Albertine Browder
> Gaynell Browder
> Blair Boutte
> Doris Shanks

Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jimmie Perry
Nellie Perry
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et al v. United States of America, et al,*" Civil Action No. 07-3500

All of the responses hereto are made on behalf of all named plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit.  The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

Undersigned counsel represent named plaintiffs in **Mumford, Boutte, Lagarde** and **Perry.** Undersigned also represent named **Parfait** plaintiffs Kevin McFarland, Melba Gibson and Daniel Weber. Undersigned only recently became aware of a pleading in **Parfait**, though admittedly available prior to such awareness, naming Daniel Weber as a plaintiff in that action. Undersigned do not represent anyone named in the **Benoit** matter. It is undersigned's position that in absence of a consolidated master complaint and in absence of an order having the effect of creating an obligation on the part of undersigned to assume direct contact with client of other attorneys for the purposes of providing discovery responses, undersigned lack authority or obligation to provide responses on behalf of persons who have not retained undersigned directly.  However, to the extent that counsel for **Benoit** plaintiffs have tendered responses on behalf of their clients, such responses are included herein, but without assumption by undersigned of obligations or authority they do not have. Further, it is undersigned's position that in light of the Court's orders in Record Documents 13525 and 13672, both discovery and discovery motions practice are stayed as to all remaining named **Parfait** plaintiffs.

## GENERAL RESPONSE

All discoverable documents and things currently in the BARGE plaintiffs' possession, custody or control pertaining to negligence, unseaworthiness and breakaway causation are already in BARGE defendants' physical possession, or are available from WEBPACER, with the exception

of several pieces of evidence discovered during Phase II of 05-4419, which are enclosed herewith. Additional expert materials were provided in accord with Court Order on June 30, 2008.  All other discoverable materials currently in BARGE plaintiffs' possession, custody or control are enclosed. Respondents anticipate that additional materials will become available as they are gathered by BARGE plaintiffs and/or located among BARGE plaintiffs' flood damaged possessions.  Same will be provided by way of ongoing supplementation, as per the dictates of law.   Additionally, supplementation will be provided in accord with ongoing discovery and expert investigation, and court order.

**REQUEST FOR PRODUCTION NO. 19:**

Any documents evidencing any accounts or communications about a barge or other object knocking, scraping or engaged in other contact against the IHNC floodwall or levee.

Please see partial Times Picayune Article dated September 17, 2005 enclosed at **Weber 000001.**

**REQUEST FOR PRODUCTION NO. 20:**

Any articles, notices, advertisements, statements, newspapers, periodicals, magazines and other publicly communicated accounts in your possession, custody, or control of the breakaway of the ING 4727 and/or the breach of the Industrial Canal floodwall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

Subject to and without waiver of any objections, please see www.bargecase.com, complaints filed relative to ING 4727.  Additionally, all responsive, discoverable documents in plaintiffs' possession, custody or control not yet provided to requestors, are enclosed.

See **Weber 000001.**

Plaintiffs have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.


**REQUEST FOR PRODUCTION NO. 21:**

Any documents evidencing or relating to damage to real property that you claim to have suffered and for which you seek compensation in this litigation, including but not limited to ownership records, records regarding reconstruction or reconditioning, and any sale or transfer records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Please find enclosed Plaintiffs' documents evidencing or relating to damage to real property, ownership records, records regarding reconstruction or reconditioning, and any sale or transfer of real property of same. See **(**records regarding reconstruction or reconditioning**) Koch 001154 -001166.**

Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.


**REQUEST FOR PRODUCTION NO. 23:**

Any documents relating to any personal injury other than emotional distress that you claim to have suffered and for which you seek compensation in this litigation, including medical records regarding the alleged condition(s) or injury(ies) and any records regarding the same or similar conditions that pre-existed August 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Class representatives are asserting a class action claim for physical injury or class wide emotional distress, and deaths resulting from personal injuries.

In light of the Court's recent ruling regarding the trial of individual claims in July, 2009 (Rec. Doc. 13500), investigation is now underway with regard to individual claims of personal injury.

Undersigned is in the process of investigating the presence of individual personal injury claims for bodily injury for any named plaintiffs and will supplement same upon receipt.

Plaintiff, **Daniel Weber** asserts a Lejeune claim arising out of the death of Rosetta Marrero whose death he personally witnessed at the time at issue in this litigation. See death certificate of Ms. Marrero, attached as **Weber 000002.**

In addition, Daniel Weber suffered cuts and scratches in the flood waters which became infected. Mr. Weber was treated at Oschner Hospital in New Orleans  and Earl K. Long Hospital in Baton Rouge, Louisiana. Plaintiff has requested medicals from the above named hospitals and will produce copies of same upon receipt.

Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded. Named Plaintiffs will supplement again if and when they acquire additional responsive materials.

**REQUEST FOR PRODUCTION NO. 24:**

Any documents evidencing or relating to damage to personal property that you claim to have suffered and for which you seek compensation in this litigation, including evidence of title and value.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Attached hereto please find certain Plaintiffs' documents evidencing or relating to damage to personal property**: Mumford 000101-000102.**

Plaintiffs aver that these responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit, to locate responsive documents.

Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded. Plaintiffs' will supplement again if and when they acquire additional responsive materials.

**REQUEST FOR PRODUCTION NO. 25:**

Any documents relating to businesses for which lost income is sought, including financial statements and documents reflecting income and expenses, both pre- and post-Katrina.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

See (Tax Records) **Sutton 000042-000051.**

Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

**REQUEST FOR PRODUCTION NO. 26:**

Any documents evidencing or relating to any claim that a named plaintiff is asserting for lost wage income or lost rental income, including wage or income records pre- and post-Katrina.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Please see Response to Request for Production No. 25 above. See (Pre-Katrina Tax Records) **Sutton 000042-000051.**

_____Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

**REQUEST FOR PRODUCTION NO. 30:**

Any administrative claims relating to Hurricane Katrina that the named plaintiffs or proposed class members have submitted to any governmental body or agency (including but not limited to claim forms submitted to the Louisiana Recovery Authority) that are in the possession, custody or control of the named plaintiffs or their attorneys or agents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

_____Objection - not reasonably calculated to lead to discovery of admissible evidence, overly burdensome, overbroad.  Subject to and without waiver of any objections, all such claims and related materials were forwarded to other attorneys involved in such claims.  Those in plaintiffs' possession, custody or control and provided to undersigned are enclosed as **McFarland 000001.**

Plaintiffs  have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

**REQUEST FOR PRODUCTION NO. 36:**

Any documents evidencing or relating to insurance claims prepared or submitted by or on behalf of the named plaintiffs or members of the proposed class and seeking compensation for

damages or injuries (personal or property) sustained between August 28, 2005 and September 25, 2005, that are in the possession, custody, or control of the named plaintiffs or their attorneys.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

To the extent that certain Named Plaintiffs or Class Representatives submitted insurance claims and to the extent that the Named Plaintiffs or Class Representatives are in possession, custody or control of such documentation, please see enclosed **Mumford 000090-000106.**

Plaintiff **Daniel Weber** has filed an accidental death claim with Union National Insurance for the death of Rosetta Marrero. Plaintiff is in the process of obtaining copies from his insurer and will produce same upon receipt.

Plaintiffs aver that they have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

## REQUEST FOR PRODUCTION NO. 37:

All demonstrative evidence or exhibits that you may refer to at the class certification hearing.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Plaintiffs object to this request to the extent that it seeks to alter the timing of disclosure of experts and of expert testimony provided by Rule 26(a)(2)(C), Fed. R. Civ. Pro., and C.M.O. #7, Part III(B)(2)(c).

Plaintiffs will submit their exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of the Class Certification Hearing or Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs also object to this Request for Production as it seeks information readily available to Defendants in the public domain.

Plaintiffs also object to this request as overbroad, vague, premature, and compound.  Subject to said objections and without waiving same, Plaintiffs respond as follows: Please see submissions in 05-4419.  Other discoverable materials in plaintiffs' possession, custody or control are enclosed as See **(**records regarding reconstruction or reconditioning**) Koch 001154 -001166,** (insurance claims) **Mumford 000090-000106,** (tax records) **Sutton 000042-000051,** (administrative claims) **McFarland 000001,** (articles) **Weber 000001,** (death certificate) **Weber 000002.**

_____Plaintiffs  have produced all responsive materials in the possession, custody or control of all named plaintiffs who have responded.

**Note:** Undersigned enclose herewith amended forms of Verification provided by plaintiffs , Jocelyn Carter and Daniel Weber.  Additional verifications will be provided as they are received from named plaintiffs.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street

New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com, ____
karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Adele Rapport
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. 2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com, ___
ddruker@wgdnlaw1.com

/s/ Alan L. Fuchsberg
Alan L. Fuchsberg, Esq.(N.Y.S.B.A. #1755966)
Leslie Kelmachter, Esq.(N.Y.S.B.A. #1795723)
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
45th Floor
New York, NY 10110-0002
Telephone: 212-869-3500 ext. 235
Facsimile:  212-398-1532
e-mail:   a.fuchsberg@fuchsberg.com,
l.kelmachter@fuchsberg.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 16th day of July, 2008.

\s\Brian A. Gilbert
BRIAN A. GILBERT