**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                NO. 05-4182

PERTAINS TO:                                    SECTION "K"(2)
        ALL LEVEE CASES

## ORDER AND REASONS

Before the Court is a Motion for New Trial (Doc. 11366) filed on February 22, 2008, by

plaintiffs in the captioned matter.  Plaintiffs contend that the Court's granting the United Sates'

Motion to Dismiss (Doc. 10984) insofar  as it found that the United States Corps of Engineers is

immune from suit for the damages caused by the breaches of the flood walls at the 17th Street,

Orleans Avenue and London Avenue canals based on the immunity granted by § 702c of the

Flood Control Act of 1928, which decision was entered by this Court on January 30, 2008, is

erroneous.  Plaintiffs contend that the Court made certain factual findings inappropriate in the

context of a Federal Rule of Civil Procedure 12(b)(1) motion and that these rulings were made

without the benefit of full discovery and an evidentiary hearing as to the issues raised.  For the

reasons that follow the Court finds the motion to be without merit.


**Applicable Standard**

This motion is denominated as a "Motion for New Trial" which is controlled by Fed. R.

Civ. P. 59.  Pretermitting whether such a motion is appropriate as no "final judgment" has been

entered, there is a time requirement for the  filing of such a motion.  A motion for a new trial

must be filed no later than 10 days after the  entry of judgment.  Fed. Civ. P. 59(b).  The order

at issue was entered on January 30, 2008 and the subject motion was filed on February 22, 2008,

far beyond the 10 day requirement.  Thus, the Court will employ the standard delineated in Fed. R. Civ. P. 60(b) which provides grounds for relief from a final judgment, order or proceeding. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341 (5th Cir. 1991).  The Court finds that the only grounds arguably applicable under that rule would be Rule 60(b)(1) which provides that a court may grant such relief for "mistake, inadvertence, surprise or excusable neglect."

**Judicial Notice and Legal Error**

In essence, plaintiffs are contending that the Court committed legal error in its use of judicial notice with respect to finding Congressional intent by relying on Acts of Congress. They opine that they should have been given notice, and that this motion should have been converted into a Rule 56 motion.  These arguments are unavailing.  Section 702c immunity is broad and unyielding.  Having looked at the decisions of Congress with respect to the Lake Pontchartrain and Vicinity Hurricane Protection Plan and the specific incorporation of flood walls into the plan, the Court remains convinced that the immunity is applicable and that any "facts" that were found are those provided for by Rule of Evidence 201.

This Court previously stated in its initial ruling:

> As stated by the United States Court of Appeals for the Fifth Circuit:
>
>> Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.  However, courts may also consider matters of which they may take judicial notice.  *See* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.")

*Lovelace v. Software Spectrum, Inc.* , 78 F.3d 1015 (5th Cir. 1996).   Likewise, the commentators in *Federal Practice and Procedure* have noted:

Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion.  The same is true for various types of exhibits that are attached to the pleading,  matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1366.

Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."  Fed. R. Evid. 201(a) and (b); *Hyder v. Quarterman*, 2007 WL 4300446 (S.D. Tex. Oct. 10, 2007) *citing  Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829 (5th Cir. 1998). In addressing the question of what constitutes an adjudicative fact, in the Advisory Committee Notes to that rule, citing to Professor Davis, A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69, 73 (1964), "' When a court or an agency finds facts concerning the immediate parties--who did what, where, when, how, and with what motive or intent--the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts. '"

The Court believes that the legal conclusions reached herein are not based upon reliance on any matters outside the pleadings that would require conversion to a Rule 56 motion.  The background section of this opinion is a restatement of the Amended Master Complaint fleshed out in some instances with the use of a government publication which provided a time line and facts surrounding certain legislation.  As stated in *Hyder:*

The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *See Hawk Aircargo, Inc. v. Chao.,* 418 F.3d 453, 457 (5th Cir.2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke,* 409 F.3d 665, 667 (5th Cir.2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency's website); *see also O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 2007 WL 2421754, at *6 (10th Cir. Aug.28, 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted); *Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir.2003) (taking judicial notice of information on official government

website pursuant to Rule 201). Federal courts have taken judicial notice of other courts' websites. *See, e.g., Graham v. Smith,* 292 F.Supp. 153, 155 n. 2 (D.Me.2003) (taking judicial notice of pleadings located on the internet); *Anderson v. Cal. Bd. of Prison Terms,* No. CIV-04-1172, 2007 WL 404900, at *1 (E.D.Cal. Feb. 2, 2007) (unpublished) (taking judicial notice of records from official website for California Appellate Courts); *Collier v. Dretke,* No. Civ.A 4:05CV379Y, 2005 WL 1429738, at *1 n. 5 (N.D.Tex. June 17, 2005) (unpublished) ("The Court ... takes judicial notice of the disposition of Collier's seven writ applications in the Texas Court of Criminal Appeals through a search on its website."); *Booker v. Taft,* No. 7:03-CV-263-R, 2004 WL 1253410, at *1 (N.D.Tex. June 8, 2004) (unpublished) (taking judicial notice that petitioner's state habeas petition remained pending based on the Texas Second Court of Appeals' website).

*Hyder*, 2007 WL 4300446 at *3.  Furthermore, this decision is based on Acts of Congress of which it certainly may take judicial notice.   As such, the Court finds that this motion will not be converted and will now turn to the salient legal issues presented.

All of the "findings" made by the Court fit within this rubric.  The Court has not been presented with any cogent reason to find that it was in error for the basis of those findings.  If the Court has committed legal error, then plaintiffs' relief is to seek an appeal.  "To the extent the 'mistake' is one by the court, we have held that a plaintiff's claim of 'mere legal error' does not warrant Rule 60(b)(1) relief.  *Castleberry v. Citifinancial Mrotg. Co. Inc.,* 230 Fed. Appx. 352, 357 (5th Cir. 2007) *citing McMillan v. Mbank Fort Worth, N.A.,* 4 F.3d 362, 367 (5th Cir. 1993).  Accordingly,

**IT IS ORDERED** that Plaintiffs'  Motion for New Trial (Doc. 11366) is **DENIED**.

New Orleans, Louisiana, this   8th   day of September, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**