UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                          CIVIL ACTION
CONSOLIDATED LITIGATION
                                                      NO. 05-4182

PERTAINS TO:                                          SECTION "K"(2)
    05-4181
    06-1885
    06-4024
    06-4389
    06-5771
    06-5786
    06-6099
    07-0206
    07-3500
    07-3612

## ORDER AND REASONS

Before the Court is Plaintiffs' Objections to and Motion to Review Magistrate's Order filed by Ashton O'Dwyer. (Doc. 11235). Plaintiffs object to and move for review of the January 30, 2008 Order (Doc. 10993) claiming that it is clearly erroneous and contrary to law. In support of the motion, counsel filed a "memorandum" which states in its entirety:

> This memorandum is filed primarily to comply with the Local Rules which require that a memorandum accompany all motions noticed for hearing. briefly, this matter was fully briefed to Magistrate Wilkinson through Record Document Nos. 7358, 7762, 9879, 101053 and 10993 and attached documents, and transcripts of oral argument and was orally argued. Plaintiffs respectfully submit that they are being held to a much higher standard than any other litigants to this litigation, including particularly the alleged clients of attorney Daniel Becnel, Esq. who submitted a list to the Court which accompanied the Complaint in Civil Action No. 07-5023, which is under seal and inaccessible to undersigned counsel for plaintiffs, which contains some 350,000 names. Plaintiffs respectfully submit that the erroneous ruling by Magistrate Wilkinson has potential for depriving plaintiffs of substantive rights and, accordingly, aver that the said ruling is clearly erroneous and contrary to law or clearly erroneous and contrary to law (sic) and constituted an abuse of discretion by the magistrate. Additionally, since there is currently pending a motion to disqualify or to recuse Judge Duval in this case, with discovery having been requested, (see E-mail to all plaintiffs' counsel

>attached as Exhibit No. 1(), (sic) it may be that Magistrate Wilkinson's erroneous ruling is similarly "tainted" against plaintiffs and their counsel, and that he should be disqualified or recused as well.

(Doc. 11235).

To begin, this "memorandum" is insufficient as it does not make any legal argument, it solely refers the Court to previous filings.  Mr. O'Dwyer's argument is all too typical of the numerous pleadings filed with this Court.  It is devoid of law and rife with *non sequiturs*. Furthermore, the referenced Motion to Disqualify has been denied and has no bearing on this motion.

The gravamen of this motion is that Magistrate Judge Wilkinson has denied counsel leave to file a wholesale amendment of 10 cases adding between 1700 to 1800 plaintiffs to each. Having reviewed the pleadings, memoranda and the relevant law, the Court finds the subject Objections To and Motion to Review Magistrate's Order without merit.  As this Court previously stated in *Corcova v. Crowley Marine Services, Inc.,* 2003 WL 21804986 (E.D.La. Aug.4, 2004):

>The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates. Fed. R. Civ.P. 72(a); see also Eastern District of Louisiana Local Rule 72.1E(A)[hereinafter Local Rules]; 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling on such a nondispositive matter is appealable to the district court. *Id.* "The district judge to whom the case is assigned ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a)(emphasis added); see also Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A). Indeed, the "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *See also* Fed.R.Civ.P. 72(a). The district court may not undertake a de novo review of the magistrate's disposition. *See e.g., Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. Unit A 1981). Under the clearly erroneous standard of review, the review by the

district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact. *Blair v. Sealift,* 848 F.Supp. 670 (E.D.La.1994) ( citing *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992).

*Id.* at 1.

The proposed amendment seeks to amend complaints in ten cases, at least two of which C.A. Nos. 06-1885 and 06-4024, have already been dismissed, with final judgments entered. The list of plaintiffs in the proposed amendment lists about 1,800 to 1,900 named plaintiffs, however there are numerous duplications. In addition some of the "representatives" do not comply with the provisions of Fed. R. Civ. P. 17(a)–a minister filing a representative action on behalf of his congregation or a church congregation being a juridical person. Magistrate Judge Wilkinson gave counsel an opportunity to comply with the standards of the Rules of Civil Procedure, and counsel chose to ignore the order to file a proper supplemental memorandum in support of the motion to amend with a revised proposed amended complaint that would address the issues raised by Magistrate Judge Wilkinson. As such, the Court finds no error in any ruling made by Mag. Judge Wilkinson as contained in Doc. 7762, Doc. 9879, and Doc. 10993. Accordingly,

**IT IS ORDERED** that Plaintiffs' Objections to and Motion to Review Magistrate's Order filed by Ashton O'Dwyer is **DENIED.**

New Orleans, Louisiana, this   9th    day of September, 2008.

                                                     STANWOOD R. DUVAL, JR.
                                       UNITED STATES DISTRICT COURT JUDGE