UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br><br>*Boutte v. Lafarge*   05-5531<br>*Mumford v. Ingram*   05-5724<br>*Lagarde v. Lafarge*   06-5342<br>*Perry v. Ingram*   06-6299<br>*Benoit v. Lafarge*   06-7516<br>*Parfait Family v. USA*   07-3500<br>*Lafarge v. USA*   07-5178 | CIVIL ACTION<br><br>NO. 05-4182<br>and consolidated cases<br><br>SECTION "K" (2)<br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAG.<br>JOSEPH C. WILKINSON, JR. |

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.'S MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE OF COURT TO FILE NEW YORK MARINE AND
GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE
COMPANY, AND THE NORTHERN ASSURANCE COMPANY OF AMERICA'S
FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS
AGAINST LAFARGE NORTH AMERICA, INC. AND AMERICAN STEAMSHIP
OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.

MAY IT PLEASE THE COURT:

Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), by and through its attorneys, Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP and Thacher Proffitt & Wood LLP, hereby opposes the motion by New York Marine and General Insurance Company, American Home Assurance Company, and the Northern Assurance Company of America (the "Excess Underwriters") for leave to file an Amended Answer, Affirmative Defenses and Cross-Claims against the American Club and Lafarge North America, Inc. (the "Motion to Amend").

**PRELIMINARY STATEMENT**

While the Excess Underwriters ask this Court for leave to file an Amended Answer for the sole purpose of asserting Cross-Claims against the American Club and Lafarge North America, Inc. ("Lafarge"), they do not offer an adequate explanation for why they waited more than two years and three months to seek to amend their original Answer. Moreover, the Excess Underwriters' professed reasons for wanting to file an Amended Answer with Cross-Claims can no longer stand in light of this Court's Order of August 29, 2008, and the Cross-Claims that the Excess Underwriters seek to assert may be rendered moot by a decision on the coverage issue in the American Club's declaratory judgment action against Lafarge that is currently before Judge Haight in the U.S. District Court for the Southern District of New York (the "Declaratory Judgment Action"). Because the Motion to Amend is untimely, potentially moot and in conflict with Orders from both this Court and the U.S. District Court for the Southern District of New York, the Excess Underwriters should not be permitted to file an Amended Answer with Cross-Claims against the American Club and Lafarge, and the Motion to Amend should be denied.

**ARGUMENT**

**I.      The Motion to Amend Should be Denied on the Bases of Mootness**

As noted by the case law cited in the Excess Underwriters' Memorandum in Support of their Motion to Amend, district courts have the discretion to provide leave to amend pleadings, but a motion to amend may be denied where there is undue delay, bad faith, dilatory motive, or "futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182, 82 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Courts recognize mootness and futility as valid reasons for the denial of a motion to amend. *See Palmisano v. Avis Rent A Car Systems, Inc.*, 84 F.3d 434, 1996 WL 249040, at *4 (5th Cir. April 12, 1996) (affirming decision by district court to deny motion to amend complaint

on grounds of mootness); *see also State Industries, Inc. v. Fain*, 61 Fed. Appx. 119, 2003 WL 342242, at *4 (5th Cir. January 27, 2003) (upholding denial of motion for leave to amend answer to add counterclaim on grounds of mootness).

Here, the Motion to Amend should be denied on the basis of mootness in light of this Court's recent Order of August 29, 2008. *See* Order of Judge Duval dated August 29, 2008 (the "August 29th Order"), attached hereto as Exhibit 1. The Excess Underwriters state in their Memorandum in Support of their Motion to Amend that they seek to amend their original Answer because they wish to assert their Cross-Claims "in the event this Court grants the Barge plaintiffs' application…." *See* Memorandum in Support of the Excess Underwriters' Motion to Amend at p. 3. Because the August 29th Order denied the Barge plaintiffs' application, the basis for the Motion to Amend as stated by the Excess Underwriters no longer exists, and as such, the Motion to Amend should not be granted.

Denial of the Motion to Amend is also appropriate here on the basis of potential mootness. The Excess Underwriters state that because Judge Haight stayed the Excess Underwriters' declaratory judgment action filed in the U.S. District Court for the Southern District of New York, "if this Court grants the Barge plaintiffs' application to proceed with the resolution of the insurance coverage issues in this jurisdiction, then the Excess Insurers again wish to assert their cross-claims against Lafarge and the [American] Club to allow them the opportunity to timely file a motion for summary judgment on the insurance coverage issues." *See* Memorandum in Support of the Excess Underwriters' Motion to Amend at p. 3. This assertion cannot support the Motion to Amend, not only because the Court has denied the Barge plaintiffs' application, but also because it makes clear that the Excess Underwriters are simply attempting to circumvent Judge Haight's decision in his Order of August 4, 2008 to stay the Excess Underwriters' action

in the U.S. District Court for the Southern District of New York. *See* Order of Judge Haight dated August 4, 2008, attached hereto as Exhibit 2, at p. 5. (the "August 4th Haight Order")[1].

