UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION OF THE MRGO PSLC,**

**AS *AMICUS CURIAE*, FOR LEAVE TO FILE SUR REPLY**

**NOW INTO COURT**, through undersigned counsel, comes the comes the MRGO PSLC, as *amicus curiae*, which moves for leave to file a sur reply to the defendant United States of America's Reply Memorandum.

**I.**

The defendant United States filed a Motion to Dismiss Counts Two and Three of the Amended Complaint in the MRGO, *Robinson* case (No. 06-2268). (Record Document 13653). In its Memorandum of Law in Support, the United States urged the Court to dismiss Count Three based upon the discretionary function exception of the Federal Tort Claims Act ("FTCA") by setting forth a four (4) paragraph hornbook outline of the two-pronged *Berkovitz/Gaubert* guideline that the Court is to rely upon in evaluating the applicability of the discretionary function exception. (Record Document 13653-2).

**II.**

Because of the potential ramifications on the putative class members of the MRGO class action litigation by an adverse ruling by the Court, the MRGO PSLC sought leave, as *amicus curiae*, to file an Opposition to the United States's Motion to Dismiss related solely to the discretionary function exception argument. (Record Document 14247).

The Court granted leave to file this Opposition that same day. (Record Document 14251).

**III.**

On August 13, 2008, the United States filed its Reply Memorandum in Support of The United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint, presenting eleven (11) pages of argument addressing discretionary function exception matters it failed to assert in its original motion. (Record Document 14444).

**IV.**

In evaluating the arguments presented in the Reply Memorandum, it becomes clear for the first time that the United States has misinterpreted the allegations lodged against it by the putative class in the MRGO class action litigation; and hence forth by the plaintiffs in the *Robinson* litigation, whose allegations are based in great part upon findings developed by the MRGO PSLC's discovery practice.

The United States would have the Court believe that the entirety of the allegations lodged against it stem from a "negligent supervision" of one of its contractors, Washington Group International, Inc. ("WGI"). However, a keen review of MR-GO Master Consolidated Class Action Complaint, Count Three, ¶ 47, reveals that six (6) separate and distinct negligent acts are

asserted against the Corps, specifically setting forth the Corps failure to discharge its duties associated with construction activities along the East Bank Industrial Area of the Inner Harbor Navigational Canal. (Record Document 3415).

Likewise, the *Robinson* plaintiffs asserted a number of defalcations by the Corps relative to construction activities along the East Bank Industrial Area of the Inner Harbor Navigational Canal.  In paragraph 120 of the First Amended Complaint for Damages, the *Robinson* plaintiffs assert no less than eight (8) distinct delicts that caused or contributed to the levee breaches at the Industrial Canal. (Record Document 13527-2).

V.

In its Sur Reply, the MRGO PSLC illustrates that the United States conclusion that Corps's employing Quality Assurance Officer Alvin Clouatre to supervise its contractor to "mak[e] sure that the Corps got an honest effort from WGI and that the contractor did what it told the Corps it was going to do" is a puerile interpretation of the causes of action lodged against it.

**WHEREFORE**, the MRGO PSLC, as *amicus curiae*, prays for an Order by the Court granting leave to file the attached Sur Reply.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

   /s/  Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP
LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
Post Office Box 3668
Lafayette, Louisiana 70502
Telephone: (337) 593-4190 or (337) 233-3033
Email: jimr@wrightroy.com


for

MR-GO PLAINTIFFS SUB GROUP
LITIGATION COMMITTEE

Jonathan Andry (The Andry Law Firm,
   New Orleans, Louisiana)
Clay Mitchell (Levin, Papantonio, et al.,
    Pensacola, Florida)
Pierce O'Donnell (O'Donnell & Associates,
    Los Angeles, California)
James Parkerson Roy (Domengeaux, Wright, et al.,
    Lafayette, Louisiana)


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 9th day of September, 2008.

/s/ Joseph M. Bruno

Joseph M. Bruno