GRIESHABER (VOL II), JOHN

8/21/2008

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES        CIVIL ACTION

CONSOLIDATED LITIGATION              NO. 05-4182 K2

                                     JUDGE DUVAL

PERTAINS TO:   MRGO AND ROBINSON

               (No. 06-2268)

(V O L U M E   II)

Rule 30(b)(6) deposition of THE UNITED STATES OF AMERICA, BY AND THROUGH THE UNITED STATES ARMY CORPS OF ENGINEERS' DESIGNEE JOHN GRIESHABER, Ph.D., P.E., given at the U.S. Army Corps of Engineers New Orleans District offices, 7400 Leake Avenue, New Orleans, Louisiana 70118-3651, on August 21st, 2008.

REPORTED BY:

   JOSEPH A. FAIRBANKS, JR., CCR, RPR

   CERTIFIED COURT REPORTER #75005



Johns Pendleton Court Reporters                 800 562-1285

1    A.    I'm not familiar with that.

2    Q.    Are you familiar with the difference
3    between engineering manuals and engineering
4    regulations?

5    A.    Yes, I am.

6    Q.    Is it your understanding that
7    engineering regulations convey mandatory policy
8    requirements for management of engineering
9    functions?

10   A.    That is probably a definition of them,
11   yes.

12   Q.    If a project manager wanted to get a
13   variance from a mandatory requirement of an
14   engineering regulations, what steps would he
15   have to go through?

16              MR. STONE:
17                   Objection.  That's overly broad,
18              and it's a hypothetical without any
19              facts set up in it so it's incomplete
20              and misleading.

21   A.    Okay.  Ask the question again so I
22   don't forget.

23   EXAMINATION BY MR. JOANEN:

24   Q.    If a project manager chose to
25   deviate -- or wanted to deviate from an

GRIESHABER (VOL II), JOHN  8/21/2008

14

1  stability of the wall.
2      Q.   Okay.  And you testified in response
3  to Mr. Bruno's questions that the construction
4  manager Lee Guillory cannot create a minimum
5  control line by himself.
6           Could Lee Guillory, as an experienced
7  civil engineer with that Corps of Engineers New
8  Orleans District, determine whether or not the
9  remediation work in the East Bank Industrial
10 Area violated that minimum control line for
11 that levee and floodwall, if he had it?
12          MR. JOANEN:
13               Object to form.
14     A.   If he had a minimum control line, he
15 most certainly contain determine whether or not
16 it violates.
17 EXAMINATION BY MR. TREEBY:
18     Q.   What other engineering considerations
19 would Lee Guillory as construction manager for
20 the New Orleans District on Task Order No. 26
21 normally have available to him to evaluate
22 whether or not remediation work done by
23 Washington Group called for further evaluation
24 by other engineers in the New Orleans District?
25     A.   He probably would have wanted some

1   type of information on backfilling criteria.
2   There's a set of plans and specifications that
3   the contractor is going by, and the engineering
4   consideration speaks to a logic of why we're
5   doing things in certain ways in the plans and
6   specifications.  Since this job was fairly
7   simplistic, the only way you could endanger the
8   flood system is by some form of inappropriate
9   excavation or inappropriate backfill.  And as
10  long as he had something that related back to
11  that, he should be in good shape.
12       Q.   Okay.  Dr. Grieshaber, I want you to
13  look at a particular page in Exhibit 10.  We'll
14  do 10 for now and we'll probably pull them out
15  as we need them.  Here's a copy of Exhibit 10.
16  Let's have a look at the originals.
17            I'm going to have you look at a
18  particular page in this exhibit, and we'll find
19  it for you in a minute.  They're not in Bates
20  order number.  They're I think in logical
21  order, but -- okay.  The page I want you to
22  look at is the first page -- it's turned the
23  other way, which has a number at the bottom,
24  WGI 076654.
25       A.   Okay.