## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL MRGO | § | |
| _____ | § | |

## UNITED STATES' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE IN MRGO MASTER CONSOLIDATED CLASS ACTION

## INTRODUCTION

On August 28, 2008, Entergy New Orleans, Inc., Entergy Louisianna, L.L.C., Entergy

Services, Inc., Entergy Corporation, and Hartford Steam Boiler Inspection and Insurance

Company (collectively referred to as Applicants), moved for leave to intervene as plaintiffs in the

MRGO Master Consolidated Class Action.  Specifically, Applicants seek to change their status

in the putative class action from unnamed plaintiffs to named plaintiffs.

Applicants filed individual complaints against the United States on August 28, 2007 for

damages allegedly sustained during Hurricane Katrina.[1]  In these Complaints, Applicants alleged

extensive property and economic losses unique to a utility that provides power to a major city.

Applicants' Complaint in Intervention to the MRGO Master Consolidated Class Action seeks

damages from the United States and Washington Group International, Inc. only; they do not seek

damages from any of the other defendants named in the MRGO Consolidated Class Action.

---

[1]  The following complaints were filed by Applicants against the United States:  Entergy
New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., Entergy Corp., and
Hartford Steam Boiler Inspection and Insurancee Company v. United States, 07-4608 (filed
08/28/07); Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., and
Entergy Corp v. United States, 07-4607 (filed 08/28/07).

As explained below, Applicants' request to intervene as named plaintiffs should be denied.  Allowing intervention by these parties would serve only to complicate an already complex litigation and unduly prejudice the United States as it prepares for its first trial under the MRGO litigation umbrella.  Moreover, intervention would serve no useful purpose in the MRGO class action.

## ARGUMENT

Applicants seek permissive intervention pursuant to Fed. R. Civ. P. 24(b).  This Rule provides that the court may grant permissive intervention when the application is timely and the intervenor's claim and the main action have a question of fact or law in common.  The court has discretion, however, to deny intervention even if both of these requirements are met.  5 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 16:8 (4th ed. 2002).  In exercising its discretion, the court should "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  5 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 16:8 (Supp. 2008) (citing *In re HealthSouth Corp. Ins. Litigation*, 219 F.R.D. 688 (N.D. Ala. 2004)).  Other relevant considerations include whether the applicant's interests are adequately represented and whether applicants will signficantly contribute to the underlying factual issues in the action.  *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 472 (5th Cir. 1984) (citations omitted).

**Intervention Would Unnecessarily Complicate the Putitive MRGO Class Action Litigation and Unduly Prejudice the United States.**

Intervention may be denied if the court finds that allowing the party to intervene would unduly complicate the proceedings.  *See Taylor Communications Group, Inc. v. Southwestern*

*Bell Telephone Company*, 172 F.3d 385, 389 (5th Cir 1999).  By adding Applicants to the

MRGO class action as named plaintiffs, additional motion practice and discovery would surely

follow given the unique and complex nature of the damages they claim.  Applicants' alleged

damages are far more extensive and complicated than most, if not all, other purported class

members.  They seek recovery for property damage to two power generation plants, forty

substations, hundreds of miles of different types of gas pipelines, electric transmission and

distribution lines, office, maintenance and storage buildngs, inventory and vehicles.  Applicants

also allege various other types of losses, such as business interruption, economic damages,

immediate and long term business losses, and relocation costs.  Intervention would unnecessarily

complicate the putative class action by interjecting unique and extensive alleged damages into

the mix at this time.  Further, it would unduly prejudice the United States as it prepares for its

first trial under the MRGO umbrella, while juggling its role in the "Barge" litigation.

**Intervention Would Serve No Useful Purpose in The Putative MRGO Class Action.**

Applicants have presented no reason why intervention is warranted.  The court may deny

permissive intervention where it would serve no useful purpose.  *See Stenson v. Blum*, 476 F.

Supp. 1331, 1336 (S.D. N.Y. 1979) (denying permissive intervention where "granting [the]

motion would serve no useful purpose")*.  See also Mayo v. Hartford Life Insurance Co.*, 214

F.R.D. 458, 463 (S.D.Tex. 2002) (denying intervention by putative class members because there

was no apparent reason for such action).

