# THE SCHWAB LAW FIRM
ATTORNEYS AT LAW
7847 Main Street
Post Office Box 7095
Houma, Louisiana 70361

JERRY H. SCHWAB                                                                                    (985) 868-1342
DANNA E. SCHWAB                                                                         Fax:   (985) 868-1345
KATHRYN W. RICHARD

August 19, 2008

Andrea S. Lestelle
Lestelle & Lestelle, APLC
3421 N. Causeway Blvd., Suite 602
Metairie, LA  70002-3726

      Re:      **Compliance With Post-Sher Insurance Umbrella Case Management Order, Entered June 13, 2008, <u>Dkt. No. 13598</u>**
              **Temple Richardson, Jr. versus Allstate Insurance company**
              **Docket #07-3455    Allstate Claim #5113925282    Our File #07-1483**

Dear Andrea:

      As you are aware, on June 13, 2008, the Court entered the Post-*Sher* Insurance Umbrella Case Management Order (the "Order") directing all plaintiffs in cases not excepted by the Order to submit a written settlement offer no later than July 14, 2008 (Order at 3).  The purpose of this Order was to "maximize settlement possibilities and to facilitate the receipt of a good-faith counteroffer from defendants."  *Id.*  To achieve this goal, plaintiffs were instructed to attach the following types of documents in support of their settlement offer:

1. a contractor's estimate or other estimate of the claimed damage to the structure;
2. a list, including the estimated value, of any personal property being claimed;
3. receipts or other documents concerning any additional living expense, business income or business extra expense being claimed;
4. an explanation or report stating how the damage was caused by a covered peril;
5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and
7. a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insured and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption.)

      On August 14, 2008, we received your client's settlement offer and only some of the required supporting documentation. In particular, your client did not provide a contractor's estimate or other estimate of the claim damage to the structure, receipts or other documents concerning any additional living expenses, an explanation or report stating how the damage was

caused by a covered peril. As a result, Allstate cannot provide a settlement counter-offer as required by the Order. Please note that we have until September 12, 2008 to notify the Court of the likelihood of settlement. Please forward a complete demand package as soon as possible so Allstate can properly evaluate and make a good faith counter-offer. If we do not receive these materials by September 1, 2008, we will inform the Court that based on the information provided by your client, Allstate was not able to properly evaluate the case for settlement and request the case be deconsolidated from the umbrella and set for trial.

      We look forward to hearing from you.

                Sincerely,

                **THE SCHWAB LAW FIRM**

                Danna E. Schwab

DES/jl