# THE SCHWAB LAW FIRM
ATTORNEYS AT LAW
7847 Main Street
Post Office Box 7095
Houma, Louisiana 70361

JERRY H. SCHWAB  
DANNA E. SCHWAB  
KATHRYN W. RICHARD

(985) 868-1342  
Fax:   (985) 868-1345

August 14, 2008

Patrick G. Kehoe, Jr.
Patrick G. Kehoe, Jr., APLC
833 Baronne Street
New Orleans, Louisiana  70113

Re:   Compliance With Post-Sher Insurance Umbrella
       Case Management Order, Entered June 13, 2008
       Leo and Shelly Wang  vs. Allstate Insurance Company
       Docket #07-3435    Allstate Claim #5113630189    Our File #07-1515

Dear Pat:

As you are aware, on June 13, 2008, the Court entered the Post-*Sher* Insurance Umbrella Case Management Order (the "Order") directing all plaintiffs in cases not excepted by the Order to submit a written settlement offer no later than July 14, 2008 (Order at 3).  The purpose of this Order was to "maximize settlement possibilities and to facilitate the receipt of a good-faith counteroffer from defendants."  *Id.*  To achieve this goal, plaintiffs were instructed to attach the following types of documents in support of their settlement offer:

1. a contractor's estimate or other estimate of the claimed damage to the structure;
2. a list, including the estimated value, of any personal property being claimed;
3. receipts or other documents concerning any additional living expense, business income or business extra expense being claimed;
4. an explanation or report stating how the damage was caused by a covered peril;
5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and
7. a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insured and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption.)

To date, you and your client have failed to submit a written settlement offer and the required materials. Consequently, Allstate cannot, at this time, provide a settlement counter-offer as required by the Order.   Please note that we have until September 12, 2008 to notify the Court

of the likelihood of settlement. In the event your client is interested in settling their claim, we encourage you to submit a demand package well in advance of the September 12, 2008 deadline so Allstate can properly evaluate and make a good faith counter-offer. If we don't receive such information by September 1, 2008, we will inform the Court that you and your client have failed to comply with the Order and request the case be deconsolidated from the umbrella and set for trial.

      We look forward to hearing from you.

      Very truly yours,

      **THE SCHWAB LAW FIRM**

      DANNA E. SCHWAB

DES/jl