# INABNET & JONES, L.L.C.
## Counselors at Law

1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940

RAYMON G. JONES
raymon@inabnetjones.com

RECEIVED
SEP 12 2008
CHAMBERS OF
U.S. MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

215-30

September 11, 2008

Honorable Magistrate Joseph C. Wilkinson, Jr.
United States District Court
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

*[handwritten notation: File in both records 05-4182]*

RE: Eileen Jackson Shaw v. Allstate Insurance Company
     USDC CA # 07-3457

Dear Magistrate Judge Wilkinson:

In accordance with the Post-Sher Insurance Umbrella Case Management Order entered by Judge Duval and this Court on June 12, 2008, and on behalf of Allstate Indemnity Company ("Allstate"), I hereby request that the above-referenced matter be separated from the Insurance Umbrella and assigned to a district court judge for completion of discovery and trial. Plaintiffs failed to comply with the June 12, 2008 Order and, in particular, failed to provide Allstate with a written settlement offer and the required supporting documentation. On August 21, 2008, Allstate's counsel invited plaintiffs' counsel to submit the required information despite the July 14, 2008 deadline. (See August 21, 2008 letter to plaintiffs' counsel.) To date, plaintiffs have failed to provide the requested information. As a result, settlement is highly unlikely at this time.

Please let me know if you would like any additional information regarding this matter.

Very truly yours,

Raymon G. Jones

RGJ/kmb
Enclosure
cc:   Terry Lestelle

# INABNET & JONES, L.L.C.
## Counselors at Law

1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940

SCOTT G. JONES
scott@inabnetjones.com

215-30

August 21, 2008

**Via Facsimile**

Terrence J. Lestelle
3421 N. Causeway Boulevard, Suite 602
Metairie, Louisiana 70002-3726

   **RE: Eileen Jackson Shaw v. Allstate Insurance Company**
     **USDC CA # 07-3457**
     **Compliance With Post-Share Insurance Umbrella**
     **Case Management Order, Entered June 13, 2008, Dkt. No. 13598**

Dear Terry:

  As you are aware, on June 13, 2008, the Court entered the Post-*Sher* Insurance Umbrella Case Management Order (the "Order") directing all plaintiffs in cases not excepted by the Order to submit a written settlement offer no later than July 14, 2008 (Order at 3). The purpose of this Order was to "maximize settlement possibilities and to facilitate the receipt of a good-faith counteroffer from defendants." *Id.* To achieve this goal, plaintiffs were instructed to attach the following types of documents in support of their settlement offer:

  1. a contractor's estimate or other estimate of the claimed damage to the structure;
  2. a list, including the estimated value, of any personal property being claimed;
  3. receipts or other documents concerning any additional living expense, business income or business extra expense being claimed;
  4. an explanation or report stating how the damage was caused by a covered peril;
  5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
  6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and

Terrence J. Lestelle
August 21, 2008
Page 2

7. a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insured and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption.)

On July 22, 2008, we received your client's settlement offer and only some of the required supporting documentation. In particular, your client did not provide receipts or documentation of a) the amount spent (approximately $170,000) repairing the dwelling, b) the additional living expenses claimed of $5,400, and c) the claimed contents damages of $54,795, *ie* date of purchase, invoice for payments, age of the items. As a result, Allstate cannot provide a settlement counter-offer as required by the Order. Please note that we have until September 12, 2008 to notify the Court of the likelihood of settlement. In the event your client is still interested in settling her claim, we encourage you to submit the required supporting materials well in advance of the September 12, 2008 deadline so Allstate can properly evaluate and make a good faith counter-offer. If we don't receive such information by September 1, 2008, we will inform the Court that you and your client have failed to comply with the Order and request the case be deconsolidated from the umbrella and set for trial.

We look forward to hearing from you.

Very truly yours,

Raymon G. Jones

RGJ/kmb