

GORDON
ARATA MCCOLLAM DUPLANTIS
& EAGAN LLP

Ewell E. Eagan, Jr.
(504) 582-1115
eeagan@gordonarata.com

201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
(504) 582-1111 · Fax (504) 582-1121
www.gordonarata.com

August 25, 2008

BY HAND

Honorable Judge Stanwood R. Duval, Jr.
Judge, Section "K"
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C368
New Orleans, Louisiana 70130

> In Re: Katrina Canal Breaches Consolidated Litigation
> Master Case No.: 05-4182, Section "K" (2)
> Entergy New Orleans, Inc., et al., v. The United States of America
> Pertains to MR-GO and *Entergy New Orleans Inc., et al,* 07-4608

Dear Judge Duval:

We write as counsel for plaintiffs suing on behalf of the interests of Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., Entergy Corporation and Hartford Steam Boiler Inspection and Insurance Company, who have brought suit jointly (collectively "Entergy") under matter 07-4608 pending against the Army Corps of Engineers and stayed by this Court's order.

Entergy plans to file a motion to intervene and a complaint in intervention in the MR-GO Master Consolidated Class Action later this week.[1] We write to address the specific issue raised in Case Management Order Number 7 (Paragraph II) (Doc. 12935) with regard to establishing a protocol for the identification of individual plaintiffs for trial in the event that class certification motions are denied or continued.

---

[1] By copy of this letter, in accordance with Local Rule 7.6, Entergy asks defendants United States, though its counsel Robin D. Smith, and Washington Group International, Inc., through its counsel William D. Treeby, to inform undersigned counsel of whether each of those parties will consent to the filing and granting of the motion to intervene. If Mr. Treeby and Mr. Smith do not respond by close of business on Wednesday, August 27, 2008, Entergy will proceed to file its motion to intervene and will indicate that Defendants oppose the motion.

GAMDE-NO: 229175_2

400 East Kaliste Saloom Road, Suite 4200 · Lafayette, Louisiana 70508-8517 · (337) 237-0132 · Fax (337) 237-3451
One American Place · 301 Main Street, Suite 1600 · Baton Rouge, Louisiana 70801-1916 · (225) 381-9643 · Fax (225) 336-9763
One Riverway · 777 South Post Oak Lane, Suite 1300 · Houston, TX 77056 · (713) 333-5500 · Fax (713) 333-5501

Honorable Judge Stanwood R. Duval, Jr.
Page 2
August 25, 2008

  Having conferred with Plaintiffs liaison counsel, Joseph M. Bruno, Esq., who approves of the submission of this letter, Entergy seeks to notify the Court that Entergy is an appropriate and willing intervening trial plaintiff in the class complaint pending against both Washington Group International ("WGI") and the United States. Additionally, Entergy has a serious interest in being designated plaintiffs for an individual merits trial in the June 2009 trial group should class certification motions be denied or continued.

  In the event that class certification is denied, Entergy intends to seek to lift the stay of its individual suit for the purpose of amending its complaint to assert its claim against not only the United States, but also against WGI. In light of the decision in *American Pipe and Const. Co. v. Utah*, 414 U.S. 538 (1974) and the Court's holding on January 23, 2008, Entergy's claims against the United States and WGI—both as an intervening class plaintiff and as a plaintiff in its individual suit—are not prescribed.

  The Entergy claim is uniquely suited for prompt individual trial for a variety of reasons:

- Entergy has satisfied the administrative requirement of timely completion of written claims to the Corps as provided under Federal law and a period of at least six months has expired since the filing of the claims.

- Entergy losses fall throughout the largest geographic area possible such that the merits determination may help dispose of the widest number of claims of unnamed plaintiffs possible. The damages allegations will fill the relevant footprint and can demonstrate specific, quantifiable damages in the area adjacent to the levees implicated in the allegations asserted against WGI.

- Entergy also has losses outside the MR-GO footprint, such as large parts of the Entergy interconnected gas system west of the INHC, which were nevertheless partially destroyed or damaged as a result of water and silt inundation caused by the flooding in the MRGO footprint, as well as the specific area related to allegations against WGI.

- As a result of the defendants' conduct, Entergy sustained damage to property within the MR-GO footprint of hundreds of millions of dollars, including but not limited to losses at two power generation plants, 40 substations, 30 miles of gas main pipelines from suppliers, hundreds of miles of gas pipelines to customers, electric transmission and distribution lines, office, maintenance and storage buildings, inventory, and vehicles.

- As the utility providing necessary infrastructure to the entire affected New Orleans area, Entergy is in the unique position of being capable of furnishing credible evidence regarding both the extent of damage sustained to its business and that sustained by its customers throughout the impacted area (regardless of the final designation of that geographic area). For example, Entergy can provide information about its customers' properties where gas meters were destroyed by floods, a clear indicator of serious damage to homes and businesses in the affected neighborhoods.

Honorable Judge Stanwood R. Duval, Jr.
Page 3
August 25, 2008

- Entergy can also offer Entergy eye witnesses to the source of flooding from the MRGO at the funnel, as well as the location of damage and repair to individual customers who have had service repaired as well as those who have not had utilities restored. Entergy witnesses include personnel who remained on station during the storm and flood event, those who were quickly mobilized to mitigate flood damage, and those who have been repairing the damage for almost three years. Entergy documents and photos are available to augment oral testimony about the location and severity of the damage throughout many neighborhoods.

- Entergy is positioned to be ready to proceed with initial disclosures, is prepared to issue and respond to any necessary discovery and can timely participate in any pretrial motion practice as scheduled by the Court. We feel that Entergy is the only single plaintiff that can be instructive on all proposed issues against the Corps and WGI, in any proposed damage location.

Since Entergy is a utility actively attempting to restore necessary infrastructure to the City of New Orleans, a time sensitive recovery for this Plaintiff will benefit all the citizens of New Orleans.

Respectfully submitted,

Ewell E. Eagan, Jr.

Attorney for Plaintiffs, Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., and Entergy Corporation

and

Elisa T. Gilbert

Attorney for Hartford Steam Boiler Inspection and Insurance Company

Cc: Magistrate Judge Joseph C. Wilkinson (by hand)
    Joseph M. Bruno, Esq. (by E-mail and fax)
    Ralph S. Hubbard, Esq. (by E-mail and fax)
    Seth Schmeeckle, Esq. (by E-mail and fax)
    Robin D. Smith, Esq. (by E-mail and fax)
    William D. Treeby, Esq. (by E-mail and fax)

GAMDE-NO: 229175_2