# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * |  |
| *Mumford v. Ingram*    05-5724 | * |  |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * |  |
| *Parfait Family v. USA*  07-3500 | * * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

### MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE RULING DENYING LEAVE TO WITHDRAW THEIR ADMISSIONS

Yet again, the Barge plaintiffs have filed an appeal (Doc. 14708) from one of the Magistrate Judge's discovery rulings – this time, from his Order and Reasons denying their motion to withdraw their deemed admissions (Doc. 14525) (the "Order") (Exh. 1 hereto). Plaintiffs have not even begun to satisfy the high standards for reversal of such a ruling.

1166368-1

First, plaintiffs argue that the Magistrate Judge erred by deeming the matters admitted because, supposedly, the plaintiffs had filed objections to LNA's requests for admissions. Plaintiffs have waived any objection to that ruling since it was made in a prior order that plaintiffs failed to appeal (Doc. 12824), and hence in any event, the Magistrate Judge was not clearly erroneous in finding that plaintiffs in fact did not timely object to those requests and that under Fed. R. Civ. P. 36(b) the requests are therefore deemed admitted.

Second, plaintiffs argue that the Magistrate Judge abused his discretion in denying their motion to withdraw their admissions. The Magistrate Judge, however, made no error of law: he correctly quoted recent Fifth Circuit precedent that withdrawal may be permitted only where two conditions are met: (a) the movant shows that the admission is contrary to the record, and (b) the movant acted diligently in seeking withdrawal and such withdrawal would not prejudice the opposing party.

Nor did the Magistrate Judge commit clear error in finding that, even though plaintiffs had to prevail on <u>both</u> of those issues, they have not prevailed on <u>either</u>. As to the first condition for relief, he correctly found that "plaintiffs have presented <u>no evidence</u> to support their argument" that their admissions are contrary to the record, whereas LNA "has cited many specific examples in the record to demonstrate the plaintiffs' deemed admissions are <u>not</u> contrary to the record." He also found that the plaintiffs – many of whom still have not responded to the requests – were at fault for their failure to answer the requests or to move for an extension. As to the second criterion, the Magistrate Judge correctly found that plaintiffs did not act diligently in seeking to withdraw their admissions. He also found that, in any event, LNA would be prejudiced by withdrawal, given that withdrawal so long after the requests were admitted (and

even longer after they were served) would "present[] Lafarge with 'special difficulties' in preparing for what inevitably will be a factually complex trial."

For all of these reasons, plaintiffs' appeal from the Magistrate Judge's order denying their motion to withdraw their admissions should be denied.

## PROCEDURAL HISTORY

The Requests for Admission and the Deadline Extensions

1. Case Management Order No. 5 provided that "[a]ll written discovery (interrogatories, requests for production and requests for admissions) to other parties in these cases must be issued no later than October 12, 2007." Doc. 7724 at 7-8. It further provided that "written discovery directed to each individual plaintiff must be answered individually." *Id*. at 8.

2. As the Magistrate Judge found, "[a]bout ten (10) months ago, Lafarge propounded Requests for Admission to all named plaintiffs in the Barge track litigation." Order p. 2. Specifically, LNA served the Requests for Admissions (the "Requests") on October 12, 2007. Exh. 2 hereto. The Requests expressly directed that the Requests be answered by all of the plaintiffs in the *Mumford*, *Boutte*, *Lagarde*, *Perry*, *Benoit*, and *Parfait Family* cases – that is, both the purported class representatives and all other named plaintiffs. Requests p. 1. The Requests further provided that they were to be "responded to individually unless the response is the same for all plaintiffs." *Id.*[1]

3. At plaintiffs' request, the Court extended the deadline for them to respond to written discovery to December 28, 2007. Doc. 9293. See also Exh. 1 p.2 ("the court extended plaintiffs' response deadline to December 28, 2007").

---

[1] In early December, LNA wrote to remind plaintiffs' counsel that responses were required from ***all*** individual plaintiffs, not just the proposed class representatives. Doc. 11666-2, Exh. 3 ("Please note that we are expecting responses from every plaintiff that has sued LNA in any of the captioned actions falling within the Barge category of cases.").

