# EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * | |
| *Mumford v. Ingram*        05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*          06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * * * | MAG. JOSEPH C. WILKINSON, JR. |

## REQUESTS FOR ADMISSION TO ALL PLAINTIFFS FROM LAFARGE NORTH AMERICA INC., ZITO FLEETING LLC, AND ZITO FLEETING, INC.

Pursuant to Fed. R. Civ. P. 36, Defendants Lafarge North America Inc. ("LNA"), Zito Fleeting LLC, and Zito Fleeting Inc. direct the following requests for admission to the plaintiffs in the above-captioned matters, to be responded to individually by each plaintiff unless the response is the same for all plaintiffs. Responses are due within thirty days of service.

**Instructions**

1. If you object to any Request, state the reasons for the objection.

2. If you do not specifically admit or deny the Requests, set forth in detail the reasons why you cannot truthfully admit or deny.

3. When good faith requires that you qualify your answer or deny only a part of the Request, specify so much of it as is true and qualify or deny the remainder of the Request.

4. Unless otherwise noted, the relationships, events, and actions in these interrogatories refer to the factual circumstances, events, dates, and places set forth in the pleadings in the instant action.

5. You are under a continuing duty to supplement and correct your responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**Definitions**

For the purpose of simplicity and clarity, LNA provides the following definitions:

"The barge" means the Barge ING 4727.

"Communication" means the transmission of information by any means.

"Document" includes all forms of documents or electronically stored information within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

"IHNC" means the Inner Harbor Navigation Canal.

"MRGO" means the Mississippi River – Gulf Outlet.

"Northern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Florida Avenue.

"Southern Breach" means the breach in the floodwall on the east side of the IHNC that occurred on August 29, 2005 closest to Claiborne Avenue.

"Individual plaintiff" and "named plaintiff" mean each and every person who is identified by name as a plaintiff in the complaint(s) in the consolidated cases listed in the caption above (i.e., Boutte, Mumford, Lagarde, Perry, Benoit, Parfait Family), including amended complaint(s) and proposed amended complaint(s), and any person not so identified who is proposed to be a class representative in any of these cases.

"You" refers to the plaintiff(s) answering the requests for admission.

## REQUESTS FOR ADMISSION

1. For each plaintiff individually: Admit that you did not see the barge before it broke away from its moorings or during the time before it passed through the floodwall.

Response:

2. For each plaintiff individually: Admit that you did not see or hear the barge strike the retaining wall.

2

LIBW/1659167.4

Response:

3. For each plaintiff individually: Admit that you did not see the barge in the Lower Ninth Ward before noon on August 29, 2005.

Response:

4. For each plaintiff individually: Admit that the barge did not make physical contact with your person.

Response:

5. For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property.

Response:

6. Admit that at all times prior to 8:00 a.m. on the morning of August 29, 2005, the center of Hurricane Katrina was south and east of New Orleans.

Response:

7. Admit that the Northern Breach on the Industrial Canal (i.e., nearer Florida Avenue) occurred before the Southern Breach (i.e., nearer Claiborne Avenue).

Response:

8. Admit that there was more than a foot of water in the Lower Ninth Ward at or near Jourdan Avenue at the time that the barge passed through the IHNC retaining wall from the canal.

Response:

9. Admit that the retaining wall on the east side of the IHNC was breached in at least one location before the barge made contact with the wall.

Response:

10. Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 6:10 a.m. on the morning of August 29, 2005.

Response:

3

11. Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 7:45 a.m. on the morning of August 29, 2005.

Response:

12. Admit that barges struck floodwalls during Hurricane Katrina without causing the walls to be breached.

Response:

13. Admit that floodwalls breached during Hurricane Katrina without having been struck by barges.

Response:

14. Admit that flooding due to levee and floodwall breaches would have occurred in the proposed class area whether or not the barge had broken free from its moorings.

Response:

15. Admit that experts unaffiliated with LNA have concluded the barge did not cause the Southern Breach of the IHNC floodwall.

Response:

16. Admit that no experts, other than those retained by plaintiffs or their counsel, have concluded that the barge caused the IHNC floodwall breach(es).

Response:

17. Admit that Terry Adams has been convicted of a felony.

Response:

18. Admit that LNA employees replaced mooring lines between the barge ING 4727 and the ING 4745 and placed one or more additional lines between the ING 4727 and ING 4745 on August 27, 2005.

Response:

4

LIBW/1659167.4

19. Admit that six of the seven barges that had been moored at the LNA facility prior to Katrina did not break away during the storm.

Response:

20. Admit that barges other than the ING 4727 broke away from their moorings during Katrina from locations other than the LNA terminal on the IHNC.

