UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re KATRINA CANAL BREACHES LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" MAG. (2) |
| PERTAINS TO: BARGE | * | JUDGE STANWOOD R. DUVAL, JR. |
| *Boutte v. LaFarge*       05-5531 | | |
| *Mumford v. Ingram*    05-5724 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lagarde v. LaFarge*   06-5342 | | |
| *Perry v. Ingram*         06-6299 | * | |
| *Benoit v. LaFarge*      06-7516 | | |
| *Parfait Family v. USA* 07-3500 | * | |
| *LaFarge v. USA*          07-5178 | | |
| *   *   *   *      *   *  | * | *   *   *           *   * |

**MEMORANDUM IN REPLY TO AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION & INDEMNITY ASSOCIATION, INC.'S OPPOSITION TO MOTION FOR LEAVE OF COURT TO FILE NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AND THE NORTHERN ASSURANCE COMPANY OF AMERICA'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come American Home Assurance Company ("AHAC"), The Northern Assurance Company of America ("NACA") and New York Marine and General Insurance Company ("NYMAGIC") (hereinafter, collectively referred to as the "Excess Insurers") and respectfully file this reply memorandum in further support of their

motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave of the Court to file an Amended Answer to assert Cross-Claims against defendants Lafarge North America, Inc. ("Lafarge") and American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "Club"). This is the Excess Insurers' first request for leave to amend their answer.

## LEGAL ARGUMENT

Excess Insurers respectfully seek leave of Court to file this reply memorandum in response to the Club's opposition to motion to Amend the Answer for the following reasons:

### 1. Issue Preclusion Is Not An Issue Before The Court

First, the Club raises a number of irrelevant arguments that have no bearing upon the standard for granting or denying a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure. For instance, the Club improperly suggests that the Court should rule on a legal issue which is not before the Court; *i.e.* whether an insurance coverage ruling by Judge Haight will have any preclusive effect (issue preclusion) upon the Excess Insurers. *See* the Club's Opp. Mem. at p. 4. Further, to make the case for "privy" to satisfy one of the elements for issue preclusion, the Club severely stretches the truth by citing to the case of *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052-53 (9th Cir. 2007), where an insurer was obviously in privy with its insured by reason of *subrogation* (which means the insurer pays a claim on behalf of its insured and thus step into the insured's shoes acquiring the same legal rights).[1] This is obviously not a subrogation claim and the Excess Insurers and Lafarge who are engaged in a declaratory judgment dispute with each other are not in privy. *See e.g. Levitz v.*

---

[1] Res judicata "precludes parties or their privies from relitigating a *cause of action* that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal.App.4th 725, 734, 97 Cal.Rptr.2d 110 (2000) (internal quotation marks omitted). Since <u>an insured-here, Intri-Plex-and its subrogated insurer-AMI-are privies</u>, *see Ferraro v. S. Cal. Gas Co.*, 102 Cal.App.3d 33, 42, 162 Cal.Rptr. 238 (1980), the privity requirement is met here.

*Id.* at 1052 (emphasis added).

*Nationwide Ins. Co.*, 167 F.Supp.2d 748, 750 (E.D.Pa. 2001)(holding that where an insurer and insured have a conflict of interest regarding the measure of damages in an underlying lawsuit, they are not in privity for the purposes of assessing issue preclusion).

We should also note that the Club knows (but fails to inform the Court) that in several prior filings the Excess Insurers have taken pain to set forth their position with regard to issue preclusion:

> The Court should not expect that Lafarge will protect the Excess Underwriters' interests. [Footnote 1: In point of fact, <u>on the issue of the failure to maintain underlying insurance, Lafarge and Excess Underwriters have divergent interests</u>.]

*See* Ex. "2", Excess Insurers' Memorandum of Law in Support of Motion for Reconsideration, p. 3 (emphasis added).

\* \* \*

> A coverage determination without the Excess Underwriters' participation cannot be binding on them (the <u>parties</u> who were denied the opportunity to participate in the resolution of the common issue, especially where the rights of the parties are not aligned). Here, the American Club again misrepresents the record. <u>The Excess Underwriters have never contended that their rights are being protected by Lafarge, as casually and falsely suggested by the American Club</u>. *See* the American Club's Brief at p. 3. To the contrary, the Excess Underwriters have stated that Lafarge and the Excess Underwriters have "divergent interests." *See* Excess Underwriters' Brief in Support at p. 3 n.1.

*See* Ex. "3", Excess Insurers' Reply Memorandum of Law in Further Support of Motion for Reconsideration, p. 3 (emphasis added).

