UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE NORTHERN ASSURANCE COMPANY 08 CV 3289 (CSH) (AJP)
OF AMERICA and AMERICAN HOME
ASSURANCE COMPANY,

                        Plaintiffs,            **Electronically Filed**

- against -

LAFARGE NORTH AMERICA, INC. and
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY
ASSOCIATION, INC.

                        Defendants.
-----------------------------------------------------------X

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION

                        NICOLETTI HORNIG & SWEENEY
                        Wall Street Plaza
                        88 Pine Street, 7th Floor
                        New York, New York 10005-1801
                        (212) 220-3830

                        *Attorneys for Plaintiffs*
                            *The Northern Assurance Company of America*
                            *and American Home Assurance Company*

Of Counsel:
   John A.V. Nicoletti
   Nooshin Namazi
   Guerric S.D.L. Russell

## LEGAL ARGUMENT

Plaintiffs The Northern Assurance Company of America and American Home Assurance Company (collectively, the "Excess Underwriters") respectfully submit this Reply Memorandum of Law in Response to the Opposition filed by defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"). Significantly, defendant Lafarge North America, Inc. ("Lafarge") has not opposed this motion.

Initially, in its so-called opposition brief, the American Club cites a non-sensical reason for urging the denial of the Excess Underwriters' limited motion to reconsider only that portion of the Court's August 4th Order which related to the *First Cause of Action* against the American Club (praying that the American Club policy covers Lafarge's claim): that granting the motion would allow the Excess Underwriters "the opportunity to submit an unhelpful brief". *See* the American Club's Opp. Brief at p. 1. What is amazing about this statement is not just the fact that the American Club is pointing out the obvious (that the Excess Underwriters' brief would certainly be unhelpful to the American Club's position). Rather, this is a clear admission that the American Club desperately needs to muzzle the "unhelpful" voices opposing its wrongful denial of coverage to Lafarge. What possible words other than "manifest injustice" could characterize the outcome advocated by the American Club here, *i.e.* denial of the opportunity to the Excess Underwriters (with a significant stake in the coverage determination) to submit a brief which would be most decidedly "unhelpful" to the American Club.

The American Club further makes the utterly unfounded claim that the Excess Underwriters have "no standing to intervene in the declaratory judgment action." *See* the American Club's Brief at p. 2. This is another blatant misstatement of facts. Despite the American Club's repeated disregard of the fact that its policy and its $4 billion coverage is

1

expressly identified as an underlying insurance in the Schedule of Underlying Insurance in the Excess Policy, there is no doubt the Excess Underwriters have "standing" as <u>the intended beneficiaries</u> to that Policy. The American Club's refusal to acknowledge an admitted fact – that its policy is specifically listed as an underlying insurance in the Excess Policy – is another outrageous contention and a complete waste of the Court's time as it entertains the American Club's opposition.

Even more to the point, the American Club has not disputed the core of the argument in support of the Excess Underwriters' limited request to reconsider the Court's August 4th Order:

> Under such circumstances, the Court's August 4th Order, and in particular the portion which stayed the Excess Underwriters' *First Cause of Action* and/or denied consolidation of that *First Cause of Action* (praying that the American Club Policy does cover Lafarge) with the Club Action amounts to manifest injustice because: (1) On the one hand, the Court has stayed the completion of briefing and an anticipated ruling on the Excess Underwriters' cross-motion for summary judgment on, among others, the issue of whether coverage exists under the American Club Policy; and (2) On the other hand, the Court has allowed certain parties (*i.e.* Lafarge and the American Club) to the absolute exclusion of others (*i.e.* Excess Underwriters) to participate in the determination of whether there is coverage under the American Club Policy. The Court has essentially denied the Excess Underwriters the same opportunity it has given to Lafarge and the American Club to at least be heard on this <u>single</u> issue. There is absolutely no discernable reason to justify denial of the opportunity to Excess Underwriters (who have millions of dollars at stake) to at least submit briefs in the Club Action in response to the American Club's motion for summary judgment.

*See* Excess Underwriters' Brief in Support at p. 2.

