

## LABORDE & NEUNER
### ATTORNEYS AT LAW

CLIFFE E. LABORDE III
FRANK X. NEUNER, JR. *
JAMES L. PATE
LOUIS SIMON II
BEN L. MAYEAUX
ROBERT E. TORIAN
JAMES D. HOLLIER
MELISSA L. THERIOT *
KEVIN P. MERCHANT
JENNIE P. PELLEGRIN
GREGORY A. KOURY

PROFESSIONAL LAW CORPORATIONS
* ALSO ADMITTED IN TEXAS

ONE PETROLEUM CENTER
SUITE 200
1001 W. PINHOOK ROAD
P.O. BOX 52828 (70505-2828)
LAFAYETTE, LOUISIANA 70503
TELEPHONE: (337) 237-7000
FACSIMILE: (337) 233-9450
www.LN-Law.com

C. E. LABORDE, JR.
(1913-1983)

BRANDON W. LETULIER
JASON T. REED
WILL MONTZ
JEREMY N. MORROW
JED M. MESTAYER
DANIEL J. POOLSON, JR.
LAURA T. ROUGEAU
PHILIP H. BOUDREAUX, JR.
L'REECE DAVID

September 9, 2008

Honorable Magistrate Joseph C. Wilkinson, Jr.
United States District Court
Eastern District of Louisiana
500 Poydras St., Room B-409    file in both
New Orleans, LA 70130          cases, 05-4182 +

RECEIVED
SEP 11 2008
CHAMBERS OF
U.S. MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

    Re:    Ronald Teets v. Allstate Insurance Company
           U.S.D.C. - Eastern District of Louisiana
           Civil Action No.: 07-4397
           Claim No. 5113629264
           Our File: 16506

Dear Magistrate Judge Wilkinson:

        In accordance with the Post-Sher Insurance Umbrella Case Management Order entered by Judge Duval and this Court on June 12, 2008, and on behalf of Allstate Insurance Company ("Allstate"), I hereby request that the above-referenced matter be separated from the Insurance Umbrella and assigned to a district court judge for completion of discovery and trial. Plaintiff failed to comply with the June 12, 2008 Order and, in particular, failed to provide Allstate with a written settlement offer and the required supporting documentation. On July 21, 2008 and August 18, 2008, Allstate's counsel invited plaintiff's counsel to submit the required information despite the July 14, 2008 deadline. (See July 21, 2008 and August 18, 2008 letters to plaintiff's counsel.) To date, plaintiff has failed to provide the requested information. As a result, settlement is highly unlikely at this time.

        Please let me know if you would like any additional information regarding this matter.

                      Sincerely

                      Melissa Lutgring Theriot

MLT/mhn

    cc:    Mr. Ryan P. Reece
           Mr. Remy Voison Starns



**LABORDE & NEUNER**
ATTORNEYS AT LAW

CLIFFE E. LABORDE III
FRANK X. NEUNER, JR. *
JAMES L. PATE
LOUIS SIMON II
BEN L. MAYEAUX
ROBERT E. TORIAN
JAMES D. HOLLIER
MELISSA L. THERIOT *
KEVIN P. MERCHANT
JENNIE P. PELLEGRIN
GREGORY A. KOURY

PROFESSIONAL LAW CORPORATIONS
* ALSO ADMITTED IN TEXAS

ONE PETROLEUM CENTER
SUITE 200
1001 W. PINHOOK ROAD
P.O. BOX 52828 (70505-2828)
LAFAYETTE, LOUISIANA 70503
TELEPHONE: (337) 237-7000
FACSIMILE: (337) 233-9450
www.LN-Law.com

C. E. LABORDE, JR.
(1913-1983)

BRANDON W. LETULIER
JASON T. REED
WILL MONTZ
JEREMY N. MORROW
JED M. MESTAYER
DANIEL J. POOLSON, JR.
LAURA T. ROUGEAU
PHILIP H. BOUDREAUX, JR.
L'REECE DAVID

July 21, 2008
VIA FACSIMILE

Ryan P. Reece
The Reece Law Firm, L.L.C.
4933 Utica Street
Metairie, LA 70006

Remy Voisin Starns
Attorney at Law
533 Europe Street
Baton Rouge, LA 70802

Re:   Ronald Teets v. Allstate Insurance Company
      U.S.D.C., Eastern District of Louisiana
      Civil Action No.: 2;05-cv-04182
      C/W 07-4397; Insurance
      Claim No. 5113629264
      Our File: 16506

Dear Ryan and Remy:

This case is pending before Judge Duval in the Canal Breach Consolidated Matter and was placed in the insurance group. Consequently, Plaintiff was required to provide a settlement offer and all supporting documents by July 14, 2008. We have not received the settlement offer, and I ask that you advise my office as to when we can expect to receive it.

