MINUTE ENTRY
WILKINSON, M.J.
September 17, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
      CONSOLIDATED LITIGATION
                                         NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO                       JUDGE DUVAL
                                         MAG. WILKINSON

Oral argument was conducted in this matter concerning the Motion to Intervene in MRGO Master Consolidated Class Action, Record Doc. No. 14697, filed by Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., Entergy Corporation (collectively "Entergy") and Hartford Steam Boiler Inspection and Insurance Company.  Participating were Ewell E. Eagan, Wendy Hickok Robinson and Brian Guillot, representing Entergy; Elisa Tara Gilbert, representing Hartford; William D. Treeby and Heather Lonian, representing Washington Group International, Inc.; Michele S. Grief, representing the United States; and Joseph L. Bruno, Scott Joanen and Elwood

MJSTAR:  0 : 05

C. Stevens, plaintiffs' liaison counsel.  For the following reasons, IT IS ORDERED that the motion is DENIED.

Permissive intervention pursuant to Fed. R. Civ. P. 24(b) of the type sought by these proposed intervenors "is appropriate where 'an applicant's claim or defense and the main action have a question of law or fact in common.'"  Trans Chem. Ltd. v. China Nat'l Mach. Import & Export Corp., 332 F.3d 815, 824 (5th Cir. 2003) (quoting Fed. R. Civ. P. 24(b)(2)).  However, permissive intervention "is a matter wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  Staley v. Harris County, 160 Fed. Appx. 410, 2005 WL 3529327, at *3 (5th Cir. 2005) (quotation omitted).  Thus, "a district court may deny permissive intervention if such would unduly delay or prejudice the adjudication of the rights of the original parties."  Graham v. Evangeline Parish Sch. Bd., 132 Fed. Appx. 507, 2005 WL 1156018 (5th Cir. 2005) (quotation omitted).

Furthermore,

> [a] motion to intervene, either of right or by permission, must be timely. Timeliness is determined from all of the circumstances and there are four pertinent factors: (1) the time during which the proposed intervenors knew or reasonably should have known of their interest in the case, (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case, (3) the extent of the prejudice that the proposed intervenors may suffer if

the motion is denied, and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.

Cox v. McCrery, No. 06 2191, 2007 WL 61007, at *1 (W.D. La. Jan. 8, 2007) (Stagg, J.) (citing Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996)).

Considering these factors in connection with the current motion weighs heavily in favor of denying the motion. The proposed intervenors have already asserted their own individual claims for damages in this court, C.A. Nos. 07-4607 and 07-4608, concerning the factual subject matter of the MRGO Master Consolidated Class Action Complaint (hereinafter "MRGO Master Class Action"). If the proposed intervenors desire to add a defendant in their own cases, they may seek leave of court to do so, if appropriate. The court long ago required the filing of the MRGO Master Class Action for purposes related to class certification proceedings and coordination and completion of common liability issues discovery, not individual plaintiffs' damage claims. Those purposes have been fulfilled, and the addition of this unnecessary intervention as an add-on to the MRGO Master Class Action neither furthers those purposes nor advances the intervenors' or any other party's interests. Entergy–as a power utility–is an unique claimant whose damages likely bear little resemblance to the damages suffered by the vast majority of members of the proposed class. Granting this purely permissive intervention into the MRGO Master Class Action by these unique claimants who seek

neither class certification nor class representative status at this late date would be useless duplication that would serve merely to complicate, confuse and impede the orderly progress both of class certification proceedings and, if and when appropriate, trial of individual cases in this consolidated litigation, all to the prejudice of the existing parties. No unusual circumstances militate in favor of granting the proposed intervention. Accordingly, the motion is denied.

                                            JOSEPH C. WILKINSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE