UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES           CIVIL ACTION
CONSOLIDATED LITIGATION
                                        NO. 05-4182

PERTAINS TO:                            SECTION "K"(2)
    Tardo C.A. No. 08-1164
    Tardo C.A. No. 08-1165
    Tardo C.A. No. 08-1166
    Woniger C.A. No. 07-8623
    Moore C.A. No. 07-8622
    Worgan C.A. No. 07-8621
    Gaubert C.A. No. 07-9768

## ORDER AND REASONS

Before the Court are Motions for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order filed by State Farm Fire and Casualty Company in the following cases:

| | |
|---|---|
| Tardo C.A. No. 08-1164 | Doc. No. 13823 |
| Tardo C.A. No. 08-1165 | Doc. No. 13824 |
| Tardo C.A. No. 08-1166 | Doc. No. 13819 |
| Woniger C.A. No. 07-8623 | Doc. No. 13808 |
| Moore C.A. No. 07-8622 | Doc. No. 13812 |
| Worgan C.A. No. 07-8621 | Doc. No. 13815 |
| Gaubert C.A. No. 07-9768 | Doc. No. 13810 |

and a Motion for Entry of Judgment filed by Louisiana Citizens Property Insurance Corporation (Doc. No. 13761). These motions seek the dismissal of the above-referenced claims based on the contention that these cases only seek coverage for water damage under policies which exclude such coverage as found by the Louisiana Supreme Court in *Sher v. Lafayette Ins. Co.,* No. 07-C2441, 2008 WL 928486, at *6-7 (La. Apr. 8, 2008), and by the United States Fifth Circuit Court of Appeals in *In re Katrina Canal Breaches Consolidated Litig.*, 495 F.3d 191, 214 (5th Cir. 2007), which decisions hold essentially that the exclusions in Louisiana homeowners'

insurance policies of coverage for damages caused by the flood that resulted form the various levee breaches in the aftermath of Hurricane Katrina are valid and unambiguous.

The above-referenced cases were all filed by the Hurricane Legal Center by Stuart T. Barasch and the complaints essentially are identical. At a hearing held on August 8, 2008, the Court found that while these complaints where inartfully drafted, it found that allegations for non-payment of wind damage claims were included therein. As such, the Court stated that "the Court will take judicial notice that with respect to all of the complaints filed by the Hurricane Legal Center, the Court will hereafter consider the allegations to include allegations for failure to pay adequately wind damage claims." (Doc. 14402 at 2). Based on this reasoning, the Court finds that these motions for entry of judgment must be denied as there are outstanding wind damage claims which must be resolved. Accordingly,

**IT IS ORDERED** that Motions for Entry of Judgment Pursuant to the Court's Post-Sher Case Management Order filed by State Farm Fire and Casualty Company in the following cases:

| Case | Doc. No. |
|---|---|
| Tardo C.A. No. 08-1164 | Doc. No. 13823 |
| Tardo C.A. No. 08-1165 | Doc. No. 13824 |
| Tardo C.A. No. 08-1166 | Doc. No. 13819 |
| Woniger C.A. No. 07-8623 | Doc. No. 13808 |
| Moore C.A. No. 07-8622 | Doc. No. 13812 |
| Worgan C.A. No. 07-8621 | Doc. No. 13815 |
| Gaubert C.A. No. 07-9768 | Doc. No. 13810 |

and a Motion for Entry of Judgment filed by Louisiana Citizens Property Insurance Corporation (Doc. No. 13761) are **DENIED**.

New Orleans, Louisiana, this 18th day of September, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE