UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K" (2) |
| PERTAINS TO: BARGE<br>Boutte, No. 05-5531<br>Mumford, No. 05-5724<br>Lagarde, No. 06-5342<br>Perry, No. 06-6299<br>Benoit, No. 06-7516 | JUDGE DUVAL<br><br>MAG. WILKINSON |

**MEMORANDUM IN SUPPORT OF ORLEANS LEVEE
DISTRICT'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

The Orleans Levee District (the "OLD") respectfully submits this Memorandum in Support of its Motion for Summary Judgment, adopting the Memorandum of Third-Party Defendant, The Board of Commissioners of the Port of New Orleans, in Support of Motion for Summary Judgment ("PNO's Memorandum") (Doc. 14710-2), filed with this Honorable Court on August 29, 2008 in connection with the above-captioned matters and concerning the Third-Party Complaints of defendant/third-party defendant, Lafarge North

America, Inc. ("Lafarge"), against the Port of New Orleans, the OLD and other third-party defendants.

More specifically, the OLD adopts the arguments advanced and discussed in detail in the PNO's Memorandum that (1) because Plaintiffs have not designated their claims against [the OLD] as admiralty or maritime claims, Rule 14(a), and not Rule 14(c), governs Lafarge's impleader of [the OLD], and under Rule 14(a), Lafarge cannot demand that a judgment be entered directly in favor of Plaintiffs and against [the OLD] as a matter of law; (2) Lafarge's Third-Party Complaints evidence an improper use of impleader under Rule 14(a) because Lafarge has not alleged that [the OLD] is secondarily or derivatively liable to Lafarge for the Plaintiffs' claims against Lafarge; rather, Lafarge seeks a full recovery of any monies Lafarge may be forced to pay Plaintiffs, and asserts that the Plaintiffs' alleged damages were caused solely by the negligent acts of [the OLD] and not by anything Lafarge did or did not do; and (3) in any event, Lafarge's claims against [the OLD] lack merit under Louisiana law or General Maritime Law.

**WHEREFORE,** for all of the reasons set forth in the PNO Memorandum, which the Orleans Levee District adopts *in extenso* herein, the Orleans Levee District respectfully requests that this Honorable Court grant its Motion for Summary Judgment and dismiss, with prejudice, Lafarge's Third-Party Complaints against the Orleans Levee District, each party to bear their own costs.

Dated:  September 19, 2008                    Respectfully submitted,

s/ Thomas P. Anzelmo_____
McCRANIE, SISTRUNK, ANZELMO,
   HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo, P.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE:  (504) 831-0946
FACSIMILE:  (504) 831-2492

and

LABORDE & NEUNER
Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:  (337) 237-7000
FACSIMILE:  (337) 233-9450
Attorneys for the ORLEANS LEVEE
DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2008, a copy of the above and foregoing **Memorandum in Support of Orleans Levee District's Motion for Summary Judgment** was filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

        s/ Thomas P. Anzelmo_____
        McCRANIE, SISTRUNK, ANZELMO,
           HARDY, MAXWELL & McDANIEL
        3445 N. Causeway Boulevard, Ste. 800
        Metairie, Louisiana 70002
        TELEPHONE:  (504) 831-0946
        FACSIMILE:  (504) 831-2492
        E-MAIL:  tpa@mcsalaw.com