UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION |
| | * <br> * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * <br> * | and consolidated cases |
| | * <br> * | SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | * | |

**BARGE PLAINTIFFS' RESPONSE TO THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS' MOTION FOR SUMMARY JUDGMENT AND ORLEANS LEVEE DISTRICT'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

In their respective Motions for Summary Judgment, Third Party Defendants, the Port Commission and Orleans Levee District, contend that the Barge Plaintiffs have not invoked this Court's admiralty and maritime jurisdiction against Lafarge North America, Inc. (and, presumably or by implication, the other Barge Entity defendants) as per Fed. R. Civ. P. 9(h).  To the contrary, it is the Barge Plaintiffs' collective intent as expressed in their initial pleadings and thereafter that these consolidated actions proceed as admiralty and maritime actions, and the manners in which both the Barge Plaintiffs and Lafarge have proceeded since inception of this action are consistent with Plaintiffs' expressed intentions. For example, the Plaintiffs have consistently posited that joint and

1

several liability will govern as per *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979), and *Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir. 1993), while Lafarge has taken such actions as those subject of the Port Commission's and Levee District's motion, and have raised defenses particular to the admiralty law.[1]  As well, it appears that the Court recognizes this election also, as consolidation of these matters under the Barge Umbrella implies recognition that the same substantive and procedural rules will govern harmoniously in consolidated trial.

That any Barge Plaintiff acknowledged diversity jurisdiction or the *potential* right to a jury trial depending upon circumstances post-commencement of suit is not dispositive.  Here, the initial pleadings and post-commencement proceedings fit squarely with invocation of admiralty and maritime jurisdiction. As the Fifth Circuit stated in the seminal case, *T.N.T. Marine Service v. Weaver Shipyards*, 702 F.2d 585 (5th Cir. 1983):[2]

> "The Rule makes two points relevant here. The first sentence indicates that a suit falling under admiralty as well as diversity jurisdiction will be treated as an admiralty case for purposes of the right to a jury trial (Rule 38(e)) if the pleading contains an "identifying statement" asserting an admiralty or maritime claim. The plaintiff may elect to have a suit treated as either a diversity or admiralty suit, each option having advantages and disadvantages, but the plaintiff's case will be treated as one in admiralty "by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim." Fed.R.Civ.P. 9 advisory committee note (1966 amendment)..."

and

---

[1] The Barge Plaintiffs take no position for purposes of this response with respect to the legality, efficacy or merits of Lafarge North America's third-party actions or defenses herein.

[2] *Cf Brown v. Carnival Corporation*, No. 07-22878-CIV (S.D.Fla. 6-9-2008);*Borque v. D. Huston Charter Services, Inc.*, 525 F. Supp.2d 843(S.D.Tex. 11-19-2007); *Rao v. Delta Queen Steamship Company, Inc.*, Civil Action No. 05-4968, SECTION "F"(E.D.La. 1-16-2007).

> "Applying these rules, we hold that the plaintiff elected to bring the suit in admiralty. Although the complaint alleged diversity jurisdiction, it went on to state: "This is also a suit for breach of a maritime contract and for maritime tort." While the preferable technique might be to expressly invoke Rule 9(h) (see Wright & Miller, supra, at 454; Fed.R.Civ.P. Forms 2(d), 15), this quoted language from the complaint is a simple statement asserting admiralty or maritime claims under the first sentence of Rule 9(h), as is the opening line of the complaint: "The Complaint of T.N.T. Marine Service, Inc. . . . against Weaver Shipyards & Dry Docks, Inc. . . . for breach of contract, civil and maritime, and for maritime tort avers on information and belief as follows. . . .""

