UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES               CIVIL ACTION
CONSOLIDATED LITIGATION
                                            NO. 05-4182

PERTAINS TO:                                SECTION "K"(2)
    INSURANCE SUITS PENDING IN THE
    INSURANCE UMBRELLA INVOLVING
    STATE FARM AS DEFENDANTS

## ORDER AND REASONS

Before the Court is State Farm's Motion to Dismiss Flood Water Damage Claims. (Doc. 12091) and the Omnibus Motion for Partial Judgment on the Pleadings by Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company and Any Improperly Identified Variant of the Hartford Entities. (Doc. 12151). These motions were filed at the direction of the Court in order to dismiss the claims for water damage which the Court found to be without merit in its decision on the water exclusion contained in those cases. *In re Katrina Canal Breaches Consol. Litig.*, 466 F. Supp. 2d 729, 762-64 (E.D..La. 2006) (Duval, J.) *aff'd as to State Farm and Hartford ruling, vacated and remanded on other grounds*, 495 F.3d 191 (5th Cir. 2007), *cert. denied sub nom. Chehardy v. Allstate Indem. Co.*, 128 S. Ct. 1231 (2008).

Subsequently, the Louisiana Supreme Court issued its decision in *Sher v. Lafayette Ins. Co.,* No. 07-C2441, 2008 WL 928486, at *6-7 (La. Apr. 8, 2008), which held essentially that the exclusions in Louisiana homeowners' insurance policies of coverage for damages caused by the flood that resulted from the various levee breaches in the aftermath of Hurricane Katrina are

valid and unambiguous.  Based on that ruling, this Court entered its Post-*Sher* Insurance Umbrella Case Management Order, in which it ruled:

> that all claims asserted by plaintiffs in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning such a flood claim, as DISMISSED WITH PREJUDICE.

Doc. 13521 at 2.  With the entry of that order, the above-noted motions were rendered moot as the relief sought was granted.

However, these motions included a number of suits which were filed by the Hurricane Legal Center wherein defendants sought dismissal of these suits because defendants maintained that the complaints filed by this entity did not include claims for wind damage.  On August 8, 2008, the Court found and took judicial notice that with respect to all claims filed by the Hurricane Legal Center, it would consider the allegations in such complaints to include allegations for failure to pay adequately wind damage claims.  As such, to the extent that these motions contemplate the dismissal those Hurricane Legal Center cases in their entirety, such a motion must be denied.

Finally, since the subject two motions were filed, a number of the suits included as subject to the motions have settled and are no longer subject to such a motion.  Thus, it is impossible for the Court to create a single list of cases to which this ruling applies or enter judgment thereon should such judgment be appropriate.  Accordingly,

**IT IS ORDERED** that  State Farm's Motion to Dismiss Flood Water Damage Claims. (Doc. 12091) and the Omnibus Motion for Partial Judgment on the Pleadings by Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire

Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company and Any Improperly Identified Variant of the Hartford Entities. (Doc. 12151) are **MOOT** as the relief sought was granted in its Post-*Sher* Insurance Umbrella Case Management Order (Doc. 13521 at 2).

**IT IS FURTHER ORDERED** that to the degree that either motion sought the wholesale dismissal of any lawsuit filed by the Hurricane Legal Center, such motion is without merit as provided in the Order of August 11, 2008 (Doc. 14402).

**IT IS FURTHER ORDERED** in the event that this order results in the dismissal of all pending claims which have not heretofore been ruled upon in any individual suit, counsel shall file **no later than October 15, 2008,** motions for entry of judgment accordingly.

New Orleans, Louisiana, this  22nd  day of September, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE