IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br><br> PERTAINS TO: BARGE <br><br> *Parfait Family v. USA*     07-3500 | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * and consolidated cases <br> * <br> * SECTION "K" (2) <br> * <br> * JUDGE <br> * STANWOOD R. DUVAL, JR. <br> * <br> * MAGISTRATE <br> * JOSEPH C. WILKINSON, JR. <br> * <br> * |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC.
IN OPPOSITION TO THE RULE 12(b)(6) MOTIONS TO
DISMISS FILED BY THE LAKE BORGNE LEVEE
DISTRICT AND THE ORLEANS LEVEE DISTRICT**

Defendant/third-party plaintiff Lafarge North America Inc. ("LNA") submits this memorandum in opposition to the Rule 12(b)(6) motions to dismiss filed by third-party defendants Lake Borgne Levee District (Doc. 14411) and Orleans Levee District (Doc. 14648) (collectively, the "Levee Districts").  The Levee Districts argue that LNA's third-party claim is governed by Louisiana law and that Louisiana law does not recognize a cause of action for contribution or indemnity.

Chief Judge Berrigan previously rejected precisely the same argument in this consolidated litigation, and hence the Levee Districts' motions to dismiss are barred by the "law of the case" doctrine.  Doc. 587 in 05-4419 (Mar. 14, 2007) (Exhibit 1 hereto).  Indeed, Chief Judge Berrigan made that ruling in denying the United States' motion to dismiss the same third-party

complaint, in which LNA has named both the United States and the Levee Districts as third-party defendants. Chief Judge Berrigan gave two reasons for rejecting the same argument that the Levee Districts make here. First, she held that even if Louisiana law does apply to LNA's claims, "Louisiana's choice-of-law principles could result in the application of general maritime law," which recognizes a claim for contribution or indemnity. Exh. 1 at 7. Second, she held that LNA's third-party claims may well directly be governed by maritime law (rather than Louisiana law) under the principle that a third-party claim asserted by a defendant is generally governed by the same law that governs the first-party claim against that defendant. *Id*. at 12-13. Thus, if the plaintiffs' claims against LNA are governed by maritime law, then LNA's third-party claims are also governed by maritime law – which, as she held, recognizes a claim for contribution or indemnity. *Id*. As such, "LNA has sufficiently established that a claim for indemnity and/or contribution could be cognizable regardless of the substantive law applied." *Id*. at 13-14.

Given that Chief Judge Berrigan has rejected precisely the same argument that the Levee Districts now advance in the same case and context – and given that the Levee Districts do not even mention that ruling, much less demonstrate that it was wrongly decided – the motions to dismiss should be denied.

## BACKGROUND

As the Court is aware, a number of plaintiffs have sued LNA and certain other defendants, alleging damages from flooding during Hurricane Katrina. LNA has filed third-party complaints against a number of entities, including the Levee Districts and the United States. Docs. 9032 and 13649. The third-party complaints assert claims for contribution or indemnity to the extent that LNA might be held liable to the plaintiffs. *Id*. The United States moved to dismiss LNA's third-party claims. Chief Judge Berrigan denied that motion to dismiss, as sum-

marized above.  Now, the Levee Districts have filed motions to dismiss repeating the very same arguments made by the United States and rejected by Chief Judge Berrigan.

## ARGUMENT

The standard for dismissal under Rule 12(b)(6) is a high one.  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original complaint must be taken as true." *In Re: Dredging Limitation Actions Consol. Litig.*, No. 06-8676, 2008 U.S. Dist. LEXIS 46035, *34 (E.D. La. June 12, 2008), citing *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1980).  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief."  *In Re: Dredging Limitation Actions Consol. Litig.*, at *35, quoting *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 601 (1969)).

**I.   THE LEVEE DISTRICTS' MOTIONS TO DISMISS ARE BARRED BY THE LAW OF THE CASE DOCTRINE**

As the Levee Districts' own memorandum acknowledges, "[t]he law of the case doctrine says that courts generally refuse to reopen what has already been decided."  Doc. 14411-2 at 7, citing *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006); see also, *e.g.*, *In re Mastercard Int'l, Inc. Internet Gambling Litig.*, No. 00-1321, 2004 U.S. Dist. LEXIS 2051, *12 (E.D. La. Feb. 12, 2004) (Duval, J.) ("Pursuant to 'the law of the case' theory, a rule of law previously decided should continue to govern the same issues in subsequent stages of the same case.").  The doctrine applies equally to decisions made by a different judge (or court) in the same case.  See *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) ("the

doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions").

That doctrine applies here and requires the denial of the motions to dismiss because Chief Judge Berrigan denied another motion to dismiss based on the very same argument presented by another third-party defendant (the United States) sued by LNA in the same third-party complaints. See Exh. 1 hereto. Specifically, the United States moved to dismiss LNA's third-party complaint on the ground that (1) the United States' design, construction, and maintenance of the MRGO and levees is not subject to admiralty jurisdiction, (2) LNA's third-party claims are therefore governed by Louisiana state law, and (3) "Louisiana law does not recognize a cause of action for indemnity or contribution." *Id*. at 2.

