UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>* and consolidated cases<br>*<br>* SECTION "K" (2)<br>*<br>* JUDGE STANWOOD R. DUVAL, JR.<br>*<br>* MAG. JUDGE JOSEPH C. WILKINSON, JR.<br>* |

*THIS PLEADING APPLIES TO:*   **BARGE**
| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait v. USA* | C.A. No. 07-3500 |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

NOW INTO COURT, through undersigned counsel, comes defendant Lafarge North America Inc. ("LNA"), who respectfully submits this Memorandum in Opposition to the Motion for Leave of Court to File New York Marine and General Insurance Company, American Home Assurance Company, and the Northern Assurance Company of America's First Amended Answer, Affirmative Defenses and Cross-Claims Against Lafarge North America Inc. and American Steamship Owners Mutual Protection & Indemnity Association (hereafter, "the motion").

1163954-1

## I.     INTRODUCTION

Defendants New York Marine and General Insurance Company ("NYMAGIC"), American Home Assurance Company ("AHAC"), and the Northern Assurance Company of America ("NACA") (hereinafter referred to collectively as "Excess Insurers") seek leave of Court to file an amended answer, which includes, for the first time in this Court, cross-claims against LNA.  This attempt to bring new claims at this advanced stage of litigation is an untimely violation of this Court's Case Management Order No. 5,[1] and is made moot by this Court's recently affirmed stay Order.[2]   Furthermore, Excess Insurers have already filed the same claims in the Southern District of New York, and should not be allowed two opportunities to litigate their claims against LNA.

## II.    PROCEDURAL HISTORY

Excess Insurers' proposed pleading includes cross-claims against LNA and its insurer American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "American Club").  Excess Insurers are prosecuting identical and duplicate claims in the Southern District of New York.  On April 2, 2008, Excess Insurers filed a complaint in the Southern District of New York seeking a declaration that coverage exists for the various third party lawsuits filed in this matter against LNA under LNA's entry with the American Club, and that AHAC and NACA are not obligated to pay LNA's defense costs or indemnify LNA until LNA's primary policies have been exhausted.  Excess Insurer NYMAGIC moved to intervene as plaintiff in that New York action on July 16, 2008.

---

[1] Document No. 7724, filed into the record of this case on 09/18/2007.
[2] Document No. 14719, filed into the record of this case on 08/29/2008.

1163954-1

As this Court is aware, also pending in the Southern District of New York was the American Club's declaratory judgment action against LNA, seeking a judicial declaration of non-coverage. LNA brought cross-claims against the American Club for a declaration that its potential exposure in these consolidated Barge actions is covered by its entry with the American Club, and for damages. The Southern District of New York stayed the Excess Insurers' claims before that court pending resolution of the action between LNA and the American Club.[3] The court granted the American Club's motion for summary judgment on September 18, 2008, finding no coverage, with reasons for that decision yet to be issued.[4]

Although the Southern District of New York declined to enjoin the Excess Insurers from proceeding in this District, that Court made clear that the issue is left to this Court's sound discretion in light of all the circumstances.[5]

### III.   LAW AND ARGUMENT

#### A.   Excess Insurers' Motion is Mooted by this Court's August 29, 2008 Order

At the request of Barge Plaintiffs, this Court accepted briefing on the status of the New York cases and their effect on the coverage issues pending in Louisiana. Following that briefing, on August 29, 2008, this Court issued an Order upholding its previously-ordered stay of insurance coverage issues in the consolidated Barge cases.[6]

Excess Insurers' motion seeking to bring additional claims against LNA and others is barred by this Court's August 29, 2008 stay Order, and should be denied. In their Memorandum

---

[3] *See* August 4, 2008 Memorandum Opinion and Order issued in Case No. 08 Civ. 3289 (CSH), a copy of which is attached hereto as Exhibit "A."
[4] *See* September 18, 2008 Order issued in Case No. 06 Civ 3132 (CSH), a copy of which is attached hereto as Exhibit "B."
[5] *See* September 8, 2008 Memorandum and Order issued in Case No. 08 Civ. 3289 (CSH), a copy of which is attached hereto as Exhibit "C."
[6] Document No. 14719, filed into the record of this case on 08/29/2008.

1163954-1

3

in Support of the Motion for Leave to Amend, Excess Insurers admit that the proposed pleading was only filed "to preserve and protect certain cross-claims that they have similarly asserted against defendants Lafarge and the Club in the New York actions . . . <u>in the event</u> this Court . . . orders that the insurance coverage disputes will be decided by this Court." [7](emphasis added). At the time of their filing, Excess Insurers were aware that the "insurance coverage claims and disputes have been effectively stayed by this Court."[8]  Because this Court has denied the Barge Plaintiffs' motion and stayed all of the insurance issues, Excess Insurers' amended pleading should be denied.

