# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERVIN JEFFERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-08947   SECT. A, MAG. 4** |
| **LOUISIANA CITIZENS PROPERTY, ET AL.** | **JUDGE JAY C. ZAINEY** |
| | **MAGISTRATE KAREN WELLS ROBY** |

## MEMORANDUM IN SUPPORT OF DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION FOR MISJOINDER AND TO SEVER CLAIMS

**MAY IT PLEASE THE COURT:**

Defendant, Scottsdale Insurance Company ("Scottsdale") submits this Memorandum In Support of the Motion for Misjoinder and To Sever Claims.  The basis of the Motion is as follows: 1) the Plaintiffs have filed Hurricane Katrina claims against four separate and distinct insurers in this litigation for alleged damage to various properties they own, 2) the record shows that each insurer provides coverage for different properties owned by Plaintiffs under distinct policy numbers, 3) the cumulation of these disparate claims into one action constitutes misjoinder under Rules 20(a) and 21 of the Federal Rules of Civil Procedure. Accordingly, this Motion should be granted and the Plaintiffs' claims against each defendant insurer severed into separate actions. A bench trial is currently set in this matter for November 8, 2008, which trial was set before this action was transferred to Judge Zainey. The Plaintiffs have filed a Motion to Vacate Trial, which Scottsdale does not oppose.

### I.  Overview

Plaintiffs, Mervin Jefferson and Merlin McGhee (collectively "Plaintiffs") filed suit for Hurricane Katrina related wind and flood damages against four separate insurers for separate

properties insured by separate policies. Specifically, the properties in issue and insured by Scottsdale are 4801 Nighthart Street, 1522 North Robertson Street, 13950-52 Lindent Street and 11711 West Barrington Street—all located in New Orleans, Louisiana.

The other defendant insurers provide insurance for the Plaintiff's property as follows: a) Louisiana Citizens Property Insurance Company (per its Answer) issued insurance policies to cover the Plaintiffs' properties located at 4224 North Claiborne Avenue, 4226 North Claiborne Avenue and 4200 North Claiborne Avenue, New Orleans, Louisiana, b) Allstate Insurance Company issued two landlord policies and one homeowner's policy to cover the Plaintiff's property located at 7575 Forest Glen Road, 7611 Crestmont Road and 5821 Winchester Park Drive, New Orleans, LA,[1] and c) the properties insured by Audubon Insurance Company have not yet been identified; however, upon advice of defense counsel, these properties are not the same as those insured by Louisiana Citizens, Scottsdale nor Allstate.[2]

The Plaintiffs' claim generally that the four defendant insurers failed to pay their damage claims on the various properties post-storm. Plaintiffs also request bad faith damages as to each insurer. Overall, the Petition is lacking in so far as it fails to set forth each property in issue and fails to identify which property was insured by each individual insurer.

## II. Law and Argument

### A. The Two-Prong Test of FCCP, Rule 20(a) Has Not Been Meet By Plaintiffs

Rule 20(a) of the Federal Rules of Civil Procedure provides as follows:

"**Permissive Joinder:** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the

---

[1] Allstate's policies were issued to Plaintiff, Mervin Jefferson. Allstate Indemnity Company issued a separate homeowner's policy to Merlin McGhee for the property located at 114 Camelot Drive, Slidell, LA.

[2] Upon information and belief, the Insured's claims against Allstate have been consolidated with the *In Re Katrina Breaches Consolidated Litigation*, Action No. 05-4182 (but also remain pending in this litigation due to removal of the action from state court by both Scottsdale and Allstate vis-à-vis separate filings).

same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

FRCP, Rule 21, provides:

"Mis-joinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Courts have crafted a two-prong test for the permissive joinder of more than one plaintiff or defendant in a given action under Rule 20(a). First, it must be determined whether the right to relief arises out of the same transaction, occurrence, or series of transaction or occurrences, and secondly, courts look at whether there are questions of law or fact common to all of the plaintiffs that will arise in the action.

Both requirements must be satisfied in order for the parties to be properly joined. *Campo v. State Farm Fire and Casualty Company*, 2007 WL 2155792 (E.D. La., 2007);*Rohr v. Metro. Ins. & CAS. Co.*, Civ. A. No. 06-10511, 2007 WL 163037, *1 (E.D.La.,2007). The Court is provided with broad discretion to sever improperly joined parties. *Campo, supra.* (citations omitted.)

