UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO:  BARGE | * * * * | NO. 05-4182 and consolidated cases SECTION "K"  (2) |
| *Boutte v. Lafarge*          05-5531 *Mumford v. Ingram*       05-5724 *Lagarde v. Lafarge*       06-5342 *Perry v. Ingram*            06-6299 *Benoit v. Lafarge*         06-7516 *Parfait Family v. USA*  07-3500 *Lafarge v. USA*            07-5178 | * * * * * * * * | JUDGE STANWOOD R. DUVAL, JR. MAG. JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE BARGE PLAINTIFFS' SEVENTH AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

Since early 2006, *Ethel Mumford, et al v. Ingram Barge Company, et al* has served as a "lead" case or template with plenary effect over other barge-related suits with which it was originally consolidated in *In Re Ingram Barge Company Petitioning for Exoneration, etc*, C.A. 05-4419 and consolidated cases, and over the same suits with which it is still consolidated here, in the *Katrina Canal Breaches Consolidated Litigation*.  Counsel for Ethel Mumford were appointed interim putative class counsel and counsel for Group A (all claimants in limitation) in 2006 in Ingram, et al's limitation actions, and to the Barge Plaintiffs' Subgroup Litigation Committee in the present action.

1

*Mumford* has served as a master case, whose evolving allegations have been made on behalf of all of Group A, and later, as to all Barge Plaintiffs. *Mumford* is also the suit which includes all proposed class representatives in the Barge Litigation Track.

The Barge Plaintiffs, by and through the Barge PSLC, seek leave of Court to file in *Mumford v. Ingram Barge Company*, et al, Civil Action No. 05-5724, the proposed Seventh Amended Consolidated Class Action Complaint for Damages submitted herewith, to clarify and harmonize prior piecemeal amendments, and to place the Barge Litigation Track in the best posture for class certification proceedings and trial. The proposed pleading fits within a framework which clarifies and harmonizes the multiple prior *Mumford* complaints, placing the Barge Plaintiffs' contentions - as articulated by proposed class representatives - within easy reach of the Court and parties. This is of immense benefit to all concerned, in light of the increasingly complex evolution of this matter since consolidation in the *Katrina Canal Breaches Consolidated Litigation*. As well, the proposed pleading serves to further define the proposed class, by substitution of proposed class representative Arcola Sutton instead of previously nominated plaintiffs, Harris Irvin and Rico Terrence Sutton, who no longer wish to serve. Movers respectfully suggest that under the circumstances, in accord with the applicable standards, good cause for leave exists.

## Standard for Granting Leave

The Federal Rules of Civil Procedure embody a two-part analysis germane to the present motion. When amendment is sought after lapse of the corresponding deadline in a Case Management Order, Fed. R. 16(b) governs the first part of the inquiry, requiring the District Court's agreement to allow ancillary modification of the scheduling order. Next, Fed. R. Civ. P. 15(a) governs, in the manner ordinarily applied to leave for amendment before lapse of deadlines. Movers

suggest that given the increasing complexity of the litigation, the benefits of the amendment, the absence of prejudice,  and the negligible effect, if any, on the scheduling order, both prongs of the test are well supported, and that good cause for leave to amend is amply demonstrated.

### First Step Analysis - Fed. R. Civ. P. 16(b)(4)

Movers suggest that although application of Fed. R. Civ. P. 16(b) incorporates modification of a scheduling order, the leave sought by the Barge Plaintiffs will have no discernable effect upon the orderly progress of this matter, nor is prejudice possible.  Rather, the amendment will benefit all parties and the Court in bringing the litigation to a timely resolution.

> "In addition, where — as here — the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 85, the schedule "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: `(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed.R.Civ.P. 16(b); quoting S & W Enters., 315 F.3d at 535)." ***Curry V. St. Tammany Parish Sheriff's Dept***, .Civil Action No. 00-2462, Section "B" (2), (E.D.La. 2006).

**Failure to Timely Move for Leave to Amend**

When Case Management Order No. 5 was issued on September 18, 2007, Barge Plaintiffs were only recently severed and transferred from a consolidated limitation action (In Re Ingram Barge Company Petitioning for Exoneration From or Limitation of Liability, USDC C.A. 05-4419 c/w 06-3313, Sect. C, Mag(2), in which Barge Plaintiffs were effectively stayed as to any adversarial

discovery against defendants other than petitioners-in-limitation Ingram Barge Company, Joseph C. Domino, Inc., and Unique Towing, Inc. Moreover, Barge Plaintiffs were in a phased litigation in which discovery relative to the Industrial Canal floodwall breaches, source and extent of flooding, and damages were off-limits until later phases which, though contemplated, were not implemented. When CMO No. 5 was rendered on September 18, 2007, it stated at pages 3 - 4:

