UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182"K" (2) |
|  | § | JUDGE DUVAL |
|  | § | MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
|  | § | |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

The United States has moved for a protective order to preclude discovery of Topic 37 of Plaintiffs' 30(b)(6) Notice of Deposition for the United States of America, By and Through the United States Army Corps of Engineers (*see* R.D. 15349) on the basis that this topic seeks premature disclosure of expert testimony.  Specifically, the topic seeks discovery on "[t]he performance of the flood control structures along the MRGO, GIWW, and IHNC during Hurricane Katrina" (*Id.* at 15349-2, at 6), for purposes of determining which portions of the Interagency Performance Evaluation Task Force ("IPET") the Corps of Engineers adopts.  Because assessing "performance" of the flood control structures requires advanced storm surge modeling; engineering analyses of hydrodynamics; calculations of onset, rates, and duration of soil erosions; and modeling of soils under various hydrodynamic loading conditions – all matters within the bailiwick of an expert witness, a protective order precluding 30(b)(6) testimony of Topic 37 should be granted.  Furthermore, because the United States stipulates that the Corps of Engineers has not adopted the conclusions set forth in the IPET Report, requiring a witness to

present testimony adopting a position on this matter would be an abuse of the discovery process.

## BACKGROUND

Plaintiffs submitted a revised 30(b)(6) Notice of Deposition of the United States by and through the Army Corps of Engineers after the Court ordered Plaintiffs to pare down their original multidinous 168 topic notice to 40 cogent topics.  (*See* R.D. 14393.)  Most of these topics bear particularized focus on the purported deleterious environmental effects of the MR-GO and its role in the propagation of storm surge during a Hurricane Event.  Other topics, particularly topics 14-16 and 37, pertain to the hurricane flood protection structures and their condition, operation and maintenance prior to the storm; and their performance during the event. On July 11, 2008, Plaintiffs' expert Dr. Robert Bea submitted three declarations and three technical reports totaling approximately 1500 pages and included computer modeling of the erosion and breach developments of a levee section along the MR-GO.  (*See* R.D. 15317-3, at ¶ 15.)  Plaintiffs' experts also modeled the surge and waves generated by the storm.  (*Id*. at ¶¶ 7, 13.)  Similarly, the United States has designated two experts, Drs. Tom Wolff of Michigan State University, and Reed L. Mosher from the Corps' Engineer Research and Development Center, to analyze the surge and wave effects on the levees and floodwalls during Hurricane Katrina, and their performance.  Upon completion of their analyses, the United States' experts will submit timely expert reports in accordance with the Court's scheduling orders, and containing a complete statement of their opinions and the bases for them pursuant to Fed. R. Civ. P. 26(a)(2).

**ARGUMENT**

**A PROTECTIVE ORDER SHOULD BE GRANTED BECAUSE TOPIC 37 SEEKS PREMATURE EXPERT TESTIMONY AND THE UNITED STATES STIPULATES THAT THE CORPS OF ENGINEERS HAS NOT ADOPTED THE PRELIMINARY CONCLUSIONS OF THE IPET REPORT**

Under Rule 26(c) a court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1) & (D). A protective order is warranted upon the moving party showing "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1988) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

Disclosure of expert testimony, unless stipulated or otherwise ordered by the court, must be accompanied by a signed written report containing, *inter alia*, a complete statement of the expert's opinions and the data or other information considered in forming these opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). A court has the discretion to set schedules for the disclosure of expert testimony. Fed. R. Civ. P. 26(a)(2)(C). In the context of a deposition of an organization noticed pursuant to Fed. R. Civ. P. 30(b)(6), topics of inquiry that involve matters of expert testimony are subject to the comprehensive disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). *See e..g.*, *New York v. Solvent Chem. Co., Inc.*, 214 F.R.D. 106, 110 (W.D.NY. 2003).

