UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | § | |
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |

PERTAINS TO:
ALL MRGO AND BARGE CASES

**JOINT REPORT REGARDING INDIVIDUAL
CASE SELECTION PROTOCOL**

Pursuant to the Court's CMO # 7 Order of May 1, 2008, (Doc. No. 12935), as well

as the Court's Minute Entry of August 28, 2008, (Doc. No. 14720), and undersigned counsel

having consulted with MRGO plaintiffs and defendants, with counsel for the United States, and

with the BARGE parties, hereby respectfully submit the following joint written report regarding

the status of agreement or disagreement regarding an individual case selection protocol for

merits trials in July 2009 in the MRGO geographic area, other than the sub-class area north of

Reach One of MRGO and the GIWW.

946566v.1

1.

MRGO plaintiffs and defendants have agreed that Schedule A attached hereto will constitute a pool from which individual claimants can be selected for the purposes of individual merits' trials in July, 2009, to be supplemented from time to time by agreement of the parties.

2.

The MRGO plaintiffs have submitted the trial plaintiff selection process set forth below, portions of which have been agreed to by MRGO defendants, but other portions of which are not agreed to by defendants.  The MRGO plaintiffs' suggested process is set forth first, and disagreements or proposed supplementation or modification of MRGO plaintiffs' process follow each of MRGO plaintiffs' suggestion within the brackets.  The bracketed information is provided by the MRGO defendants, and is objected to by MRGO plaintiffs.

**There will be 6 Plaintiffs randomly selected from Zone 1, and 6 Plaintiffs randomly selected from Zone 2. [MRGO Defendants accept Zones 1 and 2 as suggested in MRGO Plaintiffs' trial geography, but believe that four additional zones are required, as described below in paragraph 3 in order to fulfill the purpose of being instructive to the parties. As a consequence, MRGO Defendants propose there be one trial from each of six (6) geographic areas.]**

**Each Plaintiff shall agree:**

**A.)   to participate as a Trial Plaintiff, complete a questionnaire substantially in the form attached hereto as Exhibit B, and agree to participate in all pre-trial discovery and trial.  MRGO Defendants agree that the selected Trial Plaintiffs must: (1) agree to participate as a Trial Plaintiff; (2) agree to participate in all pre-trial discovery and trial; [(3) agree (if they are individual named class members in a class action that was consolidated into the MRGO Master Consolidated Class Action Complaint) to opt out of said putative class;] and, (4) complete the questionnaire substantially in the form attached as Exhibit B.  [However**

- 2 -

MRGO Defendants would require a process for determining these randomly selected potential Trial Plaintiffs that involves the participation of representatives of the MRGO Defendants and/or the Court in order to ensure the random selection of Trial Plaintiffs.]

B.)   with the agreement of the Government, to dismiss his/her FTCA suit and refile same but only if prematurely filed.  MRGO Defendants (including the United States), agree with the proviso that no party will oppose consolidation of the re-filed suit against the United States with the corresponding Trial Plaintiffs' suit against the remaining MRGO Defendants. However the pleadings of these individual Trial Plaintiffs' case shall be (with the exception of the class allegations) the factual and legal allegations contained in the MRGO Consolidated Master Complaint, as amended; as well as the existing answers and Motions filed in response to the MRGO Consolidated Master Complaint by each MRGO defendant. In other words the individual case pleadings and responses shall be, for all purposes, the Master Consolidated Complaint, and the Answers and Motions already filed in response to the MRGO Consolidated Master Complaint.

C.)   agree that the MR-GO PSLC will, in its sole and uncontrolled discretion, control, without limitation, the preparation and presentation of all liability and causation issues.

If one or more Trial Plaintiff(s) elect not to so agree and participate they shall be removed from the pool, and additional randomly selected Plaintiffs will be added to the prospective pool.  [MRGO Defendants agree, provided the procedures it has suggested above to ensure random selection are followed for any such supplementation of the list of potential Trial Plaintiffs.]

Thereafter, the Court will review the prospective Trial Plaintiff pool and thereafter select two (2) Trial Plaintiffs for each zone. Discovery as to these Trial Plaintiffs will proceed in anticipation of trial.  [MRGO Defendants agree that the Court should review the potential Trial Plaintiffs selected by the foregoing process based upon the answers to the Plaintiffs'

946566v.1

**Profile attached as Exhibit B.  MRGO Defendants note that there would only be one (1) Trial Plaintiff selected from each of the six (6) zones suggested by MRGO Defendants' proposed modifications to the Individual case selection protocol set forth in this Joint Report.]**

3.

Trial Geography

There will be two (2) zones, Zone 1 is  bounded by the Mississippi River, the IHNC, North Claiborne Avenue and Caffin Ave. Zone 2 is bounded by Florida Blvd., the IHNC, North Claiborne Avenue and Caffin Ave.  **[MRGO Defendants propose that the entire geography of the MRGO area be included in the case selection process.  To that end, MRGO Defendants would accept the two zones proposed by MRGO Plaintiffs, but add to those zones the following additional four (4) zones.  Zone 3, that would be bounded by the Mississippi River, North Claiborne Ave., the east side of Caffin Ave., and the Orleans Parish line. Zone 4, that would be bounded by North Claiborne Ave., Florida Blvd., the east side of Caffin Ave., and the Orleans Parish line.  Zone 5 would be all of Arabi in St. Bernard Parish, and Zone 6 would be all of Chalmette in St. Bernard Parish.]**

4.

