UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re KATRINA CANAL BREACHES LITIGATION | * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" MAG. (2) |
| PERTAINS TO: BARGE | * | JUDGE STANWOOD R. DUVAL, JR. |
| *Boutte v. Lafarge*          05-5531 | | |
| *Mumford v. Ingram*       05-5724 | * | MAG. JOSEPH C. WILKINSON, JR. |
| *Lagarde v. Lafarge*        06-5342 | | |
| *Perry v. Ingram*             06-6299 | * | |
| *Benoit v. Lafarge*           06-7516 | | |
| *Parfait Family v. USA*   07-3500 | * | |
| *Lafarge v. USA*              07-5178 | | |
| *  *  *  *  *  * | * | *  *  *  *  *  * |

**MEMORANDUM IN REPLY TO LAFARGE NORTH AMERICA INC.'S OPPOSITION TO MOTION FOR LEAVE OF COURT TO FILE NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AND THE NORTHERN ASSURANCE COMPANY OF AMERICA'S <u>FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS</u>**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come American Home Assurance Company ("AHAC") and The Northern Assurance Company of America ("NACA") (hereinafter, collectively referred to as the "Excess Insurers") and respectfully file this reply memorandum in further support of their motion for leave of the Court to file an Amended Answer to assert Cross-

Claims against defendants Lafarge North America, Inc. ("Lafarge") and American Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "Club"). This is the Excess Insurers' first request for leave to amend their answer.

## LEGAL ARGUMENT

Excess Insurers respectfully seek leave of Court to file this reply memorandum in response to Lafarge's opposition to motion to Amend the Answer for the following reasons:

### A. **Excess Insurers Have Shown Good Cause Under Rule 16(b)**

Lafarge argues that Excess Insurers' motion to amend should be determined under the four-part "good cause" test under Rule 16(b) of the Federal Rules of Civil Procedure. Whether the Court entertains this motion under Rule 15(a) or 16(b), the result should be the same. Excess Insurers have met the four-part test for granting their motion to amend.

#### 1. **The Explanation For The Failure To Timely Move For Leave To Amend**

It was not until March 11, 2008, that Lafarge for the first time made a demand upon Excess Insurers to pay defense costs, expenses, etc., as the primary liability policy's limit was getting near exhaustion. Thus, while Excess Insurers had filed their Answer to the Barge Plaintiffs' Complaint alleging certain affirmative defenses (which remain unchanged even through the proposed First Amended Answer), Excess Insurers' cross-claims against Lafarge and/or the Club were not ripe until some five months ago. Further, because of the conflict created by the original counsel's representation of both Lafarge and Excess Insurers, separate counsel had to be appointed to represent the Excess Insurers' interest, which in part, delayed the filing this motion to amend.

In the meantime, the insurance actions have been effectively stayed for the last two plus years by this Court in favor of the New York litigations. That means that despite the Court's

Case Management Order No. 5 setting various deadlines (for the conduct of discovery, motion practice, filing pleadings, etc.), until the July 1, 2008 conference, NO activity had taken place in the insurance actions. Further, this Court in its August 29th Order effectively continued the stay of the insurance coverage actions but reserved the right for the Barge Plaintiffs to pursue their insurance coverage claims at a later time. *See* Docket No. 14719. Now that Judge Haight has granted the Club's motion for summary judgment (meaning the Barge Plaintiffs may be precluded from potentially $4 billion in insurance coverage), we fully expect the Barge Plaintiffs to request that this Court lift its stay with regard to the insurance coverage issues.

Under such circumstances, the Excess Insurers, even if they are late in asserting their cross-claims, still should be given the opportunity to assert their cross-claims against Lafarge and the Club to permit, among other things, a full and consistent adjudication of the rights of all interested parties, which cannot be accomplished in the New York action.

2. **The Importance Of The Amendment**

Lafarge also inaccurately represents that Judge Haight's Order granting summary judgment in favor of the Club is (1) binding on Excess Insurers and (2) it resolves all coverage issues between Excess Insurers and Lafarge and/or the Club. Therefore, Lafarge argues the amendment is not that important. This assertion is also not correct because there is a substantial coverage dispute between Excess Insurers and Lafarge over whether Lafarge has breached its obligation to maintain certain underlying insurance policies (for instance with respect to the Club's P&I Policy), under the Maintenance of Underlying Insurance Clause in the Excess Policy. It is important to note that Judge Haight has yet to articulate the basis of his Order of non-coverage under the Club policy. The possibility exists that Judge Haight may have decided that non-coverage order, based on a failure by Lafarge to maintain coverage with the Club through

Lafarge's past practices or other failures. The outcome of the dispute on this issue may result in the gap in coverage, if any, being a self-insured retention by Lafarge. Further, as discussed in more detail in the reply papers in response to the Club's opposition to this motion, the coverage determination by Judge Haight between the Club and Lafarge (with the purposeful exclusion of Excess Insurers in that determination) is not binding as issue preclusion or collateral estoppel upon Excess Insurers. *See* Docket No. 15000-2, at pp. 2-4.

Therefore, this amendment is very important to Excess Insurers.

### 3. Potential Prejudice In Allowing The Amendment

There is no prejudice to any parties to the insurance coverage cases because <u>no</u> discovery or substantive motion practice has taken place in the insurance actions. Under such circumstances, allowing the amendment does not in anyway interrupt the flow of the litigation or delay the resolution of the insurance cases.

### 4. The Availability Of A Continuance To Cure Such Prejudice

There is no need for a continuance as no activity has taken place in these insurance cases, nor is there even a deadline for filing motions for summary judgment.

As a final point, Excess Insurers are not seeking to have the coverage issues decided twice. The fact of the matter is that no matter what coverage determination is made in New York, the Barge Plaintiffs are not bound by such a decision and thus it appears very likely that the coverage issues may be entertained twice.

## **CONCLUSION**

For all the foregoing reasons as well as those stated in the Excess Insurers' moving papers, the Court should grant the Excess Insurers' motion to amend the Answer and to assert the cross-claims as set forth in the proposed pleading.

Respectfully submitted:

*/s/ Frank A. Piccolo*
FRANK A. PICCOLO (02049)
PREIS & ROY, APLC
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile:  (504) 522-9129

- and -

NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Nooshin Namazi (NN-9449)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Telephone: (212) 220-3830
Facsimile: (212) 220-3780
Email:  jnicoletti@nicolettihornig.com
File No.: 10000478 JAVN/NN

COUNSEL FOR AMERICAN HOME ASSURANCE COMPANY AND THE NORTHERN ASSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record in these proceedings by:

     (   ) Hand Delivery           (   ) Prepaid U.S. Mail

     (   ) Facsimile               (   ) Federal Express

     ( √ ) ECF Filing             (   ) E-Mail

New Orleans, Louisiana, this 29th day of September, 2008.

                                             */s/ Frank A. Piccolo*
                                             FRANK A. PICCOLO

X:\Public Word Files\1\478\Legal\Katrina Case - E.D. La\MOL by Excess Insurers Motion to Leave to File Amend Answer\Reply\Reply MOL by Excess Insurers to Lafarge's Opp to Motion for Leave to Amend.9.26.08.mm.doc

6