UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |

## DECLARATION OF BARGE PLAINTIFFS' LIAISON MASTER, BRIAN A. GILBERT, IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A CLASS AND POTENTIAL SUBCLASSES, TO APPOINT CLASS COUNSEL, AND TO PRELIMINARILY APPROVE PLAINTIFFS' PROPOSED TRIAL PLAN

I, **BRIAN A. GILBERT**, declare as follows:

I am a lifelong New Orleanian, a graduate of Isidore Newman School, the University of New Orleans, and the Loyola University School of Law in New Orleans.

I have been a practicing attorney in New Orleans for the past sixteen years, licensed and permitted to practice in the Courts of the State of Louisiana, United States District Courts for the Middle and Eastern Districts of Louisiana, and United States Fifth Circuit Court of Appeals.

I have never been admonished, suspended, nor subject to any discipline in connection with the practice of law.

1

My experience in the practice of law which is relevant to the matter *sub judice* is focused upon litigation on behalf of plaintiffs in the areas of personal injury and wrongful death arising through maritime torts, products liability, medical and nursing malpractice, premises liability, automotive liability, liability for hazardous conditions, and others; federal civil rights litigation arising out of law enforcement, employment and other triggering events. Additionally, I have a measure of Thimerosal Class Action Litigation experience.

I have extensive litigation experience in State and Federal Courts, litigating state law, federal law, and admiralty cases. My admiralty and maritime experience includes litigation of matters arising under the Jones Act, LHWCA, general maritime laws of unseaworthiness and maintenance and cure, pleasure boating incidents, other accidents or injuries to blue water and brown water seamen aboard vessels, floating and fixed platforms and other structures, and professional diving accidents. I have represented persons injured by negligent barge operations, and due to negligent vessel mooring methods. During law school, I was a law clerk for the general counsel of Lykes Brothers Steamship Company, still headquartered at the time in New Orleans.

I have been employed by, contracted to, and of counsel to several plaintiff-oriented law firms of varying size and focus during my career. Presently, I am the sole proprietor of the Law Office of Brian A. Gilbert, P.L.C., established in June 2005. In addition to the matter *sub judice*, known colloquially as "The Barge Case," my practice has included extensive plaintiff personal injury and wrongful death litigation in the areas of medical and nursing malpractice. I have been referred such cases by members of the judiciary and malpractice defense bar. However, since late 2006 and early 2007, the greater part of my pre-Katrina caseload has been outsourced or resolved without replacement by new cases in order to redirect the focus of my practice, and my time and resources,

to this case. My practice was relocated in 2006 to the physical offices of Wiedemann & Wiedemann in order to promote prosecution of same. In addition to this matter, my office is general counsel for several general construction companies performing work primarily under the Louisiana Public Works Act. This has led to extensive experience not only in construction litigation, but in all manner of legal matters arising through these businesses' operations before and after Katrina.

My practice currently consists of two attorneys - myself and an associate assigned exclusively to this matter. We have an array of resources including but not limited to additional legal, administrative, clerical and managerial staff, financing, protocols for client acquisition, contact and database management, computer-based document storage and legal research capabilities, physical file organization and evidence management, as well as highly competent outsourced vendors for multiple functions associated with this case.

I am one of three attorneys who commenced the present action shortly after Katrina. Upon receiving information from co-counsel and PSLC member Patrick J. Sanders that ING 4727 had been subject of the casualty alleged herein, I contacted Wiedemann & Wiedemann to propose formation of the venture which has evolved to the present Barge PSLC. Throughout post-Katrina 2005, all of 2006, and into late 2007, Pat Sanders, Lawrence Wiedemann and I were singlehandedly responsible for prosecution of the matter, which consisted and still consists not only of the suit we filed, but of other suits consolidated therewith. After our appointment in 2006 as interim putative class counsel, and counsel for Group A (all claimants in limitation in the matter In Re Ingram Barge Company, etc., CA 05-4419 and consolidated cases), I was referred the consolidated case, *Boutte, et al v. Lafarge North America, Inc., et al*, and later also referred the matters, *Lagarde, et al v. Lafarge, et al*, and *Perry v. Ingram*, et al. I have also been receiving client referrals since commencement of the case

from several other attorneys. Recently, along with co-counsel Lawrence Wiedemann and Karen Wiedemann, I played a substantial role in acquiring the St. Bernard Parish Government for retention of the Barge PSLC in this matter.

My office has undertaken a central and leading role in prosecution of this matter. I secured retention by thousands of putative plaintiffs through late 2006, and since this matter's inception and through the present, alone and with my co-counsel, have participated in or conducted nearly every prosecutorial event including but not limited to legal and factual research; all pleadings and motions; all discovery and depositions; expert retention; all interface with opposing counsel and counsel for Barge Plaintiffs not represented by my office; all court appearances and argument; trial and appeal of the limitation actions; all development of evidence, tactics and strategies for prosecution of this matter; public and media contacts and appearances, as well as significant oversight of both small and large scale activities inherent to prosecution of this case.

Since deconsolidation of this matter from the said limitation actions and consolidation into the *Katrina Canal Breach Consolidated Litigation*, Barge Litigation Track, I have been confirmed as a member of the Barge Plaintiffs' Subgroup Litigation Committee, and have been appointed Barge Plaintiffs' Liaison Master to the Preliminary Master Committee. My duties as such have further emphasized the central role I have undertaken in this litigation, and have included, of course, interface on behalf of the Barge PSLC with the Court and all counsel; ultimate responsibility for articulating and designating matters of common direction and purpose significant to all parties and the Court; significant participation in and influence over the coordination, scheduling and planning for the orderly course of these consolidated proceedings through resolution; acquisition and analysis of evidence, proof and tactics undertaken in or derived from other consolidated litigation tracks

herein. I have been active in financing prosecution of this matter. I have had a continuing role in the formation, composition, coordination, and development of the of the Barge PSLC, and *pro hac vice* appearances of non-PSLC attorneys on behalf of the Barge Plaintiffs.

As my clients, co-counsel, friends, and family (including my wife, also an attorney), can attest, I have made this case a focal point in my life and in my career. I am committed to the successful prosecution of this matter to an extent at which much else in my personal and professional life have become secondary, though not without the ample support of those around me. I have devoted more than four thousand hours to this matter since its inception, including nights, weekends, and even while on vacation. I am committed, to say the least, to providing the highest possible level of representation to the putative class, and to bringing this matter to its optimal resolution.

I declare under the penalty of perjury under the laws of the State of Louisiana and the United States of America that the foregoing is true and correct.

Executed on this 27th day of September, 2008, in New Orleans, Louisiana.

Declarant: _____
Brian A. Gilbert,
Barge Plaintiffs' Liaison Master