UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * CIVIL ACTION * * NO. 05-4182 * and consolidated cases |
| PERTAINS TO:   BARGE | * * SECTION "K" (2) |
| *Boutte v. Lafarge*_    05-5531 *Mumford v. Ingram*    05-5724 *Lagarge v. Lafarge*    06-5342 *Perry v. Ingram*    06-6299 *Benoit v. Lafarge*    06-7516 *Parfait Family v. USA*    07-3500 *Lafarge v. USA*    07-5178 | * * * * JUDGE * STANWOOD R. DUVAL, JR. * * MAG. JOSEPH C. WILKINSON, JR. * * |

**DECLARATION OF RICHARD T. SEYMOUR IN SUPPORT OF PLAINTIFFS'MOTION TO CERTIFY A CLASS AND POTENTIAL SUBCLASSES, TO APPOINT CLASS COUNSEL, AND TO PRELIMINARILY APROVE PLAINTIFFS' PROPOSED TRIAL PLAN**

I, RICHARD T. SEYMOUR, declare as follows:

1.   The Law Office of Richard T. Seymour., is my practice based in the District of Columbia.  I am co-counsel for the Plaintiffs in the above entitled action.  I make this declaration in support of Plaintiffs' Motion for Class Certification.  I have personal knowledge of the matters stated herein and if so called upon as a witness, could and would testify competently thereto.

### A.   Maps of the Proposed Class Area

2.   The proposed Class Area defined in ¶ 29 of the proposed Barge Plaintiffs' Seventh Amended and Consolidated Class Action Complaint is "the Industrial Canal floodwall on the West, Paris Road on the East, the Mississippi River on the South, and, on the North, the Public Belt or other

Railway adjacent to and immediately north of Florida Avenue and the east-west channel or canal (Florida Walk Canal and Forty Arpent Canal) extending from the aforementioned railway to Paris Road."

4. The area immediately bordering the Industrial Canal on the West is Census tract 7.01. Below it and looping to the East along the river is tract 7.02. Further to the East are a tier of three Census tracts with Census tract 9.02 at the top, Census tract 9.03 in the middle, and Census tract 9.04 in the lower position. Census tract 8 lies below that. The next tract to the East is a tall vertical Census tract, 9.01, which goes up to the line dividing Orleans Parish from St. Bernard Parish. Census tracts 7.02 and 8 lie between the bottoms of tracts 9.04 and 9.01 and the Mississippi River.

5. I have downloaded maps of these Orleans Parish Census tracts and have attached them as Attachment A hereto, Bates-numbered RTS 1 through RTS 8.

6. In St. Bernard Parish to the East, Census tract 303 is a tall vertical tract running from the Northern boundary of the class area to the Mississippi River. To its East is Census tract 304, which starts at the Northern boundary of the class area with a narrow neck, then goes South to the Mississippi and loops East along the Mississippi (the Southern boundary of the class area) to Paris Road, the Eastern boundary of the class area. To its East, and to the North of its Southern loop, are Census tracts 305, 306.01, 306.02, and 306.03.

7. Census tract 308 on the North and Census tract 307 on the South together go from the Northern boundary of the class area to the Mississippi River, the Southern boundary. Roughly 60% of each of these two Census tracts by my eyeball estimation is in the class area, and roughly 40% is

East of Paris Road, the Eastern class boundary.

8. I have downloaded maps of these St. Bernard Parish Census tracts and have attached them as Attachment B hereto, Bates-numbered RTS 9 through RTS 16.

B. **Census Statistics for the Proposed Class Area**

9. I have also downloaded Census statistics for each of these Census tracts, and have compiled the following table:

| **Description of Sample:** | Occupied Housing Units, 2000 | Median No. of Rooms, 2000 | Owner-Occupied Units, 2000 | Renter-Occupied Units, 2000 | Occupants in Residences |
|---|---|---|---|---|---|
| **Source Census Table:** | (QT-DP-4) | (QT-DP-4) | (QT-H-3) | (QT-H-3) | (QT-H-3) |
| | | | | | |
| **A. Orleans Parish Census Tracts** | | | | | |
| 7.01 | 1,137 | 5.0 | 689 | 448 | 3,272 |
| 7.02 | 1,109 | 4.2 | 404 | 705 | 2,921 |
| 8 | 873 | 5.0 | 428 | 445 | 2,498 |
| 9.01 | 956 | 5.1 | 605 | 351 | 2,675 |
| 9.02 | 999 | 4.9 | 600 | 399 | 2,990 |
| 9.03 | 929 | 5.1 | 548 | 381 | 2,710 |
| 9.04 | 799 | 5.0 | 396 | 403 | 2,339 |
| **Total for Orleans Parish Census Tracts:** | 6,802 | | 3,670 | 3,132 | 19,405 |
| | | | | | |

