LEXSEE 2000 U.S. DIST. LEXIS 22723

ALBERTO N., ET AL., Plaintiffs, vs. DON A. GILBERT, ET AL.,

CIVIL ACTION NO. 6:99CV459

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

2000 U.S. Dist. LEXIS 22723

August 17, 2000, Decided
August 17, 2000, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, children with disabilities and chronic health conditions, brought an action alleging systemic violations of Title XIX of the Social Security Act, *42 U.S.C.S. § 1396 et seq.*, the Americans with Disabilities Act of 1990, *42 U.S.C.S. § 12101 et seq.*, and the *Due Process Clause of the Fourteenth Amendment*. Plaintiffs moved for class certification. The matter was referred to the magistrate judge pursuant to *28 U.S.C.S. § 636(b)(1)(A)*.

**OVERVIEW:** Plaintiffs sought class certification status for all current and future Medicaid beneficiaries under the age of 21 who had disabilities or chronic health conditions and who had been denied or would be denied medically necessary in-home medical services. The class contained approximately 6,000 children or young adults who were eligible for services. The court found that plaintiffs had satisfied the numerosity requirement under *Fed. R. Civ. P. 23(a)*. Plaintiffs failed to meet the commonality requirement because they did not demonstrate that a determination of whether defendants operated their programs in violation of federal law would have affected all putative class members. Plaintiffs did not complain of the denials of the same services nor did they state in their complaint specifically which program was denying them services. Plaintiffs had not demonstrated that a class action was the appropriate means for bringing these atypical claims. Plaintiffs could not have proved the adequacy of representation requirement. Certification of a class would have denied defendants of the opportunity to present defenses that were applicable to each individual's case.

**OUTCOME:** The magistrate judge recommended that the motion for class certification and the supplemental motion for class certification be denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
*Civil Procedure > Class Actions > Prerequisites > Typicality*

[HN1] A class may be certified under *Fed. R. Civ. P. 23(b)(3)* only if it meets the four prerequisites found in *Rule 23(a)* and the two additional requirements in *Rule 23(b)(3)*. Plaintiffs have the burden of establishing that a class certification is appropriate for their case. As a first step, the action must satisfy all four of the prerequisites mandated by *Rule 23(a)*: (1) numerosity, the class is so numerous that joinder of all members is impracticable; (2) commonality, there are questions of law or fact common to the class; (3) typicality, the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) adequacy of representation, the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*.

*Civil Procedure > Class Actions > Judicial Discretion*

Case 2:05-cv-04182-SRD-JCW   Document 15549-55   Filed 09/29/08   Page 2 of 6

Page 2
2000 U.S. Dist. LEXIS 22723, *

[HN2] A district court enjoys wide discretion in deciding whether to certify a proposed class.

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN3] The question of class certification is a procedural one distinct from the merits of the action. Therefore, plaintiffs need not establish their own case on the merits before a determination of class certification is made by the court.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Numerosity*
[HN4] *Fed. R. Civ. P. 23(a)(1)*, the numerosity requirement, states that the class must be so numerous that joinder of all members is impracticable. *Fed. R. Civ. P. 23(a)(1)*. Impracticability itself depends on an examination of the specific facts of each case and imposes no absolute numerical limitations. It is not necessary that plaintiffs identify the exact number of class members involved; courts have often used common sense assumptions to support a finding of numerosity. The requirement of numerosity imposes no mechanical rules, turning instead on the practicability of joining all class members individually.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Numerosity*
*Public Health & Welfare Law > Social Security > Medicaid > Coverage > General Overview*
[HN5] It is well established that a class with thousands of members satisfies the numerosity requirement in *Fed. R. Civ. P. 23(a)(1)*.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Commonality*
[HN6] In the context of *Fed. R. Civ. P. 23(a)(1)*, commonality requires at least one issue, the resolution of which will affect all or a significant number of putative class members. The threshold for commonality is not high. The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Class Members > Named Members*
*Civil Procedure > Class Actions > Prerequisites > Typicality*
[HN7] In the context of *Fed. R. Civ. P. 23(a)(1)*, the typicality requirement limits the class claims to those fairly encompassed by the named plaintiffs' claims. Where there is a wide disparity in the plaintiffs' claims, courts have held that the representative plaintiffs do not meet the typicality requirement. Another problem when faced with atypical claims is whether the defendants are afforded an opportunity to present all their defenses. It is enough to deny class treatment when a defense peculiar to a class representative is even arguably present. The presence of even an arguable defense peculiar to the named plaintiff or small subset may destroy the required typicality. Thus class certification is inappropriate where a putative representative is subject to unique defenses which threaten to become the focus of the litigation.

