LEXSEE 2008 U.S. DIST. LEXIS 68490



Analysis
As of: Sep 29, 2008

## MICHAEL ANCAR, ET AL VERSUS MURPHY OIL, U.S.A., INC., ET AL

CIVIL ACTION NO: 06-3246, C/W: 06-3247, 06-3248, 06-3249, 06-3250, 06-3251, 06-3252, 06-3253, 06-3254, 06-3255, 06-3256, 06-3257, 06-3258, 06-3259, 06-3260, 06-3261, 06-3262 SECTION: "J" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*2008 U.S. Dist. LEXIS 68490*

**July 25, 2008, Decided**
**July 25, 2008, Filed**

**PRIOR HISTORY:** *Ancar v. Murphy Oil, U.S.A., Inc., 2007 U.S. Dist. LEXIS 91316 (E.D. La., Dec. 11, 2007)*

**COUNSEL:**  [*1] For Michael Ancar, Plaintiff: Jim S. Hall, LEAD ATTORNEY, Jim S. Hall & Associates, Metairie, LA; Roberta L. Burns, LEAD ATTORNEY, Law Offices of Sidney D. Torres, III, Chalmette, LA; Gerald Edward Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA.

For Sherene Ancar, individually and on behalf of her minor children, Rachel Ancar, Victoria Ancar, and Bryce White, Michael Brown, Kevin Chaplin, Barry Freas, Teresa Freas, Frederick Hanemann, Nina Hughes, Decharenna Hebert individually and on behalf of her minor children Sean Hebert, Jr, and Aubriana Hebert, Glenda Lee, James Lee, Patrick O'Neill, Jr, David Panarello individually and on behalf of his minor children Gabriell Panarello and Matthew Panarello, Ronald Price, Sr, Shirley Price, Cassandra Rabalais individually and on behalf of her minor child Rachel Rabalais, Cynthia Scholegel, Charles Smith, Frank Varona, Sr, Frank Varona, Jr, Josephine Varona, Plaintiffs: Sidney Donecio Torres, III, LEAD ATTORNEY, Law Offices of Sidney D. Torres, III, Chalmette, LA; Berit Amlie Reiss, Berit A. Reiss, Attorney at Law, Marietta, GA; Bruce Betzer, Law Office of Bruce C. Betzer, Metairie, LA; Danial Coleman Vidrine, Danial  [*2] C. Vidrine, Attorney at Law, Baton Rouge, LA; David Scott Scalia, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA; Edgar N. Quillin, Quillin Law Center, Inc., Arabi, LA; Edward Pressner Gothard, Nowalsky, Bronston & Gothard, APLLC, Metairie, LA; Eric August Bopp, Walter R. Woodruff, Edward S. Bopp, A Law Corporation, Mandeville, LA; Freeman Rudolph Matthews, Thomas Allen Usry, Usry, Weeks & Matthews, New Orleans, LA; Gerald Edward Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA; Gilbert V. Andry, III, Andry & Andry, New Orleans, LA; Gilbert V. Andry, IV, Jonathan Beauregard Andry, The Andry Law Firm, New Orleans, LA; Gregory James Noto, Noto Law Firm, Chalmette, LA; Jerald N. Andry, Jr., Jerald N. Andry, Jr., Attorney at Law, New Orleans, LA; Jim S. Hall, Jim S. Hall & Associates, Metairie, LA; Kim Cooper Jones, Michael Ginart, Jr., Tonry & Ginart, Chalmette, LA; Lance V. Licciardi, Perry Michael Nicosia, Nicosia, Licciardi & Nunez, Chalmette, LA; Larry M. Aisola, Jr., Larry M. Aisola, Jr., Attorney at Law, Harvey, LA; Mary Ann Hand, Salvador E. Gutierrez, Jr., Gutierrez & Hand, Chalmette, LA; Rebecca Cunard, Cunard Law Firm, Baton Rouge, LA; Richard Alvin  [*3] Tonry, II, Tonry, Brinson & Glorioso, LLC, Slidell, LA; Roberta L. Burns,

Law Offices of Sidney D. Torres, III, Chalmette, LA.

