LEXSEE 2001 U.S. DIST. LEXIS 11941



Caution
As of: Sep 29, 2008

### KAYNE BROUSSARD ET AL. VERSUS PARISH OF ORLEANS ET AL.

### CIVIL ACTION NO. 00-2318 c/w 00-3055 SECTION "R" (2)

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*2001 U.S. Dist. LEXIS 11941*

**August 2, 2001, Decided**
**August 3, 2001, Filed, Entered**

**DISPOSITION:** [*1] Recommended that this plaintiffs' motion for class certification be DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs brought a *42 U.S.C.S. § 1983* claim, alleging defendant sheriff was deliberately indifferent to their rights to be released timely, and a state law claim for false imprisonment. Plaintiffs moved to certify a class consisting of all persons who had been detained due to defendant sheriff's policy of intentionally detaining persons after the requisite bail or bond had been delivered. The action was referred to a magistrate judge.

**OVERVIEW:** The court found that the class would contain a sufficiently large number of members whose joinder would be impracticable and that the numerosity requirement could be satisfied. Also, the court found that there was a common issue that the sheriff had a policy of deliberate delay, and that *Fed. R. Civ. P. 23(a)(3)* was satisfied. However, the court found that plaintiffs made no argument and offered no evidence concerning the adequacy of their representation of the class. Plaintiffs proffered no evidence that the putative class representatives were willing and able to take an active role in and control the litigation and to protect the interests of absentees, and the court could not presume so. A presumption of adequacy would have eviscerated the requirement that plaintiffs offer "specific proof" to satisfy each element of *Fed. R. Civ. P. 23*. Further, plaintiffs proffered no evidence of their counsel's competence to prosecute a class action.

**OUTCOME:** It was recommended that plaintiffs' motion for class certification be denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Judicial Discretion*
[HN1] *Fed. R. Civ. P. 23* governs class actions. The district court has great discretion in certifying and managing a class.

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN2] To be certified, the class must first satisfy the following threshold requirements of *Fed. R. Civ. P. 23(a)*: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions

of law or fact common to the class); (3) typicality (named parties claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interest of the class). In addition, the class must satisfy one of the three subsections of *Fed. R. Civ. P. 23(b)*. The party seeking class certification bears the burden of showing that all of the criteria are met.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN3] Plaintiffs bear the burden of proving that the proposed class satisfies all four requirements of *Fed. R. Civ. P. 23(a)* and both requirements of *Fed. R. Civ. P. 23(b)(3)*.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN4] See *Fed. R. Civ. P. 23(b)(3)*.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN5] Under *Fed. R. Civ. P. 23(b)(3)*, plaintiffs must show both the predominance of common class issues and the superiority of the class action method.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Numerosity*
[HN6] To satisfy the numerosity prong of *Fed. R. Civ. P. 23(a)*, a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.

*Evidence > Judicial Notice > Adjudicative Facts > General Overview*
[HN7] The court has discretion to take judicial notice of adjudicative facts. *Fed. R. Evid. 201(a)*.

*Evidence > Judicial Notice > General Overview*
[HN8] See *Fed. R. Evid. 201(b)*.

*Civil Procedure > Class Actions > Prerequisites > Numerosity*
[HN9] In a class action, actual numbers are not determinative of the numerosity inquiry and it has been noted that any class consisting of more than 40 members should raise a presumption that joinder is impracticable.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Numerosity*
[HN10] In a class action, relevant factors to determine numerosity, aside from numbers, include the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim.

*Civil Procedure > Class Actions > Prerequisites > Commonality*
[HN11] In a class action, to demonstrate commonality, plaintiffs must allege that there exist questions of law or fact common to the class. *Fed. R. Civ. P. 23(a)(2)*. The test for commonality is not demanding and is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN12] *Fed. R. Civ. P. 23(a)(2)* requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN13] That a case must contain at least one issue, the resolution of which will affect all or a significant number of the putative class members, is an accurate statement of United States Court of Appeals for the Fifth Circuit law.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN14] The fact that some of the plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN15] The common question requirement of *Fed. R.*

Case 2:05-cv-04182-SRD-JCW   Document 15549-57   Filed 09/29/08   Page 3 of 10

Page 3
2001 U.S. Dist. LEXIS 11941, *1

*Civ. P. 23(a)* is ordinarily considered in connection with the *Fed. R. Civ. P. 23(b)(3)* predominance inquiry because the court usually can find at least one issue that can be said to be common under the liberal wording of *Fed. R. Civ. P. 23(a)(2)*.

*Civil Procedure > Class Actions > Prerequisites > Typicality*
[HN16] To meet the typicality requirement, the claims or defenses of the parties must be typical of the claims or defenses of the class. *Fed. R. Civ. P. 23(a)(3)*.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN17] Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

*Civil Procedure > Class Actions > Class Counsel > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
*Civil Procedure > Counsel > General Overview*
[HN18] The final requirement of *Fed. R. Civ. P. 23(a)* is that the district court must find that the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two.

*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
*Civil Procedure > Counsel > General Overview*
*Legal Ethics > Client Relations > Effective Representation*
[HN19] The adequacy requirement set forth in *Fed. R. Civ. P. 23(a)* mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees. The adequacy inquiry also serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent. Furthermore, because absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times.

*Civil Procedure > Class Actions > Class Counsel > General Overview*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN20] In a class action, it is not enough that plaintiff's counsel are competent if the plaintiffs themselves almost totally lack familiarity with the facts of the case.

*Civil Procedure > Class Actions > Class Counsel > General Overview*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > General Overview*
[HN21] The court must inquire into whether the putative class representatives are willing and able to take an active role in and control the litigation and to protect the interests of absentees, and may not presume so. A presumption of adequacy would eviscerate the requirement that plaintiffs offer specific proof to satisfy each element of *Fed. R. Civ. P. 23* and would ignore the constitutional due process dimension of the adequacy inquiry.

*Civil Procedure > Class Actions > Class Counsel > General Overview*
*Civil Procedure > Class Actions > Notices*
*Evidence > Judicial Notice > Adjudicative Facts > General Overview*
[HN22] Although the court may in some circumstances take judicial notice of the adequacy of class counsel to prosecute the proposed class action, *Fed. R. Evid. 201*, the court may not presume the adequacy of counsel's representation.

*Civil Procedure > Class Actions > Prerequisites > General Overview*

Case 2:05-cv-04182-SRD-JCW   Document 15549-57   Filed 09/29/08   Page 4 of 10

Page 4
2001 U.S. Dist. LEXIS 11941, *1

[HN23] In a class action, determining predominance requires an understanding of the relevant claims, defenses, facts, and substantive law.

*Civil Rights Law > Section 1983 Actions > Elements > Protected Rights*
*Civil Rights Law > Section 1983 Actions > Scope*

[HN24] To recover under *42 U.S.C.S. § 1983* for either a substantive or a procedural due process violation, plaintiffs must demonstrate that they were denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution. While no state may deprive any person of life, liberty, or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the *Fourteenth Amendment* may arise from two sources--the Due Process Clause itself and the laws of the states.

*Civil Rights Law > Section 1983 Actions > Scope*
*Criminal Law & Procedure > Preliminary Proceedings > Preliminary Hearings > Procedure & Scope*
*Criminal Law & Procedure > Bail > General Overview*

[HN25] Under Louisiana case law, violations of deadlines or procedures for receiving an initial hearing, bail determination, probable cause determination or preliminary examination are rendered moot by a criminal defendant's subsequent conviction.

*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
*Criminal Law & Procedure > Preliminary Proceedings > Delays*
*Criminal Law & Procedure > Preliminary Proceedings > Preliminary Hearings > General Overview*

[HN26] Under Louisiana law, a criminal defendant's due process rights are not violated when he is not brought before a judge within 72 hours of arrest, in the absence of a showing of prejudice. Similarly, a failure to conduct a preliminary examination is rendered moot by the defendant's subsequent conviction, in the absence of a showing of prejudice.

*Civil Procedure > Remedies > Damages > Punitive Damages*
*Civil Rights Law > Section 1983 Actions > Scope*
*Torts > Damages > Punitive Damages > Conduct*

*Supporting Awards*

[HN27] Under *42 U.S.C.S. § 1983*, punitive damages may be awarded only if the official conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of risk about which he knows or which would be apparent to a reasonable person in his condition. The violation of constitutional rights must be shocking and offensive to justify an award of punitive damages.

**COUNSEL:** For KAYNE BROUSSARD, FRANK BORJA, PETER SNELLING, HAMPTON RED, FORGES, FABIAN MUMME, JR, LESLIE BUTLER, REYNELL PAYNE, HENRY HOLZENTHAL, BENNY TAYLOR, JR, DARRYL HAWKINS, plaintiffs (00-CV-2318): Malcolm R. Petal, Malcolm R. Petal, Attorney at Law, New Orleans, LA.

For CHARLES C FOTI, JR, defendant (00-CV-2318): Freeman Rudolph Matthews, Craig Edmond Frosch, Lambert Joseph Hassinger, Jr., Usry, Weeks & Matthews, New Orleans, LA.

**JUDGES:** JOSEPH C. WILKINSON, JR., UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** JOSEPH C. WILKINSON, JR.

**OPINION**

### REPORT AND RECOMMENDATION

I. PROCEDURAL BACKGROUND

Plaintiffs' motion to certify Class I, as described in their Second Amended Complaint, as a class under *Fed. R. Civ. P. 23(b)(3)* in Civil Action No. 00-2318 has been referred to me for findings and recommendation. Record Doc. No. 23. Plaintiffs seek to certify a class described as:

> All persons who have been detained by the Criminal Sheriff of Orleans Parish, due to a policy of intentionally detaining persons in their custody and delaying their release, after the requisite bail or bond has been delivered, [*2] and/or an order for release has been issued by a Court of

competent jurisdiction, and/or an order of parole has been issued from competent public official.

Record Doc. No. 41, Plaintiffs' Second Amended Complaint, P 4; Record Doc. No. 89, Plaintiffs' Motion to Maintain Class I Proposed in 00-2318 as a Class Action. Plaintiffs bring one claim under *42 U.S.C. § 1983*, alleging that defendant Sheriff Charles Foti, Jr. was deliberately indifferent to plaintiffs' rights to be released timely, and one claim under Louisiana law for false imprisonment. Record Doc. No. 41, Plaintiffs' Second Amended Complaint, P I.

Sheriff Foti filed a timely opposition memorandum. Record Doc. No. 96. A hearing was conducted on July 25, 2001. Participating were Malcolm R. Petal, representing plaintiffs, and Lambert J. Hassinger, Jr., representing Sheriff Foti.

After plaintiffs' request for class certification was referred to me in December 2000, I conducted a telephone status conference on January 9, 2001, in which counsel participated, to schedule the progress of the class certification motion. By minute entry entered the same day, I ordered plaintiffs to file their motion [*3] to certify a class by June 1, 2001. Record Doc. No. 32. They did so.

The January 9th order further provided: "The motion must state whether plaintiffs request a live evidentiary hearing and, if so, must include a list of all exhibits and witnesses who may or will be called to testify at the class certification hearing." Id. at 2-3. In addition, the January 9th order set oral argument on plaintiffs' certification motion for July 25, 2001 at 10:30 a.m. and provided that "if an evidentiary hearing is necessary, it will be held at the same time." Id. at p.3. Neither plaintiffs nor defendants requested a live evidentiary hearing, nor did they file witness or exhibit lists in response to this order or present evidence of any kind in connection with the motion to certify this class.

Having considered the Second Amended Complaint, the submissions of the parties, the arguments of counsel, the record and the applicable law, and for the following reasons, IT IS RECOMMENDED that plaintiffs' motion for class certification be DENIED.

II. LEGAL ANALYSIS

A. Class Certification Standards

[HN1] *Rule 23 of the Federal Rules of Civil Procedure* governs class actions. "The district court [*4] has great discretion in certifying and managing a class." *James v. City of Dallas, 254 F.3d 551, 2001 U.S. App. LEXIS 13491*, *14, 2001 WL 682089, at *12 (5th Cir. 2001) (citation omitted).

In another portion of these consolidated cases, the presiding district judge recently described the standards for examining a class certification motion.

> [HN2] To be certified, the class must first satisfy the following threshold requirements of *Rule 23(a)*: (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties claims or defenses are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). In addition, the class must satisfy one of the three subsections of *Rule 23(b)*. The party seeking class certification bears the burden of showing that all of the criteria are met.

*Broussard v. Foti, 2001 U.S. Dist. LEXIS 8564*, *3-4, No. 00-2318, 2001 WL 699525, at *1 (E.D. La. June 18, 2001) (Vance, J.) (emphasis added) (citing *Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614, 138 L. Ed. 2d 689, 117 S. Ct. 2231 (1997)*; [*5] *Mullen v. Treasure Chest Casino, LLC., 186 F.3d 620, 623-24 (5th Cir. 1999)*, cert. denied, *528 U.S. 1159, 145 L. Ed. 2d 1078, 120 S. Ct. 1169 (2000))*; *Castano v. American Tobacco Co., 84 F.3d 734 (5th Cir. 1996))*.

Plaintiffs' counsel confirmed at oral argument that plaintiffs seek primarily monetary damages for delayed releases from Orleans Parish Prison, although they also seek injunctive relief. Plaintiffs' motion seeks class certification solely pursuant to *Rule 23(b)(3)*, which would be the appropriate vehicle for class certification in this instance, if plaintiffs satisfy all the elements of *Rule 23(a)* and *23(b)(3)*. Thus, [HN3] plaintiffs bear the

burden of proving that the proposed class satisfies all four requirements of *Rule 23(a)* and both requirements of *Rule 23(b)(3)*. *Mullen, 186 F.3d at 624*.

[HN4] *Rule 23(b)(3)* provides:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . .
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, [*6] and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Fed. R. Civ. P. 23(b)(3)* (emphasis added). [HN5] Under this part of the rule, plaintiffs must show both the predominance of common class issues and the superiority of the class action method. *Mullen, 186 F.3d at 623-24* (citing *Amchem Prods., 521 U.S. at 615*).

B. Plaintiffs Have Failed to Carry Their Burden

Plaintiffs have failed to carry their burden to meet both the threshold requirements of *Rule 23(a)* and the additional requirements of *Rule 23(b)(3)*. In the absence of proof of all required elements, the court may not certify a class. [*7] *Berger v. Compaq Computer Corp., 257 F.3d 475, 2001 U.S. App. LEXIS 16710, 2001 WL 829720*, at *3 (5th Cir. 2001).

1. *Rule 23(a)(1): Numerosity*

First, "[HN6] to satisfy the numerosity prong [of *Rule 23(a)*], a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." James, 2001 WL 682089, at *12 (quotation and citation omitted). In the instant case, plaintiffs presented no evidence of the number of purported class members. At oral argument, plaintiffs' counsel could not provide any estimate of the number of class members. Plaintiffs argue nonetheless that the court may take judicial notice that the class is sufficiently numerous because, they allege, more than 100,000 people are processed by Orleans Parish Prison each year.

[HN7] The court has discretion to take judicial notice of "adjudicative facts." *Fed. R. Evid. 201(a)*.

> [HN8] (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably [*8] be questioned.

Id. R. 201(b).

Sheriff Foti neither disputes nor stipulates to the 100,000 number cited by plaintiffs, but he argues that the number of people processed is irrelevant. He contends that the only relevant number is how many arrestees were intentionally detained past their proper release time within the prescriptive period, a number that plaintiffs have not provided. However, [HN9] actual numbers are not determinative of the numerosity inquiry and "it has been noted that any class consisting of more than forty members 'should raise a presumption that joinder is impracticable.'" *Street v. Diamond Offshore Drilling, 2001 U.S. Dist. LEXIS 7054, *12, No. 00-1317, 2001 WL 568111*, at *4 (E.D. La. May 25, 2001) (Duval, J.) (quoting *Mullen, 186 F.3d at 624*).

[HN10] Relevant factors to determine numerosity, aside from numbers, include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Mullen, 186 F.3d at 624* (quotation and citation omitted). The court can infer from the nature of the action and the undoubtedly large number of persons processed through [*9] Orleans Parish Prison in a year

that members of the class may be geographically dispersed and/or difficult to identify. Id. Plaintiffs' counsel noted at oral argument that individual class members do not have much incentive to bring individual actions because the amount of damages for a short delay in release may be small. These factors are sufficient to allow the court to presume, solely for purposes of the pending motion, that the class would contain a sufficiently large number of members whose joinder would be impracticable and that the numerosity requirement can be satisfied.

2. *Rule 23(a)(2): Commonality*

[HN11] To demonstrate commonality, plaintiffs must allege that there exist "questions of law or fact common to the class." *Fed. R. Civ. P. 23(a)(2)*. The "'test for commonality is not demanding'" and "is met when there is 'at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" James, 2001 WL 682089, at *12 (quoting *Mullen, 186 F.3d at 625*; *Forbush v. J.C. Penney Co., 994 F.2d 1101, 1106 (5th Cir. 1993))*.

Defendant argues that plaintiffs must present at least two [*10] common issues, citing Applewhite v. Reichhold Chems., Inc., in which a Fifth Circuit panel stated that "class certification requires at least two issues in common." *Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 573 (5th Cir. 1995)* (citing *Stewart v. Winter, 669 F.2d 328, 335 n.16 (5th Cir. 1982))*. However, the Applewhite panel misstated the holding in Stewart. The court in Stewart held that [HN12] *Rule 23(a)(2)* requires "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart, 669 F.2d at 335*. The Stewart court held that "by its terms, *Rule 23(a)(2)* requires more than one common question" but left open "whether one common question should suffice, or, indeed, how to determine whether an issue presents 'one' question or 'more than one' question." *Id. at 335 n.16*. The holdings of Forbush, Mullen and James that [HN13] a case must contain "at least one issue, the resolution of which will affect all or a significant number of the putative class members," is an accurate statement of Fifth Circuit law.

"[HN14] The fact that some of the Plaintiffs [*11] may have different claims, or claims that may require some individualized analysis, is not fatal to commonality." James, 2001 WL 682089, at *12. Thus, in this case, the assertion by a few of the named plaintiffs of claims of constitutionally inadequate medical care or conditions of confinement -- claims about which class certification is not sought -- does not defeat commonality. Plaintiffs' counsel confirmed at oral argument that the class action does not encompass either those types of claims or any claims of individual pain and suffering or lost wages resulting from the allegedly delayed releases.

Plaintiffs contend that they present two common issues. They argue first that the reasons for and the actual length of delayed release in each class member's case are irrelevant because there is some fixed number of hours that a factfinder would find to be per se unreasonable, regardless of each plaintiff's individual circumstances, and second, that the Sheriff has a policy of deliberate delay. Although the first issue does not present common questions, as discussed further below, the second issue appears to satisfy this element of *Rule 23(a)*. "However, [HN15] this factor ordinarily [*12] is considered in connection with the *Rule 23(b)(3)* predominance inquiry because the court usually can find at least one issue that can be said to be 'common' under the liberal wording of *Rule 23(a)(2)*." Street, 2001 WL 568111, at *4 (citing *In re Ford Motor Co. Bronco II Prod. Liab. Litig., 177 F.R.D. 360, 366 (E.D. La. 1997))*. Accordingly, I will examine this factor in more detail below in connection with the predominance inquiry.

3. *Rule 23(a)(3): Typicality*

Plaintiffs did not address typicality in their memorandum or at oral argument. [HN16] To meet the typicality requirement, "the claims or defenses of the parties [must be] typical of the claims or defenses of the class." *Fed. R. Civ. P. 23(a)(3)*.

> [HN17] Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course [*13] of conduct and share the same legal theory, factual differences will not defeat typicality.

*James*, 254 F.3d 551, 2001 U.S. App. LEXIS 13491, *42, 2001 WL 682089, at *12 (quotations and citations omitted).

Sheriff Foti argues that plaintiffs are not typical because each class member must prove that defendant was deliberately indifferent to him or her under the particular circumstances of each class member's charges, hearing, posting of bond, receipt of parole, detention and release. However, plaintiffs allege a single legal theory of recovery arising out of a policy or course of conduct, which they characterize as a deliberate culture of incompetence that causes unreasonable delays, and all plaintiffs seek the same remedies, compensatory damages for the delays and punitive damages for the policy. Therefore, *Rule 23(a)(3)* is satisfied. See *Mullen, 186 F.3d at 625* (typicality satisfied when plaintiff employees alleged theories of liability for defective air ventilation aboard casino boat under Jones Act and doctrine of unseaworthiness, despite defendant's argument that each class member's alleged resulting "respiratory illness" may differ).

4. *Rule 23(a)(4): Adequacy of Representation*

[*14] "[HN18] The final requirement of *Rule 23(a)* is that the district court must find that the representative parties will fairly and adequately protect the interests of the class." James, 2001 WL 682089, at *13 (quotations and citations omitted). "*Rule 23(a)*'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." Berger, 2001 WL 829720, at *2 (citation omitted).

> [HN19] The adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.] The adequacy inquiry also serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent. Furthermore, because absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times.

Id. (footnote, quotations and citations [*15] omitted) (ellipsis and brackets in original).

Plaintiffs made no argument and offered no evidence concerning the adequacy of their representation of the class. They have failed to show that the class representatives and their counsel will adequately represent the class.

First, "[HN20] it is not enough that plaintiff's counsel are competent if the plaintiffs themselves almost totally lack familiarity with the facts of the case." Id. at *6 n.18. Plaintiffs have proffered no evidence that "the putative class representatives are 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees." Id. at *2. [HN21] The court must inquire into these facts and may not presume them. Id. at *4. A presumption of adequacy would eviscerate the requirement that plaintiffs offer "specific proof" to satisfy each element of *Rule 23* and would ignore the constitutional due process dimension of the adequacy inquiry. Id. at *2-3. Thus, I must find that the named plaintiffs are inadequate to represent the putative class.

Further, plaintiffs have proffered no evidence of their counsel's competence to prosecute a class action. Plaintiff's counsel stated [*16] at oral argument that he is a sole practitioner and has never previously been approved to handle a class action in federal court. Although he said that he would associate more experienced co-counsel if necessary, he also said that he has not initiated any contacts with such counsel and did not identify who such counsel might be. In connection with the instant motion, he failed to offer any evidence to support any of the six factors that plaintiffs need to prove to obtain class certification and failed to address two of the factors in his memorandum in support of the motion. [HN22] Although the court may in some circumstances take judicial notice of the adequacy of class counsel to prosecute the proposed class action, Berger, 2001 WL 829720, at *3 (citations omitted), there are no "adjudicative facts" concerning the adequacy of counsel to prosecute a class action that are "not subject to reasonable dispute" in the record of this case. *Fed. R. Evid. 201*. The court may not presume the adequacy of counsel's representation for the same reasons stated above

concerning the class representatives.

Because plaintiffs have failed to satisfy all four requirements of *Rule 23(a)*, their [*17] motion to certify a class should be denied. However, should the presiding district judge disagree with this analysis, I will also address the requirements of *Rule 23(b)(3)*.

5. *Rule 23(b)(3): Predominance*

Plaintiffs have failed to demonstrate that common questions of law or fact will predominate as required by *Rule 23(b)(3)*. [HN23] Determining predominance "requires an understanding of the relevant claims, defenses, facts, and substantive law." Street, 2001 WL 568111, at *9 (citing *Allison v. Citgo Petroleum Corp., 151 F.3d 402, 419 (5th Cir. 1998))*.

Plaintiffs assert that there was a specific time for each putative class member when Sheriff Foti's legal authority to detain that person expired, followed by a specific time when that person was actually released. Plaintiffs argue that the factfinder can determine a single, fixed number of hours of delay prior to release that is per se unreasonable as to all class members, regardless of their individual circumstances, which makes this action appropriate for class certification. That is not the law.

[HN24] To recover under *Section 1983* for either a substantive or a procedural due process violation, plaintiffs [*18] must demonstrate that they were "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." *Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000)*; accord *Sandin v. Conner, 515 U.S. 472, 481-83, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995)* (liberty interest); *Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir. 2000)*, cert. denied, *148 L. Ed. 2d 957, 121 S. Ct. 1081 (2001)* (property interest). "While no State may deprive any person of life, liberty, or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the *Fourteenth Amendment* may arise from two sources--the Due Process Clause itself and the laws of the States." *Hewitt v. Helms, 459 U.S. 460, 466, 74 L. Ed. 2d 675, 103 S. Ct. 864 (1983)* (quotation and citation omitted).

The factfinder must analyze for each class member whether Louisiana law provides him with a protected liberty interest in, for example, being booked within a certain number of hours; receiving an initial hearing, [*19] bail determination, probable cause determination or preliminary examination within a certain number of hours; receiving any other procedure of which the class member alleges a deprivation; and being released under whatever circumstances the member and/or Sheriff Foti allege occurred.

[HN25] Under Louisiana case law, violations of deadlines or procedures for receiving an initial hearing, bail determination, probable cause determination or preliminary examination are rendered moot by a criminal defendant's subsequent conviction. *State ex rel. Cosey v. State, 635 So. 2d 1140, 1140 (La. 1994)*; *State v. Varmall, 539 So. 2d 45, 46 (La. 1989)*; *State v. Wallace, 392 So. 2d 410, 413 (La. 1980)*; *State v. Williams, 692 So. 2d 509, 513 (La. App. 3d Cir. 1997)*; *State v. Boniface, 650 So. 2d 1222, 1222 (La. App. 4th Cir. 1995)*. Thus, the factfinder will need to determine whether each class member who alleges a violation of these types of deadlines or procedures was subsequently convicted of the crime(s) for which he was allegedly detained illegally.

[HN26] In addition, a criminal defendant's due process rights are not violated [*20] when he is not brought before a judge within 72 hours of arrest, in the absence of a showing of prejudice. *State v. Tauzier, 397 So. 2d 494, 504-05 (La. 1981)*, superseded by statute on other grounds as stated in *State v. Shropshire, 471 So. 2d 707, 709 (La. 1985)*; accord *State v. Bouie, 598 So. 2d 610, 611 (La. App. 4th Cir. 1992)*. Similarly, a failure to conduct a preliminary examination is rendered moot by the defendant's subsequent conviction, in the absence of a showing of prejudice. *State v. Bullard, 700 So. 2d 1051, 1057 (La. App. 2d Cir. 1997)* (citing *State v. Washington, 363 So. 2d 509 (La. 1978)*; *State v. Gates, 630 So. 2d 1345 (La. App. 2d Cir. 1994))*. Whether a particular class member was prejudiced in either of these circumstances will be an individualized inquiry.

Common questions of law or fact will not predominate in this case. To the contrary, the second amended complaint reveals, and Judge Vance has already held in her ruling granting the motion to sever this portion of the consolidated cases, that "the detention plaintiffs [the putative class members] each allege a different scenario under [*21] which they were improperly detained. The unlawful detention claims thus will require fact-finding specific to each plaintiff."

Record Doc. No. 24, at p.3.

The facts concerning the crime charged; processing problems; procedures denied; length of delay; reasons for delay; existence of outstanding attachments, warrants or holds; physical location within the Orleans Parish Prison system; reasons for release; and conviction will differ as to each class member. The Second Amended Complaint reveals that the nine named plaintiffs were arrested for different crimes (traffic violations, other misdemeanors and felonies) and were variously released or not released on parole, on bond, because of a mistake in the length of sentence recorded in the Sheriff's office, because of an erroneous attachment or for other unstated reasons. The lengths of allegedly delayed release ranged from less than 24 hours to as much as 80 days. Some, but not all, of the named plaintiffs complain that they were not taken before a magistrate within 72 hours of arrest. Benny Taylor, Jr. complains that he was tried, convicted and sentenced after his bail had been posted. Leslie Butler had already been convicted and sentenced [*22] when he arrived at the Orleans Parish Prison, while the other named plaintiffs were pretrial detainees. The other plaintiffs do not state whether they were eventually convicted. Record Doc. No. 41, PP VII - XV. The differing facts in each case will determine whether the delay experienced by a particular person was excessive and, if so, was caused by mere negligence (which is not actionable under *Section 1983*) or by a compensable violation of that plaintiff's due process rights.

Furthermore, the question whether punitive damages should be awarded is fact-specific. It will require proof that Sheriff Foti acted with malice or willfulness or with callous and reckless indifference to the rights of plaintiffs. "[HN27] Under *§ 1983*, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." *Sockwell v. Phelps, 20 F.3d 187, 192 (5th Cir. 1994)* (citing *Smith v. Wade, 461 U.S. 30, 75 L. Ed. 2d 632, 103 S. Ct. 1625*, (1983)). One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive [*23] degree of risk about which he knows or which would be apparent to a reasonable person in his condition. The violation of constitutional rights must be shocking and offensive to justify an award of punitive damages. Fifth Circuit Pattern Jury Instr. 15.13 (2000).

These standards will require determinations based on the facts of each individual case. A particularly lengthy delay may be malicious, shocking and offensive in one case while a shorter delay may be unconstitutional, but not shocking or offensive, in another. Therefore, common issues of law or fact will not predominate in this case.

6. *Rule 23(b)(3): Superiority*

For the same reasons, the class action method will not be a superior method of handling this case because common issues of fact and law will not predominate and individual trials will be required on multiple issues.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that plaintiffs' motion for class certification be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy [*24] shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)* (en banc).

New Orleans, Louisiana, this 2d day of August, 2001.

JOSEPH C. WILKINSON, JR.

UNITED STATES MAGISTRATE JUDGE