Case 2:05-cv-04182-SRD-JCW   Document 15549-69   Filed 09/29/08   Page 1 of 5



Newberg on Class Actions
Database updated June 2008

Alba Conte and Herbert B. Newberg

Chapter 4. Class Categories and Defendant Classes

References

### § 4:31. Superiority factors enumerated in Rule 23—Desirability of concentrating litigation in particular forum

Rule 23(b)(3) also suggests that the court consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Taken at face value, this factor adds little to the superiority analysis. Though to some degree it suggests consideration of judicial economy,[1] its emphasis is on the forum selected, not the concentration of claims.[2]

A class was certified of over 400 purchasers of units in a limited partnership in In re Southeast Hotel Properties Ltd. Partnership Investor Litigation,[3] an action charging federal securities law and state law violations. A class action was superior to other available methods for the fair and efficient adjudication of this controversy when this was recognized by the Judicial Panel on Multidistrict Litigation, which decided to transfer the various pending cases to this district because the actions involved common questions of fact and such concentration would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, no putative class members had opposed class certification and both the number and geographic diversity of potential parties to this action suggested that class certification was the most efficient conduct of the litigation. Choice of forum is not relevant to the class action determination, because a class action may be proper though a change of venue is proper as well.[4] The key to this element of the rule is probably its historic significance. When Rule 23 was amended in 1966, 28 U.S.C.A. § 1407 had not been enacted. While § 1404 allows transfer only to a forum where venue would have been proper had the suit been filed there originally,[5] § 1407 allows transfer for coordinated pretrial proceedings regardless of venue considerations.[6] Thus, before the enactment of § 1407, if class actions were filed in different districts and § 1404 transfer were not possible because of venue considerations, a court could force concentration of the claims in another district by denying class litigation in its district on superiority grounds. This procedure became unecessary with the enactment of § 1407.[7]

In the class action context, the desirability of concentrating claims in a particular forum is relevant only when other class litigation has already been commenced elsewhere. If there are

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-04182-SRD-JCW   Document 15549-69   Filed 09/29/08   Page 2 of 5

CLASSACT § 4:31                                                                                      Page 2
2 Newberg on Class Actions § 4:31 (4th ed.)

related individual actions pending in other forums, then either § 1407 considerations may be relevant or the court could exclude the other actions from the class scope or otherwise certify the class and afford the plaintiffs who have commenced individual suits an opportunity for excluding themselves from the class. If there are related class suits pending elsewhere, the relevant considerations for handling overlapping classes come into play.[8] Though some courts have considered this forum concentration factor in denying a class because litigation in another district where other class suits had been brought was superior,[9] the proper approach in most cases will be to consider transfer under either § 1404 or § 1407 or factors relevant to resolving overlapping classes. This factor should, therefore, be of little or no significance in resolving the superiority issue.

> [FN1] Some courts have discussed this factor only in terms of judicial economy, an approach that should usually support a class action for the obvious reason that it is more economical to have one suit than several. Berland v. Mack, 48 F.R.D. 121, Fed. Sec. L. Rep. (CCH) ¶92499 (S.D. N.Y. 1969) (securities).
>
> See also Tedesco v. Mishkin, 689 F. Supp. 1327 (S.D. N.Y. 1988) (securities). The superiority requirement was met in a fraud action against the creator and trustee of an investment company when there was no indication that any class member was interested in individually controlling the prosecution of a separate action, concentration of the litigation in this district was desirable, and four state actions had been stayed under the Bankruptcy Code. Even if the state actions had not been stayed, crucial theories of relief asserted in the instant complaint (such as the antifraud provisions of the Securities Exchange Act and RICO) would be unavailable in state court.
>
> Thonen v. McNeil-Akron, Inc., 661 F. Supp. 1271, 112 Lab. Cas. (CCH) ¶11225 (N.D. Ohio 1986) (ERISA/LMRA).
>
> Other courts have considered judicial economy and convenience of forum together.
>
> In re Fine Paper Antitrust Litigation, 685 F.2d 810, 10 Fed. R. Evid. Serv. 1621 (3d Cir. 1982) (antitrust) (transferee court did not abuse its discretion in weighing economy of one trial in the district against that of several trials in plaintiffs' home districts).
>
> Fischer v. Kletz, 41 F.R.D. 377 (S.D. N.Y. 1966) (securities).
>
> [FN2] Some courts have discussed suitability of the particular forum.
>
> Central Wesleyan College v. W.R. Grace & Co., 143 F.R.D. 628, 78 Ed. Law Rep. 848 (D.S.C. 1992), judgment aff'd, 6 F.3d 177, 86 Ed. Law Rep. 69, 27 Fed. R. Serv. 3d 381 (4th Cir. 1993) (mass tort). In a national class action involving asbestos abatement in colleges, the court noted that the fact that class members would have to travel far did not render the forum undesirable when travel would be a factor wherever a national class

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-04182-SRD-JCW   Document 15549-69   Filed 09/29/08   Page 3 of 5

CLASSACT § 4:31                                                                                    Page 3
2 Newberg on Class Actions § 4:31 (4th ed.)

action was located.

*Sterling v. Velsicol Chemical Corp.*, No. 78-1100 (W.D. Tenn. Feb. 12, 1981) (mass tort) (in suit alleging toxic waste contamination, Rule 23(b)(3) class was certified; it was desirable to centralize the litigation near the dump site so witnesses would be accessible).

Bentkowski v. Marfuerza Compania Maritima, S. A., 70 F.R.D. 401 (E.D. Pa. 1976) (mass tort) (when majority of class lived in New Jersey, Maryland, Pennsylvania, and Virginia, Eastern District of Pennsylvania was desirable forum).

Cf. Causey v. Pan Am. World Airways, Inc., 66 F.R.D. 392, 28 A.L.R. Fed. 709 (E.D. Va. 1975) (mass tort) (in airline crash case, when plaintiff was only class member who had connection with forum, it was undesirable to concentrate litigation there).

Fogel v. Wolfgang, 47 F.R.D. 213, Fed. Sec. L. Rep. (CCH) ¶92407 (S.D. N.Y. 1969) (securities) (class certified and transferred to Northern District of Ohio where large percentage of class resided and could be better represented by counsel).

[FN3] In re Southeast Hotel Properties Ltd. Partnership Investor Litigation, 151 F.R.D. 597 (W.D. N.C. 1993).

In re Dehon, Inc., 298 B.R. 206, 214, 41 Bankr. Ct. Dec. (CRR) 247, 50 Collier Bankr. Cas. 2d (MB) 1635 (Bankr. D. Mass. 2003) (defendant class). Regarding "geographic dispersal," the court noted a feature of bankruptcy court jurisdiction. "[I]t should be remembered that the United States Bankruptcy Court operates with the benefit of nationwide service of process: 'all that is needed is sufficient contacts with the United States, not the state where the bankruptcy case is pending.'" In re Dehon, Inc., 298 B.R. 206, 214, 41 Bankr. Ct. Dec. (CRR) 247, 50 Collier Bankr. Cas. 2d (MB) 1635 (Bankr. D. Mass. 2003), quoting In re Integra Realty Resources, Inc., 179 B.R. 264, 268 (Bankr. D. Colo. 1995), subsequently aff'd, 354 F.3d 1246, 42 Bankr. Ct. Dec. (CRR) 111 (10th Cir. 2004).

The court also noted that its jurisdiction extends to foreign defendants as well under the same contacts analysis. But see Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V., 310 F.3d 118, 40 Bankr. Ct. Dec. (CRR) 113 (3d Cir. 2002), as amended, (Nov. 12, 2002) (directing the bankruptcy court on remand to conduct choice of law analysis to accommodate parallel bankruptcy proceeding in Belgium).

Moreover, a bankruptcy court can order notice to all class members as a condition of certification to ensure that due process requirements are met. In re Dehon, Inc., 298 B.R. 206, 214, 41 Bankr. Ct. Dec. (CRR) 247, 50 Collier Bankr. Cas. 2d (MB) 1635 (Bankr. D. Mass. 2003). See Fed. R. Civ. P. 23(d); In re Gap Stores Securities Litigation, 79 F.R.D. 283, 292, Fed. Sec. L. Rep. (CCH) P 96486 (N.D. Cal. 1978).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-04182-SRD-JCW   Document 15549-69   Filed 09/29/08   Page 4 of 5

CLASSACT § 4:31                                                                                   Page 4
2 Newberg on Class Actions § 4:31 (4th ed.)

[FN4] In re Fine Paper Antitrust Litigation, 685 F.2d 810, 10 Fed. R. Evid. Serv. 1621 (3d Cir. 1982) (antitrust) (28 U.S.C.A. § 1404(a) does not preclude transfer of case that might have lacked complete diversity in transfer court when it was filed but which now has diversity as result of parties settling and dropping out of suit; venue defects may be cured as to any party by that party's settlement of its portion of the action).

Umbriac v. American Snacks, Inc., 388 F. Supp. 265, Fed. Sec. L. Rep. (CCH) ¶94963 (E.D. Pa. 1975) (securities) (class action may be proper though change of venue also proper).

Fischer v. Kletz, 41 F.R.D. 377 (S.D. N.Y. 1966) (securities).

[FN5] 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[FN6] 28 U.S.C.A. § 1407(a), which provides: "[W]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."

[FN7] City of Philadelphia v. Emhart Corp., 317 F. Supp. 1320 (E.D. Pa. 1970) (antitrust) (court held that defendant failed to meet its burden for a § 1404 transfer; class action certified).

Subsequently, in In re Master Key, 320 F. Supp. 1404 (J.P.M.L. 1971) (antitrust), the Judicial Panel on Multidistrict Litigation approved a § 1407 transfer to the District of Connecticut in the same action.

[FN8] *Garcia-Mir v. Civiletti*, 32 Fed. R. Serv. 2d 509 (D. Kan. 1981) (civil rights). Cuban aliens imprisoned by the United States authorities sought habeas corpus relief. The court refused to certify the class because of the danger of overlapping classes. There were cases pending in another district involving the same issues and class members. The case was transferred to the Northern District of Georgia where other suits were pending.

[FN9] Reynolds v. Texas Gulf Sulphur Co., 309 F. Supp. 566, Fed. Sec. L. Rep. (CCH) ¶92673 (D. Utah 1970), order aff'd, 446 F.2d 90, Fed. Sec. L. Rep. (CCH) ¶93019, 29 A.L.R. Fed. 620 (10th Cir. 1971) (securities).

In re Fine Paper Antitrust Litigation, 685 F.2d 810, 10 Fed. R. Evid. Serv. 1621 (3d Cir. 1982) (antitrust).

In re Transit Co. Tire Antitrust Litigation, 67 F.R.D. 59 (W.D. Mo. 1975) (antitrust

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:05-cv-04182-SRD-JCW   Document 15549-69   Filed 09/29/08   Page 5 of 5

CLASSACT § 4:31                                                                                                              Page 5
2 Newberg on Class Actions § 4:31 (4th ed.)

(class denied when actions had been consolidated before same court).

© 2008 Thomson Reuters/West

CLASSACT § 4:31

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.