UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * CIVIL ACTION * * NO. 05-4182 * and consolidated cases |
| PERTAINS TO:   BARGE | * * SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531 *Mumford v. Ingram*   05-5724 *Lagarge v. Lafarge*   06-5342 *Perry v. Ingram*   06-6299 | * * * * * JUDGE * STANWOOD R. DUVAL, JR. * * MAG. JOSEPH C. WILKINSON, JR. * * |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Rule 201(d) of the Federal Rules of Evidence provides that a "court shall take judicial notice if requested by a party and supplied with the necessary information." Where a matter is judicially noticed, it is accepted as true without formal evidentiary proof. Accordingly, Plaintiffs makes the following requests for judicial notice in support of Plaintiffs' Motion for Class Certification, filed concurrently herewith:

 **I.** **REQUEST FOR JUDICIAL NOTICE OF NATURAL GEOGRAPHIC BOUNDARIES OF CLASS AREA**

Plaintiffs respectfully request that this Court take judicial notice of the fact that three of the four boundaries which comprise the proposed "Class Area" are natural geographic

1

boundaries[1] and thereon, not subject to reasonable dispute in terms of representing the logical cut-off points in terms of the areas affected by the flooding that resulted from the North and South Breaches in the East wall of the Industrial Canal that occurred on August 29, 2005. In support of their request, Plaintiffs' guide the Court's attention to the map of the proposed Class Area produced by Plaintiff's expert, Melvin Spinks, PE, which details each of the distinct boundaries of the proposed Class Area that define Plaintiffs' proposed Class. A true and correct copy of this map is included with Mr. Spinks' Expert Report at Bates-number 000033, which has been manually lodged with the Court as **Exhibit "1"** concurrently herewith. *See Declaration of Shawn Khorrami*, at ¶2 (*filing concurrently herewith*).

As laid out in the map, these three boundaries are represented by the following:

1. The *Western boundary*, which is comprised of the section of the Industrial Canal from the point of the Florida Avenue Bridge to the Mississippi River;

2. The *Northern boundary,* which is comprised of the section of the Public Belt adjacent to and immediately north of Florida Avenue, and the east-west channel or canal extending from the aforesaid railway to Paris Road (Florida Walk Canal and Forty Arpent Canal); and

---

[1] Plaintiffs provide evidence in the form of expert testimony establishing that Paris Road should be deemed to be the fourth "Eastern boundary" because **(1)** "[a] ridge line exists immediately west of Paris Road that parallels Paris Road" that "is approximately 4 to 6 feet higher in elevation than the surrounding areas" and as such, the "Floodwaters that entered from the breaches along the IHNC are generally contained west of this ridge." *See Khorrami Dec., Exh. 1* (Spinks Report, at 15-16); and **(2)** based on numerous factors, the flow of water from the Industrial Canal breaches was moving in a eastern direction well beyond Paris Road, indicating that the initial flooding of areas on the West side of Paris Road was due to water from Industrial Canal breaches. *See Khorrami Dec.,* at Exh. 1 (Spinks Report, at 22-23, 29). Based thereon, Paris Road is, if anything, a more narrow geographic demarcation upon which the Class boundary could have been drawn.

2

      3.      The *Southern boundary* which is comprised of the section of the Mississippi River running from the Industrial Canal to Paris Road.

Judicial notice of these natural boundaries is appropriate under Rule 201(d) of the Federal Rules of Evidence which permits judicial notice of a fact that is "not subject to a reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Among matters long recognized as proper subjects for judicial notice are a wide range of geographic facts, including:

- **Geographic landmarks contained within a location**. *See United States v. Mendell*, 447 F.2d 639, 641 (7th Cir. 1971) (holding that where landmarks are sufficiently numerous and notorious, the interference that they are located within a particular municipality within the jurisdiction of the court may be properly made); *United States v. Quiovers*, 532 F.2d 752 (4th Cir. Va. 1976) ("Judicial notice that National Airport was in the Eastern District of Virginia was proper.").

- **Geographic Boundaries**: *See Weaver v. United States*, 298 F.2d 496, 499 (5th Cir. 1962) (holding that district court did not err in taking judicial notice that streets at issue were located in Mobile, Alabama, as substantial authority existed demonstrating that "courts take judicial notice of the boundaries of the nation, of the location of states and territories, the location of the boundaries of the state in which the court is sitting, of counties, district and townships" as well as "[t]he location and boundary of any incorporated city" and "locations of governmental buildings and institutions."); *Santamaria v. Dallas Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 83417 (N.D. Tex. 2006) (taking judicial notice of school district's attendance zone which was "bounded on the west by Preston Road and generally extended east past U.S. Highway 75. . . "); *Government of Canal Zone v. Burjan*, 596 F.2d 690 (5th Cir. 1979) (stating

that the court has on several occasions taken judicial notice of geographical locations and boundaries and that official government maps have long been held proper subjects of judicial notice); *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir., 2001) (reasoning that "[i]n *Burjan V.*, taking judicial notice on appeal did not offend the right to confront witnesses where 'the facts judicially noticed - the location of geographical boundaries - are indisputable' as they could be established by reference to official maps.);

- **The practical effects of natural Geographic Boundaries**: *See e.g. Arizona v. California*, 283 U.S. 423, 452 (U.S. 1931) ("a court may take judicial notice that a river within its jurisdiction is navigable."); *United States v. Coutchavlis*, 260 F.3d 1149, 1153-54 (9th Cir. 2001) (holding that it was within court's discretion to take judicial notice of the fact that the only route defendant could have followed was entirely within the park's boundaries, as "[a]n examination of a map of Yosemite demonstrates that the only route from Glacier point to the Chinquapin intersection travels entirely within the boundaries of the Park" and "[t]he magistrate judge, who actually holds court within the Park, could certainly take judicial notice of such a fact."); *Government of the Canal Zone v. Burjan*, 596 F.2d 690, 693-95 (5th Cir. 1979) (taking judicial notice of government maps to determine whether charged offenses occurred within boundaries of Canal Zone); *United States v. Burch*, 169 F.3d 666, 671-672 (10th Cir. Colo. 1999) ("Whether an offense occurred within particular geographical boundaries is an appropriate subject for judicial notice."); *United States v. Trenary*, 473 F.2d 680, 682 (9th Cir. Cal. 1973) ("Judicial notice may be taken of a map of the area and, considering the time factor, the distance covered and the probable source of the marijuana….").

As evidenced by the above authority, Rule 201 allows a court to take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute" and that are either "(1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).  The boundaries described above, and set forth in the map attached as Exhibit "A" are facts which are not subject to reasonable dispute, especially insofar as they are generally known within the territory of this Court and subject to confirmation by resort to a standard map of the New Orleans area.  As such, this Court should take judicial notice of each of the above defined boundaries as "natural boundaries" which necessarily contained the flooding that resulted from the North and South Breaches in the East wall of the Industrial Canal that occurred on August 29, 2005.

## II. REQUEST FOR JUDICIAL NOTICE OF GOVERNMENT REPORT.

Plaintiffs request that this Court take judicial notice of the United States Congress final Report on Hurricane Katrina, entitled "*Failure of Initiative: The Final Report of the Select Bipartisan Committee to Investigate the Preparation for and Response to Hurricane Katrina*."

This document was obtained from the Official United States Government Printing Office at: http://www.gpoaccess.gov/Katrinareport/mainreport.pdf.   A true and correct copy of this report is attached as **Exhibit "2"** to the *Declaration of Shawn Khorrami,* filed concurrently herewith. This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who evacuated prior to Katrina.

Courts may take judicial notice of the content of records and reports of administrative bodies.  *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including the "records and reports of administrative bodies."); *see also Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953);

*Wilson v. Lockheed Martin Corp.*, 2003 U.S. Dist. LEXIS 18627, 5 (E.D. La. 2003) (stating that a court may take judicial notice of Equal Employment Opportunity Commission (EEOC) documents as a matter of public record."); *Bradberry v. T-Mobile USA, Inc.*, 2007 U.S. Dist. LEXIS 34826, 8-9 (N.D. Cal. Apr. 27, 2007) (granting request to take judicial notice of "the Federal Communications Commission's Eleventh Annual Report to Congress on the State of Competition in the Commercial Radio Services Industry" as "a court may take judicial notice of records and reports of administrative bodies.")

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted.

### III. REQUEST FOR JUDICIAL NOTICE OF STATEMENT OF GOVERNOR KATHLEEN BLANCO.

Plaintiffs request that this Court take judicial notice of the December 14, 2005 statement of former Louisiana Governor Kathleen Blanco, submitted to the Select Bipartisan Committee to Investigate the Preparation for and Response to Hurricane Katrina Re: *Hurricane Katrina: Hearing on the Preparedness and Response by the State of Louisiana Before a Select Committee.*

This document was obtained from the Official United States House of Representatives website at: http://katrina.house.gov/hearings/12_14_05/witness_list_121405.htm. A true and correct copy of this report is attached as **Exhibit "5"** to the *Declaration of Shawn Khorrami,* filed concurrently herewith.

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who evacuated prior to Katrina.

6

In addition to the above authority, Courts may take judicial notice of testimony made before Congress. *See e.g. In re Healthsouth Corp. Sec. Litig.*, 2000 U.S. Dist. LEXIS 20443, 5 (N.D. Ala. Dec. 20, 2000) (taking judicial notice of "selected congressional testimony" as "[t]hese documents are directly relevant to the allegations of the complaint, the testimony was offered by HealthSouth executives, as such there is little concern that the defendants will be 'caught by surprise.'").

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted.

### IV. REQUEST FOR JUDICIAL NOTICE OF STATEMENT OF COLONEL JEFF SMITH.

Plaintiffs request that this Court take judicial notice of the December 14, 2005 statement of Colonel Jeff Smith (Deputy Director, Louisiana Office of Homeland Security and Emergency Preparedness), submitted to the Select Bipartisan Committee to Investigate the Preparation for and Response to Hurricane Katrina Re: *Hurricane Katrina: Hearing on the Preparedness and Response by the State of Louisiana Before a Select Committee*.

This document was obtained from the Official United States House of Representatives website at: http://katrina.house.gov/hearings/12_14_05/witness_list_121405.htm. A true and correct copy of this report is attached as **Exhibit "4"** to the *Declaration of Shawn Khorrami,* filed concurrently herewith.

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who evacuated prior to Katrina.

In addition to the above authority, Courts may take judicial notice of testimony made before Congress.  *See e.g. In re Healthsouth Corp. Sec. Litig.*, 2000 U.S. Dist. LEXIS 20443, 5 (N.D. Ala. Dec. 20, 2000) (taking judicial notice of "selected congressional testimony" as "[t]hese documents are directly relevant to the allegations of the complaint, the testimony was offered by HealthSouth  executives, as such there is little concern that the defendants will be 'caught by surprise.'").

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs request to take judicial notice should be granted.

### V.    REQUEST FOR JUDICAL NOTICE OF VITAL STATISTICS OF ALL BODIES AT ST. GABRIEL MORGUE.

Plaintiffs further respectfully request that this Court take judicial notice of the official report *Vital Statistics of All Bodies at St. Gabriel Morgue*, dated February 23, 2006.

This document was obtained from the Official Louisiana Department of Health and Hospitals website at: http://www.dhh.louisiana.gov/offices/publications/pubs-192/Deceased%20Victims_2-23-3006_information.pdf.  A true and correct copy of this report is attached as **Exhibit "3"** to the *Declaration of Shawn Khorrami,* filed concurrently herewith.

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who resided in either New Orleans or St. Bernard Parishes subsequently perished during the flooding.

In addition to the foregoing authorities, Courts may also take judicial notice of official governmental reports and statistics.  *United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *see also Perkins v. Emerson Electric Co.*, 482 F.Supp. 1347 (W.D. La. 1980) (taking judicial notice of United States Department of Labor statistics regarding plaintiff work life expectancy);

*Newman v. Hinsdale*, 592 F.Supp. 1307, 1310 (N.D. Ill. 1984) (taking judicial notice of federal statistics regarding snowfall).

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted.

## VI. REQUEST TO TAKE JUDICIAL NOTICE OF MAPS OF ORLEANS PARISH CENSUS TRACTS.

Plaintiffs request that this Court take judicial notice of the maps of the Orleans Parish Census Tracts.

These documents were downloaded from the official U.S. Census Bureau website at http://factfinder.census.gov/. True and correct copies of these documents are attached to the *Declaration of Richard Seymour*, as **Attachment "A"** (Bates-numbered RTS 1 through RTS 8).

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who resided in St. Bernard Parish at the time of the flooding.

As stated above, courts may take judicial notice of maps, and as such, should be inclined to take judicial notice of the maps of the Orleans Parish Census tracts. *See Government of the Canal Zone v. Burjan*, 596 F.2d 690, 693-95 (5th Cir. 1979) (taking judicial notice of government maps to determine whether charged offenses occurred within boundaries of Canal Zone); *see also United States v. Trenary*, 473 F.2d 680, 682 (9th Cir. Cal. 1973) ("Judicial notice may be taken of a map of the area and, considering the time factor, the distance covered and the probable source of the marijuana….").

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs request to take judicial notice should be granted.

### VII. REQUEST TO TAKE JUDICIAL NOTICE OF MAPS OF ST. BERNARD PARISH CENSUS TRACTS.

Plaintiffs request that this Court take judicial notice of the maps of the St. Bernard Parish Census Tracts.

These documents were downloaded from the official U.S. Census Bureau website at http://factfinder.census.gov/. True and correct copies of these documents are attached to the *Declaration of Richard Seymour*, **Attachment "B"** (Bates-numbered RTS 9 through RTS 16).

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who resided in St. Bernard Parish at the time of the flooding in question.

These maps are submitted in support of Plaintiffs' Motion for Class Certification and contain Census Tracts which lie wholly or partially within the Class Area. Pursuant to the same authority listed above in Section VI, this Court should take judicial notice of the maps of the St. Bernard Parish Census tracts.

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs request to take judicial notice should be granted.

### VIII. REQUEST TO TAKE JUDICIAL NOTICE OF CENSUS TABLE QT-DP-4.

Plaintiffs respectfully request that this Court also take notice of Census Table QT-DP-4, titled "Profile of Selected Housing Characteristics: 2000 Data Set: Census 2000 Summary File 4 (SF4) – Sample Data.

These documents were downloaded from the official U.S. Census Bureau website at http://factfinder.census.gov/. True and correct copies of these documents are attached to the *Declaration of Richard Seymour*, **Attachment "C"** (Bates-numbered RTS 16 through RTS 47).

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who resided in either New Orleans or St. Bernard Parishes at the time of the flooding in question.

As stated above, Courts may take judicial notice of official governmental reports and statistics. *United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *see also Perkins v. Emerson Electric Co.*, 482 F.Supp. 1347 (W.D. La. 1980) (taking judicial notice of United States Department of Labor statistics regarding plaintiff' work life expectancy); *Newman v. Hinsdale*, 592 F.Supp. 1307, 1310 (N.D. Ill. 1984) (taking judicial notice of federal statistics regarding snowfall).

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs request to take judicial notice should be granted.

### IX.     REQUEST TO TAKE JUDICIAL NOTICE OF CENSUS TABLE QT-H-3.

Plaintiffs further request that this Court take judicial notice of Census Table QT-H-3, titled "Household Population and Household Type by Tenure: 2000 Data Set: Census 2000 Summary File 4 (SF 4) – Sample Data.

These documents were downloaded from the official U.S. Census Bureau website at http://factfinder.census.gov/. True and correct copies of these documents are attached to the *Declaration of Richard Seymour*, **Attachment "D"** (Bates-numbered RTS 48 through RTS 62).

This document provides relevant information with regard to the composition of the Proposed Class, and in particular, official estimates of the number of persons who resided in either New Orleans or St. Bernard Parishes at the time of the flooding in question.

As stated above, Courts may take judicial notice of official governmental reports and statistics. *United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *see also Perkins v. Emerson Electric Co.*, 482 F.Supp. 1347 (W.D. La. 1980) (taking judicial notice of United States Department of Labor statistics regarding plaintiff' work life expectancy); *Newman v. Hinsdale*, 592 F.Supp. 1307, 1310 (N.D. Ill. 1984) (taking judicial notice of federal statistics regarding snowfall).

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted.

## X.   REQUEST TO TAKE JUDICIAL NOTICE OF U.S. BUREAU OF THE CENSUS, ZIP CODE BUSINESS PATTERNS (NAICS).

Plaintiffs respectfully request that this Court take judicial notice of the U.S. Bureau of Census, Zip Code Business Patterns (NAICS) for 2004 for zip codes 70117 and 70043.

These documents were downloaded from the official U.S. Census Bureau website at http://factfinder.census.gov/. True and correct copies of these documents are attached to the *Declaration of Richard Seymour*, **Attachments F and G** (Bates-numbered 65 through 68).

As stated above, Courts may take judicial notice of official governmental reports and statistics. *United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *see also Perkins v. Emerson Electric Co.*, 482 F.Supp. 1347 (W.D. La. 1980) (taking judicial notice of United States Department of Labor statistics regarding plaintiff' work life expectancy); *Newman v. Hinsdale*, 592 F.Supp. 1307, 1310 (N.D. Ill. 1984) (taking judicial notice of federal statistics regarding snowfall).

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted.

## XI.   REQUEST TO TAKE JUDICIAL NOTICE OF INTERAGENCY PERFORMANCE EVALUATION TASKFORCE REPORT.

Plaintiffs request that this Court also take judicial notice of the report prepared by the Interagency Performance Evaluation Taskforce, which addresses damages resulting from Hurricane Katrina.

A true and correct copy of this document was obtained from the New Orleans Protections Project Data Website located at: https://ipet.wes.army.mil/.  The document contains relevant information pertaining to hurricane protection systems, the storm itself and performance of the levees and floodwalls and interior drainage and pumping during the storm.  Per the authority stated above, Courts may take judicial notice of government-generated reports and documents.

Thus, as this document provides relevant information with regard to the composition of the Proposed Class, Plaintiffs' request to take judicial notice should be granted

Dated: September 29, 2008                    Respectfully submitted,

By: _____
SHAWN KHORRAMI  (CA Bar #180411)
DYLAN POLLARD  (CA Bar #180306)
MATT BAILEY  (CA Bar #218685)
H. SCOTT LEVIANT  (CA Bar #200834)
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:     (213) 596-6000
Facsimile:      (213) 596-6010
skhorrami@kpalawyers.com
dpollard@kpalawyers.com
hsleviant@kpalawyers.com
mbailey@kpalawyers.com

13

/s/  Brian Gilbert
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
bgilbert@briangilbertlaw.com


/s/  Lawrence D. Wiedemann
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
lawrence@wiedemannlaw.com
karl@wiedemannlaw.com
karen@wiedemannlaw.com


/s/  Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
pistols42@aol.com


/s/  Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
rick@rickseymourlaw.net

*Attorneys for Barge Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 29th day of September 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

By: _____

Matt C. Bailey