UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NUMBER: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: MRGO, Robinson | * | |
| (No. 06-2268) | * | |

**************************************************************************

OPPOSITION TO THE DEFENDANT UNITED STATES OF AMERICA'S

MOTION FOR PROTECTIVE ORDER

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who oppose the defendant United States of America's Motion for Protective Order.  In its' Motion, the United States has clouded the distinction between fact-based discovery and expert-based discovery to distract from its inability to meet its heavy burden of proof to secure the protective order it seeks.

The contested item of inquiry that Plaintiffs set forth in their 30(b)(6) Notice of Deposition reads quite simply:

> "The performance of the flood control structures along the
> MRGO, GIWW, and  IHNC during Hurricane Katrina."

The United States claims that "inquiry in this matter can most effectively be answered through expert testimony." (Defendant's Memorandum, pg. 4).  However, this supposition ignores both the liberal discovery rights of the Plaintiffs established by the Federal Rules of Civil

Procedure as well as the defendant's own post-Katrina conduct.  A short history lesson, one the defendant United States knows well, reveals that this effort by the United States is only another attempt to subvert the discovery process.

In the case of *Patrick Turner et. al v. Murphy Oil, USA*, USDC, EDLA No. 05-4206, the defendant Murphy Oil presented a defense that the negligence of the U.S. Army Corps of Engineers ("Corps") caused or contributed to the release of oil into a surrounding neighborhood of Mereaux, LA during or shortly after hurricane Katrina.  In furtherance of that defense, Murphy Oil sought to depose the Corps and served a Rule 30(b)(6) Notice of Deposition to elicit testimony regarding distinct topics.[1]  The United States, on behalf of the Corps, objected to this deposition notice via a Motion to Quash and/or Protective Order; but it did not argue that the items of inquiry required the presentation of expert testimony.[2]  Ultimately, the United States' Motion was rendered moot when Murphy Oil agreed to limit the items of inquiry to the following:

> "2.  The design of the levees along the MRGO in St. Bernard Parish;
>
> 3.  The construction of the levees along the MRGO in St. Bernard Parish;
>
> 8.  The *performance* of the levees along the MRGO in St. Bernard Parish during Hurricane Katrina."[3]

The Corps of Engineers designated Richard Varuso to testify at the August 22, 2006 deposition, and he was represented by Robin Smith at the deposition.  At the outset, Mr. Smith clarified that Mr. Varuso was presented to testify not as an individual, but as the designee of the

---

[1] See Exhibit 1 - Third Notice of 30(b)(6) Deposition, *Turner v. Murphy Oil, USA*.

[2] See Exhibit 2 - United States' Motion to Quash Subpoena and/or Protective Order.

[3] See Exhibit 1, *supra*.

Corps of Engineers.[4]  Additionally, Mr. Smith specified that Mr. Varuso was not presented "to testify as an expert," and in fact was specifically instructed not to answer questions regarding his qualifications.[5]  As the deposition progressed, Mr. Varuso provided substantial testimony on both direct and cross examination concerning the performance of the MRGO levees in St. Bernard Parish during hurricane Katrina.[6]  Clearly then, an inquiry into the performance of the levees during Katrina does not require a response from an expert.

As discovery progressed in the instant litigation, Plaintiffs identified Richard Varuso individually as a deponent, and his deposition took place on April 1, 2008.[7]  On more than one instance Mr. Varuso was asked specific questions as an individual, but was curiously unable to respond in a manner consistent with his prior testimony in the *Murphy Oil* litigation.  When pressed by Plaintiffs' counsel why he could testify about a subject on one day, and not be able to on a following day, attorney Richard Stone stated (with Mr. Baeza at his side) that "the difference here is that when he spoke to you in Murphy Oil he was speaking for the Corps as a 30(b)(6) witness with a script."[8]

This statement reveals that expert testimony is not necessary to discuss the performance of the levees during hurricane Katrina.  As such, the instant Motion can have no legitimate purpose.

---

[4] See Exhibit 3 - Deposition transcript of U.S. Corps of Engineers (Varuso); p. 8, l. 10-18.

[5] See Exhibit 3 - Deposition transcript of U.S. Corps of Engineers (Varuso); p. 13, l. 15 - p. 15, l. 17.

[6] See Exhibit 4 - Condensed version, Deposition transcript of U.S. Corps of Engineers (Varuso).

[7] Mr. Varuso was represented by Department of Justice attorneys Dan Baeza (author of the instant Motion for Protective Order) and Richard Stone.

[8] See Exhibit 5 - Deposition of Richard Varuso, pg.76, l. 3-25 & pg. 77 l. 1-20.

### A.     THE UNITED STATES CANNOT MEET IT HEAVY BURDEN OF PROOF TO OBTAIN A PROTECTIVE ORDER

Rule 26 of the Federal Rules of Civil Procedure sets forth that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim of the party. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible information.

The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant. Jones v. Hirschfeld, 219 F.R.D. 71 (S.D.N.Y.2003). Under the liberal discovery principles of the federal rules, those opposing discovery are required to carry a heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418 (C.A.9 (Cal.) 1975); Tele-Radio Systems Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371 (D.C.N.J.1981).

In the present case, plaintiffs have alleged that the negligent operation and maintenance of the navigation project known as the MRGO led to widespread flooding of the metropolitan New Orleans area. The Court is aware that the flood control structures were rendered utterly useless during hurricane Katrina; it is the Plaintiffs contention that the negligently maintained MRGO substantially contributed to the uselessness of the flood control structures. Plaintiffs are entitled to inquire how the levees performed during Katrina to better understand the deleterious effects that the MRGO had on the Corps' flood protection system.

In the months following Katrina, the only federally ordered study was the IPET Report, which was sponsored and managed by the Army Corps of Engineers. The direct observations of the IPET teams form the nucleus of this study. The Corps had its individuals pouring over the visual clues of how the hurricane affected the flood protection systems well before most of the

population was able to return to the city, and certainly before Plaintiffs were able to coordinate any inspections of the flood control system. As a result, individuals associated with the Corps were able to obtain the most contemporaneous observations of how the flood control structures weathered hurricane Katrina. This type of information is not the stuff of experts, no more so than if your Honor stood next to the 17th Street Canal breach on August 30, 2005 and was later asked to describe what he saw. While the defendant's experts may very well have relied upon the observatons of Corps individuals to formulate their opinions, that does not remove these factual underpinnings out of the realm of fact-based discovery.

In the present case, the Plaintiffs do not assert that the levees were defective; whether the defendant United States realizes this is immaterial. The condition of the levees after Hurricane Katrina are part and parcel of the information that Plaintiffs are entitled to obtain to better evaluate the deleterious effects that the MRGO had on the region's safety.

Because the United States has failed to enunciate any substantive argument that it has met its heavy burden of proof to secure a protective order, the Court must deny the Defendant United States of America's Motion for Protective Order.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

   /s/  Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

O'Donnell & Associates P.C.

By: /s/ Pierce O"Donnell
Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone: (213) 347-0290
Fax: (213) 347-0298

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 30th day of September, 2008.

/s/ Joseph M. Bruno
Joseph M. Bruno