Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICK JOSEPH TURNER,            CIVIL ACTION
INDIVIDUALLY AND AS
REPRESENTATIVE OF SIMILARLY
SITUATED PERSONS
         PLAINTIFFS,

VERSUS                            NO. 05-4206

MURPHY OIL USA, INC.              SECTION "L"
         DEFENDANT                MAGISTRATE 2


     Deposition of U.S. ARMY CORPS OF
ENGINEERS, through its designated
representative, RICHARD VARUSO, Post Office
Box 60267, New Orleans, Louisiana
70160-0267, taken in the offices of Frilot
Partridge, LLC, 1100 Poydras Street, Suite
3600, New Orleans, Louisiana, on Tuesday,
the 22nd day of August, 2006.


APPEARANCES:

  NEBLETT, BEARD & ARSENAULT
  (BY:  JOHN PAUL P. OVERTON, ESQ.)
  2220 BONAVENTURE COURT
  ALEXANDRIA, LOUISIANA  71309

       - AND -

  BRUNO & BRUNO
  (BY:  JOSEPH M. BRUNO, ESQ.)
  (BY:  L. SCOTT JOANEN, ESQ.)
  855 BARONNE STREET
  NEW ORLEANS, LOUISIANA  70113

       - AND -

Page 2

1  APPEARANCES CONTINUED:
2
   LAMBERT & NELSON
3  (BY: HUGH P. LAMBERT, ESQ.)
   701 MAGAZINE STREET
4  NEW ORLEANS, LOUISIANA 70130
5   - AND -
6  MARTZELL & BICKFORD
   (BY: SCOTT R. BICKFORD, ESQ.)
7  338 LAFAYETTE STREET
   NEW ORLEANS, LOUISIANA 70130
8
    - AND -
9
   LAW OFFICES OF DANIEL E. BECNEL, JR.
10 (BY: REBECCA F. TODD, ESQ.)
   425 WEST AIRLINE HIGHWAY
11 LAPLACE, LOUISIANA 70068
12    ATTORNEYS FOR PLAINTIFFS' COMMITTEE
13
   FRILOT, PARTRIDGE, KOHNKE & CLEMENTS
14 (BY: EDWARD F. KOHNKE, IV, ESQ.)
   (BY: ALLEN J. KROUSE, III, ESQ.)
15 (BY: KERRY J. MILLER, ESQ.)
   (BY: PAUL THIBODEAUX, ESQ.)
16 3600 ENERGY CENTRE
   1100 POYDRAS STREET
17 NEW ORLEANS, LA. 70173-3600
18    ATTORNEYS FOR MURPHY OIL USA, INC.
19
   U.S. DEPARTMENT OF JUSTICE
20 CIVIL DIVISION, TORTS BRANCH
   (BY: ROBIN DOYLE SMITH, ESQ.)
21 POST OFFICE BOX 888
   BENJAMIN FRANKLIN STATION
22 WASHINGTON, D.C. 20044
23    ATTORNEYS FOR UNITED STATES
24
25

Page 3

1  ALSO PRESENT:
2  JIM McCONNON
3  KARA MILLER
4  VIDEOGRAPHER:
5  JACK VERWOERDT
   PROFESSIONAL SHORTHAND REPORTERS, INC.
6  601 POYDRAS STREET, SUITE 1615
   NEW ORLEANS, LOUISIANA 70130
7
8  REPORTED BY:
9  PAT KENNEDY QUINTINI
   CERTIFIED COURT REPORTER
10
11
12      * * *
13    EXAMINATION INDEX
14         PAGE
15
16 EXAMINATION BY MR. KOHNKE .......... 8
17 EXAMINATION BY MR. BRUNO .......... 302
18
19
20
21
22
23
24
25

Page 4

1       * * *
2    INDEX OF EXHIBITS
3
4         Page
5  Exhibit No. 1 ..................... 77
6  Notice of 30(b)(6) videotaped
7  deposition of the U.S. Army Corps of
8  Engineers
9  Exhibit No. 2 ..................... 81
10 Document from Corps of Engineers
11 website titled: Better & Stronger, New
12 Orleans Hurricane Protection System
13 Exhibit No. 3 ..................... 106
14 Defendant United States' Consent/Ex
15 Parte Motion for Leave to File
16 Memorandum in Support of Motion to
17 Dismiss in Excess of 25 pages
18 Exhibit No. 4 ..................... 108
19 Document that was Exhibit 7 to
20 previously marked Exhibit No. 3
21 Exhibit No. 5 ..................... 296
22 IPET Report, Volumes 1 and 3 through 8
23 Exhibit No. 6 ..................... 305
24 Sketch by Deponent
25

Page 5

1  Exhibit No. 7 ..................... 310
2  Map from Design Memorandum No. 1-A
3  Exhibit No. 8 ..................... 345
4  Figure 2.7: Map showing the design
5  flood state levels for selected
6  locations in the New Orleans Area
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFFS' OPPOSITION TO USA'S MOTION FOR PROTECTIVE ORDER - EXHIBIT 3

### Page 6

STIPULATION

It is stipulated and agreed by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby being taken for all purposes allowed under the Federal Rules of Civil Procedure, in accordance with law, pursuant to notice;

That the formalities of reading and signing are specifically not waived;

That the formalities of filing, sealing, and certification are specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence.

\* \* \*

PAT KENNEDY QUINTINI, Certified Shorthand Reporter, in and for the State of Louisiana, officiated in administering the oath to the witness.

### Page 7

THE VIDEOGRAPHER:

This is the videotaped deposition of Richard Varuso taken in the matter of Patrick Joe Turner, et al. versus Murphy Oil, Civil Action No. 05-4258, in the case in the United States District Court, Eastern District of Louisiana. This deposition is being held at 1100 Poydras Street, Suite 3800, in New Orleans, Louisiana, on August 22, 2006. And the time on the video is 9:18 a.m.

My name is Jack Verwoerdt with Professional Shorthand. The court reporter is Pat Quintini with Professional Shorthand.

Would the attorneys please introduce themselves for the record.

MR. KOHNKE:

My name is Ned Kohnke. Together with Paul Thibodeaux and A.J. Krouse, we represent Murphy Oil, defendant in this action.

MR. BICKFORD:

Scott Bickford representing the Class.

MR. OVERTON:

### Page 8

John Paul Overton representing the Class.

MR. JOANEN:

Scott Joanen representing the Class.

MS. TODD:

Rebecca Todd for the Class.

MR. BRUNO:

And Joseph Bruno for the Class.

MR. SMITH:

I'm Robin Smith. I represent the United States. With me is Jim McConnon and Kara Miller.

Just for the record, I would like to make it clear that this is not a deposition of Richard Varuso. This is a deposition of the United States Army Corps of Engineers pursuant to rule 30(b)(6).

RICHARD VARUSO, having been duly sworn by the above mentioned court reporter, did testify as follows:

EXAMINATION BY MR. KOHNKE:

Q. Mr. Varuso, my name is Ned Kohnke. I represent Murphy Oil in this action and

### Page 9

you have been designated by the Army Corps of Engineers as its 30(b)(6) representative. Do you understand that?

A. Yes.

Q. Have you ever testified as a 30(b)(6) representative before today?

A. No.

Q. Have you testified at all, either personally or in any capacity, prior to today?

A. Yes.

Q. What type of action?

A. It was a claim from a contractor against the Corps of Engineers for just a construction claim.

Q. And in what --

A. I was an expert witness for the Corps of Engineers, New Orleans District for that.

Q. You were designated as an expert by your employer, the Corps of Engineers?

A. Yes.

Q. Let me hand you a copy, and I will hand your attorney -- I will hand you two copies, one to pass to your attorney -- of

Page 10

1  the notice of 30(b)(6) videotape deposition
2  of the U.S. Army Corps of Engineers that we
3  filed in this case.
4       Have you seen that before today,
5  just now when I handed it to you?
6    A.  Yes.
7    Q.  When did you first become aware
8  that you would be designated as a 30(b)(6)
9  representative?
10   A.  Approximately two or three weeks
11 ago.
12   Q.  Since that time what have you done
13 personally to review historical documents or
14 to prepare yourself, such as reviewing
15 historical documents?
16   MR. SMITH:
17       I'm going to object to this line
18 of questioning. The way he's prepared for
19 the deposition is irrelevant. He has been
20 designated properly as a representative of
21 the Corps. He's informed to address not the
22 subjects that are in the notice of the
23 deposition, but only three subjects which
24 the Corps has allowed this deposition to go
25 forward on and on which the Corps of

Page 11

1  Engineers has authorized Mr. Varuso to
2  address.
3    MR. KOHNKE:
4       Well, I understand that we have
5  either by agreement or by dictate limited
6  the deposition to those three subject
7  matters. And let me identify now which
8  those three subject -- which subject matters
9  we are talking about. Items 2, 3 and 8 of
10 the notice: Item 2 being the design of the
11 levees along the Mississippi River Gulf
12 Outlet (MRGO) in St. Bernard Parish; No. 3,
13 the construction of the levees along the
14 MRGO in St. Bernard Parish; and No. 8, the
15 performance of the levees along the MRGO in
16 St. Bernard Parish during Hurricane Katrina.
17      Those are the three areas.
18 However, in conducting an examination along
19 those three subject matters, I need to know
20 what this witness has looked at and I'm
21 entitled to know what this witness has
22 looked at to prepare.
23   MR. SMITH:
24      I disagree. It does not matter
25 how he was prepared for this deposition. He

Page 12

1  is not testifying of his own personal
2  knowledge. This is not a deposition of the
3  individual. This is a deposition of the
4  Corps of Engineers. He is informed and
5  prepared to address three subjects which
6  have been properly identified.
7    MR. KOHNKE:
8       Are you instructing him not to
9  answer?
10   MR. SMITH:
11      I am instructing him not to
12 answer.
13   MR. KOHNKE:
14      My objection is noted. We will
15 take that matter up with Judge Fallon.
16 EXAMINATION BY MR. KOHNKE:
17   Q.  In the last two weeks have you
18 engaged in preparation to testify today?
19   MR. SMITH:
20      You may answer.
21   THE WITNESS:
22      Yes.
23 EXAMINATION BY MR. KOHNKE:
24   Q.  Has that included -- without
25 enumerating those records that I had

Page 13

1  previously asked you about, does that
2  include reviewing historical documents?
3    MR. SMITH:
4       You may answer.
5    THE WITNESS:
6       Yes.
7  EXAMINATION BY MR. KOHNKE:
8    Q.  Have you likewise interviewed
9  other members of the Corps of Engineers,
10 that is, staff or employees or Army officers
11 in the Corps --
12   A.  Yes.
13   Q.  -- in order to prepare for today?
14   A.  Yes.
15   Q.  Okay. Tell me something about
16 your background, first starting with your
17 education.
18   MR. SMITH:
19      I'm going to object to that line
20 of questioning and instruct the witness not
21 to answer for the same reason I gave
22 previously. Mr. Varuso is not here to
23 testify as an expert. He is a designee of
24 the Corps of Engineers. As such, his
25 personal background and qualifications are

Page 14

1  irrelevant.
2     MR. KOHNKE:
3        Well, I understand that he is a
4  designee, and I certainly understand the
5  purpose of a 30(b)(6) deposition. But in
6  order to measure whether the Corps has given
7  me the best witness for these three subject
8  areas or a proper witness for these three
9  subject areas, I'm entitled to know
10 something about what he does, where he
11 works, what his education is.
12       He's testified as an expert in a
13 previous case for the Corps. I think I'm
14 entitled to know something about that.
15       Are you instructing him not to
16 answer?
17    MR. SMITH:
18       I think you have misstated the
19 law. The Corps is not required to provide
20 the best witness --
21    MR. KOHNKE:
22       A knowledgeable witness.
23    MR. SMITH:
24       -- a knowledgeable witness.
25    MR. KOHNKE:

Page 15

1        Well, I'm entitled to explore
2  that.
3     MR. SMITH:
4        The test of that will be the
5  questions you ask him of the subject matters
6  that have been designated.
7     MR. KOHNKE:
8        So I'm to understand that you are
9  instructing him not to answer?
10    MR. SMITH:
11       I'm instructing him not to answer
12 questions --
13    MR. KOHNKE:
14       Okay.
15    MR. SMITH:
16       -- concerning his personal
17 qualifications.
18 EXAMINATION BY MR. KOHNKE:
19    Q. When you testified in a previous
20 case, you say you testified as an expert?
21    A. That's correct.
22    Q. In what capacity were you
23 designated as an expert?
24    MR. SMITH:
25       I'm going to instruct him not to

Page 16

1  answer this line of questioning for the same
2  reasons I gave. He is not going to be
3  qualified as an expert in this matter.
4     MR. KOHNKE:
5        Well, I didn't attempt to qualify
6  him. I'm simply asking in what area did he
7  qualify as an expert in that case. Not this
8  case, that case.
9     MR. SMITH:
10       And I understand that. But in
11 that case he was not a 30(b)(6) witness. In
12 this case, he is. And as such, that's not
13 relevant to this deposition today.
14    MR. KOHNKE:
15       But relevance is not your province
16 to determine. It's the judge's province. I
17 believe this is a properly noticed and --
18 deposition under the rules. It's a
19 discovery deposition. You are not to judge
20 and determine what is relevant. That is for
21 the judge. And if you are instructing him
22 not to answer, I must again caution you that
23 I'm going to ask for relief from the judge.
24    MR. SMITH:
25       Perhaps I misspoke. That is not

Page 17

1  within the bounds of this deposition.
2     MR. KOHNKE:
3        Once again, this is a discovery
4  deposition. You are entitled to object but
5  you are not entitled to instruct him not to
6  answer.
7     MR. SMITH:
8        I am entitled to instruct him not
9  to answer questions beyond the three subject
10 matters that have been designated.
11    MR. KOHNKE:
12       Note my objection.
13 EXAMINATION BY MR. KOHNKE:
14    Q. Let me turn to the first area,
15 which is the design of the Mississippi River
16 Gulf Outlet levee along -- in St. Bernard
17 Parish. Post Katrina has the Corps of
18 Engineers engaged in an analysis and an
19 analysis of the failure of that levee
20 system?
21    A. Yes.
22    Q. Has the Corps done so separate and
23 apart from IPET and other associations of
24 experts?
25    MR. SMITH: