RICHARD JAMES VARUSO                                April 1, 2008

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES     CIVIL ACTION

CONSOLIDATED LITIGATION           NO. 05-4182 K2

                                  JUDGE DUVAL

PERTAINS TO                       MAG. WILKINSON

(Robinson, No. 06-2268)


        Deposition of RICHARD JAMES VARUSO, given at the U.S. Army Corps of Engineers New Orleans District offices, 7400 Leake Avenue, New Orleans, Louisiana 70118-3651, on April 1st, 2008.




    REPORTED BY:

        JOSEPH A. FAIRBANKS, JR., CCR, RPR

        CERTIFIED COURT REPORTER #75005

JOHNS PENDLETON COURT REPORTERS                     800 562-1285

RICHARD JAMES VARUSO                                          April 1, 2008

Page 74

```
 1      Q.  All right.  But let's -- I'm not
 2   asking you whether there were any, I'm asking
 3   you whether or not we admit the obvious, that
 4   MRGO didn't exist at the time --
 5      A.  Oh, I understand your question now.
 6      Q.  Okay?
 7      A.  All right.  Yes.
 8      Q.  Yes.
 9      A.  All right.
10      Q.  And we'll fight over whether or not
11   there are any deleterious effects from the MRGO
12   channel.  Right?  We'll duke it out in court
13   another day.
14      A.  That's up to you.
15      Q.  Well, we'll get there in a minute.
16   I'll find out.  Maybe you don't agree.  Who
17   knows?  But again, not to beat a dead horse,
18   but the way the Corps did business was it did
19   not try to predict future land loss, future
20   marsh loss, future forest loss in coming up
21   with a still water height.
22          MR. BAEZA:
23              Objection, vagueness regarding
24           try to predict.
25      A.  I would prefer to defer that question
```

Page 75

```
 1   again to hydraulic engineers.
 2   EXAMINATION BY MR. BRUNO:
 3      Q.  Okay.  Well, you make me ask this
 4   question, now:
 5      A.  Okay.
 6      Q.  Because we asked you these same
 7   questions when you were the 30(b)(6) witness,
 8   and you answered them.
 9      A.  Yes, I did.
10      Q.  You did answer those questions, right?
11      A.  My understanding is, um -- the type of
12   witness I am today is different than what I was
13   in that 30(b)(6) deposition.  So --
14      Q.  I agree.
15      A.  -- if there is a person that is more
16   apt to answer that question and you can depose
17   that person and ask them those questions as
18   part of this litigation, that is more
19   appropriate.
20      Q.  Well, and that's not exactly true,
21   Richard.  Here's the problem:
22          MR. BAEZA:
23              Joe, can we just talk about what
24           Mr. Varuso knows, how he knew it, what
25           he saw, what he did?
```

Page 76

```
 1          MR. BRUNO:
 2              You are right on.
 3   EXAMINATION BY MR. BRUNO:
 4      Q.  And let me tell you where I'm going
 5   with this.  Where I'm getting a little confused
 6   is how you knew it when I took your deposition
 7   in Murphy Oil and now you don't know it.  Now,
 8   either you know it or you don't know it.  Now,
 9   I understand that you are not today, and I
10   recognize and I'll stipulate that you are not a
11   30(b)(6) designee today.  I'm taking your
12   deposition as a Corps employee.  But, I'm
13   entitled to know what you know, and you're
14   entitled to tell me whether or not there are
15   limitations on that knowledge.  You're also
16   entitled to tell me that there's somebody else
17   out there that's smarter than you or more
18   experienced than you or more knowledgeable than
19   you.  But if you know something, you can't tell
20   me you don't know it.  And if you know
21   something -- let me just finish because this is
22   in fairness to me, now, because we have to make
23   a record.  If you know something, or you
24   believe something, I'm entitled to know what
25   you know and what you believe.
```

Page 77

```
 1              Subject to all those caveats that I
 2   gave you, which is, you know what?  This person
 3   is more knowledgeable, this person is more
 4   experienced -- I can handle that.  But I'm just
 5   respectfully suggesting to counsel and you, I
 6   got a record, man.  And you've answered these
 7   questions, and I don't want to put you in the
 8   position where I get to go in court and say,
 9   you said it on Tuesday and on Wednesday you're
10   not saying it.  Okay?  And I'll let you qualify
11   it because that's fair, you can qualify it, but
12   I think it's a bad play to say I don't know
13   today what I knew before.
14          MR. STONE:
15              The difference here is that when
16           he spoke to you in Murphy Oil he was
17           speaking for the Corps as a 30(b)(6)
18           witness with a script.
19          MR. BRUNO:
20              Whoa.  With a script?
21          MR. LAMBERT:
22              That's fine.  Let him go.  Let
23           him talk.
24          MR. BAEZA:
25              It's the Corps' information that
```

20 (Pages 74 to 77)