**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES *<br>CONSOLIDATED LITIGATION         *    CIVIL ACTION<br>                                  *<br>                                  *    NO. 05-4182<br>                                  *    and consolidated cases<br>PERTAINS TO: BARGE               *<br>                                  *    SECTION "K" (2)<br>*Parfait Family v. USA*      07-3500    *<br>                                  *    JUDGE<br>                                  *    STANWOOD R. DUVAL, JR.<br>                                  *<br>                                  *    MAGISTRATE<br>                                  *    JOSEPH C. WILKINSON, JR.<br>                                  *<br>                                  * | |

**SURREPLY MEMORANDUM OF LAFARGE NORTH AMERICA
INC. IN OPPOSITION TO THE RULE 12(b)(6) MOTION TO
DISMISS FILED BY THE LAKE BORGNE LEVEE DISTRICT**

Defendant/third-party plaintiff Lafarge North America Inc. ("LNA") submits this memorandum to respond to the reply memorandum submitted by third-party defendant Lake Borgne Levee District ("LBLD") (Doc. 15585).

**I.**     **Maritime Law, Which Includes A Right to Contribution and/or Indemnity, Applies to LNA's Third-Party Claim Against the LBLD**

As shown in LNA's opposition (Doc. 15216), Chief Judge Berrigan held – in denying the United States' motion to dismiss the same LNA third-party complaint at issue here – that *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229 (5th Cir. 1985), "stands for the proposition that a court should, at times, apply admiralty law to a third-party claim if admiralty law governs the primary cause of action." Doc. 587 in 05-4419 at 12. The LBLD's

reply brief now argues, for the first time, that this rule applies only where the plaintiff has a "colorable claim" against the third-party defendant.

The LBLD is wrong. As it is forced to concede (Doc. 15585 n.1), the plaintiff in *Marathon* did **not** sue the third-party defendant, and the Fifth Circuit did **not** find that the plaintiff had a colorable claim against the third-party defendant, much less base its decision on such a finding. To the contrary, the Fifth Circuit flatly stated that "[t]his court has held that the body of law establishing the indemnitee's primary liability governs his claim for indemnity or contribution against a third party." 761 F.2d at 235. Indeed, at the time the third-party claim was asserted in *Marathon*, it was too late for the plaintiff to have sued the third-party defendant, and hence the plaintiff would not have had a colorable claim against the third-party defendant. *Id*. at 236. Thus, the LBLD's reading of *Marathon* is simply wrong in every respect.

The LBLD also misreads the decision in *Gibbs v. Falcon Drilling Co.*, 97-1688 (La. App. 3 Cir. 05/13/98) 713 So.2d 669. Quoting *Marathon*, the court in *Gibbs* simply (1) identified the law that applied to the plaintiff's claim against the defendant, and (2) held that the same law applied to that defendant's contribution claim against another entity. Specifically, the court flatly said: As Gibbs' [the plaintiff's] primary claim against Falcon [the defendant] is maritime in nature, Falcon's indemnity claim against Landry & Musso … is also a maritime claim governed by maritime law." *Id*. at 672. In so ruling, moreover, the court did **not** consider whether or not the plaintiff had a colorable claim against Landry & Musso.

Likewise, the LBLD incorrectly asserts (at 3-4) that the plaintiff in *Loeber v. United States*, 803 F. Supp. 1154 (E.D. La. 1992), had a colorable claim against the third-party defendant. To the contrary, in that case, the plaintiff's direct claim against the third-party defendant

had in fact already been dismissed, but the court nevertheless held that *Marathon* applied to the defendant's claim against that third-party. *Id*. at 1156-57.

Finally, the decision in *Joiner v. Diamond M. Drilling Co.*, 688 F.2d 256 (5th Cir. 1982), does not support the LBLD. In *Joiner*, the defendant did not argue that maritime law applied to its third-party claim because maritime law applied to the first-party claim, and the Fifth Circuit thus did not address that issue. Instead, the defendant in *Joiner* argued for federal law based on a supposed implied maritime contract, and the Fifth Circuit rejected that argument. *Id*. at 260-61. Thus, *Joiner* simply did not address the issue presented here, which the Fifth Circuit instead addressed and decided three years later, in *Marathon*.

In short, there is no support whatsoever for the LBLD's new assertion that *Marathon* applies only where the plaintiff has a colorable claim against the third-party defendant. Finally, even if that were the case, the plaintiffs here would have a colorable claim, as shown by the fact that numerous other Hurricane Katrina plaintiffs have in fact sued the LBLD. For these reasons, the LBLD's motion to dismiss is unavailing.

## II. Even if Louisiana Law Applied, Its Choice of Law Principles Would Dictate the Application of Substantive Maritime Law on the Issue of Contribution and/or Indemnity

As LNA's opposition showed, Chief Judge Berrigan specifically held that, even if LNA's third-party claim were governed by Louisiana rather than maritime law, Louisiana's choice-of-law principles would require the application of the substantive maritime law of contribution and indemnity. The LBLD's reply (at 5-9) seeks to reargue that ruling. If the law of the case doctrine is to mean anything, however, it means that the LBLD cannot reargue, and this Court will not revisit, precisely the same legal issue that has already been argued and decided in this same case. See, *e.g.*, *In re Mastercard Int'l, Inc. Internet Gambling Litig.*, No. 00-1321, 2004

3

U.S. Dist. LEXIS 2051, *12 (E.D. La. Feb. 12, 2004) (Duval, J.) ("Pursuant to 'the law of the case' theory, a rule of law previously decided should continue to govern the same issues in subsequent stages of the same case."). Moreover, as LNA's opposition showed, Chief Judge Berrigan decided this issue correctly. As she observed, the Louisiana courts have applied Louisiana choice-of-law rules to require the application of substantive maritime law, and that result would follow here because Louisiana would have a strong interest in affording LNA the right to contribution or indemnity if LNA was at any risk of being held liable for any other entity's wrongdoing. Doc. 587 in 05-4419, at 7 (citing *Gibbs*).

### III. LBLD's New Argument that LNA Did Not Properly Utilize Rule 14 is Both Untimely and Meritless

The LBLD's reply brief asserts (at 11-13) an argument that the LBLD did not make in its motion to dismiss – that LNA's third-party complaint should be dismissed because, supposedly, Rule 14(a) does not allow a claim for contribution or indemnity.

The Court should not address this argument because it is being raised for the first time in the LBLD's reply brief. Addressing an argument first raised in a reply brief would deny due process to LNA, which has not had a full and fair opportunity to respond to this belatedly-raised argument. It would also set a disastrous precedent for this and other litigation. See *Energy & Marine Underwriters, Inc. v. Hughes*, 2008 U.S. Dist. LEXIS 3183, *3 n.1 (E.D. La. Jan 14, 2008) ("To the extent that the Defendant raises new arguments for the first time in his reply brief, these arguments will not be considered at this time."); *Mitsui & Co. v. M/V Hermann Schulte*, No. 95-3270, 1996 U.S. Dist. LEXIS 9279, *3 (E.D. La. July 1, 1996) ("A reply memorandum is not adequate to raise entirely new arguments for dismissal.").

Moreover, the LBLD's assertion is wrong on its merits. Maritime law recognizes third-party causes of action for both contribution and indemnity. See *Marathon*, *supra*; *Gibbs*, *supra*;

4

*Loeber*, *supra*.  Chief Judge Berrigan's opinion denying the United States' motion to dismiss LNA's third-party claims confirms that LNA has properly asserted claims for contribution or indemnity under Rule 14.  Doc. 587 in 05-4419.  In short, LNA has properly stated a third party claim under Rule 14 seeking contribution and/or indemnity if, and to the extent that, LNA is required to pay more than its share of liability to any plaintiff.  See Doc. 13649.

## CONCLUSION

The Levee Districts' motions to dismiss should be denied.

                                                          Respectfully submitted,

                                                          Robert B. Fisher, Jr., T.A. (#5587)
                                                          Derek A. Walker (#13175)
                                                          **CHAFFE MCCALL, L.L.P.**
                                                          2300 Energy Centre
                                                          1100 Poydras Street
                                                          New Orleans, LA 70163-2300
                                                          Telephone:  (504) 585-7000
                                                          Facsimile:  (504) 585-7075
                                                          Fisher@chaffe.com
                                                          Walker@chaffe.com

                                                          /s/ John D. Aldock
                                                          John D. Aldock
                                                          Richard M. Wyner
                                                          Mark S. Raffman
                                                          **GOODWIN PROCTER LLP**
                                                          901 New York Avenue, NW
                                                          Washington, DC 20001
                                                          Telephone:  (202) 346-4240

                                                          Daniel A. Webb (#13294)
                                                          **SUTTERFIELD & WEBB, LLC**
                                                          Poydras Center
                                                          650 Poydras Street, Suite 2715
                                                          New Orleans, LA 70130
                                                          Telephone:  (504) 598-2715

                                                          ***Attorneys for Lafarge North America Inc.***

October 1, 2008

5

## Certificate of Service

I hereby certify that I have on this 1st day of October, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock