UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
        CONSOLIDATED LITIGATION
                                                 NO. 05-4182 "K" (2)

PERTAINS TO:  MRGO, <u>Robinson</u> 06-2268          JUDGE DUVAL
                                                 MAG. WILKINSON

<u>**ORDER AND REASONS ON MOTION**</u>

Defendant, the United States, inadvertently produced to plaintiffs several

documents that defendant contends are protected by the attorney-client privilege and/or

work product doctrine.  Early in this litigation, in light of the vast amount of documents,

the parties and the court anticipated that a party might inadvertently produce privileged

materials during the massive and time-pressured production of documents in these

consolidated class action cases.  Pursuant to Case Management Order No. 4, Record Doc.

No. 3299, the court entered a "clawback" order, which orders that such inadvertent

production does not constitute a waiver of any privilege, and which provides a procedure

for the producing party to assert its privileges and the receiving party to contest the

assertion.  Record Doc. No. 5183.  This provision of the court's order is generally

consistent with both Fed. R. Civ. P. 26(b)(5)(B) and newly enacted Fed. R. Evid. 502(b).[1]

The parties have followed the clawback procedure in this instance and are seeking a ruling concerning whether the documents are protected from discovery. When plaintiffs tried to use the documents during the depositions of two former employees of the Army Corps of Engineers, the United States objected and subsequently provided plaintiffs with written notice of its claims of privilege and a privilege log that includes the Bates numbers, date, author, author organization, addressees, addressee organizations and brief description of the contested documents. Record Doc. No. 15198, Defendant's Exhs. 1 & 2. The contested documents are Bates-stamped NED-187-000000377 through 000000378, MVD-003-000001586 through 000001588, MVD-003-000001591 through 000001593 and MVD-003-000001596 through 000001598. Thus, plaintiffs have seen the documents but, pursuant to the clawback order, they have refrained from using them since the United States objected at the depositions.

Plaintiffs filed a Corrected Motion for in Camera Inspection of those documents, Record Doc. No. 15298, and submitted copies of the documents to the court for in

---

[1] Rule 502 concerning disclosures of privileged information was enacted on September 19, 2008 and "shall apply in all proceedings commenced after" that date, but also applies "insofar as is just and practicable, in all proceedings pending on such date of enactment." 2008 Acts. Pub. L. 110-322, § 1(c), Sept. 19, 2008, 122 Stat. 3538. Although Rule 502(b) is not retroactive in all cases, it reflects the same goals and similar procedures as the court's clawback order in the instant case.

camera review.  Plaintiffs argue in a letter memorandum also submitted to the court in camera that the documents are not privileged because the Corps of Engineers in-house attorneys involved in the communications were acting as regulatory decision makers, rather than as attorney advisors.

The United States filed a response memorandum to explain its assertion of the attorney-client privilege and work product doctrine.  Record Doc. No. 15198.  The court granted the United States' motion for leave to file under seal Exhibit 5 to its memorandum, which is the declaration under penalty of perjury of Denise D. Frederick, District Counsel in the Office of Counsel of the New Orleans District of the United States Army Corps of Engineers.  Record Doc. Nos. 15202, 15418.

Privilege questions in these actions brought under federal law are governed by the federal courts' interpretation of federal common law.  Fed. R. Evid. 501; McKevitt v. Pallasch, 339 F.3d 530, 533 (7th Cir. 2003); Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998); Gilbreath v. Guadalupe Hosp. Found., Inc., 5 F.3d 785, 791 (5th Cir. 1993); United States v. Moore, 970 F.2d 48, 49-50 (5th Cir. 1992).

Federal courts have looked to various sources to define the federal common law of attorney-client privilege.  Some courts rely on the time-honored Wigmore formulation.

[t]he elements of the attorney-client privilege are as follows:  (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose,

(4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

Reed, 134 F.3d at 355-56 (citations omitted); accord United States v. Massachusetts Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997) (citing 8 J. Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)).

The Fifth Circuit has stated that "the attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from the lawyer to his client, at least if they would tend to disclose the client's confidential communications." Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 720-21 (5th Cir. 1985) (citations omitted).

The work product doctrine, codified in Fed. R. Civ. P. 26(b)(3)(A), protects from discovery documents and tangible things prepared in anticipation of litigation or for trial and provides the evidentiary burden that a party seeking to overcome that protection must meet. Moreover, the opinion work product doctrine grants special protection to the intangible mental impressions, recollections, conclusions, opinions and legal theories of counsel. In re Cendant Corp. Sec. Litig., 343 F.3d 658,662 (3d Cir. 2003); 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024, at 337-38 (2d ed. 1994) (citing Hickman v. Taylor, 329 U.S. 495 (1947)); see Fed. R. Civ. P. 26(b)(3)(B) (the

4

court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative") (emphasis added); Nguyen v. Excel Corp., 197 F.3d 200, 210 (5th Cir. 1999) (quoting Hickman, 329 U.S. at 511) ("'An attorney's thoughts [are] inviolate . . . .'").

The burden of substantiating a claim of attorney-client privilege or work product protection falls upon the party asserting the privilege.  United States v. Impastato, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.) (attorney-client privilege) (citing United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985); United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)); Kiln Underwriting Ltd. v. Jesuit High Sch., No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (Roby, M.J.) (attorney-client privilege and work product doctrine) (citing Hodges, 768 F.2d at 721); High Tech Comm'c'ns, Inc.  v.  Panasonic Co., No. 94-1477, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (Vance, J.) (same) (citing Hodges, 768 F.2d at 721).  Once a claim of privilege has been established, the burden of proof shifts to the party seeking discovery to prove any applicable exception.  Impastato, 2007 WL 2463310, at *2 (citing In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001)).

Having reviewed Frederick's declaration and studied the disputed documents in camera, I find that the United States has established that all of the documents are attorney-client privileged and/or attorney work product.  The e-mail messages and

5

attachments were used to gather and disseminate facts to and from the Corps' attorneys, and to express the attorneys' opinions, for the purpose of advising their clients concerning the laws applicable to their actions and decisions.

The only evidentiary support that plaintiffs offer for their argument that the agency's attorneys were acting as regulatory decision makers is that a sale and purchase of certain property occurred before some of the disputed communications that relate to that sale and purchase were prepared.  Plaintiffs do not explain how this fact converts the attorneys from legal advisors to regulatory decision makers.

One set of the disputed documents consists of e-mails from Corps employees to Corps attorneys, requesting explanations concerning the history and current status of the property vis-a-vis the legal problem at issue, and responsive analysis from the attorneys concerning the events that led to the purchase of the property, the drafting and language of the sale documents, the status of the property, the reasons for past actions taken, the potential sources of liability, and possible options for additional investigation, analysis and legal action.  MVD-003-000001586 through 000001588, MVD-003-000001591 through 000001593 and MVD-003-000001596 through 000001598.  Indeed, one e-mail from an attorney and her attached opinion both state that "we await word from the decision makers as to" the next step that the attorneys should take in connection with her analysis.  MVD-003-000001599, MVD-003-000001601.  Another set of e-mails relates

to questions concerning the source of the authority for the Corps to perform certain work. NED-187-000000377 through 000000378. These are clearly privileged communications under any of the definitions of the privilege doctrine set out above.

The documents protected by the attorney-client privilege are not discoverable. Furthermore, plaintiffs have made no evidentiary showing sufficient to carry their burden to overcome either the protection afforded to ordinary work product or the high degree of protection afforded to opinion work product. The documents therefore are not discoverable.

Accordingly, IT IS ORDERED that plaintiffs' motion is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that it seeks an in camera inspection and denied to the extent that it seeks discovery of the documents. IT IS FURTHER ORDERED that, pursuant to the clawback order, plaintiffs must "immediately destroy the documents received and all copies thereof." Record Doc. No. 5183.

New Orleans, Louisiana, this _____1st_____ day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE