UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL WEBER, MELBA GIBSON, | * | |
| AND KEVIN MCFARLAND | * | Case Number: 08-4459 c/w 05-4182 |
| | * | |
| | * | |
| VERSUS | * | Section : K |
| | * | |
| | * | |
| LAFARGE NORTH AMERICA, INC., | * | Magistrate: 2 |
| JOSEPH C. DOMINO, INC., UNIQUE | * | |
| TOWING, INC., ZITO FLEETING, INC., | * | |
| ZITO FLEETING, LLC., AMERICAN | * | |
| STEAMSHIP OWNERS MUTUAL | * | |
| PROTECTION AND INDEMNITY | * | |
| ASSOCIATION, NEW YORK MARINE | * | |
| AND GENERAL INSURANCE COMPANY, | * | |
| NORTHERN ASSURANCE COMPANY | * | |
| OF AMERICA, AMERICAN HOME | * | |
| ASSURANCE COMPANY, BOSTON OLD | * | |
| COLONY INSURANCE CO., NAVIGATORS | * | |
| INS. CO., CNA COMPANIES, AND | * | |
| XYZ INSURANCE COMPANY | * | |

## ANSWER

NOW INTO COURT, through undersigned counsel comes, defendant, Joseph C. Domino, Inc., in answer to the Amended Complaint in Admiralty of Plaintiffs with respect represent:

## FIRST DEFENSE

The Amended Complaint fails to state a cause of action against Joseph C. Domino, Inc.

## SECOND DEFENSE

Defendant avers and reaffirms all affirmative defenses as stated in the answer of Joseph C. Domino, Inc. in the class action suit in the United Stated District Court for the Eastern District of Louisiana entitled IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE, case number 05-04449, 05-4419, 05-4237, 05-5531, and 05-5724.

## THIRD DEFENSE

Joseph C. Domino, Inc. is entitled to limit its liability to $400,000, the value of the M/V

REGINA H, as per the Opinion of Judge Helen G Berrigan issued on March 31, 2008.[1]

### FOURTH DEFENSE

Defendant avers that if damages can be shown by plaintiffs as alleged, which are denied, such damages are the sole proximate cause or contributed to by the fault of others for which Defendant is not legally responsible.   Defendant reserves the right to assert cross claims against such parties in the future to obtain contribution or indemnity from such parties.[2]

### FIFTH DEFENSE

If plaintiffs sustained damage, as alleged, then such damages were caused by Hurricane Katrina, a force majeure event.

### SIXTH DEFENSE

Defendant avers that any damages sustained by plaintiffs were caused by Act of God and/or inevitable accident.

### SEVENTH DEFENSE

Defendant avers that it owed no duty to plaintiffs.

### EIGHTH DEFENSE

Defendant avers that it was in no way responsible for the casualty in question, nor was it negligent.[3]

### NINTH DEFENSE

Defendant avers that the negligence of others, evidence of which will be obtained during discovery, is a superceding cause of any damage or injury sustained by plaintiffs, if any.

### TENTH DEFENSE

Defendant pleads that plaintiffs have a legal obligation to mitigate their damages, and their failure to do so, if any, acts as a bar to or in mitigation of any recovery herein.

### ELEVENTH DEFENSE

Defendant avers that it was not the owner or operator of the dispatched vessel M/V REGINA  H, and did not employ the vessel's crew.

----

[1]The opinion rendered by Judge Helen G Berrigan concerning limitation of liability, exoneration, and privity of knowledge, and/or the items alleged in this paragraph are currently pending appeal within the jurisdiction of the 5th Circuit Court of Appeals.

[2]*Id* at footnote 1

[3]*Id* at footnote 1

**TWELFTH DEFENSE**

Defendant avers that plaintiffs are not entitled to punitive damages.

For further answer and defense:

**I.**

The allegations in Paragraph 1 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

**II.**

The allegations in Paragraph 2 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

**III.**

The allegations in Paragraph 3 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**IV.**

The allegations in Paragraph 4 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations in Paragraph 5 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**VI.**

The allegations in Paragraph 6 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**VII.**

The allegations in Paragraph 7 of the Amended Complaint are admitted to the extent that Joseph C. Domino is a domestic corporation, licensed to do and doing business in the State of Louisiana, having its principal place of business at 5520 River Road, Marrero, Louisiana, and at all times pertinent hereto, exclusive towing broker for defendant Unique Towing, Inc.  The remainder of the paragraph is denied.[4]

**VIII.**

The allegations in Paragraph 8 of the Amended Complaint are admitted except the

---

[4] *Id* at footnote 1

statement that Joseph C. Domino, Inc. was the fictitious alter-ego of Unique Towing, Inc. is denied.[5]

## IX.

The allegations in Paragraph 9 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations in Paragraph 10 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations in Paragraph 11 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations in Paragraph 12 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations in Paragraph 13 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations in Paragraph 14 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations in Paragraph 15 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations in Paragraph 16 of the Amended Complaint are denied as to substance subject to the appeal which is currently pending in the 5th Circuit Court of Appeals.

## XVII.

The allegations in Paragraph 17 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations in Paragraph 18 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

---

[5]*Id* at footnote 1

## XIX.

The allegations in Paragraph 19 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations in Paragraph 20 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations in Paragraph 21 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXII.

The allegations in Paragraph 22 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXIII.

The allegations in Paragraph 23 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXIV.

The allegations in Paragraph 24 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXV.

The allegations in Paragraph 25 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVI.

The allegations in Paragraph 26 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVII.

The allegations in Paragraph 27 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVIII.

The allegations in Paragraph 28 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXIX.

The allegations in Paragraph 29 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXX.

The allegations in Paragraph 30 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXI.

The allegations in Paragraph 31 of the Amended Complaint are admitted.

## XXXII.

The allegations in Paragraph 32 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXIII.

The allegations in Paragraph 33 of the Amended Complaint are admitted to the extent that Joseph C. Domino, Inc. placed LNA's order with the dispatched Unique Towing, Inc. to service LNA's request and Joseph C. Domino, Inc. did not have any communication with LNA or Ingram concerning the mooring conditions found or that resulted.  The remainder of the statements including in paragraph 33 are denied for lack of sufficient information to justify a belief therein.[6]

## XXXIV.

The allegations in Paragraph 34 of the Amended Complaint are admitted to the extent that Hurricane Katrina made landfall on the morning of August 29, 2005.  The remainder of the allegations are denied for lack of sufficient information to justify a belief therein.

## XXXV.

The allegations in Paragraph 35 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXVI.

The allegations in Paragraph 36 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXVII.

The allegations in Paragraph 37 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXVIII.

The allegations in Paragraph 38 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXIX.

The allegations in Paragraph 39 of the Amended Complaint are denied for lack of

---

[6] *Id* at footnote 1

sufficient information to justify a belief therein.

## XL.

The allegations in Paragraph 40 of the Amended Complaint are denied as to the substance as the matter is still pending an appeal with the 5th Circuit Court of Appeal.

## XLI.

The allegations in Paragraph 41 of the Amended Complaint are denied as to the substance as the matter is still pending an appeal with the 5th Circuit Court of Appeal.

## XLII.

The allegations in Paragraph 42 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLIII.

The allegations in Paragraph 43 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLIV.

The allegations in Paragraph 44 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLV.

The allegations in Paragraph 45 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLVI.

The allegations in Paragraph 46 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLVII.

The allegations in Paragraph 47 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLVIII.

The allegations in Paragraph 48 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## XLIX.

The allegations in Paragraph 49 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

## L.

The allegations in Paragraph 50 of the Amended Complaint are denied for lack of

sufficient information to justify a belief therein.

**LI.**

The allegations in Paragraph 51 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LII.**

The allegations in Paragraph 52 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LIII.**

The allegations in Paragraph 53 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LIV.**

The allegations in Paragraph 54 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LV.**

The allegations in Paragraph 55 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LVI.**

The allegations in Paragraph 56 of the Amended Complaint are admitted.

**LVII.**

The allegations in Paragraph 57 of the Amended Complaint are admitted to the extent that at all pertinent times, the operations of the REGINA H were subject to the safety policy manual of Joseph C. Domino, Inc., Unique Towing Inc.'s exclusive broker.  The remainder of the allegations are denied.[7]

**LVIII.**

The allegations in Paragraph 58 of the Amended Complaint are denied as to substance as the opinion rendered by Judge Helen G Berrigan is pending appeal with the 5th Circuit Court of Appeals.

**LIX.**

The allegations in Paragraph 59 of the Amended Complaint are admitted.[8]

---

[7]*Id* at footnote 1.

[8]*Id* at footnote 1

**LX.**

The allegations in Paragraph 60 of the Amended Complaint are denied.[9]

**LXI.**

The allegations in Paragraph 61 of the Amended Complaint are admitted to the extent that the Domino Policy Manual governed the operations of the REGINA H and required, inter alia, that emergency conditions be reported to the Domino dispatcher and that the conditions were not reported. The remainder of the allegations are denied.[10]

**LXII.**

The allegations in Paragraph 62 of the Amended Complaint are denied.[11]

**LXIII.**

The allegations in Paragraph 63 of the Amended Complaint are denied.

**LXIV.**

The allegations in Paragraph 64 of the Amended Complaint are denied.[12]

**LXV.**

The allegations in Paragraph 65 of the Amended Complaint are denied.[13]

**LXVI.**

The allegations in Paragraph 66 of the Amended Complaint are denied.[14]

**LXVII.**

The allegations in Paragraph 67 of the Amended Complaint are admitted.[15]

**LXVIII.**

The allegations in Paragraph 68 of the Amended Complaint are denied.[16]

---

[9] *Id* at footnote 1

[10] *Id* at footnote 1

[11] *Id* at footnote 1

[12] *Id* at footnote 1

[13] *Id* at footnote 1

[14] *Id* at footnote 1

[15] *Id* at footnote 1

[16] *Id* at footnote 1

**LXIX.**

The allegations in Paragraph 69 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LXX.**

The allegations in Paragraph 70 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LXXI.**

The allegations in Paragraph 71 of the Amended Complaint are denied.[17]

**LXXII.**

The allegations in Paragraph 72 of the Amended Complaint are denied.[18]

**LXXIII.**

The allegations in Paragraph 73 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**LXXIV.**

The allegations in Paragraph 74 of the Amended Complaint are denied.[19]

**LXXV.**

The allegations in Paragraph 75 of the Amended Complaint are denied.

**LXXVI.**

The allegations in Paragraph 76 of the Amended Complaint are denied.[20]

**LXXVII.**

The allegations in Paragraph 77 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

**LXXVIII.**

The allegations in Paragraph 78 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

---

[17]*Id* at footnote 1

[18]*Id* at footnote 1

[19]*Id* at footnote 1

[20]*Id* at footnote 1

## LXXIX.

The allegations in Paragraph 79 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

## LXXX.

The allegations in Paragraph 80 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied.

## LXXXI.

The allegations in Paragraph 81 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied.

## LXXXII.

The allegations in Paragraph 82 of the Amended Complaint require no answer, though if an answer be required, those allegations are denied.

**WHEREFORE,** Defendant , Joseph C. Domino, Inc.,  prays that: (1) its Answer be deemed good and sufficient; (2) that, after due proceedings had, this Honorable Court render judgment against Plaintiffs and in favor of Joseph C. Domino, Inc., ordering its dismissal from the suit and judgment in its favor, dismissing the Amended Complaint at plaintiffs' costs; and (3) that Joseph C. Domino, Inc. be granted such further relief as it may be entitled to receive.

Respectfully submitted,

\_\_\_\_\_/s/ Jill S. Willhoft\_\_\_\_\_
**Harris & Rufty, LLC**
**Rufus C. Harris, III (#6638)**
**Alfred C. Rufty, III (#19990)**
**Jill S. Willhoft (#28990)**
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
(504) 525-7500 Telephone
(504) 525-7222 Facsimile
Attorneys for Joseph C. Domino, Inc.

**<u>Certificate of Service</u>**

I hereby certify that a copy of the above and forgoing pleading has been served on all counsel of record by facsimile transmission or electronic copy, this 2nd day of October, 2008.


 /s/ Jill S. Willhoft
Jill S. Willhoft