## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 624-894            DIVISION "I"

### MAURICE DE LA HOUSSAYE, ET. ALS.

### VS.

### THE PARISH OF JEFFERSON, ET. ALS.

### CONSOLIDATED WITH

NO. 635-594            DIVISION "I"

### GAYE T. BENNETT, ET. ALS. V. BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, ET. ALS.

FILED: _____  _____
                                                                DEPUTY CLERK

### JUDGMENT ON THE EXCEPTION OF NO CAUSE OF ACTION OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

After considering the law, the arguments of Counsel, the memorandum submitted by Counsel and the record in this matter, for written reasons this day assigned:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Exception of No Cause of Action of the Sewerage and Water Board of New Orleans is hereby **GRANTED**.

JUDGMENT READ, RENDERED AND SIGNED at Gretna, Louisiana on this 17th day of September, 2008.

                                              _____
                                              JOHN L. PEYTAVIN
                                              JUDGE AD HOC
                                              P.O. Box 402
                                              Lutcher, LA 70071
                                              PH. (225) 869-5091
                                              FAX (225) 869-4955

**EXHIBIT 1**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-894                                                                                   DIVISION "I"

MAURICE DE LA HOUSSAYE, ET. ALS.

VS.

THE PARISH OF JEFFERSON, ET. ALS.

CONSOLIDATED WITH

NO. 635-594                                                                                   DIVISION "I"

GAYE T. BENNETT, ET. ALS. V. BOARD OF COMMISSIONERS
FOR THE EAST JEFFERSON LEVEE DISTRICT, ET. ALS.

FILED: _____                          _____
                                                                                      DEPUTY CLERK

### REASONS FOR JUDGMENT ON THE EXCEPTION OF NO CAUSE OF ACTION OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

The history of the *de la Houssaye* and *Bennett* petitions and their eventual merger into the above entitled case was outlined extensively in the Reasons for Judgment on the Exception of No Cause of Action filed on behalf of the Parish of Jefferson and Aaron Broussard. It is therefore made part hereof by reference and will not be repeated herein.

On May 29, 2007, a Master Consolidated Class Action Petition was filed on the above matters. A named party defendant was the Sewerage and Water Board of New Orleans. Paragraphs 25 through 28 of the master petition alleged:

> 25. On August 29, 2005, the greater New Orleans area was struck by Hurricane Katrina, which produced torrential rainfall of up to nine (9) inches, and also breached levees and sea walls.
>
> 26. The Sewerage and Water Board pumped flood waters from their gathering point at Pumping Station No. 1 into the Washington Avenue Canal, which along with various other drainage culverts, is a tributary of the "south" 17th Street Canal.
>
> 27. Simultaneously, additional flood waters were introduced into the "south" 17th Street Canal by the Drainage Department of Jefferson Parish.
>
> 28. Many drainage pumps failed and Sewerage and Water Board Pumping Station No. 6 eventually slowed and was taken offline.

In paragraph XIV, Negligence and/or Fault of the Sewerage and Water Board, the plaintiffs incorporated by reference paragraphs 16 through 34 of the master petition and further alleged:

> 45. The Sewerage and Water Board of New Orleans was negligent in the following non-exclusive particulars:

    A.    Failing to install a flood wall on the east side of the 17th Street Canal between U.S. Highway 90 and Pumping Station No.6;

    B.    Failing, on August 29, 2005, to close the Geisenheimer Flood Gate [when requested to do so by the Jefferson Parish Drainage Department] which allowed a severe back flow into "Old Metairie" from the 17th Street Canal;

    C.    Failing to realize that pumping waters into the "south" 17th Street Canal via the Washington Avenue Canal would immediately result in severe flooding when Pumping Station No. 6 was shut down;

    D.    Continuing to pump flood and rain waters from the Broad Street, Pritchard Place, and Lakeview pumping stations into the "south" 17th Street Canal after Pumping Station No. 6 was reduced in flow and then shut down, preventing water from being pumped into Lake Pontchartrain and exacerbated the severe flooding in "Old Metairie";

    E.    Failing historically to measure levee heights while aware that these levees continued to subside;

    F.    Generally engaging in ineffective and counterproductive water pumping activities;

    G.    Failing, in 2004, to understand and correct seepage along the 17th Street Canal;

    H.    Failure to provide auxiliary power sources for extended emergency operation of Pumping Station No. 6;

    I.    Dredging the 17th Street Canal to a level below the sheet pile; and

    J.    Breaching several acts of assurances given to the United State of America through the Army Corps of Engineers enacted for the benefit of the plaintiffs.

In response the Sewerage and Water Board of New Orleans filed an Exception of No Cause of Action with other exceptions. It cited its limited authority as set out in LSA-R.S. 33:4071. It also argued that it "enjoys immunity pursuant to the Louisiana Homeland Security and Emergency Assistance Act." LSA-R.S. 29:271 – 736.

As to alleged breach of assurances given to the United States through the Army Corps of Engineers, it argued that actions ex contractu cannot be maintained because plaintiffs were not parties to the agreement. It further argued that the assurances did not create a *stipulation pour autri* in favor of the plaintiffs.

It cited with approval Judge Stanwood Duval's ruling dismissing Jefferson Parish and the Port of New Orleans in *DePass v. Board of Commissioners of the Orleans Levee District, et al.*,

2

No. 06-5127, and *In Re Katrina Canal Breach Consolidated Litigation*, shown on its annexed Exhibit A – D.

It argued that duties as to levees rested with levee boards citing LSA-R.S. 38:307.

Louisiana cases cited by the Sewerage and Water Board of New Orleans include *Hontex Enterprises, Inc. v. City of Westwego* (La. App. 5th Cir. 2002), 833 So.2d 1234; *Yates v. Elmer* (La. App. 5th Cir. 2006), 948 So.2d 1092; *Freeman v. State* (La. App. 4th Cir. 2008), 982 So.2d 903; *River Properties v. Herbert O'Donnell, Inc.* (La. App. 5th Cir. 1994), 633 So.2d 735; *Cooper v. City of Bogalusa* (La. 1940), 198 So. 510, and others. It noted that the only Louisiana case contrary on stipulation pour autri was *Cooper v. La. Department of Public Works* (La. App. 3rd Cir. 2004), 870 So.2d 315.

Its final argument was that the U.S. Army Corps of Engineers should have been joined as a party defendant.

The plaintiffs filed a Memorandum in Opposition to the Defendant Sewerage and Water Board of New Orleans' exceptions. They defined the geographic area that is the subject of this lawsuit as "the geographic area bounded by (1) Metairie Road on the North, (2) Mississippi River on the South, (3) 17th Street Canal to the East, and (4) North Arnoult Road to the west (also known as the "Hoey Basin") who or which suffered damages, injury or loss as a result of Hurricane Katrina related flooding on and after August 29, 2005.

Under the heading of Particular Claims Against Defendant SWBNO, plaintiffs argued that the SWBNO "was created for the purpose of construction, controlling, maintaining and operating the public drainage system of the City of New Orleans. See La. R.S. 33:4071, *et seq.*" It then reiterated paragraphs A. through J. of paragraph XIV.

They correctly cited *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.* (La. 1993), 616 So.2d 1234 as setting forth the test for an exception of no cause of action. They further argued that:

> Judge Duval noted that the allegations against the Sewerage and Water Board "were factual in nature, more appropriate for disposition by motion for summary judgment and that the Court found the SWB 'not immune' under La. Rev. Stat. 29:735, (and that) the motion to dismiss must be denied.

They further argued:

> That the SWBNO's acts and omissions at issue in the matter are not 'Emergency Preparedness Activities' as contemplated by the Act. Here they quoted the Louisiana Fifth Circuit Court of Appeal in *Banks v. Jefferson Parish* (La. App. 5th Cir. 2008), 2008 WL 248657 querying: Does the statute contemplate a specific pending emergency or general flood protection work

3

performed over a long period of time? When there is no specified emergency pending?

It concluded that 'the act as a whole is meant to take the government out of its general routine, and impose a state of government specifically structured toward the handling of a specific emergency.

As to La. R.S. 9:2800(H), plaintiffs cited *Burmaster v. Plaquemine Parish Government* (La. 2008), 982 So.2d 795, for the proposition that it was held unconstitutional.

As to joining the U.S. Corps of Engineers, the plaintiffs argued that it has been ruled immune by federal law and would result in removal to federal Court where Judge Duval has already denied jurisdiction.

The defendant filed a Supplemental Memorandum in Support of its exception. It stated its reasons as follows:

> This supplemental memorandum is submitted to address Judge Stanwood R. Duval, Jr.'s recent decision granting, in all but one respect, the Sewerage and Water Board of New Orleans' motion to dismiss several federal court suits against the Sewerage and Water Board of New Orleans involving very similar allegations made by counsel for the Bennetts while representing similarly situated plaintiffs. *See* Order and Reasons (Rec. Doc. 13613), *In re Katrina Breached Consolidated Litigation*, No. 05-4182, Pertains to: *DePass*, 06-5127, *Bourgeois*, 06-5131, and *Sims*, 06-5116, exh. "A."

In support of its position, it argued:

> Accepting all of plaintiffs' allegations as true, Judge Duval dismissed all of these claims, except the alleged failure to maintain the drainage canals, based on plaintiffs' failure to state a cause of action. Applying the decision to this case, Judge Duval's order makes clear that **all** of plaintiffs' claims in **this** action must fail. First, Judge Duval held that the Orleans Levee District, not the Sewerage and Water Board of New Orleans, is responsible for the maintenance of the levees under La. R.S. 38:307. Second, Judge Duval found that the Sewerage and Water Board of New Orleans is immunized from liability for any possible negligent operation of the pumping stations or systems during Hurricane Katrina under La. R.S. 29:735(A). Third, Judge Duval held that the assurances entered into by the Sewerage and Water Board of New Orleans and the Corps do not "establish any cause of action by a third party against the [Sewerage and Water Board of New Orleans]." See exh. "A," p. 10.

Pointing to allegations A, E, G, I and J, defendants argued that it had no responsibility for levees, flood walls, measuring levee heights or correcting seepage. It also pointed to the limited legislative authority.

Oral arguments followed the same general themes. Defendants relied heavily on the Sewerage and Water Board's limited legislative authority and Judge Duval's prior rulings.

Plaintiffs in oral argument argued omissions, drainage failures and that immunity should be pled as an affirmative defense. They also pointed to acts of assurances.

4

## CONCLUSIONS OF LAW

The history of this litigation was outlined extensively in reasons as to the Exception of No Cause of Action filed on behalf of the Parish of Jefferson and Aaron Broussard. It is made part hereof by reference.

The *de la Houssaye* petition sought damages for all persons "who suffered damage as a result of flood water entering Jefferson Parish through the Gegenheimer Gate, Airline Highway, the Northline Bridge or the Orpheum Street Bridge."

The *Bennett* petition sought damages for an area of the East Bank of Jefferson Parish including "Old Metairie," bounded by the Interstate Highway 10 on the North, the Orleans Parish line on the East, the Mississippi River on the South and Causeway Blvd. on the West.

Because of the limited geographical area the two cases were separated from a larger group encompassing a larger area.

The Master Consolidated Consolidated Class Action Petition filed herein on May 29, 2007 limits its claims to the geographic area bounded by: (1) Metairie Road to the North, (2) Mississippi River to the South, (3) 17th Street Canal to the East, and (4) North Arnoult Road to the West (also known as the "Hoey's Basin").

The Court finds that the defendants correctly stated it's and the Orleans Levee District's legislative authorities in its original memorandum:

> First, the Sewerage and Water Board of New Orleans is a public entity with limited delegation of authority. The Sewerage and Water Board of New Orleans's authority is limited to constructing, controlling, maintaining, and operating the public water system, sewerage system and drainage system, nothing more. LSA-R.S. 33:4071
>
> Second, the Orleans Levee District, by statute, has the full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve, the levees. LSA-R.S. 38:307. The Sewerage and Water Board of New Orleans does not own or maintain the levees and flood walls.

Given its limited authority and the limited geographic dimensions of Jefferson Parish's "Hoey's Basin" it would appear that the Sewerage and Water Board of New Orleans cannot be held legally responsible for flooding in Jefferson Parish's "Hoey's Basin."

The questions of Non Joinder of the U.S. Corps of Engineers as a necessary party, immunity pursuant to R.S. 29:735, *et seq.* and immunity pursuant to LSA-R.S. 9:2800(H) were decided in other reasons for judgment this day decided herein and will not be reiterated.

5

## CONCLUSION

For the reasons stated herein, particularly the limited authority granted to the Sewerage and Water Board of New Orleans by LSA-R.S. 33:4071 and the geographic boundaries of "Hoey Basin," the Exception of No Cause of Action by the Sewerage and Water Board of New Orleans will be SUSTAINED.

Signed at Gretna, Louisiana on this 17th day of September, 2008.

JOHN L. PEYTAVIN
JUDGE AD HOC
P.O. Box 402
Lutcher, LA 70071
PH. (225) 869-5091
FAX (225) 869-4955

6

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-894                                              DIVISION "I"

MAURICE DE LA HOUSSAYE, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VS.

THE PARISH OF JEFFERSON, AARON BROUSSARD AND
AMERICAN ALTERNATIVE INSURANCE CORPORATION

CONSOLIDATED WITH

NO. 635-594                                              DIVISION "H"

GAYE T. BENNETT, ET AL

VS.

BOARD OF COMMISSIONERS FOR THE
EAST JEFFERSON LEVEE DISTRICT, ET AL

FILED: _____   _____

ORDER

Considering C.C.P Art 968 and Woodward v. Todlock, 621 So2d 875 (La App 3 Cir 1993), together with Plaintiffs' Motion to Amend Judgment of September 11, 2008, under C.C.P. Art. 1951, or Alternatively for New Trial under C.C.P. Art. 1971,

IT IS ORDERED that said Motion to Amend Judgment of September 11, 2008, under C.C.P. Art. 1951, or Alternatively for New Trial under C.C.P. Art. 1971, is hereby DENIED.

Gretna, Louisiana, this 26th day of September, 2008.

JOHN L. PEYTAVIN
JUDGE AD HOC
P. O. Box 402
Lutcher, LA 70071
Telephone: (225) 869-5091
Telecopier: (225) 869-4955

W376236

624894

EXHIBIT
2