UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NORTHERN ASSURANCE COMPANY     08 CV 3289 (CSH) (AJP)
OF AMERICA and AMERICAN HOME
ASSURANCE COMPANY,

                              Plaintiffs,             **Electronically Filed**

    - against -

LAFARGE NORTH AMERICA, INC. and
AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY
ASSOCIATION, INC.

                              Defendants.
-----------------------------------------------------------------X

# PLAINTIFFS' MEMORANDUM OF LAW IN
# SUPPORT OF MOTION FOR RECONSIDERATION

                                              NICOLETTI HORNIG & SWEENEY
                                              Wall Street Plaza
                                              88 Pine Street, 7th Floor
                                              New York, New York 10005-1801
                                              (212) 220-3830

                                              *Attorneys for Plaintiffs*
                                                 *The Northern Assurance Company of America*
                                                 *and American Home Assurance Company*

Of Counsel:
   John A.V. Nicoletti
   Nooshin Namazi
   Guerric S.D.L. Russell

**PRELIMINARY STATEMENT**

Plaintiffs The Northern Assurance Company of America and American Home Assurance Company (collectively, the "Excess Underwriters") respectfully submit this Memorandum of Law in Support of their Motion for Reconsideration of the portion of Memorandum Opinion And Order (the "Order") dated August 4, 2008, staying the Excess Underwriters' *First Cause of Action* against American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"); and/or in the alternative, reconsideration of the portion of the Order denying their motion to consolidate their action with *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Lafarge North America, Inc.*, 06 CV 3123 (the "Club Action") again for the limited purpose of permitting Excess Underwriters to file papers in response to the American Club's motion for summary judgment.

As the Court is aware, the Protection and Indemnity ("P&I") Policy issued by the American Club to Lafarge North America, Inc. ("Lafarge") for the relevant policy period May 1, 2005 to May 1, 2006 (the "American Club Policy") is one of several primary insurance policies expressly listed on the Schedule of Underlying Insurance in the Excess Marine Liabilities Policy ("Excess Policy") issued by the Excess Underwriters and New York Marine and General Insurance Company ("NYMAGIC"). The Excess Underwriters have a substantial interest in the outcome of whether an underlying insurance policy to their cover (such as the American Club's) will pay defense costs, expenses and indemnify Lafarge in connection with the subject Katrina claims. Simply put, depending on the outcome of the Court's coverage determination, Excess Underwriters may or may not face up to forty-five (45) million dollars in liability. For instance, if there is a finding of coverage under the Club cover, then as much as four (4) billion in primary insurance must be exhausted first before the Excess Policy pays.

1

Under such circumstances, the Court's August 4th Order, and in particular the portion which stayed the Excess Underwriters' *First Cause of Action* and/or denied consolidation of that *First Cause of Action* (praying that the American Club Policy does cover Lafarge) with the Club Action amounts to manifest injustice because: (1) On the one hand, the Court has stayed the completion of briefing and an anticipated ruling on the Excess Underwriters' cross-motion for summary judgment on, among others, the issue of whether coverage exists under the American Club Policy; and (2) On the other hand, the Court has allowed certain parties (*i.e.* Lafarge and the American Club) to the absolute exclusion of others (*i.e.* Excess Underwriters) to participate in the determination of whether there is coverage under the American Club Policy. The Court has essentially denied the Excess Underwriters the same opportunity it has given to Lafarge and the American Club to at least be heard on this single issue. There is absolutely no discernable reason to justify denial of the opportunity to Excess Underwriters (who have millions of dollars at stake) to at least submit briefs in the Club Action in response to the American Club's motion for summary judgment.

Further, the Court's denial of opportunity for Excess Underwriters to at least participate in the process of determining the sole issue of the American Club's coverage does not serve the Court's intent to minimize duplication and expenditure of unnecessary judicial resources, because as stated by the Court, if the Court makes a coverage determination without permitting Excess Underwriters to be a party to that coverage determination, such a decision may not be binding on them. Also, Lafarge's capable counsel will no doubt energetically oppose the American Club's motion for summary judgment; but, Lafarge's attorneys (and rightfully so) are

2

here to protect their client, Lafarge; and only Lafarge. The Court should not expect that Lafarge will protect the Excess Underwriters' interests.[1]

By virtue of the foregoing, in the interest of serving justice and for the sake of saving judicial resources, the Court should lift the stay with regard to the *First Cause of Action* and permit Excess Underwriters to at least be heard (without delaying any of the Court's deadlines) on the sole and limited issue of the American Club cover (the stay with regard to the Second, Third and Fourth Causes of Action will continue until further ordered by the Court). Alternatively, the Court should permit the Excess Underwriters to at least file the appropriate papers in the pending Motion for Summary Judgment in the Club Action.

## THE AUGUST 4TH MEMORANDUM OPINION AND ORDER

On August 4, 2008, the Court issued the Order: (A) denying the Excess Underwriters' Motion to Consolidate this action with the Club Action; and (B) granting the American Club's Cross-Motion to Stay the Excess Underwriters' action. *See* Ex. "1" attached to this brief. The stay included "briefing and decision on the three pending motions in" the Excess Underwrites' action. *See* Ex. "1" at p. 5. The three pending motions are: (1) the fully briefed Motion to Dismiss the Excess Underwriters' action filed by Lafarge; (2) the Excess Underwriters' Cross-Motion for Summary Judgment Against the American Club and Lafarge (This motion was due to be fully briefed on August 11, 2008. The stay Order prevented Excess Underwriters from filing their reply papers); and (3) the Motion to Intervene in the Excess Underwriters' action filed by NYMAGIC (with regard to this motion, opposing and supporting papers have been filed by the American Club and the Excess Underwriters).

---

[1] In point of fact, on the issue of the failure to maintain underlying insurance, Lafarge and Excess Underwriters have divergent interests.

3

This motion seeks reconsideration only of the portion of the Order which stayed the Excess Underwriters' *First Cause of Action* (praying that there is coverage under the American Club Policy) and/or reconsideration of the portion of the Order denying consolidation, again for the limited purpose to addressing the issue of coverage under the American Club Policy.

## LEGAL ARGUMENT

### THE COURT SHOULD RECONSIDER THE PORTION OF THE AUGUST 4TH ORDER RELATING TO EXCESS UNDERWRITERS' PRAYER THAT THERE IS COVERAGE UNDER THE AMERICAN CLUB POLICY

Rule 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 allow a party to seek relief from a Court's order. *See* Fed.R.Civ.P. 60(b) and Local Civ.R. 6.3. Pursuant to Local Civil Rule 6.3, a party may seek reconsideration of "matters or controlling decisions" which the party believes the Court has overlooked during the original motion and that might reasonably be expected to alter the Court's decision. *See* Local Civ.R. 6.3; *Zoll v. Ruder Finn, Inc.*, 2004 WL 42260 (S.D.N.Y. 2004). The Second Circuit has held that reconsideration is also appropriate to hear newly discovered evidence, correct a clear error or prevent a manifest injustice. *See Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)("the major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'"); *see also, In re Initial Public Offering Securities Litigation*, 2007 WL 844710, *1 (S.D.N.Y. 2007)("a motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice'"); *Treppel v. Biovail Corp.*, 2005 WL 427538, *3 (S.D.N.Y. 2005); *Mario Valente Collezioni, Ltd. v. AAK Limited*, 2004 WL 724690, *3 (S.D.N.Y. 2004); *F.D. Import & Export Corp. v. M/V Reefer Sun*, 2003 WL 21512065, *1 (S.D.N.Y. 2003); *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.*, 230 F.Supp.2d 427, 428 (S.D.N.Y.

4

2002). Granting reconsideration is within the sound discretion of the Court. *See Mahmud v. Kaufmann*, 496 F.Supp.2d 266, 270 (S.D.N.Y. 2007)("the decision to grant or deny a motion for reconsideration lies within "the sound discretion of the district court judge'"); *Boyle v. Stephens, Inc.*, 1998 WL 80175, *1 (S.D.N.Y. 1998)(same).

In the August 4th Order, with regard to Excess Underwriters' *First Cause of Action*, the Court stated:

> As for the Excess Underwriters' first cause of action, resolution of the American Club Action against Lafarge will substantially narrow the issues and ultimately save the parties and the Court from the needles or duplicative expenditure of resources. The Excess Underwriters challenge the American Club's contention that it is not liable under its policy for Lafarge's defense or liability in respect of the underlying incident. That is precisely the issue that will be resolved in the American Club Action.

*See* copy of the Order attached as Ex. "1" at p. 4.

The Court correctly stated that both the Club Action and the Excess Underwriters' *First Cause of Action* seek to address the same issue: *i.e.* whether the American Club's declination of coverage to Lafarge was improper. However, the fact apparently overlooked by the Court is that resolving this common issue in both the Club Action and the Excess Underwriters' *First Cause of Action*, should also include the "common parties" to that issue. Here, effectively muzzling one of the parties (*i.e.* Excess Underwriters) necessarily vested in the resolution of the Club coverage issue, while allowing the other parties (*i.e.* the American Club and Lafarge) the opportunity to freely argue in favor and in opposition to coverage under the American Club Policy amounts to manifest injustice. The Excess Underwriters should be given the same right and the same opportunity to have their coverage argument heard, particularly in view of the fact that they were the first party to file their own motion for summary judgment on the same issue of coverage under the American Club Policy. Instead, under the current Order, not only the Excess

5

Underwriters' first filed motion on the very issue of the American Club coverage is stayed, but they are further precluded from filing papers in response to the American Club's motion for summary judgment in the Club Action.

Excess Underwriters respectfully submit that this is an appropriate example of manifest injustice warranting the Court's exercise of discretion to modify its August 4th Order at least for the limited purpose of allowing Excess Underwriters to be heard on the American Club cover issue, whether in their own action or in the Club Action. Such an Order will ensure that Lafarge, the American Club and Excess Underwriters, the parties with a stake in the issue will be heard and be bound by the Court's coverage determination. Further, because the issue of the American Club's coverage vis-à-vis Lafarge has already been briefed by the Excess Underwriters (with very limited supplementation needed to address new arguments raised in the American Club motion) lifting of the stay for this limited purpose will cause no delay in the Court's Scheduling Order.

## CONCLUSION

By virtue of the foregoing, Excess Underwriters respectfully request that the Court grant their motion to reconsider and upon reconsideration lift that portion of the August 4th Order which stayed the Excess Underwriters' *First Cause of Action* against the American Club, and/or alternatively, lift that portion of the August 4th Order denying their motion to consolidate, again for the limited purpose of permitting Excess Underwriters to address the sole issue of coverage under the American Club Policy.

6

Dated: August 12, 2008
      New York, New York

                           NICOLETTI HORNIG & SWEENEY

                           *Attorneys for Plaintiffs*
                              *The Northern Assurance Company of America*
                              *and American Home Assurance Company*

                        By:    /s John A. V. Nicoletti
                                John A. V. Nicoletti
                                Wall Street Plaza
                                88 Pine Street, Seventh Floor
                                New York, New York 10005
                                (212) 220-3830

To:    Robert G. Clyne, Esq.
        HILL, RIVKINS & HAYDEN
        45 Broadway
        New York, New York 10006
        *Attorneys for Lafarge North America, Inc.*

        John M. Woods, Esq.
        THACHER PROFFITT & WOOD LLP
        Two World Financial Center
        New York, New York 10281
        *Attorneys for American Steamship Owners Mut. P&I Assoc., Inc.*

X:\Public Word Files\1\478\Legal\Motion for Reconsideration\MOL in Supp. of Motion for Reconsideration by Plfts.8.12.08.mm.doc

# EXHIBIT "1"

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/04/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE NORTHERN ASSURANCE COMPANY OF
AMERICA and AMERICAN HOME ASSURANCE
COMPANY,

                    Plaintiffs,

-against-

LAFARGE NORTH AMERICA, INC., *et al.*,

                    Defendants.

------------------------------------------------------------x

08 Civ. 3289 (CSH)

MEMORANDUM OPINION
AND ORDER

HAIGHT, Senior District Judge:

Plaintiffs The Northern Assurance Company of America and American Home Assurance Company (collectively "the Excess Underwriters") filed this declaratory judgment action against defendants Lafarge North America, Inc. ("Lafarge") and American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the American Club") concerning questions of Lafarge's right to a defense and indemnity for claims asserted against it as the result of the breakaway of a chartered barge moored at Lafarge's New Orleans, Louisiana facility during Hurricane Katrina in August 2005.[1]

The Excess Underwriters now move to consolidate the captioned action for all purposes with a pending action for declaratory judgment relief brought in this Court by the American Club against Lafarge bearing docket number 06 CV 3123 (CSH) ("the American Club Action").[2] The American Club cross-moves to stay the captioned action pending resolution of the American

---

[1] The underlying facts are recounted in the Court's prior opinion reported at 474 F.Supp. 2d 474 (S.D.N.Y. 2007), familiarity with which is assumed.

[2] The opinion cited in footnote 1, *supra*, was rendered in the American Club Action.

Club action.

## DISCUSSION

A.  <u>The Excess Underwriters' Motion to Consolidate</u>

The Excess Underwriters' motion for consolidation is denied. If not previously summarily disposed of, a bench trial of the American Club's action against Lafarge and Lafarge's counterclaims will begin before this Court on October 6, 2008. Assuming without deciding that common questions of law and fact exist between the two cases that might otherwise justify consolidation, the imminent trial of the American Club action would be significantly delayed if consolidation with the captioned action were allowed. The American Club points out that there has been no discovery with respect to three of the four causes of action pleaded by the Excess Underwriters, and that at least in respect to them "full discovery from document production to depositions will be necessary." Br. at 10. Counsel for the Excess Underwriters forswear their intentions to take certain depositions, and say that the American Club should be able to glean all relevant evidence from other litigation taking place. However, it is not for counsel for the Excess Underwriters to dictate what discovery should be sufficient for the Club, and it seems entirely likely that consolidation would result in additional discovery generated by the Excess Underwriters' claims. Delay engendered by such discovery would be contrary to the interests of justice because compelling reasons exist for a prompt resolution of the American Club Action. *See* this Court's Memorandum Opinion and Order dated August 1, 2008 in the American Club action. Denial of consolidation works no discernible prejudice upon the Excess Underwriters.

In addition to discovery considerations, there are currently pending in this action three motions that are not yet ripe for decision. Lafarge has moved to dismiss the Excess

2

Case 2:05-cv-04182-SRD-JCW Document 15702-2 Filed 10/02/08 Page 12 of 14
Case 1:08-cv-03289-CSH Document 66-2 Filed 08/12/2008 Page 12 of 14
P.04/06

Underwriters' claims against it for failure to state a cause of action and for failure to include NYMAGIC as a party. The Excess Underwriters have cross-moved for summary judgment on the extent and order in which each of the insurance policies should pay for the cost of defending Lafarge in the litigation pending in the Eastern District of Louisiana. And most recently, on July 16, 2008, NYMAGIC filed a motion to intervene in the action to protect its own interests. These motions are illustrative of the manner in which litigation in this Court involving insurance coverage for the underlying casualty has metastasized. The Court must decide these motions, not yet *sub judice*, before the captioned case is ready for trial by itself or consolidated with a trial of the American Club Action (should that prove necessary) on October 6, 2008.

In these circumstances, and in the exercise of my discretion, I conclude that the trial of the American Club Action on October 6 should not be delayed or complicated by consolidating it with the captioned action.[3]

B. <u>The American Club's Cross-Motion to Stay the Excess Underwriters' Action</u>

The American Club's cross-motion for a stay is granted. The Excess Underwriters' first cause of action, against the American Club, prays for a declaration that the American Club's denial of coverage to Lafarge is invalid. *See* Compl. ¶¶ 65-82. The Excess Underwriters' second cause of action, against Lafarge, prays for a declaration that they are liable under their policies only after recoveries have been made under the NYMAGIC[4] and American Club policies

---

[3] Plaintiffs' request to submit a sur-reply memorandum in support of their motion to consolidate is denied.

[4] "NYMAGIC" stands for the New York Marine & General Insurance Company. For its place in the pantheon of insurers involved with the breakaway barge, *see* 474 F.Supp. 2d at 479 n.3. NYMAGIC is not a party to the two declaratory judgment actions discussed in text, although it is the plaintiff in a third action, against Lafarge, bearing docket number 05 CV 9612

3

Case 2:05-cv-04182-SRD-JCW Document 15702-2 Filed 10/02/08 Page 13 of 14
Case 1:08-cv-03289-CSH Document 66-2 Filed 08/12/2008 Page 5 of 14
P.05/06

and Lafarge has borne a particular amount the Excess Underwriters ascribe to Lafarge under their interpretation of the American Club policy. *See id.* ¶¶ 83-86. The Excess Underwriters' third cause of action, against Lafarge, prays for a declaration that they are not liable to reimburse Lafarge for certain legal expenses. *See id.* ¶¶ 87-100. The Excess Underwriters' fourth cause of action, against both defendants, prays for a declaration that the policy they issued is excess to the available coverages under all other policies relating to underlying casualty, *see id.* ¶¶ 101-107, including the American Club policy which Lafarge contends extends to the barge at issue in the Louisiana litigation, a contention that the American Club rejects. That particular dispute will be resolved, summarily or by trial, in the American Club Action. That resolution will have a direct or indirect impact upon all the Excess Underwriters' claims for declaratory relief in the captioned case.

As for the Excess Underwriters' first cause of action, resolution of the American Club Action against Lafarge will substantially narrow the issues and ultimately save the parties and the Court from the needless or duplicative expenditure of resources. The Excess Underwriters challenge the American Club's contention that it is not liable under its policy for Lafarge's defense or liability in respect of the underlying incident. That is precisely the issue that will be resolved in the American Club Action.

As for the Excess Underwriters' second and fourth causes of action, a determination of the several insurers' respective liabilities under their policies need not and should not be made before the initial resolution of the American Club's declaratory action against Lafarge. The order of coverage is directly dependent upon the decision in that case.

---

(CSH) ("the NYMAGIC action").

As for the Excess Underwriters' third cause of action, NYMAGIC's declaratory judgment action against Lafarge will resolve the issues of whether Lafarge is due defense costs incurred in defending actions against it in Louisiana and whether it possesses the right to appoint defense counsel under the NYMAGIC policy.

While the question is not presently before me, it would appear that, depending upon the outcome of the American Club Action and the NYMAGIC Action, issue preclusion would benefit one or another of the parties in the Excess Underwriters' Action. For the sake of saving time and husbanding the resources of the parties and the Court, the only sensible course is to stay all proceedings in the captioned case until the American Club Action has been decided summarily or by trial. That stay will include briefing and decision on the three pending motions in the captioned case.

## CONCLUSION

For the foregoing reasons:

(1) The plaintiffs' motion for consolidation is DENIED.

(2) The defendant American Club's cross-motion for a stay is GRANTED. All proceedings in the captioned case are stayed pending the Court's further Order.

It is SO ORDERED.

Dated: New York, New York
August 4, 2008

*/s/ Charles S. Haight*
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5