**MINUTE ENTRY**
**DUVAL, J.**
**October 1, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** **CONSOLIDATED LITIGATION** | **CIVIL ACTION** **NO. 05-4182** **SECTION "K"(2)** |

**PERTAINS TO: MRGO,** *Robinson* **C.A. No. 06-2268**

Attending a telephonic status conference concerning Defendant United States of America's Motion for Protective Order (Doc. 15531) were:

Joseph Bruno for plaintiffs and

Robin Smith for defendants.

On October 1, 2008, Magistrate Judge Wilkinson issued his ruling denying the subject motion. In essence, the United States had sought the issuance of a protective order to preclude discovery of Topic 37 of Exhibit "A" to Plaintiffs' Notice of Video-Taped Federal Rule 30 (b)(6) Deposition (Doc. 15349). Under the notice, the United States was required to produce the person(s) "most knowledgeable of" "[t]he performance of the flood control structures along the MRGO, GIWW and IHNC during Hurricane Katrina." *Id.* The United States argued that this topic was an attempt to elicit premature disclosure of expert testimony. Judge Wilkinson rejected that argument writing:

> All objections are meritless and are overruled. Topic 37 is perhaps the single most relevant and important topic, about which the defendant, above all others, would be expected to have the mot knowledge and information from an indisputably unique and important perspective. The deposition must proceed as scheduled.

(Doc. 15618).

The parties contacted the Court and agreed that the Court should hear the Government's immediate appeal, dispensing with any briefing of the issue, due in large part to the tight schedule that controls the subject discovery, completion of which is slated for the end of next week. Thus, the Court allowed both sides to present their arguments verbally, and informed the parties that it would issue its ruling forthwith.

Bearing in mind that Judge Wilkinson's discovery decision is subject to a "clearly erroneous" standard, the Court finds no error. Thus,

**IT IS ORDERED** that th Order (Doc. 15618) is **AFFIRMED** with the caveat that it is the Court's understanding that this deposition is not intended to be the deposition of the designated expert and will not be conducted as such.

JS:10- ½ hr.