UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No.06-2268 | § | |
| _____ | § | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE AND EXPUNGE DEPOSITION TESTIMONY AND EXHIBIT**

**I. INTRODUCTION**

The United States previously invoked the attorney-client privilege over United States Army Corps of Engineers' (Corps) documents that were inadvertently produced to the plaintiffs.[1] The Court ruled on October 1, 2005, that the documents are protected by the attorney-client privilege and/or attorney work product, are not discoverable, and ordered the immediate destruction of the documents inadvertently produced to plaintiffs and all copies thereof.  See Doc. Rec. No. 15665.

In the United States' Response to Plaintiffs' Motion for *In Camera* Inspection, the United States stated it would be filing a motion requesting the Court to place under seal any portion of

---

[1] See Defendant United States' Response to Plaintiffs' Corrected Motion for *In Camera* Inspection (Doc. Rec. No. 15198).

depositions that references the Corps' attorney-client privileged documents.[2]  Accordingly, the United States seeks additional relief because, notwithstanding objections on the record by the United States, counsel for plaintiffs questioned a deponent concerning two of those protected Corps' documents, reading portions of them during the deposition and attaching copies of them to the deposition transcript.[3]  Therefore, the United States now moves the Court for an order striking and expunging the portions of the deposition transcript at which plaintiffs' counsel read into the record the protected Corps' documents, and ordering the destruction of the Corps' privileged documents that are attached to the transcript.

## II. BACKGROUND

On July 10, 2008, plaintiffs' counsel, Hugh Lambert, deposed Greg Breerwood, a retired Corps employee.  During the deposition, Mr. Lambert questioned the deponent about privileged Corps' documents with Bates range NED-187-000000377 thru 0378, which were inadvertently produced to the plaintiffs by the United States on August 10, 2007.  See Doc. Rec. No. 6944.  Mr. Lambert read into the record part of the privileged Corps' communications on the document with Bates range NED-187-000000377.  See July 10, 2008 deposition transcript of Greg Breerwood at line 21, pg. 77 thru line 4, pg. 78 attached as Exh. 1.[4]  Mr. Lambert also attached

---

[2] See fn. 1 to Defendant United States' Response to Plaintiffs' Corrected Motion for *In Camera* Inspection.  Doc. Rec. No. 15198.

[3] Paintiffs' counsel also questioned another witness about attorney-client privileged documents at his July 10, 2008 deposition of retired Corps employee John Saia, but the contents of the privileged communications in those documents were neither read into the record during that deposition nor were they attached to the transcript.  Accordingly, the United States is not seeking any additional relief concerning the Saia deposition.

[4] Exh. 1 (deposition transcript with Exhibit 7) will be filed under seal since it contains protected attorney-client communications.

documents with Bates range NED-187-000000377 thru 0378 to the deposition transcript.  See Exh. 7 of the deposition transcript which is attached hereto with Exh. 1.[5]  Counsel for the United States objected during the deposition, and thereafter provided oral notice on the record of its intent to assert a privilege over these Corps' documents.  See Exh. 1 at line 17, pg. 79 through line 8, pg. 84; Exh. 2.

**III.  ARGUMENT**

The Court ruled on October 1, 2005, that the documents in question are protected by the attorney-client privilege and/or attorney work product, are not discoverable, and has ordered the immediate destruction of the documents received and all copies thereof.  See Doc. Rec. No. 15665.  Therefore, the United States respectfully requests that the Court uphold the United States' assertion of the attorney-client privilege over the Corps' documents by striking and expunging the portions of Mr. Breerwood's deposition transcript that discuss the protected Corps' documents at line 21, pg. 77 thru line 4, pg. 78, and ordering the destruction of the Corps' privileged documents at Bates range NED-187-000000377 through NED-187-000000378 that are attached to the deposition transcript at Exh. 7.

---

[5] Exh. 7 of the deposition transcript comprises 7 pages.  Only the last two pages, which are not bate-stamped, are the two Corps' documents protected under the attorney-client privilege.  These Corps' documents were Bate stamped when the United States produced them to the plaintiffs.  See Doc. Rec. No. 6944.

## IV.  CONCLUSION

For the reasons stated, Defendant's Motion to Strike and Expunge Deposition Testimony and Exhibit should be granted.

                                        Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        PHYLLIS J. PYLES
                                        Director, Torts Branch

                                        JAMES G. TOUHEY, JR.
                                        Assistant Director, Torts Branch

                                          s/ James F. McConnon, Jr.
                                        JAMES F. McCONNON, JR.
                                        Trial Attorney, Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        Benjamin Franklin Station, P.O. Box 888
                                        Washington, D.C.  20044
                                        (202) 616-4400/ (202) 616-5200 (Fax)
                                        Attorneys for the United States

Dated: October 3, 2008

## CERTIFICATE OF SERVICE

    I, James F. McConnon, Jr., hereby certify that on October 3, 2008, I served a true copy of the "United States' Memorandum in Support of Motion to Strike and Expunge Deposition Testimony and Exhibit" upon all parties by ECF.

                                                  s/ James F. McConnon, Jr.
                                                  JAMES F. McCONNON, JR.