UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| | § | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
EX PARTE/CONSENT MOTION TO FILE EXHIBIT 1 UNDER SEAL**

NOW INTO COURT comes the defendant United States of America which respectfully moves the Court to file under seal for Court review *in camera* Exhibit 1 which is the July 10, 2008 deposition transcript with Exhibit 7 of retired United States Army Corps of Engineers' (Corps) employee Greg Breerwood that is being used in support of the United States' Motion to Strike and Expunge Deposition Testimony and Exhibit. See Doc. Rec. No. 15743.

On July 10, 2008, plaintiffs' counsel, Hugh Lambert, deposed Greg Breerwood, a retired Corps employee. During the deposition, Mr. Lambert questioned the deponent about privileged Corps' documents with Bates range NED-187-000000377 thru 0378, which were inadvertently produced to the plaintiffs by the United States on August 10, 2007. See Doc. Rec. No. 6944. Mr. Lambert read into the record part of the privileged Corps' communications from the document with Bates range NED-187-000000377. See Exh. 1 at line 21, pg. 77 thru line 4, pg. 78. Mr. Lambert also attached documents with Bates range NED-187-000000377 thru 0378 to

the deposition transcript.  See Exh. 7 of the deposition transcript (Exh. 1).[1]

     The United States previously invoked the attorney-client privilege over the Corps' documents with Bates range NED-187-000000377 thru 0378.[2]  The Court ruled on October 1, 2005, that the documents are protected by the attorney-client privilege and/or attorney work product, are not discoverable, and ordered the immediate destruction of the documents inadvertantly produced to plaintiffs and all copies thereof.  See Doc. Rec. No. 15665.

     The submission of Exhibit 1 for *in camera* review does not constitute a waiver of the attorney-client privilege or any other privilege.  Therefore, all such privileges are expressly preserved.

---

[1] Exh. 7 of the deposition transcript comprises 7 pages.  Only the last two pages, which are not bate-stamped, are the two Corps' documents protected under the attorney-client privilege.  These Corps' documents were Bate stamped when the United States produced them to the plaintiffs.  See Doc. Rec. No. 6944.

[2] See Defendant United States' Response to Plaintiffs' Corrected Motion for *In Camera* Inspection (Doc. Rec. No. 15198).

WHEREFORE, the United States respectfully requests that the Court grant its ex parte/consent motion and permit the filing of Exhibit 1 under seal and review said exhibit only *in camera*.[3]

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

 s/ James F. McConnon, Jr.
JAMES F. McCONNON, JR.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400/ (202) 616-5200 (Fax)
Attorneys for the United States

Dated: October 3, 2008

---

[3] Exhibit 1 is being sent via Federal Express today to the Court.

**CERTIFICATE OF SERVICE**

      I, James F. McConnon, Jr., hereby certify that on October 3, 2008, I served a true copy of the "United States' Memorandum in Support of Ex Parte/Consent Motion to File Exhibit 1Under Seal" upon all parties by ECF.

                                s/ James F. McConnon, Jr.
                               JAMES F. McCONNON, JR.