UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: **KATRINA CANAL BREACHES** **CONSOLIDATED LITIGATION** | : : : | CIVIL ACTION |
| **PERTAINS TO: BARGE** | : : | Case No. 05-4182 and consolidated cases |
| | : : | SECTION "K" |
| *Mumford v. Ingram  05-5724* | : : | **OPPOSITION MEMORANDUM** |
| | : : : | Hon. Stanwood R. Duval, Jr. Mag. Judge Joseph Wilkinson |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
TO FILE SEVENTH AMENDED CLASS ACTION
COMPLAINT FILED ONBEHALF OF UNIQUE TOWING, INC.**

**MAY IT PLEASE THE COURT:**

Plaintiffs Ethyl Mumford, et al, seek leave of court to file a Seventh Amended Consolidated Class Action Complaint for damages in connection with Civil Action 05-5724. Among other things, the Seventh Amended Complaint names Unique Towing, Inc. and its alleged insurers, Boston Old Colony Insurance Company, Continental Insurance Company, and CNA as parties defendant. Unique opposes the filing of the Seventh Amended Complaint against Unique and its alleged insurers on grounds that: (1) the filing of such Amended Complaint would violate the restraining order (monition) entered in connection with Unique's previously filed limitation of liability proceeding; (2) three claims are time barred and four are subject to dismissal under the "first-in-time rule;" and (3) the law does not permit the filing of class action claims against limitation plaintiffs.

1

FACTAL BACKGROUND

On August 27, 2005, Lafarge North America contacted Joseph C. Domino, Inc., a marine transportation broker, to dispatch a small tug to "top around" two barges berthed at its cement facility located in the Industrial Canal so that the loaded barge would be inboard of the empty barge. Domino sent the tug REGINA H, which is owned and operated by Unique Towing, to Lafarge's facility. When the tug arrived, all Lafarge personnel had left the facility. The crew of the REGINA H was not asked to and did not adjust the mooring lines between the two barges docked at the facility. After the barges were "flipped," the REGINA H departed the facility. The empty barge, ING 4727, broke free during Hurricane Katrina two days later. Plaintiffs allege that the barge, which was came to rest undamaged on a residential street in the Lower Ninth Ward after the storm, caused two breaches in the Industrial Canal levee wall.

Ingram, the owner of the barge, filed a limitation action in C.A. No. 05-4419 which was assigned to Section "C" of this Court. Numerous suits were filed in the wake of the devastation which followed the breach of the Industrial Canal levee wall against Lafarge and other parties which were consolidated into the Ingram limitation proceeding. In one of these actions involving the Parfait Family *et al*, an amended complaint was filed naming Unique Towing as a defendant. These same plaintiffs also filed claims in the Ingram limitation proceeding, and brought third party claims against Unique in that proceeding. Unique responded by initiating an action for exoneration from and/or limitation of liability pursuant to 46 U.S.C. §183 *et seq.* in C.A. 06-3313 which was consolidated into the Ingram action. This action was transferred to Section "C," and on July 17, 2006, Judge Berrigan issued an "Order Approving *Ad Interim* Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims." (Exhibit 1 hereto). In that order, all pending and future claims or suits against Unique Towing, the M/V

2

REGINA H or their underwriters, or against their property, were restrained, enjoined and stayed. This order has never been modified or lifted. Judge Berrigan directed that all claims against Unique Towing be filed in the limitation proceeding no later than August 29, 2006.

Numerous claims were filed against Unique in those proceedings. Among those was a claim filed on behalf of the Parfait Family, *et al*, which was brought on behalf of individually named claimants and as a class action on behalf of all similarly situated persons. Unique Towing moved to strike the class action claims on grounds that class action claims are not permitted inside a limitation action. Judge Berrigan granted this motion to strike on October 19, 2006, finding that these claimants could not bring a class action inside of a limitation action. (Ex. 2)

Judge Berrigan tried the matter in phases. In Phase 1, she considered whether the limitation plaintiffs had carried their burden of proving an absence of privity or knowledge of their alleged acts of negligence, and concluded that Unique Towing had failed to carry that burden with respect to three allegations of negligence. In Phase 2, Judge Berrigan considered the substantive negligence claims made by the claimants, and concluded that Unique Towing's captain was negligent for failing to add mooring lines between the two barges. However, she rejected two other claims of negligence against Unique, and found that Unique could limit its liability to the $400,000.00 value of the vessel since Unique's managing agents did not have privity or knowledge in the captain's negligence. A judgment to that effect was entered on April 8, 2008. (R.Doc. 930) As part of the judgment, the matter was transferred to this Court for adjudication of the causation issue, i.e. whether the barge drifted through an existing breach in the levee wall, or whether the breach was caused by the barge. Unique Towing has appealed the finding of negligence made against it.

ARGUMENT

1.     The Amended Complaint violates the monition.

The July 17, 2006 Order Restraining Claims clearly enjoins the prosecution of all actions against Unique Towing or its insurers except inside the limitation action. By filing this complaint outside of the limitation proceeding, the Mumford plaintiffs are clearly in breach of that order. If this action is allowed to proceed, it would frustrate one of the purposes of the limitation act, which is to create a concursus in which all claims against the shipowner must be brought in one proceeding. For these reasons, Unique Towing asks that the amendment not be permitted against Unique and its alleged underwriters, Boston Old Colony, Continental, and CNA.[1]

2.     Certain claims are time-barred

A review of the record in 05-4419 shows that certain of the named plaintiffs in the proposed amendment did not file claims in the Unique limitation proceeding prior to the August 29, 2006 deadline. The names of the claimants represented by Messrs. Gilbert, et al appear in R.Doc. 223 and R.Doc. 226, C.A. No. 05-4419. Of the seven named plaintiffs here, three of them did not file claims. These three are Ethyl Mae Mumford, Josephine Long Richardson and Jimmie Ronnell Harris. As the Clerk has entered a default (Ex. 3) in the Unique limitation proceedings barring further claims, these three plaintiff's claims should not be permitted.

---

[1] Plaintiffs have improperly named the insurer. The correct party is "Continental Insurance Company, as successor to the Boston Old Colony Insurance Company." "CNA" is not an insurer, but a trade name for the parent or holding company of a number of insurance companies.

4

3.      The remaining claims are subject to dismissal under the first-in time rule

The four remaining named plaintiffs, Michael Riche, Jacob and Dianne Glaser, Herman and Aida Koch, and Arcola Sutton, have all previously filed claims in the Unique limitation proceeding. (See, R.Doc. 223, C.A. 05-4419). Under the "first-in-time rule," where two suits raise identical claims, the second suit is ordinarily enjoined or dismissed so as to avoid duplicative litigation. This is committed to the sound discretion of the Court. *In re Multidistric Litigation re Air Crash Disaster Near Brunswick, Georgia,* 879 F.Supp. 1196 (N.D. Ga. 1994); *Smith v. McIver,* 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824); *Kerotest Mfg. Co. v. C-O-Two Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Semmes Motors, Inc. v. ford Motor Co.,* 429 F.2d 1197 (2nd Cir. 1970); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir. 1971). Since these plaintiffs have previously filed claims against Unique, there is no reason to permit them to amend to assert those claims in a separate proceeding.

4.      Class actions are not permitted in limitation.

As Judge Berrigan has previously ruled, class action claims may not be brought against a limitation petitioner. In *Lloyds' Leasing v. Bates,* 902 F.2d 368 (5th Cir. 1990), a tanker ran aground near Cameron Louisiana on July 30, 1984 causing a massive oil spill. The ship owner promptly filed an action for limitation of liability. Bates and five others who filed claims in the limitation proceeding subsequently sought class certification on October 6, 1987. The district court denied the request for class certification.

After first finding jurisdiction over the appeal (because these fishermen were not permitted to present claims), this Court discussed whether class action claims could be filed within a limitation action. In finding that class action claims may not be filed in this setting, the Fifth Circuit noted the differences in the procedures established by Rule 23 and Rule F of the

5

Supplemental Rules for Certain Admiralty and Maritime Claims. In particular, the Court observed that Rule F requires all claimants to file their claims or be barred, while Rule 23 permits potential class members to opt out. In addition, the notice required by Rule F is much more restrictive, as it permits potential claimants to be notified by publication, while Rule 23 requires individual notice to all claimants who can be identified by the best notice practicable under the circumstances. Finally, the Court observed that "the entire thrust of Rule F is that each claimant must appear individually," something entirely inconsistent with a class action. *Id.* at 370. For these reasons, the Court refused to allow class action claims to be filed within the ship owner's limitation action.

Judge Berrigan has followed *Bates* in the Ingram and Unique limitation proceedings. See, *In re Ingram Barge,* 2006 WL 1004998 (E.D.La. April 12, 2006); 2006 WL 5372855 (E.D.La. October 19, 2006). Class action claims of the type proposed to be filed here against Unique are simply not permitted against a limitation petitioner such as Unique.

For the foregoing reasons, Unique Towing asks that the Court deny plaintiffs leave to file the Seventh Amended Consolidated Class Action Complaint against it and its alleged insurers, Continental Insurance Company, Boston Old Colony Insurance Company, and CNA

Respectfully submitted this 6th day of October, 2008.

WAITS, EMMETT & POPP

s/John F. Emmett_____
John F. Emmett (La. Bar. No. 1861), T.A.
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: (504) 581-1301
Telecopier: (504) 585-1796
Attorneys for Unique Towing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all counsel of record by filing same using the Court's electronic filing system, or, for those parties who do not participate in the electronic filing system, by first class mail, facsimile or electronic mail, this 6th day of October, 2008.

s/ John F. Emmett