U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
FILED
2006 JUL 19 PM 2:56
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF UNIQUE TOWING, INC. and JOSEPH C. DOMINO, INC., as owners or alleged owners and operator of the M/V REGINA H, in a Cause for Exoneration From or Limitation of Liability | CIVIL ACTION<br><br>NO. **06-3313**<br><br>SECTION<br><br>**SECT. K MAG 2**<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

### ORDER APPROVING *AD INTERIM* STIPULATION, DIRECTING ISSUANCE OF NOTICE, AND RESTRAINING PROSECUTION OF CLAIMS

A *Complaint-in-Limitation* having been filed herein by Unique Towing, Inc. and Joseph C. Domino, Inc., as the owner and alleged owner of the M/V REGINA H, for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 181-196, and all laws supplementary thereto and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, for any loss, damage, injury, or destruction caused by or resulting out of the incident occurring on August 29, 2005, as more fully described in the *Complaint-in-Limitation*;



EXHIBIT 1

1

And the *Complaint-in-Limitation* having stated that the value of Unique Towing, Inc.'s and Joseph C. Domino, Inc.'s interest in the M/V REGINA H and its pending freight, if any, at the time of the aforesaid incident does not exceed four hundred thousand dollars and zero cents ($400,000.00), as set forth in the *Unsworn Declaration Pursuant to 28 U.S.C. § 1746*, executed by John Wiggins, and referenced within the *Complaint-in-Limitation* filed by the Petitioners herein; and

Unique Towing, Inc. and Joseph C. Domino, Inc., having deposited in the Court security for the benefit of claimants, in the form of an Ad Interim Stipulation with surety not less than or equal to the amount or value of their interest in the M/V REGINA H;

**NOW, THEREFORE**, on the motion of Emmett, Cobb, Waits & Henning, attorneys for Petitioners, it is ordered as follows:

(1) The above-described *Ad Interim Stipulation* for value with surety, deposited by Petitioners with the Court for the benefit of claimants in the sum of $400,000.00, as security for the amount or value of Petitioners' interest in the M/V REGINA H, be and same is hereby approved;

(2) The Court, upon motion, shall cause due appraisement of such value, and may thereupon order the said security increased or reduced, if it finds the amount of value insufficient or excessive, and upon demand, the Court may similarly order an increase or reduction if it finds that such order is necessary to carry out the provisions of 46 U.S.C. § 183, as amended;

(3) A notice shall be issued by the Clerk of Court to all persons asserting claims with respect to which the *Complaint-in-Limitation* seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court in writing, and to serve on counsel for Petitioners a copy thereof on or before ___ August 29 ___, 2006, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on counsel for Petitioners an answer to the

2

*Complaint-in-Limitation* on or before the said date, unless his claim has included an answer to the *Complaint-in-Limitation*, so designated, or be defaulted;

(4) The aforesaid notice shall be published in the *Times-Picayune* once a week, for four successive weeks, prior to the date fixed for the filing of the claims, as provided by the aforesaid Rule F; and copies of the notice shall also be mailed to any known claimants;

(5) The further prosecution of any and all actions, suits, and proceedings already commenced, and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Unique Towing, Inc., Joseph C. Domino, Inc. and the M/V REGINA H, or their underwriters, or against any property of such parties, except in this action, to recover damages for or in respect of any loss of life, injury, loss, destruction, and/or damages caused by or resulting out of the incident which occurred on August 29, 2005, as more fully described in the *Complaint-in-Limitation*, be and they are hereby restrained, stayed, and enjoined until the hearing and determination of this action; and

(6) Service of this Order as restraining order may be made by mailing a conformed copy thereof by certified mail to the person or persons to be restrained, or to their respective attorneys, or alternatively, delivered by hand.

New Orleans, Louisiana, this the 17th day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE                    CIVIL ACTION
COMPLAINT OF INGRAM BARGE
COMPANY, AS OWNER OF THE                No. 05-4419
ING4727, PETITIONING FOR
EXONERATION FROM OR                     SECTION "C"
LIMITATION OF LIABILITY

ORDER AND REASONS

Before the Court is a Motion to Strike Claim and Jury Demand filed by Unique Towing, Inc. and Joseph C. Domino, Inc. (collectively, "Petitioners") (Rec. Doc. 255). Petitioners assert that a class action proceeding is incompatible with a limitation proceeding and request that the Court apply its prior ruling in this case regarding class action allegations. See, Rec. Doc. 128. The referenced ruling (1) struck the claimants' class action allegations, and (2) required all claimants to appear individually and present their claims in accordance with Rule F and this Court's Order of September 30, 2005 (Rec. Doc. 4). *Id.* Petitioners also pray that this Court strike Claimants' jury demand. Claimants oppose the motion. The motion is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the arguments and the applicable law, the Court hereby **GRANTS** Petitioners motion for the following reasons.

**1. Class Action Allegations**



In their motion, Petitioners cite *Lloyds' Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990), which clearly stands for the proposition that "[C]lass representation in the sense of Rule 23" is fundamentally incompatible with a limitation proceeding. This Court has already applied that proposition to this case. See, Rec. Doc. 128. Claimants have not offered any new arguments as to why the holding of *Lloyds' Leasing* should not be applied to this case. Therefore, the Court reaffirms its prior ruling in this case and hereby strikes Claimants' class allegations.

## 2. Jury Demand

Federal Rule of Civil Procedure 38(e) provides that there is no right to trial by jury of issues in an admiralty or maritime claim. See, *Waring v. Clark*, 46 U.S. 441, 5 How. 441, 12 L.Ed. 226 (1847). Furthermore, jury trials are generally not available in limitation of liability actions. *Beiswenger Enterprises Corp v. Carletta*, 86 F.3d 1032 (11th Cir. 1996); *Doughty v. Nebel Towing*, 270 F.Supp. 957 (E.D.La. 1967); *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999). However, if the limitation is denied, the claimants may elect to proceed before a jury with other actions. *Pershing Rentals v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1010 (4th Cir. 1985).

In the case at bar, Claimants are proceeding in a limitation action. On September 30, 2005, this Court entered an order restraining all claims outside the limitation proceeding as required by Rule F. See, Rec. Doc. 4. Thus, while the limitation action is pending, there is no right to trial by jury. If and when limitation is denied, the Court will revisit the jury demand issues, pursuant to motions from the parties.

For the reasons stated above,

**IT IS ORDERED** that Petitioners' Motion to Strike Claim and Jury Demand is

2

**GRANTED.**

**IT IS FURTHER ORDERED** that Claimants appear individually in accordance with Rule F and this Courts Order of September 30, 2005 (Rec. Doc. 4).

New Orleans, Louisiana, this 19th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE



## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF INGRAM BARGE COMPANY, ETC.<br><br>APPLIES TO:<br>THE COMPLAINT OF UNIQUE TOWING, INC.<br>and JOSEPH C. DOMINO, INC. (06-3313) | CIVIL ACTION NO. 05-4419<br>AND CONSOLIDATED CASES<br><br>SECTION "C"<br>JUDGE BERRIGAN<br><br>MAGISTRATE: (2)<br>JUDGE WILKINSON |

### ORDER NOTING DEFAULT

Unique Towing, Inc. and Joseph C. Domino, Inc., ("Unique/Domino")as owner of the M/V REGINA H, having filed this action seeking exoneration from or limitation of liability; and the Court having entered an Order on July 17, 2006, directing that a Notice be issued to all persons and/or entities asserting claims for damages because of the matter set forth in the Complaint for Exoneration from or Limitation of Liability, directing them to file their claims and answers with the Clerk of this Court on or before August 29, 2006, and to serve a copy on counsel for petitioners; and the said Notice having been published as required by law, and a copy of the said Notice and Order having been mailed to those persons and/or entities who have made written claim against Unique/Domino; and the time for submitting claims has expired;



**NOW, ON MOTION** of counsel for petitioners;

**IT IS HEREBY ORDERED** that the default of all persons and/or entities claiming damages for any loss, damage, injury, or destruction occasioned by or resulting from the incident described in the Complaint occurring on or about August 28 or 29, 2005, or in any way arising out of or in connection with the matters set forth in the Complaint, who have not heretofore filed or served on counsel for petitioners both their claims and answers herein or secured an order for an extension of time to file and serve their claims and answers, be and the same is hereby noted, and that said persons and/or entities in default are hereby barred from filing and serving any claims and answers in this action.

New Orleans, Louisiana, this 22nd day of September, 2006.

**LORETTA G. WHYTE, CLERK OF COURT**

By: _____
Deputy Clerk

-2-