UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br><br><br> PERTAINS TO: <br><br> MRGO and LEVEE | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAG. WILKINSON |

**DEFENDANT WASHINGTON GROUP INTERNATIONAL'S
OPPOSITION TO MRGO AND LEVEE PSLCs' JOINT MOTION TO
MODIFY CASE MANAGEMENT ORDER NO. 7 TO DEFER
<u>CLASS ACTION CERTIFICATION PROCEEDINGS</u>**

Defendant Washington Group International, Inc. ("WGII") respectfully opposes plaintiffs' latest attempt to defer the class-certification proceedings in the LEVEE and MRGO cases.

**<u>INTRODUCTION</u>**

Three years into this litigation, more than a year after the deadline for class-certification discovery, and after already receiving one extension to delay the class proceedings, plaintiffs once again seek to delay indefinitely the decision of whether the claims asserted in the MRGO and LEVEE cases can be certified as a class under Rule 23 and governing Fifth Circuit

947735v.1

authority. Plaintiffs' request, if granted, would only further delay the litigation and prejudice WGII and other parties. Plaintiffs have already been given a one-year continuance of the class-certification hearing, after defendants complied with the accelerated class-certification schedule set by the Court in early 2007. To delay these proceedings indefinitely to await a decision in *Robinson* — a case that is in no way representative of the class certification issues — ignores Rule 23 and its requirement for a class determination as soon as practicable. It would also jeopardize the trial date scheduled by the Court in CMO No. 7.

Indeed, plaintiffs now propose to "do over" the preparation for the expedited class-certification decision they once sought. Plaintiffs say that, after the *Robinson* decision, there would be an "inevitable" resubmission of their class motion and a reworking of their class briefs. Since *Robinson* is in no way representative of MRGO and LEVEE, there is no such inevitability. In any case, although such an untimely amendment to the Master Class Complaints and/or the Motions to Certify would be opposed, the notion of repeating class preparation and briefing, as the plaintiffs now propose, would be untimely, prejudicial, inefficient and ultimately wasteful. It would also be unworkable given the other deadlines in the Court's scheduling order. The parties should not be required to focus on final merits discovery and the impending trial without the benefit of the preliminary decision whether a class will be certified.[1] Plaintiffs' proposal for further delay should therefore be denied as untimely, unnecessary, prejudicial to the other parties, and disruptive to the schedule set by this Court.

---

[1] Nor could the Court's trial date of July 2009 be maintained if the class decision was to be postponed until April 2009 or later, as plaintiffs propose, because it is inevitable that either plaintiffs or defendants will seek an immediate appeal under Rule 23(f) of any decision on class certification. Moreover, although defendants maintain that no class can be certified encompassing the widely varying claims here, were any class to be certified and upheld on appeal, class notice would still have to be completed before any trial could proceed.

## PROCEDURAL BACKGROUND

Over a year and a half ago, plaintiffs represented to the Court that they would be prepared to present the class issues in less than eight months. As a result of this representation, the Court issued a Case Management Order (Order No. 4) that set the class-certification proceedings for November 3, 2007. The parties then complied with an accelerated eight-month class-certification schedule that included extensive class-certification written discovery, fact depositions, property inspections, the exchanging of expert reports and related expert depositions, *Daubert* motions, and class briefing. Indeed, the defendants spent millions of dollars preparing to defend this class-certification hearing on an eight-month timetable based on the plaintiffs' representations that they would be ready.

Yet, on October 23, 2007, on the eve of the previously scheduled class-certification hearing, plaintiffs (after receiving defendants' class-opposition briefing), moved to delay the class certification hearing, arguing that delay was appropriate, inter alia, to permit the parties and the Court to have the benefit of a trial in *Robinson*. The Court granted plaintiffs' first motion, not based upon their argument that *Robinson* necessitated a delay, but instead holding that the threshold motions involving the United States and WGII as defendants should be decided first. *See* Nov. 7, 2007 Order and Reasons. (Doc. No. 8928) Then plaintiffs agreed to and jointly submitted a new Case Management Order (Order No. 7), providing that the motions for class certification "shall be heard on December 9, 2008 at 9:30 a.m." CMO No. 7 at 6. In fact most of the motions involving the United States and WGII that the Court cited as cause for the delay have been heard or are set for hearing this month and next.

On the eve of this continued class-certification hearing, plaintiffs yet again seek to indefinitely delay this schedule, even though they had agreed to the December 9, 2008 date. In

so doing the plaintiffs again attempt to use *Robinson* as the basis for a delay.  Consistency in erroneous reasoning is no virtue.  Nothing has changed since the Court rejected *Robinson* as an excuse for a continuance.  The MRGO and LEVEE class certification have nothing to do with a liability and damages decision in the *Robinson* case, which involves only one defendant from the LEVEE, MRGO and BARGE cases (the United States), only one type of claim (Federal Tort Claims Act), only one waterway (MRGO), and six plaintiffs from one MRGO class area.[2]

As part of plaintiffs' latest request for delay, they unrealistically claim that an indefinite delay pending a decision in *Robinson* (anticipated in the Spring of 2009) would not impact the remaining trial dates, including the trial on the merits currently set for July 2009.  This claim is unfounded and indefensible.  Essentially, plaintiffs seek to have the preliminary class issues — issues that are to be decided as soon as "practicable" — postponed until within months, perhaps weeks, of the scheduled trial date.  Not only is this timetable not possible — especially taking into consideration the time needed for Rule 23(f) appeals, class notice if any class were to be certified, and necessary pretrial proceedings — if plaintiffs have their way (which would be vigorously opposed as untimely and prejudicial) it would also result in even more costs spent on merits discovery and preparation before the class-certification hearing.  WGII respectfully submits that in order to prepare for a July 13, 2009 trial, the parties and the court will need to know whether the contemplated trial is on behalf of a class or is to be trials of individual plaintiff's claims.  The Court had scheduled to make that determination in January, not

---

[2] In fact the *Robinson* case only involves the Franz household located in the geographic area near the IHNC flood wall.  The others are in Chalmette: one individual plaintiff below Paris Road and a business entity near the river on St. Bernard Highway; and, one plaintiffs' household in New Orleans East.

after a class certification hearing that would be, at the earliest (if plaintiffs' continuance is granted) in late April.

Further disrupting the Court's coordinated management of related cases, plaintiffs request that the class-certification hearing be delayed only with respect to the LEVEE and MRGO plaintiffs. The class proceedings for the BARGE plaintiffs, however, would still be scheduled for December 9, 2008. Since the proposed BARGE class is identical to one of the sub-classes in the MRGO Master Consolidated Class Complaint, that also would be wasteful and inefficient. To permit a class decision to go forward in BARGE while delaying the class decision in LEVEE and MRGO would be improper case management given the overlap between the proposed classes.

## ARGUMENT

### A.   As Plaintiffs Have Conceded, *Robinson* Is Not an "Ideal Representative Case."

Nothing will be learned from a *Robinson* merits trial that will inform class certification. Plaintiffs, after previously emphasizing the differences between this case and *Robinson* in an effort to secure a scheduling order of their liking, now urge that the cases are similar and that the schedule here should be interdependent on *Robinson*. Plaintiffs have not even bothered to state specifically what will be learned in a *Robinson* merits trial that would inform class certification, and their silence on that point is deafening.

The cases cited by plaintiffs do not lend any additional support. As with their previous motion to defer, plaintiffs again cite to "bellwether" cases for the proposition that "[t]here is precedent in this Circuit for th[e] use of trials like *Robinson* to help clarify the conditions for class certification." Pls.' Motion at 5-6. These cases are not applicable here. One

of the cases cited by plaintiffs, for example, was not even a class action. *See In re Chevron*, 109 F.3d 1016, 1022 (5th Cir. 1997) (Jones, J. concurring); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 318 (5th Cir. 1998) (noting that "no form of class action was involved" in *In re Chevron*).

Furthermore, bellwether trials are not used in cases such as this where there is not "a core element of representativeness":

> We stated [*In re Chevron*] that the thirty selected plaintiffs were not shown or chosen so as to be representative of the other plaintiffs, and observed that "[a] bellwether trial designed to achieve its value ascertainment function for settlement purposes or to answer troubling causation or liability issues common to the universe of claimants **has as a core element representativeness** . . . ."

*Cimino*, 151 F.3d at 318 (citing *In re Chevron*, 109 F.3d at 1019) (emphasis added). There is no such element here. The plaintiffs have not made any showing that the six plaintiffs in the *Robinson* case are representative of the hundreds of thousands of proposed claimants in the LEVEE and MRGO consolidated cases. *Cf. In re Chevron*, 109 F.3d at 1019 (finding the 30 cases selected to be bellwether trials were ***not*** representative of the claims of the other 3,000 plaintiffs). Moreover, as described above (and as plaintiffs themselves have admitted), there are no plaintiffs in *Robinson* with claims against any other defendant in the MRGO or Levee cases other than the United States; there is no claim of liability against WGII for overtoppings or levee breaches of the GIWW/MRGO earthen berms and/or levees, and finally there are no plaintiffs in *Robinson* with claims relating to the breach of the levees or floodwalls along the London Avenue, the 17th Street Canal, or the Industrial Canals. Lacking this "core element of representativeness," the Court cannot "draw sufficiently reliable inferences" from the *Robinson* case to assist it in determining whether the plaintiffs have satisfied the requirements for class

certification. *See Cimino*, 151 F.3d at 318 (citation omitted).[3]  Thus, the December 2008 class-certification hearing should ***not*** be stayed pending resolution in *Robinson*.

### B. Defendants Will Be Prejudiced By Plaintiffs' Second Proposed Indefinite Delay of the Class-Certification Proceedings.

Plaintiffs made the unfounded assertion that their "modest modification to CMO 7" will not adversely affect the rights and interests of the defendants in the LEVEE and MRGO litigation. Pls.' Motion at 8. Significantly, this is the same representation made by the plaintiffs in their prior motion to defer, *i.e.*, that the parties would not be adversely affected by "this modest modification to CMO 4." Contrary to this assurance, however, after the class-certification decision was deferred the first time, a new Case Management Order (CMO 7) had to be proposed, and the schedule — including the remaining dates — significantly changed. That would similarly have to be the case here. Plaintiffs seek to defer the class certification proceedings until sometime after April 2009. Plaintiffs' newly proposed schedule would thus provide for just months, possibly weeks, between the class hearing and the current July 13, 2009 merits trial date. This could not realistically allow sufficient time for any likely appeal under Rule 23(f) and class notice (assuming that any potential certification were to withstand appeal), let alone basic pretrial preparation and proceedings.

---

[3] Notably, while the plaintiffs also cite *In re Norplant Contraceptive Prods. Litig.*, 165 F.3d 374, 376 (5th Cir. 1999), for the proposition that there "is precedent in this Circuit for th[e] use of trials like *Robinson* to help clarify the conditions for class certification," (Pls.' Motion at 5), the Fifth Circuit in *In re Norplant* never actually considered whether a "bellwether" trial may be used to "help clarify the conditions for class certification." *Id.* Instead, *In re Norplant* simply considered an appeal of a summary judgment decision in favor of defendants in the first of three bellwether cases, which occurred *after* the trial court had preliminarily denied plaintiffs' motion for class certification. *Id.* at 376.

Plaintiffs cite *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 459 (E.D. La. 2006) for the proposition that "rulings in *Robinson* will also assist the parties and this Court in determining the appropriateness of class certification." Pls.' Motion at 5. The distinctions between this case and *In re Vioxx* are to numerous to list here, except to note that this case has far more reasons to deny class certification than *In re Vioxx,* and that class certification was ultimately denied in that case, as it should be here, freeing the parties to resolve the matter in an expeditious manner.

If, as plaintiffs promise, they use the deferral of class-certification proceedings as an opportunity to "refine" the focus of their litigation, and then "modify" their class-certification motions, the inefficiency of this class process and the unnecessary expense to the defendants would only be multiplied. Indeed, plaintiffs assert that it is "inevitable" that their class motions would be modified. Pls.' Motion at 6. Such proposed "modifications" undoubtedly would lead to the submission of new expert opinions, new class representatives, new exhibits, and a new trial plan, not to mention new class-certification briefing. Accordingly, all of the preparations that defendants have already completed — on an expedited basis — would be wasted. In essence what is being proposed is an untimely amendment to the Master Class Consolidated Complaints in LEVEE and MRGO or an untimely amendment to the Motions for Class Certification or both. Such amendments, under the guise of "modifications" would not only be untimely, they would be grossly prejudicial and wasteful.

This Court's efforts to bring order to an otherwise unwieldy and complex litigation should not be nullified by staying the decision of whether or not to certify a class. Rule 23 mandates the decision be made "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." Fed. R. Civ. P. 23(c)(1)(A). Plaintiffs' motion to defer does not provide for proper and orderly case management and thus should be denied.

947735v.1

## CONCLUSION

For all of the foregoing reasons, WGII respectfully requests that plaintiffs' motion to defer class-certification proceedings in the LEVEE and MRGO cases be denied.

Dated: October 7, 2008                               Respectfully submitted,

                                                                                                                                           /William D. Treeby/

Jerome R. Doak                                  William D. Treeby, Bar No. 12901
Margaret I. Lyle                                 Heather S. Lonian, Bar No. 29956
Jones Day                                                  Stone Pigman Walther Wittmann LLC
2727 N. Harwood Street                  546 Carondelet Street
Dallas, Texas 75201                        New Orleans, LA 70130
Telephone: (214) 220-3939           Phone: 504-581-3200
Facsimile: (214) 969-5100           Fax: 504-581-3361

Adrian Wager-Zito
Jones Day                                                  *Attorneys for*
51 Louisiana Avenue, N.W.           *Washington Group International, Inc.*
Washington, D.C. 20001-2113
Phone: 202-879-3939
Fax: 202-626-1700

*Attorneys for*
*Washington Group International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition to MRGO and LEVEE PSLCs' Joint Motion to Modify Case Management Order No. 7 To Defer Class Action Certification Proceedings has been served upon all counsel of record via the Court's CM/ECF electronic notice system, this 7th day of October, 2008.

                                                                            */s/ William D. Treeby*
                                                                             William D. Treeby

947735v.1