IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br><br><br> PERTAINS TO: <br> BARGE, MR-GO, AND LEVEE | * <br> *   CIVIL ACTION <br> * <br> *   NO. 05-4182 <br> *   and consolidated cases <br> * <br> *   SECTION "K" (2) <br> * <br> *   JUDGE <br> *   STANWOOD R. DUVAL, JR. <br> * <br> *   MAGISTRATE <br> *   JOSEPH C. WILKINSON, JR. <br> * <br> * |

**OPPOSITION OF LAFARGE NORTH AMERICA INC. TO THE LEVEE
& MR-GO PSLCS' JOINT MOTION TO MODIFY CASE
MANAGEMENT AND SCHEDULING ORDER NO. 7 TO DEFER CLASS
CERTIFICATION PROCEEDINGS**

Lafarge North America Inc. ("LNA") hereby opposes the Levee and MR-GO PSLCs' motion to defer class certification proceedings until after a decision in the *Robinson* case (Doc. 15241).

CMO No. 7 sets a joint class certification hearing for the MR-GO, Levee, and Barge Tracks for December 9, 2008. In setting a single, joint hearing on the class certification motions in all three tracks, this Court correctly recognized that class certification is properly addressed simultaneously for all three Tracks because of the overlapping nature of both the putative classes and the claims and third-party claims being asserted in the Tracks. The pending motion, which seeks to amend CMO No. 7 to defer the class certification hearing, therefore necessarily applies to the Barge Track as well as the other two and would profoundly affect LNA.

Rule 23(c)(1) provides that the Court "must determine by order whether to certify the action as a class action" at "an early practicable time" after the suit is filed.  By December 9, 2008, this litigation will be well over three years old.  Class certification will have been fully briefed in all three Tracks.  Under those circumstances, any postponement of the class certification hearing and decision unquestionably would contravene both the language and the spirit of Rule 23(c)(1).

Moreover, postponing the class certification hearing until after a decision has been rendered in *Robinson* will make it impossible to try any individual Barge track cases in 2009.  Even if the *Robinson* trial is not further postponed by the parties, it will not begin until late April 2009.  A final judgment is highly unlikely until the fall of 2009, at the earliest.  Accordingly, the present motion effectively proposes to postpone the class certification hearing in the three Tracks by almost a year – until late 2009.  And because no individual Barge Track cases can or should be tried until after class certification has been decided – as both plaintiffs and defendants in the Barge Track have agreed – granting the instant motion may push the trial of any individual Barge Track case well into 2010.

**I.    The Court Has Correctly Scheduled A Single, Joint Class Certification Hearing for All Three Tracks, and Hence Any Postponement Would Apply to the Barge Track As Well**

CMO No. 7 sets a <u>joint</u> hearing on the class certification motions <u>in all three Tracks</u> for December 9, 2008.  Specifically, Section IV of the order provides that "[t]he motions for class certification filed by the Barge Plaintiffs, the MRGO Plaintiffs, and the Levee Plaintiffs shall be heard on December 9, 2008 at 9:30 a.m."  Doc. 12935 at 6.

In setting a joint hearing, this Court correctly perceived that the class certification motions must be considered simultaneously due to the overlapping nature of both the putative

classes and the claims being asserted. For example, the proposed definitions of the Barge and MR-GO classes overlap and would include some of the same individuals. Likewise, because LNA has asserted third-party claims against the United States (and other governmental defendants), the trial of any Barge lawsuit would involve not only the issues implicated by the Barge plaintiffs' claims, but also the same issues that are raised by the MR-GO plaintiffs' claims against the United States.

For the same reasons that it made sense for this Court to set a joint class certification hearing for all three tracks, it necessarily follows that any postponement in the class certification hearing for the MR-GO and Levee tracks would require the same postponement in the class certification hearing for the Barge track. It would not just be inefficient, but would be unfair and lead to inequitable results, for the Court to take up class certification in the Barge track prior to the other tracks.

## II. Plaintiffs Have Not Shown a Compelling Reason for a Postponement, Which Instead Would Be Contravene Rule 23(c)(1)

Federal Rule of Civil Procedure Rule 23(c)(1) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Given that this litigation began in September 2005, it would be impossible to say that a class certification hearing postponed until well into 2009 would be "early" in this litigation. Moreover, the present hearing date is certainly "practicable." By that date, the class certification motions will have been fully briefed in all three tracks, and class certification discovery will have been completed in all three tracks. There is no practicable reason why class certification cannot be heard and decided at that time.

The cases cited by the PSLCs do not suggest that trying the *Robinson* case prior to ruling on class certification is necessary. First, although the court in *Vioxx* noted that several bell-

3

wether trials (held with the parties' consent) had shown that some common issues existed, that was irrelevant to the court's decision to <u>deny</u> class certification based on, among other things, the predominance of individual issues – a conclusion that was <u>not</u> based on the bellwether trials. *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450 (E.D. La. 2006). Second, the court in *Norplant* in fact <u>denied</u> (rather than postponed) class certification in the very order cited by the PLSCs. *In re Norplant Contraceptive Prods. Liab. Litig.*, 168 F.R.D. 577 (E.D. Tex. Aug. 5, 1996). In so ruling, the court explained that it was "of the opinion that a decision on Plaintiffs' pending motion for class certification should be made now rather than later in fairness to Defendants and in compliance with the requirement that a decision be made 'as soon as practicable' under Rule 23(c)(1) of the Federal Rules of Civil Procedure." *Id*. at 578-79. The court also noted that to the extent that the statute of limitation was being tolled by the pendency of the putative class claim, any further delay in ruling on class certification unfairly "would allow potential Norplant plaintiffs to assert their claims later, at a time when the 'evidence has been lost, memories have faded, and witnesses have disappeared.'" *Id*. at 579 (citation omitted). Finally, *Chevron* was not even a class action case and thus says nothing about postponing class certification. *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997).

### III.     Granting the Motion Would Greatly Delay the Trial of Any Barge Track Cases

Delaying the joint class certification hearing necessarily would result in a long delay in the trial of any Barge Track cases. Both the plaintiffs and defendants in the Barge Track have advised the Court of their common view (potentially for different reasons) that class certification should and/or must be decided prior to any individual Barge Track trials. As set forth in LNA's prior submissions (as incorporated herein by reference), Rule 23(c)(1)(A) and applicable caselaw forbid a trial or other merits decision for any named plaintiffs or putative class members prior to

4

a decision on class certification.  See Letter of August 26, 2008 (Attachment A hereto); Doc. 11560 (Attachment B hereto).  Here, there are <u>no</u> Barge plaintiffs who are not either named putative class representatives or members of the putative pending class.  Accordingly, postponement of the class certification hearing necessarily will require a corresponding postponement in the trial of any individual cases.  Conversely, the sooner class certification is determined, the sooner the contours of a trial can be brought into focus.

## **CONCLUSION**

The motion to postpone the joint class certification hearing should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

***Attorneys for Lafarge North America Inc.***

5

October 7, 2008

## **Certificate of Service**

    I hereby certify that I have on this 7th day of October, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

                                    /s/ John D. Aldock