UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, Harrison, 07-7191 | JUDGE DUVAL<br>MAG. WILKINSON |

## REPORT AND RECOMMENDATION

The referenced Harrison case, originally filed by plaintiffs, Fay Harrison and David Harrison III, in the Orleans Parish Civil District Court on August 27, 2007, was removed to this court on October 23, 2007. Record Doc. No. 1 in C.A. No. 07-7191. The Harrison case was thereafter transferred to Section "K"(2) and consolidated with the Katrina Canal Breaches Consolidated Litigation. Record Doc. Nos. 8 and 9 in C.A. No. 07-7191. Plaintiffs' claims in the referenced Harrison case against defendant, Allstate Indemnity Company, concerning coverage under their homeowner's insurance policy for damage to their property at 1 Virginia Court, New Orleans, Louisiana, during Hurricane Katrina in August 2005, are duplicative of claims asserted by these same plaintiffs concerning the same property at 1 Virginia Court, New Orleans, Louisiana, in an earlier filed case, Harrison v. Allstate Insurance Co. et al., C.A. No. 07-7094 "S"(4), which is also pending in this court.

When a party has filed separate lawsuits concerning the same core facts, the district court in which the later action was filed may dismiss or stay the later suit.

> As a general rule, the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.  The first-to-file rule is grounded in principles of comity and sound judicial administration.  Its concern is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result.  This concern applies where, as was the case here, related cases are pending between two judges in the same district.

Carter v. Nicholson, No. 07-20169, 2007 WL 3316086, at *4 (5th Cir. Nov. 8, 2007) (quotation omitted) (citing Save Power Ltd. v. Synteck Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728-31 (5th Cir. 1985)).

The instant Harrison cases are pending before two different district judges in this district.  Accordingly, the concerns cited by the Fifth Circuit apply and, under the first to file rule, this court may dismiss the later filed action.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's claims in Harrison v. Allstate Indemnity Company, Civil Action No. 07-7191, be **DISMISSED WITHOUT PREJUDICE** as duplicative of Civil Action No. 07-7094 "S"(4), which remains pending and active in this court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7th__ day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE