UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br><br>*Boutte v. Lafarge*        05-5531<br>*Mumford v. Ingram*    05-5724<br>*Lagarde v. Lafarge*     06-5342<br>*Perry v. Ingram*          06-6299<br>*Benoit v. Lafarge*       06-7516<br>*Parfait Family v. USA*   07-3500<br>*Lafarge v. USA*          07-5178 | CIVIL ACTION<br><br>Case No.: 05-4182<br>and consolidated cases<br><br>SECTION "K" (2)<br><br>Hon. Stanwood R. Duval, Jr.<br>Magistrate Judge Joseph C. Wilkinson, Jr. |

# BARGE PLAINTIFFS' OPPOSITION TO THE LEVEE & MR-GO PSLCS' JOINT MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER NO. 7 TO DEFER CLASS <u>CERTIFICATION PROCEEDINGS</u>



1

## I.     INTRODUCTION

The BARGE Plaintiffs, through undersigned BARGE Liaison Counsel, hereby oppose the Levee and MR-GO PSLCs' motion to alter CMO No. 7 and defer class certification proceedings until after a decision in the *Robinson* case (Doc. 15241).

Pursuant to Rule 23(c)(1),[1] this Court Ordered (by way of CMO No. 7) that a joint class certification hearing was set for the MR-GO, Levee, and Barge Tracks on December 9, 2008. Significantly, the BARGE Plaintiffs, through five separate law firms, relied upon that Order and undertook the time, effort and significant monetary expense necessary to file their Motion for Class Certification within this Court's scheduling deadline.

The Levee and MR-GO PSLCs' pending motion now seeks to amend CMO No. 7 to defer the class certification hearing (for potentially up to one year) based on hopes that the trial in *Robinson* will somehow shed light on certification issues in the MR-GO and Levee cases. Yet, as adjudication of *Robinson* is completely irrelevant to any issue at play in the BARGE cases, none of the justifications put forward by the Levee and MR-GO PSLC apply in any way to the BARGE Plaintiffs. Thus, there is absolutely no justification for any alteration of CMO No. 7 to the Barge Track.

Indeed, as this Court has set a class certification hearing date, and as the BARGE Plaintiffs have relied upon that date in filing their Motion, any postponement of the class certification hearing and decision would not only contravene the language and spirit of Rule 23(c)(1), it would serve to prejudice the BARGE Plaintiffs.  Moreover, postponing the class certification hearing until after a decision has been rendered in *Robinson* will make it impossible to try any individual Barge track cases in 2009.  For these reasons, the Levee and MR-GO PSLCs' motion to alter CMO No. 7 and defer class certification should either be denied in full, or at a minimum, be denied as to the BARGE track.

---

[1] Rule 23(c)(1) provides that the Court "must determine by order whether to certify the action as a class action" at "an early practicable time" after the suit is filed.



**II.     ARGUMENT**

    **A.     DEFERRING CLASS CERTIFICATION WILL NOT PROMOTE MORE EFFECTIVE CASE MANAGEMENT OR A MORE INFORMED CLASS CERTIFICATION DETERMINATION**

Levee and MR-GO PSLC have it wrong; Deferring class certification to permit litigation of claims in *Robinson* will **not** promote more effective case management or a more informed class certification determination.

As Levee and MR-GO PSLC tacitly admit in their moving papers, adjudication of *Robinson* will not decide **any** contested factual or legal issue that is remotely pertinent to the BARGE litigation tract. The contested issues in BARGE involve only whether (1) the unique Defendants in that action were negligent, (2) whether Barge ING 4727 caused the breaches to the East wall of the Industrial Canal, and (3) the measure of class damages. A trial and subsequent ruling in *Robinson* will not inform the BARGE Plaintiffs of their strengths and weaknesses of their case as the Levee and MRGO PSLCs suggest. Indeed, as the loss of each putative BARGE class member flows from a single, identical event – the breach of the East wall of the Industrial Canal by the breakaway of Barge ING 4727 – a timely BARGE Class Certification Hearing is the only event that will facilitate the efficient and orderly management of the other pending claims in the Consolidated Litigation.

To that end, Levee and MR-GO PSLC's are wrong when they make the sweeping claim that the rulings in *Robinson* will (1) will facilitate efficient and orderly management of the other pending claims in the Consolidated Litigation, or (2) assist the parties and this Court in determining the appropriateness of class certification. The BARGE Plaintiffs are best served, not by bellwether proceedings, but by the class action determination that the Levee and MRGO PSLC now militate against for the second time.

    **B.     DEFERRING THE HEARING ON CLASS CERTIFICATION WILL UNDULY PREJUDICE THE BARGE PLAINTIFFS**

Significantly, the BARGE Plaintiffs – in reliance on this Court's scheduling order – have undertaken the significant cost and effort necessary to timely file their Motion for Class

3



Certification.  Such resources not only include the time and effort of nearly a dozen attorneys that were needed to complete the numerous tasks attendant to filing a certification motion of this magnitude, but also the investment of substantial funds (in the multiples of hundreds of thousands of dollars) to ensure that the BARGE Plaintiff's Motion was filed within the deadline set by this Court.   When these facts are considered, postponing the class certification hearing can only serve to prejudice the Barge Plaintiffs.  Such prejudice will necessarily result, not only by the fact that litigation costs will continue to accrue while the BARGE Plaintiffs' Motion for Class Certification to languishes idle, but also by the fact that BARGE Defendants would be the beneficiary of any such an extension in having an unlimited period of time in which to respond to Plaintiffs' Motion.  Significantly, as adjudication of *Robinson* has no rational bearing on any issue involved in the BARGE litigation, any such prejudice cannot be justified as furthering any legitimate policy relating to judicial efficiency.

At a minimum, this Court owes a duty to not to injure the interests of the proposed BARGE class – a duty that cannot be cast to the side based on Levee and MR-GO PLSC's speculation that adjudication of *Robinson* may or may not assist this Court's determination of whether a class in the proposed Levee and MR-GO cases should be certified.  For this reason, this Court must deny any request to extend this Court's scheduling order as it pertains to the BARGE Plaintiffs.

### III. CONCLUSION

For these reasons, the Levee and MR-GO PSLCs' motion to alter CMO No. 7 and defer class certification should either be denied in full, or at a minimum, be denied as to the BARGE track.

Dated: September 29, 2008                                     Respectfully submitted,


By: _____

SHAWN KHORRAMI  (CA Bar#180411)
DYLAN POLLARD  (CA Bar #180306)
MATT BAILEY  (CA Bar #218685)



        H. SCOTT LEVIANT  (CA Bar #200834)
        444 S. Flower St., Thirty-Third Floor
        Los Angeles, California 90071
        Telephone:     (213) 596-6000
        Facsimile:      (213) 596-6010
        skhorrami@kpalawyers.com
        dpollard@kpalawyers.com
        hsleviant@kpalawyers.com
        mbailey@kpalawyers.com


        /s/  Brian Gilbert
        Brian A. Gilbert, Esq.(21297)
        Law Office Of Brian A. Gilbert, P.L.C.
        821 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 885-7700
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        bgilbert@briangilbertlaw.com


        /s/  Lawrence D. Wiedemann
        Lawrence D. Wiedemann.(13457)
        Karl Wiedemann (18502)
        Karen Wiedemann (21151)
        WIEDEMANN & WIEDEMANN
        821 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        lawrence@wiedemannlaw.com
        karl@wiedemannlaw.com
        karen@wiedemannlaw.com


        /s/  Patrick J. Sanders
        Patrick J. Sanders (18741)
        3316 Ridgelake Drive
        Suite 100
        Metairie, LA 70002
        Telephone: 504-834-0646
        pistols42@aol.com



5

/s/  Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, PLLC
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
Facsimile:  800-805-1065
and 202-828-4130
rick@rickseymourlaw.net

*Attorneys for Barge Plaintiffs*

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this 7th day of October 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

                                                      /s/  Brian Gilbert, Esq.