UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| *In Re: KATRINA CANAL BREACHES* | * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| *CONSOLIDATED LITIGATION* | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |

**PERTAINS TO:**

**INSURANCE 07-3406** (Gafur v. Allstate)

## STATEMENT OF UNCONTESTED MATERIAL FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes the defendant herein, Allstate Insurance Company ("Allstate"), and which, in support of its Motion for Summary Judgment to dismiss the dwelling and contents claims of the plaintiffs, Asif Gafur and Aliya Asif, avers that the following material facts are not in dispute:

1. Prior to the passage of Hurricane Katrina, Allstate issued a policy bearing policy number 031384778 for homeowners coverage to Aliya and Asif Gafur for certain property located at 4659 Chalmark Drive, New Orleans, LA 70127.

2. The policy issued by Allstate to plaintiffs provided coverage for their dwelling with limits of $143,000, coverage to other structures in the amount of

$14,300, and coverage for personal property (contents) in the amount of $71,500. (See Allstate declarations sheet attached as Exhibit "A").

3. Prior to the events of Hurricane Katrina, plaintiffs, Asif Gafur and Aliya Asif, had also purchased flood insurance for the property located at 4659 Chalmark Drive, New Orleans, LA. The policy of flood insurance purchased by plaintiffs was a WYO policy issued through the NFIP, and administrated by Allstate, bearing policy number 000000280035496. The flood policy purchased by plaintiffs provided flood coverage on the dwelling owned by them in the amount of $139,200, and coverage for the contents in the amount of $16,600. (See Exhibit "B").

4. After the events of Hurricane Katrina, Allstate, in its capacity as the flood carrier, conducted an inspection of the plaintiffs' property at the aforementioned address on November 1, 2005. As a result of the inspection, the adjuster, Paul Pearson, estimated the dwelling damages from flood to be extensive and, in the flood narrative report, indicated that the full amount of dwelling payments and contents payments would be made to the plaintiffs. (See Exhibit "C"). In conjunction with the flood narrative, Allstate also prepared a National Flood Insurance Program final report which indicated that the total damage sustained by flood to the plaintiffs' home amounted to $228,942 which, after taking into account a $500 deductible, left an uninsured loss under the flood policy, for damages due to flood, in the amount of $89,242. (See Exhibit "D").

5. In addition to the estimate of dwelling loss from flood, Allstate also prepared a contents loss estimate relating to the flood damage. In regards to that contents estimate, the flood claims handler, upon viewing the extent of flood damage to the home, simply replaced all of the contents in every room of the home (see Exhibit "E") for a total of $31,000 in contents losses. In light of the extent of those losses, as mentioned, the flood claims handler paid out the extent of limits on contents coverage, a total of $16,600.

6. Subsequent to the events of Hurricane Katrina, Allstate also inspected the plaintiffs' property and prepared an estimate for wind damage to the plaintiffs' roof. (See Exhibit "F"). In addition to the estimate for damages to the roof, Allstate also prepared a wind damage estimate for damage to other structures. (See Exhibit "G").

7. Based on the estimates of exterior wind damage, Allstate issued a payment under the dwelling coverage for $6,746.95, a payment under the "other structures" coverage for $1,011.56, and paid $2,500 in additional living expenses to the plaintiffs for a total of $10,258.51. Allstate paid zero on contents to the plaintiffs on the basis that all contents had been damaged by flood.

8. Allstate's policy, in regards to dwelling coverage (coverages A and B), states as follows:

> "We do not cover loss to the property described in Coverage A-Dwelling Protection or Coverage B-Other Structures Protection consisting of or caused by:

3

    1.    Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or a spray from any of these, whether or not driven by wind...."

9.    Allstate's policy herein also sets forth, under the personal property "contents" protection as follows:

"We do not cover loss to the property described in Coverage C-Personal Property Protection caused by or consisting of:

    1.    Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or a spray from any of these, whether or not driven by wind...."

Respectfully submitted,

/s/ Scott G. Jones
Scott G. Jones (Bar No. 14408)
1331 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: 985-624-9920
Facsimile: 985-624-9940
scott@inabnetjones.com

## CERTIFICATE OF SERVICE

I certify that on this $\underline{8}$ day of October, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

/s/ Scott G. Jones
Scott G. Jones

4