UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | : | CIVIL ACTION |
| **CONSOLIDATED LITIGATION** | : | |
| | : | Case No. 05-4182 |
| **PERTAINS TO: BARGE** | : | and consolidated cases |
| | : | |
| | : | SECTION "K" |
| *Weber v. Lafarge  08-4459* | : | |
| | : | **MEMO IN SUPPORT** |
| | : | **MOTION TO STRIKE etc.** |
| | : | |
| | : | Hon. Stanwood R. Duval, Jr. |
| | : | Mag. Judge Joseph Wilkinson |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, DISMISS
AND/OR STAY COMPLAINT FILED ON BEHALF OF UNIQUE TOWING, INC.**

**MAY IT PLEASE THE COURT:**

Unique Towing, Inc. now moves to strike and/or stay the complaint filed in C.A. 08-4459 by plaintiffs Weber, Gibson and McFarland on two grounds. First, the filing of this action against Unique violates the monition entered in Unique's limitation proceeding which was filed in June, 2006 and originally assigned to Section "C" of this Court. Second, each of these plaintiffs has previously filed a claim in Unique's limitation proceeding, and therefore this action should be stayed as against Unique so as to prevent duplicative litigation.

FACTAL BACKGROUND

On August 27, 2005, Lafarge North America contacted Joseph C. Domino, Inc., a marine transportation broker, to dispatch a small tug to "top around" two barges berthed at its cement facility located in the Industrial Canal so that the loaded barge would be inboard of the empty barge. Domino sent the tug REGINA H, which is owned and operated by Unique Towing, to

1

Lafarge's facility. When the tug arrived, all Lafarge personnel had left the facility. The crew of the REGINA H was not asked to and did not adjust the mooring lines between the two barges docked at the facility. After the barges were "flipped," the REGINA H departed the facility. The empty barge, ING 4727, broke free during Hurricane Katrina two days later. Plaintiffs allege that the barge, which was came to rest undamaged on a residential street in the Lower Ninth Ward after the storm, caused two breaches in the Industrial Canal levee wall.

Ingram, the owner of the barge, filed a limitation action in C.A. No. 05-4419 which was assigned to Section "C" of this Court. Numerous suits were filed in the wake of the devastation which followed the breach of the Industrial Canal levee wall against Lafarge and other parties which were consolidated into the Ingram limitation proceeding. In one of these actions involving the Parfait Family *et al*, an amended complaint was filed naming Unique Towing as a defendant. These same plaintiffs also filed claims in the Ingram limitation proceeding, and brought third party claims against Unique in that proceeding. Unique responded by initiating an action for exoneration from and/or limitation of liability pursuant to 46 U.S.C. §183 *et seq.* in C.A. 06-3313 which was consolidated into the Ingram action. This action was transferred to Section "C," and on July 17, 2006, Judge Berrigan issued an "Order Approving *Ad Interim* Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims." (Exhibit 1 hereto). In that order, all pending and future claims or suits against Unique Towing, the M/V REGINA H or their underwriters, or against their property, were restrained, enjoined and stayed. This order has never been modified or lifted. Judge Berrigan directed that all claims against Unique Towing be filed in the limitation proceeding no later than August 29, 2006.

Numerous claims were filed against Unique in those proceedings. Among those was a claim filed on behalf of the Parfait Family, *et al*, which was brought on behalf of individually

named claimants and as a class action on behalf of all similarly situated persons. Among those individuals who filed claims were the three plaintiffs in this action, Daniel Weber, Melba Gibson and Kevin McFarland. (Ex. 2 hereto) Their claims in Unique's limitation proceeding have never been stayed by order of this Court or any other Court.

Judge Berrigan tried the matter in phases. In Phase 1, she considered whether the limitation plaintiffs had carried their burden of proving an absence of privity or knowledge of their alleged acts of negligence, and concluded that Unique Towing had failed to carry that burden with respect to three allegations of negligence. In Phase 2, Judge Berrigan considered the substantive negligence claims made by the claimants, and concluded that Unique Towing's captain was negligent for failing to add mooring lines between the two barges. However, she rejected two other claims of negligence against Unique, and found that Unique could limit its liability to the $400,000.00 value of the vessel since Unique's managing agents did not have privity or knowledge in the captain's negligence. A judgment to that effect was entered on April 8, 2008. (R.Doc. 930, C.A. 05-4419) As part of the judgment, the matter was transferred to this Court for adjudication of the causation issue, i.e. whether the barge drifted through an existing breach in the levee wall, or whether the breach was caused by the barge. Unique Towing has appealed the finding of negligence made against it.

ARGUMENT

1. The Complaint violates the monition.

The July 17, 2006 Order Restraining Claims clearly enjoins the prosecution of all actions against Unique Towing or its insurers except inside the limitation action. By filing this complaint outside of the limitation proceeding, the plaintiffs are clearly in breach of that order. If this action is allowed to proceed, it would frustrate one of the purposes of the limitation act,

which is to create a concursus in which all claims against the shipowner must be brought in one proceeding. For these reasons, Unique Towing asks that the complaint be stricken as against Unique Towing.

2.  The claims are subject to dismissal or stay under the first-in time rule

The plaintiffs have all previously filed claims in the Unique limitation proceeding. Under the "first-in-time rule," where two suits raise identical claims, the second suit is ordinarily enjoined or dismissed so as to avoid duplicative litigation. This is committed to the sound discretion of the Court. *In re Multidistric Litigation re Air Crash Disaster Near Brunswick, Georgia,* 879 F.Supp. 1196 (N.D. Ga. 1994); *Smith v. McIver,* 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824); *Kerotest Mfg. Co. v. C-O-Two Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Semmes Motors, Inc. v. ford Motor Co.,* 429 F.2d 1197 (2nd Cir. 1970); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir. 1971). Since these plaintiffs have previously filed claims against Unique, there claims should be dismissed and/or stayed.

Respectfully submitted this 8th day of October, 2008.

                                            WAITS, EMMETT & POPP

                                            s/John F. Emmett
                                            John F. Emmett (La. Bar. No. 1861), T.A.
                                            1515 Poydras Street, Suite 1950
                                            New Orleans, Louisiana   70112
                                            Telephone:  (504) 581-1301
                                            Telecopier:  (504) 585-1796
                                            Attorneys for Unique Towing, Inc.

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all counsel of record by filing same using the Court's electronic filing system, or, for those parties who do not participate in the electronic filing system, by first class mail, facsimile or electronic mail, this 8th day of October, 2008.

s/ John F. Emmett