UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                NO. 05-4182

PERTAINS TO:                                                    SECTION "K"(2)
    05-4181
    06-1885
    06-4024
    06-4389
    06-5771
    06-5786
    06-6099
    07-0206
    07-3500
    07-3612
    07-5023
    07-5040

## ORDER AND REASONS

Before the Court is "Plaintiffs' Objections to and Motion to Review Magistrate's Hearing and Order on Motion (Record Document No. 12182)" filed by Ashton O'Dwyer. (Doc. 12481). Plaintiffs object to and move for review of the April 2, 2008 Order claiming that the rulings therein are clearly erroneous and contrary to law and that Magistrate Judge Wilkinson abused the discretion vested in him in so ruling. The Court finds no merit in the motion.

On March 12, 2008, Plaintiffs' Motion for Protective Order Re: Notice of Depositions (Doc. 11298) was to be heard. The motion concerned the issuance of a protective order with regard to Doc. No. 11253 by which plaintiffs' counsel had noticed the depositions of Jonathan B. Andry and Calvin C. Fayard, Jr. concerning a Motion to Disqualify Counsel. Counsel for plaintiffs failed to file an opposition to the motion, and failed to appear at the hearing. Based on

these defalcations and more importantly on the law disfavoring such action, the Motion for Protective Order was granted.  (Doc. 11615).

A Motion for Reconsideration was filed on March 13, 2008 (Doc. 11623).  Magistrate Judge Wilkinson denied that motion finding that:

> Specifically, plaintiffs seek this discovery essentially for three stated purposes. The first is in connection with a motion to disqualify Judge Duval, which has already been denied.  Record Doc. No. 11357.  This proposed discovery was not and is not needed in connection with that matter, which has already been decided. The second stated purposed is in connection with a motion to disqualify counsel. Two such motions are pending in this court and are under active consideration. One such motion, filed by various insurance companies, Record Doc. No. 10937, is fully supported by 22 exhibits.  There has been no need expressed in the various proceedings that have occurred in connection with that thorough and well-briefed motion for the depositions of counsel of record.  It appears that everything that will be necessary to determine whether counsel should be disqualified can be submitted to the court without these disruptive and unnecessary depositions, which the case law cited in my previous order generally disfavors.  The third stated purpose is in connection with vaguely alleged and unsupported in these motion papers violations of the Louisiana Code of Professional Conduct.  Both this court and the Louisiana Office of Disciplinary Counsel have established extensive procedures, both for screening such allegations and for investigating them if they are deemed worthy of further investigation.  Those are the procedures plaintiffs' counsel should employ if he seeks to pursue these allegations, not discovery underlying civil matters.

(Doc. 12182, p.1-2).   Magistrate Judge Wilkinson then applied the same legal standard and denied this motion as well.  The subject motion was filed in response thereto.

All of the motions to disqualify noted in the magistrate judge's ruling have now been decided, and the Court did so finding no need for the depositions for the resolution thereof.  So to that degree, this motion is moot.  Moreover, as this Court previously stated in *Corcova v. Crowley Marine Services, Inc.,* 2003 WL 21804986 (E.D.La. Aug.4, 2004):

> The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates. Fed. R. Civ.P. 72(a); see also Eastern District of Louisiana Local

> Rule 72.1E(A)[hereinafter Local Rules]; 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling on such a nondispositive matter is appealable to the district court. *Id.* "The district judge to whom the case is assigned ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a)(emphasis added); see also Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A). Indeed, the "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *See also* Fed.R.Civ.P. 72(a). The district court may not undertake a de novo review of the magistrate's disposition. *See e.g., Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. Unit A 1981). Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact. *Blair v. Sealift,* 848 F.Supp. 670 (E.D.La.1994) (*citing Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992).

*Id.* at 1. As such, the Court finds no error in any ruling made by Mag. Judge Wilkinson as contained in Doc. 12182. Accordingly,

**IT IS ORDERED** that Plaintiffs' Objections to and Motion to Review Magistrate's Order (Doc. 12481) filed by Ashton O'Dwyer is **DENIED.**

New Orleans, Louisiana, this ___8th___ day of October, 2008.

                                      **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**