UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CIVIL ACTION NO. 05-04182 |
| KATRINA CANAL | * | |
| BREACHES LITIGATION | * | PERTAINING TO |
| | * | <u>CASE NO. 06-9151</u> |
| | * | |
| | * | SECTION    "K" |
| | * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

**<u>SECOND SUPPLEMENTAL AND AMENDED COMPLAINT</u>**

The Second Supplemental and Amended Complaint of Kenneth Jones and Lori James-Jones, persons of the full age of majority domiciled in the Parish of Orleans, respectfully represent that this First Supplemental and Amended Complaint should replace in its entirety the original Complaint of plaintiffs:

The Complaint of Kenneth Jones and Lorie James-Jones, both persons of the age of majority and citizens of the Parish of Orleans, State of Louisiana, through undersigned counsel, on information and belief, with respect allege that:

1

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the amount in controversy is within the jurisdictional limits of this Court, and complete diversity exists between the parties. Alternatively, there is federal question jurisdiction herein because certain of the defendants were contractors of the Federal Government as to some of the matters complained of herein.

2.

Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the negligent and wrongful actions of the defendants occurred in the Eastern District of Louisiana, the plaintiffs resided in the Eastern District of Louisiana at the time of the complained of damages, the damages to plaintiffs occurred within the Eastern District of Louisiana and the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

3.

This Court has supplemental jurisdiction over all claims that arise under state law and are not within this Court's original jurisdiction, as those claims are so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

## II.   PARTIES

4.

Made defendants herein are:

    a.    **STATE FARM FIRE AND CASUALTY COMPANY, INC.,** a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, ("State Farm") which at all times pertinent herein was the homeowner's insurer of Kenneth Jones and Lorie James-Jones for the property located at the municipal address of 4715

Werner Drive, New Orleans, Louisiana 70126;

b. **ABC INSURANCE COMPANY**, a foreign and/or domestic insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which at all times pertinent herein was the errors and omissions insurer of State Farm and Bob Nowlin.

### III.  FACTUAL BACKGROUND

*Negligence and/or Breach of Contract of State Farm*

5.

On or about August 29, 2005, Hurricane Katrina, as predicted by weather forecasters, passed through the Parish of Orleans, and thereafter caused massive damage, including storm water, flood and wind damage to component parts and contents of plaintiffs' residence located at 4715 Werner Drive, New Orleans, Louisiana 70126, including but not limited to ancillary structures insured by the insuring agreement between plaintiffs and State Farm.  The building, ancillary building and contents were a total loss entitling plaintiffs to the full insurable amount shown on their policy for building and structures.

6.

At all times relevant hereto, plaintiffs owned the insured residence and resided there until they were forced to evacuate by mandatory evacuation orders issued by the Governor of the State of Louisiana and the Mayor of New Orleans.

7.

At all times material hereto, plaintiffs had a homeowners' insurance contract in effect with State Farm.  The applicable insurance contract specifically provided coverage for the incident that occurred on and after August 29, 2005.  Plaintiffs purchased from Defendants a homeowner's policy, issued to plaintiffs, naming Kenneth Jones and Lorie James-Jones as the insured.  The

subject policy insured the residence at 4715 Werner Drive, New Orleans, Louisiana 70126 for approximately $87,100 for dwelling, $65,000 for contents, $8,700 in dwelling extension/other structures, and the actual cost incurred for loss of use.

8.

Kenneth Jones and Lorie James-Jones sought advice from and purchased policies of insurance from Bob Nowlin, a licensed insurance agent authorized to do and doing business in the State of Louisiana and the Parish of Orleans. The plaintiffs relied on Mr. Nowlin's insurance expertise to provide them with complete and competent advice regarding the amount and type of insurance to provide them with full coverage.

9.

Plaintiffs' residence, as a result of the above sudden and accidental event was severely damaged and/or destroyed. The National Weather Service reported the landfall winds reached and/or exceeded 145 MPH at 6:00 a.m. on August 29, 2005. Katrina passed just to the east of the City of New Orleans, the winds were at and/or in excess of 135 MPH at 8:00 a.m. The eye of Katrina was 32 miles in diameter and Katrina's winds radiated 125-150 miles from the center. The strength and magnitude of Katrina's violent winds leave little doubt to consider that the high velocity wind force was the "efficient proximate cause" of the damage to plaintiffs' building and ancillary structures and total destruction/loss of plaintiffs' building and ancillary structures. As a result of this damage, subsequent storms and/or weather further aggravated and/or contributed to the property loss.

10.

Plaintiffs' residence sustained massive damage as a result of a sudden and accidental event that proceeded or occurred as a result of an otherwise covered peril as defined in their policy of

insurance.

11.

Following the storm, plaintiffs notified State Farm of their loss and filed their claim.

12.

Subsequently, State Farm sent adjusters and/or other authorized representatives to evaluate plaintiff's loss.

13.

In turn, State Farm and/or its authorized agent advised the plaintiffs that the value of their loss was significantly less then the true value of the damages and/or the necessary repairs to the residence, other structures and its contents.

14.

At all times material hereto, plaintiffs have fully cooperated with State Farm and provided access to the residence, as well as claim documentation to the best of their ability.

### IV.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VALUED POLICY LAW

15.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 14, as if delineated here in extenso.

16

Plaintiffs also allege that Hurricane Katrina destroyed plaintiffs' insured property, and that coverage extended by the terms in the contract of insurance issued to plaintiffs by virtue of La. R. S. 22:695 and policy language contained within the State Farm contract of insurance, which entitles plaintiffs to the total face amount of the policy of insurance.

17.

Plaintiffs' home sustained loss or damage from hurricane related winds, which is a covered peril under the State Farm's insurance policy, and the efficient proximate cause of their loss.

18.

As a result of Hurricane Katrina, and/or subsequent storms or weather, plaintiffs sustained substantial damage to their residence and its contents rendering it a total loss and/or constructive total loss.

19.

Prior to the placement of coverage, defendant, State Farm, placed a valuation upon the covered property and used such valuation for purposes of determining the premium charge to be made under the policy.

20.

Defendants, State Farm, did not use a different method in the computation of loss of the insured property.

21.

The homeowner's policy, which covers the peril of fire, and the application of it, if any, issued by defendants to plaintiffs did not set forth in type of equal size a different method of loss computation by the insurer.

22.

Plaintiffs are entitled to recover the stated value of the homeowner's policy, without deduction or offset, pursuant to La. Rev. Stat. 22:695.

**SECOND CAUSE OF ACTION: BREACH OF CONTRACT**

23.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 22, as if delineated here in extenso.

24.

State Farm breached its contract of insurance with plaintiff by:

A. Failing to promptly and reasonably adjust the claim;

B. Failing to properly train and/or instruct its adjusters and/or agents;

C. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

D. Failing to take into account increases in the cost of labor, material and/or replacement cost and adjusting claims for these increased costs;

E. Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

F. Failing to pay for sufficient living expenses incurred by plaintiff after they evacuated their insured residence in the time frame of the relevant insurance contract;

G. Failing to promptly adjust and properly pay the policy limits for the plaintiffs' total loss of buildings;

H. Failing to provide sufficient funds for the repair or replacement of the contents contained in the subject property, as per policy provisions; and

I. Any other acts or omissions to be shown at trial on the merits.

### THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

25.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 24, as if delineated here in extenso.

26.

State Farm further breached its contract with plaintiff and/or acted negligently by the following actions:

    A.    Failing to respond to verbal requests and correspondence in a timely manner;

    B.    Failing to properly and timely adjust this case consistent with insurance industry standards;

    C.    Failing to provide any reasonable basis for denying payment on this claim now months following the incident;

    D.    Failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

    E.    Any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

### FOURTH CAUSE OF ACTION: BAD FAITH

27.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 26, as if delineated here in extenso.

28.

Pursuant to La. R. S. 22:1220; La. R.S. 22:658 and La. C.C. Art. 1997, State Farm further breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly

and promptly and to make a reasonable effort to settle claims with plaintiffs by:

- A. Failing to issue a property insurance contract to plaintiffs that contained exclusionary language that is narrowly drafted;

- B. Failing to issue a property insurance contract to plaintiffs that contained exclusionary language that was defined within the agreement;

- C. Failing to issue a property insurance contract to plaintiffs that is not designed to be used to deny coverage for the cost of repairs and restoration of plaintiffs' property as a result of the damages arising from an occurrence or covered peril as defined in the policy;

- D. Failing to issue a policy of insurance that will provide for the repair of any covered damage resulting from a covered accident and direct physical loss which resulted from the high velocity hurricane winds that damaged plaintiffs' property and destroyed its contents;

- E. Failing to provide a property insurance contract that is unambiguous;

- F. Failing to pay plaintiffs sufficient additional living expenses;

- G. Failing to sufficiently pay plaintiffs for contents damages;

- H. Failing to pay a settlement within thirty (30) days after the agreement is reduced to writing;

- I. Failing to pay the full amount of any claim due the plaintiffs within sixty (60) days after receipt of satisfactory proof of loss;

- J. Failing to promptly adjust the claim within thirty (30) days of being notified by petitioners.

K. Failing to reasonably and promptly adjust the amounts of the claim to reflect increases in the costs of repairs and/or replacement;

L. The defendants failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles plaintiffs to recover attorney's fees, costs and penalties as allowed by law; and

M. Any other acts or omissions to be shown at trial on the merits.

29.

Defendant's, State Farm, failures were willful and/or intentional and/or arbitrary and capricious so that the plaintiffs are entitled to an award of penalties, attorney's fees and costs.

**FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT**

30.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 29, as if delineated here in extenso.

31.

Plaintiffs seek a declaratory judgment pursuant to the Louisiana Code of Civil Procedure Article 1871, et seq., for the purposes of determining a question of actual controversy between the parties concerning their rights, obligations, and coverages under the subject policy.

32.

Plaintiffs further seek a declaration that the Louisiana Valued Policy Law, La. R.S. 22:265, applies to the policy at issue herein.

33.

Plaintiffs seek a declaration that the homeowner's policy provides full insurance coverage for all damage to the insured residence, property, and loss of use caused by Hurricane Katrina and/or

Hurricane Rita.

**SIXTH CAUSE OF ACTION: SPECIFIC PERFORMANCE**

34.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 33, as if delineated here in extenso.

35.

State Farm entered into the subject contract of insurance with the plaintiffs wherein it clearly and expressly agreed to provide insurance coverage for physical loss to property, contents and loss of use proximately and efficiently caused by a hurricane.  Plaintiff in turn paid State Farm a substantial premium and plaintiffs agreed to a "hurricane deductible" in consideration for the agreed upon hurricane coverage.

36.

Plaintiffs have now suffered total destruction of their insured residence and property as a proximate and direct result of Hurricane Katrina and/or subsequent storms or weather and have consequently been denied use of their residence as well.

37.

Plaintiffs have performed their end of the bargain and are accordingly now entitled to specific performance of the homeowner's insurance contract.  The Court should therefore require State Farm to specifically perform such agreement.

**SEVENTH CAUSE OF ACTION: UNJUST ENRICHMENT**

38.

Plaintiffs reallege and reaver each and every allegation contained in Paragraphs 1 through 37, as if delineated here in extenso.

11

39.

Despite realizing substantial premium from plaintiffs, State Farm has withheld the insurance proceeds owed to plaintiffs for the hurricane damage to their insured property.

40.

In addition, by classifying Hurricane Katrina and/or subsequent storms or weather and the damage to plaintiffs' residence and property as "flood", State Farm has wrongfully realized insurance premiums and withheld insurance proceeds for which plaintiffs are entitled.

41.

State Farm has therefore been unjustly enriched at plaintiffs' expense.

42.

The plaintiffs are entitled to and pray for trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs are entitled to full insurance coverage under the State Farm homeowner's policy of insurance for the damage to the insured residence and property caused by Hurricane Katrina and/or Hurricane Rita and other such, equitable relief set for in the petition, including, but not limited to:

- A. A Declaration and/or Judgment by this Court that the subject policy provides full insurance coverage for the damages caused by Hurricane Katrina and/or Hurricane Rita to plaintiffs' insured residence as well as loss of use and additional living expenses;

- B. A Declaration and/or Judgment by this Court that any damage to plaintiffs' insured residence and property caused by "storm surge" is not excluded under the subject policy;

C. A Declaration and/or Judgment by this Court that the subject policy's "flood" exclusion is not applicable and ambiguous;

D. A Declaration and/or Judgment by this Court that the State Farm policy is subject to the Louisiana Valued Policy Law, La. Rev. Stat. 22:695; that plaintiffs' residence is a total loss; and that the covered structure sustained a covered loss or damage;

E. Specific Performance of the subject State Farm policy;

F. Attorney's fees and court costs against defendants, State Farm Fire and Casualty Insurance Company and ABC Insurance Company, in accordance with La. Rev. Stat. 22:657 and 22:658;

G. Damages and penalties against defendants, State Farm Fire and Casualty Insurance Company and ABC Insurance, in accordance with La. Rev. Stat. 22:1220, including damages for bad faith and arbitrary and capricious actions included hereinabove;

H. Court costs, expenses, and judicial interest; and

I. Any and all other equitable relief deemed appropriate by this Court.

**WHEREFORE,** petitioners pray that defendants be duly served and cited to appear and answer this Complaint, all as provided by law; and that after all legal delays and due proceedings be had, there be judgment rendered against defendants and in favor of the plaintiffs jointly, severally and *in solido,* for reasonable damages, with legal interest from the date of judicial demand until paid, all costs of these proceedings, including attorneys' fees, legal costs and related litigation expenses, along with such other relief as law, equity and the nature of this case shall require.

*(Signature on following page)*

>     Respectfully submitted,
>
> BY:     /s/Paul C. Miniclier
>     Paul C. Miniclier, (Bar # 17062)
>     Law Office of Paul C. Miniclier
>     1305 Dublin Street
>     New Orleans, Louisiana 70118
>     Telephone:     (504) 864-1276
>     Attorneys for Plaintiffs, Kenneth and
>     Lori James-Jones

**CERTIFICATE OF SERVICE**

The undersigned certifies that an electronic copy of the foregoing was served on all parties electronically through the electronic filing system of the United States District Court for the Eastern District of Louisiana this 9th of October, 2008.

>     /s/Paul C. Miniclier