**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  KATRINA CANAL BREACHES          §          CIVIL ACTION
        CONSOLIDATED LITIGATION          §          NO. 05-4182 "K" (2)
                                    §          JUDGE DUVAL
_____§          MAG. WILKINSON
                                      §
PERTAINS TO: MRGO, *Robinson* (06-2268)   §
_____§

**OPPOSITION TO PLAINTIFFS'**
**"MOTION FOR RECONSIDERATION re: ORDER**
**(Doc. No. 15515) AND MOTION TO SUPPLEMENT THE RECORD"**

On September 29, 2008, this Court dismissed Count Three of the Amended Complaint.

*See* Doc. 15515 at 16.  The Court based its ruling on two independent grounds.  First, the Court

held that Count Three is barred by 28 U.S.C. § 2675(a) because Plaintiffs failed to exhaust their

administrative claims.  *See id.* at 9-12.  Second, the Court held that Count Three is barred by

28 U.S.C. § 2401(b) because Plaintiffs failed to assert it within the period prescribed by the

statute of limitations.  *See id.* at 12-16.

On October 1, 2008, Plaintiffs moved for reconsideration, challenging *only* the Court's

determination that Count Three is barred by the administrative claim requirement.  Presenting no

legal authority and virtually no argument, Plaintiffs base their motion entirely on a letter from

the Corps of Engineers to one of their attorneys, Joseph M. Bruno, regarding claims presented by

*other* persons.[1]  *See* Doc. 15652-3.  Apparently, Plaintiffs believe their argument to be self-

evident, stating only: "As the Court can see from the attached correspondence, the information

provided by the Department of the Army being provided to claimants is inconsistent with the

arguments presented by the defendant United States of America."  *See* Doc. 15652-2.

      Nothing in the "attached correspondence," however, contradicts the argument made by

the United States and accepted by the Court:  "The Notice of a Class Claim that was filed on

behalf of plaintiffs did not include sufficient facts to place the Corps on notice that these

particular plaintiffs sought recovery for the alleged defalcations that occurred at the EBIA."

Doc. 15515 at 10.  Because Plaintiffs failed to comply with the administrative claim requirement,

the Court was correct to dismiss Count Three.[2]

      But even if Plaintiffs were somehow correct on the administrative claim point, their

motion would still have to be denied based on the Court's alternative ruling that Count Three is

barred by the statute of limitations.  Indeed, the Court specifically held that "[e]ven if plaintiffs'

Notice was sufficient to satisfy § 2675(a)'s requirements, the Court finds that the claim would be

time barred."  *See* Doc. 15515 at 12.  Because Plaintiffs' motion for reconsideration mounts no

---

[1]  The Court has already expressed its wise refusal to allow the claims presented by other persons to "vicariously satisfy the notice requirement of § 2675(a) as to these particular plaintiffs."  Doc. 15515 at 12.  Similarly, the Court must conclude that the correspondence between the United States and *other* persons regarding *their* claims has no bearing on whether *Plaintiffs* have complied with § 2675(a).

[2]  The Court should also disregard Plaintiffs' newly produced letter because Plaintiffs failed to bring it to the Court's attention prior to its ruling on the motion to dismiss.  Plaintiffs received the letter on September 18, 2008, eleven days before the Court's order.  Moreover, identical letters have been sent to Mr. Bruno many times in the course of the last few years, well before the hearing on this matter.

challenge to this holding, which independently requires the dismissal of Count Three, Plaintiffs'

motion for reconsideration must be denied.

                           Respectfully Submitted,

                           GREGORY G. KATSAS
                           Assistant Attorney General

                           PHYLLIS J. PYLES
                           Director, Torts Branch

                           JAMES G. TOUHEY, JR.
                           Assistant Director, Torts Branch

                           s/ Robin D. Smith
                           Robin D. Smith
                           Senior Trial Counsel, Torts Branch, Civil Division
                           U.S. Department of Justice
                           Benjamin Franklin Station, P.O. Box 888
                           Washington, D.C.  20044
                           (202) 616-4400 / (202) 616-5200 (Fax)
                           Attorney for the United States

                           s/ Jeffrey P. Ehrlich
                           Jeffrey P. Ehrlich
                           Trial Attorney, Torts Branch, Civil Division
                           U.S. Department of Justice
                           Benjamin Franklin Station, P.O. Box 888
                           Washington, D.C.  20044
                           (202) 616-4400 / (202) 616-5200 (Fax)
                           Attorney for the United States

## CERTIFICATE OF SERVICE

I, Jeffrey P. Ehrlich, hereby certify that on October 14, 2008, I served a true copy of the

foregoing upon all parties by ECF.

s/    Jeffrey P.  Ehrlich