**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

Seth A. Schmeeckle
Tel: (504) 568-1990
Direct: (504) 310-9118

Fax: (504) 310-9195
e-mail: sschmeeckle@lawla.com

October 1, 2008

<u>Via Telefax: (504) 589-7633</u>
The Honorable Joseph C. Wilkinson, Jr.
United State District Court
Eastern District of Louisiana
United States Magistrate Judge
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

Re: Rafael & Dioigna Acevedo, et al. v. AAA Insurance, et al.
Civil Action No. 07-5199 - Section K - Mag.: 2

Acevedo II - Rafael & Dioigna Acevedo, et al. v. AAA, et al.
Civil Action No. 07-5208 - Section K - Mag.: 2

Chudd & Arvis Abram v. AAA Insurance, et al.
Civil Action No. 07-5205 - Section K - Mag.: 2

Dear Magistrate Judge Wilkinson:

On Monday, September 29, Your Honor hosted a status conference concerning the captioned three mass joinder suits filed by the Hurricane Legal Center. Your honor ordered Mr. Larry Centola, counsel for the Hurricane Legal Center ("HLC"), Mr. Sassoon Sales, one of the two principals of the HLC and me, in my capacity as Defendant Liaison Counsel, to remain in your Court until such time as a proposed resolution protocol was developed.

As I explained to Messrs. Centola and Sales in our post-status conference meeting, I had no authority on behalf of my own clients much less the industry as a whole to commit any insurer to anything. Rather, I was able to participate in the meeting based on my own prior experiences, and I could work towards developing a protocol that potentially would garner positive attention from the industry. However, I could not and still cannot guarantee any insurer's participation. Nonetheless, I remain extremely hopeful that, in the event the HLC is able to meet the voluntary deadlines it has imposed upon itself as detailed later in this correspondence, that there will be a high percentage of resolution efforts by the insurance industry.

At the conclusion of the meeting, we presented Your Honor with the proposed protocol to which the HLC voluntary agreed. Your Honor expressed concern over certain time delays built into the protocol by the HLC. Nevertheless, you confirmed that the Court would not order any party to do anything under this settlement protocol much less order any deadlines. Rather, you made it abundantly clear that any plaintiff in the captioned matter who has not settled his claim

The Honorable Joseph C. Wilkinson, Jr.
October 1, 2008
Page 2

by the end of 2008 will be ordered to sever their claim from the mass joinder and will be assigned a trial date.

Finally, you ordered me to submit to the Court a letter detailing the voluntary deadlines imposed by the HLC upon themselves which are presented below:

| Deadline | Description |
|---|---|
| October 3, 2008 | HLC to furnish to Defendant Liaison Counsel for his distribution to all known insurer counsel a list for each of the three captioned lawsuits identifying: (1) the name of the plaintiff as set forth in the Complaint, (2) the property address for that plaintiff, and (3) the alleged insurer. |
| October 10, 2008 | Based on the preceding lists, Insurer Defendants will identify plaintiffs and/or properties they contend they do not insure. |
| October 24, 2008 | HLC will either (a) produce documentation supporting its client's position that they or the property in question is in fact insured by the alleged insurer or (b) voluntarily dismiss the claims. |
| November 29, 2008 | On a rolling basis commencing on September 29, 2008 through November 29, 2008, HLC will furnish for each plaintiff (1) estimates to repair wind and wind-driven rain damage to dwellings and/or other structures, (2) damaged contents lists where available, and (3) receipts supporting ALE claims |
| December 31, 2008 | Commencing immediately as soon as any insurer receives and digests the promised materials, settlement meetings will be setup through the end of the year in an effort to resolve as many claims as possible. |

Please be advised that a copy of this letter was furnished to Mr. Larry Centola in advance of his transmission for review and comment. If we may be of any further assistance, please do not hesitate to contact me.

With best regards, I am

Respectfully,

Seth A. Schmeeckle

SAS/msb
cc:   Mr. Larry Centola, Esq. (via e-mail)
      All Known Insurer Counsel (via e-mail)

340027_1