# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*         05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*       06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*            07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge*         08-4459 | * | |

## BARGE PLAINTIFFS'AMENDED SUPERCEDING, CUMULATIVE, PERIODIC WITNESS AND EXHIBIT LIST OF OCTOBER 20, 2008

## FACT WITNESSES

_____Plaintiffs may call:

1.      Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.      Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-

Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.    Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.    Lafarge North America, through designated 30(b)(6) representative(s) - to testify in trial concerning
    1.    Any and all knowledge Lafarge had preceding Katrina of any or all of the following:
        a.    Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges in advance of a hurricane;
        b.    Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges within the IHNC;
        c.    The forecasted nature, strength, direction and effects of Katrina;
        d.    Any and all pre Katrina actions undertaken and not undertaken by Lafarge with respect to barges at its France Road facility in light of any or all of the foregoing knowledge, or lack thereof.
    2.    Nature and proof of any and all of Lafarge's knowledge, contentions and/or defenses as to  ING 4727's escape from its berth at Lafarge during the effects of Katrina;
    3.    The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;
    4.    The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all governmental agencies and/or investigative bodies relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit, including but not limited to the United States Coast Guard, Army Corps of Engineers, IPET, ILIT, Team Louisiana, National Science Foundation; and/or parties to Robinson and/or MRGO litigation;
    5.    The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all Robinson and/or MRGO and/or BARGE plaintiffs or putative class members  relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit.
    6.    The existence, nature, contents and custodian(s) of any and all communication

statements, accounts, representations and accident and/or incident reports describing any casualty in which ING 4727 was involved during Katrina;

7.  The existence, nature, contents and custodian(s) of any and all communications, reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

8.  Any and all knowledge, communications, documents, photos and other information pertaining to the mooring methods of ING 4525 and/or the five barge tier of Bunge and/or other barges moored adjacent to the tier containing ING 4727, and the movements during the effects of Katrina of any and all of the aforesaid barges other than 4727;

9.  Lafarge's awareness of any publically available pre-Katrina information concerning any contentions that MRGO would or might cause or contribute to hurricane related flooding or storm surge;

10. Lafarge's awareness and/or observations of any and all pre-Katrina projects on or near the eastern batture or canal-side embankment of the eastern IHNC between Florida and North Claiborne Avenues.

11. The existence, contents and custodians of any land, aerial or satellite video or photo, and/or graphic, diagram, or visual representation of any or all of the following on August 28 - 29, 2005:

    a.  the Lafarge France Road facility and environs;
    b.  Industrial Canal and environs;
    c.  ING 4727;
    d.  areas constituting and/or included within the proposed Barge Class geography;
    e.  Any and all timing, sources, causes locations and extent of flooding alleged by Lafarge to have affected any or all of the proposed Barge Class geography.

12. Identities, accounts, and whereabouts of any and all persons who claim to have knowledge of the movements of ING 4727 from the Lafarge dock to its eventual resting place in the residential area of the Lower Ninth Ward;

13. Identities, accounts, and whereabouts of any and all persons who claim:

    a.  to have seen ING 4727 make contact with the eastern IHNC floodwall, and/or transit from the canal side of the eastern IHNC floodwall to the residential side during Katrina, and/or,
    b.  to have heard scraping sounds and/or booms and/or explosions in the Lower Ninth Ward during Katrina.

14. Nature, timing, location, contents, methods of, and participants in, any and all interviews of putative Barge class members by Centanni Investigative and/or any and all other persons or entities acting on behalf of Lafarge;

15. Nature, contents and custodian of any or all written, recorded, videotaped or otherwise memorialized matter or communication acquired via abovesaid interviews;

16. Nature and timing of, and participants in, any and all activities conducted on Lafarge's behalf resulting in Lafarge's possession of any items of personal property acquired from the Lower Ninth Ward after Katrina, specifically including but not limited to stopped clocks;

17.   Nature, timing, description, memorialization and/or recordation of, and participants in, any and all written and verbal communications and contacts between Lafarge, its agents and representatives, and Arthur Murph, Jeanne Murph, Shirley Priestly, Jennifer Fernandez, Wayne Priestly, New Berkley, LLC and/or New Jourdan, LLC, their agents, employees, relatives, shareholders and members, concerning transaction or compromise of claims related to ING 4727, concerning the movements of ING 4727, concerning sale or purchase of 1739 Jourdan Avenue and/or 105 Berkley Drive.

18.   Any and all of Lafarge's factual contentions and defenses, and underlying proof, concerning any and all of the following:
   a.   Causes of the ING 4727 breakaway;
   b.   Movements of the ING 4727 in the IHNC (and from the IHNC) on August 29, 2005;
   c.   Causes of IHNC eastern floodwall breaches between Florida and N. Claiborne Avenues;
   d.   Causes, sources, location and extent of flooding of the proposed Barge class geography;
   e.   Facts underlying any opposition to class certification in the Barge litigation track.

19.   The nature, issuance, entry, contents, limits, coverage, terms, effects, underwriters of, and nature of any claims or controversies concerning,  any and all policies of primary, excess, surplus and other marine casualty insurance issued to Lafarge and in effect at times pertinent to this litigation, specifically including but not limited to that issued by American Steamship Owners (The American Club);

20.   Existence, source or origin, contents and custodian of any and all communications or accounts of persons reporting any or all of the following in or from the Lower Ninth Ward during Katrina:
   a.   flooding;
   b.   flood protection system breaches or failures;
   c.   ING 4727 movements or contact or impact with any object;
   d.   scraping sounds or explosion or boom sounds;
   e.   injuries or deaths;
   f.   emergencies.

21.   Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America  relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges,  in effect on August 29, 2005 at the Lafarge France Road facility;

22.   Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America  relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges,   in effect on August 29, 2005, regardless of location, regardless of whether said policies, procedures and standards differ from those described in Item No. 20, above.

23.   Organization, structure and ownership of Lafarge North Americal; its relationships

with Lafarge, SA, Efalar, and/or their respective officers and directors; nature of and participants in any and all share recalls, divestiture, merger, reorganization of Lafarge North America subsequent to the events subject of suit; nature and existence of any and all SEC filings, investigations, lawsuits or other adverse action in consequence of any of the foregoing.

24.    Any and all other relevant factual matters disclosed by the witness(es) of which they have knowledge.

5.    Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

6.    A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.    Annette Gaskin, Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.    Louis Robin - 5913 N. Oak Street, Marrerro, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition. .

9.    Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

10.   David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.   Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.   Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.   Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

14.   Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.   Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.   Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

17.   David Williams- any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.   Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.   Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.   Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

21.   Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.   Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.   Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.   Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.   Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.   Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.   Richard C. Heck - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.   Ethel Mae Coleman Mumford - *1423 Feliciana Street, New Orleans, Louisiana 70117,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

29.   Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts

relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

30.   Kismit Bourgere - *794 13th Street, Plano, Texas 75074*, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

34.   Gilbert Luke - 1828 Flood Street, New Orleans, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

35.   Jimmie Harris - 924 Lamanche Street, New Orleans, LA 70117 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

36.   Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

37.   Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

38.   Josephine Richardson - 1321 Egania Street, New Orleans, LA 70117, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, death of her husband, emotional effects of any or all of the foregoing.

39.   Terry Adams - 2165 Carol Sue,  Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

40.   Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es)

within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

41.     Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

42.     William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area. To testify that ING 4727 caused north breach and consequent flooding.

43.     Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

44.     Daniel Weber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

45.     Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, and/or for rebuttal or impeachment.

46.     Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on

1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

47.   Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.  May be called also to corroborate storm accounts of Arthur Murph.

48.   New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.   New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.     G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

51.     Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding.  Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road.  Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

52.     Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

53.     James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

54.     Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Her employment status is unknown at present.

55.     Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to  to timing,
        direction, source and extent of flooding, facts relative to observations during and after
        storm, evacuation and displacement, destruction of areas and things within class
        geography, destruction of property(ies) and/or business(es) within class area, emotional
        effects of any or all of the foregoing.   Mr. Reed will testify that no water came over,
        through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house.  Mr.
        Reed is a shop manager at Cadillac of Metairie.

56.     Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to
        facts relative to  to timing, direction, source and extent of flooding, facts relative to
        observations during and after storm, evacuation and displacement, destruction of areas
        and things within class geography, destruction of property(ies) and/or business(es) within
        class area, emotional effects of any or all of the foregoing.  Mr. Cornwall will testify that
        on the morning of August 29, 2005, he saw a wall of water coming from the Industrial
        Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

57.     Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition
        testimony, including but not limited to, scraping sounds, sounds of the "explosion,"
        coupled with appearance of floodwater and/or the barge.  Their employers and
        occupations are contained in their depositions, if Lafarge inquired of such matters during
        its examination.

58      Kendrick Pounds to testify to facts expressed in the substance of recent deposition
        testimony, including but not limited to, scraping sounds, sounds of the "explosion,"
        coupled with appearance of floodwater and/or the barge.  Their employers and
        occupations are contained in their depositions, if Lafarge inquired of such matters during
        its examination.

59.     D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition
        testimony, including but not limited to, scraping sounds, sounds of the "explosion,"
        coupled with appearance of floodwater and/or the barge.  Their employers and
        occupations are contained in their depositions, if Lafarge inquired of such matters during
        its examination.

60      Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to
        the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the
        barge, and to prove facts relative to observations during and after storm, evacuation and
        displacement, destruction of areas and things within class geography, destruction of
        property(ies) and/or business(es) within class area, emotional effects of any or all of the
        foregoing.

61.     Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts
        relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater
        and/or the barge, and to prove facts relative to observations during and after storm,
        evacuation and displacement, destruction of areas and things within class geography,

destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

62.    Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

63.    Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

64    Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

65.    Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

66.    Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

67.    Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

68.    Arcola J. Sutton,  c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

69.    Henry "Junior" Rodriguez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

70.    Blair L. Boutte, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

71.    Marenthia Lagarde, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

72.    Michael Lagarde c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

73.    Donald Pritchett c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

74.    Melba Gibson c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

75.    Kevin McFarland c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

76.    Daniel Weber, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, the drowning of his wife and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

77.    Jimmie A. Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

78.    Nellie Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

79.   Doris Shanks, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

80.   Herbert Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

81.   Mary Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

82.   Mary Short Benoit, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

83.   Henry Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

85.   Gwendolyn Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

86.   John Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

87.   Jerry Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

88.   Michael Watts, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

89.   Robert Green, Sr., c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

90.    Jonathan Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

91.    David Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

92.    Everidge Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

93.    Earl Matthew Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

94.    Joyce B. Mathews, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

95.    Mildred D. Dean, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

96.    Karen Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

97.    Ethel Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

98.    Joyce Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

99.    Myrna Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

100.   Jocelyn Moses, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to

prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

101.   Jocelyn Carter, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

102.   Anthony Dunn, c/o Barge PSLC -to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

103.   Emile Goetz - 2212 Gallant Dr., Chalmette, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

104.   Karen Genovese - 121 Llama Dr., Arabi, La c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

105.   Cilton F. Bordelon, Jr. 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back.  They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

106.   Sharlet Bordelon 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the

Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back. They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing;

107.   St. Bernard Parish President Craig Tafraro, St. Bernard Council Members Ray Lauga, Jr., George Cavinac, Kenneth Henderson, Mike Ginart, Jr., Fred Everhardt, Jr., Frank Auderer, Jr., and Polly Boudreaux, Past and Present St. Bernard Parish Attorneys Mike Gorbaty and David Paysse, Sheriff Jack Stephens, St. Bernard Hospital Service District Director Brian Bertucci, M.D., and/or other former or present members of the St. Bernard Parish Government, (including but not limited to Henry "Junior" Rodriguez, above) its departments, divisions, boards, bodies, employees and agents, 8201 W. Judge Perez Drive, Chalmette, Louisiana, to testify to observations and events during Katrina, flooding caused by the events subject of suit, and all manner of civil and governmental damages incurred by and within the Parish of St. Bernard, within or emanating from events within the proposed geographic class boundaries;

108.   Darryl Traylor, 8401 Parc Place, Chalmette, LA 70043, Phone: 504-277-7060 - timing source and direction of flooding in St. Bernard Parish areas of proposed class geography.

109.   Patricia Camp, to testify to observations concerning the London Avenue Canal breach.

110.   Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

111.   Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

112.   Intentionally Left Blank;

113.   Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

114.   Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING4727, mooring ropes, and the Lafarge France Road facility.

115.   Witnesses necessary to identify and authenticate any and all records, documents, and

exhibits not stipulated to;

116.    Any and all others yet to be investigated, discovered, determined or identified;

117.    Any and all deposed, listed and/or subpoenaed and/or offered and/or proffered  by any
other party(ies) to In Re Katrina Canal Breaches Consolidated Litigation and/or Robinson
v. United States;

118.    Any and all needed for rebuttal and/or impeachment of opposing or adverse witnesses;

The above list represents Barge plaintiffs best efforts.  Active discovery is ongoing and plaintiffs
reserve the right to supplement or amend in accord with law and court order.


## **EXPERTS**


Plaintiffs may call:

1.    Lt. Cmdr. Donald J. Green, USCG (Ret.)
K-Don Marine Consulting
8876 Gulf Freeway, Ste. 120
Houston, TX 77017
http://www.kdoncorp.com/consulting/

Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe
operating practices, mooring, maritime hurricane precautions, to testify concerning
negligence and unseaworthiness causing breakaway of ING 4727;

2.    Ray Helmer, P.E,
Helmer Engineering, Inc.
9314 Bankside
Houston, TX 77031
http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall
breach causation, nature, sources, and extent of consequent flooding.

3.    Hector V. Pazos, P.E.
Ocean-Oil International Corp.
P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime

standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

4.    Michael M. Bernitsas, Ph.D
      215 NA&ME Bldg.
      University of Michigan
      2600 Draper Road, Ann Arbor,
      Michigan 48109-2145

      Naval architecture and marine engineering with expertise in maritime collision reconstruction to testify to movements of ING 4727 from LNA facility to its resting place in the Lower Ninth Ward.

5.    Robert Bartlett, P.E.
      Bartlett Engineering
      2617 Edenborn Ave., Ste. D
      Metairie, LA 70002
      http://www.bartlett-engineering.com/

      Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

6.    Mr. Melvin Spinks, P.E. and staff
      CivilTech Engineering, Inc.
      11821 Telge Road
      Cyprus, TX 77429
      http://www.civiltecheng.com/about.html

      Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

7.    Gennardo G. Marino, Ph.D, P.E.
      Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
      Marino Engineering Associates, Inc.
      1101 E. Colorado Avenue
      Urbana, IL 61801

      Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

10.   John Kilpatrick, Ph.D
      2601 4th Avenue, Ste 650
      Seattle, WA 98109
      http://www.greenfieldadvisors.com/resumes/kilpatrick.pdf

Mass real estate appraisal expert to testify concerning class wide residential real property losses, market devaluation, destruction of property caused by events subject of suit. Economist and Business Valuation Consultant to testify concerning common business subclass losses/diminution caused by events subject of suit.

11.   Hugh Fossier and/or
      Mason Stevenson
      Aurora Environmental Consultants, LLC
      235 Lavosier Street
      Gretna, Louisiana
      http://www.auroraenvironmental.net/index.html

      Expert testimony re classwide pollution/contamination.

12.   Mental health expert(s) to testify concerning emotional damages sustained by individuals whose persons and property were within the "zone of danger" at times and locations pertinent to the events subject of suit.

13.   Blank

14.   Meteorology expert(s) to address aspects os wind speed, direction and timing during Katrina, to address aspects of storm surge, to address aspects of storm-driven movements of water.

15.   Expert(s) in cordage to address strength of rope used to secure ING 4727, effects of Katrina thereon.

16.   Expert(s) in coastal studies, to address sources and causes of flooding during Katrina.

17.   Engineer(s) and/or architect (s) and/or construction contractor(s) and/or damage assessment expert(s) to address causation, nature and extent of damage to class members' properties.

18.   Undetermined IPET, ILIT, Team Louisiana  members to testify with regard to to testify with regard to cause and nature of IHNC breaches, nature, sources and extent of flooding. IHNC breaches, nature, sources and extent of flooding.

19.   Undetermined expert(s) in maritime insurance policies, terms, coverage, effects, inclusions, exclusions;

20.   Undetermined experts in commercial transactions and/or securities regulation to inform trier of fact concerning Lafarge North America - Lafarge SA - Efalar transactions, their timing, nature and effects.

21.   Any and all others yet to be investigated, discovered, determined or identified;

22.     Witnesses necessary to identify and authenticate any and all records, documents, and exhibits not stipulated to;

23.     Any and all listed and subpoenaed by any other party(ies);

24.     Any and all needed for rebuttal and/or impeachment of opposing witnesses;

## <u>TENTATIVE, PRELIMINARY, PERIODIC LIST OF EXHIBITS</u>

Ingram - Lafarge Transportation Agreement, IBCO 001;

8/25/06 and 8/26/06 Daily Boat Logs of Connie Z, IBCO 244, 245;

Barge Unloading Report, LNA 105;

Lafarge New Orleans Terminal Hurricane Preparation Checklist, LNA 113;

Joseph C. Domino, Inc. Policies and Procedures manual, DOM 00014 - 149;

8/27/05 Regina H Daily Log, DOM 10 - 12;

8/27/05 Regina H Daily Log, DOM 13;

Invoice for services of Regina H to top around ING 4727 on 8/27/05;

Certificate of Documentation, Regina H, DOM 150;

Zito Service Agreement, IBCO 716 - 727;

Zito Fleeting invoice, service date 8/25/05, re ING 4727, IBCO 243;

Ingram Log Reports/ Zito Log Reports IBCO 1405-1505

Zito Fleeting invoices, IBCO 1287, 1290, 1304, 1336;

Ingram Towing Vendor Information, IBCO 1351- 1371;

Vessel Status History for ING 4745, IBCO 1372-1375;

Daily position Report- David North, generated on August 26, 2005 IBCO 1376-1381;

Impact Weather notices, IBCO 649, 650, 651, 665, 668, 671;

IHNC lockmaster's logs, pages 1001, 1002, including dates 8/26 - 8/28, and lock closure entries;

Exhibit 367 in the Phase I Benchbook;

Curricula  Vitae of Donald J. Green, Ray Helmer, John Kilpatrick, Hugh Fossier, Mark Townsend, M.D., Richard H. Weisler, M.D., Melvin Spinks, Michael Bernitsas, Hector Pazos, Robert Bartlett, Gennardo Marino, any and all other plaintiffs' expert witnesses; Barge PSLC 000217-000298.

Sobek flood animation incorporating Barge plaintiffs' experts' inputs. Included in Spinks report and attachments.

Getty Images of ING 4727 and Lower Ninth Ward, including those produced at PSLC 000748-000751;

All aerial, satellite and other images/imaging of the Industrial Canal, Lafarge Facility, Ingram Barge ING 4727, eastern Industrial Canal floodwall, breaches in the Industrial Canal Floodwalls, and floodwaters near the east side of Industrial Canal - from August 28, 2005 through August 31, 2005, whether visual, infrared, magnetic, radar, and other imaging methods, through clouds and unobstructed, showing time data, and locations, and sources of such imagery;

Any and all photos of ING 4727 including those produced as, LNA001088-001117, 001126-001127, PSLC 000748-000751, 000801-000871(Kye Harbor), 000874, 000877

Any and all photos and video of Lafarge Facility and dock, including those produced as LNA001118-001125, 001128-001135, PSLC 000680-000735, 000873, 000878, 000880

Photos of IHNC floodwall and breaches, including those produced as LNA 001138-001182, PSLC 000113-000117, 000872,  000876, 000879,

Photos of the damages areas in the Lower Ninth Ward, including those produced as LNA 001183-001360. PSLC 000748-000751, 000881-000918

Client Damage photos, including those produced at Barge PSLC 000309-000679, Richardson 000011-000019, 000022-000026, Harris 000006, 000130-000325, Bougere 000059-000063, Riche 000183-000184, Glaser 000045-000064, Shanks 000057-000074, Gibson 000007, Lagarde 000005-000012, 000019, 000021-000025, 000027, 000028, 000031-000038, 000043-000048, 000049-000138, Dean 000003-000004, Reed 001-038, Alford 000026-000038, Koch 001148-001150, Leon 000007-000010, Boutte 047, 105, 121, 126

Photos of mooring ropes used at LNA New Orleans Terminal during Hurricane Katrina, including those produced at PSLC 000752-000800.

Photos of damage to IHNC, 17th Street, and London Avenue floodwalls, including those produced at LNA 000760-000769, 000791-000807, 001162-001171, 001180-001182, 007773,

Bea video at rtsp://169.229.131.16:554/events/publicaffairs/bea.rm, produced in Barge Plaintiffs May 2008 Supplemental Responses to Requests for Production.

Designated portions of Rachael Burnett's deposition, with exhibits.

Ingram Traffic Report, IBCO 0241;

ING 4727 Vessel Status History, IBCO 0231 - 0238;

8/25/05 email from David North re "East Canal Info Update - Tropical Storm Katrina," with attached Daily Position Report(s), IBCO 1454 - 1465;

8/26/05 1:09 pm email from David North, with attached Daily Position Report(s), IBCO 1466 - 1476;

8/26/05 email from Patrick Morton to Victor Schubert re "Buzzi Fleet," IBCO 1427;

8/27/05 email from Zito Dispatch to Patrick Morton, with attachment, IBCO 1410 - 1416;

8/27/05 email from Zito Dispatch to Patrick Morton, with attachment, IBCO 1417 - 1421;

8/27/05 email from Zito Dispatch to Anthony Gex, Ingram manager Patrick Morton etc., IBCO 0728, describing Zito fleet closures;

8/27/05 email from manager David North re "East Canal Info Update, etc.," with attachment, IBCO 1477 - 1506;

8/27/05 email from Zito Dispatch re "Barges in Fleet/Fiber Lift Covers," IBCO 1422 - 1425;

8/26/05 "Barges In Fleet," IBCO 1406 - 1409;

Internet content from www.ingrammarinegroup.com/terminals_lafarge.asp, stating, inter alia, "Ingram affiliates operate the unloading dock at Silvergrove, KY for Lafarge Corporation...etc."

September 1, 2005 correspondence from Ingram Barge to Frank Lazarowicz re "Declaration of Force Majeure-Hurricane Katrina," LNA 282;

9/19/05 correspondence from Daniel Mecklenborg re demand for indemnity, IBCO 1404;

August 2005 towing vendors, IBCO 1357 - 1359;

8/16/05 email from Rachael Burnett to Carrie Jenks, etc., re MidSouth Gulf Coast Terminal Inventory; LNA 115 - 116;

Multi-page email from Carrie Jenks discussing stock shortages, LNA 268 - 274;

8/17/05 email from Rachael Burnett to John Haverkamp, etc., re ING 4727; LNA 120;

8/17/05 email from Rachael Burnett to A.J. Guthrie, etc., re 2 HOT loads of "H" for NOLA/Wlake;

LNA 119;

8/18/05 email from Rachael Burnett to Carrie Jenks, etc., re MidSouth Gulf Coast Inventory 8/18/05; LNA 121;

8/22/05 email from Brad Adkins to Jay Darlington re HOT HOT HOT BARGES; LNA 125;

8/22/05 email from Rachael Burnett to A.J. Guthrie re "H" Plans for Gulf; LNA 127;

8/23/05 email from Rachel Burnett to Brad Adkins re "H" Update for the Gulf; LNA 128;

8/29/05 email from Jon Erbes to John Caldwell re "NOLA?" inquiring as to NOLA terminal emergency plan, LNA 275;

8/29/05 email from Carrie Jenks to Jon Erbes, etc., re "NOLA Barges in Gulf," LNA 148;

8/29/05 email from Rachael Burnett to Rich Corzine re "Ingram Coming to Joppa Plant," LNA 278;

Email and Barge Summary attachment from Steve Buie, LNA 158 - 164;

9/1/05 email from Rachael Burnett to A.J. Guthrie, etc., re "Katrina," LNA 284;

Undated email from Jay Darlington to Jon Erbes re "Barges," LNA 250;

Terminal Inventory Analysis documents, updated 8/16/05, 8/23/05 and 8/24/05, LNA 117, 134 and 137; and Lafarge South Daily Ash Inventory August 29, 2005, LNA 258;

Document bearing "NWO Terminal" at upper left, LNA 106;

Shipyard Supply's "Response to Records Subpoena," pleading and attached invoice for 2" x 720' blue mooring line sold to Lafarge, invoice date August 8, 2005;

Lafarge New Orleans Work Schedule, LNA 468;

Barge unloading report produced as LNA 000105;

New Orleans Terminal shipping document produced at LNA 000106;

Diagram, DOM 00009;

Joseph C. Domino invoice produced as Domino 000008;

Zito Dispatch records of 8/24 - 8/26/05 re ING 4727 produced at Barry Boudreaux deposition;

Zito Algiers Fleet dispatch reports 8/25 - 8/28/05 produced at Barry Boudreaux deposition;

Six pages of handwritten 8/27 notes produced at Barry Boudreaux deposition;

Sabel Steel Service note pad page bearing contact information for Shannon Brake and Chad Wershable produced at Barry Boudreaux deposition;

Detailed Calling By Day logs produced at Barry Boudreaux deposition, to include pages 15, and 25-30 of 38 total pages;

Zito Invoices to Ingram, IBCO 1287, 1290, 1304, 1336;

National Weather Service National Hurricane Center Katrina Graphics Archive consisting of 23 downloaded pages depicting course of Hurricane Katrina from 8/25/05 11:00 a.m. - 8/30/05 10:00 a.m.;

CNN.com three page article, "Forecasters: Katrina to aim for Mississippi, Louisiana;" Exhibit 362 in Phase I, Benchbook;

United States Coast Guard Sector New Orleans Marine Safety Bulletin, Volume V, Issues XXXIII, XXXIV, XXXV;

United States Coast Guard Marine Safety Manual, Ports and Waterways Safety, Volume VI;

USCG Sector New Orleans Hurricane Plan, IBCO 0006 - 156;

CG 2692 Report of Maritime Accident, Injury or Death, IBCO 246, 247;

All documents, writings, photos, video, recordings, diagrams, email, statements, accounts, narratives, transcripts, communications, correspondence, memoranda, records, reports, data, notes and all other things received, obtained, reviewed, considered and/or generated in connection with United States Coast Guard Activity Number 2516389 (August 29, 2005 incident involving Ingram Barge ING 4727 - Katrina - New Orleans, Louisiana); any and all witness accounts provided to USCG concerning ING 4727 and other breakaway barges during Katrina; any and all writings, things, photos, email, documents communications, reports and records provided to the USCG by Lafarge, Ingram and/or any and all other persons and entities concerning the breakaway of ING 4727 and/or breach(es) of the Industrial Canal floodwall during Katrina, including those documents received in response to FOIA Request on the USCG, FOIA H06-014, FOIA 07-0860 dated November 2, 2007 and includes a Marine Information for Safety and Law Enforcement System printouts and Enclosures to Investigation Activity 2516389;

USCG Report of Investigation in the Circumstances Surrounding the Incedent Involving Hurrican Katrina ING4727/Breakaway-Grounding, including investigative Report: Grounding of Hopper Barge ING4727, LNA001361-001388

All documents, writings, and things produced by USCG in response to FOIA 05-161 of November 15, 2005 and which includes ING4727 Vessel Documentation;

Any and all writings, broadcasts, communications, bulletins, email, reports, records, documents, recordings, video, transcripts and other documents and things by which USCG communicated with and/or issued warnings to maritime entities concerning Hurricane Katrina;

USCG log setting Port Condition Whiskey and/or Xray, Yankee, Zulu; LNA 001066-001067, 001069;

USCG Press Release, "Coast Guard Urges Mariners to Prepare for Hurricane Katrina;" dated August 27, 2005 08:43:54 CST, LNA 001068

USCG Press Release, "Media Advisory - Website Launched to Provide Latest Coast Guard Information On Hurricane Katrina Operations," dated August 27, 2005, 09:11:13 CST.

USCG Press Release, "Media Advisory - Coast Guard Prepares for Hurricane Katrina, dated August 27, 2005 18:17:22 CST.

USCG Sector New Orleans Hurricane Plan in effect on August 29, 2005,

U.S. Department of Commerce, Certified True Copies of Meteorological records of the National Climatic Data Center for the period of 08/25/2005 - 08/30/2005 dated January 17, 2007 and certified by Thomas R. Karl;

National Weather Service, National Hurricane Center, Katrina Graphics Archives,web content http://www.nhc.noaa.gov/archive2005/KATRINA graphics.shtml  framea 8 - 31;

National Weather Service, National Hurricane Center, Huricane Katrina Forecase/Advisory Bulletins for August 26- 29, 2005, web content http://www.nhc.noaa.gov/archive/2005/mar/all22005.fstadv

State of Emergency proclamation by Kathleen Blanco, Proclomation No.: 48 KBB 2005, dated August 26, 2005;

The Brookings Institute Hurricane Katrina Timeline, pp. 1-5;

GNOBFA Barge Fleeting Standard of Care & Streamlined Inspection Program Guide Book, IBCO 158 - 226;

Tropical Cyclone Report, Hurricane Katrina 23-30 August 2005, Richard D. Knabb, Jamie R. Thome, and Daniel P. Brown, National Hurricane Center, December 20, 2005, Updated August 10, 2006 for tropical wave history, storm surge, tornadoes, surface observations, fatalities and damage cost estimates.

Ingram Barge Maintenance Manager Job Description, Cook deposition Exhibit 5;

Stanley Cook's "Feb 07" diagram of the Lafarge dock, Exhibit 4 of his deposition;

Timeline chart of events prepared by Don Green.

Regulations/standards of care chart prepared by Don Green.

Ingram Barge Company's Supplemental Responses to Phase II Requests for Productions and attachments including email thread beginning with August 26, 2005 4:39 p.m. email from Cornel Smith at Teco;

Ingram Marine Group, Safety Policy and Procedure Manual, revised November 2003;

Joseph C. Domino's Policies and Procedures Manual, No. 022, Dom 0014-0149;

Web content - About TECO Bulk Terminal;

Recorded and/or transcribed statement of Arthur Murph referenced in his deposition and previously produced to counsel; Murph 000001-000016

Any and all tapes and/or transcripts Centanni Interviews, including those produced as LNA 001605-LNA004143, 05778-05801;

Any and all LSU documents, writings, statements, photos, video, models, simulations, recordings, publications, memoranda, correspondence, communications, records, logs, reports, data, summaries, test results, measurements, calculations, notes, narratives, and other writings and things generated, obtained, reviewed and/or considered in connection with any and all information, opinions, findings, and conclusions expressed in the Executive Summary and Sections (1), (2), (3), (6), (7), (8), and (12) of "Annual Interim Progress Report - Assessment and Remediation of Public Health Impacts Due to Hurricanes and Major Flooding Events - HEF (2001-06)-01 (Year 4)"; available at http://www.publichealth.hurricane.lsu.edu/TeanLA.htm

Any and all data, measurements, report, documents, writings, communications, things, studies, calculations, records, texts, publications, opinions, notes, statements, accounts, narratives, interviews, and all other materials and things in the possession, custody of control of LSU pertaining to breaches of the Industrial Canal Floodwall during Katrina and/or flooding in the Lower Ninth Ward and St. Bernard, and/or Ingram Barge 4727;

New Jourdan, LLC Articles of Organization, Initial, Annual and Interim Reports, any and all books, ledgers, bank account statements, accounting records, banking receipts, checks, drafts, deposits, and any and all other writings in the possession, custody or control of New Jourdan, LLC reflecting receipt, deposit, payment, transfer, investment, withdrawal and/or disposition of any and all funds forming any part of settlement with Arthur Murph and/or purchase and/or sale of 1739 Jourdan Avenue and/or 105 Berkley Drive; any and all documents and things in the possession, custody or control of New Jourdan, LLC pertinent to and/or reflecting terms of settlement with Arthur Murph including but not limited to writings, agreements, covenants, contracts, release, compromise, transaction, payments, receipts, and all other writings and things responsive to the request; any and all factual accounts, statements, narratives, reports and recollections in the custody, control or possession of New Jourdan, LLC obtained from Arthur Murph and/or Jeanne Murph relative to events observed and/or perceived during Hurricane Katrina, including the certificate of good standing  and annual report purchased from the Louisiana Secretary of State Website.

Any and all documents, writings, things, recordings, records, reports, logs, histories and any other type of material relating to NOPD Item No. H-49870-05;

Any and all 8/29/05 911 calls, tapes, logs, reports, etc. from persons in affected areas and produced by LNA;

Photos and video provided by James Reed of his home, flooding there, and effects of flooding including those produced at Reed 0001-038;

LA Secretary of State filings by New Jourdan, LLC and/or New Berkley, LLC including those produced by New Jordan pursuant to a Rule 45 FRCP request;

February 9, 2006 act of sale ("Cash Sale" of 105 Berkley Drive, New Orleans, Louisiana, from Hummel Construction, LLC to Jeanne Church Murph and Arthur L. Murph, Jr.  Any and all evidence of mortgage, promissory notes, settlement statements, agreements, covenants, correspondence, memoranda, abstracts, disclosures, addenda, attachments, buy-sell agreements, conditions, terms, and any and all other writings generated, obtained and/or executed in connection with, ancillary to, precedent to and/or antecedent to 105 Berkley Drive, and/or bearing the name(s) of any seller, buyer, mortgagor, mortgagee and/or intervenor and/or any other party(ies) to said sale and /or agreements ancillary matters in the possession, custody or control of True Title and/or G. Patrick Hand, Esq. and/or others.  Any and all Crescent Bank notes, records, logs, requests, carbon copies, photo copies, correspondence, orders, payments, receipts, registers, statements, ledgers and other writings and documents in your possession, custody or control related to Crescent Bank and Trust Official Check No. 794153976 dated 02-09-06 payable to True Title in the amount of $227, 236.36 re Purchase of 105 Berkley,  NOLA, True Title  000001-000114.

January 21, 2005, act of sale ("Cash Sale" of 1739 Jourdan Avenue, New Orleans, Louisiana, from Shirley Priestly, Laverne Fleming, Jennifer Fernandez, Vanus Priestly and Wayne Priestly to Jeanne A. Church Murph and Arthur L. Murph, Jr.Any and all evidence of mortgage, promissory notes, settlement statements, agreements, covenants, correspondence, memoranda, abstracts, disclosures, addenda, attachments, buy-sell agreements, conditions, terms, and any and all other writings generated, obtained and/or executed in connection with, ancillary to, precedent to and/or antecedent to 1739 Jourdan Avenue and/or bearing the name(s) of any seller, buyer, mortgagor, mortgagee and/or intervenor and/or any other party(ies) to said sale;

Any and all logs, notes, correspondence, reports, statements, records, accounts, photos, video, recordings and other documents, writings and things memorializing any and all observations of Inner Harbor Navigation Canal Lockmaster Michael O'Dowd and/or any and all other persons in the lockmaster's station on August 29, 2005 concerning any and all flooding, breaches of the IHNC floodwalls, presence and/or movements of Ingram Barge ING 4727, and any and all other events, circumstances and occurrences during Katrina, including ERD-014-0000000 produced by U.S. on Vol. KC815.

Final report, interim reports and all drafts of The Performance Evaluation of the New Orleans and Southeast Lousiana Hurricane Protection System conducted by The Interagency Evaluation Task Force (IPET), including but not limited to Appendix, E by Westerink, Ebersoll and Winer.  Any and

all information and documents used or generated by the IPET, including but not limited to any and all reference material, backup material, data, reports, exhibit material, studies, test results, photographs, diagrams, radar illustrations, models, simulations, calculations, memoranda, e-mails, etc. Any and all information and documents used or generated by IPET specifically regarding that portion of the March 10 2006 interim final release report containing the physics calculations that address the feasibility of a barge, such as barge ING 4727, having struck the Inner Harbor Navigation Canal east bank flood wall and/or levee adjacent to the 9th Ward Neighborhood thereby contributing to the breach or collapse thereof. Any and all other information and documents used or generated by the IPET, including any and all reference material, backup material, data, reports, exhibit material, hypotheses, studies, test results, photographs, diagrams, radar illustrations, models, simulations, calculations, memoranda, e-mails, etc. that in any manner addresses the feasibility of a barge , such as barge ING 4727, having struck the Inner Harbor Navigation Canal east bank flood wall and/or levee adjacent to the 9th Ward Neighborhood thereby contributing to the breach or collapse thereof and causing the adjacent neighborhood to flood.

Any and all draft reports, preliminary reports and final report, for both Volume I (Main Text and Executive Summary) and Volume II (Appendices) of ILIT;"Investigation of the Performance of the New Orleans Flood Protection Systems in Hurricane Katrina on August 29, 2005; any and all reference material, backup material, data, reports, exhibit material, data, calculations, studies, test results, photographs, diagrams, radar illustrations, imaging, models, simulations, calculations, e-mails, etc referenced or relied on by said report including but not limited to all materials referenced by Volume II, Appendices, including Appendix A "Terrestrial LIDAR Imagery of New Orleans Levees Affected by Hurricane Katrina", Appendix B, "Boring Logs", Appendix C, "CPT LOGS", Appendix D "STE Laboratory Testing", Appendix E, "U.C. Berkeley Laboratory Testing and ILIT In-Situ Field Vane Shearing Testing", Appendix F: Looking Back, Appendix G: Looking Forward; Appendix H: "How Safe is Safe?" and Appendix I "Erosion Test Results on New Orleans Levee Samples;" any and all reference material, backup material, data, reports, exhibit material, studies, test results, photographs, diagrams, radar illustrations, models, simulations, calculations, e-mails, etc., that pertain to the two breaches that occurred to the east bank flood wall or levee adjacent to the 9th Ward Neighborhood including but not limited to any and all documents concerning ING 4727 and what role if any it possibly had; Any and all documents, things, accounts, texts, studies, statements, assumptions, data, calculations and other writings, things, facts and opinions received, obtained, reviewed, relied upon and/or generated in connection with the ILIT's conclusions.

Any and all materials, documents and things produced by the Louisiana Governor's Office of Homeland Security and Emergency Preparedness in response to Barge Plaintiffs' Fed. R. Civ. P 45 request.

February 20, 2008 correspondence of from Michael Gold in response to Barge Plaintiffs' Fed. R. Civ. P. 45 request to the National Institute of Standards and Technology and/or National Science Foundation, stating the absence of any materials concerning the "stopped clock method" implemented to surmise flood times.

Lists of Timepieces Collected/Timepieces Recovered printed 2/26/2008 and produced by LNA;

Years 2000 - present U.S. Census data pertinent to proposed class geography;

LNA 000485 - 000738 provided via by-hand delivery of compact disc on or about January 18, 2008;

Cellular telephone records of Jennifer Fernandez, for billing cycle 02/15/06 - 03/14/06 and relating to cellular telephone number (504)289-4816, page 8 of 12.

Any and all SEC and/or other transactional, securities and other records, documents and things regarding transactions involving Lafarge North America, Lafarge SA and/or Efalar, owners, directors and officers thereof, relationships there-between, and/or timing, nature, purpose and effects of any and all such transactions.

Certified copies of any and all policies of insurance purporting to extend to any defendant(s) coverage for the events and damages subject of suit;

Quicktime movie content from http://www.washingtonpost.com/wp-dyn/content/panorama/2005/09/29/PA2005092900922.html and http://www.washingtonpost.com/wp-dyn/content/panorama/2005/10/03/PA2005100301672.html

Photos of WGI borrow pits along the eastern side of the IHNC. PSLC 000083-000086;

ABC News broadcast - David Muir's interview of Joe Edwards - containing images of scrape marks along inside of eastern IHNC floodwall near south breach.

Animations of reconstruction of movements of ING 4727 and impacts with eastern IHNC floodwall, and floodwall failures.

Any and all articles, notices, advertisements, statements, newspapers, periodicals, magazines and other publicly communicated accounts of the breakaway of the ING 4727 and/or the breach of the Industrial Canal floodwall, including those produced as Lagarde 000001-0000048, 0000125, 000138, Warren 000043, R.Green 000016-000028, PSLC 000052 - 000082, PSLC 000113 - 000117, PSLC 000299, PSLC 000120-000214, Weber 000001.

Any and all documents and things produced by the United States in 05-4182;

Any and all documents produced by the Sewerage & Water Board, SWB-ED-F0013-021756 to SWB-ED-F0054-21892, SWB-ED-M0001-000147 to 153,SWB-ED-M0001-000139to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157

Any and all financial, revenue, tax, inventory, and/or ownership records of business in the proposed class geography; including those produced as Riche 000024-000182, 000198-000283. Glaser 000001-000044, , Daniels 000026-000040, Gibson 000013 - 000064, Sutton 000001-000051, Perry 000103-000200, Koch 000489-000553, 001142-001147, Daniels 000043, Boutte 00001 - 000027, Perry 000102, Sutton 000036;

Any and all leases and income records relevant to rental property in the proposed class geography including those produced as  Warren 000034-000041, Perry 000201-000215, Koch 000518-000553,Moses 000001-000003;

Any and all ownership documents relative to real property in the proposed class geography including those produced as Benoit 000001-00008, Adams 000003-000008, Daniels 000001-000025, 000041-000042, R.Green 000001, 000005-000015, 000029-000032, D.Green 000001-000005, 000011-000048, J.Green 000001, E.Green 000001-000003, Leon 000001-000003, Dean 000001-000013, 000016, Mumford 000001-000013, 000016-000023, Richardson 000006-000010, 000045-000049, Riche 000001-000023, Koch 000005-000023, 001142-001147, Boutte 000001-000025, Harris 0000123, Warren 000001-000032, Gibson 000001-000006, Shanks 000006-000007, Lagarde 000161-000167, Alford 000001-000025, Perry 000001-000008, Sutton 000041

Any and all residential contents inventories, ownership documents, valuation documents including those produced at Shanks 000025-000035, Harris 000005, Lagarde 000141-000142, Lagarde 000156-000159, 000169- 000171, Adams 000002, 000010-000012, Dean 000011-000013, R.Green 000029-000032, D.Green 000045, Bougere 000065-000066, 000112-000120, Riche 000043, Riche 000172-000175, Warren 000033, Glaser 000071-000072, Pritchett 000001, Mumford 000001-000013, 000101-000102, Perry 000009-000019, 000093-000102, Moses 000001-000003, Harris 000005, Daniels 000043-000050, Leon 000004-000006;

Any and all appraisal and/or evaluation documents as to real property in the proposed class geography; Are there specific documents pertinent to specific properties.

Any and all construction, repair, remediation documents relevant to real property in the proposed class geography, including those produced as Gibson 000065-000086, Koch 000025-000488, 000554-000824, 001151--001166, Mumford 000040, 000048-000061, 000064-000065, 000076-000079, 000083-000089, Richardson 000045-000049, 000053-000114, Harris 000007-0000122, 0000126-0000129;

Any and all evidence of evaluation and/or payment by homeowners and/or flood insurers, the LRA, and/or any other entity generating documents reflecting damages and/or compensation therefor including those produced at Harris 000001-000002, 0000124-000125, Sutton 000001, Riche 000177-000182, 000185-000197, Glaser 000068-000072, Bougere 000064-000066, Gibson 000002, Warren 000020-000032, Shanks 000019-000024, Koch 000380-000488, Lagarde 000139-000142, 000145-000160, Daniels 000017-000025, R.Green 000006, 000008-000012, Dean 000006-000010, 000014-000015, Adams 000003, Alford 000001-000002, Bougere 000114-000118, Perry 000020-00092, Mumford 000014-000015, 000024-000030, Richardson 000027-000044, 000118- 000119, Harris 114-125, Richardson 000020, Harris 000004-000005, Glaser 000067-000066, 000070-000072, Koch 000032, 000059, 000360, Shanks 000009-000018, Benoit 00001-00004, Adams 00001, Daniels 000014, D.Green 000001-000003, Alford 000003-000025, Lagarde 000169 - 000171, Perry 000009-000012, 000028, 000032, Mumford 000031-000039, 000041-000047, 000066-000075, Bougere 000119-000120;

Any and all documents and things reflecting business losses by class members including those produced at Riche 000024-000182, 000198-000283 and 000284-010284(to be produced September

5, 2008) Glaser 000001-000044, , Daniels 000026-000040, Gibson 000013 - 000064, Sutton 000001-000041, Perry 000103-000200,   Koch 000489-000553, 001142-001147**,** (Lease Agreements/rental receipts) Warren 000034-000041, Perry 000201-000215, Koch 000518-000553**.** (Miscellaneous Business Documents) Daniels 000043, Boutte 00001 - 000027, Perry 000102, Sutton 000036.

Any and all documents and things reflecting property loss by class members including insurance documents and claims including those produced at Richardson 000020, Harris 000004-000005, Glaser 000067-000066, 000070-000072, Koch 000032, 000059, 000360, Shanks 000009-000018, Benoit 00001-00004, Adams 00001, Daniels 000014, D.Green 000001-000003, Alford 000003-000025, Lagarde 000169 - 000171, Perry 000009-000012, 000028, 000032, Mumford 000031-000039, 000041-000047, 000066-000075, 000090-000106, Bougere 000119-000120.;

Any and all documents and things reflecting emotional damages by class members including but not limited to those produced as Bougere 000002 through 000058, 000119-0150; Weber 000003-000023-000052, Carter 00001-00016 and Perry 000232-000694.

Any documents relating to any personal injury other than emotional distress including  personal injury caused by aggravation of preexisting conditions to include those produced at Weber 000053-000145, Koch 000871-001142, Shanks 000038-000056 and Perry 000232-000694).

Any and all documents relating to wrongful death including those produced at Weber 000002, D.Green 000010 and Richardson 000021,  000050-000052;

Any and all documents and things pertinent to environmental pollution/contamination including those produced at Aurora 000001 through 000017;

Any and all data, files, photos, exhibits and other contents contained on discs provided to Lafarge North America, including but not limited to discs bearing identification codes 080520_1544 and 080702_1720;

Video provided by Sal Gutierrez taken at St. Bernard Parish Courthouse;

Storm track animation .gif identified as at200512_verify.gif ;

Certified copies of any and all policies of insurance purporting to extend to any defendant(s) coverage for the events and damages subject of suit including but not limited to those issued by CNA to Unique Towing, Policy No. H 1016190, by Gulf Coast Marine to Joseph C. Domino, GCM 20586, by The American Club to Lafarge North America on March 31, 2005, LNA 000006-000066, by NYMAGIC, AHA and NACA to Lafarge, by Marsh USA to Ingram Industries, IBCO 0395-0496, by Marsh to Ingram Industries, IBCO0248-0315, by Marsh to Ingram , IBCO 0316-0394,Underwriters at Lloyds, London to Ingram IBCO 0497-0570;

Any and all depositions of unavailable witnesses, and/or for purposes of rebuttal, impeachment or refreshment of recollection;

Any and all documents and things provided to Barge Entities pursuant to discovery requests to Barge Plaintiffs;

Any and all discovery responses, exhibits, attachment and production by Ingram Barge Company, Lafarge North America, Zito Towing, Zito Fleeting, Domino Towing, Unique Towing, and any and all other parties to Robinson and/or Katrina Canal Breaches Consolidated Litigation, including but not limited to Barge, Levee, MRGO.

Any and all expert reports and attachments, expert disclosures, and/or materials, texts, treatises, data, calculations, witness accounts, photos, video, depictions, charts, graphs and other things relied upon, reviewed, and/or considered by, any expert witnesses in Barge and/or MRGO litigation tracks, including but not limited to those of Barge Plaintiffs' and/or Lafarge's class certification and/or merits experts.

Any and all charts, maps, demonstratives, charts, graphics and other demonstrative evidence or exhibits displaying expert opinion, and/or the things, locations and events subject of suit.

Any and all In Re Ingram Barge Company, etc. Phase I and/or Phase II Trial Exhibits, 05-4419 c/w 06-3313;

Mooring lines presented by Lafarge for inspection.

Any and all discovery, depositions, exhibits and attachments to any and all depositions in 05-4419 and/or 06-3313 and/or 05-4182 and/or Robinson.

Any and all pleadings, memoranda, exhibits, proof, attachment submissions and other items in the record of 05-4419 and/or 06-3313 and/or 05-4182 and/or Robinson.

Any and all listed, offered, relied upon, proffered, demonstrated, published or introduced by any other party or parties;

Any and all yet to be investigated, discovered, determined and/or identified.

The above lists represent Barge plaintiffs best efforts.  Active discovery is ongoing and plaintiffs reserve the right to supplement or amend in accord with law and court order.

Respectfully Submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com,
karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com,
ddruker@wgdnlaw1.com

/s/Shawn Khorrami
Shawn Khorrami (CA SBN #14011)
H. Scott Leviant (CA SBN #200834)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimilie: (213) 596-6010
e-mail: Skhorrami@kpalawyers.com;
hsleviant@kpalawyers.com;
Mbailey@kpalawyers.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon

counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or

ECF upload, this 20th day of October, 2008.


          \s\Brian A. Gilbert
          BRIAN A. GILBERT