UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 "K"(2) |
| PERTAINS TO: ROAD HOME *Louisiana State*, C.A. No. 07-5528; and | * * | JUDGE DUVAL |
| | * | |
| INSURANCE:   *Abadie*, 06-5164; and | * * | MAGISTRATE WILKINSON |
| INSURANCE:   *Abadie*, 07-5112 | | |

**************************************************************************

**JOINT MOTION AND STIPULATION FOR
<u>HANDLING OF SETTLEMENT FUNDS</u>**

Now into court, through their respective undersigned counsel, come:

1. Various plaintiffs in the cases of *Connie Abadie, et al v. Aegis Security Ins. Co., Allstate, et al.,* United States District Court for the Eastern District of Louisiana, Civil Action No. 06-5164 and *Susan Abadie, et al. v. Aegis Security Ins. Co., Allstate, et al.*, United States District Court for the Eastern District of Louisiana, Civil Action No. 07-5112, represented by Joseph Bruno of the Law Office of Joseph Bruno and limited to those plaintiffs in each case having both a claim against either Allstate Insurance Company or Allstate Indemnity Company

- 2 -

and having closed on his or her Road Home Grant with the Louisiana Road Home Program (collectively "Plaintiffs");

    2. State of Louisiana, Division of Administration, Office of Community Development ("State"), which expressly acknowledges that its undersigned counsel has authority to file the Joint Motion and Stipulation for Handling of Settlement Funds; and

    3. Allstate Insurance Company and Allstate Indemnity Company (collectively "Allstate");

and who upon suggesting to this Honorable Court that (1) the various Plaintiffs have amicably resolved their claims asserted against Allstate; (2) that the Plaintiffs were recipients of grants under the Louisiana Road Home Program; (3) that the State has been notified of pending settlements between each of these Plaintiffs and Allstate; (4) that the State has by a separate confidential document executed a release of its alleged claims against Allstate stemming from the Plaintiffs' execution of the Limited Assignment/Subrogation Agreement in which certain rights were allegedly transferred from the Plaintiffs to the State ("Release of Certain Subrogation Claims"); (5) the State also recognizes that certain of the insurance policies issued to the Plaintiffs are subject to loss payee provisions and/or legal subrogation rights and therefore require the naming of certain lienholders or other loss payees on the insurance settlement payments; (6) to provide for a more efficient distribution of settlement funds, as to the payments made to the Plaintiffs and to which the State has consented, the State expressly directs and instructs Allstate not to include the State as a loss payee on any settlement checks with the Plaintiffs once a "Release of Certain Subrogation Claims" is signed by the State for the particular

- 3 -

Plaintiff, and Allstate shall list only the individual Plaintiffs for each settlement and the Law Offices of Joseph Bruno and any required loss payee (but not the State) for each claim; (7) and the parties agree, and undersigned counsel for Plaintiff is ordered by this Court to, upon the negotiation of any of the settlement checks issued by Allstate for dwelling damages, place in Mr. Bruno's trust account the amount claimed by the State as its recovery of benefits, which amounts are to be held in trust pursuant to Rule 1.15 of the Louisiana Rules of Professional Responsibility and shall not be distributed by undersigned counsel for the plaintiffs without the State's written agreement signed by a duly authorized representative of the State of Louisiana; (8) the undersigned counsel for the Plaintiffs shall not surrender to any other person any unnegotiated settlement check for dwelling damages paid in accordance herewith without the State's written agreement signed by a duly authorized representative of the State of Louisiana, unless in accordance with a written settlement protocol signed by a duly authorized representative of the State of Louisiana; (9) the undersigned counsel for the plaintiffs shall provide a monthly accounting and reconciliation to the State of the trust account reflecting the status of funds held pursuant to this stipulation and order and the status of any uncashed checks, and (10) the State hereby releases, acquits and forever discharges Allstate from any and all claims arising from, related to, or in any way connected with Allstate's failure to include the State as a payee on any check subject to this stipulation and order.

120307

**WHEREFORE,** the parties request that the Court adopt the attached order making this Stipulation the order of this Court.

Respectfully Submitted,

/s/Joseph M. Bruno
Joseph M. Bruno, 3604
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  504/525-1335

Attorneys for Plaintiffs

/s/Judy Y. Barrasso
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Barrasso Usdin Kupperman
  Freeman & Sarver, LLC
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  504/589-9700

Attorneys for Allstate Insurance Company and
Allstate Indemnity Company

/s/James D. "Buddy" Caldwell
The Honorable James D. "Buddy" Caldwell, 2211
ATTORNEY GENERAL, STATE OF LOUISIANA
James Trey Phillips, 19978
ASSISTANT ATTORNEY GENERAL,
  STATE OF LOUISIANA
1885 North Third street, 6th Floor
Baton Rouge, Louisiana  70802
Telephone:  225/326-6040

Attorneys for State of Louisiana,
  Division of Administration,
  Office of Community Development

120307

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Joint Motion and Stipulation for Handling of Settlement Funds has been filed electronically with this Court which will send electronic noticing to all parties, this 21st day of October, 2008.

/s/Judy Y. Barrasso