UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                          CIVIL ACTION
       CONSOLIDATED LITIGATION
                                                           NO. 05-4182

PERTAINS TO: **LEVEE**                                  SECTION "K"(2)
                **DEPASS, 06-5127**
                **BOURGEOIS, 06-5131**
                **SIMS, 06-5116**

**ORDER AND REASONS**

Before the Court are two motions for reconsideration regarding this Court's Order dismissing claims against the New Orleans Sewerage and Water Board ("SWB"). Motions have been filed on behalf of plaintiffs in the *DePass*, *Bourgeois*, and *Sims* cases (collectively "Plaintiffs") (Rec. Doc. 13723) ("Pl. Mot."), as well as by the Orleans Levee District ("OLD") (Rec. Doc. 13728) ("OLD Mot.").[1]  In light of these motions and the relevant law, this Court will grant OLD's motion, and it will grant Plaintiffs' motion in part and deny it in part.

**I.  FACTS**

These motions arise out of the complaints presented by Plaintiffs against the SWB and OLD, alleging various failures by these entities prior to and during Hurricane Katrina.  SWB sought dismissal of the claims against it in a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).  (Rec. Doc. 8893).  SWB sought dismissal on the following

---

[1]All citations to pleadings refer to those documents docketed on Civ. A. No. 05-4182, unless otherwise noted.

grounds: (1) La. Rev. Stat. § 29:735 provides immunity to SWB for any negligence that occurred during Hurricane Katrina; (2) SWB had no *garde* over the levees, drainage canals, or drainage ditches; (3) if SWB does have *garde* over those structures, then SWB is afforded immunity under La. Rev. Stat. § 9:2800(H); and (4) no allegations may be maintained on the "acts of assurance."  This Court granted the motion in its Order and Reasons dated June 24, 2008. ("Order") (Rec. Doc. 13613).  In that Order, this Court held that La. Rev. Stat. § 29:735 did immunize SWB from liability for any negligence that occurred in operating flood control structures during the hurricane.  Order at 4-5.  However, the Court found that La. Rev. Stat. § 29:735 did not apply to any allegations of negligence in maintaining the flood control structures Order at 5-6.  The Court further dismissed all claims against SWB based on SWB's alleged *garde* over "water pumping stations" and the "flood water pump system."  Order at 6.  The Court reasoned that *garde* over those structures was reserved to the Orleans Levee District, and therefore the issue of immunity under La. Rev. Stat. § 9:2800(H) need not be addressed.  Order at 6-8.  Finally, the Court found that any "acts of assurance" could not form the basis for a cause of action.  Order at 8-10.  The Court's final order in the matter granted the motion to dismiss all claims except for those claims "regarding the Sewerage and Water Board's alleged negligence in maintaining flood control structures."  Order at 11.

Following this Court's issuance of its Order, OLD and Plaintiffs filed the respective motions for reconsideration.  OLD asserts in its motion that this Court erred in dismissing the claims against SWB "insofar as the Order states that the Orleans Levee District has garde over the flood water pump system, flood water pumping system and/or flood system."  OLD Mot. at 1.  OLD points out that under La. Rev. Stat. § 33:4071, SWB indeed does have *garde* over the

flood water pumping system.  OLD Mot. at 5 n.7.  Plaintiffs seek reconsideration of its Order to reflect the Louisiana Supreme Court's holding in *Burmaster v. Plaquemines Parish Government*, 982 So.2d 795 (La. 2008), in which that court decided that "application of [La. Rev. Stat. § 9:2800(H)] to claims that had accrued, become vested, and were pending prior to June 22, 2006, the effective date of the act, divested plaintiffs of their due process rights in violation of the Louisiana and United States Constitutions."  Pl. Mot. at 4.

SWB has opposed these motions.  In response to OLD's motion, SWB claims that this Court did not define the term "flood water pumping system" and the like, and moreover that this Court's holding that OLD had *garde* over such structures has no bearing on SWB's motion.  Opposition to OLD Motion at 1 ("Opp. to OLD") (Rec. Doc. 13844).  In opposition to the motion filed by Plaintiffs, SWB asserts that *Burmaster* has no impact on this Court's prior Order because this Court did not rely on La. Rev. Stat. § 9:2800(H) in dismissing the complaint against SWB.  Opposition to Plaintiffs' Motion at 4 ("Opp. to Pl.") (Rec. Doc. 13843).  Moreover, SWB proposes that, if this Court does revisit its ruling, it should dismiss the claims regarding SWB's failure to maintain drainage canals as the Plaintiffs do not allege "what maintenance was lacking or how the lack of maintenance of the canals caused their harm."  Opp. to Pl. at 4-5.

Prior to further consideration of this matter, this Court notes that no reconsideration has been proposed by any party regarding this Court's holding concerning the "acts of assurance." Accordingly, that part of the Court's Order will be unaffected.

**II. ANALYSIS**

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure."  *Bass*

3

*v. U.S. Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). "However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion because that suspends the time for filing a notice of appeal." *Id.* "A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief from judgment." *James v. Miller*, Civ. A. No. 05-0118, 2008 WL 2011844, at *1 (E.D. La. May 8, 2008). As both Plaintiffs' motion and OLD's motion were filed within ten days of this Court's Order, Rule 59(e) applies here.[2] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "A motion to reconsider should be granted only where the movant demonstrates: (1) intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent injustice." *In re Vioxx Prods. Liab. Litig.*, 230 F.R.D. 473, 474 (E.D. La. 2005) (Fallon, J.). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC,* Civ. A. No. 07-3779, 2008 WL 3285907, at *3 (E.D. La. Aug.6, 2008). "It is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), *citing Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

---

[2]This Court issued its Order on June 24, 2008, and both motions to reconsider were filed on July 7, 2008. Excluding weekends, these motions were timely filed. *See* Fed. R. Civ. P. 6(a)(2).

4

**A. OLD's Motion for Reconsideration**

OLD seeks reconsideration regarding this Court's decision that SWB did not have *garde* over the flood pumping systems in Orleans Parish.

It is clear that reconsideration is warranted in this case. This Court's prior Order dismissed those claims against SWB regarding its *garde* over the Orleans "water pumping system," "water pumping stations," "flood water pump system," and "flood water pumping system." Order at 6-8. However, according to La. Rev. Stat. § 33:4071, "The public water system, the public sewerage system, and the public drainage system of the city of New Orleans shall be constructed, controlled, maintained, and operated by a sewerage and water board." La. Rev. Stat. § 33:4071(A)(1). This Court's prior Order dated October 12, 2007 (Rec. Doc. 8389) clearly explained that OLD had statutory authority over the *levee* system, not the flood water pumping system.[3] Indeed, SWB's original motion to dismiss only sought dismissal of those allegations against SWB concerning its alleged *garde* over the "levees, drainage canals, and drainage ditches." (Rec. Doc. 8893). The Court erred in dismissing all of the allegations of

---

[3]The Court explained in that Order:

> This delegation is manifested in La. Rev. Stat. 38:281(6), which provides that a levee district "means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits." In addition, La. Rev. Stat. 38:325(A)(1) and (2) mandates that levee boards engage in any activities related to flood protection and maintenance of levees. Finally, La. Rev. Stat. 38:307 provides that Orleans Levee District "shall have full and exclusive right, jurisdiction, power, and authority" with respect to the levees. Thus, these claims are without merit.

(Rec. Doc. 8389).

*garde* against SWB on the grounds that Louisiana statutes grant *garde* of the flood water pump system to OLD.  Accordingly, this Court will grant OLD's motion to reconsider its prior Order regarding allegations of *garde* against SWB.

SWB originally sought dismissal of all allegations of *garde* concerning "levees, drainage canals, and drainage ditches."  (Rec. Doc. 8893).  As stated previously, La. Rev. Stat. § 33:4071 provides that the SWB has jurisdiction over "[t]he public water system, the public sewerage system, and the public drainage system."  Levee districts, in comparison, is a political subdivision "organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits."  La. Rev. Stat. § 38:281(6).  OLD more specifically has the duty to maintain "levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects and to conduct all dredging operations necessary."  La. Rev. Stat. § 38:307(A)(1).  In interpreting these statutes together, it appears that OLD has sole jurisdiction over levees in Orleans Parish, and accordingly those allegations against SWB concerning its *garde* over levees should be dismissed.  However, the allegations concerning SWB's *garde* over "drainage canals" and "drainage ditches" could refer to SWB's jurisdiction over "the public drainage system."  Arguably, OLD has joint or sole jurisdiction over these structures considering its authority over "drainage," but such issues appear to require factual development and would be more appropriately addressed in summary judgment or at trial instead of a motion to dismiss.  For the sake of clarity, the Court will list the relevant allegations against SWB as related in the *DePass* complaints.

In the original *DePass* complaint, the Plaintiffs made the following allegations:

6

¶4.  Made Defendant herein is the Sewerage & Water Board of New Orleans, a political Subdivision of the State of Louisiana created by La. R.S. 33:401 et seq., for the purposes of constructing, controlling, maintaining, and operating the public drainage system of the city of New Orleans;

. . . .

¶24.  The New Orleans Sewerage and Water Board is charged with the responsibility of operating the pumping station and drainage canals which feed the 17th Street Canal from the East, including the Broad Street Pumping Station and the Palmetto and Florida Avenue Canals;

¶25.  The East Jefferson Levee District, the Parish of Jefferson and/or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating the Hoey Canal, including the drainage for Metairie and the Hoey Canal Gate;

¶26.  The East Jefferson Levee District, the Parish of Jefferson and the Sewerage and Water Board are charged with the responsibility of maintaining the 17th Street Canal;

¶27.  The Plaintiffs' damages resulted from the closure of the 17th Street Canal, and the continued operation of the pumping stations feeding the 17th Street Canal and the failure to close the Hoey Canal flow, not within the reach of Section 702(c) of the Flood Control Act of 1928;

¶28.  The Sewerage and Water Board is charged by law with the responsibility of operating the pumping stations, drainage ditches and canals feeding the 17th Street Canal from east, including the Broad Street, Florida Avenue and New Basin pumping station, and the Palmetto Canal;

. . . .

¶31.  The East Jefferson Levee District, the Parish of Jefferson and/or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating drainage ditches which flow into the 17th Canal from the West.

. . . .

¶57.  The defendant Sewerage & Water Board is sued under a first Act of Assurance given under dates of February 18, 1997, pursuant to and in furtherance of Public Law 298 of the 89th Congress which authorized the

7

       construction of the Lake Pontchartrain, Louisiana Vicinity Hurricane Protection Project, and the Reevaluation Study, dated December 1983, approved February 7th 1985 which authorized the construction of the High Level Plan, and agreed to hold and save the Government free from damages due to the construction works;

¶58.    Under the second Act of Assurance the Sewerage & Water Board assured the Secretary of the Army that it had the authority and capability to furnish local cooperation required by federal legislation authorizing the fronting protection to pumping station No. 6 located at the 17th Street Canal, and with the consent of the Orleans Levee District and the East Jefferson Levee District in which it "agreed(d) that it will:

       (a) Hold and save the Government free from all damages arising from the operation, maintenance[,] repair[,] replacement and rehabilitation of the fronting project, and any fronting project related betterments, except for damages due to the fault of the Government or Government contractors;"

    . . . .

¶68.    The Sewerage and Water Board is liable for the failure to maintain the drainage canals under its jurisdiction including the New London, 17th Street and Orleans Canals;

¶69.    Plaintiffs avail themselves of the right of direct action against the Sewerage & Water Board under the February 1997 Act of Assurance under R.S. 22:655;

¶70.    Plaintiffs are the third party beneficiaries of the covenant given by the Sewerage & Water Board in favor of the United States Secretary of the Army and are entitled to, and hereby, avail themselves of the benefits under the doctrine "stipulation pour autri" and Civil Code Article 1978;

¶71.    The Sewerage & Water Board is liable under Civil Code Article 2322 for the deterioration of the levees and levee improvements and structures known to it before the events causing loss and damage and the failure to repair same.

¶72.    The Sewerage & Water Board is liable for the failure to maintain the drainage canals as required by state law and/or by its Acts of Assurance with the United States Corps of Engineers.

    . . . .

8

¶76. The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the drainage lines to prevent back flow from the 17th Street Canal into Metairie, which flooded Plaintiffs['] properties;

¶77. The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the Hoey [C]anal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs['] properties;

¶78. The Sewerage and Water Board [was] negligent in failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs['] properties;

¶79. The Sewerage and Water Board was negligent in failing to halt the pumping at feeder stations, Broad Street and Florida, given the closure of the 17th Street Canal, thus pumping flood and rain water into the 17th Street Canal and the Hoey Canal, damaging [P]laintiffs['] property.

Original Complaint (Civ. A. No. 06-5127, Rec. Doc. 1).  In light of the statutory authority that has been iterated herein, this Court finds that ¶ 71 of the original complaint should be dismissed because it specifically alleges that SWB is liable for deterioration of the levees, for which SWB clearly does not have responsibility under La. Rev. Stat. §§ 33:4071, 38:281(6) and 38:307(A)(1).  All other allegations concern failures to manage, maintain, or operate the pumps, drainage canals and drainage system, over which SWB plausibly has responsibility under La. Rev. Stat. § 33:4071.  For clarity to the parties, the Court also notes that the allegations against SWB in ¶¶ 57, 58, 69, 70, and 72 have been dismissed by this Court's prior Order insofar as they base liability on acts of assurances.

The allegations in the First Amended Complaint regarding SWB include the following:

¶71.1. The New Orleans Sewerage and Water Board acquired certain lands from the Jefferson and Lake Pontchartrain Railway Company, by deed recorded in COB 516, folio 12 of Orleans Parish and COB 172, folio 220 in Jefferson Parish.  The land acquired forms the 17th Street Canal.

> . . . .
>
> ¶75.4.  In exercise of its power and authority, the Parish in concert and cooperation with the New Orleans Sewerage & Water Board has exercised control over the 17th Street Canal for its entire length, maintained, repaired and managed same, shared the costs, monitored its banks, and provided for the discharge of drainage into the 17th Street Canal to Lake Pontchartrain.
>
> . . . .
>
> ¶75.7.  The cooperative arrangement and sharing of the 17th Street Canal with the Sewerage & Water Board exists for the common benefit of the Parish of Jefferson and its drainage districts and the New Orleans Sewerage & Water Board; as such it is a joint or common enterprise, under the common administration and control, and common responsibility.
>
> ¶75.8.  Parish of Jefferson and New Orleans Sewerage & Water Board are jointly liable for the failure of the east bank of the 17th Street Canal to control its waters during and after Hurricane Katrina.
>
> . . .
>
> ¶75.10. The Sewerage & Water Board owns and possesses a fractional interest in the 17th Street Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.
>
> ¶75.11. The Sewerage & Water Board is further at fault in failing to accommodate the closure of the 17th Street Canal by arresting the drainage of water, but exacerbating the problem by continuing to operate the pumps accelerating water volume in the 17th Street Canal beyond its capacity and flooding plaintiffs' property.

First Amended Complaint (Rec. Doc. 1254).  None of these allegations specifically refer to any jurisdiction of SWB over levees.  The allegations listed here instead arguably concern operation of the public drainage system, and accordingly will not be dismissed on these grounds.

The Plaintiffs' Second Amended Complaint (Rec. Doc. 3708) does not contain any allegations specifically directed at SWB.  The Third Amended Complaint includes the following allegations against SWB:

¶10e.  That the 17th Street Canal East Bank was structurally suspect, and the Corp[s] was aware of it, is apparent from the opinion of the Administrative Judge entered in proceedings *Engineering BCA No. 6198* before the Corps of Engineers Board of Contract Appeal in the appeal of *Pittman Construction Co., Inc., Contract No. DACW 29-93-C-008-1*, attached hereto, as a result of work commissioned by the Corps of Engineers, a fact known then and thereafter by the East Jefferson Levee Board, Orleans Levee Board, Sewerage & Water Board of New Orleans and Jefferson Drainage Department.

. . . .

¶10g.  The work was prosecuted by Pittman at the direction of the United States from derrick barges operating from the waters in the 17th Street Canal located in the Parish of Jefferson but owned by the City of New Orleans for the use and benefit of the New Orleans Sewerage & Water Board;

. . . .

¶10m.  The Sewerage & Water Board continued to pump rainwater into the Orleans Canal, but due to the absence of fronting protection the waters flooded into the northern basin of the New Orleans East Polder;

¶10n.  The Parish of Jefferson ceded its authority over the Metairie Relief Canal to the Sewerage & Water Board which used the canal with the Parish's support and authority;

¶10o.  In addition the United States failed to complete fronting protection on the Orleans Canal at Pump Station Seven as it was obliged to do under contract with the Sewerage & Water Board which left the section of legacy wall significantly lower than the adjacent floodwalls, providing a route for water to enter the City without overtopping adjacent floodwalls;

. . . .

¶26a.  Pumping Stations Six and Seven were owned by Sewerage & Water Board of New Orleans ("SWBNO") and Station Six was operated by SWBNO as a joint venture with the Parish of Jefferson.

. . . .

¶26g.  The SWBNO knew or should have known the work performed by Pittman and the difficult encountered.

11

Third Amended Complaint (Rec. Doc. 6796). Again, none of the allegations in the Third Amended Complaint refer to levees, instead referring to the public drainage system over which SWB indeed does have jurisdiction. Therefore, no portions of the Third Amended Complaint will be dismissed at this time.

Again, for the purposes of consistency and clarity, the following are the portions of the complaints in the *Sims* and *Bourgeois* complaints that are dismissed. In the *Sims* case, ¶ 71 of the Original Complaint is dismissed because it specifically alleges that SWB had *garde* over the levees. Original Complaint ¶ 71 (Civ. A. No. 06-5116, Rec. Doc 1). The Court notes that those allegations against SWB in ¶¶ 57, 58, 69, 70, 72 of the original *Sims* complaint have already been dismissed insofar as those paragraphs premise liability on acts of assurance. In the *Bourgeois* case, it appears that no portions of any of the complaints require dismissal on the ground that they contain allegations concerning SWB's *garde* over levees. Again, the Court notes that those allegations against SWB in ¶¶ 68, 69, 81, 95 of the original *Bourgeois* complaint have already been dismissed insofar as those allegations are based on acts of assurance.

## B. Plaintiffs' Motion for Reconsideration

Plaintiffs seek reconsideration of this Court's Order dismissing Plaintiffs' claims on the basis that if SWB does have *garde* over the flood water pumping system then SWB is afforded immunity under La. Rev. Stat. § 9:2800(H), and that La. Rev. Stat. § 29:735 provides immunity to SWB for any negligence that occurred during Hurricane Katrina.

Plaintiffs first seek review of this Court's finding that La. Rev. Stat. § 9:2800(H) provides immunity to SWB. This argument is based on the holding of the Louisiana Supreme

Court in *Burmaster v. Plaquemines Parish Government*, 982 So.2d 795, 799 (La. 2008), in which the Court held that the retroactive application of § 9:2800(H) to cases pending before its effective date "would divest plaintiffs of their due process rights in violation of the Louisiana and United States Constitutions." While a public entity is generally responsible "for damages caused by the condition of buildings within its care and custody," La. Rev. Stat. § 9:2800(A), subsequently the Louisiana legislature amended the statute with § 9:2800(H), which provides:

> H. (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
> (2) The provisions of this Subsection shall expire on August 30, 2008.
>
> (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
> (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

La. Rev. Stat. § 9:2800(H). The Louisiana Supreme Court held, however, that § 9:2800 could not retroactively apply to claims that were already vested prior to the effective date of the law, June 22, 2006. *Burmaster*, 982 So.2d at 807 ("When a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right which is protected by the guarantee of due process."). Because under Louisiana law a cause of action for negligence vests when the plaintiff suffers damages, the *Burmaster* court held that those claims for damages suffered during Hurricane Katrina (on or about August 29, 2005) vested prior to the effective

13

date of § 9:2800.[4]  *Id.* at 808.

SWB argues that, despite the Louisiana Supreme Court's holding, this Court should refuse to reconsider its prior Order because Plaintiffs never raised the issue of the constitutionality of § 9:2800 previously.  As stated *supra*, a motion to reconsider should not be used "to raise arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d at 567.  Plaintiffs indeed could have raised the constitutionality of § 9:2800 under both the federal and Louisiana constitutions.  However, Plaintiffs are not raising a new argument for this Court to evaluate afresh.  Instead, Plaintiffs are asking this Court to give effect to the Louisiana Supreme Court's definitive interpretation of the Louisiana Constitution.[5]  This Court is persuaded to enforce the Louisiana Supreme Court's holding in the interests of consistency on an issue of such magnitude as the resurrection of a cause of action.  Therefore, § 9:2800 does not bar those allegations based on SWB's *garde* over those structures not already dismissed herein.

---

[4]The Louisiana Supreme Court noted that its holding "does not apply to any damages suffered by the plaintiff or the class members that occurred after June 22, 2006, the effective date" of § 9:2800.  *Burmaster*, 982 So.2d at 808 n.10.

[5]The *Burmaster* court stated that its holding was based on both the federal and state constitutions.  However, the court's reasoning is rooted entirely in the Louisiana Code and Louisiana case law, thus persuading this Court that the Louisiana Supreme Court's holding is based significantly on its interpretation of the Louisiana Constitution, of which that court is the final authority.  *See Watson v. Buck*, 313 U.S. 387, 401, 61 S.Ct. 962, 967 (1941) (recognizing that state supreme court "under our dual system of government has the last word on the construction and meaning of statutes of that state").  As "state courts are absolutely free to interpret state constitutional provisions to accord greater protection to individual rights than do similar provisions of the United States Constitution," *Arizona v. Evans*, 514 U.S. 1, 8, 115 S.Ct. 1185, 1190, 131 L.Ed.2d 34 (1995), any determination by this Court of the validity of § 9:2800 under the federal constitution would be moot in light of *Burmaster*'s foundation on the Louisiana Constitution.

Plaintiffs also seek further consideration of this Court's previous ruling regarding the emergency response immunity defense under La. Rev. Stat. § 29:735. Section 29:735(A)(1), enacted prior to Hurricane Katrina, provides that no political subdivision or employee thereof may be held liable for damages resulting from "homeland security and emergency preparedness activities." La. Rev. Stat. § 29:735(A)(1). This Court held that "SWB is immunized from liability for any possible negligent operation of the pumping stations and systems during Hurricane Katrina," but that any negligence in maintaining drainage structures are not barred because such negligence was not "contemporaneous with the hurricane, and it was not [done] directly in preparation for a hurricane." Order at 5-6. Plaintiffs contend that there is no evidence that SWB or its employees were "complying with or attempting to comply" with emergency procedures when they failed to close floodgates or perform other measures during Hurricane Katrina.

In reviewing that Order, this Court finds no reason to reconsider its prior ruling. As noted in the prior Order, "emergency preparedness" is broadly defined as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." La. Rev. Stat. § 29:723. Plaintiffs have not presented any new evidence or new law that would prompt this Court to reconsider its ruling. Accordingly, this Court's prior ruling stands regarding the application of § 29:735 immunity. For the purposes of clarity, the following paragraphs remain dismissed pursuant to § 29:735 immunity insofar as they allege that SWB failed to act or acted negligently in preparing for or responding to Hurricane Katrina. In *DePass*, the following paragraphs remain dismissed as to SWB: ¶¶ 27, 76-79 of the original complaint (Civ. A. No. 06-5127, Rec. Doc. 1); ¶¶ 75.8, 75.11 of the first amended complaint (Rec. Doc. 1254). In *Sims*, the following

15

paragraphs remain dismissed as to SWB: ¶ 27 of the original complaint (Civ. A. No. 06-5116, Rec. Doc. 1); ¶¶ 75.8, 75.11 of the first amended complaint (Rec. Doc. 1250).  No portions of the *Bourgeois* complaints require dismissal based on SWB's § 29:735 immunity.

### C.  SWB's Assertion under *Twombly*

As a final issue, SWB contends in its opposition that if this Court reverses its prior Order in light of *Burmaster*, then this Court should further find that Plaintiffs' allegations against SWB are not sufficiently detailed to survive the Supreme Court's "plausible" pleading standard under *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Opp. to Pl. at 5.  The Court finds that this issue has not been adequately raised by SWB in order to be considered.  Accordingly, this ground for dismissal will be denied.

### III. CONCLUSION

For the reasons cited herein, accordingly,

**IT IS ORDERED** that OLD's Motion for Reconsideration (Rec. Doc. 13728) is **GRANTED**. Those portions of Plaintiffs' complaints that allege that SWB had *garde* over levees are dismissed. In *DePass* (Civ. A. No. 06-5127), ¶ 71 of the original complaint is dismissed. In *Sims* (Civ. A. No. 06-5116), ¶ 71 of the original complaint is dismissed. In *Bourgeois* (Civ. A. No. 06-5131), no portion of any complaint requires dismissal.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 13723) is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs' motion is granted insofar as this Court will give effect to the Louisiana Supreme Court's decision in *Burmaster v. Plaquemines Parish Government*. Plaintiffs' motion is denied insofar as it seeks reconsideration of SWB's immunity under La. Rev. Stat. § 29:735.

**IT IS FURTHER ORDERED** that SWB's request for this Court to consider dismissal under *Bell Atlantic Corp. v. Twombly* is **DENIED.**

New Orleans, Louisiana, this __21st__ day of October, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**