UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO: <u>BARGE</u>                              SECTION "K"(2)
            *Boutte v. Lafarge* (05-5531)
            *Mumford v. Ingram* (05-5724)
            *Lagarde v. Lafarge* (06-5342)
            *Perry v. Ingram* (06-6299)
            *Benoit v. Lafarge* (06-7516)
            *Parfait Family v. USA* (07-3500)
            *Lafarge v. USA* (07-5178)

<u>ORDER AND REASONS</u>

Before the Court is Barge Plaintiffs' Objections to the Magistrate Judge's Ruling

Denying Leave to Withdraw Matters Deemed Admitted by Lapse of Time (Rec. Doc. 14708)

("Mot."). Defendant Lafarge North America, Inc. ("Lafarge") has filed an opposition to the

Plaintiffs' objections (Rec. Doc. 14943) ("Opp."). For the following reasons, the Court will

deny Barge Plaintiffs' Objections.

**I. BACKGROUND**

The present motion arises out of discovery orders issued in the course of the *In re*

*Katrina Consolidated Litigation*, Civ. A. No. 05-4182. Particularly, these cases are part of the

Barge track of litigation, as they all concern allegations by Plaintiffs that during Hurricane

Katrina a barge owned by Ingram Barge became untethered from Lafarge's facility located in the

Industrial Canal of New Orleans and caused damage to Plaintiffs' property. Case Management

Order No. 5 within the Barge litigation ordered that "all written discovery (interrogatories,

1

requests for production and requests for admissions) to other parties in these cases must be

issued no later than October 12, 2007)."  Case Management Order No. 5 at 7 (Rec. Doc. 7724).

The order also stated, "Individual entities within particular Party Categories must provide

separate responses.  Written discovery directed to each individual named plaintiff must be

answered individually."  *Id.* at 8.

On October 12, 2007, Lafarge served upon Plaintiffs a Request for Admissions

("Request").  Opp., Ex. 2.  Each request for an admission was "to be responded to individually

by each plaintiff unless the response is the same for all plaintiffs."  *Id.*  Responses were to be

completed within thirty days of October 12, 2007.  *Id.*  In an order dated November 30, 2007,

Magistrate Judge Joseph C. Wilkinson, Jr. permitted the deadline for responses to requests to

admissions to be extended to December 28, 2007.  (Rec. Doc. 9293).  By the December 28th

deadline, it appears that the only timely responses had been filed by Plaintiffs in the *Mumford*

action.  As to the remaining Plaintiffs, Lafarge agreed to permit any other responses to

admissions to be filed by February 15, 2008.  However, no other responses were received by

February 15, 2008.

In March 2008, Lafarge moved to compel responses to its interrogatories and requests for

production of documents.  On April 4, 2008, three of the six *Lagarde* Plaintiffs and one Plaintiff

from the *Parfait* litigation supplied responses to Lafarge's Requests for Admissions.  (Rec. Doc.

13738-5).  On April 14, 2008, the 22 *Benoit* Plaintiffs also submitted their responses.  (Rec. Doc.

13738-6).  On April 29, 2008, Magistrate Judge Wilkinson found that Lafarge's motion to

compel should be granted, and therefore all requests for admission not timely answered were

deemed admitted under Federal Rule 36(a)(3).  Order, April 29, 2008 at 7 (Rec. Doc. 12824).

Magistrate Judge Wilkinson further advised Plaintiffs that they should file a motion under Rule

36(b) should they seek to withdraw their admissions.  *Id.* at 8.

On July 7, 2008, Plaintiffs filed their motion to seek withdrawal of admissions under

Rule 36(b).  Rec. Doc. 13724.  They asserted first that the admissions entered by operation of

law are contrary to the facts and would hinder their presentation of the merits of the case.

Moreover, Plaintiffs claimed that the Barge entities, such as Lafarge, would not be prejudiced by

the withdrawal of Plaintiffs' admissions because "Lafarge will still need to contend with timely

denials of putative class members and proposed class representatives," and Lafarge would still

have to depose all Plaintiffs.  Rec. Doc. 13724 at 9.

In his opinion dated August 18, 2008, Magistrate Judge Wilkinson denied Plaintiffs'

motion to withdraw.  As a preliminary matter, Magistrate Judge Wilkinson noted that only the

ten named class representatives in *Mumford* had submitted timely responses, and that although

Lafarge had agreed to extend the deadline to February 15, 2008, none of the other remaining

Plaintiffs had timely replied to Lafarge's request for admissions.  Order, Aug. 18, 2008 (Rec.

Doc. 14525) ("Mag. Order").  The magistrate judge, citing Rule 36 and a recent Fifth Circuit

case[1] interpreting the rule, found that withdrawal would not promote the presentation of the

merits because "plaintiffs have presented *no evidence* to support their argument."  Mag. Order at

7 (emphasis in original).  Lafarge, however, had cited "many specific examples in the record to

demonstrate the plaintiffs' deemed admissions are *not* contrary to the record, either because the

only evidence in the record is supportive of the admission or because there is conflicting

---

[1]*Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *1 (5th
Cir. Mar. 6, 2007) (unpublished opinion).

evidence on the particular point." *Id* at 7-8.  Magistrate Judge Wilkinson further noted that

Lafarge would be prejudiced by the withdrawal of Plaintiffs' admissions because "Lafarge has

already waited a substantial period of time beyond the 30-day response period provided by Rule

36(a)" and that "plaintiffs have not acted diligently in responding to the Requests for Admissions

or in recognizing and acting to correct their mistakes." *Id.* at 10.  Accordingly, Magistrate Judge

Wilkinson denied Plaintiffs' motion.

Presently before the Court is Plaintiffs' objections directed toward Magistrate Judge

Wilkinson's order denying their motion.  Plaintiffs claim that the magistrate judge "committed

manifest error in: (1) failing to rule upon objections to Requests for Admissions and permit time

for response as to overruled objections; (2) rendering an Order in conflict with an earlier Order;

(3) failing to correctly apply the standard governing withdrawal of matters deemed admitted; (4)

failing to discern or consider evidence of contradiction by the record as is inherent to the

standard for relief; (5) failing to recognize that presentation of the merits will be subserved by

withdrawal; and (6) in finding that Lafarge is in any way prejudiced by withdrawal."  Mot. at 9.

Plaintiffs seek as a remedy "reversal of the Magistrate Judge's decision, and an Order permitting

withdrawal of admissions deemed by operation of law, and/or for remand in the event that this

Court does not deem Plaintiffs' appeal dispositive, or that Plaintiffs' sufficiently support their

grounds for withdrawals of the admissions." *Id.*

Defendant Lafarge opposes the Plaintiffs' objections.  It asserts first that the magistrate

judge made no clear error in determining that Plaintiffs had waived any objection to his April 29,

2008 Order because they failed to timely appeal it, and that in any case Plaintiffs failed to timely

object to the Requests for Admissions by the prescribed deadline.  Opp. at 2.  Moreover, Lafarge

claims that Magistrate Judge Wilkinson used the correct Rule 36(b) standard, and that he also

appropriately found that Plaintiffs should not be permitted to withdraw their admissions.

Lafarge finally asserts that the magistrate judge's decision does not conflict with his prior orders

concerning sanctions.  Opp. at 17.

## II.  ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge is permitted "to hear and determine

any pretrial matter pending before the court," and may only be subject to reconsideration by this

Court where "it has been shown that the magistrate judge's order is clearly erroneous or contrary

to law."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a) (when considering a magistrate

judge's ruling on a nondispositive matter, "[t]he district judge in the case must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law.").  "A finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542,

92 L.Ed. 746 (1948).

The Court has reviewed the pleadings and exhibits submitted by the parties and has

considered their legal arguments, and it finds that the magistrate judge's order was indeed

consistent with the law and contained no error of fact.  Magistrate Judge Wilkinson was correct

in deeming that only the ten *Mumford* class representative plaintiffs had timely submitted

responses to Lafarge's Request for Admissions.  The Plaintiffs limited their responses to "named

class representative plaintiffs," and defined that term as ten specific individual representatives.

Opp., Ex. 3 at 2-3.  Accordingly, there was no error in finding Plaintiffs' responses limited to those individuals, and otherwise finding that all other Plaintiffs were late in responding.

Magistrate Judge Wilkinson also used the proper standard for admissions found in Federal Rule of Civil Procedure 36.  Rule 36(a)(3) states, "A matter is admitted unless, within 30 days after being served, the party whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Applying the clear language of the rule, the magistrate judge made no error in finding that those Plaintiffs who had not yet responded had effectively made admissions.  Furthermore, Magistrate Judge Wilkinson correctly cited Rule 36 when considering whether to permit Plaintiffs to withdraw their admissions:

> **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).  The magistrate judge correctly noted that, under Fifth Circuit precedent, "even when Rule 36(b)'s two factor test has been satisfied, the district court 'still has discretion to deny a request to withdraw or amend an admission." *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (unpublished opinion), *quoting In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

Finally, there was no error in the magistrate judge's decision not to permit withdrawal of the admissions.  Indeed, Plaintiffs cited to the magistrate judge no evidence that would suggest that the admission, if left standing would render an unjust result under the law, and Magistrate

Judge Wilkinson addressed specific examples of admissions that were not contrary to evidence in the record.  Mag. Order at 7-8; *see Le*, 2007 WL 715260, at *2, *quoting Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D.N.C.1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law").  As to the second prong, Magistrate Judge Wilkinson likewise was correct in finding that Lafarge has suffered prejudice due to Plaintiffs' delay.  The present case is certainly fact-intensive, and Plaintiffs' failure to timely reply has hindered Lafarge in preparing its defense.  In denying the motion, the magistrate judge aptly considered the lack of diligence on behalf of Plaintiffs as well as Plaintiffs' failure to cite any persuasive reason for their delay of two to five months in responding to Lafarge's Request for Admissions in denying the motion.  Mag. Order at 10-11; *see Le*, 2007 WL 715260, at *2 ("This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal.").  It is clear that Magistrate Judge Wilkinson's order was not erroneous or contrary to law, and in fact this Court would have reached the same conclusion had it been presented with this motion.  Accordingly, this Court will adopt Magistrate Judge Wilkinson's order in its entirety as its own.

As a final argument, Plaintiffs attempt to assert that the magistrate judge's decision conflicts with his prior order regarding sanctions under Rule 37.  In the magistrate judge's order dated August 5, 2008, he refused to impose sanctions on Plaintiffs, finding that their "dilatory" conduct during discovery did not merit "[t]he draconian sanction of dismissal."  Order, Aug. 5, 2008 at 1 (Rec. Doc. 14300).  Plaintiffs assert that the magistrate judge's denial of Plaintiffs'

motion to withdraw conflicts with "both the letter and spirit" of his denial of sanctions.  To the

contrary, this Court finds no conflict whatsoever.  The standard for the sanction of dismissal for

discovery violations is extremely high, and should be imposed "only if the refusal to comply

results from willfulness or bad faith and is accompanied by a clear record of delay or

contumacious conduct."  *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

Indeed, "[s]ince dismissal is one of the harshest sanctions that a district court can impose . . . a

showing of substantial prejudice [is required] before such a penalty is warranted."  *Id.* at 1380

n.3.  It is entirely consistent for Magistrate Judge Wilkinson to have deemed certain matters

admitted under Rule 36 while also finding that the sanction of dismissal under Rule 37 to be

inappropriate.  As to the magistrate judge's setting of September 5, 2008 for Plaintiffs to comply

with all discovery orders, this date should not be interpreted as an extension of the prior deadline

for compliance with Lafarge's Request for Admissions.  It appears clear that Magistrate Judge

Wilkinson intended September 5, 2008 to be a final deadline for discovery compliance lest other

sanctions be visited upon Plaintiffs.

## III.  CONCLUSION

For the reasons stated herein, accordingly,

**IT ORDERED** that the Plaintiffs' Objections to the Magistrate Judge's Ruling Denying

Leave to Withdraw Admissions (Rec. Doc. 14708) are **DENIED.**

New Orleans, Louisiana, this ____21st____ day of October, 2008.

 

 

_____

        **STANWOOD R. DUVAL, JR.**
       **UNITED STATES DISTRICT JUDGE**