UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: LEVEE<br>            DEPASS, 06-5127<br>            SIMS, 06-5116 | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is a motion for reconsideration regarding this Court's Order dismissing claims against the East Jefferson Levee District ("EJLD"). The motion has been filed on behalf of plaintiffs in the *DePass* and *Sims* cases (collectively "Plaintiffs") (Rec. Doc. 13725) ("Mot.").[1] EJLD has accordingly filed an opposition. (Rec. Doc. 13838) ("Opp."). After having reviewed the pleadings and the relevant law, this Court will grant the motion.

## I.  FACTS

The motion arises out of the complaints presented by Plaintiffs against the EJLD alleging defalcations by that entity prior to and during Hurricane Katrina. In its prior motion to dismiss, EJLD sought dismissal of the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). (Rec. Doc. 11374). EJLD sought dismissal on the following grounds: (1) alleged breaches of acts of assurance between the EJLD and the United States could not form the basis for a cause of action by a third party; and (2) no allegation of EJLD's *garde* over the 17th

---

[1] All citations to pleadings refer to those documents docketed on Civ. A. No. 05-4182, unless otherwise noted.

1

Street Canal and Hoey Canal/Gate could be maintained because EJLD is immune to such allegations pursuant to La. Rev. Stat. § 9:2800(H).  This Court granted both grounds for EJLD's motion on July 3, 2008.  Order and Reasons, July 3, 2008 (Rec. Doc. 13716) ("Order").

Following this Court's Order, Plaintiffs filed their motion for reconsideration in which they seek two forms of relief.  First, they request this Court to reconsider its ruling concerning EJLD's immunity from liability pursuant to La. Rev. Stat. § 9:2800.  Plaintiffs explain that the Louisiana Supreme Court in *Burmaster v. Plaquemines Parish Government*, 982 So.2d 795 (La. 2008) held that "application of [La. Rev. Stat. § 9:2800(H)] to claims that had accrued, become vested, and were pending prior to June 22, 2006, the effective date of the act, divested plaintiffs of their due process rights in violation of the Louisiana and United States Constitutions."  Mot. at 2.  Accordingly, Plaintiffs ask that this Court give effect to *Burmaster* and reinstate their claims against EJLD.  Second, Plaintiffs ask this Court to clarify its prior Order insofar as the Order appeared to dismiss all allegations against EJLD.  Mot. at 2.

EJLD opposes this motion.  While EJLD apparently has no issue with Plaintiffs' request to clarify this Court's prior Order concerning which allegations were dismissed, EJLD does oppose giving any effect to *Burmaster* in this Court.  EJLD asserts that a motion for reconsideration should not be used to raise arguments that could have been raised earlier.  Opp. at 2.  Because Plaintiffs failed to raise the constitutionality of § 9:2800 previously in this litigation, EJLD claims that this argument is waived and consequently this Court should refrain from revisiting the issue.

**II.  ANALYSIS**

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. U.S. Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). "However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion because that suspends the time for filing a notice of appeal." *Id.* "A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief from judgment." *James v. Miller*, Civ. A. No. 05-0118, 2008 WL 2011844, at *1 (E.D. La. May 8, 2008). As both Plaintiffs' motion and OLD's motion were filed within ten days of this Court's Order, Rule 59(e) applies here.[2] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "A motion to reconsider should be granted only where the movant demonstrates: (1) intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent injustice." *In re Vioxx Prods. Liab. Litig.*, 230 F.R.D. 473, 474 (E.D. La. 2005) (Fallon, J.). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC,* Civ. A. No. 07-3779, 2008 WL 3285907, at *3 (E.D. La. Aug.6, 2008). "It is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), *citing Edward H. Bohlin*

---

[2]This Court issued its Order on July 3, 2008, and Plaintiffs' motion was filed on July 7, 2008. Accordingly, the motion was timely filed. *See* Fed. R. Civ. P. 6(a)(2).

3

*Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiffs first seek review of this Court's finding that La. Rev. Stat. § 9:2800(H) provides immunity to EJLD. This argument is based on the holding of the Louisiana Supreme Court in *Burmaster v. Plaquemines Parish Government*, 982 So.2d 795, 799 (La. 2008), in which the Court held that the retroactive application of § 9:2800(H) to cases pending before its effective date "would divest plaintiffs of their due process rights in violation of the Louisiana and United States Constitutions." While a public entity is generally responsible "for damages caused by the condition of buildings within its care and custody," La. Rev. Stat. § 9:2800(A), subsequently the Louisiana legislature amended the statute with § 9:2800(H), which provides:

> H. (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
> (2) The provisions of this Subsection shall expire on August 30, 2008.
>
> (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
> (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

La. Rev. Stat. § 9:2800(H). The Louisiana Supreme Court held, however, that § 9:2800 could not retroactively apply to claims that were already vested prior to the effective date of the law, June 22, 2006. *Burmaster*, 982 So.2d at 807 ("When a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right which is protected by the guarantee of due process."). Because under Louisiana law a cause of action for negligence vests when the plaintiff suffers damages, the *Burmaster* court held that those claims for damages

4

suffered during Hurricane Katrina vested prior to the effective date of § 9:2800.[3]  *Id.* at 808.

EJLD argues that, despite the Louisiana Supreme Court's holding, this Court should refuse to reconsider its prior Order because Plaintiffs never raised the issue of the constitutionality of § 9:2800 previously.  This Court, however, has considered this precise argument in its order entered on October 22, 2008, in which the Sewerage & Water Board of New Orleans sought to prevent this Court from giving effect to *Burmaster*.  *See* Order & Reasons, Oct. 22, 2008 (Rec. Doc. 16050).  The October 22nd order concerns the same plaintiffs as this case, and this Court sees no reason to reach a different result in this case.  Therefore, this Court will adopt the reasoning in its October 22nd order concerning the application of *Burmaster*.  Accordingly, Plaintiffs' motion will be granted and the allegations of *garde* against EJLD will be reinstated.

Plaintiffs also request clarification of this Court's prior Order in this matter.  It appears there is no dispute by EJLD that the prior Order did not seek to dismiss allegations of negligence.  Indeed, the Order states, "those allegations of negligence under Article 2315 will be allowed to remain in this action."  Order at 6.  The final part of the Order clearly states that only Plaintiffs' allegations of *garde* and violations of acts of assurance are dismissed while "[a]ll other negligence claims will remain in these cases."  Order at 7.  However, in light of *Burmaster*, those allegations of *garde* have been reinstated.  Therefore, only those allegations based on violations of the acts of assurance are dismissed.  For purposes of clarity, in the *DePass* case, the following paragraphs of the original complaint are dismissed insofar as they allege violations of

---

[3]The Louisiana Supreme Court noted that its holding "does not apply to any damages suffered by the plaintiff or the class members that occurred after June 22, 2006, the effective date" of § 9:2800.  *Burmaster*, 982 So.2d at 808 n.10.

acts of assurance by EJLD: ¶¶ 55, 56, 73, 74, 75, 87, 90, 91, 92 (Civ. A. No. 06-5127, Rec. Doc. 1).  In the *Sims* case, the following paragraphs of the original complaint are dismissed insofar as they allege violations of acts of assurance by EJLD: ¶¶ 55, 56, 73, 74, 75, 83, 86, 87, 88 (Civ. A. No. 06-5116, Rec. Doc. 1).

### III.  CONCLUSION

For the reasons cited herein, accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 13725) is **GRANTED**.  Those allegations of *garde* against EJLD that were previously dismissed are hereby reinstated.

New Orleans, Louisiana, this ___23rd___ day of October, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**