UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 07-5208 ("K-2") |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| PERTAINS TO: INSURANCE | * | |
| ACEVEDO, 07-5208 | * | MAG.: JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO SEVER**

**MAY IT PLEASE THE COURT:**

Defendants, Allstate Insurance Company, American National Property and Casualty Insurance Company ("ANPAC"), American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Harleysville Mutual Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, USAA General Indemnity Company, and Waterstreet Insurance Company, (collectively, "Defendants"), respectfully submit this *Memorandum in Support of its Motion to Sever* the claims of the individual Plaintiffs in the above referenced action.  Defendants appear herein as Write-Your-Own ("WYO") Program

carriers participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended, [1] ("NFIA"), appearing herein in their "fiduciary"[2] capacity as "fiscal agent[s] of the United States,"[3] and for the purpose of filing this Memorandum in Support of Motion to Sever as follows:

Plaintiffs do not assert any claim jointly and severally, nor do they assert any claims which arise out of the same transaction, occurrence, or series of transactions or occurrences. Although each Plaintiff allegedly maintained a policy of flood insurance with one of the Defendants, each Plaintiff's claim arises out of alleged damages to different properties covered under different insurance policy amounts and address unique claims and handling issues that are inherently unrelated. Because the facts and circumstances of each Plaintiff's loss must be determined on a case by case basis, Plaintiffs' claims do not meet the permissive joinder requirements of Rule 20 of the Federal Rules of Civil Procedure. Therefore, Plaintiffs' claims should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure. Moreover, Plaintiffs' claims are improperly joined under state law. Accordingly, Defendants pray that Plaintiffs' claims be severed and that the Court proceed separately with each.

## I.  STATEMENT OF THE FACTS

On August 29, 2007, Plaintiffs' filed a *Complaint for Damages* ("Complaint*")* in this Honorable Court. In the Complaint, Plaintiffs, Rafael and Dioigna Acevedo, *et al.*, joined their claims against a host of Write-Your-Own ("WYO") flood insurance carriers and many entities which are not WYO carriers or even viable entities. The only purported commonality among

---

[1]  42 U.S.C. § 4001, *et seq.*

[2]  44 C.F.R. § 62.23(f).

[3]  42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

these Plaintiffs is that they allege to be owners of property located in the Eastern District of Louisiana, that flood waters damaged each Plaintiff's property, that each Plaintiff has identical causes of action against the Defendants, and further assert that their respective properties were insured on August 29, 2005, under an identical flood insurance policy issued by one of the named Defendants.

Plaintiffs' Complaint alleges, *inter alia*, that the Defendants failed "to tender timely and sufficient payment" under LSA-R.S. 22:658 and 22:1220. Plaintiffs also allege that the flood damage to their property included damaged roofs, that they are entitled to alternate living expenses, and policy limits on every policy. In essence, the Complaint asserts multiple claims against each of the Defendants. These claims, brought by each individual Plaintiff, address separate, distinct, issues regarding coverage, claims handling, and/or adjustment. In addition, each claim presents different amounts and types of damage allegedly sustained to each Plaintiff's property. Accordingly, this Court should sever and proceed separately with each Plaintiff's claims.

## II. LAW AND ARGUMENT

Joinder of the Plaintiffs' claims is improper. Federal Rule of Civil Procedure 20 prescribes the scope for permissive joinder of parties in federal court. Absent joint and several liability on behalf of the Defendant, Rule 20 restricts the right to join parties in one action to those circumstances where (1) the right to relief is based on the same transaction or occurrence, or (2) the right to relief is based on a series of transactions and occurrences; and there exists a common question of law or fact with respect to all parties. *Applewhite v. Reichhold Chems, Inc.,* 667 F.3rd 571, 574 (5th Cir. 1995); *Simoneaux v. Jolen Operating Co.,* 04-2467, 2004 WL 298506 (E.D.La. 12/15/2004). Where neither of these prerequisites is satisfied, parties to a

lawsuit are misjoined and may be severed under Federal Rule of Civil Procedure 21. *See Simoneaux* at *4.

Neither of the conditions required by Rule 20 is present here, as Plaintiffs' claims are individual. Plaintiffs' have not asserted any claim jointly or severally, nor have they alleged their right to relief arises from the same transaction or occurrence. More importantly, there are no common questions of law or fact common to all parties. In the present case, each Plaintiff's claim arises from a difference transaction or occurrence and presents different questions of law and fact, especially with regard to the particularities of each separate insurance policy allegedly issued to each Plaintiff. There exists three different versions of the Standard Flood Insurance Policy ("SFIP"). Plaintiffs do not allege in their Complaint which version of the SFIP any particular Plaintiff maintains he had in effect at the time of Hurricane Katrina.

In this regard, there are clearly no overlapping issues of law. Each Plaintiff was allegedly issued a separate and distinct policy of flood insurance from the various Defendants. Each Plaintiff that sustained damage during Hurricane Katrina suffered a distinct loss, possibly from several causes (*e.g.*, wind, flooding, looting, etc.), and the causation and extent of the loss will be difference for each Plaintiff. *See Comer v. Nationwide Mutual Insurance Company*, 2006 WL 1006645 (S.D. Miss. February 26, 2006) (claims brought by Mississippi insured against their respective insurers must be severed because "each property owner… who had real and personal property damage in Hurricane Katrina, is uniquely situated" because the "nature and extent of property damage… will vary greatly in its particulars"). Each Plaintiff's claim for damage was separately assessed by an insurance adjuster to examine that claim's particular facts. Plaintiffs have not pled any allegations that would lead to Court to conclude that there are any questions of law common to the Plaintiffs.

Even if there were some overlapping issues of law among the Plaintiffs, each Plaintiff's unique facts would require severance. Directly on point is *Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518 (E.D. La. March 20, 2001). In that case, two Plaintiffs brought claims in a single suit against the Defendant for employment discrimination. *Id*. at *1. The Court found that severance was appropriate because there were no "overlapping facts or activities" and the evidence would consist of "two discreet universes of facts. *Id.* at *2. Although both Plaintiffs were alleging employment discrimination claims, the Court determined that "the absence of any common issues of fact outweighs each Plaintiff's reliance on similar law." *Id.* Here, each Plaintiff is suing based upon a separate claim for insurance covering a distinct property. There are no overlapping facts against the Defendants.

Finally, the joinder of Plaintiffs' claims would be improper in state court as well. Louisiana Code of Civil Procedure Article 463 provides for cumulation as to plural Plaintiffs:

> Two or more parties may be joined in the same suit, either as Plaintiffs or as Defendants, if:
>
> (1) **There is a community of interest between the parties joined;**
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; **and**
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure. (Emphasis added).

In this regard, under Louisiana law, a community of interest exists where the "cumulated causes of action arise out of the same facts or [where] they present the same factual or legal issues." *Mauberrert-Lavie v. Lavie,* 2003-0099 (La.App.4 Cir. 6/11/03), 850 So.2d 1,2. Accordingly, as there is no "community of interest" between Plaintiffs, joinder of their claims would be improper in a Louisiana Court as well.

**F.R.Civ.P. Rule 21 Severance:**

**In General**

Federal Rule of Civil Procedure Rule 21 provides authority to the trial court, either pursuant to motion or on its own, to "sever any claim against any party."

Although Rule 21 is entitled "misjoinder and nonjoinder of parties, severance under same is not limited to merely curing the misjoinder of parties. *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983); *Henderson v. AT&T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex. 1996).

Severance creates two separate actions and allows a severed claim to proceed as a discrete, independent action for which the court can render a final judgment notwithstanding the continued existence of original suit. *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 441 n.17 (7th Cir. 2006); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *FDIC v. McGlamery*, 74 F.2d 218, 220 (10th Cir. 1996); *Allied Elevator, Inc. v. E.Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992); *O'Neil*, 709 F.2d at 368.

Notably, while it is common for parties to refer to motions requesting separate trials or bifurcation to refer to same as motions for severance, said motions are distinct and should be treated as such. *McDaniel v. Anheuser-Busch, Inc*., 987 F.2d 298, 304 (5th Cir. 1993). A Rule 21 severance results in two distinct actions while a Rule 42(b) motion of separate trial will usually result in one judgment. *Id*. Likewise, bifurcation is appropriate where a separate trial may be appropriate even though the matters are factually linked such that final resolution of one claim will affect the resolution of the other. *Gaffney*, 451 F.3d at 442. Clearly, in the instant matter, the various claims of the various Plaintiffs are not factually linked such that the final resolution of one claim will affect the resolution of any other claim. Bifurcation is most commonly used to separate liability and damages issues. *In re Paoli R.R. Yard PCB Litigation*,

113 F.3d 444, 452 n.5 (3rd Cir. 1997); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

**Grounds**

The district court has broad discretion to determine questions of severance. *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

While issues as to whether it should sever the claims of the plaintiffs or whether it should order separate trials are within the broad discretion of the trial court, a district court must consider:

(1) whether the claims arise out of the same transaction or occurrence; and

(2) whether the claims present some common questions of law or fact.

*Blum v. General Electric Co.*, 547 F.Supp.2d 717, 722 (W.D.Tex. 2008); *Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, *1 (E.D.La. 8/1/00).

In addition, courts have also considered the following factors in making the decision to sever claims:

(1) whether settlement of the claims or judicial economy would be facilitated;

(2) whether prejudice would be avoided if severance were granted; and,

(3) whether different witnesses and documentary proof are required for the separate claims.

*Goodyear v. Dauterive Hospital*, 2007 WL 2066855, *2 (W.D.La. 7/12/07); *Rohr v. Metropolitan Ins. & Casualty Co.*, 2007 WL 163037, *2 (E.D.La. 1/17/07).

Clearly, every claim in the instant matter is going to require different witnesses and documentary proof for each Plaintiff's separate claim. Issues such as wind versus water, depth of water, adjustment of the claim, amount and type of damage, and the handling of the particular

claim will be totally separate and distinct with regard to each distinct Plaintiff. Common questions of fact are not present. The hurricane, *per* se, is not a common question of fact for this judicial calculus, yet that is the extent of commonality alleged by the Plaintiffs. Thus severance is appropriate. No individual Plaintiff would be prejudiced by severance, as each individual Plaintiff would be able to present his or her claim fully. Indeed, any worthy Plaintiff would in fact benefit by severance by not having the "albatross around his neck" of a potentially unworthy or suspect co-Plaintiff's claim. Such presentment would in fact increase the chances of speedy resolution of worthy claims.

Defendants also posit that in fact judicial economy would be promoted by severance. The instant matter, as it is currently constituted, is quite frankly a mess. The "laundry list" of Plaintiffs nowhere in their Complaint allege with which Defendant they claim to be insured, what type of SFIP they are insured under, or the limits of said policy. Nowhere are the individual Plaintiff's damages detailed. There are named Defendants which are in fact non-entities. Some Defendants are immune from suit (FEMA for instance) under a claim made pursuant to a SFIP involving a WYO company. The mess which is the currently constituted suit would require more judicial resources to sort out than simply having each Plaintiff sever his claims and present them in a logical, orderly manner against the Defendant he claims insured him.

### Cases - Katrina Related Claims Severed

*Butler v. Republic Fire and Cas. Inc. Co.*, 2007 WL 4589979 (E.D.La. 12/28/07) (J. Africk)

*Campo v. State Farm Fire and Cas. Co.*, 2007 WL 2155792 (E.D.La. 7/26/07) (J.Fallon)

*Sucherman v. Metropolitan Prop. & Cas. Ins. Co.*, 2007 WL 1484067 (E.D.La. 5/21/07) (J. Vance)

*Cresson v. State Farm Fire & Cas. Co.*, 2007 WL 1191817 (E.D.La. 4/19/07) (J. Vance)

*Accardo v. Lafayette Ins. Co.*, 2007 WL 325368 (E.D.La. 1/30/07) )(J. Vance)

*Rohr v. Metropolitan Ins. & Cas. Co.*, 2007 WL 163037 (E.D.La. 1/17/07) (J. Feldman)

*Vaz v. Allstate Prop. & Cas. Co.*, 2006 WL 2583733 (S.D.Miss. 9/6/06) (M.J. Walker)

*Bradley v. Nationwide Mut. Ins. Co.*, 2006 WL 2594548 (S.D.Miss. 9/6/06) (M.J. Walker)

*McFarland v. State Farm Fire & Cas. Co.*, 2007 WL 2577852 (S.D.Miss. 9/6/06) (M.J. Walker)

*Comer v. Nationwide Mut. Ins. Co.*, 2006 WL 1066645 (S.D.Miss. 2/23/06) (J. Sentor).

Clearly, there exists ample precedent for the severance of ill-joined claims in the context of Hurricane Katrina insurance litigation.

**Considerations Peculiar to the NFIP:**

The fact that the claims at issue are NFIP claims adds an additional issue warranting severance, and, a prompt severance. It is the Defendants' understanding that none of the Plaintiffs in this "mass" action complied with the proof of loss and documentation requirements of the NFIP before filing this lawsuit. Under the repeated holding of the Fifth Circuit, the Defendants could elect to file one "mass" Motion for Summary Judgment and end all possible recovery for every Plaintiff with one motion.

Defendants would like to attempt to avoid that. Defendants would like the opportunity to <u>try</u> to both assist the Plaintiffs, <u>and</u> comply with Defendants' duties to the Program. However, to make this attempt, each Plaintiff must proceed in a format that allows his or her WYO Program carrier to individually evaluate and verify all aspects of the claim being made. No WYO carrier could reasonably be asked to support a request to FEMA for a waiver of the proof of loss

requirement if the carrier is not in possession of <u>all</u> facts surrounding both the claim, and why so much delay has occurred.

Delay here is a critical issue. Defendants currently do not know why all of these Plaintiffs filed their "mass" lawsuit without compliance with the rules, or, why these Plaintiffs have done nothing to pursue these claims since the lawsuit was filed. These are matters that these Plaintiffs will have to explain in detail if they hope to have any chance of obtaining a waiver from FEMA. Again, Defendants offer nothing beyond a chance.

Defendants respectfully inform this Court that they have no ability to assist these Plaintiffs in a "mass" action format. NFIP claims cannot actually be verified in this format. Defendants submit that any Plaintiff who holds out hope that FEMA <u>might</u> grant him or her a waiver at this late date must proceed promptly on an individual basis to 1) file an individual lawsuit; 2) present meaningful and detailed documentation supporting both the claim and all reasons for delay to this point, and 3) cooperate fully and promptly in the Defendants' basic discovery efforts designed to verify all aspects of the claims being made.

In closing, the Court is asked to consider the resolution rates of NFIP lawsuits filed as individual lawsuits as opposed to the mass joinders. As an example, of the more than 2,000 individual NFIP lawsuits assigned to Nielsen Law Firm after Katrina, over 75% are already closed. In contrast, not one of the post Katrina mass action cases assigned to Nielsen Law Firm has moved forward at all. In the context of the NFIP, <u>if</u> a lawsuit is warranted at all, an individual lawsuit is the only way to obtain a prompt and efficient resolution of whatever issues are being raised by an individual NFIP participant.

## CONCLUSION

As set forth above, there are no overlapping issues of law or fact with respect to the parties; therefore, Plaintiffs have not met the permissive joinder requirements of Federal Rule of Civil Procedure 20.  Therefore, Plaintiffs' claims should be severed pursuant to Federal Rule of Civil Procedure 21.  Moreover, Plaintiffs' claims are improperly joined under state law. Accordingly, the Court should grant the instant *Motion* and sever Plaintiffs' claims and proceed separately with each.

> Respectfully submitted,
>
> **NIELSEN LAW FIRM, L.L.C.**
>
> */s/ Gerald J. Nielsen*___
> Gerald  J. Nielsen, La. Bar No. 17078
> William R. DeJean, La. Bar No. 22762
> 3838 N. Causeway Blvd, Suite 2850
> Metairie, Louisiana 70002
> P: (504) 837-2500; F: (504) 832-9165
> Counsel for Defendants

## C E R T I F I C A T E

I hereby certify that on October 27, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties.

> */s/ Gerald J. Nielsen*__
> Gerald J. Nielsen