UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                NO. 05-4182

PERTAINS TO: MRGO                                               SECTION "K"(2)
    05-4182, 05-4182,  05-5237, 05-6073
    05-6314, 05-6324, 05-6327, 06-0225,
    06-0886, 06-1885, 06-2152, 06-2278,
    06-2287, 06-2824, 06-4024, 06-4065,
    06-4066, 06-4389, 06-4634, 06-4931,
    06-5032, 06-5155, 06-5159, 06-5161,
    06-5260, 06-5162, 06-5771, 07-0206,
    07-0621, 07-1073, 07-1271, 07-1285

## ORDER AND REASONS

Before the Court is Defendants Washington Group International, Inc. and the United States' Joint Motion to Strike Additional Sub-Class Representative From Paragraph 13.B of Amended MRGO Master Consolidated Class Action Complaint (Doc. 13074). In this motion brought pursuant to Fed. R. Civ. P. 12(f)[1], the Washington Group International, Inc. ("WGI") and the United States seek to strike four new proposed representatives[2] for the Lower Ninth Ward and St. Bernard Sub-Class which were added by plaintiffs' Amended MRGO Master Consolidated Class Action Complaint (Doc. 11450). Movers contend that because these additions were undertaken without permission of the Court and without the requisite showing of

---

[1] This rule provides:
    The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
        (1) on its own; or
        (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

[2] The new representatives are Dixon Smith, Patricia Boutwell, James Godfrey and Kathryn Godfrey.

good cause under Fed. R. Civ. P. 16(b), these class representatives should be stricken.  Having reviewed the pleadings, memoranda and the relevant law, the Court finds the motion to have merit.

**Background**

On January 30, 2008, the Court granted the United States' Motion to Dismiss Counts I-III and V-VII of the Superseding (LEVEE) Master Consolidated Class Action Complaint. (Doc. 10984).  In so doing, the Court ruled that Counts IV, V and VIII of the Superseding (LEVEE) Master Consolidated Class Action Complaint were improperly included in the LEVEE matter and needed to be re-urged in the MRGO Master Consolidated Complaint based on the Court's Case Management Order No. 4.  Count IV pertained to legal fault regarding the MRGO with the defendants being the Corps, OLD and St. Paul Fire and Marine Insurance Company ("St. Paul's") (the insurer of the State of Louisiana) and the geographic parameters being Subclasses Four and Five.[3]  Count V concerned the legal fault regarding the Inner Harbor Navigational Canal (IHNC) protection system on the west side and pertained to Subclasses Four and Five. The defendants named with respect to this count were the Corps, OLD, St. Paul's , CSX, Public Belt Railroad Commission for the City of New Orleans ("PBR") , and the Board of Commissioners of the Port of New Orleans ("PNO").  Count VIII alleged nuisance in violation of Louisiana and/or

---

[3]Subclass Four's geographic boundaries were defined as "bounded to the north by Gentilly Boulevard (Gentilly Ridge), to the south by the Mississippi River, to the east by the IHNC, and to the west by Esplanade Avenue.   There were five representatives named with respect to this subclass. (Doc. 3420 at 49, ¶ 182).

Subclass Five's geographic boundaries were defined as "bounded to the north by Metairie Road/City Park Avenue, to the south by the Mississippi River, to the west by Causeway Boulevard, and to the east by Esplanade Avenue.

Federal common law concerning the MRGO and pertained to the entire general class, including all subclasses.[4]

The Lower Ninth Ward and St. Bernard Sub-Class were included in the initial MR-GO Master Consolidated Class Action Complaint (Doc. 3415) and the Sub-Class described therein as follows:

> All individuals and entities (both private and public, both natural and juridical) in all of the parish of St. Bernard, Louisiana as well as the lower Ninth Ward of the Parish of Orleans that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and to the South of the Gulf Intracoastal Waterway/MR-GO who/which sustained damages as a result of inundating/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, . . . .

(Doc. 3415 at 11). Kenneth Paul Armstrong, Sr. and Jeannine B. Armstrong, both of 4016 Hamlet Place, Chalmette, Louisiana, and Ethel Mae Coats of 1020-22 Charbonnet, New Orleans, Louisiana (Lower Ninth Ward) were named Sub-Class representatives. All three of these representative live to the west of Paris Road. Thus, there were no class representatives named who live to the east of Paris Road in the MR-GO Master Consolidated Class Action Complaint. (Doc. 3415).

On February 28, 2008, pursuant to the Court's directives, the MRGO plaintiffs filed an Amended MRGO Complaint to comply with the Court's January 30th directive; however, without leave of court, plaintiffs included, *inter alia*, four plaintiffs as new representatives to the "Lower Ninth Ward and St. Bernard Sub-Class." These persons reside to the east of Paris Road in Chalmette, Louisiana. Obviously, this addition had nothing to do with the January 30th order.

---

[4] The entire general class's geographic boundaries are defined as bounded to the north by Lake Pontchartrain, to the south by the Mississippi River, to the east by the IHNC, and to the west by the 17th Street Canal running from Lake Pontchartrain south to Metairie Road and then west on Metairie Road to Causeway Boulevard, and then south on Causeway Boulevard to the Mississippi River. (Doc. 3420 at 40, ¶151.

Thus, these additions were an attempt to add specific class representatives for the area in the sub-class to the east of Paris Road.

Plaintiffs argue that the cause for this late addition was the result of information provided by plaintiffs' expert testimony (apparently obtained in July of 2007) that indicated that Paris Road was "high ground" area that would provide a line of demarcation from the area east of Paris Road. Thus, for claims concerning the Lower Ninth Ward and St. Bernard Sub-Class with respect to the area to the west of Paris Road, both WGI and the United States would be proper defendants. With respect to the area of St. Bernard to the east of Paris Road, only the United States would be a proper defendant.

In essence, defendants WGI and the United States seek to strike these additional class representatives because (1) plaintiffs failed to seek leave of Court to amend the complaint to include these new sub-class representatives; (2) the insertion of these class representatives is highly prejudicial and burdensome to defendants given the fact that the briefing concerning the MRGO class certification was completed in 2007 and their addition would require investigation of the new proposed sub-class representatives and their properties, propounding of additional written discovery, the taking of the new representatives' deposition, having defendant's experts consider how the addition of these representatives will, if at all, affect their existing expert reports, and amend their opposition to Plaintiffs' Motion for Class Certification[5] ; and (3) the addition of these proposed representatives violates CMO No. 4's express limit of five representatives for any one sub-class by adding as these additional four representatives result in

---

[5]Presumably, Plaintiffs' would have to amend their Class Certification Motion as well.

seven . In addition, defendants opine that the addition of these new class representatives would force them to seek an extension of the current deadlines as outlined in CMO No. 7.

Defendants also contend that even if the Court were to have been presented with a motion for leave to amend, plaintiffs would not have been able to demonstrate good cause under Fed. R. Civ. P. 16(b). As stated in *Hawthorne Land co. v. Occidental Chemical Forp.*, 431 F.3d 221 (5th Cir. 2005):

> Under *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA,* Rule 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired: "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."Courts should consider four factors: 1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice

*Id.* at  227.

Plaintiffs respond that WGI has no standing to complain as it is not a defendant with respect to these newly added class representatives. Plaintiffs also argue that it was only with the expert testimony that they realized that Paris Road was high ground separating the eastern side of St. Bernard from the water incursion from the Industrial Canal breaches. Furthermore they maintain that "with the incorporation of the Barge litigation, a need or class representatives from the area east of Paris Road arose for the first time." (Doc. 13417 at 4).

However, applying the standard noted above, plaintiffs have not demonstrated a sufficient explanation for the failure to move timely for leave to amend.   It appears to the Court that plaintiffs knew by July of 2007 that Paris Road created a barrier to water from the Industrial Canal breaches impacting those areas of St. Bernard to the east of Paris Road.  Nonetheless, no timely request for relief from the Case Management Order No. 4's deadline for amendments to

add these representatives was made. Instead, these parties were added on February 28, 2008, seven months later, without leave of Court. Furthermore, the argument that somehow the inclusion of the Barge class action created a new reason for such an amendment is likewise not sufficiently pellucid to demonstrate a sufficient explanation under the rule. The Barge litigation–the parties and theory of liability– is substantially different from the MRGO litigation. Finally, the Court has not been advised as to the importance of the amendment since the geographic area is included in this sub-class and the effects MRGO are at issue regardless.

On the other hand, it is clear that the potential for prejudice to the defendants in allowing these new class representatives is great. The briefing with respect to the class certification was completed in October of 2007. This litigation has been on-going for three years. The class-certification hearings were set for last year but were continued because the Court determined that a decision on § 702 immunity of the Corps with respect to Levee and MRGO should occur prior to class certification hearings. As such, and because this Court is committed to bringing this litigation to some kind of conclusion prior to September of 2009, there is no possibility for the Court to grant another continuance to cure such prejudice. Accordingly,

**IT IS ORDERED** that Defendants Washington Group International, Inc. and the United States' Joint Motion to Strike Additional Sub-Class Representative From Paragraph 13.B of Amended MRGO Master Consolidated Class Action Complaint (Doc. 13074) is **GRANTED**.

New Orleans, Louisiana, this  28th  day of October, 2008.

                                       **STANWOOD R. DUVAL, JR.**
                     **UNITED STATES DISTRICT COURT JUDGE**