UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

PERTAINS TO: LEVEE/MRGO
*Murphy Building Corp.*, C.A. No. 07-4775
*Rault Resources, Inc.*, C.A. No. 07-5184
*Rault,* C.A. No. 07-5186
*McCay*, C.A.  No. 07-5187

SECTION "K"(2)

### ORDER AND REASONS

Before the Court is the Motion of Defendant, Board of Commissioners of the Port of New Orleans, For Judgment on the Pleadings (Doc. 13708) moving pursuant to Fed. R. Civ. P. 12(c) for the dismissal of all claims asserted against it in the complaints filed in the above-enumerated cases. Plaintiffs allege fault on the part of the Dock Board with respect to the alleged levee and/or flood gate failures along the Inner Harbor Navigation Canal ("IHNC"). They claim that the IHNC levees and/or flood gates were within the *garde* of the Dock Board, that the Dock Board was negligent in its failure to insure the adequacy of the design composition, construction and maintenance of the IHNC levees and flood gates, and that the IHNC levees and floodgates contained vices and defects rendering the Board strictly liable pursuant to La. Civ. Code arts. 2317 and 2317.1.

No opposition to this motion has been filed and as such the motion can be granted as unopposed. Furthermore, the Court finds the motion to have merit. As the Court found in its previous ruling with respect to this issue in the Superseding Master Consolidated Class Action Complaint:

> [T]he maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board. It is primarily the state's duty to protect citizens from damage by flood which is inherent within its police power. " Such power, however, belongs to the state; the police power may be exercised by agencies of the state only under a delegation of authority. The state retains the right to recall, abrogate of modify the delegation. *Board of Comers of Orleans Levee Dist. v. Dept. of Natal Resources of the State of Louisiana,* 493 So.2d 281, 288-89 (La. 1986). Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection. *Id.*
>      This delegation is manifested in La. Rev. Stat. 38:281(6) which provides that a levee district "means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits." In addition, La. Rev. Stat. 38:325(A)(1) and (2) mandates that levee boards engage in any activities related to flood protection and maintenance of levees. Finally, La. Rev. Stat. 38:307 provides that the Orleans Levee District "shall have full and exclusive right, jurisdiction, power, and authority" with respect to the levees. Thus, these claims are without merit.

Doc. 8389 a t2-3.  Accordingly,

**IT IS ORDERED** that the Motion of Defendant, Board of Commissioners of the Port of New Orleans, For Judgment on the Pleadings (Doc. 13708) is **GRANTED.**

New Orleans, Louisiana, this  28th  day of October, 2008.

                                      **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**