UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE, Hammer, 06-9152 | * <br> * <br> * | <br> JUDGE DUVAL <br> MAG. WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT FOR
FINAL JUDGMENT BY STATE FARM FIRE AND CASUALTY COMPANY**

**NOW INTO COURT,** through undersigned counsel come Defendant, State Farm Fire and Casualty Company ("State Farm"), and Plaintiff, Jason Hammer ("Hammer"), who appears for the purposes of joining the Motion to Dismiss Hammer's individual claims in his Petition for Damages (the "Petition") and does not oppose the entry of judgment on the class allegations contained within that Petition. Pursuant to the terms of their settlement agreement, State Farm and Hammer jointly move for the dismissal of Hammer's individual claims and, pursuant to this Court's September 22, 2008 Order and Reasons, State Farm hereby moves the Court for entry of a final judgment dismissing the class allegations made by Hammer in the Petition, representing as follows:

**1.**

On August 28, 2006, Hammer filed the Petition against State Farm on behalf of himself and "all others similarly situated," alleging that State Farm was liable to him and the putative class under their State Farm Renter's Policies for damage caused by waters flowing from Lake Pontchartrain after Hurricane Katrina damaged the system of dams and levees protecting the city." Petition at ¶ ¶ V - VI.

**2.**

The Petition further states that the putative class is entitled to "a declaration of the Court that the water entering New Orleans on August 29, 2005 due to breaches in the levees does not fall within the exclusion of flood or surface water." Petition at ¶ XIX(b).

**3.**

The Petition contains no allegations that Hammer or any members of the putative class suffered any other uncompensated Katrina damages that should be covered under their Renters Policies.

**4.**

The Renters Policies issued by State Farm to the putative class all expressly exclude damage caused by flooding.

**5.**

On September 22, 2008, this Court entered its Order and Reasons on State Farm's Motion to Dismiss Flood Water Damage Claims.

**6.**

In its Order and Reasons, this Court stated that State Farm's Motion to Dismiss Flood Water Damage Claims was moot, because this Court had dismissed "all claims asserted by plaintiffs in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning such a flood claim" in its June 13, 2008 Post-*Sher* Insurance Umbrella Case Management Order.

**7.**

In its September 22, 2008 Order and Reasons, this Court also ordered counsel to file a motion for entry of judgment "in the event that this order results in the dismissal of all pending claims which have not heretofore been ruled upon in any individual suit."

**8.**

Prior to this Court's dismissal of his claim, Jason Hammer and State Farm reached a settlement agreement regarding Hammer's individual claim. State Farm and Hammer hereby jointly move the Court to dismiss his individual claims pursuant to their settlement agreement. The parties desire and agree that the Court shall retain jurisdiction over all actions, if any, by any party to enforce their settlement agreement.

**9.**

Pursuant to this Court's June 13, 2008 Post-*Sher* Insurance Umbrella Case Management Order and this Court's September 22, 2008 Order and Reasons, the class allegations contained within Hammer's Petition have been dismissed with prejudice.

- 4 -

**WHEREFORE**, State Farm and Jason Hammer now respectfully request the Court to enter a final judgment dismissing Jason Hammer's individual claims, with prejudice, each party to bear its own costs, pursuant to the parties' settlement agreement. State Farm also respectfully requests the Court enter a final judgment dismissing the class allegations in Hammer's Petition with prejudice, each party to bear its own costs.

Respectfully submitted,

| | |
|---|---|
| /s/ *J. Samuel Tenenbaum* | /s/ *Wayne J. Lee* |
| J. Samuel Tenenbaum, Esq. | Wayne J. Lee, 7916 |
|    Of | Stephen G. Bullock, 3648 |
| BLUHM LEGAL CLINIC | Lesli D. Harris, 28070 |
| Northwestern University School of Law |    Of |
| 357 East Chicago Avenue | STONE PIGMAN WALTHER |
| Chicago, Illinois  60611-3059 |    WITTMANN LLC |
| Telephone: (312)503-4808 | 546 Carondelet Street |
| Facsimile: (312)503-8977 | New Orleans, Louisiana   70130 |
| | Telephone:  (504) 581-3200 |
| *Attorney for Jason Hammer* | Facsimile:  (504) 581-3361 |
| | |
| | *Attorneys for State Farm Fire and Casualty Company* |

948046v.1

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing State Farm Fire and Casualty Company's Motion and Incorporated Memorandum for Entry of Final Judgment has been served upon the following counsel of record by electronic notice from the Court's CM/ECF system, and/or by placing same items in the United States mail, postage prepaid and properly addressed, this 28th day of October, 2008.

*/s/ Wayne J. Lee*