## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| Mumford       05-5724 | * | |
| Lagarde       06-5342 | * | JUDGE |
| Boutte        05-5531 | * | STANWOOD R. DUVAL, JR. |
| Perry         06-6299 | * | |
| Benoit        06-7516 | * | MAGISTRATE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |
| | * | |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN
OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED
BY THE BOARD OF COMMISSIONERS OF THE PORT OF NEW
ORLEANS AND ADOPTED BY THE ORLEANS LEVEE DISTRICT**

Defendant and third-party plaintiff Lafarge North America Inc. ("LNA") submits this memorandum in opposition to the motion of the Board of Commissioners of the Port of New Orleans (the "Dock Board") for summary judgment. Doc. 14710. The motion was also adopted by the Orleans Levee District (the "OLD"). Doc. 15059. As we now show, the motion should be denied in part, and dismissed as moot in part, for the following reasons:

1.      Because the motion for summary judgment only challenges the legal sufficiency of LNA's pleading, rather than factual sufficiency of LNA's evidence, the motion must be evaluated under the standards applicable to motions to dismiss under Rule 12(b)(6).

2.      LNA's third-party complaint asserts a legally viable claim against the Dock Board and the OLD (as well as the United States) for contribution if LNA is held liable to the plaintiffs.

Indeed, Chief Judge Berrigan has already upheld the legal sufficiency of LNA's third-party contribution claim in these very cases, and there is no reason for this Court to revisit, much less reverse, that ruling.  See Doc. 587 in Case 2:05-cv-04419-HGB-JCW (Mar. 14, 2007) (Exh. 1 hereto).  Specifically, if maritime law governs LNA's third-party claims, it is indisputable that maritime law recognizes a claim for contribution, and the Dock Board and OLD cannot and do not argue otherwise.  Also, as Chief Judge Berrigan held in a ruling that is now the law of this case, if Louisiana law governs LNA's third-party claims, Louisiana choice-of-law principles would afford LNA a right of contribution as well.

The Dock Board and OLD nevertheless argue that LNA's contribution claim cannot be asserted through Federal Rule of Civil Procedure 14(a).  The many cases allowing contribution claims to be asserted through Rule 14(a) prove otherwise.  The Dock Board and OLD also argue that LNA has not pled a legally valid claim for contribution because LNA's complaint only seeks to recover 100% of LNA's potential liability, rather than just the Dock Board's and OLD's shares.  That argument is refuted both by the words of LNA's complaint and by the very definition of contribution, which is partial (rather than full) recovery.

3.      Because it has become apparent that LNA cannot be held derivatively liable for any conduct of the Dock Board or the OLD, LNA hereby renounces and withdraws any claim for indemnification (i.e., 100% recovery) against the Dock Board or OLD.  Accordingly, to the extent that the summary judgment motion challenges LNA's claim for indemnification, that portion of the motion is moot and should not be addressed by the Court.

4.      Likewise, because LNA has a valid claim for contribution against the Dock Board and the OLD under Rule 14(a), LNA has no interest in "tendering" the Dock Board or the OLD to the plaintiffs under Rule 14(c) – that is, in asking for judgment for the plaintiffs directly

against the Dock Board and the OLD.  LNA accordingly also hereby renounces and withdraws any request for relief under Rule 14(c), thereby rendering this issue moot.

The Court should not rule on this moot Rule 14(c) issue because it turns on a separate issue – whether or not the plaintiffs have asserted an admiralty or maritime claim under Rule 9(h) – that relates to parties other than the Dock Board and OLD.  For example, with respect to issues such as class certification, LNA has relied and is relying on plaintiffs having asserted a claim under Rule 9(h).  That conclusion is also supported by Fifth Circuit authority and by plaintiffs' own statement that their complaints asserted Rule 9(h) claims.  In short, because the Rule 14(c) issue is moot, the Court should not address it now.

## STATEMENT

LNA filed a third-party complaint against the United States, the Dock Board, the OLD, and the Lake Borgne Levee District (Doc. 9032), seeking contribution or indemnity from each of them if LNA is held liable to the plaintiffs.  Specifically, the third-party complaints pray "[t]hat if LNA should be held liable unto plaintiffs, then LNA be granted indemnity, recovery over, and/or contribution against … the United States of America, The Board of Commissioners of the Port of New Orleans, the Orleans Levee District, and/or the Lake Borgne Basin Levee District, in the full amount of said liability, together with interest, expenses, costs, and attorneys' fees …." Doc. 9032 at p. 25 ¶ (4); see also *id.* at ¶¶ 36, 50, 65, 73, and 78 (asserting claim for contribution).

The United States moved to dismiss LNA's third-party claims in these cases on the ground that they do not state a valid claim for contribution or indemnity.  On March 14, 2007, Chief Judge Berrigan denied the motion, ruling that LNA's third-party complaint does state a

valid claim for relief regardless of whether LNA's third-party claims are governed by maritime or Louisiana law.  See Exh. 1 hereto.

Now, over a year and a half after Chief Judge Berrigan issued her ruling upholding the legal validity of LNA's third-party claims, the Dock Board has filed a motion (Doc. 14710) challenging the legal validity of those very same claims, and the OLD has adopted that motion (Doc. 15059).

## ARGUMENT

I.  **BECAUSE THE MOTION CHALLENGES THE LEGAL SUFFICIENCY OF LNA'S PLEADINGS, RATHER THAN FACTUAL SUFFICIENCY OF LNA'S EVIDENCE, THE MOTION IS SUBJECT TO THE STANDARDS GOVERNING MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

### A.   The Motion is Subject to the Standards of Rule 12(b)(6)

Although formally labeled as a motion for summary judgment, the Dock Board's motion actually must be evaluated under the standards applicable to a motion to dismiss.  The Fifth Circuit has held that "where a motion for summary judgment is solely based on the pleadings or only challenges the sufficiency of the plaintiff's pleadings, then such a motion should be evaluated in much the same way as a Rule 12(b)(6) motion to dismiss."  *St. Paul Mercury Insur. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000), citing *Ashe v. Corley*, 992 F.2d 540, 5444 (5th Cir. 1993).

There is no question that this principle applies to the Dock Board's motion, given that the motion challenges the legal sufficiency of LNA's complaint, not the factual sufficiency of LNA's evidence.  Specifically, the Dock Board argues (1) that LNA's claim for contribution or indemnity is legally defective under maritime or Louisiana law, and (2) that LNA's tender is legally defective because the plaintiffs' complaint did not invoke admiralty law.  Moreover, the

only "facts" referenced in the Dock Board's Statement of Uncontested Material Facts are the allegations in the plaintiffs' and LNA's complaints, not the underlying facts.  Doc. 14710-3.

> **B.**      **A Stringent Standard Applies to the Motion to Dismiss**

The standard for dismissal under Rule 12(b)(6) is a high one.  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original complaint must be taken as true." *In Re: Dredging Limitation Actions Consol. Litig.*, No. 06-8676, 2008 U.S. Dist. LEXIS 46035, *34 (E.D. La. June 12, 2008), citing *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1980).  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief."  *In Re: Dredging Limitation Actions Consol. Litig.*, at *35, quoting *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 601 (1969)).

## II.    LNA'S THIRD-PARTY COMPLAINT STATES A VALID CLAIM FOR CONTRIBUTION FROM THE DOCK BOARD AND OLD

The Dock Board and OLD acknowledge (Mem. 22) that LNA's third-party claims against the Dock Board are governed by the same law that governs plaintiffs' claims against LNA.  In fact, Chief Judge Berrigan has already so held in this litigation.  See Doc. 587 in 05-4419 (Mar. 14, 2007) (Exhibit 1 hereto), citing *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 235 (5th Cir. 1985).

As we now show, LNA's claim for contribution from the Dock Board and OLD is valid, regardless of whether those claims arise under maritime or Louisiana law.

A. **LNA Has a Legally Viable Claim for Contribution If Maritime Law Governs LNA's Third-Party Claim**

It is indisputable that maritime law recognizes a cause of action for contribution.  See *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974) (citing the "well-established maritime rule allowing contribution between joint tortfeasors"); *Pierce v. Five B's, Inc.*, 2008 U.S. Dist. LEXIS 65530, *6 (E.D. La. Aug. 27, 2008).

Despite this bedrock legal principle, the Dock Board and OLD advance two arguments why LNA supposedly has no legally valid claim for contribution in this case.  Neither argument has the slightest merit.

First, the Dock Board and OLD assert (Mem. 12-21) that LNA cannot use Rule 14(a) to assert a claim for contribution.  To the contrary, many cases have held that a claim for contribution is precisely the kind of claim that is properly brought under Rule 14(a).  See, *e.g.*, *In re Two-J Ranch, Inc.*, 534 F. Supp. 2d 671 (W.D. La. 2008) (denying motion to dismiss maritime contribution claims brought under Rule 14(a)); *Eureka Homestead Society v. Zirinsky*, 1996 U.S. Dist. LEXIS 3193, *9 (E.D. La. Mar. 11, 1997) ("If the governing substantive law recognizes a right of contribution, impleader under [Federal Rule of Civil Procedure] 14 is a proper procedure by which to seek relief from joint tortfeasors."); *Hassan v. Louisiana Dep't*, 923 F. Supp. 890, 894 (W.D. La. 1996) (defendant's "claim for contribution on the basis of [joint] liability represent [a] classic example[] of the kind of claim that may be asserted under Rule 14(a)").[1]

Likewise, the Wright & Miller treatise specifically states that Rule 14(a) "impleader is proper … when a right to relief exists under the applicable substantive law."  Wright, Miller, &

---

[1]     See also, *e.g.*, *Deutchman v. Scripts Express, Inc.*, 2008 U.S. Dist. LEXIS 61111, *4 (E.D.N.Y. Aug. 11, 2008) ("granting motion to file contribution claim under Rule 14(a) and noting that "[t]he traditional grounds for allowing a defendant to implead a third party-defendant are indemnification, contribution, or subrogation"); *National City Golf Finance v. Higher Ground Country Club Mgmt. Co.*, 2008 U.S. Dist. LEXIS 26949, *43 (S.D.N.Y. Apr. 3, 2008) (granting motion for leave to file contribution claim under Rule 14(a)).

Kane, <u>Federal Practice and Procedure: Civil 2d</u> § 1446, at 367 (1990).  It is only where "the governing law does not recognize a right to contribution or indemnity" that "impleader for these purposes cannot be allowed."  *Id*. at 367-69.  Wright & Miller further explains that a contribution claim gives rise to the kind of "secondary or derivative liability" that can be asserted under Rule 14(a).  *Id*. at 358-63; see also *Eureka Homestead Society*, *supra*, 1996 U.S. Dist. LEXIS 3193, at *9.

Second, the Dock Board and OLD argue that LNA has not pled a valid contribution claim because LNA's complaint solely asserts an "it's them not us" defense.  In support of this argument, they assert (Mem. 18) that LNA's third-party complaint supposedly "disclaims any and all liability" to the plaintiffs.  To the contrary, LNA's complaint is expressly premised for pleading purposes on the possibility that LNA may be held liable to the plaintiffs.   Specifically, LNA's third-party complaint says that "[i]f LNA is held liable unto plaintiffs," then it is entitled to contribution from the Dock Board  and OLD (Doc. 13649 p. 4); that "[i]f the Court should find LNA liable unto plaintiffs," then it is entitled to contribution from the Dock Board and OLD (*id*. p. 6); and that "if LNA should be found liable unto plaintiffs, then LNA be granted … contribution against" the Dock Board and OLD (*id*. p. 7).  If the Dock Board and OLD are suggesting that LNA had to go farther and actually admit liability to the plaintiffs in order to assert a Rule 14(a) claim for contribution, that suggestion is patently frivolous.

In further support of this argument, the Dock Board and OLD also assert (Mem. 23) that LNA has limited itself to seeking to recover the "full amount" of its liability, based on the fact that LNA's prayer for relief asks that "if LNA should be held liable unto plaintiffs, then LNA be granted indemnity, recovery over, and/or contribution against … the United States of America, The Board of Commissioners of the Port of New Orleans, the Orleans Levee District, and/or the

Lake Borgne Basin Levee District, in the full amount of said liability, together with interest, expenses, costs, and attorneys' fees ...."

That argument obviously misreads LNA's complaint.  As the Fifth Circuit has explained, the term "contribution" <u>by definition</u> only involves a recovery of <u>part</u> of one's liability, whereas the term "indemnity" involves a recovery for the full amount of liability.  See *Hardy*, 949 F.2d at 829 (citation omitted) ("Indemnity and contribution, although related concepts, are distinguishable.  When a trial court applies indemnity principles, it permits one tortfeasor to shift all of the loss onto another tortfeasor, provided that the latter should appropriately answer for the entirety of the loss.  When the trial court applies contribution principles, it requires that each tortfeasor pay the proportion of the damages attributable to its actions.").  Accordingly, although LNA's claim for indemnity seeks to recover the "full amount" of any liability, LNA's claim for contribution <u>by definition</u> seeks to recover only the portion of damages attributable to the Dock Board's actions.  As such, it is evident that the routine language in LNA's complaint sought indemnity for the full amount of the liability or contribution for a share of the liability.  See, *e.g.*, *American Simmental Ass'n v. Coregis Insurance Co.*, 282 F.3d 582, 586 (8th Cir. 2002) (affirming judgment awarding contribution equal to 60% of liability where third-party defendant had "sought contribution, indemnity, or equitable subrogation from St. Paul for the <u>full amount</u> Coregis had paid ASA") (emphasis added).  This obvious conclusion is underscored by the fact that LNA's third-party complaint asserts claims for contribution against four separate entities – the Dock Board, OLD, United States, and Lake Borgne Levee District.  Doc. 13649.  By naming multiple third-party defendants, it is evident that LNA is seeking contribution from each of the third-party defendants for a portion of the liability.

In short, the Dock Board's hyper-technical argument not only runs afoul of the principle requiring that LNA's complaint be read liberally, but is meritless on its own terms.  Finally, even if there were any doubt on this score – which there isn't – the Dock Board's objection could immediately be cured simply by amending the third-party complaint to expressly allege that LNA is seeking contribution from each third-party defendant for its own share of liability. Because the Dock Board's motion must be viewed as a motion to dismiss – for the reasons set forth above – LNA would be entitled to make that technical amendment, which would not preju- dice the Dock Board in any way.

**B.      LNA Has a Legally Viable Claim for Contribution if Louisiana Law Governs LNA's Third-Party Claim**

The Dock Board argues (Mem. 22) that if Louisiana law (rather than maritime law) governs LNA's third-party claims against the Dock Board, then LNA has no viable claim for contribution because substantive Louisiana law no longer recognizes a right to contribution. Chief Judge Berrigan rejected the identical argument from the United States.  See Exh. 1 at 5, 7. In doing so, she held (1) that if Louisiana law applies, that law includes Louisiana's choice-of- law principles, and (2) that Louisiana's choice-of-law principles would dictate the application of the maritime law of contribution if LNA faced a risk of joint and several liability to the plaintiffs. See *id*.  That ruling is the law of this case, and there is no reason for this Court to revisit it.  See *In re Mastercard Int'l, Inc. Internet Gambling Litig.*, No. 00-1321, 2004 U.S. Dist. LEXIS 2051, *12 (E.D. La. Feb. 12, 2004) (Duval, J.) ("Pursuant to 'the law of the case' theory, a rule of law previously decided should continue to govern the same issues in subsequent stages of the same case."); see also *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006).

Even if this Court were to reexamine Chief Judge Berrigan's ruling, it was correctly decided.  A federal court sitting in diversity jurisdiction must first apply the forum state's <u>choice-</u>

of-law rules.  See *Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306 (5th Cir. 2006) ("In diversity cases, a federal court must follow the choice of law rules of the forum state …."). Thus, where a state's choice-of-law rules would result in the application of maritime or other federal substantive law, a federal court sitting in diversity jurisdiction must apply that federal substantive law as well.[2]

Here, application of Louisiana's choice-of-law rules would result in LNA having a valid third-party claim for contribution or indemnity if joint and several liability were imposed on LNA. Louisiana appellate authority expressly recognizes and adopts the choice-of-law principle that contribution and indemnity claims are governed by the law that applies to the primary plaintiff's claim against the primary defendant, even if that means applying federal maritime law rather than Louisiana law on contribution and indemnity. In *Gibbs v. Falcon Drilling Co.*, 713 So. 2d 669 (La. App.), *writ denied,* 726 So. 2d 29 (La. 1998), for instance, the plaintiff brought a general maritime law negligence claim against a drilling company and also asserted a medical malpractice claim under Louisiana law against a physical therapy clinic. The Louisiana Third Circuit, applying Louisiana choice-of-law rules, adopted the principle that a third-party claim asserted by a defendant is governed by the same law that governs the first-party claim against that defendant. Pursuant to that rule, the court held that maritime law, not Louisiana law, applied to the drilling company's claims for indemnity and contribution against the clinic. *Id.* at 672.

---

[2]    See *Hess v. United States,* 361 U.S. 314, 318 (1960) (applying maritime law because Oregon state law would apply maritime law); *Caban v. United States*, 728 F.2d 68, 72 (2d Cir. 1984) (noting that applying the "law of the place" may include federal law if a state court would apply it); *Zimmerman v. United States*, 171 F. Supp. 2d 281, 293 (S.D.N.Y. 2001) (holding that applying the "whole law" of the state "does not mandate that state law be applied when the state courts themselves would be required to refer to and apply federal law").

C.        **Conclusion**

For these reasons, the Dock Board's and OLD's argument that LNA's complaint does not state a legally viable claim for contribution is wrong, regardless of whether LNA's third-party claim is governed by maritime or Louisiana law.  Accordingly, the motion must be denied to the extent that it seeks dismissal of LNA's claim for contribution.

D.        **LNA Withdraws Any Claim for Indemnity from the Dock Board or OLD**

As this case has developed, there appears to be no possibility that LNA could be held derivatively liable solely for the actions or inactions of the Dock Board or the OLD.  Accordingly, LNA will not pursue any claim for indemnity against the Dock Board or the OLD and hereby withdraws its claim against the Dock Board and the OLD for indemnity.  In doing so, of course, LNA retains its claim against the Dock Board and the OLD for contribution.

III.      **LNA WITHDRAWS ANY PRAYER FOR RELIEF UNDER RULE 14(c), AND THEREFORE THE PORTION OF THE MOTION RELATING TO RULE 14(c) IS MOOT AND SHOULD NOT BE RULED ON**

As described above, LNA's third-party complaint asks for contribution from the third-party defendants under Rule 14(a) if LNA is held liable to the plaintiffs.  Doc. 9032 at ¶¶ 36, 50, 65, 73, and 78 and at p. 25 ¶ (4).

However, separate from and in addition to asking for contribution, the prayer for relief in LNA's third-party complaint included the following request:  "[t]hat if plaintiffs are entitled to judgment, said judgment be solely against" the United States, the Dock Board, and the OLD.  Doc. 9032 pp. 24-25 ¶ (3).

The Dock Board and OLD argue (Mem. 8-12) that LNA had no right to "tender" them to the plaintiffs in this way, under Rule 14(c), because plaintiffs' complaints against LNA did not assert an admiralty or maritime claim under Rule 9(h).  Under Rule 14(c), a defendant is allowed

to ask for judgment in the plaintiff's favor against a third-party defendant "[i]f a plaintiff asserts an admiralty or maritime claim under Rule 9(h)."

There is no need or basis for the Court to rule on this portion of the motion, however, because LNA has determined that it has no interest in maintaining any request under Rule 14(c) seeking judgment for the plaintiffs against the Dock Board or the OLD.  This is so because LNA's interests relating to the Dock Board and OLD are sufficiently protected by, among other things, LNA's valid claim for contribution from those entities under Rule 14(a) if LNA is held liable to the plaintiffs.  Therefore, LNA renounces and withdraws any request under Rule 14(c) that judgment be entered for the plaintiffs against the Dock Board or the OLD.  It follows that the portion of their motion addressing Rule 14(c) is moot and should not be ruled upon.

Federal courts lack Article III jurisdiction to rule on moot issues.[3]  Even apart from Article III, the Court should not rule on the moot Rule 14(c) issue because it turns on an underlying issue – whether plaintiffs have asserted an admiralty or maritime claim under Rule 9(h) – that, although irrelevant as to the Dock Board and OLD, may have a bearing on other issues in this case.  For example, LNA is and has been relying on plaintiffs having asserted claims under Rule 9(h) in the course of preparing LNA's response to plaintiffs' motion for class certification. The Fifth Circuit has repeatedly held that a complaint that invokes admiralty or maritime jurisdiction will be deemed to have asserted a claim under Rule 9(h), regardless of any additional references in the complaint.  See *T.N.T. Marine Serv. v. Weaver Shipyards*, 702 F.2d 585, 587 (5th Cir. 1983); *Gilmore v. Waterman S.S. Corp.*, 790 F.2d 1244 (5th Cir. 1986).  Moreover, the Barge Plaintiffs have expressly said that their complaints asserted claims under Rule 9(h).  Doc. 15071.

---

[3]      See, *e.g.*, *United States v. Garcia-Herrera*, 2008 U.S. App. LEXIS 17472 (5th Cir. Aug. 14, 2008) (unpublished); In re Chisholm, 2008 U.S. App. LEXIS 7491 (5th Cir. Apr. 8, 2008) (unpublished).

In sum, the Rule 14(c) issue raised by the Dock Board and OLD is moot because LNA has renounced and withdrawn any prayer for relief under Rule 14(c).  This Court therefore should not address either (1) the Rule 14(c) issue or (2) the underlying Rule 9(h) issue.

## CONCLUSION

The motion by the Dock Board and the OLD (1) should be denied to the extent that it seeks dismissal of LNA's claim for contribution, and (2) should be deemed moot to the extent that it seeks dismissal of LNA's claim for indemnity and of LNA's prayer for relief under Rule 14(c), since LNA has withdrawn any claim for indemnity and any prayer for relief under Rule 14(c).  Attached as Exhibit 2 is a proposed order consistent with this conclusion.

<div style="margin-left:40%">

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

</div>

***Attorneys for Lafarge North America Inc.***

November 4, 2008

## **Certificate of Service**

    I hereby certify that I have on this 4th day of November, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

<u>/s/ John D. Aldock            </u>