**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** — **CIVIL ACTION**

**NO. 05-4182**

**PERTAINS TO: BARGE** — **SECTION "K"(2)**

***Boutte v. Lafarge* (05-5531)**
***Mumford v. Ingram* (05-5724)**
***Lagarde v. Lafarge* (06-5342)**
***Perry v. Ingram* (06-6299)**
***Benoit v. Lafarge* (06-7516)**
***Parfait Family v. USA* (07-3500)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Objections and Appeal to the District Court (Rec. Doc. 13804) seeking review of Magistrate Judge Joseph Wilkinson's Order of July 2, 2008 (Rec. Doc. 13711). In that Order, the magistrate judge granted in part and denied in part Defendant Lafarge North America's ("Lafarge") motion for a protective order concerning Plaintiffs' proposed Federal Rule of Civil Procedure 30(b)(6) deposition of Lafarge. Lafarge had sought the protective order on the grounds that Plaintiffs' had already sought a Rule 30(b)(6) deposition and had sought the successive deposition without seeking leave of the Court. Moreover, Lafarge asserted that the topics about which Plaintiffs sought a deposition had already been addressed in the prior Rule 30(b)(6) deposition of Lafarge or had been previously barred by the magistrate judge, and accordingly the new deposition was cumulative and overly burdensome. Magistrate Judge Wilkinson permitted Plaintiffs to make a successive Rule 30(b)(6) deposition on topics that had not been previously addressed and were relevant to the dispute. However, the magistrate judge granted the protective order insofar as Plaintiffs sought cumulative material or

material that was irrelevant. Subsequently, Plaintiffs brought the present motion seeking review of the magistrate judge's order.

The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); Eastern District of Louisiana Local Rule 72.1 E(A). The standard of review by district court's of a magistrate judge's non-dispositive rulings is the "clearly erroneous or contrary to the law" standard. Fed. R. Civ. P. 72(a). "The party challenging the magistrate judge's action in a non-dispositive matter has the burden of 'showing that the Magistrate's ruling was clearly erroneous or contrary to law.'" *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 354 (E.D. La. 2007) (Africk, J.) (citations omitted).

Having reviewed the briefings, the pleadings presented before the magistrate judge, and the relevant law, this Court finds that Plaintiffs have not met their burden of showing that the magistrate judge's ruling was clearly erroneous or contrary to law. Indeed, it appears that Magistrate Judge Wilkinson's order was consistent with the law and this Court would have reached the same conclusion had it considered this motion *de novo*. The Court notes that, among the objections, Plaintiffs objected to the magistrate judge's granting of a protective order regarding Topics 10(a), 10(b), and 10(c). Those topics sought disclosure of visual documentation of the Lafarge France Road facility, the Industrial Canal, and ING 4727 on August 28-29, 2005. Magistrate Judge Wilkinson granted the protective order regarding those topics as cumulative. This Court agrees, noting that Plaintiffs' prior Rule 30(b)(6) request sought "[t]he existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge,

and/or possible breach(es) of the Industrial Canal floodwall." Lafarge Opposition, Ex. 2 at 5 (Rec. Doc. 14104). Likewise, that request sought "any and all . . . materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward." *Id.* This Court finds that these earlier requests encompass such documents as aerial photographs, videotapes, and other visual representations of the Industrial Canal during August 28th and 29th, 2005. Accordingly, the Court understands and expects that Lafarge has already complied with this request.[1] Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Objections and Appeal to the District Court (Rec. Doc. 13804) is **DENIED.**

New Orleans, Louisiana, this 4th day of November, 2008.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

[1]The Court notes that Plaintiffs also apparently seek review of Magistrate Judge Wilkinson's ruling on Amended Topic 23 regarding parent-subsidiary relationships of Lafarge. The magistrate judge did not review this proposed topic because Plaintiffs submitted in an untimely fashion. This Court therefore need not review this issue.