UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:  MRGO | * * * * * * | SECTION "K" (2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |  |

**REPLY IN SUPPORT OF WASHINGTON GROUP INTERNATIONAL, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:     (504) 581-3200
Facsimile:     (504) 581-3361

Adrian Wager-Zito
Debra S. Clayman
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:     (202) 879-4645
Facsimile:     (202) 626-1700

November 6, 2008

*Attorneys for Washington Group International, Inc.*

## INTRODUCTION

The Local Rules require the opponent to a Motion for Summary Judgment to file "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried."  L.R. 56.2.  "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  *Id.*  In *Robinson v. United States*, this Court ordered the parties to respond to the opponent's Local Rule 56.1 Statement of Undisputed Facts "with a specific admission or specific denial and explanation as to each and every statement of fact as enumerated.  Only this type of response will be considered to be in compliance with LR 56.2."  Order, Jan. 9, 2008 (Doc. No. 10289).

In its Statement of Undisputed Material Facts, WGII cited specific evidence from the record to support each of the 213 facts that it claims are uncontroverted.  *See* WGII's Statement of Undisputed Material Facts, Oct. 9, 2008 (Doc. No. 15861-3) ("WGII's Stmt. of Facts").  In their Response, Plaintiffs did not dispute the following material facts:  1-17, 19-23, 25-26, 28-31, 35-36, 38-39, 47-51, 53, 59-60, 62-63, 66, 68-70, 72-74, 76-77, 79-82, 84, 86-88, 90, 92-94, 96, 98-102, 104-05, 107-08, 110-15, 118, 125-29, 131-32, 138, 140-56, 158-66, 168-69, 171-77, 179, 181-184, 186-99, 201-05, and 207-13.  *See* Response of the MRGO PSLC to WGII's Statement of Undisputed Material Facts, Oct. 30, 2008 (Doc. No. 16208-5) ("Pls.' Response").  As to the material facts that Plaintiffs dispute, apart from paragraphs 18, 24, 27, 32 and 33, Plaintiffs cite no specific evidence (deposition testimony, exhibits or otherwise) in support of their dispute.  Instead, Plaintiffs simply offer a general reference—without page cites—to their Opposition Brief, (Doc. No. 16208-3) (which itself contains very little evidentiary support), or to their

952285v.1

Memorandum in Support of the Robinson Plaintiffs' Opposition Brief (Doc No. 14252) (which was filed in another case to which WGII is not a party).

The Federal and Local Rules require Plaintiffs to set forth underline specific facts showing there is a genuine issue of material fact for trial.  *See* Fed. R. Civ. P. 56(e)(2).  Further, the Fifth Circuit has held that summary judgment is appropriate where the opponent to summary judgment "not only failed to present contradictory evidence, [but] it also failed to challenge" the movant's evidence.  *Skyline Air Serv., Inc. v. G.L. Capps Co.*, 916 F.2d 977, 980 (5th Cir. 1990).  Thus, the material facts enumerated by WGII that Plaintiffs failed to controvert with specific evidence must be deemed undisputed.

For each of Plaintiffs' Responses that purport to controvert WGII's Statement of Facts, WGII offers the following Reply to show that there is no genuine issue of material fact for trial.[1]

### 18.  **WGII's Statement of Undisputed Fact No. 18:**

> The Corps determined that dredging this proposed bypass channel would not impact the existing levee/floodwall structures bordering the EBIA.[2]

### **Plaintiffs' Response to WGII's Statement of Undisputed Fact No. 18:**

> Controverted.  This statement is the question asked of the witness.  The answer included the response that the Corps would make sure that "we build the new floodwall and levees on that east side, that wouldn't be violated by the bypass channel also."  Pls.' Response at 1-2 (citing Depo. transcript of Gerald Dicharry, p. 31, l. 1-5).
>
> Mr. Dicharry was referring to the Alternative Parallel Protection Design Report that specified that shheet [sic] piles be driven to a depth of at lest 60 feet before dredging was commenced.  It is unknown whether this was [sic] design was finally approved.  Pls.' Response at 2.

---

[1] WGII did not also draft a response to Plaintiffs' separately-filed MRGO PSLC's Statement of Disputed Facts, (Doc. No. 16208-4).  Plaintiffs' Statement of Disputed Facts restates virtually the same argumentative, conclusory and/or irrelevant facts that are contained in their Opposition Brief (Doc. No. 16208-3), and these facts are therefore addressed in WGII's Reply Brief submitted herewith.

[2] *See* Dicharry at 31:17-32:1.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 18:**

Plaintiffs purport to dispute the meaning of Mr. Dicharry's testimony. But the deposition testimony to which WGII refers is:

> Q:    And do you know if the Geotechnical Branch in the Engineering Division did an analysis to determine that the dredging of the bypass channel at that location would not affect the levee?
> A:    I'm sure they did, yes.
> Q:    And the Corps ultimately determined that dredging the bypass channel would not have an effect?
> A:    That's correct. We <u>also</u> had to make sure that, you know, when we build the new floodwalls and levees on that east side, that that wouldn't be violated by the bypass channel <u>also</u>.

Dicharry at 31:17-32:1 [Ex. 2] (emphasis added). Plaintiffs' Response therefore is inapposite to, but does not dispute, WGII's Statement of Fact. Moreover, WGII cannot respond to Plaintiffs' contention regarding a vaguely-referenced "Alternative Parallel Protection Design Report," which is neither an exhibit to Plaintiffs' Opposition brief, nor an exhibit to Mr. Dicharry's deposition.

**24.  WGII's Statement of Undisputed Fact No. 24:**

This "umbrella" contract, also known as a Total Environmental Restoration Contract ("TERC"), provided the general requirements for all of WGII's anticipated work on HTRW sites in the region with the understanding that the Corps would prepare a specific Statement of Work ("SOW") for each individual Delivery Order (or "Task Order") it later issued.[3]

_____

[3] *See* Veigel at 68:23-69:5; TERC [Ex. 15 at 8, 10]; *see also* Deposition of Lee Guillory Vol. I, June 30, 2008 ("Guillory I," Ex. 17), at 37:5-15; Guillory II at 44:16-23.

3

**Plaintiffs' Response to WGII's Undisputed Fact No. 24:**

Controverted.  The Statement of Work was not "specific."  "The Statement of Work lists the work elements, a little description of the site, a little description of the work to be performed."  Pls.' Response at 2 (citing Depo. transcript of WGII by Stephen Clay Roe, p.16).

**WGII's Reply in Support of Undisputed Fact No. 24:**

WGII's statement is only that the Corps prepared a specific (*i.e.*, site-specific) Statement

of Work for each individual Delivery Order (or Task Order) under the TERC.  Plaintiffs concede

as much in their Opposition Brief.  *See* Pls.' Opp. at 12 (referring to a Statement of Work as

"site-specific").  Moreover, as WGII set forth in Paragraph 31 of its Undisputed Facts—quoting

the same deposition testimony as Plaintiffs—a Statement of Work ("SOW") "in essence lists the

work elements, a little description of the site, [and] a little description of the work to be

performed."[4]   Thus, WGII asserts that a dispute does not exist with respect to this fact.

**27.  WGII's Statement of Undisputed Fact No. 27:**

Because the TERC was a cost-reimburseable contract, the Corps' on-site Task Order representative always had to "know what was being spent and why it was being spent," so that he or she could decide if each of the contractor's proposed activities were "justifiable or not."[5]

**Plaintiffs' Response to WGII's Undisputed Fact No. 27:**

Controverted.  Montegut testified that he would have know [*sic*] if material brought on site, but didn't know that over 40,000 cubic yards of sand/fill had been delivered just within the first year of physical labor at the EBIA.  Pls.' Response at 2 (citing Opposition to Motion for Summary Judgment).

---

[4] Roe at 16:1-12.  Plaintiffs have <u>not</u> disputed WGII's Statement of Fact No. 31.

[5] Deposition of James Montegut, Aug. 8, 2008 ("Montegut," Ex. 23) at 24:4-10.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 27:**

Plaintiffs mischaracterize Mr. Montegut's testimony. Mr. Montegut testified during his recent deposition only that he did not "remember" whether any sand was imported on-site during the period 2001-2002 (Montegut at 67:14-19 [Ex. 23]), and Plaintiffs' counsel opted not to refresh his recollection with documents. Thus, the testimony does <u>not</u> evidence that Mr. Montegut did not "know what was being spent and why it was being spent" <u>at the time</u> he was working on Task Order 26.

32. **WGII's Statement of Undisputed Fact No. 32:**

The Corps typically would send a SOW to WGII with a Request for Proposal ("RFP") asking WGII to provide an estimated cost for the work identified in the SOW.[6] In response to the RFP, WGII would draft and submit a proposal.[7]

**Plaintiffs' Response to WGII's Undisputed Fact No. 32:**

Controverted. Plaintiffs dispute that the Corps "typically" would send a [Statement] of Work. The word typical is ambiguous, and it was not done on many occasions, including for the development of the Sewer Lift Station excavation plan. Pls.' Response at 2 (citing Opposition to Motion for Summary Judgment).

**WGII's Reply in Support of Undisputed Fact No. 32:**

WGII never stated that the Corps sent WGII a separate Statement of Work for each definable feature of work (*e.g.,* Sewer Lift Station removal) that it asked WGII to perform. Nevertheless, as WGII made clear in its opening brief, the Corps did substantially review, consider and approve a work plan for each definable feature of work performed on Task Order 26, including the removal of the Sewer Lift Station. *See, e.g.,* WGII's Stmt. of Facts ¶¶ 113-20.

---

[6] *See, e.g.*, RFP for Mod. 10, Aug. 6, 2001 [Ex. 27]; *see also* Roe at 87:3-16.

[7] Guillory II at 116:8-12.

**33.  WGII's Statement of Undisputed Fact No. 33:**

Mr. Guillory and his staff at the Corps then conducted an independent analysis of the proposal, known as a "Technical Analysis," to determine whether WGII's proposal was reasonable.[8]  The Corps negotiated or commented on WGII's proposal, verbally or in writing, and WGII submitted a revised proposal.[9]  This process continued until the Corps accepted WGII's proposal and issued the Task Order (or modification thereto).[10]

**Plaintiffs' Response to WGII's Undisputed Fact No. 33**:

Controverted.  Guillory did not have "his staff at the Corps" conduct an independent analysis.  Only parts of the Project Delivery team were involved in the review, and even then some members were listed as involved when in fact they were not.  Pls.' Response at 2-3 (citing Opposition to Motion for Summary Judgment & Exhibit 1 of the Opposition to Motion for Summary Judgment (MRGO PLSC, as *amicus curiae*, Memorandum in Support of the Robinson Plaintiffs' Opposition to the United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint (Record Doc 14252))).

**WGII's Reply in Support of Undisputed Fact No. 33:**

WGII submits that the Corps' August 2001 Technical Analysis [Ex. 28] was drafted by Construction Manager, Mr. Lee Guillory, and that the text of the Technical Analysis indicates that both Mr. Guillory and Senior Project Engineer, Mr. Jim Montegut, reviewed WGII's proposal.  Ex. 28 at ¶ 5; Guillory II at 115:21-116:6 [Ex. 6].  Plaintiffs otherwise cite no specific evidence to controvert WGII's Statement of Fact No. 33, and therefore it must be deemed undisputed.  *See supra*, p. 1.

**34**.  **Plaintiffs' Response to WGII's Undisputed Fact No. 34**:

Controverted.  See Opposition to Motion for Summary Judgment.

---

[8] *See, e.g.*, Technical Analysis of Proposal #113, Aug. 31, 2001 [Ex. 28]; Guillory II 45:14-22.

[9] Roe at 102:22-103:2; *see e.g.*, WGII Revised – Final Proposal #113, Sept. 24, 2001 [Ex. 29].

[10] Guillory I at 146:3-148:13.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 34:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

37. **Plaintiffs' Response to WGII's Undisputed Fact No. 37:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 37:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

40. **Plaintiffs' Response to WGII's Undisputed Fact No. 40:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 40:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

41. **Plaintiffs' Response to WGII's Undisputed Fact No. 41:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 41:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

42. **Plaintiffs' Response to WGII's Undisputed Fact No. 42:**

Controverted. See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 42:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**43. Plaintiffs' Response to WGII's Undisputed Fact No. 43:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 43:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**44. Plaintiffs' Response to WGII's Undisputed Fact No. 44:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 44:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**45. Plaintiffs' Response to WGII's Undisputed Fact No. 45:**

Controverted. See Opposition to Motion for Summary Judgment & Exhibit 1 of the Opposition to Motion for Summary Judgment (MRGO PLSC, as *amicus curiae*, Memorandum in Support of the Robinson Plaintiffs' Opposition to the United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint (Record Doc 14252).)

**WGII's Reply in Support of Undisputed Fact No. 45:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**46. Plaintiffs' Response to WGII's Undisputed Fact No. 46:**

Controverted. See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 46:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**52.  Plaintiffs' Response to WGII's Undisputed Fact No. 52:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 52:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**54.  Plaintiffs' Response to WGII's Undisputed Fact No. 54:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 54:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**55.  Plaintiffs' Response to WGII's Undisputed Fact No. 55:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 55:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

**56.  Plaintiffs' Response to WGII's Undisputed Fact No. 56:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 56:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

57. **Plaintiffs' Response to WGII's Undisputed Fact No. 57:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 57:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

58. **Plaintiffs' Response to WGII's Undisputed Fact No. 58:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 58:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

61. **Plaintiffs' Response to WGII's Undisputed Fact No. 61:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 61:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

64. **Plaintiffs' Response to WGII's Undisputed Fact No. 64:**

Controverted.  See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 64:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**65. Plaintiffs' Response to WGII's Undisputed Fact No. 65:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 65:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**67. Plaintiffs' Response to WGII's Undisputed Fact No. 67:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 67:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**71. Plaintiffs' Response to WGII's Undisputed Fact No. 71:**

Controverted.  See Opposition to Motion for Summary Judgment & Exhibit 1 of the Opposition to Motion for Summary Judgment (MRGO PLSC, as *amicus curiae*, Memorandum in Support of the Robinson Plaintiffs' Opposition to the United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint (Record Doc 14252).)

**WGII's Reply in Support of Undisputed Fact No. 71:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**75. Plaintiffs' Response to WGII's Undisputed Fact No. 75:**

Controverted.  See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 75:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**78.  Plaintiffs' Response to WGII's Undisputed Fact No. 78:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 78:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**83.  Plaintiffs' Response to WGII's Undisputed Fact No. 83:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 83:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**85.  Plaintiffs' Response to WGII's Undisputed Fact No. 85:**

Controverted.  See Opposition to Motion for Summary Judgment & Exhibit 1 of the Opposition to Motion for Summary Judgment (MRGO PLSC, as *amicus curiae*, Memorandum in Support of the Robinson Plaintiffs' Opposition to the United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint (Record Doc 14252).)

**WGII's Reply in Support of Undisputed Fact No. 85:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**89.  Plaintiffs' Response to WGII's Undisputed Fact No. 89:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 89:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**91.  Plaintiffs' Response to WGII's Undisputed Fact No. 91:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 91:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**95.  Plaintiffs' Response to WGII's Undisputed Fact No. 95:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 95:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**97.  Plaintiffs' Response to WGII's Undisputed Fact No. 97:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 97:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**103.  Plaintiffs' Response to WGII's Undisputed Fact No. 103:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 103:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**106.  Plaintiffs' Response to WGII's Undisputed Fact No. 106:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 106:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**109.  Plaintiffs' Response to WGII's Undisputed Fact No. 109:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 109:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

**116.  Plaintiffs' Response to WGII's Undisputed Fact No. 116:**

Controverted.  See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 116:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

117.  **Plaintiffs' Response to WGII's Undisputed Fact No. 117:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 117:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

119.  **Plaintiffs' Response to WGII's Undisputed Fact No. 119:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 119:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

120.  **Plaintiffs' Response to WGII's Undisputed Fact No. 120:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 120:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

121.  **Plaintiffs' Response to WGII's Undisputed Fact No. 121:**

Controverted.  See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 121:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

122.  **Plaintiffs' Response to WGII's Undisputed Fact No. 122:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 122:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

123.  **Plaintiffs' Response to WGII's Undisputed Fact No. 123:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 123:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

124.  **Plaintiffs' Response to WGII's Undisputed Fact No. 124:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 124:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

130.  **Plaintiffs' Response to WGII's Undisputed Fact No. 130:**

Controverted.  See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 130:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

133.  **Plaintiffs' Response to WGII's Undisputed Fact No. 133:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 133:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

134.  **Plaintiffs' Response to WGII's Undisputed Fact No. 134:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 134:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

135.  **Plaintiffs' Response to WGII's Undisputed Fact No. 135:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 135:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

136.  **Plaintiffs' Response to WGII's Undisputed Fact No. 136:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 136:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

137. **Plaintiffs' Response to WGII's Undisputed Fact No. 137:**

Controverted. See Opposition to Motion for Summary Judgment & Exhibit 1 of the Opposition to Motion for Summary Judgment (MRGO PLSC, as *amicus curiae*, Memorandum in Support of the Robinson Plaintiffs' Opposition to the United States of America's Motion to Dismiss Counts Two and Three of the Amended Complaint (Record Doc 14252).)

**WGII's Reply in Support of Undisputed Fact No. 137:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

139. **Plaintiffs' Response to WGII's Undisputed Fact No. 139:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 139:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

157. **Plaintiffs' Response to WGII's Undisputed Fact No. 157:**

Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 157:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

167. **Plaintiffs' Response to WGII's Undisputed Fact No. 167:**

Controverted. See Opposition to Motion for Summary Judgment.

952285v.1

**WGII's Reply in Support of Undisputed Fact No. 167:**

 Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

170. **Plaintiffs' Response to WGII's Undisputed Fact No. 170:**

 Controverted. See Opposition to Motion for Summary Judgment.

 **WGII's Reply in Support of Undisputed Fact No. 170:**

 Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

178. **Plaintiffs' Response to WGII's Undisputed Fact No. 178:**

 Controverted. See Opposition to Motion for Summary Judgment.

 **WGII's Reply in Support of Undisputed Fact No. 178:**

 Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

180. **Plaintiffs' Response to WGII's Undisputed Fact No. 180:**

 Controverted. See Opposition to Motion for Summary Judgment.

 **WGII's Reply in Support of Undisputed Fact No. 180:**

 Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed. *See supra*, p.1.

185. **Plaintiffs' Response to WGII's Undisputed Fact No. 185:**

 Controverted. See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 185:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

200.  **Plaintiffs' Response to WGII's Undisputed Fact No. 200:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 200:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

206.  **Plaintiffs' Response to WGII's Undisputed Fact No. 206:**

Controverted.  See Opposition to Motion for Summary Judgment.

**WGII's Reply in Support of Undisputed Fact No. 206:**

Plaintiffs cite no specific evidence to controvert WGII's statement of fact, and therefore it must be deemed undisputed.  *See supra*, p.1.

Dated:  November 6, 2008          Respectfully submitted,


/s/Heather S. Lonian
William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:     (504) 581-3200
Facsimile:      (504) 581-3361

Adrian Wager-Zito
Debra S. Clayman
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:     (202) 879-4645
Facsimile:      (202) 626-1700

*Attorneys for
Washington Group International, Inc.*

21

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Reply in Support of Statement of Undisputed Material Facts in Support of Motion for Summary Judgment have been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 6th day of November, 2008.

*/s/Heather S. Lonian*

952285v.1