# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br>Boutte, No. 05-5531<br>Mumford, No. 05-5724<br>Lagarde, No. 06-5342<br>Perry, No. 06-6299<br>Benoit, No. 06-7516 | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

### REPLY MEMORANDUM OF THIRD-PARTY DEFENDANT, THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

### Introduction

Lafarge, by voluntarily "renouncing and withdrawing" any Rule 14(c) claim against the Dock Board and any claim against the Dock Board for indemnity, has, as will be explained more fully below, effectively left itself with no claims remaining against the Dock Board. Such a result respectfully requires the granting of the Dock Board's summary-judgment motion and the dismissal of Lafarge's Third-Party Complaints.

1. **Lafarge's argument regarding the viability of a contribution claim under Rule 14(a) is wholly misplaced because such an argument is based upon the legal fiction that Lafarge has actually asserted a claim against the Dock Board for contribution in these actions, which it has not.**

Lafarge's opposition [Rec. Doc. 16267] to the Dock Board's motion [Rec. Doc. 14710] is based upon the faulty premise that Lafarge has actually asserted a claim against the Dock Board for contribution. Lafarge also mischaracterizes one of the Dock Board's arguments as standing for the proposition that a claim for contribution cannot be asserted through Rule 14(a). This, however, was not our argument.

In our supporting memorandum, the Dock Board, when analyzing whether Lafarge's Third-Party Complaints stated a valid cause of action against the Dock Board if it is ultimately found that Lafarge's impleader of the Dock Board complied with Rule 14(a), acknowledged that general maritime law generally recognizes a right to contribution between joint tortfeasors, but that any such right to contribution must be based upon a finding of concurrent fault. Our argument was that, based upon the allegations contained in Lafarge's Third-Party Complaints, Lafarge had not actually asserted a claim against the Dock Board for contribution, but rather had only asserted claims against the Dock Board for indemnity. Thus, there was no need to discuss whether Lafarge had a right to contribution. We then went on to explain why Lafarge had no claim for indemnity against the Dock Board, as a matter of law, under general maritime law. Lafarge apparently agrees with this argument as it has now voluntarily withdrawn and renounced its claims for indemnity. Thus, our argument was not that a

claim for contribution could not be brought under Rule 14(a); rather, our argument was that Lafarge had not asserted a claim for contribution against the Dock Board.

By way of further explanation, despite Lafarge's conclusory use of the word "contribution" in its Third-Party Complaints, Lafarge's claims against the Dock Board were not ones for contribution, but rather were actually ones for indemnity.  In support of this notion, the U.S. Fifth Circuit has defined the term "indemnity" as "a shifting of responsibility from the shoulders of one person to another."  See, Cities Service Company v. Lee-Vac, Ltd., 761 F.2d 238, 240 (5th Cir. 1985).  The sole purpose of, and the basic theory underlying, Lafarge's Third-Party Complaints was to place the entire blame for the flooding that occurred on the Dock Board and the other third-party defendants.[1]  Lafarge sought to accomplish this basic goal by alleging that the barge played no role whatsoever in causing the levee breaks at issue, and that the negligent actions of the Dock Board and the other third-party defendants were the sole cause of the Barge Plaintiffs' damages.  In essence, Lafarge points the finger of blame for the Barge Plaintiffs' damages wholly on somebody else, which, as we explained in our original supporting memorandum, is an appropriate affirmative defense for Lafarge to assert in response to the Barge Plaintiffs' claims, but is wholly improper to assert as a basis for third-party impleader under Rule 14(a).  Lafarge further prayed that a judgment be entered directly in favor of Barge Plaintiffs and against the Dock Board and the other third-party defendants, but not against Lafarge.  Finally, Lafarge prayed that to the

---

[1] In fact, it was Lafarge's improper use of Rule 14(a) impleader to accomplish this goal, coupled with Lafarge's invalid attempt to insert Rule 14(c) theories of third-party liability into these actions when the Barge Plaintiffs had not asserted admiralty or maritime claims against Lafarge within the meaning of Rule 9(h), that caused the Dock Board to file this motion for summary judgment in the first place.

extent that Lafarge must pay any money to Barge Plaintiffs, then Lafarge was entitled to recover the full amount of any such payments to the Barge Plaintiffs from the Dock Board and the other third-party defendants. Such allegations by Lafarge are wholly inconsistent with a claim for contribution.

For example, nowhere in its Third-Party Complaints does Lafarge allege any facts suggesting that the Dock Board and Lafarge are joint tortfeasors whose concurrent fault somehow caused the Barge Plaintiffs' damages. Nor does Lafarge allege that it is entitled to recover from the Dock Board any amounts that Lafarge may pay to the Barge Plaintiffs which exceeds Lafarge's own proportion of fault. Instead, Lafarge seeks to recover the full amount of any monies it is forced to pay Barge Plaintiffs and further seeks to hold the Dock Board and the other third-party defendants directly liable for the full amount of the Barge Plaintiffs' damages. Unfortunately for Lafarge, a claim to recover the "full amount" of a party's own liability is not one for contribution, but rather is one for indemnity— a claim which Lafarge has now specifically renounced and withdrawn. While Lafarge attempts to downplay this argument of the Dock Board as "hyper-technical," the U.S. Fifth Circuit agrees that even though a party seeking a full reimbursement from another party has labeled his claims as ones for "indemnity and/or contribution," the party seeking such a full reimbursement has asserted a claim for indemnity, not a claim for contribution:

> Energy characterizes its claims against Houma and Freeport as for "indemnity and/or contribution;" it seeks "full reimbursement … for the amounts paid in maintenance and cure, because Energy … was found free from fault in the accident." Indemnity permits the indemnitee "to shift all the loss onto another tortfeasor," whereas contribution "requires that

- 4 -

each tortfeasor pay the proportion of the damages attributable to its actions." *Hardy v. Gulf Oil Co.*, 949 F.2d 826, 830 (5th Cir. 1992)(citations omitted). Because Energy seeks "full reimbursement" from Houma and Freeport (regardless of the fact that Energy's employee's (Bertram's) negligence also contributed to the accident (60% at fault) that necessitated the maintenance and cure), its claim is for indemnity.

See, *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1012 n. 3 (5th Cir. 1994).

Given the foregoing, because Lafarge seeks only to recover from the Dock Board the "full amount" of Lafarge's liability to Barge Plaintiffs herein, Lafarge's claims against the Dock Board are ones for indemnity, and not for contribution. Having formally renounced and withdrawn its claims for indemnity, and having failed to even assert a claim for contribution, Lafarge now has no other claims remaining against the Dock Board. Accordingly, Lafarge's misguided attempt to re-write and re-interpret its Third-Party Complaints to now include a claim for contribution that was simply never made should respectfully be rejected.

2. **The United States' earlier motion to dismiss Lafarge Third-Party Complaints bears no resemblance whatsoever to, and does not control the outcome of, the Dock Board's motion for summary judgment.**

Lafarge's argument that an earlier decision in the Ingram Barge litigation by Chief Judge Berrigan on a Rule 12(b)(6) motion by the United States regarding Lafarge's claims against the United States under the Federal Torts Claims Act, the Admiralty Extension Act, and the Little Tucker Act is now the law of the case and precludes the Dock Board's motion today is wholly misplaced. Chief Judge Berrigan, "without definitively ruling on the issue," and further expressing a willingness to later "revisit [Lafarge's] claims and determine whether the substantive law applied would in fact

- 5 -

recognize [Lafarge's] claims for indemnity and/or contribution" against the United States, determined that Louisiana law and general maritime law <u>may</u> recognize a claim for indemnity and/or contribution in favor of Lafarge and against the United States. In that motion, however, the argument was not made, as it is here, that Lafarge had failed to even assert a claim for contribution under Rule 14(a). Nor were the Dock Board's legal theories and other arguments regarding Rules 14 (a), 14(c), and 9(h) raised in the United States' motion or otherwise even at issue. Moreover, in our motion, the Dock Board has shown that substantive general maritime law does not provide Lafarge with a valid claim for indemnity against the Dock Board. Lafarge, has inherently conceded this fact, by renouncing and withdrawing its claims for indemnity. Chief Judge Berrigan never reached this issue. Accordingly, because the United States' prior motion bears no real similarity to the motion at bar, Lafarge's argument on this point should respectfully be rejected.

**3.    The cases upon which Barge Plaintiffs rely are distinguishable.**

Finally, in order to complete the record, the Dock Board provides this brief reply to the Barge Plaintiffs' Response [Rec. Doc. 15071] to the Dock Board's summary-judgment motion. Barge Plaintiffs argue in their Response to the Dock Board's summary-judgment motion, that they intended all along for this action to proceed under the court's admiralty jurisdiction because, among other things, they claim to "have consistently posited that joint and several liability will govern as per *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979) and *Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir. 1993)." See, Barge Plaintiffs' Response at p. 1-2 [Rec. Doc.

No. 15071]. This notion is incorrect. The mere fact that substantive admiralty and maritime law might govern Barge Plaintiffs' action against Lafarge and others has no bearing on whether Barge Plaintiffs' have elected to proceed on what used to be called the "admiralty" side of the court under Rule 9(h).

For example, if Barge Plaintiffs' claims against Lafarge are ultimately found to arise under General Maritime Law, then substantive federal admiralty law will govern their claims against Lafarge regardless of whether Barge Plaintiffs had originally filed suit against Lafarge in state court under the savings-to-suitors' clause, or whether Barge Plaintiffs had filed suit in federal court under admiralty jurisdiction or in federal court under diversity jurisdiction. See, Kermarec v. Compagnie General Transatlantique, 358 U.S. 625, 628, 79 S.Ct. 406, 408-09 (1959); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 410-11, 74 S.Ct. 202, 205-06 (1953); Branch v. Schumann, 445 F.2d 175, 177-78 (5th Cir. 1971). This does not mean, however, that Federal Rules of Civil Procedure 14(c), 38(e), and 82, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture would apply to maritime actions brought in state court or to those maritime actions brought in federal court under the court's diversity jurisdiction through the savings-to-suitors' clause.

Next, the Dock Board has acknowledged in its motion that Barge Plaintiffs have pled this Honorable Court's admiralty and maritime jurisdiction in their Complaints that were originally filed in federal court. Other grounds of federal jurisdiction, however, namely diversity of citizenship, have also been pled by Barge Plaintiffs in those actions, or, in the case of those actions originally filed by Barge Plaintiffs in state court, by the

defendants in removing the cases to federal court. When, as in the case at bar, multiple grounds for federal subject matter jurisdiction exist, for the admiralty procedural rules to apply, Barge Plaintiffs' needed to make a Rule 9(h) election to determine the "procedural" rules that will govern their actions. In other words, Barge Plaintiffs' needed to make an election to decide whether their claims against Lafarge would proceed under those traditional admiralty rules incorporated into the Federal Rules of Civil Procedure, with a concomitant bench trial and the availability of such things as Rule 14(c) third-party practice and the admiralty interlocutory appeal, or whether their claims would proceed under the savings-to-suitors' clause as a normal civil action in federal court with a jury trial. Barge Plaintiffs, however, by asking for a jury trial and by failing to specifically identify their claims against Lafarge as "admiralty or maritime claims" have made the clear and conscience choice to forego the traditional admiralty rules of procedure and have instead elected to proceed against Lafarge under the normal civil rules. As explained, in our original supporting memorandum, simply alleging the existence of admiralty or maritime jurisdiction, when other grounds of subject matter jurisdiction are also available, is not sufficient to invoke the traditional admiralty rules of procedure. Consequently, because Plaintiffs have not elected to proceed under the traditional admiralty rules, Rule 14(c) third-party impleader is not available to Lafarge. Instead, Lafarge's third-party claims would be governed by Rule 14(a).

Finally, Barge Plaintiffs' primary reliance upon T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585 (5th Cir. 1983), cert. denied, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983), to support their assertion that they

originally elected to proceed in admiralty is misplaced. In T.N.T. Marine Service, Inc., a major distinguishing factor in the court's decision was the fact that the plaintiff therein also asserted an in rem claim against a vessel, which is cognizable only in admiralty:

> Of particular note in this case is that an action against the vessel in rem would fall within the exclusive admiralty jurisdiction and could not be brought under diversity jurisdiction.

See, T.N.T. Marine Service, Inc., 702 F.2d at 587. No such in rem claim appears in our action. Also distinguishable is the fact that in T.N.T. Marine Service, Inc., the Plaintiff alleged that, "[t]his is also a suit for breach of a maritime contract and for maritime tort." See, T.N.T. Marine Service, Inc., 702 F.2d at 587. Again, no such or similar allegation was made by Barge Plaintiffs. Contrary to Barge Plaintiffs' assertion, a review of the allegations contained in the Barge Plaintiffs' original through sixth amended Complaints shows that Barge Plaintiffs failed to include any statement at all, much less a "simple statement," that their claims were "admiralty or maritime claims," or something equivalent, in their seven prior Complaints.

Barge Plaintiffs' further reliance on the unreported case of Rosales v. Bouchard Coastwise Management Corp., 2004 WL 1146953 (E.D.La. 2004), is similarly misplaced. In Rosales, unlike here, this Honorable Court specifically recognized that the Plaintiff "neither invoked diversity jurisdiction nor requested a jury." See, Rosales, 2004 WL 1146953 at * 2. In our action, Barge Plaintiffs not only specifically alleged the existence of the court's diversity jurisdiction, but also specifically requested a jury trial.

Given the foregoing, the Barge Plaintiffs' contention on this issue should respectfully be rejected.

## Conclusion

Based upon the foregoing reasons, and for those reasons previously set forth in the Dock Board's original supporting memorandum, it is respectfully requested that this Honorable Court grant the Dock Board's motion for summary judgment and dismiss Lafarge's Third-Party Complaints against the Dock Board, with prejudice, each party to bear its own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH (7354)
JONATHAN H. SANDOZ (23928)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Board of Commissioners
of the Port of New Orleans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 7th day of November 2008.

/s/ Kirk N. Aurandt
KIRK N. AURANDT