UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: MRGO | * * * * * | SECTION "K" (2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# WASHINGTON GROUP INTERNATIONAL, INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF IN OPPOSITION TO WASHINGTON GROUP'SMOTION FOR SUMMARY JUDGMENT

William D. Treeby, 12901
Carmelite M. Bertaut, 3054
Heather S. Lonian, 29956
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:   (504) 581-3200
Facsimile:   (504) 581-3361

Adrian Wager-Zito
Debra S. Clayman
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:   (202) 879-4645
Facsimile:   (202) 626-1700

November 7, 2008                              *Attorneys for Washington Group International, Inc.*

WAI-2900343v1

I.  **INTRODUCTION**

Plaintiffs in several individual cases consolidated under MRGO ("Individual Plaintiffs") request leave to file an amicus curiae brief that was filed nearly one week after the scheduled due date and simply repeats arguments already presented by Plaintiffs in their Opposition to Washington Group International, Inc.'s ("WGII") Motion for Summary Judgment. *Ex Parte* Motion for Leave to File Amicus Opposition ("Amicus Opposition") (Doc. No. 16289). This brief provides nothing new for the Court to consider and is therefore more a hindrance than a help. *See Ysleta Del Sur Pueblo v. El Paso County Water Improvement District No. 1*, 222 F.3d 208, 209 (5th Cir. 2000). As such, Individual Plaintiffs' Motion for Leave to File Amicus Curiae Brief should be denied.

II.  **ANALYSIS**

The "privilege" of appearing as amicus curiae rests within the sole discretion of the court. *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990). To gain this privilege, an individual must show that her participation in a particular case is "useful to or otherwise desirable by the court." *Id.* at 620 (citing *Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D. Ill. 1982)). Amicus briefs that are filed out of time and present issues that have been adequately briefed by the parties are unhelpful and routinely rejected. *See Ysleta Del Sur Pueblo*, 222 F.3d at 209 (denying leave to file amicus brief where brief was untimely filed and movant sought to address same issues addressed by parties in their respective briefs); *Long v. Coast Resorts, Inc.*, 49 F.Supp.2d 1177 (D. Nev. 1999) (rejecting amicus motion that "is untimely and . . . appears to merely reargue what was argued fully and competently by Plaintiffs"). This is particularly true where the amicus brief "duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." *Ryan v. Commodity Futures Trading Commission*,

125 F.3d 1062, 1063 (7th Cir. 1997) ("Such amicus briefs should not be allowed. They are an abuse."); see *Mechmet v. Four Seasons Hotels, Ltd.*, 1985 WL 766, *1 (N.D. Ill. Apr. 25, 1985) (denying leave to file amicus briefs in support of motion for summary judgment where briefs "largely duplicate the arguments of the defendants").

The amicus brief offered by Individual Plaintiffs is both untimely and duplicative. Under this Court's Order amending CMO No. 7, any oppositions to WGII's motion for SJ were to be filed "no later than October 30, 2008." Order of Sept. 18, 2008 (Doc. No.15069). Individual Plaintiffs filed their motion for leave on November 5, 2008 – nearly one week after the prescribed due date and on the eve of the due date for WGII's Reply Brief. *See* Amicus Opposition. Such untimely briefs are improper and unhelpful. *See Coast Resorts*, 49 F.Supp.2d at 1177.

But more importantly, the Individual Plaintiffs' amicus brief is a mirror image of Plaintiffs' Opposition Brief. The similarities between the briefs are striking. The amicus brief addresses the exact issues that are included in Plaintiffs' Opposition Brief, without more, and offers absolutely nothing new for the Court to consider. *See* Amicus Brief in Opposition to WGII's Motion for Summary Judgment (Doc. 16298-3) (providing summary of government contractor defense and analysis of the defense's three conditions). Indeed, every case cited in Individual Plaintiffs' brief has been addressed by both WGII and Plaintiffs. *See id.* And the amicus brief is wholly void of any substantive factual or legal arguments that have not been thoroughly examined in prior briefs. *See id.* Individual Plaintiffs' even go so far as to cite to Plaintiffs' Opposition Brief when referring to factual evidence (of which there are very few examples), a clear indication that Individual Plaintiffs have simply replicated Plaintiffs' work. *See, e.g., id.* at 6 n.2 (citing to PSLC's Opposition at Exhibit 8). This amicus brief is the epitome

of unhelpful, and this Court should not waste its time in considering it.  *See Ryan*, 125 F.3d at 1063 (holding that courts are not helped by an amicus brief that "does not tell us anything we don't know already").

### III.    CONCLUSION

For all of the foregoing reasons, WGII respectfully requests that the Court deny Individual Plaintiffs' motion for leave to file as amicus curiae.

WAI-2900343v1

Dated: November 7, 2008				Respectfully submitted,

						/s/ Heather S. Lonian
						William D. Treeby, 12901
						Carmelite M. Bertaut, 3054
						Heather S. Lonian, 29956
						Stone Pigman Walther Wittmann L.L.C.
						546 Carondelet Street
						New Orleans, Louisiana  70130
						Telephone:	(504) 581-3200
						Facsimile:	(504) 581-3361

						Adrian Wager-Zito
						Debra S. Clayman
						Jones Day
						51 Louisiana Avenue, N.W.
						Washington, D.C. 20001-2113
						Telephone:	(202) 879-3939
						Facsimile:	(202) 626-1700

						Attorneys for
						Washington Group International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Washington Group International, Inc.'s Opposition to Motion for Leave to File Amicus Brief in Opposition to Washington Group's Motion for Summary Judgment have been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 7th day of November, 2008.

						/s/ Heather S. Lonian

4

WAI-2900343v1