UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | CIVIL ACTION NO. 05-4182 |
| **KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | SECTION "K" (2) |
| | JUDGE DUVAL |
| PERTAINS TO: ALL MRGO | MAGISTRATE JUDGE WILKINSON |

**REPLY TO WASHINGTON GROUP
INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMICUS OPPOSITION**

**May It Please the Court:**

Plaintiffs in several consolidated individual suits[1] petitioned this Court for leave to file an

---

[1] CII Carbon, L.L.C.; Entercom Communications Corp.; Quintessa Huey and Caryn L. Fong as trustees of the Huey & Fong Trust, and Amy Huey as trustee of the Kenneth Huey Family Trust; Dr. Frederick Keppel and Dr. Frederick Keppel, a Professional Medical Corporation; Radio Parts, Inc.; Harold T. Sloan, both individually and on behalf of his minor child, Zachary Sloan, Bambi G. Shamah, Michelle Shamah, and Megan Shamah; Universal Health Services, Inc.; WETCO Restaurant Group, LLC; and White III, LLC. *See CII Carbon, L.L.C. v. United States*, No. 07-4995 (E.D. La. filed Aug. 29, 2007); *CII Carbon, L.L.C. v. United States*, No. 07-5355 (E.D. La. filed Sept. 4, 2007); *Entercom Communications Corp. v. United States*, No. 07-4976 (E.D. La. filed Aug. 29, 2007); *Entercom Communications Corp. v. United States*, No. 07-5375 (E.D. La. filed Sept. 4, 2007); *Quintessa Huey & Caryn L. Fong as Trustees of the Huey & Fong Trust v. United States*, No. 07-4550 (E.D. La. filed Aug. 28, 2007); *Keppel v. United States*, No. 07-5007 (E.D. La. filed Aug. 29, 2007); *Keppel v. United States*, No. 07-5343 (E.D. La. filed Sept. 4, 2007); *Radio Parts, Inc. v. United States*, No. 07-4555 (E.D. La. filed Aug. 28, 2007); *Sloan v. United States*, No. 07-5013 (E.D. La. filed Aug. 29, 2007); *Sloan v. United States*, No. 07-5344 (E.D. La. filed Sept. 4, 2007); *Universal Health Servs, Inc. v. United States*, No. 07-5016 (E.D. La. filed Aug. 29, 2007); *Universal Health Servs, Inc. v. United States*, No. 07-5254 (E.D. La. filed Aug. 30, 2007); *Universal Health Servs, Inc. v. United States*, No. 07-5286 (E.D. La. filed Aug. 31, 2007); *Universal Health Servs, Inc. v. United States*, No.

*amicus* brief in Opposition to the Motion for Summary Judgment filed by Washington Group International, Inc. ("WGI"). WGI filed an opposition to Plaintiffs' request for leave arguing that the motion should be denied because Plaintiffs' *amicus* brief is untimely and duplicative.

This Court should grant Plaintiffs' motion for leave to file the *amicus* pleading. First, Case Management Order #7 is silent as to the deadlines for *amicus* filings, and the filing of Plaintiffs' *amicus* brief will not unduly delay the proceedings. Second, Plaintiffs' *amicus* brief is not dupilicative. While the opposition filed by Plaintiffs liaison counsel's ("PSLC") gave an excellent recitation of the facts of this case and applied those facts to the relevant legal authority calling for a denial of WGI's motion, the opposition filed by Plaintiffs herein distinguishes the cases cited by **WGI** in support of its motion. Each of WGI's contentions in its Opposition is baseless. Therefore, Plaintiffs request that this Court grant their Motion for Leave to File *Amicus* Brief in Opposition to WGI's Motion for Summary Judgment.

**I.   Analysis**

    **A.   Plaintiffs' *amicus* brief is not untimely because Case Management Order #7 is silent as to *amicus* filings and the filing of Plaintiffs' *amicus* brief will not unduly delay these proceedings.**

Plaintiffs' *amicus* brief is not untimely. After careful deliberation and due diligence, Plaintiffs decided that an *amicus* brief in opposition to WGI's Motion for Summary Judgment would present useful information for the Court to consider when making its decision on this important issue. Once this determination was made, Plaintiffs quickly drafted the *amicus* brief and petitioned

---

07-5350 (E.D. La. filed Sept. 4, 2007); *WETCO Restaurant Group, LLC v. United States*, No. 07-5012 (E.D. La. filed Aug. 29, 2007); *WETCO Restaurant Group, LLC v. United States*, No. 07-5012 (E.D. La. filed Sept. 4, 2007); *White III, LLC v. United States*, No. 07-4979 (E.D. La. filed Aug. 29, 2007); *White III, LLC v. United States*, No. 07-5356 (E.D. La. filed Sept. 4, 2007).

the Court for leave to file.

Neither the Uniform Local Rules of the District Court for the Eastern District nor this Court's Case Management Order #7 mention the applicable deadlines for *amicus* filings. Plaintiffs used their best judgment and filed as quickly as possible once it was clear that an *amicus* brief was necessary. The information Plaintiffs present to aid this Court's analysis of key issues should not be ignored given the absence of guidance and the Plaintiffs due diligence.

Lastly, WGI misunderstands the meaning of "timeliness" used by the courts in determining whether or not to grant *amicus* filings. WGI asserts that timeliness is connected to the motion practice deadlines set by this Court. But the relevant jurisprudence demonstrates that the timeliness factor that courts are speaking of is designed to prevent unnecessary delays.[2] If the *amicus* brief does not unnecessarily delay the disposition of the litigation, then it is timely. Here, Plaintiffs are requesting to file an *amicus* brief in the midst of the briefing period for the motion filed by WGI and this act will not delay the disposition of the litigation. Plaintiffs' opposition focuses on cases cited by WGI, and WGI arguably should be able to defend the cases on which it relies for its position. Accordingly, Plaintiffs' *amicus* opposition is not untimely and this Court should grant Plaintiffs' Motion for Leave File *Amicus* Brief in Opposition to WGI's Motion for Summary Judgment.

---

[2] *See Ysleta Del Sur Pueblo v. El Paso Water Improvement District No.1*, 222 F.3d 208, 209 (5th Cir. 2000) ("granting Southwestern Bell's motion would result in the needless delay of this case's disposition.") *Long v. Coast Resorts, Inc.*, 49 F.Supp. 2d 1177, 1178 (D. Nev. 1999) ("parties before the court should have their dispute resolved without any unnecessary delay. It would be unacceptable for an *amici* brief to cause a prolonged delay in the litigation."); and, *Fluor Corp. & Affiliates*, 35 Fed. Cl. 284, 286 (1996) ("permitting the filing of an *amicus* brief at this time would not unreasonably delay the litigation.").

B.     **Plaintiffs' *amicus* brief is not duplicative because Plaintiffs distinguish the cases specifically cited by WGI.**

WGI's assertions — that Plaintiffs' *amicus* brief is a "mirror image," "wholly void of any substantive factual or legal arguments," "the epitome of unhelpful," and "simply replicated Plaintiffs' work" — lead Plaintiffs herein to believe that WGI did not read their *amicus* opposition carefully. As it clearly stated in Plaintiffs' *amicus* brief, the focus of that brief is the legal authority surrounding the government contractor defense and a discussion of the flaws in WGI's legal analysis in its motion for summary judgment. In fact, Plaintiffs adopted the PSLC's detailed and exhaustive recitation of the facts for the very reason of avoiding duplicative filings.

The PSLC presented facts that overwhelmingly show an issue of material fact exists and that WGI is not entitled to judgment as a matter of law. Plaintiffs herein have presented an analysis of the jurisprudence governing the application of the government contractor defense. Further, Plaintiffs have raised issues with the way WGI interprets and presents that body of law. Plaintiffs' *amicus* brief provides this Court with a legal analysis focusing on why the cases cited by WGI are cited incorrectly or factually distinguishable from the facts facing this Court.

Plaintiffs' filing is not duplicative of the PSLC's opposition simply because they both discuss the government contractor defense. The fact that the pleadings necessarily touch on the same issues does not automatically make them "mirror images" of one another. In determining whether to permit an *amicus* filing, the Court should focus on whether or not the *amicus* brief will be "useful to or otherwise desirable by the court." *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La 1990). In this instance, Plaintiffs' *amicus* brief expounds upon and clarifies much of the jurisprudence cited by WGI. On a number of occasions, WGI cites to cases with facts wholly

4

unrelated to the facts in this litigation. Therefore, Plaintiffs' presentation of the law surrounding the government contractor defense and its analysis of the jurisprudence cited by WGI is the epitome of useful.

## II.     Conclusion

Plaintiffs' *amicus* brief will not unnecessarily delay the disposition of this litigation, and the issues and critiques presented therein will aid the Court in analyzing the memoranda filed by the parties and the pertinent law.  As such, Plaintiffs' Motion for Leave to File *Amicus* Brief in Opposition to WGI's Motion for Summary Judgment should be granted.

[Signature block on next page]

Respectfully submitted,

s/ James M. Garner

_____
JAMES M. GARNER #19589 — T.A.
DARNELL BLUDWORTH #18801
MARTHA Y. CURTIS #20446
JOHN T. BALHOFF, II #24288
KEVIN M. McGLONE #28145
ASHLEY G. COKER #30446
AMANDA R. SCHENCK #30706
RYAN O. LUMINAIS #30605
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR CII CARBON, L.L.C.; ENTERCOM COMMUNICATIONS CORP.; QUINTESSA HUEY and CARYN L. FONG as trustees of the HUEY & FONG TRUST, and AMY HUEY as trustee of the KENNETH HUEY FAMILY TRUST; DR. FREDERICK KEPPEL and DR. FREDERICK KEPPEL, A PROFESSIONAL MEDICAL CORPORATION; RADIO PARTS, INC.; HAROLD T. SLOAN, both individually and on behalf of his minor child, ZACHARY SLOAN, BAMBI G. SHAMAH, MICHELLE SHAMAH, and MEGAN SHAMAH; UNIVERSAL HEALTH SERVICES, INC.; WETCO RESTAURANT GROUP, LLC; and WHITE III, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2008 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ James M. Garner
_____
JAMES M. GARNER