# EXHIBIT 32

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL |
| PERTAINS TO: MRGO | * * * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DECLARATION OF STEVAN G. SPENCER

I, Stevan G. Spencer, P.E., hereby declare as follows:

1. On or about November 7, 2000, I received a letter from Dennis O'Conner of the Washington Group International ("WGI"), inquiring about permits required for demolition and remediation work at the EBIA.

2. I have no recollection of having made or not made a determination of whether a permit was necessary at the time that I received the November 7, 2000 letter from Dennis O'Conner. Based upon a current review of this letter, post Hurricane Katrina, I would find that a permit is necessary. I would follow the same procedure for a review of that permit as I did in 2000. I would have directed the contractor to send the documents to the USACE and the Louisiana DOTD for engineering review and letters of no objection.

3. On November 13, 2000, I sent by way of facsimile an instruction to Dennis O'Conner to send

a copy of the November 7, 2000 letter with attachments to Brian Keller a Corps employee in the Operations Division which reviewed permit applications.

4. Based upon letters of no objection from the Louisiana DOTD and the USACE, I directed that an unsigned letter/permit be sent to Dennis O'Conner.

5. In the normal course of business, the unsigned permit letter is sent by regular U.S. Mail, postage prepaid.

6. I have no recollection of telling WGI or any of its employees or subcontractors that a permit was not required for the work at the Eastbank Industrial Area.

7. The permit requires that the permittee follow the provisions of the letter of no objection from the USACE dated April 6, 2001, and all provisions of the letter of no objection from the Louisiana DOTD, dated December 29, 2000. Those letters require that the permittee repair any damage to the levee/floodwall at the applicant's expense and to the satisfaction of the Levee Board.

8. I affirm the statements made in my *Declaration* of October 27, 2008.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _November 5, 2008_  _____
        date                          Stevan G. Spencer, P.E.