UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br>Boutte, No. 05-5531<br>Mumford, No. 05-5724<br>Lagarde, No. 06-5342<br>Perry, No. 06-6299<br>Benoit, No. 06-7516 | CIVIL ACTION<br><br>NO. 05-4182 "K" (2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |

**REPLY MEMORANDUM OF THIRD-PARTY DEFENDANT, ORLEANS
LEVEE DISTRICT, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

The Orleans Levee District (the "OLD") respectfully submits this Reply Memorandum in Support of Motion for Summary Judgment, adopting the proposed Reply Memorandum of Third-Party Defendant, The Board of Commissioners of the Port of New Orleans (the "Port's Memorandum") (Doc. 16308-4), filed with this Honorable Court on November 7, 2008, in connection with the above-captioned matters and concerning the Port's Motion for Summary Judgment (Doc. 14710) and the OLD's Motion for Summary Judgment (Doc. 15059).

In addition to adopting the Port's arguments, the OLD notes that Lafarge, in its Opposition Memorandum, relies upon two pleadings in support of its assertion that it has pled a valid contribution claim, namely those pleadings bearing Doc. 9032 (see page 3 of Lafarge's Opposition Memorandum) and Doc. 13649 (see page 7 of Lafarge's Opposition Memorandum). Lafarge's reliance on both of these pleadings, for the purposes of opposing the Port's and the OLD's motions for summary judgment, is misplaced.

Specifically, Doc. 9032 is Lafarge's Answer to Sixth Supplemental and Amended Complaint and Third-Party Complaint, filed on November 14, 2007. It is the understanding of the OLD that the primary purpose of this pleading was to name as third-party defendant the Southeast Louisiana Flood Protection Authority – East ("SLFPA – East") in place of the OLD and the Lake Borgne Basin Levee District. Ostensibly this was done under the belief that SLFPA-East, "is liable for the acts and omissions, and resulting liabilities, of both the Orleans Levee District and the Lake Borgne Basin Levee District". (Doc. 9032 at p. 8, ¶ 7.) In fact, the OLD is not even named by Lafarge as a third-party defendant in Doc. 9032. However, once Lafarge came to realize that SLFPA-East was not a proper party defendant, Lafarge dismissed SLFPA-East without prejudice (Doc. 13639). Because the OLD is not named as a third-party defendant and the SLFPA-East was dismissed, the language of the Third-Party Complaint relied upon by Lafarge (Doc. 9032) is of no moment insofar as whether there exists a valid claim for contribution against the OLD.

Moreover, Doc. 13649 is Lafarge's First Supplemental and Amended Third Party Complaint against the OLD and the Lake Borgne Basin Levee District, filed on June 26, 2008. Lafarge argues that this is an express pleading of its claim for contribution against the OLD and Dock Board. However, Doc. 13649 was filed <u>only</u> in connection with the *Parfait Family v. USA*

case (Docket No. 07-3500) and not in connection with any of the Barge cases made the subject of the Port's and the OLD's motions for summary judgment.  Furthermore, both the Lake Borgne Basin Levee District and OLD have filed FRCP 12(b)(6) Motions to Dismiss this very First supplemental and Amended Third-Party Complaint which has not been ruled on by the Court.  (Doc. 14411 and Doc. 14648 respectively.)   The reasons for the FRCP 12(b)(6) Motion adequately set forth that such claims for tort contribution must be dismissed even if one were to set aside the obvious problem of the fact that the pleading itself does not pertain to the cases that are the subject of the motion before the Court, i.e., *Mumford, Lagarde, Boutte, Perry* and *Benoit*.

Thus, it is respectfully submitted that the pleadings referred to by Lafarge create no claim for contribution as against OLD.  The Motion for Summary Judgment should be granted as to the OLD.

**WHEREFORE,** for all of the reasons set forth in the Port's proposed Reply Memorandum, which the Orleans Levee District adopts *in extenso* herein, as well as for those reasons previously set forth in both the Port's and the OLD's original supporting memoranda, together with the foregoing additionally-discussed reasons herein, the Orleans Levee District respectfully requests that this Honorable Court grant the Orleans Levee District's Motion for Summary Judgment and dismiss Lafarge's Third-Party Complaints against the OLD, with prejudice, each party to bear their own costs.

Dated:  November 10, 2008               Respectfully submitted,

                                                    s/ Thomas P. Anzelmo_____
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo, P.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800

3

>Metairie, Louisiana 70002
>TELEPHONE:  (504) 831-0946
>FACSIMILE:  (504) 831-2492
>
>and
>
>LABORDE & NEUNER
>Ben L. Mayeaux - #19042
>James L. Pate - # 10333
>Gregory A. Koury - #26364
>One Petroleum Center, Suite 200
>1001 West Pinhook Road
>Lafayette, Louisiana 70503
>TELEPHONE:  (337) 237-7000
>FACSIMILE:  (337) 233-9450
>Attorneys for the ORLEANS LEVEE
>DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2008, a copy of the above and foregoing **Reply Memorandum of Third-Party Defendant, Orleans Levee District, in Support of Motion for Summary Judgment** was filed electronically with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

>s/ Thomas P. Anzelmo_____
>McCRANIE, SISTRUNK, ANZELMO,
>   HARDY, MAXWELL & McDANIEL
>3445 N. Causeway Boulevard, Ste. 800
>Metairie, Louisiana 70002
>TELEPHONE:  (504) 831-0946
>FACSIMILE:  (504) 831-2492
>E-MAIL:  tpa@mcsalaw.com

4