IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| Mumford          05-5724 | * | |
| Lagarde          06-5342 | * | JUDGE |
| Boutte            05-5531 | * | STANWOOD R. DUVAL, JR. |
| Perry              06-6299 | * | |
| Benoit            06-7516 | * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**SURREPLY MEMORANDUM OF LAFARGE NORTH AMERICA INC.
IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT
FILED BY THE BOARD OF COMMISSIONERS OF THE PORT OF NEW
ORLEANS AND ADOPTED BY THE ORLEANS LEVEE DISTRICT**

In its reply memorandum (Doc. 16308-4), third-party defendant Dock Board argues that this Court should interpret LNA's third-party complaint as asking only for indemnity, and not alternatively for contribution, even though LNA's complaint expressly asks for indemnity "and/or" contribution from the Dock Board.

That argument violates the fundamental rule that a court must "construe the plaintiffs' complaints in the light most favorable to them." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 (5th Cir. 2007); see also *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) ("The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff."); *Stanfield v. Quality Marine Service, Inc.*, 2005 U.S. Dist. LEXIS 8050 (Apr. 26, 2005) (Duval, J.) ("the complaint is construed in the light most favorable to the plaintiff").

Here, LNA's third-party complaint against the Dock Board explicitly asks for "indemnity … and/or contribution." Doc 9032 pp. 21, 25. Courts have repeatedly recognized that a com-

plaint that asks for indemnity "and/or" contribution must be interpreted, in response to a challenge to its legal sufficiency, as asking for both indemnity and contribution, and that the plaintiff's entitlement to each of those forms of relief must be examined separately.  See, *e.g.*, *Pierce v. Five B's, Inc.*, 2008 U.S. Dist. LEXIS 65530 (E.D. La. Aug. 27, 2008) (cross-claim asks for "indemnity and/or contribution"; court dismisses claim for indemnity but refuses to dismiss claim for contribution); *In re Two-J Ranch, Inc.*, 534 F. Supp. 2d 671, 675, 688 (W.D. La. 2008) (claim asks for "indemnity and/or contribution"; court dismisses claim for indemnity but refuses to dismiss claim for contribution").

The Dock Board's reliance on *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1012 n.3 (5th Cir. 1994), is misplaced.  The footnote cited by the Dock Board merely noted that, although the third-party plaintiff had characterized its claim as for indemnity and/or contribution, it had ultimately sought and been awarded total recovery at trial, and hence the claim it had prevailed on and was defending on appeal was for indemnity.  *Bertram*, thus, has no bearing on the proper interpretation of LNA's complaint in response to the Dock Board's attack on its legal sufficiency, which must be the liberal interpretation most favorable to LNA.

In sum, LNA's complaint alleges a valid claim for contribution, as Chief Judge Berrigan already held in this litigation, and thus the motion to dismiss that claim should be denied. Moreover, as LNA's opposition showed, even if there were any pleading defect (which there isn't), that defect could immediately be cured in an amended pleading.  See, *e.g.*, *Nichols v. Lloyds of London*, 2008 U.S. Dist. LEXIS 47233, *8 (E.D. La. June 17, 2008) ("When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.").

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

November 10, 2008

## Certificate of Service

I hereby certify that I have on this 10th day of November, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock