UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
       CONSOLIDATED LITIGATION

                                                                        NO. 05-4182

PERTAINS TO: LEVEE                               SECTION "K"(2)
       Bourgeois (06-5131)
       Ferdinand (06-5132)
       Christophe (06-5134)
       Williams (06-5137)
       Porter (06-5140)

## ORDER AND REASONS

Before the Court is Defendant Board of Commissioners of the Port of New Orleans' ("the Dock Board") Motion for Judgment on the Pleadings (Rec. Doc. 13670) ("Mot.").[1] Plaintiffs have opposed the motion (Rec. Doc. 14388) ("Opp."), to which the Dock Board filed a reply (Rec. Doc. 14475) ("Reply").  Based on this Court's review of the relevant law and pleadings before it, the Dock Board's motion will be granted.

## I. BACKGROUND

The Dock Board seeks dismissal of those claims against it that are based upon the Dock Board's alleged *garde* over flood control projects because the Dock Board "has no duties or responsibilities with regard to flood protection or levee maintenance."[2]  Mot. at 7.  Plaintiffs are

---

[1] All citations to pleadings refer to those documents docketed on Civ. A. No. 05-4182, unless otherwise noted.

[2] The Dock Board also moved for judgment on the pleadings on the basis that La. Rev. Stat. § 9:2800(H) gave the Dock Board immunity from suit for any allegations based upon *garde*

1

residents of various areas in New Orleans and the surrounding communities. Their complaints allege that a myriad of public entities are at fault for the breach of levees and the failure of other flood protection structures during Hurricane Katrina. Among the defendants is the Dock Board, "a political Subdivision of the State of Louisiana created by La. R.S. 34:1 et seq., for the purposes of regulating commerce and traffic of the Port and Harbor of New Orleans." Bourgeois Complaint ¶ 3 (Civ. A. No. 06-5131, Rec. Doc. 1) ("Bourgeois Compl."); *see* La. Rev. Stat. § 34:21(A)(1) ("The board of commissioners shall regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for the maintenance and development thereof.").

## II. ANALYSIS

Plaintiffs have moved for a judgment on the pleadings under Rule 12(c). "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Therefore, this Court "must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371-72 (5th Cir. 2008). "As the Supreme Court recently emphasized, the '"[f]actual allegations must be enough to raise a right to relief

---

for damage caused during Hurricane Katrina. Mot. at 5. Since the filing of the motion, the Louisiana Supreme Court held that § 9:2800(H) violated the civil rights of claimants because it deprived them of vested right. *Burmaster v. Plaquemines Parish Gov't*, 982 So.2d 795 (La. 2008). The Dock Board accordingly withdrew this ground for judgment. Dock Board's Supplemental Memo (Rec. Doc. 13798) ("Supp."). The Court therefore need not consider it.

above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007)).

      The Dock Board objects to those allegations made in Plaintiffs' second amended complaints in the five cases named herein, asserting that they do not state a claim for strict liability under Louisiana Civil Code Articles 2317 and 2317.1, and accordingly those complaints must be dismissed in their entirety.[3]  Mot. at 5. Article 2317 provides that a party can be held liable for "damage occasioned by . . . the things which [a party has] custody," although this general liability "is to be understood with the following modifications."  La. Civ. Code art. 2317. Article 2317.1 subsequently modifies this general provision accordingly:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

La. Civ. Code art. 2317.1.  Public entities may be held liable under Article 2317.  La. Rev. Stat. § 9:2800(A).  However, that statute caveats that liability as follows:

> Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive

---

[3] All of those allegations premised upon the alleged "acts of assurance" made by the Dock Board have been dismissed, and accordingly need not be addressed by this Court.

>   notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

La. Rev. Stat. § 9:2800(C).  Thus, despite Article 2317 is a vehicle for imposing strict liability, the requirement of notice for public entities essentially makes Article 2317 a negligence theory.[4]

Plaintiffs assert that the Dock Board has no *garde*, or custody, over the levees and floodwalls that allegedly failed because "this Court has . . . previously determined that the responsibility for levee and floodwall maintenance does not reside with [the Dock Board]."  Mot. at 5.  The Dock Board further asserts that Plaintiffs' claims are conclusory and cannot fulfill the *Twombly* standard of a plausible pleading.  Specifically, the Dock Board claims that, regardless of the truth of Plaintiffs' allegations, they do not adequately allege that the Dock Board had notice or knowledge of the defects in the floodwalls, and Plaintiffs' fail to allege causation.  Finally, the Dock Board notes that Plaintiffs partially base their allegations on the Dock Board's construction of a "New Lock" in the Industrial Canal that "meaningfully alter[ed] the hydrology

---

[4]As explained by the Louisiana Fifth Circuit Court of Appeals:

>   Louisiana law provides two theories under which a public entity may be held liable for damages: negligence under La. C.C. art. 2315 and strict liability under La. C.C. art. 2317.  *Fuselier v. Matranga*, 01-721 (La. App. 5 Cir. 11/27/01), 803 So.2d 151, 154, *writ denied,* 01-3393 (La.3/15/02), 811 So.2d 908( *citing Campbell v. DOTD,* 94-1052 (La.1/17/95), 648 So.2d 898, 901).  Traditionally, these theories could be distinguished, because under strict liability, a plaintiff was relieved of proving that the owner or custodian of a thing which caused damage knew or should have known of the risk involved.  In 1985, however, the Louisiana Legislature enacted La. Rev. Stat. 9:2800, which eviscerated this distinction in claims against public entities by requiring proof of actual notice of the defect which causes damage.  Thus, with respect to public entities, the burden of proof is the same under either theory.  *Fuselier,* 803 So.2d at 154.

*Sampedro v. City of Kenner*, 989 So.2d 111, 114-15 (La. Ct. App. 5th Cir. 2008).

of the Canal, contributing to the failures and breaches and overtopping of the floodwalls during Hurricane Katrina." Mot. at 2-3, *quoting* Bourgeois Second Amended Complaint ¶ 27d (Rec. Doc. 8197) ("Sec. Am. Compl."). The Dock Board asserts that the New Lock in fact never was constructed, and therefore Plaintiffs' allegations are unfounded.

This Court finds that the Dock Board's motion has merit. As to the first claim, that no liability can be ascribed to the Dock Board for failure of the floodwalls, the Dock Board is correct. This Court's prior ruling in this matter held that no liability premised on La. Civ. Code article 2317 or § 9:2800 could attach to the Dock Board because "maintenance of the levees involved would be the duty of the Orleans Levee District, not the [Dock Board]." (Rec. Doc. 8389). Indeed, no different allegation has been made that could establish that the Dock Board has any authority over floodwalls. Any allegation that the Dock Board is liable due to failure of floodwalls shall be dismissed.[5]

With regards to the Dock Board's assertion that Plaintiffs' do not otherwise state a claim under Article 2317 and § 9:2800, the Court likewise finds that the Dock Board's contentions to be legally correct. As stated in § 9:2800, for a claim to succeed against a public entity under Article 2317, that entity must have had "actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence," and that entity must have "had a reasonable opportunity to remedy the defect and [] failed to do so." La. Rev. Stat. § 9:2800(C). Here, Plaintiffs have alleged that the Dock Board had *garde* over the Industrial Canal, and that the construction of the "New Lock . . . meaningfully altered the hydrology of the Canal, and

---

[5]These portions of the second amended complaints that are dismissed as to the Dock Board are: *Bourgeois* ¶11a (Rec. Doc. 8197); *Williams* ¶10a (Rec. Doc. 8200); *Ferdinand* ¶14a (Rec. Doc. 8198); *Christophe* ¶10a (Rec. Doc. 8199); *Porter* ¶10a (Rec. Doc. 8202).

5

contributed to the failures or breaches of the floodwalls and causing overtopping of the floodwalls in Hurricane Katrina." Sec. Am. Compl. ¶ 11f.  Plaintiffs make no allegation, however, that the Dock Board had actual notice that they had altered the hydrology of the Industrial Canal in such a way that could cause harm to the surrounding communities during a hurricane.  Plaintiffs similarly have not alleged that the modification of the Industrial Canal resulted in facts from which the Dock Board should have inferred actual knowledge that harm could arise during a hurricane.  La. Rev. Stat. § 9:2800(D) ("Constructive notice shall mean the existence of facts which infer actual knowledge."); *see Ricks v. City of Shreveport*, 968 So.2d 863, 868-69 (La. Ct. App. 2d Cir. 2007) (finding constructive notice in plaintiff's claim that she was injured stepping into storm grate where a city employee was onsite regularly and the grate's defect was "readily apparent").[6]  Accordingly those allegations against the Dock Board asserting liability under Article 2317 and § 9:2800 must be dismissed.

As a final point, the Court notes that Plaintiffs' allegations in the second amended complaints are based on the Dock Board's alleged erection of the "New Lock" in the Industrial Canal.  However, as explained by the Dock Board, this allegation is not based in fact.  The New

---

[6]Plaintiffs appear to suggest that the doctrine of *res ipsa loquitor* saves their claim.  As explained by the Louisiana Supreme Court:

> It is well settled that *res ipsa loquitur,* Latin for "the thing speaks for itself," is an evidentiary doctrine utilized when there has been a highly unusual act/occurrence; there is no *direct* evidence to suggest that a defendant's negligence brought about said act/occurrence; and yet, the circumstances surrounding the anomalous event (coupled with the defendant's connection to the unusual act/occurrence) allow the finder of fact to conclude that the defendant was negligent.

*Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So.2d 35, 43-44 (La. 2006).  Even if this Court were to permit pleading *res ipsa loquitor* in this case, that doctrine only absolves the Plaintiff of pleading causation and not the notice requirement of § 9:2800(C).

6

Lock, while authorized by Congress, never was constructed prior to Hurricane Katrina, and accordingly it did not "meaningfully alter[] the hydrology of the Canal, [and] contribut[e] to the failures and breaches and overtopping of the floodwalls during Hurricane Katrina." Sec. Am. Compl. ¶ 27d.  It is appropriate for this Court to use judicial notice in order to resolve a motion to dismiss.  *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  "A court may take judicial notice of a fact that is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *CleanCOALition v. TXU Power*, 536 F.3d 469, 471 n.2 (5th Cir. 2008), *quoting* Fed. R. Evid. 201(b).  Moreover, "[a] court may take judicial notice, whether requested or not."  Fed. R. Evid. 201(c).  This Court finds it appropriate to take judicial notice of the fact that the New Lock Project was not constructed prior to Hurricane Katrina.[7]  For this additional reason, Plaintiffs claims against the Dock Board based upon Article 2317 and § 9:2800 fail.[8]  These claims represent the last remaining allegations against the Dock Board due

---

[7]The Army Corps of Engineers' website discusses the New Lock Project (referred to by the Corps as the "Inner Harbor Navigational Canal Lock Replacement Project").  It notes that construction was enjoined by U.S. District Judge Eldon Fallon in 2006, barring any construction "until the Corps completes a supplemental environmental impact assessment for the project." U.S. Army Corps of Engineers, Project Detail: Inner Harbor Navigational Canal Lock Replacement Project, http://www.mvn.usace.army.mil/pd/projectslist/home.asp?projectID=107& directoryFilePath=ProjectData (last visited Nov. 12, 2008).  Judge Fallon indeed did enjoin construction of the New Lock in an opinion rendered on October 4, 2006, well after Plaintiffs allege that the New Lock had already been constructed.  *See Holy Cross v. U.S. Army Corps of Engineers*, 455 F. Supp. 2d 532, 540-41 (E.D. La. 2006) (Fallon, J.).

[8]The Court finds it unnecessary to address the Dock Board's claims that Plaintiffs' fail to allege causation.  The Court notes that, should this argument become relevant to this case at a later date, it would appear to be more appropriately addressed through summary judgment.

to the fact that this Court dismissed the original complaint in a prior order (Rec. Doc. 8317), and the first amended complaint contained no allegations against the Dock Board. Therefore, this Court will dismiss the Dock Board from the above-captioned cases, and a judgment will be rendered.

### III.  CONCLUSION

**IT IS ORDERED** that the Dock Board's motion (Rec. Doc. 13670) is **GRANTED.** The complaints in the above-captioned actions are **DISMISSED WITH PREJUDICE** as to the Dock Board. A judgment shall issue forthwith.

New Orleans, Louisiana, this \_\_\_12th\_\_\_ day of November, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**