# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
|        CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson (06-2268) | § | |
| | § | |

DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF
EX PARTE MOTION FOR LEAVE TO FILE CORRECTED BRIEF

The United States made errors in six citations in its recently filed reply memorandum in support of a motion for partial summary judgment (Doc. 16288). The corrected brief, which only corrects the erroneous citations, is being submitted as Exhibit 1 to the instant motion. Those changes are:

| Page | Original Citation | Corrected Citation |
|---|---|---|
| 6, n.4 | The results of the surge modeling were depicted in three series of graphs that depicted water levels, rates of water level rise (i.e., surge), wind fields, water current directions, water current velocities, levee overtopping velocities, and levee overtopping volumes. See id. at 16-36 (Scenario 1), 43-63 (Scenario 2C), 69-89 (Scenario 3) (Def. Ex. 10, Doc. 15317-5). | The results of the surge modeling were depicted in three series of graphs that depicted water levels, rates of water level rise (i.e., surge), wind fields, water current directions, water current velocities, levee overtopping velocities, and levee overtopping volumes. See Katrina Surge Report (Def. Ex. 10, Doc. 15317-5) at 16-36 (Scenario 1), 43-63 (Scenario 2C), 69-89 (Scenario 3). |

| | | |
|---|---|---|
| 15 | 12 William E. Crawford, Louisiana Civil Law Treatise § 4.6 (footnote omitted) (quoting La. Rev. Stat. Ann. § 9:2794) (footnote omitted). | 12 William E. Crawford, Louisiana Civil Law Treatise § 4.6 (footnote omitted) (quoting Morris v. Orleans Parish Sch. Bd., 553 So. 2d 427 (La. 1989)) (footnote omitted). |
| 19 | Lacking evidence of "but for" causation, and in the face of evidence that any hydraulic effects of the widened waterway were negligible, Plaintiffs contend that they can nonetheless satisfy their burden of proving causation merely by adducing evidence that the widened MRGO was a substantial factor in causing the alleged damage—a substantial factor because it "had something to do with" their alleged damage.  See id. | Lacking evidence of "but for" causation, and in the face of evidence that any hydraulic effects of the widened waterway were negligible, Plaintiffs contend that they can nonetheless satisfy their burden of proving causation merely by adducing evidence that the widened MRGO was a substantial factor in causing the alleged damage—a substantial factor because it "had something to do with" their alleged damage.  See Plt. Opp. at 6-7. |
| 21 | . . . As the Louisiana Supreme Court articulated, a party's act may be a substantial factor in bringing about harm when "the act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it.  While a party's conduct does not have to be the sole cause of the harm, it is a necessary antecedent essential to an assessment of liability." Lasyone, 786 So.2d at 691.<br><br>Id. at 420-21 (emphasis added). | . . . As the Louisiana Supreme Court articulated, a party's act may be a substantial factor in bringing about harm when "the act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it.  While a party's conduct does not have to be the sole cause of the harm, it is a necessary antecedent essential to an assessment of liability." Lasyone, 786 So.2d at 691.<br><br>Westchester Fire, 342 F.3d at 420-21 (emphasis added). |
| 21 | Plaintiffs intersperse their Opposition with pejoratives ("slice-and-dice," "straw man") to distract from the inadequacy of their evidence.  See id. at 10. | Plaintiffs intersperse their Opposition with pejoratives ("slice-and-dice," "straw man") to distract from the inadequacy of their evidence.  See Plt. Opp. at 10. |

| 26 | Deposition of Robert A. Dalrymple (Sept. 17, 2007) (Def. Ex. 29), at 143:6-144:3. | Deposition of Robert A. Dalrymple (Sept. 18, 2007) (Def. Ex. 29), at 143:6-144:3. |

Respectfully Submitted,

 s/ Paul Levine
PAUL LEVINE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4289 / (202) 616-5200 (Fax)
Attorneys for the Defendant United States