# Longman Russo
### A PROFESSIONAL LAW CORPORATION

MICHAEL G. LEMOINE
MLEMOINE@LRFIRM.COM

CHASE TOWER, SUITE 1600
600 JEFFERSON STREET
LAFAYETTE, LOUISIANA 70501
(337) 262-9000 FAX (337) 262-9001

MAILING ADDRESS:
P.O. BOX 3408
LAFAYETTE, LOUISIANA 70502-3408

OUR FILE NUMBER:
894.0095

November 3, 2008



Magistrate Joseph C. Wilkinson, Jr.
United States Magistrate Judge
USDC, Eastern District of Louisiana
B409 Hale Boggs Federal Building
500 Poydras Street
New Orleans, LA 70130

In Re: Katrina Canal Breaches
Consolidated Litigation
Civil Action No. 05-4182
(Dear Mother's 06-5890)
Our File No: 3593.0005

Dear Magistrate Wilkinson:

Pursuant to the Case Management Order in the *In Re: Katrina Canal Breaches Consolidated Litigation* matter, I respectfully seek your assistance on behalf of my client, Travelers, to break an impasse we have to settle the above referenced matter. It is my opinion that a status conference would be very beneficial towards this goal. A brief explanation of the history of the case is as follows.

The Plaintiffs, Hasan and Khadija Al-Ghani, husband and wife, moved from California in February of 2005 to open a restaurant under corporate ownership of Dear Mother's Taste of New Orleans, LLC. The Plaintiffs procured a business owners policy from an agent in California, M.A. Hayes Company, which policy was issued by The Travelers Property Casualty Company of America, Policy Period: July 15, 2005 through October 15, 2005. The Travelers policy provided coverage for loss of business personal property ($30,000), but with a flood exclusion. The building rented by the Plaintiffs to operate their restaurant sustained significant flood damage during Hurricane Katrina. The Travelers policy excluded business income/extra expense.

The Plaintiffs filed this lawsuit against Travelers and their agent, M. A. Hayes Company ("Hayes"), alleging that they had requested insurance coverage for flood and business interruption. The case was assigned to Judge Feldman, Section F, Civil Action No. 06-5890. On May 9, 2007, Plaintiffs filed a First Supplemental and Amended Complaint bringing in Defendants relative to the levee breach, and on October 9, 2007, filed a Motion to Transfer the proceedings to Section K(2) of the Court. This Motion was granted on November 8, 2007 (Doc. No. 66) with the case consolidated on November 19, 2007 (Doc. No. 67).

It is undisputed that Travelers' policy excludes flood damage, as well as business income/extra expense. Although arguably the policy provided coverage for theft, there is a issue as to whether the anti-concurrent clause of the flood exclusion precludes coverage for the Plaintiffs' stolen items since in all likelihood these items would have already been damaged by flood waters. On March 1, 2006, the Plaintiffs submitted a letter to Travelers itemizing the alleged stolen items totaling $21,492.50, a copy of which is attached for the Court's review. A similar proof of loss for the same amount was submitted by the Plaintiffs to the New Orleans Police Department. In order to avoid continued litigation, and in light of Travelers' policy limits of $30,000 for business personal property loss, Travelers submitted this full amount to the Plaintiffs' attorney on February 21, 2008 along with a Settlement Agreement and a Motion and Order for Partial Dismissal. Since this payment was in the full amount as claimed by the Plaintiffs, it was reasonable to expect the Plaintiffs to execute the settlement documents. However, the check was returned by Plaintiffs' counsel, Paul C. Miniclier, on March 5, 2008 indicating *"We have discussed same with our client and decline this settlement."* Mr. Miniclier then stated *"Should your client agree to this amount as being an unconditional tender, please return the check and we will accept same."* Attached is my letter on behalf of Travelers to Mr. Miniclier on March 20, 2008 enclosing a check in the amount of $21,492.50 as an unconditional tender, requesting any additional information that could possibly lead to an overall settlement of the claim.

I have been unsuccessful in having Mr. Miniclier provide any additional information that would warrant to continue with this litigation. Travelers has paid the full amount of the claim as submitted by the Plaintiffs. The Plaintiffs' claim is really against their insurance agent for not providing flood coverage and business interruption.

I respectfully request a status conference with the Plaintiffs and their attorney to determine how we might be able to resolve this matter, and would like the Plaintiffs to bring any information that would warrant any additional sums due.

Thank you for your efforts to bring these matters to a conclusion.

Sincerely yours,

LONGMAN RUSSO

Michael G. Lemoine

MGL/as
Enclosures: As stated

cc:   Mr. Paul Miniclier
      Mr. Gus A. Fritchie, III/Mr. Edward W. Trapolin