UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182 and consolidated cases** |
| **PERTAINS TO: BARGE** | **SECTION "K" (2)** |
| *Weber v. Lafarge*            08-4459 | **JUDGE STANWOOD R. DUVAL, JR.** |
| | **MAG. JOSEPH C. WILKINSON, JR.** |

**ANSWER WITH AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AND THE NORTHERN ASSURANCE COMPANY OF AMERICA TO AMENDED COMPLAINT BY DANIEL WEBER, MELBA GIBSON, AND KEVIN MCFARLAND**

**MAY IT PLEASE THE COURT:**

Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), by and through its attorneys, Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP and Thacher Proffitt & Wood LLP, hereby answers the cross-claims of Defendants New York Marine and General Insurance Company, The Northern Assurance Company of America and American Home Assurance Company (collectively, the "Defendant Excess Underwriters") included in their Answer, Affirmative Defenses and Cross-Claims to the Amended Complaint by Daniel Weber, Melba Gibson, and Kevin McFarland (the "Cross-Claims"), as follows:

1.       Paragraphs 1, 3-5, 63, 81, 85, 99 and 102 of the Cross-Claims set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3-5, 63, 81, 85, 99 and 102.

2.      The American Club denies the allegations contained in paragraphs 27, 28, 32, 35, 36, 47, 60, 62, 69-75, 77, 78 and 80 of the Cross-Claims.

3.      The American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6-10, 13, 16-24, 30, 37-46, 48-51, 57, 79, 82-84, 86-98, 100 and 103-105 of the Cross-Claims.

4.      The American Club admits the allegations contained in paragraphs 2, 12 and 61 of the Cross-Claims.

5.      The American Club denies the allegations contained in paragraphs 58, 66, 68 and 76 of the Cross-Claims, and refers the Court to the referenced documents for the true and complete terms thereof.

6.      The American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53-56 of the Cross-Claims, and refers the Court to the referenced documents for the true and complete terms thereof.

7.      The American Club admits the allegations contained in paragraphs 31, 33 and 34 of the Cross-Claims, and refers the Court to the referenced documents for the true and complete terms thereof.

8.      The American Club admits that Lafarge is incorporated in Maryland and has its principal place of business at 12950 Worldgate Drive, Suite 500, Herndon, Virginia, but except as thus expressly admitted, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Cross-Claims.

9.      The American Club denies that it has a principal place of business at 60 Broad Street, New York, New York, but except as thus expressly denied, the American Club admits the allegations contained in paragraph 14 of the Cross-Claims.

2

10.    The American Club admits that it provides cover to members against third-party liabilities encountered in their commercial operations, subject to the terms and conditions of the applicable Certificates of Entry, By-Laws and Rules, but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 15 of the Cross-Claims.

11.    The American Club admits that Lafarge's rights and obligations with the American Club are governed at least in part by the American Club By-Laws and Rules (the "Club Rules"), but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 25 of the Cross-Claims

12.    The American Club denies that Lafarge's Certificate of Entry for the period February 20, 2005 to February 20, 2006 is attached as Exhibit 1 to the Defendant Excess Underwriters' Answer, Affirmative Defenses and Cross-Claims to the Amended Complaint by Daniel Weber, Melba Gibson, and Kevin McFarland, but except as thus expressly denied, the American Club admits the allegations contained in paragraph 26 of the Cross-Claims.

13.    The American Club admits that Lafarge was a member of the American Club during the policy year that commenced February 20, 1999 and was a member of the American Club during the policy year that commenced February 20, 2005, but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 29 of the Cross-Claims.

14.    The American Club admits that the allegations set forth in the pleadings in the multiple Katrina Claims-related lawsuits are sufficient to trigger the obligations of NYMAGIC under the primary MMO policy, but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 52 of the Cross-Claims.

3

15.     The American Club admits that, on or about April 21, 2006, it sent a letter to Lafarge declining coverage, stating, *inter alia*, that the Barge ING 4727 had not been entered with the American Club at the time of the casualty, or at any other time, and even if it had been entered, coverage for claims against the vessel would have been excluded, but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 59 of the Cross-Claims.

16.     The American Club admits that, on or about April 21, 2006, the American Club sent a letter to Lafarge declining its claim for defense costs and indemnity with regard to the Katrina Claims, but except as thus expressly admitted, the American Club denies the allegations contained in paragraph 64 of the Cross-Claims, and refers the Court to the referenced document for the true and complete terms thereof.

17.     The American Club admits that it filed a declaratory judgment action against Lafarge in the U.S. District Court for the Southern District of New York, which was decided summarily in favor of the American Club by an Order of Judge Charles S. Haight, Jr. dated September 18, 2008, and refers the Court to the document(s) referenced in paragraph 65 of the Cross-Claims for the true and complete terms of the American Club's action against Lafarge.

18.     The American Club denies the allegations contained in paragraph 67 of the Cross-Claims, and refers the Court to the referenced document for the true and complete terms thereof.

19.     The American Club admits that the Club Rules contain an "Other Insurance" clause or terms and that the Club Rules are incorporated by reference into Lafarge's Certificate of Entry with the American Club, but except as thus expressly admitted, the American Club denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

4

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Excess Underwriters have no standing to assert the Cross-Claims against the American Club.

### THIRD AFFIRMATIVE DEFENSE

The American Club does not owe any duty or obligation to Defendant Excess Underwriters.

### FOURTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred by the doctrine of issue preclusion, based on the decision of Judge Charles S. Haight, Jr. dated September 18, 2008 granting the American Club's Motion for Summary Judgment on its claims against Lafarge.

### FIFTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club have been rendered moot by intervening decisions, circumstances and/or occurrences.

### SIXTH AFFIRMATIVE DEFENSE

Cover for the Cross-Claims against the American Club is excluded by the applicable Club Rules, By-Laws, Certificate(s) of Entry and/or other policy or membership terms and conditions between Lafarge and the American Club.

5

## SEVENTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, by Lafarge's breach of its obligations under the applicable Club Rules, By-Laws, Certificate(s) of Entry and/or other policy or membership terms and conditions between Lafarge and the American Club.

## EIGHTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, by Lafarge's breach of the implied covenant of good faith and fair dealing.

## NINTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, by Defendant Excess Underwriters' and/or Lafarge's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Defendant Excess Underwriters are equitably estopped from asserting the Cross-Claims against the American Club.

## ELEVENTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, pursuant to Louisiana State Insurance Law and/or any other applicable statutory provisions.

## TWELFTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, by Defendant Excess Underwriters' and/or Lafarge's failure to mitigate its claimed damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Excess Underwriters have sustained no damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Cross-Claims against the American Club are frivolous and without merit, constituting an abuse of process in violation of Federal Rule of Civil Procedure 11.

## SIXTEENTH AFFIRMATIVE DEFENSE

The American Club reserves all rights to assert additional affirmative defenses should defenses be warranted based on the facts disclosed through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant American Steamship Owners Mutual Protection and Indemnity Association, Inc., prays:

1.      that this Court dismiss with prejudice the Cross-Claims of Defendants New York Marine and General Insurance Company, The Northern Assurance Company of America and American Home Assurance Company; and

2.      that this Court grant American Steamship Owners Mutual Protection and Indemnity Association, Inc. such other and further relief as is just and proper.

Dated: New Orleans, Louisiana
       November 14, 2008

                                MONTGOMERY, BARNETT, BROWN,
                                READ, HAMMOND & MINTZ, LLP


                                /s/ Philip S. Brooks, Jr.
                                A. GORDON GRANT, JR. (#6221) (T.A.)
                                PHILIP S. BROOKS, JR. (#21501)
                                1100 Poydras Street, Suite 3300
                                New Orleans, LA 70163
                                Phone: 504-585-3200
                                Fax: 504-585-7688

7

and

THACHER PROFFITT & WOOD LLP
John M. Woods, Esq.
Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for American Steamship Owners*
*Mutual Protection and Indemnity Association, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2008, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Philip S. Brooks, Jr.

8