# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES      § CIVIL ACTION
      CONSOLIDATED LITIGATION       § NO. 05-4182 "K" (2)
                                    § JUDGE DUVAL
                                    § MAG. WILKINSON
                                    §
FILED IN:                           §
    06-1885, 06-2824, 06-4024, 06-4066,  §
    06-4634, 06-5155, 06-5159, 06-5161,  §
    06-5260, 06-5162, 06-5771, 07-0206,  §
    07-0621, 07-1073, 07-1271, 07-1285   §
                                    §
PERTAINS TO: MRGO                   §
                                    §

DEFENDANT UNITED STATES' RESPONSE
TO MRGO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Case Management and Scheduling Order No. 4, Defendants United States of America and the United States Army Corps of Engineers (collectively herein, the "United States"[1]), through undersigned counsel, hereby

---

[1] The United States Army Corps of Engineers cannot be sued eo nomine under the Federal Tort Claims Act. *See Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988).

1

evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

GENERAL OBJECTION NO. 9: The United States objects to all interrogatories concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Federal Rule of Civil Procedure 23. Thus far, it has been estimated that approximately 325,000 Standard Forms 95 (SF-95s), purporting to be administrative claims related to Hurricane Katrina (hereinafter referred to as "Katrina"), have been submitted to the U.S. Army Corps of Engineers, the majority of which have not been processed. As all SF-95s have not been processed, the United States is currently unable to fully respond to the interrogatories.

GENERAL OBJECTION NO. 10: The United States objects to providing information in response to Plaintiffs' interrogatories to the extent that they call for information that is confidential and/or sensitive, including information from personnel files and information protected by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 11: The United States objects to all interrogatories concerning the possible certification of classes and/or sub-classes of Plaintiffs in this case pursuant to Federal Rule of Civil Procedure 23. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final

4

States hereby incorporates its Response to Interrogatory No. 1, RFA, 21, and Interrogatory No. 8 as if fully set forth herein.

INTERROGATORY NO. 10. Please state the total number of Form 95s submitted which forms set forth claims by Louisiana citizens against the United States Army Corps of Engineers for losses arising in connection with Hurricane Katrina.

RESPONSE TO INTERROGATORY NO. 10: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States refers the plaintiffs to General Objection No. 9.

Notwithstanding and without waiving these objections, the United States responds that the Corps is still attempting to process all of the administrative claims it has received that are purportedly related to Katrina. The Corps does not yet know the total number of SF-95s that it has received. However, it estimates that, as of April 26, 2007, it has received approximately 325,000 SF-95s purporting to be administrative claims related to Katrina.

INTERROGATORY NO. 11. Please describe in detail the ways in which the information contained in the Form 95s described in the preceding interrogatory has been compiled and collated by the USA, e.g., by ZIP code, by damage type, by potential source of inundation, etc., including each format in which such compiled and/or collated information exists, e.g., database, spreadsheet, physical repository, etc.

RESPONSE TO INTERROGATORY NO. 11: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

27

The United States refers the Plaintiffs to General Objection No. 9.

The United States objects to this interrogatory to the extent it seeks information protected by the attorney-client and work product doctrine. Fed. R. Civ. P. 26(b)(3).

Notwithstanding and without waiving these objections, the United States responds that the majority of the Form 95s received by the Corps in connection with Katrina are currently organized by the date of their receipt and are being processed at a facility in London, Kentucky. Approximately 32,000 SF-95s are currently at the office of the New Orleans Corps of Engineers awaiting transport to the London, Kentucky facility. The United States has hired a contractor to scan all of the SF-95s received by the Corps in connection with Katrina. Once all of the SF-95s have been counted and scanned, it is anticipated that certain information from the SF-95s will be collected. This information may include, to the extent provided in the SF-95s, claimants' names and addresses, any counsels' names and addresses, and limited information concerning the types of injuries and damages claimed. It is uncertain at this time as to how long it will take the contractor to complete this process. Based on a preliminary estimate, it is expected to take at least eight (8) weeks. Hard copies of the claims will be kept at the office of the New Orleans Corps of Engineers once they have been scanned and the information noted above has been collected.

INTERROGATORY NO. 12. Please set forth your best estimate of the number of Form 95s described in Interrogatory 10 that have been received by members of the Greater New Orleans Class.

RESPONSE TO INTERROGATORY NO. 12: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to

propound pursuant to CMO 4.

The United States refers the plaintiffs to General Objection Nos. 3 and 9.

Notwithstanding and without waiving these objections, the United States responds that the Corps is still attempting to process all of the administrative claims it has received that are purportedly related to Katrina. The Corps does not yet know the total number of SF-95s that it has received. However, it estimates that, as of April 26, 2007, it has received approximately 325,000 SF-95s purporting to be administrative claims related to Katrina.

INTERROGATORY NO. 13. Please describe **(i)** all efforts, if any, to date undertaken by you to estimate the number of persons who sustained damages or incurred losses in the geographical area covered by the Greater New Orleans Class, and **(ii)** describe all results or conclusions derived as a result of such efforts, specifically including in your response any estimate of the number of affected persons and/or structures, and any estimate of monetary damages or losses.

RESPONSE TO INTERROGATORY NO. 13: The United States objects to this interrogatory because it exceeds the number of interrogatories Plaintiffs are permitted to propound pursuant to CMO 4.

The United States objects to this interrogatory as being overly broad and unduly burdensome. This information can be obtained from other sources that are more convenient, less burdensome, and less expensive.

The United States further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Fed. R. Civ. P. 26(b)(3).

Notwithstanding and without waiving these objections, the United States responds that

29