# EXHIBIT 14
# Part 2

THIRTY-FOURTH JUDICIAL DISTRICT COURT FOR
THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. ___106  937___                              DIVISION " "

DIANNE & ROBERT GLASER

VERSUS

MURPHY OIL, USA, INC., MURPHY OIL CORPORATION, MENTOR
INSURANCE AND REINSURANCE COMPANY, ABC INSURANCE
COMPANY, DEF INSURANCE COMPANY, HIG INSURANCE COMPANY,
GREG NEVE, AND BILL TURNAGE

FILED: AUG 1 8 2006
9:46 Am                                   _____
                                          DEPUTY CLERK

PETITION FOR DAMAGES AND JURY DEMAND

NOW INTO COURT, by and through undersigned counsel, come the plaintiffs,

Dianne & Robert Glaser, who hereby represents:

JURISDICTION AND VENUE

1.

Plaintiffs aver, on information and belief, that all persons and parties made

defendants herein are residents of St. Bernard Parish and/or do business in St. Bernard

Parish, and that all acts complained of transpired in said parish.

PARTIES

2.

Plaintiffs, Dianne & Robert Glaser, are persons of the full age of majority and

are residents of the Parish of St. Bernard.

3.

Defendant, Murphy Oil, USA, Inc. and/or Murphy Oil Corporation (hereinafter

"Murphy Oil") is a foreign corporation authorized to do and doing business in the State

of Louisiana, Parish of St. Bernard, which, at all times material hereto, owned, operated,

maintained, managed and had custody and control of the facility located in the Parish of

St. Bernard, Louisiana, referred to as the Murphy Oil Refinery and/or the Meraux Oil

Refinery.

1



EXHIBIT
GLASER
8

4.

Defendant, Mentor Insurance and Reinsurance Company, upon information and belief, a Louisiana Corporation, with its principal place of business in New Orleans, Louisiana, and a wholly owned subsidiary of Murphy Oil, which provided one or more policies of insurance which covers the complained of acts of negligence, strict liability, trespass and nuisance described in detail below.

5.

Defendants ABC Insurance, DEF Insurance, and HIJ Insurance Companies, upon information and belief, foreign insurance companies licensed to do business in Louisiana, and at all relevant times herein, provided one or more policies of liability insurance covering the complained of acts of negligence, strict liability, trespass and nuisance described in detail below.

6.

Defendant, Greg Neve, is, on information and belief, a resident of Orleans Parish, Louisiana, and was at all times pertinent to this litigation, an employee of defendant, Murphy Oil.

7.

Defendant, Bill Turnage, is, on information and belief, a resident of Jefferson Parish, Louisiana and was at all times pertinent to this litigation, an employee of defendant, Murphy Oil.

## FACTUAL STATEMENT

8.

Defendant, Murphy Oil, produces refined petroleum products for distribution in the Gulf Coast at a facility located in Meraux, La. Said refinery is located at 2500 East St. Bernard Highway, in Meraux, La., in close proximity to plaintiffs' properties at 3716 Riverland Drive and 2808-2810 Jacob Drive in Chalmette, La., and plaintiffs' business, Holiday Jewelers, formerly located at 8400 West Judge Perez Drive, Suite No. 7, Chalmette, La.

9.

On Friday, August 26, 2005, Louisiana Governor Kathleen Babineaux Blanco and Mississippi Governor Haley Barbour both declared a State of Emergency based upon the projected landfall of Hurricane Katrina sometime on Sunday, August 28, 2005 or Monday, August 29, 2005.

10.

On Saturday, August 27, 2005, President Bush declared a Federal State of Emergency in Louisiana, giving the Federal Emergency Management Agency ("FEMA"), via the Department of Homeland Security, the full authority to prepare for the hurricane's landfall.

11.

At approximately 6:10 a.m. on Monday August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a category 4 hurricane.

12.

Despite being located in a coastal parish with known vulnerability to hurricanes, defendant, Murphy Oil, failed to promulgate, implement, enforce and/or take adequate protective measures to ensure that oil and petroleum products and by products would not spill or escape from its facilities and/or tanks and impact the adjacent communities.

13.

Despite declarations of states of emergency and multiple warnings regarding Hurricane Katrina's strength and severity, Defendant Murphy Oil failed to take satisfactory precautions to ensure that the oil at or in its facility and storage areas was properly and securely stored.

14.

The Defendants' acts, all of which constituted negligence and/or fault, directly and/or proximately caused one or more of Murphy Oil's storage tanks to release crude oil, petroleum and petroleum by-products into the surrounding area due to the dislodging, puncture, buckling, floating, improper anchoring, or other structural compromise. The failure of the storage tank(s) occurred at some point either during Hurricane Katrina or in

3

its aftermath, causing more than 125,000 barrels of crude oil to spill into the surrounding environment.

15.

The spilled crude oil, petroleum, and petroleum by-products which were released into the environment contaminated plaintiffs' land, home, immovable property, movable property, environment, and/or business by spilling into the eastern part of St. Bernard Parish.

16.

The crude oil, petroleum, and petroleum by-products that spilled into St. Bernard Parish are hazardous materials, toxic substances and present significant potential health hazards to humans.

17.

The crude oil, petroleum, and petroleum by-products that spilled into St. Bernard Parish created significant potential health hazards to the surrounding environment, including, but not limited to, natural resources, water, vegetation, wildlife, and domesticated animals.

18.

The release of crude oil, petroleum, and petroleum by-products was directly and/or proximately caused by Defendant's negligence and fault.

CAUSE OF ACTION FOR NEGLIGENCE

19.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations as set forth above.

20.

Defendant, Murphy Oil, has a duty to conduct itself and its operations in a safe manner and to operate and maintain its facility so as to prevent oil spills that would endanger the surrounding community.

21.

4

The injuries, offenses and damages described herein were caused through no fault of the plaintiffs but were directly and/or proximately caused solely through the negligence, recklessness, carelessness and fault of Defendants, Murphy Oil, Greg Neve, and Bill Turnage in the following non-exclusive particulars:

    a.    Defendants, Murphy Oil, Greg Neve, and Bill Turnage allowed a hazardous condition to exist in its refinery where vast amounts of petroleum and toxic materials to escape the boundaries of Murphy Oil's refinery;

    b.    Defendants, Murphy Oil, Greg Neve, and Bill Turnage negligently designed, constructed and/or maintained storage tank(s) and/or failed to properly anchor its storage tank(s) and/or failed to drain or otherwise empty the storage tanks containing crude oil and other petroleum hydrocarbons located at the Murphy Oil Refinery from which the spill occurred prior to landfall by Hurricane Katrina;

    c.    Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to properly inspect, maintain, and repair the tank and other equipment in question;

    d.    Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to implement and/or enact a reasonable plan to prevent or lessen the likelihood of an oil spill from the Murphy Oil Refinery in the event of a hurricane or other foreseeable weather event and/or failed to install or utilize equipment or machinery that would prevent or lessen the likelihood of an oil spill despite the fact that the resulting potential for harm to the plaintiffs and plaintiffs' property, in close proximity to the Murphy Oil Refinery, was reasonably foreseeable;

    e.    Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to follow established safety and operating procedures to prevent or lessen the likelihood of an oil spill from the Murphy Oil Refinery in the event of a hurricane or other foreseeable weather event despite the fact that the

resulting potential for harm to the plaintiffs and plaintiffs' property, in close proximity to the Murphy Oil Refinery, was reasonably foreseeable;

f.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to promulgate, implement, and/or enforce rules and regulations pertaining to the safe operation of its refining and storage process which would have averted the release, or at a minimum, lessened its impact on plaintiffs' property;

g.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to discover or repair the damage or defect in the crude oil storage tank and/or retention mechanisms within the Murphy Oil Refinery;

h.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage failed to adequately prepare for the possibility of an excessive discharge of hazardous substances from its refinery, foreseeable in the operation of the Murphy Oil refinery;

i.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage allowed a hazardous condition to exist at its facility, consisting of faulty, damaged and/or inadequate equipment;

j.  Defendant, Murphy Oil, failed to erect safe and sufficient barriers or other such devices on the refinery premises to reduce the potential for dangerous releases and their resultant damages;

k.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage acted in a careless and/or negligent manner without due regard for the safety of others;

l.  Defendants, Murphy Oil, Greg Neve, and Bill Turnage acted with indifference, or with lack of appreciation for the potential injury and damage to plaintiffs and their property and/or failed to warn plaintiffs of the potential dangers of its operations;

m.  Defendant, Murphy Oil, failed to properly store or contain hazardous materials;

6

n.     Defendant, Murphy Oil, inadequately and negligently trained and hired its personnel, agents, contractors, and/or employees and/or hired or employed personnel, contractors or other persons to perform services at the Murphy Oil Refinery who, due to want of skill or prudence, lacked the requisite ability necessary to perform these services in a safe and prudent manner;

o.     Defendant, Murphy Oil, failed to take appropriate action to mitigate the damage by speedily responding to the oil spill and taking steps necessary for a full scale remediation and restoration;

p.     Defendant, Murphy Oil, failed to warn and advise the plaintiffs of the dangers to their health upon return to their property contaminated by crude oil, petroleum and petroleum byproducts and of the needed protective measures to protect from these dangers;

q.     Defendant, Murphy Oil, failed to conform to state law and regulations regarding oil refining and storage practices;

r.     All other particulars and allegations as may be found during discovery.

**22.**

As a direct and proximate result of Defendants' willful, wanton, reckless, grossly negligent, and negligent acts as set out above, plaintiffs, Dianne & Robert Glaser, suffered injury and damages.

**23.**

The injuries, offenses, and damages set out above were caused solely by acts or omissions of Defendants, Murphy Oil, Greg Neve, and Bill Turnage.

**24.**

Due to the willful, wanton, reckless, grossly negligent, intentional, and negligent acts of Defendants Murphy Oil, Greg Neve, and Bill Turnage, plaintiffs, Dianne & Robert Glaser, are entitled to recover damages as set forth below.

## LIABILITY OF GREG NEVE, PLANT MANAGER

25.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations as set forth above.

26.

Defendant, Greg Neve, upon information and belief is the plant manager of the Murphy Oil Meraux Facility.

27.

Defendant, Greg Neve, personally knows or personally should have known that his failure to properly inspect, secure and or empty storage tanks containing crude oil and other petroleum hydrocarbons located at the Murphy Oil Refinery from which the spill occurred, would allow vast amounts of petroleum and other hazardous and toxic materials to escape the boundaries of Murphy Oil's refinery.

28.

Defendant, Greg Neve, failed to make regular and periodic checks of the tank(s) to assure it was safely secured and/or empty in light of the impending hurricane Katrina.

29.

Defendant, Greg Neve, failed to see that adequate and necessary warnings were provided to residents in the surrounding and immediate area of the refinery when he knew or should have known that the impending hurricane caused a significant risk of harm to plaintiffs.

30.

Defendant, Greg Neve, failed to enact or enforce adequate safety rules and/or clear up the inspection procedure for the plant and tank(s) which would have prevented the spill.

31.

Defendant, Greg Neve, failed to properly train and instruct other employees of the plant in their duties with respect to procedures for securing said tank(s) in light of an impending significant weather occurrence.

32.

Defendant, Greg Neve, failed to enact and/or enforce safety rules or procedures which would preclude or prevent unsecured or inadequately secured tank(s) from releasing crude oil and oil by products in the event of a hurricane.

33.

Defendant, Greg Neve, failed to discover and correct a hazardous condition had existed for such time that it should have been discovered or corrected.

34.

Defendant, Greg Neve, failed to adequately warn the company, his superiors, his employees or plaintiffs of the hazardous condition.

## LIABILITY OF BILL TURNAGE, SAFETY MANAGER

35.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations as set forth above.

36.

Defendant, Bill Turnage, upon information and belief is the Safety Manager of the Murphy Oil Meraux Facility.

37.

Defendant, Bill Turnage, personally knows or personally should have known that his failure to properly inspect, secure and or empty storage tank(s) containing crude oil and other petroleum hydrocarbons located at the Murphy Oil Refinery from which the spill occurred, would allow vast amounts of petroleum and other hazardous and toxic materials to escape the boundaries of Murphy Oil's refinery.

38.

Defendant, Bill Turnage, failed to make regular and periodic checks of the tank(s) to assure it was safely secured and/or empty in light of the impending hurricane Katrina.

39.

Defendant, Bill Turnage, failed to see that adequate and necessary warnings were provided to residents in the surrounding and immediate area of the refinery when he

9

knew or should have known that the impending hurricane caused a significant risk of harm to plaintiffs.

### 40.

Defendant, Bill Turnage, failed to enact or enforce adequate safety rules and/or clear up the inspection procedure for the plant and tank(s) which would have prevented the spill.

### 41.

Defendant, Bill Turnage, failed to properly train and instruct other employees of the plant in their duties with respect to procedures for securing said tank in light of an impending significant weather occurrence.

### 42.

Defendant, Bill Turnage, failed to enact and/or enforce safety rules or procedures which would preclude or prevent unsecured or inadequately secured tank(s) from releasing crude oil and oil by products in the event of a hurricane.

### 43.

Defendant, Bill Turnage, failed to discover and correct a hazardous condition had existed for such time that it should have been discovered or corrected.

### 44.

Defendant, Bill Turnage, failed to adequately warn the company, his superiors, his employees or plaintiffs of the hazardous condition.

### CAUSE OF ACTION FOR ABSOLUTE LIABILITY PURSUANT TO LOUISIANA CIVIL CODE ARTICLES 667 AND 2315

### 45.

Plaintiffs, Dianne & Robert Glaser, re-aver and re-allege the factual and jurisdictional allegations set forth above.

### 46.

Pursuant to Louisiana Civil Code Article 677, a servitude exists in favor of plaintiffs, Dianne & Robert Glaser, prohibiting Defendant Murphy Oil, from conducting

activities and/or making works upon its property which are injurious to neighboring estates;

### 47.

Defendant has acted in violation of the servitude by conducting activities and making works upon its property which have damaged the property of plaintiffs, Dianne & Robert Glaser, and has deprived them of the liberty of enjoying their property. These activities include, but are not limited to, the improper remediation and the failure to conduct complete restoration of plaintiffs' properties and properties neighboring and/or adjacent to the plaintiffs' properties.

### 48.

The refining and storing of crude oil and other petroleum by products, is, by its nature a hazardous activity that presents an unreasonable risk of harm, irrespective of protective measures, if any, taken by Defendant Murphy Oil.

### 49.

Because the activities conducted by Murphy Oil, including the refining and storing of hazardous crude oil, present an unreasonable risk of harm, Defendant, Murphy Oil, is absolutely liable for damages resulting from these activities regardless of its knowledge or its exercise of reasonable care under Louisiana Civil Code Articles 667 and 2315.

### 50.

As both a cause in fact and legal cause of conducting said ultrahazardous activities on its premises, Defendant, Murphy Oil, caused plaintiffs' damages as set forth above.

### 51.

In the alternative, plaintiffs enjoy the servitude set forth in Louisiana Civil Code Article 667 and are entitled to recover actual damages, including but not limited to, homogenous restoration, because defendant failed to exercise reasonable care as set forth above.

### CAUSES OF ACTION FOR STRICT LIABILITY PURSUANT TO CIVIL CODE ARTICLES 2317 AND 2322

### 52.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations as set forth above.

### 53.

At all times herein, Defendant Murphy Oil was the owner and/or custodian of the storage tank(s) from which crude oil and other petroleum by products were released.

### 54.

At all times relevant to this action, Defendant Murphy Oil, had supervision, custody, and control of the aforementioned storage tank(s), from which the oil spill described in detail above originated.

### 55.

At all times relevant to this action, under Louisiana Civil Code Article 2317, Defendant Murphy Oil was under a continuing duty to protect plaintiffs from the harm occasioned by things within its custody or *garde*, including, but not limited to, its storage tank(s) that released hazardous crude oil and other petroleum by-products.

### 56.

The spill described in detail above was occasioned by the ruin, vice, or defect of Defendant Murphy Oil's, storage tank(s) and pursuant to Louisiana Civil Code Article 2322, said ruin, vice, or defect presented an unreasonable risk of harm to plaintiffs.

### 57.

Plaintiffs were injured by the ruin, vice and/or defective condition of the storage tank(s);

### 58.

Due to defendant Murphy Oil, strict liability, plaintiffs are entitled to recover actual damages.

## CAUSES OF ACTION FOR NUISANCE AND TRESPASS

### 59.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations set forth above.

### 60.

12

Pursuant to Louisiana Civil Code Articles 3421 and 3425, plaintiffs, Dianne & Robert Glaser, have actual and exclusive possession and/or ownership of immovable and movable property which was damaged or destroyed by Defendant Murphy Oil's spill of crude oil, petroleum, and petroleum by-products.

61.

Defendant Murphy Oil, by allowing crude oil, petroleum, and petroleum by-products and other hazardous and toxic chemicals to invade and trespass upon plaintiffs' properties at 3716 Riverland Drive and 2808-2810 Jacob Drive in Chalmette, La., has interfered with the plaintiffs' quiet and exclusive possession and enjoyment of their movable and immovable property such as to constitute a tort of nuisance and a tort of trespass under Louisiana Civil Code Article 2315.

62.

The oil released from the Defendant Murphy Oil, facility continues to be present upon the plaintiffs' properties and constitutes a continuing and ongoing trespass of plaintiffs' properties which has not yet been properly abated;

63.

The nuisance created by Defendant Murphy Oil, has directly resulted in damages to the movable and immovable property of plaintiffs.

## DAMAGES

64.

Plaintiffs re-aver and re-allege the factual and jurisdictional allegations as set forth above.

65.

Plaintiffs, Dianne & Robert Glaser, have been damaged in the following regards:

   a.   Damages for contamination of property (both movable and immovable);

   b.   The cost of homogenous restoration of property;

   c.   Loss of use of property;

   d.   Increased living expenses;

13

e.  Extended displacement costs;

f.  Diminution of property value;

g.  Ecological damages;

h.  Loss of income;

i.  Loss of Profits;

j.  Loss of business opportunity, loss of business interest, and/or loss of rental income;

k.  Inconvenience;

l.  Mental anguish and emotional distress;

m.  Bodily harm;

n.  Past and future medical expenses;

o.  Fear of cancer and/or other disease;

p.  All other damages as are reasonable.

66.

The crude oil, petroleum, and petroleum by-products that spilled into St. Bernard Parish from the Murphy Oil facility delayed the recovery and restoration of the parish and the return of parish residents which adversely affected the plaintiffs' business, Holiday Jewelers.

## JURY DEMAND

67.

Plaintiffs pray for and are entitled to trial by jury on all issues.

WHEREFORE, plaintiffs, Dianne & Robert Glaser, pray that there be Judgment herein in favor of the plaintiffs and against all defendants identified herein, jointly, severally, and in solido, and in an amount which is reasonable under the premises together with legal interest from the date of judicial demand until paid and for all cost of these proceedings and further that the plaintiff be granted trial by jury.

14

Respectfully submitted,

DAVID V. BATT #2859
RACHEL A. MEESE, #25457
LOBMANN, CARNAHAN, BATT
ANGELLE & NADER
THE TEXACO CENTER
SUITE 2300, 400 POYDRAS ST.
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292, FAX: (504) 586-1290

CERTIFICATE OF SERVICE

I do certify that I have on this ___ day of August, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same by United States mail, properly addressed, and first class postage prepaid.

RACHEL A. MEESE

PLEASE SERVE:
Murphy Oil USA, Inc. and Murphy Oil Corporation
Through its agent for Service of Process
CT Corporation Systems
8550 United Plaza Boulevard
Baton Rouge, LA 70809

Mentor Insurance and Reinsurance Company
through its agent for Service of Process
Louisiana Secretary of State
Mr. Al Ater
8549 United Plaza Boulevard
Baton Rouge, LA 70809

Bill Turnage
402 Lake Avenue
Metairie, LA 70005

Greg Neve
6308 Paris Avenue
New Orleans, LA 70122

15