# EXHIBIT 15
# Part 1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * | NO. 05-4182 and consolidated cases SECTION "K" (2) |

| | | |
|---|---|---|
| *Boutte v. Lafarge* | 05-5531 | * |
| *Mumford v. Ingram* | 05-5724 | * |
| *Lagarde v. Lafarge* | 06-5342 | * JUDGE |
| *Perry v. Ingram* | 06-6299 | * STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * |
| *Parfait Family v. USA* | 07-3500 | * MAG. |
| *Lafarge v. USA* | 07-5178 | * JOSEPH C. WILKINSON, JR. |
| | | * |

### PLAINTIFFS OCTOBER 27, 2008 SUPPLEMENTAL, AMENDING AND SUPERSEDING ANSWERS TO INTERROGATORIES PROPOUNDED BY THE BARGE ENTITIES

Plaintiffs hereby provide these Supplemental, Amending and Superseding Answers to Interrogatories propounded by Defendants Lafarge North America, Inc., Zito Fleeting, L.L.C., and Zito Fleeting, Inc., as follows:

### GENERAL OBJECTIONS

A.     Plaintiffs object to those definitions and instructions included in defendant's discovery requests which seek to impose upon Plaintiffs an obligation to respond in a manner which is more burdensome than that required by applicable provisions of the Federal Rules of Civil Procedure. Plaintiffs will answer specific Interrogatories in a manner sufficient to comply with their obligations as stated therein.

1

B.  Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure. Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

C.  Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been misfiled, lost or simply not retained. And even after diligent search through those places that the information would likely exist, the information may not be located. Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined. Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search. To the extent any request purports to require more, Plaintiffs

2

object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

D.    Plaintiffs object to the Interrogatories to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.    Plaintiffs object to the Interrogatories to the extent they are overly broad and unduly burdensome.

F.    Plaintiffs object to the Interrogatories to the extent that they exceed the scope of admissible discovery.

G.    Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous.

H.    Plaintiffs object to the Interrogatories as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

I.    Plaintiffs object to the Interrogatories that seek information readily available to Defendant in the public domain.

J.    These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.

## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

Ethel Mae Coleman Mumford

3

Josephine Long Richardson
Jimmie Donnell Harris
Michael Joseph Riche
Jacob Robert "Bob" Glaser
Dianne Glaser
Herman Koch
Aida Koch

As used herein, the term "named individual non-representative plaintiffs" means the

following named plaintiffs who are not currently named as class representatives:

Marie Short Benoit
Henry Adams
Gwendolyn Adams
John Alford
Jerry Alford
Michael Watts
Robert Green, Sr.
Jonathan Green
David Green, individually and as the representative of the Estate of Joyce H.
    Green
Everidge Green, individually and as representative of the Estate of Shanai
    Green, as as the natural tutor of Shaniya Green and Shamiya Green
Hyman Sheppard
Earl Matthew Daniels, Sr.
Joyce Daniels
Mildred Delores Dean
Ethel Leon
Karen Leon
Joyce B. Matthews
Myrna Daniels, in her individual capacity and as natural tutrix of Keina
    Daniels
Tom Browder
Albertine Browder
Gaynell Browder
Blair Boutte
Doris Shanks
Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett

4

> Jimmie Perry
> Nellie Perry
> Jocelyn Moses
> Anthony Dunn
> Jocelyn Carter
> Melba Gibson
> Kevin McFarland
> Daniel Weber

All of the responses hereto are made on behalf of all named plaintiffs except where specifically indicated otherwise.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit. The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

Undersigned counsel represent named plaintiffs in **Mumford, Boutte, Lagarde** and **Perry.** Undersigned also represent named **Parfait** plaintiffs Kevin McFarland, Melba Gibson and Daniel Weber. Undersigned do not represent anyone named in the **Benoit** matter. It is undersigned's position that in absence of a consolidated master complaint and in absence of an order having the effect of creating an obligation on the part of undersigned to assume direct contact with client of other attorneys for the purposes of providing discovery responses, undersigned lack authority or obligation to provide responses on behalf of persons who have not retained undersigned directly. However, to the extent that counsel for **Benoit** plaintiffs have tendered responses on behalf of their clients, such responses are included herein, but without assumption by undersigned of obligations or authority they do not have. Further, it is undersigned's position that in light of the Court's orders

5

in Record Documents 13525 and 13672, both discovery and discovery motions practice are stayed as to all remaining named **Parfait** plaintiffs.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the continual process of obtaining answers as to the named individual non-representative plaintiffs, working directly with the plaintiffs and/or through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect the best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit.  The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

### INTERROGATORY NO. 1:

Identify each person who was consulted or who provided information or who otherwise assisted in preparing plaintiffs' responses to the interrogatories, document requests, and requests for admissions served by LNA and the Zito entities.

### ANSWER TO INTERROGATORY NO. 1:

1.  Marie Short Benoit
2.  Henry Adams
3.  Gwendolyn Adams
4.  Robert Green, Sr.
5.  Jonathan Green
6.  David Green, individually and as the representative of the Estate of Joyce H. Green
7.  Everidge Green, individually and as representative of the Estate of Shanai Green, as as the natural tutor of Shaniya Green and Shamiya Green
8.  Hyman Sheppard
9.  Earl Matthew Daniels, Sr.
10. Joyce Daniels

6

11.    Mildred Delores Dean
12.    Ethel Leon
13.    Karen Leon
14.    Ethel Mumford
15.    Michael Riche
16.    Kismit Bourgere
17.    Rico Sutton
18.    Jimmie Harris
19.    Bob and Dianne Glaser
20.    Herman and Aida Koch
21.    Josephine Richardson
22.    Blair L. Boutte
23.    Marenthia Lagarde
24.    Michael Lagarde
25.    Donald Pritchett
26.    Melba Gibson
27.    Kevin McFarland
28.    Herbert and Mary Warren
29.    JoAnn Warren Howard
30.    Terry Adams (client of undersigned)
31.    Christopher Weaver (client of undersigned)
32.    Ronald McGill (client of undersigned)
33.    Wilson Simmons (client of undersigned)
34.    Arthur Murph (putative class member, depending upon nature of settlement with LNA)
35.    Maj. Pete Tufaro (putative class member)
36.    Sal Gutierrez (putative class member)
37.    James Ruiz (client of undersigned)
38.    Sally Jones (client of undersigned)
39.    James Reed
40.    John and Jerry Alford
41.    Jimmie and Nellie Perry
42.    Jocelyn C. Moses
43.    Anthony Dunn
44.    Jocelyn Carter
45.    Daniel Weber
46.    Doris Shanks


Undersigned counsel and staff assisted the above named persons in the preparation of the written answers to interrogatories, responses to request for production and request for admissions.

**INTERROGATORY NO. 2:**

Provide the name and, if known, the address and telephone number of each person (other than the individual plaintiffs themselves) who is likely to have discoverable information that plaintiffs may use to support their claim that the Barge ING 4727 caused damage to any plaintiff or member of the proposed class in this action.

**ANSWER TO INTERROGATORY NO. 2:**

1.  Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training; pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.  Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training; pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.  Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training; pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.  Lafarge North America, through designated 30(b)(6) representative(s) - to testify in trial concerning
    1.  Any and all knowledge Lafarge had preceding Katrina of any or all of the following:

8

     a.    Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges in advance of a hurricane;

     b.    Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges within the IHNC;

     c.    The forecasted nature, strength, direction and effects of Katrina;

     d.    Any and all pre Katrina actions undertaken and not undertaken by Lafarge with respect to barges at its France Road facility in light of any or all of the foregoing knowledge, or lack thereof.

2.    Nature and proof of any and all of Lafarge's knowledge, contentions and/or defenses as to ING 4727's escape from its berth at Lafarge during the effects of Katrina;

3.    The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;

4.    The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all governmental agencies and/or investigative bodies relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit, including but not limited to the United States Coast Guard, Army Corps of Engineers, IPET, ILIT, Team Louisiana, National Science Foundation; and/or parties to Robinson and/or MRGO litigation;

5.    The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all Robinson and/or MRGO and/or BARGE plaintiffs or putative class members relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit.

6.    The existence, nature, contents and custodian(s) of any and all communication statements, accounts, representations and accident and/or incident reports describing any casualty in which ING 4727 was involved during Katrina;

7.    The existence, nature, contents and custodian(s) of any and all communications, reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

8.    Any and all knowledge, communications, documents, photos and other information pertaining to the mooring methods of ING 4525 and/or the five barge tier of Bunge and/or other barges moored adjacent to the tier containing ING 4727, and the movements during the effects of Katrina of any and all of the aforesaid barges other than 4727;

9.    Lafarge's awareness of any publically available pre-Katrina information concerning any contentions that MRGO would or might cause or contribute to hurricane related flooding or storm surge;

10.    Lafarge's awareness and/or observations of any and all pre-Katrina projects on or

near the eastern batture or canal-side embankment of the eastern IHNC between
Florida and North Claiborne Avenues.

11.　The existence, contents and custodians of any land, aerial or satellite video or photo,
and/or graphic, diagram, or visual representation of any or all of the following on
August 28 - 29, 2005:

    a.　the Lafarge France Road facility and environs;

    b.　Industrial Canal and environs;

    c.　ING 4727;

    d.　areas constituting and/or included within the proposed Barge Class
geography;

    e.　Any and all timing, sources, causes locations and extent of flooding alleged
by Lafarge to have affected any or all of the proposed Barge Class geography.

12.　Identities, accounts, and whereabouts of any and all persons who claim to have
knowledge of the movements of ING 4727 from the Lafarge dock to its eventual
resting place in the residential area of the Lower Ninth Ward;

13.　Identities, accounts, and whereabouts of any and all persons who claim:

    a.　to have seen ING 4727 make contact with the eastern IHNC floodwall, and/or
transit from the canal side of the eastern IHNC floodwall to the residential
side during Katrina, and/or,

    b.　to have heard scraping sounds and/or booms and/or explosions in the Lower
Ninth Ward during Katrina.

14.　Nature, timing, location, contents, methods of, and participants in, any and all
interviews of putative Barge class members by Centanni Investigative and/or any and
all other persons or entities acting on behalf of Lafarge;

15.　Nature, contents and custodian of any or all written, recorded, videotaped or
otherwise memorialized matter or communication acquired via abovesaid interviews;

16.　Nature and timing of, and participants in, any and all activities conducted on
Lafarge's behalf resulting in Lafarge's possession of any items of personal property
acquired from the Lower Ninth Ward after Katrina, specifically including but not
limited to stopped clocks;

17.　Nature, timing, description, memorialization and/or recordation of, and participants
in, any and all written and verbal communications and contacts between Lafarge, its
agents and representatives, and Arthur Murph, Jeanne Murph, Shirley Priestly,
Jennifer Fernandez, Wayne Priestly, New Berkley, LLC and/or New Jourdan, LLC,
their agents, employees, relatives, shareholders and members, concerning transaction
or compromise of claims related to ING 4727, concerning the movements of ING
4727, concerning sale or purchase of 1739 Jourdan Avenue and/or 105 Berkley
Drive.

18.　Any and all of Lafarge's factual contentions and defenses, and underlying proof,
concerning any and all of the following:

    a.　Causes of the ING 4727 breakaway;

    b.　Movements of the ING 4727 in the IHNC (and from the IHNC) on August
29, 2005;

c.     Causes of IHNC eastern floodwall breaches between Florida and N. Claiborne Avenues;

d.     Causes, sources, location and extent of flooding of the proposed Barge class geography;

e.     Facts underlying any opposition to class certification in the Barge litigation track.

19.     The nature, issuance, entry, contents, limits, coverage, terms, effects, underwriters of, and nature of any claims or controversies concerning, any and all policies of primary, excess, surplus and other marine casualty insurance issued to Lafarge and in effect at times pertinent to this litigation, specifically including but not limited to that issued by American Steamship Owners (The American Club);

20.     Existence, source or origin, contents and custodian of any and all communications or accounts of persons reporting any or all of the following in or from the Lower Ninth Ward during Katrina:

a.     flooding;

b.     flood protection system breaches or failures;

c.     ING 4727 movements or contact or impact with any object;

d.     scraping sounds or explosion or boom sounds;

e.     injuries or deaths;

f.     emergencies.

21.     Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005 at the Lafarge France Road facility;

22.     Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005, regardless of location, regardless of whether said policies, procedures and standards differ from those described in Item No. 20, above.

23.     Organization, structure and ownership of Lafarge North Americal; its relationships with Lafarge, SA, Efalar, and/or their respective officers and directors; nature of and participants in any and all share recalls, divestiture, merger, reorganization of Lafarge North America subsequent to the events subject of suit; nature and existence of any and all SEC filings, investigations, lawsuits or other adverse action in consequence of any of the foregoing.

24.     Any and all other relevant factual matters disclosed by the witness(es) of which they have knowledge.

5.     Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA;any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11

6.     A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.     Annette Gaskin, Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.     Louis Robin - 5913 N. Oak Street, Marrerro, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all topics addressed in and/or testimony rendered by the witness in deposition. .

9.     Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

10.    David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.    Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.    Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.    Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

14.    Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.    Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.    Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

17.    David Williams- any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.    Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.    Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.    Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

21.    Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.    Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.    Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.    Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.    Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.    Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.    Richard C. Heck - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.    Ethel Mae Coleman Mumford - *1423 Feliciana Street, New Orleans, Louisiana 70117,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

29.    Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

30.    Kismit Bourgere - *794 13ᵗʰ Street, Plano, Texas 75074*, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional

effects of any or all of the foregoing.

34.     Gilbert Luke - 1828 Flood Street, New Orleans, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

35.     Jimmie Harris - 924 Lamanche Street, New Orleans, LA 70117 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

36.     Bob and Dianne Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

37.     Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

38.     Josephine Richardson - 1321 Egania Street, New Orleans, LA 70117, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, death of her husband, emotional effects of any or all of the foregoing.

39.     Terry Adams - 2165 Carol Sue, Gretna, LA 70056, c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing. Will testify that ING 4727 caused southern breach and consequent flooding.

40.     Ronald McGill - 3005 Shannon Dr Violet, LA 70092, c/o Barge PSLC- to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion."

41.     Wilson Simmons - 800 Iberville St, New Orleans, LA 70112, c/o Barge PSLC- to prove

facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion."

42.   William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area. To testify that ING 4727 caused north breach and consequent flooding.

43.   Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

44.   Daniel Weber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

45.   Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, and/or for rebuttal or impeachment.

46.   Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing. Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall. Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

15

47.     Jeanie Church Murph, 105 Berkley Drive, to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.  May be called also to corroborate storm accounts of Arthur Murph.

48.     New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.     New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.     G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or

members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

51.   Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding. Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road. Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

52.   Sal Gutierrez, Esq - St. Bernard Parish Attorney - Guttierez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

53.   James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.   Mr. Ruiz is a self-employed construction contractor.

54.   Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.   Her employment status is unknown at present.

55.   Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.   Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house. Mr. Reed is a shop manager at Cadillac of Metairie.

17

56.     Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to facts relative to to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing. Mr. Cornwall will testify that on the morning of August 29, 2005, he saw a wall of water coming from the Industrial Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

57.     Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

58      Kendrick Pounds to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

59.     D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge. Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

60      Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

61.     Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

62.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

63.   Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

64    Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

65.   Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

66.   Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

67.   Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

68.   Arcola J. Sutton,  c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

69.   Henry "Junior" Rodriguez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

70.   Blair L. Boutte, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

19

71.  Marenthia Lagarde,c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

72.  Michael Lagarde c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

73.  Donald Pritchett c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

74.  Melba Gibson c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

75.  Kevin McFarland c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

76.  Daniel Weber, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, the drowning of his wife and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

77.  Jimmie A. Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

78.  Nellie Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

79.  Doris Shanks, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

80.  Herbert Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

81.   Mary Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

82.   Mary Short Benoit, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

83.   Henry Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

85.   Gwendolyn Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

86.   John Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

87.   Jerry Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

88.   Michael Watts, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

89.   Robert Green, Sr., c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

90.   Jonathan Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

91.   David Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

92.   Everidge Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

93.     Earl Matthew Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

94.     Joyce B. Mathews, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

95.     Mildred D. Dean, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

96.     Karen Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

97.     Ethel Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

98.     Joyce Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

99.     Myrna Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

100.     Jocelyn Moses, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

101.     Jocelyn Carter, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

102.     Anthony Dunn, c/o Barge PSLC -to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and

displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

103.   Emile Goetz - 2212 Gallant Dr., Chalmette, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

104.   Karen Genovese - 121 Llama Dr., Arabi, La c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

105.   Cilton F. Bordelon, Jr. 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back.  They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

106.   Sharlet Bordelon 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back.  They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing;

23

107. St. Bernard Parish President Craig Tafraro, St. Bernard Council Members Ray Lauga, Jr., George Cavinac, Kenneth Henderson, Mike Ginart, Jr., Fred Everhardt, Jr., Frank Auderer, Jr., and Polly Boudreaux, Past and Present St. Bernard Parish Attorneys Mike Gorbaty and David Paysse, Sheriff Jack Stephens, St. Bernard Hospital Service District Director Brian Bertucci, M.D., and/or other former or present members of the St. Bernard Parish Government, (including but not limited to Henry "Junior" Rodriguez, above) its departments, divisions, boards, bodies, employees and agents, 8201 W. Judge Perez Drive, Chalmette, Louisiana, to testify to observations and events during Katrina, flooding caused by the events subject of suit, and all manner of civil and governmental damages incurred by and within the Parish of St. Bernard, within or emanating from events within the proposed geographic class boundaries;

108. Darryl Traylor, 8401 Parc Place, Chalmette, LA 70043, Phone: 504-277-7060 - timing source and direction of flooding in St. Bernard Parish areas of proposed class geography.

109. Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

110. Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

111. Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

112. Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING4727, mooring ropes, and the Lafarge France Road facility.

113. Any and all persons designated by Barge Plaintiffs as experts.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. Please see Merits Witness and Exhibits List filed November 20, 2007, and every 20th day of every month thereafter.

## INTERROGATORY NO. 3:

Identify and fully describe all simulations, replicas, models, mockups, and other study, investigation, or representation, forensic or otherwise, of any an all things, events and/or locations which you will (1) introduce at trial, and/or (2) rely upon at trial, and/or (3) disclose, display or publish to the trier of fact, and/or (4) of which any witness you will call at trial will be informed and/or upon which any such witness will rely in furtherance of trial testimony.

## ANSWER TO INTERROGATORY NO. 3:

Objection, Plaintiffs have not yet determined whether to use any of the items subject of the request at trial, but anticipate the possibility of computer or other simulation of the variety devised by Vrijling, and/or reconstruction of the movements of the barge and/or breaches of the eastern IHNC floodwall subject of this suit, and/or additional models, studies, demonstrative exhibits, etc., pertaining to elements of damages claimed herein and/or relative to the particular areas of expertise of expert witnesses to be called.

Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court. Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. Please see Merits Witness and Exhibits List filed November 20, 2007, and every 20th day of every month thereafter.

## INTERROGATORY NO. 4:

Please state the full names, job titles, employers, credentials, and areas of expertise of any and all experts or opinion witnesses whom you will or may call to render any opinion concerning any issues in this matter, whether by affidavit, report, or trial testimony, and provide a summary of all such opinions and a list of all documents consulted, used or relied upon by such expert or opinion witness.

## ANSWER TO INTERROGATORY NO. 4:

Plaintiffs may call:

1.    Lt. Cmdr. Donald J. Green, USCG (Ret.)
      K-Don Marine Consulting
      8876 Gulf Freeway, Ste. 120
      Houston, TX 77017
      http://www.kdoncorp.com/consulting/

Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe operating practices, mooring, maritime hurricane precautions, to testify concerning negligence and unseaworthiness causing breakaway of ING 4727;

2.    Mr. Melvin Spinks, P.E. and staff
      CivilTech Engineering, Inc.
      11821 Telge Road
      Cyprus, TX 77429
      http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

3.    Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
      Marino Engineering Associates, Inc.
      1101 E. Colorado Avenue
      Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

4.    John A. Kilpatrick - PhD, MRICS
      Greenfield Advisors
      Suite 650 2601 4th Avenue
      Seattle, WA 98109

Real estate analysis and appraisal perspective including the elements of appraisal methodology that argue for class treatment of valuation of real property and class treatment for determination of damages to business losses and values within the class geography.

5.    Ray Helmer, P.E,
      Helmer Engineering, Inc.
      9314 Bankside
      Houston, TX 77031
      http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach

26

causation, nature, sources, and extent of consequent flooding.

6.      Hector V. Pazos, P.E.
        Ocean-Oil International Corp.
        P.O. Box 47188
        St. Petersburg, FL 33743
        http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

7.      Robert Bartlett, P.E.
        Bartlett Engineering
        2617 Edenborn Ave., Ste. D
        Metairie, LA 70002
        http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Plaintiffs may call additional experts in fields identified in periodic merits Witness Lists.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. Please see Merits Witness and Exhibits List filed November 20, 2007, and every 20th day of every month thereafter.

**INTERROGATORY NO. 5:**

Please state the full names, addresses, job titles and employers of all lay persons you will call or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.