# EXHIBIT 15
# Part 2

## ANSWER TO INTERROGATORY NO. 5:

Plaintiffs have submitted their Final Class Certification Witness list which is "preliminary" to the merits of this case.  Please see Barge Plaintiffs periodic merits Witness Lists filed November 20, 2007, and on or about the 20th day of every month thereafter.   Please also see Answers Nos. 1 and 2, above.

Additionally, plaintiffs may call:

Undetermined Lafarge employee(s) or representative(s) to prove facts relative to The American Club policy coverage provisions as same relate to ING 4727 and/or occurrences upon which the present suit is based.

Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

Undetermined USACE employees, possibly including but not limited to Alfred Naomi,

Gregory Miller, Harley Winer, and/or others,

Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING4727, mooring ropes, and the Lafarge France Road facility.

Witnesses necessary to identify and authenticate any and all records, documents, and exhibits not stipulated to;

Any and all others yet to be investigated, discovered, determined or identified;

Any and all deposed, listed and/or subpoenaed and/or offered and/or proffered by any other party(ies) to In Re Katrina Canal Breaches Consolidated Litigation and/or Robinson v. United States;

Any and all needed for rebuttal and/or impeachment of opposing or adverse witnesses;

## INTERROGATORY NO. 6:

What do you contend caused the breakaway of the Barge ING 4727?  (Please provide a full narrative account of all factors, including the time at which you contend the barge broke away and

the reasons why it broke away, all parties at fault in the breakaway, and all measures which, if taken, would have prevented the breakaway).

## ANSWER TO INTERROGATORY NO. 6:

Objection: calls for expert opinion and speculation as to all imaginable measures that would have prevented the breakaway. Subject to and without waiver of any objections, plaintiffs respond:

Pursuant to Rule 33(d), Fed. R. Civ. Pro., see Plaintiffs' Complaints herein, Answers, Claims and Defenses, Phase I and Phase II motions and oppositions, and pretrial and trial submissions, in *In Re Ingram Barge Company, etc.*, 05-4419. To paraphrase, the barge broke away due to negligence and unseaworthiness and allided twice with the eastern Industrial Canal floodwall between Florida Avenue and N. Claiborne Avenue, causing the North and South breaches. Upon information and belief, ING 4727 broke away due to a combination of factors expressed in the above said pleadings and documents, which consist generally of failure to adequately care for, moor or prepare ING 4727 for Katrina. Had defendants complied with USCG and other governmental and professional regulations and guidelines, with applicable standards of maritime care, and with the tenets of good seamanship, as described in 05-4419, ING 4727 would not have broken away from the LNA terminal.

Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court. Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. Please see Merits Witness and Exhibits List filed November 20, 2007, and every 20th day of every month thereafter.

## INTERROGATORY NO. 8:

In Court Record Doc. 798-3 in Case No. 05-4419, Group A plaintiffs stated that "eyewitnesses...saw the barge crash through the intact floodwall long before the MRGO flooded" Please identify all such eyewitnesses and state the date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account.

## ANSWER TO INTERROGATORY NO. 8:

Plaintiffs objects to this Request on the grounds of the attorney work-product doctrine insofar

as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account."

Subject to said objections and without waiving same, Plaintiffs responds as follows:

On the date that Record Doc. 789-3 was filed in Case No. 05-4419, the Group A Plaintiffs had identified the eyewitnesses listed in the pretrial order(s) applicable as of that date. Additionally, Plaintiffs identify the following:

1.   Terry Adams - account of breach learned through 2006 interview

2.   Arthur Murph - account of breach learned through interview of unknown date

3.   William Villavasso - account of breach learned through 2007 interview, and December 18, 2007, deposition

4.   Christopher Weaver - account of breach learned through 2006 interview

5.   Deputy Pete Tufaro - flood time and direction learned through 2007 interview

6.   Sal Gutierrez - flood time and direction learned through 2007 interview

7.   James Ruiz - flood time and direction learned through 2007 interview

8.   Sally Jones - flood time and direction learned through 2007 interview

9.   James Reed - flood time and direction learned through 2007 interview

Additionally, accounts rendered by fact witnesses in depositions noticed by Lafarge, and opinions rendered by Barge Plaintiffs' experts, contain information relevant to the timing of IHNC flooding relative to that believed to have been caused or contributed to by MRGO.

Plaintiffs reserves the right to supplement and amend this Answer to Interrogatory.

### INTERROGATORY NO. 9:

Identify all "witnesses [who] say that they heard the barge scraping against the still intact floodwall, and then saw it crash through" as you represented to the public on and state the date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account.

30

**ANSWER TO INTERROGATORY NO. 9:**

Plaintiffs objects to this Request on the grounds of the attorney work-product doctrine insofar as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account." Subject to said objections and without waiving same, Plaintiffs respond as follows:

Plaintiffs have submitted their Final Class Certification Witness list which are "preliminary" to the merits of this case.   In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Arthur Murph, through interview of unknown date and through depositions;

Carolyn Berryhill (has been deposed);

Clarence Sartin (effort has been made to depose him);

Kendrick Pounds (has been deposed);

D'Antoinette Johnson (has been deposed)

Additionally, Barge Plaintiffs refer the requestors to testimony contained in fact witness depositions conducted by Lafarge North America, and Barge Plaintiffs' experts' reports, to the extent that they contain any responsive information as to witnesses who heard scraping and then saw the barge crash through.

**INTERROGATORY NO. 10:**

Identify every other person, if any, who claims to have seen or heard the barge make contact with the IHNC floodwall, pass from the canal side of the floodwall to the residential side of the wall, or cause one or more breaches of the floodwall, and state the date and means by which plaintiffs' counsel or representatives learned the substance of each person's account.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object to this Request on the grounds of the attorney work-product doctrine insofar as the Interrogatory requests the "date and means by which plaintiffs' counsel or representatives learned the substance of each witness's account." Subject to said objections and without waiving same, Plaintiffs respond as follows:

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case.In addition, please see all of the above responses and the Merits Witness Lists filed November 20, 2007, and every 20th day of every month thereafter.

Subject to and without waiver of any objections, Plaintiffs responds as follows:

Other putative class members have stated that they heard one or more explosions, whose times - to the best of each relator's recollection - generally or roughly coincide with times at which witnesses maintain that they saw the barge crash through the floodwall with an explosive sound, and with times at which they and others experienced a violent surge of water, lifting houses from their foundations and propelling them up the street.  These accounts are commonplace among persons from the Lower Ninth Ward, including but not limited to the following clients of the undersigned, and/or additional persons deposed by Lafarge, who may be called to testify relative to the North and/or South breaches:

1.   William Villavasso - Sewerage and Water Board of N.O - Station 05  - Intersection of Surecoat Dr. and Florida Ave. - 2007 interview

2.   Terry Adams - Jourdan Avenue -2006 interview

3.   Arthur Murph - 1739 Jourdan Ave. -interview of unknown date

4.   Ronald McGill - 2006 interview

5.   Wilson Simmons - 2006 inteview

6.   Christopher Weaver - 2006 interview

7.   Carolyn Berryhill (has been deposed)

8.   Clarence Sartin (effort has been made to depose him)

9.   Kendrick Pounds (has been deposed)

10.  D'Antoinette Johnson

11.  Ernest Offray formerly of 2028 Deslonde;

12.  Sidney Williams formerly of 1720 Tennessee Street;(has been deposed)

13.  Delores St. Cyr Butler

14   Andrew Sartin

15.  Damon Peters

16.    Patrina Peters

17.    Dakiea Johnson

18.    Earl Lackings

19.    Robert Green - 1826 Tennessee Street

20.    Arcola J. Sutton - 2523 Jourdan Ave. - 2008 interview.

21.    Jocelyn C. Moses - 1723 Jourdan Avenue - interview of June, 2008

22.    Anthony Dunn -1723 Jourdan Avenue - interview of June, 2008

23.    Daniel Weber - 2227 Reynes Street - interview of July, 2008

Additionally, please see fact witness depositions conducted by Lafarge in which the above and/or others have rendered testimony consistent with these accounts.

## INTERROGATORY NO. 11:

In Court Record Doc. 726 (at page 7, footnote 1), Group A represented to the Court that "pronouncements of experts" state "that the barge is what breached the floodwall." Similarly, on the website                Group A counsel have represented to the public that experts have formed the opinion that the barge "broke the floodwall" and that "scientific investigations...reveal that the Industrial Canal breach was caused by a barge adrift in the canal during Katrina, which slammed into the concrete floodwall, allowing the wall and levee to topple." Please identify every expert pronouncement that the barge is what breached the floodwall, every expert who has formed the opinion that the barge broke the floodwall, and every scientific investigation that reveals that the Industrial Canal breach was caused by a barge.

## ANSWER TO INTERROGATORY NO. 11:

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

Further, plaintiffs' experts express the opinion that ING 4727 caused the north breach. Plaintiffs and their expert disagree with theories attributing the IHNC floodwall breaches to causes other than the barge - because, among other reasons - eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

33

The IPET represents that the barge, if it allided with the floodwall, breached it. Plaintiffs and their expert agree with this conclusion. The IPET and R. Lee Wooten stated that the barge could have broken the floodwall. See the expert report of R. Lee Wooten at **PSLC 000120-000214** and the deposition of R. Lee Wooten.

Robert Bea stated that the barge broke the floodwall. See video of Robert Bea stating that ING 4727 caused the INHC floodwall to breach, and that the protection system otherwise performed admirably. See http://webcast.berkeley.edu:8080/ramgen/events/publicaffairs/bea.rm.

Further, additional plaintiffs' experts identified below express the opinion that ING 4727 caused the north breach.

Ray Helmer, P.E,
Helmer Engineering, Inc.
9314 Bankside
Houston, TX 77031
http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

Hector V. Pazos, P.E.
Ocean-Oil International Corp.
P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

Robert Bartlett, P.E.
Bartlett Engineering
2617 Edenborn Ave., Ste. D
Metairie, LA 70002
http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

**INTERROGATORY NO. 14:**

Plaintiffs' complaints in this case allege that the barge "crashed through the East side flood wall taking out a large section of the flood wall" (Mumford Paragraph VII) and that it "raced diagonally across the Industrial Canal, and struck the east wall of the Industrial Canal, causing it to fail" (Boutte Paragraph 8). Identify all witnesses, documents, and facts that support any of these allegations.

**ANSWER TO INTERROGATORY NO. 14:**

1.   IPET

2.   Ray Helmer

3.   Hector Pazos

4.   Robert Bartlett

5.   R. Lee Wooten

6.   Robert Bea

7.   United States Coast Guard

8.   Terry Adams

9.   William Villavasso

10.   Arthur Murph

11.   Christopher Weaver

12.   Ronald McGill

13.   Wilson Simmons

14.   Carolyn Berryhill (has been deposed)

15.   Clarence Sartin

16.   Kendrick Pounds (has been deposed)

17.   D'Antoinette Johnson

18.   Ernest Offray formerly of 2028 Deslonde;

19.   Sidney Williams formerly of 1720 Tennessee Street;(has been deposed)

20.   Delores St. Cyr Butler

21.   Andrew Sartin

22.   Damon Peters

23.   Patrina Peters

24.   Dakiea Johnson

25.   Earl Lackings

26.   Robert Green - 1826 Tennessee Street.

27.   Arcola J. Sutton - 2523 Jourdan Ave. - 2008 interview.

28.   Jocelyn C. Moses - 1723 Jourdan Avenue - interview of June, 2008

29.   Anthony Dunn -1723 Jourdan Avenue - interview of June, 2008

30.   Daniel Weber - 2227 Reynes Street - interview of July, 2008

15.   Multiple photos already produced for requestors

16.   Any and all others yet to be determined.

Additionally, named plaintiffs, putative class members and others have stated that they heard one or more explosions, whose times  -  to the best of each relator's recollection - generally or roughly coincide with times at which witnesses maintain that they saw the barge crash through the

36

floodwall with an explosive sound, and with times at which they and others experienced a violent surge of water, lifting houses from their foundations and propelling them up the street. These accounts are commonplace among persons from the Lower Ninth Ward, including but not limited to clients of the undersigned, who may be called to testify, and who have previously been identified and listed as potential witnesses.

Also, please see Plaintiffs' Complaints herein, Answers, Claims and Defenses, Phase I and Phase II motions and oppositions, and pretrial and trial submissions, in *In Re Ingram Barge Company, etc.*, 05-4419.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court. Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

Plaintiffs also note potentially relevant events during Hurricane Gustav whereby a drifting barge broke a wall along the western IHNC.

Plaintiffs reserve all theories and allegations concerning the barge's rate or direction of travel within the IHNC.

**INTERROGATORY NO. 17:**

Identify each person who called or who has been interviewed by Kenrick Harding or any other investigator or person working on the plaintiffs' behalf in connection with the barge breakaway and/or the breach(es) of the IHNC floodwall, including the person's name, address, and telephone number, and date of interview, whether a tape recording or other transcription was made, and whether documents exist memorializing the interview.

**ANSWER TO INTERROGATORY NO. 17:**

Objection: calls for attorney work product and privileged client communications. Subject to and without waiver of any objections, Plaintiffs respond:

Kenrick (not "Kendrick") Harding has interviewed no one.

Cmdr. Don Green's staff polled several barge companies to determine whether they had a written hurricane plan. Their identities are contained in Don Green's Phase II deposition in 05-4419.

The following clients of undersigned have made oral or written statements to undersigned attorneys throughout the representation: All plaintiffs represented by undersigned, including Terry Adams, Christopher Weaver, Wilson Simmons, Ronald McGill, and numerous others concerning the sound of the barge hitting the floodwall.

Plaintiffs who are clients of other attorneys may have made statements to their attorneys.

Arthur Murph made an oral statement to his attorney in 2005 or 2006.

The following experts have made oral or written statements to undersigned in 2006, 2007 and 2008: Ray Helmer, Robert Bartlett, Hector Pazos, Don Green, Gennardo Marino and Melvin Spinks.

William Villavasso made an oral statement to undersigned. in 2007.

Dan Mecklenborg, David Sehrt, Pankaj Shah, Patrick Morton, Stanley Cook, Greg Jarrell, David Williams, Pete Tassin, Gary Holman, Ed Vandermeulen, Ed Bush, Earl Smith, Richard Heck, Eric Thigpen, Raymond Grabert, Gerald McNeill, Barry Boudreaux, Rachael Burnett, Terry Adams and Wilson Simmons were deposed in 2006 and 2007.

## INTERROGATORY NO. 19:

The website maintained by plaintiffs' counsel                    , asserts: [T]he barge "was the sole cause of the eastern Industrial Canal breaches in the Lower Ninth Ward." Do you contend in this action that the barge was the "sole cause" of the eastern Industrial Canal breaches in the Lower Ninth Ward? If so, then provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely.

## ANSWER TO INTERROGATORY NO. 19:

Plaintiffs answer in the affirmative. Eyewitnesses identified herein saw the barge breach the intact floodwall, described by Bea as otherwise performing "admirably" before his retention by any litigants; further expert opinion will be provided in accord with the Court's scheduling orders. Also, the sudden and violent introductions of massive flooding occurred contemporaneously with the appearances of the barge through the floodwall, and the sound of an "explosion" at each of the two occasions.

Further, plaintiffs' experts express the opinion that ING 4727 caused the breaches. Plaintiffs and their expert disagree with theories attributing the IHNC floodwall breaches to causes other than the barge - because, among other reasons - eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

See also depositions of, among others, Kendrick Pounds, Dakeia Johnson, Delores St.Cyr-Butler, Andrew Sartin, Ronald Williams, Wilson Simmons, Ernest Offray, Patrina Peters, Damon Peters, Terry Adams, William Villavasso, D'Antoinette Johnson, Carolyn Berryhill, James Ruiz, James Reed, Sal Gutierrez, Henry "Junior" Rodriguez, Sally Jones.


**INTERROGATORY NO. 20:**

The reports of the Interagency Performance Evaluation Team (IPET), Independent Levee Investigation Team (ILIT), and Team Louisiana investigations have each attributed the IHNC floodwall breaches to causes other than the barge. Do you disagree with the conclusions of these reports regarding the causes of the IHNC floodwall breaches? If so, then provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely.

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiffs objects to this request as calling for speculation, mental impressions of counsel and expert opinion outside the purview of anyone but experts. Subject to said objections and without waiving same, Plaintiffs responds as follows:

Plaintiffs also object to this Interrogatory because it assumes or states that "the Interagency Performance Evaluation Team (IPET), Independent Levee Investigation Team (ILIT), and Team Louisiana investigations have each attributed the IHNC floodwall breaches to causes other than the barge, " which is inaccurate. The IPET represents that the barge, if it allided with the floodwall, breached it. Plaintiffs and their expert agree with this conclusion. Plaintiffs and their expert

disagree with theories attributing the IHNC floodwall breaches to causes other than the barge - because, among other reasons - eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

## INTERROGATORY NO. 21:

Do you contend that the IHNC floodwall would have remained intact if the barge had not broken away from its moorings? If so, then provide all reasons and identify witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded. If not, then state what mechanism would have caused the wall to fail in the absence of the barge.

## ANSWER TO INTERROGATORY NO. 21:

Plaintiffs objects to this request in that it calls for speculation and expert opinion. Plaintiffs further object in that the Interrogatory is not reasonably calculated to lead to discovery of admissible evidence, as this litigation (or any other litigation) does not concern what would have or might have happened in time, but what actually did happen. Subject to said objections and without waiving same, Plaintiffs responds as follows:

Subject to and without waiver of any objections, "yes." The eastern IHNC floodwall between Florida and N. Claiborne remained intact in all areas with which the barge did not allide.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these

reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

## INTERROGATORY NO. 23:

Do you contend that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge)?  If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

## ANSWER TO INTERROGATORY NO. 23:

Yes, Plaintiffs reiterates and restates Plaintiffs contention that the barge ING 4727 caused or contributed to the northern breach of the IHNC retaining wall (near the pump station by the Florida Avenue Bridge).  The event and/or its effects were witnessed by the following:

1.     William Villavasso - Sewerage and Water Board of N.O - Station 05  - Intersection of Surecoat Dr. and Florida Ave. - 2007 interview and 2008 deposition - saw barge cause northern breach, and subsequent flooding;

2.     Wallace Rainey c/o counsel for SWB - saw flooding subsequent to barge causing northern breach;

3.     Richard Reiss c/or consel for SWB saw flooding subsequent to barge causing northern breach;

4.     Christopher Weaver - client 2006 interview saw flooding subsequent to barge causing northern breach;

5.     Antonio Guy - saw flooding subsequent to barge causing northern breach;

6.     Gloria Guy - saw flooding subsequent to barge causing northern breach;

7.     Sidney Williams, saw flooding subsequent to barge causing northern breach;

8.     Delores St. Cyr-Butler, saw flooding subsequent to barge causing northern breach;

9.     Carolyn Berryhill saw flooding subsequent to barge causing northern breach;

10.     Clarence Sartin saw flooding subsequent to barge causing northern breach;

11.      Kendrick Pounds saw flooding subsequent to barge causing northern breach;

12.      Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

13.      Sidney Williams, formerly of, 1720 Tennesee St saw flooding subsequent to barge causing northern breach;

14.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., saw flooding subsequent to barge causing northern breach;

15.     Andrew Sartin c/o Barge PSLC saw flooding subsequent to barge causing northern breach;

16.     Damon Peters c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

17.     Patrina Peters c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

18.     Dakeia Johnson c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

19.     Earl Lackings c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

20.     Arcola J. Sutton c/o Barge PSLC, saw flooding subsequent to barge causing northern breach;

Further, plaintiffs' experts express the opinion that ING 4727 caused the north breach. Plaintiffs and their expert disagree with theories attributing the IHNC floodwall breaches to causes other than the barge – because, among other reasons – eyewitnesses saw the barge destroy the flood protection structures that otherwise were found to have performed admirably.

The IPET represents that the barge, if it allided with the floodwall, breached it. Plaintiffs and their expert agree with this conclusion. The IPET and R. Lee Wooten stated that the barge could have broken the floodwall.

See Also Group A, Phase I & II Benchbooks which are in Defendant's possession.

Photos of ING 4727 and the remnants of the Industrial Canal floodwall evidence the violent

allision between ING 4727 and the IHNC retaining wall. See Plaintiffs' Supplemental, Amended and

42

Superceding Responses to Request for Production, Bates Numbers: **PSLC 000052-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.** See also documents produced by Sewerage and Water Board deposited at Docusource: **SWB-ED-F0013-021756 to SWB-ED-F0054-21892, SWB-ED-M0001-000147 to 153,SWB-ED-M0001-000139to 000146; SWB-ED-M0001-000069 to 000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

## INTERROGATORY NO. 24:

Do you deny that the actions or inactions of the United States Government, including the Army Corps of Engineers, caused or substantially contributed to the flooding in the Lower Ninth Ward and St. Bernard Parish? If so, provide all reasons and identify every witness, document, fact, opinion, inference, and conclusion upon which you rely, and specifically including any experts who have so concluded.

## ANSWER TO INTERROGATORY NO. 24:

Plaintiffs object on the grounds of irrelevance in accord with *Edmonds v. Compagnie*, and *Coats v. Penrod*, to the extent that the actions and inactions of the Barge Defendants caused or substantially contributed to all of the damages sustained by the Barge Plaintiffs.

43

Barge Plaintiffs contend that ING 4727 caused the North and South Breaches of the eastern IHNC floodwall between N. Claiborne and Florida Avenues, and that from these breaches emanated floodwaters that caused or contributed in whole or substantial part to the damages in the proposed class geography. Floodwater from breaches of the MRGO may have mixed with floodwater from the IHNC breaches, but only after the total destruction of the proposed class geography due solely to the IHNC breaches, which occurred earlier, involving greater quantities and depths of floodwater than that which could have originated from breaches of the MRGO, and caused flooding of the entire class area before arrival of any other floodwater. The United States Governments' actions or inactions may have played a role in the occurrence of the MRGO breaches, and/or the flooding in the Lower Ninth Ward and St. Bernard Parish. Whether such actions or inactions caused or substantially contributed to the said flooding is unknown to the Barge Plaintiffs, who can neither answer in the affirmative nor negative, but acknowledge the possibility of the scenario herein described. However, Barge Plaintiffs posit that all floodwater damage in the proposed class geography was caused by acts of Man.

Plaintiffs reiterate and restate the above, based upon first-hand accounts that ING 4727 caused the breaches and subsequent flooding of the proposed class geography. Based on the eyewitness accounts coupled with accounts of an explosive sounds heard immediately preceding a violent surge of water, Plaintiffs believe that it was said breaches which caused the flooding in the lower ninth ward and St. Bernard Parish.

Further, plaintiffs' experts identified below express the opinion that ING 4727 caused the said IHNC breaches.

Ray Helmer, P.E,
Helmer Engineering, Inc.
9314 Bankside
Houston, TX 77031
http://www.helmer-engineering.com/

Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breaches causation, nature, sources, and extent of consequent flooding.

Hector V. Pazos, P.E.
Ocean-Oil International Corp.
P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

44

Robert Bartlett, P.E.
Bartlett Engineering
2617 Edenborn Ave., Ste. D
Metairie, LA 70002
http://www.bartlett-engineering.com/

Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727.

Mr. Melvin Spinks, P.E. and staff
CivilTech Engineering, Inc.
11821 Telge Road
Cyprus, TX 77429
http://www.civiltecheng.com/about.html

Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

Gennardo G. Marino, Ph.D, P.E. and  Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
Marino Engineering Associates, Inc.
1101 E. Colorado Avenue
Urbana, IL 61801

Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

See also the expert report of R. Lee Wooten at **PSLC 000120-000214** and the deposition of R. Lee Wooten.

See photos produced at: **PSLC 000083-000086, PSLC 000113-117, PSLC 000309-000735, PSLC 000748-000918.**

See also documents produced by Sewerage and Water Board deposited at Docusource:

**SWB-ED-F0013-021756   to   SWB-ED-F0054-21892,   SWB-ED-M0001-000147   to 153,SWB-ED-M0001-000139to   000146;   SWB-ED-M0001-000069   to   000078; SWB-ED-F0021-019634 to 19635; SWB-ED-F0022-019645 to 19649; SWB-ED-F0022-019659 to 19649; SWB-ED-F0030-019705; SWB-ED-F0030-019708 to 19709; SWB-ED-F0031-015415 to 15416; SWB-ED-F0032-003519 to 3526; SWB-ED-F0032-001155 to 1157.**

45

See also depositions of Kendrick Pounds, Dakeia Johnson, Delores St.Cyr-Butler, Andrew Sartin, Ronald Williams, Wilson Simmons, Ernest Offray, Patrina Peters, Damon Peters, Terry Adams, William Villavasso, D'Antoinette Johnson, Carolyn Berryhill, James Ruiz, James Reed, Sal Gutierrez, Henry "Junior" Rodriguez, Sally Jones.

See also video of Robert Bea stating that ING 4727 caused the INHC floodwall to breach, and that the protection system otherwise performed admirably. See http://webcast.berkeley.edu:8080/ramgen/events/publicaffairs/bea.rm.

In addition, please see the above response to Interrogatory No. 23 , which identifies witnesses to support this answer.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are "preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

## INTERROGATORY NO. 25:

Provide your complete, detailed, exhaustive account of any and all locations, things, persons, events, circumstances, and factors constituting the causes and occurrences of the breaches of the eastern IHNC floodwall between S. Claiborne and Florida Avenues, including, but not limited to, the time that each breach occurred and all facts and evidence showing what time each breach occurred.

## ANSWER TO INTERROGATORY NO. 25:

Plaintiffs object to the request as calling for attorney work product, mental impressions of counsel, and expert opinion. Subject to and without waiver of any objections:

The barge broke away, first breached the intact floodwall near the Florida Avenue bridge, and next caused the southern breach. See also all record documents filed by plaintiffs in 05-4419, and BARGE complaints in this matter.

Plaintiffs have submitted their Final Class Certification Witness and Exhibit lists which are

46

"preliminary" to the merits of this case. In addition, please see all of the above responses and the Merits Witness and Exhibit Lists filed November 20, 2007, and every 20th day of every month thereafter.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

See also depositions of witnesses Kendrick Pounds, Dakeia Johnson, Delores St.Cyr-Butler, Andrew Sartin, Ronald Williams, Wilson Simmons, Ernest Offray, Patrina Peters, Damon Peters, Terry Adams, William Villavasso, D'Antoinette Johnson, Carolyn Berryhill, James Ruiz, James Reed, Sal Gutierrez, Henry "Junior" Rodriguez, Sally Jones, and Arthur Murph.


**INTERROGATORY NO. 27:**

Describe in detail how this case can be tried as a class action, including an identification of all issues that plaintiffs propose to try to a single jury and a description of how plaintiffs propose to try, on a classwide or individualized basis, causation and damages as to each category of harm for which damages are sought in the complaint.

**ANSWER TO INTERROGATORY NO. 27:**

Plaintiffs refer defendants to Plaintiffs' Amended MOTION to Appoint Counsel, Amended MOTION to Certify Class, Amended MOTION Certification of Class, Appointment of Counsel, Appointment of Representatives and Approval of Trial Plan(Civil Action 05-4182, Docket No. 15549). This contains the extent of plaintiffs' proposed trial plan as it currently exists. Modifications may occur in accord with the Court's inclinations or orders."


**INTERROGATORY NO. 31:**

State how you propose to ascertain the identities of the individuals and/or entities that make up the proposed class and subclasses, including the true owners of real property located within the proposed class area.

**ANSWER TO INTERROGATORY NO. 31:**

Many putative class members have already been in touch with counsel for plaintiffs, and

additional putative class members contact counsel for plaintiffs every day.

With respect to putative class members who have not yet contacted counsel for plaintiffs as of the date of a Class Notice, undersigned will use all publicly available information, press releases, web sites, television spots and referrals from existing clients.  Plaintiffs will seek to use the information of governmental and private aid organizations that have been in contact with putative class members.  An advertising program is currently underway.  It is possible that plaintiffs will use a recognized claims processing agency such as Bourgeois Bennett.

Undersigned counsel have placed print advertisements in the Times Picayune and Louisiana Weekly.

See copy of print ad previously produced at **PSLC 000299**.

Undersigned counsel are still running television commercials in Baton Rouge and New Orleans on WAFB, WVUE, WVLA and WUPL.

Undersigned have retained a marketing firm that has developed a website at

Additionally, undersigned are owners of the website,

Plaintiffs do not limit themselves by the foregoing response, and may use other means that occur to them hereafter as appropriate in this matter.

## INTERROGATORY NO. 32:

Identify every floodwall and levee breach that caused water to flow into the proposed class area of which plaintiffs and their representatives are aware.

## ANSWER TO INTERROGATORY NO. 32:

Plaintiffs object on the grounds of irrelevance in accord with *Edmonds v. Compagnie*, and *Coats v. Penrod*, to the extent that the actions and inactions of the Barge Defendants caused or substantially contributed to all of the damages sustained by the Barge Plaintiffs.

Barge Plaintiffs contend that ING 4727 caused the North and South Breaches of the eastern IHNC floodwall between N. Claiborne and Florida Avenues, and that from these breaches emanated floodwaters that caused or contributed in whole or substantial part to the damages in the proposed class geography.  Floodwater from breaches of the MRGO may have mixed with floodwater from the IHNC breaches, but only after the total destruction of the proposed class geography due solely to the IHNC breaches, which occurred earlier, involving greater quantities and depths of floodwater than that which could have originated from breaches of the MRGO,  and caused flooding of the

entire class area before arrival of any other floodwater. The United States Governments' actions or inactions may have played a role in the occurrence of the MRGO breaches, and/or the flooding in the Lower Ninth Ward and St. Bernard Parish. Whether such actions or inactions caused or substantially contributed to the said flooding is unknown to the Barge Plaintiffs, who can neither answer in the affirmative nor negative, but acknowledge the possibility of the scenario herein described. However, Barge Plaintiffs posit that all floodwater damage in the proposed class geography was caused by acts of Man.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

## INTERROGATORY NO. 33:

Identify and describe any mathematical or formulaic calculations or models that you contend may be used to determine the cause(s) of alleged injuries to any proposed class member and/or to determine the type or amount of damages sustained by any class member, and explain how such calculations or models would be legally sufficient in any trial of your proposed class action.

## ANSWER TO INTERROGATORY NO. 33:

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

Please also see depositions of aforesaid experts.

## INTERROGATORY NO. 40:

Do you claim damages in this case for emotional distress? If so, identify any medical, psychiatric, or other professional who provided treatment and the dates of treatment.

## ANSWER TO INTERROGATORY NO. 40:

Plaintiffs claim damages for emotional distress and refers defendants to Plaintiffs' Motion for Leave to File Seventh Amended Complaint, and Plaintiffs' Amended MOTION to Appoint Counsel, Amended MOTION to Certify Class, Amended MOTION Certification of Class, Appointment of Counsel, Appointment of Representatives and Approval of Trial Plan(Civil Action 05-4182, Docket No. 15549).

**INTERROGATORY NO. 43:**

Was any of the flooding attributable to the northern breach?  If so, state what portion you contend is attributable compared to the southern breach, and describe the evidence supporting that contention.

**ANSWER TO INTERROGATORY NO. 43:**

Plaintiffs object on the grounds of irrelevance in accord with *Edmonds v. Compagnie*, *Coats v. Penrod*, etc., and because the same defendants, through the same negligence and unseaworthiness, caused both the North and South breaches. Subject to said objections and without waiving same, Plaintiffs respond as follows:

Yes, flooding in the proposed class area is attributed to the northern breach, caused by ING 4727.

Please see Class Certification Expert Reports of Melvin Spinks, Gennardo Marino, John A. Kilpatrick, Donald J. Green, produced by plaintiffs on June 30, 2008.  To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production.

**INTERROGATORY NO. 44:**

Was any of the flooding in the proposed class area attributable to other breaches or failures other than the northern and southern IHNC breaches?  If so, state what portion you contend is attributable compared to the southern breach, and describe the evidence or reports or studies supporting that contention.

**ANSWER TO INTERROGATORY NO. 44:**

Plaintiffs object on the grounds of irrelevance in accord with *Edmonds v. Compagnie*, and *Coats v. Penrod*, to the extent that the actions and inactions of the Barge Defendants caused or substantially contributed to all of the damages sustained by the Barge Plaintiffs.

Barge Plaintiffs contend that ING 4727 caused the North and South Breaches of the eastern IHNC floodwall between N. Claiborne and Florida Avenues, and that from these breaches emanated floodwaters that caused or contributed in whole or substantial part to the damages in the proposed class geography.  Floodwater from breaches of the MRGO may have mixed with floodwater from

50

the IHNC breaches, but only after the total destruction of the proposed class geography due solely to the IHNC breaches, which occurred earlier, involving greater quantities and depths of floodwater than that which could have originated from breaches of the MRGO, and caused flooding of the entire class area before arrival of any other floodwater. The United States Governments' actions or inactions may have played a role in the occurrence of the MRGO breaches, and/or the flooding in the Lower Ninth Ward and St. Bernard Parish. Whether such actions or inactions caused or substantially contributed to the said flooding is unknown to the Barge Plaintiffs, who can neither answer in the affirmative nor negative, but acknowledge the possibility of the scenario herein described. However, Barge Plaintiffs posit that all floodwater damage in the proposed class geography was caused by acts of Man.

See Class Certification Expert reports of Melvin Spinks and Gennardo Marino produced on June 30, 2008. To the extent that any of these reports are relevant to the merits of this case, the reports are preliminary and subject to revision up to and until the deadline for Merits expert reports production. Plaintiffs will submit their Merits expert reports, Merits Witness and Exhibit lists and/or other evidence and/or information which Plaintiffs may or will use at the time of Trial in this matter pursuant to the Case Management Orders and scheduling deadlines set by the Court.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
        Telephone: (504) 885-7700
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        e-mail:

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        e-mail:

51

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
  Telephone: 504-834-0646
  e-mail:

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
  Voice: 202-862-4320
  Cell:  202-549-1454
  Facsimile: 800-805-1065 and 202-828-4130
  e-mail:       ,

/s/Shawn Khorrami
 Shawn Khorrami (CA Bar #180411)
 Dylan Pollard(CA Bar #180306)
 H. Scott Leviant(CA Bar #200834)
 Matt Bailey (CA Bar #218685)
 Khorrami Pollard & Abir, LLP
 444 S. Flower Street 33rd Floor
 Los Angeles, CA 90071
 Tel 213.596.6000
 Fax 213.596.6010

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 27th day of October, 2008.

      /s/Brian A. Gilbert