# EXHIBIT 18
# Part 3

UNITUI 9010                                                         JUN 2 8 2006

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: United States of America, Dept. of Army, Corps of Engineers U.S. Army Engineer District, New Orleans P O Box 60267, CEMVN-OC New Orleans, LA 70160-0267 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Josephine Richardson 1321 Eqania st. N.O La 70117 Robert J. Caluda, Atty., 3232 Edenborn Ave., Metairie, LA 70002 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 3-19-28 | 5. MARITAL STATUS -Select- W | 6. DATE AND DAY OF ACCIDENT 8/29/2005  Monday | 7. TIME (A.M. OR P.M.) unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

8a. The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005. The breaches and failure of the hurricane protection levees and walls were a result of the Corps of Engineers' negligence in design and construction of these levees and walls. Moreover, the Corps was negligent in the design, construction, maintenance of the Mississippi River Gulf Outlet. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category 3 hurricane and despite that knowledge, the Corps failed to disclose these inadequacies to the material detriment of the claimant.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Home totally damage + still standing, but destroyed. 1321 Eqania st N.O. La 70117

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Personal injury, property damage, mental distress, inconvenience, aggravation, evacuation and expenses.

Joseph Richardson Sr. my husband died as a result of the hurricane

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Any and all occupants of the City of New Orleans and/or the Parish of St. Bernard witnessed the events referred to above before, during and after the hurricane. | |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH $5 million | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $5 million |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Josephine Richard | 13b. Phone number of person signing form 504) 303-5611 | 14. DATE OF SIGNATURE 6-27-06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                        NSN 7540-00-634-4046           STANDARD FORM 95
                                                             PRESCRIBED BY DEPT. OF JUSTICE
                                                             28 CFR 14.2

 Preexisting Claim Number

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)                    FMD531-0946


EXHIBIT RICHARDSON 7

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. | | ☒ No |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   N/A   Full Coverage ☐   Deductible ☐ | | 17. If deductible, state amount.   $0.00 |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)   NOT APPLICABLE | | |
| 19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   N/A | | ☐ No |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA   FMD531-0947
CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

THIS RECORD IS VALID FOR DEATH ONLY

5130296

TANT: 1146100

STATE OF LOUISIANA
CERTIFICATE OF DEATH

FILE No. 117

BIRTH No.

| Last Name of Decedent | First Name | Middle Name | Date of Death |
|---|---|---|---|
| Richardson, Sr. | Joseph | | on or about Aug 29, 2005 |

| Hour of Death | Sex | Race | Marital Status | Surviving Spouse |
|---|---|---|---|---|
| Unknown | Male | Black | Married | Josephine Lona |

| Date of Birth | Age | Birthplace |
|---|---|---|
| March 28, 1928 | 77 | New Orleans, Louisiana |

Usual Occupation: Salesman
Self Employed
No
Social Security: 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
Education: 11

Place of Death: Residence
1321 Egania Street — Yes
New Orleans — Orleans
1321 Egania Street — Orleans — Louisiana
New Orleans — 70117 — Yes

Father's Last Name: Richardson, Andrew (unknown) (unknown)
Mother's Maiden Name: Scott, Mary (unknown) (unknown)

Informant: Lucille Richardson
4739 Lac St. Pierre Drive, Harvey, LA 70058
3/25/06

Method of Disposition: Burial — 3/25/06
Providence Memorial Park New Orleans, LA

Funeral Director: Tharp Sontheimer
1600 N. Causeway Blvd.
Metairie, LA 70001
2559   E 2445

263229   Jefferson   3/22/06   Mary Young

Manner of Death: Accident
Date of Injury: on or about Aug 29, 2005   Unknown   No
Describe How Injury Occurred: Hurricane Katrina — Drowning
1321 Egania Street New Orleans, LA
Place of Injury: Home

Orleans Parish Coroner's Office
Frank Minyard M.D., Coroner   2612 Martin Luther King Blvd NOLA 70113
4-18-06

Cause of Death:
Hurricane Katrina Related Death
Asphyxia due to drowning

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

MAY 0 2 2006

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
ACTING STATE REGISTRAR

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

FMD531-0948

To Whom It May Concern:

RE: Joseph Richardson Sr.
    Date of Death: 08-29-05
    Buried -03/25/06

The death of my husband and the loss of the father of our children have truly been and ordeal for my family.
My husband will not be able to enjoy the rest of his life which was very productive. I have loss my life long companion and my living standards.
Our children have loss the enjoyment of life with their father.
Also taken away was the grandfather to our grand and great grandchildren.

                                    Josephine Richardson--Widowed
                                    *Josephine Richardson*

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA          FMD531-0949
CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
Corp. of Engineers
U.S. Army Engineers

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)
Josephine Richardson
9696 Haynes Blvd apt J.3

3. TYPE OF EMPLOYMENT  ☐ MILITARY  ☒ CIVILIAN
4. DATE OF BIRTH: 03/19/
5. MARITAL STATUS: Widower
6. DATE AND DAY OF ACCIDENT: 8/29/05
7. TIME (A.M. OR P.M.): unknown

8. Basis of Claim:
The hurricane levees were breeched and everything I own, including my husband were washed away by Hurricane Katrina.

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT:
Josephine Richardson 1321 Egania st N.O. La. 70128

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE:
Total destruction of property from water damage from Katrina

10. PERSONAL INJURY/WRONGFUL DEATH
Husband drowned in house as a result of Hurricane Katrina
Mental distress / High blood pressure / Depression over lost.

11. WITNESSES — (none listed)

12. AMOUNT OF CLAIM (in dollars)
- 12a. PROPERTY DAMAGE: $150,000.00
- 12b. PERSONAL INJURY: $50,000.00
- 12c. WRONGFUL DEATH: $1,000,000.00
- 12d. TOTAL: $1,250,000.00

13a. SIGNATURE OF CLAIMANT: Josephine Richardson
13b. Phone number: 504-245-7537
14. DATE OF SIGNATURE: 2/25/07

07N15T
0054159

RECEIVED FEB 27 2007

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

NRL033-0261

EXHIBIT
RICHARDSON

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?
☑ 
☐ No
Full Coverage ☐
Deductible ☑

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

NRL033-0262



CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA
CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

NRL033-0263

# STATE OF LOUISIANA

THIS RECORD IS VALID FOR DEATH ONLY

**IMPORTANT:** 126100
STATE OF LOUISIANA
**DELAYED CERTIFICATE OF DEATH**

2005 43 629

BIRTH No. 526291 FILE No. 117

| Field | Entry |
|---|---|
| Decedent name | Richardson, Sr., Joseph |
| Sex | Male |
| Race | Black |
| Marital status | Married |
| Spouse | Josephine Lona |
| Date of birth | March 31, 1928 |
| Age | 77 |
| Birthplace | New Orleans, Louisiana |
| Occupation | Salesman |
| Industry | Self Employed |
| SSN | 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 |
| Place of death | 1321 Egania Street, New Orleans, Orleans, Louisiana |
| Residence | 1321 Egania Street, New Orleans, Orleans, Louisiana 70117 |
| Father | Richardson, Andrew (unknown) |
| Mother | Scott, Mary (unknown) |
| Informant | Lucille Richardson, 4734 Lac St. Pierre Drive, Heavey, LA 70058 |
| Disposition date | 3/25/06 |
| Cemetery | Providence Memorial Park, New Orleans |
| Funeral Director | Tharp Sontheimer, 1600 N. Causeway Blvd, Metairie, LA 70001 |
| License | 2559 / E 2445 |
| Registrar | 265229 Jefferson 3/24/06 Mary Young |

Date of death: on or about Aug 29, 2005, unknown
Cause: Hurricane Katrina — Drowning
Place: Home, 1321 Egania Street, New Orleans, LA

Certifier: ORLEANS PARISH CORONER'S OFFICE
Frank Minyard M.D., Coroner, 2612 Martin Luther King Blvd, NOLA 70113
Signed: Max Minyard M.D. 4-18-06

**Cause of Death:**
Hurricane Katrina Related Death
Asphyxia due to drowning

DEC 0 5 2006

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S.40:32. ET SEQ.

Darlene W. Smith
**ACTING STATE REGISTRAR**

CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION CIVIL ACTION NO. 05-4182 "K" (2)

NRL033-0264

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.: 06-9246                                           DIVISION " "

JOSEPHINE RICHARDSON, INDIVIDUALLY AND ON BEHALF
OF HER DECEASED HUSBAND, JOSEPH RICHARDSON

VERSUS                                          SECTION 12

BOH BROS. CONSTRUCTION CO., LLC, WASHINGTON GROUP
INTERNATIONAL, INC., BOARD OF COMMISSIONERS FOR THE
ORLEANS LEVEE DISTRICT. ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, THE CITY OF NEW ORLEANS and
SEWERAGE AND WATER BOARD OF NEW ORLEANS ("SWB")

FILED: _____       _____
                                             DEPUTY CLERK
*************************************************************************

### PETITION FOR DAMAGES, WRONGFUL DEATH AND SURVIVAL ACTION WITH TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes the plaintiff, JOSEPHINE RICHARDSON, individually and on behalf of the decedent, JOSEPH RICHARDSON, who brings this action on behalf of herself and on behalf of the decedent, Joseph Richardson, a person of the full age of majority and resident of Orleans Parish, State of Louisiana, who with respect represents the following:

1.

Made defendants herein are:

a) BOH BROS. CONSTRUCTION COMPANY, LLC, a Louisiana Limited Liability Company doing business within the Parish of Orleans, State of Louisiana;

b) WASHINGTON GROUP INTERNATIONAL, INC., a non-Louisiana corporation, f/k/a Morrison Knudsen Corporation, f/k/a MK-Ferguson Company, f/k/a The H. K. Ferguson Company, authorized to do and doing business in the State of Louisiana, and in the Parish of Orleans, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana;

c) BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, a political subdivision of the State of Louisiana organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limit;

d) ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign


EXHIBIT
Richardson
15

insurance company, authorized to do and doing business within the State of Louisiana, who at all times relevant herein had in full force and effect a policy of liability insurance, under the terms, provisions, and conditions of which it assumed liability for the acts and/or negligence of its insured, and against whom complainants assert their claim under the Louisiana Direct Action Statute, LA. R.S. 22:655.

e) THE CITY OF NEW ORLEANS, at all times material hereto the owner of the levees and the Industrial Canal, and the party with care, custody, control and garde of the canals and levees;

f) SEWERAGE AND WATER BOARD OF NEW ORLEANS, a political subdivision of the State of Louisiana created by LA. R.S. 33:4071, et seq., domiciled in the Parish of Orleans, State of Louisiana and which has the ability to sue and be sued.

2.

The defendants are liable, jointly, severally, and in solido to the plaintiff in an amount determined to be appropriate by the trier of fact in this matter.

3.

At 6:10 a.m. on August 29, 2005 Katrina made landfall near Grand Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border. At 8:00 a.m. on August 29, 2005, there was water on both sides of the Industrial Canal and by 9:00 a.m. there was six (6) to eight (8) feet of water in the Lower Ninth Ward and at some time on or about August 29, 2005, decedent drowned in his home.

4.

Water began to inundate other parts of the City as well. At 2:00 p.m., city officials publicly confirmed the reason for the water was a breach in the 17th Street Canal flood wall reported to be two city blocks wide, and breaks in the London Avenue Canal as well as the Industrial Canal.

5.

News reports initially indicated seven (7) different breaks in the levee surrounding the City, however it now appears that breaks occurred in the levees/flood walls in six (6) places along three canals- the 17th Street Canal, the London Avenue Canal and the Industrial Canal. A Time magazine report on September 2, 2005 concluded that it is possible that the levees just did

not work the way they were supposed to and that congressional investigators, experts and some Army Corps. Of Engineers officers suggested that the failure might have been caused by leaks in the barriers which might mean the levees had been poorly constructed or maintained. Thus, complainants aver upon information and belief that their damages are a result of improper and/or negligent design, construction, and maintenance of the levees and/or flood walls by various contractors and engineers, and/or the weakening of the levees and/or flood walls was caused by the negligence of various contractors while engaged in various other activities along the canals.

7.

The levee flood walls are constructed with an "I-wall" design. The U.S. Army Corps. of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 states for stability reasons, flood walls utilizing the "I-wall" design rarely exceed seven (7) feet above ground surface and that an inverted "I-wall" design is used when walls higher than seven (7) feet are required.

8.

The evidence indicates that the storm surge did not top the flood walls and that none of the levee/flood walls experienced storm forces exceeding, or even equaling the Category 3 forces for which they were allegedly designed. Indeed, because the eye-wall of the storm passed dozens of miles east of the city, the maximum sustained winds that would have impacted Lake Pontchartrain were only ninety-five (95) miles per hour, sixteen (16) miles per hour less then the one hundred and eleven (111) mile per hour minimum for winds in a category 3 storm.

9.

Even though only Category 2 forces impacted the lake, and even though the evidence indicates that the flood walls were not overtopped, the levees/flood walls failed allowing water from Lake Pontchartrain through the 17th Street Canal, the London Avenue Canal, and the Industrial Canal into New Orleans and Metairie.

10.

In the aftermath of the storm it was estimated that approximately eighty (80) % of the city was under water, and that losses from the hurricane are estimated to be as high as $200 billion with insured losses estimated at upwards of $50 million.

11.

The above described death was caused by the negligence of defendants, through it

agents and employees in the following particulars:

12.

Upon information and belief, Defendant, WASHINGTON GROUP INTERNATIONAL, INC. contracted to level and clear abandoned industrial sites along the Industrial Canal between the flood wall and the canal. It is believed that the use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal between the flood wall and the canal damaged the levee and/or flood wall and caused and/or contributed to the above mentioned breach in the levee and/or flood wall.

13.

Upon information and belief, Defendant, BOH BROS. CONSTRUCTION CO., LLC. contracted to install casings, test piles, and reaction piles along the Industrial Canal between December of 1999 and May of 2000. It is believed that the use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal damaged the levee and/or flood wall and caused and/or contributed to the above mentioned breach in the levee and/or flood wall.

14.

Upon information and belief, Defendant, BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT are negligent in that:

a) The Orleans Levee District has the full and exclusive right, jurisdiction, power and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, sea walls, jetties, breakwaters, water basins and other works in relation to such projects, and to conduct all dredging operations necessary in connection therewith or incidental thereto along, over and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans, and along and on the shore adjacent to the lake and along the canals connected therewith;

b) The 17th Street, London Avenue Canal and Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish and are within the jurisdiction and control of the Orleans Levee District;

c) Upon information and belief, the Orleans Levee District never tested whether the design, construction, or maintenance of the 17th Street Canal, London Avenue Canal or Industrial Canal levee systems were adequate, proper and within standards;

d) The Orleans Levee District was legally charged with the obligation,

jurisdiction, power and authority to enure the proper construction, maintenance and design of the levees and flood walls along the 17th Street Canal, the London Avenue Canal and the Industrial Canal to protect Orleans Parish from flooding;

e) The Orleans Levee District's failure to ensure the adequacy of the 17th Street Canal, the London Avenue Canal and the Industrial Canal's levees' and flood walls' design, composition, construction, and maintenance constituted negligence subjecting it to liability for all resulting damages. Further, the levees and flood walls were within the exclusive care, custody, control and garde of the Orleans Levee District, and said levees and flood walls contained vices and defects which were known or should have been known to the Orleans Levee District strictly liable in accordance with LA. C.C. Arts. 2317 and 2317.1

f) On or about September 11, 2004, a New Orleans Public Belt Railroad Train derailment caused a thirty- two and a half foot wide (32.5 ' wide) gap in floodgate W-30 which is part of the flood wall system situated immediately west of and running in north-south direction parallel to the Industrial Canal, just north of the Interstate 10 high rise.

g) Floodgate W-30 is a floodgate within the flood control system under the authority, control and administration of the Orleans Levee District.

h) Defendant herein, the Board of Commissioners of the Orleans Levee District, filed suit against the City of New Orleans, by and through the New Orleans Public Belt Railroad Commission, CSX Transportation, Inc. and the Burlington Northern and Sante Fe Railroad Company on December 3, 2004 in the Civil District Court for the Parish of Orleans, No. 2004-17143, Division "F", for damages to the floodgates arising from the derailment;

i) On December 14, 2004, the New Orleans Public Belt Railroad paid the Orleans Levee District Four hundred, twenty-seven thousand, three hundred, eighty-seven dollars and ninety-six cents ($427,387.96), the full estimated cost of reconstruction of Floodgate W-30.

j) Despite having been paid $427,387.96 on December 14, 2004, the full estimated cost of reconstruction of Floodgate W-30, the Orleans Levee District, by its negligence, failed for eight and a half (8 ½) months to repair the floodgate, leaving only sandbags to fill the gap of the missing gate as Hurricane Katrina approached on August 29, 2005.

k) As a direct and proximate result of the Orleans Levee District's negligence, complainants sustained damages that include but are not limited to destruction and contamination

of property, mental anguish, emotional distress, inconvenience, loss of use of property, loss of property value, loss of income, loss of profits, loss of business opportunity and fear of future injury.

15.

Upon information and belief, Defendant, CITY OF NEW ORLEANS is negligent in that:

a) The City of New Orleans is the owner of the land along, over and on the shores, bottom and bed of Lake Pontchartrain, in the Parish of Orleans and along and on the shores adjacent to the lake and along the canals connected therewith, and therefore have the care, custody, control and garde of said land including the levees, embankments, sea walls, jetties, breakwaters, water basins and other works.

b) The 17th Street Canal, the London Avenue Canal and the Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish and are part of the land owned and in the care, custody, control and garde of the City of New Orleans.

c) Upon information and belief, the levees and flood walls located on the land owned by the City of New Orleans as described above contained vices and defects which were known or should have been known to the City of New Orleans, thus rendering the City of New Orleans strictly liable in accordance with La. C.C. Arts. 2317 and 2317.1.

16.

Upon information and belief, Defendant, THE SEWERAGE AND WATER BOARD OF NEW ORLEANS is negligent in that:

a) The Sewerage and Water Board of New Orleans had at all times relevant hereto the care, custody, control and garde of the land along, over and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans and along and on the shores adjacent to the lake and along the canals connected therewith;

b) The 17th Street Canal, the London Avenue Canal and the Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish and are part of the land owned and in the care, custody, control and garde of the Sewerage and Water Board of New Orleans;

c) Upon information and belief, the levees and flood walls in the garde of the Sewerage and Water Board of New Orleans as described above contained vices and defects

which were known or should have been known to the Sewerage and Water Board of New Orleans, thus rendering the Sewerage and Water Board of New Orleans strictly liable in accordance with La. C.C. Arts. 2317 and 2317.1.

    d) In addition, based upon information and belief, during the work done by the Sewerage and Water Board of New Orleans in 1988, the Sewerage and Water Board of New Orleans removed existing sheet pilings supporting flood walls and replaced said sheet pilings with new pilings. After completion of the work the levees and flood walls contained vices and defects in addition to those existing prior to the work, all said vices and defects being known or should have been known to the Sewerage and Water Board of New Orleans, thus rendering the Sewerage and Water Board of New Orleans strictly liable in accordance with La. C.C. Arts. 2317 and 2317.1.

17

Plaintiff prays for a trial by jury as the amount in controversy exceeds $50,000.00.

18.

Josephine Richardson avers that as a direct result of the aforementioned accident and negligence of the defendants, she has sustained damages in the following respects in her own right and on behalf of her deceased husband, Joseph Richardson:

- Wrongful death of Joseph Richardson;

- Loss of love and affection of her husband;

- Loss of consortium;

- Loss of enjoyment of life for husband and wife;

- Loss of economic and emotional support;

- Any and all survival action due Joseph Richardson for his pre-death intensive pain and suffering that could have been avoided, and

- Any and all others that may be revealed between now and the time of trial.

19.

Petitioner, Josephine Richardson is the surviving spouse of Joseph Richardson and as a consequence of said relationship brings this wrongful death and survival action claim and alleges that she is entitled to appropriate compensation to be determined by the jury in this matter for the demise of Joseph Richardson, inclusive of the elements of loss of love and affection, as well as to be compensated for the wrongful death and survival action of Joseph

Richardson, for the physical pain and suffering and mental anguish and distress he suffered before his death.

WHEREFORE, considering the foregoing, petitioner prays that defendants be served with a copy of this Petition and duly cited to appear and answer same, and that after due proceedings be had there be judgment herein in favor of petitioner and against defendants, in an amount sufficient to compensate petitioner for all damages with interest from the date of judicial demand until paid, for costs of these proceedings, and for any and all other acts of legal and equitable relief deemed proper by this honorable court.

Respectfully Submitted,

THE CALUDA LAW FIRM

ROBERT J. CALUDA LSBA #: 3804
3232 Edenborn Avenue
Metairie, Louisiana 70002
Telephone: (504) 586-0361

PLEASE SERVE:

BOH BROS. CONSTRUCTION COMPANY, LLC.
Through its agent for Service of Process:
Michael G. Cullen
12203 Airline Hwy.
Baton Rouge, LA 70817

WASHINGTON GROUP INTERNATIONAL, INC.,
Through its agent for Service of Process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT
Through its Agents for Service of Process:
Michael McCrossen and James Huey
6920 Franklin Avenue
New Orleans, LA 70122

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
Through Registered Agent:
Secretary of State

THE CITY OF NEW ORLEANS
Through the Mayor of New Orleans:
Ray Nagin
1300 Perdido Street
New Orleans, LA 70112

SEWERAGE AND WATER BOARD OF NEW ORLEANS ("SWB")
Through its Director:
Marcia St. Martin
625 St. Joseph Street, Room 237
New Orleans, LA 70165