# EXHIBIT 19

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |

| | | | |
|---|---|---|---|
| *Boutte v. Lafarge* | **05-5531** | * | |
| *Mumford v. Ingram* | **05-5724** | * | |
| *Lagarde v. Lafarge* | **06-5342** | * | **JUDGE** |
| *Perry v. Ingram* | **06-6299** | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge* | **06-7516** | * | |
| *Parfait Family v. USA* | **07-3500** | * | **MAG.** |
| *Lafarge v. USA*_____ | **07-5178**_____ | * | **JOSEPH C. WILKINSON, JR.** |
| | | * | |

## RESPONSES TO REQUESTS FOR ADMISSIONS
## PROPOUNDED BY THE BARGE ENTITIES

**NOW COME** respondents, through undersigned counsel, who respond as follows:

## GENERAL OBJECTIONS

A.       Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure.  Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

B.       Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective.  It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response.  In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding.  Records may have been

1

misfiled, lost or simply not retained.  And even after diligent search through those places that the information would likely exist, the information may not be located.  Therefore, whenever Plaintiffs respond to a request asking for "each," "all," "every," or similarly broad adjective, Plaintiffs cannot warrant that each, all, or every bit of information has been located or determined.  Plaintiffs can only warrant that a reasonably diligent inquiry or search for the requested information has been made, and that the response is the result of that reasonably diligent inquiry or search.  To the extent any request purports to require more, Plaintiffs object on the grounds that compliance would be unduly burdensome and expensive and would call for speculation.

C.      Plaintiffs object to the requests to the extent they are either not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

D.      Plaintiffs object to the requests to the extent they are overly broad and unduly burdensome.

E.      Plaintiffs object to the requests to the extent that they exceed the scope of admissible discovery.

F.      Plaintiffs object to the requests to the extent that they are vague and ambiguous.

G.      Plaintiffs object to the requests as going beyond the permissible limits allowed pursuant to the Federal Rules of Civil Procedure.

H.      Plaintiffs object to the requests that seek information readily available to Defendant in the public domain.

I.      These general objections are applicable to and are hereby incorporated into Plaintiffs' responses below as if specifically set forth therein and are on a continuing basis and may not be reiterated in response to each Interrogatory that does or may call for disclosure or production of objected to information.


## GENERAL RESPONSE AND RESERVATIONS

As used herein, the term "named class representative plaintiffs" means the following named plaintiffs:

Ethel Mae Coleman Mumford
Josephine Long Richardson
Jimmie Donnell Harris
Kismit Bourgere
Michael Joseph Riche
Jacob Robert "Bob" Glaser

2

Dianne Glaser
Herman Koch
Aida Koch
Rico Terrence Sutton

As used herein, the term "named individual non-representative plaintiffs" means the following named plaintiffs who are not currently named as class representatives:

Marie Short Benoit
Henry Adams
Gwendolyn Adams
John Alford
Jerry Alford
Michael Watts
Robert Green, Sr.
Jonathon Green
David Green, individually and as the representative of the Estate of Joyce
     H. Green
Everage Green, individually and as representative of the Estate of Shanai
     Green, as as the natural tutor of Shaniya Green and Shamiya Green
Hyman Sheppard
Earl Matthew Daniels, Sr.
Joyce B. Matthews
Mildred Delores Dean
Ethel Leon
Karen Leon
Joyce Daniels
Myrna Daniels, in her individual capacity and as natural tutrix of Keina
     Daniels
Tom Browder
Albertine Browder
Gaynell Browder
Blair Boutte
Doris Shanks
Herbert Warren, Jr.
Marenthia Lagarde
Michael Lagarde
Donald Pritchett
Jocelyn Moses
Anthony Dunn
Jocelyn Carter
One or more persons named in the matter entitled "*The Parfait Family, et
     al v. United States of America, et al,*" Civil Action No. 07-3500.

All of the responses hereto are made on behalf of all named class representative plaintiffs except where specifically indicated otherwise.

Plaintiffs are in the process of obtaining answers as to the named individual non-representative plaintiffs, working through their counsel, and will supplement these responses to include their responses as soon as possible.

All responses reflect te best efforts of counsel and the persons responding, in light of loss of much information during the events subject of suit.  The plaintiffs responding reserve the right to supplement and amend any and all of the following in light of new information as discovery, class certification preparation and trial preparation progress.

## REQUEST FOR ADMISSION NO. 1:

For each plaintiff individually: Admit that you did not see the barge before it broke away from its moorings or during the time before it passed through the floodwall.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted, as to all named class representative plaintiffs.

## REQUEST FOR ADMISSION NO. 2:

For each plaintiff individually: Admit that you did not see or hear the barge strike the retaining wall.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to all named class

representative plaintiffs, except denied as to Rico Terrence Sutton, who heard the barge strike.

**REQUEST FOR ADMISSION NO. 3:**

For each plaintiff individually: Admit that you did not see the barge in the Lower Ninth Ward before noon on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to all named class representative plaintiffs, except denied as to Rico Terrence Sutton, who saw the barge in the Lower Ninth Ward before noon on August 29, 2005.

**REQUEST FOR ADMISSION NO. 4:**

For each plaintiff individually: Admit that the barge did not make physical contact with your person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

_____Subject to and without waiver of any objections, admitted as to all named class
representative plaintiffs..

**REQUEST FOR ADMISSION NO. 5:**

For each plaintiff individually: Admit that the barge did not make physical contact with your residence or personal property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

_____Subject to and without waiver of any objections, admitted as to all named class representative plaintiffs.

## REQUEST FOR ADMISSION NO. 6:

Admit that at all times prior to 8:00 a.m. on the morning of August 29, 2005, the center of Hurricane Katrina was south and east of New Orleans.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Admitted, as of 5:30 A.M.

Admitted, that the center of Hurricane Katrina was East of New Orleans prior to 8:00 A.M.

Plaintiffs can neither admit nor deny the request as to whether the center of Hurricane Katrina was South of New Orleans at the times between 5:30 A.M. and 8:00 A.M. because, in spite of a reasonably diligent search for the precise location of the center of Katrina at these times, plaintiffs have not yet found a map or plot or other data showing the latitude of the center during these times.

Plaintiffs are continuing to search for a map or plot or other data showing this information, and will supplement this response if they obtain this information.

## REQUEST FOR ADMISSION NO. 7:

Admit that the Northern Breach on the Industrial Canal (i.e., nearer Florida Avenue) occurred before the Southern Breach (i.e., nearer Claiborne Avenue).

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

6

_____Admitted.

## REQUEST FOR ADMISSION NO. 8:

Admit that there was more than a foot of water in the Lower Ninth Ward at or near Jourdan Avenue at the time that the barge passed through the IHNC retaining wall from the canal.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

_____Plaintiffs object on the grounds of vagueness and ambiguity in that the request does not specify an area of Jourdan Avenue, which runs the entire length of the eastern floodwall between Florida and N. Claiborne Avenues, nor does it specify a time, nor which breach is to be addressed in response, nor is the request specific as to whether "passed through" is to be construed as partial passage, or passage of the entire barge.

Subject to and without waiver of the objection, plaintiffs state the following:

William Villavasso, the Sewerage and Water Board pump operator on duty at the time, stated in his deposition that until the barge hit the floodwall at the North breach and protruded partially through this breach, there was little water in the street, which he described as "nothing the pumps couldn't handle."  Plaintiffs cannot admit or deny whether there was more than a foot of water.  This breach caused sudden and violent flooding that did not exist before.

At the time of the Southern breach, plaintiffs admit that there was some quantity of water at or near Jourdan Avenue, and admit that there was more than a foot of water at least a block away from Jourdan Avenue.

## REQUEST FOR ADMISSION NO. 9:

Admit that the retaining wall on the east side of the IHNC was breached in at least one

location before the barge made contact with the wall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

_____Plaintiffs object on the grounds of irrelevance, overbreadth, vagueness and ambiguity in that the request does not specify which of the many contacts between the barge and the wall was intended by the question: the contact that made the North breach, the series of contacts involving the barge scraping along the floodwall, or the contact that made the South breach.  Further, plaintiffs object in that  the present litigation concerns only breaches in the eastern IHNC floodwall between North Claiborne and Florida Avenues, and flooding whose western boundary is the eastern IHNC floodwall between Florida Avenue and the Mississippi River.

Subject to and without waiver of any objections, and as to the eastern floodwall between the Florida Avenue Bridge and the Mississippi River, the request is denied in part and admitted in part.

Denied, in that there were no breaches known to plaintiffs until the barge caused the North breach.

Admitted, in that the North breach existed at the time that the barge caused the South breach.

Plaintiffs are unaware of any breaches in the eastern IHNC floodwall south of N. Claiborne Ave., and therefore are unable to admit or deny concerning such area.

**REQUEST FOR ADMISSION NO. 10:**

Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 6:10 a.m. on the morning of August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

_____Plaintiffs cannot admit or deny this request, because there is conflicting evidence as to the time at which the North breach was caused by the barge, and it was that breach that caused the flooding to the rooftops of the first homes in the Lower Ninth Ward so flooded on the morning of August 29, 2005.

**REQUEST FOR ADMISSION NO. 11:**

Admit that there was flooding to the rooftops of at least some homes in the Lower Ninth Ward before 7:45 a.m. on the morning of August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Admit that barges struck floodwalls during Hurricane Katrina without causing the walls to be breached.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

_____Plaintiffs can neither admit nor deny the request for lack of sufficient, conclusive information so as to permit a response.  Plaintiffs do not know whether other barges struck any floodwalls.

**REQUEST FOR ADMISSION NO. 13:**

Admit that floodwalls breached during Hurricane Katrina without having been struck by barges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that flooding due to levee and floodwall breaches would have occurred in the proposed class area whether or not the barge had broken free from its moorings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

_____Plaintiffs object to this request in that the term "flooding" is not defined, and the request cannot be answered without an adequate definition.

Subject to and without waiver of any objections, plaintiffs state the following:

Admitted in part and denied in part if the term "flooding" is intended to refer to a small amount of water, in that there was some water in the streets, at a level the pumps could handle, before the barge caused the North breach and much more massive flooding occurred as a result, but denied in that plaintiffs do not know if rainwater or some minor opening in the levee or floodwall had put that water in the streets.

Denied if the term "flooding" is intended to refer to a large amount of water, in that there was no water exceeding what the pumps could handle before the barge caused the North and/or South breaches.

Plaintiffs also object to this request in that it requires speculation that there would have been levee and floodwall breaches in the absence of the action of the barge.

**REQUEST FOR ADMISSION NO. 15:**

Admit that experts unaffiliated with LNA have concluded the barge did not cause the Southern Breach of the IHNC floodwall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

_____Plaintiffs cannot admit or deny this request, because plaintiffs do not yet know which experts have been retained or consulted by LNA or any affiliates.

10

**REQUEST FOR ADMISSION NO. 16:**

Admit that no experts, other than those retained by plaintiffs or their counsel, have concluded that the barge caused the IHNC floodwall breach(es).

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

_____Denied, in that Professor Bea has opined that the barge caused the IHNC floodwall breach(es), and that other experts not retained by plaintiffs or their counsel have preliminarily concluded that this was at least a possibility.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Terry Adams has been convicted of a felony.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 18:**

Admit that LNA employees replaced mooring lines between the barge ING 4727 and the ING 4745 and placed one or more additional lines between the ING 4727 and ING 4745 on August 27, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 19:**

Admit that six of the seven barges that had been moored at the LNA facility prior to Katrina did not break away during the storm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

_____Denied, in that the five barge tier may have partially broken from their moorings,

11

allowing them to swivel, as depicted in aerial photographs in the possession of all parties.

**REQUEST FOR ADMISSION NO. 20:**

Admit that barges other than the ING 4727 broke away from their moorings during Katrina from locations other than the LNA terminal on the IHNC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

_____Plaintiffs object on the grounds of irrelevance and overbreadth in that other breakaways are not the subject of this litigation, and on the grounds that the request requires Plaintiffs to speculate or assume that any such other barges were moored, and to speculate or assume as to the manners in which any such barges were moored, and to speculate or assume that they broke away from their moorings.

Subject to and without waiver of any objections, and subject to revision upon discovery of contrary information, plaintiffs can only admit that some other barges that had not been at the LNA terminal were found loose after Hurricane Katrina.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the USCG Port Contingency Plan is not a statute and not a regulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

_____Plaintiffs object to this request in that it calls for a pure conclusion of law as to the degree of deference to be accorded the USCG Port Contingency Plan, whether it is authorized by statute, and whether it has the force of law.  Accordingly, the request is outside the scope of Rule 36.

Subject to and without waiver of the objection, Denied, in that the relevant parts of the USCG Port Contingency Plan incorporate elements of Coast Guard regulations having the force of law, and that all parts at least establish a standard of care.

### REQUEST FOR ADMISSION NO. 22:

Admit that New Orleans was under a mandatory evacuation order as of Sunday morning, August 28, 2005.

### RESPONSE TO REQUEST FOR ADMISSION NO. 22:

_____Admitted, that the Mayor of New Orleans issued a mandatory evacuation order at 10:00 A.M. on Sunday, August 28, 2005, while simultaneously recognizing and declaring that not all residents would be able to evacuate the area in compliance with the order.

### REQUEST FOR ADMISSION NO. 23:

Admit that it is your contention that proposed class members' claims in this case exceed $10,000.00 per person.

### RESPONSE TO REQUEST FOR ADMISSION NO. 23:

_____Admitted.

### REQUEST FOR ADMISSION NO. 24:

Admit that the contributing negligence of a plaintiff or class member is an individual rather than a common issue.

### RESPONSE TO REQUEST FOR ADMISSION NO. 24:

_____Plaintiffs object to this request in that it calls for a pure conclusion of law, and is outside the scope of Rule 36.

_____Subject to and without waiver of any objections, the request is denied, as maritime law governing fault and liability is classwide in application.

### REQUEST FOR ADMISSION NO. 25:

To be answered by plaintiffs who did not evacuate: Admit that during the week prior to

August 29, 2005, you owned or had access to a motor vehicle capable of transporting you away from the Lower Ninth Ward or St. Bernard Parish.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

_____Admitted as to class representative plaintiff Jimmie Harris, who, as a member of the United States Army and New Orleans Fire Department, was stationed at Children's Hospital, and was not authorized to evacuate.

Admitted as to class representative plaintiff Rico Terrence Sutton, who stayed to protect his property.

All other named class representative plaintiffs evacuated prior to the storm.

**REQUEST FOR ADMISSION NO. 26:**

Admit that some members of the proposed class elected to stay in the Lower Ninth Ward or St. Bernard Parish during Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that plaintiffs' and class members' properties were affected by water from more than one floodwall or levee breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

_____Admitted, in that some plaintiffs' and class members' properties were flooded by water from both the North and South breaches of the IHNC, and that all plaintiffs' and class members' properties were affected by the loss of city services such as electricity and clean  water, sanitation services, law enforcement, etc., preventing the normal uses of plaintiffs' property and stemming

14

from more than one breach.

### REQUEST FOR ADMISSION NO. 28:

Admit that the degree to which a particular floodwall breach contributed to the damage suffered at a given location in the proposed class area is different at different locations within that area.

### RESPONSE TO REQUEST FOR ADMISSION NO. 28:

_____Plaintiffs object to this request as improper under Rule 36 because it involves expert analyses that may differ.

Subject to and without waiver of any objections, plaintiffs are unable to admit or deny this request, because the evidence of experts may show that damage from the South breach alone may have been sufficient to destroy the entire value of the property in the class area.

### REQUEST FOR ADMISSION NO. 29:

Admit that causation of personal injury is an individual rather than a common issue.

### RESPONSE TO REQUEST FOR ADMISSION NO. 29:

_____Denied as to this litigation, in that no personal injury would have occurred in the absence of the North and South breaches caused by the barge, and even hypothetical contributory negligence of class members is not a defense to liability or damages under maritime law.

### REQUEST FOR ADMISSION NO. 30:

Admit that damages is an individual rather than a common issue.

### RESPONSE TO REQUEST FOR ADMISSION NO. 30:

_____Denied as to this litigation, in that no injury of any kind would have occurred in the absence of the North and South breaches caused by the barge, and even hypothetical contributory

negligence of class members is not a defense to liability or damages under maritime law.

**REQUEST FOR ADMISSION NO. 31:**

_____Admit that some proposed class members have filed SF-95 forms.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that some proposed class members have chosen to sue other entities for flood-related damages and have not included the barge in their suits.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories. Upon information and belief, there are at least hundreds of plaintiffs who have filed suit, their addresses are often not stated in their Complaints, and plaintiffs have no ready means of determining which persons are class members and which are not. Plaintiffs object to this request because it is irrelevant.

Subject to and without waiver of any objections, admitted that some class members have filed insurance claims.

**REQUEST FOR ADMISSION NO. 33:**

Admit that there are conflicts between proposed class counsel in the Katrina case and proposed class counsel in this case regarding the proper legal strategy to pursue on behalf of the proposed classes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

16

_____Plaintiffs object on the grounds of vagueness and ambiguity in that the intended distinction between "the Katrina case" and "this case" is unknown. In other words, following deconsolidation and transfer, this case *is* the Katrina case, as far as responding plaintiffs are aware.

Plaintiffs further object in that the term "conflict" is not defined, and it is impossible to respond without knowing whether defendants intend the term to mean a factual disagreement, a legal disagreement, a personal conflict, or an issue conflict or representational conflict within the meaning of ethical requirements.

Plaintiffs further object in that the request calls for disclosure of attorney mental impressions, calls for speculation as to legal strategies held by other attorneys, calls for speculation and legal conclusions as to what constitutes a conflict within the meaning of the request.

Subject to and without waiver of the objection, the request can be neither admitted nor denied due to lack of sufficient information.

**REQUEST FOR ADMISSION NO. 34:**

Admit that plaintiffs "will not be permitted to recover more than once for the same damages" - i.e., if they are compensated for the destruction of their property in one action then they "probably cannot receive money in another action for this same loss." (See www.bargecase.com).

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

_____Plaintiffs object in that the request is ambiguous as to whether it incorporates the assumption that the compensation received in one action fully compensates the plaintiff for all of

17

the loss claimed in the second action.

Plaintiffs also object in that the request calls for a legal conclusion concerning apportionment and set-off, concerning the collateral source doctrine, rights of recoupment and subrogation, discretionary decisions whether to recoup or subrogate, and calls for speculation. The request is further objected-to as an inaccurate and partial representation of a sentence found at said website, which sentence constitutes only a cautionary statement, not an admission, waiver or relinquishment of any rights.

Subject to and without waiver of any objections, the request is denied.

**REQUEST FOR ADMISSION NO. 35:**

Admit that "whether this suit proceeds as a class action" depends on "several factors" including "location" as represented by plaintiffs' counsel to the public on www.bargecase.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

_____Admitted, in that the class definition includes a specification of the class area based on geography, topography, expert analysis, and other factors.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the proposed representative plaintiffs, through counsel, made a conscious decision not to pursue damages from the United States government or any local government entity in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

_____Plaintiffs object in that the request contains a presumption that damages are available from government entities in this action.  Plaintiffs object further in that the request does not specify which "counsel" is intended., i.e., BARGE PSLC counsel, other BARGE plaintiff

18

counsel, MRGO PSLC or counsel, casual advice from attorneys not counsel of record in any of the pending actions, etc.   Plaintiffs further object in that the request requires respondents to speculate about persons' state of mind.  Subject to and without waiver of objections, the request is denied, as those representative plaintiffs who wished to assert claims against governmental entities have done so,  without any involvement of, or encouragement or discouragement by, undersigned.

**REQUEST FOR ADMISSION NO. 37:**

Admit that members of the proposed class who lost their homes in Hurricane Katrina have an interest in individually controlling the prosecution of claims seeking recompense for the destruction of their homes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Admitted in part, in that all class members have some degree of interest, no matter how small, in individually controlling the prosecution of their claims.

Also admitted in part, in that all class members who do not opt out pursuant to a future Rule 23(c) Notice and Opportunity to Opt Out have exercised their individual interest and control of their claims by electing to pursue their claims in common with other class members, in this class action.

Denied in part, in that no class members have amounts at stake that would justify the enormous expense of individual litigation against defendants.

**REQUEST FOR ADMISSION NO. 38:**

Admit that extensive litigation, other than the above-captioned cases, has been commenced by members of the class seeking recompense for flood-related damage sustained

19

during Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

_____Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories. Upon information and belief, there are at least hundreds of plaintiffs who have filed suit, their addresses are often not stated in their Complaints, and plaintiffs have no ready means of determining which persons are class members and which are not. Without this information, plaintiffs cannot determine whether any such litigation of any such class member is "extensive" within defendant's unstated meaning of this term. Plaintiffs also object to this request because it is irrelevant.

Subject to and without waiver of any objections, admitted that some class members have filed insurance claims and that at least some persons may consider insurance litigation in regard to Hurricane Katrina and the barge as extensive.

**REQUEST FOR ADMISSION NO. 39:**

Admit that one or more proposed class members seek to recover repair, remediation, or restoration costs that exceed the fair value of their properties before Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

_____Plaintiffs object on the grounds of vagueness and ambiguity, in that the request does not state whether it concerns claims made in this case or in some other unspecified case against some other unspecified defendant, and insofar as the request calls for speculation as to fair market value, a matter subject to expert opinion as to classwide losses or damages.

Subject to and without waiver of any objections, denied that this litigation seeks damages

for property damage in excess of repair, remediation, restoration, or replacement costs, interest

on the injuries, the expenses of alternative housing or business placement, lost income, or lost

profit.

**REQUEST FOR ADMISSION NO. 40:**

 Admit that the proposed class includes individuals or entities who were damaged or

injured, in whole or in part, because of rain or wind related to Hurricane Katrina passing near

New Orleans on or about August 28, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

 _____Plaintiffs object on the grounds of irrelevance in that no wind or rain damage caused

significant loss to any plaintiff, compared with the damage caused by ING 4727.  No wind or rain

damage flooded the home of any class member to the roof, or destroyed the home or business of

any class member.

 Subject to and without waiver of any objections, the request is admitted to the extent that

some proposed class members had property that was damaged to some degree, no matter how

small, by rain or wind; denied to any further extent of damage by rain or wind, and denied that

this litigation is based upon claims arising from such damage.

**REQUEST FOR ADMISSION NO. 41:**

 Admit that the proposed class includes individuals who were damaged or injured, in

whole or in part, because of looting or other criminal activity following Hurricane Katrina.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

 _____Objection in that the request is vague and ambiguous, calls for speculation, legal

conclusions as to criminality, and on the grounds of irrelevance.  The request is not reasonably

Case 2:05-cv-04182-SRD-JCW   Document 13738-4   Filed 07/08/2008   Page 22 of 26

calculated to lead to discovery of admissible evidence because no incidence of looting or post-hurricane criminal activity caused the flooding of any homes or businesses, which is the destruction upon which this action is based.  Further, "other criminal activity" is not sufficiently defined.  Further, "following Hurricane Katrina" is vague in that the inception of such time period is undetermined, and because of the open-ended nature of the time period.   Plaintiffs can neither admit nor deny as to unknown criminal occurrences perpetrated by unknown criminals by unknown means at unknown times.

## REQUEST FOR ADMISSION NO. 42:

Admit that the proposed class includes individuals or entities whose property was damaged, in whole or in part, by water that came through breaches other than the southern breach of the IHNC floodwall through which the barge passed.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42:

_____Admitted.

## REQUEST FOR ADMISSION NO. 43:

Admit that the proposed class includes individuals or entities whose residences or businesses had pre-existing, unrepaired damage when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

## RESPONSE TO REQUEST FOR ADMISSION NO. 43:

_____Plaintiffs object in that the request calls for speculation, is overly broad and unduly burdensome in that it covers all prior damage, no matter how trivial, including a crack in a floorboard or a small chink in a window, even though the property was fit for habitation or business before defendants' actions with respect to the barge, and was completely unfit for

habitation or business thereafter.

Subject to and without waiver of any objections, admitted as to the existence of some properties with some prior damage, no matter how trivial.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the proposed class includes individuals or entities that filed insurance claims for property damage that was caused by wind or rain on August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

_____Admitted.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the proposed class includes individuals or entities that do not have clear title to the real property they claim was damaged when Hurricane Katrina passed near New Orleans on or about August 29, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

_____Plaintiffs object in that the request calls for speculation and pure conclusions of law as to unstated facts, and is accordingly outside the scope of Rule 36.

Subject to and without waiver of any objections, admitted in that the proposed class includes renters.

**REQUEST FOR ADMISSION NO. 46:**

[On behalf of Zito entities only]: Admit that other than Edward Busch's testimony that he called and left a voice mail message with Zito on the morning of August 27, 2005, you are not aware of any other facts or information to show that Zito had notice during the period August 27, 2005 through August 29, 2005 that Barge ING 4727 was ready for pickup from LaFarge North

America, Inc.'s facility.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

_____Denied, pending further discovery and investigation.

**REQUEST FOR ADMISSION NO. 47:**

[On behalf of Zito entities only]: Admit that notwithstanding Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005, Mr. Busch did not expect Zito to pickup Barge ING 4727 from LaFarge North America, Inc.'s facility before Hurricane Katrina struck New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

_____Objection in that the request calls for speculation and assessment of Mr. Bush's credibility and state of mind.

**REQUEST FOR ADMISSION NO. 48:**

[On behalf of Zito entities only]: Admit that after Edward Busch allegedly left a voice mail message with Zito on the morning of August 27, 2005, Zito did not have the means to pickup Barge ING 4727 from LaFarge North America, Inc's facility before Hurricane Katrina struck New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

_____Denied, in that Zito continued to conduct operations.

**REQUEST FOR ADMISSION NO. 49:**

[On behalf of Zito entities only]:Admit that you are aware of no witness, testimony, records or other evidence to corroborate Edward Busch's testimony that he left a voice mail message with Zito on August 27, 2005.

## RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Denied, pending further discovery and investigation.

Respectfully Submitted by
Counsel for Group A,

**WIEDEMANN & WIEDEMANN**

\s\Lawrence D. Wiedemann_____
LAWRENCE D. WIEDEMANN, (13457)
KARL WIEDEMANN, (18502)
KAREN WIEDEMANN, (21151)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Attorneys for Plaintiffs

**LAW OFFICE OF BRIAN A. GILBERT**

\s\Brian A. Gilbert
BRIAN A. GILBERT (21297)
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Attorney for Plaintiffs

And

\s\Patrick J. Sanders_____
PATRICK J. SANDERS
Attorney at Law
3316 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504) 834-0646

25

Attorney for Plaintiffs


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via ECF Upload, U.S. Mail, first class postage prepaid and properly addressed, and/or via facsimile and/or electronic mail, this 28 day of December, 2007.

\s\Brian A. Gilbert