# EXHIBIT 27

Westlaw                                                                    NewsRoom

3/28/08 NOTPCN 7                                                           Page 1

```
3/28/08 Times-Picayune 7
2008 WLNR 5897369

                      New Orleans Times Picayune
    Copyright 2008 The Times-Picayune Publishing Corporation.  All Rights Reserved.
                      Used by NewsBank with Permission.

                              March 28, 2008

                         Section: METRO - EDITORIAL

                        The   search   for   title

                              Jarvis DeBerry
```

Real estate attorney Malcolm A. Meyer wants it to be understood that the 2005 hurricanes did not create the title problems associated with "heirship property" in Louisiana. How to establish clear title for property that may be considered jointly owned by a great number of siblings or cousins is a problem the Louisiana Legislature could have justifiably tackled years ago.

However, the upheaval of Hurricanes Katrina and Rita and the subsequent creation of the Road Home program have made it easier to understand what a handicap it is to not have clear title to one's home and to see just how pervasive the problem is. A Road Home applicant can't get repair dollars and can't take a buyout if he or she can't prove ownership.

Meyer has written an article for the Louisiana Bar Journal urging the Legislature to devise new rules that make it easier and cheaper for heirs to become the officially recorded owners of property. He suspects that for some heirs to property the cost of going through a succession -- or the fear that such a legal proceeding might prod assessors into upping the value of that property -- is a financial disincentive to making their ownership official.

If everyone in the family is in agreement that the person living in the house owns it, why go through all the legal rigamarole? The Road Home program is a big reason why. Granted, people making long-ago decisions not to go through the legal process could not have foreseen such a program and the documents it would require. Because they couldn't, it has taken lawyers such as Meyer, often working pro bono, to get certain homeowners to the point where they are eligible to receive a Road Home grant.

Meyer points out in the article that for the Road Home program, it's impossible to resolve title issues en masse. "Ultimately the solution for each family is such a one-to-one approach, as there are many issues which can only be solved on an individual attorney-client basis," he said.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Unfortunately, before Kathleen Blanco left as governor, her administration said it did not have the $500,000 or so it would have taken to provide legal assistance to Road Home applicants who don't have clear title to their property.

That would have been an uncharitable position to take even if that same administration didn't go on to give the lousy manager of the Road Home program a $156 million contract increase. But because Blanco's administration gave the generally loathed ICF International extra money, it's especially galling that nobody could find the money to help individual homeowners with title problems.

Yes, it will cost some money, but not a lot, and it is in the public's best interest that it be spent. If most of the homeowners on a given block have repaired their homes and two or three homes can't be repaired because the applicant couldn't prove ownership, the neighborhood suffers.

The applicant couldn't sell the home because of that title problem. Neither could the applicant borrow against the value of the home to make repairs. The unclear title would make it impossible.

That's an argument for helping Road Home applicants get clear title, but even if all such applicants were assisted, Meyer argues that Louisiana would still need to figure out a way to make it easier for heirs of property to show ownership.

Mississippi has recently passed legislation making it permissible to use an "heirship affidavit" to establish ownership, and Meyer suggests that Louisiana study what happens now in that state. If there's ever legislation that makes the transfer of property easier, it must at the same time include enough security measures so that property can't be fraudulently taken, Meyer said.

This issue is as complex as it is, he said, because our laws put real estate, regardless of its value, in a class of its own. It is easier to receive the benefits of a $1 million life insurance policy than it is to inherit a $50,000 house, he said. The former takes nothing but the stroke of a pen.

"Why can you do it for $1 million," he said, "but you can't do it for $50,000?"

. . . . . . .

Jarvis DeBerry is an editorial writer. He can be reached at (504) 826-3355 or at jdeberry@timespicayune.com.

---- INDEX REFERENCES ----

REGION:   (USA (1US73); Americas (1AM92); Louisiana (1LO72); North America (1NO39))

Language:  EN

OTHER INDEXING:   (HURRICANES KATRINA; LEGISLATURE; LOUISIANA; LOUISIANA BAR JOURNAL; LOUISIANA LEGISLATURE)   (Blanco; Jarvis DeBerry; Malcolm A. Meyer; Meyer;

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

```
Mississippi)

Word Count: 836
3/28/08 NOTPCN 7
END OF DOCUMENT
```

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.