UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO:  INSURANCE,<br>     Abadie I, No. 06-5164<br>     Aaron, No. 06-4746<br>     Bass, No. 07-1870<br>     Hebert, No. 07-1784<br>     Everhardt, No. 07-1787<br>     Perrier, No. 07-3387<br>     Davis, No. 07-3403<br>     Michael, No. 07-3409<br>     Fernandez, No. 07-3430<br>     Thornton, No. 07-3459<br>     Smith, No. 07-3833<br>     Aguilar, 07-4852<br>     Allen, 07–5111<br>     Abadie II, No. 07-5112<br>     Rush, No. 08-709 | JUDGE DUVAL<br>MAG. WILKINSON |

**REPORT AND RECOMMENDATION**

The court held a hearing on the record concerning the referenced cases on November 6, 2008, in which counsel for all parties appeared and participated. Plaintiffs' claims in these cases against defendant insurance companies concern coverage under homeowner's insurance policies for damage to each plaintiff's property in the New Orleans, Louisiana, area during Hurricane Katrina in August 2005. However, plaintiffs' claims in the referenced cases are duplicative of claims asserted by the same plaintiffs

concerning the same property in the other cases described below, which are also pending in this court or have already been settled and dismissed with prejudice.

In all of the cases, counsel appeared at the November 6, 2008 hearing and either produced discharge letters from clients for one or the other; came to an agreement on who would proceed and who would withdraw; or agreed that both would represent plaintiff.

In addition, plaintiffs' counsel in two of the referenced cases, Hebert, No. 07-1784, and Everhardt, No. 07-1787, a few days ago filed motions to dismiss these cases with prejudice in the consolidated litigation. Record Doc. No. 16276, 16277. Those motions were marked deficient by the Clerk of Court. As discussed in open court with plaintiffs' counsel, rather than making them re-file their deficient motions, the court should dismiss these two duplicative cases without prejudice now, for the reasons discussed below.

When a party has filed separate lawsuits concerning the same core facts, the district court in which the later action was filed may dismiss or stay the later suit.

> As a general rule, the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. The first-to-file rule is grounded in principles of comity and sound judicial administration. Its concern is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result. This concern applies where, as was the case here, related cases are pending between two judges in the same district.

Carter v. Nicholson, No. 07-20169, 2007 WL 3316086, at *4 (5th Cir. Nov. 8, 2007) (quotation omitted) (citing Save Power Ltd. v. Synteck Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728-31 (5th Cir. 1985)).

The referenced cases are pending before the same district and magistrate judges in this district. Accordingly, some of the concerns cited by the Fifth Circuit do not apply, but the concern about duplicative litigation does apply. Therefore, under the first to file rule, this court may dismiss the later filed action when the earlier filed action is still pending. In addition, the court may dismiss without prejudice cases that are duplicative of other cases that have already been settled and dismissed with prejudice.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiffs' claims in Harold and Stacy Hebert v. State Farm Fire and Casualty Company, C.A. No. 07-1784, be **DISMISSED WITHOUT PREJUDICE** as duplicative of their claims in James Allen et al. v. State Farm Fire and Casualty Company, C.A. No. 07-5111, because their claims have already been settled and have been or will be dismissed with prejudice in Allen.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims in JoAnn Everhardt v. State Farm Fire and Casualty Company, C.A. No. 07-1787, be **DISMISSED WITH PREJUDICE** as duplicative of JoAnn Everhardt v. State Farm Fire and Casualty

Company, Civil Action No. 07-2638, which has already been settled and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims in Gloria Perrier v. Allstate Insurance Company, C.A. No. 07-3387, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiff's claims in Susan Abadie et al. v. Aegis Security Insurance Company et al., C.A. No. 07-5112 (Abadie II), so that plaintiff's claims may proceed on the settlement track ongoing in Abadie II.

**IT IS FURTHER RECOMMENDED** that plaintiffs' claims in Sandra and Brian Davis v. Allstate Insurance Company, C.A. No. 07-3403, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Aaron v. AIG Centennial Insurance Company, C.A. No. 06-4746, so that plaintiffs' claims may proceed on the settlement track ongoing in Aaron.

**IT IS FURTHER RECOMMENDED** that plaintiffs' claims in Joseph M. Michael and Janet Felix v. Allstate Insurance Company, C.A. No. 07-3409, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Connie Abadie et al. v. Aegis Security Insurance Company et al., C.A. No. 06-5164 (Abadie I), so that plaintiffs' claims may proceed on the settlement track ongoing in Abadie I.

**IT IS FURTHER RECOMMENDED** that plaintiffs' claims in Allen Fernandez v. Allstate Insurance Company, C.A. No. 07-3430, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiff's claims in Joseph Aguilar III et al. v. Alea London Limited et al., C.A. No. 07-4852, so that plaintiff's claims may proceed on the settlement track ongoing in Aguilar.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims in Dianne Thornton v. Allstate Insurance Company, C.A. No. 07-3459, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiff's claims in Abadie II, C.A. No. 07-5112, so that plaintiff's claims may proceed on the settlement track ongoing in Abadie II.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims in Barbara Rush v. Republic Fire and Casualty Insurance Company, C.A. No. 08-709, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiff's claims in Abadie I, C.A. No. 06-5164, so that plaintiff's claims may proceed on the settlement track ongoing in Abadie I.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims in D'Andrea Bass and Troylynn Bass v. State Farm Fire and Casualty Company, C.A. No. 07-1870, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims (under the name of Troylynn Toney) in James Allen et al. v. State Farm Fire and

Casualty Company, C.A. No. 07-5111, so that plaintiff's claims may proceed on the settlement track ongoing in Allen.

**IT IS FURTHER RECOMMENDED** that plaintiffs' claims in Ada and Anthony Smith v. Standard Fire Insurance Company et al., C.A. No. 07-3833, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Aaron v. AIG Centennial Insurance Company, C.A. No. 06-4746, so that plaintiffs' claims may proceed on the settlement track ongoing in Aaron.

**IT IS FURTHER RECOMMENDED** that the stay in Abadie I, C.A. No. 06-5164, be temporarily lifted for the limited purpose that the claims of plaintiffs Asif Gafur and Aliya Asif against Allstate Insurance Company in Abadie I, C.A. No. 06-5164, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Asif Gafur et al. v. Allstate Insurance Company, C.A. No. 07-3406, so that plaintiffs' claims may proceed in C.A. No. 07-3406.

**IT IS FURTHER RECOMMENDED** that the stay in Abadie II, C.A. No. 07-5112, be temporarily lifted for the limited purpose that the claims of plaintiffs Aloma and William Shelton against Allstate Insurance Company in Abadie II, C.A. No. 07-5112, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Aloma and William Shelton v. Allstate Insurance Company, C.A. No. 07-3412, so that plaintiffs' claims may proceed in C.A. No. 07-3412.

**IT IS FURTHER RECOMMENDED** that the stay in Abadie II, C.A. No. 07-5112, be temporarily lifted for the limited purpose that the claims of plaintiff Vivian Watson against Allstate Insurance Company in Abadie II, C.A. No. 07-5112, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Vivian Watson v. Allstate Insurance Company, C.A. No. 07-3462, so that plaintiffs' claims may proceed in C.A. No. 07-3462.

**IT IS FURTHER RECOMMENDED** that the stay in Aaron v. AIG Centennial Insurance Company, C.A. No. 06-4746, be temporarily lifted for the limited purpose that the claims of plaintiff Jason Williams against Homesite Insurance Company in Aaron, C.A. No. 06-4746, be **DISMISSED WITHOUT PREJUDICE** as duplicative of the same plaintiffs' claims in Jason Williams v. Homesite Insurance Company, C.A. No. 07-4021, so that plaintiffs' claims may proceed in C.A. No. 07-4021.

**IT IS FURTHER RECOMMENDED** that the stay in Abadie I, C.A. No. 06-5164, be temporarily lifted for the limited purpose that the claims of plaintiff Gloria Calhoun against Allstate Insurance Company in Abadie I, C.A. No. 06-5164, be **DISMISSED WITH PREJUDICE** as duplicative of the same plaintiff's claims in Gloria Calhoun v. Allstate Insurance Company, C.A. No. 06-6145, which has already been settled and dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __17th__ day of November, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE