UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE<br>    Abadie, 07-5112 | JUDGE DUVAL<br>MAG. WILKINSON |

************

| | |
|---|---|
| MERCEDES LATAPIE ET AL. | CIVIL ACTION |
| VERSUS | NO. 08-4497 |
| HORACE MANN INSURANCE COMPANY | SECTION "K" (2) |

## REPORT AND RECOMMENDATION

The referenced Abadie case was originally filed on August 29, 2007 by hundreds of plaintiffs, including Mercedes Latapie and Walter Latapie, and was docketed under the name of Susan Abadie et al. v. Aegis Security Insurance Company et al., C.A. No. 07-5112 (known in the consolidated litigation as "Abadie II"). The Abadie II case was consolidated with the Katrina Canal Breaches Consolidated Litigation on September 7, 2007, Record Doc. No. 4 in C.A. No. 07-5112, and was administratively closed on October 25, 2007. Record Doc. No. 6 in C.A. No. 07-5112. It is one of about two dozen

cases in the consolidated litigation that has been separately managed by the court during the past several months as an "Insurance Mass Joinder" case.

The claims of Mercedes and Walter Latapie against defendant, Horace Mann Insurance Company, in the referenced <u>Abadie II</u> case, concerning coverage under plaintiffs' homeowner's insurance policy for damage to their property at 2811 Jackson Blvd., Chalmette, Louisiana, during Hurricane Katrina in August 2005, are duplicative of claims also asserted by these same plaintiffs concerning the same property at 2811 Jackson Blvd., Chalmette, Louisiana, in a case that was originally filed in state court on August 25, 2006 and was removed to this court on October 26, 2006, where it was docketed as <u>Christopher Weiser et al. v. Horace Mann Insurance Company et al.</u>, C.A. No. 06-9080"I"(5). Record Doc. No. 1 in C.A. No. 06-9080"I"(5). The presiding district judge in the <u>Weiser</u> case, C.A. No. 06-9080, recently granted a motion to sever the claims of the two groups of plaintiffs in that case and ordered the Latapies to file an amended complaint that would be assigned a new case number. Record Doc. No. 1-3 in C.A. No. 06-9080"I"(5). The amended complaint was docketed as <u>Mercedes and Walter Latapie v. Horace Mann Insurance Company</u>, C.A. No. 08-4497"I"(5). The presiding district judge then transferred the Latapies' new case, C.A. No. 08-4497, to Section "K"(2) because of its relationship to <u>Abadie II</u>. Record Doc. No. 3 in C.A. No. 08-4497.

When a party has filed separate lawsuits concerning the same core facts, the district court in which the later action was filed may dismiss or stay the later suit.

> As a general rule, the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.  The first-to-file rule is grounded in principles of comity and sound judicial administration.  Its concern is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result.  This concern applies where, as was the case here, related cases are pending between two judges in the same district.

Carter v. Nicholson, No. 07-20169, 2007 WL 3316086, at *4 (5th Cir. Nov. 8, 2007) (quotation omitted) (citing Save Power Ltd. v. Synteck Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728-31 (5th Cir. 1985)).

The instant Abadie II and Latapie cases are pending before the same district and magistrate judges in this district.  Accordingly, some of the concerns cited by the Fifth Circuit do not apply, but the concern about duplicative litigation does apply.  Therefore, under the first to file rule, this court may dismiss the later filed action, which in this peculiar instance (as to the claims as they have been re-constituted in this case) is the claim asserted in Abadie II.

On November 6, 2008, I conducted a call docket/show cause hearing in the captioned consolidated litigation to address, case by case, the problem of duplicate filings

3

of the same claims and duplicate representation of parties in those cases presented by numerous member cases in the consolidated litigation. The duplicate filings and representation of the Latapies were among the cases addressed at that hearing. Joseph M. Bruno, counsel for the Latapies in Abadie II, stated that he has conferred with Bruce Feingerts, counsel for the Latapies in C.A. No. 08-4497, and that the lawyers and Latapies have agreed that Mr. Bruno and Mr. Feingerts will jointly represent plaintiffs in these actions. I therefore directed Mr. Bruno to enroll as additional counsel of record in C.A. No. 08-4497 and stated that I would recommend dismissal without prejudice of the duplicative claims in Abadie II, so that these claims might proceed toward resolution in C.A. No. 08-4497.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the stay in Susan Abadie et al. v. Aegis Security Insurance Company et al., C.A. No. 07-5112, be temporarily lifted and that the claims of Mercedes Latapie and Walter Latapie in that case be **DISMISSED WITHOUT PREJUDICE** as duplicative of the claims asserted in Mercedes and Walter Latapie v. Horace Mann Insurance Company, C.A. No. 08-4497, which remains pending and active in this court.

**IT IS FURTHER RECOMMENDED** that C.A. No. 08-4497 remain on the docket of Section "K"(2) of this court and that the Case Manager of Section K be

directed to schedule and conduct a scheduling conference, so that the separate <u>Latapie</u> case may be set for trial.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __17th__ day of November, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE