UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K(2)" |
| | * | |
| PERTAINS To: | * | |
| SEVERED MASS JOINDER CASES | * | |
| | * | |
| AARON, 06-4746 | * | |
| AGUILAR, 07-4852 | * | |
| | * | |
| | * | |
| | * | |
| WINSTON AARON, SR., ET AL | * | CIVIL ACTION NO.: 06-4746 |
| | * | |
| VERSUS | * | SECTION "K(2)" |
| | * | |
| AIG CENTENNIAL INSURANCE CO. | * | |
| | * | |
| | * | |
| | * | |
| JOSEPH AGUILAR, III, ET AL | * | CIVIL ACTION NO.: 07-4852 |
| | * | |
| VERSUS | * | SECTION "K(2)" |
| | * | |
| ALEA LONDON LTD., ET AL | * | |

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT**

MAY IT PLEASE THE COURT:

    In September 2006 Auto Club Family Insurance Company ("ACFIC")[1] received a letter

---

1     Auto Club Family Insurance Company is sometimes mistakenly referred to as "AAA".

of representation from Bruno & Bruno, LLP, on behalf of its client, Darlynn Mason (Exhibit A) asserting a claim for hurricane damage to property located at 11050 Harrow Road, New Orleans, Louisiana 70127.  No lawsuit was filed.  In February 2007 representatives of Bruno & Bruno, LLP and ACFIC mediated Mason's claim and reached an agreement of compromise, subject to the approval Ms. Mason.  A formal agreement embodying those terms was signed by a representative of ACFIC on March 12, 2007, and tendered to Ms. Mason through her attorney along with the agreed upon settlement amount. On December 7, 2007 Ms. Mason agreed to those terms, accepted the payment and signed the Settlement Agreement And Partial Release in the presence of a Notary Public and two witnesses (Exhibit B).

Under the terms of the agreement, ACFIC agreed to pay Mason the sum of $43,500.00 "in full and final settlement of all of Policyholder's claims against ACFIC, excepting those claims that are subject to the Reservation of Rights described in Section III, above". (Exhibit B, page 3, Section IV.).  In that agreement, Mason reserved the right to seek further recovery from ACFIC under two theories.  First, for damage proximately caused to her property by floodwaters which breached levees and levee walls in and around the City of New Orleans due to the defective construction, design or maintenance of the MRGO, or otherwise caused by a negligent act, which damage Mason contended was not excluded in the ACFIC policy, as contended by plaintiffs in *Gladys Cheacherdy, et al v. Louisiana Insurance Commissioner Jay Robert Wooley,*

*et al,* Civil Action Nos. 06-1672, 06-1673, and 06-1674, consolidated under *In re: Katrina Canal Breaches Consolidated Litigation,* Civil Action No. 05-4182 Section "K"; and for recovery of the face value stated in the ACFIC policy for a total loss of the dwelling, pursuant to LSA-R.S. 22:695, Louisiana's Valued Policy Law, as contended by plaintiffs in *Genevieve Williams, et al v. State Farm Fire & Casualty Co., et al,* Civil Action No. 06-2919, Section "B", both of which cases were pending in the United States District Court for the Eastern District of Louisiana.

In August 2006 Jim S. Hall & Associates filed *Winston Aaron Sr., et al v. AIG Centennial Ins. Co., et al*, No. 06-4746 on behalf of several hundred property owners who sustained damages as a result of Hurricane Katrina, against a large number of insurance companies who had issued various types of policies on the plaintiffs' properties.  Darlynn Mason is one of the plaintiffs named in the First Supplemental and Amending Complaint filed in *Aaron* on August 29, 2006 (Doc. 2).  ACFIC is one of the defendant insurers in that case.

On August 28, 2007, Jim S. Hall & Associates filed the *Aguliar* suit, No. 07-4852, also on behalf of several hundred plaintiffs, including Darlynn Mason, against most of the same insurance companies who were named in *Aaron*, including ACFIC.

The causes of action alleged and the damages claimed in the two cases are essentially identical.  On November 21, 2006 *Aaron* was consolidated into the Insurance Umbrella of the *In re: Katrina Canal Breaches Consolidated Litigation,* No. 05-4182 (Doc. 107) and on March 27,

2007 it was administratively closed (Doc. 108).  On September 25, 2007 *Aguliar* was also consolidated under the Insurance Umbrella of Civil Action No. 05-4182 (Doc. 3); and, as part of that umbrella, was stayed along with all other cases under that umbrella (Doc. 9227). Accordingly, for purposes of permitting this motion to be filed and passed on by the court, ACFIC has simultaneously moved for an order re-opening *Aaron* and lifting the stay in *Aguliar*.

On or about August 11, 2008 it came to Mover's attention that the Darlynn Mason who is identified as a plaintiff in both the *Aaron* and *Aguliar* cases, was the same Darlynn Mason whose claims under policy number P12956981 had previously been compromised and settled, with the exception of the two claims which were expressly reserved as mentioned hereinabove.  This fact was called to the attention of Mason's counsel, Joseph W. Rausch, and Mr. Rausch was provided with a copy of the Settlement Agreement and Partial Release.  Based on that settlement and on the fact that the two claims which had been expressly reserved had subsequently been found invalid, as a matter of law, ACFIC requested that Mason's claims in both suits be voluntarily dismissed.  Those dismissals have not been filed, despite follow up reminders and requests to plaintiff's counsel.

Louisiana substantive law controls the interpretation of an insurance policy issued in Louisiana for property located in this state.  *In re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 206 (5th Cir. 2007).  Under Louisiana law, a compromise is a contract whereby the parties

settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. Civ. Code Art. 3071. In order to be binding, a compromise must be in writing or recited in open court (La. Civ. Code Art. 3072), and it settles only those differences that the parties clearly intended to settle (La. Civ. Code Art. 3076). A properly confected compromise has the force of a definitive judgment and precludes the parties from bringing a subsequent action based on the matter that was compromised. La. Civ. Code Art. 3080; *Stanley v. Trinchard,* 500 F.3d 411, 430 (5th Cir. 2007). The Settlement Agreement and Partial Release executed by Darlynn Mason and ACFIC conforms to the requirements of the Civil Code and effected the release and complete discharge of all claims which Ms. Mason may have had under policy number P12956981, except for the two claims which were expressly reserved.

The first of the two reserved claims had to do with the water damage/flood exclusion of the policy. Whatever doubt about the efficacy of that provision which may have existed at the time that the settlement agreement was entered into was definitive clarified by *Sher v. Lafayette Ins. Co.*, 988 So.2d 186 (La. 2008) and *In re: Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191, 214 (5th Cir. 2007), which found such exclusion valid and enforceable.

The second claim reserved by Mason concerned the interpretation and application of the Louisiana Valued Policy Law, and whether or not it permitted recovery for the full face value of the policy when the property was not rendered a total loss by a covered peril. That question has

been answered by *Chauvan v. State Farm Fire & Casualty Co.,* 495 F.3d 232 (5th Cir. 2007); and *Turk v. Louisiana Citizens Property Ins. Corp.,* 281 Fed.Appx. 262, 2008 WL 2228854 (C.A. 5(La.)), which hold that the valued policy law cannot be construed so as to require an insurer to pay its policy limit when the insured property was rendered a total loss, in whole or in part, by a non-covered peril, such as floodwaters.  Consequently, based upon subsequent, definitive rulings, as a matter of law Mason cannot recover under either of the claims which she reserved.

Accordingly, Auto Club Family Insurance Company moves the Court for summary judgment dismissing, with prejudice, all claims brought against it by Darlynn Mason in both *Winston Aaron, Sr., et al v. AIG Centennial Ins. Co., et al,* No. 06-4746 and in *Joseph Aguliar, III, et al v. Alea London Ltd., et al,* No. 07-4852.

**Respectfully submitted,**

**UNGARINO & ECKERT L.L.C.**

**/s/  MATTHEW J. UNGARINO**
**MATTHEW J. UNGARINO (#15061)**
*DAVID I. BORDELON (#16815)*
**3850 North Causeway Boulevard, Suite 1280**
**Metairie, Louisiana  70002**
*Telephone:  (504) 836-7531*
*Facsimile:   (504) 836-7538*
**Email:        dbordelon@ungarino-eckert.com**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, properly addressed and first class postage prepaid, on November 17, 2008.

/s/ MATTHEW J. UNGARINO