**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br>Boutte v. Lafarge, No. 05-5531<br>Mumford v. Ingram, No. 05-5724<br>Lagarde v. Lafarge, No. 06-5342<br>Perry v. Ingram, No. 06-6299<br>Benoit v. Lafarge, No. 06-7516<br>Parfait Family v. USA, No. 07-3500 | CIVIL ACTION<br><br>NO. 05-4182 "K" (2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |

**ORLEANS LEVEE DISTRICT LAKE BORGNE BASIN LEVEE DISTRICT AND THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**MAY IT PLEASE THE COURT:**

The Orleans Levee District (the "OLD"), the Lake Borgne Basin Levee District(the "LBBLD) and the Board of Commissioners of the Port of New Orleans (the "Port") respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for Class Certification (Doc. 15549), adopting in large measure Lafarge North America Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Lafarge's Memorandum"), filed with this Honorable Court on this same date in connection with the above-captioned matters.[1]

---

[1] The OLD, the LBBLD and the Port adopts Lafarge's Memorandum, except to the extent that it addresses whether the barge had anything to do with the IHNC breaches and/or that adjudicating plaintiffs' claims will necessarily entail apportioning liability among Lafarge and the various third-party defendants named in Lafarge's third-party claims.  Further, on page 55 of

More specifically, the OLD, the LBBLD and the Port adopts the following arguments advanced and discussed in detail in Lafarge's Memorandum: (1) plaintiffs' Motion does not satisfy all four elements of Rule 23(a), including the facts that (a) plaintiffs' claims are not typical; (b) plaintiffs are inadequate representatives, and (c) the class is not ascertainable; (2) plaintiffs cannot show that common issues predominate over individual issues, including the facts that (a) class certification is disfavored in mass tort cases, (b) individual issues exist with regard to negligence, (c) causation presents highly individualized issues, (d) the existence and extent of damages presents highly individualized issues, (e) individual causation and damages issues predominate over common issues, and (f) bifurcation would not render common issues predominant; and (3) plaintiffs cannot show that class action adjudication is superior to adjudication of individualized claims, including the facts that (a) individual class members have a strong interest in controlling their claims, (b) other litigation demonstrates that no class action is needed, (c) concentration of litigation in a single forum is a neutral factor, and (d) this case is not manageable as a class action.

**WHEREFORE,** for the reasons set forth in Lafarge's Memorandum, which the Orleans Levee District, the Lake Borgne Basin Levee District and the Board of Commissioners of the Port of New Orleans adopts in large measure,[2] the aforementioned

---

(continued…)

Lafarge's memorandum, in footnote 133, Lafarge states that it believes plaintiff's have elected to proceed under admiralty jurisdiction and waived a jury trial. These third party defendants' disagree with this statement

[2] Again, the OLD, the LBBLD and the Port adopts Lafarge's Memorandum, except to the extent that it addresses whether the barge had anything to do with the IHNC breaches and/or that

third party defendants' respectfully requests that this Honorable Court deny plaintiffs' Motion for Class Certification.

Dated:  November 17, 2008

                                Respectfully submitted,

                                /s/ Thomas P. Anzelmo_____
McCRANIE, SISTRUNK, ANZELMO,
   HARDY, MAXWELL & McDANIEL
Thomas P. Anzelmo, P.A. - #2533
Mark E. Hanna - #19336
Kyle P. Kirsch - #26363
Andre J. Lagarde - #28649
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
TELEPHONE:  (504) 831-0946
FACSIMILE:  (504) 831-2492

and

LABORDE & NEUNER
Ben L. Mayeaux - #19042
James L. Pate - # 10333
Gregory A. Koury - #26364
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
TELEPHONE:  (337) 237-7000
FACSIMILE:  (337) 233-9450
Attorneys for the ORLEANS LEVEE
DISTRICT


/s/ Joseph E. Bearden_____
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
Joseph Edward Bearden - #26188
3838 N. Causeway Blvd., Suite 2900

---

(continued…)

adjudicating plaintiffs' claims will necessarily entail apportioning liability among Lafarge and the various third-party defendants named in Lafarge's third-party claims.

3

        Metairie, Louisiana 70002
        TELEPHONE:  (504) 832-3700
        FACSIMILE:  (504) 837-3119
        Attorneys for the LAKE BORGNE
        BASIN LEVEE DISTRICT


        /s/ Kirk N. Aurandt_____
        J. FREDRICK KESSENICH (7354)
        JONATHAN H. SANDOZ (23928)
        MICHAEL W. MCHAHON(23987)
        JON A. VAN STEENIS(27122)
        KIRK N. AURANDT(25336)
        P.O. Box 5350
        Covington, Louisiana 70434-5350
        Telephone: (985)871-0800
        Facsimile: (985)871-0899
        Attorneys for the BOARD OF COMMISSIONERS
        OF THE PORT OF NEW ORLEANS

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2008, a copy of the above and foregoing **Orleans Levee District, Lake Borgne Basin Levee District and Board of Commissioners of the Port of New Orleans Memorandum in Opposition to Plaintiffs' Motion for Class Certification** was filed electronically with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

        s/ Thomas P. Anzelmo_____
        McCRANIE, SISTRUNK, ANZELMO,
           HARDY, MAXWELL & McDANIEL
        3445 N. Causeway Boulevard, Ste. 800
        Metairie, Louisiana 70002
        TELEPHONE:  (504) 831-0946
        FACSIMILE:  (504) 831-2492
        E-MAIL:  tpa@mcsalaw.com