UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 "K"(2) |
| PERTAINS TO: ROAD HOME *Louisiana State*, C.A. No. 07-5528 | * * * | JUDGE DUVAL |
| | * * | MAGISTRATE WILKINSON |

*************************************************************************

**MEMORANDUM IN SUPPORT OF
THE STATE OF LOUISIANA'S
MOTION TO SEVER AND REMAND
SUBROGATED CLAIMS TO STATE COURT**

MAY IT PLEASE THE COURT:

The State of Louisiana, through the Honorable James D. "Buddy" Caldwell, Attorney General for the State of Louisiana, individually and on behalf of the State of Louisiana, Division of Administration, and Office of Community Development (the "State"), submits this memorandum in support of its Motion to Sever and Remand Subrogated Claims to State Court, and for the reasons that follow, the State respectfully requests this Honorable Court grant its motion and remand all claims in which the State has closed a Road Home grant and received an executed Subrogation Agreement to state court for further proceedings.

1

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 29, 2005, the Southeastern portion of the State of Louisiana, including the Greater New Orleans Metropolitan area, was struck and devastated by Hurricane Katrina. Nearly a month later, Hurricane Rita hit Southwest Louisiana causing comparable catastrophic losses. Damages to businesses and homes in these areas were unprecedented, with damages estimated to be in the tens of billions of dollars. In excess of one hundred thousand homes were either damaged or destroyed by these two storms, with over one million citizens of the State affected and/or displaced.

In order to assist homeowners in their efforts to rebuild their homes and their lives, the State developed The Road Home Program. The Road Home Program is the single largest housing recovery program in U.S. history. Its objective is clear: Provide compensation to Louisiana homeowners affected by Hurricanes Katrina or Rita for damage to their homes or primary residence.

Under the Program, homeowners submit an application for a grant. Grants are awarded for damage to the applicant's primary residence only. Once an application is approved, an applicant attends a closing where the grant is awarded. As part of that process, each applicant—now a recipient of the Program—is required to execute a document titled Limited Subrogation/Assignment Agreement ("Subrogation Agreement"). The Subrogation Agreement assigns the State the entire recipient's right to any insurance policy proceeds up to the amount of the grant awarded. The State also obtains an assignment of any penalties claims arising from any claim the recipient may have against any insurer for damages to the primary residence.

Since its inception, the Program has received 185,106 applications. As of November 10, 2008, 155,406 persons have been determined to be eligible applicants for a grant. The State has closed 119,563 applications and obtained a Subrogation Agreement. The State has disbursed approximately $7.3 billion dollars in state money, with an average award of $61,344 per recipient. (See Table 1 below).[1]

Table 1

THE ROAD HOME PROGRAM
Homeowner Program Statistics
As of November 10, 2008

| | |
|---|---|
| Total Applications Recorded to Date: | 185,106 |
| Eligible Applicants: | 155,406 |
| Total Closed: | 119,563 |
| Amount of Awards Disbursed: | $7.3 Billion |
| Average Award Disbursed: | $61,344 |

*Source: www.road2la.org*

In August 2007, the State filed suit against a number of property and casualty insurance companies (e.g., homeowner policies) in state court to recover all state monies expended under the Road Home Program that should have been paid by the defendant insurers under the terms of the policies they provided to the Program's recipients. The suit was styled as a class action, and filed to principally interrupt pending statute of

---

[1] The State represents that recent change in the eligibility requirements has led to an increase of those applicants who have and will be approved. The State is scheduled to close an additional 6,000 grants in the next couple of weeks. The State is on track to finalize nearly all, if not all, applications by the end of the year. As such, the Road Home Program homeowners' section is virtually complete.

limitation/prescription issues looming and threatening to terminate the State's rights to recover its money in the future for applicants who had not closed their Road Home grant and executed a Subrogation Agreement. The Insurance Company Defendants subsequently removed that case to this Court, where it was consolidated under the Court's Katrina Litigation Umbrella.

The State timely filed a motion to remand. The Court denied the State's motion to remand, and an appeal was taken to the United States Fifth Circuit, Court of Appeal. On April 11, 2008, the Fifth Circuit issued its decision affirming this Court's denial of the State's motion to remand; however, the Fifth Circuit noted the State's sovereign right to seek to recover its own money from the Insurance Company Defendants in its own state courts. *In re: Katrina Canal Litigation Breaches, State of Louisiana v. AAA Insurance, et al*, 08-30145, 524 F.3d 700 (5th Cir. 4/11/08). The Fifth Circuit expressly stated:

> *We trust that given our caution in this matter of state sovereignty, the district court will explore the possibility of returning Louisiana to the state court while retaining the class suit*—perhaps with new class representatives drawn from its membership. We express no opinion regarding either the permissible or the practicable segmenting of this case. We make these observations against the backdrop of the settled power of the district courts. We will affirm the decision not to remand and will remand the case to the district court. That court is the able manager of this complex litigation and we will not extend these appellate hands into that endeavor.

Id. at 712 (emphasis added).

Consistent with the Fifth Circuit's decision, the State respectfully suggests that the time is right to sever all claims in which a Subrogation Agreement has been executed and remand that portion of this action to state court for further proceedings. Of utmost importance, the State notes that at the time this action was filed, the State had only closed

4

approximately 45,000 Road Home applications. As noted in Table 1, *infra*, the State has closed nearly 120,000 and expended $7.3 billion in state monies. The homeowners' portion of the Road Home Program is nearing its end. Additionally, many central issues relating to all of the claims expressed in the State's action and in the other actions comprising the Court's Katrina Umbrella have been resolved. Accordingly, the State suggests that the time is right to sever the State's claims for recovery under the Road Home Subrogation Agreements and to remand those claims to state court. The remaining claims can be easily consolidated and absorbed in the Umbrella and be incorporated in the Master Consolidated Insurance Complaint, to the extent those claims are not already included in that filing.

## II. THE COURT HAS THE DISCRETION TO SEVER THE SUBROGATED ROAD HOME CLAIMS

It is well-settled law in the Fifth Circuit that this Court has the discretion to sever the State's subrogated claims and remand those claims to state court. Federal Rule of Civil Procedure 21 provides, in part, that "at any time, . . . [t]he court may…sever any claim against any party." F.R.C.P. 21. When a court grants a motion to sever pursuant to Rule 21, the court creates "two separate actions or suits where previously there was but one" and allows each claim or group of claims to "proceed…as a discrete, independent action." *Allied Elevator, Inc. v. East Texas State Bank,* 965 F.2d 34, 36 (5th Cir. 1992). A court may order severance even in those circumstances where joinder is proper; misjoinder is not a prerequisite to severance. *See U.S. v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that F.R.C.P. 21 "may be used only to cure misjoinder of parties," and holding that the rule "is not so limited"); *see also Applewhite v. Reichold*

5

*Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (holding that courts may sever parties to prevent delay or prejudice).  Of utmost importance, the Fifth Circuit has stated that a district court has "broad discretion" to sever claims under Rule 21.  *E.g. Brunet v. United Gas Pipeline Co.,* 15 F.3d 500, 505 (5th Cir. 1994); *also F.D.I.C. v. Selaiden Builders, Inc.*, 973 f.2d 1249, 1253 (5th Cir. 1992) (stating that the decision on whether to grant a motion to sever "rests with the broad discretion of the district court").

In this case, this Court and the Fifth Circuit have determined that the State's action includes claims belonging to the State for the recovery of state monies and claims belonging to individual policyholders/citizens of Louisiana.  The right of the State to protect the public fisc and to seek recompense of state money is clearly a right belonging to the State as a sovereign.  Furthermore, as a sovereign, the State is entitled to seek to enforce its rights and obtain its money in its own courts.  Given the status of the Road Home Program and its near completion, the status of the remaining individual and class claims in the Umbrella, The Fifth Circuit's decision relating to initial motion to remand, the State suggests that severance of the State's subrogated claims is appropriate at this time.

The State further suggests that the Court may enter an order severing all claims to which the State has already obtained a Subrogation Agreement, and to the extent any applications are pending at the time of the Court's entrance of the severance order, that the State provide the Court a list of pending applications under seal to be severed as those applications are closed and the recipients thereto execute a Subrogation Agreement.  The State would note that it expects few, if any, true applicants to remain at the time the Court decides this motion.  By the time this motion is heard and decided, the State fully expects

all pending applications to at least be scheduled for closing, so that the Court will know the true number of subrogated claims it is severing from the main action.

Moreover, there is no prejudice to the Insurance Company Defendants in granting the requested severance. The remaining claims, as this Court has noted, are encompassed and already the subject of a number of class actions pending in the Umbrella, and particularly, are included in the allegations of the Master Consolidated Class Action Complaint. Thus, severance of the subrogated claims from the unsubrogated claims actually creates a greater fit between the individual policyholder's/citizen's claims with the other actions pending in the Umbrella. The State's action to recover under the Subrogation Agreement presents claims which are clearly foreign to the other actions in the Umbrella. Of equal significance, as noted by the Fifth Circuit, *see In re: Katrina*, 524 F.3d at 712, severance will further the federal courts efforts to preserve and respect the sovereignty of states.

Accordingly, the State's motion to sever the subrogated claims from the other claims in the State's Road Home action should be granted.

## III. THE COURT SHOULD REMAND THE SUBROGATED CLAIMS TO STATE COURT

The Federal Rules expressly provide that an action may be remanded at any time for lack of jurisdiction. *See* F.R.C.P. 12(b)(1) *and* 28 U.S.C. § 1447(c). The State previously timely filed a motion to remand, and reasserts and incorporates by reference, those arguments asserted by the State as they relate to the Court's discretionary authority to remand this action. Specifically, the State notes the arguments previously advanced in

support of the State's sovereign rights and *parens* patriae authority.  *See* Doc. Nos. 8319, 8976, 8593, and 8977.

There is no more relevant nor greater authority for this Court to sever and remand the State's subrogated claims to state court than the Fifth Circuit's remand decision in *In re: Katrina, infra*.  In rendering its decision, the Fifth Circuit was mindful of the State's sovereign rights.  The court expressed concern and restraint in extending federal jurisdiction over all claims brought by a state to protect its own sovereign interests.  In fact, the court specifically used the term "caution" in directing this Court on how this action might be handled in the future.  *See In re: Katrina, infra,* at 712.

The State would reiterate that the actions comprising the Katrina Umbrella have undergone extensive change and modification over the last year.  Major issues have finally been resolved.  Thousands of claims have settled or are being scheduled for trial.  The State's action, as it relates to those claims in which a Subrogation Agreement has been executed, remains distinct from the other claims currently remaining before this Court in the Umbrella.  The litigation of the State's rights under these claims should be handled in state court.  The underlying issue for all these subrogated claims is the recovery of state money.  Recovering state funds is undoubtedly a claim which the State should be permitted to advance in its own courts.  The Fifth Circuit recognized this principle in its decision on the State's motion to remand, and the State asks this Court to follow the Fifth Circuit's suggestion.

Accordingly, The State respectfully suggests the time is right to revisit this issue in light of the Fifth Circuit's decision in this matter, and in light of the current posture of

the Umbrella.  The State requests that this Court remand the subrogated claims to state court.

## CONCLUSION

For the foregoing reasons, the State respectfully requests this Honorable Court grant its motion to sever the subrogated claims in the Road Home action, and to remand those claims to state court.

>Respectfully submitted,
>
>**JAMES D. CALDWELL**
>**ATTORNEY GENERAL**
>
>___s/Sallie J. Sanders_____
>Sallie J. Sanders (Bar Roll # 11703)
>James Trey Phillips (Bar Roll # 19978)
>Assistant Attorney General
>**LOUISIANA DEPARTMENT OF JUSTICE**
>1885 North Third Street
>Post Office Box 94005
>Baton Rouge, Louisiana  70804-9005
>Telephone: (225) 326-6400
>Facsimile:  (225) 326-6499

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2008, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.