UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| | § | |

UNITED STATES OF AMERICA'S OPPOSITION TO MOTION
FOR LEAVE TO FILE AMICUS BRIEF BY UNITED HEALTH SERVICES, INC.

United Health Services, Inc. ("UHS") seeks leave to file an amicus brief in opposition to the motion for partial summary judgment on the issue of causation recently filed by the United States.  Remarkably, UHS's proposed filing focuses not on the arguments made in the *memorandum* filed by the United States in support of its motion; rather, UHS's brief discusses almost exclusively the arguments made by the United States in the *reply* it filed in response to the opposition papers filed by Plaintiffs.  In other words, UHS seeks to file as amicus what is essentially a surreply—an extraordinary request given that UHS did not even seek to respond to the original motion filed by the United States.  In any event, even if UHS's motion were to be judged simply by the standard for granting leave to file amicus briefs, the Court should deny UHS leave to file its proposed brief.

1

The "privilege" of appearing as amicus curiae rests within the sole discretion of the court. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). To earn this privilege, a party must show that its participation in a particular case would be "useful to or otherwise desirable by the court." *Id.* at 620 (citing *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982)). Amicus briefs that are filed out of time and present issues that have been adequately briefed by the parties are unhelpful and routinely rejected. *See, e.g., Ysleta Del Sur Pueblo v. El Paso Water Improvement Dist.*, 222 F.3d 208, 209 (5th Cir. 2000) (denying leave to file amicus brief where brief was untimely filed and the movant sought to address the same issues addressed by the parties in their respective briefs); *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177 (D. Nev. 1999) (rejecting amicus motion that "is untimely and . . . appears to merely reargue what was argued fully and competently by Plaintiffs"). This is particularly true where the amicus brief "duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("Such amicus briefs should not be allowed. They are an abuse."); *see Mechmet v. Four Seasons Hotels, Ltd.*, 1985 WL 766, at *1 (N.D. Ill. Apr. 25, 1985) (denying leave to file amicus briefs in support of a motion for summary judgment where the briefs "largely duplicate the arguments of the defendants").

Indeed, just recently, in connection with the motion for summary judgment filed by WGI in the MRGO case, this Court denied a similar request by UHS and others to file an untimely, unhelpful amicus brief. *See* Doc. 16336. There, this Court rejected the proposed amicus papers based in part on its determination that they would "not materially aid the Court." *Id.*

The amicus brief offered in this case by UHS is both untimely and duplicative. The date for filing papers in opposition to the motion for partial summary judgment filed by the United States was October 22, 2008. *See* Doc. 15841 at 2. UHS filed its motion for leave on November 14, 2008–more than three weeks after the prescribed due date. Such untimely briefs should not be accepted. *See Coast Resorts*, 49 F. Supp. 2d at 1177.

Even if UHS's request were not untimely, it should still be denied because UHS's proposed brief would not be helpful to the Court. The proposed brief purports to address the Louisiana jurisprudence concerning the issue of causation. Plaintiffs in this matter have already filed hundreds of pages of papers and exhibits on this exact topic. There is simply no need for the Court to now receive papers submitted by UHS—a non-party—that would repeat these points and multiply the Court's work. As Chief Judge Posner has explained so well:

> The bane of lawyers is prolixity and duplication. . . .  In an era of heavy judicial caseloads and public impatience with the delays and expensive of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the [case].

*Ryan*, 125 F.3d at 1064 (rejecting a proposed amicus brief that "does not tell us anything we don't already know"). Because the issue of causation has been fully and adequately briefed by the *Parties* in this case, there is no need for the Court to allow for additional briefing on this same issue by non-parties such as UHS.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court deny UHS's motion for leave to file as amicus curiae.

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

THOMAS DUPREE
Principal Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR
Assistant Director, Torts Branch

 s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH
Trial Attorney
Civil Division, Torts Branch
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 353-2574 / (202) 616-5200 (Fax)

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served by ECF on all counsel of record on November 18, 2008.

                                      _s/ Jeffrey P. Ehrlich_
                                      JEFFREY P. EHRLICH