MINUTE ENTRY
WILKINSON, M.J.
NOVEMBER 17, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>    CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>    (Hurricane Legal Center Mass Joinder Cases)<br>    <u>Abram</u>, C.A. No. 07-5205<br>    <u>Acevedo II</u>, C.A. No. 07-5195 | SECTION "K" (2) |

Pursuant to my previous order of September 29, 2008, a follow-up conference was conducted before me on this date to discuss the status of settlement efforts in the two referenced "Insurance Mass Joinder" cases filed on behalf of plaintiffs against numerous insurers, other than Allstate and State Farm, by the Hurricane Legal Center. Participating were Sassoon Sales and Larry Centola, representing plaintiffs; Seth Schmeekle, defense Liaison Counsel; and Jeffery J. Waltz, representing ANPAC and Republic.

Plaintiffs' counsel presented a detailed report. Of the more than 700 plaintiffs asserting claims in these two cases only about ten (10) settlements have been reached.

MJSTAR: **0:30**

The claims of about 75 plaintiffs have been voluntarily dismissed without prejudice based upon this court's lack of subject matter jurisdiction. Plaintiffs have recently made settlement offers supported by damage estimates as to about 273 claims, but plaintiffs have not even prepared estimates of their damage or have not provided proof that they even have insurance in about 280 of the cases. Plaintiffs' counsel represented that they are maximizing efforts to resolve these deficiencies. Nevertheless, I conclude that (although more than three years have lapsed since Hurricane Katrina) settlement progress in these cases has been unsatisfactory.

By separate order, these cases will be placed on the court's January 8, 2008 CALL DOCKET for a final claim-by-claim report on settlement before severance and the setting of trial dates. In the interim,

IT IS ORDERED that no later than November 24, 2009, defense Liaison Counsel must provide (a) plaintiffs' counsel (with a copy to me) with a list of the names of plaintiffs in these cases for whom defendants suspect a dual representation/duplicative lawsuit problem may exist; and (b) me with the master list of plaintiffs in these two cases paired with the appropriate defendant insurer.

IT IS FURTHER ORDERED that defense Liaison Counsel must arrange a telephone conference with my office, in which he, plaintiffs' counsel, and counsel for parties who anticipate filing a motion to dismiss and/or for summary judgment

concerning alleged "forced place" policies, must participate, so that a coordinated briefing schedule for any such motions might be arranged with Judge Duval's office.

IT IS FURTHER ORDERED that the status of ongoing settlement efforts in these cases will be discussed during the course of the telephone conference that is already scheduled to occur before me in the Hurricane Legal Center "Insurance Mass Joinder" cases filed against State Farm on December 19, 2008 at 10:00 a.m.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. STANWOOD R. DUVAL, JR.

MJSTAR:  **0:30**