UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | CIVIL ACTION NO. 05-4182 |
| **KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | SECTION "K" (2) |
| | JUDGE DUVAL |
| | MAGISTRATE JUDGE WILKINSON |

**PERTAINS TO:**

**MRGO:**

**NO. 06-2268 (Robinson)**

### REPLY TO UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMICUS BRIEF

**May It Please the Court:**

Universal Health Services ("UHS"), submits the following reply to the Opposition to Motion for Leave to File Amicus Brief of the United States of America ("Defendant"):

**I.   UHS's *Amicus* Brief Will Not Unduly Delay These Proceedings.**

Contrary to Defendant's assertions, UHS' *amicus* brief is not untimely.  On November 5, 2008, UHS received a copy of Defendant's Reply Memorandum, which contained plain misstatements of law on the crucial issue of causation.  After careful deliberation, research, and due diligence, UHS filed its motion for leave to file *amicus* brief with this Court to correct the statements

and assertions made by Defendant in its Reply Memorandum.

Defendant misunderstands the meaning of "timeliness" as used by the courts in determining whether or not to grant *amicus* filings. Defendant asserts that timeliness is connected to the motion practice deadlines set by this Court. But the relevant jurisprudence demonstrates that the timeliness factor referred to by the courts is designed to prevent unnecessary delays in the disposition of litigation or the particular issue before the court.[1] If the *amicus* filing does not unnecessarily delay the disposition of the litigation, then it is timely. Here, UHS requested to file an *amicus* brief more than a **month before the hearing date.** This request will in no way delay the disposition of Defendant's Motion for Partial Summary Judgment. Accordingly, UHS's *amicus* brief is not untimely and this Court should grant UHS's Motion for Leave File *Amicus* Brief.

## II.     UHS's Amicus Brief Will Be "Useful" to the Court.

When presented with fundamental questions of law, Louisiana courts often turn to legal scholars for assistance.[2] Indeed, the seminal causation case of *Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co.* is replete with references to treatises and law review articles.[3] Here, UHS located a law review article from Professor Wex Malone, which neither party has cited, that addressed the "combined force" situation currently facing this court. As set forth in its amicus

---

[1] *See Ysleta Del Sur Pueblo v. El Paso Water Improvement District No.1*, 222 F.3d 208, 209 (5th Cir. 2000) ("granting Southwestern Bell's motion would result in the needless delay of this case's disposition.") *Long v. Coast Resorts, Inc.*, 49 F.Supp. 2d 1177, 1178 (D. Nev. 1999) ("parties before the court should have their dispute resolved without any unnecessary delay. It would be unacceptable for an *amici* brief to cause a prolonged delay in the litigation."); and, *Fluor Corp. & Affiliates*, 35 Fed. Cl. 284, 286 (1996) ("permitting the filing of an *amicus* brief at this time would not unreasonably delay the litigation.").

[2] *See Holland v. Buckley*, 305 So. 2d 113, 117 (La. 1974) (citing Plainol and Toullier as support for overruling seventy years of jurisprudence on the liability of a dog owner).

[3] 242 La. 471, 487-91, 137 So. 2d 598, 304-05 (1962).

2

brief, UHS believes that the principles described in that article, and the cases applying those principles, will be "useful" to this Court.

Interestingly, two Louisiana Supreme Court decisions cited by Defendant in its motion[4] — *Fowler v. Roberts*[5] and *Roberts v. Benoit*[6] — cite Professor Wex Malone's article, *Ruminations on Dixie Drive It Yourself Versus American Beverage Company*.[7] Thus, if this Court considers the opinions of Professor Malone in its causation analysis, it will simply be following the practice of the Louisiana Supreme Court.

In this complex and important piece of litigation, UHS has submitted a succinct seven-page brief focusing on a specific and fundamental issue of Louisiana law.  The resolution of the causation issue in this case will have serious implications for parties and non-parties.  It is unreasonable for Defendant to suggest that this brief is so burdensome as to hinder the Court.  UHS respectfully submits that its brief will, in fact, be "useful to or otherwise desirable by" this Court as it considers the causation arguments made by Defendant in its motion.[8]  UHS requests, therefore, that this Court grant UHS's Motion for Leave to File *Amicus* Brief.

[Signature block on next page]

---

[4] *See* Doc. No. 15317-2 at 9.

[5] 526 So. 2d 266, 277 (La. 1988).

[6] 605 So. 2d 1032, 1042 (La. 1992).

[7] 30 La. L. Rev. 363 (1970).

[8] *United States v. Louisiana*, 751 S. Supp. 608, 620 (E.D. La. 1990).

Respectfully submitted,

s/ James M. Garner
_____
JAMES M. GARNER #19589 — T.A.
DARNELL BLUDWORTH #18801
JOHN T. BALHOFF, II #24288
ASHLEY G. COKER #30446
**SHER GARNER CAHILL RICHTER KLEIN &
  HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR UNIVERSAL HEALTH
SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2008 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ James M. Garner
_____
JAMES M. GARNER