## SETTLEMENT AGREEMENT AND PARTIAL RELEASE

This Settlement Agreement (the "Agreement") is made as of the Execution Date (as defined below) by and between, Darlynn Mason (the "Policyholder") and Auto Club Family Insurance Company ("ACFIC").

### I. DEFINITIONS

The following definitions apply to the listed terms wherever those terms appear in this Agreement. Each defined term stated in a singular form shall include the plural form, each defined term stated in plural form shall include the singular form, and each defined term stated in the masculine form or in the feminine form, shall include the other.

    A.    "Policy" shall mean the insurance policy bearing Policy #P12956981 sold to policyholder covering claims subject to the terms and conditions thereof.

    B.    "Execution Date" shall mean the last date on which this Agreement is executed by any of the Parties.

    C.    "Parties" shall mean the Policyholder and Insurer.

    D.    "Settlement Amount" shall be the sum of $ 43,500.00.

    E.    "Property" shall mean the structure located at:

    11050 Harrow Road, New Orleans, Louisiana 70127.

    F.    "Policyholder's Mailing Address" is presently:

    11050 Harrow Road, New Orleans, Louisiana 70127.


EXHIBIT B

## II.   RECITALS

WHEREAS, Policyholder purchased homeowners insurance coverage for the Property, which Policyholder owned.

WHEREAS, ACFIC was the insurance company which issued the Policy to Policyholder.

WHEREAS, Policyholder filed (submitted) a claim against ACFIC arising out of the damage and loss to the Property, as a result of damage sustained due to Hurricane Katrina ("Hurricane Katrina Claim").

WHEREAS, ACFIC has denied coverage for certain claims and/or denies payment of certain amounts claimed by Policyholder.

WHEREAS, by this Agreement, Policyholder and ACFIC intend to partially resolve the claim submitted to ACFIC under the Policy.

WHEREAS, ACFIC agrees to pay Policyholder for certain claims.

WHEREAS, Policyholder agrees to accept the payment offered for those claims for which ACFIC agrees to pay the Settlement Amount.

## III.   MUTUAL RESERVATION OF RIGHTS

Policyholder's acceptance of the Settlement Amount from ACFIC is without prejudice to or waiver of the following claims made by Policyholder:

A.  A recovery for damage to the Property proximately caused by the breach of levees and levee walls along the 17th Street Canal, London Avenue Canal and/or Industrial Canal, in and around the City of New Orleans caused by the defective construction, design, or maintenance of the MRGO, or otherwise caused by a negligent act, on or about August 29,

2005, which Policyholder contends is damage not excluded in the ACFIC policy (as contended by plaintiffs in *Gladys Chehardy, et al v. Louisiana Insurance Commissioner J. Robert Wooley, et al*, Civil Action Nos. 06-1672, 06-1673, and 06-1674, consolidated under *In Re: Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182 Section "K", currently pending in the United States District Court for the Eastern District of Louisiana); and

B.  A recovery for the face value stated in the ACFIC policy issued to Policyholder, in a case of total loss of the dwelling, pursuant to the Policyholder's contention that La. R.S. 22:695(A) (Louisiana's "Valued Policy Law" or "VPL"), authorizes such a recovery (as contended by plaintiffs in *Genevieve Williams, et al v. State Farm Fire and Casualty Company, et al*, Civil Action No. 06-2919, Section "B", currently pending in the United States District Court for the Eastern District of Louisiana).

Policyholder and ACFIC agree that any payment made by ACFIC by way of this Agreement is with a full reservation of, and without prejudice to or waiver of ACFIC's right to contend and obtain a final adjudication that (1) the ACFIC policy excludes damage proximately caused by the breach of levees and levee walls along the 17th Street Canal, London Avenue Canal and/or Industrial Canal, in and around the City of New Orleans, on or about August 29, 2005, and (2) the VPL does not require ACFIC to pay Policyholder the stated face value of the ACFIC policy in a case where a peril covered by the ACFIC policy combined with a non-covered peril to cause a total loss of the Property.

NOW THEREFORE, in consideration of the foregoing and the mutual agreements contained herein and intending to be legally bound, the Parties agree as follows:

## IV.  PARTIES' FINANCIAL AGREEMENT AND OTHER SETTLEMENT TERMS

ACFIC shall pay to Policyholder the Settlement Amount in full and final settlement of all of Policyholder's claims against ACFIC, excepting those claims that are subject to the Reservation of Rights described in Section III above.

V. **MUTUAL PARTIAL RELEASES**

   A. Effective upon the execution date, Policyholder, hereby releases and forever discharges ACFIC, its officers, directors, members, agents, successors, reinsurers, counsel and assigns, from any and all claims or causes of action arising out of Hurricane Katrina, including but not limited to any claims for coverage and/or compensatory and/or punitive damages or based upon any alleged bad faith, unfair claim practice or violation of statute, except those claims that are subject to the Reservation of Rights described in Section III above.

   B. Effective upon the execution date ACFIC hereby releases and forever discharges the Policyholder, its affiliates, directors, officers, agents, successors and assigns, from any and all claims or causes of action which ACFIC has or may have in the future, known or unknown, against Policyholder related only to those claims for which ACFIC has agreed to pay the Settlement Amount.

   C. Nothing in this Agreement shall be construed as a release or waiver of any claims and/or contentions of any party described in Section III above.

VI. **NO ADMISSIONS BY THE PARTIES**

By entering into this Agreement, ACFIC and the Policyholder do not admit any allegations, liability or obligation to one another regarding the Hurricane Katrina Claim, to any insurer or to any other person, except as specifically provided herein.

VII. **NO CONSTRUCTION AGAINST EITHER PARTY**

The wording of this Agreement was reviewed and accepted by legal counsel for the Parties prior to its being signed by them, and neither the Policyholder nor insurer shall be entitled to have any wording of this Agreement construed against the other party on the basis of the doctrine of _contra preferentum_ or any similar doctrine in the event of any dispute arising between them in connection with it.

VIII. <u>CONFIDENTIALITY OF AGREEMENT</u>

    A. This Agreement and all matters relating to the terms and negotiation of this Agreement shall be, and remain, confidential except that the fact that the Parties have entered into a settlement, without disclosing the details of the settlement, is not confidential. Distribution of copies of this Agreement and discussion of the terms of this Agreement shall be limited to such key officers, directors, managers, adjusters, claim personnel, attorneys, auditors, or persons with financial responsibilities for the parties, reinsurers, and any federal or state authorities to which the parties may have an obligation to report or disclose its terms. This Agreement and its terms may also be disclosed under seal by any Party in any action or proceeding where the existence or terms of the Agreement are relevant to the resolution of the issues in any such action or proceeding.

    B. Any party to this Agreement who violates the confidentiality of this Agreement shall pay the attorneys' fees and costs incurred by any other party to this Agreement to compel enforcement of the confidentiality of this Agreement

    C. In the event that any Party believes such disclosure to be required by operation of law:

        1. the Party receiving such request or demand shall give the other Parties written notice at least twenty (20) days prior to disclosing the information, unless the receiving Party is required by law or court order to disclose such information at an earlier date, in which case the receiving Party shall give the other Parties as much notice as is possible under the circumstances. Such notice shall set forth all information which the Party intends to disclose, the identity of each person to whom the information is to be disclosed, the statute or other legal authority purportedly requiring the disclosure, and the circumstances pursuant to which

disclosure is proposed to be made; and

2. the Parties each agree to assert objections based on confidentiality, Rule 408 of the Federal Rules of Evidence and similar state law provisions regarding settlements and in the event disclosure is required by operation of law, the receiving Party shall request the court requiring disclosure to order that any such disclosure be made in camera and sealed from the public record.

## IX. APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the Parties and only with respect to the matters included herein. No person other than a signatory and its successors and assigns shall have any legally enforceable rights or benefits under this Agreement. Except as specifically provided herein, this Agreement is not intended to and shall not be construed so as to vary, modify, or release any right that the Policyholder or Insurer may have against any person or entity other than the Policyholder or ACFIC, respectively, including, but not limited to, any other insurer for or in connection with the payment of past, present, or future loss, expense and/or other sums related to the Hurricane Katrina Claim or the Insurance Coverage Action.

## X. ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the Parties as to the Hurricane Katrina Claim and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. No amendments or variations of the terms of the Agreement shall be valid unless made in writing and signed by both parties.

## XI. EXECUTION AND COUNTERPARTS

There will be four signed originals of this Agreement, which may be executed in multiple counterparts, each of which, when so executed and delivered, shall be an original but such counterparts shall together constitute one and the same instrument and agreement.

## XII. GOVERNING LAW

This Agreement shall be governed by and shall be construed in accordance with the laws of Louisiana.

## XIII. DISPUTE RESOLUTION

In the event of any disputes concerning the interpretation and enforcement of this Agreement, the Parties shall attempt to resolve the same by good faith negotiation within thirty days. In the event that such negotiations fail to resolve all or part of the dispute, the Parties shall have the right to pursue whatever remedies they deem available.

## XIV. NOTICES

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if hand-delivered, delivered by courier, sent by telecopier or mailed by overnight mail service, postage prepaid, to the party at the address noted below or such other address as a party may designate in writing from time to time:

Policyholder's Mailing Address with copy to:

    Bruno & Bruno, LLP
    855 Baronne Street
    New Orleans, LA
    70113

ACFIC'S Mailing Address with copy to:

    Auto Club Family Insurance Company
    Attn: Ken Pewitt
    P.O. Box 66502
    St. Louis, MO 63166

ATTORNEY CONTACT INFO:

    Thomas M. Young
    3636 S. I-10 Service Rd. W., Ste. 300
    Metairie, LA 70001

XV.  **REPRESENTATIONS AND WARRANTIES**

The Parties represent and warrant:

A.  Each Party is fully authorized to enter into this Agreement, and have respectively obtained whatever approvals are necessary for each Party to execute and be bound by the terms hereof;

B.  Each of the Parties has taken all necessary corporate and/or internal legal actions to duly approve the making and performance of this Agreement, and no further corporate or other internal approval is necessary;

C.  The making and performance of this Agreement will not violate any provision of their respective articles of incorporation, charter, plan of operation or by-laws;

D.  They have read this entire Agreement and know the contents hereof, the terms hereof are contractual and not merely recitals, and they have signed this Agreement of their own free act;

E.  In making this Agreement, the Parties have each obtained the advice of legal counsel.

XVI.  **SURVIVAL OF WARRANTIES**

The warranties set forth above shall endure forever and shall survive any investigation made by or on behalf of each Party, regardless of any actual or constructive knowledge on the part of it with respect to the truth or accuracy of any such warranty.

XVII.  **INTEGRATION**

This Agreement constitutes the entire Agreement between the Parties with respect to the subject matter hereof, and supersedes all discussions, agreements and understandings, both written and oral, among the Parties with respect thereto.

## XVIII. SIGNATORIES

The Policyholder and Insurer have respectively designated the individuals identified below for the purpose of executing this Agreement on their behalf with express authority to do so.

IN WITNESS WHEREOF, THIS AGREEMENT HAS BEEN READ AND SIGNED IN QUADRUPLICATE ORIGINALS BY THE DULY AUTHORIZED REPRESENTATIVES OF THE PARTIES.

Date: 12/7, 2007

POLICYHOLDER

BY: _Darlynn Mason_ (signature)
DARLYNN MASON

Date: March 12, 2007

AUTO CLUB FAMILY INSURANCE COMPANY

BY: _(signature)_

WITNESSES:

_Courtney L._ (signature)

_Chad C. Roper_ (signature)

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS ___ DAY OF _December_, 2007.

_(signature)_
NOTARY PUBLIC

Printed Name: Joseph M. Bruno, Jr., Bar No. 30229
Address: Bruno & Bruno Law Firm
855 Baronne Street
New Orleans, LA  70113
(504) 525-1335
Bar No.

- 9 -