UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ NO. 05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAGISTRATE WILKINSON<br>§<br>§ |
| PERTAINS TO: ROAD HOME<br>*Louisiana State* C.A. No. 07-5528 | §<br>§ |

## DECLARATION OF SALLY CRESS

I, Sally Cress, hereby declare as follows:

1. I am Manager of the Property & Casualty Legal Entity Reporting Unit for Nationwide Mutual Insurance in Columbus, Ohio. In my capacity as Manager of Property & Casualty Legal Entity Reporting, I have knowledge of the corporate names, corporate status, and business activities of Nationwide Mutual Fire Insurance Company, Nationwide Affinity Insurance Company of America, and Nationwide Mutual Insurance Company. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness I could and would competently testify thereto.

2. In my role as Manager of the Property & Casualty Legal Entity Reporting Unit, I have reviewed the First Amended and Restated Class Action Petition For Damages and Declaratory and Injunctive Relief ("Amended Petition") filed by the State of Louisiana, individually and on behalf of all past and future recipients of funds through The Road Home Program. The Amended Petition names over two hundred insurance carriers as defendants, including Nationwide Affinity Insurance Company of America, Nationwide Mutual Fire

Insurance Company, and Nationwide Mutual Insurance Company.[1] The Amended Petition raises a number of allegations implicating the scope of coverage provided to Louisiana residents under defendants' property and casualty insurance policies. The Amended Petition also contains allegations concerning payments made to Louisiana residents under these property and casualty insurance policies for damage to residences and personal property caused by Hurricanes Katrina and Rita. (*See, e.g.*, Am. Pet. ¶¶ 24-31, 37-38, 40, 42, 83-84.)

3. Plaintiffs have named Nationwide Affinity Insurance Company of America ("Nationwide Affinity") as a defendant in this action. At the time of Hurricanes Katrina and Rita in 2005, however, Nationwide Affinity did not sell, issue, maintain, or collect premiums for any property and casualty insurance policies in the State of Louisiana. Indeed, Nationwide Affinity did not collect premiums for any insurance policy in Louisiana during all of 2005. (*See* 2005 Annual Statement, Nationwide Affinity Ins. Co. of Amer. at 78 (attached as Exhibit A).) Because Nationwide Affinity did not write any homeowners or personal lines of insurance on any residence in the State of Louisiana in effect during either Hurricane Katrina in August 2005 or Hurricane Rita in September 2005, Nationwide Affinity is not a proper defendant in this action. Nationwide Affinity understands that the plaintiffs are relying upon this affidavit for the purposes of dismissal without prejudice from the above numbered and entitled litigation. Therefore, based upon the representations made herein, Nationwide Affinity requests a dismissal with prejudice from the above numbered and entitled litigation.

---

[1] The Amended Petition also purports to name "Nationwide" as a defendant in this action. However, there is no such legal entity. In other words, there is no corporation, partnership, association, agency, unincorporated association, or other entity by this name.

2

4.      Plaintiffs have named Nationwide Mutual Fire Insurance Company ("Nationwide Mutual Fire") as a defendant in this action. At the time of Hurricanes Katrina and Rita in 2005, however, Nationwide Mutual Fire did not sell, issue, maintain, or collect premiums for any property and casualty insurance policies in the State of Louisiana. Indeed, Nationwide Mutual Fire did not collect premiums for any insurance policy in Louisiana during all of 2005. (*See* 2005 Annual Statement, Nationwide Mut. Fire Ins. Co. at 120 (attached as Exhibit B).) Because Nationwide Mutual Fire did not write any homeowners or personal lines of insurance on any residence in the State of Louisiana in effect during either Hurricane Katrina in August 2005 or Hurricane Rita in September 2005, Nationwide Mutual Fire is not a proper defendant in this action. Nationwide Mutual Fire understands that the plaintiffs are relying upon this affidavit for the purposes of dismissal without prejudice from the above numbered and entitled litigation. Therefore, based upon the representations made herein, Nationwide Mutual Fire requests a dismissal with prejudice from the above numbered and entitled litigation.

5.      Plaintiffs have named Nationwide Mutual Insurance Company ("Nationwide Mutual") as a defendant in this action. At the time of Hurricanes Katrina and Rita in 2005, however, Nationwide Mutual did not sell, issue, maintain, or collect premiums for any homeowner's insurance policies in the State of Louisiana. Although Nationwide Mutual wrote approximately $591,681 in premiums in Louisiana during 2005, (*see* 2005 Annual Statement, Nationwide Mutual Ins. Co. at 146 (attached as Exhibit C)), none of the insurance products sold in Louisiana in connection with those premiums are implicated by this action. Specifically, the premium amounts collected in Louisiana during 2005 relate exclusively to a "Sports Liability" insurance product that would not, under any circumstances, provide coverage for residential or personal property damaged by Hurricanes Katrina or Rita. Because Nationwide Mutual did not

3

write any homeowners or personal lines of insurance on any residence in the State of Louisiana in effect during either Hurricane Katrina in August 2005 or Hurricane Rita in September 2005, Nationwide Mutual is not a proper defendant in this action. Nationwide Mutual understands that the plaintiffs are relying upon this affidavit for the purposes of dismissal without prejudice from the above numbered and entitled litigation. Therefore, based upon the representations made herein, Nationwide Mutual requests a dismissal with prejudice from the above numbered and entitled litigation.

6. Plaintiffs have purported to name "Nationwide" as a defendant in this action. However, there is no such legal entity. In other words, there is no corporation, partnership, association, agency, unincorporated association, or other entity by this name. Consequently, no such entity wrote, or could have written, any homeowners or personal lines of insurance on any residence in the State of Louisiana in effect during either Hurricane Katrina in August 2005 or Hurricane Rita in September 2005. Accordingly, "Nationwide" is not a proper defendant and should be dismissed without prejudice from the above numbered and entitled litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November __, 2008 at Columbus, Ohio.

_____
Sally Cress

SWORN TO AND SUBSCRIBED before me, this the 10th day of November, 2008.

_____
NOTARY PUBLIC

My Commission Expires: April 14, 2013

**ELVIA M. HILL**
Notary Public, State of Ohio
My Commission Expires 04-14-2013

5