UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
       CONSOLIDATED LITIGATION

                                                                                          NO. 05-4182

PERTAINS TO: BARGE                                  SECTION "K"(2)
              *Boutte v. Lafarge* (05-5531)
              *Mumford v. Ingram* (05-5724)
              *Lagarde v. Lafarge* (06-5342)
              *Perry v. Ingram* (06-6299)
              *Benoit v. Lafarge* (06-7516)
              *Parfait Family v. United States* (07-3500)
              *Lafarge v. United States* (07-5178)

## ORDER AND REASONS

Before the Court is Barge Plaintiffs' Appeal (Rec. Doc. 13347) ("Mot.") from Magistrate Judge Wilkinson's May 14, 2008 Order (Rec. Doc. 13149) ("Mag. Order"). Magistrate Judge Wilkinson's prior order denied Plaintiffs' motion for a protective order and their motion for reconsideration. Defendant Lafarge North America, Inc. ("Lafarge") has filed its opposition (Rec. Doc. 13836) ("Opp."), to which Plaintiffs have replied (Rec. Doc. 13951) ("Reply"). For the following reasons, the motion will be denied.

**I. BACKGROUND**

Plaintiffs here are residents of neighborhoods that adjoin or are located near the Industrial Canal in New Orleans. During Hurricane Katrina, a barge owned by Lafarge allegedly broke loose of its moorings, allided with the floodwalls bordering the canal, breaking through the wall and causing flooding through the surrounding neighborhoods. Plaintiffs assert that Lafarge is at

fault for damage arising from this flooding. The present motion appeals an order by Magistrate Judge Wilkinson denying two of Plaintiffs' motions made in the course of discovery in this case.

First, Plaintiffs had sought reconsideration of the magistrate judge's previous order that denied Plaintiffs' motion to compel Lafarge to produce photographs and videotapes. That original order had denied the motion to compel on the basis that the photos and videotapes were protected by the work product doctrine. (Rec. Doc. 12605). The magistrate judge denied the motion to reconsider on the same basis, noting that Plaintiffs had not found any manifest error of law or fact that would prompt reconsideration. Mag. Order at 2-4.

Second, Plaintiffs appeal Magistrate Judge Wilkinson's order denying them a protective order regarding surreptitiously recorded interviews with putative class members by Lafarge's investigators. Lafarge hired an firm, Centanni Investigative Services, to investigate the damage caused by the floodwall breach soon after Hurricane Katrina. Centanni's investigators tape recorded interviews with residents of the area without their knowledge or consent. These residents suffered damage due to the hurricane, and thus were putative class members. In a prior order, Magistrate Judge Wilkinson actually did find that the work product doctrine had been waived due to the surreptitious nature of the recordings, and he ordered Lafarge to produce all recorded witness statements that were made by the investigators (Rec. Doc. 12605). However, he otherwise denied any other relief. In the present appeal, Plaintiffs assert that the magistrate's order should be reversed because it was:

> (a) inconsistent[] with another finding, that the investigative agents of defense counsel did not breach an ethical duty to inform putative class members that they were working for defense counsel representing a party adverse to their interests, (b) that defendant [Lafarge] attempted to conceal the existence of these tapes when responding to discovery; (c) that [Lafarge] should be entitled to directly use the fruits of the improperly obtained and recorded interviews in confronting

>witnesses with their taped conversations; and (d) denied reimbursement of the expenses of Sidney Williams for the resumption of his deposition.

Mot. at 3.  Plaintiffs seek remedies under Rule 37, specifically restricting Lafarge "from making any direct use of the transcripts or recordings or referring to them at depositions or at trial," an order requiring Lafarge to pay for the expenses of Mr. Williams to be deposed if such deposition is resumed, and suggests that the jury should be informed of Lafarge's conduct.  Mot. 11-12.

## II.  ANALYSIS

The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern District of Louisiana Local Rule 72.1 E(A).  The standard of review by district court's of a magistrate judge's nondispositive rulings is the "clearly erroneous or contrary to the law" standard.  Fed. R. Civ. P. 72(a).  "The party challenging the magistrate judge's action in a non-dispositive matter has the burden of 'showing that the Magistrate's ruling was clearly erroneous or contrary to law.'"  *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 354 (E.D. La. 2007) (Africk, J.) (citations omitted).

As to the Plaintiffs' first claim regarding the application of work product protection to photographs taken by investigators, Rule 26(b)(3) states in relevant part that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3).  Photographs and videos have been deemed work product where they were created in anticipation of litigation.  *King v. Odeco Inc.*, 106 F.3d 396, 1997 WL 33367, at *3 (5th Cir. 1997) (unpublished opinion) (affirming district court's ruling that photographs were protected as work

3

product); *see Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 n.4 (8th Cir. 1998) ("Ordinary work product includes such items as photographs and raw information.") (citation omitted); *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 150 (S.D. Ind. 1993) (finding surveillance videotapes to be protected work product where defendant did not intend to introduce them at trial). Rule 26(b)(3) includes an exception that work product may be discovered by the opposing party if that party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii). "The party who asserts work product protection for an item sought to be discovered has the burden of establishing that it was prepared in anticipation of litigation." *King*, 106 F.3d 396, 1997 WL 33367, at *2. "If the party can satisfy that requirement, the burden shifts to the party seeking discovery to overcome that protection." *Id.*, *citing Hickman v. Taylor,* 329 U.S. 495, 511-12, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947).

Magistrate Judge Wilkinson noted, "Lafarge has adequately supported its work product objections with a privilege log and the declaration under penalty of perjury of Mark Raffman." (Rec. Doc. 12605 at 15). In referencing Plaintiffs' argument that the photos were not work product, he explained, "Plaintiffs have made only conclusory allegations and have made no showing sufficient to overcome the protection" of Rule 26. *Id.* In his opinion denying the motion for reconsideration, the magistrate judge found that Plaintiffs did not present new evidence that would prompt reconsideration. Mag. Order. at 2. Moreover, Magistrate Judge Wilkinson noted that, for the first time, Plaintiffs argued that they had substantial need for these photos and videos, but they did not make any kind of evidentiary showing of the need for these materials. *Id.* at 3.

In reviewing the pleadings and opinions before it, this Court finds no error in Magistrate Judge Wilkinson's rulings.  An evidentiary showing in the context of the work product doctrine can generally be borne through affidavits.  *See United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006) ("a party may satisfy its burden of showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories.") (citations and internal quotations omitted).  Indeed, Plaintiffs did not make any evidentiary showing in their original motion to compel in order to prove that these photos and videos were not made in anticipation for litigation, instead merely citing case law that has held that photographs not taken in anticipation of litigation are discoverable.  (Rec. Doc. 11578 at 21).  Lafarge, however, asserted that it only withheld those photographs and videos taken by investigators or culled from public records *after* September 8, 2005, the date that Lafarge hired counsel in anticipation of litigation.  (Rec. Doc. 12331 at 25).  As noted above, Lafarge supported its claim of work product protection through its privilege log and an affidavit from one of its attorneys, Mark Raffman.  (Rec. Doc. 12331, Ex. 4); *see Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997) (finding party met its burden to claim work product protection where it "it produced a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel.").  In response, Plaintiffs again made no evidentiary showing that these materials were not created in anticipation of litigation, and they made now showing that they had a "substantial need" for these documents and could not otherwise obtain them elsewhere.  Indeed, it appears the Plaintiffs' reply makes no mention of photographs or videotapes.  (Rec. Doc. 12381).  Without

5

any such evidentiary showing, this Court must deny Plaintiffs' objections to the magistrate judge's order.

In Plaintiffs' second point of appeal, they assert that the magistrate judge erred in denying their motion for a protective order regarding future contact with putative class members by Lafarge's investigators. Rule 26(c) governs protective orders, stating, "A party or any person from who discovery is sought may move for a protective order where the action is pending." Fed. R. Civ. P. 26(c)(1). The rule further provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

*Id.* Rule 37 provides for remedies, including sanctions, for violations of discovery orders or the

failure to cooperate in discovery.[1]  "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed [by an appellate court] only where they are arbitrary and clearly unreasonable." *Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).  Likewise, a decision to sanction a party under Rule 37 is commended to the discretion of the district courts.  *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (noting, in reviewing sanctions under Rule 37, "[t]he question, of course is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing").  Again, this Court will reverse the magistrate judge's ruling on a nondispositive matter only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The Court finds here no reason to reverse or modify Magistrate Judge Wilkinson's decision in this matter.  Plaintiffs assert that the magistrate judge erred in providing limited relief

---

[1] Rule 37 provides for a variety of sanctions:

> Besides dismissal with prejudice, Rule 37 allows the following sanctions: 1) the court may order that designated facts be taken as true in favor of the party seeking compliance with discovery, Fed. R. Civ. P. 37(b)(2)(A) & (d); 2) the court may enter an order refusing to allow the noncomplying party to support or oppose designated claims or defenses, or prohibiting the party from entering certain matters in evidence, *id.* Rules 37(b)(2)(B) & (d); 3) the court may enter an order striking out pleadings or parts thereof, or staying further proceedings until the party obeys the order, *id.* Rules 37(b)(2)(C) & (d); 4) the court may enter an order treating as contempt the failure to obey any orders, *id.* Rule 37(b)(2)(D); and 5) the court may require the party to pay the reasonable expenses, including attorney's fees, caused by the party's failure to obey the court's orders, *id.* Rule 37(b)(2)(E).

*Heptinstall v. Blount*, 3 F.3d 436, 1993 WL 346911, at *3 n.7 (5th Cir. 1993) (unpublished opinion).

where he had found that Lafarge's investigators had violated ethics rules in surreptitiously recording interviews with putative class members. They request this Court to issue a more expansive order that restricts Lafarge from further contact with putative class members, and restricts it from making any direct use of the transcripts or recordings or referring to those materials during depositions or at trial. Mot. at 11. Plaintiffs also seek an order that requires Lafarge to pay for the expenses of Mr. Williams to be deposed if such deposition is resumed, and they request an instruction to the jury informing them of Lafarge's conduct. Mot. at 11-12. However, Magistrate Judge Wilkinson has already issued several orders providing relief in relation to contact with putative class members and witness recordings. The order from which Plaintiffs appeal noted that Lafarge had already agreed to provide all recorded statements from these witnesses in accordance with a previous order by the magistrate judge, thus resulting in equal access to the recordings for both parties. Mag. Order at 11. Moreover, in an order issued on September 22, 2008, Magistrate Judge Wilkinson issued a detailed protective order regarding all future contact with putative class members by any Lafarge investigator. (Rec. Doc. 15206). That order requires, among other things, that any Lafarge investigator provide written notice of the pending action, that witnesses must be informed that they should contact the Plaintiffs' committee if they want more information, and mandates that these investigators refrain from any attempt to influence a witness. *Id.* It is the opinion of this Court that the remedy of receiving all recorded statements by any putative class member, along with the clear restrictions on any future contact by Lafarge's investigators with any putative class member, is a measured and appropriate response for the alleged violations and is the least severe means of ensuring future compliance with discovery orders. *See also Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 232 (5th Cir. 1998)

("When a court imposes sanctions based on its inherent powers, they must be essential to preserve the authority of the court and must be the least severe sanctions adequate to achieve that end.") (internal quotation marks and citation omitted).  Therefore, this Court finds the magistrate judge's ruling is not clearly in error or contrary to law.

### III.  CONCLUSION

For the reasons stated herein, accordingly

**IT IS ORDERED** that the Barge Plaintiffs' Appeal from Magistrate Judge Wilkinson's May 14, 2008 Order (Rec. Doc. 13347) is **DENIED**.

New Orleans, Louisiana, this __20th__ day of November, 2008.

```
                            _____
                                STANWOOD R. DUVAL, JR.
                              UNITED STATES DISTRICT JUDGE
```