AMERICAN SOUTHERN HOME INSURANCE

INS 00000034



# DWELLING PROPERTY BASIC FORM
## DWG-1  -  LOUISIANA

# AMERICAN SOUTHERN HOME INSURANCE COMPANY
## JACKSONVILLE, FLORIDA

MAIN  ADMINISTRATIVE  OFFICE
MAILING  ADDRESS
P. O. BOX 5323
CINCINNATI,  OHIO  45201-5323
1-800-543-2644

513+943+7200        Casualty                                                    13:32:02   11-18-2008        11/95

11. **Suit Against Us.** No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.

12. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

13. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 30 days after we receive your proof of loss.

14. **Abandonment of Property.** We need not accept any property abandoned by you.

15. **Mortgage Clause.**

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we cancel this policy, we will notify the mortgagee:

a. At least 10 days before the date that cancellation takes effect, if we cancel for nonpayment of premium; or

b. At least 30 days before the date that cancellation takes effect, if we cancel for any other reason.

If we do not renew this policy, we will notify the mortgagee at least 30 days before the date that nonrenewal takes effect.

If we pay the mortgagee for any loss and de payment to you:

a. we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus an accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

16. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provisions of this policy.

17. **Cancellation.**

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 30 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us except as provided in item b.(5) below, we may cancel:

  (a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

  (b) If the risk has changed substantially since the policy was issued.

S2003 11/99        Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1994

INS 00000036

We can do so by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period of:

    (a)  More than one year; and

    (b)  Three years or less;

we may cancel for any reason at anniversary by letting you know at least 30 days before the date that cancellation takes effect.

(5) When this policy has been in effect and renewed for more than three years, we may cancel for any one of the following:

    (a)  If you have committed fraud;

    (b)  If the insured risk has undergone a material change;

    (c)  If you have filed two or more claims within three years; or

    (d)  If the continuation of this policy endangers our solvency.

We can do so by letting you know at least 30 days before the date cancellation takes effect.

We will not, however, cancel this policy, regardless of the period of time this policy has been in effect, based solely upon a loss caused by an Act of God. An Act of God means an incident due directly to natural causes and exclusively without human intervention.

c.  When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

d.  If you cancel this policy, we will refund the return premium, if any, within 30 days after the date cancellation takes effect. If we cancel this policy, and the return premium is not refunded with the notice of cancellation, we will refund it within a reasonable time after the date cancellation takes effect.

18.  **Non-Renewal.**

a.  We may elect not to renew this policy, subject to the provisions of paragraphs b. and c. below. We may do so by delivering to you or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

b.  If this policy has been in effect and renewed with us for more than three years, we will not exercise our right of nonrenewal except:

    (1)  When you have not paid the premium;

    (2)  If you have committed fraud;

    (3)  If the insured risk has undergone substantial change;

    (4)  If you have filed two or more claims within three years; or

    (5)  If the continuation of this policy endangers our solvency.

c.  We will not, however, exercise our right of nonrenewal, regardless of the period of time this policy has been in effect with us, based solely upon a loss caused by an Act of God. An Act of God means an incident due directly to natural causes and exclusively without human intervention.

19.  **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

20.  **Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

21.  **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

22.  **Death.** If you die, we insure:

a.  your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

b.  with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

23.  **Nuclear Hazard Clause.**

a.  "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

S2003 11/99      Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1994

INS 00000037



# HOMEOWNERS 3
# SPECIAL FORM



## AMERICAN SOUTHERN HOME INSURANCE COMPANY
### JACKSONVILLE, FLORIDA

MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P.O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000038

premises; or

(c) The necessary amount actually spent to repair or replace the damaged building.

(2) If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:

(a) The actual cash value of that part of the building damaged; or

(b) That proportion of the cost to repair or replace, after application of deductible and without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

(3) To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:

(a) Excavations, foundations, piers of any supports which are below the undersurface of the lowest basement floor;

(b) Those supports in (a) above which are below the surface of the ground inside the foundation walls, if there is no basement; and

(c) Underground flues, pipes, wiring and drains.

(4) We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of b.(1) and b.(2) above.

However, if the cost to repair or replace the damage is both:

(a) Less than 5% of the amount of insurance in this policy on the building; and

(b) Less than $2500;

we will settle the loss according to

the provisions of b.(1) and b.(2) above whether or not actual repair or replacement is complete.

(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of the Condition 3. Loss Settlement.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

a. Repair or replace any part to restore the pair or set to its value before the loss; or

b. Pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a. Pay its own appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

9. **Our Option.** If we give you written notice within

S3002 04/91    Includes copyrighted material of Insurance Services Offices, Inc.,with its permission.
Copyright, Insurance Services Office, Inc.,1990
11 of 19

INS 00000039

1. **Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

   a.   Intentionally concealed or misrepresented any material fact or circumstance;

   b.   Engaged in fraudulent conduct; or

   c.   Made false statements;

   relating to this insurance.

3. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

   This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

4. **Waiver or Change of Policy Provisions.**

   A waiver or change of a provision of this policy must be in writing by us to be valid.   Our request for an appraisal or examination will not waive any of our rights.

5. **Cancellation.**

   a.   You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

   b.   We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect.   This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

   Proof of mailing will be sufficient proof of notice.

   (1)   When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

   (2)   When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

   (3)   When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

      (a)   If there has been a material misrepresentation of fact which if known to us, would have caused us not to issue the policy; or

      (b)   If the risk has changed substantially since the policy was issued.

      This can be done by letting you know at least 30 days before the date cancellation takes effect.

   (4)   When this policy is written for a period more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

   c.   When this policy is cancelled, the premium for the period form the date of cancellation to the expiration date will be refunded pro rata.

   d.   If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy.   We may do so by delivery to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy.   Proof of mailing will be sufficient proof of notice.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** An "insured" may waive in writing before a loss all rights of recovery against any person.   If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

   Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

S3002 04/91      Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1990
18   of 19



# HOMEOWNERS 8 MODIFIED COVERAGE FORM

# AMERICAN SOUTHERN HOME INSURANCE COMPANY

## JACKSONVILLE, FLORIDA

MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P. O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000041

a. (1) Personal property;

(2) Awnings, carpeting, household appliances, outdoor antennas, and outdoor equipment, whether or not attached to buildings; and

(3) Structures that are not buildings;

at actual cash value at the time of loss but not more than the amount required to repair or replace.

b. Buildings under Coverage A or B:

(1) If you repair or replace the loss or damage to restore the building structure for the same occupancy and use at the same site within 180 days of the date of loss or damage, we will pay the lesser of the following amounts:

(a) The limit of liability that applies to the damaged or destroyed building structure; or

(b) The necessary amount actually spent to repair or replace the loss or damage to the building structure but no more than the cost of using common construction materials and methods where functionally equivalent to and less costly than obsolete, antique, or custom construction materials and methods.

(2) If you do not make claim under Paragraph (1) above, we will pay the least of the following amounts:

(a) The limit of liability that applies to the damaged or destroyed building structure;

(b) The market value at the time of loss of the damaged or destroyed building structure exclusive of land value; or

(c) The amount which it would cost to repair or replace that part of the building structure damaged or destroyed with material of like kind and quality less allowance for physical deterioration and depreciation.

4. Loss to a Pair or Set. In case of loss to a pair or set we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between actual cash value of the property before and after the loss.

5. Glass Replacement. Loss for damage to glass

caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a. pay its own appraiser; and

b. bear the other expenses of the appraisal and umpire equally.

7. Other Insurance. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

9. Our Option. If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

10. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. reach an agreement with you;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with us.

11. Abandonment of Property. We need not accept any property abandoned by an insured.

12. Mortgage Clause.

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss

INS 00000042

respect to Coverage E can be brought against us until the obligation of the Insured has been determined by final judgment or agreement signed by us.

**7. Bankruptcy of an Insured.** Bankruptcy or insolvency of an Insured will not relieve us of our obligations under this policy.

**8. Other Insurance-Coverage E-Personal Liability.**

This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

### SECTIONS I AND II CONDITIONS

**1. Policy Period.** This policy applies only to loss in Section I or bodily injury or property damage in Section II, which occurs during the policy period.

**2. Concealment or Fraud.** We do not provide coverage for an Insured who has:

a. intentionally concealed or misrepresented any material fact or circumstance; or

b. made false statements or engaged in fraudulent conduct;

relating to this insurance.

**3. Liberalization Clause.** If we adopt a revision which would broaden the coverage under this policy without additional premium within 60 days prior to or during the policy period, the broadened coverage will immediately apply to this policy.

**4. Waiver or Change of Policy Provisions.**

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**5. Cancellation.**

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

(b) If the risk has changed substantially since the policy was issued.

This can be done by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

**6. Non-Renewal.** We may elect not to renew this policy. We may do so by delivery to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

**7. Assignment.** Assignment of this policy will not be valid unless we give our written consent.

**8. Subrogation.** An Insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, an Insured must sign and deliver all related papers and cooperate with us.

S3004 04/84            Copyright, Insurance Services Office, Inc., 1984

13  of 14

0000043



**MANUFACTURED
HOMEOWNER'S
POLICY**

**AMERICAN SOUTHERN HOME INSURANCE COMPANY**
JACKSONVILLE, FLORIDA
MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P.O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000044

### 10. Insurable Interest and Our Liability

In the event of a loss, we will pay for the insurable interest that an **insured person** has in the property covered by this policy, or the limit of liability for the coverage afforded by this policy, whichever is less. For someone other than an **insured person** to have an insurable interest eligible for coverage, they must be named in the policy.

### 11. Lienholder's Interest

If a lienholder is named on the Declarations Page, any **loss** will be paid to **you** and the **lienholder**. This designation of a lienholder will be considered an acknowledgment by **you** that the entity named has a legal interest in the home due to an installment sales contract or other valid security agreement. If a **lienholder** is not named on the Declarations Page, they shall not have any interest under this policy.

The lienholder's interest will not be impaired by **your** fraudulent or intentional acts or omissions provided the lienholder:

(a) notifies **us** of any change in occupancy, ownership or substantial change in the risk as soon as the **lienholder** becomes aware of such change; and

(b) pays any premium due under this policy if **you** have neglected to pay.

We will protect the **lienholder's** interest in the insured home in the event of a substantial change in the risk, change in ownership or occupancy, or foreclosure if the lienholder has no knowledge of these conditions. We will provide the lienholder at least 10 days notice if we cancel this policy. At the conclusion of this 10 day period, all interest of the lienholder in this policy shall terminate.

The lienholder shall furnish **us** a proof of loss within 60 days after it is aware of the **loss** if an **insured person** fails to do so. If we pay the **lienholder** for any **loss** and deny payment to **you**:

(a) we are subrogated to all rights of the **lienholder** granted under the lien on the property and may require, at **our** sole option, an assignment of the note and lien to the extent of payment made; or

(b) at **our** sole option, we may pay to the **lienholder** the whole principal on the lien plus any accrued interest. In this event, the lienholder shall fully assign and transfer the note, lien and all securities held as collateral for the debt.

**Our** right of subrogation to the extent of **our** payment made, will not impair the right of a **lienholder** to recover the full amount of its claim.

All policy terms and conditions apply to the **lienholder** as well as to **you**.

### 12. Repossession

If **you** are delinquent on **your** payments to the **lienholder** and the insured home is placed in the care, custody or control of the **lienholder** or its agents, voluntarily or involuntarily, all coverage for **property damage** under **SECTION** I shall cease upon the date of such care, custody or control.

### 13. Automatic Reinstatement

A **loss** to **your** property reduces **our** liability limit by the amount of the **loss** under the appropriate coverage. Upon repair or replacement of the property, the limit will return to the limit shown on the Declarations Page.

### 14. No Benefit to Bailee

A bailee is a person or entity (other than **you**) to whom **you** have given possession of insured property. **We** will not honor an assignment nor extend coverage to a bailee.

### 15. Suit Against Us

**You** may not bring suit against **us** regarding this policy unless **you** have complied fully with all of its terms. Suit must be brought within one year after the **loss**, unless the period for bringing suit is extended to the minimum period permitted by applicable state law.

### 16. What You Must Do in Case of Loss

In case of a **loss**, **you** must see that the following are done:

(a) give prompt notice to **us** or **our** agent;

(b) notify the police in case of **loss** by theft;

(c) notify the credit card or fund transfer card company in case of **loss** under Credit Card or Fund Transfer Card coverage;

(d) protect the property from further damage. If repairs to the property are required, **you** must:

    i.  make reasonable and necessary repairs to protect the property. **We** will not pay for additional damage as a result of **your** failure to do so;

    ii.  keep an accurate record of repair expenses;

70100 (12/93)                    8 of 14

### 1. Liberalization Clause

If **we** adopt any revision which would broaden the coverage under this policy without additional premium during the policy period, the broadened coverage will immediately apply to this policy.

### 2. Policy Period

This policy applies only to **loss** under **SECTION I** or **bodily injury** or **property damage** under **SECTION II**, which occurs during the policy period. The policy period shall be as shown on the Declarations Page under "Policy Period" and for successive periods as stated below.

If **we** elect to continue this insurance, **we** will renew this policy if **you** pay the required renewal premium for each successive policy period, subject to **our** premiums, rules and forms then in effect. **You** must pay **us** prior to the end of the current policy term or else this policy will expire. If a **lienholder** is named in this policy, **we** will continue this insurance for the **lienholder's** interest for 30 days after written notice of termination to the lienholder and then this policy will terminate as to the **lienholder's** interest.

### 3. Nonrenewal

If **we** elect not to renew this policy, **we** will provide written notice to **you**, at **your** address shown on the Declarations Page, at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

### 4. Concealment or Misrepresentation

The entire policy will be void if, after a **loss**, an **insured** has:

(a) concealed or misrepresented any material fact or circumstance;

(b) engaged in fraudulent conduct; or

(c) made false statements;

relating to this insurance.

The entire policy will be void if, before a **loss**, an **insured** has:

(a) concealed or misrepresented any material fact or circumstance;

(b) engaged in fraudulent conduct; or

(c) made false statements;

relating to this insurance.

### 5. Waiver or Change of Policy Provisions - Assignment

A waiver or change of any provision of this

70100 (12/93)

policy must be authorized by **us** in writing in order to be valid. **Our** request for an appraisal or examination shall not waive any of **our** rights. Assignment of interest under this policy shall not bind **us** unless **we** give **our** written consent.

### 6. Cancellation

(a) **You** may cancel this policy at any time by returning it to **us** or by notifying **us** in writing of the future date cancellation is to take effect.

(b) **We** may cancel this policy for the reasons stated in this Condition by notifying **you** in writing of the date cancellation takes effect. This cancellation notice may be delivered to **you** or mailed to **you** at **your** address shown on the Declarations Page or the last address known to **us** or **our** authorized agent. Proof of mailing shall be sufficient proof of notice:

   i. when **you** have not paid the premium, whether payable to **us** or to **our** agent, **we** may cancel at any time by notifying **you** at least 10 days before the date cancellation takes effect.

   ii. when this policy has been in effect for less than 60 days and is not a renewal with **us**, **we** may cancel for any reason by notifying **you** at least 10 days before the date cancellation takes effect.

   iii. after this policy has been in effect for 60 days or more, or at any time if it is a renewal with **us**, **we** may cancel if there has been a material misrepresentation of fact which, if known to **us**, would have caused **us** not to issue the policy, or if the risk has changed substantially since the policy was issued, or for any other reason allowed by state law. This can be done by notifying **you** at least 30 days before the date cancellation takes effect.

   iv. when this policy is written for a period longer than 1 year, **we** may cancel for any reason at the anniversary date of the policy by notifying **you** at least 30 days before the date cancellation takes effect.

(c) If **your** policy is cancelled by **you** or **us**, **we** will return no more than the pro rated unearned share of **your** premium.

### 7. Subrogation - Our Right to Recover Payment

After making payment under this policy, **we** will have the right to recover from anyone held responsible. The **insured person** will sign papers and do whatever is required to transfer this right to **us**, and do nothing to harm this right.

INS 00000046

513+943+7200     Casualty                                    14:08:47    11–18–2008     72/95



# HOMEOWNERS POLICY
## FOR MANUFACTURED HOMES



## AMERICAN SOUTHERN HOME INSURANCE COMPANY
### JACKSONVILLE, FLORIDA

MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P.O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000047

513+943+7200     Casualty                                    14:10:48    11-18-2008     75/95

d.  Exclusion 16.    will  not  apply  to  the **lienholder's** interest if:

(1)  the loss is first discovered at the time of repossession; and

(2)  the **lienholder:**

(a)  has inspected and secured the dwelling within 60 days after it has become vacant or unoccupied; or

(b)  has filed an action for replevin within 30 days of being denied access to a vacant dwelling. This is provided that the **lienholder** also applies to a court of competent jurisdiction for a writ of execution or possession to be issued. Such writ shall direct the sheriff to levy upon the dwelling, within 20 days after the court has entered an order of forfeiture or possession in favor of the **lienholder.**

e.  We will protect the **lienholder's** interest in the insured dwelling in the event of a substantial change in the risk, change in ownership or occupancy, or foreclosure. This is provided that the **lienholder** has no knowledge of these conditions.  We will provide the **lienholder** at least 10 days notice if we cancel this policy.  At the end of this 10-day period, all interest of the **lienholder** in this policy shall terminate.

f.  Our right of subrogation, to the extent of our payment made, will not impair the right of a **lienholder** to recover the full amount of its claim.

g.  All policy terms and conditions apply to the **lienholder** as well as to you.

h.  The following applies if the premium has not been paid: If a **lienholder** is named in this policy, **we will** continue this insurance for the **lienholder's** interest for 30 days after written notice of termination to the **lienholder.** Then, this policy will terminate as to the **lienholder's** interest.

12.  **Repossession**

If you are delinquent on your payments to the **lienholder** and the insured dwelling is placed in the care, custody or control of the **lienholder** or its agents, all coverage for loss under **SECTION I** shall cease upon the date of such care, custody or control.  This applies whether such placement is voluntary or not.

13.  **Reinstatement of Limit**

A loss to your property reduces our liability limit

by the amount of the loss under the appropriate coverage.   Upon repair or replacement of the property, the limit will return to the limit shown in the Declarations.

14.  **No Benefit to Bailee**

We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee, regardless of any other provision of this policy.

15.  **Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under **SECTION I** of this policy and the action is started within one year after the date of loss.

16.  **What You Must Do in Case of Loss**

In case of a loss, you must see that the following are done:

a.  give prompt notice to us or our agent;

b.  notify the police in case of loss by theft;

c.  notify the credit card or fund transfer card company in case of loss under **Credit Card** or **Fund Transfer Card** coverage;

d.  protect the property from further damage. If repairs to the property are required, you must:

(1)  make reasonable and necessary repairs to protect the property.  We will not pay for additional damage as a result of your failure to do so;

(2)  keep an accurate record of repair expenses;

e.  prepare an inventory of damaged personal property showing the quantity, description, **actual cash value** and amount of loss and any other information we request. You must attach all bills, receipts and related documents that justify the figures in the inventory;

f.  as often as we reasonably require:

(1)  allow us to inspect the damaged property and allow us to take samples of damaged property for inspecting, testing and analysis;

(2)  provide us with records and documents that we request and permit us to make copies. These include, but are not limited

M7000 (01/04)          Includes copyrighted material of ISO Properties, Inc.,with its permission.
Copyright, ISO Properties, Inc.,1999
11 of 18

INS 00000048

### 4. Waiver or Change of Policy Provisions

A waiver or change of any provision of this policy must be authorized by us in writing in order to be valid. Our request for an appraisal or examination shall not waive any of our rights.

### 5. Assignment

Assignment of this policy will not be valid unless we give our written consent.

### 6. Cancellation

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the future date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing will be sufficient proof of notice.

   (1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

      (a) if there has been a material misrepresentation of fact that, if known to us, would have caused us not to issue the policy; or

      (b) if the risk has changed substantially since the policy was issued.

      This can be done by letting you know at least 30 days before the date cancellation takes effect.

   (4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is canceled, the premium

for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

### 7. Nonrenewal

If we elect not to renew this policy, we will provide written notice to you, at your address shown in the Declarations, at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

### 8. Subrogation - Our Right to Recover Payment

a. After making payment under this policy, we will have the right to recover from anyone held responsible. The **insured person** will sign papers and do whatever is required to transfer this right to us, and do nothing to harm this right.

b. Anyone receiving the benefit of a payment under this policy will hold in trust for us the proceeds of any recovery of damages from another party, and reimburse us to the extent of our payment.

c. This Condition does not apply under **SECTION II**, to **MEDICAL PAYMENTS TO OTHERS** or **ADDITIONAL COVERAGES**, Item 2., **Damage to Property of Others**.

### 9. Death

If any person named in the Declarations or the spouse, if a resident of the **residence premises**, dies, the following apply:

a. We insure the legal representative of the deceased, but only with respect to the premises and property of the deceased covered under the policy at the time of death; and

b. "**Insured Person**" includes:

   (1) an **insured person** who is a member of your household at the time of your death, but only while a resident of the **residence premises**; and

   (2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

M7000 (01/04)          Includes copyrighted material of ISO Properties, Inc., with its permission.
                                        Copyright, ISO Properties, Inc., 1999
                                                        17 of 18