AMERICAN SUMMIT

INS 00000050

(3) The amount which it would cost to repair or replace that part of the building structure damaged or destroyed with material of like kind and quality less allowance for physical deterioration and depreciation.

In this provision, the terms "repair" or "replace" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is added to this policy.

### D. Loss To A Pair Or Set

In case of loss to a pair or set we may elect to:

1. Repair or replace any part to restore the pair or set to its value before the loss; or

2. Pay the difference between actual cash value of the property before and after the loss.

### E. Appraisal

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

### F. Other Insurance And Service Agreement

If a loss covered by this policy is also covered by:

1. Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

### G. Suit Against Us

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

### H. Our Option

If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with material or property of like kind and quality.

### I. Loss Payment

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

1. Reach an agreement with you;

2. There is an entry of a final judgment; or

3. There is a filing of an appraisal award with us.

### J. Abandonment Of Property

We need not accept any property abandoned by an "insured".

### K. Mortgage Clause

1. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

   a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

   b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

   c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs E. Appraisal, G. Suit Against Us and I. Loss Payment under Section I — Conditions above also apply to the mortgagee.

3. If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

4. If we pay the mortgagee for any loss and deny payment to you:

   a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

Copyright, Insurance Services Office, Inc., 1999

HO 00 08 10 00

INS 00000051

AMERICAN WESTERN HOME INSURANCE

INS 00000052

513+943+7200     Casualty                              13:27:25   11-18-2008     3/95



LOUISIANA
DWELLING PROPERTY
BASIC FORM DWG-1
®

AMERICAN WESTERN HOME
INSURANCE COMPANY
OKLAHOMA CITY, OKLAHOMA

MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P. O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000053

(3) keep an accurate record of repair expenses;

c. prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

d. as often as we reasonably require:

(1) show the damaged property;

(2) provide us with records and documents we request and permit us to make copies; and

(3) submit to examination under oath, while not in the presence of any other named insured, and sign the same;

e. send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) your interest and that of all others in the property involved and all liens on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of the policy;

(5) specifications of damaged buildings and detailed repair estimates;

(6) the inventory of damaged personal property described in 4c;

(7) receipts for additional living expenses incurred and records that support the fair rental value loss.

5. **Loss Settlement.** Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property.

6. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between actual cash value of the property before and after the loss.

7. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

8. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that a choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a. pay its own appraiser; and

b. bear the other expenses of the appraisal and umpire equally.

9. **Other Insurance.** If property covered by this policy is also covered by other fire insurance, we will pay only the proportion of a loss caused by any peril insured against under this policy that the limit of liability applying under this policy bears to the total amount of fire insurance covering the property.

10. **Subrogation.** You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

11. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

12. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

13. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. reach an agreement with you;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with us.

14. **Abandonment of Property.** We need not accept

S2003 01/93          Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
                            Copyright, Insurance Services Office, Inc., 1988

5 of 7

INS 00000054

provided that this implementation date falls within 80 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

20. **Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

21. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

22. **Death.** If you die, we insure:

   a. your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

   b. with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

23. **Nuclear Hazard Clause.**

   a. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

   b. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

   c. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

24. **Recovered Property.** If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted based on the amount you received for the recovered property.

25. **Volcanic Eruption Period.** One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

Chairman, President and CEO

Secretary

S2003 01/93        Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1988

7 of 7

INS 00000055



# LOUISIANA DWELLING BROAD FORM DWG-2 POLICY

# AMERICAN WESTERN HOME INSURANCE COMPANY

## OKLAHOMA CITY, OKLAHOMA

MAIN ADMINISTRATIVE OFFICE
MAILING ADDRESS
P. O. BOX 5323
CINCINNATI, OHIO 45201-5323
1-800-543-2644

INS 00000056

(c) underground flues, pipes, wiring and drains.

(4) We will pay no more than the actual cash value of the damage unless:

   (a) actual repair or replacement is complete; or

   (b) the cost to repair or replace the damage is both:

     (i) less than 5% of the amount of insurance in this policy on the building; and

     (ii) less than $2500.

(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability on a replacement cost basis.

6. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

   a. repair or replace any part to restore the pair or set to its value before the loss; or

   b. pay the difference between actual cash value of the property before and after the loss.

7. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

8. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

   a. pay its own appraiser; and

   b. bear the other expenses of the appraisal and umpire equally.

9. **Other Insurance.** If property covered by this policy is also covered by other fire insurance, we will pay only the proportion of a loss caused by any peril insured against under this policy that the limit of liability applying under this policy bears to the total amount of fire insurance covering the property.

10. **Subrogation.** You may waive in writing before loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

11. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

12. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

13. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

   a. reach an agreement with you;

   b. there is an entry of a final judgment; or

   c. there is a filing of an appraisal award with us.

14. **Abandonment of Property.** We need not accept any property abandoned by you.

15. **Mortgage Clause.**

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

   a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

   b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

   c. submits a signed, sworn statement of loss

S2004 01/93       Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
                        Copyright, Insurance Services Office, Inc., 1988

INS 00000057

within 60 days after receiving notice from us of your failure to do so.  Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee for any loss and deny payment to you:

a. we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

16. **No Benefits to Bailee.** We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

17. **Cancellation.**

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) if there has been a materi misrepresentation of fact which known to us would have caused t not to issue the policy; or

(b) if the risk has changed substantiall since the policy was issued.

This can be done by letting you know a least 30 days before the date cancellatio takes effect.

(4) When this policy is written for a period o' more than one year, we may cancel fo. any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund if within a reasonable time after the date cancellation takes effect.

18. **Non-Renewal.** We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

19. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to you insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

20. **Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

21. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

22. **Death.** If you die, we insure:

a. your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

b. with respect to your property, the person having proper temporary custody of the

S2004 01/93        Includes copyrighted material of Insurance Services Offices, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1988

INS 00000058

513+943+7200      Casualty                                    14:03:38    11-18-2008      64/95



# MANUFACTURED HOMEOWNER'S POLICY

## AMERICAN WESTERN HOME INSURANCE COMPANY

OKLAHOMA CITY, OKLAHOMA

MAIN ADMINISTRATIVE OFFICE

MAILING ADDRESS

P.O. BOX 5323

CINCINNATI, OHIO 45201-5323

1-800-543-2644

INS 00000059

513+943+7200        Casualty                                    14:05:33    11-18-2008        67 /95

## 10. Insurable Interest and Our Liability

In the event of a loss, we will pay for the Insurable Interest that an insured person has in the property covered by this policy, or the limit of liability for the coverage afforded by this policy, whichever is less. For someone other than an insured person to have an insurable interest eligible for coverage, they must be named in the policy.

## 11. Lienholder's Interest

If a lienholder is named on the Declarations Page, any loss will be paid to you and the lienholder. This designation of a lienholder will be considered an acknowledgment by you that the entity named has a legal interest in the home due to an installment sales contract or other valid security agreement. If a lienholder is not named on the Declarations Page, they shall not have any interest under this policy.

The lienholder's interest will not be impaired by your fraudulent or intentional acts or omissions provided the lienholder:

(a) notifies us of any change in occupancy, ownership or substantial change in the risk as soon as the lienholder becomes aware of such change; and

(b) pays any premium due under this policy if you have neglected to pay.

We will protect the lienholder's interest in the insured home in the event of a substantial change in the risk, change in ownership or occupancy, or foreclosure if the lienholder has no knowledge of these conditions. We will provide the lienholder at least 10 days notice if we cancel this policy. At the conclusion of this 10 day period, all interest of the lienholder in this policy shall terminate.

The lienholder shall furnish us a proof of loss within 60 days after it is aware of the loss if an insured person fails to do so. If we pay the lienholder for any loss and deny payment to you:

(a) we are subrogated to all rights of the lienholder granted under the lien on the property and may require, at our sole option, an assignment of the note and lien to the extent of payment made; or

(b) at our sole option, we may pay to the lienholder the whole principal on the lien plus any accrued interest. In this event, the lienholder shall fully assign and transfer the note, lien and all securities held as collateral for the debt.

Our right of subrogation to the extent of our payment made, will not impair the right of a lienholder to recover the full amount of its claim.

All policy terms and conditions apply to [t]he lienholder as well as to you.

## 12. Repossession

If you are delinquent on your payments to [the] lienholder and the insured home is placed in t[he] care, custody or control of the lienholder or i[ts] agents, voluntarily or involuntarily, all coverag[e] for property damage under SECTION I sh[all] cease upon the date of such care, custody [or] control.

## 13. Automatic Reinstatement

A loss to your property reduces our liability lim[it] by the amount of the loss under the appropriat[e] coverage. Upon repair or replacement of th[e] property, the limit will return to the limit show[n] on the Declarations Page.

## 14. No Benefit to Bailee

A bailee is a person or entity (other than you) to whom you have given possession of insured property. We will not honor an assignment nor extend coverage to a bailee.

## 15. Suit Against Us

You may not bring suit against us regarding this policy unless you have complied fully with all of its terms. Suit must be brought within one year after the loss; unless the period for bringing suit is extended to the minimum period permitted by applicable state law.

## 16. What You Must Do in Case of Loss

In case of a loss, you must see that the following are done:

(a) give prompt notice to us or our agent;

(b) notify the police in case of loss by theft;

(c) notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

(d) protect the property from further damage. If repairs to the property are required, you must:

　i. make reasonable and necessary repairs to protect the property. We will not pay for additional damage as a result of your failure to do so;

　ii. keep an accurate record of repair expenses;

70100 (12/93)

8 of 14

INS 00000060

1.   **Liberalization Clause**

If **we** adopt any revision which would broaden the coverage under this policy without additional premium during the policy period, the broadened coverage will immediately apply to this policy.

2.   **Policy Period**

This policy applies only to loss under **SECTION I** or **bodily injury** or **property damage** under **SECTION II**, which occurs during the policy period. The policy period shall be as shown on the Declarations Page under "Policy Period" and for successive periods as stated below.

If **we** elect to continue this insurance, **we** will renew this policy if **you** pay the required renewal premium for each successive policy period, subject to **our** premiums, rules and forms then in effect. **You** must pay **us** prior to the end of the current policy term or else this policy will expire. If a **lienholder** is named in this policy, **we** will continue this insurance for the **lienholder's** interest for 30 days after written notice of termination to the **lienholder** and then this policy will terminate as to the **lienholder's** interest.

3.   **Nonrenewal**

If **we** elect not to renew this policy, **we** will provide written notice to **you**, at **your** address shown on the Declarations Page, at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

4.   **Concealment or Misrepresentation**

The entire policy will be void if, after a **loss**, an **insured** has:

   (a)  concealed or misrepresented any material fact or circumstance;

   (b)  engaged in fraudulent conduct; or

   (c)  made false statements;

relating to this insurance.

The entire policy will be void if, before a **loss**, an **insured** has:

   (a)  concealed or misrepresented any material fact or circumstance;

   (b)  engaged in fraudulent conduct; or

   (c)  made false statements;

relating to this insurance.

5.   **Waiver or Change of Policy Provisions - Assignment**

A waiver or change of any provision of this

policy must be authorized by **us** in writing in order to be valid. **Our** request for an appraisal or examination shall not waive any of **our** rights. Assignment of interest under this policy shall not bind **us** unless **we** give **our** written consent.

6.   **Cancellation**

   (a)  **You** may cancel this policy at any time by returning it to **us** or by notifying **us** in writing of the future date cancellation is to take effect.

   (b)  **We** may cancel this policy for the reasons stated in this Condition by notifying **you** in writing of the date cancellation takes effect. This cancellation notice may be delivered to **you** or mailed to **you** at **your** address shown on the Declarations Page or the last address known to **us** or **our** authorized agent. Proof of mailing shall be sufficient proof of notice:

      I.   when **you** have not paid the premium, whether payable to **us** or to **our** agent, **we** may cancel at any time by notifying **you** at least 10 days before the date cancellation takes effect.

      II.  when this policy has been in effect for less than 60 days and is not a renewal with **us**, **we** may cancel for any reason by notifying **you** at least 10 days before the date cancellation takes effect.

      III. after this policy has been in effect for 60 days or more, or at any time if it is a renewal with **us**, **we** may cancel if there has been a material misrepresentation of fact which, if known to **us**, would have caused **us** not to issue the policy, or if the risk has changed substantially since the policy was issued, or for any other reason allowed by state law. This can be done by notifying **you** at least 30 days before the date cancellation takes effect.

      IV.  when this policy is written for a period longer than 1 year, **we** may cancel for any reason at the anniversary date of the policy by notifying **you** at least 30 days before the date cancellation takes effect.

   (c)  If **your** policy is cancelled by **you** or **us**, **we** will return no more than the pro rated unearned share of **your** premium.

7.   **Subrogation - Our Right to Recover Payment**

After making payment under this policy, **we** will have the right to recover from anyone held responsible. The **insured person** will sign papers and do whatever is required to transfer this right to **us**, and do nothing to harm this right.

70100 (12/93)                                    13 of 14

INS 00000061



# HOMEOWNERS POLICY
## FOR MANUFACTURED HOMES



## AMERICAN WESTERN HOME INSURANCE COMPANY
### OKLAHOMA CITY, OKLAHOMA
### MAIN ADMINISTRATIVE OFFICE
### MAILING ADDRESS
### P.O. BOX 5323
### CINCINNATI, OHIO  45201-5323
### 1-800-543-2644

INS-00000062

d. Exclusion 16. will not apply to the lienholder's interest if:

   (1) the loss is first discovered at the time of repossession; and

   (2) the lienholder:

       (a) has inspected and secured the dwelling within 60 days after it has become vacant or unoccupied; or

       (b) has filed an action for replevin within 30 days of being denied access to a vacant dwelling. This is provided that the lienholder also applies to a court of competent jurisdiction for a writ of execution or possession to be issued. Such writ shall direct the sheriff to levy upon the dwelling, within 20 days after the court has entered an order of forfeiture or possession in favor of the lienholder.

e. We will protect the lienholder's interest in the insured dwelling in the event of a substantial change in the risk, change in ownership or occupancy, or foreclosure. This is provided that the lienholder has no knowledge of these conditions. We will provide the lienholder at least 10 days notice if we cancel this policy. At the end of this 10-day period, all interest of the lienholder in this policy shall terminate.

f. Our right of subrogation, to the extent of our payment made, will not impair the right of a lienholder to recover the full amount of its claim.

g. All policy terms and conditions apply to the lienholder as well as to you.

h. The following applies if the premium has not been paid: If a lienholder is named in this policy, we will continue this insurance for the lienholder's interest for 30 days after written notice of termination to the lienholder. Then, this policy will terminate as to the lienholder's interest.

12. **Repossession**

If you are delinquent on your payments to the lienholder and the insured dwelling is placed in the care, custody or control of the lienholder or its agents, all coverage for loss under SECTION I shall cease upon the date of such care, custody or control. This applies whether such placement is voluntary or not.

13. **Reinstatement of Limit**

A loss to your property reduces our liability limit

by the amount of the loss under the appropriate coverage. Upon repair or replacement of the property, the limit will return to the limit shown in the Declarations.

14. **No Benefit to Bailee**

We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee, regardless of any other provision of this policy.

15. **Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under SECTION I of this policy and the action is started within one year after the date of loss.

16. **What You Must Do In Case of Loss**

In case of a loss, you must see that the following are done:

a. give prompt notice to us or our agent;

b. notify the police in case of loss by theft;

c. notify the credit card or fund transfer card company in case of loss under **Credit Card** or **Fund Transfer Card** coverage;

d. protect the property from further damage. If repairs to the property are required, you must:

   (1) make reasonable and necessary repairs to protect the property. We will not pay for additional damage as a result of your failure to do so;

   (2) keep an accurate record of repair expenses;

e. prepare an inventory of damaged personal property showing the quantity, description, **actual cash value** and amount of loss and any other information we request. You must attach all bills, receipts and related documents that justify the figures in the inventory;

f. as often as we reasonably require:

   (1) allow us to inspect the damaged property and allow us to take samples of damaged property for inspecting, testing and analysis;

   (2) provide us with records and documents that we request and permit us to make copies. These include, but are not limited

M7000 (01/04)         Includes copyrighted material of ISO Properties, Inc.,with its permission.
Copyright, ISO Properties, Inc.,1999
11 of 18

INS 00000063

513+943+7200     Casualty                                                                    14:18:03    11-18-2008     86/95

### 4. Waiver or Change of Policy Provisions

A waiver or change of any provision of this policy must be authorized by us in writing in order to be valid. Our request for an appraisal or examination shall not waive any of our rights.

### 5. Assignment

Assignment of this policy will not be valid unless we give our written consent.

### 6. Cancellation

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the future date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) If there has been a material misrepresentation of fact that, if known to us, would have caused us not to issue the policy; or

(b) If the risk has changed substantially since the policy was issued.

This can be done by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is canceled, the premium

for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

### 7. Nonrenewal

If we elect not to renew this policy, we will provide written notice to you, at your address shown in the Declarations, at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

### 8. Subrogation - Our Right to Recover Payment

a. After making payment under this policy, we will have the right to recover from anyone held responsible. The **insured person** will sign papers and do whatever is required to transfer this right to us, and do nothing to harm this right.

b. Anyone receiving the benefit of a payment under this policy will hold in trust for us the proceeds of any recovery of damages from another party, and reimburse us to the extent of our payment.

c. This Condition does not apply, under **SECTION II**, to **MEDICAL PAYMENTS TO OTHERS** or **ADDITIONAL COVERAGES**, Item 2., **Damage to Property of Others**.

### 9. Death

If any person named in the Declarations or the spouse, if a resident of the **residence premises**, dies, the following apply:

a. We insure the legal representative of the deceased, but only with respect to the premises and property of the deceased covered under the policy at the time of death; and

b. "**Insured Person**" includes:

(1) an **insured person** who is a member of your household at the time of your death, but only while a resident of the **residence premises**; and

(2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

M7000 (01/04)          Includes copyrighted material of ISO Properties, Inc., with its permission.
                              Copyright, ISO Properties, Inc., 1999
                                            17 of 18

INS 00000064

**ANPAC**

INS 00000065

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.

   A person or organization may bring a suit against us including, but not limited to, a suit to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under Section II or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

9. **Our Option.** We may make a cash settlement and take all or part of the damaged property at its appraised or agreed upon value, or repair or replace the damaged property with property of like kind and quality.

10. **Loss Payment.** We will adjust all losses with you and pay you unless some other person is named in the policy or is legally entitled to receive payment. We will pay within 30 days after we receive your satisfactory proof of loss.

11. **Abandonment of Property.** We need not accept any property abandoned by any insured.

12. **Recovered Property.** If property for which we have made payment is recovered by you or us, you or we will notify the other of the recovery. You will have the option of keeping the property or having it become our property. If you keep the property, you will repay the amount you received for that property.

13. **Mortgage Clause.** The word "mortgagee" includes trustee. If a mortgagee is named in this policy, any loss payable under Coverages A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order or precedence of the mortgages. If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

    a. notifies us of any change in ownership or occupancy, or substantial change in risk of which the mortgagee is aware;

    b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us, and Loss Payment apply to the mortgagee.

If the policy is cancelled by us, we will give the same advance notice of cancellation to the mortgagee as we give to the policyholder shown in the Declarations.

If we pay the mortgagee for any loss and deny payment to you:

    a. we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

    b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt. Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

14. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing, or transporting property for a fee regardless of any other provision of this policy.

15. **Nuclear Hazard Clause.**

    a. "Nuclear Hazard" means any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

    b. Loss caused by the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against in Section I.

    c. This policy does not apply under Section I to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

SH-3.17 (1-03)

11

INS 00000066

3. **Liberalization Clause.** If we adopt any revision which would broaden the coverage under this policy without additional premium within 60 days prior to or during the policy period, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by returning it to us or by notifying us in writing of the date cancellation is to take effect.
   b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect.

   This cancellation notice may be delivered to you or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice.

   (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least ten days before the date cancellation takes effect.
   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 30 days before the date cancellation takes effect.
   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy, or if the risk has changed substantially since the policy was issued. This can be done by notifying you at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded on a pro rata basis.

   d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within thirty days after the date cancellation takes effect.

6. **Nonrenewal.** We may elect not to renew this policy. We may do so by delivery to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If an assignment is sought, any **insured** shall sign and deliver all related papers and cooperate with us in any reasonable manner.

   Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

   a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;
   b. insured includes:

   (1) any member of your household who is an insured at the time of your death, but only while a resident of the residence premises; and
   (2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Continuous Renewal.**

   a. "Policy Term" in the Declarations is amended to include the effective time of this policy to be 12:01 a.m. Standard Time at the residence premises on the dates shown.

SH-3.17 (1-03)  17

INS 00000067

    (4) changes in title or occupancy of the property during the term of this policy;

    (5) specifications of any damaged building and detailed estimates for repair of the damage;

    (6) an inventory of damaged personal property described in 2.c.;

    (7) records supporting the fair rental value loss.

3. **Loss Settlement.** Covered property losses are settled at **actual cash value** at the time of loss but not exceeding the amount necessary to repair or replace the damaged property.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

    a. repair or replace any part to restore the pair or set to its value before the loss; or

    b. pay the difference between **actual cash value** of the property before and after the loss.

5. **Appraisal.** If you and we fail to agree on the amount of loss, either one can request that the amount of the loss be set by appraisal. If either makes a written request for appraisal, each shall select a competent independent appraiser, and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us. Any agreement signed by any two of these three, appraisers or umpire, is not binding.

6. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the **limit of liability** that applies under this policy bears to the total amount of insurance covering the loss.

7. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.

8. **Our Option.** We may repair or replace any part of the property damaged or stolen with equivalent property.

Any property we pay for or replace becomes our property.

9. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 30 days after we receive your proof of loss and:

    a. reach agreement with you;

    b. there is an entry of a final judgment; or

    c. there is a filing of an appraisal award with us.

10. **Abandoned Property.** We are not obligated to accept any property abandoned by an insured.

11. **Recovered Property.** If property for which we have made payment is recovered by you or us, you or we will notify the other of the recovery. You will have the option of keeping the property or having it become our property. If you keep the property, you will repay the amount you received for that property.

12. **Mortgage Clause.** The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverages A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order or precedence of the mortgages.

If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

    a. notifies us of any change in ownership or occupancy, or substantial change in risk of which the mortgagee is aware;

    b. pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us, and Loss Payment apply to the mortgagee.

7

INS 00000068

(a) The building has been vacant or unoccupied 60 or more consecutive days. This does not apply to:

(i) seasonal unoccupancy; or
(ii) buildings in the course of construction, renovation, or addition.

Buildings with 60% or more of the rental units or floor area vacant or unoccupied are considered unoccupied under this provision.

(b) After damage by a covered peril, permanent repairs to the building:

(i) have not started; and
(ii) have not been contracted for within 30 days of payment of loss.

(c) The building has:

(i) an outstanding order to vacate;
(ii) an outstanding demolition order; or
(iii) been declared unsafe by governmental authority.

(d) Fixed and salvageable items have been or are being removed from the building and are not being replaced. This does not apply to removal that is necessary or incidental to any renovation or remodeling.

(e) Failure to:

(i) furnish necessary heat, water, sewer service, or electricity for 30 consecutive days or more, except during a period of seasonal unoccupancy; or
(ii) pay property taxes that are due and have been outstanding for more than one year following the date due, except that this provision will not apply where you are in a bona fide dispute with the taxing authority regarding payment of such taxes.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded on a pro rata basis.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Nonrenewal.** We may elect not to renew this policy. We may do so by delivery to you, or mailing to you at your mailing address shown in the **Declarations**, written notice at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any **insured** may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any **insured** shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the **Declarations** or the spouse, if a resident of the same household, dies:

a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

b. **insured** includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. **Inspection and Audit.** We shall be permitted but not obligated to inspect your property and operations at any time. However, our right to inspect or our actual inspection and report shall not constitute an undertaking on your behalf or for your benefit or the benefit of others to determine or warrant that the property of operations are safe or healthful, or are in compliance with any law, rule or regulation.

INS 00000069

**ASSURANCE**

INS 00000070

F.  TRANSFER OF YOUR RIGHTS AND DUTIES
    UNDER THIS POLICY

Your rights and duties under this policy may not
be transferred without our written consent except
in the case of death of an individual named in-
sured.

If you die, your rights and duties will be trans-
ferred to your legal representative but only while
acting within the scope of duties as your legal
representative. Until your legal representative is
appointed, anyone having proper temporary cus-
tody of your property will have your rights and
duties but only with respect to that property.

Copyright, Insurance Services Office, Inc., 1982, 1983

IL 00 17 11 85

INS 00000071

### G. PAIR, SETS OR PARTS

1. Pair or Set. In case of "loss" to any part of a pair or set we may:
   a. Repair or replace any part to restore the pair or set to its value before the "loss;" or
   b. Pay the difference between the value of the pair or set before and after the "loss."

2. Parts. In case of "loss" to any part of Covered Property consisting of several parts when complete, we will only pay for the value of the lost or damaged part.

### H. PRIVILEGE TO ADJUST WITH OWNER

In the event of "loss" involving property of others in your care, custody or control, we have the right to:

1. Settle the "loss" with the owners of the property. A receipt for payment from the owners of that property will satisfy any claim of yours.

2. Provide a defense for legal proceedings brought against you. If provided, the expense of this defense will be at our cost and will not reduce the applicable Limit of Insurance under this insurance.

### I. RECOVERIES

Any recovery or salvage on a "loss" will accrue entirely to our benefit until the sum paid by us has been made up.

### J. REINSTATEMENT OF LIMIT AFTER LOSS

The Limit of Insurance will not be reduced by the payment of any claim, except for total "loss" of a scheduled item, in which event we will refund the unearned premium on that item.

### K. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this insurance has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after "loss" to impair them.

### GENERAL CONDITIONS

### A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other insured, at any time, concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.

### B. LEGAL ACTION AGAINST US

No one may bring legal action against us under this Coverage Part unless:

1. There has been full compliance with all the terms of this Coverage Part; and
2. The action is brought within two years after you first have knowledge of the "loss."

### C. NO BENEFIT TO BAILEE

No person or organization, other than you, having custody of Covered Property, will benefit from this insurance.

### D. POLICY PERIOD

We cover "loss" commencing during the policy period shown in the Declarations.

### E. VALUATION

The value of property will be the least of the following amounts:

1. The actual cash value of that property;
2. The cost of reasonably restoring that property to its condition immediately before "loss;" or
3. The cost of replacing that property with substantially identical property.

In the event of "loss," the value of the property will be determined as of the time of "loss."

**AUDUBON**

**INS 00000073**

8. Provide us with the names and addresses of any known persons injured and any available witnesses.

9. Provide us with any suit papers and other documents which will help us defend any **insured person**.

10. Assist and cooperate with us in the conduct of the defense by helping us:

   a. To make settlement;

   b. To enforce any right of contribution or indemnity against any person or organization who may be liable to an **insured person**;

   c. To attend hearings and trials; and

   d. To secure and give evidence and obtain the attendance of witnesses.

B. Policy Period and Territory. The Policy Period is stated in the Declarations Page. This policy applies to an occurrence which takes place anywhere in the world unless otherwise limited by the policy.

C. Suit Against Us.

   1. No one has the right to join us in any action against any **insured person** under this policy.

   2. No action shall be brought against us unless the **insured person** has complied with this policy's provisions, nor until final judgment or agreement has set the amount of the **insured person's** legal obligation with us.

D. Recovery. If the **insured person** has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The **insured person** must do nothing after loss to impair such rights of recovery. At our request, the **insured person** will bring suit or transfer those rights to us and help us enforce them.

E. Assignment. No one covered under this policy may assign or turn over any right or interest in regard to the policy without our written consent.

F. Changes. No change or modification of this policy shall be effective except when made by written endorsement signed by our authorized representative.

G. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, you or a **family member** has:

   a. Intentionally concealed or misrepresented any material fact or circumstance;

   b. Engaged in fraudulent conduct; or

   c. Made false statements;

   relating to this insurance.

H. Reasonable Care. You must use reasonable care to maintain heat in your **residence** or shut off and drain the water system or appliances if the home is vacant, unoccupied or being constructed. We do not cover any loss caused by water freezing in a plumbing, heating, or air conditioning system or household appliance if reasonable care has not been exercised.

I. Conformity to Statutes. Any provision of this policy, which is in conflict with state or local law, is amended to conform to the law.

J. Liberalization. If we broaden the coverages provided by your policy without an additional premium charge, the changes will automatically apply to your policy as of the effective date on which the changes are adopted in your state.

K. Bankruptcy or Death. The **insured person's** bankruptcy or insolvency shall not relieve us of any of our obligations. Further, if the **insured person** dies or becomes bankrupt or insolvent during the Policy Period, this policy, unless cancelled, will cover the **insured person's** legal representative for the remainder of the Policy Period.

L. Legal Action Against Us. You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until thirty (30) days after proof of loss has

PCHO (8/00)

13

**INS 00000074**