CLARENDON

INS 00000075

## SECTION II – CONDITIONS

1. **Limit of Liability.** Our total liability under Coverage E for all damages resulting from any one "occurrence" will not be more than the limit of liability for Coverage E as shown in the Declarations. This limit is the same regardless of the number of "insureds," claims made or persons injured. All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one "occurrence."

   Our total liability under Coverage F for all medical expense payable for "bodily injury" to one person as the result of one accident will not be more than the limit of liability for Coverage F as shown in the Declarations.

2. **Severability of Insurance.** This insurance applies separately to each "insured." This condition will not increase our limit of liability for any one "occurrence."

3. **Duties After Loss.** In case of an accident or "occurrence," the "insured" will perform the following duties that apply. You will help us by seeing that these duties are performed:

   a. Give written notice to us or our agent as soon as is practical, which sets forth:

   (1) The identity of the policy and "insured";

   (2) Reasonably available information on the time, place and circumstances of the accident or "occurrence"; and

   (3) Names and addresses of any claimants and witnesses;

   b. Promptly forward to us every notice, demand, summons or other process relating to the accident or "occurrence";

   c. At our request, help us:

   (1) To make settlement;

   (2) To enforce any right of contribution or indemnity against any person or organization who may be liable to an "insured";

   (3) With the conduct of suits and attend hearings and trials; and

   (4) To secure and give evidence and obtain the attendance of witnesses;

   d. Under the coverage -- Damage to Property of Others -- submit to us within 60 days after the loss, a sworn statement of loss and show the damaged property, if in the "insured's" control;

   e. The "insured" will not, except at the "insured's" own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the "bodily injury."

4. **Duties of an Injured Person – Coverage F – Medical Payments to Others.**

   The injured person or someone acting for the injured person will:

   a. Give us written proof of claim, under oath if required, as soon as is practical; and

   b. Authorize us to obtain copies of medical reports and records.

   The injured person will submit to a physical exam by a doctor of our choice when and as often as we reasonably require.

5. **Payment of Claim – Coverage F – Medical Payments to Others.** Payment under this coverage is not an admission of liability by an "insured" or us.

6. **Suit Against Us.** No action can be brought against us unless there has been compliance with the policy provisions.

   No one will have the right to join us as a party to any action against an "insured." Also, no action with respect to Coverage E can be brought against us until the obligation of the "insured" has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of an Insured.** Bankruptcy or insolvency of an "insured" will not relieve us of our obligations under this policy.

8. **Other Insurance – Coverage E – Personal Liability.** This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTIONS I AND II – CONDITIONS

1. **Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

   a. Intentionally concealed or misrepresented any material fact or circumstance;

   b. Engaged in fraudulent conduct; or

   c. Made false statements;

   relating to this insurance.

3. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state.

Page 15 of 16

INS 00000076

provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

4. Waiver or Change of Policy Provisions.

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

5. Cancellation.

a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

(b) If the risk has changed substantially since the policy was issued.

This can be done by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. Nonrenewal. We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

7. Assignment. Assignment of this policy will not be valid unless we give our written consent.

8. Subrogation. An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9. Death. If any person named in the Declarations or the spouse, if a resident of the same household, dies:

a. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

b. "Insured" includes:

(1) Any member of your household who is an "insured" at the time of your death, but only while a resident of the "residence premises"; and

(2) With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

Page 16 of 16

INS 00000077

ENCOMPASS

INS 00000078

Required
Coverages and Amendments

 ENCOMPASS.
INSURANCE

## AMENDMENT OF HOME AND DWELLING
## FIRE PROVISIONS ○ LOUISIANA

The following amends the **SPECIAL, DELUXE,** and **ELITE-HOME** Segments and the **DWELLING FIRE** Segment. Certain sections of this Amendment modify one or more of the above Segments and are so indicated. If not so indicated, the language below modifies all of the above Segments.

### GENERAL AGREEMENT

We will pay claims and provide coverage as described in this Segment if you pay the premiums and comply with everything outlined in this Segment. The Coverage Summary and the Policy Index form a part of the contract between you and us. Acceptance of this Segment means that you agree that the limits and deductibles shown in the Coverage Summary and in the Segment accurately reflect the limits and deductibles you have chosen.

### DEDUCTIBLES

The deductibles in the Coverage Summary are the amount you are responsible for in each loss. If more than one category of property is damaged in the same loss, only the highest deductible will be applied.

### COVERAGE SUMMARY

When we refer to the Coverage Summary in a Segment, we mean the section of the Coverage Summary that corresponds to the applicable Segment, and which details or lists the applicable coverage limits and deductibles for that Segment. Loss settlement for a covered exposure will only be applicable for the Segment for which coverage was purchased.

### DEFINITIONS

The following definitions are added:

"You" and "your" refer to the person shown as the "Named Insured" in the Coverage Summary and his or her spouse if a resident of the same household. "We" and "us" and "our" refer to the Company providing this insurance.

For the **SPECIAL-HOME** Segment, including all attached endorsements, any reference to "aggregate

property limit" is deleted and replaced by "property location limit".

**Property Location Limit** means the sum of the individual limits of insurance for your residence, tangible personal property and other structures respectively for such residence as specified in the Coverage Summary.

### REAL PROPERTY ○ LIMIT OF LIABILITY

For the **ELITE** and **DELUXE-HOME** Segments, Item 2. is deleted and replaced by the following:

2.  If you have:

a.  Maintained coverage on the real property at 100% of its full replacement cost by paying renewal premium to reflect the then current replacement cost. The current replacement cost of the real property will be based on the residential construction cost index provided to us by a major appraisal company; and

b.  Notified us within 90 days of the start of any alterations to the real property which increase the replacement cost of the real property by 5% or more;

Then, if at the time of loss the residence value indicated in the Coverage Summary is less than the current replacement cost, we will:

a.  Increase the residence value to equal the current replacement cost;

b.  Also increase the property location limit by the same percentage applied to the residence value to pay the loss but no more than 25% for **ELITE-HOME** or 15% for **DELUXE-HOME;** and

c.  Adjust the policy premium from the time of loss for the remainder of the policy term based on the increased limit of liability.

"Current replacement cost" does not include any additional costs necessary to comply with any ordinance or law that regulates the construction, repair or demolition of the property.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G-18733-H  Ed. 04-04

INS 00000079

**Required Coverages and Amendments**

5. **Appraisal.**

The sentence: "A decision agreed to by any two will be binding." is deleted in its entirety.

6. **Suit Against Us** is deleted and replaced by the following:

No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss. However, the one year period is extended by the number of days between the date the proof of loss is submitted and the date the claim is submitted in whole or in part.

8. **Who We Pay** is deleted and replaced by the following:

8. **Who We Pay.** We will adjust all losses with you. We will pay you unless some other person is named in the Segment or is legally entitled to receive payment. Loss will be payable 30 days after we receive your proof of loss and any undisputed portions of the claim.

The following is added as Item 10.:

10. **Cost of Preparing Proof of Loss**

We will pay up to $250 for **SPECIAL** and **DELUXE-HOME** and $2,000 for **ELITE-HOME** for the reasonable expenses incurred by you or any *covered person*, for any outside services · necessary to prepare proof of your loss or other exhibits required by this Segment. This includes:

a. Building repair estimates;

b. Accounting services;

c. Appraisals; or

d. Other necessary services performed for you or any *covered person*, by others.

However, we will not pay for any legal services or the services of a public adjuster.

## LIABILITY COVERAGE ○ HOME

## PERSONAL LIABILITY ○ INSURING AGREEMENT

The second Item 1. is deleted and replaced by the following:

1. Pay up to our limit of liability for the damages which a *covered person* is legally liable.

The last sentence in provision 2, "our duty to settle or defend ends when the amount we pay for damages resulting from an *occurrence* equals our limit of liability" is deleted in its entirety.

## LOSSES WE DO NOT COVER

Exclusions **1.d.(2)**, **1.d.(3)**, **1.d.(5)**, and **1.h.** are deleted and replaced by the following:

1. d. (2) Watercraft powered by one or more outboard motors of 50 horsepower or less, which are owned by a *covered person*;

1. d. (3) Watercraft powered by inboard or inboard-outboard motor power of 50 horsepower or less, which are owned by a *covered person*;

1. d. (5) Watercraft that you or a *family member* do not own, as long as they are not furnished or available for the regular use of you or any *covered person*, regardless of the horsepower; ·

1. h. Intended by, or which may be reasonably expected to result from the intentional acts or omissions of one or more *covered persons*. This exclusion applies even if:

(1) Such *covered person* lacks the mental capacity to govern his or her conduct;

(2) Such *bodily injury* or *property damage* is of a different kind, quality, or degree than initially expected or intended; or

(3) Such *bodily injury* or *property damage* is sustained by a different person, entity, real or personal property, than intended or reasonably expected.

However, this Exclusion h. does not apply to *bodily injury* resulting from the use of reasonable force by one or more *covered persons* to protect persons or property.

Exclusion 1.l.(3) is deleted in its entirety.

Exclusions 1.o. and 1.p. are added:

1. o. Arising out of sexual molestation, corporal punishment, or physical or mental abuse. However, we will cover your liability for

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G-18733-H Ed. 04-04

INS 00000080

## Required Coverages and Amendments

### Other Termination Provisions

a.  If this Segment is canceled, you may be entitled to a premium refund. If so, we will send the refund to you or your agent. The premium refund, if any, will be computed on a pro-rata basis. However, making or offering to make the refund is not a condition of cancellation.

b.  The effective date of cancellation stated in the notice shall become the end of the policy period for this Segment.

### 4.  BANKRUPTCY OF ANY COVERED PERSON

Bankruptcy or insolvency of you or any *covered person*, as defined in this Segment, shall not relieve us of any of our obligations.

### 5.  OTHER INSURANCE

When there is other applicable insurance, we will provide coverage as follows:

a.  In the first year of this policy, prior to the exposure's effective date shown in the Coverage Summary for what will be a covered Segment, we will pay all covered claims up to the limits you have purchased in excess of the total limits of all other policies.

b.  During the first and subsequent years of this policy for those exposures shown effective in the Coverage Summary, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

c.  No one will be entitled to any payment that duplicates payment under any other Segment of the policy or from any other source of recovery for the same element of loss.

#### Exception:

a.  For Condominium and Cooperative Owners o If, at the time of loss, there is other insurance in the name of a corporation or association of property owners covering the same property covered by this Segment, this insurance will be excess over the amount recoverable under such other insurance.

b.  Any insurance *we* provide with respect to a watercraft that *you* or any *family member* do not own shall be excess over other valid and collectible insurance.

c.  For other than losses covered under **Additional Liability Coverage ° Workers' Compensation**, this insurance will be excess over any amounts recoverable under coverage required to be provided by any workers' compensation disability benefits or similar law.

### 6.  POLICY PERIOD

Claims under this policy must be for:

a.  Loss under the property coverages; or

b.  Liability arising from an accident or *occurrence* as defined in the Segment;

which occurs during the policy period shown on the Coverage Summary.

### 7.  TERRITORY

The Segment territory is worldwide.

### 8.  RECOVERED PROPERTY

If you recover any property that we have made payment on under this Segment, you must immediately notify us. If the recovery is made prior to the conclusion of the loss adjustment, you will have the option to retain the property and we will adjust the loss payment based on the value of the property.

### 9.  TRANSFER OF YOUR INTEREST IN THIS SEGMENT

Your rights and duties under this Segment may not be assigned without our written consent.

However, if any person named in the Coverage Summary dies, coverage will be provided for:

a.  The surviving spouse if a resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Coverage Summary; and

b.  The legal representative of the deceased person as if a named insured shown in the Coverage Summary. This applies only with respect to the property of the deceased covered under the segment at the time of death.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

INS 00000081


ENCOMPASS.
INSURANCE

Coverage will be provided only until the end of the policy period.

**10. Concealment of Fraud**

**a.** Under **PROPERTY COVERAGE  O  HOME** and **PROPERTY COVERAGE  O  DWELLING:**

(1) with respect to loss caused by fire, we do not provide coverage to the *covered person* who, whether before or after a loss, has:

(a) Intentionally concealed or misrepresented any material fact or circumstance;

(b) Engaged in fraudulent conduct; or

(c) Made false statements;

relating to this insurance.

(2) With respect to loss caused by a peril other than fire and with respect to all *covered persons* covered under this policy, we provide no coverage for loss under **PROPERTY COVERAGE  O  HOME** and **PROPERTY COVERAGE  O  DWELLING** if, whether before or after a loss, one or more *covered persons* have:

(a) Intentionally concealed or misrepresented any material fact or circumstance;

(b) Engaged in fraudulent conduct; or

(c) Made false statements;

relating to this insurance.

**b.** Under **LIABILITY COVERAGE  O  HOME** and **LIABILITY COVERAGE  O  DWELLING FIRE,** we do not provide coverage to one or more *covered persons* who, before or after a loss, have:

(1) Intentionally concealed or misrepresented any material fact or circumstance;

(2) Engaged in fraudulent conduct; or

(3) Made false statements;

relating to this insurance.

c. However, if the conduct specified under a. or b. above is in relation to the procurement of the contract or occurs subsequent to the issuance of the contract, but if known to us would have caused us not to issue the policy, coverage will only be denied if the conduct was committed with the intent to deceive.

**11. SUBROGATION**

A *covered person* may waive in writing before a loss all rights of recovery against any person.

If not waived, *we* may require an assignment of rights of recovery for a loss to the extent that payment is made by *us.*

If an assignment is sought, a *covered person* must sign and deliver all related papers and cooperate with *us.*

If *we* make any payment under this Segment and the person to or for whom payment is made has a right to recover damages from another, *we* shall be subrogated to that right. However, our right to recover is subordinate to the *covered person's* right to be fully compensated.

**12. ADDITIONAL INSURED**

The definition of "you" and "your" includes the person or organization named in the Coverage Summary as an Additional Insured for the **HOME** Segment, with respect to:

(1) **Property Coverage  O  Real Property;**

(2) **Liability Coverage  O  Personal Liability;** and

(3) **Liability Coverage  O  Medical Expense;**

but only with respect to the premises associated with that "Additional Insured" in the Coverage Summary.

This coverage extension does not apply to *bodily injury* to an employee arising out of or in the course of employee's employment by the person or organization.

**13. THE LAW**

If anything in this Segment conflicts with state or local laws, we agree to honor any claim or suit in conformity with the law.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**G-18733-H** Ed. 04-04

Page 13 of 14

INS 00000082

**FARM BUREAU**

INS 00000083



## ELITE HOMEOWNER POLICY
### HO-5

 **LOUISIANA FARM BUREAU**
MUTUAL INSURANCE COMPANY
or
**LOUISIANA FARM BUREAU**
CASUALTY INSURANCE COMPANY
or
**SOUTHERN FARM BUREAU**
CASUALTY INSURANCE COMPANY



P. O. Box 95005
Baton Rouge, Louisiana 70895-9005

CAREFULLY NOTE CONDITIONS OF POLICY
REQUIRING IMMEDIATE NOTICE
OF ANY ACCIDENT

..FB2775 (11/01/2004)

INS 00000084

6. **Automatic Termination.** If we offer to renew or continue this policy and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** If we make any payment under this policy and the person for whom payment was made has a right to recover damages from another, we shall be subrogated to that right, to the extent of our payment. No insured may do anything after loss to impair those rights. At our request, such insured will bring suit or transfer those rights to us and help enforce them. However, our right to recover is subordinated to the injured person's right to be fully compensated for his or her injuries and to the insured's right to be made whole.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

   a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

   b. insured includes:

      (1) any member of your household who is an insured at the time of your death, but only while a resident of the residence premises; and

      (2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Payment of Premium.** Checks in payment of your premium are accepted subject to collection. If a check is returned to us uncollected for any reason, your premium is considered unpaid.

11. **Audit and Inspection Clause.** At our option, we may inspect your property and operations at any time. We do not assume any liability by exercising our right to inspect or audit. By making any inspection or audit, we make no

representation that your property or operations are safe, not harmful to health or comply with any law, rule or regulation.

12. **Concealment or Fraud.** With respect to the insured covered under this policy, we provide no coverage for loss if, whether before or after a loss, the insured has, with intent to deceive:

   a. intentionally concealed or misrepresented any material fact or circumstance; or

   b. engaged in fraudulent conduct; or

   c. made false statements;

   relating to this insurance.

   However, if the conduct specified under a., b. or c. above is in relation to the procurement of the contract or occurs subsequent to the issuance of the contract, but if known to us would have caused us not to issue the policy, coverage will only be denied if the conduct was committed with the intent to deceive.

13. **Conformity Clause.** Any provisions of this contract which are in conflict with the laws of the State of Louisiana shall not result in the entire contract being null and void. Instead, such provisions shall be deemed amended to conform to the law.

### PARISH FARM BUREAU MEMBERSHIP PROVISION

As a prerequisite to your purchase of this policy and any renewal of insurance hereunder, you must make application to be a member of and maintain your membership in the applicable local parish Farm Bureau agricultural organization and affiliated state Farm Bureau agricultural organization (hereinafter collectively "Farm Bureau Federation"). Your failure to apply for membership and maintain your membership with the applicable Farm Bureau Federation as our sponsoring organization, including but not limited to your failure to pay the required membership dues to said Farm Bureau Federation, shall require the cancellation or nonrenewal of your policy by us. Dues payable to the Farm Bureau Federation are in consideration of membership in Farm Bureau Federation and other agricultural related services from Farm Bureau Federation and are not premiums, are not in consideration of coverage under this policy and are not payable to us.

INS 00000085

d.  You may elect not to replace some or all of the destroyed or stolen property. Settlement for the property not replaced will be on an actual cash value basis. If you later decide to replace any destroyed or stolen property, you may make an additional claim under this policy within 180 days after the loss.

3.  This coverage does not increase the Coverage A, Coverage B or Coverage C limit of liability.

4.  The **Loss Deductible Clause** applicable to Section I applies to loss under this condition.

4.  **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

a.  repair or replace any part to restore the pair or set to its value before the loss; or

b.  pay the difference between actual cash value of the property before and after the loss.

5.  **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6.  **Appraisal.** If you and we fail to agree on the amount of loss, you may make a written demand for an appraisal. In this event, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then determine the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall determine the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

7.  **Other Insurance.** Other insurance may be prohibited or the amount of insurance may be limited by endorsement. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8.  **Suit Against Us.** No lawsuit or action can be brought unless all the policy provisions have been complied with and the action is started within one year after the date of loss.

9.  **Our Option.** We may repair or replace any part of the property damaged or stolen with property of like kind and quality. Any property we pay for or replace becomes our property at our option.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable within 30 days after we receive a satisfactory proof of loss from you or any party in interest.

11. **Abandonment of Property.** We need not accept any property abandoned by any insured.

12. **Mortgage Clause.**

The word mortgagee includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee who appears on the declarations page:

a.  notifies us within 10 days of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware prior to the loss;

b.  pays any premium due under this policy on demand if you have neglected to pay the premium; and

INS 00000086

# STANDARD FIRE POLICY

Louisiana Farm Bureau
Mutual
Insurance Company
or
Louisiana Farm Bureau
Casualty
Insurance Company



P. O. BOX 95005
BATON ROUGE, LA. 70895-9005

INS 00000087

**LOUISIANA FARM BUREAU
MUTUAL INSURANCE COMPANY**
(A Mutual Company herein called the Company)

OR

**LOUISIANA FARM BUREAU
CASUALTY INSURANCE COMPANY**
(A Stock Insurance Company herein called the Company)

THE COMPANY INDICATED ON THE DEC-LARATIONS AGREES with the insured, named in the Declarations made a part hereof, in consideration of the payment of the premiums and in reliance upon all statements of the insured and subject to all the provisions of this policy:

**IN CONSIDERATION OF THE PROVISIONS
AND STIPULATIONS HEREIN OR ADDED
HERETO**

AND OF the premium specified, this Company, for the term of *years specified* from *inception date shown* At 12:01 A.M. to *expiration date shown* At 12:01 A.M. at location of property involved shown on the Declarations, to an amount not exceeding the amount(s) specified, does insure *the insured named* and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed by preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with the Declarations and Application such other provisons, stipulations and agreements as may be added hereto, as provided in this policy.

| Line | | |
|---|---|---|
| 1 | Concealment, | This entire policy shall be void if, whether |
| 2 | fraud. | before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto. |

1 Concealment,     This entire policy shall be void if, whether
2 fraud.     before or after a loss, the insured has wil-
3     fully concealed or misrepresented any ma-
4 terial fact or circumstance concerning this insurance or the
5 subject thereof, or the interest of the insured therein, or in case
6 of any fraud or false swearing by the insured relating thereto.
7 Uninsurable     This policy shall not cover accounts, bills,
8     and     currency, deeds, evidences of debt, money or
9 excepted property. securities; nor, unless specifically named
10     hereon in writing, bullion or manuscripts.
11 Perils not     This Company shall not be liable for loss by
12 included.     fire or other perils insured against in this
13     policy caused, directly or indirectly, by: (a)
14 enemy attack by armed forces, including action taken by mili-
15 tary, naval or air forces in resisting an actual or an immediately
16 impending enemy attack; (b) invasion; (c) insurrection; (d)
17 rebellion; (e) revolution; (f) civil war; (g) usurped power; (h)
18 order of any civil authority except acts of destruction at the time
19 of and for the purpose of preventing the spread of fire, provided
20 that such fire did not originate from any of the perils excluded
21 by this policy; (i) neglect of the insured to use all reasonable
22 means to save and preserve the property at and after a loss, or
23 when the property is endangered by fire in neighboring prem-
24 ises; (j) nor shall this Company be liable for loss by theft.
25 Other Insurance.     Other insurance may be prohibited or the
26     amount of insurance may be limited by en-
27 dorsement attached hereto.
28 Conditions suspending or restricting insurance. Unless other-
29 wise provided in writing added hereto this Company shall not
30 be liable for loss occurring
31 (a) while the hazard is increased by any means within the con-
32 trol or knowledge of the insured; or
33 (b) while a described building, whether intended for occupancy
34 by owner or tenant, is vacant or unoccupied beyond a period of
35 sixty consecutive days; or
36 (c) as a result of explosion or riot, unless fire ensue, and in
37 that event for loss by fire only.

1

INS 00000088

104 brances thereon, all other contracts of insurance, whether valid
105 or not, covering any of said property, and changes in the title,
106 use, occupation, location, possession or exposures of said prop-
107 erty since the issuing of this policy, by whom and for what
108 purpose any building herein described and the several parts
109 thereof were occupied at the time of loss and whether or not it
110 then stood on leased ground, and shall furnish a copy of all the
111 descriptions and schedules in all policies and, if required, verified
112 plans and specifications of any building, fixtures or machinery
113 destroyed or damaged. The insured, as often as may be reason-
114 ably required, shall exhibit to any person designated by this
115 Company all that remains of any property herein described, and
116 submit to examinations under oath by any person named by this
117 Company, and subscribe the same; and, as often as may be
118 reasonably required, shall produce for examination all books of
119 account, bills, invoices and other vouchers, or certified copies
120 thereof if originals be lost, at such reasonable time and place as
121 may be designated by this Company or its representative, and
122 shall permit extracts and copies thereof to be made.
123 **Appraisal.** In case the insured and this Company shall
124 fail to agree as to the actual cash value or
125 the amount of loss, then, on the written demand of either, each
126 shall select a competent and disinterested appraiser and notify
127 the other of the appraiser selected within twenty days of such
128 demand. The appraisers shall first select a competent and dis-
129 interested umpire; and failing for fifteen days to agree upon
130 such umpire, then, on request of the insured or this Company,
131 such umpire shall be selected by a judge of a court of record in
132 the state in which the property covered is located. The ap-
133 praisers shall then appraise the loss, stating separately actual
134 cash value and loss to each item; and, failing to agree, shall
135 submit their differences, only, to the umpire. An award in writ-
136 ing, so itemized, of any two when filed with this Company shall
137 determine the amount of actual cash value and loss. Each
138 appraiser shall be paid by the party selecting him and the ex-
139 penses of appraisal and umpire shall be paid by the parties
140 equally.
141 **Company's** It shall be optional with this Company to
142 **options.** take all, or any part, of the property at the
143 agreed or appraised value, and also to re-
144 pair, rebuild or replace the property destroyed or damaged with
145 other of like kind and quality within a reasonable time, on giv-
146 ing notice of its intention so to do within thirty days after the
147 receipt of the proof of loss herein required.
148 **Abandonment.** There can be no abandonment to this Com-
149 pany of any property.
150 **When loss** The amount of loss for which this Company
151 **payable.** may be liable shall be payable sixty days
152 after proof of loss, as herein provided, is
153 received by this Company and ascertainment of the loss is made
154 either by agreement between the insured and this Company ex-
155 pressed in writing or by the filing with this Company of an
156 award as herein provided.
157 **Suit.** No suit or action on this policy for the recov-
158 ery of any claim shall be sustainable in any
159 court of law or equity unless all the requirements of this policy
160 shall have been complied with, and unless commenced within
161 twelve months next after inception of the loss.
162 **Subrogation.** This Company may require from the insured
163 an assignment of all right of recovery against
164 any party for loss to the extent that payment therefor is made
165 by this Company.

IN WITNESS WHEREOF, this Company has
executed and attested these presents; but this pol-
icy shall not be valid unless countersigned by the

duly authorized Agent of this Company at the
agency hereinbefore mentioned.

8

INS 00000089

FOREMOST

INS 00000090



# Foremost
# Classic CL
# Homeowners
# Policy

**FOREMOST**
INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

A Stock Company

Home Office
5600 Beech Tree Lane
Caledonia, Michigan 49316

INS 00000091

expenses. This provision does not apply for First Aid Expenses for others or Emergency Repairs After Loss to your dwelling, other structures or personal property necessary to protect them from further loss.

We will offer to make settlement within 30 days after we receive an acceptable proof of loss from you and the amount of loss is determined as provided in this policy.

4. Other Insurance.

   a. SECTION I – Your Property Coverages

      If both this and other insurance apply to a loss, we will pay our share. Our share will be the proportionate amount that this insurance bears to the total amount of all applicable insurance.

   b. SECTION II – Your Liability Coverages

      This insurance is excess over other valid insurance except insurance written specifically to cover excess over the limits that apply in this policy.

   c. SECTION I – Your Property Coverages

      SECTION II – Your Liability Coverages

      If at the time of loss, there is other insurance in the name of a corporation or association of property owners covering the same property covered by this policy, this insurance will be excess over the amount recoverable under such other insurance.

5. Our Right to Recover from Others. After we have paid a claim, except for Medical Payments to Others, we have the right to recover the payment from anyone who may be held responsible for the loss. You will be required to sign any papers and do whatever else is necessary to transfer this right to us. Neither you nor anyone we insure in this policy has the right to do anything to prejudice our right.

6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

   Each party will:

   a. Pay its own appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

7. Legal Action Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

8. Mortgagee. An insured loss will be payable to the mortgagees named on the Declarations Page, to the extent of their interest and in their order of precedence. All provisions of this policy apply to these mortgagees.

19

INS 00000092

We will protect the mortgagee's interest in an insured building or structure in the event of an increase in hazard, intentional or criminal acts of any of you, neglect by any of you to take all reasonable steps to save and preserve property after an insured loss, a change in ownership, or foreclosure if the mortgagee has no knowledge of these conditions.

The mortgagee must:

a. Furnish proof of loss within 60 days after notice of the loss if any of you fail to do so;

b. Pay upon demand any premium due if any of you fail to do so;

c. Notify us of any change of ownership or occupancy of any increase in hazard of which the mortgagee has knowledge;

d. Give us the mortgagee's right of recovery against any party liable for loss; and

e. After a loss, and at our option, permit us to satisfy the mortgage requirements and receive full transfer of the mortgage.

This condition will apply to any trustee named in this policy.

9. Changes in Your Policy. If any provision of this policy is in conflict with any governmental requirements at the time your policy is written, it is automatically changed to conform to them.

If we broaden the coverages provided by this edition of the policy without additional premium charges during the Policy Period, we will give you the benefit of these broadened coverages.

The only other way this policy can be changed is if we change it in writing. Any changes will be made a part of this policy. Any changes in your premium will be made at that time.

If your policy is renewed, we will furnish you any form revisions applicable to your policy.

10. Bankruptcy. If you become bankrupt or insolvent, we will still insure you for the period of time your premium is paid.

11. Transfer of This Policy. You may not transfer any interest in this policy without our written consent. If you die, we will insure other members of your family entitled to coverage at the time of your death and your legal representative, but only with respect to the property insured by this policy at the time of your death.

12. Abandoned Property. We are not obliged to accept abandoned property.

13. No-Benefit to Bailee. This insurance will not benefit any person or organization who may be caring for or handling your property for a fee.

14. Inspections and Credit Reports. We are permitted, but not obligated, to inspect your property and order a credit report. Our inspection does not warrant that the property is safe or healthful or in compliance with any law, rule or regulation.

15. Cancellation. You may cancel this policy by returning it to us or by mailing to us a written notice telling us the advance date that cancellation is to become effective. If a mortgagee is named on the Declarations Page, we will mail written notice to the mortgagee ten days prior to cancellation of the mortgagee's interest in this policy.

We may cancel this policy for any reason during the first 60 days we insure you. After the first 60 days we may cancel it if:

20

INS 00000093