# HORACE MANN

INS 00000117

# Horace Mann Insurance Company



The payment of a claim under Coverage M does not mean **we** admit **we** are liable under Coverage L.

4.   **Insurance under more than one coverage.** — If more than one coverage of this policy applies to a loss, **we** pay no more than the Actual loss.

5.   **Insurance under more than one policy** — If there is other valid and collectible insurance which applies to a loss or claim, or would have applied in the absence of this policy, the insurance under this policy shall be considered excess insurance and shall not apply or contribute to the payment of any loss or claim until the amount of such other insurance is exhausted.

6.   **Restoration of limits.** — The loss **we** pay under this policy does not reduce the **limits.**

## Payment of loss or claim

1.   **Your property** — **We** adjust each loss with **you. We** pay an insured loss within 30 days after an acceptable proof of loss is received and the amount of the loss is agreed to in writing. If **you** and **we** do not agree, **we** pay within 30 days after the filing of an appraisal award with **us.** Payment is made to **you** unless a loss payee is named.

2.   **Additional living costs** — If the **insured premises** is made unfit for use for more than one month, covered costs are paid on a monthly basis. **You** must give **us** proof of such costs.

3.   **Damage to personal property of others** — At **our** option, an insured loss may be adjusted with and paid:

   a.   to **you** on behalf of the owner; or

   b.   to the owner. If **we** pay the owner, **we** do not have to pay an **insured.**

4.   **Our options** — **We** may:

   a.   pay the loss in money; or

   b.   rebuild, repair or replace the property. **We** must give **you** notice of **our** intent to do so within 30 days after **we** receive an acceptable proof of loss.

   **We** may take all or part of the damaged property at the agreed or appraised value. Property paid for or replaced by **us** becomes **ours.**

5.   **Liability coverages** — A person who has secured a judgment against an **insured** for an insured loss or has liability established by a written agreement between the claimant, an **insured** and **us,** is entitled to recover under this policy to the extent of coverage provided.

## Policy conditions

### Conditions applicable to all coverages

1.   **Assignment** — This policy may not be assigned without **our** written consent.

2.   **Cancellation and nonrenewal** — **You** may cancel this policy by returning the policy to

HM-3 (1-90)                                                                                                           Page 21

INS 00000118

# Horace Mann Insurance Company



or payment is made by those responsible for the loss.

   a. The **insured** must inform **us** or **we** must inform the **insured** if either recovers property or receives payment.

   b. Proper costs incurred by either party are paid first.

   c. The **insured** may keep the property. The amount of the claim paid or a lesser amount to which **we** agree, must be returned to **us**.

   d. If the claim paid is less than the agreed loss due to a deductible, or other limiting **terms**, the recovery is prorated between the **insured** and **us** based on the interest of each in the loss.

8. **Subrogation** — If **we** pay for a loss, **we** may require that the **insured** assign to **us** the right of recovery up to the amount **we** pay. **We** are not liable for a loss if, after the loss, an **insured** impairs **our** right to recover against others. **You** may waive **your** right to recover, in writing, before a loss occurs, without voiding coverage. If **we** pay a loss to or for an **insured** and the **insured** recovers from another party for the same loss, the **insured** must pay **us** as stated in Recoveries.

Subrogation does not apply to Coverage M — Medical Payments to Others or to Damage to Property of Others under the Incidental liability coverages.

9. **Suit against us** — No suit may be brought against **us** unless all the **terms** of this policy have been complied with and

   a. **Property coverages** — The suit is brought within two years after the loss.

If a law of the state where the premises is located makes this time period invalid, the suit must be brought within the time period allowed by the law.

   b. **Liability coverages** — The amount of an **insured's** liability has been fixed by:

     1) a final judgment against an **insured** which is the result of a trial; or

     2) a written agreement of the **insured**, the claimant and **us**.

No person has a right under this policy to join **us** or implead **us** in actions that are brought to fix the liability of an **insured**.

10. **Bankruptcy of an insured** — Bankruptcy or insolvency of an **insured** does not relieve **us** of **our** obligations under this policy.

## Conditions applicable to property coverages only

11. **Abandonment of property** — An **insured** may not abandon the property to **us** unless **we** agree.

12. **Appraisal** — If **you** and **we** do not agree on the amount of the loss, the Actual cash value of the property or the cost to repair or replace the property, either party may demand that these amounts be determined by appraisal.

If either party makes a written demand for appraisal, each will select a competent independent appraiser and notify the other of the appraiser's identity within 20 days after the receipt of the

HM-3 (1-90)

INS 00000119

# Teachers Insurance Company



or payment is made by those responsible for the loss.

 a. The **insured** must inform **us** or **we** must inform the **insured** if either recovers property or receives payment.

 b. Proper costs incurred by either party are paid first.

 c. The **insured** may keep the property. The amount of the claim paid or a lesser amount to which **we** agree, must be returned to **us**.

 d. If the claim paid is less than the agreed loss due to a deductible, or other limiting **terms**, the recovery is prorated between the **insured** and **us** based on the interest of each in the loss.

8. **Subrogation** — If **we** pay for a loss, **we** may require that the **insured** assign to **us** the right of recovery up to the amount **we** pay. **We** are not liable for a loss if, after the loss, an **insured** impairs **our** right to recover against others. **You** may waive **your** right to recover, in writing, before a loss occurs, without voiding coverage. If **we** pay a loss to or for an **insured** and the **insured** recovers from another party for the same loss, the **insured** must pay **us** as stated in Recoveries.

 Subrogation does not apply to Coverage M — Medical Payments to Others or to Damage to Property of Others under the Incidental liability coverages.

9. **Suit against us** — No suit may be brought against **us** unless all the **terms** of this policy have been complied with and

 a. **Property coverages** — The suit is brought within two years after the loss.

 If a law of the state where the premises is located makes this time period invalid, the suit must be brought within the time period allowed by the law.

 b. **Liability coverages** — The amount of an **insured's** liability has been fixed by:

  1) a final judgment against an **insured** which is the result of a trial; or

  2) a written agreement of the **insured**, the claimant and **us**.

 No person has a right under this policy to join **us** or implead **us** in actions that are brought to fix the liability of an **insured**.

10. **Bankruptcy of an insured** — Bankruptcy or insolvency of an **insured** does not relieve **us** of **our** obligations under this policy.

## Conditions applicable to property coverages only

11. **Abandonment of property** — An **insured** may not abandon the property to **us** unless **we** agree.

12. **Appraisal** — If **you** and **we** do not agree on the amount of the loss, the Actual cash value of the property or the cost to repair or replace the property, either party may demand that these amounts be determined by appraisal.

 If either party makes a written demand for appraisal, each will select a competent independent appraiser and notify the other of the appraiser's identity within 20 days after the receipt of the

INS 00000120

# Teachers Insurance Company



The payment of a claim under Coverage M does not mean **we** admit **we** are liable under Coverage L.

4. **Insurance under more than one coverage** — If more than one coverage of this policy applies to a loss, **we** pay no more than the Actual loss.

5. **Insurance under more than one policy** — If there is other valid and collectible insurance which applies to a loss or claim, or would have applied in the absence of this policy, the insurance under this policy shall be considered excess insurance and shall not apply or contribute to the payment of any loss or claim until the amount of such other insurance is exhausted.

6. **Restoration of limits** — The loss **we** pay under this policy does not reduce the **limits**.

## Payment of loss or claim

1. **Your property** — **We** adjust each loss with **you**. **We** pay an insured loss within 30 days after an acceptable proof of loss is received and the amount of the loss is agreed to in writing. If **you** and **we** do not agree, **we** pay within 30 days after the filing of an appraisal award with **us**. Payment is made to **you** unless a loss payee is named.

2. **Additional living costs** — If the **insured premises** is made unfit for use for more than one month, covered costs are paid on a monthly basis. **You** must give **us** proof of such costs.

3. **Damage to personal property of others** — At **our** option, an insured loss may be adjusted with and paid:
   a. to **you** on behalf of the owner; or
   b. to the owner. If **we** pay the owner, **we** do not have to pay an **insured**.

4. **Our options** — **We** may:
   a. pay the loss in money; or
   b. rebuild, repair or replace the property. **We** must give **you** notice of **our** intent to do so within 30 days after **we** receive an acceptable proof of loss.

   **We** may take all or part of the damaged property at the agreed or appraised value. Property paid for or replaced by **us** becomes **ours**.

5. **Liability coverages** — A person who has secured a judgment against an **insured** for an insured loss or has liability established by a written agreement between the claimant, an **insured** and **us**, is entitled to recover under this policy to the extent of coverage provided.

## Policy conditions

### Conditions applicable to all coverages

1. **Assignment** — This policy may not be assigned without **our** written consent.

2. **Cancellation and nonrenewal** — **You** may cancel this policy by returning the policy to

HM-3 (1-90)                                                                                    Page 21

INS 00000121

HOMESITE

INS 00000122

4) We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of b.1) and b.2) above.

However, if the cost to repair or replace the damage is both:

a) Less than 5% of the amount of insurance in this policy on the building; and

b) Less than $2,500;

we will settle the loss according to the provisions of b.1) and b.2) above whether or not actual repair or replacement is complete.

5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition 3. Loss Settlement.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

a. Repair or replace any part to restore the pair or set to its value before the loss; or

b. Pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a. Pay its own appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

9. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. Reach an agreement with you;

b. There is an entry of a final judgment; or

c. There is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by an "insured."

12. **Mortgage Clause.**

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

HO 00 03 (04 91)

INS 00000123

b. Liability for an act of a director, officer or trustee in the capacity as a director, officer or trustee, provided:

    1) The director, officer or trustee is elected by the members of a corporation or association of property owners; and

    2) The director, officer or trustee serves without deriving any income from the exercise of duties which are solely on behalf of a corporation or association of property owners.

This coverage applies only to loss assessments charged against you as owner or tenant of the "residence premises."

We do not cover loss assessments charged against you or a corporation or association of property owners by any governmental body.

Regardless of the number of assessments, the limit of $1,000 is the most we will pay for loss arising out of:

a. One accident, including continuous or repeated exposure to substantially the same general harmful condition; or

b. A covered act of a director, officer or trustee. An act involving more than one director, officer or trustee is considered to be a single act.

The following do not apply to this coverage:

1. Section II - Coverage E - Personal Liability Exclusion 2.a. 1);

2. Condition 1. Policy Period, under SECTIONS I AND II - CONDITIONS.

## SECTION II – CONDITIONS

1. **Limit of Liability.** Our total liability under Coverage E for all damages resulting from any one "occurrence" will not be more than the limit of liability for Coverage E as shown in the Declarations. This limit is the same regardless of the number of "insureds," claims made or persons injured. All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one "occurrence."

    Our total liability under Coverage F for all medical expense payable for "bodily injury" to one person as the result of one accident will not be more than the limit of liability for Coverage F as shown in the Declarations.

2. **Severability of Insurance.** This insurance applies separately to each "insured." This condition will not increase our limit of liability for any one "occurrence."

3. **Duties After Loss.** In case of an accident or "occurrence," the "insured" will perform the following duties that apply. You will help us by seeing that these duties are performed:

    a. Give written notice to us or our agent as soon as is practical, which sets forth:

        1) The identity of the policy and "insured";

        2) Reasonably available information on the time, place and circumstances of the accident or "occurrence"; and

        3) Names and addresses of any claimants and witnesses;

    b. Promptly forward to us every notice, demand, summons or other process relating to the accident or "occurrence";

    c. At our request, help us:

        1) To make settlement;

        2) To enforce any right of contribution or indemnity against any person or organization who may be liable to an "insured";

        3) With the conduct of suits and attend hearings and trials; and

        4) To secure and give evidence and obtain the attendance of witnesses;

HO 00 03 (04 91)

Page 19 of 21

INS 00000124

    d. Under the coverage - Damage to Property of Others - submit to us within 60 days after the loss, a sworn statement of loss and show the damaged property, if in the "insured's" control;

    e. The "insured" will not, except at the "insured's" own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the "bodily injury."

4. **Duties of an Injured Person - Coverage F - Medical Payments to Others.**

The injured person or someone acting for the injured person will:

    a. Give us written proof of claim, under oath if required, as soon as is practical; and

    b. Authorize us to obtain copies of medical reports and records.

The injured person will submit to a physical exam by a doctor of our choice when and as often as we reasonably require.

5. **Payment of Claim - Coverage F - Medical Payments to Others.** Payment under this coverage is not an admission of liability by an "insured" or us.

6. **Suit Against Us.** No action can be brought against us unless there has been compliance with the policy provisions.

No one will have the right to join us as a party to any action against an "insured." Also, no action with respect to Coverage E can be brought against us until the obligation of the "insured" has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of an Insured.** Bankruptcy or insolvency of an "insured" will not relieve us of our obligations under this policy.

8. **Other Insurance - Coverage E - Personal Liability.** This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

---

## SECTIONS I AND II - CONDITIONS

---

1. **Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

    a. Intentionally concealed or misrepresented any material fact or circumstance;

    b. Engaged in fraudulent conduct; or

    c. Made false statements;

relating to this insurance.

3. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

4. **Waiver or Change of Policy Provisions.**

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

5. **Cancellation.**

    a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

    b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

Proof of mailing will be sufficient proof of notice.

**HO 00 03 (04 91)**

**INS 00000125**

1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

    a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

    b) If the risk has changed substantially since the policy was issued.

    This can be done by letting you know at least 30 days before the date cancellation takes effect.

4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Nonrenewal.** We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

a. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

b. "Insured" includes:

    1) Any member of your household who is an "insured" at the time of your death, but only while a resident of the "residence premises"; and

    2) With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

**HO 00 03 (04 91)**

INS 00000126

SCOTTSDALE INSURANCE COMPANY

INS 00000127

e. You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition E. Loss Settlement, provided you notify us of your intent to do so within 180 days after the date of loss.

**F. Loss To A Pair Or Set**

In case of loss to a pair or set we may elect to:

1. Repair or replace any part to restore the pair or set to its value before the loss; or

2. Pay the difference between actual cash value of the property before and after the loss.

**G. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

**H. Other Insurance And Service Agreement**

If property covered by this policy is also covered by:

1. Other fire insurance, we will pay only the proportion of a loss caused by any peril insured against under this policy that the limit of liability applying under this policy bears to the total amount of fire insurance covering the property; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

**I. Subrogation**

You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

**J. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under this policy and the action is started within two years after the date of loss.

**K. Our Option**

If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with material or property of like kind and quality.

**L. Loss Payment**

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

1. Reach an agreement with you;

2. There is an entry of a final judgment; or

3. There is a filing of an appraisal award with us.

**M. Abandonment Of Property**

We need not accept any property abandoned by you.

**N. Mortgage Clause**

1. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

            © ISO Properties, Inc., 2002

INS 00000128

**S. Waiver Or Change Of Policy Provisions**

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**T. Assignment**

Assignment of this policy will not be valid unless we give our written consent.

**U. Death**

If you die, we insure:

1. Your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

2. With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

**V. Nuclear Hazard Clause**

1. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

2. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

3. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

**W. Recovered Property**

If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted based on the amount you received for the recovered property.

**X. Volcanic Eruption Period**

One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

**Y. Loss Payable Clause**

If the Declarations show a loss payee for certain listed insured personal property, that person is considered an insured in this policy with respect to that property.

If we decide to cancel or not renew this policy, that loss payee will be notified in writing.

© ISO Properties, Inc., 2002

INS 00000129

b. Provide us with records and documents we request and permit us to make copies; and

c. Submit to examination under oath, while not in the presence of another named insured, and sign the same;

6. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth to the best of your knowledge and belief:

a. The time and cause of loss;

b. Your interest and that of all others in the property involved and all liens on the property;

c. Other insurance which may cover the loss;

d. Changes in title or occupancy of the property during the term of the policy;

e. Specifications of damaged buildings and detailed repair estimates;

f. The inventory of damaged personal property described in Paragraph D.3.;

g. Receipts for additional living expenses incurred and records that support the fair rental value loss.

**E. Loss Settlement**

Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property.

**F. Loss To A Pair Or Set**

In case of loss to a pair or set we may elect to:

1. Repair or replace any part to restore the pair or set to its value before the loss; or

2. Pay the difference between actual cash value of the property before and after the loss.

**G. Glass Replacement**

Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

**H. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

**I. Other Insurance And Service Agreement**

If property covered by this policy is also covered by:

1. Other fire insurance, we will pay only the proportion of a loss caused by any peril insured against under this policy that the limit of liability applying under this policy bears to the total amount of fire insurance covering the property; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

**J. Subrogation**

You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

**K. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under this policy and the action is started within two years after the date of loss.

   © ISO Properties, Inc., 2002   DP 00 01 12 02

INS 00000130

3. When this policy is canceled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

4. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

R. Nonrenewal

We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

S. Liberalization Clause

If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of this policy; or

2. An amendatory endorsement.

T. Waiver Or Change Of Policy Provisions

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

U. Assignment

Assignment of this policy will not be valid unless we give our written consent.

V. Death

If you die, we insure:

1. Your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

2. With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

W. Nuclear Hazard Clause

1. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

2. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

3. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

X. Recovered Property

If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted based on the amount you received for the recovered property.

Y. Volcanic Eruption Period

One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

Z. Loss Payable Clause

If the Declarations show a loss payee for certain listed insured personal property, that person is considered an insured in this policy with respect to that property.

If we decide to cancel or not renew this policy, that loss payee will be notified in writing.

 © ISO Properties, Inc., 2002 DP 00 01 12 02
INS 00000131

FIDELITY

INS 00000132

2. Pay the difference between actual cash value of the property before and after the loss.

**E. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

**F. Other Insurance And Service Agreement**

If a loss covered by this policy is also covered by:

1. Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

**G. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

**H. Our Option**

If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with material or property of like kind and quality.

**I. Loss Payment**

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

1. Reach an agreement with you;

2. There is an entry of a final judgment; or

3. There is a filing of an appraisal award with us.

**J. Abandonment Of Property**

We need not accept any property abandoned by an "insured".

**K. Mortgage Clause**

1. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

   a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

   b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

   c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs E. Appraisal, G. Suit Against Us and I. Loss Payment under Section I – Conditions also apply to the mortgagee.

3. If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

4. If we pay the mortgagee for any loss and deny payment to you:

   a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

   b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

5. Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

**L. No Benefit To Bailee**

We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

**M. Nuclear Hazard Clause**

1. "Nuclear Hazard" means any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

2. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

3. This policy does not apply under Section I to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

       Copyright, Insurance Services Office, Inc., 1999       HO 00 03 10 00

INS 00000133

I. **Policy Period**

This policy applies only to "bodily injury" or "property damage" which occurs during the policy period.

J. **Concealment Or Fraud**

We do not provide coverage to an "insured" who, whether before or after a loss, has:

1. Intentionally concealed or misrepresented any material fact or circumstance;

2. Engaged in fraudulent conduct; or

3. Made false statements;

relating to this insurance.

## SECTIONS I AND II - CONDITIONS

A. **Liberalization Clause**

If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of this policy; or

2. An amendatory endorsement.

B. **Waiver Or Change Of Policy Provisions**

A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

C. **Cancellation**

1. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

2. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing will be sufficient proof of notice.

   a. When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

   b. When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

   c. When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

      (1) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

      (2) If the risk has changed substantially since the policy was issued.

      This can be done by letting you know at least 30 days before the date cancellation takes effect.

   d. When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

3. When this policy is canceled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

4. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

D. **Nonrenewal**

We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

E. **Assignment**

Assignment of this policy will not be valid unless we give our written consent.

F. **Subrogation**

An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

Subrogation does not apply to Coverage F or Paragraph C. Damage To Property Of Others under Section II - Additional Coverages.

G. **Death**

If any person named in the Declarations or the spouse, if a resident of the same household, dies, the following apply:

1. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death; and

2. "Insured" includes:

   a. An "insured" who is a member of your household at the time of your death, but only while a resident of the "residence premises"; and

   b. With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

Copyright, Insurance Services Office, Inc., 1999          HO 00 03 10 00

INS 00000134

(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition 3. Loss Settlement.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

   a. Repair or replace any part to restore the pair or set to its value before the loss; or

   b. Pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

   Each party will:

   a. Pay its own appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

9. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

    a. Reach an agreement with you;

    b. There is an entry of a final judgment; or

    c. There is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by an "insured."

12. **Mortgage Clause.**

    The word "mortgagee" includes trustee.

    If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

    If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

    a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

    b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

    If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

    If we pay the mortgagee for any loss and deny payment to you:

    a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

    b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

    Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

**INS 00000135**

## SECTIONS I AND II - CONDITIONS

1. **Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

   a. Intentionally concealed or misrepresented any material fact or circumstance;

   b. Engaged in fraudulent conduct; or

   c. Made false statements;

   relating to this insurance.

3. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

   This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

4. **Waiver or Change of Policy Provisions.**

   A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

   b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

   Proof of mailing will be sufficient proof of notice.

   (1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

   (a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

   (b) If the risk has changed substantially since the policy was issued.

   This can be done by letting you know at least 30 days before the date cancellation takes effect.

   (4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

   d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Nonrenewal.** We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

   Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

   a. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

   b. "Insured" includes:

   (1) Any member of your household who is an "insured" at the time of your death, but only while a resident of the "residence premises"; and

   (2) With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

 Copyright, Insurance Services Office, Inc., 1990

INS 00000136