# SHELTER

INS 00000255

# HOMEOWNERS INSURANCE POLICY



For information regarding this policy, please contact your Shelter Insurance Agent.

**TO OUR CUSTOMERS – PLEASE NOTE**

Please read this policy carefully. If you have questions, contact your Shelter Agent for answers. No agent can know your exact coverage needs or budget considerations, so it is your responsibility to examine the policy and make sure it provides the types of coverage you need in the amounts you requested.

If you suffer a loss, please read this policy again so that you will be reminded of your rights and obligations. It is very important for you to recognize that this insurance policy is a legally binding contract. If any insured fails to perform an obligation required by this policy, the coverage which it might otherwise provide could be lost.



**SHELTER INSURANCE COMPANIES**
Home Office: Columbia, MO 65218-0001

HO-3
(08-04)

INS 00000256

expense, by doctors we select as often as we may reasonably require;

(i) authorize us to obtain relevant medical records of the individual whose bodily injury is the basis for such claim.

The insured must not, except at his or her own cost, voluntarily make any payment, assume any obligation, or incur any expenses related to the bodily injury or property damage.

2. ASSIGNMENT

Except as provided in Coverage F of this policy, you may not assign any of your rights and interests under this policy, unless we consent to such assignment, in writing and endorse that change on this policy. Such endorsement will then become a part of this policy.

3. COVERAGE IN THE EVENT OF YOUR DEATH

If you die, the provisions of this policy will apply to:

(a) any surviving member of your household who was covered under this policy at the time of your death, but only while that individual is a resident of, and actually living in, the insured premises;

(b) your legal representative while acting within that capacity; and

(c) any person having proper custody of insured property until a legal representative is appointed.

However, in order to obtain this coverage, any of the people listed in (a), (b) and (c), above, must notify us of your death. Coverage under this provision will be provided for a maximum of ninety days after your death, and will terminate if the policy lapses.

4. NOTICE TO US

Any notice required by this policy may be given by or on behalf of the insured to our authorized agent within this state. If that notice contains sufficient information for us to identify the insured, we will consider it notice to us.

5. LEGAL ACTION AGAINST US

Any person who makes a claim or seeks coverage under this policy agrees not to institute any legal action against us unless that person has fully complied with all the terms of this policy.

Any legal action seeking a payment or a determination of coverage under this policy or its binder must be brought in the state in which the residence premises are located.

This policy and its binder are to be interpreted in accordance with the laws of the state in which the residence premises are located.

6. CANCELLATION

Cancellation of this policy will be handled in accordance with the state specific endorsement attached to this policy.

7. NONRENEWAL, REDUCTION IN AMOUNT OF COVERAGE OR ADVERSE MODIFICATION OF THIS POLICY

Non-renewal, reductions in amount of coverage and adverse modifications of this policy will be handled in accordance with the state specific endorsement attached to this policy.

8. CONCEALMENT OR FRAUD

This entire policy is void as to all insureds if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, or acted fraudulently or made false statements relating to this insurance or any claim made under it.

9. CHANGES TO THE POLICY

This policy, the application related to it, and the Homeowners Insurance Policy Declarations, include all the agreements between you and us relating to this insurance. No change or waiver may be effected in this policy except by written endorsement issued by us. If a premium adjustment is necessary we will make the adjustment as of the effective date of the change. If any coverage you have under this policy is broadened without charge during the policy period, this policy will automatically provide the broadened coverage when it takes effect in your state.

10. YOUR OBLIGATION TO NOTIFY US OF YOUR CHANGES

HO-3 (03-04)                                     7



INS 00000257

mortgagee or trustee for 10 days after notice is mailed to the mortgagee or trustee of such cancellation. At the end of those 10 days all benefits under this policy will end.

If another policy of insurance provides coverages similar to those provided in part I of this policy, the benefits provided under this policy will apply as excess only over those provided by such other policy. In that instance, benefits will be payable under this policy only to the extent the limits of the coverage provided under this policy exceed the limits provided by the other policy.

If we pay the mortgagee or trustee any sum for loss under this policy, and we contend that we had no obligation to pay the mortgagor or owner, we will be subrogated to all of the rights of the party to whom such payment is made to the extent of such payment. Our interest will extend to all securities held as collateral for the mortgage debt. Any mortgagee or trustee so paid agrees to sign whatever documents and take whatever actions we may reasonably request to enforce our rights under this provision. Our subrogation rights will not be enforced in such a way as to impair the right of the mortgagee or trustee to recover the full amount due under the mortgage.

If we pay the mortgagee or trustee any sum for loss under this policy, and we contend that we had no obligation to pay the mortgagor or owner, we may, at our option, pay the mortgagee or trustee the entire principal sum of the loan, with interest accrued to the date of payment and, if we do so, that person agrees to make a full assignment and transfer of the mortgage or trust deed and all other securities applicable to the loan to us.

8. Suit Against Us
   Any lawsuit seeking coverage or benefits under Section I of this policy must be brought within one year after the loss or damage occurs, unless the law of the state in which this policy was issued prohibits this contractual limitation period. This period is extended by the number of days between the date of your loss and the date we deny the claim in whole or in part.
9. No Benefit to Bailee
   This insurance will not, in any way, benefit any person who may be caring for or handling property for a fee.
10. Recovered Property
    Any party who recovers property for which we have made payment under this policy will notify the other of the recovery. You will have the option of keeping the property or having it become our property. If you keep the property, you will repay us the amount we paid you for that property.
11. Payments Under This Section Of The Policy
    Before we make any payments under part I of this policy,
    (a) we must receive your completed proof of loss;
    (b) you must comply with all conditions of this policy; and
    (c) the amount of the loss must have been established by either:
        (1) an agreement between you and us, or
        (2) a final judgment of a court of law.
    When these steps are completed, we will make any payments due for a covered loss within 30 days.
12. Appraisal
    Any appraisal which becomes necessary under the terms of this policy will be handled in accordance with the state specific endorsement attached to this policy.

HO-3 (03-04)					22

INS 00000258

in the course of employment by an insured at such premises.
5. Bodily injury or property damage which any insured intended to cause.
6. Bodily injury or property damage which a reasonable individual would expect to result from the intentional acts of any insured.
7. Bodily injury or property damage arising out of war.
8. Bodily injury or property damage which arises out of the transmission of communicable diseases by any insured.
9. Any liability which arises solely because of a contract or agreement made by any insured.
10. Property damage to property owned by an insured.
11. Property damage to premises or property occupied or used by any insured or rented to or in the care of an insured. We will cover property damage to such premises or property caused by fire, smoke or explosion.
12. Bodily injury to any individual if any insured has, or is required to have, a policy providing Compensation Law, non-occupational disease or occupational disease benefits covering the bodily injury.
13. Bodily injury or property damage when any insured is covered under any nuclear energy liability policy. This exclusion applies even if the limits of liability of that policy have been exhausted.
14. Bodily injury to a residence employee unless written claim is made within 12 months after the end of the policy term.
15. Bodily injury to any insured. This exclusion applies, even if the claim is one seeking contribution toward, or repayment of, damages based upon that bodily injury.
16. Bodily injury to any individual who is on the insured premises because of the business of any insured.
17. Property damage to property which is on the insured premises because of the business of any insured.
18. Bodily injury or property damages arising out of any activity of any insured which would constitute a felony under the laws of the state in which such activity occurred, whether or not such insured is actually charged with a crime for that activity.
19. Liability of any insured for punitive damages.
20. Bodily injury or property damage arising out of, or caused, in whole or in part, by asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products, or any other substance or material containing lead, or any pollutant.
21. Any legal obligation of yours for indemnification or contribution due to damages because of bodily injury or property damage arising out of, or caused, in whole or in part, by asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products, or any other substance or material containing lead, or any pollutant.
22. Any loss, cost or expense arising out of any governmental direction or request that you test for, monitor, clean up, remove, abate, contain, treat or neutralize asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products or any other substance or material containing lead, or any pollutant.
23. Property damage arising out of the intentional or negligent misrepresentation or non-disclosure of any material fact related to the sale, or attempted sale, of property owned by any insured.

COVERAGE F - MEDICAL PAYMENTS TO OTHERS
ADDITIONAL DEFINITIONS USED IN THIS COVERAGE
1. Reasonable charges means charges incurred for goods and services which, in our judgment, are within the range of charges for the same or similar goods and services, in the geographic area in which the services are rendered or the goods are provided. We may employ outside reviewers, consultants and data providers in formulating our judgment as to whether the

HO-3 (03-04)　　　　　　　　　　　　　　　　24

charges are reasonable charges. The determination of whether charges are reasonable charges may be made after the individual making the claim has received the goods and services for which the charges are made. The fact that a licensed health care provider furnished, rendered, or prescribed the goods and services is not solely determinative of whether the charges made for them are reasonable charges.

2. **Necessary goods and services** means the goods and services furnished or prescribed by a health care provider which, in our judgment, are necessary for the proper treatment of bodily injury in the most efficient and economical fashion that such bodily injury can be safely treated. We may employ outside reviewers, consultants and data providers in formulating our judgment as to whether the goods and services are necessary goods and services. The determination of whether goods and services are necessary goods and services may be made after the individual making the claim has received the goods and services. The fact that a licensed health care provider furnished, rendered, or prescribed the goods and services is not solely determinative of whether they are necessary goods and services.

### INSURING AGREEMENT

Subject to the limit of our liability stated in this coverage, we will pay the reasonable charges for necessary goods and services for the treatment of bodily injury resulting from an accident. These expenses must be incurred within three years from the date of the accident.

Each individual who sustains bodily injury is entitled to this coverage when that individual is:
1. on an insured premises with the permission of an insured, or
2. elsewhere, if the bodily injury:
   (a) arises out of a condition in the insured premises or the adjoining ways;
   (b) is caused by the activities of an insured or a residence employee in the course of employment by an insured;
   (c) is caused by an animal owned by, or in the care of, an insured, or
   (d) is sustained by a residence employee arising out of and in the course of employment by an insured.

### DUTIES OF AN INDIVIDUAL WHO MAKES A CLAIM

Any individual who makes a claim under Coverage F must:
1. authorize us to obtain any records which may be relevant to the claim or which may reasonably be expected to aid our investigators in determining the facts relevant to the claim;
2. answer, under oath, any questions posed by us, out of the presence of any other individual, and sign a written transcript of such questions and answers;
3. submit to physical examinations, at our expense, by doctors we select as often as we may reasonably require; and
4. authorize us to obtain relevant medical records of the bodily injury which is the basis for such claim.

### LIMITS OF LIABILITY

Regardless of the number of insureds, persons injured, claims made, or locations shown, our liability is limited to the limits of liability stated in the Homeowners Insurance Policy Declarations under the heading "Medical Payment To Others Per Person". That stated amount is the limit of our liability for all medical expenses for bodily injury to any one individual resulting from any one accident.

### PAYMENTS UNDER THIS COVERAGE

We will pay any amount due under this coverage directly to the individual making the claim unless, because of a perfected lien or valid assignment, we are obligated to pay someone else. We will pay, based upon such an assignment, only if we receive a written copy of the assignment before we make payment for the services for which the assignment was given.

HO-3 (03-04)      25

INS 00000260

**EXCLUSIONS**
We do not cover:
1. Bodily injury arising out of the ownership, maintenance, operation, use, or entrustment of:
   (a) Aircraft owned by or rented to any Insured other than miniature aircraft which are not designed to transport cargo or people.
   (b) Any land motor vehicle owned or operated by, or rented or loaned to, any insured, other than a recreational motor vehicle. We do provide coverage if the land motor vehicle is kept in dead storage on the insured premises and not subject to motor vehicle registration at the time of the accident.
   (c) Any motorized vehicle, if the bodily injury occurs away from the insured premises. This exclusion does not apply to:
       (1) a golf cart while used for golfing on a golf course; or
       (2) a motorized vehicle originally designed to assist the physically handicapped.
   (d) Watercraft not located on the insured premises:
       (1) owned by or rented to any insured if it has inboard or inboard-outdrive motor power of more than 50 horsepower;
       (2) owned by or rented to any insured if it is powered by one or more outboard motors with more than 25 total horsepower;
       (3) owned by or rented to any insured if it is a sailing vessel 26 feet or more in length; or
       (4) owned by or rented to any insured if it is a personal watercraft powered by a water jet pump.
2. Bodily injury arising out of the rendering or failing to render professional services.
3. Bodily injury arising out of the business of any insured.
4. Bodily injury arising out of any premises owned, rented or controlled by any Insured which is not an insured premises. However, we will cover bodily injury to a residence employee arising out of and in the course of employment by an insured at such premises.
5. Bodily injury which any insured intended to cause.
6. Bodily injury which a reasonable individual would expect to result from the intentional acts of any insured.
7. Bodily injury arising out of war.
8. Bodily injury which arises out of the transmission of communicable diseases by any insured.
9. Bodily injury to any insured or resident of the insured premises, except a residence employee.
10. Bodily injury to any individual who is entitled to benefits which are provided, or required to be provided, under any Compensation Law.
11. Bodily injury from any nuclear reaction, radiation or radioactive contamination or any consequence of any of these.

**COVERAGE G – DAMAGE TO PROPERTY OF OTHERS**
**INSURING AGREEMENT**
We will pay for property damage caused by an insured to real or personal property owned by others.

**LIMITS OF LIABILITY**
We will not pay more than the smallest of the following amounts for any one occurrence:
1. the market value of the property at the time of loss;
2. the restoration cost; or
3. $1,000.

**EXCLUSIONS**
We will not pay for property damage:
1. caused by any insured who has attained the age of 13, unless it results from an accident;
2. to property owned by, or rented to:
   (a) any insured;
   (b) any tenant of an insured; or
   (c) any resident of any insured's household;
3. arising out of:

HO-3 (03-04)      26

INS 00000261

# HOMEOWNERS INSURANCE POLICY



For information regarding this policy, please contact your Shelter Insurance Agent.



**SHELTER INSURANCE COMPANIES**
Home Office: Columbia, MO 65218

HO-3
(10-86)

INS 00000262

5. **Abandoned Property.** We are not obliged to accept abandoned property.
6. **Loss to a Pair or Set.** We may repair or replace any part of the pair or set to restore it to its value before the loss, or we may pay the difference between the actual cash value of the property before and after the loss.
7. **Our Payment of Loss.** We will adjust any loss with you, and pay you unless another payee is named in the policy. We will pay within 30 days after we receive your proof of loss and the amount of loss is finally determined by agreement between you and us, a court judgment or an appraisal award.
8. **Mortgagee. Mortgage Clause**—Applies only to Coverage on Buildings (This entire clause is void unless the name of the mortgagee, or trustee under a trust deed, is inserted in the Declarations. This clause applies only to the mortgagee (or trustee) and does not affect the insured's rights or duties under this policy.)

   Loss, if any, under this policy, shall be payable to the mortgagee (or trustee) named on the Declarations page of this policy, as interests may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. The mortgagee may furnish proof of loss within 60 days after receiving notice of the failure of the insured to do so.

   Provided, also, that the mortgagee (or trustee) shall notify us of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void. We reserve the right to cancel this policy at any time as provided by its terms but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and we shall have the right, on like notice, to cancel this agreement.

   Whenever we shall pay the mortgagee (or trustee) any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, we shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt; or may at our option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.
9. **Loss Payable Clause.** Loss, if any, to be adjusted only with the insured named on the policy Declarations and payable to the insured and the loss payee named on the policy Declarations as their respective interests may appear, subject to all the terms and conditions of the policy.
10. **Suit Against Us.** We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year (in Kansas 5 years) after the loss or damage occurs after any claim is denied.

    However this period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.
11. **No Benefit to Bailee.** This insurance will not, in any way, benefit any person or organization who may be caring for or handling property for a fee.
12. **Permission Granted To You.** You may make alterations, additions and repairs to your building

11

INS 00000263

5. **SUIT AGAINST US.** We may not be sued unless there is full compliance with all the terms of this policy.

   We may not be sued under Personal Liability until the obligation of an insured to pay is finally determined either by judgment against the person after actual trial or by written agreement of the person, the claimant and us.

   No one shall have any right to make us a party to a suit to determine the liability of an Insured.

6. **BANKRUPTCY.** We are not relieved of any obligation under this policy because of the bankruptcy or insolvency of any Insured.

7. **NOTICE TO US.** Any notice by or on behalf of the insured to our authorized agent within this state, with particulars sufficient to identify the insured, shall be notice to us.

## GENERAL POLICY CONDITIONS APPLYING TO SECTION I AND SECTION II

1. **ASSIGNMENT.** Interest in this policy may not be transferred without our written consent. But, if the insured named in the Declarations or the spouse of the Insured residing in the same household dies, the policy will cover:
   (a) any surviving member of the deceased's household who was covered under this policy at the time of death, but only while a resident of the insured premises;
   (b) the legal representative of the deceased person while acting within that capacity; and
   (c) any person having proper custody of insured property until a legal representative is appointed.

2. **CANCELLATION**
   **YOUR RIGHT TO CANCEL**
   You may cancel this policy by returning it to us or by advising us in writing when at a future date the cancellation is to be effective.
   **Our Right to Cancel or Refuse to Renew**
   (a) Cancellation for nonpayment of premium. This policy may be cancelled by us at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to us or our agent by mailing written notice to you at your address last known to us stating when, not less than 10 days, (except Kentucky 14 days, Iowa 30 days), thereafter, such cancellation shall be effective.
   (b) Cancellation of policies in force for 60 days or more and renewal policies.
   If this policy:
   (1) has been in force for 60 days or more; or
   (2) if this is a renewal of a policy issued by us, effective immediately;
   it may be cancelled by us for one or more of the following reasons and then only by mailing written notice to you at your address last known to us stating when, not less than 30 days (Nebraska 60 days) thereafter, such cancellation shall be effective:

   (Except Missouri and Illinois)
   (i) this policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to the acceptance of the risk or to the hazard assumed by us;
   (ii) there has been a substantial change in the risk assumed by us since the policy was issued; or
   (iii) willful and negligent acts or omission by you have substantially increased the hazards insured against.

   (Missouri only)
   (i) this policy was obtained through fraud or material misrepresentation affecting the policy or in the presentation of a claim, or violation of any of the terms or conditions of this policy;
   (ii) the insured or any occupant of the residence premises has been convicted of a crime arising out of acts increasing the hazard we cover; or
   (iii) physical changes in the covered

15

INS 00000264



property which increases the hazards we originally insured.

(Illinois only)
(i) for nonpayment of premium;
(ii) when this policy has been obtained by misrepresentation; or
(iii) for any act which measurably increases the risk originally accepted.

(Nebraska only)
(i) nonpayment of premium;
(ii) the policy was obtained through a material misrepresentation;
(iii) any insured violates any of the terms and conditions of the policy;
(iv) the risk originally accepted has substantially increased;
(v) certification to the Director of Insurance of loss of reinsurance by the insurer which provided coverage to the insurer for all or a substantial part of the underlying risk insured; or
(vi) a determination by the Director of Insurance that the continuation of the policy would place the insurer in violation of the insurance laws of this state.

(c) Cancellation of policies in force for less than 60 days
We may cancel by mailing notice of cancellation to you at your address last known to us not less than 30 days (Nebraska 60 days) prior to the effective date of cancellation.

(d) Nonrenewal, reduction in amount, or adverse modification of the policy
If we elect not to renew, reduce the amount, or adversely modify this policy, we shall mail to you, at your address last known to us, written notice of such action not less than 30 days (Nebraska 60 days) prior to the expiration date; provided that, notwithstanding our failure to comply with the foregoing provisions of this paragraph, this policy shall terminate automatically on such expiration date, if you have failed to pay the premium for this policy or any installment thereof, whether payable directly to us or our agent.

If this policy is written for a policy period of less than one year, we agree that we v refuse to renew except as of the exp of a policy period which coincides wi end of an annual period commencing v original effective date.

(e) Nonrenewal of policies in effect over 5 (Illinois only).
When this policy has been in effe renewed for 5 or more years, we will giv at least 30 days notice if we do not i to renew the policy for the following rea
(1) the policy was obtained misrepresentation or fraud; or
(2) the risk we originally accepted measurably increased.

Otherwise, we will give you at least 60 notice if we do not intend to renew this for any other reason.

Proof of mailing will be sufficient proof of n The policy period will end on the date and stated in the notice.

**RETURN OF PREMIUM**
If you or we cancel your policy, we will r no more than the prorated unused share of premium.

3. **CONCEALMENT OR FRAUD.** This entire pol void as to all insureds if any insured intentionally concealed or misrepresented material fact or circumstance relating to insurance, or acted fraudulently or made statements relating to this insurance.

4. **CHANGES.** This policy and the Declara include all the agreements between you ar relating to this insurance. No change or w may be effected in this policy excep endorsement issued by us. If a pren adjustment is necessary we will make adjustment as of the effective date of the cha If any coverage you have under this polic broadened without charge during the p period, this policy will automatically provide broadened coverage when effective in your s

5. **OUR RIGHT TO RECOVER PAYMENT.** making payment under this policy, we will l the right to recover to the extent of our payr from anyone held responsible. This right wil apply under Section I if you have waived writing prior to loss. The insured will do what

16

INS 00000265

# HOMEOWNERS INSURANCE POLICY



For information regarding this policy, please contact your Shelter Insurance Agent.



**SHELTER INSURANCE COMPANIES**
Home Office: Columbia, MO 65218

HO-4
(10-86)

INS 00000266

appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee). In order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. The mortgagee may furnish proof of loss within 60 days after receiving notice of the failure of the insured to do so.

Provided, also, that the mortgagee (or trustee) shall notify us of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void.

We reserve the right to cancel this policy at any time as provided by its terms but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and we shall have the right, on like notice, to cancel this agreement.

Whenever we shall pay the mortgagee (or trustee) any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, we shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt; or may at our option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

9. **Loss Payable Clause.** Loss, if any, to be adjusted only with the insured named on the policy Declarations and payable to the Insured and the loss payee named on the Declarations as their respective interests may appear, subject to all the terms and conditions of the policy.

10. **Suit Against Us.** We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year (in Kansas 5 years) after the loss or damage occurs. However this period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.

11. **No Benefit to Bailee.** This insurance will not, in any way, benefit any person or organization who may be caring for or handling property for a fee.

12. **Permission Granted To You.** The residence premises may be vacant or unoccupied without limit of time, except where this policy specifies otherwise.

13. **Recovered Property.** If property for which we have made payment is recovered by you or us, you or we will notify the other of the recovery. You will have the option of keeping the property or having it become our property. If you keep the property, you will repay the amount you received for that property.

14. **Valued Policy (Nebraska only)**
When this policy is written to insure any real property in this state against loss by fire, tornado, windstorm, lightning or explosion and the property insured shall be wholly destroyed, without criminal fault on the part of the insured or his assignee, the amount of insurance written on such real property shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages.

10

INS 00000267

## GENERAL POLICY CONDITIONS APPLYING TO SECTION I AND SECTION II

1. **ASSIGNMENT.** Interest in this policy may not be transferred without our written consent. But, if the insured named in the Declarations or the spouse of the insured residing in the same household dies, the policy will cover:
   (a) any surviving member of the deceased's household who was covered under this policy at the time of death, but only while a resident of the insured premises;
   (b) the legal representative of the deceased person while acting within that capacity; and
   (c) any person having proper custody of insured property until a legal representative is appointed.

2. **CANCELLATION**
   **YOUR RIGHT TO CANCEL**
   You may cancel this policy by returning it to us or by advising us in writing when at a future date the cancellation is to be effective.
   **Our Right to Cancel or Refuse to Renew**
   (a) Cancellation for nonpayment of premium. This policy may be cancelled by us at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to us or our agent by mailing written notice to you at your address last known to us stating when, not less than 10 days, (except Kentucky 14 days, Iowa 30 days), thereafter, such cancellation shall be effective.
   (b) Cancellation of policies in force for 60 days or more and renewal policies.
   If this policy:
   (1) has been in force for 60 days or more; or
   (2) if this is a renewal of a policy issued by us, effective immediately;
   it may be cancelled by us for one or more of the following reasons and then only by mailing written notice to you at your address last known to us stating when, not less than 30 days (Nebraska 60 days) thereafter, such cancellation shall be effective:
      (i) This policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to the acceptance of the risk or to the hazard assumed by us;
      (ii) There has been a substantial change in the risk assumed by us since the policy was issued; or
      (iii) Willful and negligent acts or omission by you have substantially increased the hazards insured against.

   **(Missouri only)**
      (i) this policy was obtained through fraud or material misrepresentation affecting the policy or in the presentation of a claim, or violation of any of the terms or conditions of this policy;
      (ii) the insured or any occupant of the residence premises has been convicted of a crime arising out of acts increasing the hazard we cover; or
      (iii) physical changes in the covered property which increases the hazards we originally insured.

   **(Illinois only)**
      (i) for nonpayment of premium;
      (ii) when this policy has been obtained by misrepresentation; or
      (iii) for any act which measurably increases the risk originally accepted.

   **(Nebraska only)**
      (i) nonpayment of premium;
      (ii) the policy was obtained through a material misrepresentation;
      (iii) any insured violates any of the terms and conditions of the policy;
      (iv) the risk originally accepted has substantially increased;
      (v) certification to the Director of Insurance of loss of reinsurance by the insurer which provided coverage to the insurer for all or a substantial part of the underlying risk insured; or
      (vi) a determination by the Director of Insurance that the continuation of the policy would place the insurer in violation of the insurance laws of this state.

14

INS 00000268

# HOMEOWNERS INSURANCE POLICY



For information regarding this policy, please contact your Shelter Insurance Agent.

### TO OUR CUSTOMERS – PLEASE NOTE

Please read this policy carefully. If you have questions, contact your Shelter Agent for answers. No agent can know your exact coverage needs or budget considerations, so it is your responsibility to examine the policy and make sure it provides the types of coverage you need in the amounts you requested.

If you suffer a loss, please read this policy again so that you will be reminded of your rights and obligations. It is very important for you to recognize that this insurance policy is a legally binding contract. If any Insured fails to perform an obligation required by this policy, the coverage which it might otherwise provide could be lost.



**SHELTER INSURANCE COMPANIES**
Home Office: Columbia, MO 65218-0001

HO-4
(03-04)

INS 00000269

(i) authorize us to obtain relevant medical records of the individual whose bodily injury is the basis for such claim.

The insured must not, except at his or her own cost, voluntarily make any payment, assume any obligation, or incur any expenses related to the bodily injury or property damage.

2. ASSIGNMENT

Except as provided in Coverage F of this policy, you may not assign any of your rights and interests under this policy, unless we consent to such assignment, in writing and endorse that change on this policy. Such endorsement will then become a part of this policy.

3. COVERAGE IN THE EVENT OF YOUR DEATH

If you die, the provisions of this policy will apply to:

(a) any surviving member of your household who was covered under this policy at the time of your death, but only while that individual is a resident of, and actually living in, the insured premises;

(b) your legal representative while acting within that capacity; and

(c) any person having proper custody of insured property until a legal representative is appointed.

However, in order to obtain this coverage, any of the people listed in (a), (b) and (c), above, must notify us of your death. Coverage under this provision will be provided for a maximum of ninety days after your death, and will terminate if the policy lapses.

4. NOTICE TO US

Any notice required by this policy may be given by or on behalf of the insured to our authorized agent within this state. If that notice contains sufficient information for us to identify the insured, we will consider it notice to us.

5. LEGAL ACTION AGAINST US

Any person who makes a claim or seeks coverage under this policy agrees not to institute any legal action against us unless that person has fully complied with all the terms of this policy.

Any legal action seeking a payment or a determination of coverage under this policy or its binder must be brought in the state in which the residence premises are located.

This policy and its binder are to be interpreted in accordance with the laws of the state in which the residence premises are located.

6. CANCELLATION

Cancellation of this policy will be handled in accordance with the state specific endorsement attached to this policy.

7. NONRENEWAL, REDUCTION IN AMOUNT OF COVERAGE OR ADVERSE MODIFICATION OF THIS POLICY

Non-renewal, reductions in amount of coverage and adverse modifications of this policy will be handled in accordance with the state specific endorsement attached to this policy.

8. CONCEALMENT OR FRAUD

This entire policy is void as to all insureds if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, or acted fraudulently or made false statements relating to this insurance or any claim made under it.

9. CHANGES TO THE POLICY

This policy, the application related to it, and the Homeowners Insurance Policy Declarations, include all the agreements between you and us relating to this insurance. No change or waiver may be effected in this policy except by written endorsement issued by us. If a premium adjustment is necessary we will make the adjustment as of the effective date of the change. If any coverage you have under this policy is broadened without charge during the policy period, this policy will automatically provide the broadened coverage when it takes effect in your state.

10. YOUR OBLIGATION TO NOTIFY US OF YOUR CHANGES

The premium charged for this policy is based in large part on information you provided to us. If that information is incomplete or inaccurate, or

HO-4 (03-04)                7

INS 00000270

7. **Mortgagees and Trustees Under Deeds of Trust**

We will adjust any loss with you, and make any payment due to you. However, if another person is named in the Homeowners Insurance Policy Declarations as a "mortgagee", or "trustee" under a trust deed, we will pay any amount due to that mortgagee or trustee to the extent of its interests. If the name of more than one such person appears, we will pay them in the order of precedence of their mortgages or trust deeds. This provision does not apply to contracts for deed or any similar method of sale in which ownership of the property does not pass to the insured until all payments on the purchase loan are made.

Any payment due to a mortgagee or trustee under this provision will not be invalidated by:
  (a) any act or neglect of the mortgagor or owner of the insured property;
  (b) any foreclosure or other proceedings or notice of sale relating to the property;
  (c) any change in the title or ownership of the property; or
  (d) the occupation of the premises for purposes more hazardous than are permitted by this policy.

All other provisions of this policy which apply to an insured apply to a mortgagee or trustee.

If the mortgagor or owner neglects to pay any premium due under this policy, the mortgagee or trustee must pay it, immediately upon our demand.

Any mortgagee or trustee must notify us of any change of:
  (a) ownership;
  (b) occupancy; or
  (c) increased risk of a loss to the insured property

of which it has knowledge within ten days of its acquisition of that knowledge. The mortgagee or trustee must also pay the additional premium for such increased risk of loss for the balance of the term of this policy. Failure to provide such notice or make such payment will result in an immediate loss of coverage to the mortgagee or trustee.

We may cancel this policy at any time as provided by its terms, however if we do so, it will continue in force as to benefits due the mortgagee or trustee for 10 days after notice is mailed to the mortgagee or trustee of such cancellation. At the end of those 10 days all benefits under this policy will end.

If another policy of insurance provides coverages similar to those provided in part I of this policy, the benefits provided under this policy will apply as excess only over those provided by such other policy. In that instance, benefits will be payable under this policy only to the extent the limits of the coverage provided under this policy exceed the limits provided by the other policy.

If we pay the mortgagee or trustee any sum for loss under this policy, and we contend that we had no obligation to pay the mortgagor or owner, we will be subrogated to all of the rights of the party to whom such payment is made to the extent of such payment. Our interest will extend to all securities held as collateral for the mortgage debt. Any mortgagee or trustee so paid agrees to sign whatever documents and take whatever actions we may reasonably request to enforce our rights under this provision. Our subrogation rights will not be enforced in such a way as to impair the right of the mortgagee or trustee to recover the full amount due under the mortgage.

If we pay the mortgagee or trustee any sum for loss under this policy, and we contend that we had no obligation to pay the mortgagor or owner, we may, at our option, pay the mortgagee or trustee the entire principal sum of the loan, with interest accrued to the date of payment and, if we do so, that person agrees to make a full assignment and transfer of the mortgage or trust deed and all other securities applicable to the loan to us.

8. **Suit Against Us**

Any lawsuit seeking coverage or benefits under

HO-4 (03-04)                                    18

INS 00000271

Section I of this policy must be brought within one year after the loss or damage occurs, unless the law of the state in which this policy was issued prohibits this contractual limitation period. This period is extended by the number of days between the date of your loss and the date we deny the claim in whole or in part.

9. No Benefit to Bailee

   This insurance will not, in any way, benefit any person who may be caring for or handling property for a fee.

10. Recovered Property

    Any party who recovers property for which we have made payment under this policy will notify the other of the recovery. You will have the option of keeping the property or having it become our property. If you keep the property, you will repay us the amount we paid you for that property.

11. Payments Under This Section Of The Policy
    Before we make any payments under part I of this policy,
    (a) we must receive your completed proof of loss;
    (b) you must comply with all conditions of this policy; and
    (c) the amount of the loss must have been established by either:
        (1) an agreement between you and us, or
        (2) a final judgment of a court of law.
    When these steps are completed, we will make any payments due for a covered loss within 30 days.

12. Appraisal
    Any appraisal which becomes necessary under the terms of this policy will be handled in accordance with the state specific endorsement attached to this policy.

## SECTION II - PERSONAL LIABILITY AND MEDICAL PAYMENT PROTECTION

**COVERAGE E - PERSONAL LIABILITY**

**INSURING AGREEMENT**

Subject to the limit of our liability stated in this section, we will pay on behalf of an insured, all sums which such insured becomes legally obligated to pay as damages, if those damages result from an accident.

**OUR RIGHT TO INVESTIGATE AND SETTLE CLAIMS**

We may investigate and settle any claim as we think appropriate.

**LIMITS OF LIABILITY**

Regardless of the number of insureds, persons injured, claims made, or locations shown, our liability is limited to the limits of liability stated in the Homeowners Insurance Policy Declarations under the heading "Personal Liability (Bodily Injury & Property Damage) Each Occurrence". That amount is the limit of our liability for all damages resulting from any one accident.

**EXCLUSIONS**

We do not cover:

1. Bodily injury or property damage arising out of the ownership, maintenance, operation, use, or entrustment of:
   (a) aircraft other than miniature aircraft which are not designed to transport cargo or people;
   (b) any land motor vehicle, other than a recreational motor vehicle, owned or operated by or rented or loaned to any insured.
   
   We do provide coverage if the land motor vehicle is:
   (1) being used on the insured premises at the time of the accident, and not then subject to motor vehicle registration; or
   (2) kept in dead storage on the insured premises;
   
   (c) any motorized vehicle, if the bodily injury or property damage occurs away from the insured premises. This exclusion does not apply to:
   (1) a golf cart while used for golfing on a golf course;

HO-4 (03-04)  19

INS 00000272

   o. Bodily injury or property damage arising out of, or caused, in whole or in part, by asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products, or any other substance or material containing lead, or any pollutant.
   p. Any legal obligation of yours for indemnification or contribution due to damages because of bodily injury or property damage arising out of, or caused, in whole or in part, by asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products, or any other substance or material containing lead, or any pollutant.
   q. Any loss, cost or expense arising out of any governmental direction or request that you test for, monitor, clean up, remove, abate, contain, treat or neutralize asbestos, radon, mold, lead, paint containing lead, chemicals, petroleum products or any other substance or material containing lead, or any pollutant.
   r. Property damage arising out of the intentional or negligent misrepresentation or non-disclosure of any material fact related to the sale, or attempted sale, of property owned by any insured.

COVERAGE F – MEDICAL PAYMENTS TO OTHERS
ADDITIONAL DEFINITIONS USED IN THIS COVERAGE
1. Reasonable charges means charges incurred for goods and services which, in our judgment, are within the range of charges for the same or similar goods and services, in the geographic area in which the services are rendered or the goods are provided. We may employ outside reviewers, consultants and data providers in formulating our judgment as to whether the charges are reasonable charges. The determination of whether charges are reasonable charges may be made after the individual making the claim has received the goods and services for which the charges are made. The fact that a licensed health care provider furnished, rendered, or prescribed the goods and services is not solely determinative of whether the charges made for them are reasonable charges.
2. Necessary goods and services means the goods and services furnished or prescribed by a health care provider which, in our judgment, are necessary for the proper treatment of bodily injury in the most efficient and economical fashion that such bodily injury can be safely treated. We may employ outside reviewers, consultants and data providers in formulating our judgment as to whether the goods and services are necessary goods and services. The determination of whether goods and services are necessary goods and services may be made after the individual making the claim has received the goods and services. The fact that a licensed health care provider furnished, rendered, or prescribed the goods and services is not solely determinative of whether they are necessary goods and services.

INSURING AGREEMENT
Subject to the limit of our liability stated in this coverage, we will pay the reasonable charges for necessary goods and services for the treatment of bodily injury resulting from an accident. These expenses must be incurred within three years from the date of the accident.

Each individual who sustains bodily injury is entitled to this coverage when that individual is:
1. on an insured premises with the permission of an insured, or
2. elsewhere, if the bodily injury:
   (a) arises out of a condition in the insured premises or the adjoining ways;
   (b) is caused by the activities of an insured or a residence employee in the course of employment by an insured;
   (c) is caused by an animal owned by, or in the care of, an insured, or
   (d) is sustained by a residence employee arising out of and in the course of employment by an insured.

0-4 (03-04)                                          21

INS 00000273

DUTIES OF AN INDIVIDUAL WHO MAKES A CLAIM

Any individual who makes a claim under Coverage F must:

    (a) authorize us to obtain any records which may be relevant to the claim or which may reasonably be expected to aid our investigators in determining the facts relevant to the claim;

    (b) answer, under oath, any questions posed by us, out of the presence of any other individual, and sign a written transcript of such questions and answers;

    (c) submit to physical examinations, at our expense, by doctors we select as often as we may reasonably require; and

    (d) authorize us to obtain relevant medical records of the bodily injury which is the basis for such claim.

LIMITS OF LIABILITY

Regardless of the number of Insureds, persons injured, claims made, or locations shown, our liability is limited to the limits of liability stated in the Homeowners Insurance Policy Declarations under the heading "Medical Payment To Others Per Person". That stated amount is the limit of our liability for all medical expenses for bodily injury to any one individual resulting from any one accident.

PAYMENTS UNDER THIS COVERAGE

We will pay any amount due under this coverage directly to the individual making the claim unless, because of a perfected lien or valid assignment, we are obligated to pay someone else. We will pay, based upon such an assignment, only if we receive a written copy of the assignment before we make payment for the services for which the assignment was given.

EXCLUSIONS

We do not cover:

1. Bodily injury arising out of the ownership, maintenance, operation, use, or entrustment of:

    (a) Aircraft owned by or rented to any Insured other than miniature aircraft which are not designed to transport cargo or people.

    (b) Any land motor vehicle owned or operated by, or rented or loaned to, any Insured, other than a recreational motor vehicle.
We do provide coverage if the land motor vehicle is kept in dead storage on the insured premises and not subject to motor vehicle registration at the time of the accident.

    (c) Any motorized vehicle, if the bodily injury occurs away from the insured premises. This exclusion does not apply to:

        (1) a golf cart while used for golfing on a golf course; or

        (2) a motorized vehicle originally designed to assist the physically handicapped.

    (d) Watercraft not located on the insured premises:

        (1) owned by or rented to any insured if it has inboard or inboard-outdrive motor power of more than 50 horsepower;

        (2) owned by or rented to any insured if it is powered by one or more outboard motors with more than 25 total horsepower;

        (3) owned by or rented to any insured if it is a sailing vessel 26 feet or more in length; or

        (4) owned by or rented to any insured if it is a personal watercraft powered by a water jet pump.

2. Bodily injury arising out of the rendering or failing to render professional services.

3. Bodily injury arising out of the business of any insured.

4. Bodily injury arising out of any premises owned, rented or controlled by any insured which is not an insured premises. However, we will cover bodily injury to a residence employee arising out of and in the course of employment by an insured at such premises.

5. Bodily injury which any insured intended to cause.

6. Bodily injury which a reasonable individual

HO-4 (03-04)          22