# APPENDIX C

**_THE ROAD HOME_**
**LIMITED SUBROGATION / ASSIGNMENT AGREEMENT**

In consideration of my/our receipt of funds under The Road Home program for Hurricane Katrina/Hurricane Rita victims (the "***Program***") being administered by the Office of Community Development, Division of Administration, State of Louisiana, subject to the provisions below I/we hereby assign to the State of Louisiana, Division of Administration, Office of Community Development (the "***State***"), to the extent of the grant proceeds awarded or to be awarded to me under the Program, all of my/our claims and future rights to reimbursement and all payments hereafter received or to be received by me/us (a) under any policy of casualty or property damage insurance or flood insurance on the residence, excluding contents ("***Residence***") described in my/our application for Homeowner's Assistance under the Program ("***Policies***"); (b) from FEMA, Small Business Administration, and any other federal agency, arising out of physical damage to the Residence caused by Hurricane Katrina and/or Hurricane Rita. Such Policies include, but are not limited to, insurance policies characterized as homeowner's, wind, flood or any other type of casualty or property damage or hazard insurance coverage under which I/we have or may assert any claim for physical damage to the Residence due to Hurricane Katrina or Hurricane Rita.

Notwithstanding anything to the contrary contained herein, this is a limited subrogation and assignment, and is limited to an amount not to exceed the amount of the grant received by the undersigned under the Program, to which the State has not been reimbursed from other sources. If I/we hereafter receive any Federal Assistance Payments for physical damage to the Residence (not including contents), I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such Federal Assistance Payment prior to my receipt of grant proceeds. For Federal Assistance Payments, this assignment shall not apply to benefits specifically calculated to be in excess of the amount of my/our grant received under the Program.

If I/we hereafter receive any insurance payments for physical damage to the Residence (not including contents) caused by Hurricane Katrina or Hurricane Rita, I/we agree to promptly pay such amount to the State if that amount would have reduced the amount of my Program grant had I/we received such insurance payments prior to my receipt of grant proceeds. I/We hereby authorize and instruct my insurance carrier to issue any future payments for such damage jointly to me and to "La. Division of Administration/DRU". For insurance payments, this assignment shall not apply to amounts received in excess of the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources.

I/We agree that rights to insurance proceeds assigned to the State herein shall be paid from any insurance payments I/we may receive, whether through unconditional tender by the insurance carrier, through settlement, or through judgment adverse to the insurance company, with preference and priority over any other party entitled to any portion of such proceeds, up to the amount of my/our grant received under the Program for which the State has not been reimbursed from other sources. The State's right for recovery shall be with preference and priority as set forth above, from those portions of my/our recovery related to physical damage to the Residence and of any penalties under the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658 relating to those insurance proceeds. If I/we am now or in the future become represented by an attorney in connection with such insurance claims, I/we hereby agree that any funds received from which the State may be entitled to recovery shall by subject to Rule 1.15(e) of Louisiana Rules of Professional Conduct and hereby instruct my/our attorney to handle any such payments in compliance with that Rule.

I/We hereby agree that the State's written consent shall be required to settle any claim which would result in the State's recovering less than one hundred (100%) percent of the amount of my/our grant received under the Program. Request for such consent shall be directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit.

In the event that I/we choose to abandon, dismiss, or release the claims against my insurance company, I/we agree to provide the State thirty (30) days prior written notice directed to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit, to allow the State to individually pursue recovery of the rights which have been assigned to the State herein. I/we agree to assist and cooperate with the State should the State elect to pursue any of the claims I/we have against the insurers for reimbursement under any such policies. My/our assistance and cooperation shall include allowing suit to be brought in my/our name(s), giving depositions, providing documents, producing records and other evidence, testifying at trial and any other form of assistance and cooperation reasonably requested by the State.

If requested by the State, I/we agree to execute such further and additional documents and instruments as may be requested to further and better assign to the State, to the extent of the grant proceeds awarded or to be awarded to me under the Program, my/our policies and/or any rights there under, and to take, or cause to be taken, all actions and to do, or cause to be done, all things requested by the State to consummate and make effective the purposes of this Agreement.

In any proceeding to enforce this Agreement, the State shall be entitled to recover all costs of enforcement, including actual attorney's fees and court costs.

**STATE OF LOUISIANA**

**PARISH OF** ____________________

**THUS DONE AND SIGNED** on the ________ day of ____________________, 200____, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

**WITNESSES:** **OWNER:**

____________________
Witness Signature

____________________
Homeowner ONE

Print Name:____________________

____________________
Witness Signature

____________________
Homeowner TWO

Print Name:____________________

____________________
Notary Public

Print Name:____________________

Notary No./Bar Roll No.____________________

My Commission Expires:____________________

STATE OF LOUISIANA

PARISH OF ______________________

THUS DONE AND SIGNED on the ________ day of ________________, 200__, in the presence of the undersigned witnesses and Notary Public, after due reading of the whole.

WITNESSES:

______________________________
Witness Signature

Print Name:______________________

______________________________
Witness Signature

Print Name:______________________

STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT, by First American Title Insurance Company of Louisiana, Inc., as Attorney in fact

By:______________________________
Sign Name:

Name:____________________________
Print Name:

Title:_____________________________

______________________________
Notary Public

Print Name:______________________

Notary No./Bar Roll No.__________________

My Commission Expires:__________________

# APPENDIX D





344193 0164-8912

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 640-259 DIVISION "B"

LOCONTE PARTNERS, LLC AND CLAY FRAZIER

VERSUS

ANGELO S. COSTA, JR., LOUIS DEROCHE COSTA AND XYZ INSURANCE COMPANY

FILED: August 29 2008 s/ Julie Rivero
DEPUTY CLERK

JUDGMENT

This matter came before the Court for hearing on August 13, 2008 on the Motion for Summary Judgment filed by defendants, Certain Underwriters at Lloyd's, London's.

**Present:** Rachael P. Catalanotto, René S. Paysse, Jr.
Representing Defendants, Certain Underwriters at Lloyd's, London

Jason A. Cavignac
Representing Plaintiffs, LoConte Partners, LLC and Clay Frazier

David W. Perrett, Jr.
Representing Defendant, Angelo Costa

**WHEREFORE**, after considering the argument of counsel, evidence, pleadings and the law, and finding the policy provision requiring the written consent of Certain Underwriters to effectuate a valid transfer of the insured's rights and duties under the policy to be clear and unambiguous and enforceable as written;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed by Certain Underwriters at Lloyd's, London is hereby **GRANTED**, dismissing the plaintiffs' suit against Certain Underwriters at Lloyd's, London, reserving any and all other claims against any and all other parties.

Judgment read, rendered and signed in chambers at Gretna, Louisiana, this 20 day of August, 2008.

S/ CORNELIUS E. REGAN

JUDGE, 24TH JUDICIAL DISTRICT COURT

8-15, 2008
I HEREBY CERTIFY THAT ALL COSTS INCURRED IN THIS MATTER HAVE BEEN PAID.
DEPUTY CLERK

A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

Respectfully submitted:

RENÉ S. PAYSSE, JR. (#21339)
RACHAEL P. CATALANOTTO (#31095)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for defendants,
Certain Underwriters at Lloyd's, London

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon opposing counsel, by facsimile or by mailing a copy of same, postage prepaid, this 15th day of August, 2008. In addition, pursuant to Rule 9.5 of the Rules for Louisiana District Courts, I hereby certify that all counsel of record have reviewed and have no opposition to the proposed Judgment as submitted.

640-259

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 650-102

DIVISION "O"

FILED FOR RECORD 08 OCT 27 AM 9:29 DEPUTY CLERK JEFFERSON, LA

MISTY FARCIERT

VERSUS

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY

FILED:____________________ ____________________ DEPUTY CLERK

**JUDGMENT**

This matter came for hearing on October 27, 2008 on the Motion for Summary Judgment filed by defendant, ANPAC Louisiana Insurance Company.

Present: Ralph Aucoin, Jr., on behalf of defendant.

Not Present: Roger Kitchens, on behalf of plaintiff.

After considering the law, evidence and memoranda,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Summary Judgment dismissing all of plaintiff's claims against ANPAC Louisiana Insurance Company is hereby granted with full prejudice.

Signed in Gretna, Louisiana this 27th day of October, 2008.

____________________
JUDGE

2 cc's
2 photo's

IMAGED OCT 27 '08

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 650-102** **DIVISION "O"**

FILED FOR RECORD 2008 SEP 15 PM 2:56

CODED

**MISTY FARCIERT**

**versus**

**AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**

**FILED:** ______________________ ______________________
**DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

**STATEMENT OF THE CASE**

Misty Farciert has filed suit against ANPAC Louisiana Insurance Company as a result of damage to the premises located at 101 Yvonne Dr. in Avondale, Louisiana. Ms. Farciert alleges that she purchased the insured premises from Caesar and Marie Simon shortly after Hurricane Katrina. Thereafter, on August 22, 2007 Marie Simon and Misty Farciert signed an Assignment of Rights to Insurance Proceeds which purportedly assigned "any and all future insurance proceeds" relative to the property from Simon to Farciert.

Marie Simon initially pursued a claim for property damage under the policy issued to her by ANPAC Louisiana Insurance Company. Following an inspection by an independent adjuster ANPAC Louisiana Insurance Company issued payments to the Simons totaling $12,754 for damage to the dwelling, contents, and for additional living expenses.

It is undisputed that the policy of insurance issued by ANPAC Louisiana Insurance Company identified only Caesar and Marie Simon as the named insureds. Despite being neither a named insured nor an additional insured under the policy in question, Misty Farciert alleges that ANPAC Louisiana Insurance Company is liable for it's "refus[al] to fully compensate [Ms. Farciert] as per the insurance agreement."

This matter is before the Court on ANPAC Louisiana Insurance Company's Motion for Summary Judgment seeking a dismissal of the plaintiff's suit. Ms. Farciert was not a named insured and has no rights against ANPAC Louisiana Insurance Company under the policy it



IMAGED SEP 26 '08

issued to Caesar and Marie Simon. The alleged assignment of rights between Marie Simon and Misty Farciert did not comply with the terms and conditions set forth in the subject policy. Moreover, Ms. Farciert does not possess a valid assignment of rights as Marie Simon did not obtain ANPAC Louisiana Insurance Company's written consent for the assignment.

**LIST OF ESSENTIAL LEGAL ELEMENTS NECESSARY FOR MOVER TO BE ENTITLED TO JUDGMENT**

1) An insurance policy was issued to the named insured containing an "anti-assignment clause." (See certified copy of policy of insurance issued by ANPAC Louisiana Insurance Company to Caesar and Marie Simon, policy no. 17-X-E93-504-8 attached hereto as Exhibit "A" *in globo* at p.17)

2) A purported assignment was executed between Simon (a named insured) and Farciert (a third party) without ANPAC Louisiana Insurance Company's written consent as required by the policy. (See copy of Assignment of Rights to Insurance Proceeds attached hereto as Exhibit "B")

3) This Court should enforce the "anti-assignment clause" contained in ANPAC Louisiana Insurance Company's policy pursuant to La. Civ. Code art. 2653.

**LIST OF FACTS THAT ARE NOT GENUINELY IN DISPUTE**

1) A policy of insurance covering the property located at 101 Yvonne Dr. in Avondale, LA wherein the named insureds are Caesar and Marie Simon was issued on behalf of ANPAC Louisiana Insurance Company.

2) A purported assignment was made between Marie Simon and Misty Farciert without ANPAC Louisiana Insurance Company's written consent.

**INSURANCE COVERAGE**

ANPAC Louisiana Insurance Company issued a homeowners policy to Caesar and Marie Simon with a coverage period from March 5, 2005 to March 5, 2006. This policy contains a limitation regarding the insured's transfer of rights and duties under the policy. Specifically, ANPAC Louisiana Insurance Company's policy contains the following language:

7. Assignment.[1]

Assignment of this policy shall not be valid unless we give our written consent.

**LAW AND ARGUMENT**

**Interpretation of Insurance Policies**

An insurance policy is by nature contractual and, as such, it is construed according to the general principals governing the interpretation of contracts. *Sher v. Lafayett Ins. Co.*, No. 2007-

[1] This provision is referred to herein as an "anti-assignment" clause.



IMAGED SEP 2 8 '08

650102

2441, 2008 WL 928486 (La. 2008); *Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La. 2006). When interpreting contracts, the Court must determine the parties' intent. La. Civ. Code art. 2045; *Carbon v. Allstate Ins. Co.*, 719 So.2d 437, 439 (La. 1998). However, such a determination is not necessary when the words of the contract are clear and explicit and lead to no absurd consequences. La. Civ. Code art. 2046; *Leblanc v. Aysenne*, 921 So.2d 85m 89 (La. 2006).

A court's role in interpreting an insurance contract is to "ascertain the common intent of the insured and the insurer as reflected by the words in the policy." La. Civ. Code art 2045; *Peterson v. Schimek*, 729 So.2d 1024, 1028 (La. 1999). When the words contained within a policy are "clear and explicit and lead to no absurd consequences," the court "must enforce the contract as written and make no further interpretation in search of the parties' intent." La. Civ. Code art. 2045; *Cent. La. Elec. Co. v. Westinghouse Elec. Corp.*, 579 So.2d 981, 985 (La. 1991). More specifically, a court does not have the authority to alter the terms of an insurance contract "under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms." *Peterson*, 729 So.2d at 1029; *Louisiana Ins. Guar. Ass'n. v. Interstate Fire & Cas. Co.*, 630 So.2d 764 (La. 1994).

**Ms. Farciert was not a Named Insured Under the Policy**

In this case, it is alleged that ANPAC Louisiana Insurance Company is liable to Ms. Farciert for its refusal to fully compensate her for damage covered by the provisions of the insurance policy at issue. Since Ms. Farciert is not a named insured, she has no rights under the contract of insurance. Under Louisiana law, an insurance policy, like other contracts, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988); *Leaming v. Century Vina, Inc.*, 908 So.2d 21, 24 (La. App. 4 Cir. 2005). Moreover, Louisiana courts have held that an insurance policy is a personal contract between the insurer and the named insured; therefore the contract cannot be assigned or transferred without the consent, permission, or approval of both contracting parties. *Touchet v. Guidry*, 550 So.2d 308 (La. App. 3 Cir. 1989); *Scott v. Cont'l. Ins. Co.*, 259 So.2d 391 (La. App 2 Cir. 1972); *Luke v. Theriot*, 195 So.2d 685 (La. App. 1 Cir. 1967).



IMAGED SEP 2 6 '08

Furthermore, under Louisiana law, "[n]o contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured." La. Rev. Stat. Ann. § 22:614; *Giddens v. USAA Prop. & Cas. Ins. Co.*, 644 So.2d 827 (La. App. 1 Cir. 1994); *Young v. State Farm Fire & Cas. Ins. Co.*, 426 So.2d 636 (La. App. 1 Cir. 1982), writ denied, 433 So.2d 148, 171 (La. 1983). Moreover, "[w]hen the name of a person intended to be insured is specific in the policy, such insurance can be applied only to his proper interest." La. Rev. Stat. Ann. § 22:615 (emphasis added); *Eagle Star Ins. Co., Ltd. v. Gen. Acc. Fire & Life Assur. Corp.*, 315 So.2d 826 (La. App. 3 Cir. 1975). Therefore, the insured must have an insurable interest both when the policy is written and at the time the loss occurred. *Brown v. State Farm Fire Cas. Co.*, 363 So.2d 967, 968 (La. App. 3 Cir. 1978); *Young v. State Farm Fire & Cas. Ins. Co.*, 426 So.2d 636 (La. App. 1 Cir. 1982), *writ denied*, 433 So.2d 148, 171 (La. 1983).

In this case at bar, it is undisputed that Ms. Farciert was not a named insured under the policy. (See Exhibit "A".) Moreover, she did not have an insurable interest in the property either at the time of the loss or when the policy was written. Therefore, only Caesar and Marie Simon as the named insureds who had an insurable interest at the time of the loss had the right to recover under the policy issued by ANPAC Louisiana Insurance Company.

**Assignment of the Policy Without ANPAC Louisiana Insurance Company's Written Consent is Invalid**

As noted above, the policy specifically provides as follows:

> Assignment of this policy shall not be valid *unless we give our written consent*. (See Exhibit "A" at p. 17)(Emphasis added.)

This provision clearly and unambiguously prohibits the insured from assigning the rights under the policy without ANPAC Louisiana Insurance Company's written consent. Under Louisiana law, "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning," and "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written...." *Edwards v. Daugherty*, 883 So.2d 932, 940-41 (La. 2004).

The anti-assignment clause is expressly authorized by the Civil Code, which provides that "[a] right cannot be assigned when the contract from which it arises prohibits the assignment



IMAGED SEP 2 6 '08

650102

of that right." La. Civ. Code art. 2653.[2] Louisiana Code of Civil Procedure article 2653 is directly on point and unambiguously requires the Court to enforce the anti-assignment provision as written. *See Ciliberti v. Mistretta*, 879 So.2d 789 (La. App. 1 Cir. 2004). ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.")(citing La. Civ. Code art. 9.) Therefore, the anti-assignment policy provision renders invalid the assignment of rights under which Marie Simon purportedly assigned her rights to any and all future insurance proceeds under the subject policy to Ms. Farcient, as it applies to ANPAC Louisiana Insurance Company.

In a case involving similar facts, Judge Regan in Div. "B" of this Court enforced an anti-assignment clause contained in a commercial property policy when a subsequent purchaser of the insured premise attempted to assert a claim for insurance proceeds under a policy issued to the prior owner. *LoConte Partners, LLC, et al v. Costa, et al*, 24th JDC No. 640-259, Div. "B". In *LoConte*, Certain Underwriters at Lloyd's, London issued a policy of insurance to Angelo Costa. On August 2, 2004 the managing member of LoConte entered into an agreement to purchase the insured property from Mr. Costa, but the parties were unable to finalize the sale prior to Hurricane Katrina. The premises sustained property damage as a result of the hurricane. Thereafter, on October 6, 2005, the parties signed an addendum to the agreement to purchase which allegedly assigned Mr. Costa's "rights, interests, and claims under the policies." Moreover, under the addendum, Mr. Costa agreed to "assign all proceeds from the insurance carriers." LoConte filed suit against Mr. Costa and Certain Underwrites at Lloyd's, London alleging that they were "liable to LoConte for their failure to tender payment for the entire amount of property damage to the Property, which was covered by the insurance policy." Certain Underwriters at Lloyd's, London filed a Motion for Summary Judgment arguing that

---

[2] In *LoConte Partners, LLC, et al v. Costa, et al*, 24th JDC No. 640-259, Div. "B" of this Court enforced this provision, holding that the policy provision requiring the written consent of the insurer to effectuate a valid transfer of the insured's rights and duties under the policy to be clear and unambiguous and enforceable as written. Furthermore, Hawaii has a similar statute providing that "[a] policy may be assignable or not assignable, as provided by its terms." Haw. Rev. Stat. § 431:10228(a). The Hawaii Supreme Court has recently enforced that provision, holding that an assignment of an insurance policy in connection with a transfer of corporate assets was invalid where the policy contained an anti-assignment clause and the insurers did not consent to the assignment. *Del Monte Fresh Produce (Hawaii) Inc. v. Fireman's Fund Ins. Co.*, 2007 WL 4533151, at *4 (Haw. Dec. 26, 2007)(emphasis in original).



IMAGED SEP 26 '08

plaintiffs had no rights against them under a policy in which plaintiffs were not named insureds. Further the insurer sought to enforce the anti-assignment clause of its policy which stated:

> F. Transfer of Your Rights and Duties under this Policy.
>
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

It was undisputed that Mr. Costa was the only named insured under the policy and that an assignment was made between Mr. Costa and the managing member of LoConte without Certain Underwriters' written consent. Judge Regan granted Summary Judgment in favor of the insurer dismissing all claims against it holding that the policy provision requiring the written consent of Certain Underwriters to effectuate a valid transfer of the insured's rights and duties under the policy to be clear and unambiguous and enforceable as written.

In another analogous case, a federal court enforced an anti-assignment clause contained in a homeowner's insurance policy when a subsequent purchaser of the insured premises attempted to assert a claim for insurance proceeds under a policy issued to the prior owner. *Seago v. Travelers Ins. Co.*, No. 02-1949, 2002 WL 31109366 (E.D. La. 2002). In *Seago*, Travelers issued a policy of insurance to John and Eleonor Onstott. *Id.* at *2. Thereafter, the Onstotts allegedly sold the premises to Leo Seago, Jr., d/b/a Jo Investments. *Id.* at *1. Following a hail storm which occurred during the policy period, Seago and the company hired to repair the hail storm damages filed suit against Travelers seeking recovery of policy proceeds along with penalties and attorney's fees. *Id.* In its Motion to Dismiss, the insurer sought to enforce the anti-assignment clause contained in the Travelers policy which stated in pertinent part:

> Section F of the insurance policy issued by Travelers under "Common Policy Conditions" states that the insured cannot transfer any of their rights as insured under the policy to a third party without Travelers' consent. *Id.* at *2.

In enforcing the anti-assignment clause of the Travelers policy, the Court noted that the record contained no evidence that that the named insureds obtained the insurance company's consent as required by the policy to transfer rights to the plaintiffs. *Id.* As such, the Court held that the plaintiffs did not "possess a valid assignment of rights from the named insured...under the insurance policy." *Id.* Accordingly, the Court dismissed the plaintiffs' suit noting that



IMAGED SEP 2 6 '08

without "any transfer of rights by the insured to" the plaintiffs, the plaintiffs did not have a viable claim against the insurer.[3] *Id.*; see also *Moise v. Mut. Reserve Fund Live Ass'n*, 13 So.2d 170, 170 (La. 1893) (holding that "[t]he alleged assignment of the policy by [the insured] need not be considered, because the policy contains an express clause that no assignment 'shall be valid without the consent of the association, and upon such terms as shall be approved by its secretary or assistant secretary,' and no such consent is alleged or proved.").

Similarly, in the case at bar, Ms. Farciert is not a named insured under the policy in question. In addition, she fails to allege that an assignment of rights to the subject policy occurred in accordance with the terms of the anti-assignment clause which requires the "written consent" of ANPAC Louisiana Insurance Company. Accordingly, based upon the clear language of the policy in question, Civil Code article 2653, and the jurisprudence enforcing similar anti-assignment clauses, Misty Farciert has no legal right to proceed against ANPAC Louisiana Insurance Company under the policy in question.

## CONCLUSION

Misty Farciert has filed suit alleging that ANPAC Louisiana Insurance Company is liable to her for property damage sustained to the property located at 101 Yvonne Dr., Avondale, Louisiana. However, as noted above, Misty Farciert is not a named insured under the policy. Moreover, she does not have a valid assignment of rights from Marie Simon, a named insured. As such, the policy's anti-assignment clause, which is clear and unambiguous, should be enforced as written to preclude Ms. Farciert's claims. Therefore, ANPAC Louisiana Insurance Company submits that all obligations under the contract between ANPAC Louisiana Insurance Company and Caesar and Marie Simon have been fulfilled pursuant to a prior tender of policy proceeds. Accordingly, Ms. Farciert's suit should be dismissed with prejudice as she has no rights under the policy issued by ANPAC Louisiana Insurance Company to Caesar and Marie Simon.

[3] The court also noted that there was no evidence "that any of the Plaintiffs are third-party beneficiaries or that they possess a valid assignment of rights from the named insured, the Onstotts, under the insurance policy." *Id.*



IMAGED SEP 2 8 '08

650102

| | Respectfully submitted,<br><br>JAMES R. NIESET, JR. (24856)<br>MICHAEL J. MADERE (29961)<br>RALPH J. AUCOIN, JR. (31023)<br>Porteous, Hainkel & Johnson<br>704 Carondelet Street<br>New Orleans, LA 70130-3774<br>Telephone: (504) 581-3838 |
|---|---|

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record herein by mailing same by United States Mail, properly addressed and first class postage prepaid, on September 10, 2008.

JAMES R. NIESET, JR.
MICHAEL J. MADERE
RALPH J. AUCOIN, JR.



IMAGED SEP 26 '08

650102