UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

**PERTAINS TO: MRGO**

### AMENDED AND RESTATED MOTION FOR CLASS CERTIFICATION

PLAINTIFFS in the consolidated MRGO class actions, individually and on behalf of all others similarly situated, respectfully move this Court for an Order certifying this matter as a class action with subclasses pursuant to Fed.R.Civ.P. 23 on the grounds set forth below and in the memorandum in support, filed pursuant to CMO4, as amended.

1. ***Basis for Class Certification.***  This action is appropriate for class certification because the requirements of Fed. R. Civ. P. 23(a)(1)-(4) are met and certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B), and (b)(3).

1a.  *Rule 23(a)(1)—Numerosity.*  The proposed class is so numerous that joinder of all members is impracticable. There are thousands—perhaps hundreds of thousands—of putative class members, many of whom are still displaced.

1b.  *Rule 23(a)(2)—Commonality.*  Questions of law and fact common to the class predominate over any questions affecting only individual members.  In a nutshell, all class members have a common interest in establishing by common evidence where the water came from, how high the water got, how long it remained before receding, whether it damaged all properties within the scope of the class, and whether it resulted from breaches of various legal duties owed the class members by the Defendants.  The Defendants' respective anticipated defenses would be common to the class as well.

1c.  *Rule 23(a)(3)—Typicality.*  The claims of the proposed class representatives are typical of the claims of the class because irrespective of the facts underlying any given specific loss, Plaintiffs allege that a single course of misconduct by the Defendants caused a classwide catastrophe that resulted in classwide damages and individual damages that are substantially similar from member to member.

1d.  *Rule 23(a)(4)–-Adequacy.*  The class representatives have agreed to serve as such and will fairly and adequately protect the interests of the class. They are represented by a consortium of attorneys, both local and from across the country, who are as experienced as any in mass-tort and class actions.

1e.  *Rule 23(b)(1)(B)—Substantial Impairment.*  The prosecution of separate actions by individual class members would create a risk of adjudications of individual claims that would, as a practical matter, be dispositive of the interests of other class members or substantially impair or

impede their ability to protect their interests. Given the number and magnitude of losses involved, individual adjudications would take a lifetime and would require either a nearly infinite repetition of discovery and presentation of trial evidence or denial to the vast majority of class members of any meaningful opportunity to obtain and present such evidence.

1f. *Rule 23(b)(3)—Common Question Class/Superiority.* Common questions predominate in this action as noted above. A class proceeding is superior to any other method for the fair and efficient adjudication of this action. The interest any class members may have in individually controlling separate actions is vastly outweighed by the efficiencies of class treatment. There is extensive related litigation already concentrated before this Court. The difficulties in class management are virtually nonexistent when compared to the alternative of piecemeal resolution of the tens or hundreds of thousands of interrelated, individual claims arising from the Defendants' misconduct.

Additionally, there are damages that are susceptible to determination on a class-wide basis. Such damages include the classwide diminution in real property values occasioned in part by the breakdown of New Orleans' social structure, the loss of its cultural heritage, and the dramatically altered physical, economic, political, social, and psychological character of the New Orleans area. These are damages suffered by the class as a whole and are most fairly and efficiently adjudicated on a classwide basis.

2. ***Proposed Class – The Greater New Orleans Class.*** The proposed class representatives—Plaintiffs Kenneth Paul Armstrong, Jeanine Armstrong, Ethel May Coates, Henry Davis, Glynn Wade, Donna Augustine, Daisy Innis, Gladys LaBeaud, Betty Jones, and Jose Luis Rodriguez —

seek to represent the following proposed Greater New Orleans Class:[1]

> All individuals and entities (both private and public, both natural and juridical) in "GREATER NEW ORLEANS" (defined as that area bounded to the north by Gentilly Boulevard/Gentilly Road to North Broad Street (Gentilly Ridge), to the south by the Mississippi River, to the east by the IHNC, and to the west by Esplanade Avenue as well as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and—as to the Defendant Corps only—have, or by a date to be determined by the Court will have, fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

   3. ***Proposed Sub-Classes.*** Plaintiffs propose this matter may be sub-classed, and may be sub-classed in at least three possible sub-classes, as follows.

   **3a.** ***The Lower Ninth Ward & St. Bernard Sub-Class.***

> All individuals and entities (both private and public, both natural and juridical) in all of the Parish of St. Bernard, Louisiana as well as the lower Ninth Ward of the Parish of Orleans (that is, the portion of Orleans Parish lying to the East of IHNC/Industrial Canal, and to the South of the Gulf Intracoastal Waterway/MR-GO) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and, as to the Defendant Corps only, have, or by a date to be determined by the Court will have, fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

The Lower Ninth Ward & St. Bernard Sub-class will be represented by husband and wife MR. KENNETH PAUL ARMSTRONG, SR. (DOB 2/21/63) and MRS. JEANINE B. ARMSTRONG (DOB 1/18/62). Before the hurricane, the Armstrongs resided at 4016 Hamlet Place, Chalmette, Louisiana (St. Bernard Parish). Mr. Armstrong is a sales supervisor for

---

[1] Attached as Exhibit 1 are the relevant excerpts from the depositions of Kenneth Paul Armstrong, Jeanine Armstrong, Ethel May Coates, Henry Davis, Glynn Wade, Donna Augustine, Gladys LaBeaud, Daisy Innis, Betty Jones, and Jose Louis Rodriquez Pursuant to stipulation, if called as a witness, each of the named class representatives will testify per the annexed depositions.

Budweiser and Mrs. Armstrong is a registered nurse.  Their damaged property in Chalmette was their residence, which was an 1800 square foot, single story, four bedroom, and two bath brick home with attached garage on a fifty by one hundred foot lot.  They evacuated for Hurricane Katrina and returned to find their property completely destroyed. Because they lost their home, Mr. and Mrs. Armstrong were forced to leave their community in St. Bernard Parish.  They currently reside at 28 Park Place Dr., #601, Covington, Louisiana 70433.

The Lower Ninth Ward & St. Bernard Sub-Class also will be represented by MS. ETHEL MAE COATS (DOB 10/12/51) who, before the hurricane, resided at 1020-22 Charbonnet Street, in-between St. Claude Avenue and North Rampart Street, in New Orleans, Louisiana.  Her home was a shotgun double in the Lower Ninth Ward.  She resided in one half of the double.  She evacuated for the hurricane and returned to find her property completely destroyed.  Because she lost her home, Ms. Coats was forced to move from her community in the Lower Ninth Ward. She currently resides at 756 Louisiana Ave., New Orleans, Louisiana 70118.

### 3b. *The New Orleans East Sub-Class*.

All individuals and entities (both private and public, both natural and juridical) in that portion of Orleans Parish, Louisiana lying to the East of the IHNC/Industrial Canal and North of the GIWW/Intracoastal Waterway, who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have, fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

The New Orleans East Sub-Class will be represented by MR. HENRY DAVIS (DOB 11/6/52) who, before the hurricane, resided in a home he owned at 7650 Morel Street, New Orleans, Louisiana.  The property is in New Orleans East.  He resided in a single story, three bedrooms, two bath single family brick home with a detached work shed.  Mr. Davis is a retired

streetcar operator with the Regional Transit Authority. He evacuated for the hurricane and returned to find his property nearly destroyed. Mr. Davis has been able to repair his property to the point of habitability. He currently resides in the home with his wife.

The New Orleans East Sub-Class also will be represented by MS. GLYNN WADE (DOB 10/19/45) who, before the hurricane, resided in a home she owned at 4719 Bundy Rd., New Orleans, Louisiana. The property is in New Orleans East. She resided in a single story, three bedroom, two bath, and single family brick home. Ms. Wade is employed as a social worker by the State of Louisiana. She evacuated the Saturday before Katrina's landfall to counsel evacuees who fled to Baton Rouge. She returned to find her property nearly destroyed. Ms. Wade has repaired her property to the point of habitability. She currently resides in the home with her husband.

### 3c.   *The Upper Ninth Ward Sub-Class*

> All individuals and entities, both private and public and both natural and juridical, in the geographic area bounded to the north by Gentilly Boulevard/Gentilly Road to North Broad Street (Gentilly Ridge), to the south by the Mississippi River, to the east by the IHNC, and to the west by Esplanade Avenue who/which sustained damages as a result of the inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and who/which, as to the defendant Corps only, have, or by a date to be determined by the Court, will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

The Upper Ninth Ward Sub-Class will be represented by DONNA AUGUSTINE (DOB 5/9/50). At the time of the storm, Ms. Augustine resided at 2126 North Broad Street, New Orleans, Louisiana, 70119. She is 58 years old and is currently disabled. The property was a

single family dwelling of approximately 2,000 square feet, which she rented.  Ms. Augustine now resides at 2230 Sherwood Meadow Drive, Apartment A, Baton Rouge, Louisiana, 70816.  Ms. Augustine suffered damages as a result of inundation from the Inner Harbor Navigational Canal.

MS. GLADYS LABEAUD (DOB 12/29/30) will also represent this area.  At the time of the storm, Ms. LaBeaud resided at 1708-1710 Industry Street in New Orleans, Louisiana 70119.  She is 78 years old and presently retired.  The property, which she owned, was a duplex of approximately 2,500 square feet and situated on a lot of approximately 30 x 130 feet.  Ms. LaBeaud now resides at 500 South Jefferson Davis Parkway, Apt. 1, New Orleans, Louisiana 70119.  Ms. LaBeaud suffered damages as a result of inundation from the Inner Harbor Navigational Canal.

The Upper Ninth Ward Sub-Class will also be represented by MS. DAISY INNIS (DOB 12/4/42).  Ms. Innis resided at 4024 Stutz Street, New Orleans, Louisiana 70126 at the time of the storm.  She is retired and is 65 years old.  The property was a single family residence that she owned.  Ms. Innis has now returned to her home and is living at 4024 Stutz Street, New Orleans, Louisiana, 70126.  Ms. Innis suffered damages as a result of inundation from the Inner Harbor Navigational Canal.

MS. BETTY JONES (DOB 3/18/39) will also serve as class representative for the Upper Ninth Ward Sub-Class.  At the time of the storm, Ms. Jones resided at 2111 Clouet Street, New Orleans, Louisiana, 70117. She is currently 69 years old and presently retired.  The property, which she owned, was a residential duplex of approximately 3,000 square feet and situated on a lot of approximately 30 x 81 feet.  Ms. Jones has now returned home and is living in her home at

2111 Clouet Street, New Orleans, Louisiana, 70117.  Ms. Jones suffered damages as a result of inundation from the Inner Harbor Navigational Canal.

The final representative for this area is JOSE LOUIS RODRIGUEZ (DOB 7/22/66).  Jose Louis Rodriguez is representing the claim of his father, Jose Rodriguez, including the wrongful death claim.  Mr. Rodriguez was born in 1927 and at the time of the storm resided at 2923 Bruxelles Street, New Orleans, Louisiana, 70119, which he was renting.  Mr. Rodriguez drowned as a result of the floodwaters from the inundation from the Inner Harbor Navigational Canal.  Jose Louis Rodriguez currently resides at 2223 Prentiss Street, New Orleans, Louisiana, 70122.

4. *Trial Plan.*  Further, as a primary demonstration of the superiority of a class action over a mass joinder, Plaintiffs' trial plan will call for the separate adjudication of certified common issues only, *i.e.*, (1) the causes(s) of the ersatz levee failures which allowed the water to inundate the class and sub-class areas, (2) the fault of the defendants (and others) found responsible for these ersatz levee failures, (3) the apportionment of fault, and (4) the nature and extent of class-wide harm, i.e., classwide diminution in real property values occasioned in part by the breakdown of New Orleans' social structure, the loss of its cultural heritage, and the dramatically altered physical, economic, political, social, and psychological character of the New Orleans area.  By way of severance and bifurcation, which Plaintiffs will brief, all issues of individual damages amenable to class treatment will be considered at a later time.  This approach is consistent with Fed.R.Civ.P. 23(c)(4). (See Plaintiff's proposed trial plan previously filed. Ex. 2 attached.)

WHEREFORE, the Plaintiffs respectfully request that this Court grant their motion and certify the Greater New Orleans Class and at least two proposed sub-classes.

Respectfully submitted,

**APPROVED PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
jbruno@jbrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
jimr@wrightroy.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of this Motion upon all known

counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 20th  day of November, 2008.

                                      **/s/   Joseph M. Bruno**
                                      **JOSEPH M. BRUNO**