# APPENDIX A

# MATRIX OF REPORTED DECISIONS FINDING ARMY CORPS VIOLATIONS OF FEDERAL ENVIRONMENTAL LAWS[1]

|  | Year/ Court | Nature of the Violation | Salient Court Comments re the Corps' Conduct |
|---|---|---|---|
| **1.** *Ogeechee-Canoochee Riverkeeper v. CORPS*, 559 F.Supp.2d 1336 | 2008 SD Ga. | CORPS decision to exempt harvest from CWA violated CWA. | CORPS acted "arbitrarily & capriciously" (1347); its interpretation contradicted its own regulations (1344); nonsensical differential application between States (1346) |
| **2.** *Southeast Alaska Conserv. Coun. v CORPS*, 479 F.3d 1148 | 2007 9th Cir | Issuance of permit violated CWA because disrupted status quo. |  |
| **3.** *O'Reilly v. CORPS*, 477 F.3d 225 | 2007 5th Cir | CORPS' FONSI was arbitrary & capriciously issued; CWA permit improper without EIS. | "In light of the long term and irreversible environmental impacts… the Corps' action is wholly at odds with NEPA." (238) |
| **4.** *Environmental Defense v. CORPS* 515 F.Supp.2d 69 | 2007 D.C. | CORPS acted arbitrarily and capriciously and violated "scientific integrity" requirement of NEPA in certification of fish habitat model. | "This certification of compliance 'runs counter to the evidence before the agency [and] is so implausible that it [cannot] be ascribed to a different view or the product of agency expertise.'" (77); Mitigation calculations found to be "greatly exaggerated" (79); CORPS' manipulation of definitions described as "word play." (82) |
| **5.** *Ohio Valley Env. Coalition v. CORPS* 2007 WL 220686 | 2007 SD WVa. | CORPS violated CWA in issuing permit for coal mining. | Court refused to defer to CORPS' interpretation of its own regulations: "… it appears to be precisely the type of post hoc rationalization worthy of no deference by the court." (p. 4) |
| **6.** *Sierra Club v. CORPS* 494 F.Supp.2d 1090 | 2007 WD Mo. | CORPS EA violated NEPA by failing to consider cumulative impact. |  |
| **7.** *National Ass'n of Homebuilders v. CORPS* 2007 WL 259944 | 2007 D.C. | CORPS' regulations violated CWA. |  |
| **8.** *Holy Cross v. CORPS* 455 F.Supp.2d 532 | 2006 ED La. | CORPS violated NEPA by failing to take "hard look" which would have required Supplemental EIS. | "In light of Hurricane Katrina, the underlying purpose of NEPA will not be served if the Corps moves forward … according to a plan devised almost a decade ago.  Without further study and planning, the Project cannot be considered 'environmentally conscious.'" (540) |
| **9.** *Baykeeper v. CORPS* 2006 WL 2711547 | 2006 ED Cal. | CORPS violated NEPA by issuing CWA permit without EIS. | "Here, it appears the Corps gave unqualified deference to the permit applicant and now asks the court to do the same… |

---

[1] ABBREVIATIONS: **CORPS**- US Army Corps of Engineers; **CWA**- Clean Water Act; **NEPA-** National Environmental Policy Act; **APA**- Administrative Procedures Act; **ESA**- Endangered Species Act; **EA**- Environmental Assessment; **EIS**- Environmental Impact Statement; **FONSI-** finding of no significant impact.

| | | | Indeed, despite its centrality… the Corps' briefing on the motion was, frankly, perfunctory, offering no analysis supported by its own expertise." (p. 6) |
|---|---|---|---|
| **10.** *Miccosukee Tribe v. CORPS* 420 F.Supp.2d 1324 | 2006 SD Fla | CORP'S issuance of CWA permit without EIS violated NEPA. | |
| **11.** *Nat. Resources Defense Council v. CORPS* 457 F.Supp.2d 198 | 2006 SD NY | CORPS failed to cure NEPA violation previously found. *See*, Case No. 13 below | |
| **12.** *Ocean Advocates v. CORPS* 402 F.Supp.2d 846 | 2005 9th Cir | CORPS' FONSI inadequate; EIS should have been issued before permit given; violation of NEPA. | Regarding the FONSI: "This finding fails to provide *any* reason, let alone a convincing one, why the Corps refrained from preparing an EIS." (865); Regarding CORPS' rationale: "This statement cannot possibly qualify as a fully informed and well-reasoned basis for failing to give more careful attention." (866); Summing up: "A patently inaccurate factual contention can never support an agency's determination that a project will have 'no significant impact' on the environment." (866) |
| **13.** *Nat. Resources Defense Council v. CORPS* 399 F.Supp.2d 386 | 2005 SD NY | CORPS failure to take "hard look" at environmental consequences violated NEPA because a Supplemental EIS was warranted. | CORPS' conduct found to be "arbitrary and capricious." (389) |
| **14.** *Fla. Wildlife Federation v. CORPS* 404 F.Supp.2d 1352 | 2005 SD Fla. | CORPS' permit set aside where FONSI was arbitrary and capricious and in violation of NEPA. | |
| **15.** *Florida. Wildlife Federation v. CORPS* 401 F.Supp.2d 1298 | 2005 SD Fla. | CORPS violated NEPA by failing to take "hard look" at all environmental concerns. | "The problem with the Corps' conclusion, however, is that it is wholly unsupported by the record." (1324); The court characterized the CORPS' EA as "grossly inadequate." (1326) |
| **16.** *Wyoming Outdoor Council v. CORPS* 351 F.Supp.2d 1232 | 2005 Wyo. | CORPS acted arbitrarily and capriciously in FONSI, lack of consideration of cumulative impacts, and failure to disclose impacts. | |
| **17.** *Lafite's Cove at Pirates Beach v. CORPS* 2004 WL 3186592 | 2004 SD Tex. | CORPS' EA violated NEPA because of inadequate analysis of cumulative impacts. | |
| **18.** *Maryland Native Plant Society v. CORPS* 332 F.Supp.2d 845 | 2004 Md. | CORPS' decision to allow project to proceed under general statewide permit was arbitrary and capricious under APA. | |
| **19.** *Utahns For Better Trans. v. US Dept. of Transportation* 319 F.3d 1207 | 2003 10th Cir | CORPS violated CWA by relying on Utah agency's EIS to issue CWA permit. | |
| **20.** *American Canoe Ass'n v. White* | 2003 | CORPS' FONSI and CWA permit | |

2

| | | | |
|---|---|---|---|
| 277 F.Supp.2d 1244 | ND Ala. | issuance violated NEPA because of CORPS' failure to take "hard look." | |
| **21.** *American Rivers v. CORPS* 271 F.Supp.2d 230 | 2003 D.C. | CORPS' operating plan violated ESA and APA. | |
| **22.** *Arkansas Nature Alliance v. CORPS* 266 F.Supp.2d 876 and 895 | 2003 ED Ark. | CORPS violated NEPA by authorizing bridge modifications through letter of permission instead of issuing EIS. | |
| **22.** *Solid Waste Agency of N. Cook County v. CORPS* 531 U.S. 159 | 2001 Sup. Ct. | CORPS exceeded its authority under CWA when it extended the definition of 'navigable waters' by rule. | |
| **23.** *Save Greers Ferry Lake v. Dept. of Defense* 255 F.3d 498 | 2001 8th Cir | CORPS adoption of shoreline plan without preparing EIS violated NEPA; CORP acted arbitrarily and capriciously in its FONSI. | |
| **24.** *National Audubon Society v. Butler* 160 F.Supp.2d 1180 | 2001 WD Was. | CORPS' plan to relocate bird colony without EIS violated NEPA. | |
| **25.** *Crutchfield v. CORPS* 154 F.Supp.2d 878 | 2001 ED Va. | CORPS violated NEPA when it issued a nationwide permit without an EA or EIS. | CORPS found to have acted "arbitrarily and capriciously." (905) |
| **26.** *Nat. Wildlife Federation v. CORPS* 132 F.Supp.2d 876 | 2001 Ore. | CORPS violated the CWA by failing to comply with state water quality standards. | |
| **27.** *Friends of the Earth v. CORPS* 109 F.Supp.2d 30 | 2000 D.C. | CORPS violated NEPA by issuing CWA permit without EIS. | |
| **28.** *Save Greers Ferry Lake v. CORPS* 111 F.Supp.2d 1135 | 2000 ED Ark. | CORPS' shoreline management plan violated NEPA because of long term adverse affects. | Court characterized Corps' manner of avoiding NEPA's triggering language as "semantics." (1138) |
| **29.** *Defenders of Wildlife v. Ballard* 73 F.Supp.2d 1094 | 1999 Ariz. | CORPS violated NEPA by failing to take a "hard look" at the cumulative impact of nationwide permit. | |
| **30.** *Southwest Center for Biological Diversity v CORPS* 1999 WL 34689321 | 1999 ED Cal. | CORPS violated NEPA by failing to reinitiate consultation. | |
| **31.** *Alaska Center for Environment v. West* 31 F.Supp.2d 714 | 1998 Ak | In violation of NEPA, CORPS' EA failed to consider alternatives. | |
| **32.** *Stewart v. Potts* 996 F.Supp. 668 | 1998 SD Tex | CORPS violated NEPA because it failed to consider cumulative impacts before issuing CWA permit. | |
| **33.** *Simmons v. CORPS* 120 F.3d 664 | 1997 7th Cir | CORPS failed to perform duties under NEPA by failing to consider all reasonable alternatives. | Court described CORPS' decision making as "an example of this defining-away of alternatives." (666) Court observed that it did not know if there were alternatives because "the Corps has |

3

| | | | not looked." (670)<br>"The public interest in the environment cannot be limited by private agreements." (670)<br>"The Corps failed to comply with the most basic terms of NEPA. If fault must be found, it lies with those who refused to consider patently reasonable alternatives and who ignored the explicit directions of the federal bench." (670) |
|---|---|---|---|
| **34.** *American Mining Congress v. CORPS*<br>951 F.Supp. 267 | 1997<br>D.C. | CORPS adoption of regulations violated CWA because it exceeded the scope of CORPS' statutory jurisdiction. | |
| **35.** *Hughes River Watershed Conservancy v. Glickman*<br>81 F.3d 437 | 1996<br>4th Cir | CORPS violated NEPA by failing to take a "hard look" at biological problem before deciding not to issue Supplemental EIS. | |
| **36.** *Oregon Natural Resources Council v. Marsh*<br>52 F.3d 1485 | 1995<br>9th Cir | CORPS second EIS violated NEPA by narrowly limiting the scope of its analysis and failing to consider cumulative impacts. | |
| **37.** *South Carolina Dept. of Wildlife & Marine Resourcees v. Marsh*<br>866 F.2d 97 | 1989<br>4th Cir | CORPS enjoined where its EIS violated NEPA by failing to adequately consider and address all issues and problems. | |
| **38.** *Morgan v. Walter*<br>728 F.Supp. 1483 | 1989<br>Ida. | CORPS' EIS violated NEPA because of its inadequacy regarding substantial mitigation issues. | |
| **39.** *State of Mississippi ex. rel. Moore v. Marsh*<br>710 F.Supp. 1488 | 1989<br>Miss. | CORPS' decision that EIS was not necessary for river maintenance project violated NEPA. | The court found the CORPS' FONSI to be "not reasonable." (1504-5) |
| **40.** *People ex. rel. Van de Kamp v. Marsh*<br>687 F.Supp. 495 | 1988<br>ND Cal. | CORPS decision to fill wetlands without EIS was "unreasonable" and violated CWA and NEPA. | "This court finds that the Corps did not adequately address the wetlands, wildlife, and endangered species impacts, water impacts, noise impacts, cumulative impacts or the adequacy of the proposal." (501) |
| **41.** *Golden Gate Audubon Society v. CORPS*<br>700 F.Supp. 1549 | 1988<br>ND Cal. | CORPS' determination that land was dry land and not wetland was arbitrary and capricious and its failure to perform a mandatory duty to make the determination correctly violated CWA. | "Allowing developers to illegally discharge fill materials without a permit and then rely upon that illegality to evade further compliance with the permit program eviscerates this central feature of the CWA." (1557) |
| **42.** *Sierra Club v. Marsh*<br>816 F.2d 1376 | 1987<br>9th Cir | CORPS violated ESA by allowing destruction of birds habitat without acquiring mitigation land and by failing to consult with Fish & Wildlife Service. | |
| **43.** *State of Louisiana ex. rel. Guste v. Lee* | 1986<br>ED | CORPS acted "unreasonably" and violated CWA by finding that an | |

| | | | |
|---|---|---|---|
| 635 F.Supp. 1107 | La. | EIS was unnecessary for dredging activities. | |
| **44.** *Sierra Club v. CORPS* 614 F.Supp. 1475 | 1985 NY | CORPS' Supplemental EIS was materially deficient, its final EIS was arbitrary and capricious, and its decision to allow a landfill violated NEPA and CWA. | The court commented that the drastic changes in the CORPS' position should have been based on careful deliberation: "There are no such discussions or deliberations, and no such work papers or notes." (1496) The court described the CORPS' conduct as "not fair dealing with the public or compliance with public disclosure law." (1515) |
| **45.** *Nat. Wildlife Federation v. Hanson* 623 F.Supp. 1539 | 1985 ED NC | CORPS violated CWA and APA in determining that land was not "wetland" subject to regulation by CORPS. | Despite the recommendation of its own staff, CORPS did not revisit the site; this could "hardly suffice" to meet its obligations under the CWA. (1547) The court concluded: "In short, there is no scientific basis in the record supporting the Corps' final determination…" (1547) |
| **46.** *Colorado River Indian Tribes v. Marsh* 605 F.Supp. 1425 | 1985 CD Cal. | CORPS violated NEPA by issuing CWA permit without EIS. | The court characterized the CORPS conduct as "unreasonable." (1430-5) |
| **47.** *Sierra Club v. CORPS* 701 F.2d 1011 | 1983 2nd Cir | Court found CORPS' "unquestioning reliance" on EIS arbitrary and capricious and its preparation of a Supplemental EIS unjustified, in violation of NEPA. CORPS' issuance of permit without public hearings violated CWA. | The trial court found that the Final EIS contained "false statements." (1030) The court described the level of "review process woefully inadequate." (1032) Trial court found that the chief engineer's decision was "virtually a rubber stamp." (1032) The court stated that the engineer's decision was based on so little information as to appear to be a fixed predetermination and that the CORPS simply ignored the views of sister agencies. (1032) |
| **48.** *Manatee County v. Gorsuch* 554 F.Supp. 778 | 1982 Fla. | CORPS' EIS and Supplemental EIS were found to be insufficient; CORPS' FONSI violated NEPA because of a failure to take a "hard look" at environmental consequences. | "If it were not for its tragic environmental implications, the designation and use of Site A for ocean dumping could best be described as a comedy of errors." (783) |
| **49.** *Environmental Defense Fund v. Alexander* 554 F.Supp. 451 | 1981 Miss. | CORPS violated NEPA by failing to submit Supplemental EIS for navigation project. | |
| **50.** *Akers v. Resor* 443 F.Supp. 1355 | 1978 Tenn. | CORPS' EIS violated NEPA because it did not contain detailed statement of impacts, alternative, and consultation with other federal agencies. | |
| **51.** *State of Alabama ex. rel. Baxley v.* | 1976 | CORPS' EIS violated NEPA | |

5

| | | | |
|---|---|---|---|
| *CORPS* 411 F.Supp. 1261 | Ala. | because of its failure to consider alternatives and to quantify economic factors. | |
| **52.** *Sierra Club v. Mason* 351 F.Supp. 419 | 1972 Conn. | CORPS' plan to dredge harbor violated NEPA because no EIS was issued. | |
| **53.** *Citizens for Clean Air v. CORPS* 349 F.Supp. 696 | 1972 NY | CORPS' issuance of construction permit for water facility violated NEPA because no EIS was issued. | |
| **54.** *Environmental Defense Fund v. CORPS* 331 F.Supp. 925 | 1971 Col. | CORPS failed to comply with NEPA in its design and plan for a waterway. | |