UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| FILED IN: 06-2286, *Robinson* | § | |
| | § | |
| PERTAINS TO: MRGO | § | |
| _____ | § | |

DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Revised *Robinson* Case Management Order No. 1 (Revised CMO 1), Defendants United States of America and the United States Army Corps of Engineers (collectively herein, the "United States"[1]), through undersigned counsel, hereby object and respond to the Plaintiffs' First Set of Interrogatories, as set forth below and with the documents referred to herein.

Notably, Interrogatory Nos. 1 and 42 demand answers to more than one query and may not properly be viewed as individual interrogatories or subparts of an individual interrogatory as

---

[1] The United States Army Corps of Engineers cannot be sued eo nomine under the Federal Tort Claims Act. *See Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988).

defined in Revised CMO 1, issued March 29, 2007. The United States construes these interrogatories as multiple interrogatories which count against the 50 interrogatories that Plaintiffs are permitted to propound pursuant to Revised CMO 1. Specifically, Interrogatory No. 1 counts as 30 individual interrogatories and Interrogatory No. 42 counts as 2 individual interrogatories. By responding to Plaintiffs' First Set of Interrogatories the United States has responded to 80 (50+30) of the 50 interrogatories that Plaintiffs are permitted to propound, 30 in excess of the number Plaintiffs are permitted to propound under Revised CMO 1.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and apply to each interrogatory. Accordingly, they are hereby incorporated into each response provided, as if fully set forth therein, unless expressly waived with regard to a particular Interrogatory.

GENERAL OBJECTION NO. 1: The United States objects to any definition or instruction in Plaintiffs' First Set of Interrogatories, including those referenced in the *Robinson* Complaint, insofar as they purport to broaden the United States' obligations under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any order of this court, in answering these interrogatories.

GENERAL OBJECTION NO. 2: The United States objects to these interrogatories insofar as the definitions and instructions render many of the interrogatories vague, ambiguous, incomprehensible, or otherwise objectionable.

GENERAL OBJECTION NO. 3: The United States objects to the interrogatories insofar as they are over-broad, unduly burdensome, and request information that is not reasonably

calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.

GENERAL OBJECTION NO. 4:  The United States objects to these interrogatories insofar as they seek information more appropriately sought through other discovery devices.

GENERAL OBJECTION NO. 5:  The United States objects to the interrogatories insofar as they are vague and ambiguous.

GENERAL OBJECTION NO. 6:  The United States objects to providing information in response to Plaintiffs' interrogatories to the extent that they call for information that is not within the custody, control or possession of the United States.

GENERAL OBJECTION NO. 7:  The United States objects to providing information in response to Plaintiffs' interrogatories that violates or waives the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, immunity, law, or rule.  Without waiving these objections or any privileges, the United States answers Plaintiffs' interrogatories to the extent that the information requested is not privileged and, where appropriate, will identify any responsive documents in a privilege log.  Any disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, protection, immunity, law or rule is inadvertent and should not be construed as a waiver.  *See* R. Doc. 5183.

GENERAL OBJECTION NO. 8:  The United States has not completed its investigation of the facts relating to this action; has not interviewed all potential witnesses; has not completed discovery; and has not completed its preparation for trial.  Accordingly, the Responses are given without prejudice to the United States' right to produce, at a later time, subsequently discovered

evidence relating to presently known material facts and to produce all evidence, whenever discovered, relating to subsequently discovered material facts.

GENERAL OBJECTION NO. 9:  The United States objects to providing information in response to Plaintiffs' interrogatories to the extent that they call for information that is confidential and/or sensitive, including information from personnel files and information protected by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 10:  Except for explicit facts admitted herein, no general admission of any nature whatsoever is implied or should be inferred from the United States' Responses to these interrogatories.

Without waiving these objections and reserving the right to reassert them at or before trial, the United States hereby provides its Responses to the MRGO Plaintiffs' First Set of Interrogatories, as set forth below.

RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1:

Identify every fact or document supporting each of the affirmative defenses in your Answer.

RESPONSE TO INTERROGATORY NO. 1:  The United States objects to this interrogatory as it is vague, ambiguous, over-broad, and unduly burdensome to the extent that it asks for the identification of "every fact or document."  The United States also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work product doctrine.  Fed. R. Civ. P. 26(b)(3).  The United States also objects to this interrogatory to the

4

extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this interrogatory. See https://ipet.wes.army.mil.[2]

Notwithstanding and without waiving these objections, the United States responds that the United States asserted 30 defenses in its Answer to the *Robinson* Complaint. The United States therefore construes this request as 30 separate interrogatories. Therefore, by responding to Interrogatory No. 1, the United States will have responded to 30 of the 50 interrogatories which plaintiffs are permitted to propound, pursuant to Revised CMO 1.

The United States will present its legal arguments in support of its defenses when such becomes due pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any applicable order of this court. The United States further responds that the United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, has not reviewed the millions of pages of documentation relating to this action, and has not completed discovery. Any non-privileged and non-protected documents/ESI responsive to this request will be produced in accordance with the United States' Document Production Protocol. *See* Fed. R. Civ. P. 33(d).

---

[2] The United States directs Plaintiffs to reports of the IPET as sources containing information that may be responsive to Plaintiffs' interrogatories. References to IPET reports by the United States in its discovery responses should not be interpreted as an endorsement or adoption of those reports by the United States or the United States Army Corps of Engineers.

***Response to Interrogatory No. 1, First Defense:*** The United States objects to this interrogatory as it is vague, ambiguous, over-broad, and unduly burdensome to the extent that it asks for the identification of "every document." The United States also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Fed. R. Civ. P. 26(b)(3). The United States also objects to this interrogatory to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States refers Plaintiffs to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this interrogatory. See https://ipet.wes.army.mil.

Notwithstanding and without waiving these objections, the United States responds that, the United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, has not reviewed the millions of pages of documentation relating to this action, and has not completed discovery. The United States will present its legal arguments in support of its defenses when such becomes due pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any applicable order of this court.

The United States will present its legal arguments in support of its defenses when such becomes due pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any applicable order of this court. The United States further responds that the United States has not completed its investigation of the facts relating to this action, has not interviewed all potential witnesses, has not reviewed the millions of pages of documentation relating to this action, and has not completed discovery. Any

non-privileged and non-protected documents/ESI responsive to this request will be produced in accordance with the United States' Document Production Protocol. *See* Fed. R. Civ. P. 33(d).

***Response to Interrogatory No. 1, Second Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Third Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Fourth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Fifth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Sixth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Seventh Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Eighth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Ninth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Tenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Eleventh Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Twelfth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Thirteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Fourteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Fifteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Sixteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Seventeenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Eighteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Nineteenth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Twentieth Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Twenty-first Defense:*** *See* Response to Interrogatory No. 1, First Defense.

***Response to Interrogatory No. 1, Twenty-second Defense:*** *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-third Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-fourth Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-fifth Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-sixth Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-seventh Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-eighth Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Twenty-ninth Defense:* *See* Response to Interrogatory No. 1, First Defense.

*Response to Interrogatory No. 1, Thirtieth Defense:* *See* Response to Interrogatory No. 1, First Defense.

INTERROGATORY NO. 2:

Do you contend that the Army Corps constructed levees along Reach 2 of the MR-GO?

(a) If so, identify each fact that you believe supports your contention.

(b) If so, identify each document that you believe supports your contention

RESPONSE TO INTERROGATORY 2:  The United States objects to this interrogatory because it is vague, ambiguous, over-broad and unduly burdensome to the extent that it asks for the

9

identification of "each fact" and "each document." The United States further objects to this interrogatory because the definition of "Reach 2" is vague and ambiguous. The United States further objects to this interrogatory because it is vague insofar as it does not reference a specific time-frame. The United States also objects to this interrogatory to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i).

Notwithstanding and without waiving these objections, the United States responds that it does contend that the Corps constructed levees along Reach 2 of the MRGO. Some of the facts supporting this contention are indicated in Vol. IV (including its appendices) of the IPET report, as well as the IPET data repository previously provided to PSLC. Additional facts may be found in contract specifications and documents concerning the inspections of the levees–all of which will be produced in accordance with the document production protocol. Any other non-privileged and non-protected documents/ESI responsive to this request will be produced in accordance with the United States' Document Production Protocol. *See* Fed. R. Civ. P. 33(d).

INTERROGATORY NO. 3:

Do you contend that the levees along Reach 2 of the MR-GO failed because they were overtopped by Hurricane Katrina's hurricane-generated storm surge?

    (a) If so, identify each fact that you believe supports your contention.

    (b) If so, identify each document that you believe supports your contention.

RESPONSE TO INTERROGATORY NO. 3: The United States objects to this interrogatory because it is vague, ambiguous, over-broad and unduly burdensome to the extent that it asks for

the identification of "each fact" and "each document." The United States further objects to this interrogatory because the definition of "Reach 2" is vague and ambiguous. The United States further objects because the term "failed" is vague and ambiguous. The United States also objects to this interrogatory to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i).

Notwithstanding and without waiving these objections, the United States responds that the storm surge generated by Hurricane-Katrina exceeded the LVPHPP specifications of the hurricane protection levees constructed along the MRGO; and, the levees were overtopped. Some facts supporting this contention can be found in Vol. IV, App. 6 of the IPET report, as well as the IPET data repository, previously provided to PSLC. Any other non-privileged and non-protected documents/ESI responsive to this request will be produced in accordance with the United States' Document Production Protocol. *See* Fed. R. Civ. P. 33(d).

INTERROGATORY NO. 4:

Do you contend that the Army Corps communicated, consulted, otherwise "coordinated" with either (i) the United States Department of Interior, or any of its departments or subdivisions, including, but not limited to, the Fish and Wildlife Service, or (ii) the agency of the State of Louisiana "exercising administration over the wildlife resources of the State," including, but not limited to, the Louisiana Department of Conservation, the Louisiana Department of Wild Life and Fisheries, or the Louisiana Department of Wildlife and Fisheries, pursuant to the 1946 amendments (Act of August 14, 1946, § 1, ch. 965, 60 Stat. 1080 (1946)) to the Fish and Wildlife Coordination Act (16 U.S.C. § 662) or the Rivers and Harbors Act of 1945, P.L. 79-14,

50 Stat. 10 (March 2, 1945), prior to the submission of House Doc. No. 245 to the United States House of Representatives?

    (a) If so, identify each fact that you believe supports your contention.

    (b) If so, identify each document that you believe supports your contention.

<u>RESPONSE TO INTERROGATORY NO. 4:</u>  The United States objects to this interrogatory because it is vague, ambiguous, over-broad and unduly burdensome to the extent that it asks for the identification of "each fact" and "each document."  The United States objects to this interrogatory because the term "House Doc. 245" is vague and ambiguous.  The United States further objects to this interrogatory because it calls for legal conclusions.  The United States also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and work product doctrine.  Fed. R. Civ. P. 26(b)(3).  The United States also objects to this interrogatory to the extent it seeks information and documents that are publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).

    Notwithstanding and without waiving these objections, the United States responds that, assuming the Plaintiffs are referring to H.R. Doc. No. 82-245 (1951) (Army Submission re MRGO), the United States contends the Corps did coordinate with the appropriate agencies prior to the submission of same document.  Some facts supporting this contention can be ascertained from Ex. 1 to R.Doc. 1183 (United States Reply in Support of its Motion to Dismiss *Robinson*)-- H.R. Doc. No. 82-245; Ex. 15 to R.Doc. 1183-MRGO Design Memorandum No. 2 (1959); Ex. W to R.Doc.1003–Letter from United States Secretary of the Interior, Fred A. Seaton, to former Army Secretary Wilber M. Bruckner dated August 22, 1957; Ex. Y to R.Doc. 1003 (Plaintiffs'

Memorandum in Opposition to United States' Motion to Dismiss *Robinson*)–Army Corps Report, *An Interim Report on Fish and Wildlife Resources as Related to MRGO Project, Louisiana and an Outline of Proposed Fish and Wildlife Studies* (April 1958); and Ex. Z to R.Doc. 1003–Memorandum from F.C. Gillett, Acting Regional Director for the United States Fish and Wildlife Service to the Director of the Fish and Wildlife Service in Washington, D.C., dated September 24, 1959.  Any other non-privileged and non-protected documents/ESI responsive to this request will be produced in accordance with the United States' Document Production Protocol.  *See* Fed. R. Civ. P. 33(d).

INTERROGATORY NO. 5:

    Do you contend that the Army Corps communicated, consulted, or otherwise "coordinated" with either (i) the United States Department of Interior, or any of its departments or subdivisions, including, but not limited to, the Fish and Wildlife Service, or (ii) the agency of the State of Louisiana "exercising administration over the wildlife resources of the State," including, but not limited to, the Louisiana Department of Conservation, the Louisiana Department of Wild Life and Fisheries, or the Louisiana Department of Wildlife and Fisheries, pursuant to the 1946 amendments (Act of August 14, 1946, § 1, ch. 965, 60 Stat. 1080 (1946)) to the Fish and Wildlife Coordination Act; the 1958 amendments (Fish and Wildlife Coordination Act, § 1, P.L. 85-624, 72 Stat. 463 (1958))  to the Fish and Wildlife Coordination Act (16 U.S.C. § 662); or the Rivers and Harbors Act of 1945, P.L. 79-14, 50 Stat. 10 (March 2, 1945) prior to the planning or design of the MR-GO?

        (a) If so, identify each fact that you believe supports your contention.

        (b) If so, identify each document that you believe supports your contention.

Notwithstanding and without waiving these objections, the United States responds that this interrogatory is too vague and ambiguous to be answered.

As to Objections and Responses to Interrogatories calling for legal conclusions or statements, respectfully submitted,

>PETER D. KEISLER
>Assistant Attorney General
>
>C. FREDERICK BECKNER III
>Deputy Assistant Attorney General, Civil Division
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>JAMES G. TOUHEY, JR.
>Assistant Director, Torts Branch
>
>*/s/ Robin D. Smith*
>ROBIN D. SMITH
>Senior Trial Attorney
>TARA A. BOWMAN
>KARA K. MILLER
>BRIAN E. BOWCUT
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>Benjamin Franklin Station, P.O. Box 888
>Washington, D.C. 20044
>(202)-616-4400 / (202) 616-5200 (Fax)
>Attorneys for the United States

Dated: August 1, 2007

## VERIFICATION

I declare under penalty of perjury that the foregoing Responses to the Interrogatories propounded by the MRGO Plaintiffs are true and correct to my best information and belief, based upon a review of available records and consultation with other agency employees.

*Ed Watford*

EDWARD R. WATFORD
Deputy District Engineer for Project Management
New Orleans District
United States Army Corps of Engineers

Dated this __1__ day of August, 2007.

## CERTIFICATE OF SERVICE

I, Tara A. Bowman, hereby certify that on August 1, 2007, I served a true copy of the United States' Response to Plaintiffs' First Set of Interrogatories upon Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel by email, for circulation to the respective parties.

Plaintiffs' Liaison Counsel

jbruno@jbrunolaw.com

scott@brunobrunolaw.com

Defendants' Liaison Counsel

rhubbard@lawla.com

llangdon@lawla.com

TARA A. BOWMAN