UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | |
| PERTAINS TO: BARGE | * * | NO. 05-4182 and consolidated cases |
| | * * | SECTION "K"  (2) |
| *Boutte v. Lafarge*           05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*             06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*          06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge*          08-4459 | * | |
| | * | |

## BARGE PLAINTIFFS' OBJECTIONS TO BARGE ENTITIES' CLASS CERTIFICATION EVIDENCE

**NOW COME** Barge Plaintiffs, through the Barge P.S.L.C., who respectfully note for the record the following objections to evidence and proof offered by the Barge Entity defendants, as reflected in Lafarge North America's Memorandum In Opposition to Class Certification.

| EVIDENCE | OBJECTION | RULING |
|---|---|---|
| **Exhibit 2, LNA Mem. Opp. Mot. Class Cert.**<br><br>I. van Heerden et al., *The Failure of the New Orleans Levee System during* | The parties have agreed to present class certification expert opinion via depositions, instead of live testimony at the class certification hearing.  The proffer of opinions by the Team Louisiana report's authors, persons not retained by parties in this matter, improperly results in submission of additional expert witness testimony, giving rise to a number of objections, as follow, together with objections arising | Sustained<br>☐<br><br>Overruled<br>☐ |

1

| | | |
|---|---|---|
| *Hurricane Katrina* ("Team Louisiana Report") | for other reasons.<br><br>LNA's Class Certification Witness list does not specifically identify any Team Louisiana personnel. CMO 7, Section III.B.2.c.<br><br>LNA's discovery responses do not specifically identify any Team Louisiana personnel to be called as class certification witnesses. Fed. R. Civ. P. 26, et seq.<br><br>The Team Louisiana report consists of opinion. LNA is in violation of this Court's limitation upon the number of class certification experts. CMO 7, Section III.3.B.a.<br><br>The Team Louisiana report consists of opinion. The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7. Team Louisiana personnel are not included in Lafarge's five experts, and not subject of the agreement to waive Daubert. None of the Team Louisiana personnel have been properly qualified to render expert opinion in this matter. F.R.E. 701, 702.<br><br>This report consists of opinion. LNA did not provide any portions thereof in accord with the Court's deadline for producing class certification expert reports, and to any extent that LNA was relieved of doing so by any CMO, LNA still provided no notice that this report (expert report) would be submitted.<br><br>The Team Louisiana report consists of opinion derived from purported scientific, engineering and other forensic investigation, testing, analyses, and study. None of the underlying principles and methodologies are demonstrated by LNA to be sound or reliable. F.R.E. 702, 703.<br><br>Matters contained in the Team Louisiana report pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant. F.R.E. 401, 402, 403.<br><br>Such evidence is inadmissible hearsay pursuant to Federal Rule of Evidence 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803. | |

| | | |
|---|---|---|
| **Exhibit 3, LNA Mem. Opp. Mot. Class Cert.**<br><br>R.B. Seed et al., *Investigation of the Performance of the New Orleans Flood Protection Systems in Hurricane Katrina on August 29, 2005* ("ILIT Report") | The parties have agreed to present class certification expert opinion via depositions, instead of live testimony at the class certification hearing. The proffer of opinions by the ILIT report's authors, persons not retained by parties in this matter, improperly results in submission of additional expert witness testimony, giving rise to a number of objections, as follow, together with objections arising for other reasons.<br><br>LNA's Class Certification Witness list does not specifically identify any ILIT personnel. CMO 7, Section III.B.2.c.<br><br>LNA's discovery responses do not specifically identify any ILIT personnel to be called as class certification witnesses. Fed. R. Civ. P. 26, et seq.<br><br>The ILIT report consists of opinion. LNA is in violation of this Court's limitation upon the number of class certification experts. CMO 7, Section III.3.B.a.<br><br>This report consists of opinion. LNA did not provide any portions thereof in accord with the Court's deadline for producing class certification expert reports, and to any extent that LNA was relieved of doing so by any CMO, LNA still provided no notice that this report (expert report) would be submitted.<br><br>The ILIT report consists of opinion. The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7. ILIT personnel are not included in Lafarge's five experts, and not subject of the agreement to waive Daubert. None of the ILIT personnel have been properly qualified to render expert opinion in this matter. F.R.E. 701, 702.<br><br>The ILIT report consists of opinion derived from purported scientific, engineering and other forensic investigation, testing, analyses, and study. None of the underlying principles and methodologies are demonstrated by LNA to be sound or reliable. F.R.E. 702, 703.<br><br>Matters contained in the ILIT report pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and | Sustained<br>☐<br><br>Overruled<br>☐ |

3

| | | |
|---|---|---|
| | irrelevant. F.R.E. 401, 402, 403.<br><br>Such evidence is inadmissible hearsay pursuant to FRE 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803. | |
| **Exhibit 4**, **LNA Mem. Opp. Mot. Class Cert.**<br><br>Report of Joseph Suhayda, | 1. Such evidence is inadmissible hearsay pursuant to FRE 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803.<br>2. In addition, reports/records prepared for purposes of litigation are typically inadmissible, as such records are not prepared in the regular course of business as allowed by the hearsay exception of FRE 803(6) See also, *Broadcast Music, Inc. V. Xanthas, Inc.,* 855 F.2d 233, 238-239 (5th Cir. 1988) (questionnaires were inadmissible, because nothing in the record showed they were completed in course of regular business activities, and primary use was for litigation). *Lamb Eng'g & Constr. Co. V. Nebraska Pub. Power Dist.,* 103 F.3d 1422, 1432 n. 5 (8th Cir. 1997) (report prepared by accountant for plaintiff's attorney was inadmissible) | Sustained<br>☐<br><br>Overruled<br>☐ |
| **Exhibit 5**, **LNA Mem. Opp. Mot. Class Cert.**<br><br>Report of William Thomassie | 1. Such evidence is hearsay pursuant to Federal Rule of Evidence 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803.<br>2. In addition, reports/records prepared for purposes of litigation are typically inadmissible, as such records are not prepared in the regular course of business as allowed by the hearsay exception of FRE 803(6) See also, *Broadcast Music, Inc. V. Xanthas, Inc.,* 855 F.2d 233, 238-239 (5th Cir. 1988) (questionnaires were inadmissible, because nothing in the record showed they were completed in course of regular business activities, and primary use was for litigation). *Lamb Eng'g & Constr. Co. V. Nebraska Pub. Power Dist.,* 103 F.3d 1422, 1432 n. 5 (8th Cir. 1997) (report prepared by accountant for plaintiff's attorney was inadmissible).<br><br>3. In addition, this report is inadmissible as the probative value is substantially outweighed by the | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| | danger of unfair prejudice.  In summary, plaintiffs requested various photographs in discovery to which defendants objected on the basis of privilege.  Mr. Thomassie was deposed on September 10, 2008.  Thereafter, on September 26 (and after discovery deadlines), counsel for Lafarge delivered photographs on a disc identified as LNA 005802-7897.  On November 19, 2008, Lafarge advised that these were photographs provided to expert, Mr. Thomassie.  To reasons set forth earlier, the report should be deemed inadmissible as plaintiffs have been deprived of an opportunity to cross examine the witness on the photographs and said photographs have been deprived to plaintiff's experts.  Additionally, disclosure of the photos occurred after lapse of deadlines for discovery, for production of expert reports, and for class certification exhibit lists.  CMO No. 7. | |
| **Exhibit 6, LNA Mem. Opp. Mot. Class Cert.**<br><br>Defendant United States Response to MRGO Plaintiffs' First Set of Interrogatories | Not identified in Lafarge North America's Final Class Certification Exhibit List. CMO 7, Section III.B.2.c. | Sustained ☐<br><br>Overruled ☐ |
| **Exhibit 7, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Stephen Lentz | Mr. Lentz' testimony sought by LNA to correlate a sound Mr. Lentz says he heard to the 17th Street Canal breach not within Mr. Lentz' line of sight pertains only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant. F.R.E. 401, 402, 403.<br><br>Lentz Deposition, p. 33, lines 16 – 24.  The examination calls for speculation, and the answer contains opinion, as to the correlation between the sound Mr. Lentz says he heard and the 17th Street Canal Breach which occurrence he did not witness. F.R.E. 602, 701, 702, 703. | Sustained ☐<br><br>Overruled ☐ |

5

| | | |
|---|---|---|
| **Exhibit 8, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Gennaro Marino | Plaintiffs object as stated in the deposition excerpts. | Sustained ☐<br><br>Overruled ☐ |

| | | |
|---|---|---|
| **Footnote 10, Footnote 139 LNA Mem. Opp. Mot. Class Cert., p. 3. Also, p. 10.**<br><br>"See, e.g., Doc. 13845 Exh. 7 (excerpts from Robert Bea declaration concluding barge did not cause breaches)." | LNA's Class Certification Witness List does not specifically identify Robert Bea. CMO 7, Section III.B.2.c.<br><br>LNA's Class Certification Exhibit List does not specifically identify the Declaration of Robert Bea. CMO 7, Section III.B.2.c.<br><br>The Bea Declaration consists of opinion. LNA is in violation of this Court's limitation upon the number of class certification experts. CMO 7, Section III.3.B.a.<br><br>This Declaration consists of opinion. LNA did not provide any portions thereof in accord with the Court's deadline for producing class certification expert reports, and to any extent that LNA was relieved of doing so by any CMO, LNA still provided no notice that the declaration (expert report) would be submitted.<br><br>The Bea Declaration consists of opinion. The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7. Prof. Bea is not included as Lafarge's five experts, and not subject to agreement to waive Daubert. He has not been properly qualified to render expert opinion in this matter. F.R.E. 701, 702.<br><br>The Bea Declaration consists of opinion derived from purported scientific, engineering and other forensic investigation, testing, analyses, and study. None of the underlying principles and methodologies are demonstrated by LNA to be sound or reliable. F.R.E. 702, 703.<br><br>Matters contained in the Bea Declaration pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant. F.R.E. 401, 402, 403. | Sustained ☐<br><br>Overruled ☐ |

| | | |
|---|---|---|
| | Note: the Declaration is also prejudicial in that it is inconstant with Prof. Bea's video statement that the barge *did cause* the eastern IHNC floodwall breach(es).<br><br>The proffered evidence is impermissible hearsay, not falling within any hearsay exclusion or exception. F.R.E. 801, 802, 803.<br><br>In addition, reports/records prepared for purposes of litigation are typically inadmissible, as such records are not prepared in the regular course of business as allowed by the hearsay exception of FRE 803(6) See also, <u>Broadcast Music, Inc. V. Xanthas, Inc.,</u> 855 F.2d 233, 238-239 (5th Cir. 1988) (questionnaires were inadmissible, because nothing in the record showed they were completed in course of regular business activities, and primary use was for litigation). <u>Lamb Eng'g & Constr. Co. V. Nebraska Pub. Power Dist.,</u> 103 F.3d 1422, 1432 n. 5 (8th Cir. 1997) (report prepared by accountant for plaintiff's attorney was inadmissible). | |
| **Exhibit 11, LNA Mem. Opp. Mot. Class Cert.**<br><br>Barge Plaintiffs' December 28, 2007 Answers to Interrogatories<br><br>See also p. 1, paragraph 1 of LNA Mem., Opp., Mot Class Cert., "Introduction," falsely stating that Plaintiff seek class action adjudication of "the amount of his or her [each plaintiff's] damages for sixteen different kinds of individualized harms." Plaintiffs do not allege sixteen different harms for class-wide adjudication. | Plaintiffs' original (December 28, 2007) Answers to Interrogatories have been superceded by several supplemental and amended Answers to Interrogatories, (see, for example, Exhibit 15 of LNA Mem. Opp. Mot. Class Cert., the plaintiffs' most recent and accurate Answers to Interrogatories), and by Barge Plaintiffs' Amended Motion To Certify The Class And Subclasses, To Appoint Class Counsel, And To Approve Plaintiff's Proposed Trial Plan (Doc. 15549), by Barge Plaintiffs' Memorandum In Support Of Plaintiffs' Motion To Certify A Class And Potential Subclasses, To Appoint Class Counsel, And To Preliminarily Approve Plaintiffs' Proposed Trial Plan (Doc. 15549-2), and by Barge Plaintiffs' Proposed Class Action Trial Plan In Support Of Plaintiffs' Motion To Certify A Class (Doc. 15549-3).<br><br>LNA seeks redefine plaintiffs' contentions, and to support such effort with the original responses, despite later refinements, all of which describe the types of class and individual damages sought, a much smaller subset of those which LNA claims that the plaintiffs seek.<br><br>These changes are also reflected in the proposed | Sustained ☐<br><br>Overruled ☐ |

7

| | | |
|---|---|---|
| | Seventh Amended Complaint which Barge Plaintiffs seek to file after curing objections raised by Lafarge, the Port Commission, and Orleans Levee District.<br><br>These changes include revision of the elements of damages sought by the putative class and subclasses, and the cause(s) of flooding (an issue for the merits phase of this litigation). Specifically, the elements of damages were narrowed to reflect those sought by one or more subclasses, and plaintiffs' responses concerning possible flood sources were amended to acknowledge possible mixing of IHNC and MRGO waters (see Exhibit 15, LNA Mem. Opp. Mot. Class Cert., the Barge Plaintiffs' superceding Answers to Interrogatories).<br><br>These revisions and refinements which Lafarge ignores render irrelevant and confusing LNA's assertions based only upon out-dated original discovery responses. Additionally, plaintiffs have made plainly clear that they do not seek to certify a subclass based solely upon emotional damage.<br><br> Plaintiffs object in accord with F.R.E.   401, 402, 403. | |
| **Exhibit 12**, LNA Mem. Opp. Mot. Class Cert.<br><br>Report of Wade Ragas | 1.  Such evidence is hearsay pursuant to Federal Rule of Evidence 801 and 802.  Further the evidence fails to meet any of the exceptions under FRE 803.<br><br>2.  In addition, reports/records prepared for purposes of litigation are typically inadmissible, as such records are not prepared in the regular course of business as allowed by the hearsay exception of FRE 803(6) See also, *Broadcast Music, Inc. V. Xanthas, Inc.,* 855 F.2d 233, 238-239 (5th Cir. 1988) (questionnaires were inadmissible, because nothing in the record showed they were completed in course of regular business activities, and primary use was for litigation). *Lamb Eng'g & Constr. Co. V. Nebraska Pub. Power Dist.,* 103 F.3d 1422, 1432 n. 5 (8th Cir. 1997) (report prepared by accountant for plaintiff's attorney was inadmissible). | Sustained<br>☐<br><br>Overruled<br>☐ |
| **Exhibit 13, LNA Mem.** | Plaintiffs object to the highlighted portion of p. 20. | Sustained |

8

| | | |
|---|---|---|
| **Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Michael Joseph Riche | Lafarge claims in its defense that flooding resulted not from ING 4727 striking the IHNC, but from other causes of failure along the eastern IHNC and the MRGO.  These questions are to be adjudicated on the merits, and exceed the scope of class certification inquiry.  The proffered examination, concerning potential other causes of flooding, as inferred by Mr. Riche's SF-95 submission, an action that is relevant at this stage only because it is common to and typical among the putative Barge Plaintiff class, is irrelevant for any other purpose at this stage of the litigation, and exceeds the scope of the class certification inquiry.  F.R.E. 401, 402, 403.<br><br>P. 47, line 8 – p. 48, line 21.  Calls for speculation, opinion, as to hypothetical customer base.  Lacks foundation.  F.R.E. 602, 701, 702, 703.<br><br>Entire excerpt (entirety of Exhibit 13) contains testimony irrelevant to class certification.  Exceeds scope of class certification inquiry.  F.R.E. 401, 402, 403 | ☐<br>Overruled<br>☐ |
| **Exhibit 14, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Jacob Robert Glaser | Objection to highlighted portions of pp. 41 – 42.  Relevance.  Plaintiffs do not claim that oil is responsible for flood damages.   Losses due to Murphy Oil tank release will not be litigated.  F.R.E. 401, 402, 403<br><br>Objection to highlighted portions of pp. 52 – 53.  Relevance.  SBA mortgage has no bearing upon class certification issues.  F.R.E. 401, 402, 403.  Hearsay as to terms, amount of mortgage, communications with Small Business Administration.   F.R.E. 801.<br><br>Highlighted portion of p. 62.  Relevance.  Mr. Glaser is not a proposed representative of any subclass that might include bodily injuries or death.  Whether he stayed, and whether the storm posed a risk of danger to his person is irrelevant.  F.R.E. 401, 402, 403 | Sustained<br>☐<br><br>Overruled<br>☐ |
| **Exhibit 16, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Jimmie Donell Harris | Harris deposition, highlighted portions, pp. 41 – 44, concerning Mr. Harris' payroll.  This examination is irrelevant as Mr. Harris belongs to no subclass seeking lost income.  F.R.E.  401, 402, 403.<br><br>Harris deposition, pp. 54 – 56, Harris deposition, p. | Sustained<br>☐<br>Overruled<br>☐ |

9

| | | |
|---|---|---|
| | 83, line 14, et seq.  Stated objections to examination calling for speculation, opinion as to city-wide effects of storm without any foundation showing personal knowledge.  F.R.E. 602, 701, 702, 703.<br><br>Harris deposition, pp. 139 – 142.  Objections to examination seeking legal opinions, and those requiring legal and/or other areas of expertise concerning compensable damages and damages calculation methods.  F.R.E. 701, 702, 703.<br><br>Harris deposition, pp. 154 – 155.  Objections to misleading, irrelevant questions concerning direction and control of the lawsuit.  The plaintiff is not an attorney, and has retained counsel to direct and control the suit.  F.R.E.  401, 402, 403.  Calls for speculation and opinions.   F.R.E. 602, 701, 702, 703. | |
| **Exhibit 17, LNA Mem. Opp. Mot. Class Cert**<br><br>Excerpts of Deposition of Herman H. Koch | Objection to highlighted portions of pp. 15, 16, 18 containing irrelevant examination about an SF 95 form.  This exceeds the scope of class certification inquiry inasmuch as LNA claims government fault as a defense on the merits, which will not be adjudicated in the class certification stage. F.R.E.  401, 402, 403.<br><br>Note:  Assertion of claims in MRGO is common and typical among the putative Barge class.<br><br>Objection to highlighted portions of pp. 51, 52.  Relevance.  Herman Koch does not belong to any proposed subclass claiming bodily injury or death.  F.R.E.  401, 402, 403. | Sustained<br>☐<br><br>Overruled<br>☐ |
| **Exhibit 18, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of Josephine Long Richardson | Plaintiffs object to introduction of testimony on pp. 21 – 27, in which Ms. Richardson is asked for opinions as to the causes of the flooding. The testimony bears only upon the merits of the case, is additionally subject to the superceding discovery responses described above (LNA Exhibit 15), and is therefore irrelevant.  F.R.E.  401, 402, 403.  The examination also calls for legal conclusions, speculation, and expert legal opinion.   F.R.E. 602, 701, 702, 703.<br><br>Page 47, lines 13, et seq.  Ms. Richardson is asked how to calculate her deceased husband's income.  Calls for expert opinion and speculation. F.R.E. 602, 701, 702, 703. | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **Exhibit 21, LNA Mem. Opp. Mot. Class Cert.**<br><br>July 3, 2008 Supplemental, Amended and Superseding Answers to Interrogatories (Doc. 13803-2) | Plaintiffs reiterate objections, above, to **Exhibit 11, LNA Mem. Opp. Mot. Class Cert.,** to the extent that the July 3, 2008 Supplemental, Amended and Superseding Answers to Interrogatories have themselves been superceded by amended or supplemental responses.  F.R.E.  401, 402, 403 | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **Exhibit 22, LNA Mem. Opp. Mot. Class Cert.**<br><br>City of New Orleans Department of Safety and Permits Damage Assessment Reports | **F.R.E. 803. Hearsay Exceptions; Availability of Declarant Immaterial.**<br><br>The following are not excluded by the hearsay rule, even though the declarant is available as a witness:<br><br>(15) Statements in documents affecting an interest in property. — A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, *unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document*.<br><br>In each instance, property dealings have occurred since the document was made which render the statements therein and the purport of the document false.   Specifically, the properties have been repaired, and the damage assessments are no longer accurate, or sold, and ownership information is no longer accurate.  The documents do not fall within a hearsay exception.<br><br>**F.R.E. 807. Residual Exception**<br><br>  A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of | Sustained<br>☐<br><br>Overruled<br>☐ |

11

| | | |
|---|---|---|
| | the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.<br><br>Lafarge did not comply with any of the notice requirements of F.R.E. 807. Lafarge contends in its argument that the proffered documents are inaccurate, thereby removing them from the purview of the residual hearsay exception.<br><br>Additionally, these documents were not produced in discovery, and is not sufficiently identified on Lafarge's Class Certification Exhibit List, which states only, "Newspaper articles reflecting difficulty of ascertaining correct title to immovable property in connection with *Road Home* program <u>and title documents relating to the representative plaintiffs</u>." CMO 7. | |

| | | |
|---|---|---|
| **Exhibit 23, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts from the Deposition of Melvin Spinks | Highlighted portions of pp. 38 – 39, 164 – 165, 174 – 175. Plaintiffs object on the grounds of irrelevance, as the examination concerns the merits of the case – exceeding the scope of class certification inquiry, and further, contains examination that is irrelevant under the maritime law of joint and several liability governing this matter. Inquiry beyond the question of whether one or both IHNC breaches – caused by ING 4727 – was a significant contributing cause of the damages is irrelevant and beyond the scope even of the merits of the Barge Litigation track. F.R.E. 401, 402, 403.<br><br>Highlighted portions of pp. 19 – 20, 99 - 100. The examination contains questions concerning peer review of, and Dr. Spinks' experience with, the methodologies employed. The parties agreed not to present any Daubert challenges of opposing experts. In this light, the proffered testimony should be stricken as irrelevant and contrary to the agreement of the parties. | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **Exhibit 24, LNA Mem. Opp. Mot. Class Cert.**<br><br>Excerpts of Deposition of John Kilpatrick | Plaintiffs object to highlighted portions of pp. 149 – 150, p. 175 as irrelevant. The examination exceeds the scope of class certification inquiry, and encroaches upon matters deferred to merits adjudication. F.R.E. 401, 402, 403.<br><br>Plaintiffs object to highlighted portions of p. 116 as irrelevant and without foundation. Whether the Road Home Program endorsed a mass appraisal model – whose attributes are entirely absent from the record and cannot be compared with Dr. Kilpatrick's or any other mass appraisal model – is irrelevant to this litigation. F.R.E. 401, 402, 403. | Sustained ☐<br><br>Overruled ☐ |

| | | |
|---|---|---|
| **Exhibit 25, LNA Mem. Opp. Mot. Class Cert.**<br><br>Report of Kenneth J. Boudreaux, Consulting Economist | 1. Such evidence is inadmissible hearsay pursuant to FRE 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803.<br><br>2. In addition, reports/records prepared for purposes of litigation are typically inadmissible, as such records are not prepared in the regular course of business as allowed by the hearsay exception of FRE 803(6) See also, *Broadcast Music, Inc. V. Xanthas, Inc.,* 855 F.2d 233, 238-239 (5th Cir. 1988) (questionnaires were inadmissible, because nothing in the record showed they were completed in course of regular business activities, and primary use was for litigation). *Lamb Eng'g & Constr. Co. V. Nebraska Pub. Power Dist.,* 103 F.3d 1422, 1432 n. 5 (8th Cir. 1997) (report prepared by accountant for plaintiff's attorney was inadmissible). | Sustained ☐<br><br>Overruled ☐ |

| | | |
|---|---|---|
| **Exhibit 26, LNA Mem. Opp. Mot. Class Cert.**<br><br>R.B. Seed *et al.*, *New Orleans and Hurricane Katrina. II: The Central Region and the Lower Ninth Ward*, 134 J. Geotech. & Geoenvtl. Eng'g 718 (May 2008) | The parties have agreed to present class certification expert opinion via depositions, instead of live testimony at the class certification hearing. The proffer of opinions by the report's authors, persons not retained by parties in this matter, improperly results in submission of additional expert witness testimony, giving rise to a number of objections, as follow, together with objections arising for other reasons.<br><br>LNA's Class Certification Witness list does not specifically identify any author of the proffered | Sustained ☐<br><br>Overruled ☐ |

13

|  | article. CMO 7, Section III.B.2.c.  LNA's discovery responses do not specifically identify any author of the proffered article to be called as class certification witnesses. Fed. R. Civ. P. 26, et seq.  The article consists of opinion. LNA is in violation of this Court's limitation upon the number of class certification experts. CMO 7, Section III.3.B.a.  The Seed, et al article consists of opinion. The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7. Ray Seed, et al are not included as Lafarge's five experts, and therefore not subject to waiver of Daubert. He has not been properly qualified to render expert opinion in this matter. F.R.E. 701, 702.  The article consists of opinion derived from purported scientific, engineering and other forensic investigation, testing, analyses, and study. None of the underlying principles and methodologies are demonstrated by LNA to be sound or reliable. F.R.E. 702, 703.  This article consists of opinion. LNA did not provide any portions thereof in accord with the Court's deadline for producing class certification expert reports, and to any extent that LNA was relieved of doing so by any CMO, LNA still provided no notice that the article (expert report) would be submitted.  This article is not included in Lafarge's Class Certification Exhibit List.  Matters contained in the article pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant. F.R.E. 401, 402, 403.  The proffered evidence is impermissible hearsay, not falling within any hearsay exclusion or exception. F.R.E. 801, 802, 803. |  |
|---|---|---|

| | | |
|---|---|---|
| **Exhibit 27, LNA Mem. Opp. Mot. Class Cert.**<br><br>Jarvis DeBerry, *The Search for Title*, New Orleans Times Picayune, March 28, 2008 | Plaintiffs object to the entire article.<br><br>The article contains unqualified expert opinion. F.R.E. 701, 702, 703.<br><br>The article constitutes and contains hearsay not falling within any hearsay exception or exclusion. F.R.E. 801, 802, 803.<br><br>This article was not produced in discovery, and is not sufficiently identified on Lafarge's Class Certification Exhibit List, which states only, "<u>Newspaper articles reflecting difficulty of ascertaining correct title to immovable property in connection with *Road Home* program</u> and title documents relating to the representative plaintiffs." CMO 7. | Sustained<br>☐<br><br>Overruled<br>☐ |
| LNA Mem. Opp. Mot. Class. Cert, Footnote 11, and deposition Index ("Dep. Index"), Item 1 (Villavaso). | LNA's memorandum sates at footnote 11: "Relevant deposition excerpts are referenced in the index and included in the exhibits. The testimony of this particular witness was so equivocal that this Court has upheld a deemed admission that the floodwall was broken before any barge impact. Doc. 14525 at 8; Doc. 16053."<br><br>Lafarge's highly selective and incomplete representation to the Court of Mr. Villavasso's testimony is so skewed and biased as to render Lafarge's version of this evidence inadmissible as irrelevant and prejudicial. F.R.E. 401, 402, 403. Barge Plaintiffs' present the entirety of Mr. Villavasso's testimony with their class certification memorandum.<br><br>Further, LNA subjects to its own slanted interpretation the Court's grounds for denial of the Barge Plaintiffs' Motion to Withdraw Deemed Admissions, and unwarrantedly associates the denial with its partial representation of Mr. Villavasso's testimony. F.R.E. 401, 402, 403. | Sustained<br>☐<br><br>Overruled<br>☐ |

15

| | | |
|---|---|---|
| **LNA Deposition Index, Item 40**<br><br>Doc. 8286-13, Vrijling Dep. 61:14-15 (MRGO plaintiffs' modeling expert: "If you wouldn't know the timing of the breach, then the entire figures shifts"). | The parties have agreed to present class certification expert opinion via depositions, instead of live testimony at the class certification hearing.  The proffer of opinions by Johannes Vrijling improperly results in submission of additional expert witness testimony, giving rise to a number of objections, as follow, together with objections arising for other reasons.<br><br>LNA's Class Certification Witness list does not specifically identify Johannes Vrijling.  CMO 7, Section III.B.2.c.<br><br>LNA's discovery responses do not specifically identify any Johannes Vrikling to be called as class certification witnesses.  Fed. R. Civ. P. 26, et seq.<br><br>Vrijling's testimony consists of opinion.  LNA is in violation of this Court's limitation upon the number of class certification experts.  CMO 7, Section III.3.B.a.<br><br>Vrijling's testimony consists of opinion.  The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7.  Vrijling is not included in Lafarge's five experts, and not subject of the agreement to waive Daubert.  Vrijling has not been properly qualified to render expert opinion in this matter.  F.R.E. 701, 702, 703.<br><br>Matters contained in the Vrijling testimony pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant.  F.R.E.  401, 402, 403.<br><br>Such evidence is inadmissible hearsay pursuant to FRE 801 and 802.  Further the evidence fails to meet any of the exceptions under FRE 803. | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **LNA's Opp., p. 35, n.94**<br><br>("see also Doc. 8286-29 at 18 ¶ 29, 23 ¶ 44 (opinion of Kerry Vandell, expert for MRGO defendants, that mass valuation "cannot disaggregate the effects of | The parties have agreed to present class certification expert opinion via depositions, instead of live testimony at the class certification hearing.  The proffer of opinions by Vandell improperly results in submission of additional expert witness testimony, giving rise to a number of objections, as follow, together with objections arising for other reasons.<br><br>LNA's Class Certification Witness list does not | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| a particular event (here, the Breach-of-Duty damages) from a complex series of events (the Katrina events)"."); p. 37 n.97 ("Doc. 8286-29 at 16-18 ¶ 35 (Kerry Vandell, real estate expert for MRGO defendants, notes that Kilpatrick methodology offers 'no guidance' regarding commercial properties") | specifically identify Vandell. CMO 7, Section III.B.2.c.<br><br>LNA's discovery responses do not specifically identify any Johannes Vandell to be called as class certification witnesses. Fed. R. Civ. P. 26, et seq.<br><br>Vandell testimony consists of opinion. LNA is in violation of this Court's limitation upon the number of class certification experts. CMO 7, Section III.3.B.a.<br><br>Vandell testimony consists of opinion. The parties agreed to waive Daubert challenges as to one another's five experts governed and sanctioned by CMO 7. Vandell is not included in Lafarge's five experts, and not subject of the agreement to waive Daubert. Vandell has not been properly qualified to render expert opinion in this matter. F.R.E. 701, 702, 703.<br><br>Matters contained in the Vandell testimony pertain only to the merits of this matter, exceed the scope of the class certification hearing, and are therefore prejudicial and irrelevant. F.R.E. 401, 402, 403.<br><br>Such evidence is inadmissible hearsay pursuant to FRE 801 and 802. Further the evidence fails to meet any of the exceptions under FRE 803. | |

| | | |
|---|---|---|
| **LNA Opp**. at 13, citing Riche's opinion as to whether his business is "representative of a giant company like Wal-Mart." | Calls for speculation, opinion, legal conclusions. F.R.E. 602, F.R.E. 701, 702, 703. Does not contribute clear understanding of the witness' testimony. | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **LNA Opp.** pp. 29-30, citing Mumford and Riche as to whether evidence of property damage can be established by mathematical as opposed to individualized evidence. | Calls for speculation, opinion, legal conclusions. F.R.E. 602, F.R.E. 701, 702, 703. Does not contribute clear understanding of the witness' testimony. | Sustained<br>☐<br><br>Overruled<br>☐ |

| | | |
|---|---|---|
| **LNA Opp**. at 30, citing Harris, Riche & Glaser as to the need for individualized proof as to the costs of demolition and salvage and saying they "concededly" admitted such need. | Calls for speculation, opinion, legal conclusions. F.R.E. 602, F.R.E. 701, 702, 703. Does not contribute clear understanding of the witness' testimony. | Sustained ☐  Overruled ☐ |
| **LNA Opp**. at 33, citing Mumford and Koch as to the individualized nature of property losses. | Calls for speculation, opinion, legal conclusions. F.R.E. 602, F.R.E. 701, 702, 703. Does not contribute clear understanding of the witness' testimony. | Sustained ☐  Overruled ☐ |

Dated: December 1, 2008    Respectfully submitted

By:

/s/  Brian Gilbert
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
bgilbert@briangilbertlaw.com


/s/  Matt C. Bailey
SHAWN KHORRAMI  (CA Bar #180411)
MATT C. BAILEY  (CA Bar #218685)
DYLAN POLLARD  (CA Bar #180306)
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:     (213) 596-6000
Facsimile:     (213) 596-6010
skhorrami@kpalawyers.com
dpollard@kpalawyers.com
mbailey@kpalawyers.com



/s/  Lawrence D. Wiedemann
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
lawrence@wiedemannlaw.com
karl@wiedemannlaw.com
karen@wiedemannlaw.com

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
pistols42@aol.com


/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
rick@rickseymourlaw.net

*Attorneys for Barge Plaintiffs*


## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record by depositing the same in the U.S. Mail, postage prepaid, and/or via ECF upload, this 1 day of December, 2008.

\s\Brian A. Gilbert