# **<u>Exhibit 34</u>**

RICHARDSON, JOSEPHINE

8/11/2008

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES   * CIVIL ACTION

                                       * NO. 05-4182

PERTAINS TO: BARGES            * Consolidated

                                       * SECTION "K(2)"

Boutte v. Lafarge       05-5531 *

Mumford v. Ingram       05-5724 * JUDGE DUVAL

Lagarde v. Lafarge      06-5342 *

Perry v. Ingram         06-6299 * MAG. WILKINSON

Benoit v. Lafarge       06-7516 *

Parfait Family v. USA   07-3500 *

Lafarge v. USA          07-5178 *

   *   *   *   *   *   *   *   *   *   *   *


Deposition of JOSEPHINE RICHARDSON,

given at Chaffe McCall, L.L.P., 2300 Energy

Centre, 1100 Poydras Street, New Orleans,

Louisiana 70163-2300, on August 11th, 2008.



REPORTER BY:

        JOSEPH A. FAIRBANKS, JR., CCR, RPR

        CERTIFIED COURT REPORTER #75005

RICHARDSON, JOSEPHINE

8/11/2008

Page 174

1    Q.  You received $119,000.
2    A.  I sure did.
3    Q.  Plaintiff Josephine Richardson
4  submitted a claim to the SBA.  Do you see that?
5    A.  Yes.  I do.
6    Q.  That's the claim you submitted over
7  the phone.
8    A.  Right.
9    Q.  Plaintiff Josephine Richardson
10 submitted a claim to FEMA.  Do you see that?
11   A.  Yes, I did.
12   Q.  That's the claim for which you
13 received $21,000, as you just testified?
14   A.  I sure did.
15   Q.  Is that right?
16   A.  Yes.  Red Cross you got here, too.
17   Q.  The last one is Red Cross.  And it
18 says you can't recall the amount from Red
19 Cross.  Do you remember now?
20   A.  I got three hundred dollars.
21   Q.  Three hundred dollars for Red Cross.
22   A.  Three hundred.  That was it.
23   Q.  Okay.  Thank you.
24       MR. GILBERT:
25          Mark, let me just make mention of

Page 175

1          Richardson however many zeros 52 which
2          is the FEMA check.  Josephine.
3       MR. RAFFMAN:
4          All right.  I apologize.  It's
5       not in my stack.  We'll go back and
6       look for it.
7       MR. GILBERT:
8          It is 21 something thousand.
9       MR. RAFFMAN:
10         All right.
11 EXAMINATION BY MR. RAFFMAN:
12   Q.  Ms. Richardson, you have -- when is
13 the first time spoke with a lawyer about filing
14 a lawsuit against the barge?
15   A.  When I saw it in the paper.
16   Q.  What did you see in the paper?
17   A.  Oh, I don't know.  I just was reading
18 the morning paper and I happened to see it,
19 about for the -- you can file from the Ninth
20 Ward or whatever, different wards, you can file
21 the claim for the barge.
22   Q.  About the barge.
23   A.  Yeah.
24   Q.  And when you saw that, what did you
25 do?

Page 176

1    A.  I called them.
2    Q.  Who did you call?
3    A.  Mr. Brain Gilbert.
4    Q.  Mr. Gilbert.  Do you remember when
5  that call was made?
6    A.  No.  '06?  '07?  I don't --
7    Q.  When is the first time -- well, do you
8  understand you were proposed to be a class
9  representative in this case?
10   A.  All right.  Yeah.  I understand.
11   Q.  What is a class representative?
12   A.  Represent the rest of the people in
13 the Ninth Ward, too, and myself.
14   Q.  If the Court appoints you as a class
15 representative, what do you understand to be
16 your obligations as a class representative?
17   A.  I guess everybody felt the same way I
18 feel about it.  I hope.  We all suffered all
19 the damages.  Same damage I suffered just about
20 everybody down there suffered, too.
21   Q.  What is your responsibility as a class
22 representative, if you understand?  If you
23 know?
24       MR. GILBERT:
25          Well, I'm going to object to the

Page 177

1          extent that she can't possibly know
2          what Rule 23 says.  But subject to the
3          objection.
4  EXAMINATION BY MR. RAFFMAN:
5    Q.  Are you supposed to do anything as a
6  class representative?
7    A.  No.  Not that I know of.
8    Q.  If the Court decides not to certify
9  this case as a class action, would you go ahead
10 with your individual claim for wrongful death
11 of your husband?
12   A.  Yes.  Yes.
13   Q.  And you would also go ahead with an
14 individual claim for property damage?
15   A.  Yes.
16   Q.  Whether or not the court certifies
17 this case as a class action, would you also
18 pursue the complaint and lawsuit you filed
19 against the Army Corps of Engineers?
20       MR. GILBERT:
21          I'm going to object to the
22          question.  She cannot possibly
23          understand the legal ramifications of
24          doing that or possibly render a
25          competent answer.  But subject to

RICHARDSON, JOSEPHINE

8/11/2008

Page 190

```
 1   lost, the next item of damage on next page,
 2   lost income, lost earning capacity and lost
 3   business opportunity?  Do you see those?
 4       A.  Yes, sir.
 5       Q.  Those all relate to your husband's
 6   lost ability to provide you with income?
 7       A.  Yes, it is.
 8       Q.  The next item, your past and future
 9   loss of enjoyment of lifestyle, do you see
10   that?
11       A.  Yes, sir.
12       Q.  Does that relate to anything other
13   than the loss of your husband's companionship?
14       A.  Everything to do with it, yes, sir.
15       Q.  Apart from your husband's
16   companionship, what does that element relate
17   to?
18       A.  We miss him.  We need him.
19       Q.  Sorry.
20       A.  Yes.  But he's not around anymore.
21       Q.  So when you're talking about the loss
22   of enjoyment of lifestyle, what you're saying
23   is that you've lost your husband.
24       A.  And my children lost their father.  I
25   lost my best friend.
```

Page 191

```
 1       (Off the record.)
 2   EXAMINATION BY MR. RAFFMAN:
 3       Q.  Mrs. Richardson, can you identify for
 4   me any of the physicians who treated you before
 5   Hurricane Katrina?
 6       A.  Who treated me?  You said can I
 7   identify -- between my husband and I?
 8       Q.  I'm thinking of you in particular now.
 9       A.  How did we treat each other?
10       MR. GILBERT:
11           No.  Can you tell him any of the
12           doctors that used to treat you before
13           Katrina?
14       A.  Oh, yeah.  Just McKenna.
15   EXAMINATION BY MR. RAFFMAN:
16       Q.  Dr. McKenna was your doctor before the
17   storm.
18       A.  Yes, he was.
19       Q.  Okay.  And was he also your husband's
20   doctor?
21       A.  No.
22       Q.  Do you know what the name of your
23   husband's doctors were?
24       A.  I had the papers, but all that's gone.
25       Q.  All right.
```

Page 192

```
 1       A.  No.  I don't know.
 2       Q.  Did you see a doctor at Tulane before
 3   the storm?
 4       A.  My husband?
 5       Q.  You.
 6       A.  I did, yes.  I had a hip re --
 7       Q.  What was the name of the doctor at
 8   Tulane?
 9       A.  Dr. Butler.
10       Q.  Dr. Butler.  And he replaced your hip?
11       A.  Yes, he did.
12       Q.  Can you think of any other doctors who
13   treated you before the storm?
14       A.  No.  And Dr. McKenna.  Those two.
15   Those are the only once I had.
16       Q.  All right.  I have no further
17   questions at this time.
18       MR. GILBERT:
19           All right.  I have just a couple
20           follow-up questions.
21   EXAMINATION BY MR. GILBERT:
22       Q.  Ms. Richardson, if the damage to the
23   lower Ninth Ward was caused by the barge --
24       A.  Was it damaged by the barge?
25       Q.  No.  Listen to my question.  If the
```

Page 193

```
 1   floodwall was broken by the barge --
 2       A.  It was.
 3       Q.  -- and if the floodwall let the water
 4   into the Lower Ninth Ward --
 5       A.  All right.
 6       Q.  -- do you want the people responsible
 7   to compensate you?
 8       A.  Well, sure.
 9       Q.  If it's the government 's fault that
10   the floodwall opened and the floodwaters came
11   through, do you want the government to pay?
12       A.  I sure do.
13       Q.  If your attorneys or the Court require
14   you to do anything particular in connection
15   with your duties as a class representative,
16   will you do what we ask?
17       MR. RAFFMAN:
18           Objection.
19       A.  I sure will.
20       MR. GILBERT:
21           That's all I have.
22       MR. RAFFMAN:
23           I have recross.
24       MR. GILBERT:
25           Enjoy.
```

49 (Pages 190 to 193)