LEXSEE 2004 U.S. DIST. LEXIS 9955

**SHIRLEY FULFORD, et al. versus TRANSPORT SERVICE CO., et al.**

CIVIL ACTION NO. 03-2472 c/w 03-2636 SECTION "C" (4)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*2004 U.S. Dist. LEXIS 9955*

May 27, 2004, Decided
May 27, 2004, Filed; June 1, 2004, Entered

**SUBSEQUENT HISTORY:** Reconsideration denied by *Fulford v. Transp. Serv. Co., 2004 U.S. Dist. LEXIS 12013 (E.D. La., June 28, 2004)*

**PRIOR HISTORY:** *Fulford v. Transp. Serv. Co., 2004 U.S. Dist. LEXIS 5855 (E.D. La., Apr. 6, 2004)*

**DISPOSITION:** [*1] Plaintiffs' Motion for Class Certification DENIED.

**COUNSEL:** For SHIRLEY FULFORD, DONALD DE ROGERS, IRMA O THOMAS, plaintiffs (03-CV-2472): Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, Judith A. Defraites, Judith A. Defraites, Attorney at Law, New Orleans, LA.

For TRANSPORT SERVICES COMPANY, defendant (03-CV-2472): J. Warren Gardner, Jr., Gregory Scott LaCour, Christovich & Kearney, LLP, New Orleans, LA.

For PROTECTIVE INSURANCE COMPANY, defendant (03-CV-2472): John Emerson Galloway, Kimberly G. Anderson, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA.

**JUDGES:** Helen G. Berrigan, United States District Judge.

**OPINION BY:** Helen G. Berrigan

**OPINION**

**ORDER AND REASONS**

Before the Court is Plaintiffs', Shirley Fulford, et al., Motion for Class Certification. The Motion is opposed.

After a thorough review of the law, the record, the Motion, and the memoranda filed in support thereof and in opposition thereto, Plaintiffs' Motion for Class Certification is **DENIED.**

**BACKGROUND**

This putative class action involves an alleged chemical spill from a tractor-trailer tank truck. The Fulford Plaintiffs allege that they suffered damages as a result of the spill and seek [*2] to represent a class of plaintiffs against those they claim are responsible for causing the damage. They brought suit in the Civil District Court for the Parish of Orleans, State of Louisiana, on August 7, 2003. Defendants timely removed the suit on August 29, 2003. (Rec. Doc. 1).

On September 30, 2003, the Fulford Plaintiffs' putative class action was consolidated with the Abram Plaintiffs' putative class action, the complaint of which alleges the same theory of recovery. (Rec. Doc. 7).

On October 23, 2003, the Court ordered Plaintiffs to file a Motion for Class Certification by November 25, 2003, to be set for hearing on December 10, 2003. *Id.* At that time, the Court also ordered that the parties confer with the Magistrate Judge to discuss a case management order. *Id.* After conferring with the Magistrate Judge, who conducted a status conference with the parties present, the Court ordered that the deadline for filing the Motion for Class Certification be extended to April 13, 2004, to be set for hearing on April 28, 2004. (Rec. Doc.

Case 2:05-cv-04182-SRD-JCW   Document 16571-14   Filed 12/01/08   Page 2 of 5

Page 2
2004 U.S. Dist. LEXIS 9955, *2

15).

The Fulford Plaintiffs filed their Motion for Class Certification on April 13, 2004. The Abram Plaintiffs have not filed a Motion for [*3] Class Certification. Defendants filed timely oppositions. Oral argument was had on August 28, 2004. The Court ordered Plaintiffs and Defendants to supplement the Motion or the memorandum in opposition, respectively, by filing additional memoranda by May 5, 2004, which both parties promptly did.

**LAW AND ANALYSIS**

The only question at issue is whether this putative class action may be maintained as an actual class action. *Rule 23 of the Federal Rules of Civil Procedure* governs class certification.

In order to certify a class under *Rule 23*, Plaintiffs must show that the class meets the following requisites:

1) it is a definable class of which the class representatives are members;

2) the class is so numerous that joinder of all members is impracticable;

3) there are questions of law or fact common to the class;

4) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

5) the representative parties will fairly and adequately protect the interests of the class.

*FED. R. CIV. PROC. 23(a)*.

Because Plaintiffs have chosen to proceed under *Rule 23(b)(3) of the Federal Rules of Civil Procedure* [*4] , Plaintiffs must additionally show that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of controversy. *FED. R. CIV. PROC. 23(b)(3)*.

The District Court must conduct a rigorous analysis of the *Rule 23* prerequisites before certifying a class. *Gen'l Tel. Co. v. Falcon, 457 U.S. 147, 161, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982)*. The decision to certify is within the broad discretion of the court, but that discretion must be exercised within the framework of the *Rule 23. Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 68 L. Ed. 2d 693, 101 S. Ct. 2193 (1981)*; *Jones v. Diamond, 452 F.2d 1090 (5th Cir. 1975)*. The party invoking *Rule 23* has the burden of showing that all the prerequisites to the underlying class-action procedure have been satisfied. *O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732, 738 (5th Cir. 2003)*; *Castano v. Am. Tobacco Co., 84 F.3d 734, 740 (5th Cir. 1996)*, *citing Horton v. Goose Creek Ind. Sch. Dist., 690 F.2d 470, 486 (5th Cir. 1982)*. [*5]

While the plaintiff bears the burden of proof, in class actions, the general rules on burden of proof should not be applied rigidly or blindly. The court too bears a great responsibility to ensure the just resolution of the claims presented; it should be loathe to deny the justiciability of a class action without the benefit of the fullest factual background. *Walker v. World Tire Corp., Inc., 563 F.2d 918, 921 (8th Cir. 1977)*; *Guerine v. J & W Inv., Inc., 544 F.2d 863 (5th Cir. 1977)*; *Jones v. Diamond, 519 F.2d 1090, 1099 (5th Cir. 1975)*; *Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974)*; *Huff v. N. D. Cass. Co., 485 F.2d 710, 713 (5th Cir. 1973)*.

Last, it is important to note that Plaintiff bears the burden of proving only the elements necessary for maintenance of a class action by a preponderance of the evidence. He need not prove his case. In fact, the substantive allegations of Plaintiffs' complaint are taken as true. *In re American Commercial Lines, LLC, 2002 U.S. Dist. LEXIS 10116, 2002 WL 1066743, at *2 (E.D. La. May 28, 2002)*.

Defendants oppose class certification. At length, they [*6] argue that Plaintiff cannot prove numerosity, adequacy, superiority, or predominance. They also oppose Plaintiff's attempt to prove that their action meets any of the requisites of *Rule 23*. However, they do so, without any substantive argument, as a matter of caution.

Because the Court finds that Plaintiffs' putative class does not meet the prerequisites set forth in *Rule 23(b)(3)*, predominance and superiority, the Court cannot certify this class. Also, because the Court finds that Plaintiffs' putative class fails to fulfill the prerequisites of *Rule 23(b)(3)*, it is unnecessary for the Court to determine if the putative class meets the prerequisites set forth in *Rule 23(a)*.

**1) Predominance**

The plaintiffs seek to certify the putative class action under *Rule 23(b)(3)*. In order to certify a class action under *Rule 23(b)(3)*, the plaintiffs must show "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that class action is superior to other available methods for the fair and efficient adjudication of the controversy." *FED. R. CIV. PROC. 23(b)(3)*. These [*7] issues are respectively referred to as predominance and superiority. In examining these issues, the Court should consider "(A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; [and] (D) the difficulties likely to be encountered in the management of the class action." *Id.*

The first requirement plaintiffs need to show under *Rule 23(b)(3)* is predominance. *Id.* In order to predominate, common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986)*. A cause of action, as a whole, must satisfy the predominance requirement of *Rule 23(b)(3)*; and other sections of *Rule 23* that allow a court to sever the predominant common issues for class trial should not be construed to allow the court to manufacture predominance. *Castano, 84 F.3d at 745-46 n. 21*.

In order to delineate the common [*8] issues from the individual issues, the court must examine the claims of the parties and the law regarding those claims. Plaintiffs claim damages under *articles 2315,2315.6,2316,2317,2320* and *2324 of the Louisiana Civil Code* and*Title 32, sections 1501, 1502, 1515, and 1520* of the Louisiana Revised Statues.

*Article 2315* provides that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." *LA. CIV. CODE art. 2315*. This is the general tort statute that, in this case, requires Plaintiffs to prove duty, negligent breach of that duty, causation, and damages. *Lazard v. Foti, 2002-2888 (La. 10/21/03), 859 So. 2d 656*.

Duty and breach of the duty will be common issues. *In re American Commercial Lines, LLC,2002 U.S. Dist. LEXIS 10116, 2002 WL 1066743 (E.D. La. May 28, 2002)*. Although the existence of a duty and the scope of that duty may not be cognizable solely on one class wide basis as some of the class members' only alleged damage are mental injuries or economic injuries and, in those cases, a duty may not exist, *Moresi v. Dep't of Wildlife and Fisheries, 567 So. 2d 1081 (La. 1990)*; [*9] *PPG Indus., Inc. v. Bean Dredging Corp., 422 So. 2d 151 (La. 1982)*, the existence of duty should be readily ascertainable on a class wide basis. The Court could easily dismiss the claims of those individuals to whom Defendants owe no duty and proceed to trial without the need to resort to individualized attention. Likewise, negligent breach of a duty will also be a common issue focusing primarily on Defendants' conduct on the day of the incident. *In re American Commercial Lines, LLC, 2002 U.S. Dist. LEXIS 10116, 2002 WL 1066743*.

General causation- that is, whether hydrogen sulfide 1 can cause the damages the Plaintiffs complain of- will also be a common issue subject to a common *Daubert* motion or a common Motion for Summary Judgment. Although Plaintiffs allege that hydrogen sulfide caused in almost every Plaintiff some combination of the nineteen various adverse reactions and although it will be necessary to determine whether hydrogen sulfide can cause each of those nineteen various adverse reactions or the combinations thereof, the determination of whether hydrogen sulfide can cause the nineteen various reactions or the combinations thereof also can be accomplished on a [*10] class wide basis.

> 1   Plaintiffs originally alleged that sodium hydroxide was the disease causing culprit. However, at oral argument, they changed their theory to assert that hydrogen sulfide caused Plaintiffs' injuries.

Specific causation, that is, whether hydrogen sulfide actually caused the damages Plaintiffs allege it caused, on the other hand, will be a highly individualized issue as will be damages. *Id.* Plaintiffs will be required to show that it is the hydrogen sulfide that actually caused the damages they claim to individually suffer from. Plaintiffs will need to present evidence from at least one medical doctor for every individual Plaintiff who is familiar with that Plaintiff to make this showing. Defendants will likely counter each individual's doctor's opinion with another medical doctor also familiar with that individual. Each

individual's medical history will also play an important role. So too will the circumstances of each Plaintiff's exposure to hydrogen sulfide, such as where they were and [*11] whether other environmental agents capable of causing Plaintiffs' maladies were present at that Plaintiff's location and, if so, which ones.

*Article 2315.6* provides relief for bystander damages. The same issues presented in an *article 2315* analysis will be present, but recovery will also be subject to two other individualized issues: (1) whether a member of the classes protected by this article actually saw the injury and (2) whether they suffered mental distress because of it.

*Article 2316* provides that "every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." This analysis will be virtually identical to the analysis presented by *article 2315*.

*Article 2317* and *2320* provide for vicarious liability. They provide that "we are responsible, not only for the damages occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody" and that "masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed", respectively. The same [*12] issues presented in an *article 2315* analysis will be present, but recovery will also be subject to another common issue: whether Defendants are responsible for the acts of the people who actually caused the leak.

*Article 2324* provides for comparative fault. This presents two issues, one common and one individual. The first issue, which Defendants are liable and in which percentages of fault, will be a common issue. [2] However, the issue of the comparative fault of each individual plaintiff is an individual issue.

> 2   This is really a non-issue because only one Defendant is liable, the other is an insurance company.

*Title 32, sections 1501*,*1502*, *1515*, and*1520 of the Louisiana Revised Statues* provide for criminal liability for people who offer or accept for transportation, load or unload, or transport a hazardous material or a hazardous waste in a careless or imprudent manner without regard for the hazards of the material or the circumstances of such actions. The only additional issue presented by these articles [*13] is whether the statutes may be used to establish negligence *per se.* This will be a common issue.

Although quantitatively the common issues and the individual issues appear to be almost equal in number, qualitatively the individualized issues predominate over the common issues. The issues of specific causation and damages will require a huge amount of time and effort by the Court to assess the merits of each individual's claim. Although Defendants' conduct is a common issue, its significance to the case is minimized by the highly individualized issues presented by, perhaps, three hundred or more Plaintiffs.

**2) Superiority**

The second requirement plaintiffs need to show under *Rule 23(b)(3)* is superiority. A court should consider the four factors listed in *Rule 23(b)(3)* to determine whether a class action is superior to other forms of relief. *FED.R. CIV. PROC. 23(b)(3)*. Again, in examining the superiority of a class action to other forms of relief, a court should consider "(A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation [*14] concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; [and] (D) the difficulties likely to be encountered in the management of the class action." *Id.*

An inquiry into the merits of the claims of the representative or the class is normally inappropriate when making the decision whether the action should be certified under *Rule 23*. WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1759 (2d.ed. 1986), *citing Redditt v. Mississippi Extended Care Ctrs., Inc., 718 F.2d 1381 (5th Cir. 1983)*; *Miller v. Mackey Int'l. Inc., 452 F.2d 424 (5th Cir. 1971)*; *Johnson v. Georgia Highway Express, 417 F.2d 1122 (5th Cir. 1967)*. However, a preliminary evaluation of the merits of a class action may well be appropriate in a *Rule 23(b)(3)* action to determine whether a class action is superior to other available methods of adjudicating the dispute. WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1759, *citing Dolgow v. Anderson, 53 F.R.D. 664 (E.D.N.Y. 1971)*. In light of the [*15] burden on the court and on the parties of an

affirmative class action determination, particularly in fulfilling the requirement of *subsection(c)(2)* of notice to members of the class which must be formulated and dispatched either by the court or by the parties under its direction, the superiority of class action treatment is highly questionable when the claim is very doubtful or, in fact, is totally devoid of merit. WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1759.

The Fifth Circuit in *Castano,* while not disavowing the holdings of the United States Supreme Court in *Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78, 40 L. Ed. 2d 732, 94 S. Ct. 2140 (1974)*, and another Fifth Circuit panel in *Miller v. Mackey Int'l, 452 F.2d 424 (5th Cir. 1971)*, stated that, in determining whether a class action is superior to other forms of relief, a court should examine the "theory [or theories] of liability and the existence of new evidence." *Castano, 84 F.3d at 746-47*.

In analyzing superiority, the parties both focus on the difficulties likely to be encountered in the management of the class action. Defendants contend that, because individual [*16] issues predominate, individual adjudication would be superior. Defendants also contend that, because Plaintiffs' claims are scientifically frivolous, class adjudication would unfairly burden the Court and Defendants. Plaintiffs just list the litany of reasons why class actions are generally thought of as superior when the requirements of *Rule 23* are met without showing that those requirements have been met.

At oral argument, the driver of the truck, Dan Davis, testified that the truck had been safely emptied on Defendants' property before the driver entered Plaintiffs' neighborhood. Davis further testified that when the leak was identified, a few policemen, a few firemen, and he investigated the leak without wearing respirators and suffered no damage although they were positioned closer to the tanker-truck than any of Plaintiffs. Two of Defendants' experts testified that the amount of hydrogen sulfide present in the tanker-truck, as indicated by Davis and uncontroverted by Plaintiffs, at the time of the accident was so insignificant that a man could stand inside the truck at that time and suffer no adverse health consequences. They further testified that, when that insignificant concentration [*17] of hydrogen sulfide was released into the atmosphere, it would have become even further diluted.

Some of the proposed representatives of the class testified that other members of their respective households, who were also present on the day of the leak, suffered absolutely no damage. The representatives also testified that, while some of them went to see a neighborhood doctor retained ahead of time by their attorney, Dr. Hackett, the day after the accident, some have never seen a doctor about the leak and those that did only went to see Dr. Hackett and only that one time. All the representatives appeared to be in good health at oral argument, and all admitted that any alleged effect of the hydrogen sulfide did not last more than two or three days after the incident.

Before the Court will certify this class action and set in motion the monolithic mechanism authorized by *Rule 23* thereby assuming the mammoth burdens usually associated therewith, there should be some greater indication that Plaintiffs' claims have merit. Given the propriety of Plaintiffs' claims, or the lack thereof, the Court cannot say that imposing upon Defendants or itself the heavy burden of litigating a class action [*18] is a superior method of adjudicating Plaintiffs' claims. Notwithstanding that, a class action is an inferior method of adjudicating these claims as the individualized issues predominate over the common issues, as previously discussed.

**CONCLUSION**

Because the Plaintiffs have failed to show that their putative class action meets the dictates of *Rule 23(b)(3)*, Plaintiffs' Motion for Class Certification is **DENIED.**

New Orleans, Louisiana, this 27th day of May, 2004.

Helen G. Berrigan

United States District Judge