LEXSEE 1998 U.S. DIST. LEXIS 13842

IN RE COMPLAINT OF CLEARSKY SHIPPING CORP., AS OWNER, AND COSCO (H.K.) SHIPPING COMPANY LIMITED, AS OWNER OF THE M/V BRIGHT FIELD, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 96-4099 C/W 96-4047, 96-4048, 96-4077, 96-4090, 96-4097, 96-4098, 96-4193, 97-89 SECTION "G" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*1998 U.S. Dist. LEXIS 13842*

**August 27, 1998, Decided**
**August 28, 1998, Filed; August 31, 1998, Entered**

**DISPOSITION:** [*1] Limitation plaintiffs' Motion for Summary Judgment Against Claimants With No Medical or Other Evidence of Emotional Injury DENIED.

**COUNSEL:** For CLEARSKY SHIPPING CORP., as owner of the M/V Bright Field, for exoneration from or limitation of liability, COSCO (H.K.) SHIPPING COMPANY LIMITED, -, as manager, of the M/V Bright Field, for exoneration from or limitation of liability, petitioners (96-CV-4099): John A. Bolles, Janet Wessler Marshall, Terriberry, Carroll & Yancey, New Orleans, LA. Christopher Ogilvie Davis, Robert Clotworthy, George Moore Gilly, James H. Roussel, William Joseph Riviere, Phelps, Dunbar, LLP, New Orleans, LA. Eugene J. O'Connor, Wayne D. Meehan, Freehill, Hogan & Mahar, New York, NY.

For NEW ORLEANS RIVERWALK ASSOCIATES, claimant (96-CV-4099): Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. James G. Burke, Jr., James O. M. Womack, Burke & Mayer, New Orleans, LA. Kimbley Ann Kearney, Clausen, Miller et al, Chicago, IL. Thomas A. McDonald, James J. Knibbs, Clausen Miller PC, Chicago, IL.

For MESSINA'S PASTA INC dba Anthony's Seafood House, (96-CV-4047), PETER L. GLASER, plaintiffs: Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, [*2] Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S. Keller, John S. Keller, Attorney at Law, New Orleans, LA. Darleen Marie Jacobs, Darleen M. Jacobs, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA. Roy J. Rodney, Jr., Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA.

For PASTA INTERNATIONAL, INC. dba Pasta International, MESSINA'S ON THE RIVER, INC. dba Messina's Seafood and Poorboy, MESSINA'S T-TOR'S CAJUN BOATS AND CAJUNPOORBOY SHOPPE, M.F.C., INC. dba Messina's Louisiana Grocery, VICTOR - TUSA, individually, and as representatives of a class of those similarly situated, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, [*3] Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA. Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA. John S.

Case 2:05-cv-04182-SRD-JCW   Document 16571-16   Filed 12/01/08   Page 2 of 6

Page 2
1998 U.S. Dist. LEXIS 13842, *3

Keller, John S. Keller, Attorney at Law, New Orleans, LA. Stephen Barnett Murray, Murray Law Firm, New Orleans, LA.

For JERE GLASER, JAMES A CAIN, MRS JAMES A CAIN, ANTHONY J TUSA, plaintiffs (96-CV-4047): Daniel E. Becnel, Jr., Darryl James Becnel, Becnel, Landry & Becnel, Reserve, LA. Joseph M. Bruno, Bruno & Bruno, New Orleans, LA. John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA. Hugh Palmer Lambert, Lambert & Nelson, New Orleans, LA. Franklin G. Shaw, Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA. Morton Howard Katz, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA.

For ONE RIVER PLACE INC, MARK DELESDERNIER, JR, ADRIANNE DELESDERNIER, TISHA L HOOKS, individually and as the mother and guardian of Kyrin L. Hooks, GEORGE HERNANDEZ, plaintiffs (96-CV-4048): Gilbert V. Andry, IV, Andry [*4] & Andry, New Orleans, LA. Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA. Gerald Edward Meunier, Stevan C. Dittman, Gainsburgh, Benjamin, David, Meunier, Noriea & Washauer, New Orleans, La. Michael R. Delesdernier, Michael Delesdernier, Attorney at Law, Metairie, LA.

For ALVIN E JEFFERSON, ALBERT JOHNSON, GLORIA LADNER, plaintiffs (96-CV-4077): Val Patrick Exnoicios & Nungesser, New Orleans, LA. John Leslie Young, John Young, Attorney at Law, New Orleans, LA. Stuart Housel Smith, Law Offices of Sacks & Smith, New Orleans, LA. Randall A. Smith, Laura Tiffany Hawkins, Gladstone N. Jones, III, Smith, Jones & Fawer, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, plaintiff (96-CV-4090): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr., Board of Commission of Port of New Orleans, New Orleans, LA. Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For QUEEN OF NEW ORLEANS AT THAT HILTON JOINT VENTURE, plaintiff (96-CV-4097): Robert Hugh [*5] Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Ira Jay Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., plaintiff (96-CV-4098): Lynn Lachin Lightfoot, James E. Smith, Jr., Smith Martin, New Orleans, LA. Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For HEIDI L BAYER, plaintiff: Lyman L. Jones, Jr., Lyman Jones, Jr., Attorney at Law, New Orleans, LA.

For HAROLD PAJEAUD, ROBERT PAUL, JR, plaintiffs: Vernon Palmer Thomas, Vernon P. Thomas, Attorney at Law, New Orleans, LA. Thomas Massa Discon, Discon Law Firm, Mandeveille, LA. Harry E. Cantrell, Jr., Cantrell Law Firm, New Orleans, LA.

For BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, claimant and third-party plaintiff (96-CV-4099): Ivan Mauricio Rodriguez, Galloway, Johnson, Tompkins & Burr, New Orleans, LA. Cynthia J. Thomas, Joseph W. Fritz, Gerald O'Brien Gussoni, Jr., Joseph M. Orlesh, Jr. Board of Commission of Port of New Orleans, New Orleans, LA. Mat M. Gray, III, Winston Edward Rice, Edward Francis Lebreton, III, Marc Thomas Summers, [*6] Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA.

For ST PAUL FIRE & MARINE INS CO, claimant (96-CV-4099): Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA. Raymond Letulle, Raymond Letulle, Attorney at Law, Philadelphia, PA.

For QUEEN OF NEW ORLEANS, claimant (96-CV-4099): Robert Hugh Murphy, Molly B. Halloran, Murphy, Rogers & Sloss, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For INTERNATIONAL RIVERCENTER, HILTON HOTELS CORPORATION, claimants (96-CV-4099): Peter L. Hilbert, Jr., Colvin Gamble Norwood, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA.

For NEW ORLEANS PADDLEWHEELS, INC., claimant (96-CV-4099): Ira Jay Rosenzweig, Bonin & Rosenzweig, New Orleans, LA. Chester Theodore Alpaugh, III, Smith Martin, New Orleans, LA.

For ANGELA RUFFIN, DAVID GAINES, Individually and on behalf of D'Juan Mackey and Rachel Mackey, ELTON JOHNSON, claimants (96-CV-4099): G. Michael Grosz, III, Peyton B. Burkhalter, Law Offices of G. Michael Grosz, III, Gretna, LA.

For LAFAYETTE INSURANCE COMPANY, claimant (96-CV-4099): Geoffrey Herr Longenecker, [*7] Geoffrey H. Longenecker, Attorney at Law, Covington, LA.

**JUDGES:** MOREY L. SEAR, CHIEF JUDGE.

**OPINION BY:** MOREY L. SEAR

**OPINION**

*MEMORANDUM AND ORDER*

*Background*

This admiralty proceeding arises from the allision of the M/V BRIGHT FIELD with a portion of the New Orleans riverfront known as the New Orleans Riverwalk. On December 14, 1996, the M/V BRIGHT FIELD was traveling downriver on the Mississippi River, en route to Japan with a cargo of approximately 60,000 metric tons of grain that had been loaded in Reserve, Louisiana. After the M/V BRIGHT FIELD passed underneath the Crescent City Connection, a bridge over the river, it struck and damaged parts of a wharf including the Riverwalk shopping center, One River Place condominium, the New Orleans Hilton Riverside Hotel, and other nearby structures.

On December 18, 1996, plaintiff Clearsky Shipping Corporation, as owner, and COSCO (H.K.) Shipping Company, Ltd., as manager, of the M/V BRIGHT FIELD, filed a petition for exoneration from or limitation of liability in this district, pursuant to *46 U.S.C. § 183 et seq.* and *Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims* [*8] ("Admiralty Rules"). More than 1200 claims for alleged injuries and property damage have been filed in the limitation proceeding.

Plaintiffs in limitation move for summary judgment against certain claimants on grounds that they seek damages solely for alleged emotional injuries but have no medical or other evidence of such injuries. Opposition memoranda have been filed on behalf of various individual claimants, and a general opposition has been filed by lead counsel Walter Leger and Russ Herman.

*Discussion*

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [1] This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." [2] A complete failure of proof on an essential element renders all other facts immaterial [*9] because there is no longer a genuine issue of material fact. [3]

[1] *Fed.R.Civ.P. 56(c)*.
[2] *Celotex Corp. R. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)*.
[3] *Id.*

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, deposition, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. [4] The movant may accomplish this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial - that is, the nonmovant must come forward with evidence establishing each of the challenged [*10] elements of its case for which the nonmovant will bear the burden of proof at trial. [5]

[4] *Id. at 323, 106 S. Ct. at 2552-53*.
[5] *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)*.

The claims that are the subject of this motion are for negligent infliction of emotional distress and are

Case 2:05-cv-04182-SRD-JCW   Document 16571-16   Filed 12/01/08   Page 4 of 6

Page 4
1998 U.S. Dist. LEXIS 13842, *10

governed by the general maritime law of the United States. Traditionally, neither the general maritime law nor the Jones Act recognized a right to recover damages for negligent infliction of emotional distress unaccompanied by some physical contact or injury. [6] Further, trivial physical complaints were considered insufficient "physical impact" to support recovery for attendant emotional injury. [7] More recently, courts have broadened the rule to permit recovery by an individual who was in the "zone of danger" of a physical impact and suffered emotional trauma as a result. [8]

> [6] *Plaisance v. Texaco, Inc.*, 966 F.2d 166 (5th Cir. 1992)(en banc); *Gaston v. Flowers Transp. Co.*, 866 F.2d 816 (5th Cir. 1989).
>
> [*11]
>
> [7] *Ainsworth v. Penrod Drilling Corp.*, 972 F.2d 546, 547 (5th Cir. 1992)(complaint seeking damages for emotional harm dismissed where worker witnessed accident and participated in rescue, but sustained no physical impact or contact and injuries alleged were trivial ones including upset stomach, headaches, pulled muscle).
>
> [8] *Anselmi v. Penrod Drilling Co.*, 813 F. Supp. 436 (W.D.La. 1993).

The Supreme Court recently addressed this issue in a case brought under the Federal Employees Liability Act ("FELA"). [9] In *Consolidated Rail Corp. v. Gottshall*, the Supreme Court recognized that claims for negligent infliction of emotional distress are cognizable under FELA, a statute designed to compensate railroad workers for injuries and deaths caused by the physical perils of their job. [10] The Court acknowledged that recognizing such a cause of action raised concerns about fraudulent and trivial claims and unpredictable and nearly infinite liability, and sought to address these concerns by adopting a limiting test. After reviewing the various common law tests [*12] in this area, the Court settled on a "zone of danger" test, permitting recovery not only by those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct but also those who are placed in immediate risk of physical harm by that conduct. [11]

> [9] *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994).
> [10] *Id.* at 550, 114 S. Ct. at 2408.
> [11] 114 S. Ct. at 2410-11.

The *Gottshall* decision is the most important authority for purposes of emotional distress claims in this proceeding because the Jones Act incorporates the liability and causation concepts of FELA and case law thereunder, and rules followed in Jones Act cases are instructive in general maritime law cases. [12] Indeed, following the Supreme Court's lead, several lower courts already have applied the zone of danger rule in Jones Act and general maritime law cases. [13]

> [12] *Miles v. Apex Marine Corp.*, 489 U.S. 119, 115 S. Ct. 313 (1990).
>
> [*13]
>
> [13] *See Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1409 (9th Cir. 1994); *Yballa v. Sea-Land Services, Inc.*, 919 F. Supp. 1428, 1435 (D.Haw. 1995).

Limitation plaintiffs do not seek summary judgment based on the claimants' inability to show that they were in the zone of danger. [14] Rather, limitation plaintiffs argue that they are entitled to summary judgment because these claimants are unable to offer medical or other objective evidence of a significant emotional injury. Limitation plaintiffs urge that this issue was left open by the *Gottshall* court, and also point to several federal and state court authorities they claim support their motion.

> [14] Limitation plaintiffs have attempted to raise the zone of danger issue in a reply memorandum to one of the claimants' oppositions. Clearly, this was not the original basis for the summary judgment motion and, in any event, I decline to define the zone of danger though piecemeal pretrial rulings.

[*14] Limitation plaintiff's approach finds no support in *Gottshall*. The *Gottshall* court specifically rejected an analysis conducted by the Third Circuit that examined, as a threshold matter, the authenticity and seriousness of the plaintiffs' alleged emotional injuries. [15] The *Gottshall* court concluded that this genuineness analysis would not assist in separating valid from invalid emotional distress claims because it "would force judges to make highly subjective determinations" about claims that "are far less susceptible to objective medical proof than are their physical counterparts." [16]

> [15] The Third Circuit's analysis focused on the "genuineness" and "foreseeability" of the plaintiffs' emotional injuries. *Gottshall, 512 U.S.*

at 532, 551, 114 S. Ct. at 2398, 2408.

16  *Id.* at 532, 552, 114 S. Ct. at 2399, 2409. See also *Metro-North Commuter Railroad v. Buckley*, 521 U.S. 424, 117 S. Ct. 2113, 138 L. Ed. 2d 560 (1997).

Limitation plaintiffs [*15] urge that the controlling issue here was not before the *Gottshall* court because the *Gottshall* plaintiff' emotional injuries were unquestionably severe. [17] I am not persuaded by this argument. Absent any limiting language, the court's rejection of a genuineness analysis must be understood to apply generally to all cases. In its exhaustive exploration of common law tests, the court expressly recognized that "many jurisdictions that follow the zone of danger test also require that a plaintiff demonstrate a 'physical manifestation' of an alleged emotional injury, that is, a physical injury or effect that is the direct result of the emotional injury, in order to recover," yet the court did not incorporate such a requirement. [18]

  17  Gottshall spent three weeks at a psychiatric institution, was documented as experiencing nausea, insomnia, cold sweats and repetetive nightmares, and was diagnosed as suffering depression and post traumatic stress disorder; Carlisle suffered insomnia, headaches, depression, weight loss, and a nervous breakdown. *512 U.S. at 535-40, 114 S. Ct. at 2400-02*.

 [*16]

  18  *512 U.S. at 549 n. 11, 114 S. Ct. at 2407 n.11*.

Although three dissenting Justices favored the genuineness test and noted in their dissenting opinion that "the Gottshall and Carlisle cases [did] not call for decision of the question whether physical manifestations would be necessary for recovery in every case," [19] I think the better conclusion to be drawn from *Gottshall* is that by limiting recovery according to categories such as "physical impact" and "zone of danger," the Court, while clearly not intending to invite claims for any emotional injury no matter how trivial, sought to steer lower courts away from examination of the genuineness of the injury as a basis for liability.

  19  *Id. at 568 n. 3, 114 S. Ct. at 2417 n. 3* (Ginsburg, Blackmun and Stevens, J.)

Limitation plaintiffs point to one post-*Gottshall* case addressing general maritime law claims for emotional distress [*17] where the court required proof of physical manifestation of the injury as part of the zone of danger test. In *Williams v. Carnival Cruise Lines, Inc.*, [20] the court addressed the emotional distress claims of 207 passengers aboard a cruise ship which was caught in a severe storm allegedly due to the vessel's negligence. While adopting the *Gottshall* "zone of danger" test, the *Williams* court also required plaintiffs to demonstrate a physical manifestation of the emotional distress.

  20  *907 F. Supp. 403 (S.D.Fla. 1995)*.

The *Williams* court granted summary judgment dismissing the claims of 141 of the 207 plaintiffs because, although the plaintiffs were in the zone of danger, i.e. placed in immediate risk of physical impact by defendant's conduct, the record was devoid of any evidence of physical manifestation of the alleged emotional injuries. According to the court, plaintiffs' answers to interrogatories revealed that they complained only of "fear and/or seasickness which in most cases [*18] lasted no more than a few days" and "none of [them] had sought medical care, nor [had] they complained that their emotional distress [had] interfered with their daily performances." [21]

  21  *Id. at 407*.

While I have previously expressed concern about the flood of claims that have been filed in this litigation, I am not prepared, without additional authority, to summarily dismiss claims based on lack of medical evidence supporting the alleged emotional distress. In my view, the *Williams* court relied on a method specifically rejected by the *Gottshall* court. The *Williams* court considered the physical manifestation requirement necessary as a "guarantee of genuineness" and to "[limit] the prospects for a flood of fraudulent claims" in emotional distress cases. Yet, these are the very concerns the *Gottshall* court sought to address by adopting the zone of danger test (and rejecting the genuineness test). Whether the zone of danger test in fact serves as an adequate check on [*19] emotional distress claims is not before me; I am bound by the Supreme Court's decision.

Limitation plaintiffs also urge me to look at several Louisiana cases that they maintain support their position. While one case, *Hymel v. Tom Alexander Brokerage Co.*, [22] does appear to recognize a physical manifestation requirement as part of the zone of danger test, the maritime-but-local doctrine does not permit me to

supplement the clear admiralty law with a pre-*Gottshall* state court decision that runs directly counter to the rule followed in *Gottshall*.

> 22   *348 So. 2d 104 (La.App. 4th Cir. 1977)*.

The other case cited by limitation plaintiffs, *Lennard v. State Farm Automobile Insurance Co.*, [23] does not even stand for the principle urged. There, the appellate court was unwilling to disturb a jury's finding that the plaintiffs sustained no emotional damage, where the only evidence offered was self-serving testimony. Unlike the present situation, however, the *Lennard* court's decision came [*20] after a full trial on the merits, and the *Lennard* court simply deferred to the jury's credibility determination on the emotional damage issue. Claimants correctly urge that *Lennard* does not support summary dismissal of claims for fear and fright merely because the only evidence is the plaintiff's subjective testimony. Notably, though, claimants correctly concede that after a full trial on the merits the trier of fact may ultimately decide that certain claimants' emotional distress claims fail for lack OF sufficient evidence to be believed. [24]

> 23   *649 So. 2d 1114 (La.App.2d Cir. 1995)*.
> 24   Lead Counsel Leger and Herman Memorandum in Opposition at p. 10.

For the foregoing reasons, limitation plaintiffs have failed to demonstrate that they are entitled to judgment as a matter of law.

Accordingly,

IT IS ORDERED that limitation plaintiffs' Motion for Summary Judgment Against Claimants With No Medical or Other Evidence of Emotional Injury IS DENIED.

MOREY L. SEAR

CHIEF JUDGE