LEXSEE 2006 U.S. DIST. LEXIS 87610

**Armand Richard versus State Farm Fire and Casualty Company**

**Civil Action No. 06-1134**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION**

*2006 U.S. Dist. LEXIS 87610*

**December 1, 2006, Decided
December 4, 2006, Filed**

**COUNSEL:** [*1] For Armand Richard, Plaintiff: Jennings Bryan Jones, III, LEAD ATTORNEY, Lake Charles, LA.

For State Farm Fire & Casualty Co, Defendant: Charles L Chassaignac, IV, LEAD ATTORNEY, Bryan Joseph Haydel, Jr, James E Johnson, Porteous Hainkel & Johnson, Baton Rouge, LA.

**JUDGES:** Tucker L. Melancon, Judge. Magistrate Judge Mildred E. Methvin.

**OPINION BY:** Tucker L. Melancon

**OPINION**

**MEMORANDUM RULING**

Before the Court is the Motion of Defendant, State Farm Fire and Casualty Company, Pursuant to *Federal Rule of Civil Procedure 12(c)* to Dismiss Valued Policy Law Claim [Rec. Doc. 8-1] and Memorandum in Support [Rec. Doc. 8-2], and plaintiff's Memorandum in Opposition thereto [Rec. Doc. 15].

**I. UNDISPUTED FACTUAL BACKGROUND**

On September 23, 2005, plaintiff's home and outside building were destroyed by the effects of Hurrican Rita. (*Complaint,* P 6). More pertinently, plaintiff suffered water and wind damage amounting to a (constructive) total loss to property covered by an insurance policy through defendant, State Farm. (*Id.* at P 9). Specifically, Plaintiff alleges that his home suffered from wind and rain damage and the outside building [*2] from wind and rain, or in the alternative, in part by wind and in part by a storm surge which caused flooding. (*Id.* at P 13-14).

The homeowner's insurance policy covered the residence of plaintiff "for any and all damages caused by wind and rain." (*Id.* at P 5). However, under a section titled "Losses Not Insured" the policy language states that State Farm does not insure "losses which would not have occurred in the absence of one or more of the following excluded events...regardless of (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in sequence with the excluded event to produce the loss..." and specifically lists "water damage" as an excluded event. (*Defendant's Memorandum,* pp. 5-6, citing *Defendant's Exhibit A,* p. 10). Water damage is defined as "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not." (*Id.*).

Defendant paid a sum of $ 36, 759.28 on the home under the homeowner's policy, which plaintiff claims "primarily consisted of the roof and upstairs room." (*Complaint,* P 9). Plaintiff contends [*3] that defendant refused to pay on any upstairs contents, as well as additional living expenses, claiming that since the rest of the home was destroyed by flood (surge waters), there was no coverage on the homeowner's policy. (*Id.* at PP 10-11). Defendant refused to pay for the outside building on the basis of "anti-concurrent" clause, Section I, part 2 of the policy. (*Id.* at PP 13-15).

Plaintiff filed the instant suit on July 3, 2006 [*Complaint,* Rec. Doc. 1], alleging the following: Count

I, under the Louisiana Valued Policy Law (LVPL) defendant is required to pay the full face value of the policy, minus what has already been paid, for the consequences of the destruction to plaintiff's home and outside building by the wind and rain; Count II, that under Louisiana Contract Law and Title 22, defendant's complete denial of the claim for the outside building, contents claim on the home and denial of additional living expenses was arbitrary and capricious which entitles plaintiff to penalties and reasonable attorneys fees. (*Complaint,* PP 16-23).

Defendant seeks to dismiss plaintiff's LVPL (Count I) claims to the extent that they relate to the combined effects of covered [*4] and non-covered perils in the total loss of plaintiff's insured premises. (*Defendant's Motion,* p. 2). Defendants dispute that under such allegations the VPL cannot be the basis for their relief because: 1) the VPL applies when there is an insurance policy covered by the VPL and a peril that is actually covered by that policy is the cause of the property reaching the status of total loss; 2) the VPL does not allow full recovery when the covered peril caused only a partial loss of the covered property; 3) plaintiffs' interpretation of the LVPL would violate Louisiana's filed rate doctrine; 4) plaintiffs' interpretation of the LVPL would violate both the Louisiana and United States constitutions; and 5) plaintiffs' LVPL claims are necessarily preempted by federal law under the National Flood Insurance Act of 1968.

## II. STANDARD OF REVIEW OF THE DEFENDANT'S *RULE 12(c)* MOTION

*Rule 12(c) of the Federal Rules of Civil Procedure* provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Fed. R. Civ. P. 12(c)*. "A [*5] motion brought pursuant to *Fed.R.Civ.P. 12(c)* is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." [1] *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509-10 (1990)).

1

The Fifth Circuit applies the same standard for a motion to dismiss under *Rules 12(c)* as it does for a motion to dismiss under *12(b)(6) of the Federal Rules of Civil Procedure. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir. 2002); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (relying upon cases that provide the standard for a *Rule 12(b)(6)* motion in stating the applicable standard for a *Rule 12(c)* motion)); *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir. 1991). A motion to dismiss for failure to state a claim under *Fed.R.Civ.P. 12(b)(6)* "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).

[*6] In deciding a *Rule 12(c)* Motion, the central issue is whether, in viewing the facts in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf, the complaint states a valid claim for relief. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002); *Brittan Communications Intern. Corp. v. Southwestern Bell Tel. Co.,* 313 F.3d 899, 904 (5th Cir. 2002); *Hughes v. Tobacco Inst. Inc.,* 278 F.3d 417, 420 (5th Cir. 2001)(*quoting St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8(5th Cir. 2000); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). The pleadings are construed liberally and all allegations are accepted as true. *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs.,* 193 F.3d 340, 342 (5th Cir. 1999); *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998).

Judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain. *Voest-Alpine Trading USA Corp.,* 142 F.3d at 891. [*7] The court should not dismiss the plaintiff's claims "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [s]he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *see also Manguno v. Prudential Prop. and Casualty Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002) (*citing Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997))("A district court may not dismiss a complaint under *Rule 12(b)(6)* unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'."). Stated another way, "[a] court may dismiss a complaint

only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)* (quoting *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984))*.

On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. *National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994),* [*8] citing *Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. However, the plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact, in order to avoid dismissal for failure to state a claim. *Collins, 224 F.3d at 498*; *ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 348 (5th Cir. 2002)*.

### III. LAW & ANALYSIS

Defendant seeks to dismiss plaintiff's claim for recovery under the LVPL insofar as it relates to the loss of property resulting from the combined effects of covered and non-covered perils. (*Defendant's Memorandum,* p.2). 2 Defendant mistakenly characterizes Count I of plaintiff's complaint as presenting alternative theories of liability purportedly entitling plaintiff to full recovery under the LVPL even if the loss of plaintiff's insured property resulted from the combined effects of covered and non-covered perils. A careful reading of the Complaint, however, shows that plaintiff's alternative allegation that the outside building was destroyed in part by wind and rain and part by storm surge is *not* being brought under the Valued Policy Law. (*Complaint,* PP5-10, 12-13, 15-7). [*9] Furthermore, in his Opposition, plaintiff reiterates his LVPL allegations and agrees that full payment under the Value Policy Law does not apply where the "proximate cause of the loss is due in part to the excluded peril." (*Plaintiff's Opposition,* p. 2)

> 2   In its motion, defendant does not challenge its obligation to pay full policy value under the "hypothetical scenario" that the subject property was rendered a total loss by covered perils. Defendants states that he is only challenging plaintiff's alternative claim that the property was rendered a total loss by combined covered and non-covered perils. (*Defendant's Memorandum,* p.2).

In considering the Complaint, the Motion to Dismiss and the Opposition thereto, it is apparent to the Court that defendant misconstrued plaintiff's complaint and allegations in stating that plaintiff argues that "if *any* portion of the loss is attributable to a covered peril the insured recovers the face amount of the policy limits pursuant to the VPL." (*Defendant's* [*10] *Memorandum,* p. 2). As set out above, plaintiff is not contending that he is entitled to recover the full value of their policies where flooding/surge water, an excluded peril, was the proximate cause of the total loss to either the home or the outside building. Plaintiff's VPL claim alleges that he is entitled to full value of the policy, minus what has already been paid, to the extent that proximate cause of the loss from covered perils created so much damages that the structure became a constructive total loss. (*Complaint,* PP5-10, 12-13, 15-7; *Plaintiff's Opposition,* p. 2).

As it were, the examination could end here because defendant's Motion to Dismiss is in a way moot because defendant simply seeks dismissal regarding what it phrased as plaintiff's alternative LVPL claim, which, as explained above, is in fact a non-issue since plaintiff does not make any such contention. Therefore, defendant's Motion to Dismiss "plaintiff's VPL claim under the alternative loss scenario" will be denied to the extent that such issue is moot.

The above notwithstanding, the Court finds that this issue does involve a controlling question of law that warrants addressing. The LVPL applies [*11] to require an insurer to pay the full value of the policy only when a covered peril causes a total loss; the loss must be both total and covered. *Turk v. Louisiana Citizens Prop. Ins. Corp., 2006 U.S. Dist. LEXIS 41537, 2006 WL 1635677 (W.D.La. 2006)*; *Chauvin v. State Farm Fire and Cas. Co., 450 F.Supp.2d 660, 665-666 (E.D.La., 2006)*. In the event that the loss was caused in whole or in part by a non-covered peril, rather than in whole by a covered peril, the Court does not read the LVPL to require insurers to pay the full value of the policy limit. Rather, the Court agrees with the court in *Turk v. Louisiana Citizens Property Ins. Corp. 2006 U.S. Dist. LEXIS 41537, 2006 WL 1635677, *1 (W.D.La., 2006)*(Haik, Chief Judge), that in such a case, the insurer would be responsible for paying only for the percentage of loss which is attributable to the covered peril. Accordingly, to the extent that plaintiff's claims under the LVPL involve damages where covered perils were not the sole cause of

Case 2:05-cv-04182-SRD-JCW   Document 16571-20   Filed 12/01/08   Page 4 of 4

Page 4
2006 U.S. Dist. LEXIS 87610, *11

the loss plaintiff is not entitled to full recovery under the LVPL.

Finally, defendant advances colorful arguments pursuant to Louisiana's filed rate doctrine, the Louisiana and United States constitutions, [*12] and the National Flood Insurance Act of 1968 regarding why the Court should grant it judgment as a matter of law on what is defendant's mistaken construction of plaintiff's VPL claim and what defendant titles the alternative loss scenario. Based on the above, and because plaintiff acknowledges that the LVPL does not apply to provide full recovery where the proximate cause of loss is due in part to a non-covered peril and plaintiff is not trying to assert such a claim, it is not necessary to address the viability of these arguments.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss will be DENIED in part to the extent that the requested relief is moot, and GRANTED in part GRANTED in part insofar that plaintiff's claims under the Louisiana Value Policy Law cannot be construed to require defendant to pay full value when the insured property was rendered a total loss, in whole or in part, by a non-covered peril and such claims for full recovery in the event of loss from combined covered and non-covered perils will be dismissed.

Per

PACER

Judge

Tucker L. Melancon

Signed 12-1-06

Filed 12-4-06