Manageability considerations are also a major factor in mass tort class certification rulings.[196] Manageability is easily met in toxic tort or products liability cases when a single defense applies to all class members and makes defendant's liability to the class an all-or-nothing proposition.[197] Voluntary Rule 23(b)(3) class actions may be certified in mass tort class actions when unitary adjudication of even a small number of common issues will result in judicial economy and will advance the litigation.[198]

The Rule 23(b)(3) opt-out provision protects those class members with large claims who prefer to have individual control, no matter how elusive it may really be.[199] The existence or possibility of individual settlement negotiations should be no bar to certification of a Rule

---

[196] See §§17.23-17.45.

[197] *In re "Agent Orange" Prod Liab Litig*, 818 F2d 145 (2d Cir 1987) (government contractor defense); *In re AH Robins Co (Breland v Aetna Cas & Sur Co)*, 85 Bankr 373 (ED Va 1988) (class certified), 88 Bankr 755 (ED Va 1988) (settlement approved), *affd*, 880 F2d 709 (4th Cir), *cert denied*, 493 US 959 (1989) (Dalkon Shield tort claims; insurance carrier relationship defense).

[198] *In re School Asbestos Litig*, 789 F2d 996 (3d Cir), *cert denied* (2 cases), 479 US 852 (1986), 479 US 915 (1986). In affirming nationwide voluntary class for school asbestos compensatory damage claims, and vacating mandatory school class for punitive damage claims, the court held:

> There may be cases in which class resolution of one issue or a small group of them will so advance the litigation that they may fairly be said to pre-dominate. Resolution of common issues need not guarantee a conclusive finding on liability [citation omitted], nor is it a disqualification that damages must be assessed on an individual basis.

789 F2d at 1010.

*Accord Jenkins v Raymark Indus*, 782 F2d 468, 470-71 (5th Cir), *rehg denied*, 785 F2d 1034 (5th Cir 1986) (affirming a voluntary districtwide class of personal injury asbestos cases).

[199] *Vincent v Hughes Air West*, 557 F2d 759 (9th Cir 1977). The circuit court affirmed orders requiring all counsel for individual plaintiffs to pay lead counsel 5% of any settlement reached with defendants in a coordinated air crash litigation not proceeding as a Rule 23 class.

*Cf In re School Asbestos Litig*, 789 F2d 996 (3d Cir), *cert denied* (2 cases), 479 US 852 (1986) (No 86-140), 479 US 915 (1986) (No 86-339). In vacating on multiple grounds a mandatory national class of school asbestos claims for puni-tive damages and upholding a voluntary national class for compensatory dam-ages, the Third Circuit stressed: "By contrast, inclusion of the opt-out provision in 23(b)(3) class actions removes many of the problems raised by a mandatory procedure. Use of a voluntary class assures that only willing plain-tiffs are before the court." 789 F2d at 1002.

December, 1992