*sory Committee Notes*, the existence of other suits by class members may suggest an interest in individual litigation.[341] On the other hand, the existence of other suits may indicate that a class action is needed. Class actions are intended in part to eliminate the waste of judicial resources caused by duplicative individual actions. A class action will ordinarily be superior to repetitive individual suits. When several related individual or class actions have been filed in different districts, the proper procedure is usually transfer and consolidation under 28 USC §1404[342] or transfer for coordinated pretrial proceedings under 28 USC §1407.[343] Such transfers are frequently accompanied by subsequent class action certification.[344]

---

[341] *Rules Advisory Committee Notes to 1966 Amendments to Rule 23*, 39 FRD 69, 104 (1966).

*Thonen v McNeil-Akron, Inc*, 661 F Supp 1271 (ND Ohio 1986) (ERISA/LMRA). An action by four retired bargaining unit employees against their former employer for breach of collective bargaining agreements by altering a health benefit plan was a "textbook example for the appropriate use of the class action device." *Id* 1276:

> No party has pointed to other litigation by members of the class, nor have the defendants argued that potential class members would want to prosecute their own actions. While the claims before the Court have not been valuated, it does not stretch the imagination to believe that most potential plaintiffs would not be motivated to bring a lawsuit to seek restoration of their contractual rights, since such a lawsuit might be more economically feasible than simply conceding an unjustified loss. Concentrating these claims in this forum is desirable, since this Court is thoroughly apprised of the facts and issues of this dispute, and it is likely that most retirees of the company still live within this district. Managing this action should not be at all difficult. The potential class members have already been identified and their addresses provided by the company. Providing notice of this action to eighty people, as well as continued communication with them, should be relatively easy.

*Id* 1276.

*Dirks v Clayton Beverage Co*, 105 FRD 125 (D Minn 1985) (securities). A class action is favored when no other litigation exists concerning the controversy.

*Bogus v American Speech & Hearing Assn*, 582 F2d 277 (3d Cir 1978) (antitrust) (the existence of other litigation may weigh against class certification to the extent that such actions indicate an interest in individual litigation).

[342] See ch 9.

[343] *Id*.

[344] *In re Folding Carton Antitrust Litig*, 75 FRD 727 (ED Ill 1977) (antitrust); *In re Plywood Antitrust Litig*, 76 FRD 570 (ED La 1976) (antitrust); *In re Toilet Seat Antitrust Litig*, 23 Fed R Serv 2d (Callaghan) 1005 (ED Mich May 26, 1976) (antitrust).

December, 1992