bers on res judicata grounds by splitting their causes of action and barring future suits, but such problems may be only academic as a practical matter.[115] Failure to join all defendants, however, is a strategy choice and, except for a showing of unique circumstances, probably would not be ground for claiming inadequacy.[116] The failure to seek class certification is not a bar, when the court sua sponte certifies the class.[117]

---

[115] *Feinstein v Firestone*, 535 F Supp 595, 606 n 16 (SDNY 1982). Class certification was denied in a products liability suit in which plaintiffs split property damage claims from those for personal injury.
 See Restatement (Second) Judgments §25 comment g (1982); Restatement of Restitution §§145-146 (1937).
 It should be recognized, however, that class actions represent a discrete exception, as a practical matter, to restrictions against splitting a cause of action. Following the filing of a class complaint where the class is ultimately certified, or until class certification is denied, any requirement not to split a cause of action that may otherwise apply to require simultaneous assertion of individual and common claims must give way to two settled aspects of class action law. A class action will not bar individual claims that may be supportive of, but not determined by the common class issues. *Cooper v Federal Reserve Bank*, 467 US 867 (1984). At the same time, class members are entitled to rely on the class action for protection of their interests that are common with the class. See ch 1.
 To the extent one has a unique claim from those raised in the class action, the class action serves no purpose in tolling the statute of limitations, and the individual must file a separate suit on a timely basis to protect his or her interests. *Cooper* dealt with the situation where individual claims will be part of the proof of class liability against the defendant but will not be separately adjudicated. Under these circumstances, the individual claims have the benefit of the tolling of the statute of limitations period by the commencement of the class action. If the class suit is successful, then the overlapping portion of the individual claim issues with those of the class causes the entire claim to merge in the verdict, and the plaintiff can seek relief as part of the class. To the extent that the class is unsuccessful, the limitations period on the individual claim has been tolled and the claimant may thereafter timely file an individual suit thereon. In essence, *Cooper* modified the rule barring the splitting of a cause of action in separate litigation in particular circumstances.

[116] *American Trading & Prod Corp v Fischbach & Moore Co*, 47 FRD 155, 156 n 2 (ND Ill 1969).

[117] *In re Northern Dist of Cal "Dalkon Shield" IUD Prods Liab Litig*, 526 F Supp 887, 894 (ND Cal 1981), *vacated & remanded*, 693 F2d 847 (9th Cir 1982), *cert denied*, 459 US 1171 (1983); and dissenting opinion of Heaney, J. in *In re Federal Skywalk Cases*, 680 F2d 1175, 1188 (8th Cir), *cert denied*, 459 US 988 (1982).
 Cf *Thompson v Union Carbide Corp*, 9 Fed R Serv 3d (Callaghan) 316 (SD W Va Nov 13, 1987) (tort). In suit by neighbors against chemical plant for emissions, class certification was denied because of inadequate representation when plaintiffs did not move for class certification, did not know they had

© McGraw-Hill, Inc.