Because plaintiffs are laypeople generally, they are not expected actually to prosecute their own action or that of the class. In this vein, most courts have held that pro se plaintiffs are inadequate representatives of a class.[354] In reaching a determination concerning vigorous prosecution of the action on behalf of the class, courts consider the competence and experience of class counsel, attributes which will most often be presumed in the absence of proof to the contrary.[355]

---

> participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case. To require less would permit attorneys essentially to serve as class representatives; to require more could well present the vindication of the legal rights of the absent class members under the guise of protecting those rights.

*Id* 728.

*Dolgow v Anderson*, 43 FRD 472 (EDNY 1968), *class decertified*, 53 FRD 664 (EDNY 1971), *affd*, 464 F2d 437 (2d Cir 1972) (securities). Competency of counsel is assurance of vigorous prosecution.

[354] *Jonak v John Hancock Mut Life Ins Co*, 629 F Supp 90 (D Neb 1985) (insurance).

*Nilsson v Coughlin*, 670 F Supp 1186 (SDNY 1987) (criminal justice). A class of inmates challenging conditions of confinement would not be certified until the pro se plaintiffs could demonstrate that they would be able to fairly and adequately represent the class.

> Without qualified counsel, . . . and absent any showing of the financial capacity to conduct the litigation, . . . it would not be responsible to require the defendant to litigate a class action suit in which the plaintiffs' legal representation—now nonexistent—is so poor that the judgment might not have any res judicata effect.

*Id* 1191. The application for class certification was denied with leave to renew and the application for appointment of counsel was granted.

*Nash v Heckler*, 40 Fed R Serv 2d (Callaghan) 1372 (WDNY Feb 7, 1985) (government benefits). A request for reconsideration of an order revoking class certification on the basis of inadequate representation was denied. The assertion by the pro se named plaintiff that the defendants' policy of nonacquiescence to certain lower federal court decisions compelled class certification was irrelevant to the plaintiff's ability to represent the class in the role of its attorney and sole class representative.

*Huddleston v Duckworth*, 97 FRD 512 (ND Ind 1983) (criminal justice). Prisoner could not be pro se representative.

*McKee v SCM Corp*, 30 FEP Cas (BNA) 1824 (D Md Mar 12, 1981) (employment discrimination). Plaintiff acting pro se was inadequate representative.

[355] See §3.42.

© McGraw-Hill, Inc.