UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                        CIVIL ACTION
           CONSOLIDATED LITIGATION
                                                               NO. 05-4182 "K" (2)

PERTAINS TO:  BARGE                                              JUDGE DUVAL
                                                                             MAG. WILKINSON

| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait Family v. USA* | C.A. No. 07-3500 |
| *Lafarge v. USA* | C.A. No. 07-5178 |

**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:  Motion for Leave to File Barge Plaintiffs' Seventh Amended Consolidated Class Action Complaint for Damages, Record Doc. No. 15356

O R D E R E D:

 XXX : DENIED.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and the Rule evinces a bias in favor of granting leave to amend.
      However, where–as here–the court has imposed a deadline for the amendment of pleadings, particularly in this instance where the court's case management order specifically adopts the standard of Rule 16 as to pleading amendments, Record Doc. No. 7724 at pp. 3-4, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good

cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).  "In determining good cause, we consider four factors:  '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535).

      Evaluating these four factors in this instance weighs heavily against a finding of good cause.  Plaintiffs present no persuasive explanation for their failure to make these amendments, either prior to the court's deadline, or in any of the other six (6) prior permitted amendments during the preceding almost three (3) years during which the first of these complaints were filed. As indicated in the words of plaintiffs' own memorandum in support of the motion, the amendment is unimportant because it is submitted principally for purposes of clarification, harmonization and repackaging of their six prior complaints.  See, e.g. Record Doc. No. 15356-2 at pp. 2, 5, 8-9.  In those instances where the proposed amendments are in fact more than mere re-packaging (e.g., the addition of a proposed new class representative and the Rule 9(h) assertion), the prejudice resulting to the opposing parties is substantial.  These cases are in an advanced stage of their development toward trial pursuant to case management and scheduling orders that would be severely disturbed by permitting this extremely late amendment.  While the question of the availability of a continuance of either the trial, class certification or dispositive motions deadlines to cure such prejudice is entirely one for the presiding district judge to determine, I doubt that such continuances would be permitted on the current record. Since "good cause" to permit this untimely amendment has not been shown under Fed. R. Civ. P. 16(b)(4), the liberal Rule 15 standard does not apply, and the motion is denied.

New Orleans, Louisiana, this  15th  day of October, 2008.

                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE