UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| PERTAINS TO: | * | |
| | * | |
| | * | |
| MRGO (05-4181, 05-4182,05-5237, | * | |
| 05-6073, 05-6314, 05-6324, 05-6327, | * | |
| 05-6359, 06-0225, 06-0886, 06-1885, | * | |
| 06-2152, 06-2278, 06-2287, 06-2824, | * | |
| 06-4024, 06-4065, 06-4066, 06-4389, | * | |
| 06-4634, 06-4931, 06-5032, 06-5155, | * | |
| 06-5159, 06-5161, 06-5260, 06-5162, | * | |
| 06-5771, 06-5786, 06-5937, 07-0206, | * | |
| 07-0621, 07-1073, 07-1271, 07-1285) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY BRIEF TO THE DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION TO MRGO PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION

**MAY IT PLEASE THE COURT:**

The MRGO Plaintiffs, through the Court's appointed Liaison Counsel and the MRGO PSLC, submit this memorandum in reply to the defendant United States of America's Memorandum in Opposition to Levee and MRGO Plaintiffs' Motions for Class Certification, and for the reasons that follow, and for the reasons previously stated in their original Motion and Amended and Restated Motion for Class Certification and supporting memorandum and

documents, respectfully request this Honorable Court certify this action as a class action consistent with the class definition proffered on behalf of the hundreds of thousands of individuals displaced and catastrophically damaged by the Government's wrongful acts.

The primary thrust of the Government's opposition is that class certification is prohibited because the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, requires each claimant to individually exhaust their administrative remedies before instituting an action. In particular, the Government avers "the courts have uniformly held that class actions cannot be maintained under the FTCA where each member of the putative class has not individually exhausted his administrative remedies." Government's Opp. at p. 12. Nevertheless, the Government's argument is fundamentally flawed. The MRGO Plaintiffs' class– the subject of the pending motion to certify--is a class of all persons who have filed their requisite Form SF 95. The governments' argument fails because it fails to consider that each of the putative class members has filed the requisite Form SF 95 and waited the requisite six months before proceeding. In fact, the overarching class definition contained in the MRGO Class set forth in the Memorandum in Support of the Amended and Restated Motion for Class Certification reads as follows:

> All individuals and entities (both private and public, both natural and juridical) in "GREATER NEW ORLEANS" (defined as that area bounded to the north by Gentilly Boulevard/Gentilly Road to North Broad Street (Gentilly Ridge), to the south by the Mississippi River, to the east by the IHNC, and to the west by Esplanade as well as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and—as to the Defendant Corps only—have, or by a date to be determined by the Court will have, fulfilled whatever administrative claim filing requirements this Court deems

applicable in this matter. [1]

Memo. In Support Amended and Restated Mtn. Class Cert., at p. 5 (Doc. No. 16497-4) (emphasis added).  As such, the only persons who will qualify for class status are those who have taken the requisite administrative steps necessary to qualify as a class member as determined by the Court. A class action of this nature against the Government is consistent with the law, and comports with the generally accepted practice and procedure in federal court.  *See e.g.* 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3658, at 554-55 (3d ed. 1998) ("For example, in filing a class action under the Tort Claims Act, each class member must satisfy the jurisdictional prerequisites of the statute, including the timely filing of an administrative claim.") (footnote omitted).

It is well-settled law in this country that the United States Government is not immune from class action suits.  For example, in *National Treasury Employees Union v. U.S.*, 54 Fed. Cl. 791 (Fed. Ct. Cl. 2002), the court approved a class action settlement between the Government and the National Treasury Employees Union.  Additionally, there is nothing in the FTCA that prohibits a class action against the Government.  28 U.S.C. § 2674 provides in pertinent part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

*Id*.  In fact, the courts have acknowledged the FTCA implicitly allows for the filing of class actions since it provides that the United States shall be liable for torts in the same manner and to the same extent as a private individual.

---

[1] As per the Court's Order dated January 30, 2008, the Levee Upper Ninth Ward Sub-Class was included in the MR-GO Class, (Doc. No. 10984).

3

In *Gollehon Farming v. U.S.*, 17 F. Supp. 2d 1145 (D. Mont. 1998), the court discussed the statutory scope of the FTCA and F.R.C.P. 23.  The court noted"[t]he Federal Tort Claims Act makes no distinction between the individual claimant and the claimant who may, by reason of the facts giving rise to his claim, be a member of a class. In both instances, the purpose and language of the FTCA require claimants to have separately and individually satisfied all jurisdictional requirements." *Id.* at 1160-61 (citations omitted).  The court then added "[o]nce the jurisdictional requirements are satisfied, the provisions of Rule 23 of the Federal Rules of Civil Procedure become operative with respect to the liability action against the United States in the same manner, and to the same extent, as an action against a private individual." *Id.*  Other courts have stated the same position with regards to the applicability of F.R.C.P. 23 to claims against the Government. *See Miles v. Bell*, 621 F. Supp. 51 (D.C. Conn. 1985).  In the *Miles* case, the court stated "the Court is of the opinion that the FTCA implicitly allows for the filing of class actions since it provides that the United States shall be liable for torts in the same manner and to the same extent as a private individual." *Id.* at 70 (citations omitted).  A contrary position would be illogical.

The FTCA is a waiver of sovereign immunity in certain circumstances.  The FTCA provides a mechanism for bringing claims against the Government.  If those claims are not addressed by the agency to whom they are presented, then Congress permitted the filing of a standard form tort claim against the Government in federal court.  Suits in federal court are governed by the Federal Rules of Civil Procedure.  Congress did not see fit to place any limitation on the application of the Federal Rules of Civil Procedure in actions against the Government in federal court under the FTCA.  Congress could easily have limited the application of these rules to exclude Rule 23.  It did not.  Therefore, this Court should find that Rule 23 applies to the MRGO suits against the Government brought pursuant to the FTCA.

Thus, the only question to consider is whether the prerequisites to filing suit under the FTCA have been satisfied. The MRGO Plaintiffs aver that those prerequisites have been satisfied. Title 28 U.S.C. § 2675(a) establishes that as a prerequisite to maintaining a suit against the United States under 28 U.S.C. § 1346(b) a plaintiff must present notice of his or her claim to the appropriate federal agency. *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978). The Fifth Circuit has previously acknowledged in *Williams v. United States*, 693 F.2d 555, 557 (5th Cir.1982):

> For purposes of the provisions of 28 U.S.C. 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

*Id.* The Fifth Circuit has likewise set forth that "an individual with a claim against the government satisfies the notice requirement of § 2675 if he or she: (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Martinez v. U.S.*, 728 F.2d 694, 696 (5th Cir.1984). As long as the agency is somehow informed of the fact of and amount of the claim within the two year period prescribed by § 2401(b), the notice requirement is satisfied.

In the present case, the defendant United States has acknowledged that over 400,000 claims have been filed. Simultaneously, the United States has declined to evaluate these claims. (See attached Exhibit 1).[2] Nonetheless, the Government is in possession of these claims, and hence, the

---

[2] *See Pavano v. Shalala*, 95 F.3d 147, 150-51 (2d Cir. 1996), wherein the court discussed the exceptions to the rules mandating the filing of administrative claims. In particular, the court noted "the futility doctrine" and "irreparable harm." Given the mass displacement of hundreds of thousands of citizens and total and complete refusal of the Government to act on any claims, one can easily say that the need to file administrative claims is unnecessary. Individuals who have filed claims are in no better position today than those who did not file claims.

identification of potential class members for notice purposes and for determination of their status as class members is readily ascertainable from these records.  Accordingly, any argument by the Government that it is impossible to ascertain the identity of these class members is outrageous.

The sheer number of claims presented to the Government further supports the need for class certification.  These numbers coupled with the Government's refusal to act on any claim presented to it is justification in itself for this actions certification as a class.  *Compare with Pavano*, *supra,* footnote no. 2, wherein the court noted that the Agency had "ruled on some claims and approved reimbursements."  Clearly, a class action for the MRGO claimants is superior to the administrative process the Government advocates which has and will go nowhere.

The Plaintiffs further note that the cases cited by the Government in support of its argument against certification are inapplicable to the case at bar.[3]  In the present case, the Plaintiffs seek certification of an action on behalf of those who have filed a Form SF 95.  The Plaintiffs do not seek to represent a class of individuals who have never filed an administrative claim but were attempting to rely on a class claim filed by another.  Therefore, assuming a significant number of individuals have timely and properly filed administrative claims, then a class of those individuals is appropriate.

---

[3] There are a number of reported cases in which class certification was denied in putative class actions brought against the Government pursuant to the FTCA.  *In re Agent Orange Prod. Liability Litigation*, 818 F. 2d 194 (2d Cir. 1987); *Lunsford v. U.S.,* 570 F. 2d 221 (8th Cir. 1977); *Blain v. U.S.*, 552 F.2d 289 (9th Cir. 1977); *and Commonwealth of Pennsylvania v. National Ass'n of Flood Insurers*, 520 F.2d 11 (3rd Cir. 1975).  In contrast to the case at hand, each of these reported cases involved attempts to certify cases by named plaintiffs who had not satisfied their administrative requirements or who sought to be the named representatives in a class for individuals who had not met their administrative prerequisites.  The MRGO Named Plaintiffs have each timely filed their own Form SF 95 against the Government, and they seek to represent only those persons who have also timely filed Form SF 95s against the Government.  It is a matter of hornbook law that a class representative's adequacy in representing the class requires him or her to be similarly situated with the other members of the class.  Thus, there is no prohibition against individuals who have filed administrative claims from representing other unnamed individuals in a class action who have also filed their own requisite administrative claims.

## CONCLUSION

For the foregoing reasons, and for the reasons previously presented in the Plaintiffs' original Motion and Amended and Restated Motion for Class Certification, the MRGO Plaintiffs respectfully request this Honorable Court certify this action as a class action pursuant to Rule 23.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

   /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
The Law Offices of Joseph M. Bruno,
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

/s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

/s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this day 3rd of December, 2008.

      /s/ Joseph M. Bruno
    Joseph M. Bruno