UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K(2)" |
| | * | |
| PERTAINS To: | * | |
| SEVERED MASS JOINDER CASES | * | |
| | * | |
| AARON, 06-4746 | * | |
| | * | |
| | * | |
| WINSTON AARON, SR., ET AL | * | CIVIL ACTION NO.: 06-4746 |
| | * | |
| VERSUS | * | SECTION "K(2)" |
| | * | |
| AIG CENTENNIAL INSURANCE CO. | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO RE-OPEN CASES AND LIFT STAY AND FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Darlynn Mason is a named plaintiff in both of the above captioned lawsuits, in which she is represented by Jim S. Hall & Associates, attorneys Jim S. Hall and Joseph W. Rausch; and in each suit is claiming that she was insured by Auto Club Family Insurance Company when Hurricane Katrina damaged her property.

The same Darlynn Mason has also been represented by Bruno & Bruno, LLP, which negotiated a compromise of her claims against Auto Club Family Insurance Company (hereinafter "ACFIC"), which compromise was accepted by Ms. Mason and concluded by her

acceptance of payment and execution of a Settlement Agreement And Partial Release on December 7, 2007.  By that agreement Darlynn Mason released and discharged ACFIC with respect to all claims arising under her policy with that company, save those based on the alleged failure of the policy to exclude flooding; and for recovery of the face value of the policy based on the contention that Louisiana's Valued Policy Law authorized such a recovery.

The fact that the Darlynn Mason whose claims were partially compromised and released is the same Darlynn Mason who appears as a plaintiff in both *Aaron* and *Aguilar,* in which suits she is complaining of damage to the same property which was the subject of the compromise, only recently came to ACFIC's attention.  The circumstances were discussed with attorney Joseph W. Rausch, who represents Ms. Mason in these two actions.  Mr. Rausch was provided with a copy of the Settlement Agreement and Partial Release and was asked to voluntarily dismiss Darlynn Mason's claim against ACFIC.  Mr. Rausch indicated that the claims would be dismissed, but that has not occurred despite follow up reminders and requests that the action necessary to effect those dismissals be taken.

Accordingly, ACFIC moves the Court for an Order re-opening *Aaron* and lifting the stay in *Aaron* for the limited purpose of permitting ACFIC to file and bring for hearing that proposed Motion for Summary Judgment which is submitted herewith.

**Respectfully submitted,**

**UNGARINO & ECKERT L.L.C.**

| |
|---|
| **CERTIFICATE OF SERVICE** |
| I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, properly addressed and first class postage prepaid, on December 8, 2008. |
| /s/ MATTHEW J. UNGARINO |

**/s/  MATTHEW J. UNGARINO**
**MATTHEW J. UNGARINO (#15061)**
*DAVID I. BORDELON (#16815)*
**3850 North Causeway Boulevard, Suite 1280**
**Metairie, Louisiana  70002**
*Telephone:  (504) 836-7531*
**Facsimile:   (504) 836-7538**
**Email:        dbordelon@ungarino-eckert.com**

G:\DOCS\9000's\9300-9399\9390\Memo in Support of Motion to Re-Open Case and Lift Stay.doc.rtf