EXHIBIT "F" TO CLASS SETTLEMENT AGREEMENT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

No.: 05-4182

FILED IN:    05-4181, 05-4182, 05-4191, 05-4568,
05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278,
06-2287, 06-2346,  06-2545, 06-3529,
06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163,
06-5367, 06-5471,  06-5771, 06-5786,
06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288,
07-1289.

PERTAINS TO: LEVEE AND MR-GO

## JOINT MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, FOR APPROVAL OF PROPOSED SETTLEMENT, AND FOR RELATED RELIEF

Except as otherwise expressly provided below or as the context
otherwise requires, all capitalized terms used in this Joint Motion
for Certification of a Settlement Class, for Approval of Proposed
Settlement, and for Related Relief, and Incorporated Memorandum
in Support Thereof (the "Joint Motion") shall have the meanings
and/or definitions given them in the Class Settlement Agreement
("Class Settlement Agreement"), the original of which, together
with all exhibits, is attached to this Joint Motion as *in globo*
Exhibit "1".

**NOW INTO COURT**, through undersigned counsel, come the proposed Class

Representatives, Kenneth & Jeannine Armstrong, 4016 Hamlet Place, Chalmette, LA  70043

- 1 -

(Subclass 1), Thurman R. Kaiser, 3801 N. Turnbull Dr., Metairie, LA 70002 (Subclass 2) and Donna Augustine, 2126 N. Broad Street, New Orleans, LA 70119 (Subclass 3), individually and on behalf of the proposed Class (the "Plaintiffs"), and the Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority - East, the Southeast Louisiana Flood Protection Authority - East, and St. Paul Fire and Marine Insurance Company, in its capacity as the insurer for any and/or all of the Levee Defendants (collectively, the "Settling Defendants" and, together with the Plaintiffs, the "Parties"), who respectfully move this Court preliminarily, and thereafter on a final basis, to certify a settlement class under Federal Rule of Civil Procedure 23(a) and 23(b)(1)(B), to approve the proposed settlement under Federal Rule of Civil Procedure 23(e)(1), and to provide additional relief in furtherance thereof.

## JURISDICTION

1.

This Court has jurisdiction to consider this Joint Motion and the relief requested herein pursuant to 28 U.S.C. § 1332(d). Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a).

## REQUEST FOR PRELIMINARY APPROVAL

2.

Reserving Class Members' right to object and be heard on *both* the propriety of certification and approval of the settlement, the Parties initially seek only entry of the

Preliminary Approval Order and the grant of the relief set forth therein, including preliminary certification of the Settlement Class, approval of the Class Notice, preliminary approval of the Class Settlement Agreement and stay of the federal Pending Actions.

3.

This first step is typically an informal process. *See* 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 11.24, at 36-37 (4th ed. 2002) ("Usually the court will informally review these proposed settlement papers with counsel and then direct that notice of the proposed settlement and the hearing thereon be issued to all class members" (citation omitted)). Certification of settlement classes and certification of litigation classes "pose different issues." *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 766 (7th Cir. 2003). A court asked to certify a class for settlement purposes only "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4.

"The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995). When presented with a class action settlement proposal, "a court often will conduct a preliminary review of [the] proposed settlement before ordering that notice be sent to the class." 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.165[2] (3d ed. 2007).

5.

As a result of this preliminary inquiry, "the court may give the parties an opportunity to withdraw it and save themselves the time and expense of giving notice to the class" of a proposed settlement that the court finds is "obviously unfair." *Id.* Regardless of the court's finding in this preliminary review, the court "must hold a fairness hearing as a precondition to any finding that a proposed settlement . . . is fair, reasonable, and adequate." *Id.* at § 23.165[3]; *Hickerson v. Velsicol Chem. Corp.*, 121 F.R.D. 67, 69 (N.D. Ill. 1988) ("Before requiring notification of the absent class members, the proposed settlement must be preliminarily approved" and "a final determination as to the necessity of a [fairness] hearing will only be made after examining any written objections as to settlement that may be filed").

6.

For the reasons outlined below, preliminary certification of the Settlement Class, preliminary approval of the Class Settlement Agreement, and the grant of the relief requested in this Joint Motion on a preliminary and, after notice to the class, final basis is appropriate.

**RELIEF REQUESTED**

7.

By this Joint Motion, the Parties respectfully request that the Court, reserving the right of Class Members to object and be heard, preliminarily certify a Settlement Class (as defined in ¶ 9 below) and approve the Class Settlement Agreement, designate representatives of the Settlement Class, appoint counsel to represent the Settlement Class, authorize the Parties to provide the Class Members with appropriate notice of a final Certification Hearing and Fairness Hearing in a form and manner approved by this Court, and thereafter grant final approval of the settlement

- 4 -

under Rule 23 of the Federal Rules of Civil Procedure, and provide the other relief requested herein.

## BACKGROUND

### 8.

The Parties have entered into a Class Settlement Agreement in the captioned matter. This case arises out of Hurricane Katrina and Hurricane Rita and associated allegations of damages relating to alleged Levee Failures. The Settling Defendants are named defendants in the suit.

### 9.

As set forth in the Class Settlement Agreement, the Parties have agreed to and do hereby propose the following Class for certification by the Court for settlement purposes only pursuant to the Class Settlement Agreement and Rule 23 of the Federal Rules of Civil Procedure: all Persons (a) who at the time of Hurricane Katrina and/or Hurricane Rita (i) were located, present or residing in the Hurricane Affected Geographic Area, or (ii) owned, leased, possessed, used or otherwise had any interest in homes, places of business or other immovable or movable property on or in the Hurricane Affected Geographic Area, and (b) who incurred any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with Hurricane Katrina and/or Hurricane Rita and any alleged Levee Failures and/or waters that originated from, over, under or through the Levees under the authority and/or control of all or any of the Levee Defendants. The term Settlement Class includes all Persons who are parties to any of the Pending Actions. The Settlement Class is divided into the following subclasses of Class Members whose alleged Claims are based in any way on, or result in any way from, the acts, omissions, or any sources of liability whatsoever of: (a) *Subclass 1* - the Lake Borgne Basin

- 5 -

Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; (b) *Subclass 2* - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; and (c) *Subclass 3* - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing. A Class Member may be included in more than one Subclass. Excluded from the Settlement Class are the judge and/or magistrate judge to whom the Litigation is assigned at the trial court or upon any appeal.

10.

As used above in the definition of the proposed Settlement Class (and in the Class Settlement Agreement), the following terms are defined as follows:

i.     The term "Hurricane Affected Geographic Area" shall mean the entire area located within the Parishes of Jefferson, Orleans, Plaquemine and St. Bernard, Louisiana, together with any body of water that is, in whole or in part, adjacent to or within any portion of these Parishes.

ii.    The term "Hurricane Katrina" shall mean the tropical cyclone named "Hurricane Katrina" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about August 29, 2005, including but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Katrina regardless of whether same occurred prior to, concurrently with, or following Hurricane Katrina's landfall including but not limited to, storm surge, flooding, rainfall, lighting, wind, and/or tornados.

iii.   The term "Hurricane Rita" shall mean the tropical cyclone named "Hurricane Rita" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about September 24, 2005, including but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Rita regardless of whether same occurred prior to, concurrently with, or following

- 6 -

Hurricane Rita's landfall including but not limited to, storm surge, flooding, rainfall, lighting, wind, and/or tornados.

iv.   The term "Levees" shall include any and all levees, embankments, seawalls, jetties, breakwaters, water-basins, floodwalls, floodgates, gates, outfall canals, drainage canals, berms, spoil banks, and other works in relation to such projects, and/or any other flood or water control structure(s), whether man-made or natural.

v.    The term "Levee Failures" shall mean the actual or alleged breaching, overtopping, seepage, collapse, undermining, weakening or any other alleged failure of Levees regardless of cause, whether caused in whole or in part by an alleged defect, error or neglect with respect to the design, construction, maintenance, inspection, and/or operation of the Levees, and all dredging operations necessary in connection therewith or incidental thereto, and/or whether caused in whole or in part by any wind, waves, tide, rainfall, storm surge or other force or effect caused by or resulting from Hurricane Katrina and/or Hurricane Rita.

vi.   The term "Pending Actions" shall mean any and all lawsuits, administrative claims or other actions, however asserted (including but not limited to any all petitions, complaints, third-party demands, cross-claims and counter-claims), in which a Released Claim has been, or is, asserted (including but not limited to those lawsuits identified on Exhibit "A" to the Class Settlement Agreement, as same shall be amended from time to time prior to the entry of the Final Order and Judgment).

11.

The purposes and intentions of all parties to this proposed settlement are, *inter alia*, (a) to settle the Released Claims of the Class Members against the Released Parties; (b) to provide a fund to provide compensation for any Class Members found to have a valid Claim; (c) to provide a process by which the Claims of Class Members could be dealt with fairly; (d) to terminate and extinguish any liability of the Released Parties for all Released Claims of the Class Members; and (e) to dismiss on the merits and with prejudice all Claims asserted in the Litigation.

- 7 -

12.

In conformity with Federal Rule of Civil Procedure 23(e)(3), the Parties advise that they have entered into the Class Settlement Agreement and intend to enter into a corresponding Escrow Agreement.

## THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS

13.

This Court should grant class certification because the Settlement Class satisfies the requirements of Rule 23(a) and Rule 23(b)(1)(B).

a.    **The Settlement Class Satisfies the Requirements of Rule 23(a).**

14.

The Settling Defendants do not concede that the requirements of Rule 23(a) could be satisfied in a litigation class and expressly reserve all rights and defenses in that regard. However, the Plaintiffs in their memorandum in support of this Joint Motion address the requirements of numerosity, commonality, typicality, and adequacy of representation under Rule 23(a). Specifically, the Plaintiffs assert that:

(i)    With respect to numerosity, the number of Persons in the Hurricane Affected Geographic Area, satisfies the numerosity requirement.

(ii) With respect to commonality, all plaintiffs allege damages which they assert were caused by the fault of the Levee Defendants. In addition, the fact that the fairness of the proposed settlement presents an overarching common question of law and fact also satisfies this requirement.

- 8 -

(iii) With respect to typicality, each of the three Class Representatives are members of the Settlement Class, are representative members of each sub-class, have claims typical of the Class Members in the Settlement Class generally, and have claims typical of the Class Members in their respective sub-classes.

(iv) And finally, with respect to adequacy of representation, the Class Representatives have the same interests as the other Class Members in that they are not receiving any extra-judicial premium for their services, thus, they have no other interest in the outcome of the settlement that is at odds with the interests of the Settlement Class they seek to represent. The Declarations of the Class Representatives are attached as *in globo* Exhibit "2". Class Counsel are intimately familiar with the factual and legal issues involved in this matter, and they are familiar with all aspects of the settlement. And, there is no conflict of interest between the Class and Class Counsel. The Affidavits of Class Counsel are attached as *in globo* Exhibit "3".

      **b.**      **Rule 23(b)(1)(B)'s Requirements Are Satisfied.**

15.

The proposed Settlement Class satisfies Rule 23(b)(1)(B)'s requirements that "prosecuting separate actions by or against individual class members would create a risk of: . . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). The Settlement Class should accordingly be treated as a mandatory (non opt-out) limited fund settlement class pursuant to Rule 23(b)(1)(B).

16.

The proposed Class satisfies the factors identified by the Supreme Court in *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), that are presumptively necessary to certify a class pursuant to Rule 23(b)(1)(B).

17.

The Class Members' due process rights are fully protected. They are adequately represented. They will be provided notice in a form and manner approved by this Court. They will have an opportunity to object. And they will have a meaningful opportunity to participate in the process and be heard on all issues, including, specifically, the propriety of class certification and approval of the Class Settlement.

**THE LEVEE DISTRICTS' ASSETS ARE EXEMPT FROM SEIZURE.**

18.

The Orleans Levee District was created by the Louisiana legislature in 1890 in order to protect New Orleans from floods. The Lake Borgne Basin Levee District was created to protect St. Bernard Parish from floods. *See*, La R.S. 38:291(G). The East Jefferson Levee District was created in 1979 by the Louisiana legislature and maintains and operates the flood protection system for the East Bank portion of Jefferson Parish. *See*, La R.S. 38:291(D). The Southeast Louisiana Flood Protection Authority – East was created in 2006, and supervises the Orleans Levee District, the Lake Borgne Basin Levee District and the East Jefferson Levee District. *See* La. R.S. 38:330.1.

- 10 -

19.

As political subdivisions of the State of Louisiana,[1] the Levee Districts are entitled to the

protections of Louisiana's anti-seizure provisions contained in La. Const. art. XII, § 10(C) and

La. R.S. 13:5109(B)(2).

20.

Section 10(C) of Article XII of the Louisiana Constitution makes clear that public

property and public funds are not subject to seizure:

> the legislature by law may limit or provide for the extent of liability of the state, a
> state agency, or a political subdivision in all cases, including the circumstances
> giving rise to liability and the kinds and amounts of recoverable damages. It shall
> provide a procedure for suits against the state, a state agency, or a political
> subdivision and provide for the effect of a judgment, but no public property or
> public funds shall be subject to seizure. The legislature may provide that such
> limitations, procedures, and effects of judgments shall be applicable to existing as
> well as future claims. No judgment against the state, a state agency, or a political
> subdivision shall be exigible, payable, or paid except from funds appropriated
> therefore by the legislature or by the political subdivision against which the
> judgment is rendered.

21.

Louisiana Revised Statute 13:5109 was enacted by the Louisiana legislature to effectuate

this prohibition:

> Any judgment rendered in any suit filed against the state, a state agency, or a
> political subdivision, or any compromise reached in favor of the plaintiff or
> plaintiffs in any such suit shall be exigible, payable, and paid only out of funds
> appropriated for that purpose by the legislature, if the suit was filed against the
> state or a state agency, or out of funds appropriated for that purpose by the named
> political subdivision, if the suit was filed against a political subdivision.

---

[1] A "levee district" is a "political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." La. R.S. 38:281(6). A "political subdivision" is defined as any parish, municipality, "special district", school board, sheriff, or "other public or governmental body of any kind which is not a state agency." La. R.S. 13:5102(B); *see also Wynat Development Co. v. Board of Levee Commissioners*, 710 So.2d 783, 789-90 (1998) (stating that the Orleans Levee District is a "special district" within the meaning of La. R.S. 13:5102(B)).

22.

The policy behind this established principle was described by Judge Vance in a case involving the City of New Orleans as follows:

> [t]he government has limited resources, and the legislature expressly found that judgments have exceeded the government's ability to pay them on a current basis. Absent an anti-seizure provision, the assets of state and local governments could be dissipated through seizure actions, which could impair the ability of governments to perform vital public functions. Barring seizure and requiring an appropriation to pay judgments is a rational response to this predicament.

*Bennett v. City of New Orleans*, 2004 WL 60316 *7 (E.D. La.) (Vance, J.).

23.

The United States Fifth Circuit as well as several Courts in this District have recognized and enforced the Louisiana anti-seizure provisions. *See e.g.*, *Specialty Healthcare Management, Inc. v. St. Mary Parish Hospital*, 220 F.3d 650 (5th Cir. 2000); *City of New Orleans v. Municipal Administrative Services, Inc.*, 2004 WL 2496202 (E.D. La) (Africk, J.).

24.

In addition, the Levee Districts also cannot be subject to a writ of mandamus to require them to appropriate additional funds to satisfy the potential judgments in this case. *See Hoag v. Louisiana*, 2004-0857 (La. 12/1/2004), 889 So. 2d 1019, 1023 (the Louisiana Supreme Court reaffirmed the long standing decisional law in Louisiana that "judgment creditors cannot mandamus political subdivisions to appropriate funds for payment of a judgment rendered against the respective political subdivisions").

25.

Finally, the reach of Louisiana's anti-seizure provisions precludes even recordation of a judgment from creating a judicial mortgage on the property of the governmental entity. *See, e.g.,*

- 12 -

*Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582 (La. 11/29/06), 943 So. 2d 1037.

26.

In short, the putative Class Members before this Court have no legal right or remedy by which they may enforce judicially any judgment they might obtain against the levee districts.

**SUBJECT TO A FINAL FAIRNESS HEARING, THE COURT SHOULD APPROVE THE SETTLEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(e)**

27.

Upon preliminarily certifying the Settlement Class, the Court should also conduct a preliminary inquiry and determine that the settlement is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

28.

The settlement is fair to all Class Members. Given the Insurance Policy Limits, allowing Class Members to individually and separately prosecute their Claims would, if successful, likely deplete the Insurance Policy Limits to the benefit of the first cases to proceed to verdict and to the detriment of all subsequent cases, likely resulting in full recovery for some Class Members and no recovery for the vast majority of Class Members. The proposed settlement avoids such an inequitable result and insures equitable treatment for each Class Member by, *inter alia*, requiring the administration of the settlement fund be under the supervision of this Court. Thus, under the settlement terms, no preference is given to any single Class Member over the Class as a whole.

- 13 -

29.

Moreover, discovery has taken place over the years in the related litigation in which the Parties have been involved, including the MR-GO Consolidated Class Action and the Levee Consolidated Class Action. The Parties have thereby become more educated concerning the particular issues involved and have had ample opportunity to determine the fairness and adequacy of the settlement.

30.

Additionally, the Settling Defendants contend that there are significant legal barriers to the Class Members' successful litigation of their claims, whether individually or on a class-wide basis. These barriers include proving liability as to the Levee Defendants. The Class Representatives dispute these points. Nevertheless, in entering into the negotiations that produced the settlement at issue here, both sides recognized the considerable costs and risks facing the Class Members in the pursuit of their Claims.

31.

The Settling Defendants believe there are strong arguments that the Class Members' Claims are not appropriate for certification as a litigation class, and the Class Representatives of course believe the opposite. By resolving the individualized issues without the need for individualized litigation, the proposed settlement avoids the contentious issue of whether a class may be certified for litigation purposes.

32.

Class Counsel are experienced class action litigators. Class Counsel believe that the settlement, as proposed, is fair and reasonable to the putative Settlement Class, especially in

- 14 -

view of the uncertainties and vagaries of further litigation with the Settling Defendants, the nature and extent of the alleged damage to the Class, and the limited funds available from the Settling Defendants.

33.

The Class Settlement Agreement was negotiated by counsel for the Class and Settling Defendants at arm's length, and is fair to all Class Members. The proposed settlement avoids the inequitable result of having some Class Members receiving a full recovery while the vast majority of Class Members receive nothing due to the exhaustion of the Insurance Proceeds. The proposed settlement also insures equitable treatment for each Class Members, including the requirement that the distribution process be established by, and under the supervision of, this Court.

34.

In sum, this Court should give preliminary approval to the settlement as fair and reasonable under Rule 23(e). Notice then will be sent to the members of the Settlement Class, and the Court may then conduct a final Certification Hearing to determine the propriety of certification of the Settlement Class and thereafter a Fairness Hearing to determine for final purposes the settlement's "fairness, adequacy, and reasonableness." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84-87 (2d Cir. 2001). At the Certification Hearing and Fairness Hearing, the Parties will have an additional opportunity to demonstrate to the Court that certification of the Settlement Class is proper and that the proposed settlement is indeed fair, reasonable, and adequate for all Class Members. Any Class Member who timely and properly objects to the settlement also will have an opportunity to be heard on all issues before final judgment is

- 15 -

entered. Pending that Certification/Fairness Hearings, this Court should give preliminary approval to the settlement so that Class Notice can be provided to the Settlement Class.

35.

In this regard, the Parties move the Court to authorize them to provide notice to all Class Members and approve the form of the Class Notice and the manner such notice is to be given. To assure that the Class Members are fully informed, *inter alia*, of this proposed settlement, their right to retain counsel, their right to review the proposed settlement documents, their right to object to class certification, their right to object to the approval of the proposed settlement, the means whereby they may make their objections, and their right to be heard thereon both at a Certification Hearing and at a Fairness Hearing to be held by the Court, the Parties have proposed that Class Notice set forth in the the Affidavit of Shannon R. Wheatman Phd. on the Settlement Notice Plan and Notices and exhibits thereto, which are attached as *in globo* Exhibit "4" to this Joint Motion, be approved by the Court. The proposed Class Notice meets the requirement of Rule 23(e)(1) and due process.

36.

Federal Rule of Civil Procedure 23(e)(1) provides that "notice in a reasonable manner" must be sent "to all class members who would be bound by the proposal."

37.

The notice plan will include providing notice to the "appropriate State official" and "appropriate Federal official" pursuant to 28 U.S.C. § 1715.

- 16 -

## OTHER REQUESTED RELIEF

### 38.

Class Counsel move the Court to appoint the following Class Members as provisional representatives of the Settlement Class: Kenneth & Jeannine Armstrong, 4016 Hamlet Place, Chalmette, LA 70043 (Subclass 1), Thurman R. Kaiser, 3801 N. Turnbull Dr., Metairie, LA 70002 (Subclass 2) and Donna Augustine, 2126 N. Broad Street, New Orleans, LA 70119 (Subclass 3).

### 39.

The Parties also request additional relief in furtherance of the foregoing. This additional relief includes, but is not limited to:

i.    The approval Joseph M. Bruno, James P. Roy and Gerard E. Meunier to serve as Class Counsel;

ii.   The appointment of Daniel H. Clavier, Jr., CPA, Bourgeouis Bennett, 111 Veterans Blvd., 17th Floor, Metairie, Louisiana, as the Court Appointed Disbursing Agent ("CADA"). Copies of Mr. Clavier's Resume, the Resume of his partner Mr. Dennis M. McCarthy, and a list of representative Court Appointments are attached as *in globo* Exhibit "5".

iii.  Upon approval of the settlement, the appointment of a Special Master;

iv.   The setting of the Certification Hearing and the Fairness Hearing and related deadlines;

v.    The stay of all Claims asserted against the Settling Defendants in all federal Pending Actions   (including discovery) effective upon the entry of the

- 17 -

Preliminary Approval Order, and the injunction of Class Members from pursuing such Claims absent further order of the Court, and ultimately the stay and injunction with respect to all Claims, including all Claims asserted in an Pending Action; and

vi.     Related relief, all as more fully set forth in the Preliminary Approval Order and Final Approval Order and Judgment, attached as Exhibits "B" and "C" to the Class Settlement Agreement, which form of orders are hereby incorporated by reference as if copied herein *in extenso*.

**WHEREFORE**, the Plaintiffs and Settling Defendants pray that, after due proceedings are had, the Court grants their Joint Motion for Certification of a Settlement Class and for Approval of the Proposed Settlement, and the Court enter a Preliminary Approval Order in substantially the form set forth in Exhibit "B" to the Class Settlement Agreement providing the relief requested therein, including:

(i) preliminarily certifying, with the express reservation to the Class of all objections to certification of the Settlement Class and the Class Settlement Agreement, the Settlement Class as defined in paragraph 9, above;

(ii) preliminarily approving the Class Settlement Agreement, subject to notice to the Class and a final Certification Hearing, as fair and reasonable under Federal Rule of Civil Procedure 23(e);

(iii) approving Kenneth & Jeannine Armstrong, 4016 Hamlet Place, Chalmette, LA 70043 (Subclass 1), Thurman R. Kaiser, 3801 N. Turnbull Dr., Metairie, LA 70002 (Subclass

- 18 -

2) and Donna Augustine, 2126 N. Broad Street, New Orleans, LA 70119 (Subclass 3) to serve as provisional representatives for the Settlement Class;

(iv) approving Joseph M. Bruno, James P. Roy and Gerald E. Meunier to serve as Class Counsel;

(v) approving and appointing Daniel H. Clavier, Jr., CPA, Bourgeouis Bennett, 111 Veterans Blvd., 17th Floor, Metairie, Louisiana, as the CADA; and

(vi) approving the form and content of the Class Notice, approving the appropriate State and Federal official for notice under federal and other applicable law, and approving the method for notifying putative Class Members in that it satisfied the requirements of due process and constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Members of the Settlement Class.

Further, the Parties request that the Court schedule the Certification Hearing and thereafter a Fairness Hearing, each to be conducted in the United States District Court for the Eastern District of Louisiana, Section "K", New Orleans, Louisiana. The Parties request that the Court set a deadline (the "Objection Deadline", which is not less than the 40th calendar day after the Notice Date), for objections to (a) whether the Settlement Class should be certified pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure; (b) whether the proposed settlement should be given approval as fair, reasonable and adequate, and (c) whether the Final Order and Judgment shall be entered. The Parties request that the Certification and Fairness Hearing be scheduled not less than forty-five (45) calendar days after the Objection Deadline.

Thereafter, after due notice and an opportunity for all Class Members and parties in interest to object and be heard at both the Certification Hearing and at the Fairness Hearing, the

- 19 -

Parties request that the Court enter a Final Approval Order and Judgment substantially the form set forth in Exhibit "C" to the Class Settlement Agreement, providing the relief requested therein, including:

(i) confirming the preliminary certification of the Settlement Class and certifying the Settlement Class for settlement purposes only pursuant to the Class Settlement Agreement and Federal Rule of Civil Procedure 23(b)(1)(B);

(ii) taking all such actions, including but not limited to interpreting, inspecting, reviewing, analyzing, examining, reforming, evaluating, construing, scrutinizing, restating, and otherwise considering any and all insurance policies and/or contracts of the Levee Defendants, as may be necessary and appropriate for this Court to determine the existence and proper amount of insurance coverage available for the claims asserted herein;

(iii) declaring the existence and available limits of any and all insurance coverage available for the claims asserted herein;

(iv) finding there to be a limited fund;

(v) finally approving the Class Settlement Agreement and the settlement contained therein including (a) any amendments or corrections thereto, and (b) all attached exhibits pursuant to applicable law, including Federal Rules of Civil Procedure 23(a), (b)(1)(B) and (e);

(vi) confirming the preliminary approval of the Class Representatives and Class Counsel;

(vii) overruling the Objections made to certification of the Settlement Class and/or approval of the Class Settlement Agreement, constitutionality, and compliance with law (including, but not limited to, adequacy of notice and fairness of the proposed Class Settlement Agreement);

- 20 -

(viii) staying of all Claims asserted against the Settling Defendants in all Pending Actions (including discovery), and enjoining Class Members from pursuing such Claims absent further order of the Court; and

(ix)  reconfirming the appointment of CADA Daniel H. Clavier, Jr., CPA; and

(x) appointing a Special Master, subject to the occurrence of the Effective Date of the Class Settlement, to serve upon and after the Effective Date of the Class Settlement.

The parties further request all additional relief as set forth in the Preliminary Approval Order and in the Final Approval Order and Judgment, and/or as requested herein, together with all other relief warranted by law and equity.

Respectfully submitted,

LAW OFFICES OF JOSEPH M. BRUNO

By:  _____
       Joseph M. Bruno (#3604)
       855 Baronne Street
       New Orleans, Louisiana  70113
       Telephone:  (504) 525-1335
       Telecopier:  (504) 561-6775
       E-mail:  jbruno@jbrunolaw.com

ON BEHALF OF CLASS COUNSEL, AND AS LIAISON COUNSEL FOR LEVEE AND MR-GO-PLAINTIFF     SUBGROUP     LITIGATION COMMITTEES

GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.

By:_____
      Gerald E. Meunier (#9471)
      2800 Energy Centre
      1100 Poydras Street
      New Orleans, Louisiana 70163-2800
      Telephone: (504) 522-2304
      Facsimile: (504) 528-9973

LIAISON COUNSEL FOR LEVEE-PLAINTIFF
SUBGROUP LITIGATION COMMITTEE


DOMENGEAUX WRIGHT ROY & EDWARDS

By:_____
      James P. Roy (#11511)
      556 Jefferson Street
      Lafayette, LA 70502
      Telephone: (337) 593-4190
      Facsimile: (337) 233-2796

LIAISON COUNSEL FOR MR-GO-PLAINTIFF
SUBGROUP LITIGATION COMMITTEE

NO.99913693.1

MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & MCDANIEL

BY:_____

Thomas P. Anzelmo, (#2533)
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT AND THE ORLEANS LEVEE DISTRICT

DUPLASS, ZWAIN, BOURGEOIS, MORTON PFISTER & WEINSTOCK

BY:_____

Gary M. Zwain, (#13809)
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.: (504) 832-3700
Facsimile No.: (504) 837-3119

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, THE EAST JEFFERSON LEVEE DISTRICT, THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT, AND THE LAKE BORGNE BASIN LEVEE DISTRICT

- 23 -

LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD

BY:    _____

Ralph S. Hubbard III (#7040)
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Telecopier: (504) 310-9195

And

PHELPS DUNBAR LLP

BY:    _____

S. Ault Hootsell III (#17630)
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA  70130-6534
Telephone:  (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing Joint Motion for Certification of a Settlement Class for and Approval of Proposed Settlement has been served upon all counsel of record via electronic mail on this _____ day of _____, 2008.

_____