UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
    CONSOLIDATED LITIGATION
                                                NO. 05-4182

PERTAINS TO: LEVEE

## AFFIDAVIT OF SHANNON R. WHEATMAN, PH.D. ON

## SETTLEMENT NOTICE PLAN AND NOTICES

I, SHANNON R. WHEATMAN, Ph.D., have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

    1.    I am the Vice President and Notice Director of Hilsoft Notifications, a firm located near Philadelphia, in Souderton, Pennsylvania, that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans. I have been court-recognized as a class action notice expert. I have been directly responsible for many of the largest and most complex class action notice programs, involving all aspects of notice dissemination.

    2.    As further described below, I began my class action career at the Federal Judicial Center ("FJC"), where I developed with Hilsoft Notifications the FJC's internationally renowned "model plain language notices." I have personally created,

produced, and testified about the most complex and significant notices and notice programs in recent history.

3.      This report will describe our experiences in designing and implementing notices and notice plans, my credentials to opine on the overall adequacy of the notice effort, as well as describe the notices (the "Notice" or "Notices") and the notice plan (the "Notice Plan") proposed here for the *In Re: Katrina Canal Breaches Consolidated Litigation* settlement, including how it was developed and why I believe it will be very effective.

## OVERVIEW

4.      In developing the Notice Plan, it was first determined that a comprehensive list of potential Class members can be developed and that it would be reasonable to implement an individual notification effort to reach them.

5.      To further extend Notice to the Class, a Summary Notice will also be published in each of Louisiana's daily metro newspapers.

6.      Coverage and exposures will be further enhanced by the release of Public Service Announcements ("PSAs") to radio stations across the United States, a nationwide informational release, and efforts to make notice available through a website and toll-free number.

7. We have developed, for Court approval, various forms of Notice as described below. All forms of Notice are noticeable, clear, concise, and in plain, easily understood language.

8. As detailed below, in my opinion, the Notice Plan represents the best notice practicable under the circumstances.

## EXPERIENCE RELEVANT TO THIS CASE

9. Hilsoft Notifications' c.v., attached as **Exhibit 1**, identifies many of our more than 200 cases, in the course of which our notices have appeared in more than 209 countries and 53 languages. It contains numerous judicial comments citing our expertise, as well as articles and publications that I and other experts at Hilsoft Notifications have published on the subject of the adequacy and design of legal notice efforts.

10. Hilsoft Notifications has served as notice experts and has been recognized and appointed by courts to design and provide notice in many of the largest and most significant cases in history, including: *Lockwood v. Certegy Check Services, Inc.* (data theft settlement involving over 37 million consumers), No. 8:07-CV-1434-T-TGW, M.D. Fla.; *Grays Harbor Adventist Christian School v. Carrier Corp.* (the nationwide multi-million dollar high efficiency gas furnace settlement), No. 05-05437 RBL, W.D. Wash.; *In re Royal Ahold Securities & ERISA Litig.* (the $1.1 billion settlement of the first globally certified and notified shareholder class), MDL 1539, D. Md.; *In re Residential Schools*

*Class Action Litig.* (the approximately \$4 billion settlement of numerous class actions in Canada involving century-old abuses of Aboriginal people), No. 00-cv-192059, Ont. S.C.J.; *Defrates v. Hollywood Entm't Corp.* (involving 17 million Hollywood Video customers), No. 02L707, Cir. Ct. Ill. St. Clair. Co.; *Meckstroth v. Toyota Motor Sales USA, Inc.* (the oil gel litigation affecting over seven million Toyota and Lexus owners), No. 583-318, 24th Jud. D. Ct. La.; and many others.

11.    Hilsoft Notifications has served as a notice expert firm and has extensive experience analyzing and designing notice programs for Louisiana courts, for example, we designed and implemented the court-approved notices and notice programs in the Katrina-related oil spill case, *Turner v. Murphy Oil USA, Inc.* (No. 2:05-CV-04206-EEF-JCW, E.D. La.); PPO discount litigation in *Gunderson v. F.A. Richard & Associates, Inc., et al.* (No. 2004-2417-D, 14th Jud. Dist. Ct. Calcasieu Parish); the crawfish farming class action, *West v. G.H. Seed & Rhone-Poulenc* (No. 99-C-4984-A, 27th Jud. Dist. Ct. St. Landry Parish); the gas release cases, *Thibodeaux v. Conoco Phillips Inc.* (No. 2003-481, 14th Jud. Dist. Ct. Calcasieu Parish) and *Morrow v. Conoco Inc.* (No. 2002-3860, 14th Jud. Dist. Ct. Calcasieu Parish); the gas gauge damage class action, *In re High Sulfur Gasoline Content Litig.* (MDL 1632, E.D. La.); and the teachers' test scoring error class action, *In re Educ. Testing Serv. PLT 7-12 Test Scoring Litig.* (MDL 1643, E.D. La.). Louisiana Judges in these cases have commented favorably on our notice planning and design efforts. For example:

a)    In *Thibodeaux*, Judge Wilford D. Carter stated in a hearing on May 26, 2005:

> *Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.*

b)    In *High Sulfur*, Judge Ivan L.R. Lemelle stated in his Order and Reasons on November 8, 2006:

> *The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style 'plain English' class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.*

c)    In *Educ. Testing Serv.*, Judge Sarah S. Vance stated when granting final approval to the settlement on August 31, 2006:

> *The Notice Administrator testified that the notice was mailed and actually delivered to 96% of the approximately 27,000 class members . . .. The Notice Administrator also described the other steps taken to give notice, including designing the notice forms in clear, plain language, according to the sample forms developed by the Federal Judicial Center; developing a neutral web site containing information about the proposed settlement; issuing a national press release about the proposed settlement; and providing numerous educational associations, state departments of education, and teachers' associations with information about the settlement. The Court is satisfied that notice to the class fully complied with the requirements of Rule 23.*

12.     More specifically, my qualifications include leadership in the form and content of notice, for example, while serving with the FJC, I collaborated with Hilsoft Notifications to write and design the illustrative, "model" forms of notices—designed to be noticed—to embody the satisfaction of the plain language requirements of Federal Rule of Civil Procedure 23(c)(2).  To assist judges and attorneys, in state as well as federal courts, the FJC has posted the notices we created, with attribution to Hilsoft, at www.fjc.gov.  We followed the principles set out in these models for all of the Notices prepared for use in this case.

13.     I have authored and co-authored articles on notice and due process.  I believe notice and due process depend upon clear communication with the people affected. See, for example, Shannon Wheatman, *The Effects of Plain Language Drafting on Layperson's Comprehension of Class Action Notices* (2001) (Ph.D. dissertation, University of Georgia); Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEO. J. LEGAL ETHICS 1359 (Fall 2005); and Todd B. Hilsee, Gina M. Intrepido, & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire to Inform" Requirement for Effective Class Notice is Highlighted by Katrina*, 80 TULANE L. REV. 1771 (June 2006).

14.     I have been recognized by courts for testimony as to which method of notification is appropriate for a given case, and have provided testimony on numerous occasions on whether a certain method of notice represents the best notice practicable

under the circumstances. No court has ever rejected my opinion or found my testimony to

be unreliable or incredible, nor rejected any of our notice plans. For example:

> a) In *Webb v. Liberty Mutual Ins. Co.* (No. CV-2007-418-3, Cir. Ct.

Ark.), I provided live testimony to the court on the adequacy of the notice plan at

the final approval hearing on March 3, 2008, where Judge Kirk D. Johnson noted:

> *Ms. Wheatman's presentation today was very concise and straight*
> *to the point . . . that's the way the notices were . . . So, I appreciate*
> *that . . .*

Judge Johnson went on to order:

> *Having admitted and reviewed the Affidavit of Shannon Wheatman*
> *and her testimony concerning the success of the notice campaign,*
> *including the fact that written notice reached 92.5% of the*
> *potential Class members, the Court finds that it is unnecessary to*
> *afford a new opportunity to request exclusion to individual Class*
> *members who had an earlier opportunity to request exclusion but*
> *failed to do so . . . The Court finds that there was minimal*
> *opposition to the settlement. After undertaking an extensive notice*
> *campaign to Class members of approximately 10,707 persons,*
> *mailed notice reached 92.5% of potential Class members.*

> b) In *Sherrill v. Progressive Northwestern Ins. Co.* (No. DV 03-220,

18th Mont. Jud. Dist. Ct.), Judge Michael Salvagni remarked at the final approval

hearing on April 4, 2008:

> *Dr. Wheatman's affidavit was very informative, and very*
> *educational, and very complete and thorough about the process*
> *that was undertaken here. . . So I have reviewed all of these*
> *documents and the affidavit of Dr. Wheatman and based upon the*
> *information that is provided . . . and the significant number of*
> *persons who are contacted here, 90 percent, the Court will issue*
> *the order.*

> c) In *Beasley v. The Reliable Life Insurance Co.* (No. CV-2005-58-1,

Cir. Ct. Ark.), I provided live testimony to the court on the adequacy of the notice

plan at the final approval hearing on March 29, 2007, where Judge Joe E. Griffin remarked:

> *[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.*

15.    Numerous other court opinions and comments on the sufficiency of our notice efforts are included in Hilsoft Notifications' c.v.

16.    In forming my opinions, I draw from my in-depth class action case experience, as well as my educational and related work experiences. I have a Ph.D. in Social Psychology from the University of Georgia and a Masters in Legal Studies from the University of Nebraska-Lincoln. Prior to joining Hilsoft Notifications, I served in the Research Division at the FJC. I was directly responsible for research conducted at the FJC on their class action notice project. I authored two articles on research conducted at the FJC on attorney choice of forum in class action litigation.[1]

---

[1] *See* Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVE SUITS 1 (2007) and Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* 81 NOTRE DAME L. REV. 591 (2006).

## NOTICE PLAN SUMMARY

17.    Although each case is unique, the methods and tools we used in developing the Notice Plan for this case have also been employed in many other court-approved notice plans. We regularly implement notice programs that rely on reaching Class members through individual notice. We have successfully implemented mailing programs by utilizing the most intensive address updating protocols.

18.    In this case, we designed the Notice Plan to reach the greatest practicable number of Class members ensuring that they will be exposed to the Notice, to see, review and understand it—and all of their rights and options. The Notice Plan provides mailed notice to all reasonably identifiable Class members, published notices, an informational release, PSAs, and a case website.

19.    The details of the Notice Plan and the basis for my opinion on its adequacy, as well as on the adequacy of the Notices, are outlined below.

### *Individual Notice*

20.    Individual Notice will be the principal method of providing Class members with opportunities to see, read and understand their rights, and act if they so choose. Shortly after the Court grants preliminary approval, a Summary Notice will be mailed to all reasonably identifiable Class members. The Summary Notice will inform Class members about the settlement and about all of their rights and options.

21.     The mailing lists will be created using a variety of sources.

a)      LexisNexis, a leading data provider, has developed lists of households that were located in Jefferson Parish, Orleans Parish, Plaquemine Parish, and St. Bernard Parish ("Hurricane Affected Geographic Area ") during Hurricanes Katrina and Rita.  It is estimated that Lexis has approximately 500,000 households in their database.

b)      Business addresses will be compiled using data provided by MelissaData, a leader in the data quality industry.   MelissaData will provide addresses for over 41,000 businesses in the Hurricane Affected Geographic Area.

22.     Prior to mailing, all addresses will be checked against the National Change of Address ("NCOA")[2] database maintained by the United States Postal Service ("USPS"). In order to ensure the most accurate mailings possible, the claims administrator will also certify addresses via the Coding Accuracy Support System ("CASS") and verify them through Delivery Point Validation ("DPV").[3]

23.     Notices that are returned as undeliverable will be re-mailed to any address indicated by the postal service in the case of an expired automatic forwarding order.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.
[3] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP + 4 coding systems.  Records that are ZIP + 4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies.  DPV verifies the accuracy of addresses, and reports exactly what is wrong with incorrect addresses.

Notices returned as undeliverable, but for which a new address is not indicated by the postal service, will be further searched through a third-party address locator service called ALLFND, maintained by LexisNexis to obtain more current addresses. If any such address is found the Notice will be re-mailed.

### *Publication Notice*

24.    As detailed in the Notice Plan, to extend reach further among the Class, notice will appear in each of Louisiana's ten daily metro newspapers (*Alexandria Town Talk, Baton Rouge Advocate, Lafayette Daily Advertiser, Opelousas Daily World, Monroe News-Star, Shreveport Times, Houma Courier, Thibodaux Daily Comet, Lake Charles American Press*, and *New Orleans Times Picayune*).    A three column by 10.5" approximately a ¼ page unit—Summary Notice will appear once in each newspaper for a total of 10 newspaper insertions.

### *Additional Activity*

25.    Beyond the individual mailings and the publication notice appearances, the Notice Plan includes a party neutral, Court-approved informational release to be issued to approximately 4,490 major press outlets throughout the United States; 15, 30, and 60-second radio PSAs to be recorded, packaged and distributed to more than 4,000 radio stations throughout the United States; and the establishment of a neutral informational website at www.LeveeBreachClass.com, where Class members can obtain additional information about the settlement.

26.     Results of all activities will be provided in a final expert report, which we will prepare upon completion of the notice program.  For the radio PSAs, the results will include the total number of stations known to have aired the spot, the number of appearances, the total number of audience impressions, and the estimated dollar value. Additionally, we will report on any known press coverage received as a result of the informational release, as well as the total number of website hits received.

## THE FORM AND CONTENT OF THE NOTICES

27.     We developed all of the various forms of Notice in plain language.

28.     Attached as **Exhibit 2** are copies of the Mailed Notice, with a depiction of the outside of the mailing, the Summary Notice for publication, the Detailed Notice, the PSA scripts, and the informational release.

29.     The Summary Notices for mailing and publication are designed to be "noticed" and read by even casual readers.  No important or required information is missing or omitted.  In fact, these Notices concisely and clearly state, in plain easily understandable language, all required information, without omitting reference to any significant facts that Class members need to understand their rights.

30.     The Detailed Notice that will be mailed to anyone that requests it by calling a toll-free number and be made available at the website, provides substantial information

including all the specific instructions Class members need to follow to properly exercise their rights, as well as background on the issues in the case. It is designed to encourage readership and understanding, in a well-organized, reader-friendly format, such as we designed for the FJC.

31.   Many courts, including Louisiana courts, federal courts, and as previously cited, the FJC itself, have approved notices that we wrote and designed in a similar fashion. All of the Notices provide the toll-free telephone number and direct readers to the case website where additional information can be obtained if desired.

## CONCLUSIONS

32.   The Notice Plan meets all the requirements of Federal Rule of Civil Procedure 23, in that it provides members of the Settlement Class with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

33.   In my opinion, the Notices and Notice Plan will effectively reach Class members as described herein, deliver "noticeable" Notices to capture Class members' attention, and provide them with the information necessary to understand their rights and options.

34.     In my opinion the Notice Plan is comprehensive, well suited to the Class, and more than adequate to satisfy due process obligations.

35.     The Notices and Notice Plan follow the guidance for effective notice articulated in the *Manual for Complex Litigation, 4th*.

36.     At the conclusion of the Notice Plan, we will provide a final report verifying the effective implementation of the notice program.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

_Shannon Wheatman_ (signature)

Shannon R. Wheatman

SUBSCRIBED AND SWORN TO BEFORE ME this _4_ day of _December_,
200_8_.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
JoAnn King, Notary Public
Souderton Boro, Montgomery County
My Commission Expires Apr. 4, 2010
Member, Pennsylvania Association of Notaries

MY COMMISSION EXPIRES:

_April 4, 2010_

© 2008 Hilsoft Notifications

AFFIDAVIT OF SHANNON R. WHEATMAN, PH.D. ON
SETTLEMENT NOTICE PLAN AND NOTICES

# Exhibit 1

# Hilsoft Notifications

*Philadelphia Area Office: 123 East Broad Street, Souderton, PA 18964, (215) 721-2120, (215) 721-6886 fax*

*Leading expert firm for large-scale notice plan design, implementation, and analysis, for claims processes, class actions and mass tort bankruptcies ❖ Asked to write and design the 'model' notices for the FJC, available at www.fjc.gov ❖ Court-approved notice plans withstood challenge to U.S. Supreme Court ❖ 50+ favorable judicial comments–0 unfavorable ❖ Only firm with testifying media expert qualified to perform reach calculations ❖ Numerous critiques of opposing expert inconsistencies ❖ More than ten published articles including in law reviews ❖ More than 240 cases with notices appearing in 209 countries and 53 different languages ❖ More than 20 MDL cases ❖ Equal work for defendants and plaintiffs ❖ Case examples include (also see www.hilsoft.com):*

- Most comprehensive notice ever in a securities class action for the $1.1 billion settlement of *In re Royal Ahold Securities and ERISA Litigation.*

- Largest and most complex class action in Canadian history.  Designed/implemented groundbreaking notice to disparate, remote aboriginal people in the multi-billion dollar *In re Residential Schools Litigation.*

- Largest race-based pricing case with national settlement notice to 25 million policyholders in *Thompson v. Metropolitan Life Ins. Co.,* 216 F.R.D. 55, 62-68 (S.D. N.Y. 2003).

- Most complex notice program in history by providing worldwide notice in the $1.25 billion settlement of *In re Holocaust Victims Assets,* "Swiss Banks," No. CV-96-4849 (E.D.N.Y.). Designed/implemented all U.S. and international media notice with 500+ publications in 40 countries and 27 languages.

- The largest U.S. claims process ever.  Designed/implemented multi-media notice campaign for the U.S. Dept. of Agriculture's $10 billion tobacco growers' transition payment program.

- National settlement notice to 40 million people in *Scott v. Blockbuster,* No. D 162-535 (Tex., 136th Jud. Dist.).  Withstood collateral review, *Peters v. Blockbuster,* 65 S.W.3d 295, 307 (Tex. App.-Beaumont 2001).

- Multi-national claims bar date notice *In re The Babcock & Wilcox Co.,* No. 00-10992 (E.D. La.) to asbestos personal injury claimants.  Opposing notice expert's reach methodology challenge rejected by court.

- National publication notice in *Avery v. State Farm,* No. 97-L-114 (Cir. Ct. Ill.) withstood challenges to Illinois Supreme Court and U.S. Supreme Court, and re-affirmed in *Avery v. State Farm,* 321 Ill. App. 3d 269 (5th Dist. 2001).  Notice program untouched when Illinois Supreme Court decertified Class.

- National settlement notice *In re Synthroid Marketing Litig.,* MDL 1182 (N.D. Ill.).  Notice withstood appellate challenge, 264 F.3d 712, 716 (C.A.7 (Ill.) 2001).

- *In re Dow Corning Corp.,* No. 95-20512-11-AJS (Bankr. E.D. Mich.). Designed global breast implant media plans (U.S. and foreign), ensuring that millions of additional women received effective notice of the bar date.

- Notice expertise cited in *Cox v. Shell Oil,* 1995 WL 775363, at *6 (Tenn. Ch. 1995).  Notice evidence cited when collateral attack rejected, *Hospitality Mgmt. Assoc., Inc. v. Shell Oil* Co., 591 S.E.2d 611, 621 (S.C. 2004).

- National settlement notice, *Williams v. Weyerhaeuser Co.,* No. 995787, "Hardboard Siding Litigation" (Cal. Super. Ct.).  Notice withstood appellate challenge, 2002 WL 373578, at 10 (Cal. App. 1 Dist.).

## KEY BIO'S

**_Shannon R. Wheatman, Ph.D, Vice President, Notice Director_** ~ Dr. Wheatman joined Hilsoft Notifications after serving in the Research Division of the Federal Judicial Center in Washington, DC, where she worked with the Civil Rules Advisory Committee on class action studies and was instrumental in the development of model notices to satisfy the plain language notice amendment to Rule 23. Her research and notice expertise is further grounded in her education, including her doctorate dissertation: The effects of plain language drafting on layperson's comprehension of class action notices. She is a court-recognized expert who has composed dozens of court-approved notices, tackling the challenges of communicating complex legal content to distinct psychographic groups, ranging from rural, low income homeowners to affluent foreign stock investors, as well as broad sweeps of the U.S. population. She has authored numerous articles on class actions and other legal issues. Her Ph.D. in Social Psychology is from the University of Georgia; she also holds a Masters in Legal Studies from the University of Nebraska-Lincoln. Shannon can be reached at swheatman@hilsoft.com.

**_Gina M. Intrepido, Vice President, Media Director_** ~ Ms. Intrepido is the leading reach and frequency expert in the notifications field. She hails from "Madison Avenue's" BBDO Worldwide advertising agency, where she devised sophisticated media plans for major accounts such as Gillette, GE, DuPont and HBO. With over 15 years of experience in media research, planning, and buying, she has designed scores of judicially approved notice plans. Her plans include meticulous analyses and bullet-proof validation of effective reach to demographically diverse groups such as displaced Hurricane Katrina victims, homeless people, crawfish farmers, and millions of consumers, including computer purchasers, video renters and prescription drug users. Combined with intense negotiating, she crafts media programs that outperform and cost less than typical plans. Her notice plan critiques have caused other experts to revise their plans to better meet due process obligations. She has also authored articles on effective class reach, notice dissemination, and CAFA issues. She holds a B.A. in Advertising from Pennsylvania State University, graduating Summa Cum Laude. Gina can be reached at gintrepido@hilsoft.com.

**_Carla A. Peak, Notice Manager_** ~ Ms. Peak oversees creation, production, and appearance of all manner and form of Hilsoft Notifications' notices. She has successfully implemented notice in more than 35 languages involving thousands of media placements and millions of mailings in both national and international markets. She focuses on delivering the highest quality standards of notice production, as well as research into the effectiveness of notification efforts, and ensuring that expert reports are fully and accurately documented. Her consumer notification experience includes high profile notifications worldwide. She is a Cum Laude graduate of Temple University, with a B.A. in Sociology. Carla can be reached at cpeak@hilsoft.com.

## JUDICIAL COMMENTS

**Judge Douglas L. Combs, _Morris v. Liberty Mutual Fire Ins. Co.,_** (Feb. 22, 2005) No. CJ-03-714 (D. Okla.):

> I am very impressed that the notice was able to reach – be delivered to 97 ½ percent members of the class. That, to me, is admirable. And I'm also – at the time that this was initially entered, I was concerned about the ability of notice to be understood by a common, nonlawyer person, when we talk about legalese in a court setting. In this particular notice, not only the summary notice but even the long form of the notice were easily understandable, for somebody who could read the English language, to tell them whether or not they had the opportunity to file a claim.

**Judge Catherine C. Blake, _In re Royal Ahold Securities and "ERISA" Litig.,_** (Jan. 6, 2006) MDL-1539 (D. Md.):

> I think it's remarkable, as I indicated briefly before, given the breadth and scope of the proposed Class, the global nature of the Class, frankly, that again, at least on a preliminary basis, and I will be getting a final report on this, that the Notice Plan that has been proposed seems very well,

> *very well suited, both in terms of its plain language and in terms of its international reach, to do what I hope will be a very thorough and broad-ranging job of reaching as many of the shareholders, whether individual or institutional, as possibly can be done to participate in what I also preliminarily believe to be a fair, adequate and reasonable settlement.*

**Judge Kirk D. Johnson, *Webb v. Liberty Mutual Ins. Co.,*** (March 3, 2008) No. CV-2007-418-3 (Cir. Ct. Ark):

> *Having admitted and reviewed the Affidavit of Shannon Wheatman and her testimony concerning the success of the notice campaign, including the fact that written notice reached 92.5% of the potential Class members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class members who had an earlier opportunity to request exclusion but failed to do so . . . The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members.*

**Judge Mike Salvagni, *Sherrill v. Progressive Northwestern Ins. Co.,*** (April 4, 2008) No. DV-03-220 (18th D. Ct. Mont.):

> *Dr. Wheatman's affidavit was very informative, and very educational, and very complete and thorough about the process that was undertaken here. . . So I have reviewed all of these documents and the affidavit of Dr. Wheatman and based upon the information that is provided . . . and the significant number of persons who are contacted here, 90 percent, the Court will issue the order.*

**Judge Philip S. Gutierrez, *Shaffer v. Continental Casualty Co.,*** (June 11, 2008) SACV-06-2235-PSG (PJWx) (C.D. Cal.):

> *The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement, as described in part in the Declarations of Richard Simmons and Shannon Wheatman: constituted the best practicable notice. . . was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law.*

**Steven D. Merryday, *Beringer v. Certegy Check Services, Inc.,*** (September 3, 2008) No. 8:07-cv-1657-T-23TGW and ***Lockwood v. Certegy Check Services, Inc.,*** No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

> *As attested in the August 12, 2008, declaration (Doc. 83-2) of Shannon R. Wheatman, Ph.D., the notice to the Settlement Class directed by the order of preliminary approval and the governmental notice required by the Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 4 (2005), 28 U.S.C. § 1715, have been provided.*

**Judge Carol Crafton Anthony, *Johnson v. Progressive Casualty Ins., Co.,*** (December 6, 2007) No. CV-2003-513 (Cir. Ct. Ark.):

> *Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated . . . Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice reached a large majority of the Class members. The Court finds that such notice constitutes the best notice practicable . . . The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process.*

**Judge Mary Anne Mason, *Palace v. DaimlerChrysler Corp.,*** (May 29, 2008) No. 01-CH-13168 (Cir. Ct. Ill., Cook Co):

> *The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement*

*Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process and complied with 735 ILCS §§5/2-803 and 5/2-806.*

**Judge Joseph R. Goodwin,** *In re Serzone Products Liability Litig.,* 231 F.R.D. 221, 231 (S.D. W. Va. 2005):

*The Notice Plan was drafted by Hilsoft Notifications, a Pennsylvania firm specializing in designing, developing, analyzing and implementing large-scale, unbiased legal notification plans. Hilsoft has disseminated class action notices in more than 150 cases, and it designed the model notices currently displayed on the Federal Judicial Center's website as a template for others to follow...To enhance consumer exposure, Hilsoft studied the demographics and readership of publications among adults who used a prescription drug for depression in the last twelve months. Consequently, Hilsoft chose to utilize media particularly targeting women due to their greater incidence of depression and heavy usage of the medication.*

**Judge Norma L. Shapiro,** *First State Orthopaedics et al. v. Concentra, Inc., et al.,* (October 16, 2007) No. 2:05-CV-04951-NS (E.D. Pa.):

*Hilsoft is a nationally-recognized company specializing in designing and implementing legal notification plans; it has served as the notice administrator in hundreds of federal and state court class actions. According to the Hilsoft Report, on May 1, 2006, notices were sent by certified mail to 53 Attorneys General and 31 state officials with primary regulatory or supervisory responsibility over Concentra's business.[9]*

*[9]This notice was issued in accordance with the provisions of §1715 of the Class Action Fairness Act of 2005.*

**Judge Ronald B. Leighton,** *Gray's Harbor v. Carrier Corp.,* (April 22, 2008) No. 05-05437(W.D. Wash.):

*Based upon the uncontroverted proof that Hilsoft submitted to the Court on March 18, 2008, this Court finds that . . . the Notice Program as a whole provided the best practicable notice to the members of the Class under the circumstances, and satisfies the requirements prescribed by the United States Supreme Court . . . Accordingly, the Court finds and concludes that the method and content of the Notice satisfied all applicable legal requirements.*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (Oct. 30, 2001) No. MID-L-8839-00-MT (N.J. Super. Ct. Middlesex Co.):

*The parties have crafted a notice program which satisfies due process requirements without reliance on an unreasonably burdensome direct notification process. ...The form of the notice is reasonably calculated to apprise class members of their rights. The notice program is specifically designed to reach a substantial percentage of the putative settlement class members.*

**Judge Joe E. Griffin,** *Beasley v. Hartford Insurance Company of the Midwest,* (June 13, 2006) No. CV-2005-58-1 (Cir. Ct. Ark.):

*Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice and the Publication Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances . . . and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Marina Corodemus,** *Talalai v. Cooper Tire & Rubber Co.,* (Sept. 13, 2002) No. L-008830.00 (N.J. Super. Ct. Middlesex Co.):

*Here, the comprehensive bilingual, English and Spanish, court-approved Notice Plan provided by the terms of the settlement meets due process requirements. The Notice Plan used a variety of methods to reach potential class members. For example, short form notices for print media were placed . . .throughout the United States and in major national consumer publications which include the most widely read publications among Cooper Tire owner demographic groups.*

**Judge Lewis A. Kaplan, *In re Parmalat Securities Litig.*,** (March 1, 2007) MDL No. 1653-LAK (S.D. N.Y.):

> *The court approves, as to form and content, the Notice and the Publication Notice, attached hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and the form set forth in Paragraph 6 of this Order . . . meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as emended by Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

**Judge Richard J. Shroeder, *St. John v. Am. Home Prods. Corp.*,** (Aug. 2, 1999) No. 97-2-06368-4 (Wash. Super. Ct. Spokane Co.):

> *The Court finds that plaintiffs' proposed Notice Plan is appropriate and is the best notice practicable under the circumstances by which to apprise absent class members of the pendency of the above-captioned Class Action and their rights respecting that action.*

**Judge Joe Griffin, *Beasley v. The Reliable Life Insurance Co.*,** (March 29, 2007) No. CV-2005-58-1 (Cir. Ct. Ark):

> *[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.*

**Judge David De Alba, *Ford Explorer Cases*,** (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

> *[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

**Judge Elaine E. Bucklo, *Carnegie v. Household International*,** (Aug. 28, 2006) No. 98 C 2178 (N.D. Ill.):

> *[T]he Notice was disseminated pursuant to a plan consisting of first class mail and publication developed by Plaintiff's notice consultant, Hilsoft Notification[s] . . . who the Court recognized as experts in the design of notice plans in class actions. The Notice by first-class mail and publication was provided in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies all requirements of Rule 23(e) and due process.*

**Judge James R. Williamson, *Kline v. The Progressive Corp.*,** (Nov. 14, 2002) No. 01-L-6 (Cir. Ct. Ill. Johnson Co.):

> *Notice to the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The notice contained the essential elements necessary to satisfy due process . . .*

***Williams v. Weyerhaeuser Co.*,** 2002 WL 373578, at *10 (Cal. App. 1 Dist.):

> *The hybrid notice given here--a combination of individual notice and notice by publication--was, as the trial court found, the best practicable method under the circumstances. The mass media campaign in this case appears to have been far more extensive than that approved in Dunk, supra, 48 Cal.App.4th at pp. 1800, 1805, 56 Cal.Rptr.2d 483. Objectors' own experience indicates the campaign was effective. Three of them received individual notices, two learned of*

> the settlement through advertisements, and the others apparently learned of the settlement when one of them went around the neighborhood and told his neighbors about the settlement.

**Judge Richard G. Stearns,** *In re Lupron® Marketing and Sales Practice Litig.,* (Nov. 24, 2004) MDL 1430 (D. Mass.):

> After review of the proposed Notice Plan designed by Hilsoft Notifications…is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 the Federal Rules of Civil Procedure and due process.

**Judge Robert L. Wyatt,** *Gunderson v. AIG Claim Services, Inc.,* (May 29, 2008) No. 2004-002417 (14th Jud. D. Ct. La.):

> Notices given to Settlement Class members . . . were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination . . . Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.

*Hospitality Mgmt. Assoc., Inc. v. Shell Oil Co.,* 356 S.C. 644, 663, 591 S.E.2d 611, 621 (Sup. Ct. S.C. 2004):

> Clearly, the Cox court designed and utilized various procedural safeguards to guarantee sufficient notice under the circumstances. Pursuant to a limited scope of review, we need go no further in deciding the Cox court's findings that notice met due process are entitled to deference.

**Judge Samuel Conti,** *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.,* (Nov. 17, 2006) No. C-05-04289-SC (N.D. Cal.):

> After reviewing the evidence and arguments presented by the parties . . . the Court finds as follows: . . . The class members were given the best notice practicable under the circumstances, and that such notice meets the requirements of the Due Process Clause of the U.S. Constitution, and all applicable statutes and rules of court.

**Judge Stuart R. Pollak,** *Microsoft I-V Cases,* (April 1, 2001) J.C.C.P. No. CJC-00-004106 (Cal. Super. Ct. San Francisco Co.):

> [C]oncerning dissemination of class notice; and I have reviewed the materials that have been submitted on that subject and basically I'm satisfied. I think it's amazing if you're really getting 80 percent coverage. That's very reassuring. And the papers that you submitted responded to a couple things that had been mentioned before and I am satisfied with all that.

**Judge Thomas M. Hart,** *Froeber v. Liberty Mutual Fire Ins. Co.,* (April 19, 2006) No. 00C15234 (Cir. Ct. Ore.)

> The court has found and now reaffirms that dissemination and publication of the Class Notice in accordance with the terms of the Third Amended Order constitutes the best notice practicable under the circumstances.

**Judge Dudley Bowen,** *Andrews/Harper v. MCI,* "900 Number Class Action", (Aug. 18, 1995) No. CV 191-185 (S.D. Ga.):

> Upon consideration of the submissions of counsel and the testimony adduced at the hearing, and upon the findings, observations and conclusions expressed from the bench into the record at the conclusion of the hearing, it is hereby ordered that the aforementioned proposed media plan is approved.

**Judge Robert Wyatt**, *Gunderson v. F.A. Richard & Associates, Inc.,* (July 19, 2007) Cir. Ct. 14th Jud. D. Ct. La., No. 2004-2417-D:

> Okay. Let me sign this one. This is the final Order and Judgment regarding the fairness, reasonableness and adequacy. And I am satisfied in all respects regarding the presentation that's been made to the Court this morning in the Class memberships, the representation, the notice, and all other aspects and I'm signing that Order at this time. Congratulations, gentlemen.

**Judge Ivan L.R. Lemelle**, *In re High Sulfur Content Gasoline Prods. Liability Litig,* (Nov. 8, 2006) MDL No. 1632 (E.D. La.):

> The Notice Plan for this Class Settlement was consistent with the best practices developed for modern-style "plain English" class notices; the Court and Settling Parties invested substantial effort to ensure notice to persons displaced by the Hurricanes of 2005; and as this Court has already determined, the Notice Plan met the requirements of Rule 23 and constitutional due process.

**Judge Catherine C. Blake**, *In re Royal Ahold Securities & "ERISA" Litig.,* 437 F.Supp.2d 467, 472 (D. Md. 2006):

> The court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Salvatore F. Cozza**, *Delay v. Hurd Millwork Co.,* (Sept. 11, 1998) No. 97-2-07371-0 (Wash. Super. Ct. Spokane Co.):

> I'm very impressed by the notice plan which has been put together here. It seems to be very much a state of the art proposal in terms of notifying class members. It appears to clearly be a very good alternative for notification. The target audience seems to be identified very well, and the Court is very satisfied with the choice of media which has been selected to accomplish this.

**Judge James S. Moody, Jr.**, *Mantzouris v. Scarritt Motor Group Inc.,* (Aug. 10, 2004) No. 8:03 CV- 0015-T-30 MSS (M.D. Fla.):

> Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement, it is hereby determined that all members of the Class, except for Ms. Gwendolyn Thompson, who was the sole person opting out of the Settlement Agreement, are bound by this Order and Final Judgment entered herein.

**Judge Joe Griffin**, *Beasley v. The Reliable Life Insurance Co.,* (March 29, 2007) No. CV-2005-58-1 (Cir. Ct. Ark):

> [T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter.

**Judge Kirk D. Johnson**, *Hunsucker v. American Standard Ins. Co. of Wisconsin,* (August 10, 2007) No. CV-2007-155-3 (Cir. Ct. Ark):

> Having admitted and reviewed the Affidavits of Carla Peak and Christine Danielson concerning the success of the notice campaign, including the fact that written notice reached approximately

*86% of the potential Class Members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but failed to do so.*

**Judge Kirk D. Johnson,** *Zarebski v. Hartford Insurance Company of the Midwest,* (February 13, 2007) No. CV-2006-409-3 (Cir. Ct. Ark.):

*Accordingly, the Class Notice and Claim Form as disseminated are finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendancy of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the notice campaign described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions.*

**Judge Yada T. Magee,** *Spitzfaden v. Dow Corning,* "Breast Implant Litigation, (March 17, 1997) No. 92-2589 (La. Civ. Dist. Ct. Orleans Parish) (The Louisiana Supreme Court upheld the ruling, finding no error):

*Given the definition of this class and the potential size, the efforts taken to notify potential class members was more than sweeping…Accordingly the Court finds that the notice was adequate.*

**Judge Michael J. O'Malley,** *Defrates v. Hollywood Entm't Corp.,* (June 24, 2005) No. 02 L 707 (Ill. Cir. Ct. St. Clair Co.):

*[T]his Court hereby finds that the notice program described in the Preliminary Approval Order and completed by HEC complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.*

**Judge Robert H. Wyatt, Jr.,** *Gray v. New Hampshire Indemnity Co., Inc.,* (Dec. 19, 2005) No. CV-2002-952-2-3 (Cir. Ct. Ark.):

*Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process, including the Settlement Class definition, the identities of the Parties and of their counsel, a summary of the terms of the proposed settlement, Class Counsel's intent to apply for fees, information regarding the manner in which objections could be submitted, and requests for exclusions could be filed.*

**Judge Carter Holly,** *Richison v. Am. Cemwood Corp.,* (Nov. 18, 2003) No. 005532 (Cal. Super. Ct. San Joaquin Co.):

*As to the forms of Notice, the Court finds and concludes that they fully apprised the Class members of the pendency of the litigation, the terms of the Phase 2 Settlement, and Class members' rights and options.*

**Judge Wilford D. Carter,** *Thibodeaux v. Conoco Phillips Co.,* (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

*Notice given to Class Members . . . were reasonably calculated under all the circumstances and have been sufficient, both as to the form and content…*

**Judge David Flinn,** *Westman v. Rogers Family Funeral Home,* (March 5, 2001) No. C 98-03165 (Cal. Super. Ct. Contra Costa Co.):

*The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

**Judge Stuart R. Pollak, *Microsoft I-V Cases,*** (March 30, 2001) J.C.C.P. No. 4106 (Cal. Super. Ct. San Francisco Co.):

> *Plaintiffs and Defendant Microsoft Corporation have submitted a joint statement in support of their request that the Court approve the plan for dissemination of class action notice and proposed forms of notice, and amend the class definition. The Court finds that the forms of notice to Class members attached hereto as Exhibits A and B fairly and adequately inform the Class members of their rights concerning this litigation. The Court further finds that the methods for dissemination of notice are the fairest and best practicable under the circumstances, and comport with due process requirements.*

**Judge Lewis A. Kaplan, *In re Parmalat Securities Litig.*,** (July 19, 2007) MDL No. 1653-LAK (S.D. N.Y.):

> *The Court finds that the distribution of the Notice, the publication of the Publication Notice, and the notice methodology . . . met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, et seq.) (the "PSLRA"), the Rules of the Court, and any other applicable law.*

**Judge Kirk D. Johnson, *Sweeten v. American Empire Insurance Co.*,** (August 20, 2007) Cir. Ct. Ark., No. CV-2007-154-3:

> *The Court does find that all notices required by the Court to be given to class members was done within the time allowed and the manner best calculated to give notice and apprise all the interested parties of the litigation. It was done through individual notice, first class mail, through internet website and the toll-free telephone call center.*

> *The Court does find that these methods were the best possible methods to advise the class members of the pendency of the action and opportunity to present their objections and finds that these notices do comply with all the provisions of Rule 23 and the Arkansas and United States Constitutions.*

**Judge Robert E. Payne, *Fisher v. Virginia Electric & Power Co.*,** (July 1, 2004) No. 3:02CV431 (E.D. Va.):

> *The record here shows that the class members have been fully and fairly notified of the existence of the class action, of the issues in it, of the approaches taken by each side in it in such a way as to inform meaningfully those whose rights are affected and to thereby enable them to exercise their rights intelligently.*

**Judge Robert H. Wyatt, Jr., *Gray v. New Hampshire Indemnity Co. Inc.*,** (Dec. 19, 2005) No. CV-2002-952-2-3 (Cir. Ct. Ark.):

> *Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort. Notice was also effected by publication in many newspapers and magazines throughout the nation, reaching a large majority of the Class members multiple times. The Court finds that such notice constitutes the best notice practicable.*

**Judge Carter Holly, *Richison v. Am. Cemwood Corp.*,** (Nov. 18, 2003) No. 005532 (Cal. Super. Ct. San Joaquin Co.):

> *The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all Class members, and complied fully with the laws of the State of California, the Code of Civil Procedure, due process, and California Rules of Court 1859 and 1860.*

*In re Synthroid Marketing Litig.,* 264 F.3d 712, 716 (C.A.7 (Ill.), 2001):

> Although officially in the game, the objectors have not presented any objection to the settlement that was not convincingly addressed by the district court. The objectors contend that the settlement should have been larger, that the notice was not sufficient, and that the release of liabilities is too broad.

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* (Sept. 3, 2002) No. 00 Civ. 5071-HB (S.D. N.Y.):

> The Court further finds that the Class Notice and Publication Notice provided in the Settlement Agreement are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

**Judge Dewey C. Whitenton,** *Ervin v. Movie Gallery, Inc.,* (Nov. 22, 2002) No. 13007 (Tenn. Ch.):

> The content of the class notice also satisfied all due process standards and state law requirements . . . The content of the notice was more than adequate to enable class members to make an informed and intelligent choice about remaining in the class or opting out of the class.

**Judge Edgar E. Bayley,** *Dimitrios v. CVS, Inc.,* No. 99-6209; *Walker v. Rite Aid Corp.,* No. 99-6210; **and** *Myers v. Rite Aid Corp.,* No. 01-2771, (Nov. 27, 2002) (Pa. Ct. C.P. Cumberland Co.):

> The Court specifically finds that: fair and adequate notice has been given to the class, which comports with due process of law.

**Judge Robert E. Payne,** *Fisher v. Virginia Electric & Power Co.,* (July 1, 2004) No. 3:02CV431 (E.D. Va.):

> The success rate in notifying the class is, I believe, at least in my experience, I share Ms. Kauffman's experience, it is as great as I have ever seen in practicing or serving in this job . . . So I don't believe we could have had any more effective notice.

**Judge Richard G. Stearns,** *In re Lupron Marketing and Sales Practice Litig.,* (Nov. 23, 2004) MDL 1430 (D. Mass.):

> I actually find the [notice] plan as proposed to be comprehensive and extremely sophisticated and very likely be as comprehensive as any plan of its kind could be In reaching those most directly affected.

**Judge James D. Arnold,** *Cotten v. Ferman Mgmt. Servs. Corp.,* (Nov. 26, 2003) No. 02-08115 (Fla. Cir. Ct. Hillsborough Co.):

> Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the member of the Class to participate in the Settlement Hearing, or object to the certification of the Class and the Agreement . . .

**Judge Judith K. Fitzgerald,** *In re Pittsburgh Corning Corp.,* (Nov. 26, 2003) No. 00-22876-JKF (Bankr. W.D. Pa.):

> The procedures and form of notice for notifying the holders of Asbestos PI Trust Claims, as described in the Motion, adequately protect the interests of the holders of Asbestos PI Trust Claims in a manner consistent with the principles of due process, and satisfy the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

**Judge Wilford D. Carter,** *Thibodeaux v. Conoco Phillips Co.,* (May 26, 2005) No. 2003-481 F (14th J.D. Ct. La.):

> Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due process and sufficient notice to all potential members of the Class as Defined.

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,* 216 F.R.D. 55, 68 (S.D.N.Y. 2003):

> The notice provides, in language easily understandable to a lay person, the essential terms of the settlement, including the claims asserted . . . who would be covered by the settlement . . .

**Judge Thomas A. Higgins,** *In re Columbia/HCA Healthcare Corp.,* (June 13, 2003) No. 3-98-MDL-1227 (M.D. Tenn.):

> Notice of the settlement has been given in an adequate and sufficient manner.  The notice provided by mailing the settlement notice to certain class members and publishing notice in the manner described in the settlement was the best practicable notice, complying in all respects with the requirements of due process.

**Judge Anna J. Brown,** *Reynolds v. The Hartford Financial Services Group, Inc.,* (February 27, 2007) No. CV-01-1529-BR (D. Ore):

> [T]he court finds that the Notice Program fairly, fully, accurately, and adequately advised members of the Settlement Class and each Settlement Subclass of all relevant and material information concerning the proposed settlement of this action, their rights under Rule 23 of the Federal Rules of Civil Procedure, and related matters, and afforded the Settlement Class with adequate time and an opportunity to file objections to the Settlement or request exclusion from the Settlement Class.  The court finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 and due process.

**Judge Michael Canaday,** *Morrow v. Conoco Inc.,* (May 25, 2005) No. 2002-3860 G (14th J.D. Ct. La.):

> The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement Agreement, lack merit and are hereby overruled.

**Judge Harold Baer, Jr.,** *Thompson v. Metropolitan Life Ins. Co.,*  216 F.R.D. 55, 68 (S.D. N.Y. 2003):

> [T]he notice campaign that defendant agreed to undertake was extensive . . . I am satisfied, having reviewed the contents of the notice package, and the extensive steps taken to disseminate notice of the settlement, that the class notice complies with the requirements of Rule 23 (c)(2) and 23(e).  In summary, I have reviewed all of the objections, and none persuade me to conclude that the proposed settlement is unfair, inadequate or unreasonable.

**Judge Richard J. Holwell,** *In re Vivendi Universal, S.A. Securities Litig.,* 2007 WL 1490466, at *34 (S.D.N.Y.):

> In response to defendants' manageability concerns, plaintiffs have filed a comprehensive affidavit outlining the effectiveness of its proposed method of providing notice in foreign countries. According to this . . . the Court is satisfied that plaintiffs intend to provide individual notice to those class members whose names and addresses are ascertainable, and that plaintiffs' proposed form of publication notice, while complex, will prove both manageable and the best means practicable of providing notice.

**Judge John Kraetzer, *Baiz v. Mountain View Cemetery*,** (April 14, 2004) No. 809869-2 (Cal. Super. Ct. Alameda Co.):

> *The notice program was timely completed, complied with California Government Code section 6064, and provided the best practicable notice to all members of the Settlement Class under the circumstances. The Court finds that the notice program provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to class members and all other persons wishing to be heard.*

**Judge Harold Baer, Jr., *Thompson v. Metropolitan Life Ins. Co.*,** 216 F.R.D. 55, 62 (S.D. N.Y. 2003):

> *In view of the extensive notice campaign waged by the defendant, the extremely small number of class members objecting or requesting exclusion from the settlement is a clear sign of strong support for the settlement.*

**Judge John R. Padova, Nichols v. SmithKline Beecham Corp.,** (April 22, 2005) No. 00-6222 (E.D. Pa.):

> *After reviewing the individual mailed Notice, the publication Notices, the PSAs and the informational release, the Court concludes that the substance of the Notice provided to members of the End-Payor Class in this case was adequate to satisfy the concerns of due process and the Federal Rules.*

**Judge John Kraetzer, *Baiz v. Mountain View Cemetery*,** (April 14, 2004) No. 809869-2 (Cal. Super. Ct. Alameda Co.):

> *The Court has determined that the Notice given to potential members of the Settlement Class fully and accurately informed potential Members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all potential members of the Settlement Class, and that it constituted the best practicable notice under the circumstances.*

**Steven D. Merryday, *Beringer v. Certegy Check Services, Inc.*,** (September 3, 2008) No. 8:07-cv-1657-T-23TGW and ***Lockwood v. Certegy Check Services, Inc.,*** No. 8:07-cv-1434-T-23TGW (M.D. Fla.):

> *The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.*

**Judge Carter Holly, *Richison v. Am. Cemwood Corp.*,** (Nov. 18, 2003) No. 005532 (Cal. Super. Ct. San Joaquin Co.):

> *Not a single Class member—out of an estimated 30,000—objected to the terms of the Phase 2 Settlement Agreement, notwithstanding a comprehensive national Notice campaign, via direct mail and publication Notice.*

**Judge Elaine Bucklo, *In re Synthroid Marketing Litig.*,** (Aug. 14, 1998) MDL 1182 (N.D. Ill.) (Ultimately withstood challenge to 7th Circuit Court of Appeals):

> *[T]he parties undertook an elaborate notice program...in numerous publications in the United States and abroad which those persons most likely to be class members would read . . . In fact from the affidavits filed, it would appear that notice was designed to reach most of the affected reading public.*

**Judge Kirk D. Johnson**, *Hunsucker v. American Standard Ins. Co. of Wisconsin,* (August 10, 2007) No. CV-2007-155-3 (Cir. Ct. Ark):

> Specifically, the Court received and admitted affidavits from Carla Peak and Christine Danielson, setting forth the scope and results of the notice campaign. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and settlement website as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order was the best notice practicable under the circumstances to all members of the Settlement Class.

**Judge Joseph R. Goodwin**, *In re Serzone Prods. Liability Litig.,* 2004 U.S. Dist. LEXIS 28297, at *10 (S.D. W. Va.):

> The Court has considered the Notice Plan and proposed forms of Notice and Summary Notice submitted with the Memorandum for Preliminary Approval and finds that the forms and manner of notice proposed by Plaintiffs and approved herein meet the requirements of due process and Fed.R.Civ.P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.

**Judge Marina Corodemus**, *Talalai v. Cooper Tire & Rubber Co.,* (Oct. 29, 2001) No. L-8830-00-MT (N.J. Super. Ct. Middlesex Co.):

> I saw the various bar graphs for the different publications and the different media dissemination, and I think that was actually the clearest bar graph I've ever seen in my life . . . it was very clear of the time periods that you were doing as to each publication and which media you were doing over what market time, so I think that was very clear.

**Judge Norma L. Shapiro**, *First State Orthopaedics et al. v. Concentra, Inc., et al.,* (May 1, 2006) No. 2:05-CV-04951-NS (E.D. Pa.):

> The Court finds that dissemination of the Mailed Notice, Published Notice and Full Notice in the manner set forth here and in the Settlement Agreement meets the requirements of due process and Pennsylvania law. The Court further finds that the notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement.

**Judge Kirk D. Johnson**, *Zarebski v. Hartford Insurance Company of the Midwest,* (February 13, 2007) No. CV-2006-409-3 (Cir. Ct. Ark):

> Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class.

**Judge Catherine C. Blake**, *In re Royal Ahold Securities and "ERISA" Litig.,* (Nov. 2, 2006) MDL-1539 (D. Md.):

> The global aspect of the case raised additional practical and legal complexities, as did the parallel criminal proceedings in another district. The settlement obtained is among the largest cash settlements ever in a securities class action case and represents an estimated 40% recovery of possible provable damages. The notice process appears to have been very successful not only in reaching but also in eliciting claims from a substantial percentage of those eligible for recovery.

**Judge John R. Padova**, *Nichols v. SmithKline Beecham Corp.,* (April 22, 2005) No. 00-6222 (E.D. Pa.):

> Pursuant to the Order dated October 18, 2004, End-Payor Plaintiffs employed Hilsoft Notifications to design and oversee Notice to the End-Payor Class. Hilsoft Notifications has extensive

*experience in class action notice situations relating to prescription drugs and cases in which unknown class members need to receive notice.*

**Judge Ivan L.R. Lemelle,** ***In re High Sulfur Content Gasoline Prods. Liability Litig.,*** (November 8, 2006) MDL No. 1632 (E.D. La.):

*[T]his Court approved a carefully-worded Notice Plan, which was developed with the assistance of a nationally-recognized notice expert, Hilsoft Notifications.*

**Judge Milton Gunn Shuffield,** ***Scott v. Blockbuster Inc.,*** (Jan. 22, 2002) No. D 162-535 (Tex. Jud. Dist. Ct. Jefferson Co.) (Ultimately withstood challenge to Court of Appeals of Texas. *Peters v. Blockbuster* 65 S.W.3d 295, 307 (Tex. App.-Beaumont, 2001):

*In order to maximize the efficiency of the notice, a professional concern, Hilsoft Notifications, was retained. This Court concludes that the notice campaign was the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the settlement and afford them an opportunity to present their objections . . . The notice campaign was highly successful and effective, and it more than satisfied the due process and state law requirements for class notice.*

**Judge Ronald B. Leighton,** ***Gray's Harbor v. Carrier Corp.,*** (April 22, 2008) No. 05-05437(W.D. Wash.):

*The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.*

## OTHER COMMENT

**Geoffrey P. Miller, Max Greenberg Professor at Law, NYU,** testified at the ***Scott v. Blockbuster*** Fairness Hearing on Dec. 10-11, 2001, before Judge Milton Shuffield:

*I really have never seen in the many years I've been looking at class actions, a notice campaign in a consumer case that was done with this much care and this much real forethought and imagination. It's very difficult to reach 40 million people, and I can't imagine doing a better job than as what was done in this case.*

## PUBLICATIONS

John B. Isbister, Todd B. Hilsee, & Carla A. Peak, *Seven Steps to a Successful Class Action Settlement,* AMERICAN BAR ASSOCIATION, SECTION OF LITIGATION, CLASS ACTIONS TODAY 16 (2008).

Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVE SUITS 1 (2007).

Todd B. Hilsee, Gina M. Intrepido, & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina,* 80 TULANE LAW REV. 1771 (2006); reprinted in course materials for: AMERICAN BAR ASSOCIATION, 10th Annual National Institute on Class Actions (2006); NATIONAL BUSINESS INSTITUTE, Class Action Update: Today's Trends & Strategies for Success (2006); CENTER FOR LEGAL EDUCATION INTERNATIONAL, Class Actions: Prosecuting and Defending Complex Litigation (2007).

Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* 81 NOTRE DAME LAW. REV. 591 (2006).

Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials,* 6 CLASS ACTION LITIG. REP. 759 (2005).

Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEORGETOWN JOURNAL LEGAL ETHICS 1359 (2005).

Thomas E. Willging & Shannon R. Wheatman, An Empirical Examination of Attorneys' Choice of Forum in *Class Action Litigation,* FEDERAL JUDICIAL CENTER (2005).

Robert T. Reagan, Shannon R. Wheatman, Marie Leary, Natascha Blain, George Cort, & Dean N. Miletich, *Sealed Settlement Agreements in Federal District Courts*, FEDERAL JUDICIAL CENTER (2005).

Shannon R. Wheatman & David R. Shaffer, *On finding for defendants who plead insanity: The crucial impact of dispositional instructions and opportunity to deliberate, 25* LAW AND HUMAN BEHAVIOR 165 (2001).

Shannon Wheatman, The Effects of Plain Language Drafting on Layperson's Comprehension of Class Action Notices (2001), (unpublished Ph.D. dissertation, University of Georgia, on file with the University of Georgia Library).

David R. Shaffer & Shannon R. Wheatman, *Does personality influence the effectiveness of judicial instructions?* 6 PSYCH. PUB. POL'Y & LAW 655 (2000).

Sidney Rosen & Shannon Wheatman, *Reactions to the fate of one's brain-child after its disclosure.* 17 CURRENT PSYCH. 135 (1997).

## LEGAL NOTICE CASES

Hilsoft Notifications has served as notice expert for planning, implementation and/or analysis in the following partial listing of cases:

| | |
|---|---|
| *Andrews v. MCI (900 Number Litig.)* | S.D. Ga., CV 191-175 |
| *Harper v. MCI (900 Number Litig.)* | S.D. Ga., CV 192-134 |
| *In re Bausch & Lomb Contact Lens Litig.* | N.D. Ala., 94-C-1144-WW |
| *In re Ford Motor Co. Vehicle Paint Litig.* | E.D. La., 95-0485, MDL No. 1063 |
| *Castano v. Am. Tobacco* | E.D. La., CV 94-1044 |
| *Cox v. Shell Oil (Polybutylene Pipe Litig.)* | Tenn. Ch., 18,844 |
| *In re Amino Acid Lysine Antitrust Litig.* | N.D. Ill., MDL No. 1083 |
| *In re Dow Corning Corp. (Breast Implant Bankruptcy)* | E.D. Mich., 95-20512-11-AJS |
| *Kunhel v. CNA Ins. Companies* | N.J. Super. Ct., ATL-C-0184-94 |
| *In re Factor Concentrate Blood Prods. Litig. (Hemophiliac HIV)* | N.D. Ill., MDL No. 986 |
| *In re Ford Ignition Switch Prods. Liability Litig.* | D. N.J., 96-CV-3125 |
| *Jordan v. A.A. Friedman (Non-Filing Ins. Litig.)* | M.D. Ga., 95-52-COL |
| *Kalhammer v. First USA (Credit Card Litig.)* | Cir. Ct. Cal., C96-45632010-CAL |
| *Navarro-Rice v. First USA (Credit Card Litig.)* | Cir. Ct. Ore., 9709-06901 |
| *Spitzfaden v. Dow Corning (Breast Implant Litig.)* | La. Civ. Dist. Ct., 92-2589 |
| *Robinson v. Marine Midland (Finance Charge Litig.)* | N.D. Ill., 95 C 5635 |
| *McCurdy v. Norwest Fin. Alabama* | Cir. Ct. Ala.. CV-95-2601 |

| | |
|---|---|
| *Johnson v. Norwest Fin. Alabama* | Cir. Ct. Ala., CV-93-PT-962-S |
| *In re Residential Doors Antitrust Litig.* | E.D. Pa., MDL No. 1039 |
| *Barnes v. Am. Tobacco Co. Inc.* | E.D. Pa., 96-5903 |
| *Small v. Lorillard Tobacco Co. Inc.* | N.Y. Super. Ct., 110949/96 |
| *Naef v. Masonite Corp (Hardboard Siding Litig.)* | Cir. Ct. Ala., CV-94-4033 |
| *In re Synthroid Mktg. Litig.* | N.D. Ill., MDL No. 1182 |
| *Chisolm v. Transouth Fin.* | 4th U.S. Cir. Ct., 97-1970 |
| *Raysick v. Quaker State Slick 50 Inc.* | Dist. Tex., 96-12610 |
| *Castillo v. Mike Tyson (Tyson v. Holyfield Bout)* | N.Y. Super. Ct., 114044/97 |
| *Avery v. State Farm Auto. Ins. (Non-OEM Auto Parts Litig.)* | Cir. Ct. Ill., 97-L-114 |
| *Walls v. The Am. Tobacco Co. Inc.* | N.D. Okla., 97-CV-218-H |
| *Tempest v. Rainforest Café (Securities Litig.)* | D. Minn., 98-CV-608 |
| *Stewart v. Avon Prods. (Securities Litig.)* | E.D. Pa., 98-CV-4135 |
| *Goldenberg v. Marriott PLC Corp (Securities Litig.)* | D. Md., PJM 95-3461 |
| *Delay v. Hurd Millwork (Building Products Litig.)* | Wash. Super. Ct., 97-2-07371-0 |
| *Gutterman  v. Am. Airlines (Frequent Flyer Litig.)* | Cir. Ct. Ill., 95CH982 |
| *Hoeffner v. The Estate of Alan Kenneth Vieira (Un-scattered Cremated Remains Litig.)* | Cal. Super. Ct., 97-AS 02993 |
| *In re Graphite Electrodes Antitrust Litig.* | E.D. Pa., 97-CV-4182, MDL No. 1244 |
| *In re Silicone Gel Breast Implant Prods. Liability Litig., Altrichter v. INAMED* | N.D. Ala., MDL No. 926 |
| *St. John v. Am. Home Prods. Corp.  (Fen/Phen Litig.)* | Wash. Super. Ct., 97-2-06368 |
| *Crane v. Hackett Assocs. (Securities Litig.)* | E.D. Pa., 98-5504 |
| *In re Holocaust Victims Assets Litig. (Swiss Banks Litig.)* | E.D. N.Y., CV-96-4849 |
| *McCall v. John Hancock (Settlement Death Benefits)* | Cir. Ct. N.M., No. CV-2000-2818 |
| *Williams v. Weyerhaeuser Co. (Hardboard Siding Litig.)* | Cal. Super. Ct., CV-995787 |
| *Kapustin v. YBM Magnex Int'l Inc. (Securities Litig.)* | E.D. Pa., 98-CV-6599 |
| *Leff v. YBM Magnex Int'l Inc. (Securities Litig.)* | E.D. Pa., 95-CV-89 |
| *In re PRK/LASIK Consumer Litig.* | Cal. Super. Ct., CV-772894 |
| *Hill v. Galaxy Cablevision* | N.D. Miss., 1:98CV51-D-D |
| *Scott v. Am. Tobacco Co. Inc.* | La. Civ. Dist. Ct., 96-8461 |
| *Jacobs v. Winthrop Fin. Assocs. (Securities Litig.)* | D. Mass.,  99-CV-11363 |
| *Int'l Comm'n on Holocaust Era Ins. Claims – Worldwide Outreach Program* | Former Secretary of State Lawrence Eagleburger Commission |
| *Bownes v. First USA Bank (Credit Card Litig.)* | Cir. Ct. Ala., CV-99-2479-PR |
| *Whetman v. IKON (ERISA Litig.)* | E.D. Pa., Civil No. 00-87 |
| *Mangone v. First USA Bank (Credit Card Litig.)* | Cir. Ct. Ill., 99AR672a |

| | |
|---|---|
| *In re Babcock and Wilcox Co. (Asbestos Related Bankruptcy)* | E.D. La., 00-10992 |
| *Barbanti v. W.R. Grace and Co. (Zonolite / Asbestos Litig.)* | Wash. Super. Ct., 00201756-6 |
| *Brown v. Am. Tobacco* | Cal. Super. Ct., J.C.C.P. 4042 No. 711400 |
| *Wilson v. Servier Canada Inc. (Canadian Fen/Phen Litig.)* | Ont. Super. Ct., 98-CV-158832 |
| *In re Texaco Inc. (Bankruptcy)* | S.D. N.Y. Nos. 87 B 20142, 87 B 20143, 87 B 20144. |
| *Olinde v. Texaco (Bankruptcy, Oil Lease Litig.)* | M.D. La., No. 96-390 |
| *Gustafson v. Bridgestone/Firestone, Inc. (Recall Related Litig.)* | S.D. Ill., Civil No. 00-612-DRH |
| *In re Bridgestone/Firestone Tires Prods. Liability Litig.* | S.D. Ind., MDL No. 1373 |
| *Gaynoe v. First Union Corp. (Credit Card Litig.)* | N.C. Super. Ct., No. 97-CVS-16536 |
| *Carson v. Daimler Chrysler Corp. (Fuel O-Rings Litig.)* | W.D. Tenn., No. 99-2896 TU A |
| *Providian Credit Card Cases* | Cal. Super. Ct., J.C.C.P. No. 4085 |
| *Fields v. Great Spring Waters of Am., Inc. (Bottled Water Litig.)* | Cal. Super. Ct., No. 302774 |
| *Sanders v. Great Spring Waters of Am., Inc. (Bottled Water Litig.)* | Cal. Super. Ct., No. 303549 |
| *Sims v. Allstate Ins. Co. (Diminished Auto Value Litig.)* | Cir. Ct. Ill., No. 99-L-393A |
| *Peterson v. State Farm Mutual Auto. Ins. Co. (Diminished Auto Value Litig.)* | Cir. Ct. Ill., No. 99-L-394A |
| *Microsoft I-V Cases (Antitrust Litig. Mirroring Justice Dept.)* | Cal. Super. Ct., J.C.C.P. No. 4106 |
| *Westman v. Rogers Family Funeral Home, Inc. (Remains Handling Litig.)* | Cal. Super. Ct., No. C-98-03165 |
| *Rogers v. Clark Equipment Co.* | Cir. Ct. Ill., No. 97-L-20 |
| *Garrett v. Hurley State Bank (Credit Card Litig.)* | Cir. Ct. Miss., No. 99-0337 |
| *Ragoonanan v. Imperial Tobacco Ltd. (Firesafe Cigarette Litig.)* | Ont. Super. Ct., No. 00-CV-183165 CP |
| *Dietschi v. Am. Home Prods. Corp. (PPA Litig.)* | W.D. Wash., No. C01-0306L |
| *Dimitrios v. CVS, Inc. (PA Act 6 Litig.)* | Pa. C.P., No. 99-6209 |
| *Jones v. Hewlett-Packard Co. (Inkjet Cartridge Litig.)* | Cal. Super. Ct., No. 302887 |
| *In re Tobacco Cases II (California Tobacco Litig.)* | Cal. Super. Ct., J.C.C.P. No. 4042 |
| *Scott v. Blockbuster, Inc (Extended Viewing Fees Litig.)* | 136th Tex. Jud. Dist. Jefferson Co., No. D 162-535 |
| *Anesthesia Care Assocs. v. Blue Cross of Cal.* | Cal. Super. Ct., No. 986677 |
| *Ting v. AT&T (Mandatory Arbitration Litig.)* | N.D. Cal., No. C-01-2969-BZ |
| *In re W.R. Grace & Co. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-01139-JJF |
| *Talalai v. Cooper Tire & Rubber Co. (Tire Layer Adhesion Litig.)* | N.J. Super. Ct., Middlesex County, No. MID-L-8839-00 MT |
| *Kent v. Daimler Chrysler Corp. (Jeep Grand Cherokee Park-to-Reverse Litig.)* | N.D. Cal., No. C01-3293-JCS |
| *Int'l Org. of Migration – German Forced Labour Compensation Programme* | Geneva, Switzerland |

| | |
|---|---|
| *Madsen v. Prudential Federal Savings & Loan (Homeowner's Loan Account Litig.)* | 3rd Jud. Dist. Ct. Utah, No. C79-8404 |
| *Bryant v. Wyndham Int'l., Inc. (Energy Surcharge Litig.)* | Cal. Super. Ct., Nos. GIC 765441, GIC 777547 (Consolidated) |
| *In re USG Corp. (Asbestos Related Bankruptcy)* | Bankr. D. Del., No. 01-02094-RJN |
| *Thompson v. Metropolitan Life Ins. Co. (Race Related Sales Practices Litig.)* | S.D. N.Y., No. 00-CIV-5071 HB |
| *Ervin v. Movie Gallery Inc. (Extended Viewing Fees)* | Tenn. Ch. Fayette Co., No. CV-13007 |
| *Peters v. First Union Direct Bank (Credit Card Litig.)* | M.D. Fla., No. 8:01-CV-958-T-26 TBM |
| *National Socialist Era Compensation Fund* | Republic of Austria |
| *In re Baycol Litig.* | D. Minn., MDL No. 1431 |
| *Claims Conference–Jewish Slave Labour Outreach Program* | German Government Initiative |
| *Wells v. Chevy Chase Bank (Credit Card Litig.)* | Cir. Ct. Md. Balt. City, No. C-99-000202 |
| *Walker v. Rite Aid of PA, Inc. (PA Act 6 Litig.)* | C.P. Pa., No. 99-6210 |
| *Myers v. Rite Aid of PA, Inc. (PA Act 6 Litig.)* | C.P. Pa., No. 01-2771 |
| *In re PA Diet Drugs Litig.* | C.P. Pa. Phila. Co., No. 9709-3162 |
| *Harp v. Qwest Communications (Mandatory Arbitration Litig.)* | Circ. Ct. Ore., No. 0110-10986 |
| *Tuck v. Whirlpool Corp. & Sears, Roebuck & Co. (Microwave Recall Litig.)* | Cir. Ct. Ind. Marion Co., No. 49C01-0111-CP-002701 |
| *Allison v. AT&T Corp. (Mandatory Arbitration Litig.)* | 1st Jud. D.C. N.M., No. D-0101-CV-20020041 |
| *Kline v. The Progressive Corp.* | Cir. Ct. Ill., Johnson Co., No. 01-L-6 |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc. (Milk Price Fixing)* | Cir. Ct. Ill. Cook Co., No. 00-L-9664 |
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litig.)* | M.D. Tenn., MDL No. 1227 |
| *Foultz v. Erie Ins. Exchange (Auto Parts Litig.)* | C.P. Pa., No. 000203053 |
| *Soders v. General Motors Corp. (Marketing Initiative Litigation)* | C.P. Pa., No. CI-00-04255 |
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., J.C.C.P. No. 4215 |
| *Curtis v. Hollywood Entm't Corp. (Additional Rental Charges)* | Wash. Super. Ct., No. 01-2-36007-8 SEA |
| *Defrates v. Hollywood Entm't Corp.* | Cir. Ct. Ill., St. Clair. Co., No. 02L707 |
| *Pease v. Jasper Wyman & Son, Merrill Blueberry Farms Inc., Allen's Blueberry Freezer Inc. & Cherryfield Foods Inc.* | Me. Super. Ct., No. CV-00-015 |
| *West v. G&H Seed Co. (Crawfish Farmers Litig.)* | 27th Jud. D. Ct. La., No. 99-C-4984-A |
| *Linn v. Roto-Rooter Inc. (Miscellaneous Supplies Charge)* | C.P. Ohio, No. CV-467403 |
| *McManus v. Fleetwood Enter., Inc. (RV Brake Litigation)* | D. Ct. Tex., No. SA-99-CA-464-FB |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., No. 809869-2 |
| *Stetser v. TAP Pharm. Prods, Inc. & Abbott Laboratories (Lupron Price Litigation)* | N.C. Super. Ct., No. 01-CVS-5268 |
| *Richison v. Am. Cemwood Corp. (Roofing Durability Settlement)* | Cal. Super. Ct., No. 005532 |

| | |
|---|---|
| *Cotten v. Ferman Mgmt. Servs. Corp.* | 13th Jud. Cir. Fla., No. 02-08115 |
| *In re Pittsburgh Corning Corp. (Asbestos Related Bankruptcy)* | Bankr. W.D. Pa., No. 00-22876-JKF |
| *Mostajo v. Coast Nat'l Ins. Co.* | Cal. Super. Ct., No. 00 CC 15165 |
| *Friedman v. Microsoft Corp. (Antitrust Litigation)* | Ariz. Super. Ct., No. CV 2000-000722 |
| *Multinational Outreach - East Germany Property Claims* | Claims Conference |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive Litigation)* | Civ. D. Ct. La., Div. K, No. 94-11684 |
| *Walker v. Tap Pharmaceutical Prods., Inc. (Lupron Price Litigation)* | N.J. Super. Ct., No. CV CPM-L-682-01 |
| *Munsey v. Cox Communications (Late Fee Litigation)* | D. Ct., La., Div. E, Sec. 9, No. 97 19571 |
| *Gordon v. Microsoft Corp. (Antitrust Litigation)* | 4th Jud. D. Ct. Minn., No. 00-5994 |
| *Clark v. Tap Pharmaceutical Prods., Inc.* | 5th Dist. App. Ct. Ill., No. 5-02-0316 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., No 3:02-CV-431 |
| *Mantzouris v. Scarritt Motor Group, Inc.* | M.D. Fla., No. 8:03-CV-0015-T-30-MSS |
| *Johnson v. Ethicon, Inc. (Product Liability Litigation)* | Cir. Ct. W. Va. Kanawha Co., Nos. 01-C-1530, 1531, 1533, 01-C-2491 to 2500 |
| *Schlink v. Edina Realty Title* | 4th Jud. D. Ct. Minn., No. 02-018380 |
| *Tawney v. Columbia Natural Res. (Oil & Gas Lease Litigation)* | Cir. Ct. W. Va. Roane Co., No. 03-C-10E |
| *White v. Washington Mutual, Inc. (Pre-Payment Penalty Litigation)* | 4th Jud. D. Ct. Minn., No. CT 03-1282 |
| *Acacia Media Techs. Corp. v. Cybernet Ventures Inc, (Patent Infringement Litigation)* | C.D. Cal., SACV03-1803 GLT (Anx) |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans)* | Wash. Super. Ct., No. 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding Litigation)* | Wash. Super. Ct., No. 00-2-17633-3SEA |
| *Poor v. Sprint Corp. (Fiber Optic Cable Litigation)* | Cir. Ct. Ill., Madison Co., 99-L-421 |
| *Thibodeau v. Comcast Corp.* | E.D. Pa., No. 04-CV-1777 |
| *Cazenave v. Sheriff Charles C. Foti (Strip Search Litigation)* | E.D. La., No. 00-CV-1246 |
| *National Assoc. of Police Orgs., Inc. v. Second Chance Body Armor, Inc. (Bullet Proof Vest Litigation)* | Cir. Ct. Mich. Antrim Co., 04-8018-NP |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., No. 00-6222 |
| *Yacout v. Federal Pacific Electric Co. (Circuit Breaker)* | N.J. Super. Ct., No. MID-L-2904-97 |
| *Lewis v. Bayer AG (Baycol)* | 1st Jud. Dist. Ct. Pa., No. 002353 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring Litig.* | E.D. La., MDL-1643 |
| *Stefanyshyn v. Consol. Indus. Corp. (Heat Exchanger)* | Ind. Super. Ct., No. 79 D 01-9712-CT-59 |
| *Barnett v. Wal-Mart Stores, Inc.* | Wash. Super. Ct., No. 01-2-24553-8 SEA |
| *In re Serzone Prods. Liability Litig.* | S.D. W. Va., MDL No. 1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., JCCP Nos. 4226 & 4270 |
| *In re Solutia Inc. (Bankruptcy)* | S.D. N.Y., No. 03-17949-PCB |
| *In re Lupron Marketing & Sales Practices Litig.* | D. Mass., MDL No.1430 |

| | |
|---|---|
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., No. CJ-03-714 |
| *Bowling, et al. v. Pfizer Inc. (Bjork-Shiley Convexo-Concave Heart Valve)* | S.D. Ohio, No. C-1-91-256 |
| *Thibodeaux v. Conoco Philips Co.* | D. La., No. 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., No. 2002-3860 |
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Perry v. Mastercard Int'l Inc.* | Ariz. Super. Ct., No. CV2003-007154 |
| *Brown v. Credit Suisse First Boston Corp.* | C.D. La., No. 02-13738 |
| *In re Unum Provident Corp.* | D. Tenn. No. 1:03-CV-1000 |
| *In re Ephedra Prods. Liability Litig.* | D. N.Y., MDL-1598 |
| *Chesnut v. Progressive Casualty Ins. Co.* | Ohio C.P., No. 460971 |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Cir. Ct. Ore., No. 00C15234 |
| *Luikart v. Wyeth Am. Home Prods. (Hormone Replacment)* | Cir. Ct. W. Va., No. 04-C-127 |
| *Salkin v. MasterCard Int'l Inc. (Pennsylvania)* | Pa. C.P., No. 2648 |
| *Rolnik v. AT&T Wireless Servs., Inc.* | N.J. Super. Ct., No. L-180-04 |
| *Singleton v. Hornell Brewing Co. Inc. (Arizona Ice Tea)* | Cal. Super. Ct., No. BC 288 754 |
| *Becherer v. Qwest Commc'ns Int'l, Inc.* | Cir. Ct. Ill., Clair Co., No. 02-L140 |
| *Clearview Imaging v. Progressive Consumers Ins. Co.* | Cir. Ct. Fla. Hillsborough Co., No. 03-4174 |
| *Mehl v. Canadian Pacific Railway, Ltd* | D. N.D., No. A4-02-009 |
| *Murray v. IndyMac Bank. F.S.B* | N.D. Ill., No. 04 C 7669 |
| *Gray v. New Hampshire Indemnity Co., Inc.* | Cir. Ct. Ark., No. CV-2002-952-2-3 |
| *George v. Ford Motor Co.* | M.D. Tenn., No. 3:04-0783 |
| *Allen v. Monsanto Co.* | Cir. Ct. W.Va., No. 041465 |
| *Carter v. Monsanto Co.* | Cir. Ct. W.Va., No. 00-C-300 |
| *Carnegie v. Household Int'l, Inc.* | N. D. Ill., No. 98-C-2178 |
| *Daniel v. AON Corp.* | Cir. Ct. Ill., No. 99 CH 11893 |
| *In re Royal Ahold Securities and "ERISA" Litig.* | D. Md., MDL 1539 |
| *In re Pharmaceutical Industry Average Wholesale Price Litig.* | D. Mass., MDL 1456 |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., No. 583-318 |
| *Walton v. Ford Motor Co.* | Cal. Super. Ct., No. SCVSS 126737 |
| *Hill v. State Farm Mutual Auto Ins. Co.* | Cal. Super. Ct., No. BC 194491 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa. No. 2:05-CV-04951-AB |
| *Sauro v. Murphy Oil USA, Inc.* | E.D. La., No. 05-4427 |
| *In re High Sulfur Content Gasoline Prods. Liability Litig.* | E.D. La., MDL No. 1632 |
| *Homeless Shelter Compensation Program* | City of New York |
| *Rosenberg v. Academy Collection Service, Inc.* | E.D. Pa., No. 04-CV-5585 |
| *Chapman v. Butler & Hosch, P.A.* | 2nd Jud. Cir. Fla., No. 2000-2879 |

| | |
|---|---|
| *In re Vivendi Universal, S.A. Securities Litig.* | S.D. N.Y., No. 02-CIV-5571 RJH |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., No. SU-04-CV-3637 |
| *In re: Propulsid Products Liability Litig.* | E.D. La., MDL No. 1355 |
| *Baxter v. The Attorney General of Canada (Residential School Attendees)* | Ont. Super. Ct., 00-CV-192059 CPA |
| *McNall v. Mastercard Int'l, Inc. (Currency Conversion Fees)* | 13th Tenn. Jud. Dist. Ct. Memphis |
| *Lee v. Allstate* | Cir. Ct. Ill., Kane Co., No. 03 LK 127 |
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., No. 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., No. SU-2006-CV-3764-6 |
| *Harper v. Equifax* | E.D. Pa., No. 2:04-CV-03584-TON |
| *Beasley v. Hartford Insurance Co. of the Midwest* | Cir. Ct. Ark., No. CV-2005-58-1 |
| *Springer v. Biomedical Tissue Services, LTD (Human Tissue Litig.)* | Cir. Ct. Ind. Marion Co., No.1:06-CV-00332-SEB-VSS |
| *Spence v. Microsoft Corp. (Antitrust Litig.)* | Cir. Ct. Wis. Milwaukee Co., No. 00-CV-003042 |
| *Pennington v. The Coca Cola Co. (Diet Coke)* | Cir. Ct. Mo. Jackson Co., No. 04-CV-208580 |
| *Sunderman v. Regeneration Technologies, Inc. (Human Tissue Litig.)* | S.D. Ohio, No. 1:06-CV-075-MHW |
| *Splater v. Thermal Ease Hydronic Systems, Inc.* | Wash. Super. Ct., 03-2-33553-3-SEA |
| *Peyroux v. The United States of America (New Orleans Levee Breech)* | E.D. La., No. 06-2317 |
| *Chambers v. DaimlerChrysler Corp. (Neon Head Gaskets)* | N.C. Super. Ct., No. 01:CVS-1555 |
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc. (Sienna Run Flat Tires)* | N.D. Cal., No. C-05-04289-BZ |
| *In re Bridgestone Securities Litig.* | M.D. Tenn. No. 3:01-CV-0017 |
| *In re Mutual Funds Investment Litig. (Market Timing)* | D. Md., MDL No. 1586 |
| *Accounting Outsourcing v. Verizon Wireless* | M.D. La., No. 03-CV-161 |
| *Hensley v. Computer Sciences Corp.* | Cir. Ct. Ark., No. CV-2005-59-3 |
| *Peek v. Microsoft Corporation* | Cir. Ct. Ark., No. CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Ore., No. CV-01-1529 BR |
| *Schwab v. Philip Morris USA, Inc.* | E.D. N.Y., CV-04-1945 |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Cir. Ct. Ark., No. CV-2006-409-3 |
| *In re Parmalat Securities Litig.* | S.D. N.Y., MDL No. 1653 (LAK) |
| *Beasley v. The Reliable Life Insurance Co.* | Cir. Ct. Ark., No. CV-2005-58-1 |
| *Satterfield v. Simon & Schuster* | N.D. Cal., No. C-06-2893-CW |
| *Sweeten v. American Empire Insurance Company* | Cir. Ct. Ark., No. 2007-154-3 |
| *Govt. Employees Hospital Assoc. v. Serono Int, S.A.* | D. Mass., 06-CA-10613-PBS |
| *Gunderson v. Focus Healthcare Management, Inc.* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc., et al.* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Perez v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., No. 06-00574-E |
| *Pope v. Manor Care of Carrollwood* | 13th Jud. Cir. Fla., No. 06-01451-B |
| *West v. Carfax, Inc.* | Ohio C.P., No. 04-CV-1898 (ADL) |

| | |
|---|---|
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Cir. Ct. Ark., No., CV-2007-155-3 |
| *In re Conagra Peanut Butter Products Liability Litig.* | N.D. Ga.,1:07-MDL-1845 (TWT) |
| *The People of the State of CA v. Universal Life Resources (Cal DOI v. CIGNA)* | Cal. Super. Ct., GIC838913 |
| *Burgess v. Farmers Insurance Co., Inc.* | Dist. Ct. Comanche Co., Okla., CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., No. 05-05437-RBL |
| *Perrine v. E.I. Du Pont De Nemours & Co.* | Cir. Ct. W. Va., No. 04-C-296-2 |
| *In re Alstom SA Securities Litig.* | S.D. N.Y., No. 03-CV-6595 VM |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., No. 05-CIV-21962 |
| *Hoorman v. SmithKline Beecham* | Cir. Ct. Ill., Kane Co., No. 04-L-715 |
| *Santos v. Government of Guam (Earned Income Tax Credit)* | D. Guam, No. 04-00049 |
| *Johnson v. Progressive* | Cir. Ct. Ark., No. CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *In re SCOR Holding (Switzerland) AG Litigation (Securities)* | S.D. N.Y., 04 Civ. 7897 |
| *Shoukry v. Fisher-Price, Inc. (Toy Safety)* | S.D. N.Y., 07-CV-7182 |
| *In re: Guidant Corp. Plantable Defibrillators Prod's Liab. Litig.* | D. Minn., MDL No. 05-1708 (DWF/AJB) |
| *Clark v. Pfizer, Inc (Neurontin)* | C.P. Pa. Phila. Co., No. 9709-3162 |
| *Angel v. U.S. Tire Recovery (Nitro, WV, Tire Fire)* | Cir. Ct. W. Va., No. 06-C-855 |
| *In re TJX Companies Retail Security Breach Litig.* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Cir. Ct. Ark., No. CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (long term care ins.)* | C.D. Cal., SACV06-2235-PSG |
| *Palace v. DaimlerChrysler (defective Neon head gaskets)* | Cir. Ct. Ill., Cook Co., No. 01-CH-13168 |
| *Beringer v. Certegy Check Services, Inc. (stolen financial data)* | M.D. Fla., No. 8:07-cv-1657_T-23TGW |
| *Lockwood v. Certegy Check Services, Inc. (stolen financial data)* | M.D. Fla., No. 8:07-cv-1434-T-23TGW |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., No. DV-03-220 |
| *Gunderson v. AIG Claim Services, Inc.* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Jones v. Dominion Resources Services, Inc.* | S.D. W. Va., No. 2:06-cv-00671 |
| *Gunderson v. Walmart* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *In re Trans Union Corp. Privacy Litig.* | N.D. Ill., MDL No. 1350 |
| *Gudo v. The Administrator of the Tulane Ed. Fund* | La. Civ. Dist. Ct., 2007-C-1959 |
| *Guidry v. American Public Life Insurance Co.* | 14th Jud. D. Ct. La., No. 2008-3465 |
| *McGee v. Continental Tire North America* | D. N.J., No. 2:06-CV-06234 (GEB) |
| *Kerosene Recall Notification* | PA |
| *Sims v. Rosedale Cemetery Co.* | Cir. Ct. W. Va. Berkeley Co., No. 03-C-506 |
| *Gunderson v. F.A. Richard & Assocs., Inc. (Amerisafe)* | 14th Jud. D. Ct. La., No. 2004-002417 |
| *In Re Katrina Canal Breaches Consolidated Litig.* | E.D. La., 05-4182 |

# Exhibit 2

LEGAL NOTICE

# If you were affected by flooding from Hurricanes Katrina and/or Rita, you may be included in a proposed class action settlement.

A partial settlement has been reached in a class action lawsuit about the alleged failures and/or overtopping (water goes over the lowest point) of levees and other flood and water control structures during Hurricanes Katrina and Rita. The Settling Defendants include: the Orleans Levee District; the Board of Commissioners of the Orleans Levee District; the Lake Borgne Basin Levee District; the Board of Commissioners of the Lake Borgne Basin Levee District; the East Jefferson Levee District; the Board of Commissioners of the East Jefferson Levee District; their insurer; and all related people.

If you're included, you may object to the settlement, but **you cannot exclude yourself** from the settlement. The U.S. District Court for the Eastern District of Louisiana authorized this notice, and will have a hearing to review objections and to decide whether to approve the settlement. Get a detailed notice at www.LeveeBreachClass.com or by calling 1-888-287-5893.

## WHO'S INCLUDED?

The proposed Settlement Class includes anyone who (a) at the time of Hurricane Katrina and/or Rita: (1) lived or was located in the Parishes of **Jefferson**, **Orleans**, **Plaquemines**, or **St. Bernard**, Louisiana ("Hurricane Affected Geographic Area"); **or** (2) owned, leased, possessed, used or had an interest in any homes, businesses or other property in the Hurricane Affected Geographic Area; **and** (b) have any losses, damages, and/or injuries from Hurricane Katrina and/or Hurricane Rita that were a result of any alleged levee failure and/or waters that originated from or that came over, under or through the levee that was under the authority or control of the Settling Defendants.

The proposed Settlement Class has been divided into separate Subclasses. You may be included in more than one Subclass. The Subclasses include anyone who has or may have claims against:

- **Subclass 1** - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and/or their insurer;
- **Subclass 2** - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and/or their insurer; and
- **Subclass 3** - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and/or their insurer.

## WHAT'S THIS ABOUT?

The lawsuit alleges levees and other flood and water control structures failed and/or were overtopped as a result of Hurricanes Katrina and Rita because they were not properly de-signed, inspected, or maintained, and that these failures caused property loss, property damage, and personal injury. The Settling Defendants say that the levees failed for reasons beyond their control and that they did not do anything wrong.

## WHAT DOES THE SETTLEMENT PROVIDE?

A settlement fund that includes all insurance money available to the Settling Defendants will be established in the amount of $20,839,115 (plus any additional interest) for the benefit of the Settlement Class, as well as to cover costs, and expenses. The settlement fund (plus any additional interest) will be divided among the Subclasses as follows: Subclass 1 - $2,371,467; Subclass 2 - $5,924,284; and Subclass 3 - $12,543,363. Please note that, under law, the Settlement Class can get no additional money or property in this settlement because the Settling Defendants are governmental bodies.

If the settlement receives final Court approval, an independent "Special Master" appointed by the Court will recommend how to administer the settlement fund for the benefit of the Settlement Class. The Court may request that a second notice be issued to Settlement Class members explaining how the settlement fund will be used or administered.

## WHAT ARE YOUR OTHER RIGHTS?

The Court will hold hearings in this case, known as *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, on **April 2, 2009**, to consider whether the proposed Settlement Class should be approved (or certified), and if so, whether the settlement is fair, reasonable, and adequate. The lawyers representing the Settlement Class will not request fees from the settlement fund, but they may ask the Court for reimbursement of their costs and expenses. You or your own lawyer may ask to appear and speak at the hearings at your own cost, but you don't have to.

If the Court grants final approval to the settlement you will be bound by it and you will not be able to sue, or continue to sue, the Settling Defendants, as well as the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, the Southeast Louisiana Flood Protection Authority-East, their insurers, and all related people about the legal claims in this case ever again. However, you may continue with any claims you have against the U.S. Army Corps of Engineers, the State of Louisiana, Washington Group International, Inc., and anyone not related to the Settling Defendants. If you disagree with the approval (or certification) of the Settlement Class or the approval of the settlement you may object to it no later than **Month 00, 2009**. The detailed notice explains how to object. For more information, call or go to the website shown below.

## 1-888-287-5893          www.LeveeBreachClass.com

Notice Administrator for United States District Court
PO Box 5053
Portland, OR 97208-5053

**Legal Notice - Levee Breach Class Action Settlement.**

**If you were affected by flooding from Hurricanes Katrina and/or Rita, you may be included in a proposed class action settlement.**

LEGAL NOTICE

# If you were affected by flooding from Hurricanes Katrina and/or Rita, you may be included in a proposed class action settlement.

A partial settlement has been reached in a class action lawsuit about the alleged failures and/or overtopping (water goes over the lowest point) of levees and other flood and water control structures during Hurricanes Katrina and Rita. The Settling Defendants include: the Orleans Levee District; the Board of Commissioners of the Orleans Levee District; the Lake Borgne Basin Levee District; the Board of Commissioners of the Lake Borgne Basin Levee District; the East Jefferson Levee District; the Board of Commissioners of the East Jefferson Levee District; their insurer; and all related people.

If you're included, you may object to the settlement, but **you cannot exclude yourself** from the settlement. The U.S. District Court for the Eastern District of Louisiana authorized this notice, and will have a hearing to review objections and to decide whether to approve the settlement. Get a detailed notice at www.LeveeBreachClass.com or by calling 1-888-287-5893.

## WHO'S INCLUDED?

The proposed Settlement Class includes anyone who (a) at the time of Hurricane Katrina and/or Rita: (1) lived or was located in the Parishes of **Jefferson, Orleans, Plaquemines,** or **St. Bernard,** Louisiana ("Hurricane Affected Geographic Area"); **or** (2) owned, leased, possessed, used or had an interest in any homes, businesses or other property in the Hurricane Affected Geographic Area; **and** (b) have any losses, damages, and/or personal injuries from Hurricane Katrina and/or Hurricane Rita that were a result of any alleged levee failure and/or waters that originated from or that came over, under or through the levee that was under the authority or control of the Settling Defendants.

The proposed Settlement Class has been divided into separate Subclasses. You may be included in more than one Subclass. The Subclasses include anyone who has or may have claims against:

• **Subclass 1** - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and/or their insurer;

• **Subclass 2** - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and/or their insurer; and

• **Subclass 3** - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and/or their insurer.

## WHAT'S THIS ABOUT?

The lawsuit alleges levees and other flood and water control structures failed and/or were overtopped as a result of Hurricanes Katrina and Rita because they were not properly designed, inspected, or maintained, and that these failures caused property loss, property damage, and personal injury. The Settling Defendants say that the levees failed for reasons beyond their control and that they did not do anything wrong.

## WHAT DOES THE SETTLEMENT PROVIDE?

A settlement fund that includes all insurance money available to the Settling Defendants will be established in the amount of $20,839,115 (plus any additional interest) for the benefit of the Settlement Class, as well as to cover costs, and expenses. The settlement fund (plus any additional interest) will be divided among the Subclasses as follows: Subclass 1 - $2,371,467; Subclass 2 - $5,924,284; and Subclass 3 - $12,543,363.

If the settlement receives final Court approval, an independent "Special Master" appointed by the Court will recommend how to administer the settlement fund for the benefit of the Settlement Class. The Court may request that a second notice be issued to Settlement Class members explaining how the settlement fund will be used or administered.

## WHAT ARE YOUR OTHER RIGHTS?

The Court will hold hearings in this case, known as *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, on **April 2, 2009**, to consider whether the proposed Settlement Class should be approved (or certified), and if so, whether the settlement is fair, reasonable, and adequate. The lawyers representing the Settlement Class will not request fees from the settlement fund, but they may ask the Court for reimbursement of their costs and expenses. You or your own lawyer may ask to appear and speak at the hearings at your own cost, but you don't have to.

If the Court grants final approval to the settlement you will be bound by it and you will not be able to sue, or continue to sue, the Settling Defendants, as well as the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, the Southeast Louisiana Flood Protection Authority-East, their insurers, and all related people about the legal claims in this case ever again. However, you may continue with any claims you have against the U.S. Army Corps of Engineers, the State of Louisiana, Washington Group International, Inc., and anyone not related to the Settling Defendants. If you disagree with the approval (or certification) of the Settlement Class or the approval of the settlement you may object to it no later than **Month 00, 2009**. The detailed notice explains how to object. For more information, call or go to the website shown below.

**1-888-287-5893          www.LeveeBreachClass.com**

<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA</u>

# If you were affected by flooding from Hurricanes Katrina and/or Rita, you may be included in a proposed class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A partial settlement has been reached in a class action lawsuit about the alleged failures and/or overtopping (water goes over the lowest point) of levees and other flood and water control structures during Hurricanes Katrina and Rita.

- You may be included in the proposed Settlement Class if you lived, owned property, or were present within the Parishes of **Jefferson**, **Orleans**, **Plaquemines**, and **St. Bernard**, Louisiana ("Hurricane Geographic Affected Area") during and immediately after Hurricanes Katrina and/or Rita.

- Under the settlement, a fund will be established in the amount of $20,839,115 (plus any additional interest) for the benefit of the Settlement Class, as well as to cover costs and expenses.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **OBJECT** | Write to the Court about why you don't agree that the Settlement Class should be approved (or certified) and/or why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about an objection. |
| **DO NOTHING** | Give up any rights you have to object. |

- **Anyone included in the settlement does not have the right to get out of or be excluded from the settlement.**

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve or certify the Settlement Class and if so, whether to approve the settlement. If it does, and after any appeals are resolved, the Court will determine how the settlement fund should be used for the benefit of the Settlement Class.

**QUESTIONS? CALL 1-888-287-5893 TOLL FREE, OR VISIT <u>WWW.LEVEEBREACHCLASS.COM</u>**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................**PAGE 3**
1. Why was this notice issued?
2. What is this lawsuit about?
3. What is the Hurricane Affected Geographic Area?
4. What is considered a levee?
5. Why is this a class action?
6. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ....................................................................................**PAGE 4**
7. How do I know if I am part of the settlement?
8. When did Hurricanes Katrina and Rita hit Louisiana?
9. What is a levee failure?
10. I'm still not sure I'm included.

**THE SETTLEMENT** ......................................................................................................**PAGE 5**
11. What does the settlement provide?
12. When would benefits be available?
13. Who will oversee the settlement fund?
14. What am I giving up?

**THE LAWYERS REPRESENTING YOU** .........................................................................**PAGE 6**
15. Do I have a lawyer in this case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................**PAGE 7**
17. How do I object?

**THE COURT'S HEARINGS** ..........................................................................................**PAGE 7**
18. When and where will the Court decide whether to approve the settlement?
19. Do I have to come to the hearings?
20. May I speak at the hearings?

**IF YOU DO NOTHING** ..................................................................................................**PAGE 8**
21. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................................**PAGE 8**
22. How do I get more information?

# BASIC INFORMATION

## 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed partial settlement of this class action, and about all of your options, before the Court decides whether to allow the Settlement Class to be approved (or certified) and if so, whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

Judge Stanwood R. Duval, Jr. in the United States District Court for the Eastern District of Louisiana is overseeing this class action. The case is known as *In Re: Katrina Canal Breaches Consolidated Litigation*, case number 05-4182. The people who sued are called the "Plaintiffs," and the Orleans Levee District, the Board of Commissioners of the Orleans Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the East Jefferson Levee District, the Board of Commissioners of the East Jefferson Levee District, their insurance company, St. Paul Fire and Marine Insurance Company ("insurer"), and all related people are called the "Settling Defendants."

## 2. What is this lawsuit about?

The lawsuit alleges levees and other flood and water control structures failed and/or were overtopped as a result of Hurricanes Katrina and Rita because they were not properly designed, inspected, or maintained, and that this failure caused property loss, property damage, and personal injury. The Settling Defendants say that the levees failed for reasons beyond their control and that they did not do anything wrong.

## 3. What is the Hurricane Affected Geographic Area?

This includes the entire area located within the Parishes of Jefferson, Orleans, Plaquemines and St. Bernard, Louisiana, together with any body of water that is adjacent to or within all or any part of these Parishes.

## 4. What is considered a levee?

This term includes levees, embankments, seawalls, jetties, breakwaters, water-basins, floodwalls, floodgates, gates, outfall canals, drainage canals, berms, spoil banks, and other works related to such projects, and/or any other flood or water control structure(s) whether man-made or natural.

## 5. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. All of these people are a "Settlement Class" or "Settlement Class members." One court resolves the issues for all Settlement Class members. At this point in time the Class Representatives include: Kenneth & Jeannine Armstrong of Chalmette, Louisiana (Subclass 1), Thurman R. Kaiser of Metairie, Louisiana (Subclass 2) and Donna Augustine of New Orleans, Louisiana (Subclass 3).

## 6. Why is there a settlement?

The Court did not decide in favor of the Settlement Class or the Settling Defendants. Instead, both sides agreed to settle. That way, all of the insurance money (plus any interest) available to the Settling

Defendants will be made available for the benefit of the Settlement Class (see Question 11) and the Settling Defendants avoid the cost of a trial. The Class Representatives and their attorneys think the settlement is best for all Settlement Class members. The settlement does not mean that the Settling Defendants did anything wrong.

# WHO IS IN THE SETTLEMENT

## 7. How do I know if I am part of the settlement?

If you are not sure whether you are part of the settlement, the series of questions listed below will help you see if you qualify for Settlement Class membership.

| Question | Yes | No |
|---|---|---|
| Did you live in the Hurricane Affected Geographic Area during and immediately after Hurricane Katrina or Hurricane Rita? | Continue if you answer "Yes" to any of these questions. | If you answered "No" to all of these questions you are not a Settlement Class member. |
| Were you visiting or present in the Hurricane Affected Geographic Area during Hurricane Katrina or Hurricane Rita? | | |
| Did you own, lease (rent) or posses any home, business or other property in the Hurricane Affected Geographic Area during Hurricane Katrina or Hurricane Rita? | | |
| Did you use or otherwise have an interest in any home, business or other property in the Hurricane Affected Geographic Area during Hurricane Katrina or Hurricane Rita? | | |
| Do you have any losses, damages, and/or injuries from Hurricane Katrina and/or Hurricane Rita that were a result of any alleged levee failures and/or waters that originated from or that came over, under or through the levee that was under the authority or control of the Settling Defendants? | You are probably a Settlement Class member. | You are not a Settlement Class member. |

For purposes of this settlement, the Settlement Class has been divided into three separate Subclasses. Those affected may be included in one or more Subclass. The Subclasses include anyone who has or may have claims against:

**Subclass 1** - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and/or their insurer;

**Subclass 2** - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and/or their insurer; and

**Subclass 3** - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and/or their insurer.

## 8.  When did Hurricanes Katrina and Rita hit Louisiana?

Hurricane Katrina made landfall in Louisiana on or around August 29, 2005 and Hurricane Rita made landfall on or around September 24, 2005.

## 9.  What is a levee failure?

A levee failure means an actual or alleged breaching, overtopping, seepage, collapse, undermining, weakening or any other alleged failure of levees.  *See* Section II (37) of the settlement agreement, available at www.LeveeBreachClass.com, for more information.

## 10.  I'm still not sure I'm included.

Call 1-888-287-5893 if you are not sure whether you are included in the Settlement Class.

# THE SETTLEMENT

## 11.  What does the settlement provide?

A settlement fund will be established in the amount of $20,839,115 (plus any additional interest) for the benefit of the Settlement Class, as well as to cover costs and expenses.  Under the settlement, the Court will confirm that this settlement fund represents all insurance money available to the Settling Defendants.  Please note that, under law, the Settlement Class can get no additional money or property in this settlement because the Settling Defendants are governmental bodies.

The portion of the settlement fund that will be given to each Subclass is provided below:

**Subclass 1 (Lake Borgne)** – approximately $2,371,467 plus any additional interest.

**Subclass 2 (East Jefferson)** – approximately $5,924,284 plus any additional interest.

**Subclass 3 (Orleans)** – approximately $12,543,363 plus any additional interest.

The Settlement Agreement, available at the website, describes all of the details about the proposed settlement.  The Settlement Agreement may, with approval of the Court, be modified by written agreement by the lawyers for the Settling Defendants and the lawyers representing the Settlement Class without giving any additional notice, provided that any modifications are not materially adverse or substantially unfavorable to the Settlement Class.

## 12.  When would benefits be available?

No decision on benefits will be made until after the Court decides whether to approve the settlement.  If Judge Duval decides to approve the settlement, appeals may be made to other courts.  It is always uncertain how these issues will be resolved, and resolving them can take time.  Please be patient.  If Judge Duval approves the settlement, and it becomes final, he may request that a second notice be issued to Settlement Class members explaining how the settlement fund will be used or administered.  Please check the website or call the toll-free number to be kept informed of Judge Duval's decision.

## 13. Who will oversee the settlement fund?

An independent "Special Master" appointed by the Court will oversee the settlement fund.  If the Court approves the settlement, the Special Master will recommend to the Court how to administer the settlement fund for the benefit of the Settlement Class (see the section on "The Court's Hearings" below).

## 14. What am I giving up?

Settlement Class members do not have the right to get out of or be excluded from the settlement.  This means that if the Court grants final approval you will be bound by the settlement and you will not be able to sue, or continue to sue, the Settling Defendants, as well as the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, the Southeast Louisiana Flood Protection Authority-East, and their insurers, and all related people ("Released Parties").  This means that all of the Court's orders will apply to you and legally bind you and you will "release" the Released Parties as described in Sections II (54) and IV of the Settlement Agreement.  **Please note that the settlement does not release any claims you may have against the U.S. Army Corps of Engineers, the State of Louisiana, Washington Group International, Inc., and others not related to the Settling Defendants.**

A complete copy of the Settlement Agreement can be obtained at www.LeveeBreachClass.com.  The Settlement Agreement specifically describes the released claims in necessarily accurate legal terminology.  Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the released claims or what they mean.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in this case?

The Court appointed Joseph M. Bruno of The Law Offices of Joseph M. Bruno of New Orleans, Louisiana; James P. Roy of Domengeaux Wright Roy and Edwards of Lafayette, Louisiana; and Gerald E. Meunier of Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C., of New Orleans, Louisiana to represent you and other Settlement Class members as "Class Counsel."  You do not have to pay Class Counsel.  If you want to be represented by your own lawyer and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 16. How will the lawyers be paid?

Class Counsel will not request any attorneys' fees from the settlement fund.  However, Class Counsel may ask the Court for reimbursement of their costs and expenses out of the settlement fund.  Other counsel for Settlement Class members may also request costs and expenses.  Requests for costs and expenses will be made after the settlement is granted final approval by the Court.  The Court may award more or less than the actual costs and expenses.

# OBJECTING TO THE SETTLEMENT

## 17. How do I object?

You can comment on whether the proposed Settlement Class (as defined in Question 7) should be approved (or certified) by the Court. You may also comment if you don't like some part of settlement. The Court will consider your views. To do so, you must send in a written objection in the case in *In Re: Katrina Canal Breaches Consolidated Litigation,* case number 05-4182. Be sure to include the name of the case, the case number, your full name, address, email address, telephone number, your signature, and the specific reasons why you object to the settlement, and any legal support or evidence that supports your objection that you wish to bring to the Court's attention. You must mail your objection to the three addresses listed below so that it is received no later than **Month 00, 2009**.

| COURT | CLASS COUNSEL | ST. PAUL'S COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court for<br>  the Eastern District of Louisiana<br>C151 Hale Boggs Federal Building<br>500 Poydras St.<br>New Orleans, LA 70130 | Joseph M. Bruno<br>Law Offices of Joseph M. Bruno<br>855 Baronne Street<br>New Orleans, LA 70113 | S. Ault Hootsell III<br>Phelps Dunbar LLP<br>Canal Place<br>365 Canal St., Suite 2000<br>New Orleans, LA 70130 |

If you would like to speak in Court about your objection you will need to file an "Notice of Intent to Appear" (*see* Question 20).

# THE COURT'S HEARINGS

## 18. When and where will the Court decide whether to approve the settlement?

The Court has scheduled hearings that will start at _:__ _.m. on **April 2, 2009**, at the Courthouse for the United States District Court for the Eastern District of Louisiana, Division K, Hale Boggs Federal Building, 500 Poydras Street, New Orleans, Louisiana, 70130. The hearings may be moved to a different date or time without additional notice, so it is a good idea to check www.LeveeBreachClass.com. At these hearings, the Court will consider whether the proposed Settlement Class should be approved (or certified) by the Court, and if so, whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. At or after these hearings, the Court will decide whether to approve the settlement. We do not know how long this decision will take.

## 19. Do I have to come to the hearings?

No. Class Counsel will answer any questions that Judge Duval may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 20. May I speak at the hearings?

To ask to speak at the hearings, you must submit a valid objection (*see* Question 17) and you or your counsel, if any, must file a "Notice of Intent to Appear" in *In Re: Katrina Canal Breaches Consolidated Litigation* (case number 05-4182). Be sure to include your name, address, telephone number, and your

signature.  Send your Notice of Intent to Appear to the three addresses listed in Question 17 so that it is received no later than **Month 00, 2009**.  Judge Duval will determine whether or not anyone will be allowed to speak at the hearings about their objection.

# IF YOU DO NOTHING

## 21.  What happens if I do nothing at all?

You have the right to do nothing.  If you do nothing, you will lose your right to object (*see* Question 17).  If the Court grants final approval to the settlement you will be bound by it and you will not be able to sue, or continue to sue, the Released Parties about the legal claims in this case ever again.

# GETTING MORE INFORMATION

## 22.  How do I get more information?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.LeveeBreachClass.com.  You may also write with questions to Levee Breach Settlement, PO Box 5053, Portland, OR 97208-5053.  Additional information is also available at the website and by calling the toll free number, 1-888-287-5893.



Levee Breach Settlement
Radio Public Service Announcement Scripts

60 second Radio PSA:

This is a Court ordered notice.  If you lived, owned property, or were located in the Parishes of Jefferson, Orleans, Plaquemines, or St. Bernard, Louisiana during or immediately after Hurricanes Katrina and/or Rita, you could be included in a class action settlement.  The settlement resolves claims involving the alleged failures or overtopping of levees and other flood and water control structures.  A settlement fund worth approximately $20.8 million will be used for the benefit of the Settlement Class.  The Court will hold hearings on April 2, 2009 to consider approval of the settlement. Objections are due by Month 00, 2009.  For more information, go to levee breach class dot com.  That's levee breach class dot com.  Or call 1-888-287-5893.  1-888-287-5893.

30 second Radio PSA:

If you lived, owned property, or were located within the Parishes of Jefferson, Orleans, Plaquemines, or St. Bernard, Louisiana during Hurricanes Katrina and/or Rita, you could be included in a class action settlement.  Objections are due by Month 00, 2009.  Call 1-888-287-5893.  That's 1-888-287-5893.

15 second Radio PSA:

If you were affected by flooding during Hurricanes Katrina and/or Rita, you could be included in a class action settlement.  Call 1-888-287-5893.

Note: Second mention of phone may be dropped if time does not permit.

*© 2008 Hilsoft Notifications*

COURT TO NOTIFY THOSE AFFECTED BY FLOODING FROM HURRICANES
KATRINA AND RITA—ABOUT A CLASS ACTION SETTLEMENT

NEW ORLEANS, LA, Month 00, 0000/ PR Newswire/ -- A notification program about a proposed partial settlement began today as ordered by Judge Stanwood R. Duval, Jr., in the United States District Court, Eastern District of Louisiana to alert those affected by flooding due to any failures or overtopping of levees that occurred within the Parishes of Jefferson, Orleans, Plaquemines and St. Bernard, Louisiana (the "Hurricane Geographic Affected Area") resulting from Hurricane Katrina and/or Hurricane Rita.

The Settling Defendants include: the Orleans Levee District, the Board of Commissioners of the Orleans Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the East Jefferson Levee District, the Board of Commissioners of the East Jefferson Levee District, their insurer, and all related people. The Released Parties include the Settling Defendants, as well as the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, the Southeast Louisiana Flood Protection Authority-East, and their insurers, and all related people.

The lawsuit alleges levees and other flood and water control structures failed and/or were overtopped as a result of Hurricanes Katrina and Rita because they were not properly designed, inspected, or maintained, and that this failure caused property loss, property damage and personal injury. The Settling Defendants say that the levees failed for reasons beyond their control and that they did not do anything wrong.

The Class includes anyone who (a) at the time of Hurricane Katrina and/or Rita: (1) lived or was located in the Parishes of Jefferson, Orleans, Plaquemines, or St. Bernard, Louisiana ("Hurricane Affected Geographic Area") or (2) owned, leased, possessed, used or had an interest in any homes, businesses or other property in the Hurricane Affected Geographic Area; and (b) had any losses, damages, and/or injuries from Hurricane Katrina and/or Hurricane Rita that were a result of any alleged levee failure and/or waters that originated from or that came over, under or through the levee that was under the authority or control of the Settling Defendants.

The Class has been divided into separate Subclasses. Those affected may be included in one or more Subclass. The Subclasses include anyone who has or may have claims against: Subclass 1 - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and/or their insurer; Subclass 2 - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and/or their insurer; and Subclass 3 - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and/or their insurer.

Under the settlement, a settlement fund worth approximately $20.8 million will be established for the benefit of the Settlement Class, as well as to cover costs and expenses. Under the settlement, the Court will confirm that this settlement fund represents all insurance money available to the Settling Defendants. Under law, the Settlement Class can

get no additional money or property in this settlement because the Settling Defendants are governmental bodies.

Notices informing Settlement Class members about their legal rights will be mailed, and are scheduled to appear in local newspapers leading up to hearings on April 2, 2009, when the Court will decide whether to approve or certify the Settlement Class and, if so, whether to grant final approval to the settlement. The hearings may be moved to a different date or time without additional notice, so it is a good idea to check www.LeveeBreachClass.com.

If the settlement is approved, then the Court will appoint an independent "Special Master" to oversee the settlement fund. The Special Master will recommend to the Court how to administer the settlement fund for the benefit of the Settlement Class. The Court may request that a second notice be issued to Settlement Class members explaining how the settlement fund will be used or administered.

The Court has appointed Joseph M. Bruno of The Law Offices of Joseph M. Bruno of New Orleans, Louisiana; James P. Roy of Domengeaux Wright Roy and Edwards of Lafayette, Louisiana; and Gerald E. Meunier of Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C., of New Orleans, Louisiana to represent the Settlement Class as "Class Counsel."

Those affected by the settlement cannot exclude themselves from the settlement, but they can object to the approval (or certification) of the Settlement Class and/or to the approval of the settlement. The deadline for objections is Month 00, 2009.

A toll-free number, 1-888-287-5893, has been established in this case (called *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182), along with a website, www.LeveeBreachClass.com, where notices, the settlement agreement, and the Court's preliminary approval order may be obtained. Those affected may also write to Levee Breach Settlement, PO Box 5053, Portland, OR 97208-5053 for more information.

# # #

/CONTACT: Press Only: Plaintiffs: TBD; Defendants: TBD.
/URL: http:// www.LeveeBreachClass.com
/SOURCE: United States District Court, Eastern District of Louisiana