UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge*    05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*    06-5342 | * | JUDGE |
| *Perry v. Ingram*    06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*    06-7516 | * | |
| *Parfait Family v. USA*    07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*    07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**MEMORANDUM IN SUPPORT OF THE RENEWED MOTION OF LAFARGE NORTH AMERICA INC. FOR RULE 37 SANCTIONS AGAINST PLAINTIFFS**

On August 8, 2008, this Court ordered all named plaintiffs who had not responded to discovery, or who had made incomplete discovery responses, to provide complete responses no later than September 5, 2008 (Rec. Doc. 14300) (Exh. 1 hereto). In keeping with the dilatory, prejudicial, and noncompliant pattern of behavior exercised by many of the plaintiffs in these consolidated actions, scores of plaintiffs still have produced no discovery whatsoever, over a

1215836-1

year after the discovery responses were originally due.  Lafarge North America Inc. ("LNA") renews its motion for the sanction of dismissal of these plaintiffs' claims under Fed. R. Civ. P. 37(b)(2)(A), based on their total failure to obey the Court's discovery order.  Dismissal is necessary and proper in light of plaintiffs' complete refusal to produce any discovery over the past year and in defiance of multiple court orders, and the resulting prejudice to LNA's ability to defend against their claims.  Dismissal of these claims is also the only way that the remaining "Barge" cases can be made "ready to be tried to judgment in July 2009," as this Court has also ordered.  Rec. Doc. 13500.

## BACKGROUND

The "Barge" track consists of six consolidated actions alleging that plaintiffs suffered damages from Hurricane Katrina which they attribute, in whole of part, to a barge that had been moored at LNA's cement terminal prior to the storm.  In Case Management Order No. 5 ("CMO #5") (Rec. Doc. 7724), this Court set a discovery schedule to govern all of the consolidated actions.  CMO #5 provided that "all written discovery (interrogatories, requests for production and requests for admissions) to other parties in these cases must be issued no later than October 12, 2007" and that responses must be provided "no later than November 30, 2007." Rec. Doc. 7724 at 7 and 8.

In accordance with CMO #5, LNA (together with Zito) propounded written discovery to the plaintiffs.  After an extension, was granted LNA received responses from a small number of plaintiffs on December 28, 2007.  Certain plaintiffs supplemented these responses on January 24-25, February 7, and February 15, 2008.  The responses and the supplemented responses were incomplete, inadequate, and did not comply with the Federal Rules of Civil Procedure.  On March 18, 2008, LNA was forced to file a motion to compel responses from the plaintiffs.

On April 29, 2008, this Court granted LNA's motion on virtually every point raised in the motion. Rec. Doc. 12824. The Court ordered plaintiffs who had not responded to discovery to produce timely and complete responses and warned that plaintiffs who failed to do so "may be subject to sanctions, possibly including dismissal of their claims ….." *Id.* at 3.

In response to that order, certain plaintiffs supplemented their discovery responses on May 27, 2008. However, these supplemented responses did not comply with the Court's order, and on June 17, 2008, LNA moved for Rule 37 Sanction against the noncompliant plaintiffs. Rec. Doc. 13557. In response to LNA's motion, this Court ordered that "all named plaintiffs who have not responded or who have made incomplete responses … must do so no later than **September 5, 2008**." Rec. Doc. 14300 (emphasis original). Despite the order, the third such deadline issued by this Court, many individuals still have not provided **any** discovery. LNA again asks this Court to follow through on its warning of sanctions, including dismissal, as to plaintiffs who for nearly a year have continued to disregard the Federal Rules of Civil Procedure and the Court's orders, making it impossible for LNA to prepare its defenses to their claims.

## ARGUMENT

A large number of named plaintiffs in the consolidated actions have failed to provide any discovery despite this Court's multiple orders over the past year mandating their responses. This defiance should result in the dismissal of their claims against the defendants, as permitted by Fed. R. Civ. P. 37(b)(2)(A)(v). It is firmly established that a district court has the authority under Rule 37(b)(2) to dismiss a complaint with prejudice when a party refuses to obey a discovery order. *Baston v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). Dismissal is authorized under Rule 37(b)(2) when the plaintiffs' failure to comply is a result of willfulness or

3

bad faith and when the deterrent value of Rule 37 cannot be achieved by less drastic measures. *Id.*; *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

Here, particular plaintiffs have refused to obey multiple discovery orders exhibiting an insolence that has lasted for nearly a year. The plaintiffs' failure to comply has been willful as evidence by counsel for one group of plaintiffs expressly refusing to provide any discovery on behalf of his clients.[1] The complete lack of response from the plaintiffs listed below after a year of repeated requests and discovery related litigation proves that lesser measures than dismissal would be futile. *Smith*, 145 F.3d at 344 (parties' repeated refusal to comply with discovery requests justify dismissal). The appropriateness of the sanction of dismissal is especially [true] considering the fact that the September 5, 2008 compliance date was the third court ordered deadline issued by this Court and wholeheartedly ignored by the plaintiffs listed below. *Butler v. Cloud*, 104 Fed. Appx. 373, 2004 WL 1491611, at *1 (5th Cir. June 25, 2004).

The individual plaintiffs for whom no documents or interrogatory answers have been provided, separated by case, are as followed:

<u>*Benoit* Plaintiffs</u>

No documents or interrogatory responses have been provided for the following plaintiffs:

- Albertine Browder
- Gaynell Browder
- Tom Browder
- Myrna Daniels, individually and as natural tutrix of Keina Daniels
- Joyce B. Matthews
- Hyman Sheppard[2]
- Michael Watts

---

[1] See Rec. Doc. 11666-2, Exhibit 11 (January 2008 email from Ashton O'Dwyer to Mark S. Raffman refusing to produce any discovery).

[2] A verification for Mr. Sheppard was produced to LNA dated February 28, 2008, but no mention of him is made in the interrogatories and no updated verification has been executed. Mr. Sheppard has also produced no documents in response to LNA's requests for production.

4

*Parfait* Plaintiffs

No documents or responses of any kind have ever been provided for any of the *Parfait* plaintiffs, numbering over one hundred, identified by name in Exhibit 2.

Although the Court stayed and closed the *Parfait* claims as a sanction for other conduct by plaintiffs' counsel (Rec. Doc. 13525), that unrelated sanction should not prevent the imposition of the sanctions requested in this motion. The Court's August 8, 2008 order clearly stated that **all** plaintiffs must provide discovery responses by September 5, 2008, and it did not make an exception for the *Parfait* plaintiffs (Rec. Doc. 14300), which LNA specifically included in its initial request for sanctions (Rec. Doc. 13557-2).

Dismissal is the appropriate sanction for the claims of the above-mentioned plaintiffs who have provided no discovery. Seven months after this Court provided a clear warning that non-compliance could result in dismissal, and four months after this Court gave the plaintiffs their third deadline to provide discovery, these plaintiffs have not provided a single document or response to LNA's discovery requests. The plaintiffs' absolute failure to comply with this Court's orders severely prejudices LNA as it works to prepare its defense because according to this Court "all 'Barge' cases must be ready to be tried to judgment in July 2009" (Rec. Doc. 13500).

## CONCLUSION

LNA respectfully asks the Court to dismiss with prejudice the claims of the individual plaintiffs identified above, based on their repeated and continuing failure to obey this Court's discovery orders, as the Court had previously warned it would do if compliance was not forthcoming.

Respectfully submitted,

/s/ Robert B. Fisher, Jr.
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 9th day of December, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Robert B. Fisher, Jr.