UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: BARGE<br>Boutte, No. 05-5531<br>Mumford, No. 05-5724<br>Lagarde, No. 06-5342<br>Perry, No. 06-6299<br>Benoit, No. 06-7516<br>Parfait Family, No. 07-3500<br>Lafarge, No. 07-5178 | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**MEMORANDUM OF THIRD-PARTY DEFENDANT, BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, IN OPPOSITION TO BARGE PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR REVISED PROPOSED SEVENTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

In response to the Barge Plaintiffs' renewed effort to amend their consolidated Class Action Complaint for a seventh time, third-party defendant, Board of Commissioners of the Port of New Orleans (the "Dock Board"), hereby reasserts and incorporates by reference the arguments contained in the Dock Board's previously-filed opposition memoranda to the Barge Plaintiffs' earlier attempt to amend their Class Action Complaint. See, Memorandum of Third-Party Defendant, Board of Commissioners of the Port of New Orleans, in Opposition to Motion for Leave to File

Barge Plaintiffs' Seventh Amended Consolidated Class Action Complaint for Damages (Rec. Doc. No. 15767)(attached as Exhibit A); Sur-Reply Memorandum of Third-Party Defendant, The Board of Commissioners of the Port of New Orleans, in Opposition to Motion for Leave to File Barge Plaintiffs' Seventh Amended Consolidated Class Action Complaint for Damages (Rec. Doc. No. 15898)(attached as Exhibit B).

Circumstances have not changed since the Barge Plaintiffs' earlier attempt at amending their Complaint. The Dock Board currently has a motion for summary judgment (Rec. Doc. 14710) pending before this Honorable Court regarding the third-party claims of defendant and third-party plaintiff, Lafarge North America, Inc. ("Lafarge"). The Dock Board's motion was based upon the allegations contained in the Barge Plaintiffs' original through sixth amended Complaints. Briefly, the basic theory underlying the Dock Board's summary-judgment motion was that because Barge Plaintiffs had alleged both admiralty and diversity jurisdiction for their claims, and because Barge Plaintiffs had also specifically requested a jury trial and failed to include any language in their various complaints that could possibly be construed as designating their claims as admiralty or maritime claims within the meaning of Rule 9(h), Lafarge's third-party impleader of the Dock Board was necessarily governed by Rule 14(a) of the Federal Rules of Civil Procedure, and not by the more expansive Rule 14(c). The motion went on to argue, among other things, that because Lafarge's third-party claims against the Dock Board were, in actuality, Rule 14(c) type claims that were not properly cognizable in an action governed by Rule 14(a), and because Lafarge had

failed to assert any claims against the Dock Board that were legally valid under Rule 14(a), Lafarge's claims against the Dock Board necessarily failed as a matter of law.

The Dock Board objected to and opposed the Barge Plaintiffs' earlier attempt to amend their Complaint because their proposed amended Complaint, for the very first time, sought to: (1) add specific references to Rule 9(h); (2) characterize their action as one for maritime tort damages; and (3) make a so-called Rule 9(h) election to proceed under this court's maritime jurisdiction. Such amendments, if allowed, would have undermined the basic theory underlying the Dock Board's pending summary-judgment motion and severely prejudiced the Dock Board. While the Barge Plaintiffs have now eliminated their earlier objectionable references to Rule 9(h), their latest proposed amended Complaint still contains language characterizing their claims as ones "for maritime tort damages," and includes other allegations, not found in their original through sixth amended complaints, that might possibly be construed as a simple statement by Barge Plaintiffs identifying their claims as admiralty or maritime claims. See, e.g., Barge Plaintiffs' Seventh Amended Consolidated Class Action Complaint for Damages at p. 1 ¶ 1; p. 23-24 ¶¶ 60-61 (Rec. Doc. No. 16572-3). If the amendments are so construed, this could ultimately have the same undermining effect as if the Barge Plaintiffs had specifically made a Rule 9(h) election to proceed in admiralty. Accordingly, the Dock Board reasserts and maintains its objection to the Barge Plaintiffs' attempted amendment of their Complaint.

Based upon the foregoing reasons, and for those reasons stated in the Dock Board's earlier opposition to the Barge Plaintiffs' previous attempt at amending their

- 3 -

Complaint, because Barge Plaintiffs' motion for leave to amend causes undue prejudice to the Dock Board by potentially jeopardizing the Dock Board's pending summary-judgment motion, it is respectfully requested that this Honorable Court once again deny the Barge Plaintiffs leave to amend their Complaint.

    Respectfully submitted,

    DAIGLE FISSE & KESSENICH, PLC

BY:   /s/ Kirk N. Aurandt
      J. FREDRICK KESSENICH (7354)
      JONATHAN H. SANDOZ (23928)
      MICHAEL W. MCMAHON (23987)
      JON A. VAN STEENIS (27122)
      KIRK N. AURANDT (25336)
      P. O. Box 5350
      Covington, Louisiana 70434-5350
      Telephone: 985/871-0800
      Facsimile: 985/871-0899
      Attorneys for Board of Commissioners
      of the Port of New Orleans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 9th day of December 2008.

    /s/ Kirk N. Aurandt
    KIRK N. AURANDT