FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 DEC -8 AM 10:26

LORETTA G. WHYTE
CLERK

# GORDON ARATA
MCCOLLAM DUPLANTIS & EAGAN LLP

Wendy Hickok Robinson
(504) 569-1651
whrobinson@gordonarata.com

201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
(504) 582-1111 · Fax (504) 582-1121
www.gordonarata.com

December 5, 2008

Ref: 4177

*Via Fax & U.S. Mail*

The Honorable Joseph C. Wilkinson, Jr.
U.S. Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re: *In re Katrina Canal Breaches Consolidated Litigation*, Case No. 05-4182 K/2
Pertains to all Insurance

Dear Judge Wilkinson:

As you requested, I am writing to follow up on the telephone conference held on November 21st with you, me, Seth Schmeeckle and Joe Bruno on the topic of possible procedures for resolving the claims of plaintiffs in the mass actions against insurers issuing lender-placed (also called "force-placed") policies.

Following our call, I informed the group of counsel representing lender-placed insurers of the Court's proposed procedure, which I outlined as follows:

Rather than having the insurers file a joint motion to dismiss (MTD) in the near term:

1. Insurer defendants would agree to provide counsel for plaintiffs—Bruno, Hall, Hurricane Legal Center, etc.—with a list of the mortgage company insureds for each of the plaintiffs they have listed in their cases.

2. On January 8, 2009 at the scheduled call docket for the Katrina insurance cases the Court would identify all claims that have not been settled and dismissed. These remaining claims would be severed and plaintiffs would be forced to re-file them as individual suits.

GAMDE-NO: 234655_3.DOC

400 East Kaliste Saloom Road, Suite 4200 · Lafayette, Louisiana 70508-8517 · (337) 237-0132 · Fax (337) 237-3451
One American Place · 301 Main Street, Suite 1600 · Baton Rouge, Louisiana 70801-1916 · (225) 381-9643 · Fax (225) 336-9763
One Riverway · 777 South Post Oak Lane, Suite 1300 · Houston, TX 77056 · (713) 333-5500  Fax (713) 333-5501

The Honorable Joseph C. Wilkinson, Jr.
December 5, 2008
Page 2

3. The court would create a new sub-group of cases called "lender-placed insurer cases." These cases would be severed and re-filed but would not be reallocated to different divisions of the court (as the rest of the new individual suits would). They would remain assigned to Judge Duval and Your Honor.

4. Plaintiffs who choose to could re-file, naming both the insurer and the mortgage company as defendants.

5. Insurers could promptly file a coordinated MTD that covers multiple suits—hopefully all in the new "lender-placed" track of cases. The court would try to resolve the motion(s) on a "brisk schedule" and would not necessarily wait on anticipated motions to dismiss from the mortgage companies.

Counsel for the lender-placed insurers understand and share the Court's desire to resolve these claims in the quickest and most efficient way possible. There are some concerns, however, about the proposed process that I have been asked to bring to the Court's attention. The primary concern is that the process requires the insurers to wait until the mortgage companies are joined in the litigation prior to filing their dispositive preliminary motion(s). Lender-placed carriers have been sued by plaintiffs without standing since the outset of the hurricane litigation. Significantly, in the hurricane umbrella litigation, Judge Duval, with the agreement of both Joe Bruno and Jim Hall, sanctioned a process by which these carriers were voluntarily dismissed from the litigation through an affidavit process, thereby avoiding motions practice altogether. While the insurers understand that Mr. Bruno now desires to engage in motions practice, and they are amenable to doing so, they are prepared to file the motion now to expedite the resolution of the pending claims as quickly and efficiently as possible.

In addition, the insurers do not believe that new claims against mortgage companies should be joined to the existing claims asserted by the plaintiffs against the insurers. More specifically, they pointed out:

- It is unclear to insurers what legal theory Mr. Bruno or other plaintiffs plan to pursue against the mortgage companies. Under one possible theory the claims would be premised upon an alleged failure of the mortgage company to fully pursue an insurance claim that might benefit the borrower. Alternatively, plaintiffs may seek to have mortgage companies forcibly joined as plaintiffs against the insurer defendants. Neither theory, however, would be successful.

  o New claims against the mortgage companies premised upon an alleged failure to fully pursue insurance would be based upon entirely different facts, contracts and legal theories than the existing claims against the insurers. Such claims would arise out of the contract between the mortgage lender and the borrower, and the facts related to the lender's conduct; it would not arise out of the plaintiffs' losses from Katrina and their potential direct claims against the insurers that are alleged in the current suits. Thus, the two different claims should not be joined in one suit.

GAMDE-NO: 234655_3.DOC

The Honorable Joseph C. Wilkinson, Jr.
December 5, 2008
Page 3

- o Additionally, an attempt to join the mortgage companies as additional plaintiffs or defendants would be prescribed, and thus futile (a standard that the court would examine for any proposed amendment under well established Fifth Circuit precedent). New claims against or by mortgage companies asserted for the first time in January 2009 should be found to be prescribed. Thus, plaintiffs' attempt to add them to the existing suits would be futile and insurers should not have to wait to file their MTD on that basis. Further, we expect plaintiffs' counsel to argue that the new claims against or by the mortgage companies somehow relate back to the timely filed claims against the insurers. Insurers are concerned that if they agree to the proposed procedure—providing names of mortgage companies and allowing those companies to be added to the suits before filing a motion to dismiss—they could be perceived to be waiving an objection to the plaintiffs' prescription argument.

- There has already been a lawsuit filed against both insurers and mortgage companies and that suit was dismissed. *Anderson et al. v. Ace Insurance, et al.*, 06-5485 was filed by Mr. Bruno on 8/26/06 and named multiple insurance companies and mortgage companies. The case was consolidated with the Katrina litigation but then deconsolidated and returned to Judge Berrigan. Several defendants, including my client Safeco, filed motions to dismiss or alternatively to sever. Judge Berrigan granted the motion to dismiss several defendants, including Safeco, on 3/7/07. The following week Mr. Bruno filed a motion to voluntarily dismiss without prejudice all remaining defendants. Thus, Mr. Bruno has already had an opportunity to pursue this joint suit approach and chose to abandon that approach.

- As the Court is aware, the insurers' main argument in its MTD is that plaintiffs do not have standing to pursue a claim against the lender-placed insurers; the policies at issue insure the mortgage companies, not the individual borrowers. Therefore, insurers are worried that when plaintiffs file new claims against the mortgage companies, those companies will file cross-claims against the insurers. This will create an additional level of work, argument and delay before insurers are able to get out of these suits.

- Finally, as a practical matter, the insurers, who issued insurance policies to lenders effective at the time of the hurricanes, likely cannot be certain which lenders remain the holders of the mortgage interests/loans today. Many loans have been transferred by lenders since the hurricanes. Therefore, any list of lenders from the insurers matched with plaintiffs would require verification by plaintiffs' counsel prior to the filing of any claims against the lenders. Given that the plaintiffs are in the best position to know the identity of their lenders (i.e., the current holders of their loans), the most efficient process would have plaintiffs' counsel working with their clients to ascertain the desired information, instead of requiring the insurers to undertake the potentially time-consuming task of identifying what will be in some instances the wrong lender.

GAMDE-NO: 234655_3.DOC

The Honorable Joseph C. Wilkinson, Jr.
December 5, 2008
Page 4

For these reasons, the lender-placed insurers would prefer to return to the original plan, under which they would file a coordinated motion to dismiss all of these insurers from all of the mass tort suits in the next couple of weeks.

Earlier today undersigned sent a draft of this letter (as written above) to Mr. Schmeeckle and Mr. Bruno. During a subsequent discussion with Mr. Bruno, he stated that he disagrees with the arguments herein and **Mr. Bruno makes the following responsive points:**

- He has no intention to attempt to join the mortgage companies as plaintiffs; rather he will assert claims under the mortgage agreements seeking to enforce the mortgage companies' obligations to the borrowers.
- He believes the prescriptive period for a claim under a mortgage agreement to be 10 years.
- He does not plan to argue that suit against the mortgage companies is based upon timely suit against the insurers, nor does he believe that acceptance of the court's proposed plan would constitute any kind of waiver of any prescription arguments.
- If the insurers provide him with the name of the mortgage company to whom the initial policy was issued, he will do whatever work necessary to find out if the mortgage loan was subsequently transferred to another lender.
- He is prepared to start severing and refilling individual suits immediately upon receipt of the names of the mortgage companies, on a rolling basis—he will not wait until January 8, 2009.

I believe that it would be helpful to have another brief telephone conference to discuss these matters at the Court's convenience. We look forward to hearing from you as to how the Court would like to proceed.

Sincerely,

Wendy Hickok Robinson

WHR/sm

cc: Seth A. Schmeeckle
    Joseph M. Bruno
    Counsel for lender-placed insurance carriers

GAMDE-NO 234655_3 DOC