Case 2:05-cv-04182-SRD-JCW   Document 16675-1   Filed 12/10/08   Page 1 of 8

§ **433 A.** Apportionment of Harm to Causes

(1) Damages for harm are to be apportioned among two or more causes where

    (a) there are distinct harms, or

    (b) there is a reasonable basis for determining the contribution of each cause to a single harm.

(2) Damages for any other harm cannot be apportioned among two or more causes.

See Reporter's Notes.

**Comment:**

    *a.* The rules stated in this Section apply whenever two or more causes have combined to bring about harm to the plaintiff, and each has been a substantial factor in producing the harm, as stated in §§ 431 and 433. They apply where each of the causes in question consists of the tortious conduct of a person; and it is immaterial whether all or any of such persons are joined as defendants in the particular action. The rules stated apply also where one or more of the contributing causes is an innocent one, as where the negligence of a defendant combines with the innocent conduct of another person, or with the operation

of a force of nature, or with a pre-existing condition which the defendant has not caused, to bring about the harm to the plaintiff. The rules stated apply also where one of the causes in question is the conduct of the plaintiff himself, whether it be negligent or innocent.

**Comment on Subsection (1):**

 *b. Distinct harms.* There are other results which, by their nature, are more capable of apportionment. If two defendants independently shoot the plaintiff at the same time, and one wounds him in the arm and the other in the leg, the ultimate result may be a badly damaged plaintiff in the hospital, but it is still possible, as a logical, reasonable, and practical matter, to regard the two wounds as separate injuries, and as distinct wrongs. The mere coincidence in time does not make the two wounds a single harm, or the conduct of the two defendants one tort. There may be difficulty in the apportionment of some elements of damages, such as the pain and suffering resulting from the two wounds, or the medical expenses, but this does not mean that one defendant must be liable for the distinct harm inflicted by the other. It is possible to make a rough estimate which will fairly apportion such subsidiary elements of damages.

 *c. Successive injuries.* The harm inflicted may be conveniently severable in point of time. Thus if two defendants, independently operating the same plant, pollute a stream over successive periods, it is clear that each has caused a separate amount of harm, limited in time, and that neither has any responsibility for the harm caused by the other.

 It should be noted that there are situations in which the earlier wrongdoer may be liable for the entire damage, while the later one will not. Thus an original tortfeasor may be liable not only for the harm which he has himself inflicted, but also for the additional damages resulting from the negligent treatment of the injury by a physician. (See § 457.) The physician, on the other hand, has played no part in causing the original injury, and will be liable only for the additional harm caused by his own negligence in treatment. There may be many other cases in which the original wrongdoer is liable for the additional harm caused by the intervening negligence of the later one, while the latter is liable only for what he has himself caused.

---

See Appendix for Reporter's Notes, Court Citations, and Cross References

**Illustrations:**

1. A slips on the negligently maintained platform of the B Railroad, and falls and breaks his right leg. A month later, while A is still on crutches, he is riding on the bus of C Company. The bus is negligently operated and collides with another vehicle, and A is thrown to the floor and his left leg is broken. B Company and C Company are each subject to several liability for the damages resulting from the fracture of one leg only.

2. An automobile negligently driven by A strikes B, fractures his skull, and leaves him lying unconscious in the highway. Shortly afterward an automobile negligently driven by C runs over B and breaks his leg. A is subject to liability to B for the damages resulting from both fractures, but C is subject to liability only for the damages resulting from the broken leg.

*d. Divisible harm.* There are other kinds of harm which, while not so clearly marked out as severable into distinct parts, are still capable of division upon a reasonable and rational basis, and of fair apportionment among the causes responsible. Thus where the cattle of two or more owners trespass upon the plaintiff's land and destroy his crop, the aggregate harm is a lost crop, but it may nevertheless be apportioned among the owners of the cattle, on the basis of the number owned by each, and the reasonable assumption that the respective harm done is proportionate to that number. Where such apportionment can be made without injustice to any of the parties, the court may require it to be made.

Such apportionment is commonly made in cases of private nuisance, where the pollution of a stream, or flooding, or smoke or dust or noise, from different sources, has interfered with the plaintiff's use or enjoyment of his land. Thus where two or more factories independently pollute a stream, the interference with the plaintiff's use of the water may be treated as divisible in terms of degree, and may be apportioned among the owners of the factories, on the basis of evidence of the respective quantities of pollution discharged into the stream.

**Illustrations:**

3. Five dogs owned by A and B enter C's farm and kill ten of C's sheep. There is evidence that three of the dogs are owned by A and two by B, and that all of the dogs

are of the same general size and ferocity. On the basis of this evidence, A may be held liable for the death of six of the sheep, and B liable for the death of four.

    4. Through the negligence of A, B, and C, water escapes from irrigation ditches on their land, and floods a part of D's farm. There is evidence that 50 per cent of the water came from A's ditch, 30 per cent from B's and 20 per cent from C's. On the basis of this evidence, A may be held liable for 50 per cent of the damages to C's farm, B liable for 30 per cent, and C liable for 20 per cent.

    5. Oil is negligently discharged from two factories, owned by A and B, onto the surface of a stream. As a result C, a lower riparian owner, is deprived of the use of the water for his own industrial purposes. There is evidence that 70 per cent of the oil has come from A's factory, and 30 per cent from B's. On the basis of this evidence, A may be held liable for 70 per cent of C's damages, and B liable for 30 per cent. Contrast Illustrations 14 and 15.

    *e. Innocent causes.* The same kind of apportionment may be made where a part of the harm can fairly be assigned to an innocent cause, as where the defendant's dam or embankment combines with an unprecedented and unforeseeable rainfall to flood the plaintiff's land, and it is clear that a part of the flood would have resulted in any event from the rainfall alone. Apportionment may also be made where a part of the harm caused would clearly have resulted from the innocent conduct of the defendant himself, and the extent of the harm has been aggravated by his tortious conduct. There may also be apportionment between harm which results from a pre-existing condition, for which the defendant is no way responsible, and the further harm which his tortious conduct has caused.

**Illustrations:**

    6. The same facts as in Illustration 4, except that the escape of 20 per cent of the water from C's ditch is not caused by C's negligence, but by a sudden rainfall or other innocent cause for which C is not responsible. A may be held liable for 50 per cent of the damages, and B liable for 30 per cent.

    7. Smoke from A Railroad's roundhouse interferes with B's use and enjoyment of his dwelling. There is evidence that a reasonable operation of the roundhouse, for

which A Company would not be liable, would have caused one-third of the smoke and interference, and that the remaining two-thirds results from A Company's failure to take proper precautions. On the basis of this evidence, A Company may be held liable for two-thirds of the damages to B.

   8. A suffers from arthritis in his arm, as a result of which he has a 50 per cent disability in the use of the arm. He is struck by an automobile negligently driven by B, and the injury aggravates the arthritis so that he loses the use of the arm entirely. B may be held liable for 50 per cent of the disability.

*f. Contributory negligence.* There are also cases where apportionment may be made between the plaintiff and the defendant when the plaintiff himself is at fault. This is true, for example, where the plaintiff has contributed to the pollution of a stream, or some other nuisance, along with one or more defendants. The damages rule as to avoidable consequences, stated in § 918, which denies recovery for the aggravation of personal injuries or other harm resulting from the plaintiff's failure to use due care to avoid it after the commission of the tort, frequently requires such apportionment, and is merely an application of the rule stated here. The apportionment is also possible in cases of the last clear chance, as where the plaintiff is struck and injured because of his own negligence, and after he is helpless the injury is aggravated, as for example by the defendant's negligent failure to remove his vehicle from the plaintiff's body.

**Illustrations:**

   9. Through the negligence of A, B, and C, water escapes from irrigation ditches on their land, and floods a part of C's farm. There is evidence that 50 per cent of the water came from A's ditch, 30 per cent from B's ditch, and 20 per cent from C's. On the basis of this evidence, A may be held liable for 50 per cent of the damages to C's farm, and B liable for 30 per cent.

   10. A negligently scratches B's arm with a nail. The wound becomes infected, and B negligently fails to consult a physician until the infection has seriously damaged the arm. A is not liable for the aggravation of the harm caused by B's negligence.

   11. A, who is negligently walking on the track of B Railroad, is struck by a negligently operated train, and his

leg is injured. Knowing that A has been hit, the employees of B Company fail to use proper care to stop the train and extricate A, and as a result the injury to his leg is aggravated. Although B Railroad is not liable for A's original injury, it is subject to liability for the further damages resulting from the aggravation.

g. *Burden of proof.* As to the burden of proof, and the effect of failure to produce evidence justifying the apportionment, see § 433 B.

h. *Exceptional cases.* The rule stated in Clause (b) of Subsection (1) is one normally applicable to cases in which a reasonable basis can be found for the division of a single harm according to the contribution of each cause. Exceptional cases may, however, arise in which injustice to the plaintiff may result from an application of the rule. It may, for example, appear that one of two tortfeasors is so hopelessly insolvent that the plaintiff will never be able to collect from him the share of the damages allocated to him; or, in a jurisdiction in which actions for the particular tort do not survive the death of the defendant, he may have died after the infliction of the harm, but before suit has been instituted. In such cases the application of the rule stated in Clause (b) would mean that the innocent plaintiff would be forced to bear the share of the loss due to the defendant from whom he could not collect the damages, and the liability of the other tortfeasor would be reduced accordingly. Nothing in this Section, or in the Comments, is intended to say that the court may not, in a case where justice requires it, refuse to apply the rule stated in Clause (b).

**Comment on Subsection (2):**

i. Certain kinds of harm, by their very nature, are normally incapable of any logical, reasonable, or practical division. Death is that kind of harm, since it is impossible, except upon a purely arbitrary basis for the purpose of accomplishing the result, to say that one man has caused half of it and another the rest. The same is true of a broken leg, or any single wound, or the destruction of a house by fire, or the sinking of a barge. Such harms can be apportioned, if it all, only upon the basis of a prior reduction in value of what has been destroyed. By far the greater number of personal injuries, and of harms to tangible property, are thus normally single and indivisible.

See Appendix for Reporter's Notes, Court Citations, and Cross References

§ 433 A      TORTS, SECOND      Ch. 16

Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm. The typical case is that of two negligently driven vehicles which collide and kill a bystander. The two drivers have not acted in concert, and the duties which they owe are separate and distinct, and may not be identical in character or scope; but the entire liability of each rests upon the obvious fact that each has caused the single result, and that no rational basis for division can be found.

Such entire liability is imposed where some of the causes are innocent, as where a fire set by the defendant is carried by a wind to burn the plaintiff's house; and it is imposed equally where two or more of the causes are culpable. It is imposed where either cause would have been sufficient in itself to bring about the result, as in the case of merging fires which burn a building. (See § 432 (2).) It is imposed also where both are essential to the harm, as in the case of the vehicle collision suggested above.

It is not necessary that the misconduct of two or more tortfeasors be simultaneous. One defendant may create a situation upon which the other may act later to cause the harm. One may leave combustible material, and the other set it afire; one may leave a hole in the street, and the other drive into it. Whether there is liability in such a case may depend upon the effect of the intervening agency as a superseding cause (see Title C of this Chapter); but if the defendant is liable at all, he is liable for the entire indivisible harm which he has caused.

**Illustrations:**

    12. Two automobiles, driven independently and negligently by A and B, collide. A's automobile is thrown against C, a bystander, breaking C's leg. C may recover a judgment for the full amount of his damages against A or B, or both of them.

    13. The motorman of the A Company's street car negligently drives it onto the tracks of the B Railroad in the path of an approaching train. B Company's crossing guard negligently lowers the crossing gates, shutting in the street car. C, a passenger, becomes frightened, and in seeking to

escape negligently knocks down D, another passenger, breaking D's arm. D may recover a judgment for the full amount of his damages against A Company, or B Company, or C, or any two of them, or all of them.

14. A Company and B Company each negligently discharge oil into a stream. The oil floats on the surface and is ignited by a spark from an unknown source. The fire spreads to C's barn, and burns it down. C may recover a judgment for the full amount of his damages against A Company, or B Company, or both of them.

15. The same facts as in Illustration 14, except that C's cattle drink the water of the stream, are poisoned by the oil and die. The same result.

16. A and B, hunting deer, negligently but independently shoot in the direction of C. A's bullet wounds C in the arm, and B's bullet wounds him in the leg. C dies from the effect of both wounds. Under a wrongful death statute, C's administrator may recover the full amount of the damages for his death from A, or from B, or from both of them.

17. Two automobiles, negligently driven by A and B, collide. As a result of the collision A suffers a fractured skull. In the absence of a statute providing for apportionment, A is charged with the full amount of his own damages, and is barred by his contributory negligence from any recovery from B.