**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 05-4182** |
| | * | **and consolidated cases** |
| **PERTAINS TO: BARGE** | * | |
| | * | **SECTION "K" (2)** |
| *Boutte v. Lafarge*      05-5531 | * | |
| *Mumford v. Ingram*   05-5724 | * | |
| *Lagarde v. Lafarge*   06-5342 | * | **JUDGE** |
| *Perry v. Ingram*         06-6299 | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge*       06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | **MAGISTRATE** |
| | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

**LAFARGE NORTH AMERICA INC.'S RESPONSE TO BARGE PLAINTIFFS' OBJECTIONS TO BARGE ENTITIES' CLASS CERTIFICATION EVIDENCE**

Lafarge North America Inc. ("LNA") responds to the objections made by the Barge Plaintiffs regarding class certification evidence (Doc. 16570). Plaintiffs have burdened the record with a laundry list of meritless objections to 21 out of 27 LNA exhibits to its class certification brief, including all of LNA's experts' reports, many of Plaintiffs' own expert depositions and reports, and deposition testimony of every proposed representative plaintiff. Indeed, plaintiffs lodge several objections to LNA's inclusion of evidence on which plaintiffs seek to rely *in their own briefs*. Plaintiffs' objections are based on misapplications of the law and the Federal Rules of Evidence as well as distortions of the nature of the evidence. Therefore, all of plaintiffs' objections should be overruled.

| Objection No. | Evidence Objected To | LNA's Response |
|---|---|---|
| 1 | Exhibit 2, LNA Mem. Opp. Mot. Class Cert.<br><br>I. van Heerden et al., *The Failure of the New Orleans Levee System During Hurricane Katrina* ("Team Louisiana Report") | *Objections: "opinion"/ failure to list/ relevance/ hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>   1) Plaintiffs' expert, Melvin Spinks, cited and relied on the Team Lousiana Report in his expert report. See Melvin Spinks Report, Pl. Ex. 1 at 9-10. LNA is entitled to place before the Court the evidence considered and relied upon by plaintiffs' class certification expert without having to designate its authors as LNA's own "experts".<br><br>   2) The Team Louisiana Report is a government investigation sponsored by the Louisiana Department of Transportation and Development, and constitutes evidence of the same type and nature as the IPET Report cited and relied upon by the Plaintiffs in their briefing. Plaintiffs' Reply (Rec. Doc. No. 16571) at 12. By relying on the IPET Report in their class certification submission, plaintiffs have waived their objection to the Court's consideration of the similar Team Louisiana Report.<br><br>   3) Plaintiffs' expert Spinks opined in his report that the Team Louisiana and other investigations "were performed to provide credible and objective scientific and engineering answers to fundamental questions about the performance of the hurricane protection and flood damage reduction system in the New Orleans metropolitan area during Hurricane Katrina." Pl. Ex. 1 at 9-10. Plaintiffs have not shown and cannot show that the Team Louisiana Report fails the standards for reliable methodology etc.<br><br>   4) LNA included the Team Louisiana Report in its Class Certification Exhibit List. Doc. 15440 at 5.<br><br>   5) LNA is not at this point proffering the Team Louisiana Report for the truth of the matters asserted, but rather to show that if the factfinder disagrees with plaintiffs' experts and adopts conclusions of the Team Louisiana Report, that would undermine plaintiffs' portrayal of causation as a "common" issue. LNA Opp. at 24-28 & n.69. This is a relevant, non-hearsay use of the Report. |

2

| 2 | Exhibit 3, LNA Mem. Opp. Mot. Class Cert.  R.B. Seed et al., Investigation of the Performance of the New Orleans Flood Protection Systems in Hurricane Katrina on August 29, 2005 ("ILIT Report") | *Objections:* "opinion"/ failure to list/ relevance/ hearsay  *Response:* Plaintiffs' objection is unfounded and should be overruled.  1) Plaintiffs' own expert, Melvin Spinks, relied on and cited to the ILIT Report in his expert report. See Melvin Spinks Report, Pl. Ex. 1 at 9-10. Plaintiffs' expert Mr. Marino undertook an extended discussion of ILIT in his report. See Marino Report, Pl. Ex. 16 at 9-13. Given the extended discussion of ILIT in plaintiffs' expert reports, LNA is entitled to refer the Court to the evidence that these experts considered and relied upon and/or discussed in their class certification expert reports.  2) The ILIT Report is a public investigation report of the same type and the same nature as the IPET Report cited by the Plaintiffs in their briefing. Plaintiffs' Reply (Rec. Doc. No. 16571) at 12. Indeed, Plaintiffs' expert Spinks opined in his report that ILIT and the other investigations "were performed to provide credible and objective scientific and engineering answers to fundamental questions about the performance of the hurricane protection and flood damage reduction system in the New Orleans metropolitan area during Hurricane Katrina." Spinks Report, Pl. Ex. 1, at 10. Plaintiffs' expert Marino opined in his report that ILIT was "more reasonable" than IPET in certain respects. Marino Report, Pl. Ex. 16, at 12.  3) LNA included the ILIT Report in its Class Certification Exhibit List. Doc. 15440 at 5.  4) LNA is not at this point proffering the ILIT Report for the truth of the matters asserted, but rather to show that if the factfinder disagrees with plaintiffs' experts and adopts conclusions of the ILIT Report, that would undermine plaintiffs' portrayal of causation as a "common" issue. LNA Opp. at 24-28 & n.69. This is a relevant, non-hearsay use of the Report. |

LIBW/1695418.2

| 3 | Exhibit 4, LNA Mem. Opp. Mot. Class Cert.<br><br>Report of Joseph Suhayda | *Objection: Hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>  1) Joseph Suhayda adopted his report in his deposition. See Pls. Ex. 29, Suhayda Deposition at 10:4-17. Therefore, the report is not hearsay. Also, plaintiffs have had every opportunity to cross-examine him about it.<br><br>  2) Plaintiffs have attached their own experts' reports as exhibits to their class certification brief. See Pls. Exhs. 1, 14, 17, and 21. In so doing, plaintiffs waived any objection to the introduction of the corresponding reports of defendants' experts. |
| --- | --- | --- |
| 4 | Exhibit 5, LNA Mem. Opp. Mot. Class Cert.<br><br>Report of William Thomassie | *Objection: Hearsay / unfair prejudice*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>  1) William Thomassie adopted his report in his deposition. See Thomassie Deposition at 8:16-20 (excerpts attached). Therefore, the report is not hearsay. Also, plaintiffs have every opportunity to cross-examine him about it.<br><br>  2) Plaintiffs have attached their own experts' reports as exhibits to their class certification brief. See Pls. Exhs. 1, 14, 17, and 21. In so doing, plaintiffs waived any objection to the introduction of the corresponding reports of defendants' experts.<br><br>  3) All the photographs on which Mr. Thomassie relied were attached to Mr. Thomassie's report, which was provided to plaintiffs on August 28, 2008, well in advance of his deposition. See LNA Exhibit 5, Attachment A. There is no danger of unfair prejudice in the production to plaintiffs of other photographs on which Mr. Thomassie did ***not*** rely, which were produced to plaintiffs in September 2008 and which are relevant (if at all) only to merits discovery, which remains open. |

| 5 | Exhibit 6, LNA Mem. Opp. Mot. Class Cert.<br><br>Defendant United States Response to MRGO Plaintiffs' First Set of Interrogatories | *Objection*: Failure to include in exhibit list.<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>   1) LNA included this document as an exhibit for the sole purpose of supplying the Court with the number of SF-95 forms submitted by individuals including potential class members. LNA's exhibit list included SF-95 forms of class members. Doc. 15540 at 6. Using a government discovery response stating the number of SF-95 forms was an alternative to submitting hundreds of thousands of actual SF-95 forms. LNA's substitution of the response for the actual forms did not prejudice the plaintiffs.<br><br>   2) An identical version of this exhibit is already in the Court's record in the LEVEE matter. Rec. Doc. 5427-5.<br><br>   3) The exhibit is only cited for the number of SF-95s received by the government, a fact of which the Court can take judicial notice and that this Court has noted in the past. Rec. Doc. 6299 at 1 (ordering the United States to produce "the data and/or database in which the more than 300,000 Hurricane Katrina claims are being compiled"). |
| 6 | Exhibit 7, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Stephen Lentz | *Objection:* Relevance/ prejudice/ speculation<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>   1) LNA has proffered the testimony of Mr. Lentz in response to plaintiffs' assertion in their class certification brief (at 31 & n.16) that alleged "earwitnesses" heard "boom" sounds that plaintiffs equate with a barge striking a floodwall. Plaintiffs cited, and attached as exhibits, deposition testimony from some of these witnesses. (Pl. Ex. 18, 20. Mr. Lentz, who lived near the 17th Street Canal breach, testified that he heard "boom" sounds near that breach, where there was no barge. His testimony shows that the mere hearing of a sound such as a "boom" does not prove that there was a barge impact, contrary to plaintiffs' argument in their brief.<br><br>   2) Although plaintiffs contend that Mr. Lentz's testimony about what he heard but did not see is unreliable and calls for speculation, the same can be said for each of the "earwitnesses" whose testimony plaintiffs |

5

| | | |
|---|---|---|
| | | tout in their brief (at 31 & n.16).  For purposes of class certification, plaintiffs have waived this objection by proffering the testimony of their own supposed "earwitnesses" in support of their motion. |
| 7 | Exhibit 8, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Gennaro Marino | *Objection: "as stated in deposition excerpts"*<br><br>Response:  Plaintiffs' objection is unfounded and should be overruled.<br>    All of LNA's questions to Mr. Marino were proper and the answers are properly placed before the Court. |
| 8 | Footnote 10, Footnote 139 LNA Mem. Opp. Mot. Class Cert., p. 3.  Also p. 10<br><br>"See, e.g., Doc. 13845 Exh. 7 (excerpts from Robert Bea declaration concluding barge did not cause breaches)." | *Objection:  Expert opinion / hearsay / relevance / prejudice*<br><br>*Response:*  Plaintiffs' objection is unfounded and should be overruled.<br>    1)  Professor Bea's declaration is a matter of the Court's record (Rec. Doc. No. 13845 Ex. 7).  LNA is not offering this exhibit to prove the matters asserted therein for purposes of class certification.  Instead, the purpose of this exhibit is to show that the expert evidence adduced by the more substantial group of MRGO plaintiffs has concluded that the barge did not cause any of the levee breaches.  This evidence shows the existence of conflicts among class members and competing groups of lawyers and raises superiority concerns, as argued in LNA's opposition brief (at 56-57).  As such, the evidence is relevant to class certification, is not hearsay, and does not implicate the Court's limits on expert evidence.<br><br>    2)  Plaintiffs are not prejudiced by the Court's consideration of Professor Bea's declaration showing that the MRGO plaintiffs' experts have concluded the barge did not cause any breaches.  Plaintiffs were free to rebut it in any way they chose in connection with their forty-page reply brief, but chose not to do so. |
| 9 | Exhibit 11, LNA Mem. Opp. Mot. Class Cert.<br><br>Barge Plaintiffs' December 28, 2007 Answers to Interrogatories | *Objection: relevance*<br><br>*Response:*  Plaintiffs' objection is unfounded and should be overruled.<br>    1)  Though plaintiffs object that their prior interrogatory answers have been superseded by their October 2008 responses, the October 2008 responses are unverified (LNA Opp. at 6 n.19), and thus the prior responses stand. |

6

|  |  |  |
|---|---|---|
|  |  | 2) Plaintiffs' prior responses constitute evidence even if they had been withdrawn.  See LNA Opp. at 14 n.33.<br><br>3) Plaintiffs' objection references a proposed Seventh Amended Complaint that has been rejected for filing by this Court.  Doc. 15902.<br><br>4) Plaintiffs' objection takes issue with LNA's reference to their responses to Interrogatory No. 26 as showing that plaintiffs seek sixteen different categories of damages, many of which are individualized and thus undermine class certification.  See LNA Opp. at 4-5 & n.15, 28).  Plaintiffs' October 2008 responses, referenced in this objection, did not supplement or vary their responses to Interrogatory 26.  (See LNA Ex. 15). Their prior responses to that interrogatory still stand.  See LNA Ex. 10 (incorrectly referenced in plaintiffs' objection, as to this evidence, as Ex. 11).<br><br>5) Plaintiffs argue (at 7) that "plaintiffs do not allege sixteen different harms *for class-wide adjudication."* (emphasis added).  This objection concedes LNA's fundamental point:  that the claims of plaintiffs and class members include many elements of damages that are *not* amenable to class-wide adjudication. |
| 10 | Exhibit12, LNA Mem. Opp. Mot. Class Cert.<br><br>Report of Wade Ragas | *Objection: Hearsay / unfair prejudice*<br><br>*Response:*  Plaintiffs' objections are unfounded and should be overruled.<br>   1) Wade Ragas adopted his report in his deposition.  Therefore, it is not hearsay.  See LNA Ex. 20, Ragas Deposition at 49:2-19<br><br>   2) Plaintiffs have attached their own experts' reports as exhibits to their class certification brief. See Pls. Exhs. 1, 14, 17, and 21.  In so doing, plaintiffs waived any objection to the introduction of the corresponding reports of defendants' experts. |

7

| | | |
|---|---|---|
| 11 | Exhibit 13, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Michael Joseph Riche | *Objection: Relevance / speculation*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>   1) Plaintiffs' sweeping relevance objection to all the excerpts of Riche's deposition ignores the relevance of Riche's testimony to typicality, adequacy of representation, and predominance of individual issues. See LNA Opp. at 5-6, 13, 16 & n.39, 22-23, 27, 30-31, 39-41, 43). LNA could hardly adduce facts concerning these issues as they pertain to Mr. Riche in any manner other than through deposition.<br><br>   2) Plaintiffs' specific relevance objections to Mr. Riche's testimony are without merit. Mr. Riche's SF-95 form is relevant to his adequacy as a representative (LNA Opp. at 5-6). Mr. Riche's testimony about the loss of customers located outside the proposed class area is not speculation, as Mr. Riche has personal knowledge of his customer base, and expressly testified he had customers from "all over," not just the class area. LNA Ex. 13, Riche Dep. 47: 10-20. |
| 12 | Exhibit 14, LNA Mem. Opp. Mot. Class Cert.<br><br>Excepts of Depositions of Jacob Robert Glaser | *Objection: Relevance*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>   1) Dep. 41-42: The Glasers' complaint in *Murphy Oil* claimed business loss damages, and they received compensation for business loss along with all their other claims in that litigation through the settlement process. This issue is relevant because it demonstrates that calculation of business loss is an individual issue that must take into account issues like the Glasers receiving compensation for some aspects of their business loss from other litigation. Mr. Glaser cannot be compensated twice for the same loss, but plaintiffs' expert has not offered any way to separate business loss caused to Mr. Glaser by the Murphy Oil spill from the business loss caused to Mr. Glaser by flooding in the class area. See LNA Opp. at 40.<br><br>   2) Dep. 52-53" Plaintiffs argue that Mr. Glaser's failure to pursue an SBA loan is irrelevant to class certification. However, this fact goes to the issue of mitigation. As LNA's expert Kenneth Boudreaux |

| | | |
|---|---|---|
| | | explained in his deposition, mitigation is a necessary element in calculating a business owner's economic loss. See LNA Opp. at 41.  Therefore, the fact that Mr. Glaser chose not to use a mitigation option illustrates that business diminution damages involve highly individualized issues.<br><br>3) Dep. 62:  Plaintiffs argue that Mr. Glaser's evacuation, and his understanding of the dangers of the hurricane, is irrelevant.  To the contrary, it exemplifies the individual nature of the contributory negligence inquiry that the Court would face in every adjudication of personal physical or emotional harm.  (The plaintiffs have failed to designate any representative for the physical injury and so called "zone of danger" emotional harm claims, so it is fair to rely on deposition testimony from other representative plaintiffs.) |
| 13 | Exhibit 16, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Jimmie Donell Harris | *Objection:  Relevance/ legal opinions*<br><br>*Response:*  Plaintiffs' objections are unfounded and should be overruled.<br>1) Dep. 42-43:  Mr. Harris's testimony that his income went up after Hurricane Katrina is relevant to the point that loss of income is an individual issue (LNA Opp. at 32), as it establishes by example that some class members did not lose wage income as a result of the flooding.<br><br>2) Dep. 54-55:  Mr. Harris's testimony regarding effects of the storm on his family is relevant to LNA's argument that the class representatives emphasized "loss of lifestyle" damages in their deposition testimony, even though they evacuated before the storm, despite plaintiffs' current attempts to "limit" loss-of-lifestyle claims to people who did not evacuate.  LNA Opp. at 32-33.<br><br>3) Dep. 139-42:  Mr. Harris's common-sense testimony about needing to know details about his daughter's car (how old it was, what condition it was in) is well within the comprehension of a lay witness with any familiarity with automobiles.  It does not take an expert to figure out what factors are relevant to the value of a car.  The answer to the question reveals the individual nature of the inquiry.  See *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003) ("[T]he need to calculate individual damages will defeat predominance.") |

9

| | | |
|---|---|---|
| | | 4) Dep. 154-55: Mr. Harris's assertion that he has not participated in the direction and control of the litigation is relevant to the issue of adequacy of representation, and does not involve any speculation or opinion, but rather simply states what he has not done. The Fifth Circuit has held that class representatives must "satisfy the court that they, and not counsel, are directing the litigation." *Unger v. Amedisys., Inc.*, 401 F.3d 316, 321 (5th Cir. 2005); LNA Opp. at 15-16. Plaintiffs' admission that Mr. Harris "has retained counsel to direct and control the suit" (Obj. at 7) renders him inadequate under the governing case law. |
| 14 | Exhibit 17, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Herman H. Koch | *Objection: Relevance/ legal opinions*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>   1) Dep. 15-18: Mr. Koch's testimony regarding his claims against the U.S. government is relevant to his adequacy as a representative (LNA Opp. at 5-6). It also supports the requirement to allocate damages as between joint tortfeasors (see *Edmonds v. Compagnie Generale Trasatlantique*, 443 U.S. 256, 270-71 n.30 (1979)), establishing causation and damages as individual issues that would defeat predominance.<br><br>   2) Dep. 51-52. Mr. Koch's evacuation and understanding of the dangers of the hurricane is directly relevant to the issue of contributory negligence that would exist for every plaintiff who alleges personal physical injury and so-called "zone of danger" emotional harm claims. See LNA Opp. at 12 and 44. |
| 15 | Exhibit 18, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts of Deposition of Josephine Long Richardson | *Objection: Relevance/ speculation*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>   1) Dep. 21-27: Mrs. Richardson's testimony regarding the fact that she blames the United States Government for her damages is relevant to adequacy of representation, given that she also submitted sworn interrogatory responses denying this was the case. LNA Opp. at 14. It also supports the requirement to allocate damages as between joint tortfeasors (see *Edmonds v. Compagnie Generale Trasatlantique*, 443 U.S. 256, 270-71 n.30 (1979)), establishing causation and damages as individual issues that would defeat predominance. |

10

|    |    |    |
|----|----|----|
|    |    | 2) Dep. 47: LNA did not cite or highlight the deposition passage objected to by plaintiffs regarding calculation of loss of income damages. Further, plaintiffs concede loss of income damages require individualized calculation. Pl Reply at 37. Plaintiffs concede the same as to wrongful death damages. Pl. Reply at 36. |
| 16 | Exhibit 21, LNA Mem. Opp. Mot. Class Cert.<br><br>July 3, 2008 Supplemental Amended and Superseding Answers to Interrogatories (Doc. 13803-2) | *Objection: Discovery responses were superseded*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>     1) Plaintiffs object that their prior interrogatory answers have been superseded by their October 2008 responses, but they have never verified their October 2008 responses (LNA Opp. at 6 n.19).<br><br>     2) Plaintiffs' prior responses constitute evidence even if they had been withdrawn. See LNA Opp. at 14 n.33. |
| 17 | Exhibit 22, LNA Opp. Mot. Class Cert.<br><br>City of New Orleans Department of Safety and Permits Damage Assessment Reports | *Objection: Hearsay*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>1) Plaintiffs inaccurately state that these documents were not produced in discovery and were not sufficiently identified on LNA's Exhibit List. However, Item No. 20 on LNA's Exhibit List Regarding Class Certification states, "City of New Orleans Department of Safety and Permits Damage Assessment Reports produced as LNA 007821-7832." Rec. Doc. 15440 at 7.<br><br>2) LNA is not offering these documents to show the truth of the matters asserted, and thus they are not hearsay. To the contrary, LNA offered the City's Damage Assessment Report to show that ownership records list "Lois Callum," and not Ethel Mumford, as the owner of property for which Ms. Mumford claims damages in this case. LNA Opp. at 16. LNA is not trying to prove that Lois Callum in fact owns the property. Rather, LNA offers this document to show that ascertaining property ownership in the class area is subject to administrative difficulties based on public ownership records. The document establishes that ascertainability is an issue, regardless of whether Ms. Callum in fact owns the property. |

11

| | | |
|---|---|---|
| | | 3) Plaintiffs isolate two hearsay exceptions that they argue do not apply (F.R.E. 803(15) and F.R.E. 807), but they do not sufficiently support the idea that these exceptions are inapplicable. First, they offer no evidence or specific citations that the reports are inaccurate. Second, the idea that LNA did not comply with the notice requirements of F.R.E. 807 is plainly false. As shown by LNA's Exhibit List Regarding Class Certification (Rec. Doc. 15400), the plaintiffs will have had notice that this exhibit will be used. See *U.S. v. Evans*, 572 F.2d 455, 489 (5th Cir. 1978) (two weeks before trial was sufficient notice). Moreover, plaintiff does not address the other obvious hearsay exception that the reports might fall under, such as the exception for public records and reports. F.R.E. 803(8). |
| 18 | Exhibit 23, LNA Mem. Opp. Mot. Class Cert.<br><br>Excerpts from the Deposition of Melvin Spinks | *Objection: Relevance*<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>1) Dep. 38-39, 164-65, 174-75: Mr. Spinks' testimony that his model depends on his conclusions regarding breach timing and regarding the relative contributions of the various breaches is directly relevant to LNA's argument that different breaches affected the class area in different ways at different locations. If Mr. Spinks' breach times are wrong, then the MRGO breaches contributed more water, and at an earlier time, relative to the IHNC breaches. And the two IHNC breaches, which Mr. Spinks failed to separate in his model, contributed differently to the flooding at different locations. See LNA Opp. at 24 -27 & n.69; *Case v. ANPAC Louisiana Ins. Co.*, 466 F. Supp. 2d 781, 793-94 (E.D. La. 2006) (separate breaches along one levee system constitute separate events and involve separate and distinct factual inquires).<br><br>2) Dep. 19-20, 99-100: Mr. Spinks' testimony that he has never before worked with this particular model, despite having performed over 300 drainage analyses, is relevant to the weight to be given to Mr. Spinks' testimony based on the model, regardless of its admissibility under *Daubert*. |

| 19 | Exhibit 24, LNA Mem. Opp. Mot. Class Cert. Excerpts of Deposition of John Kilpatrick | *Objection:* Relevance<br><br>*Response:* Plaintiffs' objections are unfounded and should be overruled.<br>1) Dep. 149-50, 175: In his deposition, Dr. Kilpatrick admitted that he has not addressed whether the damages that he plans to evaluate are attributable to the barge as opposed to other factors, both as to property value and as to business losses. This testimony is relevant because class certification is improper where other potential causes of the plaintiff's loss are not separated out in their model. LNA Opp. at 36. Also, his testimony that he will not deal with these issues until the "merits phase" (if at all) is directly relevant to LNA's argument that plaintiffs have not met their burden of showing, at the class certification stage, that damages to property value and business value can be measured on a common class-wide basis rather than requiring individualized data and analysis. Opp. at 36 & n.95.[1]<br><br>2) Dep. 116: The witness's testimony that the Road Home program rejected a mass valuation approach is relevant to LNA's argument that such an approach is, in fact, an unworkable methodology. LNA Opp. at 37-38. Moreover, plaintiffs have waived their relevance objection to this testimony by submitting a report from this same expert admitting that the Road Home model "performed poorly." Pl. Ex. .21 at 24 ¶ 87. |

---

[1] *Unger v. Amedisys., Inc.*, 401 F.3d 316, 324 (5th Cir. 2005) ("[a]t the certification stage reliance on unverifiable evidence is hardly better than relying on bare allegations"); *Oscar Private Equity Investments v. Allegiance Telecom., Inc.*, 487 F.3d 261, 271 (5th Cir. 2007) (denying class certification because plaintiff's expert failed to separate out other potential damage-causing factors; "[plaintiffs'] evidence is little more than well-informed speculation" and "plaintiffs must do better"); *Piggly-Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 Fed. Appx. 296, *299-300, 2004 U.S. App. LEXIS 11160 **9-10 (5th Cir. June 7, 2004) (affirming denial of class certification where expert "did not offer a formula based on regression analysis, but merely opined that one could be found" and presented "only a preliminary overview of how damages might be calculated"); *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 676-78 (S.D. Ala. 2005) (expert failed to show that model could "distinguish between diminution in property values … resulting from [defendant] and diminution in property value resulting from … other sources"); *In re Graphics Processing Units Antitrust Litig.*, 2008 U.S. Dist. LEXIS 95191 (N.D. Cal. July 18, 2008) (denying class certification because "[a]fter eight months of discovery, plaintiffs should have the data to formulate their regression analyses with more precision. … In short, plaintiffs should be able to provide more than promises at this late stage of the litigation").

13

| | | |
|---|---|---|
| 20 | Exhibit 25, LNA Mem. Opp. Mot. Class Cert.<br><br>Report of Kenneth J. Boudreaux, Consulting Economist | *Objection: Hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>    1) Kenneth Boudreaux adopted his report in his deposition. See Boudreaux Deposition at 10:22-11:24 (excerpt attached). Therefore, it is not hearsay. Also, plaintiffs have had every opportunity to cross-examine him about it.<br><br>    2) Plaintiffs have attached their own experts' reports as exhibits to their class certification brief. See Pls. Exhs. 1, 14, 17, and 21. In so doing, plaintiffs waived any objection to the introduction of the corresponding reports of defendants' experts. |
| 21 | Exhibit 26, LNA Mem. Opp. Mot. Class Cert.<br><br>R.B. Seed et al, *New Orleans and Hurricane Katrina. II: The Central Region and the Lower Ninth Ward*, 134 H. Geotech. & Geoenvtl. Eng'g 718 (May 2008) | *Objections: "opinion"/ failure to list/ relevance/ hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>    1) This is a recent peer-reviewed journal article by the lead authors of the ILIT Report. Plaintiffs' own experts, Mr. Spinks and Mr. Marino, relied on and cited to the ILIT Report in their expert reports. See Melvin Spinks Report, Pl. Ex. 1 at 9-10; Marino Report, Pl. Ex. 16 at 9-13. Given the extended discussion of ILIT in plaintiffs' expert reports, LNA is entitled to refer the Court to the most recent publication by the authors of that report.<br><br>    2) The other points that support the Court's consideration of the ILIT Report also apply to this article. See item 2 above (discussion of LNA Ex. 3). |
| 22 | Exhibit 27, LNA Mem. Opp. Mot. Class Cert.<br><br>Jarvis DeBerry, *The Search for Title*, New Orleans Times Picayune, March 28, 2008 | *Objection: hearsay / expert opinion / failure to list*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>    1) This article describes the contents of government property ownership records within the class area and the problems of proving ownership based on such records. It is offered not to prove the truth of the matters asserted, but rather to show that an ascertainability issue exists that is not addressed in plaintiffs' motion. See LNA Opp. at 16-17. The same point is established by example through the testimony of Ms. Mumford. *Id.* at 16-17 n.41. |

14

| | | |
|---|---|---|
| | | 2)  The article provides a convenient summary of public records of which the Court could, as an alternative, simply take judicial notice.  See Doc. 15549-75 at 5-6; see Fed. R. Evid. 201.<br><br>3)  The document is fairly referenced in LNA's class certification exhibit list.   Doc. 155480 at 7 (item 23). |
| 23 | LNA Mem. Opp. Mot. Class Cert., Footnote 11 and Deposition Index, Item 1 (Villavaso) | *Objection: irrelevance / prejudice*<br><br>*Response:*  Plaintiffs' objection is unfounded and should be overruled.<br>   1) As plaintiffs state in their Objections, they submitted the entire Villavaso deposition as an exhibit to their own brief.  Plaintiffs can hardly object to the admission of certain passages, now that LNA has directed the Court's attention to them from within plaintiffs' exhibit.<br><br>   2)  LNA accurately quoted the deposition, including those portions where the witness testified he had "fuzzy" long-distance vision, was not wearing his glasses, and "couldn't tell what it was" that he had seen at the north breach.  LNA Opp. at 4.  LNA also accurately quoted and characterized this Court's decision (Rec. Doc. 14525 at 8) referring to these portions of the Villavaso deposition, and upholding a deemed admission that the wall was breached in at least one location before the barge made impact.<br><br>   3)  The quoted portions of the Villavaso deposition are relevant because they show that plaintiffs' evidence as to the cause of the north breach is different from the evidence as to the south breach, which is relevant to LNA's showing that causation is an individual issue.  If the factfinder finds that the barge did not play any role at the north breach (as is likely given that this witness's weak testimony is the best plaintiffs can muster on that issue), then that would constitute an additional reason why causation of flooding at any given location in the class area is necessarily an individual issue, as it would require separating out the contribution of the north breach to the flooding at any given property.  LNA Opp. at 25-27. |

15

| | | |
|---|---|---|
| 24 | LNA Deposition Index, Item 40<br><br>Doc. 8286-13-Vrijling Dep. 61:14-15 | *Objection: opinion / failure to list / relevance / hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>   1) This document is already in the Court's record.<br><br>   2) This testimony is relevant because this expert in the MRGO case, using the same model advanced by plaintiffs' expert Mr. Spinks, confirmed that the timing of the breaches is relevant to the output of the model.  LNA Opp. at 27-28 n.69.<br><br>   3) LNA does not seek to designate this witness as an expert on its behalf and is entitled to refer to his record testimony without designating him as LNA's own witness, nor is it inadmissible as hearsay where offered and submitted by other parties in these consolidated proceedings. |
| 25 | LNA Mem. Opp. Mot. Class Cert. at 35, n.94 and 37 n.97<br><br>Doc. 8286-29 (Vandell) | *Objection: opinion / failure to list / relevance / hearsay*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled.<br>   1) This document is already in the Court's record.<br><br>   2) This testimony is relevant because plaintiffs' "mass valuation" expert in this case is the same person who has testified in the MRGO case that the same mass valuation methods can be applied in the same class area to calculate damages caused by the MRGO defendants.  LNA Opp. at 35.  The fact that the MRGO defendants' expert criticized the model is relevant to refuting its applicability for any purpose.<br><br>   3) LNA does not seek to designate this witness as an expert on its behalf and is entitled to refer to his record testimony without designating him as LNA's own witness, nor is it inadmissible as hearsay where offered and submitted by other parties in these consolidated proceedings. |

16

| 26 | LNA Mem. Opp. Mot. Class Cert. at 13

Deposition of Michael Riche regarding his business's inability to represent some businesses in the class area. | *Objection: speculation – "does not constitute clear understanding of the witness' testimony"*

*Response:* Plaintiffs' objection is unfounded and should be overruled. Mr. Riche's statement that he is not representative of all businesses in the class area goes directly to the issue of typicality (see LNA Opp. Mem. at 13). Mr. Riche understands the nature of his business better than anyone, and his statement highlights his understanding of the situation. His understanding of the characteristics of his business is admissible both because it is based on his personal knowledge, see Fed. R. Evid. 602, and because it is within the scope of permissible lay opinion testimony by the owner of a business, see Fed. R. Evid. 701 and comments thereto. |
|---|---|---|
| 27 | LNA Mem. Opp. Mot. Class Cert. at 29-30

Depositions of Ethel Mumford and Michael Riche regarding testimony that only individualized evidence can be use to properly calculate property damages. | *Objection: speculation – "does not constitute clear understanding of the witness' testimony"*

*Response:* Plaintiffs' objection is unfounded and should be overruled. Mrs. Mumford and Mr. Riche's statements demonstrate that damage calculations regarding their property are highly individualized. This testimony directly affects the issue of predominance of individual over common issues, a central inquiry in class certification. These statements constitute the representative plaintiffs' understanding of the property damage they suffered and for which they seek compensation. Their understanding of the physical damage to their property is admissible both because it is based on their personal knowledge, see Fed. R. Evid. 602, and because it is within the scope of permissible lay opinion testimony by the owner of a business or property, see Fed. R. Evid. 701 and comments thereto. |

| 28 | LNA Mem. Opp. Class Cert. at 30<br><br>Depositions of Jimmie Harris, Michael Riche, and Jacob Glaser regarding the need for individualized proof as to the cost of demolition and salvage damages. | *Objection: speculation – "does not constitute clear understanding of the witness' testimony"*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled. Mr. Harris, Mr. Riche, and Mr. Glaser's statements demonstrate that demolition and salvage cost damages regarding their property are highly individualized. This testimony directly affects the issue of predominance of individual over common issues, a central inquiry in class certification. These statements constitute the representative plaintiffs' understanding of the demolition and salvage costs they suffered and for which they seek compensation. Their understanding of the demolition and salvage costs they incurred is admissible both because it is based on their personal knowledge, see Fed. R. Evid. 602, and because it is within the scope of permissible lay opinion testimony by the owner of a business or property, see Fed. R. Evid. 701 and comments thereto. |
| --- | --- | --- |
| 29 | LNA Mem. Opp. Class Cert. at 33<br><br>Deposition of Ethel Mumford and Koch regarding the individualized nature of property losses. | *Objection: speculation – "does not constitute clear understanding of the witness' testimony"*<br><br>*Response:* Plaintiffs' objection is unfounded and should be overruled. The statements of Mrs. Mumford and Mr. Koch demonstrate that property value damages are highly individualized. This testimony directly relates to the issue of predominance of individual over common issues, a central inquiry in class certification. These statements constitute the representative plaintiffs' understanding of the property diminution they suffered and for which they seek compensation. They are experienced real estate investors with a knowledge of their properties and the factors that affect their value. Their testimony is admissible under Fed. R. Evid. 602 and 701. |

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240
jaldock@goodwinprocter.com
rwyner@goodwinprocter.com
mraffman@goodwinprocter.com

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

December 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 12, 2008.

/s/ John D. Aldock