# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES * | CIVIL ACTION NO.:  05-4182 |
| CONSOLIDATED LITIGATION         * | |
|                            * | SECTION:  "K" |
|                            * | |
| PERTAINS TO:  INSURANCE          * | MAGISTRATE:  2 |
| Master Consolidated Class Action * | |
| Complaint                        * | JUDGE DUVAL |
|                            * | MAGISTRATE JUDGE WILKINSON |
| (Record Doc. No. 3413)          * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE CLASS ACTION ALLEGATIONS FROM INSURANCE MASTER COMPLAINT

### INTRODUCTION

Plaintiffs' Insurance Master Consolidated Class Action Complaint (Doc. 3413) is completely unsuitable, as a matter of law, for class action treatment.  Initially, any conceivable argument that a class should be certified in order to address arguments that flood damage from levee failures or storm surge was covered under the insurers' policies has been eliminated by controlling decisions from the Louisiana Supreme Court and the Fifth Circuit.  Issues regarding the scope of the water damage exclusions have been conclusively resolved in defendant insurers' favor.  *See Sher v. Lafayette Ins. Co.,* 988 So. 2d 186 (La. 2008), *In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 1231 (2008);  *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 437 (5th Cir. 2007) (Mississippi law), *cert. denied*, 128

S. Ct. 1873 (2008).  What remains are individual claims for alleged breach of contract and bad faith, none of which can be decided on a classwide basis.

As the Fifth Circuit has recently reiterated, where, as here, a complaint cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure on its face, it is appropriate for this Court to strike the class action allegations at this stage of the proceedings.  *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007).  Indeed, in case after case, judges in this and the Western District have dismissed similar class action allegations against insurers related to losses from Hurricanes Katrina and/or Rita.  *See, e.g., Nguyen v. St. Paul Travelers,* 2008 WL 4534395, at *9 (E.D. La. Oct. 6, 2008) (Vance, J.); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809. at *3 (E.D. La. Mar. 6, 2007) (Feldman, J.); *Spiers v. Liberty Mut. Fire Ins. Co.*, 2006 WL 4764430, at *2 (E.D. La. Nov. 21, 2006) (Feldman, J.); *Henry v. Allstate Ins. Co.*, 2007 WL 2287817, at *7 (E.D. La. Aug. 8, 2007) (Feldman, J.); *Chetta v. State Farm and Cas. Co.*, 2007 WL 1233546, at *1 (E.D. La. Apr. 25, 2007) (Livaudais, J.); *Caruso v. Allstate Ins. Co.*, 2007 WL 2265100, at *3-5 (E.D. La. Aug. 3, 2007) (Vance, J.); *Escoe v. State Farm Fire & Cas. Co.*, 2007 WL 2903048, *3 (E.D. La.  Sept. 27, 2007) (Berrigan, J.); *Terrebonne v. Allstate Ins. Co.*, 251 F.R.D. 208, 211 (E.D. La. 2007) (Vance, J.); *John v. Nat. Sec. Fire & Cas. Co.*, 2006 WL 3228409 (W.D. La. Nov. 3, 2006) (Trimble, J.), *aff'd,* 501 F.3d 443 (5th Cir. 2007).

As in the above cases, plaintiffs allege here that defendants failed to adjust properly and pay Hurricane Katrina-related property damage claims.  Resolution of such questions will necessarily involve a detailed inquiry into the individualized facts and circumstances of each purported class member's unique property damages and claims, which will overwhelm any arguably common issues.  Indeed, as a matter of law, plaintiffs cannot satisfy the requirements for a class action, because there can never be any predominating common issues here, and the relief plaintiffs seek is primarily monetary.

## BACKGROUND

The Insurance Master Consolidated Class Action Complaint (Record Doc. No. 3413, "Complaint") alleges that in August 2005 Hurricane Katrina made landfall in Louisiana, and that water inundated the Greater New Orleans area.  (*Id.,* ¶¶ 31, 32.)  Plaintiffs allege they either owned or rented residential or commercial property that was insured by one of the defendant insurers.  (*Id.,* ¶¶ 1, 2.)  Plaintiffs seek to proceed on behalf of "three classes of insureds [the Homeowner Policyholders Class, The Renters Class[1] and The Commercial Class] who are similarly situated to their respective Plaintiffs subclasses, all of whom were Louisiana residents who owned or rented immovable property with improvements, principally residential or commercial structures, as well as personal property located there, which was damaged or destroyed by or as a proximate cause of winds associated with Hurricane Katrina."  (*Id.,* ¶¶ 2, 9.) Plaintiffs contend their properties sustained water damage caused by "windstorm," the negligent design, construction, inspection, maintenance and operation of the levees; and/or "storm surge." (*Id.,* ¶ 33.)

According to plaintiffs, all of the approximately sixty defendants "improperly instituted policies, customs, practices and procedures encouraging and directing their insurance adjusters to maximize damage purportedly caused by 'flood' and to minimize damage caused by wind in an effort to deny benefits owed to the Homeowner Policyholders, all in violation of the Homeowner Policyholders' reasonable expectations under their All-Risk policies." (*Id.,* ¶ 45.)   Plaintiffs further allege defendants routinely devalued the Homeowner Policyholders' claims and delayed or denied payment of benefits.  (*Id.,* ¶ 46.)  The putative "Homeowner Policyholders Class" is

---

[1] *Maynard v. St. Paul Travelers Companies, Inc. et al.*, No. 06-11385 on the docket of the EDLA was the putative class action complaint forming the basis of the Renters' Class contained within the Insurance Master Class Complaint.  This Court entered judgment in favor of the insurer defendants and dismissed the putative Renters' Class from the Insurance Master Class Complaint.  See Order and Reasons [Rec. Doc. 13 in 06-11385] and Judgment [Rec. Doc. 14 in 06-11385].

defined as: "all persons who owned property within the State of Louisiana which property was damaged or destroyed by or as a proximate result of winds associated with Hurricane Katrina, and who at the time of the loss had in effect an All-Risk homeowner's policy issued by one of the defendants." (*Id.,* ¶ 48.) As plaintiffs do not limit their claims to any particular coverage or coverages under such policies, their claims apparently include dwelling coverage, personal property coverage and additional living expenses.

## ARGUMENT

As noted, the Fifth Circuit has expressly reaffirmed the power of this Court to strike class action allegations in cases such as this, where the complaint fails to meet the requirements of Rule 23 on its face. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007). It is well-settled that plaintiffs cannot convert an individual action into a class action merely by styling it as such in the pleadings. *See*, *e.g.*, *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999) (recognizing that the court should not "blindly rely on conclusory allegations which parrot Rule 23 requirements and . . . may consider the legal and factual issues presented by the plaintiff's complaints") (citation omitted).

A class action proponent must plead and establish that all four requirements of Rule 23(a) and at least one part of Rule 23(b) are met, *Pederson v. La. State Univ.*, 213 F.3d 858, 866 n. 7 (5th Cir. 2000), and bears the burden of proving that the proposed class should be certified. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982); *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *Cole v. General Motors Corp.,* 484 F.3d 717, 724 (5th Cir. 2007); *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006). Under Rule 23(a), a plaintiff must establish that the proposed class satisfies the requirements of (1) numerosity; (2) commonality; (3) typicality; and (4) that the representative

plaintiffs can adequately protect the interests of the class.  Rule 23(b)(3) adds requirements that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Where, as here, a complaint fails to set forth the minimum facts required to establish the existence of all the class action criteria, courts routinely dismiss or strike the class allegations – even at the pleading stage.  *See, e.g.*, *Falcon*, 457 U.S. at 160 ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim"); *John, supra* (same); *Nguyen*, *supra* ("The Court has authority to strike class allegations on the face of the complaint where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate") (citation and internal quotation omitted);  *Spiers, supra* (same); *Hedgepeth v. Blue Cross & Blue Shield of Miss.*, 2006 WL 141624 (N.D. Miss. Jan. 18, 2006) (noting the Fifth Circuit has upheld the power of district courts to dismiss class action allegations prior to any extensive class related discovery taking place) (*citing Stewart v. Winter,* 669 F.2d 328, 332 (5th Cir. 1982)).

As a matter of law, plaintiffs cannot satisfy Rule 23(a)(2) or (b), because there can never be common issues here, let alone predominating ones, and the relief plaintiffs seek is primarily monetary.[2]

---

[2] By focusing on these particular class action requirements in this Motion, defendants in no way concede the existence of any of the other class action elements.  If this pleading Motion is not granted, and plaintiffs are allowed to proceed with a full-scale motion for class certification, defendants will formally challenge plaintiffs' showing as to all the elements.  This Motion, however, addresses only the legal deficiency of plaintiffs' class action allegations on the face of their Complaint.

## I.    PLAINTIFFS CANNOT DEMONSTRATE THAT COMMON ISSUES PREDOMINATE.

Plaintiffs' Complaint, on its face, leaves no doubt that individualized issues will predominate over common ones, destroying any possibility of properly certifying a class here. Plaintiffs merely allege the questions "common" to the class are "matters of policy interpretation," application of Louisiana law to defendants' conduct, the "efficient proximate cause of the inundation of the Plaintiffs' properties," and the "propriety of the declaratory relief sought by [plaintiffs]." (Complaint, ¶ 11.) The crux of all plaintiffs' causes of action, however, is that defendants allegedly improperly adjusted or undervalued their claims for property losses caused by Hurricane Katrina, including by improperly attributing the "cause" of the damage to flood, rather than wind, in order to deny coverage. The questions that would, under this theory, have to be resolved to determine defendants' liability to any putative class member, and any damages supposedly due to any given putative class member, cannot possibly be "common."

Rather, the determination of such questions will necessarily involve an intensive review of the individual facts of each plaintiff's damage claim, including:

> ➢ the nature and extent of damage;
>
> ➢ what damage was caused by flood and what by wind;
>
> ➢ the timing and adjustment of each class member's claim;
>
> ➢ the precise market conditions at the time each class member's damages were assessed;
>
> ➢ whether each class member complied with his post-loss duties;
>
> ➢ how much each class member was paid for his claim and for what damage;

> ➢ any supplemental, additional or other payments that were made beyond
>
> any damages estimates provided to the insured, and whether that amount
>
> was sufficient and timely.

Due to the highly individualized nature of these inquiries, class treatment would be inappropriate as a matter of law and the class action allegations should be stricken.

Indeed, plaintiffs' purported class allegations here fail for the same reasons that the class action allegations failed and were stricken by the courts in numerous hurricane loss cases with similar allegations. As Judge Feldman explained when striking class action allegations in *Aguilar*, predominance cannot be met in coverage actions arising out of Hurricane Katrina because the case would "require an intensive review of the individual facts of each class member's damage claim, including the nature and extent of damage," and "[o]n the face of the pleading, it is clear that those individualized and highly personal issues pertaining to each class member patently overwhelm any arguably common issues, rendering the claims inappropriate for class treatment." 2007 WL 734809, *3.

As a result, courts of this District and the Western District have repeatedly and consistently stricken class action allegations in cases arising out of Hurricanes Katrina and Rita, regardless of the nature of the claims made in the complaints. Courts have stricken class action allegations in cases where plaintiffs broadly alleged that insurers failed to properly adjust or timely pay their claims (*Escoe*, 2007 WL 2903048, *3); where plaintiffs alleged that insurers used below market pricing (*Aguilar*, 2007 WL 734809, *3; *Chetta*, 2007 WL 1233546); where plaintiffs alleged that insurers used an incorrect method for estimating loss (*Nguyen,* 2008 WL 4534395, at *9; *John*, 2006 WL 3228409, at *4); where plaintiffs alleged that insurers' general practices and procedures resulted in underpayments (*Spiers*, 2006 WL 4764430, at *2; *Henry*,

2007 WL 2287817, at *4); and where plaintiffs alleged that they were entitled to recover policy limits under the Valued Policy Law (*Caruso*, 2007 WL 2265100, at *5; *Terrebonne*, 251 F.R.D. at 211).[3]

For example, in *Spiers*, the named plaintiff's home was damaged by Hurricane Katrina, and he filed a class action complaint against his insurer alleging, as plaintiffs do here, that it had engaged in a "corporate scheme and pattern and practice of bad faith and improper claims handling."  2006 WL 4764430, *1.  The insurer moved to strike the class action allegations.  The *Spiers* court granted that motion after determining the plaintiff could not satisfy the predominance requirement of Fed. R. Civ. P. 23(b)(3).  In so doing, the court stated:

> [w]hile [defendant's] general procedures for adjusting claims might arguably be common to all claims, demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim, including the nature and extent of damage, the timing and adjustment of each class member's claim, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and timely.

*Id.*, *2.

Similarly, in *Aguilar*, another Hurricane Katrina property damage case pled as a purported class action, the court struck the class action allegations on their face, following *Spiers* and finding that the nature and extent of damage suffered by each class member would have to

---

[3] Judge Senter of the Southern District of Mississippi has likewise held that individual issues predominate in cases arising out of Hurricane Katrina, precluding class certification.  See *Comer v. Nationwide Mut. Ins. Co.*, 2006 WL 1066645, at *3 (S.D. Miss. Feb. 23, 2006) (denying as futile motion for leave to amend complaint to assert class action allegations, "[g]iven the preponderance of individual questions of damage, coverage, policy provisions, mortgage obligations, and the other relevant particulars involved in the case of each individual property owner who sustained damage as a result of Hurricane Katrina").  Likewise, in *Guice v. State Farm Fire & Cas. Co.*, 2007 WL 912120 (S.D. Miss. Mar. 22, 2007), Judge Senter denied class action treatment prior to completion of class certification discovery and briefing, observing that class certification provided no advantages that "would not be offset by the factors that will ultimately require the individual treatment of these claims." *See also Perkins v. State Farm Gen'l Ins. Co.*, No. 1:07-cv-00116-LTS-RHW, Dkt. 78, slip op. at 2-3 (S.D. Miss. Dec. 12, 2007) (granting motion to strike class action allegations in Hurricane Katrina action).

be reviewed, and that these were individualized inquiries inappropriate for class action treatment. *Aguilar*, 2007 WL 734809, *3 (granting motion to strike, stating that "demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim . . . [and o]n the face of the pleading, it is clear that those individualized and highly personal issues pertaining to each class member patently overwhelm any arguably common issues, rendering the claims inappropriate for class treatment").

And in *John,* the district court struck class action allegations that an insurer underpaid claims by not using accurate market prices for materials in estimates because of the need for a case-by-case inquiry into what the market prices were in the particular area of the insured's home at the specific time that the claim was adjusted. *John v. Nat. Sec. Fire & Cas. Co.*, 2006 WL 3228409 (W.D. La. Nov. 3, 2006), *aff'd,* 501 F.3d 443 (5th Cir. 2007). In so holding, Judge Trimble stated, also in language equally applicable here:

> Furthermore, as to Plaintiff's claims for damages for under adjustment of unit prices because of the supply and demand problem after Hurricanes Katrina and Rita struck Louisiana, a factual inquiry would have to be made into each putative class member's claims, such as where and when materials and supplies were being purchased, what was the market price at that time, and when did the price of materials and supplies decrease. Accordingly, the motion to dismiss the class allegations will be granted.

*Id.,* *4.

### A.   Plaintiffs' Claims Present Numerous Individualized Issues That Will Predominate.

The reasons for striking the class action claims in the above cases apply with equal force to plaintiffs' class action claims here. Initially, the Complaint in this action sought declarations regarding the policies' flood exclusions and Louisiana's Valued Policy Law. But those claims

are no longer at issue in this putative class action because they fail as a matter of law under binding precedent from the Louisiana Supreme Court and the Fifth Circuit.

The flood damages claims in this lawsuit (and all other cases in the Insurance Umbrella) have already been dismissed with prejudice in this Court's Post-Sher Insurance Umbrella Case Management Order. (Doc. 13521.) The Louisiana Supreme Court and Fifth Circuit have conclusively held that defendants' policies do not provide coverage for flood that resulted from levee failures or storm surge. In *Sher v. Lafayette Ins. Co.,* 988 So. 2d 186 (La. 2008)*,* the Louisiana Supreme Court held that the water damage exclusions in insurers' policies clearly and unambiguously excluded flood damage, regardless of cause. As the Court stated: "the entire English speaking world recognizes that a flood is the overflow of a body of water causing a large amount of water to cover an area that is usually dry land." *Sher,* 988 So. 2d at 194. The Fifth Circuit reached the same conclusion, stating: "the flood exclusions are unambiguous in the context of this case," and holding these exclusions plainly applied to damages caused when water overflowed into New Orleans in the aftermath of Hurricane Katrina. *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 214 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 1231 (2008).

The various auxiliary issues on which Plaintiffs seek declaratory judgment are likewise moot. Plaintiffs cannot avoid the result compelled by *Sher* by arguing that the flooding was "wind-driven" or that "windstorm" was the "efficient proximate cause of the loss." As the Fifth Circuit has held, "[t]he phrase 'storm surge' is little more than a synonym for a 'tidal wave' or wind-driven flood, both of which are excluded perils." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 437 (5th Cir. 2007) (Mississippi law), *cert. denied*, 128 S. Ct. 1873 (2008); *accord Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 353 (5th Cir. 2007); *Smith v. Allstate Indem. Co.*, 256 F. App'x 694, 695-96 (5th Cir. 2007); *Bilbe v. Belsom*, 530 F.3d 314, 316 (5th Cir. 2008) (applying Louisiana law). In denying reconsideration of the post-*Sher* Insurance

Umbrella Case Management Order, this Court previously rejected the very same "efficient proximate cause" argument that the State raises in its Complaint.  (Doc. 14394 (denying Docs. 13631 & 14323).)

Similarly, the Fifth Circuit has rejected Plaintiffs' argument that they can recover policy limits under the Louisiana Valued Policy Law ("VPL") if they sustained a total loss and any damage—no matter how minor—from a covered peril.  In *Chauvin v. State Farm Fire and Casualty Co*., 495 F.3d 232 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 1075 (2008)*,* the Fifth Circuit, applying Louisiana law, affirmed the district court's ruling that the VPL did not apply to plaintiffs' claims, holding that "the insurers' construction of the VPL best conforms with its legislative purpose and thus, the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril."  495 F.3d at 239.

Under these binding appellate decisions, the flood exclusion and VPL issues are no longer part of this case.  As a result, the only remaining issues are the individualized ones discussed herein.  Indeed, the individualized inquiries regarding the extent of each putative class member's property damage, and the numerous coverages under which benefits are sought, such as structure, contents and additional living expenses, alone defeat any prospect of predominance as required by Rule 23(b)(3).

Plaintiffs' claims raise even further individualized inquiries, including, but by no means limited to,

> ➢ What steps did the insurer take in evaluating and adjusting the individual's claim?
>
> ➢ What information did the insurer have regarding each plaintiff's individual claim?

➢ What offer to settle/adjust each claim was made by the insurer and was it reasonable under the circumstances?

➢ What was the nature of the settlement and what facts did the individual know about his or her damages at the time of the settlement?

➢ What proof did the individual provide to support his or her claim?

➢ Was plaintiffs' loss due in whole or in part to an excluded peril?

➢ As to dwelling coverage claims, have plaintiffs met their burden of segregating the amount of their covered losses from their excluded losses?[4]

➢ In the case of personal property claims, have plaintiffs met their burden of establishing that the loss occurred due to a covered risk?[5]

➢ Did the insured's loss involve different types of damages, such as business interruption or additional living expenses?

➢ As to additional living expense claims, have plaintiffs shown that the amounts claimed are in excess of their normal housing costs?[6]

➢ Were the amounts tendered to plaintiffs sufficient to compensate plaintiffs for their covered losses under the terms and conditions of their respective policies, including applicable endorsements?

These are just a few examples, but they illustrate the highly individualized nature of plaintiffs' claims, and the corresponding individualized inquiries that would have to be resolved to establish both liability and damages for each putative class member.  On that basis alone, plaintiffs' class action allegations should be stricken or dismissed.

---

[4] *See Perrien v. State Farm Ins. Co.,* 2008 WL 2705455 at *3 (E.D. La. July 9, 2008).
[5] *Id.*
[6] *See McGill v. Republic Fire and Cas. Co.,* 2008 WL 4792720 at *3 (E.D. La. Oct. 28, 2008).

**B.      Plaintiffs' Causation and Bad Faith Allegations Raise Further Highly Individualized Issues.**

Plaintiffs' causation allegations raise additional highly individualized questions. Plaintiffs, while acknowledging that there were covered and uncovered causes of their losses (*i.e.,* wind and flood), allege that defendants' adjusters improperly attributed plaintiffs' losses to flood, an excluded peril, as opposed to wind, a covered peril, in order to deny coverage. (Complaint, ¶ 45.)  In addition, they seek a declaration that their losses were caused by a covered peril.  (*Id.,* ¶ 65.)  As Judge Vance stated, in *Caruso, supra,* "plaintiffs' allegations will require highly individualized determinations into the cause of each plaintiffs' loss and the amount of the damages sustained at each of the plaintiffs' properties."  2007 WL 2265100, *2.  This case is no different.

Plaintiffs' allegations of "bad faith," breach of fiduciary duty and that defendants "have misrepresented the coverage afforded under the Homeowner Policyholders' [policies]" in an "effort calculated to deprive the Homeowner Policyholders of benefits to which they are entitled" raise even further individualized issues.  (Complaint ¶¶ 87, 90, 96-97.)   In another instructive case, then District Judge Clement considered similar class action allegations concerning similar claims brought against a property damage insurer arising out of a widespread hailstorm.  *Pollet v. Travelers Prop. Cas. Ins. Co.*, 2001 WL 1471724, *2 (E.D. La. Nov. 16, 2001).

Granting partial summary judgment dismissing the class allegations, Judge Clement explained:

> In the instant case, the need for individualized proof on thousands of separate claims strongly counsels against maintaining a class action. . . . [E]ach of the thousands of allegations that Standard Fire and Christian acted in bad faith by intentionally failing to pay legitimate claims will require an

individual investigation into the damages, the type of insurance policy, and the defendants' actions.  Accordingly, the Court finds that *maintaining the instant suit as a class action would result in several thousand mini-trials on individual issues*, rather than a single comprehensive resolution of issues relevant to the class as a whole.  Similarly, the plaintiff's remaining allegations of misrepresentation and deceptive business practices also require fact-specific evidence of the individual policies issued and the promises made to each class member.  As a result, a class action trial of these claims would involve multiple detailed analyses of individual issues rather than the efficient resolution of questions pertinent to the class as a whole.  For these reasons, the Court does not find that common issues of law or fact predominate over individual questions.

*Id.* (emphasis added).

Here, as in *Pollet*, plaintiffs' bad faith claims will require individual determinations based upon particularized evidence on the following questions, among others:  What communications took place between defendants and each putative class member regarding coverage?  Did the adjuster provide any advice or assistance to a particular putative class member?  What disclosures did defendants make to each putative class member regarding his or her insurance coverage?  How, if at all, was each plaintiff misled based on the alleged misrepresentation?  Do the specific facts of the particular putative class member's claim show that defendants had a legitimate basis for their payment decision?  Are there any facts indicating the payment decision for a particular claim was arbitrary, capricious or without probable cause?

These types of questions simply cannot be resolved globally for all putative class members.  Accordingly, as a matter of law, "individual questions pertaining to each class member overwhelm any common issues, making the claims inappropriate for class treatment," and the class action allegations should be stricken.  *Spiers*, 2006 WL 4764430, *2.  *See also Henry, supra,* 2007 WL 2287817, *3 (striking class action allegations and specifically noting class action treatment of "bad faith" claims is inappropriate).

-14-

## II.    PLAINTIFFS CANNOT, AS A MATTER OF LAW, SATISFY RULES 23(B)(2) OR 23(B)(1)(B).

Plaintiffs also purport to bring a class action pursuant to Rules 23(b)(2) and 23(b)(1)(B). (Complaint, ¶ 51.)  Again, however, as is plain from the face of their Complaint, they cannot satisfy the requirements of these rules.

### A.    Plaintiffs Cannot Satisfy Rule 23(b)(2), Because The Relief They Seek Is Primarily Monetary.

Rule 23(b)(2) permits class actions for declaratory or injunctive relief when "the party opposing the class has acted or refused to act on grounds generally applicable to the class."  The Fifth Circuit has made clear, however, that certification under this rule is inappropriate where, as here, the relief plaintiffs seek is predominately monetary.  *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402 (5th Cir. 1998).  Monetary relief predominates in Rule 23(b)(2)  class actions unless it is incidental to requested injunctive or declaratory relief.  *Id.* at 415.  "Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex individualized determinations."  *Id.; accord Doiron v. Conseco Health Ins. Co*., 240 F.R.D. 247 (E.D. La. 2007) *vacated on other grounds,* 279 Fed. Appx. 313 (5th Cir. May 28, 2008); *Caruso, supra,* 2007 WL 2265100.  Accordingly, even where a plaintiff seeks declaratory or injunctive relief, there can be no certification under Rule 23(b)(2) where the primary relief sought is monetary.

Here, plaintiffs are clearly seeking primarily monetary damages.  In fact, even their claim for declaratory relief is just another way of seeking money from defendants.  For example, plaintiffs allege defendants "have denied coverage for [plaintiffs'] losses," and that they are "entitled to a declaratory judgment that the damages they suffered are covered losses under the

subject policies."  (Complaint, ¶ 62.)  Demanding a declaration that a loss is covered under an insurance policy is no different from demanding money under that policy.

Where, as here, the requested declaratory relief would "serve[] only to facilitate the award of damages," class certification under Rule 23(b)(2) is improper.  *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 317 (5th Cir. 2007) (citation omitted).  Thus, courts have repeatedly rejected attempts by plaintiffs to obtain Rule 23(b)(2) certification by seeking a declaration that a defendant is liable for money damages.[7]

### B.    Plaintiffs Cannot Satisfy Rule 23(b)(1)(B), Because Their Case Is Riddled With Individualized Issues And There Is No Limited Fund.

Plaintiffs' attempt to bring a class under Rule 23(b)(1)(B) fares no better.  As Judge Vance noted in *Caruso,* Rule 23(b)(1)(B) "necessarily contemplates the allocation of a limited resource ... for only where the class members' interests are to some degree mutually exclusive will the individuals' litigation 'substantially impair' the others' rights."  *Caruso,* 2007 WL 2265100, *4 (citation and internal quotation omitted).  Accordingly, where, as here, plaintiffs seek monetary damages, "the paradigm is of a 'limited fund' to be distributed for the class members' benefit."  *Id.*  Because, as is the case here, the *Caruso* plaintiffs failed to identify, and the court did not find, "any such limited resource that is affected by plaintiffs' lawsuit," Judge Vance held Rule 23(b)(1)(B) certification improper as a matter of law.  *Id.  See also Doiron,* 240 F.R.D. at 255 ("proposed class does not appear to raise the type of issues that are traditionally at issue in a Rule 23(b)(1)(B) class" -- *i.e.,* a limited fund).

### CONCLUSION

---

[7] *See, e.g.*, *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 226 F.R.D. 456, 468 (S.D.N.Y. 2005); *Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto. Ins. Co.*, 2003 WL 21146714, at *15 (S.D. Fla. May 6, 2003), *magistrate opinion adopted in its entirety*, 2003 WL 22097937 (S.D. Fla. Sept. 2, 2003); *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529 (N.D. Ill. 1998); *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999) *Hubler Chevrolet, Inc. v. Gen. Motors Corp.*, 193 F.R.D. 574, 580 (S.D. Ind. 2000); *Sarafin v. Sears, Roebuck & Co.*, 446 F. Supp. 611, 615 (N.D. Ill. 1978).

For all the foregoing reasons, defendants respectfully request this Court enter an Order striking or dismissing plaintiffs' class action allegations.

Respectfully submitted,

*/s/ Ralph S. Hubbard*
Ralph S. Hubbard, III, 7040
Seth A. Schmeeckle, 27076
     Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990
And
Stephen E. Goldman
Wystan M. Ackerman
     Of
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597
Telephone:  (860) 275-8200
Facsimile:  (860) 275-8299
*Attorneys for The Standard Fire Insurance Company, improperly named as Travelers Casualty and Surety Company, Travelers Home and Marine Insurance Company, The Travelers Indemnity Company, Travelers Insurance Company, Travelers Property Casualty Insurance Company and as Counsel for Travelers Property Casualty Company of America*

And

*/s/ John W. Waters, Jr.*
JOHN W. WATERS, JR. (#13258)
GREGORY J. McDONALD (#1933)
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
(504) 310-1500
Fax:  (504) 310-1501
jwaters@bfrob.com
*Counsel for Louisiana Citizens Property Insurance Corporation*

And

*/s/ Seth A. Schmeeckle*
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
      RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

and

Alan S. Gilbert (pro hac vice)
Kevin P. Kamraczewski (pro hac vice)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
*Attorneys for Defendant Horace Mann Insurance*
*Company*

And

*/s/ Seth A. Schmeeckle*
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
      RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

And

Paul E. B. Glad (pro hac vice)
Kevin P. Kamraczewski (pro hac vice)
Alan S. Gilbert (pro hac vice)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

*Attorneys for Defendants The Hanover Insurance Company and The Hanover American Insurance Company*

And

*/s/ Steven W. Usdin*_____
Steven W. Usdin, 12986
Edward R. Wicker, Jr., 27138
        Of
BARRASSO USDIN KUPPERMAN
        FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

And

H. Christopher Bartolomucci
Christopher T. Handman
        Of
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5600
*Attorneys for Great Northern Insurance Company*
(erroneously sued as Chubb Group of Insurance Companies, a non-entity, incapable of being sued)

And

*/s/ John P. Wolff*_____
John P. Wolff, III, Bar #14504
Nancy B. Gilbert, Bar #23095
Christopher K. Jones #28101
**KEOGH, COX & WILSON, LTD.**
701 Main Street (P. O. Box 1151)
Baton Rouge, Louisiana  70821
Telephone:  225.383.3796
Facsimile: 225.343.9612
*Attorneys for Amica Mutual Insurance Co.*

And

/s/ Alan J. Yacoubian
ALAN J. YACOUBIAN (#17213)
NEAL J. FAVRET (#24412)
RACHAEL P. CATALANOTTO (#31095)
JOHNSON, JOHNSON, BARRIOS
        & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone:  (504) 528-3001
*Attorneys for defendant, Auto Club Family*
*Insurance Company*

And

/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700

And

Richard L. Fenton
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for Allstate Indemnity Company, Allstate*
*Insurance Company, Encompass Indemnity*
*Company, Encompass Insurance Company of*
*America and Encompass Property & Casualty*
*Company*

And

/s/ Lawrence J. Duplass
Lawrence J. Duplass (#5199)
C. Michael Pfister (#14317)
Kelly Cambre Bogart (#22985)
Jaime M. Cambre (#29116)
DUPLASS, ZWAIN, BOURGEOIS,
        PFISTER & WEINSTOCK

3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
*Attorneys for The American Insurance Company*
*and Fireman's Fund Insurance Company*

And

/s/ Marshall M. Redmon
Marshall M. Redmon, 18398
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

And

/s/ Amy R. Sabrin
Amy R. Sabrin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
*Attorneys for Farmers Insurance Exchange*

And

/s/ Robert I. Siegel
Robert I. Siegel
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras St., Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

And

Richard J. Doren
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California  90071-3197

(213) 229-7038

And

Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 955-8500
*Attorneys for Lexington Insurance Company*

And

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
         Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Liberty Mutual Insurance Company
and Liberty Mutual Fire Insurance Company*

And

*s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
         Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Metropolitan Property and Casualty
Insurance Company*

And

*/s/ Wayne J. Lee*
Wayne J. Lee, 7916
  wlee@stonepigman.com
Stephen G. Bullock, 3648
  sbullock@stonepigman.com
Andrea L. Fannin, 26280

afannin@stonepigman.com
          Of
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361
*Attorneys for State Farm Fire and Casualty*
*Company*

And

  */s/ Sean P. Mount*
DOMINIC J. OVELLA, #15030 – T.A.
dovella@hmhlp.com
SEAN P. MOUNT, #27584
smount@hmhlp.com
ANNE E. MEDO, #24556
amedo@hmhlp.com
JUSTIN E. ALSTERBERG, #31015
jalsterberg@hmhlp.com
JASON M. BAER, #31609
 jbaer@hmhlp.com
HAILEY, McNAMARA, HALL,
LARMANN & PAPALE, L.L.P**.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana  70001
Telephone: (504) 836-6500
Counsel for Defendants, *Fidelity and Deposit*
*Company of Maryland, Empire Fire & Marine*
*Insurance Company, Empire Indemnity Insurance*
*Company, ZC Sterling Insurance Agency, Inc., ZC*
*Sterling Corporation*

And

  */s/ Christopher R. Pennison*
JAY M. LONERO, T.A. (No. 20642)
     jlonero@lwp-law.com
CHRISTOPHER R. PENNISON (No. 22584)
     cpennison@lwp-law.com
ANGIE ARCENEAUX AKERS (No. 26786)
     aakers@lwp-law.com
LARZELERE PICOU WELLS
     SIMPSON LONERO, LLC
Suite 1100 - Two Lakeway Center

3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565
*Attorneys For Republic Fire And Casualty*
*Insurance Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
          Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990
And
Christopher W. Martin,
Texas Bar No. 13057620
Martin R. Sadler,
Texas Bar No. 00788842
          Of
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
*Attorneys for USAA Casualty Insurance Company*

And

*/s/ Maura Z. Pelleteri*
Maura Z. Pelleteri (8463)
Amy S. Malish (28992)
Krebs, Farley & Pelleteri, L.L.C.
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3570
Facsimile: (504) 299-3582
*Attorneys for Aegis Security Insurance Company*

And

24

/s/ Richard E. King
Richard E. King (#25128)
David M. Moragas (#29633)
Matthew J. Lindsay (#30599)
Galloway, Johnson, Tompkins,
        Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
*Counsel For Defendant,*
*Zurich American Insurance Company*

And

 s/Laurie L. DeArmond
PATRICK D. DeROUEN, ESQ. (#20535)
LAURIE L. DeARMOND, ESQ. (#26622)
PORTEOUS, HAINKEL, & JOHNSON
704 Carondelet Street
New Orleans, Louisiana  70130-3774
Telephone: (504) 581-3838
pderouen@phjlaw.com
ldearmond@phjlaw.com
*Attorneys for Armed Forces Ins. Exchange*

And

/s/ Wendy Hickok Robinson
Wendy Hickok Robinson, La. Bar No. 25225
    whrobinson@gordonarata.com
Nina Wessel English, La. Bar No. 29176
    nenglish@gordonarata.com
GORDON, ARATA, MCCOLLAM,
   DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

And

Cari K. Dawson, Georgia Bar No. 213490
    Cari.dawson@alston.com
Daniel F. Diffley, Georgia Bar No. 221703
    Dan.diffley@alston.com
Alston & Bird LLP

1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777
*Attorneys for Safeco Insurance Company*

And

*/s/ A. Jacob Culotta, Jr.*
DAVID P. SALLEY T.A. (#19770)
A. JACOB CULOTTA, JR.  (#26856)
Salley, Hite & Mercer, LLC
365 Canal Street, Suite 1710
New Orleans, LA 70130
Telephone: 504/566-8800
Facsimile:  504/566-8828
*Attorneys For American Bankers Insurance*
*Company Of Florida*

And

*/s/ Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for Defendants Fidelity National*
*Insurance Company And Fidelity National Property*
*And Casualty Insurance Company*

And

*/s/ Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jay R. Sever (Bar #23935)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

*Attorneys For Defendants Scottsdale Insurance Company and Scottsdale Indemnity Company*

And

*/s/   Jacqueline M. Brettner*
George B. Hall, Jr. (Bar #6432)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for American Empire Insurance Company*

And

*/s/   Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

and

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendants The Involved Lloyd's Underwriters*

And

*/s/   Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Nora B. Bilbro (Bar #22955)
Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000

27

New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

And

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendant Homesite Insurance*
*Company*

And

*/s/ Howard B. Kaplan*_____
HOWARD B. KAPLAN (#14414)
BERNARD, CASSISA, ELLIOTT & DAVIS
A Professional Law Corporation
1615 Metairie Road
P.O. Box 55490
Metairie, LA  70055-5490
Telephone:  (504) 834-2612

And

WILLIAM J. WEGMANN, JR. (#13317)
110 Veterans Memorial Blvd., Suite 440
Metairie Louisiana 70005
Telephone: (504) 833-3800
*Counsel for Lafayette Insurance Company,*
*United Fire and Casualty Company*
*and United Fire and Indemnity Company*

And

*/s/ Anthony Rollo*_____
ANTHONY ROLLO (La. #01133)
STEPHEN W. RIDER, T.A. (La. #02071)
McGLINCHEY STAFFORD, PLLC
12th Floor, 601 Poydras St.
New Orleans, LA  70130
Telephone: 504-586-1200
Facsimile: 504-596-2800
*Attorneys for Defendants Meritplan Insurance*
*Company and Balboa Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on the 15th day of December 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

                       /s/ Ralph S. Hubbard_____
                       Ralph S. Hubbard