UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 <br> and consolidated cases |
| PERTAINS TO: BARGE | * <br> * <br> * <br> * | SECTION "K" (2) <br> JUDGE: DUVAL <br> MAG: WILKINSON |
| *Parfait Family v. USA*    07-3500 | * | |

*********************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION OF THIRD-PARTY DEFENDANTS, ORLEANS LEVEE DISTRICT
## AND LAKE BORGNE BASIN LEVEE DISTRICT
## FOR FRCP 59 RECONSIDERATION OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

The levee districts filed a Motion to Dismiss pursuant to FRCP 12(b). The levee districts argued that the Third-Party Complaint of LNA failed to state a claim in either tort contribution or tort indemnity. In its Third-Party Demand (Record Document 9032), LNA argues that it has no liability to the plaintiffs and that the liability for the damages complained of by the plaintiff arise out of the breach of duties of the Orleans Levee District and Lake Borgne Basin Levee District and LNA is therefore "entitled to indemnity, recovery over, and/or contribution…in the full amount of any liability that LNA may incur herein, together with interest, costs and attorney fees".

For the reasons that follow, this Court should reconsider its decision on contribution, not on the premise that LNA has no right for contribution under the maritime law but rather, has not properly pled a claim for contribution and as such claim does not exist, it should be dismissed.

1

## I. STANDARD FOR RECONSIDERATION

"Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the District Court enjoys considerable discretion in granting or denying a Motion for New Trial. *First Commonwealth Corporation v. Hibernia Nat. Bank of New Orleans*, 891 F.2d 290 (E.D. La. 1995), *amended* 896 F.Supp. 634, *affirmed* 85 F.3d 622. There are three grounds upon which a Court may grant a Rule 59 Motion for Reconsideration or to Alter or Amend the Judgment: (1) intervening change in the controlling law has occurred, (2) evidence not previously available or (3) it is necessary to correct clear error of law or prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Publishing Corporation*, 825 F.Supp. 1216 (D.N.J. 1993). *Chadwick v. Layrisson*, 2001 WL 630463 (E.D. La. 2001)"

## II. DISCUSSION

The levee districts would not have this Court revisit the issue as outlined in the Order and Reasons of this Honorable Court, but for the fact that the decision does not address the simple fact that LNA has never articulated definitively a claim for contribution against the levee districts to begin with. This Motion is necessary to correct this manifest error of fact which is one of the criteria to prevail in a Rule 59(e) Motion. *See, Fidelity & Deposit Company v. Omni Bank*, 1999 WL 970526 at *3 (E.D. La. 10/21/99); *Jupiter v. Bellsouth Telecomms., Inc.*, 1999 WL 796218 at *1 (E.D. La. 10/5/99); *Burma Navigation Corp. v. Seahorse*, 1998 WL 781587 at *1 (E.D. La. 11/3/98); *Fields v. Poole Offshore*, 1998 WL 43217 at *2 (E.D. La. 2/3/98), *affirmed* 182 F.3d 353 (5th Cir. 1999). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts". *Edward H. Bohlin Company, Inc. v. Banning Company, Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, where the facts are such that the claim for contribution of LNA as discussed in the Order and Reasons of this Court filed on December 1, 2008 are premised upon a valid claim for

contribution being articulated and such claim is not at all properly articulated, this Court should reconsider granting the Motion to Dismiss on that ground alone. As was stated by the Court, "Lafarge alleges that the levee districts' negligence in designing and maintaining the levees contributed to the damage caused in the Industrial Canal during Hurricane Katrina". (Record Document 16574 at p. 18.) However, under the General Maritime Law, although contribution between joint tortfeasors is generally allowed, any such contribution "rests upon a finding of concurrent fault". See, *Cooper Stevedoring Company, Inc. v. Fritz Kopke, Inc.*, 417 U.S. 106, 113, 94 S.Ct. 2174, 2178-79 (1974). LNA does not allege that the levee districts stand in a joint tortfeasor relationship with LNA. LNA has nothing more than conclusory and "talismanic characterizations of its claims". See, *Kohl's Department Stores, Inc.*, 214 F.R.D. at 413. In fact, LNA simply states that if the Court should find LNA liable unto the plaintiff then liability arises out of the breach of duties of the Orleans Levee District and Lafarge is entitled to indemnity, recovery over, and/or contribution in the full amount of any liability that LNA may incur herein, together with interest, cost and attorney fees. (See Document 9032, paragraph 73, page 22; paragraph 78, page 24.)

Despite an alleged LNA claim for "contribution", LNA does not allege that the levee districts stand in a joint tortfeasor relationship with LNA. There are no allegations that the concurrent fault of the levee districts and LNA caused the plaintiffs' damages. Nor are there any allegations that the levee districts' negligence combined with LNA's negligence to cause the barge to break free from its moorings and crash through the wall. Rather, LNA takes the position that it had no part in the wall failure, but rather that the wall was caused to fail exclusively because of the fault of the levee districts, which is a theory completely in opposite to

3

a finding that the levee districts and LNA are joint tortfeasors. Furthermore, the fact that LNA seeks to recover the "full amount of any liability that LNA may incur herein" (*Id.*) speaks volumes that this is in fact not a claim for contribution, but rather is one for indemnity that this Court has already ruled on. *See, Freeport McMoRan, Inc. v. Energy Catering Services, Inc.*, 35 F.3d 1008, 1012, N.3 (5th Cir. 1994). Simply stated, LNA has not suggested in any way whatsoever that there is a possibility of a finding of concurrent fault, but rather it is clear that LNA seeks indemnity under the theory that "it's him, not me".

Despite LNA's conclusory use of the word "contribution" in its Third-Party Complaints, the nature of the claims made by LNA are claims for indemnity. The United States Fifth Circuit has defined the term "indemnity" as "a shifting of responsibility from the shoulders of one person to another". *Cities Service Company v. Lee-Vac, Ltd.*, 751 F.2d 238, 240 (5th Cir. 1985). It is clear that LNA attempts to place the blame for the flooding that occurred on the third-party defendants exclusively. LNA takes the position that the barge played no role whatsoever in causing the levee breaks at issue. LNA in its prayer asked "if plaintiffs are entitled to judgment, said judgment be solely against third-party defendants...and not against LNA". (See Record Document 9032 at pp. 24-25.) Further, LNA prayed that to the extent that LNA must pay any money to the barge plaintiffs, then LNA was entitled to recover the full amount of any such payments from the third-party defendants. These allegations by LNA are simply inconsistent with a claim for contribution. Nowhere in the Third-Party Complaints does LNA allege any facts suggesting that third-party defendants and LNA are joint tortfeasors whose concurrent fault caused the barge plaintiffs' damages. Rather, LNA seeks to recover the full amount of any monies it is forced to pay barge plaintiffs and seeks to hold the third-party defendants directly

4

liable for the full amount of the barge plaintiffs' damages. Such a claim to recover the "full amount" is not one in contribution, but rather is one in indemnity, which this Court has already ruled on.

The Fifth Circuit has spoken on the nature of such claims and if a party seeks full reimbursement despite labeling such claims as ones for "indemnity and/or contribution", a party seeking such full reimbursement has in fact asserted a claim for indemnity, not a claim for contribution:

> "Energy characterizes its claims against Houma and Freeport as for 'indemnity and/or contribution; it seeks 'full reimbursement...for the amounts paid in maintenance and cure, because Energy...was found free from fault in the accident'. Indemnity permits the indemnitee 'to shift all the loss onto another tortfeasor', whereas contribution 'requires that each tortfeasor pay the proportion of the damages attributable to its actions'. *Hardy v. Gulf Oil Company*, 949 F.2d 826, 830 (5th Cir. 1992) (*citations omitted*). Because Energy seeks 'full reimbursement' from Houma and Freeport (regardless of the fact that Energy's employees (Bertram's) negligence also contributed to the accident (60% fault) that necessitated the maintenance and cure, its claim is for indemnity. *See*, *Bertram v. Freeport McMoRan, Inc.*, 35 F.3d 1008, 1012 n.3 (5th Cir. 1994).

Because LNA seeks only to recover from the levee districts the "full amount" of LNA's liability to barge plaintiffs herein, LNA's claims against the third-party defendant levee districts are clearly ones for indemnity and not for contribution. Thus, the conclusion reached by this Honorable Court in this decision of December 1, 2008 that Lafarge has adequately pleaded the contribution claim results in a manifest error of fact necessitating reconsideration by this Court pursuant to FRCP 59. The levee districts by this Motion are not suggesting that a contribution claim is not permissible under maritime law, but rather, that LNA has never claimed contribution. LNA has always sought indemnity only. Therefore, this Court should exercise its

5

discretion and grant this FRCP 59 Motion and revisit the issue of whether LNA in fact set forth a claim for contribution from a pure fact perspective. Only then can this Court render a just decision based on all of the facts.

### III. CONCLUSION

Third-party defendants, the levee districts, have established that there is a basis to correct a manifest error of fact in this Court's decision of December 1, 2008 denying the Motion to Dismiss as to the claims for contribution. For all of the reasons set forth above, the levee districts respectfully request that this Honorable Court grant this Motion for Reconsideration and dismiss LNA's Third-Party Complaints against the levee districts in their entirety, with prejudice and each party to bear their own costs.

Respectfully submitted,

/s/ *Mark E. Hanna*
_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828

6

        Lafayette, LA 70505-2828
        Telephone: (337) 237-7000
        **ATTORNEYS FOR THIRD PARTY DEFENDANT**

/s/ *Jay Bearden*
_____
JAY BEARDEN (26188)
GARY M. ZWAIN (13809)
DUPLASS, ZWAIN, BOURGEOIS,
MORTON, PFISTER & WEINSTOCK
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TELEPHONE: (504) 832-3700
FACSIMILE: (504) 837-3119
**ATTORNEYS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December ___15___, 2008 a copy of the above and foregoing documents was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Service, First Class, to all non-CM/ECF participants.

/s/ *Mark E. Hanna*
_____
MARK E. HANNA (#19336)
mhanna@mcsalaw.com