UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge* 08-4459 | * | |

**BARGE PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THEIR REVISED PROPOSED SEVENTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES**

Barge Plaintiffs submit this Reply in support of their Motion for Leave to File their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages (Doc. # 16572), in response to (a) the timely December 9, 2008, Opposition filed by defendant Lafarge North America, Inc. ("Lafarge") (Doc. # 16649), (b) the timely December 9, 2008, Opposition filed by Third-Party Defendant Board of Commissioners of the Port of New Orleans ("Dock Board") (Doc. # 16661), and (c) the untimely[1] December 12, 2008, Opposition filed by defendant Orleans Levee District ("OLD") (Doc. # 16702).

---

[1] Local Rule 7.5E requires an opposition to a motion to be filed "no later than the eighth calendar day prior to the noticed hearing date." OLD's arguments should be disregarded.

### A.     <u>Lafarge's Opposition</u>

Plaintiffs' December 1, 2008, Memorandum in support of their Motion stated that Lafarge could not claim prejudice in light of the fact that the revised Proposed Seventh Amended and Consolidated Complaint did not include Arcola Sutton as a proposed plaintiff:

> 15.     Defendant Lafarge cannot claim prejudice.  Lafarge's October 7, 2008, Opposition to Plaintiff's Motion for Leave to File Seventh Amended Complaint (Doc. # 15813), stated at p. 2: "Apart from the untimely and prejudicial addition of Ms. Sutton as a proposed class representative, LNA does not otherwise oppose the filing of plaintiffs' proposed seventh amended complaint, and agrees that the clarification of plaintiffs' allegations is useful."

Lafarge itself identified the inclusion of allegations as to Arcola Sutton as its only reason for opposing the rejected September 25, 2008, version of the Seventh Amended Complaint:

> Lafarge North America Inc. ("LNA") opposes plaintiffs' motion for leave to file a seventh amended complaint (Docs. 15356, 15502) <u>insofar as it seeks to add</u> a new plaintiff and proposed class representative, Arcola Sutton.
>
>           \*                    \*                    \*
>
> Apart from the untimely and prejudicial addition of Ms. Sutton as a proposed class representative, <u>LNA does not otherwise oppose</u> the filing of plaintiffs' proposed seventh amended complaint, and <u>agrees that the clarification of plaintiffs' allegations is useful</u>.

October 7, 2008, Memorandum of Lafarge North America Inc. in Opposition to Motion for Leave to File Seventh Amended Complaint (Doc. # 15813) (emphases supplied), pp. 2-3.[2]

Lafarge has now changed its position by arguing that it based its November 17, 2008 Memorandum in Opposition to Plaintiffs' Motion for Class Certification (Doc. # 16405) on Plaintiffs' Sixth Amended Complaint and it is therefore too late for Plaintiffs to file a Seventh

---

[2] A copy of Lafarge's Opposition is attached hereto as Exhibit 1.

Amended Complaint. This is a self-created claim of prejudice, and a self-created claim of prejudice is insufficient to overcome plaintiffs' showing of good cause for the amendment.

On November 3, 2008—nineteen days after this Court's October 15, 2008, Order (Doc. # 15902) denying Plaintiffs' September 25, 2008, Motion for leave to file the original version of their Seventh Amended Complaint for Damages (Doc. # 15356)—Plaintiffs e-mailed counsel for Lafarge requesting consent for filing a revised form of the Seventh Amended Complaint omitting Arcola Sutton as a named plaintiff and satisfying the sole stated ground for Lafarge's objection. The e-mail referred to the dropping of Arcola Sutton. A copy of the e-mail is attached hereto as Exhibit 2. A copy of the draft proposed revised Seventh Amended Complaint sent to counsel for Lafarge is attached hereto as Exhibit 3.[3]

Lafarge did not respond for eight days. Then, there was a flurry of activity on Veterans' Day:

> ➢ On November 11, 2008, counsel for Lafarge responded not by raising any concern of Lafarge, but saying only that Lafarge thought that the reference to Rule 9(h) had been dropped to satisfy the Dock Board, *i.e.*, the Board of Port Commissioners.[4]
>
> ➢ Plaintiffs confirmed in a reply e-mail the same day that the references to Rule

---

[3] The final version of the Proposed Revised Seventh Amended Complaint submitted to the Court as Exhibit 1 to Plaintiffs' December 1, 2008, Memorandum of Points and Authorities in Support of Their Motion for Leave to File their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages is closely similar and substantively identical to the version presented to Lafarge on November 3, 2008. The final version deleted a mistaken surviving reference to Rule 9(h), made spellings consistent and made formatting changes. A black-line comparison is attached hereto as Exhibit 4.

[4] A copy of Lafarge's November 11, 2008, morning e-mail is attached hereto as Exhibit

9(h) had been removed to satisfy the Dock Board, and continued to say that the omission of references to Rule 9(h) should not concern Lafarge because its Opposition to the Port Commissioners' Motion for Summary Judgment had dropped Lafarge's earlier reliance on Rule 14(c), Fed. R. Civ. Pro.:[5]

> Yes. That is correct. However, based on my understanding, that should not be problematic to your client insofar as the 9(h) allegation was not made in the previous complaint versions, and regardless, your client recently withdrew its assertions relating to Rule 14(c) in its opposition to the Port's MSJ.

➢ In the afternoon of the same day, Lafarge responded and said: "Will look at it again today. However, the inclination was not to agree to a stip. unless you simply omit Arcola Sutton."[6]

➢ Plaintiffs responded shortly and confirmed the omission of Arcola Sutton.[7]

Finally, Lafarge stated on November 12, 2008, that it would not consent to the filing of the revised proposed Seventh Amended Complaint. Its reasoning had nothing to do with Arcola Sutton, and nothing to do with the dropping of references to Rule 9(h), Fed. R. Civ. Pro., and nothing to do with Rule 9(h), Fed. R. Civ. Pro. Instead, Lafarge stated for the first time that it was opposed because its November 17, 2008, Opposition to Class Certification had referred throughout to the allegations of earlier pleadings and not to the Seventh Amended Complaint.[8]

---

6.

[5] A copy of Plaintiffs' November 11, 2008, e-mail response to Lafarge's morning e-mail (Exhibit 5) is attached hereto as Exhibit 6.

[6] A copy of Lafarge's November 11, 2008, afternoon e-mail on Arcola Sutton is attached hereto as Exhibit 7.

[7] A copy of Plaintiffs' November 11, 2008, afternoon e-mail response to Lafarge's afternoon e-mail (Exhibit 7) is attached hereto as Exhibit 8.

[8] A copy of Lafarge's November 12, 2008, e-mail to Plaintiffs is attached hereto as

- 4 -

Lafarge could have told Plaintiffs earlier that it would not agree to the proposed filing, but chose to drag it out.

Lafarge, of course, could also have used the two weeks between the November 3 revised version of the proposed Seventh Amended Complaint and the November 17 filing of its Opposition to class certification to draft its papers in light of the revised version of the proposed Seventh Amended Complaint. It chose not to do so, and instead cited irrelevancies as to Rule 9(h) and dragged out its response until five days before its Opposition to class certification would be filed, and then relied on the self-created shortness of time before its class filing as a brand-new ground for opposition—its third successive ground.

Lafarge's opposition to class certification sought to prejudice Plaintiffs for the absence in the Sixth Amended Complaint of the revised allegations for which Plaintiffs were seeking its consent,[9] while Lafarge's December 9 Opposition to the instant Motion audaciously refers to this Court's statement in its October 15, 2008, Order that Plaintiffs would not be prejudiced by the denial.[10]

Even more audaciously, Lafarge claims that it should be entitled to claim prejudice as to parts of the Seventh Amended Complaint that were unchanged from the earlier rejected version, and which it previously welcomed. Lafarge argues that it should be able to keep the advantage it

---

Exhibit 9.

[9] See Plaintiffs' December 1, 2008, Motion for Leave to File their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages (Doc. # 16572), ¶¶ 3 and 4.

[10] See Lafarge's December 9, 2008, Opposition (Doc. # 16649), ¶ 2 at p. 3. Like the proverbial ostrich, Lafarge ignores the substantive reasons why the amendment is necessary, and argues simplistically that, to the extent the amendment is unimportant, it is unimportant and therefore plaintiffs will not be prejudiced by its denial. Lafarge Opposition at 3.

unfairly obtained by arguing that Plaintiffs would not be prejudiced by denial of their original Motion,[11] then creating the prejudice in its class certification papers.

Lafarge does not object to the specification of the allegations of negligence contained in the proposed revised Seventh Amended Complaint, but objects that the Prayer in the proposed pleading seeks only "general damages in an amount yet to be ascertained," "compensatory damages in an amount yet to be ascertained;" "exemplary/punitive damages in an amount yet to be ascertained;" "prejudgment interest according to law in an amount yet to be ascertained;" (f) "attorneys' fees in an amount yet to be ascertained;" "costs of suit in an amount yet to be ascertained; and, "such other and further relief as this Court may deem proper." Lafarge objects that this does not explicitly detail the responses of individual plaintiffs in discovery that they seek compensatory damages for specific injuries, or specific types of compensatory damages, and claims that plaintiffs lack candor in failing to set forth the discovery responses.

This is baseless:

- ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that a Complaint must set forth every discovery response.
- ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that an Amended Complaint's failure to set forth every discovery response is therefore a lack of candor.
- ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that an Amended Complaint can alter a discovery response.
- ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that

---

[11] Lafarge Opposition (Doc. # ), Exhibit 1, pp. 6-7.

- 6 -

>     any of the types of compensatory damages listed in discovery responses cannot be awarded under the general descriptions in the proposed revised Seventh Amended Complaint.
>
> ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that any of the types of compensatory damages listed in the Sixth Amended Complaint cannot be awarded under the general descriptions in the proposed revised Seventh Amended Complaint.
>
> ➢ Plaintiffs know of no authority—and Lafarge has cited none—to the effect that any of the classwide relief described in Plaintiffs' class certification papers cannot be awarded under the general descriptions in the proposed revised Seventh Amended Complaint.

The removal of any ground on which Lafarge could claim and plaintiff-created prejudice—as opposed to the phantom claims of "prejudice" Lafarge deliberately inflicted on itself for purposes of its opposition to the instant Motion—automatically dispose of Lafarge's claims of prejudice based on the timing of the instant Motion.

In a further illustration of its ostrich approach, Lafarge quoted this Court's October 15 Order (Doc. # 15902) as to the disturbance of case management and scheduling orders that would be caused by adding a new class representative and a new Rule 9(h) allegation, and represents: "That prior reasoning is equally applicable here" without even mentioning that this Court's stated justification for that reasoning had disappeared with the deletion of allegations adding a new class representative, the deletion of allegations invoking Rule 9(h), and Lafarge's own withdrawal of its representations as to Rule 14(c), Fed. R. Civ. Pro., which was the reason

Rule 9(h) had been perceived as a problem. Rounding out the circle of inconvenient facts Lafarge chose not to mention was the Court's December 1, 2008, rescheduling of oral argument on the class certification motion from December 9, 2008, to February 11, 2009.[12] The Court took that action pursuant to a telephone conference call that defense counsel attended, eight days before it made its representations to this Court that nothing important had changed as to the timing of the motion for leave to file the revised pleading.

Finally, Lafarge's attempted distinction of *In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004), *cert. denied sub nom. American Nat. Ins. Co. v. Bratcher*, 543 U.S. 870 (2004), is without merit. The decision stands for the proposition that plaintiffs must be free to revise and update their class descriptions and approaches as the case progresses, and it is immaterial that the case did not involve a motion to amend a Complaint. If a class description and approach can properly be revised as a case progresses, it cannot possibly be prejudicial to reflect the revision in an amended Complaint.

### B.  The Dock Board's Timely, and OLD's Untimely, Objections

Plaintiffs sent their proposed Seventh Amended Complaint to counsel for the third-party defendants Dock Board and OLD on November 4, 2008.[13] The Dock Board did not cite any specific problem or prejudice that would be caused by the filing, but stated that it would oppose the filing out of general cautiousness:[14]

---

[12] A copy of the December 1, 2008, Minute Entry is attached hereto as Exhibit 10. To the extent that Lafarge wishes to refer to any allegations of the Seventh Amended Complaint, it has ample time to fold that into its oral argument.

[13] A copy of Plaintiffs' November 4, 2008, e-mail to these third-party defendants is attached hereto as Exhibit 11.

[14] A copy of the Dock Board's November 7, 2008, e-mail to Plaintiffs is attached hereto

- 8 -

> We are weary of consenting to the filing of any amended Complaint while our summary-judgment motion against Lafarge is still pending. I am taking this cautious stand in order to prevent us from agreeing to something that may inadvertently undermine the basic theory of our motion or a later argument on appeal. That was the whole basis for our opposition to the previous attempt to amend the Complaint. Consequently, we would object to the filing of an amended Complaint at this time.

The OLD stated it would also oppose the filing, but like the Dock Board failed to mention any specific problem or prejudice that would be caused by the filing.[15]

The Oppositions filed by both of these third-party defendants are based on the same fundamental errors.

*First*, the Dock Board and OLD both argue that Plaintiffs' proposed amendment would prejudice their motion for summary judgment as to Lafarge's efforts to seek relief from them under Rule 14(c), Fed. R. Civ. Pro.[16] However, on November 4, 2008—*thirty-five days* before the Dock Board's December 9 Opposition to the instant Motion and *thirty-eight days* before OLD's December 12 Opposition to the instant Motion, Lafarge withdrew its efforts to seek relief under Rule 14(c).[17] This ground for opposition was wholly mooted, and this was the sole basis for these parties' oppositions.

---

as Exhibit 12.

[15] A copy of OLD's November 7, 2008, e-mail to Plaintiffs is attached hereto as Exhibit 13.

[16] Dock Board's December 9, 2008, Opposition, pp. 2-3; OLD's December 12, 2008, Opposition, p. 1 (adopting Dock Board's arguments) and p. 2 (attaching and incorporating by reference its Opposition to Plaintiffs' original September 25, 2008, Motion for leave to file the original version of their Seventh Amended Complaint for Damages (Doc. # 15356)); Attachment A to OLD's December 12, 2008, Opposition (OLD's Opposition to Plaintiffs' September 25, 2008, Motion , p. 2 (Rule 14(c) argument).

[17] A redacted copy of Lafarge's November 4, 2008, Memorandum of Lafarge North America Inc. in Opposition to the Motion for Summary Judgment Filed by the Board of Commissioners of the Port of New Orleans and Adopted by the Orleans Levee District is attached hereto as Exhibit 14.

*Second*, the Dock Board and OLD have both admitted that Plaintiffs' assertion of general maritime law in the rejected September 25, 2008, version of the Seventh Amended Complaint did not matter to anyone because substantive maritime law governs Plaintiffs' claims regardless of whether Plaintiffs alleged that maritime law applied.[18]  In light of their concession that substantive maritime law already applies to this case, it cannot possibly be prejudicial that plaintiffs seek to allege maritime tort damages.  The Dock Board and OLD have argued correctly for an uncontested proposition of law that defeats their claim of prejudice.  They are hoist with their own admitted petard.

### C.     Conclusion

For the reasons stated above, Plaintiffs pray that their Motion be granted.  In preparing this Reply, Plaintiffs have noted that paragraphs 6 and 7 in their revised proposed Seventh Amended Complaint were run together onto the end of paragraph 5.  Plaintiffs have corrected this typographical error in Exhibit 15 attached hereto, making no other change, and are submitting herewith a revised form of proposed Order.

---

[18] Dock Board's December 9, 2008, Opposition, pp. 1-2 (attaching and incorporating by reference its Opposition and Sur-Reply to Plaintiffs' original September 25, 2008, Motion for leave to file the original version of their Seventh Amended Complaint for Damages (Doc. # 15356), Attachment A to Dock Board's December 9, 2008, Opposition (Dock Board's Opposition to Plaintiffs' September 25, 2008, Motion, pp. 16-17; Attachment B to Dock Board's December 9, 2008, Opposition (Dock Board's Sur-Reply to Plaintiffs' September 25, 2008, Motion), pp. 3-9; OLD's December 12, 2008, Opposition, p. 1 (adopting Dock Board's arguments) and p. 2 (incorporating by reference the arguments contained in its Opposition and Sur-Reply to Plaintiffs' original September 25, 2008, Motion for leave to file the original version of their Seventh Amended Complaint for Damages (Doc. # 15356)); Attachment A to OLD's December 12, 2008, Opposition (OLD's Opposition to Plaintiffs' September 25, 2008, Motion, p. 2; Attachment B to OLD's December 12, 2008, Opposition (OLD's Sur-Reply, p. 2.

Respectfully submitted,

/s/_____
SHAWN KHORRAMI  (CA Bar #180411)
DYLAN POLLARD  (CA Bar #180306)
MATT BAILEY  (CA Bar #218685)
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
    Telephone:   (213) 596-6000
    Facsimile:   (213) 596-6010
    skhorrami@kpalawyers.com
    dpollard@kpalawyers.com
    mbailey@kpalawyers.com

/s/ Brian A. Gilbert
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

- 11 -

        /s/ Richard T. Seymour
        Richard T. Seymour (D.C. Bar #28100)
        Law Office of Richard T. Seymour, P.L.L.C.
        1150 Connecticut Avenue N.W., Suite 900
        Washington, D.C.  20036-4129
            Voice: 202-862-4320
            Cell:    202-549-1454
            Facsimile:  800-805-1065 and 202-828-4130
            e-mail: rick@rickseymourlaw.net

            Attorneys for Barge Plaintiffs

Dated: December 15, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document, the accompanying Memorandum and its attachments, the accompanying proposed form of Order, and the accompanying Notice, have been served upon counsel of record, by ECF upload, this 15th day of December, 2008.

/s/ _____
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,