# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| * | | |
| * | | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| * | | SECTION "K" (2) |
| Mumford          05-5724 | * | |
| Lagarde 06-5342 | * | JUDGE |
| Boutte 05-5531 | * | STANWOOD R. DUVAL, JR. |
| Perry 06-6299 | * | |
| Benoit 06-7516 | * | MAGISTRATE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |
| | * | |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN
OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED
BY THE BOARD OF COMMISSIONERS OF THE PORT OF NEW
<u>ORLEANS AND ADOPTED BY THE ORLEANS LEVEE DISTRICT</u>**

Defendant and third-party plai ntiff Lafarge North Am erica Inc. ("LNA") subm its this memorandum in opposition to the motion of the Bo ard of Comm issioners of the Port of New Orleans (the "Dock Board") for summ ary judgment.  Doc. 14710.  The motion was also adopted by the Orleans Levee District (the "OLD").    Doc. 15059.  As we now  show, the motion should be denied in part, and dismissed as moot in part, for the following reasons:



████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

    ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

    3.      Because it h as become apparent that L NA cannot be h eld derivatively liable for any conduct of the Dock Board or the OLD, LNA hereby renounces and withdraws any claim for indemnification (i.e., 100% reco very) again st the Dock Board or OL  D.  Accordingly, to the extent that the summ  ary judgm ent m otion challe nges LN A's claim  for indem nification, that portion of the motion is moot and should not be addressed by the Court.

    4.      Likewise, because LNA has a valid claim for contribution against the Dock Board and the OLD under Rule 14(a), LNA has no interest  in "tendering" the Dock Board or the OLD to the plaintiffs under Rule 14(c) – that is, in      asking for judgm ent for the plaintiffs directly

against the Dock Board and th e OLD.  LNA acco rdingly also hereby  renounces and  withdraws any request for relief under Rule 14(c), thereby rendering this issue moot.

      The Court should not rule on th  is moot Rule 14(c) issue be  cause it turns on a separate issue – whether o r not the plain  tiffs have asse rted an adm iralty o r m aritime claim  under Rule 9(h) – that r elates to par ties other than the Dock  Board and OLD.  For exam ple, with respect to issues such as class ce  rtification, L NA has relied  and is relying on plain  tiffs having asserted a claim under Rule 9(h).  That conc lusion is also supported by Fifth Circuit authority and by plain-tiffs' own statem ent that their com plaints asserted Rule 9(h) claims.  In short, because the Rule 14(c) issue is moot, the Court should not address it now.

████  ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

### D.   <u>LNA Withdraws Any Claim for Indemnity from the Dock Board or OLD</u>

As this case has developed, there appears to     be no possibility that LNA could be held

derivatively liable solely for the actions or inactions of the Dock Board or the OLD.  Accord-

ingly, LNA will not pur sue any cl aim for indemnity again st the Dock Board or the OLD and

hereby withdraws its claim against the Dock Boar d and the OLD for indem nity.  In doing so, of

course, LNA retains its claim against the Dock Board and the OLD for contribution.

## III.   LNA WITHDRAWS ANY PRAYER FO R RELIEF UNDER RULE 14(c), AND THEREFORE THE PORTION OF   THE MOTION RELATING TO RULE 14(c) IS MOOT AND SHOULD NOT BE RULED ON

As described above, LNA's third-party com plaint asks for contribution from the third-

party defendants under Rule 14(a) if LNA is held liable to the plaintiffs.  Doc. 9032 a t ¶¶ 36, 50,

65, 73, and 78 and at p. 25 ¶ (4).

However, separate from and in addition to asking for contribution, the prayer for relief in

LNA's third-party complaint included the f ollowing request: "[ t]hat if plaintiffs are entitled to

judgment, said judgment be solely against" th e United States, the Dock Board, and the OLD.

Doc. 9032 pp. 24-25 ¶ (3).

The Dock Board and OLD argue (Mem . 8-12) that LNA had no right to "tender" them to

the plaintiffs in this way, under Rule 14(c), becau se plaintiffs' complaints against LNA did not

assert an admiralty or maritime claim under Rule 9(h).  Under Rule 14(c), a defendant is allowed

11

to ask for judgment in the plaintiff's favor against a third-party defendant "[i]f a plaintiff asserts an admiralty or maritime claim under Rule 9(h)."

There is no need or basis for the Court to rule on this portion of the motion, however, because LNA has determined that it has no interest in maintaining any request under Rule 14(c) seeking judgment for the plaintiffs against the Dock Board or the OLD. This is so because LNA's interests relating to the Dock Board and OLD are sufficiently protected by, among other things, LNA's valid claim for contribution from those entities under Rule 14(a) if LNA is held liable to the plaintiffs. Therefore, LNA <u>renounces and withdraws</u> any request under Rule 14(c) that judgment be entered for the plaintiffs against the Dock Board or the OLD. It follows that the portion of their motion addressing Rule 14(c) is moot and should not be ruled upon.

Federal courts lack Article III jurisdiction to rule on moot issues.[3] Even apart from Article III, the Court should not rule on the moot Rule 14(c) issue because it turns on an underlying issue – whether plaintiffs have asserted an admiralty or maritime claim under Rule 9(h) – that, although irrelevant as to the Dock Board and OLD, may have a bearing on other issues in this case. For example, LNA is and has been relying on plaintiffs having asserted claims under Rule 9(h) in the course of preparing LNA's response to plaintiffs' motion for class certification. The Fifth Circuit has repeatedly held that a complaint that invokes admiralty or maritime jurisdiction will be deemed to have asserted a claim under Rule 9(h), regardless of any additional references in the complaint. See *T.N.T. Marine Serv. v. Weaver Shipyards*, 702 F.2d 585, 587 (5th Cir. 1983); *Gilmore v. Waterman S.S. Corp.*, 790 F.2d 1244 (5th Cir. 1986). Moreover, the Barge Plaintiffs have expressly said that their complaints asserted claims under Rule 9(h). Doc. 15071.

---

[3]     See, *e.g.*, *United States v. Garcia-Herrera*, 2008 U.S. App. LEXIS 17472 (5th Cir. Aug. 14, 2008) (unpublished); In re Chisholm, 2008 U.S. App. LEXIS 7491 (5th Cir. Apr. 8, 2008) (unpublished).

12

In sum, the Rule 14(c) issue raised by th e Dock Board and OLD is m oot because LNA has renounced and withdrawn any prayer for re     lief under Rule 14(c).  This Court therefore should not address either (1) the Rule 14(c) issue or (2) the underlying Rule 9(h) issue.

## CONCLUSION

The motion by the Dock Board and the OLD (1)     should be denied to the extent that it seeks dismissal of LNA's claim  for contribution,  and (2) should be deem ed moot to the extent that it seeks dism issal of LNA' s claim for indemnity and of LN A's prayer for relief under Rule 14(c), since LNA has withdrawn an y claim  for indem nity and any prayer for relief under Rule 14(c).  Attached as Exhibit 2 is a proposed order consistent with this conclusion.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John               D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel               A. Webb (#13294)
**SUTTERFI               ELD & WEBB, LLC**
Poydras               Center
650               Poydras Street, Suite 2715
New               Orleans, LA 70130
Telephone:               (504) 598-2715

13

*Attorneys for Lafarge North America Inc.*

November 4, 2008

## Certificate of Service

I hereby certify that I have on this 4th      day of Nove mber, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock _____

14