UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | Case No.:  05-4182 and consolidated cases |
| PERTAINS TO:  BARGE | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531<br>*Mumford v. Ingram*     05-5724<br>*Lagarde v. Lafarge*      06-5342<br>*Perry v. Ingram*            06-6299<br>*Benoit v. Lafarge*         06-7516<br>*Parfait Family v. USA*  07-3500<br>*Lafarge v. USA*            07-5178<br>*Weber, et al v. Lafarge*  08-4459 | Hon. Stanwood R. Duval, Jr.<br>Magistrate Judge Joseph C. Wilkinson, Jr. |

### BARGE PLAINTIFFS' MEMORANDUM IN OPPOSITION TO RENEWED MOTION OF LAFARGE NORTH AMERICA INC.  FOR RULE 37 SANCTIONS AGAINST PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Lafarge North America, Inc. seeks the ultimate discovery sanction of dismissal as to certain named plaintiffs.  For several reasons, not the least of which is the forced migration of persons whose homes and livelihoods were destroyed by the very events subject of this suit, Lafarge is not entitled to the relief they propose.

**Agreement as to *Benoit* Plaintiffs subject of the motion, and certain *Parfait* plaintiffs.**

Lafarge and undersigned have reached agreement as to *Benoit* plaintiffs, Albertine Browder, Gaynell Browder, Tom Browder, Myrna Daniels, individually and as natural tutrix of Keina Daniels, Joyce B. Matthews, Hyman Sheppard, and Michael Watts, and as to *Parfait* plaintiffs, Wilson Simmons, Daniel Davis, Tammy McFarland, Artis Ulmer, Jr., William Hunter and Charles Harris. Accordingly, the parties have consented to a two-week continuance of the hearing of Lafarge's motion, but only as to these plaintiffs, during which time, said agreement will be consummated on

the record.  In the meantime,  Lafarge does not consent to continuance of the hearing as to any other *Parfait* plaintiffs also subject of the pending motion.  For the reasons that follow, the Barge PSLC opposes Lafarge's motion as to these remaining *Parfait* plaintiffs not subject of the said agreement.

### Remaining *Parfait* Plaintiffs (those unaffected by the impending agreement).

At least two matters entitled "Parfait" in which Lafarge is a defendant have been filed by Ashton O'Dwyer, (Nos. 05-4237 and 05-3500) each of which includes hundreds of nominal plaintiffs.  Undersigned recognized some time ago that three of these persons, Daniel Weber, Kevin McFarland and Melba Gibson, had also retained undersigned, but until recently, were not named plaintiffs in any suit brought by undersigned.  Upon Judge Duval's orders, undersigned assumed exclusive representation of these persons, and recently filed a separate action naming them (*Weber, et al v. Lafarge North America, Inc.*, et al; USDC EDLA No. 08-4459), which was soon consolidated into this, the Katrina Canal Breach Consolidated Litigation.  These plaintiffs, however, are fully compliant with discovery, and are no longer part of any *Parfait* action.   Any sanction as to these persons is improper.

### Judge Duval's Stay Order

*Parfait*, in its various iterations is inactive due in part to the administrative stay and closure ordered by Judge Duval, and in part to Mr. O'Dwyer's recent change in status and the resulting absence of a contracted attorney on behalf of these persons.  Additionally, the first Parfait suit may have been dismissed already in its entirety, but this is not clear.  In either event, dismissal is not possible.

On June 13, 2008, Judge Duval rendered an Order (Civil Action No. 07-3500, Record Doc. 13) stating:

"**IT IS ORDERED** that the above-numbered suits shall be **STAYED** and **STATISTICALLY**

**CLOSED** until such time as Mr. O'Dwyer complies with the aforementioned orders of the court."

The referenced cases, Nos. 05-4181,06-1885, 06-4024, 06-4389, 06-5771, 06-5786, 06-6099, 07-0206, 07-3500, 07-3612, 07-5023, 07-5040, 06-1850**,** include the Parfait matter subject of Lafarge's present motion (No. 07-3500).  This stay has not been lifted.  The effects are manifold, but include:

1. In effect, the stay and closure placed the suit in a state of suspension, during which no party could act with respect to that suit.  While subject to stay, the parties could not conduct discovery, and deadlines for doing so were without effect on the litigants.  However, the stay also prevents the Parfait plaintiffs from prosecuting their claims in their status as Parfait plaintiffs, and obviates any concern Lafarge may have about not having received discovery responses.

2. The stay and closure also prevented parties to Parfait, 07-3500, from engaging in motions practice.  This is still the case, and the still-pending stay deprives Lafarge of standing to bring the present motion.

To sanction the Parfait plaintiffs under these circumstances would be inequitable, as is also true in light of their attorney's recent change in status.

### Mr. O'Dwyer

As much of the New Orleans bench and bar are already aware, Mr. O'Dwyer has recently been disciplined by the United States District Court for the Eastern District of Louisiana acting *en banc*.  The result of these sanctions is that Mr. O'Dwyer's Parfait plaintiffs hang in legal limbo.  Though the Barge PSLC has generalized duties to protect their interests, undersigned are not enrolled specifically on their behalf as nominal *Parfait* plaintiffs, and lack standing to act further than the duties of the PSLC permit.  Neither is Mr. O'Dwyer able to act, albeit for different reasons.  As the

Court is already aware, Mr. O'Dwyer expressly declined when asked by counsel for Lafarge to provide discovery responses.  Though the PSLC advocates in this pleading on the unrepresented *Parfait* plaintiffs' behalf, to sanction them for derogations to which they were not privy, and in which they were not complicit, and which they could do nothing to prevent, and while they lack counsel, would be unjust.

**Scope of Lafarge's Motion:  Parfait v. United States, et al, C.A. No. 05-4237.**

As stated above, Parfait exists, or has existed, in more than one iteration.  Which of these matters are still pending, albeit subject to the stay, and which are already dismissed, is somewhat unclear given a very confusing record.

Lafarge was named a defendant in Mr. O'Dwyer's suit, Parfait, et al v. United States of America, et al, USDC EDLA No. 05-4237.  On September 7, 2007, at Record Doc. 43 in that matter, Judge Berrigan dismissed the entire matter for plaintiffs' failure to exhaust administrative remedies under the Federal Tort Claims Act.  This Judgment appears to have been rendered without distinction between Federal and private defendants.  On June 9, 2008, at Record Doc. 56, Judge Berrigan granted Mr. O'Dwyer's motion for a Fed. R. Civ. P. 54(b) Judgment, thereby dismissing the United States defendants, dismissing Ingram Barge Company, Inc. in light of their exoneration from liability, and transferring to Section K claims against Joseph C. Domino, Inc. and Unique Towing, Inc.  This June 9, 2008 judgment is silent as to Lafarge.  Mr. O'Dwyer noticed an appeal on June 12, 2008, 05-4237, Record Doc. 57, of Judge Berrigan's June 9, 2008 Judgment.  However, the appeal, No. 08-30626, was finally dismissed from the United States Fifth Circuit on February October 30, 2008 for want of prosecution. [1]  It would seem that Parfait, 05-4237 is terminated and closed.  However, in an abundance of caution, the Barge

---

[1] On February 29 and March 11, 2008, the Fifth Circuit dismissed several other appeals apparently by the same plaintiffs/appellants, and also arising out of the original Parfait matter, 05-4237, primarily for lack of jurisdiction.

PSLC reiterates its opposition to sanctions, for the reasons expressed above, namely, the pending stay and the fact that the plaintiffs are without counsel.

**Scope of Lafarge's Motion:  Parfait v. United States, et al, C.A. No. 07-3500.**

As stated above, though still pending, this second *Parfait* matter against Lafarge, brought shortly after Judge Berrigan's dismissal of the original *Parfait* matter naming Lafarge, is subject to stay and closure.  However, it does appear that an appeal of Judge Duval's ruling dismissing the United States is now pending, which does not affect the fact that District Court claims against Lafarge are subject to the stay and closure.  For the same reasons stated above, sanctions against these Parfait plaintiffs would be inequitable and unjust.  They are not to blame for the absence of discovery responses.  Furthermore, dismissal, while potentially giving rise to professional liability claims against Mr. O'Dwyer, effectively deprives them of any reasonable hope of recourse given Mr. O'Dwyer's present status.

**Alternate Relief Proposed**

Though it is undersigned's clear position that the stay order and Mr. O'Dwyer's suspension mitigate the reasons for Lafarge's complaints, and prevent the sanctions Lafarge seeks against the remaining *Parfait* plaintiffs, the Barge PSLC respectfully suggests that if the ultimate sanction of dismissal is available for consideration as to the remaining *Parfait* plaintiffs subject of the motion, that any such order be rendered without prejudice to the affected plaintiffs.  No lack of diligence or bad faith can be attributed to these persons who have been unable to respond to discovery of which they were unaware, and whose suit has been stayed because of their attorney, not them.

## CONCLUSION

While certain portions of Lafarge's motion are moot in light of an agreement to be reduced to writing for the record, Lafarge is not entitled to the wholesale relief sought given the

effect of Judge Duval's stay of *Parfait*, and the *Parfait* plaintiffs' lack of representation at present.

December 16, 2008.

          Respectfully Submitted,

          /s/Brian A. Gilbert
          Brian A. Gilbert, Esq.(21297)
          LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
          821 Baronne Street
          New Orleans, Louisiana 70113
           Telephone: (504) 885-7700
           Telephone: (504) 581-6180
           Facsimile: (504) 581-4336
           e-mail: bgilbert@briangilbertlaw.com

          /s/ Lawrence D. Wiedemann,
          Lawrence D. Wiedemann.(13457)
          Karl Wiedemann (18502)
          Karen Wiedemann (21151)
          WIEDEMANN & WIEDEMANN
          821 Baronne Street
          New Orleans, Louisiana 70113
           Telephone: (504) 581-6180
           Facsimile: (504) 581-4336
           e-mail: lawrence@wiedemannlaw.com,
           karl@wiedemannlaw.com,
           karen@wiedemannlaw.com,

          /s/ Patrick J. Sanders
          Patrick J. Sanders (18741)
          3316 Ridgelake Drive
          Suite 100
          Metairie, LA 70002
           Telephone: 504-834-0646
           e-mail: pistols42@aol.com

          /s/ Richard T. Seymour
          Richard T. Seymour (D.C. Bar #28100)
          Law Office of Richard T. Seymour, P.L.L.C.
          1150 Connecticut Avenue N.W., Suite 900
          Washington, D.C.  20036-4129
           Voice: 202-862-4320
           Cell:   202-549-1454

        Facsimile:  800-805-1065
        and 202-828-4130
        e-mail: rick@rickseymourlaw.net,

/s/ Lawrence A. Wilson
Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
    Telephone: (212) 608-4400
    Facsimile: (212) 227-5159
    e-mail: lwilson@wgdnlaw1.com,
    ddruker@wgdnlaw1.com


/s/Shawn Khorrami
Shawn Khorrami (CA SBN #14011)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
    Telephone: (213) 596-6000
    Facsimilie: (213) 596-6010
    e-mail:  Skhorrami@kpalawyers.com;
    Mbailey@kpalawyers.com


## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record by depositing the same in the U.S. Mail, postage prepaid, and/or via ECF upload, this 16th day of December, 2008.


\s\Brian A. Gilbert