# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL | * | |
| BREACHES | | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAGISTRATE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

## MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO MOTION FOR LEAVE TO FILE SEVENTH AMENDED COMPLAINT

Lafarge North America Inc. ("LNA") opposes plaintiffs' motion for leave to file a seventh amended complaint (Docs. 15356, 15502) insofar as it seeks to add a new plaintiff and proposed class representative, Arcola Sutton.

Plaintiffs cannot possibly make a showing of "good cause" under Fed. R. Civ. P. 16(b) to belatedly add Ms. Sutton as a new plaintiff. All relevant facts and information concerning Ms. Sutton are and have been in the sole control of the plaintiffs themselves, and thus plaintiffs have no excuse for waiting until a year after the deadline for amendments to add this plaintiff. Also, adding Ms. Sutton as a proposed class representative would violate this Court's limits on the number of class representatives for each class and subclass. Furthermore, LNA would be severely prejudiced by the belated addition of a new representative plaintiff because no

discovery has been obtained from Ms. Sutton, and all applicable deadlines for class certification fact and expert discovery have expired. Finally, even if deadlines were now reopened, it would be impossible for LNA to carry out the fact discovery and expert analysis that would be needed with respect to this new plaintiff, and the category of claims she purports to represent, without a significant revision of both the class certification schedule and the trial schedule.

Apart from the untimely and prejudicial addition of Ms. Sutton as a proposed class representative, LNA does not otherwise oppose the filing of plaintiffs' proposed seventh amended complaint, and agrees that the clarification of plaintiffs' allegations is useful.

## BACKGROUND

As plaintiffs acknowledge (Pl. Mem. at 4), the Court's scheduling order provided that after September 28, 2007, no further amendments to pleadings would be permitted without a showing of good cause. Doc. 7724 at 3-4. Nevertheless, in October 2007, plaintiffs sought to file a Sixth Supplemental and Amended Complaint setting forth their allegations regarding class certification. Doc. 8250. The amended complaint, as ultimately submitted,[1] identified the specific class representatives and the classes and subclasses that they purported to represent. Doc. 8779. The complaint did not name Arcola Sutton as a plaintiff, and did not allege that any class representatives or members sustained personal physical injuries.[2] At the time of these amendments, Arcola Sutton was already represented by plaintiffs' counsel and in fact had filed her own claim in the Ingram limitation action in August 2006.[3]

---

[1] Plaintiffs withdrew the initial proposed complaint and moved to substitute a new complaint to correct substantive errors in the document. See Docs. 8565 and 8635.

[2] Rather, the only "personal injury" alleged in this complaint was that class members had "sustained personal injuries in the form of emotional distress to a common degree as a result of the flooding…." Doc. 8779 at 2.

[3] See Doc. 223 in No. 05-4419. at 28. Arcola Sutton is also apparently a close relative of Rico Sutton, one of the proposed representatives named in the Sixth Amended Complaint.

The Court granted plaintiffs' motion to file their sixth amended complaint in October 2007, making clear that it considered plaintiffs' amendments to be long overdue. "Obviously," the Court wrote, "allegations that describe the proposed class and identify the specific class representatives are vital in a putative class action, like these cases." Doc. 8775. The Court added: "Who can say why these critical allegations concerning the proposed class were not included in the original complaint or in the previous five amendments? Certainly, they need to be known now." *Id.*

Under the Court's amended case management order, written discovery responses from all of the individual plaintiffs in all of the consolidated cases were required to be served no later than December 28, 2007. See Doc. 7724 at 8; Doc. 13557-2 at 2. After many plaintiffs failed to respond and others responded only partially, LNA filed a motion to compel, which the Court granted in April 2008. Doc. 12824. After many plaintiffs failed to comply with the Court's order compelling discovery, LNA moved for sanctions including dismissal against the non-complying plaintiffs. Doc. 13557. Although the Court denied LNA's sanctions motion, it required all named plaintiffs who had not provided full and complete responses to do so by September 5, 2008. Doc. 14300. Thus, as of October 2008, any named plaintiff that has not provided full and complete responses is in violation of two separate orders from this Court. Arcola Sutton, not having previously been identified as a plaintiff in any of the consolidated cases, has provided ***no written discovery responses***.

Under Case Management Order No. 7, plaintiffs were required to file their motion for class certification by May 16, 2008. Doc. 12935. CMO No. 7 required plaintiffs to "describe each proposed class and sub-class and designate proposed class representatives (not to exceed five (5) in number) for each proposed class and/or each proposed sub-class." *Id.* at 3. The order

required plaintiffs to "identify, for each class representative whether that class representative is making a personal injury or wrongful death claim." *Id.* Plaintiffs' class certification motion identified a total of eight proposed class representatives from among the named plaintiffs who had previously joined this litigation, with each proposed subclass having no more than five proposed representatives. Doc. 13166. Plaintiffs' motion did not identify any class representative who was making a personal injury claim. Subsequently, plaintiffs amended their interrogatory responses to make clear that "none of the named plaintiffs other than Josephine Richardson is asserting a claim for personal injury for anything other than emotional distress," and that Ms. Richardson's claim was only for the wrongful death of her husband. Doc. 13803-2 at 38; Doc. 13860-3 at 23. Plaintiffs said, however, that "non class representative named plaintiffs will assert bodily injury claims." Doc. 13803-2 at 39; Doc. 13860-3 at 24. Thus, plaintiffs' responses, served while class certification fact discovery was open, eliminated personal bodily injury as a class certification issue and left it for individual adjudication.

LNA relied on plaintiffs' responses in taking class certification fact discovery and in preparing its class certification expert reports. For instance, LNA sought and obtained a Rule 35 psychiatric examination for each of the plaintiffs designated to represent the proposed "emotional distress" subclass. However, because no class representative plaintiff asserted any personal physical injury, LNA did not seek a Rule 35 physical examination for any of the named plaintiffs, as it surely would have done. Similarly, although LNA retained experts to prepare reports addressing plaintiffs' claims of class-wide emotional distress, there was no occasion for LNA to retain any experts to address bodily injury as a class-wide issue. Because the deadline for LNA's class certification expert reports expired on August 28, 2008, Doc. 13632, it is now

too late for LNA to retain an expert to address claims of class-wide personal physical injury such as plaintiffs propose through the addition of Arcola Sutton as a class representative.[4]

## ARGUMENT

Plaintiffs concede that their motion seeks to amend a scheduling order deadline after that deadline has expired, and that they must therefore establish "good cause" for their motion under Fed. R. Civ. P. 16(b). Doc. 14356-2 at 3. They contend, however, that they can satisfy each of the four criteria for showing good cause: (1) the explanation for the failure to timely move for leave to amend; (3) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[5] In fact, however, plaintiffs run afoul of all four criteria in attempting to belatedly add Arcola Sutton as a proposed representative plaintiff.

### A. **Plaintiffs Have No Excuse for Failing to Timely Ms. Sutton as a Representative**.

Plaintiffs' motion makes no attempt to explain or excuse their untimely attempt to add Arcola Sutton. Though their memorandum suggests that "a tremendous body of knowledge [has] since been acquired" since September 2007 concerning a variety of issues (Pl. Mem. at 4), not a single one of those issues has anything to do with Arcola Sutton. To the contrary, the facts concerning Arcola Sutton and her claims were known to plaintiffs' counsel – or at least entirely knowable – no later than August 2006, when plaintiffs asserted a claim on behalf of Ms. Sutton in the *Ingram* limitation action.[6] Thus, all facts concerning Ms. Sutton, including any facts that qualify her as a potential class representative, were within plaintiffs' grasp long before the 2007

---

[4] Plaintiffs assert in their memorandum (at 8) that "class certification discovery is still underway by agreement between the parties to the Barge Litigation Track." In fact, such discovery has been fully completed except for the deposition of one of plaintiffs' experts (Don Green), which has been continued at plaintiffs' insistence because Mr. Green was displaced by Hurricane Ike.

[5] *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

for amending pleadings.  In these circumstances, the Fifth Circuit has repeatedly held that denial of leave to amend is entirely proper and warranted.[7]

Plaintiffs also attempt to excuse their untimely amendment on the ground that this case is "more complex than the typical civil action."  Pl. Mem. at 5.  That is no excuse at all, but rather a reason for plaintiffs to have exercised care in their previous filings.  As the Court observed in October 2007, in allowing plaintiffs to file an untimely sixth amended complaint, the identity of the class representatives is "vital" and such information "need[ed] to be known" *at that time*. Doc. 8775.  In light of this admonition, and given their unique access to the facts and allegations of their own clients and claimants, plaintiffs' failure to include Ms. Sutton as a proposed class representative can only be the result of plaintiffs' counsel's own "lassitude, dilatory conduct, undue or inexcusable delay or neglect," to use their own words.  Pl. Mem. at 5.[8]

### B.  Plaintiffs Have Not Demonstrated the Importance of the Amendment.

Though plaintiffs' memorandum states that their proposed amended complaint is needed to articulate their allegations "in the most clear and cogent manner possible," and to "harmonize and clarify" their allegations, Pl. Mem. at 6-7, it does not contain a single reason why it is important for them to belatedly add a new representative plaintiff.

The addition of Ms. Sutton as a proposed representative plaintiff would, moreover, violate this court's limits on the permissible number of representative plaintiffs.  The Court has

---

[6] See Doc. 223 in No. 05-4419, at 28.

[7] See *Southwestern Bell*, 346 F.3d at 546 (awareness of facts in advance of deadline was grounds to deny amendment); *S&W Enterprises v. Southeast Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) (leave to amend properly denied where "the same facts were known to S&W from the time of its original complaint to the time it moved for leave to amend"); *In re. Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (leave to amend properly denied where facts were "known to the party" at the time of the previous complaint).

[8] See, *e.g.*, *Sanders v. Washington Mut. Home Loans, Inc.*, 2006 U.S. Disc. LEXIS 46146 (E.D. La., June 29, 2006) (Wilkinson, J.) (denying leave to amend where plaintiff proffered no explanation for late filing and no good reason appeared for tardiness); *Brown v. Tangipahoa Parish Sch. Sys.*, 2006 U.S. Dist. LEXIS 77291 (E.D. La. Oct. 23, 2006) (denying leave to amend where plaintiff knew underlying facts and could have timely included allegations).

set a limit of five proposed class representatives for "each proposed class and/or each proposed subclass."  Doc. 12935 at 3.  Even without Ms. Sutton, plaintiffs' recently-filed class certification memorandum proposes nine class representatives for the class as a whole and five class representatives for each of their two subclasses.  See Doc. 15549 at 3-7.[9]  By definition, it cannot be "important" to allow an amendment that would violate the Court's order limiting the number of proposed class representatives.

### C. **Allowing the Amendment Will Prejudice LNA**.

The prejudice of the proposed amendment is obvious.  A timely amendment would have permitted LNA to obtain written discovery concerning Ms. Sutton, to obtain a timely Rule 35 examination of Ms. Sutton for use in developing expert evidence germane to class certification, and to retain experts to address her allegations and their relationship to plaintiffs' class certification claims.  Because all deadlines for class certification fact and expert discovery have elapsed, however, allowing the amendment would deprive LNA of relevant class certification discovery and of the opportunity to develop expert analysis and evidence.  This Court's prior orders concerning discovery have recognized the prejudice that LNA suffers by virtue of untimely discovery responses by the plaintiffs.  See, *e.g.*, Doc. 14525 at 10 (denying motion to withdraw deemed admissions due to prejudice of late responses).  Adding a new class representative plaintiff at the thirteenth hour, after all discovery deadlines have elapsed, would be no less prejudicial to LNA.

Plaintiffs argue, however, that they "are already preparing discovery responses to be tendered on behalf of Arcola Sutton" and "are prepared to produce her for deposition with very

---

[9] Not counting Ms. Sutton, the proposed representatives for the class as a whole are Ethel Mumford, Josephine Richardson, Jimmie Harris, Michael Riche, Bob Glaser, Dianne Glaser, Herman Koch, and Aida Koch.  *Id.* at 3. The proposed representatives for Subclass One are Ethel Mumford, Josephine Richardson, Jimmie Harris, Herman

little notice." Pl. Mem. at 8. But the time for such discovery has long passed. The parties have retained experts based on the fact discovery provided, and the experts have assimilated the fact discovery into their reports, which have now been served. Providing piecemeal discovery after the fact cannot cure the prejudice from having failed to comply with the Court's deadlines. See, *e.g., S&W Enterprises*, 315 F.3d at 537 (finding that prejudice existed based on need to conduct additional discovery). Furthermore, given plaintiffs' poor track record in providing timely and complete discovery responses necessitating two rounds of motions, there is no reason to suppose that plaintiffs will deliver on their promise to provide timely and complete discovery with respect to Ms. Sutton any time soon.[10]

### D. A Continuance Would Disrupt the Class Certification and Trial Schedule.

The final criterion is whether the prejudice to LNA can be avoided by a continuance. Plaintiffs suggest no continuance would be needed because "class certification discovery is still underway by agreement between the parties, merits discovery still does not end until March of 2009, and trial is still scheduled for July 2009." Pl. Mem. at 8. However, the only class certification discovery left open is the deposition of plaintiffs' Houston-based expert, Donald Green, whose deposition has been postponed first due to Hurricane Gustav and now due to Hurricane Ike. The delay in his deposition does not excuse or permit the designation of a new representative plaintiff from whom ***no*** discovery has been received.

---

Koch, and Aida Koch. *Id.* at 3-6. The proposed representatives for Subclass Two are Michael Riche, Bob Glaser, Dianne Glaser, Herman Koch, and Aida Koch. *Id.* at 3-7.

[10] Plaintiffs also argue that there is no prejudice because little discovery was taken with respect to the class representatives who are being *withdrawn,* noting that "Mr. Sutton's deposition was cancelled." Pl. Mem. at 8. In fact, plaintiffs' counsel waited to cancel the deposition ***until the day that the deposition was noticed to occur***. By that time, LNA counsel had fully prepared to take Mr. Sutton's deposition and had set aside the entire day, which was wasted when plaintiffs cancelled the deposition at the last minute. To the extent these facts are relevant to the issue of prejudice, they militate against allowing the amendment, not in favor of doing so.

If Ms. Sutton is allowed to be joined as a class representative plaintiff, then LNA will require full written discovery from her. LNA will also require the opportunity to evaluate such discovery and determine whether a Rule 35 physical examination is necessary. And LNA will require the opportunity to retain one or more experts to address Ms. Sutton's claims as they impact class certification. This will engender a significant extension in the class certification schedule, measured in months.

Plaintiffs and LNA have agreed that class certification should and must be decided before any individual trials are conducted. See Doc. 15534 at 5-6. Accordingly, an extension of the class certification schedule will necessitate an extension of the July 2009 date for conducting individual trials of any individual plaintiffs. See *S&W Enterprises*, 315 F.3d at 537 (finding continuance would "unnecessarily delay the trial").[11] Thus, if a continuance is the proposed cure for the prejudice to LNA from the late addition of a proposed class representative, it will have to be a significant continuance.

## CONCLUSION

Plaintiffs' motion to file a seventh amended complaint should be denied insofar as it seeks to add Arcola Sutton as a new proposed representative plaintiff.

---

[11] Given the absence of any discovery, there is no possibility that Ms. Sutton can be timely evaluated as a candidate for an individual trial in July 2009.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

  /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*

October 7, 2008

## Certificate of Service

I hereby certify that I have on this 7th day of October, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock