Case 2:05-cv-04182-SRD-JCW Document 16790-15 Filed 12/18/08 Page 1 of 2

# MUDDY WATERS

## THE ARMY ENGINEERS AND THE NATION'S RIVERS

ARTHUR MAASS

Foreword by Harold L. Ickes

623 M111
COP. 2

Harvard University Press
Cambridge · Massachusetts

1951

NOV 24 1961

Case 2:05-cv-04182-SRD-JCW Document 16790-15 Filed 12/18/08 Page 2 of 2

Engineers, some years ago, built a great earth dam. It is not generally known, but as it was being filled, a serious fault developed. The Army Engineers hurried without fanfare to Washington to beg for more money in order to make good on their own bad engineering. Unofficial expert opinion was to the effect that, if this break had occurred when the dam was full, or nearly full, it would have caused one of the most disastrous floods in history.

Not only have the Army Engineers invaded the jurisdiction of the Bureau of Reclamation, they have carried on undercover campaigns for other projects that will never pay any return to the Federal Government for money lavishly expended. They persuaded the Congress to approve a Federal handout of millions of dollars to assist local groups in building the Cherry Valley Reservoir in California for irrigation and power purposes, title to which remains in the names of the private owners. In one Middle Western state, the Corps arbitrarily decided that the Reclamation laws do not apply and cheekily recommended that it be authorized to furnish cut-rate irrigation service contrary to law, thereby creating inequities between states in different parts of the country. It would seem obvious that one reclamation district should not be given free irrigation water or cut-rate service by the Army Engineers, while another is required to pay the going rate for its water and its surveys.

As Dr. Maass realizes, the Corps of Engineers has not coördinated its activities with those of other agencies of the executive branch. He adds what ought to be a truism, but not so far as this introvert agency is concerned: "An administrative agency should be responsible for formulating, as well as executing, public policy. The agency has a responsibility to seek a legislative policy that is clear, consistent, feasible, and consonant with community values. The Corps of Engineers contends that it is not, and should not be, concerned with policies. The development of policies and programs is regarded as the sole duty of Congress. The Corps considers itself as no more than the executing agent of specific Congressional directives — 'the engineer consultants to, and contractors for, the Congress of the United States.' "

This conception of the Corps' duty would make of it an administrative monstrosity. Some obsequious lackey of the Army Engineers ought to supply an ice bag for the nigh-bursting head of the Engineers and advise "the Engineer consultants to, and contractors for,