```
 1                UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF LOUISIANA

 3
    ****************************************************************
 4
    IN RE:  KATRINA CANAL
 5   BREACHES CONSOLIDATED
    LITIGATION
 6
                              CIVIL ACTION NO. 05-4182
 7                             SECTION "K"(2)
                              NEW ORLEANS, LOUISIANA
 8                             THURSDAY, MAY 1, 2008, 1:30 P.M.

 9   PERTAINS TO:   ROAD HOME

10   LOUISIANA STATE,
    C.A. No. 07-5528
11
    ****************************************************************
12

13              TRANSCRIPT OF MOTIONS PROCEEDINGS
         HEARD BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.
14                 UNITED STATES DISTRICT JUDGE

15

16   APPEARANCES:

17


18   FOR DUDENHEFER LAW FIRM;
    FAYARD & HONEYCUTT;
19   MCKERNAN LAW FIRM;
    RANIER, GAYLE AND ELLIOT, LLC;
20   PAUL AUCOIN;
    DOMENGEAUX WRIGHT
21   ROY & EDWARDS:           STANLEY , FLANAGAN & REUTER
                             BY:  RICHARD C. STANLEY, ESQUIRE
22                                THOMAS P. OWEN, JR, ESQUIRE
                             LL&E TOWER
23                            909 POYDRAS ST.
                             SUITE 2500
24                            NEW ORLEANS, LA 70112

25
```


EXHIBIT A

```
 1  FOR CHARLES C. FOTI, JR.;
    DOMENGEAUX WRIGHT ROY &
 2  EDWARDS, L.L.C.;
    DUDENHEFER LAW FIRM;
 3  FAYARD & HONEYCUTT, A.P.C.;
    GAUTHIER, HOUGHTALING &
 4  WILLIAMS, LLP;
    MCKERNAN LAW FIRM;
 5  MURRAY LAW FIRM;
    RAINER, GAYLE AND ELLIOT,
 6  L.L.C.;
    PAUL AUCOIN:              BASILE J. UDDO
 7                            ATTORNEY AT LAW
                              3445 N. CAUSEWAY BLVD.
 8                            SUITE 724
                              METAIRIE, LA 70002
 9

10  FOR LOUISIANA STATE:      CUMMINGS, CUMMINGS & DUDENHEFER
                              BY:  FRANK C. DUDENHEFER JR, ESQUIRE
11                            416 GRAVIER ST.
                              NEW ORLEANS, LA 70130
12

13                            FAYARD & HONEYCUTT
                              BY:  CALVIN C. FAYARD, JR., ESQUIRE
14                            519 FLORIDA AVE., SW
                              DENHAM SPRINGS, LA 70726
15

16
    FOR STATE FARM FIRE
17  AND CASUALTY COMPANY
    AND STATE FARM GENERAL
18  INSURANCE COMPANY:        STONE PIGMAN WALTHER WITTMANN
                              BY:  WAYNE J. LEE, ESQUIRE
19                                 ANDREA. L. FANNIN, ESQUIRE
                              546 CARONDELET STREET
20                            NEW ORLEANS, LA  70130-3588

21
                                       AND
22

23                            SUTHERLAND ASBILL & BRENNAN LLP
                              BY:  STEUART H. THOMSEN, ESQUIRE
24                            1275 PENNSYLVANIA AVE., NW
                              WASHINGTON, DC 20004-2415
25
```

```
 1  FOR THE HANOVER INSURANCE
    COMPANY, THE HANOVER
 2  AMERICAN INSURANCE COMPANY,
    AND MASSACHUSETTS BAY
 3  INSURANCE COMPANY, AND
    UNITED SERVICES AUTOMOBILE
 4  ASSOCIATION, ALSO SEPARATELY
    NAMED BY PLAINTIFFS AS USAA,
 5  USAA CASUALTY INSURANCE
    COMPANY AND USAA GENERAL
 6  INDEMNITY COMPANY, AND
    HORACE MANN INSURANCE
 7  COMPANY, TEACHERS INSURANCE
    COMPANY, AND HORACE MANN
 8  PROPERTY & CASUALTY
    INSURANCE COMPANY:         LUGENBUHL, WHEATON, PECK, RANKIN &
 9                             HUBBARD
                               BY:  RALPH SHELTON HUBBARD, III
10                                  SETH A. SCHMEECKLE, ESQUIRE
                               60L POYDRAS ST.
11                             SUITE 2775
                               NEW ORLEANS, LA 70130
12

13
    ALSO PRESENT:              JUDY Y.  BARRASSO, ESQUIRE
14                             RICHARD L. FENTON, ESQUIRE
                               ISABEL B. WINGERTER, ESQUIRE
15                             BRETT M. POWERS, ESQUIRE

16
                               N. FRANK ELLIOT, III, ESQUIRE
17                             WANDA EDWARDS, ESQUIRE
                               HOWARD B. KAPLAN, ESQUIRE
18                             ASHTON O'DWYER, ESQUIRE

19
                               GORDON P. SEROU, JR., ESQUIRE
20                             PAUL G. AUCOIN, ESQUIRE
                               JAMES ROY, ESQUIRE
21                             JAMES DUGAN, ESQUIRE

22

23

24

25
```

1  through the creation of subclasses at the time of class
2  certification. And if Your Honor denies class certification, the
3  problem probably disappears entirely.
4             Now, the Fifth Circuit also --
5        THE COURT: Your case may disappear as well. But go
6  ahead.
7        MR. STANLEY: Well, that's true. That's true. But
8  again, I think elevating the disqualification motion preanswer
9  and precertification highlights these hypothetical what-if
10 questions, and we can all, frankly, get headaches trying to
11 figure out how to solve them before we take the other procedures
12 in the line of duty.
13            Now, the Fifth Circuit, in its remand order,
14 suggested another issue and that is the idea of perhaps the State
15 and the individual class members should be separated. And again,
16 depending on what Your Honor considers in that, and I'm not here
17 to reargue remand, believe me, that also can have an impact on
18 the question before the Court today. If the State of Louisiana
19 were sent back with its claims and the individual class members
20 remained here with theirs, that could have an impact.
21       THE COURT: To me it's like when I first read that, I'll
22 give you the image I got, it's like trying to divide a Siamese
23 twin and one of them is going to die it seems like to me. Or
24 both. I'm not quite sure metaphysically, it's almost
25 metaphysical but I understand your point and I did read with

REPORTER'S CERTIFICATE

I, Cathy Pepper, Certified Realtime Reporter, Registered Professional Reporter, Certified Court Reporter, Official Court Reporter, United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

S/ *Cathy Pepper*

Cathy Pepper, CCR, RPR, CRR

Official Court Reporter

United States District Court

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * | Civil Action No. 05-4182 |
| * | Consolidated Litigation |
| * | REF 07-5528K |
| _____ * | |
| PERTAINS TO:                  * | Section "K" |
| RECORD DOCUMENT # 8319, 8593  * | |
| * | New Orleans, Louisiana |
| * * * * * * * * * * * * * * * * | November 14, 2007 |

MOTION TO REMAND HEARING,
BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiffs<br>Louisiana State: | Fayard & Honeycutt<br>By:  CALVIN C. FAYARD, JR., ESQ.<br>519 Florida Boulevard<br>Denham Springs, Louisiana 70726 |
| | Dudenhefer Law Firm, LLC<br>By:  FRANK DUDENHEFER, JR., ESQ.<br>601 Poydras Street, Suite 2655<br>New Orleans, Louisiana 70130 |
| | State of Louisiana<br>Office of the Attorney General<br>Consumer Protection Section<br>By:  ISABEL WINGERTER, ESQ.<br>1885 North 3rd Street<br>Baton Rouge, Louisiana 70802 |
| | New York University School of Law<br>By:  SAMUEL ISSACHAROFF, ESQ.<br>40 Washington Square South, 411J<br>New York, New York 10012 |

EXHIBIT B

2

APPEARANCES CONT'D.

| | |
|---|---|
| For Defendant Insurers: | Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>By:  RALPH S. HUBBARD, III, ESQ.<br>601 Poydras Street, Suite 2775<br>New Orleans, Louisiana 70130 |
| For Defendants<br>Allstate, Marine Mutual,<br>Metropolitan: | Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC<br>By:  JUDY Y. BARRASSO, ESQ.<br>LL&E Tower<br>909 Poydras Street, Suite 2400<br>New Orleans, Louisiana 70112 |
| For Defendant<br>State Farm: | Stone, Pigman, Walther, Wittmann<br>By:  WAYNE J. LEE, ESQ.<br>546 Carondelet Street<br>New Orleans, Louisiana 70130 |
| For Defendant Electric<br>Insurance Company: | Middleberg, Riddle & Gianna<br>By:  ALAN D. WEINBERGER, ESQ.<br>Place St. Charles<br>201 St. Charles Avenue<br>31st Floor<br>New Orleans, Louisiana 70170 |
| Court Audio Operator: | Bonnie G. Hebert |
| Transcriptionist: | Dorothy Bourgeois<br>c/o U.S. District Court<br>500 Poydras Street, Room C151<br>New Orleans, Louisiana 70130<br>(504) 589-7721 |

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

Case 2:05-cv-04182-SRD-JCW   Document 16797-1   Filed 12/19/08   Page 8 of 10

87

```
 1  nostalgia, Terrebonne Parish School Board, 1989 WL 14217,
 2  District of Louisiana, November 9th, 1989 where Judge
 3  Duplantier stated he was aware of no case holding that the
 4  Eleventh Amendment prevents removal of a suit filed by a state
 5  as a plaintiff.
 6          And also, Commonwealth of Virginia v. Bulgartabac,
 7  B-U-L-G-A-R-T-A-B-A-C, Holding Group, 360 FSupp. 2d 791,
 8  Eastern District of Virginia, 2005.
 9          So, the Court finds that this is a fascinating issue
10  in light of Aldon v. Maine and Seminole; however the Court
11  feels that it's bound under its oath to apply the law that it
12  determines presently exists in the Fifth Circuit and elsewhere;
13  that when the State is a plaintiff, it is subject to removal.
14          Now, let's go specifically to CAFA. Clearly, if the
15  State is a plaintiff it is not subject to removal in a
16  diversity situation if it's the only plaintiff, because it's
17  not a citizen. So, if the plaintiff -- if the State were the
18  only real party-in-interest here, this case would not be
19  subject to removal. In fact, it's a very interesting issue;
20  had the State filed this strictly as parens patriae on behalf
21  of the named class, it might be a different situation, because
22  it would be not a typical class action. The State here though
23  did file a class action and the Court is bound to look at the
24  complaint as it is pled. And I can't think what it might mean,
25  what it probably means, what it should mean, what it could
```

1  mean; it's what it says.

2  And clearly, based on the oral argument here, we had
3  some argument that said yes, there's boot; some that said no.
4  But the complaint, the amended complaint at (g) in the prayer
5  says for any and all monetary awards necessary to indemnify,
6  pay, reimburse, or pay the State and members of the class for
7  the loss of damages that they will have or will incur. And we
8  know that there's $150,000 limit and if you get at $200,000
9  recovery, the State certainly couldn't keep it; and that
10 concerns me, because I must look at the complaint as pled.

11 So, CAFA only requires minimal diversity. The State
12 doesn't count, it's not a citizen. But when there are other
13 real parties-in-interest, then the Court has found that CAFA
14 does apply to this State as a Plaintiff. Clearly, as can
15 probably be discerned from the oral argument and the Court's
16 comments; had this case been brought not as a class action,
17 this would be removed -- I mean this would be remanded. This
18 suit would be remanded, as the Court certainly is sensitive to
19 the sovereignty of the State and its dignity. And it's also,
20 it's non citizen status, so you all would have no jurisdiction.
21 This doesn't imply the Eleventh Amendment because it's only to
22 the extent that it's not a citizen; and therefore no diversity.

23 But because there are, there is minimal diversity
24 because there is a putative class and I must look for putative
25 class under CAFA of Louisiana citizens, who may or may not

1  receive money as pled.  It's possible they will, or some other
2  relief.  Again, I point out had this been brought solely as a
3  parens patriae suit I would be perhaps reaching a different
4  analysis.  For those reasons, I find that the Motion to Remand
5  is denied.
6       Now though, this Motion to Remand is clearly
7  appealable under the law.  And believe it or not, that gives
8  the Court some comfort because I think that there are some
9  significant issues that need to be resolved here.  I'm not so
10 sure whether it would be appealable if I remanded it finding no
11 diversity jurisdiction, but that's not the reason for my
12 ruling.  The reason for my ruling is as stated above, I just
13 point those things out as points not necessarily germane to the
14 ruling, but that are available to the parties.
15      Hold on.
16     (Pause)
17      THE COURT:  Oh, it has been pointed out to me that
18 the removal on the -- that there was a basis for removal on the
19 MMTJA.  For the reasons the Court stated in its lengthy ruling
20 previously, that removal -- the removal on that basis is
21 denied.  The MMTJA, the Court has found, is not applicable to
22 Hurricane Katrina in this situation for the reasons set out in
23 our lengthy opinion.  So, let me see if I can find it.
24      THE CLERK:  Yes, sir.
25      THE COURT:  Okay.  That Motion to Remand, and I know