UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO:  INSURANCE<br>            Hurricane Legal Center<br>            Mass Joinder Cases | JUDGE DUVAL<br>MAG. WILKINSON |

    Alexander 07-4455
    Alexander 07-5768
    Call 07-5769
    Ansardi 07-5767
    Aucoin 07-4458
    Adams 07-5206
    Abram 07-5205
    Acevedo 07-5199

## HLC / ALLSTATE SEVERANCE ORDER

The captioned cases were filed by the Hurricane Legal Center on behalf of hundreds of plaintiffs and consolidated with the Katrina Canal Breaches Consolidated Litigation. Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in Sher v. Lafayette Ins. Co., 988 So. 2d 186 (La. 2008), and In re Katrina Canal Breaches Litig., 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken.

Allstate Insurance Company is a defendant in each of the cases. Following the last of a series of conferences I have conducted with counsel for plaintiffs and for Allstate concerning the settlement possibilities in these cases, the court has determined that settlement of plaintiffs' claims against Allstate is not achievable in the short term without further court proceedings and that plaintiffs' individual claims against Allstate must be deconsolidated from the captioned cases and severed from each other. Accordingly,

**IT IS ORDERED** that the settlement evaluation process provided in the "Post-Sher Insurance Umbrella Case Management Order, Record Doc. No. 13521, in the above referenced mass joinder cases is terminated.

**IT IS FURTHER ORDERED** that plaintiffs' counsel must, **no later than January 30, 2009**, file an individualized amended complaint for each plaintiff or set of related plaintiffs asserting claims as to particular property allegedly insured by Allstate. This pleading shall be filed with the Clerk of Court on paper, not electronically. The caption of the amended complaint must contain only the plaintiff(s) and defendant that are the subject of that specific claim. It shall also be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order. Upon filing, the Clerk will assign a new docket number and will allot the case at random among the judges of the court. All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

The newly filed cases will proceed separately and will not be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), so that they may proceed to resolution independently.

Any claims not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice. Specifically, by separate order on or after **February 2, 2009**, Judge Duval will dismiss the cases specifically referenced above, so that the newly filed severed cases may proceed.

New Orleans, Louisiana, this __22nd__ day of December, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**