# EXHIBIT 16



**DEPARTMENT OF THE ARMY**
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

REPLY TO
ATTENTION OF

October 20, 1989

Engineering Division
Projects Engineering Section

Mr. Barney T. Martin, Jr.
Modjeski and Masters Consulting Engineers
1055 St. Charles Avenue
New Orleans, Louisiana  70130

Dear Mr. Martin:

We have reviewed the final plans and specifications
for the 17th Street Canal Parallel Flood Protection,
Phase 1B — Hammond Highway to Southern Railroad, OLB
Project No. 2043-0207 which you furnished to us in your
letter of October 10, 1989.  The following additional
comments are offered:

a.  The specifications, pages 4-6 paragraph
4-03.4.4  require each layer to be compacted to at
least 95 percent of the maximum dry density of optimum
water content in accordance to ASTM D698; however, only
90 percent is necessary.

b.  Imposition of recent revisions to the I-wall
design criteria mandated by our Lower Mississippi
Valley Division office, results in higher sheet pile
tip elevations.  The resulting sheet pile tip
elevations are shown on enclosure 1.  Revise the plans
to show the new tip elevations.  This will result in a
lower overall cost for the project.

Once the above comments are incorporated into the
plans and specifications, we have no objection to your
proceeding with the proposed work.

MODJESKI-E2
01141

-2-

An estimate of credit due the Orleans Levee Board
(OLB) for engineering and design costs, including
work-in-kind credits for construction described in the
plans and specifications, will be detailed in the GDM
for this project feature. The GDM for the 17th Street
Canal will be submitted to our Division Office in
mid-March 1990. The final amount of credits to OLB
will be determined by government audit of the contract
payments.

Sincerely,

Frederic M. Chatry
Chief, Engineering Division

Enclosure

Copy Furnished:

Mr. C. E. Bailey, Chief Engineer
Board of Levee Commissioners
Orleans Levee District
Suite 202, Administration Building
New Orleans Lakefront Airport
New Orleans, Louisiana  70126

MODJESKI-E2
01142



**DEPARTMENT OF THE ARMY**

MISSISSIPPI RIVER COMMISSION, CORPS OF ENGINEERS

VICKSBURG, MISSISSIPPI 39180

ADDRESS REPLY TO:

PRESIDENT, MISSISSIPPI RIVER COMMISSION
CORPS OF ENGINEERS
P. O. BOX 80
VICKSBURG, MISSISSIPPI 39180

CEMRC-ED-GS   (1105-2-10c)                                    24 JUL '89

MEMORANDUM FOR Commander, New Orleans District, ATTN:  CELMV-ED-F

SUBJECT:  Sheet Pile Wall Design Criteria

1.  Reference:

    a.  CEMRC-ED-GS letter, subject as above, dated 23 Dec 87.

    b.  CELMN-ED-DD letter, entitled "Phasing in of New I-Wall Design Criteria into NOD's Design/Construction Program," dated 26 Jan 88, and endorsements thereto.

    c.  CELMN-ED-DD letter, entitled "I-Wall Deflection," dated 18 Nov 88 and endorsements thereto.

    d.  WES final report entitled "Development of Finite Element-Based Design Procedure for Sheet Pile Walls" (encl 1).

2.  The first two referenced letters (ref 1a and 1b) set forth revised criteria for determining the penetration of sheet pile floodwalls founded in soft clays.  The third letter (ref 1c) primarily involved discussions concerning estimating sheet pile deflections and design of I-walls to withstand these deflections.  The purpose of this letter is to summarize the guidance for determining sheet pile wall penetrations, deflections, and moments based on the referenced letters and an evaluation of the referenced report.

3.  The following criteria should be followed to determine the penetration of sheet pile floodwalls founded in soft clays:

<u>Q-Case</u>

F.S. = 1.5 with water to flowline or SWL.

F.S. = 1.25 with water to flowline plus approved freeboard for river levees or with SWL and waveload for hurricane protection levees.

F.S. = 1.0 with SWL plus 2-ft freeboard for hurricane protection levees.

<u>S-Case</u>

F.S. = 1.2 with water to flowline or SWL and waveload.  If a hurricane protection floodwall has no significant waveload, determine the penetration using Q-case criteria only.

F.S. = 1.0 with water to flowline plus approved freeboard for river levees.

**MODJESKI-E2**
01143

*Encl 1*

CEMRC-ED-GS
SUBJECT:  Sheet Pile Wall Design Criteria                    24 JUL '89

Select the maximum penetration from the applicable cases above using a limit
equilibrium analysis such as CANWAL.  In some cases, especially Q-case penetrations
derived for low heads, the theoretical required penetrations could be minimal.  In
order to ensure adequate penetration to account for unknown variations in ground
surface elevations and soil conditions, penetrations should be arbitrarily
increased, as necessary, to achieve a penetration to head ratio (for flowline or
SWL) of about 2.5 to 3:1.  Engineering judgement should be exercised in selecting
appropriate loading cases and penetration to head ratios.  For certain projects,
penetration to head ratios of less than  2.5 to 3:1 may be appropriate.

4.  Moment and shear forces computed for design of the sheet pile wall sections
should be based on the most critical loading case set forth in para 3 above and a
conventional limit equilibrium analysis such as CANWAL.  Based upon comparisons
presented in reference 1d using the Finite Element Method and soft clay conditions,
there is no significant increase in moment due to increasing pile penetration (see
plots in reference 1d, pages A-26, A-28, and A-30).  Consequently moment and shear
forces computed for design of sheet pile wall sections need only be based upon the
critical load case set forth in paragraph 3 above and the resulting pile
penetration, even if the selected penetration is greater than the computed required
penetration.  As stated in reference 1d, displacements of sheet pile walls founded
in soft clays are likely more the result of deep seated soil movements than due to
flexural deflection of the sheet pile.  Therefore, in addition to the calculation
of flexural deflection based on the critical loading case and the limit equilibrium
analysis, the finite element derived recommendations outlined on page 43 of ref 1d
can be used to help estimate total wall deflections.  Of course, the closer the
actual project site conditions are to those assumed in the WES report, the more
applicable the finite element derived deflections.  In any case, estimated sheet
pile deflection should not control the selection of the sheet pile section for
walls founded in soft clays.  A flexible connection should be designed to
accommodate the estimated relative deflections between I-walls and adjacent pile or
soil founded monoliths.

5.  It should be noted that the finite element estimated wall deflections in the
WES final report are somewhat less than those in its draft report.  This is
primarily due to the selection of a higher "K" value (soil stiffness) to calibrate
the finite element model to the E-99 field test data.  Due to sensitivity of the
computed and actual deflections to soil stiffness, the actual deflections
experienced in the field can only be estimated with limited accuracy.  If the
I-wall/levee is designed for a minimum F.S. = 1.30 for sliding stability, deep
seated foundation movements should not normally be excessive.

6.  In future design reports and design memorandums, the following information
should be shown on each I-wall Stability Plate:

    a.  Summary of load cases considered in the design.
    b.  Moment Diagram for controlling load case.
    c.  Shear Diagram for controlling load case.
    d.  Deflections computed by both CANWAL and the WES report method
        (if applicable.
    e.  Sample computations illustrating the selection of the required sheet pile
        section.

                                                    MODJESKI-E2
                                                    01144

                                2

CEMRC-ED-GS
SUBJECT:  Sheet Pile Wall Design Criteria

24 JUL '89

If space permits show items b and c on levee cross-section immediately adjacent to sheet pile soil pressure diagram.

FOR THE PRESIDENT OF THE COMMISSION:

Encl

FRED H. BAYLEY III
Chief, Engineering Division

3

MODJESKI-E2
01145

# 17th St. Outfall Canal GDM

## ORLEANS SIDE

| STATION | REQUIRED TIP ELEVATION |
|---|---|
| 553+70 To 568+00 | −9.75 [1] |
| 568+00 To 589+00 | −9.75 [1] |
| 589+00 To 614+00 | −9.75 [1] |
| 614+00 To 625+25 | −6.25 [1] |
| 625+25 To 635+00 | −5.0 [2] |
| 635+00 To 642+00 | 0.0 [2] |
| 642+00 To 663+00 | 0.0 [2] |
| 663+00 To 670+63 | 0.0 [2] |

[1] 2.5 to 1 penetration to head ratio
[2] Tip extended for seepage

MODJESKI-E2
01146

# EXHIBIT 17

**PARTNERS**

W. B. CONWAY
H. H. SNYDER
C. F. COMSTOCK
J. J. SCHERRER
J. M. KULICKI

**SENIOR ASSOCIATES**

R. W. CHRISTIE
C. T. FORTRAN
H. E. WALDNER

**CONSULTANTS**

T. R. KEALEY
R. E. FELSBURG

**ASSOCIATES**

H. E. ECKHOFF
T. Y. SOONG
J. E. PRICKETT
B. P. STRAIN, JR.
D. F. SORGENFREI
B. T. MARTIN, JR.
J. L. MCKENNEY
G. A. MURRAY
D. H. LEROY
R. A. LITTLE
L. V. BORDEN
E. W. ROHRBAUGH

# MODJESKI AND MASTERS
### CONSULTING ENGINEERS
*Founded 1893*

1055 ST. CHARLES AVE.
NEW ORLEANS, LA 70130
TELEPHONE 504 - 524-4344

Janauary 3, 1990

Mr. G. Joseph Sullivan
General Superintendent
Sewerage & Water Board of N.O.
625 St. Joseph Street, Rm  311
New Orleans, LA  70165

RE:   17TH STREET CANAL                                          JN 0650
      HAMMOND HIGHWAY TO SOUTHERN RAILWAY

Dear Mr. Sullivan:

Please find submitted for your files, one set of plans for the above
referenced project.  These plans incorporate the sheet pile tip elevation
changes (referred to in our letters of October 31, 1989 and December 15, 1989)
which were imposed by the Corps of Engineers after we submitted final review
plans on July 10, 1989.

At this time, the only comments we are lacking on the final review plans are
from the Orleans Levee Board.  Once we receive these, we will be able to
bring the plans  up to 100% completion.

If you have any questions or we can be of any further assistance at this
time, please let us know.

Very truly yours,

MODJESKI AND MASTERS
Engineers


Barney T. Martin, Jr.

BTM:MLS:jrb

**MODJESKI-E2**
**00459**

# EXHIBIT 18

TYPICAL SECTION
VICINITY STA. 15+40.00 W.L. (E/B) AND STA. 10+85.00 W.L. (W/B)

TYPICAL SECTION
VICINITY STA. 25+40.00 W.L. (E/B) AND STA. 20+85.00 W.L. (W/B)

MODJESKI-W1
01022

TYPICAL SECTIONS

U.S. ARMY ENGINEER DISTRICT, NEW ORLEANS
CORPS OF ENGINEERS

PLATE 11

# EXHIBIT 19

O.L.B. CONTRACT NO.   24306

UNITED STATES OF AMERICA

STATE OF LOUISIANA

PARISH OF ORLEANS

CITY OF NEW ORLEANS

CONTRACT AND BOND BETWEEN

THE BOARD OF COMMISSIONERS

OF THE

ORLEANS LEVEE DISTRICT

AND

BOH BROTHERS CONSTRUCTION
COMPANY, INC.
P. O. Drawer 53266
New Orleans, LA  70153

BE IT KNOWN, that on this ___9th___
day of the month of ___May___
in the year of OUR LORD One Thousand
Nine Hundred and ~~Eighty~~ Ninety
of the Independence of the United
States of America, the Two Hundred
and ___Fourteenth___

BEFORE ME

Richard J. McGinity
a Notary Public in and for the Parish
of Orleans, State of Louisiana, duly
commissioned and qualified, therein
residing, and in the presence of the
witnesses, hereinafter named and
undersigned:

PERSONALLY CAME AND APPEARED:

1st:  ___Steven O. Medo, Jr., President___  herein representing and acting for
the Board of Commissioners of the Orleans Levee District, an Agency of the State
of Louisiana, by virtue of a Resolution of said Board, a duly certified copy of
which Resolution is attached hereto and made part hereof.

2nd:  ___Boh Brothers Construction Company, Inc.___  hereinafter called the
"Contractor", appearing through ___John F. Lipani, Vice President___, whose
authorization to represent the said Contractor herein, is attached hereto and
made part hereof.

Who declared, that for and in consideration of the payment, hereinafter provided
for, to be made by said Board of Commissioners of the Orleans Levee District, the
said Contractor agrees and is obliged to furnish all labor, equipment, supplies,
etc., and to perform all work necessary for the ___Excavation & Flood Protection -___
___17th Street Canal - Phase IB - Hammond Highway to Southern Railway, New Orelans,___
___Louisiana___.

- 1 -

RECORDED IN MORTGAGE OFFICE

INSTRUMENT # __99035__

N/A # __846895__

PARISH OF ORLEANS

DATE __May. 29, 1990__

BOH00186

O.L.B. CONTRACT NO.   24306

in accordance with the proposal, specifications, plans, and addenda nos.
____-1-_____, identified herewith, at the following total prices:

At unit prices to be identified as indicated in the proposal.

**BASE BID:**  Five Million Five Hundred Eighty-Nine Thousand Twenty-Five and
No/100 Dollars  ($5,589,025.00)

The Contractor agrees to complete all work contracted for within the period of
time  stipulated  in the  signed  proposal,  which  in  this  instance  is
FOUR HUNDRED TWENTY-FIVE  (425)_____ calendar days from date of work order.

The Contractor agrees that in default of completing all work within the period of
time stipulated above, to be bound in the amount of SIX HUNDRED DOLLARS_____
($  600.00_____) LIQUIDATED DAMAGES,  not as a penalty,  for each calendar day
beyond the stipulated time.

Said proposal, specifications, plans, and addendas nos.  __-1-_____ are
identified herewith,  and made part hereof,  after being paraphed "NEW VARIETUR",
by the Notary for identification herewith.

– 2 –

BOH00187

O.L.B. CONTRACT NO.   24306

## B O N D

And    now    to    these    presents,    personally    came    and    intervened
Fidelity and Deposit Company of Maryland

who   declared  that he has read and taken cognizance of the above  and  foregoing
contract  between  the  Board of Commissioners of the Orleans Levee  District  and
Boh Brothers Construction Company, INc.                                  , Contractor,
and  binds  said  company in solido with the said Contractor unto  the  Board  of
Commissioners of the Orleans Levee District, in the sum of:  Five Million Five
Hundred Eighty-Nine Thousand Twenty-Five and No/100 Dollars  ($5,589,025.00)
as   security  for  the  faithful  and  satisfactory performance  by  the   said
Boh Brothers Construction Company, Inc.          , Contractor,  of all clauses and
conditions   of  this  contract  and  for  the  payment  by  the  Contractor  or
subcontractor  for  all  work  done,  labor performed,  or  material  or  supplies
furnished for the construction, alteration, or repair under this contract, or for
transportation  and delivery of such materials or supplies to the site of the job
by  a  for  hire carrier,  or for furnishing materials or  supplies  for  use  in
machines used in the construction,  alteration, or repair under this contract, in
accordance with the law,  the condition of this obligation being that if the said
Boh Brothers Construction Company, Inc.          , Contractor,  shall well,  truly
and  faithfully  and  satisfactorily perform all of the  obligations  assumed  by
Boh Brothers Construction Company, Inc.          , Contractor, under this Contract
and  payment  be made by said Contractor and by all Subcontractors for  all  work
done,  labor  performed and material furnished under this Contract in  accordance
with law,  then this Bond shall become null and void, otherwise to remain in full
force and effect.

- 3 -

BOH00188

O.L.B. Contract No. 24306

The said Surety consents and yield to the jurisdiction of the Civil District Court for the Parish of Orleans, State of Louisiana, and formally waived any plea of jurisdiction on account of residence elsewhere in the event of suit under the Contract and Bonds, and the Surety herein shall be limited to such defense only as the principal of these bonds could make.

THUS DONE AND PASSED, in my office at the City of New Orleans, on the day, month and year hereinfirst above written, in the presence of

<u>Carole B. Parker</u> and <u>Linda M. Gutierrez</u>

competent witnesses, who hereunto sign their names with said appearers and me, Notary, after reading of the whole.

THE BOARD OF COMMISSIONERS OF THE
ORLEANS LEVEE DISTRICT

BY: _Steven O. Medo Jr._
    Steven O. Medo, Jr., President

WITNESSES:

_____
Carole B. Parker

BOH BROTHERS CONSTRUCTION COMPANY, INC.

BY: _John F. Lipani_
    John F. Lipani, Vice President

_____
Linda M. Gutierrez

FIDELITY AND DEPOSIT COMPANY OF MARYLAND

_____
    Attorney-in-Fact Bonding
Jack H. Neelis

_____
    NOTARY PUBLIC
RICHARD J. McGINITY

- 4 -

BOH00189

FORM NO. DA-101 (Revised 5/25/71)

STATE OF LOUISIANA )
)
PARISH OF   ORLEANS )

AFFIDAVIT ATTESTING THAT PUBLIC CONTRACT WAS NOT,
NOR WILL BE SECURED THROUGH EMPLOYMENT OR PAYMENT OF SOLICITOR

KNOW ALL MEN BY THESE PRESENTS, that a public contract is contemplated between THE BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT AND BOH BROTHERS CONSTRUCTION COMPANY, INC.    , represented by

| JOHN F. LIPANI | VICE PRESIDENT | , who attests |
|---|---|---|
| (NAME) | (TITLE) | |

that he is empowered and authorized to execute said documents.

FURTHER,   JOHN F. LIPANI ,

who being duly sworn, does depose and attest that:

(1) affiant employed no person, corporation, firm, association, or other organization, either directly or indirectly, to secure the public contract under which he received payment, other than persons regularly employed by the affiant whose services in connection with the construction of the public building or project, or in securing the public contract were in the regular course of their duties for affiant; and

(2) no part of the contract price received by affiant was paid or will be paid to any person, corporation firm, association, or other organization for soliciting the contract, other than the payment of their normal compensation to persons regularly employed by the affiant whose services in connection with the construction of the public building or project were in the regular course of their duties for affiant.

- 5 -

BOH00190

FORM NO. DA-101 (Revised 5/25/71)

WITNESSES:

_____
Carole B. Parker

_____
Linda M. Gutierrez

_____
JOHN F. LIPANI

    BEFORE    ME,    the    undersigned    authority,    personally    appeared
JOHN F. LIPANI _____, who    being    duly    sworn,
deposes and states that the above is true and correct in all respects recited.

    SWORN    TO    AND    SUBSCRIBED    before    me,    this    __9th____    day    of
May _____, 19__90__.

_____
NOTARY PUBLIC
RICHARD J. McGINITY

Federal Identification No.

72-0536353

– 6 –

BOH00191

March 2, 1990

ADDENDUM NUMBER 1
TO THE CONTRACT DOCUMENTS FOR
CONTRACT 2043-0489

THE BOARD OF COMMISSIONERS
OF THE
ORLEANS LEVEE DISTRICT

EXCAVATION AND FLOOD PROTECTION – 17TH STREET CANAL
PHASE IB
HAMMOND HIGHWAY TO SOUTHERN RAILWAY

---

Bids To Be Opened at 2:00 P.M.   Local Time on Tuesday, March 13, 1990

---

The original contract specifications for this project, dated February 1990, are ammended as noted in this Addendum Number 1.

Receipt of the addendum shall be acknowledged by inserting its number and date in the space provided on the Form of Proposal.

This Addendum Number 1 consists of 1 page and shall be attached to and submitted with the proposal.

## SPECIFICATIONS

| ITEM NO. | DESCRIPTION |
|---|---|
| ADD 1-1 | **Section B-4.01 Site Conditions**, Add:<br><br>Prospective Bidders may view soil borings taken in the canal levee, at the office of the Engineer. |
| ADD 1-2 | **Section 2-10 Utilities**, Add:<br><br>Any costs incurred in obtaining outages on utilities should be taken into account in the Contractor's bid as there shall be no direct payment. |
| ADD 1-3 | **Section 2-24 Sampling and Testing**, Add:<br><br>Any sampling and testing that is requested by the Board, and not specifically covered in these contract specifications, shall be done by an independent testing laboratory mutually agreeable to the Board and the Contractor, and shall be done at the Board's expense. |

End of Addendum No. 1

BOH00192

# EXHIBIT 20

**AFFIDAVIT OF WILLIAM B. CONWAY, INCLUDING EXHIBITS, IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND RULE 56 MOTION FOR SUMMARY JUDGMENT ON BEHALF OF MODJESKI AND MASTERS, INC.**

PARISH OF ORLEANS

STATE OF LOUISIANA

BEFORE ME, the undersigned authority, personally came and appeared:

**William B. Conway, P.E.**

who, after being first duly sworn, deposes and states the following:

(1)    This Affidavit is based upon my personal knowledge.

(2)    Modjeski and Masters, Inc. (hereinafter sometimes "Modjeski") is a consulting engineering firm which has offices in the City of New Orleans.

(3)    Modjeski and Masters, Inc. is an engineering firm licensed by the State of Louisiana, holding License No. EF.0000570. See **Exhibit 1,** which I obtained from the Louisiana Professional Engineering and Land Surveying Board.

(4)    I am currently Chairman of the Board of Modjeski, and was previously its President.

(5)    Modjeski did business as a Pennsylvania partnership until late 1991, when it incorporated in Pennsylvania and qualified to do business in Louisiana in December 1991.

- 3 -

(6)    Prior to incorporation, I was a Partner and principal of the Modjeski partnership.

(7)    I am a registered professional civil engineer in the State of Louisiana, and have been in responsible charge of Modjeski's New Orleans office since September 1961.

(8)    Modjeski never performed any engineering services for levees, floodwalls, dredging, drainage or other flood protection work for the London Avenue Canal, or Orleans Avenue Canal.

(9)    Modjeski never performed any engineering services for levees, floodwalls, dredging, drainage or other flood protection work for the Mississippi River Gulf Outlet or Gulf Intracoastal Waterway. Modjeski was engaged by the Louisiana Department of Transportation and Development ("LADOTD") to study the need for protection of the two waterway piers of the I-510 Bridge which spans the Gulf Intracoastal Waterway at Paris Road. This study was related solely to protection of the Bridge piers from possible vessel allision damage.

(10)   The projects described below, for the 17th Street Canal, were undertaken in Modjeski's New Orleans office, under my direct personal supervision.

(11)   I made an on-site visit to the 17th Street Canal after Hurricane Katrina, and found that the only breach occurred in that reach of the east

- 4 -

levee and floodwall adjacent to Bellaire Drive and in the general area of the levee between Spencer and Stafford Streets which terminate at Bellaire Drive, as I have indicated on the attached map. See **Exhibit 2**.

(12)   Modjeski provided engineering services for only two projects involving that reach of the east levee and floodwall of the 17th Street Canal which was breached during or after Hurricane Katrina. Those projects are described in Paragraphs 13 and 14 below.

(13)   Modjeski, through its partnership, entered into separate contracts with the Board of Commissioners of the Orleans Levee District ("OLD") and the Sewerage and Water Board of New Orleans ("Water Board") for the preparation of drawings and specifications, and inspection of construction, for a project which involved levee work, initial driving of a sheet pile floodwall, and dredging of the east side of the 17th Street Canal, between the Hammond Highway Bridge and the Southern Railway tracks which are located just north of Pump Station No. 6. See **Exhibits 3** and **4**, which are business records from Modjeski's files. Modjeski's fees for engineering services for the dredging were paid by the Water Board, and its fees for engineering services for the levee and floodwall work were paid by OLD. Modjeski's drawings and specifications were completed and issued in February 1990, and a construction contract for the work was let by OLD to Boh Bros.

- 5 -

Construction Company in May 1990. Modjeski inspected the construction. The work was substantially complete as of March 11, 1992. OLD executed an acceptance of the Boh Bros. contract work on August 20, 1992, which was recorded on August 24, 1992. See **Exhibit 5.**

(14)    Thereafter, Modjeski was engaged by OLD to prepare drawings and specifications for re-driving the floodwall sheet piles and placement of a concrete cap on the sheet pile floodwall along the east levee of the 17th Street Canal between Hammond Highway Bridge and the Southern Railway tracks. See **Exhibits 6, 7 and 8,** which are business records from Modjeski's files. Modjeski's drawings and specifications were completed in and dated November 1992, and were issued to the United States Army Corps of Engineers ("Corps") for advertisement and public bidding. The drawing date is reflected on the title blocks, one of which is attached as **Exhibit 9,** which is a business record found in Modjeski's files and on the Corps' website. Modjeski did not undertake inspection of construction and, based on its last invoice, performed its last services in February 1993. As shown on the progress schedule attached to the invoice, Modjeski undertook only preliminary design phase and final design phase services, or 75% of the total professional services upon which the fee computation was based. Services for the bidding phase, construction

- 6 -

phase and record drawing phase, representing the remaining 25% of professional services, were performed by the Corps or others. See **Exhibit 10**, which is a business record from Modjeski's files. After February 1993, Modjeski assisted OLD in obtaining a right-of-way permit extension from the LADOTD for contractor access at the Interstate-10 crossings of the 17th Street Canal on the Orleans Parish side. See **Exhibit 12**, which is a business record found in Modjeski's files. In November 1993, Modjeski was again asked to assist OLD in obtaining an additional extension of said right-of-way permit from the LADOTD. See **Exhibit 13**, which is a business record found in Modjeski's files. LADOTD requested that OLD make its own requests for permit extensions and Modjeski thereafter provided no further assistance to OLD on the project. Modjeski never invoiced OLD for its abovementioned assistance with right-of-way extensions. The work was performed by Pittman Construction Co., Inc., and was accepted by the Corps on April 25, 1995. See **Exhibit 11**.

(15)   Modjeski undertook other engineering projects for the OLD, Water Board, and Board of Levee Commissioners of the East Jefferson Levee District ("EJLD") involving the 17th Street Canal between Lake Pontchartrain and Pump Station No. 6, which projects were unrelated to and remote from that reach of the east levee and floodwall of the Canal which were breached during or after Hurricane Katrina. Those

- 7 -

other projects are described below in Paragraphs 16, 17, 18, 19 and 20.

(16) Modjeski was engaged by OLD to provide drawings, specifications, and inspection of construction of a "toe wall" at Pump Station No. 6. T.L. James and Company, Inc. ("T.J. James") was the contractor of record. Construction was substantially complete on March 29, 1989. OLD executed an acceptance of the T.L. James contract work on April 13, 1989, which was recorded on April 17, 1989. See **Exhibit 14**.

(17) Modjeski was engaged by the Water Board to provide drawings, specifications, and inspection of construction of flood protection and dredging between the Hammond Highway and Lake Pontchartrain. Solvation Services, Inc. ("Solvation") was the contractor of record. The Water Board executed an acceptance of Solvation's contract work on December 13, 1989, which was recorded on December 27, 1989. See **Exhibit 15**.

(18) Modjeski was engaged by OLD to provide drawings, specifications, and inspection of construction of West End drainage improvements. Liberty Somerset, Inc. ("Liberty") was the contractor of record. Construction was substantially complete on August 26, 1992. OLD

executed an acceptance of the Liberty's contract work on October 9, 1992, which was recorded on October 12, 1992.  See **Exhibit 16**.

(19)   Modjeski entered into a contract with EJLD and the Water Board to provide drawings, specifications, and inspection of construction for a project involving levees, floodwalls, and dredging for the west side of the 17th Street Canal.  The Water Board paid Modjeski's fees for engineering services for the dredging, and EJLD paid Modjeski's fees for engineering services for the levee and floodwall.  Professional Construction Services, Inc. ("PCS") was the contractor of record. EJLD executed an acceptance of PCS's contract work on March 24, 1994, which was recorded on March 29, 1994.  See **Exhibit 17**.

(20)   Modjeski was engaged by OLD to provide drawings and specifications for raising and floodproofing the Veterans Highway Bridges over the 17th Street Canal.  The construction contract for the project was let by the Corps to Johnson Brothers Corporation.  Modjeski's drawings were completed in and dated June 1995.  See **Exhibit 18**, which is a business record found in Modjeski's files.  Modjeski did not provide inspection of the construction, which was done by the Corps or others.   See **Exhibit 19**, which is a business record found in Modjeski's files. Modjeski's last services, in connection with dredging under the bridges, were performed prior to and  were included in its Invoice No. 36 of November 30, 1997.  See **Exhibit 20**, which is a

- 9 -

business record found in Modjeski's files. Construction of the project was physically completed on December 3, 1997. See **Exhibit 11.** This project included approximately 45 linear feet of new floodwall and gates, of the "I-wall" type, between the Bridges and adjacent to and abutting the north and south sides of the Bridges, on east and west sides of the Canal. The floodwall and gates were not breached, overturned or damaged during or after Hurricane Katrina.

(21)    Modjeski did not provide engineering services for the operation, periodic inspection, or maintenance of the abovementioned projects after the abovementioned acceptance recordation dates, or after the abovementioned dates of its last services.

William B. Conway

SWORN TO AND SUBSCRIBED before me, this 30th day of May, 2006.

Victor E. Stilwell, Jr., Notary Public
La. Bar No. 12484
My Commission expires at death