UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION | |
| | * | | |
| | * | NO. 05-4182 | |
| | * | and consolidated cases | |
| PERTAINS TO: BARGE | * | | |
| | * | SECTION "K" (2) | |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| | | * | JOSEPH C. WILKINSON, JR. |
| | | * | |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO LEVEE DISTRICTS' MOTION FOR RECONSIDERATION**

Third-party plaintiff Lafarge North America Inc. ("LNA") opposes the motion for reconsideration (Doc. 16719) filed by the Orleans Levee District and Lake Borgne Levee District ("Levee Districts"), asking this Court to countermand its order (Doc. 16574) refusing to dismiss LNA's claim for contribution against the Levee Districts. The Levee Districts' motion argues that LNA has not pled a contribution claim. That argument has been waived and in any event is without merit. The motion should be denied.

A. <u>The Reconsideration Motion Improperly Seeks to Raise a New Argument</u>.

"A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *Leclerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). "[G]enerally speaking, [the court] will not consider an issue raised for the first time in a Motion for Reconsideration." *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007)

(quotation and citations omitted).  In a prior ruling in this case, this Court ruled that "the plaintiffs waived their argument about alleged substantial need … by failing to raise it in their motion to compel."  Doc. 13149 at 4.

Here, the Levee Districts' reconsideration motion is based on an argument that was not raised in the Levee Districts' original motion – that LNA "has never articulated definitively a claim for contribution" against them.  Doc. 16719-2 at 2.  This argument, grounded as it is in LNA's pleadings, could have been raised in the original motion.  Instead, the Levee Districts took the opposite position in their motion papers, admitting that "[h]ere, ***Lafarge has asked for contribution,***" Doc. 14411-2 at 4 (emphasis added), and arguing only that "LNA's claim[] for contribution" is based on "Louisiana substantive law," which does not recognize such a claim.  Doc. 15585 at 1.[1]  Thus, the Levee Districts' moving papers conceded what they now wish to deny: that LNA's pleadings allege a claim for contribution.  That new argument is not cognizable on a motion for reconsideration, which must therefore be denied for this threshold reason.

B. <u>In Any Event, LNA's Pleadings Allege a Claim for Contribution</u>.

The Levee Districts' new argument that LNA's complaint fails to allege a claim for contribution violates the fundamental rule that a court must "construe the plaintiffs' complaints in the light most favorable to them."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 (5th Cir. 2007); see also *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) ("The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff."); *Stanfield v. Quality Marine Service, Inc.*, 2005 U.S. Dist. LEXIS 8050 (Apr. 26, 2005) (Duval, J.) ("the complaint is construed in the light most favorable to the plaintiff").

---

[1] The Orleans Levee District joined the original motion by adopting its arguments without adding any new substance.  Rec. Doc. 16468.

Here, LNA's third-party complaint against the Levee Districts explicitly asks for "indemnity … and/or contribution." Doc 9032 pp. 21, 25. Courts have repeatedly recognized that a complaint that asks for indemnity "and/or" contribution must be interpreted, in response to a challenge to its legal sufficiency, as asking for ***both*** indemnity ***and*** contribution, and that the plaintiff's entitlement to each of those forms of relief must be examined separately. See, *e.g.*, *Pierce v. Five B's, Inc.*, 2008 U.S. Dist. LEXIS 65530 (E.D. La. Aug. 27, 2008) (cross-claim asks for "indemnity and/or contribution"; court dismisses claim for indemnity but refuses to dismiss claim for contribution); *In re Two-J Ranch, Inc.*, 534 F. Supp. 2d 671, 675, 688 (W.D. La. 2008) (claim asks for "indemnity and/or contribution"; court dismisses claim for indemnity but refuses to dismiss claim for contribution).

The Levee Districts' reliance on *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1012 n.3 (5th Cir. 1994), is misplaced. The footnote cited by the Levee Districts merely noted that, although the third-party plaintiff had characterized its claim as for indemnity and/or contribution, it had ultimately sought and been awarded total recovery at trial, and hence the claim it had prevailed on and was defending on appeal was for indemnity. *Bertram*, thus, has no bearing on the proper interpretation of LNA's complaint in response to the Levee Districts' attack on its legal sufficiency, which must be the liberal interpretation most favorable to LNA.

In sum, LNA's complaint alleges a valid claim for contribution, as this Court properly held, and there is no basis for this Court to reconsider that holding.[2]

---

[2] Even if there were any pleading defect (which there isn't), that defect could immediately be cured in an amended pleading. See, *e.g.*, *Nichols v. Lloyds of London*, 2008 U.S. Dist. LEXIS 47233, *8 (E.D. La. June 17, 2008) ("When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice."). If the Court were to grant the motion, it should also allow an amended pleading so that LNA is not prejudiced by the Levee Districts' delay in raising this argument.

Dated: December 23, 2008							Respectfully submitted,

											Robert B. Fisher, Jr., T.A. (#5587)
											Derek A. Walker (#13175)
											Ivan M. Rodriguez (#22574)
											**CHAFFE MCCALL, L.L.P.**
											2300 Energy Centre
											1100 Poydras Street
											New Orleans, LA 70163-2300
											Telephone:  (504) 585-7000
											Facsimile:  (504) 585-7075
											Fisher@chaffe.com
											Walker@chaffe.com

											/s/ John D. Aldock
											John D. Aldock
											Richard M. Wyner
											Mark S. Raffman
											**GOODWIN PROCTER LLP**
											901 New York Avenue, N.W.
											Washington, DC 20001
											Telephone:  (202) 346-4240

											Daniel A. Webb (#13294)
											**SUTTERFIELD & WEBB, LLC**
											Poydras Center
											650 Poydras Street, Suite 2715
											New Orleans, LA 70130
											Telephone:  (504) 598-2715

											*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 23rd day of December, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/  John D. Aldock