UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. J. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO (*Robinson*, 06-2268) | § | |
| _____ | § | |

UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO STRIKE THE DECLARATION OF NICHOLAS C. YOST
AND RELATED LEGAL MEMORANDA FILED BY PLAINTIFFS AND THEIR AMICI

The United States moves to strike the Declaration of Nicholas C. Yost, submitted by amici to Plaintiffs in support of Plaintiffs' Motion for Partial Summary Adjudication on Discretionary Function. *See* Doc. 16507-4 (re-filed as Docs. 16533-2 & 16587-3). The United States also moves to strike, in whole or in part, three additional documents: (1) the amicus memorandum that is based entirely on the Yost declaration (Doc. 16507-3; refiled as Docs. 16533 & 16587-2); (2) those portions of Plaintiffs' memorandum in support of their motion for summary judgment (Doc. 16510-2), which adopts that amicus memorandum, *see* Doc. 16510-2 at 14 n.5 (adopting and incorporating by reference the amicus memorandum); and (3) those portions of Plaintiffs' memorandum filed in opposition to the United States' renewed motion to dismiss (Doc. 16790), which specifically adopts not only the amicus

memorandum, but also the Yost declaration, itself, *see* Doc. 16790 at 17 n.9; *see also id.* at 17, 18 & n.10 (citing to the Yost declaration).

The Yost declaration contains inappropriate testimony consisting of legal conclusions and, therefore, may not be considered in support of a summary judgment motion. Moreover, the Yost declaration fails to meet the basic requirement of Federal Rule of Civil Procedure 56(e) because it is not based on personal knowledge. Finally, Mr. Yost has not been identified as a witness in this case and Plaintiffs' incorporation of the Yost declaration in support for their motion for summary judgment violates the governing Case Management Orders and Federal Rules of Civil Procedure. Accordingly, the declaration is improper and should be stricken from the record, and the legal memoranda that rely upon it should be stricken as well.

## BACKGROUND

As the Court is aware, the *Robinson* action has been identified to be tried separately from the remaining cases consolidated in the *In re Katrina Canal Breaches* litigation, and as such, it is governed by its own Case Management Order ("CMO"). *See* Doc. 3408 (*Robinson* CMO No. 1). Pursuant to that CMO and later amendments, fact discovery closed on July 14, 2008. *See* Doc. 13438-3.

On the same day that Plaintiffs filed a motion for partial summary judgment on the discretionary function exception, several amici also filed a memorandum in support of Plaintiffs' motion, relying on a declaration by Nicholas C. Yost. *See* Doc. 16507-3 (refiled as

Docs. 16533 & 16587-2).  In his declaration, Mr. Yost identifies himself as an environmental

law *attorney* who reviewed certain documents that were provided to him to determine

whether, in his opinion, the Army Corps of Engineers met its obligations under the National

Environmental Policy Act "NEPA."  *See* Doc. 16507-4 ¶¶ 1-2; *accord* Doc. 16533-2 ¶¶ 1-2;

Doc. 16587-3 ¶¶ 1-2.

<u>ARGUMENT</u>

The Yost declaration contains legal opinions and conclusions that may not be

considered in deciding summary judgment motions.  Moreover, Rule 56 provides that an

affidavit or declaration supporting a motion for summary judgment "must be made on

personal knowledge."  Fed. R. Civ. P. 56(e)(1).   The Yost declaration is not based on personal

knowledge.  Finally, Mr. Yost may not be relied upon as a witness in this matter because he

has not been disclosed as one, as required by this Court's CMOs.   For all of these reasons, the

Court should grant this motion.

**I.    Mr. Yost's Declaration Contains Impermissible Expert Testimony.**

The Yost declaration consists almost entirely of opinion testimony concerning the

legal requirements of NEPA and whether the Corps violated NEPA.  *See, e.g.*, Doc. 16507-4 ¶

12 ("In my opinion the Corps violated its mandatory legal obligations under NEPA. . . ."); *id.*

¶ 14 ("Upon the occurrence of certain stated developments there arises a mandatory duty to

supplement earlier NEPA analyses."); *id.* ¶ 15 (opining that NEPA requires the production of

"legislative EISs"); *id.* ¶ 16 (opining as to the legal requirements of 40 C.F.R. §§ 1508.7-

1508.8).

    According to Wright & Miller:

    Rule 56(e) . . . limits the matter to be properly included in an affidavit to facts, and the facts introduced must be alleged on personal knowledge.  Thus, *ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary-judgment motion.*

Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2738 (1998).  The Fifth Circuit "adopted [this] reasoning in *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985), and reiterated the same point in *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220 (5th Cir. 1991)."  *Crosby Mem. Hosp. v. Abdallah*, No. 01-60329, 2002 WL 31016466, at *14 (5th Cir. Aug. 13, 2002); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (holding that "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant").

    Based on this well-established Fifth Circuit precedent, the Court must strike the Yost declaration because it contains nothing but conclusions of law concerning the requirements of NEPA, its associated regulations, and whether the Corps complied with those requirements.[1]  Such matters are not appropriate in a declaration offered in support of a motion for summary judgment.

---

[1] Previously, this Court has expressed its unwillingness to receive "legal" testimony such as that offered by Mr. Yost, even if it were presented by "the nine justices of the Supreme Court."  Hr'g Tr. 40:5-6, Oct. 18, 2007; *see also id.* at 40:6-7 ("I'm not going to hear any legal testimony.").

Interestingly, the Ninth Circuit recently reached a similar conclusion with respect to this very same witness—Nicholas C. Yost. *See Natural Res. Def. Council v. Winter*, 518 F.3d 658, 682 n.42 (9th Cir.), *rev'd on other grounds*, 129 S. Ct. 365 (2008). In *Winter*, the district court declined to consider Mr. Yost's declaration which, as in this case, was offered to explain to the Court the import of various regulations issued by the President's Council on Enviromental Quality ("CEQ"). As the Ninth Circuit noted, "the district court appropriately declined to consider the declaration of Nicholas C. Yost, CEQ general counsel at the time the regulation was drafted, as 'an unreliable guide' to CEQ's intent, comparing the declaration to 'subsequent legislative history.'" *Id.* (citations omitted).

This Court should likewise decline to consider Mr. Yost's testimony regarding the meaning and applicability of NEPA and the CEQ regulations.

## II.   Mr. Yost Lacks The Personal Knowledge Required To Provide A Declaration.

Rule 56(e) requires that a declaration filed in support of a motion for summary judgment must be based on personal knowledge. *See* Fed. R. Civ. P. 56(e)(1); *see also Beyah v. Coughlin,* 789 F.2d 986, 989-90 (2d Cir. 1986) (reversing order granting summary judgment based on affidavit of witness who lacked personal knowledge); *JT Gibbons, Inc. v. Sara Lee Corp.*, Civ. A. No. 93-4050, 1995 WL 619770, at *3 (E.D. La. Oct. 19, 1995) (Duval, J.) (striking affidavit that was not based on personal knowledge).

This Court's opinion in *JT Gibbons* is instructive. There, in a breach of contract action, one party offered the affidavit of Jim Sullivan, the other party's former employee, to

5

establish the parties' intentions when they entered into a 1981 agreement.  *See JT Gibbons*,

1995 WL 619770, at *2.  The Court struck the affidavit because the witness had not been a

signatory to that agreement.  *Id.* at *3.  In doing so, the Court distinguished between matters

within the witnesses's personal knowledge and those based on his review of the agreement

and conversations with others:

> It is undisputed that Sullivan was not a signatory to the 1981 agreement.
> Sullivan is competent to testify to his participation in the negotiations.  At this
> point, however, Sullivan's competence terminates.  He cannot possibly have
> personal knowledge of others' intentions. . . . Despite its probative value, the
> Court agrees that the affidavit is improper summary judgment evidence and, as
> such, the Motion to Strike this affidavit is GRANTED.

*Id.*

Like the Sullivan affidavit in *JT Gibbons*, the Yost declaration is not based on personal

knowledge.  In the introductory paragraphs of his declaration, Mr. Yost freely admits that his

testimony is based entirely upon a "*review* [of] the [Corps's] actions and inactions under

NEPA."  *See* Doc. 16507-4 ¶ 2(a) (emphasis added); *accord* 16533-2 ¶ 2(a); 16587-3 ¶ 2(a).

Further, Mr. Yost admits that "in assessing the Corps' NEPA compliance," he merely

"examined . . . documents."  *Id.* ¶ 8.

Just as this Court prevented Mr. Sullivan from testifying based upon his review of a

contract signed by others, it should also preclude the testimony of Mr. Yost, whose

declaration is based not on matters that he personally observed, but rather a review of

documents and an examination of the "record" that Plaintiffs put before him.  Rule 56(e)

requires this result.

### III.   Mr. Yost Has Not Been Disclosed As A Witness.

By proffering the Yost declaration, amici allow Plaintiffs to accomplish what they could not on their own: to rely upon the testimony of an undisclosed witness.  This back-door attempt at avoiding the disclosure requirements of the Federal Rules of Civil Procedure through "amici" should not be condoned.

Federal Rule of Civil Procedure 26(a)(1)(A)(I) mandates the disclosure of all witnesses known to have discoverable information, and Rule 26(e) requires parties to supplement their witness disclosures.  Rule 37(c)(1) states that if a party fails to identify a witness, it is "not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Four factors are considered when making this evaluation: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness."  *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989); *see also Paulsen v. State Farm Ins. Co.*, Civil Action No. 06-9546, 2008 WL 449783, at *3 (E.D. La. Feb. 15, 2008).

Based on these factors, the Yost declaration should be stricken.  First, the declaration is unimportant, as it addresses legal issues that can be addressed by attorneys and resolved by this Court.  *E.g.*, *Wegener v. Johnson*, 527 F.3d 687, 693-93 (8th Cir. 2008) (excluding

witness as unimportant because other sources of evidence existed to prove issue). Indeed, at least one other court has struck similar testimony by Mr. Yost as inappropriate legal opinion. *See Winter*, 518 F.3d at 682 n.42.

Second, the United States is highly prejudiced by this declaration. By disclosing this witness only with a summary judgment motion, Plaintiffs (and their amici) have deprived the United States of the opportunity to challenge Mr. Yost's conclusions.[2]  Mr. Yost has not submitted an expert report or been subjected to a deposition, and, in the event the Court wishes to hear from "experts" on the law, the United States would not have had the chance to hire its own "NEPA expert."[3]

Third, this prejudice cannot be cured by a continuance. Summary judgment motions are currently pending, with a hearing scheduled to take place in just two weeks; expert depositions are set to begin; and a trial which has been repeatedly rescheduled will commence in four months if the United States is not successful on its summary judgment motions.

---

[2]  Were he to be subjected to the test imposed by Federal Rule of Evidence 702, Mr. Yost would certainly not qualify to testify as an "expert." Mr. Yost is an attorney. The only "scientific, technical, or other specialized knowledge" he could offer concerns his interpretation of a federal statute and related regulations. Such testimony, consisting only of opinions regarding the meaning of laws, would plainly not "assist the [Court] to understand the *evidence* or to determine a *fact* in issue," Fed. R. Evid. 702 (emphasis added), and would therefore be inadmissible.

[3]  If the Court is inclined to deny this motion, the United States respectfully requests the opportunity to take discovery with respect to Mr. Yost and his opinions.

Finally, neither amici nor Plaintiffs have explained why Mr. Yost was disclosed only when summary judgment motions were filed. Plaintiffs should not be permitted to disclose Mr. Yost only now through its amici as a means of avoiding this Court's scheduling orders and the requirements of Rules 26 and 37.

<u>CONCLUSION</u>

For the reasons stated herein, the Court should strike the following documents from the record:

1.    Declaration of Nicholas C. Yost (Docs. 16507-4, 16533-2 & 16587-3);

2.    the amicus memorandum filed in support of Plaintiffs' motion for summary judgment (Docs. 16507-3, 16533 & 16587-2);

3.    those portions of Plaintiffs' memorandum in support of their motion for summary judgment (Doc. 16510-2) that refer to or rely on the Yost declaration; and

4.    those portions of Plaintiffs' memorandum filed in opposition to the United States' renewed motion to dismiss (Doc. 16790) that refer to or rely on the Yost declaration.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

THOMAS DUPREE
Principal Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch, Civil Division

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch, Civil Division

/s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH
PAUL LEVINE
Trial Attorneys, Torts Branch, Civil Division

ROBIN SMITH
Senior Trial Counsel, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4448/(202) 616-5200 (Fax)
Attorneys for the United States

10