**RESPONSE:**

WGII objects to this interrogatory as vague and ambiguous because the phrase "scope of work" is undefined and is subject to multiple and different interpretations in this context. WGII further objects to the extent that the defining of "all applicable codes, rules and regulations governing the work performed" pursuant to Task Order 26 calls for legal conclusions. WGII further objects because the "Total Environmental Restoration Contract" between WGII and the USACE involved numerous projects (outside of New Orleans) that are unrelated to Task Order 26.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it produced its contract with the USACE, as well as Task Order 26, all modifications thereto and any "Statements of Work" issued by the USACE to WGII relative to Task Order 26 on May 31, 2006. *See* WGI000001-801.

**INTERROGATORY NO. 33:**

Please identify all individuals associated with the planning of the works to be performed at the East Bank Industrial Area of the IHNC/Industrial Canal pursuant to the Total Environmental Restoration Contract, Task Order 26.

**RESPONSE:**

WGII objects to this interrogatory as vague and ambiguous because the phrase "associated with" is undefined and is subject to multiple and different interpretations in this context. Moreover, WGII objects to this interrogatory as overbroad and unduly burdensome because "the planning" of on-going works to be performed at the EBIA pursuant to Task Order 26 spanned more than five years, and involved persons from the WGII, USACE, and Louisiana Department of Environmental Quality ("LDEQ"), as well as numerous subcontractors. Finally,

- 71 -

WGII objects to this interrogatory as unduly burdensome to the extent it calls for the addresses and telephone numbers of individuals that were never (and/or are no longer) employed by WGII.

Subject to and without waiving the foregoing objections, WGII responds that the following employees and/or former employees of WGII, in their capacities listed below, participated in the planning of the works to be performed at the East Bank Industrial Area of the IHNC/Industrial pursuant to Task Order 26 prior to the commencement of field activities:

Dennis O'Conner
Project Manager for Task Order 26

Phillip Staggs
Construction Manager for Task Order 26

Stephen Roe
Program Manager for the TERC

The following employees and/or former employees of the USACE participated in and/or oversaw the planning of the works to be performed at the East Bank Industrial Area of the IHNC/Industrial pursuant to Task Order 26 prior to the commencement of field activities:

Lee Guillory, P.E.
Contracting Officer's Representative

Jean (Spadero) Vossen, CEMVN-ED-GE

George Bacuta, CEMVN-ED-GE

Reuben Mabry, CEMVN-ED-GE

James Montegut III, CEMVN-CD-NO-S

John M. Weatherly, Contracting Officer

The following employees or former employees of the Materials Management Group ("MMG") was associated with the planning of the works to be performed at the East Bank

- 72 -

Industrial Area of the IHNC/Industrial pursuant to Task Order 26 prior to the commencement of

field activities:

> Jim Blazek
> Environmental Manager
>
> Jane Morgan
> Regulatory Specialist

## INTERROGATORY NO. 34:

Please identify all individuals associated with the design or with any changes, change
orders, modifications or variances to the original design of the works to be performed at the East
Bank Industrial Area of the IHNC/Industrial Canal pursuant to the Total Environmental
Restoration Contract, Task Order 26.

## RESPONSE:

WGII objects to this interrogatory as vague and ambiguous because the phrase

"associated with" is undefined and is subject to multiple and different interpretations in this

context. WGII also objects to this interrogatory as overbroad and unduly burdensome because

Task Order 26 was an on-going demolition and remediation project that spanned more than five

years and involved 57 task order modifications. Through the duration of Task Order 26, there

were dozens of plans, drawings and/or designs submitted to and/or presented to the USACE on

an on-going basis. All of such plans, drawing and/or designs were authorized and/or approved

by the USACE, and to the extent they were modified and/or varied, such modifications also were

authorized and/or approved by the USACE. Finally, WGII objects to this interrogatory to the

extent it seeks information that is obtainable from some other source (i.e., as a matter of public

record and/or from the USACE) that is more convenient, less burdensome, less expensive, and as

easily accessible and available to Plaintiff.

- 73 -

WAI-2831000v3

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it already produced to plaintiffs a Submittal Register listing nearly 300 reports, drawings, plans, modifications and/or other submittals by WGII and/or its subcontractors to the USACE in connection with Task Order 26 between July 21, 1999 and August 8, 2005. WGI078158-81. Many of the documents listed therein, to the extent they exist in WGII's custody, already have been produced and/or will be produced by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i). WGII also produced to plaintiffs copies of all of its Daily Quality Control Reports and any attachments thereto (including Contractor Information Requests, and Preparatory Phase Agendas/Meeting Minutes for each feature of work performed on Task Order 26), which were submitted to the USACE. The names of the persons and/or entities involved in designing and/or approving any such plans and/or changes/modifications thereto are contained in such documents.

## INTERROGATORY NO. 35:

Please identify all individuals associated with the implementation of the works to be performed at the East Bank Industrial Area of the IHNC/Industrial Canal pursuant to the Total Environmental Restoration Contract, Task Order 26.

## RESPONSE:

WGII objects to this interrogatory as vague and ambiguous because the terms "associated with" and "implementation" are undefined and are subject to multiple and different interpretations in this context. Moreover, WGII objects to this interrogatory as overbroad and unduly burdensome because the implementation of on-going works to be performed at the East Bank Industrial Area pursuant to Task Order 26 spanned more than five years, and involved persons from the WGII and USACE, as well as numerous subcontractors.

- 74 -

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that the employees and/or former employees of WGII that

participated in implementing works at the EBIA pursuant to Task Order 26 include:

Dennis O'Conner
Project Manager

Phillip Staggs
Construction Manager

Richard Lesser
Project Manager

Brenda Casey
Field Coordinator/Contractor Quality Control Manager

Sara Alvey
Site Safety & Health Officer/Contractor Quality Control System Manager

Jeri Staggs
Project Secretary

Bobby Smith
Field Coordinator/Quality Control Manager

Robert Lundberg
Environmental Manager/Quality Control Manager

Rodney Hickman
Quality Control System Manger/ Environmental Specialist

## INTERROGATORY NO. 36:

Please identify all United States Army Corps of Engineers employees known by you who
are knowledgeable about the oversight of the contract and associated works to be performed at
the East Bank Industrial Area of the Industrial Canal pursuant to the Total Environmental
Restoration Contract, Task Order 26, including the payments, payment requests, monetary
claims, payment approval, and payment dispersals under Task Order 26.

- 75 -

**RESPONSE:**

WGII objects to this interrogatory to the extent it seeks information regarding the knowledge of persons, entities or parties other than WGII and/or its employees. WGII further objects to this interrogatory as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding "common liability" to the extent it seeks information regarding "payments, payment requests, monetary claims, payment approval, and payment dispersals under Task Order 26."

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that based on a review of documents already produced to the plaintiffs, the following individuals from the USACE appear to be "knowledgeable about the oversight of the contract and associated works to be performed at the East Bank Industrial Area:"

Alex Brogna
Quality Assurance Manager

Alvin Clouatre
QA Inspector, Construction Representative

Robert Ariatti
Project Engineer

Lee Guillory, P.E.
Contracting Officer's Representative

James Montegut III, CEMVN-CD-NO-S

John M. Weatherly, Contracting Officer

**INTERROGATORY NO. 37:**

Please identify all individuals (from any company or agency) known by you who are knowledgeable about the permit requests and approval to conduct demolition and removal activities [in] the East Bank Industrial Area of the Industrial Canal pursuant to the Total Environmental Restoration Contract, Task Order 26.

WAI-2831000v3

**RESPONSE:**

WGII objects to this interrogatory to the extent it seeks information regarding the

knowledge of persons, entities and/or parties other than WGII and/or its employees. Subject to

and without waiving these objections, and subject to the General Objections set forth above,

WGII responds that based on a review of its documents that already have been produced to the

plaintiffs, the following individuals appear to be "knowledgeable about the permit requests and

approval to conduct demolition and removal activities [in] the East Bank Industrial Area of the

Industrial Canal pursuant to the Total Environmental Restoration Contract, Task Order 26:"

    Bobby Smith
    Former WGII Field Coordinator

    Dennis O'Conner
    Project Manager

**INTERROGATORY NO. 38:**

Please identify all individuals (from any company or agency) responsible for notifying
the Orleans Levee District Board of Commissioners that the demolition activities associated with
Total Environmental Restoration Contract, Task Order 26 were completed so that an inspection
and approval of the levee condition could be made.

**RESPONSE:**

WGII objects to this interrogatory because it assumes facts not in evidence, including that

individual(s) were "responsible for notifying the Orleans Levee District Board of Commissioners

that the demolition activities associated with Total Environmental Restoration Contract, Task

Order 26 were completed so that an inspection and approval of the levee condition could be

made." WGII also objects to this interrogatory as overbroad and unduly burdensome to the

extent it seeks the identity of individuals "from any company or agency" other than WGII.

Finally, WGII objects to this interrogatory because it is premature as liability discovery in the

case has just begun.

- 77 -

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it currently is without knowledge to respond to this

interrogatory.

## INTERROGATORY NO. 39:

Please identify all individuals (from any company or agency) responsible for assuring the
Orleans Levee District Board of Commissioners that the demolition activities associated with
Total Environmental Restoration Contract, Task Order 26 would not adversely impact or prohibit
the Levee District's maintenance operations or any potential flood fight activities at the levee.

### RESPONSE:

WGII objects to this interrogatory as vague and ambiguous because the phrases

"maintenance operations" and "flood fight activities" are undefined and are subject to multiple

and different interpretations in this context. WGII also objects to this interrogatory because it

assumes facts not in evidence, including that individual(s) were "responsible for assuring the

Orleans Levee District Board of Commissioners that the demolition activities associated with

Total Environmental Restoration Contract, Task Order 26 would not adversely impact or prohibit

the Levee District's maintenance operations or any potential flood fight activities at the levee."

WGII also objects to this interrogatory as overbroad and unduly burdensome to the extent it

seeks the identity of individuals "from any company or agency" other than WGII. Finally, WGII

objects to this interrogatory because it is premature as liability discovery in the case has just

begun.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it currently is without knowledge to respond to this

interrogatory.

- 78 -

## INTERROGATORY NO. 40:

Please identify all individuals (from any company or agency) known by you who are knowledgeable about the site characterization, including subsurface characterization of materials, at the East Bank Industrial Area of the Industrial Canal pursuant to the Total Environmental Restoration Contract, Task Order 26.

## RESPONSE:

WGII objects to this interrogatory as overbroad and unduly burdensome to the extent it

seeks the identity of individuals "from any company or agency" other than WGII.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it appears, based on a review of documents already provided

to plaintiffs, that the following employees or former employees from WGII may be

"knowledgeable about the site characterization in the East Bank Industrial Area of the Industrial

Canal pursuant to the Total Environmental Restoration Contract, Task Order 26:"

Dennis O'Conner (Project Manager)

Phillip Staggs (Construction Manager)

## INTERROGATORY NO. 41:

Please identify the types of soils and sands that comprised the Mississippi River Gulf Outlet levees, floodwalls and/or spoilbanks along Reach 2.

## RESPONSE:

WGII objects to this interrogatory because it is premature as liability discovery in the

case has just begun. WGII further objects to this interrogatory as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC, which do not implicate and/or relate to any of plaintiffs' claims against

WGII and/or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it did not design, build and/or implement any work on the "Mississippi River Gulf Outlet levees, floodwalls and/or spoilbanks along Reach 2." Accordingly, WGII is without knowledge regarding the types of soils and sands that comprised these structures.

### INTERROGATORY NO. 42:

Please identify the owners of the lands which comprise the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

### RESPONSE:

WGII objects to this interrogatory as vague and ambiguous because the phrase "lands which comprise the IHNC/Industrial Canal" is not defined and subject to multiple and different interpretations in this context. WGII also objects to this interrogatory as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal, and time periods other than 1999-2005, which do not implicate and/or relate to any of plaintiffs' claims against WGII.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that based on a review of the following documents that already have been produced to plaintiffs, it appears that the Port of New Orleans owned the EBIA until it was purchased by the USACE in 2002. *See* WGI076205-06; WGI076220. WGII is without knowledge to respond to the remainder of the interrogatory.

- 80 -

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS:

### REQUEST FOR PRODUCTION NO. 1:

Please produce a certified copy of each policy of liability insurance (including all declarations, riders, endorsements, and attachments) identified in response to Interrogatory No. 12.

### RESPONSE:

WGII objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding "common liability" issues.

Subject to and without waiving this objection, and subject to the General Objections set forth above, WGII responds that it will produce non-privileged documents responsive to this Request by February 29, 2008, in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

### REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of any document identified or referenced in your response to Interrogatory No. 1.

### RESPONSE:

WGII incorporates herein by reference its objections to Interrogatory No. 1.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII will produce, to the extent they exist and have not already been produced, any further relevant non-privileged documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

### REQUEST FOR PRODUCTION NO. 3:

Please produce an authentic copy of any document identified, referenced or relied upon in response to any of the foregoing interrogatories or requests for admission.

**RESPONSE:**

WGII objects to this Request as overbroad and unduly burdensome for the reasons set forth in the foregoing Responses to Interrogatories and Requests for Admission. WGII further objects because while CMO No. 4 provides that documents produced by a party "shall by reason of such production be presumed to be authentic documents under Fed. R. Evid. 901," WGII is not in a position to stipulate to the authenticity of mass categories of documents, regardless of whether they have been produced from WGII's files, and reserves the right to rebut the presumption and to object to their authenticity on a document-by-document basis at the appropriate time.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII will produce, to the extent they exist and have not already been produced, any further relevant non-privileged documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all project documents concerning your demolition and/or construction projects and activities in, on, or around the IHNC/Industrial Canal from 1996 to present, specifically including the IHNC/Industrial Canal Lock Replacement Project.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "construction projects and activities" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "project documents" relating to time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request as overbroad, unduly burdensome, and designed solely to harass because

- 82 -

it calls for the production of every single "project document" in WGII's possession "concerning"

its contract with the USACE.

## REQUEST FOR PRODUCTION NO. 5:

Please produce all draft and final agreements with the United States of America,
including the U.S. Army, Corps of Engineers, concerning demolition and/or construction
projects and activities in, on, or around the IHNC/Industrial Canal from 1996 to present,
specifically including the IHNC/Industrial Canal Lock Replacement Project.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "construction

projects and activities" are undefined and are subject to multiple and different interpretations in

this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant

and not reasonably calculated to lead to the discovery of admissible evidence to the extent it

seeks information relating to time periods other than 1999-2005 that do not implicate and/or

relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects

to this Request as an improper invasion of the attorney-client privilege and violation of the work-

product doctrine to the extent it seeks internal "drafts" of WGII's agreements that were not

otherwise exchanged with the United States and/or USACE.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII will produce, to the extent they exist and have not already been produced,

any further relevant non-privileged documents responsive to this Request by February 29, 2008

in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 6:

Please produce all draft and final agreements with any Orleans Parish or City of New
Orleans entity, including the Orleans Parish Levee District, concerning demolition and/or
construction projects and activities in, on, or around the IHNC Industrial Canal from 1996 to
present, specifically including the IHNC/Industrial Canal Lock Replacement Project.

- 83 -

#### RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "construction projects and activities" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to time periods other than 1999 to 2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII will produce, to the extent they exist and have not already been produced, relevant non-privileged documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

#### REQUEST FOR PRODUCTION NO. 7:

Please produce all hydrology and hydraulics analysis design memoranda for the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal for the period 1996 to present.

#### RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII will produce, to the extent they exist, relevant non-privileged documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

- 84 -

## REQUEST FOR PRODUCTION NO. 8:

Please produce all project documents concerning contemplated, recommended, or actual levee, floodwall, or other similar construction plans along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1996 to present.

### RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "other similar construction plans" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for "contemplated, recommended, or actual levee, floodwall, or other similar construction plans along the IHNC/Industrial Canal" and accordingly, WGII is currently unaware of any "project documents" in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 9:

Please produce all other documents concerning contemplated, recommended or actual levee, floodwall, or other similar construction plans along the IHNC/Industrial Canal, N.O. East Back Levee, Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from their inception to present.

### RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "other similar construction plans" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and

- 85 -

not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of

plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it was not responsible for "contemplated, recommended, or

actual levee, floodwall, or other similar construction plans along the IHNC/Industrial Canal,"

and accordingly, WGII is currently unaware of any "other documents" in its possession

responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

Please produce all documents that concern any sinking or subsidence of the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "sinking" and

"subsidence" are undefined and are subject to multiple and different interpretations in this

context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII further objections to this Request as overbroad and unduly burdensome

because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it was not responsible for monitoring "any sinking or

subsidence of the IHNC/Industrial Canal," and accordingly, WGII is currently unaware of any

documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

Please produce all Reevaluation Studies concerning the IHNC/Industrial Canal, N.O. East
Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1996
to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "Reevaluation

Studies" is undefined and is subject to multiple and different interpretations in this context.

WGII also objects to this Request as overbroad and unduly burdensome to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal and time periods other than to 1999-2005 that do not implicate and/or relate to any of

plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it was not responsible for reviewing and/or preparing

"Reevaluation Studies concerning the IHNC/Industrial Canal," and accordingly, WGII is

currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

Please produce all documents concerning the High Level Plan associated with the Lake
Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP).

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "High Level

Plan" is undefined and is subject to multiple and different interpretations in this context. WGII

objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objections to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for reviewing and/or preparing the "the High Level Plan associated with the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP)," and accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13:

Please produce all documents concerning the original Barrier Plan.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "original Barrier Plan" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objections to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for reviewing and/or preparing any "Barrier Plan" and accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

- 88 -

## REQUEST FOR PRODUCTION NO. 14:

Please produce all documents concerning assessments and/or input performed by the Sewerage & Water Board of New Orleans and/or the Orleans Levee District relative to the design, construction, maintenance, or inspection of the levees, floodwalls, retaining walls, and/or sheet pilings along the IHNC/Industrial Canal for the period 1996 to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "assessments," "input," "design," "construction," "maintenance," and "inspection" are undefined and are subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for the "design, construction, maintenance, or inspection of the levees, floodwalls, retaining walls, and/or sheet pilings along the IHNC/Industrial Canal," and accordingly, WGII is currently unaware of any documents in its possession responsive to this Request. Notwithstanding the foregoing, WGII will produce, to the extent they exist, any non-privileged documents responsive to this Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 15:

Please produce all other documents concerning assessments and/or input performed by the Sewerage & Water Board of New Orleans and/or the Orleans Levee District relative to the design, construction, maintenance, or inspection of the levees, floodwalls, retaining walls, and/or sheet pilings along the IHNC/Industrial Canal without time limitation.

- 89 -

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "assessments," "input," "design," "construction," "maintenance," and "inspection" are undefined and are subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for the "design, construction, maintenance, or inspection of the levees, floodwalls, retaining walls, and/or sheet pilings along the IHNC/Industrial Canal," and accordingly, WGII is currently unaware of any "other documents" in its possession responsive to this Request. Notwithstanding the foregoing, WGII will produce, to the extent they exist, any non-privileged documents responsive to this Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 16:

Please produce all documents concerning any effort by anyone between August 29, 1996, and August 29, 2005, to ascertain any potential flaw, problem, issue, or undesired condition related to the design, construction, maintenance, monitoring, or inspection of the IHNC/Industrial Canal (including its levees, floodwalls, retaining walls, sheet pilings, and similar related structures).

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "undesired condition," "design," "construction," "maintenance," "monitoring," and "inspection" are undefined and are subject to multiple and different interpretations in this context. WGII objects

- 90 -

to this Request as overbroad and unduly burdensome to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods prior to 1999 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for "ascertain[ing] any potential flaw, problem, issue, or undesired condition related to the design, construction, maintenance, monitoring, or inspection of the IHNC/Industrial Canal (including its levees, floodwalls, retaining walls, sheet pilings, and similar related structures)," and accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

Please produce all documents concerning any results of the efforts described in the preceding request.

## RESPONSE:

See objections and response to Request No. 16.

## REQUEST FOR PRODUCTION NO. 18:

Please produce all documents concerning any effort by anyone between August 29, 2005, and the present, to ascertain any potential flaw, problem, issue, or undesired condition related to the design, construction, maintenance, monitoring, or inspection of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal (including their levees, floodwalls, spoilbanks, retaining walls, sheet pilings, and similar related structures).

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "undesired condition," "design," "construction," "maintenance," "monitoring," and "inspection" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time

periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims

against WGII or WGII's defenses thereto. WGII further objects to this Request to the extent that

these documents are publicly available, and as such, are as equally accessible to plaintiffs as to

WGII. Finally, WGII objects to this Request as premature and an improper acceleration of the

June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce any written reports of testifying "common

liability" experts that are responsive to this Request as provided for by the Court, and it will

produce, to the extent they exist, any other relevant, non-privileged documents responsive to this

Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 19:

Please produce all documents concerning any results of the efforts described in the
preceding request.

## RESPONSE:

See objections and response to Request No. 18.

## REQUEST FOR PRODUCTION NO. 20:

Please produce all documents concerning any results of the efforts described in the
preceding request.

## RESPONSE:

WGII objects to this Request as duplicative of Request No. 19.

## REQUEST FOR PRODUCTION NO. 21:

Please produce all documents concerning any and all emergency preparedness
coordination between you and anyone else, including any and all federal, state, parish, and/or

- 92 -

local governmental agencies, concerning the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "any and all emergency preparedness coordination between you and anyone else" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce, to the extent they exist and have not already been produced, relevant non-privileged documents responsive to this Request by February 29, 2008, in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents concerning any complaints or concerns expressed by anyone, work reports, dispersal/assignment of crews, referrals to others, concerning leaks, water pooling, sand boils, or other presence of water in yards nearby the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1996 to present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the term "complaints" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to

- 93 -

locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 23:

Please produce all documents concerning any dredging or attempted dredging of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO and/or the 40 Arpent Canal by you between 1996 and present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "dredging" is undefined and is subject to multiple and different interpretations in this context.  WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for "dredging or attempted dredging of the IHNC/Industrial Canal" and accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 24:

Please produce all documents concerning any dredging or attempted dredging of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal by anyone else without time limitation.

WAI-2831000v3

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the term "dredging" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objections to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce, to the extent they exist and have not already been produced, relevant non-privileged documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents concerning all phases of pulling and driving sheet piles by you along the IHNC/Industrial Canal from 1996 to present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "all phases of pulling and driving sheet piles" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce, to the extent they exist and have not already

been produced, relevant non-privileged documents responsive to this Request by February 29,

2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 26:

Please produce all other documents concerning all phases of pulling and driving sheet
piles by anyone else along the IHNC/Industrial Canal without time limitation.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "all phases of

pulling and driving sheet piles" is undefined and is subject to multiple and different

interpretations in this context. WGII also objects to this Request as overbroad and unduly

burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds it will produce, to the extent they exist and have not already been

produced, relevant non-privileged documents responsive to this Request by February 29, 2008 in

accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 27:

Please produce all project documents concerning all phases of removal or placement of
pilings by you along the IHNC/Industrial Canal from 1996 to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "all phases of

removal or placement of pilings" is undefined and is subject to multiple and different

interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome,

not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks information relating to time periods other than 1999-2005 that do not implicate

and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further

objects to this Request as duplicative of Request No. 25.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce, to the extent they exist and have not already been produced, relevant non-privileged project documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 28:

Please produce all other documents concerning all phases of removal or placement of pilings by anyone else along the IHNC/Industrial Canal without time limitation.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "all phases of removal or placement of pilings" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome because it contains no date restriction. WGII finally objects to this Request as duplicative of Request No. 26.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce, to the extent they exist and have not already been produced, relevant non-privileged other documents responsive to this Request by February 29, 2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 29:

Please produce all permits obtained by you from the U.S. Army, Corps of Engineers concerning the deepening and/or widening of the IHNC/Industrial Canal from 1996 to present.

## RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information regarding time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for the "deepening and/or widening of the IHNC/Industrial Canal," and did not do so. As such, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 30:

Please produce all permits obtained by anyone else concerning the deepening and/or widening of the IHNC/Industrial Canal without time limitation.

## RESPONSE:

WGII objects to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for the "deepening and/or widening of the IHNC/Industrial Canal," and did not do so. As such, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31:

Please produce all other permits obtained by you concerning your demolition and/or construction projects and activities in, on, or around the IHNC/Industrial Canal from 1996 to present, specifically including the IHNC/Industrial Canal Lock Replacement Project.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "construction projects and activities" is undefined and is subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relation to time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it already has produced any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 32:

Please produce all documents concerning any risks or hazards associated with dredging the IHNC/Industrial Canal from 1996 to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "dredging" is undefined and is subject to multiple and different interpretations in this context.  WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that WGII was not responsible for dredging and/or conducting an analysis of the "risks or hazards associated with dredging the IHNC/Industrial Canal." Accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 33:

Please produce all documents concerning a system of monitoring pore water (ground water) pressures adjacent to the IHNC/Industrial Canal from 1996 to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "system of monitoring pore water (ground water) pressures" is undefined and is subject to multiple and

- 99 -

different interpretations in this context. WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for implementing, and is not otherwise aware of the existence of, a "system of monitoring pore water (ground water) pressures adjacent to the IHNC/Industrial Canal." Accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

Please produce all documents concerning whether a barge in any way contacted any levee, floodwall, retaining wall, or other similar structure along the IHNC/Industrial Canal on or soon after August 29, 2005.

## RESPONSE:

WGII objects to this Request as designed solely to harass. Plaintiffs (and/or members of the putative class, where applicable) are participating and/or have participated in suits in this Court, as well as in other courts, in which they claim that a barge "contacted any levee, floodwall, retaining wall, or other similar structure along the IHNC/Industrial Canal on or soon after August 29, 2005." As such, plaintiffs are in the same, if not better position than WGII, to have documents responsive to this Request.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that WGII left the EBIA in May 2005, and as such, was not present along the IHNC/Industrial Canal on or about August 29, 2005. Accordingly, WGII is currently unaware of any documents in its possession responsive to this Request.

- 100 -

## REQUEST FOR PRODUCTION NO. 35:

Please produce all documents concerning regular inspections of the levees, floodwalls, retaining walls, sheet pilings, or other similar structures along the IHNC/Industrial Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the phrase "regular inspections" is undefined and subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not responsible for "regular inspections of the levees, floodwalls, retaining walls, sheet pilings, or other similar structures along the IHNC/Industrial Canal," and did not conduct any. As such, WGII is currently unaware of any documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 36:

Please produce all documents concerning the locations of the breaches along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. Finally, WGII objects to this Request as premature and an improper acceleration of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce any written reports of testifying "common

liability" experts that are responsive to this Request as provided for by the Court, and it will

produce, to the extent they exist, any other relevant, non-privileged documents responsive to this

Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 37:

Please produce all documents concerning the potential or actual causes of the breaches
that occurred along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee,
GIWW, the MR-GO, and/or the 40 Arpent Canal during and/or within the days after Hurricane
Katrina.

## RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. Finally, WGII objects to this Request as premature and an improper

acceleration of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce any written reports of testifying "common

liability" experts that are responsive to this Request as provided for by the Court, and it will

produce, to the extent they exist, any other relevant, non-privileged documents responsive to this

Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 38:

Please produce all documents concerning any hydraulic connectivity between the MRGO
and the IHNC/Industrial Canal.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "hydraulic

connectivity" is undefined and is subject to multiple and different interpretations in this context.

WGII objects to this Request as overbroad and unduly burdensome to the extent it does not

contain a date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all documents concerning meetings and/or other communications between
you and anyone else (including the United States of America and the U.S. Army, Corps of
Engineers or its representatives) concerning the breaches that occurred along the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

**RESPONSE:**

WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII objects to this Request as overbroad and unduly burdensome to the

extent it does not contain a date restriction. WGII further objects to this request as an improper

invasion of the attorney-client privilege, attorney work product doctrine, and the common

interest / joint defense privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

- 103 -

## REQUEST FOR PRODUCTION NO. 40:

Please produce all documents concerning meetings and/or other communications between you and anyone else (including the United States of America or the U.S. Army, Corps of Engineers or its representatives) concerning whether or in what way the MRGO may have contributed or did contribute to the breaches that occurred along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII objects to this Request as overbroad and unduly burdensome to the

extent it does not contain a date restriction. WGII further objects to this request as an improper

invasion of the attorney-client privilege, attorney work product doctrine, and the common

interest / joint defense privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 41:

Please produce all documents concerning meetings and/or communications between you and anyone else (including the United States of America and the U.S. Army, Corps of Engineers or its representatives) concerning all other potential or actual causes of the breaches that occurred along the IHNC/Industrial Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as overbroad and unduly burdensome to the extent it does

not contain a date restriction. WGII further objects to this request as an improper invasion of the

attorney-client privilege, attorney work product doctrine, and the common interest / joint defense

privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b).

- 104 -

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 42:

Please produce all engineering designs of the levees, floodwalls, retaining walls, sheet
pilings, and/or similar structures along the IHNC/Industrial Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "engineering

designs" and "sheet pilings" are undefined and are subject to multiple and different

interpretations in this context. WGII objects to this Request as overbroad and unduly

burdensome to the extent it does not contain a date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it did not review and/or participate in the "engineering" of

the levees, floodwalls and/or retaining walls along the IHNC/Industrial Canal, and accordingly,

WGII is currently unaware of any non-privileged documents in its possession responsive to this

Request. However, WGII responds that it will produce, to the extent they exist and have not

already been produced, relevant non-privileged engineering designs regarding sheet pilings used

in the construction of temporary cofferdams in the EBIA by February 29, 2008, in accordance

with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 43:

Please produce all engineering designs of the levees, floodwalls, retaining walls, sheet
pilings, spoil banks, earthen embankments, and/or similar structures along the MRGO and/or
GIWW.

- 105 -

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "engineering designs" and "sheet pilings" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request as overbroad and unduly burdensome to the extent it does not contain a date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it was not involved in the "engineering" "of the levees, floodwalls, retaining walls, sheet pilings, spoil banks, earthen embankments, and/or similar structures along the MRGO and/or GIWW," and accordingly, is currently unaware of any non-privileged documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 44:

Please produce all engineering designs of the levees, floodwalls, retaining walls, sheet pilings, spoil banks, earthen embankments, and/or similar structures along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "engineering designs" and "sheet pilings" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank

- 106 -

Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs'

claims against WGII or WGII's defenses thereto. WGII further objects to this Request as

overbroad and unduly burdensome to the extent it does not contain a date restriction. WGII

finally objects to this Request as duplicative of Request Nos. 42 and 43.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see responses to Request Nos. 42 and 43.

## REQUEST FOR PRODUCTION NO. 45:

Please produce all documents that might assist in the identification of the engineering
and/or construction firm(s), including their respective subcontractors, who constructed the
levees, floodwalls, retaining walls, sheet pilings, and/or similar structures that failed on the
IHNC/Industrial Canal, N.O. East Back End Levee, Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "sheet pilings"

and "failed" are undefined and are subject to multiple and different interpretations in this

context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it

seeks information relating to locations other than the East Bank Industrial Area or

IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against

WGII or WGII's defenses thereto. WGII further objects to this Request as overbroad and unduly

burdensome to the extent it does not contain a date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "construct[ing] the levees,

floodwalls, retaining walls, sheet pilings, and/or similar structures that failed on the

IHNC/Industrial Canal." Accordingly, WGII is currently unaware of any non-privileged

documents in its possession responsive to this Request.

- 107 -

## REQUEST FOR PRODUCTION NO. 46:

Please produce all documents that concern the pre-August 29, 2005, height above mean sea level of the levees, floodwalls, spoilbanks, retaining walls, sheet pilings, and/or other similar structures along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous as the term "sheet pilings" is

undefined and subject to multiple and different interpretations in this context. WGII also objects

to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to

lead to the discovery of admissible evidence to the extent it seeks information relating to

locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate

and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII also

objects to this request as overbroad and unduly burdensome because it does not contain a date

restriction. Finally, WGII objects to this Request as premature and an improper acceleration of

the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 47:

Please produce all documents that concern the pre-August 29, 2005, depth of the levees, floodwalls, retaining walls, sheet pilings, and/or other similar structures along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous as the term "sheet pilings" is

undefined and subject to multiple and different interpretations in this context. WGII also objects

to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to

lead to the discovery of admissible evidence to the extent it seeks information relating to

locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate

and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII also

objects to this request as overbroad and unduly burdensome because it does not contain a date

restriction. Finally, WGII objects to this Request as premature and an improper acceleration of

the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 48:

Please produce all documents concerning any post-Hurricane Katrina investigations
performed by you or on our behalf with respect to the breaches that occurred along the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII further objects to this Request as an improper invasion of the attorney-

client privilege, attorney work product doctrine, and the common interest / joint defense

privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b). Finally, WGII objects to

this Request as premature and an improper acceleration of the June 30, 2008 expert report

deadline. *See* CMO No. 4, § IV(E)(4).

- 109 -

WAI-2831000v3

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it is currently unaware of any non-privileged documents in

its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 49:

Please produce all documents concerning any post-Hurricane Katrina investigations
performed by anyone else with respect to the breaches that occurred along the IHNC/Industrial
Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent
Canal during and/or within the days after Hurricane Katrina.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "investigations"

is undefined and are subject to multiple and different interpretations in this context. WGII also

objects to this Request as overbroad and unduly burdensome to the extent it seeks information

relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do

not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII further objects to this Request on the grounds that these documents are publicly available,

and as such, are as equally accessible to plaintiffs as to WGII. WGII also objects to this Request

as an improper invasion of the attorney-client privilege, attorney work product doctrine, and the

common interest / joint defense privilege as recognized by this Court. *See* CMO No. 4, §

I(C)(1)(b). WGII finally objects to this Request as premature and an improper acceleration of

the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce any written reports of testifying "common

liability" experts that are responsive to this Request as provided for by the Court, and it will

produce, to the extent they exist, any other relevant, non-privileged documents responsive to this

Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i)

- 110 -

**REQUEST FOR PRODUCTION NO. 50:**

Please produce all documents concerning any failure analysis with respect to the breaches that occurred along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal during and/or within the days after Hurricane Katrina.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "failure analysis" is undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request to the extent that such documents are publicly available, and as such, are as equally accessible to plaintiffs as to WGII. WGII also objects to this Request as an improper invasion of the attorney-client privilege, attorney work product doctrine, and the common interest / joint defense privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b). WGII finally objects to this Request as premature and an improper acceleration of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will produce any written reports of testifying "common liability" experts that are responsive to this Request as provided for by the Court, and it will produce, to the extent they exist, any other relevant, non-privileged documents responsive to this Request by February 29, 2008. *See* CMO No. 4, §§ IV(E)(4), IV(B)(1)(i).

**REQUEST FOR PRODUCTION NO. 51:**

Please produce all documents concerning who owned the water bottoms of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal as of August 29, 2005.

**RESPONSE:**

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce a copy of all statements given or taken by you or someone acting on your behalf or under your direction concerning any allegations contained in the MR-GO Master Consolidated Class Action Complaint.

**RESPONSE:**

WGII objects to this Request as an improper invasion of the attorney-client privilege,

attorney work product doctrine, and the common interest / joint defense privilege as recognized

by this Court. *See* CMO No. 4, § I(C)(1)(b).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII is currently unaware of any non-privileged documents

in its possession responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce any and all investigations reports and/or other reports pertaining to the N.O. East Back End Levee/Citrus Back Levee and/or the 40 Arpent Canal concerning any allegations contained in the MR-GO Master Consolidated Class Action Complaint.

**RESPONSE:**

WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request as an improper invasion of the attorney-client privilege, attorney work product doctrine, and the common interest / joint defense privilege as recognized by this Court. *See* CMO No. 4, § I(C)(1)(b). WGII finally objects to this Request as premature and an improper acceleration of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that WGII is currently unaware of any non-privileged documents in its possession responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce any and all written expert reports received by you or someone acting on your behalf or under your direction concerning any allegations contained in the MR-GO Master Consolidated Class Action Complaint

**RESPONSE:**

WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII also objects to this Request as premature and an improper acceleration

- 113 -

of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4). WGII further objects

to this Request to the extent it requests copies of any draft reports in violation of the Court's

Case Management Order. *See* CMO No. 4, § IV(E)(2).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will make its written reports of testifying "common

liability" experts available as provided for by the Court. *See* CMO No. 4, § IV(E)(4).

## REQUEST FOR PRODUCTION NO. 55:

Please produce any and all reports rendered by any person who was sought to be used as
an expert witness concerning any allegations contained in the MR-GO Master Consolidated
Class Action Complaint.

## RESPONSE:

WGII objects to this Request as vague and ambiguous as the term "rendered" is

undefined and is subject to multiple and different interpretations in this context. WGII also

objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do

not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII also objects to this Request as an improper invasion of the attorney-client privilege,

attorney work product doctrine, and the common interest / joint defense privilege as recognized

by this Court, *see* CMO No. 4, § I(C)(1)(b). WGII further objects to this Request to the extent it

requests copies of any draft reports in violation of the Court's Case Management Order. *See*

CMO No. 4, § IV(E)(2). WGII finally objects to this Request as premature and an improper

acceleration of the June 30, 2008 expert report deadline. *See* CMO No. 4, § IV(E)(4).

- 114 -

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will make its written reports of testifying "common

liability" experts available as provided for by the Court. *See* CMO No. 4, § IV(E)(4).

## REQUEST FOR PRODUCTION NO. 56:

Please produce the curriculum vitae for any person who may be sought or used as an
expert witness concerning any allegations contained in the MR-GO Master Consolidated Class
Action Complaint.

## RESPONSE:

WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII also objects to this Request as an improper invasion of the attorney-client

privilege, attorney work product doctrine, and the common interest / joint defense privilege as

recognized by this Court. *See* CMO No. 4, § I(C)(1)(b). WGII finally objects to this Request as

premature and an improper acceleration of the June 30, 2008 expert report deadline. *See* CMO

No. 4, § IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce the curriculum vitae for any testifying

"common liability" experts on behalf of WGII as provided for by the Court. *See* CMO No. 4,

§ IV(E)(4).

## REQUEST FOR PRODUCTION NO. 57:

Please produce a list of any and all witnesses to testify at trial of this matter, including
addresses, and telephone numbers concerning any allegations contained in the MR-GO Master
Consolidated Class Action Complaint.

WAI-2831000v3

**RESPONSE:**

WGII objects to this request as vague and ambiguous because the term "witnesses" is undefined and subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to witnesses intending to testify at trial on behalf of any party other than WGII. Finally, WGII objects to this Request as a violation of the Court's CMO No. 4, which sets forth the deadlines for disclosure of the various types of "common liability" witnesses in this matter. *See* CMO No. 4, §§ IV(A)(1)(g), (A)(2), (A)(3), & IV(E)(4).

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that it will continue to abide by the Court's CMO No. 4 with respect to the disclosure of "common liability" witnesses. *See* CMO No. 4, §§§ IV(A)(1)(g), (A)(2), (A)(3) & IV(E)(4).

**REQUEST FOR PRODUCTION NO. 58:**

Please produce all project documents, including but not limited to, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), High Level Plans, studies, proposals, work orders, change orders, Request for Payments, etc., for the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP) that regard or concern the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations," "engineering investigations," and "studies" are undefined and are subject to multiple and different interpretations in this context. WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank

- 116 -

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it is currently unaware of any non-privileged documents in

its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 59:

Please produce all Hydrology and Hydraulics Analysis Design Memoranda for the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal from 1965 to the present.

## RESPONSE:

WGII objects to this Request as overbroad and unduly burdensome to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of

plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request

as duplicative of Request No. 7 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 7.

## REQUEST FOR PRODUCTION NO. 60:

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to the construction of tidal gates and pumps at the outfall of the IHNC/Industrial
Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-Go, and/or the 40 Arpent
Canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "construction of tidal gates

and pumps at the outfall of the IHNC/Industrial Canal," and as such, is currently unaware of any

non-privileged documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 61:

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to the sinking of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back
Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

### RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies," and "sinking" are undefined and are subject to multiple

and different interpretations in this context. WGII also objects to this Request as overbroad,

unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks information relating to locations other than the East

Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do

not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII further objects to this Request as duplicative of Request No. 10 and as such, designed

solely to harass.

- 118 -

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 10.

## REQUEST FOR PRODUCTION NO. 62:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc. relative to recommended levee construction plans along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII further objects to this Request to the extent such documents are publicly available, and as

such, are as equally accessible to plaintiffs as to WGII.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "recommended levee

construction plans along the IHNC/Industrial Canal," and as such, is currently unaware of any

non-privileged documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 63:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc. relative to alternative levee construction plans along the IHNC/Industrial Canal, N.O. East

- 119 -

Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII further objects to this Request to the extent such documents are publicly available, and as

such, are as equally accessible to plaintiffs as to WGII.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "alternative levee construction

plans along the IHNC/Industrial Canal," and as such, is currently unaware of any non-privileged

documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 64:

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to Reevaluation Studies concerning the IHNC/Industrial Canal, N.O. East Back End
Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal and the
levees/floodwalls along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back
Levee, GIWW, the MR-GO, and /or the 40 Arpent canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies" and "Reevaluation Studies" are undefined and are subject

to multiple and different interpretations in this context. WGII objects to this Request as

overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the

discovery of admissible evidence to the extent it seeks information relating to locations other

than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-

2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto. WGII further objects to this Request as duplicative of Request No. 11 and as

such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it was not responsible for reviewing and/or preparing

"Reevaluation Studies" concerning the IHNC/Industrial Canal or the levees/floodwalls;

accordingly, WGII is currently unaware of any documents in its possession responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 65:

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to modifications, indicated by engineering judgment and experience which differed
from standard engineering protocol, of the levees/floodwalls along the IHNC/Industrial Canal,
N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal
from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies," "modifications," "engineering judgment and

experience," and "engineering protocol" are undefined and are subject to multiple and different

interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

- 121 -

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "modifications, indicated by

engineering judgment and experience which differed from standard engineering protocol, of the

levees/floodwalls along the IHNC/Industrial Canal," and as such, is currently unaware of any

non-privileged documents in its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 66:

Please produce all agreements with political subdivisions or public bodies regarding any
and all works performed on the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back
Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal and the levees/floodwalls along the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous as the phrases "political

subdivisions" and "public bodies" are undefined and are subject to multiple and different

interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that it will produce, to the extent they exist and have not already

been produced, relevant non-privileged documents responsive to this Request by February 29,

2008 in accordance with the Court's Case Management Order. *See* CMO No. 4, § IV(B)(1)(i).

- 122 -

## REQUEST FOR PRODUCTION NO. 67:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc. relative to the expropriation of property lining the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal, as well as the condemnation of and removal of residences along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies," and "expropriation" are undefined and are subject to

multiple and different interpretations in this context. WGII also objects to this Request as

overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the

discovery of admissible evidence to the extent it seeks information relating to locations other

than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate

to any of plaintiffs' claims against WGII or WGII's defenses thereto.  WGII further objects to

this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, that it will produce, to the extent they exist and have not already been produced,

relevant non-privileged documents responsive to this Request by February 29, 2008 in

accordance with the Court's Case Management Order.  See CMO No. 4, § IV(B)(1)(i).

## REQUEST FOR PRODUCTION NO. 68:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc. relative to any and all assessments and/or input performed by the Board of Commissioners of the Orleans Levee District and/or the Lake Borgne Basin Levee District concerning the design, construction, maintenance or inspection of the levees/floodwalls along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies," "assessments," "input," "design," "construction," and

"maintenance" are undefined and are subject to multiple and different interpretations in this

context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and

not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of

plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for participating in and/or

reviewing "assessments and/or input performed by the Board of Commissioners of the Orleans

Levee District and/or the Lake Borgne Basin Levee District concerning the design, construction,

maintenance or inspection of the levees/floodwalls along the IHNC/Industrial Canal," and as

such, is currently unaware of any non-privileged documents in its possession responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 69:**

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to any and all assessments done prior to Hurricane Katrina that indicated the
existence of any problem, issue or undesired condition related to the design, construction,
maintenance, monitoring, inspection or otherwise, of the levees/floodwalls along the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal.

- 124 -

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"
"environmental investigations," "studies," "undesired condition," "design," "construction,"
"maintenance," "monitoring," and "inspection" are undefined and is subject to multiple and
different interpretations in this context. WGII also objects to this Request as overbroad, unduly
burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible
evidence to the extent it seeks information relating to locations other than the East Bank
Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs'
claims against WGII or WGII's defenses thereto. WGII further objects to this Request as
overbroad and unduly burdensome because it contains no date restriction. WGII finally objects
to this Request as largely duplicative of Request Nos. 16 and 18 and as such, designed solely to
harass.

Subject to and without waiving these objections, and subject to the General Objections
set forth above, WGII is currently unaware of any documents in its possession responsive to this
Request.

**REQUEST FOR PRODUCTION NO. 70:**

Please produce all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to any and all emergency preparedness coordination between The Board of
Commissioners of the Orleans Levee District and any other federal, state, parish and local
governmental agencies concerning the IHNC/Industrial Canal, N.O. east Back End Levee/Citrus
Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"
"engineering investigations," and "studies" and the phrase "any and all emergency preparedness
coordination" are undefined and are subject to multiple and different interpretations in this

- 125 -

context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII further objects to this Request as overbroad and unduly burdensome because it contains no date restriction. WGII finally objects to this Request as duplicative of Request No. 21 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 21.

### REQUEST FOR PRODUCTION NO. 71:

Please produce any and all complaints, work reports, dispersal/assignment of crews, referrals to the Board of Commissioners of the Lake Borgne Basin Levee District relative to the area adjacent to the N.O. East Back End Levee/Citrus Back Levee, and/or the 40 Arpent Canal concerning levee/floodwall leaks, flooded yards, sand boils, water pooling in nearby residential yards, water running in trenches, etc. from 1990 till present.

### RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "complaints" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as duplicative of Request No. 22 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 22.

- 126 -

**REQUEST FOR PRODUCTION NO. 72:**

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc., relative to the dredging of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," "studies," and "dredging" are undefined and are subject to multiple

and different interpretations in this context.  WGII also objects to this Request as overbroad,

unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks information relating to locations other than the East

Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do

not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII finally objects to this Request as duplicative of Request No. 23 and as such, designed

solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 73:**

Please produce all contracts, correspondence, documents, work orders, change orders, Request For Payments, payment surveys, post-dredging surveys, etc. relative to all phases of dredging of the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal, that show when dredging was undertaken at any given place, and which companies performed the dredging work from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the term "dredging" is

undefined and is subject to multiple and different interpretations in this context.  WGII also

objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably

- 127 -

calculated to lead to the discovery of admissible evidence to the extent it seeks information

relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time

periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims

against WGII or WGII's defenses thereto.  WGII finally objects to this Request as duplicative of

Request No. 23 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 23.

## REQUEST FOR PRODUCTION NO. 74:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc., relative to all phases of pulling and driving sheet piles along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" and the phrase "all phases of pulling and driving

sheet piles" is undefined and is subject to multiple and different interpretations in this context.

WGII also objects to this Request as not relevant and not reasonably calculated to lead to the

discovery of admissible evidence to the extent it seeks information relating to locations other

than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-

2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto.  WGII finally objects to this Request as largely duplicative of Request Nos. 25

and 26 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request Nos. 25 and 26.

- 128 -

**REQUEST FOR PRODUCTION NO. 75:**

Please produce any and all contracts, correspondence, documents, work orders, change orders, Requests for Payments, etc. relative to all phases of pulling and driving sheet piles along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal and the specific authority to do so.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "all phases of pulling and driving sheet piles" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as largely duplicative of Request Nos. 25 and 26 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request Nos. 25 and 26.

**REQUEST FOR PRODUCTION NO. 76:**

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, etc., relative to all phases of flood wall capping along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations," "engineering investigations," "studies" and "floodwall capping" are undefined and are subject to

multiple and different interpretations in this context. WGII also objects to this Request as

overbroad and unduly burdensome to the extent it seeks information relating to locations other

than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-

2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's

defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "flood wall capping along the

IHNC/Industrial Canal," and as such, is currently unaware of any non-privileged documents in

its possession responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Please produce all contracts, correspondence, documents, work orders, change orders,
Requests for Payments, etc. relative to all phases of flood wall capping along the
IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO,
and/or the 40 Arpent Canal and the specific authority to do so.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "floodwall

capping" is undefined and is subject to multiple and different interpretations in this context.

WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

information relating to locations other than the East Bank Industrial Area or IHNC/Industrial

Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of

plaintiffs' claims against WGII or WGII's defenses thereto.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for "flood wall capping along the

IHNC/Industrial Canal," and as such, is currently unaware of any non-privileged documents in

its possession responsive to this Request.

## REQUEST FOR PRODUCTION NO. 78:

Please produce any and all documents, correspondence, plans, specifications, surveys,
modifications, design memoranda, investigations, engineering investigations, Environmental
Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals,
etc. relative to the issue of how the independent dredging project of the IHNC/Industrial Canal,
N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal
would ultimately become a part of the Lake Pontchartrain and Vicinity Hurricane Protection
Project (LPVHPP).

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome that do not implicate and/or relate to any of plaintiffs' claims against WGII or

WGII's defenses thereto. WGII further objects to this Request as overbroad and unduly

burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, WGII responds that WGII was not responsible for and has no knowledge of

"how the independent dredging project of the IHNC/Industrial Canal, N.O. East Back End

Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal would ultimately

become a part of the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP),"

and as such, is currently unaware of any non-privileged documents in its possession responsive

to this Request.

## REQUEST FOR PRODUCTION NO. 79:

Please produce all permits obtained from the U.S. Corps of Engineers to deepen and/or
widen the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the
MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

**RESPONSE:**

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.  WGII also objects to this Request as largely duplicative of Request No. 29 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 80:**

Please produce all warnings, from 1965 till the present, from the U.S. Army, Corps of Engineers or any other entity that dredging the IHNC/Industrial Canal, GIWW, the MR-GO, and/or the 40 Arpent Canal might weaken the stability of the canal or the levees/floodwalls along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "warnings" and "dredging" are undefined and are subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.  WGII further objects to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that WGII was not responsible for "dredging the IHNC/Industrial Canal," and as such, is currently unaware of any "warnings, from 1965 till the present, from the

- 132 -

U.S. Army, Corps of Engineers or any other entity" that dredging "might weaken the stability of

the canal or the levees/floodwalls along the IHNC/Industrial Canal" in its possession.

## REQUEST FOR PRODUCTION NO. 81:

Please produce all documents, correspondence, plans, specifications, surveys, modifications, design memoranda, investigations, engineering investigations, Environmental Impact Statements (IS), Supplemental Environmental Impact Statements (IS), studies, proposals, contracts, work orders, change orders, Request for Payments, etc. regarding a system of monitoring pore water (ground water) pressures adjacent to the IHNC/Industrial Canal, N.O. East Back End Levee, Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till the present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII finally objects to this Request as largely duplicative of Request No. 33 and as such,

designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 33.

## REQUEST FOR PRODUCTION NO. 82:

Please produce all correspondence, schedules, documents, receipts, work orders, change orders, Requests for Payments, plans, surveys, investigations, engineering investigations, studies, proposals, etc., relative to regular inspections made of the levees/floodwalls along the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal from 1965 till present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the terms "investigations,"

"engineering investigations," and "studies" are undefined and are subject to multiple and

different interpretations in this context. WGII also objects to this Request as overbroad, unduly

burdensome not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks information relating to locations other than the East Bank

Industrial Area or IHNC/Industrial Canal and time periods other than 1999-2005 that do not

implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto.

WGII finally objects to this Request as largely duplicative of Request No. 35 and as such,

designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 35.

**REQUEST FOR PRODUCTION NO. 83:**

All other permits obtained by you concerning your demolition and/or construction
projects and activities in, on, or around the IHNC from 1996 to present, specifically including the
IHNC Lock Replacement Project.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "construction

projects and activities" is undefined and is subject to multiple and different interpretations in this

context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it

seeks information regarding activities prior to 1999 and after 2005 that do not implicate and/or

relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects

to this Request as duplicative of Request No. 31 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections

set forth above, see response to Request No. 31.

- 134 -

**REQUEST FOR PRODUCTION NO. 84:**

All documents concerning any risks or hazards associated with dredging the IHNC from 1996 to present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the term "dredging" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information prior to 1999 and after 2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as duplicative of Request No. 32 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 32.

**REQUEST FOR PRODUCTION NO. 85:**

All documents concerning a system of monitoring pore water (ground water) pressures adjacent to the IHNC from 1996 to present.

**RESPONSE:**

WGII objects to this Request as vague and ambiguous because the phrase "system of monitoring pore water (ground water) pressures" is undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it seeks information prior to 1999 and after 2005 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as duplicative of Request No. 33 and as such, designed solely to harass.

- 135 -

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 33.

## REQUEST FOR PRODUCTION NO. 86:

All documents concerning any effort by anyone between August 29, 1996, and August 29, 2005, to ascertain any potential flaw, problem, issue, or undesired condition related to the design, construction, maintenance, monitoring or inspection of the IHNC (including its levees, floodwalls, retaining walls, sheet pilings, and similar related structures).

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the terms "undesired condition," "design," "construction," "maintenance," "monitoring," and "inspection" are undefined and is subject to multiple and different interpretations in this context. WGII also objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal and time periods prior to 1999 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as duplicative of Request No. 16 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 16.

## REQUEST FOR PRODUCTION NO. 87:

All documents concerning any complaints or concerns expressed by anyone, work reports, dispersal/assignment of crews, referrals to the Orleans Levee District, and/or the Sewerage & Water Board of New Orleans, or others, concerning leaks, water pooling, sand boils, or other presence of water on the protected side of the floodwalls of the IHNC from 1996 to present.

## RESPONSE:

WGII objects to this Request as vague and ambiguous because the term "complaints" is undefined and is subject to multiple and different interpretations in this context. WGII also

WAI-2831000v3

objects to this Request as overbroad and unduly burdensome to the extent it seeks information relating to time periods prior to 1999 that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII finally objects to this Request as duplicative of Request No. 22 and as such, designed solely to harass.

Subject to and without waiving these objections, and subject to the General Objections set forth above, see response to Request No. 22.

## REQUEST FOR PRODUCTION NO. 88:

All documents which identify the owners of the lands which comprise the IHNC/Industrial Canal, N.O. East Back End Levee/Citrus Back Levee, GIWW, the MR-GO, and/or the 40 Arpent Canal.

## RESPONSE:

WGII objects to this Request as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to locations other than the East Bank Industrial Area or IHNC/Industrial Canal that do not implicate and/or relate to any of plaintiffs' claims against WGII or WGII's defenses thereto. WGII also objects to this Request as overbroad and unduly burdensome because it contains no date restriction.

Subject to and without waiving these objections, and subject to the General Objections set forth above, WGII responds that WGII is currently unaware of any non-privileged documents in its possession responsive to this Request. *See* Response to Interrogatory No. 42.

- 137 -

Dated:        June 14, 2007                Respectfully submitted,

William D. Treeby, Bar No. 12901
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
Julia E. McEvoy
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax:  1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

- 138 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to

Joseph M. Bruno, Esq., in his capacity as Plaintiffs' Liaison Counsel via e-mail on this 14th day

of June, 2007.

William D. Treeby

_William D. Treeby_

- 139 -

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

My name is Jeanne C. Baughman.  I am Litigation Attorney for and an agent designated by Washington Group International, Inc. ("WGII), to respond to MRGO plaintiffs' first interrogatories.  I am duly qualified and authorized in all respects to make this affidavit; I have read the answers to said interrogatories; all of the matters stated within WGII's responses are not within my personal knowledge and to my knowledge there is no single officer of WGII who has personal knowledge of all such matters; the information contained therein was acquired from various representatives of WGII; and, on that basis, I am authorized to verify these interrogatories responses on behalf of WGII.

Jeanne C. Baughman

SUBSCRIBED AND SWORN TO BEFORE ME on this 14th day of June, 2007 to certify which witness my hand and office seal

William D. Treeby
Notary Public in and for the State of Louisiana

**William D. Treeby**
**State of Louisiana - Bar No. 12901**
**My commission is issued for life**