UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF NICHOLAS YOST
IN SUPPORT OF AMICUS BRIEF**

I.      INTRODUCTION

The instant motion to strike by Defendant, United States Army Corps of Engineers (hereinafter, "Corps" or "Defendant")[1] avoids the relevant issues presented by the Amici which demonstrate that the Corps failed to comply with the mandates of the National Environmental Policy Act ("NEPA") and thus, can not claim Immunity for its conduct subject to NEPA.

In neither its Opposition to Plaintiff's Motion for Partial Summary Judgment nor this Motion to Strike does the Corps contest the regulatory inadequacies of its 1976 Final Environmental Impact Statement (FEIS); rather, the Corps unilaterally declares the inadequacies "immaterial" to the case and disregards entirely the substance of the contentions contained in Yost's Declaration and the amicus brief of the Corps' failure to comply with the statutory mandates of NEPA.

Plaintiffs and Amici have set forth both factual and legal grounds for the Court to evaluate and conclude that the Corps failed its mandatory obligations under NEPA to furnish relevant decision-makers with an informed perspective on the known harm caused by the operation and maintenance of the MR-GO.  In so doing, the Corp's denied those decision-makers the opportunity to alter, modify, or discontinue that harmful and negligent O&M conduct. Further, Plaintiffs have illustrated that the Corps' continued unauthorized and negligent O&M of

---

[1] The Corps also seeks to strike the amicus brief and portions of Plaintiffs' briefs based on Yost's declaration.  However, Yost's declaration is not relied upon (or even cited) by Plaintiffs. Furthermore, besides the Yost declaration, the amicus brief cites NEPA, the governing regulation and case law to support its argument.

the MR-GO was causally connected to the damage to property and human population in the vicinity of the MR-GO suffered as a result of Hurricane Katrina.[2]

Rather than address the substance of the legal issues raised by Plaintiffs and the Amici or the substantive merit of the content of the supporting Declaration of Yost, the Corps has elected to challenge the Declaration of Nicholas Yost as an untimely and inappropriate "expert disclosure."

This Court should deny the Corps motion; then guided by the unchallenged opinions offered by Nicholas Yost in his role as Supporting Amici Declarant on NEPA compliance, continue to fully consider the issues presented by Plaintiff and the Amici.

### A. The Role of Amici

It is well settled that the role of an *amicus* is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A. C.P. v. Town of Harrison, N.J.,* 940 F.2d 792, 808 (3d Cir. 1991). The Corps' motion fails to appreciate the role that Amici serve which is "to bridge gaps in issues initially and properly raised by parties." *Corrosion Proof Fittings, et al., v. The Environmental Protection Agency*, 947 F.2d 1201 (5th Cir 1991).

The Corps incorrectly represents that the Amici Brief relies *exclusively* on the Declaration of Yost. (Motion at p.1.) This position is plainly incorrect. A review of the Amici Brief reveals that all propositions of law and fact set forth therein are based on case law, regulations, facts in evidence in the case, the supporting history, as well as, guidance of the Yost

---

[2] See, Plaintiffs' Opposition to Defendant's Motion for Summary Judgment on Causation and see combined Expert Reports of Robert Bea, Kemp and Vriling wherein Plaintiff's designated causation experts set out their theories of causation for O&M.

Declaration. Additionally, the Declaration itself, as explained therein, is based on the NEPA regulations as applied to the specific facts of this case gained from a comprehensive review of contemporaneous documents created by the Corps, related legislation associated with the authorization and re-authorizations of the MR-GO, appropriation requests for maintenance and construction of the MR-GO, all disclosed Corps environmental NEPA documentation including all draft EISs; Final EISs; EAs; FONSIs; and SIRs, which directly or indirectly touched on the MR-GO and its O&M as well as studies and reports that the Corps either commissioned or participated in creating, project studies associated with the MR-GO; internal Corps correspondence and memoranda evaluating its own NEPA compliance (or lack thereof). (Yost Declaration at paragraph ¶8.)

     Yost's Declaration is submitted in support of the Amici because his specialized area of knowledge is a discrete area of law that relates to compliance with legislation. Yost's Declaration serves the limited purpose of providing assistance to the Court in evaluating the application of the facts in evidence to NEPA and the regulations regarding the Corps' compliance -- an area in which (as the drafter of those regulations) he has specialized knowledge. Indeed, Yost's Declaration sets forth explicitly that he does **not** reach "any conclusions or opinions regarding either the actions of Plaintiffs, the Corps, or other entities on the disputed issues regarding injury, causation, or damages in this action." (Yost Declaration at paragraph ¶3).

**II.   ARGUMENT**

    **A.  Objections to Evidence Are Not The Proper Subject of a Motion to Strike**

The Corps contends that Mr. Yost's declaration should be stricken because it consists of legal conclusions. Motion at pp. 3-6. This is not the purpose of a motion to strike. The Federal Rules are very specific: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. Rule Civ. Proc. 12(f). None of the reported decisions cited by the Corps involved a *motion to strike.*

Ordinarily, unless objections to specific contentions are raised, any evidence may be used on summary judgment. *See Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982) (inadmissible documents may be used on summary judgment unless objected to). Indeed, the Corps cites *Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983) for the proposition that an expert rendering legal conclusions should have his declaration stricken, but that case involved specific objections that were sustained at trial to expert testimony.

The Corps does not urge any specific objections to elements of the subject declaration rather it seeks a wholesale elimination of the entire declaration. Indeed, the Corps has not even addressed the specifics of Yost's Declaration to support its objections.

    **B.  Yost's Testimony is Admissible**

Had the Corps submitted individualized objections, it would become evident that Yost's written testimony is admissible. Historically, the only expert opinion testimony that was not permitted was testimony that went to the ultimate issue of a case. After 1972, however, the Federal Rules of Evidence specifically favored expansive admission of opinion based testimony. The plain language of Federal Rules of Evidence 704 states "testimony in the form of an opinion

4

or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Courts have continued to apply Rule 704 in an increasingly broad manner, even permitting testimony that touches upon the ultimate issue at trial. *United Telecommunications, Inc. v. American Television & Communications Corp.*, 536 F.2d 1310 (10th Cir. 1976) (expert testimony is not excludable because it bears on the ultimate issue); *Westfield Ins. Co. v. J.C. Penney Corp., Inc.*, 466 F.Supp.2d 1086 (W.D. Wis. 2006) (an expert may testify to an ultimate issue in the case).

This expansion of Rule 704 continued in a case that mirrors the facts before this Court. In *United States v. Van Dyke,* 14 F.3d 415 (8th Cir. 1994), the 8th Circuit held that the District court's refusal to allow a practicing attorney to give opinion testimony from the author of the regulation at issue was reversible error. The court found that elaboration on the regulation would have assisted in understanding both the regulation and the defendant's reasons for asserting that he had not violated its provisions. *Id.* at 422. Underscoring the expansion of Rule 704, the Eighth Circuit held that "[i]t is well settled that an expert may express an opinion even if it embraces an ultimate issue to be decided by the fact finder,." *Ibid*.

The Fifth Circuit likewise has an extensive history of favoring "admissibility of an expert's conclusion depend[ing] on the nature of the issue and the circumstances of the case, and involv[ing] a large element of judicial discretion." *Hamilton v. United States*, 73 F. 2d 357, 358-359 (5th Cir.1934). The present incarnation of this standard, applicable where, as here, a witness is offering opinions regarding matters of law pertaining to an issue which is not the ultimate issue in the case, is to hold such testimony uniformly admissible. This standard was first described by the Fifth Circuit in *United States v. Milton*, 555 F.2d 1198 (5th Cir. 1977) which

5

had held that the mere fact that an expert's conclusion touched upon the ultimate issue of the case did not compel its exclusion. This standard was later enshrined by the Fifth Circuit in *United States v. Fogg,* 652 F.2d 551 (5th Cir. 1981) which, citing *Milton*, reaffirmed a lower court's admission of expert opinion despite its apparent inclusion of a legal conclusion.  The *Fogg* court held that "[i]n reaching the decision to affirm, we considered the testimony in its context, the complexity of the case, and the correctness of the witness' statement." *Id*. at 557.

The Corps cites *Owen v. Kerr McGee Corp., supra* to support its contentions regarding ultimate conclusions.  However, even *Owen* recognized the changes that Rule 704 had caused which favor consideration of Yost's Declaration.  There the Court of Appeals noted:

> Fed. R. Evid. 704 abolishes the per se rule against testimony regarding ultimate issues of fact. *United States v. Grote,* 632 F.2d 387, 390 (5th Cir.1980), *cert. denied,* 454 U.S. 819, (1981); *United States v. Miller,* 600 F.2d 498, 500 (5th Cir.), *cert. denied,* 444 U.S. 955, (1979). The rule provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The rule was enacted to change the old view that the giving an opinion on an ultimate issue would "usurp the function" or "invade the province" of the jury. As the notes to Rule 704 point out, the traditional view was unduly restrictive, difficult of application, and generally served only to deprive the trier of fact of useful information.

*Owen*, 698 F.2d 236 at 239-240.

In an effort to incorrectly imply precedent for *striking* Nicholas Yost's previous declarations, the Corps cites *Natural Resources Def. Council v. Winters*, 518 F.3d 658 (9th Cir. 2008).  Motion at p. 5.  There, the Ninth Circuit reviewed the District Court's decision which had, without striking the subject declaration, simply declined to follow Yost's recommendation. Under the specific circumstances presented in *Winters*, 527 F. Supp. 2d 1216 (C.D. Cal.),the District Court merely considered the limited issue of the propriety of having Yost testify as to the legislative intent behind the meaning of the term "emergency" as adopted in 40 C.F.R. §

1506.11.  *Winters*, 527 F. Supp. 2d at 1228-1229.  Using the language of *Chapman v. United States,* 500 U.S. 453 (1991), the District Court noted that an individual's perceptions of the agency's intent of the meaning of a term in  relevant legislation, coming some 30 years after the fact was an "unreliable guide" akin to oft-criticized "subsequent legislative history."  *Id*. at 1229.

The *Winter* case is not analogous here.  Yost's Declaration is not offered to explain the state of mind of the regulatory drafters of the NEPA regulations or the Council on Environmental Quality in the 1970s.  Rather, here the Declaration is offered to explain the actual complex system of mandatory regulations for compliance with NEPA by their principal drafter and to interpret the Corps' submissions for compliance in relation to the information at its disposal during the tenure of the Corps' purported NEPA compliance for the MR-GO.  As illustrated above, this a precisely permissible area for which a court may entertain expert opinion testimony.  *See*, *United States v. Van Dyke, supra*.

### III.      YOST'S DECLARATION NEED NOT BE BASED UPON PERSONAL KNOWLEDGE BUT RATHER IS AN EXPERT ANALYSIS BASED ON REVIEW OF CONTEMPORANOUS DOCUMENTS

Yost's Declaration is a relevant and admissible affidavit based on his personal knowledge regarding his review of contemporaneous relevant documents.

As noted more fully therein, the Yost Declaration explains NEPA, its attendant regulations, and memorializes an analysis of those documents in relation to Corps attempted NEPA compliance. Nothing in the Yost Declaration addresses the past state of mind or the intent of third parties.

Defendants attempt to rely on this court's ruling in *J T Gibbons, Inc. v. Sarah Lee Corp.* to suggest that Yost's Declaration is not based on his personal knowledge. 1995 WL 619770 (E.D.La. October 19, 1995).   In *J T Gibbons* however this Court held that a party may be

7

"competent to testify to his participation in the negotiations" but could not offer testimony as to negotiations to which he was not privy…as "[h]e cannot possibly have personal knowledge of others intentions" (*id.* at 3). This Court in *J T Gibbons* relied upon *Londrigan v. Federal Bureau of Investigation,* 670 F.2d 1164 (C.A.D.C., 1981). There the Court held that a witness:

> was competent to testify to his own observations upon review of the documents, including the fact that one of the sources whose identity was withheld by the FBI had specifically requested confidentiality; the procedural history of *Londrigan's* attempt to acquire information held by the FBI; the agency's procedures with respect to investigations during his own tenure therewith and earlier practices of which he possesses personal knowledge; and his personal experiences as an agent to the extent that they bore relevance to the case. (670 F.2d 1164 at 1174).

Here, Yost's Declaration is based on his "personal knowledge" gained from a review of contemporaneous documents and as such is admissible.

### A. Moreover Expert Opinion Need Not be Based on Personal Knowledge

Significantly, an expert's opinions need not be based on personal knowledge but can be based technically on hearsay (*e.g.* reviewing documents):

**Rule 703. Bases of Opinion Testimony by Experts**

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Defendants do not contend that the documents reviewed and relied upon by Yost in arriving at the inferences and opinions expressed in his Declaration are not precisely the type reasonably relied upon by experts in his field. Thus, to the extent that any of those documents are technically considered to be hearsay they need not be admissible in order for his opinions to be admitted.

### A. **FRCP 26 Did Not Apply to Amici**

The Corps' final argument is that under Federal Rule of Civil Procedure 26(a)(1), Yost should have been identified as a potential witness at the early meeting of counsel; under Rule 26(e), he should have been at least named in any supplemental listing; and under Rule 37(c)(1) his testimony can be precluded if certain factors are met. Motion at pp. 7-9. The common thread in these contentions is that the cited rules specifically apply to "parties." Here, Yost's role in this litigation is limited to supporting the *amici* who are not parties and were not participating in the *Robinson* case at the time experts were designated.

Nonetheless, assuming arguendo, that the Rules apply, the admissibility of Yost's declaration may only be evaluated if the factors with which Rule 37(c)(1) is concerned are present. Defendants however assert that Yost's Declaration should be stricken because its value is "unimportant" to the underlying motion; that as a "legal specialist" Yost "addresses only legal issues that can be addressed by attorneys and the Court" and as such offer nothing to the evaluation of the Corps' NEPA compliance regarding its O&M of the MR-GO. (Motion at p.8). Conversely, without attempting to address those "legal issues" Defendants contend that it will be prejudiced if Yost is allowed to voice legal opinions about statutes and regulations that govern NEPA Compliance.[3] The Declaration of Yost contains no opinion as to the causation and liability aspects of Plaintiff's case; moreover, Yost is not expected to be a trial witness; the scope of his testimony is limited to a discrete discussion of issues relative to the application of the

---

[3] The Corps also posits that under Fed. R. Evid. 702 an attorney may not offer admissible expert testimony on federal statutes and related regulations. In light of the underlying motion and the history of American jurisprudence, this position hardly warrants response. See, *U.S. v. Van Dyke*, 14 F.3d 415 (8th Cir 1994).

9

Corps conduct with regard to and which revolve around NEPA. The Corps functions routinely in the area of NEPA compliance and as such, their historical familiarity and involvement belies their claim of prejudice on this very objective subject.

IV. **CONCLUSION**

For the foregoing reasons, the Corps' motion to strike should be denied.

James Trey Phillips (No.19978)
ASSISTANT ATTORNEY GENERAL,
STATE OF LOUISIANA
Sallie J. Sanders (No. 11703)
ASSISTANT ATTORNEY GENERAL,
STATE OF LOUISIANA
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Telephone: (225)326-6040
Telefax: (225)326-6097
**By:** /s/ *James Trey Phillips* (No.19978)
**Attorney for Amicus, THE STATE OF LOUISIANA**

O.H. Storey (Arkansas Bar No. 69078)
Marcus V. Brown (La. Bar No. 18817)
Leila A. D'Aquin (La. Bar No. 18884)
Entergy Services, Inc.
639 Loyola Avenue, Suite 2600
New Orleans, LA 70113
Tel: 504-576-2765
Fax: 504-294-5302
and
Ewell E. Eagan Jr. (La. Bar No. 5239), T.A.
A. Gregory Grimsal (La. Bar No. 6332)
Wendy Hickok Robinson (La. Bar No. 25225)
Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
Fax: (504) 582-1121

**By**: /s/ *Ewell Eagan, Jr Esq.,*
**Attorneys for Amicus, Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., and Entergy Corporation**

Elisa T. Gilbert, Esq (ETG 5713), T.A.
Brendan R. O'Brien (BO 9033)
The Gilbert Firm, LLC
325 East 57th Street
New York, NY 10022
Telephone (212) 286-8524
Fax: (212) 286-8522
and
Ernest Svenson, Esq. (17164)
The Svenson Law Firm, LLC
432 Henry Clay Avenue
New Orleans, LA 70118-5724
504-208-5199

**By:** */s/ Elisa T. Gilbert, Esq.*
**Elisa T. Gilbert, Esq.**
**Attorneys for Amicus, Hartford Steam Boiler**
**Inspection and Insurance Company a/s/o Entergy New**
**Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services,**
**Inc., and Entergy Corporation**