# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION <br> * <br> * <br><br> **PERTAINS TO: BARGE** <br> * <br> Mumford         05-5724 <br> Lagarde 06-5342 <br> Boutte 05-5531 <br> Perry 06-6299 <br> Benoit 06-7516 <br><br>         * <br>         * | * <br> *   CIVIL ACTION <br><br>         NO. 05-4182 <br> *   and consolidated cases <br> * <br>         SECTION "K" (2) <br> * <br> * JUDGE <br> *   STANWOOD R. DUVAL, JR. <br> * <br> * MAGISTRATE <br> *   JOSEPH C. WILKINSON, JR. |

### MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED BY THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS AND ADOPTED BY THE ORLEANS LEVEE DISTRICT

Defendant and third-party plaintiff Lafarge North America Inc. ("LNA") submits this memorandum in opposition to the motion of the Board of Commissioners of the Port of New Orleans (the "Dock Board") for summary judgment. Doc. 14710. The motion was also adopted by the Orleans Levee District (the "OLD"). Doc. 15059. As we now show, the motion should be denied in part, and dismissed as moot in part, for the following reasons:



███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████
     ██████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

3.    Because it has become apparent that LNA cannot be held derivatively liable for any conduct of the Dock Board or the OLD, LNA hereby renounces and withdraws any claim for indemnification (i.e., 100% recovery) against the Dock Board or OLD. Accordingly, to the extent that the summary judgment motion challenges LNA's claim for indemnification, that portion of the motion is moot and should not be addressed by the Court.

4.    Likewise, because LNA has a valid claim for contribution against the Dock Board and the OLD under Rule 14(a), LNA has no interest in "tendering" the Dock Board or the OLD to the plaintiffs under Rule 14(c) – that is, in asking for judgment for the plaintiffs directly

2

against the Dock Board and the OLD. LNA accordingly also hereby renounces and withdraws any request for relief under Rule 14(c), thereby rendering this issue moot.

  The Court should not rule on this moot Rule 14(c) issue because it turns on a separate issue – whether or not the plaintiffs have asserted an admiralty or maritime claim under Rule 9(h) – that relates to parties other than the Dock Board and OLD. For example, with respect to issues such as class certification, LNA has relied and is relying on plaintiffs having asserted a claim under Rule 9(h). That conclusion is also supported by Fifth Circuit authority and by plaintiffs' own statement that their complaints asserted Rule 9(h) claims. In short, because the Rule 14(c) issue is moot, the Court should not address it now.

[redacted]

███ ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

### D. LNA Withdraws Any Claim for Indemnity from the Dock Board or OLD

As this case has developed, there appears to be no possibility that LNA could be held derivatively liable solely for the actions or inactions of the Dock Board or the OLD. Accordingly, LNA will not pursue any claim for indemnity against the Dock Board or the OLD and hereby withdraws its claim against the Dock Board and the OLD for indemnity. In doing so, of course, LNA retains its claim against the Dock Board and the OLD for contribution.

### III. LNA WITHDRAWS ANY PRAYER FOR RELIEF UNDER RULE 14(c), AND THEREFORE THE PORTION OF THE MOTION RELATING TO RULE 14(c) IS MOOT AND SHOULD NOT BE RULED ON

As described above, LNA's third-party complaint asks for contribution from the third-party defendants under Rule 14(a) if LNA is held liable to the plaintiffs. Doc. 9032 at ¶¶ 36, 50, 65, 73, and 78 and at p. 25 ¶ (4).

However, separate from and in addition to asking for contribution, the prayer for relief in LNA's third-party complaint included the following request: "[t]hat if plaintiffs are entitled to judgment, said judgment be solely against" the United States, the Dock Board, and the OLD. Doc. 9032 pp. 24-25 ¶ (3).

The Dock Board and OLD argue (Mem. 8-12) that LNA had no right to "tender" them to the plaintiffs in this way, under Rule 14(c), because plaintiffs' complaints against LNA did not assert an admiralty or maritime claim under Rule 9(h). Under Rule 14(c), a defendant is allowed

11

to ask for judgment in the plaintiff's favor against a third-party defendant "[i]f a plaintiff asserts an admiralty or maritime claim under Rule 9(h)."

There is no need or basis for the Court to rule on this portion of the motion, however, because LNA has determined that it has no interest in maintaining any request under Rule 14(c) seeking judgment for the plaintiffs against the Dock Board or the OLD. This is so because LNA's interests relating to the Dock Board and OLD are sufficiently protected by, among other things, LNA's valid claim for contribution from those entities under Rule 14(a) if LNA is held liable to the plaintiffs. Therefore, LNA <u>renounces and withdraws</u> any request under Rule 14(c) that judgment be entered for the plaintiffs against the Dock Board or the OLD. It follows that the portion of their motion addressing Rule 14(c) is moot and should not be ruled upon.

Federal courts lack Article III jurisdiction to rule on moot issues.[3] Even apart from Article III, the Court should not rule on the moot Rule 14(c) issue because it turns on an underlying issue – whether plaintiffs have asserted an admiralty or maritime claim under Rule 9(h) – that, although irrelevant as to the Dock Board and OLD, may have a bearing on other issues in this case. For example, LNA is and has been relying on plaintiffs having asserted claims under Rule 9(h) in the course of preparing LNA's response to plaintiffs' motion for class certification. The Fifth Circuit has repeatedly held that a complaint that invokes admiralty or maritime jurisdiction will be deemed to have asserted a claim under Rule 9(h), regardless of any additional references in the complaint. See *T.N.T. Marine Serv. v. Weaver Shipyards*, 702 F.2d 585, 587 (5th Cir. 1983); *Gilmore v. Waterman S.S. Corp.*, 790 F.2d 1244 (5th Cir. 1986). Moreover, the Barge Plaintiffs have expressly said that their complaints asserted claims under Rule 9(h). Doc. 15071.

---

[3] See, *e.g.*, *United States v. Garcia-Herrera*, 2008 U.S. App. LEXIS 17472 (5th Cir. Aug. 14, 2008) (unpublished); In re Chisholm, 2008 U.S. App. LEXIS 7491 (5th Cir. Apr. 8, 2008) (unpublished).

12

In sum, the Rule 14(c) issue raised by the Dock Board and OLD is moot because LNA has renounced and withdrawn any prayer for relief under Rule 14(c). This Court therefore should not address either (1) the Rule 14(c) issue or (2) the underlying Rule 9(h) issue.

## CONCLUSION

The motion by the Dock Board and the OLD (1) should be denied to the extent that it seeks dismissal of LNA's claim for contribution, and (2) should be deemed moot to the extent that it seeks dismissal of LNA's claim for indemnity and of LNA's prayer for relief under Rule 14(c), since LNA has withdrawn any claim for indemnity and any prayer for relief under Rule 14(c). Attached as Exhibit 2 is a proposed order consistent with this conclusion.

                              Respectfully submitted,

                              Robert B. Fisher, Jr., T.A. (#5587)
                              Derek A. Walker (#13175)
                              **CHAFFE MCCALL, L.L.P.**
                              2300 Energy Centre
                              1100 Poydras Street
                              New Orleans, LA 70163-2300
                              Telephone:  (504) 585-7000
                              Facsimile:  (504) 585-7075
                              Fisher@chaffe.com
                              Walker@chaffe.com

                              /s/ John D. Aldock
                              John D. Aldock
                              Richard M. Wyner
                              Mark S. Raffman
                              **GOODWIN PROCTER LLP**
                              901 New York Avenue, NW
                              Washington, DC 20001
                              Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

13

*Attorneys for Lafarge North America Inc.*

November 4, 2008

## Certificate of Service

I hereby certify that I have on this 4th day of November, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock

14