# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. JUDGE |
| *Lafarge v. USA* 07-5178 | * | JOSEPH C. WILKINSON, JR. |

## BARGE PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THEIR REVISED PROPOSED SEVENTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES

Barge Plaintiffs' September 25, 2008, Motion for Leave to File Barge Plaintiffs' Seventh Amended Consolidated Class Action Complaint for Damages (Doc. # 15356) was denied by this Court's Order of October 15, 2008 (Doc. # 15902). The Court held that the existing parties were prejudiced by the proposed addition of a new class representative, Arcola Sutton, and by the pleading of an election under Rule 9(h), Fed. R. Civ. Pro. Since then, as shown below, Defendant Lafarge North America, Inc., has made arguments in opposition to class certification that seek to prejudice Plaintiffs for the lack of a suitable Seventh Amended Complaint.

The Barge Plaintiffs (hereinafter, "Plaintiffs") have moved for leave to file their Revised Proposed Seventh Amended and Supplemental Complaint[1] for the following reasons:

---

[1] Plaintiffs' Revised Proposed Seventh Amended and Supplemental Complaint is attached hereto as Exhibit 1.

1.      Plaintiffs have removed the allegations the Court had found troublesome. The Revised Proposed Seventh Amended and Supplemental Complaint does not seek to add Arcola Sutton as a plaintiff or class representative, and does not even mention her. The proposed pleading also does not mention Rule 9(h).

2.      Plaintiffs' Sixth Supplemental and Amended Complaint (Doc. # 8779) alleges an emotional distress subclass that plaintiffs no longer seek to certify:

> **B. Personal Injury Claim Subclass (Subclass Two)**
>
> All persons who/which have sustained personal injuries in the form of emotional distress to a common degree as a result of the flooding that occurred due to the breaches of the eastern Industrial Canal floodwall which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties in, the following geographic area: the Industrial Canal floodwall on the East [sic], North to the Mississippi River Gulf Outlet, South to the Mississippi River, and East to Paris Road.

Plaintiffs' September 29, 2008, Memorandum in Support of Plaintiffs' Motion to Certify a Class and Potential Subclasses, to Appoint Class Counsel, and to Preliminarily Approve Plaintiffs' Proposed Trial Plan (Doc. # 15549-2) states: "While '[t]raditionally, neither the general maritime law nor the Jones Act recognized a right to recover damages for negligent infliction of emotional distress unaccompanied by some physical contact or injury [,] … [m]ore recently, courts have broadened the rule to permit recovery by an individual who was in the zone of danger' of a physical impact and suffered emotional trauma as a result." *Id.* at 37 n.20 (authorities omitted).

3.      Defendant Lafarge North America's Memorandum in Opposition to Plaintiffs' Motion for Class Certification (Doc. # 16405) argues at p. 45 argues that "plaintiffs should dismiss their claims for emotional distress and other intangible damages with prejudice, so that the record is clear," and objects that the failure to do so means that "this Court faces potential claims for emotional

distress damages from every one of the proposed class members, numbering in excess of 40,000 persons." The grant of this Motion would resolve defendant Lafarge's point.

4. Defendant Lafarge North America's Memorandum in Opposition to Plaintiffs' Motion for Class Certification (Doc. # 16405) goes on to argue at p. 45 that the failure to make such an amendment precludes class certification:

> In these circumstances, this case is easily distinguished from the case on which plaintiffs rely, and in which the court made clear that "all, or a great majority" of the class members would not have *any* claims for personal injury or emotional damages. *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 607 n.6 (E.D. La. 2006).[125] The continued pendency of claims for intangible harms by all plaintiffs and class members renders this case much more akin to *Ancar v. Murphy Oil USA, Inc.*, 2008 U.S. Dist. LEXIS 68490 (E.D. La. July 25, 2008), in which the court denied class certification for emotional distress claims arising from an oil refinery fire and asserted by property owners and residents like the plaintiffs in this case.

(Footnote omitted.) Defendant Lafarge's argument means that the denial of Plaintiffs' Motion could therefore prejudice Plaintiffs.[2]

5. Plaintiffs' October 8, 2007, Sixth Supplemental and Amended Complaint (Doc. # 8779) contains a typographical error with respect to the class definition. Part II misstates the geographic boundaries of the proposed class as follows:

> The Named Plaintiffs, and the class they seek to represent, are all persons and/or entities who/which sustained injuries, death, loss and/or damages as a result of the flooding that occurred due to breaches of the eastern Industrial Canal floodwall, which damages were proximately caused by Defendants on Monday, August 29, 2005, and who/which on August 29, 2005, were residents of, or owned properties of businesses in, the following geographic area: the Industrial Canal floodwall on the East, North to the Public Belt or other Railway

---

[2] This consideration was not before the Court when it denied Plaintiffs' September 25, 2008, Motion for Leave to File an earlier version of the Seventh Amended Complaint (Doc. # 15356), because Defendant Lafarge had not yet made this argument. As a result, this Court denied that Motion under the impression that the denial would not injure Plaintiffs' claims. Order of October 15, 2008 (Doc. # 15902) at 2 ("As indicated in the words of plaintiffs' own memorandum in support of the motion, the amendment is unimportant because it is submitted principally for purposes of clarification, harmonization and repackaging of their six prior complaints.")

- 3 -

>adjacent to and immediately north of Florida Avenue, and also North to the east-west channel or canal extending from the aforesaid railway to Paris Road, South to the Mississippi River, and East to Paris Road.

Plaintiffs' intent was to state that the Industrial Canal floodwall was the Western boundary of the proposed class area, not the Eastern boundary.  Neither the Court nor any defendant has indicated that it has been misled by the typographical error.  Plaintiffs' Amended Motion to Certify the Class and Subclasses, to Appoint Class Counsel, and to Approve Plaintiff's Proposed Trial Plan (Doc. # 15549), (hereinafter, "Plaintiffs' Amended Motion to Certify the Class") corrects this error at p. 2, but the correction should also be in a pleading.

6. Plaintiffs have timely filed their Amended Motion to Certify the Class and Subclasses, to Appoint Class Counsel, and to Approve Plaintiff's Proposed Trial Plan (Doc. # 15549), and it has been opposed by defendant Lafarge North America, Inc. (Doc. # 16405), defendants Zito Fleeting, LLC, and Zito Fleeting, Inc. (Doc. # 16412), and Third-Party Defendants Orleans Levee District, Lake Borgne Basin Levee District, and Board of Commissioners of the Port of New Orleans (Doc. # 16413).

7. Plaintiffs' Amended Motion to Certify the Class and supporting materials have incorporated all of the refinements and adjustments resulting from the addition of experienced class action counsel to the Barge P.S.L.C. after the October 8, 2007, Sixth Supplemental and Amended Complaint (Doc. # 8779) was filed.  The Court's deferral of the filing of documents in support of class certification until September 28, 2008, allowed class counsel to have the benefits of class certification discovery prior to the filing of documents in support of class certification, and that must necessarily mean that counsel were to be able to use the fruits of such discovery, as well as more

refined legal analysis, in shaping their class certification submissions and making such refinements and adjustments as were necessary.

8. The Court's January 25, 2008, Order (Doc. # 10881)[3] required plaintiffs' class certification motion to contain specific information:

> As to each proposed class representative, the motion must provide his or her full name, current address, occupation and age, and the street address of any property as to which he or she seeks to recover damages in these case, including whether he or she owned or leased the property, a brief description of the size of the property and any buildings or other improvements on it, and whether it was or is used for residential and/or business purposes, and identify for each class representative whether that class rep is making a personal injury or wrongful death claim.

9. Plaintiffs' original January 31, 2008, Motion to Certify the Class (Doc. # 11005) and Plaintiffs' Amended Motion to Certify the Class both contain descriptions of the class representatives and their claims that complied with the Court's requirement.

10. Plaintiffs' October 8, 2007, Sixth Supplemental and Amended Complaint (Doc. # 8779), contains some omissions and some mistakes in its allegations of specific facts as to the class representatives and their claims,[4] did not anticipate some of the Court's subsequent requirements, and some allegations have been overtaken by events. It is appropriate that the operative Complaint mirror the recitations of fact in the operative class certification papers. Defendant Lafarge has already taken extensive discovery into all claims of the class representatives. No party could be surprised or prejudiced by the inclusion of these facts in a new operative Complaint.

11. Plaintiffs have previously timely listed in their responses to discovery all of the specific instances of negligence on which they rely to show defendants' liability. Plaintiffs' January

---

[3] A copy of the Order is attached hereto as Exhibit 2.
[4] For example, the allegations as to Ethel Mumford did not include all of the properties she owned, and did not include her subsequent restoration of one property and commencement of restoration of another.

- 5 -

31, 2008, Motion to Certify the Class and Plaintiffs' Amended Motion to Certify the Class included such a list as part of its list of common issues.  None of the Complaints previously filed in this action contained such a specification.  It is appropriate that the operative Complaint mirror the recitations of fact in the operative class certification papers.  Indeed, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), an antitrust case, held that plaintiffs should not merely allege conclusions as to unlawful actions, but should allege facts sufficient to permit the inference of the unlawful actions.  No party could be surprised or prejudiced by the inclusion of these facts in an operative Complaint.

12.     Plaintiffs' Sixth Supplemental and Amended Complaint (Doc. # 8779) names Rico Terrence Sutton and Kismet Bourgere (actually Bougere) as class representatives, but plaintiffs have subsequently withdrawn them as class representatives.  Plaintiffs' Amended Motion to Certify the Class does not mention them.  It is appropriate to have an operative pleading that does not mention them.  No party objected to their omission from the prior version of the Seventh Amended Complaint.

13.     Plaintiffs' Amended Motion to Certify the Class describes the subclasses plaintiffs seek to represent, based on plaintiffs' counsel's most up-to-date analyses of controlling case law and their application to the facts of this case.  They reflect the involvement of experienced class action counsel.  Plaintiffs' October 8, 2007, Sixth Supplemental and Amended Complaint (Doc. # 8779) sets forth a different set of subclasses.  Inasmuch as the Court's scheduling order seems to have intended that class counsel be able to take the additional time to refine and adjust their positions, plaintiffs have timely set forth their amended proposals.

14.     The Fifth Circuit approved such adjustments and refinements in *In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004), *cert. denied sub nom. American Nat. Ins. Co. v. Bratcher*, 543 U.S. 870 (2004).  The Fifth Circuit stated:

> Second, holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition. District courts are permitted to limit or modify class definitions to provide the necessary precision.FN7  If the class is certified on remand, we trust that the plaintiffs or district court will amend the definition accordingly.
>
> FN7. *See, e.g.*, *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir.1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly"); *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D.Ill.1989) ("[I]t is certainly within this court's discretion to limit or redefine the scope of the class"); *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D.Ga.1985) ("The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class.") (citations omitted).

The operative Complaint should reflect these timely and eminently proper adjustments and refinements.

15. Defendant Lafarge cannot claim prejudice. Lafarge's October 7, 2008, Opposition to Plaintiff's Motion for Leave to File Seventh Amended Complaint (Doc. # 15813), stated at p. 2: "Apart from the untimely and prejudicial addition of Ms. Sutton as a proposed class representative, LNA does not otherwise oppose the filing of plaintiffs' proposed seventh amended complaint, and agrees that the clarification of plaintiffs' allegations is useful."

16. None of the remaining defendants can claim prejudice. None of them responded to the September 25, 1008, original version of the Proposed Seventh Amended Complaint by articulating any other reason why they would be prejudiced by allowance of that filing.

- 7 -

Plaintiffs pray that their Motion be granted.

Respectfully submitted,

/s/_____
SHAWN KHORRAMI  (CA Bar #180411)
DYLAN POLLARD  (CA Bar #180306)
MATT BAILEY  (CA Bar #218685)
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
    Telephone:   (213) 596-6000
    Facsimile:    (213) 596-6010
    skhorrami@kpalawyers.com
    dpollard@kpalawyers.com
    mbailey@kpalawyers.com


/s/ Brian A. Gilbert
Brian A. Gilbert, Esq. (21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 885-7700
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: bgilbert@briangilbertlaw.com


/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
    Telephone: (504) 581-6180
    Facsimile: (504) 581-4336
    e-mail: lawrence@wiedemannlaw.com,
    karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
    Telephone: 504-834-0646
    e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net

    Attorneys for Barge Plaintiffs

Dated: December 1, 2008