UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*    05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAGISTRATE |
|  | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION
TO BARGE PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR
REVISED PROPOSED SEVENTH AMENDED COMPLAINT**

Lafarge North America Inc. ("LNA") hereby opposes plaintiffs' second motion for leave to file a revised Seventh Amended Complaint (Doc. 16572), which plaintiffs filed more than six weeks after this Court denied their first motion for leave to file a Seventh Amended Complaint. In that Order (Doc. 15902), the Court held that the burden was on plaintiffs to demonstrate good cause and found that evaluating the relevant factors "weighs heavily against a finding of good cause." Plaintiffs did not appeal that order to the District Judge.

Following this Court's denial of plaintiffs' motion, LNA prepared and filed its opposition to plaintiffs' motion for class certification based on the allegations set forth in plaintiffs' existing complaint. Doc. 16405. The Zito defendants and third-party defendants Lake Borgne Basin

Levee District, Orleans Levee District, and Dock Board all joined LNA's class certification opposition in whole or in part.

As we show herein, plaintiffs' new motion should be denied for the same reasons that led this Court to deny their original motion to file a Seventh Amended Complaint. Indeed, given the intervening additional passage of time and LNA's reliance on the existing complaint in preparing and filing its opposition to class certification, the relevant factors now weigh even more heavily against plaintiffs' new motion.

## ARGUMENT

This Court's October 15, 2008 Order denying plaintiffs' first motion for leave to file a Seventh Amended Complaint holds that "where – as here – the court has imposed a deadline for the amendment of pleadings, particularly in this instance where a court's case management order specifically adopts the standard of Rule 16 as to pleading amendments, Record Do. No. 7724 at pp. 3-4, the schedule 'shall not be modified except upon a showing of good cause.'" Doc. 15902, p. 1. The Order also holds that "[i]n determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id*. at 2, quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

These factors continue to weigh very heavily against the extraordinarily late and prejudicial amendment proposed by plaintiffs.

1. <u>Unjustified Delay</u>. In denying plaintiffs' first motion for leave to file a Seventh Amended Complaint, this Court held that "[p]laintiffs present no persuasive explanation for their failure to make these amendments, either prior to the court's deadline, or in any of the other six

2

(6) prior permitted amendments during the preceding almost three (3) years during which the first of these complaints were filed." Doc. 15902 p. 2.  The same is still true, only more so given that even more time has elapsed since these complaints were first filed.  Indeed, plaintiffs' motion does not even purport to advance any explanation for their failure to make these amendments before the long-since-elapsed deadlines.  To the contrary, they vaguely assert (at ¶ 7) that the amendments "result[] from the addition of experienced class counsel to the Barge P.S.L.C. after the [Sixth Amended Complaint] was filed."  But the belated addition of a <u>fifth</u> law firm to the roster of plaintiffs' counsel – years after the litigation began – provides no concrete explanation, much less justification, for the plaintiffs' multi-year delay in coming forward with these amendments.  Indeed, these new lawyers were in the case at the time when plaintiffs filed their first motion to file a Seventh Amended Complaint, and yet the Court did not find their addition to be an explanation, much less a valid excuse, for the extraordinarily long delay.

      2.    <u>Unimportance of Proposed Non-Substantive Changes</u>.  In denying plaintiffs' first motion, this Court found that "[a]s indicated in the words of plaintiffs' own memorandum in support of the motion, the amendment is unimportant because it is submitted principally for purposes of clarification, harmonization and repackaging of their six prior complaints."  Doc. 15902 p. 2.  Likewise, to the extent that plaintiffs' new motion purports to make mere "refinements" to the existing complaint (*e.g.*, Doc. 16572-2 at ¶¶ 7, 13, 14), the proposed amendment is still unimportant.

      3.    <u>Prejudice to Defendants and Third-Party Defendants from Proposed Substantive Changes</u>.  In denying plaintiffs' first motion, the Court held that "[i]n those instances where the proposed amendments are in fact more than mere re-packaging (e.g., the addition of a proposed new class representative and the Rule 9(h) assertion), the prejudice resulting to the opposing

parties is substantial.  These cases are in an advanced stage of their development toward trial pursuant to case management and scheduling orders that would be severely disturbed by permitting this extremely late amendment."  Doc. 15902 p. 2.  That prior reasoning is equally applicable here.

As explained above, after plaintiffs' first motion was denied, LNA prepared and filed its 60-page memorandum in opposition to plaintiffs' motion for class certification based on the allegations set forth in plaintiffs' existing complaint.  Doc. 16405.  Indeed, many of the points made in LNA's opposition were explicitly based on the allegations of that existing complaint.  E.g., Doc. 16405 pp. 4-5 & n.15, 13 & n.28, 15 & n.35, 28 & nn. 71 & 72, 29-32, 44-45.  LNA would therefore be severely prejudiced if plaintiffs are allowed to amend their complaint after LNA has filed its opposition to class certification specifically based on plaintiffs' existing complaint.

As one telling example, plaintiffs' existing complaint itemizes 16 specific categories of alleged damages, as follows:  "A. Past and future mental pain, suffering and anguish; B. Past and future mental health care expense; C. Wrongful death; D. Past and future loss of love, affection, service, support, society and consortium; E. Past and future loss and destruction of and damage to immovable and movable property; F. Past and future loss of use of immovables and movables; G. Past and future expenses for demolition and salvage of immovable and movable property; H. Diminution of property values; I. Past and future loss and destruction of businesses and business assets; J. Past and future lost profit; K. Past and future lost income; L. Past and future lost earning capacity; M. Past and future lost business opportunity; N. Past and future loss of enjoyment of lifestyle; O. Inconvenience; P. Any and all others proven."  Doc. 8779 pp. 13-14.  LNA's opposition to class certification relies extensively on that listing to demonstrate that

4

plaintiffs' alleged damages require individual adjudication. Doc. 16405 pp. 4-5, 28-46. In an apparent effort to substantively undermine LNA's class certification opposition by hiding the multiplicity and variability of their alleged injuries, plaintiffs' proposed Seventh Amended Complaint deletes that listing of alleged damages – even though plaintiffs' memorandum in support of their motion for leave fails to inform the Court of this proposed change. Even apart from plaintiffs' lack of candor as to the nature and extent of the substantive changes they are trying to make, it is evident that this proposed substantive change would very seriously prejudice LNA given its extensive reliance on the express allegations of the existing complaint. Moreover, contrary to plaintiffs' assertion that their proposed amendments are intended to conform their complaint to the evidence adduced in discovery, plaintiffs' depositions and interrogatory answers confirm that the individual plaintiffs do seek all sixteen categories of damages, although the categories vary from person to person. See Doc. 16405 pp. 28-45. As such, the proposed amendment actually constitutes an effort to belatedly disguise a fundamental flaw in plaintiffs' motion for class certification, not to conform the complaint to the evidence.

Even where plaintiffs do acknowledge the substantive changes they are proposing to make, they admit that they are doing so specifically in an effort to undermine LNA's already-filed opposition to their class certification motion. E.g, Doc. 16572-2 ¶¶ 3-4. By definition, that constitutes prejudice to LNA.[1]

In this regard, plaintiffs' assertion (at ¶¶ 10, 11) that they should be allowed to amend their complaint to mirror their class certification motion emphasizes both the prejudice to LNA and the lack of any valid excuse for the delay. In essence, plaintiffs seek the ability to ignore and

---

[1] Further, plaintiffs err when they assert that eliminating their emotional distress subclass would negate the point made in LNA's opposition to class certification. Whether or not such a subclass is listed in the complaint, the individual plaintiffs have made it clear in discovery that they allege that they have suffered from emotional distress. See Doc. 16405 pp. 44-45. As shown in LNA's class certification opposition, those claims can only be adjudicated on an individual basis. *Id*.

evade the long-elapsed Court-imposed deadline for amending their complaint simply by filing a class certification motion containing all sorts of different claims or allegations and then insisting on the right to belatedly amend their complaint to match that motion. It was plaintiffs' burden to timely file a complaint with allegations that could support a class certification motion and then file a motion to certify the allegations in that complaint for classwide adjudication – not vice-versa.[2] Moreover, because LNA's class certification opposition was properly based on plaintiffs' existing Sixth Amended Complaint – not just on plaintiffs' class certification motion – LNA would be severely prejudiced at this point, regardless of whether or not the new complaint "mirrors" the class certification motion.

Finally, plaintiffs are flatly wrong when they assert (at ¶ 14) that "[t]he Fifth Circuit approved such adjustments and refinements in *In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)." That case did not even involve a motion to amend a complaint. Nor did it involve an effort to change the substantive allegations of a complaint. To the contrary, it merely involved a revision to the proposed class definition. Here, by contrast, plaintiffs are belatedly seeking to alter the substantive allegations of the complaint long after the deadline for making such changes has passed, after the other parties have relied on those allegations in briefing the motion for class certification and otherwise, and in ways that seek to disguise rather than conform to the evidence adduced in discovery.

4.   <u>Timing</u>.  In denying plaintiffs' first motion for leave to file a Seventh Amended Complaint, this Court held that "[w]hile the question of the availability of a continuance of either

---

[2] Indeed, the reason why this Court allowed plaintiffs to belatedly file a <u>Sixth</u> Amended Complaint back in 2007 was precisely because, in this Court's words, "allegations that describe the proposed class and identify specific class representatives are vital in a putative class action" and hence "[c]ertainly, they need to be known now." Doc. 8775. As such, it is far too late for plaintiffs now to return to the Court claiming the same need for further amendments. Moreover, even in allowing the Sixth Amended Complaint, this Court remarked on plaintiffs' lengthy and unexplained delay: "[w]ho can say why these critical allegations concerning the proposed class were not included in the original complaint or in the five previous amendments?" *Id*. That delay is still far longer now.

6

the trial, class certification or dispositive motions deadlines to cure such prejudice is entirely one for the presiding district judge to determine, I doubt that such continuances would be permitted on the current record." Doc. 15902 p. 2.  The same conclusion applies here – only even more so because even more time has passed and because LNA and the other parties have already filed briefs in opposition to class certification.

* * * * *

In sum, as this Court found in denying plaintiffs' first motion to file a Seventh Amended Complaint, "[e]valuating these four factors in this instance weighs heavily against a finding of good cause." Doc. 15902 p. 2.  For all of these reasons, plaintiffs' new motion should likewise be denied.

## CONCLUSION

Plaintiffs' motion for leave to file a revised seventh amended complaint should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

                                   Daniel A. Webb (#13294)
                                   **SUTTERFIELD & WEBB, LLC**
                                   Poydras Center
                                   650 Poydras Street, Suite 2715
                                   New Orleans, LA 70130
                                   Telephone:  (504) 598-2715

                                   *Attorneys for Lafarge North America Inc.*

December 9, 2008

## Certificate of Service

     I hereby certify that I have on this 9th day of December, 2008 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing notification.

                                   /s/ John D. Aldock