# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| * | | |
| * | | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| * | | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAGISTRATE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

# LAFARGE NORTH AMERICA INC.'S MEMORANDUM IN OPPOSITION TO

# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION



The "Barge plaintiffs" seek class certification based on the complaint filed by Ethel Mumford, an employee of one of the plaintiffs' law firms,[14] and several other plaintiffs.  These plaintiffs have filed a total of six amended complaints, and were recently denied leave to file a seventh amended complaint.  See Doc. 15902.  The *Mumford* complaint, as amended, itemizes *sixteen* separate categories of compensatory damages sought in this case, as follows:

a. Past and future mental pain, suffering and anguish;
b. Past and future mental health care expense;
c. Wrongful death;
d. Past and future loss of love, affection, service, support, society and consortium;
e. Past and future loss and destruction of and damage to immovable and movable property;
f. Past and future loss of use of immovables and movables;
g. Past and future expenses for demolition and salvage of immovable and movable property;
h. Diminution of property values;
i. Past and future loss and destruction of businesses and business assets;
j. Past and future lost profit;
k. Past and future lost income;
l. Past and future lost earning capacity;
m. Past and future lost business opportunity;



---

[14] See Dep. Index, Item 4 (Mumford).

        n.  Past and future loss of enjoyment of lifestyle;

        o.  Inconvenience;

        p.  Any and all others proven.[15]

Plaintiffs assert these claims for themselves and also for "all persons and/or entities who/which,

on August 29, 2005, were residents of, or owned properties or businesses in" the proposed class

area, which consists of the Lower Ninth Ward of New Orleans plus all of St. Bernard Parish west

of Paris Road.  Pl. Mot. at 2; see Doc. 8779 at 13-14.  The complaint does ***not*** seek damages for

personal physical injuries, which none of the proposed representatives claims to have suffered.[16]

      The representative plaintiffs include several property owners who assert claims for

damage to real property and personal property.  Pl. Mot. at 2-7 (Mumford, Richardson, Harris,

Koch).  All of these people owned real property, however; none was a renter.  All of the

properties they owned were located at considerable distance from the IHNC floodwall breaches,

and none is in the immediate vicinity of either breach.[17]

      The representative plaintiffs also include two small businesses owners in St. Bernard

Parish – Michael Riche, owner of "Mr. Ribbon," and Jacob Glaser, owner of "Holiday

Jewelers."[18]  Together with Mr. and Mrs. Koch, who owned a few rental properties, these

individuals seek to represent the owners of every business within the proposed class area, of

whatever size and type, for the purpose of seeking "business loss" damages.  Pl. Mot. at 2-7.

█████████████████████████████████████████

█████████████████████████████████████████████████

---

[15] Sixth Amended Complaint, Rec. Doc. 8779 ¶ VII(a).  See also LNA Ex. 10 (plaintiffs' responses to LNA Interrogatory No. 26, specifying the varying elements of compensatory damages sought by each plaintiff).

[16] LNA Ex. 11 (plaintiffs' response to Interrogatory No. 39).  But see Pl. Mem. at 9 (referring to "personal injury category" of claims for which certification is sought).

[17] LNA Ex. 12, Report of Wade R. Ragas at 30-31 ¶ 95.  Plaintiffs originally named Rico Terrence Sutton, who lived near the north breach, but later withdrew him as a class representative.

[18] See Dep. Index, Item 5 (Riche and Glaser).

███████████████████████████  ██████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

████████████  Damages for personal injury, emotional distress, and wrongful death are clearly individual, and are a "significant part" of putative class members' claims.  See pp. 28-46 below.

e.  This case, which involves complex issues of multiple potential causes and no fewer than sixteen categories of damages, is vastly more complex than the cases in which the Fifth Circuit and other courts have denied class certification.  Plaintiffs' proposed bifurcated trial plan does not overcome their inability to show predominance because the Fifth Circuit requires that common issues predominate the case as a whole, not just the first part of a bifurcated proceeding, and because bifurcation will not support class certification where, as here, damages cannot be established through mathematical or formulaic evidence.  See pp. 46-54 below.

████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

8

█████████████████████████████████████████████████████████████

███████████████████████████████████  Moreover, this case is not

manageable as a class action because of the myriad individual causation and damages issues that

would have to be adjudicated, and because the plaintiffs' trial plan makes no provision for

adjudicating the liability of third-party defendants such as the United States as part of the

proceeding, as this Court has already required.  ████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████

                              █████████████

        ████████████████████████████████████████████████████████

██████████████████████████████████████████ █████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

9



There are other conflicts between the proposed representatives and members of the class. Because none of the proposed representatives has suffered a personal physical injury as a result of the flooding, the representatives have no incentive to pursue such claims -- which are, indeed, omitted from the operative Sixth Amended Complaint (Doc. 8779).[35]  Omitting class members' physical injury claims would waive such claims as a matter of law if a class is certified, establishing that plaintiffs are not adequate representatives.[36]  Also, none of the representative plaintiffs is a wage-earner seeking lost wage income, even though members of the class would assert such claims if litigated individually.[37]  Plaintiffs' readiness to sacrifice class members' claims in order to obtain certification undermines their pretensions to adequate ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

_____

[35] Plaintiffs belatedly sought to amend their complaint to add such claims and a class representative with such alleged injuries, but their motion was denied.  Doc. 15902.  As we show below (at 43-46), if such claims were added to the case, that would raise separate class certification problems based on predominance of individual issues.

[36] See, *e.g., Hilton v. Atlas Roofing Corp.,* No. 05-4204, 2006 U.S. Dist. LEXIS 88290 (E.D. La. Dec. 5, 2006) (denying class certification on grounds that plaintiffs were waiving claims by seeking only injunctive relief); *Martin v. Home Depot U.S.A., Inc.,* 225 F.R.D. 198, 203-204 (W.D. Tex. 2004) (denying class certification because named plaintiffs had split personal injury from their property damage claims); *Ardoin v. Stine Lumber Co.,* 220 F.R.D. 459, 466 (W.D. La. 2004) (denying class certification where named plaintiffs disavowed and waived tort, personal injury, and property contamination claims, instead focusing on unjust enrichment and UCC claims).

[37] LNA Ex. 21, Plaintiffs' Response to Interrogatory No. 38 ("All named Plaintiffs seek classwide damages for lost income evaluated by expert analysis on a classwide approach, unless a class is not certified, in which event plaintiffs reserve all of their claims for lost income" … but "certain non class representative named plaintiffs will seek individual claims for damages resulting in lost income [and] investigation of such claims is now underway").

15

████████████████████████████   █████████████████████████████████

███████████████████████████████████████   █████████████████████

██████████████████████████████████████████████████████████

According to plaintiffs, however, these individualized claims are not a "significant part" of this action.  Pl. Mem. at  4, 38.  Plaintiffs contend that damages for emotional distress, personal injury, and wrongful death will only be sought by the "relatively small" number of class members who did not evacuate, estimated to be 4,000 persons and including 683 claims for wrongful death.  *Id.* at 37-38.  These assertions are incorrect.

First, plaintiffs' complaint, discovery responses, and deposition testimony make clear that ***all*** plaintiffs and class members seek damages for emotional distress and other intangible harms, regardless of whether they evacuated prior to the storm.  The complaint asserts claims for "past and future mental pain, suffering and anguish" on behalf of all proposed representatives and class members, including those who did not evacuate (Doc. 8779 ¶ VII(a)).  Plaintiffs' interrogatory responses likewise show that ***every*** named plaintiff seeks to recover emotional distress damages, regardless of whether the plaintiff evacuated or not.[123]  In their deposition testimony, the proposed representatives again affirmed that they are seeking emotional distress damages regardless of whether they evacuated.[124]  Plaintiffs' October 2008 witness list designates all of the proposed representatives, and dozens of other witnesses, to testify about

---

[120] See Dep. Index, Item 76 (Mumford, Riche, and Richardson).

[121] All of the proposed representatives testified that they understood the need to evacuate prior to the storm to avoid the risk of injury or even death.  See Dep. Index, Item 77 (Richardson, Mumford, Harris, Glaser, and Koch).

[122] See Dep. Index, Item 78 (Richardson).

[123] LNA Ex. 10 (responses to LNA Interrogatory No. 26, claiming "past and future mental pain, suffering and anguish" for plaintiffs Mumford, Riche, Koch, Richardson, Harris, and Glaser); LNA Ex. 21 (response to LNA Interrogatory No. 40, Doc. 13803-2, asserting that "[a]ll plaintiffs seek damages for class wide emotional distress").

[124] See Dep. Index, Item 79 (Harris, Riche, Glaser, and Koch).

44

alleged emotional distress. See Doc. 15987. As noted above (at 12), none of the representative plaintiffs remained behind during Katrina; rather, all of them evacuated prior to the storm.

Apparently, plaintiffs have now concluded that nobody who evacuated before the storm has a legally valid claim for emotional distress damages or other intangible harms. See Pl. Mem. at 37 n.20. If that is the case, then plaintiffs should dismiss their claims for emotional distress and other intangible damages with prejudice, so that the record is clear. Until then, so far as the record of this case is concerned, this Court faces potential claims for emotional distress damages from every one of the proposed class members, numbering in excess of 40,000 persons. The same is true for other intangible elements of damages pled in the complaint, such as "[p]ast and future loss of enjoyment of lifestyle" and "[i]nconvenience" (Doc. 8779 ¶ VII(a)).

In these circumstances, this case is easily distinguished from the case on which plaintiffs rely, and in which the court made clear that "all, or a great majority" of the class members would not have **any** claims for personal injury or emotional damages. *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 607 n.6 (E.D. La. 2006).[125] The continued pendency of claims for intangible harms by all plaintiffs and class members renders this case much more akin to *Ancar v. Murphy Oil USA, Inc.*, 2008 U.S. Dist. LEXIS 68490 (E.D. La. July 25, 2008), in which the court denied class certification for emotional distress claims arising from an oil refinery fire and asserted by property owners and residents like the plaintiffs in this case.

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

---

[125] Moreover, the *Turner* case involved far fewer claims to begin with (fewer than 1800 properties in the entire class), so that the number of emotional distress and personal injury claims would have been measured in the dozens rather than the hundreds or even thousands posited by the plaintiffs in this case.

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

## CONCLUSION

Plaintiffs' motion for class certification should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel                                    A. Webb (#13294)
**SUTTE**            **RFIELD & WEBB, LLC**
Poydras Center
650                        Poydras Street, Suite 2715
New                        Orleans, LA 70130
Telephone:                    (504) 598-2715

*Attorneys for Lafarge North America Inc.*

November 17, 2008

60