UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * | NO. 05-4182 and consolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*      05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*      06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*      06-7516 | * | |
| *Parfait Family v. USA*      07-3500 | * | MAG. |
| *Lafarge v. USA*      07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge*      08-4459 | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH NOTICE OF DEPOSITIONS AND DEPOSITION SUBPOENAS

**MAY IT PLEASE THE COURT:**

The Barge Plaintiffs and Lafarge North America, Inc. are engaged in fact witness depositions in anticipation of trial on the merits. On December 30 and 31, 2008, Lafarge served a Notice of Depositions (along with several related subpoenae returns of service) identifying for the first time eight lay persons whose depositions Lafarge intends to conduct beginning on January 6, 2009, merely three business days following formal, written notice.[1]  Lafarge failed (and refuses) to identify or disclose any of these persons in written discovery responses or witness lists. The notices are untimely and defective absent reasonable

---
[1]Exhibit 1.

1

advance notice of the depositions, and are formally defective in their failure to provide the deponents' addresses. These persons, and the dates and times Lafarge intends to commence their depositions, are:

| | |
|---|---|
| Alfred McRoyal | January 6, 2009 - 10:30 a.m. |
| Don Davis, Jr. | January 6, 2009 – 2:00 p.m. |
| Darrell Raymond | January 7, 2009 – 9:30 a.m. |
| Rita Raymond | January 7, 2009 – 10:30 a.m. |
| Aaron Lee | January 8, 2009 – 9:30 a.m. |
| Donna Buford | January 8, 2009 – 10:30 a.m. |
| Sarah Price | January 9, 2009 – 2:00 p.m. |
| Darian Hunter | January 9, 2009 – 3:00 p.m. |

Lafarge *refuses* to reschedule these depositions, and has stated through counsel that it intends to notice and subpoena *additional* persons not previously disclosed in discovery responses or witness lists. Lafarge's actions violate the Federal Rules of Civil Procedure and this Court's Case Management Orders. Lafarge's actions, if permitted, cause extreme prejudice to the Barge Plaintiffs. For these reasons, and as more fully expressed herein, Barge Plaintiffs seek an expedited Order quashing the Notice of Depositions and related subpoenas, and ordering Lafarge to comply with the Federal Rules of Civil Procedure and this Court's Case Management Orders governing written discovery, witness lists, and depositions.

### Refusal to Reschedule Depositions of Witnesses
### Not Disclosed in Discovery Responses

On September 24, 2007, the Barge Plaintiffs propounded written discovery to Lafarge, including Interrogatories. None of the persons subject of Lafarge's Notice of Depositions were disclosed or identified in Lafarge's responses to written discovery, including Interrogatory No. 7 which seeks full identification of all may-call trial witnesses:

**INTERROGATORY NO. 7:**

Please state the full names, addresses, job titles and employers of any and all lay persons you will or may call to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

Lafarge responded thus:

**Answer to Interrogatory No. 7:**

LNA objects that this request contravenes the schedule and procedures set forth in the Court's Case Management Order #5. LNA directs plaintiffs to the witness list that LNA filed on November 20, 2007, and to its monthly supplementations thereof.

Lafarge's Notice of Depositions, received December 30 and 31, 2008, provoked an inquiry to Lafarge by Edward Moreno of the Law Office of Brian A. Gilbert as to the identities and relevance of the eight proposed deponents whose names had never been mentioned before. Lafarge has supplemented its written discovery responses, but has not included any mention of these eight persons.[2] Laf rge's December 30, 2008 email response, submitted as Exhibit 7 to Derek Walker's January 2, 2009 correspondence to Your Honor, states that they are "independent, non plaintiff non class cert. area fact witnesses who may have information regarding causes of flooding in various neighborhoods throughout the city (i.e. with no barge)."[3] Barge Plaintiffs' Liaison promptly communicated the Barge Plaintiffs' objections to Mr. Walker, and requested a Fed. R. Civ. P. 37 telephone conference.[4]

---

[2] Neither does Lafarge identify verbally or in writing any of the other deponents who Lafarge states during Fed. R. Civ. P. 37 discussions preceding this Motion that it will also place into the deposition schedule to present testimony similar to the eight contained in Lafarge's notice.

[3] Exhibit 9.

[4] Exhibit 2.

3

In December 31, 2008 and January 1, 2009 Fed. R. Civ. P. 37 telephone conferences conducted by Barge Plaintiffs' Liaison Brian A. Gilbert and local Lafarge counsel Derek A. Walker, Barge Plaintiffs demanded that Lafarge supplement its written discovery responses, and reschedule the depositions. Lafarge refused, stating its position that Interrogatory No. 7 does not call for disclosure of potential trial witnesses.[5] Mr. Walker elaborated, stating that Lafarge is not obligated to disclose or identify these persons, as no decision is made yet whether to call them at trial. In response to verbal questioning whether such decision "might" result in these persons being called as trial witnesses, counsel for Lafarge answered affirmatively. That is, Lafarge readily admits that the witnesses *might* be called, but ardently denies that they *may* be called. This semantic distinction without a difference is a regrettable waste of time and judicial resources.

## Refusal to Reschedule Depositions of Witnesses
## Not Disclosed in Witness Lists

Lafarge first avoided identifying witnesses by objecting to the Barge Plaintiffs' September 2007 Interrogatory No. 7, reproduced above. Lafarge took issue with the request on the purported ground that disclosure of witnesses would "contravene" the Court's schedule. Lafarge nonetheless made assurances in its response that the Barge Plaintiffs could refer to Lafarge's Periodic Witness Lists, due every 20th of every month, and learn Lafarge's potential witnesses' identities and anticipated testimony, both of which are required by the Court.

---

[5]INTERROGATORY NO. 7: Please state the full names, addresses, job titles and employers of any and all lay persons you will or *may call* to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses. (Emphasis added)

Case Management Order No. 7 states:[6]

### VI. MERITS PROCEEDINGS IN BARGE/MRGO/LEVEE CATEGORIES OF CASES
#### A. Merits Discovery
##### 1. Preliminary Witness and Exhibit Lists

On the 20th day of every month (concluding with the deadlines for the Final Witness and Exhibit Lists) the MRGO Plaintiffs, the Barge Plaintiffs, the Levee Plaintiffs, the Barge Defendants and/or Third Party Defendants, the MRGO Defendants, and the Levee Defendants shall each file a Preliminary List of Witnesses who may or will be called to testify at any class certification hearing, and Preliminary List of Exhibits that may or will be introduced at any class certification hearing. The parties must use their best efforts and act in good faith in making these preliminary lists as complete as possible. Preliminary Witness Lists must include, for each witness, both fact and expert, the witness' name, address, and anticipated subject matter of his/her testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.].

Lafarge's assurances in its Answer to Interrogatory No. 7 were empty.[7] Despite the Court's mandate that witness lists include all persons who "*may* or will be called to testify," (emphasis added) and despite Lafarge's discovery response incorporating such lists, in no witness list does Lafarge identify any

---

[6]Barge Plaintiffs view Section VI.A.1 of CMO 7 as calling for witness identification for trial on the merits, as opposed to class certification. The reference to class certification in this section appears to be erroneous, as the section concerns merits discovery, and witness lists for class certification are covered in a different section of the CMO.

[7]"**Answer to Interrogatory No. 7:** LNA objects that this request contravenes the schedule and procedures set forth in the Court's Case Management Order #5. *LNA directs plaintiffs to the witness list that LNA filed on November 20, 2007, and to its monthly supplementations thereof.*" (Emphasis added).

of the eight persons whose depositions Lafarge seeks. Neither, as best plaintiffs' counsel can tell, does Lafarge list the *additional* nonparty, non-class certification geography lay witnesses Lafarge intends to depose concerning causes of flooding. Again, Plaintiffs called upon Lafarge during Rule 37 discussions to reschedule the deposition on these additional grounds, and to disclose its intentions by also amending its witness lists. Lafarge refuses, positing the same excuse. That is, Lafarge deems witnesses that it *might* call in trial to be excluded from the CMO's requirement that Lafarge list those it *may* call in trial. The prejudicial effect on plaintiffs is the same, as is Lafarge's clear contempt for the Court's Case Management Orders.

      Lafarge also articulated in the said Rule 37 conferences an apparent secondary position - that a purported telephone conversation a year ago in which Derek Walker and Barge Plaintiffs' Liaison agreed that neither plaintiffs nor Lafarge should list every New Orleans area resident absolves Lafarge of disclosure. Lafarge strains credibility, as no rational understanding of a sound verbal agreement not to list hundreds of thousands of persons actually means that the litigants are free to withhold disclosure of identifiable persons of sufficient interest to provoke their depositions on the record of this matter. Lafarge's alternative to listing the entire New Orleans metro area population appears to be categorical reference to certain classes of witnesses in Lafarge's witness lists. However, Barge Plaintiffs' Liaison personally requested in writing on numerous occasions that Lafarge supplement its discovery responses and witness lists to particularly identify witnesses Lafarge implies only categorically, i.e., "Witnesses to events in the Lower Ninth Ward on August 29, 2005 (to be identified through deposition discovery)." Without

stretching the bounds of reason, this should happen at least on the 20th of each month in which Lafarge learns the identity of a person of such interest that Lafarge considers deposition warranted.[8]

In these Rule 37 discussions, Mr. Walker only marginally amplified his December 30, 2008 email (Exhibit 9), verbally describing the slated deponents as persons who may have heard sounds associated with the failures of the 17th Street and London Avenue Canals. Though Lafarge continues through its December 2008 witness list to include *categories* of witnesses without names, Lafarge does not even include a category for *these* witnesses. By contrast, Lafarge did list and identify 17th Street Canal area resident, Stephen Lentz, well before Lafarge noticed his deposition several months ago, which afforded Barge Plaintiffs reasonable opportunity for duly diligent investigation before Mr. Lentz testified. No such opportunity exists as to Lafarge's eight new potential trial witnesses revealed only on the eve of their depositions. Lafarge's strained excuses for lack of candor beg the question as to how long ago Centanni Investigative informed Lafarge of these persons of interest. Lafarge's actions resonate a continuing pattern of ambush, prejudice, and flagrant disregard of the fundamental rules of law and Orders of the Court.

### Refusal to Reschedule Depositions Unreasonably Noticed

Fed. R. Civ. P. 30 requires reasonable notice of depositions. The depositions were noticed electronically on Tuesday, December 30, 2008, and by hand on Wednesday, December 31, 2008, New Year's Eve. Thursday, January 1, 2009 was New Years day, a federal holiday. The Eastern District of Louisiana declared that Friday, January 2, 2009, would also be a New Year holiday, and as a result, the

---

[8] This is not to be understood, however, as a waiver of timely and reasonable advance notice of depositions.

7

Court was closed. Saturday and Sunday, January 3 and 4, 2009, are a weekend. The depositions are noticed for commencement on Tuesday, January 6, 2009, and completion on Friday, January 9, 2009. In computing time according to Fed. R. Civ. P. 6, the day of an act is not counted. Lafarge therefore affords only three business days' (including New Years Eve) notice of impending depositions of previously undisclosed potential trial witnesses "*who may have information regarding causes of flooding*."[9]

Though simultaneously refusing to comply and reschedule, Lafarge concedes awareness that local Federal jurisprudence holds that five business days is not reasonable notice. In *Thomas v. WSFM, L.L.C.*, 2008 WL 821948 (E.D.La. 2008), the United States District Court for the Eastern District of Louisiana granted a motion to quash a notice of deposition served five business days before the date of the deposition, holding that the party had failed to give reasonable notice. *Thomas* at 1. This Court held similarly in *Great American Ins. Co. v. McElwee Brothers, Inc.*, 2004 WL 574749 (E.D.La. 2004) and *Tucker v. Tangipahoa Parish School Bd.,* 2007 WL 1989913 (E.D.La. 2007), both times holding that six days was not reasonable notice for a deposition. Once again, in *Auto Club Family Ins. v. Provosty,* 2006 WL 2568054 (E.D.La. 2006) the Court found that depositions noticed a mere four business days before the witnesses would be required to appear for depositions is insufficient to comply with the "reasonableness" requirement in Rule 30(b)(1). Copies of these decisions are provided as Exhibits 12 - 15.

In efforts to resolve the disputes raised here, Barge Plaintiffs demanded that Lafarge reschedule the depositions. Lafarge refused. Please see **Exhibit 2**. Lafarge takes the untenable position in Rule 37

---

[9]Quoted from Exhibit 9.

8

discussions that (1) the deposition schedule is so inflexible as to prevent rescheduling of these persons, and (2) that past weeks' telephone and email discussions about Lafarge's scheduling and subpoena of nonparty-non putative class member deponents constitute notice. The plaintiffs and Lafarge have both listed nonparty, non putative class member witnesses whose appearance might require compulsory process. Counsel for Lafarge withheld any indication that he was speaking of previously undisclosed persons as opposed to those listed. Fed. R. Civ. P. 30 contemplates written notice of depositions, not oblique, categorical mention in a conversation. With January 2, 2009 correspondence to Your Honor, Lafarge submitted several email communication threads which Lafarge labeled Exhibits 1 through 9.[10] Presumably, Lafarge's intent is to demonstrate that notice was somehow afforded by mutual creation of a deposition schedule. How this supposedly occurs is entirely unknown.

Both Lafarge and the plaintiffs have listed numerous non-party witnesses who did not reside in the proposed Barge class certification geography. All names mentioned in the email are of persons already on witness lists or disclosed through written discovery responses. Mutual recognition that not all witnesses listed by either party are litigants, or within counsel's control for purposes of securing deposition appearances, does not constitute notice. This raises no awareness whatsoever that Lafarge, when discussing nonparty, non class certification witnesses, is actually thinking of eight known, identifiable individuals whom Lafarge has not disclosed, and whom Lafarge may call to testify at trial as to causes of flooding.

Lafarge also represents to the Court and opposing counsel a merits deposition schedule so fragile

---

[10]Here, Exhibits 3 through 11.

as to defy the possibility of rescheduling Lafarge's eight untimely noticed witness depositions. While it is true that Lafarge may seek to depose perhaps one hundred persons, it is unfathomable that Lafarge is therefore free to deprive the plaintiffs of reasonable notice, forging ahead out of concern that these eight depositions will cause the entire schedule (not even completed yet) to collapse. Lafarge suffered no such catastrophe when counsel for Lafarge could not attend a named plaintiff's deposition on Friday, January 2, 2008, resulting in the deposition being rescheduled. Despite ample opportunity for Lafarge to timely and candidly identify its potential witnesses and proposed deponents, these email threads, and Lafarge's *refusal* to compromise by rescheduling the depositions, demonstrate Lafarge's flagrant efforts to *deny notice and to create prejudice*. Lafarge accomplishes both objectives.

**Facially and Formally Defective Notice of Depositions Lafarge Refuses to Reschedule**

Lafarge's Notice of Depositions is facially and formally defective for additional an additional reason affecting reasonable notice. Fed. R. Civ. P. 30(b)(1) requires deposition notices to contain the address of the deponent. However, timely deposition notices with deponents' addresses - provided in conjunction with timely and accurate witness lists and written discovery responses - would afford a more level playing field, which is not what motivates Lafarge. Plaintiffs counsel might then contact these nonparty witnesses and investigate their possible representations on the record, thus diluting Lafarge's ability to profit by its continued pattern of subterfuge and secrecy. Therefore, Lafarge's notice does not include the deponents' addresses. The service returns on Lafarge's subpoenas contain addresses, but whether they are residential or other is unknown, and three business days' advance notice of the depositions undermines any possibility of investigation by the plaintiffs.

10

## CONCLUSION

Lafarge persists in an overall pattern of abuse of the Court and opposing litigants through conduct that is clearly prohibited by the Federal Rules and Case Management Orders. Plaintiffs respectfully move the Court to quash Lafarge's untimely and defective Notice of Depositions and subpoenae, and to order Lafarge to make witness disclosures in accord with law and Orders of the Court.

Respectfully submitted,

/s/ Brian A. Gilbert,
Brian A. Gilbert, Esq.(21297)
LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com


/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180

Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com,
karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:    202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net

/s/Shawn Khorrami (CA SBN #14011)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimilie: (213) 596-6010
e-mail:  Skhorrami@kpalawyers.com;
             Mbailey@kpalawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 4th day of January, 2009.

\s\Brian A. Gilbert