

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2006 WL 2568054 (E.D.La.)
**(Cite as: 2006 WL 2568054 (E.D.La.))**

Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
AUTO CLUB FAMILY INSURANCE
v.
Henry PROVOSTY
**No. Civ.A.05-6482, Civ.A.06-1297.**

Sept. 5, 2006.

Wayne Robert Maldonado, David Ira Bordelon, Matthew J. Ungarino, Ungarino & Eckert, LLC, Metairie, LA, for Auto Club Family Insurance.

Edgar Dean Gankendorff, Christophe B. Szapary, Provosty, Sadler, Delaunay, Fiorenza & Sobel, New Orleans, LA, for Henry Provosty.

*ORDER*

ROBY, Magistrate J.
**\*1** Before the Court is a Motion to Quash **Depositions** (doc. # 41) filed by the plaintiff, Auto Club Family Insurance ("AAA") seeking to quash six **depositions noticed** by the defendant, Henry S. Provosty. Provosty has not filed an opposition memorandum. The motion was scheduled for oral hearing on September 6, 2006. However, after reviewing the submitted pleadings, the Court concludes that oral argument is unnecessary.

I. *Factual and Procedural Background*

This case arises from an insurance payment dispute between Provosty and AAA concerning the proper payment under an insurance policy purchased by Provosty and written by AAA. Provosty alleges that any damage to his home from Hurricane Katrina resulted from wind and rain damage and not the subsequent flooding caused by the subsequent levee breaches. AAA filed a declaratory action on December 13, 2005, seeking a judicial determination of whether the damage caused by Katrina is covered under Provosty's policy.

On February 16, 2006, Provosty filed a petition for declaratory judgment in Civil District Court for Orleans Parish seeking a judicial determination that his policy covered the damage caused by Katrina. This action was later removed to this Court and consolidated with the earlier action.

On July 19, 2006, Provosty **noticed** the **depositions** of two of AAA's counsel and five of its claims adjusters. AAA then filed the subject motion to quash.

II. *Standard of Review*

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."However, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995).Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 2568054 (E.D.La.)  
 **(Cite as: 2006 WL 2568054 (E.D.La.))**

Page 2

necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."*In re: Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.1998).

III. *Analysis*

**\*2** AAA contends that Provosty unilaterally **noticed** these seven **depositions** for July 26 at 9:00 a.m. with no intention of ever actually having the **depositions** take place. It contends that Provosty's counsel indicated that the **depositions** would not take place pending a determination by the District Court of whether Provosty could compel the two **depositions** of AAA's counsel. AAA contends that Provosty **noticed** these **depositions** solely so it could properly present its motion to compel before the District Court because this Court had earlier denied AAA's motion to compel because it had not **noticed** Provosty's **depositions** and therefore there was nothing to compel. (*See* Rec. Doc. No. 45). Finally, AAA contends that AAA's representatives sought to be deposed are located in St. Louis, Missouri and Provosty improperly seeks to depose the representatives in New Orleans, Louisiana.

The Court first notes that on August 9, 2006, the District Court concluded that Provosty had not shown the circumstances required for a litigant to depose counsel for the opposition. (*See* Rec Doc. No. 46). The District Court then denied Provosty's motion to compel the deposition of AAA's counsel. Thus, AAA's motion to quash the depositions of David Bordelon and Matthew Ungarino is denied as moot because the District Court concluded that they could not be deposed. The Court also notes that AAA provided its claims file to Provosty pursuant to an agreement during a settlement conference.

The Court turns to the remaining **depositions** of Dennis Adams, Sam Lee, Steve Bruening, and J. Craig Morice, all claims adjustors for AAA. Pursuant to Rule 30, "[a] party desiring to take the **deposition** of any person upon oral examination shall give **reasonable notice** to every other party to the action. FED. R. CIV. P. 30(b)(1). The Court notes that these **depositions** were issued on July 19, 2006, with a return date of July 26, 2006. Thus, there was only four business days before the witnesses would be required to appear for **deposition**. Four days is insufficient to comply with the rule and require the deponents to travel to New Orleans from St. Louis, Missouri. *See Great Am. Ins. Co. v. McElwee Brothers, Inc.,* CIV.A.03-2793, 2004 WL 574749, at \*1 (E.D.La. March 19, 2004) (concluding that six days is not **reasonable notice**).

Accordingly,

IT IS ORDERED that AAA's Motion to Quash **Depositions** (doc. # 41) is DENIED in PART as MOOT as to the **depositions** of Ungarino, Bordelon, and the claims file, and GRANTED in all other respects.

E.D.La.,2006.  
Auto Club Family Ins. v. Provosty  
Not Reported in F.Supp.2d, 2006 WL 2568054 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.