

Not Reported in F.Supp.2d                                                                                                                         Page 1
Not Reported in F.Supp.2d, 2004 WL 574749 (E.D.La.)
**(Cite as: 2004 WL 574749 (E.D.La.))**

Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
GREAT AMERICAN INSURANCE COMPANY
v.
MCELWEE BROTHERS, INC. et al.
**No. Civ.A. 03-2793.**

March 19, 2004.

Lloyd Noble Shields, Daniel Lund, III, Elizabeth Lapeyre Gordon, Stuart Glen Richeson, Shields Mott Lund, LLP, New Orleans, LA, for Plaintiff.
Thomas Hadden Morrow, William Lee Melancon, Law Offices of William Melancon, Lafayette, LA, Lori Folse White, The White Law Firm, LLC, Baton Rouge, LA, Roederick C. White, Roederick C. White, Attorney at Law, Terrence L. Brennan, Jimmy Arthur Castex, Jr., Deutsch, Kerrigan & Stiles, New Orleans, LA, for Defendants.
Melvin M McElwee, Sr, Independence, LA, pro se.

*ORDER AND REASONS*

WILKINSON, Magistrate J.
***1** Oral argument was conducted on March 17, 2004 concerning (1) Plaintiff's Second Motion for Leave to Join Additional Party Under Rule 19 of the Federal Rules of Civil Procedure, Record Doc. No. 41; (2) the Motion for Protective Order filed by defendant, Melvin M. McElwee, Sr. ("McElwee"), Record Doc. No. 43; and (3) the Motion for Protective Order filed by McElwee Brothers, Incorporated and Tri-State Design Construction Company, A Joint Venture ("Joint Venture"). Record Doc. No. 46. Participating were Lloyd N. Shields and Elizabeth L. Gordon, representing plaintiff, Great American Insurance Company; and William L. Melancon, representing the Joint Venture.

In the first pending motion, plaintiff seeks to sue Melancon, who is the attorney of record for the Joint Venture, seeking a declaratory judgment that he has no valid or first-ranking attorney's fee lien against any funds that Great American may recover from the federal government on the claims at issue in this lawsuit. The presiding district judge has already granted a preliminary injunction declaring that Great American, rather than the Joint Venture and/or other defendants, has the right to pursue those claims and that defendants must cooperate in plaintiff's efforts to pursue those claims. Record Doc. No. 8. That order is being appealed.

The court previously denied plaintiff's original Motion for Leave to Join Additional Party Under Rule 19 because of the pendency of the appeal. However, in re-urging its motion, Great American correctly points out that the pendency of an interlocutory appeal from the grant or denial of a preliminary injunction ordinarily does *not* divest the district court of jurisdiction to proceed with other aspects of the case, including reaching a final decision on the merits of the case. Hung v. Johnson, No. 03-20555, 2004 WL 75421, at *1 (5th Cir. Jan.16, 2004); State of Colo. v. Idarado Mining Co., 916 F.2d 1486, 1490 (10th Cir.1990); West Publ'g Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1229 (8th Cir.1986). Because the issues raised by the instant motion do not implicate the issues that are on appeal from this court's grant of a preliminary injunction, the court considers the motion.

I disagree with Great American's characterization of its attempt to join Melancon as a *compulsory* joinder under Fed.R.Civ.P. 19. Plaintiff relies on Rule 19(a)(2)(ii), which provides in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

***2** Fed.R.Civ.P. 19(a)(2)(ii).

Great American contends that it would be subject to inconsistent obligations because Melancon may assert an allegedly first-ranked attorney's lien against any *recovery* that Great American obtains.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 574749 (E.D.La.)  
 (Cite as: 2004 WL 574749 (E.D.La.))

Page 2

Melancon's alleged lien would be based on his contingency fee contract with the Joint Venture, a contract to which Great American is not a party.

Even assuming that such a lien and its purported ranking could bind a non-party to the contract, particularly when the party purportedly granting the lien has been adjudicated to have no such right, a result that appears unlikely, Rule 19(a)(2)(ii)"is intended to prevent 'a double or otherwise inconsistent liability." ' Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1312 (5th Cir.1986) (quoting Fed.R.Civ.P. 19 advisory committee note). This means that, "[v]iewed practically, there is a substantial risk that [an existing party to the lawsuit] might face *double liability* as a result of this lawsuit. [The existing party] may, if the federal litigation is allowed to proceed, be *forced to pay twice* for the same alleged misconduct causing the same harm." *Id.* (emphasis added). "Certainly, there is a chance that [Melancon] might seek legal redress against [Great American] at some later time, but '[t]he key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria." ' Faloon v. Sunburst Bank, 158 F.R.D. 378, 381 (N.D.Miss.1994) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (2d ed.1986)).

In the instant case, the facts alleged do not establish that Great American might be subject to double or inconsistent liabilities. Plaintiff has merely alleged that Melancon may assert a right to a portion of funds that may (or may not) be recovered in the future, to which Great American also asserts a right. There is no risk, much less the requisite substantial risk, that Great American may have to pay an obligation twice, only that it will not recover all that it seeks to recover, in the event it ever makes a recovery. In my view, plaintiff's allegation is not sufficient to satisfy Rule 19(a)(2)(ii).

However, Rule 20 provides for permissive joinder of defendants, as follows."All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."Fed.R.Civ.P. 20(a).

Thus, permissive joinder is proper when (1)[the] right to relief arose out of the same transaction, occurrence, or series of transactions or occurrences, and (2) ... there is a question of law or fact common to all of the [defendants] that will arise in the action. Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a).

**\*3** Weber v. Lockheed Martin Corp., No. 00-2876, 2001 WL 274518, at *1 (E.D.La. Mar.20, 2001) (Duval, J.) (quotations omitted) (citing Alexander v. Fulton County, 207 F.3d 1303, 1322-23 (11th Cir.2000); Porter v. Milliken & Michaels, Inc., No. 99-0199, 2000 WL 1059849, at *1 (E.D.La. Aug.1, 2000) (Vance, J.); Little v. Bellsouth Telecomm., No. 95-1646, 1995 WL 468256, at *1 (E.D.La. Aug.7, 1995) (Mentz, J.); C.A. Wright, A. Miller & M.K. Kane, Federal Practice & Procedure § 1653 (1986)). The test for permissive joinder is (1) whether there is a logical relationship between the claims and (2) whether there is any overlapping proof or legal question. *Id.;* Porter, 2000 WL 1059849, at *1.
In determining what constitutes a single transaction or occurrence under the first prong, a number of courts have looked to the interpretation of "transaction" under Rule 13(a)-compulsory counterclaims. Transaction, for the purposes of Rule 13(a), is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Id.* (quotations omitted) (citing Alexander, 207 F.3d at 1323; Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)); *accord* Lott v. Eastman Kodak Co., 1999 WL 242688, at *3 (N.D.Tex. Apr.16, 1999)."Absolute identity of all events is unnecessary."*Id.* (citing Mosley, 497 F.2d at 1333).

"The second prong [of Rule 20(a) ] does not require all questions of law and fact raised by the dispute to be common. Rather, only 'some question of law or fact must be common to all parties." ' Porter, 2000 WL 1059849, at *2 (citing Alexander, 207 F.3d at

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 2004 WL 574749 (E.D.La.)
**(Cite as: 2004 WL 574749 (E.D.La.))**

1324; Mosley, 497 F.2d at 1334; Guedry v. Marino, 164 F.R.D. 181, 184 (E.D.La.1995) (Jones, J.)).

It appears that the Rule 20 requirements are met in this case. Plaintiff is seeking declaratory judgments against the existing defendants and against Melancon to clarify the rights of each party to claims and to eventual recovery of funds arising out of the same construction project and the contracts between the existing parties relating to that project. Although the claim against Melancon concerns his right to recover attorney's fees based on his contingency fee contract with the Joint Venture while the claims against the other defendants arise out of other contracts, the claims arise out of the same basic transaction or occurrence.

"In addition, the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only 'several' liability." Brooks v. Paulk & Cope. Inc., 176 F.Supp.2d 1270, 1279 (M.D.Ala.2001) (citing Rumbaugh v. Winifrede R.R. Co., 331 F.2d 530 (4th Cir.1964)).

In the instant case, judicial efficiency and economy for the parties would be served by hearing all related claims concerning any funds recovered from the government in one action. Great American Ins. Co. v. Harleysville Mut. Cas. Co., 285 F.2d 262, 264 (4th Cir.1960); Briarpatch Ltd., L.P. v. Pate, 81 F.Supp.2d 509, 515 (S.D.N.Y.2000); Lumbermens Mut. Cas. Co. v. Borden Co., 241 F.Supp. 683, 695-96 (S.D.N.Y.1965). Accordingly, Plaintiff's Second Motion for Leave to Join Additional Party Under Rule 19 of the Federal Rules of Civil Procedure, Record Doc. No. 41, is GRANTED.

**\*4** The motions for protective order filed by McElwee and the Joint Venture, Record Doc. Nos. 43 and 46, are GRANTED, but only subject to the order contained herein. Plaintiff noticed the depositions of defendants McElwee and Sylvia Hurst on March 11, 2004, to be taken on March 17, 2004. Six days is not the reasonable notice required by Fed.R.Civ.P. 30(b)(1). Therefore, both notices of deposition are quashed.

In addition, Great American asked that the deponents produce documents pursuant to Fed.R.Civ.P. 30(b)(5). That rule is clear that requests for production of documents in conjunction with a deposition notice to a party deponent must comply with Fed.R.Civ.P. 34. Under Rule 34(b), parties have 30 days to respond to requests for production of documents unless the court orders responses within some shorter or longer time. The court did *not* make such an order in this case before these requests for production were submitted.

Although Judge Duval required in his "Judgment on Preliminary Injunction Request," Record Doc. No. 8 at ¶ 2, that defendants "produce all records requested by Great American Insurance Company," he did not impose particular time limits or other special logistical requirements on such requests and responses. In the absence of any special requirements in the preliminary injunction, I will apply the usual time periods and mechanisms for document production provided in the Federal Rules of Civil Procedure. Therefore, no response is due to the requests for production on the dates set out in the notice, and the motion for protective order is granted in this limited regard as well, because I see no reason to shorten the usual response time.

However, defendants are specifically reminded that the preliminary injunction *requires* that they "produce all records requested by Great American Insurance Company."Accordingly, IT IS ORDERED that responses to the subject requests for production, including actual production of the requested documents, must be made no later than 30 days after service of the requests, which has already occurred. No extensions of this time period will be permitted by me.

E.D.La.,2004.
Great American Ins. Co. v. McElwee Brothers, Inc.
Not Reported in F.Supp.2d, 2004 WL 574749 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.