

Slip Copy                                                                                                                                            Page 1
Slip Copy, 2008 WL 821948 (E.D.La.)
 **(Cite as: 2008 WL 821948 (E.D.La.))**

**C**Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Renard THOMAS
v.
WSFM, L.L.C., f/k/a James Lee Witt Associates, L.L.C. et al.
**Civil Action No. 07-1336.**

March 26, 2008.

Dale Edward Williams, Attorney at Law, Covington, LA, for Renard Thomas.
Julie Durel Livaudais, Chaffe McCall LLP, New Orleans, LA, John L. Ross, Thompson, Coe, Cousins & Irons, LLP, Dallas, TX, for WSFM, LLC.
Vicki C. Warner, Barham, Warner & Bellamy, LLC, Shreveport, LA, for Recovery Management, Inc.

### ORDER ON MOTION

JOSEPH C. WILKINSON, JR., United States Magistrate Judge.
**\*1** Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Recovery Management, Inc.'s Motion to Quash **Deposition Notice** and Subpoena/Alternative Motion for Protective Order and Request for Attorney's Fees, Record Doc. No. 54, set for hearing on March 26, 2008 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED. Plaintiff's attempt to depose a corporate representative of defendant Recovery Management, Inc. and to obtain documents from defendant is defective in several ways. First, the **deposition notice** that was purportedly served on Friday, March 7, 2008 for a **deposition** on March 14, 2008, only five business days later, failed to give **reasonable notice**. Fed.R.Civ.P. 30(b)(1).

Second, the **deposition notice** was not filed in the record, Fed.R.Civ.P. 5(d)(1), and therefore was not served electronically on all parties by the Clerk of Court, contrary to the statement in plaintiff's certificate of service that it was. Record Doc. No. 54-2, Defendant's Exh. A, **Notice** of **Deposition**, certificate of service at p. 2.[FN1]

> [FN1]. Recovery Management states in its memorandum that the **deposition notice** was e-mailed to its counsel, apparently by plaintiff's counsel, late on Friday, March 7th, but that she did not receive it until Monday, March 10th, only four business days in advance of the **deposition** date.

Third, the **notice** improperly required an Arkansas corporation to appear at the offices of plaintiff's counsel in Covington, Louisiana, when it has not consented to do so. The " ' **deposition** of a corporation by its agents and officers should ordinarily be taken at its principal place of business ... especially when, as in this case, the corporation is the defendant.' " Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C., No. 06-10850, 2007 WL 1655677, at \*4 (E.D. La. June 4, 2007) (Roby, M.J.) (quoting Salter v. Upjohn, 593 F.2d 649, 651 (5th Cir.1979)); *accord* Tailift USA, Inc. v. Tailift Co., No. 03-CV-0196-M, 2004 WL 722244, at \*1 (N.D.Tex. Mar. 26, 2004) (citing Salter, 593 F.2d at 651).

Finally, the proper procedure for obtaining documents from a party in conjunction with a **deposition** is to serve a request pursuant to Fed.R.Civ.P. 34, which requires that the party have 30 days to respond. Fed.R.Civ.P. 30(b)(2). Plaintiff may not circumvent that requirement by serving defendant with a subpoena duces tecum that provides only five business days of **notice**.

E.D.La.,2008.
Thomas v. WSFM, L.L.C.
Slip Copy, 2008 WL 821948 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.