FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN -5 AM II: 26

LORETTA G. WHYTE
CLERK

# Law Office of Brian A. Gilbert, P.L.C.
## 821 Baronne Street
## New Orleans, Louisiana 70113

Telephone (504) 885-7700
Telephone (504) 581-6180
Facsimile  (504) 581-4336

bgilbert@briangilbertlaw.com

January 2, 2009

<u>Via Facsimile 589-7633</u>
Hon. Joseph C. Wilkinson, Jr.
United States Magistrate
500 Poydras Street, Room B409
New Orleans, Louisiana 70130

Re: *In re Katrina Canal Breaches Consol.*, USDC, EDLA, No. 05-4182, Section "K" (2); BARGE

Dear Magistrate Wilkinson:

On December 31, 2008, Lafarge hand-delivered to my office a Notice of Depositions (copy attached). Lafarge has scheduled these depositions to begin next week, on Tuesday, January 6, 2009. Plaintiffs object to the Notice, and to the depositions, and intend to bring a Motion to Quash along with a Motion to Expedite. Your Honor's present awareness of and involvement in this dispute might promote a more immediate resolution. Lafarge's actions in regard to the present discovery, witness identification, and Fed. R. Civ. P. 30 notice has created a myriad of critical disputes.

First, and most immediate, **none** of the persons subject to the notice were disclosed or identified in Lafarge's response to the plaintiffs' September 24, 2007 Interrogatory No. 7 seeking full identification of all "may-call" trial witnesses.

**INTERROGATORY NO. 7:**
Please state the full names, addresses, job titles and employers of any and all lay persons you will or **may call** to testify at trial, and state the substance of each fact you intend to prove through testimony elicited from such witnesses.

**Answer to Interrogatory No. 7:**
LNA objects that this request contravenes the schedule and procedures set forth in the Court's Case Management Order #5. LNA directs plaintiffs to the witness list that LNA filed on November 20, 2007, and to its monthly supplementations thereof.

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No._____

Hon. Joseph C. Wilkinson, Jr.
January 2, 2009
P. 2 of 3

**None** of these persons are included in any of Lafarge's witness lists, or in any of Lafarge's supplemental discovery responses. Lafarge appears to take the position in Fed. R. Civ. P. 37 telephone discussions on December 31, 2008 and January 1, 2009 that Lafarge is not obligated to disclose or identify these persons as no decision has been made whether to call them at trial. Lafarge admits that the decision might result in these persons being called at trial. As such, it seem patently clear that these persons are witnesses that Lafarge *"may call"* to testify at trial. Any other position would be non-sensical.

Lafarge takes the secondary position that a purported telephone conversation a year ago in which Derek Walker and I agreed that neither plaintiffs nor Lafarge should list as witnesses every New Orleans area resident absolves Lafarge of disclosure obligations.

I have personally requested in writing on numerous occasions that Lafarge supplement its discovery responses and witness lists to particularly identify witnesses Lafarge has identified only by way of broad category description: ( i.e., "Witnesses to events in the Lower Ninth Ward on August 29, 2005 (to be identified through deposition discovery)." Naturally, this should happen when Lafarge learns the identity of a person of sufficient interest that Lafarge considers a deposition is warranted. Lafarge does not even include a category for the witnesses subject to the present deposition notice, whom Lafarge verbally represents to be residents of the 17th Street and London Avenue Canal areas. By contrast, Lafarge did identify 17th Street Canal area resident, Stephen Lentz, well before Lafarge noticed his deposition several months ago.

Fed. R. Civ. P. 30 requires reasonable notice of depositions. The depositions were noticed on December 31, 2008 for January 6 - 9, 2009. Lafarge admits that local Federal jurisprudence holds that five business days is not reasonable notice. Lafarge noticed and subpoenaed these undisclosed possible witnesses on the eve of a Federal holiday and a weekend. This does not even afford five business days.

Lafarge additionally takes the position in Rule 37 discussions that (1) the deposition schedule is so inflexible as to prevent rescheduling of these persons, and (2) that past weeks' telephone discussions about Lafarge's scheduling and subpoena of nonparty-non putative class member deponents constitute notice. Please see attached email from Derek Walker. The plaintiffs and Lafarge have both listed nonparty, non putative class member witnesses whose appearance might require compulsory process. Counsel for Lafarge withheld any indication that he was speaking of previously undisclosed persons as opposed to those listed. Fed. R. Civ. P. 30 contemplates written notice of depositions, not oblique mention in a conversation.

Fed. R. Civ. P. 30(b)(1) requires deposition notices to contain the address of the deponent. Lafarge's notice does not. This derogation further deprives plaintiffs of notice and opportunity to interview the nonparty witnesses, to consider documents relevant to anticipated testimony, and to otherwise prepare for deposition.

Hon. Joseph C. Wilkinson, Jr.
January 2, 2009
P. 3 of 3


     Plaintiffs have asked Lafarge to amend discovery responses and witness lists in light of these newly revealed potential witnesses. Plaintiffs have also asked Lafarge to reschedule the depositions. Lafarge apparently refuses, offering instead only an informal description of anticipated testimony. Please see attached email.

     Plaintiffs preserve any and all objections not noted here to these deponents or their testimony, but at present, seek the fundamental safeguards and fairness inherent in the Case Management Orders, and in the Federal Rules of Civil Procedure governing this dispute. Plaintiffs suspect that a telephone conference including Your Honor, Barge liaison counsel, and counsel for Lafarge might allay the need for a motion.

     Thank you for your kindness and prompt attention.

     With kindest regards, I am,


                                      Yours truly,

                                        Barge Plaintiffs' Liaison Counsel



BAG/

cc:    Derek A. Walker, Esq. (via electronic mail)
cc:    All counsel (via ECF)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182<br>* and consolidated cases |
| | * |
| PERTAINS TO: BARGE | *<br>* SECTION "K" (2)<br>* |
| Boutte v. Lafarge               05-5531 | * |
| Mumford v. Ingram          05-5724 | * |
| Lagarde v. Lafarge          06-5342 | * JUDGE |
| Perry v. Ingram                06-6299 | * STANWOOD R. DUVAL, JR. |
| Benoit v. Lafarge             06-7516 | * |
| Parfait Family v. USA      07-3500 | * MAG. |
| Lafarge v. USA                 07-5178 | * JOSEPH C. WILKINSON, JR. |
| Weber v. Lafarge             08-4459 | *<br>* |

## NOTICE OF DEPOSITIONS

TO: ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Lafarge North America, Inc., through undersigned counsel, will take the depositions of the following persons for all permissible purposes allowed under the Federal Rules of Civil Procedure:

**Name of Deponent:**                                                    **Date and Time:**

January 6 – 9, 2008

Subpoenaed Served & Scheduled:

1222428-2

Alfred McRoyal

Don Davis, Jr.

Darrell Raymond

Rita Raymond

Aaron Lee

Donna Buford

Sarah Price

Darian Hunter

January 12, 2008

Marie Benoit

Mildred Dean

Blaire Boutee

January 13, 2008

Mike Ginart

Fred Everhardt, Jr.

Frank Auderer, Jr.

January 14, 2008

Gilbert Luke

Mary Warren

Emile Goetz

January 15, 2008

Melba Gibson

Jimmie Perry

Nellie Perry

January 6, 2009 - 10:30 a.m

January 6, 2009 – 2:00 p.m.

January 7, 2009 – 9:30 a.m.

January 7, 2009 – 10:30 a.m.

January 8, 2009 – 9:30 a.m.

January 8, 2009 – 10:30 a.m.

January 9, 2009 – 2:00 p.m.

January 9, 2009 – 3:00 p.m.

1222428-2

2

January 19, 2008

Craig Taffaro

Ray Lauga, Jr.

George Cavinac

January 20, 2008

Ethel Leon

Karen Leon

Aida Koch

January 21, 2008

Mike Gorbaty

David Payse

Jack Stephens

January 22, 2008

Doris Shanks

Herbert Warren

Donald Pritchett

January 26, 2008

Michael Lagarde

Marenthia Lagarde

Anthony Dunn

January 27, 2008

Darryl Traylor
Sharlet Bordelon

Clitton Bordelon

1222428-2                                    3

January 28, 2008

David Green

Everidge Green

Jonathan Green

Robert Green

January 29, 2008

Joycelyn Moses

Rico Sutton

Arcola Sutton

February 2, 2008

Polly Boudreaux

Patricia Camp

Kenneth Henderson

Brian Bertucci

February 3, 2008

Dianne Glaser

Kevin McFarland

Henry "Junior" Rodriguez

February 4, 2009

Harris Irvin, III

Richard Reese

February 9 – 12, 2008

Any witnesses not previously obtained / Lafarge witnesses taken by plaintiff

February 16 – 19, 2008

Any witnesses not previously obtained / Lafarge witnesses taken by plaintiff

February 23-26, 2008

MARDI GRAS

before a duly authorized court reporter at the law offices of Chaffe McCall, LLP, 2300 Energy

Centre, 1100 Poydras Street, New Orleans, LA 70163-2300, at which time and place you are

hereby invited to attend, and continuing day-to-day until said examinations are concluded.

Respectfully submitted,

/s/Derek A. Walker
Derek A. Walker (#13175)
Robert B. Fisher, Jr., (#5587)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Walker@chaffe.com

John D. Aldock
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715
*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I hereby certify that I have on this 30th day of December, 2008 served a copy of the

foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ Derek A. Walker

## Law Office of Brian A. Gilbert

**From:** Walker, Derek [walker@chaffe.com]
**Sent:** Wednesday, December 31, 2008 6:18 PM
**To:** bgilbert@briangilbertlaw.com
**Subject:** Re: Katrina Canal Breaches -

I will call you. This was touched upon w Dylan during our discussions on dates and types of witnesses.
DEREK WALKER

----- Original Message -----
From: Law Office of Brian A. Gilbert <bgilbert@briangilbertlaw.com>
To: Walker, Derek
Sent: Wed Dec 31 15:59:53 2008
Subject: Katrina Canal Breaches -

Derek, we have received hand delivery today of Lafarge's notice of a number of depositions beginning on January 6, 2009 of persons who are nonparties and who are not particularly identified in any of Lafarge's or any other Barge Litigation parties' discovery responses or periodic witness lists.

Alfred McRoyal, Tuesday, January 6, 2009, 10:30 a.m.

Don Davis, Jr., Tuesday, January 6, 2009, 2:00 p.m.

Darrell Raymond, Wednesday, January 7, 2009, 9:30 a.m.

Rita Raymond, Wednesday, January 7, 2009, 10:30 a.m.

Aaron Lee, Thursday, January 8, 2009, 9:30 a.m.

Donna Buford, Thursday, January 8, 2009, 10:30 a.m.

Sarah Price, Friday, January 9, 2009, 2:00 p.m.

Darian Hunter, Friday, January 9, 2009, 3:00 p.m

The Federal Rules require reasonable advance notice of depositions. Jurisprudence holds that five business days do not suffice. Lafarge affords even shorter notice on the eve of a Federal holiday (the USDC is closed Friday, January 2, 2009) and immediately subsequent weekend. This is made more problematic by the fact that these persons' identities are not previously disclosed, and the fact that the notices do not comply with Fed. R. Civ. P. 30(b)(1) which requires the deponent's address.

1

We object to the occurrence of these deposition without reasonable notice, without disclosure in discovery responses and witness lists, and without inclusion of the deponent's address on the notice. I ask that you contact me for a Rule 37 conference in order to attempt to resolve this matter without Court intervention. I can be reached via cell phone, 504-250-9334.

Brian A. Gilbert, Esq.

Law Office of Brian A. Gilbert, P.L.C.

821 Baronne Street

New Orleans, Louisiana 70113

Phone: 504/885-7700

Phone: 504/581-6180

Facsimile: 504/581-4336

www.bargecase.com

## Law Office of Brian A. Gilbert

**From:**        Walker, Derek [walker@chaffe.com]
**Sent:**        Thursday, January 01, 2009 11:26 PM
**To:**          Law Office of Brian Gilbert; DPollard@kpalawyers.com; bgilbert@briangilbertlaw.com
**Subject:**     deps

Brian:

Further to our telecons and rule conferences  I confirm that LNA's position is:

You have been aware for several weeks that we intended to take depositions of non-plaintiffs and people not on your witness list- these were 3rd party independent witness. Dylan gave me dates/weeks for your witnesses and I advised other weeks between now and March 2, (including Jan 5 week) would be used for those "other " witnesses. There was agreement to that per our email stream 12/20-12/2:.I suggest you read Dylan's email  of 12/2, point 3 in particular.

Furthermore, (as Dylan and I discusesd) we are concerned that discovery will not be concluded by March 2, if we do not use all these weeks, and therefore do not want to delay these already subpoenaed witnesses-I also advised you there were 5-10 more of them.

Although we do not believe these people are subject to your interrogs, I told you they were non class area persons who would testify that they heard "booms" associated with the levee breaches of the 17th st and London Ave canals. There is nothing very complicated or lengthy about their testimony.I told your associate Ed Moreno essentially the same by email earlier this week.

Under the circumstances and time constraints, we intend to proceed with the depositions as scheduled.

Regards,

Derek

1