# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES § | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | NO. 05-4182 "K" (2) |
| _____§ | JUDGE DUVAL |
| § | MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson* (06-2268) § | |
| _____§ | |

## DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S FILING OF REPLY MEMORANDUM

Comes now the Defendant, United States of America, to respond to Plaintiffs' baseless objection to Defendant's reply memorandum as untimely.

## INTRODUCTION

On January 6, 2009, Plaintiffs filed an objection to the United States' reply memorandum filed on January 5, 2009, Doc. 16923, arguing that the memorandum was due on January 2, 2009, and, therefore, that the filing was untimely. *See* Doc. 16957. The Plaintiffs' objection is entirely baseless, as January 2, 2009, was declared a Louisiana state holiday by Bobby Jindal, Governor of the State of Louisiana. Accordingly, Federal Rule of Civil Procedure 6(a) extended the deadline for filing to January 5, 2009, and the United States timely filed its reply brief.

# ARGUMENT

**Plaintiffs' objection to the Defendant's reply brief as untimely is baseless because January 2, 2009, was declared a legal holiday in the state where the district court is located, and, therefore, under Federal Rule of Civil Procedure 6(a), the filing was timely on January 5, 2009.**

The Plaintiffs' objection to the United States' filing of its reply brief on January 5, 2009, as untimely and prejudicial is meritless.

Federal Rule of Civil Procedure 6(a) provides:

a) **Computing Time**. The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:

> (1) *Day of the Event Excluded*. Exclude the day of the act, event, or default that begins the period.
>
> (2) *Exclusions from Brief Periods*. Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>
> (3) *Last Day*. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or--if the act to be done is filing a paper in court--a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.
>
> (4) *"Legal Holiday" Defined*. As used in these rules, "legal holiday" means:
>
>> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day; and
>>
>> (B) any other day declared a holiday by the President, Congress, *or the state where the district court is located.*

Fed. R. Civ. P. 6(a) (emphasis supplied).

The Fifth Circuit has noted that Rule 6(a) "should be 'liberally and realistically construed to accomplish that which the rule recognizes: the general suspension of work and labor upon

Sunday and other days set aside for observance of a public purpose.'" *American Healthcare Management, Inc. v. Chapman Investment Associates*, 900 F.2d 827, 831 (5th Cir. 1990) (citations omitted). Thus, even though the court in this matter set a specific deadline of January 2, 2009, for the United States to file its reply, the Fifth Circuit has recognized that if the specified date falls on a legal holiday, the deadline for filing should be extended. *Id.* at 831-32 ("[t]he clear purpose of the Rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which the courts are closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday.").

By Proclamation No. 65 BJ 2008, the Honorable Bobby Jindal, Governor of the State of Louisiana, declared that January 2, 2009, would be "a legal holiday in the state of Louisiana and shall be observed as a day of rest." *See* Exh. 1, Proclamation No. 65 BJ 2008. Thus, under Rule 6(a)(3) and 6(a)(4), January 2, 2009, the "last day" upon which the United States was required to file its reply brief, was a "legal holiday" in the state where this district court was located—Louisiana. Therefore, the United States' reply brief, filed on January 5, 2009, the next day that was not a "Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible," was timely. *See* Fed. R. Civ. P. 6(a)(3), 6(a)(4); *see, e.g., Reyes-Cardona v. J.C. Penney Co., Inc.*, 690 F.2d 1, 1 (1st Cir. 1982) (holding that a legal holiday in Puerto Rico is not counted in the computation of time for filing a Rule 59(e) motion); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098-99 (D.C. Cir. 2003) (concluding that President Bush's executive order declaring Christmas Eve a day off for federal employees was sufficient to render it a legal holiday for purposes of Rule 6(a)); *American Healthcare Management, Inc.*, 900

F.2d at 831-32 (concluding that a similar provision to Rule 6(a) in Bankruptcy Code § 9006(a) permitted a party to file one day after the "last day" when the "last day" fell on a "legal holiday"); *Wright v. Trinity Catering, Inc.*, 2007 WL 2155728 at *1-3 (E.D. La. 2007) (holding that Mardi Gras was a "legal holiday" for purposes of Rule 6(a) where the state of Louisiana granted authority to the individual parishes to treat it as such, and Orleans Parish, where the court was located, treated Mardi Gras as a legal holiday.).

**CONCLUSION**

For the reasons stated above, the Plaintiffs' objection to the United States' reply brief as untimely is baseless. The United States' reply brief, filed on January 5, 2009, was timely as a matter of law.

    Respectfully submitted,

    GREGORY G. KATSAS
    Assistant Attorney General

    C. FREDERICK BECKNER III
    Deputy Assistant Attorney General

    PHYLLIS J. PYLES
    Director, Torts Branch

    JAMES G. TOUHEY, JR.
    Assistant Director, Torts Branch

    ROBIN D. SMITH
    Senior Trial Counsel

     /s/ Kara K. Miller
    CONOR KELLS
    KARA K. MILLER
    Trial Attorneys
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 888
    Benjamin Franklin Station
    Washington, D.C. 20044
    (202) 616-4400 (tel.)
    (202) 616-5200 (fax)
    Conor.Kells@usdoj.gov
    Kara.K.Miller@usdoj.gov
    Attorneys for Defendant United States

Dated: January 7, 2009

## **CERTIFICATE OF SERVICE**

      I, Kara K. Miller, hereby certify that on January 7, 2009, I served a true copy of the United States' Response To Plaintiffs' Objection to Defendant's filing of Reply Memorandum upon all parties by ECF.


                                              s/ Kara K. Miller
                                              KARA K. MILLER