UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>**Hurricane Legal Center Mass Joinder Cases**<br>Anderson 07-6737<br>R. Adams 07-4459<br>Aguda 07-4457<br>Allen-Perkins 07-5204<br>D.Adams 07-5206 | SECTION "K" (2) |

**STATE FARM FIRE AND CASUALTYCOMPANY'S
RULE 59 MOTION TO ALTER OR AMEND
THE COURT'S SEVERANCE ORDER AND/OR MOTION TO CLARIFY**

**MAY IT PLEASE THE COURT,** in support of its Rule 59 Motion to Alter or Amend the Court's Severance Order, defendant, State Farm Fire and Casualty Company ("State Farm"), respectfully avers as follows:

**I.    INTRODUCTION**

On December 30, 2008, this Court issued an Order deconsolidating and severing the claims of numerous plaintiffs represented by the Hurricane Legal Center ("HLC") in the above-captioned cases and ordering the HLC to file individual complaints for each property claim (the "Severance Order"). *See* Rec. Doc. 16868.  Upon issuance of the Severance Order, the HLC advised undersigned counsel that it intends to "clean up" and alter the substance of the original complaints.  Specifically, HLC hopes to use the occasion of the Court's severance order to

{N0160600}                                                      1

circumvent rulings of this Court and Judge Duval denying them leave to file amended complaints that would have asserted claims contradictory to the judicial admissions in their existing complaints. That is exactly what the HLC intends for the individual complaints it is preparing, as shown in the attached exemplar supplied by the HLC. *See* Exhibit A, Exemplar HLC Amended Complaint. The HLC should not be permitted to use this Court's Severance Order, necessitated by their own misjoinder of parties, as a mechanism to contradict the facts and legal theories pled in the original complaints. Accordingly, State Farm respectfully requests that the Court clarify or amend its Order to specifically address the impropriety of substantive changes to the amended complaints filed pursuant to the Order.

## II.   ARGUMENT

### A.   Modification of the Substance of the Complaints Exceeds the Bounds of the Severance Order

The Court clearly explained in its Severance Order that, "Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008), and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken." Rec. Doc. 16868. Upon its determination that mass settlement within a short period of time was not possible, the Court issued the Severance Order because the claims were misjoined. Thus, on its face, the sole purpose of the Severance Order is to sever the claims of the improperly joined HLC plaintiffs, not to allow the plaintiffs an opportunity to cure the shortcomings of their original complaints. Nevertheless, the HLC intends to file identical new and substantively altered formulaic complaints on behalf of each of the severed plaintiffs.

{N0160600}   2

Substantive amendments to the causes of action initially sued upon improperly goes beyond the limits of the Severance Order and should not be permitted.

Further, the Severance Order requires the HLC to re-assert the same causes of action initially asserted on behalf of the mass, but this time, on behalf of each individual insured. Indeed, the Court ordered that the plaintiffs' original complaint or notice of removal be filed with each amended complaint. This incorporation indicates that the amended complaints contemplated in the Severance Order constitute a continuance of the initial lawsuit.

> **B.  Plaintiffs May Not Use the Severance Order as a Back Door to Obtaining Leave of Court to Amend When Such Relief Was Previously Denied**

As this Court is aware, the issue of whether the original HLC complaints state a cause of action has been the subject of much controversy throughout the Eastern District of Louisiana and in particular, in this consolidated litigation. In several other cases involving identical complaints filed by the HLC, State Farm filed Rule 12(b)(6) motions to dismiss for failure to state a claim as the original form complaints seek to recover full policy limits under homeowners policies for damages caused exclusively by the excluded peril of flood. The majority of the judges who considered the sufficiency of the HLC complaints found, as the Judge Duval in these cases originally found, that the complaints failed to state a claim for uncompensated wind damage.[1]

---

[1] Order Granting Motion to Dismiss, *In re Katrina Canal Breaches Consol. Litig*., No. 05 4182 (pertaining to *Abram*, No.07 5205, and *Acevedo*, No. 07 5199) [Dkt. No. 10738] (E.D. La. Jan. 22, 2008) (Duval, J.); Order and Reasons Granting Motion to Dismiss, *Benit v. State Farm Fire & Cas. Co.,* No. 07-6738, Order [Dkt. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); Order and Reasons Granting Motion to Dismiss, *Harrington v. State Farm Fire & Cas. Co.,* No. 07-7600 , Order [Dkt. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.); *see also* Order Granting In Part, Denying In Part Motion For Leave to Amend Complaint, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737 [Rec.Doc. 11296] (E.D. La. Feb. 20, 2008)) and *Aguda,* No. 07-4457 [Rec. Doc 11543] (E.D.La. Feb. 20, 2008) (denying proposed amended complaints in two HLC cases as they still failed to state a cause of action.) (Wilkinson, J.). Judge Duval denied the plaintiffs' Rule 60 motions in *Acevedo* and *Abram* wherein the HLC sought to vacate Judge Duval's dismissal of identical complaints for solely alleging claims for flood damage. However, the court stated that with respect to other HLC complaints pending in his court, including *Anderson* and *Aguda*, going forward he would now allow the HLC plaintiffs to attempt to prove unpaid wind damage but would not allow them to disavow their allegations of substantial flood damage due to storm surge, levee breaches and overtopping. Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,*

Thereafter, once the deficiencies contained in the HLC original form complaints were exposed, the HLC attempted to amend the complaints in all of its cases (including each of the above-captioned cases) against State Farm to allege their properties were destroyed exclusively by wind and wind-driven rain. In other words, plaintiffs filed suit alleging their properties were destroyed by **flood alone** and then sought to allege the opposite – that their properties were destroyed by **wind alone**. The HLC's efforts to amend were unsuccessful. In each of the above-captioned cases, both this Court and Judge Duval denied the HLC plaintiffs' motions for leave to amend their complaints.[2] Specifically, in his Order denying the HLC's motions to amend, Judge Duval held that:

> Moreover, as noted by the Court during the hearing, the amended complaints sought to be filed seek to recast the claims of all of the hundreds of plaintiffs as being "caused by wind and wind driven rain alone" which is in direct contravention of the judicial admissions made in the original complaints wherein it was pled with specificity that all of the plaintiffs were damaged by flood waters as well.

*See* Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Dkt. No. 14402] (E.D. La. August 11, 2008). During argument, Judge Duval specifically stated the HLC would not be allowed to amend their complaints. Should the HLC plaintiffs be permitted to use this Court's misjoinder and severance order to change their theory of recovery it would effectively nullify Judge Duval's

---

No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc 14402] (E.D. La. August 11, 2008).

[2] Order Denying Motion for Leave to Amend Complaints, *In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Dkt. No. 12498]) (Wilkinson, J.) (E.D. La. April 16, 2008); Order Denying Motion for Leave to Amend Complaints, *In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to R. Adams, No. 07-4459; Allen-Perkins, No. 07-5204; D. Adams, No. 07-5206) [Dkt. No. 13244] (E.D. La. May 21, 2008) (Wilkinson, J.); Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Dkt. No. 14402] (E.D. La. August 11, 2008) (Duval, J.).

ruling prohibiting plaintiffs from contradicting the judicial admissions of their original complaint. The law of the case should prevent the substantive amendments to the complaints. *See Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. (La.),1995) ("The law of the case doctrine provides that once a court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.") (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177-78, 100 L.Ed.2d 811 (1988)). The attached exemplar amended complaint confirms that the HLC intends to do exactly what Judge Duval specifically denied it the right to do, i.e., amend the complaints to include allegations which contradict the allegations initially pled. *See* Exhibit A.

Further, three cases filed by the HLC against State Farm are currently on appeal in the United States Court of Appeals for the Fifth Circuit from District Court orders holding that complaints identical to those in these cases failed to state a claim. *Harrington, et al. v. State Farm Fire and Casualty Company,* Court of Appeals No. 08-30339; *Benit, et al. v. State Farm Fire and Casualty Company*, Court of Appeals No. 08-30349;[3] *Arceneaux, et al. v. State Farm Fire and Casualty Company,* Court of Appeals No. 08-30536. The Fifth Circuit's determination of this issue may determine the viability of the instant plaintiffs' claims against State Farm. As such, the HLC should not be permitted to alter the substance of the original complaints to attempt to plead additional and/or contradictory facts so as to avoid the potential effects of an adverse ruling from the Fifth Circuit. Accordingly, State Farm requests that the Court clarify or amend its Severance Order to limit the scope of the amendments permitted in the new individual complaints.

---

[3] *Harrington, et al. v. State Farm Fire and Casualty Company,* Court of Appeals No. 08-30339 and *Benit, et al. v. State Farm Fire and Casualty Company*, Court of Appeals No. 08-30349 were consolidated on June 17, 2008, prior to Appellee-Defendant State Farm's submission of its Appellee Brief.

**III.     CONCLUSION**

Based on the foregoing, State Farm respectfully requests the Court grant its Motion to Amend the Court's Severance Order to clarify that the HLC plaintiffs may not substantively alter the causes of action asserted in their complaints.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com
cgarbett@kingkrebs.com
smonsour@kingkrebs.com
***Attorneys for State Farm Fire and Casualty Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

**/s/ David A. Strauss**