**Monsour, Sarah**

| | |
|---|---|
| **From:** | Strauss, David A. |
| **Sent:** | Wednesday, January 07, 2009 12:26 PM |
| **To:** | Monsour, Sarah; Garbett, Christian |
| **Subject:** | Fw: First Amended Complaint |
| **Attachments:** | Call, Gerry.doc |

**From:** Angela Brassette
**To:** Strauss, David A.
**Sent:** Wed Jan 07 12:19:33 2009
**Subject:** First Amended Complaint

Mr. Strauss:
Attached is an example of an Amended Complaint that Sassoon asked me to forward to you.
Thanks,
Angela N. Pichon
Hurricane Legal Center



1/7/2009

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GERRY CALL | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| ALLSTATE INSURANCE | * | MAGISTRATE: |
| COMPANY | * | |
| | * | SECT. , MAG. |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

I.

Plaintiff is a resident of the State of Louisiana and is the owner of the immovable property located at 3517 8th St., Metairie, Louisiana 70002, in the Eastern District of Louisiana.

Plaintiff was a plaintiff in the lawsuit Call, et al, USDC Eastern District of Louisiana, Civil Action No. 07-5769, which was timely filed.

II.

Defendant herein is Allstate Insurance Company, a foreign insurance corporation authorized and presently doing business in the State of Louisiana.

1

III.

On August 29, 2005, at the time of Hurricane Katrina, plaintiff had in effect a policy of property insurance on their property issued by defendant.

IV.

The contract of insurance described in paragraph 3 was an "all risk" policy. Therefore, under the insuring clause defendant was required to indemnify Plaintiff against all risks of physical loss to the real and personal property insured by the contract of insurance.

V.

On August 29, 2005 Hurricane Katrina caused damage to Plaintiff's property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind and wind driven rain. Wind was the efficient proximate cause of all this damage, causing a loss to the property. The property also received flood damage.

VI.

As a result of the aforesaid events Defendant was required to pay each Plaintiff for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Instead, Defendant made only partial payment. The partial payment did not constitute full payment of all the damage caused by wind & wind driven rain and Defendant still owes Plaintiff additional policy benefits for all the damage caused by wind & wind driven rain.

VII.

Based upon the aforesaid conduct of Defendant, Plaintiff has the following causes of action against Defendant:

a. Failure to pay for all damages under the insurance policy;

b. breach of the contract of insurance by failing to pay for all damages;

c. failure to tender timely and sufficient payment under LSA R.S. 22:658 and LSA R.S. 22:1220;

d. breach of duty under LSA R.S. 22:658 and LSA R.S. 22:1220;

e. other causes of action that will be determined at trial.

VIII.

The aforesaid actions of Defendant were "arbitrary and capricious".

IX.

Plaintiff request trial by jury.

X.

Plaintiff is entitled to the following elements of damages:

1) Payment of policy limits for structure;

2) Payment of policy limits for other structures;

3) Payment of policy limits for contents;

4) Payment of policy limits for debris removal;

5) Payment of policy limits for additional living expenses/loss of use;

6) Double damages pursuant to LSA R.S. 22:1220;

7) Penalties pursuant to LSA R.S. 22:658;

8) Attorney fees;

9) Court costs; and

10) Any relief which this court deems fair and equitable.

WHEREFORE, Petitioners prays for trial by jury, the Defendant be duly cited to appear and answer this Petition for Damages, and, after legal delays and due proceedings had, there be judgment herein in favor of Petitioners against Defendant in a reasonable amount to be determined by this Honorable Court for the damages sustained by each Petitioner, together with special damages, penalties, court costs, attorney fees, together with legal interest from date of judicial demand and for all general and equitable relief.

Respectfully submitted,

LAWRENCE J. CENTOLA, JR. (3962)
HURRICANE LEGAL CENTER. LLC
910 Julia Street
New Orleans, Louisiana 70113
Telephone:   (504) 525-1944
Facsimile:   (504) 525-1279
Email: larrycentola@hotmail.com