MINUTE ENTRY
WILKINSON, M.J.
JANUARY 7, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                         CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182 "K"(2)

PERTAINS TO: INSURANCE, Kiefer, 06-5370               JUDGE DUVAL
            Brown, 07-2665                            MAG. WILKINSON


The referenced Kiefer case is one of about two dozen "Mass Joinder Insurance

Cases" that have been pending in the captioned consolidated litigation.  Although the

various claims asserted in these cases were misjoined, no severance order separating

plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion

issue addressed in Sher v. Lafayette Ins. Co., 988 So. 2d 186 (La. 2008), and In re

Katrina Canal Breaches Litig., 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and

(b) mass settlement efforts could be undertaken.  In the Kiefer case, the substantial mass

settlement efforts undertaken by counsel have been largely successful.

MJSTAR:  **0  : 15**

In response to my previous order, Record Doc. No. 16198, plaintiffs' counsel, Wanda Edwards, has submitted a written report in preparation for tomorrow's call docket. I conducted a telephone conference on this date with Ms. Edwards.  Considering her written report, which will be separately filed in the record, the oral representations of counsel and the record as a whole, the referenced <u>Kiefer</u> case will be concluded as follows:

With the exception of the specific claims addressed below, the claims of all other plaintiffs asserted in this case have been settled and dismissed.

The claims of <u>Nicole Washington</u> and <u>Patrick and Amy Davis</u> have been settled, <u>Washington</u> pending completion of necessary documentation and <u>Davis</u> pending Road Home approval.  Accordingly, by copy of this minute entry, Judge Duval is advised so that he may enter 90-day conditional dismissal orders as to the claims of Washington and the Davises.

At the conclusion of the settlement evaluation process required by the court's "Post-Sher Insurance Umbrella Case Management Order," Record Doc. No. 13521, the court has determined that settlement is not achievable as to the following claims in the short term without further court proceedings and that these individual claims must be severed from the captioned case:  <u>Anne Z. Kiefer v. Allstate</u>, <u>Georgianna Mitchell v.</u>

Louisiana Citizens, and Hope Harden v. Louisiana Citizens.  Accordingly, as to these three (3) claims,

**IT IS ORDERED** that plaintiffs' counsel must, **no later than January 30, 2009**, file an individualized amended complaint for each plaintiff or set of related plaintiffs asserting their claims against only the appropriate insurer defendant.  This pleading shall be filed with the Clerk of Court on paper, not electronically.  The caption of the amended complaint must contain only the plaintiff(s) and defendant that are the subject of that specific claim.  It shall also be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order.  Upon filing, the Clerk will assign a new docket number and will allot the case at random among the judges of the court.  All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

The newly filed cases will proceed separately and will <u>not</u> be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), so that they may proceed to resolution independently.

Any claims not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice.  Specifically, by separate order on or after **February 2, 2009**, Judge Duval will dismiss the original <u>Kiefer</u> case, C.A. No. 06-5370, so that the newly filed severed cases may proceed.

As to <u>Jacquelyn K. Brown v. State Farm</u>, a separate civil action concerning that claim has already been instituted, C.A. No. 07-2665.  Accordingly, as provided in the court's "Post-Sher" order, Record Doc. No. 13521 at p. 4, **IT IS ORDERED** that C.A. No. 07-2665 is hereby SEPARATED and DECONSOLIDATED from the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), for all purposes, so that it may proceed to resolution independently. The Clerk is hereby **DIRECTED** to docket a <u>copy</u> of this order and henceforth all future filings in C.A. No. 07-2665, on the docket of C.A. No. 07-2665, and <u>not</u> on the docket of C.A. No. 05-4182. The Clerk is also directed to maintain the allotment of this case in Section "K"(2) for future proceedings. By copy of this minute entry, the case manager of Section "K" is notified so that she may schedule a preliminary conference.

The court thanks plaintiffs' counsel, Wanda Edwards, for her efforts and for the thoroughness of her reports.  Because this case has been satisfactorily addressed in all respects, no in-person appearance at the January 8, 2009 call docket is required of plaintiffs' counsel in the <u>Kiefer</u> case.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**
**CASE MANAGER SHEENA DEMAS**