UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                         CIVIL ACTION
       CONSOLIDATED LITIGATION
                                                      NO. 05-4182

PERTAINS TO: INSURANCE                                SECTION "K"(2)

# ORDER

Defendant Allstate Insurance Company ("Allstate") has filed a Motion to Dismiss Duplicate Claims. ("Mot.") (Rec. Doc. 16539). The motion seeks to dismiss without prejudice those claims that are duplicative of other lawsuits filed within the *In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182. Allstate subsequently filed a supplement to its motion, withdrawing its motion pertaining to certain plaintiffs (Rec. Doc. 16734).[1] Allstate contends that, barring any other circumstances, the earlier filed lawsuit for each plaintiff should be permitted to proceed, and the later-filed lawsuits should be dismissed. Allstate notes, however, that in some cases settlement agreements are pending in later-filed cases, and in those circumstances the later-filed suits should be permitted to proceed in lieu of the earlier-filed complaints. Plaintiffs' counsel the Hurricane Legal Center ("HLC") has filed an opposition (Rec. Doc. 16862).

Under the "first to file" rule, where a party has filed multiple lawsuits concerning the same facts, the district court can dismiss the later-filed action.

> [The first to file rule] usually applies when opposing parties have filed separate lawsuits concerning the same core facts. In such instances, the district court in

---

[1]Allstate's supplemental memorandum withdrew its objections to duplicate suits filed on behalf of six plaintiffs. As there is no further dispute regarding these parties, this Order will not refer to those six plaintiffs.

1

> which the later action was filed may dismiss, stay, or transfer the suit in order to avoid duplicative litigation. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-31 (5th Cir. 1985). As a general rule, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The first-to-file rule is grounded in principles of comity and sound judicial administration. *Id.* Its concern is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result. *Id.*

*Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086, at *4 (5th Cir. Nov. 8, 2007). "The first-to-file rule is a discretionary doctrine," the application of which is reviewed for abuse of discretion. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (internal citations omitted).

In seven of these cases, however, a settlement is pending in the later-filed suit. Courts have the discretion to dismiss an earlier-filed lawsuit where the interests of judicial economy would be served. *See Hockerson-Halberstadt, Inc. v. Nike, Inc.*, Civ. A. Nos. 91-1720, 91-3939, 1991 WL 255677, at *1 (Nov. 27, 1991) (Mentz, J.) (finding that "the interests of judicial efficiency would be served by dismissing without prejudice the first suit, and proceeding to trial on the second suit."). Indeed, as noted above, the first-to-file rule serves the interests of "comity and sound judicial administration." *Carter*, 2007 WL 3316086, at *4. Here, where the suits are filed in the same district court and have been transferred to the same judge, interests of comity are not as significant, which permits this Court to give greater consideration to efficient judicial administration. The fact that settlement is pending in these later-filed suits suggests that those attorneys are more actively pursuing a conclusion to the matter, and the amicable settlement of claims facilitates the efficient administration of this consolidated litigation. Accordingly, in these seven cases, this Court finds that it is prudent to dismiss the earlier-filed suits because

settlement is pending in the later-filed suits.

HLC consents to certain dismissals where plaintiffs have terminated HLC as their counsel. This Court will dismiss those duplicate suits without objection. However, HLC objects to certain dismissals where those plaintiffs have expressed a "preference" for HLC representing them. HLC has supplied the Court with letters that purport to be signed by plaintiffs that state their preference for HLC representing them. The signatures on these letters are generally not dated, however, and not all of the letters express a preference for HLC representing a plaintiff to the exclusion of all other law firms. Moreover, the proper procedure to change attorneys is for a plaintiff to terminate his prior attorney's representation and have that attorney file an ex parte motion to withdraw and substitute counsel. Therefore, this Court will not grant HLC's grounds for dismissal, and instead it will dismiss all later-filed claims unless a settlement is pending. Should any of HLC's clients prefer HLC to represent them, then that client should follow the normal procedure of terminating his current attorney and substituting HLC as counsel. The Court trusts that all attorneys will expeditiously facilitate any substitutions to ensure that all plaintiffs are represented by their counsel of choice.

The following chart represents those suits that will be dismissed on the basis that earliest-filed suit should prevail over any later-filed suits, and there are no settlements in the later-filed suits that would give them preeminence. The date following each case number refers to the date that the suit was filed:

| Plaintiff | Earliest-Filed Suit | Later-Filed Suit(s) | Suit(s) to be Dismissed |
|---|---|---|---|
| Alexander, Penny & Henry | 06-5164 (Aug. 28, 2006) | 07-4455 (Aug. 27, 2007) | 07-4455 |

| | | | |
|---|---|---|---|
| Aucoin, L.J & Eva Dell | 07-4458 (Aug.27, 2007) | 07-4852 (Aug. 28, 2007) | 07-4852 |
| Bennett, Debra | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Browder, Ronald & Orbadella | 06-5164 (Aug. 28, 2006) | 07-4458 (Aug. 27, 2007) | 07-4458 |
| Condor, Bonnie | 07-3390 (June 21, 2007) | 07-4458 (Aug. 27, 2007) 07-5206 (Aug. 29, 2007) | 07-4458 |
| Dabney, Alice | 06-5164 (Aug. 28, 2006) | 07-5206 (Aug. 29, 2007) | 07-5206 |
| Dorsey, Geneva | 06-5164 (Aug. 28, 2006) | 07-4455 (Aug. 27, 2007) 07-5206 (Aug. 29, 2007) | 07-4455, 07-5206 |
| Duplessis, Betty | 06-9282 (Aug. 29, 2006) | 07-4458 (Aug. 27, 2007) | 07-4458 |
| Encalade, Gladys | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Fournier, Ronald & Donna | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Gibson, Brenda V. | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Grimble, Lisa & Anthony | 07-4455 (Aug. 27, 2007) | 07-4538 (Aug. 27, 2007) | 07-4538 |
| Lavigne, Thomas | 07-4538 (Aug. 27, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Lundy, Betty | 07-4308 (July 20, 2007) | 07-5206 (Aug.29, 2007) 07-4458 (Aug. 27, 2007) | 07-5206, 07-4458 |

| McGuire, Vera | 06-5164 (Aug. 28, 2006) | 07-4458 (Aug. 27, 2007) | 07-4458 |
| Mitchell, Kenneth | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Moten, Christine | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Norman, Geraldine | 07-5112 (Aug. 29, 2007) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Olsen, Joyce | 06-5164 (Aug. 28, 2006) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Richburg, Annie | 07-3454 (June 21, 2007) | 07-4458 (Aug. 27, 2007) | 07-4458 |
| Smith, Preston | 06-5164 (Aug. 28, 2006) | 07-4458 (Aug. 27, 2007) 07-4538 (Aug. 27, 2007) | 07-4458, 07-4538 |
| Starwood, Thelma | 06-4746 (Aug. 25, 2006) | 07-4458 (Aug. 27, 2007) | 07-4458 |
| Vigee, Cecile | 06-5164 (Aug. 28, 2006) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Weber, Edward | 07-4455 (Aug. 27, 2007) | 07-4538 (Aug. 27, 2007) 07-5199 (Aug. 29, 2007) | 07-4538, 07-5199 |
| Williams, Herman & Brenda | 06-5164 (Aug. 28, 2006) | 07-5206 (Aug.29, 2007) | 07-5206 |
| Williams, Lois | 06-4746 (Aug. 25, 2006) | 07-4455 (Aug. 27, 2007) | 07-4455 |

The following chart catalogues those suits that will be dismissed because settlement is pending in a later-filed suit. Those suits in which settlement is pending are marked with an asterisk:

5

| Plaintiff | Earliest-Filed Suit | Later-Filed Suit(s) | Suit(s) to be Dismissed |
|---|---|---|---|
| Ebbs, Sandra | 07-4455 (Aug. 27, 2007) | 07-4852* (Aug. 28, 2007) | 07-4455 |
| Jackson, Deborah | 07-4458 (Aug. 27, 2007) | 07-7904* (Aug. 28, 2007) | 07-4458 |
| Lassair Sr., Gregory | 07-4455 (Aug. 27, 2007) | 07-4852* (Aug. 28, 2007) | 07-4455 |
| Price, Kim & Robert | 07-4455 (Aug. 27, 2007) | 07-4852* (Aug. 28, 2007) | 07-4455 |
| Russ, Lashandra | 07-4455 (Aug. 27, 2007) | 07-7527* (Aug. 28, 2007) | 07-4455 |
| Walker, Ivory Belle | 07-4455 (Aug. 27, 2007) | 07-5112* (Aug. 29, 2007) | 07-4455 |
| Chopin, Ivory & Shirley | 07-5769 (Aug. 21, 2007) | 07-5206 (Aug. 29, 2007)<br><br>07-5112* (Aug. 29, 2007) | 07-5769<br><br>07-5206 |

## III. CONCLUSION

For the above-stated reasons, accordingly,

**IT IS ORDERED** that Allstate's Motion to Dismiss Duplicate Claims (Rec. Doc. 16539) is **GRANTED;** and

**IT IS FURTHER ORDERED** that the following suits are **DISMISSED WITHOUT PREJUDICE** because their dismissal is not opposed by the Hurricane Legal Center: Debra Bennett (07-5206); Betty Duplessis (07-4458); Ronald & Donna Fournier (07-5206); Brenda V. Gibson (07-5206); Betty Lundy (07-5206, 07-4458); Vera McGuire (07-4458); Kenneth Mitchell (07-5206); Geraldine Norman (07-5206); Joyce Olsen (07-5206); Preston Smith (07-4458, 07-

4538); Cecile Vigee (07-5206); Herman & Brenda Williams (07-5206); Irwin Anderson, Sr. by Gail Anderson Wharton (07-4455); Thomas Coston (07-4455); Joseph & Gwendolyn Smith (07-4455); and

**IT IS FURTHER ORDERED** that the following suits are **DISMISSED WITHOUT PREJUDICE** because they were filed subsequently to another suit filed on behalf of the same plaintiff(s): Penny & Henry Alexander (07-4455); L.J. & Eva Dell Aucoin (07-4852); Ronald & Orbadella Browder (07-4458); Bonnie Condor (07-4458, 07-5206); Alice Dabney (07-5206); Geneva Dorsey (07-4455, 07-5206); Gladys Encalade (07-5206); Lisa & Anthony Grimble (07-4538); Thomas Lavigne (07-5206); Christine Moten (07-5206); Annie Richburg (07-4458); Thelma Starwood (07-4458); Edward Weber (07-4538, 07-5199); Lois Williams (07-4455); and

**IT IS FURTHER ORDERED** that the following suits are **DISMISSED WITHOUT PREJUDICE** because settlement is pending in another lawsuit filed on behalf of the same plaintiff(s): Sandra Ebbs (07-4455); Deborah Jackson (07-4458); Gregory Lassair, Sr. (07-4455); Kim & Robert Price (07-4455); Lashandra Russ (07-4455); Ivory Belle Walker (07-4455); Ivory & Shirley Chopin (07-5769, 07-5206).

New Orleans, Louisiana, this \_\_\_\_7th\_\_\_\_ day of January, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**