# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>      Jim S. Hall & Associates<br>      Mass Joinder Cases<br><br>      <u>Aaron</u>, 06-4746<br>      <u>Aguilar</u>, 07-4852 | SECTION "K"(2) |

## ORDER
## REGARDING JIM S. HALL & ASSOCIATES/WYO CARRIERS SEVERANCE

The captioned cases were filed by Jim S. Hall & Associates on behalf of hundreds of plaintiffs (collectively "Plaintiffs") and consolidated with the *In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182. Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008), and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken.

Among the named defendants in this matter are "Write Your Own" policy insurance companies (collectively "WYO Carriers"). These WYO Carriers are insurance companies that participate in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to

the National Flood Insurance Act of 1968 ("NFIA"), codified at 24 U.S.C. § 4001. Specifically, these WYO Carriers are: Allstate Insurance Company, American National Property and Casualty Insurance Company, American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Bankers Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, Metropolitan Property and Casualty Insurance Company, State Farm Fire and Casualty Company, and USAA General Indemnity Company.

The WYO Carriers have filed a Motion to Sever (Rec. Doc. 16406). This motion seeks to sever all claims filed against the WYO Carriers and require that individual suits be filed by each plaintiff insurance claimant. No opposition has been filed. Therefore, this Court will grant the motion to sever, and order that any claims must be filed separately in a manner consistent with prior orders by this Court and by Magistrate Judge Joseph Wilkinson in the management of this consolidated litigation. Accordingly,

**IT IS ORDERED** that the settlement evaluation process provided in the Post-Sher Insurance Umbrella Case Management Order, Rec. Doc. 13521, in the above-referenced mass joinder cases filed against Allstate Insurance Company, American National Property and Casualty Insurance Company, American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Bankers Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance

Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, Metropolitan Property and Casualty Insurance Company, State Farm Fire and Casualty Company, and USAA General Indemnity Company, in their capacity as WYO Carriers, is terminated; and

**IT IS FURTHER ORDERED** that Plaintiffs' counsel must, **no later than January 30, 2009**, file an individualized amended complaint for each Plaintiff or set of related Plaintiffs asserting claims as to particular property allegedly insured by each WYO Carrier. This pleading shall be filed with the Clerk of Court on paper, not electronically. The caption of the amended complaint must contain only the Plaintiff(s) and WYO Carrier that are the subject of that specific claim. It shall also be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order. Upon filing, the Clerk will assign a new docket number and will allot the case at random among the judges of the court. All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

The newly filed cases will proceed separately and will <u>not</u> be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), so that they may proceed to resolution independently.

Any claims not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice. Specifically, by separate order on or after **February 2, 2009**, this Court will dismiss the cases specifically referenced above, so that the newly filed severed cases may proceed.

New Orleans, Louisiana, this ___7th___ day of January, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**