UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182 "K"(2)

PERTAINS TO:  INSURANCE                JUDGE DUVAL
   Abadie I  06-5164                   MAG. WILKINSON
   Abadie II  07-5112
   Allen, 07-5111

## ORDER

The referenced Abadie I, Abadie II and Allen cases are three of about two dozen "Mass Joinder Insurance Cases" that have been pending in the captioned consolidated litigation.  Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in Sher v. Lafayette Ins. Co., 988 So. 2d 186 (La. 2008), and In re Katrina Canal Breaches Litig., 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken.  In the Abadie I, Abadie II and Allen cases, the substantial mass settlement efforts undertaken by counsel have been largely successful.

In response to my previous order, plaintiffs' counsel, Joseph M. Bruno and Scott Joanen, submitted a written report, and Mr. Joanen appeared at a call docket hearing on

January 8, 2009. Considering the written reports, which will be separately filed in the record, the oral representations of counsel and the record as a whole, the referenced <u>Abadie I</u>, <u>Abadie II</u> and <u>Allen</u> cases will be concluded as follows:

  **IT IS ORDERED** that the settlement evaluation process provided in the Post-Sher Insurance Umbrella Case Management Order, Record Doc. No. 13521, in the above referenced mass joinder cases is terminated.

  As to any plaintiff whose claims have been <u>settled</u> but not yet dismissed, **IT IS FURTHER ORDERED** that plaintiffs' counsel must, no later than **January 30, 2009**, file a motion for entry of a 90-day conditional dismissal order, with an appropriate form of order attached for Judge Duval's signature.

  As to any plaintiff in the above-referenced cases whose claims have <u>not</u> been settled or dismissed, **IT IS FURTHER ORDERED** that plaintiffs' counsel must, **no later than January 30, 2009**, file an individualized amended complaint for each plaintiff or set of related plaintiffs asserting claims against only the appropriate insurer defendant. This pleading shall be filed with the Clerk of Court on paper, not electronically. The caption of the amended complaint must contain only the plaintiff(s) and defendant that are the subject of that specific claim. The amended complaint shall be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order. Counsel

for plaintiffs must also provide the Clerk of Court with a prepared summons for each amended complaint.

Upon filing of the amended complaint, <u>except</u> as to amended complaints that are designated in the Forced Place Insurance category (which are addressed below), the Clerk will assign a new docket number and will allot the case at random among the judges of the court. All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

The newly filed cases will proceed separately and will <u>not</u> be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), so that they may proceed to resolution independently.

However, any amended complaint filed against any defendant who issued a force placed policy for the plaintiff's property must include the "Forced Place Insurance" designation in the caption, as required by the court's separately filed Forced Place Insurance Case Management Order. The Clerk will assign a new docket number to all complaints designated as Forced Place Insurance complaints, but the new complaints will be assigned to Section "K"(2) and will be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), for the purposes of consolidated motion practice, which will be separately scheduled by Judge Duval.

**IT IS FURTHER ORDERED** that plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

Any claims that are not made the subject of a 90-day conditional dismissal order or that are not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice. Specifically, by separate order on or after **February 2, 2009**, Judge Duval will dismiss the cases identified in the caption above, so that the newly filed severed cases may proceed.

The court thanks plaintiffs' counsel, Joseph Bruno and Scott Joanen, for the thoroughness of their reports and all counsel whose strenuous efforts have resulted in the settlement of thousands of claims in these cases.

New Orleans, Louisiana, this  12th  day of January, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**