FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG 27  PM 4: 11

LORETTA G. WHYTE
CLERK

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

JERALD M. ALEXANDER SR., ET AL.        CIVIL ACTION NO.

VERSUS                                 JURY TRIAL DEMANDED

AUTOMOBILE CLUB INTER-INSURANCE
EXCHANGE, ET AL.                       JUDGE **07 - 4538**

**SECT. K MAG. 2**

COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Jerald M.

Alexander, et al., who are all persons of the full age of majority, domiciled in the State of

Louisiana and who are residents of Parishes within this Judicial District, who respectfully

represent as follows:

I.

This is an action for damages suffered by plaintiffs as a result of defendants' breach of

insurance contract and breach of its statutory duty of good faith and fair dealings, in failing to

adequately compensate plaintiffs for damages which occurred to or on their insured properties

on or about August 29, 2005 as a result of Hurricane Katrina.

II.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity

jurisdiction). The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

There is complete diversity of citizenship between the plaintiffs and the defendants. The

___ Fee $350⁰⁰
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

**EXHIBIT "A"**

plaintiffs are Louisiana residents and the defendants are all foreign insurers authorized to do and doing business in the State of Louisiana.

## III.

Venue is proper in this judicial district as to each listed Plaintiff pursuant to 28 U.S.C. 1391(a), because the property which was damaged or destroyed for which Plaintiffs are suing to recover damages, are all located in this District and defendants marketed and entered into contracts with the Plaintiffs in this District and issued and delivered policies of insurances insuring property situated in this judicial district.

## IV.

Defendants are the issuers and deliverers of insurance contracts.  Made Defendants are:

See attached Exhibit A1

## V.

At all relevant times herein, Defendants had in full force and effect a homeowner's or other fire insurance policy or other policy of insurance ("homeowner's") in favor of the Plaintiffs listed herein, which provided coverage for claims of the nature asserted herein by the Plaintiffs. In particular, under its policy of insurance, insurer agreed to pay for damages or losses to Plaintiffs' dwelling, dwelling extension, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law.

## VI.

Made plaintiffs herein are the following persons, who are all of the full age of majority, who, at all material times hereto, were domiciled in the State of Louisiana, and in Parishes situated in this judicial district and on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by defendant located in this judicial district:  See exhibits A, B and C.

## VII.

Plaintiffs allege that the loss of their dwellings, dwelling extensions, other structures and/or personal property/contents was caused, in whole or in part, by perils covered by the homeowner's policy of insurance issued by Defendant herein to Plaintiffs herein.

## VIII.

Furthermore, Plaintiffs sustained damages or losses in Louisiana to their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy; confected their homeowner's contract with the insurer in Louisiana; and seek damages pursuant to Louisiana's laws, including, but not limited to, La. R.S. 22:695(A), Louisiana's Valued Policy Law (VPL), which provides:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the

computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

## IX.

Additionally, as a result of the hurricane-force winds of Katrina (the efficient proximate cause), the Plaintiffs sustained a substantial or total loss to their immovable property, personal property/contents and all improvements thereon such that the value of the losses exceeded the policy limits of the coverage. Therefore, Plaintiffs are entitled to the policy limits with regard to all coverage, including, but not limited to, dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy.

## X.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 4 hurricane bearing sustained winds of 140 miles per hour and wind gusts of 155 miles per hour.

## XI.

The insured's immovable property and all improvements thereon owned by the Plaintiffs listed herein sustained a covered loss or damage under the policy issued by their respective insurer.

4

### XII.

Plaintiffs' insured immovable property and all improvements thereon sustained damages from hurricane related wind, which is a covered peril under the policy issued by Defendant.

### XIII.

As a result of Hurricane Katrina, Plaintiffs sustained substantial damage to their immovable property rendering it either a substantial or a "total loss."

### XIV.

Defendant insurers placed a valuation upon the insured immovable property owned by Plaintiffs.

### XV.

Defendant insurers used each such valuation for the purpose of determining the premium charges to be made under the policy insuring the Plaintiffs' immovable property.

### XVI.

The homeowner's or other fire insurance policy or other policies of insurance, and any application therefor issued by insurer to the Plaintiffs above did not set forth in type of equal size a different method of loss computation in the event of total loss as permitted by La. R.S. 22:695(A).

### XVII.

Accordingly, Plaintiffs are entitled to recover the full face value stated in the homeowner's or other fire insurance policy insuring their covered immovable property and other structures without deduction or offset pursuant to La. R.S. 22:695(A).

## XVIII.

In the alternative, if the court finds that La. R.S. 22:695(A) does not apply to the immovable dwelling, dwelling extension and other structures owned by the Plaintiffs above, then Plaintiffs aver that insurer failed to properly adjust and/or appraise their dwelling, dwelling extension and other structures damaged as a result of Hurricane Katrina and that additional money is owed to Plaintiffs for the damages to the dwelling, dwelling extension and other structures pursuant to the Plaintiffs' homeowner's policy of insurance.

## XIX.

Additionally, Plaintiffs aver that they suffered losses to their personal property/contents, that said personal property/contents was damaged or destroyed by Hurricane Katrina, and that said damages have rendered plaintiffs' personal property/contents a total loss. Further, Plaintiffs dispute that insurers have fully compensated them for their personal property/contents coverage pursuant to their homeowner's coverage and claim that additional money is owed to them for their personal property/contents damaged or destroyed by Hurricane Katrina.

## XX.

The homeowner's policy of insurance issued by Defendant to Plaintiffs herein included coverage for Plaintiffs' personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Plaintiffs' covered personal property/contents which was used for purposes of determining the premium charges to be made under said policy to Plaintiffs.

### XXI.

Neither the homeowner's policy issued by Defendant herein to Plaintiffs herein, nor any application therefor, set forth in type of prominent size a different method to be used in the computation of Plaintiffs' loss of personal property/contents, as set forth in La. R.S. 22:667. Accordingly, Plaintiffs herein are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Plaintiffs for coverage of their personal property/contents pursuant to the provisions of La. R.S. 22:667.

### XXII.

Additionally, Plaintiffs dispute that insurer has fully compensated them under their additional living expenses/loss of use coverage and claim that they are owed additional living expenses/loss of use.

### XXIII.

Additionally, Plaintiffs dispute that insurer has fully compensated them for all other relief provided by the policy and claim that they are owed all other relief provided by their policy.

### XXIV.

Additionally, Plaintiffs allege that the efficient proximate cause of the damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, additional living expenses/loss of use and/or all other relief provided by the policy, were the severe winds of Hurricane Katrina and that the anti-concurrent cause clause provision used by insurer to deny the numerous claims of the Plaintiffs is in violation of the efficient proximate cause rule and is vague and ambiguous, rendering insurers liable to the Plaintiffs for damages

and losses to their dwelling, dwelling extension, other structures, personal property/contents, for additional living expenses/loss of use, and/or for all other relief provided by the insurer's policy.

### XXV.

The flooding entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees/canals and/or levee/canal walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees/canals and levee/canal walls.

### XXVI.

The breaking or failure of the levee/canal systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainant herein, in contrast to other policies available in the market, and neither falls within the regular definition of "flood" nor within any of the said insurance policy's exclusions of "flood".

### XXVII.

Defendant negligently, recklessly and/or intentionally ignored clear evidence that wind and wind-driven rain caused severe damage to Plaintiffs' covered property prior to any flooding.

### XXVIII.

Defendant recklessly disregarded its duty to deal fairly with Plaintiffs and act in good faith.

### XXIX.

Upon information and belief, and out of an abundance of caution, Plaintiffs further allege that insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses

to their dwelling, dwelling extension, other structures, personal property/contents, and/or for additional living expenses/loss of use, and/or for all other relief provided by the policy and/or in paying an appropriate amount of such damage(s) after satisfactory proof of loss. Additionally, it has been more than 60 days (or at least 30 days) since satisfactory proofs of loss were submitted and more than 60 days (or at least 30 days) since an inspection was made or should have been made. Accordingly, in that event, Plaintiffs are entitled to recover from insurer under La. R.S. 22:1220 and/or La. R.S. 22:658 damages, penalties, attorney fees, costs and/or any other relief set forth therein.

### XXX.

Plaintiffs request trial by jury. The amount in controversy exceeds the amount required for a trial by jury.

### XXXI.

**WHEREFORE,** Plaintiffs pray that after appropriate legal delays and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendant for the full face value stated in the homeowner's policy or other fire insurance or other policy, issued by Defendant insurer to Plaintiffs for coverage for dwelling, dwelling extension and other structures, without deduction or offset, pursuant to La. R.S. 22:695; that there be judgment in favor of Plaintiffs for the full face value stated in the homeowner's policy or other fire insurance or other policy, issued by Defendant to Plaintiffs for coverage for personal property/contents, without deduction or offset, pursuant to La. R.S. 22:667; that there be judgment in favor of Plaintiffs for the full face value stated in said policy for coverage of additional living expenses/loss of use; that, in the alternative, there be judgment in favor of Plaintiffs and against Defendant herein for just and

9

reasonable damages provided under the homeowners' policy issued by Defendant to Plaintiffs

herein, for all damages to Plaintiffs' dwelling, dwelling extensions, other structures, personal

property/contents, additional living expenses/loss of use and/or all relief provided by said policy;

that Plaintiffs be granted all relief provided by the provisions of La. R.S. 22:1220 and/or La. R.S.

22:658; that there be trial by jury;  that Plaintiffs recover interest from the date of judicial

demand; that Plaintiffs recover all costs of these proceedings; and for all general and equitable

relief.

Respectfully submitted,

DANIEL E. BECNEL, JR.

BECNEL LAW FIRM, L.L.C.
106 W. Seventh Street
Post Office Drawer H
Reserve, LA  70084
Telephone:     (985) 536-1186
Facsimile:      (985) 536-6445
dbecnel@becnellaw.com

BY:

DANIEL E. BECNEL, JR. LA. #2926

| | | | | |
|---|---|---|---|---|
| ALLSTATE | 15856643 | ROY | | LABORDE SR. |
| ALLSTATE | 15856643 | ROY | | LABORDE SR. |
| ALLSTATE | 15767271 | INEZ | | LAHOSTE |
| ALLSTATE | 915480181 | CECILY | L | LAMBERT |
| ALLSTATE | 1805815303 | ZANOBIA | | LAMPTON |
| ALLSTATE | 1805815303 | JAMES | E | LAMPTON |
| ALLSTATE | 5113696186 | ZANOBIA | | LAMPTON |
| ALLSTATE | 15427940 | ELLA | R | LANDREAUX |
| ALLSTATE | 1-80-232842-5 | BEVERLY | | LANDRY |
| ALLSTATE | 15767271 | JOSEPH | | LATROSTE |
| ALLSTATE | 95510507 | OCTAVIA | | LAVIGNE |
| ALLSTATE | 95510507 | THOMAS | J | LAVIGNE |
| ALLSTATE | 95510507 | THOMAS | | LAVIGNE JR. |
| ALLSTATE | 15974771 | HAROLD | | LEE |
| ALLSTATE | 15974771 | HAROLD | | LEE |
| ALLSTATE | 45717078 | NETTIE | M | LEE |
| ALLSTATE | 803395057 | ELAINE | A | LEE |
| ALLSTATE | 803395057 | ELAINE | A | LEE |
| ALLSTATE | 5115526690 | RAYMOND | E | LEE |
| ALLSTATE | 5115526690 | RAYMOND | E | LEE |
| ALLSTATE | 0-80-612757-7 | KATHERYN | L | LEE |
| ALLSTATE | 0-80-612757-7 | KATHERYN | L | LEE |
| ALLSTATE | 15794246 | RUTH | A | LEFORT |
| ALLSTATE | 15794246 | RUTH | A | LEFORT |
| ALLSTATE | 80930686 | RUTH | A | LEFORT |
| ALLSTATE | 80930686 | RUTH | A | LEFORT |
| ALLSTATE | 45483205 | ALEX | L | LEGAUX |
| ALLSTATE | 085996515   07/17 | LINDA | M | LEON |
| ALLSTATE | 110004528 | MARGIE | | LESLIE |
| ALLSTATE | 1101004528 | JIMMIE | | LESLIE |
| ALLSTATE | 1802139152 | MARGIE | | LESLIE |
| ALLSTATE | 1802139152 | JIMMIE | | LESLIE |
| ALLSTATE | 806335139 | ROBERT | W | LEVY |
| ALLSTATE | 31193864 | MATTIE | E | LEWIS |
| ALLSTATE | 80939677 | EVELYN | | LEWIS |
| ALLSTATE | 80939677 | EVELYN | | LEWIS |
| ALLSTATE | 88510135 | CLYDE | N | LEWIS |
| ALLSTATE | 180413413 | FERNANDO | L | LEWIS |
| ALLSTATE | 808610135 | CAMILLIA | | LEWIS |
| ALLSTATE | 808037253 | HERMINE | B | LEWIS |
| ALLSTATE | 159810880727 | HENRY | | LEWIS |
| ALLSTATE | 159810880727 | HENRY | | LEWIS |
| ALLSTATE | 159810880727 | THERESA | A | LEWIS |
| ALLSTATE | 159810880727 | THERESA | A | LEWIS |
| ALLSTATE | 456733060930 | WILLIAM | | LEWIS |
| ALLSTATE | 0456733060930 | WILLIAM | | LEWIS |
| ALLSTATE | 9153876607/12 | REGINA | M | LIMA |
| ALLSTATE | 9153876680 7/12 | REGINA | M | LIMA |
| ALLSTATE | 1080-436113-20 | HONESTI | N | LINDSEY |
| ALLSTATE | 45453099 | PATRICIA | M | LIVAS |
| ALLSTATE | 621182467 | ERNESTINA | | LOCICERO |
| ALLSTATE | 621182467 | ERNESTINA | | LOCICERO |
| ALLSTATE | 000000621182467 | ERNESTINA | A | LOCICERO |
| ALLSTATE | 000000621182467 | CALVIN | J | LOCICERO |
| ALLSTATE | 000000621182467 | CALVIN | J | LOCICERO |
| ALLSTATE | 1803249091 | ERNESTINA | | LOCICERO |
| ALLSTATE | 1803249091 | ERNESTINA | | LOCICERO |
| ALLSTATE | 1803249091 | ERNESTINA | A | LOCICERO |
| ALLSTATE | 1803249091 | CALVIN | J | LOCICERO |
| ALLSTATE | 1803249091 | CALVIN | J | LOCICERO |
| ALLSTATE | 45294000 | GREGORY | | LOMAX |
| ALLSTATE | 804701225 | GREGORY | | LOMAX |
| ALLSTATE | 804701225 | CANDICE | A | LOMAX |
| ALLSTATE | 45301423 | LEONARD | | LOUIS |
| ALLSTATE | 45301423 | LYNITA | | LOUIS |
| ALLSTATE | 045301423 | LEONARD | | LOUIS |
| ALLSTATE | 457753330 | BARBARA | | LOVE |
| ALLSTATE | 000000004573331B | SHIRLEY | N | LUCAS |
| ALLSTATE | 000000004573331B | SHIRLEY | N | LUCAS |
| ALLSTATE | 1502276768 | JEANETTE | M | LUGINEE |
| ALLSTATE | 1534718 | BETTY | | LUNDY |
| ALLSTATE | 1534718 | BETTY | | LUNDY |
| ALLSTATE | 15100520 | BETTY | | LUNDY |
| ALLSTATE | 15100520 | BETTY | | LUNDY |
| ALLSTATE | 15834718 | BETTY | | LUNDY |
| ALLSTATE | 15834718 | BETTY | | LUNDY |
| ALLSTATE | 910505196 | BEATRICE | | LYONS |
| ALLSTATE | 91046230 | ERNEST | | LYONS, JR |
| ALLSTATE | 91046230 | ERNEST | | LYONS, JR |
| ALLSTATE | 45975977-07/28 | FABIOLA | | MACKLIN |
| ALLSTATE | 45902798 | SONIA | A | MAGEE |
| ALLSTATE | 0800716938 | SONIA | A | MAGEE |
| ALLSTATE | 15824036 | SANDRA | | MALDONADO |
| ALLSTATE | 809096365 | SANDRA | | MALDONADO |