THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| JERALD M. ALEXANDER SR., ET AL. | CIVIL ACTION NO. 07-cv-04538 |
| VERSUS | JURY TRIAL DEMANDED |
| AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, ET AL. | JUDGE STANWOOD DUVAL |

FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Jerald M. Alexander, et al., who are all persons of the full age of majority, domiciled in the State of Louisiana and who are residents of Parishes within this Judicial District, who respectfully submit the instant First Amended Complaint, and who further allege that no answer has been filed by any Defendants. Moreover, this First Amended Complaint shall replace, *in* toto, the original Complaint filed in this action:

**I.**

This is an action for damages suffered by plaintiffs as a result of defendants' breach of insurance contract and breach of its statutory duty of good faith and fair dealings, in failing to adequately compensate plaintiffs for damages which occurred to or on their insured properties on or about August 29, 2005 as a result of Hurricane Katrina.

**EXHIBIT "B"**

**II.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction).   The amount in controversy exceeds $75,000.00 exclusive of interest and costs. There is complete diversity of citizenship between the plaintiffs and the defendants.   The plaintiffs are Louisiana residents and the defendants are all foreign insurers authorized to do and doing business in the State of Louisiana.

**III.**

Venue is proper in this judicial district as to each listed Plaintiff pursuant to 28 U.S.C. 1391(a), because the property which was damaged or destroyed for which Plaintiffs are suing to recover damages, are all located in this District and defendants marketed and entered into contracts with the Plaintiffs in this District and issued and delivered policies of insurances insuring property situated in this judicial district.

**IV.**

Defendants are the issuers and deliverers of insurance contracts.  Made Defendants are:

See attached Exhibit A1

**V.**

At all relevant times herein, Defendants had in full force and effect a homeowner's or other fire insurance policy or other policy of insurance ("homeowner's") in favor of the Plaintiffs listed herein, which provided coverage for claims of the nature asserted herein by the Plaintiffs. In particular, under its policy of insurance, insurer agreed to pay for damages or losses to Plaintiffs' dwelling, dwelling extension, personal property/contents, other structures, for

additional living expenses/loss of use and for all other relief provided by the policy as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law.

## VI.

Made plaintiffs herein are the following persons, who are all of the full age of majority, who, at all material times hereto, were domiciled in the State of Louisiana, and in Parishes situated in this judicial district and on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by defendant located in this judicial district:  See exhibits A.

## VII.

Plaintiffs allege that the loss of their dwellings, dwelling extensions, other structures and/or personal property/contents was caused, in whole or in part, by perils covered by the homeowner's policy of insurance issued by Defendant herein to Plaintiffs herein.

## VIII.

Furthermore, Plaintiffs sustained damages or losses in Louisiana to their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy; confected their homeowner's contract with the insurer in Louisiana; and seek damages pursuant to Louisiana's

laws, including, but not limited to, La. R.S. 22:695(A), Louisiana's Valued Policy Law (VPL), which provides:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

## IX.

Additionally, as a result of the hurricane-force winds of Katrina (the efficient proximate cause), the Plaintiffs sustained a substantial or total loss to their immovable property, personal property/contents and all improvements thereon such that the value of the losses exceeded the policy limits of the coverage.  Therefore, Plaintiffs are entitled to the policy limits with regard to all coverage, including, but not limited to, dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy.

## X.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 4 hurricane bearing sustained winds of 140 miles per hour and wind gusts of 155 miles per hour.

4

### XI.

The insured's immovable property and all improvements thereon owned by the Plaintiffs listed herein sustained a covered loss or damage under the policy issued by their respective insurer.

### XII.

Plaintiffs' insured immovable property and all improvements thereon sustained damages from hurricane related wind, which is a covered peril under the policy issued by Defendant.

### XIII.

As a result of Hurricane Katrina, Plaintiffs sustained substantial damage to their immovable property rendering it either a substantial or a "total loss."

### XIV.

Defendant insurers placed a valuation upon the insured immovable property owned by Plaintiffs.

### XV.

Defendant insurers used each such valuation for the purpose of determining the premium charges to be made under the policy insuring the Plaintiffs' immovable property.

### XVI.

The homeowner's or other fire insurance policy or other policies of insurance, and any application therefor issued by insurer to the Plaintiffs above did not set forth in type of equal

5

size a different method of loss computation in the event of total loss as permitted by La. R.S.

22:695(A).

## XVII.

Accordingly, Plaintiffs are entitled to recover the full face value stated in the

homeowner's or other fire insurance policy insuring their covered immovable property and other

structures without deduction or offset pursuant to La. R.S. 22:695(A).

## XVIII.

In the alternative, if the court finds that La. R.S. 22:695(A) does not apply to the

immovable dwelling, dwelling extension and other structures owned by the Plaintiffs above, then

Plaintiffs aver that insurer failed to properly adjust and/or appraise their dwelling, dwelling

extension and other structures damaged as a result of Hurricane Katrina and that additional

money is owed to Plaintiffs for the damages to the dwelling, dwelling extension and other

structures pursuant to the Plaintiffs' homeowner's policy of insurance.

## XIX.

Additionally, Plaintiffs aver that they suffered losses to their personal property/contents,

that said personal property/contents was damaged or destroyed by Hurricane Katrina, and that

said damages have rendered plaintiffs' personal property/contents a total loss.  Further, Plaintiffs

dispute that insurers have fully compensated them for their personal property/contents coverage

pursuant to their homeowner's coverage and claim that additional money is owed to them for

their personal property/contents damaged or destroyed by Hurricane Katrina.

## XX.

The homeowner's policy of insurance issued by Defendant to Plaintiffs herein included coverage for Plaintiffs' personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Plaintiffs' covered personal property/contents which was used for purposes of determining the premium charges to be made under said policy to Plaintiffs.

## XXI.

Neither the homeowner's policy issued by Defendant herein to Plaintiffs herein, nor any application therefor, set forth in type of prominent size a different method to be used in the computation of Plaintiffs' loss of personal property/contents, as set forth in La. R.S. 22:667. Accordingly, Plaintiffs herein are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Plaintiffs for coverage of their personal property/contents pursuant to the provisions of La. R.S. 22:667.

## XXII.

Additionally, Plaintiffs dispute that insurer has fully compensated them under their additional living expenses/loss of use coverage and claim that they are owed additional living expenses/loss of use.

## XXIII.

Additionally, Plaintiffs dispute that insurer has fully compensated them for all other relief provided by the policy and claim that they are owed all other relief provided by their policy.

7

### XXIV.

Additionally, Plaintiffs allege that the efficient proximate cause of the damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, additional living expenses/loss of use and/or all other relief provided by the policy, were the severe winds of Hurricane Katrina and that the anti-concurrent cause clause provision used by insurer to deny the numerous claims of the Plaintiffs is in violation of the efficient proximate cause rule and is vague and ambiguous, rendering insurers liable to the Plaintiffs for damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, for additional living expenses/loss of use, and/or for all other relief provided by the insurer's policy.

### XXV.

The flooding entering the City of New Orleans and surrounding parishes resulted from breaches in and failure of the levees/canals and/or levee/canal walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of acts of negligence in the design, construction and maintenance of said levees/canals and levee/canal walls.

### XXVI.

The breaking or failure of the levee/canal systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Complainant herein, in contrast to other policies available in the market, and neither falls within the regular definition of "flood" nor within any of the said insurance policy's exclusions of "flood".

### XXVII.

Defendant negligently, recklessly and/or intentionally ignored clear evidence that wind and wind-driven rain caused severe damage to Plaintiffs' covered property prior to any flooding.

### XXVIII.

Defendant recklessly disregarded its duty to deal fairly with Plaintiffs and act in good faith.

### XXIX.

Upon information and belief, and out of an abundance of caution, Plaintiffs further allege that insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, and/or for additional living expenses/loss of use, and/or for all other relief provided by the policy and/or in paying an appropriate amount of such damage(s) after satisfactory proof of loss.  Additionally, it has been more than 60 days (or at least 30 days) since satisfactory proofs of loss were submitted and more than 60 days (or at least 30 days) since an inspection was made or should have been made.  Accordingly, in that event, Plaintiffs are entitled to recover from insurer under La. R.S. 22:1220 and/or La. R.S. 22:658 damages, penalties, attorney fees, costs and/or any other relief set forth therein.

### XXX.

Plaintiffs request trial by jury.  The amount in controversy exceeds the amount required for a trial by jury.

## XXXI.

**WHEREFORE,** Plaintiffs pray that after appropriate legal delays and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendant for the full face value stated in the homeowner's policy or other fire insurance or other policy, issued by Defendant insurer to Plaintiffs for coverage for dwelling, dwelling extension and other structures, without deduction or offset, pursuant to La. R.S. 22:695; that there be judgment in favor of Plaintiffs for the full face value stated in the homeowner's policy or other fire insurance or other policy, issued by Defendant to Plaintiffs for coverage for personal property/contents, without deduction or offset, pursuant to La. R.S. 22:667; that there be judgment in favor of Plaintiffs for the full face value stated in said policy for coverage of additional living expenses/loss of use; that, in the alternative, there be judgment in favor of Plaintiffs and against Defendant herein for just and reasonable damages provided under the homeowners' policy issued by Defendant to Plaintiffs herein, for all damages to Plaintiffs' dwelling, dwelling extensions, other structures, personal property/contents, additional living expenses/loss of use and/or all relief provided by said policy; that Plaintiffs be granted all relief provided by the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658; that there be trial by jury; that Plaintiffs recover interest from the date of judicial demand; that Plaintiffs recover all costs of these proceedings; and for all general and equitable relief.

Respectfully submitted,

BECNEL LAW FIRM, L.L.C.
106 W. Seventh Street
Post Office Drawer H
Reserve, LA  70084
Telephone:     (985) 536-1186
Facsimile:     (985) 536-6445
dbecnel@becnellaw.com


BY:  /S/ Kevin P. Klibert_____


KEVIN P. KLIBERT LA. #26954
DANIEL E. BECNEL, JR. LA. #2926 (T.C.)

### Exhibit A1

1. Automobile Club Inter-Insurance Exchange, domiciled in the State of Missouri, with its principle place of business in Missouri, which has appointed the Louisiana Secretary of State as its agent for service of process;

2. Automobile Club Family Insurance Company, domicile and principal place of business unknown, but upon information and belief are a foreign insurer, domiciled in a state other than Louisiana, but which has appointed the Louisiana Secretary of State as its agent for service of process;

3. Allstate Indemnity Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

4. Allstate Insurance Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

5. Balboa Insurance Company, a foreign insurer with its domicile and principle place of business in California, which has appointed the Louisiana Secretary of State as its agent for service of process;

6. Farmers Insurance Exchange, a foreign insurer with its domicile and principle place of business in California, which has appointed the Louisiana Secretary of State as its agent for service of process;

7. Fidelity National Insurance Company, a foreign insurer with its domicile and principle place of business in Florida, which has appointed the Louisiana Secretary of State as its agent for service of process;

8.  Fidelity National Property and Casualty Insurance Company, a foreign insurer with its domicile and principle place of business in Florida, which has appointed the Louisiana Secretary of State as its agent for service of process;

9.  The Hanover Insurance Company, a foreign insurer with its domicile and principle place of business in Massachusetts, which has appointed the Louisiana Secretary of State as its agent for service of process;

10. Hartford Insurance Company of the Midwest, a foreign insurer with its domicile and principle place of business in Connecticut, which has appointed the Louisiana Secretary of State as its agent for service of process;

11. Horace Mann Insurance Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

12. Teachers Insurance Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

13. Lexington Insurance Company, a foreign insurer with its domicile and principle place of business in Massachusetts, which has appointed the Louisiana Secretary of State as its agent for service of process;

14. Liberty Mutual Fire Insurance Company, a foreign insurer with its domicile and principle place of business in Massachusetts, which has appointed the Louisiana Secretary of State as its agent for service of process;

2

15. Maryland Casualty Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

16. Massachusetts Bay Insurance Company, a foreign insurer with its domicile and principle place of business in Massachusetts, which has appointed the Louisiana Secretary of State as its agent for service of process;

17. Hanover Insurance Group, upon information and belief, a foreign insurer, with its domicile and principle place of business in state other than Louisiana but which has appointed the Louisiana Secretary of State as its agent for service of process;

18. Metlife Auto and Home, a foreign insurer with its domicile and principle place of business in Rhode Island, which has appointed the Louisiana Secretary of State as its agent for service of process;

19. Metropolitan Property and Casualty Insurance Company, a foreign insurer with its domicile and principle place of business in Pennsylvania, which has appointed the Louisiana Secretary of State as its agent for service of process;

20. National Fire & Indemnity Exchange, a foreign insurer with its domicile and principle place of business in Michigan, which has appointed the Louisiana Secretary of State as its agent for service of process;

21. National Lloyd's Insurance Company, a foreign insurer with its domicile and principle place of business in Texas, which has appointed the Louisiana Secretary of State as its agent for service of process;

22. Republic Fire and Casualty Insurance Company, a foreign insurer with its domicile and principle place of business in Texas, which has appointed the Louisiana Secretary of State as its agent for service of process;

23. Safeco Insurance Company of America, a foreign insurer with its domicile and principle place of business in Washington, which has appointed the Louisiana Secretary of State as its agent for service of process;

24. General Insurance Company of America, a foreign insurer with its domicile and principle place of business in Washington, which has appointed the Louisiana Secretary of State as its agent for service of process;

25. Scottsdale Insurance Company, a foreign insurer with its domicile and principle place of business in Arizona, which has appointed the Louisiana Secretary of State as its agent for service of process;

26. Southwest Business Corporation, a foreign insurer with its domicile and principle place of business in Texas, which has appointed the Louisiana Secretary of State as its agent for service of process;

27. Lloyd's of London, a foreign insurer, which upon information and belief is domiciled with its principle place of business in a state other than Louisiana, which has appointed the Louisiana Secretary of State as its agent for service of process;

28. State Farm Fire and Casualty Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

4

29. State Farm Insurance Company, a foreign insurer with its domicile and principle place of business in Illinois, which has appointed the Louisiana Secretary of State as its agent for service of process;

30. The Travelers Indemnity Company, a foreign insurer with its domicile and principle place of business in Connecticut, which has appointed the Louisiana Secretary of State as its agent for service of process;

31. Standard Fire Insurance Company, a foreign insurer with its domicile and principle place of business in Connecticut, which has appointed the Louisiana Secretary of State as its agent for service of process;

32. United Fire and Indemnity Company, which upon information and belief, is a foreign insurer with its domicile and principle place of business in a state other than Louisiana, which has appointed the Louisiana Secretary of State as its agent for service of process;

33. United Fire and Casualty Company, a foreign insurer with its domicile and principle place of business in Iowa, which has appointed the Louisiana Secretary of State as its agent for service of process;

34. United Services Automobile Association, a foreign insurer with its domicile and principle place of business in Texas, which has appointed the Louisiana Secretary of State as its agent for service of process.

<u>Exhibit A</u>

**<u>Made Plaintiffs against Automobile Club Family Insurance Company are:</u>**

1. Toni E. Bazer whose property located at 110 22nd Street, New Orleans, Louisiana,
   70124, was covered by Automobile Club Family Insurance Company
   homeowners policy number P1-2846571 at the time it sustained extensive damage
   from wind and wind-driven rain due to Hurricane Katrina which made land fall on
   Louisiana on August 29, 2005.

2. Carole C. Chevalier whose property located at 6101 Cartier Ave, New Orleans
   Louisiana, 70122 was covered by Automobile Club Family Insurance Company
   homeowners policy number P2-273910-1 at the time it sustained extensive
   damage from wind and wind-driven rain due to Hurricane Katrina which made
   land fall on Louisiana on August 29, 2005.

3. Laura Dent whose property located at 1354 Mandolin St., New Orleans,
   Louisiana, 70122 was covered by Automobile Club Family Insurance Company
   homeowners policy number P3-284656-1 at the time it sustained extensive
   damage from wind and wind-driven rain due to Hurricane Katrina which made
   land fall on Louisiana on August 29, 2005.

4. Tiffany and Lonzo M. Hamilton, whose property located at 2756 Prentiss Ave,
   New Orleans, Louisiana, 70122, was covered by Automobile Club Family
   Insurance Company homeowners policy number P2-380804-1 at the time it
   sustained extensive damage from wind and wind-driven rain due to Hurricane
   Katrina which made land fall on Louisiana on August 29, 2005.

5.  Debra Mercandel whose property located at 8830 Morrison Road, New Orleans, Louisiana, 70127, was covered by Automobile Club Family Insurance Company homeowners policy number P8-124751-1, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

**Made Plaintiffs against Automobile Club Inter-Insurance Exchange is:**

6.  Bessie McKnight whose property located at 4742 Chrysler Street, New Orleans, Louisiana, 70127, was covered by Automobile Club Inter-Insurance Exchange homeowners policy number A85152891, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

**Made Plaintiffs against Allstate Indemnity Company are:**

7.  Easter and Eugene Blackman whose property located at 4555 Paris Ave., New Orleans, Louisiana, 70122, was covered by Allstate Indemnity Company homeowners policy number 915401475, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

8.  Robert and Leslie Bridgewater and whose property located at 6550 Canal Blvd., New Orleans, Louisiana, 70124, was covered by Allstate Indemnity Company homeowners policy number 910144871, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

9.  Jennifer George Collins, (W/O Fredrick W. Collins) whose property located at
    7327 Weaver St., New Orleans, 70127, was covered by Allstate Indemnity
    Company homeowners policy number 045532110, at the time it sustained
    extensive damage from wind and wind-driven rain due to Hurricane Katrina
    which made land fall on Louisiana on August 29, 2005.

10. Priscilla Foster, and whose property located at 5621 Edenboro Road, New
    Orleans, Louisiana, 70127, was covered by Allstate Indemnity Company
    homeowners policy number 915615316, at the time it sustained extensive damage
    from wind and wind-driven rain due to Hurricane Katrina which made land fall on
    Louisiana on August 29, 2005.

11. Allen and Christie Gerlinger whose property located at 220 Reiss Place,
    Chalmette, Louisiana, 70043, was covered by Allstate Indemnity Company
    homeowners policy number 915495685, at the time it sustained extensive damage
    from wind and wind-driven rain due to Hurricane Katrina which made land fall on
    Louisiana on August 29, 2005.

12. Felice and Fredrick Hill whose property located at 7232 E. Tamaron Blvd., New
    Orleans, Louisiana, 70128, was covered by Allstate Indemnity Company
    homeowners policy number 915805036, at the time it sustained extensive damage
    from wind and wind-driven rain due to Hurricane Katrina which made land fall on
    Louisiana on August 29, 2005.

13. Chatman and Helena Johnson, III, whose property located at 10110 Rosewood
    Place, New Orleans, Louisiana, 70127, was covered by Allstate Indemnity
    Company homeowners policy number 910659657, at the time it sustained

extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

14. Mary Sanchez whose property located at 308 Sable Drive, Arabi, Louisiana, was covered by Allstate Indemnity Company homeowners policy number 910090734, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

15. Sheila Valentine whose property located at 59 Curtis Drive, New Orleans, Louisiana, 70119 was covered by Allstate Indemnity Company homeowners policy number 0910243543, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005

**Made Plaintiffs against Allstate Insurance Company are:**

16. Robin Phillips Bevins  and whose property located at 8414-16 Panola Street, New Orleans, Louisiana, 70118, was covered by Allstate Insurance Company homeowners policy number 031410489, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

17. Lena Buckels Bradford whose property located at 7620 Dune Dr., New Orleans, Louisiana, 70128, was covered by Allstate Insurance Company homeowners policy number 021916070, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

18. Henry and Bridget Brooks whose property located at 7820 and 7822 Shurbert Dr., New Orleans, Louisiana, 70126, was covered by Allstate Insurance homeowners policy number 031445108, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

19. Arthur W. Christophe whose property located at 5733 Eads St., New Orleans, Louisiana, 70122, was covered by Allstate Insurance homeowners policy number 086588227, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

20. Dorothy Cordier whose property located at 5222 Lafaye St., New Orleans, Louisiana, 70122, was covered by Allstate Insurance homeowners policy number 095553279, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

21. Carolyn M. Davis whose property located at 14 Brownlee Ct., New Orleans, Louisiana, 70128, was covered by Allstate Insurance homeowners policy number 015329780, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

22. Sylvia M. Duronslet whose property located at 1946 Pelopidas, New Orleans, Louisiana, 70122, was covered by Allstate Insurance homeowners policy number 045403771, at the time it sustained extensive damage from wind and wind-driven

rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

23. Milton Duckert, Jr. whose property located at 3208 Decomine St., Chalmette, Louisiana, 70043, was covered by Allstate Insurance homeowners policy number 045836964, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

24. Joseph Farve Sr. whose property located at 4942 Camelia St., New Orleans, Louisiana, 70126, was covered by Allstate Insurance homeowners policy number 045962302, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

25. Emile and Beverly Flauss whose property located at 6744 Manchester St., New Orleans, Louisiana, was covered by Allstate Insurance Company homeowners policy number 000000045929457, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

26. Eldrean Gathright, whose property located at 5452 N. Ramport St., New Orleans, Louisiana, 70117, was covered by Allstate Insurance Company homeowners policy number 910622095, at the time it sustained extensive damage from wind and wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on August 29, 2005.

27. Kevin and Katherine Goertz whose property located at 4956 Venus Street, New
Orleans, Louisiana, 70122, was covered by Allstate Insurance Company
homeowners policy number 045401140, at the time it sustained extensive damage
from wind and wind-driven rain due to Hurricane Katrina which made land fall on
Louisiana on August 29, 2005.

28. Audrey Thornton Holloway and Sharon Marie Holloway whose property located
at 4531 Viola Street, New Orleans, Louisiana, 70126, was covered by Allstate
Insurance Company homeowners policy number 045458698, at the time it
sustained extensive damage from wind and wind-driven rain due to Hurricane
Katrina which made land fall on Louisiana on August 29, 2005.

29. Jean C. Kennedy whose property located at 4751 St. Bernard Ave., New
Orleans, Louisiana, 70122, was covered by Allstate Insurance homeowners policy
number 045246268, at the time it sustained extensive damage from wind and
wind-driven rain due to Hurricane Katrina which made land fall on Louisiana on
August 29, 2005.

30. Marilyn R. Merridth whose property located at 2425-27 St. Bernard Ave., New
Orleans, Louisiana, 70119, was covered by Allstate Insurance Company
homeowners policy number 45963334, at the time it sustained extensive damage
from wind and wind-driven rain due to Hurricane Katrina which made land fall on
Louisiana on August 29, 2005.

31. Patricia and Rodney Simon whose property located at 1935 Lamanche, New
Orleans, Louisiana, 70117, was covered by Allstate Insurance Company
homeowners policy number 015807988, at the time it sustained extensive damage