UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                   CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO:  INSURANCE                         SECTION "K"(2)
       Hurricane Legal Center
       Mass Joinder Cases

       **Acevedo**, 07-5208

## ORDER

A Motion to Sever (Doc. 16176) was filed by defendants, Allstate Insurance Company, American National Property and Casualty Insurance Company ("ANPAC"), American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Harleysville Mutual Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, USAA General Indemnity Company, and Waterstreet Insurance Company ("Defendants") and a Joinder in Motion to Sever (Doc. 16324) was filed by St. Paul Travelers, Travelers, and Travelers Insurance ("Standard Fire") (collectively "WYO Carriers").  In this motion, Defendants and Standard Fire appear as Write-Your-Own ("WYO") Program carriers participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.* ("NFIA") .

The captioned case was filed by the Hurricane Legal Center on behalf of innumerable plaintiffs (collectively "Plaintiffs") and consolidated with the *In re Katrina Canal Breaches Consolidated Litigation*, Civ. A. No. 05-4182.  Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008), and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken.

The WYO Carriers have filed a Motion to Sever (Rec. Doc. 16406).  This motion seeks to sever all claims filed against the WYO Carriers and require that individual suits be filed by each plaintiff insurance claimant.  No opposition has been filed.  Therefore, this Court will grant the motion to sever, and order that any claims must be filed separately in a manner consistent with prior orders by this Court and by Magistrate Judge Joseph Wilkinson in the management of this consolidated litigation.  Accordingly,

**IT IS ORDERED** that Motion to Sever (Doc. 16176)  filed by defendants, Allstate Insurance Company, American National Property and Casualty Insurance Company ("ANPAC"), American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Harleysville Mutual Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, USAA General Indemnity Company, and Waterstreet

Insurance Company ("Defendants") and a Joinder in Motion to Sever (Doc. 16324) filed by St. Paul Travelers, Travelers, and Travelers Insurance ("Standard Fire") are **GRANTED**.

**IT IS FURTHER ORDERED** that the settlement evaluation process provided in the Post-Sher Insurance Umbrella Case Management Order, Rec. Doc. 13521, in the above-referenced mass joinder case filed against Allstate Insurance Company, American National Property and Casualty Insurance Company ("ANPAC"), American Reliable Insurance Company, American Bankers Insurance Company of Florida, Audubon Insurance Company, Farmers Insurance Company, Farm Bureau Insurance Company, Fidelity National Insurance Company, Fidelity National Property and Casualty Insurance Company, First Community Insurance Company, Harleysville Mutual Insurance Company, Hartford Fire Insurance Company, Imperial Fire and Casualty Insurance Company, Liberty Mutual Fire Insurance Company, USAA General Indemnity Company, Waterstreet Insurance Company, St. Paul Travelers, Travelers, and Travelers Insurance, in their capacity as WYO Carriers, is **TERMINATED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' counsel must, **no later than January 30, 2009**, file an individualized amended complaint for each Plaintiff or set of related Plaintiffs asserting claims as to particular property allegedly insured by each WYO Carrier. This pleading shall be filed with the Clerk of Court on paper, not electronically. The caption of the amended complaint must contain only the Plaintiff(s) and WYO Carrier that are the subject of that specific claim. It shall also be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order. Counsel for plaintiffs must also provide the Clerk of Court with a prepared summons for each amended complaint.

Upon filing, the Clerk will assign a new docket number and will allot the case at random among the judges of the court. All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

The newly filed cases will proceed separately and will not be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K" (2), so that they may proceed to resolution independently.

Any claims not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice. Specifically, by separate order on or after **February 2, 2009**, this Court will dismiss the cases specifically referenced above, so that the newly filed severed cases may proceed.

New Orleans, Louisiana, this ___13th___ day of January, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**