UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>**Hurricane Legal Center Mass Joinder Cases**<br>Anderson 07-6737<br>R. Adams 07-4459<br>Aguda 07-4457<br>Allen-Perkins 07-5204<br>D.Adams 07-5206 | SECTION "K" (2) |

**STATE FARM'S MEMORANDUM IN SUPPORT OF APPEAL OF
MAGISTRATE JUDGE'S ORDER DENYING ITS RULE 59 MOTION TO
ALTER OR AMEND SEVERANCE ORDER AND/OR MOTION TO CLARIFY**

**MAY IT PLEASE THE COURT,** in support of its Appeal of Magistrate Judge Wilkinson's Order denying its Rule 59 Motion to Alter or Amend Severance Order, defendant, State Farm Fire and Casualty Company ("State Farm"), respectfully avers as follows:

**I.    INTRODUCTION**

On August 11, 2008, this Court, in response to requests made by the Hurricane Legal Center ("HLC") on behalf of plaintiffs in the above-captioned cases, ruled that the HLC plaintiffs would be *bound by their original complaints and denied the opportunity "to recast the claims of all of the hundreds of plaintiffs as being 'caused by wind and wind driven rain alone' which is in direct contravention of the judicial admissions made in the original complaints…."* Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re*

{N0161967}                                                1

*Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc. No. 14402] (E.D. La. August 11, 2008). Nevertheless, in response to Magistrate Wilkinson's December 30, 2008 Order severing the above-captioned plaintiffs' misjoined claims and ordering the HLC to file individual complaints for each property claim (Rec. Doc. 16868) ("Severance Order"), the HLC advised State Farm that it intends to alter the substance of the original complaints when it files over three hundred individual complaints as required in the Severance Order. The HLC supplied State Farm with an exemplar Severed Complaint. *See* Exhibit A, Exemplar HLC Amended Complaint.

As evidenced by the attached exemplar amended complaint, the HLC intends to remove the allegations that the property was substantially damaged by flood. The HLC will effectively use the occasion of the Severance Order to circumvent the ruling of this Court denying leave to file amended complaints that would have asserted claims contradictory to the judicial admissions in their existing complaints. *See* Exhibit A, Exemplar HLC Amended Complaint. The HLC should not be permitted to use the Severance Order, necessitated by their own misjoinder, as a mechanism to contradict the facts and legal theories pled in the original complaints and to avoid the "law of the case."

It is clear, in State Farm's view, that Judge Wilkinson's Severance Order requires the HLC to re-assert the same causes of action initially asserted on behalf of the mass, but this time, on behalf of each individual insured. In the interest of judicial efficiency and in an effort to save the parties from bearing the costs associated with litigating 305 individual motions raising this issue on 305 severed complaints, State Farm and the HLC agreed that it would be beneficial to pose the issue to Magistrate Wilkinson while the case is still within the jurisdiction of this court.

On January 7, 2009, State Farm thus filed a motion which requested that Judge Wilkinson amend or clarify his Severance Order to specifically address the impropriety of substantive changes to the amended complaints filed pursuant to said Order.  Rec. Doc. No. 16985.  State Farm's arguments in support of the motion were two-fold: (1) modification of the substance of the HLC plaintiffs' claims improperly exceeds the bounds of the Severance Order; and (2) the HLC plaintiffs may not utilize the Severance Order as a back door to obtain relief previously denied by this Court.  Judge Wilkinson denied State Farm's motion on January 8, 2009.  Rec. Doc. No. 17022.

State Farm respectfully suggests that Judge Wilkinson misinterpreted the relief sought in State Farm's motion.  Accordingly, State Farm respectfully requests that this Court issue an Order of clarification or in the alternative, rule that the Severance Order is clear but provide written reasons stating that the Severance Order issued in these cases in no way grants the HLC leave of court to amend the causes of action as initially asserted.  While it is understandable that State Farm's motion may cause some pause, particularly since identical severance orders are issued throughout the Eastern District of Louisiana and the issues presented herein are not commonplace, clarification in any form is necessary to prevent the injustice which will undoubtedly ensue should the HLC be permitted to proceed as it intends. Indeed, no claimant has utilized any of the many prior identical severance orders issued by this Court in the consolidated litigation to file severed complaints with substantially different allegations – presumably because the severance orders clearly do not allow for it.  Surely there is tremendous judicial efficiency in having this Court address this issue in a single order rather than the alternative - imposing upon the various courts in which these cases will land the task of adjudicating 305 individual motions challenging the new pleadings.

## II.     ARGUMENT

### A.     State Farm Simply Requests Clarification In Any Form

Judge Wilkinson's written reasons denying State Farm's Motion to Alter or Amend and/or Clarify the Severance Order state that:

> The motion requires no clarification. This is a severance order. It relates only to misjoinder and the proper separation of plaintiffs, defendants, properties and particular insurance policies into appropriate complaints. It does not address or relate to possible Rule 12(b) or other defenses. In my view, Judge Duval ultimately rejected the argument State Farm makes in this motion. Record Doc. No. 14402 at pp. 2-3. Defendant's argument certainly misinterprets my orders concerning previous motions to amend. If defendant believes that it has some ground to move for dismissal of any amended complaint, it may certainly do so, after the amended complaints are filed.

Rec. Doc. No. 17022 at p. 2.

With respect to Judge Wilkinson's characterization of the Severance Order, State Farm agrees that the motion should not require clarification.  Judge Wilkinson clearly explained in its Severance Order that, "Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008), and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken."  Rec. Doc. 16868.  Upon its determination that mass settlement within a short period of time was not possible, the Court issued the Severance Order because the claims were misjoined.  Thus, on its face, the sole purpose of the Severance Order is to sever the claims of the improperly joined HLC plaintiffs, *not* to allow the plaintiffs an opportunity to cure the shortcomings of their original complaints.  Indeed, the Court ordered that the plaintiffs' original complaint or notice of removal be filed with each amended complaint. This incorporation indicates that the amended complaints contemplated in the Severance Order constitute *a continuance of the initial lawsuit*. Nevertheless, despite the purpose and intended

result of the Severance Order, the HLC plans to file new and substantively altered complaints on behalf of each of the severed plaintiffs.  Substantive amendments to the causes of action initially sued upon improperly goes beyond the limits of the Severance Order and should not be permitted.

However, State Farm respectfully suggests that Judge Wilkinson may have misinterpreted the remedy requested in State Farm's Motion to Alter or Amend and/or Clarify the Severance Order. State Farm's Motion seeks only to dispel the HLC's contention that the Severance Order grants the HLC plaintiffs the right to amend the complaints to assert diametrically opposing facts and theories than asserted in the original complaints and nothing more.

> B. **Plaintiffs May Not Use the Severance Order as a Back Door to Obtaining Leave of Court to Amend When Such Relief Was Previously Denied**

As this Court is aware, the issue of whether the original HLC complaints state a cause of action has been the subject of much controversy throughout the Eastern District of Louisiana and in particular, in this consolidated litigation.  In several other cases involving identical complaints filed by the HLC, State Farm filed Rule 12(b)(6) motions to dismiss for failure to state a claim as the original form complaints seek to recover full policy limits under homeowners policies for damages caused exclusively by the excluded peril of flood. The majority of the judges who considered the sufficiency of the HLC complaints found, as this Court originally found, that the complaints failed to state a claim for uncompensated wind damage.[1] Thereafter, once the

---

[1] Order Granting Motion to Dismiss, *In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to *Abram*, No.07 5205, and *Acevedo*, No. 07 5199) [Rec. Doc. No. 10738] (E.D. La. Jan. 22, 2008) (Duval, J.); Order and Reasons Granting Motion to Dismiss, *Benit v. State Farm Fire & Cas. Co.,* No. 07-6738, Order [Rec. Doc. No. 21] (E.D. La. Jan. 24, 2008) (Porteous, J.); Order and Reasons Granting Motion to Dismiss, *Harrington v. State Farm Fire & Cas. Co.,* No. 07-7600 , Order [Rec. Doc. No. 18] (E.D. La. Jan. 24, 2008) (Porteous, J.); *see also* Order Granting In Part, Denying In Part Motion For Leave to Amend Complaint, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Anderson,* No. 07-6737 [Rec.Doc. No. 11296] (E.D. La. Feb. 20, 2008)) and *Aguda,* No. 07-4457 [Rec. Doc. No. 11543] (E.D.La. Feb. 20, 2008) (denying proposed amended complaints in two

deficiencies contained in the HLC original form complaints were exposed, the HLC attempted to amend the complaints in all of its cases (including each of the above-captioned cases) against State Farm to allege their properties were destroyed exclusively by wind and wind-driven rain. In other words, plaintiffs filed suit alleging their properties were destroyed by **flood alone** and then sought to allege the opposite – that their properties were destroyed by **wind alone**.  The HLC's efforts to amend were unsuccessful.  While this Court found the complaints stated a cause of action, it also, in each of the above-captioned cases, denied the HLC plaintiffs' motions for leave to amend their complaints.[2]  Specifically, in the Order denying the HLC's motions to amend, this Court held that:

> Moreover, as noted by the Court during the hearing, the amended complaints sought to be filed seek to recast the claims of all of the hundreds of plaintiffs as being "caused by wind and wind driven rain alone" which is in direct contravention of the judicial admissions made in the original complaints wherein it was pled with specificity that all of the plaintiffs were damaged by flood waters as well.

Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc. No. 14402] (E.D. La. August

---

HLC cases as they still failed to state a cause of action.) (Wilkinson, J.). This Court denied the plaintiffs' Rule 60 motions in *Acevedo* and *Abram* wherein the HLC sought to vacate the Court's dismissal of identical complaints for solely alleging claims for flood damage. However, the Court stated that with respect to other HLC complaints pending in his court, including *Anderson* and *Aguda*, going forward he would now allow the HLC plaintiffs to attempt to prove unpaid wind damage but would not allow them to disavow their allegations of substantial flood damage due to storm surge, levee breaches and overtopping. Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc 14402] (E.D. La. August 11, 2008).

[2] Order Denying Motion for Leave to Amend Complaints, *In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc. No. 12498]) (Wilkinson, J.) (E.D. La. April 16, 2008); Order Denying Motion for Leave to Amend Complaints, *In re Katrina Canal Breaches Consol. Litig.*, No. 05 4182 (pertaining to R. Adams, No. 07-4459; Allen-Perkins, No. 07-5204; D. Adams, No. 07-5206) [Rec. Doc. No. 13244] (E.D. La. May 21, 2008) (Wilkinson, J.); Order Denying Rule 60 Motions to Vacate and Denying Appeal of Magistrate Orders, *In re Katrina Canal Breaches Litig.*, No. 05-4182 (pertaining to *Abram*, No.07 5205, *Acevedo*, No. 07 5199, *Anderson,* No. 07-6737 and *Aguda,* No. 07-4457) [Rec. Doc. No. 14402] (E.D. La. August 11, 2008) (Duval, J.).

11, 2008). During argument, Your Honor specifically stated the HLC would <u>not</u> be allowed to amend their complaints. Should the HLC plaintiffs be permitted to use Judge Wilkinson's misjoinder and severance order to change their theory of recovery it would effectively nullify this Court's ruling prohibiting plaintiffs from contradicting the judicial admissions of their original complaint. The law of the case should prevent the substantive amendments to the complaints. *See Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. (La.) 1995) ("The law of the case doctrine provides that once a court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.") (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177-78 (1988)).

### III. CONCLUSION

Based on the foregoing, State Farm respectfully requests that the Court grant its Motion to Alter or Amend and/or Clarify Judge Wilkinson's Severance Order and issue an Order of clarification or in the alternative, rule that the Severance Order is clear but provide written reasons stating that the Severance Order issued in these cases in no way grants the HLC leave of court to amend the causes of action as initially asserted.

Respectfully submitted,

**/s/ David A. Strauss**
DAVID A. STRAUSS (**T.A.**) #24665
CHRISTIAN A. GARBETT, SR. #26293
SARAH SHANNAHAN MONSOUR # 30957
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com; cgarbett@kingkrebs.com
smonsour@kingkrebs.com
***Attorneys for State Farm Fire and Casualty Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2009, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all parties.

>	/s/ David A. Strauss
>	DAVID A. STRAUSS