UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                 CIVIL ACTION
CONSOLIDATED LITIGATION
                                              NO. 05-4182 "K"(2)

PERTAINS TO: INSURANCE                        JUDGE DUVAL
  Schubert, 07-5075                           MAG. WILKINSON

## REPORT AND RECOMMENDATION

On August 29, 2007, plaintiff Michelle Schubert filed the above-referenced pro se complaint, C.A. No. 07-5075, against three defendants: (1) Hartford Insurance Company of the Midwest, which issued a flood insurance policy to plaintiff covering her property at 3326-3328 Napoleon Avenue in the Broadmoor section of New Orleans for the relevant time period; (2) Michael Chertoff, Secretary of the United States Department of Homeland Security; and (3) R. David Paulison, Director of the Federal Emergency Management Agency ("FEMA"), an agency of the Department of Homeland Security.

The complaint alleges that during Hurricane Katrina, "(s)everal levees failed, as did a number of mechanical pumps, as a result of which large portions of Orleans Parish flooded," including plaintiff's property on Napoleon Avenue. Record Doc. No. 1 (Complaint at ¶ 8). The complaint also alleges that "FEMA and/or Hartford Insurance Company of the Midwest violated the NFIA (National Flood Insurance Act), flood

insurance regulations, state law, federal common law and federal and state bad faith laws in the adjustment of complainant flood claims" in various ways. Id. at ¶ 16. No other claims are expressly made against FEMA or the United States.

On January 7, 2009, I conducted a status/settlement conference in this matter. Plaintiff appeared in person, along with Chris Bell, counsel for defendant Hartford as Write-Your-Own (WYO) flood insurer. Neither defendant agency of the United States has been served. During the conference, plaintiff confirmed that her claim in this case is based on her flood insurance policy for Hurricane Katrina flooding damage to her Broadmoor area property. The levee breach nearest her Broadmoor property was at the 17th Street Canal in New Orleans.

Having considered the complaint, the record and the applicable law, I find and hereby recommend to the presiding district judge that neither federal defendant is a proper defendant in this action and that only plaintiff's claims against Hartford, her WYO carrier for her National Flood Insurance Program policy, should be permitted to proceed. For the following reasons, I recommend that the United States Department of Homeland Security, through its Secretary, Michael Chertoff, and FEMA, through its Directory, R. David Paulison, be dismissed with prejudice as defendants in this action, because plaintiff fails to state a claim as to these two defendants.

A court may dismiss any complaint sua sponte for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First Gibralter Bank, FSB v. Smith, 62 F.3d 133, 135 (5th Cir. 1995); Guthrie v. Tifco Industries, 941 F. 2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S. Ct. 1267, 117 L. Ed. 2d 495 (1992) ("Although [defendant] did not file a motion to dismiss pursuant to Rule 12(b)(6), the district court was authorized to consider the sufficiency of the complaint on its own initiative"); Shawnee International, N.V. v. Hondo Drilling Co., 742 F. 2d 234, 236 (5th Cir. 1984) ("... district court may dismiss a complaint on its own motion for failure to state a claim"); Roe v. City of New Orleans, 766 F. Supp. 1443 (E.D. La. 1991).

"When a WYO insurance company issues an SFIP (Standard Flood Insurance Policy), federal regulations provide that, a WYO insurer 'shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator [of the NFIP] (National Flood Insurance Program), such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.'" Kronenberg v. Fidelity National Ins. Co, 2008 WL 631277, *1 (E.D. La. March 5, 2008)(Vance, J.), quoting 44 C.F.R. sec. 62.23(g). Thus, only Hartford is a proper defendant as to plaintiff's claim under her flood

insurance policy, and neither FEMA, the Department of Homeland Security nor any other agency of the United States is a proper defendant as to that claim.

Plaintiff's claim under her flood insurance policy appears to be the only kind of claim that she has asserted in her complaint. Even if Paragraph 8 of her complaint is construed broadly, however, to assert a claim of negligence against the United States for damage caused by alleged levee failures, this court has already held that the United States is immune from an action for damages for flooding in the Broadmoor area of New Orleans, where plaintiff's property is located, allegedly caused by breach of the levees or floodwalls of the 17th Street Canal. <u>In re Katrina Canal Breaches Consolidated Litigation</u>, 533 F. Supp. 615 (E.D. La. 2008)(Duval, J.) Accordingly, any such claim that might conceivably be found in this pro se complaint against the two federal defendants must also be dismissed.

## <u>RECOMMENDATION</u>

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendants, United States Department of Homeland Security (and its Secretary, Michael Chertoff) and the Federal Emergency Management Agency (and its director, R. David Paulison), be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the referenced <u>Schubert</u> case be SEPARATED and DECONSOLIDATED from the captioned consolidated litigation,

C.A. No. 05-4182, so that the remaining flood insurance claim against Hartford Insurance Company of the Midwest may proceed independently to resolution.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14th__ day of January, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE