UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____§ | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL MRGO | § | |
| _____§ | | |

UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFFS'
AMENDED AND RESTATED MOTION FOR CLASS CERTIFICATION

Plaintiffs first moved to certify a class on March 30, 2007. *See* Doc. 3616 (hereafter, "Original Motion"). On September 10, 2007, Plaintiffs filed a brief in support of their Original Motion. *See* Doc. 7489.[1] On October 9, 2007, the United States filed a memorandum in opposition to Plaintiffs' Original Motion, *see* Doc. 8284; other Defendants filed oppositions that same day, *see* Doc. 8285; Doc. 8286.

More than a year later, on November 20, 2008, Plaintiffs filed their "Amended and Restated Motion for Class Certification." *See* Doc. 16497 (hereafter, "Amended and Restated

---

[1] This brief was filed jointly by the Levee Plaintiffs and the MRGO Plaintiffs in support of their respective efforts to obtain class certification.

1

Motion"). Without waiting for the United States or the other Defendants to file responses to the Amended and Restated Motion, Plaintiffs then filed two reply memoranda in further support of their Original Motion on December 3, 2008. *See* Doc. 16597; Doc. 16598.

Plaintiffs' reply memoranda appear to address some of the arguments made by Defendants in their responses to Plaintiffs' Original Motion (*i.e.*, by the United States in Document 8284, and by the other MRGO Defendants in Document 8286). The United States hereby adopts and incorporates by reference the arguments made in those responses, and submits this memorandum in opposition to Plaintiffs' "Amended and Restated" motion to highlight the reasons—in addition to those already briefed—why a class may not be certified against the United States in this matter.[2]

The existence of subject matter jurisdiction is a prerequisite to class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. As will be demonstrated in this memorandum, the Court lacks subject matter jurisdiction over the claims of at least eight of the ten named Plaintiffs who seek to be appointed class representatives because they amended their administrative claims less than six months before coming into Court, thereby rendering the actions on those claims jurisdictionally defective.

---

[2] Given that Plaintiffs have already filed two reply memoranda in relation to their Amended and Restated Motion, the Court should now consider briefing on class certification to be complete. The Court should rule on Plaintiffs' Amended and Restated Motion forthwith so that the Parties may know where they stand on this critical issue.

Additionally, there are further jurisdictional problems that have cast a pall over this case since its inception, and pertain to the claims of all the named Plaintiffs and all members of the proposed class. For the reasons that the United States previously has assigned in the *Robinson* case, the Court lacks jurisdiction over the instant cases by virtue of the Flood Control Act of 1928, as well as the "due care" and "discretionary function" exceptions to the Federal Tort Claims Act ("FTCA"). Thus, even assuming that class certification pursuant to Rule 23 might otherwise be allowed in an appropriate FTCA case, it would be unavailable here since the Court lacks subject matter jurisdiction over the instant cases.

In any event, as was discussed in the United States' response to Plaintiffs' Original Motion, *see* Doc. 8284, the procedures governing Rule 23 class actions are incompatible with the statutory scheme for resolving tort claims against the United States under the FTCA. While Plaintiffs have purported to address these objections by noting that they seek certification of a class comprised solely of those claimants who have exhausted whatever administrative procedures the Court concludes are applicable under the FTCA, their reply memoranda simply ignores several of the obstacles to class certification identified by the United States in Document 8284.

For these reasons, and for the reasons explained in Defendants' other memoranda on the class certification issue, the Court must deny Plaintiffs' motion for class certification and instead should dismiss these cases for lack of jurisdiction.

I.   **A Class May Not Be Certified Because The Court Lacks Subject Matter Jurisdiction.**

As a threshold matter, a court may certify a class action only with respect to claims over which it has subject matter jurisdiction. *See Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) (observing that class action not maintainable if subject matter jurisdiction is lacking); *Lindsay v. GEICO*, 448 F.3d 416, 420 (D.C. Cir. 2006) (noting that "subject matter jurisdiction is a prerequisite to class certification" under Rule 23); *Olden v. LaFarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004) ("The question of subject matter jurisdiction is a prerequisite to class certification[.]").

In this case, at least eight of the ten named Plaintiffs failed to completely exhaust their administrative remedies under the FTCA before instituting suit, which is a jurisdictional prerequisite to maintaining an action under the FTCA. In addition, several other federal statutory provisions deprive this Court of subject matter jurisdiction over Plaintiffs' claims against the United States, and therefore preclude the certification of a class action with respect to these claims.

A.   **At Least Eight Of The Ten Proposed Class Representatives Have Failed To Exhaust Their Administrative Remedies.**

The Court lacks jurisdiction over the claims of at least eight of the proposed class representatives, as Kenneth Paul Armstrong, Jeanine Armstrong, Henry Davis, Donna Augustine, Daisy Innis, Gladys LeBeaud, Betty Jones, and Jose Luis Rodriguez all came into Court before completely exhausting their administrative remedies under the FTCA.

A court lacks jurisdiction over any suit that was filed less than six months after the plaintiff presented his or her claim, unless the claim has already been denied by the appropriate agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993) (refusing to permit litigation to proceed where complete exhaustion had not occurred until after suit had been filed); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (finding lack of jurisdiction because "[a]lthough appellants have filed an administrative claim for relief against the FDIC as required by the FTCA, they concede they did not await the required six month period prior to bringing this action, nor was there the required formal denial"); *Barnes v. United States*, No. 97-30384, 1997 WL 680403, at *1 (5th Cir. 1997) ("The district court properly dismissed the FTCA claim because no formal rejection was received from the Coast Guard and Barnes did not wait the full six months, after the filing of his claim, to file suit in federal court under the FTCA, as that Act requires. The district court therefore lacked jurisdiction to hear the claim.").

The Army Corps of Engineers received amended claims from Kenneth Paul Armstrong, Jeanine Armstrong, and Daisy Innis on February 28, 2007, *see* Ex. 1 (filed under seal); from Henry Davis, Donna Augustine, and Gladys LeBeaud on March 1, 2007, *see id.*; from Betty Jones on October 16, 2006, *see id.*; and from Jose Luis Rodriguez on May 21, 2007, and August 29, 2007, *see id.*[3]

---

[3] Each of these amended claims superseded the earlier claim or claims that had been presented by each of these claimants. *See Keene Corp. v. United States*, 700 F.2d 836, 840

(continued...)

These amended claims were presented less than six months before each of these Plaintiffs instituted suit. *See* Doc. 3415 (filed March 15, 2007) (naming as Plaintiffs, *inter alia*, Kenneth Paul Armstrong, Jeanine Armstrong, Henry Davis; and Daisy Innis); Doc. 3420 (filed March 15, 2007) (naming as Plaintiffs, *inter alia*, Donna Augustine, Gladys LeBeaud, and Betty Jones); Doc. 7571 (filed September 12, 2007) (naming as Plaintiff, *inter alia*, Jose Luis Rodriguez). Accordingly, the Court lacks jurisdiction over the claims presented by these Plaintiffs and their claims therefore should be dismissed; they clearly cannot serve as representatives of a class in this action.

### B. The United States Is Immune From Liability In Any Event.

In any event, several statutes deprive this Court of jurisdiction over all the named Plaintiffs' claims, as well as over the claims of all the members of the proposed class. The Flood Control Act of 1928, for example, provides—in the broadest terms imaginable—that "[n]o liability *of any kind* shall attach to or rest upon the United States *for any damage* from or by floods or flood waters *at any place*." 33 U.S.C. § 702c (emphasis added). Where, as here, a plaintiff's damages were caused by flood waters, the court lacks subject matter jurisdiction over the case. *Boudreau v. United States*, 53 F.3d 81 (5th Cir. 1995) (affirming dismissal for lack of

---

(...continued)
n.5 (2d Cir. 1983) ("Since Keene's Amended Notice of Claim was filed prior to final administrative disposition of the September Notice, it totally supersedes that initial Notice."). These Plaintiffs, therefore, were required to wait six months from the date they presented their amended claims before filing suit. *See Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 463 (W.D. Tex. 1999) ("The FBI and ATF received amended claims . . . . In such cases, the time within which suit may be brought runs from the date of the amended claim."); *Stokes v. U.S. Postal Serv.*, 937 F. Supp. 11, 16 (D.D.C. 1996) (holding that suit may not be filed less than six months after presentment of an amended claim).

jurisdiction based on the Flood Control Act).

Similarly, the FTCA contains two provisions that deprive this Court of jurisdiction. *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) (*en banc*) (holding that, where applicable, exceptions codified in 28 U.S.C. § 2680 deprive district court of subject matter jurisdiction). The "due care" exception precludes liability with regard to claims "based on acts or omissions of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation is valid." *See* 28 U.S.C. § 2680(a). The "discretionary function" exception precludes liability for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* Both the "due care" and the "discretionary function" exceptions apply in this case.

In support of these arguments—that the Court lacks subject matter jurisdiction by virtue of the Flood Control Act and the FTCA's "due care" and "discretionary function" exceptions—the United States hereby adopts the following motions (together with all memoranda and papers submitted in support thereof) filed in the *Robinson* case: (1) Defendant's Motion to Dismiss (Doc. 822), filed on July 26, 2006; (2) Defendant United States' Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 10378), filed on January 14, 2008; and (3) Defendant's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment (Doc. 16511), filed on November 20, 2008.[4]

---

[4] Subdivision (f) of Rule 23 of the Federal Rules of Civil Procedure provides that a court of appeals may permit an appeal from an order granting or denying class certification if a petition for permission to appeal is filed with the circuit court clerk within ten days of the order. This procedure differs from the one prescribed by 28 U.S.C. § 1292(b), which requires
(continued...)

II.   **The Procedures Governing Class Actions Are Incompatible With The Statutory Scheme Governing FTCA Claims.**

Even if the Court had subject matter jurisdiction over this action, the Court could still not certify a class because several aspects of the statutory scheme governing FTCA claims are fundamentally incompatible with the procedures prescribed by Rule 23 of the Federal Rules of Civil Procedure. *See* Doc. 8284.[5]  As previously explained, the FTCA provides that no action shall be instituted against the United States unless the claimant has first presented the claim to the appropriate federal agency and the agency has denied the claim in writing. *See* 28 U.S.C. § 2675(a).  If the agency does not dispose of the claim within six months after it is presented, however, the claimant may either: (1) deem the claim denied and file suit in the district court, or (2) await final agency action and file suit thereafter. *Id.*

---

(...continued)
the district court to certify that an appeal is warranted; Rule 23(f) contains no such requirement. *See* Fed. R. Civ. P. 23, Advisory Committee Notes to 1998 Amendments.  As the Fifth Circuit's decision in *Gene & Gene* makes clear, on a Rule 23(f) appeal the court of appeals may consider whether the district court has jurisdiction over the action. *See Gene & Gene*, 541 F.3d at 324 ("Gene argues that we may not consider subject-matter jurisdiction during a Rule 23(f) class-certification appeal, but this is incorrect.  At all times, even during a Rule 23(f) appeal, we may review the power of the federal courts to entertain an action."); *see also Lindsay*, 448 F.3d at 420 ("Because subject matter jurisdiction is a prerequisite to class certification, it is properly reviewed in a Rule 23(f) interlocutory appeal."); *Olden*, 383 F.3d at 498 ("The question of subject matter jurisdiction is a prerequisite to class certification and is therefore properly raised in this Rule 23(f) appeal."); Fed. R. Civ. P. 12(h)(3) (noting that a court must dismiss an action "whenever it appears" that jurisdiction is lacking).

[5]   The United States first presented this argument in its opposition to Plaintiffs' Original Motion. *See* Doc. 8284.  The United States adopts those arguments here and incorporates them by reference into this opposition to Plaintiffs' Amended and Restated Motion.

Recognizing that this Court has jurisdiction over only those claimants who have exhausted their administrative remedies, Plaintiffs purport to define their proposed class to include only those who have "filed the requisite Form SF 95 and waited the requisite six months before proceeding." Doc. 16597 at 2.  This definition, according to Plaintiffs, ensures that "the only persons who will qualify for class status are those who have taken the requisite administrative steps necessary to qualify as a class member." *Id.* at 3.[6]

But Plaintiffs' proposed solution fails to account for the fact that, just as the FTCA requires each claimant to exhaust his or her administrative remedies by individually presenting a claim to the appropriate Federal agency and waiting the requisite six months for the agency to dispose of the claim before instituting suit, so too does the FTCA afford to each claimant the option thereafter either to allow the claim to remain pending before the agency or to deem the claim denied by filing suit. *See Anderson v. United States*, 803 F.2d 1520, 1522 (9th Cir. 1986) (observing that a claimant has the choice whether to deem his claim denied and file suit immediately or continue to wait and file suit later); *see also McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991) (recognizing that there is no time limit for filing suit where an administrative claim is deemed denied by virtue of an agency's failure to finally dispose of it within six months).

---

[6] As has already been demonstrated, at least eight of the ten named Plaintiffs who seek to be appointed to be class representatives fall outside the definition which Plaintiffs suggest would delimit the proposed class, *i.e.*, that the class member waited the requisite six months before proceeding.

In short, the FTCA prescribes an "opt-in" procedure for resolving tort claims against the United States. Once their claims have been pending for six months, each claimant individually must decide whether to "opt in" to a lawsuit or to allow the claim to remain pending before the agency. To permit a class action under Rule 23 of the Federal Rules of Civil Procedure—which provides for the inclusion of putative plaintiffs unless they opt *out* of the class—would violate the FTCA's "opt-in" scheme, and is therefore prohibited. *See Kern v. Siemens Corp.*, 393 F.3d 120, 126 (2d Cir. 2004) (analyzing Rule 23 and concluding: "In short, we find scant support for the proposition that a court could *ever* certify a class with an 'opt in' provision during the liability stage of the litigation."); *see also Johnson v. United States*, 238 F.R.D. 199, 213 (W.D. Tex. 2006) (citing to *Kern* for the proposition that by enacting Rule 23, "Congress has 'prohibited "opt in" provisions by implication'").[7]

Finally, even if the procedures governing Rule 23 class actions were not inherently incompatible with the statutory scheme governing FTCA claims, Plaintiffs have failed to establish that the prerequisites for class certification under Rule 23(a) (*i.e.*, existence of an identifiable class; numerosity; typicality; adequacy of representation) and Rule 23(b)(3) (predominance and superiority) have been met. *See* Doc. 8284; Doc. 8286.

---

[7] Plaintiffs point to the decision in *National Treasury Employees Union v. United States,* 54 Fed. Cl. 791 (2002), as an example of a case where the court certified a class against the United States. That case, however, was not brought under the FTCA, and so has no relevance with respect to whether a class should be certified here.

## CONCLUSION

The Court should deny Plaintiffs' motion to certify a class, and instead should dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

THOMAS DUPREE
Principal Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

/s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH
Trial Attorney

ROBIN D. SMITH
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4448/(202) 616-5200 (Fax)
Attorneys for the United States

## CERTIFICATE OF SERVICE

I, Jeffrey P. Ehrlich, hereby certify that on January 16, 2009, I served a true copy of the foregoing upon all counsel of record by ECF.

/s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH