UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN MORRISON | CIVIL ACTION |
| VERSUS | NO. 07-6644 |
| ALLSTATE INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is Allstate Insurance Company's motion to enforce settlement agreement. For the reasons that follow, the motion is GRANTED.

Background

The Morrison house, located on Bright Drive in New Orleans, was damaged by Hurricane Katrina's wind and aftermath of flooding. Allstate provided homeowners insurance on the property. On August 16, 2007, the Morrisons mediated their claim under the state's Hurricane Mediation Program. Allstate and the Morrisons signed a settlement agreement for damages to the Morrisons' property; the parties agreed to settle the homeowner claim for "a partial payment" of $9,471.33. Allstate issued a check for the settlement amount at mediation for personal property ($9,471.33) and incorporated a previously agreed on structure payment ($15,687.69)

1



for a total check of $25,158.92, which was negotiated by the Morrisons on August 23, 2006.

The parties agreed that payment of the remainder of the Morrison claim would be paid after certain documentation of the loss of specific jewelry was submitted to Allstate.[1] The documentation was provided in April 2007, and a final payment of $3,250.00 was made on July 2, 2007. This final check was negotiated on August 7, 2007. A few weeks later, Mr. Morrison sued Allstate in state court. Allstate removed the suit to this Court.

The settlement agreement granted the Morrisons three days to rescind the agreement because they were not represented by counsel at the mediation; they did not invoke the rescission provision. The settlement agreement states that "both parties recognize that this is a final and enforceable contract."

---

[1] The Settlement Agreement provided, with the parties' handwritten addition noted in italics:

> This settlement amount is *a partial payment* by the insurance company to the homeowner for the claim brought to the mediation *and further payment of the remainder of the claim shall be made upon Insured producing additional documentation regarding jewelry & proof of release of Lien/Mortgage Holder*. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

2

In the state court petition, Mr. Morrison asserts that Allstate "merely tendered the deficient and untimely payment in the amount of $5,870.65 for structure [and] Allstate refused to pay for other structures, contents, and additional living expenses." Mr. Morrison further asserts that Allstate is liable for the flood damage to the property as a result of the levee breaches. The petition fails to mention the settlement agreement or the payments made by Allstate on the homeowner's claim.

Allstate now moves to dismiss the plaintiff's suit with prejudice because the claim was previously settled.

I.

This Court has inherent power to recognize, encourage, and enforce settlement agreements. Bell v. Schexnayder, 36 F.3d 447, 449-50 (5th Cir. 1994). Federal courts sitting in diversity apply state law when determining the validity of settlement agreements, so long as none of the substantive rights and liabilities of the parties derive from federal law. See, e.g., Lefevre v. Keaty, 191 F.3d 596, 598 (5th Cir. 1999).

Here, the parties agree that Louisiana law governs the interpretation of the agreement in dispute. Louisiana law provides:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

3

> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

La. Civ. Code art. 3071. Settlement agreements must be reduced to writing or recited in open court. La. Civ. Code art. 3072. But there is no sacrosanct form which must be followed, and it is not necessary that all aspects of the compromise be contained in a single document. Charhonnet v. Ochsner, 236 So.2d 86, 88 (La. App. 4th Cir. 1970), aff'd, 258 La. 507, 246 So.2d 844 (La. 1971). The only elements required to conclude a binding settlement agreement are: (1) mutual intent to put an end to the litigation; and, (2) reciprocal concessions of the parties in adjustment of their differences. Rivett v. State Farm Fire and Casualty Company, 508 So.2d 1356, 1359 (La. 1987).

A valid compromise precludes the parties from suing on the matter that was compromised. La. Civ. Code art. 3080. Louisiana law favors compromises and courts must enforce them as written, unless clear and convincing evidence shows that the compromise is invalid. Jerome v. Duggan, 609 So. 2d 1119, 1123 (La. Ct. App. 1992) ("Compromises are favored and not invalidated lightly").

4

II.

Allstate relies on the doctrines of compromise and accord and satisfaction.

A.

Allstate asserts that the requirements of a valid compromise have been met: there was a mutual intent to compromise the Katrina claims, and the compromise was reduced to writing and signed by both parties. Additionally, the parties' intent to settle the claim is plain from the parties' mediation agreement, which represents "a partial payment," followed by "further payment of the remainder of the claim...by the insurance company to the homeowner for the claim brought to mediation" and releases "any and all claims of any kind whatsoever" in exchange for the partial payment of $9,471.23[2], followed by payment of the remainder of the claim of $3,250.00, which was made on July 2, 2007 and negotiated on August 7, 2007. Accordingly, says Allstate, the compromise should be enforced and the present suit based on the claims arising out of their homeowners policy should be dismissed. The Court agrees.

Another Section of this Court has confronted similar facts and reached the same result. In <u>Noel v. Allstate Insurance Company</u>, No. 08-1729 (E.D. La. Oct. 8, 2008), Judge Vance granted Allstate's motion to dismiss based on the doctrines of compromise and accord

---

[2] This payment was incorporated in a check for $25,158.92, which included a previously agreed on structure payment of $15,687.69.

and satisfaction, and enforced a similar Louisiana Hurricane Mediation Program settlement agreement. Likewise, this Court has previously enforced a settlement agreement confronting similar facts in <u>Michel v. Allstate Ins. Co.</u>, No. 08-1312 (E.D.La. Nov. 4, 2008).

The plaintiff attempts to distinguish <u>Noel</u> on four grounds. First, Mr. Morrison suggests that Allstate's motion in <u>Noel</u> was unopposed and was granted on that ground. Second, Mr. Morrison suggests that the plaintiff in <u>Noel</u> agreed to "release any and all claims of any kind whatsoever" and the agreement was a "final and enforceable contract, with the exception that the homeowner, if not represented by counsel at the mediation shall have 3 working days within which to rescind the agreement, unless the homeowner has already cashed the check provided herein by the insurance company." Third, Mr. Morrison suggests that <u>Noel</u> was accompanied by a public adjuster, who had inspected the home and prepared an estimate of damages; Mr. Morrison claims that no public adjuster attended the mediation with him, so he did not have the benefit of knowing what the costs to repair his home would be. Finally, Mr. Morrison says that <u>Noel</u> is distinguishable because the agreement he signed specified that it was "a partial payment" and the wording "full, complete, and total final payment" is scratched out.

6

Mr. Morrison's attempts to distinguish Noel fail.[3] Judge Vance made a detailed analysis of Noel's claims even though the plaintiff failed to submit an opposition. Just as in Noel and Michel, Mr. Morrison's Settlement Agreement included an agreement to "release any and all claims of any kind whatsoever" and also included the language that the agreement was a "final and enforceable contract, with the exception that the homeowner, if not represented by counsel at the mediation shall have 3 working days within which to rescind the agreement, unless the homeowner has already cashed the check provided herein by the insurance company." Mr. Morrison's attempt to distinguish Noel on the ground that Noel had the benefit of being accompanied by a public adjuster at his mediation is feeble at best; nothing barred Mr. Morrison from seeking advice from an adjuster or an attorney regarding the claims he was releasing, as the language in the agreement made clear: "Both parties further acknowledge that they had or have had the

---

[3] Mr. Morrison's assertion that Allstate waived its right to enforce the settlement agreement by propounding discovery and seeking settlement demands from plaintiff also fails; his reliance on Steptore v. Masco Co., Inc., 643 So.2d 1213 (La. 1994) is misplaced. The insurer in Steptore waived its right to assert a coverage defense by assuming and continuing the defense of its insured in the face of facts indicating that it had a right to deny coverage. Id. at 1217. Here, on the other hand, Mr. Morrison sued Allstate in state court, and omitted any reference whatsoever in his state court petition to the settlement agreement the parties had signed. Allstate removed the suit, participated in discovery, and, well within the time constraints mandated by the Court's Scheduling Order, filed the present motion to enforce the settlement agreement.

opportunity to seek independent counsel and are signing the agreement with such knowledge." Mr. Morrison's claim that he did not know at the time he signed the Settlement Agreement what the cost of repairing his house is not a ground for releasing him from the agreement. Nothing before the Court suggests he was prevented from getting that information.

Mr. Morrison's fourth attempt to distinguish <u>Noel</u> warrants some attention. He rightly asserts that the that the insured in <u>Noel</u> did not insert a handwritten notation.[4] But Mr. Morrison fails to show how the handwritten notation trumps the enforceability of the settlement agreement. The altered provision of the Settlement Agreement provides:

> This settlement amount is *a partial payment* by the insurance company to the homeowner for the claim brought to the mediation *and further payment of the remainder of the claim shall be made upon Insured producing additional documentation regarding jewelry & proof of release of Lien/Mortgage Holder*. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

The italicized portions of the above excerpt were handwritten and signed by the parties as a modification of the original language; the Court must enforce the compromise as written. According to the inserted language, the jewelry documentation (and

---

[4] The Court notes that the plaintiffs in <u>Michel</u> included a handwritten notation, which the Court determined failed to diminish the enforceability of the Settlement Agreement.

8

proof of release of mortgage holder) and payment for that jewelry was the only condition precedent to the final settlement and release of claims. Mr. Morrison does not dispute that Allstate in fact issued a final check for the jewelry, which was negotiated by the plaintiff.

Mr. Morrison does not dispute the terms of the settlement agreement, that he signed the settlement agreement, or that the agreement provides that "both parties recognize that this is a final and enforceable contract." Mr. Morrison did not attempt to rescind the agreement within three working days, which was his right. He does not otherwise explain what the settlement agreement accomplished if not, as by its terms, a "final and enforceable contract", which included "a partial payment" and a provision for "further payment of the remainder of the claim." Mr. Morrison cashed the checks tendered as a result of the settlement. His claim now that he did not realize how much the repairs to his roof were going to cost does not undo the terms of a valid, binding settlement with Allstate for his Katrina claims. Because Mr. Morrison signed an agreement that clearly stated that the parties were entering into a final settlement, and that plainly warned that it was a release, this lawsuit concerning the same claim is barred as compromised under Louisiana law. See Alford v. Al Copeland Investments, Inc., 794 So.2d 52, 56 (La. Ct. App. 2001). The Court will enforce the compromise as written.

9

B.

The same result follows from the doctrine of accord and satisfaction.

Where payment is tendered and accepted in full satisfaction of a disputed claim, accord and satisfaction bars the creditor from filing suit on a compromised debt. See Harmon v. Simon, 624 So.2d 981, 985 (La. Ct. App. 1993) (citation omitted), writ denied, 444 So.2d 122 (La. 1984); see also Anesthesia East, Inc. v. Bares, 594 So.2d 1085, 1087 (La. Ct. App. 1992).

In addition to being a valid and enforceable compromise, the settlement agreement also constitutes accord and satisfaction of the claim. At mediation, Allstate offered payment of $19,695.52 as "full, complete, and a total final payment" for their homeowners claim. The Morrisons signed the agreement, agreeing to "release any and all claims of any kind whatsoever" against Allstate for the partial payment of $9,471.33, and "further payment of the remainder of the claim", to be made once the Morrisons submitted the appropriate documentation for the jewelry. The agreement further provided that "both parties recognize that this is a final and enforceable contract." Because payment was tendered and accepted in full satisfaction of the homeowner's claim, the doctrine of accord and satisfaction also mandates dismissal of Mr. Morrison's lawsuit about the same claim. As Judge Vance noted in Noel, "[b]y failing to rescind the agreement within three days of signing, [the

10

plaintiffs] accepted the settlement according to its terms. This constitutes accord and satisfaction under Louisiana law, and [the plaintiffs] are estopped from suing Allstate on the same claim." Noel, No. 08-1729, slip. op. at 4-5.

Accordingly, Allstate's motion to enforce settlement is GRANTED.

New Orleans, Louisiana, January 12, 2009.

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE