UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALEX NOEL                                    CIVIL ACTION

VERSUS                                       NO: 08-1729

ALLSTATE INSURANCE COMPANY                   SECTION: R(4)

### ORDER AND REASONS

Before the Court is Defendant Allstate Insurance's unopposed Motion to Enforce a Settlement Agreement. For the reasons stated below, the motion is GRANTED and the case is DISMISSED.

**I. Background**

Defendant Allstate Insurance provided homeowner's insurance under policy no. 015358222 for Alex Noel's Marrero, Louisiana residence which sustained severe damage from Hurricane's Katrina and Rita. (R. Doc. 1). In August 2007, Noel and Allstate participated in the Louisiana Hurricane Mediation Program and reached a signed settlement agreement for damages suffered to Noel's property covered by the Allstate policy. (R. Doc. 7 at 9;



7-5). In the Settlement Agreement Noel received $14,207 in "full, complete, and total final payment...for the claim brought to mediation." (Rec. Doc. 7-5 at ¶2). In exchange, Noel agreed to "release any and all claims of any kind whatsoever" against Allstate. *Id.* The parties recognized that the agreement was "a final and enforceable contract, with the exception that the homeowner, if not represented by counsel at th[e] mediation, shall have three (3) working days within which to rescind th[e] agreement, unless the homeowner has already cashed the check provided herein by the insurance company." *Id.*

Noel, who has accompanied by his public adjuster, Kevin Jones, at the mediation, but not by counsel, did not rescind the agreement. (R. Doc. 7 at 3-4). Instead, he filed suit against Allstate Insurance in the 24th Judicial District for the Parish of Jefferson, State of Louisiana alleging sundry violations of Louisiana law (R. Docs. 1; 1-2). Allstate removed based on diversity jurisdiction under 28 U.S.C. § 1332(a). (R. Doc. 1-2).

## II. Legal Analysis

Defendant Allstate Insurance asserts that Noel's claim is barred by the doctrines of compromise and accord and satisfaction (R. Doc. 7 at 4-6). Both claims are governed by Louisiana substantive law since this case is before the Court on diversity

2

jurisdiction. 28 U.S.C. § 1332(a); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## A. Compromise

Louisiana Civil Code article 3071 states: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." The compromise must be "in writing or recited in open court," La. Civ. Code Art. 3072, and "settles only those differences that the parties clearly intended to settle." La. Civ. Code Art. 3076. A valid compromise "precludes the parties from bringing a subsequent action based upon the matter that was compromised." La. Civ. Code. Art. 3080.

Here, the straightforward requirements of a valid compromise are met. Noel and Allstate's intent to settle the claim at issue is plain from the parties' mediation agreement. The agreement, titled "Louisiana Hurricane Mediation Settlement Agreement," is signed by plaintiff and releases Allstate from "any and all claims of any kind whatsoever" in exchange for $14,307.63. (R. Doc. 7-5). The agreement covers claim #5113582356, the policy assigned to Noel's Marrero, Louisiana home that is the subject of this lawsuit. (R. Docs. 1; 7-5). Since Noel "signed a transaction clearly stat[ing] that []he was making a final

3

settlement and which plainly warned that it was a release" his later filed lawsuit concerning the same claim is barred under Louisiana law. *Alford v. Al Copeland Investements, Inc.*, 794 So.2d 52, 56 (La. Ct. App. 2001); *See Lay v. Holi Temporary Services*, 845 So.2d 488, 490 (La. Ct. App. 2003)("A compromise as between the interested parties, has a force equal to the authority of the thing adjudged. Thus, a valid compromise may from the basis of a plea of res judicata.").

## B. Accord and Satisfaction

The same result attains under the doctrine of accord and satisfaction. Under Louisiana law, when a debtor tenders an offer that clearly states a sum is offered in full payment of a disputed claim, acceptance of the offer will extinguish the entire debt, *Harmon v. Simon*, 624 So.2d 981, 985 (La. Ct. App. 1993)(*citing Cowley Corp. v. Shreveport Packing Co. of Kansas*, 440 So.2d 1345 (La. Ct. App. 1983), and the creditor cannot later sue on the compromised claim. *Anesthesia East, Inc. v. Bares*, 594 So.2d 1085, 1087 (La. Ct. App. 1992); *Orgeron v. Security Indust. Funeral Homes, Inc.*, 690 So.2d 243, 245 (La. Ct. App. 1997).

Allstate Insurance offered Noel $14,207.63 in "full, complete and total payment" of his claim. (R. Doc. 7-5). By failing to rescind the agreement within three days of signing,

Noel accepted the settlement according to its terms. (R. Doc. 7-5). This constitutes accord and satisfaction under Louisiana law, see *Harmon*, 624 So.2d at 985, and Noel is estopped from suing Allstate on the same claim. See *Anesthesia East*, 594 So.2d at 1087.

### III. Conclusion

For the stated reasons, Allstate Insurance's Motion to Enforce Settlement Agreement is GRANTED, and the cases is DISMISSED.

New Orleans, Louisiana, this 8th day of October, 2008

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSARIO and CLAUDIA MICHEL | CIVIL ACTION |
| VERSUS | NO. 08-1312 |
| ALLSTATE INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is Allstate Insurance Company's motion to enforce settlement agreement. For the reasons that follow, the motion is GRANTED.

Background

The Michels' house in Meraux, Louisiana was damaged by Hurricane Katrina. Allstate provided homeowners insurance on the property. On May 17, 2006, the Michels mediated their claim in connection with the state's Hurricane Mediation Program. Allstate and the Michels signed a settlement agreement for damages to the Michels' property. The Michels received $19,695.52 in "full, complete, and total final payment...for the claim brought to mediation." In exchange, the Michels agreed to "release any and all claims of any kind whatsoever" against Allstate.

The settlement agreement states:

> This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind

1

>          whatsoever against one another,
>          except that if the homeowner
>          discovers additional insured damage
>          that was not known to the parties
>          prior to this mediation, the insured
>          may file a supplemental claim which
>          shall be treated a as a new claim.

The Michels added the following handwritten note at the bottom of the settlement agreement: "This settlement does not apply to additional damages found later due to wind damages or payments for Value Policy Clause in Louisiana (payment of full value of policy)[.]"

The settlement agreement allowed the Michels three days to rescind the agreement because they were not represented by counsel at the mediation; the Michels did not invoke the rescission provision. (The Michels were accompanied by their public adjuster.)

Finally, the settlement agreement states that "both parties recognize that this is a final and enforceable contract."

On August 28, 2007, the Michels joined with many other unrelated plaintiffs and sued Allstate in state court. The case was removed to another Section of this Court, which severed the different claims and ordered that amended complaints be filed; the Michels' claim was assigned to this Court. In the first amended complaint, the Michels assert that wind caused a total loss of the property (including roof damage, damage to the interior and its contents), and additionally suggest that flood waters from the levee breaches also damaged their property. In the complaint, the

Michels assert that Allstate made only partial payment for the wind damage. They claim entitlement to the policy limits, additional living expenses, attorney's fees, and state law penalties.

Allstate now moves to dismiss the plaintiffs' suit with prejudice because the claim was previously settled.

I.

This Court has inherent power to recognize, encourage, and enforce settlement agreements. Bell v. Schexnayder, 36 F.3d 447, 449-50 (5th Cir. 1994). Federal courts sitting in diversity apply state law when determining the validity of settlement agreements, so long as none of the substantive rights and liabilities of the parties derive from federal law. See, e.g., Lefevre v. Keaty, 191 F.3d 596, 598 (5th Cir. 1999).

Here, the parties agree that Louisiana law governs the interpretation of the agreement in dispute. Louisiana law provides:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
>
> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

La. Civ. Code art. 3071. Settlement agreements must be reduced to writing or recited in open court. La. Civ. Code art. 3072. But there is no sacrosanct form which must be followed, and it is not necessary that all aspects of the compromise be contained in a single document. Charhonnet v. Ochsner, 236 So.2d 86, 88 (La. App. 4th Cir. 1970), aff'd, 258 La. 507, 246 So.2d 844 (La. 1971). The only elements required to enter a binding settlement agreement are: (1) mutual intent to put an end to the litigation; and, (2) reciprocal concessions of the parties in adjustment of their differences. Rivett v. State Farm Fire and Casualty Company, 508 So.2d 1356, 1359 (La. 1987).

A valid compromise precludes the parties from bringing a subsequent action based on the matter that was compromised. La. Civ. Code art. 3080. Louisiana law favors compromises and courts must enforce them as written unless clear and convincing evidence shows that the compromise is invalid. Jerome v. Duggan, 609 So. 2d 1119, 1123 (La. Ct. App. 1992) ("Compromises are favored and not invalidated lightly").

## II.

Allstate asserts that the Michels' claim is barred by the doctrines of compromise and accord and satisfaction.

Allstate asserts that the requirements of a valid compromise are met: there was a mutual intent to compromise the Katrina claims, and the compromise was reduced to writing and signed by

4

both parties. Additionally, the parties' intent to settle the claim is plain from the parties' mediation agreement, which represents a "full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to mediation" and releases "any and all claims of any kind whatsoever" in exchange for $19,695.52. Accordingly, says Allstate, the compromise should be enforced and the present suit based on the claims arising out of their homeowners policy should be dismissed. The Court agrees.

Another Section of this Court has confronted these same facts and reached the same result. In <u>Noel v. Allstate Insurance Company</u>, No. 08-1729 (E.D. La. Oct. 8, 2008), Judge Vance granted Allstate's motion to dismiss based on the doctrines of compromise and accord and satisfaction, enforcing a similar Louisiana Hurricane Mediation Program settlement agreement.

The plaintiffs attempt to distinguish <u>Noel</u>, suggesting that there was no clause in <u>Noel</u> that excluded damage unknown to the parties and that the agreement in <u>Noel</u> did not contain a handwritten notation by the plaintiffs preserving their rights. The Court disagrees. Indeed the settlement agreement in <u>Noel</u> is virtually identical to the one the Michels signed, including the language that the parties release all claims "except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a

5

supplemental claim...."

The Michels rightly assert that the insured in Noel did not make a handwritten notation. But the handwritten notation does not diminish the enforceability of the settlement agreement. The Michels' handwritten notation reads: "This settlement agreement does not apply to additional damages *found later* due to wind damage or payments for value policy clause in Louisiana. (Payment of full value of policy)[.]" (emphasis added). This handwritten language adds nothing, and does not alter the standard provision in the settlement agreement regarding bringing a new claim for insured damage that was not previously known to the parties. Importantly, Rosario Michel's affidavit[1] and Claudia Michel's deposition testimony confirm that the plaintiffs had "left out" items from the initial settlement but that they knew about them when they signed the settlement agreement and released all claims in exchange for

---

[1] Mr. Michel stated that:

It was my belief that at the mediation we were only settling those items which I myself believed were wind damaged rather than flood damaged [and that] Allstate was paying only for those specific items we discussed.... I soon realized that the more general damage was very extensive when I went to purchase another home after demolishing the home destroyed by Katrina.... This led me to believe that the general damage to our home was far greater than I had expected.

6

$19,695.52.[2] Because the Michels signed an agreement that clearly stated that they were entering into a final settlement, and that plainly warned that it was a release, this lawsuit concerning the same claim is barred under Louisiana law. See Alford v. Al Copeland Investments, Inc., 794 So.2d 52, 56 (La. Ct. App. 2001).

The same result follows from the doctrine of accord and satisfaction.

Where payment is tendered and accepted in full satisfaction of a disputed claim, accord and satisfaction bars the creditor from filing suit on a compromised debt. See Harmon v. Simon, 624 So.2d 981, 985 (La. Ct. App. 1993) (citation omitted), writ denied, 444 So.2d 122 (La. 1984); see also Anesthesia East, Inc. v. Bares, 594 So.2d 1085, 1087 (La. Ct. App. 1992).

In addition to being a valid and enforceable compromise, the settlement agreement also constitutes accord and satisfaction of the claim. At mediation, Allstate offered payment of $19,695.52 as

---

[2] Ms. Michel testified that:

Even though we knew about [the damaged items], we didn't bring them to the table....

...

It's not that they were found later, they were there all along. We just - we just didn't bring them up 'cause we didn't think about them. So I guess you could consider it that they were found later, even though they weren't, they were there initially.

...

[W]e thought about it later. They were not found later because they were there initially.

7

"full, complete, and a total final payment" for their homeowners claim. The Michels signed the agreement in the presence of their adjuster, agreeing to "release any and all claims of any kind whatsoever" against Allstate. The agreement further provided that "both parties recognize that this is a final and enforceable contract. Because payment was tendered and accepted in full satisfaction of the homeowners claims, the doctrine of accord and satisfaction calls for dismissal of the Michels' lawsuit about the same claim. As Judge Vance noted in Noel, "[b]y failing to rescind the agreement within three days of signing, [the plaintiffs] accepted the settlement according to its terms. This constitutes accord and satisfaction under Louisiana law, and [the plaintiffs] are estopped from suing Allstate on the same claim." Noel, No. 08-1729, slip. op. At 4-5.

Accordingly, the Allstate's motion to enforce settlement is GRANTED.

New Orleans, Louisiana, November 4, 2008.

*[signature]*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE