UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*            05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*              06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*           06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*              07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge*           08-4459 | * | |

**BARGE PLAINTIFFS' REPLY IN SUPPORT OF THEIR APPEAL
FROM THE DENIAL OF THEIR RENEWED MOTION FOR LEAVE
TO FILE THEIR REVISED PROPOSED SEVENTH AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES**

Barge Plaintiffs submit this Reply in support of their Appeal from the December 17, 2008 Order (Doc. # 16755) denying their December 1, 2008 Motion for Leave to File their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages (Doc. # 16572), in order to respond to the Corrected Memorandum of Lafarge North America, Inc., in opposition (Doc. 17168-3) and the Dock Board's Opposition (Doc. # 17137).

Lafarge's opposition to this appeal relies heavily on the Magistrate Judge's October 15, 2008, Order denying a **different** motion for leave to file a **different** proposed Seventh Amended Complaint, based on findings that are **no longer applicable**, and that could not have considered subsequent developments such as Plaintiffs' supplemented grounds for the new motion, Plaintiffs' cure of the prejudice the Magistrate Judge had previously found, Lafarge's attempt to

prejudice plaintiffs for the denial of leave to file the revised version of the proposed Seventh Amended Complaint, and the advent of subsequent Fifth Circuit authority. Lafarge argues that the Magistrate Judge considered the new Motion, the supplemented representations, the cure of the only prejudice the Magistrate Judge had previously found, and Lafarge's actions after the ruling.

However, the record does not show that the Magistrate Judge did **any** of the things Lafarge represents to have been done. Instead, the Magistrate Judge treated Plaintiffs' December 1, 2008 Motion and the revised proposed Seventh Amended Complaint as if nothing at all had changed. If that treatment is considered a finding, as Lafarge seems to argue, it is clearly erroneous. If it is considered an exercise of discretion, it was a clear abuse of discretion.

Lafarge facially accepts that controlling law of the Fifth Circuit allows adjustments and refinements in class plaintiffs' definition of the class they seek to certify. *In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004), *cert. denied sub nom. American Nat. Ins. Co. v. Bratcher*, 543 U.S. 870 (2004). Its argument would make that controlling law a nullity, however, if class plaintiffs had not been prescient, and anticipated every such subsequent adjustment and refinement in a Complaint or Amended Complaint filed far earlier. It is impossible to reconcile Lafarge's draconian position that Barge Plaintiffs had the duty <u>two years ago</u> to plead the exact class they seek to certify with the Fifth Circuit's case law to which Lafarge pays facial respect.

The practicalities of large-scale litigation recognized in *Monumental Life Insurance* do in fact require constant re-assessment and refinement until the final submission is made. The Fifth Circuit determined in *Anderson v. U.S. Dept. of Housing and Urban Development*, __ F.3d __,

2008 WL 5412870 (5th Cir. Dec. 31, 2008), that any class certified must follow the structure of the class claims pleaded in the class Complaint.  It necessarily follows that the class Complaint pursuant to which the class certification decision is made must also be subject to simultaneous re-assessment and refinement.  That syllogism is as pragmatic as it is logical.  Lafarge's argument that Plaintiffs should have made such amendments two years ago, or even one year ago, cannot be reconciled with these decisions or the practicalities of class litigation.

Lafarge seeks to fault plaintiffs for failing to appeal the Magistrate Judge's October 15, 2008, Order.  Plaintiffs properly thought it more fruitful to cure the problems identified by the Magistrate Judge and present a new Motion and revised Seventh Amended Complaint unburdened by those problems.  Plaintiffs were entitled to have their December 1, 2008 Motion and the subsequent events considered on its merits, and not treated as if nothing had changed.

Lafarge continues to argue that Plaintiffs would not be prejudiced by denial of the amendment.  It ignores *Anderson*'s insistence that the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), **apply generally**, not just in the field of antitrust law, and the consequent need for an amendment that lays out the allegations of negligence on which plaintiffs rely to support liability.  Lafarge claims at p. 6 that its forbearance at this point in time, or Plaintiffs' request for judicial notice, dispels the need to correct the geographic correction of the class, but Lafarge's attempt to prejudice Plaintiffs because of the October 15, 2008 denial of leave to file the original proposed Seventh Amended Complaint shows that it may attempt to prejudice Plaintiffs as to this point, or failure to meet the *Twombly* requirement of detailed fact pleading, in any appellate review of this Court's ultimate decision on class certification.

Lafarge argues that its arguments on class certification would somehow be thrown into disarray by allowance of the amendment, but on examination there is little substance to the argument. Allowance of the amendment would certainly block Lafarge's attempt to use denial of the amendment to prejudice Plaintiffs, but blocking that unfair attempt is not the undue prejudice with which the rule is concerned. Lafarge would still be able to make the same arguments based on discovery responses that lie at the heart of its argument on prejudice. Lafarge's Corrected Memorandum at 8. If the amendment is allowed, Lafarge can at any time submit a one- or two-page document updating its cross-references to the operative Complaint and can also make any desired adjustment to its points at oral argument.

The Dock Board's Opposition continues to make the same assertion of prejudice as to its pending summary judgment motion against Lafarge, based on references to maritime tort damages in the revised proposed Seventh Amended Complaint, but has ignored the fact that its entire argument before the Magistrate Judge was based on the fact that a Rule 9(h) election enables Lafarge to rely on Rule 14(c), Fed. R. Civ. Pro., in asserting its third-party claims, and that Lafarge had mooted this objection on November 4, 2008 when it withdrew its efforts to seek relief under Rule 14(c). No matter how many times it is repeated, repetition of a moot point does not destroy its mootness and resurrect a plausible claim of prejudice.

Lafarge, we respectfully submit, is attempting to curb this Court's discretion as to class certification by opposing this appeal. The Dock Board simply does not want to admit it made a mistake in opposing Plaintiffs' December 1 Motion.

Allowance of this appeal and the proposed amendment would cure the prejudice to Plaintiffs, remove the constraints Lafarge is silently attempting to place on this Court's

discretion in the decision on class certification, allow any appeal from that decision to be based on the merits and not be sidelined by procedural questions, and cause no undue prejudice to defendants.  In these circumstances, leave to amend should be "freely given," as the Supreme Court directed in *Foman v. Davis*, 371 U.S. at 182.

    Respectfully submitted,

    /s/ Dylan Pollard
    SHAWN KHORRAMI  (CA Bar #180411)
    DYLAN POLLARD  (CA Bar #180306)
    MATT BAILEY  (CA Bar #218685)
    444 S. Flower St., Thirty-Third Floor
    Los Angeles, California 90071
        Telephone:     (213) 596-6000
        Facsimile:     (213) 596-6010
        skhorrami@kpalawyers.com
        dpollard@kpalawyers.com
        mbailey@kpalawyers.com

    /s/ Brian A. Gilbert
    Brian A. Gilbert, Esq. (21297)
    LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
    821 Baronne Street
    New Orleans, Louisiana 70113
        Telephone: (504) 885-7700
        Telephone: (504) 581-6180
        Facsimile: (504) 581-4336
        e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
   Telephone: (504) 581-6180
   Facsimile: (504) 581-4336
   e-mail: lawrence@wiedemannlaw.com,
   karl@wiedemannlaw.com, karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
   Telephone: 504-834-0646
   e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
   Voice: 202-862-4320
   Cell:    202-549-1454
   Facsimile:  800-805-1065 and 202-828-4130
   e-mail: rick@rickseymourlaw.net

   Attorneys for Barge Plaintiffs

Dated: January 20, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document, its attachments, the accompanying proposed form of Order, and the accompanying Notice, have been served upon counsel of record, by ECF upload, this 20th day of January, 2009.

/s/ _____
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
    Voice: 202-862-4320
    Cell:    202-549-1454
    Facsimile:  800-805-1065 and 202-828-4130
    e-mail: rick@rickseymourlaw.net,