UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| | * | |

**STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF**
**CONSOLIDATED MOTION FOR SUMMARY JUDGMENT**

National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union"), defendant, through undersigned counsel, provides the following statement of uncontested facts in support of its motion summary for judgment filed simultaneously herewith:

1.  All of the plaintiffs in all of the cases under the "Levee" caption (collectively "the Plaintiffs") seek monetary and other relief as a result of damage to property they owned in Jefferson and Orleans Parishes, Louisiana, which occurred in the days following the landfall of Hurricane Katrina on or about August 29, 2005. (Appendix, pp. pp.0010, 0013, 0015, 0017,

1

0019, 0021, First Supplemental and Amending Levee Master Consolidated Class Action Complaint ("Master Complaint"), ¶¶17 & 18(a) – (e)).[1]

2.    The Plaintiffs allege that National Union is the insurer of, and liable for the negligence of, the Board of Commissioners of East Jefferson Levee District ("EJLD"). (Id., p.0037, ¶85).

3.    EJLD was first named as a defendant in *Gayle T. Bennett, et al. v. Board of Commissioners for the East Jefferson Levee District, et al.*, Docket No. 07-3130 ("Bennett") (Appendix, pp.0067-0081) filed August 28, 2006 and served on EJLD on September 12, 2006; in *Leslie Sims, Jr., et al. v. The Board of Commissioners of the Orleans Levee District, et al.*, Docket No. 06-5116 ("Sims")(Appendix, pp.0082-0107); and in *Elizabeth H. and William Keith DePass, et al. v. The Board of Commissioners of the Orleans Levee District, et al.*, Docket No. 06-5127 ("DePass")(Appendix, pp.0108-0133) both filed on August 28, 2006 and served on EJLD on October 16, 2006.

4.    National Union issued the following policies of insurance in which ELJD was the named insured:

      a) Policy no. 435-45-04, effective 1/9/90 to 1/1/91 ("the 1990 Policy")(App. pp.0134-0151);

      b) Policy no. 436-82-32, effective 1/1/91 to 1/1/92 ("the 1991 Policy")(App. pp.0152-0176);

      c) Policy no. 874-97-47, effective 1/1/02 to 1/1/03 ("the 2002 Policy")(App. pp.0177-0206);

      d) Policy no. 985-89-92, effective 1/1/03 to 1/1/04 ("the 2003 Policy")(App. pp.0207-0238);

---

[1]    For ease of reference and clarity, National Union has sequentially numbered all exhibits and attachments and provided them in an Appendix. Citation is made to the page number of the index rather than the specific document attached.

      e) Policy no. 661-53-60, effective 1/1/04 to 1/1/05 ("the 2004 Policy")(App. pp.0239-0274);

      f) Policy no. 978-27-27, effective 1/1/05 to 1/1/06 ("the 2005 Policy")(App. pp.0275-0309);

      g) Policy no. 625-49-23, effective 1/1/06 to 1/1/07 ("the 2006 Policy");

      h) Policy no. 966-04-68, effective 1/1/07 to 1/1/08 ("the 2007 Policy") (App. pp.310-340).

5. All claims against the 2006 Policy have been dismissed. (Doc. 14631, Order & Reasons).

6. The 2002 to 2005 and 2007 policies state that National Union agrees:

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages resulting from any Claim first made against the Insured during the Policy Period or the Discovery Period (if applicable) and reported to the Company pursuant to the terms of this policy for any Wrongful Act of the Insured in the performance of duties for the Public Entity.

(Appendix, pp.0196, 0227, 0260, 0289, 0323, Policies for 2002 to 2005 & 2007). Thus, only claims first made during the policy period trigger the insuring agreements of these policies.

7. The 1990 and 1991 Policies state:

A. The Company will pay on behalf of the Insureds all Loss which the Insureds shall be legally obligated to pay for any civil claim or claims *first made* against them because of a Wrongful Act, *provided that the claim is first made during the policy period and written notice of said claim is received by the Company during the policy period.*

B. The Company will reimburse the Public Entity for all Loss which the Public Entity shall be required by law to indemnify the Insureds for any civil claim or claims *first made* against them because of a Wrongful Act, *provided that the claim is first made during the policy period and written notice of said claim is received by the Company during the policy period.*

C. The Company will pay on behalf of the Public Entity all Loss which the Public Entity shall be legally obligated to pay for any civil claim or claims *first made* against it because of a Wrongful Act, *provided that the claim is first made during the policy period and written notice of said claim is received by the Company during the policy period.*

(Appendix, pp.0136 & 0155, 1990 and 1991 Policies). Again, only claims first made during the policy period trigger the insuring agreements of these policies.

3

8. National Union has identified only one other policy it issued, which is numbered 656-11-01 ("the 1989 Policy"). It is the policy immediately prior to the 1990 Policy and is a claims-made-and-reported policy. No other policies have been identified other than the 1989, 1990, 1991, 2002, 2003, 2004, 2005, 2006 and 2007 Policies. (App. pp.0341-0343, Affidavit).

9. The policy numbered 884-78-97 was not issued to East Jefferson Levee District or its Board of Commissioners. (Id.).

10. The Plaintiffs first made a claim against EJLD in 2006 and therefore only the 2006 Policy has been triggered. Since none of the other policies National Union issued is triggered, National Union is entitled to judgment as a matter of law, dismissing all claims with prejudice.

**WHEREFORE** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully prays that its motion for summary judgment be GRANTED, the complaints and claims against it in all of the matters designated as "Levee" be DISMISSED WITH PREJUDICE at plaintiffs' cost, and for all other relief deemed just and proper.

Respectfully submitted,

  /s/  Karen M. Dicke_____
**KAREN M. DICKE (#24781)**
**GEORGE D. FAGAN (#14260)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
Email: kdicke@leakeandersson.com
          gfagan@leakeandersson.com

4

5

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record on January 23, 2009, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

                         /s/ Karen M. Dicke

F:\38803\2-Pleadings\National Union\word versions\MSJ\Final\MSJ - uncontested facts.doc