UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K" (2) |
| PERTAINS TO: INSURANCE | * | |
| Master Consolidated Class Action | * | JUDGE DUVAL |
| Complaint (Doc. No. 3413) | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |

**************************************************************************

### THE INSURANCE PSLC'S MEMORANDUM IN OPPOSITION TO THE INSURANCE COMPANY DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS FROM THE INSURANCE MASTER COMPLAINT

MAY IT PLEASE THE COURT:

The Plaintiffs' Liaison Counsel Joseph M. Bruno, Calvin C. Fayard, Jr. Insurance PSLC Liaison Counsel, and Insurance PSLC members John Ellison, James Garner, Jerry Joseph McKernan, and Drew Ranier (hereinafter collectively referred to as "the Insurance PSLC") submit this memorandum in opposition to the Insurance Company Defendants' Motion to Strike the class allegations contained in the Master Consolidated Class Action Complaint (Doc. No. 3413), and respectfully request this Honorable Court deny the Insurance Company Defendants' motion to strike. Alternatively, if the Court is compelled to grant the Insurance Company

1

Defendants' motion to strike, then the Insurance PSLC suggest that the Insurance Company Defendants be required to inform their insureds, through a court-approved and supervised process, of the striking of the class allegations in the Master Consolidated Complaint and the rights which each insured has to pursue a claim against its insurer on an individual basis.

## I.   THIS ACTION MAY BE MAINTAINED AS A CLASS ACTION, AT LEAST IN PART, PURSUANT TO ESTABLISHED JURISPRUDENCE.

The Insurance PSLC acknowledges, as the Insurance Company Defendants point out, that the scope of certification in this action has become more streamlined over the last year. The resolution of the *water damage exclusion* under the various insurers' policies, particularly in the *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008) and the *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007), *cert. Denied*, 128 S. Ct. 1231 (2008) cases, has removed a key issue from these proceedings. Nevertheless, class certification is still appropriate in this action under the Master Consolidated Complaint (Doc. No. 3413), on other grounds. More importantly, while the Insurance Company Defendants cite to this Court select federal court decisions denying class certification in other actions, they fail to inform this Court of direct precedential state court decisions certifying class actions arising from identical Hurricane Katrina and Rita claims presented in the Master Consolidated Complaint (Doc. No. 3413).

The claims presented in the Master Consolidated Complaint involve questions of substantive state insurance law. This action was originally filed in state court and removed on the grounds of diversity jurisdiction. A federal court, in a diversity case, must apply state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In fact, the Fifth Circuit has clearly stated that state substantive law governs this specific action. *See In re Katrina Canal Breaches Litigation*,

2

495 F.3d at 206. And, while Louisiana appellate and lower court decisions may not be binding authority upon this Court, uniformity and consistency in those courts' decisions should not be blindly ignored, as the Insurance Company Defendants apparently have. *See generally American International Specialty Lines Insurance Co. v. Canal Indemnity Co.,* 352 F3d 254, 261 (5th Cir. 2003). This is particularly important when like claims and common defendants are presented in these state court actions. Of equal importance is the simple fact that Louisiana's class action rules were amended several years ago to mirror Federal Rule of Civil Procedure 23. *Compare La. Code of Civ. Proc. art.* 591 *with* F.R.C.P. 23(a) and (b).

To this end, the Insurance PSLC directs this Court to the state court class certification decisions in the cases of *Oubre v. Louisiana Citizens Fair Plan,* 2007-CA-66 (La. App. 5th Cir. 5/29/07); 961 So. 2d 504, *writ denied,* 2007-1329 (La. 9/28/07); 964 So. 2d 363 (currently pending in the 22nd Judicial District Court for Parish of Jefferson before Judge Sullivan), and *Orrill v. AIG, Inc.,* No. 05-11720, Div. "L", Sec. "6", Civil District Court, Parish of Orleans, Judge Reese presiding (a copy of the Judgment and Reasons for Judgment certifying the action are attached hereto as Exhibits "A" and "B", respectively).[1] Contrary to the Insurance Company Defendants' assertion in their motion before this Court that "claims for alleged breach of contract

---

[1] In addition to the *Oubre* and *Orrill* cases, the Insurance PSLC would also inform the Court of the state court case of *Press v. Louisiana Citizens Fair Plan Property Insurance Corporation,* No. 2006-05530, Div. "F", Civil District Court, Parish of Orleans, Judge Magee presiding (a copy of the Judgment and Reasons for Judgment certifying the action are attached hereto as Exhibits "C" and "D", respectively). The allegations contained in the *Press* action deal with the alleged failure to adjust for the costs of a general contractor's profit and overhead, and are not specifically plead in the Master Consolidated Complaint. The allegations contained in the *Press* case appear to be identical to those allegations presented to Judge Vance in the *Nguyen v. St. Paul Travelers Ins. Co.,* 2008 WL 4691685 (E.D. La. 2008), and in which Judge Vance denied the plaintiff's motion for class certification.

3

and bad faith" cannot be decided on a classwide basis (the Insurance Company Defendants' Memorandum in Support of Their Motion to Strike, at p. 2), both of the foregoing state courts has certified or affirmed the certification of an action for breach of duties owed to policyholders arising from Hurricanes Katrina and Rita. Specifically, these actions have certified classes of Hurricane Katrina and Rita policyholders against Louisiana Citizens for failing to timely initiate loss adjustment following receipt of the class member policyholders' notice of property damage.

In *Oubre, supra*, the Louisiana Fifth Circuit, Court of Appeal examined the propriety of certifying a class action against an insurance company for breaching contractual and statutory obligations to its policyholders. The court recognized that the plaintiffs' ultimate success on the merits was not determinative of the question to certify or not, but rather whether the prerequisites of La. Civ. Proc. art. 591–which are identical to F.R.C.P. 23–were satisfied:

> When reviewing the trial court's ruling regarding class certification, we do not consider whether plaintiffs' claims state a cause of action or have substantive merit, or whether plaintiffs will ultimately prevail on the merits. *Schexnayder v. Entergy Louisiana, Inc.*, 04-636 (La. App. 5 Cir. 3/29/05), 899 So.2d 107, 113, *writ denied*, 05-1255 (La.12/9/05), 916 So.2d 1058. Rather, our task is to examine plaintiffs' legal claims and to determine only whether a class action is the appropriate procedural device in light of established Louisiana criteria. *Id.*

*Oubre*, 961 So. 2d at 509.

The court's analysis focused on the very matters which the Insurance Company Defendants in the case at bar assert are inappropriate and unable to be certified before this Court, namely, the predominance of common questions of law and fact over individual questions. *Id.* at 510-11.

The *Oubre* court noted that "[t]he test for commonality requires only that there be at least one issue the resolution of which will affect all or a significant number of putative class members." *Id.* at 510 (citation omitted). The United States Fifth Circuit has repeatedly expressly

4

recognized the same identical test in its decisions on class certification. *See e.g., James v. City of Dallas,* 254 F.3d 551, 570 (5th Cir. 2001) ("the commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members'.") (citations omitted); *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 625 (5th Cir. 1999) (same); *and Lightbourn v. County of El Paso, Texas,* 118 F.3d 421, 426 (5th Cir. 1997) (same). The *Oubre* court went on to examine the commonality issue presented by the underlying claim that Louisiana Citizens failed to timely initiate loss adjustment within the statutory thirty (30) days as provided by La. R.S. § 22:658.[2] The court held that resolution of common questions of law and fact predominated over individualized questions, and was superior to individual actions. *Oubre,* 961 So. 2d at 510-12.

> As such, the court affirmed the certification of the class as follows:
>
> All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as LCPIC, who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.

*Id.* at 513.

The court further correctly noted that the class in that case was "defined objectively in terms of ascertainable criteria." Id.; *see also* Manual for Complex Litigation § 21.222 ("Defining the class is of critical importance . . . [t]he definition must be precise, objective, and presently ascertainable.") Moreover, the court found no merit to the defendant Louisiana Citizens' argument that "the class definition is vague, indeterminate, or overbroad." *Id.*

Similarly, Judge Reese of the Civil District Court of Orleans Parish found the standard

---

[2] La. R.S. § 22:658 was renumbered, and is now cited as § 22:1892.

state and federal civil procedural perquisites to class certification satisfied in the *Orrill* case, *cited supra*. The *Orrill* case presented the same or nearly the same allegations as those presented in the *Oubre* case (i.e., the failure of Louisiana Citizens to timely initiate loss adjustment of policyholder claims as mandated by La. R.S. § 22:658). More importantly, the ability to certify these actions as class actions was clearly revealed in the recently publicized efforts to settle the *Orrill* action as a class action for penalties claims under § 22:658 for $35,000,000.00 by Louisiana Citizens. (A copy of the Preliminary Approval Order and Notice of Settlement to Class Members are attached as Exhibits "E" and "F", respectfully). In fact, the Insurance PSLC understands that Judge Reese has already begun the process of determining the fairness of this settlement.

Further, the Insurance PSLC members note that they are aware that claimants before this Court in actions involving Louisiana Citizens have opted-out of the *Orrill* proposed settlement. Claimants whose cases are removed to federal court on diversity jurisdiction grounds should not be denied the same rights of recovery which are bestowed upon state law claimants, especially when there is no demonstrable difference between their state law causes of action. This is equally important considering the very defendant involved in the *Oubre* and *Orrill* cases–Louisiana Citizens–is also a defendant in the Master Consolidated Complaint and a signatory to the Insurance Company Defendants' motion to strike the very class allegations to which they have been held accountable in state court (not to mention the settling of those claims). The most fundamental principles of justice cry against such disparate treatment of policyholders. Moreover, the same statutory and contractual obligations owed policyholders under Louisiana substantive law equally apply to all the Insurance Company Defendants in the Master

Consolidated Complaint and not solely to Louisiana Citizens.

An examination of the Master Consolidated Complaint clearly reveals the prima facie satisfaction of the same exact claims asserted in the *Oubre* and *Orrill* matters. The Master Consolidated Complaint clearly sets forth the basic precepts necessary for class certification (e.g., numerosity, typicality, commonality, etc.). Moreover, the Master Consolidated Complaint is replete with allegations of breaches by the Insurance Company Defendants to properly, fairly and timely adjust claims under the policies and state law. The Master Consolidated Complaint, at Section III(F), expressly pleads breaches of the Insurance Company Defendants' obligations under La. R.S. §§ 22:658 and 22:1220.[3] Accordingly, there is no reasonable or rational basis for distinguishing the so-called "bad faith allegations" contained in the Master Consolidated Complaint from those found to be properly certifiable in the *Oubre* and *Orrill* cases.

As such, this Court should deny the Insurance Company Defendants motion to strike. At the very least, in light of the *Oubre* and *Orrill* decisions, the Insurance PSLC would respectfully suggest that the Court should defer ruling on the Insurance Company Defendants' motion to strike until or at a time the Court decides a motion to certify this action as a class action for bad-faith damages or penalties owed putative class members pursuant to state law.

As noted, the law is clear that certification only needs to be available as to one issue, not all. There can be no doubt that a class may, and should, be certified against the Insurance Company Defendants for bad-faith damages consistent with the *Oubre* and *Orrill* decisions. Thus, the motion must be denied, and any further challenges to the validity of these claims deferred until trial of the certification issues.

---

[3] La. R.S. § 22:1220 was recently renumbered, and is now cited as § 22:1973.

## II. IF THE COURT GRANTS THE MOTION TO STRIKE, THEN PUTATIVE CLASS MEMBERS SHOULD BE INFORMED OF THEIR RIGHTS

The Insurance PSLC respectfully suggest that the granting of a motion to strike the class allegations in the Master Consolidated Complaint is an extreme remedy requested by the Insurance Company Defendants against their policyholders. Individual policyholders' claims against their respective insurers should not be prejudiced by the granting of the pending motion to strike. Therefore, the Insurance PSLC suggest that if the Court grants the motion to strike, that the Court require the Insurance Company Defendants to notify their individual policyholders of the dismissal of the class allegations in the Master Consolidated Complaint and the existence of their individual rights which flow back to them as putative class members following the demise of the class allegations. As court-appointed counsel to protect the interests of the tens of thousands of policyholders who comprise the putative class members under the Master Consolidated Complaint, the Insurance PSLC further respectfully suggest that any such notice should be approved by the Court and issued under the Court's guidance.

Notice is always an important aspect of any class action. In this case, notice is of heightened importance. So much has transpired over the last three years since Hurricanes Katrina and Rita struck South Louisiana. Policyholders are still bombarded with regular news reports and stories about case decisions which could certainly confuse even the most attuned and astute putative class member. For these reasons, notice must be given directly to the putative class members and in a form in which each can readily understand and know their rights. The Insurance PSLC suggest the Insurance Company Defendants are properly situated to carry out this task of notification, and such notification is consistent with their already existing obligations

8

under state law.

This need for notification is supported by the recent state and federal court decisions in *Pitts v. Louisiana Citizens Property Insurance Corp.*, 2008-1024 (La. App. 4th Cir. 1/7/09); 2009 WL 103979 and *Taylor v. United Parcel Service, Inc.*, 07-31000 (5th Cir. 12/30/08); 2008 WL 5401487, affirming the interruption of prescription by the filing of class action complaints. Additionally, each Insurance Company Defendant in this action owes the same statutory obligations to its individual insureds. Those obligations not only include the generally accepted obligations to fairly, promptly and timely adjust claims, but also not to "mislead[] a claimant as to the applicable prescriptive period." La. R.S. § 22:1973 (formerly § 22:1220). These obligations are a matter of statutory law and may not be waived. Failure to comply with these obligations subject the insurer to penalties as enumerated in Louisiana statutory law and as reiterated in the Master Consolidated Complaint.

Thus, the obligation to notify an insured of any relevant prescriptive period, is equally present if the prescriptive period changes. It is a matter of horn book law that the denial or striking of class allegations in an action terminates the interruption or suspension of prescription or applicable statute of limitations enjoyed by members of the putative class. Putative class members may thus be confronted with a potential very limited time table (which they may not know or understand absent proper notification), in which to pursue any individual claim protected for them under the previously pending class action. There is certainly no prejudice to the Insurance Company Defendants in requiring them to do what the law already requires them to do. Moreover, if the class action allegations are struck from this action, it will be from their own efforts and no one else's.

Accordingly, if the Court grants the motion to strike, the Insurance PSLC respectfully requests that this Court order the Insurance Company Defendants to notify their individual insurers of the dismissal of the class allegations from the Master Consolidated Complaint and of their individual rights, including their right to file suit against their insurer.

## CONCLUSION

For the foregoing reasons, the Insurance PSLC respectfully requests this Honorable Court deny the Insurance Company Defendants' motion to strike. Alternatively, if the Court grants the motion, then the Insurance PSLC respectfully requests the Court order the Insurance Company Defendants to notify their individual policyholders as plead herein.

Respectfully submitted,

/s/ Joseph M. Bruno
Joseph M. Bruno
PLAINTIFFS' LIAISON COUNSEL
jbruno@jbrunolaw.com
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 561-6776
Fax: (504) 561-6775

FOR THE INSURANCE PLAINTIFFS
SUBGROUP LITIGATION COMMITTEE

Calvin C. Fayard, Jr. (La. Bar No. 5486)
LIAISON COUNSEL – INSURANCE PSLC
calvinfayard@fayardlaw.com
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

John N. Ellison, Esq.
jellison@andersonkill.com
ANDERSON, KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Ph: (215) 568-4202
Fax: (215) 568-4375
*Admitted Pro Hac Vice*

AND

James M. Garner (La. Bar No. 19589)
jgarner@shergarner.com
SHER, GARNER, CAHILL, RICHTER, KLEIN,
& HILBERT
909 Poydras Street, Suite 2800
New Orleans, LA 70112
Ph: (504) 299-2100
Fax: (504) 299-2300

AND

Joseph J. McKernan (La. Bar. No. 10027)
jemckernan@mckernanlawfirm.com
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, LA 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew A. Ranier (La. Bar No. 8320)
drainer@rgelaw.com
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter.

/s/ Joseph M. Bruno
JOSEPH M. BRUNO
