CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 05-11720     DIVISION "L"     SECTION "6"

TONI SWAIN ORRILL AND OSCAR MAGEE, INDIVIDUALLY, AND ON BEHALF OF THE CLASS

VERSUS

AIG INC.; AIG CONSULTANTS INC.; AIG.COM, INC.; AIG DOMESTIC CLAIMS INC., d/b/a AIG CLAIMS SERVICES; AUDUBON INSURANCE COMPANY d/b/a AUDUBON INSURANCE GROUP; and ABC, DEF, AND GHI INSURANCE COMPANIES, INDIVIDUALLY AND AS ADMINISTRATORS OF THE LOUISIANA CITIZENS' FAIR PLAN

FILED:_____     DEPUTY CLERK

FILED OCT 2 1 2008
J. Jimenes
DEPUTY CLERK

## REASONS FOR JUDGMENT

This matter came for trial on Plaintiff's Motion to Certify a Class Action. Following trial on July 25, 2007, this matter was submitted for decision after receipt of all post-trial memoranda.

Plaintiffs filed suit against the above-named defendants alleging damages that occurred as a result of the defendant's failure to adequately provide the class members access to monetary relief; maintain sufficient monetary reserves to timely pay advances and/or losses to the class members; establish [pre-Katrina] the necessary capabilities to timely and efficiently handle claims of the class members; and finally, that the defendants failed to provide timely loss adjustments and/or timely payment for all insured losses as required by applicable law.

This Court must determine whether class action is the most appropriate and effective method of litigation in this case. "The purpose and intent of the class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated..." *Doerr v. Mobil Oil Corp.*, 811 So.2d 1135 (2002). The plaintiffs, as the party seeking to maintain the class action, bear the burden in demonstrating compliance with all statutory elements. Specifically, the plaintiffs must establish that all aspects of article 591(A) of the Louisiana Code of Civil Procedure are met, and further, that one criterion from 591 (B) has been satisfied.

The first prerequisite for certifying a class is numerosity. While no Court has specified a minimum number, the plaintiffs must establish that the number of potential members in the class is so large that joinder of all members is impracticable. Besides considering the number of

**Exhibit B**

putative plaintiffs, this Court must consider the judicial economy in avoiding a multiplicity of lawsuits, financial resources of class members, and the size of the individual claims. *Davis v. Jazz Casino*, 864 So.2d 880 (2004).

As of February 21, 2006, Citizens reported that 62,371 claims had been filed. Based on the testimony from Mr. Terry Michael Lisotta, CEO of Louisiana Citizens Fair Plan, approximately 15,000 claims were initially taken from August 29, 2005 [the day Hurricane Katrina hit] until September 15, 2005 by AIGCS (hereinafter 'Audubon'). Those initial claims taken by Audubon, in conjunction with the claims received by Citizens from September 22, 2005 (date of re-operation) until October 31, 2005, computes to approximately 30,000. Mr. Lisotta testified that by December 1, 2005, the number of claims totaled around 59,000, and only 20%, or 12,000, of those claims were resolved. Assuming that the claims were resolved in the order in which they were received, there would remain approximately 18,000 unresolved claims past the 30-day requirement of La. R.S. 22:658. Therefore, because of the large number of possible claims, class action, and not joinder, is the most appropriate method of litigation. Otherwise, separate suits on this issue would create an overflow of litigation for the Court. Thus, because of the large number of claimants, and the heavy burden of time and expenses for the Court, counsel, and claimants, the prerequisite of numerosity has been satisfied.

Commonality, the second requirement for class certification, is satisfied when common questions of law and fact predominate over individual issues. *Oubre v. Louisiana Citizens Fair Plan*, 961 So.2d 504 (La. App. 5 Cir. 2007). Commonality can be evaluated and determined by examining each issue and looking at which questions prevail in that particular case. *Id*. Besides all of the property insurance claims arising from the same event, i.e. Hurricane Katrina, Plaintiffs argue that the putative class members all share three issues of law and fact. However, "the test for commonality requires only that there be at least one issue the resolution of which will affect all or a significant number of putative class members." *Duhe v. Texaco, Inc.* 779 So.2d 1070 (2001). Based on the claims records submitted, 57% of the putative class members reported that an adjuster had not been out to their property. Louisiana Revised Statute 22:658 (A) (3) states, "In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant." Further, 67% of the class that did have an adjuster evaluate their property reported that it took more than thirty days for the adjustment to be made.

Moreover, nearly 100% of the claims submitted by the Plaintiffs, indicate that insureds did not receive payment in a timely (30 days) fashion after an adjuster inspected their property. Louisiana Revised Statute 22:658 (A) (1) states, "All insurers issuing any type of contract...shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured." Testimony from a potential class representative and evidence taken from the claim records submitted confirms that payment received after an adjustment (whether timely or not) well exceeded the thirty-day requirement. Thus, the common questions of law and/or fact shared by the putative members of this class are the failure of an adjustment to be made, failure of a timely adjustment, and/or failure to timely pay adjusted losses after proof of loss.

Typicality is the third requirement of class certification. When the claims or defenses of the representative parties are typical of the claims or defenses of the class, the typicality requirement is satisfied. Mr. Oscar Magee, potential class representative, testified at the class certification hearing that he owned four properties in Orleans Parish that were insured by Louisiana Citizens Fair Plan and damaged during Hurricane Katrina. After making claims with Citizens for the damage, Mr. Magee experienced both delays in adjustment and in payment, if he received either at all. Based on those complaints submitted in the claims record, and his personal testimony, Mr. Magee is the typical plaintiff, or class member, in this case.

Under subsection (A) of La. C.C.P. Art. 591, the fourth element of class certification requires assurance that the representative parties will fairly and adequately protect the interests of the class. The success of the representatives' claims parallels the success of any class member. At the class certification hearing, Mr. Magee testified that he was a West Point graduate who at that time was currently enrolled in law school. Not only is he well-educated, and well-informed personally of the issues at hand, Mr. Magee has taken a legitimate interest in the frustrations and experiences of other Citizens insureds. His experiences with Citizens, including delays in contact, adjustment, and payments, have created a high level of frustration and a strong desire for resolution that will aid in his effective representation of interested parties. As such this Court finds that the named Plaintiffs in this matter would serve as adequate class representatives.

The fifth and final element for class certification under subsection (A) of La. C.C.P. Art. 591 requires that a class be objectively defined. Class definitions, "must be precise enough to establish which claims and which claimants will be subject to the final judgment of the court for

the application of res judicata." *Clement v. Occidental Chemical Corp.*, 699 So.2d 1110 (La. App. 5 Cir. 1997). Plaintiff's proposed class definition in this case is:

> "All persons in the geographical area adversely affected by Hurricane Katrina, including the parishes of Orleans, Jefferson, St. Tammany, St. Bernard, Plaquemines and St. Charles having commercial or residential fire, windstorm and hail and/or homeowner's, rental and/or flood hazard insurance issued by or through the Louisiana Citizens' Fair Plan, and/or the Coastal Plan, underwritten, administered and/or serviced by any one or more of the named defendants, who sustained injuries as a result of damage to their covered personal and/or rental property and/or real property and improvements who have been unable to contact their insurer(s), agent(s) and/or adjuster(s) and/or to obtain any immediate hazard or disaster relief, or assistance, or prompt and appropriate adjustment, as provided by their policies of insurance."

This Court holds that as currently defined the class definition is overly broad and too subjective. "A person should be able to determine readily if he or she is a member of the class." *Id.* at 1114. As currently defined, there are several portions of the definition which would hinder a putative class member from determining, for themselves, whether they are members of the class. The first portion describing the geographical area and specific types of insurance is extremely wide-ranging and unnecessary. Secondly, the portion including "who have been unable to contact their insurer(s), agent(s) and/or adjuster," would require sufficient discovery into each claim, and is thus overly subjective. More specifically, including this requested portion of the Plaintiffs' definition would require burdensome assessment into what constitutes contact. Finally, the portion regarding the ascertaining of immediate hazard or disaster relief, or assistance is too general as it cannot be definable one way or the other. Instead, the Court has decided to define the class as follows:

> "All persons insured by or through the Louisiana Citizens' Fair Plan, and/or the Coastal Plan, underwritten, administered and/or serviced by any one or more of the named defendants, who sustained damages as a result of Hurricane Katrina to their covered personal and/or rental property and/or real property and improvements who have been unable to receive prompt adjustment within thirty days after notification of their loss, and/or who did not receive a written offer to settle within thirty days after receipt of satisfactory proof of loss of that claim, as provided by their policies of insurance."

This revised definition will allow putative class members to easily identify whether or not they fit into this class action. Restricting the definition to untimely loss adjustment, and further, untimely payment after adjustment was made focuses on the most identifiable, objective class possible. In addition, it establishes those claimaints who will be subject to the final judgment of

the Court and subject to the effects of res judicata. While defendants may argue that this definition will still require extensive discovery into each individual case, they will be able to generally identify from their own records the number of adjusters available, turnaround on claims, and whether checks were written within the given time frame. Based on La. R.S. 22:658 (3), upon notification of loss, Citizens had the obligation to initiate loss adjustment within thirty (30) days. Thereby, including a specific number of days in the class will allow possible class members to easily ascertain whether their adjustment was prompt, and further, whether they are a potential member of the class. In addition, La. R.S. 22:658 (4) states that, "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim." For purposes of this class definition, satisfactory proof of loss can be defined by the date of adjustment. After the adjustment was made and the adjuster notified the insurance company of the loss, Citizens had thirty days in which they should have issued payment; those who experienced anything otherwise fall into the category of this class.

This Court has taken note of the decisions in both the *Oubre v. Louisiana Citizens Fair Plan* and *Chalona v. Louisiana Citizens Property Insurance Corporation* cases. In reaching a decision, this Court has added to the *Oubre* decision and chosen to differentiate slightly from *Chalona*. *Oubre* does not include in its class people who received untimely payment following an adjustment. However, based on claims records submitted in this case and testimony from named Plaintiffs, this Court holds that there is a sufficient group of putative members who experienced untimely and unnecessary delay in compensation from Citizens. In regards to the *Chalona* case from St. Bernard Parish, this Court has determined that inability to "receive prompt adjustment after notification of loss" is a criterion for possible class participation in this case. While *Chalona* held that it was not necessary for an adjustment to have been made within thirty days, this court holds that there are a sufficient number of people who did not have timely adjustment, or an adjustment at all, after appropriate notification to Citizens and therefore should be allowed to join the class on that issue alone.

Finally, in addition to the five criteria of La. C.C.P. Art. 591(A), Plaintiffs must satisfy one criterion of Art. 591(B) in order to obtain class certification. This Court, similar to the Courts in *Oubre* and *Chalona*, has determined that the Plaintiffs have fulfilled the requirement of 591(B)(3). This article requires the Court find, "that the questions of law or fact common to the

members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Because common characters of rights exist, such as failure to adjust, failure to adjust in a timely manner, failure to offer a settlement, and/or failure to offer a settlement in a timely manner, uniformity is established. Class action prevails over any other type of litigation method in this case, because each putative class member's claim revolves around the business practices of the Defendants and their duty to initiate timely adjustments and prompt payments. These larger issues predominate over any individual complaint thereby satisfying the superiority element and establishing class action as the most efficient means of litigation.

For the above-mentioned reasons, the Court finds in favor of the Plaintiffs. Specifically, this Court grants class certification under the adoption of the revised class definition as described by the Court above.

New Orleans, Louisiana this ⁄⁄ day of June, 2008.

JUDGE KERN A. REESE
DIVISION "L"