CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

DIVISION: "F"

NO.: 2006-05530

STEPHANIE PRESS, INDIVIDUALLY,

AND ON BEHALF OF OTHERS SIMILARLY SITUATED

VERSUS

LOUISIANA CITIZENS FAIR PLAN PROPERTY INSURANCE CORPORATION

## REASONS FOR JUDGMENT

This matter arises out of the Louisiana Citizens Fair Plan Property Insurance Corporation's (Hereinafter 'Citizens') alleged failure to pay General Contractor Overhead and Profit to certain insureds that suffered covered losses due to Hurricanes Katrina and/or Rita. On or about June 27th 2006 plaintiffs filed a *Petition for Damages* in which plaintiff, Stephanie Press, alleged that Citizens failed to pay her and persons similarly situated, General Contractor Overhead and Profit (Hereinafter 'GCOP').

Now before the Court is plaintiffs' *Motion for Certification of Class Action.* The first prerequisite for maintaining a class action is that the members of the class be *so numerous that joinder of all members is impracticable.* Gregory Achee, a supervisor with Central Claims, testified that he supervised 6,000 to 7,000 claims that did not include GCOP. Ellen Legier, a claims supervisor, testified that she estimated about 600 to 1,000 of her adjustments did not include GCOP. Plaintiffs offered the deposition testimony of Bryan Heyl, a claim examiner for Bankers Insurance Company. According to Mr. Heyl, Bankers Insurance Company (Hereinafter 'Bankers') was a service provider for Citizens. Mr. Heyl testified that he is not sure how many of the 20,000 Citizens claims adjustments handled by Bankers were calculated without the 20% GCOP. However, Mr. Heyl testified that   As such, the Court finds that the class is numerous enough that joinder is not a practical alternative; as such, the numerosity requirement for class certification is satisfied.

Second, the Court must determine whether common questions of law and fact exist among class members. Plaintiffs argue (1) that Citizens was required to pay GCOP

**Exhibit D**

to certain insureds, (2) that Citizens did not pay GCOP and (3) that those insureds should be compensated for the damages that resulted from Citizens' failure to pay. The Court finds that common issues of law and fact predominate and as such, the commonality requirement is satisfied.

Next, the requirements of typicality and adequacy of representation are met when the proposed class representatives prove that their claims are a cross-section of the claims of all class members. Plaintiffs offered the testimony of the following potential class representatives: Kimberly Boudreaux, Norris Warner, Gasper Giglio, and Cathy Smith. The Court finds that Kimberly Boudreaux is atypical of the members of the class because she had a contractor in place at the time of the adjustment and she submitted to Citizens the contractor's estimate, which the court believes included the contractor's overhead and profit. The Court finds that Norris Warren is also atypical of the members of the class because her claim file, Defendant's Exhibit 22, indicates that GCOP was factored into her adjustment. Furthermore, the Court is of the opinion that both Gasper Giglio and Cathy Smith meet the requirements of the class.

Cathy Smith testified that she spent $80,000.00 to repair her home, but was only paid $55,088.00. Ms. Smith also testified that she would be willing to waive her right to collect the shortfall so that she may serve as a class representative in the instant case. The Court recognizes that Ms. Smith's waiver could operate against her interests. However, after examination by the Court, Ms. Smith stated that she was willing and preferred to be a class representative.

The Court is of the opinion that the claims of Mr. Giglio and Ms. Smith are typical of the members of the entire class because they all arise out of Citizens' alleged failure to pay GCOP. As such, this Court finds that the typicality and adequate representation requirements are satisfied.

Lastly, the definability of the class by objective criteria is an essential requirement. Citizens argues that an insured would not be able to readily determine whether he/she is a member of the class because some estimates do not list GCOP as a line item, but instead includes it in the cost. The Court disagrees. In the instances where

GCOP is not a line item, it can be determined whether GCOP was included by comparing the value at the time of the adjustment, with what the insured was actually paid. Testimony was that the value at the time of adjustment could be determined by consulting the computer program and information used at the time of the adjustment. If the insured was paid 20% above cost, then GCOP was included, if the insured was paid an amount less than cost plus 20%, then GCOP was not included. Thus, the Court finds that it can be determined, with some effort, if the insured is a member of the class defined as follows: persons who had a Louisiana Citizens Property Insurance Corporation homeowners' insurance policy at the time of Hurricane Katrina and/or Hurricane Rita; and suffered covered damage to structures insured by that Louisiana Citizens Property Insurance Corporation homeowners' insurance policy as a result of Hurricane Katrina and/or Hurricane Rita; and the Louisiana Citizens Property Insurance Corporation's adjustment identifies three or more trades involved in the repairs; and payment was based on Louisiana Citizens Property Insurance Corporation's adjustment of damages; and the payment did not include 20% General Contractor Overhead and Profit.

As such, for the aforementioned reasons, the Court must grant plaintiffs' *Motion for Certification of Class Action.*

NEW ORLEANS, LOUISIANA this ____ day of _____, 2008.

JUDGE YADA T. MAGEE

RECEIVED AUG 0 6 2009

Civil District Court for the Parish of Orleans
STATE OF LOUISIANA

Section: 10 - F

No. 2009 - 06530

PRESS, STEPHANIE
versus
LOUISIANA CITIZENS FAIR PLAN PROPERTY INSURANCE CORPOTATION

Date Case Filed: 0/27/2006

NOTICE OF SIGNING OF JUDGMENT W/ REASONS

TO:

Mark W Smith Esq          14447
1001 N.CAUSEWAY BLVD
SUITE B.
Metairie          LA 70001

John W Waters Jr Esq .          13258
Ste 2200
1010 Common St
New Orleans          LA 70112-4947

I certify that a copy of this notice
has been mailed to each attorney or
party in proper person.

Carla Scott-Robinson
Minute Clerk

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
in the above entitled and numbered cause was signed on     August 4, 2009
New Orleans, Louisiana.
August 4, 2009

MINUTE CLERK