FILED
2008 OCT -1 P 4:31
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2005-11720                                DIVISION: "L"

TONI SWAIN ORRILL, INDIVIDUALLY
AND ON BEHALF OF THE CLASS

VERSUS

AIG, INC., AIG CONSULTANTS, INC., AIG COM, INC.,
AIG DOMESTIC CLAIMS, INC., D/B/A AIG CLAIMS SERVICES,
AUDUBON INSURANCE COMPANY D/B/A AUDUBON INSURANCE GROUP,
AND ABC, DEF, AND GHI INSURANCE COMPANIES, INDIVIDUALLY, ET. AL.

## PRELIMINARY APPROVAL ORDER

On October 1, 2008 the parties to this matter jointly moved this Court for an Order preliminarily approving their settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Joint Motion"). Upon considering the Joint Motion, the parties' Settlement Agreement and all attached exhibits, the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is ORDERED that:

1.   The terms of the Settlement Agreement are sufficiently fair, adequate and reasonable to allow dissemination of the notice of the proposed Settlement to Settlement Class Members. This determination is not a final finding that the Settlement Agreement is fair, adequate, and reasonable, but instead is a preliminary determination, subject to a further review at a Final Hearing to evaluate whether to provide final approval of the proposed settlement.

2.   The Parties have made a sufficient showing that a class should be certified for settlement purposes only, subject to a Final Hearing, with the Settlement Class consisting of persons who meet the following criteria:

*All present or past insured of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricane Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss and/or whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss,* ~~or their current personal and/or rental property and/or real property and improvements.~~

Exhibit E

1

If, for any reason, the proposed settlement is not approved, the current order certifying a settlement class shall be vacated nunc pro tunc and Defendant will retain all rights it now has to oppose certification of a class for litigation purposes.

3. The Court hereby appoints the following attorneys to represent the Settlement Class: Madro Bandaries, Greg DiLeo, Jeff Bernaird and/or Ray Orrill (collectively, "Settlement Class Counsel"). Plaintiffs Toni Swain Orrill and Oscar McGee, who are named plaintiffs in the Action and who are also parties to the Settlement Agreement, are hereby appointed representative Plaintiffs.

4. Bourgeois Bennett is hereby approved as the Claims Administrator.

5. JP Morgan Chase is hereby approved to handle the escrowed funds constituting the Qualified Settlement Trust referenced in the Settlement Agreement.

6. This Order, that this litigation may be maintained for purposes of settlement only as a class action and the appointment of Settlement Class Counsel, shall be *without* force or effect if: (a) the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form described in the Settlement Agreement, or (b) this Court's approval of the Settlement Agreement and/or entry of the Final Order and Judgment are reversed on appeal.

7. The Settlement Agreement shall be used for settlement purposes only. The fact of, or any provision contained in the Settlement Agreement or any action taken pursuant to it shall not constitute an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the present action or any of the Related Actions, or of any wrongdoing or liability of any kind on the part of Louisiana Citizens Property Insurance Corporation and/or any successor in interest. The Settlement Agreement shall not be offered or be admissible in evidence by or against Louisiana Citizens or cited or referred to in any other action or proceeding, *except* (a) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (b) in any action involving Plaintiffs, Settlement Class Members, or any of them, in which the allegations are based on the same factual bases and allegations set forth in this case, to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

8. The Class Notice and Publication Notice, and provisions for disseminating those materials described in and attached to the Settlement Agreement, are approved. These materials (a) provide the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear or object to or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient

2

notice to all persons entitled to receive notice, and (d) fully comply with Louisiana law and United States law. The Claims Administrator shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement.

FILED
2008 OCT
CIVIL
DISTRICT COURT

9.   Anyone who wishes to make a claim must submit a Claims Form as directed in the Class Notice which must be postmarked on or before the date set forth in the Class Notice, which shall be 45 days after the mailing of that notice pursuant to the Settlement Agreement. Claims will be paid by the Claims Administrator as provided in the Settlement Agreement following Final Approval.

10.   Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion by sending it to the Claims Administrator at the United States Post Office Box described in the Notice by first-class U.S. mail. The request for exclusion must be postmarked on or before the date set forth in the Class Notice, which shall be 33 days after the mailing of that notice pursuant to the Settlement Agreement.

11.   Anyone submitting a request for exclusion must (i) set forth his/her full name and current address, (ii) identify his or her Louisiana Citizens policy number and/or claim number which was subject to claims adjustment after August 29, 2005, and as a result of the occurrence of Hurricane Katrina and/or Rita, and (iii) specifically state his/her desire to be excluded from the Settlement Class.

12.   Anyone who falls within the Settlement Class definition and does not submit a request for exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

13.   Any Settlement Class Member who wishes to object to the proposed Settlement must file with the Clerk of this Court a written objection at their cost, including: (a) their full name, current address and telephone number, (b) their Louisiana Citizens policy number and/or claim number, (c) a written statement of all grounds for the objection accompanied by any legal support for their objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether the objector intends to appear at the Final Hearing, and (g) the objector's signature, even if the objector is also represented by counsel. Only Settlement Class Members may object to the Settlement.

14.   All Objections to the Settlement must also be served on Settlement Class Counsel and on Louisiana Citizens's counsel at the addresses set forth below:

MADRO BANDARES, PEC #25339
Post Office Box 56458 (70156)
938 Lafayette Street – Suite 204
New Orleans, Louisiana 70130
Telephone: (504) 218-4815
Fax: (504) 324-0684
Email: madro.att.net@gmail.com

GREGORY P. DI LEO, LSBA, #4943
JENNIFER B. EAGAN, LSBA, #19847
300 Lafayette Street – Suite 101
New Orleans, LA 70130
Telephone: (504) 522-3456
Fax: (504) 522-3888
Email: gregorydileo@gmail.com

JEFFREY BERNIARD, LSBA, #29088
Berniard Law Firm
625 Baronne Street
New Orleans, LA 70113
Telephone: (504) 527-6225
Fax: (504) 617-6300
Email: jeffberniard@gmail.com

R. R. ORRILL, JR., (10239)
1010 Common Street – 31st Floor
New Orleans, LA 70112
Telephone: 299-8724
Fax: 299-8735
Attorneys for Toni Swain Orrill, et. al.

-AND-

JOHN E. UNSWORTH, JR., #09477
JOHN T. CULOTTA, #17272
DARREN A. PATIN, #23244
One Galleria Boulevard, Suite 1400
Post Office Box 8288
Metairie, Louisiana 70011-8288

15. Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

16. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed Settlement (the "Final Hearing") held by the Court, in person or by counsel, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or object to any petitions for attorney fees and reimbursement of litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon counsel designated in Paragraph 14 of this Agreement, a notice of intention to appear at the Final Hearing ("Notice of Intention to Appear") before November 30, 2008. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the

4

objecting Settlement Class Member (or his/her counsel) will present to the Court in connection with the Final Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an Objection in complete accordance with the deadlines and other specifications set forth in this Paragraph and the Class Notice, will be barred from speaking or otherwise presenting any views at any Final Hearing.

17. Before the dissemination of the Class Notice, the Claims Administrator shall obtain a United States Post Office Box for the purpose of receiving Requests for Exclusion and Objections to the Settlement and the fee petition that are submitted in accordance with the procedures set forth in this Order and the Settlement Agreement. This address shall be set forth in the Class Notice and Publication Notice.

18. The Claims Administrator shall also have the responsibilities enumerated in the Settlement Agreement.

19. Settlement Class Counsel shall file with the Court their petition for payment of attorney fees and reimbursement of litigation costs and expenses no later than thirty (30) days before the Final Hearing. This request shall not be inconsistent with the provisions of Paragraph C.8 of the Settlement Agreement.

20. Any memoranda or other materials by the Parties in reply to an Objection to the Settlement shall be filed with the Clerk of this Court and served no later than ten (10) days before the Final Hearing. Any such reply may, but need not, be combined with a Motion for Final Approval of the Settlement, which shall be filed on or before the same date. Such memoranda and other briefing shall be served on the counsel designated in Paragraph 14 of this Order, on any other attorneys who have entered an appearance in this proceeding in accordance with Paragraph 16 of this Order, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

21. The Final Hearing shall be held on the date set forth in the Class Notice, which is December 15, 2008, which is on or about 30 days after the completion of the Claims Period pursuant to the Settlement Agreement. It shall be held before the Honorable Kern Reese at the Civil District Court for the Parish of Orleans, State of Louisiana, in Division "L", 421 Loyola Avenue, New Orleans, Louisiana. The Final Hearing may be continued or rescheduled by the Court with notice to Settlement Class Counsel and counsel for Louisiana Citizens and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with Paragraph 13 of this Order. At the Final Hearing, or as soon afterwards as practicable, the Court will determine whether the proposed settlement is fair, adequate and reasonable, and should be approved by the Court. At the Final Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel. If appropriate, the Court

will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

22. Settlement Class Counsel and Louisiana Citizens are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

23. Pending further orders by this Court, all proceedings in this case, other than proceedings pursuant to this Order, shall be stayed and all members of the Settlement Class who do not request exclusion from the Settlement Class in accordance with the terms of this Order shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action, in any jurisdiction or court against Louisiana Citizens, relating to or arising out of the subject matter of this action.

IT IS SO ORDERED.

New Orleans, Louisiana this ___1st___ day of ___Oct___, 2008.

_____
HONORABLE KERN REESE
CIVIL DISTRICT COURT FOR THE
PARISH OF ORLEANS
DIVISION "L"