## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES   §
CONSOLIDATED LITIGATION   §
  §     **CIVIL ACTION NO.: 05-4182**
  §
_____ §
  §     **JUDGE: DUVAL**
  §     **SECTION "K"**
**PERTAINS TO:**   §
**INSURANCE**     **Civil Action No.:07-5075**   §     **MAGISTRATE: 2**
      **(Schubert, Michelle)**   §     **JUDGE: WILKINSON**
_____ §

### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant Hartford Fire Insurance Company, (hereinafter "Hartford") erroneously identified by Plaintiff in her Complaint as Hartford Insurance Company of the MidWest, a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] and files the following as its Answer and

---

[1]  44 C.F.R. §62.23(f).

[2]  42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3]  42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

Affirmative Defenses to the Plaintiff' Complaint.

ANSWER

The allegations contained in paragraph immediately preceding paragraph 1 of the Plaintiff's Complaint require no reply of Hartford. However, out of an abundance of caution Defendant answers that, for breach of contract claims involving NFIP Standard Flood Insurance Policies ("SFIPs") and handling of claims respective thereto that the NFIP it is a program operated by FEMA as authorized by Congress. Allstate is the only necessary party defendant pursuant to 44 C.F.R. §62.23(g) for the claims asserted by Plaintiff arising from the SFIP.

1. The allegations contained in paragraph 1 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

2. The allegations contained in paragraph 2 of the Plaintiff's Complaint require no reply of Hartford but are admitted to the extent that Michael Chertoff succeeded Tom Ridge as U.S. Secretary of the Department of Homeland Security on February 15, 2005 which position he maintains as of this date.

3. The allegations contained in paragraph 3 of the Plaintiff's Complaint require no reply of Hartford but are admitted to the extent R. David Paulison was appointed by President George W. Bush on September 12, 2005 to replace Michael Brown as Administrator of the Federal Emergency Management Agency ("FEMA").

4. The allegations contained in paragraph 4 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted to the extent that the NFIP including Plaintiff's SFIP are all governed by the National Flood Insurance Act

of 1968, as amended, and Federal Law as set forth at 42 USC § 4001, *et seq*. ( the "NFIA").

6. The allegations contained in paragraph 6 of the Plaintiff's Complaint are admitted to the extent that at all times material herein Hartford a foreign insurer was acting in its fiduciary capacity as a WYO Program insurance carrier pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA") and issued a SFIP to Plaintiff.

7. The allegations contained in paragraph 7 of the Plaintiff's Complaint as to jurisdiction and venue are admitted in regard to Hartford. Answering further, jurisdiction and venue are exclusive to the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII (R) and Article IX. Jurisdiction is also vested with the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1331 and 1367. As the SFIP is a federal law, and the NFIP is an Act of Congress regulating commerce, there is both federal question jurisdiction and commerce clause jurisdiction. Answering further, Hartford is the only necessary party defendant pursuant to 44 C.F.R. §62.23(g) for the claims asserted by Plaintiff arise from the SFIP and claim thereunder which was issued by Hartford Fire Insurance Company and not Hartford Insurance Company of the Midwest.

8. The allegations contained in paragraph 8 of the Plaintiff's Complaint are admitted to the extent that Hurricane Katrina made landfall on August 29, 2005 causing widespread damage; otherwise, denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, defendant denies issuing a SFIP to Plaintiff for the property identified in Plaintiff's Complaint as 3326 and 3328 Napoleon Avenue, New Orleans, Louisiana and that the "property" was under water for a period of time as the flood water did not reach a level to enter the second or third floors of the property.

9.  The allegations contained in paragraph 9 of the Plaintiff's Complaint are admitted to the extent that a SFIP identified as policy number 9901945413-2005 was issued by Hartford acting in its fiduciary capacity as a WYO Program insurance carrier pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA") to Michelle Schubert having an effective period of April 1, 2005 through April 1, 2006 which was in full force and effect on August 29, 2005. Answering further, the SFIP is a codified federal law found at 44 C.F.R. Pt. 61 App. A(1), as such it speaks for itself.; otherwise denied.

10.  The allegations contained in paragraph 9 of the Plaintiff's Complaint are admitted to the extent that plaintiff's property was damaged by flood waters, however denied due to lack of sufficient information upon which to base a belief that said damage was significant.

11.  The allegations contained in paragraph 11 of the Plaintiff's Complaint are admitted to the extent that Plaintiff notified Hartford of her flood loss claim; otherwise, denied due to lack of sufficient information upon which to base a belief that said notice was prompt.

12.  The allegations contained in paragraph 12 of the Plaintiff's Complaint are admitted to the extent that Hartford hired Simsol Insurance Services and an independent adjuster was assigned on September 26, 2005 to process Plaintiff's flood loss claim. Answering further, the independent adjuster inspected the Plaintiff's property on or about October 7, 2005 and Hartford issued payment to Plaintiff based upon the findings of the independent adjuster provided as per Article VII (J) of the SFIP for Plaintiff's Hurricane Katrina flood loss claim; otherwise, denied.

13.  The allegations contained in paragraph 13 of the Plaintiff's Complaint are denied.

14.  The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied.

15.  The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied.

16.  The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied.

17.  The allegations and relief sought in paragraph 17 of the Plaintiff's Complaint are denied. Answering further, the extra-contractual relief requested as of Hartford in its capacity as the WYO Program insurance carrier including, interest, penalties and attorneys fees are preempted and barred by federal law.

18. The Plaintiff's demand for a trial by jury as demanded in Paragraph 18 of the Complaint is denied as Congress did not allow for same and the Seventh Amendment rights do not attach.

AND NOW comes Defendant, Hartford for the purpose of asserting the following affirmative defenses:

## DEFENSE I

The Plaintiff's Complaint fails to set forth any claim upon which relief may be granted by this Honorable Court.

## DEFENSE II

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331 and 1332. Jurisdiction over any state law claims that Plaintiff may allege exists pursuant to 28 U.S.C. §1367.

## DEFENSE III

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiff's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiff seeks under the Standard Flood Insurance Policy, Plaintiff must meet her burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61,

App. A(1), Art. VII, (including subpart J) each provision of which is expressly pleaded herein by reference.

## DEFENSE IV

The burden to present the claim(s) lies solely with the insureds, not anyone else as per Articles VII (J)(5), (7) and (8) of the SFIP.

## DEFENSE V

The responsibilities of the Defendant to the Plaintiff, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiff has no cause to complain of the strictures of the NFIP, for she agreed to be bound by all program rules as a condition of the insurance the Plaintiff sought.

## DEFENSE VI

Out of an abundance of caution, Defendant asserts that it is entitled to an offset for any and all percentages of fault attributable to the Plaintiff, or any third parties, and defendant cannot be responsible beyond its own share of any fault found.

## DEFENSE VII

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiff's recovery, if any, is limited to what is available under the specific terms and conditions of

the SFIP. 44 C.F.R. Pt. 61, App. A(1).

## DEFENSE VIII

All of the claims of the Plaintiff are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to physical damage that was not from flood.

## DEFENSE IX

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## DEFENSE X

If the Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). Defendant affirmatively asserts that the Plaintiff does not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

## DEFENSE XI

By statute, the Defendant is the fiscal agent of the United States.  42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

**DEFENSE XII**

FEMA has reserved unto itself the exclusive authority to waive program requirements. *See* 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

**DEFENSE XIII**

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiff beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program.  Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the  NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

**DEFENSE XIV**

Defendant pleads that the damages claimed by the Plaintiff were the result of causes not within the scope of the SFIP, including damage that were caused by non-covered perils (such as wind or wind-driven rain) and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. All burdens of proof upon this issue rest upon the Plaintiff.

## DEFENSE XV

In the event of any recovery by the Plaintiff, Defendant affirmatively asserts the mortgage clause of the SFIP (Article VII(Q)), and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

## DEFENSE XVI

All state law based extra-contractual and tort claims arising out of the handling of the claim under the SFIP are preempted and barred by federal constitutional, statutory and regulatory law.

## DEFENSE XVII

As all claims under the SFIP are made with U.S. Treasury funds out of segregated accounts, maintained by the WYO Carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution, and the Separation of Powers Doctrine.

## DEFENSE XVIII

Hartford is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Hartford's logo.  Hartford agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency.  Hartford does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority.

## DEFENSE XIX

Hartford avers that "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

## DEFENSE XX

Hartford pleads that Plaintiff has failed to meet all conditions precedent for filing a lawsuit against the WYO Carrier, as required by 44 C.F.R. Pt. 61, App. A(1), Article VII(R), including but not limited to the requirements of Article VII (J) (3) (4) and (5) of the SFIP.

## DEFENSE XXI

All persons are charged with knowledge of the published federal laws, rules and regulations, and the SFIP is itself codified and found at 44 C.F.R. Part 61, App. A(1).  Furthermore, per U.S. Supreme Court precedents, the Plaintiff has an obligation to familiarize herself with the terms and conditions for participating in this federal program.

## DEFENSE XXII

The SFIP only pays "for direct physical loss by or from flood" under the conditions contained in Article I, "Agreement," as stated in the SFIP.

## DEFENSE XXIII

There was no compliance by the Plaintiff with the terms of the extension by the Federal Insurance Administrator.

## DEFENSE XXIV

Pursuant to 44 C.F.R. § 61.5(e), any representations regarding the extent and scope of coverage that are inconsistent with the terms of the SFIP are void as a matter of federal law.

## DEFENSE XXV

Defendant pleads as an affirmative defense Art. VII(V) Loss Settlement and all sub-parts thereto of the SFIP as certain losses are based on an ACV basis.

## DEFENSE XXVI

No flood claims without a timely signed and sworn Proof-of-Loss are allowed under the NFIP.

## DEFENSE XXVII

There is no duty, no breach, no causation, and no damages attributable to Hartford or anyone for whom Hartford may be responsible.

## DEFENSE XXVIII

As per Article IX of the SFIP only federal law controls the Policy, claims and claims handling not state law.  There is no general federal common law body of bad faith law as alleged by the Plaintiff and there is no general federal common law.

## DEFENSE XXIX

Plaintiff did not rely on any alleged misrepresentations of either Defendant or anyone for whom Defendant might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8) make it clear that the burden to present the claim lies with the insured.

### DEFENSE XXX

Defendant pleads the coverage limitations found in Art. III, Coverage A, Coverage B, Coverage C and Coverage D of the SFIP.  Upon information and belief, no increased costs of compliance claim has been presented under Art. III, Coverage D, but to the extent that during the course of litigation the Plaintiff attempts to make such a claim, Plaintiff would have to comply with the terms and conditions for such coverage and such claims.

### DEFENSE XXXI

Some or all of the claims of the Plaintiff are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to Art. I; Art. II ; Art III; Art. IV; Art V(A)(B)(C)(D)&(E); Art VII(D), (J), (K), (M), (O), (P), (R), (S), (V); and, Art. IX, each provision contained therein are specifically pleaded herein. Plaintiff's claims are further barred by 44 C.F.R. §61.13(c) and (d).

### DEFENSE XXXII

The SFIP specifically excludes coverage for loss of use, loss of revenue or profits and any other economic loss. *See* Article V.A.1.2.3. and 7.

### DEFENSE XXXIII

FEMA has reserved unto itself the exclusive authority to waive program requirements and any such waiver must be express and in writing. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. Waivers issued by FEMA in this case are specifically limited to the amounts as set forth on the waivers and no waiver has been issued by FEMA for the amounts that Plaintiff is seeking in her lawsuit.

**DEFENSE  XXXIV**

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program.  To the extent that Plaintiff seeks any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exits.

**DEFENSE  XXXV**

The SFIP specifically excludes from coverage loss to property caused directly by earth movement including earth movement resulting from land subsidence. See Article V.C.3.

**DEFENSE  XXXVI**

The SFIP specifically excluded from coverage loss to property caused directly or indirectly by rain, mold damage that results from any condition substantially confined to the dwelling or that it within your control including mechanical defects, and wind. See Article V.D.3.4. and 8.

**DEFENSE XXXVII**

Defendant asserts the "other insurance" clause of the SFIP as a defense.

**DEFENSE XXXIV**

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

**DEFENSE  XXXV**

The SFIP specifically excluded from coverage loss to property caused directly or indirectly by flood that is already in progress at the time and date. See Article V.B.

## DEFENSE  XXXVI

No where is a jury trial authorized in this  NFIP matter and the Seventh Amendment rights do not attach. Defendant will challenge the jury demand.

## DEFENSE XXXVII

Congress did not authorize interest as a recoverable items, and the "no interest" rule applies because U.S. Treasury fund are at issue.

## DEFENSE XXXVIII

Out of an abundance of caution, Defendant pleads as a defense Plaintiff's failure to comply with Article VII(R) of the SFIP as she did not file suit within one year of the denial of her flood loss claim and therefore her right to file a lawsuit had prescribed prior to the date on which she filed her Complaint.

## DEFENSE XXXIX

Defendant pleads as an affirmative defense Art. VII.V.4. Actual Cash Value Loss Settlement.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves the right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Defendant, Hartford, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings are heard, that there be a judgment in favor of this Defendant and against the Plaintiff, dismissing this lawsuit against Hartford Fire Insurance Company with prejudice, and at the Plaintiff's costs.

Dated: January 27, 2009.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.


/s/ Christopher J. Bell
CHRISTOPHER J. BELL, LA 22734
WILLIAM T. TREAS, LA 26537
GERALD J. NIELSEN, LA. S.B. 17078
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: cbell167@aol.com
Counsel for Defendant:
Hartford Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

N/A

I further certify that I mailed the foregoing document via certified mail to the following non-CM/ECF participants:

Michelle Schubert
In Proper Person
344 St. Charles Avenue
Norco, LA 70079


/s/ Christopher J. Bell
Christopher J. Bell

-15-