UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION <br> * <br> * NO. 05-4182 <br> * and consolidated cases |
| PERTAINS TO:  BARGE | * SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531 <br> *Mumford v. Ingram*   05-5724 <br> *Lagarge v. Lafarge*   06-5342 <br> *Perry v. Ingram*   06-6299 <br> *Benoit v. Lafarge*   06-7516 <br> *Parfait Family v. USA*   07-3500 <br> *Lafarge v. USA*   07-5178 <br> *Weber v. Lafarge*   08- 4459 | * <br> * <br> * JUDGE <br> * STANWOOD R. DUVAL, JR. <br> * <br> * MAG. JOSEPH C. WILKINSON, JR. |

## MEMORANDUM IN SUPPORT OF BARGE PLAINTIFFS' MOTION FOR APPOINTMENT OF SHAWN KHORRAMI AS CO-LIAISON COUNSEL

**I.   INTRODUCTION**

Simply stated, the Barge track of cases is a complicated piece of litigation that has and will continue to require extraordinary judicial resources to resolve within anything resembling a reasonable time frame.  The Barge cases are certainly equal in weight and procedural complexity as any other litigation that has been consolidated in this matter.  As this litigation has progressed, the number and complexity of the varying interests and procedural hurdles presented in the coordinated Barge track has dramatically increased.  This fact, coupled with the fact that only one person, Brian A. Gilbert, Esq. has been designated as Barge Plaintiffs' Liaison, has made it apparent that the efficient administration of these cases, as well as the and fair representation of

the various Barge plaintiffs, requires that the Court to name an additional attorney member as co-liaison plaintiffs' counsel to assist in the day to day management of the Barge Litigation. The various plaintiffs' counsel that comprise the Barge track uniformly propose that Shawn Khorrami, Esq., of Khorrami, Pollard & Abir, LLP, is the ideal candidate for this appointment. Mr. Khorrami not only brings to the table extensive experience in the management and prosecution of complex mass tort and class litigation of this nature, but since joining this Action, he has dedicated a significant portion of his firm's resources to perform many of the day to day activities critical to the prosecution of the coordinated Barge litigation. At a minimum, the efficient management of this Action logically requires that Mr. Khorrami be in a position to take direct action, including but not limited to dealing with opposing counsel directly, to ensure that his Firm's resources are used in the most efficient manner possible. To this end, Liaison Counsel requests that the Court appoint **both** Mr. Gilbert and Mr. Khorrami as co-liaison counsel.

## II.     ARGUMENT

### A.     Standards Applicable to the Appointment of Counsel to Leadership Positions

As recognized by the *Manual for Complex Litigation*: "Lead counsel and committees of counsel for the plaintiffs in mass tort litigation perform a host of functions. They develop proof of liability and anticipate defenses; gather the expertise necessary to prove causation and other elements of plaintiffs' cases; trace patterns of exposure; manage discovery; coordinate the various filings; and communicate with counsel for plaintiffs, counsel for defendants, and the court." *See Manual for Complex Litigation,* Fourth, § 22.62. In the Barge litigation, these functions are significant, not only because multiple sub-tracks are involved, but also because Plaintiff's Counsel are required to manage and protect the interests of nearly 5000 retained clients.

Where issues are varied and complex, the *Manual* recognizes that multiple counsel may be placed in a leadership positions when doing so would achieving efficiency:

> Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side, with only liaison counsel appointed for the other.  One attorney or several may serve as liaison, lead, and trial counsel. ***The functions of lead counsel may be divided among several attorneys***, but the number should not be so large as to defeat the purpose of making such appointments.

*See Manual,* at § 10.221.

While "[t]he types of appointments and assignments of responsibilities will depend on many factors[,]" the overarching goal when creating the leadership structure "is achieving efficiency and economy without jeopardizing fairness to the parties." *See id*.  To achieve this end, "[i]ncluding plaintiffs' attorneys with different perspectives and experience in lead or liaison counsel or as committee members can be helpful." *See Manual*, at § 22.62.

The Manual acknowledges that "[o]ften counsel will agree among themselves as to who should serve as lead counsel or assume responsible positions on counsel committees; but the judge must be satisfied that counsel can perform the assigned roles and that they have not entered into improper arrangements to secure such positions." *See Manual*, at § 22.62.  Thus, the Court must satisfy itself that the counsel proposed is qualified by examining the candidate's "experience in managing complex litigation and knowledge of the subject matter, their efforts in researching and investigating the claims before the court, and the resources that they can contribute to the litigation." *See id*.  Bottom line, "the judge must be satisfied that counsel can perform the assigned roles and that they have not entered into improper arrangements to secure such positions." *See id*.

### B. The Barge Committee's Request To Appoint Mr. Khorrami As Co-Liaison Counsel Satisfies The Objectives Set Forth In The Manual Complex Litigation

Appointing Mr. Khorrami as co-liaison counsel is warranted, as it seeks to enhance efficiency of the management of this Action and enhance the fairness to the parties.

First, the Barge litigation has become sufficiently expansive to justify appointment of an additional person a co-liaison, as the position at times has become a full time job. Management of the Barge Track of cases not only entails management of the day to day issues that arise as to the multiple sub-tracks that are involved, but also entails the management of and protection of the interests of nearly 5000 retained clients.  Insofar as Brian Gilbert is a sole practitioner, his ability to devote sufficient time and resources to the position of liaison counsel is sometimes limited by his need to participate in other matters in this litigation where his knowledge and expertise are required.   Thus, given the increasing number and complexity of different interests and procedural hurdles that are presented in this litigation, it has become apparent that more than one member is needed to serve as liaison counsel.

Second, since joining this litigation in June 2008,  Khorrami, Pollard & Abir, LLP ("KPA") has dedicated a significant portion of their firm's resources to perform many of the day to day activities attendant to the prosecution of the coordinated Barge litigation, including activities relating to prosecution of the proposed class action and the preparation of the individual trials presently scheduled for 2009.  To this end, KPA has a direct financial interest in eliminating wasteful and duplicative litigation activity.  At a minimum, the prompt and efficient management of this action logically requires that Mr. Khorrami be in a position to take direct action, including dealing with opposing counsel directly.

Third, Mr. Khorrami's experience in handling complex mass tort and class litigation, as well as the resources available to him, make him the ideal candidate for co-liaison counsel. Mr. Khorrami has the unique experience and knowledge in mass tort/class action litigation that is necessary for effective and efficient time resolution when dealing with opposing counsel and for protecting the interests of clients as this litigation moves forward. His remarkable ability to manage mass tort/class litigation of this nature will also enable the Plaintiffs' Litigation Subgroup Committee as a whole to meet their fiduciary duties to the class to put their best foot forward, and help the Court in case management, particularly given the volume of clients involved in this litigation. As further proof of his talent and capabilities to perform as co-liaison, Mr. Khorrami's Declaration filed on September 8, 2008 In Support of Appointment to the Plaintiffs' Subgroup Litigation Committee is attached here as **Exhibit A**. As evidenced therein, Mr. Khorrami has served as liaison counsel in numerous mass torts and class actions and has ample experience to be able to meaningfully participate as co-liaison in this litigation.

Finally, Mr. Khorrami has not entered into any arrangements to secure the instant position requested by Liaison Counsel. Liaison counsel submits the instant Application based on the needs set forth above.

Based on the forgoing, the Court can and should appoint an additional member as co-liaison to assist in achieving efficient resolution between the parties. In making its determination as to whether Mr. Khorrami is qualified to serve as co-liaison, the Court is invited to consider Mr. Khorrami's experience in managing complex litigation, his extensive knowledge of the subject matter, his current efforts in researching and investigating the claims before the court, and the resources he and his firm are dedicated to contributing to the litigation. *See Manual for Complex Litigation,* Fourth, §22.62. Mr. Khorrami not only brings with him different

perspectives, but also a team of talented and renowned litigators, as well as the finances, manpower and other useful resources that are vital in this type of complex litigation.

## III.     CONCLUSION

For the foregoing reasons, the undersigned respectfully moves the Court to appoint Shawn Khorrami as Barge Plaintiffs' Co-Liaison Counsel.

                                        Respectfully Submitted,

                                        LAW OFFICE OF BRIAN A. GILBERT

                                        \s\Brian A. Gilbert
                                        BRIAN A. GILBERT (21297)
                                        821 Baronne Street
                                        New Orleans, Louisiana 70113
                                        Telephone:  (504) 885-7700
                                        Telephone:  (504) 581-6180
                                        Facsimile:  (504) 581-4336
                                        bgilbert@briangilbertlaw.com
                                        Attorney for Plaintiffs
                                        Barge Plaintiffs' Liaison

                                        and

                                        KHORRAMI, POLLARD & ABIR

                                        \s\ Shawn Khorrami
                                        SHAWN KHORRAMI  (CA Bar #180411)
                                        444 S. Flower St., Thirty-Third Floor
                                        Los Angeles, California 90071
                                        Telephone:     (213) 596-6000
                                        Facsimile:     (213) 596-6010
                                        skhorrami@kpalawyers.com
                                        Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 27 day of January, 2009.

                                        \s\Brian A. Gilbert
                                        BRIAN A. GILBERT