

**State of Louisiana**
DEPARTMENT OF JUSTICE
P.O. BOX 94005
BATON ROUGE
70804-9005

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

January 7, 2009
**OPINION 08-0346**

| | |
|---|---|
| | 110   STATE – Surplus Property |
| Mr. Paul W. Rainwater<br>Executive Director<br>Louisiana Recovery Authority<br>150 North Third Street<br>Suite 200<br>Baton Rouge, LA 70801 | PL 109-148; PL 109-234<br>24 C.F.R. 85.31; 24 C.F.R. 85.36; 24 C.F.R. 570, *et seq.*<br>La. R.S. 12:202.1; 40:600.61, *et seq.*; 41:131, *et seq.*;<br>41:1338<br><br>The Road Home Corporation is not required to follow the public bid or right of first refusal requirements of Title 41 when disposing of properties acquired with Community Development Block Grant funds. |

You have requested an opinion from this Office concerning the applicability of certain provisions of the Louisiana Revised Statutes to the Road Home Corporation, particularly those related to the disposition of real property acquired by the Road Home Corporation in implementing the State's post-Hurricanes Katrina/Rita recovery action plan called the Road Home Program. Specifically, you ask whether, under the federal and State laws that established the Road Home Corporation, the Road Home Corporation must comply with the general State law requirements of offering a right of first refusal to acquired property to the original owner and otherwise divesting such property through the public bid process of Title 41 of the Revised Statutes. For reasons more fully explained below, it is our opinion that under both State and federal law, the answer to both of your specific questions is in the negative. The Road Home Corporation is not required to offer a right of first refusal to the original owners nor is the Road Home Corporation subject to the public bid provisions of Title 41 when disposing of properties acquired through the Road Home Program.

**Federal Law Does Not Require Following the Public Bid Law**

As intimated above, an analysis of the questions that you have posed requires a brief summary of the federal law pursuant to which the Road Home Program was developed. Pursuant to the Department of Defense Appropriations Act of 2006,[1] Louisiana received $6.2 billion in Community Development Block Grants ("CDBG") funds for disaster recovery and rebuilding efforts in the wake of Hurricanes Katrina and Rita. Louisiana received over $4 billion in additional CDBG funds pursuant to the Emergency Supplemental Appropriations Act of 2006.[2] Under the Federal Appropriations Acts, the CDBG funds were

---

[1] PL 109-148.
[2] PL 109-234. The two federal appropriations acts are collectively referred to herein as "Federal Appropriations Acts."

OPINION 08-0346
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 2

appropriated to the United States Department of Housing and Urban Development ("HUD"), to be used for disaster relief, long-term recovery, and restoration of infrastructure. At the federal level, HUD administers the CDBG funds that were appropriated and allocates those funds among the states affected by the 2005 hurricanes.[3]

Once HUD allocates the funds that it administers to the states, those funds "shall be administered through an entity or entities designated by the Governor of each State;" and a state "may use up to five percent of its allocations for administrative costs."[4] Prior to the obligation of funds, each state must

> submit a plan to the Secretary [of HUD] detailing the proposed use of all funds, including criteria for eligibility and how the use of these funds will address long-term recovery and restoration of infrastructure.[5]

The Federal Appropriations Acts further require the states to submit quarterly reports to the Appropriations Committee on all awards and uses of funds.[6] Prior to the obligation of funds, the Emergency Supplemental Appropriations Act of 2006 requires the HUD Secretary to ensure the state-submitted plan meets the goals set forth in the Federal Appropriations Acts.[7]

The Federal Appropriations Acts thus establish the legal framework for each recipient state's responsible administration of the funds by requiring HUD's approval of a state's action plan. In response to the federal requirement for an action plan, the Louisiana Office of Community Development ("OCD") and the Louisiana Recovery Authority ("LRA") developed a plan for the disbursement of CDBG funds to property owners affected by Hurricanes Katrina and Rita. This plan, called the Road Home Program, is to be implemented by the OCD. On May 30, 2006, HUD, through Alphonso Jackson, then Secretary of HUD, approved the Road Home Program. Subsequently, the action plan has been amended several times through amendments and supplements to the Road Home Program, which have similarly been approved by HUD.

As you are aware, in accordance with the action plan submitted by the State to HUD, certain homeowners, upon receiving grant funds under the Road Home Program, may choose to transfer ownership of the property to the State or an entity designated by the State. OCD has provided for the transfer of such properties to the Road Home Corporation (d/b/a Louisiana Land Trust), after

---

[3] PL 109-148 and PL 109-234, Chapter 9.
[4] Id.
[5] Id.
[6] Id.
[7] PL 109-234, Chapter 9.

OPINION 08-0346
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 3

which, the Road Home Corporation maintains the property pending disposition of the property in accordance with redevelopment plans presented by the parish in which the property is located and approved by the Louisiana Recovery Authority (hereinafter referred to as the "Parish Disposition Plan").

For the purpose of receiving, maintaining, and disposing of such properties in accordance with the action plan and Parish Disposition Plan, the Corporation requires staff, equipment, and other administrative and support resources to perform its statutory functions in accordance with the requirements of the action plan, the Parish Disposition Plan and the Louisiana Road Home Housing Corporation Act.[8]

Pursuant to the action plan, the Road Home Corporation is required to receive, maintain, and dispose of properties transferred to it as directed by OCD at the closing of Road Home grants for those properties that the grant recipient has chosen to transfer his or her property ownership. The maintenance, use, and disposition of such properties must be in accordance with the action plan and in compliance with the statutory and regulatory requirements governing the use of CDBG funds, as may have been amended by waiver by HUD at the request of the State.

In furtherance of the provisions of La. R.S. 40:600.66(A), which provides that financing of the Road Home Corporation shall be administered through the OCD, OCD has entered into a Loan and Regulatory Compliance Agreement. Through this instrument, OCD has agreed to provide certain funding to the Road Home Corporation. Such funds are provided through the aforementioned CDBG program and are subject to the regulations thereof.[9] A Cooperative Endeavor Agreement ("CEA") between the Road Home Corporation and OCD was entered into for compliance with federal law,[10] which sets forth the administrative requirements for agreements with sub-recipients of CDBG funds. This CEA was deemed to supplement, and not replace, the agreements between OCD and the Road Home Corporation. To the extent that the CEA and the Loan and Regulatory Compliance Agreement (as amended) and the associated Line of Credit Note (as amended) are inconsistent, the CEA between OCD and LLT controls.

---

[8] La. R.S. 40:600.61, et seq.
[9] Among those regulations are 24 C.F.R. 85.31, which regulates the disposition of real property acquired with such funds. Nothing in this regulation requires adherence to State law for the disposition of such property, but rather establishes a federal law scheme for the repayment of grants based upon the sale of such property. It is also interesting to contrast this provision with 24 C.F.R. 85.36, which is the portion of HUD's regulations that relate to procurement. In the latter regulation, federal law explicitly requires that state law be followed. No such requirement exists for the disposition of real property.
[10] 24 C.F.R. 570, et seq.

OPINION 08-0346
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 4

Louisiana's action plan (i.e., the Road Home Program along with amendments or supplements thereto) was submitted to HUD and approved by HUD pursuant to the Federal Appropriations Acts. The action plan sets forth specific rules for the disposal of property acquired pursuant to the federal law and grants. Specifically, the action plan states that:

> [federal regulation] requires the new use of acquired properties to meet one of three national objectives (Urgent Need, Elimination of Slums and Blight, or Benefit to Low to Moderate Income Families). If a national objective cannot be met, **the property must be disposed of** for the current fair market value of the property.[11]

Pursuant to this charge to dispose of the acquired property if a national objective cannot be met, the action plan provides for several options for disposal: transfer to redevelopment agency, auction, sale for targeted development, sale to individuals, and "other disposition strategies."[12] For the purposes of this opinion, it is important to note that none of these disposition options require disposition by public bid.

Under the federal law enacted to facilitate the recovery of Louisiana in the wake of Hurricanes Katrina and Rita, the Road Home Program controls the State's administration of CDBG funds received pursuant to the Federal Appropriations Acts. Thus, it is the opinion of this Office that, the disposition of real property acquired with such funds is subject only to the federal law that granted such funds and any State law enacted to facilitate the use of such funds. It is further the opinion of this Office that the applicable federal law does not require the disposal of properties acquired with the use of CDBG funds by public bid.

### State Law Does Not Require Following the Public Bid Law

In addition to the lack of a requirement to follow public bid law under the federal laws discussed above, it is the opinion of this Office that State law similarly does not require adherence to the public bid laws. It is important to note that the general law applicable to the sale of State-owned immovable property requires that such property be sold pursuant to the public bid process. La. R.S. 41:131, *et seq.* The more recent and more specific law that relates to the functioning of the Road Home Corporation, found at La. R.S. 40:600.61, *et seq.*, contains no such requirement.

---

[11] Action Plan Amendment 20 (First Allocation), approved August 13, 2008, p. 3 (emphasis added). Accessed at: http://www.doa.louisiana.gov/cdbg/dr/plans/Amend20-Approved-Property-Disposition-08-08-13.pdf.
[12] *Id.* at 5-6.

OPINION 08-0346
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 5

Aside from compliance with its organic legislation, La. R.S. 40:600.65 explicitly lists the Louisiana laws with which the Road Home Corporation must comply, to wit:

> The Road Home Corporation shall be subject to the Public Records Law, the Open Meetings Law, and the Code of Governmental Ethics.

It is important to note, and it is consistent with the federal law reviewed above, that this exclusive and nonillustrative list of laws with which the Road Home Corporation must comply does not include any mention of the adherence to the public bid laws.

Further, the Road Home Corporation's organic legislation specifically authorizes that entity to dispose of acquired property pursuant to approved action plan and its amendments, supplements, and modifications.[13] Thus, the State law hereby reincorporates the federally-approved action plan into the controlling law related to the Road Home Corporation. Because these Road Home Corporation law specifically omits the applicability of the public bid laws to the disposition of acquired property[14] and because the action plan does not require adherence to such bidding requirements,[15] it is the opinion of this Office that the Road Home Corporation is not subject to the public bid requirements when disposing of CDBG funds-acquired property.[16] In addition, La. R.S. 40:600.63 clearly excludes the applicability of conflicting law to the Road Home Corporation when it states that,

> [t]o the extent that the provisions of this Chapter are inconsistent with the provisions of R.S. 12:202.1 or any other provisions of any general statute or special act or parts thereof, the provisions of this Chapter shall be deemed to be controlling.

Thus, it is clear that the public bid requirements of La. R.S. 41:131, et seq. do not apply to the Road Home Corporation's disposition of CDBG funds-acquired property.

---

[13] La. R.S. 40:600.63.
[14] La. R.S. 40:600.65.
[15] See, Action Plan Amendment 20, supra.
[16] This conclusion is bolstered when considered in light of general statutory interpretation. The public bid requirements are part of the general law on the disposition of property; whereas the law as it relates to the Road Home Corporation's disposition of property is more specific. As the Louisiana Fourth Circuit has noted: "the general maxim applies that the more specific law controls where there is a conflict between a general law and a specific law." Smason v. Celtic Life Insurance Co., 615 So.2d 1079, 1087 (La.App. 4 Cir. 1993).

OPINION 08-0346
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 6

### Compliance with Right of First Refusal Restrictions of State Law is Not Required

Finally, pursuant to your question regarding the applicability of the right of first refusal embodied in La. R.S. 41:1338, we are also of the opinion that this requirement is not one of the mandatory steps that the Road Home Corporation must follow before disposing of CDBG funds-acquired properties. As with the lack of language regarding public bid requirements in the federal and State law noted above, there is a similar absence of right of first refusal language in the law that authorizes and controls the Road Home Corporation. In addition, the same maxim noted above, which states that, in situations where there is a specific law on a topic (in this case, the Road Home Corporation organic legislation), that law controls the over the more general law (in this case, La. R.S. 41:1338). Further, La. R.S. 41:1338 is part of the public bid laws, which, based upon the analysis above, do not apply to this situation. Finally, the language of the right of first refusal requirement in La. R.S. 41:1338 begins with "[n]otwithstanding any other provision of law to the contrary..." The Road Home Corporation's organic legislation, as noted above is a contrary provision of law, in that it subjects the Road Home Corporation only to the requirements of the "Public Records Law, the Open Meetings Law, and the Code of Governmental Ethics",[17] and thus would except the Road Home Corporation from the right of first refusal requirements of La. R.S. 41:1338.

### Conclusions

Accordingly, it is the opinion of this Office that neither federal law nor State law requires compliance with public bid laws for the disposition of properties acquired by the Road Home Corporation with CDBG funds. On the contrary, the disposition of such properties by any HUD-approved method, as discussed in the action plan, is authorized under federal and State law. Moreover, it is the opinion of this Office that the Road Home Corporation need not follow the right of first refusal requirements of La. R.S. 41:1338 when disposing of CDBG funds-acquired property, as that law does not apply to such transactions.

---

[17] La. R.S. 40:600.65.

**OPINION 08-0346**
Mr. Paul W. Rainwater
Executive Director
Louisiana Recovery Authority
Page 7

We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.

Sincerely yours,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

By: _____
RYAN M. SEIDEMANN
Assistant Attorney General

JDC/RMS/tp