UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*           05-5531 | * |  |
| *Mumford v. Ingram*        05-5724 | * |  |
| *Lagarde v. Lafarge*          06-5342 | * | JUDGE |
| *Perry v. Ingram*                06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*             06-7516 | * |  |
| *Parfait Family v. USA*      07-3500 | * | MAGISTRATE |
|  | * | JOSEPH C. WILKINSON, JR. |
|  | * |  |

**CORRECTED MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO BARGE PLAINTIFFS' APPEAL FROM DENIAL OF MOTION FOR LEAVE TO FILE THEIR REVISED PROPOSED SEVENTH AMENDED COMPLAINT**

On October 15, 2008, the Magistrate Judge denied plaintiffs' ***first*** motion for leave to file an untimely seventh amended complaint two years after the deadline for such amendments. Doc. 15902. In so ruling, the Magistrate Judge held that the burden was on plaintiffs to demonstrate good cause but found, in a detailed opinion, that an evaluation of the relevant factors "weighs heavily against a finding of good cause." *Id*. Plaintiffs did ***not*** appeal from or seek reconsideration of that ruling.

In light of that ruling, LNA prepared and filed its opposition to plaintiffs' motion for class certification based on plaintiffs' existing complaint. Doc. 16405. After LNA had filed (and the other defendants had joined) that opposition, plaintiffs then filed a ***second*** motion for leave to file an untimely seventh amended complaint. On December 17, 2008, the Magistrate

Judge entered an order that plaintiffs' second motion was "DENIED for the same reasons that I previously denied plaintiff's previous Motion for Leave to File a Seventh Amended Complaint. 'Good cause' has not been shown and this motion is grossly untimely in all respects."  Doc. 16755.

Plaintiffs' appeal from this second ruling is utterly meritless.  Under Federal Rule of Civil Procedure 72(a), the Magistrate Judge's ruling must be affirmed unless shown to be clearly erroneous or contrary to law, and plaintiffs do not even begin to meet that exacting standard.  First, the Magistrate Judge was absolutely right in holding that plaintiffs' proposed amendments are "grossly untimely in all respects":  they were filed over two years after the deadline,[1] contain nothing that was not available prior to their current Sixth Amended Complaint (filed in October 2007), and come after class certification briefing has been held.  Second, the Magistrate Judge correctly held that plaintiffs failed to show any need for the amendments.  Third, the Magistrate Judge rightly found that any substantive changes at this point would severely prejudice LNA and the other defendants.  Finally, any amendment at this point would necessitate a new round of briefing on plaintiffs' class certification motion, which is fully briefed and awaiting argument on February 11, 2009.  This would delay the determination of the motion and interfere with the Court's scheduling order.

## STANDARD OF REVIEW

Plaintiffs' burden in this appeal is a high one.  As this Court has written, "[t]he district judge ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law." Doc. 11391 at 1, citing Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge

---

[1] See Doc. 210 in No. 05-4119 (July 28, 2006) at 2.

unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Id.*, citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); Fed. R. Civ. P. 72(a). "Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact." *Id.*, citing *Blair v. Sealift*, 848 F. Supp. 670 (E.D. La. 1994). The decision of a magistrate judge denying leave to amend a pleading is subject to the "clearly erroneous" standard of review. *Ordemann v. Unidentified Party*, 2008 U.S. Dist. LEXIS 19145 (E.D. La. March 12, 2008) at *2.

## ARGUMENT

The Magistrate Judge's order denying plaintiffs' first motion for leave to file a Seventh Amended Complaint held that "where – as here – the court has imposed a deadline for the amendment of pleadings, particularly in this instance where a court's case management order specifically adopts the standard of Rule 16 as to pleading amendments, Record Doc. No. 7724 at pp. 3-4, the schedule 'shall not be modified except upon a showing of good cause.'" Doc. 15902, p. 1. The Order also held that "[i]n determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 2, quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Plaintiffs concede in their appeal (at 9) that they must satisfy these four factors.

As we now show, plaintiffs have not begun to meet their burden of showing that the Magistrate Judge's factual findings that these factors weigh very heavily against plaintiffs' extraordinarily late and prejudicial proposed amendment are clearly erroneous.

1.      <u>Unjustified Delay</u>.  In denying plaintiffs' first motion for leave to file a seventh amended complaint, the Magistrate Judge held that "[p]laintiffs present no persuasive explanation for their failure to make these amendments, either prior to the court's deadline, or in any of the other six (6) prior permitted amendments during the preceding almost three (3) years during which the first of these complaints were filed."  Doc. 15902 p. 2.  Not only did the Magistrate Judge re-adopt that finding in denying plaintiffs' second motion, but he further emphatically found that "this motion is grossly untimely in all respects."  Doc. 16755.

This finding is anything but clearly erroneous.  Plaintiffs provide absolutely no cogent explanation for their failure to make these amendments before the long-since-elapsed deadlines, or in October 2007 when they made their last untimely amendments.  To the contrary, they vaguely assert (at 9 ¶ 7) that the amendments "result[] from the addition of experienced class counsel to the Barge P.S.L.C. after the [Sixth Amended Complaint] was filed."  But the belated addition of a <u>fifth</u> law firm to the roster of plaintiffs' counsel – years after the litigation began – provides no concrete explanation, much less justification, for the plaintiffs' multi-year delay in coming forward with these amendments.[2]

There is not a single fact or allegation in plaintiffs' new proposed complaint that was outside the knowledge of plaintiffs' counsel, or unavailable to them, when they filed their Sixth Amended Complaint in October 2007.  For instance, plaintiffs cannot explain, much less justify, why it took a full year after their untimely October 2007 amendments for them to discover that those amendments contained "omissions" or "mistakes," or that they had to "refine and adjust their positions" (Pl. Mem. at 10-11).  Indeed, in permitting the untimely October 2007

---

[2] See, *e.g.*, *Ordemann*, 2008 U.S. Dist. LEXIS 19145 at *7.

4

amendments, which LNA did not oppose, the Magistrate Judge noted the lateness of those amendments and commented that such allegations "need to be known now."  Doc. 8775.

The Fifth Circuit's recent decision in *Anderson v. United States Department of Housing and Urban Development,* No. 07-31008 (5th Cir. Dec. 31, 2008), referenced and highlighted in plaintiffs' appeal (at 12-13), reinforces the Magistrate Judge's ruling rather than undermining it. There, the Fifth Circuit reversed an order granting class certification which was based on allegations not contained in plaintiffs' complaint.  *Anderson,* Pl. Ex. 2 at 3.  That ruling highlights that plaintiffs were (or should have been) well aware of the rule of law requiring them to amend their complaint, if they so desired, well in advance of class certification – a rule that the Magistrate Judge expressly emphasized when he told them in October 2007 that all of their class action allegations "need to be known now."[3]  Notably, the Court in *Anderson* did ***not*** say that an untimely amendment would be permitted, but rather left it to the district court "to determine the propriety of doing so."  *Id.* at 3.  Here, the Magistrate Judge correctly determined that it would be entirely improper to allow an amendment at this time.

2. <u>Unimportance of Proposed Non-Substantive Changes</u>.  In denying plaintiffs' first motion and in reiterating that ruling in denying their second motion, the Magistrate Judge found that "[a]s indicated in the words of plaintiffs' own memorandum in support of the motion, the amendment is unimportant because it is submitted principally for purposes of clarification, harmonization and repackaging of their six prior complaints."  Doc. 15902 p. 2.

Plaintiffs offer no coherent explanation as to why any of their proposed amendments are important.  See Pl. Mem. at 13-17.  To the extent that plaintiffs assert that they merely seek to make "refinements" to the existing complaint (*e.g.*, Pl. Mem. at 9-11 ¶¶ 7, 13, 14), the proposed

---

[3] Doc. 8775 (October 31, 2007).

5

amendment is by definition unimportant. Nor is the need for any of the specifically-proposed changes justified. For instance, plaintiffs' attempted deletion of allegations concerning a subclass to pursue "emotional distress" damages (Pl. Mem. at 14 ¶ 1) cannot be important because plaintiffs have not moved to certify such a subclass, and thus there is no danger that this Court would actually certify such a subclass.[4] Similarly, amendment of their class definition to state that the Inner Harbor Navigation Canal is on the east of the proposed class area, and not the west, cannot be important in light of plaintiffs' argument, in their class certification memorandum, that the Court can take judicial notice of geographical features such as the IHNC and its location vis-à-vis the proposed class area. Doc. 15549-75.[5]

Finally, plaintiffs cannot plausibly contend that the Magistrate Judge "did not consider" their meritless arguments (Pl. Mem. at 13), which are verbatim the same as those stated in plaintiffs' motion papers in support of their first attempt to file a seventh amended complaint. Compare, *e.g.*, Pl. Mem. at 13 with Doc. 15356-2 at 3-4. The Magistrate Judge considered and rejected plaintiffs' arguments *in toto*, finding the amendments untimely and unimportant in his October 15 order (Doc. 15902) – which plaintiffs failed to appeal in whole or in part – and expressly re-adopting its reasoning in denying their second motion. Doc. 16755. In short, plaintiffs have not met and cannot meet their burden to show the Magistrate Judge's findings on this factor are clearly erroneous.

---

[4] Deletion of this allegation would *not* "resolve" LNA's point in its class certification opposition that the Court could face 40,000 claims for emotional distress damages if it certifies the class. While plaintiffs now argue that only individuals in the "zone of danger" can seek such damages, the proposed class representatives were *not* within the supposed "zone of danger," and yet they all expressly allege emotional distress damages in their written discovery responses and deposition testimony. Doc. 16405 at 44-45. Indeed, far from eliminating these claims, the proposed seventh amended complaint reasserts them on behalf of the proposed representatives. See Pl. Ex. 13 ¶ 71 (alleging defendants are liable to class representatives for "all damages they sustained" without limitation).

[5] Though LNA has challenged plaintiffs' proposed class definition on other grounds (Doc. 16405), LNA does not attack the class definition for failure to properly identify the location of the IHNC vis-à-vis the proposed class area.

6

3.      <u>Prejudice to Defendants and Third-Party Defendants from Proposed Substantive Changes</u>.  In denying plaintiffs' first motion, and in re-adopting that ruling in denying plaintiffs' second motion, the Magistrate Judge held that "[i]n those instances where the proposed amendments are in fact more than mere re-packaging (e.g., the addition of a proposed new class representative and the Rule 9(h) assertion), the prejudice resulting to the opposing parties is substantial.  These cases are in an advanced stage of their development toward trial pursuant to case management and scheduling orders that would be severely disturbed by permitting this extremely late amendment."  Doc. 15902 p. 2.  Plaintiffs have not shown and cannot possibly show that this finding was clearly erroneous.

As explained above, after plaintiffs' first motion was denied, LNA prepared and filed its 60-page memorandum in opposition to plaintiffs' motion for class certification based on the allegations set forth in plaintiffs' existing complaint.  Doc. 16405.  Indeed, many of the points made in LNA's opposition were explicitly based on the allegations of that existing complaint.  E.g., Doc. 16405 pp. 4-5 & n.15, 13 & n.28, 15 & n.35, 28 & nn. 71 & 72, 29-32, 44-45.  Thus, LNA would be severely prejudiced if plaintiffs are allowed to amend their complaint after LNA has filed its opposition to class certification specifically based on plaintiffs' existing complaint.[6]

---

[6] Plaintiffs wrongly complain that this prejudice is of LNA's own making because LNA did not agree to plaintiffs' proposed seventh amended complaint in November 2008, after plaintiffs eliminated the provisions to which LNA had previously objected.  Pl. Mem. at 5-8, 17.  While LNA might have been willing to agree to certain amendments at the outset of its period to prepare its class certification opposition brief, plaintiffs refused to limit their amendments to those that LNA would accept, and instead intransigently pursued amendments that LNA did *not* accept, resulting in the Magistrate Judge's order of October 15, 2008 rejecting *all* such amendments.  By the time plaintiffs approached LNA in November 2008 with a new proposed seventh amended complaint, LNA's brief was largely drafted.  Moreover, the other defendants made clear that they would not agree to *any* amendments (see Pl. Ex. 12 and 13), and thus the only way for LNA to have any certainty about which complaint would be relevant to its class certification opposition – due November 17 – was to brief the operative Sixth Amended Complaint.  Moreover, and in any event, LNA was under no obligation whatsoever to consent to an amendment that the Magistrate Judge had previously denied as untimely and unimportant.  If LNA reassessed its position in light of the Magistrate Judge's October 15 order and refused to agree to provisions that previously might have been acceptable, plaintiffs have only themselves to blame.

7

As one telling example, plaintiffs' existing complaint itemizes 16 specific categories of alleged damages, as follows: "A. Past and future mental pain, suffering and anguish; B. Past and future mental health care expense; C. Wrongful death; D. Past and future loss of love, affection, service, support, society and consortium; E. Past and future loss and destruction of and damage to immovable and movable property; F. Past and future loss of use of immovables and movables; G. Past and future expenses for demolition and salvage of immovable and movable property; H. Diminution of property values; I. Past and future loss and destruction of businesses and business assets; J. Past and future lost profit; K. Past and future lost income; L. Past and future lost earning capacity; M. Past and future lost business opportunity; N. Past and future loss of enjoyment of lifestyle; O. Inconvenience; P. Any and all others proven." Doc. 8779 pp. 13-14. LNA's opposition to class certification relies extensively on that listing to demonstrate that plaintiffs' alleged damages require individual adjudication. Doc. 16405 pp. 4-5, 28-46. In an apparent effort to substantively undermine LNA's class certification opposition by hiding the multiplicity and variability of their alleged injuries, plaintiffs' proposed seventh amended complaint deletes that listing of alleged damages. This proposed substantive change – for which no basis is supplied in plaintiffs' motion or appeal papers – would very seriously prejudice LNA given its extensive reliance on the express allegations of the existing complaint. Moreover, contrary to plaintiffs' assertion that their proposed amendments are intended to conform their complaint to the evidence adduced in discovery, plaintiffs' depositions and interrogatory answers confirm that the individual plaintiffs <u>do</u> seek all sixteen categories of damages, although the categories vary from person to person. See Doc. 16405 pp. 28-45. As such, the proposed amendment actually constitutes an effort to belatedly disguise a fundamental flaw in plaintiffs' motion for class certification, not to conform the complaint to the evidence.

Even where plaintiffs do acknowledge the substantive changes they are proposing to make, they admit that they are doing so specifically in an effort to undermine LNA's already-filed opposition to their class certification motion. E.g, Pl. Mem. at 14-15 ¶¶ 3-4. By definition, that constitutes prejudice to LNA.[7]

In this regard, plaintiffs' assertion (Pl. Mem. at 10 ¶¶ 10, 11) that they should be allowed to amend their complaint to mirror their class certification motion emphasizes both the prejudice to LNA and the lack of any valid excuse for the delay. In essence, plaintiffs seek the ability to ignore and evade the long-elapsed Court-imposed deadline for amending their complaint simply by filing a class certification motion containing all sorts of different claims or allegations and then insisting on the right to belatedly amend their complaint to match that motion. It was plaintiffs' burden to timely file a complaint with allegations that could support a class certification motion and then file a motion to certify the allegations in that complaint for classwide adjudication – not vice-versa.[8] Moreover, because LNA's class certification opposition was properly based on plaintiffs' existing Sixth Amended Complaint – not just on plaintiffs' class certification motion – LNA would be severely prejudiced at this point, regardless of whether or not the new complaint "mirrors" the class certification motion.

---

[7] Further, plaintiffs err when they assert that eliminating their emotional distress subclass would negate the point made in LNA's opposition to class certification. Whether or not such a subclass is listed in the complaint, the individual plaintiffs have made it clear in discovery that they allege that they have suffered from emotional distress. See Doc. 16405 pp. 44-45. As shown in LNA's class certification opposition, those claims can only be adjudicated on an individual basis. *Id*.

[8] Indeed, the reason why the Magistrate Judge allowed plaintiffs to belatedly file a Sixth Amended Complaint back in 2007 was precisely because, in his words, "allegations that describe the proposed class and identify specific class representatives are vital in a putative class action" and hence "[c]ertainly, they need to be known now." Doc. 8775. As such, it is far too late for plaintiffs now to return to this Court claiming the same need for further amendments. Moreover, even in allowing the Sixth Amended Complaint, the Magistrate Judge remarked on plaintiffs' lengthy and unexplained delay: "[w]ho can say why these critical allegations concerning the proposed class were not included in the original complaint or in the five previous amendments?" *Id*. That delay is still far longer now.

9

Finally, plaintiffs are flatly wrong when they assert (at 11 ¶ 14) that "[t]he Fifth Circuit approved such adjustments and refinements in *In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)." That case did not even involve a motion to amend a complaint. Nor did it involve an effort to change the substantive allegations of a complaint. To the contrary, it merely involved a revision to the proposed class definition. Here, by contrast, plaintiffs are belatedly seeking to alter the substantive allegations of the complaint long after the deadline for making such changes has passed, after the other parties have relied on those allegations in briefing the motion for class certification and otherwise, and in ways that seek to disguise rather than conform to the evidence adduced in discovery.

4. <u>Timing</u>. In denying plaintiffs' first motion for leave to file a Seventh Amended Complaint, and in re-adopting his reasoning in denying the second motion, the Magistrate Judge held that "[w]hile the question of the availability of a continuance of either the trial, class certification or dispositive motions deadlines to cure such prejudice is entirely one for the presiding district judge to determine, I doubt that such continuances would be permitted on the current record." Doc. 15902 p. 2. That conclusion is unimpeachable. The class certification motion is fully briefed and awaiting oral argument on February 11, 2009. Granting plaintiffs' motion would necessitate yet another round of class certification briefing that would interfere with the argument date and with the Court's overall calendar.

\* \* \* \* \*

In sum, based on these various well-supported factual findings, the Magistrate Judge surely did not commit clear error in his ultimate finding that "[e]valuating these four factors in this instance weighs heavily against a finding of good cause." Doc. 15902 p. 2. For all of these reasons, plaintiffs' appeal should be denied.

10

## CONCLUSION

Plaintiffs' appeal from the Magistrate Judge's order denying their second motion for leave to file an untimely seventh amended complaint should be denied.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

January 15, 2009

## Certificate of Service

I hereby certify that I have on this 15th day of January, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock
