UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>No. 05-4182 "K" (2) and (3)<br><br>JUDGE DUVAL |

PERTAINS TO LEVEE:

| | |
|---|---|
| NO. 06-5116 (SIMS) | NO. 06-5134 (CHRISTOPHE) |
| NO. 06-5118 (RICHARD) | NO. 06-5137 (WILLIAMS) |
| NO. 06-5142 (AUGUSTINE) | NO. 06-5127 (DEPASS) |
| NO. 06-5132 (FERDINAND) | NO. 06-5128 (ADAMS) |
| NO. 06-5131 (BOURGEOIS) | NO. 06-5140 (PORTER) |

### SETTLING DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO CONDUCT SETTLEMENT RELATED DISCOVERY

MAY IT PLEASE THE COURT:

On December 8, 2008 a Joint Motion for Certification of a Settlement Class, for Approval of Proposed Settlement, and for Related Relief (Document No. 16647) was filed on behalf of certain proposed Class Representatives and Settling Defendants.[1] On December 15, 2008, Judge Duval granted the Joint Motion and issued an Order of Preliminary Certification of a Settlement Class, Preliminary Approval of Proposed Settlement and Stay of Certain Claims and Actions (Document No. 16721, filed 12/15/08). The Order expressly includes a stay of all claims (including discovery) in all federal Pending Actions.[2] The term "Pending Action" is defined by the Settlement Agreement, and adopted by the Court's Order, and it specifically

---

[1] Settling Defendants are Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority – East, the Southeast Louisiana Flood Protection Authority – East, and St. Paul Fire and Marine Insurance Company.

[2] See Order, Paragraph 12, Page 9.

includes all of the suits in which this Motion for Leave to Conduct Settlement Related Discovery is filed.[3] Thereafter, Judge Duval issued an Order Confirming Stay of Certain Claims, and directed as a ministerial matter that the Clerk of Court enter the following Order in all federal Pending Actions, including the actions that are the subject of this Motion:

> All claims asserted against the Orleans Levee District, Board of Commissioners, Orleans Levee District, East Jefferson Levee District, Board of Commissioners, East Jefferson Levee District, Lake Borgne Basin Levee District, Board of Commissioners, Lake Borgne Basin Levee District, and St. Paul Fire & Marine Insurance Company ("Stayed Defendants") in the Federal Pending Actions are stayed (including discovery). All parties are enjoined from pursuing any claims asserted in the Federal Pending Actions (including discovery) against said Stayed Defendants absent further order of this Court. No finding, judgment, adjudication or verdict rendered in the Federal Pending Actions after December 15, 2008, shall be binding or have any precedential effect on the Stayed Defendants.[4]

Now, plaintiffs in ten Pending Actions seek leave from this Court to conduct "settlement related discovery." They argue that the deadline to object to the settlement is March 13, 2009, and that they "are in need of information not available to them by other means in order to evaluate the settlement and file an objection, if necessary."[5] Thus, plaintiffs' motion is apparently directed toward evaluating the fairness, reasonableness and adequacy of the proposed settlement. Although not stated directly in the Motion for Leave, it is presumed that Movants are requesting the Court to lift its previous stay orders.

Simultaneously, counsel for Movants, Mr. Gambel, is also undertaking action to conduct "settlement related discovery" in state court Pending Actions in which he is counsel of record.[6] Thus, it appears that if Movants' instant motion fails, it is their counsel's intent to accomplish in state court what the federal court will not permit.

---

[3] See Exhibit A, Class Settlement Agreement, attached to Joint Motion for Certification of a Settlement Class, for Approval of Proposed Settlement and for Related Relief, Document No. 16647-2, filed 12/08/08.
[4] See Order Confirming Stay of Certain Claims, Document No. 16811, filed 12/19/08.
[5] See Memorandum in Support of Motion for Leave to Conduct Settlement Related Discovery, p. 2, Document No. 17334-2, filed 1/23/09.
[6] See attached Exhibit 1, email from William Gambel to various counsel dated January 27, 2009 regarding his intent to notice depositions of Levee District insurance brokers in three state court actions.

2

Settling Defendants oppose plaintiffs Motion for the following reasons:

1. Plaintiffs have made no showing that the information they seek is unavailable to them. In point of fact, Class Counsel have completed substantial discovery, all of which is accessible.

2. Plaintiffs have not demonstrated that the discovery they seek is relevant to the limited purpose of evaluating whether the proposed settlement is fair, adequate and reasonable.

3. To date, the number of filed objections is too few, and the Movants' interests are too ill defined to warrant discovery under the circumstances.

4. In the event Movants or other Class Members satisfy the Court that they have a reasonable need for relevant discovery, this Court should control, coordinate, and direct the manner in which all settlement related discovery should proceed.

## LAW AND ARGUMENT

As an initial matter, F.R.C.P. 23(e) requires court approval of class action settlements. In *Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983), the Fifth Circuit set forth six factors that courts should consider when assessing the fairness of a proposed settlement. *In re Prudential-Bache Energy Income Partnerships Securities Litig.*, 815 F.Supp 177, 180 (E.D. La. 1993). These factors are:

1. whether the settlement was the product of fraud or collusion;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the factual and legal obstacles to prevailing on the merits;
5. the possible range of recovery and the certainty of damages; and

> 6. the respective opinions of the participants, including class counsel, class representatives, and the absent class members.

*Id.* (citing *Reed*, 703 F.2d at 172).[7]

As a practical matter, if a court permits an objector to conduct discovery, it is often because there is not adequate information for the court to sufficiently evaluate one or more of the above factors. While objecting class members are entitled to meaningful participation in settlement proceedings and leave to be heard, they do not have an absolute right to discovery and presentation of evidence. *Id*; *Girsh v. Jepson*, 521 F.2d 153, 158 (3rd Cir. 1975); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The temptation to convert a settlement hearing into a full trial on the merits must be resisted. *Bronco II*, 1994 WL 593998 at *3 (citing *Mars Steel v. Continental Ill. Nat. Bank & Trust*, 834 F.2d 677, 684 (7th Cir. 1987); *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1315 (3rd Cir. 1993)). The court must not overlook the differences between a full trial and a fairness hearing. *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 636 (6th Cir. 2007). That is, in a fairness hearing, the court does not resolve the parties' factual disputes, but it ensures that the disputes are real and that the settlement fairly and reasonably resolves the parties' differences. *Id.* at 636-37.

The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of settlement. *Bronco II*, 1994 WL 593998 at *3. The criteria relevant to the court's decision of whether to permit discovery are the nature and amount of previous discovery, whether there is a reasonable basis for the evidentiary requests, and number and interests of objectors. *Id.* (citing Newberg at § 11:57; *In re Domestic*

---

[7] Although it does not appear to be the basis for movant's request for discovery, at the certification hearing, the Court will consider those issues relevant to the propriety of class certification.

4

*Air Transp. Antitrust Litigation*, 144 F.R.D. 421, 424 (N.D. Ga. 1992)). Additionally, any request for discovery must also seek information relevant to the determination of whether the proposed settlement is fair, adequate, and reasonable. *Id.* Further, discovery by objecting class members should not unduly burden the parties or cause unnecessary delay. *Id.* Finally, general requests for discovery are viewed with disfavor by the courts because they often indicate the lack of a serious and conscious effort to develop a meaningful objection to the proposed settlement. *Id.* (Citing Newberg at § 11:57).

The nature and amount of previous discovery is relevant to the issue of whether to grant objecting class members leave to conduct independent discovery because "[a]s the comprehensiveness of the record submitted by the proponents increases, the likelihood that the objector's request for discovery will be duplicative of the efforts of the proponents increases." *Id.* (citing Newberg at § 11:57). Further, the critical question in determining whether independent discovery by objecting class members is necessary is whether the court has sufficient facts before it to intelligently consider the proposed settlement. *Id.* (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974)). If significant documentation has already been produced, and particularly if it has been made available to objecting class members, then independent discovery should generally not be allowed. *Id.* (citing *City of Detroit*, 495 F.2d at 463; *Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir. 1982); *Bell Atlantic*, 2 F.3d 1304)).

Objecting class members should not be granted leave to pursue discovery unless they present "cogent factual objections to the settlement." *Id.* That is, objecting class members must make a clear and specific showing that the court lacks vital information for its fairness determination. *Id.* (citing *City of Detroit*, 495 F.2d at 464). Objecting class members must therefore show specifically what information they need from settling plaintiffs and defendants

5

and how that information will assist the court in its determination of the fairness of the proposed settlement. *Id.*

In fact, courts seem to have a general distaste for allowing discovery of settlement negotiations. In *Hemphill*, 225 F.R.D. at 621, in support of their discovery requests, the objecting class members heavily relied on the argument that the settlement was collusive. The court, however, rejected this argument, finding that the plaintiffs had not met their burden of proving from other sources that settlement was collusive. *Id.* The court noted that as a general principle, the courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered. *Id.* (citing Newberg § 11:51 at 158-159). In *Hemphill*, the court observed that settlement negotiations were closely supervised by the court-appointed mediator and the magistrate judge, and an agreement was only reached after several months of court supervised negotiations. *Id.* The court then denied the objecting plaintiffs' request for discovery into settlement negotiations, finding instead that the proposed settlement was the product of "arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel." *Id.*

Courts have taken the position that one indication of the fairness of a settlement is the lack of small number of objectors. *Bronco II*, 1994 WL 593998, at *5. In *Hemphill v. San Diego Assoc. of Realtors*, 225 F.R.D. 616 (S.D. Cal. 2005), subscribers to a county-wide real estate listing service brought a class action against the corporation that maintained the listing service database, as well as the local and state real estate associations for price fixing and conspiracy to monopolize the market. The court observed that only nine objections (and 24 opt-outs) were submitted, despite the mailing of over 27,000 settlement notices, the publication of a summary settlement notice on two occasions, and thousands of hits received by the settlement

administrator's website and the defendant's website. *Id.* at 620. The court noted that the fact that the objectors represented only a small number of the thousands of class members weighed against their discovery requests. *Id.*

1. **Plaintiffs have made no showing that the information they seek is unavailable to them. In point of fact, Class Counsel have completed substantial discovery, all of which is accessible.**

Since the initiation of this litigation in the fall of 2005, Class Counsel and Settling Defendants have exchanged written discovery, produced thousands of documents, retained experts, and have completed dozens of depositions of fact and expert witnesses. Specifically, Class Counsel have deposed 30(b)(6) representatives of each of the Levee Districts and have obtained their financials and insurance policies. The Levee Districts have produced insurance policies dating back to the 1980's. To the best of Settling Defendants' knowledge, all depositions, produced documents, expert reports, and written discovery responses are available to Class Members, including these plaintiffs. Movants do not claim otherwise, and have made no showing that these documents are inadequate for the purpose of evaluating whether the settlement is fair, reasonable and adequate.

2. **Plaintiffs have not demonstrated that the discovery they seek is relevant to the limited purpose of evaluating whether the proposed settlement is fair, adequate and reasonable.**

Movants fail to apprise the Court and the Settling Defendants of the discovery they believe they need to evaluate the settlement. Thus, there has been no showing of relevance. Moreover, as yet, Movants have not objected to the settlement. Rather, they seek leave to conduct discovery to determine whether in fact they will object. Without clearly stated grounds of an objection, the Court and the Settling Defendants are deprived of a basis upon which to help them to determine the relevance and reasonableness of any discovery request.

3.  **To date, the number of filed objections is too few, and the Movants' interests are too ill defined to warrant discovery under the circumstances.**

Settling Defendants are aware of objections filed by three Class Members. To date, none of the objectors have sought leave to take discovery, nor has any other Class Member. Settling Defendants submit that, under circumstances where Class Counsel have completed substantial discovery and where Movants' discovery requests are not specified, the determination of whether there is a sufficient number of objectors or lack of knowledge by Class Members so as to justify certain discovery requests is premature until the passage of the March 13th objection deadline.

4.  **In the event Movants or other Class Members satisfy the Court that they have a reasonable need for relevant discovery, this Court should control, coordinate, and direct the manner in which all settlement related discovery should proceed.**

In addition to approximately 300 Pending Actions in the Eastern District, there are more than 60 Pending Actions in Louisiana state courts.[8] If, after the April 2, 2009 Fairness Hearing, Judge Duval approves the proposed settlement, all claims against the Settling Defendants asserted in all of the Pending Actions will be resolved. In the meantime, in the event that Movants or any other Class Member have a demonstrated need for reasonable and relevant settlement related discovery, such discovery should be controlled, coordinated and directed through this Court, and Movants and their counsel should be enjoined from seeking such discovery in any state court Pending Action. *Corrugated Container Antitrust Litigation*, 659 2d 1332 (5th Cir. 1981), *In Re: Taxable Municipal Bonds Litigation*, 1992 WL 205083 (E.D. La.).[9]

---

[8] See Exhibit A, Class Settlement Agreement, attached to Joint Motion for Certification of a Settlement Class, for Approval of Proposed Settlement and for Related Relief, Document No. 16647-2, filed 12/08/08. "The term 'Pending Actions' shall mean any and all lawsuits, administrative claims or other actions, however asserted (including but not limited to any and all petitions, complaints, third-party demands, cross-claims and counter-claims), in which a Released Claim has been, or is, asserted (including but not limited to those lawsuits identified on Exhibit "A" to the Class Settlement Agreement, as same shall be amended from time to time prior to the entry of the Final Approval Order and Judgment).

[9] The *Corrugated Container* decision stands for the proposition that a federal court that has preliminarily approved a class action settlement has the power to enjoin parallel state court actions. Settling Defendants are not requesting at this time that any state court action be enjoined, as an injunction is not necessary to permit this Court from

Good cause exists for issuance of the requested order enjoining state court settlement related discovery. First, the Fairness Hearing is scarcely eight weeks away, and the time in which to conduct discovery, should any be needed, is limited. Second, Settling Defendants should not be subject to the whims of counsel in state court proceedings regarding what discovery is necessary and/or whether it is relevant and "settlement related." Third, state court judges who are less familiar with the proposed settlement should not be called upon to issue rulings as to whether proposed discovery is necessary or "settlement related." Should Movants and other Class Members not be enjoined, the prejudice to which Settling Defendants are exposed is clear – unnecessary litigation costs, duplication of effort, and potential loss of control over the settlement by this Court. Moreover, Movants and other Class Members will suffer no prejudice if they are required to move for and conduct their settlement related discovery under the auspices of the court most familiar with and knowledgeable about the proposed settlement. There are no trial dates or other pending deadlines in any state court Pending Action.

## CONCLUSION

For the foregoing reasons, Settling Defendants submit that the Motion for Leave to Conduct Settlement Related Discovery should be denied. Further, Settling Defendants request that this Court issue an order enjoining Movants and all other Class Members and their counsel from proceeding with settlement related discovery in any state court Pending Action. And, in all events, should Movants or any other Class Member demonstrate a legitimate need for reasonable and relevant settlement related discovery, such discovery should be controlled, coordinated and directed through this Court.

---

ordering the coordination of all settlement related discovery proceedings. See also *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989); *In re Baldwin-United Corp.*, 770 F.2d 328 (2d Cir. 1985).

9

Respectfully submitted,

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK

By: _____
Gary M. Zwain, (#13809)
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, THE EAST JEFFERSON LEVEE DISTRICT, THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT, AND THE LAKE BORGNE BASIN LEVEE DISTRICT


LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

/s/ Ralph S. Hubbard, III
By: _____
Ralph S. Hubbard III (#7040)
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

And

PHELPS DUNBAR, L.L.P.

/s/ S. Ault Hootsell III
By: _____
S. Ault Hootsell III (#17630)
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

10

ATTORNEYS FOR ST. PAUL FIRE AND MARINE INSURANCE COMPANY

McCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & McDANIEL

By: */s/ Thomas P. Anzelmo*
_____
Thomas P. Anzelmo, (#2533)
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

And

LABORDE & NEUNER

By: */s/ Ben L. Mayeaux*
_____
Ben L. Mayeaux, (#19042)
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, Louisiana 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT AND THE ORLEANS LEVEE DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Gary M. Zwain*
_____
**GARY M. ZWAIN (#13809)**