EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                                   NO. 05-4182

PERTAINS TO:                                                  SECTION "K"(2)
Hurricane Legal Center Cases-Mass Joinder:

<u>Anderson</u>     07-6737
<u>R.Adams</u>    07-4459
<u>Aguda</u>        07-4457
<u>Allen-Perkins</u> 07-5204
<u>D.Adams</u>    07-5206

## ORDER AND REASONS

Before the Court is State Farm's Motion to Expedite Consideration of State Farm's Appeal of Magistrate Order (Doc. 17146) and State Farm's Motion for Appeal of Magistrate Order (Doc. 17149). Having reviewed the pleadings, memoranda, the relevant law, and the status of the Insurance Umbrella, the Court will **GRANT** the Motion for Expedited Hearing (Doc. 17146) on the papers and **DENY** the appeal for the reasons that follow.

In Rec. Docs. 13786 and 14402 found in this consolidated matter, the tortured history of these cases is set out in full and will not be reiterated here. Suffice it to say at this point, that in spite of the defalcations of the Hurricane Legal Center, the Court found as set out in its Order of August 8, 2008, with respect to mass joinder complaints filed the Hurricane Legal Center:

> that the true thrust of these claims is underpayment for the wind damage–thus the "partial" payment noted was not intended to mean that the payment was satisfactory for all alleged wind damage, just that there had been some payment made for wind damage. Therefore, the Court will not allow the proposed amendment but regards the issue of "wind damage" as sufficiently pled in the original complaints in compliance with the notice pleading requirement of Fed. R. Civ. P. 8.
> **As such, for the reasons assigned in open court, the Court will take judicial notice that with respect to all of the complaints filed by the**

> **Hurricane Legal Center, the Court will hereafter consider the allegations to include allegations for failure to pay adequately wind damage claims. Likewise, considering the Post-Sher CMO, the Court will also consider that all claims for failing to pay for flood damage are dismissed.**

(Rec. Doc. 14402 at 2-3)[1] (emphasis added).

On December 30, 2008, as contemplated by the Court in order to advance the prosecution of those insurance claims that have not settled under the Insurance Umbrella, a Severance Order was entered in the above-styled cases which ordered the Hurricane Legal Center to file an individualized amended complaint for each plaintiff or set of related plaintiffs asserting claims as to particular property allegedly insured by State Farm. In response, State Farm filed a Rule 59 Motion to Alter or Amend the Court's severance Order and/or Motion to Clarify based on what it contends it the Hurricane Legal Center's intention "to create a new, substantively different complaint."

> Judge Wilkinson rejected the motion stating:
>
> The motion requires no clarification. This is a severance order. It relates only to misjoinder and the proper separation of plaintiffs, defendants, properties and particular insurance policies into appropriate complaints. It does not address or relate to possible Rule 12(b) or other defenses. In my view, Judge Duval ultimately rejected the argument State Farm makes in this motion. Record Doc. No. 14402 at pp. 2-3. Defendant's argument certainly misinterprets my orders concerning previous motions to amend. If defendant believes that it has some ground to move for dismissal of any amended complaint, it may certainly do so, after the amended complaints are filed.

---

[1] The ruling concerned the following cases:
Aguda C.A. No. 07-4457
Anderson C.A. No. 07-6737
Acevedo 07-5199
Abram 07-5205.
Acevedo and Abram had been dismissed as a result of the Hurricane Legal Centers defalcations and the dismissals were confirmed by this ruling. Thus, specifically, the Court ruled on the issue of stating a claim for wind damage in Aguda and Anderson.

A district court may modify or set aside a magistrate judge's ruling regarding non-dispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). This Court finds no error in Magistrate Judge Wilkinson's ruling. The severance order speaks for itself. The Court has ordered these cases severed, and it neither intends, nor does it believe that it is appropriate for it to rule on the merits of any substantive filing at this point. Furthermore, the record as concerns the Hurricane Legal Center mass joinder cases speaks for itself; the Court has ruled that is took judicial notice that with respect to all of the complaints filed by the Hurricane Legal Center that the allegations were sufficient to seek damages for the insurer's failure to pay adequately wind damage claims. Accordingly,

**IT IS ORDERED** that State Farm's Motion to Expedite Consideration of State Farm's Appeal of Magistrate Order (Doc. 17146) is **GRANTED**, and State Farm's Motion for Appeal of Magistrate Order (Doc. 17149) is **DENIED**.

New Orleans, Louisiana, this  28th  day of January, 2009.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**