UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson (06-2268) | § | |
| _____ | § | |

NOTICE OF SUPPLEMENTAL AUTHORITY

On Thursday, January 22, 2009, the Court of Appeals for the Fifth Circuit decided Freeman v. United States, — F.3d — , 2009 WL 146579 (5th Cir. Jan. 22, 2009). In Freeman the Court of Appeals affirmed this Court's dismissal of suits brought by relatives and representatives of victims of Hurricane Katrina. In granting the United States' motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., Judge Zainey recognized that Congress intended to shield the United States from liability for discretionary functions. See Freeman v. United States, 2007 WL 1296206 (E.D. La. Apr. 30, 2007). The affirmance last week of Judge Zainey's decision provides additional authority for granting the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 16511).

The Court of Appeals applied the well-established two-part test for identifying discretionary functions and held that the challenged conduct in Freeman—including "even . . . failure to provide food, water, shelter, medical assistance, and transport" —was protected

by the discretionary function exception ("DFE").[1]  2009 WL 146579, at *8.  Although the plaintiffs argued that the United States failed to perform or was negligent in performing specific duties prescribed by the National Response Plan,[2] the court held that the challenged conduct was discretionary because "[t]he NRP directives . . . permit agents to exercise judgment or choice that is subject to policy analysis."  Id.  The court put the burden on the plaintiffs "to identify any specific, nondiscretionary function or duty that does not involve an element of judgment or choice."  Id. at *9.  The plaintiffs failed to carry that burden.  Instead they "cite[d] a large number of NRP provisions that contain generalized, precatory, or aspirational language that is too general to prescribe a specific course of action for an agency or employee to follow."[3]  Id.  Upon a review of the provisions cited by the plaintiffs, the court "conclude[d] that these (and similar) responsibilities were so general that they too fail to prescribe a nondiscretionary course of conduct.  Almost by definition these 'responsibilities' required the agency to exercise judgment and choice to define specific directives or functions."  Id. at *9.

---

[1] Although *Freeman* was decided under the Stafford Act, 42 U.S.C. § 5148, the court determined the applicability of this provision "by turning to the well-established precedent defining discretionary conduct under § 2680(a) of the FTCA."  2009 WL 146579, at *8.

[2] The National Response Plan ("NRP") was promulgated by the Department of Homeland Security toward the end of providing the structure and mechanism for an integrated governmental response to disasters.  *Id.* at *2.

[3] In a companion case decided the same day, the Court of Appeals acknowledged the existing circuit split on the burden issue.  *See St. Tammany Parish v. FEMA,* — F.3d — , 2009 WL 146582, at *6 n.3 (5th Cir. Jan. 22, 2009)

Under the second prong of the test, the court "h[e]ld that the government's decisions about when, where, and how to allocate limited resources within the exigencies of an emergency are the types of decisions that the discretionary function exception was designed to shelter from suit." Id. at *11.  Again the court put the burden on the plaintiffs to "formulate [a] legal argument or factual development to support their conclusion" "that complying with the NRP was not policy-related."  Id.  The court applied "the strong presumption that, where permitted by the relevant statute or regulation, the exercise of choice or judgment implicates relevant policy."  Id. (citing United States v. Gaubert, 499 U.S. 315, 324 (1991)).

In keeping with the focus on "the nature of the actions taken," id. at *8, the court did not require an analysis of any particular decision that was made or not made in order to determine that the DFE applied, see id. at *11-*13.  Instead, because the relevant statute and regulation permitted the exercise of choice or judgment regarding the feasibility, safety, and benefit of mobilizing federal resources in the aftermath of a national disaster, the Court concluded that the challenged decisions "are clearly 'susceptible to policy analysis,' even if specific decisions were not the result of such reasoned analysis." Id. at 11 (quoting Gaubert, 499 U.S. at 325).  Further, the court found no need to undertake an analysis of alleged violations of federal directives that lacked a causal connection to the plaintiffs' injuries.  Only those "specific directive[s] that would have benefitted decedents" were subjected to the discretionary function analysis.  Id. at *10 n.13.

In holding that the DFE applied, the court also discounted a pre-Gaubert Sixth Circuit decision that was premised on the nonexistent dichotomy between discretionary functions and operational activities.  The court rejected the notion that operational decisions categorically do not involve judgment of the kind that the DFE was designed to shield.  See id. at 11 n.15.  The court expressly recognized that "'[d]iscretionary conduct is not confined to the policy or planning level.'"  Id. (quoting 499 U.S. at 325).

As in Freeman, Plaintiffs here have failed "to identify any specific, nondiscretionary function or duty that does not involve an element of judgment or choice."  Id. at *9.  Instead they rely on statutes and regulations that impose responsibilities so general that they "[a]lmost by definition . . . required the agency to exercise judgment and choice."  Id.  Certainly the NEPA statute and regulations cited by Plaintiffs are of this ilk.  They imposed "responsibilities [that] required judgment and choice to make them applicable to specific situations."  Id.  In undertaking the mammoth public works projects that are at issue in this litigation—both the Lake Pontchartrain and Vicinity Hurricane Protection Project, and the Mississippi River-Gulf Outlet—it would be astonishing if the activities that were central to accomplishing those projects were not discretionary functions.  Designing, building, maintaining, and repairing a deep-draft shipping channel are activities that undoubtedly call for the exercise of policy-based judgment and choice.  The same is true of designing, constructing, and maintaining levees and floodwalls for protection against hurricane storm surges.

4

In National Union Fire Insurance v. United States, the Ninth Circuit identified what it described as "the Corps' statute." 115 F.3d 1415, 1419 (9th Cir. 1997). This statute, 33 U.S.C. § 541, requires the Corps to exercise policy-based judgment and choice when prosecuting public works projects. See National Union Fire Insurance, 115 F.3d at 1419 (noting "that the Corps is required by this statute to make a judgment balancing these sometimes conflicting considerations: (1) how much commerce benefits from the project; (2) what kind of commerce; (3) how much the project will cost; (4) how necessary is the work; (5) should the work be built, continued, or maintained by the federal government, or some other entity."). The record here reflects that the Corps did just that in designing, constructing, operating, and maintaining the Mississippi River-Gulf Outlet. Inasmuch as Plaintiffs have failed to identify any specific directive that removed this discretion, the United States Motion to Dismiss or, in the Alternative, for Summary Judgment should be granted.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General
        PHYLLIS J. PYLES
        Director, Torts Branch
        JAMES G. TOUHEY, JR
        Assistant Director, Torts Branch

          s/ Robin D. Smith
        ROBIN DOYLE SMITH
        Senior Trial Counsel
        Torts Branch, Civil Division
        U.S. Department of Justice
        Attorneys for the Defendant United States

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Supplemental Authority was served by ECF on all parties of record on January 30, 2009.

s/ Robin D. Smith<br>
ROBIN D. SMITH