MINUTE ENTRY
DUVAL, J.
JANUARY 13, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>MRGO/BARGE | SECTION "K"(2) |

      Attending an informal status conference as contemplated in Case Management Order No. 7, Paragraph V (Doc. 12935) concerning the scope and contours of any trials on the merits in MRGO/BARGE were:

      Ronald Kitto for American Club;
      Joseph Bruno and Scott Joanen for Plaintiffs Liaison;
      Jeffrey Raines for NYMAGIC;
      Robin Smith for the United States;
      John Aldock for Lafarge North America;
      Jim Roy for MRGO PSLC;
      Charles Lanier for SWBNO;
      Brian Gilbert, Richard Seymour and Shawn Khorrami for Barge Plaintiffs;
      Raymond Lewis for Universal Health Services;
      Patrick Vance for AT&T, et al.;
      Wendy Robinson for Entergy;
      William Treeby for WGII; and
      Cindy G. Martin for Joseph C. Domino, Inc.

      The Court noted that the purpose of the conference was general and informal in nature focused primarily on the scope of the July 13, 2009 proceedings as set forth in Case Management Order 7.

      Representatives of Lafarge North America, MRGO plaintiffs, BARGE plaintiffs and the United States presented their thoughts concerning the anticipated proceedings as well as certain

issues concerning needed motion practice. The Court reminded counsel that any relief sought from the present schedule as set forth in CMO 7 must be done timely and by motion.

Under CMO 7, the window for Motions for Summary Judgment will be closed with respect to LEVEE, MRGO and BARGE on **March 1, 2009**; this arbitrary date was set in May of 2008. However, due to the immense increase in litigation with respect to Class Action Settlements as to the Levee Districts in LEVEE; in the sub-categories of Insurance, and Road Home; Class Certification hearings and determinations thereon; and the *Robinson* matter, which is set to commence on **April 20, 2009**, the Court notes at this time that it is likely that any motion filed after the entry of this order will likely not be heard before mid-March. Indeed, without good cause shown, any motion filed in February may not be heard until April.

In addition, the Court would note that while certain filings were made concerning the protocol regarding the identification of individual cases for the purpose of individual merits trial in the event that Plaintiffs' class certification motions were denied or continued, as set forth in Paragraph II of CMO 7 at 2, the circumstances and parameters of the MRGO litigation have dramatically changed with the dismissal of the Washington Group International, Inc.

As such, the Court finds that CMO 7 needs to be augmented with respect to setting forth a plan as to what cases shall proceed to trial in July. The deadlines set forth in CMO 7 remain in place.

The trials contemplated under this order are of individuals, not corporations. The purpose of these trials is to determine causation. Accordingly,

**IT IS ORDERED** that Liaison Counsel for MRGO plaintiffs, MRGO defendants, BARGE plaintiffs, and BARGE defendants and the United States shall file with the Court a joint written statement proposing which cases should be tried in July in the event no class is certified, no later than **March 15, 2009** after the close of fact discovery.  In the event that a consensus cannot be reached, then separate proposals may be filed.

JS10(01:10)