UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | **KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" (2)** |
| FILED IN: | 05-4181, 05-4182, 05-4191, 05-4568, 05-5237,<br>05-6073, -5-6314, 05-6324, 05-6327, 05-6359,<br>06-0020, 06-1885, 06-0225, 06-0886, 06-11028,<br>06-2278, 06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931, 06-5032,<br>06-5042, 06-5159, 06-5163, 06-5367, 06-5471,<br>06-5771, 06-5786, 06-5937, 06-7682, 07-0206,<br>07-0647, 07-0993, 07-1284, 07-1286, 07-1288,<br>and 07-1289. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS
AGAINST SEWERAGE AND WATER BOARD OF NEW ORLEANS**

**MAY IT PLEASE THE COURT:**

**I.  INTRODUCTION**

Pursuant to Fed.R.Civ.P. 41(a) and 28 U.S.C. § 1367 (C)(3) , the Levee Plaintiffs' Subgroup Litigation Committee ("Plaintiffs") seek dismissal *without* prejudice of their claims the Sewerage and Water Board of New Orleans ("SWB") for reason that the only basis of federal subject matter jurisdiction over SWB – supplemental jurisdiction under 28 U.S.C. § 1367(a) – no longer exists.

Five bases of *independent* original federal subject matter jurisdiction and one base for *supplemental* jurisdiction were set forth on pages three and four of the September 12, 2007 "Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint" (Doc. 7571). Those bases for jurisdiction were:

1. 28 U.S.C. § 1346(b) (jurisdiction over the United States) and 28 U.S.C. § 2671 (Federal Tort Claim Act);

2. 28 U.S.C. § 1331 for claims asserted against the United States pursuant to 16 U.S.C. § 1451(Coastal Zone Management Act), 33 U.S.C. § 403 (River and Harbors Act), and 33 U.S.C. § 1251 (Federal Water Pollution Control Act);

3. 28 U.S.C. § 1332(d)(2) over claims asserted against diverse defendants (*e.g.*, Washington Group International)  pursuant to 28 U.S.C. 28 U.S.C. § 1711 (Class Action Fairness Act);

4. *Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims against non-diverse defendants (e.g., Boh Brothers, SWB, OLB) asserted under state law;*

5. Maritime jurisdiction pursuant to 28 U.S.C. § 1333(1); and

6. Maritime jurisdiction against the United States under 46 U.S.C. § 741 (Suits in Admiralty Act) and 46 U.S.C. § 752 (.Public Vessels Act), and/or under 46 U.S.C. § 740 (Admiralty Extension Act).

With regard to the 17th Street Canal portion of this litigation, Plaintiffs' claims against the United States, the defendant contractors, and the defendant engineers have been dismissed.  The Court also found that maritime jurisdiction does not apply.  With these rulings, any arguable basis for *independent* subject matter jurisdiction under  28 U.S.C. § 1346(b), 28 U.S.C. § 2671, 28 U.S.C.

§ 1331, 28 U.S.C. § 1332(d)(2), 28 U.S.C. 28 U.S.C. § 1711, 28 U.S.C. § 1333(1), 46 U.S.C. § 741, 46 U.S.C. § 752), and 46 U.S.C. § 740 was ended.

Given the dismissal of all independent bases for federal subject matter jurisdiction, the "sixty-four thousand dollar question" is how supplemental jurisdiction under 28 U.S.C. § 1367 survives against non-diverse defendants like SWB? Plaintiffs suggest, of course, that it does not and the Court should dismiss their claims against SWB *without* prejudice pursuant to Fed.R.Civ.P. 41 (a) and 28 U.S.C. § 1367 (C)(3).

## II.  LAW AND ARGUMENT

Fed.R.Civ.P. 41(a) (2 ) contains a mechanism for voluntary dismissal.  It provides in pertinent part that:

> *"an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."*

Here, SWB filed no counterclaim, so the Court is in a position to consider dismissal of Plaintiffs' claims without anything remaining for independent adjudication.

28 U.S.C. § 1367 (a), the supplemental jurisdiction statute, conveys jurisdiction where no separate independent basis exists.  It provides in pertinent that:

> *"in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claim that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."*

However, subsection ( c ) of § 1367 contains four exceptions where district courts can decline the exercise of supplemental jurisdiction. That subsection provides:

**( c )** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ---

  **(1)** The claim raises a novel or complex issue of state law,

  **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

  **(3)** the district court has dismissed all claims over which it has original jurisdiction, or

  **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the United States and all of the diverse 17th Street Canal defendants (*e.g.*, Modjeski and Masters) have been dismissed. Independent subject matter jurisdiction no longer exists under 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, 28 U.S.C. § 1331, 28 U.S.C. § 1332(d)(2), 28 U.S.C. 28 U.S.C. § 1711, 28 U.S.C. § 1333(1), 46 U.S.C. § 741, 46 U.S.C. § 752), and 46 U.S.C. § 740. Examined in light of § 1367( c ), it is clear that sub-parts (1), (2) and (4) are inapplicable. Plaintiffs' claims against SWB are hardly novel or complex, there are no remaining claims over which the Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for declining jurisdiction.

Elimination of sub-parts (1), (2), and (4) leaves only sub-part (3), which is readily applicable because the Court has dismissed all other claims over which it had original jurisdiction.

Many, many cases stand for the proposition that district courts' dismissal of state law claims is proper following dismissal of all federal questions that gave them original jurisdiction. *See, e.g.,*

*Ubuy Holdings, Inc. V. Gladstone*, 340 F.Supp.2d 1343 (S.D. Fla. 2004); *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 340 F.Supp.2d 1062 (N.D. Okla. 2004), *affirmed*, 434 F.3d 1208 (10th Cir. 2004); *Zdziebloski v. Town of East Greenbush*, 336 F.Supp.2d 194 (N.D. N.Y. 2004); *Kahn v. American Heritage Life Insurance Co.*, 324 F.Supp. 652 (E.D. Pa. 2004). Courts have wide discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed. *Salmon v. Miller*, 951 F.Supp. 103 (E.D. Tex. 1996). While the decision to exercise supplemental jurisdiction is a matter of discretion, however, in all but the rarest instance courts should decline to do so. *Wenner v. C.G. Bretting Mfg. Co.*, 917 F.Supp. 640 (W.D. Wis. 1995).

Judicial economy, fairness, convenience, and comity dictate having state law claims decided by state courts following district court dismissal of federal claims where there is no independent federal jurisdiction remaining to support supplemental jurisdiction, and resolution of state law claims depends upon determinations of state law.[1] *See Baggett v. First national Bank of Gainsville*, 117 F.3d 1342 (11th Cir. 1997); *Velez Rivera v. Agosto Alicea*, 334 F.Supp.2d 72 (D.P.R. 2004). Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring a "surer-footed" reading of applicable law. If federal claims are dismissed before trial, the state claims should be dismissed as well. *Vidal-Soto v. Banco Bilbao Vizcaya-Puerto Rico*, 4 F.Supp.2d 60 (D.P.R. 1998); *Johnson v. Cullen*, 25 F.Supp. 244 (D.Del. 1996).

---

[1] SWB is a named defendant in *Laurendine, et al. v. Board of Commissioners for the Orleans Levee District , et al.*, No. 2005-11660 "L," an action pending before the Civil District Court for the Parish of Orleans.

Before discussing the order in which competing merits versus jurisdictional motions should be considered by the Court, Plaintiffs would first show why the Court should not hesitate to exercise its discretion and dismiss this case. SWB has a pending, merits-related motion for summary judgment set for a hearing on February 27, 2009. In that motion SWB claims it is insulated from liability under the "discretionary function" immunity of La. R.S. 9:2798.1(B). It will lose that motion.

As Plaintiffs will show in their forthcoming opposition memorandum, this immunity is inapplicable to SWB because the dates of its alleged "exercise of discretion" preceded the 1985 enactment of the immunity statute.[2] In *Socorro v. The City of New Orleans,* 579 So.2d 931, 944-45 (La. 1991), the Louisiana Supreme Court specifically held that the statute, enacted in 1985 by Act No. 453 of the Legislature, was not be given retroactive application to a 1983 accident. The statute was enacted *one year after* the last chronological event in which SWB mentions itself as undertaking any activity in connection with the 17th Street Canal. Based upon its own timeline, SWB "exercised its discretion" *before* the immunity statute was enacted.

It is well-established that objections that a federal court lacks subject matter jurisdiction may be raised by a party or by a district court on its own initiative. *Arbaugh v. Y&H Corp.*, 546 U.S.

---

[2] On pages two and three of its Statement of Uncontested Material Facts (Doc. 16843-2), SWB stated:

> 4.   In 1974, due to flooding caused by heavy rains, the SWB first sought a permit from the United States Army Corps of Engineers ("Corps of Engineers") to redredge the 17th Street Canal to improve its hydraulic characteristics.
>
> 13.  On July 13, 1984, SWB receives permit from Corps of Engineers to proceed with the dredging plan.

500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).  Federal courts must determine that they have jurisdiction before proceeding to the merits.  *Lance v. Coffman*, ___ U.S. ___, 127 S.Ct. 1194, 167 L.Ed.2d 29 (2007).   The Fifth Circuit has held that a federal court <u>must</u> consider its jurisdiction *sua sponte.  Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494 (5th Cir. 2007).  Federal courts have a duty to examine the basis for their own subject matter jurisdiction, doing so on their own motion if necessary.  *Lewis v. Hunt*, 492 F.3d 565 (5th Cir. 2007).

What happens when a jurisdictional motion is competing with a merits motion like SWB's pending motion for summary judgment?   Putting aside the problem of La.  R.S.  9:2798.1(B) not providing retroactive immunity, a jurisdictional motion – like this one – must be resolved first.  This issue was addressed by this Court, which held that when a motion to dismiss for lack of subject matter jurisdiction is filed in conjunction with other motions to dismiss, the court should consider the jurisdictional attack before addressing any attack on the merits.  *In re Katrina Canal Breaches Consol. Lit.*, 533 F.Supp.2d 615 (E.D. La. 2008).  Before a federal court may address the merits of an action, it must establish that it has jurisdiction over the case.  *Albritton v. ABC Corp.*, 451 F.Supp.2d 839 (M.D. La. 2006).  When considering a motion to dismiss for lack of subject matter jurisdiction with a motion for summary judgment in the alternative, the district court must determine if subject mater jurisdiction is present before considering the substantive arguments of the motion for summary judgment.  *Jamison v. U.S.,* 491 F.Supp.2d 608 (W.D. La. 2007).   If jurisdiction does not exist, the district court need not reach any other issue.  *Orion Refining Corp. v. Fluor Enterprises, Inc.,* 319 B.R. 480 (E.D. La. 2004).

Here, of course, the Court isn't considering concurrent defense motions, it is considering concurrent motions filed by opposing parties. Plaintiffs suggest that this difference is of no consequence. The Court still must determine if it does or does not have subject matter jurisdiction over SWB. If it does not, dismissal without prejudice is appropriate and SWB can re-urge its motion for summary judgment in the Civil District Court for the Parish of Orleans.

**Respectfully submitted,**

   /s/ Joseph M. Bruno
Joseph M. Bruno (La. Bar# 3604)
The Law Offices of Joseph M. Bruno, APLC
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 561-6776
Plaintiffs' Liaison Counsel

Gerald E. Meunier (La. Bar# 9471)
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Liaison Counsel, Levee Plaintiffs' Sub-Group Litigation Committee

Darlene M. Jacobs (La. Bar # 7208)
Jacobs, Sarrat & Lovelace
823 St. Louis Street, New Orleans, LA 70112
Levee Plaintiffs' Sub-Group Litigation Committee

Richard M. Martin, Jr. (La. Bar #8998)
Law Office of Richard M. Martin, Jr., L.L.C.
20 Versailles Boulevard
New Orleans, LA 70125-4114
Telephone: (504) 861-8476
Levee Plaintiffs' Sub-Group Litigation Committee