UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | |

### RESPONSE OF *AMICI CURIAE* AT&T ENTITIES TO NOTICE OF SUPPLEMENTAL AUTHORITY

On January 30, 2009, the United States filed a Notice of Supplemental Authority bringing to this Court's attention the Fifth Circuit's recent decision in *Freeman v. United States*, --- F.3d ---, 2009 WL 146579 (5th Cir. Jan. 22, 2009). The United States contends that *Freeman* supports its argument that all claims against the United States Army Corps of Engineers ("Corps") based on negligence in connection with the design, construction, operation, maintenance, and/or repair of the Mississippi River Gulf Outlet ("MRGO") are barred by the discretionary-function exception of the Federal Tort Claims Act ("FTCA"). The United States' reliance on *Freeman* is misplaced.[1]

In applying the second prong of the discretionary-function exception in *Freeman*,[2] the Fifth Circuit found that the plaintiffs had "formulate[d] no legal argument or factual

---

[1] The AT&T entities have previously filed an *amici* brief discussing the application of the second prong of the discretionary-function exception in this case. *See* Brief of *Amici Curiae* the AT&T Entities in Opposition to Defendant United States' Renewed Motion To Dismiss or, in the Alternative, for Summary Judgment, No. 05-4182 (filed Dec. 18, 2008) (Doc. No. 16785-2) ("AT&T Br."). The AT&T entities' response here is limited as well to the second prong of the exception.

[2] At issue in *Freeman* was the discretionary-function exception found in the Robert T. Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act"), 42 U.S.C. § 5148. On the same day it decided *Freeman*, the Fifth Circuit held in a companion case that the Stafford Act's discretionary-function exception is generally to be interpreted in accord with the FTCA's

development to support th[e] conclusion" that the challenged government decisions were not "policy-related." 2009 WL 146579, at *11. The plaintiffs, the Fifth Circuit held, had thus pointed to nothing to overcome the "presumption" that, where the law affords policy discretion to government employees, "the exercise of choice or judgment" implicates that policy. *Id.*

*Freeman* is nothing like this case, in which there are substantial "legal argument[s]" and "factual development" bearing on whether the Corps' challenged decisions were policy decisions. As the AT&T entities have explained, the evidence shows that the Corps' decisions with respect to the MRGO were based on the Corps' errant scientific and technical assessment of the dangers the channel posed. *See* AT&T Br. 2-3; *In re Katrina Canal Breaches Consol. Litig.*, 577 F. Supp. 2d 802, 808-09 (E.D. La. 2008); USACE, N.O. Dist., *Mississippi River – Gulf Outlet, Louisiana*, Design Memorandum No. 1-B, at 3 (rev. May 1959).

Contrary to the United States' suggestion (at 3), *Freeman* does not hold that the nature of the actual decisions the Corps made is irrelevant to application of the discretionary-function exception. The court in *Freeman* held only that the plaintiffs had offered no "factual development" sufficient to overcome the general presumption that the government employees were exercising policy discretion conferred by law. 2009 WL 146579, at *11. Indeed, the United States' reading of *Freeman* would put the decision squarely at odds with the Fifth Circuit's decision in *St. Tammany Parish* (issued the same day as *Freeman*), which unmistakably looked to the *actual* nature of the relevant government decisions — *i.e.*, the factors and considerations that drove the government's decisions — in the course of applying the second prong of the discretionary-function exception. *See* 2009 WL 146582, at *15 (looking to actual

---

exception. *See St. Tammany Parish ex rel. Davis v. FEMA*, --- F.3d ---, 2009 WL 146582, at *9-*12 (5th Cir. Jan. 22, 2009).

2

"determin[ations]" of FEMA in applying second prong of discretionary-function exception); *see id.* at *3-*4 (describing nature of FEMA's actual decisions); *see also* AT&T Br. 14-17.

At the Court's hearing on the cross-motions for summary judgment, the United States once again acknowledged that the Corps' decisions regarding the MRGO were driven by the Corps' scientific (mis)assessment of the dangers created by the channel. *See* Jan. 8, 2009 Hearing Tr. at 30:16-31:24 (draft) (stating that the Corps was unaware of the threats posed by the MRGO and that, if "the Corps had been convinced [of the] threat to human life," the Corps would have made different decisions); *id.* at 45:5-10 (representing that the Corps has long believed that the MRGO would have "negligible [e]ffects" on storm surges); *id.* at 46:12-47:4 (stating that the Corps' decisions regarding the MRGO reflected the Corps' judgment that there "wasn't a risk of hurricane-induced flooding" from the channel).

The record evidence and the hearing concessions foreclose the United States' reliance on the discretionary-function exception here. There is abundant evidence in the record establishing that the Corps' assessment of the risks of the MRGO was deeply flawed, *see* AT&T Br. 3, 11, and the case law is uniform that such scientific and technical mistakes do not fall within the ambit of the second prong of the discretionary-function exception, *see Berkovitz v. United States*, 486 U.S. 531, 544-45 (1988); *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005); *Bear Medicine v. United States ex rel. Secretary of Interior*, 241 F.3d 1208, 1214 (9th Cir. 2001); *In re Glacier Bay*, 71 F.3d 1447, 1453 (9th Cir. 1995); *Ayala v. United States*, 980 F.2d 1342, 1349-51 (10th Cir. 1992); *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1031 (9th Cir. 1989); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 583 F. Supp. 2d 758, 783 (E.D. La. 2008); *Hayes v. United States*, 539 F. Supp. 2d 393, 402-03 (D.D.C. 2008); AT&T Br. 9-12. For those reasons, the record before this Court — in contrast to the record before the Fifth

Circuit in *Freeman* — contains significant "legal argument[s]" and "factual development" establishing that the Corps' decisions regarding the MRGO were not based on policy and therefore are not protected by the discretionary-function exception.

Respectfully submitted,

/s/ *R. Patrick Vance*

R. PATRICK VANCE, T.A. (LA BAR 13008)
EDWARD H. BERGIN (LA BAR 2992)
MARK A. MINTZ (LA BAR 31878)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8000
(504) 582-8011 (facsimile)
E-mail: pvance@joneswalker.com
        nbergin@joneswalker.com
        mmintz@joneswalker.com

MICHAEL K. KELLOGG
(ADMITTED PRO HAC VICE)
SCOTT H. ANGSTREICH
(ADMITTED PRO HAC VICE)
KELLY P. DUNBAR
(ADMITTED PRO HAC VICE)
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
(202) 326-7999 (facsimile)

JAVIER AGUILAR (TX BAR 00936300)
AT&T SERVICES, INC.
208 South Akard Street, # 3115
Dallas, Texas 75202
(214) 757-3377

MARK F. MCINTOSH (MS BAR 2646)
AT&T SOUTHEAST
675 West Peachtree Street, N.W., Suite 4300
Atlanta, Georgia 30375-0001
(404) 927-2870

*Counsel for the AT&T Entities*

February 3, 2009

4

## CERTIFICATE OF SERVICE

I, R. Patrick Vance hereby certify that, on February 3, 2009, I served a true and correct copy of the Response of *Amici Curiae* AT&T Entities to Notice of Supplemental Authority upon all counsel of record by ECF or first-class mail.

/s/ *R. Patrick Vance*