UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*         05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | |
| *Lagarde v. Lafarge*      06-5342 | * | JUDGE |
| *Perry v. Ingram*            06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*         06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAGISTRATE |
| *Lafarge v. USA*            07-5178 | * * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF
LAFARGE NORTH AMERICA INC. TO LIFT STAY FOR *PARFAIT* CASE**

The *Parfait* plaintiffs filed a Complaint against Lafarge North America Inc. ("LNA"), among other entities, (Civil Action No. 07-3500, Rec. Doc. 1) on June 26, 2007, which was consolidated with the Barge Track Litigation (Civil Action No. 07-3500, Rec. Doc. 6) on July 11, 2007. The Complaint was amended on February 28, 2008. Civil Action No. 07-3500, Rec, Doc. 9. During the more than year long discovery period, no documents or responses of any kind have ever been produced for the *Parfait* plaintiffs identified in Exhibit 1. Indeed, the *Parfait* plaintiffs' counsel expressly refused to provide discovery. Rec. Doc. 11666-2, Exhibit

1

11. In April 2008, the Court granted an order compelling discovery no later than May 29, 2008, and warned that plaintiffs who failed to do so "may be subject to sanctions, possibly including dismissal." Rec. Doc. 12824. The *Parfait* plaintiffs disregarded that Order and provided no discovery.[1] Accordingly, in June 2008, LNA filed a motion for sanctions. Rec. Doc. 13557. In response, the Court ordered that "<u>all named plaintiffs</u> who have not responded … must do so no later than **September 5, 2008**." Rec. Doc. 14300 (emphasis original). The *Parfait* plaintiffs disregarded that Order and provided no discovery. In short, the *Parfait* plaintiffs are, and remain, in violation of numerous Court orders requiring them to provide discovery.

On June 13, 2008, however, this Court ordered that Civil Action No. 07-3500 be stayed and statistically closed as a result of *Parfait* counsel's defiance of numerous unrelated court orders. Rec. Doc. 13525. Since that time Mr. O'Dwyer, *Parfait* counsel, has been disciplined by the United States District Court for the Eastern District of Louisiana and as a result of his suspension is unable to act on behalf of the *Parfait* plaintiffs. See Rec. Doc. 16748.

In December 2008, LNA filed a renewed motion for sanctions against the *Parfait* plaintiffs, ultimately asking that their claims be dismissed ***without prejudice***. Rec. Doc. 16846 at 2. The Barge PSLC, acting on behalf of certain *Parfait* plaintiffs whom they had come to represent, acquiesced in that relief as to those specific plaintiffs. Rec. Doc. 16937. As to the remaining *Parfait* plaintiffs, however, the Magistrate Judge denied the renewed motion for sanctions, finding that "[f]urther proceedings as to those plaintiffs may be undertaken only if and when the stay order is lifted by the district judge who imposed it." Rec. Doc. 16974.

---

[1] Three *Parfait* plaintiffs, separately represented by the Barge PSLC, provided discovery. Ultimately, their claims were severed and re-filed under another caption. See Rec. Docs. 14544, 15346. They are not part of this motion.

1698432.2                                2

LNA respectfully requests that the court lift the stay on the *Parfait* case for the limited purpose of permitting the dismissal ***without prejudice*** of the remaining plaintiffs' claims against LNA, in order that the parties be released from the current legal limbo.

The lifting of the stay in order for the *Parfait* plaintiffs' claims to be dismissed without prejudice is a mild measure to deal with a situation that has left all parties in limbo. Dismissal without prejudice would free the remaining *Parfait* plaintiffs to pursue their claims under separate counsel, should they so choose. And it will permit LNA to defend itself against any claims asserted against it, rather than leaving LNA in a position where claims are asserted and remain pending but discovery is completely denied and unavailable for a period of years and indefinitely into the future.

The stay of the *Parfait* action combined with the failure of *Parfait* plaintiffs to produce any discovery prior to the stay and the current inability of *Parfait* counsel to provide that discovery prejudices LNA as it prepares its defense in this litigation. Despite the stay of the *Parfait* claims, the Barge Track Litigation has continued at a quick pace and according to this Court "all 'Barge' cases must be ready to be tried to judgment in July 2009" (Rec. Doc. 13500). Without even hope of discovery from the *Parfait* plaintiffs, LNA cannot prepare its defense against over one hundred individual claimants that make up the *Parfait* action in order to meet this Court's July 2009 trial mandate.

Lifting of the stay in the *Parfait* action in order to further this litigation and protect the right of the parties involved is not an extraordinary measure. Indeed, similar measures have been taken on a number of occasions over the past seven months to permit the advancement or dismissal of claims asserted by the *Parfait* plaintiffs. On August 20, 2008, *Parfait* plaintiffs Melba Gibson, Kevin McFarland, and Daniel Weber through Barge PSLC counsel, Brian

Gilbert, moved to partially lift the stay and for a limited reopening of the *Parfait* case in order for Mr. Gilbert to enroll as counsel for the three *Parfait* plaintiffs who had subsequently retained him. Rec. Doc. 14544. In response, this Court allowed Ms. Gibson, Mr. McFarland, and Mr. Weber to sever their claims from the rest of the *Parfait* plaintiffs and continue to pursue their claims free of the stay under new counsel. Rec. Doc. 14726. On December 22, 2008, this Court granted summary judgment on claims against Washington Group International, Inc. in the MRGO Track Litigation and thereby terminated the *Parfait* action against that defendant. Rec. Doc. 15861. On January 6, 2009, this Court ordered the voluntary dismissal without prejudice of six more of the *Parfait* plaintiffs, which the Barge PSLC counsel has been able to retain, effectively freeing those plaintiffs to pursue their claims without the burden of the stay. Rec. Doc. 16850.

## CONCLUSION

In order to avoid prejudice and protect the rights of all parties involved, the stay of the *Parfait* action as it relates to the Barge Track Litigation should be lifted for the purpose of allowing the Magistrate Judge to dismiss the claims without prejudice.

Respectfully submitted,

/s/ *Derek A. Walker*

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock

1242030-1

John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## Certificate of Service

I do hereby certify that I have on this 4th day of February, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ *Derek A. Walker*