UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

* * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF

THE PLAINTIFFS' MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in accordance with the provisions of Fed.R.Civ.P. 37 (a) (1) and (2) (B), respectfully move this Honorable Court for an Order compelling the defendant United States of America to produce its experts' reliance materials as specified by previous court orders and as specified in each defense experts' Notice of Deposition, for the reasons more fully set forth below.

I.

On October 9, 2008, the Court, per the Amended *Robinson* Case Management Order (Rec. Doc No.15841), oordered the defendant United States to produce its expert reports and conmputer generated evidence on December 22, 2008.

II.

In direct contravention of this order, the United States "produced" their expert reports in an untimely fashion, claiming that their delivery was delayed by inclement weather.[1] Nonetheless, the defendant filed a Notice of Production on December 22, 2008, flaunting the Court's October 9, 2008 Amended *Robinson* Case Management Order by stating that the Plaintiffs would need to contact defendant's counsel to obtain the computer generated evidence that the experts relied upon in drafting their reports. (Rec. Doc. 16833).

This bogus production, combined with the governmental holidays, resulted in the defense expert reports being received on or about December 29, 2008...nearly one week overdue.

III.

On January 6, 2009, the first request for the data of the defendant's experts was presented. (See Exhibit A). The defendant neither produced said evidence nor responded to the request.

IV.

On January 15, 2009, the second request for the data of the defendant's experts was presented. (See Exhibit B). The defendant neither produced said evidence nor responded to the request.

V.

On January 16, 2009, the third request for the data of the defendant's experts was presented. (See Exhibit C). The defendant neither produced said evidence nor responded to the request.

---

[1] That the defendant here apparently attests that the U.S. Postal Service cannot operate effectively in a snow storm or that no one at the Department of Justice can upload ten (10) reports electronically to an internet "send space" site should be viewed skeptically by the Court.

VI.

Also on January 19, 2009, a fourth request for the data of the defendant's experts was presented. (See Exhibit D).

VII.

Also on January 19, 2009, a fifth, but separate, request for the data of the defendant's experts was presented. (See Exhibit E).  The defendant finally replied, somewhat, indicating that the information had been provided at some point previously in the over ten (10) terabytes of information produced to date.

The Court can examine the sufficiency of this response; however, there can be little doubt that there is a clear lack of clarification undertaken by the defendant.

VIII.

On January 28, 2009, a sixth request for the data of the defendant's experts was presented. (See Exhibit F).  The defendant neither produced said evidence nor responded to the request.

IX.

On January 22, 2009, the Plaintiffs properly noticed the depositions of the defendant's experts, including with the Notice of Deposition as Exhibit A a list of materials, including reliance materials, regularly produced by experts in conjunction with their deposition. (See attached Exhibits 1-10, respectively).

The defense experts are consistently appearing at their deposition without *ANY* of the sepcified information; and one defense expert, Brain Jarvinen, testified that he had not even read his deposition notice until placed in front of him after he was sworn in at the deposition.

X.

On February 1, 2009, Plaintiffs' counsel sent correspondence to Robin Smith, counsel for the defendant, requesting a Rule 37.1 conference to amicably resolve this discovery dispute. (See Exhibit G). At the Rule 37.1 telephone conference with Joseph Bruno, Mr. Smith indicated he couldn't understand what was being requested. The disingenuous nature of this comment is meted by the defendant's insistence in obtaining this same evidence from the Plaintiffs' experts, and then requesting six months to review the data and to continue the January 2009 trial date.

XI.

The defendant instigated this dispute by cavalierly disregarding the Court's October 9, 2008 Order to produce certain evidence associated with the production of its expert reports. Now despite rigorous efforts to obtain said evidence by the Plaintiffs, the defendant has undertaken both dilatory disregard for specific requests and feigned ignorance of the data requested.

The Plaintiffs are left with no recourse but to seek judicial intervention to enforce the Court's October 9, 2008 Order.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion to Compel.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**
   /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 4th day of February, 2009.

                                                                /s/ Joseph M. Bruno
                                                               Joseph M. Bruno