**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GAYLE T. BENNETT, ET AL. | * | CIVIL ACTION |
| | * | |
| V. | * | NO. 2:09-CV-00146-SRD-DEK |
| | * | |
| BOARD OF COMMISSIONERS FOR | * | SECT. K |
| THE EAST JEFFERSON LEVEE | * | |
| DISTRICT, ET AL. | * | MAG. 2 |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO REMAND</u>

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this memorandum in support of their Motion to Remand, and incorporate herein by reference the entire Motion, Memorandum in Support, and Reply in Further Support of their Motion to Remand, previously filed by them at Rec. Doc. Nos. 8, 23, and 28 in connection with the Sewerage and Water Board of New Orleans' ("SWBNO") removal in June 2007. For the following reasons, the instant motion should be **GRANTED**.

Like the SWBNO, defendant St. Paul Fire and Marine Insurance Company ("St. Paul") removed these cases under the Class Action Fairness Act of 2005 ("CAFA"). CAFA expands federal diversity jurisdiction over interstate class actions. A defendant may remove an action to federal court under CAFA if a threshold amount in controversy and minimal diversity exist. Specifically, 28 U.S.C. § 1332(d)(2) states that a federal court has original jurisdiction over a class action if the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and at least one class member is a citizen of a different state than one or more defendants. In

addition, the proposed class must be comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(5).

Since the Court remanded this action in August of 2007, numerous exceptions have been filed, orally argued, and ruled upon, the overwhelming majority of which were overruled. Writs were subsequently sought to the Louisiana Fifth Circuit and have recently been denied. Consequently, the following defendants remain in the case:

1.    The Louisiana Department of Transportation and Development;

2.    Aaron Broussard;

3.    The Board of Commissioners of the East Jefferson Levee District;

4.    The Drainage Department of the Public Works Department of Jefferson Parish;

5.    The Sewerage and Water Board of New Orleans;

6.    The Board of Commissioners of the Orleans Levee District;

7.    The City of New Orleans;

8.    Jefferson Parish; and

9.    American Alternative Insurance Corporation ("AAIC").

Removal remains improper in this case because two-thirds or more of the members of all plaintiff classes and the primary defendants are citizens of Louisiana; thus, remand is required. Furthermore, a primary defendant continues to be the State of Louisiana through the Department of Transportation and Development, an entity against which the Court may be foreclosed from ordering relief, thus excluding CAFA as a basis for removal entirely. In short, because the subject matter is distinctly local in nature, various exceptions to CAFA's expanded diversity jurisdiction apply that warrant remand.

**A.      This Court Has Previous Held That Removal Under CAFA Is Statutorily Barred.**

Although multiple justifications exist for declining jurisdiction under CAFA,[1] this Court previously explained that because the class members here include "residents, domiciliaries, business entities, property owners, and other persons and entities residing or present on August 29, 2005," and there was no mass exodus from Jefferson Parish following Hurricane Katrina, the that it is reasonable to infer that greater than two-thirds of the class members are Louisiana citizens. *See Bennett v. Bd. Of Comm. for East Jefferson Levee Distr., et al*, No. CIV. 07-3130 and 07-3131, 2007 WL 2571942 (E.D. La. Aug. 31, 2007)(hereinafter *Bennett I*).   As can be observed above and from the state court pleadings (Rec. Doc. 1), virtually all of the named defendants in the consolidated class actions are Louisiana citizens.  In fact, the only non-Louisiana defendants are AAIC and St. Paul.  CAFA requires the Court to decline jurisdiction where, as in this case, two-thirds or more of the members of all plaintiff classes and the primary defendants are citizens of the original forum state. *See* 28 U.S.C.A. § 1332(d)(4)(B).  There is nothing about the joining of St. Paul that changes the Court's analysis in *Bennett I.*  Thus, the Home-State Exception to CAFA still applies and plaintiffs Motion to Remand should be **GRANTED.**

**B.      This Court Has Already Addressed The "Primary Defendant" Issue.**

Still, the term "primary defendants" is not defined anywhere in CAFA.  As noted in the Court's ruling in *Bennett I*, there was intended to be a substantive difference between "primary defendants" and "significant defendants" as contemplated by the two exceptions to the exercise of jurisdiction under the statute. *See Bennett I*, 2007 WL 2571942  at *6 (the dictionary definition of

---

[1] After finding that the Home-State Exception to CAFA applied, the Court in *Bennett I* found it unnecessary to consider the other asserted bases for remand.  *See Bennett v. Bd. Of Comm. for East Jefferson Levee Distr., et al*, No. CIV. 07-3130 and 07-3131, 2007 WL 2571942, *3 n. 9 (E.D. La. Aug. 31, 2007). Plaintiffs, nevertheless, re-urge each basis for remand set forth in connection with the SWBNO's removal of this matter. *See* Rec. Doc. Nos. 8, 23, and 28.

"primary" includes "first in importance; chief; principal; main. "Webster's New World College Dictionary 1140 (4th ed.1999). By contrast, the dictionary definition of "significant" includes "important"). Other courts have noted that "the term 'primary defendant' includes any defendant against whom direct liability is sought and, therefore excludes a defendant whose liability is based on vicarious liability, indemnification, or contribution." *Id.* at *8 (citing *Robinson v. Cheetah Transp.,* 2006 WL 2233580, at *2 n. 3 (W.D. La. Nov. 14, 2006) (Brady, J.)).

Given these observations, this Court has already noted that AAIC has a maximum exposure of liability of $4,000,000, as an insurer, "which is minimal in comparison to the vast amount of damages sustained by the members of the putative class." *Bennett I*, 2007 WL 2571942 at *6. Moreover, it was properly held that AAIC's liability is not direct but based on a contract of insurance with the alleged tortfeasor. Thus, the Court correctly found that AAIC was not a "primary defendant" as that term was contemplated under CAFA.[2]

---

[2] The Court's determination regarding the "primary defendant" argument may preclude St. Paul from raising the same argument here. For a prior judgment to have preclusive effect as to a particular issue, the doctrine of collateral estoppel requires that: (1) the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action. *See e.g. Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989) (cited in *Meza v. General Battery Corp.,* 908 F.2d 1262, 1273 (5th Cir. 1990)). St. Paul appears to raise the same "primary defendant" argument already addressed with respect to AAIC. Unlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties. *Terrell, supra*, 877 F.2d at 1270. However, although complete identity of all parties is not required, the party against whom collateral estoppel (or issue preclusion) is sought must have been in privy with a party in the prior litigation. *See Moore v. Stat Farm Fire & Cas. Co.*, CIV No. 07-30313, 2009 WL 130204, at *7 (5th Cir. Jan. 21, 2009). Privity exists in three cases, one of which is where the non-party's interests were adequately represented by a party to the original suit. *See Meza, supra*, 908 F.2d at 1266. Privity may exist if a party to the first suit's interest is so closely aligned with the non-party that the former may be said to have been a representative. *See Olagues v. Kousharian,* 557 F.Supp. 2d 731, 736 (E.D. La. 2008). In this case, the Court's rejection of the primary defendant argument was critical to its ultimate conclusion and AAIC's interest was identical to that of St. Paul, which was adequately represented and advanced. Thus, the doctrine of collateral estoppel should preclude the re-litigation of the "primary defendant" claim sought to be raised by St. Paul.

The Court's reasoning in this case is consistent with that of other courts that have addressed the "primary defendant" issue. As with CAFA, the court in *Kitson v. Bank of Edwardsville*, CIV No. 06-528-GPM 2006 WL 3392752, at *15 (S.D. Ill. Nov. 22, 2006), noted that the term "primary defendants" is not defined in the Multiparty, Multiforum, Trial Jurisdiction Act of 2002 (the "MMTJA"). The court looked to traditional judicial understandings of the term "primary defendants" to elicit its meaning for purposes of applying the CAFA exceptions and found support in the "settled judicial understanding of 'primary defendants' as those parties having a 'dominant relation to the subject matter of the controversy,' in contrast to defendants who played a secondary role." *Id.* at 16 (citing *Passa v. Derderian*, 308 F. Supp.2d 43, 62 (D.R.I. 2004); *see also, Sims v. Chesapeake & Ohio Ry. Co.*, 520 F.2d 556, 559 (6th Cir.1975) (discussing the liability of a "primary defendant" and a "secondary defendant" in the context of indemnification); Restatement (Second) of Torts § 886B cmt. c (discussing the concept of "primary" and "secondary" responsibility in the con-text of indemnification).

The *Passa, supra,* court concluded that "primary defendants" for purposes of MMTJA are "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are ... those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." *Passa*, 308 F.Supp.2d at 62. Thus, the court held, "the most appropriate definition of 'primary defendants' in the context of [MMTJA] must include those parties facing direct liability in the instant litigation." *Id.* at 62-63.

Likewise, in the present case, the most appropriate definition of "primary defendant" in the context of CAFA must include those parties facing direct liability and not by way of indemnification, contractual obligations, or vicarious liability. St. Paul's suggestion that La. R.S. 13:5109 somehow supports the notion that the State of Louisiana and the other defendant

political subdivisions cannot be "primary," and that plaintiffs would have to look to St. Paul (or insurers generally) for payment of any money judgment is without merit.  La. R.S. 13:5109(B)(2) provides expressly that "[a]ny judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision."

Thus, the suggestion by St. Paul that it (or other insures) may be the only source of payment of any potential money judgment is simply incorrect.  Furthermore, courts have declined to define "primary defendants" as "those defendants with the 'deepest pockets.'" *Kitson, supra,* 2006 WL 3392752 at *16.  Quoting *Passa*, the *Kitson* court reiterated, "it is easy to imagine the arbitrary and unfair results, for plaintiffs and defendants alike, if a "primary defendant" for purposes of either MMTJA or CAFA were always the wealthiest defendant in a case, however peripheral that defendant's relationship to the wrongdoing at issue may have been." *Id*. at 16. Accordingly, because plaintiffs have shown that greater than two-thirds of the putative class members are citizens of Louisiana and all primary defendants, as contemplated under CAFA, are citizens of Louisiana, plaintiffs' Motion to Remand should be **GRANTED.**

**C.     Sanctions Should Be Imposed Under 28 U.S.C. 1447 and Rule 11.**

**1.      Sanctions pursuant to 28 U.S.C. § 1447(c)**

Section 1447(c) awards payments of just costs and reasonable attorney's fees incurred as a result of an improper removal. 28 U.S.C. § 1447(c).  No finding of bad faith or frivolity is required as the sanction is designed to be remedial rather than punitive. *See Park Nat'l Bank of*

*Houston, v. Kaminetzky*, 976 F.Supp. 571, 584 (S.D. Tex. 1996)(citing *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447 (9th Cir.1992) (noting that a 1447(c) award is "reimbursement")).  Given the outright necessity of having to respond to St. Paul's removal of this matter, and in light of the clear and recent holding by this Court in *Bennett I,* including squarely on the issue of the meaning of "primary defendant, "expenses and attorneys fees should be awarded as necessary to reimburse plaintiffs for having to respond to St. Paul's notice by way of the instant Motion to Remand.

### 2.      Rule 11 of the Federal Rules of Civil Procedure

The imposition of sanctions under Rule 11 is warranted when the conduct of the attorney or party was unreasonable under the circumstances.   *See Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 870 (5th Cir.1988). The four factors that a Court is to consider in its decision whether or not to impose a sanction are the following:

(1) What conduct is being punished or is sought to be deterred by the sanction?

(2) What expenses or costs were caused by the violation of the rule?

(3) Were the costs or expenses "reasonable," as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention?

(4) Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which it was imposed?

*See Topalian v. Ehrman,* 3 F.3d 931, 937 (5th Cir.1993)(cited in *Kaminetzky, supra)..*

It appears plain enough that the instant removal was made without adequate analysis, given this Court's reasoning and discussion of the "primary defendant" theory raised in *Bennett I.*
 In short, the primary defendant argument advanced by St. Paul here was addressed and rejected. The Fifth Circuit, after considering the record and briefs, affirmed this Court's decision in

*Bennett I.* (See Exhibit 1).   To the extent it was unaware of *Bennett I,* plaintiffs provided adequate notice and opportunity for St. Paul to correct its error, and to withdraw its motion, when it sent a letter pointing out the prior ruling in *Bennett I.* (See Exhibit 2).   St. Paul's claim that it anticipates raising arguments not previously asserted, which plaintiffs' can only assume is the argument that government property may not be seized under any judgment rendered, is simply incredible. St. Paul's disagreement with and characterization of the Fifth Circuit's treatment of the *Bennett I* appeal as being "denied solely on procedural grounds" not only misconstrues the Fifth Circuit's disposition of the matter (see Exhibit 1), but makes it fairly clear that St. Paul's true intent is to try a second attempt at an appeal if this case is remanded, as it should.   (See Exhibit 3).   In the interim, for all of the reasons set forth above, sanctions are warranted and should be granted under Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Motion to Remand be **GRANTED**, remanding this case back to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, all at defendants' cost, plus reasonable attorneys fees.

Respectfully submitted,

PLAINTIFFS LIAISON COUNSEL:

/s/ Stephen K. Conroy
STEPHEN K. CONROY (Bar No. 4343) T.A.
REGAL L. BISSO (Bar No. 3088)
CHRISTINE W. MARKS (Bar No. 23207)
TOM D. SNYDER, JR. (Bar No. 28764)
CONROY LAW FIRM, PLC
3838 N. Causeway Boulevard, Suite 3130
Metairie, LA  70002
Telephone:  (504) 830-3450
Telecopier:  (504) 830-4545

WILLIAM C. GAMBEL, Bar # 5900
MILLING BENSON WOODWARD, LLP
909 Poydras Street, Suite 2300
New Orleans, LA 70112
Telephone: (504) 569-7000
Telecopier: (504) 569-7001

PLAINTIFFS LITIGATION COMMITTEE:

JOHN  J. CUMMINGS, III, Bar # 4652
Special Counsel
CUMMINGS & CUMMINGS
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000

RICHARD A. WEIGAND, Bar # 13324
WEIGAND & LEVENSON
427 Gravier Street
New Orleans, LA 70130
Telephone:  (504) 568-1256

SUZETTE BAGNERIS, Bar # 2224
JUANA MARINE LOMBARD, #25783
3520 General DeGaulle Drive, Suite 4070
New Orleans, LA 70114
Telephone: (504) 368-1911

STEVEN GILL, Bar #30520
1465 North Broad, Suite 203
New Orleans, LA  70119
Telephone:  (504) 942-0290
Telecopier:  (504) 942-0294

DEBORAH SULZER, Bar # 19806
650 Poydras Street, Suite 2635
New Orleans, LA 70130
Telephone: (504) 299-3380

ARTHUR MORRELL, Bar # 1494
J.P. MORRELL, Bar # 29635
1660 Treasure Street
New Orleans, LA 70119
Telephone: (504) 261-0535

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has this 3rd day of February, 2009, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gary M. Zwain gzwain@duplass.com, jbradford@duplass.com, mcalandro@duplass.com

David F. Bienvenu davidb@spsr-law.com, kathyb@spsr-law.com

Richard Anthony Weigand richard@richardweigand.com, erintelmer@aol.com, lauraleerailey@aol.com

J. Warren Gardner, Jr jwgardner@christovich.com, sgros@christovich.com

Dennis J. Phayer dphayer@burglass.com, jpursell@burglass.com

Thomas P. Anzelmo Tanzelmo@mcsalaw.com, jtorrence@mcsalaw.com, mfoote@mcsalaw.com, tleard@mcsalaw.com

Stephen F. Babin BabinS@ag.state.la.us

John J. Cummings, III ccdlawfirm@aol.com

Louis Gerard Gruntz, Jr lgruntz@jeffparish.net

Ralph Shelton Hubbard, III rhubbard@lawla.com, ljackson@lawla.com

Arthur Anthony Morrell jeanpaulmorrell@hotmail.com

George R. Simno, III gsimno@swbno.org

Nolan Patrick Lambert nolanplambert@aol.com

John Bologna Krentel jkrentel@bellsouth.net, jbkflooddefense@yahoo.com

Charles Munson Lanier, Jr cmlanier@christovich.com, dprice@christovich.com, rcastle@christovich.com

Franz L. Zibilich fzibilich@bellsouth.net, jbalser@bellsouth.net

Deborah M. Sulzer deborah@deborahsulzerlaw.com

Ben Louis Mayeaux bmayeaux@ln-law.com, denisen@ln-law.com

Lambert Joseph Hassinger, Jr Jhassinger@gjtbs.com, kking@gjtbs.com

Jonathan H. Sandoz jsandoz@daiglefisse.com, idevin@daiglefisse.com, tbarrios@daiglefisse.com

Joseph Pierre Guichet jguichet@lawla.com, aboyd@lawla.com

Timothy William Hassinger thassinger@gjtbs.com, awebster@gjtbs.com, coconnor@gjtbs.com

Kirk Norris Aurandt kaurandt@daiglefisse.com

Heather M. Valliant heathervalliant@yahoo.com

Penya M. Moses-Fields pmfields@cityofno.com, majohnson@cityofno.com

Rachel Ann Meese rmeese@lawla.com, mnguyen@lawla.com

Isaka R. Williams irwilliams@cityofno.com, isakawilliams@gmail.com

He further certifies that he mailed a copy of the foregoing document and the notice of electronic filing by first-class mail and via electronic communication to the following non-CM/ECF participant(s):  None.

*/s/ Stephen K. Conroy*
STEPHEN K. CONROY