

# MILLING
## BENSON WOODWARD L.L.P.
ATTORNEYS AT LAW | WWW.MILLINGLAW.COM

William C. Gambel
A Professional Law Corporation
(504) 569-7210
wgambel@millinglaw.com

January 19, 2009

Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck,
 Rankin & Hubbard
501 Poydras Street, Suite 2775
New Orleans, LA 70130

Re: *Maurice De La Houssaye, Individually and on behalf of all others similarly Situated, v. The Parish of Jefferson, Aaron Broussard and American Alternative Insurance Corporation,* USDC No. 09-0145, Sec. K, Mag. 2

*Gaye T. Bennett, William T. Bennett, Donna S. Cummings, Kenneth Gordon and Diane Gordon v. Board of Commissioners for the East Jefferson Levee District, Et al.* USDC No. 09-0146, Sec. K, Mag. 2

Dear Ralph:

As you know, 28 U.S.C. § 1446(a) requires that notices of removal be signed pursuant to FRCP Rule 11. Please be advised that we regard your Notice of Removal, and associated pleading, to have been presented for an improper purpose as the contentions are not warranted by existing law or by non frivolous argument, and is not factually supportable. Demand is made that you move to vacate you removal and/or agree to voluntarily remand the matter. As counsel for St. Paul, you are also directed to respond to the written discovery delinquent. See e-mail attached. In the event you fail to do so, you are put on notice of our intention to take appropriate action including moving for appropriate sanctions under Rule 11, Fed. R. Civ. Proc.

Your Removal is barred by collateral estoppel. *See Bennett v. Board of Com'rs for East Jefferson Levee Dist.* Not Reported in F.Supp.2d, 2007 WL 2571942 (E.D.La. 2007) *Neustein v. Orbach* 130 F.R.D. 12 (E.D.N.Y.,1990)["The bringing of the complaint in the face of collateral estoppel and *res judicata* likewise is deserving of sanction. 'A pleading ... is not warranted by existing law if it asserts a claim or defense that is plainly barred by operation of the doctrine of collateral estoppel or *res judicata* ... and the signer [of the pleading] lacks a nonfrivolous argument for avoiding the bar.' ABA Standard (F)(2) (*citing McLaughlin v. Bradlee,* 803 F.2d 1197, 1201 (D.C.Cir.1986); *Norris v. Grosvenor Mktg., Ltd.,* 803 F.2d 1281, 1286-87 (2d Cir.1986); *Sam & Mary Housing Corp. v. New York State,* 632 F.Supp. 1448, 1452-53 (S.D.N.Y.1986); *Magnus Elec., Inc. v. La Republica Argentina,* 830 F.2d 1396, 1403-04 (7th

EXHIBIT 2

MILLING BENSON WOODWARD L.L.P.

January 19, 2009
Page 2

Cir.1987); *International Ass'n of Machinists v. Boeing Co.*, 833 F.2d 165, 172 (9th Cir.1987); *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987))."]

Furthermore the district court must abstain from the exercise of subject matter jurisdiction under the Home State exemption to CAFA, namely, where a defendant is sued in its home state by a class comprised primarily of plaintiffs from that state, where the case involves a purely local controversy, and where the primary defendants are state actors. 28 U.S.C. § 1332(d)(3), (4) and (5). In this case, St. Paul was on notice from Judge Duval's Order and Reasons entered August 31, 2007, *supra, Bennett 1* (affirmed May 29, 2008), where this case was first removed by SWBNO, that the Home State Exemption applied. Judge Duval held: "(b)ecause the class members here include 'residents, domiciliaries, business entities, property owners, and other persons and entities residing or present on August 29, 2005,' and there was no mass exodus from Jefferson Parish following Hurricane Katrina, the Court finds that it is reasonable to infer that greater than two-thirds of the class members are Louisiana citizens."

Furthermore, St Paul can take no comfort in the suggestion, that it is a "primary defendant" and the Home State Exemption does not apply "where the primary defendants are state actors," nor can it take solace in R.S.13:5109. The SWBNO made both arguments in *Bennett I* and both were rejected. Specifically, the SWBNO argued that insurer "American Alliance is non-Louisiana domiciliary primary defendant; (ergo) this case cannot be remanded." Judge Duval held: "American Alliance's liability is not direct but based on a contract of insurance with the alleged tortfeasor. For these reasons, the Court finds that American Alliance not a primary defendant." In addition, it is the "actors" that are singled out, as noted in *Robinson v. Cheetah Transp.*, 2006 WL 2233580, at 2 n. 3 (W.D.La. Nov. 14, 2006), where the Court explained that "'primary defendant' includes any defendant against whom direct liability is sought and, therefore excludes a defendant whose liability is based on vicarious liability, indemnification, or contribution." *Ibid.*

Please be guided accordingly.

Very truly yours,

William C. Gambel
Plaintiffs Litigation Committee

W379856
Attachment
cc: Stephen K. Conroy, Esq.
    Tom D. Snyder, Jr., Esq.
    John J. Cummings, III, Esq.
    Rachel A. Meese, Esq.