UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br><br>PERTAINS TO:  INSURANCE<br>　　Master Class Action Consolidated<br>　　Complaint, Record Doc. No. 3413 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  05-4182 "K"(2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS FROM INSURANCE MASTER COMPLAINT**

**INTRODUCTION**

Plaintiffs' opposition to defendants' Motion to Strike Class Action Allegations highlights that their class action allegations fail as a matter of law.  Plaintiffs do not even try to distinguish, let alone address, the myriad cases in which the Fifth Circuit and the judges in both the Eastern and Western Districts of Louisiana have dismissed similar class action allegations against insurers related to losses from Hurricanes Katrina and/or Rita.  And the three state court cases plaintiffs cite to support their claim that class action treatment is appropriate here are completely inapposite.  Indeed, that plaintiffs themselves recognize the deficiency of their position is most evident from the large number of pages they devote to their request for a form of "class notice" to be sent to putative class members in the event the Court strikes the class action allegations.  This alternative request, however, finds absolutely no support in, and in fact is directly contrary to, the law.

## ARGUMENT

I.   **PLAINTIFFS CANNOT AVOID THE OVERWHELMING LINE OF CASES, WHICH ARE DIRECTLY ON POINT, SHOWING THAT PLAINTIFFS' CLASS ACTION CLAIMS HERE FAIL AS A MATTER OF LAW.**

Plaintiffs cannot avoid the imposing line of federal court precedent involving Hurricane Katrina and/or Rita claims, holding that, as a matter of law, there can be no class action treatment in a case such as this.  *See, e.g., Nguyen v. St. Paul Travelers,* 2008 WL 4534395, at *9 (E.D. La. Oct. 6, 2008) (Vance, J.), *recons. denied* (Jan. 5, 2009); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *3 (E.D. La. Mar. 6, 2007) (Feldman, J.); *Spiers v. Liberty Mut. Fire Ins. Co.*, 2006 WL 4764430, at *2 (E.D. La. Nov. 21, 2006) (Feldman, J.); *Henry v. Allstate Ins. Co.*, 2007 WL 2287817, at *7 (E.D. La. Aug. 8, 2007) (Feldman, J.); *Chetta v. State Farm and Cas. Co.*, 2007 WL 1233546, at *1 (E.D. La. Apr. 25, 2007) (Livaudais, J.); *Caruso v. Allstate Ins. Co.*, 2007 WL 2265100, at *3-5 (E.D. La. Aug. 3, 2007) (Vance, J.); *Escoe v. State Farm Fire & Cas. Co.*, 2007 WL 2903048, *3 (E.D. La. Sept. 27, 2007) (Berrigan, J.); *Terrebonne v. Allstate Ins. Co.*, 251 F.R.D. 208, 211 (E.D. La. 2007) (Vance, J.); *John v. Nat. Sec. Fire & Cas. Co.*, 2006 WL 3228409 (W.D. La. Nov. 3, 2006) (Trimble, J.), *aff'd,* 501 F.3d 443 (5th Cir. 2007), *Markey v. Louisiana Citizens Fair Plan,* 2008 WL 5427708 (E.D. La. Dec. 30, 2008) (Vance, J.).

Rather than even try to address these decisions, plaintiffs rely on only three state court cases, *Oubre v. Louisiana Citizens Fair Plan,* 961 So. 2d 504 (La. App. 5th 2007), *writ denied*; *Orrill v. AIG, Inc.,* No. 05-11720 (Civil Dist. Ct., Parish of New Orleans) (Exhibits A and B to Plaintiffs' Brief); and *Press v. Louisiana Citizens Fair Plan Prop. Ins. Corp.,* No. 2006-05530 (Exhibits C and D to Plaintiff's Brief).  Plaintiffs devote the bulk of their brief to arguing that the state courts in these cases certified class actions alleging an insurer's breach of duties owed to policyholders arising from Hurricanes Katrina and Rita, and that this Court should look to these decisions, rather than to all the federal court class action dismissals, as guiding precedent.  These state court cases, however, are wholly inapposite.

Initially, plaintiffs argue that state substantive law governs this action, so this Court should follow the state cases and ignore all the federal decisions on this issue.  (Plaintiffs' Brief at 2.)

128527

Plaintiffs are wrong.  Even when state substantive law applies to a plaintiff's claims, class certification issues are a matter of federal procedure and are therefore governed by the federal law, *not* state law. *See, e.g., Richardson v. American Home Shield of Texas, Inc.,* 2006 WL 903721, *7 (S.D. Tex. Apr. 7, 2006) (rejecting reliance on state court case since it addressed "only the procedural standard for justifying class certification under [state] law," and stating "[s]ince federal courts are bound to follow Rule 23 instead of [the corresponding state law]," the state court case "is not controlling"); *In re Mounce,* 390 B.R. 233, 241 (W.D. Tex. 2008) ("While Texas substantive law will apply to the plaintiff's * * * claims, class certification is a matter of federal procedure and thus is governed by Rule 23 of the Federal Rules of Civil Procedure"); *Thompson v. HomEq Servicing Corp.*, 351 B.R. 402, 408 (N.D. Miss. 2006) (same principle).

Plaintiffs themselves appear to acknowledge this, because in one breath they argue state substantive law applies here, but in the next they argue that the Louisiana class action rules mirror the federal rules, thereby conceding federal law would apply.  (Plaintiffs' Brief at 3.)  Moreover, not only is *Orrill* a non-controlling state court case, it involved a class action *settlement* in which the parties *agreed* to settle certain claims on a class action basis.  (*See Orrill* class action settlement documents attached as Exhibits E and F to Plaintiffs' Brief.)  Unlike Federal Rule 23, Louisiana law specifically exempts class settlements from having to meet the requirements of predominance and superiority.  *See* La. C.C.P. 591(B)(4).  Accordingly, *Orrill* clearly does not support the position that the predominance or superiority requirements are met here.

*Oubre* is likewise inapposite because the court applied a presumption in favor of class certification, under which "[a]ny errors to be made in deciding class action issues should be in favor of and not against maintenance of the class action, because a class certification order is subject to modification if later developments during the course of trial so require."  *Oubre*, 961 So. 2d at 508-509.  The court also stated that "[t]he fact that . . . class members must individually prove their right to recover does not preclude class certification."  *Id.* at 510. This approach is wholly contrary to federal law on class certification. *See*, *e.g.*, *In re Hydrogen Peroxide Antitrust Litig.*, __ F.3d. __, 2008 WL 5411562, at *11 (3d Cir. Dec. 30, 2008) (holding that district court erred in applying a presumption in

128527

favor of class certification, explaining that "the court should not suppress 'doubt' as to whether a Rule 23 requirement is met-no matter the area of substantive law," and that "'[a]ctual, not presumed, conformance' with the Rule 23 requirements remains necessary"); *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525-26 (5th Cir. 2007) (affirming denial of class certification where plaintiffs alleged that hospital overcharged uninsured patients because whether the charges were reasonable would require analysis of each individual claim).[1]

Further, as plaintiffs acknowledge, a federal court found allegations similar to those in *Press, supra,* unsuitable for class action treatment. *See Nguyen v. St. Paul Travelers Ins. Co.*, 2008 WL 4691685 (E.D. La. Oct. 22, 2008) (Vance, J.) (denying class certification. *See also Nguyen*, 2008 WL 4534395, at *9 (striking class allegations in case making similar claims against another insurer, declining to follow *Press* because "[t]he certification order does not apply the standards under Fifth Circuit law for certification of a class, and does not address the issue of predominance at all"). Similarly, the courts in the other federal cases defendants cited found that allegations similar to those in *Orrill* and *Oubre* could not, as a matter of law, be afforded class action treatment. So, all three state cases plaintiffs cite are inconsistent with the federal cases.[2] And, as noted above, federal, not state, law on class certification issues should apply here.

Put simply, the state court cases plaintiffs have cited are inapposite, and this Court should reject plaintiffs' contention that the Court is required to follow state law in deciding the viability of plaintiffs' class action allegations. The Court should, instead, follow all the federal court decisions, discussed fully in defendants' opening brief, which are directly on point and which show that plaintiffs' class action allegations fail as a matter of law.

---

[1] In addition, the claims certified in *Oubre* and *Orrill* were based on the defendants' alleged failure to initiate loss adjustment within 30 days. Although defendants do not concede that such a class can be properly certified, it should be noted that this type of class is far narrower than the proposed class here, which also encompasses bad faith claims based on defendants' alleged arbitrary and capricious failure to pay.

[2] Plaintiffs argue that, since Louisiana Citizens is a defendant in this action as well as in *Orrill* and *Oubre,* it would unfair to have a different result with respect to class action treatment in this case and the state court cases. Plaintiffs offer no support for this contention. Moreover, if, as plaintiffs maintain, Louisiana Citizens is a defendant in a substantively identical state court class action, it should not be a defendant here. *See, e.g., Canadian Universal Ins. Co. v. Thibaut Oil Co.,* 622 F. Supp. 1055 (E.D. La. 1995). In any event, plaintiffs' argument on this point has no impact on any of the other hundreds of defendants in this case.

128527

Plaintiffs also argue that the class action issues in this action have become "more streamlined" given the resolution of issues related to the water damage exclusion under the various insurers' policies in *Sher v. Lafayette Ins. Co.,* 988 So. 2d 186 (La. 2008), and *In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 1231 (2008) ("*Chehardy*").  (Plaintiffs' Brief at 2.) In fact, resolution of these issues has made this case even more inappropriate for class action treatment than the pre-*Sher* federal cases dismissing Katrina and Rita class actions.  Resolution of the global flood exclusion issue means that the *only* issues left in this case are individualized ones requiring thousands of inquiries into the facts and circumstances of each individual insurance claim.

Plaintiffs' central theory is that defendants allegedly improperly adjusted or undervalued their claims for property losses caused by Hurricane Katrina, including by improperly attributing the "cause" of the damage to flood, rather than wind, in order to deny coverage.  As discussed fully in defendants' opening brief, the questions that would have to be resolved to determine defendants' liability to any putative class member under plaintiffs' theory, and any damages supposedly due to any given putative class member, are totally individualized.  Just some of these individualized inquiries include:  what damage was caused by flood and what by wind, the timing and adjustment of each class member's claim, the market conditions at the time each class member's damages were assessed, whether each class member complied with his post-loss duties, how much each class member was paid for his claim and for what damage, any supplemental, additional or other payments that were made beyond any damages estimates provided to the insured, and whether that amount was sufficient and timely, as well as the nature and extent of each putative class member's damage.  Obviously, none of these issues is suitable for class action treatment.

Plaintiffs do not even try to explain -- because they obviously cannot -- how all these issues can be addressed in any class action proceeding without running afoul of Rule 23's predominance requirement.  Plaintiffs' purported class allegations here fail for the same reasons the Louisiana federal courts have stricken similar class action allegations in numerous similar hurricane loss cases.  *See, e.g., Spiers,* 2006 WL 4764430, *2 ("demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim,

- 5 -

including the nature and extent of damage, the timing and adjustment of each class member's claim, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and timely"); *Aguilar,* 2007 WL 734809, *3 (granting motion to strike, stating that "demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim . . . [and o]n the face of the pleading, it is clear that those individualized and highly personal issues pertaining to each class member patently overwhelm any arguably common issues, rendering the claims inappropriate for class treatment"); *John v. Nat. Sec. Fire & Cas. Co.*, 2006 WL 3228409 (W.D. La. Nov. 3, 2006), *aff'd,* 501 F.3d 443 (5th Cir. 2007) (dismissing class action allegations and noting:  "as to Plaintiff's claims for damages for under adjustment of unit prices because of the supply and demand problem after Hurricanes Katrina and Rita struck Louisiana, a factual inquiry would have to be made into each putative class member's claims, such as where and when materials and supplies were being purchased, what was the market price at that time, and when did the price of materials and supplies decrease").

Plaintiffs also argue, again based on the three state court cases they cite, that the Court should at least consider certifying a class for "bad faith damages" issues.  (Plaintiffs' Brief at 7.)  Even if these state court cases had some bearing here – they do not – the courts in those cases failed to consider all the highly individualized "bad faith" issues, discussed above and in defendants' opening brief, that preclude class action treatment of such claims.   Plaintiffs again ignore the federal law on these issues, including the federal cases defendants have cited in which the courts specifically held that questions related to bad faith are particularly unsuitable for class action treatment.  (Defendants' Motion to Strike at 8, 12-14.)

For example, in dismissing similar class action allegations concerning similar claims brought against a property damage insurer arising out of a widespread hailstorm, Judge Clement explained, in language equally applicable here:  "[E]ach of the thousands of allegations that Standard Fire and Christian acted in bad faith by intentionally failing to pay legitimate claims will require an individual investigation into the damages, the type of insurance policy, and the defendants' actions.  Accordingly, the Court finds that *maintaining the instant suit as a class action would result in several thousand*

- 6 -

*mini-trials on individual issues*, rather than a single comprehensive resolution of issues relevant to the class as a whole." *Pollet v. Travelers Prop. Cas. Ins. Co.*, 2001 WL 1471724, *2 (E.D. La. Nov. 16, 2001) (emphasis added). Under these circumstances, Judge Clement found common issues of law or fact would not predominate over individual questions related to the plaintiffs' bad faith claims. *Id. See also Henry, supra,* 2007 WL 2287817, *3 (striking class action allegations and specifically noting class action treatment of "bad faith" claims is inappropriate).

As these courts correctly recognized, plaintiffs' bad faith allegations only raise further individualized issues that preclude class action treatment. Accordingly, the Court should strike all plaintiffs' class action allegations, including those related to their bad faith claims. In addition, the Court should reject plaintiffs' request that the Court defer ruling on defendants' motion to strike until the Court decides a motion to certify a class action for bad faith damages. There is simply no need for this Court or the parties to engage in a full-blown class certification hearing where, as in all the cases defendants cited in which the courts have stricken similar class action allegations, plaintiffs' class action allegations plainly fail as a matter of law.[3]

## II. PLAINTIFFS' ALTERNATIVE REQUEST FOR A "CLASS NOTICE" TO BE SENT TO PUTATIVE CLASS MEMBERS SHOULD BE REJECTED.

Plaintiffs next argue that "[n]otice is always an important aspect of any class action," and ask, in the event the Court strikes the class action allegations, that the Court require defendants to notify the putative class members of that ruling. (Plaintiffs' Brief at 8.) Plaintiffs' request implicitly recognizes that in light of all the above federal law their class action allegations are non-starters. But their notice argument fares no better.

In fact, this Court addressed this very issue in *Street v. Diamond Offshore Drilling*, 2001 WL 883216 (E.D. La. July 30, 2001). After this Court denied class certification in that case, the plaintiff sought an order requiring notice to the members of the putative class that the certification was denied. This Court rejected the plaintiff's request, including, significantly, the plaintiff's counsel's

---

[3] Although they purported to seek certification of a class under Rules 23(b)(2) and 23(b)(1)(B) in their Complaint, plaintiffs do not even try to refute any of the arguments, set forth in defendants' opening brief, as to why their Rule 23(b)(2) and 23(b)(1)(B) allegations fail as a matter of law. For all the reasons discussed in defendants' opening brief, certification under Rule 23(b)(2) or 23(b)(1)(B) is legally untenable.

128527

"[invocation] of the specter of the statute of limitation," and held there was no requirement that notice of the class certification denial be sent to putative class members.  *Id.*, *1.  In so ruling, this Court stated, in language equally applicable here, "this court is leery of ordering such a notice as it might be perceived by some potential plaintiffs as a tacit suggestion of the Court that a lawsuit should be filed under the circumstances of the present case."  *Id.*  (citation and internal quotation omitted).

Similarly, in *Rineheart v. Ciba-Geigy Corp.*, 190 F.R.D. 197 (M.D. La. 1999), cited by this Court in *Street,* Chief Judge Polozola rejected the plaintiff's attempt to have notice sent to putative class members of an order denying class certification.  In so ruling, the court noted that the Fifth Circuit has held that, where class action treatment has been denied, no notice of a settlement with the named plaintiff was required to be given to members of the asserted class because there had previously been a judicial determination that the case could not be maintained as a class action.  *Id.* at 200 (*citing Pearson v. Ecological Science Corp.*, 522 F.2d 171, 176-77 (5th Cir. 1975) ("as stated by the Advisory Committee's Notes to Rule 23, 'a negative determination (of class action status) means that the action would be stripped of its character as a class action")).  As the *Rineheart* court explained "Because there was no class . . . there were no 'class members' to be notified."  *Id.*   The *Rineheart* court further stated:  "Neither the clear language set forth in [Rule 23] nor the jurisprudence in the Fifth Circuit or elsewhere grants the Court the authority to mandate public notice of the denial of class certification."  190 F.R.D at 202.  *See also Cruz v. American Airlines, Inc.,* 356 F.3d 320, 331 (D.C. Cir. 2004) ("The district court did not abuse its discretion in denying plaintiffs' … request that the district court order notice, pursuant to Rule 23(d)(2), to a non-certified class.  We doubt, as a threshold matter, that a district court has *any* discretion to order notice 'in the conduct of [an] action' in which it has declined to certify any class whatsoever, for such an action may not be one 'to which [Rule 23] applies.' Setting that point aside, however, the district court, at a minimum, did not abuse its discretion by declining to order notice to this putative class given that it found the remaining issues in this case were unsuitable for class treatment at all").

The Federal Rules of Civil Procedure simply do not require notice that class action allegations have been stricken or dismissed.  Whether to give notice is a matter of procedure, governed by the

Federal Rules of Civil Procedure.  As the Supreme Court explained in *Hanna v. Plumer*, 380 U.S. 460 (1965),

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Id.* at 471 (holding the Federal Rule of Civil Procedure 4(d), not state law, governed service of process in diversity cases).

In this case, therefore, notice is governed by Rule 23, which requires that notice be sent *only* when a class has actually been certified.  *See* Fed. R. Civ. P. 23(c)(2) (requiring class notice only "for any *class certified*") (emphasis added).  Similarly, Rule 23(e), governing dismissal of class actions, was amended in 2003 to make clear that the notice requirement applied only to *certified* classes.  Fed. R. Civ. P. 23(e) & Adv. Comm. Cmt. to 2003 amendments.  If the Court strikes plaintiffs' class action allegations, there obviously will be no class certified here, and therefore no requirement that a "class notice" be sent.

Plaintiffs' notice request also implicitly assumes that the pendency of this class action has interrupted any period of prescription applicable to the class members claims.  This assumption is without basis.[4]  Most policyholders' claims are subject to contractual provisions limiting the time to file suit and these contractual requirements are not subject to class action tolling.[5]  *Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So. 2d 139, 147 (La. App. 4th Cir. 2008); *Katz v. Allstate Ins. Co.*, 917 So. 2d 443, 447 (La. App. 4th Cir. 2005).  These contractual restrictions were modified by the Louisiana legislature in Acts 739[6] and 802;[7] however, in doing so, the legislature established a date certain by which lawsuits must be filed or be forever barred.  *Lila*, 994 So. 2d at 143 ("The Legislature

---

[4] In any event, the Court need not even reach the prescription issue since, as discussed above, notice is not required here under the Federal Rules of Civil Procedure.

[5] The reasons why there is no class action tolling under the circumstances presented here has been fully briefed for this Court in *State v. AAA Insurance, et al.*, (*In Re: Katrina Canal Breaches Consol. Litig.*), No. 07-5528, Defendants' Reply in Support of Their Motion to Dismiss, Dkt. 17342.

[6] Codified as LSA-R.S. 22:658.3.

[7] Act of June 30, 2006, No. 802, 2006 La. Sess. Law Serv. 1918, 1919.

could not have been more clear:  if a party did not institute judicial proceedings to recover for damages sustained arising out of Hurricane Katrina by 30 August 2007, the party would not be able to sustain an action filed thereafter").[8]

Plaintiffs further argue that defendants are "properly situated to carry out [the] task of notification" plaintiffs have proposed, suggesting this also somehow justifies granting their notice request.  (Plaintiffs' Brief at 8.)  As with all their arguments, however, plaintiffs offer no support for this contention.  Indeed, it would be manifestly unfair to require defendants to expend the time, expense and effort of providing the "class notice" plaintiffs seek where no class has been certified, a ruling striking or dismissing the class action allegations will reinforce that there never was any basis for the class action allegations from the outset, and no legal basis for requiring such a notice exists. Plaintiffs' class action allegations are legally deficient, as were the class action allegations in all the similar hurricane loss cases defendants have cited, and plaintiffs are not, in the face of these deficient allegations, entitled to any further class action proceedings, including any sort of "class notice" funded and administered by defendants.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in their opening brief, defendants respectfully request this Court enter an Order striking or dismissing plaintiffs' class action allegations.

Respectfully submitted,

*/s/ Ralph S. Hubbard*
Ralph S. Hubbard, III, 7040
Seth A. Schmeeckle, 27076
        Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

---

[8] Significantly, in affirming the constitutionality of Acts 739 and 802, the Louisiana Supreme Court recognized that they created an impairment of contracts of constitutional dimension.  *State v. All Prop. & Cas. Ins. Carriers Authorized & Licensed to Do Business in the State of Louisiana*, 937 So. 2d 313, 324-25, 327 (La. 2006).  In holding that the acts were nonetheless constitutional, the Supreme Court relied heavily on the fact that the acts were narrow in scope and only extended the period of prescription by one year.  *Id.* at 327.

And
Stephen E. Goldman
Wystan M. Ackerman
      Of
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597
Telephone:  (860) 275-8200
Facsimile:  (860) 275-8299
*Attorneys for The Standard Fire Insurance Company,
improperly named as Travelers Casualty and Surety
Company, Travelers Home and Marine Insurance
Company, The Travelers Indemnity Company, Travelers
Insurance Company, Travelers Property Casualty
Insurance Company and as Counsel for Travelers
Property Casualty Company of America*

And

*/s/ John W. Waters, Jr.*
JOHN W. WATERS, JR. (#13258)
GREGORY J. McDONALD (#1933)
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
(504) 310-1500
Fax:  (504) 310-1501
jwaters@bfrob.com
*Counsel for Louisiana Citizens
Property Insurance Corporation*

And

*/s/ Seth A. Schmeeckle*
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
      RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

and

Alan S. Gilbert (pro hac vice)
Kevin P. Kamraczewski (pro hac vice)
SONNENSCHEIN NATH & ROSENTHAL LLP

- 11 -

128527

7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
*Attorneys for Defendant Horace Mann Insurance Company*

And

*/s/ Seth A. Schmeeckle*
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

And

Paul E. B. Glad (pro hac vice)
Kevin P. Kamraczewski (pro hac vice)
Alan S. Gilbert (pro hac vice)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
*Attorneys for Defendants The Hanover Insurance Company and The Hanover American Insurance Company*

And

*/s/ Steven W. Usdin*
Steven W. Usdin, 12986
Edward R. Wicker, Jr., 27138
        Of
BARRASSO USDIN KUPPERMAN
        FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

And

- 12 -

H. Christopher Bartolomucci
Christopher T. Handman
    Of
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5600
*Attorneys for Great Northern Insurance Company*
(erroneously sued as Chubb Group of Insurance
Companies, a non-entity, incapable of being sued)

And

*/s/ John P. Wolff*
John P. Wolff, III, Bar #14504
Nancy B. Gilbert, Bar #23095
Christopher K. Jones #28101
**KEOGH, COX & WILSON, LTD.**
701 Main Street (P. O. Box 1151)
Baton Rouge, Louisiana  70821
Telephone:  225.383.3796
Facsimile: 225.343.9612
*Attorneys for Amica Mutual Insurance Co.*

And

*/s/ Alan J. Yacoubian*
ALAN J. YACOUBIAN (#17213)
NEAL J. FAVRET (#24412)
RACHAEL P. CATALANOTTO (#31095)
JOHNSON, JOHNSON, BARRIOS
    & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone:  (504) 528-3001
*Attorneys for defendant, Auto Club Family Insurance
Company*

And

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400

- 13 -

128527

New Orleans, Louisiana  70112
Telephone:  (504) 589-9700

And

Richard L. Fenton
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for Allstate Indemnity Company, Allstate*
*Insurance Company, Encompass Indemnity Company,*
*Encompass Insurance Company of America and*
*Encompass Property & Casualty Company*

And

*/s/ Lawrence J. Duplass*
Lawrence J. Duplass (#5199)
C. Michael Pfister (#14317)
Kelly Cambre Bogart (#22985)
Jaime M. Cambre (#29116)
DUPLASS, ZWAIN, BOURGEOIS,
      PFISTER & WEINSTOCK
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
*Attorneys for The American Insurance Company and*
*Fireman's Fund Insurance Company*

And

*/s/ Marshall M. Redmon*
Marshall M. Redmon, 18398
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

And

*/s/ Amy R. Sabrin*

- 14 -

Amy R. Sabrin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
*Attorneys for Farmers Insurance Exchange*

And

*/s/ Robert I. Siegel*
Robert I. Siegel
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras St., Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

And

Richard J. Doren
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
(213) 229-7038

And

Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 955-8500
*Attorneys for Lexington Insurance Company*

And

- 15 -

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Liberty Mutual Insurance Company and
Liberty Mutual Fire Insurance Company*


And


*s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Metropolitan Property and Casualty
Insurance Company*


And


*/s/ Wayne J. Lee*
Wayne J. Lee, 7916
  wlee@stonepigman.com
Stephen G. Bullock, 3648
  sbullock@stonepigman.com
Andrea L. Fannin, 26280
  afannin@stonepigman.com
    Of
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361
*Attorneys for State Farm Fire and Casualty Company*


And


- 16 -

   */s/ Sean P. Mount*
DOMINIC J. OVELLA, #15030 – T.A.
dovella@hmhlp.com
SEAN P. MOUNT, #27584
smount@hmhlp.com
ANNE E. MEDO, #24556
amedo@hmhlp.com
JUSTIN E. ALSTERBERG, #31015
jalsterberg@hmhlp.com
JASON M. BAER, #31609
 jbaer@hmhlp.com
HAILEY, McNAMARA, HALL,
LARMANN & PAPALE, L.L.P**.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana  70001
Telephone: (504) 836-6500
Counsel for Defendants, *Fidelity and Deposit Company of Maryland, Empire Fire & Marine Insurance Company, Empire Indemnity Insurance Company, ZC Sterling Insurance Agency, Inc., ZC Sterling Corporation*

And

   */s/ Christopher R. Pennison*
JAY M. LONERO, T.A. (No. 20642)
     jlonero@lwp-law.com
CHRISTOPHER R. PENNISON (No. 22584)
     cpennison@lwp-law.com
ANGIE ARCENEAUX AKERS (No. 26786)
     aakers@lwp-law.com
LARZELERE PICOU WELLS
     SIMPSON LONERO, LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565
*Attorneys For Republic Fire And Casualty Insurance Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
     Of
LUGENBUHL, WHEATON, PECK,

- 17 -

128527

RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990
And
Christopher W. Martin,
Texas Bar No. 13057620
Martin R. Sadler,
Texas Bar No. 00788842
       Of
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
*Attorneys for USAA Casualty Insurance Company*

And


*/s/ Maura Z. Pelleteri*                   
Maura Z. Pelleteri (8463)
Amy S. Malish (28992)
Krebs, Farley & Pelleteri, L.L.C.
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3570
Facsimile: (504) 299-3582
*Attorneys for Aegis Security Insurance Company*


And


*/s/ Richard E. King*                      
Richard E. King (#25128)
David M. Moragas (#29633)
Matthew J. Lindsay (#30599)
Galloway, Johnson, Tompkins,
      Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
*Counsel For Defendant,*
*Zurich American Insurance Company*

- 18 -

And

_s/Laurie L. DeArmond _____ _____
PATRICK D. DeROUEN, ESQ. (#20535)
LAURIE L. DeARMOND, ESQ. (#26622)
PORTEOUS, HAINKEL, & JOHNSON
704 Carondelet Street
New Orleans, Louisiana  70130-3774
Telephone: (504) 581-3838
pderouen@phjlaw.com
ldearmond@phjlaw.com
*Attorneys for Armed Forces Ins. Exchange*

And

/s/ Wendy Hickok Robinson _____
Wendy Hickok Robinson, La. Bar No. 25225
        whrobinson@gordonarata.com
Nina Wessel English, La. Bar No. 29176
        nenglish@gordonarata.com
GORDON, ARATA, MCCOLLAM,
  DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

And

Cari K. Dawson, Georgia Bar No. 213490
        Cari.dawson@alston.com
Daniel F. Diffley, Georgia Bar No. 221703
        Dan.diffley@alston.com
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777
*Attorneys for Safeco Insurance Company*

And

/s/ A. Jacob Culotta, Jr. _____
DAVID P. SALLEY T.A. (#19770)
 A. JACOB CULOTTA, JR.  (#26856)
Salley, Hite & Mercer, LLC
 365 Canal Street, Suite 1710
 New Orleans, LA 70130

- 19 -

Telephone: 504/566-8800
Facsimile:  504/566-8828
*Attorneys For American Bankers Insurance Company Of Florida*

And

*/s/ Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for Defendants Fidelity National Insurance Company And Fidelity National Property And Casualty Insurance Company*

And

*/s/ Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jay R. Sever (Bar #23935)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys For Defendants Scottsdale Insurance Company and Scottsdale Indemnity Company*

And

*/s/  Jacqueline M. Brettner*
George B. Hall, Jr. (Bar #6432)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for American Empire Insurance Company*

- 20 -

128527

And

*/s/   Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Jacqueline M. Brettner (Bar #30412)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

and

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendants The Involved Lloyd's
Underwriters*

And

*/s/   Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Nora B. Bilbro (Bar #22955)
Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

And

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendant Homesite Insurance Company*

And

128527

/s/ Howard B. Kaplan_____
HOWARD B. KAPLAN (#14414)
BERNARD, CASSISA, ELLIOTT & DAVIS
A Professional Law Corporation
1615 Metairie Road
P.O. Box 55490
Metairie, LA  70055-5490
Telephone:  (504) 834-2612

And

WILLIAM J. WEGMANN, JR. (#13317)
110 Veterans Memorial Blvd., Suite 440
Metairie Louisiana 70005
Telephone: (504) 833-3800
*Counsel for Lafayette Insurance Company,*
*United Fire and Casualty Company*
*and United Fire and Indemnity Company*

And

/s/ Anthony Rollo_____
ANTHONY ROLLO (La. #01133)
STEPHEN W. RIDER, T.A. (La. #02071)
McGLINCHEY STAFFORD, PLLC
12th Floor, 601 Poydras St.
New Orleans, LA  70130
Telephone: 504-586-1200
Facsimile: 504-596-2800
*Attorneys for Defendants Meritplan Insurance Company*
*and Balboa Insurance Company*

And

/s/ John E. Unsworth, Jr._____
**JOHN E. UNSWORTH, JR., #09477**
**W. GLENN BURNS, #3698**
**LAUREN E. BRISBI, #29778**
**HAILEY, McNAMARA, HALL,**
**LARMANN & PAPALE, L.L.P.**
One Galleria Blvd, Suite 1400
Post Office Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500

*Attorneys  for Defendant*
*Clarendon National Insurance Company*

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 6th day of February 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

<u>*/s/ Judy Y. Barrasso*_____</u>

128527