UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES   * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION              * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson      * | | MAG. WILKINSON |
| (No. 06-2268)                                      * | | |

* * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF INTENT TO DEFER FILING OF *DAUBERT* MOTIONS IN FAVOR OF CONTESTING THE WEIGHT OF DEFENSE EXPERT EVIDENCE AT TRIAL

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who offer to the Court their Notice of Intent to Defer Filing of Daubert Motions in Favor of Contesting the Weight of Defense Expert Evidence at Trial, for the following reasons:

I.

By Order dated October 9, 2008 (Rec. Doc. 15841), the Court established a deadline of February 11, 2009 by which *Daubert* motions shall be filed.

II.

Expert discovery is still proceeding by consent of the parties, and there is an outstanding Motion to Compel filed by the plaintiffs (Rec. Doc. 17542) seeking an order from the Court compelling the defendant to produce their experts' reliance materials as specified in the Court's Order datesd October 9, 2008 (Rec. Doc. 15841).

III.

Having had the opportunity to evaluate the defense expert reports (even without the required reliance materials) and to depose all but one of the defense experts, Plaintiffs believe that the focus of the Court's effort regarding expert opinion in this case is best directed to the weight of the evidence offered by the defense experts.

As Judge Barbier recently wrote when confronted with a similar issue, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir.2000).  *Daubert* requires a binary choice-admit or exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." Thompson v. Rowan Companies, Inc., 2007 WL 724646 (E.D.La.,2007).

This Court should note that Plaintiffs concur that ***most***, not all, of the safeguards provided for in Daubert are properly maintained via the Court's ability to accurately weigh the evidence presented in a bench trial.  Plaintiffs here assert that the interests of judicial economy are best served by contesting the weight of the defense experts' testimony at trial instead of burdening the Court with ten (10) Motions to Exclude the testimony of the defendant's experts.

IV.

Plaintiffs in no way intend this Notice of Intent to constitute a waiver of any evidentiary objections at trial pursuant to Federal Rules of Evidence, Rule 702.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that their Notice of Intent to Defer Filing of Daubert Motions in favor of contesting the weight of the defendant's expert evidence at trial be deemed good and sufficient.

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL

/s/  Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 11th day of February, 2009.

/s/ Joseph M. Bruno
Joseph M. Bruno