UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| FILED IN: | 05-4181, 05-4182, 05-4191, 05-4568, 05-5237,<br>05-6073, -5-6314, 05-6324, 05-6327, 05-6359,<br>06-0020, 06-1885, 06-0225, 06-0886, 06-11028,<br>06-2278, 06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931, 06-5032,<br>06-5042, 06-5159, 06-5163, 06-5367, 06-5471,<br>06-5771, 06-5786, 06-5937, 06-7682, 07-0206,<br>07-0647, 07-0993, 07-1284, 07-1286, 07-1288,<br>and 07-1289. | |

**LEVEE BREACH PLAINTIFFS' LOCAL RULE 56.2 STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE EXIST GENUINE ISSUES TO BE TRIED**

**NOW INTO COURT,** through undersigned counsel, comes the Levee Plaintiffs' Subgroup Litigation Committee, which in accordance with the provisions of Local Civil Rule 56.2, responds to the Sewerage & Water Board's Local Civil Rule 56.1 statement of material facts as to it contends there exist no genuine issues to be tried.

## I. MATERIAL FACTS PRESENTING GENUINE ISSUES TO BE TRIED

1. All of the "discretionary acts" allegedly undertaken by SWB occurred before 1985.

2. Whether, consistent with Article 1.24 of the 1978 contract between SWB and M&M, M&M informed SWB of its January 28, 1981 memorandum addressing the stability of the existing levees and sheet pile walls along the canal which reported that at three of the six test locations, the factors of safety fell below the minimum values required by the Corps.

3. Whether, consistent with Article 1.24 of the 1978 contract between SWB and M&M, M&M informed SWB of its February 6, 1981 stability analysis of the existing sheet pile wall along the east (Orleans Parish) side of the canal, north of Old Hammond Highway which reported that *"[p]ortions of the wall are extremely unstable as they now stand. This instability, even under normal water level situations is due to...the soft to very soft clays which make up the soil stratum...."*

4. Whether, consistent with Article 1.24 of the 1978 contract between SWB and M&M, M&M made known to SWB its March 31, 1981 admission at a public hearing that the levees were already in violation of the Corps' standards for levee stability, and that dredging would worsen the problem.

5. Whether SWB was aware of the Corps' June 16, 1981 internal memorandum which acknowledged that a number of levee and flood wall stability problems were likely if the SWB permit were granted.

6. Whether SWB was aware of the Corps' February 12, 1982 internal memorandum which noted the existence of a stability problem in the canal at a location where excavation

would directly tap the sands underlying the levee.

7. Whether SWB was aware of Eustis Engineering's August 23, 1982 report which recognized "[t]he possibility of a blow-out during extreme high water in the canal."

8. Whether SWB was aware that in late 1981, Eustis Engineering performed soil boring tests which revealed alternating layers of soft clay and black humus which substantially reduced the strength of the soil, particularly in resisting lateral pressure and its ability to support levees and flood walls under pressure from high water.

9. Whether SWB was aware that on July 27, 1983, Eustis submitted a revised soil stability report, which again confirmed the potential for a blow-out at the land side.

10. Whether the acts undertaken by SWB in connection with dredging of the 17th Street Canal were "discretionary."

## II. RESPONSE TO SWB'S STATEMENT OF FACTS

**SWB No. 1:**

The Sewerage and Water Board of New Orleans is a creature of Louisiana legislation which empowered the SWB to construct, control, maintain and operate the public water system, the public sewerage system, and the public drainage system of the City of New Orleans. LSA—R.S. 33:4071A.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

The genuine issue to be tried is not whether LA. R.S. 33:4071A empowered the SWB to *".... construct, control, maintain and operate .... the public drainage system of the City of New Orleans."* Rather, having been "put in charge" by the statute, the genuine issue to be tried is whether, by act or omission, SWB constructed, controlled, maintained and

operated the 17th Street Canal in a negligent fashion and thereby caused damage to Plaintiffs.

**SWB No. 2:**

The legislature vested the full right, jurisdiction, power and authority to construct, maintain and improve levees surrounding New Orleans exclusively in the Board of Commissioners of the Orleans Levee District ("OLD").  LSA—R.S. 38:307.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

The genuine issue to be tried is <u>not</u> whether LA. R.S. 38:307 vested in OLD, exclusively, the *"full right, jurisdiction, power and authority to construct, maintain and improve levees surrounding New Orleans."*  Rather, the genuine issue to be tried is whether, by act or omission, SWB constructed, controlled, maintained and operated the 17th Street Canal in a negligent fashion and thereby caused damage to Plaintiffs.

**SWB No. 3:**

In 1965, Congress authorized the Lake Pontchartrain and Vicinity Hurricane Protection Project ("LPVHPP").  Flood Control Act of 1965, 29 Stat. 1073, 1077 (42 U.S.C. §1962d-5).

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 4:**

In 1974, due to flooding caused by heavy rains, the SWB first sought a permit from the United States Army Corps of Engineers ("Corps of Engineers") to redredge the 17th Street Canal to improve its hydraulic characteristics.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

The genuine issue is not simply the fact of heavy rainfall in 1974. Rather, the genuine issue to be tried is whether SWB initiated the 17th Street Canal dredging project in response to directives of the Mayor (the SWB President) and City Council of New Orleans, and also in response to pressure from Legislators, Congressmen, homeowners, business owners, and their property insurers. In other words, whether SWB *was directed* to alleviate the drainage problem.

**SWB No. 5:**

In 1977, SWB favors the Barrier Plan (at the Rigolets and Chef) citing possibility of overtopping of back levees.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 6:**

December 30, 1977, United States District Court enjoins the Barrier Plan. *Save Our Wetlands v. Rush*, Civ. A. No. 75-3710 (E.D. La. Dec. 30, 1977).

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 7:**

August 22, 1978, SWB contracts with Modjeski and Masters to design the reexcavation of 17th Street Canal.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement concerns only the date of a contract. Genuine issues of material fact exist as to both the degree of control reserved and exercised by SWB over the 17th Street Canal dredging project. For example, SWB Motion for Summary Judgment Exhibit No. 2, the August 1978 contract, expressly provides as follows:

> Article 1.20 – <u>PRELIMINARY ENGINEERING PLANS AND ESTIMATES</u>
>
> Prepare and submit *to the Board for review and written approval* preliminary engineering plans....
>
> Article 1.30 – <u>DESIGN, ENGINEERING PLANS AND SPECIFICATIONS</u>
>
> Prepare and submit *to the Board for review and written approval* final designs, working plans and specifications for solicitation of competitive bids and for construction, including the following engineering services:

La. R.S. 33:4071A(1) created the SWB, and provides:

> The public water system, the public sewerage system, **and the public drainage system of the city of New Orleans shall be constructed, controlled, maintained, and operated by a sewerage and water board ......** (Emphasis added)

Because SWB is the *de jure* and *de facto* "drainage district" for the district that is New Orleans/Orleans Parish, the provisions of La. R.S. 38:113 apply to it. La. R.S. 38:113 provides in pertinent that:

> **The various ..... drainage districts shall have control over all public ..... outfall canals within the limits of their districts .....and for a space of one hundred feet on both sides of the banks of such ..... outfall canals** ..... whether the ..... outfall canals have been improved by the levee or drainage district, or have been adopted without improvement .....   (Emphasis added)

Although the SWB's memorandum supporting its motion for summary judgment is replete

with suggestions that it had no responsibility for designing or erecting the 17th Street Canal flood walls, it *did* have statutorily-imposed control over the adjoining 100 feet of land outboard of the east side of the canal (*i.e.*, 100 feet of Lakeview along Bellaire Drive). Indeed, far from being a disinterested party, SWB *statutorily controlled* the area where the flood walls failed and it *contractually reserved* the right of review and written approval over the final designs for the canal enlargement.

**SWB No. 8:**

In 1980, the Corps of Engineers studies alternatives to the Barrier Plan, including the High Level plan, for the LPVHPP.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 9:**

On December 20, 1982, Corps of Engineers advises SWB the levees along the 17th Street Canal are in the alignment of the LPVHPP.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 10:**

On July 27, 1983, Eustis Engineering suggests sheet pile tip elevation of -17.1 C.D. for

levees on the 17th Street Canal at or near the site of the levee breach.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 11:**

On January 12, 1984, Eustis advises current sedimentation suggests 17th Street Canal may have been as deep, or deeper, than current proposed design.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 12:**

On March 9, 1984, Orleans Levee District contracts with Modjeski and Masters to upgrade 17th Street Canal levees.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 13:**

On July 13, 1984, SWB receives permit from Corps of Engineers to proceed with the dredging plan.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 14:**

In 1985, the Corps of Engineers decides to proceed with High Level Plan.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 15:**

In June, 1988, Corps of Engineers' E-99 test leads to shortening of sheet pile.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed. However, what is material is that this information and the unfavorable results of the E-99 test were made known to SWB and the public.

**SWB No. 16:**

Based upon new design criteria, on August 31, 1988, Eustis issues revised analysis and suggested a tip elevation of -12.8 ft. NGVD at location of breach.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 17:**

On October 20, 1989, Corps of Engineers imposes change in design criteria and sheet pile

tip elevation at Sta. 560+00 to -9.75 ft. below sea level.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 18:**

In March, 1990, Corps of Engineers issues General Design Memorandum No. 20, recommending parallel protection plan for 17th Street Canal due to similarity in cost with fronting protection plan and fact debris could hinder operation of gates.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No.1 9:**

On May 9, 1990, OLD contracts with Boh Bros. for levee improvements and canal dredging. OLB Contract No. 24306

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 20:**

On March 11, 1992, Boh's canal dredging and levee work is substantially complete.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 21:**

On May 15, 1992, East Jefferson Levee District ("EJLD") contracts with Professional Construction Services, Inc., for levee work and dredging on west side of the 17th Street Canal.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 22:**

On August 20, 1992, OLD accepts Boh's work.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 23.**

      On December 2, 1992, Modjeski completes plans for concrete capping and redriving of sheet piles.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 24:**

On June 28, 1993, Corps contracts with Pittman Construction. for wall capping

and sheet pile work

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 25:**

On March 24, 1994, EJLD accepts Professional's levee and dredging work.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 26:**

On April 25, 1995, Corps of Engineers accepts Pittman's work.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.

**SWB No. 27:**

In December, 2004, the SWB was notified of a leak in the street at 6800 Bellaire Drive.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement is not disputed.

**SWB No. 28:**

     After inspection, a leak was detected in a ¾" inlet service line under the driveway at 6800 Bellaire Drive.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

     This statement does not account for brackish water intrusion at 6780 Bellaire Drive.  See the February 12, 2009 Affidavit of Beth LeBlanc.

**SWB No. 29:**

     On February 11, 2005, the leak in the inlet service line was repaired.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

     This statement does not account for brackish water intrusion at 6780 Bellaire Drive.  See the February 12, 2009 Affidavit of Beth LeBlanc.

**SWB No. 30:**

     On Februray 23, 2005, Boh Brothers repaved the driveway.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

     While this statement is not disputed, it is not a material fact insofar as it has nothing to do with any breach of a duty by SWB.  Further, this statement does not account for brackish water intrusion at 6780 Bellaire Drive.  See the February 12, 2009 Affidavit of Beth LeBlanc.

**SWB No. 31:**

     The SWB received no further complaints of leaks in the area after the repair was made.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement does not account for brackish water intrusion at 6780 Bellaire Drive. See the February 12, 2009 Affidavit of Beth LeBlanc.

**SWB No. 32:**

_____The SWB received no complaints that water was leaking from the 17th Street Canal into the backyard of residences in the area on Bellaire Drive.

**Levee Plaintiffs' Subgroup Litigation Committee's Response:**

This statement does not account for brackish water intrusion at 6780 Bellaire Drive. See the February 12, 2009 Affidavit of Beth LeBlanc.

        Respectfully submitted,

        */s/* Joseph M. Bruno
        Joseph M. Bruno (La. Bar# 3604)
        Law Offices of Joseph M. Bruno
        855 Baronne Street
        New Orleans, LA 70113
        Telephone: (504) 525-1335
        Plaintiffs' Liaison Counsel

        Gerald E. Meunier (La. Bar# 9471)
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre
        1100 Poydras Street
        New Orleans, LA 70163-2800
        Telephone: (504) 522-2304
        Liaison Counsel, Levee Plaintiffs' Sub-Group Litigation Committee

>Darlene M. Jacobs (La. Bar # 7208)
>Jacobs, Sarrat & Lovelace
>823 St. Louis Street, New Orleans, LA 70112
>Levee Plaintiffs' Sub-Group Litigation Committee

>Richard M. Martin, Jr. (La. Bar #8998)
>Law Office of Richard M. Martin, Jr., L.L.C.
>20 Versailles Boulevard
>New Orleans, LA 70125-4114
>Telephone: (504) 861-8476
>Levee Plaintiffs' Sub-Group Litigation

## CERTIFICATE OF SERVICE

I certify that on February 13, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I further certify that there are no non-CM/ECF participants that would require a first-class mailing to of the foregoing document and notice of electronic filing.

>*/s/* Joseph M. Bruno