UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

**I. INTRODUCTION**

Plaintiffs have moved the Court for an Order "compelling the defendant United States of America to produce its experts' reliance materials as set forth by previous Court Order and repeated requests by the Plaintiffs, as described in each expert's respective Notice of Deposition." *See* Plaintiffs' Motion to Compel Discovery, Doc. Rec. No. 17542. The United States has in good faith either already provided or is attempting to provide the expert reliance materials requested by the Plaintiffs. Moreover, the Court has already ruled that no Rule 30(b)(5) requests for production may be attached to a deposition notice. Therefore, the Court should deny Plaintiffs' Motion to Compel Discovery.

**II. UNITED STATES' PRODUCTION OF EXPERT REPORTS**

The Plaintiffs allege that the "United States 'produced' its expert reports in an untimely fashion, claiming that their delivery was delayed by inclement weather." The Plaintiffs further state that "[t]his bogus production, combined with the governmental holidays, resulted in the defense expert reports being received on or about December 29, 2008. . . nearly one week overdue." *See* Motion to Compel Discovery, para. II. The Plaintiffs further aver "[t]hat the

defendant here apparently attests that the U.S. Postal Service cannot operate effectively in a snow storm or that no one at the Department of Justice can upload ten (10) reports electronically to an internet 'send space' site should be viewed skeptically by the Court." *See* Motion to Compel Discovery, fn. 1.

The Court, per the Amended *Robinson* Case Management Order (Doc. Rec. No. 15841), ordered the Defendant United States to produce its expert reports and computer generated evidence on December 22, 2008. Accordingly, on that date the United States produced to the *Robinson* Plaintiffs' counsel, Pierce O'Donnell, via Federal Express (FEDEX) its expert reports from the following experts: John Barras, Louis Britsch III, Stephen Deloach, Bruce Ebersole, Steven Fitzgerald, Brian Jarvinen, Reed Mosher, Donald Resio, Joannes Westerink, and Thomas Wolff.[1] *See* Doc. Rec. No. 16833. The Notice of Production provided that:

> The expert reports do not contain computer generated evidence that the experts relied upon when drafting their reports because the evidence is voluminous. If the Plaintiffs require any of the evidence once they have reviewed the expert reports, they are instructed to contact United States counsel to obtain the required evidence. Moreover, the expert reports are not Bates-stamped. However, the United States will produce Bates-stamped copies of the expert reports to the Plaintiffs at a later date.

*Id.* The electronically encrypted[2] expert reports were received by Mr. O'Donnell on December

---

[1] Service under Fed. R. Civ. P. 5(a) on a party represented by an attorney is made on the attorney unless the court orders service on the party. Fed. R. Civ. P. 5(b)(1). Service under Rule 5(a) is made by mailing a copy to the last known address of the person served. Service by mail is complete on mailing. Fed. R. Civ. P. 5(b)(2)(B). Moreover, service under Rule 5(a) is made by delivering a copy by any other means, including electronic means, consented to in writing by the person served. Fed. R. Civ. P. 5(b)(2)(D). There was no written agreement between the United States and the Plaintiffs for delivery of the expert reports through electronic means (ie. uploading the reports onto an internet site).

[2] For productions involving electronically stored information, the United States is required to encrypt information that is contained on removable media (i.e. CDs, DVDs and hard

2

24, 2008.[3]  *See* FEDEX tracking log at Exh. 1.

On December 23, 2008, Joseph Bruno, plaintiffs' liaison counsel for the *In Re: Katrina Canal Breaches Consolidated Litigation*, requested that the United States provide a copy of the expert reports and they were mailed to him by FEDEX the same day and delivered on December 29, 2008.[4]  *See* request from Mr. Bruno at Exh. 3 and FEDEX tracking log at Exh. 4.  Moreover, the United States provided notice to the Plaintiffs of expert report amendments regarding Steven Fitzgerald on December 23, 2008, and for John Barras on February 10, 2009.  *See* Doc. Rec. Nos. 16842 and 17663, respectively.  The United States also produced Bates-stamped versions of the expert reports to the Plaintiffs on January 5, 2009.  *See* Doc. Rec. No. 16908.

### III. UNITED STATES' PRODUCTION OF EXPERT RELIANCE MATERIALS

As noted in the United States' December 22, 2008, Notice of Production, the Plaintiffs were instructed to contact United States counsel after they reviewed the expert reports to obtain

---

drives) using FIPS 140-2 validated or NSA approved encryption mechanism per the November 26, 2008 DOJ Order 2640.2F implementing OMB Memorandum M-06-16, dated June 23, 2006.

[3] Weather problems in Memphis, Tennessee on December 23, 2008 delayed the FEDEX flight into Los Angeles, California until December 24, 2008.  On December 23, 2008, the United States e-mailed the TruCrypt encryption keys to personnel at Mr. O'Donnell's office so that Mr. O'Donnell could open the encrypted electronic files containing the expert reports.  *See* Exhibit 2.  On Friday (a federal holiday), December 26, 2008, personnel from Mr. O'Donnell's office notified the United States that the encryption keys did not appear to be working.  On Monday, December 29, 2008, CACI, the United States' discovery vendor, contacted personnel at Mr. O'Donnell's office and resolved the problem with the encryption keys thereby allowing Mr. O'Donnell's staff to open the expert report folders.  *See* Exh. 2.

[4] Weather problems in Memphis, Tennessee on December 23, 2008 delayed the FEDEX flight into Memphis until December 24, 2008.  The reports arrived in New Orleans, Louisiana after business hours on December 24, 2008.  FEDEX attempted delivery on December 26, 2008, but Mr. Bruno's office was closed.  FEDEX delivered the reports to Mr. Bruno's office on December 29, 2008.  *See* Exh. 4.

any evidence that they may require that was relied upon by the experts when they drafted their reports. Accordingly, the Plaintiffs made the following requests as indicated in their Motion to Compel Discovery[5]:

    A.  On January 6, 2009, personnel from Mr. Bruno's office provided a preliminary list of data they were requesting from Dr. Resio, Dr. Wolff, Mr. Ebersole, Dr. Westerink and Mr. Fitzgerald. *See* Exh. 5. The Plaintiffs requested the following:

    1.  The articles cited by Dr. Resio in his expert report. The United States produced a CD of these articles to the Plaintiffs on January 26, 2009. *See* Exh. 6.

    2.  The articles cited by Dr. Wolff in his expert report. Dr. Wolff's articles and reliance materials were included with his expert report that was produced on December 22, 2008. *See* Doc. Rec. No. 16833. Moreover, a courtesy copy of all of Dr. Wolff's reliance materials and the articles used in the preparation of his expert report were hand-deliverd by the United States on a CD to the Plaintiffs prior to Dr. Wolff's deposition on February 6, 2009.

    3.  Regarding Mr. Ebersole, the Plaintffs requested "[c]opies of un-referenced written correspondence that provides background and information for the observations and conclusions regarding performance of the man-made flood protection structures during Hurricane Katrina contained in this report." The United States has requested this information from Mr. Ebersole and will be producing any responsive information in the near future.

    4.  Regarding Dr. Westerink, Mr. Ebersole, Mr. Fitzgerald and Dr. Resio, the Plaintiffs stated that "[w]e are requesting specifically that they provide all of the information and data that

---

[5] The Plaintiffs' requests are listed in paragraphs III through VIII of their Motion to Compel with supporting Exhibits A thru F.

was used to set up their models. All input and output files."

        (a) Concerning Dr. Westerink, the United States has requested this information from him and any responsive information will be produced in the near future. However, this information is expected to be voluminous. Therefore, the Plaintiffs may need to narrow their request for information.

        (b) Concerning Mr. Ebersole, the United States has requested this information from him and will be producing any responsive information in the near future.

        (c) Concerning Mr. Fitzgerald, the United States has produced to the Plaintiffs the requested information on January 23, 2009. *See* Doc. Rec. No. 17333.

        (d) Concerning Dr. Resio, the United States provided the Plaintiffs with a CD of Dr. Resio's reliance materials used to prepare his expert report on January 26, 2009. *See* Exh. 6.

    B. On January 15, 2009, the Plaintiffs requested information regarding the "levee heights used in the ADCIRC modeling along Reach 2, Reach 1 for both north and south bank and the Citrus/NO East back levees." *See* Exh. 7. On February 6, 2009, the United States provided the Plaintiffs with the requested ADCIRC modeling information. *See* Exh. 7.

    C. On January 16, 2009, the Plaintiffs requested the "photographs and materials referenced by Barras" for which he allegedly states "I intend to use photography and other materials cited in my report or included in plaintiffs' expert reports to support my testimony at trial." *See* Exh. 8. On January 21, 2009, the United States responded to the Plaintiffs regarding this request and stated that:

> The intent of this statement was just to allow use of the figures
> in the different reports (including the various photography/maps) as
> exhibits at trial. It is unclear to me what Rob is really asking for. As

far as I understand, everything cited in John's report is publicly available or was produced. If there is something specific they can identify, it would be easier to respond.

*See* Exh. 8. The Plaintiffs did not identify anything more specific.

D. On January 19, 2009, the Plaintiffs requested the following information regarding Mr. Ebersole: "1. Corps Report dated November 23, 2006 titled 'New Orleans East and St. Bernard Parish Levee Performance report,' 2. The dataset of boreholes used by Dally[, and] 3. Specifically, were there boreholes 98U-CHBD numbers 1-8; 10; 14 and 15 & Were [sic] there any boreholes between 13BU-CHBD and 10 CUI." *See* Exh. 9

    1. Regarding the request for the "Corps Report dated November 23, 2006 titled 'New Orleans East and St. Bernard Parish Levee Peformance report,'" the United States is currently looking for this document and will produce it once it is located.

    2. Regarding the request for the "dataset of boreholes used by Dally," the United States produced to the Plaintiffs all of the remaining materials held by Bruce Ebersole related to the William Dally report on February 12, 2009. *See* Doc. Rec. No. 17693.

    3. Regarding the request for borehole information listed in number 3 above, Mr. Ebersole has stated that he does not have this information, and is unaware if it even exists.

E. On January 19, 2009, the Plaintiffs requested a vido file referenced in Mr. Ebersole's expert report entitled "S1H610_Rollup-Low Res.avi." The Plaintiffs also asked if the United States could "please give us a status on all previous requests. Our experts needs [sic] this data as soon as possible." *See* Exh. 10. On January 22, 2009, the United States informed the Plaintiffs that the requested video file had previously been provided to them. *See* Exh. 11. The first production to the Plaintiffs was made on February 29, 2008, and the second production was

on March 7, 2008. *See* Doc. Rec. Nos. 11499 and 11577, respectively.

Regarding the request for a "status on all previous requests," the United States responded to the Plaintiffs on January 20, 2009, and stated that:

> If you tell me what you still need and from whom, I'll dun the appropriate persons. You have sent a series of requests and I have forwarded them to the experts and they have responded. If there are some requests outstanding, please send me a master list and we will respond asap.

*See* Exh. 10. The United States received no response to this message from the Plaintiffs.

F. On January 28, 2009, the Plaintiffs requested data regarding Dr. Resio as follows:

> We request that the Defense provide ALL of the output from the COULWAVE analysis including the information pertaining to the 'pre-overtopping' conditions at the geographic locations which were studied. This output should include ALL OF THE VELOCITY results that were developed.

*See* Exh. 12. The United States has requested this information from Dr. Resio and will be producing the information to the Plaintiffs in the near future.

**IV. PLAINTIFFS' DEPOSITION DOCUMENT REQUESTS**

The Plaintiffs allege in their Motion to Compel Discovery that:

> On January 22, 2009, the Plaintiffs properly noticed the depositions of the defendant's experts including with the Notice of Deposition as Exhibit A a list of materials, including reliance materials, regularly produced by experts in conjunction with their deposition. (See attached Exhibits 1-10, respectively.) The defense experts are consistently appearing at their deposition without *ANY* of the specified information; and one defense expert, Brian Jarvinen, testified that he had not even read his deposition notice until placed in front of him after he was sworn in at the deposition.

*See* Motion to Compel Discovery, para. IX.

Regarding the Plaintiffs' Exhibit A request for documents attached to their Notice of

7

Depositions[6], the Court has already ruled that:

> Document production has been separately conducted pursuant to the court's previous orders. No Rule 30(b)(5) requests for production may be attached to this notice and no document production as part of this purely testimonial deposition is required.

*See* Order and Reasons Concerning Rule 30(b)(6) Deposition of the United States Army Corps of Engineers, Doc. Rec. No. 14393. Accordingly, the United States is not required to have its experts provide documents as requested in Plaintiffs' Exhibit A to their Notice of Depositions.[7]

**V. CONCLUSION**

The United States has in good faith either already provided or is attempting to provide the expert reliance materials requested by the Plaintiffs per the instructions provided in the United States' Notice of Production (Doc. Rec. No. 16833). Moreover, the Court has ruled that no Rule 30(b)(5) requests for production may be attached to a deposition notice. *See* Doc. Rec. No.

---

[6] The Plaintiffs' Notice of Depositions with Exhibit A are attached as Exhibits 1 thru 10 to their Motion to Compel Discovery.

[7] If the Court were to permit a Fed. R. Civ. P. 34 request for production of documents attached to the Plaintiffs' Notice of Depositions, the Plaintiffs would be required to give the United States 30 days within which to provide a written response. *See* Fed. R. Civ. P. 34(b). The Plaintiffs' service on the United States for their 10 deposition notices did not give the United States 30 days within which to provide a written response to their document requests before the dates for the depositions.

14393.  Accordingly, the Court should deny Plaintiffs' Motion to Compel Discovery.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch

        s/ James F. McConnon, Jr.
        JAMES F. McCONNON, JR.
        Trial Attorney, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C.  20044
        (202) 616-4400/ (202) 616-5200 (Fax)
        Attorneys for the United States

Dated: February 13, 2009

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on February 13, 2009, I served a true copy of the Defendant United States' Response to Plaintiffs' Motion to Compel upon all parties by ECF.

      s/ James F. McConnon, Jr.
      JAMES F. McCONNON, JR.