UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>No. 06-2268) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF SUPPLEMENTATION
OF THE RECORD FOR ITS MOTION TO DISMISS**

Plaintiffs strongly oppose the Court accepting for filing Defendant's Notice of Supplementation of the Record for Its Motion to Dismiss (Doc. 17703) ("Notice"). This filing is objectionable for numerous reasons, including but not limited to the following:

1. The Notice has not been previously requested or authorized by the Court;

2. Defendant did not seek leave of Court for this unauthorized filing;

3. All pre-hearing submissions in connection with the parties' competing motions for summary judgment on the discretionary function exception ("DFE"), including the parties' Statements of Undisputed Facts, Responses, and *all* supporting documentation, were required to be filed months ago pursuant to the long-established Case Management Order;

4. The Court's oral request for post-hearing supplementation of the record was limited *solely* to issues relating to the National Environmental Policy Act, those filings were completed on February 6, 2009, and *the record was closed on that date*;

5. Defendant has offered no excuse—and there can be none—for delaying so long in filing this Notice *over five weeks after oral argument on January 8, 2009 and two and one-half months after filing Defendant's summary judgment motion*;

6. The documents and arguments in the Notice are not responsive to—and are far beyond the scope of—any requests by the Court for post-argument supplementation, particularly since the Court clearly did not ask the Government to submit further evidence and argument on "whether the Army Corps of Engineers exercised policy-based judgment in deciding how to respond to suggestions and concerns that the Mississippi River-Gulf Outlet posed a danger of flooding during hurricanes" (Notice at p. 1) (This issue was the subject of extensive colloquy between the Court and Robin Smith at the oral argument and Defense counsel did not cite to any of these documents or advance these argument, indeed, the Defense then took a contrary position contrary to the one made in the Notice);

7. All the documents attached to the Notice were available to the Defendant long before the briefing on the summary judgment motions; the deposition testimony of the Corps' own employees was completed *before* briefing and argument on the summary judgment motions;

8. *None* of the documents and arguments in the Notice were relied upon by the Government in its summary judgment motion briefing for which the Government had *almost two years to prepare* after this Court's denial of the Government's motion to dismiss on DFE grounds in February 2007;

9. The Notice is an objectionable "data dump" so voluminous and unwieldy that all of the 13 new exhibits could not be electronically filed—there are over 600 pages of

actual attachments and an unknown quantity of data in a CD-ROM covering decades of "Budget Justification Sheets" which had to be manually filed which Plaintiffs have not even seen yet;

10. Plaintiffs will be severely prejudiced if this Notice is filed—and the record is "so robustly augmented at this late date"—that they will have no opportunity to refute these novel eleventh hour arguments made by the Defendant *for the very first time. Incredibly, these new arguments are flatly contradictory to positions previously taken(and concessions made) in Defendant's summary judgment pleadings and oral argument. Specifically, that the Army Corps **never** made any policy-based judgments about remediating the defective MR-GO*;

11. Even assuming the Court were inclined to allow this filing and grant Plaintiffs a reasonable time to respond, the Court will be prejudiced by having to further consider this substantively revised position well after the issue have been extensively briefed and argued on two occasions—first in 2006 in connection with Defendant's unsuccessful motion to dismiss and second in 2008/2009 in connection with the pending summary judgment motions;

12. Plaintiffs would be severely prejudiced if their legal team is forced to devote the considerable time necessary to demonstrate the many flaws in the Notice and the glaring inconsistency between the Government's concessions before and during oral argument and the revisionist history in the Notice (which appears to be submitted solely to salt the record for appellate purposes);

3

13. Plaintiffs' resources, staff and counsel are presently consumed with completing extensive expert discovery, pretrial preparation of proposed findings of fact and conclusions of law, witness and exhibit lists, and preparation of witnesses for trial;

14. Finally, another round of briefing on the already exhaustively briefed DFE issue will not promote the interests of justice but will result in further (avoidable) burdens on the Court and additional (unjustified) delay of the Court's decision on this important issue.

In sum, the Government's failure to present timely this argument and evidence is a self-inflicted wound.  Fundamental justice, judicial economy, and the orderly administration of justice compel that this Notice and the accompanying 13 documents be stricken from the record.  Plaintiffs will defer any further argument on the Notice's substantive lack of merit until the Court decides whether to allow the Notice to be filed and any response by Plaintiffs.

February 15, 2009                                             Respectfully submitted,


**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298


**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

<div style="columns:2">

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

</div>

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF SUPPLEMENTATION OF THE RECORD FOR ITS MOTION TO DISMISS** was served by ECF on all parties of record on February 15, 2009.

<div style="text-align:center">

s/ Pierce O'Donnell
PIERCE O'DONNELL

</div>