UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATE LITIGATION * | | |
| * | | NO. 05-4182 |
| * | | |
| PERTAINS TO: LEVEE & MR-GO * | | SECTION "K" (2) |
| * | | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO DEFER RULING ON CLASS CERTIFICATION

**NOW INTO COURT**, through undersigned counsel, comes the Levee and MRGO PSLCs, which move this Honorable Court to defer its ruling on class certification. As shown below, the interests of justice and judicial economy are best served in deferring a ruling on class certification.

Pursuant to Case Management Order No. 4 (CMO No. 4) and subsequent Orders, the Levee and MRGO PSLCs filed Motions for Class Certification on August 10, 2007. The PSLCs waived hearing and submitted their motions on the papers. Since that time, substantial events have transpired necessitating the deferral of a ruling on Plaintiffs' Motions.

I.

FACTS

*A.   As pertains to LEVEE*

1. The LEVEE Master Consolidated Class Action Complaint named the following as defendants: The United States of America, The Board of Commissioners of the Orleans Parish Levee District, The Sewerage and Water Board of New Orleans, The Board of Commissioners of

the East Jefferson Levee District, Board of Commissioners of the Port of New Orleans, Modjeski & Masters, Inc., Eustis Engineering Co., Inc., Boh Bros. Construction Company Inc., B&K Construction Company, Inc., Burk-Kleinpeter, Inc., Burk-Kleinpeter, LLC, Gotech, Inc., CSX Transportation Corporation, CSX Transportation Inc., Gulf Group, Inc. Of Florida, Pittman Construction Company, Inc., C.R. Pittman Construction Co. Inc., James Construction Company, Inc., Public Belt Railroad Commission for the City of New Orleans, & St. Paul Fire and Marine Insurance Company.

      2.      Since that time, the Court has granted the defendant United States of America's Motion to Dismiss (Rec. Doc. 10984).

      3.      On December 15, 2008, the Court entered a preliminary approval of the settlements of the Orleans Levee District, the East Jefferson Levee District, and St. Paul Fire and Marine Insurance Company and stayed certain actions.

      4.      The Sewerage & Water Board of New Orleans has a Motion for Summary Judgment pending before the Court.

      5.      All remaining defendants have been dismissed.

**B.**    *As pertains to MRGO*

      6.      The MRGO Master Consolidated Class Action Complaint named the following as defendants: The United States of America, Washington Group International Inc.'s ("WGI"), The Board of Commissioners of the Orleans Parish Levee District, The Board of Commissioners of the Lake Borne Basin Levee District, & St. Paul Fire and Marine Insurance Company.

      7.      Since that time, the Court granted WGI's Motion for Summary Judgment regarding the governmental contractor immunity defense.

      8.      On December 15, 2008, the Court entered a preliminary approval of the

settlements of the Orleans Levee District, the Lake Borne Levee District, and St. Paul Fire and Marine Insurance Company and stayed certain actions.

9. The primary remaining defendant is the United States Corps of Engineers.

As the Court is aware, numerous class actions have been filed and brought under the *In Re Katrina Levee Breaches Litigation* umbrella. The United States maintains that a class action cannot be maintained against it. Regardless, the LEVEE & MRGO PSLC's have defined the plaintiffs as those that filed SF95 Forms.

## II.

### THE COURT IS AUTHORIZED TO DEFER ITS RULING

The Federal Rules of Civil Procedure, particularly Rule 16, contain numerous grants of authority that supplement the court's inherent power to manage litigation. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123 (U.S.La.,1991). The Court may take appropriate action "as may facilitate the just, speedy, and inexpensive disposition of the action."

The district court has wide discretion in deciding whether to certify a proposed class. <u>Jenkins v. Raymark Indus., Inc.</u>, 782 F.2d 468, 471-72 (5th Cir.1986).; <u>Shipes v. Trinity Industries</u>, C.A.5 (Tex.) 1993, 987 F.2d 311, rehearing denied, 996 F.2d 309, certiorari denied 114 S.Ct. 548, 510 U.S. 991, 126 L.Ed.2d 450. Although the trial court must determine if an action is to be maintained as a class action as soon as practicable after the commencement of the action, Fed.R.Civ.P. 23( c) (1), "this does not mandate precipitous action." <u>Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.</u>, 586 F.2d 962, 966 (C.A.N.Y., 1978).

## III.

## THE PRESCRIPTIVE PERIOD FOR HUNDREDS OF THOUSANDS OF CLAIMS ARE CURRENTLY TOLLED

The class action complaints in the umbrella toll the statute of limitations for allegations against all of the defendants except the defendant United States of America. American Pipe & Const. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756 (U.S.Cal. 1974). This tolling is of particular importance to the allegations against WGI, which has had immunity granted to it in the MRGO action.

Obviously, the Court's grant of summary judgment will be reviewed; and if the court denies certification of the class, hundreds of thousands of individual complaints would have to be filed while the appellate review process was undertaken. The expense and effort of filing these complaints would be for naught if the trial court's grant of summary judgment is upheld. As such, the interests of judicial economy dictate that the Court should defer ruling on the pending class certification motions until the appellate process has been exhausted.

## IV.

## JUDICIAL ECONOMY IS BEST SERVED BY DEFERMENT

This practical approach of deferring ruling on class certification is will considered:

First, the Court has vast discretion to manage this complex litigation—involving hundreds of separately filed civil actions and more than four dozen putative class actions—in a manner that maximizes judicial economy, minimizes unnecessary cost to the parties, and improves the prospects for fair and reasonable decision-making. *See Manual for Complex Litigation (Fourth)* § 22.1 (2004) (urging "innovation and creativity" in managing mass torts cases to achieve Fed. R. Civ. P. 1 goal of the "just, speedy, and inexpensive determination of

every action").

<u>Second</u>, the Court will be required to invest substantial time in hearing, deciding, and issuing a ruling on the pending and any future class action motions

<u>Third</u>, the rights and interests of all the parties will not be adversely affected— and, indeed, will likely be better preserved.

## III.

## CONCLUSION

For the foregoing reasons, the Levee and ME-GO PSLCs respectfully request that the Court grant the LEVEE & MRGO PSLCs' Joint Motion to Defer Ruling on Class Certification.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

　　/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
The Law Offices of Joseph M. Bruno,
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

/s/ James Parkerson Roy
JAMES PARKERSON ROY (La. Bar # 11511)
MR-GO PSLC LIAISON COUNSEL
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033

Facsimile: (337) 233-2796
Email: jimr@wrightroy.com

For
**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy


LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE

/s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

For

LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE
Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 17TH day of February, 2009.

                                                                                                      /s/ Joseph M. Bruno