UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

* * * * * * * * * * * * * * * * * * * * * * *

**REPLY TO DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

  **NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in reply to the defendant United States' response to Plaintiffs' Motion to Compel Discovery, do state:

I.

**THE DEFENDANT ADMITS IT VIOLATED THE COURT'S ORDER REGARDING THE PRODUCTION OF EXPERT REPORTS**

  The Court's October 9, 2008 Order clearly specified that "Defendant's Expert Reports and Computer Generated Evidence shall be produced" on December 22, 2008. (Rec. Doc. 15841). Instead of reports being provided, the defendant filed a bogus Notice of Production, sending encrypted, unreadable reports that were then followed the next day with "improper codes" that did not open the reports. (See Defendant's Exhibit 2). These reports should not have been encrypted in the first place as they are not electronically stored information ("ESI"). They

are actual, physical typewritten reports that could easily have been provided via a send space site as the Plaintiffs provided to the Defendant on July 14, 2008. (See Reply Exhibit 1).

Nonetheless, the defendant now admits that their reports were not able to be viewed until December 29, 2009. (See Defendant's Response, footnote 3).

The defendant's bogus Notice likewise indicated that it would not be producing the computer generated evidence as required by court order. Plaintiffs' consistently asked for these materials, and were forced to include a request for these materials in its Exhibit A that was attached to the Notice of Deposition for each respective expert.  Now, only in response to the filing of a Motion to Compel, does the government assert that this attachment was improper. (Response, pg. 1).

Here, the government is either purposefully misleading the court, or is flat out wrong. Case Management Order No. 4 ("CMO 4") Sec. (IV) (D)(3), footnote 7 only precluded the use of Rule 30(b)(5) requests for common liability issues fact witnesses (See pg. 35).  The provision of CMO 4 addressing expert common liability issues experts contains no such prohibition.  The Court will note that the Exhibit A requests were inclusive of those materials specified by FRCP, Rule 26 (a)(2)(B), CMO 4, Sec. (IV) (E)(2), and the Court's Order of October 9, 2008.

## II.

### RULE 26 GOVERNS THE DEFENDANT'S OBLIGATION TO PRODUCE ITS EXPERTS' RELIANCE MATERIALS

Rule 26 of the Federal Rules of Civil Procedure holds on pertinent part:

> **"Duty to Disclose; General Provisions Governing Discovery**
>
> (2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(I) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

( C) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(I) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure."

The requirement to produce the data and the exhibits used by the witness in forming his opinion is supported by the jurisprudence.  When an expert serves as a testifying witness, Rule

26(a)(2)(B) of the Federal Rules of Civil Procedure requires disclosure of materials considered, reviewed or generated by the expert in forming the opinion, irrespective of whether the materials were actually relied on by the expert. Employees Committed for Justice v. Eastman Kodak Co., 251 F.R.D. 101 (W.D.N.Y.,2008). A litigant is required to disclose to his opponent any information "considered" by the litigant's testifying expert. Fed.R.Civ.P. 26(a)(2)(B); NutraSweet Co. v. X-L Engineering Co., 227 F.3d 776, 785-86 (7th Cir.2000); Salgado ex rel. Salgado v. General Motors Corp., 150 F.3d 735, 741 n. 6 (7th Cir.1998); In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375-76 (Fed.Cir.2001). Any ambiguity as to the role played by the expert when reviewing or generating documents "should be resolved in favor of the party seeking disclosure." B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of N.Y., 171 F.R.D. 57, 62 (S.D.N.Y.1997).

In addition, a testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination. Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2); Karn v. Ingersoll-Rand Co., 168 F.R.D. 633 (N.D.Ind.1996).

As a result, the defendants' listing of what has been produced to date, **OR MORE IMPORTANTLY**, what might be produced in the future is another example of the gamesmanship that the defendant utilizes to skirt its discovery obligations. Nowhere is this more true that when the defendant misleads the Court on page 4, ¶ (A)(3) of its Response by stating the "United States has requested this information from Mr. Ebersole and will be producing any responsive information in the near future." In fact, Mr. Ebersole testified under oath at deposition that the "government took everything" on his hard drive regarding his expert report.

4

When pressed at the deposition by Mr. Bruno when this was produced, Mr. Mitsch could only state that he "assumed it had been produced," but he "personally" didn't know if it had been. (See Reply Exhibit 2).

As the Court can see, the defendant is playing games with the Plaintiffs and the Court.

### III.

### **THE DEFENDANT SHOULD FACE SANCTIONS FOR THEIR GAMESMANSHIP**

As proven in the attached emails, Robin Smith specified the materials that he wanted, over and above what was produced with the Plaintiffs' expert reports. (See Reply Exhibit 3). Interestingly, these requests were directed more towards across examination of the experts as opposed to a simple production of reliance materials. (See Reply Exhibit 4). Nonetheless, Plaintiffs complied with every request. Now the government feigns ignorance of what should be produced. This gamesmanship should not be tolerated by the Court, and with a trial date looming on April 20, 2009, the only recourse the Plaintiffs have to compel production is to seek a sanction of barring the expert from testifying for violating the Court's Order. Fed.R.Civ.P. 37 ( C)(1); Mems v. City of St. Paul, Department of Fire & Safety Services, 327 F.3d 771, 779-80 (8th Cir.2003); Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34-36 (1st Cir.2001), Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins., 412 F.3d 745 (C.A.7 (Ill.),2005.)

In measuring sanctions for violating the rules of pretrial discovery, as in other areas of the law, the punishment should fit the crime. Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir.2003)  Melendez v. Illinois Bell Telephone Co., 79 F.3d 661, 672 (7th Cir.1996); Bonds v. District of Columbia, 93 F.3d 801, 807-09 (D.C.Cir.1996).  This is apparent from the breadth of

the range of sanctions that the civil rules authorize for failure to disclose materials on which an expert's opinion is based. See Fed.R.Civ.P. 37 ( C)(1), incorporating by reference the list of sanctions in Fed.R.Civ.P. 37(b)(2)(A)- ( C).

This Court should grant the Motion to Compel, requiring the defendant to produce all of their experts' reliance materials as specified by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and the Court's Order dated October 9, 2008 within 72 hours; with their failure to do so subjecting it to the sanction of having the testimony of their expert barred.

## IV.

## CONCLUSION

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion to Compel.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

   /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 20th day of February, 2009.

                                               /s/ Joseph M. Bruno
                                               Joseph M. Bruno