UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES         CIVIL ACTION
CONSOLIDATED LITIGATION
                                      NO.: 05-4182

                                      SECTION "K"(2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237,
            05-6073, 05-6314, 05-6324, 05-6327, 05-6359,
            06-0020, 06-1885, 06-0225, 06-0886, 06-11208,
            06-2278, 06-2287, 06-2346, 06-2545, 06-3529,
            06-4065, 06-4389, 06-4634, 06-4931, 06-5032,
            06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
            06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
            07-0647, 07-0993, 07-1284, 07-1286, 07-1288,
            07-1289

PERTAINS TO: LEVEE

## MEMORANDUM IN OPPOSITION TO LEVEE PLAINTIFFS' MOTION TO DISMISS SEWERAGE AND WATER BOARD OF NEW ORLEANS

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans opposes Levee plaintiffs' Motion to Dismiss Claims Against Sewerage and Water Board of New Orleans. [Docs. 17506 and 17506-2]. This Court has original federal jurisdiction over Levee plaintiffs' claims against the Sewerage and Water Board of New Orleans under 28 U.S.C. § 1332(d)(2) pursuant to the Class Action Fairness Act ("CAFA") and under 28 U.S.C. § 1331 pursuant to the Rivers & Harbors Act, 28 U.S.C. § 403. This Court also has supplemental jurisdiction, 28 U.S.C. § 1367, over the claims against the Sewerage and Water Board of New Orleans and it would be an abuse of discretion not to retain it.

1

## I. INTRODUCTION

Levee plaintiffs contend this Court no longer has subject matter jurisdiction over the claims against the Sewerage and Water Board of New Orleans.[1] They contend independent subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, 28 U.S.C. § 1331, 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1711, 28 U.S.C. § 1331(1), 46 U.S.C. § 741, 46 U.S.C. § 752 and 46 U.S.C. § 740 no longer exists because of this Court's prior rulings on various motions. *See* Plf. Mem., pp. 2-8, doc. 17506-2. Levee plaintiffs invite the Court to dismiss their claims against the Sewerage and Water Board of New Orleans *without prejudice* pursuant to 28 U.S.C. § 1367(c)(3) and F.R.Civ.P. 41(b).

Plaintiffs are wrong. This Court retains jurisdiction over the Sewerage and Water Board of New Orleans under both 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act, and 28 U.S.C. § 1331, pursuant to the Rivers & Harbors Act, 28 U.S.C. § 403. Alternatively, even were the Court to determine that it does not have independent subject matter jurisdiction over the remaining claims, it should nonetheless retain and exercise its supplemental jurisdiction over the Levee plaintiffs' claims against the Sewerage and Water Board of New Orleans based on the factors set forth in 28 U.S.C. § 1367(c) and the principles of judicial efficiency, convenience, fairness and comity.

---

[1] The Sewerage and Water Board of New Orleans notes that at the same time plaintiffs argue there is no subject matter jurisdiction over the claims against it, they invoke the court's jurisdiction to obtain approval of the settlement of their state law claims against the several levee boards. The Sewerage and Water Board of New Orleans disagrees with plaintiffs and asserts the Court does have subject matter jurisdiction over the claims against it, however, should the Court find otherwise, there is no difference between the jurisdictional analysis of the claims against the Sewerage and Water Board and the analysis of the claims against the levee boards.

## II.  LAW AND ARGUMENT

### A.  This Court Has CAFA Jurisdiction Over the Levee Plaintiffs' Claims

This Court has independent subject matter jurisdiction over the Levee plaintiffs' claims against the Sewerage and Water Board of New Orleans under CAFA, 28 U.S.C. §1332(d)(2).  The Levee plaintiffs set forth five bases for independent federal subject matter jurisdiction in "Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint" (Doc. 7571), including CAFA jurisdiction.[2]  28 U.S.C. §1332(d)(2) provides

---

[2] In their motion to dismiss, in reciting the five bases for independent federal subject matter jurisdiction provided in their master consolidated class action complaint, Levee plaintiffs take liberties with the wording of their complaint.  For example, in the motion to dismiss, plaintiffs assert jurisdiction had been set forth in the complaint under "28 U.S.C. § 1331 **for claims asserted against the United States** pursuant to . . . 33 U.S.C. § 403 (Rivers and Harbors Act)" and under "28 U.S.C. § 1332(d)(2) **over claims asserted against diverse defendants** . . . ." *See* Plf. Mem., p. 2, doc. 17506-2.  (Emphasis added.)  Nowhere in the complaint are these jurisdictional bases qualified or limited to claims against a specific or a limited number of defendants.  Instead, the complaint provides, in pertinent part:

> 4.  The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), inasmuch as Plaintiffs' claims arise under the Constitution and/or laws of the United States, which statutory laws include, without limitation, . . . the Rivers & Harbors Act, 33 U.S.C. §§ 403 *et seq*.
>
> 5.  The Court also has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(d)(2), which vests original jurisdiction over the claims asserted herein based upon the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*.

[Doc. 7571, p. 3].  Nowhere in the complaint did plaintiffs assert that federal question jurisdiction is limited to claims against the United States or that CAFA jurisdiction is limited to claims against diverse defendants.  Plaintiffs have misconstrued their complaint for purposes of their dismissal motion.

"[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

Based on the Levee plaintiffs' allegations, this is a class action case in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. The Levee plaintiffs filed suit against a number of diverse defendants, Modjeski and Masters, Inc., Gulf Group of Florida, Inc., CSX Transportation Corporation, CSX Transportation, Inc., St. Paul Fire and Marine Insurance Company, and National Union Fire Insurance Company of Pittsburgh. Claims against some of those defendants have been dismissed (although the dismissals are not all final), but St. Paul Fire and Marine Insurance Company, a foreign defendant and the insurer of the Orleans Levee District and East Jefferson Levee District, remains a defendant in this case. Thus, minimal diversity still exists under 28 U.S.C. § 1332(d)(2). This Court has CAFA jurisdiction over this case notwithstanding the dismissal of certain diverse defendants.

Further, even if there were no longer any claims against diverse defendants, this Court retains CAFA jurisdiction. The Class Action Fairness Act changed the requirements for meeting diversity jurisdiction for class actions. "A case brought or removed under CAFA invokes this Court's diversity jurisdiction. Once this Court has diversity jurisdiction, subsequent determinations that the plaintiffs cannot establish the jurisdictional facts do not affect the continued jurisdiction of this Court." *Genenbacher v. CenturyTel Fiber Co. II,*

4

*LLC,* 500 F.Supp.2d 1014, 1017 (C.D. Illinois, 2007), *citing St. Paul Mercury Indemnity Company*, 303 U.S. 283, 58 S.Ct. 586 (1938).

Several federal district courts have concluded that case developments subsequent to removal do not alter the courts' CAFA jurisdiction, if jurisdiction was proper at the time of removal.  *See Davis v. Homecomings Financial*, No. C05-1466RSL, 2007 WL 905939 (D.Wash., Mar. 22, 2007) (slip copy); *Moniz v. Bayer A.G.*, 447 F.Supp.2d 31, 36 (D.Mass.2006); *Robinson v. Holiday Universal*, 2006 WL 470592 (E.D.Pa., Feb. 23, 2006); *Dinkel v. G.M.C.,* 400 F.Supp.2d 289, 294 (D.Me.2005). The Senate Report accompanying CAFA explained:

> [O]nce a complaint is properly removed to federal court, the federal court's jurisdiction cannot be 'ousted' by later events . . . . If a federal court's jurisdiction could be ousted by events occurring after a case was removed, plaintiffs who believed the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court . . . . [I]f subsequent events could unravel a federal court's jurisdiction, a defendant could prevail on the merits, only to have the federal court conclude that it lacks jurisdiction to enter a judgment.

S.Rep. No. 109-14 (1st Sess. 2005), 2005 U.S.C.C.A.N. 3, 2005 WL 627977, *70-71.

If CAFA jurisdiction is not lost in a removed case because of a change in status, there is no reason the result should be different in a CAFA case originally filed in federal court. When CAFA jurisdiction is proper at the time of filing, subsequent events such as the dismissal of non-diverse defendants do not destroy CAFA jurisdiction.

5

This Court has CAFA jurisdiction over the claims made against the Sewerage and Water Board of New Orleans and, on this basis alone, the Court should deny the Levee plaintiffs' motion to dismiss.

**B. This Court Has Federal Question Jurisdiction Over Plaintiffs' Claims Pursuant to the Rivers & Harbors Act**

This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331. The Levee plaintiffs asserted federal question jurisdiction arising under the Rivers & Harbors Act, 33 U.S.C. §§ 403 *et seq*. [Doc. 7571, Paragraph 4].

The only activity mentioned in the complaint arising under the Rivers & Harbors Act was the dredging of the 17th Street Canal. Levee plaintiffs assert the Sewerage and Water Board of New Orleans was negligent in seeking a permit and causing the canal to be dredged. [Doc. 7571, ¶¶ 86 and 87]. The asserted negligence claims against the Sewerage and Water Board of New Orleans for dredging the canal remain and therefore so does plaintiffs' basis for alleging federal question jurisdiction.

**C.     Alternatively, This Court Should Exercise Its Supplemental Jurisdiction Under 28 U.S.C. § 1367**

This Court has original jurisdiction over the claims against the Sewerage and Water Board of New Orleans. Accordingly, the Court need not conduct an analysis of its supplemental jurisdiction and the discretionary exceptions to supplemental jurisdiction. In the alternative, should the Court find original jurisdiction lacking, which is denied, the Court has supplemental jurisdiction and discretionary factors weigh strongly in favor of exercising

6

supplemental jurisdiction over the claims against the Sewerage and Water Board of New Orleans.

Subpart (a) of 28 U.S.C. § 1367 unequivocally gives this Court supplemental jurisdiction over the Levee plaintiffs' claims against the Sewerage and Water Board of New Orleans. Subpart (a) of 28 U.S.C. § 1367 reads:

> (a)  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1627(a).

The last sentence of subsection (a) overruled *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003 (1989), which had rejected the doctrine of pendant party jurisdiction.  The last sentence provides that supplemental jurisdiction includes claims that involve the joinder of additional parties, here the Sewerage and Water Board of New Orleans.  *See* NOTE, *The Adoption of §1367, Codifying "Supplemental" Jurisdiction*, following 28 U.S.C. § 1627 in United States Code Annotated.  Plaintiffs' suggestion that this Court lacks jurisdiction now over their claims against the Sewerage and Water Board of New Orleans is simply incorrect.

Subsection (c) of 28 U.S.C. § 1367 contains four exceptions by which a district court in its discretion may decline to exercise supplemental jurisdiction.  Subsection (c) of 28 U.S.C. § 1367 reads:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under sub-section (a) if –
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Levee plaintiffs argue this Court should decline to exercise supplemental jurisdiction because the Court has dismissed the claims over which the Court enjoyed original jurisdiction. As pointed out above, this is incorrect. Assuming *arguendo* that it were correct, however, the four factors enunciated in 28 U.S.C. § 1367(c) and considerations of judicial economy, convenience, fairness, and comity collectively support retention of supplemental jurisdiction.

This Court has discretionary power to adjudicate pendent claims after dismissing the federal claims that originally invoked its jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 1138-39 (1966*); Cinel v. Connick,* 15 F.3d 1338, 1334 (5th Cir. 1994); *Transource Int'l, Inc. v. Trinity Indus., Inc.*, 725 F.2d 274, 286 (5th Cir.1984). Although at one time the United States Supreme Court leaned heavily toward requiring a district court to dismiss pendent claims when the underlying federal claims had been dismissed, the Supreme Court now takes the position that a district court should decide

whether to retain jurisdiction based on considerations of judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988); *Rosado v. Wyman*, 397 U.S. 397, 404-05, 90 S.Ct. 1207, 1213-14 (1970); *Cinel*, 15 F.3d at 1334; *Guidry v. Bank of LaPlace*, 954 F.3d 278 (5th Cir. 1992).

In deciding whether to retain or decline supplemental jurisdiction, the district courts examine the four listed factors of 28 U.S.C. § 1367(c) together with the common law considerations of judicial economy, convenience, fairness, and comity. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008); *Parker v. Parsley Petrol. Co. v. Dresser Indus.*, 972 F.3d 580, 587 (5th Cir. 1992). The fact that one or two of the listed factors weighs in favor of declining jurisdiction is not the end of the inquiry. No single factor is dispositive and the statutory factors of 28 U.S.C. § 1367(c) and the considerations of judicial economy, convenience, fairness, and comity are considered on a case-by-case basis. *See Mendoza*, 532 F.3d at 346; *Parker*, 972 F.3d at 587; *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002).

1. §1367(c) Factors

The § 1367(c) factors weigh in favor of exercising supplemental jurisdiction. As shown above, this court retains original jurisdiction and the claims against the Sewerage and Water Board do not predominate over the claims over which the court has original jurisdiction. Further, even were all claims over which the court has original jurisdiction dismissed, the remaining factors support retention of jurisdiction: (1) the remaining claims against the Sewerage and Water Board of New Orleans do not raise novel or complex issues

of state law and (4) there are no exceptional circumstances or other compelling reasons to decline jurisdiction.

Plaintiffs concede that their "claims against SWB are hardly novel or complex. . . ." *See* Plf. Mem., p. 4, doc. 17506-2.  This weighs in favor of retaining supplemental jurisdiction in this Court.  *See, e.g., Sutton v.* Dorman, 176 Fed.Appx. 580 (5th Cir. 2006) ("Finally, it is clear that the district court had supplemental jurisdiction over the claims against Dr. Dorman.  *See* 28 U.S.C. § 1367.  Given the absence of any complex issues of state law and the advanced stage of the litigation, the district court did not abuse its discretion in retaining jurisdiction over those claims after dismissing the claims against the United States.)  *Also see Drake v. Laboratory Corporation of America Holdings*, 290 F.Supp.2d 352, 375 (E.D.N.Y. 2003)("The Court has considered all the factors . . . governing the retention of supplemental jurisdiction in the face of the dismissal of all federal claims, and concludes that the values of judicial economy, convenience and fairness weigh in favor of keeping the case in federal court, and that issues of comity would not be offended in exercising jurisdiction over the plaintiff's *basic, non-novel state law claims*") (emphasis added), *affirmed*, 458 F.3d 48 (2nd Cir. 2006).

Indeed, in *Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir. 1999), the Fifth Circuit noted that the absence of difficult state law questions can weigh heavily in favor of retaining jurisdiction.  And, in *Amedisys*, 298 F.3d at 447, the Fifth Circuit affirmed the district court's decision to retain supplemental jurisdiction, despite the dismissal of all federal claims.  The fact that the remaining issues in *Amedisys* were not complex, were well-

10

known to the Court, and were ripe for summary disposition (as is the case here) supported the district court's decision to retain jurisdiction.

No single factor weighs more heavily than another, and the courts are to look at the factors of judicial economy, convenience, fairness and comity in deciding whether to retain supplemental jurisdiction.

    2.    <u>Considerations of Judicial Economy, Convenience, Fairness, and Comity Weigh In Favor of the Exercise of Supplemental Jurisdiction</u>

In deciding whether to retain or decline supplemental jurisdiction, the district courts examine the four listed factors of 28 U.S.C. § 1367(c) together with the common law considerations of judicial economy, convenience, fairness, and comity. These factors are considered on a case-by-case basis. *See Mendoza*, 532 F.3d at 346; *Parker*, 972 F.3d at 587.

In *Amedisys*, 298 F.3d 434, when weighing the four listed factors of 28 U.S.C. § 1367(c), the Fifth Circuit noted that two of the four factors weighed toward declining jurisdiction (the second and the third factors), whereas the other two of the four factors weighed in favor of retaining jurisdiction (the first factor, the state claims are not novel or complex, and the fourth factor, there are no exceptional circumstances for refusing to retain jurisdiction, as here). But that observation did not end the Court's analysis. Instead, the Court went on to examine factors of judicial economy, convenience, fairness and comity to conclude that the district court had not abused its discretion in retaining supplemental jurisdiction. The Fifth Circuit wrote:

> The instant case has been pending for almost three years, the parties have taken numerous depositions, and the matter had progressed to the advanced stages of litigation with little left to

> do before trial. Further, as the trial court noted, it 'devoted many hours to reviewing [the parties'] memoranda, the attached exhibits and the record in this case; researching the legal issues involved; and reaching the decisions' in its comprehensive summary judgment ruling. Thus, the trial court had 'substantial familiarity with the merits of the case.' [Citations omitted.] We therefore determine that the principles of judicial economy, convenience, and fairness to the parties weigh heavily toward retaining jurisdiction.

*Amedisys*, 298 F.3d at 447  *Also see Batiste*, 179 F.3d at 228, ("[t]he familiarity of the district court with the merits of the Batistes' claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources . . . .")

Recently in *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc*., ___ F.3d ___ (5th Cir. 2009), 2009 WL 22876, the Fifth Circuit Court of Appeals examined whether it should exercise its supplemental jurisdiction over state law claims following the dismissal of all federal law claims. The *Brookshire* court noted as follows, "[o]ur case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case, that court has abused its discretion under 28 U.S.C. § 1367." *Id*., at 4. The Court of Appeals found the district court abused its discretion by declining supplemental jurisdiction over the state law claims noting that even if the case involved novel or complex state law issues, "the significant amount of judicial resources invested by the district court would lead us to find that the district court abused its discretion in remanding the case." *Id*., at 5; *see also Batiste*, 179 F.3d at 227-28 (the district court abused its discretion declining to exercise supplemental

jurisdiction due to the absence of any difficult state-law issue in the remaining claims and the court's intimate familiarity with the claims; the case had been pending in the district court for almost three years, produced more than sixteen volumes of record, resulted in numerous depositions and discovery disputes, and required significant consideration of multiple motions to dismiss claims or grant summary judgment); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir. 1991)(the district court abused its discretion because the claims presented no novel or especially unusual questions and the litigation in federal court had proceeded for four years and produced twenty-three volumes and thousands of pages of record, resulted in the preparation of a pretrial order exceeding two-hundred pages, over a hundred depositions, and nearly two-hundred-thousand pages of discovery production); *Mendoza*, *supra*, 532 F.3d at 346-47 (district court did not abuse its discretion in retaining jurisdiction after dismissal of claims over which it had original jurisdiction because state law issues were neither novel nor complex, the case against defendants had been pending for well over a year, the discovery deadline had passed, the parties had fully briefed defendants' motion for summary judgment, and even though there was a risk of duplicative litigation in state court); *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 456 (5th Cir.1996)(district court did not abuse its discretion in retaining jurisdiction because claims did not raise any novel or unsettled issues of state law, the lawsuit had been in litigation for more than two years, the trial date was less than a month away, the parties had already filed more than 300 pleadings,

most of the parties had already prepared extensive discovery disclosures, and summary judgment motions on behalf of defendants were pending.)[3]

Here, the factors of judicial efficiency, convenience, fairness, and comity weigh entirely in favor of this Court retaining supplemental jurisdiction. This case has been pending in this Court since 2005, having been filed within weeks of Hurricane Katrina. Hundreds of depositions have been taken, including depositions in the overlapping MRGO and Barge cases. The parties have engaged in voluminous written discovery and production in which an estimated one trillion pages of documents have been produced.

The Sewerage and Water Board of New Orleans has spent many hours preparing and filing a dispositive motion for summary judgment pending before this Court. *See Amedisys*, 298 F.3d at 447 (the Fifth Circuit affirmed the district court's decision to retain supplemental

---

[3] The analysis in deciding motions for voluntary dismissal under F.R.Civ.P. 41(a)(2) is similar. Under Rule 41, the courts, in assessing prejudice, accord importance to the stage at which the motion to dismiss is made. Where plaintiffs do not seek dismissal until a late stage and the defendant has exerted significant time and effort – as is the case here – the district court may in its discretion refuse to grant a motion for voluntary dismissal. *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 2000)(the timing of a motion for voluntary dismissal may also constitute plain legal prejudice, *e.g.*, when such a motion is filed at a late state in the proceeding or after an adverse ruling.) *Also see, e.g., Kramer v. Butler,* 845 F.2d 1291, 1294-95 (5th Cir.)(no abuse of discretion for district court to deny plaintiff's motion for voluntary dismissal where *habeas corpus* petition litigated for one year and full evidentiary hearing conducted "at significant expense to the state and federal governments"), *cert. denied*, 488 U.S. 865, 109 S.Ct. 168, 1988); *Pace v. Southern Express* Co., 409 F.2d 331, 334 (7th Cir.1969)(no abuse of discretion in denying plaintiff's motion to dismiss where case was pending one and one-half years before submission of motion, considerable discovery was undertaken, and defendant had briefed motion for summary judgment). Also, motions to dismiss "should be refused when a plaintiff seeks to circumvent an expected adverse result." *Oxford v. Williams Companies, Inc.,* 154 F.Supp.2d 942, 951 (E.D.Tex. 2001).

jurisdiction, despite the dismissal of all federal claims, where the remaining issues were ripe for summary judgment).

This Court, obviously, has "devoted many hours" to reviewing the parties' memoranda, the legal authorities and the myriad of issues and has rendered many dispositive decisions in the Court's "substantial summary judgment ruling[s]." Numerous procedural and dispositive motions have been authored, argued and decided. This Court set expert deadlines and the parties have expended millions of dollars in retaining and deposing those experts. The parties have completed discovery, briefing and submission of the issue of class certification. Everything necessary to have the class certification issue resolved is done and only awaits this Court's decision.

To say the least, this Court has "substantial familiarity with the merits of the case." *See Batiste,* 179 F.3d at 228 ("The familiarity of the district court with the merits of the Batistes' claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources.") On the other hand, the Civil District Court judge now presiding over the competing state court class action has done nothing of consequence that would give her any familiarity with the merits of the case.[4] Judicial

---

[4] Indeed, Judge Nadine Ramsey only took over this case within the last month upon the recusal of Judge Kern Reese by Order of Judge Robin Giarusso. *See Laurendine v. Orleans Levee District, et al*, No. 2005-11660 of Civil District Court for the Parish of Orleans, State of Louisiana. No discovery has been conducted there and no substantive motions have been filed or heard. Class certification has not been briefed and is not submitted for decision.

economy and fairness are not served by dismissing the Sewerage and Water Board at this advanced stage of the litigation to return it to square one in state court.[5]

Further, the proposed dismissal of the Sewerage and Water Board of New Orleans is premature. It does not end this case. First, Levee plaintiffs have indicated every intention of appealing many of this Court's rulings, including those dismissing the United States of America, and one or more of the dismissals may be overturned and the claims returned to district court. Second, the proposed limited fund class settlement with the levee boards and their insurers remains pending. Objections to the proposed limited fund settlement have been filed. And other parties are seeking to conduct settlement related discovery preceding the objection deadline. It does not serve judicial economy to dismiss the Sewerage and Water Board and banish it to state court when approval of the settlement may be denied and the

---

[5] The Sewerage and Water Board of New Orleans is uninsured and is footing the cost of its own defense. The customers of the Sewerage and Water Board, the people of New Orleans (ironically the very same people whose interests plaintiffs' counsel seeks to represent if a class is certified), provide the source of funding for that defense. If dismissed from federal court, without prejudice, the Sewerage and Water Board and the people of New Orleans will begin litigation again in a state court class action in its infancy. The people will incur the cost of retracing the steps of the past three years and throw away the money spent litigating in federal court. Because of this, if this Court were to grant plaintiffs' motion to dismiss, this Court should award the Sewerage and Water Board of New Orleans the reasonable attorneys fees and costs it expended in defending this action, especially those attorneys fees and costs spent in discovery and pleadings relating to the class certification issue. This Court enjoys discretion in conditioning plaintiffs' voluntary motion to dismiss on the payment of such attorneys' fees and expenses. *See, e.g., Coliseum Square Association, Inc., et al v. Department of Housing and Urban Development*, 2002 WL 31886808, * 4 (E.D.La. 12/18/02); *Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985); *Hinfin Realty Corp. v. The Pittston Co.*, 212 F.R.D. 461, 462 (E.D.N.Y. 2002)(courts often grant fee awards when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)). If the plaintiffs are unhappy with the conditions this Court imposes, they may decline the dismissal. *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 316 n. 1 (5th Cir. 2002).

federal court Levee litigation is not over. Third, there are approximately two hundred individual lawsuits pending, albeit stayed, against the Sewerage and Water Board of New Orleans in this Court. Levee plaintiffs' motion does nothing to resolve those suits and the issues presented will remain to be dealt with in federal court.

The Court and the parties, including the Sewerage and Water Board of New Orleans, have invested enormous time, money, energy and intellectual capital in reaching the current stage of the litigation. To permit the Levee plaintiffs to, in effect, throw away everything the parties and this Court have done would work a clear and unnecessary injustice particularly in light of plaintiffs having chosen *this forum*. Simply put, the factors of judicial economy, convenience, fairness and comity favor retaining supplemental jurisdiction over the claims against the Sewerage and Water Board of New Orleans.

### III. CONCLUSION

The Court should deny the Levee plaintiffs' Motion to Dismiss the Sewerage and Water Board of New Orleans. This Court has independent subject matter jurisdiction pursuant to CAFA and federal question jurisdiction. Further, even if this Court did not have independent subject matter jurisdiction, this Court should exercise its supplemental jurisdiction under 28 U.S.C. §1367. The state law issues in this case are neither novel nor complex. No exceptional circumstances or other compelling reasons exist for declining supplemental jurisdiction and judicial economy, efficiency, convenience, fairness and comity necessitate the Court's denial of the Levee plaintiffs' motion.

Respectfully submitted,

/s/ Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**CHARLOTTE JANE SAWYER  - #28493**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:    (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

# **CERTIFICATE**

I do hereby certify that on the 23rd day of February 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

/s/Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR.**

18