UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

NO.:  05-4182

SECTION "K"(2)

PERTAINS TO:  LEVEE

## MEMORANDUM IN OPPOSITION TO LEVEE PLAINTIFFS' JOINT MOTION TO DEFER RULING ON CLASS CERTIFICATION

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans opposes Levee plaintiffs' Joint Motion to Defer Ruling on Class Certification (doc. 17743).  Further delay in deciding class certification in this matter serves no true benefit to any of the parties involved nor do sufficient reasons exist to justify such delay under Rule 23 of the Federal Rules of Civil Procedure.  This matter has been pending before this Court for over three years and the issue of class certification has been briefed and submitted for decision. Deferment of this Court's ruling on class certification is inappropriate.

## I.  INTRODUCTION

Levee plaintiffs contend a determination on class certification is not proper at this time because "substantial events have transpired necessitating the deferral of a ruling" on their own Motions for Class Certification filed more than two-and-a-half years ago:  a settlement between levee plaintiffs and the East Jefferson and Orleans Levee Districts is still subject to this Court's final approval, the United States of America has been dismissed, the

1

Sewerage and Water Board of New Orleans has a motion for summary judgment pending and all other defendants have been dismissed.  Plaintiffs believe that these recent events are sufficient grounds to further delay a class certification determination under Rule 23. Defendant disagrees.

## II.  LAW AND ARGUMENT

Determinations on class action certification must be made "at an early practical time" under Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 23(c)(1)(A) (2009).[1]  The "early practical time" standard has been construed as the point in litigation as the "earliest pragmatically wise moment" in which a class action certification decision can be made.  *Berman v. Narragansett Racing Ass'n, Inc.*, 48 F.R.D. 333, 336 (D.C.R.I. 1969) ("The court's awareness of the nature of this action, the extensive passing of time since this action has been commenced, the steady and detailed motion practice regarding this case…suggest that now is the moment.").  Decisions on class certification should not be delayed absent a showing of a need to conduct additional discovery for the court to make a proper assessment of the ultimate propriety of class certification.  Wright, Miller & Kane, *Federal Practice and Procedure*, *Civil* § 1785.3 (3rd ed. 2005) ("A court will delay its ruling only if it finds that discovery would be useful or is necessary in making that determination.").

Contrary to plaintiffs' contention in its memorandum in support, the current posture of the case at bar warrants a decision on class certification.  A delay in class certification is

---

[1]  *See also* Walker v. World Tire Corp., Inc., 563 F.2d 918, 921 (8th Cir. 1977).

justified only in circumstances in which additional discovery is needed to decide the ultimate propriety of certifying the class. *Id.*   Even if plaintiffs had stated a desire for more discovery, that alone would not preclude the court from ruling on class certification.  *Id*.  Plaintiffs in this matter have not shown that more time for discovery is necessary for the court to make a complete assessment of class eligibility.  At the core, plaintiffs have not provided reasons sufficient to justify an indefinite delay in this Court's ruling on class certification.

The fact remains that the parties in this matter have conducted extensive discovery and plaintiffs filed their Motions for Class Certification over two-and-a-half years ago.  The parties have briefed the question of class certification and the issue is submitted for decision. Though plaintiffs warn this Court against "precipitous action,"[2] there is nothing "precipitous" about ruling on class certification nearly three years after plaintiffs filed their class certification motions.  More importantly and at this juncture, such a deferral may serve as a tactical maneuver to preserve a more advantageous outcome in parallel litigation pending in state court in Civil District Court for the Parish of Orleans.  Plaintiffs have not hidden their desire to pursue class action claims against the Sewerage and Water Board of New Orleans in state court.  Such use of a deferral is directly contrary to the spirit of Rule 23, namely that, when feasible, a certification decision should be made promptly.  Wright at § 1785.3. Moreover, the fact that the plaintiffs not only chose this Court as their preferred forum but also filed their Motions for Class Certification over two-and-a-half year ago is a clear

---

[2] Memorandum in Support, *supra* note 1, at II.

indication that the "earliest pragmatically wise moment" has indeed arrived.  No further delay in this Court's ruling on class certification is warranted.

The Sewerage and Water Board of New Orleans' Motion for Summary Judgment is pending before this Court.  If the court grants that motion, defendant's dismissal would render its opposition to the deferral of a class certification decision moot.  However, in the event summary judgment is denied, defendant would be unduly prejudiced by an indefinite deferral of the class certification decision.  Specifically, the high costs and burdens of delaying a certification decision, one that is ripe for decision at this juncture in the litigation, simply outweigh any of the reasons cited by plaintiffs in favor of deferral.  Most importantly, plaintiffs have requested an indefinite deferment of the decision of certification and the degree of prejudice suffered by defendant will thus only increase with the passage of time.

Because plaintiffs have not provided sufficient reason to defer a ruling on class certification and due to the current posture of the class certification issue, as well as the growing litigative burdens created for all parties if plaintiffs' motion were granted, any further delay of the class certification ruling is improper, inefficient, and adds to the expensive disposition of the action.

## III. CONCLUSION

The Court should deny Levee plaintiffs' Joint Motion to Defer Ruling on Class Certification.  Although plaintiffs cite the court's discretion to manage litigation to "facilitate the just, speedy, and inexpensive disposition of the case," defendant instead requests this Court use that authority for the proper reasons: to conduct efficient, less expensive, and

speedier litigation by not deferring a ruling on class certification.   Plaintiffs' motion, if

granted, would serve only to prolong litigation of this matter unnecessarily because a ruling

on class certification can be properly decided without further delay.

Respectfully submitted,

/s/ Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**CHARLOTTE JANE SAWYER  - #28493**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

## C E R T I F I C A T E

I do hereby certify that on the 23rd  day of February 2009, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of

electronic filing to all participating counsel of record.  I also certify that I have mailed the

foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

/s/Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR.**

5