UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL MRGO | § | |
| _____ | § | |

**UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFFS'
JOINT MOTION TO DEFER RULING ON CLASS CERTIFICATION**

In the latest chapter of their on-again/off-again quest to certify a class against the United States,[1] Plaintiffs seek to defer a ruling until *after* the Court has made a final ruling on the merits. The Court should reject Plaintiffs' request for deferral and deny their motion for class certification against the United States once and for all.

The supposed impetus for Plaintiffs' most recent request for deferral is this Court's order granting to Defendant WGI a summary judgment. Plaintiffs posit that "[o]bviously, the Court's grant of summary judgment will be reviewed," and argue that "if the court denies certification of the class, hundreds of thousands of individual complaints would have to be filed while the

---

[1] Plaintiffs first moved to certify a class on March 30, 2007.  *See* Doc. 3616.  Six months later, on the eve of an evidentiary hearing on the matter, Plaintiffs sought to defer a ruling on their motion.  *See* Doc. 8603.  Then, on November 20, 2008, Plaintiffs filed their "Amended and Restated Motion for Class Certification."  *See* Doc. 16497.  Now, just as their latest motion is ripe for denial, Plaintiffs seek yet *another* deferral.

1

appellate review process was undertaken." *See* Doc. 17743-2 at 4. The United States takes no position as to whether Plaintiffs are correct in their assertion that deferral of a ruling on their motion for class certification with respect to WGI would be justified under the circumstances.

In any event, the question whether a class should be certified against WGI has no bearing on whether a class should be certified against the United States. Indeed, Plaintiffs seek to certify a separate class against the United States—one which they define to include only those persons who "filed SF95 Forms." *Id.* at 3. And, as Plaintiffs have been forced to concede, the "tolling issue" that causes Plaintiffs such consternation with respect to their class allegations against WGI is simply not present with respect to the United States. *See id.* at 4 (conceding that class action allegations toll the statute of limitations "against all of the defendants *except the defendant United States of America*") (emphasis added).[2]

More significantly, Plaintiffs' request for another deferral would cause substantial prejudice to the United States. Plaintiffs ask that no ruling on class certification be made until after the Court of Appeals has completed its review of this Court's order granting summary judgment to WGI. But waiting until then would mean deferring the ruling on class certification with regard to the United States until after resolution of the merits of all of the claims in the MRGO track.[3] *See Cochran v. B J Servs.*, No. 00-31040, 2001 WL 502798, at *1 (5th Cir. Apr. 27, 2001) ("When an action involves multiple parties, any decision that adjudicates the liability

---

[2] Indeed, for those claimants who have presented valid claims to the U.S. Army Corps of Engineers which have not been finally denied in writing, the FTCA's six-month limitations period has not even begun to run. *See McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991).

[3] According to Case Management Order 7, no trial is even set for the MRGO track until July 13, 2009. *See* Doc. 12935 at 11.

2

of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge. . . ."); *accord McKethan v. State of Louisiana,* No. 02-30143, 2003 WL 1109133, at *2 (5th Cir. Feb. 19, 2003).

The Supreme Court has recognized the inherent prejudice associated with postponing class certification determinations until after the merits have been decided. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (finding "directly contrary" to Rule 23 a procedure that would permit a plaintiff "to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained"); *see also Kerkhof v. MCI Worldcom, Inc.*, 282 F.3d 44, 55 (1st Cir. 2002) (observing that the "opt out" provisions of Rule 23 "were intended to avoid situations in which class members could choose to join only when the judgment favored the class"); *Siskind v. Sperry Ret. Program*, 47 F.3d 498, 503 (2d Cir. 1995) ("A court is required of course to rule on status 'as soon as practicable after the commencement of an action. . . .' Fed.R.Civ.P. 23(c)(1). The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages."); *Hudson v. Chicago Teachers Union*, 922 F.2d 1306, 1317 (7th Cir. 1991) (holding that "the Federal Rules of Civil Procedure require that a class action seeking damages must be certified *before* a determination on the merits in order to prevent the inequitable practice of 'one-way intervention'"); *id.* (observing that the rationale against allowing "one-way intervention" has been applied by both the Supreme Court and the Seventh Circuit); 7AA Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1785.3 (recognizing "[t]he better general rule is that the court

cannot simply award class relief after adjudicating an individual claim").[4]

Because delaying a determination on class certification would be unfair to the United States—not to mention violative of Rule 23 and the Supreme Court's prohibition on "one-way intervention"—the Court should reject Plaintiffs' request to defer ruling and instead deny Plaintiffs' motion for class certification as it pertains to the United States.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General
        PHYLLIS J. PYLES
        Director, Torts Branch, Civil Division
        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch, Civil Division
        ROBIN SMITH
        Senior Trial Counsel, Torts Branch, Civil Division

        /s/ Jeffrey P. Ehrlich
        JEFFREY P. EHRLICH
        Trial Attorney, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C.  20044
        (202) 616-4448/(202) 616-5200 (Fax)
        Attorneys for the United States

---

[4] Indeed, Rule 23 provides that a court "*must* determine" whether to certify a class "[a]t an *early* practicable time." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). To underscore the importance of making an "early" determination, this Court's local rules now require plaintiffs to seek certification within 90 days of filing a complaint. *See* LR 23.1(B). Plaintiffs' proposal—which would have this Court wait to decide class certification until after deciding the merits—would plainly violate Rule 23. *See  Jimenez v. Weinberger*, 523 F.2d 689, 697 (7th Cir. 1975) ("[T]he text certainly implies, even if it does not state expressly, that [a class certification] decision should be made in advance of the ruling on the merits.").

## **CERTIFICATE OF SERVICE**

I, Jeffrey P. Ehrlich, hereby certify that on February 24, 2009, I served a true copy of the foregoing upon all counsel of record by ECF.

/s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH