**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ § | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| _____ § | | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'**
**MOTION TO COMPEL PRODUCTION OF**
**PLAINTIFFS' EXPERTS' RELIANCE MATERIALS**

Pursuant to Fed. R. Civ. P. 37(a)(1) and 26(a)(2), the United States moves to compel the production of all materials upon which Plaintiffs' experts relied in preparing their expert reports or crafting their opinions.

**PLAINTIFFS HAVE FAILED TO PRODUCE THEIR EXPERTS' RELIANCE MATERIALS**

Pursuant to this Court's Case Management Orders, Plaintiffs were required to comply with all the requirements of Fed. R. Civ. P. 26(a)(2)(B) in producing their expert reports, computer generated evidence, and any data or information upon which their experts relied in formulating their opinions on July 14, 2008.  *See* Revised Robinson Case Management Order 1, at 5 (Doc. 3603); Case Management and Scheduling Order No. 4 at 37; *cf.* June 3, 2008, Minute Entry at 3 (Doc. 13438-3).

After over half a year, Plaintiffs have still yet to fully comply with this requirement.  It has taken months of prying on the part of the United States to receive some unknown fraction of Plaintiffs' experts' reliance materials.  In their Reply to Defendant United States' Response to

1

Plaintiffs' Motion to Compel Discovery, Plaintiffs created the false impression that had fully complied with, and indeed had gone well beyond, the requirement of Rule 26 that they produce all their experts' reliance materials.  *See* Doc. 17827 at p. 5.  This claim is demonstrably false.  Plaintiffs' failure to produce these materials is evidenced by a parade of emails in which the United States repeatedly requested those materials and the Plaintiffs responded by producing some of the information considered by their own experts.  *See* Ex. A.   Furthermore, Plaintiffs' obdurate refusal to produce their experts' reliance materials over a period of half a year is plainly established the Declaration of Robin Doyle Smith and its supporting documents.  Ex. B.

Despite Plaintiffs' unwillingness to comply with this Court's order to produce expert reliance materials, the United States was doggedly persistent in attempting to obtain the reliance materials.  By means of example: two days after Plaintiffs produced their reports, the United States asked Plaintiffs' counsel for all the data upon which their Dutch experts relied.  *Id.* at 1-3.  After three more general requests for all of Plaintiffs' experts' reliance materials on July 21, August 6, August 7, and three specific requests for particular files the Dutch experts used, SWAN files, on September 4, September 23, and October 12, Plaintiffs finally produced the SWAN files, only a fraction of the Dutch experts' total reliance materials which were due in July on October 30.  *Id.*  Plaintiffs' failure to produce all their reliance materials on the date on which they were due, their refusal to ever produce all the reliance materials, and their constant and continuing stonewalling when the United States made specific, tailored requests for information, has resulted in months of prejudice to the United States.

Despite having requested all Plaintiffs' experts' reliance materials, United States has only successfully wrung a tiny trickle of the total volume reliance materials from Plaintiffs. The following list of information which was required to have been, but has not yet been produced to the United States, is by no means complete and serves merely as an illustration:

-the location, value, and course for all high water marks which Plaintiffs' expert, Dr. Paul Kemp, used to modify hydrographs which were given to the Dutch experts to use in their flow model, FINEL.

-the levee heights used in Plaintiffs' experts' FINEL surge model

-all documents and references indicating that using 80% wind reduction for cypress forest a scientifically appropriate value

-changes that were made to the boundary conditions of FINEL

-the wind fields that were used in the model which supplied the boundary conditions to FINEL

-the marsh elevations determined for the surge and wave modeling

-the values for stem rigidity and size used in a formula in Plaintiffs' Wave Report

- a CD of 266 photographs relied upon by Plaintiffs' expert Gary Shaffer

-the final report of a study conducted by two of Plaintiffs' experts, John Day and Gary Shaffer for a wetlands assimilation project in the Central Wetland Unit

-photographs reviewed by Plaintiffs' experts Shaffer and Duncan FitzGerald

-photographs reviewed to create Appendix E of Plaintiffs' expert report by Day and Shaffer

-the source of information for Appendix B of Plaintiffs' expert report by Day and Shaffer

-copies and specific citation for all maps referenced in Section 4.1 of FitzGerald's expert report : 1932 T-Sheets; 1890 Topographic Maps; "other historical data"; historical and current USGS topographic maps

-all maps used to create Figures 4.2-4.4 of FizGerald's expert report

*See* Ex. C.  The most recently requested information, however, represents only a fraction of the reliance information that has not yet been provided to the United States.

As this Court's recent order granting Plaintiffs' Motion to Compel Discovery makes patently clear, the production of reliance materials "is a <u>disclosure</u> requirement of Fed. R. Civ. P. 26(a)(2)(B)(iii) as implemented by the court's previous orders concerning expert <u>disclosure</u>."  (Doc. 17816) (emphasis in original).  As the Court noted, because expert reliance materials must be disclosed, specific requests by the United States under discovery are wholly unnecessary.  *See id.* ("These materials should have been produced by the United States to plaintiffs pursuant to the court's order almost two months ago, without any need for any separate <u>discovery</u> requests.") (emphasis in original).  The United States has endured months of having to make repeated discovery requests, to little or no avail; it is clear that Plaintiffs have yet to produce vast amounts of data upon which their experts relied.  Accordingly, the Court should order the Plaintiffs to finally fully comply with the Court's CMOs governing production of all of their experts' reliance materials.

Pursuant to L.R. 37.1E, the counsel for the United States, Robin D. Smith met and conferred with Plaintiffs' counsel on February 25, 2009.

For these reasons, the United States' Motion to Compel the Production of Plaintiffs' Experts' Reliance Materials should be granted.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch

        ROBIN D. SMITH
        Senior Trial Attorney

        _s/ John A. Woodcock_
        JOHN A. WOODCOCK
        Trial Attorney, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C.  20044
        (202) 616-4400/ (202) 616-5200 (Fax)
        Attorneys for the United States

Dated: February 26, 2009

## **CERTIFICATE OF SERVICE**

I, John A. Woodcock, hereby certify that on February 26, 2009, I served a true copy of the Memorandum in Support of United States' Motion Compel Production of Plaintiffs' Experts' Reliance Materials upon all parties by ECF.

       s/ John A. Woodcock
       JOHN A. WOODCOCK