# EXHIBIT

# 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| | § | |

DECLARATION OF ROBIN DOYLE SMITH

I, Robin Doyle Smith, declare as follows:

1. I am employed by the United States Department of Justice, Civil Division, as a Senior Trial Counsel and represent the United States in this case.

2. On July 14, 2008, Plaintiffs produced their expert reports, with appendices and curricula vitae.

3. On July 14, 2008, Plaintiffs did not produce all of the data and other information considered by their expert witnesses in forming their opinions.

4. On July 16, 2008, the undersigned Defendant's counsel contacted Plaintiffs' counsel via email and requested that Plaintiffs provide specific information and data relied on by Plaintiffs' Dutch experts. See Exh. 2 (Smith email to Bruno) at 1 to United States' Motion to Reconsider.

1

5. On July 20, 2008, Plaintiffs' counsel provided a memorandum from one of Plaintiffs' experts but did not produce the reliance information specifically requested on July 16. See *id.* at 24.

6. On July 21, 2008, the undersigned Defendant's counsel advised Plaintiffs' counsel that Plaintiffs' production was inadequate and further advised that "[w]e [*i.e.,* Defendant's counsel] have made production requests for all materials considered by your experts. Whatever information was provided by Kemp or Fitzgerald (or anyone else) to the Dutch should be provided. . . . If you provide those and the documents attached to them, then I will have the answer to my question." See *id.* at 24.

7. On August 6, 2008, the undersigned Defendant's counsel again contacted Plaintiffs' counsel to complain that Defendant "ha[s] not received the materials your experts relied on. . . . We need those materials ASAP. We are compiling a list of materials cited in the reports, but the list will not be exhaustive as the experts undoubtedly exchanged considerable materials between and among the group that are not specifically mentioned in the reports." See *id.* at 26.

8. On August 7, 2008, the undersigned Defendant's counsel again contacted Plaintiffs' counsel to provide "a list of the reliance documents and data that we have compiled. . . . Please note that this list and any other than [sic] we compile is based on our review of the reports and therefore is almost certainly not exhaustive of the disclosure requirement imposed by Rule 26(a)(2)(B)." See *id.* at 26.

9. On August 14, 2008, Plaintiffs' counsel contacted Defendant's counsel to ask "should I send discs from Bob Bea with requested information from the expert reports to you or someone else?" The United States instructed the Plaintiffs to FEDEX the materials to CACI. See *id.* (Warren email to McConnon) at 13.

10. On September 4, 2008, the undersigned Defendant's counsel reiterated that Defendant was "requesting specifically that [Plaintiffs' experts] provide all of the information and data that was used to set up their models. . . . [W]e do not have all of the SWAN input and output files that we need in order to replicate the SWAN modeling." See Exh. 6 (Smith email to Bruno) at 2.

11. On September 23, 2008, the undersigned Defendant's counsel transmitted to Plaintiffs' counsel a request that Plaintiffs' Dutch experts supply their "SWAN input files." See Exh. 2 (Smith email to Bruno) at 5 to United States' Motion to Reconsider.

12. On October 12, 2008, the undersigned Defendant's counsel again requested that Plaintiffs' Dutch experts supply their "SWAN input files." See *id.* (Smith email to Bruno) at 4.

13. On October 13, 2008, Plaintiffs' counsel promised that the requested SWAN files were "on their way, along with requested info from Fitzgerald." See *id.* at 4.

14. On October 29, 2008, Plaintiffs' counsel told Defendant's counsel to "[c]hill out," in response to a request for information and data considered by Plaintiffs' experts. See Exh. 7 to United States' Motion to Reconsider.

15. On October 30, 2008, Plaintiffs' counsel provided SWAN files and asked Defendant's counsel to "advise if this covers your request." See Exh. 2 at 23 to United States' Motion to Reconsider.

16. In January and February of 2009, Plaintiffs initially disclosed to Defendant numerous supplemental reports by their experts.

17. The supplemental expert reports produced by Plaintiffs in 2009 set forth new opinions and do not contain all of the data or other information considered by the experts in forming those opinions.

18. Without waiving its request that Plaintiffs produce all the data relied on by their experts, Defendant has on February 25, 2009, requested that Plaintiffs produce certain specified data and other information considered by Plaintiffs' experts in forming the opinions set forth in their supplemental reports. See *id.* (Smith email to O'Donnell and Bruno) at 31 thru 34 to United States' Motion to Reconsider.

19. During a telephone conference on February 25, 2009, regarding the United States' Motion to Compel Production of Plaintiffs' Expert Reliance Materials, counsel for the plaintiffs informed the undersigned for the defendant that the plaintiffs do not want all of the computer files relied on by the defendants' surge modeling expert.

20. Plaintiffs have not disclosed all of the data and other information considered by their experts in forming the opinions set forth in Plaintiffs' expert reports, nor have they produced all the data specifically requested by Defendants' counsel.

21. Defendant's preparation for trial has been materially handicapped by Plaintiffs' continuing failure—over a period of more than seven months—to provide all of the data and other information considered by their experts in forming the opinions set forth in Plaintiffs' expert reports.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 26, 2009.

_____
ROBIN DOYLE SMITH