UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.: 05-4182<br><br>SECTION "K" (2) |

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO:  LEVEE

STATEMENT OF UNDISPUTED MATERIAL
FACTS SUBMITTED IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT ON BEHALF OF THE PUBLIC
BELT RAILROAD COMMISSION FOR THE CITY OF NEW ORLEANS

The following material facts, established by the pleadings and the Affidavit of Wayne D. Wands, submitted contemporaneously herewith, are undisputed and support the Motion For Summary Judgment On Behalf Of The Public Belt Railroad Commission For The City Of New Orleans:

1. On September 11, 2004, a train derailment caused damage to Floodgate W-30 near the western sea wall of the Industrial Canal as alleged in Master Complaint, ¶s 132 – 133, and 253 – 257, which fact is not denied.

2. Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.

3. The damaged floodgate structure had not been repaired as of August 29, 2005.

4. The Floodgate repair project did not involve replacement of the floodgate itself. The damage was to a concrete monolith which supported the gate structure and the steel beam that the gate rolled on. Affidavit of Wayne D. Wands ("Aff."), Par. 7.

5. The Floodgate project involved common construction undertakings, and common materials and techniques. It did not involved unique or unusual construction methods, materials or designs. It was not a large construction project. It did not impose unusual mobilization or procurement problems. Aff., Par. 8.

6. Once the contract was awarded, mobilization occurred within approximately two weeks of the giving of notice to proceed, on June 22, 2005, with work to have begun on July 5, 2005. This confirms that the project and mobilization for it did not present unusual or difficult problems. Aff., Par. 8(a).

7. The contract for this repair project called for a completion date within ninety days of the commencement of work and the work could and should have been completed within that time frame. This also confirms that the project was not unusually difficult or time-consuming. Under ordinary working conditions, the work could have been completed in less than the ninety days allowed. Aff., Par. 9.

8. Contracts for projects of comparable size and complexity can be, and regularly are, specified, bid and awarded in much less than the period of more than nine months (from the date of the accident at issue on or about September 11, 2004 through the date of the construction contract, on or about June 15, 2005) which were actually consumed in this process. Aff., Par. 10.

9. Thus, this project proceeded at a pace that was much slower than industry practice in this community. Had the process of developing the necessary specifications and contracting for the project proceeded at a reasonable pace, the project could, and should, have been completed by the time Hurricane Katrina made landfall on August 29, 2005. Aff., Par. 11.

10. The project did not proceed at a pace consistent with industry practice in this community and, as a consequence, it was not completed by August 29, 2005. Aff., Par. 12.

                                    Respectfully submitted,

                                    HAMILTON, BROWN & BABST

                                    /s/ Galen S. Brown
                                    GALEN S. BROWN, T.A. (#3556)
                                    PAN AMERICAN LIFE CENTER
                                    601 POYDRAS STREET, SUITE 2750
                                    NEW ORLEANS, LOUISIANA 70130
                                    TELEPHONE: (504) 566-1805
                                    FAX: (504) 566-1569
                                    E-MAIL: gbrown@hamiltonfirm.net

                                    Attorneys for Defendant, Public Belt
                                    Railroad Commission for the City of New Orleans

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Statement of Undisputed Material Facts has been served upon all counsel of record by electronic notice via the court's CM/ECF system, or by placing same in the United States mail, postage prepaid and properly addressed, this 3rd day of March, 2009.

                                    /s/ Galen S. Brown
                                    GALEN S. BROWN