UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO DEFENDANT UNITED STATES' MOTION FOR RECONSIDERATION

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in opposition to the defendant United States' Motion to Reconsider, do state:

I.

The defendant United States seeks reconsideration of the Court's Order granting Plaintiffs' Motion to Compel, a motion that was brought to compel production of the defense experts' reliance materials that should have been previously produced pursuant to the Federal Rules of Civil Procedure, as well as a specific order dated October 9, 2008 that clearly specified that "Defendant's Expert Reports and Computer Generated Evidence shall be produced" on December 22, 2008. (Rec. Doc. 15841).

II.

The defendant United States cites no legal argument or precedent entitling it to the relief

it seeks. For this reason alone, the motion should be denied. But more importantly, the defendant United States arrogantly disregards the *Pre-Trial and Trial Procedures-Civil Case Section "K"* (Rec. Doc 3408-2) in which Judge Duval recognized that motions for reconsideration are "generally a waste of the Court's time," and "such motions are not even recognized in the Federal Rules of Civil Procedure." As such, Judge Duval specified that such a Motion for Reconsideration could be filed only upon seeking leave of Court to file.

As revealed in the record, the defendant United States again utterly disregarded one of Judge Duval's standing orders, and simply filed the present motion.

This Court should not tolerate such wanton disregard for the Court's orders, and should deny the motion.

### III.

The four dubious "reasons" that the defendant United States asserts entitle it to reconsideration are simply part and parcel of its strategy to delay production of its' expert materials until the last hour as the trial on the merits looms. Knowing full well that Dr. Westerink's materials would be voluminous, the defendant United States should have begun the steps necessary to produce the material in a timely fashion months ago, not only after the court ordered the production. The defendant's "catch me if you can" attitude regarding its discovery obligations is anathema to the professionalism espoused in Rule 26 of the Federal Rules of Civil Procedure.

### IV.

As established in the plaintiffs' opposition to the defendant's retaliatory Motion to Compel (Rec. Doc. 17913), the plaintiffs have produced all their expert's reliance materials

already, and are re-producing those materials in full in case the defendant has misplaced them.

Furthermore, Plaintiffs have undertaken the chore of identifying the date and manner of production for all of the items the defendant claims it has not received. Clearly then, the defendant's claim that some "prior practice of the plaintiffs" justifies its own dilatory conduct is a fallacy presented by the defendant to obfuscate the truth of its own contemptuous behavior.

V.

As will be established in a following pleading, Dr. Westerink's conclusions are the basis for other defense experts to base their opinions. When Dr. Westerink's inconsistencies were pointed out to him at deposition, he specifically indicated that he would need to re-evaluate his inputs and to even consider re-running his prior calculations. Only by evaluating Dr. Westerink's reliance materials can Plaintiffs get an accurate understanding of his errors. These errors, that are likely propagated through the other defense expert's analysis, provide additional insight into the lack of reliability of at least three other defense expert opinions.

That the defendant is dragging its feet on producing Dr. Westerink's reliance materials should not go unnoticed by the Court.

VI.

The contemptuous disregard of standing court orders by the defendant United States should be met with sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. But as the defendant is well aware, a finding of contempt will be of no consequence as the prejudice to the Plaintiffs' continues every day that Dr. Westerink's reliance materials are not produced. The Pre-Trial Order in the present case is due on March 31, 2009, with trial commencing on April 20, 2009. Plaintiffs still will have to evaluate the 783 gigabytes of information, whenever it is

produced, for it to be of any use.  Defendant's gamesmanship pays dividends for each day it delays.

The only viable sanction that can ameliorate the prejudice the defendant is inflicting would be to strike Dr. Westerink's expert report and testimony.  As such relief cannot yet be granted as it has not been requested, a motion seeking such a sanction will follow.

## VII.

Plaintiffs hope that the court will find the defendant United States in contempt, if for no other reason than to maintain the dignity of the Court in regulating the conduct of the parties before it.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, pray that the Court deny the defendant United States' Motion to Reconsider and find the defendant in contempt for its ongoing, willful disregard for the orders of the Court.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

　　/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 6th day of March, 2009.

                                              /s/ Joseph M. Bruno
                                              Joseph M. Bruno