UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 | |
| FILED IN: | 09-0145   *de la Houssaye* * <br> 09-0146    Bennett            * <br> * | SECTION "K"(2) | |
| PERTAINS TO: LEVEE | * <br> * | | |

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
### OPPOSITION TO MOTION TO REMAND
### OF AARON BROUSSARD AND PARISH OF JEFFERSON

**NOW INTO COURT**, through undersigned counsel, comes St. Paul Fire and Marine Insurance Company ("St. Paul") which respectfully submits this Opposition to the Motion to Remand filed by the defendants, Aaron Broussard and the Parish of Jefferson (hereafter collectively referred to as "the Parish"). The Parish presents no new arguments in its Motion and Memorandum in Support of Motion to Remand, and instead simply re-iterates and adopts Plaintiffs arguments and its arguments previously asserted in Case No. 07-3130, Rec. Doc. Nos. 18 and 38. In response, St. Paul adopts and incorporates by reference its original Removal in *Bennett* and *de la Houssaye* as well as its Opposition to Plaintiffs' Motion to Remand. (Case Nos. 09-0145, 09-0146, Rec. Doc. Nos. 1, and Case No. 05-4182, Rec. Doc. No. 17670).

I.   **FACTS AND PROCEDURAL HISTORY**

The facts and procedural history of this case were fully outlined in St. Paul's Opposition to Plaintiff's Motion to Remand and need not be re-iterated herein. However, it should be noted

that in the Parish's original opposition for remand it asserted, "upon information and belief, no similar class action has ever been filed in federal court." (Case No. 07-3130, Rec. Doc. No. 18, n. 2). However, contrary to this assertion there are several currently pending class action suits in this Court which name Jefferson Parish and/or Aaron Broussard as a defendant. *See Bealer, et. al v. Broussard, et. al.,* No. 07-9270; *Bealer v. U.S.,* No. 07-3612; *Sims, et. al. v. Board of Commissioners for the Orleans Levee District, et. al,* No. 06-5116. Jefferson Parish did not raise this issue directly in its current Motion to Remand, instead relying on its previously filed pleadings in Case No. 07-3130.

## II.  LAW AND ARGUMENT

The crux of the Parish's previous remand arguments is that the majority of the class plaintiffs and the "primary defendants" are citizens of Louisiana and, therefore, CAFA's local controversy exceptions apply. However, as fully outlined in St. Paul's Opposition to Plaintiffs' Motion to Remand, incorporated by reference herein, St. Paul is a "primary defendant" within the meaning of CAFA because its insurance policies provide the ***only*** source of recovery should plaintiffs prevail on their claims against OLD and EJLD. Moreover, Plaintiffs have named St. Paul as a direct defendant pursuant to La. R.S. 22:1269. Under these circumstances, St. Paul is the only genuine "target" of Plaintiffs' claims against the OLD and EJLD, and it is a "primary defendant" within the meaning of CAFA.

Jefferson Parish further asserts that St. Paul is "for all intents and purposes" an "identical party" to American Alternative Insurance Corporation ("AAIC") and that therefore, this Court's prior ruling which held that AAIC was not a primary defendant must control. (Rec. Doc. No. 17699, p. 2.). As was fully briefed in St. Paul's Opposition to Plaintiff's Motion to Remand, St. Paul is distinctly different from AAIC on a number of fronts.

In its Motion to Remand, Jefferson Parish asserts that AAIC was not a primary defendant because it has "a limited $4,000,000 policy on the Parish only and . . . has filed a Motion for Summary Judgment denying that any coverage is owed to the Parish based on plaintiffs' allegations." The Parish also asserts that because the Sewerage and Water Board of New Orleans ("SWB") did not have a cause of action for contribution or indemnity against the Parish's insurer, the SWB's reliance on AAIC as a primary defendant for purposes of CAFA jurisdiction was misplaced. (Case No. 07-3130, Doc. No. 18-2, ftn. 1).

Notably, none of these arguments apply to St. Paul. St. Paul's policies with respect to the OLD provide $1,000,000 in primary coverage and $9,000,000 in excess coverage. With respect to EJLD, St. Paul's policy provides $1,000,000 in primary coverage and $4,000,000 in excess coverage. Thus, St. Paul's potential exposure in this case is much larger than that of AAIC. Further, there is no suggestion that St. Paul has denied, or intends to deny, coverage in this matter as is evidenced by in the Settlement Agreement in *In Re Katrina Consolidated Action*, 05-4182, which this Court has preliminarily approved and which tenders St. Paul's policy limits under all of the policies noted above. (See Ex. 2 to Rec. Doc. No. 16647-2, Case No. 05-4182, Settlement Agreement). Moreover, unlike the SWB's previous Removal which argued that another co-defendant, AAIC, was a primary defendant for purposes of CAFA, here, St. Paul itself has removed the matter and asserted on its own behalf that it is a primary defendant.

## III. CONCLUSION

Jefferson Parish's Motion to Remand should be denied for the reasons fully briefed in St. Paul's Opposition to Plaintiff's Motion to Remand. St. Paul presents a distinctly different procedural and factual background than that of AAIC, the allegedly diverse "primary defendant" in the SWB's original removal in this matter. Here, St. Paul has substantially larger exposure

than that of AAIC, has not indicated any intent to deny coverage, and indeed as already tendered its policy limits in settlement of a related class action which would encompass the proposed class herein, and has specifically raised the issue of whether or not it is a primary defendant in its removal pleadings.

        Respectfully submitted,

/s/ Rachel A. Meese
RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
RACHEL A. MEESE, Bar #25457
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification; and that a true and correct copy of the foregoing pleading has been delivered either by facsimile, by hand delivery, or by placing same in the U.S. Mail, properly addressed and postage prepaid, to all counsel of record who are not registered to receive notice electronically, on this 10th day of March, 2009.

        /s/ Rachel A. Meese