**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
     CONSOLIDATED LITIGATION                    NO. 05-4182 "K" (2)

PERTAINS TO: INSURANCE/FORCED PLACE             Judge Duval
     Specific Case Nos. listed in Appendix A

                                    Magistrate Wilkinson

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

<u>**TABLE OF CONTENTS**</u>

Page

I.    INTRODUCTION ................................................................. 1

II.   PROCEDURAL BACKGROUND ........................................ 3

III.  THE POLICIES AT ISSUE ................................................. 3

IV.  THE DEFENDANTS ........................................................... 5

     A.    The Safeco Companies ............................................. 5

     B.    Balboa, Meritplan and Newport ............................... 6

     C.    The Involved Lloyd's Underwriters, Proctor Financial and Southwest Business Corporation ............................ 6

V.   ARGUMENT AND CITATION OF AUTHORITIES ............. 8

     A.    Standard of Review ................................................. 8

B.     Plaintiffs' Deficient Allegations Are Subject To Dismissal under Rule 8(a) and Rule 12(b)(6) ........................................................................ 9

    1.     Complaints Filed by the Bruno Law Firm ................................... 9

    2.     Complaints Filed by the Hurricane Legal Center ..................... 10

    3.     Complaints Filed by Jim S. Hall & Associates LLC ................ 12

    4.     Complaint Filed by the Becnel Law Firm LLC ........................ 13

C.     Plaintiffs Lack Standing To Assert Any Claims Against Defendants ................. 13

    1.     Plaintiffs are Not Named Insureds Under These Forced-Placed Policies ................................................................................... 14

    2.     Plaintiffs Lack a Legal Relationship with the Defendant Insurers .......... 14

    3.     *Stipulation Pour Autrui* Is Neither Pled Nor Applicable ......................... 15

        a.     Plaintiffs are Not Named as Additional Insureds in the Forced-Placed Policies, and Therefore, Cannot be Third-Party Beneficiaries to Those Policies Under Louisiana Law ...................... 17

        b.     The Policies do Not Contain a Clear Manifestation of Intent to Benefit Plaintiffs ............................................................... 17

            (i)     Safeco Policies ................................................. 18

            (ii)    Balboa, Meritplan and Newport Policies ......................... 20

            (iii)   The Involved Lloyd's Underwriters Policies ................... 23

        c.     That Plaintiffs May Incidentally Derive Some Benefit From the Forced-Placed Policies Does Not Evidence a *Stipulation Pour Autrui* ............................................................................... 30

    4.     In Parallel Hurricane Katrina Cases Examining Identical or Similar Forced-Placed Policies, Other Divisions of This Court Have Held That Borrowers Have No Standing To Assert Claims Under Forced-Placed Insurance Policies ........................................... 31

VI.    CONCLUSION ............................................................................................ 34

## I.     INTRODUCTION

This Joint Memorandum of Law in Support of Defendants' Motion to Dismiss is submitted on behalf of eight of the Insurance Carrier Defendants ("Insurer Defendants") named in the Forced-Placed Insurance Umbrella litigation before this Court ("FPI Umbrella").  To recover against the Insurer Defendants under the theories of liability asserted, plaintiffs must establish: (1) that they have a contract of insurance with defendants, and (2) that they have standing to recover damages for losses under the forced-placed policies.  Standing is an essential, threshold requirement that no FPI Plaintiff included in this Motion has satisfied.

The plaintiffs in the FPI Umbrella Suits at issue here, listed in Appendix A, are neither named insureds nor "insureds," as defined by the policies under which they have filed suit.  The FPI Plaintiffs are property owners whose mortgage lenders purchased forced-placed (also known as "lender-placed") insurance policies from the Insurer Defendants because plaintiffs allowed their homeowners insurance coverage to lapse for non-payment of premium and/or plaintiffs failed to provide their respective mortgage lenders with acceptable evidence of continuous insurance coverage of their property.  The mortgage lenders purchased the insurance coverage from the Insurer Defendants to protect the lenders' interests in the plaintiffs' property.  The *mortgage lenders*, and not the plaintiffs, are the insureds under the policies, and it is for the protection and benefit of the *mortgage lenders* that the Insurer Defendants issued these policies.

Plaintiffs' complaints should be dismissed because plaintiffs have no standing to assert any cause of action against any Insurer Defendants.  Specifically, (1) no FPI Plaintiff has any policy of insurance with the Insurer Defendants; (2) plaintiffs are not insureds entitled to recover damages for loss under any policy of insurance issued by any defendant; and (3) plaintiffs are not third-party beneficiaries of the forced-placed policies.  Without the requisite standing, plaintiffs

can not assert claims against defendants for breach of contract, violations of La. Rev. Stat. Ann. §§ 22:658, 22:658.2, and 22:1220, including claims for insurance bad faith, or any other cause of action contained within any of the complaints.  Accordingly, this Court should dismiss the FPI Umbrella cases listed in Appendix A in their entirety with prejudice.

Additionally, the majority of complaints filed under the FPI Umbrella fail to identify correctly the type of policy issued by the Insurer Defendants as forced-placed insurance, and none of the complaints admit that FPI Plaintiffs have no contract of insurance with any of the Insurer Defendants.  Although plaintiffs may erroneously claim that they have policies of insurance with defendants, this Court is not required to accept unwarranted deductions, legal conclusions or allegations unsupported by the facts.  *See, e.g., Rios v. City of Del Rio, Texas,* 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 181 (2006).[1]

The United States Supreme Court decision of *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), sets forth the standard applicable to this Motion to Dismiss.  The decision requires that complaints provide factual allegations that raise a right to relief that is neither speculative nor conclusory.  Plaintiffs' complaints must provide grounds demonstrating an entitlement to relief that is more than "labels and conclusions, and a formulaic recitation of a cause of action's elements," (*id.* at 1965) and the facts pled must "state a claim to relief that is plausible on its face."  *Id*. at 1974; *see also In Re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007); *In re Katrina Canal Breaches Consolidated Litigation,* 2009 WL 224072 (E.D. La. 7/26/09); *Graphia v. Balboa Ins. Co.,* 517 F.Supp.2d 854, 856 (E.D. La. 2007) (J. Vance).  None of the complaints against the Insurer Defendants has pled facts demonstrating

---

[1]     This Court may consider the copies of the insurance policies at issue a part of the pleadings because the policies are referred to in plaintiffs' complaints and are central to plaintiffs' claims.  *See* cases cited *infra* at page 4.

that any plaintiff's right to relief is above the speculative level, and this Court cannot accept conclusory allegations or assume a potential or hypothetical set of facts.

## II.     PROCEDURAL BACKGROUND

The plaintiffs to these suits were originally plaintiffs in other cases (*Abram*, C.A. No. 07-5205; *Acevedo*, C.A. No. 07-5199; *Abadie I,* C.A. No. 06-5164; *Abadie II*, C.A. No. 07-5112; *Aaron,* C.A. No, 06-4746; *Aguilar,* C.A. No. 07-4852; and *Alexander*, C.A. No. 07-4538). Following this Court's January 12, 2009 Order, the Court severed the claims of these plaintiffs, and they filed the amended complaints listed in Appendix A (the "Amended Complaints").[2]  The Court ordered that the suits be consolidated under the "Forced-Placed Insurance Umbrella" so that it could consider the claims of all the plaintiffs that are borrowers on forced-placed policies at one time.

## III.    THE POLICIES AT ISSUE

Plaintiffs do not attach to their complaints the policies referenced in their conclusory pleadings and for good reason—the policies demonstrate that their claims fail as a matter of law. These policies are "forced-placed," meaning the plaintiffs' mortgage lenders were forced to purchase the policy from the Insurer Defendants to protect their interest in the property as mortgage collateral when the plaintiffs failed to maintain insurance for their property according to the terms of their respective mortgage loan agreements.  This situation most commonly arises when borrowers such as the plaintiffs fail to pay their insurance premiums, and therefore, the insurance covering their property lapses.  The borrowers are then notified of the need to replace the lapsed coverage by their mortgage lenders, yet still fail to purchase insurance coverage for

---

[2]     The original mass joinders have all been dismissed by the Court via an order dated February 4, 2009.  The order dismissed all of the listed mass actions, including the seven listed here, "without prejudice as to all claims that have been reasserted via severed amended complaint, pursuant to the court's severance order."

the property.  The mortgage lenders then purchase insurance to protect their interest in the property.  These mortgage lenders are the only named insureds under the policies with the Insurer Defendants.  The FPI Plaintiffs do not pay premiums or any other monies directly to defendants, and they are neither named insureds nor additional insureds of the forced-placed policies purchased by their respective mortgage lenders.[3]

Filed contemporaneously herewith are exhibits organized by each Insurer Defendant with copies of the forced-placed insurance policies at issue in these suits.[4]  This Court may consider the copies of the insurance policies at issue a part of the pleadings because the policies are referred to in plaintiffs' complaints and are central to plaintiffs' claims.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *Riley v. Southwest Bus. Corp.*, 06-4884, 2008 WL 4286631 at *3 (E.D. La. Sept. 17, 2008) (Judge Vance); *see also Weiner, D.P.M., v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (stating that the policy behind considering critical material not attached to a complaint is to prohibit a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document upon which it relied).  It follows from these decisions that the policies central to plaintiffs' claims against defendants should be considered by this Court in connection with this Motion to Dismiss.

---

[3]     As discussed below, the law may be different when the borrower is specifically named as an additional insured in a "dual-interest policy."  Defendants filing this Motion include only those that issued policies that do not name borrowers as additional insureds or conditional additional insureds ("single-interest policies").

[4]     Because the policies are voluminous, they are being filed manually on disk, with an index to each Defendant's policies,

## IV.     THE DEFENDANTS

### A.     The Safeco Companies

The Safeco Companies refer to the family of companies that sell a variety of insurance products, including Safeco Financial Institutions Solutions' Portfolio Security Policies.   The Safeco entity that issued the forced-placed insurance policies at issue in the FPI Umbrella was General Insurance Company of America.   A purported Safeco entity has been named in 64 cases filed in the FPI Umbrella.[5]   Appendix A lists all of the forced-placed cases re-filed in January 2009 pursuant to the Court's order and lists the defendants named in each suit.[6]

---

[5]      Many of the complaints are deficient and subject to dismissal because plaintiffs have named as a defendant an entity that does not exist or the wrong defendant.   As a preliminary matter, it is entirely unclear which Safeco entity plaintiffs have sued.   In the HLC Amended Complaints, only "Safeco" is identified.   No such entity, however, exists.   The complaints filed by the Bruno firm (*see* Appendix A) identify "Safeco Insurance Company" as the Defendant/insurer.   Again, there is no such entity as "Safeco Insurance Company."   Only the two Hall Complaints name the correct entity, General Insurance Company of America, along with three entities that are non-existent or not correct in relation to these suits. *See, e.g., Savona v. Seabulk Mgmt., Inc.*, 1994 U.S. Dist. LEXIS 13813 (E.D. La., Sept. 29, 1994) (dismissal of claim was appropriate due to the fact that the wrong defendants were named, and plaintiffs were precluded from amending the complaint to correct the error due to the fact that "in so doing a party acquiesces in the federal court's jurisdiction.")

Similarly, in the HLC Amended Complaints, plaintiffs refer simply to "Balboa" and to "Meritplan."   There is no reference at all to Newport.   Each of the Bruno Amended Complaints severed from the *Abadie* mass actions refers simply to "Balboa Insurance Group," while also naming Meritplan Insurance Company and Newport Insurance Company.

[6]      In all of the suits that join multiple plaintiffs and defendants—*Emma & Lawrence Brock, et al. v. Safeco, et al.*, 09-2879 (former *Abram* plaintiffs, 07-5205), *AC & Ora Fields, et al. v. Safeco, et al.*, 09-2880 (former *Acevedo* plaintiffs, 07-5199), *Wayne Johnson, et al. v. Balboa Insurance Co., et al.*, 09-2614 (former *Aguilar* plaintiffs, 07-4852), and *Erica & Daniel Ross, et al. v. Proctor Insurance Co., et al.*, 09-2613 (former *Aaron* plaintiffs, 06-4746)—there is no "matching" of individual plaintiff to a particular defendant.   That information can only be obtained from information provided by plaintiffs' counsel outside any pleading. This deficiency alone is ground for dismissal under Fed. R. Civ. P. 8(a).

The Bruno Amended Complaints against Balboa, Meritplan and Newport exacerbate the matching problem because each plaintiff collectively named Balboa, Meritplan and Newport, without stating which of them supposedly insured that plaintiff's property.

### B.    Balboa, Meritplan and Newport

Balboa Insurance Company ("Balboa"), Meritplan Insurance Company ("Meritplan"), and Newport Insurance Company ("Newport") are insurance companies that issued insurance policies in Louisiana. Each sold insurance policies to mortgage lenders to protect the lenders' interests in properties subject to the lenders' mortgages. Balboa, Meritplan and Newport have been named in many of the amended complaints that have been collected under the FPI Umbrella, and which are subject to this motion to dismiss.

### C.    The Involved Lloyd's Underwriters, Proctor Financial and Southwest Business Corporation

Defendants, The Involved Lloyd's Underwriters (erroneously named and identified in plaintiffs' Amended Complaints as "Certain Underwriters at Lloyd's of London" and/or "Underwriters at Lloyds of London," and hereinafter collectively "Underwriters"), are comprised only of Those Certain Underwriters at Lloyd's, London who severally subscribed to the force-placed policies issued to the following Named Insured Mortgagees and attached as Exhibit C filed herewith:[7]

> 1. Fidelity Homestead Association;
> 2. Bank One Corporation;
> 3. HomeComings Financial Network, Inc.;
> 4. Washington Mutual Bank F.A.;
> 5. Standard Mortgage Company;
> 6. Litton Loan Servicing, LP;
> 7. Hibernia National Bank;[8] and
> 8. Novastar Financial.

---

[7]     The Involved Lloyd's Underwriters hereby expressly reserve their right to seek the dismissal of, and/or otherwise challenge, plaintiffs' Amended Complaints on the grounds that they have been improperly named and identified and/or improperly served.

[8]     Underwriters issued two Master Policies identified with Master Certificate Nos. FP-1431 and FL-0507 to Hibernia National Bank (the "Hibernia Policies"). The Hibernia Policies provide coverage to Hibernia in its capacity as assignee and/or subrogee of the mortgages issued by mortgagee, Dovenmuehle Mortgage.

Each individual and separate Master Certificate was issued to the individual Named Insured Mortgagees by a separate and distinct group of Underwriters as reflected in the respective policies. The Involved Lloyd's Underwriters have been named in seven cases filed in the FPI Umbrella, including several suits that join multiple plaintiffs and defendants without "matching" individual plaintiffs to particular defendants.[9]

Southwest Business Corporation ("SWBC") is a wholesale broker and is not an insurer. SWBC acts as a general agent or "Coverholder" for The Involved Lloyds Underwriters who subscribed to the force-placed policies issued to the following Named Insured Mortgagees: Standard Mortgage Company, Litton Loan Servicing, LP and Hibernia National Bank, as outlined above. SWBC has been named in 28 cases filed in the FPI Umbrella, including several suits that join multiple plaintiffs and defendants without "matching" individual plaintiffs to particular defendants.[10] Further, as SWBC is not an insurer and is, therefore, improperly named as a defendant in the FPI cases at issue, SWBC expressly reserves any and all rights it has under the policies and/or the law to challenge its particular inclusion as a defendant in the Amended Complaints at issue.

Likewise, Proctor Financial ("Proctor") is a wholesale broker and is not an insurer. Proctor acts as a general agent or "Coverholder" for The Involved Lloyds Underwriters who subscribed to the Novastar Financial Policy. Proctor is named as a defendant in the *Ross* matter (09-2613) which is an Amended Complaint in the *Aaron* matter (06-4746). Proctor, however, was not named as a defendant in the *Aaron* matter and, as such, expressly reserves all rights to challenge its inclusion in this lawsuit. Proctor further expressly reserves any and all rights it has

---

[9]     As outlined in Section III(A) above, this deficiency in and of itself is ground for dismissal under Fed. R. Civ. P. 8(a).

[10]    *Supra* fn. 9.

under the Novastar Policy and/or the law to challenge its inclusion as a defendant in the Amended Complaints at issue.

## V.    ARGUMENT AND CITATION OF AUTHORITIES

The FPI Umbrella complaints are subject to dismissal because they fail to satisfy the basic pleading requirements of Rule 8(a) and are inappropriate shotgun pleadings.   More importantly, however, even if plaintiffs were to cure that deficiency, they lack the requisite standing to pursue their claims against the Insurer Defendants.   Therefore, this Court should dismiss all of the Amended Complaints with prejudice.

### A.    Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face."  *See Twombly*, 127 S. Ct. at 1974; *In Re Katrina Canal Breaches Litigation,* 495 F.3d at 205.  The factual allegations must be enough to raise a right to relief above the speculative level.  *See Twombly* 127 S. Ct. at 1965.  Further, a pleading must contain something more than a statement of fact that merely creates a suspicion of a legally cognizable right of action. *Id.*  Following *Twombly*, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965.  In *Twombly*, the Supreme Court retired the "no set of facts" standard of review as overly favorable to deficient complaints in that it invited courts to speculate without regard to the actual facts established at the time of pleading.  *Flynn v. The CIT Group,* 294 Fed. Appx. 152 (5th Cir. 2008); *see also In Re Katrina Canal Breaches Litigation,* 495 F.3d at 205.  Under the *Twombly* standard, all the suits in the FPI Umbrella listed in Appendix A should be dismissed with prejudice.

**B.      Plaintiffs' Deficient Allegations Are Subject To Dismissal under Rule 8(a) and Rule 12(b)(6).**

Lawsuits have been filed in the FPI Umbrella by the Law Office of Joseph Bruno, Jim Hall & Associates, Becnel Law Firm, LLC, and the Hurricane Legal Center.  While each plaintiff firm's complaint is different, the basic allegations are the same.  Each complaint alleges that the Insurer Defendants are liable to plaintiffs for some combination of breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of La. Rev. Stat. Ann. §§ 22:658, 22:658.2, and 22:1220, including claims for insurance bad faith.  All the complaints either misstate the type of policies at issue or misrepresent to whom the forced-placed insurance policy was issued.  As explained in more detail below, these complaints are long on conclusory statements and short on factual allegations demonstrating that these plaintiffs are entitled to recover under forced-placed insurance policies issued to the named insured mortgage lenders, and not to any named plaintiff.  Here, plaintiffs' factual allegations do not "raise a right to relief above the speculative level."  *Twombly,* 127 S. Ct. at 1959.  As a result, the complaints cannot survive this motion to dismiss.

**1.      Complaints Filed by the Bruno Law Firm**

The Bruno Law Firm filed separate amended complaints on behalf of 173 plaintiffs who were previously part of the *Abadie I* (06-5164) and *Abadie II* (07-5112) suits.  Each complaint is identical aside from the party names and the property address.  Each asserts a claim against the insurer defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith, as well as claims for breach of contract and *actio in rem verso* against a mortgage company defendant.  These complaints do not even reference the forced-placed nature of these policies and are devoid of any factual allegations regarding any third-party beneficiary relationship.

-9-

Importantly, the Bruno complaints incorrectly allege that plaintiffs purchased homeowners insurance policies from the Insurer Defendant (*see* Bruno Complaint, ¶¶ VI, XXVI). This is demonstrably wrong, as evidenced by the attached policies. Second, the plaintiffs contend that the insurance coverage was in an amount based upon the estimated cost of replacing the home and its contents, an amount estimated by the Defendant insurer. (*See* Bruno Complaint, ¶ IX.) This, too, is plainly wrong, as the coverage amount is set by the mortgage lender, based on the amount of its financial interest in the property (i.e., the amount of the unpaid mortgage). No other detail is provided regarding the plaintiff or his/her relationship to the mortgage lender or the insurer.

### 2. Complaints Filed by the Hurricane Legal Center

The Hurricane Legal Center filed two Amended Complaints on behalf of 42 plaintiffs, *Emma & Lawrence Brock, et al. v. Safeco, et al.*, 09-2879 (former *Abram* plaintiffs, 07-5205) and *AC & Ora Fields, et al. v. Safeco, et al.*, 09-2880 (former *Acevedo* plaintiffs, 07-5199) (together the "HLC Complaints"). The HLC Complaints suffer from the same failures as those filed by the Bruno firm. The HLC Complaints make no reference to the forced-placed policies. Indeed, the HLC Complaints contain no details whatsoever about any individual plaintiff's claims. Further, the most basic allegations in the amended complaints are unsupportable. The plaintiffs contend that they each "had in effect a policy of property insurance on their property issued by defendant," (HLC Complaints, ¶ IV). This is plainly incorrect because these are forced-placed policies.

The HLC Complaints are also inappropriate "shotgun" pleadings as they contain no allegations specifying the relationship between any one plaintiff and any one defendant. Indeed, nowhere do the HLC Complaints allege how any defendant actually injured any plaintiff or

breached a contract.  Courts in the Fifth Circuit have long condemned "shotgun" pleadings similar to the HLC Amended Complaints. *See, e.g., S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) ("[T]his 'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged."); *Steib v. Lastrada Inn, Inc.*, No. 92-2204, 1993 WL 8302, at *9 (E.D. La. Jan. 11, 1993) ("Although the pleading rules in the Federal Rules of Civil Procedure are quite liberal, they cannot support 'shotgun' pleading.").   On this ground alone, the HLC Complaints are subject to dismissal.

Further, where the complaint "names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should generally be granted."  *Fraise v. Kelly*, No. 98-1863, 1998 WL 827387 at *2 (E.D. La. Nov. 24, 1998) (J. Berrigan) (citing *Morabito v. Blum,* 528 F. Supp. 252, 262 (S.D.N.Y. 1981)).   In this case, the allegations of the HLC Complaints repeatedly refer to "Defendant" or "the defendant" in the singular while multiple defendants are named in the caption.  Which "defendant" was responsible for the actions alleged is entirely unclear.  Since plaintiffs have "provided no basis for anyone, including the Court and Defendants, to ascertain why" defendants have been named, the Court cannot fairly determine whether plaintiffs have articulated a claim for relief that is plausible on its face.  *Id.* (citing *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976)); *see also Twombly,* 127 S. Ct. at 1974.

In a multi-defendant/multi-plaintiff case like this, each plaintiff must separately identify an unlawful action taken by each defendant (at a recognizable point in time) that caused the plaintiff to suffer an actual, identifiable injury.  *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1248, at 443-44 (2002) ("[I]n order to state a claim

for relief, actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged.  In particular, the requirements of Rule 10(b) that all separate averments or claims founded on separate transactions or occurrences are to be set out in separately numbered paragraphs, must be strictly complied with, or the pleadings will be found defective.").  The HLC Amended Complaints fail entirely in this regard as no plaintiff identifies who allegedly provided that plaintiff with insurance.  These deficiencies are grounds for dismissal.

### 3.    Complaints filed by Jim S. Hall & Associates LLC

The two new complaints filed by Hall & Associates, *Wayne Johnson, et al. v. Balboa Insurance Co., et al.,* 09-2614 (former *Aguilar* plaintiffs, 07-4852) and *Erica & Daniel Ross, et al. v. Proctor Insurance Co., et al.,* 09-2613 (former *Aaron* plaintiffs, 06-4746) (together "Hall Complaints"), fare no better than the other complaints.  While these complaints reference the forced-placed nature of the policies at issue, they incorrectly allege that the policies were issued to the plaintiffs. Hall Complaints ¶ III.   Other than this reference, these complaints simply incorporate the allegations in the original *Aaron* and *Aguilar* complaints.  These complaints make no mention of the forced-placed policies and contain no details about the individual claims. Additionally, as with the HLC Complaints, the Hall Complaints are inappropriate "shotgun" pleadings as they contain no allegations specifying the relationship between any one plaintiff and any one defendant, nor do they allege how any defendant actually injured any plaintiff or breached any insurance contract with the plaintiff.

### 4.     Complaint filed by the Becnel Law Firm LLC[11]

Like the suits filed by the other plaintiffs discussed above, *Danny & Deidre Howard v. Certain Underwriters at Lloyds and Southwest Business Corp.* 09-2611, is deficient and subject to dismissal under Rule 8(a).   The complaint incorrectly alleges that a homeowner's insurance policy was issued by the defendant insurers to the plaintiffs (*Howard* at ¶ 4) and that the insurer placed a valuation on the insured property and used that valuation to determine plaintiffs' premium (*Id.* ¶¶ 11-12).   This is demonstrably wrong, as evidenced by the attached policies. Further, as stated above, the coverage amount is set by the mortgage lender, based on the amount of its financial interest in the property (i.e., the amount of the unpaid mortgage).   These complaints do not even reference the forced-placed nature of these policies and are devoid of any factual allegations regarding any third-party beneficiary relationship.   No other detail is provided regarding the plaintiff or his/her relationship to the mortgage lender or the insurer.

### C.     Plaintiffs Lack Standing To Assert Any Claims Against Defendants

Aside from the pervasive pleading deficiencies in the Amended Complaints, plaintiffs' claims must be dismissed because plaintiffs lack standing to assert them in the first instance. They are not named insureds and there is no insurer-insured relationship between any plaintiff and the Insurer Defendants.   Finally, not a single complaint within the FPI Umbrella makes any allegations purporting to establish a *stipulation pour autrui* or any rights as a "third-party beneficiary" under the forced-placed insurance contracts. Based upon the applicable forced-placed policies and the allegations of the complaints, plaintiffs lack standing to bring a contract

---

[11]     One suit filed by the Becnel Firm was incorrectly labeled as a Forced-Placed Insurance case: *Shoun Evans v. National Lloyds Insurance Co.,* 09-2611.   This suit does not involve a forced-placed policy and is not subject to this motion.

claim, or any other claim, against the Insurer Defendants, and their complaints should be dismissed with prejudice.

### 1.   Plaintiffs are Not Named Insureds Under These Forced-Placed Policies.

While the complaints make the conclusory allegation that plaintiffs have policies of insurance with defendants, the plain wording of the forced-placed insurance policies included in the exhibits clearly establish that no plaintiff has any contract of insurance with any Defendant. No plaintiff listed in Appendix A is identified as a Named Insured, Additional Insured, or any other type of "insured" under any forced-placed policy issued by any Insurer Defendant.

### 2.    Plaintiffs Lack a Legal Relationship with the Defendant Insurers.

Louisiana Courts recognize that there is no legal relationship between a borrower and the insurer in a forced-placed insurance policy. *Kilson v. American Road Insurance Co.*, 345 So. 2d 967, 969 (La. App. 2d Cir. 1977). In *Kilson*, the court reviewed a forced-placed insurance policy and rejected a plaintiff/borrower's claim for coverage, finding "no rights under the policy which can be asserted by him." *Id.* Because there is no legal relationship, borrowers with single-interest forced-placed policies may not sue the insurers under those policies. *Lea v. Balboa Life & Cas. Ins. Co.*, No. 91-1896, 1992 WL 74591 (E.D. La. Apr. 9, 1992) (J. Schwartz).

In *Lea*, the plaintiff borrower, like plaintiffs here, attempted to recover from the insurer under a forced-placed policy. The court found the plaintiff had no coverage under the policy and rejected his direct claims against the forced-placed insurer. *Id.* at *3. In rejecting the plaintiff's efforts to seek coverage, the Court ruled "[t]he [plaintiffs] cite no authority which can be construed so as to lend any support for the proposition that property coverage forced-placed for the mortgagee's protection upon failure of the mortgagor to procure same should be 'equitably reformed' to include coverage for the mortgagor." *See id.* at *4; *see also Darby v. Proctor*

*Finan. Ins. Corp.,* 07-5847, 2008 WL 170046 (E.D. La. Jan. 16, 2008) (J. Porteous); *Jones v. Proctor Finan. Ins. Corp.,* 06-9503, 2007 WL 4206863 at *2 (E.D. La. Nov. 21, 2007) (J. Fallon).

 As in *Kilson* and *Lea*, the coverage under the forced-placed insurance policies here is for the protection of the mortgage lender's interest, and plaintiffs, who are neither named insureds or additional insureds, cannot sue under the policies because no facts have been alleged in any complaint that support any rights by any plaintiffs under any of the forced-placed insurance policies at issue.  "If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written.  The policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another."  *Graphia,* 517 F.Supp.2d at 857 (citing *Pareti v. Sentry Indem. Co.,* 536 So.2d 417, 420 (La. 1988)); *see also Riley*, 2008 WL 4286631 at *2; *Harrison v. Safeco Ins. Co. of Am.*, 2007 WL 1244268 at *4-5 (E.D. La. Jan. 26, 2007); *Lea,* 1992 WL 74591 at *3; *Schaeffer v. Balboa Ins. Co.*, __ So.2d __, 2008-1008, 2008 WL 5263776, at *3 (La. App. 4 Cir. 12/17/08); *Kilson*, 345 So. 2d at 969. Put simply, plaintiffs have no standing under the forced-placed insurance policies for any of the claims made in the FPI complaints.

  **3. *Stipulation Pour Autrui* Is Neither Pled Nor Applicable.**

 The theory of *stipulation pour autrui* cannot salvage plaintiffs' claims.  Notably, plaintiffs have failed, in any of the complaints, to plead facts sufficient to allege that they should be considered third-party beneficiaries under the forced-placed policies at issue.  The complaints simply allege that the plaintiffs had insurance contracts with the various defendants, which is refuted directly by the policies themselves.  None of the complaints allege that any part of the insurance policies is intended to benefit the plaintiffs, or even that there is a *stipulation pour*

*autrui* at all.  Even if plaintiffs were to amend their complaints to assert this theory in an attempt to salvage their claims, however, the theory has no application in this case.

A *stipulation pour autrui* is never presumed in Louisiana; rather, the party claiming the benefit must show that such a stipulation exists.  For a *stipulation pour autrui* to exist, (1) the stipulation in favor of a third party must be manifestly clear; (2) there must be certainty as to the benefit owed to the third party; and (3) the benefit must not be a mere incident of the contract between the promisor and the promisee.  *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006); *see also Graphia,* 517 F.Supp.2d at 858; *Riley*, 2008 WL 4286631 at *3.

Moreover, the third-party relationship must form the consideration for a condition of the contract.  *See In re Adoption of S.R.P.*, 555 So. 2d 612, 618 (La. Ct. App. 1989)*; see also DePaul Hosp. v. Mut. Life Ins. Co. of N.Y.*, 487 So. 2d 143, 146 (La. Ct. App. 1986) (a valid *stipulation pour autrui* must be in writing and clearly state an intention to confer a benefit upon a third party).  This Court has recognized these long-standing principles of Louisiana law.  *See Rowan Cos. v. Greater Lafourche Port Comm'n*, No. 05-30, 2006 WL 2228950, at *9 (E.D. La. Aug. 2, 2006) (The "contract must **explicitly provide** that the direct benefit to the third party constitutes consideration or the condition of the contract.") (emphasis added).  That is, it must be shown that, as a condition to entering into a contract of insurance, the Insurer Defendants and the mortgage lenders intended to provide a direct benefit to the third-party.

Notably, a Louisiana appellate court recently confirmed that *stipulation pour autri* does not apply in the context of a forced-placed policy.  *See Scheaffer v. Balboa Ins. Co.*, __ So.2d __, 2008-1008, 2008 WL 5263776 (La. App. 4 Cir. 12/17/08).  In *Scheaffer*, just as here, the plaintiff allowed his home insurance to lapse and his mortgage lender, Countrywide, purchased insurance

to protect its interest in the property.   The Louisiana Fourth Circuit Court of Appeal rejected plaintiff's contention that he was a third-party beneficiary to the insurance contract. Countrywide was the only insured under the policy, which contained the same policy language that is at issue here, and there was no direct benefit to the borrower under the policy.   The Court therefore affirmed the dismissal of plaintiffs' claims.   *Id.* at *4.

> a.      **Plaintiffs are Not Named as Additional Insureds in the Forced-Placed Policies, and Therefore, Cannot be Third-Party Beneficiaries to Those Policies Under Louisiana Law.**

The "proper means" to include a *stipulation pour autrui* in an insurance contract "is to **name** the third party as an additional insured."  *Nesom v. Chevron U.S.A., Inc.*, 633 F. Supp. 55, 58 (E.D. La. 1984) (emphasis in original); *see also St. Julien v. Diamond M. Drilling*, 403 F. Supp. 1256, 1259 (E.D. La. 1975) ("It is not uncommon to include a stipulation for the benefit of a third person in an insurance contract; the means used is to name the third party as an additional insured.").  Here, plaintiffs were not specifically named as additional insureds under the policies. Because the proper method of creating a *stipulation pour autrui* has not been utilized, the relationship does not exist, and the analysis should end here.   Plaintiffs' claims must be dismissed under Rule 12(b)(6) for failure to state a claim.  *See, e.g., Jones v. Proctor,* 2007 WL 4206863 at *3; *Harrison*, 2007 WL 1244268 at *5.

However, for the reasons outlined below, even if this Court is inclined to consider the three factors outlined by the Louisiana Supreme Court in *Joseph*, there can be no finding of a *stipulation pour autrui*.

> b.      **The Policies do Not Contain a Clear Manifestation of Intent to Benefit Plaintiffs.**

Regardless of the failure to name plaintiffs as additional insureds, as required, plaintiffs still cannot be considered third-party beneficiaries.   This analysis must begin with a review of the

purpose of any forced-placed policy.  Unquestionably, the purpose of a forced-placed policy is to provide coverage for residential or commercial property on which the mortgage lender does not have evidence of insurance coverage protecting its interest in the property.  As with all forced-placed policies, the mortgage lenders purchased coverage to protect their own security interest in the property, not to provide any sort of benefit for the borrower.  *See Riley*, 2008 WL 4286631 at *3; *Darby,* 2008 WL 170046 at *4; *Jones v. Proctor,* 2007 WL 4206863 at *2; *Lea,* 1992 WL 74591 at *3. The fundamental purpose and intent of a lender-placed policy therefore, is to protect and benefit the mortgage lender, not the borrower.

### (i)   Safeco Policies

Safeco seeks dismissal of the following plaintiffs in each of the former mass actions based on the fact that each plaintiff/borrower lacks standing to sue these forced-placed insurers under single-interest insurance policies issued to the plaintiffs' respective mortgage lenders:[12]

a.   The Hall Amended Complaints:  Bertha & Chris Ballard, Eirene Berard, Sonya Brown, Cheryl Cook, Alita Cusher, Lawrence & Betty Hamilton, Evelyn and Joseph Harrison, *Sylvester W. Lucien*, Carrie Milton, Linye & Robert Mitchell, Sr., Natalie B. & Anthony J. Price, Ida Mae Smith, Robin Watkins, Philip & Marietta Williams, Audrey Palmer, Theresa Robertson, Evangeline Brown, and *Karen Alfred*;

b.   The HLC Amended Complaints:  Emma & Lawrence Brock, Jerry & Elaine Honore, George McCray, Anthony Owens, John Quiette, Janis Wright, A.C. & Ora Fields, Janice Garcia, Cynthia A. Gibson, Morice Gibson, Kay Jackson, Tammi Lewis, and Andria Polk

---

[12]   Joseph Thomas (09-2583 and 09-2587), Sylvester W. Lucien (09-2613), Karen Alfred (09-2614), and Jacquelyn Ross (09-2618) (all in italic below) are listed as plaintiffs in their respective suits and have been identified by plaintiffs' counsel as having policies issued by a Safeco Company.  However, Safeco has been unable to identify any policies that insure properties owned by these individuals.  Undersigned has requested additional information from plaintiffs' counsel, such as policy numbers, but that information has not been provided.

c.      The Bruno Firm Amended Complaints:

| | | | |
|---|---|---|---|
| 09-2561 | Consuella Lee | 09-2621 | Angela Irvin |
| 09-2562 | Monica Jones | 09-2622 | Brenda Singleton |
| 09-2563 | Lee Ausama | 09-2623 | Tammie Jones |
| 09-2564 | Lordell Sheared | 09-2644 | Carol Nelson |
| 09-2565 | Henry Youngblood | 09-2645 | Roslyn Flot |
| 09-2566 | Twanda Coleman | 09-2646 | Tina Ball |
| 09-2567 | Bernadette Butler | 09-2647 | Ronald Rollins |
| 09-2568 | Lillie Jefferson | 09-2648 | Jerome Devezin |
| 09-2569 | Theresa Ross | 09-2649 | Louella Parnell |
| 09-2570 | Lester Gaines | 09-2650 | Larry Posey |
| 09-2571 | Lester Gaines | 09-2651 | Sherrel Harris |
| 09-2572 | Ida Smith | 09-2652 | Madiere Moore |
| 09-2573 | Odelia Condiff | 09-2653 | Isaac Miller |
| 09-2583 | *Joseph Thomas* | 09-2677 | Anthony Thomas |
| 09-2584 | Oliver White | 09-2678 | Gilda Crawford |
| 09-2585 | Gustavis Biagas | 09-2679 | Byron Johnson |
| 09-2586 | Celeste Ovide | 09-2680 | Janice Garcia |
| 09-2587 | *Joseph Thomas* | 09-2681 | John Jackson |
| 09-2588 | Francisco Blanco | 09-2682 | Cottie Irving |
| 09-2589 | Isadore Willis | 09-2683 | Dan Miller |
| 09-2595 | Darren Miller | 09-2684 | William Curran |
| 09-2596 | Mark Hollander | 09-2685 | Daniel Poulan |
| 09-2597 | Eddie Smith | 09-2686 | Betty Hamilton |
| 09-2598 | Kevin Fabre | 09-2687 | Aaron Smith |
| 09-2599 | Karen Harris & Sharon Lee | 09-2688 | Carl Severan |
| 09-2600 | Betty Price | 09-2689 | Ulyssis Bently |
| 09-2616 | Mable Temple | 09-2690 | Michelle Bailey |
| 09-2617 | Brenda Singleton | 09-2691 | Shakir Hameed |
| 09-2618 | *Jacquelyn Ross* | 09-2692 | Jeanetta Burton |
| 09-2619 | Juanita Dyer | 09-2693 | Pamela Finney |
| 09-2620 | Sylvia Jones | | |

The named insureds in the Safeco policies are fifteen mortgage lenders listed in Exhibit A (the Safeco Policies and an Index matching each plaintiff to a policy).  Notably, all of these policies are the same policy form:  SM 25 00/EF 09/96, entitled "Portfolio Security Policy."  *See* Safeco Exhibits.   The intent of these lender-placed policies is to protect the interest of the mortgage lenders, as evidenced by the following provisions:

- "You" and "Your" in the forced-placed policy refers to the Named Insured Mortgagee; Ex. A, p. 1 of 11, *See, e.g.,* Safeco 00042 (The 11 page "Portfolio Security Policies" are identical in each of the fifteen policies).

- "Eligible property" is property that "<u>you</u>" do not have evidence of fire insurance protecting "***your*** interest" as mortgagee, "mortgage servicing agent" or "owner due to foreclosure." *Id.*

- The forced-placed policy provides that the Limit of Liability on an insured location is "the amount of insurance ***you*** (the mortgage lender) request and report to us." *Id.*

- The policy further defines the Limits of Liability as "the amount of indebtedness to ***you***." *Id.*

- The borrower has no rights to cancel the policy.  Only the mortgage lender may cancel the policy. *Id.* at 7-8 of 11, *see, e.g.,* Safeco 00048-49.

- "We will adjust all losses with you (the mortgage lender).  We will pay you but in no event more than the amount of your interest in the 'insured location.'" *Id.* at 10 of 11, *see, e.g.,* Safeco 00051.

- No action by the "borrower" shall prejudice <u>your (the mortgage lender's)</u> rights under the policy*; Id.* at 11 of 11 (emphasis added), *see, e.g.,* Safeco 00052.

- This policy, including all endorsements and monthly reports, contain all agreements between you (the mortgage lender) and us.  *Id.*

- Only the mortgage lender can request coverage on an "eligible property." *Id.*

### (ii)     Balboa, Meritplan and Newport Policies

Balboa, Meritplan and Newport seek dismissal of the following plaintiffs in each of the former mass actions based on the fact that each plaintiff/borrower lacks standing to sue these lender-placed insurers under single interest insurance policies issued to the plaintiffs' respective mortgage lenders:

a.   The Hall Amended Complaints: Wayne Johnson, Lois Conway, Sandra Cummings, Roosevelt and Lynette Patterson, Daisy Voice-Perkins, and Meredith Williams.

b.   The HLC Amended Complaints: Stella Ford, Willie Baker and Patricia Jackson, Latonya Montegu, Joe Simpson, Keith Stevens, and Helen Stewart.

c.   The Bruno Firm Amended Complaints:

| | | | |
|---|---|---|---|
| 09-1600 | John Johnson J | 09-2705 | Lorraine Marshall |
| 09-1604 | Dianne Butler | 09-2706 | Barbara Wilson |
| 09-1610 | Matthew Williams M | 09-2709 | Joseph & Lakeysha Lane |
| 09-1611 | Michelle Johnson M | 09-2710 | Monique Forest |
| 09-1612 | Shirley Gaines | 09-2711 | Gayle Williams G |
| 09-1614 | Iolanda Johnson I | 09-2712 | Carl & Rita Severan |
| 09-1615 | Alice Wroten | 09-2713 | Angela Erve-Forbes, Neale & |
| 09-2582 | Angela Chalk | | Elaine Roberts |
| 09-2607 | David and Justine Perkins | 09-2716 | Valjon Lyons |
| 09-2625 | Gerald Russell | 09-2717 | Charlotte Lewis |
| 09-2630 | Dianne Butler | 09-2719 | Dana Clark |
| 09-2640 | Robert Booth & Nadedge | 09-2720 | Louis & Arnwessa Henry |
| | Wynden-Booth | 09-2723 | Keith & Lori Gonzales |
| 09-2642 | Charlie Burgess & Wanda | 09-2724 | Dave Richardson |
| | Shedd-Burgess | 09-2729 | Jean West |
| 09-2702 | Shelia Franklin | 09-2730 | James Hardy |
| 09-2703 | James Allen | | |

Most of the plaintiffs whose claims against Balboa, Meritplan and Newport are subject to dismissal have properties whose lender was the named insured under a lender-placed Mortgage Protection Policy issued by Newport to Countrywide Home Loans, Inc. ("Countrywide").[13] Under Newport policy no. MP4800-0100, the only named insured is Countrywide. *See* Declarations Page, Ex. B, N-00004, 33, 63, 91, 120. The borrower is not a named insured or an

---

[13]   Wayne Johnson, Lois Conway, Sandra Cummings, Roosevelt and Lynette Patterson, Meredith Williams, Stella Ford, Willie Baker, Patricia Jackson, Latonya Montegu, Joe Simpson, John Johnson, Dianne Butler, Matthew Williams; Michelle Johnson, Shirley Gaines, Iolanda Johnson, Alice Wroten, David and Justine Perkins, Gerald Russell, Dianne Butler, Robert & Nadedge Wynden-Booth, Charlie & Wanda Shedd-Burgess, Shelia Franklin, James Allen, Lorraine Marshall, Barbara Wilson, Joseph & Lakeysha Lane, Monique Forest, Gayle Williams, Carl & Rita Severan, Angela Erve-Forbes, Neale Roberts & Elaine Roberts, Valjon Lyons, Charlotte Lewis, Dana Clark, Keith & Lori Gonzales, Dave Richardson, Jean West, and James Hardy. Ex. B, N-00002, 32, 62, 90 and 118.

additional insured.  The intent of this lender-placed Mortgage Protection Policy to protect only

the interests of the mortgage lender is evidenced by the following policy provisions:

- The Definitions Section of the Policy states that the "words 'you' and 'your' refer to the financial institution shown as the NAMED INSURED in the Declarations." (emphasis original), Ex. B, p. 1 of 11, N-00005, 35, 64, 92, 121.

- Coverage under this section applies only to Residential Property for which you have an interest as a mortgagee. . ." *Id.*

- The lender-placed Policy limits recovery not to exceed "the **Net Loan Balance** at time of loss."  (emphasis original), Ex. B, p. 8 of 11, N-00012, 42, 71, 99, 128.

- A condition precedent to liability is that "**Your** [lender's] interest in the Covered property is impaired because of the covered loss."  (emphasis original), Ex. B, p. 9 of 11, N-00013, 43, 72, 100, 129.

- The borrower has no right to cancel the policy.  Only the mortgage lender may cancel the Policy.  Ex. B, p. 10 of 11, N-00014, 44, 73, 101, 130.

- Only the named insured lender can request coverage under the Policy.  *Id.*

- The Notice of Premium sent to each borrower after the lender purchased the policy states that the borrower is not insured under the Policy and is not to be paid any insurance proceeds:

   **THE POLICY PROTECTS THE MORTGAGEE'S INTEREST IN THE DESCRIBED LOCATION.  YOU ARE NOT AN INSURED UNDER THIS POLICY, AND YOU ARE NOT ENTITLED TO RECEIVE THE PROCEEDS FROM THIS POLICY IN THE EVENT OF LOSS OR DAMAGE TO YOUR PROPERTY.**  (emphasis original), Ex. B, N-00019, 49, 78, 106, 135.

The claims brought by certain additional plaintiffs[14] are barred by the Meritplan Lender

Single Interest Fire Insurance Policy issued to Saxon Mortgage Services, Inc., policy no. 6041-

0002.  That policy also establishes that the lender is the only named insured:

- The only named insured is Saxon Mortgage Services, Inc.  See, Declarations Page, Ex. B, M-00003, 19, 35, 50.

---

[14]     Daisy Voice-Perkins, Keith Stevens, Helen Stewart, Angela Clark, and Louis and Arnwessa Henry.  Ex. B, M-00002, 18, 34, 49.

- The Insuring Agreement states that "coverage will be limited to YOUR interest in individual RESIDENTIAL PROPERTY or COMMERCIAL PROPERTY. No coverage is provided for the interest of any other party of entity." (emphasis original), Ex. B, M-00005, 21, 37, 53.

- The Residential Property Fire Insurance Form Lenders' Single Interest Insuring Agreement explicitly states that the insurer agrees "to indemnify YOU [lender] for a LOSS, to the extent of YOUR insurable interest in such LOSS." (emphasis original), Ex. B, M-00007, 23, 39, 55.

- "The BORROWER is not an additional insured, and no coverage is provided for the BORROWER'S interest in the RESIDENTIAL PROPERTY." (emphasis original). *Id.*

- "YOU, YOUR, YOURS, means the entity shown on the DECLARATIONS PAGE of this Master Policy, under the caption of 'Named Insured,' which has an interest in real property as the direct result of a mortgage . . . ." (emphasis original), Ex. B, M-00005, 21, 37, 53.

- The coverage is limited "to only those mortgages on any PROPERTY in which YOU have an insurable interest . . ." (emphasis original), Ex. B, M-00006, 22, 38, 54.

- "WE will adjust each LOSS with YOU. WE will pay YOU." (emphasis original), Ex. B, M-00010, 26, 42, 58.

### (iii)    The Involved Lloyd's Underwriters Policies[15]

None of the policies provided to the mortgagees by the Involved Lloyd's Underwriters and listed in Section IV.C. above name the FPI Plaintiffs/borrowers as Named Insureds or Additional Insureds nor was there intent to create a contract with the borrowers. The sole purpose of those force-placed policies was to protect the lender's financial interest in the property pledged as collateral to a debt instrument. The policies are contracts to be enforced solely between the Named Insured Mortgagees and The Involved Lloyd's Underwriters.

---

[15]    The Involved Lloyd's Underwriters have made every effort to identify any and all applicable policies at issue under the FPI Umbrella. This notwithstanding, to the extent Underwriters have not yet been able to identify all policies involved based on the FPI Plaintiffs/borrowers' Amended Complaints, Underwriters hereby reserve their rights to assert any and all applicable defenses, including the defense of lack of standing, against any latter identified policies.

A.    The Fidelity Homestead Association Policy Form

Certain Involved Lloyd's Underwriters provide coverage to the Named Insured Mortgagee, Fidelity Homestead Association, through Master Certificate No. MSP0801000005 (the "Fidelity Policy").[16]  FPI Plaintiffs/borrowers, Samuel L. Morrison and Sharon Samuel, allege coverage under the Fidelity Policy in the HLC Amended Complaints.  However, the Fidelity Policy expressly provides that the definition of "you" and "your" refers "to the Named Insured Mortgagee shown on the Declarations."[17]  The Declaration lists "Fidelity Homestead Association" as the Named Insured and no reference is made to either Mr. Morrison or Ms. Samuel.

Moreover, the Fidelity Policy provides under the Loss Payment Condition, that Underwriters will "adjust all losses with you."[18]  Again, no reference is made to the FPI Plaintiffs/borrowers.  Similarly, any requests for coverage are to come solely from the Named Insured Mortgagee, not the borrower, and only the Named Insured Mortgagee may cancel the Fidelity Policy.[19]

B.    The Bank One, HomeComings Financial and Washington Mutual Policy Forms

Certain Involved Lloyd's Underwriters issued force-placed policies to Named Insured Mortgagees Bank One, HomeComings Financial and Washington Mutual.   FPI Plaintiff/borrower Ralph Amat alleges coverage under Master Certificate No. 1901-3337 issued

---

[16]    The Fidelity Policy is being filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.

[17]    *See* Form MSP 1000/0704, of the Fidelity Policy, p. 1.

[18]    *Id.* at p. 10.

[19]    *Id.* at p. 11.

to Bank One (the "Bank One Policy").[20]  FPI Plaintiff/borrower Mary Leicher alleges coverage under Master Certificate No. 1901-8293 issued to HomeComings Financial (the "HomeComings Policy").[21]  FPI Plaintiff/borrower Bernard Singleton alleges coverage under Master Certificate No. 1901-4145-001 issued to Washington Mutual (the "Washington Policy").[22]  The Bank One, HomeComings and Washington Policies contain identical language that expressly defines "insured(s)" to be the "assured named on the Declarations Page."[23]  In each case, only the lender is so named.[24]  No reference is made to the FPI Plaintiffs/borrowers on the individual Declarations Pages.  Moreover, the Insuring Agreement for each of these policies clearly states that:

I.   **Agreement**

We insure **you** and **your** legal representatives against **direct physical loss by or from flood** to the **insured property**. . . .[25]  (emphasis in original)

Further, each of the involved policies provide that the policy is a contract "between **you** and **us**…."[26]  (emphasis in original)  Most importantly, however, the General Conditions section of

---

[20]   The Bank One Policy is being filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.

[21]   The HomeComings Policy is being filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.

[22]   The Washington Policy is being filed manually on a disk as part of The Involved Lloyd's Underwriters' policies, Ex. C.

[23]   *See* Form FLD-11 (6/03), Section (II)(19) - Definitions, p. 3 of 19, of the Bank One, HomeComings and Washington Policies.

[24]   *See* Declaration Pages for the Bank One, HomeComings and Washington Policies, attached manually in The Involved Lloyd's Underwriters' policies disk.

[25]   *See* Form FLD-11 (6/03), Section (I) - Agreement, p. 1 of 19, of the Bank One, HomeComings and Washington Policies.

these policies provides  that "Regardless of the **insurable interests** of the **owner** or any other person or persons in the **insured property**, **you** are **our** sole **insured** under this **policy**."[27] (emphasis in original)  This limitation further is restated in both the Flood Insurance Deficiency Coverage Endorsement and Deductible Buy-Back Coverage Endorsements outlined these policies.  Moreover, additional policy provisions reinforce this position including the Loss Payment condition that provides that all loss payments will be made "directly to **you**…."[28] (emphasis in original)

      C.    <u>The Standard Mortgage, Litton Loan and Hibernia Bank Policy Forms</u>

Certain Involved Lloyd's Underwriters, through SWBC, provide force-placed coverage to Named Insured Mortgagees Standard Mortgage Company, Litton Loan Servicing, LP and Hibernia National Bank.  FPI Plaintiffs/borrowers Emile Armstrong, Jr., Laura Barthelemy[29], Kelvin Bush, Sr., Belinda Chism, Owanda Campbell, Oliver Comeaux, Sr., Stacey Davis, C.F. Finnie, Clarence Hunter, Danny Howard, Pam Pugh[30], Keith Riley, Sr., Calvin Martin, Deanne

---

[26]    *See* Form FLD-11 (6/03), Section (II)(25) - Definitions, p. 3 of 19, of the Bank One, HomeComings and Washington Policies.

[27]    *See* Form FLD-11 (6/03), Section (VII)(A) - Insurable Interest and Limit of Liability, p. 11 of 19, of the Bank One, HomeComings and Washington Policies.

[28]    *See* Form FLD-11 (6/03), Section (VII)(L) - Loss Payment, p. 15 of 19, of the Bank One, HomeComings and Washington Policies.

[29]    The Involved Lloyd's Underwriters do not have a force-placed policy that references Ms. Barthelemy as a Standard Mortgage Company borrower.  Rather, the borrower referenced is Mr. Donald Barthelemy.  On this basis alone, Ms. Barthelemy has no standing to pursue claims against Underwriters and/or SWBC.

[30]    Ms. Pugh asserts a claim for coverage under the Standard Mortgage Policy.  Although the Standard Mortgage Policy insures Standard Mortgage's interest in the property located at 2713 Dante Street., *i.e.*, the property referenced in Ms. Pugh's Amended Complaint (Civ. No. 09-22667), Ms. Pugh is not the referenced borrower associated with the Dante Street location described.  This fact alone warrants the dismissal of the Pugh Amended Complaint.

M. Marshall, Marvin J. Mercadel, Unel Mitchell, Patricia Thompson Noel, Henry and Barbara Williams[31], Debra A. Walker and Ernest Washington allege coverage under Master Certificate No. FP-1565 issued to Standard Mortgage Company (the "Standard Mortgage Policy").   FPI Plaintiffs/borrowers William Clayton, Dwayne Edwards, Christian Gregory, Irvin Hatcher, Joan Hyde, Percy Kelson, Barbara Lewis-Oliver, Scott Riley and Laura Waguespack allege coverage under Master Policy No. FP-1451 issued to Litton Loan Servicing, LP (the "Litton Policy").   FPI Plaintiff/borrowers Frank Davis, Jr. and Pamela P. Taylor allege coverage under Master Certificate No. FP-1431 issued to Hibernia National Bank (the "Hibernia Policy").  The Standard Mortgage, Litton and Hibernia Policies contain identical language.   None of the FPI Plaintiffs/borrowers outlined herein are named insureds and/or additional named insureds under these policies.[32]

The Standard Mortgage, Litton and Hibernia Policies provide coverage solely for the benefit of the respective Named Insured Mortgagees.  This fact is emphasized in the language of Endorsement No. 17, which states: "The loss will be covered up to **your** interest in the property at the time of loss and notification will be issued to the borrower that coverage protecting **only**

---

[31]     Mr. and Mrs. Williams assert a claim for coverage under the Standard Mortgage Policy. Although the Standard Mortgage Policy insures Standard Mortgage's interest in the property located at 14582 Tilbury Rd., *i.e.*, the property referenced in Mr. and Mrs. Williams' Amended Complaint (Civ. No. 09-2594), neither Mr. nor Mrs. Williams are the referenced borrowers associated with the Tilbury location described.  This fact alone is a basis for dismissal of the Williams' Amended Complaint.

[32]     The following FPI Plaintiffs/borrowers have been identified by plaintiffs' counsel as having policies issued by The Involved Lloyd's Underwriters and/or SWBC:  Mary Green (Civ. No. 09-2614), Michael Reed (Civ. No. 09-2614), Joann Howard (Civ. No. 09-2613), Dennis Price (Civ. No. 09-2613).   Notwithstanding the inclusion of the above-listed FPI Plaintiffs/borrowers, The Involved Lloyd's Underwriters have been unable to identify any policies that insure properties owned by these individuals.  Undersigned counsel has requested additional information from plaintiffs' counsel, such as a policy number, but that information has not been provided.

**your** interest has been placed on the property. . . ."[33]  Moreover, Standard Mortgage, Litton and Hibernia are the only Insureds listed on the Declaration Pages of the Master Certificates at issue.[34]  No reference is made to the FPI Plaintiffs/borrowers on these Declarations Pages. Rather, in each case, only the lender is so named.[35]

Further, none of the FPI Plaintiffs/borrowers are listed as Insureds and/or Additional Insureds on the individual Notices of Insurance associated with the Master Certificates as the sole purpose of these policies is to protect the respective lender's interest.[36]  Consequently, the FPI Plaintiffs/borrowers have no standing to pursue a claim against The Involved Lloyd's Underwriters and/or SWBC under the Standard Mortgage, Litton and/or Hibernia policies.[37]

D.     The Novastar Policy Form

Certain Involved Lloyd's Underwriters, through Proctor, issued a forced-placed policy to Named Insured Mortgagee Novastar Financial, identified with Master Certificate No. MP7001349 (the "Novastar Policy").  The Novastar Policy provided force-placed coverage to Novastar for the period December 7, 2004 to December 7, 2005.  This is the policy under which

---

[33]     *See* Automatic Coverage Provision, Endorsement No. 17, of the Standard Mortgage, Litton and Hibernia Policies.

[34]     *See* Declaration Pages of Master Certificate Nos. FP-1565, FP-1451 and FP-1431; attached manually in The Involved Lloyd's Underwriters' policies disk.

[35]     *Id.*

[36]     *See* Notices of Insurance produced in conjunction with Master Certificate Nos. FP-1565, FP-1451 and FP-1431; attached manually in The Involved Lloyd's Underwriters' policies disk.

[37]     *See Riley,* 2007 WL 2460986 (Court concluded there was no legal relationship between the plaintiff/borrower and the force-placed insurer as the borrower was not named as an additional insured and, therefore, not entitled to classification as third-party beneficiary); *see also Richardson v. Southwest Business Corp., et al.*, 2007 WL 4259300 (E. D. La. 2007) (Court dismissed plaintiff/borrower claims for lack of standing and rejected borrower's arguments that payment of insurance premiums for force-placed policy provides standing).

FPI Plaintiff/borrowers Tyrone Jones[38], Jerry Darby[39], Aline LaCour and Daniel and Erica Ross allege coverage.  The FPI Plaintiffs/borrowers outlined herein are neither insureds, additional named insureds, nor third-party beneficiaries to the Novastar Policy.  The Novastar Policy inures only to the benefit of the Named Insured Mortgagee, Novastar Financial.  The FPI Plaintiffs/borrowers, therefore, have no standing to pursue Underwriters and/or Proctor.

Pursuant to the Novastar Policy Conditions and Definitions, outlined in Endorsement No. 3, the policy "insures (but only in the event there is no other insurance applicable) the Lending Institution (the Insured listed on the Declaration Page) against direct loss resulting from destruction of or damage to insured property . . . " Novastar Financial is the only insured listed on the Declarations Page and none of the FPI Plaintiffs/borrowers are listed as Insureds and/or Additional Insureds.  Further, Condition No. 5 of the Novastar Policy states that a "Loss shall be adjusted with and made payable to the insured unless another payee is specifically named."  None of the FPI Plaintiffs/borrowers are identified as loss payees under the Novastar Policy.  This fact is further emphasized in Exclusion No. 2 of the Novastar Policy, which states that there is no coverage for "personal property of the owner or occupant."  Thus, the Novastar Policy is intended to protect only Novastar's own financial interest in property being pledged as collateral to secure a loan instrument.

---

[38]     Mr. Jones' previous *two* lawsuits seeking payment under the Novastar Policy were dismissed by orders dated November 21, 2007 and November 7, 2008 (Case No. 06-9503).  In that case, Hon. Judge Eldon Fallon of this Court held that Mr. Jones was neither an insured nor third-party beneficiary of the Novastar Policy.  Mr. Jones' currently pled claims must, therefore, be dismissed on basis of res judicata.  *See Jones v. Proctor,* 2007 WL 4206863.

[39]     Mr. Darby's previous lawsuit seeking payment under Novastar Policy was also dismissed. Hon. Judge G. Thomas Porteous, Jr. of this Court held, on January 16, 2008, that Mr. Darby was neither an insured nor a third-party beneficiary of the Novastar Policy.  Under the principles of res judicata, his claims must fail here as well.  *See  Darby v. Proctor Fin.  Ins. Co.*, 2008 WL 170046 (E.D. La. June 16, 2008).

All of the policy language discussed above underscores and embodies the clear purpose of the FPI Policies, to provide coverage for the mortgage lenders in order to protect their own security interests in the properties.  There is no language showing any clear intent to benefit the borrowers, as is required by the Louisiana Supreme Court in *Joseph*, 939 So. 2d at 1212, rather the opposite is true.  Therefore, no *stipulation pour autrui* has been established.

> **c.**   **That Plaintiffs May Incidentally Derive Some Benefit From the Forced-Placed Policies Does Not Evidence a *Stipulation Pour Autrui*.**

Any benefits obtained by plaintiffs from the policies are merely incidental benefits, which are insufficient to create a *stipulation pour autrui*.  To establish that a party is a third-party beneficiary, the benefit the third-party claims cannot be merely incidental to the contract between the promisor and promisee.  *See Joseph*, 939 So. 2d at 1214 ("A person may derive a benefit from a contract to which he is not a party without being a third-party beneficiary"); *Scaffidi & Chetta Entm't v. Univ. of New Orleans Found.*, 898 So. 2d 491, 496 (La. Ct. App. 2005) ("The fact that a third party may incidentally derive a benefit from a contract does not in and of itself mean that the contract contains a *stipulation pour autrui*.").

The policies in this case may be in some way beneficial to plaintiffs.  If the mortgage lender had not secured the forced-placed policies when plaintiffs defaulted on their respective loan agreements with the lenders, there would have been no money available to pay for damages to plaintiffs' property by Hurricane Katrina.  However, even where payments may be made directly to a third party under an insurance contract upon the claim of the insured, a *stipulation pour autrui* does not exist, and "any benefit ultimately received by [the third party] is a mere incident of the obligation owed the [insured]."  *Logan, et al. v. Hollier, et al.*, 424 So. 2d 1279,

1282 (La. Ct. App. 3rd Cir. 1982); *see also Graphia*, 517 F. Supp. 2d at 858; *Riley*, 2008 WL 4286631 at *3; *Kilson*, 345 So. 2d at 969.

As Judge Vance noted in *Riley*, the purpose of the forced-placed policy is to protect the lender's security interest in the property.  Thus, a borrower may gain some incidental benefit, yet he is not an intended beneficiary and is not entitled to enforce the contract in court.  *Riley*, 2008 WL 4286631 at *3.  While the policies at issue in this case do not name the borrowers as additional insureds, this Court has found that there is no third party benefit created even when the policy specifies that the borrower is considered an <u>additional insured</u> with respect to amounts paid over and above the lender's insurable interest in the property and where the amount to be paid under the policy is greater than the amount of the lender's interest.  *See Graphia*, 517 F. Supp. 2d at 857.

        **4.**       **In Parallel Hurricane Katrina Cases Examining Identical or Similar Forced-Placed Policies, Other Divisions of This Court Have Held That Borrowers Have No Standing To Assert Claims Under Forced-Placed Insurance Policies.**

Numerous judges within the Eastern District have addressed this question in similar cases.  Most notably, in a factually similar Hurricane Katrina case, Judge Barbier reached the conclusion that borrowers, like the plaintiffs in this case, have no rights under forced-placed insurance policies, because "no relationship exist[s] between Plaintiffs and the Defendant insurers."  *Harrison v. Safeco Ins. Co. of Am.*, 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007).  The *Harrison* case is directly on point.  Following Hurricane Katrina, several borrowers, whose lenders had obtained similar forced-placed coverage, sued several Safeco entities for alleged underpayment of claims.  Judge Barbier, analyzing insurance policies with essentially the same terms as the policies here, granted Safeco's motion to dismiss, holding that, "Plaintiffs have no standing to bring their claims against Defendants as Plaintiffs are not parties to any

insurance contracts with Defendants and because Plaintiffs are not the direct or third-party beneficiaries of the insurance contracts at issue." *Id.* at *4. Judge Barbier's well-reasoned opinion completely forecloses any attempt by plaintiffs to assert third-party beneficiary status under at least the Safeco policies and the other single-interest forced-placed policies with similar language.

In his opinion, Judge Barbier, consistent with the Louisiana law cited above, made several distinct holdings, each supporting defendants' contentions that a borrower whose lender has obtained a forced-placed insurance policy has no standing to assert claims against the insurer, including:

- "This Court finds that Plaintiffs have no standing to bring their claims against Defendants as Plaintiffs are not parties to any insurance contracts with Defendants and because Plaintiffs are not the direct or third party beneficiaries of the insurance contracts at issue." *Id.* at *4.

- "[T]here is no legal relationship between Plaintiffs and Defendants so as to permit the assertion of the claims brought in this lawsuit." *Id.* at *6.

- "Here, there is no clear manifestation in either policy that confers a benefit upon Plaintiffs. The policies at issue in this case were intended to benefit [the mortgage lenders] and particularly [their] interests in Plaintiffs' properties." *Id.* at *5.

- "Louisiana federal courts have determined that the 'proper means' to include a stipulation pour autrui in an insurance contract is to 'name the third party as an additional insured.' Plaintiffs were not named as such in either of the policies at issue in this case." *Id.* at *5-6 (citations omitted).

- "[T]his Court determines that Plaintiffs' payments made to their lenders in reimbursement for the insurance premiums do not create stipulations pour autrui." *Id.* at *6.

In short, Judge Barbier found that the *Harrison* plaintiffs had no standing to assert claims against Safeco under the forced-placed insurance policies. This Court should follow *Harrison* and dismiss plaintiffs' claims with prejudice. Other divisions of this Court have reached the same

conclusions. *See, e.g., Edwards v. Southwest Bus. Corp.*, 06-9881, 2008 WL 4372893 (E.D. La. Sep. 22, 2008) (J. Feldman); *Riley v. Southwest Bus. Corp.,* 06-4884, 2008 WL 4286631 (E.D. La. Sept. 17, 2008) (J. Vance); *Sanchez v. Certain Underwriters at Lloyds, London*, 07-4666, 2008 WL 687200 (E.D. La. Mar. 10, 2008) (J. Fallon); *Darby v. Proctor Fin. Ins. Corp.*, 07-5847, 2008 WL 170046 (E.D. La. Jan. 16, 2008) (J. Porteous); *Richardson v. Southwest Bus. Corp.*, 07-1142, 2007 WL 4259300 (E.D. La. Dec. 3, 2007) (J. Vance); *Jones v. Proctor Fin. Ins. Corp.*, 06-9503, 2007 WL 420683 (E.D. La. Nov. 21, 2007) (J. Fallon); *Graphia v. Balboa Ins. Co.,* 57 F.Supp.2d 854 (E.D. La. 2007) (J. Vance); *Riley v. Southwest Bus. Corp.*, 06-4884, 2007 WL 2460986 (E.D. La. Aug. 24, 2007) (J. Porteous); *Saunders v. State Nat'l Ins. Co.*, 06-9142, 2007 WL 2127574 (E.D. La. July 24, 2007) (J. Porteous); *Anderson, et al. v. Ace Am. Ins. Co., et al.,* 06-5485 (E.D. La. Mar. 7, 2007) (J. Berrigan); *see also Scheaffer v. Balboa Ins. Co.*, __ So.2d __, 2008-1008, 2008 WL 5263776 (La. App. 4 Cir. 12/17/08) (discussed infra at 16); *but see* the following pre-*Schaeffer* decisions that did find a third-party beneficiary relationship: *Lee v. Safeco Ins. Co. of Am.,* 08-1100, 2008 WL 2622997 (E.D. La. July 2, 2008) (J. Africk); *Navarrette, et al. v. General Ins. Co. of Am.*, 07-4865, 2008 WL 659477 (E. D. La. Mar. 7, 2008) (J. Engelhardt); *Peters v. Safeco Ins. Co. of Am.*, 07-5612, 2008 WL 544226 (E.D. La. Feb. 25, 2008) (J. Engelhardt); *Martin v. Safeco Ins. Co.,* 06-6889, 2007 WL 2071662 (E.D. La. July 13, 2007) (J. Barbier).

Defendants respectfully urge the Court to follow the well-reasoned *Harrison* and *Schaeffer* decisions to conclude that plaintiffs here, who are borrowers with forced-placed insurance policies, do not have a contractual relationship with the Insurer Defendants as insureds, additional insureds or as third party beneficiaries.  They therefore do not have standing to sue these defendants, and their claims should be dismissed with prejudice.

## VI.    CONCLUSION

For all the foregoing reasons, including the Argument and Citation of Authority cited herein, all the FPI Umbrella complaints filed against the Insurer Defendants should be dismissed in their entirety with prejudice.[40]

Respectfully submitted, this 10th day March, 2009.

>   /s/ Wendy Hickok Robinson
> Wendy Hickok Robinson (La. Bar No. 25225)
>    whrobinson@gordonarata.com
> Nina Wessel English (La. Bar No. 29176)
>    nenglish@gordonarata.com
> **GORDON, ARATA, McCOLLAM DUPLANTIS
>    & EAGAN, L.L.P.**
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana 70170-4000
> (504) 582-1111
> (504) 582-1121 (*Facsimile*)
>
> and
>
> Cari K. Dawson (Ga. Bar No. 213490)
>    cari.dawson@alston.com
> Daniel F. Diffley (Ga. Bar No. 221703)
>    DDiffley@alston.com
> (admitted *pro hac vice*)
> **ALSTON & BIRD LLP**
> 1201 West Peachtree Street
> Atlanta, Georgia  30309-3424
> (404) 881-7000
> (404) 881-7777 (*Facsimile*)
>
> **Attorneys for Safeco Insurance Company of
> America and General insurance Company of
> America**
>
> and

---

[40]    Defendant Insurers reserve their right to file additional motions to dismiss on other grounds, including but not limited to prescription, should this Motion be denied.  Defendants respectfully request that the Court not dissolve the FPI Umbrella until any such other motions that apply to multiple suits in the Umbrella are heard.

    /s/ Stephen W. Rider
Stephen W. Rider T.A. (La. Bar No. 2071)
Daniel T. Plunkett (La. Bar No. 21822)
**MCGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

**Attorneys for Defendants Balboa Insurance
Company, Meritplan Insurance Company And
Newport Insurance Company**

and


    /s/  Virginia Y. Trainor
Marshall M. Redmon (Bar #18398)
Virginia Y. Trainor (Bar #25275)
**PHELPS DUNBAR LLP**
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197

and

Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

**Attorneys for Defendants The Involved
Lloyd's Underwriters, Southwest Business
Corporation and Proctor Financial**

<u>C E R T I F I C A T E</u>

I hereby certify that on this 10th day of March, 2009, a copy of this **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was sent to counsel of record via the electronic filing system for the Eastern District of Louisiana.  A copy of this pleading has also been sent by United States mail, postage prepaid, to any counsel of record not registered to receive documents electronically.

_____/s/ Wendy Hickok Robinson_____

GAMDE-NO: 242017-1