UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| _____ | § | |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
UNITED STATES' MOTION TO COMPEL**

In their Opposition to United States' Motion to Compel Production of Plaintiffs Experts' Reliance Materials (RD 18057), Plaintiffs assert that they have produced all their experts' reliance materials. The exhibit attached to their opposition, however, clearly belies Plaintiffs' claim. For example, in response to twelve specific requests for production of reliance materials relied upon by Plaintiffs' expert, Johannes Vrijiling, Plaintiffs responded seven times that "to the extent that this data has not yet been produced, the data will be produced." (RD 18057-2 Ex. A at 5-6 (Letter dated March 6, 2009, from Rob Warren to Robin Smith and James McConnon)).

Furthermore, in that same Exhibit, Plaintiffs' expert Paul Kemp directly acknowledges that he did not provide all the information responding to another specific request of the United States. According to Dr. Kemp, information responding to that request "may be obtained from Dr. van Heerden," whom Plaintiffs have not even listed as an expert in this matter. *Id.* at 27. It is patently obvious that it is not the United States' obligation, under Fed. R. Civ. P. 26(a)(2), to make additional requests to a non-witness for information upon which Plaintiffs' experts rely. That is Plaintiffs' obligation, with which they have failed to comply.

In an even more blatant contravention of their obligation to produce all their expert

reliance materials, Plaintiffs only responded to *one* out of *ten* specific requests for reliance materials from their expert, Dr. Bea.[1]

These specific requests are only a fraction of the total reliance materials which Plaintiffs should have been produced almost seven months ago.  *See* Revised Robinson Case Management Order 1, at 5 (Doc. 3603); Case Management and Scheduling Order No. 4 at 37; *cf.* June 3, 2008, Minute Entry at 3 (Doc. 13438-3).  While Plaintiffs complain that the United States has failed to produce Dr. Westerink's input and output files, they themselves have failed to produce similar files of their own experts.  Both the United States and Plaintiffs have retained experts to analyze Hurricane Katrina's storm surge using computer models.  The United States retained Dr. Westerink who analyzed Katrina's storm surge using a computer program, ADCIRC.  The Plaintiffs retained Dutch experts which similarly used a computer program, FINEL, to model Katrina's surge which is based on the same basic method of analysis, the finite element method, as Dr. Westerink's ADCIRC program.[2]  As ADCIRC has input and output files, so too does the Dutch experts' program FINEL.[3]  Yet, the Plaintiffs have never produced all the input and output

---

[1] The United States' ten requests are set forth in Exhibit 1. *See* Ex. 1 attached hereto (Expert Reliance Materials Needed Dated March 3, 2009).  Plaintiffs' one response to those requests is documented on RD 18057-2 Ex. A. at 2.  These specific requests are only a part of the total reliance materials on which Dr. Bea has relied, but has yet to be produced by Plaintiffs.  For example, Bea's recent deposition testimony shows that Plaintiffs have not provided all his reliance materials to the United States.  *See* Ex. 2 attached hereto (Dep. of Dr. Robert Bea, 02/27/09, 756:2-756:14).

[2] According to Plaintiffs' Experts' report, "In FINEL this system of equations is solved with a robust numerical finite element method, which can easily handle drying and flooding." *See* Ex. 3 attached hereto (L. De Wit et al., *Flow Modeling New Orleans– Mississippi River Gulf Outlet* 5 (Final Report) (June 23, 2008)).

[3] For example, wind fields are an input file to ADCIRC.  These files are currently being produced by the United States.  They are likewise an input to FINEL.  *See* Ex. 3 attached hereto (L. De Wit et al., *Flow Modeling New Orleans– Mississippi River Gulf Outlet* 11 (Final Report) (June 23, 2008)).  The United States made a specific request for these wind fields.  *See* Ex. 1

files for FINEL.[4]  Nor have they produced all the input and output files for their flooding analysis which is run on a different computer model, SOBEK.[5]

These files are long past overdue.  As stated in the United States' Motion to Compel Production of Plaintiffs' Experts' Reliance Materials (RD 17913), they were required to have been produced on July 14, 2008, were specifically requested by the United States a week later, and have not yet been produced to the United States.

In their Reply to United States' Motion to Compel Production of Plaintiffs Experts' Reliance Materials, Plaintiffs echo the same refrain of falsity they have made in their prior submissions to the Court: that they have produced all of their expert reliance materials.  Having so asserted in their Reply to Defendant United States' Response to Plaintiffs' Motion to Compel Discovery, *see* RD 17827 at p. 5,  Plaintiffs refused to change their tune in their more recent

---

attached hereto (Expert Reliance Materials Needed Dated March 3, 2009).   Plaintiffs responded in Exhibit A in their Opposition to Defendant United States' Motion to Compel that "to the extent, if any that this data was not produced, the data will be produced."  (RD 18057-2 Ex. A. at 2).

[4]  After receiving Plaintiffs' Opposition to Defendant United States Motion for Reconsideration (R.D.  18056) counsel for Defendant caused a diligent search to be made of all the materials produced by Plaintiffs in an effort to ascertain whether Plaintiffs had produced the FINEL input and output files.  *See* Ex. 4. attached hereto (Declaration of James F. McConnon Jr.).  No record of the production of these files was located.  *Id.*  Additionally, the United States by email asked Plaintiffs to identify when they were produced, but Plaintiffs did not respond.  *See* Ex. 5 attached hereto (email dated March 6, 2009, from Jim McConnon to Rob Warren).

[5]"The FINEL model is based on the same principles as the SOBEK model which is used in the flooding study carried out in 2007."  Ex. 3 attached hereto (L. De Wit et al., *Flow Modeling New Orleans– Mississippi River Gulf Outlet* 5 (Final Report) (June 23, 2008)).  After receiving Plaintiffs' Opposition to Defendant United States Motion for Reconsideration (R.D. 18056) counsel for Defendant caused a diligent search to be made of all the materials produced by Plaintiffs in an effort to ascertain whether Plaintiffs had produced the SOBEK input and output files.  *See* Ex. 4. attached hereto (Declaration of James F. McConnon Jr.).  No record of the production of these files was located.  *Id.*  Additionally, the United States by email asked Plaintiffs to identify when they were produced, but Plaintiffs did not respond.  *See* Ex. 5 attached hereto (email dated March 6, 2009, from Jim McConnon to Rob Warren).

Reply to Defendant United States' Motion to Compel, despite having themselves documented that they have yet to produce all their experts' reliance materials. Even the most cursory inspection of Exhibit A which was filed with their Reply plainly demonstrates that Plaintiffs have not produced all their experts' reliance materials. The United States is not only entitled to the production of the items it specifically requested, but all of Plaintiffs' experts' reliance materials. This Court should accordingly compel their production.

The United States Motion to Compel the Production of Plaintiffs' Experts' Reliance Materials should be granted.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch

        ROBIN D. SMITH
        Senior Trial Attorney

          s/ John A. Woodcock
        JOHN A. WOODCOCK
        Trial Attorney, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C.  20044
        (202) 616-4400/ (202) 616-5200 (Fax)
        Attorneys for the United States

Dated: March 10, 2009

## **CERTIFICATE OF SERVICE**

I, John A. Woodcock, hereby certify that on March 10, 2009, I served a true copy of the Reply to Plaintiffs' Opposition to Defendant United States' Motion to Compel upon all parties by ECF.

 s/ John A. Woodcock
 JOHN A. WOODCOCK