UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO. 05-4182 "K" (2) |
| § | | JUDGE DUVAL |
| _____ § | | MAG. WILKINSON |
| § | | |
| PERTAINS TO: MRGO, *Robinson,* No. 06-2268 § | | |
| _____ § | | |

### UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RECONSIDERATION

**I. INTRODUCTION**

The Defendant United States has moved the Court to reconsider its Order requiring the United States to produce all of its experts' reliance materials by February 27, 2009 (Doc. Rec. No. 17915).[1] The United States requested an extension of time to produce Dr. Joannes Westerink's input and output ADCIRC files to the Plaintiffs because of the lengthy time it would take to download and produce these hugely volumious computer files (Doc. Rec. No. 17915-2 at 3 and 4). The Plaintiffs have opposed this request (Doc. Rec. No. 18056).

The United States produced Dr. Westerink's input and output ADCIRC files to the Plaintiffs today.  *See* Doc. Rec. No. 18078.

---

[1] Plaintiffs correctly note in their Opposition to Defendant United States' Motion for Reconsideration that the United States failed to seek leave of Court to file a motion for reconsideration in accordance with the Pre-Trial and Trial Procedures-Civil Case Section "K" (Doc. Rec. No. 3408-2).  See Plt. Opp. to Def. United States' Mot. for Recon. at 2 (Doc. Rec. No. 18056).  This was an oversight for which the United States apologizes.

## II.  UNITED STATES' EXPERT RELIANCE MATERIALS PRODUCTION

In response to the Plaintiffs' Motion to Compel, the Court ordered the United States to produce all of its expert reliance materials by February 27, 2009 (Doc. Rec. No. 17816).  In compliance with this Order, the United States completed producing all of its expert reliance materials of which it is aware of on February 27, 2009, with the sole exception of Dr. Westerink's input and output ADCIRC files (Doc. Rec. No. 17973).[2]  Dr. Westerink's input and output ADCIRC files were produced to the Plaintiffs today.[3]  *See* Doc. Rec. No. 18078.

## III.  PLAINTIFFS SHOULD BE HELD TO THE SAME PRODUCTION REQUIREMENTS AS THE UNITED STATES

In opposing the United States' Motion to Reconsider, the Plaintiffs assert that "[k]nowing full well that Dr. Westerink's materials would be voluminous, the defendant United States should have begun steps necessary to produce the materials in a timely fashion months ago, not only after the court ordered the production."  *See* Pls.' Opp. to Def. United States Mot. for  Recon. at 2.

While Plaintiffs complain that the United States failed to produce Dr. Westerink's input and output files, they themselves have failed to produce similar files of their own experts.  Both the United States and Plaintiffs have retained experts to analyze Hurricane Katrina's storm surge

---

[2] Dr. Donald Resio's unBates-stamped expert reliance materials were produced to the Plaintiffs on February 27, 2009 (Doc. Rec. No. 17973).  A Bates-stamped version of the materials were produced to the Plaintiffs on March 3, 2009 (Doc. Rec. No. 17993).

[3] Dr. Westerink's other expert reliance materials were included in his expert report that was produced to the Plaintiffs on December 22, 2008 (Doc. Rec. No. 16833), and on February 17, 2009, the United States produced marsh elevations that Dr. Westerink relied on when drafting his expert report (Doc. Rec. No. 17730).

using computer models.  The United States retained Dr. Westerink who analyzed Katrina's storm surge using a computer program, ADCIRC.  The Plaintiffs retained Dutch experts who similarly used a computer program, FINEL, to model Katrina's surge which is based on the same basic method of analysis (i.e. the finite element method) as Dr. Westerink's ADCIRC program.[4]  As ADCIRC has input and output files, so too does the Dutch experts' program FINEL.[5]  Yet, the Plaintiffs have never produced the input and output files for FINEL.[6]  Nor have they produced all the input and output files for their flooding analysis which is run on a different computer model, SOBEK.[7]

---

[4] According to Plaintiffs' Experts' report, "In FINEL this system of equations is solved with a robust numerical finite element method, which can easily handle drying and flooding."  See Exh. 3 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).

[5] For example, wind fields are an input file to ADCIRC.  These files are currently being produced by the United States.  They are likewise an input to FINEL.  See Exh. 3 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).  The United States made a specific request for these wind fields.  See Exh. 1 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).  Plaintiffs responded in Exhibit A in their Opposition to Defendant United States' Motion to Compel that "to the extent, if any that this data was not produced, the data will be produced." (Doc. Rec. No. 18057-2 Ex. A. at 2).

[6] After receiving Plaintiffs' Opposition to Defendant United States Motion for Reconsideration (Doc. Rec. No. 18056) counsel for Defendant caused a diligent search to be made of all the materials produced by Plaintiffs in an effort to ascertain whether Plaintiffs had produced the FINEL input and output files.  See Exh. 4 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).  No record of the production of these files was located.  Id.  Additionally, the United States by email asked Plaintiffs to identify when they were produced, but Plaintiffs did not respond.  See Exh. 5 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).

[7] "The FINEL model is based on the same principles as the SOBEK model which is used in the flooding study carried out in 2007."  See Exh. 3 to Reply to Pls.' Opp. to Def.

These files are long past overdue. As stated in the United States' Motion to Compel Production of Plaintiffs' Experts' Reliance Materials (Doc. Rec. No. 17913), all Plaintiffs' expert reliance materials were required to have been produced on July 14, 2008, were specifically requested by the United States a week later, and have not yet been produced to the United States. Accordingly, Plaintiffs should not be heard to object to affording the United States additional time within which to produce Dr. Westerink's input and output ADCIRC files. To the contrary, Plaintiffs themselves should be required to disgorge forthwith the same types of files for their own experts, as well as all other reliance materials of their experts.

## IV.  CONCLUSION

With the production of Dr. Westerink's input and output ADCIRC files, the United States has completed the production of its experts' reliance materials that it is aware of. For these reasons, the United States respectfully requests the Court to reconsider its Order compelling the United States to produce all of its experts' reliance materials by February 27, 2009, and to

---

United States' Mot. to Compel (Doc. Rec. No. 18089-4). After receiving Plaintiffs' Opposition to Defendant United States Motion for Reconsideration (Doc. Rec. No. 18056) counsel for Defendant caused a diligent search to be made of all the materials produced by Plaintiffs in an effort to ascertain whether Plaintiffs had produced the SOBEK input and output files. *See* Exh. 4 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4). No record of the production of these files was located. *Id.* Additionally, the United States by email asked Plaintiffs to identify when they were produced, but Plaintiffs did not respond. *See* Exh. 5 to Reply to Pls.' Opp. to Def. United States' Mot. to Compel (Doc. Rec. No. 18089-4).

modify its Order to allow the production of these materials by March 10, 2009.

                        Respectfully submitted,

                        MICHAEL F. HERTZ
                        Acting Assistant Attorney General

                        PHYLLIS J. PYLES
                        Director, Torts Branch

                        JAMES G. TOUHEY, JR.
                        Assistant Director, Torts Branch

                          s/ James F. McConnon, Jr.
                        JAMES F. McCONNON, JR.
                        Trial Attorney, Torts Branch, Civil Division
                        U.S. Department of Justice
                        Benjamin Franklin Station, P.O. Box 888
                        Washington, D.C.  20044
                        (202) 616-4400/ (202) 616-5200 (Fax)
                        Attorneys for the United States

Dated:  March 10, 2009

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on March 10, 2009, I served a true copy of the United States' Reply to Plaintiffs' Opposition to United States' Motion for Reconsideration upon all parties by ECF.

                                            s/ James F. McConnon, Jr.
                                            JAMES F. McCONNON, JR.