UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K"(2) |
| PERTAINS TO:  MRGO, <u>Robinson</u>, 06-2268 | JUDGE DUVAL<br>MAG. JUDGE WILKINSON |

### **ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:  United States' Motion to Compel Production of Plaintiffs' Experts' Reliance Materials, Record Doc. No. 17913

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART:  Plaintiffs' counsel has twice certified that all responsive materials have been produced.  Record Doc. Nos. 18056 at pp. 2-3 and 18057 at pp. 1-2.  Ordinarily, there would be no need for an order requiring plaintiffs to do what they have already done.  In this instance, however, long past all applicable deadlines, less than two (2) weeks before the final pretrial conference and less than six (6) weeks before trial, counsel have created a confusing record that makes it virtually impossible to determine with certainty if the information sought by the government is expert material of the type contemplated for disclosure by Fed. R. Civ. P. 26(a)(2)(B), or additional information that might be available from some source, but which does <u>not</u> constitute Rule 26(a)(2)(B) materials.

I refer specifically to the government's list entitled "Expert Reliance Material Needed," dated March 3, 2009, Record Doc. No. 18089-5, Exhibit 1, for illustrative purposes. On one hand, for example, if Dr. Bea actually "relied upon" the items identified in paragraphs 3, 5 and 7 appearing on the list under his name, these items should already have been disclosed long ago. Similarly, as other examples, if the "map" in the process of being created that was described by Dr. Bea on p. 756 of Volume III of his deposition, Record Doc. No. 18089-6 Exhibit 2, is an exhibit "that will be used to summarize or support" the opinions about which he will testify, or if a Dutch or any other

expert used computer models in formulating or to support his opinions, the data input and output for those models should already have been produced. On the other hand, the long series of questions posed by the government under the heading "Vrijling," Record Doc. No. 18089-5 Exhibit 1, do not appear to concern Rule 26(a)(2)(B) disclosure, but instead appear to be requests for information that should have been made in discovery, not disclosure. Similarly, a vague statement by one expert (Dr. Kemp) that "[a]dditional information may be obtained from Dr. van Heerden," Record Doc. No. 18057-2 Exhibit 1 at p. 27 of 53, appears on its face simply to mean what it says, not necessarily that the testifying expert considered or will use such "additional information" in a way that would make it discloseable under Rule 26(a)(2)(B).

Under these unclear circumstances and at this late date, on the obscure record created by counsel and their experts, I can only issue the following kind of order: Not all information listed by the government in support of its motion is Rule 26(a)(2)(B) disclosure information, and the motion is denied as to that. However, the motion is granted as to all information that plaintiffs' experts "considered . . . in forming" their opinions or "that will be used (as exhibits) to summarize or support them," Fed. R. Civ. P. 26(a)(2)(B)(ii) and (iii). All such information should already have been disclosed. The supplementation obligation imposed by the Rules is in force and the phrase "timely manner" in Fed. R. Civ. P. 26(e) is hereby interpreted under current circumstances to mean "immediately."

In my view, both sides have been less than fully compliant in connection with their expert disclosure obligations in this case, defendant worse than plaintiffs. Whether any expert materials not timely disclosed by either side were (1) important, such that sanctions of the sort contemplated by Fed. R. Civ. P. 37(c) might be imposed, or (2) so obscure, hypertechnical or otherwise insignificant (particularly in light of the expert disclosure and discovery that has in fact already taken place) that the failure timely to disclose can be said to have been "substantially justified" or "harmless," is probably a matter to be determined at or in the context of the looming trial.

New Orleans, Louisiana, this   12th   day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**

2