

**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Section*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2009 MAR 11 PM 3:52
LORETTA G. WHYTE
CLERK

Robin D. Smith
Trial Attorney

PJP:JT:RDSmith
157-0-272

P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
Tel.: (202) 616-4289  Fax: (202) 616-5200
robin.doyle.smith@usdoj.gov

*file in the record*
3/11/09

March 11, 2009

RECEIVED
MAR 11 2009
CHAMBERS OF
U.S. MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

VIA FEDEX, FAX (504-589-7633), AND EMAIL

Honorable Joseph C. Wilkinson, Jr.
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B409
New Orleans, LA 70130

      RE: *In re Katrina Canal Breaches Consol. Lit.*, Civ. No. 05-4182
          (pertains to BARGE)

Dear Judge Wilkinson:

     The United States objects to any enlargement of the discovery period. Neither the plaintiffs nor Defendant Lafarge North America, Inc., solicited the United States' views before submitting their letter of yesterday's date in which counsel for LNA advised the Court that "the parties need an additional two weeks, through April 17, to complete [fact] discovery." Even though the United States is a party, it was not consulted or given advance notice of this request.

     As the Court knows, the United States is in final pretrial preparations in *Robinson v. United States*, No. 2:06cv2268, which is set for trial beginning on April 20. Enlarging the BARGE discovery period to the eve of the *Robinson* trial would pose an extreme hardship to the United States. The parties have had ample time to conduct discovery, and the United States is in no way responsible for the

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

Letter to Hon. Joseph C. Wilkinson, Jr.
March 11, 2009
Page 2

plaintiffs' and the defendant's purported inability to complete fact discovery within the prescribed period.

Respectfully submitted,

ROBIN D. SMITH
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice

cc: Brian Gilbert, Esq. (via email)
　　Derek Walker, Esq. (via email)