**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES                      CIVIL ACTION
    CONSOLIDATED LITIGATION

                                                            NO. 05-4182

PERTAINS TO: LEVEE & MR-GO                          SECTION "K"(2)


<u>**ORDER**</u>

Before the Court is the parties' Joint Motion to Defer Ruling on Class Certification (Rec. Doc. 17743) ("Mot."). The parties request that the Court defer any ruling on class certification in both the Levee and MR-GO portions of the *In re Katrina Canal Breaches Consolidated Litigation* (Civil Action No. 05-4182). They submit that the Court has ruled on various dispositive motions already in these sections of the litigation, resulting in the New Orleans Sewerage and Water Board ("SWB") being the last pending defendant in the Levee section, and the United States Army Corps of Engineers ("Corps") being the last pending defendant in the MR-GO section. The parties note that SWB has a dispositive motion presently pending before the Court, which if granted, would moot out any decision on class certification. Mot. at 2. Moreover, if this Court were to rule on the motions for class certification and deny them, then the tolling of the statute of limitations for unnamed plaintiff class members would cease, requiring numerous individuals to quickly file individual claims to preserve their rights. Mot. at 4.

In noting that the standard of review for class certification decisions is for abuse of discretion, the Fifth Circuit has explained, "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent

1

power to manage and control pending litigation." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998).  This Court is further mindful of its duty to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

This Court finds it appropriate to grant the motions to defer for the following reasons. The parties are indeed correct that a denial of class certification would result in a rush to the courthouse for unnamed class members to file their actions, or worse yet for such members to lose their rights.  Permitting an appeal of dispositive motions without ruling on class certification would allow tolling to continue during that appeal.  *See Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 521 (5th Cir. 2008) (holding that tolling for unnamed class members continued during appeal on grant of motion to dismiss where district court did not deny class certification). Indeed, here a motion for summary judgment has been filed by SWB in the Levee section of this litigation.  The Court also notes that one of the grounds upon which the Corps has opposed class certification is that the United States and its agencies cannot be sued in a class action under the Federal Tort Claims Act ("FTCA").  (Rec. Doc. 8284).  The Plaintiffs have replied to this argument.  (Rec. Doc. 16597).  Finding that this ground could result in outright dismissal of the action, the Court finds it appropriate to address it as a motion to dismiss.  Therefore, this Court will consider the Corps' pleading regarding whether the United States can be sued under the FTCA through a class action as a motion to dismiss.  Should SWB's and the Corps' motions be granted, any decision on class certification would be mooted.  Should they be denied, this Court will permit the parties to again raise the issue of deferral of class certification until after appeal should they chose to do so, although at that point the Court would be inclined to decide

certification.  Accordingly,

**IT IS ORDERED** that the Joint Motion to Defer Ruling on Class Certification (Rec. Doc. 17743) shall be **GRANTED.**  Any decision on class certification in the Levee portion of Civil Action No. 05-4182 shall be deferred until after the Court rules on the Sewerage and Water Board's Motion for Summary Judgment (Rec. Doc. 16843).  Any decision on class certification in the MR-GO portion of Civil Action No. 05-4182 shall be deferred until after the Court rules on the issue of whether the United States can be sued in a class action under the Federal Tort Claims Act (Rec. Doc. 8284), which this Court will consider as a motion to dismiss.

New Orleans, Louisiana, this _____13th_____ day of March, 2009.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

3