UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES | | * | |
| CONSOLIDATED LITIGATION | | * | CIVIL ACTION |
| | | * | |
| | | * | NO. 05-4182 |
| | | * | and consolidated cases |
| PERTAINS TO: BARGE | | * | |
| | | * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Lafarge v. USA* | 07-5178 | * | JOSEPH C. WILKINSON, JR. |
| | | * | |

**JOINT /CONSENT MOTION TO EXTEND
DEADLINE FOR COMPLETING DISCOVERY**

**NOW INTO COURT**, through undersigned counsel, come Barge plaintiffs and defendant Lafarge North America Inc. ("LNA"), who respectfully request an extension of two weeks, through April 17, 2009, for the parties to complete discovery. Plaintiffs and LNA have diligently been attempting to finalize fact discovery within the present deadline of March 30. LNA has been noticing, subpoenaing, and attempting to take the testimony of the witnesses on plaintiffs' witness list. Many of plaintiffs' witnesses have simply refused to honor subpoenas and have failed to show up to their depositions, causing setbacks and disruptions in the schedule through no fault of counsel, but plaintiffs wish to keep them on the list and to try to reschedule

1259985-3

1

them. LNA has made several attempts to re-notice those depositions. As the master calendar attached as exhibit 1 attests, there has been more than one attempt to notice many of the depositions. LNA is in the position of either taking them, or if they refuse to attend depositions or cannot be made available by plaintiffs, asking the court strike them from the witness list. In an attempt to accommodate plaintiffs and avoid this drastic remedy, the parties have agreed to 2 more weeks.

Many of LNA's witnesses are government employees and plaintiffs want to take their depositions- which are scheduled within the current deadline. There are other witnesses who have been on vacation or are out of town that plaintiffs have had difficulty in subpoenaing. LNA has been attempting to help plaintiffs coordinate these depositions.

The parties are also attempting to schedule the depositions of witnesses newly included on Barge plaintiffs' latest witness list, who are not under the control of plaintiffs and must be subpoenaed to assure attendance at their depositions. Additionally, the depositions of numerous St. Bernard Parish Government witnesses (on plaintiffs' list) have been rescheduled multiple times, requiring the service of multiple subpoenas.

Although the parties are willing and able to double and triple track during the weeks of March 16 and 23 to finish the depositions within the deadline, we predict that witnesses will postpone, cancel, or not show up. We have been trying to make arrangements with the witness for convenient dates to avoid these recurring problems. Due to these difficulties, Barge plaintiffs and LNA believe that they will not be able to finalize fact discovery within the present deadline of March 30, 2009 or at the very least that another 2 weeks would facilitate the process for all concerned-most particularly the witnesses, many of whom will otherwise have to be compelled to attend at inconvenient dates and times.

The witnesses in question are not government witnesses. The testimony of United States government witnesses is being arranged prior to the end of March. Additionally it is noted that no other parties are attending these depositions on a regular basis, as such the participation, or lack thereof, of other counsel should not be a factor.

The parties certify that moving this deadline will not affect any other deadlines in this matter. The parties further certify that no United States Government employees will be noticed or deposed after the current deadline of March 30, 2009, and that counsel for third party defendant United States of America has been contacted and has no objection to this proposed extension.

**WHEREFORE**, Barge plaintiffs and LNA hereby jointly request that the deadline for the parties to complete fact discovery, currently set for March 30, 2009, be extended to April 17, 2009.

Respectfully submitted,

/s/ *Derek A. Walker.*_____
Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
fisher@chaffe.com
walker@chaffe.com

1259985-3

3

        John D. Aldock
        Mark S. Raffman
        **GOODWIN PROCTER LLP**
        901 New York Avenue, NW
        Washington, DC 20001
        Telephone:  (202) 346-4240

        Daniel A. Webb (#13294)
        **SUTTERFIELD & WEBB, LLC**
        Poydras Center
        650 Poydras Street, Suite 2715
        New Orleans, LA 70130
        Telephone:  (504) 598-2715
        *Attorneys for Lafarge North America Inc.*


        /s/ *Dylan Pollard*
        Dylan Pollard, Esq. (CA Bar#180306)
        **KHORRAMI POLLARD & ABIR LLP (KP&A)**
        444 S. Flower Street
        33rd Floor
        Los Angeles, CA 90071
        Telephone: (213) 596-6000
        *Attorney for Barge Plaintiffs*


## Certificate of Service

I do hereby certify that I have on this 18th day of March, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic notification.


        /s/ Derek A. Walker.

1259985-3