## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL MRGO | § | |
| _____ | § | |

## MEMORANDUM IN SUPPORT OF RECONSIDERATION
## OF ORDER DEFERRING RULING ON CLASS CERTIFICATION

In granting a further postponement of a decision on the issue of class certification, the Court appears to have assumed that Plaintiffs' motion was unopposed.[1]  In fact, however, the United States filed an opposition memorandum stridently objecting to Plaintiffs' motion.  *See* Doc. 17845.  The United States opposes any further delay in ruling on a matter that has been ripe for decision for more than a year.  The opposition filed by the United States is of crucial importance and should be considered by the Court prior to deciding this critical question. Reconsideration should therefore be granted.

---

[1]  The Court may have been misled by the caption, "Joint Motion," which ordinarily is reserved for motions that are filed on behalf of all parties.  Here, however, lawyers representing two groups of Plaintiffs—LEVEE Plaintiffs and MRGO Plaintiffs—used the term to describe a motion that the Defendant had *not* joined in.

The Court largely based its ruling on a concern that a denial of the motions for class certification would trigger the running of the limitations period and precipitate the filing of a multitude of cases by individual plaintiffs.  *See* Doc. 18135 at 1.  But the United States, in its opposition, demonstrated that a denial of class certification against the United States would not trigger the running of the limitations period or threaten the rights of any individual claimants. *See* Doc. 17845 at 1-2 & n.2 (noting that for those claimants who presented valid claims which have not been finally denied in writing, the FTCA's statute of limitations *has not even begun to run*).[2]  Even Plaintiffs, in their moving papers, conceded that the tolling issue does not pertain to the United States.  *See* Doc. 17743-2 at 4 (noting that class action allegations toll the statute of limitations "against all of the defendants *except the defendant United States of America*") (emphasis added).  Plaintiffs merely posited that a denial of class certification with regard to *another* Defendant (Washington Group International, Inc.) would force unnamed class members to come into Court to protect their rights *vis-a-vis* WGI.

Neither Plaintiffs nor the Court, in the ruling that is the subject of this motion for reconsideration, has explained why a ruling on the MRGO Plaintiffs' motion for class certification solely as it pertains to the United States should not be entered without further delay. The MRGO Plaintiffs have sought certification of a distinct class (defined to encompass only those who have presented their claims to the appropriate Federal agency as required by the FTCA) against the United States.  The Court should reconsider its order to account for these distinctions between the class claims asserted against other Defendants and those that have been

---

[2]  This fact, of course, renders *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008)—the case principally relied upon by the Court—wholly inapposite.

asserted against the United States.

Reconsideration should also be granted because the Court's order does not take into account one of the unique reasons why the United States is not susceptible to class action suits under the FTCA.  As the United States has previously explained, the procedures governing Rule 23 class actions are incompatible with the statutory scheme for resolving tort claims under the FTCA.  *See* Doc. 8284 at 7-14; Doc. 17195 at 8-10.  In its order, the Court erroneously concluded that this incompatibility "could result in outright dismissal of the action."  *See* Doc. 18135 at 2.  But dismissal of the action does not necessarily follow from the conclusion that class claims may not be certified against the United States under the FTCA.  *See* Doc. 8284 at 7-14; Doc. 17195 at 8-10.  And because a denial of class certification would not necessarily require outright dismissal of the action, the order errs in announcing that the Court will treat the opposition filed by the United States as a motion to dismiss.  *See* Doc. 18135 at 2.  This error warrants reconsideration.

Finally, reconsideration should be granted because, as it stands, the Court's order would permit "one-way intervention"—a practice by which a plaintiff may determine whether he wins on the merits before deciding whether to pursue class relief.  As the United States demonstrated in its opposition papers, *see* Doc. 17845 at 3-4 (citing *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-88 (1974) and *Hudson v. Chicago Teachers Union*, 922 F.2d 1306, 1317 (7th Cir. 1991)), the Supreme Court disapproves of this practice, which is, quite obviously, inherently unfair to defendants and would be substantially prejudicial to the United States.

## **CONCLUSION**

For these reasons, the United States of America's motion for reconsideration should be granted.

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch, Civil Division

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch, Civil Division

ROBIN SMITH
Senior Trial Counsel, Torts Branch, Civil Division

/s/ Jeffrey P. Ehrlich
JEFFREY P. EHRLICH
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4448/(202) 616-5200 (Fax)
Attorneys for the Defendant United States