UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
       CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO: LEVEE & MR-GO                       SECTION "K"(2)

### ORDER

Before the Court is United States' Motion for Reconsideration of this Court's Order Deferring Class Certification (Rec. Doc. 18199) ("Mot."). The United States seeks reconsideration by asserting that: (1) this Court misconstrued the prior motion to defer as unopposed, (2) denial of class certification would not result in tolling problems for the class, and (3) consideration of class certification is appropriate because class actions against the United States are inappropriate where they are premised upon the Federal Tort Claims Act ("FTCA").

This Court will deny the motion to reconsider. The prior order did take into consideration the United States' objections; any lack of clarity on this point was unintended. If class certification were to be denied as to all defendants, tolling would cease as to all unnamed class members with regards to all other defendants except for the United States, resulting in significant administrative issues as well as many class members forfeiting their claims. The United States asserts that the Court should hold a class certification hearing solely as to the United States; however the Court finds that holding a full class certification only with regards to the United States would be a severe waste of resources unless all defendants were involved.[1]

---

[1] The Court further notes that a motion to dismiss has been granted as to defendant Washington Group International, Inc. ("WGI"), a decision that has been appealed. Considering a class certification motion while one party is not technically before the Court, but while the

1

And, the prior order made very clear that the Court *would* address the United States' FTCA argument in the opposition to class certification as a motion to dismiss. The United States is correct, however, that the Court should not address its FTCA argument as a motion to dismiss because granting such motion would leave the plaintiff class representatives in the litigation. Instead, the Court will construe the motion as one to strike the class allegations. Finally, to reiterate, the Court's prior order has no detrimental effect upon the United States's ability to reassert its opposition to class certification at a later date if necessary. Accordingly,

    **IT IS ORDERED** that the Motion for Reconsideration is **DENIED.** However, the Court notes that it will consider the United States' FTCA argument as a motion to strike the class allegations instead of as a motion to dismiss.

    New Orleans, Louisiana, this ___18th___ day of March, 2009.

    _____
    **STANWOOD R. DUVAL, JR.**
    **UNITED STATES DISTRICT JUDGE**

---

decision dismissing that defendant is on appeal, would lead to confusion among the class members regarding tolling against WGI. Put simply, an administrative and legal quagmire would result. If this Court is to hold a full class certification hearing, all defendants that are still possibly extant in this case should be before the Court to participate in that hearing.