**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION  NO.   05-4182 "K"(2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |
| PERTAINS TO:  ROAD HOME<br>*Louisiana State*  C.A. No. 07-5528 | §<br>§ | |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF<br>THEIR MOTION FOR RECONSIDERATION OF<br>THE COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS**</u>

The undersigned defendant insurers ("Defendants") respectfully seek reconsideration of the Court's March 5, 2009 Order and Reasons on Defendants' Motion to Dismiss (hereinafter, "Order," Doc. 18033), in light of intervening Louisiana appellate authority.  On March 11, 2009, the Louisiana Fourth Circuit Court of Appeal held that an anti-assignment clause is enforceable under Louisiana law as applied to a post-loss assignment.  This new decision significantly impacts what this Court found to be the critical turning point of its analysis – deciding whether, under Louisiana law, there is a special exception to Louisiana Civil Code art. 2653 for post-loss assignments of insurance claims.

<u>**APPLICABLE LEGAL STANDARD**</u>

A motion for reconsideration should be granted if there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  *See also In re Katrina Canal Breaches Consol. Litig.*, 2008 WL

4724424, at *1-2 (E.D. La. Oct. 23, 2008) (Duval, J.) (setting forth standard for reconsideration and granting motion for reconsideration based on intervening change in the law); *Marks v. Shaw Constructors*, 2001 WL 1561801, at *1 (E.D. La. Dec. 7, 2001) (granting motion for reconsideration of summary judgment decision); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1999 WL 1138534, at *3 (E.D. La. Dec. 10, 1999) (Duval, J.) (granting motion for reconsideration of decision on motion to dismiss).

Reconsideration is appropriate here based on an intervening decision by a Louisiana Court of Appeal enforcing an anti-assignment clause as applied to a post-loss assignment of a Hurricane Katrina property insurance claim.

## ARGUMENT

## I.   UNDER A NEW LOUISIANA COURT OF APPEAL DECISION, AN ANTI-ASSIGNMENT CLAUSE BARS THE POST-LOSS ASSIGNMENT OF AN UNLIQUIDATED PROPERTY INSURANCE CLAIM

In its Order and Reasons on Defendants' Motion to Dismiss, the Court recognized that Article 2653 of the Louisiana Civil Code expressly provides for the enforcement of anti-assignment clauses in contracts.  (Order, at 7.)  The Court concluded, however, that it had to "make an '*Erie* guess'" with respect to whether the Louisiana Supreme Court would create a special exception to Article 2653 for post-loss assignments of insurance claims, an exception that is not found anywhere in the code provision itself.  (*Id.* at 8.)  This Court recognized that, in some common law jurisdictions,[1] anti-assignment clauses are enforced with respect to post-loss assignments, but found that the majority of other jurisdictions allow post-loss assignments notwithstanding an anti-assignment clause.  (*Id.* at 15.)  In making its "*Erie* guess" with respect

---

[1] Anti-assignment clauses in insurance policies are fully enforceable, for example, under Texas law.  *Conoco, Inc. v. Republic Ins. Co.*, 819 F.2d 120, 124 (5th Cir. 1987).

to whether the Louisiana Supreme Court would create a special exception to Article 2653, the Court found that the only relevant Louisiana jurisprudence was *Geddes & Moss Undertaking & Embalming Co. v. Metro Life Ins. Co.*, 167 So. 2d 209 (La. Ct. App. Orleans Cir. 1936) and *LeMoyne's Rest., Inc. v. Axis Surplus Lines Ins. Co.*, 2008 WL 1988798 (E.D. La. May 2, 2008) (Barbier, J.).  (Order, at 18-20.)

After this Court issued its decision, the Louisiana Fourth Circuit Court of Appeal issued an opinion holding that an anti-assignment clause was fully enforceable under Louisiana law, as applied to a post-loss assignment of an insurance claim.  *R.L. Lucien Tile Co. v. American Sec. Ins. Co.*, No. 2008-CA-1190, __ So. 2d __, 2009 WL 617937, at *4 (La. App. 4 Cir. Mar. 11, 2009).

### A.   *Lucien Tile* Holds That An Anti-Assignment Clause Is Enforceable As Applied To A Post-Loss Assignment Of An Insurance Claim

In *Lucien Tile*, the plaintiff, R.L. Lucien Tile Company, Inc. ("Lucien Tile"), sought to recover on a Hurricane Katrina property damage loss under a forced place insurance policy issued by American Security Insurance Company ("ASIC") to EMC Mortgage Corporation ("EMC").  Joshua and Sandy Cage were additional insureds under the policy.  *Id.* at *1.  Lucien Tile had purchased the insured property from the Cages by quitclaim deed before Hurricane Katrina, but the Cages remained liable on the note and thus retained an insurable interest in the property.  *Id.*  In November of 2005, two months after sustaining a loss during Hurricane Katrina, the Cages assigned their rights against their lender, EMC, to Lucien Tile.  *Id.* at *2.  The Fourth Circuit found that this document did not constitute an assignment of any rights under the insurance policy.  *Id.* at *3.

Later in November of 2005, ASIC received notice of an insurance claim made by the Cages.  The loss notice "identified the claimant as Sandy Cage, the named insured as EMC, and

the additional insureds as Joshua and Sandy Cage."  *Id.* at *1.  In December of 2005, ASIC adjusted the claim and issued payment to EMC and the Cages.  *Id.*[2]

In March of 2008, however, several years after Hurricane Katrina, after the claim made by the Cages had been adjusted, and after Lucien Tile had filed suit, it obtained a supplemental assignment from the Cages of "all claims . . . against anyone . . . arising out of the ownership of or related to our previous ownership of . . . 8833 Green Street."  *Id.*  This supplemental assignment attempted to transfer the Cages' remaining rights on their insurance claim to Lucien Tile.

The Louisiana Fourth Circuit affirmed summary judgment in favor of the insurer based on the anti-assignment clause in the policy.  The policy provided that "Assignments of this policy shall not be valid unless we give our written consent."  *Id.*  The court held that this provision "clearly and unambiguously prohibits the insured from assigning the policy without ASIC's written consent," and that "absent a valid assignment of rights to which the insurer, ASIC, consented, Lucien Tile has no standing to sue."  *Id.* at *4.[3]

The Fourth Circuit's decision in *Lucien Tile* clearly holds that a post-loss assignment of an insurance claim is invalid under Louisiana law where the policy contains an anti-assignment clause.  *Lucien Tile* is the most recent and authoritative ruling by a Louisiana appellate court on that issue and therefore should be followed by this Court.  It is well-established that a "decision by an intermediate appellate state court is a datum for ascertaining state law which is not to be

---

[2] The court found that, prior to the filing of suit by Lucien Tile, "[n]o where in the record does Lucien Tile ever appear on any insurance document relevant to this matter."  *Id.* at *3.

[3] The Fourth Circuit also held that because "Lucien Tile is not an insured under the insurance policy [it] therefore has no standing to make [a] claim of bad faith."  *Id.*  This holding reaffirms the correctness of this Court's dismissal of the State's bad faith claims in this case.  (*See* Order, at 22-23.)

disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 317 (5th Cir. 2002) (quoting *First Nat'l Bank of Durant v. Trans Terra Corp.*, 142 F.3d 802, 809 (5th Cir. 1998)).

### B.     *Lucien Tile* Is More Directly On Point Than *Geddes & Moss*

*Lucien Tile* is more directly on point here than *Geddes & Moss*, the 1936 decision which this Court found was the only relevant Louisiana appellate authority at the time it issued its Order. *Geddes & Moss* pre-dated by many decades the enactment of La. C.C. art. 2653, the Civil Code provision that expressly provides for the enforcement of anti-assignment clauses, without exception. *Lucien Tile* is now the only Louisiana appellate opinion on the enforceability of an anti-assignment clause that has been decided since the enactment of Article 2653.

As this Court is well aware, "[i]n the civil law tradition, the Civil Code is the 'solemn expression of legislative will' to which [a federal court's] *Erie* obligation applies." *In re Whitaker Constr. Co.*, 439 F.3d 212, 222 (5th Cir. 2006); *see also Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) ("courts must look first and foremost to [Louisiana's] 'primary sources of law: the State's Constitution, codes, and statutes'"). The Civil Code requires that unambiguous code provisions be enforced as written, without "further interpretation" by a court. La. C.C. art. 9; *Ardoin v. Hartford Acci. & Indem. Co.*, 360 So. 2d 1331, 1335 (La. 1978) (holding that, where a lower court construed a statutory enactment in light of older jurisprudence, the lower court improperly "ignore[d] the first principles of our law" by incorrectly "assume[ing] that jurisprudence is equivalent to legislation "). A Louisiana appellate decision issued subsequent to the enactment of Article 2653 is a much more certain guidepost for

ascertaining state law than a decision that was issued nearly 60 years before the enactment of Article 2653.

Moreover, *Geddes & Moss* involved life insurance policies, and there was no question that the insured had died and that there was coverage under the policies. There was no dispute about how much was owed. The only issue was whether payment of the policy limits should have been made to the insured's daughter or to a funeral home to which the daughter had assigned the proceeds of the policies. *Geddes & Moss*, 167 So. at 209. *Lucien Tile*, in contrast, involved a Hurricane Katrina property insurance claim, on which the insurer had made payment to the named insureds, and a purported assignee later contended that the insurer's payments were insufficient and sought to recover additional amounts. *Lucien Tile*, 2009 WL 617937, at *1. That is exactly what the State is attempting to do in this case.

A key difference between these two cases is that *Geddes & Moss* involved a liquidated claim for policy proceeds (all the insurer had to do was pay an undisputed amount of money), while *Lucien Tile* involved an unliquidated claim for additional damage to the property, which had not yet been proven. There is a critical "distinction between assigning liquidated proceeds and unliquidated proceeds," which is "significant because the former assignment implicates only the mechanical transfer of money, while the latter assignment carries with it the substantive right to litigate the amount of the insurance benefit the insurer is obligated to pay." *Star Windshield Repair, Inc. v. Western Nat'l Ins. Co.*, 744 N.W.2d 237, 240 (Minn. Ct. App. 2008) (holding that automobile glass repair companies could not aggregate assignments of insureds' claims for auto glass damage, in violation of anti-assignment clause). *See also Auto Owners Ins. Co. v. Star Windshield Repair, Inc.*, 743 N.W.2d 329, 334 (Minn. Ct. App. 2008) ("In this case, Star Windshield has attempted to purchase the policyholders' ability to collect against the insurance

company. If such assignments were permitted, the insurance company would face additional risk that it expressly avoided through the language of the contract.").

If the Court's Order is not altered, Defendants will be forced to litigate thousands of previously-closed claims against the State, years after the loss, where the State has very limited, if any, access to the relevant loss information to which the insurers are contractually entitled.  In many instances, Defendants will be forced to litigate on the same insurance claim in two separate lawsuits -- this case filed by the State and a separate lawsuit filed by the insureds.  The State will seek to use the aggregation of many thousands of claims as a mechanism to increase its bargaining power in a manner that Defendants never contracted for and never anticipated.  Indeed, if the State can aggregate assignments in this fashion, there would be nothing to stop a private enterprise from purchasing and aggregating tens of thousands of assignments of insurance claims during the next catastrophe, as a means of attempting to extract higher settlements from insurers and achieve substantial profits.  That is plainly not the type of risk that Defendants undertook, and that is one of the reasons why the policies prohibit assignment of unliquidated claims.

Moreover, unlike the life insurance claim in *Geddes & Moss* where the insured had died and could not assist the insurer with an investigation (although it appears none was necessary), the adjustment and litigation of a hurricane property damage claim often requires substantial cooperation from the insured and resolution of various coverage issues.  The insured must, at the insurer's request, provide access to the damaged property, provide documents requested by the insurer, answer questions, submit to a formal examination under oath if requested, and cooperate with the insurers' investigation of the claim.  (Defendants' Memorandum In Support of Motion to Dismiss ("Defendants' Memo."), Doc. 16493-2, at 35-36.)  These duties are not assignable to

a third party.  *See*, *e.g.*, *Engleman v. Royal Ins. Co.*, 51 P.2d 417, 417-19 (Nev. 1935) (compliance with proof of loss requirement was not assignable); *Calif. Fair Plan Ass'n v. Superior Court*, 8 Cal. Rptr. 3d 746, 752-53 (Cal. Ct. App. 2004) (compliance with examination under oath requirement was not transferable to assignee); *Ausch v. St. Paul Fire & Marine Ins. Co.*, 511 N.Y.S.2d 919, 923 (N.Y. App. Div. 1987) (compliance with examination under oath requirement was not transferable to assignee).

These obligations are not transferable because, among other reasons, "[t]he person insured may be fairly presumed to be in possession of the largest number of facts and the most reliable information in regard to the circumstances of the [loss] and the extent of the loss," and "to compel the insurer to accept proofs and adjust the loss with one who may know nothing . . . and who in preparation of the proofs is acting under but little of the responsibility which would rest upon the insured in performing the same duty, would be a gross perversion of justice and the setting aside of their plain contract obligations."  *Engleman*, 51 P.2d at 418-19.  It would substantially alter Defendants' risk and prejudice their rights under the insurance policies to allow the State to pursue thousands of claims for additional damage to insureds' homes where the insureds never pursued such claims, and have not fulfilled their obligations under the policies to present and prove up such claims.

The assignments to the State in this case are far different from a circumstance where the proceeds of life insurance policies are assigned to a funeral home after the insured's death (*Geddes & Moss*, 167 So. at 209), or where a tenant purchases a policy insuring the landlord's property and assigns the claim to the landlord after the loss (*LeMoyne's Rest., Inc. v. Axis Surplus Lines Ins. Co.*, 2008 WL 1988798, at *1 (E.D. La. May 2, 2008) (Barbier, J.)).  In those situations, a post-loss assignment might not significantly affect the insurer's rights or the nature

8

or extent of its risk.  Here, in contrast, the assignment of over 155,000 claims to the State substantially affects Defendants' rights and the extent of their risk.  (*See* Defendants' Memo. at 16-19.)  Even if the Louisiana Supreme Court might create an exception to the clear and unambiguous language of La. Civ. Code art. 2653 where there is a mere assignment of proceeds of a liquidated claim (as in *Geddes & Moss*), it would go far beyond the scope of that court's role in Louisiana's civilian tradition to create a judicial exception to Article 2653 that would be broad enough to encompass this case, where the State seeks to be far more than the payee on a check. *Lucien Tile* demonstrates that the Louisiana Supreme Court would not follow *Geddes & Moss* in a hurricane property damage case.

The correct result here is to enforce the insurance contracts as written, in light of the decision in *Lucien Tile*, the plain language of Article 2653, the critical distinction between an assignment of proceeds and an assignment of the right to litigate an unperfected claim, and the substantial effect that the Road Home assignments have on Defendants' risk.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion for reconsideration should be granted, and the Amended Petition should be dismissed in its entirety under Rule 12(b)(6).

Respectfully submitted,

/s/ Ralph S. Hubbard
Ralph S. Hubbard, III, 7040
Seth A. Schmeeckle, 27076
                Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Stephen E. Goldman
Wystan M. Ackerman
                 Of
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597
Telephone:  (860) 275-8200
Facsimile:  (860) 275-8299

*Attorneys for The Standard Fire Insurance Company, "St. Paul" (a non-existent entity), "St. Paul Travelers Insurance Company" (a non-existent entity), St. Paul Fire & Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, St. Paul Protective Insurance Company, St. Paul Surplus Lines Insurance Company, Travelers Casualty Insurance Company of America, Travelers Casualty and Surety Company, Travelers Home & Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Insurance Company (a non-existent entity), Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, Hartford Accident & Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, "Hartford Insurance Group" (a non-existent entity), Hartford Underwriters Insurance Company, Property and Casualty Insurance Company of Hartford, and Twin City Fire Insurance Company*

And

*/s/ Wayne J. Lee*
Wayne J. Lee, 7916
wlee@stonepigman.com
Stephen G. Bullock, 3648
sbullock@stonepigman.com
Mary L. Dumestre, 18873
mdumestre@stonepigman.com
Andrea L. Fannin, 26280

10

afannin@stonepigman.com
                Of
STONE PIGMAN WALTHER
    WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

And

Charles L. Chassaignac IV, 20746
 cchassaignac@phjlaw.com
                Of
PORTEOUS, HAINKEL & JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801
Telephone:  (225)383-8900
Facsimile:  (225) 383-7900
*Attorneys for State Farm Fire and Casualty*
*Company and State Farm General Insurance*
*Company*

And

*/s/ Maura Z. Pelleteri*
Maura Z. Pelleteri, 8463
Amy S. Malish, 28992
                Of
KREBS, FARLEY & PELLETERI, L.L.C.
Texaco, Center, Suite 2500
400 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 299-3570
Facsimile:  (504) 299-3582
*Attorneys for Aegis Security Insurance Company*

And

*/s/ Howard B. Kaplan*
Howard B. Kaplan, 14414
                    Of
BERNARD CASSISA ELLIOTT & DAVIS
1615 Metairie Road
P.O. Box 55490
Metairie, Louisiana  70055-5490
Telephone:  (504) 834-2612
*Attorneys for Lafayette Insurance Company, United*
*Fire and Casualty Company and United Fire and*
*Indemnity Company*


And


*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
                    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
*Attorneys for America First Insurance Company,*
*Liberty Mutual Fire Insurance Company, and*
*Liberty Mutual Insurance Company*


And


*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
                    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
*Attorneys for Metlife, Inc., Economy Premier*
*Assurance Company, Metropolitan Casualty*
*Insurance Company, and Metropolitan Property &*

*Casualty Insurance Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
              Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Christopher W. Martin,
Texas Bar No. 13057620
Martin R. Sadler,
Texas Bar No. 00788842
              Of
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
*Attorneys for United Services Automobile*
*Association, also separately named by plaintiffs as*
*USAA, USAA Casualty Insurance Company and*
*USAA General Indemnity Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
              Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Of Counsel:
Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
                Of
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for The Hanover Insurance Company,*
*The Hanover American Insurance Company, and*
*Massachusetts Bay Insurance Company*

And

*/s/ Deborah B. Rouen*
Deborah B. Rouen, 2084
Chris A. D'Amour, 26252
                Of
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Attorneys for Union National Fire Insurance*
*Company*

And

*/s/ Dominic J. Ovella*
Dominic J. Ovella, 15030
Anne E. Medo, 24556
Sean P. Mount, 27584
                Of
HAILEY, MCNAMARA, HALL,
  LARMANN & PAPALE, L.L.P.
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500
*Attorneys for Fidelity and Deposit Company of*
*Maryland, Empire Fire and Marine Insurance*
*Company, Empire Indemnity Insurance Company,*
*Centre Insurance Company, ZC Sterling Insurance*

14

*Agency, Inc., and ZC Sterling Corporation*

And

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, LLC
LL&E Tower
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (5040 589-9701

And

Of Counsel
Richard L. Fenton
Steven M. Levy
Anthony T. Eliseuson
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago IL 60606
Telephone:  (312) 876-8000
*Attorneys for Allstate Insurance Company, Allstate
Indemnity Company, Encompass Insurance
Company, Encompass Insurance Company of
America, and Encompass Property and Casualty
Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

15

Of Counsel:
Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
       Of
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for Horace Mann Insurance Company,*
*Teachers Insurance Company, and Horace Mann*
*Property & Casualty Insurance Company*

And

*/s/ Alan J. Yacoubian*
Alan J. Yacoubian, 17213
Neal J. Favret, 24412
Rachel P. Catalanotto, 31095
       Of
JOHNSON, JOHNSON, BARRIOS &
  YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana  70139-7708
Telephone:  (504) 528-3001
*Attorneys for Auto Club Family Insurance Company*

And

*/s/ Neil C. Abramson*
Neil C. Abramson, 21436
Nora B. Bilbro, 22955
Jacqueline M. Brettner, 30412
       Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

And

16

Marshall M. Redmon, 18398
       Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
*Attorneys for Homesite Insurance Company*

And

*/s/ Marshall M. Redmon*
Marshall M. Redmon, 18398
       Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

And

Amy R. Sabrin
       Of
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
*Attorneys for Farmers Insurance Exchange,
Foremost Insurance Company, Foremost Property
and Casualty Company, and Foremost Signature
Insurance Company*

And

*/s/ Neil C. Abramson*
Neil C. Abramson, 21436
Jacqueline M. Brettner, 30412
                Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
*Attorneys for American Manufacturers Mutual*
*Insurance Company, Lumbermens Mutual Casualty*
*Company, Merastar Insurance Company, Unitrin*
*Preferred Insurance Company, Unitrin Auto and*
*Home Insurance Company, Trinity Universal*
*Insurance Company, and Trinity Universal*
*Insurance Company of Kansas, Inc.*


And


*/s/ Christopher R. Pennison*
Jay M. Lonero, 20642
Christopher R. Pennison, 22584
Angie Arceneaux Akers, 26786
                Of
LARZELERE PICOU WELLS SIMPSON
   LONERO, LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 834-6500
Fax:  (504) 834-6565
*Attorneys for Republic Fire And Casualty Insurance*
*Company,  American National Property And*
*Casualty Company, American National General*
*Insurance Company, and ANPAC Louisiana*
*Insurance Company*


And


*/s/ Gerard Wimberly, Jr.*
GERARD E. WIMBERLY, JR. (#13584) (T.A.)
ANTHONY ROLLO ( # 01133)
DANIEL T. PLUNKETT (# 21822)
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor

18

New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-0377

STEPHANIE G. JOHN (# 25111)
1001 McKinney St. Suite 1500
Houston, TX 77002
Telephone: (713) 520-1900
Fax: (713) 520-1025
*ATTORNEYS FOR BALBOA INSURANCE
COMPANY ANDMERITPLAN INSURANCE
COMPANY*

And

*/s/ John E. Unsworth*
JOHN E. UNSWORTH, JR., #09477
W. GLENN BURNS, #3698
LAUREN E. BRISBI, #29778
HAILEY, McNAMARA, HALL,
LARMANN & PAPALE, L.L.P.
One Galleria Blvd, Suite 1400
Post Office Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500
*Counsel for Defendant,*
*Clarendon National Insurance Company*

And

*/s/ Robert I. Siegel*
Robert I. Siegel, La. Bar No. 12063.
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras St., Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

And

Richard J. Doren
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
(213) 229-7038

19

Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 955-8500

*Attorneys for Lexington Insurance Company,
Audubon Insurance Company, and AIU Insurance
Company*

And

/s/ *Laurie L. DeArmond*
Patrick D. DeRouen
Laurie L. DeArmond
DeRouen Law Firm
650 Poydras Street, Suite 2230
New Orleans, LA 70130
504-274-3660
*Counsel for Armed Forces Insurance*


And

/s/ *Andrew L. Plauche, Jr.*
ANDREW L. PLAUCHÉ, JR. (11023)
JAMES K. ORDENEAUX (28179)
PLAUCHÉ MASELLI PARKERSON, L.L.P.
701 Poydras Street, Suite 3800
New Orleans, LA 70139-3800
Office: 504.582.1142; Fax: 504.582.1172

And

H. ALSTON JOHNSON III (7293)
PHELPS DUNBAR, L.L.P.
445 North Blvd., Suite 701
Baton Rouge, LA 70802
Office: 225.346.0285; Fax: 225.381.9197
*Attorneys for Louisiana Farm Bureau Mutual
Insurance Company, Louisiana Farm Bureau
Casualty Insurance Company and Southern Farm
Bureau Casualty Insurance Company*

And

*/s/ Gordon P. Serou, Jr.*
Gordon P. Serou, Jr., 14432
    Of
LAW OFFICES OF
GORDON P. SEROU, JR., LLC
650 Poydras Street, Suite 1420
New Orleans, Louisiana 70130
Telephone: (504) 299-3421

And

Walter D. Willson
    Of
WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 605-6944
*Attorneys for American Bankers Insurance Company of Florida, American Security Insurance Company, American Reliable Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company, and Voyager Property and Casualty Insurance Company*

And

*/s/ John R. Walker*
John R. Walker, 02165
        Of
ALLEN & GOOCH
3900 N. Causeway Boulevard
Suite 1450
Metairie, Louisiana  70002
Telephone:  (504) 836-5210
*Attorneys for American Summit Insurance Company and National Lloyds Insurance Company*

And

*/s/ Julia A. Dietz*
Sidney W. Degan, III (#4804)
Julia A. Dietz (#18866)
Maryann G. Hoskins (#20869)
Degan, Blanchard & Nash

400 Poydras St., Suite 2600
New Orleans, LA  70130
(504) 529-3333 phone
(504) 529-3337 fax
*Attorneys for National Security Fire*
*and Casualty Company and Omega*
*One Insurance Company*

And

*/s/   Matthew A. Woolf*
Matthew A. Woolf, 27146
mwoolf@bakerdonelson.com
Of
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
*Attorneys for G.U.I.C. Insurance Company,*
*American Family Home Insurance Company,*
*American Modern Home Insurance Company,*
*American Southern Home Insurance Company, and*
*American Western Home Insurance Company*

And

*/s/ Nancy B. Gilbert*
John P. Wolff, III, Bar #14504
Nancy B. Gilbert, Bar #23095
Christopher K. Jones #28101
**KEOGH, COX & WILSON, LTD.**
701 Main Street (P. O. Box 1151)
Baton Rouge, Louisiana  70821
Telephone:  225.383.3796
Facsimile: 225.343.9612
*Attorneys for Amica Mutual Insurance Co.*

And

*/s/ Matthew J. Lindsay*
RICHARD E. KING (#25128)
DAVID M. MORAGAS (#29633)
MATTHEW J. LINDSAY (#30599)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH

701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
*Counsel for Defendants,*
*Assurance Company of America, Zurich American*
*Insurance Company, and Zurich North America*

And

/s/ Thomas R. Blum
Thomas R. Blum, 3170
M. Davis Ready, 24616
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569 - 2030
Facsimile: (504) 569 - 2999
*Attorneys for Shelter Mutual Insurance Company*
*and Shelter General Insurance Company*

And

/s/ Steven W. Usdin
Steven W. Usdin, 12986
Stephen L. Miles, 31263
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  504/589-9700
*Attorney for Chubb Indemnity Insurance Company,*
*Chubb Custom Insurance Company, Chubb*
*National Insurance Company, Federal Insurance*
*Company, Great Northern Insurance Company, (for*
*itself and as erroneously sued as Chubb Insurance*
*Group, a non-entity, incapable of being sued), and*
*Vigilant Insurance Company*

And

/s/Kelly Cambre Bogart
KELLY CAMBRE BOGART (#22985)
LAWRENCE J. DUPLASS (#5199)
C. MICHAEL PFISTER (#14317)

JAIME M. CAMBRE (#29116)
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Tel.:    (504)  832-3700
kbogart@duplass.com
lduplass@duplass.com
mpfister@duplass.com
jcambre@duplass.com
*Attorneys for Fireman's Fund Insurance*
*Company, and The American*
*Insurance Company*

And

*/s/  Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

And

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendants*
*The Involved Lloyd's Underwriters*

And

*/s/   Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jay R. Sever (Bar #23935)
Jacqueline M. Brettner (Bar #30412)
Canal Place
**PHELPS DUNBAR LLP**

365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for Defendant Scottsdale Insurance*
*Company*

And

*/s/ Edward J. Lilly*
EDWARD J. LILLY, LSBA #8571
CRULL, CASTAING &  LILLY
601 Poydras Street, Suite 2323
New Orleans, LA 70130
Tel. (504)581-7700
Fax (504)581-5523
*Attorneys for Southwest Business Corporation*

And

/s/ Thomas H. Huval
Thomas H. Huval (Bar #21725)
Huval Veazey Felder & Aertker, L.L.C.
532 East Boston Street
Covington, LA 70433
(985) 809-3800 (telephone)
(985) 809-3801 (facsimile)
*Counsel for Security Plan Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss has been served upon all counsel of record by electronic notice from the Court's CM/ECF Filing System, this 19th day of March, 2009.

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle