UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * * | and consolidated cases |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*            05-5531 | * | |
| *Mumford v. Ingram*       05-5724 | * | |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*               06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*            06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAG. |
| *Lafarge v. USA*                07-5178 | * | JOSEPH C. WILKINSON, JR. |
| *Weber v. Lafarge*            08-4459 | * | |

**REPLY MEMORANDUM IN SUPPORT OF BARGE PLAINTIFFS' FIRST MOTION TO CONTINUE INDIVIDUAL TRIALS AND FOR MODIFICATION OF CASE MANAGEMENT ORDER NO. 7**

**MAY IT PLEASE THE COURT:**

Trial continuances and CMO modifications are not novel to the Katrina Canal Breaches Consolidated Litigation, and have been liberally granted in the various tracks.  To date, this is the Barge Plaintiffs' first and only request to move the trial date, which they seek in order to preserve the utility of the individual bellwether trials.  There is little point in bellwether trials in the absence of complete expert reports.  Barge Plaintiffs reply as follows to Lafarge North America, Inc.'s Opposition to their First Motion to Continue Individual Trials and for Modification of Case Management Order No. 7:

**LAW**

Barge Plaintiffs offer the following additional authority:

1

"Rule 16(b) of the Federal Rules of Civil Procedure grants a district court the power to control pretrial discovery utilizing a scheduling order. The Fifth Circuit has recognized that Fed.R.Civ.P. 16(b)'s grant of authority requires "broad discretion" be given to the district court to control pretrial discovery. See Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). It is clear to the Court from the memoranda submitted that Plaintiff's counsel in this case has failed to comply with many of the Court's scheduling deadlines. However, granting of Defendant's motion in this circumstance would essentially strike all of Plaintiff's witnesses, the equivalent of an order of dismissal. Such a drastic remedy is not appropriate based on the fault of Plaintiff's counsel. Moreover, the Court does not believe that Defendant will be prejudiced by granting a relatively short continuance of the trial in this matter so that discovery may be conducted allowing an appropriate amount of time for the Defendant to respond to Plaintiff's late disclosures, and prepare for trial."

> ***Solomon & Iberville Rentals, LLC v. State Farm***, Civil Action No: 07-7523, Section: "J" (1) (E.D.La. 7-11-2008).

"The Court imposed Scheduling Order established April 10, 2008 as the latest date for plaintiffs to timely deliver all written experts' reports to opposing counsel. (Doc. 82). However, a court's Scheduling Order may be modified upon a party's "showing of good cause." Fed.R.Civ.Pro. 16(b). In determining whether a party has demonstrated "good cause" for modifying a deadline for filing expert reports, the court should consider the following factors: (1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice. *Reliance Insurance Company v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)."

> ***Crescent Towing Salvage Co., Inc. v Beauty***, Civil Action No. 05-4207 Section "K"(5)  (E.D.La. 7-8-2008)

## ARGUMENT

Lafarge North America (hereinafter "Lafarge"), in typical inflammatory fashion, opposes Plaintiffs' current request on three grounds which are mutually inconsistent, erroneous, and incompatible with Lafarge's own representations and prior positions, namely:  (1) that Mr. Marino has not been sufficiently diligent in completing his analysis, yet (2) his analysis as it

2

existed as of the class certification deadline is complete (notwithstanding the position they take in Point No. 1former), and (3) that Lafarge will be prejudiced. These arguments are unavailing.

1. Lafarge recognizes that Mr. Marino explained in his class certification deposition that the IPET soil analysis results were suspect, and that he needed to do additional research and study. Unlike Lafarge's experts, Mr. Marino has not been able to "piggy-back" his findings onto those generated by the MRGO-Robinson experts who were retained when Barge Plaintiffs were still mere Respondents-in-Limitation. As a result of the Barge Plaintiffs' position in that litigation, they were unable to conduct discovery into any areas other than the vessel owners' negligence, and privity or knowledge. Mr. Marino could not have informed plaintiffs' counsel of the need for this scientific material before the October 2007 deadline for propounding written discovery in the Barge Litigation Track, as he had not yet been retained due to the absence of discoverable data. And unlike plaintiffs' other experts, Mr. Marino cannot examine current site conditions and render conclusions about the conditions on August 29, 2005. Unlike an appraiser, he cannot inspect a damaged property today and opine as to the effects of flooding during Katrina. Unlike a hydrologist, he cannot examine permanent topographical features and opine as to water flow during Katrina. After the IHNC floodwall breaches were repaired, he had at his disposal only the soil borings data generated by the United States Government. Locating, identifying, acquiring, interpreting and analyzing this data has required much more time than would have been the case were the data available for self-acquisition. Plaintiffs' counsel broadcast several requests to other parties in efforts to obtain soil boring data. Washington Group International, Inc. replied promptly, but after analyzing their data throughout Autumn 2008, Mr. Marino concluded that the data was incomplete, and suspected that more existed. Plaintiffs' counsel then sent a renewed request to the United States Government, which, after time reasonably needed to locate specific

items scattered throughout the repository, provided in early February 2009 a tremendous quantity of data, some of which is encoded using an unknown system of acronyms. Lafarge, in its Opposition, assumes the worst of Mr. Marino - that he has not been diligent. However, in reality, Marino Engineering Associates is engaged industriously in efforts to complete the analysis.

2.   Though Lafarge must concede that Mr. Marino's report is incomplete in order to argue that he is dilatory, Lafarge nonetheless argues that a complete report is not meaningful. The inconsistency is apparent, and it is no surprise that Lafarge would prefer that Plaintiffs' causation expert render an incomplete opinion without soil boring analyses. Plaintiffs doubt that Lafarge would stipulate that proof of IHNC soil stability, density, composition, etc., would be inadmissible in trial and Plaintiffs fully anticipate this will be a key piece of the causation puzzle at trial.

Lafarge apparently hopes to exclude the plaintiffs' proof and then exploit the exclusion. Lafarge suggests that Plaintiffs' other breach causation experts – Hector Pazos and Robert Bartlett – both of whom come from engineering fields different from Mr. Marino's, supplant Mr. Marino's role in this litigation. Again, Plaintiffs' counsel doubt that Lafarge will agree to stipulate not to challenge of these experts' qualifications or the admissibility of their findings, or that Lafarge will refrain from challenging them based upon omitted portions of Mr. Marino's opinions.

The Barge Plaintiffs agree whole-heartedly with the Court that the issues of fault and causation are the keys that can unlock the stalemate and promote final resolution for tens of thousands of flood victims. Surely, Lafarge agrees with this premise. However, due process and presentation of all salient proof is essential to the Court's and Parties' efforts. Any advantage

that Lafarge perceives in trial without Mr. Marino or his complete analysis is entirely illusory; such a trial would be useless, and overwhelmingly prejudicial (especially to the individual plaintiff who would in that case have the "misfortune" of being selected first).

**3.** Barge Plaintiffs are alone in this motion, despite their reasonable expectation that Lafarge would join.  In the past, counsel for both Barge Plaintiffs and Lafarge have been generous and cooperative in efforts to devise scheduling modifications that best serve the needs of the Parties and Court.  This has been accomplished by mutually consensual extension of co-dependent deadlines, in order to afford both Parties equal benefit without prejudice.  However, ***despite opposing counsel's consistent, frequent repetition since entry of CMO No. 7 that the case cannot be in a trial posture by July 2009***, Lafarge now refuses to consent to a request for a nominal three month continuance.  Lafarge's tactical stance is also belied by the fact that they consistently recognize the ongoing need for extension of other deadlines contained in CMO7 – those for depositions, delayed tender of John Kilpatrick's expert report until the Court rules on class certification, the final witness list deadline.  In fact, Lafarge recently moved with Plaintiffs' consent for another extension of the deposition deadline.  This motion is now pending.  Lafarge suggests prejudice due to delay, but cannot articulate how their trial preparation is complicated or increased by a trial continuance.  Lafarge would still undertake the same activities in defense of Mr. Marino's complete opinion.  Nor does Lafarge explain reasonably why delays that Lafarge itself seeks are any less "prejudicial."

Lafarge also expresses worry that Your Honor will imminently retire from the bench, necessitating that this matter be assigned to a different Judge.  The Plaintiffs are no less attentive to Your Honor's intentions, and no less committed to having this matter tried before Your Honor.  Plaintiffs are reassured to learn that this is not a factor.

## **CONCLUSION**

Barge Plaintiffs are acutely aware of, and do not take lightly, the Court's intention that the Parties proceed expeditiously and efficiently to adjudication of the issues of floodwall breach causation and fault. The Barge Plaintiffs are no less eager to have these matters decided, and their attorneys have spent three long years preparing to battle a host of theories articulated by parties on both sides of the "versus" in these consolidated matters. On the other hand, after all of the time, effort and money spent on proof that ING 4727 broke the floodwall, a lopsided trial with only partial proof is wasteful of judicial resources, and prejudicial to the Plaintiffs whose claims are to be tried. Good cause has been shown. To serve and promote due process, and to preserve the integrity of the IHNC floodwall breach inquiry central to this litigation, this Court is respectfully moved to exercise its discretion and grant the relief sought.

March 22, 2009.

                Respectfully submitted,

                1/s/ Brian A. Gilbert
                Brian A. Gilbert, Esq. (21297)
                LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
                821 Baronne Street
                New Orleans, Louisiana 70113
                      Telephone: (504) 885-7700
                      Telephone: (504) 581-6180
                      Facsimile: (504) 581-4336
                e-mail: bgilbert@briangilbertlaw.com

                /s/Shawn Khorrami
                SHAWN KHORRAMI  (CA Bar #180411)
                DYLAN POLLARD  (CA Bar #180306)
                MATT BAILEY  (CA Bar #218685)
                444 S. Flower St., Thirty-Third Floor

>Los Angeles, California 90071
>>Telephone: (213) 596-6000
>>Facsimile: (213) 596-6010
>>skhorrami@kpalawyers.com
>>dpollard@kpalawyers.com
>>mbailey@kpalawyers.com

>/s/ Lawrence D. Wiedemann,
>Lawrence D. Wiedemann.(13457)
>Karl Wiedemann (18502)
>Karen Wiedemann (21151)
>WIEDEMANN & WIEDEMANN
>821 Baronne Street
>New Orleans, Louisiana 70113
>>Telephone: (504) 581-6180
>>Facsimile: (504) 581-4336
>>e-mail: lawrence@wiedemannlaw.com,
>>karl@wiedemannlaw.com, karen@wiedemannlaw.com,

>/s/ Patrick J. Sanders
>Patrick J. Sanders (18741)
>3316 Ridgelake Drive
>Suite 100
>Metairie, LA 70002
>>Telephone: 504-834-0646
>>e-mail: pistols42@aol.com

>/s/ Richard T. Seymour
>Richard T. Seymour (D.C. Bar #28100)
>Law Office of Richard T. Seymour, P.L.L.C.
>1150 Connecticut Avenue N.W., Suite 900
>Washington, D.C. 20036-4129
>>Voice: 202-862-4320
>>Cell: 202-549-1454
>>Facsimile: 800-805-1065 and 202-828-4130
>>e-mail: rick@rickseymourlaw.net

>Attorneys for Barge Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing have been served upon counsel of record, by ECF upload, on the 22nd day of March, 2009 and 24th day of March, 2009.

\s\Brian A. Gilbert