# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | § | **CIVIL ACTION NO.** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **05-4182 "K"(2)** |
| | § | |
| **PERTAINS TO:** | § | **JUDGE DUVAL** |
| | § | |
| **BARGE** | § | **MAG. WILKINSON** |
| | § | |
| **FILED IN: ALL BARGE** | § | |

_____

## MRGO PSLC'S OPPOSITION TO BARGE PLAINTIFFS' FIRST MOTION TO CONTINUE INDIVIDUAL TRIALS AND FOR MODIFICATION OF CASE MANAGEMENT ORDER NO. 7

NOW INTO COURT, through undersigned counsel, comes the MRGO PSLC, which

opposes the Barge Plaintiffs' First Motion to Continue Individual Trials and for Modification of

Case Management Order No. 7 (Rec. Doc.18130), for the following reasons:

### I.

Case Management Order No. 7 was entered on May 1, 2008.

### II.

Barge Plaintiffs' Expert Dr. Gennaro Marino has been in the employ of the Barge

Plaintiffs since December, 2007, and has already provided a June 2008 expert report related to

the cause of the flood wall failures.

### III.

The Court will recall that this is not in fact the first time that the Barge Plaintiffs have had

their trial and trial-related dates extended.  Case Management Order No. 5 (Rec. Doc. 7724),

dated September 18, 2007, established a deadline of November 30, 2007 for the Barge Plaintiffs

to name their experts with a deadline of March 31, 2008 as the Plaintiffs' deadline to produce

expert reports.

On January 25, 2008, the Court modified Case Management Order No. 5 and extended

the deadline for Plaintiffs to file their merits expert reports to August 1, 2008.

## IV.

Dr. Marino's declaration curiously omits *when* the "massive quantities of soil boring

data" (Barge Plaintiffs' memorandum, pg. 4) were received, or what limitations Dr. Marino has

regarding such a fundamental inquiry.

Furthermore, Dr. Marino fails to quantify the number of soil borings that need to be

evaluated.  The Corps of Engineers own June 2007 IPET report provided an analysis, with soil

borings, that focused on whether the ground supporting the IHNC flood wall played a causal role

in the failure of those portions of the flood wall.  While the MRGO PSLC has discovered that the

IPET analysis is flawed, Dr. Marino fails to specify how the soil borings analyzed in the IPET

report differ from the soil borings he currently must examine.

## V.

The Barge Plaintiffs' reliance on a continuance concerning the *Robinson* trial is

inapposite.  The *Robinson* plaintiffs undertook state of the art analysis of the deleterious effects

of the MRGO that incorporated numerous disciplines into a cutting edge analysis that arguably

eclipses the IPET report.

In response, the defendant United States required its ten (10) experts to re-visit their IPET

analyses to evaluate factors that had not been considered until the *Robinson* Plaintiffs' expert reports established a causal relationship between the MRGO's deleterious effects and the catastrophic flooding of the Lower Ninth Ward, St. Bernard Parish and the entirety of New Orleans East.

Here, Dr. Marino's contribution constitutes only one discipline, for only one distinct area, of a straightforward theory that has already been analyzed, with supporting documentation, by the IPET team.

## VI.

The MRGO PSLC hereby adopts the remaining arguments set forth by defendant Lafarge North America ("LNA") so as to avoid useless duplication and squandering of the Court's resources.

## VII.

The MRGO PSLC prays that the Court deny the Barge Plaintiffs' First Motion to Continue Individual Trials and for Modification of Case Management Order No. 7 as this would create a substantial hardship for the MRGO Plaintiffs, who have undertaken extraordinary efforts to meet trial related deadlines and to be ready to commence trial on the date specified in the Case Management Order.

PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO
LA Bar Roll Number: 3604
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

-3-

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

for

MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles,
CA)
James Parkerson Roy (Domengeaux, Wright, et al.,
Lafayette, LA)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record

by placing same in the United States mail, properly addressed and with first-class postage, or by

facsimile or other electronic transmission this 24th day of March, 2009.

/s/ Joseph M. Bruno

Joseph M. Bruno

-4-