UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2) |
| PERTAINS TO: CIVIL ACTION NO. 09-2613, 09-2614 | Judge Duval |
| | Magistrate Wilkinson |

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FILED BY FORCED PLACED INSURERS

**MAY IT PLEASE THE COURT,** this memorandum is submitted on behalf of the forced placed plaintiffs represented by Jim S. Hall and Associates and these claims have been presented in Civil Action Number 09-2613 and 09-2614.

Additionally, plaintiff does adopt herein as if copied in extenso any and all other oppositions filed by other plaintiffs counsel who have opposed the Joint Motion to Dismiss filed by the forced placed insurers.

As apparent from the defendants memorandum in support of their motion, questions of standing for homeowners whose home was covered by forced placed policy have been raised on numerous occasions in the Eastern District of Louisiana. Page 33 of defendants' Memorandum sets forth the many decisions rendered by various sections of this court. In that list there are 4 cases in which various judges of this court have denied similar Motions to Dismiss when dealing with Safeco Insurance Company and specifically General Insurance Company of America which is the insurance

company which offered the forced placed policies which are subject of the lawsuits herein. See defendants' memorandum page 5 wherein they state that "the Safeco entity that issued the forced placed insurance policies at issue in the FPI umbrella was General Insurance Company of America." Defendant attempts to argue that the cases cited which have denied Motions to Dismiss should be distinguished because all pre-dated a state court decision in *Schaeffer v. Balboa Insurance Company*, 2008-1008, 2008 WL5263776 (LaApp 4 Cir 12-17-08). However, the Schaeffer decision dealt with the policy of insurance issued by Balboa Insurance Company. The policy of insurance issued by General Insurance Company of America, as has been pointed out by the various decisions cited in the defendants' Memorandum, contains differing provisions which indicate that the policy was in fact a direct benefit to the homeowner.

Counsel will not attempt to set forth all the arguments all the reasoning of the courts who have denied the Motion to Dismiss filed by the Safeco entity but would direct the Court's attention to those cases cited on page 33 of defendant's memorandum.

Additionally, concerning the motions filed by Balboa Insurance Company, it should be noted that it is not seeking dismissal of all undersigned counsel's Balboa claims. Specifically they seek dismissal of only the claims of Wayne Johnson, Lois Conway, Sandra Cummings, Roosevelt and Lynnette Patterson, Daisy Voich-Perkins and Meredith Williams.

Defendants first contend that plaintiffs' pleadings are deficient, failing to allege sufficient facts. The pleadings do mention the forced placed nature of the insurance policies subject to the lawsuit. The complaints do not identify the particular properties, etc. As the court is well aware these

forced placed claims were separated out of the mass joinder suit and allowed to proceed according to the court's order in the present form. The present posture of the complaints as the court has stated is for motion purposes only and obviously there is anticipated a further severance by which specific identification of property, damages, and insurer are anticipated. For this reason defendants' allegations of deficiency of the complaints should not at this time be granted.

Defendants also contend that plaintiffs lack standing to make the claims they are making. Defendants argue that plaintiff s are not named insureds, lacking relationship with the defendant, and are not third party beneficiaries of the contract of insurance. The lack of standing issue generally will fall if plaintiff's are found to be third party beneficiaries of the subject insurance policies. As noted above, several sections within this court have in fact ruled that plaintiffs are in fact third party beneficiaries of the various contracts of insurance, especially those issued by General Insurance Company of America. In fact, movers have only cited one case (*Harrison v. Safeco*) wherein the General Insurance Company of America, the Safeco entity, was successful in defeating a plaintiff's claim. However, that case has been distinguished by the subsequent Safeco decisions and undersigned counsel specifically references this court to *Lee vs. Safeco Insurance Company of America,* Civil Action number 08-1100, file document number 23 wherein, at pages 8, Judge Africk clearly distinguishes Harrison.

Lastly, undersigned counsel contend that the subject forced placed petition should be allowed to proceed on an individual basis. Plaintiffs' petition and amended petition is certainly specific enough and detailed enough to state a cause of action. The individual differences of each claim can

only be specifically discussed once the claims are in fact individualized against a specific insurer wherein the fact of each case can be considered and a decision made regarding plaintiff's standing as a third party beneficiary of the contract of insurance. For these reasons and the reasons stated above the Motion to Dismiss should be denied.

Respectfully submitted,

**JIM S. HALL & ASSOCIATES, LLC**

 /s/Jim S. Hall
**JOSEPH W. RAUSCH #11394**
**JIM S. HALL #21644**
800 N. Causeway Blvd., Suite 100
Metairie, Louisiana 70001
Telephone: 504-832-3000
Facsimile: 504-832-1799

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2009, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

 /s/Jim S. Hall
**JIM S. HALL**