UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES         CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO.: 05-4182

                                       SECTION "K"(2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237,
            05-6073, 05-6314, 05-6324, 05-6327, 05-6359,
            06-0020, 06-1885, 06-0225, 06-0886, 06-11208,
            06-2278, 06-2287, 06-2346, 06-2545, 06-3529,
            06-4065, 06-4389, 06-4634, 06-4931, 06-5032,
            06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
            06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
            07-0647, 07-0993, 07-1284, 07-1286, 07-1288,
            07-1289

PERTAINS TO:  LEVEE

## THE SEWERAGE AND WATER BOARD OF NEW ORLEANS' REPLY TO PLAINTIFFS' POST-HEARING SUBMISSION

Defendant Sewerage and Water Board of New Orleans ("SWB") moved for summary judgment on plaintiffs' remaining claims. [Doc. 16843]. Oral argument on the motion was held on March 4, 2009. Thereafter, plaintiffs submitted a post-hearing memorandum and exhibits in opposition to the SWB's summary judgment motion. [Doc. 18191]. Plaintiffs' post-hearing submission does not defeat the SWB's motion.

   I.   THE EXHIBITS OFFERED BY PLAINTIFFS DO NOT CREATE A GENUINE
        ISSUE OF MATERIAL FACT

Plaintiffs offer certain exhibits which they suggest create an issue of fact precluding summary judgment. Plaintiffs are wrong. The exhibits fail to respond to the issue for decision: whether the SWB is legally responsible for the failure of a levee that it did not and could not

1

design, build or maintain.  In other words, is the SWB liable for other governmental agencies not doing their respective jobs?

The SWB has established it did not design, build or maintain the levees which contain the 17th Street Canal.  Further, the SWB has shown it had no duty to design, build or maintain those levees.  Instead, pursuant to the design of Modjeski & Masters,[1] the SWB submitted a request and received a permit in 1984 from the United States Army Corps of Engineers to dredge the 17th Street Canal to improve drainage.[2]  Thereafter, the Corps federalized the levees lining the 17th Street Canal and made them part of the Lake Pontchartrain & Vicinity Hurricane Protection Project ("LPVHPP").  Pursuant to the LPVHPP, after it issued the dredging permit to the SWB, the Corps of Engineers re-evaluated and re-designed the levees that line and contain the canal.  Thus, with full knowledge of the parameters and design of the dredging project it already had approved, the Corps undertook to design and rebuild the levees.  The Corps reviewed and calculated the forces that would be imparted upon the levees in ordinary and extraordinary times and determined the strength the levees and floodwalls needed to protect the City of New Orleans from flooding.  The Corps did this knowing the shape and contours of the canal sitting inside the banks of the levees.  The Corps, and not the SWB, decided the design of the levee that failed.

---

[1] " . . . the SWB retained the civil engineering firm, Modjeski & Masters, Inc. ("Modjeski"), to provide a plan for the design and implementation of the dredging project . . . ." Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint, ¶41. [Doc. 7571].  Modjeski & Masters were independent engineers.  Exhibit No. 2, pp. 10-11.

[2] " . . . the SWB initiated a project to improve drainage from the 17th Street Canal Drainage Basin. . . . The purpose of the dredging was to remove sediment form the canal bottom and re-shape the canal cross section to improve the canal's flow characteristics, and to increase the pump capacity of Pump Station No. 6."  Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint, ¶35. [Doc. 7571].

2

The SWB is not responsible for the inadequate design of a levee that was not within its jurisdiction. By acts of Congress and the Louisiana legislature, government has been compartmentalized and organized so that different departments have different responsibilities. In keeping with its charge, the SWB sought and obtained approval to improve drainage by dredging the 17th Street Canal. As a necessity per our governmental organization, the SWB had to rely on others to perform their delegated tasks; here, to design, build and maintain levees bordering the canal. And the SWB did so knowing that after the dredging plan was approved, the parties delegated responsibility for the levees, the Orleans Levee District and the United States Army Corps of Engineers, were re-evaluating, re-designing and re-building those very levees. The SWB is not negligent for the failure of levees within the control of others.

Plaintiffs still fail to offer any evidence that the canal was not dredged as planned. Plaintiffs did not show the dredging deviated from the dredging plan. Instead, in attempting to show that the canal was dredged "off center," plaintiffs offer an exhibit which shows the approved dredging plan contemplated that the levee would extend above the water line on the west or Jefferson Parish side and would need to be fertilized and seeded to avoid erosion. See Plaintiffs' Exhibit No. F12. Consequently, plaintiffs' argument that the SWB was negligent because a strip of earth could be seen on the west side of the canal is evidence that the SWB indeed complied with the Corps' approved plan.

The canal was dredged as planned. What failed was the levee others designed and built to contain it. The Corps, as Lt. Gen. Carl Strock admitted in Congressional hearings on April 5, 2006, erred in its design of the levees and floodwalls. The SWB did not design or control the design of the levees and floodwalls and had no such responsibility. It was a failure of something

3

not within the SWB's control that caused New Orleans to flood. The SWB had no duty or ability to make sure the Corps' design of the levees and floodwalls was adequate. Summary judgment is proper.

      II.      THE EXHIBITS SUBMITTED BY PLAINTIFFS DO NOT SUPPORT THEIR ARGUMENTS

Because the SWB did not control the design of the levee that failed, it is not responsible for its failure and summary judgment is appropriate. Plaintiffs' arguments about the canal being dredged off center and it being deeper than the sheet piles are not legally relevant. The parameters of the canal were known and approved by the very body that then set about designing and building the levees. The fact the canal was allegedly off center or was deeper than the sheet piles is irrelevant because the later designed levee that failed was not within the SWB's control.

That said, even were the SWB somehow responsible for the design of the levee, plaintiffs' arguments are unfounded and do not raise a genuine issue of material fact.

      A.      <u>The SWB Did Not Dredge Off-Center</u>

The plaintiffs attach several photos and the affidavit of Dr. Robert Bea to suggest the 17th Street Canal was negligently dredged off center. First, the photographs in no way show the canal was dredged off center. They do not show what is below the surface of the water. Two of the three photos do not show the east side of the canal. The third photo [Doc. 18191-2] shows the presence of a strip of earth inside the floodwall on both the Orleans side of the canal and the Jefferson side. The photos do not support plaintiffs' claims.

Second, plaintffs' argument reveals several fundamental misunderstandings of the facts. Dr. Bea's affidavit cannot support the conclusion that the canal was dredged off-center because he clearly had no idea the canal was dredged in two phases: east side first, west side second. He

4

cites to the "As Built" of Boh Brothers' dredging of the east side to show the canal was dredged off-center.[3] As the evidence makes clear, however, after Boh dredged the east side of the canal, the East Jefferson Levee District hired Professional Construction Services, Inc., to dredge the west side. See Exhibit No. 20. Dr. Bea's mistaken and incomplete understanding of the dredging of the canal does not create a genuine issue of material fact. After Boh dredged the east side of the canal, Professional dredged the other side.

Moreover, the As Builts reveal that at Station 560+00 more material was dredged from the west side of the canal than from the east side. In other words, plaintiffs suggest the levee failed because the canal was dredged off-center taking too much material from the Orleans side that failed. The As Builts show otherwise. At Station 560+00, the location where the levee failed, the As Builts reveal that 2502 cubic yards of material was dredged from the east or Orleans side of the canal. Exhibit No. 26 [Doc. 16843-24, p. 6 of 25]. On the other hand, at the same station on the west or Jefferson side, 2631 cubic yards of material was dredged. Exhibit No. 28. [Doc. 16843-24, p. 16 of 25]. Thus, where the levee breached, more material was dredged from the Jefferson Parish side of the canal than from the Orleans Parish side.

That land can be seen on the inside of the floodwall on the Jefferson side of the canal is explained by the fact the Jefferson levee is bigger. The Team Louisiana report reveals the

---

[3] On page 17 of Dr. Bea's affidavit he attaches a diagram from the As Builts for Boh Brothers' dredging of the east side of the canal. The diagram he inserted as Fig. 13 comes from a page identified as "Typical Sections – I" and shows a typical section for the dredging of the east side over a 6000 foot span, from Sta. 553+70 to Sta. 613+00. Exhibit No. 26. [See Doc. 16843-24, p. 4 of 25]. It shows typical sections over a stretch of canal, not the actual cross section at Sta. 560+00. The actual cross sections for Sta. 560+00 were attached as exhibits to the SWB's memorandum in support of its motion for summary judgment and reflect the actual dredging that occurred at the location of the breach. Exhibit Nos. 26 and 28.

5

Jefferson levee was three times as massive as the Orleans levee. I. Ll. van Heerden, *Team Louisiana, The Failure of the New Orleans Levee System during Hurricane Katrina*, 198-199 (2006).

The two levees were built at different times by different governmental agencies. The east side levee was built and maintained by the Orleans Levee District. On the other hand, the Jefferson levee was not built until after much of the east bank of Jefferson Parish was flooded in the 1947 hurricane. Exhibit No. 6, pp. 22-23, 56. After that flood, the Corps of Engineers stepped in and built the Jefferson levee. Thus the levees had different builders building to different standards. The Jefferson levee was bigger and when the canal was dredged, part of it remained above water.

That the levees were not identical is shown by Exhibit No. 26. As the Court will remember, as a convenience, the dredging work in the canal and hurricane protection work to the levees was conducted at the same time. The Orleans Levee District contracted with Boh Brothers to dredge the east side of the canal and to make improvements to the Orleans levee. Similarly, the East Jefferson Levee District contracted with Professional to dredge the west side of the canal and to make improvements to the Jefferson levee. A close look at the As Builts for that work reveals the pre-existing Jefferson levee was just under 10 feet tall, while the Orleans levee was a few feet shorter. Even after 827 cubic yards of material was excavated from the top of the Jefferson levee at Station 560+00, as opposed to 134 cubic yards of material removed from the top of the Orleans levee, the As Builts reveal the Jefferson levee remained bigger or taller than the Orleans levee. See Exhibit Nos. 26 and 28.

Plaintiffs have not supported their claim that the dredging of the canal was off center. They have opposed the SWB's motion with arguments sewn from whole cloth. The exhibits in the record show the canal was not dredged as plaintiffs argue off center taking more material from the Orleans side.

B.  The Depth of the Dredging Did Not Cause the Levee Failure

Plaintiffs complain the SWB punched through the hydraulic cap allowing lateral seepage. First, it is undisputed the dredging project simply returned the canal to a depth it previously had been dredged. Exhibit No. 25, p. 6 (the canal bottom previously "was as deep if not deeper than the proposed design grade"). No exhibit offered by plaintiffs shows the dredging at Station 560+00 removed the hydraulic cap causing lateral seepage at that location. Second, to stop lateral seepage, before the Corps took over the design of the levees, the plan was for sheet piles to be driven in the levees -36.5 feet below sea level. Or as plaintiff's have themselves pled, the sheet piles were to be driven locating "the sheet pile tips 16 feet lower than the bottom of the canal." Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint, ¶62. [Doc. 7571].

After the Corps of Engineers made the 17th Street Canal levees part of the LPVHPP and took over the design and construction of the levees, the Corps reevaluated the necessary length of the sheet piles. After the dredging permit had been issued, the Corps decided it was safe to raise the tip elevation of the sheet piles above the floor of the canal. Thus, the protection against lateral seepage was reduced by the party responsible for the design and construction of the levees. Dr. Bea found "[t]he sheet pilings were not driven deep enough to form an effective

7

barrier to seepage – water pressure development." Affidavit of Dr. Robert Bea, p. 33. But the party with jurisdiction over the levees decided the depth of the sheet piles. The SWB did not.

### C.    The Stability of the Soils Pertains to Levee Design

Plaintiffs complain that the SWB avoided warnings about the stability of the old levees and the soils beneath them. As pointed out in the SWB's Reply Memorandum in Support of Summary Judgment, the condition of the levees found in 1981 and 1982 is irrelevant because the levees were re-designed and re-built by the Corps after 1981-82. The 1981-1982 condition of the levees is not representative of the condition of the levees in 2005, some twenty-three years later. Moreover, the SWB had no control over the design and construction of the levees. It was the responsibility of the OLD and the Corps to use soil stability information to design the levees.

Additionally, plaintiffs continue to refer to exhibits discussing the condition of the levees at locations other than at the site of the breach. These submissions are red herrings. Exhibit F19 relates to subsoil investigation at Station 617+50 to Station 663+00 (roughly a block north of I-10 to two blocks north of the pumping station). Exhibit No. 26 [Doc. 16843-24, p. 3 of 25] shows the station numbers along the canal. Plaintiffs' Exhibit F9 is an analysis north of the Hammond Highway bridge. Plaintiffs Exhibit F18 relates to stability analysis done between Sta. 625+00 and Sta. 670+00 (between Veterans Hwy. and the pumping station).

Plaintiffs' submissions do not deal with the breach site. Instead, the only record evidence dealing with a location near the breach site shows, before the levee re-design and re-construction, the levee met the Corps of Engineers 1.3 factor of safety. Exhibit "A" attached to the SWB's Reply Memorandum in Support of Summary Judgment.

CONCLUSION

By statute the SWB was responsible for drainage.  Similarly, by statute, others were responsible for levees and floodwalls.  For the SWB to fulfill its statutory obligations, since it was not given unlimited jurisdiction, it had to rely on those others to properly carry out their own responsibilities.

In connection with the LPVHPP, the Corps of Engineers federalized the levees along the 17th Street Canal.  In doing so, the Corps imposed changes in the design criteria for the levees and modified plans prepared by Modjeski & Masters.  As plaintiffs allege in their complaint, the levees originally contained sheet piles driven 16 feet below the bottom of the canal.  After the Corps completed extensive evaluation, a different design was imposed.  The SWB had no control over that design and had to trust the Corps's engineering evaluation.  The SWB was not responsible for the levee and as such had no duty to plaintiffs to ensure the levee could withstand the forces exerted by Hurricane Katrina.

For the forgoing reasons, and those given in the SWB's original and reply memoranda in support, summary judgment should be granted dismissing plaintiffs' suit against the Sewerage and Water Board of New Orleans, with prejudice.

Respectfully submitted,

/s/ Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**CHARLOTTE J. SAWYER – #28493**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

        **GEORGE R. SIMNO III - #12271**
        **GERARD M. VICTOR - #9815**
        625 St. Joseph Street, Room 201
        New Orleans, Louisiana 70165
        Telephone:  (504) 585-2242
        Facsimile:   (504) 585-2426

        ATTORNEYS FOR DEFENDANT SEWERAGE
        AND WATER BOARD OF NEW ORLEANS

## **C E R T I F I C A T E**

I do hereby certify that on the 27th day of March 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

        /s/ Charles M. Lanier, Jr.
        _____
        **CHARLES M. LANIER, JR.**