UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | CIVIL ACTION |
| **CONSOLIDATED LITIGATION** | * | |
| **PERTAINS TO: SEVERED MASS JOINDER CASES** | * | No. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| *APPLIES TO "FORCED PLACE INSURANCE"* | * | |
| | * | |
| 09-1600, 09-1604, 09-1609, 09-1610, 09-1611, 09-1612, 09-1614, 09-1615, 09-2529, 09-2560, 09-2561, 09-2562, 09-2563, 09-2564, 09-1565, 09-1566, 09-1567, 09-1568, 09-1569, 09-2570, 09-2571, 09-2572, 09-2573, 09-1575, 09-2575, 09-2582, 09-2583, 09-2584, 09-2585, 09-2586, 09-2587, 09-2588, 09-2589, 09-2593, 09-2594, 09-2595. 09-2596, 09-2597, 09-2598, 09-2599, 09-2600, 09-2607, 09-2615, 09-2616, 09-2617, 09-2618, 09-2619, 09-2620, 09-2621, 09-2622, 09-2623, 09-2625, 09-2630, 09-2640, 09-2642, 09-2644, 09-2645, 09-2646, 09-2647, 09-2448, 09-2649, 09-2650, 09-2651, 09-2652, 09-2653, 09-2654, 09-2655, 09-2656, 09-2657, 09-2658, 09-2659, 09-2660, 09-2661, 09-2662, 09-2663, 09-2664, 09-2665, 09-2666, 09-2667, 09-2668, 09-2677, 09-2678, 09-2679, 09-2680, 09-2681, 09-2682, 09-2683, 09-2684, 09-2685, 09-2686, 09-2687, 09-2688, 09-2689, 09-2690, 09-2691, 09-2692, 09-2693, 09-2694, 09-2695, 09-2696, 09-02697, 09-2702, 09-2703, 09-2705, 09-2706, 09-2709, 09-2710, 09-2711, 09-2712, 09-2713, 09-2726, 09-1717, 09-2719, 09-2720, 09-2723, 09-2724, 09-2729, 09-2730. | * * * * * * * * * * | CIVIL ACTION<br><br>No.<br><br>SECTION "K" () |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
(REC. DOC. 18100)**

**MAY IT PLEASE THE COURT:**

Certain insurance company Defendants as named in the captioned cases have moved for dismissal of the claims against them on the grounds that the plaintiffs' have complaints are insufficiently plead, and because the plaintiffs have no standing to assert any causes of action against the insurers. Specifically, the argument is that plaintiffs have no policies of insurance because the policies name the lenders rather than the homeowners as the insured, the plaintiffs are not the insureds, and the plaintiffs are not third party beneficiaries. Plaintiffs file this memorandum in opposition to the requested dismissal.

First, Plaintiffs adopt any and all opposition arguments as filed in 09-2613, 09-2614, 09-2879, and 09-2880, as in set forth herein in their entirety.

Further, while the plaintiffs are not named as insureds under the policies, the Court cannot decide as a blanket matter that no plaintiff is a third party beneficiary of any of the forced place policies. Indeed in order for the Court to decide whether there is a stipulation pour autrui, the language of the insurance policy must be examined to determine whether 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. *See, Lee v Safeco*, 08-01100, ED. La, Rec. Doc 23, citing, *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006).

Plaintiffs concede that in these cases they are not named as additional insureds under the policies, however, there is no such concession that these plaintiffs have no rights to bring suit regarding the policies as a result of a stipulation pour autrui. Such a determination must be made after review of the policy language.

Respectfully submitted:

/s/ Joseph M. Bruno
JOSEPH M. BRUNO, (#3604)
DAVID S. SCALIA (#21369)
L. SCOTT JOANEN (#21431)
The Law Office of Joseph M. Bruno, APLC
855 Baronne Street, 3rd Floor
New Orleans, LA   70113
Telephone: (504) 561-6776
Facsimile: (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this    31st    day of March, 2009.

 /s/  Joseph M. Bruno
**JOSEPH M. BRUNO**