**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 05-4182** |
| **PERTAINS TO:  BARGE** | * | **and consolidated cases** |
| | * | |
| | * | **SECTION "K"  (2)** |
| *Boutte v. Lafarge*          **05-5531** | * | |
| *Mumford v. Ingram*       **05-5724** | * | |
| *Lagarde v. Lafarge*      **06-5342** | * | **JUDGE** |
| *Perry v. Ingram*           **06-6299** | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. Lafarge*        **06-7516** | * | |
| *Parfait Family v. USA*  **07-3500** | * | **MAG.** |
| *Lafarge v. USA*            **07-5178** | * | **JOSEPH C. WILKINSON, JR.** |
| *Weber v. Lafarge*         **08-4459** | * | |

<u>**BARGE PLAINTIFFS' FINALWITNESS LIST**</u>

<u>**FACT WITNESSES**</u>

<u>        </u>Plaintiffs may call:

1.      Ed Busch - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

2.      Earl Smith - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations; mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;   Lafarge policies and procedures; any and all

topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

3.  Edward VanderMeulen - transport, arrival and unloading of ING 4727; knowledge of hurricane effects; weather forecasts and advisories; pre-storm governmental advisories and directives; handling and mooring of barges, including but not limited to ING 4727 and others at Lafarge facility during Katrina; supervision, instruction, training;  pre hurricane activities and preparations;  mooring lines and equipment; communications concerning ING 4727; stockout conditions; description of facility, IHNC and environs; all knowledge, activities and observations pre-Katrina relevant to breakaway of ING 4727;    Lafarge policies and procedures; any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

4.  Lafarge North America, through undetermined representative(s) - to testify in trial concerning
    1.  Any and all knowledge Lafarge had preceding Katrina of any or all of the following:
        a.  Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges in advance of a hurricane;
        b.  Nature and contents of any and all written regulations, guidelines, recommendations and/or standards relevant to mooring of vessels and/or barges within the IHNC;
        c.  The forecasted nature, strength, direction and effects of Katrina;
        d.  Any and all pre Katrina actions undertaken and not undertaken by Lafarge with respect to barges at its France Road facility in light of any or all of the foregoing knowledge, or lack thereof.
    2.  Nature and proof of any and all of Lafarge's knowledge, contentions and/or defenses as to  ING 4727's escape from its berth at Lafarge during the effects of Katrina;
    3.  The existence, nature, contents and custodian(s) of any and all investigatory documents pertaining to ING 4727's berthing and/or mooring at Lafarge, escape from its berth at Lafarge, and/or possible breach(es) of the Industrial Canal floodwall;
    4.  The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all governmental agencies and/or investigative bodies relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit, including but not limited to the United States Coast Guard, Army Corps of Engineers, IPET, ILIT, Team Louisiana, National Science Foundation; and/or parties to Robinson and/or MRGO litigation;
    5.  The existence, nature, contents and custodians of any and all communications, statements, representations, and reports made by Lafarge to any and all Robinson and/or MRGO and/or BARGE plaintiffs or putative class members  relevant to the breakaway of ING 4727 and/or the eastern IHNC floodwall breaches subject of this suit.
    6.  The existence, nature, contents and custodian(s) of any and all communication statements, accounts, representations and accident and/or incident reports describing

any casualty in which ING 4727 was involved during Katrina;

7.    The existence, nature, contents and custodian(s) of any and all communications, reports, writings, records, correspondence, memoranda, bulletins and other materials concerning any movement of ING 4727 from within the Industrial Canal to or through the eastern floodwall, into the residential area of the Lower Ninth Ward;

8.    Any and all knowledge, communications, documents, photos and other information pertaining to the mooring methods of ING 4525 and/or the five barge tier of Bunge and/or other barges moored adjacent to the tier containing ING 4727, and the movements during the effects of Katrina of any and all of the aforesaid barges other than 4727;

9.    Lafarge's awareness of any publically available pre-Katrina information concerning any contentions that MRGO would or might cause or contribute to hurricane related flooding or storm surge;

10.    Lafarge's awareness and/or observations of any and all pre-Katrina projects on or near the eastern batture or canal-side embankment of the eastern IHNC between Florida and North Claiborne Avenues.

11.    The existence, contents and custodians of any land, aerial or satellite video or photo, and/or graphic, diagram, or visual representation of any or all of the following on August 28 - 29, 2005:

    a.    the Lafarge France Road facility and environs;

    b.    Industrial Canal and environs;

    c.    ING 4727;

    d.    areas constituting and/or included within the proposed Barge Class geography;

    e.    Any and all timing, sources, causes locations and extent of flooding alleged by Lafarge to have affected any or all of the proposed Barge Class geography.

12.    Identities, accounts, and whereabouts of any and all persons who claim to have knowledge of the movements of ING 4727 from the Lafarge dock to its eventual resting place in the residential area of the Lower Ninth Ward;

13.    Identities, accounts, and whereabouts of any and all persons who claim:

    a.    to have seen ING 4727 make contact with the eastern IHNC floodwall, and/or transit from the canal side of the eastern IHNC floodwall to the residential side during Katrina, and/or,

    b.    to have heard scraping sounds and/or booms and/or explosions in the Lower Ninth Ward during Katrina.

14.    Nature, timing, location, contents, methods of, and participants in, any and all interviews of putative Barge class members by Centanni Investigative and/or any and all other persons or entities acting on behalf of Lafarge;

15.    Nature, contents and custodian of any or all written, recorded, videotaped or otherwise memorialized matter or communication acquired via abovesaid interviews;

16.    Nature and timing of, and participants in, any and all activities conducted on Lafarge's behalf resulting in Lafarge's possession of any items of personal property acquired from the Lower Ninth Ward after Katrina, specifically including but not limited to stopped clocks;

17.    Nature, timing, description, memorialization and/or recordation of, and participants

in, any and all written and verbal communications and contacts between Lafarge, its agents and representatives, and Arthur Murph, Jeanne Murph, Shirley Priestly, Jennifer Fernandez, Wayne Priestly, New Berkley, LLC and/or New Jourdan, LLC, their agents, employees, relatives, shareholders and members, concerning transaction or compromise of claims related to ING 4727, concerning the movements of ING 4727, concerning sale or purchase of 1739 Jourdan Avenue and/or 105 Berkley Drive.

18.    Any and all of Lafarge's factual contentions and defenses, and underlying proof, concerning any and all of the following:

    a.    Causes of the ING 4727 breakaway;

    b.    Movements of the ING 4727 in the IHNC (and from the IHNC) on August 29, 2005;

    c.    Causes of IHNC eastern floodwall breaches between Florida and N. Claiborne Avenues;

    d.    Causes, sources, location and extent of flooding of the proposed Barge class geography;

    e.    Facts underlying any opposition to class certification in the Barge litigation track.

19.    The nature, issuance, entry, contents, limits, coverage, terms, effects, underwriters of, and nature of any claims or controversies concerning, any and all policies of primary, excess, surplus and other marine casualty insurance issued to Lafarge and in effect at times pertinent to this litigation, specifically including but not limited to that issued by American Steamship Owners (The American Club);

20.    Existence, source or origin, contents and custodian of any and all communications or accounts of persons reporting any or all of the following in or from the Lower Ninth Ward during Katrina:

    a.    flooding;

    b.    flood protection system breaches or failures;

    c.    ING 4727 movements or contact or impact with any object;

    d.    scraping sounds or explosion or boom sounds;

    e.    injuries or deaths;

    f.    emergencies.

21.    Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005 at the Lafarge France Road facility;

22.    Nature, contents, title and location of any and all policies, procedures and standards in the possession, custody or control of Lafarge North America relevant to barge arrivals, barge unloading, barge mooring, training of persons handling, scheduling and/or mooring barges, in effect on August 29, 2005, regardless of location, regardless of whether said policies, procedures and standards differ from those described in Item No. 20, above.

23.    Any and all other relevant factual matters disclosed by the witness(es) of which they

have knowledge.

5.    Rachael Burnett - prestorm movements of ING 4727, communications with Ingram, LNA;any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

6.    A. J. Guthrie - prestorm movements of ING 4727, communications with Ingram, LNA;

7.    Annette Gaskin, Roland Johnson, to testify to facts expressed in the substance of their deposition testimony concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations;  any and all topics addressed in and/or testimony rendered by the witness in deposition.

8.    Louis Robin - 5913 N. Oak Street, Marrero, LA - to testify to facts concerning events at Lafarge relative to ING 4727 and other barges there, including but not limited to training, supervision, policies, procedures, communications, mooring, barge movements, loading and unloading, release and/or retrieval and/or top-around, hurricane preparations; any and all facts and observations and other matters relative to mooring of any and all barges at LNA facility during Katrina; any and all topics addressed in and/or testimony rendered by the witness in deposition.

9.    Daniel Mecklenbourg - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

10.   David Serht - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

11.   Kaj Shah  - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

12.   Scott Nobles - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

13.   Patrick Morton - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

14.   Stanley Cook - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

15.   Chris Feagley - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

16.   Gregg Jarrell - any and all topics addressed in and/or testimony rendered by the witness in

deposition and/or trial of limitation action.

17.  David Williams- any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

18.  Gary Holman - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

19.  Pete Tassin - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

20.  Captain Raymond Grabert, Jr. - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

21.  Eric Thigpen - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

22.  Gary Dufrene -any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

23.  Gerald T. McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

24.  Scott Catstaing - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

25.  Barry Boudreaux - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

26.  Patrick McNeil - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

27.  Richard C. Heck - any and all topics addressed in and/or testimony rendered by the witness in deposition and/or trial of limitation action.

28.  Ethel Mae Coleman Mumford - *1423 Feliciana Street, New Orleans, Louisiana 70117,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

29.  Michael Riche - 31028 Torres Drive, Lacombe, LA 70445 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

30.   Kismit Bourgere - *794 13ᵗʰ Street, Plano, Texas 75074*, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

34.   Gilbert Luke - 1828 Flood Street, New Orleans, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

35.   Jimmie Harris - 924 Lamanche Street, New Orleans, LA 70117 c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

36.   Jacob Robert "Bob"Glaser -308 Sweet Gum Lane, Madisonville, LA 70447 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

37.   Herman and Aida Koch - 506 Country Club Drive, Picayune Mississippi 39466 c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, emotional effects of any or all of the foregoing.

38.   Josephine Richardson - 1321 Egania Street, New Orleans, LA 70117*,* c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, death of her husband, emotional effects of any or all of the foregoing.

39.   Terry Adams - 2165 Carol Sue, Gretna, LA 70056 , c/o Barge PSLC - to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that ING 4727 caused southern breach and consequent flooding.

40.   Ronald McGill - 3005 Shannon Dr Violet, LA 70092 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

41.   Wilson Simmons - 800 Iberville St, New Orleans, LA 70112 , c/o Barge PSLC-  to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of  "boom" or "explosion."

42.   William Villavasso - via videotaped deposition - to prove facts relative to observations during and after storm, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area. To testify that ING 4727 caused north breach and consequent flooding.

43.   Ernest "All Night Shorty" Edwards - 64404 Wicker Lane, Roseland, LA 70456 to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

44.   Daniel Weber, 2522 Lavender St NOLA 70122, to testify to sound of booms followed by massive flooding, drowning death of his wife, evacuation and displacement, loss of property, emotional damages.

45.   Centanni Investigative Agency - 5736 Citrus Blvd., River Ridge, LA - to testify regarding methods, scope and nature of interviews and/or contacts with putative class members, and contents of same, as pertain to liability and damages alleged in this suit, nature and circumstances of things obtained from interviewees, nature and circumstances of photos and/or video taken by Centanni Investigative, and/or for rebuttal or impeachment.

46.   Arthur Murph, 105 Berkley Drive, to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Will testify that flooding occurred in connection with sound of "boom" or "explosion, and sound believed to be barge scraping against and impacting into and passing through floodwall.  Will also testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

47.    New Jourdan, LLC - 322 Hector, Metairie, LA -  To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

48.    New Berkley, LLC - address unknown - To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

49.    G. Pat Hand, Attorney at Law, To testify to facts concerning settlement with Lafarge, New Jourdan, LLC, New Berkley, LLC, property transactions concerning 1739 Jourdan and 105 Berkley, nature and methods (i.e., telephone wires, U.S. mail, other federally funded or maintained communication systems or equipment, etc.) of contacts and/or communications with Lafarge and/or its insurers and/or its attorneys and/or Shirley Priestly family and/or members of New Jourdan and/or New Berkley and/or Goodwin Proctor, and/or Chaffe McCall, and/or their agents or employees relative to settlement, 1739 Jourdan, 105 Berkley, Collateral Mortgage on 105 Berkley, second mortgage on 1739 Jourdan, and other matters to be determined or discovered through deposition and/or investigation.

50.    Maj. Pete Tufaro, St. Bernard Parish Sheriff's Department - to prove facts relative to timing, direction, source and extent of flooding.  Will testify that while at St. Bernard Courthouse, he saw, photographed and video taped a sudden rush of water from the west, from the direction of the IHNC, seen to push a train in an eastward direction on the tracks along St. Bernard Hwy, and that water continued to flow from the west until it reached Paris Road. Will testify to conversations with other persons at St. Bernard Sheriff's Department substation on St. Claude about a sudden rush of water from the west seen to push a two and a half ton military vehicle sideways, among other matters to be determined during his deposition.

51.    Sal Gutierrez, Esq - St. Bernard Parish Attorney - Gutierrez and Hand, - to testify to facts relative to  to timing, direction, source and extent of flooding, photos and video of same, and

to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

52. James Ruiz - 507 E. Second Street, Lockport, LA 70032 c/o Barge PSLC - to testify to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Mr. Ruiz is a self-employed construction contractor.

53. Sally Jones - 645 Mehle St Arabi, LA c/o Barge PSLC - to testify  to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Her employment status is unknown at present.

54. Jim Reed, 4024 Kings Drive, Chalmette, La, to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Mr. Reed will testify that no water came over, through, under or past the 40 Arpent Canal/40 Arpent Levee at the back of his house.  Mr. Reed is a shop manager at Cadillac of Metairie.

55. Robert Cornwall, 488 Friscoville, Arabi, LA, client of undersigned, to testify to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.  Mr. Cornwall will testify that on the morning of August 29, 2005, he saw a wall of water coming from the Industrial Canal, causing cars to flip over and travel eastward on St. Claude Avenue.

56. Carolyn Berryhill, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

57. Kendrick Pounds to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

58.     D'Antoinette Johnson, to testify to facts expressed in the substance of recent deposition testimony, including but not limited to, scraping sounds, sounds of the "explosion," coupled with appearance of floodwater and/or the barge.  Their employers and occupations are contained in their depositions, if Lafarge inquired of such matters during its examination.

59      Ernest Offray, formerly of 2028 Deslonde, c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

60.     Sidney Williams, formerly of, 1720 Tennesee St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

61.     Delores St. Cyr Butler, formerly of 5434 N. Johnson St., c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

62.     Andrew Sartin c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

63      Damon Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

64.     Patrina Peters c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

65.     Dakeia Johnson c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

66.     Earl Lackings c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

67.     Arcola J. Sutton,  c/o Barge PSLC, to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

68.     Henry "Junior" Rodriguez, to testify to observations during Katrina, source, direction and timing of flooding, extent of damage to St. Bernard Parish.

69.     Blair L. Boutte, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

70.     Marenthia Lagarde,c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

71.     Michael Lagarde c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

72.     Donald Pritchett c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

73.     Melba Gibson c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

74.     Kevin McFarland c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

75.    Daniel Weber, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, the drowning of his wife and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

76.    Jimmie A. Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

77.    Nellie Perry, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

78.    Doris Shanks, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

79.    Herbert Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

80.    Mary Warren, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

81.    Mary Short Benoit, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

82.    Henry Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

83.    Gwendolyn Adams, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

84.    John Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

85.     Jerry Alford, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

86.     Robert Green, Sr., c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

87.     Jonathan Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

88.     David Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

89.     Everidge Green, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

90.     Earl Matthew Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

91.     Joyce B. Daniels, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

92.     Mildred D. Dean, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

93.     Karen Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

94.     Ethel Leon, c/o Barge PSLC - to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

95.     Jocelyn Moses, c/o Barge PSLC - to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of

property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

96.    Anthony Dunn, c/o Barge PSLC -to testify to facts relative to the sound of an "explosion" or "boom" coupled with appearance of floodwater and/or the barge, and to prove facts relative to observations during and after storm and to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

97.    Emile Goetz - 2212 Gallant Dr., Chalmette, LA c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

98.    Karen Genovese - 121 Llama Dr., Arabi, La c/o Barge PSLC, to testify to property loss and resulting emotional injury; To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

99.    Cilton F. Bordelon, Jr. 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back.  They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing.

100.   Sharlet Bordelon, 707 Lebeau Avenue, Arabi, LA 70032 c/o Barge PSLC. Self-employed, All Star Waterproofing and Coating, Inc., Tel: 504/276-2556. At the time of the Hurricane they owned and operated their business at 632 Perrin Drive, Arabi, LA 70032. Cilton (known as Jr) is a lifelong resident of Arabi, born and raised. They evacuated for the Hurricane, and after seeing and hearing of the flooding, they did not believe that they would ever be able to move back.  They bought a home on the Northshore pretty quickly after the storm. However, Jr could not take living away from Arabi, last year they purchased a home in Arabi, closer to the River. To testify to facts relative to timing, direction, source and extent of flooding and

to prove facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and businesses within class area, emotional effects of any or all of the foregoing;

101.  St. Bernard Parish President Craig Tafraro, St. Bernard Council Members Ray Lauga, Jr., George Cavinac, Kenneth Henderson, Mike Ginart, Jr., Fred Everhardt, Jr., Frank Auderer, Jr., and Polly Boudreaux, Past and Present St. Bernard Parish Attorneys Mike Gorbaty and David Paysse, Sheriff Jack Stephens, Marlene Vinsinau (Assessor for the Parish) , Debra Benvenutti (Finance Officer), Michael Wiltz (Department of Insurance), Logan Martin (Acting Public Works Director), Fire Chief Thomas Stone, Donald Bourgeois (Recreation Director), Lonnie Campbell (Maintenance and Transportation) and/or other former or present members of the St. Bernard Parish Government entity, (including but not limited to Henry "Junior" Rodriguez, above) its departments, divisions, boards, bodies, employees and agents, 8201 W. Judge Perez Drive, Chalmette, Louisiana, to testify to observations and events during and after Katrina, flooding caused by the events subject of suit, and all manner of civil and governmental damages incurred by and within the Parish of St. Bernard, within or emanating from events within the proposed geographic class boundaries;

102.  Darryl Traylor, 8401 Parc Place, Chalmette, LA 70043, Phone: 504-277-7060 - timing source and direction of flooding in St. Bernard Parish areas of proposed class geography, business damages (Glassman of Louisiana).

103.  Patricia Camp, to testify to observations concerning the London Avenue Canal breach.

104.  John Vincent Meyers, 3420 VanCleave Dr, Mereaux, LA (504)261-0327, To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after the storm, effects of flooding, observations from Glassman of Louisiana;

105.  Dennis Martinez, 2404 Nancy Dr., Mereaux, LA (504)931-7054, To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after the storm, effects of flooding; observations from Glassman of Louisiana;

106.  Jonathon Samija, 2009 Judy Drive, Apt. A, Mereaux, LA, (504)272-1998, To testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after the storm, effects of flooding, observations from Glassman of Louisiana;

107.  Raymond Cross-3929 Imperial Drive, Chalmette, LA 70043, c/o Barge PSLC to testify to facts relative to  to timing, direction, source and extent of flooding, facts relative to observations during the storm, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing.

108.  Sydney Roux - 1906 Alexander Court, Chalmette, LA  to testify to facts relative to timing,

direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing;

109. Madeleine Faust, 2409 Mumphrey, Chalmette, LA , (504)812-1235 LA  to testify to facts relative to timing, direction, source and extent of flooding, facts relative to observations during and after storm, evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing;

110. Donald Bordelon, Coleen Bordelon, Donna Bordelon -1710 Schnell, Chalmette, LA  to testify to facts relative to timing, direction, source and extent of flooding, facts relative to observations during and after storm, displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, emotional effects of any or all of the foregoing;

111. Mark Madary, 11 Brittany Place, Arabi, LA 70032, (504)259-4946 testify to facts relative to timing, direction, source and extent of flooding and to prove facts relative to observations during and after the storm and effects of flooding in Arabi Park Subdivision;

112. Kenrick Harding, 821 Baronne Street, NOLA, to authenticate photos and video of ING4727, mooring ropes, and the Lafarge France Road facility.

113. Stan Guidry, CLVS
Photo Services
2548 Mississippi Ave.
Metairie, LA 70003
OFC 504/464-1340

To testify to observations along the eastern IHNC floodwall and environs, Sewerage and Water Board Pumping Station No. 5 and environs, IHNC channel and environs, to authenticate photographs taken of foregoing locations

114. Richard Joseph Guidry, 4436 Santa Fe Lane, McKinney, TX , to testify concerning statement taken from Arthur Murph regarding his observations of the barge during Katrina.

115. Towanda Schexnayder, 7101 Northgate Drive, New Orleans, LA, to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

116. Arthur Anderson II, 1310 Jourdan Avenue, New Orleans, LA, to testify to facts relative to to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

117.    Arthur Anderson, III, 9001 Dwyer Road, New Orleans, LA, to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

118.    Quentin Sutton, 1509 Charvonett, New Orleans, LA, to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

119.    Michael Bickham,2407 Rose Drive, Gretna, LA,  to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

120.    Wesley Wilson, 2664 New Orleans Street, New Orleans, LA,  to testify to facts relative to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

121.    Shawntelle Doss, 4115 West State Hwy 31, #30, Corsicana, TX, 75110 to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

122.    George Brooks, 5801 St. Claude Ave., New Orleans, LA 70117, (504) 952-3326, to testify to facts relative to  to timing, direction, source and extent of flooding and facts relative to observations during Hurricane Katrina.

123.    Undetermined witnesses from the IPET, ILIT and/or Team Louisiana groups to testify to the nature, methods and conclusions of any and all investigations of floodwall breaches and flooding.

124.    Undetermined USACE employees, possibly including but not limited to Alfred Naomi, Gregory Miller, Jerry Colletti, Rob Buison, Walter Baumy, Harley Winer, and/or others, to testify with regard to cause and nature of IHNC breaches, nature, causes, sources and extent of flooding.

125.    Any and all persons interviewed by IPET, ILIT and/or Team Louisiana relative to IHNC floodwall breaches and/or nature, causes, sources and extent of flooding.

126.    Any and all others yet to be investigated, discovered, determined or identified;

127.    Any and all deposed, listed and/or subpoenaed and/or offered and/or proffered  by any other party(ies) to In Re Katrina Canal Breaches Consolidated Litigation and/or Robinson v. United States;

128.   Any and all needed for rebuttal and/or impeachment of opposing or adverse witnesses;

129.   Witnesses necessary to identify and authenticate any and all records, documents, and exhibits not stipulated to;

130.   Any and all deposed, sought to be deposed, listed, subpoenaed and/or called by Lafarge North America, concerning mooring of barges, breakaway and/or movements of ING 4727, traversal of ING 4727 to eastern side of east IHNC floodwall, IHNC floodwall breach(es) causation, timing, mechanisms and occurrence, sounds associated with floodwall breaches and/or other events, extent, causes and nature of damages to proposed class geography, sources, timing and direction of flooding.

## **EXPERTS**

Plaintiffs may call:

1.   Lt. Cmdr. Donald J. Green, USCG (Ret.)
     K-Don Marine Consulting
     8876 Gulf Freeway, Ste. 120
     Houston, TX 77017
     http://www.kdoncorp.com/consulting/

     Expert in the areas of marine vessel operations, maritime regulations, seamanship, safe operating practices, mooring, maritime hurricane precautions, to testify concerning negligence and unseaworthiness causing breakaway of ING 4727;

2.   Ray Helmer, P.E,
     Helmer Engineering, Inc.
     9314 Bankside
     Houston, TX 77031
     http://www.helmer-engineering.com/

     Civil, structural and hydrology engineer to testify concerning eastern IHNC floodwall breach causation, nature, sources, and extent of consequent flooding.

3.   Hector V. Pazos, P.E.
     Ocean-Oil International Corp.

P.O. Box 47188
St. Petersburg, FL 33743
http://www.siterrific.com/pazos/

Naval architect, marine surveyor, marine engineer to testify concerning maritime standards of care, maritime regulation, maritime hurricane preparations, maritime industry standards, eastern IHNC floodwall breach causation.

4.    Robert Bartlett, P.E.
      Bartlett Engineering
      2617 Edenborn Ave., Ste. D
      Metairie, LA 70002
      http://www.bartlett-engineering.com/

      Civil and structural engineering, metallurgic analysis expert, to testify concerning nature and causes of IHNC wall breaches, damages to ING 4727 and things within class geography.

5.    Mr. Melvin Spinks, P.E. and staff
      CivilTech Engineering, Inc.
      11821 Telge Road
      Cyprus, TX 77429
      http://www.civiltecheng.com/about.html

      Professional engineering, hydrology, computer aided flood modeling, nature, extent, sources, timing and causes of flooding.

6.    Gennaro G. Marino, Ph.D, P.E.
      Mohamed Gamal Abdel-Maksoud, Ph.D., P.E.
      Marino Engineering Associates, Inc.
      1101 E. Colorado Avenue
      Urbana, IL 61801

      Geotechnical, structural and civil engineering to testify concerning nature and causes of IHNC wall breaches.

7.    John Kilpatrick, Ph.D
      2601 4th Avenue, Ste 650
      Seattle, WA 98109
      http://www.greenfieldadvisors.com/resumes/kilpatrick.pdf

Mass real estate appraisal expert to testify concerning class wide residential real property losses, market devaluation, destruction of property caused by events subject of suit. Economist and Business Valuation Consultant to testify concerning common business subclass losses/diminution caused by events subject of suit.

NOTE: In the event that class certification is denied or excludes classwide real property losses, plaintiffs will call appraisers to render expert opinion testimony concerning individual properties, including but not limited to G&C Appraisal, its employees, agents and independent contractors.

8.  Hugh Fossier and/or
    Mason Stevenson
    Aurora Environmental Consultants, LLC
    235 Lavosier Street
    Gretna, Louisiana
    http://www.auroraenvironmental.net/index.html

    Expert testimony re classwide pollution/contamination.

9.  Any and all others yet to be investigated, discovered, determined or identified;

10. Witnesses necessary to identify and authenticate any and all records, documents, and exhibits not stipulated to;

11. Any and all listed and subpoenaed by any other party(ies);

12. Any and all needed for rebuttal and/or impeachment of opposing witnesses;

*NOTE*: The above list represents Barge plaintiffs best efforts.  Active discovery is ongoing through April 17, 2009 and plaintiffs reserve the right to supplement or amend in accord with law and court order.

Respectfully submitted,

**BARGE PLAINTIFFS**

By:      /s/ Brian A. Gilbert,
         Brian A. Gilbert (21297)
         Edward L. Moreno (30838)

LAW OFFICE OF BRIAN A. GILBERT, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

/s/ Lawrence D. Wiedemann,
Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Karen Wiedemann (21151)
WIEDEMANN & WIEDEMANN
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com,
karl@wiedemannlaw.com,
karen@wiedemannlaw.com,

/s/ Patrick J. Sanders
Patrick J. Sanders (18741)
Professional Law Corporation
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
Voice: 202-862-4320
Cell:   202-549-1454
Facsimile:  800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net,

_/s/Shawn Khorrami_
Shawn Khorrami (CA Bar #180411)
Dylan Pollard(CA Bar #180306)
Matt Bailey (CA Bar #218685)
Khorrami Pollard & Abir, LLP
444 S. Flower Street 33rd Floor
Los Angeles, CA 90071
Tel 213.596.6000
Fax 213.596.6010
skhorrami@kpalawyers.com
dpollard@kpalawyers.com
mbailey@kpalawyers.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 1st day of April, 2009.

\s\Brian A. Gilbert
**BRIAN A. GILBERT**