UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| | No.: 05-4182 |
| FILED IN: 05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6359, 06-0020, 06-1885,<br>06-0225, 06-0886, 06-11208, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163,<br>06-5367, 06-5471, 06-5771, 06-5786,<br>06-5937, 06-7682, 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288,<br>07-1289. | JUDGE DUVAL<br><br>MAG. JUDGE WILKINSON |

PERTAINS TO: LEVEE AND MR-GO

## MEMORANDUM IN SUPPORT OF
## MOTION TO QUASH SUBPOENA TO TRIAL COUNSEL

**MAY IT PLEASE THE COURT:**

S. Ault Hootsell III, through undersigned counsel, respectfully submits this memorandum in support of the Motion to Quash the subpoena received by Mr. Hootsell, counsel for defendant, St. Paul Fire and Marine Insurance Company. The subpoena was received by Mr. Hootsell on Tuesday, March 31, 2009 and issued by James K. Irvin, counsel for several objectors to the proposed class settlement. A copy of the subpoena is attached as Exhibit A.

NO.99937763.1

## LAW AND ARGUMENT

Rule 45(c)(3) states that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A). Rule 501 of the Federal Rules of Evidence recites that, because "state law supplies the rule of decision," privileges "shall be determined in accordance with State law." Fed. R. Evid. 501.

Article 508 of the "testimonial privileges" section of the Louisiana Code of Evidence mandates that "[n]either a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding . . . where the purpose of the subpoena or order is to ask the lawyer to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule. . . ." La. Code Evid. 508. Article 508 additionally provides that the subpoena cannot be issued unless, after a contradictory hearing, it has been determined that:

> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
>
> (2) The purpose of seeking the information is not to harass the attorney or his client.
>
> (3) With respect to the subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
>
> (4) There is no practicable alternative means of obtaining the information.

*Id.*

Controlling law relating to the sacrosanct attorney-client privilege affords the client the right to "refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client." La. Code Evid. Art. 506(B). A communication is protected by the attorney-client privilege when it is "between the client or a representative of the client and the client's lawyer or a representative of the lawyer." *Id.* Concomitantly, Louisiana's work product doctrine protects "any writing, or electronically stored information, obtained or prepared by the adverse party [or] his attorney . . . in anticipation of litigation or in preparation for trial" without a showing of unfair prejudice or undue hardship. *Cf.* La. Code Civ. Proc. Art. 1424.

Mr. Hootsell is unaware of any relevant, non-privileged information he may provide to the Court. Mr. Hootsell cannot waive and does not waive the attorney-client privilege, the work product doctrine, any joint defense privilege, or other statutory and codal protections which he and/or his client are entitled to invoke. Furthermore, the issuer of the subpoena made no effort to satisfy, and has not satisfied, the requirements of Article 508 of the Louisiana Code of Evidence. Upon receipt of the subpoena, counsel for Mr. Hootsell contacted objectors' counsel on April 1, 2009 to ascertain the purpose of the subpoena. Objectors' counsel responded that he wishes to probe the amount and/or nature of Mr. Hootsell's legal fees. This subject matter is quintessentially protected by the attorney-client privilege. More pointedly, objectors' counsel has not established the relevancy of any such inquiry proscribed by Rules 401, 402 and 501 of the Federal Rules of Evidence. None of objectors' argument posited in opposing the class action settlement rely upon or even implicate the attorney fee arrangement between Mr. Hootsell and

his client, St. Paul Fire & Marine. Accordingly, Rule 45(3)(c) requires that this Court quash the subpoena to defendant's trial attorney.

## CONCLUSION

Based upon the aforestated legal authorities and facts, the subpoena issued by some objectors to Mr. Hootsell must be quashed. There is no legitimate basis to permit objectors to have Mr. Hootsell testify during the Certification/Fairness hearings in conjunction with the proposed class action settlement.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Harry Rosenberg
Harry Rosenberg (Bar #11465)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: harry.rosenberg@phelps.com

**ATTORNEYS FOR S. AULT HOOTSELL III**

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2009, I electronically filed the foregoing with the Clerk of Court by using the CMECF system which will send a notice of electronic filing to all counsel of record and delivered the foregoing pleading to Mr. James K. Irvin via facsimile.

/s/ Harry Rosenberg