UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| ALL LEVEE | * | |
| | * | |

## NATIONAL UNION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union"), defendant, through its undersigned counsel, submits the following Reply Brief in support of its Motion for Summary Judgment [Court Doc. 17325] and in response to the Opposition filed by Plaintiffs' Liaison Counsel and the Levee Plaintiffs' Sub-Group Litigation Committee [Court Doc. 18264], referred to herein as the "Levee Plaintiffs."

The Levee Plaintiffs' argument essentially is that National Union's motion should be denied because: National Union could not provide a copy of an insurance policy in effect in 1989 so therefore, *ipso facto,* the search must not have been comprehensive enough.

The Levee Plaintiffs seem to contend that for summary judgment, National Union has the burden of proving beyond reasonable doubt that there is no coverage.   However, that is not the standard for a motion for summary judgment.   The Federal Rules of Civil

1

Procedure provide that summary judgment can be granted "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying the portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912-13 (5th Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert denied, 506 U.S. 832 (1992))." *Perrien v. State Farm Insurance Compan*y, 2007 WL 2788680, *1 (E.D. La. July 14, 2008)(Duval, J.). In this instance, National Union identified in its motion those "portions of the record which it believes demonstrate the absence of a genuine issue of material fact" regarding insurance coverage by National Union for East Jefferson Levee District for this litigation. During the course of discovery, nine National Union policies in effect at various times during the past 20 years were identified. The Levee Plaintiffs do not argue in their opposition that any of the policies that National Union has produced to the Levee Plaintiffs provide any coverage for this matter.

"When a moving party has carried its initial burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. '[M]ere allegations or denials' are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied);

*Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995). Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.' *Matsushita Elec. Indus. Co.,* 475 U.S. at 588." *Perrien v. State Farm Insurance Company*, 2007 WL 2788680, *1. "After the movant has presented a properly supported Motion for Summary Judgment, the burden shifts to the non-moving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). Thus, the Levee Plaintiffs have the burden of showing 'significant probative evidence' that there exists a genuine issue of material fact. The Levee Plaintiff's burden of showing 'significant probative evidence' that there exists a genuine issue of material fact cannot be satisfied by speculation at this time that National Union's prior discovery production might have been inadequate. Moreover, except for the Levee Plaintiffs' responses that state "undisputed", the Levee Plaintiffs' responses to National Union's statement of undisputed material facts contain conclusory arguments and allegations that are not supported by any admissible evidence and should accordingly be disregarded for the purposes of the Court's consideration of National Union's motion for summary judgment.

"In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage." *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So.2d 916, 921. "When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms." *Doerr v. Mobil Oil Corp.*, 00-CC-0947 (La. 12/19/00), 774 So.2d 119, 124. Thus, *the Levee Plaintiffs have the initial burden* to prove at trial that

3

National Union provides insurance coverage for East Jefferson Levee District for this litigation: it is an essential element of the Levee Plaintiffs' case. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In the absence of proof, there is no assumption that the Levee Plaintiffs' could satisfy their initial burden of proving the necessary facts on an essential element of their case. "We do not, however, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)(En Banc).

More than a year ago, the Levee Plaintiffs was conducting discovery of East Jefferson Levee District's insurance policies. The Levee Plaintiffs served its March 6, 2008 "Notice of Federal Rule 30(b)(6) Deposition" in which the Levee Plaintiffs demanded that East Jefferson Levee District provide "[a]ny and all policies of insurance, issued to or covering you, which were in effect from 1965 through the present", "Public Management Liability policies", "Primary Policies for 2005-2006 and 2004-2005" and "Errors and Omissions Policies." National Union also responded to the Levee Plaintiffs'

4

prior discovery demands against National Union by providing copies of all of the policies that it could locate.  Thus, the Levee Plaintiff have had "adequate time for discovery" to obtain evidence from East Jefferson Levee District and National Union to support their contention that National Union provides insurance coverage in this matter.  Inasmuch as the nonmoving party, the Levee Plaintiffs, in their opposition, have failed to make a sufficient showing on an essential element of their case with respect to which they have the initial burden of proof, National Union's motion for summary judgment should be granted.

If the Levee Plaintiffs possess any evidence that National Union provided insurance coverage for the East Jefferson for the claims alleged in this litigation, the Levee Plaintiffs have failed to provide such evidence to National Union during discovery.  Furthermore, the Levee Plaintiffs have not done so in opposition to National Union's motion for summary judgment. National Union respectfully submits that the Levee Plaintiffs, East Jefferson Levee District and National Union have, in good faith, engaged in discovery regarding the issue of whether National Union provided insurance coverage to East Jefferson Levee District for this matter.  None of the parties have located any evidence to demonstrate that such coverage exists.  Under the circumstances, National Union's motion for summary judgment should be granted.

    Respectfully submitted,

    */s/ George F. Fagan*
    **GEORGE D. FAGAN (#14260)**
    Leake & Andersson, LLP
    1100 Poydras Street, Suite 1700
    New Orleans, Louisiana 70163-1701
    Telephone:  (504) 585-7500
    Facsimile:  (504) 585-7775
    Email:  gfagan@leakeandersson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on April 1, 2009, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

_____*/s/ George D. Fagan*_____

CP / 38803 / Doc 56