**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | * |  |
| IN RE: KATRINA CANAL | * |  |
| BREACHES |  |  |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * |  |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO: BARGE | * |  |
|  | * | SECTION "K" (2) |
| *Boutte v. Lafarge*        05-5531 | * |  |
| *Mumford v. Ingram*        05-5724 | * |  |
| *Lagarde v. Lafarge*        06-5342 | * | JUDGE |
| *Perry v. Ingram*        06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * |  |
| *Parfait Family v. USA*        07-3500 | * | MAGISTRATE |
| *Weber v. LNA*        08-4459 | * | JOSEPH C. WILKINSON, JR. |
|  | * |  |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN SUPPORT OF
UNOPPOSED EX PARTE MOTION TO EXTEND OR SUSPEND
DEADLINES FOR EXPERT REPORTS, SUMMARY JUDGMENT
MOTIONS, AND *DAUBERT* MOTIONS**

On March 24, 2009, the Court advised the parties that it will grant plaintiffs' motion for a continuance of the trial and for a three-month extension of plaintiffs' deadline to submit an expert report from their "lynchpin" expert, Gennaro Marino.  (Doc. 18130).  As of this date, however, the Court has not advised the parties of the new trial date, which the Court suggested would be either in October 2009 or February 2010.

In light of the Court's decision to continue the trial and extend the deadline for Mr. Marino's report, certain deadlines in the existing calendar -- particularly those related to or affected by the new deadline for Mr. Marino's report -- must also be continued.  Pending the Court's determination regarding the rescheduled trial date, defendant Lafarge North America Inc. ("LNA") requests a three-month extension of such deadlines or, alternatively, suspension of

those deadlines pending entry of a new order.  In particular, LNA requests that the Court extend or suspend: (1) the deadline for defendants' expert reports, which are currently due on April 13, 2009; and (2) the deadlines for summary judgment motions and *Daubert* motions, which are currently due on May 4, 2009 and May 11, 2009, respectively.

     1.  <u>The deadline for defendants' expert reports should be extended.</u>  The Court's decision to grant a three-month extension for plaintiffs' expert, Mr. Marino, necessitates a corresponding extension for defendants' expert reports.  Because the subjects addressed in Mr. Marino's interim report are wide-ranging in scope, encompassing barge transit and wall failure, as well as topics bearing on hydrology and meteorology, a variety of defense experts will need to address the matters contained in Mr. Marino's report, and defendants cannot rule out the possibility that any of their experts may need to address such matters.  In short, defendants' expert reports must await the opportunity to respond to Mr. Marino's opinions.  This is, indeed, the precise structure contemplated by Case Management Order No. 7, and there is no reason to depart from it.  LNA's experts should not have to undertake the expensive and burdensome task of final expert report preparation two times – once now and again after receiving Mr. Marino's report.  Indeed, based on the Court's statements that it intends to extend the trial date and pretrial expert deadlines, LNA has advised its experts to suspend final report preparation, such that compliance with the April 13 deadline is no longer a possibility.

     2.  <u>The deadlines for summary judgment motions and *Daubert* motions should be extended.</u>  The Court's decision also necessitates an extension of the deadlines for summary judgment motions and *Daubert* motions.  As counsel mentioned at the March 24 hearing, summary judgment motions should await the close of fact and expert discovery, when the record is complete.  In particular, plaintiffs' expert evidence concerning barge transit and wall failure

should be fully disclosed before the court entertains motion practice based on the absence of genuine disputes of material fact.  Moreover, it is appropriate to extend the deadline for *Daubert* motions so that the court can adjudicate these challenges together at the same time, rather than requiring them to be prepared in piecemeal fashion.  The structure of Case Management Order No. 7 takes this need for complete disclosure into account, setting the dates for summary judgment motions and *Daubert* motions after expert discovery is completed.  A three-month extension of the deadlines for summary judgment motions and *Daubert* motions, or suspension of the imminent deadlines for these motions pending entry of an omnibus scheduling order, follows directly from the Court's decision to allow an extra three months for the completion of discovery with respect to plaintiffs' key expert, Mr. Marino.

## CONCLUSION

For the reasons stated, the deadlines for submitting defendants' expert reports, for summary judgment motions, and for *Daubert* motions should be extended by three months in accordance with the extension granted for plaintiffs' key expert witness report, or should be suspended pending entry of a new case management order.

Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

April 3, 2009

## Certificate of Service

I hereby certify that I have on this 3d day of April, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock