# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO.  05-4182<br><br>SECTION (K)(2) |

FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237,
05-6073, 05-6314, 05-6324, 05-6327, 05-6369
06-0020, 06-1885, 06-0225, 06-0886, 06-11028,
06-2278, 06-2287, 06-2346, 06-2545, 06-3529,
06-4065, 06-4389, 06-4634, 06-4931, 06-5032,
06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286, 07-1288,
and 07-1289

PERTAINS TO: LEVEE

## ORDER AND OPINION

Before the Court is  a motion for summary judgment filed on behalf of the Public Belt Railroad Commission for the City of New Orleans ("PBR")(Doc. 18001).  No opposition to the motion has been filed, and the deadline for filing an opposition expired more than a week ago. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the following reasons GRANTS the motion.

### BACKGROUND

The "Superseding Master Consolidated Class Action Complaint"[1]  alleges that on August 29, 2005, extensive flooding occurred in the metropolitan New Orleans area due, in part,  to water

---

[1] Doc. 3420.

from the Inner Harbor Navigational Canal ("Industrial Canal") surging through a gap in the flood protection wall adjacent to the Industrial Canal. Specifically, that complaint alleges in pertinent part:

> 132.
>
> The first breach [of the flood protection system] within the metropolitan New Orleans Region occurred at approximately 5:00 a.m. at the CSX train Floodgate W-30 beside the Industrial Canal and immediately to the south of the Interstate-10 overpass. At this location, a steel storm gate on rollers had been damaged by a train several months prior to Hurricane Katrina. In lieu of this missing gate, a sandbag levee crest section had been constructed in the opening left by the missing floodgate. The sandbags completely washed out during Katrina.
>
> . . .
>
> 254.
>
> The following defendants had the legal responsibility and duty to these plaintiffs to protect against the harm and damages alleged herein resulting from the failure of the IHNC [Inner Harbor Navigation Canal]: the defendants Corps [ Army Corps of Engineers], OLD [the Board of Commissioners of the Orleans Parish Levee District], St. Paul, CSX, PBR [Public Pelt Railroad Commission for the City of New Orleans], and PNO [the Board of Commissioners of the Port of New Orleans].
>
> 255.
>
> The City of New Orleans is the sole owner of the New Orleans Public Belt Railroad Commission, a non-profit switching railroad which operates switches and terminal services for over 100 miles of track in New Orleans, Louisiana.
>
> 256.
>
> On or about September 11, 2004, a New Orleans Public Belt Railroad Train derailment caused a thirty-two foot wide gap in Floodgate W-30, which is part of the flood wall system situated immediately west of, and running int [sic] a north-south direction parallel to, the INHC

north of the Interstate 10 high rise.

257.

On December 14, 2004, the defendant PBR paid OLD $427,387.96, the full estimated cost of the reconstruction of Floodgate W-30, but, on information and belief, both PBR and OLD failed to assure these repairs were made, prior to the August 2005 catastrophe giving rise to this action.

PBR initially filed a motion to dismiss plaintiffs' claims against it contending that it had no duty to protect the plaintiffs from flooding or to repair the damaged floodgate. Additionally PBR urged that even if it had been negligent with respect to the train derailment, dismissal of plaintiffs' claims was nonetheless appropriate because the derailment was not the legal cause of the flooding that damaged the plaintiffs. The Court granted PBR's motion in part, dismissing the claims that PBR owed plaintiffs a general duty to protect them from flooding and a duty to repair the damaged floodgate. Doc. 9858.

The Court however denied PBR's motion to dismiss to the extent that it sought dismissal of plaintiffs' claim that PBR had acted negligently in damaging Floodgate W-30. PBR asserted that even if it had been negligent in damaging Floodgate W-30 that its negligence was not the legal cause of plaintiffs' damages because any negligence on its part was superceded by the negligence of OLD in failing to repair or replace the floodgate in the eleven (11) months between the damage to the gate and Hurricane Katrina. In rejecting that contention, the Court stated in pertinent part:

> The Court notes that it has been presented with no evidence that the repair was not made in a reasonable or timely manner. Assuming *arguendo* that the delay in repairing or replacing the damaged floodgate was a cause-in-fact of plaintiffs' damages, and that failure to repair or replace the damaged floodgate constitutes a legal cause of plaintiff's damages, that subsequent negligence does not, as a

3

> matter of law, preclude a finding that PBR's negligence, in connection with the train derailment, if any, was a legal cause of the plaintiffs' damages.
>
> A defendant whose negligent act is a cause-in-fact of injury is not necessarily insulated from liability by the intervening negligence of another. Such intervening negligence may need to be *independent* of the original negligence, or must *supercede* the original negligence. Mere passage of even great periods of time between a cause-in-fact and resultant injury is not sufficient to cut off liability.
>
> Because a subsequent act of negligence that is a cause-in-fact and a legal cause of a plaintiff's damages does not as a matter of law exonerate from liability a party responsible for an earlier act of negligence that is a cause-in-fact and legal cause of plaintiff's damages, plaintiffs have stated a claim against PBR.

Doc. 9858 (internal citations and quotations omitted).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

In support of its motion, PBR submitted the affidavit of Wayne D. Wands, a former project manager for Boh Brothers Construction Company, L.L.C. who holds a bachelor of science degree in physics from Tulane University. The affidavit states in pertinent part:

- "I worked on dozens of public and private construction projects involving work of a size and scope approximating the project involving the repairs to Floodgate W-30 ("Floodgate") which is at issue in these proceedings. In that work, I became familiar with the steps necessary and the time required to issue and put out the plans and specifications of such a project, to contract for such a project, and to mobilize and execute such a project. I participated in this process on many occasions throughout my employment."

- It is my opinion on my observation of the planning and execution of projects similar to the Floodgate project that such contracts can be, and regularly are, specified, bid and awarded in much less than the period of more than nine months (from the date of the accident at issue on or about September 11, 2004 through the date of the construction contract, on or about June 15, 2005) which were actually consumed in this process."

- Thus, this project proceeded at a pace that was much slower

5

> than industry practice in this community. Had the process of developing the necessary specifications and contracting for the project proceeded at a reasonable pace, the project could, and should, have been completed by the time Hurricane Katrina made landfall on August 29, 2005.
>
> • "The project did not proceed at such a pace and, as a consequence, it was not completed by August 29, 2005."

Doc. 18001-3, Exhibit B.

Mr. Wands's affidavit is competent Rule 56 evidence demonstrating that the repair of the Floodgate W-30 was not made in a reasonable or timely manner. The affidavit satisfies PBR's burden to demonstrate the absence of a genuine issue of material fact concerning whether OLD's failure to repair Floodgate W-30 in a timely manner constitutes negligence. The affidavit is unchallenged. There is no evidence raising a genuine issue of material fact with respect to whether OLD's failure to timely repair Floodgate W-30 PBR qualifies as negligence which supersedes PBR's negligence, if any. Therefore, PBR is entitled to summary judgment. Accordingly, the Court grants PBR's motion for summary judgment and dismisses plaintiffs' remaining claim against it with prejudice.

New Orleans, Louisiana, this 3rd day of April, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE