MINUTE ENTRY
DUVAL, J.
MARCH 31, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                                    CIVIL ACTION
        CONSOLIDATED LITIGATION

                                                              NO. 05-4182

PERTAINS TO: Robinson (06-2268)                                  SECTION "K"(2)

Attending a pre-trial conference held this day were:

Joseph Bruno, Jim Roy, John Andry, Pierce O'Donnell, and Calvin Fayard for Plaintiffs;

and

Robin Smith, Richard Stone, Rupert Mitsch, James McConnon, Paul Levine for the United States.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

A general discussion was had concerning problems that the parties have had confecting the witness and exhibit lists as well as preparing the deposition testimony in compliance with the Court's standing orders.

The Court granted Plaintiffs' and Defendants' Joint Ex Parte Consent Motion for Leave to File a Preliminary Joint Exhibit List, Witness List, and Stipulated Facts on March 31, 2009 (Doc. 18344).  As a result, it was impossible for all objections to exhibits to be filed simultaneously with the Pretrial Order as is generally required.  Thus, the Court allowed objections to be raised in the filings on April 3, 2009 .  The parties indicated to the Court that there should not be an inordinate amount of objections to exhibits.

Furthermore, the parties informed the Court that they were still attempting to make their designations for the deposition testimony that will be offered in lieu of testimony at trial.  Likewise they would be unable to comply with the requirement that all deposition testimony be submitted as well as briefing on any objections they seek to preserve contained in those depositions be submitted by April 3, 2009.  Thus, the Court's standard requirements will be amended to account for these issues.  Accordingly,

**IT IS ORDERED** that:

1. Prior to **April 3, 2009** counsel shall:

   a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

2. No later than **April 3, 2009** counsel shall:

   a. file all motions in limine and memoranda in support thereof that were mentioned in the pre-trial order including the issue of the relevance of testimony concerning the EBIA;

   d. submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial; and

    d. file an original and one copy of a pre-trial memoranda and suggested findings of fact and conclusions of law.  Briefing with respect to plaintiffs' contention that the Government is liable for 100% of the alleged damages regardless of immunity should be included therein.

    e. identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order.  **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS UNLESS GOOD CAUSE IS SHOWN FOR SUCH DEFALCATION.**

**Responses to any memoranda regarding motions in limine must be filed by April 7, 2009, at 5:00 p.m.  Responses to proposed findings of fact and conclusions of law and pre-trial memoranda concerning contested issues of law are unnecessary as parties shall include such reply as part of their post-trial briefing.**

    **ALL SUCH MATERIALS SHALL BE FILED IN CHAMBERS-- NOT IN THE CLERK'S OFFICE**

3.     No later than **Wednesday, April 8, 2009**, counsel shall:

    a. deliver to Court a bench book with **copies** of marked exhibits;

    b. file all memoranda (an original and one copy) relative to the objections to exhibits.

**No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown;**

**Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion.  Failure to comply with this order may result in the automatic denial of the motion in limine.**

Responses to the objections shall be filed no later than **Monday, April 13, 2008.**

4. **Prior to the commencement of trial on April 20, 2009**, counsel shall:

review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom. Counsel for all parties shall designate by underlining the portions of deposition testimony upon which they intend to rely. Such designations are preferably made by counsel shading their respective designations using different colored "hi-liter" or similar inks. The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown.

Counsel shall also prepare a two-page summary of such testimony that will accompany each designation with specific citations into the deposition excerpts.

Counsel acknowledged their intention to also provide a copy of the deposition in its entirety with the excerpts; however, **on further consideration, the Court finds that such filings would be overly voluminous. Instead, should the Court require more context with respect to deposition testimony, it will order the parties to then provide that deposition in its entirety.**

5. **During the week of April 13, 2009,** the parties shall file all deposition excerpts. **They may be filed in a "rolling" manner. Thus, the Court will require all depositions relevant for Week One of the trial shall be filed on Monday, April 13, 2009; depositions relevant for Week Two of the trial shall be filed on Tuesday, April 14, 2009; and so on.** Counsel shall submit copies of designated depositions with written objections; responses to such objections shall be filed simultaneously.

**The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived.** Included in these filings will be the aforementioned synopsis and the deposition in its entirety.

6. On the **day of trial**, counsel shall:

a. provide the Court with a copy of any deposition testimony to be used for impeachment purposes on that day, along with any other discovery material that has not been previously provided to the Court.

b. provide the Courtroom Deputy with a list of witnesses counsel intends to call for the first two days of trial and supplement this list so that the Court is aware of the witness list for each day of trial and the day thereafter.

7.  On the day of trial, counsel shall be present in Chambers at 8:30 a.m. to discuss all necessary preliminary matters. Trial shall commence at 9:00 a.m.

8.  Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial. This system allows counsel to show all documents and exhibits to the jury on a large screen and eliminates the need for copies of bench books for each juror. The Elmo can also be used to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial. The court strongly encourages counsel to make use of the Elmo and/or Epson Projector.

9.  The parties shall arrange with the Court's technology staff to set up real time reporting, DSL lines, and any other necessary arrangements. The parties shall contact Toni Tusa (504-589-7778) should they want daily transcripts and shall make the necessary financial arrangements for such a service with her. **Regardless, parties must submit a glossary of terms for the real time reporter by April 16, 2009.**

10. The parties agreed that the claims have been brought pursuant to the Federal Tort Claims Act, and accordingly there are no issues regarding the Suits in Admiralty Act. The Government agreed that it would not assert all affirmative defenses that were originally raised. No opposition to any findings of fact or conclusions of law are required; such opposition shall be incorporated into post-trial briefing. The post-trial briefing schedule is as follows: Plaintiffs' briefs are due by **May 15, 2009**; the Government's opposition is due **May 29, 2009**; Plaintiffs shall respond by **June 5, 2009**.

11. The Court will permit expert reports to be submitted as evidence in lieu of testimony by agreement of the parties. Because no *Daubert* hearing was held, the Court will permit traverse of each expert witness.

12. Parties will give notice to the Court and each party two days in advance of any witness testifying. The Court will allocate 100 hours total for trial testimony. The Court shall permit the parties to agree upon an equitable division of that time, with the understanding that the Court may provide some additional time if deemed necessary. Without agreement of the parties, the Court will determine the allocation.

13. The Court will provide seating for the media. The parties shall also arrange with the Court for additional seating for trial teams if necessary, with the understanding that ample seating shall be reserved for the public.

14. The parties agreed to supply the Court with one copy of the joint exhibit book, along with necessary copies of electronic files by compact disc. The Court shall not deem any deposition or exhibit to be submitted by consent merely because it is within a joint submission. The Court will permit any objections to be lodged prior to trial.

15. The parties were made aware that the Court will be unavailable due to the Fifth Circuit Judicial Conference on Tuesday morning, May 5th, and perhaps Wednesday morning, the 6th. The Court will notify the parties immediately of any schedule change.

JS-10: 1 HOUR 40 MINS.