UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson (06-2268) | § | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |

MEMORANDUM IN SUPPORT OF
DEFENDANT UNITED STATES' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF INJURIES TO PARTIES OTHER THAN THE PLAINTIFFS

The United States moves to exclude all evidence of injuries or damages to parties and property other than the Plaintiffs and their possessions on the grounds that such evidence is irrelevant to any issue before the Court and unduly prejudicial.

STATEMENT OF FACTS

The Plaintiffs' pretrial submissions contain many representations of personal injuries and property damage suffered by persons who are not Plaintiffs in this lawsuit, including many of the Plaintiffs' exhibits and the demonstrative evidence Plaintiffs' counsel propose to use in their opening statement.

**ARGUMENT**

A.  All Evidence of Injuries to Persons Other than the Plaintiffs is Irrelevant.

"Relevant Evidence" in the courts of the United States is defined as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

The fact that persons other than Plaintiffs were injured and lost possessions when Hurricane Katrina struck has no tendency to make any fact of consequence to these Plaintiffs'

cases more probable than not. There is no issue in this lawsuit concerning any damages beyond those suffered by the six Plaintiffs listed in the caption.

B.  Even if the Evidence is Relevant, its Probative Value is Outweighed by the Danger of Unfair Prejudice and Confusion of the Issues, so it Should be Excluded.

Federal Rule of Evidence 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Third Circuit has upheld the exclusion of evidence of a corporate defendant's actions in locations other than the site of the alleged tort because it "would cause undue delay," confused the ultimate issue, and "carried with it a significant danger of unfair prejudice." *Chemical Leaman Tank Lines v. Aetna Casualty and Surety Co.*, 89 F.3d 976, 995 (3d Cir.), *cert. denied*, 519 U.S. 994 (1996). The Fifth Circuit has held that references to the potential claims of others against a defendant corporation were properly excluded pursuant to Fed. R. Evid. 403 on a holding that the "true reason for seeking to introduce the evidence was to paint [the defendant] as a 'bad' company." *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 409 (5th Cir. 2004), *cert. denied*, 544 U.S. 962 (2005). Such evidence should also be excluded here.

## CONCLUSION

For the foregoing reasons, all evidence of injuries or damages to parties and property other than the Plaintiffs and their possessions should be excluded at the trial of this matter.

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR
Assistant Director, Torts Branch


  s/ Peter G. Myer
PETER G. MYER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
(202) 616-4043 / (202) 616-4159 (Fax)

Attorneys for the Defendant United States


CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by ECF on all parties of record on April 3, 2009.

  s/ Peter G. Myer
PETER G. MYER