UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____§ | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____§ | | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION *IN LIMINE* TO BAR INTRODUCTION
OF EVIDENCE WHICH REMOVES THE MRGO FROM EXISTENCE**

In its ruling on the United States United States Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 16511), this Court held "that as concerns the initial design and construction of the MRGO, these actions are shielded by the discretionary function exception. Clearly, there was no violation of any mandate and the decisions made were policy driven." (Doc. 18212 at 49). Therefore, Plaintiffs should be barred from introducing any evidence which removes the MRGO from existence, as the design and construction of the Congressionally authorized channel is protected by the discretionary function exception.

Plaintiffs' experts have modeled a number of hypothetical scenarios which modify the MRGO and change the wetlands. Of particular importance is Scenario 2c. In this scenario, Plaintiffs' experts have removed the MRGO from the landscape and returned the wetlands to their 1956 condition. L. de Wit et. al, *Flow Modeling New Orleans - Mississippi River Gulf*

*Outlet*, at 5, 37-63 (June 23, 2008) ("Pls. Surge Rep.") (Ex. 1); C. Gautier et. al, *Wave Modeling New Orleans - Mississippi River Gulf Outlet*, at 17-24 (July 9, 2008) ("Pls. Wave Rep.") (Ex. 2).  After computing the hypothetical surge and waves, Plaintiffs' experts then computed the hypothetical breaching and flooding which would have occurred during Hurricane Katrina.[1]  *See generally* Kok. et. al, *Polder Flood Simulations for Greater New Orleans: the neutral MRGO scenario* (July 9, 2008) (Ex. 3).

As best stated by Plaintiffs' expert, Paul Kemp, Plaintiffs' Scenario 2c seeks to "imagine a landscape in which the 1958 MRGO project never existed."  G. Paul Kemp, Expert Rep. at 69 (July 11, 2008) (Ex. 4).  However, this Court's order holds that the United States is immune from liability concerning the design and construction of the MRGO.  Allowing Plaintiffs to present evidence which removes the MRGO from existence would eviscerate the immunity for the non-mandatory, discretionary, policy driven design and construction of the channel.

---

[1] Plaintiffs' experts have also modeled the surge and waves in other scenarios which remove the MRGO, but have not analyzed the breaching and flooding which would occur in the scenarios.  Pls. Surge Report at 115-174 (Ex. 1); Pls. Wave Rep., Appendices, at 6-32 (Ex. 2).  This motion seeks to bar entry of any evidence concerning these scenarios, as well.

Accordingly, this Court should bar Plaintiffs from introducing any evidence which removes the MRGO from existence.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR
        Assistant Director, Torts Branch

        s/ Paul Levine
        PAUL LEVINE
        Trial Attorneys
        ROBIN SMITH
        Senior Trial Counsel
        Civil Division, Torts Branch
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C. 20044
        (202) 353-2574 / (202) 616-5200 (Fax)

        Attorneys for the United States of America