UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____§ | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____§ | | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION *IN LIMINE* TO BAR INTRODUCTION
OF ALTERNATIVE METHODS OF HURRICANE PROTECTION**

This Court should bar the introduction of all evidence of alternative methods of hurricane protection, such as storm surge barriers, levee height enlargements, and salinity gates for two reasons. First, the decision of whether to design and construct massive civil works projects necessarily entails the exercise of political, social, and economic policy which is protected by the discretionary function exception, 28 U.S.C. § 2680(a). Indeed, because of the scope of the projects, the Corps would need – and has obtained – Congressional authorizations and appropriations to construct the flood protection structures. Second, decisions to choose one method of flood protection (levees at a certain height) rather than another or to improve an existing flood control project are protected by the Flood Control Act, 33 U.S.C. § 702c.

Plaintiffs claim other structures could have been built to reduce the alleged effects of the Mississippi River Gulf Outlet ("MRGO"). For example, Plaintiffs' expert, Paul Kemp,

opined that perfect operation and maintenance of the MRGO needed to include "additional features such as surge barriers." (Doc. 16063 ¶ 16). Similarly, Robert Bea opined that additional structures were required along the MRGO. Indeed, in his deposition, Dr. Bea testified that the Corps should have installed: (1) salinity barriers in the Gulf of Mexico; (2) storm surge gates; and (3) water control structures. Dep. of Robert Bea at 125:11-127:10 (Jan. 30, 2009) ("Bea Dep.") (Ex. 1).

However, the discretionary function exception immunizes the Corps decisions regarding the design and construction of alternative methods of hurricane protection. *E.g.*, *United States v. Gaubert,* 499 U.S. 315, 325 (1991) (construing 28 U.S.C. § 2680(a)). Plaintiffs can point to no statute, regulation, policy, or other mandatory directive mandating that the Corps design and construct a specified method of hurricane protection. Dr. Bea concedes that building a surge barrier or any other structure would require coordination with local and state authorities, cost-benefit analyses, social acceptability analyses, environmental reviews, and political coordination. Bea Dep. at 48:9-50:6, 51:2-52:16. Significantly, Dr. Kemp also acknowledges that had the Corps wanted to install a surge barrier, it would have required Congressional authorization and appropriations.[1] Dep. of Paul Kemp at 269:25-271:8 (Jan. 15, 2009) ("Kemp Dep.") (Ex. 2).

---

[1] Unsurprisingly, Congress authorized and appropriated funds for the current Inner Harbor Navigational Canal ("IHNC") surge barrier project – which at over $800,000,000, is the most expensive civil works project ever undertaken by the Corps. Kemp Dep. at 269:25-271:8, Dep. of Gib Owen at 134:11-16, 135:5-11 (Oct. 16, 2008) ("Owen Dep.") (Ex. 3). The IHNC surge barrier is just one portion of the current Hurricane Storm Damage Risk Reduction System. Owen Dep. at 12:9-12, 134:11-16. Also included in the project are storm barriers at Seabrook and levee enlargements along Reach 2 of the MRGO. *Id.* at 71:5-14, 49:7-50:15. Authorization for the project occurred in 2007, and Congress appropriated $16,800,000,000 to complete the system. *Id.* at 12:20-25, 13:14-17. Evidence of this project should also be barred by Federal Rule of Evidence 407.

2

Drs. Kemp and Bea further opined that the levees were too low during Hurricane Katrina. Kemp Dep. at 108:17-109:14; *see* Bea Dep. 109:10-18 (Jan. 30, 2009), Expert Report of Robert Bea at 8-9 (July 14, 2009) (Ex. 4). Once again, the decisions concerning what measures, if any, should be taken to addresses these supposed deficiencies in the flood control structures are protected by the discretionary function exception. Deciding to raise the levees necessarily requires funding, which was limited by the money available to the underfunded Lake Pontchartrain and Vicinity Hurricane Protection Project. Kemp Dep. at 291:25-292:6 (Jan. 15, 2009). In fact, the levees were authorized to be completed by year 2017, but Congress had yet to appropriate the funds that the Corps had requested. Bea Dep. at 109:24-110:5 (Jan. 30, 2009).

Finally, Plaintiffs' contentions that the Corps' could have designed and constructed another method of hurricane defense is barred under the Flood Control Act. If an alternative method of flood protection would have prevented the alleged damages even if the MRGO existed, then Plaintiffs' real complain is not with the MRGO. Plaintiffs instead are challenging that the method of flood control designed and constructed by the Corps failed to withstand Hurricane Katrina. Such a claim is impermissible under the Flood Control Act.

Accordingly, evidence of alternative methods of hurricane protection should be barred from introduction at trial.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR
        Assistant Director, Torts Branch

        s/ Paul Levine
        PAUL LEVINE
        Trial Attorneys
        ROBIN SMITH
        Senior Trial Counsel
        Civil Division, Torts Branch
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C. 20044
        (202) 353-2574 / (202) 616-5200 (Fax)

        Attorneys for the United States of America