# Expert Report

of

# Robert Glenn Bea, Ph.D., P.E.

Prepared for:

Katrina Canal Breaches Consolidated Litigation
[Civil Action Number: 05-4182 "K" (2)]

United States District Court
Eastern District of Louisiana

## Pertains to MR-GO, Robinson

(C. A. No. 06-2268)

Moraga, California

July 14, 2008

and significantly widened the channel in many areas beyond its authorized width (Team Louisiana 2007). The widening of the MR-GO had a further damaging effect in that the bank erosion exacerbated the settling of the soil constituting the EBSBs along Reach 2. Consequently, the settling of this soil ('creeping') reduced the height of the tops of the EBSB when measured against mean sea level.

(e) failed to use USACE guidelines for excavations near or within a federally constructed flood control project in connection with the EBIA site clearing activities at the Lower 9th Ward. Likewise, these activities did not conform with generally accepted engineering practice;

(f) to construct the LPV along Reach 2 and portions of Reach 1 (New Orleans 'Back Levee') with dredged spoil from the MR-GO channel which was not suitable for constructing a hurricane flood protection system for a coastal environment; a foreseeable consequence of which was that EBSBs, and not the Congressionally mandated hurricane flood protection system, were constructed;

(g) to construct the LPV hurricane flood protection structures along Reach 1 and Reach 2 without utilizing applicable USACE manuals, guidelines, criteria, standards, and polices in effect from 1965 to the present, and without utilizing the prevailing, generally-accepted engineering standards for coastal hurricane flood protection structures;

(h) Failure to expeditiously complete the hurricane flood protection system; 40 years after authorization by Congress to design and construct "200 to 300- year" hurricane flood protection for this area, it was still not completed. Time ran out

8

early the morning of 29 August 2005 as Hurricane Katrina crossed the delta of the Mississippi River.

2. Each of these factors, as well as in combination, were substantial in causing the failures and breaches of the man-made hurricane flood protection structures along Reach 1 and Reach 2 of the MR-GO. But for the increased and sustained surge and waves caused and abetted by the MR-GO during and after Hurricane Katrina, large portions of Greater New Orleans (particularly the Lower 9th Ward, New Orleans East, and St. Bernard Parish) would not have experienced catastrophic flooding of Biblical proportions. The MR-GO was a substantiated factor in causing the catastrophic flooding in these areas. The system in place would have been adequate to contain most of the surge but for the increased and sustained surge, currents, and waves exacerbated by the MR-GO.

3. The USACE failed to recognize the foreseeable and foreseen damaging effects of the design, construction, operation, and maintenance of the MR-GO on the natural environmental defenses and the adjacent, insufficient man-made hurricane flood protection structures. It was recognized that the MR-GO had important adverse impacts on the environment, such as the degradation and erosion of the vital protection vegetation between the outboard side of the EBSBs and the authorized channel alignment, but no effective action was ever taken to either remediate the effects or correct the deficiencies. In addition, the USACE recognized that the MR-GO channel itself could have deleterious effects on the crest elevations of man-hade hurricane flood protection structures that would be built upon its banks, but again no effective early action was ever taken to prevent the MR-GO channel from encroaching into the protective berm areas.