UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____<br><br>PERTAINS TO: MRGO, *Robinson* (06-2268)<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION *IN LIMINE* TO BAR INTRODUCTION
OF EVIDENCE CONCERNING BREACHES ON THE EAST BANK OF THE IHNC**

This Court should bar introduction of any evidence regarding the breaches on the east side of the Inner Harbor Navigational Canal ("IHNC") in the Lower Ninth Ward because Plaintiffs, through the sworn testimony of their expert Robert Bea, has already admitted that the MRGO did not cause the breaches.

Dr. Bea has identified the environmental remediation activities of Washington Group International, Inc., at the East Bank Industrial Area ("EBIA") as the cause of the breaches on the east side of the IHNC.  Expert Report of Robert Bea ¶ 17 (Jan. 29, 2009) (Ex. 1).

Dr. Bea has testified that these breaches would have occurred *even if the MRGO had not existed.*[1]  *See* Dep. of Robert Bea ("Bea Dep.") at 210:16-211:1 (Ex. 2); Expert Report of Dr. Robert Bea ¶ 21 (July 14, 2008) (Ex. 3).  As succinctly stated by Dr. Bea:

> I have further concluded that during the defined "do no harm" MR-GO 'Neutral' Hurricane Katrina conditions (Plaintiffs' Scenario 2C), that the breaches that developed at the Lower 9th Ward would develop in similar ways and at similar times. In the absence of the backfilled excavations developed during the USACE Lock Expansion Project EBIA site clearing activities, the breaches that developed at the Lower 9th Ward would (probably) not develop in similar ways, locations, and times. I conclude the excavations were a primary factor in causation of the breaches because they facilitated development of destabilizing hydraulic uplift pressures acting on and seepage effects developed in the soils supporting the flood protection structures at the North and South Breaches.

Expert Report of Robert Bea ¶ 17 (Jan. 29, 2009).

To prove cause-in-fact Plaintiffs must demonstrate that, "but for" the MRGO, their alleged damage would have been less or would not have occurred at all. *See Bonin v. Ferrellgas, Inc.,* 877 So. 2d 89, 94 (La. 2004); *Roberts v. Benoit*, 605 So. 2d 1032, 1042 (La. 1992); *Fowler v. Roberts*, 556 So. 2d 1, 5 (La. 1990); *cf. Bonin,* 877 So. 2d at 94 ("substantial factor" test applies when multiple causes are present); *Benoit,* 605 So. 2d at 1042 (same); *Fowler*, 556 So. 2d at 5 n.6 (same); *cf.* 12 William E. Crawford, Louisiana Civil Law Treatise § 4.6 ("While the term 'substantial factor' has received recognition in the courts of Appeal, the 'but for' test clearly prevails.").  If the breaches in the IHNC floodwall would have occurred irrespective of the MRGO, then the MRGO was not a substantial factor

---

[1] Plaintiffs' experts have modeled a number of scenarios to determine the influence of the MRGO.  Two scenarios are pertinent, Scenarios 1 and 2c.  Scenario 1 models the physical environment immediately prior to Hurricane Katrina's landfall (Doc. 16361-1 at 5).  In Scenario 2c, a number of changes are made to the physical environment: (1) the MRGO is removed; (2) the Gulf Intracoastal Waterway ("GIWW") is returned to its pre-MRGO dimensions; (3) and the wetlands are returned to their 1958 condition.  *Id.*  According to Plaintiffs, the levees have otherwise remained the same in Scenario 2c.  Id.

or cause-in-fact.  *See Long v. State,* 916 So. 2d 87, 107-08 (La. 2005) *Dixie Drive It Yourself Sys. v. Amer. Bev. Co.,* 137 So. 2d 298, 302 (La. 1962); *Thibodeaux v. Asbestos Corp. Ltd.,* 976 So. 2d 859, 866 (La. Ct. App. 2008).

Louisiana law does not allow "but for" causation to be dispensed with merely because there are multiple causes that concur in causing damage. Only in the rare instance in which multiple causes combine in such a way as to prevent the contribution of each from being analyzed separately does the law allow the substantial factor test to be the sole test of causation in fact. *See LeJeune v. Allstate Ins. Co.,* 365 So. 2d 471, 475-77 (La. 1978). Inasmuch as Professor Bea has opined that the breaches in the IHNC floodwall would have occurred even without any effect from the MRGO, the Court should bar the introduction of evidence regarding the floodwall breaches on the east bank of the IHNC.

>
> Respectfully submitted,
>
> MICHAEL F. HERTZ
> Acting Assistant Attorney General
>
> PHYLLIS J. PYLES
> Director, Torts Branch
>
> JAMES G. TOUHEY, JR
> Assistant Director, Torts Branch
>
>  s/ Paul Levine
> PAUL LEVINE
> Trial Attorneys
> ROBIN SMITH
> Senior Trial Counsel
> Civil Division, Torts Branch
> U.S. Department of Justice
> Benjamin Franklin Station, P.O. Box 888
> Washington, D.C.  20044
> (202) 353-2574 / (202) 616-5200 (Fax)
>
> Attorneys for the United States of America