U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    APR - 6 2009

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 07-30349

D.C. Docket No. 2:06-CV-6099
2:06-CV-5786
2:06-CV-4389
2:05-CV-4182

IN RE:  KATRINA CANAL BREACHES LITIGATION
------------------------------------------------
MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL

Plaintiffs - Appellants

v.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF
LOUISIANA; JOHNNY D BRADBERRY, Individually and in His
Official Capacity as Secretary of the Department of
Transportation and Development, State of Louisiana;

Defendants - Appellees
------------------------------------------------------
MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL

Plaintiffs - Appellants

vs.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF
LOUISIANA; JOHNNY D BRADBERRY; LOUISIANA STATE;
KATHLEEN BLANCO, Governor, Both Individually and
in Her Official Capacity as Governor of the State of
Louisiana; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; RICHARD L STALDER, Both Individually and in His
Official Capacity as Secretary, Department of Public Safety
and Corrections

Defendants - Appellees
------------------------------------------------
MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL

Plaintiffs - Appellants

vs.

LOUISIANA STATE; DEPARTMENT OF TRANSPORTATION
And DEVELOPMENT, STATE OF LOUISIANA; JOHNNY D BRADBERRY;
GOVERNOR'S OFFICE OF HOMELAND SECURITY AND EMERGENCY
PREPAREDNESS; COL. JEFF SMITH; DEPARTMENT OF SOCIAL SERVICES,
STATE OF LOUISIANA; ANN S WILLIAMS; LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS; RICHARD L STALDER

                    Defendants - Appellees


        Appeal from the United States District Court for the
              Eastern District of Louisiana, New Orleans.

Before KING, DENNIS, and ELROD, Circuit Judges.

                    J U D G M E N T

    This cause was considered on the record on appeal and was
argued by counsel.


    It is ordered and adjudged that the judgment of the District
Court is affirmed.

    IT IS FURTHER ORDERED that costs on appeal are to be taxed
against appellants' counsel, Ashton R. O'Dwyer, Jr., personally.


ISSUED AS MANDATE:   MAR 3 1 2009



                                    A True Copy
                                       Attest

                                    Clerk, U.S. Court of Appeals, Fifth Circuit

                                    By: _____
                                                   Deputy

                                    New Orleans, Louisiana   MAR 3 1 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

February 5, 2009

No. 07-30349

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BEACHES LITIGATION

MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL,

Plaintiffs-Appellants

v.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF
LOUISIANA; JOHNNY D. BRADBERRY, Individually and in His Official
Capacity as Secretary of the Department of Transportation and Development,
State of Louisiana; ET AL

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants are approximately 1000 "Victims of [Hurricane]
Katrina," whom Attorney Ashton R. O'Dwyer, Jr. purports to represent in a suit
against various government and private actors. Through this and similar suits,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 07-30349

O'Dwyer has been responsible for a large volume of Hurricane Katrina-related litigation in the district court, and for a corresponding bevy of appeals.[1] We have repeatedly rejected O'Dwyer's arguments, but he persists in re-arguing the same issues in subsequent appeals. The present appeal challenges an order issued April 3, 2007, in which the district court dismissed claims that, for the most part, it had previously dismissed (and whose previous dismissal we affirmed),[2] but which O'Dwyer re-filed in a new complaint. We AFFIRM the ruling of the district court, and DENY the parties' cross-motions for sanctions.

The district court dismissed O'Dwyer's claims against Louisiana agencies and officers, in their official capacities, on sovereign immunity grounds under Federal Rule of Civil Procedure 12(b)(1). We review a 12(b)(1) dismissal *de novo*. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). O'Dwyer argues that Louisiana waived sovereign immunity by bringing other lawsuits as a plaintiff in federal court, and constructively waived sovereign immunity by accepting various forms of federal assistance after Hurricane Katrina. This court considered and rejected similar arguments in a prior appeal of this case, and in another argued by O'Dwyer. *See O'Dwyer v. United States ex rel. U.S. Army Corps of Eng'rs*, No. 06-30840, 277 Fed. App'x 512 (5th Cir. 2008); *Fairley v. Stalder*, No. 07-30589, 294 Fed. App'x 805 (5th Cir. 2008). Again in this appeal, we hold that O'Dwyer fails to demonstrate that Louisiana's litigation conduct created "inconsistency, anomaly, and unfairness" to a degree that requires waiver of sovereign immunity, or that Congress, by unmistakable statutory language, conditioned post-Katrina aid on Louisiana waiving sovereign

---

[1] O'Dwyer's conduct in litigation below led to escalating sanctions, culminating in his suspension from practice before the Eastern District of Louisiana. O'Dwyer has appealed that suspension. Issues related to sanctions imposed against O'Dwyer below are not before the court in the present appeal.

[2] *See O'Dwyer v. United States ex rel. U.S. Army Corps of Eng'rs*, No. 06-30840, 277 Fed. App'x 512 (5th Cir. 2008).

immunity. *See Fairley,* 294 Fed. App'x at 810 (citing *Lapides v. Bd. of Regents,* 535 U.S. 613, 620 (2002), and *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 243 (1985)).

O'Dwyer presents two additional arguments regarding claims against Louisiana. First, he argues the district court should have granted him discovery regarding purported "strings attached" to federal Katrina aid, to help him demonstrate constructive waiver. He made the same argument in *Fairley,* where we determined that "discovery [was] unnecessary and dismissal [was] appropriate," because O'Dwyer failed to identify any statutory requirement of sovereign immunity waiver. *Id.* at 810. Here as well, he fails to argue that any such discovery would have helped him satisfy the elements of an otherwise viable claim. Second, O'Dwyer suggests he should be allowed to sue Louisiana actors in their official capacities under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989), held that a state is not a "person" subject to suit under § 1983. O'Dwyer argues that *Will* should not apply when sovereign immunity is waived. Having affirmed the district court's ruling that sovereign immunity was not waived, we need not reach this argument.

The district court dismissed O'Dwyer's § 1983 claims against individual state officers, on qualified immunity grounds, under Federal Rule of Civil Procedure 12(b)(6). We review a dismissal for failure to state a claim *de novo. Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). This court rejected O'Dwyer's § 1983 arguments, in connection with the present case, in Appeal No. 06-30840. *See O'Dwyer,* 277 Fed. App'x at 513. We do so again. *See generally Hare v. City of Corinth,* 135 F.3d 320, 325 (5th Cir. 1998).

After dismissing O'Dwyer's claims against Louisiana agencies and officials in their public and individual capacities, the district court declined to retain supplemental jurisdiction over related state law claims. We review that decision for abuse of discretion. *See Guzzino v. Felterman,* 191 F.3d 588, 596

No. 07-30349

(5th Cir. 1999). We previously determined the district court was within its discretion to decline to exercise supplemental jurisdiction in this case, *see* O'Dwyer, 277 Fed. App'x at 513, and reach the same conclusion now. *See* Guzzino, 191 F.3d at 594 (explaining that a district court may decline to exercise supplemental jurisdiction when, *inter alia*, it has dismissed all claims with original jurisdiction or there are other compelling reasons).

In addition, the district court dismissed certain claims removed from state court for failure to effect timely service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). We review that decision for abuse of discretion. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). The parties dispute the source of law for determining the service period, but that dispute is immaterial. O'Dwyer admits his tardiness under any standard. The district court did not abuse its discretion when it dismissed O'Dwyer's claims under Rule 12(b)(5).

O'Dwyer next complains about alleged misconduct in the proceedings before the district court, while conceding that these issues are "not yet 'squarely' before This Honorable Court." We agree, and do not consider them.

Finally, O'Dwyer argues that the state's lawyers deserve sanctions for allegedly failing, in the proceedings below, to disclose the existence of lawsuits that he argues waived sovereign immunity. It is not clear if this is a request for sanctions from this court or an appeal of the district court's denial of O'Dwyer's motion to disqualify the Louisiana Department of Justice. We reject his argument in either event. Sanctions are not appropriate, and the district court was within its discretion to deny the motion.

In addition to the merits of the appeal, Defendants-Appellees have filed a motion for sanctions against O'Dwyer, to which he responded with a motion for

No. 07-30349

sanctions against them. We DENY both motions for sanctions, and AFFIRM the decision of the district court in all regards.

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

February 5, 2009

No. 07-30349

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BEACHES LITIGATION

MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL,

Plaintiffs-Appellants

v.

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, STATE OF
LOUISIANA; JOHNNY D. BRADBERRY, Individually and in His Official
Capacity as Secretary of the Department of Transportation and Development,
State of Louisiana; ET AL

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182

---

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants are approximately 1000 "Victims of [Hurricane]
Katrina," whom Attorney Ashton R. O'Dwyer, Jr. purports to represent in a suit
against various government and private actors. Through this and similar suits,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 07-30349

O'Dwyer has been responsible for a large volume of Hurricane Katrina-related litigation in the district court, and for a corresponding bevy of appeals.[1] We have repeatedly rejected O'Dwyer's arguments, but he persists in re-arguing the same issues in subsequent appeals. The present appeal challenges an order issued April 3, 2007, in which the district court dismissed claims that, for the most part, it had previously dismissed (and whose previous dismissal we affirmed),[2] but which O'Dwyer re-filed in a new complaint. We AFFIRM the ruling of the district court, and DENY the parties' cross-motions for sanctions.

The district court dismissed O'Dwyer's claims against Louisiana agencies and officers, in their official capacities, on sovereign immunity grounds under Federal Rule of Civil Procedure 12(b)(1). We review a 12(b)(1) dismissal *de novo*. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). O'Dwyer argues that Louisiana waived sovereign immunity by bringing other lawsuits as a plaintiff in federal court, and constructively waived sovereign immunity by accepting various forms of federal assistance after Hurricane Katrina. This court considered and rejected similar arguments in a prior appeal of this case, and in another argued by O'Dwyer. *See O'Dwyer v. United States ex rel. U.S. Army Corps of Eng'rs*, No. 06-30840, 277 Fed. App'x 512 (5th Cir. 2008); *Fairley v. Stalder*, No. 07-30589, 294 Fed. App'x 805 (5th Cir. 2008). Again in this appeal, we hold that O'Dwyer fails to demonstrate that Louisiana's litigation conduct created "inconsistency, anomaly, and unfairness" to a degree that requires waiver of sovereign immunity, or that Congress, by unmistakable statutory language, conditioned post-Katrina aid on Louisiana waiving sovereign

---

[1] O'Dwyer's conduct in litigation below led to escalating sanctions, culminating in his suspension from practice before the Eastern District of Louisiana. O'Dwyer has appealed that suspension. Issues related to sanctions imposed against O'Dwyer below are not before the court in the present appeal.

[2] *See O'Dwyer v. United States ex rel. U.S. Army Corps of Eng'rs*, No. 06-30840, 277 Fed. App'x 512 (5th Cir. 2008).

2

No. 07-30349

immunity. *See Fairley,* 294 Fed. App'x at 810 (citing *Lapides v. Bd. of Regents,* 535 U.S. 613, 620 (2002), and *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 243 (1985)).

O'Dwyer presents two additional arguments regarding claims against Louisiana. First, he argues the district court should have granted him discovery regarding purported "strings attached" to federal Katrina aid, to help him demonstrate constructive waiver. He made the same argument in *Fairley,* where we determined that "discovery [was] unnecessary and dismissal [was] appropriate," because O'Dwyer failed to identify any statutory requirement of sovereign immunity waiver. *Id.* at 810. Here as well, he fails to argue that any such discovery would have helped him satisfy the elements of an otherwise viable claim. Second, O'Dwyer suggests he should be allowed to sue Louisiana actors in their official capacities under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989), held that a state is not a "person" subject to suit under § 1983. O'Dwyer argues that *Will* should not apply when sovereign immunity is waived. Having affirmed the district court's ruling that sovereign immunity was not waived, we need not reach this argument.

The district court dismissed O'Dwyer's § 1983 claims against individual state officers, on qualified immunity grounds, under Federal Rule of Civil Procedure 12(b)(6). We review a dismissal for failure to state a claim *de novo. Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). This court rejected O'Dwyer's § 1983 arguments, in connection with the present case, in Appeal No. 06-30840. *See O'Dwyer,* 277 Fed. App'x at 513. We do so again. *See generally Hare v. City of Corinth,* 135 F.3d 320, 325 (5th Cir. 1998).

After dismissing O'Dwyer's claims against Louisiana agencies and officials in their public and individual capacities, the district court declined to retain supplemental jurisdiction over related state law claims. We review that decision for abuse of discretion. *See Guzzino v. Felterman,* 191 F.3d 588, 596

No. 07-30349

(5th Cir. 1999). We previously determined the district court was within its discretion to decline to exercise supplemental jurisdiction in this case, *see* *O'Dwyer*, 277 Fed. App'x at 513, and reach the same conclusion now. *See* *Guzzino*, 191 F.3d at 594 (explaining that a district court may decline to exercise supplemental jurisdiction when, *inter alia*, it has dismissed all claims with original jurisdiction or there are other compelling reasons).

In addition, the district court dismissed certain claims removed from state court for failure to effect timely service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). We review that decision for abuse of discretion. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). The parties dispute the source of law for determining the service period, but that dispute is immaterial. O'Dwyer admits his tardiness under any standard. The district court did not abuse its discretion when it dismissed O'Dwyer's claims under Rule 12(b)(5).

O'Dwyer next complains about alleged misconduct in the proceedings before the district court, while conceding that these issues are "not yet 'squarely' before This Honorable Court." We agree, and do not consider them.

Finally, O'Dwyer argues that the state's lawyers deserve sanctions for allegedly failing, in the proceedings below, to disclose the existence of lawsuits that he argues waived sovereign immunity. It is not clear if this is a request for sanctions from this court or an appeal of the district court's denial of O'Dwyer's motion to disqualify the Louisiana Department of Justice. We reject his argument in either event. Sanctions are not appropriate, and the district court was within its discretion to deny the motion.

In addition to the merits of the appeal, Defendants-Appellees have filed a motion for sanctions against O'Dwyer, to which he responded with a motion for

No. 07-30349

sanctions against them.  We DENY both motions for sanctions, and AFFIRM the decision of the district court in all regards.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

BILL OF COSTS

No. 07-30349

In re: Katrina Canal Breaches Litigation

Maureen O'Dwyer, et al. v. State of Louisiana, Dept. of Transportation and Development, et al.

NOTE: The Bill of Costs is due in this office within 14 days *from the date of the opinion. See* FED. R. APP. P. & 5ᵗʰ CIR. R.39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

The Clerk is requested to tax the following costs against: Ashton R. O'Dwyer, Jr.

| COSTS TAXABLE UNDER<br>Fed. R. App. P. & 5ᵗʰ Cir. R. 39 | REQUESTED | | | | ALLOWED<br>(If different from amount requested) | | |
|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 12 | 45 | .12 | $64.80 | 12 | 45 | .12 | 64.80 |
| Appellant's Reply Brief | | | | | | | | |
| Other: binding | 12 | | 3.00/unit | $36.00 | 12 | | 1.50 | 18.00 |
| CD Duplication | 2 | | 15.00/unit | $30.00 | | | | |
| | | | Total $ | $130.80 | | Costs are taxed in the amount of $ 82.80 | | |

Costs are hereby taxed in the amount of $ 82.80 this 31st

State of
County of Orleans Parish, Louisiana

I Phyllis E. Glazer _____ do hereby swear under penalty of perjury that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 12th day of February 2009.

Attorney for Defendants-Appellees
State of Louisiana, et al.

(Signature)

day of March 2009

BY CHARLES R. FULBRUGE III, Clerk

Deputy Clerk

U.S. COURT OF APPEALS
F I L E D
FEB 1 2 2009
CHARLES R. FULBRUGE III
CLERK

U.S. COURT OF APPEALS
RECEIVED
FEB 1 2 2009
NEW ORLEANS, LA.