UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

### PLAINTIFFS' OBJECTION TO DEFENDANT'S SEVEN MOTIONS IN LIMINE

**I.     INTRODUCTION**

Defendant has filed seven motions in limine attacking virtually every aspect of Plaintiffs' case. In truth, these motions are either thinly-disguised motions for summary judgment or motions for reconsideration of this Court's previous denial of Defendant's summary judgment motions. None of these motions are authorized by the Federal Rules of Civil Procedure, Local Rules of the Eastern District of Louisiana, or the Case Management Order. They should be summarily denied as an abuse of the in limine motion process.[1]

**II.     ARGUMENT**

**A.     New and Renewed Motions for Summary Judgment**

Defendant's seven motions in limine are in reality new and/or renewed motions for summary judgment. While some may fall into both categories depending on the issue, the motions can be can be generally classified into two groups:

---

[1] Plaintiffs' have filed separate oppositions to Defendant's seven motions in limine with respect to the particular issues raised in each motion. This Blanket Opposition deals with the procedural infirmity of Defendant's motions en masse and is incorporated by reference into each opposition.

1

1. <u>New Motions for Summary Judgment:</u>

   - Exclude Evidence of Mental Anguish and Inconvenience (Doc. No. 18440)

   - Bar Introduction of Evidence of Alternative Methods of Hurricane Protection (Doc. No. 18443)

   - Bar Introduction of Evidence Concerning Breaches of the East Bank of the IHNC (Doc. No. 18444)

   - Bar Testimony of Injuries to Parties Other Than the Plaintiffs (Doc. No. 18437)

2. <u>Motions for Reconsideration of Denied Summary Judgment Motions:</u>

   - Bar Introduction of Evidence Related to NEPA Violations (Doc. No. 18441)

   - Bar Introduction of Evidence Which Removes The MRGO From Existence (Doc. No. 18440)

   - Bar Evidence of Damage Caused By The Design and Construction of The MRG) (Doc. No. 18442)

The salutary purpose of a motion *in limine* is to streamline a trial by deciding certain evidentiary objections beforehand. It is not a vehicle to resolve disputed facts, to reconsider prior motions, or to contest the scope of damages. But this is precisely what Defendant is doing in its seven motions *in limine*. This piecemeal approach to litigating this case before trial is inappropriate.

**B.     Unauthorized Motions for Summary Judgment**

Four motions—relating to mental anguish and inconvenience, alternative hurricane protection methods, East Bank IHNC breaches,[2] and the scope of evidence concerning the magnitude of the catastrophic flooding—are effectively motions for summary judgment. Each seeks to dispose summarily of an issue in the case based on a highly selective recitation of the facts and misstatement of the relevant law. Granting them literally on the eve of trial would deprive Plaintiffs of their right to a trial on the merits.

Federal courts have long held that a motion *in limine* cannot be used as a substitute for a motion for summary judgment because it dispenses with the procedural safeguards of Rule 56 and is not meant to serve as a vehicle for determining disputed facts. *See Bradley v. Pittsburgh Bd. of Ed.,* 913 F2d 1064, 1069-70 (3d Cir. 1990) (motions in limine are not subject to the same procedural safeguards as motions *in limine*). Thus, motions in limine cannot seek as relief the effective dismissal of a cause of action or limitation of damages. This is particularly true where, as here, the facts are sharply disputed and the Government had ample opportunity to seek summary judgment before trial.

"Motions in limine are inappropriate vehicles to seek a final determination with respect to *a substantive cause of action* and should not be used as a substitute for a motion for summary judgment." *Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* 2007 WL 2908007, at *1 (W.D. Pa. 2007) (citing Wright & Graham, *Federal Practice & Procedure*, § 5037.18 (2d ed. 2005)) (emphasis added).

---

[2] This IHNC motion also seeks to relitigate the applicable causation standard. Defendant previously moved for partial summary judgment on the issue of causation, specifically arguing for the "but-for" causation standard. It lost. In its Motion in Limine to Bar Evidence of Breaches of the East Bank of the IHNC, however, Defendant once again argues for "but-for" causation.

Similarly, "a motion *in limine* should not be used as a vehicle to resolve factual dispute. . . . Nor should a motion *in limine* be used to argue … that *an item of damages may not be recovered.* . . . That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *C&E Services, Inc. v Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.C. Cir. 2008) (emphasis added); *see also Figgins v. Advance America Cash Advance Ctrs. of Mich., Inc.*, 482 F.Supp.2d 861, 870-71 (E.D. Mi. 2007) ("If Dr. Adie wanted to preclude Provident from raising these defenses at trial . . . then he should not have filed a motion in limine . . . but instead should have filed a summary judgment motion . . . .") (citing *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mi. 1997)).[3]

In this case, the net effect of granting the three *de facto* summary judgment motions—as to available damages, remedial measures, and cause-in-fact for the IHNC breaches—would reward the Government for not filing a timely Rule 56 motion. Worse yet, even entertaining these motions is highly prejudicial because it deprives Plaintiffs of the significant procedural protections afforded by Rule 56 and sharply disadvantages their counsel who have been afforded only five days—over a weekend as they prepare for trial—to respond. Accordingly, these three motions should be categorically denied without oral argument.

### C.     Motions To Reconsider Denial of Summary Judgment

The remaining three motions are in reality requests for the Court to reconsider prior rulings without either acknowledging that is what is being sought or citing any reason

---

[3] *See also ABC Beverage Corp & Subsidiaries v. U.S.,* 2008 WL 5424174, at *1 (W.D. Mich. 2008); *Tuttle v. Tyco Electronics Install. Serv., Inc.,* 2008 WL 343178, at *5 (S.D. Ohio. 2008); *Nat. Resources Def. Council v. Rodgers,* 2005 WL 1388671, at *1 (E.D. Cal. 2005); *Hi Limited Partnership v. Winghouse of Fla.,* 2004 WL 5486964 (M.D. Fla. 2004); *Medallic Art Co. Ltd. v. Novus Marketing, Inc.,* 2004 WL 396046, at *1 (S.D. N.Y. 2004); *Sigma Tool & Mach. v. Nagayama Elec. Ind. Co., Ltd.,* 2002 WL 34354482, at *2 (D. D.C. 2002); *Davis v. Gen. Acc. Ins. Co.,* 2000 WL 1780235, *4 (E.D. Pa. 2000); *Pivot Point Int'l, Inc. v. Charlene Products, Inc.,* 1996 WL 284940, at *4 (N.D. Ill. 1996).

4

whatsoever for reconsidering these decisions.  After full briefing, argument, and extensive opinions, this Court denied the Government's four motions to dismiss/summary judgment.  In its most recent decision, the Court denied the Government's motion for DFE protection, specifically ruling that there were disputed issues of fact on NEPA violations and the Corps' post-*initial design* actions and inaction over a continuum of 50 years.  See March 20, 2009 Order at pp. 46, 49.[4]

These *de facto* motions for reconsideration fall woefully short of the nearly insuperable showing required for the rare circumstances when they might be justified.  Such a motion is "an extraordinary remedy which should be used sparingly and 'is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been raised' [earlier in the case]."  *Baker v. Fedex Ground Package,* 2007 WL 3334387, at *1 (E.D. La. 2007) (*quoting Templet v. Hydro Chem, Inc.,* 367 F.3d 473, 478 (5th Cir. 2004)).  There are only three recognized grounds for a motion for reconsideration: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously made available to the adjudicator becomes available, or (3) it is necessary to correct clear error or to prevent manifest injustice."  *Ibid.* (*citing In Re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002)).

The Government does not argue that any of these three bases exist here.  And for good reason.  Nothing has occurred since the Court's decisions to justify relitigating these issues literally on the eve of trial.  Again, like the other four *de facto* motions for summary judgment, these three transparent motions for reconsideration should be summarily denied.

---

[4] These three motions are also procedurally out of line because they offer a myopic view of the record, conveniently ignoring substantial contrary evidence and failing to show the absence of disputed facts. Defendant has not even attempted to meet the onerous requirements of Rule 56.

### III.     CONCLUSION

For the foregoing reasons, Defendant's seven summary motions should be summarily denied as procedurally improper.

Dated: April 7, 2009                                        Respectfully submitted,

**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)

Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123


**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

## **CERTIFICATE OF SERVICE**

I, Pierce O'Donnell, hereby certify that on April 7, 2009, I caused to be served **PLAINTIFFS' OBJECTION TO DEFENDANT'S SEVEN MOTIONS IN LIMINE**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell