UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NUMBER: 05-4182 "K"(2)
JUDGE DUVAL
MAG. WILKINSON

PERTAINS TO: *Robinson*
(No. 06-2268)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO BAR INTRODUCTION OF EVIDENCE OF ALTERNATIVE METHODS OF HURRICANE PROTECTION (DOC. NO. 18443)**

## I. INTRODUCTION

Re-characterizing Plaintiffs' allegations and attempting to resurrect and re-litigate issues previously decided by this Court on Motion to Dismiss and Motion for Summary Judgment, Defendant attempts to exclude a broad category of evidence which it unilaterally labels "Alternative Methods of Hurricane Protection." In a transparent attempt to resurrect 702c Flood Control Act or Discretionary Function immunity, Defendant refuses to acknowledge that sound professional judgment and prudent engineering practice required that certain available measures could have been employed to protect and preserve critical wetlands and guard the MR-GO shoreline against saline intrusion, excessive erosion and wave attack. Instead, Defendant stubbornly persists in viewing every instance of challenged conduct or suggested act of negligence on their part through the myopic lens of 28 U.S.C. § 2680(a) or, alternatively, 33 U.S.C. § 702c. Realizing that these arguments have been previously rejected, Defendant now suggests that evidence of "this project" (2007 Hurricane Storm Damage Risk Reduction System) should also be barred by Federal Rule of Evidence 407 as a "subsequent remedial measure."

1

The specific evidence Defendant seeks to preclude is any reference to storm surge barriers, levee height enlargements, or salinity gates, which were recommended and could have been employed long prior to Katrina. First, Defendant incorrectly suggests that this evidence (storm surge barriers and salinity gates) constitutes an initial decision about whether to design or construct a civil works project and is thus a discretionary function. Second, Defendant incorrectly suggests that the choice to enlarge levees to a certain height is the improvement of a flood control project and therefore protected by the Flood Control Act.

Defendant repeatedly asserts that because the Plaintiffs' experts have opined that at the time of Katrina the levee heights were dangerously low, they are relying on a deficiency in "flood control structures" and "decisions as to what measures, if any, should be taken to address these deficiencies are protected by the discretionary function exception," apparently because deciding to raise levees requires funding. (Doc. No. 18443-2 at p. 3). Defendant's tortured reasoning has been repeatedly rejected and is inapposite in the context of a Motion in Limine to preclude evidence. This is particularly true when the reason that the levee crests were too low stems directly from the Corps' own recurring negligent conduct and disregard for public safety with regards to the MR-GO.

## II. EVIDENCE OF ALTERNATIVE METHODS OF HURRICANE PROTECTION IS NOT PROTECTED BY THE DISCRETIONARY FUNCTION EXCEPTION OR 702c

As this Court has previously concluded: "In the context of this litigation, the Government's position appears to be likewise overly broad – that is that all actions taken implicated the Government's policy with respect to the construction and maintenance of the MRGO. Again, on this record, the Court is unwilling to make such a determination. *See Cope v. Scott,* 45 F.3d 445, 452 (D.C.Cir.1995) (engineering judgment no more matter of policy than

objective scientific principles found to be exempt exercise of policy judgment found in *Berkovitz* )." *In re Katrina Canal Breaches Consol. Litig.*, 471 F.Supp.2d 684, 701 (2007).

For a government act to be an immune "element of judgment," it must be "susceptible to a policy analysis grounded in social, economic, or political concerns." *United States v. Gaubert*, 499 U.S. 315, 325 (1991). Ultimately, the Defendant has the burden of proving that it engaged in a balancing or policy analysis. Clearly, with the MR-GO compromising or destroying crests of the very levees that the Defendant was duty bound to maintain in such a manner as not to create an unreasonable risk of harm to the public is not only extremely relevant, but this conduct cannot be condoned as a policy decision of the nature and quality covered by the discretionary function exception. DFE is not applicable when the government "create[s] the danger" causing grave injury to people and property. *Wysinger v. United States*, 784 F.2d 1252, 1253 (5th Cir. 1986). Nor is it applicable when the Government takes on the role of private landowner and facilities operator. *ARA Leisure Services v. United States*, 831 F.2d 193, 196 (9th Cir. 1987).

Likewise, the Defendant's failure to correct safety hazards is not immunized because "[S]afety measures, once undertaken, cannot be shortchanged in the name of policy." *Whisnant v. United States*, 400 F.3d 1177, 1182 (9th Cir. 2005) (citing *Bear Medicine v. United States ex rel. Sec. of Interior*, 241 F.3d 1208, 1216-17 (9th Cir. 2001)). And budgetary concerns are not sufficient to invoke the DFE when safety is involved. *Id.* at 1184. If reasonably prudent engineers would have taken action to protect the public then failure to adhere to accepted professional standards is not susceptible to policy analysis. *Bear Medicine*, *supra*, 241 F.3d at 1213.

In the final analysis, evidence of storm surge barriers, salinity gates and levee height enlargements are not examples of "Alternative Methods of Hurricane Protection," but an

3

artificial category of evidence which Defendant created in an attempt to resurrect their failed DFE and 702c motions to dismiss and or for summary judgment. In the context of Plaintiffs' evidence, these items are relevant to show prior knowledge of hazardous conditions and feasible mitigative measures which were available and considered long before Katrina.

Plaintiffs allege that the cumulative negative impact of these elements, combined with the Corps' relentless dredging activity, compromised the levee crest heights and were a substantial contributing factor in the catastrophic flooding giving rise to Plaintiffs' claims. *See* Plaintiffs' Proposed Findings of Fact (Doc. No. 18447-3 at pp. 111-118 at ¶¶380-400). Defendants' experts dispute these assertions and this evidence is relevant to impeach their testimony. *Bickerstaff v. South Central Bell*, 676 F.2d 163, 168 (5th Cir. 1982). In the context of this case, Dr. Reed L. Mosher testified for Defendant that the need for levee height enlargement was not caused by lateral displacement as asserted by Plaintiffs' experts but by vertical movement from settlement alone. Attachment "A," Mosher Depo. (Feb. 19, 2009) at 171:21-173:25. Likewise, Dr. Thomas F. Wolff testified on behalf of Defendant that the New Orleans District made a decision not to change levee heights because part of the project had already been completed and that in 1984-1985 the Corps was aware that significant subsidence was occurring in the region to the extent that the design levee grades may not be high enough to protect against the intended Standard Project Hurricane. Attachment "B," Wolff Depo. (Feb. 6, 2009) at 174:13-177:14.

Thus, the evidence Defendant seeks to exclude is directly contrary to the testimony of Defendant's experts and should be allowed to impeach their testimony.

### III. PLAINTIFFS' EVIDENCE OF ALTERNATIVE HURRICANE PROTECTION IS PROPER UNDER FRE 407

The category of evidence sought to be excluded by this Motion does not constitute a subsequent remedial measure under FRE 407. By its express terms, Rule 407 does not mandate

4

the exclusion of evidence concerning subsequent remedial measures if they are not undertaken in response to the "event" alleged to have caused the injury or harm. *See Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44 n.1 (5th Cir. 1989); *Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 928 (5th Cir. 1980). The evidence is also admissible in connection with the continuing dispute over MR-GO's role in causing the need for storm surge barriers, levee height enlargements and salinity gates. *See Billiot v. Elevating Boats Inc.*, 1993 WL 414641, at *1-*2 (E.D. La. 1993) (J. Livaudais).

Here, none of the three alternative methods of hurricane protection were implemented in response to Hurricane Katrina because the items were suggested and considered long before Plaintiffs sustained their damages. *See* Plaintiffs' Proposed Findings of Fact (Doc. No. 18447-3 at pp. 87-92, ¶¶297-311); *see also* Attachment "C," Corps Memorandum, "Hurricane Protection, Louisiana" (June 23, 2002) at NED-214-00000440-442 (detailing the very alternative methods of hurricane protection at issue here).

In addition, this evidence is an exception to FRE 407 because it is proof of the defendant's knowledge of the existence of a hazard (*Scurlock Marine, Inc. v. W.W. Patterson Co.*, 1997 WL 472510, at *3-*4 (E.D. La. 1997) (J. Clement)) and the fact that Defendant has contested the feasibility of storm surge barriers and salinity gates, makes the fact that Defendant has now proceeded with these projects proof that they were in fact feasible prior to Hurricane Katrina. *Thornton v. Diamond Offshore Drilling, Inc.*, 2008 WL 2315845, at *8 (E.D. La. 2008) (J. Vance) (citing *Reese v. Mercury Marine Division of Brunswick Corp.* 793 F.2d 1416, 1428 (5th Cir. 1986)). Thus, the evidence Defendant seeks to exclude clearly does not fall within the confines of Federal Rule of Evidence 407 and is properly admitted in this case.

## IV. CONCLUSION

For the foregoing reasons, the Corps' Motion in Limine to Bar Introduction of "Alternative Methods of Hurricane Protection" should be denied.

Dated: April 7, 2009                                Respectfully submitted,

**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street

**Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)

6

Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile: (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile: (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr. (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile: (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

## CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on April 7, 2009, I caused to be served **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO BAR INTRODUCTION OF EVIDENCE OF ALTERNATIVE METHODS OF HURRICANE PROTECTION (DOC. NO. 18443)**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell