UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO BAR THE INTRODUCTION OF EVIDENCE RELATED TO VIOLATIONS OF NEPA (DOC. NO. 18440)**

**I.     INTRODUCTION**

This motion demonstrates that the Defendant does not understand—or chooses not to understand—the import of this Court's March 20, 2009 Order and Reasons ("Order") denying the parties' motions for summary judgment on the discretionary function exception (DFE") immunity. In another of its *de facto* renewed summary judgment motions poorly disguised as a motion in limine, the Government seeks a second bite of the judicial apple on arguments that the Order rejected. Defendant has presented no reason to disturb the Court's order that the NEPA issues must go to trial.

Defendant again misperceives Plaintiffs' reliance upon NEPA. Plaintiffs' have not brought a "NEPA claim." Motion at p. 1. Instead, Plaintiffs claim that the Army Corps' failure to advise Congress of the deleterious impacts of its conduct relating to the MR-GO—in clear violation of NEPA—removes the Corps' negligence from any potential DFE protection available under the Federal Tort Claims Act had the Corps satisfied its mandates under NEPA.

As the Court well knows, Plaintiffs invoke NEPA not to recover a remedy but to argue

1

that the Corps was under a mandatory duty that it failed to obey. Courts have held that this is not an improper use of NEPA, and the Corps has offered no basis to suggest that Plaintiffs should be precluded from offering evidence on this subject at trial. *See, Adams v. United States*, 2006 WL 3314571 (D. Idaho Nov. 14, 2006).

Finally, again mischaracterizing the record,[1] the Corps persists in relitigating the causal nexus. While this Court in fact *denied* all motions for summary judgment, the Court expressly preserved preserve for trial an examination of the nature of the causal connection between the Corps failure to satisfy NEPA reporting requirements and the harm which Plaintiffs' incurred. Specifically, the Court expressly reserved as "one of the focuses of the case at trial [] whether the storm surge allegedly caused or exacerbated by the loss of wetlands surrounding Lake Borgne and the widening of the channel caused damage to the plaintiffs." Order at p. 46.

## II. THE CORPS' NEPA VIOLATIONS RELATE TO ACTIONS THAT ARE CAUSALLY CONNECTED TO THE PLAINTIFFS' HARM

Resurrecting the exact same unsuccessful arguments advanced in its DFE briefs, Defendant again argues that Plaintiffs must shoulder the burden of establishing causation. As a matter of law and logic, it is not Plaintiffs' burden to establish what would have happened had the Corps satisfied its NEPA mandate to inform Congress of the ongoing and mounting environmental damage well known by the Corps that was being caused by the MR-GO. Rather, Plaintiffs' burden is only to establish that those issues that relate to their injuries should have been the subject of legally adequate environmental disclosure documents. The Corps' failure to

---

[1] The Corps misstates the Court's decision that all design and construction activities were held immune. Motion at note 2. As noted in Plaintiffs' opposition to another motion in limine on this issue, the Court merely noted that the *initial* design decisions—such as alignment and channel dimensions—are DFE protected but not all subsequent actions and inaction over a half century. *See* Order at p. 49. The Corps also misstates the Court's determination as to improper segmentation of EAs to the extent that the multiple EAs raise questions of fact as to the cumulative effects of the multiple conduct. *See* Order at p. 46.

satisfy its mandates regarding reporting the consequences of its conduct strips the associated acts of negligence of any potential claim of immunity.

In its Order, this Court adopted the persuasive reasoning of the District Court in *Adams:*

> The BLM's failure to comply with NEPA meant that the agency had no discretion--it could not proceed until it complied with NEPA. The BLM argues, however, that NEPA is merely a procedural statute, and that the BLM retains full discretion to proceed with the project "even if the NEPA analysis identifies possible environmental impacts." *See BLM's Reply Brief* at p. 8. The BLM is essentially saying that the NEPA analysis would have made no difference.
>
> But there is no way to know. While a bad NEPA report does not automatically block a project, it could lead to that result, or to significant modifications. It is impossible to say what the result would be. And that means that the BLM loses because it has the burden of proof. *Bear Medicine,* 241 F.3d at 1210 (9th Cir.2001) (government bears the burden of proving that the discretionary function exception is applicable). The burden is on the BLM to show that the NEPA analysis would make no difference--a showing it cannot make because the analysis *might have* made a difference. ***The BLM appears to be arguing that plaintiffs have failed to show that the NEPA analysis would have made a difference, but plaintiffs bear no such burden.***

*Adams v. United States*, 2006 WL 3314571*1-2 (D. Idaho Nov. 14, 2006) (emphasis added).

Like the BLM in *Adams*, the Corps similarly attempts to argue that Plaintiffs bear the burden of demonstrating that a fully compliant NEPA analysis would have made a difference. This contention is clearly erroneous. Again like *Adams*, it is impossible to say what the result of the Corps' lawful conduct would have been. The presumption does not inure to the benefit of the Corps. To the contrary, Defendant loses because <u>it</u> has the burden of proof that the DFE applies. *Bear Medicine,* 241 F.3d at 1210 (9th Cir. 2001) (government bears the burden of proving that the DFE is applicable). In particular, the burden is on the Government to show that the NEPA analysis would make no difference--a showing it cannot make because it *might have* made a difference. *Adams,* 2006 WL 3314571 at *2.

### III. THE COURT HAS RESERVED FOR TRIAL THE CAUSAL CONNECTION BETWEEN THE CORPS' NEGLIGENCE AND SUBJECT OF ITS FAILURE TO SATISFY ITS NEPA MANDATES

Ignoring that this Court has expressly reserved the issue of causation for trial, the Government repeats its argument that there is no causal connection between the Corps' NEPA violation and Plaintiffs' damage. Motion at note 2, citing *Montijo-Reyes v. U.S.,* 436 F.3d 19 (1st Cir. 2006). Unlike the plaintiff in *Montijo-Reyes* (and as previously acknowledged by this Court), Plaintiffs here have raised triable issues of fact to demonstrate a causal connection between the Corps' NEPA violations and their harm. *See* Order at p. 46. Specifically, Plaintiffs have evidence presented that:

(1) the Corps' violation of the NEPA mandates—by failing to report known, foreseeable consequences of its O&M of the MR-G—prevented the relevant decision makers, *i.e*., Congress (acting as steward of the Nation's environmental policy) from fully appreciating (and funding remediation for) the harm that the Corps' O&M inflicted;

(2) the Corps' NEPA violations in turn caused the harm that Congress specifically sought to prevent—the inability to make informed decisions regarding government actions that impact the quality of the human environment; and

(3) Congressional inability to make an informed decision regarding environmental policy caused Plaintiffs' harm in that it allowed the Corps to continue its tortious O&M without scrutiny as to its conduct's significantly environmental impacts.

Plaintiffs' experts' reports establish that allowing the MR-GO to expand and to destroy the wetlands significantly increased the fetch of the channel, resulting in waves striking the Earthen Berm Spoil Banks (EBSB) along Reach 2 with greatly intensified energy and erosive force. Indeed, Plaintiffs' experts will show that the channel's operation and maintenance altered

the channel dynamics, generating an almost a five-fold increase in wave energy and three feet of extra surge in the Central Wetlands Unit.  Plaintiffs' experts will also demonstrate that the impacts of the Katrina would have been significantly lessened (and there would have been no catastrophic flooding) had there been (1) a MR-GO-as-designed, with levees present, in its original dimensions and with its original vegetative buffer, and /or (2) the levees present, the original vegetation present and MRGO effectively absent as a result of corrective engineering.[2]

Thus, as the Court acknowledged in its Order, Plaintiffs at trial will have the opportunity to demonstrate that the cumulative impacts on the environment caused by the operation and maintenance of the MRGO were significant contributing factors to the harm suffered by them and the Corps—in order to obtain DFE immunity—had a mandatory duty under NEPA to report such impacts to Congress.

## IV.  THE CORPS' NEPA VIOLATION IS NOT A PROTECTED DISCRETIONARY ACT

In a phenomenal twist of logic, the Corps attempts to take a final stab at a previously failed subject matter jurisdiction argument in the guise of a motion in limine.  Defendant argues that Plaintiffs should be barred from presenting evidence of the Corps' failure to inform Congress of the environmental effects of its O&M conduct in a mandatory environmental document because *Congress'* decision to take remedial action with regard to the MR-GO would have been discretionary.  Motion at p. 3.   Thus, the Corps continues, "this Court is not permitted to entertain suit examining whether that decision was based on complete and accurate information submitted by the Corps."  *Ibid.*

---

[2] *See* Exh. 108, Report of Caroline Gautier (Svašek Hydraulics), November 13, 2008; Exh. 91, Kemp Expert Report (July 2008) at p. 93.

5

As noted by the Court when rejecting the Government's similarly un-compelling argument that the Corps's own conduct was discretionary: "The Corps cannot ignore the dictates of NEPA and then claim the protection of the discretionary exception based on its own apparent self-deception." Order at p. 33. The Court aptly added: "[s]quarely stated, where there is evidence that the Corps itself knew, recognized and even internally reported that there had been or would be significant impacts on the wetlands adjacent to Lake Borgne and the MRGO, the Court must find that the Corps failed to follow a mandate or a prescribed course of action rendering the discretionary function inapplicable to those action. Stated another way, where there is evidence that the Corps itself had made findings which per se triggered the mandates of these regulations, the Corps' argument falls flat. To embrace the Corps' argument would make the exception swallow the rule." Order at pp. 34-35.

This conclusion is even more compelling here. It turns logic on its head to permit the Corps to claim the protection of Congress' discretionary immunity when the Corps willfully kept the Congress in the dark about the massive environmental damage being wrought by the MR-GO. Rewarding obdurate failure to obey the law is anathema to Congressional intent in passing the Federal Tort Claims Act.

## V.   CONCLUSION

For these reasons, the Court should deny the Corps' motion to exclude evidence of its violations of NEPA and the causal connection to the harm suffered by Plaintiffs.

Dated: April 7, 2009                                      Respectfully submitted,

                                             **O'Donnell & Associates P.C.**

                                             By: s/ Pierce O'Donnell

                                             Pierce O'Donnell (*pro hac vice*)
                                             550 S. Hope St., Suite 1000

Los Angeles, California 90071
Phone: (213) 347-0290
Fax: (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 585-1788

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile: (213) 481-1554

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile: (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304

Facsimile: (225) 926-1202

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr. (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile: (985) 385-4861

Facsimile: (504) 528-9973

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

## CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on April 7, 2009, I caused to be served **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO BAR THE INTRODUCTION OF EVIDENCE RELATED TO VIOLATIONS OF NEPA  (DOC.  NO. 18440)**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell