UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NUMBER:  05-4182 "K"(2)
JUDGE DUVAL
MAG. WILKINSON

PERTAINS TO:  *Robinson*
(No. 06-2268)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
MENTAL ANGUISH AND INCONVENIENCE (DOC. NO. 18437)**

## I.    INTRODUCTION

The Defendant's Motion in Limine to Exclude Evidence of Mental Anguish and

Inconvenience claims that this Court should exclude all evidence concerning the mental anguish

and inconvenience sustained by Plaintiffs on the grounds that that such damages are not

recoverable in the circumstances presented.  The United States concludes that the Plaintiffs are

not entitled to damages for mental anguish and/or inconvenience arising from the damage to their

respective properties based on very selective excerpts from the depositions of the Plaintiffs.

However, a motion *in limine* is not the proper vehicle for obtaining what amounts to a

summary judgment on an element of damages based on selective use of deposition transcripts.

All the procedural safeguards of a Rule 56 motion have been removed.  Moreover, the

Government's statement of the law is incomplete.  Under the law of vicinage, which is

recognized by Louisiana and has been specifically pled by the Plaintiffs, mental anguish is

potentially available as an element of damages.

The Government's motion should be denied for the following reasons.

1

II.     **ARGUMENT**

A.      **Damages Are More Suited for Summary Judgment, Not a Motion *in Limine***

The present motion is effectively a motion for partial summary judgment on one element

of damages.  The motion seeks to dispose summarily of an issue in the case based on a highly

selective recitation of the facts and incomplete statement of the relevant law.  Granting this

motion literally on the eve of trial would deprive Plaintiffs of their right to a trial on the merits.

Federal courts have long held that a motion *in limine* cannot be used as a substitute for a

motion for summary judgment because it dispenses with the procedural safeguards of Rule 56

and is not meant to serve as a vehicle for determining disputed facts.  *See* concurrently filed

Plaintiffs' Objection to Seven Motions in Limine.  In particular, "a motion *in limine* should not

be used as a vehicle to resolve factual disputes. . . .  Nor should a motion *in limine* be used to

argue… that *an item of damages may not be recovered. . . .* That is the function of a motion for

summary judgment, with its accompanying and crucial procedural safeguards." *C&E Services,*

*Inc. v Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.C. Cir. 2008) (emphasis added).  Accordingly,

because this motion is highly prejudicial as it deprives Plaintiffs of the significant procedural

protections afforded by Rule 56 it should be denied.

B.      **Damages For Mental Anguish Are Available Under Louisiana's Law of**
        **Vicinage**

The Government's statement of Louisiana tort law is accurate, but incomplete.

Defendant totally ignores an avenue through which the Plaintiffs would clearly be entitled to

recover damages for mental anguish under Louisiana tort law: the law of vicinage.  *Rizzo v.*

*Nichols*, 867 So.2d 73, 78 (La. App. 2004).

There is no disagreement that Louisiana law provides that damages for mental anguish

arising from property damage are awardable to persons whose property was damaged by

2

intentional or illegal acts, or by acts giving rise to strict or absolute liability, or by acts

amounting to a continuing nuisance, or where the property owner was present when or shortly

after the damage was negligently inflicted and suffered a psychic trauma similar to a physical

injury as a direct result of the incident. *Simmons v. Board of Commisioners of Bossier Levee*

*District*, 624 So.2d 935, 954 (La. App. 2d Cir 1993) *citing Farr v. Johnson*, 308 So.2d 884, 885

(La. App. 2d Cir. 1975).

The parties also agree that Plaintiffs claims for damages are governed by Louisiana law.

However, the Government fails to mention all the claims under which the Plaintiffs are seeking

recovery.  In addition to the traditional tort causes of action, the Plaintiffs are also making a

claim under Article 667 of the Louisiana Civil Code.  In *Graci v. United States,* 435 F.Supp. 189,

195 (E.D. La. 1977), the Court specifically held that the United States as grantee of the right of

way, builder and maintainer of the MR-GO assumed a high standard of care with relations to

damages caused by the works to neighboring lands and individuals.  According to the Court, this

conclusion is based on Article 667 of the Louisiana Civil Code.

Article 667 is one of the three articles that comprise the obligations of vicinage.  These

articles are 667, 668 and 669 and are legal servitudes imposed on the owner of property.  These

provisions embody a balancing of rights and obligations associated with the ownership of

immovables.  As a general rule, the landowner is free to exercise his rights of ownership in any

manner he sees fit.  He may even use his property in ways which occasion some inconvenience

to his neighbor.  However, his extensive rights do not allow him to do real damage to his

neighbor. *Rodriguez v. Copeland*, 475 So.2d 1071, 1077 (La. 1985).

Louisiana Civil Code Articles 667 through 669 are often referred to as the obligations of

vicinage.  They set out the relationship between the owners or properties in the same vicinity.

Whether an owner of property is liable to his neighbors under the Civil Code Articles of

vicinage, is a determination to be made by the trier of fact based upon the reasonableness of the

conduct in light of the circumstances.  Such an analysis requires consideration of factors such as

the neighborhood's character, the degree of intrusion privacy, and the activity's effect on the

health and safety of the neighbors.  *Barrett v. T.L. James & Co.,* 671 So.2d. 1186, 1191 (La.

App. 1996), *writ denied,* 674 So.2d 973 (1976).

Louisiana Courts and commentators sometimes use the word "nuisance" in describing the

type of conduct which violates the pronouncements embodied in Articles 667 through 669.  *inter*

*alia, Barret v. T. L. James & Co.* 671 So.2d 1186 (La. App. 1996).  The determination of the

existence of a "nuisance" pursuant to the articles setting out the obligations of vicinage is a

question of fact based on the nature of the intrusion into the neighbors property, plus the extent

or degree of the damage.  *Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93, 98 (La. 1975); *Begnaud*

*v. Camel Contractors, Inc.* 721 So.2d 550, 554 (La. App. 1998); *Schulker v. Roberson*, 676

So.2d 684, 688 (La. App. 1996); *Acadiana Heritage Realty, Inc. v. City of Lafayette,* 434 So.2d

182, 185 (La. App. 1983) *writ denied* 440 So.2d 733 (La. 1983).

Assuming they are able to prove those elements, a plaintiff in a vicinage cause of action

may recover damages for mental anguish, discomfort, irritation, anxiety, and loss of use and/or

enjoyment of his property in addition to general damages.  *Rizzo v. Nichols*, *supra,* 867 So.2d 73,

77; *Cf. Branch v. City of Lafayette*, 663 So.2d 216, 222 (La. App. 1995). (Article 667 enables

injured party to recover general damages for his loss of enjoyment of their property, mental

anguish, irritation, anxiety and discomfort.); *Arnold v. Town of Ball*, 651 So.2d 313, 321 (La.

App. 1995) (same). If Plaintiffs are able to meet their burden of proof with regard to the

Defendant's breach of the obligations of vicinage, Louisiana law provides that they can recover

for damages for mental anguish and inconvenience.

### III.   CONCLUSION

For the foregoing reasons, the Corps motion should be denied.

Dated: April 7, 2009                                    Respectfully submitted,

**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

| | |
|---|---|
| **The Andry Law Firm, LLC** | **Domengeaux Wright Roy & Edwards LLC** |
| By: s/ Jonathan B. Andry | Bob F. Wright (LSBA No. 13691) |
| Jonathan B. Andry (LSBA No. 20081) | James P. Roy (LSBA No. 11511) |
| 610 Baronne Street | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | P.O. Box 3668 |
| Telephone: (504) 586-8899 | Lafayette, Louisiana 70502-3668 |
| Facsimile:  (504) 585-1788 | Telephone: (337) 233-3033 |
| | Facsimile:  (337) 233-2796 |
| | |
| **Fayard & Honeycutt** | **Girardi & Keese** |
| Calvin C. Fayard, Jr. (LSBA No. 5486) | Thomas V. Girardi (*pro hac vice*) |
| Blayne Honeycutt (LSBA No. 18264) | 1126 Wilshire Boulevard |
| 519 Florida Avenue, S.W. | Los Angeles, CA 90017 |
| Denham Springs, Louisiana 70726 | Telephone: (213) 489-5330 |
| Telephone: (225) 664-4193 | Facsimile:  (213) 481-1554 |
| Facsimile:  (225) 664-6925 | |
| | |
| **Ranier, Gayle & Elliot, LLC** | **Levin, Papantonio, Thomas, Mitchell** |

N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

6

## <u>CERTIFICATE OF SERVICE</u>

I, Pierce O'Donnell, hereby certify that on April 7, 2009, I caused to be served

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MENTAL ANGUISH AND INCONVENIENCE (DOC. NO. 18437)**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell