UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INJURIES TO PARTIES OTHER THAN THE PLAINTIFFS (DOC. NO. 18435)**

**I.     INTRODUCTION**

Through its motion, the Defendant seeks to exclude all evidence of injuries or damages to parties and property other than the Plaintiffs, and their possessions, on the grounds that such evidence is irrelevant to any issue before the Court and is unduly prejudicial. But the evidence Plaintiffs seek to introduce is clearly relevant to demonstrate the location and sources of the catastrophic flooding. Moreover, the vehicle the Government has chosen—a motion *in limine*—is ill-suited for laying waste to broad swaths of crucial evidence. This is especially true when the specific evidence is not precisely identified.

For the reasons that follow, the Government's motion should be denied.

1

## II.     ARGUMENT

### A.     The Exclusion of Massive Amounts of Evidence is Not Appropriate For a Motion *in Limine*

Motions *in limine* are procedural devices which provide a mechanism for the prompt pretrial determination of the admissibility of particular pieces of evidence.  A motion *in limine* is not a vehicle to summarily exclude a large group of evidence.  Orders *in limine* which exclude broad categories of evidence should rarely be made because a court is almost always better situated during the actual trial to assess the value and utility of evidence. *Koch v. Koch Industries, Inc*, 2 FSupp2d 1385, 1388 (D. Kan 1998) *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975).

Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir. 1997). The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials).  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.

Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.  The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.  *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at

2

trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400-01 (N.D. Ill. 1993).

The Government's present motion appears to be a backdoor attempt to adjudicate facts more properly the subject of a summary judgment motion. But enumerable courts from around the country consistently hold that a motion *in limine* cannot be used as a substitute for a motion for summary judgment because it dispenses with the procedural safeguards of the former and is not meant to serve as a vehicle for determining disputed facts. *See,* concurrently filed Plaintiffs' Objection to Defendant's Seven Motions in Limine.

### B. By Using a Scattershot Approach, The Government is Seeking to Exclude Relevant Evidence

Without the benefit of referencing any particular or specific piece of evidence, the Government makes a broad and somewhat amorphous request that evidence of damage to 'other people' be excluded. An *in limine* motion must describe the evidence it seeks to exclude with specificity. *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group,* 937 F.Supp. 276, 287 (S.D.N.Y. 1996) (finding court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded.") There is nothing here but the broad reference to numerous pieces of evidence that are listed in the various pretrial documents filed by the Plaintiffs. The United States claims that it is specifically concerned with the "many representations of personal injuries and property damage suffered by persons who are not Plaintiffs in this lawsuit." These "representations" are purportedly contained in the Plaintiffs' pretrial submissions and many of the exhibits and demonstrative evidence Plaintiffs' counsel propose to use during opening statement.

3

The latter reference, however, cannot possibly be based on anything other than supposition. Plaintiffs have not even decided whether they will, in fact, present an opening statement. It is difficult to believe that the Government filed this motion seeking to exclude what it is clearly guessing the Plaintiffs will use in their opening statement.

More importantly, to the extent that this motion seeks to bar evidence of the geographical extent and magnitude of the catastrophic flooding into St. Bernard Parish, New Orleans East, and the Lower 9th Ward, it is untenable. Plaintiff's evidence will necessarily demonstrate the location of the breaches and overtopping along the LPV system surrounding these polders and the sources of flooding of the Plaintiffs' homes and their communities. It is imperative that the Court receive this evidence so that this "test case" can fulfill its purpose of establishing (if Plaintiffs prevail) the geographical footprint of the flooding caused by the MR-GO.

The United States has failed to carry its high burden of establishing that the evidence it seeks to exclude is inadmissible on all grounds. Indeed the United States does not even state, with any degree of particularity the pieces of evidence that it seeks to exclude. Consequently, it would be impossible for this Court to frame an order even if the motion had merit (which it does not).

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied.

Dated: April 7, 2009                              Respectfully submitted,

**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290

Fax:  (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Domengeaux Wright Roy & Edwards LLC**
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

## **CERTIFICATE OF SERVICE**

I, Pierce O'Donnell, hereby certify that on April 7, 2009, I caused to be served **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INJURIES TO PARTIES OTHER THAN THE PLAINTIFFS (DOC. NO. 18435)**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

/s/ Pierce O'Donnell