# EXHIBIT 3

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3
     ****************************************************************
 4
     IN RE:  KATRINA CANAL
 5   BREACHES CONSOLIDATED
     LITIGATION
 6
                                    CIVIL ACTION 05-4182
 7                                  SECTION "K" (2)
                                    NEW ORLEANS, LOUISIANA
 8                                  THURSDAY, DECEMBER 18, 2008, 10:30 A.M.
     PERTAINS TO:
 9
     ROBINSON (06-2268)
10
     ****************************************************************
11

12            TRANSCRIPT OF MOTIONS HEARING PROCEEDINGS
           HEARD BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.
13                    UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16
     FOR THE PLAINTIFFS:            O'DONNELL & ASSOCIATES
17                                  PIERCE O'DONNELL, ESQUIRE
                                    550 SOUTH HOPE STREET
18                                  SUITE 1000
                                    LOS ANGELES CA   90071
19

20                                  BRUNO & BRUNO
                                    BY:  JOSEPH M. BRUNO, ESQUIRE
21                                  855 BARONNE STREET
                                    NEW ORLEANS LA   70113
22

23
                                    THE ANDRY LAW FIRM
24                                  BY:  JONATHAN B. ANDRY, ESQUIRE
                                    610 BARONNE STREET
25                                  NEW ORLEANS LA   70113
```

1   1965, after a subsequent study, that the MRGO had no impact on
2   the hurricane protection system.  None whatsoever.  Zero impact.
3              Well, here is the impact:  "What is important is
4   how the wave energy changes, which is related to the square of
5   the wave height."
6              THE COURT:  I did read that in the reports.
7              MR. BRUNO:  "So wave energy increased due to the
8   unmaintained nature of the channel is by a factor of 9.6 squared
9   divided by 4.2 squared, which equals 92.16 over 19.36," which to
10  us means a fivefold increase in wave energy due to solely the
11  unmaintained nature of the channel.  Solely.
12             Now, the critical difference between them and us
13  is that the Corps of Engineers believed that the levees failed
14  because of backside overtopping -- backside erosion, I'm sorry,
15  caused by overtopping.
16             The plaintiffs' argument is that the levees failed
17  because of front-side erosion.  In other words, the wave was so
18  powerful that they destroyed the levees from the water side, not
19  from the protected side.  That's a big, big issue with us.
20             Secondly, they gave me their deposition, finally,
21  on the issue of performance of the levee system, and as they
22  wrote in the IPET report, "The levees along Reach 2 performed as
23  designed."  Your Honor, why is that significant?  It means that
24  there is no defect in the levee.  There is nothing wrong with the
25  levee.  There is no 702c issue in this case.