UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| | § | |

DEFENDANT UNITED STATES' OBJECTIONS
TO EXHIBITS IDENTIFIED BY PLAINTIFFS

Defendant, the United States, respectfully identifies its objections to the trial exhibits identified in Plaintiffs' Exhibit List provided to the United States on April 6, 2009.

On March 20, 2009, the Plaintiffs filed with the Court their Preliminary Exhibit List comprising 1,808 exhibits (Doc. Rec. No. 18228-2), and on March 27, 2009, they filed a greatly reduced Preliminary Exhibit List comprising 243 exhibits (Doc. Rec. No. 18331-4). The Plaintiffs provided the United States with none of the exhibits listed on these exhibit lists.  In addition, Plaintiffs also failed to provide Bates-stamped number ranges for many of these exhibits.  Nevertheless, the United States attempted to review the exhibits on the Plaintiffs' March 27, 2009, exhibit list.  The United States reviewed only the March 27, 2009, exhibit list because it was the United States' understanding that it was Plaintiffs' intention to use only those exhibits described on this list at trial.

On April 3, 2009, much to the United States' surprise, the Plaintiffs presented to the United States an exhibit list identifying 2,112 exhibits. Although the Plaintiffs provided the United States with some of the exhibits listed on their exhibit list on April 6, 2009, they failed to provide exhibits for 361 of their exhibit entries. See Exh. 1. Moreover, the Plaintiffs failed to identify Bates-stamped number ranges for 1,219 of their 2,112 exhibits. See Exh. 2.

The Plaintiffs' failure to provide the exhibits and/or Bates-stamped number ranges for their exhibits has made it difficult for the United States to review the exhibits in a timely manner for two reasons. First, without the exhibit and a Bates-stamped number range, the United States has had to search for all documents produced in this litigation that fit the subject matter description of the exhibit in order to locate the correct exhibit. Sometimes, there are multiple copies of the same document. Some versions of a particular document may be a draft, a final version, or an edited version. Without looking at the document associated with a particular Bates-stamped number range, the United States cannot, with certainty, know whether it has rightly identified the exhibit referenced by the Plaintiffs.

Secondly, if the Plaintiffs only provide the exhibit without the Bates-stamp numbers, the United States must search the universe of documents produced in this litigation to determine whether the exhibit has ever been produced and whether it is complete. The United States has Bates-stamp numbered all of its documents produced in this litigation. Many of the exhibits for which the Plaintiffs have not cited a Bates-stamped number range were probably produced by the United States because they are Corps documents. As such,

the Plaintiffs should have Bates-stamp numbered versions of the documents which they could easily provide to the United States.  Accordingly, the United States requested that the Plaintiffs provide the Bates-stamped number ranges for their exhibits on April 6, 2009, but the Plaintiffs did not respond.  See Exh. 3.  Moreover, the Plaintiffs should also have Bates-stamp numbered all the documents they produced in this litigation.  As such, there is no valid reason why the Plaintiffs cannot provide Bates-stamp numbered exhibits to the United States.

Because the United States had less than five days to review the Plaintiffs' additional 1,868[1] exhibits, many of which were not provided to the United States and/or without Bates-stamped number ranges, the United States was unable to review all of the Plaintffs' exhibits.  Therefore, the United States reserves its right to object to any of the Plaintiffs' exhibits upon grounds of relevance, Federal Rules of Evidence ("FRE") 401 and 402; hearsay, FRE 802; foundation, FRE 901; authenticity, FRE 901 and 902; composite, FRE 403; and incompleteness, FRE 803.

The one objection the United States can make at this time concerns the Plaintiffs' exhibit list entry of MRGO-000487.  Although the Plaintiffs failed to provide the United States with Bates-stamped numbers for this exhibit, the United States was able to identify it as NOP-007-000000994 thru NOP-007-000001005.  This exhibit was inadvertantly produced

---

[1] 2,112 exhibits listed on the Plaintiffs' April 6, 2009, exhibit list minus the 243 exhibits listed on the Plaintiffs' March 27, 2009, exhibit list equals 1,868 exhibits.

by the United States to the Plaintiffs on August 31, 2007.  See Doc. Rec. No. 7414.  This exhibit is protected by the Attorney-Client Privilege and/or the Attorney-Work Product Doctrine.  Accordingly, the United States filed a Privilege Log with the Court today clawing back this exhibit.  See Doc. Rec. No. 18484.

       Respectfully submitted,

       MICHAEL F. HERTZ
       Acting Assistant Attorney General

       PHYLLIS J. PYLES
       Director, Torts Branch

       JAMES G. TOUHEY, JR.
       Assistant Director, Torts Branch

        s/ James F. McConnon, Jr.
       JAMES F. McCONNON, JR.
       Trial Attorney, Torts Branch, Civil Division
       U.S. Department of Justice
       Benjamin Franklin Station, P.O. Box 888
       Washington, D.C.  20044
       (202) 616-4400/ (202) 616-5200 (Fax)
       Attorneys for the United States

April 8, 2009

5

<u>CERTIFICATE OF SERVICE</u>

I, James F. McConnon, Jr., hereby certify that on April 8, 2009, I served a true copy of the Defendant United States' Objections to Exhibits Identified by Plaintiffs upon all parties by ECF.

<u>s/ James F. McConnon, Jr.</u><br>
JAMES F. McCONNON, JR.