UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: LEVEE AND MRGO | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court are a Motion to Quash (Doc. 18370) filed by Joseph Bruno on April 1, 2009, and a Motion to Quash Subpoena to Trial Counsel (Doc. 18391) filed on behalf of S. Ault Hootsell, III on April 1, 2009. The subpoenas in question were issued in advance of a Certification/Fairness Hearing (Doc. 16721) which was conducted on April 2, 2009 concerning the proposed settlement of all claims against the Lake Borgne Basin Levee District, the East Jefferson Levee District and the Orleans Levee District and their insurer, St. Paul Fire and Marine Insurance Company by James K. Irvin, counsel for several objectors to the proposed class settlement.

Mr. Bruno sought to quash the subpoena issued on March 27, 2009 which sought the production on April 2, 2009 of "[a]ll documentation of fees, costs and expenses which [he] seek[s] from the escrowed funds pursuant to paragraph 16, Section 3 of the Proposed Class Settlement Agreement." Mr. Bruno asked for an expedited hearing thereon, which was granted and conducted by phone on April 1, 2009. Mr. Hootsell sought to quash a subpoena for his testimony at the Certification/Fairness Hearing scheduled on April 2, 2009. The Court held a status conference with respect to the Bruno subpoena on April 1, 2009 and learned of the second subpoena at that time. It informed Mr. Irvin that both motions were denied and that an order

would issue in due course.

The focus of the Certification/Fairness Hearing was whether the proposal is fair under the appropriate standards concerning a Limited Fund Settlement pursuant to Fed. R. Civ. P. 23(b)(1)(B) and those set forth in *Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999). The focus of Mr. Irvin's subpoenas dealt with the fees sought by the attorneys as described in paragraph 16, Section 3 of the Proposed Class Settlement Agreement. The Court found that these subpoenas were premature in that the fee dispute (should there be one) will be addressed in a subsequent hearing which the settling parties intend to notice. The Court made clear at the Fairness Hearing that whether fees will be paid will depend on a variety of factors all of which will be thoroughly traversed at the appropriate time. Indeed, the primary issues that the Court must decide prior to its determination of fairness is precisely which insurance policies provide coverage and thus what is the amount of the "limited fund" and whether this fund comes under the construct of Fed. R. Civ. P. 23(b)(1)(B).

In addition, the subpoena as issued with respect to Mr. Bruno failed to allow a reasonable time to comply as required by Fed. R. Civ. P. 45(c)(3)(A)(i). As to Mr. Hootsell, he is an attorney for the settling insurers, and the Court was not made aware of any relevant, non-privileged information he could provide to the Court. In the event a subpoena is issued in the future at the appropriate time, the Court will allow full briefing on the matter. Accordingly,

**IT IS ORDERED** that the Motion to Quash (Doc. 18370) filed by Joseph Bruno on April 1, 2009, and the Motion to Quash Subpoena to Trial Counsel (Doc. 18391) filed on behalf of S. Ault Hootsell, III on April 1, 2009 are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Expedite hearing on Motion to Quash

Subpoena to Trial Counsel (Doc. 18393) and the Request for Oral Argument (Doc. 18394) is

**DENIED**.

New Orleans, Louisiana, this  8th  day of April, 2009.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**