**MINUTE ENTRY**
**DUVAL, J.**
**April 9, 2009**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**IN RE KATRINA CANAL BREACHES**
**CONSOLIDATED LITIGATION**

**CIVIL ACTION**

**NO. 05-4182**

**SECTION "K"(2)**

**PERTAINS TO: MRGO,** *Robinson* **C.A. No. 06-2268**

Attending a telephonic status conference concerning the United States' Motion to

Exclude the Expert Opinions of Plaintiffs' Expert Robert Bea which included a request for oral

argument (Doc. 18501) and the United States of America's Motion for Expedited Hearing.

(Doc. 18502) were:

Joseph Bruno for plaintiffs and

Robin Smith for defendants.

The Court initiated this conference to discuss its concerns about the instant motion. The

Government contended that the Court should exclude the expert opinions of Robert Bea for

failure to produce reports stating his final opinion in contravention of the Court's Case

Management Order, or, in the alternative, to strike his out-of-time April 3, 2009 expert report

and preclude him from testifying to the opinions stated therein. Essentially, the Government

argued in the motion that Dr. Bea had significantly changed his theory of causation concerning

MRGO-induced levee sinkage from 20% in his January report to 50% in his April 4, 2009

report. The Government argued that such a significant change in his report which was late filed

and the extensive appendix which allegedly provided the scientific support for this theory

received in essence two weeks before trial would significantly prejudice the Government at trial.

During the conference, plaintiffs opined that the Government expert witness  Dr. Resio had filed a similarly late report and that they would seek to strike that report by motion to be filed today.

After a thorough discussion concerning these matters, the Court apprised counsel that it would consider continuing this trial to September in order for any possible prejudice to be cured. However, plaintiffs' counsel made clear that they did not want a continuance and as a result, voluntarily withdrew the April 3, 2009 expert report of Dr. Bea with its attendant appendixes. Accordingly,

**IT IS ORDERED** based on the plaintiffs' agreement,  the April 3, 2009 expert report of Dr. Bea is **STRICKEN** from the record.

**IT IS FURTHER ORDERED**  that the United States' Motion to Exclude the Expert Opinions of Plaintiffs' Expert Robert Bea which included a request for oral argument (Doc. 18501) and the United States of America's Motion for Expedited Hearing.  (Doc. 18502) are rendered **MOOT.**

Also discussed was Defendant United States' Objections to Exhibits Identified by Plaintiffs (Doc. 18503) wherein the Government requested that it be allowed t reserve its right to object to any of the Plaintiffs' exhibits upon grounds of relevance, Fed. R. Evid. 410 and 402; hearsay, Fed. R. Evid. 802; foundation, Fed. R. Evid. 901; authenticity, Fed. R. Evid. 901 and 902; composite, Fed. R. Evid. 403; and incompleteness, Fed. R. Evid. 803.  Having assured the Court that it did not anticipate making many objections to plaintiffs' exhibits as the vast majority, if not all, of the exhibits are Government generated,

**IT IS ORDERED** that the Government shall be allowed to defer raising its objections to exhibits until trial.

As to the one substantive objection, that is Plaintiffs' Exhibit List Entry of MRGO-000487 and it being privileged, the Court will rule on that objection at a later date when it is in receipt of the actual exhibit.

JS:10- 50 mins.