UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

SECTION "K"(2)

PERTAINS TO: MRGO, *Robinson* C.A. No. 06-2268

## ORDER AND REASONS

Before the Court are the following motions filed by the United States:

| | |
|---|---|
| Doc. 18435 | Motion in Limine to Exclude Evidence of Injuries to Parties Other Than the Plaintiffs |
| Doc. 18437 | Motion in Limine to Exclude Evidence of Mental Anguish and Inconvenience |
| Doc. 18440 | Motion in Limine to Bar Introduction of Evidence Which Removes the MRGO from Existence |
| Doc. 18441 | Motion in Limine to Bar Introduction of Evidence Related to Violations of NEPA |
| Doc. 18442 | Motion in Limine to Bar Evidence of Damage Caused by the Design and Construction of the MRGO |
| Doc. 18443 | Motion in Limine to Bar Introduction of Alternative Methods of Hurricane Protection |
| Doc. 18444 | Motion in Limine to Bar Introduction of Evidence concerning Breaches on the East Bank of the IHNC |

The Court has reviewed the motions, memoranda, oppositions and replies filed with respect to these motions and is prepared to rule thereon. As a preface, the Court would note that many of these motions seek to limit testimony and evidence predicated on false presumptions concerning a fact which the Court has ruled is contested and, as such, is at issue in this case. Some of these

motions are simply veiled attempts seeking the Court's reconsideration its denial of the Government's Motion for Summary Judgment based on the discretionary function exception and the due care exception. In addition, many of the arguments made are predicated on arguments concerning the merits of this case. As such, the Court will allow any attempt to use an evidentiary motion to limit testimony on contested issues of fact. With that stated, the Court will address each motion seriatim.

**Doc. 18435    Motion in Limine to Exclude Evidence of Injuries to Parties Other Than the Plaintiffs**

In this motion, the United States seeks to exclude all evidence of injury or damages to parties and property other than Plaintiffs and their possessions.  In this bench trial, the Court as well as the majority of the population of the United States realize that there was catastrophic property and personal loss in New Orleans and the vicinity. Clearly this trial only relates to the damages suffered by the named plaintiffs, and the Court will not allow testimony as to specific damages to other persons.  However, at the same time, in order to prove their case, Plaintiffs may certainly introduce evidence as to flooding and resulting damage to areas other than Plaintiffs' specific properties.

The Court will not allow the abdication of common sense in trying this very significant matter.  Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Evidence of Injuries to Parties Other Than the Plaintiffs (Doc. 18435) is **GRANTED** in part and **DENIED** in part as explained above.

**Doc. 18437      Motion in Limine to Exclude Evidence of Mental Anguish and Inconvenience**

The United States argues that because none of Plaintiffs were present at or nearby to their respective properties, they would not be entitled to recover mental anguish or inconvenience. The Court agrees that generally this proposition is correct. *Harper v. Illinois Central Gulf R.R.*, 808 F.2d 1139 (5th Cir. 1987); *Napolitano v. F.S.P. Inc.*, 797 So.2d 111 (La. App. 4th Cir. 2001). Plaintiffs in their opposition memorandum do not dispute that statement of the law.

However, Plaintiffs argue that they have pled La. Civ. Code art. 667 and that the law of vicinage applies. In the event plaintiffs were to prove that article 667 were applicable, "a plaintiff in a vicinage cause of action may recover damages for mental anguish, discomfort, irritation, anxiety, and loss of use and/or enjoyment of his property." *Rizzo v. Nichols*, 867 So.2d 73 (La. App. 3d Cir. 2004), citing *Branch v. City of Lafayette*, 95-298 (La. App. 3rd Cir. 10/4/95), 663 So.2d 216.

The Court notes that the Government's motion is actually in the nature of a dispositive motion, and the time for filing such has long since passed. Furthermore, to the extent that the United States contends that this motion should be granted because Plaintiff s had not pled La. Civ. Code art. 667 in their First Amended Complaint, the Court finds such an argument without merit as their having pled emotional damages suffices from a pleading perspective. Although the Court is certainly not convinced that the law of vicinage applies, Plaintiffs may introduce evidence that it does and the matter can be addressed in a Rule 52 motion or be briefed in the anticipated post-trial memoranda.

Moreover, the Court notes that some Louisiana cases have allowed stand-alone damages for inconvenience and loss of use by separating that type of damage from a mental anguish claim

resulting from the loss of property. *Kemper v. Don Colemen, Jr. Builder, Inc.*, 746 So.2d 11 (La. App. 2d Cir. 2000), involved the flooding of a number of houses resulting from the failure of the developer to warn of the likelihood of flooding in a subdivision. The court did not award mental anguish resulting from the property damage citing the rule of law set forth herein above. However, the court stated, "While the trial court's award of general damages is not appropriate as an award for mental anguish, it is appropriate as compensation for the inconvenience suffered by the plaintiffs as a result of the flood." *Kemper*, 746 So.2d at 21, citing *Thompson v. Simmon*, 499 So.2d 517 (La. App. 2d Cir. 1986). Thus, the court treated inconvenience separate and apart from mental anguish rubric. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Evidence of Mental Anguish and Inconvenience ( Doc. 18437 ) is **DENIED** subject to proof at trial and post-trial briefing.

**Doc. 18440     Motion in Limine to Bar Introduction of Evidence which Removes the MRGO from Existence**

The United States seeks to bar the introduction of any evidence which removes the MRGO from existence by this motion. The premise of this motion is that the Court has found that the original design and construction of the MRGO are not actionable herein as a result of the discretionary function exception. The Government argues that since its existence is not actionable, there should be no evidence which removes it from existence. The Court finds this argument a facile and somewhat surrealistic contention.

A substantial part of Plaintiffs' case concerns alleged acts and omissions subsequent to the construction of the MRGO. To comprehend the present, one must comprehend the past. This exercise is common in virtually all disciplines–history, science, literature and the law. In

4

other words, to understands how we got to the present with respect to the MRGO, we must start before the MRGO existed. It is the Court's understanding that some of Plaintiffs' models have at their foundation the area as it existed prior to the MRGO. The time continuum at issue in this case begins prior to the MRGO and ends with Hurricane Katrina.

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Bar Introduction of Evidence Which Removes the MRGO from Existence (Doc. 18440) is **DENIED**.


**Doc. 18441    Motion in Limine to Bar Introduction of Evidence Related to Violations of NEPA**

In this motion, the Government states, "Plaintiffs' pre-trial submissions, however, demonstrate that they do not intend to present any evidence to meet their causation burden." The Government urges that to meet that burden, Plaintiffs would have to prove three points:

1) Plaintiffs would have to show that a hypothetical EIS would identify problems associated with MRGO that would have prevented the damage caused by Hurricane Katrina;

2) Plaintiffs would have to show that Congress in response to the hypothetical EIS would have acted sufficiently that the problems would have been corrected; and

3) Plaintiffs would have to show that the remedial measures would have been completed prior to Hurricane Katrina.

As noted in the Court's lengthy opinion denying the Government's Motion for Summary Judgment based on the discretionary function exception (Doc. 18212), there were numerous documents generated by the Corps itself and others over a substantial period of time indicating that the MRGO was having a substantial effect on the environment. Therefore, the very purpose for an EIS or SEIS would relate to the effects on the environment caused by the MRGO.

As to the second point, that is Congress's response, the Court analogizes an EIS provided to Congress under the NEPA mandate in the nature of a warning, that is that an on-going project was having substantial negative effects on the environment. The Court could apply the general presumption employed in a failure to warn negligence cases that Congress would heed the warning and take whatever steps were necessary to rectify the deleterious effects upon the environment and to take measure necessary to protect the property and people in the area. *Grayson v. State of Louisiana*, 837 So.2d 87 (La. App. 4th Cir. 2002) (assumption that plaintiff would heed warning about negative effect of oysters not defeated with proof that alcoholic plaintiff failed to heed warning about dangers of alcohol); *Gauthier v. McDonough Power Equipment, Inc.*, 608 So.2d 1086 (la. App. 3d Cir. 1992) (when manufacturer fails to give adequate warning, presumption arises that user would have read and heeded such admonitions); *Winstead v. Ed's Live Catfish and Seafood, Inc.*, 554 So.2d 1237 (La. App. 1st Cir. 1989) (Supreme Court has recognized presumption warnings will be heeded). The Court will have to determine after trial on this matter as to if, or when, an SEIS should have been filed.

As to the third point, if there is a presumption that the warning would have been heeded, and after trial, the Court finds that the United States will have an opportunity at trial to show that such a warning would have been futile. Moreover, if the Court finds that an SEIS should have been provided to Congress, the Court must also make a finding as to when it should have been presented to Congress. After that finding is made, if indeed it is, then the Court can appropriately assess the time factor raised by the Government. In any event, this motion is of the nature of a dispositive one the deadline for filing of which has long passed. These filings are more appropriate pursuant to Rule 52 or post-trial briefing.

In addition, the United States in its reply brief summarizes Plaintiffs' argument that their evidence will demonstrate that the Corps failed to report the foreseeable consequences which prevented Congress from making informed decisions and that congressional inability to make an informed decision regarding environmental policy cased plaintiffs' harm. The United States then argues that "but even if Plaintiffs could prove all this, their claim would be barred by the discretionary function exception." (Doc. 18513 at 7). Thus, once again, the Government in the guise of a motion in limine seeks the Court's reconsideration of its denial of its motion for summary judgment on this issue. The Court will not dispose of Plaintiffs' case in a motion in limine. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Bar Introduction of Evidence Related to Violations of NEPA (Doc. 18441) is **DENIED**.

**Doc. 18442      Motion in Limine to Bar Evidence of Damage Caused by the Design and Construction of the MRGO**

This motion is tantamount to a request for the Court to reconsider its ruling on the United States' Motion for Summary Judgment with respect to the Due Care Exception and the Discretionary Function Exception. (Doc. 18212 at 10-12). The Corps persists in its argument that "the superficial widening of the channel, the changes in wetlands, and the supposed impact on the Lake Pontchartrain and Vicinity Hurricane Protection levees are all consequences of the design decisions. The United States cannot be held liable for the consequences of these decisions." (Doc. 18442 at 2). This argument is simply re-urging the Government's contention

7

that it is immune. The Court has found there are questions of fact and it will not at this juncture revisit this argument under the guise of a motion in limine.

Indeed, the Court has stated:

To the end, the Court finds that as concerns the initial design and construction of the MR-GO, these actions are shielded by the discretionary function exception. Clearly, there was no violation of any mandate and the decisions made were policy driven. However Plaintiffs have created substantial questions of fact with respect to the actions and inactions that followed the creation of the channel, particularly in light of the documents that demonstrate the knowledge of the Corps concerning the dangers that MR-GO was creating. In fact, the most glaring issue the Court sees is in the context of the state negligence claim itself. There are substantial questions of fact as to whether the Corps failure to warn Congress of the allegedly life threatening harm which the MR-GO had created is the key.

(Doc. 18212 at 49). Accordingly,

**IT IS ORDERED** that the Motion in Limine to Bar Evidence of Damage Caused by the Design and Construction of the MRGO (Doc. 18442) is **DENIED.**


**Doc. 18443     Motion in Limine to Bar Introduction of Alternative Methods of Hurricane Protection**

The Government in this motion seeks to bar the introduction of alternative methods of hurricane protection. As the Court is certain that the Government will recall and as has been previously stated herein, the Court has denied the Government's motion for summary judgment on the discretionary function exception. There are questions of fact as to whether the decisions of the Corps regarding the MRGO and maintenance and operation thereof subsequent to its initial design and construction are protected by the discretionary function exception. This motion is another attempt to seek the Court's reconsideration of its previous decision in a motion in limine.

8

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Bar Introduction of Alternative Methods of Hurricane Protection (Doc. 18443) is **DENIED**.

**Doc. 18444    Motion in Limine to Bar Introduction of Evidence Concerning Breaches on the East Bank of the IHNC**

Once again in this motion in limine, the United States seeks summary judgment on an issue to be addressed at trial–that is whether the IHNC breaches were caused by the MRGO. The Government seeks to bar the introduction of any evidence regarding the breaches on the east side of the Inner Harbor Navigational Canal because Plaintiffs' expert Robert Bea allegedly "has already admitted that the MRGO did not cause the breaches." Thus, the very basis for the motion in limine requires a finding with regard to causation which would have to be the subject of a motion for summary judgment which is untimely. Such a use of a motion in limine is prohibited. Wright & Graham, *Federal Practice & Procedure*, § 5037.18 (2d ed. 2005) citing *Provident Life& Accident Ins. co. v. Adie*, 176 F.R.D. 246 (D.C. Mich. 1997). Moreover, the parties disagree as to the actual import of Dr. Bea's testimony and plaintiff argues that Dr. Kemp's testimony creates another question of fact.

In addition, in the United States' reply brief, the Government states that "this court has already ruled that it is without jurisdiction to consider any cause of action concerning the breaches along the East Bank f the IHNC because Plaintiffs' administrative claims failed to provide adequate notice. *See generally* Doc. 15515." This statement is somewhat misleading. The issue before the Court in the ruling cited had to do with whether the Court would try the issue of the Government's liability for the damages caused by its alleged failures with respect to

Washington Group International, Inc.'s remediation of the EBIA. The Court found that the amendment to include that claim in this suit was untimely. That ruling did not bar adjudication of issues concerning the breaches along the IHNC as allegedly caused by the MRGO. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Bar Introduction of Evidence Concerning Breaches on the East Bank of the IHNC (Doc. 18444) is **DENIED**.

New Orleans, Louisiana, this 13th day of April, 2009.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**