UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO: MRGO                                SECTION "K"(2)
05-4181, 05-4182, 05-5237, 05-6073,
05-6314, 05-6324, 05-6327, 06-0020,
06-0225, 06-0866, 06-2278, 06-2287,
06-0465, 06-4389, 06-4634, 06-4931,
06-5032, 06-5159, 06-5161, 06-5260,
06-5308, 06-5785, 06-5786, 06-5937,
06-8708, 07-1113, 07-1271, 07-1349,
07-3173, 07-3500, 07-4392, 07-4550,
07-4555, 07-4837, 07-4945, 07-4976,
07-4979, 07-4995, 07-5007, 07-5012,
07-5013, 07-5016, 07-5067, 07-5254,
07-5286, 07-5339, 07-5343, 07-5344,
07-5350, 07-5355, 07-5356, 07-5375,
07-5397

## ORDER

Before the Court are two motions by Defendant Washington Group International, Inc. ("WGI"). WGI has filed a Motion for Rule 54(b) Judgment (Rec. Doc. 16878) and a Motion for Summary Judgment and for Entry of Rule 54(b) Judgment (Rec. Doc. 16871). This Court will address them in turn.

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law.'" *CQ Inc. v. TXU Min. Co. LP*, --- F.3d ----, 2009 WL 941498 (5th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

**A. WGI's Motion for Entry of Judgment (Rec. Doc. 16878)**

WGI's first motion (Rec. Doc. 16878) seeks an entry of judgment based upon this Court's grant of summary judgment in favor of WGI on December 15, 2008 (Rec. Doc. 16723), *In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 2008 WL 5234369 (E.D. La. Dec. 15, 2008). Rule 54(b) provides, "When an action presents more than one claim for relief-- whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). There is no opposition to this motion, and the Court finds that there is no just reason for delay in issuing a judgment. The motion is accordingly granted.

**B. WGI's Motion for Summary Judgment and Entry of Judgment (Rec. Doc. 16871)**

WGI's second motion is for both summary judgment and a Rule 54(b) judgment (Rec. Doc. 16871). The summary judgment previously granted by this Court (Rec. Doc. 16723) only affected more than thirty class actions that were consolidated into an Amended MRGO Master Consolidated Class Action Complaint (Rec. Doc. 11450). However, several non-class actions were also filed against WGI and were consolidated within the *In re Katrina Canal Breaches Consolidated Litigation* umbrella, many of which reiterated the class action allegations. Also,

some other individual actions were not consolidated and contained slightly different allegations.[1] Specifically, these parties alleged that "the use of heavy vehicles and/or other heavy construction equipment [by WGI] along the Industrial Canal between the flood wall and the canal damaged the levee and/or flood wall and caused and/or contributed [to] the above-mentioned breach in the levee and/or flood wall." LeDuff Compl. ¶ 50; Tauzin Compl. ¶ 41; Richardson Compl. ¶ 12; Carney Compl. ¶ C.1; Douville Compl. ¶ C.1; Albano Compl. ¶ 32. WGI seeks summary judgment as to these complaints because there is no material difference between these complaints and those that were dismissed through summary judgment.

One opposition was filed in the *Lundy* case, Civ. A. No. 07-3173 (Rec. Docs. 17023, 17136).[2] That opposition has adopted the briefs and arguments filed by the Plaintiffs' liaison counsel in this matter in opposition to WGI's original motion for summary judgment. No new arguments or material facts are raised in this new opposition.

Another opposition to WGI's second motion for summary judgment was filed in Civ. A. Nos. 07-4550, 07-4555, 07-4976, 07-4979, 07-5007, 07-5012, 07-5013, 07-5016, 07-5254, 07-5286, 07-5339, 07-5343, 07-5344, 07-5350, 07-5355, 07-5356, 07-5375 (Rec. Doc. 17064). In similar fashion, this opposition adopts the briefs, arguments, statements of facts, and exhibits set

---

[1] WGI cites the following cases: *LeDuff v. Boh Bros. Const. Co.*, Civ. A. No. 06-5260 (E.D. La. Aug. 29, 2006); *Tauzin v. Bd. of Comm'rs for the Orleans Parish Levee Dist.*, Civ. A. No. 06-0020 (E.D. La. Jan. 3, 2006); *Richardson v. Boh Bros. Constr. Co.*, Civ. A. No. 06-8708 (E.D. La. Oct. 19, 2006); *Carney v. Boh Bros Constr. Co.*, Civ. A. No. 07-1349 (E.D. La. Mar. 19, 2007); *Douville v. Boh Bros. Constr. Co.*, Civ. A. No. 07-1113 (E.D. La. Feb. 28, 2007); *Albano v. United States*, Civ. A. No. 07-4837 (E.D. La. Aug. 28, 2007).

[2] These two oppositions are identical documents. The Court cites to both of them for the sake of thoroughness.

forth by the Plaintiffs' liaison counsel in the opposition to WGI's original motion for summary judgment. No new arguments or material facts are raised in this new opposition.

This Court previously granted WGI's motion for summary judgment based upon the government contractor defense. The government contractor defense is "derived from the government's immunity from suit where the performance of a discretionary function is at issue." *In re Katrina Canal Breaches*, 2008 WL 5234369, at *16. The Court found that WGI, a contractor for the U.S. Army Corps of Engineers, qualified for the defense within the scope of its work remediating an area adjacent to the Industrial Canal, and therefore it could not be held liable for any alleged defalcations in connection with breaches of levees of the Industrial Canal. WGI persuasively argues that the remaining complaints do not make any materially different allegations regarding its work on the Industrial Canal. Indeed, the only difference is an allegation regarding the use of heavy machinery in the course performing the remediation work. Plaintiffs that have opposed this motion for summary judgment cannot make any substantive argument to distinguish these complaints. The oppositions only raise the same facts and arguments as those that were raised in opposition to WGI's original motion for summary judgment. Therefore, this Court shall grant summary judgment to WGI, and furthermore this Court likewise finds that there is no just reason for delay in issuing a judgment in these cases. Accordingly,

**IT IS ORDERED** that WGI's Motion for Rule 54(b) Judgment (Rec. Doc. 16878) and Motion for Summary Judgment and for Entry of Rule 54(b) Judgment (Rec. Doc. 16871) are hereby **GRANTED**. A judgment shall issue forthwith.

New Orleans, Louisiana, this ___13th___ day of April, 2009.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**