**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: KATRINA CANAL BREACHES**
**CONSOLIDATED LITIGATION**

**PERTAINS TO: INSURANCE/FORCED PLACE**
    **Specific Case Nos.** 09-1600, 09-1604, 09-1609, 09-
1610, 09-1611, 09-1612, 09-1614, 09-1615, 09-2559, 09-2560,
09-2561, 09-2562, 09-2563, 09-2564, 09-2565, 09-2566, 09-
2567, 09-2568, 09-2569, 09-2570, 09-2571, 09-2572, 09-2573,
09-2574, 09-2575, 09-2582, 09-2583, 09-2584, 09-2585, 09-
2586, 09-2587, 09-2588, 09-2589, 09-2593, 09-2594, 09-2595,
09-2596, 09-2597, 09-2598, 09-2599, 09-2600, 09-2607, 09-
2612, 09-2613, 09-2614, 09-2615, 09-2616, 09-2617, 09-2618,
09-2619, 09-2620, 09-2621, 09-2622, 09-2623, 09-2625, 09-
2630, 09-2640, 09-2642, 09-2644 , 09-2645, 09-2646, 09-2647 ,
09-2648, 09-649, 09-2650, 09-2651, 09-2652, 09-2653, 09-2654,
09-2655, 09-2656, 09-2657, 09-2658, 09-2659, 09-2660, 09-
2661, 09-2662, 09-2663, 09-2664, 09-2665, 09-2666, 09-2667,
09-2668, 09-2677, 09-2678, 09-2679, 09-2680, 09-2681, 09-
2682, 09-2683, 09-2684, 09-2685, 09-2686, 09-2687, 09-2688,
09-2689, 09-2690, 09-2691, 09-2692, 09-2693, 09-2694, 09-
2695, 09-2696, 09-2697, 09-2702, 09-2703, 09-2705, 09-2706,
09-2709, 09-2710, 09-2711, 09-2712, 09-2713, 09-2716, 09-
2717, 09-2719, 09-2720, 09-2723, 09-2724, 09-2729, 09-2730,
09-2879, 09-2880

**CIVIL ACTION**
**NO. 05-4182 "K" (2)**

**Judge Duval**

**Magistrate Wilkinson**

**DEFENDANTS' REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

    This Joint Reply Memorandum of Law is submitted in response to Plaintiffs' Memoranda

in Opposition to Defendants' Motion to Dismiss filed in the Civil Actions listed in Appendix A

(the "Opposition" or "Oppositions").  The Oppositions [Rec. Doc. Nos. 18284, 18285, 18286,

and 18357] each request—without any analysis—that this Court ignore the Louisiana appellate

courts in *Schaeffer v. Balboa Insurance Co.*, 1 So.3d 756 (La. App. 4 Cir. 2008), and *Kilson v. American Road Insurance Co.*, 345 So. 2d 967 (La. App. 2d Cir. 1977), as well as the **11 plus** decisions of various sections of this Court correctly finding that borrowers, like Plaintiffs in the Forced-Placed Insurance Umbrella ("FPI Umbrella"), do **not** have standing to assert claims under forced-placed policies .

Significantly, Plaintiffs do not dispute that they have no contracts of insurance with Defendants and they are neither named insureds nor additional insureds under the respective policies.  Rather, the Oppositions merely make the single, conclusory argument that Plaintiffs are third-party beneficiaries.  Each Opposition points to the limited, contrary authority cited by Defendants on page 33 of their opening memorandum, but makes no effort to explain: (1) whether those cases are applicable or analogous; (2) why this Court should follow those particular cases; or (3) how any factual assertion in the FPI Umbrella Complaints establishes a *stipulation pour autrui* or third-party beneficiary status.

Additionally, while certain Oppositions incorporate by reference the others, none explains how the factual allegations in the Amended Complaints meet the pleading requirements established by the Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  None of the complaints against Defendants has pled facts demonstrating that any plaintiff's right to relief is above the speculative level, and this Court cannot accept conclusory allegations or assume a potential or hypothetical set of facts to the contrary.  *Id.* at 1969 (retiring the "no set of facts" standard on motion to dismiss).

## ARGUMENT AND CITATION OF AUTHORITIES

The FPI Umbrella Complaints are subject to dismissal because they fail to satisfy the basic pleading requirements of Rule 8(a) and Rule 12 and are inappropriate shotgun pleadings.

More importantly, however, even if Plaintiffs cure that deficiency, they lack the requisite standing to pursue their claims against the Insurer Defendants. Therefore, this Court should dismiss all of the FPI Umbrella Complaints listed in Appendix A with prejudice.

> **A.    Plaintiffs' Position That It Is "Too Early" To Dismiss For Failure to Properly Plead, Is Without Merit.**

The Hall Plaintiffs appear to argue that the Court has permitted their improper pleadings "for motion purposes only." Plaintiffs, however, can cite no authority that the potential for severance in the future excuses their admittedly defective pleadings.[1] The lawsuits subject to this Motion either do not reference the forced-placed nature of the policies under which they seek to recover, misstate the type of policies at issue, or misrepresent to whom the forced-placed insurance policy was issued. The Complaints are devoid of any factual allegations regarding any right to recover under forced-placed insurance policies as third-party beneficiaries. Because Plaintiffs' allegations do not "raise a right to relief above the speculative level," under *Twombly*, they should be dismissed. *Twombly,* 127 S. Ct. at 1959.

The HLC and Hall Complaints are also inappropriate "shotgun" pleadings as they contain no allegations specifying the relationship between any one plaintiff and any one defendant. On this ground alone, the HLC and Hall Complaints are subject to dismissal. *See* discussion in the Memorandum in Support of the Motion to Dismiss ("Memo.") at section V.B. and cases cited therein.

> **B.    Plaintiffs Lack Standing To Assert Any Claims Against Defendants.**

Plaintiffs do not dispute that *stipulation pour autrui* is never presumed in Louisiana or that the party claiming the benefit must show that such a stipulation exists. For a *stipulation*

---

[1]    In fact, the Hurricane Legal Center's Response does not even address Defendants' argument that the pleadings are deficient, essentially conceding this point.

*pour autrui* to exist: (1) the stipulation in favor of a third party must be manifestly clear; (2) there must be certainty as to the benefit owed to the third party; and (3) the benefit must not be a mere incident of the contract between the promisor and the promise.   Moreover, none of the Oppositions dispute that the third-party relationship must be in writing and must explicitly state that the benefit to the third party constitutes consideration or the condition of the contract.   That is, it must be shown that, ***as a condition to entering into a contract of insurance,*** the Insurer Defendants and the mortgage lenders ***intended to provide a direct benefit to the third party.***   *See* Memo at section V.C.3. and decisions cited therein.

As explained in Defendants' opening brief, mortgage lenders purchase forced-place insurance to protect their financial interest in property when borrowers fail to maintain insurance for their property according to the terms of their mortgage loan agreements.   *See* Memo. at 3-4. The policies attached thereto clearly focus on the rights and obligations of the mortgage lender and the insurance carrier, demonstrating there was no consideration of the borrowers or their interests when the mortgage lenders were forced to purchase insurance from the Defendants.   *Id.* Neither the Insurer Defendants nor the mortgage lenders, as a condition to entering into their respective insurance contracts, sought to provide a benefit to the borrowers, and Plaintiffs cannot cite to any factual allegations in any FPI Umbrella Complaint to the contrary.   *See Riley*, 2008 WL 4286631 at *3; *Darby v. Proctor Finan. Ins. Corp.,* 07-5847, 2008 WL 170046 at *4 (E.D. La. Jan. 16, 2008) (J. Porteous); *Jones v. Proctor Fin. Ins. Corp.,* 06-9503, 2007 WL 4206863 at *2 (E.D. La. Nov. 21, 2007) (J. Fallon); *Lea v. Balboa Life & Cas. Ins. Co.*, No. 91-1896, 1992 WL 74591 at *3 (E.D. La. Apr. 9, 1992) (J. Schwartz). The fundamental purpose and intent of a lender-placed policy is to protect and benefit the mortgage lender, not the borrower, and that fundamental purpose should be considered by this Court on Defendants' Rule 12(b)(6) motion.

C.     **The Pre-*Schaeffer* Decisions Finding a Third-Party Beneficiary Relationship Are Wrongly Decided, And Plaintiffs Have Failed To Establish That The Decisions Are Applicable To Them Or Explain Why This Court Should Come To The Same Result.**

As a preliminary matter, the decisions cited but not analyzed by Plaintiffs—*Martin v. Safeco Insurance Co.,* 06-6889, 2007 WL 2071662 (E.D. La. July 13, 2007) (J. Barbier) and *Lee v. Safeco Insurance Co.,* 08-1100, 2008 WL 2622997 (E.D. La. July 2, 2008) (J. Africk)—depart from the reasoning and rationale of *Harrison v. Safeco Ins. Co. of Am.*, 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007) (J. Barbier), without any legal or factual basis to do so. Notably, *Martin* and other opinions following that decision,[2] ignore this Court's decision in *Nesom,*[3] which expressly states that the "proper means" to include a *stipulation pour autrui* in an insurance contract "is to ***name*** the third party as an additional insured."  *Nesom v. Chevron U.S.A., Inc.*, 633 F. Supp. 55, 58 (E.D. La. 1984) (emphasis in original); *see also St. Julien v. Diamond M. Drilling*, 403 F. Supp. 1256, 1259 (E.D. La. 1975) ("It is not uncommon to include a stipulation for the benefit of a third person in an insurance contract; the means used is to name the third party as an additional insured.").   Here, Plaintiffs concede that they are not named as insureds or additional insureds under any of the policies at issue.  Because the "proper means" of creating a *stipulation pour autrui* has not been utilized, the relationship does not exist, and the analysis should end here.  *See, e.g., Jones v. Proctor,* 2007 WL 4206863 at *3; *Harrison*, 2007 WL 1244268 at *5.

---

[2]      *See Lee,* 2008 WL 2622997; *Navarrette, et al. v. General Ins. Co.*, 07-4865, 2008 WL 659477 (E. D. La. Mar. 7, 2008) (J. Engelhardt); *Peters v. Safeco Ins. Co.*, 07-5612, 2008 WL 544226 (E.D. La. Feb. 25, 2008) (J. Engelhardt).

[3]      None of the contrary authority identified on page 33 of Defendants' opening brief discuss *Nesom*, attempt to distinguish it, or explain why it should not be followed, thus raising a red flag regarding whether the proper analytical framework was even applied in those decisions.

In addition to the failure to follow *Nesom*, however, the minority contrary authority does not warrant a denial of Defendants' Motion to Dismiss because: (1) this Court must consider whether these particular Plaintiffs have standing based on their respective Complaints and the allegations therein; (2) the analysis in the minority authority is flawed in its exclusive reliance on two provisions of the policies at issue in those cases; and (3) this Court cannot engage in what *Twombly* flatly rejects—speculation well beyond the allegations plead in the complaint regarding theoretical facts that are inapplicable to the named plaintiffs.

**1.**     ***Twombly* requires an examination of the factual allegations of these FPI Umbrella complaints and the contrary authority cannot justify denial of the motion to dismiss notwithstanding the same or similar policy forms and defendants.**

No Complaint within the FPI Umbrella makes any allegations purporting to establish a *stipulation pour autrui* or any rights as a "third-party beneficiary" under the forced-placed insurance contracts.  The Complaints simply allege that Plaintiffs had insurance contracts with the various defendants.  This is refuted not only by the policies themselves but Plaintiffs' own admissions that they are not additional or named insureds under the Policies.   None of the Complaints allege that any part of the insurance policies is intended to benefit the plaintiffs, or even that there is a *stipulation pour autrui* at all.   *Twombly* requires dismissal of these Complaints because the factual allegations do not raise a right to relief that is neither speculative nor conclusory.[4]

**2.**     **This Court must examine the forced-place policies as a whole and isolated language cannot be construed at the expense of all other provisions of the forced-place policies.**

---

[4]     That General Insurance of America is a defendant in some of the contrary authority cited is not dispositive on this motion.  Plaintiffs do not explain why or how that contrary authority is applicable here, and as explained in parts II.C.2, *infra*, those cases were wrongly decided.

Judge Barbier's conclusion in *Martin* that a *stipulation pour autrui* had been created was based upon two provisions in the forced-placed policy at issue in that case, which were taken out of context and analyzed in isolation, without regard to other policy language, the fundamental purpose of forced-place insurance, or the *Twombly* standard. *Martin*, 2007 WL 2071662 at *2; *see also Lee*, 2008 WL 2622997; *Navarrette*, 2008 WL 659477; *Peters*, 2008 WL 544226. Rather, Judge Barbier focused on the "Loss Payment" provision and the "obligations of the borrower" provision at the expense of the rest of the contract and its underlying purpose.

It is an established principle of contract construction that a "policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another." *Graphia v. Balboa Ins. Co.,* 57 F.Supp.2d 854, 857 (E.D. La. 2007) (J. Vance) (citing *Pareti v. Sentry Indem. Co.,* 536 So.2d 417, 420 (La. 1988)). As noted in their Opening Brief, the Defendant Insurers' policies contain a number of provisions that evidence intent to protect the interest of the mortgage lender with, at best, only an incidental benefit to the borrower. *See* Memo at 18-30.[5] Any "Loss Payment" or "obligations of the borrower" provisions—as with all other portions of the individual contracts—must be construed in the context of the fundamental purpose of a forced-placed insurance policy which clearly exists for the protection of the mortgage lender. *See Riley*, 2008 WL 4286631 at *3 ("As with all forced place policies, [the mortgagee] initiated coverage in order to protect its own security interest in the property, not to provide any sort of benefit for the mortgagor.").

---

[5] For example, the policies issued by Certain Involved Underwriters to Bank One, HomeComings Financial and Washington Mutual under which plaintiff/borrowers Ralph Amat, Mary Leicher and Bernard Singleton seek coverage respectively, provide that the contract is between Underwriters and the mortgagee and that the mortgagee is the "sole insured" under the policy. *See*, Ex. C at ILU 00024, ILU 00065 and ILU 000107; ILU 00032, ILU 000 73 and ILU 00115.

For example, typical loss payment provisions provide:

> We will adjust all losses with you [the mortgage lender].  We will pay you [the mortgage lender] but in no event more than the amount of your interest in the 'insured location.'  Amounts payable in excess of your [the mortgage lender's] interest will be paid to the 'borrower' unless some other person is named by the borrower to receive payment.  (Safeco policies, Ex. A to Motion, p. 10 of 11, *see, e.g.,* Safeco 00051)

Here, any payment a Borrower-Plaintiff may receive under this provision of the policy is completely speculative and may very well never to come to fruition.  The clear intent of the policy is to protect the mortgage lender, and the mere possibility that a borrower potentially may recover an amount in excess of a mortgage lender's interest is unlikely because any payment made to a borrower would not occur unless the amount payable under the policy was in excess of the mortgage lender's interest (an unusual situation) and there was coverage for the loss.  *See Riley*, 2008 WL 4286631 at *3.  Unless and until those contingencies actually occur, a borrower will not recover under a Loss Payment provision of a forced-placed policy and any speculation to the contrary by a Court is unwarranted and contrary to the holding of *Twombly*.[6]

Similarly, the Loss Payable provision in the Newport Insurance Company policy states:

> Loss or damage, if any, shall be adjusted with and made payable to **YOU** [named insured Lender].  In the event that the covered amount of a covered loss exceeds **Your** interest in the covered property and a mortgagor is in legal possession of this insured **Residential Property** or **Commercial Property** at the time of payment for loss or damage payment, will be made to **You** and the mortgagor.  (emphasis original) (Exhibit "B," N – 0030, 60, 89, 117, 146)

---

[6]     Defendants further note that this Court has found that the Loss Payment language in the Standard Mortgage policy at issue in this Motion which provides "We will adjust all losses with you.  We will pay you unless some other person is named in the policy or *is legally entitled to receive payment*" (emphasis added), is insufficient to confer third party beneficiary status on the borrower.  *See Richardson v. Southwest Business Corp. et al*., 2007 WL 42599300 (E.D. La. 2007).

Under this Newport insurance policy, there is only a speculative possibility that a borrower might become a joint (not sole) payee on an insurance payment in excess of the lender's interest. That is unlikely to occur, however, as the amount of insurance the lender typically purchases is equal to the lender's interest in the covered property—the amount of the mortgage debt. In addition, there are no "obligations" imposed upon the borrower under this insurance policy.

The lender-placed Single-Interest Fire Insurance Policy issued by Meritplan provides that only the named insured lender would receive any payments under its Loss Payment provision:

> WE will adjust each LOSS with YOU.   WE will pay YOU.
> (emphasis original), Exhibit "B", N-00010, 26, 42, 58.

The borrower is never entitled to be paid by the insurer under this Meritplan policy.[7] These two insurance policies issued by Newport and Meritplan are, therefore, even more clear than the policy involved in *Martin* and *Lee* in their intent to benefit only the mortgage lender insured.

At best, the Loss Payment provision relied upon by the Court in *Martin and Lee* creates only a potential ***incidental benefit*** to the Plaintiffs—a benefit that only accrues if the amount paid on the claim exceeds the amount of the mortgage.  Any incidental benefit conferred upon Plaintiffs, however, is insufficient to create a *stipulation pour autrui*.  *See Jones*, 2007 WL 4206863; *Darby*, 2008 WL 170046.[8]

Other sections of this Court have addressed the same issues confronting Judge Barbier in the *Martin* case and have reached the opposite, and correct, conclusion.  For instance, Judge

---

[7]    Similarly, the BankOne, HomeComings and Washington Mutual forms provide that all loss payments will be made directly to the mortgagee.  *See*, ILU 00036, ILU 00077 and ILU 00119.

[8]    As noted in the Opening Brief, the Courts in *Jones* and *Darby* considered the Novastar Financial wording at issue here and expressly rejected the borrowers' claims that they were third-party beneficiaries under the policies.  *See*, Memo at 29, fn. 38, 39.

Vance held that any benefits that accrued to a borrower as a result of a forced placed policy were purely incidental to the agreement's purpose, which was to insure the lender's interest in the property.  *Graphia*, 517 F. Supp. 2d at 858.  The Court found that this purpose dominated the contract even where the borrower had some duties under the contract, such as reporting losses to the insurer and protecting the property from further harm.  *Id.* (noting that "[t]hese duties do not, however, convert plaintiff into a named insured, an additional insured, or a third-party beneficiary of the contract").  Judge Vance's interpretation of these policies is correct, and reflects a fundamental understanding of forced-placed insurance; specifically, that these policies are entered into by the insurer and mortgage lender for the benefit of the mortgage lender.

As Judge Vance noted in *Riley*, the purpose of the forced-placed policy is to protect the lender's security interest in the property.  Thus, while a borrower may gain some incidental benefit, he is not an intended beneficiary and is not entitled to enforce the contract in court.  *Riley*, 2008 WL 4286631 at *3.  While the policies at issue in this case do ***not*** name the borrowers as additional insureds, another division of this Court found that there is ***no third party benefit created*** even when the policy specifies that the borrower is considered an <u>additional insured</u> with respect to amounts paid over and above the lender's insurable interest in the property and where the amount to be paid under the policy is greater than the amount of the lender's interest.  *See Graphia*, 517 F. Supp. 2d at 857.

It is also significant that the policy at issue in *Schaeffer* contained the same loss payment provision as the Newport policy language quoted above.  *See* Exhibit A, attached, at p. 30 of 30. Yet, faced with that identical policy language, the Louisiana Fourth Circuit Court of Appeal rejected plaintiff's contention that he was a third-party beneficiary to the insurance contract and dismissed the claims.  *Schaeffer,* 1 So.3d at *6-7.

**3.** ***Twombly* prohibits this Court from assuming a hypothetical set of facts not pled by plaintiffs to establish Plaintiffs' standing.**

The courts in the four minority opinions did not make their decisions based upon the factual allegations of the complaints before them.   Rather, they engaged in unfounded speculation and conjecture as to whether any set of facts could be pled to establish standing in violation of the United State Supreme Court's mandate in *Twombly*.   The complaints in *Martin* and *Lee* were devoid of any factual allegations regarding whether plaintiffs had paid off their mortgages or whether any amounts payable under the policy were in excess of the mortgage lender's interest.   Despite this, the courts went beyond the actual allegations in the complaints to find *stipulation pour autrui* and ultimately in favor of the plaintiffs without regard for the factual allegations actually pled or whether they were conclusory, speculative, or even plausible.   Such a conclusion was improper under *Twombly*, and would be improper here, as no facts have been pled in the FPI Umbrella Complaints that raise any Plaintiff's right to recover above the speculative level.

As the Supreme Court noted in *Twombly,* the sweeping "no set of facts" test has been retired.   *Twombly,* 127 S. Ct. at 1969.   In order to find a third-party beneficiary relationship in the cases before the Court on this motion, the Court would need to speculate that each Plaintiff has a valid claim in an amount that exceeds the amount of the lender's interest, because the mortgage has been paid off.   There are no facts alleged in the complaints at issue to support such an assumption or speculation.   Following *Twombly,* the Court should not make those assumptions, and the claims should be dismissed.   Further, even if such facts were alleged or established, any potential recovery would constitute only an incidental benefit under the insurance contract, not a condition of the contract as is required to confer third party beneficiary status.

Defendants respectfully urge the Court to follow the well-reasoned *Harrison, Schaeffer,* and numerous other decisions finding that borrowers under forced-placed policies lack standing to pursue recover thereunder and to conclude that plaintiffs here do not have standing, and therefore, their complaints should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, including the Argument and Citation of Authority cited herein and in their original brief, all the FPI Umbrella complaints filed against the Insurer Defendants should be dismissed in their entirety with prejudice.[9]

Respectfully submitted, this 13th day April, 2009.

> /s/ Wendy Hickok Robinson
> Wendy Hickok Robinson (La. Bar No. 25225)
> whrobinson@gordonarata.com
> Nina Wessel English (La. Bar No. 29176)
> nenglish@gordonarata.com
> GORDON, ARATA, McCOLLAM DUPLANTIS
>    & EAGAN, L.L.P.
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana 70170-4000
> (504) 582-1111
> (504) 582-1121 (*Facsimile*)
>
> and
>
> Cari K. Dawson (Ga. Bar No. 213490)
> cari.dawson@alston.com
> Daniel F. Diffley (Ga. Bar No. 221703)
> DDiffley@alston.com
> (admitted *pro hac vice*)
> Alston & Bird LLP
> 1201 West Peachtree Street
> Atlanta, Georgia  30309-3424
> (404) 881-7000

---

[9]    Defendant Insurers continue to reserve their rights to file additional motions to dismiss on other grounds, including but not limited to prescription, should this Motion be denied. Defendants respectfully request that the Court not dissolve the FPI Umbrella until any such other motions that apply to multiple suits in the Umbrella are heard.

(404) 881-7777 (*Facsimile*)

**Attorneys for Safeco Insurance Company of America and General insurance Company of America**

and

  /s/ Stephen W. Rider
Stephen W. Rider T.A. (La. Bar No. 2071)
Daniel T. Plunkett (La. Bar No. 21822)
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

**Attorneys for Defendants Balboa Insurance Company, Meritplan Insurance Company and Newport Insurance Company**

and

  /s/  Virginia Y. Trainor
Marshall M. Redmon (Bar #18398)
Virginia Y. Trainor (Bar #25275)
Ginger Trainor
**PHELPS DUNBAR LLP**
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197

and

Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

**Attorneys for Defendants The Involved Lloyd's Underwriters, Southwest Business Corporation and Proctor Financial**

<u>C E R T I F I C A T E</u>

I hereby certify that on this 13th day of April, 2009, a copy of this **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was sent to counsel of record via the electronic filing system for the Eastern District of Louisiana.  A copy of this pleading has also been sent by United States mail, postage prepaid, to any counsel of record not registered to receive documents electronically.

_____/s/ Wendy Hickok Robinson_____