UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K"(2) |

PERTAINS TO: MRGO, *Robinson* C.A. No. 06-2268

### ORDER

On March 31, 2009, this Court held a pretrial conference at which time it made certain accommodations to the parties by virtue of the voluminous nature of the exhibits, depositions and witnesses involved in the prosecution of this case extending the period of time for filing certain materials and meeting deadlines.

To begin, this Court has always required all objections to exhibits to be contained in the pretrial order or such objections are considered waived. As the parties had not finished even identifying documents for the trial, the Court slid the deadline for such objections to April 8, 2009, with responses to be filed on April 13, 2009. In addition, the Court gave the parties to April 8, 2009 for the production of the exhibits.

There was also confusion as to which witnesses would be required to testify live and which would be by deposition. The Court allowed the parties to deliver to the Court the requisite deposition cuts for the relevant testimony to begin on **April 13, 2009**. These filings were to include a 2-page executive summary as well.

On April 8, 2009 the Court received the Defendant United States' Objections to Exhibits Identified by Plaintiffs (Doc. 18503) wherein the Government requested that it be allowed to reserve its right to object to any of the Plaintiffs' exhibits upon grounds of relevance, Fed. R.

Evid. 410 and 402; hearsay, Fed. R. Evid. 802; foundation, Fed. R. Evid. 901; authenticity, Fed. R. Evid. 901 and 902; composite, Fed. R. Evid. 403; and incompleteness, Fed. R. Evid. 803. Having assured the Court that the United States did not anticipate making many objections to plaintiffs' exhibits as the vast majority, if not all, of the exhibits are Government generated, the Court granted this request. This accommodation is the first time in the Court's 14 plus years on the bench that it has ever allowed such a practice.

On April 8, 2009, Plaintiffs filed a document styled "*Robinson* Plaintiffs' Objection to Exhibits to be Offered at Trial by the Defendant United States of America " (Doc. 18499) which consisted of a list of documents and objections noted by the particular Rule of Evidence upon which the objection was based. There is no explanation or any argument contained in this document. The number of documents to which there are objections appears to be in the neighborhood of 800.

On April 13, 2009, the United States responded to Plaintiffs' filing with another blanket response to the end that it could not respond because the plaintiffs had failed to articulate the reasoning for making their objections, and that the Court should overrule the Plaintiffs objections in toto or, to defer its rulings on those objection until the Untied States introduces its exhibits at trial.

The Court will not do so. While it still is not in possession of the defendants' exhibits, which were due nearly a week ago on April 8, 2009, the Court intends to rule on Plaintiffs' objections to these exhibits as soon as it receives copies of the documents.

As to the deposition cuts, the Court received the first wave of these at approximately 11:30 a.m. today, April 14, 2009. It is imperative that the Court receive the rest of these

designations as soon as possible as it intends to review all of this testimony prior to trial commencing on April 20, 2009.  Accordingly,

**IT IS ORDERED** that all parties are put on notice that the Court is not pleased with the failure of the parties to meet the deadlines set forth.  In addition, concerning the exhibit objections, while the form of the objections filed by Plaintiffs is not in keeping with the normal requirements, the Court will rule on these forthwith.  Furthermore, the Court hopes that the United States realizes that the Court will rely on its representation that the objections to Plaintiffs' exhibits will not be overly burdensome.  In the event that the United States' objections at trial become overly burdensome, the Court will withdraw its permission to wait until an exhibit is introduced at trial to raise any evidentiary objection the Court may have.

**IT IS FURTHER ORDERED** that with respect to the deposition cuts, all depositions which are intended to be used in lieu of live must be filed **no later than 5:00 p.m. on Thursday, April 16, 2009.**

*[signature]*