### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | NO.: 05-4182 "K"(2) |
| LITIGATION | * | |
| | * | JUDGE DUVAL |
| _____ | * | |
| PERTAINS TO:  ROAD HOME | * | MAGISTRATE JUDGE WILKINSON |
| *Louisiana State*, C.A. No. 07-5528 | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS

This Court's opinion concluded that the central question in deciding the applicability of Defendants' anti-assignment clauses was "whether Article 2653 mandates enforcement of anti-assignment clauses against post-loss assignments of insurance claims."  (Order & Reasons, Doc. 18033 ("Order"), at 8.)  The Court recognized that "Article 2653 does not explicitly contain any exception," but predicted that the Louisiana Supreme Court would create a judicial exception to the plain language of Article 2653.  (*Id.*, at 19-20.)  In making that prediction, the Court found that the only applicable Louisiana authority was a 1936 opinion by the Court of Appeal for Orleans Parish in *Geddes & Moss*, which the State incorrectly describes as a Louisiana Supreme Court decision.  With the March 10, 2009 decision in *Lucien Tile*, there is now a much more recent Louisiana appellate decision on anti-assignment clauses to provide guidance to this Court. The State contends that this Court, in reconsidering whether to create a special judicial exception to La. Civ. Code art. 2653, which took effect in 1995, should disregard the 2009 decision in

1

*Lucien Tile*, and instead rely on the 1936 opinion in *Geddes & Moss*. Such an approach would be inconsistent with fundamental principles of Louisiana civil law. Under those principles, the plain language of the Civil Code must be given primacy and judicially-created exceptions to code provisions are rare. A decision from 2009 is a much better guidepost for construing a 1995 code provision than a decision from 1936.

### A.     The State's Attempts To Distinguish *Lucien Tile* Are Without Merit

The State's efforts to distinguish and downplay the decision in *Lucien Tile* are without merit. The State tries to suggest that there was no assignment of the insurance claim at all in *Lucien Tile*, but that was clearly not the conclusion of the Fourth Circuit. The Fourth Circuit squarely held that "the policy clearly and unambiguously prohibits the insured from assigning the policy without ASIC's [the insurer's] written consent," and "[t]herefore, absent a valid assignment of rights to which the insurer, ASIC, consented, Lucien Tile has no standing to sue." *R.L. Lucien Tile Co. v. American Sec. Ins. Co.*, No. 2008-CA-1190, __ So. 2d __, 2009 WL 617937, at *4 (La. App. 4 Cir. Mar. 11, 2009). The court went on to explain that "**[i]n view of the policy in evidence**, the trial court was correct in refusing to enforce Lucien Tile's claims to the proceeds of the insurance policy . . . ." *Id.* (emphasis added). The decision was unquestionably based on the anti-assignment provision in the insurance policy. The Fourth Circuit did not hold that the insureds had not assigned the claim.

The State's contention that "*Lucien Tile* is not truly about post-loss assignments" (Opposition, at 5) is equally incorrect. While it is true that Lucien Tile purchased the insured property from the Cages by quitclaim deed for a nominal sum before Hurricane Katrina, Lucien Tile did not assume the mortgage, and the Cages remained liable on the mortgage. *Id.* at *1. It was the Cages and their lender who made the insurance claim – as the opinion reflects, "[n]o

where in the record does Lucien Tile ever appear on any insurance document relevant to this matter." *Id.* at *3. The assignment of the claim by the Cages to Lucien Tile occurred in March of 2008, years after the loss. *Id.* at *3. That was unquestionably a post-loss assignment. There was no contention in *Lucien Tile* that the insurance policy was assigned before Hurricane Katrina – both of the assignment documents were executed after the storm. *Id.* at *2. To suggest that *Lucien Tile* involved a pre-loss assignment is wholly inconsistent with the facts set forth in the opinion.[1]

The State also notes that the Fourth Circuit did not cite to Article 2653 in *Lucien Tile*. It was unnecessary for the Fourth Circuit to cite the Civil Code because it found the policy language to be unambiguous. As the commentary to Article 2653 explains, it "clarifies the law" – it makes clear, in no uncertain terms, that anti-assignment clauses are enforceable in this State, and makes no exception for insurance claims. Article 2653 is fully consistent with the generally applicable rule of law that contract provisions are enforceable in accordance with their plain terms. La. Civ. Code arts. 2046, 2047. The holding of *Lucien Tile* strongly supports Defendants' position that Article 2653 is enforceable as written.

The State also attempts to distinguish *Lucien Tile* on the ground that "the insureds in this case [*i.e.*, *Road Home*] were still the custodians of the property in question at the time of the loss" and "[t]he subsequent assignment of their unpaid claims does nothing to change the **risk** taken by Defendants in the original contract of insurance. . . ." (Opposition, at 6.) But the assignment of over 155,000 claims to the State does substantially alter Defendants' risk, as

---

[1] The State also suggests that *Lucien Tile* involved an assignment of coverage under an insurance policy rather than an assignment of a claim, but that is not true. The assignment occurred long after the loss, and long after the claim was made. *Lucien*, at *3. Moreover, this Court's Order rejected the State's arguments that policy language prohibiting assignment of a policy does not encompass an assignment of a claim under the policy. (Order, at 8 & n.4.)

Defendants have demonstrated.  Defendants did not contract with the State, and did not agree to undertake the risk that they would have to re-adjust claims with the State years after the storm or litigate thousands of claims with the State.[2]

Just imagine if Warren Buffett offered to purchase assignments of insurance claims from Louisiana homeowners for $100 each, and then hired lawyers to sue insurance companies, expecting that by aggregating thousands of claims and applying pressure he could extract additional settlement payments from insurers and make a substantial profit, even when the homeowners were so satisfied with their recovery that they did not want to file suit, and were willing to sell their remaining rights for a small sum.  Would the Court enforce those assignments in the face of the anti-assignment clauses and Article 2653?  Simply because the State claims to be performing a public service by paying grants and obtaining assignments does not authorize it to do what a court would never allow a private party to do.

The State fails to address the critical distinction between a liquidated claim for payment of an undisputed amount of money and an unliquidated claim that has not yet been proven. (Defendants' Memo., Doc. 18207-2, at 6-7.)  One of the reasons why Warren Buffett could not aggregate and pursue thousands of assignments of closed claims is because the claims would not be liquidated.  Mr. Buffett would have prove up those claims by producing documents, testimony and other evidence requested by the insurers to substantiate the claims.  The insureds' duties under the insurance policies could not be transferred to Mr. Buffett and he could not comply with

---

[2] The State also argues that "Defendants cannot possibly claim that they are being asked to re-pay the same claims but to a different assignee/party . . . because Defendants have **not** paid the claims of their insureds." (Opposition, at 5.)  The reality is, of course, that Defendants have paid their insureds' claims and that the State is now contending that more money is owed.  In thousands of instances, Defendants have been sued twice on the very same claim – by the insureds and by the State.  There is unquestionably a significant potential for inconsistent results or duplicative judgments where Defendants have been sued twice on the same insurance claim, especially in instances where the cases are pending before different judges or in different court systems.

those duties.  The same is true here.  The State concedes that "[c]ertainly, the adjustment of a claim requires cooperation by the insured," but claims that "[i]t is preposterous, however, for Defendants to claim that the assignment of those claims and their litigation with the State for almost **four years** after the loss will damage their ability to adjust or investigate those claims." (Opposition, at 6.)

Defendants' position that the assignments to the State will make it more difficult for Defendants to investigate the claims the State is asserting (which have not been pled with any particularity) is far from preposterous.  Where an insured was satisfied with the amount paid for covered damage in 2005 and then years later the insured (or the State as a purported assignee) attempts to pursue a claim for additional damage that was never previously asserted, an insurer is clearly entitled under the policy to obtain cooperation from the insured, production of documents by the insured and an examination under oath.  The State suggests that "at the time in which the assignments were executed, the insureds *should have* fulfilled all of the 'personal' aspects of the insurance obligations owed by them to the [insurers]." (Opposition, at 7 (emphasis added).) Regardless of what insureds "should have" done, the reality is that insureds have not even begun to comply with their obligations in situations where the State is making a supplemental claim for purported additional covered damage that insureds never even asked the insurer to evaluate.  The State's suggestion that all of the insureds have complied with their personal obligations under the insurance policies is implausible and not alleged in the Amended Petition.

B.  *Geddes & Moss* and *LeMoyne's Restaurant* Are Not More Reliable Authority Than *Lucien Tile* For Ascertaining State Law

The State erroneously describes *Geddes & Moss Undertaking & Embalming Co. v. Metro Life Ins. Co.*, 167 So. 209 (La. Ct. App. Orleans 1936) as a Louisiana Supreme Court decision. In fact, it was a decision by the Court of Appeal for the Parish of Orleans, not by the state supreme

court.  The Court of Appeal for the Parish of Orleans was the predecessor to what is now known as the Fourth Circuit Court of Appeal.[3]  The State's argument that *Geddes & Moss* is "the current law of the state" (Opposition, at 4) is simply not true.  In determining whether there should be a special judicial exception to Article 2653 of the Civil Code, the Court has two intermediate appellate decisions to weigh – a decision that was issued six decades before Article 2653 took effect and involved a life insurance claim where the policy limit was undisputedly owed (*Geddes & Moss*), and a decision issued last month on a Hurricane Katrina property insurance claim (*Lucien Tile*).  The answer here is clear – *Lucien Tile* is the best means available to this Court for predicting state law on this question.

The State also suggests that this Court should follow *LeMoyne's Rest., Inc. v. Axis Surplus Lines Ins. Co.*, 2008 WL 1988798 (E.D. La. May 2, 2008) (Barbier, J.), rather than *Lucien Tile*.  *LeMoyne*'s, of course, is a federal district court opinion that need not be given any weight in predicting state law.  *LeMoyne*'s failed to even discuss Article 2653, even though, as this Court has recognized, Article 2653 is of critical importance in analyzing the enforceability of an anti-assignment clause under Louisiana law.  Moreover, *LeMoyne*'s involved a circumstance where a tenant was required to buy insurance covering the landlord's property and assigned the claim to the landlord after the loss.  *LeMoyne*'s, 2008 WL 1988798, at *1. Typically in such circumstances the landlord is named as an additional insured under the policy and would have the right to make a claim.  To use a post-loss assignment as a means of correcting what may well have been an underwriting oversight likely would not affect the insurer's risk.  The landlord might even be in a better position than the tenant to comply with the

---

[3] *See* Steven R. Plotkin, "A History of the Louisiana Fourth Circuit Court of Appeal" (Dec. 2002), available at http://www.la4th.org/History.aspx.

insured's duties under the policy where the claim involved the landlord's property.  This case, in contrast, involves far different circumstances where the State was not an insured under the policies, was never intended to be an insured, has no ownership interest in the damaged property, has no specific knowledge of the damage to the thousands of properties at issue, and cannot comply with the insureds' duties under the policies.

This Court's task in predicting state law is to look first and foremost to the Civil Code, and secondarily to relevant Louisiana jurisprudence.  *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).  Article 2653 of the Civil Code clearly provides for enforcement of anti-assignment clauses, with no exception for insurance claims.  The Civil Code requires that unambiguous statutes be enforced as written, La. Civ. Code art. 9, and there is no contention here that there is any ambiguity in Article 2653.  *Meyer & Assocs., Inc. v. Coushatta Tribe of La.*, 992 So. 2d 446, 451 (La. 2008) ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.").  It goes against Article 9 for a court to create a judicial exception to a statutory provision where there is no ambiguity in the statute.  To do so in the face of a contrary Louisiana appellate decision issued last month would be inconsistent with fundamental principles of Louisiana's civilian tradition.  If there needs to be a special exception to Article 2653 for insurance claims that is for the legislature to create, not a court.

## CONCLUSION

For all of the foregoing reasons, in addition to the reasons stated in Defendants' memorandum of law in support of this motion, Defendants' motion for reconsideration should be granted, and the Amended Petition should be dismissed in its entirety under Rule 12(b)(6).

Respectfully submitted,

*/s/ Ralph S. Hubbard*

Ralph S. Hubbard, III, 7040
Seth A. Schmeeckle, 27076
       Of
LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Stephen E. Goldman
Wystan M. Ackerman
       Of
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597
Telephone:  (860) 275-8200
Facsimile:  (860) 275-8299

*Attorneys for The Standard Fire Insurance Company, "St. Paul" (a non-existent entity), "St. Paul Travelers Insurance Company" (a non-existent entity), St. Paul Fire & Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, St. Paul Protective Insurance Company, St. Paul Surplus Lines Insurance Company, Travelers Casualty Insurance Company of America, Travelers Casualty and Surety Company, Travelers Home & Marine Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, Travelers Insurance Company (a non-existent entity), Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, Hartford Accident & Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, "Hartford Insurance Group" (a non-existent entity), Hartford Underwriters Insurance Company, Property and Casualty Insurance Company of Hartford, and Twin City Fire*

*Insurance Company*

And

*/s/ Wayne J. Lee*
Wayne J. Lee, 7916
wlee@stonepigman.com
Stephen G. Bullock, 3648
sbullock@stonepigman.com
Mary L. Dumestre, 18873
mdumestre@stonepigman.com
Andrea L. Fannin, 26280
afannin@stonepigman.com
          Of
STONE PIGMAN WALTHER
   WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

And

Charles L. Chassaignac IV, 20746
 cchassaignac@phjlaw.com
               Of
PORTEOUS, HAINKEL & JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana  70801
Telephone:  (225)383-8900
Facsimile:  (225) 383-7900
*Attorneys for State Farm Fire and Casualty*
*Company and State Farm General Insurance*
*Company*

And

/s/ Maura Z. Pelleteri
Maura Z. Pelleteri, 8463
Amy S. Malish, 28992
                        Of
KREBS, FARLEY & PELLETERI, L.L.C.
Texaco, Center, Suite 2500
400 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 299-3570
Facsimile:  (504) 299-3582
*Attorneys for Aegis Security Insurance Company*


And


/s/ Howard B. Kaplan
Howard B. Kaplan, 14414
                        Of
BERNARD CASSISA ELLIOTT & DAVIS
1615 Metairie Road
P.O. Box 55490
Metairie, Louisiana  70055-5490
Telephone:  (504) 834-2612
*Attorneys for Lafayette Insurance Company, United
Fire and Casualty Company and United Fire and
Indemnity Company*


And


/s/ Judy Y. Barrasso
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
                        Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
*Attorneys for America First Insurance Company,
Liberty Mutual Fire Insurance Company, and
Liberty Mutual Insurance Company*


And


10

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
                Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
*Attorneys for Metlife, Inc., Economy Premier*
*Assurance Company, Metropolitan Casualty*
*Insurance Company, and Metropolitan Property &*
*Casualty Insurance Company*


And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
                Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Christopher W. Martin,
Texas Bar No. 13057620
Martin R. Sadler,
Texas Bar No. 00788842
                Of
MARTIN, DISIERE, JEFFERSON &
  WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
*Attorneys for United Services Automobile*
*Association, also separately named by plaintiffs as*
*USAA, USAA Casualty Insurance Company and*
*USAA General Indemnity Company*


And

11

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
          Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Of Counsel:
Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
          Of
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for The Hanover Insurance Company,*
*The Hanover American Insurance Company, and*
*Massachusetts Bay Insurance Company*


And


/s/ Deborah B. Rouen
Deborah B. Rouen, 2084
Chris A. D'Amour, 26252
          Of
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Attorneys for Union National Fire Insurance*
*Company*


And

/s/ Dominic J. Ovella
Dominic J. Ovella, 15030
Anne E. Medo, 24556
Sean P. Mount, 27584
          Of

12

HAILEY, MCNAMARA, HALL,
 LARMANN & PAPALE, L.L.P.
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500
*Attorneys for Fidelity and Deposit Company of
Maryland, Empire Fire and Marine Insurance
Company, Empire Indemnity Insurance Company,
Centre Insurance Company, ZC Sterling Insurance
Agency, Inc., and ZC Sterling Corporation*

And

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
          Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, LLC
LL&E Tower
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (5040 589-9701

And

Of Counsel
Richard L. Fenton
Steven M. Levy
Anthony T. Eliseuson
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago IL 60606
Telephone:  (312) 876-8000
*Attorneys for Allstate Insurance Company, Allstate
Indemnity Company, Encompass Insurance
Company, Encompass Insurance Company of
America, and Encompass Property and Casualty
Company*

And

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle, 27076
Ralph S. Hubbard, III, 7040
            Of
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

And

Of Counsel:
Kevin P. Kamraczewski
Alan S. Gilbert
Paul E. B. Glad
David R. Simonton
            Of
SONNENSCHEIN NATH &
  ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
*Attorneys for Horace Mann Insurance Company,*
*Teachers Insurance Company, and Horace Mann*
*Property & Casualty Insurance Company*


And


*/s/ Alan J. Yacoubian*
Alan J. Yacoubian, 17213
Neal J. Favret, 24412
Rachel P. Catalanotto, 31095
            Of
JOHNSON, JOHNSON, BARRIOS &
  YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana  70139-7708
Telephone:  (504) 528-3001
*Attorneys for Auto Club Family Insurance Company*


And

*/s/ Neil C. Abramson*

Neil C. Abramson, 21436
Nora B. Bilbro, 22955
Jacqueline M. Brettner, 30412
                    Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

And

Marshall M. Redmon, 18398
                    Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana  70802
Telephone:  (225) 346-0285
Facsimile:  (225) 381-9197
*Attorneys for Homesite Insurance Company*

And

*/s/ Marshall M. Redmon*

Marshall M. Redmon, 18398
                    Of
PHELPS DUNBAR LLP
City Plaza
445 North Boulevard, Suite 701
Baton Rouge, Louisiana  70802
Telephone:  (225) 346-0285
Facsimile:  (225) 381-9197

And

15

Amy R. Sabrin
           Of
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
*Attorneys for Farmers Insurance Exchange,*
*Foremost Insurance Company, Foremost Property*
*and Casualty Company, and Foremost Signature*
*Insurance Company*

And

*/s/ Neil C. Abramson*
Neil C. Abramson, 21436
Jacqueline M. Brettner, 30412
           Of
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
*Attorneys for American Manufacturers Mutual*
*Insurance Company, Lumbermens Mutual Casualty*
*Company, Merastar Insurance Company, Unitrin*
*Preferred Insurance Company, Unitrin Auto and*
*Home Insurance Company, Trinity Universal*
*Insurance Company, and Trinity Universal*
*Insurance Company of Kansas, Inc.*

And

*/s/ Christopher R. Pennison*
Jay M. Lonero, 20642
Christopher R. Pennison, 22584
Angie Arceneaux Akers, 26786
           Of
LARZELERE PICOU WELLS SIMPSON
  LONERO, LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 834-6500

16

Fax:  (504) 834-6565
*Attorneys for Republic Fire And Casualty Insurance*
*Company,  American National Property And*
*Casualty Company, American National General*
*Insurance Company, and ANPAC Louisiana*
*Insurance Company*

And

*/s/ Gerard Wimberly, Jr.*
GERARD E. WIMBERLY, JR. (#13584) (T.A.)
ANTHONY ROLLO ( # 01133)
DANIEL T. PLUNKETT (# 21822)
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-0377

STEPHANIE G. JOHN (# 25111)
1001 McKinney St. Suite 1500
Houston, TX 77002
Telephone: (713) 520-1900
Fax: (713) 520-1025
*ATTORNEYS FOR BALBOA INSURANCE*
*COMPANY ANDMERITPLAN INSURANCE*
*COMPANY*

And

*/s/ John E. Unsworth*
JOHN E. UNSWORTH, JR., #09477
W. GLENN BURNS, #3698
LAUREN E. BRISBI, #29778
HAILEY, McNAMARA, HALL,
LARMANN & PAPALE, L.L.P.
One Galleria Blvd, Suite 1400
Post Office Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500
*Counsel for Defendant,*
*Clarendon National Insurance Company*

And

*/s/ Robert I. Siegel*
Robert I. Siegel, La. Bar No. 12063.
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras St., Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

And

Richard J. Doren
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
(213) 229-7038

Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 955-8500

*Attorneys for Lexington Insurance Company,*
*Audubon Insurance Company, and AIU Insurance*
*Company*

And

*/s/ Laurie L. DeArmond*
Patrick D. DeRouen
Laurie L. DeArmond
DeRouen Law Firm
650 Poydras Street, Suite 2230
New Orleans, LA 70130
504-274-3660
*Counsel for Armed Forces Insurance*


And

*/s/ Andrew L. Plauche, Jr.*
ANDREW L. PLAUCHÉ, JR. (11023)
JAMES K. ORDENEAUX (28179)
PLAUCHÉ MASELLI PARKERSON, L.L.P.
701 Poydras Street, Suite 3800
New Orleans, LA 70139-3800

18

Office: 504.582.1142; Fax: 504.582.1172

And

H. ALSTON JOHNSON III (7293)
PHELPS DUNBAR, L.L.P.
445 North Blvd., Suite 701
Baton Rouge, LA 70802
Office: 225.346.0285; Fax: 225.381.9197
*Attorneys for Louisiana Farm Bureau Mutual*
*Insurance Company, Louisiana Farm Bureau*
*Casualty Insurance Company and Southern Farm*
*Bureau Casualty Insurance Company*

And

*/s/ Gordon P. Serou, Jr.*
Gordon P. Serou, Jr., 14432
          Of
LAW OFFICES OF
GORDON P. SEROU, JR., LLC
650 Poydras Street, Suite 1420
New Orleans, Louisiana 70130
Telephone: (504) 299-3421

And

Walter D. Willson
          Of
WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 605-6944
*Attorneys for American Bankers Insurance*
*Company of Florida, American Security Insurance*
*Company, American Reliable Insurance Company,*
*Standard Guaranty Insurance Company, Voyager*
*Indemnity Insurance Company, and Voyager*
*Property and Casualty Insurance Company*

And

*/s/ John R. Walker*
John R. Walker, 02165
                    Of
ALLEN & GOOCH
3900 N. Causeway Boulevard
Suite 1450
Metairie, Louisiana  70002
Telephone:  (504) 836-5210
*Attorneys for American Summit Insurance*
*Company and National Lloyds Insurance*
*Company*

And

*/s/ Julia A. Dietz*
Sidney W. Degan, III (#4804)
Julia A. Dietz (#18866)
Maryann G. Hoskins (#20869)
Degan, Blanchard & Nash
400 Poydras St., Suite 2600
New Orleans, LA  70130
(504) 529-3333 phone
(504) 529-3337 fax
*Attorneys for National Security Fire*
*and Casualty Company and Omega*
*One Insurance Company*

And

*/s/   Matthew A. Woolf*
Matthew A. Woolf, 27146
mwoolf@bakerdonelson.com
                    Of
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
        *Attorneys for G.U.I.C. Insurance Company,*
*American Family Home Insurance Company,*
*American Modern Home Insurance Company,*
*American Southern Home Insurance Company, and*
*American Western Home Insurance Company*

And

20

*/s/ Nancy B. Gilbert*
John P. Wolff, III, Bar #14504
Nancy B. Gilbert, Bar #23095
Christopher K. Jones #28101
**KEOGH, COX & WILSON, LTD.**
701 Main Street (P. O. Box 1151)
Baton Rouge, Louisiana  70821
Telephone:  225.383.3796
Facsimile: 225.343.9612
*Attorneys for Amica Mutual Insurance Co.*

And

*/s/ Matthew J. Lindsay*
RICHARD E. KING (#25128)
DAVID M. MORAGAS (#29633)
MATTHEW J. LINDSAY (#30599)
GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
*Counsel for Defendants,*
*Assurance Company of America, Zurich American*
*Insurance Company, and Zurich North America*

And

*/s/ Thomas R. Blum*
Thomas R. Blum, 3170
M. Davis Ready, 24616
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569 - 2030
Facsimile: (504) 569 - 2999
*Attorneys for Shelter Mutual Insurance Company*
*and Shelter General Insurance Company*

And

*/s/ Steven W. Usdin*
Steven W. Usdin, 12986
Stephen L. Miles, 31263

21

BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana  70112
Telephone:  504/589-9700
*Attorney for Chubb Indemnity Insurance Company,*
*Chubb Custom Insurance Company, Chubb*
*National Insurance Company, Federal Insurance*
*Company, Great Northern Insurance Company, (for*
*itself and as erroneously sued as Chubb Insurance*
*Group, a non-entity, incapable of being sued), and*
*Vigilant Insurance Company*

And

*/s/Kelly Cambre Bogart*
KELLY CAMBRE BOGART (#22985)
LAWRENCE J. DUPLASS (#5199)
C. MICHAEL PFISTER (#14317)
JAIME M. CAMBRE (#29116)
DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Tel.:    (504)  832-3700
kbogart@duplass.com
lduplass@duplass.com
mpfister@duplass.com
jcambre@duplass.com
*Attorneys for Fireman's Fund Insurance*
*Company, and The American*
*Insurance Company*

And

*/s/  Jacqueline M. Brettner*
Neil C. Abramson (Bar #21436)
Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

22

And

Marshall M. Redmon (Bar #18398)
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197
*Attorneys for Defendants*
*The Involved Lloyd's Underwriters*

And

*/s/   Harry Rosenberg*
Harry Rosenberg (Bar #11465)
Jay R. Sever (Bar #23935)
Jacqueline M. Brettner (Bar #30412)
Canal Place
**PHELPS DUNBAR LLP**
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
*Attorneys for Defendant Scottsdale Insurance*
*Company*

And

*/s/ Edward J. Lilly*
EDWARD J. LILLY, LSBA #8571
CRULL, CASTAING &  LILLY
601 Poydras Street, Suite 2323
New Orleans, LA 70130
Tel. (504)581-7700
Fax (504)581-5523
*Attorneys for Southwest Business Corporation*

And

/s/ Thomas H. Huval
Thomas H. Huval (Bar #21725)
Huval Veazey Felder & Aertker, L.L.C.
532 East Boston Street
Covington, LA 70433
(985) 809-3800 (telephone)
(985) 809-3801 (facsimile)
*Counsel for Security Plan Fire Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendants' Reply Memorandum in Further Support of Their Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss has been served upon all counsel of record by electronic notice from the Court's CM/ECF Filing System, this 14th day of April, 2009.

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle