**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| _____ | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**DEFENDANT UNITED STATES OF AMERICA'S BRIEF OPPOSING ADMISSION OF TESTIMONY BY RICHARD VARUSO, A DESIGNEE OF THE ARMY CORPS OF ENGINEERS UNDER RULE 30(b)(6) IN AN UNRELATED PROCEEDING**

Plaintiffs seek to use the deposition testimony of Richard Varuso, in his representative capacity on behalf of the United States Army Corps of Engineers pursuant to Fed. R. Civ. P. 30(b)(6), in *Turner v. Murphy Oil USA, Inc*. The United States opposes this tactic and respectfully requests that the Court strike the deposition transcript. The United States was not a party to *Turner*, and that litigation did not involve the same subject matter as this litigation. Furthermore, Mr. Varuso will be available to testify at trial.

## ARGUMENT

Under Fed. R. Civ. P. 32, a deposition may be used at trial to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying. Fed. R. Civ. P. 32(a)(1)(B). Furthermore, use of the deposition must be permitted by Rules 32(a)(2)

through (8).  *Id*. at 32(a)(1)(C).[1]  Depositions taken in an earlier action may be used in a "later action involving the *same subject matter* between the *same parties*."  *Id*. at 32(a)(8) (emphasis added).

     Mr. Varuso's previous 30(b)(6) deposition testimony was in *Turner v. Murphy Oil USA, Inc*.  The United States was not a party to that litigation.  *See Turner v. Murphy Oil USA, Inc*., 472 F. Supp. 2d 830, 836 (E.D. La. 2007) (describing plaintiffs as St. Bernard Parish homeowners suing Murphy Oil USA, Inc. for damages incurred by an oil spill during Hurricane Katrina).  Moreover, though the impetus for the suits in *Turner* and *Robinson* arise from the same devastating hurricane, this is where the similarities end.  In *Turner*, the class plaintiffs alleged that Murphy Oil USA, Inc. ("Murphy Oil) negligently filled one of its oil containment tanks, causing it to break its moorings during the storm, rupturing, and allowing approximately 25,110 barrels of crude oil to escape the tank and surround neighborhoods adjacent to the Murphy Oil refinery.  *Turner v. Murphy Oil USA, Inc*., 582 F. Supp. 2d 797, 800 (E.D. La.

---

[1] Rule 32 demands that the deposition testimony satisfy both the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  Rule 32 states in pertinent part:

    (a) Using Depositions.

    (1) In General.

        At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

            (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

            (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

            (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a).

2008). Plaintiffs in *Robinson*, on the other hand, aver that under the FTCA that the "breaches and failures of the spoilbanks, floodwalls, and/or levees," and the resulting inundation of their properties, was "directly and proximately caused by the Army Corps' negligence in the design, construction, operation, repair, and maintenance of the MR-GO." First Amended Compl. ¶ 102.

In *Dickinson v. Nationwide Mutual Fire Insurance Co.*, 2008 WL 2593761 (S.D. Miss. 2008), plaintiffs sought to use the testimony of a witness's 30(b)(6) testimony in a prior proceeding. The witness was listed as a "will call" for the current case. *Id.* at *1. In rejecting the plaintiffs' attempts to introduce portions of the deposition testimony in the prior case as substantive evidence in lieu of eliciting direct testimony, the court found the witness's planned attendance at trial dispositive. *Id.* (stating that plaintiffs failed to show exceptional circumstances as to allowing the direct admission of the witness's previous testimony) (citing *Fuller v. United States*, 2002 WL 291122 (E.D. La. 2002)).

The United States has listed Mr. Varuso as a "will call" witness in *Robinson*. *See* Rec. Doc. 18439, at 5(Final United States Witness List). Plaintiffs have also signaled their intent to call Mr. Varuso as a witness during their case-in-chief. The United States will make him available to testify at trial. As such, the purpose of admitting his deposition testimony in *Turner* as substantive evidence is unnecessary because Plaintiffs will have ample opportunity to question Mr. Varuso during either direct or cross examination.

The Court has indicated its displeasure at having to resolve this issue so close to trial. In that regard, it should be noted that Plaintiffs did not provide their deposition designations for the *Turner* deposition until Tuesday, April 14, more than a week after the Court's initial conference with the parties concerning the use of deposition testimony in lieu of live testimony at trial. *See* Exh. A. (transmittal email from plt. counsel). When the tardiness of Plaintiffs' provision of

3

deposition designations was raised at the April 6 conference, Plaintiffs' counsel represented that he had transmitted the 30(b)(6) cuts to the Defendant an hour before the conference. Notwithstanding that representation, Plaintiffs continued to provide designations from 30(b)(6) depositions later that day, two days later, and – in the case of the *Turner* 30(b)(6) deposition – eight days later.  *See id.*  Plaintiffs have continued providing designations as recently as the evening of April 15.  *See id*. at 16 (E-mail at 11:14 PM from Plaintiffs' counsel adding further designations).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs should not be permitted to use the deposition testimony of Richard Varuso in *Turner v. Murphy Oil USA, Inc.*.

                                        Respectfully Submitted,

                                        MICHAEL F. HERTZ
                                        Acting Assistant Attorney General

                                        PHYLLIS J. PYLES
                                        Director, Torts Branch

                                        JAMES G. TOUHEY, JR.
                                        Assistant Director, Torts Branch

                                        <u>  /s/Daniel M. Baeza </u>
                                        DANIEL M. BAEZA
                                        Trial Attorney
                                        ROBIN D. SMITH
                                        Senior Trial Counsel
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 888
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044
                                        (202) 616-4916 (tel.)
                                        (202) 616-5200 (fax)
                                        Dan.Baeza@usdoj.gov
                                        Attorneys for Defendant United States

Dated: April 16, 2009

## **CERTIFICATE OF SERVICE**

I, Daniel M. Baeza, hereby certify that on April 16, 2009, I served a true copy of the United States of America's Brief Opposing Admission of Testimony by Richard Varuso, a Designee of the Army Corps of Engineers Under Rule 30(b)(6) in an Unrelated Proceeding upon all parties by ECF.

s/    Daniel M. Baeza
DANIEL M. BAEZA
