UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR USE OF DEPOSITION AT TRIAL**

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who move this Court to allow the Plaintiffs to use the deposition of the United States Corps of Engineers ("Corps"), through its designated representative Richard Varusso at trial, for the reasons set forth below.

I.

**F.R.C.P. RULE 32 AUTHORIZES THE INTRODUCTION
OF THE "VARUSSO" TRANSCRIPT**

Federal Rules of Civil Procedure, Rule 32 holds in pertinent part:

"(a) Using Depositions

(1) In General. At a hearing or trial, all or part of a deposition may
be used against a party on these conditions:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

( C) the use is allowed by Rule 32(a)(2) through (8).

(2) Impeachment and Other Uses.  Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

(3) Deposition of Party, Agent, or Designee. An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

(4) Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

( C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

    (5) Limitations on Use

        (A) Deposition Taken on Short Notice. A deposition must not be used against a party who, having received less than 11 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place--and this motion was still pending when the deposition was taken.

        (B) Unavailable Deponent; Party Could Not Obtain an Attorney. A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

    (6) Using Part of a Deposition. If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

    (7) Substituting a Party. Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

    (8) Deposition Taken in an Earlier Action. A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

## II
**ALL OF THE NECESSARY ELEMENTS FOR THE ADMISSION OF THE "VARUSSO" TRANSCRIPT ARE SATISFIED**

It is well established that the purpose of using prior depositions and testimony is to save the time, effort and money of litigants and to expedite trials with a view to achieving substantial justice; whether such prior depositions can be offered into evidence rests within sound discretion of court. <u>Hertz v. Graham</u>, 23 F.R.D. 17 (S.D.N.Y.1958). In the present case, Plaintiffs have

3

been given a finite amount of time in which to present evidence in their case-in-chief, and have been vigilant in responsibly paring any superfluous testimony.  However, these efforts must be meted against the obligation of meeting their burden of proof.

The issue currently before the Court involves the deposition testimony of the United States Corps of Engineers, through its designated representative Richard Varusso, taken in a post-Katrina case, *Turner v. Murphy Oil USA, Inc.*, USDC, EDLA, 05-4206.  In that matter, the deposition of the Corps concerning the design, construction, and performance of the Reach 2 MRGO federal flood control levee was taken, with Mr. Varusso providing testimony as the Corps's designated representative.  Robin Smith appeared at that deposition to defend Mr. Varusso as the designee.  As such, the requirement of section (a)(3), which allows the "use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)" has been met.

The Court should further understand the unique environment in which Plaintiffs seek to introduce this testimony.  Mr. Varusso was examined in the present litigation in an individual capacity, and was asked the same questions as were asked in the *Murphy Oil* deposition.  Mr. Varusso provided different responses!  When confronted about these discrepancies, counsel for the defendant indicated that when Mr. Varusso provided testimony in the *Murphy Oil* case he "was speaking for the Corps as a 30(b)(6) witness with a script." (See Exhibit 1 - Varusso Depo. Transcript, p.73-77).  That script is directly at issue in the present case, with pertinent deposition cuts proposed to be admitted. (See Attached Exhibit 2).

There is a long history of allowing the admission of such testimony via deposition transcripts.  In <u>Copeland v. Petroleum Transit Co.</u>, 32 F.R.D. 445 (E.D.S.C., 1963), the court allowed the admission of a deposition taken for use in another case to be used in the case before

it, where substantially the same issues were involved in the two cases.  Likewise, in Baldwin-Montrose Chemical Co. v. Rothberg, 37 F.R.D. 354 (S.D.N.Y.1964), the Court allowed the use of depositions taken in one action to be used in another where there were common questions of law and fact.

In the present case, the Corps of Engineers is the "designated" defendant that is defended by the United States of America. Nearly all of the evidence elicited from the defendant at deposition is being introduced by deposition transcript.  Therefore, the deposition testimony of the Corps, through Mr. Varusso, in the *Murphy Oil* case is admissible as a prior statement of the witness pursuant to Federal Rules of Evidence, Rule 613.

Furthermore, the testimony of the Corps, through Mr. Varusso, in the *Murphy Oil* case is not considered hearsay, as set forth in Federal Rules of Evidence, Rule 801(d).  A statement is not hearsay if it is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of agency or employment, and made during existence of that relationship. U.S. v. Wiedyk, 71 F.3d 602 (C.A.6 (Mich.) 1995), rehearing and suggestion for rehearing en banc denied.  As a result, an out-of-court statement by an agent of a party will be admissible as a vicarious or representative admission of his principal. U. S. v. Pena, 527 F.2d 1356 (C.A.5 (Tex.) 1976), certiorari denied 96 S.Ct. 3168, 426 U.S. 949, 49 L.Ed.2d 1185.

The defendant has referenced a case in support of its position, Dickinson v. Nationwide Mutual Fire Insurance Co., 2008 WL 2593761.(S.D. Miss.).  While it is clear that the party moving to exclude the deposition testimony (Nationwide) took issue with deposition testimony that was taken *after* discovery was closed, it is unclear what stautory language Judge Senter was referencing in his Order.  Judge Senter cited "F.R.Civ.P. 32(a)(3) as establish[ing] the

requirements for the introduction of deposition testimony," but it appears that this 2008 decision was referencing language of the Rule that pre-dated the legislative amendments to the current Rule.[1]

### III.

### CONCLUSION

As shown above, the elements necessary for the introduction of the deposition testimony of the USA Corps of Engineers are satisfied. To allow the defendant to now object (and pick and chose who Plaintiffs can call live or by deposition) when Plaintiffs have expended considerable effort in providing deposition excerpts for introduction, is inherently unfair. Considering the short scope of testimony sought to be introduced by the deposition excerpts at issue, the motivation of the defendant is highly suspect.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion for Use of Deposition at Trial.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

　/s/ Joseph M. Bruno　
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

---

[1] The language of F.R.C.P., Rule 32 incorporated above was taken verbatim from Westlaw on April 16, 2009.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 16th day of April, 2009.

/s/ Joseph M. Bruno
Joseph M. Bruno
