UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

**re: Introduction of Dr. Penland Transcript**

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who move this Court to preclude the introduction of the deposition testimony of Dr. Shea Penland.

Plaintiffs object to the admission of Dr. Penlands deposition testimony at trial for the reasons stated below:

1.  Dr. Penland was retained as an expert by Plaintiffs and was deposed pursuant to CMO No. 4, Sect. III(D)(6) relative to the class certification proceedings. Subsequently Dr. Penland passed away, and Plaintiffs substituted Dr. Duncan Fitzgerald for Dr. Penland. As such, Dr. Penland is not designated as a testifying expert in Plaintiffs' case in chief and is not a material witness.

2.  The trial judge has discretion to exclude the deposition of an expert witness where the judge is not satisfied that the party proponent has made reasonable effort to secure the expert's presence at trial. Hanson v. Parkside Surgery Center, 872 F.2d 745 (6th Cir. 1989); Polys v. Trans-Colorado Airlines, Inc., 941 F.2[nd] 1404 (10th Cir. 1991). The purpose of this rule is consistent with the general preference of the federal rules, as expressed in F.R.C.P., Rule 43, for oral testimony.

3.  While it is obvious that the defendant could not have secured Dr. Penland's presence at trial, it could have made reasonable efforts to acknowledge him as a witness. The defendant failed to identify Dr. Penland in the Pre-trial Order's Witness List as mandated by the Court's *Robinson* Case Management Order No. 1 & Pretrial Notice Form (Rec. Doc. 3408).

4.  There is no need to use Dr. Penland's previous testimony to prevent the loss of evidence because Dr. Fitzgerald is available to give similar testimony orally. *See* Carter-Wallace v. Otte, 474 F.2d 529, 536-37 (2nd Cir. 1972).

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion in Limine.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

   /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 16th day of April, 2009.

                                                                /s/ Joseph M. Bruno
                                                               Joseph M. Bruno