UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | SECTION:  K |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| PERTAINS TO: INSURANCE/FORCED PLACE | * | MAGISTRATE: 2 |
| <u>Johnson – 09-2614</u> | * | MAGISTRATE JUDGE: |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | JOSEPH C. WILKINSON, JR |

<u>ANSWER OF NEWPORT INSURANCE COMPANY</u>

Defendant Newport Insurance Company ("Newport") submits its Answer to the Amended Complaint (the "Complaint") filed in the captioned lawsuit, and respectfully states as follows:

I.

Newport denies the allegations contained in Paragraph I of the Complaint, for lack of sufficient information upon which to justify a belief therein.

II.

Newport admits it is named in Paragraph II of the Complaint, but denies the remaining allegations in Paragraph II for lack of sufficient information upon which to justify a belief therein.

III.

Newport denies the allegations contained in Paragraph III of the Complaint.

IV.

In response to the allegations contained in Paragraph IV of the Complaint, Newport adopts by reference and incorporates all of its prior responses and defenses contained in all prior Answers it has filed in this case.

The last unnumbered paragraph of the Complaint constitutes a prayer for relief to which no response is required.  However, to the extent a response is required, the allegations contained in this unnumbered paragraph are denied.  Newport also denies any other allegations in the Complaint that are not heretofore specifically admitted, including all unnumbered and/or mis-numbered paragraphs.

**AS AFFIRMATIVE DEFENSES**, Newport asserts as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs fail to state a claim or cause of action against Newport upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the applicable statutes of limitations, prescriptive and peremptive periods, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the principles of *res judicata* and/or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs barred by the doctrines of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are subject to any rights of set off and/or recoupment that Newport may have.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Newport acted in accordance with the terms and provisions of the relevant insurance agreement(s), any relevant agreement with the insured lender, and the laws of the State of Louisiana.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiffs (the existence of which damages is denied) were the result of acts or omissions of parties other than Newport, for which Newport is not legally responsible.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs have not sustained any damages proximately caused by Newport.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs failed to take reasonable steps to protect themselves from the damages alleged, and failed to mitigate any such damages (the existence of which damages is at all times denied).  Additionally, any loss caused by flood was not a covered peril under any applicable (hazard) insurance policies and, to the extent plaintiffs' alleged total losses were caused by flood, any damages they sustained (the existence of which damages is at all times denied), were the consequence of the plaintiffs' failure to obtain flood insurance.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims asserted by the plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims asserted by the plaintiffs are barred by the statute of frauds and/or parol evidence rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims asserted by the plaintiffs should be dismissed, or alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Alternatively, Newport avers that the plaintiffs have been fully compensated for any damages, losses or injury.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Newport has not breached any duty (the existence of which is denied) to the plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the Complaint may be subject to binding arbitration.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The valued policy law does not apply to any forced or lender-placed insurance policies issued by Newport.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The valued policy law is inapplicable because plaintiffs' dwellings were not rendered a "total loss" by a peril or damage covered by any insurance policy issued by Newport.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs whose property was not insured by Newport or did not otherwise have a claim against Newport should be severed. As the plaintiffs and their claims have been improperly joined, and do not meet the joinder requirements of Rules 18, 19 or 20, Fed. R. Civ. P., their claims should be severed and should proceed separately.

### TWENTIETH AFFIRMATIVE DEFENSE

If any of the plaintiffs prevail on their claims against Newport, then Newport is entitled to a credit for the full amount of any other payments which cover any damages insured by Newport.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs' claims against Newport are barred by lis pendens to the extent the plaintiffs' claims may involve the same subject matter or seek similar recoveries or remedies as other previously filed suits against Newport.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The recovery sought in the Complaint from Newport is barred in whole or in part because the losses sued upon were not caused by a peril covered under any insurance policies issued by Newport.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of the claims in the Complaint, as any forced or lender-placed insurance policies are contracts only between the lenders and the insurer, and did not insure plaintiffs. Plaintiffs have no right of action against Newport.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

There is no privity of contract between plaintiffs and Newport, as there was no insurance policy issued to or on behalf of any plaintiff during any time relevant to this proceeding.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Newport pleads all Certificates of Coverage Placement, policies, declaration pages, and any endorsements (collectively the "Policy") as though copied *in extenso* herein, and avers that the Policy is the best evidence of the conditions, limitations, exclusions, coverage and other terms therein. Newport denies that plaintiffs may expand, modify or vary the Policy's terms and conditions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are subject to and may be barred, or alternatively reduced or limited by, any deductible, and/or other insuring language of the Policy; the Policy's limits of liability; the Policy's term or policy period; any reporting conditions specified in the Policy, and/or any other language of the Policy.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs' claimed losses do not concern the *Property Covered* or are considered *Property Not Covered* as described in the Policy, plaintiffs' claims are not covered, barred, or alternatively reduced or limited.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The recovery sought in the Complaint from Newport is barred in whole or in part because the losses sued upon were not caused by a peril covered under the Policy.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Newport's obligations under the Policy are subject to and conditioned upon the performance and satisfaction of the terms, provisions, and conditions by plaintiffs and/or any insured, including but not limited to the provisions of the Certificates of Coverage Placement. To the extent any plaintiff or an insured has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, Newport has no liability under the Policy.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent that plaintiffs failed to provide sufficient proof of loss to Newport, plaintiffs' claims are premature, not covered, or barred, or alternatively reduced or limited.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are not covered or barred, in whole or alternatively in part, to the extent that plaintiffs failed to cooperate with Newport in the investigation or adjustment of plaintiffs' insurance claims, including but not limited to, failing to permit Newport to conduct adequate and sufficient inspections of the allegedly damaged properties.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are without merit and/or are barred, in whole or alternatively in part, because Newport at all times acted reasonably and in good faith in connection with the adjustment, consideration and review of plaintiffs' claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to take reasonable steps in order to prevent or mitigate any damages or any other relief claimed by plaintiffs. Plaintiffs' actions, conduct and/or omissions bar, limit or stop plaintiffs from seeking damage or other relief from Newport.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' fault, neglect, conduct, actions, and/or omissions, solely or alternatively, substantially caused or contributed to the losses, damages and other relief claimed by plaintiffs, which bars or alternatively reduces any right of recovery by plaintiffs against Newport.

**WHEREFORE,** defendant Newport prays as follows:

1. That judgment be rendered in favor of Newport and against the plaintiffs, dismissing all claims against Newport, with prejudice;

2. That Newport be awarded its costs incurred in defense of this action; and

3.  For such other relief as the Court deems proper.

Respectfully submitted, this 20th day of April, 2009.

>  /s/ Stephen W. Rider
> ANTHONY ROLLO (#1133)
> STEPHEN W. RIDER, T. A. (#2071)
> LAUREN CAMPESI (#29787)
> **McGlinchey Stafford, PLLC**
> 601 Poydras Street, 12th Floor
> New Orleans, Louisiana  70130
> Telephone:  (504) 586-1200
> Facsimile:  (504) 596-2800
> **Attorney for Defendants Balboa Insurance Company, also misnamed in the Complaint as Balboa Life and Casualty Company, Meritplan Insurance Company and Newport Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.  Service to all known counsel of record who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 20th day of April, 2009.

>  /s/ Stephen W. Rider
> STEPHEN W. RIDER

808268.1