UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
      CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO: BARGE                               SECTION "K"(2)
      *Boutte v. Lafarge* (05-5531)
      *Mumford v. Ingram* (05-5724)
      *Lagarde v. Lafarge* (06-5342)
      *Perry v. Ingram* (06-6299)
      *Benoit v. Lafarge* (06-7516)
      *Parfait Family v. United States* (07-3500)

## DRAFT ORDER

Before the Court is the Barge Plaintiffs' Appeal from the Denial of their Renewed Motion for Leave to File Their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages (Rec. Doc. 16889) ("Mot."). Defendant Lafarge North America, Inc. ("Lafarge") has opposed this motion. (Rec. Doc. 17407) ("Lafarge Opp."). Third Party Defendant Board of Commissioners of the Port of New Orleans ("Dock Board") has also opposed the motion. (Rec. Doc. 17137) ("Dock Board Opp.").[1] Plaintiffs have filed a reply. (Rec. Doc. 17246) ("Reply"). Having reviewed the briefs and relevant law, this Court will deny the motion.

## I. BACKGROUND

---

[1] As Defendant Lafarge and Third Party Defendant Dock Board both oppose Plaintiffs' motion, for convenience the Court will refer to them collectively as "Defendants."

1

Named plaintiffs represent a putative class comprised of residents from New Orleans neighborhoods that are located east of the Industrial Canal.  They assert that during Hurricane Katrina, a barge owned by Lafarge became unmoored from its dock in the Industrial Canal due to the negligence of Lafarge's employees in securing it.  The barge then allegedly struck the east wall of the Industrial Canal, resulting in flooding into the adjacent neighborhoods.  Plaintiffs generally claim that, as a result of the flooding, they suffered property damage as well as physical and mental injury.

Plaintiffs' counsel originally sought to amend their complaint with their proposed Seventh Amended Complaint on September 25, 2008 (Rec. Doc. 15356).  This motion was opposed by Defendants, and it was subsequently denied by Magistrate Judge Joseph Wilkinson, Jr. on October 15, 2008 (Rec. Doc. 15902).  The magistrate judge noted that the Plaintiffs had to establish "good cause" to modify the scheduling order if they sought to amend their complaint past the deadline for doing so.  He reasoned that no good cause had been shown in light of the unimportance of the amendments, the prejudice to the opposing parties, and the likelihood of further delay if the amendment were permitted.

Plaintiffs then renewed their motion to amend their complaint on December 1, 2008, providing a revised Seventh Amended Complaint (Rec. Doc. 16572).  Plaintiffs assert that their revised motion should have been more palatable in comparison with their prior proposed complaint because it removed the Rule 9(h) election, and it refrained from adding another named plaintiff. Mot. at 5.  Again, this motion was opposed, and Magistrate Judge Wilkinson denied the motion by order dated December 17, 2008, citing that Plaintiffs again had failed to show good cause and "this motion is grossly untimely in all respects."  (Rec. Doc. 16755).  Plaintiffs

appeal this order in the present motion.

Plaintiffs seek to amend their class action petition in the present motion with their revised Seventh Amended Class Complaint for Damages. Proposed Complaint, Mot., Ex. 13 ("Compl."). Plaintiffs aver that this complaint makes several critical revisions over the prior complaint. First, the new complaint removes any class allegations of emotional injury. Mot. at 14. The new complaint also corrects a "typographical error" regarding the geographic boundaries of the proposed class. The previous complaint stated that the eastern boundary of the class area was the Industrial Canal; in fact, the Industrial Canal is the western boundary. Mot. at 15. Third, the proposed Seventh Amended Complaint does not include any invocation of Rule 9(h), and it does not include any additional named plaintiffs. Mot. at 3-4.

## II. ANALYSIS

Title 28, United States Code Section 636 states that a magistrate judge may "hear and determine any pretrial matter pending before the court," and that a district judge may reverse such decision if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Certain dispositive motions are excepted from § 636(b)(1)(A); a magistrate judge may issue a report and recommendation on such dispositive motions, and they are reviewed by the district court *de novo*. 28 U.S.C. § 636(b)(1). A motion to amend a complaint is not listed as a dispositive motion, and accordingly this Court will review the magistrate judge's decision under the clearly erroneous/contrary to law standard. *Herzog v. Johns Manville Prods. Corp.*, Civ. A. No. 02-1110, 2002 WL 31556352, at *1 (E.D. La. Nov. 15, 2002) (Fallon, J.) (reviewing magistrate judge's decision on motion to amend complaint under clearly erroneous standard); *Valle v.*

*Johnson Controls World Servs., Inc.*, 957 F. Supp 1404, 1419 (S.D. Miss. 1996) (same).

Where a party is not entitled to amend a pleading as a matter of course, such party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit then recommends the following in determining whether to permit amendment: "In deciding whether to allow amendment, a district court 'may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996)).

As correctly noted by the magistrate judge, however, Rule 15 does *not* apply when an amendment is offered after the deadlines set in the scheduling order. Instead, Rule 16(b) applies. Rule 16(b) requires a district court to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). The Fifth Circuit has made it clear that, once a scheduling order is issued, "Rule 16(b) governs amendment to pleadings after a scheduling order has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). The rule provides guidance on modifying a scheduling order, stating that such modification may be done "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts must consider four factors in determining good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Tel. Co. v. City of El*

*Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 535).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply."  *S&W Enters.*, 315 F.3d at 536.

Applying the above-stated law, Magistrate Judge Wilkinson denied Plaintiffs leave to amend.  His denial of the first motion to file a Seventh Amended Complaint rested significantly on the fact the Plaintiffs' failed to file a final correct complaint in any of the prior six amended complaints during the preceding three years that this litigation has been pending.  Plaintiffs admitted at that time that most of the amendments were for clarification and harmonization, and therefore they were unimportant.  Magistrate Judge Wilkinson noted, though, that the addition of a named plaintiff and a Rule 9(h) declaration would have been significant and caused prejudice to the opposing side.  The magistrate judge concluded that, because this class action was in an advanced stage in development towards trial, an amendment could result in unnecessary delay of trial.  Upon the Plaintiffs' revised motion for leave to file their Seventh Amended Complaint, they dropped the Rule 9(h) declaration and the additional plaintiff.  Magistrate Judge Wilkinson again denied permission to amend based on substantially the same reasons.

This Court finds no error in the magistrate judge's ruling.  In light of the fact that Plaintiffs' have removed any invocation of Rule 9(h), and they have excluded any new plaintiffs, it appears that the proposed amendments indeed are unimportant.  Plaintiffs also seek to amend their complaint by removing the class allegations of infliction of emotional distress, and by clarifying that the western (not eastern) border of the class is the Industrial Canal.  The opposing parties have not made any issue of the "typographical error" regarding the geographical border of the class, and accordingly this Court will not bar class certification due to this error.  Plaintiffs

5

would seek to remove their emotional injury claims to facilitate certification, but this Court will not permit such an amendment.  Defendants have relied upon the allegations in the present class action complaint in opposing class certification.  Indeed, the motion to certify the class is presently under advisement by this Court.  Plaintiffs' reason for the delay, the addition of experienced class counsel, is not a persuasive reason to permit a new complaint to be filed.  Plaintiffs have had three years to competently amend their complaint, therefore it is doubtful that any additional tweaking will result in a significantly different result.  For these reasons, this Court finds that the magistrate judge was not clearly erroneous in denying Plaintiffs leave to file their Seventh Amended Complaint.

**III.  CONCLUSION**

For the reasons stated herein, accordingly,

**IT IS ORDERED** that the Plaintiffs' Appeal from the Denial of their Renewed Motion for Leave to File Their Revised Proposed Seventh Amended Consolidated Class Action Complaint for Damages (Rec. Doc. 16889) is **DENIED.**

New Orleans, Louisiana, this __22nd__ day of April, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**