UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' MOTION TO COMPEL**
**re: Reliance Materials of Defendant's Expert Bruce Ebersole**

**MAY IT PLEASE THE COURT**:

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in accordance with the provisions of Fed.R.Civ.P. 37 (a) (1) and (2) (B), respectfully move this Honorable Court for an Order compelling the defendant United States of America to produce defendant expert Bruce Ebersole's reliance materials as specified by previous court orders and as specified in each defense experts' Notice of Deposition, for the reasons more fully set forth below.

**I.**

At the heart of the current dispute is Mr. Ebersole's failure to produce a series of calculations upon which he based his opinions. At deposition, it was pointed out to Mr. Ebersole that there was substantial concern about the validity of his calculations in "modeling" his storm

surge hydrographs. In response, Mr. Ebersole indicated that he would have to "go back and check" his calculations. (See Exhibit 1 - Ebersole Transcript, p. 339, l. 1 through p. 341, l. 8).

Due to time constraints exacerbated by the United States's steadfast refusal to expand the time to complete Mr. Ebersole's deposition (even though the defendant United States had refused to produce Mr. Ebersole's reliance materials prior to the deposition), it was agreed that Mr. Ebersole would produced the calculations at issue sometime after the deposition. (See Exhibit 2 - Ebersole Transcript, p. 646, l. 14 through p. 647, l. 22).

Mr. Ebersole has failed to produce ANY of the calculations at issue.

## II.

Upon being informed of the defendant United States's call order of witnesses at trial, Plaintiffs re-urged their request that Mr. Ebersole produce the series of calculations upon which he based his testimony. (See Exhibit 3 - Email dated Sunday, April 26, 2009).

Mr. Ebersole's calculations have yet to be produced.

## III.

This dispute arises from a long line of discovery obligation transgressions perpetrated by the defendant United States, beginning with the deadline for it to first produce its expert reports and reliance materials.

## IV.

On October 9, 2008, the Court, per the Amended *Robinson* Case Management Order (Rec. Doc No.15841), ordered the defendant United States to produce its expert reports and computer generated evidence on December 22, 2008.

**V.**

In direct contravention of this order, the United States "produced" their expert reports in an untimely fashion, claiming that their delivery was delayed by inclement weather.[1] Nonetheless, the defendant filed a Notice of Production on December 22, 2008, flaunting the Court's October 9, 2008 Amended *Robinson* Case Management Order by stating that the Plaintiffs would need to contact defendant's counsel to obtain the computer generated evidence that the experts relied upon in drafting their reports. (Rec. Doc. 16833).

**VI.**

Between January 6, 2009 and January 28, 2009, at least six separate requests for reliance materials were sent by the Plaintiffs.  The defendant neither produced said evidence nor responded to these request.

**VII.**

Without either the reliance materials produced or an indication of where said materials could be located (Plaintiffs dispute that there was any such production), Plaintiffs were forced to start noticing the depositions of the defense experts.  To address the government's inert production, Plaintiffs included with the Notice of Deposition, as an exhibit, a list of materials, including reliance materials, regularly produced by experts in conjunction with their deposition.

At deposition, the defense experts consistently appeared at their deposition without ***ANY*** of the specified information, and in fact Mr. Ebersole testified under oath at deposition that the "government took everything" on his hard drive regarding his expert report.  When pressed at the

---

[1] That the defendant here apparently attests that the U.S. Postal Service cannot operate effectively in a snow storm or that no one at the Department of Justice can upload ten (10) reports electronically to an internet "send space" site should be viewed skeptically by the Court.

deposition by Mr. Bruno when this was produced, defense counsel Rupert Mitsch could only state that he "assumed it had been produced," but he "personally" didn't know if it had been.

## VIII.

Because of the United States's contemptuous disregard for its discovery obligations, Plaintiffs were left with no recourse but to seek judicial intervention to enforce the Court's October 9, 2008 Order, and filed a Motion to Compel on February 4, 2009. (Rec. Doc. 17542).

Instead of producing its experts' reliance materials, the defendant opposed the Plaintiffs Motion to Compel, the defendant asserted for the first time that the inclusion of Exhibit A to the Notice of Deposition was improper! (See Response (Rec Doc. 17701), pg. 1).  Here, the government was either purposefully misleading the court, or was flat out wrong, as Case Management Order No. 4 ("CMO 4") Sec. (IV) (D)(3), footnote 7, only precluded the use of Rule 30(b)(5) requests for common liability issues fact witnesses (See Rec. Doc. 3299, pg. 35).  The provision of CMO 4 addressing expert common liability issues experts contained no such prohibition.  The Court will note that the Exhibit A requests were inclusive of those materials specified by FRCP, Rule 26 (a)(2)(B), CMO 4, Sec. (IV) (E)(2), and the Court's Order of October 9, 2008.

The magistrate acknowledged the obligation of the defendant to produce their experts reliance materials pursuant to Rule 26, as implemented by the court's previous orders, and found on February 20, 2009 that the government had been "dilatory in its compliance with its disclosure obligations" and ordered that the government produce "all materials upon which defendant's experts relied... no later that February 27, 2009." (Rec. Doc. 17816).

IX.

On February 26, 2009, the defendant filed a Motion for Reconsideration (Rec. Doc. 17915) to further consume the time needed for Plaintiffs to review these materials, citing no legal argument or precedent entitling it to relief it sought, yet arrogantly disregarding the *Pre-Trial and Trial Procedures-Civil Case Section "K"* (Rec. Doc 3408-2) in which this Court recognized that motions for reconsideration were "generally a waste of the Court's time," and "such motions are not even recognized in the Federal Rules of Civil Procedure." As such, it was specified that such a Motion for Reconsideration could be filed only upon seeking leave of Court to file. The defendant United States again utterly disregarded one of the Court's standing orders, and simply filed their Motion for Reconsideration without leave.

X.

At the heart of the current dispute is Mr. Ebersole's assurances that he would produce a series of calculations upon which he based his opinions. Mr. Ebersole has failed to comply with his assurances that these pertinent calculations would be produced, leaving the Plaintiffs no choice but to file the current Motion to Compel.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion to Compel.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

　　/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 27th day of April, 2009.

　　/s/ Joseph M. Bruno
Joseph M. Bruno