UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
### LAY WITNESS PETE LUISA FROM DEFENDANT'S WITNESS LIST

NOW INTO COURT, through undersigned counsel, come the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who urge this Court to strike lay witness Pete Luisa from the Defendant United States's Witness List, for the following reasons:

**I.**

On March 15, 2007, this Court issued Robinson Case Management Order No. 1. (Rec. Doc 3408). In that Order, the Court specified that:

> "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."

**II.**

Incorporated into that Order was the Court's Pre-Trial Notice. (Rec. Doc 3408-2). The Pre-Trial Notice specified that:

> "c.     Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders."

**III.**

The *Robinson* case, upon agreement by all parties, has proceeded to trial as a single, multiparty test case designed as the most efficient manner for evaluating the issue of liability arising from the MRGO. As such, the discovery protocol in *Robinson* has generally tracked the discovery protocol of the MRGO class action litigation.

In MRGO, the parties were obligated to update their witness list on the 20th day of each month "to facilitate regular and ongoing preparation for common liability issues trials." *See* MRGO Case Management Order No. 4 ("CMO No. 4") (A)(2). As such, the defendant United States has had over twenty-five (25) opportunities since the March 1, 2007 entry of CMO No. 4 to identify Mr. Luisa prior to the filing of its final witness list.

To date, approximately one hundred and fifty-seven (157) depositions have been taken, and all of the expert discovery has been completed. The first time the defendant identified Mr. Luisa was on the March 27, 2009 United States's Final Witness List of Witnesses (Rec. Doc. 18331-3), two years after the relevant CMO's were entered and just twenty-nine (29) days before trial.

IV.

Based upon the dictates of the above referenced case management orders, the party seeking to overcome a tardy witness designation carries the burden of obtaining an order via written motion to establish "good cause" for the admissibility of the witness's testimony.

The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (C.A.9 (Cal.),1992); <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D.W.Va.1995).  The absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate "good cause." <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (C.A.5 (Tex.),1990). Instead, the movant may demonstrate "good cause" only by showing that, despite his diligence, he could not have reasonably met the scheduling deadline.  <u>Callais v. Susan Vizier, Inc.</u>, 2000 WL 278097 (E.D.La.,2000) (Africk, Magistrate J).

Obviously, the defendant has not established "good cause" for its newly designated witness to testify because it has failed to submit any motion.

V.

The subject matter for which Mr. Luisa was identified to address was "how the Corps determines its annual funding recommendations for projects such as the LPVHPP."  However, such issues were properly identified as a subject of inquiry in the Rule 30(b)(6) deposition of the Corps of Engineers.  Plaintiffs previously noticed the Rule 30(b)(6) deposition of the Defendant United States of America, by and through the United States Army Corps of Engineers, seeking inquiry (among other things) of the following:

> The Army Corps' procedures for congressional authorization of Civil Works Projects, including decisions on when and how to seek approval for modifications in plans that spanned over time.

In response, the defendant produced Zoltan Montvai in Washington D.C. Plaintiffs' counsel traveled to Washington D.C. and deposed Mr. Montvai. The defendant did not elicit any testimony from Mr. Montvai.

Additionally, Mr. Montvai has been identified as a witness to address "the Corps' procedure on obtaining approval and appropriations for civil works projects such as the MRGO."

### VI.

Mr. Luisa can now only be characterized as a lay witness. As the Court is well aware, the Plaintiffs do not attack the adequacy of the hurricane protection structures in this case. It is unrefuted that "the levees performed as designed" during hurricane Katrina. Mr. Luisa's potential testimony can likely be characterized as lay opinion giving a "positive spin" inference to the adequacy of the levee system at the time of hurricane Katrina.

<u>Federal Rules of Evidence</u>, Rule 701, precludes such opinion testimony by a lay witness if:

> "the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ©) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

As a result, and without any opportunity to depose the witness, Plaintiffs are suspect of the relevance of Mr. Luisa's testimony to the matters at issue in this trial. The dubious nature his testimony is further exacerbated by the defendant's most recent assertion that "it was not its intention to contend that the LPV structures were improperly designed or did not perform as expected." (Rec. Doc. 18683).

### VII.

<u>Federal Rules of Civil Procedure</u>, Rule 26 states that a party must provide to other parties the name of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed.R.Civ.P. 26(a)(1)(A)(I). The rules also require parties to supplement their Rule 26 disclosures in a timely manner. Fed.R.Civ.P. 26(e)(1)(A). Failure to do so may result in the court prohibiting the disclosing party from presenting witnesses at trial, unless the failure "was substantially justified or is harmless." Fed.R.Civ.P. 37( c)(1).

In determining whether the failure was harmless, the court should consider: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. <u>Geiserman</u>, *supra*.

In the present case, factors one (1) and two (2) have not been met because the defendant has failed to comply with the Courts' directive obligating the defendant to show good cause via motion why the witness should be able to testify despite the tardy identification of the witness. Factor four (4) certainly is not an option at this stage. Finally, factor three is difficult to assess with out knowing what the witness will say.

Plaintiffs have expended substantial efforts to prepare its case in compliance with the Court's succinct opinions relating to the governmental immunity issues. Plaintiffs certainly cannot know what, if any evidence will be needed to address the lay witness testimony from Mr. Luisa. To defer ruling on this matter to allow Plaintiffs to now depose this witness and decipher the import of the testimony creates an undue burden on Plaintiffs considering the limited

5

availability of Plaintiffs' trial team members to forego preparing to address the defendant's case in chief.

## VIII.

The court is within its discretion in striking the witness from the witness list.

In <u>Singer v. City of Waco, Tex</u>, the Fifth Circuit found that the district court did not abuse its discretion in refusing to allow a party to call a witness to testify on rebuttal because that party had never included the witness on its witness list, and could not provide a valid reason for this omission. <u>Singer v. City of Waco, Tex.</u>, 324 F.3d 813 (C.A.5 (Tex.),2003).

Similarly, the Fifth Circuit found that the district court did not abuse its discretion in excluding the testimony of certain witnesses on the grounds that the party had failed to include the witnesses on its pre-trial witness lists and that the witnesses had not been deposed before trial. <u>Positive Black Talk Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357, (C.A.5 (La.),2004).

## IX.

The defendant intends to call a witness that it failed to identify for well over two years of contentious litigation.  Clearly, this trial did not sneak up on the defendant. Now, the defendant is asserting its right to call a witness, not withstanding it's failure to properly identify the witness to allow appropriate discovery to be undertaken by Plaintiffs, without complying with the court's mandate to seek such relief through written motion establishing "just cause."

As a result, Pete Luisa should be struck from the defendants' witness list and precluded from testifying.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the

Plaintiffs' Motion To Strike Lay Witness Pete Luisa from Defendant's Witness List.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

　　/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**CERTIFICATE OF SERVICE**

　　I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 28th day of April, 2009.

　　/s/ Joseph M. Bruno
Joseph M. Bruno