9.     Each Joint Expert shall publish or disseminate information furnished to him/her only at, or in aid of, trial or deposition testimony in the Litigation or as expressly authorized in advance in writing by the originating party or parties whose information formed the basis of the Joint Expert's work product or opinion. Furthermore, no Joint Expert shall publish or disseminate any theories, opinions or conclusions based upon information covered by this Agreement or his/her work in the Litigation, in any way other than at, or in aid of, trial or deposition testimony in the Litigation, without advance written approval of the parties to this Agreement. Approval may only be granted, however, after the termination of the Litigation in accordance with paragraph 16 below. Nothing herein is intended to diminish or waive the right of any party to refer to, publish or otherwise disseminate these theories, opinions or conclusions that are exchanged with or produced to plaintiffs' counsel in the Litigation or otherwise made a part of the Court public record of the Litigation.

10.     In consideration of the services rendered to the parties, all parties agree to share on a pro-rata basis the costs and expert fees incurred by the Original Retaining Party in obtaining the services of a Joint Expert. The parties agree that each Original Retaining Party will obtain from each Joint Expert an Estimated Budget for the services and expenses that the Joint Expert estimates in good faith to reflect that expert's anticipated charges for services to be rendered in connection with the expert's retention. Within thirty (30) days of receipt of all of the budgets from the retained Joint Experts, the Board of Commissioners of the Orleans Parish Levee District, Sewerage and Water Board of New Orleans, Board of Commissioners of the East Jefferson Levee District and the Board of Commissioners for the Port of New Orleans (Contributing Parties) agree to pay their

5

pro-rata share of 50% of the combined total of the Estimated Budgets for each of the Joint Experts into an interest bearing bank account at Capital One, N.A., 3050 Severn Avenue, Metairie, Louisiana (the "Account"). The Account will be opened and maintained with each Contributing Party designating an authorized signatory to the Account. Thereafter, the Joint Expert will bill the Original Retaining Party who, after reasonable advance written notice to all parties, shall ensure that the charges for the expenses and services are in order, and the Original Retaining Party shall cause Contributing Parties' pro-rata shares of such bill to be paid from the Account. The United States, the State of Louisiana and the Parish of Jefferson (Non-Contributing Parties) shall contemporaneously receive a complete copy of the expert's bill from the Original Retaining Party, and each Non-Contributing Party shall ensure that their individual pro-rata shares of the expert's bill are paid directly to the expert within thirty (30) days of receipt of said bill. When the funds in the Contributing Parties' Account fall below $50,000, the Contributing Parties agree that they will each pay an additional pro-rata amount into the Account in an amount to be determined after discussion by the Contributing Parties. At the conclusion of the class certification proceedings, any money remaining in the account shall be distributed in a pro-rata amount to each of the Contributing Parties who have participated in the Account.

11. The parties and their respective counsel agree that this Agreement and the parties' decision to share the services of a Joint Expert do not disqualify any Joint Expert from subsequently consulting and/or testifying on behalf of the Original Retaining Party in any other phase of the Litigation. The parties and their counsel hereby expressly waive any right they may have in the Litigation to seek the disqualification of any Joint Expert

8

based on the Joint Expert's prior receipt of Protected Information and/or the Joint Expert's prior participation in the common legal defense of the class certification motion. The parties to this Agreement also expressly agree not to seek such disqualification under any applicable statute or code, whether existing or proposed, under any formal or informal rule of court, or under any state or federal common law rule, and/or the jurisprudence concerning expert witnesses, confidential information and conflicts of interest under the federal common law, including the "substantially related" test. Nothing in this paragraph is intended to restrict or limit the right of any party hereto to seek disqualification of any expert pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 504 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and/or their progeny.

12.    In the event that testimony of a Joint Expert is offered at trial by that expert's Original Retaining Party, the parties agree and stipulate that the Joint Expert may use the Original Retaining Party's Protected Information but may not use Protected Information from another party received pursuant to this Agreement absent written consent from that party. Moreover, in the event that testimony of a Joint Expert is offered at trial by that expert's Original Retaining Party, the parties agree and stipulate that they shall not make any reference to the prior joint retention of the Joint Expert by the parties hereto at trial, and the parties hereto expressly waive their right to cross examine the Joint Expert concerning the existence of this Agreement, including the fact that such Joint Expert has been or may have been privy to Protected Information, including attorney work product and/or other privileged communications pursuant to this Agreement.

13.    The parties to this Agreement acknowledge that, while the parties have common interests, some rights, claims and defenses available to one party may not be available to

7

all. Except as to the waiver of the right to seek disqualification of a Joint Expert and counsel, based on the Joint Expert's prior receipt of Protected Information and/or the Joint Expert's prior participation in the common legal defense of the class certification motion, each party reserves all rights to assert any and all rights, claims and defenses available to that party with respect to this matter; provided, however, that a party asserting such rights, claims and defenses may not assert or rely on Protected Information obtained from another party pursuant to this Agreement as a basis for such rights, claims and defenses. The waiver of the right to seek disqualification of a Joint Expert and counsel, as set out expressly herein in paragraph 11, is effective regardless of whether any party develops or pursues adverse interests against any other party in the Litigation. Except as to the waiver of the right to seek disqualification of a Joint Expert and counsel, as set out expressly herein in paragraph 11, this Agreement shall not be deemed a waiver of any claim, or defense available to any party, nor a waiver of any right, claim, or defense any party may have against any other party, provided that a party asserting such rights, claims and defenses may not rely on Protected Information received from another party to this Agreement.

14. Except as otherwise agreed in writing by the Originating Party or parties, or as otherwise provided by any protective order and by this Agreement, none of the Protected Information obtained by any party pursuant to this Agreement shall be disclosed to any person outside the scope of this Agreement. Any party receiving a subpoena, discovery demand, or request for any document or information received from another party or jointly created by parties pursuant to this Agreement shall assert all privileges available with respect to such documents or information in order to protect fully each party's

8

attorney-client, work product, or other applicable privilege claims and shall expeditiously notify the originating party or parties and cooperate fully with them in any judicial or other proceeding relating to the disclosure of such documents or information.

15.     To the extent that any party is dismissed with prejudice from the Litigation, that party shall thereafter (1) be denied access to Protected Information and (2) have no further financial responsibility for the services of the Joint Expert, but (3) shall continue to be bound by the Agreement to the extent that it had prior access to other Protected Information covered by this Agreement. All Protected Information received from other parties pursuant to this Agreement (including all copies, summaries, or excerpts thereof) shall be returned to the attorney or client-signatory who furnished them within ninety (90) days after the dismissal with prejudice is entered. At such originating party's option, a written statement by counsel for a party who has possession of an originating party's Protected Information may instead be supplied to the originating party, certifying that all such Protected Information and all copies, regardless of the format thereof, have been destroyed. Counsel for any party that is dismissed with prejudice from the Litigation shall also thereafter be denied access to Protected Information, unless such counsel is then or thereafter becomes counsel for another party that has not been dismissed from the Litigation. In any case, counsel for any party that is dismissed from the Litigation shall continue to be bound by this Agreement to the extent that counsel had prior access to Protected Information.

16.     The obligations of the parties and their counsel not to disclose Protected Information, except in accordance with this Agreement, shall not be affected by the removal or replacement of counsel for any party.

9