UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO. 05-4182 "K"(2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKINSON |
| § | | |
| § | | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 § | | |
| § | | |

## OPPOSITION TO UNITED STATES OF AMERICA'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' ATTORNEYS KEA SHERMAN AND JONATHAN B. ANDRY SHOULD NOT BE DISQUALIFIED

NOW COMES, Kea Sherman and Jonathan B. Andry, who submit this Opposition to the United States of America's ("USA") *Motion for Order to Show Cause Why Plaintiffs' Attorneys Kea Sherman and Jonathan B. Andry Should Not Be Disqualified* (Doc. No. 18696), and in support thereof state:

1. Kea Sherman is a member in good standing of the bar of the State of Louisiana and this Court;

2. Jonathan B. Andry is a member in good standing of the bar of the State of Louisiana and this Court;

3. Without warning, at approximately 5:15 p.m. Tuesday, April 28, 2009, and during the Government's cross examination of a witness that Mr. Andry had just finished examining on direct, Mr. Andry and the Court were advised by Robin Smith of the filing of a Motion to Disqualify Mr. Andry and Ms. Sherman from this matter.

4. Robin Smith represented to the Court that the USA had not yet "ascertained" the facts, but was filing a motion in the event of a "potential" conflict of interest. *See* attached Exhibit 1. **Mr. Smith, as an officer of this Court, specifically declared,** "We became aware of this conflict or potential conflict late last week and we sought guidance from our professional advisory office. We just received their report today advising us to go ahead and file this. **It's an issue for the Court to look into. It's not something for us to determine. We can't do it. We don't know the facts.**" (emphasis added)

5. At page 1 of the Memorandum (Doc. 18696-2) in Support of its motion, Mr. Smith and other Government lawyers represented "Within the last few days, the United States has become aware of a potential conflict of interest for Plaintiffs, Kea Sherman."

6. The USA's motion must fail and should be summarily denied by this Court for three independent reasons. First, the motion is based on a phantom conflict. The entity that Ms. Sherman formerly represented, Jefferson Parish, has never been a party to the instant litigation, and therefore Ms. Sherman never obtained any information that could prejudice the USA's interest. Second, the USA expressly waived any right to disqualification when it entered into a joint defense agreement with Ms. Sherman's former client. Third and finally, the USA's motion is untimely, as the USA waited until after the commencement of trial, and many months after it first learned of the alleged conflict, before seeking disqualification.

## NO CONFLICT EXISTS

7. From approximately the month of July 2007 to the month of April, 2008, Ms. Sherman was employed by the Law Firm of Burglass & Tankersley who at one or more times during that period of time had as one of its clients the Parish of Jefferson, Louisiana.

8. Commencing May, 2008, Ms. Sherman became an employee of the Andry Law Firm, L.L.C., which is the law firm of Jonathan Andry.

9. Within the *In Re: Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182, and in particular regarding the *Robinson* suit, Docket No. 06-2268 or the MR-GO Master Class Action Complaint (Document No. 3415) none of the plaintiffs in either of those complaints (*Robinson* or the class representatives in the MR-GO Class Action Complaint) ever sued the Parish of Jefferson. Moreover, this Court previously instructed the parties in open court that the *Levee* litigation, had no bearing on the MRGO litigation. *See* Trial Transcript of April 21, 2008 at Pages 72-73 (Court's comments noting, by way of metaphor, the importance in the instant case of negligence that is extrinsic to levees and levee design), attached as Exhibit 2.

10. Accordingly, no "former client" of Kea Sherman has been sued in the relevant actions described in the preceding paragraph.

11. Neither Mr. Andry, Ms. Sherman, nor the Andry Law Firm, L.L.C. are an attorney for any plaintiff in any matter related in paragraph 9 in any action against the Parish of Jefferson.

12. No conflict of interest exists under any rule, statute, or custom, but even if one did;

## THE USA EXPRESSLY WAIVED ANY CONFLICT AND THE RIGHT TO SEEK DISQUALIFICATION EVEN IF THERE WAS A CONFLICT

13. The United States of America was, by its own admission, a party to a joint defense agreement (Doc. 18696-3) which expressly states at page 11:

> "20. Any conflict of interest arising out of the sharing of Protected Information under this agreement is waived. ***Each party and its counsel expressly waive any right to seek the disqualification of counsel for any other party or parties to this Agreement*** in the Litigation or in any substantially related future litigation, on the grounds that such attorney has received Protected Information shared under this Agreement. The parties to this Agreement expressly **agree not to seek such disqualification of an attorney under any applicable statute or code**, whether existing or proposed, under any formal or informal rule of court, or under any state or federal common law rule, **including but not limited to, the Louisiana Rules of Professional Conduct**, and the jurisprudence concerning confidential information and conflicts of interest under the federal common law, including the "substantially related" test. (Emphasis added)
>
> ***
>
> 23. Nothing in this Agreement shall establish any agency, joint venture, partnership or similar relationship among or between any of the parties to this Agreement.

14. In any event, this joint defense and cost share agreement is limited by its express terms to the LEVEE Litigation (see page 2 of Doc. 18696-3), line 9 and perhaps other litigation that has not been shown to be relevant.

15. Further, the terms of the agreement indicate that its purpose "is to address the joint retention of experts in connection with the **class certification** phase of the litigation..." (Emphasis added)

## EVEN IF A CONFLICT EVER EXISTED IN THE PAST, MUCH LESS NOW, THE MOTION OF THE USA IS UNTIMELY

16. While the lawyers for the USA have represented that it is only within the last few days the USA has become aware of a potential conflict, in fact and in reality, lawyers for the USA in this case were clearly aware of this alleged conflict as far back as the 2nd of October, 2008, when Kea Sherman in fact attended two depositions on behalf

of the Robinson plaintiffs and/or the putative class representatives in the MR-GO Master Class Action Complaint. *See* Exhibit 3, which is the cover sheets from the depositions that Ms. Sherman attended evidencing the presence of the government attorneys including lead trial counsel Robin Smith. Notably, Ms. Sherman appeared at a deposition on April 9, 2008 as counsel for Jefferson Parish where the USA's lead counsel, Robin Smith, was also in attendance. USA was therefore aware of Ms. Sherman's previous representation of Jefferson Parish at the time she appeared in this litigation on behalf of the *Robinson* plaintiffs in early October, 2008.

17. In fact, one of the attorneys affiliated with the interests of the *Robinson* plaintiffs, Brendan O'Brien, who has been admitted *pro hac vice* to this Court, attended a deposition taken in the *Robinson* matter on the 2nd of October, 2008, when one or more of the attorneys for the USA, U.S. Department of Justice, were overheard by him (and by Kea Sherman) to say to Ms. Sherman a clear acknowledgment then that she was understood by them to now be a lawyer not for the Parish of Jefferson, Louisiana, but a lawyer now for the *Robinson* plaintiffs. At that deposition there was joking amongst all individuals present in the room that Ms. Sherman had "joined the dark side." The foregoing is evidenced by the attached Affidavits of Brendan O'Brien (attached as Exhibit 4) and Kea Sherman (attached as Exhibit 5).

18. Ms. Sherman's acknowledged presence on behalf of the plaintiffs at the October 2, 2008 deposition unequivocally establishes that the USA's statement in its motion to disqualify that it became aware of the potential conflict "within the last few days" is false.

19. The law is clear that a party may not simply wait until an opportune moment before attempting to disqualify opposing counsel. "Disqualification of counsel is an equitable remedy which may be barred by laches." *In Re: Internet Navigator, Inc.*, 293 B.R. 198, 207 (N.D. Iowa 2003). Moreover, under Fifth Circuit precedent, "one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Travelers Ins. vs. Liljeberg Enters*, 38 F.3d 1404, 1410 (5th Cir. 1994). Here, the USA has waited more than six months before seeking disqualification. The USA's inexcusable delay in seeking disqualification of Mr. Andry and Mr. Sherman should result in a summary denial of the Defendant's motion.

### TIME AND EFFORT TO OPPOSE THE MOTION OF THE USA

20. Within thirty (30) minutes of the adjournment of Court on the 28th day of April, 2009, Mr. Andry, Ms. Sherman, nine other lawyers, three paralegals, and outside ethics counsel began researching and organizing information in order to respond to the Motion to Disqualify filed by the USA.

21. The USA, in what can only be seen as an attempt to gain an improper advantage at trial, filed this motion to disqualify. It is important for this Court to be cognizant of

the fact that this motion was filed at 5:15 p.m., in the middle of the examination of the plaintiffs' damages expert and on the eve of the day that the plaintiffs indicated to the defendant that the plaintiffs would be resting. The plaintiffs devoted substantial resources to respond to this baseless motion because of the serious allegations made therein and to address the issues presented in the motion in an expeditious way so as not to upset this trial. While the cost of responding to this baseless motion have not been totaled, they can and will be substantial, in addition to time spent in support of the Motion for Sanctions under Rule 11 that Ms. Sherman and Mr. Andry will be filing against the lawyers for the USA and the USA.

### **THE COURT IS EMPOWERED TO SUMMARILY DENY USA'S RELIEF**

22. Through its motion the USA asked that Mr. Andry and Ms. Sherman show cause, if any, why they should not be disqualified. In opposition, Mr. Andry and Ms. Sherman have attached their respective affidavits, the affidavits of Brendan O'Brien and Mr. Elwood Stevens, as well as other evidence indicating the USA's claim of a potential conflict is factually baseless. *See* Exhibit 6 (Andry Affidavit), Exhibit 5 (Sherman Affidavit), Exhibit 4 (O'Brien Affidavit), and Exhibit 7 (Stevens Affidavit). Furthermore, Mr. Andry and Ms. Sherman have attached the affidavit of Mr. Basile Uddo as Exhibit 8.

23. The burden of proving disqualification of an attorney or other officer of the court rests on the party making the challenge. *See Brasseaux v. Girouard*, 214 So.2d 401 (La.App. 3d Cir.), *writ refused*, 253 La. 60, 216 So.2d 307 (1968); *Schweiker v. McClure*, 456 U.S. 188, 196, 102 S.Ct. 1665, 1670, 72 L.Ed.2d 1 (1982). As demonstrated above, the USA utterly failed to satisfy its burden in its efforts to disqualify the plaintiffs' counsel.

24. Ample federal authority demonstrates that this Court enjoys wide latitude to deny the USA's motion. *See Harker v. Commissioner*, 82 F.3d 806, 808 (8th Cir.1996). Indeed, absent a statutory requirement (which the USA does not allege), this Court has discretion to deny an obviously baseless motion to disqualify without first having to hold a hearing. *Anderson v. Gibson, Dunn & Crutcher*, 985 F.2d 571 (9th Cir. 1993).

25. Based on the foregoing, as well as the attached affidavits and supporting materials, undersigned counsel respectfully requests that the USA's motion should be denied.

Thus done and signed on this 28th date of April, 2009.

---
JONATHAN B. ANDRY

---
KEA SHERMAN