UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES §    CIVIL ACTION
       CONSOLIDATED LITIGATION      §      NO. 05-4182 "K"(2)
                                           §      JUDGE DUVAL
                                           §      MAG. WILKINSON
                                           §
                                             §
PERTAINS TO: MRGO, Robinson, No. 06-2268 §
                                             §

## AFFIDAVIT OF KEA SHERMAN

I, Kea Sherman, under penalty of perjury, state as follows:

       I was previously employed by Burglass and Tankersley from July, 2007 through April, 2008.

       During this time period, Burglass & Tankersley represented Jefferson Parish In Re: Katrina Canal Breaches Consolidated Litigation (Levee).

       My role as an associate with the firm was limited to occasional attendance at depositions as an observer.

       While attending these depositions, I took no active role and asked no questions. I was merely an observer.

       Movants refer in their motion to an interaction with a jointly retained expert witness in preparation of his deposition.

       The movants at page 1 reference, "Ms. Sherman participated in at least one meeting where counsel for various defendants prepared a jointly retained expert witness for his deposition the next day.

       The expert, Paul Kuhlmeir, was a Katrina Levee class certification expert and my interaction with him was limited to a simple tour of the area around the levee breaches and observed the high water marks outside of a few homes.

       Following the tour, I along with the other participants adjourned to a conference room where the participants, but not I, discussed the expert depositions scheduled for the next day. The tour and discussion that followed centered around the expert's opinion regarding an assessment of individual versus class wide damages. I had no input into the



EXHIBIT 5

meetings. While at the meeting, I learned nothing of a confidential nature that was not disclosed at the deposition of Mr. Kuhlmeir.

During my employment at Burglass and Tankersley, I had no participation in any discussion; I read no reports, I participated in no manner, regarding any fact or question pertaining to the litigation presently before this court.

At no time did we discuss the design, construction, maintenance, or operation of the MRGO, or the responsibility of the Corps of Engineers, the United States of America or any federal agency.

During my employment with Burglass & Tankersley, I never acquired or had access to any confidential or potentially confidential information and/or document listed or used by any party in the Robinson litigation and/or MR-GO Litigation.

During my employment with Burglass & Tankersley, I did not meet, interview or consult with any employee or representative of the Army Corps of Engineers nor did I acquire any documentation or information from anyone employed by, associated with or representing the US Army Corps of Engineers.

The extent of my employment at Burglass & Tankersley was limited to monitoring depositions in the Katrina Litigation and reporting the substance of those depositions to my supervising attorney at all times relevant hereto, Jefferson Parish was not a defendant in any case in the Federal In Re: Katrina umbrella.

At all times relevant hereto, I never met with any representative of Jefferson Parish. I was never privy to any conversation with lawyers at Burglass and Tankersley wherein I was provided and/or subject to confidential and/or privileged information concerning their representation of Jefferson Parish.

In April 2008, I informed Burglass and Tankersley that I had been offered a position as an associate with the Andry Law Firm.

Dennis Phayer, an attorney with the firm overseeing the Katrina Levee Litigation was aware that the Andry Firm represented the Plaintiffs in the MRGO Robinson Litigation.

Mr. Phayer informed me that he viewed no conflict with my change of employment.

Relying on this information, I informed the Andry Firm of my previous employer's acquiescence regarding my acceptance of their employment offer.

*[signature]*

Kea Sherman, Esq.
La. Bar # 30299

*Sworn to w/ Subscribed before me the undersigned writing this the 28th day of April, 2009*

*[signature]*