STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the duly authorized undersigned authority, personally came and appeared:

BASILE J. UDDO

Who, being by me first duly sworn, did depose and state that:

1.    Affiant is a member of the Bar of the State of Louisiana, and specializes in the field of Ethics and Professional Responsibility. A copy of his curriculum vitae is attached hereto as Exhibit A. Affiant has extensively lectured and has been accepted as an expert in the field of professional responsibility in state court and has served as ethics counsel to numerous attorneys and groups of attorneys in federal court litigations located in the State of Louisiana.

2.    Since as early as 2005, Affiant has been retained by most of the members of the Robinson trial team and the MRGO PSLC as ethics counsel.

3.    Affiant has read the United States of America's Motion for Order to Show Cause Why Plaintiffs' Attorneys Kea Sherman and Jonathan B. Andry Should Not Be Disqualified, Document No. 18696, filed on April 28, 2009.

4.    Affiant understands that the United States of America complains that pursuant to Rule 1.9 of the Louisiana Rules of Professional Conduct, Kea Sherman should be disqualified as a result of her prior representation of the Parish of Jefferson.

5.    **In my professional opinion**, based upon facts presented to me by plaintiffs' counsel, that Ms. Sherman has not violated Rule 1.9 since:

    a.    The Parish of Jefferson is not a party defendant in any of the litigation consolidated under the matter entitled In Re: Katrina Canal Breaches Consolidated Litigation, generally, nor in the MRGO litigation, nor the stand alone Robinson litigation.

    b.    In representing the Parish of Jefferson, she represented a party to state court litigation, not connected to nor in any way related to the In Re: Katrina Canal Breaches Consolidated Litigation or the Robinson litigation.

c. Ordinarily the issue of disqualification under Rule 1.9 would be raised by the client whose interests the rule protects.    d.    Ms. Sherman, in connection with her representation of the Parish of Jefferson, did not become privy to any material or confidential information that can be used against the Parish of Jefferson or any parties to the Joint Defense Agreement to which the United States is a party.

6.    Affiant understands that the United States of America further complains that the Parish of Jefferson was a party to a Joint Defense Agreement to which the United States was also a party, and that as a result of the existence of that agreement, Ms. Sherman is subject to disqualification.

7.    **In my professional opinion** Ms. Sherman is not bound by the Joint Defense Agreement since:



    a.    It is my understanding that Ms. Sherman is not a signatory to that agreement;

    b.,    The existence of that agreement executed by the Parish of Jefferson on or about July 25, 2007 has never been called to her attention.

8.    Even assuming that Ms. Sherman was a party to the Joint Defense Agreement or had prior knowledge of its existence, it is my understanding that none of the information to which she was made privy in connection with the deposition preparation and site inspection of Dr. Kuhlmeier, an expert called in connection with the Levee Class Certification hearing, involved either directly or indirectly, any fact or expert opinion at issue in the Robinson or MRGO litigation, nor was the information material to these cases.

9.    **In my professional opinion**, even if bound by the Joint Defense Agreement, Ms. Sherman committed no ethical breach warranting disqualification since:

    a.    I am informed that the information relating to the deposition of Dr. Kuhlmeier in 2007 related solely and exclusively to issues related to class certification in the Levee litigation, which involved facts and opinions that are not at issue in, or substantially related to, either the MRGO or Robinson litigation.

    b.    I am informed that there are repeated references in the transcript of the first seven days of trial drawing very clear and distinct lines of demarcation between the Levee Litigation on the one hand and the Robinson Litigation on the other.

10.    Affiant is informed that the Government knew or should have known in advance of the commencement of the Robinson trial the facts that form the basis of its motion filed well after the commencement of the trial. The weight of federal precedent requires that such motions be raised at the earliest time after discovery of the facts allegedly supporting disqualification.

_____
BASILE J. UDDO

Sworn to and subscribed before me, Notary, this 28th day of April, 2009.

_____
Frank C Dudenhefer, NOTARY PUBLIC
NOTARY # 5117
Commissioned for Life.