UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES   * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION   * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson   * | | MAG. WILKINSON |
| (No. 06-2268)   * | | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' MOTION TO COMPEL**
re: Reliance Materials of Defendant's Expert Johannes Westerink

**MAY IT PLEASE THE COURT**:

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in accordance with the provisions of Fed.R.Civ.P. 37 (a) (1) and (2) (B), respectfully move this Honorable Court for an Order compelling the defendant United States of America to produce defendant expert Johannes Westerink's reliance materials as specified by previous court orders and as specified in each defense experts' Notice of Deposition, for the reasons more fully set forth below.

I.

At the heart of the current dispute is evidence of four (4) ADCIRC model runs performed by Dr. Westerink in formulating his opinion in the above referenced matter. However, Plaintiffs are only in possession of the data for one of these runs.

## II.

As the Court is aware, there is a long history of discovery obligation transgressions perpetrated by the defendant United States, beginning with the deadline for it to first produce its expert reports and reliance materials. Intentional or otherwise, the defendant's conduct results in the same prejudice to the Plaintiffs; substantial efforts have been undertaken to ameliorate this prejudice, but ultimately Plaintiffs are only able to identify missing data after a systematic evaluation of the materials produced is performed.

## III.

As the Court will learn during the defendant's case in chief, Dr. Westerink performed service to the defendant's expert team by utilizing the ADCIRC model to establish parameters that other defense experts Bruce Ebersole and Donald Resio utilized to develop their opinions. Curiously, Mr. Ebersole combined a multiplying factor to Dr. Westerink's information to correlate the ADCIRC outputs to the known factors regarding high water mark during hurricane Katrina.

Plaintiffs have now identified that there were multiple ADCIRC runs performed by Dr. Westerink (at least four (4)); however, it appears that the defendants have only produced the data for one run.

## IV.

As the Court can see from the depositon transcript excerpts of Dr. Westerink, Plaintiffs seek confirmation of the background for Dr. Westerink's ADCIRC runs relied upon to derive maximum peak surge and peak surge timing. (See Exhibit 1 - Dr. Westerink transcript, pgs. 143-152). The specific request for this information is contained on p. 146, l.2-23 and p. 151, l. 7-24.

**V.**

Upon follow up inquiry by Plaintiffs, defendant has consistent stated that all materials have been produced. Diligent investigation of voluminous materials reveals this to be incorrect.

Because defendants have failed to produce the reliance materials for only one of at least four (4) ADCIRC runs, Plaintiffs have had no choice but to file the current Motion to Compel.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion to Compel.

**Respectfully Submitted,**

**APPROVED PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 30th day of April, 2009.

    /s/ Joseph M. Bruno
Joseph M. Bruno