UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____§ | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| _____§ | | |

**UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION
TO STRIKE LAY WITNESS PETE LUISA FROM DEFENDANT'S WITNESS LIST**

　　　While preparing its Final Witness List, the United States learned, on Friday, March 27, 2009, of an Army Corps of Engineers employee, Pete Luisa, who could provide relevant testimony in this matter. The next business day, the United States notified one of Plaintiffs' lawyers that it intended to include Mr. Luisa on its Final List of Witnesses and would make him available for deposition at Plaintiffs' convenience. *See* Ex. A. On April 3, 2009, the United States timely filed its Final List of Witnesses, and Mr. Luisa was included. *See* Doc. 18439 at 3.

　　　The United States expects Mr. Luisa to testify concerning issues central to its discretionary function defense, including how the United States determines which existing projects will be funded over others that are competing for the same, limited funds. Mr. Luisa's testimony is essential for this Court, *in this trial*, to be fully apprised of the scope of the United States's discretionary function immunity.

1

Notwithstanding the obvious probative value of Mr. Luisa's testimony, Plaintiffs seek to strike him from the Final List of Witnesses that was timely filed by the United States. In doing so, Plaintiffs present three primary arguments, none of which has merit. First, Plaintiffs argue that Mr. Luisa was not timely disclosed, in violation of Case Management Order ("CMO") No. 4 and Rule 26 of the Federal Rules of Civil Procedure. In identifying Mr. Luisa on its Final List of Witnesses and disclosing him immediately after discovering that he could offer relevant testimony, the United States violated neither of those provisions. Second, Plaintiffs claim that Mr. Luisa should not be permitted to testify because his testimony may overlap with the testimony of a different person who served as a 30(b)(6) witness for the United States on a similar topic. Not only is this argument wrong as a matter of fact, but also it is without any legal support whatsoever. Finally, Plaintiffs claim that Mr. Luisa's testimony will not be relevant because they expect him to offer impermissible lay opinion testimony with respect to how the levees performed during Hurricane Katrina. Again, this argument is simply wrong factually. The Court should therefore reject Plaintiffs' attempt to obfuscate the truth and allow the Parties to create a complete record to assist this Court, and any reviewing courts, in making the difficult decisions that lie ahead.

**I.      The United States Disclosed Mr. Luisa In A Timely Manner**

First, the United States disclosed Mr. Luisa in a timely manner when it filed its Final List of Witnesses, *see* Doc. 18439 at 3, and nothing in CMO No. 4 required the United States to have acted differently than it did.[1] Obviously, until it knew that Mr. Luisa possessed relevant facts, it

---

[1] Plaintiffs' reliance on CMO No. 4 is particularly misplaced given the Court's recent observations that this case has been controlled by a separate case management order than the Class Action cases and that CMO No. 4 only mentioned *Robinson*.

was simply not possible for the United States to have disclosed him.  Then, within one business day of learning that he was a person with relevant knowledge, the United States disclosed Mr. Luisa to Plaintiffs.

A decision whether to exclude an allegedly untimely witness is governed by four factors: "'(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'"  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

The first factor favors the United States, as it did not identify Mr. Luisa sooner than it did because it was not aware of his relevant testimony.  Only in the course of preparing other witnesses for trial did the United States become aware of Mr. Luisa, and when it did so, it immediately disclosed him to Plaintiffs—still more than three weeks before trial—in its timely filed Final List of Witnesses.

The second factor—the importance of the testimony—also favors the United States.  Mr. Luisa is expected to testify regarding the process by which the Army Corps of Engineers, in conjunction with the Office of Management and Budget, determines which projects should receive priority funding over others.  This process—grounded in economic, social, public safety, and political considerations—is critically important for the Court to understand when it considers the discretionary function defense asserted by the United States.

The third factor—prejudice to Plaintiffs—also plainly favors the United States.  Simply stated, Plaintiffs will suffer *no* prejudice should Mr. Luisa be permitted to testify.  His will testify about a process with which he is intimately familiar as a result of his employment, and his

testimony is not the type of which can be rebutted by another fact witness.  In short, while Plaintiffs may not like what Mr. Luisa has to say, they will suffer no *legal* prejudice as a result of his saying it to the Court so that the Court may be fully informed.

Finally, while the circumstances do not allow for a continuance to cure any prejudice suffered by Plaintiffs, the Court could permit Plaintiffs to take Mr. Luisa's deposition before he testifies.  Indeed, since disclosing Mr. Luisa on March 30, the United States has thrice offered to make Mr. Luisa available for deposition.  *See* Ex. A; Ex. B; Ex. C.  Given that Plaintiffs will suffer no prejudice should Mr. Luisa be permitted to testify, permitting Plaintiffs to take his deposition now, as they could have done weeks ago, should ameliorate any concerns the Court might have.

For these reasons, a decision to exclude Mr. Luisa's testimony would constitute an abuse of discretion and could require reversal of a judgment against the United States.  *See Betzel*, 480 F.3d at 707-10 (reversing and remanding based on holding that the district court abused its discretion by excluding expert witnesses who had been untimely designated "nearly three months" after the deadline).[2]

---

[2] Plaintiffs cite to two cases for the proposition that the Court would be "within its discretion in striking the witness from the witness list."  *See* Doc. 18693-2 at 6 (citing to *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003) and *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. 2004)).  Neither of these cases stand for the proposition for which Plaintiffs cite them, as they involved the striking of witnesses who had *not* been included on the offering party's witness list.  In *Positive Black Talk*, the court found no abuse of discretion because the witnesses' testimony would not have been probative and the offering party had "failed to include the witnesses on its pre-trial witness lists."  *See* 394 F.3d at 378.  In *Singer*, the court's ruling likewise turned on the fact that the offering party "had never included [the witness] on its witness list."  *See* 324 F.3d at 822.  Here, in contrast to the facts in *Positive Black Talk* an *Singer*, Mr. Luisa would offer highly probative testimony, and he was included on the United States's Final List of Witnesses, *see* Doc. 18439 at 3.

## II. Mr. Luisa's Testimony May Not Be Precluded Solely Because He Was Not Identified As A 30(b)(6) Witness

Plaintiffs appear to argue, *see* Doc. 18693-2 at 3-4, that Mr. Luisa should not be permitted to testify because the evidence he could offer would be similar to the testimony of a 30(b)(6) witness, Zoltan Montvai. Plaintiffs offer no legal support for this argument, and undersigned counsel has found none.

In any event, Plaintiffs are mistaken in their belief that Mr. Luisa's testimony would be cover the same subject matter as Mr. Montvai's 30(b)(6) testimony. Mr. Montvai testified generally regarding the procedures for obtaining "congressional authorization of Civil Works Projects, including decisions on when and how to seek approval for modification in plans that spanned over time." *Id.* at 3. Mr. Luisa, in contrast, will testify regarding the process by which the Corps proposes to Congress how existing projects should be funded each year. This testimony is highly relevant, not duplicative, and should not barred simply because another person was identified as a 30(b)(6) witness with respect to another topic.

## III. Mr. Luisa Will Not Offer Impermissible Lay Opinion Testimony

Finally, Plaintiffs argue that Mr. Luisa should not be permitted to testify because he might attempt to offer impermissible lay opinions regarding the performance of the levees during Hurricane Katrina. *See* Doc. 18693-2 at 4. As explained above, Mr. Luisa's testimony will concern funding issues related to the discretionary function defense presented by the United States. He will not testify concerning how levees performed during Hurricane Katrina. This argument, whatever its legal merit (none), is based on a concern that is simply without foundation.

5

## **CONCLUSION**

So that the record is complete and the Court is able to make a fair ruling with respect to the United States's discretionary function defense, the Court should deny Plaintiffs' motion and permit the testimony of Pete Luisa.

    Respectfully submitted,

    MICHAEL F. HERTZ
    Deputy Assistant Attorney General

    PHYLLIS J. PYLES
    Director, Torts Branch

    JAMES G. TOUHEY, JR
    Assistant Director, Torts Branch

    s/ Jeffrey P. Ehrlich
    JEFFREY P. EHRLICH
    Trial Attorney
    ROBIN SMITH
    Senior Trial Counsel
    Civil Division, Torts Branch
    U.S. Department of Justice
    Benjamin Franklin Station, P.O. Box 888
    Washington, D.C.  20044
    (202) 353-2574 / (202) 616-5200 (Fax)

    Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

I, Jeffrey P. Ehrlich, hereby certify that a copy of the forgoing was served by ECF upon all Parties this day, April 30, 2009.

s/Jeffrey P. Ehrlich
Jeffrey P. Ehrlich