**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: KATRINA CANAL BREACHES**                    **CIVIL ACTION**
**CONSOLIDATED LITIGATION**

                                                     **NO. 05-4182**

**PERTAINS TO: Robinson (06-2268)**                  **SECTION "K"(2)**


**ORDER**

Before the Court is Plaintiffs' Motion to Strike Lay Witness Pete Luisa (Rec. Doc.

18693). The United States has filed an opposition (Rec. Doc. 18710). A decision to strike a

late-designated witness is committed to a district court's discretion. *Geiserman v. MacDonald*,

893 F.2d 787, 791 (5th Cir. 1990). The court reviews four factors in deciding whether to strike

such a witness: "(1) the explanation for the failure to identify the witness; (2) the importance of

the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a

continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir.

2007) (quoting *Geiserman*, 893 F.2d at 791).

The Plaitniffs assert that the Government was late in designating Mr. Luisa as a witness.

According to the Government, Mr. Luisa is an employee of the U.S. Army Corps of Engineers

("the Corps"), and he will testify regarding how the Corps determines its annual funding

recommendations for projects such as the Lake Pontchartrain and Vicinity Hurricane Protection

Plan ("LPVHPP"). The Plaintiffs also allege that the Government will elicit improper expert

opinion from the lay witness. The Plaintiffs further assert that Mr. Luisa's testimony will be

duplicative of another witness from the Corps, Zoltan Montvai, that the Government designated

under Fed. R. Civ. P. 30(b)(6).

The Court finds it inappropriate to strike Mr. Luisa as a witness. Foremost, the Government designated the witness in its final witness list on April 3, 2009. (Rec. Doc. 18439). Technically, this designation was not late. Plaintiffs made no motion to strike until April 28th. It is peculiar that the Government did not become aware of Mr. Luisa until the final month before trial, particularly where he was "right under their nose" as an employee of the Corps. Nonetheless, there is limited prejudice here considering that Mr. Luisa will only be testifying as a fact witness. The Court will not permit any opinion testimony whatsoever to be elicited from him. Furthermore, Plaintiffs were provided the opportunity to depose Mr. Luisa prior to trial either in Washington, DC or in New Orleans, but the Plaintiffs did not take advantage of that opportunity. Rec. Doc. 18710, Ex. A, B, C. The Court, however, will require that the Government make Mr. Luisa available for deposition in New Orleans until his testimony, and he may testify no sooner than the beginning of next week, May 4, 2009. The Government is directed to make every effort to make Mr. Luisa available for deposition at the convenience of Plaintiffs. Lastly, the Court finds no impropriety if the Corps has also designated a Rule 30(b)(6) witness who is testifying to the same issues; however, the parties are forewarned that the Court will take action to limit repetitive testimony. Accordingly,

**IT IS ORDERED** that the Motion to Strike Lay Witness Pete Luisa (Rec. Doc. 18693) is

**DENIED.**

New Orleans, Louisiana, this __30th__ day of April, 2009.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**