UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES         CIVIL ACTION
CONSOLIDATED LITIGATION
                                      NO.: 05-4182

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568,
            05-5237, 05-6073, 05-6314, 05-6324,
            05-6327, 05-6359, 06-0020, 06-1885,
            06-0225, 06-0886, 06-11208, 06-2278,
            06-2287, 06-2346, 06-2545, 06-3529,
            06-4065, 06-4389, 06-4634, 06-4931,
            06-5032, 06-5042, 06-5159, 06-5163,
            06-5367, 06-5471, 06-5771, 06-5786,
            06-5937, 06-7682, 07-0206, 07-0647,
            07-0993, 07-1284, 07-1286, 07-1288,
            07-1289

PERTAINS TO : LEVEE AND MR-GO

## PLAINTIFFS' POST-HEARING MEMORANDUM
## REGARDING APPLICABLE INSURANCE LIMITS AS TO "PREMISES"

This Post-Trial Memorandum is respectfully submitted by Class Counsel on behalf of all Plaintiffs. The question is whether the term "premises" as found in the policy of general commercial liability insurance issued by St. Paul Fire and Marine Insurance Company (hereinafter referred to as

1

"St. Paul") to the Orleans Levee District (hereinafter referred to as "OLD") refers to three separate sites or "premises": the New Orleans Metro flood control structure, the Lower Ninth Ward flood control structure, and the New Orleans East flood control structure.[1]

## ARGUMENT

The Court has been thoroughly apprised of the nature of the dispute discussed herein and Plaintiffs will refrain from repetition of the background of the litigation. Beginning with the original Settlement Agreement, the Court has been advised that the Plaintiffs believe that the settlement relates to three distinct premises insured by the St. Paul. The scope of the issue has been discussed during court hearings, addressed by Joint Stipulations (Doc. #18369), and St. Paul's Post-Hearing Memorandum discussing applicable coverage (Doc. #18610). Thus, the Memorandum presented herein defines the Plaintiffs' arguments as follows:

The word "premises" is ambiguous, must be construed against St. Paul, and coverage must be applicable to all three flood control structures at issue as each structure denotes a "premises."

St. Paul cites a page of the insurance policy, TRV-OLD-00065 (Exhibit 1), as an endorsement of the policy language described on TRV-OLD-00034 (Exhibit 2). The endorsement sets forth how the policy will consider premises, though it does not describe what is meant by the term premises. Notably, however, this same page also describes the endorsement as a "change that broadens coverage."

TRV-OLD- 00034 sets forth the limit of coverage for general liability as $1,000,000 (one million dollars). Plaintiffs contend that the three levee structures are independent, separate structures

---

[1] A fourth levee structure, the New Orleans Westbank flood control structure, did not fail and is not an issue in this memorandum.

2

and that each of them constitutes a separate premises. St. Paul contends that the endorsement means that the three separate levee structures are actually one premises because they are divided by a waterway. The waterways here are the Inner Harbor Navigation Canal and the Gulf Intracoastal Waterway.

The language of the endorsement in question is instructive only to the extent it provides that all premises which share a common boundary or are divided only by a street or roadway, waterway, or railroad right-of-way, will be one considered as one premises. It would be illogical to assume that every foot of these flood control structures which abut each other are bound solely by the waterways described above, and that no other structure, land, building, outhouse, storage shed, office building or other appurtenance lies within the boundaries of the three flood control structures. Even if it were true, the approach to a determination of premises suggested by the insurer invites ambiguity, the resolution of which legally must be construed in favor of the settling plaintiffs.

"PREMISES"

Plaintiffs contend that the term "premises" is confusing and ambiguous under these circumstances. St. Paul states that the failure to define "premises" is of no moment in these proceedings. Yet, the policy in question defines all of the following terms: you, your, and yours; endorsements; act of terrorism; agreed settlement; pollutant; executive officer; fumes, gases, or vapors; permission; protected person; bodily injury; property damage; event; personal injury; advertising; broadcasting; publishing; medical services; suit; offense; law enforcement officer; and dozens of others.

In fact, nearly every page of the policy defines terms that are of importance to the extent of coverage. The first page of the policy defines "you, your, and yours" as the "insured named here,

3

the Orleans Levee District." Rhetorically, one may question " to whom else would it refer?" The definitions of many of the words seem so unmistakable and obvious that one may be skeptical of the competency of an insured. However, the reality is that insurance terms are terms of art and it is patently necessary to define exactly what is meant by these terms in order to stave off misconceptions about coverage.

In this instance, St. Paul attempts to assert that the term "premises" is clear and unambiguous and thus there is no need to define it. Relatively simple research, however, yields several definitions of this term, and none of the definitions included any reference to waterways. The most common definition is one found in Black's Dictionary: an estate, including land and buildings thereon. *Black's Law Dictionary*, p. 1063, (5th Ed. 1979). Other dictionaries define it in similar terms. For instance, Collins defines "premises" as a piece of land together with its buildings. *Collins Essential English Dictionary*, (2nd Edition, Harper Collins Publishers, 2006). "Premises liability" is that liability one incurs when someone is injured on one's premises, which is made up of one's land and its structures or buildings. Therefore, as it is used in this policy, "premises" is not clear and unambiguous and there is a need to define it.

Generally, all of the definitions of premises relate to a structure on land. There is no logical reason why the policy should limit the three separate levee protection systems to one premises. Each of the levee protection systems constitute a structure on land. Each system was built to protect a separate, distinct area of land. None of the definitions of premises implicates waterways. In fact, a waterway is inapposite to premises. Premises constitute land and structures only. OLD does not own or operate or lease the waterways in question. They do not form any part of the premises occupied by OLD. OLD is not liable for injuries occurring on the waterways. To assume that the

waterways formed any part of the premises would negate that statement. If the waterways are not to be considered a part of the premises, why do they limit the coverage?

To add a clause defining three separate structures as one because they may abut a waterway creates an impermissible ambiguity, and any ambiguity in insurance policies must be construed against the insurer that issued the policy and in favor of coverage for the insured. LSA-C.C. art. 2056. It is a question of law determined by the trier of fact. *Andrews v. Columbia Casualty Insurance Company*, 960 So. 2d 134, La. App. 1 Cir., 2007. Ambiguous terms in an insurance contract are construed liberally in favor of the person claiming the coverage. *Westerfield v. LaFleur*, 493 So. 2d 600 (La. 1986).

Theses are clear statements of the law in Louisiana, embodying principles which St. Paul puts forth in its memorandum as well. Thus, the first issue at hand is whether "premises" is ambiguous under these circumstances. If it can be susceptible of more than one meaning, it is ambiguous. *McCarthy v. Berman*, 05-1456 668 So. 2d 721, (La. 02/28/1996). Assuming ambiguity, the second issue is straightforward under well-settled law: the ambiguity must be resolved in a way that favors coverage. *Yarbrough v. Federal Land Bank of Jackson*, 731 So. 2d 482, (La. App. 2 Cir. 3/31/99).

"BROADENS"

St. Paul propounds that an insurance contract must be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988); LSA C. C. art. 2050. Plaintiffs agree. When the endorsement provides that general total limit applies per premises, and this change broadens (emphasis added) coverage, plaintiffs look to TRV-OLD-00034 to determine what is being

5

broadened. There, the general total limit of coverage is $1,000,000. "Broaden" means to become more comprehensive, to expand, extend, widen or increase. *The American Heritage Dictionary*, (4th Ed. Houghton Mifflin Company, 2000).

If the contract is read thoroughly, and if the endorsement broadens or increases coverage, the coverage must be in excess of $1,000,000, or else this would be an ambiguous phrase, subject to more than one interpretation. This particular phrase creates additional ambiguous meaning which must be construed against the insurance company, St. Paul.

## "ADDITIONAL COVERAGE ISSUES"

Class counsel submit that they have thoroughly reviewed all pertinent insurance policies and further contend that they engaged the services of an expert in insurance coverage matters. Class counsel agrees with St. Paul that other types of insurance coverage are not implicated here.

## **CONCLUSION**

The Orleans Levee District comprises four separate flood protection levees. One of these levees is not at issue in these proceedings; the other three failed and give rise to plaintiffs' claims. Each of those three levees is a separate structure that occupies a tract of land. A "premises" is defined exactly in that manner. To contend that a given premises will not be considered as such because a waterway abuts some or all of the land is necessarily to create an ambiguity as to the meaning of the word "premises," because such a contention is inconsistent with common and ordinary definitions of the word. Hence, given this ambiguity, the resulting coverage issue must legally be construed against the insurer, St. Paul. The endorsement added by St. Paul provides that this language broadens coverage, which further supports plaintiffs' position..

6

Accordingly, plaintiffs respectfully request that this Court declare that each of the three levee structures in the litigation constitutes a separate premises and that the proposed class settlement amount be adjusted upward in amount of an additional $2,000,000 to reflect this outcome.

Respectfully submitted:

/s/   Joseph M. Bruno
**JOSEPH M. BRUNO, LA #3604**
**LAW OFFICES OF JOSEPH M. BRUNO**
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


/s/   Gerald E. Meunier

**GERALD E. MEUNIER, LA #9471**
**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WASHAUER, LLC**
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

/s/   James Parkerson Roy
**JAMES PARKERSON ROY, LA #11511**
**DOMENGEAUX, WRIGHT, ROY AND EDWARDS, LLC**
P.O. Box 3668

Lafayette, LA 70502
Telephone: (337) 593-4190
Facsimile: (337) 233-2796

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the captioned matter.

/s/   Gerald. E. Meunier
Gerald E. Meunier