MINUTE ENTRY
DUVAL, J.
APRIL 28, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: Robinson (06-2268) | SECTION "K"(2) |

The following order was sent to the parties by email dated April 28, 2009.  The Court memorializes this order herein:

The Court will hold a hearing tomorrow as soon as practicable to take testimony concerning the allegations lodged in United States of America's Motion for Order to Show Cause Why Plaintiffs' Attorneys Kea Sherman and Jonathon Andry Should Not Be Disqualified.  (Doc. 18696).  It appears to the Court after some research that "the party seeking the disqualification of an attorney bears the burden of proving that disqualification is warranted. *Islander East Rental,* 917 F. Supp. at 508; *see also Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990). ' Disqualification is a severe remedy . . . [t]he courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic.' *Spears,* 797 S.W.2d at 656 (citations omitted)." *Abney v. Wal-Mart,* 984 F. Supp. 526, 528 (E.D. Tex. 1997).  Thus, the burden is on the Government in this instance.  "A party seeking disqualification of an attorney based on the attorney's former representation of the party in a substantially related matter must show disqualification to be appropriate through a specific

delineation of the 'subject matters, issues, and causes of action' common to both representations." *Islander East,* 917 F. Supp. at 510 (quoting *American Airlines,* 972 F.2d at 614); *Abney*, 984 F.Supp. at 529.

Furthermore, "'there are two ways in which a former client may bar an attorney from representing an adverse party. Disqualification can be justified: (1) if "the subject matter of the present and former representation are substantially related', or (2) 'if [movant's] former attorney possessed relevant confidential information in the manner contemplated by [Texas Disciplinary Rule 1.09(a)(2) ]." *Islander East,* 917 F.Supp. at 509 (quoting *In re American Airlines,* 972 F.2d 605, 615 (5th Cir.1992)) (emphasis omitted)." *Id.* at 528.

Bearing that in mind, the Court makes the following observations:

(1) To the Court's knowledge, Jefferson Parish has never been a defendant in the *Robinson* matter.

(2) The *Robinson* matter has been controlled by a separate case management order from the Class Action cases; Case Management Order No. 4 only mentioned *Robinson.*

(3) The issues in *Robinson* are significantly different than the issues in the LEVEE Class Action cases.

Because the Court believes that this matter must be dealt with the utmost urgency considering the tremendous time and expense of the parties and the Court in preparing for and conducting seven full days of trial, the Court has determined that this matter will be handled on an expedited basis.

The Court will hear testimony and/or argument concerning the relationship between any work Kea Sherman performed with respect to witnesses or specific issues related to the *Robinson*

case in her representation of Jefferson Parish or any other information that would indicate a substantial relationship between the work done for Jefferson Parish and the *Robinson* case.

The Court is also interested in when Kea Sherman became associated with the Andry firm and what confidential information covered by the Joint Defense Agreement she may have imparted to Mr. Andry, and if such information was imparted to Mr. Andry, whether he divulged such information to any other person.

The Court is also interested in the timeliness of this motion as it was filed on the seventh day of trial and it is not clear to the Court precisely when the Government became aware of this alleged conflict.

The Court is also interested in why the Government would be considered a client pursuant to Rule 1.09.