UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, Robinson, No. 06-2268 | § | |
| _____ | § | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF WESTERINK RELIANCE MATERIALS

Plaintiffs have moved the Court for an Order "compelling the defendant United States of America to produce its expert's reliance materials, specifically those of Defendant's Expert Johannes [sic] Westerink, as set forth by previous court order and repeated requests by the Plaintiffs." See Plaintiffs' Motion to Compel Discovery (RD 18708). Plaintiffs aver that they "have discovered evidence of four (4) runs of the ADCIRC model performed by Dr. Westerink in preparation of his expert report, but are only in possession of the data for one of these runs." Id. Plaintiffs allegedly seek this data to confirm the "background for Dr. Westerink's ADCIRC runs relied upon to derive maximum peak surge and peak surge timing." RD 18708-2, Para. IV.

The United States has produced all of Dr. Westerink's ADCIRC data and other materials that he relied on in producing his expert report. Plaintiffs' motion arises from a compilation mistake, not from a failure to produce reliance materials. Therefore, the Court should deny Plaintiffs' Motion to Compel Discovery.

## ARGUMENT

ALL OF THE WESTERINK RELIANCE MATERIALS HAVE BEEN PRODUCED.

On March 10, 2009, the United States produced to Plaintiffs all ADCIRC data relied on by Dr. Westerink, and three days later produced the source code for viewing that data. See RD 18078 and RD 18137, respectively. The data composed six scenarios in a format that could be read by Plaintiffs' Windows-based computers. This data included all ADCIRC and STWAVE inputs for six full simulations. Each simulation was composed of three ADCIRC runs (tidal spinup, storm, and storm + waves) and two STWAVE simulations (half-plane and nested full-plane). Total data volume produced to Plaintiffs on March 10, 2009, was approximately 783 gigabytes. A list of every file was also produced. Three days later, the source code used to view the data was produced, as well as an explanation of the data. See Exh. 1; see also Exh. 2 (production synopsis). These productions encompass all of the data relied on by Dr. Westerink in producing his report.

During Dr. Westerink's deposition, Plaintiffs' counsel called his attention to a discrepancy between three plots showing maximum water surface elevations. These plots appear on pages 166 and 167 of Dr. Westerink's report. They are figures 137, 138, and 139. Dr. Westerink agreed that figures 137 and 138 were "from an earlier set of runs" and were

not from "the DOJ runs." See Westerink Dep. at 146, lines 20-23.  He confirmed that "figure 139 was the DOJ run and that figure 139 was produced using the data that was used by other experts.  See id. at 147, lines 13-25.  Including figures 137 and 138 in the report was simply an error that occurred during compilation of the report, as those figures were not created using the data that Dr. Westerink or any of the other experts relied on in forming their opinions.  As Plaintiffs' witness Dr. Paul Kemp explained, Dr. Westerink "every day gets up and makes some changes to his models to improve them, just like any researcher would, and over time they improve and become better.  They are a subject of research for him.  Now, I can't say when he makes a simulation on Wednesday that he's using the same model he used on Tuesday because he's always making improvements."  Daily Trial Transcript Vol. 9 – Afternoon Session at 5:20 – 6:1.

     As Dr. Westerink affirmed during his deposition, "everybody who analyzed data based on this study analyzed data based on the . . . figure 139 run."  Id. at 147, lines 22-25.  Neither he nor anyone else relied on the "earlier set of runs" from which figures 137 and 138 were derived.  The data generated in those earlier runs are not reliance materials.  All data relied on by Dr. Westerink have been produced.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Compel should be denied.

> Respectfully submitted,
>
> MICHAEL F. HERTZ
> Deputy Assistant Attorney General
>
> PHYLLIS J. PYLES
> Director, Torts Branch
>
> JAMES G. TOUHEY, JR.
> Assistant Director, Torts Branch
>
> ROBIN DOYLE SMITH
> Senior Trial Counsel, Torts Branch
>
>  s/ James F. McConnon, Jr.
> JAMES F. McCONNON, JR.
> Trial Attorney, Torts Branch, Civil Division
> U.S. Department of Justice
> Benjamin Franklin Station, P.O. Box 888
> Washington, D.C.  20044
> (202) 616-4400/ (202) 616-5200 (Fax)
> Attorneys for the United States

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on May 4, 2009, I served a true copy of the Defendant United States' Opposition to Plaintiffs' Motion to Compel Production of Westerink Reliance Materials upon all parties by ECF.

s/ James F. McConnon, Jr.
JAMES F. McCONNON, JR.
