UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES			CIVIL ACTION
	CONSOLIDATED LITIGATION
							NO. 05-4182

PERTAINS TO: Robinson (06-2268)			SECTION "K"(2)


## ORDER

Before the Court is Plaintiffs' Motion to Compel the United States to Produce Reliance Materials of Defense Expert Johannes Westerink (Rec. Doc. 18708) ("Mot."). The Government has opposed the motion (Rec. Doc. 18737) ("Opp.").

The Plaintiffs assert that Dr. Westerink completed at least four ADCIRC runs; however, the Government has produced the data for only one run. They allege that Dr. Westerink agreed to produce this data during his deposition of January 28, 2009. Mot., Ex. 1. The Government replies that Dr. Westerink did not rely on those earlier additional runs in producing his expert report. Opp. at 2. Dr. Westerink, as a expert researcher, constantly modifies his data, and thus the data used for the earlier runs was not used in the final version. *Id.* at 3. As such, the Government asserts that it need only turn over the data that was actually used by Dr. Westerink to perform the run that forms the basis for his report. *Id.*

Under Federal Rule of Evidence 705, "[an] expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise." Fed. R. Evid. 705. However, "[t]he expert may in any event be required to disclose the underlying facts or data on cross-examination." *Id.*

In the present motion, the Court finds in favor of the Plaintiffs. Plaintiffs' counsel

1

questioned Dr. Westerink about the earlier runs during his January 2009 deposition. He inquired about the "difference in that contour map" and what would need to be analyzed to evaluate that difference. Mot., Ex. 1 at 2. Dr. Westerink stated that they would "need to look at the values." *Id.* Plaintiffs' counsel asked if the values were "information that was not produced," and Westerink replied that the data had not been produced. *Id.* Soon after, Plaintiffs' counsel again asked about the discrepancies in the runs, and Dr. Westerink stated that the they were from "a slightly different version of the IHNC." *Id.* at 3. Plaintiffs' counsel requested from Dr. Westerink "whatever the data is that you're relying on." *Id.* Dr. Westerink obliged, further stating, "And if there's any corrections required, we can provide those." *Id.* This Court finds that Plaintiffs' counsel plainly asked for data used for the earlier runs. This request was not unreasonable; it concerned data that was used by Dr. Westerink in reaching his final opinion. Furthermore, while this colloquy occurred, counsel for the Government made no objection to Dr. Westerink's offer of the earlier data. As a matter of basic fairness, it is inappropriate to allow Plaintiffs to be deprived of discovery that the Government allowed its own expert to promise. The Court notes that the Government will have the right to use this data to counter any impeachment during redirect examination. Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion to Compel the United States to Produce Reliance Materials of Defense Expert Johannes Westerink (Rec. Doc. 18708) is **GRANTED.** The Government is to produce the data for the other three ADCIRC runs performed by Dr. Westerink.

New Orleans, Louisiana, this __7th__ day of May, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**