UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION                NO: 05-4182 "K"(2)

                                       JUDGE STANWOOD R. DUVAL, JR.
PERTAINS TO: INSURANCE
*Chehardy, 06-1672,*
*Chehardy, 06-1673,*
*Chehardy, 06-1674*

                                       MAG. JOSEPH C. WILKINSON, JR.

## MEMORANDUM IN SUPPORT OF MOTION OF LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIONS TO ENJOIN ENFORCEMENT OF STATE COURT PRELIMINARY INJUNCTION IN PARALLEL STATE COURT CLASS ACTION

### Background

*In re Katrina Canal Breaches Consolidated Litigation*, CA No. 05-4182, as designated by Case Management Order No. 1 issued on July 19, 2006, is the umbrella caption under which all litigation arising out of Hurricane Katrina is to be filed. For case management purposes, CA No. 05-4182 has been divided into several sub-categories, wherein each suit within the scope of this consolidated litigation is placed based on the nature of the claims being brought. **(See CA No. 05-4182, Doc. # 790 - Attached as Exhibit "1")**.

861161.1

One of cases pending within the "Insurance" subcategory is the *Chehardy* case. In *Chehardy*, a Class Action Petition for Declaratory Judgment and Mandamus was originally filed in state court on September 15, 2005 against a large number of insurers including Louisiana Citizens. The case was later removed to the Middle District by three different defendants on September 30, 2005. The three cases were subsequently transferred to the Eastern District on April 4, 2006 where they were consolidated for pretrial purposes with several other cases under the master docket (no. 05-4182) pursuant to the Court's Order on April 11, 2006. On June 2, 2006, an Amended and Restated Complaint was filed in this master docket pertaining to the *Chehardy* cases. The representative claimants alleged, *inter alia*, that Louisiana Citizens and the other insurers breached their duty of good faith in the way they handled the claims arising out of Hurricane Katrina, specifically by failing to "adjust claims fairly and promptly" and by failing to "pay the amount of a claim" in violation of La. R.S. § 22:1220 (currently La. R.S. § 22:1973).

While numerous other cases were consolidated within the "Insurance" sub-category of the *In re Katrina Canal Breaches Consolidated Litigation*, many of these cases have since settled or been dismissed or severed and re-allotted to a different docket. All remaining class actions were then consolidated on March 15, 2007 into the Insurance Master Consolidated Class Action Complaint ("Master Complaint"). **(See CA No. 05-4182, Doc. # 3413 - Attached as Exhibit "2").**

This Master Complaint was filed on behalf of each Louisiana citizen who purchased an "all-risk" insurance contract from one of the named defendant insurers, and who owned or rented property that was damaged or destroyed as a proximate result of winds associated with Hurricane Katrina. There were three distinct classes: The Homeowners Policyholder's Class, The Renter's Class, and The Commercial Class. The Homeowners Policyholder's Class was divided into 63

subclasses - one for each insurer, and Louisiana Citizens was among the insurer defendants listed therein. Included within the class allegations applicable to all of the Homeowners Policyholder's Class were allegations of a bad faith denial of coverage, which included the failure to properly and promptly adjust claims as well as the failure to timely pay claims as provided in La. R.S. § 22:658 and La. R.S. § 22:1220. Accordingly, plaintiffs sought punitive damages and all other relief that may be acquired by law. This includes claims for penalties provided by La. R.S. § 22:658 and La. R.S. § 22:1220. **(See CA No. 05-4182, Doc. # 3413 - Attached as Exhibit "2")**.

There is another significant class action before this Court (in which Louisiana Citizens is a named defendant) that also alleges claims for penalties pursuant to La. R.S. § 22:658 and La. R.S. § 22:1220; *State of Louisiana, etc., et al. v. AAA Insurance, et al.*, C.A. No. 07-5528. **(See CA No. 07-5528, Doc. # 1 Exhibit A-Part 2, ¶¶ 72, 99, and 106 - Attached as Exhibit "3")**. This action was filed by the State of Louisiana, individually and as a class action on behalf of all recipients of funds, as well as all eligible and/or future recipients of funds through the Road Home Program, as a result of damages suffered by the passage of Hurricanes Katrina and Rita. Like the Master Complaint in *In re Katrina Canal Breaches Consolidated Litigation*, the "Road Home" plaintiffs, among other things, pray for the recovery of penalties and costs, based on the insurance company defendants' alleged failure to properly, reasonably, and timely adjust and pay the Road Home recipients' claims under the provisions of La. R.S. 22:658 and 22:1220. **(See CA No. 07-5528, Doc. #1, Exhibit A-Part 2, ¶¶ 72, 99, and 106 - Attached as Exhibit "3")**.

The State of Louisiana case began in state court, was later removed to this District as Civil Action No. 07-5528, and then, by Order dated September 18, 2007, was consolidated before this Court under the umbrella of *In Re: Katrina Canal Breaches Consolidated Litigation*, and redesignated as the "Road Home" sub-category. **(See CA No. 07-5528, Doc. # 6 -**

**Attached as Exhibit "4").** There, it remained subject to this Court's jurisdiction and case management for over a year. On April 17, 2009, the Road Home case was deconsolidated from the *In Re: Katrina Canal Breaches Consolidated Litigation* and transferred to Judge Barbier. **(See CA No. 07-5528, Doc. # 22 - Attached as Exhibit "5")**

Based on the aforementioned class actions pending before this Court in the *In re Katrina Canal Breaches Consolidated Litigation* and previously pending before this Court in the "Road Home" litigation, the Eastern District has jurisdiction over Louisiana Citizens and its policyholders for all claims related to the passing of Hurricanes Katrina and Rita.[1]

Louisiana Citizens' motion is directed at the following parallel state court action:

> *Geraldine Oubre and Linda Gentry on their behalf, as well as others similarly situated v. Louisiana Citizens Fair Plan*, and currently bearing Docket No. 625-567 on the docket of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, Division "M," (Honorable Judge Henry G. Sullivan, Jr. presiding), by and through their counsel of record, Wiley J. Beevers, BEEVERS & BEEVERS, L.L.P., 210 Huey P. Long Avenue, Gretna, LA   70053; Steven M. Mauterer, BEEVERS & BEEVERS, L.L.P., 210 Huey P. Long Avenue, Gretna, LA 70053, John R. Ates, ATES & ASSOCIATES, 13726 River Road, Suite A, Destrehan, LA   70047; and Fred L. Herman, THE LAW OFFICES OF FRED HERMAN, 1010 Common Street, Suite 3000, New Orleans, LA   70112-2421, sometimes hereinafter referred to as the "*Oubre* State Court Class Action"

While Louisiana Citizens defended itself against the claims presented in these actions, it has, through separate counsel, been extensively involved in defending itself against the claims asserted in the *Oubre* State Court Class Action, which involves the same parties and same claims pending before this Court.

---

[1] Due to the recent deconsolidation order in Road Home, a separate motion is being filed this same date with Judge Barbier in Docket No. 07-5528. Louisiana Citizens respectfully suggests that, given the nature of this motion and this Court's previous extensive management of this complex and consolidated litigation, the Road Home case should be reconsolidated before this Court for the purpose of considering and ruling upon Louisiana Citizens' motion.

4

861161.1

On November 19, 2008, a Preliminary Injunction Order was issued in the *Oubre* State Court Class Action by the Honorable Judge Henry B. Sullivan, Jr., enjoining Louisiana Citizens from acting directly or indirectly: "from taking any action whatsoever to dismiss, compromise or settle any claim or claims of any member or members of the *Oubre* class as defined by this Court in its Supplemental and Amended Judgment on Class Certification, dated July 17, 2006 ... whether a claim or claims for any penalties to which they may be entitled under the provisions of La. R.S. 22:658(A)(3) in any court or in any matter other than Case No. 625-567, ... this court finding that said claims can be dismissed, compromised or settled only with the approval of this Court." (***Oubre* Order for Preliminary Injunction - Attached as Exhibit "6"**).

Louisiana Citizens desires to seek a global resolution of all claims and issues existing between it and its policyholders in the State of Louisiana, as a result of the passage of Hurricanes Katrina and Rita, as it relates to all claims and all causes of action, including, but not limited to, all claims and causes of action for penalties allegedly owed under La. R.S. 22:658 and La. R.S. 22:1220. To that end, Louisiana Citizens, through undersigned counsel, has entered into settlement negotiations with plaintiffs' liaison counsel in this case, with an eye towards reaching a global settlement. The objective is for Louisiana Citizens and plaintiffs' liaison counsel to move forward in this Court with a global settlement of all claims. Plaintiffs' liaison counsel has been involved in extensive and detailed settlement negotiations with other similarly situated defendants over the past 18 months. **(Declaration of Suzanne Don deVille, Exhibit 7)**.

However, Louisiana Citizens' ability to participate in these global settlement discussions and negotiations has been hampered by Judge Sullivan's Preliminary Injunction Order dated November 19, 2008 in the *Oubre* matter. Up to now, due to Judge Sullivan's Order, Louisiana

Citizens has had to exclude the possible settlement of any claims that might be related to the *Oubre* State Court Class Action from its discussions with plaintiffs' liaison counsel. **(Exhibit 7)**.

It is not clear to what extent Judge Sullivan's November 19, 2008 Order was intended to apply to any efforts by Louisiana Citizens to negotiate a global settlement of all claims and causes of action in this Court. Nevertheless, out of an abundance of caution and out of respect to the possibility that Judge Sullivan did intend for his injunction to apply to the proceedings before this Court, Louisiana Citizens requests that this Court enjoin the enforcement of Judge Sullivan's November 19, 2008 Preliminary Injunction as against Louisiana Citizens, its counsel, agents, and employees with regard to any efforts undertaken by Louisiana Citizens to negotiate a global settlement of all claims in this Court.

### Argument

It is well established that a state court is completely without power to restrain federal court proceedings in *in personam* actions. Louisiana Citizens, as a federal court litigant, has the right to pursue any and all federal court remedies available to it as a result of its being made a party to this proceeding. These rights were granted by Congress, and the State of Louisiana is simply without power to take away these federal rights, by contempt proceedings or otherwise. *Donovan v. City of Dallas*, 377 U.S. 408, 412-414 (1964) (state courts are completely without power to restrain federal court proceedings and it does not matter that the prohibition is addressed to the parties and not the federal court itself); and *James V. Bellotti*, 733 F.2d 989, 993 (1st Cir. 1984) ("[i]f the state court were to seek to enjoin the district court proceedings or a court approved settlement thereof, the district court could properly enjoin the state court action").

This Court clearly has jurisdiction over these proceedings, claims and parties, and the authority to issue the requested injunction. Together, the All-Writs Act, 28 U.S.C. § 1651 and the Anti-Injunction Act, 28 U.S.C. § 2238, empower this Court to enjoin this parallel state court

6

861161.1

order in aid of its jurisdiction and as "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Newby v. Enron Corporation*, 338 F.3d 467, 474 (5th Cir. 2003), *citing In Re: Corrogated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir., 1981), quoting *Atlantic C.L.R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970). This authority includes enjoining state court orders when necessary to protect the Court's authority over the management of complex class action litigation and ongoing settlement discussions therein. *In re: Agent Orange Products Liability Litigation*, 996 F.2d 1425, 1431 (2nd Cir. 1993), *cert denied* 510 U.S. 1140; and *In re: Baldwin-United Corp.*, 770 F.2d 328, 337 (2nd Cir. 1985); see also, *Royal Ins. Co. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1299 (5th Cir. 1992) (recognizing the possibility of treating litigation as a res).

Louisiana Citizens requests that this Court grant its Motion to enjoin the enforcement of Judge Sullivan's November 19, 2008 Preliminary Injunction Order enjoining all named and unnamed class members in the *Oubre* matter and all counsel in the *Oubre* matter and the 24th Judicial District Court from taking any action whatsoever to enforce the November 19, 2008 Preliminary Injunction Order based on any actions that are or may be taken by Louisiana Citizens to negotiate or effect a global compromise of all claims and causes of action in this Court, including but not limited to, claims alleged by the *Oubre* class members arising under La. R.S. 22:658 and 22:1220.

WHEREFORE, Louisiana Citizens Property Insurance Company a/k/a Louisiana Citizens Fair Plan, moves as follows:

> That this Court issue the attached Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not be issued to the 24th Judicial District Court and all named and unnamed class members and their

7

counsel, including Wiley J. Beevers, Steven M. Mauterer, John R. Ates and Fred L. Herman, in the matter *Geraldine Oubre and Linda Gentry, on their behalf, as well as others similarly situated v. Louisiana Citizens Fair Plan*, Docket No. 625-567, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, Division "M" (Honorable Henry G. Sullivan, Jr. presiding), restraining them from engaging in any further proceedings, motions or hearings seeking to enforce Judge Sullivan's November 19, 2008 Preliminary Injunction Order as against Louisiana Citizens Property Insurance Company, its counsel, agents or employees, based upon any efforts taken or to be taken by Louisiana Citizens to negotiate a global compromise of all claims and causes of action pending before this Court.

All of which is most respectfully submitted.

DATE:   May 12, 2009.

        BY ATTORNEYS,

        BREAZEALE, SACHSE & WILSON, L.L.P.
        Post Office Box 3197
        Baton Rouge, Louisiana 70821-3197
        Telephone: 225-387-4000
        Fax: 225-381-8029


        _s/ Emile C. Rolfs, III_____
        Emile C. Rolfs, III, (#11431), Trial Attorney
        David R. Kelly (#1457)
        Chris D. Billings (#31621)

        *Counsel for Louisiana Citizens Property Insurance Company*

861161.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO: 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE | JUDGE STANWOOD R. DUVAL, JR.<br><br>MAG. JOSEPH C. WILKINSON, JR. |

## Certificate of Service

I HEREBY CERTIFY that on May 12, 2009, a copy of the foregoing Memorandum in Support of Motion for Temporary Restraining Order and Preliminary and Permanent Injunctions to Enjoin Enforcement of State Court Preliminary Injunction in Parallel State Court Class Action was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record herein by operation of the court's electronic filing system. Additionally, copies of the foregoing were served upon counsel in the *"Oubre"* State Court Class Action, via United States Mail and e-mail or fax transmission, as follows:

Mr. Wiley J. Beevers
Mr. Steven M. Mauterer
BEEVERS & BEEVERS, L.L.P.
210 Huey P. Long Avenue
Gretna, LA 70053

Mr. Fred L. Herman
THE LAW OFFICES OF FRED HERMAN
1010 Common Street, Suite 3000
New Orleans, LA 70112-2421

Mr. John R. Ates
ATES & ASSOCIATES
13726 River Road, Suite A
Destrehan, LA 70047

                                            s/ Emile C. Rolfs, III
                                            Emile C. Rolfs, III (La. Bar No. 11431)

861161.1