200-8970

H/12

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

THE STATE OF LOUISIANA, individually and on behalf of STATE OF LOUISIANA,
DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT
*ex rel* THE HONORABLE CHARLES C. FOTI, JR., THE ATTORNEY GENERAL
FOR THE STATE OF LOUISIANA,
individually and as a class action on behalf of all recipients of funds as well as all eligible
and/or future recipients of funds through The Road Home Program,

The Named Plaintiff,

VERSUS

AAA INSURANCE; AUTO CLUB FAMILY INSURANCE COMPANY; AEGIS
SECURITY INSURANCE COMPANY; AFFILIATED FM INSURANCE COMPANY;
AIG CENTENNIAL INSURANCE COMPANY; AIG CASUALTY COMPANY; AIU
INSURANCE COMPANY; ALDRICH INSURANCE AGENCY, INC.; ALFA
INSURANCE CORPORATION; ALLSTATE INDEMNITY COMPANY; ALLSTATE
INSURANCE COMPANY; AMERICA FIRST INSURANCE COMPANY; AMERICAN
BANKERS INSURANCE COMPANY OF FLORIDA; AMERICAN CENTRAL
INSURANCE COMPANY; AMERICAN EMPIRE GROUP; AMERICAN EMPIRE
INSURANCE COMPANY; AMERICAN EMPIRE SURPLUS LINES INSURANCE
COMPANY; AMERICAN FAMILY INSURANCE; AMERICAN FAMILY HOME
INSURANCE COMPANY; AMERICAN FEDERATED INSURANCE; AMERICAN
FEDERATED INSURANCE COMPANY; AMERICAN FEDERATED NATIONAL
INSURANCE COMPANY; AMERICAN GENERAL PROPERTY INSURANCE
COMPANY; AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY; THE
AMERICAN INSURANCE COMPANY; AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY; AMERICAN MODERN INSURANCE GROUP; AMERICAN
NATIONAL INSURANCE COMPANY; AMERICAN NATIONAL GENERAL
INSURANCE COMPANY; AMERICAN NATIONAL PROPERTY AND CASUALTY
COMPANY; AMERICAN RELIABLE INSURANCE COMPANY; AMERICAN
SECURITY INSURANCE COMPANY; AMERICAN SOUTHERN INSURANCE
COMPANY; AMERICAN SOUTHERN HOME INSURANCE COMPANY; AMERICAN
SUMMIT INSURANCE COMPANY; AMERICAN VEHICLE INSURANCE COMPANY;
AMERICAN WESTERN HOME INSURANCE COMPANY; ANPAC LOUISIANA
INSURANCE COMPANY; ASSURANT; AMICA MUTUAL INSURANCE COMPANY;
ARMED FORCES INSURANCE EXCHANGE; ARROWHEAD GENERAL
INSURANCE GROUP; ASSURANCE COMPANY OF AMERICA; AUDUBON
INSURANCE COMPANY; AUDUBON INSURANCE GROUP; AULTON VANN, JR.
INSURANCE AGENCY; THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT; BALBOA INSURANCE COMPANY; BANKERS
INSURANCE COMPANY; BEACON INSURANCE GROUP; BEST INSURERS, INC.;
CENTRE INSURANCE COMPANY; CENTURY-NATIONAL INSURANCE
COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (LONDON
*MARKET INSURERS*); CHUBB INDEMNITY INSURANCE COMPANY; CHUBB
INSURANCE GROUP; CHUBB CUSTOM INSURANCE COMPANY; CHUBB
NATIONAL INSURANCE COMPANY; CLARENDON NATIONAL INSURANCE
COMPANY; COASTAL INSURANCE ASSOCIATES; THE CONTINENTAL
INSURANCE COMPANY; COUNTRY LIVING INSURANCE, INC.; DIRECTSOURCE
INSURANCE COMPANY; ECONOMY PREMIER ASSURANCE COMPANY;
ELECTRIC INSURANCE COMPANY; EMC PROPERTY & CASUALTY COMPANY;
EMCASCO INSURANCE COMPANY; EMPIRE FIRE AND MARINE INSURANCE
COMPANY; EMPIRE INDEMNITY INSURANCE COMPANY; EMPLOYERS

1

**EXHIBIT**

tabbies

3

MUTUAL CASUALTY COMPANY; ENCOMPASS INDEMNITY COMPANY;
ENCOMPASS INSURANCE COMPANY OF AMERICA; ENCOMPASS PROPERTY
AND CASUALTY COMPANY; ESSEX INSURANCE COMPANY; FARMERS HOME
GROUP; FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE GROUP;
FEDERAL INSURANCE COMPANY; FIDELITY AND CASUALTY COMPANY OF
NEW YORK; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; FIDELITY
NATIONAL INSURANCE COMPANY; FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY;
FIREMAN'S FUND INSURANCE COMPANY OF LOUISIANA; FIRST PREMIUM
INSURANCE GROUP; FOREMOST INSURANCE COMPANY; FOREMOST
PROPERTY AND CASUALTY INSURANCE COMPANY; FOREMOST SIGNATURE
INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICA;
GREAT AMERICAN ALLIANCE INSURANCE COMPANY; GREAT AMERICAN
ASSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW
YORK; GREAT AMERICAN SECURITY INSURANCE COMPANY; GREAT
AMERICAN SPIRIT INSURANCE COMPANY; GREAT AMERICAN INSURANCE
COMPANY; GREAT NORTHERN INSURANCE COMPANY; GUIDEONE
INSURANCE; GUIDEONE MUTUAL INSURANCE COMPANY; GUIDEONE
SPECIALTY MUTUAL INSURANCE COMPANY; HANCOCK METLIFE INSURANCE
AGENCY; THE HANOVER AMERICAN INSURANCE COMPANY; THE HANOVER
INSURANCE COMPANY; HARLEYSVILLE MUTUAL INSURANCE COMPANY;
HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY
INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; HARTFORD
INSURANCE COMPANY OF THE MIDWEST; HARTFORD INSURANCE COMPANY
OF THE SOUTHEAST; HARTFORD INSURANCE GROUP; HARTFORD
UNDERWRITERS INSURANCE COMPANY; HOMESITE INSURANCE COMPANY;
HORACE MANN INSURANCE COMPANY; HORACE MANN PROPERTY &
CASUALTY INSURANCE COMPANY; HSBC INSURANCE COMPANY OF
DELAWARE; INSURANCE BARN; KEMPER AUTO & HOME; KEMPER CASUALTY
INSURANCE COMPANY; LAFAYETTE INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; LIBERTY PERSONAL INSURANCE COMPANY; LIBERTY
MUTUAL FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY; LIGHTHOUSE INSURANCE SERVICES; LM PROPERTY AND
CASUALTY INSURANCE COMPANY; LOUISIANA CITIZENS PROPERTY
INSURANCE CORPORATION; LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY; LOUISIANA FARM BUREAU MUTUAL INSURANCE
COMPANY; LUMBERMENS MUTUAL CASUALTY COMPANY; MARKEL
INSURANCE COMPANY; MARKEL INTERNATIONAL INSURANCE COMPANY
LIMITED; MASSACHUSETTS BAY INSURANCE COMPANY; MERASTAR
INSURANCE COMPANY; MERITPLAN INSURANCE COMPANY; METROPOLITAN
CASUALTY INSURANCE COMPANY; METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY; MISSISSIPPI WINDSTORM UNDERWRITING
ASSN. (MWUA); MUTUAL SAVINGS INSURANCE; MUTUAL SAVINGS FIRE
INSURANCE COMPANY; NATIONAL CASUALTY COMPANY; NATIONAL
FARMERS UNION PROPERTY AND CASUALTY COMPANY; NATIONAL LLOYD'S
INSURANCE COMPANY; NATIONAL SECURITY FIRE AND CASUALTY
COMPANY; NATIONAL SURETY CORPORATION; NATIONAL UNION FIRE
INSURANCE COMPANY OF LOUISIANA; NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA; NATIONWIDE; NATIONWIDE AFFINITY
INSURANCE COMPANY OF AMERICA; NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY;
OMEGA INSURANCE COMPANY; OMEGA ONE INSURANCE COMPANY; PACIFIC
INDEMNITY COMPANY; PROPERTY AND CASUALTY INSURANCE COMPANY OF
HARTFORD; PRIME INSURANCE COMPANY; PRIME INSURANCE SYNDICATE;
PROCTOR FINANCIAL, INC.; REPUBLIC FIRE AND CASUALTY INSURANCE
COMPANY; REPUBLIC INSURANCE COMPANY; SAFECO INSURANCE COMPANY
OF AMERICA; SCOTTSDALE INDEMNITY COMPANY; SCOTTSDALE INSURANCE
COMPANY; SECURITY PLAN FIRE INSURANCE COMPANY; SHELTER GENERAL
INSURANCE COMPANY; SHELTER MUTUAL INSURANCE COMPANY;

SOUTHWEST BUSINESS CORPORATION; ST. PAUL; ST. PAUL'S TRAVELERS INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; ST. PAUL GUARDIAN INSURANCE COMPANY; ST. PAUL MERCURY INSURANCE COMPANY; ST. PAUL PROTECTIVE INSURANCE COMPANY; ST. PAUL SURPLUS LINES INSURANCE COMPANY; THE STANDARD FIRE INSURANCE COMPANY; STANDARD GUARANTEE INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE NATIONAL INSURANCE COMPANY, INC.; STEWART, SNEED & HEWES; TEACHERS INSURANCE COMPANY; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; TRAVELERS CASUALTY AND SURETY COMPANY; TRAVELERS HOME AND MARINE INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS INSURANCE COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY; TRINITY UNIVERSAL INSURANCE COMPANY; TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.; TWIN CITY FIRE INSURANCE COMPANY; UNION NATIONAL FIRE INSURANCE COMPANY; UNITED FIRE AND CASUALTY COMPANY; UNITED FIRE & INDEMNITY COMPANY; UNITED NATIONAL CASUALTY INSURANCE COMPANY; UNITED SERVICES AUTOMOBILE ASSOCIATION; UNITRIN AUTO AND HOME INSURANCE COMPANY; UNITRIN PREFERRED INSURANCE COMPANY; USAA CASUALTY INSURANCE COMPANY; USAA GENERAL INDEMNITY COMPANY; USAA; VIGILANT INSURANCE COMPANY; VOYAGER INDEMNITY INSURANCE COMPANY; VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY; WATERSTREET COMPANY; WESTCHESTER FIRE INSURANCE COMPANY; WESTERN DIVERSIFIED CASUALTY INSURANCE COMPANY; WESTERN WORLD INSURANCE COMPANY; WNC INSURANCE SERVICES, INC.; WRIGHT & PERCY INSURANCE; ZC STERLING CORPORATION; ZC STERLING INSURANCE AGENCY, INC.; ZURICH AMERICAN INSURANCE COMPANY; ZURICH NORTH AMERICA; AND ABC INSURANCE COMPANIES,

The Insurance Company Defendants,

NO.   2007-8970          DIVISION " H "         SECTION: 12

FILED: _____

## THE STATE OF LOUISIANA'S
## FIRST AMENDED AND RESTATED CLASS ACTION PETITION FOR DAMAGES
## AND DECLARATORY AND INJUNCTIVE RELIEF

The State of Louisiana, individually and on behalf of State Of Louisiana, Division Of

Administration, Office Of Community Development ("the State"), through the Honorable Charles C.

Foti, Jr., the Attorney General for the State of Louisiana, and through the undersigned private

independent counsel duly authorized to act for and on behalf of the State, amend and supplement the

original Petition for Damages, and further supplement, amend and restate the allegations as

previously alleged and as plead for herein, on behalf of itself and all affected citizens of the State,

pursuant to Louisiana state law only, as a class action against the named Insurance Company

Defendants for the recovery of funds paid as part of the State's The Road Home Program and for declaratory and injunctive relief, individually and on behalf of all past and present recipients of funds through The Road Home Program and all eligible and/or future recipients of funds through the Road Home Program (hereinafter referred to as "recipients". See list of recipients who have received and/or may be eligible to receive funds through The Road Home Program attached hereto (filed under seal and made a part hereof as Exhibit "A"), whose residences were located in the State of Louisiana, on August 29, 2005, and/or on September 24, 2005, and whose residences sustained damages directly or indirectly from winds, storm surge, rain, and/or water from Hurricanes Katrina and/or Rita, and/or sustained damages from levee failures and breaches after Hurricanes Katrina and/or Rita struck Louisiana, as plead herein, and further avers as follows:

## I. INTRODUCTION

1.    As a result of Hurricanes Katrina and Rita, thousands of recipients' residences were damaged or destroyed. The State brings this action against the named Insurance Company Defendants for recovery of funds expended and anticipated to be expended under The Road Home Program. This action is brought, as more specifically plead herein, to enforce state law contractual obligations owed by the Insurance Company Defendants under "All-Risk" insurance policies (as defined herein to include all forms of insurance policies providing coverage to any recipient's residence) they provided to the recipients for hurricane damage and/or man-made, third-party fault associated with levee failures. Again, this action is brought pursuant to state law only. The State does not bring this action to enforce, challenge or question any provision of any flood insurance policy, any payment or failure to pay under any flood insurance policy; nor does the State bring this action against any federal agency or entity, including FEMA or the Small Business Administration.

2.    Tens of thousands of recipients were affected by Hurricanes Katrina and Rita. Hurricanes Katrina and Rita damaged and destroyed residences all across South Louisiana, including, but not limited to residences in the Parishes of Orleans, St. Bernard, Plaquemine, Jefferson, St. Tammany, Vermilion, Calcasieu and Cameron. The overwhelming majority of residences damaged or destroyed from natural and/or man-made occurrence associated with these two hurricanes were located in Orleans Parish.

3.    On August 29, 2005, the State of Louisiana was hit by Hurricane Katrina. The damages sustained by recipients from man-made and natural events associated with Hurricane

Katrina were unprecedented in the history of this country. One of the nation's largest cities--New Orleans--was nearly totally destroyed. Hundreds of thousands of people living in the Greater New Orleans area were displaced and forced to relocate. Many are still unable to return to their former homes. Thousands of residences were damaged or destroyed by either the winds of Hurricane Katrina or caused by man-made, third-party negligence or fault with respect to the design, construction, engineering, inspection, maintenance, and operation of the surrounding navigable waterway system, including all levees, levee walls, spoilbanks, and/or associated structures.

4.   On September 24, 2005, the State of Louisiana was hit by Hurricane Rita. Hurricane Rita's winds and storm surge also caused damage to thousands of residences of the State. Additionally, thousands of recipients across the entirety of South Louisiana were displaced from their homes by the effects of Hurricane Rita or sustained damages.

5.   In the weeks following Hurricane Katrina, repair work to the failed levees, levee walls, spoilbanks and/or associated structures was commenced and pumps were used to dewater the Greater New Orleans area, and specifically the City of New Orleans. At the time Hurricane Rita struck Louisiana, much of the Greater New Orleans area had been dewatered.

6.   Even though Hurricane Rita made landfall in Southwest Louisiana, it did not spare residences in Orleans Parish damage. In fact, in addition to wind damage, thousands of residences were redamaged when water from levee failures once again inundated portions of Orleans Parish. Specifically, thousands of residences in the Lower Ninth Ward of the City of New Orleans were once again inundated with water when the levees, levee walls, spoilbanks and/or associated structures along the Industrial Canal/Inner Harbor Navigation Canal failed once again.

7.   As a result of the extensive, wide-spread and enormous damage caused to residences and the correlative diaspora of Louisiana citizens from their residences, and in particular, the overwhelming number of which are from Orleans Parish, the State developed and implemented The Road Home Program. The Road Home Program was developed to provide funding through the Program to assist recipients in offsetting their uninsured losses and foster their efforts to rebuild their residences, lives and the communities within which they live.

8.   Under The Road Home Program, recipients are permitted to apply for grants of funds to assist them in rebuilding their damaged residences. The Road Home Program also provides financial grants to purchase severely damaged homes and to provide people with the funds necessary

to relocate to new homes and/or other areas. The total amount of funds any recipient is eligible to receive under The Road Home Program is $150,000.00. Any recipient desiring to receive funds under The Road Home Program had to make written application for funds by July 31, 2007.

9.     As part of the application process, a recipient is required to disclose the total amount of money received from any property or casualty insurer. The State then computes the total amount of funds for which an *eligible recipient may be awarded. Benefits are calculated based upon* standardized values applied to the square footage of the damaged residence. The amount of money received from any property or casualty insurer is deducted from the total calculated amount of funds a recipient is eligible to receive under The Road Home Program. If all other eligibility requirements are met, the net amount remaining in the form of a grant is then distributed to the recipient through a formal process known as a closing.

10.     As of August 13, 2007, The Road Home Program had recorded 183,867 applications. As of the same date, The Road Home Program had conducted 41,071 grant closings, and had calculated the total amount of benefits funded and to be funded exceeds the sum of $7.938 billion. As of July 31, 2007, the overwhelming number of applications received and anticipated recipients of The Road Home Program are from Orleans Parish as compared to any other parish in the State.

11.     As a prerequisite to receiving funds under The Road Home Program, the State requires a recipient to execute, as part of the closing, a document titled The Road Program Limited *Subrogation/Assignment Agreement (hereinafter sometimes referred to as the* "Subrogation/Assignment Agreement") in favor of the State. (A copy of this Limited Subrogation/Assignment Agreement is attached hereto as Exhibit "B", and is incorporated *in toto* by reference herein).

12.     Pursuant to the Subrogation/Assignment Agreement, a recipient assigns, to the extent of the grant proceeds awarded or to be awarded to the recipient, the recipient's claims under any policy of casualty or property damage insurance on the damaged or destroyed residence and provides the State with a right of reimbursement of all insurance proceeds received by the recipient after execution of the Subrogation/Assignment Agreement from said casualty or property damage insurer. Through this Agreement, the State is granted, in its sole and uncontrolled discretion, a right to intervene into any action initiated by a recipient against that recipient's property or casualty insurer. The State is also granted an independent right and cause of action to assert a claim for

6

reimbursement or repayment of The Road Home Program's grant funds against any property or casualty insurer.

13.     For example, if a recipient had a valid policy or policies of insurance covering his or her residence for damages associated with Hurricanes Katrina or Rita, and if that recipient sustained damages covered by that insurance policy or policies and if those insurance proceeds were insufficient to compensate the recipient for the total amount of the loss sustained as a result of Hurricanes Katrina and Rita, that recipient may be eligible to receive a grant of funds under The Road Home Program to assist in making repairs or rebuilding in an amount equal to such uninsured loss, with a cap of $150,000.00. In other words, a recipient may be eligible to receive a grant in a sum of money which would otherwise be covered by insurance proceeds due under the terms of a property or casualty insurance policy but unpaid. In those circumstances the State, by virtue of the assignment described above, has a right to bring a direct action against the insurer of the residence for the total amount of funds paid to the recipient by the State through The Road Home Program which should have been otherwise paid under the terms of the subject insurance policy or policies.

14.     The Road Home Program is a program established by the State and managed, controlled and directed by the State itself. The Road Home Program is administered through the Office of Community Development, Division of Administration, State of Louisiana ("the State"). The State has the express contractual and legal right to recover all funds paid under The Road Home Program.

15.     The Division of Administration, Office of Community Development does not possess a legal existence that is separate or apart from the State of Louisiana itself and does not have the right to sue or be sued in its own name or on its own account. An action on behalf of the Division of Administration, Office of Community Development is necessarily brought in the name of the State.

16.     The State of Louisiana is obligated to protect the health, safety and welfare of its citizens. Pursuant to Article IV, Section 8 of the Louisiana Constitution, the Attorney General of the State of Louisiana is the State's Chief Legal Officer and is granted the power and authority to bring any action on behalf of the State, and is constitutionally charged with the authority to act to protect any right of the State, including any right to recover funds presently or anticipated to be paid to recipients under The Road Home Program, which should have been paid by a property or casualty insurer. Moreover, the State in its sovereign capacity has the right to bring an action for collection of

owed insurance proceeds on behalf of its affected citizens, the largest number of whom reside in Orleans Parish.

## II. PARTIES

17.    The named plaintiff herein is the State of Louisiana, individually and on behalf of State Of Louisiana, Division Of Administration, Office Of Community Development, a sovereign state of the United States of America, and is represented herein by the Attorney General of the State of Louisiana, and by duly authorized independent private counsel.

18.    The Insurance Company Defendants herein are all insurance companies licensed to and providing property or casualty insurance policies (commonly referred to as All Risk policies) for residences in the State of Louisiana, and which provided one or more property or casualty insurance policies  to recipients who have or will receive a funds under the Road Home Program, and who sustained damages and/or losses as a result of natural or negligent, man-made or third-party fault occurrences associated with Hurricanes Katrina and/or Rita, including but not limited to damages resulting from wind, rain, storm surge, water, and/or levee failures, which was covered in whole or in part by said policies.  The Insurance Company Defendants are as follows:

> Auto Club Family Insurance Company; is an insurer domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

> AEGIS Security Insurance Company; is an insurer domiciled in the State of Pennsylvania and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

> Allstate Indemnity Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

> Allstate Insurance Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

> American Bankers Insurance Company of Florida; is an insurer domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.;

> American Empire Insurance Company; is an insurer domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

> Amica Mutual Insurance Company; is an insurer domiciled in the State of Rhode Island and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.;

> Armed Forces Insurance Exchange;  is an insurer domiciled in the State of Kansas and

can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Balboa Insurance Company; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Bankers Insurance Company; is an insurer domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Certain Underwriters at Lloyd's of London (London Market Insurers); is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Chubb Custom Insurance Company; is an insurer domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Electric Insurance Company; is an insurer domiciled in the State of Massachusetts and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Encompass Indemnity Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Encompass Insurance Company of America; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.;

Essex Insurance Company; is an insurer domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Farmers Insurance Exchange; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Fidelity and Deposit Company of Maryland; is an insurer domiciled in the State of Maryland and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Fidelity National Insurance Company; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Fidelity National Property and Casualty Insurance Company; is an insurer domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The Hanover American Insurance Company; is an insurer domiciled in the State of New Hampshire and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The Hanover Insurance Company; is an insurer domiciled in the State of New Hampshire and can be served through its registered agent for service of process, the Louisiana

Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Accident and Indemnity Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Casualty Insurance Company; is an insurer domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Insurance Company of the Midwest; is an insurer domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Insurance Company of the Southeast; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Homesite Insurance Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Horace Mann Insurance Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Lafayette Insurance Company; is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, LEO F. WEGMANN JR. or John A. Rife, 2800 Veterans Blvd., Suite 253
Metairie., LA 70002;

Lexington Insurance Company; is an insurer domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Liberty Mutual Fire Insurance Company; is an insurer domiciled in the State of Wisconsin and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Liberty Mutual Insurance Company; is an insurer domiciled in the State of Massachusetts and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Louisiana Citizens Property Insurance Corporation; is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Louisiana Farm Bureau Casualty Insurance Company; is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, Robert E. Warner, Jr., 9516 Airline Highway, Baton Rouge, Louisiana, 70815;

Louisiana Farm Bureau Mutual Insurance Company; is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, Robert E. Warner, Jr., 9516 Airline Highway, Baton Rouge, Louisiana, 70815;

Markel Insurance Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Meritplan Insurance Company; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Metropolitan Casualty Insurance Company;   is an insurer domiciled in the State of Rhode Island and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Republic Fire and Casualty Insurance Company; is an insurer domiciled in the State of Oklahoma and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Republic Insurance Company; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Safeco Insurance Company of America; is an insurer domiciled in the State of Washington and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Scottsdale Indemnity Company; is an insurer domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Scottsdale Insurance Company; is an insurer domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Security Plan Fire Insurance Company; is an insurer domiciled in the State of Louisiana and can be served through its registered agent for service of process, the Corporate Service Company, 320 Somerulos Street, Baton Rouge, LA 70802;

Southwest Business Corporation; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The Standard Fire Insurance Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

State Farm Fire And Casualty Company; is an insurer domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

State National Insurance Company, Inc.; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Travelers Casualty and Surety Company;  is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Travelers Home and Marine Insurance Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The Travelers Indemnity Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Travelers Insurance Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Travelers Property Casualty Company of America; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Travelers Property Casualty Insurance Company; is an insurer domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

United Fire & Indemnity Company; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

USAA Casualty Insurance Company; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

USAA General Indemnity Company; is an insurer domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Western Diversified Casualty Insurance Company; is an insurer domiciled in the State of New England and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Western World Insurance Company; is an insurer domiciled in the State of New Hampshire and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

ZC Sterling Corporation; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

ZC Sterling Insurance Agency, Inc.; is an insurer domiciled in the State of California and can be served through its registered agent for service of process, the CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

Zurich American Insurance Company; is an insurer domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Family Insurance; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Arrowhead General Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Audubon Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Modern Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary

of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Security Insurance Company; is a foreign insurance company domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Assurant; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Beacon Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;
First Premium Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Foremost Signature Insurance Company; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Federated Insurance; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Best Insurers, Inc.; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Coastal Insurance Associates; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

St. Paul; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Reliable Insurance Company; is a foreign insurance company domiciled in the State of Arizona and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Aulton Vann, Jr. Insurance Agency; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Proctor Financial, Inc.; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Empire Fire And Marine Insurance Company; is a foreign insurance company domiciled in the State of New England and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

GuideOne Insurance; is a foreign insurance company or companies and can be served

through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Insurance Barn; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Kemper Auto & Home; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Stewart, Sneed & Hewes; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American General Property Insurance Company; is a foreign insurance company domiciled in the State of Tennessee and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Summit Insurance Company; is a foreign insurance company domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American National Property And Casualty Company; is a foreign insurance company domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Western Home Insurance Company; is a foreign insurance company domiciled in the State of Oklahoma and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

AAA Insurance; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Aldrich Insurance Agency, Inc.; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

ALFA Insurance Corporation; is a foreign insurance company domiciled in the State of Alabama and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Federated National Insurance Company; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

WNC Insurance Services, Inc.; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Standard Guarantee Insurance Company; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Voyager Indemnity Insurance Company; is a foreign insurance company domiciled in the

State of Georgia and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Omega Insurance Company; is a foreign insurance company domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Mutual Savings Insurance; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Merastar Insurance Company; is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hancock Metlife Insurance Agency; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

EMC Property & Casualty Company; is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Encompass Property and Casualty Company; is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Farmers Home Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Farmers Insurance Group; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Federal Insurance Company; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Fidelity and Casualty Company of New York; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Fireman's Fund Insurance Company; is a foreign insurance company domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Batoa Rouge, LA 70809;

Fireman's Fund Insurance Company of Louisiana; is a Louisiana insurance company domiciled in the State of Louisiana and can be served through its registered agent for service of process, CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

Foremost Insurance Company; is a foreign insurance company domiciled in the State of Michigan and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Foremost Property and Casualty Insurance Company; is a foreign insurance company domiciled in the State of Michigan and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton

Rouge, LA 70809;

Great Northern Insurance Company; is a foreign insurance company domiciled in the State of Minnesota and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Fire Insurance Company; is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Hartford Underwriters Insurance Company; is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

LM Property and Casualty Insurance Company; is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Lumbermens Mutual Casualty Company; is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Massachusetts Bay Insurance Company; is a foreign insurance company domiciled in the State of New Hampshire and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

National Lloyd's Insurance Company; is a foreign insurance company domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Pacific Indemnity Company; is a foreign insurance company domiciled in the State of Wisconsin and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Shelter Mutual Insurance Company; is a foreign insurance company domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

State Farm General Insurance Company; is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Teachers Insurance And Annuity Association of America; is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Tokio Marine & Nichido Fire Insurance Co., Ltd.; is a foreign insurance company and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Trinity Universal Insurance Company; is a foreign insurance company domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Trinity Universal Insurance Company of Kansas, Inc.; is a foreign insurance company domiciled in the State of Kansas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Twin City Fire Insurance Company; is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

United Fire And Casualty Company; is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

United Services Automobile Association; is a foreign insurance company domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Unitrin Auto and Home Insurance Company; is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Unitrin Preferred Insurance Company; is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Vigilant Insurance Company; is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Voyager Property and Casualty Insurance Company; is a foreign insurance company domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Waterstreet Company; is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Zurich North America is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Clarendon National Insurance Company is a foreign insurance company domiciled in the State of New Jersey and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Chubb Insurance Group is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Emcasco Insurance Company is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Employers Mutual Casualty Company is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Wright & Percy Insurance is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Country Living Insurance, Inc. is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Westchester Fire Insurance Company is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

General Insurance Company of America is a foreign insurance company domiciled in the State of Washington and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Great American Insurance Company is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Harleysville Mutual Insurance Company is a foreign insurance company domiciled in the State of Pennsylvania and can be served through its registered agent for service of process; the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Lighthouse Insurance Services is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Lloyd's of London is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Markel International Insurance Company Limited is a foreign insurance company and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Metropolitan Life Insurance Co. (MetLife) is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Metropolitan Property And Casualty Insurance Company is a foreign insurance company domiciled in the State of Rhode Island and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Mississippi Windstorm Underwriting Assn. (MWUA) is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

National Security Fire And Casualty Company is a foreign insurance company domiciled in the State of Alabama and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Nationwide is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Prime Insurance Syndicate is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Union National Fire Insurance Company is a Louisiana insurance company domiciled in the State of Louisiana and can be served through its registered agent for service of process, CT Corporation System R, 8550 United Plaza Blvd., Baton Rouge, LA 70809;

USAA is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

AIG Centennial Insurance Company is a foreign insurance company domiciled in the State of Pennsylvania and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

AIU Insurance Company is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 3851 Essen Lane-State Archives Bldg., Baton Rouge, LA 70809;

Affiliated FM Insurance Company is a foreign insurance company domiciled in the State of Rhode Island and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

America First Insurance Company is a foreign insurance company domiciled in the State of New Hampshire and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Bankers Insurance Company of Florida is a foreign insurance company domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Central Insurance Company is a foreign insurance company domiciled in the State of Missouri an can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Empire Group is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The American Insurance Company is a foreign insurance company domiciled in the State of New England and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Manufacturers Mutual Insurance Company  is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American National Insurance Company is a foreign insurance company domiciled in the State of Texas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Southern Insurance Company is a foreign insurance company domiciled in the State of Kansas and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Vehicle Insurance Company is a foreign insurance company domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

ANPAC Louisiana Insurance Company is a Louisiana insurance company domiciled in the State of Louisiana and can be served through its registered agent for service of process; Howard L. Murphy(Deutsch, Kerrigan & Stiles, LLP, 755 Magazine Street New Orleans , LA 70130;

The Automobile Insurance Company of Hartford, Connecticut is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Centre Insurance Company is a foreign insurance company domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

The Continental Insurance Company is a foreign insurance company domiciled in the State of Pennsylvania and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Directsource Insurance Company is a foreign insurance company or companies and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

Economy Premier Assurance Company is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809;

American Southern Home Insurance Company, is a foreign insurance company domiciled in State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Century-National Insurance Company, is a foreign insurance company domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

HSBC Insurance Company Of Delaware, is a foreign insurance company domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

National Casualty Company, is a foreign insurance company domiciled in the State of Wisconsin and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

National Farmers Union Property And Casualty Company, is a foreign insurance company domiciled in the State of Colorado and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

National Surety Corporation, is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

National Union Fire Insurance Company of Louisiana, is a Louisiana insurance company domiciled in the State of Louisiana and can be served through it registered agent for service of process: Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70816;

National Union Fire Insurance Company of Pittsburgh, PA, is a foreign insurance company domiciled in the State of Pennsylvania and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American Family Home Insurance Company, is a foreign insurance company domiciled in the State of Florida and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American Modern Surplus Lines Insurance Company, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American Federated Insurance Company, is a foreign insurance company domiciled in the State of Mississippi and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

The Travelers Indemnity Company Of Connecticut, is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

The Travelers Indemnity Company Of America, is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Mutual Savings Fire Insurance Company, is a foreign insurance company domiciled in the State of Alabama and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Chubb Indemnity Insurance Company, is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Chubb National Insurance Company, is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Prime Insurance Company, is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American Empire Surplus Lines Insurance Company, is a foreign insurance company domiciled in the State of Delaware and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American National General Insurance Company, is a foreign insurance company

domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

American National Property And Casualty Company, is a foreign insurance company domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

Teachers Insurance Company, is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

AIG CASUALTY COMPANY, is a foreign insurance company domiciled in the State of Pennsylvania and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

EMPIRE INDEMNITY INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Oklahoma and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GREAT AMERICAN ALLIANCE INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GREAT AMERICAN ASSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GREAT AMERICAN SECURITY INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GREAT AMERICAN SPIRIT INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, is a foreign insurance company domiciled in the State of California and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

LIBERTY PERSONAL INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Michigan and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

OMEGA ONE INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Alabama and can be served through its registered agent for service of process,

the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

SHELTER GENERAL INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Missouri and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, is a foreign insurance company domiciled in the State of Connecticut and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

UNITED NATIONAL CASUALTY INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Indiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

ASSURANCE COMPANY OF AMERICA, is a foreign insurance company domiciled in the State of New York and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GUIDEONE MUTUAL INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Iowa and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

KEMPER CASUALTY INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Illinois and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

NATIONWIDE MUTUAL INSURANCE COMPANY, is a foreign insurance company domiciled in the State of Ohio and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, Louisiana 70809;

ST. PAUL'S TRAVELERS INSURANCE COMPANY, is a foreign insurance company

domiciled in the State of Connecticut and can be served through its registered agent for
service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton
Rouge, Louisiana 70809;

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, is a foreign insurance
company domiciled in the State of Minnesota and can be served through its registered
agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd.,
Baton Rouge, Louisiana 70809;

ST. PAUL GUARDIAN INSURANCE COMPANY, is a foreign insurance company
domiciled in the State of Minnesota and can be served through its registered agent for
service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton
Rouge, Louisiana 70809;

ST. PAUL MERCURY INSURANCE COMPANY, is a foreign insurance company
domiciled in the State of Minnesota and can be served through its registered agent for
service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton
Rouge, Louisiana 70809;

ST. PAUL PROTECTIVE INSURANCE COMPANY, is a foreign insurance company
domiciled in the State of Illinois and can be served through its registered agent for service
of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge,
Louisiana 70809;

ST. PAUL SURPLUS LINES INSURANCE COMPANY, is a foreign insurance
company domiciled in the State of Delaware and can be served through its registered
agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd.,
Baton Rouge, Louisiana 70809;

Audubon Insurance Company is a Louisiana company domiciled in East Baton Rouge
Parish and can be served through its agent for service of process Darrell W. Allgood
4150 South Sherwood Forest Blvd., Baton Rouge, Louisiana 70816; and

ABC Insurance Companies, one or more unknown insurance companies which were
licensed to provide policies of insurance to homeowners in the State of Louisiana on
August 29, 2005, and/or September 24, 2005, and which provided a policy of property or
casualty and/or flood insurance to a past, present or future homeowner recipient of The
Road Home Program, and which owes the State reimbursement or repayment of state
monies as alleged herein.

19.   The named plaintiffs are each Louisiana citizens, and more that two-thirds of the

members of the proposed plaintiff class are citizens of the State of Louisiana.

20.   The following defendants are citizens of the State of Louisiana:

a.   Lafayette Insurance Company;

b.   Louisiana Citizens Property Insurance Corporation;

c.   Louisiana Farm Bureau Casualty Insurance Company;

d.   Louisiana Farm Bureau Mutual Insurance Company;

e.   Security Plan Fire Insurance Company;

f.   Western Diversified Casualty Insurance Company;

24

    g.   National Union Fire Insurance Company of Louisiana

    h.   Audubon Insurance Company

    i.   ANPAC Louisiana Insurance Company

    j.   Union National Fire Insurance Company

    k.   Fireman's Fund Insurance Company of Louisiana.

Each of these Louisiana defendants is a defendant from whom significant relief is sought by members of the class and whose alleged conduct forms a significant basis for the claims asserted by the proposed class. For example, and without limitation, as of June 30, 2005, Louisiana Citizens Property Insurance Corporation has 129,966 policies in place in Louisiana with amount of insurance totaling $14,005,283,000. (Exhibit "C," Louisiana Citizens website publication located at http://www.lacitizens.com/pdf/2005%20Exposure%20Reports.pdf). Further, a Louisiana Department of Insurance Publication for 2007 lists Auto Club Family Insurance Company, Lafayette Insurance Company, Louisiana Citizens Property Insurance Corporation, Louisiana Farm Bureau Casualty Company, and Louisiana Farm Bureau Mutual Insurance Company as "some of the top carriers of homeowners insurance in Louisiana based upon premium volume." (Exhibit "D", Louisiana Insurance Department website publication located at http://www.ldi.state.la.us/consumers/misc_pubs/Homeowners%202007%20web%20version.pdf. During the three years preceding filing this action , no other class action has been filed asserting that same or similar factual allegations against any of the defendants on behalf of the same or other persons. Particularly, no class action has been filed regarding The Road Home Program and the State's right to insurance proceeds.

### III. CLASS ACTION ALLEGATIONS

21.    The State of Louisiana meets the prerequisites to bring this action individually and on behalf of all recipients of funds through The Road Home Program, whose residences are or were located in the State, and particularly in Orleans Parish, at the time Hurricanes Katrina and/or Rita hit Louisiana, because:

    a)    As a result of natural or man-made events associated with Hurricanes Katrina and Rita, tens of thousands of residences were damaged or destroyed. Thousands of the residences that were destroyed or damaged are in Orleans Parish. Additionally, the overwhelming number of applicants and recipients of funds under The Road Home Program were or are homeowners in Orleans Parish. The total number of

eventual recipients of funds under The Road Home Program is unknown at this time. There are over 100,000 applications for funds still pending. The exact number and identity of the recipients of funds through The Road Home is, or should be at some point in the future, readily identifiable through the review of objective information maintained in administrative records of the State.

b)      Based upon administrative records, the State believes the class of recipients of funds through The Road Home Program, and for whom reimbursement or repayment of some portion of those funds received or to be received are due and owed by one or more of the Insurance Company Defendants, clearly consists of tens of thousands of persons, presenting a level of numerosity better handled through the class action procedure. La. Civil Code arts. 591 *et seq.* The class is so numerous that joinder of all members as individual plaintiffs is impracticable.

c).     Sound judicial reasoning together with judicial economy and efficiency militate against individual actions by each recipient of funds under The Road Home Program. It is impracticable and completely unreasonable to expect that the judiciary system can manage, in a meaningful and timely fashion, all of the claims presented by each of the present and future recipients' of funds under The Road Home Program in any proceedings involving the litigation of individual actions.

d)      There are common questions of law and fact common not only to the State and all class members but will be applicable to all Insurance Company Defendants, including the issues of law and fact that form the basis for any claim for repayment or reimbursement of funds provided to recipients through The Road Home Program, and any declaratory and other relief sought by the State in seeking to enforce its rights against   any   Insurance   Company   Defendant   under   the   Limited Subrogation/Assignment Agreement and/or seeking to prove the right of the class or any established subclass of recipients' entitlement to insurance proceeds under any policy of insurance issued by one or more of the Insurance Company Defendants.

e)      The State's claims against the Insurance Company Defendants are typical of the claims of the class insofar as they are all seeking declaratory and other relief and damages from the Insurance Company Defendants for their bad faith conduct and wrongful refusal to pay or underpay homeowner recipients' insurance claims;

f)      The State will fairly and adequately represent the interests of the class. The State, as a class representative herein, is represented by skilled attorneys who are experienced in the handling of class action and large-scale insurance litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

g)      The State's interests are identical to all members of the class (e.g., recover all insurance proceeds due and properly owed to any recipient of funds under The Road Home Program). The State is not antagonistic to any recipient of The Road Home Program who has executed or will execute a subrogation/assignment agreement in favor of the State for repayment or reimbursement of funds provided to said recipient through Te Road Home Program;

h)      Class treatment is a superior method for the fair and efficient adjudication of the proposed class because, among other reasons, certain class members likely are unaware of the esoteric legal issues raised by this action and are unaware of the misconduct upon which this action is premised, making individual litigation and vindication of those class members' contractual rights unlikely. For those who might litigate, the expense of prosecuting individual claims might be prohibitive in light of the typical class members' losses, the class members' geographical dispersion and relocation, and the highly orchestrated, daunting array of legal forces harnessed by the Insurance Company Defendants in response to this catastrophe. Class treatment is also more likely to facilitate the dissemination of notice to class members, and to

26

afford class members an avenue for just protection of their rights and a forum in which to seek redress. Any difficulties in the management of this class action will be greatly outweighed by the value of the class action procedure;

i)      The prosecution of separate claims by individual members of the class would create a substantial risk of inconsistent adjudications concerning individual members of the class that would in practical terms be dispositive of, or would substantially impair or impede, the ability of other class members' to protect their interests. Additionally, the prosecution of individual claims would bestow an organizational and logistical benefit upon the Insurance Company Defendants–permitting them to collate and strategically orchestrate the thousands of lawsuits and separate adjudications resulting from such litigation–while denying each individual recipient a commensurate organizational and logistical structure and the efficiencies that class treatment would engender;

j)      The Insurance Company Defendants have acted on grounds generally applicable to all members of the proposed class. The geographic scope of the class militates in favor of a single proceeding with uniform application of Louisiana law to the common facts; and

k)      This action is properly maintained as a class action in this judicial district because most of the recipients displaced by Hurricanes Katrina and/or Rita were located in Orleans Parish. Also, a majority of the residences destroyed or damaged, and the total amount of the losses sustained by recipients from these hurricanes, are expected to be located in Orleans Parish. Further, the majority of current and future anticipated recipients are from Orleans Parish.

22.    The class which the State seeks to represent is defined as follows:

All current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation or assignment agreement in favor of the State, and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's residence as a result of any natural or man-made occurrence associated with Hurricanes Katrina and/or Rita under any policy of insurance, as plead herein, and for which the State has been or will be granted or be entitled to recover as repayment or reimbursement of funds provided to any such recipient through the Road Home Program.

23.    Excluded from the class are members of the judiciary, their family members, their administrative staff and any other personnel who may cause a member of the Louisiana bench to be unable to preside over this action, and any independent private counsel, or their immediate family members, authorized to act on behalf of the State.

## IV.  RECIPIENTS OF THE ROAD HOME PROGRAM'S

## INSURANCE POLICIES

24.    The proposed class is comprised of recipients of The Road Home Program who are or were owners of immovable property with improvements, principally houses or other residential structures, as well as personal property located there, with such property being located in the State of

27

Louisiana on August 29, 2005, and/or on September 24, 2005, at the time Hurricanes Katrina and Rita hit Louisiana [referred to throughout this petition as "recipients"].

25.     Most recipients or future recipients of The Road Home Program are believed to have purchased a property or casualty insurance policy (the "All Risk policy" or "All Risk policies") from one of the Insurance Company Defendants. Some recipients are believed to have purchased hazard or other forms of policies which also provide coverage for the damages and losses discussed herein. Accordingly, the terms "All Risk policy" or "All Risk policies" are intended to apply to all forms of insurance policies which any recipient possessed at the time Hurricanes Katrina and/or Rita hit Louisiana, and which are alleged to have provided coverage herein.

26.     The recipients purchased their All Risk policy with the contractual expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes like Hurricane Katrina and Rita, including any and all damage proximately and efficiently caused by hurricane wind and "storm surge" proximately caused by hurricane wind, or any man-made occurrence, including third-party fault, associated with these hurricanes such as the negligent failure of the levee system protecting the City of New Orleans.

27.     For the purpose of obtaining such hurricane coverage, some recipients agreed to pay a specific "hurricane deductible," in addition to any other applicable deductible.

28.     The recipients purchased their respective All Risk policies from agents authorized by the Insurance Company Defendants to sell insurance as agents on their behalf. These policies had standard, form provisions that the agents had no authority to alter.

29.     The recipients received standardized representations from the insurance agents concerning the scope of coverage they were obtaining. The recipients trusted and relied upon the Insurance Company Defendants' representations, or representations made on their behalf by their authorized agents, that the subject policy would cover any damage caused by a hurricane and, thus, based upon the authorized representations made by these agents, reasonably believed that their respective insurance policies would cover any and all hurricane damage, including losses occasioned by man-made occurrences associated with hurricanes, such as the failure of the levees surrounding the City of New Orleans.

30.     The amount of insurance varied for each recipient based on the estimated cost of replacing the home, an amount estimated by the Insurance Company Defendants or an agent

authorized by them to determine the replacement cost of each individual home. Nevertheless, these variations do not affect the propriety of class status as the amounts due and owed under any policy are readily determinable from administrative records maintained by the Insurance Company Defendants.

31.    At all times relevant hereto, the recipients made timely payment of the premiums due on their respective All Risk policies, and their policies were in force at the time their residences were damaged from natural or man-made occurrences associated with Hurricanes Katrina and/or Rita, as described herein.

## V. DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

32.    The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

33.    An actual controversy exists between the class and the Insurance Company Defendants concerning the Insurance Company Defendants' duty to indemnify their policyholders–recipients of the Road Home Program–for their losses.

34.    Consequently, under the circumstances, it is necessary and appropriate for the Court to declare the State's rights through the assigned polices of insurance of the present and future recipients of the Road Home Program and the Insurance Company Defendants' rights and duties under the policies pursuant to the Louisiana Code of Civil Procedure.

35.    The losses suffered by recipients of the Road Home who the State seeks to represent as a result of natural and man-made occurrences associated with Hurricanes Katrina and/or Rita are covered losses under the recipients' respective All Risk policies.

36.    The recipients have given timely notification to the Insurance Company Defendants and made timely demands upon the Insurance Company Defendants for payment or reimbursement, and/or accurate adjustment of claims under the All Risk policies.  To the extent any homeowner recipient has not or will not pursue any claim for payment or reimbursement duly owed by any Insurance Company Defendant for the losses explained herein, the State is legally granted by express contractual rights of subrogation and assignment, and as permitted by the Louisiana Civil Code, the right to proceed directly against any Insurance Company Defendant for repayment or reimbursement of any funds which any Insurance Company Defendant was responsible for paying under any All Risk policy provided to any recipient.

37. The Insurance Company Defendants are obligated by the terms and conditions of their All Risk policies to indemnify homeowner recipients for their losses. The State is legally able to recover from the Insurance Company Defendants as provided in the Limited Subrogation/Assignment Agreement (attached Exhibit "B").

38. The Insurance Company Defendants have refused to indemnify recipients for their losses and have improperly denied coverage for the losses. The State is thus entitled to recover billions of dollars in funds expended or to be expended under The Road Home Program to assist recipients with their recovery efforts, which should have been paid for in whole or in part by the Insurance Company Defendants.

39. Thus, the State is entitled to a declaratory judgment that the funds it has expended under The Road Home Program are in whole or in part funds which were properly covered and owed under the All Risk policies issued to the recipients. Further, the State is entitled to injunctive relief forbidding the Insurance Company Defendants from failing to honor the coverage provided by the All Risk policies issued to the recipients.

40. Specifically, the recipients' losses were caused by covered perils, the efficient causes of their losses were covered perils and the efficient and proximate causes of loss were covered perils, and likewise, the funds expended through The Road Home Program are funds which the Insurance Company Defendants owed the recipients, in whole or in part, for covered losses under All Risk policies.

41. Further, many recipients whose residences were located in the City of New Orleans and elsewhere in the State suffered total losses to their residences from covered events.

42. The Insurance Company Defendants placed valuations on the recipients' residences and used such valuation for purposes of determining premiums to be charged under the policy, and, as such, under Louisiana's Valued Policy Law (La. R.S. § 22:695), recipients are entitled to recover the full value placed on their properties by the Insurance Company Defendants without deduction or offset, especially any deduction or offset for payments made under The Road Home Program.

43. Finally, the class should not be deprived of the coverage of the applicable All Risk policies, where the Insurance Company Defendants have drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, the

30

Insurance Company Defendants should have specifically excluded hurricane damage and/or storm surge and/or levee failure and/or third-party negligence as the most probable perils in Orleans Parish and the other parishes affected by Hurricanes Katrina and Rita. Instead, the Insurance Company Defendants decided to sell the same comprehensive All-Risk Homeowners Insurance Policies (All Risk policies) that they sell in the "high and dry" plains throughout the United States. Equally important, the Insurance Company Defendants knew or should have known that their policies as drafted provided coverage for natural as well as man-made or third-party fault occurrences associated with hurricanes like Hurricanes Katrina and/or Rita, and as experienced by the recipients.

44.     While the Insurance Company Defendants may continue to make investment income during the course of any protracted legal proceedings, recipients, on the other hand, have had little recourse but to sit idly by awaiting a decision, all the while being unable to begin reconstruction or renovation of their homes until they have the money to pay contractors. But for the establishment of The Road Home Program and the expenditure of vast sums of money through this Program, these recipients would have no funds or limited funds to assist them in their recovery efforts, even though they have valid All Risk policies covering their losses paid, in whole or in part.

45.     As a result, without resolution of the coverage issue relating to the All Risk policies by declaratory judgment and injunctive relief, the State, in most instances, will be unable to recoup the vast sums of money expended or anticipated to be expended under The Road Home Program. The resolution of these issues is of critical importance to the State and all recipients, but none more so than those whose residences were located in the City of New Orleans and surrounding area at the time Hurricanes Katrina and Rita struck.

46.     As such, the State respectfully requests that this Court enter a declaratory judgment in its favor and against the Insurance Company Defendants, and that this Court order and decree as follows:

a)      The efficient proximate cause of the losses suffered by the recipients on August 29, 2005, and/or September 24, 2005, was "windstorm," a covered peril under all of the All Risk policies purchased by the recipients, thereby rendering any subsequent impact from water irrelevant to coverage afforded by these insurance policies;

31

h)   Alternatively, the second efficient proximate cause of the recipients' losses was "storm surge," a know meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' All Risk policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure a covered loss under these policies;

c)   Alternatively, the damage caused by water entering the affected parishes of Louisiana neither falls within the regular definition of "flood," nor within any of the subject All Risk insurance policies' exclusions of "flood;"

d)   Alternatively, the damages caused by water entering Orleans Parish and the surrounding area as a result of the negligent failure of the Greater New Orleans area levee system was a *man-made occurrence* associated with Hurricanes Katrina and Rita, for which all resulting damages or losses to any recipient's residence are properly covered under an All Risk policy;

e)   Many recipients suffered total losses to their residences—especially those in Orleans Parish—which are covered under their respective All Risk policies sold by the Insurance *Company Defendants*; and

f)   Because the Insurance Company Defendants placed valuations on the recipients' residences and used such valuation for purposes of determining premiums to be charged under the policy, under Louisiana's Valued Policy Law, La. R.S. § 22:695, *et seq.*, recipients are entitled to recover the full value placed on their residences by the Insurance *Company Defendants without deduction or offset*, especially without any deduction or offset for funds received under The

32

Road Home Program.

## VI.   THE INUNDATION OF THE CITY OF NEW ORLEANS AND SURROUNDING AREA–THE NEGLIGENT FAILURE OF THE GREATER NEW ORLEANS AREA LEVEES, LEVEE WALLS, SPOILBANKS AND/OR ASSOCIATED STRUCTURES

47.   The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

48.   Each recipient purchased an All-Risk policy, as defined herein, of insurance from at least one of the Insurance Company Defendants, which policy was in full force and effect on August 29, 2005, and/or September 24, 2005.

49.   Each policy covered losses from any cause unless specifically excluded by the policy.

50.   Most All-Risk policies issued to recipients in the affected parishes of Louisiana were endorsed with "special hurricane deductible endorsements" that expressly created the reasonable expectation that coverage was provided for hurricane-related damages and losses.

51.   The Insurance Company Defendants had advance knowledge of the topographic characteristics of Louisiana, and particularly, Orleans Parish and the New Orleans area levee system; yet, in contrast to other insurance policies available in the market and known to and utilized by the Insurance Company Defendants, the Insurance Company Defendants did not specifically exclude from coverage damages resulting from the negligent breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water. The levees surrounding and designed to protect the Greater New Orleans area were not "over-topped" as that term commonly suggests. Those levees failed as a result of their negligent design, engineering, construction, operation and/or maintenance, including dredging or lack thereof.

52.   Specifically, the flood maps for Orleans Parish used and created in connection with the NFIP (National Flood Insurance Program) are premised upon the existence of the New Orleans levee system, further demonstrating that any negligent failure of the levee system does not constitute "flood" for the purposes of the NFIP or in the context of the All-Risk policies sold in Orleans Parish. Moreover, the Louisiana Legislature has defined "flood" as an Act of God or natural event, rather than an event resulting from man-made negligence. La. R.S. §§ 29:723 and 29:762.

53.   The Insurance Company Defendants did not specifically exclude from coverage any water damage which the recipients incurred and which resulted from the covered windstorm, storm surge, or man-made a/k/a third-party fault or negligence.

54.     The recipients purchased their All Risk policies directly from their respective insurers, each of whom sells policies directly to the public or through agents authorized by them to do so.

55.     The availability through the National Flood Insurance Program of flood insurance, as well as the availability of excess flood insurance, were known to and sold by the Insurance Company Defendants at the time they sold their respective policies to the recipients.

56.     Despite this knowledge, at no time prior to August 29, 2005, or September 24, 2005, did any Insurance Company Defendant advise a recipient that–contrary to the Insurance Company Defendants' representations–their true intent was not to cover damage or loss caused by hurricanes that might in any respect involve water damage, such that the recipients' residences may be grossly underinsured and that recipients thus may or should purchase primary or excess flood coverage.

57.     The recipients trusted and relied upon their respective Insurance Company Defendant's representations that the subject policies would cover any damage caused by a hurricane so that the recipients reasonably (and correctly) believed that their respective policies would cover any and all damages to their insured residences sustained during a hurricane.

58.     The amount of insurance purchased by each recipient varied based on the estimated cost of replacing the insured residence—an amount estimated by the Insurance Company Defendants or their authorized agents whose estimates the Insurance Company Defendants ratified.

59.     Throughout August 29, 2005, September 24, 2005, and the following those dates, water inundated areas of Orleans Parish and the surrounding areas. The inundation of and resulting damage to the recipients' insured residences in these areas had one of three efficient proximate causes: (A) the windstorm associated with Hurricanes Katrina and/or Rita, (B) the negligence or fault of third parties with respect to the design, construction, inspection, maintenance and operation of an entire navigable waterway system that consisted at least in part of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a the Industrial Canal), the London Avenue Canal, the Seventeenth Street Canal, the Orleans Avenue Canal, and their environs including all associated levees, levee walls, spoilbanks, and/or associated structures; and/or (C) the "storm surge" associated with Hurricanes Katrina and/or Rita.

60.     Each recipient has suffered a covered loss of, or damage to, his or her covered (insured) residence.

61.     Many recipients sustained substantial damage to their residences, rendering them a

34

total loss. All such All Risk policyholders are similarly situated with, and their claims are typical of, all other recipients, except that those who suffered total losses are entitled to liquidated damages with respect to the total loss of their residences–namely the full value stated on the face of their respective insurance policies.

62.    In processing and adjusting the recipients' respective insurance claims, the Insurance Company Defendants ignored Louisiana's long-standing efficient proximate cause doctrine and instead adopted an industry-wide approach to denying valid claims for inappropriate reasons. In particular, they denied valid claims for third-party negligence associated with the inundation of Orleans Parish and the surrounding area from the negligent failure of the New Orleans are levee system, all in violation of established law and public policy.

63.    The Insurance Company Defendants have improperly equated inundation which had as its efficient proximate cause windstorm and/or third-party fault or negligence with "flooding" in an effort calculated to improperly expand each subject policy's water damage exclusion and thus to improperly deny benefits owed to the recipients, all in violation of the recipients' reasonable expectations under their respective All-Risk policies, and established law and public policy.

64.    The Insurance Company Defendants have improperly equated storm surge (which itself is caused by windstorm) with "flooding" in an effort calculated to improperly expand each subject policy's water damage exclusion and to thus deny benefits owed to the recipients, all in violation of the recipients' reasonable expectations under their respective All-Risk policies, and established law and public policy.

65.    In or around 2000, Insurance Services Office, Inc. ("ISO") issued All-Risk policy forms for Louisiana pursuant to its "Homeowners Policy Program (2000 Edition)" that recommended that the Water Damage Exclusions be expanded to encompass losses "caused by or resulting from human or animal forces or any act of nature" because the language found in the prior ISO All-Risk policy forms had been interpreted to exclude only water damage occurring from natural sources or causes (e.g., rising water from a deluge).

66.    In fact, ISO explained to the Louisiana Department of Insurance, "To point out that coverage is excluded not only for naturally occurring events, we added language to these exclusions to indicate that they apply even if the excluded event is *caused by or results from human or animal forces*."

35

67.    ISO scheduled the amendments to the Water Damage Exclusion, among language amending other policy provisions, to be approved on a state-by-state basis.

68.    In March 2004, ISO, acting on behalf of all of its participating insurance companies, submitted the new language to the Louisiana Department of Insurance, and it was approved effective August 13, 2004 – more than a year before Hurricanes Katrina and Rita hit Louisiana.

69.    As previously alluded to, the inundation of the recipients' respective residences as a result of levee failures was not "natural;" it resulted from the fault and negligence of the U.S. Army Corps of Engineers and/or other third parties.  It was not from "over-topping."

70.    The Insurance Company Defendants instituted policies, customs, practices, and procedures encouraging and directing their adjusters to follow specific guidelines whereby the adjusters would search out a nearby waterline and apply it a given recipients' residence in an effort calculated to deny benefits owed to the recipient; all in violation the recipients' reasonable contractually-based expectations under their All-Risk policies, established law and public policy.

71.    The Insurance Company Defendants improperly instituted policies, customs, practices, and procedures encouraging and directing their adjusters to maximize damage purportedly caused by "flood" and to minimize damage caused by wind in an effort calculated to deny benefits owed to the recipients, all in violation of the recipients' reasonable contractually-based expectations under their All-Risk policies, established law and public policy.

72.    The Insurance Company Defendants improperly instituted other policies, customs, practices, and procedures encouraging and resulting in the routine devaluation of the recipients' respective claims, and the routine delay and denial of payment of benefits owed to the recipients, all in violation of the homeowner recipients' reasonable contractually-based expectations under their All-Risk policies, established law and public policy.

## VII. LOUISIANA'S VALUED POLICY LAW

73.    The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

74.    Louisiana is a "valued policy" state, requiring that if an insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the

policy at such valuation without deduction or offset." La. R.S. § 22:695.

75.    The Insurance Company Defendants placed a value on the respective recipients' residences and used such valuation for purposes of determining the premium charge under their respective All Risk policies.

76.    Many recipients, especially those whose residences were located in the City of New Orleans, have suffered total losses to their property which are covered under their respective All Risk policies.

77.    The Insurance Company Defendants have failed to indemnify or compensate recipients for their covered losses in an amount equal to the values used for determining the individual policy premiums.

78.    Instead, the Insurance Company Defendants have failed to pay anything to the recipients or paid an amount lower than the valuation assessed to the properties for purposes of determining premiums, in violation of established law and public policy.

79.    As a result, the Insurance Company Defendants have breached La. R.S. § 22:695, entitling homeowner recipients to damages equal to the full value placed on the recipients' residence by the Insurance Company Defendants with no offset or deductions, with full reimbursement or repayment of any funds to which the State is entitled to as a result of any grant issued under The Road Home Program.

## VIII.  BREACH OF CONTRACT

80.    The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

81.    Valid contracts exist between the recipients and the Insurance Company Defendants, to which the State is subrogated and assigned rights, in the form of the individual All Risk policies, which, inter alia, obligate the Insurance Company Defendants to cover the loss of or damage to a residence which is caused by wind or windstorms or storm surge or man-made occurrences associated with a hurricane, such as a negligent levee failure.

82.    Upon information and belief, all recipients paid all premiums due under their All Risk policies and materially performed their obligations under those Policies. Any information about any recipient whose insurance was terminated for failure to pay premiums prior to Hurricanes Katrina and Rita is a matter that is readily discernible from the administrative records maintained by the

Insurance Company Defendants.

83.     Upon further information and belief, proper and repeated demands were made by recipients to the Insurance Company Defendants which refused to meet their obligations under the All Risk policies and refused to pay the full damages for recipients' homes being destroyed or damaged by the efficient proximate cause of windstorms and/or storm surge and/or the efficient proximate cause of negligent acts of third parties such as those witnessed with the levee failures and inundation of Orleans Parish and the surrounding area. Further, upon information and belief, the records of such demands for payment are readily ascertainable from the administrative records maintained by the Insurance Company Defendants.

84.     As a direct and proximate result of the breaches by the Insurance Company Defendants, the recipients were deprived of the benefit of insurance coverage for which the Insurance Company Defendants were paid substantial premiums and, accordingly, the State has suffered substantial damages because The Road Home Program has had approved the expenditure of great sums of money to assist recipients with their rebuilding and recovery efforts which should have been properly paid for, at least in part, by the Insurance Company Defendants.

### IX.  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
### AND FAIR DEALING

85.     The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

86.     By selling their insurance policies to the recipients, the Insurance Company Defendants assumed a duty of good faith and fair dealing to their respective insureds, including an obligation to promptly indemnify the recipients for their losses.

87.     The Insurance Company Defendants lack an arguable or legitimate basis for refusing to pay the recipients' claims, under established Louisiana law and public policy.

88.     By engaging in the conduct described above, and by failing therefore to pay the recipients all of the benefits due and owing them, the Insurance Company Defendants have violated the duties of good faith and fair dealing owed to recipients.

89.     As a direct and proximate result of the Insurance Company Defendants' bad faith acts, the recipients have suffered, and will continue to suffer, substantial damages, thereby further justifying the need for final injunctive relief for the class as a whole.

38

90.    Moreover, the Insurance Company Defendants' persistent and systematic acts and omissions were carried out with malice and gross negligence and with a disregard for the recipients' rights so as to warrant the imposition of statutory penalties against the Insurance Company Defendants.

## X. BREACH OF FIDUCIARY DUTY

91.    The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

92.    In selling and placing insurance, as described above, the Insurance Company Defendants function as insurance brokers or agents.

93.    As such, the Insurance Company Defendants owe the recipients, their respective policyholders, a fiduciary duty of undivided loyalty, due care, and fidelity.

94.    The Insurance Company Defendants owe the recipients a fiduciary duty to perform their responsibilities as insurance brokers and/or agents with good faith and appropriate skill in the recipient's best interests and with heightened care, fidelity, diligence and full disclosure required of a fiduciary.

95.    Among other things, insurance brokers and/or agents are obligated to provide advice and assistance to prospective insureds so that risks to which they are exposed are adequately insured, or at a minimum, to provide them with adequate opportunity and advice to make a decision as to what coverage to purchase.

96.    The Insurance Company Defendants' failure to fully disclose and properly advise the recipients, as described above, breached the fiduciary duties owed to them as their policyholders.

97.    Such breaches by the Insurance Company Defendants are a proximate cause of the recipient's damages and losses.

## XI. PENALTIES, ATTORNEY FEES AND COSTS

98.    The State repeats and realleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

99.    Pursuant to La. R.S. § 22:1220(A), the Insurance Company Defendants owe the recipients a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with the recipients.

100.    Further, La. R.S. § 22:1220(B) prohibits the Insurance Company Defendants from,

*inter alia,* "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

101.   The *Insurance Company Defendants have misrepresented the coverage afforded under* the recipients' subject policy provisions by wrongfully and without a legitimate basis seeking to give the "flood" exclusions a broad reading in an effort calculated to deprive the recipients of benefits to which they are entitled, in violation of established law and public policy.

102.   The Insurance Company Defendants have breached known duties through a motive of *self interest and/or ill will without having a reasonable basis to deny these claims,* instead denying claims in an arbitrary and capricious manner and without probable cause.

103.   By so doing, and by engaging in the specific conduct described above, and by failing therefore to pay the recipients all benefits due and owing, the Insurance Company Defendants have violated the duties of good faith and fair dealing owed to the recipients.

104.   Moreover, *pursuant to a recent enactment of the Legislature of Louisiana, an* insurance company acts in bad faith when it fails "to pay claims pursuant to R.S. 22:658.2 [and] such failure is arbitrary, capricious, or without probable cause." La. R.S. § 22:1220(A).   The Insurance Company Defendants' conduct described above was arbitrary, capricious, and without probable cause, thus violating this statute and constituting bad faith.

105.   As *a direct and proximate result of the Insurance Company Defendants' bad faith acts,* the recipients have suffered, and will continue to suffer, substantial damages and losses.

106.   The Insurance Company Defendants have acted with total and utter arbitrary, capricious and unreasonable disregard for the right of the homeowner recipients under their All Risk Policies in failing to reasonably and timely adjust the recipients' claims for losses. Furthermore, the *Insurance Company Defendants' failure to properly, reasonably and timely adjust recipients' claims* has caused the State to expend vast sums of state money to assist recipients with their rebuilding and recovery efforts. Moreover, the Insurance Company Defendants have unreasonably refused to pay covered claims of recipients, and in fact, have improperly applied or sought to enforce a right of offset against recipients for the amounts of state funds they received under The Road Home Program. As such, the *Insurance Company Defendants are responsible for penalties, attorney fees and all costs* of these proceedings pursuant to Louisiana Law, including but not limited to La. R.S. § 22:1220, §

40

22:658, and § 22:658.2.84. Defendants' uniform denial of coverage constitutes bad faith under La. R.S. § 22:1220, La. Civ. Code Art. 1997, La. R.S. § 22:658, La. R.S. § 22:658.2, and Louisiana law.

107. In addition to all sums properly recoverable by the State for any of its subrogation or assignment rights obtained through the Road Home Program from recipients, the State respectfully requests and is entitled to attorney fees and costs from the Insurance Company Defendants, pursuant Louisiana Code of Civil Procedure art. 591 *et seq.* and other applicable state laws, or as established by court order.

## XII. TRIAL BY JURY

108. The State hereby requests a trial by jury all issues plead herein so triable.

## XIII. PRAYER

WHEREFORE, the State of Louisiana, through the Honorable Charles C. Foti, Jr., Attorney General for the State of Louisiana, individually and on behalf of all past and present citizens of Louisiana who are recipients of funds through The Road Home Program and all eligible and/or future recipients of funds through The Road Home Program whose residences were located in Louisiana at the time Hurricanes Katrina and/or Rita hit Louisiana, pray the above-named Insurance Company Defendants be duly served with a copy of this petition for class action and a copy of the citation, and after all legal delays have expired, respectfully requests this Honorable Court enter judgment in favor the State and against the Insurance Company Defendants, as follows:

a) That this Honorable Court certify this action as a class action under Louisiana law pursuant to Louisiana Code of Civil Procedure article 591 *et seq.*;

b) For an expedited trial by jury on the merits and entry of judgment in favor of the State and the members of the class against the Insurance Company Defendants;

c) For an order finding the Insurance Company Defendants liable to the State and the recipients (members of the class), as plead herein;

d) For a declaration of the State's and the recipient's rights under Louisiana law, and for a declaration of the Insurance Company Defendants' responsibilities to the State and the recipients, as plead herein;

e) For an injunction prohibiting the Insurance Company Defendants from committing further breaches of their duties owed to the State and members of the class, and for an injunction forbidding the Insurance Company Defendants from failing to honor the

41

coverage provided by the All Risk policies, as defined herein, issued to the recipients;

f)   For an injunctive order directing that the Insurance Company Defendants pay all coverage afforded under the terms of the recipients' policies, and where a total loss is found, an injunctive order directing the payment of the full value placed on the recipients' residence by the Insurance Company Defendants with no offset or deductions, with full reimbursement or repayment of any funds to which the State is entitled to as a result of any grant issued under The Road Home Program;

g)   For any and all monetary awards necessary to indemnify, pay, reimburse or repay the State and members of the class for the losses and damages they have or will incur, as plead herein;

h)   For an award of reasonable attorney fees and costs, including expert fees and expenses, and penalties; and

i)   For any and all other monetary, general and equitable relief or injunctive relief as this Court deems just and appropriate under Louisiana law, whether plead herein or otherwise.

Respectfully submitted,

THE STATE OF LOUISIANA

The Honorable Charles C. Foti, Jr. (No. 5784)
ATTORNEY GENERAL,
STATE OF LOUISIANA
1885 North Third Street, 6th Floor
Baton Rouge, LA 70802
Ph: (225) 326-6040
Fax: (225) 326-6097

AND

Paul G. Aucoin (No. 2604)
**PAUL G. AUCOIN, ATTORNEY AT LAW**
135 Goodwill Plantation
Vacherie, LA 70090-5240
Ph: (225) 265-7906
Fax: (225) 265-7906
Email: aucoinp@bellsouth.net

AND

Calvin C. Fayard, Jr. (No. 5486)
**FAYARD & HONEYCUTT, APC**
519 Florida Avenue, S.W.
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925
Email: calvinfayard@fayardlaw.com

AND

Joseph J. McKernan (No. 10027)
**MCKERNAN LAW FIRM**
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Ph: (225) 926-1234
Fax: (225) 926-1202
Email: jemckernan@mckernanlawfirm.com

AND

Drew A. Ranier (No. 8320)
**RANIER, GAYLE AND ELLIOT, L.L.C.**
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218
Email: dranier@rgelaw.com

AND

Frank C. Dudenhefer, Jr. (No. 5117)
**THE DUDENHEFER LAW FIRM**
A Limited Liability Company
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Ph: (504) 525-2553
Fax: (504) 523-2508
Email: FCDLaw@aol.com

43

PLEASE PREPARE CITATION
AND SERVE THE DEFENDANTS
AS OUTLINED ABOVE.

44