## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO: | * | MAG. WILKINSON |
| ALL LEVEE | * | |

### OPPOSITION TO NATIONAL UNION'S MOTION FOR SUMMARY JUDGMENT

This Court should deny National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") motion for summary judgment because National Union does not satisfy the high standard necessary to grant such a motion.

### I.      Summary Judgment Standard

A district court can grant a motion for summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion."[2]  The court must find "that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact

---

[1]  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

[2]  *See Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F. 2d 577, 578 (5th Cir. 1986).

. . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law."[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  "If the evidence is merely colorable, or it is not significantly probative, summary judgment is not appropriate."[5]  The burden of proof in this matter lies with National Union as the moving party to establish that there is no genuine issue of material fact and that summary judgment is appropriate in this matter.[6]  National Union has not met this lofty burden.

## II.   **National Union's Motion for Summary Judgment Should Be Denied.**

_____This Court should deny National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") motion to dismiss because National Union does not satisfy the high standard necessary to grant its motion to dismiss.  National Union provides no evidence to this Court that its search of its records as to policies that it may have issued to the East Jefferson Levee District ("EJLD") was exhaustive and comprehensive.  Instead, the evidence reflects that National Union has identified at least one policy by number – Policy No. 656-11-01 – which it cannot physically locate, and thus, it cannot prove the contents of this policy to this Court.  Moreover, National Union's

---

[3]  *See Beck v. Somerset Techs., Inc.*, 882 F. 2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)).

[4]  *See Engstrom v. First Nat'l Bank*, 47 F. 3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24 and Fed. R. Civ. P. 56(e)).

[5]  *See Anderson*, 477 U.S. at 249-50 [emphasis added].

[6]  *See Celotex Corp.*, 477 U.S. at 322.

motion and the accompanying exhibits provide no proof as to the thoroughness or completeness of its review of its records for other policies; there may easily exist other policies from other time periods that provide coverage based upon when the underlying conduct occurred, regardless of when a claim was formally made.  As such, summary judgment is inappropriate, and this Court should deny National Union's motion.

> **A.    National Union's Motion leaves open questions as to the thoroughness and completeness of its search, and thus, there may exist other policies that provide coverage based upon the performance of the underlying conduct, as opposed to when claims are first asserted.**

National Union identifies in its motion a series of insurance policies that it issued to the EJLD, but nowhere does it provide any assurance of the comprehensiveness of its search.  Instead, it relies solely upon a lone affidavit by an employee who indicated that she "searched the records of National Union" to identify policies issued to the EJLD.[7]  Yet, nowhere does she identify or explain what steps were taken to ensure that this search was, in fact, comprehensive.  Indeed, the affidavit upon which National Union relies suggests that this search may not have been exhaustive, insofar as the affiant conceded that she was "unable to obtain a copy" of Policy No. 656-11-01, which was presumably in effect during the 1989 policy period.[8]  The inability of an enterprise such as National Union to locate an insurance policy that was in effect twenty years ago calls into question the exhaustiveness and comprehensiveness of its review, and as such, this Court should not accept its unsupported assertion that this review exhausts the entire universe of policies issued to EJLD.

Although National Union issued certain claims-made insurance policies to the EJLD, that

---

[7]  *See*, Appendix to National Union's Motion, at pp. 0342, ¶ 3.

[8]  *Id.*

fact does not mandate the conclusion that <u>every</u> policy that it ever issued was a claims-made policy, as opposed to occurrence based.  Without proof of the comprehensiveness of National Union's search, this Court cannot conclude as a matter of law – thereby foreclosing Plaintiffs' claims– that National Union issued <u>only</u> claims-made policies to the EJLD.  In turn, if National Union did issue an occurrence-based policy to EJLD– which cannot be conclusively determined at present– Louisiana courts have held that the timing of the underlying conduct provides the necessary trigger for an "occurrence," as opposed to the discovery of the damage or conduct.[9]  Thus, there exists the possibility that National Union (1) issued an occurrence-based policy to EJLD, and (2) the EJLD engaged in negligent actions during that policy period that led, in whole or in part, to Plaintiffs' alleged damages.  Accordingly, there exist disputes of material fact sufficient to defeat summary judgment.

III.    **Conclusion**

For the foregoing reasons, National Union fails to satisfy its heavy burden to prove that it is entitled to a grant of summary judgment, and thus, its motion should be denied.

---

[9]  *See, e.g., Davis v. Poelman,* 319 So.2d 351 (La. 1975); *Taylor Contracting & Supply Co. v. Am. Mut. Liab. Ins. Co.,* 163 So.2d 450 (La. App. 2 Cir. 1964); *Emar, Inc. v. Webster Homes, Inc.*, 488 So.2d 346 (La. App. 3 Cir. 1986).

4

Respectfully Submitted,

**APPROVED PLAINTIFFS LIAISON COUNSEL**
 /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**

  /s/Gerald E. Meunier
GERALD E. MEUNIER (La. Bar #9471)
LEVEE PSLC LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone:504/522-2304
Facsimile:504/528-9973
E-mail:gmeunier@gainsben.com


For


**LEVEE PLAINTIFFS' SUB-GROUP LITIGATION COMMITTEE**
Gerald E. Meunier
Daniel E. Becnel, Jr.
Joseph M. Bruno
D. Blayne Honeycutt
Hugh P. Lambert
Darlene Jacobs
Walter Dumas

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States Mail, properly addressed and first class postage pre-paid, or by facsimile, or other electronic transmission this 31st day of March, 2008.

/s/ Joseph M. Bruno

_____JOSEPH M. BRUNO

6