# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES     *       CIVIL ACTION NO. 05-4182
                                     *
                                     *
PERTAINS TO INSURANCE         *       JUDGE DUVAL
        *Chehardy,* 06-1672           *
        *Chehardy,* 06-1673           *
        *Chehardy,* 06-1674           *       MAGISTRATE WILKINSON
                                       *

* * * * * * * * * * * *

## *EX PARTE* MOTION
## TO DISMISS, STAY OR SEVER
## LOUISIANA CITIZENS MOTION FOR TEMPORARY RESTRAINING ORDER

**NOW INTO COURT** come Class Representatives John Macera II, Sylvia Randolph and Susan Hano, Class Counsel Wiley J. Beevers and Steven M. Mauterer, and Co-Counsel Fred L. Herman, J. Robert Ates, and the law firm of Herman Herman Katz & Cotlar, LLP, who respectfully move to dismiss Citizens' Motion for a TRO, Preliminary Injunction and Permanent Injunction, or, in the alternative, to stay the above-caption proceedings, or, in the alternative, to sever and "remand" or dismiss without prejudice from this litigation the previously certified *Oubre* claims, for the reasons that follow:

I.

On July 11, 2006, the Honorable Henry G. Sullivan, Jr. of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, certified the following class with respect to Citizens' failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3):

> All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.

The certification of the *Oubre* class was affirmed by the Louisiana Fifth Circuit Court of Appeal.[1] Citizens applied for writs to the Louisiana Supreme Court, which were denied.[2]

II.

On January 28, 2008, Judge Sullivan issued an Order approving formal Class Notice in the *Oubre* case, which: **(i)** confirmed the Court's appointment of Movants Macera, Randolph and Hano as Class Representatives with respect to the failure-to-initiate loss adjustment claims; **(ii)** reconfirmed the Court's July 26, 2006 appointment of Wiley J. Beevers and Steven M. Mauterer as Class Counsel; **(iii)** advised that:

> At present, this class action covers no other claims of cause of action other than that clearly set forth in the class definition and effects no other pending litigation, individual and/or class action, brought in the Parish of Jefferson or any other parish which action is not in conflict with the class definition as set forth by the court.

---

[1] Oubre v. Louisiana Citizens, No.07-66 (La. App. 5th Cir. 5/29/07), 961 So.2d 504, 513.

[2] No.2007-1329 (La. 9/28/07), 964 So.2d 363.

> **If you have filed your own separate claim as a result of Hurricane Katrina or Rita against Louisiana Citizens which does not make a claim that Louisiana Citizens failed to initiate loss adjustment within thirty (30) days after notification of loss, you MAY maintain your own separate lawsuit AND be a member of this class.**

And, however, at the same time, **(iv)** advised that:

> By remaining a class member, **any claims against Louisiana Citizens for damages arising from their conduct as alleged by the class representatives will be determined in this case and <u>cannot</u> <u>be presented in</u> <u>any</u> <u>other</u> lawsuit.**

Additionally, the Notice provided a means to opt out of the *Oubre* class by submitting an Exclusion Request on or before May 1, 2008.[3]

III.

On or around March 4, 2009, Movants entered into a letter agreement with Citizens for settlement of the *Oubre* class claims.  The settlement was negotiated and recommended by Citizens' CEO, Mr. Wortman, by Citizens' Director of Litigation Suzanne don deVille, (who signed the Declaration in Support of Citizens' Motion for TRO), and by Citizens' outside counsel, Mr. Simmons, Mr. Cullota, Mr. Unsworth and Mr. Patin, of the Hailey McNamara firm.[4]   This settlement agreement was subject to approval by the Citizens Board.

---

[3] *See* CLASS NOTICE, *Oubre v. Louisiana Citizens* (24th JDC Jan. 28, 2008) (EXHIBIT "A").

[4] Mr. Rolfs, who appears as counsel for Citizens on the Motion for TRO, testified as a witness for Citizens in support of a separate settlement in the *Orrill* matter pending in the Civil District Court for the Parish of Orleans, as well as in opposition to the very preliminary injunction issued by Judge Sullivan which Citizens now asks this Honorable Court to restrain and enjoin.

IV.

Due to the Board's refusal to vote on the settlement, Judge Sullivan proceeded with the *Oubre* litigation, which has now resulted in a **final judgment** of $92,865,000 in favor of 18,573 classmembers, and an **open trial** with respect to the failure-to-timely-initiate-loss-adjustment claims of approximately 44,000 additional classmembers.[5]

V.

Because both Louisiana Citizens and he Citizens Policyholders are citizens of the State of Louisiana, there is no diversity jurisdiction under 28 U.S.C. §1332.

VI.

The claims by other putative classmembers against other potentially diverse insurance companies do *not* arise from any single or joint right or interest "with respect to or arising out of the same transaction or occurrence" as is required for permissive joinder under Federal Rule of Civil Procedure 20.   *Nor* are the claims "so related" that they "form the same case or controversy" as is required for supplemental jurisdiction under 28 U.S.C. §1367(a).   An Allstate policyholder, in this regard, does not have any interest or right in a Citizens policyholder's claim against Citizens.   The "Master Complaint" moreover is simply an administrative tool for the court, and can provide no independent basis for jurisdiction.

---

[5] *See* AMENDED JUDGMENT, *Oubre v. Louisiana Citizens* (24th JDC March 26, 2009) (EXHIBIT "B").

VII.

In addition, both the *Oubre* classmembers and Louisiana Citizens are citizens of the State of Louisiana for diversity purposes, and there is accordingly no federal jurisdiction over the *Oubre* class, under 28 U.S.C. §1332(d)(2), or, alternatively, by virtue of 28 U.S.C. §1332(d)(4)(A)(i).

VIII.

The Court should therefore dismiss Citizens' Motion for TRO for lack of subject-matter jurisdiction.

IX.

In the alternative, this Court should stay proceedings with respect to Citizens in the above-captioned case in deference to the already certified and partially final proceedings in State Court.

X.

In the alternative, this Court should sever and either "remand" or dismiss without prejudice from this litigation the partially final failure-to-timely-initiate-loss-adjustment claims of the previously certified *Oubre* class.[6]

---

[6]It is not even clear that the *Oubre* class claims are encompassed within the above-captioned proceeding. While the moving parties and counsel are not intimately familiar with all of the orders and pleadings in the above-captioned litigation, it is undersigned counsel's understanding that the "Insurance Track" was intended to address claims that all-risk policies did not exclude "flood" damage when such flood damage was attributable to man-made causes, and that such claims were *dismissed* by the U.S. Fifth Circuit Court of Appeals. *See* In re Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007). Indeed, the bad faith claims within the Master Complaint appear to be focused on the flood exclusion issues, and do *not* appear to allege a specific claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3). *See* MASTER COMPLAINT, ¶¶ 84-92 (CITIZENS' EXHIBIT "2").

XI.

This Motion is supported further by the movants' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OPPOSITION TO TRO, AND MOTION TO BE APPOINTED COUNSEL FOR PLAINTIFFS, which is incorporated fully by reference herein.

**WHEREFORE** Movants, John Macera II, Sylvia Randolph, Susan Hano, Wiley J. Beevers, Steven M. Mauterer, Fred L. Herman, J. Robert Ates, and the law frm of Herman Herman Katz & Cotlar, LLP, respectfully pray for an order dismissing Citizens' Motion for a TRO, Preliminary Injunction and Permanent Injunction;  or, in the alternative, staying the above-caption proceedings; or, in the alternative, severing and "remanding" or dismissing without prejudice from this litigation the previously certified *Oubre* claims.

This 14th day of May, 2009.

Respectfully submitted,

_____/s/ Stephen J. Herman_____
**RUSS M. HERMAN**, Bar No. 6819
**STEVEN J. LANE**, Bar No. 7554
**STEPHEN J. HERMAN, T.A.,** Bar No. 23129
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892

Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**FRED L. HERMAN**, Bar No. 6811
**Law Offices of Fred L. Herman**
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone: (504) 581-7070
Fax No. (504) 581-7083
E-Mail: fherman@acadiacom.net

**WILEY J. BEEVERS**, Bar No. 2902
**STEVEN M. MAUTERER**, Bar No. 26682
**Beevers & Beevers, LLP**
210 Huey P. Long Ave.
Gretna, Louisiana 70053
Phone: (504) 361-4287
Fax No. (504) 362-1405
E-Mail: smauterer@bellsouth.net

**J. ROBERT ATES,** Bar No. 2580
**Ates Law Firm, APLC**
13726 River Rd Ste A
Destrehan, Louisiana 70047-5012
Telephone: (985) 764-9911
Fax No. (985) 764-9686
E-Mail: jra@ateslawfirm.com

**Counsel for Movants, and**
**The _Oubre_ Class.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served the above and foregoing Motion *via* E-MAIL upon the

following counsel:

> Emile Rolfs, Esq.     ECR@bswllp.com
> *Counsel for Louisiana Citizens*

I FURTHER CERTIFY that I have served the above and foregoing Motion *via* E-Mail and by

U.S. Mail upon:

> The Honorable Henry G. Sullivan, Jr.
> 24th Judicial District Court, Div. "M"
> 200 Derbigny Street
> Gretna, Louisiana 70053
> E-Mail: Susanr@24jdc.us

I FURTHER CERTIFY that I will cause the above and foregoing Motion to be filed with the ECF

electronic filing system for the Eastern District of Louisiana, thereby causing the Motion to be served

electronically upon all counsel of record,

This 14th day of May, 2009.


                                    _____ /s/ Stephen J. Herman _____