UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | |
| PERTAINS TO INSURANCE | * | JUDGE DUVAL |
| *Chehardy,* 06-1672 | * | |
| *Chehardy,* 06-1673 | * | |
| *Chehardy,* 06-1674 | * | MAGISTRATE WILKINSON |
| | * | |
| * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, STAY OR SEVER
LOUISIANA CITIZENS MOTION FOR TEMPORARY RESTRAINING ORDER
AND IN OPPOSITION TO THE MOTION FOR TRO
AND IN SUPPORT OF MOTION TO APPOINT COUNSEL FOR *OUBRE* CLASS**

John Macera II, Sylvia Randolph and Susan Hano, Wiley J. Beevers, Steven M. Mauterer, Fred L. Herman, J. Robert Ates, and the law firm of Herman Herman Katz & Cotlar LLP respectfully submit the following memorandum **(i)** in support of their Motion to Dismiss, Stay or Sever, **(ii)** in Opposition to the Motion for TRO, and **(iii)** in support of the Motion to be Appointed Counsel for the *Oubre* Class:

**MAY IT PLEASE THE COURT:**

**The *Oubre* Class Certification**

On July 11, 2006, the Honorable Henry G. Sullivan, Jr. of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, certified the following class with respect to Citizens' failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3):

> All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.

The certification of the *Oubre* class was affirmed by the Louisiana Fifth Circuit Court of Appeal.[1] Citizens applied for writs to the Louisiana Supreme Court, which were denied.[2]

On January 28, 2008, Judge Sullivan issued an Order approving formal Class Notice in the *Oubre* case, which: **(i)** confirmed the Court's appointment of Movants Macera, Randolph and Hano as Class Representatives with respect to the failure-to-initiate loss adjustment claims; **(ii)** reconfirmed the Court's July 26, 2006 appointment of Wiley J. Beevers and Steven M. Mauterer as Class Counsel; **(iii)** advised that:

> At present, this class action covers no other claims of cause of action other than that clearly set forth in the class definition and effects no other pending litigation, individual and/or class action, brought in the Parish of Jefferson or any other parish which action is not in conflict with the class definition as set forth by the court.

---

[1] Oubre v. Louisiana Citizens, No.07-66 (La. App. 5th Cir. 5/29/07), 961 So.2d 504, 513.

[2] No.2007-1329 (La. 9/28/07), 964 So.2d 363.

> **If you have filed your own separate claim as a result of Hurricane Katrina or Rita against Louisiana Citizens which does not make a claim that Louisiana Citizens failed to initiate loss adjustment within thirty (30) days after notification of loss, you MAY maintain your own separate lawsuit AND be a member of this class.**

And, however, at the same time, **(iv)** advised that:

> By remaining a class member, **any claims against Louisiana Citizens for damages arising from their conduct as alleged by the class representatives will be determined in this case and <u>cannot</u> <u>be</u> <u>presented</u> <u>in</u> <u>any</u> <u>other</u> <u>lawsuit</u>.**

Additionally, the Notice provided a means to opt out of the *Oubre* class by submitting an Exclusion Request on or before May 1, 2008.[3]

### The *Chalona* and *Orrill* Certifications

After the *Oubre* case was certified, Judge Buckley, sitting in the 34th Judicial District Court, had occasion to consider a similar motion for class certification in the *Chalona* case. The Court, in granting class certification, ruled that:

> ... the defined class will **exclude** the members of the *Oubre* class unless they additionally did not have a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss. Further, said definition excludes "and/or whose claims were insufficiently paid." Therefore, the <u>Chalona</u> class will seek recovery for damages for a different alleged act than *Oubre* and **will not duplicate any recovery**.[4]

---

[3] *See* CLASS NOTICE, *Oubre v. Louisiana Citizens* (24th JDC Jan. 28, 2008) (EXHIBIT "A").

[4] REASONS FOR JUDGMENT, *Chalona v. Louisiana Citizens,* No.107-125 (La. 34th JDC Jan. 25, 2008), at p.7, (emphasis supplied).

When the certification order was appealed on the basis of, among other things, *lis pendens,* the Louisiana Fourth Circuit Court of Appeal adopted much the same reasoning:

> In the instant case, the class includes only those who are seeking recovery for LCPIC's failure to submit a timely written offer of settlement, while the *Oubre* class includes those who are seeking damages and penalties for LCPIC's failure to timely initiate loss adjustment. **While it is possible that some individuals could be included as members of both the *Oubre* class and the instant class, the relief sought in the two cases is not the same. Thus, a judgment in the *Oubre* lawsuit would not have the effect of *res judicata* in the instant suit**.[5]

Around the same time, Judge Reese, sitting in the Civil District Court for the Parish of Orleans, had the opportunity to consider a third motion for class certification in the *Orrill* case. In addressing the class definition, the trial court indicated that "after the adjustment was made and the adjuster notified the insurance company of the loss, Citizens had thirty days in which they should have issued payment; those who experienced anything otherwise fall into the category of this class."[6] Then, addressing the *Oubre* certification specifically, Judge Reese explained that:

> ***Oubre* does not include** in its class people who received untimely payment following an adjustment. However, based on claims records submitted in this case and testimony from named Plaintiffs, this Court holds that **there is a sufficient group of putative classmembers who experienced untimely and unnecessary delay in compensation** from Citizens.[7]

---

[5] Chalona v. Louisiana Citizens, No.2008-0257 (La. App. 4th Cir. 6/11/08), 2008 WL 2405737, at p.*7, (emphasis supplied).

[6] REASONS FOR JUDGMENT, *Orrill v. AIG, Inc.,* No.05-11720 (La. CDC Orleans June 6, 2008), p.5, (emphasis supplied).

[7] REASONS FOR JUDGMENT, *Orrill v. AIG, Inc.,* No.05-11720 (La. CDC Orleans June 6, 2008), p.5, (emphasis supplied).

As in *Chalona,* Judge Reese appeared to have focused on the claim for relief that is associated with the failure to timely *pay,* as distinguished from the *Oubre* classmembers who were seeking relief for failure to timely *initiate* adjustment.

**The *Orrill/Chalona* Settlement**

Facing partial summary judgment on liability and an early 2009 trial date in *Oubre,*[8] Louisiana Citizens changed defense counsel in August of 2008 and quickly put together a settlement in *Orrill/Chalona* which purported to settle *both* failure-to-initiate and failure-to-pay claims.[9] Based on the timing and other circumstances, this appeared to be a possible "end-run" around *Oubre* in a "reverse auction" attempt by Citizens to settle the case in Civil District Court.[10]

The moving parties and counsel challenged the jurisdiction of the Civil District Court to

---

[8] Judge Sullivan rendered judgment regarding Citizens' liability for failure to timely initiate loss adjustment on September 18, 2008 with writs denied by the Louisiana Fifth Circuit and the Louisiana Supreme Court. Oubre v. Louisiana Citizens, 2008-1157 (La. App. 5 Cir. 10/23/08), *writs denied,* 2008-2826 (La. 2/6/09).

[9] At the time of the proposed settlement, the *Orrill* class had just been certified and was on appeal before the Louisiana Fourth Circuit; the *Chalona* certification had just been affirmed by the Fourth Circuit with a writ application by Citizens pending before the Louisiana Supreme Court. In *Oubre,* by contrast, notice had already been provided to the class, the opt-out period had expired, and the parties were engaged in active discovery, motion practice, and preparation for the March 2009 trial.

[10] Indeed, the circumstantial evidence was borne out during the Fairness Hearing on December 16, 2008, when direct evidence was revealed to undersigned counsel and the court. A letter agreement between *Orrill/Chalona* Counsel and counsel for Louisiana Citizens dated September 23, 2008, provided that: **(i)** "...the Chalona and Orrill class members and attorneys will also, by the aforesaid Release, provide complete indemnification to Louisiana Citizens (both possible payments to Oubre plaintiffs and attorney's fees) for payments made as a result of a final judgment in Oubre, should the *Oubre* matter not be dismissed, with prejudice, as a result of the settlement of these claims." **(ii)** Appeared to limit the indemnification to the amount awarded in attorneys' fees – but is *not* clear that the obligation is to be satisfied solely by the attorneys out of their fees, (*see* reference to "class members" *supra*). **(iii)** Although the class attorneys will have no duty to defend Citizens against the *Oubre* class, "the class attorneys retain the right to assist in same."

resolve the *Oubre* claims, given LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 594(A)(1),[11] the *Chalona* decision,[12] the court-approved *Oubre* Class Notice,[13] and PROFESSIONAL RULE 4.2.[14] These challenges culminated in the PRELIMINARY INJUNCTION ORDER which is the subject of Citizens' Motion for TRO.[15] Citizens took writs to the Louisiana Fifth Circuit Court of Appeal, which were denied.[16] The Louisiana Supreme Court also denied Citizens' writ application.[17]

Despite the preliminary injunction, Citizens proceeded to a fairness hearing in the Civil District Court for the Parish of Orleans. Undersigned counsel, on behalf of two objectors, challenged the *Orrill/Chalona* settlement, as:

- The *Orrill/Chalona* Class Settlement Notice did not meet the minimum requirements of Due Porcess;

- There was an inherent conflict of interest between and among classmembers who each received $1,000, irrespective of (a) how many different affected insured properties were at issue; or (b) whether the classmember had a

---

[11] LA. CODE CIV. PRO. ART. 594(A)(1) ("An action previously certified as a class action shall not be dismissed or compromised without the approval of the court exercising jurisdiction over the action") (emphasis supplied).

[12] Chalona v. Louisiana Citizens, No.2008-0257 (La. App. 4th Cir. 6/11/08), 2008 WL 2405737, at p.*7 ("While it is possible that some individuals could be included as members of both the *Oubre* class and the instant class, the relief sought in the two cases is not the same. Thus, **a judgment in the *Oubre* lawsuit would not have the effect of *res judicata* in the instant suit**") (emphasis supplied).

[13] CLASS NOTICE, *Oubre v. Louisiana Citizens* (24th JDC Jan. 28, 2008) (EXHIBIT "A") ("any claims against Louisiana Citizens for damages arising from their conduct as alleged by the class representatives will be determined in this case and **cannot be presented in any other lawsuit**") (emphasis supplied).

[14] "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter." LA. PROFESSIONAL RULE OF CONDUCT 4.2(a).

[15] *See* JUDGMENT ON MOTION FOR PRELIMINARY INJUNCTION, *Oubre v. Louisiana Citizens* (24th JDC Nov. 19, 2008) (CITIZENS EXHIBIT "3").

[16] *Oubre v. Louisiana Citizens,* 2008-1272 (La. App. 5 Cir. 5/9/08).

[17] *Oubre v. Louisiana Citizens*, 2008-2879 (La. 12/15/08).

     failure-to-initiate claim, a failure-to-pay claim, or both;

• *Orrill/Chalona* Class Counsel were inadequate given (i) the circumstances, which were highly suggestive of collusion; as well as (ii) direct evidence revealed during the Fairness Hearing that *Orrill* Class Counsel had actually agreed to indemnify Citizens out of the Settlement Fund in the event that the Settlement was determined not to release the claims of the *Oubre* Class;

• The jurisdiction barrier to settling the failure-to-timely-initiate-loss-adjustment claims previously certified in *Oubre* in the Civil District Court for the Parish of Orleans without getting approval from the 24th JDC;  and,

• The overall settlement – of $13 million for 70,000 classmembers with respect to two claims – was not fair, reasonable, or adequate given the exposure.

This settlement is now on suspensive appeal before the Louisiana Fourth Circuit.

**The *Oubre* Settlement with Citizens**

On or around March 4, 2009, undersigned counsel entered into a letter agreement with Citizens for settlement of the *Oubre* class claims.  Under the settlement, the *Oubre* claims would be settled – in addition to the *Orrill/Chalona* settlement – for an additional $50 Million to the *Oubre* Class in consideration for failure-to-timely-initiate-loss-adjustment penalty claims.  The settlement was negotiated and recommended by Citizens' CEO, Mr. Wortman, by Citizens' Director of Litigation Suzanne don deVille, (who signed the Declaration in Support of Citizens' Motion for TRO), and by Citizens' outside counsel, Mr. Simmons, Mr. Cullota, Mr. Unsworth and Mr. Patin,

of the Hailey McNamara firm.[18]   The settlement agreement was, however, subject to approval by the Citizens Board, which refused to vote on the issue.

**Summary Judgment and Trial in the *Oubre* Case**

The claims of 18,573 *Oubre* classmembers could be established from Citizens' own database, and were submitted on summary judgment.  Trial of the matter commenced, and a **final judgment** of $92,865,000 was rendered on behalf of the claimants who had established their claims on summary judgment and was designated "final" under Louisiana Code of Civil Procedure Article 1915.[19]  In addition, (with the stipulation of Citizens' counsel), trial was **held open** with respect to the failure-to-timely-initiate-loss-adjustment claims of approximately 44,000 additional classmembers.

**This Court Has No Jurisdiction over the Motion for TRO**

Because both Louisiana Citizens and its policyholders are citizens of the State of Louisiana, there is no diversity jurisdiction under 28 U.S.C. §1332.

The claims by other putative classmembers against other potentially diverse insurance

---

[18] Mr. Rolfs, who appears as counsel for Citizens on the Motion for TRO, testified as a witness for Citizens in support of a separate settlement in the *Orrill* matter pending in the Civil District Court for the Parish of Orleans, as well as in opposition to the very preliminary injunction issued by Judge Sullivan which Citizens now asks this Honorable Court to restrain and enjoin.

[19] *See* AMENDED JUDGMENT, *Oubre v. Louisiana Citizens* (24th JDC March 26, 2009) (EXHIBIT "B").

companies do *not* arise from any single or joint right or interest "with respect to or arising out of the same transaction or occurrence" as is required for permissive joinder under Federal Rule of Civil Procedure 20. *Nor* are the claims "so related" that they "form the same case or controversy" as is required for supplemental jurisdiction under 28 U.S.C. §1367(a). An Allstate policyholder, in this regard, does not have any interest or right in a Citizens policyholder's claim against Citizens. The "Master Complaint" moreover is simply an administrative tool for the court, and can provide no independent basis for jurisdiction.[20]

In addition, both the *Oubre* classmembers and Louisiana Citizens are citizens of the State of Louisiana for diversity purposes, and there is accordingly no federal jurisdiction over the *Oubre* class, under 28 U.S.C. §1332(d)(2), or, alternatively, by virtue of 28 U.S.C. §1332(d)(4)(A)(i).

The Court should therefore dismiss Citizens' Motion for TRO for lack of subject-matter jurisdiction.

**Assuming *Arguendo* That Jurisdiction Exists, (Which is Denied), the Claims Against Citizens In This Action Should be Stayed**

While a Federal Court should generally exercise jurisdiction where it exists, courts may stay or dismiss an action in exceptional circumstances where the state court has previously acquired jurisdiction and is the more appropriate forum. *See, e.g.,* LAC Real Estate Holdings v. Biloxi Marsh Lands Corp, No. 08-30361, 2009 WL 937165 (5th Cir. April 8, 2009) (affirming stay under the

---

[20]*See, e.g.,* In re Propulsid, 208 F.R.D. 133, 142 (E.D.La. 2002) (appropriate to employ a master complaint solely as a procedural device to assist the Court with efficient case management and administration).

*Colorado River* Doctrine). In this particular case: **(i)** there is <u>no</u> certification in the Federal Court proceeding;[21] **(ii)** the State Court proceeding has been certified; **(iii)** there is <u>not</u> even a proposed settlement in the Federal Court suit; **(iv)** there is already a <u>judgment</u> in the State Court suit; **(v)** the claims are entirely matters of <u>State Law</u>; **(vi)** the State Court proceedings are more than adequate to protect the rights of the party seeking to invoke Federal Jurisdiction. Therefore, even assuming *arguendo* that Federal Jurisdiction exists, (which is denied), the Court should stay any and all claims against Citizens in deference to the State Court suit.

**Assuming *Arguendo* That Jurisdiction Exists, (Which is Denied), the Claims Against Citizens for Failure-to-Timely-Initiate-Loss-Adjustment Should be Severed and Either "Remanded" or Dismissed without Prejudice**

Even assuming that the claims by the State and/or Citizens Policyholders against Louisiana Citizens are "supplemental claims" under 28 U.S.C. §1367, (which is denied), the claims **(i)** raise a novel issue of State Law – *which have already been ruled upon by the State Court with respect to the class*; and **(ii)** substantially predominate over the claim or claims over which the Federal Court had original jurisdiction (if any); and **(iii)** in addition, there are exceptional circumstances which further justify the severance of the failure-to-timely-initiate-loss-adjustment claims against Louisiana

---

[21]Indeed, it is not even clear that the *Oubre* class claims are encompassed within the above-captioned proceeding. While the moving parties and counsel are not intimately familiar with all of the orders and pleadings in the above-captioned litigation, it is undersigned counsel's understanding that the "Insurance Track" was intended to address claims that all-risk policies did not exclude "flood" damage when such flood damage was attributable to man-made causes, and that such claims were *dismissed* by the U.S. Fifth Circuit Court of Appeals. *See* In re Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007). The bad faith claims within the Master Complaint appear to be focused on the flood exclusion issues, and do <u>not</u> appear to allege a specific claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3). *See* MASTER COMPLAINT, ¶¶ 84-92 (CITIZENS' EXHIBIT "2").

Citizens, which have already been certified and partially litigated to judgment in *Oubre.* 28 U.S.C. §1367(c). The Court should therefore sever and "remand" to the 24th Judicial District Court or dismiss without prejudice from this litigation those claims.

**The TRO Sought by Citizens is Clearly Barred by the Anti-Injunction Act**

Even assuming *arguendo* that this Honorable Court has jurisdiction over the class claims which have been previously certified in *Oubre,* (which is denied), there is <u>no</u> Federal Court *judgment* (or even proposed settlement) to protect or effectuate, nor is the injunction sought "necessary" in aid of the Court's jurisdiction. *See* 28 U.S.C. §2283. There is <u>no</u> *res* under the jurisdiction of the Court to protect – *except* for the Judgment in the 24th Judicial District Court and the settlement funds in the Registry of the Clerk of CDC. Nor is there anything which would prevent Citizens from "carving out" the *Oubre* claims in any otherwise "global" settlement, and resolving those claims separately.[22] Indeed, Citizens' argument regarding "the Court's authority over management of complex class action litigation and settlement discussions therein" is completely belied by the fact that Citizens filed *nearly identical* Motions seeking TROs in <u>both</u> the present action and the *Road Home* action before Judge Barbier. Neither *Agent Orange* nor *Baldwin-United* or *Royal Ins Co* nor any other case stands for the proposition that a Federal Court in which no settlement has been reached and in which no class has been certified should (or even can) enjoin a State Court case which has already been

---

[22] Assuming, of course, that any such claims are even before the Court. *See* FOOTNOTE 21, *supra*.

both certified and partially resolved on the merits, so that – rather than finalizing the settlement which had already been reached with the class counsel who are actually litigating the claims – the defendant can attempt to go out and strike a more favorable deal from a different set of attorneys who have been litigating other claims.[23]

### Undersigned Counsel Should be Appointed to Represent the *Oubre* Class in Any "Global" Settlement Discussions

To the extent that any settlement negotiations for "global resolution" go forward, Wiley J. Beevers, Steven M. Mauterer, Fred L. Herman, J. Robert Ates, and the law firm of Herman Herman Katz & Cotlar, LLP should be appointed to represent the plaintiffs with respect to the claims which have already been certified and partially decided in *Oubre*.

---

[23]*See* In re Agent Orange, 996 F.2d 1425, 1431 (2d Cir. 1993) ("district court was not determining simply the preclusive effect of a prior final judgment on claims or issues expected to be raised in subsequent collateral proceedings; it was enforcing an **explicit, ongoing order against relitigation of matters it already had decided**") (emphasis supplied); In re Baldwin-United Corp, 770 F.2d 328, 337 (2d Cir. 1985) ("The circumstances faced by Judge Brieant threatened to frustrate proceedings in a federal action of substantial scope, which had already consumed vast amounts of judicial time and was nearing completion. Some 100,000 plaintiffs participated as parties in the action, compared to a mere 50 who chose to opt out. Settlement negotiations in the federal court had been under way for many months, agreements had been reached, and all that remained was approval of the settlement by the district court. Several evidentiary hearings on the settlement had been held, featuring testimony by representatives of the plaintiffs, the defendants, and various state agencies. The district court had before it thousands of pages of materials regarding the rehabilitation proceedings in courts in Arkansas and Indiana. In contrast, although the Baldwin bankruptcy occurred in 1983, the states waited until the eve of settlement approval to take any significant actions against the broker-dealers"); Royal Insurance v. Quinn-L Capital, 960 F.2d 1286, 1299 (5th Cir. 1992) ("The district court's investment of time and energy in resolving the coverage issue would be protected by an injunction barring relitigation of that issue – not by barring *any claim* dependent upon that issue. We therefore conclude that **the district court should have limited the scope of its injunction to enjoining relitigation of the coverage issue and that its injunction of the post-declaratory judgment claims was improper**") (emphasis supplied).

**Conclusion**

Citizens Motion for TRO should be dismissed for lack of jurisdiction. In the alternative, the claims against Citizens in this action should be stayed in deference to the judgments which have already been rendered in State Court. In the alternative, the *Oubre* claims should be severed and either "remanded" to the 24th Judicial District Court or dismissed without prejudice from this litigation.[24] In the alternative, the TRO should be denied – or, if already granted, then immediately vacated. And, finally, in the event that negotiations for "global" resolution with Citizens go forward, undersigned counsel should be appointed by this Honorable Court to represent the *Oubre* class with respect to any such negotiations.

This 14th day of May, 2009.

Respectfully submitted,

/s/ Stephen J. Herman
**RUSS M. HERMAN**, Bar No. 6819
**STEVEN J. LANE**, Bar No. 7554
**STEPHEN J. HERMAN, T.A.,** Bar No. 23129

---

[24] While the moving parties and counsel request that the *Oubre* claims be "dismissed" from this litigation, it is, again, not even clear that the *Oubre* claims are even a part of the above-captioned litigation. It is believed that the "Insurance Track" was intended to address claims that all-risk policies did not exclude "flood" damage when such flood damage was attributable to man-made causes, and that such claims were *dismissed* by the U.S. Fifth Circuit Court of Appeals. *See* In re Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007). Indeed, the bad faith claims within the Master Complaint appear to be focused on the flood exclusion issues, and do *not* appear to allege a specific claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3). *See* MASTER COMPLAINT, ¶¶ 84-92 (CITIZENS' EXHIBIT "2").

**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**FRED L. HERMAN**, Bar No. 6811
**Law Offices of Fred L. Herman**
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone: (504) 581-7070
Fax No. (504) 581-7083
E-Mail: fherman@acadiacom.net

**WILEY J. BEEVERS**, Bar No. 2902
**STEVEN M. MAUTERER**, Bar No. 26682
**Beevers & Beevers, LLP**
210 Huey P. Long Ave.
Gretna, Louisiana 70053
Phone: (504) 361-4287
Fax No. (504) 362-1405
E-Mail: smauterer@bellsouth.net

**J. ROBERT ATES,** Bar No. 2580
**Ates Law Firm, APLC**
13726 River Rd Ste A
Destrehan, Louisiana 70047-5012
Telephone: (985) 764-9911
Fax No. (985) 764-9686
E-Mail: jra@ateslawfirm.com

**Counsel for Movants, and
The *Oubre* Class.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served the above and foregoing Memorandum *via* E-MAIL upon the following counsel:

> Emile Rolfs, Esq.     ECR@bswllp.com
> *Counsel for Louisiana Citizens*

I FURTHER CERTIFY that I have served the above and foregoing Memorandum *via* E-Mail and by U.S. Mail upon:

> The Honorable Henry G. Sullivan, Jr.
> 24th Judicial District Court, Div. "M"
> 200 Derbigny Street
> Gretna, Louisiana 70053
> E-Mail: Susanr@24jdc.us

I FURTHER CERTIFY that I will cause the above and foregoing Memorandum to be filed with the ECF electronic filing system for the Eastern District of Louisiana, thereby causing the Motion to be served electronically upon all counsel of record,

This 14th day of May, 2009.

      /s/ Stephen J. Herman