UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES    CIVIL ACTION
CONSOLIDATED LITIGATION         NO: 05-4182 "K"(2)

                                JUDGE STANWOOD R. DUVAL, JR.

PERTAINS TO: INSURANCE
*Chehardy, 06-1672,*
*Chehardy, 06-1673,*
*Chehardy, 06-1674*

                                MAG. JOSEPH C. WILKINSON, JR.

## SUPPLEMENTAL MEMORANDUM AND MEMORANDUM IN OPPOSITION TO *OUBRE* COUNSEL'S MOTIONS TO DISMISS, STAY OR SEVER

As explained in its previous memorandum in support, Louisiana Citizens' motion is narrowly limited to a request that this Court enjoin the enforcement of Judge Sullivan's November 19, 2008 Preliminary Injunction as against Louisiana Citizens, its counsel, agents, and employees with regard to any efforts undertaken by Louisiana Citizens to negotiate a global settlement of all claims in this Court. *Oubre* counsel's failure to even address the merits of this motion illustrates the correctness of Louisiana Citizens' position. Instead, *Oubre* counsel have filed a separate motion to dismiss, or stay or sever. While that motion was not noticed for hearing and is not now before the Court, Louisiana Citizens, in addition to supplementing its original memorandum, will briefly address the issues raised by the *Oubre* counsel in the interests of time and completeness.

861789.1

## Supplemental Memorandum

### A. Rule 65 Not Applicable

Louisiana Citizens' motion is grounded under the All-Writs Act, 28 U.S.C. § 1651. Whereas most injunctions requested in federal court must satisfy the requirements prescribed by Rule 65 of the Federal Rules of Civil Procedure, it is clear that Rule 65 does not apply to an injunction requested under the All-Writs Act.

In *In re Baldwin-United Corporation*, 770 F. 2d 328 (2d Cir. 1985), the court recognized that injunctions issued under the authority of the All-Writs Act address differing concerns than injunctions governed by Fed. R. Civ. P. 65: "[p]reliminary injunctions under Rule 65 are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case at hand..." whereas injunctions issued pursuant to the All-Writs Act, in contrast, "...are needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it." See also, *In re Johns-Manville Corporation*, 27 F. 3d 48, 49 (2d Cir. 1994).

Nonetheless, the courts have instructed that any injunction, whether issued in accordance with Rule 65 or the All-Writs Act, must be specific and definite enough to apprise those who are subject to the injunction of exactly what is prohibited. *In re Baldwin-United Corporation*, 770 F. 2d 328, 339; see *Diapulse Corp. of America v. Carba, Ltd.*, 626 F. 2d 1108, 1111 (2d Cir. 1980). In addition, those parties subject to the injunction must still be given appropriate notice of its terms. *Id.*

Louisiana Citizens has fully complied with these requirements, as evidenced by the Proposed Order (Doc. # 18789, Attachment # 11) and the Certification of Notice to State Court Parties and Counsel (Doc. # 18789, Attachment # 10) which were filed with the Motion for Temporary Restraining Order and Preliminary and Permanent Injunctions (Doc. # 18789).

**B.     The Potential for Harm is Real and Time is of the Essence**

Louisiana Citizens' motion seeks to eliminate any doubt about its ability to continue with global settlement negotiations with liaison counsel without fear of being held in contempt of the Temporary Restraining Order issued by the 24th Judicial District Court. Louisiana Citizens' concerns about possible contempt proceedings are real. The best evidence of this is the fact that Louisiana Citizens has already been subject to one Rule for Contempt filed by class counsel in that Court based upon Louisiana Citizens' efforts to effectuate a settlement of all pending penalty claims in a separate class action suit pending in Civil District Court (the *Orrill* matter).

A copy of class counsel's Motion to Set Emergency Hearing Less Than Fifteen Days After Filing, Rule for Contempt, and Motion for Emergency Status Conference With Incorporated Memorandum, is attached hereto as **Exhibit "8"**. In their motion, *Oubre* class counsel contended that Louisiana Citizens, by participating in the *Orrill* Fairness Hearing, had committed 58,868 separate counts of constructive contempt and requested a contempt sanction of $58 million. See **Exhibit "8"**, pp. 5-6. While the hearing on the motion for contempt was ultimately passed without date, Louisiana Citizens' concerns about the possibility of additional contempt proceedings arising out of its efforts to complete a settlement of all claims in this Court are significant and real.

Furthermore, Louisiana Citizens is presently operating under the constraints of a suspensive appeal deadline in connection with a motion for summary judgment that was granted by the 24th Judicial District Court, awarding a total of $92,865,000 to the members of the *Oubre* class. See copy of the trial court's Judgment granting plaintiffs' class motion for summary judgment, dated March 26, 2009. **Exhibit "9"**. Louisiana Citizens' Motion for New Trial was denied by the Court on May 8, 2009. The Court certified this interlocutory judgment as "final." Therefore, under Louisiana Code of Civil Procedure Article 2123(A)(2) and 2124(B)(1), Louisiana Citizens must perfect any suspensive appeal from this Judgment within 30 days of the mailing of the notice of the Court's refusal to grant its application for new trial and must post a suspensive appeal bond equal to the amount of the Judgment, plus interest. Time, therefore, is of the essence.

## Reply Memorandum and Opposition to *Oubre* Class Counsel's Motions to Dismiss, Stay, or Sever

### A. State Court Lacks Power to Enjoin

At the outset, Louisiana Citizens points out again that nowhere in their Motion or Supporting Memorandum do counsel for the *Oubre* class dispute that Judge Sullivan and the 24th JDC was without power to enjoin Louisiana Citizens from proceeding with settlement negotiations before this Court. Their failure to address this pivotal issue leads to the conclusion that they have conceded this point. Therefore, the TRO should be granted.

**B.     This Court has Jurisdiction**

Oubre counsel's argument that this Court is without jurisdiction over the claims before it is without merit. This Court has subject matter jurisdiction based on the removal of *Chehardy* to federal court on September 30, 2005. Moreover, while, *Chehardy* was pending in the Middle District, a Motion to Remand (which included an argument under 1332(d)(4)(A)) was denied based upon Judge Polozola's determination that jurisdiction existed under 28 U.S.C. §1332(a), 28 U.S.C. §1332(d), and 28 U.S.C. §1369. See copy of Order denying plaintiffs' Motion to Remand in *Chehardy* attached as **Exhibit "10"**. The *Chehardy* actions were then transferred and consolidated before this Court and Louisiana Citizens has been defending itself against its policyholders' claims for nearly 3 years. It is clear that this Court has subject matter jurisdiction over this case.

These very same claims were asserted in the "Road Home" litigation and subject to the jurisdiction and management of this Court before being deconsolidated and transferred to Judge Barbier's division. In fact, this Court heard, and denied, a similar motion to remand in the "Road Home" case. (Doc. #9066, p. 10, **Exhibit "11"**) and its decision was affirmed by the Fifth Circuit in re Katrina Canal Breaches Litigation, 524 F. 3d 700 (5th Cir. 2008). Therefore, this Court and the Eastern District clearly have subject matter jurisdiction over Louisiana Citizens and its policyholders.

**C.     Penalty Claims Have Been and Remain Before This Court**

In footnote 6 of *Oubre's* motion and in footnote 21 of their memorandum in support, it is questioned whether the penalty claims raised by the *Oubre* class even remain within the proceeding before this Court.

First, while the flood exclusion-related issues and claims were dismissed by the U.S. Fifth Circuit Court of Appeals in *In Re Canal Breaches Litigation*, 495 F. 3d 191 (5th Cir. 2007), this Court continued to exercise its jurisdiction over all of the remaining claims that fell under the "insurance" umbrella. In fact, this Court specifically opted to maintain the consolidation of "Insurance" and "Road Home" cases in order to afford "one last opportunity settle their cases in an efficient and cost-effective manner before these cases are deconsolidated and set for trial." See Post-Sher Insurance Umbrella Case Management Order, Doc. # 13521 attached as **Exhibit "12"**. To this day, this Court continues to exercise its jurisdiction over these actions and claims.

Second, *Oubre* class counsel contentions that the bad faith claims raised within the Master Complaint do not "appear" to allege specific claims for failure to timely initiate loss adjustment pursuant to former Louisiana Revised Statute 22:658(A)(3) ignore the fact that federal court is a notice pleading jurisdiction. Here, the Master Complaint specifically alleges a breach of Louisiana Revised Statute 22:658, which includes any claims for any alleged failure to timely adjust pursuant to 22:658(A)(3). (Doc. #3413, pp. 16-17. Fed. R. Civ. P. 8(a)(2).

**D.    The *Oubre* Class' Motions to Stay or Sever Must be Denied**

Louisiana Citizens' Motion for TRO, and Preliminary and Permanent Injunctions request relief from Judge Sullivan's Preliminary Injunction Order. The purpose of the requested relief is to free Louisiana Citizens to pursue a settlement in federal court without fear of being accused of violating the state court order. This very narrow issue goes to the very heart of this Court's authority over this case and the injunction requested is clearly in aid of this Court's jurisdiction.

861789.1

### 1. A Proposed Settlement Agreement Is Not Necessary

*Oubre* class counsel argue that this Court is precluded from granting the relief sought by Louisiana Citizens under the Anti-Injunction Act. In particular, they claim that without a judgment or proposed settlement, there is no *res* for this Court to protect. In response, Louisiana Citizens simply notes that it is very well aware that it has no settlement to protect; that is why it is currently before this Court seeking to enjoin the state court from enforcing the preliminary injunction so it may continue its settlement negotiations and reach an agreement. In addition, pre-agreement settlement discussions have been held to be a sufficient basis for a federal court to exercise its jurisdiction under the All Writs and Anti-Injunction Acts. *In re: Asbestos School Litigation*, 1991 WL 61156 (E.D. Pa. 1991).

### 2. The Penalty Claims in *Oubre* Are Not "Novel" to This Court

These same penalty claims have been subject to this Court's jurisdiction for almost three years. Although these penalty claims do raise issues of state law, they are in no way "novel." This Court is adequately equipped to resolve these issues and is as capable of interpreting and applying state law as any inferior state court. *In re Katrina Canal Breaches Litigation*, 495 F. 3d 191, 208 (5th Cir. 2007), cert denied 1285 S. Ct. 1230. More to the point, there is nothing "novel" about the real issue before this Court; the Supreme Court's decision in *Donovan v. City of Dallas* was handed down in 1964.

### 3. Any Severance of These Claims Would Promote Unwanted Piecemeal Litigation

The real thrust of all of the arguments addressed by *Oubre* class counsel is that *Oubre* should be split off from this case and allowed to proceed in a piecemeal fashion in state court. But this argument ignores the extraordinary amount of time and effort that this Court has put into

7

the management and control of this case, including the Court's continual efforts to guide the parties toward a possible global settlement of all claims and causes of action. *Oubre* counsel's suggestion of a piecemeal approach rubs up against the longstanding judicial abhorrence of piecemeal litigation, especially given the genuine possibility of a global settlement of all claims.

WHEREFORE, for the reasons set forth in its initial Memorandum in Support and for those reasons set forth herein, Louisiana Citizens Property Insurance Corporation a/k/a Louisiana Citizens Fair Plan requests that its Motion for Temporary Restraining Order be GRANTED and that the *Oubre* class representatives' Motion to Dismiss, Stay or Sever, be denied.

All of which is most respectfully submitted.

DATE:   May 15, 2009.

        BY ATTORNEYS,

        BREAZEALE, SACHSE & WILSON, L.L.P.
        Post Office Box 3197
        Baton Rouge, Louisiana 70821-3197
        Telephone: 225-387-4000
        Fax: 225-381-8029

        _s/ Emile C. Rolfs, III_
        Emile C. Rolfs, III (#11431), Trial Attorney
        David R. Kelly (#1457)
        Chris D. Billings (#31621)

        ***Counsel for Louisiana Citizens Property Insurance Corporation***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO: 05-4182 "K"(2) |
| | JUDGE STANWOOD R. DUVAL, JR. |
| PERTAINS TO: INSURANCE<br>*Chehardy, 06-1672,*<br>*Chehardy, 06-1673,*<br>*Chehardy, 06-1674* | |
| | MAG. JOSEPH C. WILKINSON, JR. |

## Certificate of Service

I HEREBY CERTIFY that on May 15, 2009, a copy of the foregoing Supplemental and Reply and Memorandum in Opposition to *Oubre* Counsel's Motions to Dismiss, Stay or Sever was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record herein by operation of the court's electronic filing system. Additionally, copies of the foregoing were served upon counsel in the *"Oubre"* State Court Class Action, via United States Mail and e-mail or fax transmission, as follows:

Mr. Wiley J. Beevers
Mr. Steven M. Mauterer
BEEVERS & BEEVERS, L.L.P.
210 Huey P. Long Avenue
Gretna, LA  70053

Mr. John R. Ates
ATES & ASSOCIATES
13726 River Road, Suite A
Destrehan, LA  70047

Mr. Fred L. Herman
THE LAW OFFICES OF FRED HERMAN
1010 Common Street, Suite 3000
New Orleans, LA  70112-2421

Mr. Stephen J. Herman
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA  70113

9

861789.1

Case 2:05-cv-04182-SRD-JCW   Document 18820-2   Filed 05/15/09   Page 10 of 10

Hon. Henry G. Sullivan, Jr.
Judge, Division "M"
24th Judicial District Court
Suite 4100, 200 Derbigny Street
Gretna, LA   70053

                                                  _s/ Emile C. Rolfs, III_____
                                                  Emile C. Rolfs, III  (La. Bar No. 11431)

10

861789.1