24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO:   625-567

DIVISION:  "M"

GERALDINE OUBRE AND LINDA GENTRY on their behalf,
as well as others, similarly situated

VERSUS

LOUISIANA CITIZENS FAIR PLAN

FILED: _____

_____
DEPUTY CLERK

**MOTION TO SET _EMERGENCY_ HEARING
LESS THAN FIFTEEN DAYS AFTER FILING,
RULE FOR CONTEMPT, AND
MOTION FOR EMERGENCY STATUS CONFERENCE
WITH INCORPORATED MEMORANDUM**

**NOW INTO COURT**, through undersigned counsel, come Class Representatives, John Macera, II, Sylvia Randolph, and Susan Hano, representing the _Oubre_ Certified Class, who respectfully submit, that:

I.

Made Defendants in Rule are:

A.   Louisiana Citizens Property Insurance Corporation, a Louisiana non-profit corporation, doing business in the Parish of Jefferson, State of Louisiana; and

B.   Bourgeois Bennett, LLC, a Louisiana Limited Liability Company, domiciled in the Parish of Jefferson, State of Louisiana.

II.

On or about October 26, 2008, the aforementioned duly appointed Class Representatives filed a _Verified Petition of Court Appointed Class Representatives for: Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Other Relief Appropriate Under The Facts Or Mandated by Law._

III.

On or about October 29, 2008, after hearing arguments of counsel for all parties, this

_Oubre, et al. v._
_Louisiana Citizens Fair Plan_
_24th JDC, Docket No. 625-567, Div. "M"_

RULE FOR CONTEMPT-Preliminary Injunction.wpd

Page 1 of 9

EXHIBIT
8

Honorable Court issued a Temporary Restraining Order directed to the Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens"), through its Counsel of Record, Richard T. Simmons, Jr. (LSBA No. 12089), John E. Unsworth, Jr (LSBA No. 09477), John T. Culotta (LSBA No. 17272), and Darren A. Patin (LSBA No. 23244), as follows:

> **RESTRAINING, ENJOINING,** and **PROHIBITING** Defendant **LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION,** its agents, attorneys and employees, from <u>acting directly or indirectly</u> through any and all persons acting in concert with or for them, as follows:

> (1.)    From accepting, and/or processing any Claim Form by an <u>Oubre</u> Class Member (as per the <u>Oubre</u> class definition);

> (2.)    From considering the absence of the receipt and/or transmission of an "Opt Out Form" to be a consent to inclusion in the <u>Orrill v. AIG, et al.</u>, Civil District Court Case No. 2005-11720 proposed settlement by any <u>Oubre</u> Class Member (as per the <u>Oubre</u> Class Definition);

> (3.)    Taking any action to include, enforce and/or apply the "<u>Settlement Stipulation</u>" filed in <u>Orrill v. AIG, et al.</u>, Civil District Court Case No. 2005-11720, against a member of the <u>Oubre</u> class (as per the <u>Oubre</u> Class Definition);

> (4.)    From filing any pleadings in <u>Orrill v. AIG, et al.</u>, Civil District Court Case No. 2005-11720, funding the Qualified Settlement Trust Account and requesting and/or authorizing distribution from the Qualified Settlement Trust Account as payment of a claim as well as any attorney fee, case expenses, or administrative expenses relative to the <u>Oubre</u> Class defined in the <u>Oubre</u> Class Definition;

> (5.)    From communicating (whether by letter, telephone, meeting, or otherwise) until further orders of this Court, with any <u>Oubre</u> Class Member (as per the <u>Oubre</u> Class Definition); and

> (6.)    From advancing to, or participating in, any "Fairness Hearing" before the Honorable Kern Reese, C.D.C. Division "L," in No. 05-11720, <u>Orrill, et al vs AIG, et al.</u> (or any amended caption in connection with the "<u>Stipulation of Settlement</u>") if the purpose of said participation is to seek to include, involve, affect, or impact the <u>Oubre</u> Class Members as per the <u>Oubre</u> Class Definition.


IV.

On November 6, 10, 12, 2008, this Honorable Court presided over the *Preliminary Injunction* proceeding and heard testimony and received evidence in support of the duly appointed Class Representatives' request for the issuance of a *Preliminary Injunction*.

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
*24ᵗʰ JDC, Docket No. 625-567, Div. "M"*

V.

On November 19, 2008, this Honorable Court rendered a *Preliminary Injunction* that:

"restrains, enjoins and prohibits, Louisiana Citizens Property Insurance Corporation, its agent, employees and assigns, from acting directly or indirectly, from taking any action whatsoever to dismiss, compromise or settle any claims or claims of any member or members of the *Oubre* Class as defined by this Court in its Supplemental and Amended Judgment on Class Certification dated July 17, 2006, as follows:

> All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.

and, specifically as to any individual or individuals who were mailed an *Oubre* Class Notice and who did not opt-out on or before May 1, 2008, for their claim or claims for any penalties to which they may be entitled under the provisions of La.R.S. 22:658 A(3), in any court or in any matter other than in the case No. 625-567, Division M of the 24th Judicial District Court for the Parish of Jefferson, this Court finding that said claims can be dismissed, compromised or settled only with the approval of this Court."

VI.

On or about November 26, 2008, the Law Firm of Sidney Torres, III filed a *Motion for Extension of Deadlines and/or Objection to Proposed Class Settlement and Settlement Class* in the *Orrill v. AIG, et al.* matter, which was set before the Honorable Judge Kern Reese on December 1, 2008. This motion, as the caption clearly states, sought to extend the deadlines provided in the *Orrill* preliminary settlement and notice.

VII.

At the December 1, 2008, hearing, counsel for Louisiana Citizens, Rick Simmons, Jack Culotta and Darren Patin were in attendance. While Mr. Simmons and Mr. Patin did not actively participate in said hearing, Mr. Culotta, did participate and in fact joined with the *Orrill* Class Counsel to submit joint objections to the introduction of evidence sought to be introduce by the Torres Law Firm. *(See Exhibit A)*

VIII.

It is respectfully submitted that: "[f]or the record, Your Honor, Jack Culotta on behalf of

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
*24th JDC, Docket No. 625-567, Div. "M"*

RULE FOR CONTEMPT-Preliminary Injunction.wpd

Citizens, we would like to join in the objection of the introduction of those documents" proves <u>active participation</u> in the advancement of the *Orrill* matter which, to date, Louisiana Citizens still maintains includes and/or subsumes the *Oubre* Class.

### IX.

The Honorable Judge Kern Reese denied the *Motion for Extension of Deadlines and/or Objection to Proposed Class Settlement and Settlement Class.* Said decision was immediately reversed by the Fourth Circuit which found an abuse of discretion. *(See Exhibit B)*

### X.

On December 8, 2008, counsel for Louisiana Citizens contacted David Jarrell with the Law Office of Sidney Torres, III, and asked for him to consent to classifying his client's as a sub-class. Notwithstanding the Fourth Circuit's clear finding the forty-five day time period to opt out and/or submit claim forms was an unreasonable time, apparently, counsel for Citizens believe that the Fourth Circuit decision allows only Mr. Torres' clients additional time to opt out or submit claim forms and intend to proceed with the Fairness Hearing on December 15, 2008 in order to continue to advance the *Oubre* cause of action before the Honorable Kern Reese. Counsel for Citizens, Jack Culotta and Darren Patin, further advised Mr. Jarrell that either they or *Orrill* counsel would be filing a motion to have the Torres' group considered a sub-class in order to continue to advance that matter to a Fairness Hearing on December 15, 2008. *(See Exhibit C)*

### XI.

On or about December 5, 2008, the *Oubre* Class Counsel were subjected to additional attacks by the *Orrill* Class Counsel and appeared before the Honorable Judge Kern Reese for a *Preliminary Injunction* Hearing. Notwithstanding the fact that the *Temporary Restraining Order (See Exhibit D)* issued by Judge Kern Reese preventing the *Oubre* Class Counsel from speaking with their own clients and class members was vacated by Fourth Circuit after finding that His Honor had abused his discretion, *(See Exhibit E)* the Court proceeded with the hearing.

### XII.

Counsel for Louisiana Citizens, Mr. Jack Culotta, as well as the Director of Litigation for

Louisiana Citizens, Suzanne Don de' Ville, were present at the hearing. At numerous points during the hearing Mr. Culotta, provided verbal, as well as written, advice to the *Orrill* Class Counsel, assisted *Orrill* Class Counsel by communicating with witnesses to secure their attendance and played an active role in assisting *Orrill* Class Counsel advance their motion.

XIII.

Director of Litigation, Suzanne Don de' Ville, without protest, took the witness stand in support of the *Orrill* Class Counsel's motion, testified that Louisiana Citizens entered into a preliminary settlement which, in her belief, subsumes the *Oubre* class, that efforts taken by *Oubre* Class Counsel to advise *Oubre* Class Members of their rights in *Oubre*, in her estimation, has increased the cost of the *Orrill* claims administration, that the claims administrators have received an unusually large amount of calls regarding the *Orrill* settlement, and that actions of the *Oubre* Class Counsel were increasing the day to day cost of administration.

XIV.

It is upon information and belief, supported by the testimony of Louisiana Citizens Director of Litigation, Bourgeois Bennett, LLC is actively processing opt outs and claim forms, cataloging and sorting claims into *Oubre* and *Orrill* piles, and performing all other steps in order to advance and/or prepare for the December 15, 2008 Fairness Hearing.

XV.

Based upon the foregoing actions of Louisiana Citizens and Bourgeois Bennett, LLC, it is respectfully submitted that each and all are guilty of constructive contempt of court in violation of in La.C.C.P. art. 224(2) and La.R.S. 13:4611 (1)(b) for disobeying and resisting a lawful preliminary injunction.

XVI.

It is respectfully submitted that, after considering all opt outs received on or before May 1, 2008, the *Oubre* Class contains approximately 58,868 claims which are sought to be adjudicated in the *Orrill* Fairness Hearing on December 15, 2008. As Louisiana Citizens and Bourgeois Bennett, LLC continue, contrary to the November 19, 2008, *Preliminary Injunction* and the November 21,

2008 *"Denial Order"*,[1] to include the *Oubre* Class within the *Orrill* preliminary settlement and claims administration process, they have committed <u>58,868 separate counts of constructive contempt</u> of court and the duly appointed Class Representatives pray that Louisiana Citizens and Bourgeois Bennett, LLC show cause on a date and time convenient to this Honorable Court why they should not be held in contempt and why they should not be fined in the amount of one thousand dollars <u>per count</u> of contempt all in accordance with La.C.C.P. arts. 224,225,226,227 and La.R.S. 13:4611.

### XVII.

It is respectfully submitted that notwithstanding the *Judgments* and *Orders* of this Honorable Court, Louisiana Citizens and Bourgeois Bennett, LLC continue to take steps which **substantially and irreparably** affect the *Oubre* Class and movers pray that the Court find that good cause has been shown for an order expediting the hearing on the *Rule For Contempt* pursuant to Uniform District Court Rule 9.8b or in the alternative and only in the alternative, that the Court convene an immediate *Status Conference* so that the Court can be properly advised of the defendant in rule's actions and can issue any *Orders* necessary so that the *Oubre* Class will not suffer any further irreparable harm prior to the *Rule for Contempt* being heard.

### XVIII.

## INCORPORATED MEMORANDUM

To find a person guilty of constructive contempt, the trial court must find that he or she violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. In reaching this decision, the trial court is vested with <u>great discretion</u>. *City of Kenner v. Jan P. Jumonville, Placide*, 97-125 (La.App. 5th Cir. 8/27/97), 701 So.2d 223, 230, writ denied, 97-2890 (La.1/30/98), 709 So.2d 718; *Brunet v. Magnolia Quarterboats, Inc.*, 97-187 (La.App. 5th Cir. 3/11/98), 711 So.2d 308, 313; *Reeves v. Thompson*, 95-0321 (La.App. 4th Cir. 12/11/96), 685 So.2d 575, 579.

---

[1]    The Court found that: "it is the opinion of the Court that the members of the *Oubre* Certified Class are not members of the *Orrill* Settlement Class as to their La.R.S. 22:658 (A)(3) claims, therefore, there is no need to opt out."

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
24th JDC, Docket No. 625-567, Div. "M"

Although, Louisiana Citizens filed a *Notice of Intent To Seek Supervisory Writs* on December 3, 2008, this court is reminded that a party has a duty *to obey all orders* of the court even if they are wrongfully issued. While the duly appointed Class Representatives maintain that the Court had more than enough evidence to support the issuance of a *Preliminary Injunction,* even wrongfully issued injunctions require a party to obey. In *HCNO Services, Inc. v. Secure Computing Systems, Inc.* 96-1693 (La.App. 4 Cir. 1997) 693 So.2d 855, the Fourth Circuit found that prior to dissolution of a preliminary injunction which was later found to be wrongfully issued, a party *must obey the injunction or would be in contempt.* At present, the November 19, 2008, *Preliminary Injunction* remains in full force and effect and the aforementioned actions of the defendants in rule can be described as nothing but disobeyance of that injunction.

Therefore, Class Representatives, John Macera, II, Sylvia Randolph, and Susan Hano, representing the *Oubre* Certified Class pray that Louisiana Citizens and Bourgeois Bennett, LLC show cause on a date and time convenient to this Honorable Court why they should not be held in contempt and why they should not be fined in the amount of one thousand dollars  per count of contempt all in accordance with La.C.C.P. arts. 224,225,226,227 and La.R.S. 13:4611.


Respectfully submitted,

**BEEVERS & BEEVERS, L.L.P.**

WILEY J. BEEVERS, Bar No. 2902
RAYLYN R. BEEVERS, Bar No. 25341
STEVEN M. MAUTERER, Bar No. 26682
MICHAEL F. SOMOZA, Bar No. 12254
210 Huey P. Long Avenue
Gretna, Louisiana 70053
Telephone:     (504) 361-4287
Facsimile:     (504) 362-1405
*Class Counsel*


*And*


FRED L. HERMAN, Bar No. 6811
FRED HERMAN, APLC
1010 Common Street

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
*24th JDC, Docket No. 625-567, Div. "M"*

RULE FOR CONTEMPT-Preliminary Injunction.wpd

New Orleans, LA 70112
Telephone:   (504) 581-7070
Facsimile:   (504) 581-7080

STEPHEN J. HERMAN, Bar No. 23129
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:   (504) 581-4892
Facsimile:   (504) 561-604

J. ROBERT ATES, Bar No. 2580
ATES LAW FIRM, APLC
13726 River Rd Ste A
Destrehan, Louisiana 70047-5012
Telephone:   (985) 764-9911
Facsimile:   (985) 764-9686
*Additional Co-Trial Counsel on Behalf of the*
*Plaintiffs, Class Representatives and Certified Class*

## ORDER

Considering the foregoing motion and attachments, the facts, law and the record,

**IT IS ORDERED THAT** the *Motion To Set Hearing In Less Than 15 Days* is GRANTED;
and

~~IT IS FURTHER ORDERED that a Status Conference shall be held on the _____ day of~~

*Denied*
*WAS*

~~_____, 2008 at _____ a.m.; and~~

**IT IS FURTHER ORDERED** that Louisiana Citizens Property Insurance Corporation and

Bourgeois Bennett, LLC  show cause on the   *22nd* day of   *December*

__, 200*8* at 9:00 a.m. why the court should not find that they have committed **58.868 counts of**

**constructive contempt** and thereafter why they should not be fined in the amount of one thousand

dollars <u>per count</u> of contempt all in accordance with La.C.C.P. arts. 224,225,226,227 and La.R.S.

13:4611.

Gretna, Louisiana, this the  *8th*  day of  *December* , 2008.

_____
JUDGE

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
*24th JDC, Docket No. 625-567, Div. "M"*

RULE FOR CONTEMPT-Preliminary Injunction.wpd

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA   Page 8 of 9

PLEASE SERVE:

Bourgeois Bennett, LLC
Through its Registered Agent For Process
Ralph C. Cox, Jr.,
111 Veterans Memorial Blvd., 17th Floor
Metairie, La 70005

**SERVICE MADE VIA LA.C.C.P. ART. 1313**

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this ___ day of _Dec-mber_____, 2008, sent copies of the foregoing pleading to all known counsel or parties, by either mailing same by United States mail, properly addressed, and first class postage prepaid, via facsimile or hand delivery.

Richard T. Simmons, Jr.
John E. Unsworth, Jr.
John T. Culotta
Darren A. Patin
**Hailey, McNamara, Hall, Larman & Papale, L.L.P.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Facsimile:    (504) 836-6565
*Counsel for Louisiana Citizens Property Insurance Corporation*

*Oubre, et al. v.*
*Louisiana Citizens Fair Plan*
*24th JDC, Docket No. 625-567, Div. "M"*

RULE FOR CONTEMPT-Preliminary Injunction.wpd

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

CASE NO.   625-567                                                DIVISION "M"

GERALDINE OUBRE AND LINDA GENTRY on their behalf,
as well as others, similarly situated

VERSUS

LOUISIANA CITIZENS FAIR PLAN

FILED: *March 26, 2009*                    *Colinda Quarrelle*
                                              DEPUTY CLERK

AMENDED JUDGMENT ON PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT
FOR PORTION OF THE CLASS FOR WHICH LOUISIANA CITIZENS
ESTABLISHES THE RIGHT TO JUDGMENT

This matter came for hearing on January 30, 2009.

PRESENT:   Wiley J. Beevers and Steven M. Mauterer, attorneys for the plaintiffs,
Geraldine Oubre and Linda Gentry

John T. Culotta, Darren A. Patin, Richard T. Simmons and John B.
Unsworth, attorneys for the defendant, Louisiana Citizens Fair Plan

After considering the entire record in this matter, argument of counsel, the memoranda

submitted by the parties, and the applicable law; the Court finds that plaintiffs have established a

prima facie case entitling these plaintiffs to judgment as a matter of law; amends its March 20,

2009 Judgment as follows:

IT IS ORDERED that the motion for summary judgment filed by the plaintiffs is hereby

GRANTED and that there be judgment in favor of plaintiffs identified in Group I totaling

11,020 class members, except as to those individuals who timely opted out of the class and those

individuals who executed a Receipt, Release and Indemnity Agreement identical to the form

marked as Exhibit A in defendant's Motion for Partial Summary Judgment Re: Executed

Releases.

IT IS FURTHER ORDERED that the second motion for summary judgment filed by

the plaintiffs is hereby GRANTED and that there be judgment in favor of plaintiffs identified in

Group II totaling 7,174 class members, except as to those individuals who timely opted out of

EXHIBIT
9

IMAGED MAR 27 '09

the class and those individuals who executed a Receipt, Release and Indemnity Agreement identical to the form marked as Exhibit A in defendant's Motion for Partial Summary Judgment Re: Executed Releases.

**IT IS FURTHER ORDERED** that the third motion for summary judgment filed by the plaintiffs is hereby **GRANTED** and that there be judgment in favor of plaintiffs identified in Group III totaling 379 class members, except as to those individuals who timely opted out of the class and those individuals who executed a Receipt, Release and Indemnity Agreement identical to the form marked as Exhibit A in defendant's Motion for Partial Summary Judgment Re: Executed Releases.

**IT IS FURTHER ORDERED** that there be judgment in favor of the class members identified in Groups I, II and III and against defendant, Louisiana Citizens Property Insurance Corporation, in the amount of **NINETY-TWO MILLION EIGHT HUNDRED SIXTY-FIVE THOUSAND ($92,865,000) DOLLARS,** subject to credit given to the defendant, Louisiana Citizens Property Insurance Corporation, through judgment of this Court for those individuals who timely opted out of the class and those individuals who executed a Receipt, Release and Indemnity Agreement identical to the form marked as Exhibit A in defendant's Motion for Partial Summary Judgment Re: Executed Releases.

**IT IS FURTHER ORDERED** that this Judgment is designated as a final judgment and immediately appealable pursuant to La. C.C.P. art. 1915, having found that there is no just reason for delay.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to adjudicate the remaining issues in the case.

Gretna, Louisiana, this _26th_ day of March, 2009.

HENRY G. SULLIVAN, JR., JUDGE

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

IMAGED MAR 2 7 '09

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY
March 16, 2006
DISTRICT JUDGE FRANK J. POLOZOLA

GLADYS CHEHARDY, ET AL.

VERSUS                                    CIVIL ACTION

J. ROBERT WOOLEY, ET AL.                  NO. 05-1140-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS                                    CIVIL ACTION

J. ROBERT WOOLEY, ET AL.                  NO. 05-1162-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS                                    CIVIL ACTION

J. ROBERT WOOLEY, ET AL.                  NO. 05-1163-FJP-CN

This matter came on this day for oral argument on subject matter jurisdiction and the motion to remand. All parties present signed the attached sign-in sheet.

Counsel present arguments.

For oral reasons assigned, the Court declines to exercise jurisdiction over the counterclaim[1] of defendant, The Standard Fire Insurance Company, under 28 U.S.C. §1367; therefore, the

_____

[1] Rec. Doc. No. 18.

Doc#43131


EXHIBIT

10

counterclaim is hereby DISMISSED without prejudice.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(d) and 28 U.S.C. §1369.  Therefore:

IT IS FURTHER ORDERED that plaintiffs' motions to remand[2] are hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' claim against the Louisiana Insurance Commissioner is hereby DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining issues in this matter shall be TRANSFERRED to the Eastern District of Louisiana.

Should it be later found on appeal that this Court did not have  jurisdiction, the Court reserves the right to the Eastern District to transfer this matter back to this Court for remand.

The Court reserves its right to supplement its oral reasons given this day with written reasons should it become necessary.

******

Reporter: E. Champion

C: CV 25b; T: 2:00

---

[2] Rec. Doc. Nos. 59 and 61.

Doc#43004                                    2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLADYS CHEHARDY, ET AL.

CIVIL ACTION

VERSUS

NO.05-1140-FJP

J. ROBERT WOOLEY
LOUISIANA INSURANCE COMMISSIONER, ET AL.

March 16, 2006(10:00 a.m.)Hearing

**PLEASE PRINT**                              **PLEASE PRINT**

| Name | Firm | Represent |
|------|------|-----------|
| Judy Barrasso | Barrasso Usdin | Allstate |
| Joseph M Bruno | Bruno & Bruno | Ti |
| Andrew L. Plauché Jr | Plauché Maselli | Farm Bureau |
| Alston Johnson | Phelps Dunbar | " " |
| Steven Usdin | Barrasso Usdin | Chubb Custom |
| H. Minor Pipes, III | Barrasso Usdin | Liberty Mutual |
| Jay Lonero | Larzelere Picou | ANPAC La. Ins. Co. |
| Marshall Redmon | Phelps | Farmer's |
| Kelly Bogart | Duplass Zwain | American Ins Co./ Fireman's Fund |

| | | |
|---|---|---|
| Robert Siegel | Gieger, Laborde + Laperase | Audubon Ins. Co. + Nat. Union of La. |
| Ralph Hubbard | Lugenbuhl | Standard Fire |
| John Unsworth | Hailey, McNamara | CLARENDEN |
| David Fawler | " | " |
| Blayn Doreycott | Fayard + Hungart | π |
| Calvin Fayard | " " | π |
| Wayne Lee | Stone Pigman | State Farm |
| Stephen Bullock | . " | " |

1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA


IN RE: KATRINA CANAL BREACHES   *       Civil Action No. 05-4182
                                *       Consolidated Litigation
                                *       REF 07-5528K
————————————————————————        *
                                *
PERTAINS TO:                    *       Section "K"
RECORD DOCUMENT # 8319, 8593    *
                                *       New Orleans, Louisiana
* * * * * * * * * * * * * * *   *       November 14, 2007


MOTION TO REMAND HEARING,
BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.,
UNITED STATES DISTRICT JUDGE



APPEARANCES:

For Plaintiffs
Louisiana State:                 Fayard & Honeycutt
                                 By:  CALVIN C. FAYARD, JR., ESQ.
                                 519 Florida Boulevard
                                 Denham Springs, Louisiana 70726

                                 Dudenhefer Law Firm, LLC
                                 By:  FRANK DUDENHEFER, JR., ESQ.
                                 601 Poydras Street, Suite 2655
                                 New Orleans, Louisiana 70130

                                 State of Louisiana
                                 Office of the Attorney General
                                 Consumer Protection Section
                                 By:  ISABEL WINGERTER, ESQ.
                                 1885 North 3rd Street
                                 Baton Rouge, Louisiana 70802

                                 New York University School of Law
                                 By:  SAMUEL ISSACHAROFF, ESQ.
                                 40 Washington Square South, 411J
                                 New York, New York 10012

EXHIBIT

tables'

11

2

**APPEARANCES CONT'D.**

| | |
|---|---|
| For Defendant Insurers: | Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>By:   RALPH S. HUBBARD, III, ESQ.<br>601 Poydras Street, Suite 2775<br>New Orleans, Louisiana 70130 |
| For Defendants<br>Allstate, Marine Mutual,<br>Metropolitan: | Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC<br>By:   JUDY Y. BARRASSO, ESQ.<br>LL&E Tower<br>909 Poydras Street, Suite 2400<br>New Orleans, Louisiana 70112 |
| For Defendant<br>State Farm: | Stone, Pigman, Walther, Wittmann<br>By:   WAYNE J. LEE, ESQ.<br>546 Carondelet Street<br>New Orleans, Louisiana 70130 |
| For Defendant Electric<br>Insurance Company: | Middleberg, Riddle & Gianna<br>By:   ALAN D. WEINBERGER, ESQ.<br>Place St. Charles<br>201 St. Charles Avenue<br>31st Floor<br>New Orleans, Louisiana 70170 |
| Court Audio Operator: | Bonnie G. Hebert |
| Transcriptionist: | Dorothy Bourgeois<br>c/o U.S. District Court<br>500 Poydras Street, Room C151<br>New Orleans, Louisiana 70130<br>(504) 589-7721 |

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

10

1           So I mean it's a hornet's nest in my mind, this whole

2    thing, from a Court administration standpoint since we have

3    pending class actions:  Where did the money go?  It's all about

4    the money.  So, I guess what I want to know is, here: Where

5    does this money go?  If the money all goes to the State, the

6    class action is -- there is no class action.  If it's the State

7    saying:  I want a declaratory judgment all against these

8    insurance companies on behalf of all recipients now and in the

9    future, and that I have standing to seek to recover any claim I

10   have against them, because I'm owed money by virtue of these

11   assignments.  Now, it's a double edged sword.

12           If I remand this, I would say that this is not a

13   class action, it's the State seeking money for itself, no

14   minimal diversity, and it goes back to state court, because

15   it's not a class action.  It may not even be a parens patriae

16   action; it's simply the State wanting money based on a

17   contract.

18           But those are my -- and I've read -- let me just say

19   this:  On the Eleventh Amendment, if you want to get it on the

20   record -- and furthermore, I am going to find -- I'm very

21   persuaded that the exceptions don't apply.  The only exception

22   that might apply would be the local controversy exception.

23   Number five kicks it out, there are similar suits pending.  You

24   can argue all day long; that's what I think.  And so, you've

25   got a real uphill battle Plaintiffs convincing me that this is

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO:  ALL INSURANCE              JUDGE DUVAL
MAG. WILKINSON

## POST-SHER INSURANCE UMBRELLA
## CASE MANAGEMENT ORDER

  The Louisiana Supreme Court in <u>Sher v. Lafayette Ins. Co.</u>, No. 07-C-2441, 2008

WL 928486, at *6-7 (La. Apr. 8, 2008), and the United States Fifth Circuit Court of

Appeals in <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 214 (5th Cir. 2007), have

issued their rulings.  Essentially, both courts have ruled that the exclusions in Louisiana

homeowners' insurance policies of coverage for damages caused by the flood that

resulted from the various levee breaches in the aftermath of Hurricane Katrina are valid

and unambiguous.

  Since that time Liaison Counsel have conferred with the court, most recently on

June 12, 2008, and submitted their proposals and comments concerning proposed case

management orders in the Insurance umbrella of the captioned consolidated litigation.

Having considered the input of counsel and the record in these proceedings, and pursuant

to Fed. R. Civ. P 16, further proceedings in the Insurance category of cases will proceed

as follows:

**EXHIBIT**

_12_

tobbies

**IT IS ORDERED** that all claims asserted by plaintiffs in this consolidated litigation against any insurer defendant alleging failure of the defendant to provide plaintiffs with flood damage coverage under an insurance policy that excludes such coverage, including all allegations that a class action should be certified concerning such a flood claim, are DISMISSED WITH PREJUDICE. Any defendant who contends that a final judgment of dismissal should be entered in any particular case because no other claims are asserted in the particular case must file a motion for entry of judgment no later than **July 14, 2008**.

The Insurance umbrella of the captioned consolidated litigation was established because all of the cases included the common flood coverage claim described above. The flood coverage issue that was the reason for consolidation no longer exists. Thus, <u>with the exception of</u> <u>Aaron</u> 06-4746, <u>Connie Abadie</u> 06-5164, <u>Susan Abadie</u> 07-5112, <u>Abram</u> 07-5205, <u>Rafael Acevedo</u> 07-5208, <u>Rafael Acevedo</u> 07-5199, <u>Aguilar</u> 07-4852, <u>Jerald Alexander</u> 07-4538, <u>Aguda</u> 07-4457, <u>Robert Adams</u> 07-4459, <u>Allen-Perkins</u> 07-5204, <u>Debra Adams</u> 07-5206, <u>Anderson</u> 07-6737, <u>Alvin Alexander</u> 07-5768, <u>Penny Alexander</u> 07-4455, <u>Ansardi</u> 07-5767, <u>Aucoin</u> 07-4458, <u>Call</u> 07-5769, <u>Robert</u> 07-6162,  <u>Kiefer</u> 06-5370, <u>Austin</u> 06-5383 and <u>Allen</u> 07-5111, all of which are mass joinder cases that may benefit from separate consolidated treatment, in a final effort to permit the parties to these cases (which are <u>not</u> excepted from this order above) one last opportunity to settle their

2

cases in an efficient and cost-effective manner before the cases are deconsolidated and

set for trial, **IT IS FURTHER ORDERED** that, no later than **July 14, 2008**, all

plaintiffs, either through their counsel or on their own if they are proceeding pro se, must

submit to counsel for the appropriate defendants in their particular case a written

settlement offer.

To maximize settlement possibilities and to facilitate the receipt of a good faith

counteroffer from defendants, plaintiffs and/or their counsel are encouraged to attach to

their settlement offer the following information:

1. a contractor's estimate or other estimate of the claimed damage to the structure;
2. a list, including the estimated value, of any personal property being claimed;
3. receipts or other documents concerning any additional living expenses, business income or business extra expense being claimed;
4. an explanation or report stating how the damage was caused by a covered peril;
5. a statement concerning the status of any Louisiana Road Home application, including the amount and date of any grant received;
6. a statement concerning the status of any Small Business Administration (SBA) application, including the amount of any loan received; and
7. a statement concerning whether plaintiff had flood insurance in effect at the time of the loss, the name of the flood insurer and the amounts received for each coverage (e.g., structure, contents, additional living expenses, business interruption).

**IT IS FURTHER ORDERED** that, no later than **August 14, 2008**, counsel for

defendants must evaluate the settlement offers and provide plaintiffs with a written

3

settlement counteroffer.   To maximize settlement possibilities, defendant(s) are encouraged to attach to their response their adjusters' or contractors' estimate of damage and any other documentation supporting their position.

**IT IS FURTHER ORDERED** that, no later than **September 12, 2008**, all parties in each of the consolidated cases, except Aaron 06-4746, Connie Abadie 06-5164, Susan Abadie 07-5112, Abram 07-5205, Rafael Acevedo 07-5208, Rafael Acevedo 07-5199, Aguilar 07-4852, Jerald Alexander 07-4538, Aguda 07-4457, Robert Adams 07-4459, Allen-Perkins 07-5204, Debra Adams 07-5206, Anderson 07-6737, Alvin Alexander 07-5768, Penny Alexander 07-4455, Ansardi 07-5767, Aucoin 07-4458, Call 07-5769, Robert 07-6162, Kiefer 06-5370, Austin 06-5383 and Allen 07-5111, must confer with each other and advise Magistrate Judge Wilkinson in writing whether the case presents a strong likelihood of settlement.   Based on these submissions, Magistrate Judge Wilkinson will determine on the papers or through whatever conference, hearing or other process he deems appropriate, whether a court-conducted settlement conference or a private mediation should be scheduled or whether the case should be deconsolidated, separated from the Insurance umbrella, reallotted to the originally assigned district judge and magistrate judge, and set for trial.   Magistrate Judge Wilkinson is hereby specifically authorized to issue any transfer order, deconsolidation order, or other appropriate non-dispositive order concerning these matters.

The failure of any party to comply with this order may result in the imposition of sanctions or the setting of the case for trial without any further input from the parties.

The parties have submitted to the court separate proposed case management orders with special procedures for Aaron 06-4746, Connie Abadie 06-5164, Susan Abadie 07-5112, Abram 07-5205, Rafael Acevedo 07-5208, Rafael Acevedo 07-5199, Aguilar 07-4852, Jerald Alexander 07-4538, Aguda 07-4457, Robert Adams 07-4459, Allen-Perkins 07-5204, Debra Adams 07-5206, Anderson 07-6737, Alvin Alexander 07-5768, Penny Alexander 07-4455, Ansardi 07-5767, Aucoin 07-4458, Call 07-5769, Robert 07-6162, Kiefer 06-5370, Austin 06-5383 and Allen 07-5111, which the court is considering.

New Orleans, Louisiana, this ___13th___ day of June, 2008.


_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

5