UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | |
| PERTAINS TO INSURANCE | * | JUDGE DUVAL |
| *Chehardy,* 06-1672 | * | |
| *Chehardy,* 06-1673 | * | |
| *Chehardy,* 06-1674 | * | MAGISTRATE WILKINSON |
| | * | |
| * * * * * * * * * * * | | |

**REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO DISMISS, STAY OR SEVER
LOUISIANA CITIZENS MOTION FOR TEMPORARY RESTRAINING ORDER
IN FURTHER OPPOSITION TO THE MOTION FOR TRO, and
IN FURTHER SUPPORT OF MOTION TO APPOINT COUNSEL FOR *OUBRE* CLASS**

John Macera II, Sylvia Randolph, Susan Hano, Wiley J. Beevers, Steven M. Mauterer, Fred L. Herman, J. Robert Ates, and the law firm of Herman Herman Katz & Cotlar LLP respectfully submit the following reply brief **(i)** in further support of their Motion to Dismiss, Stay or Sever, **(ii)** in further opposition to the Motion for TRO, and **(iii)** in further support of the Motion to be Appointed Counsel for the *Oubre* Class:

**MAY IT PLEASE THE COURT:**

Citizens reveals its true motivation as the desire to avoid posting a suspensive appeal bond

as is required under the Louisiana Code of Civil Procedure.[1] This is neither "necessary" nor "appropriate" under the All Writs Act, even assuming *arguendo* that it were in aid of the jurisdiction of the Court.[2] Not only is there no Federal Subject-Matter Jurisdiction over the controversy, but the *Oubre* claims at issue are not even within the "jurisdiction" of this Court in the above-captioned case. Indeed, the Minute Entry in the *Chehardy* case attached to Citizens Supplemental Brief indicates that claims against Citizens (to the extent there even were any claims against Citizens[3]) had been ***dismissed***.[4] Citizens has presented no argument or other rationale to explain why it needs a "global" resolution, particularly given the fact that Citizens was willing to negotiate "piecemeal" resolutions in both *Orrill/Chalona* and then *Oubre*. Indeed:

- Why didn't Louisiana Citizens approach undersigned counsel about modifying the State Court injunction in order to participate in the "global" settlement negotiations?

- Why is Louisiana Citizens negotiating with Mr. Bruno and Mr. Fayard with respect to the purported settlement of the *Oubre* claims?

- Weren't the class claims that Mr. Bruno and Mr. Fayard were prosecuting in the Insurance Track dismissed by the U.S. Fifth Circuit?

- What is the "irreparable harm" to Citizens if they aren't able to negotiate with Mr. Bruno and Mr. Fayard on a "global" basis?

---

[1] *See* CITIZENS' SUPPLEMENTAL BRIEF, pp.3-4.

[2] *See* 28 U.S.C. §1651(a).

[3] *See* MINUTE ENTRY (M.D.La. March 16, 2006) (CITIZENS EXHIBIT "10"), pp.3-4 (Sign-In sheet attached to the Minute Entry does not indicate that Citizens was even a part of the proceeding).

[4] *See* MINUTE ENTRY (M.D.La. March 16, 2006) (CITIZENS EXHIBIT "10"), p.2 ("IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby **DISMISSED**").

- Given the *John, Auguilar* and *Nguyen* decisions, is Citizens really concerned about a "global" class certification against them in Federal Court?

- Why isn't Louisiana Citizens attempting to negotiate the State of Louisiana claims with the State of Louisiana?

- In the event that "global" negotiations are pursued, what is the opposition (if any) to undersigned counsel representing the interests of the *Oubre* Class in any such negotiations?

All of these unanswered questions are particularly disturbing in light of the previous "backdoor" "reverse-auction" settlement in the *Orrill/Chalona* case. Perhaps Citizens' Motion for TRO does not justify sanctions under RULE 11, but it should be summarily dismissed or otherwise rejected by this Honorable Court.[5]

**Citizens Has Not Addressed the Lack of Subject-Matter Jurisdiction**

The "plaintiff" in the Motion for TRO is Louisiana Citizens. The "defendants" are the 24th Judicial District Court of the State of Louisiana, *Oubre* Counsel, and the members of the *Oubre* Class. All of these parties are citizens of the State of Louisiana for diversity purposes, and hence there is no jurisdiction under 28 U.S.C. §1332.

Even assuming *arguendo* that one or more of the *Oubre* classmembers might not be a citizen of the State of Louisiana for diversity purposes, it was, in any event, Citizens' <u>burden</u> to come forward with <u>evidence</u> of same.

---

[5]Of course, sanctions under RULE 11 may be warranted. And/or these pleadings may constitute contempt of the 24th Judicial District Court.

Page 3

In addition, and in any event, the claims of the *Oubre* Class would clearly be subject to the "local controversy" exception.

Contrary to the arguments by Citizens it is Supplemental Brief, these issues were *not* resolved by either Judge Polozola, the U.S. Fifth Circuit or Your Honor – who considered CAFA jurisdiction in the context of numerous *diverse* defendants, including Allstate, State Farm, Farm Bureau, Liberty Mutual, Farmers, and Chubb.[6]  In addition, Your Honor apparently rejected the local controversy exception under 28 U.S.C. §1332(d)(4)(**A**)(ii).[7] However, when you consider either the *Oubre* Class or any other class that might be certified against *Citizens,* the case could be separately remanded under Section 1332(d)(4)(**B**).

Mr. Fayard and Mr. Bruno, for whatever reason, apparently never moved for severance and remand of the case against Citizens.  Yet even assuming *arguendo* that the issue was considered by Your Honor or the Fifth Circuit, there is nothing which prevents a Federal Court from re-examining the basis for its jurisdiction.[8] Louisiana Citizens has offered absolutely no argument nor explanation of how the existing claims (if any) against Citizens are in any way connected with claims against diverse defendants, such as Allstate, Liberty Mutual or State Farm.

---

[6] *See* MINUTE ENTRY (M.D.La. March 16, 2006) (CITIZENS EXHIBIT "10"); *and,* AMENDED PETITION, No.07-5528 [Doc 1-3]; In re Katrina Canal Breaches Litigation, 534 F.3d 700, 703 (5th Cir. 2008) ("On August 23, 2007, Louisiana filed this suit in Orleans Parish against more than 200 insurance companies").

[7] *See* TRANSCRIPT (11/14/07), p.10 (CITIZENS' EXHIBIT "11").

[8] *See* Vinsom v. Colom, 228 F.3d 409 (5th Cir. 2000) (unpublished); *quoting,* MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir.1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their subject-matter jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time").

There is no subject-matter jurisdiction.

**Even Assuming *Arguendo* That the Court Has Subject-Matter Jurisdiction Over the Controversy, (Which Is Denied), The Court Does Not Have "Jurisdiction" Over the *Oubre* Claims in the Current Federal Court Proceedings.**

As noted, the "Insurance Track" Claims for which Mr. Fayard and/or Mr. Bruno were apparently appointed to serve as Liaison Counsel were claims that the "flood" damage was actually man-made, and therefore not excluded from coverage under the defendants' all-risk policies – and were *dismissed* by the Fifth Circuit.[9]

In addition, Mr. Bruno opted all of his cases out of the *Oubre* Class.

A review of the Master Complaint in the Insurance Track cases reveals no formal claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3).[10]

And, finally, the Minute Entry in the *Chehardy* cases indicates that any claims which may have been made against Citizens were *dismissed*.[11]

The entry of a general "Umbrella Case Management Order"[12] does **not** *prove* the existence of specific actions which assert claims for penalties for failure-to-timely-initiate-loss-adjustment

---

[9]*See* In re Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007).

[10]The bad faith claims within the Master Complaint appear to be focused on the flood exclusion issues, and do *not* appear to allege a specific claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3). *See* MASTER COMPLAINT, ¶¶ 84-92 (CITIZENS' EXHIBIT "2").

[11]*See* MINUTE ENTRY (M.D.La. March 16, 2006) (CITIZENS EXHIBIT "10"), p.2 ("IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby **DISMISSED**").

[12]CITIZENS EXHIBIT "12".

under former Louisiana Revised Statute 22:658.(A)(3) against Citizens *and* which are either still a part of the *Oubre* Class Action or which could not be readily severed from the *Oubre* class action claims.

Moreover, with respect to the *Road Home* case, (which is currently pending before Judge Barbier), the State of Louisiana – which is apparently not even represented by Mr. Fayard or Mr. Bruno[13] – does not seem to have stated a specific claim for failure to timely initiate loss adjustment under former Louisiana Revised Statute 22:658(A)(3).[14]   Nor is it clear that the assignments obtained by Road Home policyholders even extend to such penalty claims.

**The All Writs Act Is Not an Exception to the Anti-Injunction Act**

It is well-settled that Federal Courts cannot enjoin State Court proceedings unless an injunction fits precisely within one of the Anti-Injunction Act's three designated exceptions.  Courts have issued injunctions under the "necessary in aid of its jurisdiction" exception to the Anti Injunction Act  – and the All Writs Act – only in exceptional circumstances, when necessary to prevent a State Court from so interfering with a Federal Court's consideration or disposition of a case as to seriously impair the Federal Court's flexibility and authority to decide the case.  Such exceptional circumstances have been found to exist only where a State Court proceeding threatens to dispose of property that forms the basis for Federal *in rem* jurisdiction or where the State

---

[13] The DOCKET in No.07-5528 indicates that their representation was "TERMINATED" on October 9, 2008.

[14] Citizens points to Paragraphs 72, 99 and 106 of the AMENDED PETITION [Doc 1-3] in No.07-5528, but these allegations do not seem to assert specific claims under former Section 658(A)(3).

proceeding threatens continuing superintendence by a Federal Court, such as in a school desegregation case.  Federal Courts should not enjoin State Courts under the "necessary in aid of its jurisdiction" exception merely because a concurrent State proceeding might result in a judgment inconsistent with the Federal Court's decision.  Because the Anti-Injunction Act embodies the overarching principle that Federal Courts are to be cautious about infringing on the legitimate exercise of State judicial power, any doubts regarding the propriety of a federal injunction counsel against injunction.  State Courts should be allowed to proceed in an orderly fashion to finally determine the controversy. *See, e.g.,* Corley v. Entergy Corp., 297 F.Supp.2d 915, 917-918 (E.D.La. 2003); *citing,* Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970);  Texas v. United States, 837 F.2d 184, 186 (5th Cir.1988); T. Smith & Son, Inc. v. Williams, 275 F.2d 397, 405-406 (5th Cir.1960).

**The "Writ" Sought By Citizens is Neither "Necessary" nor "Appropriate"**

The purpose of the All Writs Act is to protect the jurisdiction of the Federal Court over a judgment or other *res* which is properly within the Federal Court's jurisdiction.  The purpose is *not* to allow parties who are dissatisfied with their State Court judgments to attempt to go out and negotiate a new settlement in order to *bring* the dispute within the jurisdiction of the Federal Court.  One cannot help but to ask:

- Why didn't Louisiana Citizens approach undersigned counsel about modifying the State Court injunction in order to participate in the "global" settlement negotiations?

Page 7

- Why is Louisiana Citizens negotiating with Mr. Bruno and Mr. Fayard with respect to the purported settlement of the *Oubre* claims?

- Citizens was willing to settle on a "piecemeal" bases in *Orrill/Chalona,* and to negotiate on a "piecemeal" basis with undersigned counsel in *Oubre.* Why does Citizens now need to negotiate on a "global" basis?

- What is the "irreparable harm" to Citizens if they aren't able to negotiate with Mr. Bruno and Mr. Fayard on a "global" basis?

- Given the *John, Auguilar* and *Nguyen* decisions,[15] is Citizens really concerned about a "global" class certification against them in Federal Court?

- Why isn't Louisiana Citizens attempting to negotiate the State of Louisiana claims with the State of Louisiana? [16]

- Why isn't Louisiana Citizens attempting to negotiate the *Oubre* claims with *Oubre* Class Counsel?

One cannot help but wonder whether this is just another attempt by Citizens to try to make an "end run" around *Oubre* and have the claims enjoined or dismissed by virtue of a "backdoor" or "reverse auction" settlement(?) Or whether this is nothing more than an effort to try to avoid posting an appeal bond on a $92.8 Million judgment(?)[17] Or simply some other mischief or delay(?)

In any event, the undoing of a preliminary injunction, (left standing on writs to the Louisiana Fifth Circuit and the Louisiana Supreme Court), which was and is intended to protect the jurisdiction

---

[15]*See* John v. National Security Fire & Casualty Co., 501 F.3d 443 (5th Cir. 2007); Aguilar v. Allstate Fire & Casualty, No.06-4660, 2007 WL 734809 (E.D.La. March 6, 2007); Nguyen v. St. Paul, No. 06-4130, 2008 WL 4691685 (E.D.La. Oct. 22, 2008).

[16]Undersigned counsel again respectfully note that the DOCKET in No.07-5528 indicates that their representation was "TERMINATED" on October 9, 2008.

[17]*See* CITIZENS' SUPPLEMENTAL BRIEF, pp.3-4.

Page 8

and judgments of the State Court, for the mere *possibility* that someone *might* settle an as-yet *uncertified* "class", in a case between State Court citizens brought exclusively under State Law, which has already been *certified* and partially tried on the *merits* in State Court, is neither "necessary" nor "appropriate" under the All Writs Act – or *any* legal principle that can be divined.

**The *Oubre* Class Should be Represented by Undersigned Counsel in any "Global" Negotiations that Might Take Place**

As admitted by Citizens in its supplemental filing, Citizens has already violated the State Court preliminary injunction by trying to confect its settlement in the *Orrill/Chalona* case. Therefore, irrespective of whether the Motion for TRO is dismissed or denied, the Court should enter the Proposed Order appointing undersigned counsel to represent the *Oubre* Class in any "global" negotiations that might take place.

## Conclusion

Citizens Motion for TRO should be dismissed for lack of jurisdiction. In the alternative, the claims against Citizens in this action should be stayed in deference to the judgments which have already been rendered in State Court. In the alternative, the *Oubre* claims should be severed and either "remanded" to the 24th Judicial District Court or dismissed without prejudice from this litigation. In the alternative, the TRO should be denied on the merits. In addition, and in any event, undersigned counsel should be appointed by this Honorable Court to represent the *Oubre* Class with

respect to any negotiations for "global" resolution with Citizens which might take place.

    This <u>16th</u> day of <u>May</u>, <u>2009</u>.

                                            Respectfully submitted,

                                            /s/ Stephen J. Herman
**RUSS M. HERMAN**, Bar No. 6819
**STEVEN J. LANE**, Bar No. 7554
**STEPHEN J. HERMAN, T.A.,** Bar No. 23129
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**FRED L. HERMAN**, Bar No. 6811
**Law Offices of Fred L. Herman**
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone: (504) 581-7070
Fax No. (504) 581-7083
E-Mail: fherman@acadiacom.net

**WILEY J. BEEVERS**, Bar No. 2902
**STEVEN M. MAUTERER**, Bar No. 26682
**Beevers & Beevers, LLP**
210 Huey P. Long Ave.
Gretna, Louisiana 70053
Phone: (504) 361-4287
Fax No. (504) 362-1405
E-Mail: smauterer@bellsouth.net

**J. ROBERT ATES,** Bar No. 2580
**Ates Law Firm, APLC**

13726 River Rd Ste A
Destrehan, Louisiana 70047-5012
Telephone: (985) 764-9911
Fax No. (985) 764-9686
E-Mail: jra@ateslawfirm.com

**Counsel for Movants, and
The *Oubre* Class.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served the above and foregoing Reply Brief *via* E-MAIL upon the following counsel:

> Emile Rolfs, Esq.    ECR@bswllp.com
> *Counsel for Louisiana Citizens*

I FURTHER CERTIFY that I have served the above and foregoing Reply Brief *via* E-Mail and by U.S. Mail upon:

> The Honorable Henry G. Sullivan, Jr.
> 24th Judicial District Court, Div. "M"
> 200 Derbigny Street
> Gretna, Louisiana 70053
> E-Mail: Susanr@24jdc.us

I FURTHER CERTIFY that I will cause the above and foregoing Reply Brief to be filed with the ECF electronic filing system for the Eastern District of Louisiana, thereby causing the Motion to be served electronically upon all counsel of record,

This 16th day of May, 2009.

/s/ Stephen J. Herman
