MINUTE ENTRY
WILKINSON, M.J.
MAY 20, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  KATRINA CANAL BREACHES          CIVIL ACTION
        CONSOLIDATED LITIGATION

NO. 05-4182 "K" (2)

PERTAINS TO:  INSURANCE                 JUDGE DUVAL
    Severed Mass Joinder Cases         MAG. WILKINSON


Pursuant to my previous order, Record Doc. No. 18577, a call docket was conducted in this matter before me on May 20, 2009.  Participating were: Plaintiffs' counsel, Joseph W. Rausch, and Charles Chassaignac, representing defendant State Farm. The purpose of the conference was to determine settlement status in the following 15 cases:

**Dennison v. State Farm, 07-1901**
**Gay v. State Farm, 07-1915**
**Kepp v. State Farm, 07-1970**
**Lewis v. State Farm, 07-1982**
**Page v. State Farm, 07-2036**
**Quest v. State Farm, 07-2045**
**Ridgley v. State Farm, 07-2050**
**Robertson v. State Farm, 07-2052**
**Rooney v. State Farm, 07-2057**

MJSTAR: **1 : 25**

**Saunders v. State Farm, 07-2162**
**Blay v. State Farm, 07-1878**
**Johnson v. State Farm, 07-1967**
**Mora v. State Farm, 07-2030**
**Perrault v. State Farm, 07-2042**
**Robinson v. State Farm, 07-2055**

The court's records indicate that the Dennison, 07-1901, and Ridgley, 07-2050, cases were dismissed by Judge Duval's orders on May 19, 2009. Thus, no further action in those two cases is required.

As to the remaining 13 cases on the call docket, considering the record and the oral representations of counsel, **IT IS ORDERED** that further proceedings in those cases will occur as follows:

During the call docket hearing before me, counsel represented that settlement packages requiring only formal execution of the documents, including releases, settlement checks and final dismissal orders, have been prepared and exchanged in two of the cases, Blay, 07-1878, and Quest, 07-2045, and that entry of 90-day conditional dismissal orders in those cases is now appropriate, pending execution of the documents. Accordingly, by copy of this minute entry, Judge Duval is advised so that he may enter 90-day conditional dismissal orders in Blay and Quest.

In Gay, 07-1915, Kepp, 07-1970, Page, 07-2036, Robertson, 07-2052 and Rooney, 07-2057, it appears that settlements have been reached in these cases, subject to

resolution among competing plaintiffs' counsel of "dual representation" issues concerning entitlement to attorneys fees; i.e., the named plaintiffs who have settled their claims with defendant State Farm were represented by more than one lawyer in claims asserted in more than one case in this court. A status conference concerning these dual representation issues was previously set to occur before me on **June 11, 2009 at 2:00 p.m.** Plaintiffs' counsel are instructed that the June 11th conference will not be continued and that they must report to me with finality on that date whether their efforts to resolve their fee dispute have been successful.  Accordingly, further proceedings in the Gay, 07-1915, Kepp, 07-1970, Page, 07-2036, Robertson, 07-2052 and Rooney, 07-2057 cases will occur as follows:

B y copy of this minute entry, Judge Duval is advised so that he may enter 90-day conditional dismissal orders in the Gay, 07-1915, Kepp, 07-1970, Page, 07-2036, Robertson, 07-2052 and Rooney, 07-2057 cases.

If the dual representation attorneys fee disputes in these cases are not resolved by **June 19, 2009**, plaintiffs' counsel (Joseph Rausch, Joseph Bruno and Kevin Klibert) must, no later than **June 23, 2009**, jointly file a motion for intervention by the appropriate counsel asserting a claim for attorney's fees in each case, together with cross-motions for summary judgment concerning their attorneys fees claims, supported by all necessary supporting evidence.  These motions must be noticed for hearing before me on

**July 8, 2009**. Any written opposition to the motion(s) must be filed no later than **June 30, 2009**. The court will then determine the attorneys fee issues without further input from counsel.

As to the remaining cases, Johnson, 07-1967, Lewis, 07-1982, Mora, 07-2030, Perrault, 07-2042, Robinson, 07-2055, and Saunders, 07-2162, it appears either that no settlement has been reached or that no claim has properly been asserted. Accordingly, **IT IS ORDERED** that, no later than **May 29, 2009**, plaintiffs' counsel must either (1) file a motion to dismiss the case(s) voluntarily, or (2) advise me and defense counsel in writing why he cannot do so. Thereafter, defense counsel may file a motion for summary judgment, if appropriate, on the grounds orally described at the call docket hearing and/or the court may set these cases for trial or other proceedings.

　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**Hon. Stanwood R. Duval, Jr.**
**Joseph Rausch, plaintiffs' counsel in the referenced cases;**
**Charles Chassaignac, counsel for defendant State Farm**
**Joseph M. Bruno, plaintiffs' counsel in Allen, 07-5111, for**
**Gay, Kepp, Robertson, Rooney**
**Kevin Klibert, plaintiffs' counsel in Page, 08-2235**