UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | |
| PERTAINS TO INSURANCE | * | JUDGE DUVAL |
| *Chehardy*, 06-1672 | * | |
| *Chehardy*, 06-1673 | * | |
| *Chehardy*, 06-1674 | * | MAGISTRATE WILKINSON |

**<u>REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE</u>**

MAY IT PLEASE THE COURT:

*Oubre* Class Counsel continue the allegations that *Orrill* class counsel and Louisiana Citizens have engaged in nefarious activities by now stating in (Rec.Doc. 18844) "the facts speak for themselves."  Conveniently, the *Oubre* Class Counsel leave out facts which would demonstrate their true motives in continuously filing such slanderous allegations.

As of this date, *Oubre* class counsel represents Bruce Scharwath and Daryl Robert, the only two individuals who appeared at the fairness hearing to object to the settlement of the *Orrill* matter between the certified class and the defendant.  The facts are as stated in Exhibit B, attached with *Oubre's* class counsel response (Rec. Doc. 18844-3).  *Orrill* class counsel negotiated a fair and just settlement with Louisiana Citizens by way of arms length negotiations.  The *Orrill* settlement parties and also class counsel carefully considered the rapidly changing case law, in particular the decision in *Sher* which reversed the lower court's finding of retroactive application of 22:658 and reversed the award of attorney's

fees;[1] also class counsel carefully considered the rulings of the federal court which also refused to apply retroactively the amendments to Title 22, and the trend of the federal rulings which were consistently heightening the burden to prove an insurer's arbitrary and capricious actions.  For the good of the class and to ensure just compensation for its members, one of the settlement provisions discussed was an indemnification of the class counsel's attorneys fees *only* if Louisiana Citizens is subject to further bad faith class action judgments. Further, the alleged collusive provision could only potentially affect class counsel's rights to attorneys fees for a case that class counsel has collectively expended thousands of hours in time and hundreds of thousands of dollars in expenses. Thus, the notion that class counsel for *Orrill* acted in collusion with Louisiana Citizens is preposterous when in fact they put their own money and time at risk for the benefit of the class. Not so counsel for *Oubre*.  As soon as they became aware of the *Orrill* settlement, they engaged in nefarious activities, themselves, including sending a purported "WARNING" letter to *Orrill* clients, attached herein as Exhibit "A." This letter led to them being sanctioned by the trial court.

After careful consideration, a ruling approving the fairness of the *Orrill* settlement was given by Judge Reese on March 19, 2009.  *Oubre* class counsel sought to derail the *Orrill* settlement by their representation of objectors and failed after a week long trial.  The only objectors now appealing the ruling are once again, Bruce Scharwath

---

[1] *Sher v. Lafayette Ins. Co.,* 973 So.2d 39, 2007-0757 (La.App. 4 Cir. 11/19/07), *Judgment affirmed in part by Sher v. Lafayette Ins. Co.,* 972 So.2d 1153, 2007-2441 (La. 1/11/08).

and Daryl Robert, represented by Class Counsel for the *Oubre* class. Therefore, a herculean leap is not required to understand the true motives of the *Oubre* class counsel in continuously alleging transgressions between the *Orrill* class counsel and Louisiana Citizens.

Once again *Orrill* class counsel denies all allegations of collusive behavior. The facts do speak for themselves. A monumental settlement of alleged first party bad faith practices was negotiated by arms length transactions by the parties for the benefit of the class. The settlement allows for just compensation to the claimants and the fairness of its terms has already been approved by the District Court. *Oubre* class counsel's unfounded allegations should be stricken as they have no bearing on the matter before the court. The allegations are only made to incite a reaction that they could not elicit from the Orleans Civil District Court because that court viewed all of the facts.

**WHEREFORE**, premises considered, as well as the law, Movers respectfully request that this Court GRANT the Motion to Strike(Rec. Doc. 18828-3) those portions of (Rec. Doc. 18812) which contain inflammatory, prejudicial and scandalous allegations against undersigned counsel.

Respectfully submitted;

/s/ Madro Bandaries

_____

**MADRO BANDARIES #25339**
Post Office Box 56458
938 Lafayette Street, Suite 204
New Orleans, Louisiana 70156
Telephone:   (504) 218-4815
Facsimile:   (504) 324-0684

Email: madro.att.net@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record via ECF upload, this 21st day of May, 2009.

/s/ Madro Bandaries
_____
Madro Bandaries, #25339