UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
|  | * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | * | JUDGE |
|  | * | STANWOOD R. DUVAL, JR. |
|  | * | MAGISTRATE JUDGE |
|  | * | JOSEPH C. WILKINSON, JR. |

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS
AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel comes the Defendants, Richard T.

Seymour, P.L.L.C., The Jacob D. Fuchsberg Law Firm, L.L.P., The Law Office of Brian A.

Gilbert, P.L.C., Wiedemann & Wiedemann, P.L.C.; and Wilson, Grochow, Druker & Nolet

(hereinafter collectively referred to as the "Defendants") and enter the following general

responses to the Petitioner's, Dr. Weisler, claims in the captioned matter.

1

## FIRST AFFIRMATIVE DEFENSE

In the event that this Honorable Court finds that there existed a contract between the Petitioner and the Defendants, the Petitioner's claims are barred in whole or in part due to material breach of contract.

## SECOND AFFIRMATIVE DEFENSE

In the event that this Honorable Court finds that there existed a contract between the Petitioner and the Defendants, the Petitioner's claims are barred in whole or in part for failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

The Petitioner's claims are barred in whole or in part because: (1) the Petitioner failed to diligently engage in the work he was contracted to do, (2) the Petitioner was grossly negligent in the performance of the contracted work, (3) the Petitioner improperly conveyed information and caused confusion as to the scope of his professional experience, and as to the work performed, to such an extent as to render his services of no value to the Defendants, (4) the Petitioner generated bills which were inconsistent with the quality and kind of work actually performed, (5) in the event that this Honorable Court finds that there existed a contract between the Petitioner and the Defendants, the Petitioner failed to provide those services which he agreed to provide based on the oral contract with the Defendants, (6) the Petitioner's billing practices did not correlate with his work product and were inconsistent with industry standards and protocols, (7) the Petitioner's billing practices are unreasonable, (8) the Petitioner's billing practices breached the implied covenant of good faith and fair dealing, (9) the Petitioner's refusal to provide documentation

2

related to billing bars in whole or in part any right to compensation that might otherwise occur, (10) the Petitioner billed for non-task related activities, such as travel time from Grand Rapids, Michigan to New Orleans; and (11) the Petitioner breached fiduciary duties and duties of confidentiality.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Petitioner has already received any payments and/or receives prospective payments from the Defendants, the Defendants aver that those payments were appropriate, that the Petitioner has already been paid everything that he is owed, and in the event of a further judgment in favor of the Petitioner, the Defendants claim a credit or a setoff for all amounts previously paid and to the extent that the Defendants has made any payments to which the Petitioner is not entitled, the Defendants reserves their rights to recover those amounts by reconventional demand or counter-claim.

## ANSWER

And now, responding to the individual allegations of the complaint, the Defendants admit, deny and otherwise allege as follows:

1. Admits in part, denies in part, due to lack of information and belief.

2. Admits in part, except that Wilson, Grochow, Druker & Nolet is a limited liability partnership; and denies to the extent that individuals are named.

3. Admits to paragraph 3.

4. Admits to paragraph 4.

5. Admits to paragraph 5.

6. Admits in part, denies in part, due to lack of information and belief.

7. Admits in part, denies in part, due to lack of information and belief.

8. Denied for lack of completeness.

9. Denied.

10. Denied for lack of completeness except to admit that Mr. Fuchsberg contacted Petitioner on May 14, 2008 and that there were other communications between them during the pendency of the relationship, denies all other allegations of fact.

11. Lacks sufficient information to answer paragraph 11, and therefore denies.

12. Lacks sufficient information to answer paragraph 12, and therefore denies.

13. Denied.

14. Denied.

15. Lacks sufficient information to answer paragraph 15, other than to admit that there were communications between petitioner and some of the Defendants.

16. Lacks sufficient information to answer paragraph 16, and therefore denies.

17. Denied.

18. Denies paragraph 18 other than to admit that a report was generated and said report is the best evidence of that document.

19. Lacks sufficient information to answer paragraph 19, and therefore denies. Furthermore, any written document is the best evidence of that document.

20. Denied.

21. Denied.

22. Denied due to lack of completeness and due to lack of sufficient information to answer paragraph 22.

23. Denied due to lack of completeness.

24. Lacks sufficient information to answer paragraph 24, and therefore denies.

25. Denied.

26. Paragraph 26 merely incorporates previous allegations.  As such, the Defendants incorporate their previous responses listed in items 1 thru 25, *in extenso*.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Paragraph 31 merely incorporates previous allegations.  As such, the Defendants adopt their previous responses listed in items 1 thru 29, *in extenso*.

32. Denied.

33. Denied.

## COUNTERCLAIMS

**Jurisdiction and Venue**

1. The Defendants incorporates herein by reference, each and every allegation, answer and denial contained in each of the above paragraphs, as if copied *in extenso*.

2. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 by virtue that there is complete diversity of citizenship between the Defendants and the Petitioner and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. §1391(a) (2) as four of the Defendants are domiciled within the Eastern District of Louisiana, the facts and circumstances giving rise to the causes of action at issue herein occurred for the most part in the Eastern District of Louisiana, and the *Katrina Breaches Litigation*, which forms the basis for the services, fees and expenses which are the subject of this controversy, is presently pending before this Honorable Court.

**Parties**

1. The Complainants in Counterclaim

   a. Richard T. Seymour, P.L.L.C. is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the District of Columbia, with its principal place of business located at 1150 Connecticut Avenue, N.W., Suite 900, Washington, D.C. 20036-4129;

   b. The Jacob D. Fuchsberg Law Firm, LLP is a limited Liability Partnership organized and existing pursuant to the laws of the State of New York with its

principal place of business located at 500 Fifth Avenue, New York, NY 10110-0393;

c. The Law Office of Brian A. Gilbert, P.L.C. is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located at 821 Baronne St., New Orleans, LA 70113;

d. Wiedemann & Wiedemann, P.L.C.is a Professional Limited Liability Corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located at 821 Baronne St., New Orleans, LA 70113; and

e. Wilson, Grochow, Druker & Nolet is a limited liability partnership organized and existing pursuant to the laws of the State of New York, with its principal place of business located at the Woolworth Building, 233 Broadway, 5th Floor, New York, NY 10279.

2. The Defendants in Counterclaim

a. Richard H. Weisler, M.D., is a citizen of the State of North Carolina and a practicing psychiatrist who retains an office d/b/a Richard H. Weisler, P.A., the principal place of business for which is located in Raleigh, North Carolina.

b. On information and belief, Richard H. Weisler, P.A, is Professional Association organized and existing pursuant to the laws of the State of North Carolina, solely owned and operated by the Petitioner, Dr. Weisler, with its principal place of business located at 900 Ridgefield Dr., Suite 32, Raleigh, NC 27609-8524.

**General Allegations**

1. This lawsuit arises from a contract dispute regarding Dr. Weisler's expert witness's fee. On or about May 14, 2008, Alan Fuchsberg, contacted Dr. Weisler to solicit his expert opinion. He, along with other scientists retained by Complainants in Counterclaim (hereinafter collectively referred to as "Medical Team"), were asked to determine if it was possible to prepare a report to buttress the Barge Plaintiffs' Litigation Steering Committee ("BPLSC") efforts to certify an emotional subclass.

2. The task Dr. Weisler and the rest of the Medical Team were given was to develop a means of inexpensively evaluating the mental health of a large number of people after a disaster, so that the BPLSC could present a plan to the Court showing how, if a class were certified, the BPLSC could set-up prospective relief so that those who needed treatment, because of the disaster, could be identified inexpensively, and the responsible party be ordered by the Court to pay for their treatment.

3. The Medical Team's task was broken up into three areas: (a) identifying the instrument to be used, (b) field-testing the instrument on a small number of individuals; and (c) writing a report.

4. The Complainants in Counterclaim made it clear from the onset that funds were limited and that Dr. Weisler was only to perform specific tasks.

5. The Centers for Disease Control and Prevention, in conjunction with other federal agencies and professionals, developed a "Mental Health Survey Instrument" (hereinafter referred to as "CDC Instrument") that allowed for mass evaluations of large numbers of people and victims of disasters and is available on-line.

6.  This CDC Instrument was an accepted method within the scientific community to satisfy item 2a, *supra*, and existed prior to the retention of the medical team and was not previously known to the Defendants.

7.  Additionally, there are several other known instruments and scales, accepted within the scientific community, for the assessment of large numbers of individuals.  There was no need to conduct extensive research, on the part of Dr. Weisler, in the field of psychiatry at large to show the legitimacy of these methods or the CDC Instrument.  Furthermore, Dr. Weisler lacked the necessary authority to create his own method.

8.  Dr. Weisler failed to communicate the existence of these accepted methods to the Defendants.  Dr. Weisler performed unnecessary work to develop an instrument when he knew or should had known of the existence of other instruments that were suitable to the task for which he was retained.

9.  The writing of the report was the primary responsibility of Dr. Weisler.

10. The report Dr. Weisler provided to the Defendants, at the last minute, was only 54 pages.  The report contained the following: (a) 9 pages of references, (b) 13 pages of work provided by Dr Joy and Howard Oshofsky, (c) 7 pages of work describing independent studies conducted by others, (d) 4 pages listing collaborators and their qualifications; and (e) only 22 pages that contained work product of Dr. Weisler of suspect quality, especially considering the amount of time that Dr. Weisler billed for the project.

11. On numerous occasions, the Complainants in Counterclaim requested Dr. Weisler to provide documentation regarding his billing.  These requests went unfilled.

12. On information and belief, Dr. Weisler communicated via email to individuals whom were not part of the Medical Team, without authorization from the Complainants in Counterclaim, and revealed confidential information.

13. On information and belief, Dr. Weisler billed for activities that were not task related or ones that were extraneous and were merely to satisfy his intellectual curiosity

14. July 7, 2008 billing statement contains numerous entries that lack a description of the activity performed while subsequent billing on December 12, 2008 contains retroactive insertions descriptions into these entries.   These banal and liberally repeated insertions are employed in such a way as to suggest that they were merely "rubber stamped" into the billing and not generated, contemporaneously.

15. Dr. Weisler's billable hour rate of $600.00/hour implies a level of expertise, efficiency and professionalism that the Complainants in Counterclaim relied upon to their detriment.

16. Ultimately, the Complainants in Counterclaim decided not to use any of the Medical Team's work, in large part, because of the poor quality of the report that Dr. Weisler generated and his lateness in submitting a draft for review and inspection to the BPLSC, thereby not allowing sufficient time to mold the report into a more presentable document.


## FIRST COUNTERCLAIM

The Complainants in Counterclaim allege that in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; Dr. Weisler is in material breach of contract with the Complainants in Counterclaim.

## SECOND COUNTERCLAIM

The Complainants in Counterclaim allege that in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; there is failure of consideration in the contract between the parties.

## THIRD COUNTERCLAIM

On information and belief, the Complainants in Counterclaim allege that: (1) Dr. Weisler failed to diligently engage in the work he was contracted to do, (2) Dr. Weisler was grossly negligent in the performance of the contracted work, (3) Dr. Weisler improperly conveyed information and caused confusion as to the scope of his professional experience, and as to the work performed, to such an extent as to render his services of no value to the Complainants in Counterclaim, (4) Dr. Weisler generated bills which were inconsistent with the quality and kind of work actually performed, (5) in the event that this Honorable Court finds that there existed a contract between the Complainants in Counterclaim and the Defendants in Counterclaim; Dr. Weisler failed to provide those services which he agreed to provide based on the "alleged" oral contract with the Complainants in Counterclaim, (6) Dr. Weisler's billing practices did not correlate with his work product and were inconsistent with industry standards and protocols, (7) Dr. Weisler's billing practices are unreasonable, (8) Dr. Weisler's billing practices breached the implied covenant of good faith and fair dealing, (9) Dr. Weisler's refusal to provide documentation related to billing bars in whole or in part any right to compensation that might otherwise occur, (10) Dr. Weisler billed for non-task related activities, such as travel time from

11

Grand Rapids, Michigan to New Orleans; and (11) Dr. Weisler breached fiduciary duties and duties of confidentiality.

## FOURTH COUNTERCLAIM

To the extent that the Petitioner has already received any payments and/or receives prospective payments from the Defendants, the Defendants aver that those payments were appropriate, that the Petitioner has already been paid everything that he is owed, and in the event of a further judgment in favor of the Petitioner, the Defendants claim a credit or a setoff for all amounts previously paid and to the extent that the Defendants has made any payments to which the Petitioner is not entitled, the Defendants reserves their rights to recover those amounts by reconventional demand or counter-claim.

## JURY TRIAL REQUEST

The Defendants, pursuant to Fed. R. Civ. Proc. 38, requests a trial by jury as to all parties and issues herein.

## RESERVATION OF RIGHTS

To the extent permitted by law, the Defendants reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, the Defendants prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the Defendants and against the Petitioner, dismissing the Petitioner's claims with prejudice and at their costs, and granting the Defendants judgment on each and every count of their counterclaims, attorney's fees and costs of suit including interest on the entire judgment, until paid in full, and for all general and equitable relief.

Respectfully submitted:

---

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 29th day of May, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

DAVID V. BATT

---

DAVID V. BATT, #2849
ROBERT D. REINE, #28978
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292  FAX (504) 586-1290

13