UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolidated cases |
| Weisler v. Seymour, et al. 09-2737 | * * * * * * | SECTION "K" (2) JUDGE STANWOOD R. DUVAL, JR. MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF DEFENDANTS
MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UNDER RULE 12(b)

### 1. Introduction

This lawsuit arises from a contract dispute regarding the expert witness fee of the Petitioner, Dr. Weisler. On August 29, 2005, Hurricane Katrina struck the Greater New Orleans area. This storm caused massive damage and flooding to this region. As a reaction to events, set into motion by this storm, a number of suits were filled in the Eastern District of Louisiana. Eventually, some of these actions were consolidated as the "Katrina Breaches Litigation" and more specifically, "Barge Case." It is from this foundation that this dispute arises. The Petitioner has brought an action for Breach of Contract and a suit on an "Open"

1

account. However, the Petitioner has failed to state a claim under which he is entitled for relief against the Defendants, Richard T. Seymour, Esq., Alan L. Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq. (hereinafter collectively referred to as "the Defendants.")

## 2. Facts

On or about May 14, 2008, Alan Fuchsberg, contacted Dr. Weisler to solicit his expert opinion. Dr. Weisler was asked to determine if it was possible to prepare a report to buttress the Barge Plaintiffs' Litigation Steering Committee ("BPLSC") efforts to certify an emotional subclass. Dr. Weisler communicated with various members of BPLSC during this project via email, telephone and face-to-face. A report was ultimately generated by Dr. Weisler. The BPLSC decided to abandon the emotional subclass theory. Dr. Weisler's billed roughly 450 hours at $600/hour for his "work" on the project.

On February 11, 2009, Dr. Weisler filed his complaint against the Defendants. The complaint made allegations against both the defendant-law firms and ***against the attorneys, individually, in their personal capacities.*** Specifically, the complaint lists the following individuals, as parties to this action: Richard T. Seymour, Esq., Alan L. Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq. (hereinafter collectively referred to as "the Defendants.")

## 3. Argument

In order to "survive a motion to dismiss, the 'complaint must contain either direct allegations on every material point necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be

2

introduced at trial.'" *Hoover v. Florida Hydro, Inc., et al.*, 2009 WL 1380619 (E.D. La.) at 3. (quoting Campell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Egan Nursing Services, Inc. v Scheur, et al.*, 2003 WL 1701705 (E.D. La.) at 4 (quoting *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997)).

Thus, we must now focus on the allegations contained in the Petitioner's complaint. In order to maintain a colorable claim against the Defendants, Richard T. Seymour, Esq., Alan L. Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq. (hereinafter collectively referred to as "the Defendants") the Petitioner must allege facts that indicate that these individuals **are personally liable**. "Under Louisiana law, 'corporations are distinct legal entities, separate from the individuals who comprise them.' As such, shareholders are not liable for the debts of the corporation as a general rule." *Huard v. Shreveport Pirates, Inc.*, 147 F.3d 406 (5th Cir. 1998) at 409.

The Petitioner has conceded that the Corporations are in fact legal, corporate entities.[1] Thus, the burden shifts to the Petitioner "to show the exceptional circumstances which merit piercing the corporate veil and holding the individual(s) shareholders liable." *Chisholm v. Anpro Trading, L.L.C.*, 2008 WL 4691213 (E.D. La.) (quoting *Shoemaker v. Giacalone*, 793 So.2d 230, 233 (La.App. 2nd Cir. 2001)).

Piercing the corporate veil is "drastic remedy and must …be construed very narrowly and exercised reluctantly and cautiously." *Chisholm* at 3. This should only be done when

---

[1] See the Plaintiff's complaint page 2-4, Parties section, where each named Corporation is referred to as "organized and existing pursuant to the laws of."

"adherence to the corporate fiction would clearly result in inequity." *Id.* Under Louisiana law, corporations are distinct legal entities separate from the individuals who comprise them. *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1167 (La. 1991). Piercing of the corporate veil is generally permitted in unusual situations such as where "…fraud or deceit has been practiced by a shareholder acting through the corporation…" *Id.* at 1168.

As put more succinctly by the court, "Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrong-doing." *Id.* When fraud has not been alleged, a plaintiff seeking to pierce the corporate veil **bears a heavy burden of proof** in demonstrating that the corporate form has been disregarded by the shareholders to the extent that the corporation and shareholders are indistinguishable. *Chisholm at 3.* (emphasis added) In the present instance, Dr. Weisler's complaint contains no allegations of fraud, malfeasance or criminal wrong-doing. Thus, his burden is insurmountable, for the purposes of this 12(b) motion.

The five factors that the courts typically evaluate in order to determine if the corporation is merely an "alter ego" are: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. *Huard* citing *Riggins* at 409, 410.

None of these enumerated factors are addressed in the complaint of Dr. Weisler. The complaint fails to address any of the five enumerated factors necessary to pierce the corporate veil. Furthermore, the complaint does not allege any fraud, malfeasance or

4

criminal wrongdoing. Therefore, even when considered in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint fails to state any valid claim for relief as against the individual- defendants as distinguished from the corporate-defendants. Clearly, the Petitioner has failed to meet his "heavy" burden, required, under Louisiana's time-honored jurisprudence, to pierce the corporate veil.

## 4. Conclusion

The Petitioner has not alleged any facts to support his claim against these Defendants, as individuals, in their personal capacities. The Defendants are not personally liable for the debts of the Corporations and the Petitioner has failed to allege any set of facts or allegations that would support a piercing of the corporate veil. Therefore, the Defendants, Richard T. Seymour, Esq., Alan L. Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq., move this Honorable Court to dismiss all claims, relating to these named Defendants, individually, with prejudice.

Respectfully submitted:

_____
DAVID V. BATT, #2849
ROBERT D. REINE, #28978
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292  FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 29th day of May, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

_____
DAVID V. BATT