**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
        CONSOLIDATED LITIGATION

                                               NO. 05-4182

PERTAINS TO: BARGE                                SECTION "K"(2)
        *Parfait Family v. United States* (07-3500)


## ORDER AND REASONS

Before the Court is a Motion for Reconsideration (Rec. Doc. 16719) ("Mot.") filed on

behalf of third party defendants Lake Borgne Basin Levee District and Orleans Levee District

(collectively "Levee Districts"). Defendant Lafarge North America, Inc. ("Lafarge"), has filed

an opposition (Rec. Doc. 16844) ("Opp."). For the following reasons, this Court will deny the

Levee Districts' motion.


## I.  BACKGROUND

The *In re Katrina Canal Breaches Consolidated Litigation* is an umbrella case

consolidating numerous causes of action arising from damage during Hurricane Katrina. This

particular cause of action concerns damage resulting from the alleged breach of the levees along

the Industrial Canal in New Orleans due to an unmoored barge. Plaintiffs allege that the barge

owner, Lafarge, did not adequately moor its barge, resulting in the barge coming loose during the

storm and then striking, and eventually breaching, the eastern floodwalls of the Industrial Canal.

Lafarge filed a third-party complaint against the Levee Districts seeking contribution and

indemnity for those levees that breached during the hurricane.

The Levee Districts herein seek reconsideration of this Court's prior order issued on

1

December 1, 2008 (Rec. Doc. 16574) ("Order").  That order denied the Levee Districts' motion

to dismiss.  In doing so, this Court first held that Lafarge would be permitted to plead a

contribution or indemnity claim because its third-party complaint was governed by the same

substantive law, federal maritime law, as the plaintiff's original complaint.  Order at 14.  This

Court then determined that Lafarge had not sufficiently pled an indemnity claim, but it had pled

a claim for contribution.  Order at 17-19.  Therefore, Lafarge's indemnity claim was dismissed

while its contribution claim was permitted to proceed.  Order at 19.

The Levee Districts seek reconsideration of this Court's decision that permitted Lafarge's

contribution claim to proceed.  Specifically, the Levee Districts assert that Lafarge has not

adequately alleged contribution.[1]  They claim that Lafarge has not pleaded that the "concurrent

fault" of the Levee Districts caused the breach of floodwalls and levees along the Industrial

Canal.  Mot. at 3.  Lafarge opposed this motion for reconsideration on two points.  First, it

asserts that the Levee Districts waived this argument in their prior pleadings.  Opp. at 1.  Second,

Lafarge claims that its complaint must be liberally construed with all inferences made in its

favor, and accordingly its complaint was properly read as pleading contribution.  Opp. at 2-3.


**II.  ANALYSIS**

Under the law of this circuit, a motion for reconsideration should be evaluated under

either Rule 59(e) or Rule 60(b).  As explained by the Fifth Circuit:

The federal rules do not recognize a "motion for reconsideration" in haec verba.

---

[1]The Levee Districts do not dispute that a right to contribution exists under maritime law, and they appear to make no issue of this Court's prior decision that maritime law applies in this case.  Mot. at 1.

> We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).

*Lavespere v. Niagara Mach, & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994). A motion to alter or amend a judgment "must be filed no later than 10 days after the entry of judgment." Fed.R.Civ.P. 59(e). If the motion is brought within ten days of the judgment it is subject to Rule 59(e), if filed after ten days it is subject to Rule 60(b). *Harrington v. Runyon,* 98 F.3d 1337 (5th Cir. 1996) (citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989)). In this case, it appears that Defendants' motion for reconsideration was filed within ten days of judgment and therefore this Court will apply Rule 59(e).

"This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Johnson v. Cain,* Civ. A. No. 05-1943, 2007 WL 1741883, at *1, (E.D. La., June 14, 2007), *citing Peterson v. CIGNA Group Ins.,* Civ. A. No. 99-2112, 2002 WL 1268404, at *2 (E.D. La., June 5, 2002). The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Southern Contractors Group, Inc., v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993). A district court's denial of a Rule 59(e) motion is reviewed for an abuse of discretion. *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 566 (5th Cir. 2003).

In this case, it appears that the Levee Districts assert that this Court made a manifest error

of law in permitting Lafarge's contribution claim to proceed.  Before considering this argument,

however, this Court must address Lafarge's first point of opposition, namely that the Levee

Districts raise a new argument here.  "A motion for reconsideration may not be used to rehash

rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th

Cir. 2005) (citation omitted); *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th

Cir. 2007) ("Generally speaking, we will not consider an issue raised for the first time in a

Motion for Reconsideration.") (citing *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th

Cir. 1999)).  Here, it appears that this argument was previously raised by the Levee Districts.  In

their reply memorandum to Lafarge, the Levee Districts argued that Lafarge could not use a Rule

14(c) impleader under admiralty, and therefore Lafarge had to use Rule 14(a) third party

procedure.  Levee District Reply at 12 (Rec. Doc. 15585) ("Reply").  The Levee Districts further

asserted that Lafarge "has failed to plead the type of liability necessary under Rule 14(a)"

because it "denied liability to Plaintiffs while pointing the finger at [Levee Districts]."  Reply at

12-13.  This is substantially the argument made here.  Therefore, the Levee Districts have not

raised a new argument.

Proceeding to the Levee District's argument, they assert that this Court erred in

permitting Lafarge's contribution claim to proceed where Lafarge did not allege adequate facts

to support contribution.  The Court notes that the Barge Plaintiffs have not invoked Rule 9(h);

therefore, Lafarge must implead using Rule 14(a).  *See* Order, Apr. 22, 2009 (Rec. Doc. 18671)

(denying Plaintiffs' motion to file seventh amended complaint).  There is no dispute that federal

maritime law permits contribution.[2]

Federal Rule of Civil Procedure 8 governs the pleading standard. It requires a pleading that includes "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). As explained by the Fifth Circuit:

> Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law.

Anderson v. U.S. Dept. of Housing and Urban Development, 554 F.3d 525, 528-29 (5th Cir. 2008). Lafarge alleged in its third party complaint in part as follows:

> 68. The Orleans Levee District's and the Lake Borgne Basin Levee District failed to adequately inspect, operate, and maintain the waterways and their respective levees, retaining walls (including I-walls), floodgates, and related/connecting systems.
>
> . . .
>
> 70. The Orleans Levee District's and the Lake Borgne Basin Levee District's personnel training were inadequate with respect to the maintenance, operation, and inspection of the waterways' levees, retaining walls (including I-walls), floodgates, and their connections and component partes.
>
> . . .
>
> 72. Orleans Levee District's and the Lake Borgne Basin Levee District's above-

---

[2]*See Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 110-111, 94 S.Ct. 2174, 2176-77, 40 L.Ed.2d 694 (1974); *see also Seal Offshore, Inc. v. Am. Standard, Inc.*, 777 F.2d 1042, 1045 (5th Cir. 1985) (holding that third-party plaintiff in maritime case that impleaded third-party defendant under Rule 14(a) could seek contribution for prejudgment interest).

described negligent actions and/or omissions were a direct and proximate cause of, and substantial factor in, the overtopping and/or breaching of the banks and/or levees, retaining walls, and I-walls floodgates, and related structures along the [Industrial Canal], MR-GO, and GICW.

72.  If [Lafarge] is held liable unto plaitniffs, which [Lafarge] specifically denies, said liability arises out of the breach of duties of the Orelans Levee District and the Lake Borgne Basin Levee District, and [Lafarge] is therefore entitled to indemnity, recovery over, and/or contribution from the [Defendants] in the full amount of any liability that [Lafarge] may incur herein.

Lafarge Third Party Complaint at ¶ 68, 70, 72-73 (Rec. Doc. 9032) ("Compl."); *see also* Compl.

¶ 78.  This Court finds that this allegation is adequate to place the Levee Districts on notice of

Lafarge's claim of contribution.  It notifies the Levee Districts with adequate detail of what

conduct they may be liable for, and it notifies them that Lafarge may seek contribution.  In

making this ruling, the Court is mindful that:

Because the question whether someone is a joint tortfeasor is largely one of fact to be determined by the jury, a motion to dismiss the third-party complaint on the ground that it fails to state a claim normally should be denied and the third-party plaintiff allowed an opportunity to produce evidence as to the nature of the relationship.

6 Charles A. Wright, et al., *Federal Practice & Procedure Civil* 2d (2009) § 1448 (footnote

omitted).  The Court will permit Lafarge to develop its claim further through discovery.

## III.  CONCLUSION

For the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendant Levee Districts' Motion for Reconsideration (Rec.

Doc. 16719) is **DENIED**.

New Orleans, Louisiana, this __29th__ day of May, 2009.

 

 

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**