# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: *Robinson* (06-2268) | SECTION "K"(2) |

## ORDER AND REASONS

At the conclusion of the trial, the issue concerning whether the deposition testimony of Robert A. Dalrymple should be considered by this Court in the context of the trial testimony was raised. The Court ordered briefing on the issue. (Doc. No 18842). Having reviewed the memoranda, the Court finds that it will exclude the testimony for the reasons that follow.

Robert A. Dalrymple was retained as an expert by counsel for Washington Group International, Inc., in the MRGO track of this matter, not the *Robinson* trial. He was not timely identified as a witness in this case by either the *Robinson* plaintiffs or the United States. He opined in September 2007at a deposition taken during the class action phase of discovery in the MRGO case. Plaintiffs seek to offer his testimony concerning the proposition that wetlands provide a buffer from storm surge which clearly is cumulative testimony in nature.

Dr. Dalrymple testified that he had not engaged in any independent study to determine what the surge height would have been in Reach 2 if the wetlands had not been eviscerated. Nonetheless, he offered the testimony that the absence of wetlands led to an increased surge of a meter or about three feet and three inches which apparently was based on his reading of the IPET report, which now admit was an erroneous conclusion as such information is not found in the IPET report.

Consequently, and primarily based on the fact that this witness was not timely designated by plaintiffs,

**IT IS ORDERED** that the deposition testimony of Dr. Robert A. Dalrymple is **EXCLUDED.**

New Orleans, Louisiana, this  29th  day of May, 2009.

 **STANWOOD R. DUVAL, JR.**
 **UNITED STATES DISTRICT COURT JUDGE**