It should be noted that the Excess Underwriters are not asserting claims under the Louisiana Direct Action Statute. Thus their status in this litigation is not the same as the Barge Plaintiffs', and the Excess Underwriters are not entitled to litigate Lafarge's coverage under the American Club's Certificate of Entry pursuant to this statute. Accordingly, this Court may decide to treat a decision by Judge Haight to grant the American Club's motion for summary judgment in the Declaratory Judgment Action as persuasive, thus making it unnecessary to litigate the issues that the Excess Underwriters seek to assert in their proposed Cross-Claims against the American Club.[2]

Indeed, Judge Haight stayed the Excess Underwriters' declaratory judgment action for the exact reason that a judgment in the American Club's Declaratory Judgment Action may render adjudication of the Excess Underwriters' claims against the American Club unnecessary. Moreover, and as noted in this Court's August 29th Order (at p. 1), Judge Haight has indicated his intent to resolve the coverage dispute on motion for summary judgment, if possible, and has

---

[1] This decision is also reported at *Northern Assur. Co. of Am. v. Lafarge N.A., Inc.*, No. 08 Civ. 3289 (CSH), 2008 WL 3457220 (S.D.N.Y. August 12, 2008).

[2] In addition, the Excess Underwriters may be collaterally estopped from asserting certain of their Cross-Claims in the event that the American Club's motion for summary judgment in the Declaratory Judgment Action is granted. *See* August 4th Haight Order at p. 5; *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (explaining that under collateral estoppel, or issue preclusion, a legal issue or fact actually litigated by a competent court may not be relitigated in a suit between the same parties or their privies). *See also Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052-53 (9th Cir. 2007) (finding that an insured-insurer relationship satisfies the privity requirement for claim preclusion); *Stephens v. State Farm Fire and Casualty Co.*, 149 Fed. Appx. 908, 911 (11th Cir. 2005) (finding that an insured and insurer were in privity and that doctrine of collateral estoppel thus barred action). Indeed, both the Excess Underwriters and Lafarge have argued that the P&I Policy issued by the American Club to Lafarge provides coverage for damage allegedly relating to the Barge ING 4727 and arising from the Hurricane Katrina disaster in New Orleans; moreover, two of the Excess Underwriters themselves have noted that Lafarge's "'capable counsel will no doubt energetically oppose the American Club's motion for summary judgment.'" *See* Further Submission by Excess Insurers: American Home Assurance Company and the Northern Assurance Company of America Relating to the Status of the New York Insurance Coverage Actions, Civil Action No. 2:05-cv-04182-SRD-JCW, Docket No. 14593, at p. 4 (filed August 25, 2008).

scheduled a trial that will commence on October 6, 2008 in the event a decision cannot be made summarily. *See* Order of Judge Haight dated August 1, 2008, attached hereto as Exhibit 3, at pp. 7-8.[3] As such, the very Cross-Claims that the Excess Underwriters seek to assert against the American Club may be rendered moot following a decision in the Declaratory Judgment Action. Accordingly, the Motion to Amend should be denied.

## II. The Motion to Amend is Untimely and Should Therefore Be Denied

The Excess Underwriters effectively seek to amend their original Answer – which contains no Cross-Claims (*see* Answer, *In the Matter of the Complaint of Ingram Barge Company, as Owner of the ING 4727, Petition for Exoneration from or Limitation of Liability*, Civil Action No. 2:05-cv-04419-HGB-JCW, Docket No. 155 (filed May 15, 2006)) – solely so that they can assert Cross-Claims against the American Club and Lafarge. However, the Excess Underwriters fail to offer an adequate explanation for why they waited more than two years and three months to seek to assert their Cross-Claims.

In exercising its discretion to grant or deny a motion to amend, the trial court "may consider undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment." *Gruber v. Entergy Corp.*, Civil Action No. 96-1409, 1997 WL 149966, at *5 (E.D. La. March 24, 1997). Where there has been an "apparent lack of diligence" on the part of the movant to assert the claims at issue, "the burden shifts to the movant to prove that the delay was due to excusable neglect." *The Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (upholding partial denial by district court of motion to amend complaint).

---

[3] This decision is also reported at *American S.S. Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge N.A., Inc.*, No. 06 Civ. 3123 (CSH), 2008 WL 2980919 (S.D.N.Y. August 1, 2008).

The Excess Underwriters have failed to provide any acceptable excuse for their undue delay in asserting Cross-Claims in the instant action – particularly since they chose to first file (more than five months ago) an action against the American Club and Lafarge in the U.S. District Court for the Southern District of New York that asserted the exact same claims. That action has now been stayed by Judge Haight. Accordingly, the Motion to Amend should be denied. *See Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (Former 5th Cir. 1981) (upholding denial of motion to amend "after an unexplained nineteen-month delay").

Moreover, if the Excess Underwriters are permitted to file their Amended Answer with Cross-Claims, the American Club may be unduly prejudiced should the Excess Underwriters attempt to exploit the coverage issues by engaging in extensive discovery prior to the rendering of a decision in the Declaratory Judgment Action. The likelihood of such a result thus further weighs in favor of denying the Motion to Amend.[4]

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Excess Underwriters' Motion to Amend.

---

[4] In the event that the Motion to Amend is nonetheless granted, the American Club will immediately seek to stay all discovery in the instant action relating to coverage until a decision has been rendered in the Declaratory Judgment Action. The grounds for the stay would be that discovery on the same matter that is currently the subject of the summary judgment motion pending before Judge Haight would be potentially wasteful and unnecessary, should Judge Haight grant this motion. Accordingly, the Motion to Amend should be stayed pending a determination on the summary judgment motion in the Declaratory Judgment Action in order to conserve the resources of the parties and this Court.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ, LLP

/s/ PHILIP S. BROOKS, JR.
A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
1100 Poydras Street, Suite 3300
New Orleans, LA  70163
Phone:  504-585-3200
Fax:  504-585-7688

and

THACHER PROFFITT & WOOD LLP
John M. Woods, Esq.
Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for American Steamship Owners*
*Mutual Protection and Indemnity Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ PHILIP S. BROOKS, JR.