A useful purpose that a court may consider is whether applicants would stengthen the

representation of the purported class.  *See Burka v. New York City Transit Authority*, 110 F.R.D.

595, 607 (S.D.N.Y. 1986) (citations omitted).  Here, Applicants indicate that they do not seek to

strengthen the adequacy of class representation by the existing class representatives.  Rec. Doc. 14697 at 3.

Applicants do not challenge the adequacy of representation by Plaintiffs' counsel and do not want their counsel to become class counsel; rather, they "desire to be represented by their own counsel."  Rec. Doc. 14697 at 3.  To be represented by counsel in this putative class action, Applicants do not have to be a named plaintiff, their counsel could enter an appearance.  *See Milne v. Berman*, 384 F. Supp. 206, 213 (S.D. N.Y. 1974), *judgment rev'd on other grounds*, 424 U.S. 577 (1976) (denying intervention, in part, because unnamed plaintiff could enter appearance through counel pursuant to Rule 23 (c)(2)(C)).  Moreover, an unnamed party can effectively monitor a class action without being a named party in the litigation.  *See e.g., Wyatt v. Hanan*, 170 F.R.D. 189, 194-95 (M.D. Al. 1995).

Applicants assert – without any explanation – that they can assist with the litigation of damages issues if they are permitted to intervene.  It is unclear how they can help the putative class with damages issues.  Regardless, unnamed class members may voluntarily provide information or respond to requests for information by class representatives.  5 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 16:2 (4th ed. 2002).  Moreover, class members are subject to discovery procedures that are available for nonparty witnesses, such as subpoenas. *Id*. at § 16:3.  Hence, it is unnecessary for an unnamed party to intervene to assist with the litigation of a class action.

This Motion to Intervene appears to be motivated by the Applicants desire to try their own damage claims in an individual trial, not as part of the class action.  *See* Rec. Doc. 14697 at 3 (Applicants stress that they can be ready to try their case against the United States and WGI in

June 2009).  Given that intervention is not needed for Applicants to protect their interests in the

class action or to assist with class issues, intervention in the putative class action is unwarranted.

Moreover, the Court recently stated that it "is inclined not to allow individual named class

members to be used as test cases unless that particular plaintiff chooses to opt out of said class."

Rec. Doc. 14720.[2]

Allowing Applicants to intervene here, where it would serve no useful purpose, would

open the door to other unnamed plaintiffs who might seek to enter the case.  *See e.g., Wyatt,* 170

F.R.D. at 194 (finding that if the court were to allow all parties with an interest in the class action

to intervene, the lawsuit would become "more unamageable and unnecessarily confusing than it

already is.").  The MRGO litigation involves potentially hundreds of thousands of unnamed

plaintiffs.  To allow potential class members to intervene would render the MRGO putative class

action completely unmanageable and unnecessarily confusing.

---

[2] A party has "no right to maintain two separate actions involving the same subject
matter at the same time in the same court and against the same defendant[s]."  *Oliney v. Gardner*,
771 F.2d 856, 859 (5th Cir. 1985).  Applicants filed suit against the United States in 2007 for
alleged damages stemming from flooding during Hurricane Katrina.  Applicants seek to file a
Complaint in Intervention to the MRGO Master Consolidated Class Action Complaint that
involves the same subject matter in the same court against the United States.  Granting the
Motion to Intervene would result in the Applicants' maintaining two actions in the same court
seeking recovery for the same alleged damages from the same defendant.  For this reason alone,
the Court should deny the Motion to Intervene.

## CONCLUSION

For the foregoing reasons, Applicants Motion to Intervene in MRGO Master

Consolidated Class Action should be denied.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

ROBIN D. SMITH
Senior Trial Counsel, Torts Branch

/s/ Michele S. Greif
MICHELE S. GREIF
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: September 9, 2008

## CERTIFICATE OF SERVICE

I, Michele S. Greif, hereby certify that on September 9, 2008, I served a true copy of the Defendant United States' Memorandum in Opposition to Motion to Intervene in MRGO Master Consolidated Class Action upon all parties by ECF.


 s/ Michele S. Greif
   MICHELE S. GREIF