1166368-1                                   3

4. In late December, plaintiffs' counsel called LNA stating that plaintiffs would not be able to comply with the requirement to provide discovery from all individual plaintiffs by December 27, 2007. LNA counsel agreed to accept whatever responses plaintiffs could supply on that date, and to extend the time for the remaining responses until February 15, 2008. Doc. 11666-2 at 3 n.4 & Exh. 6.

The Mumford Class Representatives' Responses and Other Plaintiffs' Failure to Respond

5. As the Magistrate Judge found, "only the class representative plaintiffs in *Mumford* submitted timely responses" to the Requests. Order p. 2.

6. Specifically, on December 27, 2007, plaintiffs served their responses and objections to the Requests. Exh. 3. The responses defined the term "named class representative plaintiffs" to mean 10 specifically-identified plaintiffs and stated that the responses and objections were only being made on behalf of those 10 plaintiffs. Specifically, the response stated:

> As used herein, the term 'named class representative plaintiffs" means the following named plaintiffs: Ethel Mae Coleman Mumford, Josephine Long Richardson, Jimmie Donnell Harris, Kismit Bourgere, Michael Joseph Riche, Jacob Robert "Bob" Glaser, Dianne Glaser, Herman Koch, Aida Koch, Rico Terrence Sutton.

Exh. 3 pp. 2-3. The response then specifically stated:

> All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

*Id*. p. 4.[2]  Indeed, the response also defined the term "named individual nonrepresentative plaintiffs" to include, by name or reference, all of the other persons named as plaintiffs in the various Barge complaints and stated that

> Plaintiffs are in the process of obtaining answers as to the named individual nonrepresentative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

*Id*. pp. 3-4.

7. As the Magistrate Judge further found, "[a]lthough Lafarge agreed to an extended deadline of February 15, 2008 for the remaining plaintiffs to respond, none responded by that date." Exh. 1 p. 2.

8. Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless" a timely answer or objection is served on the requesting party.  Accordingly, by operation of law, when the February 15, 2008 deadline expired, LNA's Requests were admitted by each plaintiff who has sued LNA, other than the 10 *Mumford* plaintiffs.

9. On March 18, 2008, LNA filed a motion to compel interrogatory answers and requests for production of documents.  Doc 11666.  In that motion, LNA took the position that, in light of the passage of the February 15, 2008 deadline, the plaintiffs who had not responded to Requests were deemed to have admitted them.  Doc. 11666-2 at 9 n.23.[3]  In responding to LNA's motion, plaintiffs' counsel did not deny that only the *Mumford* class representatives had filed timely responses.  Instead, they urged that any "noncompliant" plaintiffs be allowed to make "late responses" or to "supply superceding responses in the future upon a showing of good cause for past failures to do so."  Doc. 12328 at 16.

---

[2] The response stated that the "general objections" asserted therein were made by the "respondents" and were "applicable to and … incorporated into Plaintiffs' responses."  Exh. 3 pp. 1, 2.

[3] LNA requested that, if the Court disagreed, it order the plaintiffs to serve responses immediately.

1166368-1                            5

The Untimely Responses

10. As the Magistrate Judge found, on April 4, 2008, a small number of additional plaintiffs "provided untimely responses to" the Requests. Exh. 1 p. 2. Although plaintiffs allege that the untimely April 4, 2008 responses were made on behalf of plaintiffs beyond those identified in the responses, the Magistrate Judge found that he "does not see those plaintiffs named in the responses." *Id.* p. 3.

11. As the Magistrate Judge found, on April 14, 2008, the *Benoit* plaintiffs supplied "untimely responses" to the Requests. *Id.* p. 3. The *Benoit* plaintiffs' untimely responses addressed each of the requests for admissions propounded by LNA and varied from the responses submitted by other plaintiffs.

The April 29, 2008 Order Deeming the Requests Admitted

12. On April 29, 2008, the Magistrate Judge granted LNA's March 18, 2008 motion to compel. Doc. 12824. Addressing the Requests for Admission, the Magistrate Judge agreed with LNA that the plaintiffs who had not responded by the February 15, 2008 deadline were deemed to have admitted the requests by operation of law. Doc. 12824 pp. 7-8. The Magistrate Judge also observed that, if plaintiffs wished to try to withdraw those admissions, they had to file a motion satisfying the requirements of Rule 36(b):

> As matters now stand, unanswered requests for admissions are deemed admitted, Fed. R. Civ. P. 36(a)(3), and are "conclusively established," until such time, if ever, that plaintiffs do what the rule requires. Fed. R. Civ. P. 36(b). … if plaintiffs wish to undo the fact that the unanswered requests for admissions have already been admitted by operation of law, they must file the motion and address the factors set out in Rule 36(b).

*Id.* See also Exh. 1 p 3 (describing April 29, 2008 ruling).

13.     Plaintiffs did not appeal the Magistrate Judge's April 29, 2008 ruling that all of the individual plaintiffs who had not filed timely responses or objections to the Requests – i.e., all of the plaintiffs other than the 10 *Mumford* plaintiffs – were deemed to have admitted them. At no time did plaintiffs argue that anyone other than the *Mumford* plaintiffs had lodged timely objections to the requests, such that they could not be deemed admitted.

Plaintiffs' Motion to Withdraw their Admissions

14.     Rather than promptly moving to withdraw their admissions, plaintiffs waited over two more months – until July 7, 2008 – before filing a motion to withdraw their admissions. Doc. 13724-2.   By that time, almost five months had passed since the Requests had been deemed admitted, and almost nine months had passed since the Requests had been served.

15.     Plaintiffs' motion to withdraw the admissions expressly conceded that the plaintiffs in *Lagarde*, *Perry*, *Benoit*, and *Parfait Family* had not timely responded to the Requests.  *Id*. pp. 2, 3.  The motion also conceded that "[a]ccording to this Court's April 29, 2008 Judgment [Record Doc. 12824], all of these late responses are recognized as having been deemed admitted by operation of law." *Id*. at 3.  Accordingly, plaintiffs moved to withdraw their admissions for all of the plaintiffs other than the 10 purported class representatives in *Mumford*.

16.     Plaintiffs' motion, however, was not accompanied by any evidence.  Indeed, the motion did not even provide any citations to any evidence.

17.     On July 15, 2008, LNA filed its opposition to the motion.  Doc. 13845.  Although LNA did not bear the burden of showing that the deemed admissions had support in the record, LNA's opposition memorandum demonstrated that, in fact, each deemed admission was supported by record evidence and that none of them could be considered "contrary to the record

in the case." *Id.* at 6-16.  Plaintiffs' reply memorandum, filed the next day, did not supply or cite to any evidence to rebut any of these points.  Doc. 13863.

  The Magistrate Judge's Ruling

  18. On August 18, 2008, the Magistrate Judge denied plaintiffs' motion to withdraw their admissions, finding that they had failed to meet their burden of showing the deemed admissions were contrary to the record, and also that they had not been diligent and that LNA would be prejudiced by allowing the motion.  Doc. 14525 (Exh. 1 hereto).

## STANDARD OF REVIEW

  Plaintiffs' burden in this appeal is a high one.  As this Court has written, "[t]he district judge ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law."  Doc. 11391 at 1, citing Fed. R. Civ. P. 72(a); Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A).  "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Id.*, citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); Fed. R. Civ. P. 72(a).  "Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact." *Id.*, citing *Blair v. Sealift*, 848 F. Supp. 670 (E.D. La. 1994).

  Furthermore, "[a] party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge." *Hunter v. Copeland*, 2004 U.S. Dist. LEXIS 12992 (E.D. La. July 9, 2004), citing *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

**ARGUMENT**

Plaintiffs' argument that they timely objected to LNA's Requests both was waived by their failure to appeal from the April 29, 2008 order and, in any event, is refuted by the Magistrate Judge's well-supported factual findings.  Also, plaintiffs do not come close to showing that the Magistrate Judge committed clear error in finding that plaintiffs had not satisfied their burden of proof with respect to each of the requirements for withdrawing their admissions under Rule 36(b).

I. **PLAINTIFFS' ASSERTION THAT THE MAGISTRATE JUDGE ERRED IN DEEMING LNA'S REQUESTS ADMITTED IS MERITLESS**

   A. **Plaintiffs' Argument that They Timely Objected to the Requests Was Waived and Cannot Be Raised at this Date**

Although plaintiffs argue in their appeal papers (Mem. 2-5) that the Magistrate Judge erred in deeming the Requests admitted because plaintiffs supposedly asserted timely objections to the Requests, that argument has been waived by plaintiffs for two separate reasons, and therefore is not properly before this Court.

First, the Magistrate Judge held in his April 29, 2008 order that the plaintiffs were deemed to have admitted LNA's Requests, rejecting plaintiffs' contrary arguments.  Plaintiffs did not object to or appeal from that ruling, and hence that ruling became final and nonappealable under Fed. R. Civ. P. 72(a), which provides that "[a] party may not assign as error a defect in the order not timely objected to."  Thus, once the 10-day deadline had passed for plaintiffs to challenge the deemed-admission ruling in the April 29, 2008 order, plaintiffs were foreclosed from raising that issue again in this Court.

Moreover, in the motion to the Magistrate Judge that has resulted in this appeal – that is, plaintiffs' motion to withdraw their admissions – plaintiffs did not argue that they timely

objected to the requests. To the contrary, plaintiffs' motion affirmatively conceded that they had <u>not</u> filed timely Responses and that LNA's requests were therefore deemed admitted. Doc. 13724-2. Because plaintiffs did not raise their timely-objection argument in their motion before the Magistrate Judge, they cannot do it as part of their appeal from the Magistrate Judge's ruling on that motion. See page 5 above, citing *Hunter v. Copeland*, 2004 U.S. Dist. LEXIS 12992 (E.D. La. July 9, 2004), and *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Accordingly, plaintiffs have waived the argument that they timely objected to the Requests, and that argument affords no possible basis for reversal.

> **B.     In Any Event, Only the 10 Putative Class Representatives in *Mumford* Timely Responded or Objected to the Requests**

Plaintiffs admit in their appeal that the December 27, 2008 objections and responses to the Requests – including the "general objections" -- were only made on behalf of the 10 putative class representatives in *Mumford*. Doc. 14708 p.2. Plaintiffs concede, moreover, that it was not until April 4, 2008 that any of them purported to adopt, in any measure, the objections and responses previously submitted on behalf of the proposed *Mumford* representatives. *Id.*

Plaintiffs argue, however that "[o]n April 4, 2008, Barge Plaintiffs provided Amended Responses to Requests for Admission, and in place of the language limiting the responses to proposed class representatives, substituted instead the statement that "the responses were being made on behalf of all plaintiffs who had responded to any discovery". *Id.* Plaintiffs appear to be implying that, by that April 4, 2008 filing, all of the other plaintiffs asserted objections to the Requests, thus preventing the requests from being deemed admitted.[4]

---

[4] Plaintiffs' motion, however, identifies only a subset of individual plaintiffs as having responded to any discovery as of April 4, 2008. Doc. 147088 at 3-4.

1166368-1                                                  10

Even apart from waiver, this argument fails on its merits. The Magistrate Judge found, and it is undisputed, that the deadline for plaintiffs' responses to the Requests was February 15, 2008. Exh. 1 p. 2. Accordingly, on February 16, 2008, all of the plaintiffs who had not yet filed responses were deemed to admit the Requests. As such, anything that plaintiffs did on April 4, 2008 – <u>six weeks after the response deadline had expired and therefore six weeks after the Requests had been deemed admitted by operation of law</u> – came too late to prevent the Requests from being deemed admitted.

Moreover, the Magistrate Judge found that no one other than the 10 purported class representatives in *Mumford* had made an objection to the Requests on December 27, 2007 (or at any time before the February 15, 2008 deadline expired). Exh. 1 pp. 7-8. That finding plainly is not clearly erroneous. To the contrary, the December 27, 2007 filing specifically said that it was being made only on behalf of the 10 purported class representatives in *Mumford*. Exh 3 pp. 2-3. That filing also specifically said that it was not being made on behalf of any other Barge plaintiffs and that, to the contrary, those other plaintiffs would serve responses "as soon as possible." *Id*.

Plaintiffs appear to argue (Mem. 2-3) that the express limitation of the December 27, 2007 filing to the 10 *Mumford* representatives only applied to its responses rather than its objections. The Magistrate Judge's contrary finding (Exh. 1 p.3) is not clearly erroneous. The very first line of the December 27, 2007 filing expressly provides that it is being filed by certain "respondents" ("NOW COME respondents, through undersigned counsel, who respond as follows:"), and the document's statement that responses are being made only on behalf of the 10 *Mumford* representatives confirms that they are the only "respondents." Exh. 3 pp. 1, 2-4. Moreover, this argument plainly was made up after the fact: it is contradicted by the fact that,

plaintiffs filed responses and objections for all of the other plaintiffs after the February 15, 2008 deadline which either deleted the limitation of the prior responses to the *Mumford* plaintiffs or which expressly asserted the general objections on their own behalf.

II. **THE MAGISTRATE JUDGE DID NOT COMMIT LEGAL ERROR OR MAKE CLEARLY ERRONEOUS FINDINGS IN CONCLUDING THEIR NEITHER CONDITION OF RULE 36(b) IS SATISFIED HERE**

A. The Magistrate Judge Applied the Correct Legal Standard

The Magistrate Judge unquestionably identified and applied the correct legal standard, since he quoted the test articulated by the Fifth Circuit just last year. Exh. 1 pp. 4-5, quoting *Le v. Cheesecake Factory Restaurants, Inc*, No. 06-20006, 2007 WL 715260 (5th Cir. Mar. 6, 2007). Plaintiffs quoted the *Le* standard in their motion to withdraw the deemed admissions. Doc. 13724-2 at 6.

As the Fifth Circuit explained, "a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b)." Exh 1. p. 4 (quoting *Le*).

The first condition is proof that that "presentation of the merits of the action will be served thereby." In reviewing this first criterion, the court considers (a) whether the plaintiff has "advance[ed] evidence showing 'the admission is contrary to the record of the case" and (b) the fault of the party seeking withdrawal." *Id*. p. 5 (quoting *Le*).

The second condition is that the other party will not suffer prejudice in maintaining its defense. *Id*. p. 4 (quoting *Le*). As to this criterion, courts consider "the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Id*. pp. 5-6 (quoting *Le*).

Finally, "even when Rule 36(b)'s two-factor test has been satisfied, the … court 'still has discretion to deny a request to withdraw or amend an admission." *Id*. pp. 4-5 (quoting *Le*).

The Magistrate Judge, therefore, correctly stated and then applied Fifth Circuit law. Plaintiffs' appeal memorandum (at 7-8 and 10-12), by contrast, seeks to rely on cases from other circuits – primarily, the Tenth Circuit – and a dissent. To the extent the snippets that plaintiffs cite from those opinions could possibly be read to suggest a test different than the one applied by the Fifth Circuit, they – and plaintiffs' arguments based on them – are simply irrelevant here.

**B.     The Magistrate Judge Did Not Commit Clear Error in Finding that Plaintiffs Failed to Show that Their Admissions Are Contrary to the Evidence**

As stated, the Magistrate Judge held that plaintiffs had not met their burden of coming forward with evidence showing that the admissions are contrary to the record. Exh. 1 p. 7. Specifically, the Magistrate found that "[a]lthough the burden of proof on this first prong of the test is not high, plaintiffs have presented <u>no evidence</u> to support their argument." *Id*. (emphasis in original). He also found that, even in their reply memorandum, plaintiffs failed to cite <u>any</u> evidence contrary to the admissions that they sought to withdraw. *Id*. p. 9.

Plaintiffs concede that they neither provided nor even cited <u>any</u> evidence contrary to the admissions that they seek to withdraw. Instead, they assert (Mem. 8-9) that it was enough for them to cite to <u>allegations</u> in their complaints that are contrary to the admissions. That assertion is refuted by abundant authority. In fact, as the Magistrate Judge quoted, the Fifth Circuit not only specifically said that the plaintiffs must "advance[e] <u>evidence</u>" rather than allegations, it also approvingly cited a district court decision "denying withdrawal because the movants for withdrawal proffered 'no <u>affidavit</u>, <u>verified</u> pleading, or other <u>evidence</u> ….'" Exh. 1 p. 5 (emphasis added), quoting *Le*, 2007 WL 715260, *2-3 (quoting *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D.N.C. 1988)). Thus, the Fifth Circuit has made clear that a Rule 36(b) movant must come forward with <u>evidence</u> that is contrary to the admission, not

just with allegations.  The Magistrate Judge cited still further precedent for that point, including a Mississippi decision explaining that "[m]erely asserting that the evidence is contrary to admissions does not demonstrate that the merits of the case will be promoted by allowing withdrawal or amendment of the admissions."  Exh. 1 p. 7 (citations omitted).  Plaintiffs do not cite any case holding that the first prong of Rule 36(b) is satisfied simply by citing one's own allegations.  Nor could that possibly be the correct test, since that would permit deemed admissions to be withdrawn in every case and render all deadlines irrelevant.[5]

Not only did plaintiffs fail to show that their admissions are contrary to the record evidence, the Magistrate Judge found that "Lafarge, on the other hand, has cited many specific examples in the record to demonstrate that plaintiffs' deemed admissions are not contrary to the record …."  Exh. 1 p. 7 (emphasis in original).  The Magistrate Judge provided five "illustrative" examples in support of this finding, each with citation to specific evidence in the record.  *Id*. pp. 8-9.

In short, given that plaintiffs failed to come forward with evidence contrary to their admissions and that LNA came forward with evidence consistent with the admissions, plaintiffs utterly failed to substantiate their conclusory assertions that their admissions are "contrary to the record" or will prevent the presentation of the merits.

Finally, as quoted above, the Magistrate Judge correctly quoted the Fifth Circuit has holding that, in considering whether the movant has satisfied the first half of the test under Rule 36(b), "a court acts within its discretion in considering the fault of the party seeking withdrawal."

---

[5] In a footnote (Mem. 14 n.9), plaintiffs ask this Court to take "judicial notice" of certain of their expert reports, which plaintiffs assert are supported by depositions.  Having failed to provide either the expert reports or the supposed deposition testimony to the Magistrate Judge, it is too late for plaintiffs to make those assertions now as part of their appeal.  Moreover, expert reports and deposition testimony are not the kind of document of which this Court may take judicial notice.  And, even if the Court were to take "judicial notice" of them, the expert reports would add little or nothing of substance as they rely on the single purported witness whose testimony was identified and considered by the Magistrate Judge in his opinion.

Exh. 1 p. 5 (quoting *Le*). Here, the Magistrate Judge found that "plaintiffs have not acted diligently in responding to the Requests for Admissions …." *Id*. p. 10. Plaintiffs do not and cannot show clear error in that finding. First, many of the plaintiffs "did not respond for five or more months after the requests were propounded and some still have not responded, ten months after the request were served." *Id*. p. 11. Second, "[n]one of the plaintiffs diligently followed the procedure set out in Rule 36(a) for moving for an extension of time." *Id*. Third, "none of the non-responding plaintiffs has given a particularized explanation why he or she could not comply with the deadlines or move for an extension." *Id*. at 11-12. In short, the Magistrate Judge found that "[p]laintiffs had more than enough time to reply to the Request[s] for Admissions or to seek a timely extension of their deadline to respond and to give the court a specific reason why they could not, but they have not done so …." *Id*. at 12.

For all of these reasons, plaintiffs have not shown that the Magistrate Judge committed clear error in finding that plaintiffs have not satisfied the first condition for relief under Rule 36(b). Because a movant under Rule 36(b) must satisfy both conditions to obtain relief, it follows that plaintiffs' appeal should be denied.

> **C.   The Magistrate Judge Did Not Commit Clear Error in Finding that LNA Would Be Prejudiced By Withdrawal of the Admissions**

The second prong of the test under Rule 36(b) examines "the diligence of the party seeking withdrawal" and, if the moving party has acted diligently, any prejudice that withdrawal would cause for the party that has obtained the admissions. The Magistrate Judge correctly found that plaintiffs have not acted diligently and that, moreover, LNA would be prejudiced by withdrawal of the admissions.

Plaintiffs' Lack of Diligence

The Magistrate Judge found that "plaintiffs have not acted diligently in … acting to correct their mistakes."  Exh. 1 p. 10.  Like the Magistrate Judge's other finding, this finding cannot possibly be found clearly erroneous.  The Requests were deemed admitted on February 16, 2008 (after the extended deadline expired), and yet plaintiffs waited almost five months before filing their motion to withdraw those admissions.  Moreover, as the Magistrate Judge found, even "[a]fter this court recognized in a written order in April 2008 that the unanswered admissions were deemed admitted and advised plaintiffs to move for withdrawal if they wished, plaintiffs did not file the instant motion for another two months."  *Id*. p. 11.  Furthermore, when plaintiffs finally did file their motion for withdrawal, they cited no record evidence contrary to their admissions and they provided no evidence to explain their wholesale failure to comply with their discovery obligations despite clear notice of the consequences of such failure.  *Id*. pp. 11-12.

As the Magistrate Judge observed, the caselaw makes clear that, where the party seeking withdrawal has not acted diligently, the other party is not required to show prejudice.  *Id*. pp. 10-11.  "No reasonable allocation of the burden of proving prejudice can eliminate completely the danger that withdrawal will harm a party who has relied on an admission."  *Id*. p. 10 (citations omitted).  For that reason, requiring the party that has obtained the admission to show prejudice only applies where the admitting party has acted diligently.  "If this litigant has acted carelessly, however, it would be neither fair nor just to protect him at the risk of harming his opponent."  *Id*. (citations omitted).  Thus, plaintiffs' failure to act diligently in moving to withdraw their admissions means that they cannot satisfy the second prong of Rule 36(b) either.

Prejudice to LNA

Even apart from plaintiffs' lack of diligence, the Magistrate Judge found that "Lafarge has shown that it would be prejudiced" by the withdrawal, and that finding is not clearly erroneous either. Exh. 1 p. 10. First, the Magistrate Judge correctly recognized that "[m]any plaintiffs still have not responded" to the Requests, which means that, if the plaintiffs were allowed to withdraw their admissions, LNA would be faced with "the uncertainty of ever receiving complete responses from the non-responsive plaintiffs." *Id*. Second, by the time plaintiffs sought to withdraw their admissions, almost five months had passed since the Requests had been deemed admitted, and almost nine months had passed since LNA served the Requests in the first place. Under these circumstances, the Magistrate Judge did not commit clear error in finding that allowing plaintiffs to undo their admissions this late into the discovery process would "present[] Lafarge with 'special difficulties' in preparing for what will inevitably be a factually complex trial." *Id*. p. 10. That is especially true because, as the Magistrate Judge found, the belated responses that plaintiffs wish to substitute for their prior admissions are contrary to the record established to date. *Id*. pp. 7-9.

**D.    The Magistrate Judge's Decision Does Not Conflict With His Separate Decision Not to Sanction Plaintiffs for Their Violation of a Discovery Order**

Finally, plaintiffs assert (Mem. 5-6) that the Magistrate Judge's decision somehow conflicts with his separate order declining to enter Rule 37 sanctions against plaintiffs for other discovery violations. Of course, there is no conflict whatsoever. First, the sanctions motion did not involve LNA's requests for admissions. Second, the standards applicable to the two motions are completely different. The sanctions motion involved plaintiffs' defiance of discovery orders and the Magistrate Judge declined to find that plaintiffs had been "contumacious." Doc. 14300.

By contrast, as set forth above, the Fifth Circuit test under Rule 37(b) asks completely different questions:  whether plaintiffs had come forward with evidence contrary to their admissions, whether plaintiffs had acted diligently, and whether late withdrawal of the admissions would prejudice LNA.  As such, plaintiffs' suggestion that the Magistrate Judge issued orders conflicting with each other is meritless.

## CONCLUSION

Plaintiffs' objections and appeal should be denied.

Respectfully submitted,

/s/ Derek A. Walker
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## **Certificate of Service**

I do hereby certify that I have on this 16th day of September, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic notification.

/s/ Derek A. Walker