Response:

21. Admit that the USCG Port Contingency Plan is not a statute and not a regulation.

Response:

22. Admit that New Orleans was under a mandatory evacuation order as of Sunday morning, August 28, 2005.

Response:

23. Admit that it is your contention that proposed class members' claims in this case exceed $10,000 per person.

Response:

24. Admit that the contributing negligence of a plaintiff or class member is an individual rather than a common issue.

Response:

25. To be answered by plaintiffs who did not evacuate: Admit that during the week prior to August 29, 2005, you owned or had access to a motor vehicle capable of transporting you away from the Lower Ninth Ward or St. Bernard Parish.

Response:

26. Admit that some members of the proposed class elected to stay in the Lower Ninth Ward or St. Bernard Parish during Katrina.

Response:

27. Admit that plaintiffs' and class members' properties were affected by water from more than one floodwall or levee breach.

Response:

5

LIBW/1659167.4

28. Admit that the degree to which a particular floodwall breach contributed to the damage suffered at a given location in the proposed class area is different at different locations within that area.

Response:

29. Admit that causation of personal injury is an individual rather than a common issue.

Response:

30. Admit that damages is an individual rather than a common issue.

Response:

31. Admit that some proposed class members have filed SF-95 forms.

Response:

32. Admit that some proposed class members have chosen to sue other entities for flood-related damages and have not included the barge in their suits.

Response:

33. Admit that there are conflicts between proposed class counsel in the Katrina case and proposed class counsel in this case regarding the proper legal strategy to pursue on behalf of the proposed classes.

Response:

34. Admit that plaintiffs "will not be permitted to recover more than once for the same damages" – i.e., if they are compensated for the destruction of their property in one action then they "probably cannot receive money in another action for this same loss." (See www.bargecase.com).

Response:

35. Admit that "whether this suit proceeds as a class action" depends on "several factors" including "location" as represented by plaintiffs' counsel to the public on www.bargecase.com.

Response:

6

LIBW:1659167.4

36. Admit that the proposed representative plaintiffs, through counsel, made a conscious decision not to pursue damages from the United States government or any local government entity in this action.

Response:

37. Admit that members of the proposed class who lost their homes in Hurricane Katrina have an interest in individually controlling the prosecution of claims seeking recompense for the destruction of their homes.

Response:

38. Admit that extensive litigation, other than the above-captioned cases, has been commenced by members of the class seeking recompense for flood-related damage sustained during Hurricane Katrina.

Response:

39. Admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair value of their properties before Hurricane Katrina.

Response:

40. Admit that the proposed class includes individuals or entities who were damaged or injured, in whole or in part, because of rain or wind related to Hurricane Katrina passing near New Orleans on or about August 28, 2005.

Response:

41. Admit that the proposed class includes individuals who were damaged or injured, in whole or in part, because of looting or other criminal activity following Hurricane Katrina.

Response:

42. Admit that the proposed class includes individuals or entities whose property was damaged, in whole or in part, by water that came through breaches other than the southern breach of the IHNC floodwall through which the barge passed.

Response:

7

43. Admit that the proposed class includes individuals or entities whose residences or businesses had pre-existing, unrepaired damage when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

Response:

44. Admit that the proposed class includes individuals or entities that filed insurance claims for property damage that was caused by wind or rain on August 29, 2005.

Response:

45. Admit that the proposed class includes individuals or entities that do not have clear title to the real property they claim was damaged when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

46. [On behalf of Zito entities only]: Admit that other than Edward Busch's testimony that he called and left a voice mail message with Zito on the morning of August 27, 2005, you are not aware of any other facts or information to show that Zito had notice during the period August 27, 2005 through August 29, 2005 that Barge ING 4727 was ready for pickup from LaFarge North America, Inc.'s facility.

Response:

47. [On behalf of Zito entities only]: Admit that notwithstanding Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005, Mr. Busch did not expect Zito to pickup Barge ING 4727 from Lafarge North America, Inc.'s facility before Hurricane Katrina struck New Orleans.

Response:

48. [On behalf of Zito entities only]. Admit that after Edward Busch allegedly left a voice mail message with Zito on the morning of August 27, 2005, Zito did not have the means to pickup Barge ING 4727 from Lafarge North America, Inc.'s facility before Hurricane Katrina struck New Orleans.

Response:

49. [On behalf of Zito entities only]: Admit that you are aware of no witness, testimony, records or other evidence to corroborate Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005

Response:

8

LIBW/1659167.4

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*


/s/ C. William Emory (by permission)
ANDRÉ J. MOULEDOUX (LA Bar #9778)
C. WILLIAM EMORY (LA Bar #20179)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121

9

LIBW/1659167.4

Email: bemory@mblb.com
Attorneys for Zito Fleeting, L.L.C. and Zito Fleeting, Inc.

## Certificate of Service

I do hereby certify that I have on this 12th day of October, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding via first-class mail, facsimile transmission, and/or electronic mail.

/s/ John D. Aldock

11

LIBW/1659167.4