Finally, the Club makes the further irrelevant point that Excess Insurers "are not asserting claims under the Louisiana Direct Action Statute." *See* the Club's Opp. Mem. at p. 4. Obviously, Excess Insurers have not asserted their cross-claims under the Louisiana Direct Action Statute because they cannot. That statute's availability is exclusively limited to "[t]he injured person or

3

his or her survivors or heirs." *LSA-R.S. 22:655* (B)(1). Instead, Excess Insurers assert their cross-claims as a matter of law and pursuant to their contractual rights, *i.e.* Lafarge is their insured and the Club is an underlying primary insurer to the Excess Policy.

By virtue of the foregoing, this combination of untruths and the supposed "mootness" argument relating to "issue preclusion" should be completely disregarded by the Court.

### 2. Excess Insurers' Motion Is Not In Conflict With Court Orders

The Club further falsely asserts the Excess Insurers' motion to Amend is in conflict with this Court's and Judge Haight's Orders. Curiously, the Club does not refer to any specific Court Order, but makes the general misstatement that Excess Insurers' motion should be denied because it is "in conflict with Orders" from this Court and Judge Haight's Orders. *See* the Club's Opp. Mem. at p. 2. In point of fact, Judge Haight issued an Order on September 8, 2008 wherein the Court denied Lafarge's motion to enjoin Excess Insurers from filing the present motion to amend and further made the exact opposite finding as that which the Club represents to this Court in its opposition papers:

> The Excess Underwriters' motion before Judge Duval <u>does not violate this Court's Memorandum and Order reported at 2008 WL 3457220 (S.D.N.Y. Aug. 12, 2008)</u>, which read fairly and in context does no more than stay the plaintiffs' action in this Court.

*See* Ex. "1" (emphasis added).

### 3. There Is No Undue Delay In Filing Motion to Amend

Turning now to the merits of the motion, the Club attempts to cite to the only plausible ground under Rule 15(a), which is the claim that the Excess Insurers have "failed to provide any acceptable excuse for their undue delay" in filing the present motion. *See* the Club's Opp. Mem. at p. 6. However, here, the insurance coverage issues have been stayed for the past two plus

years and there has been no discovery conducted by any of the parties to the insurance coverage disputes. Thus, to the extent there is any delay, it is not "undue" in that no activity in the case has taken place (with the exception of the recent two (2) Court Orders relating to whether the stay should be lifted for the parties to proceed with the litigation). Accordingly, there is no discernable prejudice to the parties as a result of granting the motion to amend. *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)(holding that mere passage of time is not sufficient to refuse leave to amend pursuant to Rule 15(a) where adversary did not sustain any prejudice); *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 922 (7th Cir. 1999)(holding that mere delay, without a showing of prejudice, is not sufficient to deny an amendment under Rule 15(a)); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-510 ("[D]elay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith or futility"); *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)("Mere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.")

Moreover, while apparently unacceptable to the Club, the Excess Insurers laid out their reasons for this filing to the satisfaction of the spirit of Rule 15(a): which is that leave to amend pleadings *"shall be freely given when justice so requires."* Fed. R. Civ. Proc. 15(a). As this Court stated in its August 29th Order, "plaintiffs will not necessarily be precluded from adjudicating the issue before the Court at a later time." *See* Docket No. 14719. Thus, because the Barge Plaintiffs may pursue their coverage claims against the insurers, including the Excess Insurers herein, justice so requires that the defendants be given the opportunity to assert their affirmative defenses and cross-claims against the other parties.

## **CONCLUSION**

For all the foregoing reasons as well as those stated in the Excess Insurers' moving papers, the Court should grant the Excess Insurers' motion to amend the Answer and to assert the cross-claims as set forth in the proposed pleading.

Respectfully submitted:

*/s/ Frank A. Piccolo*
FRANK A. PICCOLO (02049)
PREIS & ROY, APLC
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

- and -

NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Nooshin Namazi (NN-9449)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone: (212) 220-3830
Facsimile: (212) 220-3780
Email: jnicoletti@nicolettihornig.com
File No.: 10000478 JAVN/NN

COUNSEL FOR AMERICAN HOME ASSURANCE COMPANY AND THE NORTHERN ASSURANCE COMPANY OF AMERICA

- and -

*/s/ Robert H. Murphy*
ROBERT H. MURPHY (9850)
MURPHY ROGERS SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, LA 70139

COUNSEL FOR NEW YORK MARINE AND GENERAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record in these proceedings by:

| | | | |
|---|---|---|---|
| (   ) | Hand Delivery | (   ) | Prepaid U.S. Mail |
| (   ) | Facsimile | (   ) | Federal Express |
| ( √ ) | ECF Filing | (   ) | E-Mail |

New Orleans, Louisiana, this 17th day of September, 2008.

                                 /s/ *Frank A. Piccolo*
                                 FRANK A. PICCOLO