The American Club's final excuse is based on yet another misleading statement: that it is "illogical" to suggest that the determination of the coverage issue between Lafarge and the American Club, without the Excess Underwriters' participation, would not be binding on them. We believe the Court acknowledged this by characterizing the resolution of the coverage issue

2

between the American Club and Lafarge as "issue preclusion" (*see* the Court's August 4th Order at p. 5), as opposed to "collateral estoppel." A coverage determination without the Excess Underwriters' participation cannot be binding on them (the <u>parties</u> who were denied the opportunity to participate in the resolution of the common issue, especially where the rights of the parties are not aligned). Here, the American Club again misrepresents the record. The Excess Underwriters have never contended that their rights are being protected by Lafarge, as casually and falsely suggested by the American Club. *See* the American Club's Brief at p. 3. To the contrary, the Excess Underwriters have stated that Lafarge and the Excess Underwriters have "divergent interests." *See* Excess Underwriters' Brief in Support at p. 3 n.1.

The simple question is: how could the Court stay the Excess Underwriters' First Cause of Action (which is admittedly identical to the American Club's dispute with Lafarge), but allow the American Club and Lafarge (to the absolute exclusion of Excess Underwriters) to argue that identical issue, and conclude that its coverage determination is binding on the Excess Underwriters? The answer is it cannot and should not. Further, given the October trial date, the Court should in the exercise of its broad discretion allow the Excess Underwriters to file their "unhelpful brief." Such a ruling will save enormous judicial resources as it would ensure that all the parties to dispute will be bound by the Court's ultimate determination. Such a finding would amount to no discernable prejudice to the parties.

Based on all of the foregoing, far from "shooting from the hip," the Excess Underwriters' limited request to reconsider is not only meritorious, but it is absolutely necessary to the just and efficient resolution of the issues in dispute. This is why Excess Underwriters strenuously oppose the American Club's insinuation that sanctions are appropriate. As this Court has previously noted, sanctions under Rule 11 are only appropriate:

> against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact an is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Marine Products Export Corp. v. M.T. Globe Galaxy*, 1992 WL 30933, * 4 (S.D.N.Y., J. Haight, 1992)(citations omitted); *see also Local 1212 v. Madison Square Garden Network*, 1992 WL 18268, *7 (S.D.N.Y., J. Haight, 1992). Furthermore, sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent powers are only proper when an attorney's actions are so completely without merit; undertaken for some improper purpose; or in bad faith. *See U.S. v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America*, 948 F.2d 1338, 1345 (2d Cir. 1991).

Excess Underwriters filed a timely, meritorious and extremely limited motion to reconsider the Court's August 4th Order pursuant to Local Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. On the other hand, the American Club's opposition is based entirely on misstatements and outright unfounded assertions which are clearly belied by undisputed facts. Accordingly, Excess Underwriters similarly invite the Court to advise whether a motion for sanctions against the American Club is appropriate.

## **CONCLUSION**

By virtue of the foregoing, Excess Underwriters respectfully request that the Court grant their motion to reconsider and upon reconsideration lift that portion of the August 4th Order which stayed the Excess Underwriters' *First Cause of Action* against the American Club, and/or alternatively, lift that portion of the August 4th Order denying their motion to consolidate, again

4

for the limited purpose of permitting Excess Underwriters to address the sole issue of coverage under the American Club Policy.

Dated: August 27, 2008
New York, New York

                                            NICOLETTI HORNIG & SWEENEY

*Attorneys for Plaintiffs*
   *The Northern Assurance Company of America*
   *and American Home Assurance Company*

By:   /s John A. V. Nicoletti
        John A. V. Nicoletti
        Wall Street Plaza
        88 Pine Street, Seventh Floor
        New York, New York 10005
        (212) 220-3830

To:   Robert G. Clyne, Esq.
       HILL, RIVKINS & HAYDEN
       45 Broadway
       New York, New York 10006
       *Attorneys for Lafarge North America, Inc.*

       John M. Woods, Esq.
       THACHER PROFFITT & WOOD LLP
       Two World Financial Center
       New York, New York 10281
       *Attorneys for American Steamship Owners Mut. P&I Assoc., Inc.*

X:\Public Word Files\1\478\Legal\Motion for Reconsideration\Reply\Reply MOL in Supp. of Motion for Reconsideration by Plfts.8.27.08.mm.doc

5