Very truly yours,

Frank X. Neuner, Jr.

FXN/sln



| | | |
|---|---|---|
| CLIFFE E. LABORDE III<br>FRANK X. NEUNER, JR. *<br>JAMES L. PATE<br>LOUIS SIMON II<br>BEN L. MAYEAUX<br>ROBERT E. TORIAN<br>JAMES D. HOLLIER<br>MELISSA L. THERIOT *<br>KEVIN P. MERCHANT<br>JENNIE P. PELLEGRIN<br>GREGORY A. KOURY<br><br>PROFESSIONAL LAW CORPORATIONS<br>* ALSO ADMITTED IN TEXAS | **LABORDE & NEUNER**<br>ATTORNEYS AT LAW<br><br>ONE PETROLEUM CENTER<br>SUITE 200<br>1001 W. PINHOOK ROAD<br>P.O. BOX 52828 (70505-2828)<br>LAFAYETTE, LOUISIANA 70503<br>TELEPHONE: (337) 237-7000<br>FACSIMILE: (337) 233-9450<br>www.LN-Law.com | C. E. LABORDE, JR.<br>(1913-1983)<br><br>BRANDON W. LETULIER<br>JASON T. REED<br>WILL MONTZ<br>JEREMY N. MORROW<br>JED M. MESTAYER<br>DANIEL J. POOLSON, JR.<br>LAURA T. ROUGEAU<br>PHILIP H. BOUDREAUX, JR.<br>L'REECE DAVID |

August 18, 2008
VIA FACSIMILE

Ryan P. Reece
The Reece Law Firm, L.L.C.
4933 Utica Street
Metairie, LA 70006

Remy Voisin Starns
Attorney at Law
533 Europe Street
Baton Rouge, LA 70802

Re: Compliance With Post-Share Insurance Umbrella
Case Management Order, Entered June 13, 2008, <u>Dkt. No. 13598</u>
Ronald Teets v. Allstate Insurance Company
U.S.D.C., Eastern District of Louisiana
Civil Action No.: 2;05-cv-04182
C/W 07-4397; Insurance
Claim No. 5113629264
Our File: 16506

Dear Ryan and Remy:

As you are aware, on June 13, 2008, the Court entered the Post-*Sher* Insurance Umbrella Case Management Order (the "Order") directing all plaintiffs in cases not excepted by the Order to submit a written settlement offer no later than July 14, 2008 (Order at 3). The purpose of this Order was to "maximize settlement possibilities and to facilitate the receipt of a good-faith counteroffer from defendants." *Id.* To achieve this goal, plaintiffs were instructed to attach the following types of documents in support of their settlement offer:

1. a contractor's estimate or other estimate of the claimed damage to the structure;
2. a list, including the estimated value, of any personal property being claimed;
3. receipts or other documents concerning any additional living expense, business income or business extra expense being claimed;
4. an explanation or report stating how the damage was caused by a covered peril;
5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and

Reece/Starnes
August 18, 2008
Page 2

       7.      a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insured and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption.)

To date, you and your client have failed to submit a written settlement offer and the required materials. Consequently, Allstate cannot, at this time, provide a settlement counter-offer as required by the Order. Please note that we have until September 12, 2008 to notify the Court of the likelihood of settlement. In the event your client is interested in settling his claim, we encourage you to submit a demand package well in advance of the September 12, 2008 deadline so Allstate can properly evaluate and make a good faith counter-offer. If we don't receive such information by September 1, 2008, we will inform the Court that you and your client have failed to comply with the Order and request the case be deconsolidated from the umbrella and set for trial.

We look forward to hearing from you.

                                    Sincerely,

                                      Melissa Lutgring Theriot

MLT/mgh