Following *T.N.T. Marine Service* and its progeny, Your Honor held in *Rosales v. Bouchard Coastwise Management Corp.*, Civil Action No. 03-2978, Section "K"(2), (E.D.La. 2004):

> "Thus, "a plaintiff whose claim is cognizable under the Court's admiralty jurisdiction while simultaneously meeting the requisites for diversity jurisdiction can `elect' to proceed on the admiralty side of the Court." Breeden v. Transocean Offshore Ventures, Inc., 2001 WL 64772 at *1 (E.D. La. Jan 24, 2001) (citing T.N.T. Marine Service. Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585 (5th Cir. 1983)); see also Hunt v. Diamond Offshore Drilling, Inc., 2002 WL 1906914 at *1 (E.D. La. Aug. 19, 2002).

> "In the Fifth Circuit, a "plaintiff may elect to have a suit treated as either a diversity or admiralty suit, . . . but the plaintiff's case will be treated as one in admiralty `by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.'" T.N.T. Marine Serv., 702 F.2d at 587 (quoting Fed.R.Civ.P. advisory committee note (1966 amendment)); see also Hunt, 2002 WL 1906914 at* 1. Therefore, "when [a] complaint contains a statement identifying the claim as an admiralty or maritime claim, there is no right to a jury trial even if diversity jurisdiction also exists." Hunt, 2002 WL 1906914 at * 1 (citing Romero v. Bethlehem Steel Corp., 515 F.2d 1249 (5th Cir. 1975)). Express invocation of a 9(h) claim, while desirable, is not necessary when a complaint otherwise contains a simple statement identifying the claim as one in admiralty or maritime law. Id. (citing Breeden, 2001 WL 64772 at *1). This type of simple statement is sufficient to designate a claim as one in admiralty notwithstanding the existence of a diversity jurisdiction. Id.

> "In the instant matter, plaintiffs initial Complaint asserts jurisdiction based on "the Jones Act (46 U.S.C. § 688) and pursuant to the general maritime law of the United States of America." This simple statement is adequate to designate plaintiff's claim as one in admiralty. See Hunt, 2002 WL Page 4 1906914 at *2. Plaintiff has exercised his prerogative in electing to proceed in admiralty. Rule 39(a) does not

3

apply here because plaintiff invoked the admiralty side of the Court initially. Since plaintiff did not invoke the Court's diversity jurisdiction, and instead based his claim upon admiralty jurisdiction from the outset of this litigation, the defendant has no right to a trial by jury. Id."

Barge Plaintiffs have, in their respective suits, alleged that this matter arises under the Court's admiralty and maritime jurisdiction. See excerpts from Barge Plaintiffs' pleadings within the Port Commission's memorandum, pp. 9 - 11, in which plaintiffs uniformly plead 28 U.S.C. 1333, expressly reference maritime and admiralty jurisdiction, and/or plead matters inherent to admiralty. To the extent that any inconsistency might be perceived (*e.g,* see the Port Commission's comments regarding *Boutte*, Mem. Supt. Mot. Sum. J., p. 11), Barge Plaintiffs are currently formulating a Superceding Consolidated Master Complaint which was conceived independently of the motions *sub judice*, but is intended to harmonize and clarify all of the Barge Plaintiffs' claims in light of all manner of issues that have arisen since consolidation into the Katrina Litigation. This pleading will be presented for leave of Court in due course, and will clarify for the sake of all parties and the Court that, *inter alia*, the Barge Plaintiffs' have in fact invoked admiralty and maritime jurisdiction, and that the Barge Plaintiffs recognize and adopt the incidental effects thereof on the formal and substantive attributes of this litigation.

## **CONCLUSION**

The Barge Plaintiffs have expressly and sufficiently pled so as to invoke this Court's admiralty and maritime jurisdiction, and these matters must proceed accordingly.

Respectfully Submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail:  lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com,
    karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail:   lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/Shawn Khorrami
Shawn Khorrami (CA SBN #14011)
H. Scott Leviant (CA SBN #200834)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
    Telephone: (213) 596-6000
    Facsimilie: (213) 596-6010
    e-mail:  Skhorrami@kpalawyers.com;
hsleviant@kpalawyers.com;
Mbailey@kpalawyers.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 19th day of September, 2008.

\s\Brian A. Gilbert