Chief Judge Berrigan began by noting that she had already ruled that claims by plaintiff property owners based on the design, construction, and maintenance of the MRGO and levees were not subject to admiralty jurisdiction. *Id*. at 7. Nevertheless, she rejected the motion to dismiss LNA's third-party claims for two reasons.

First, Chief Judge Berrigan held that LNA's third-party claim is not subject to dismissal even if it is governed by Louisiana state law. *Id*. LNA showed that Louisiana choice-of-law rules would direct the application of the maritime law of contribution and indemnity; and Chief Judge Berrigan held that "LNA has offered Louisiana case-law supporting its interpretation of Louisiana law and the United States has not disputed that Louisiana's choice-of-law principles could result in the application of general maritime law. *See Gibbs v. Falcon Drilling Co.*, 97-1688 (La. App. 3 Cir. 5/13/98), *writ denied*, 98-1623 (La. 10/9/98)." *Id*. at 4. Based on this reasoning, Chief Judge Berrigan held that "[w]ithout definitively ruling on the issue, the Court is

4

satisfied that Louisiana law may recognize a claim for indemnity and/or contribution in this case, which is all that is necessary to maintain a cause of action at this time." Exh. 1 at 7.

Second, Chief Judge Berrigan held that LNA's third-party claims may in fact be governed by maritime law, even though the plaintiffs' direct claims against the same entities are governed by Louisiana law.  This is so because the Fifth Circuit's decision in *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229 (5th Cir. 1985), "stands for the proposition that a court should, at times, apply admiralty law to a third-party claim if admiralty law governs the primary cause of action." Exh. 1 at 12.  Accordingly, if the plaintiffs' claims against LNA are governed by admiralty law, then LNA's third-party claims are likewise governed by admiralty law – even if claims by plaintiffs directly against those same third-party defendants would be governed by Louisiana law. *Id*. at 12-13.

Having reached these twin conclusions, Chief Judge Berrigan "defer[red] ruling on precisely what law would govern LNA's third-party claims at this time, as the law governing the primary case [against LNA] has yet to be determined." *Id*. at 13.  It was unnecessary for her to make that ruling because "LNA has sufficiently established that a claim for indemnity and/or contribution could be cognizable regardless of the substantive law applied.  In other words, LNA has demonstrated that it could have a claim for indemnity and/or contribution under" either maritime law or Louisiana state law – which was sufficient to require denial at the motion to dismiss stage of the case. *Id*. at 13-14.

In their new motions, the Levee Districts argue that (1) Louisiana law would not recognize a claim for contribution or indemnity, and (2) Louisiana law (rather than maritime law) governs LNA's third-party claim.  As just shown, Chief Judge Berrigan has already rejected both arguments.  As to the former, she held that even if Louisiana law does apply, the choice-of-

5

law principles that are part of Louisiana law may well direct the application of the maritime law of contribution or indemnity in these particular circumstances.  Exh. 1 at 7.  As to the latter, she held that LNA's third-party claims may in fact be directly governed by maritime law under the rule that a third-party claim by a defendant (here, LNA) is governed by the same law that governs the first-party claim against that defendant.  Exh. 1 at 12-14.

Because the Levee Districts have not demonstrated any reason why this Court should revisit Chief Judge Berrigan's ruling – indeed, have not even mentioned her ruling – this Court should summarily deny the motions to dismiss based on the law of the case doctrine.

**II.    IN ANY EVENT, CHIEF JUDGE BERRIGAN WAS CORRECT IN HOLDING THAT LNA'S THIRD-PARTY CLAIM FOR INDEMNITY OR CONTRIBUTION STATES A VALID CLAIM UNDER RULE 12(b)(6)**

Even if this Court were inclined to revisit the merits of this issue, Chief Judge Berrigan decided it correctly.

### A. LNA's Third-Party Claims Are Governed By Maritime Law (Rather Than Louisiana Law) To The Extent That Plaintiffs' Claims Against LNA Are Governed By Maritime Law

The Levee Districts are mistaken in their premise that LNA's claims against them are necessarily governed by Louisiana law.  In *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 235 (5th Cir. 1985), the Fifth Circuit held that "the body of law establishing the indemnitee's primary liability governs his claim for indemnity or contribution against a third party."  In that case, maritime law governed the claims of the plaintiff (a pipeline owner) against the defendant (a repair company).  The repair company asserted a third-party claim under maritime law for contribution or indemnity against a parts manufacturer.  (It is undisputed, and indisputable, that maritime law allows claims for contribution or indemnity.[1])

---

[1]  See *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974).

The plaintiff had already sued that same manufacturer under the Outer Continental Shelf Lands Act ("OCSLA"), which requires courts to apply the law of the adjacent state.  Even though the plaintiff's claim against the manufacturer was governed by Louisiana law, the Fifth Circuit nonetheless applied maritime law to the repair company's contribution and indemnity claims against the manufacturer, since maritime law governed the repair company's liability to the plaintiff.  The court held that it was "of no consequence that the third party indemnitor may be liable to the primary plaintiff under a different body of law .…" *Id*. at 235.  Other courts have followed *Marathon* in permitting contribution claims to proceed based on the law governing the plaintiff's claim against the primary defendant, even where the plaintiff's direct claim against the third-party defendant had already been dismissed or were governed by a different body of law. *See, e.g., Loeber v. United States*, 803 F. Supp. 1154, 1157 (E.D. La. 1992) (contribution claim permitted against the government under maritime law despite dismissal of primary plaintiff's direct claim).[2]

      Here, as in *Marathon*, the third-party defendants (the Levee Districts) argue that the claims against them by both LNA and the plaintiffs are necessarily governed by the same body of law – i.e., Louisiana law.  But *Marathon* and its progeny require that LNA's contribution and indemnity claims against the Levee Districts be governed by the same body of law that applies to the plaintiffs' claims against LNA.  The Court has yet to determine which body of law will govern plaintiffs' claims against LNA.  Accordingly, until such time as this Court rules out maritime law as a source of LNA's alleged liability, LNA has a valid maritime law claim for contribution or indemnity against the Levee Districts.  For these reasons, Chief Judge Berrigan decided this issue correctly, and the Levee Districts' motions to dismiss must be denied.

---

[2] Chief Judge Berrigan correctly rejected the argument that the rule adopted in *Marathon* only applies to situations involving vicarious liability. Exh. 1 at 12-13.

## B. Even if Louisiana Law Applies, Louisiana Choice-of-Law Rules Would Direct the Application of the Maritime Law of Contribution and Indemnity Here

Even if Louisiana law did apply to LNA's third-party claims, the Levee Districts err in assuming that the <u>substantive</u> Louisiana law of contribution and indemnity would govern LNA's third-party claims. To the contrary, a federal court sitting in diversity jurisdiction must first apply the forum state's <u>choice-of-law</u> rules. See *Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306 (5th Cir. 2006) ("In diversity cases, a federal court must follow the choice of law rules of the forum state …."). Thus, where a state's choice-of-law rules would result in the application of maritime or other federal substantive law, a federal court sitting in diversity jurisdiction must apply that federal substantive law as well.[3]

Here, application of Louisiana's choice-of-law rules would result in LNA having a valid third-party claim for contribution or indemnity. Louisiana appellate authority expressly recognizes and adopts the choice-of-law principle that contribution and indemnity claims are governed by the law that applies to the primary plaintiff's claim against the primary defendant, even if that means applying federal maritime law rather than Louisiana law on contribution and indemnity. In *Gibbs v. Falcon Drilling Co.*, 713 So. 2d 669 (La. App.), *writ denied,* 726 So. 2d 29 (La. 1998), for instance, the plaintiff brought a general maritime law negligence claim against a drilling company and also asserted a medical malpractice claim under Louisiana law against a physical therapy clinic. The Louisiana Third Circuit, applying Louisiana choice-of-law rules, adopted the principle that a third-party claim asserted by a defendant is governed by the same

---

[3] See *Hess v. United States,* 361 U.S. 314, 318 (1960) (applying maritime law because Oregon state law would apply maritime law); *Caban v. United States*, 728 F.2d 68, 72 (2d Cir. 1984) (noting that applying the "law of the place" may include federal law if a state court would apply it); *Zimmerman v. United States*, 171 F. Supp. 2d 281, 293 (S.D.N.Y. 2001) (holding that applying the "whole law" of the state "does not mandate that state law be applied when the state courts themselves would be required to refer to and apply federal law").

law that governs the first-party claim against that defendant. Pursuant to that rule, the court held that maritime law, not Louisiana law, applied to the drilling company's claims for indemnity and contribution against the clinic. *Id*. at 672.

The Levee Districts' motion to dismiss therefore fails because, even if LNA's third-party claims against them were governed by Louisiana law, Louisiana choice-of-law rules would direct that substantive maritime law be applied to LNA's third-party claims against the Levee Districts to the extent that plaintiffs' claims against LNA sound in maritime law. And, since it is undisputed that substantive maritime law recognizes a cause of action for contribution or indemnity, the Levee Districts' motions to dismiss LNA's third-party claims must be denied.

## CONCLUSION

The Levee Districts' motions to dismiss should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

9

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

September 23, 2008

## Certificate of Service

    I hereby certify that I have on this 23rd day of September, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

                                            /s/ John D. Aldock