**B.      Excess Insurers Improperly Attempt to Bring Claims That Are Identical to Claims That Are Still Pending in New York, the District In Which They Were First Filed.**

Excess Insurers chose to file their claims against LNA in the Southern District of New York, and they should not be allowed to forum shop after the fact by attempting to file duplicative claims in a different forum from the one they initially chose.  "There is no sound reason why defendants should have to defend against the same claims, by the same plaintiff[s], in two courts, nor is there any good reason why two courts should adjudicate those same claims." *Kidd v. Andrews,* 340 F.Supp. 2d 333, 336 (W.D.N.Y. 2004).  LNA would be prejudiced by having to continue to defend against these duplicative claims by Excess Insurers in two separate venues.  Allowing Excess Insurers to bring claims against LNA in this District while identical claims are pending in New York would also unnecessarily occupy judicial resources, a practice that other courts have held to be improper.  *Polsky v. Hall City Centre Assoc. Ltd. Partnership*, 1989 WL 48109 (E.D.Pa. 1989)("To sanction the 'two bites' at the apple approach would

---

[7] Document No. 14591-2, p. 3, filed into the record of this case on 08/25/2008.
[8] Document No. 14591-2, p. 3, filed into the record of this case on 08/25/2008.

1163954-1

4

promote the very multiplicity of litigation and consumption of court time that the rule is designed, in part, to obviate.")

On August 4, 2008, Judge Charles S. Haight, Jr. of the Southern District of New York stayed the Excess Insurers' action against LNA and the American Club "until the American Club Action has been decided," because "issue preclusion would benefit one or another of the parties in the Excess Underwriters' Action."[9]  As the American Club Action has been summarily decided by the court, Judge Haight has lifted the stay and will now presumably address the Excess Insurers' claims.  Thus, there is no reason for those claims to be brought in this District, where doing so will foster duplicative procedures, and potential confusion and contrary findings.  There is no justification for Excess Insurers to bring their claims in a second venue.

Though Judge Haight declined to enjoin Excess Insurers from pursuing claims in this District, his order leaves to this Court's "sound discretion" the determination whether to allow Excess Insurers' motion to amend.[10]  Neither Judge Haight's order nor any of the Excess Insurers' stated reasons for bringing the instant Motion for Leave alters the sound logic expressed in this Court's August 29, 2008 Order staying the insurance issues in this matter.

### C.   There is No Good Cause to Allow Excess Insurers to Untimely Amend Their Pleadings

Excess Insurers' Motion mistakenly invokes Rule 15(a) of the Federal Rules of Civil Procedure to support their attempt to bring new claims at this advanced stage of this litigation.  They ignore this Court's Case Management and Scheduling Order No. 5 of September 18, 2007, applicable to the Barge cases.  That Order states that "no further pleadings, amendments to

---

[9] *See* August 4, 2008 Memorandum Opinion and Order issued in Case No. 08 Civ. 3289 (CSH), a copy of which is attached hereto as Exhibit "A."
[10] *See* Exhibit "C."

1163954-1

pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except on motion, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P 16(b)."[11]  "Rule 16(b) of the Federal Rules of Civil Procedure governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

Courts in the Fifth Circuit consider four factors in determining whether a movant has shown good cause to modify the scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C.*, 315 F.3d 533 at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997)).  Excess Insurers have not demonstrated good cause to amend their answers in this case.

### 1. Excess insurers offer no explanation for their failure to timely move for leave to amend

Excess Insurers NYMAGIC and AHAC had already appeared and filed answers in several of these consolidated BARGE actions at the time of the September 18, 2007 scheduling order, and were well aware of the deadlines contained therein.[12]  Excess Insurers elected not to file any amended pleadings by that date, and then waited more than six months before filing their declaratory judgment action in New York.  Neither the motion for leave to file an amended answer, nor the memorandum in support of that motion, contains an explanation for the failure to

---

[11] Document No. 7724, filed into the record of this case on 09/18/2007.
[12] *See* Case 2:05-cv-04419 – HGB-JCW, Doc. No. 156, filed 05/15/2006; Doc. No. 234, filed 8/29/2006; and Doc. No. 264, filed 09/26/2006.

1163954-1

6

timely amend their previously filed answers, which contained no claims or demands against LNA, or why they elected to file first in New York. Because no justification exists, the motion should be denied. And if the reason given is a response to the Court's invitation to the request by the Barge plaintiffs to lift the stay on insurance issues in this action, the Court has already denied that request, mooting Excess Insurers' underlying premise.

### 2. The proposed amendment is not necessary.

This Court's August 29, 2008 Order staying the insurance coverage issues in this case, and the fact that the Excess Underwriters action in the Southern District of New York will proceed following the recent resolution of the American Club's coverage action, makes Excess Insurers' amendment unnecessary. Excess Underwriters admit that the proposed pleading was only filed "to preserve and protect certain cross-claims that they have similarly asserted against defendants Lafarge and the Club in the New York actions . . . in the event this Court . . . orders that the insurance coverage disputes will be decided by this Court."[13] Because this Court has stayed all of the insurance coverage disputes pending the resolution of those issues in New York, there in no reason to allow Excess Insurers' to amend their previous answers, none of which included any claims against LNA. The summary judgment order and lifting of the stay in New York means that Excess Insurers are free to pursue their declaratory judgment actions in New York, without further burdening this Court with claims only tangentially related to the claims of the Barge plaintiffs.

Excess Insurers' pleading is also unnecessary because Judge Haight's summary judgment order eliminated the primary underpinning of the only portion of their claim that could possibly relate to the Barge plaintiffs. Excess Insurers do not dispute that they insure LNA for the claims

---

[13] Document 14591-2, p. 3, filed into the record of this case on 08/25/2008.

1163954-1

at issue in this case, but argue that their coverage is only excess to LNA's coverage under the American Club policy. However, since the court in New York has determined that LNA's policy with the American Club does not cover LNA for the Barge Plaintiffs claim, this Court does not have to consider Excess Insurers' claims. The remaining issues raised by the proposed amendment concern only LNA's entitlement to indemnification for its costs in defending the claims of the Barge plaintiffs, an issue that has absolutely no relevance to the claims of the Barge Plaintiffs and is already the subject of extensive litigation in New York.[14]

### 3. The proposed pleading will prejudice LNA's defense of the underlying lawsuits and cause unnecessary, duplicative litigation.

Allowing the filing of the proposed amended pleading would also prejudice LNA's defense of the underlying claims brought by the Barge plaintiffs. One of the Excess Insurer's proposed cross-claims seeks to raise issues of selection of LNA's counsel and reasonableness of fees and costs in LNA's defense, which would provide an opportunity to the Barge plaintiffs to exploit the coverage issues and gain access to LNA's defense strategies and thought processes. This information is privileged, and must remain so in order to ensure that LNA is afforded the fair opportunity to defend the plaintiffs' claims. Further, LNA would be prejudiced by having to continue to defend against duplicate claims by Excess Insurers in two separate venues.

Allowing the amendment would also require discovery and motion practice involving complicated insurance issues that are not germane to the Barge plaintiffs' claims. At a minimum, such discovery would be a nuisance for the Court and the parties, given duplicative proceedings under way in New York. At worst, it could potentially complicate or threaten the Court's scheduling calendar.

---

[14] Needless to say, LNA disagrees with the New York court's ruling and will appeal in due course. But as long as the ruling stands, it is (or should be) dispositive of Excess Insurers' arguments

1163954-1

####   4. **A continuance will not cure the prejudice**.

As the potential prejudice to LNA's defense is not entirely related to Excess Insurers' untimely filing, a continuance would not cure the prejudice. Extending the trial date would not prevent an on the record examination of its privileged defense strategy, nor would a continuance ease the prejudice to LNA that would be caused by litigating in two separate venues.

Even if a continuance were available to cure any prejudice resulting from the filing of Excess Insurers' proposed amended pleading, a continuance of the trial of this matter would not be justified, as the claims asserted in the proposed amended pleading are barred by the stay Order in place in this Court.

### IV. CONCLUSION

Excess Insurers should not be allowed to litigate their claims against LNA in two separate jurisdictions, in violation of this Court's Case Management Order. To do so would force LNA to defend duplicative claims in separate venues, unfairly prejudicing LNA and placing an unnecessary burden on the resources of this Court. LNA would be further prejudiced if its defense strategies were revealed to the Barge plaintiffs through discovery by Excess Insurers. There is no justification for allowing this untimely, prejudicial filing by Excess Insurers, especially when the sole justification for Excess Insurers' filing, as admitted in their motion, was mooted by this Court's August 28, 2008 stay Order.

For these reasons, and because Excess Insurers have failed to carry the burden imposed by Rule 16 of the Federal Rules of Civil Procedure, Excess Insurer's Motion for Leave of Court to File First Amended Answer, Affirmative Defenses and Cross-Claims should be denied.

Respectfully submitted,

*/s/ Derek A. Walker.*
Derek A. Walker (#13175)
Robert Fisher (#5587)
John Robert (#29400)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
walker@chaffe.com

John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

**Certificate of Service**

I do hereby certify that I have on this 23rd day of September, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic notification.

*/s/ Derek A. Walker.*

1163954-1