## B. Hurricane Katrina Is Not A "Singular" Occurrence for Purposes Of Joinder Of Claims

In analyzing whether a hurricane is a "singular" occurrence for purposes of Rule 20(a), this Court and federal courts in Mississippi have considered plaintiffs' arguments that there are common issues of law and fact involved in these cases, but Courts have come to the conclusion that, only "In a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home." *Vaz v. Allstate Property & Casualty Company*, 2006 WL 2583733 (S.D. Miss, 2006).

Moreover, the "fact that Hurricane Katrina caused the damage in question was insufficient, by itself, to satisfy the common transaction or occurrence requirement in Rule 20(a)" *Campo, supra*. See also, *Guice v. State Farm Fire & Casualty Company*, 2006 WL 2359474 (S.D. Miss., 2006); *Comer v. Nationwide Mutual Insurance Co.*, 2006 WL 1066645, *2 (E.D. La., 2006)("[e]ach property owner...who had real and personal property damaged in Hurricane Katrina is uniquely situated").

In *Vaz v. Allstate Property & Casualty Company, supra*., in the course of deciding whether aggregated claims for Katrina damage to multiple properties should be severed, the Court concluded that plaintiffs should be required to file separate complaints because, "[A]lthough there may be some common issues of law and fact, the Court finds that Plaintiffs have not met the 'same transaction or occurrence' prong of Rule 20(a)." *supra*. at * 1. That is the situation in the instant case.

It is also noted that the effects of Hurricane Katrina were not identical at all places at any one time. In fact, given the speed, size, direction and intensity of the wind and water associated with a typical hurricane at a particular point in time, Courts have held that various geographical locations would be affected quite differently and thus, give rise to claims for damages quite different from one another. *Vaz, supra*. at * 1. Therefore, the first prong of the FCCP, Rule 20(a) has not been met by plaintiffs.

Further, even assuming that there is a common question of fact and law among plaintiffs' claims that would satisfy the second requirement of Rule 20(a), it would be unavailing inasmuch as the initial requirement of a common transaction or occurrence has not been satisfied. *Rohr, supra*. at *2.

**C. The Multiplicity Of Claims and Types Of Defendants Joined Together In This Litigation Create Mis-Joinder Because There Are No Common Questions Of Fact Or Law As Required By Rule 20(A).**

Although the purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," it is well established that unrelated claims may be severed to promote the legitimate interest of some of the parties.

While insurance claims are similar contractual disputes, here, where there are different properties, multiple locations, policies and amounts of coverage supplied by a number of different insurers whose policies employ different language to effect that coverage, placed by different retail agents and then inspected--possibly more than once- by a numerous adjusters-- both independent and public--the sheer number of variables between and among individual claims cannot possibly state common questions of fact or law. See *Lesley Dampeer v. Fidelity National Property and Casualty Insurance, et al., Action No. 06-11427, Section F-5, Docket No. 29 (E.D. La. 2007).*[3]

**D. This Court Has Ample Discretion To Sever These Individual Claims Against the Different Insurers and To Allow Each To Proceed Separately.**

Scottsdale submits that the number of differences between the multiple claims in this suit not only create mis-joinder under FRCP 20(a) and 21, but will also cause the parties undue burden and unnecessary delay during the discovery process, witness depositions and at trial. Further, because the liability, coverage and damages issue as to each property and each defendant insurer depend on each insurer's policy terms and loss adjustment, there is no basis for a joint trial. Stated another way, a joint trial would only confuse the issues and unfairly prejudice the defense of the case.

---

[3] A portion of this memorandum is based on and incorporates a similar motion for mis-joinder filed on Scottsdale's behalf in the *Dampeer* action referenced above wherein the Court granted the Motion, thereby severing the plaintiffs' claims against multiple insurers.

It is within this Court's discretion to hold that defendants are mis-joined under F.R.C.P 20(a) and to sever the various claims of plaintiffs to allow each suit to proceed in separate actions.

**III. Conclusion**

In sum, the record shows that Plaintiffs have asserted claims against multiple insurers for damage to separate and distinct properties insured by separate and distinct insurers. There is no basis for the Plaintiffs' claims against the defendant insurers to be joined in this litigation and in fact, the mis-joinder will serve only to confuse the issues, create evidentiary problems at trial and cause unfair prejudice. As such, Scottsdale' Motion for Misjoinder and To Sever Claims should be granted.

Respectfully submitted,

/s/ Holly G. Hansen
KEELY Y. SCOTT (#23932)
HOLLY G. HANSEN (#26902)
**CRAWFORD LEWIS, PLLC**
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, Louisiana  70821-3656
Telephone: (225) 343-5290
Facsimile: (225) 383-5508
kscott@crawford-lewis.com
hhansen@crawford-lewis.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 27th day of August, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Holly G. Hansen
Holly G. Hansen