> II. PLEADINGS
>
> (A) Answers
> All parties against whom claims have been asserted in these cases who have not yet filed answers must file their answers no later than **September 28, 2007**. This requirement applies to all parties, regardless whether they have made or anticipate making any other appearance via Rule 12(b) motion or otherwise.
>
> (B) Pleading Deadline
> Except as required above, no further pleadings, amendments to pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except on motion, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

Movers submit that at as of September 28, 2007, there was no way imaginable by which the Barge Plaintiffs could have obtained - without violating the Court's phasing order - or articulated into a pleading the wealth of information only learned through discovery afforded in the *Katrina Canal Breach Consolidated Litigation*. The Seventh Amended Complaint proffered herewith reflects a tremendous body of knowledge since acquired concerning the breakaway of ING 4727, the relationships of the parties and their insurers, floodwall breach causation, damages, and application of law to facts not knowable on or before September 28, 2007. Such knowledge has been afforded only since by written discovery, exchange of expert reports, multiple depositions of eyewitnesses,[1]

---

[1] *e.g.*, William Villavasso, the Sewerage and Water Board pump operator who testified that he saw the barge cause the north breach; Arthur Murph, who was home when the barge landed on his house at the south breach; Delores St. Cyr-Butler, Dakeia Johnson, Sally Jones,

4

depositions in MRGO and Robinson to the extent that deponents there render testimony relevant to the Barge Entities' defenses here,[2] and continual interface with the Court and parties concerning the evolving shape of these proceedings. The Seventh Amended Complaint also reflects undersigned's desire to repackage in a more "user friendly" and articulate manner all of the allegations contained in multiple Mumford complaints (original through Sixth) filed to date. Additional benefits will be addressed below relative to the importance of the amendment.

     Movers concede that a year has passed since the deadline. Though the Court needs no reminder, this is not an ordinary case. This case involves highly complex factual, procedural and legal questions, has been in a constant state of evolution and change, and is subject to a docket much longer and more complex than the typical civil action. Within this in mind, the timing of the proposed amendment is consistent with progress and attributes of the entire *Katrina Canal Breach Consolidated Litigation* (as demonstrated by multiple, ongoing amendments in MRGO and other tracks). Moreover, amendment at this point in time is not disproportionate to the timing of amendments in ordinary, simple matters proceeding on a more customary civil docket. Subject to r the particular challenges that the Court and parties clearly recognize, the timing of this amendment suffers in no manner from lassitude, dilatory conduct, undue or inexcusable delay or neglect. Rather, the amendment is timed so as to coincide with the Barge Plaintiffs', the Court's, and the defendants' better informed position after much discourse and refinement, and as a stepping stone

---

Maj. Pete Tufaro, and countless others who either testified to having heard and felt a "boom" followed by massive flooding in the Lower Ninth Ward, or who were in other parts of the class area and testified to source and direction of water...

    [2]*e.g.*, testimony of USACE employee Harley Winer to the effect that wetlands south of MRGO Reach 2 attenuated flooding from that potential source.

to the class certification phase of the litigation.

### Importance of the Amendment

In order to provide the proper context or backdrop for class certification proceedings, the Barge Plaintiffs deem it essential that the allegations made on behalf of the proposed class representatives - the *Mumford* Plaintiffs - be articulated in the most clear and cogent manner possible under the circumstances. This will serve not only the Plaintiffs' interests, but will also be invaluable to the Court and to all other parties whose interests are potentially affected by certification of the Barge Litigation Track for class treatment.

The *Mumford* action names all of the proposed class representatives in the Barge Litigation Track. It has evolved for nearly three years, and consists of multiple complaints containing piecemeal allegations sought to be aggregated in the Seventh Amended Complaint. The Mumford action has seen incremental addition of named plaintiff-class representatives, some of whom are no longer suited for class representative status. Over the years, defendants have been named who have been voluntarily dismissed, or who have been granted exoneration or limitation of liability as vessel owners. The status and relationships of the parties have become more refined, especially as to the various insurers, in addition to refinement of factual, procedural and legal issues as mentioned above. Additionally, the Seventh Amended Complaint is intended to clarify class definitions, and to complement and harmonize with the Barge Plaintiffs Motion to Certify the Class, and impending memorandum and proof in support of the Motion to Certify Class.

The proposed amendment constitutes an approach that serves to harmonize and clarify all Barge Plaintiffs' allegations in furtherance of the Court's goal of a timely, orderly and concise resolution. Case Management Order No. 5 states in Section II:

> (C) Master Pleadings
>
> Unlike the Levee and MRGO categories of cases that are proceeding as part of this consolidated litigation, the Barge category of cases includes only seven (7) cases, only four (4) of which contain class action allegations. Accordingly, the Court finds no need for the filing of a Master Class Action Complaint.

Movers respectfully suggest that to whatever extent the Court's and parties' perceptions of this matter have evolved since September 18, 2007, the Seventh Amended Complaint represents undersigned's anticipation the proposed pleading will be helpful to everyone.

**Potential Prejudice in Allowing the Amendment**

The Barge Plaintiffs submit that there is no potential for prejudice to any defendants. There are no defense motions, pleadings or other matters pending whose substance or relevance will be affected by the Seventh Amended Complaint. The matters contained in the proposed Seventh Amended Complaint do not add allegations, but only clarify all that has been previously alleged in prior complaints, in pleadings including but not limited to the plaintiffs' Motion to Certify Class, on the record in Open Court, in depositions and discovery responses, and in Barge Plaintiffs' expert disclosures. The Seventh Amended Complaint does not allege any new cause of action, or any matter not central to the long-standing allegations that the Barge Entity defendants negligently failed to secure ING 4727, that it broke from its moorings, and that it caused the Industrial Canal breaches, thereby causing the Barge Plaintiffs' damages.

Other than the addition of one named plaintiff, Arcola Sutton, to substitute for two class representatives previously nominated but no longer serving, there are no new matters raised in the Seventh Amended Complaint which the Barge Plaintiffs have not already formally presented to the parties and Court. Barge Entity defendants have already been advised through Barge Plaintiffs'

discovery responses that Mr. Harris Irvin's proposed class representation status is withdrawn, and have been advised of the same via more recent correspondence concerning Mr. Rico Terrence Sutton. As a result, no further written discovery occurred as to Mr. Irvin, and Rico Sutton's deposition was cancelled. Arcola Sutton's allegations are common and typical of all other proposed class representatives, and differ in no novel respect from those she seeks to replace. Neither her substitution, nor any other feature of the Seventh Amended Complaint, will delay this case or cause undue hardship to anyone. In fact, undersigned are already preparing discovery responses to be tendered on behalf of Arcola Sutton, and are prepared to produce her for deposition with very little notice. Substantively, the Seventh Amended Complaint raises nothing new or surprising, but merely clarifies what has been already said in piecemeal form.

### The Availability of a Continuance to Cure Such Prejudice

Though no prejudice arises, undersigned do not foresee the need for continuance in any event. There is no need to continue class certification for any reason inherent to the proposed amendment, class certification discovery is still underway by agreement between the parties to the Barge Litigation Track, merits discovery still does not end until March of 2009, and trial is still scheduled for July 2009, over nine months from now. Undersigned are under the impression that the Barge Entity defendants are as adamant as the Barge Plaintiffs that class certification proceed as currently scheduled, and that this amendment brings not the slightest hardship to anyone.

Barge Plaintiffs respectfully submit that all four prongs of the Fed. R. Civ. P. 16(b) are satisfied, and that good cause is shown for modification of Case Management Order No. 7, to the very limited extent that modification is needed to accommodate the proposed Seventh Amended Complaint.

**Second Step Analysis - Fed. R. Civ. P. 15(a)**

Movers respectfully suggest that the criteria for leave in accord with Fed. R. Civ. P. 15(a) are wholly subsumed within and satisfied by the above treatment of movers' request in light of Fed. R. Civ. P. 16(b).

> "The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id." ***Curry V. St. Tammany Parish Sheriff's Dept***, .Civil Action No. 00-2462, Section "B" (2), (E.D.La. 2006).

Movers have shown that undue delay, bad faith or dilatory motive do not underlie this motion. Movers have shown that there has been no failure to cure deficiencies, but to the contrary, that amendment only clarifies for the benefit of all concerned what has already been well-pleaded. Movers have shown that prejudice will not occur, and demonstrate that amendment so promotes the Court's and parties' efforts to traverse the class certification phase, that futility is most improbable.

**CONCLUSION**

For the foregoing reasons, Barge Plaintiffs respectfully pray for an Order granting leave to file their Seventh Amended Consolidated Class Action Complaint for Damages, simultaneously recognizing Arcola Sutton's substitution for previous proposed class representatives, Harris Irvin and Rico Terrence Sutton.

Respectfully Submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com,
    karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:   202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
 Telephone: (212) 608-4400
 Facsimile: (212) 227-5159
 e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com


/s/Shawn Khorrami
Shawn Khorrami (CA SBN #14011)
H. Scott Leviant (CA SBN #200834)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
 Telephone: (213) 596-6000
 Facsimilie: (213) 596-6010
 e-mail: Skhorrami@kpalawyers.com;
 hsleviant@kpalawyers.com;
 Mbailey@kpalawyers.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 25 day of September, 2008.


\s\Brian A. Gilbert