The purpose of Topic 37 is to ascertain what portions of the IPET report the Corps of Engineers adopts, particularly statements in the report averring that the "structures that ultimately breached performed as designed, providing protection until overtopping occurred and then [became] vulnerable to catastrophic breaching." IPET Report Vol. I, at 3 (Interim Final)

(March 26, 2007) (Ex. 1).  Inquiry in this matter can most effectively be answered through expert testimony.  The performance of the levees and floodwalls listed in topic 37 are integral to ascertaining the salient issue in this case: Whether the purported increased surge from the MR-GO caused breaches and overtopping of the hurricane protection system, thereby flooding New Orleans East, St. Bernard Parish, and the Lower Ninth Ward.  (*See* Compl. ¶ 102.)  Discovery on the performance of flood protection structures is undoubtedly within the bailiwick of an expert witness.  This is plainly evident in Plaintiffs' own expert reports.  Plaintiffs' Dutch experts and expert Robert Bea have produced fifteen reports, totaling nearly 2,000 pages, on esoteric topics of storm surge and wave modeling; seepage of flood control structures; wave effects on levees; and erodibility of soils in levees.  Dr. Bea's declaration on the performances of the levees along Reach 2 of the MR-GO alone totals 196 pages, with 165 charts, tables, photographs, and illustrations; and is accompanied by an equally voluminous technical report.  (*See generally* R.D. 15317-2, Exs. 13, 14.)  The United States has designated two experts to speak on flood control structure performance.  The first is Dr. Tom Wolff of Michigan State University.  Dr. Wolff acted as a reviewer of the IPET report and worked with the IPET, American Society of Civil Engineers ("ASCE"), and National Science Foundation ("NSF") investigative teams in preparing a preliminary assessment of levee and floodwall performance for the United States Senate Committee on Homeland Security.  The second is Dr. Reed L. Mosher, of the Corps' Engineer Research and Development Center in Vicksburg, Mississippi.  Dr. Mosher was a co-leader of IPET Volume V, entitled "The Performance – Levees and Floodwalls," that focused on, as its name suggests, the performance of the hurricane protection system during Hurricane Katrina, including likely causes of failure for the levees and floodwalls.  Based on their investigations and

analyses, Drs. Wolff and Mosher would be the individuals most knowledgeable about the conclusions reached in the IPET report.

The Court has already set a schedule for the disclosure of expert testimony, including dates for depositions of these experts on the opinions stated in their reports.  (*See* R.D. 13438-3, at 4) (Setting an October 28, 2008 deadline for submission of United States' expert reports and December 1, 2008 for the completion of expert depositions).[1]  Plaintiffs' counsel will have an adequate opportunity to obtain discovery from the United States' experts after submission of their expert reports stating their opinions and the bases for the opinions thereon.

Finally, Plaintiffs are endeavoring to force the Corps of Engineers to take a position on an engineering investigation that is not yet complete.  Volumes I and VIII  of the IPET report are still in draft form.  Whether the Corps of Engineers elects to adopt all, some, or none of the conclusions in IPET is within the prerogative and judgment of the Chief of Engineers upon having a full and complete engineering investigation before him.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion for Protective Order.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

THOMAS DUPREE
Deputy Assistant Attorney General

---

[1] At the time of this writing, Plaintiffs and United States have jointly submitted a Proposed Amended *Robinson* Case Management Order, pushing the disclosure of the United States' expert testimony to December 22, 2008, with expert depositions concluding on February 6, 2009.

                    PHYLLIS J. PYLES
                    Director, Torts Branch

                    JAMES G. TOUHEY, JR.
                    Assistant Director, Torts Branch

                      /s/Daniel M. Baeza
                    DANIEL M. BAEZA
                    Trial Attorney
                    ROBIN D. SMITH
                    Senior Trial Counsel
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 888
                    Benjamin Franklin Station
                    Washington, D.C. 20044
                    (202) 616-4916 (tel.)
                    (202) 616-5200 (fax)
                    Dan.Baeza@usdoj.gov
                    Attorneys for Defendant United States

Dated: September 29, 2008

     Undersigned counsel certifies that on Friday, September 26, 2008 pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37.1E, he spoke by telephone with Joe Bruno, Plaintiffs' Liaison Counsel, to discuss the issues raised in the United States of America's Motion for Protective Order.  Counsel were unable to resolve the issues addressed in the motion and accompanying memorandum.

                    s/ Robin D. Smith
                    ROBIN D. SMITH
                    SENIOR TRIAL COUNSEL