Trial Issues

Trial will address the North and South Breaches of the IHNC and all associated liability and causation issues as more fully plead in the MR-GO Consolidated Master Class Action Complaint as amended. Trial will also address the damage claims of those selected as Trial Plaintiffs.  **[MRGO Defendants would insist that the individual cases would include a trial of all allegations and issues raised by those allegations in the MRGO Consolidated Master Class Action Complaint as amended.  For example (without limitation) a trial of the**

- 4 -

allegations made with regard to breaches and overtopping of the MRGO levees, any allegations of fault related thereto, causation, damages, and defenses related thereto. Individual merits trials should not be limited to the North and South Breaches of the IHNC.]

5.

The Court is encouraged to allow interested Plaintiffs to apply to the Court for inclusion as Trial Plaintiffs.  [MRGO Defendants disagree with inclusion of any "interested Plaintiffs" who do not meet the criteria of (1) being a named plaintiff who filed, on or before August 29, 2006, an individual class action or other suit naming one or more of the Defendants in the MRGO Consolidated Master Class Action Complaint; (2) being a named plaintiff who has timely filed a Form SF 95 with the United States.]

6.

In consultation with counsel for Lafarge North America regarding the BARGE category of cases, it was determined that the BARGE parties had agreed to make the following representation to the Court in this Joint Report.

We have conferred with Brian Gilbert and have prepared the paragraph set forth below based on those discussions.

Barge Cases:  Barge defendant Lafarge North America Inc. ("LNA") believes that, for the reasons stated in its August 26, 2008 letter as well as prior submissions to the Court, the issue of class certification needs to be resolved before designation of individuals for trial.  The Barge Plaintiffs, while not adopting LNA's rationale, have stated that they "agree with LNA that class cert[ification] should be addressed before designation of individuals for trial."

946566v.1

- 6 -

**If it is determined that the Barge claims will not proceed as a class action, then the parties would have an opportunity to select, from a wider universe of individual plaintiffs, a number of plaintiffs whose individual claims would be instructive of the Barge track claims and defenses, and to identify those plaintiffs to the Court.**

7.

Undersigned Counsel request a conference with the Court to discuss and resolve the differences reflected in the foregoing report of the parties' position regarding the individual case selection protocol.

**WHEREFORE**, the undersigned counsel hereby respectfully submit the following written joint report regarding the individual case selection protocol for the selection of merits' trials presently scheduled to occur in July 2009, and request a conference with the Court to discuss and resolve the differences reflected in the foregoing joint report.

946566v.1

Dated:          September 29, 2008

Respectfully submitted,


/s/ Joseph M. Bruno
Joseph M. Bruno, Bar No. 3604
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  504 525-1335
Facsimile:  504 561-6775
jbruno@brunobrunolaw.com

*Plaintiffs' Liaison Counsel*

Brian A. Gilbert, Esq.
Law Office of Brian A. Gilbert P.L.C.
821 Baronne Street
New Orleans, LA 70113
*Barge Plaintiffs Liaison Counsel*




/s/Thomas P. Anzelmo
Thomas P. Anzelmo, 2533
Mark E. Hanna, 19336
Kyle P. Kirsch, 26363
Andre J. Lagarde, 28649
McCranie, Sistrunk, Anzelmo, Hardy,
 Maxwell & McDaniel
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
Facsimile:   (504) 831-2492

And

James L. Pate, 10333
Ben L. Mayeux, 19042
          Of
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana  70505-2828
Telephone:  (337) 237-7000

*Attorneys for the Board of Commissioners for
the Orleans Levee District*

/s/ William D. Treeby
William D. Treeby, La. Bar 12901
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  504-593-0807
Facsimile:   504-596-0807
wtreeby@stonepigman.com

*Counsel for Washington Group
International, Defendant*




/s/Robin D. Smith
Robin D. Smith
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Telephone:  (202) 616-4289
Facsimile:   (202) 616-5200

*Attorney for United States*

- 7 -

946566v.1

/s/Gary M. Zwain
_____
Gary M. Zwain, 13809
Lawrence J. Duplass, 5199
Duplass, Zwain, Bourgeois, Morton, Pfister &
Weinstock
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119

*Attorneys for Board of Commissioners for the
Lake Borgne Basin Levee District*

Robert B. Fisher, Jr., 5587
Derek A. Walker 13175
Ivan M. Rodriguez 22574
Chaffe McCall, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075


/s/John D. Aldock
_____
John D. Aldock
Richard M. Wyner
Mark S. Raffman
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb, 13294
Sutterfield & Webb, LLC
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Joint Report Regarding Individual Case Selection Protocol has been served upon all counsel of record via the Court's CM/ECF notice of electronic filing and by sending same via electronic mail, properly addressed, this 29th day of September 2008, to Joseph M. Bruno and Ralph S. Hubbard III, respectively Plaintiff and Defendant Liaison Counsel.

*/s/ William D. Treeby*
_____

946566v.1