| **B. St. Bernard Parish Census Tracts** | | | | | |
|---|---|---|---|---|---|
| 303 | 1,008 | 4.9 | 592 | 416 | 2,127 |
| 304 | 1,120 | 5.2 | 2,006 | 470 | 2,476 |
| 305 | 1,361 | 5.8 | 1,250 | 111 | 3,361 |
| 306.01 | 995 | 6.1 | 785 | 210 | 2,742 |
| 306.02 | 1,730 | 5.2 | 1,418 | 312 | 4,107 |
| 306.03 | 1,247 | 4.0 | 207 | 1,040 | 3,330 |
| 307 | 914 | 5.1 | 554 | 360 | 2,106 |
| 307 (60% weight) | 548 | 5.1 | 332 | 216 | 1,264 |
| 308 | 2,124 | 4.7 | 1,088 | 1,036 | 5,159 |
| 308 (60% weight) | 1,274 | 4.7 | 653 | 622 | 3,095 |
| | | | | | |
| **Total for St. Bernard Parish, weighting tracts 307 and 308 at 60% of their full values:** | 9,284 | | 7,243 | 3,397 | 22,502 |
| | | | | | |
| **C. Total Class Area, weighting tracts 307 and 308 at 60% of their full values:** | 16,086 | | 10,913 | 6,529 | 41,907 |

10.  I have downloaded Census table QT-DP-4, "Profile of Selected Housing Characteristics: 2000 Data Set: Census 2000 Summary File 4 (SF 4) - Sample Data," for the Class Area. It is attached hereto as Attachment C, Bates-numbered RTS 16 through RTS 47. Census tracts

307 and 308 in St. Bernard Parish were given a 60% weight so as to exclude the areas East of Paris Road, which visually appeared to me to be approximately 40% of the land area. The chart above was tabulated from this information and the information described in ¶ 14 below, and from the maps of Census tracts 307 and 308 described in ¶ 11 above.

11. I have downloaded Census table QT-H-3, "Household Population and Household Type by Tenure: 2000 Data Set: Census 2000 Summary File 4 (SF 4) - Sample Data," for the Class Area. It is attached hereto as Attachment D, Bates-numbered RTS 48 through RTS 62. Census tracts 307 and 308 in St. Bernard Parish were given a 60% weight so as to exclude the areas East of Paris Road, which visually appeared to me to be approximately 40% of the land area. The chart above was tabulated from this information and the information described in ¶ 13 above, and from the maps of Census tracts 307 and 308 described in ¶ 11 above.

      **C.**    **Economic Census Statistics for the Proposed Class Area**

12. The class representatives' properties within the class area had zip codes of 70117 in the Lower Ninth Ward and 70043 in St. Bernard Parish West of Paris Road. In addition, zip codes 70032 is wholly within the proposed Class Area. While these three zip codes are over-inclusive because they are not coterminous with the class area, they provide an indication of numerosity.

13. The U.S. Postal Service web site displays a link to a Zip code mapping service, Maponics. I have attached as Attachment I, Bates-numbered RTS 71, a Maponics map I downloaded today showing the areas covered by these three zip codes.

14. Economic Census business statistics by zip code are under-inclusive because they do not include utilities, manufacturing, wholesale trade, transportation, warehousing, information, finance, insurance, rental, leasing, real estate, and company management businesses. I have

downloaded from the Census Bureau web site a Guide to Economic Census reports for geographic areas making clear that these omissions are intended to prevent the identification of any individual firm from the data made available. The Census Bureau does not make available data for individual Census tracts. I assume that this is for the same reason. The Census Bureau's Guide is attached hereto as Attachment E, Bates-numbered RTS 63 through RTS 64.

15. On January 31, 2008, I downloaded U.S. Bureau of the Census, ZIP Code Business Patterns (NAICS) for 2004 for the selected zip codes, and tabulated them in the table above. The information for zip code 70117 is attached hereto as Attachment F, Bates-numbered RTS 65 through 66. The information for zip code 70043 is attached hereto as Attachment G, Bates-numbered RTS 67 through 68. The information for zip code 70032 is attached hereto as Attachment H, Bates-numbered RTS 69 through 70.

16. The 2004 Economic Census reports the following information as to businesses in zip codes 70117 and 70043:

| Zip Code | 2004 Business Establishments |
|---|---|
| 70117 | 437 |
| 70032 | 165 |
| 70043 | 721 |
| **Total** | 1,158 |

The above figures do not include noncommercial nonresidential properties, or the categories of businesses identified in ¶ 15 above.

17. To some extent, the over-inclusiveness of the geographic areas in Zip Codes 70117 and 70043 may be offset the under-inclusiveness of the businesses reflected in the above table. At a

minimum, it seems safe to say that there were several hundred businesses in the proposed Class Area before Hurricane Katrina.

### D. Qualifications

18. The Law Office of Richard T. Seymour, P.L.L.C. brings to the table significant experience in large scale plaintiff class actions. Based in the District of Columbia, the Law Office of Richard T. Seymour, represents plaintiffs in discrimination and wage & hour class actions and collective actions and other types of class actions. The firm also represents individual executives and whistleblowers in negotiating severance agreements and other matters, and in litigation.

19. I graduated from Harvard Law School in 1968, and since then I have specialized in the litigation of large-scale employment discrimination class actions and wage & hour class actions and collective actions. Prior to forming the Law Office of Richard T. Seymour in 2005, I worked at the U.S. Commission on Civil Rights; the Washington Research Project; the Lawyers' Committee for Civil Rights Under Law; and Lieff, Cabraser, Heimann & Bernstein, LLP.

20. I am, or have been, lead counsel or one of the lead counsel in many large scale class actions, obtaining more than $40 million dollars in verdicts and settlements against large companies and Federal, State and local government agencies, exclusive of recoveries in cases in which I have been co-counsel but not one of the lead counsel. Some of the cases I prosecuted as lead counsel include:

> (a) *Sledge v. J.P. Stevens & Co.,* 10 E.P.D. ¶ 10,585 (E.D.N.C. 1975) (decision finding classwide discrimination in hiring, initial assignments, promotions, racial reservations of various job categories for whites, etc., in nine plants and three office

facilities of the defendant), 12 E.P.D. ¶ 11,047 (E.D.N.C. 1976) (issuance of decree), 585 F.2d 625 (4th Cir. 1978), *cert. denied,* 440 U.S. 981 (1979) (affirming all findings of discrimination except as to seniority, affirming all nonquota relief and reversing quotas, reversing findings of nondiscrimination as to the named plaintiffs, reversing a ruling on the limitations period which restricted back pay recovery, and affirming other preliminary back pay rulings in the absence of evidence that they would frustrate meritorious claims), 52 E.P.D. ¶ 39,537 (E.D.N.C. 1989) (denying motion to vacate 1975 findings of liability in light of *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 104 L. Ed. 2d 733, 109 S. Ct. 2115 (1989)), *summarily affirmed* (4th Cir. 1990) (unreported), settled in 1995 for $ 20 million in back pay and interest for the named plaintiffs and the class.  Fee awards well in excess of $ 1 million were also made.

  (b) *Brewer v. Miller Brewing Co.,* C.A. No. 93-CV-1600 (FJS) (N.D.N.Y.). (co-worker racial harassment class action, settled in 1995 for almost $ 2.7 million in compensatory damages and an additional award of fees);

  (c) *Dowdell v. Ona Corp. and Onan Corp.*, C.A. No. 97-S-2390-NE (N.D. Ala.) (co-worker racial harassment and racial discrimination class action, settled for $2.5 million in compensatory damages and an additional award of fees);

  (d) *Pegues v. Mississippi State Employment Service,* 488 F.Supp. 239  (N.D.Miss. 1980) (racial and sexual discrimination class action against blacks and women in employment referrals, settled for $7.2 million).  The Fifth Circuit affirmed in part and reversed in part, entering its own findings of classwide racial and sexual discrimination as to several MSES practices.  699 F.2d 760 (5th Cir.), *cert. denied,* 104 S. Ct. 482 (1984).

Numerous unofficially reported orders, many consented or stipulated, have been entered as to the Decree and the processing of the back pay claims.  See 34 E.P.D. ¶ 34,538 (N.D.Miss. 1984) (preliminary back pay issues); 35 E.P.D. ¶ 34,645 (N.D.Miss. 1984) (setting interest rate); 35 E.P.D. ¶ 34,741 (N.D.Miss., 1984) (decree approved); 36 E.P.D. ¶ 34,976 (N.D.Miss. 1986) (further back pay issues); 45 E.P.D. ¶ 37,781 (ordering classwide approach to back pay and issuing rulings on further issues); 698 F.Supp. 116 (N.D.Miss. 1988) (ordering classwide approach to mitigation); 899 F.2d 1449 (5th Cir. 1990) (rejecting MSES defendants' arguments against the award, and reversing a limitation on the award).

(e) *Payne v. Travenol Laboratories, Inc.,* 416 F.Supp. 248 (N.D.Miss. 1976) (finding classwide race and sex discrimination); 565 F.2d 895 (5th Cir. 1978), *cert. denied,* 439 U.S. 835 (1978) (affirming in part, and reversing in part, an injunctive order); 673 F.2d 798 (5th Cir.), *cert. denied,* 459 U.S. 1038 (1982) (affirming findings of intentional discrimination, affirming the bulk of the relief ordered by the district court, and reversing some time limitations on class membership; settled in 1991 for $ 1.1 million, remedial hires, and an additional award of fees);

(f) *Lewis v. Bloomsburg Mills,* 31 CCH Emp.Prac.Dec. ¶ 33,343, C.A. No. 73-324 (D.S.C. Dec. 30, 1982), *rev'd in part and aff'd in part*, 773 F.2d 561 (4th Cir. 1985) (race and sex discrimination class action, settled in 1986 for $ 1.1 million and an additional award of fees);

(g) *Connor v. Harris County,* C.A. No. H-88-0078 (S.D. Tex.) (racial discrimination class action challenging the County's hiring test for jailer positions, settled in 1994 for 200 remedial black hires, $ 950,000 in back pay to the class, and

an additional award of fees); and

(h) *Sines v. Service Corp. Int'l et al.*, C.A. No. 03 Civ. 5465 (SC) (S.D.N.Y.) (class and collective action for overtime violations, settled in 2006 for $4.45 million).

21. I have been lead counsel in numerous other class actions in which the primary relief sought and obtained was injunctive relief.

22. I have been co-counsel in the filing of the following briefs, among others, as *amicus curiae* in decided cases in the Supreme Court, on behalf of the Lawyers' Committee for Civil Rights Under Law (and sometimes other organizations joining us): *Circuit City Stores v. Adams*, No. 99-1379 (argued but not yet decided); *Kolstad v. American Dental Association*, 527 U.S. 526 (1999); *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097 (2000); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Piscataway Township Board of Education v. Taxman*, No. 96–679 (settled before argument); *United States v. Virginia,* 518 U.S. 515 (1996); *Adarand Constructors, Inc., v. Pena,* 515 U.S. 200 (1995); *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352 (1995); *ABF Freight System, Inc. v. N.L.R.B.,* 114 S. Ct. 835, 127 L. Ed. 2d 152 (1994); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993); *E.E.O.C. v. Arabian American Oil Co.,* 499 U.S. 244 (1991); *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642 (1989); *Watson v. Fort Worth Bank & Trust Co.,* 487 U.S. 977 (1988); *Goodman v. Lukens Steel Co.* and *United Steelworkers of America v. Goodman,* 482 U.S. 656 (1987); *Marino v. Ortiz,* 484 U.S. 301 (1988); *Johnson v. Transportation Agency of Santa Clara County,* 480 U.S. 616 (1987); *United States v. Paradise,* 480 U.S. 149 (1987); *Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421 (1986); *Local 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501 (1986); *Arizona Governing Committee for Tax Deferred Annuity and Deferred Compensation Plans, State of Arizona v. Norris,* 463 U.S. 1073 (1983); *County of Washing-*

*ton v. Gunther,* 452 U.S. 161 (1981); *Fullilove v. Klutznick,* 448 U.S. 448 (1980); *California Brewers Ass'n v. Bryant,* 444 U.S. 598 (1980); *United Steelworkers of America v. Weber,* 443 U.S. 193 (1979); *County of Los Angeles v. Davis,* 440 U.S. 625 (1979); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978); and *Hazelwood School Dist. v. United States,* 433 U.S. 299 (1977).

23. I am admitted *pro hac vice* in this action, and have been appointed to the Barge P.S.L.C.

24. I first became involved with this case in December 2007, when I was asked to join the original counsel for the Barge P.S.L.C. From then to the present, I have spent substantial time, effort, and expense in the representation of plaintiffs and their class with respect to discovery, expert issues, class certification, questions of strategy, and defendant Lafarge's conduct with respect to class members.

25. I will continue to devote substantial time, effort, and expense to the representation of plaintiffs and their class.

Washington, D.C., ss:

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2008.

                                                                                   RICHARD T. SEYMOUR