*Civil Procedure > Class Actions > Class Members > Nonnamed Members*
*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
[HN8] In the context of *Fed. R. Civ. P. 23(a)(1)*, adequate representation rests primarily on three factors: (1) the representative must have an interest in common with the unnamed class members, (2) the representative must not have interests adverse to the members of the class, and (3) the representative must appear to vigorously prosecute those interests through qualified counsel. The adequacy of representation requirement tends to merge with the commonality and typicality requirement, since an adequate representative's interest and injury must be aligned with the class, and also factors in competency of counsel and conflicts of class counsel.

**COUNSEL:** [*1] For Alberto N, by his parents and next friends, Mr and Mrs N, Alice F, by her next friend Ms K, Keyaira R-D, by her parent and next friend Ms D, Kaitlyn C, by her parent and next friend Ms C, Aaron D, by his parent and next friend Ms D, Andrew M, by his parents and next friends Mr and Mrs M, Evan W, by his parents and next friends Mr and Mrs R, Plaintiffs: Maryann

Overath, Southern Disability Law Center, Austin, TX; Maureen Colette O'Connell, Attorney at Law, Austin, TX; Peter Thomas Hofer, Advocacy Inc, Austin, TX.

For all plaintiffs, Plaintiff: Maureen Colette O'Connell, Attorney at Law, Austin, TX; Peter Thomas Hofer, Steven Paul Elliot, Advocacy Inc, Austin, TX.

For Don Gilbert, Commissioner of Texas Health and Human Services Commission in official capacity, William R Archer, III, MD, Commissioner of the Texas Department of Health in official capacity, Eric M Bost, Commissioner of Texas Department of Human Services in official capacity, Defendants: Edwin N Horne, Attorney General's Office, Austin, TX.

For Defendants, Albert Hawkins, Executive Commissioner of the Texas Health and Human Services Commission, James R Hine, Commissioner of the Texas Department of Aging [*2] and Disability Services, Defendants: Edwin N Horne, Attorney General's Office, Austin, TX.

**JUDGES:** HARRY W. McKEE, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** HARRY W. McKEE

**OPINION**

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled matter was referred to the undersigned Magistrate Judge pursuant to the provisions of *28 U.S.C. § 636 (b)(1)(A)*. Came on for consideration plaintiffs' Motion for Class Certification and Supplemental Motion for Class Certification (Doc. # 32 and # 66). After due consideration, the Court finds that the plaintiffs' Motion for Class Certification should be denied.

**SUMMARY OF THE FACTS**

Plaintiffs bring this action for declaratory and injunctive relief, on behalf of themselves and all similarly situated individuals, alleging systemic violations of Title XIX of the Social Security Act, *42 U.S.C. § 1396 et seq.*, ("the Medicaid Act"), the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101 et seq.*, ("ADA"), and the *Due Process Clause of the Fourteenth Amendment to the United States Constitution* against defendants, the Texas Health and Human Services [*3] Commission ("HHSC"), the Texas Department of Health ("TDH"), and the Texas Department of Human Services ("TDHS").

Plaintiffs seek class certification status for: "all current and future Medicaid beneficiaries under the age of twenty-one who have disabilities or chronic health conditions and who have been denied or will be denied medically necessary in-home medical services from Texas Medicaid."

Plaintiffs' use "Texas Medicaid" when they are complaining of the administration of four separate government programs administered by HHSC, but the day-to-day operation is conducted by TDHS and TDH. The four programs operated by TDH are: Medicaid Home Health ("MHH"); Comprehensive Care Program ("CCP"); Medically Dependent Children Program ("MDCP"); and Private Duty Nursing ("PDN"). Plaintiffs also complain of a separate program, Primary Home Care ("PHC"), operated by TDHS. Several of these programs are handled by contract through the National Heritage Insurance Corporation while others are not.

The named plaintiffs are seven children with disabilities and chronic health conditions. The plaintiffs allege these seven children have been arbitrarily denied medically necessary in-home medical [*4] services by defendants. Plaintiffs do not just claim that the defendants erred in determining their specific entitlement to in-home medical services, rather, plaintiffs allege that Texas Medicaid's decision-making process regarding access to these medically necessary services is arbitrary and capricious.

**STANDARDS FOR CLASS CERTIFICATION**

[HN1] A class may be certified under *FED. R. CIV. P. 23(b)(3)* only if it meets the four prerequisites found in *Rule 23(a)* and the two additional requirements in *Rule 23(b)(3)*. Plaintiffs have the burden of establishing that a class certification is appropriate for their case. *See Castano v. Am. Tobacco Co., 84 F.3d 734, 740 (5th Cir. 1996)*. As a first step, the action must satisfy all four of the prerequisites mandated by *subsection (a) of Rule 23*: (1) numerosity, the class is so numerous that joinder of all members is impracticable; (2) commonality, there are questions of law or fact common to the class; (3) typicality, the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and (4) adequacy of representation, the representative parties [*5] will fairly and adequately protect the interests of the class. *FED. R. CIV. P. 23(a)*.

[HN2] A District Court enjoys wide discretion in deciding whether to certify a proposed class. *Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998)*. [HN3] The question of class certification is a procedural one distinct from the merits of the action. *Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980)*. Therefore, plaintiffs need not establish their own case on the merits before a determination of class certification is made by the court. *Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 40 L. Ed. 2d 732, 94 S. Ct. 2140 (1974)*. For a class to be certified, the plaintiffs must meet both the requirements of *Rule 23(a)* and *Rule 23(b)(3)*.

**1. Numerosity: The Class of Plaintiffs is so Numerous as to Make Joinder Impracticable.**

[HN4] *Rule 23(a)(1)*, the numerosity requirement, states that the class must be so numerous that joinder of all members is impracticable. *FED. R. CIV. P. 23(a)(1)*. Impracticability itself depends on an examination of the specific facts of each case and imposes no absolute numerical limitations. [*6] *General Tel. Co. of Northwest Inc., v. EEOC, 446 U.S. 318, 329, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980)*. It is not necessary that the plaintiffs identify the exact number of class members involved; courts have often used common sense assumptions to support a finding of numerosity. *Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1039 (5th Cir. 1981)*. The requirement of numerosity "imposes no mechanical rules, turning instead on the practicability of joining all class members individually." *Watson v. Shell Oil Co., 979 F.2d 1014, 1022 (5th Cir. 1992)*.

The class at issue contains approximately 6,000 children or young adults who are eligible for services under Texas Medicaid's Comprehensive Care Program, as well as future, presently unknown Medicaid recipients. [HN5] It is well established that a class with thousands of members satisfies the numerosity requirement. Further, because the putative class members are dispersed throughout the state of Texas, joinder is geographically impracticable, even if their identities could be established. The fact that Medicaid recipients are indigent and these particular recipients are all under the age of twenty-one also makes joinder [*7] that much more impracticable. The plaintiff have satisfied the numerosity requirement.

**2. Commonality: Questions of Law and Facts Common to the Class Do Not Exist.**

[HN6] Commonality requires at least one issue, the resolution of which will affect all or a significant number of putative class members. *Lightbourn v. County of El Paso, 118 F.3d 421, 426 (5th Cir. 1997)*. The threshold for commonality is not high. *Applewhite v. Reichhold Chemicals Inc., 67 F.3d 571, 573 (5th Cir. 1995)*. The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members. *Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101, 1106 (5th Cir. 1993)*.

Plaintiffs have alleged systemic and pervasive violations of federal law by defendants. The plaintiffs' further allege the defendants arbitrary and capricious operation of Texas Medicaid effects all putative class members. The plaintiffs argue they meet the commonality requirement because the determination of whether Texas Medicaid operates its programs in violation of federal law will affect all putative class members.

However, [*8] the named plaintiffs are actually complaining of denials of services under several separate programs operated on a daily basis by two separate state agencies based on policy provided by the HHSC. As a result, the decision making process involves many programs conducting individual inquiries into the specific type of funding requested. The plaintiffs allege that even though each putative class member may ultimately obtain a different array of medical services that does not defeat commonality.

However, when an individual examination of each claim by different programs and program administrators is necessary to determine whether Medicaid funding is appropriate as to the individual members in the Class, commonality would be nullified. For example, the CCP program provides for Private Duty Nursing and is operated under the TDH. In determining whether one qualifies for a Private Duty Nurse, a specific inquiry into that particular clients medical needs would be undertaken. This type of inquiry would occur for every potential class member that applies for and is denied medical care. The commonality fails because the CCP program is just one of the many programs the plaintiffs allege state [*9] funding is being denied in an arbitrary and capricious manner. The variables that would

encompass an inquiry into providing a Private Duty Nurse versus funding for experimental procedures or equipment would be too unique and diverse to qualify as common facts to a class. In essence the plaintiffs are complaining of denials of services under several separate programs operated on a daily basis by two separate state agencies based on policy provided by the HHSC. To find a decision on Private Duty Nursing to be arbitrary and capricious would not apply to the decision required to determine if experimental procedure or equipment are necessary.

As part of their evidence in support of their Motion for Class Certification the plaintiffs provided the deposition testimony of Susan Penfield, M.D., Director, Children with Special Health Care Needs Division, Texas Department of Health. Dr. Penfield stated in her deposition, "As with every Medicaid system, we're supposed to apply them consistently. However, they are applied and each case is considered on an individual basis. So you can't say that you would come up with the same decision for every child."

The plaintiff has failed to meet the commonality [*10] requirement because they did not demonstrate to the court that a determination of whether Texas Medicaid operates its programs in violation of federal law will affect all putative class members. The contrary seems to hold true that finding a violation in funding a Private Duty Nurse will not affect class members being denied treatment from other programs. Accordingly, the plaintiffs have not demonstrated that common questions of law and fact exist and do not meet the commonality requirement.

**3. The Plaintiffs Do Not Meet the Typicality Requirement.**

[HN7] The typicality requirement limits the class claims to those fairly encompassed by the named plaintiffs' claims. *General Tel. Co. of the Northwest v. EEOC, 446 U.S. 318, 330, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980)*. Where there is a wide disparity in plaintiffs' claims, courts have held that the representative plaintiffs do not meet the typicality requirement. *See In re "Agent Orange" Prod Liab. Litig., 818 F.2d 145, 165-66 (2d Cir. 1987)* (concerned that representatives could not adequately represent the class of veterans allegedly exposed to Agent Orange because of the disparity in the strength of the claims.)

Another problem [*11] when faced with atypical claims is whether the defendants are afforded an opportunity to present all there defenses. It is enough to deny class treatment when a defense peculiar to a class representative is even arguably present. *Wagner v. Lehman Bros. Kuhn Loeb, Inc., 646 F. Supp. 643, 660 (N.D. Ill. 1986)*. The presence of even an arguable defense peculiar to the named plaintiff or small subset may destroy the required typicality. *J.H. Cohn & Co. v. American Appraisal Assoc., Inc., 628 F.2d 994, 999 (7th Cir. 1980)*. Thus class certification is inappropriate where a putative representative is subject to unique defenses which threaten to become the focus of the litigation. *Kalodner v. Michaels Stores, Inc., 172 F.R.D. 200, 209 (N.D. Tex. 1997)*.

The plaintiff have provided excerpts of deposition testimony from Anita Freeman, R.N., stating that procedures used to authorize Medicaid-funded services such as private duty nursing apply equally to all Medicaid beneficiaries under the age of 21. What Ms. Freeman testified to in this deposition excerpt was that all individual inquiries dealing with private duty nursing are treated the same. [*12] This is only one program. The plaintiff provided further deposition excerpts from Gayle Boyce, team leader for Client Notification, and Cris Sosa, team leader for the CCP, all stating that procedures used to authorize private duty nursing services apply equally to all Medicaid beneficiaries under the age of 21. However, none of these deposition excerpts demonstrate the similarities between the private duty nursing services and the other programs that make them common and typical to each other.

A review of the claims brought by the plaintiffs reveals that such claims are widely disparate, atypical of one another and those of the proposed class, and that class action is not the appropriate means of addressing them. The defendants have demonstrated that each denial the plaintiffs have faced was based on a fact specific question of what is medically necessary under the statute for that particular client and service. The named plaintiffs do not complain of the denials of the same services nor do they state in their complaint specifically which program is denying them services. Further, if the class is certified, the defendants' right to assert all of their defenses as to each member's [*13] claims could be hindered. Plaintiffs have not demonstrated that a class action is the appropriate means for bringing these atypical claims.

**4. The Class Representatives and Counsel Adequately Represent the Proposed Class.**

[HN8] Adequate representation rests primarily on three factors: (1) the representative must have an interest in common with the unnamed class members, (2) the representative must not have interests adverse to the members of the class, and (3) the representative must appear to vigorously prosecute those interests through qualified counsel. *East Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403, 52 L. Ed. 2d 453, 97 S. Ct. 1891 (1977)*. The adequacy of representation requirement tends to merge with the commonality and typicality requirement, since an adequate representative's interest and injury must be aligned with the class, and also factors in competency of counsel and conflicts of class counsel. *Amchem Products, Inc., v. Windsor, 521 U.S. 591, 626 n.20, 138 L. Ed. 2d 689, 117 S. Ct. 2231 (1997)*.

In examining the adequacy of representation requirement, this Court finds that the Class is represented by one organization in Advocacy, Inc., which is the organization authorized to protect [*14] and advocate for the legal right of Texas with disabilities pursuant to the *Developmentally Disabled Assistance and Bill of Rights Act, 42 U.S.C. § 6012(a)*. The Court finds that the plaintiffs' attorneys are experienced in class action litigation on behalf of individuals with disabilities as well as in the areas of Medicaid law and ADA law. The Court finds plaintiffs' counsel is well qualified to handle this action and will prosecute it vigorously on behalf of the class. However, this is only one prong to finding adequate representation.

Satisfying the adequacy of representation requirement tends to merge with the commonality and typicality requirement. As stated under the section of this opinion finding commonality and typicality do not exist for this class, finding an arbitrary and capricious decision when denying aid for a Private Duty Nurse would not be representative to the plaintiff that is looking for a finding that an arbitrary and capricious finding occurred in denying experimental testing. The plaintiffs' representatives have not shown the same common and typical injuries suggesting this case should proceed as a class action. Accordingly, the plaintiffs [*15] can not prove the adequacy of representation requirement and this case should not be given class status.

As a result of the plaintiffs not satisfying the requirements for class certification under *Rule 23 (a)* this court will not address whether or not the plaintiffs have demonstrated the two additional requirements of *Rule 23(b)(3)*.

The Plaintiffs' Motion for Class Certification fails as the requirements of *Rule 23 (a)* were not met. The named plaintiffs do not state which program is denying them services. Without the commonality and typicality requirements being met, the Court should not certify such a class where the class members are overbroad without a limitation as to whether the class members can be identified. The standard for a violation of the ADA or Medicaid Act in this case is reasonableness of determination made in each case and whether the rules were appropriately applied. Hence, certification of a class in this case would deny the defendants of the opportunity to present defenses that are applicable to each individual's case.

Accordingly it is,

Recommended that the plaintiffs Motion for Class Certification and Supplemental Motion for Class Certification should [*16] be denied. (Doc. # 32 and # 66).

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996)* (*en banc*).

SIGNED this 17th day of August, 2000.

HARRY W. McKEE

UNITED STATES MAGISTRATE JUDGE