For Daniel Rabalais, Plaintiff: Sidney Donecio Torres, III, LEAD ATTORNEY, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, L; Bruce Betzer, Law Office of Bruce C. Betzer, Metairie, LA; David Scott Scalia, Bruno & Bruno, New Orleans, LA; Edgar N. Quillin, Quillin Law Center, Inc., Arabi, LA; Edward Pressner Gothard, Nowalsky, Bronston & Gothard, APLLC, Metairie, LA; Eric August Bopp, Edward S. Bopp, A Law Corporation, Mandeville, LA; Freeman Rudolph Matthews, Thomas Allen Usry, Usry, Weeks & Matthews, New Orleans, LA; Gerald Edward Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA; Gilbert V. Andry, III, Andry & Andry, New Orleans, LA; Gilbert V. Andry, IV, Jonathan Beauregard Andry, The Andry Law Firm, New Orleans, LA; Glenn E. Diaz, Law Offices of Glenn E. Diaz Chalmette, LA; Gregory James Noto, Noto Law Firm, Chalmette, LA; Jerald N. Andry, Jr., Jerald N. Andry, Jr., Attorney at Law, New Orleans, LA; Jim S. Hall, Jim S. Hall & Associates, Metairie, LA; Kim Cooper Jones, Michael Ginart, Jr., Tonry & Ginart, Chalmette, [*4] LA; Lance V. Licciardi, Perry Michael Nicosia, Nicosia, Licciardi & Nunez, Chalmette, LA; Larry M. Aisola, Jr., Larry M. Aisola, Jr., Attorney at Law, Harvey, LA; Mary Ann Hand, Salvador E. Gutierrez, Jr., Gutierrez & Hand, Chalmette, LA; Rebecca Cunard, Cunard Law Firm, Baton Rouge, LA; Richard A. Tonry, Tonry, Brinson & Glorioso, LLC, Slidell, LA.

For Albert Bienchini 06-3247, Jennifer Walls 06-3247, Individually and on behalf of her minor child Destiny Wall, Lance Walls 06-3247, Individually and on behalf of his minor child Destiny Wall, Cindi Mrsich 02-3247, and all others similarly situated, Randall Boasso 06-3248, Glenn Cascio, Jr 06-3248, Krystie Rivet 06-3248, Stacey C LeBlanc 06-3248, Misty Rendall 06-3248, Claude Bourgeois 06-3249, Suzanne Berger 06-3249, Margaret Bourgeois 06-3249, Craig C Bourgeois 06-3249, Joseph S Williams, Jr 06-3249, Chris Oddo 06-3249, Danny K Brown 06-3250, Individually and on behalf of his minor child Danla Brown, Shannon Gonzales 06-3250, Individually and on behalf of her minor child Danla Brown, Barry Bruney 06-3251, Cynthia G Karube 06-3251, et al, George C Clarke 06-3252, et al, June Couste 06-3253, Patricia Dennis 06-3254, Denise Kenna 06-3254, [*5] Ronald Driver 06-3255, Jessie Bush 06-3255, Darrol Taylor 06-3255, Individually and on behalf of his minor daughter Destiny Taylor, Joseph Kirchem 06-3256, Charles Chaupetta 06-3256, Individually and on behalf of his minor daughter Jessica Marie Ecklund, Catherine D Ecklund 06-3256, Individually and on behalf of her minor daughter Jessica Marie Ecklund, David McQuaig 06-3256 Luke Kiersey 06-3256 Jane Johnson 06-3256 Carl Zornes 06-3256, Suzanne Kneale 06-3257, individually and on behalf of all class of all others similarly situated residents of St. Bernard Parish, Mary D Licciardi 06-3258, Myra B Faust 06-3258, Karen R Licciardi 06-3258, Kerry Mangin 06-3259, Summer Alfonso 06-3259, Christopher Duhon 06-3259, Individually and as representatives for a class of all those similarly situated, Oliver Marallo, III 06-3260, Patricia Marallo 06-3260, Beckey Mackles 06-3260, Robert L Kelly 06-3260, Individually and as representatives for a class of all those similarly situated, Phyllis N Michon 06-3261, Wife of Victor J. Michon, Individually and on behalf of her minor son, Timothy J. Michon, Victor J Michon, Jr 06-3261, Indvidually and on behalf of his minor son, Timothy J. Michon, Daria Nelson [*6] 06-3262, Sentell Aisola 06-3262, Janice Washington 06-3262, Consol Plaintiffs: Freeman Rudolph Matthews, LEAD ATTORNEY, Thomas Allen Usry, Usry, Weeks & Matthews, New Orleans, LA; Jerald N. Andry, Jr., LEAD ATTORNEY, Jerald N. Andry, Jr., Attorney at Law, New Orleans, LA; Sidney Donecio Torres, III, LEAD ATTORNEY, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA; Bruce Betzer, Law Office of Bruce C. Betzer, Metairie, LA; David Scott Scalia, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA; Edgar N. Quillin, Quillin Law Center, Inc., Arabi, LA; Edward Pressner Gothard, Nowalsky, Bronston & Gothard, APLLC, Metairie, LA; Eric August Bopp, Walter R. Woodruff, Edward S. Bopp, A Law Corporation, Mandeville, LA; Gilbert V. Andry, III, Andry & Andry, New Orleans, LA; Gilbert V. Andry, IV, Jonathan Beauregard Andry, The Andry Law Firm, New Orleans, LA; Glenn E. Diaz, Law Offices of Glenn E. Diaz, Chalmette, LA; Gregory James Noto, Noto Law Firm, Chalmette, LA; Jim S. Hall, Jim S. Hall & Associates, Metairie, LA; Kim Cooper Jones, Michael Ginart, Jr., Tonry & Ginart, Chalmette, LA; Mary Ann Hand, Salvador E. Gutierrez, Jr., Gutierrez & Hand, Chalmette, LA; Perry Michael Nicosia, [*7] Nicosia, Licciardi & Nunez, Chalmette, LA; Rebecca Cunard, Cunard Law Firm, Baton Rouge, LA; Richard A. Tonry, Tonry, Brinson & Glorioso, LLC, Slidell, LA.

For Oliver Marallo, III 03-1923, Patricia Marallo 03-1923, Beckey Mackles 03-1923, Consol Plaintiffs:

George Febiger Riess, LEAD ATTORNEY, Law Offices of George F. Riess & Associates, LLC, New Orleans, LA.

For Associated Electric & Gas Insurance Services Limited (AEGIS), 02-3247; 06-3248; 06-3249; 06-3250; 06-3251; 06-325; 06-3253; 06-3254; 06-3255; 06-3256; 06-3257; 06-3258; 06-3259; 06-3260; 06-3261; 06-3262, Defendant: D. Russell Holwadel, LEAD ATTORNEY, Adams, Hoefer, Holwadel & Eldridge, LLC, New Orleans, LA; George D. Kappus, John L. Rivkin, Steven M. Zuckermann, Rivkin, Radler, LLP, Uniondale, NY.

For Associated Electric & Gas Insurance Services Limited (AEGIS), 02-3247; 06-3248; 06-3249; 06-3250; 06-3251; 06-325; 06-3253; 06-3254; 06-3255; 06-3256; 06-3257; 06-3258; 06-3259; 06-3260; 06-3261; 06-3262, Consol Defendant: D. Russell Holwadel, LEAD ATTORNEY, Adams, Hoefer, Holwadel & Eldridge, LLC, New Orleans, LA; George D. Kappus, John L. Rivkin, Steven M. Zuckermann Rivkin, Radler, LLP, Uniondale, NY.

For Murphy Oil U.S.A., [*8] Inc., 06-3247; 06-3248; 06-3249; 06-3250; 06-3251; 06-3252; 06-3253; 06-3254; 06-3255; 06-3256; 06-3257; 06-3258; 06-3259; 06-3260; 06-3261; 06-3262; 03-1923, Defendant: Allen Joseph Krouse, III, Amanda Leigh Cheek Bradley, George A. Frilot, III, James F. Shuey, Kathleen M. Pontier, Kerry J. Miller, Kyle Andrew Spaulding, Paul C. Thibodeaux, Frilot L.L.C., New Orleans, LA; Daniel L. Dysart, Dysart & Tabary, LLP, Chalmette, LA.

For Murphy Oil U.S.A., Inc., 06-3247; 06-3248; 06-3249; 06-3250; 06-3251; 06-3252; 06-3253; 06-3254; 06-3255; 06-3256; 06-3257; 06-3258; 06-3259; 06-3260; 06-3261; 06-3262; 03-1923, Consol Defendant: Allen Joseph Krouse, III, Amanda Leigh Cheek Bradley, George A. Frilot, III, James F. Shuey, Kathleen M. Pontier, Kerry J. Miller, Kyle Andrew Spaulding, Paul C. Thibodeaux, Frilot L.L.C., New Orleans, LA; Daniel L. Dysart, Dysart & Tabary, LLP, Chalmette, LA.

**JUDGES:** CARL J. BARBIER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CARL J. BARBIER

**OPINION**

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion for Class Certification (Rec. Doc. 66).** [1] Plaintiffs seek to have this matter certified as a class action. Specifically, named Plaintiffs seek to be certified as representatives of a class consisting [*9] of:

> All persons and/or entities in the Parish of St. Bernard, State of Louisiana, who are residents of and/or were present in the Parish of St. Bernard and who were in sufficient proximity to the petroleum refining facility owned and/or operated by Murphy Oil, U.S.A., Inc., located in Meraux, Louisiana, and who have sustained property damage, physical, mental and emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal and professional lives as a direct consequence of explosion(s), fire(s) and harmful emission(s) occurring at the Murphy facility on or about the morning of June 10, 2003,

and confined within a certain geographic boundary. [2] See Motion for Class Certification (Rec. Doc. 66). Defendants oppose class certification, stating that "this case is essentially about a collection of variable human responses to an unwanted event." See Memorandum of Murphy Oil USA, Inc. in Opposition to Class Certification (Rec. Doc. 262).

> [1] In August of 2004, Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS") removed this case from the 34th Judicial District Court alleging that a dispute over insurance coverage between it and its insured, [*10] Murphy Oil U.S.A., invoked the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *9 U.S.C. 201-208 (2002)* and its removal provisions. (*Mangin v. Murphy Oil, 04-2172, 2005 U.S. Dist. LEXIS 8338 (E.D. La.)*. The Court granted Plaintiffs' motion to remand on April 29, 2005. (*Mangin, 04-2172, 2005 U.S. Dist. LEXIS 8338*, Rec. Doc. 40). AEGIS, Liberty Mutual Insurance Company, and Murphy appealed the decision to the Fifth Circuit. Thereafter, Plaintiffs filed a motion to

dismiss the appeal claiming that the Fifth Circuit could not rightfully review these decisions because the district court remanded the cases pursuant to *28 U.S.C. 1447(c)*, and *1447(d)* bars the appellate review of that decision.

Prior to the Fifth Circuit ruling on appeal, AEGIS removed the case for the second time. Plaintiffs filed a second motion to remand, which this Court denied. (The Fifth Circuit had stayed AEGIS's original appeal pending a decision from this Court on the second motion to remand. Following this denial, the Fifth Circuit granted AEGIS's motion to dismiss the appeal for lack of jurisdiction).

The Court then entered a Scheduling Order for the Class Action Certification Stage of the proceedings. Following extensive briefing, the class certification [*11] hearing was held on November 20, 2007, at which time the Court took the matter under advisement.

2   Plaintiffs propose the following geographic area for certification:

> Beginning North, from the 40 Arpent Canal with its intersection in the West with Paris Road; then heading South from this intersection to the Mississippi River; then heading East along the Mississippi River to what is known as the Meraux pasture to the East of the refinery, and adjacent to the Cypress Gardens and Lexington Subdivisions in Meraux; then heading North along the western boundary of the Meraux Pasture to the 40 Arpent Canal; and finally, heading from this intersection West along the 40 Arpent Canal to its intersection with Paris Road.

Murphy Oil and AEGIS take issue with these proposed boundaries, arguing that there is no objective basis for defining the class in this manner and that any given individual's membership in the class is not clearly ascertainable.

Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that class certification should be denied.

*Background Facts and Procedural History*

This action arises out of a fire at the Murphy [*12] Oil [3] refinery located in Meraux, Louisiana, on June 10, 2003. The fire started at a single source and was contained primarily within a single location, the Residual Oil Supercritical Extractor ("ROSE") Unit. [4] The fire broke out between 1:45 a.m. to 2:00 a.m., was brought under control around 9:44 a.m., and was completely extinguished by 3:37 p.m.

> 3   The refinery was owned by Murphy Oil, U.S.A., Inc. ("Murphy USA"), a Defendant in this matter and a Murphy Oil subsidiary.
> 4   The fire did not cause any structures or properties outside of the refinery premises to burn, nor did it burn any persons outside of the refinery premises. See Joint Stipulations of Fact No. 12 (Rec. Doc. 219).

At all relevant times, Murphy Oil was insured under a policy of insurance issued by Liberty Mutual Insurance Company ("Liberty Mutual") and a policy of excess insurance issued by Associated Electric and Gas Insurance Services Limited ("AEGIS").

Following the fire, residents of the surrounding area made claims seeking payment for damages to their property and mental anguish allegedly caused by the fire. [5] Defendants include Murphy USA, Liberty Mutual, [6] AEGIS, and several employees at the Murphy Oil refinery whose [*13] negligence allegedly caused the fire. All related claims were consolidated in the captioned litigation.

> 5   Fifteen class action lawsuits were ultimately filed. All claims asserted are for damages to property, fear, and fright.
> 6   Liberty Mutual has since been dismissed from the suit. See Rec. Doc. 358 entered February 20, 2008.

On December 22, 2006, Plaintiffs filed a Motion for Class Certification (Rec. Doc. 66). After briefs were submitted, including a supplemental memorandum in support of class action certification filed by Plaintiffs

(Rec. Doc. 229), and oppositions filed by Murphy Oil and AEGIS (Rec. Docs. 262 and 303), a class certification hearing was held on November 20, 2007, at which time the Court took the matter under advisement. Subsequent thereto, Plaintiffs filed a reply brief regarding class action certification (Rec. Doc. 350). Having considered all memoranda of the parties, the Court now finds as follows.

*The Parties' Arguments*

In support of class certification, Plaintiffs assert that they meet the requirements of *Rule 23(a)* and *23(b)*. [7]

> 7   For purposes of the instant motion, the Court has assumed that the requirements of *Rule 23(a)* are met. Still, because Plaintiffs fail to [*14] meet the *Rule 23(b)* requirements of predominance and superiority, the class cannot be certified.

Regarding the requirements of *Rule 23(b)*, Plaintiffs state that the proposed class fits into *Rule 23(b)(3)*, which requires the Court to determine (1) whether common issues predominate, and (2) whether a class action is a superior method to resolve the controversy.

Plaintiffs claim that common issues of fact and law predominate over individual issues such as specific causation and quantum of damages. First, each Plaintiff's loss flows from a single source (Murphy) and from a single event (the fire and release). Second, Plaintiffs plead the same legal theories under the same state law. Third, Plaintiffs primarily claim the same types and categories of damages including emotional distress/mental anguish damages, evacuation, and personal and property damages. Fourth, the case does not involve extensive conflicts of law analysis, as there are no nationwide class management problems. Finally, as to individual determinations of damages, Plaintiffs state that because a large portion of the damage claims involve mental anguish and inconvenience related to having to evacuate or remain sheltered in [*15] place and property damage, these claims will not require individualized scrutiny.

As to superiority, Plaintiffs submit that a class action is superior to other available methods of adjudicating the proposed class members' claims as there is no known or foreseeable "interest" on behalf of a significant number of class members to individually prosecute their own claims. Second, all cases filed with respect to this incident have been consolidated before this Court. Finally, any management difficulties encountered in the handling of this litigation as a class action will be minimal according to Plaintiffs. To this end, Plaintiffs submit a proposed trial plan, patterned on the trial plans previously approved by the Fifth Circuit and recently adopted by Judge Fallon in *Turner v. Murphy Oil USA, Inc.,* No. 05-4206, Document number 257. [8]

> 8   The trial plan submitted by Plaintiffs includes an initial phase in which the liability issues common to all Plaintiffs would be tried together before a jury. Phase one would address Murphy's alleged fault for the fire/release and Plaintiffs' claims of negligence, strict liability, trespass, and nuisance. If general liability is found in Phase one, a second [*16] jury would determine the Plaintiffs' injuries as well as specific causation and quantum.

In opposition, Murphy Oil and AEGIS argue that individual issues will in fact predominate over common ones. Specifically, Murphy Oil states that every issue other than duty and breach will require individual adjudication, which, in turn, calls for individualized, fact-specific inquiry. Murphy Oil rejects the notion that the damages claimed in the instant case are susceptible of a formulaic approach. As such, the need to hear individualized evidence on causation and damages overwhelms any "common" issues of duty and breach. Furthermore, Defendants take issue with Plaintiffs' proposed trial plan altogether, arguing that while it may be patterned on trial plans previously approved by the Fifth Circuit, it fails to comply with other requirements, particularly surrounding the duty/risk analysis mandated by Louisiana law.

In reply, Plaintiffs rely on their bifurcated trial plan, arguing that the individual specific causation and quantum determinations to be made in Phase two do not outnumber the core, substantive liability common issues, nor will the substantive legal issues determined in Phase one be [*17] revisited in Phase two. Plaintiffs state that the same plan has been successfully applied in a similar case in Louisiana state court which is also composed of a large number of mental anguish/inconvenience claims. [9] See *Doerr v. Mobil Oil Corp., 935 So. 2d 231 (La. App. 4th Cir. 2006)*. Furthermore, as to Defendants' arguments regarding bifurcation of the duty/risk analysis, Plaintiffs argue that as this case is being tried in federal court

pursuant to the Court's diversity jurisdiction, federal courts do not use the duty/risk analysis because it would violate the *Seventh Amendment* right to a civil jury trial.

> 9   *Doerr* involved damages related to the contamination of the public water supply in St. Bernard Parish resulting from an unauthorized discharge from the Chalmette Refinery. *935 So. 2d 231*.

*Discussion*

**A. Generally**

The Federal Rules of Civil Procedure state that a member or members of a class may sue as representative parties on behalf of all only if the requirements of *Rule 23(a)* are met. The rules further require that one of the following factors be met:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > (A) inconsistent or varying [*18] adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> >
> > (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members [*19] of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*FRCP 23(b)*.

The Supreme Court has stated that a district court must conduct a rigorous analysis of the prerequisites set forth in *Rule 23 of the Federal Rules of Civil Procedure* before it certifies a class action. *General Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)*. *Applewhite v. Reichhold Chems, 67 F.3d 571, 573 (5th Cir. 1995)*. The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist., 690 F.2d 470, 486 (5th Cir. 1982), cert. denied, 463 U.S. 1207, 103 S. Ct. 3536, 77 L. Ed. 2d 1387 (1983)*. Despite the court's duty to conduct a rigorous analysis of *Rule 23*'s prerequisites, it is not proper for the court to reach the merits of the case. The Supreme Court has explained "[n]othing in either the language or history of *Rule 23* . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974)*. However, when conducting [*20] this review, the Court may go beyond the pleadings to decide whether a matter should be certified as a class action. *Castano v. American Tobacco Co., 84 F.3d 734, 737, 740 (5th Cir. 1996)*.

**B. *Rule 23(b)***

In addition to the prerequisites contained in *Rule 23(a)*, which this Court has assumed are satisfied for purposes of the instant motion, a putative class representative must demonstrate the applicability of one of the provisions of *Rule 23(b)*. If a class were to be certified in the instant matter, it would be certified pursuant to *Rule 23(b)(3)*. Under *Rule 23(b)(3)*, certification is permitted where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The predominance test of *Rule 23(b)(3)* requires the court to determine whether common questions predominate over individual questions. See *McGuire, 1994 U.S. Dist. LEXIS 4783, 1994 WL 261360 at *5*.

**1. Predominance**

"The *Rule 23(b)(3)* predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)*. [*21] One should focus on the number and significance of common questions, as opposed to individual issues when analyzing this requirement. See *Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 470 (5th Cir. 1986)*. This inquiry is "far more demanding" than *Rule 23(a)*'s commonality requirement. *Amchem, 521 U.S. at 623-24*.

Observers have cautioned that "the issue of 'predominance' has become the battlefield on which most class certifications are fought, and the outcome depends heavily on a court's assessment of what evidence (i.e., whether class-wide or individualized) will be adduced at the trial." Edward F. Sherman, *Class Action Practice in the Gulf South, 74 TUL. L. REV. 1603, 1610-1611 (June 2000)*.

**2. Superiority**

"To meet superiority, the plaintiffs must show that the class action device would be 'better than, and not just equal to, other methods of adjudication.'" *Buford v. H&R Block, Inc., 168 F.R.D. 340, 361 (S.D. Ga. 1996)*.

**C. Analysis**

The Fifth Circuit recently examined the difficulties presented in treating mass tort claims involving allegations of "emotional and other tangible injuries," like those at issue here, as class actions under *Rule 23*. See *Steering Comm. v. Exxon Mobil Corp., 461 F.3d 598, 602 (5th Cir. 2006)*. [*22] *Steering Committee v. Exxon Mobil Corp.* arose out of an August 8, 1994 fire at a Baton Rouge chemical plant. *Id.* As the fire was burning, the wind carried the smoke plume to the southwest and across the Mississippi River. *Id.* Hundreds of suits were filed against Exxon Mobil alleging various causes of action including claims for bodily injury, personal discomfort and annoyance, emotional distress resulting from knowledge of exposure to hazardous substances, fear of future unauthorized exposures, and economic harm including damage to business and property, among others. *Id.* The district court denied class certification which was affirmed on appeal by the Fifth Circuit on two grounds: (1) the predominance requirement of *Rule 23(b)(3)* had not been satisfied because the nature of Plaintiffs' claims, particularly those that involved emotional and other intangible injuries, demonstrated that individual issues would predominate over any class issues; [10] and (2) a class action was not the superior mechanism to adjudicate the claims at issue. *Id.*

> 10   The Fifth Circuit noted the district court's conclusion that "one set of operative facts would not establish liability and that the end result would [*23] be a series of individual mini-trials which the predominance requirement is intended to prevent." *Steering Comm. V. Exxon Mobil Corp., 461 F.3d at 602*.

In discussing the predominance requirement, the Fifth Circuit expressed its skepticism about treating mass tort incidents as class actions. This skepticism was premised on its view that individual issues of damages and causation that are inherent in mass tort actions almost invariably predominate over any issues common to the class, except in rare instances where causation is not in dispute and where damages can be calculated formulaically. The Court found that the probability that individual issues will predominate is especially likely when the claims at issue are for mental distress and intangible injuries. The Court articulated that damages for such alleged injuries cannot be treated formulaically by the Court. *Id. at 602* ("The very nature of these damages, compensating plaintiffs for emotional and other intangible injuries, necessarily implicates the subjective differences of each plaintiff's circumstances; they are an individual, not class-wide, remedy. The amount of

compensatory damages to which any individual class member might [*24] be entitled cannot be calculated by objective standards.").

Plaintiffs direct the Court to *Turner v. Murphy Oil USA, Inc.* in support of class certification in the instant case. *234 F.R.D. 597 (E.D. La. 2006)* (Fallon, J.). *Turner* involved the claims of homeowners and business owners against Murphy Oil alleging damages as a result of an oil spill. *Id.* The Court in that case determined that certification under *Rule 23(a)* and *23(b)(3)* was proper, and adopted the plaintiffs' proposed trial plan which, like that of the instant Plaintiffs, bifurcated the trial into liability and damage phases. *Id.*

Judge Fallon noted in *Turner* that while "[t]here will be some individualized inquiry regarding whether there is oil on a particular plaintiff's property, and whether that oil is crude oil from Murphy's refinery . . . the predominant issues in the negligence inquiry will be centered on the scope of Murphy's duty, if any, to the Plaintiffs." *Id. at 607*. The court went on to explain that certain elements of plaintiffs' alleged damages may be assessed on a class-wide basis. *Id. at 607 n. 5*. For instance, a real estate expert opined that the properties would be properly subject to mass appraisal to determine [*25] their present value. *Id.*

With that being said, Plaintiffs herein rely on Judge Fallon's adoption of the *Turner* plaintiffs bifurcated trial plan. However, at least two important differences between *Turner* and the instant case makes such reliance unwarranted. In *Turner,* defendant Murphy Oil argued that Plaintiffs' claims for personal injury and mental anguish do not meet the predominance requirement as certain factual elements will require individualized inquiry. Judge Fallon, in dismissing such concerns, noted that any individualized inquiry would not be extensive due to the great factual similarities between the plaintiffs' claims [11] and because the personal injury and mental anguish damages would not form a significant portion of the claims.

> 11  In the circumstances surrounding the oil spill in *Turner,* all, or the great majority of plaintiffs were out of the area due to evacuations made necessary by Hurricane Katrina when the spill occurred.

In this instant case unlike in *Turner,* Plaintiffs' mental anguish claims, particularly those for fear and fright, are the predominant claims asserted. Also, unlike in *Turner,* the Joint Stipulations of Fact demonstrate a wide variation in the ways in [*26] which different claimants experienced the events surrounding the fire. It is apparent that various individuals were affected in different ways, and some not at all. Some were awakened by loud noises or explosions; others were awakened by phone calls or by neighbors; and some were not awakened at all. Some evacuated their homes, while others did not. Some did not go to work on the morning of the fire; others did. Soot was deposited on some homes downwind from the fire, but not all. On those homes and/or cars on which soot was deposited, some either cleaned their properties themselves or arranged for their homes/cars to be cleaned at the sole cost of Murphy Oil.

Each of these factors, among others, must be considered for each individual in any determination of damages. Consequently, it is clear that this type of evaluation of each individual's experience on June 10, 2003 will predominate over any issues common to the class.

As a result, despite Plaintiffs' argument that the claims, such as those for fear and fright, in this case differ from the claims asserted in *Steering Committee v. Exxon Mobil Corp.,* and as such, that the case is distinguishable, this Court finds the case controlling [*27] in the instant context. Plaintiffs herein are faced with many of the same problems inherent in *Steering Committee v. Exxon Mobil Corp.,* including those detailed above relating to claims for mental distress and intangible injuries which cannot be treated formulaically by the Court. [12]

> 12  This Court does recognize that the plaintiffs in *Steering Committee* also alleged claims for physical injuries resulting from exposure to toxic fumes, which require each individual plaintiff to satisfy his or her own burden of medical causation, and that such claims do not comprise a significant portion of the claims asserted by Plaintiffs herein. However, this difference does not force a finding that *Steering Committee* is otherwise inapplicable. It simply means that the instant case falls somewhere along the spectrum between *Steering Committee* and *Turner,* in which claims for mental anguish failed to amount to a significant portion.
>
> Based on the individualized nature of the claims asserted by Plaintiffs herein, the majority

of which are seeking damages for mental distress and intangible injuries, this Court determines that the instant case falls closer to the *Steering Committee* end of the spectrum.

Furthermore, [*28] assuming, for purposes of this analysis, that Plaintiffs could satisfy the requirements of *Rule 23(a)*, it is clear that individualized evidence will be required to establish exposures to any ground level emissions from the fire and any effects that were caused, whether physical, mental, or financial. Those issues cannot be tried on a class-wide basis. Although the Court might be able to conduct a class-wide trial on certain common legal issues pursuant to Plaintiffs' proposed trial plan, such a limited-issue class action trial, which would still require mini-trials to resolve issues such as specific causation and damages, would not be superior to the current procedural posture of the case, where all actions have been consolidated, and the matter can proceed to trial as to those plaintiffs who have a desire to proceed. [13]

> 13  *Robertson v. Monsanto Co.,* recently decided by the Fifth Circuit is also instructive on this point. *2008 U.S. App. LEXIS 15468, 2008 WL 2787478 (5th Cir. July 18, 2008)*. *Robertson,* like the instant case, involved injuries arising out of a single accident, specifically, a gas leak at the defendant's manufacturing plant. *Id.* On appeal following a grant of class certification, the Fifth Circuit [*29] reversed, concluding, among other things that the "issues of causation and damages are highly individualized, and thus would not be well-served by a class action." *2008 U.S. App. LEXIS 15468, [WL] at *7*. The Court reasoned that while the injuries did stem from a single incident, each plaintiff still must show that the defendant's negligence in causing the gas leak was proximately connected to the specific injuries complained of. *Id.*
>
> In so doing, the Fifth Circuit again referenced its *Steering Committee* opinion, noting in particular that "emotional distress claims brought by the plaintiffs in this case will require some form of individualized proceedings." *2008 U.S. App. LEXIS 15468, [WL] at *7.*

As a result, based on an analysis of *Rule 23*, this case is not suitable for class certification. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Class Certification** (**Rec. Doc. 66**) is hereby **DENIED.**

New Orleans, Louisiana this 25th day of July, 2008.

/s/ Carl J. Barbier

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE