UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO: INSURANCE/FORCED PLACE
  Specific Case Nos. 09-1600, 09-1604, 09-1609, 09-1610, 09-1611, 09-1612, 09-1614, 09-1615, 09-2559, 09-2560, 09-2561, 09-2562, 09-2563, 09-2564, 09-2565, 09-2566, 09-2567, 09-2568, 09-2569, 09-2570, 09-2571, 09-2572, 09-2573, 09-2574, 09-2575, 09-2582, 09-2583, 09-2584, 09-2585, 09-2586, 09-2587, 09-2588, 09-2589, 09-2593, 09-2594, 09-2595, 09-2596, 09-2597, 09-2598, 09-2599, 09-2600, 09-2607, 09-2612, 09-2613, 09-2614, 09-2615, 09-2616, 09-2617, 09-2618, 09-2619, 09-2620, 09-2621, 09-2622, 09-2623, 09-2625, 09-2630, 09-2640, 09-2642, 09-2644 , 09-2645, 09-2646, 09-2647 , 09-2648, 09-649, 09-2650, 09-2651, 09-2652, 09-2653, 09-2654, 09-2655, 09-2656, 09-2657, 09-2658, 09-2659, 09-2660, 09-2661, 09-2662, 09-2663, 09-2664, 09-2665, 09-2666, 09-2667, 09-2668, 09-2677, 09-2678, 09-2679, 09-2680, 09-2681, 09-2682, 09-2683, 09-2684, 09-2685, 09-2686, 09-2687, 09-2688, 09-2689, 09-2690, 09-2691, 09-2692, 09-2693, 09-2694, 09-2695, 09-2696, 09-2697, 09-2702, 09-2703, 09-2705, 09-2706, 09-2709, 09-2710, 09-2711, 09-2712, 09-2713, 09-2716, 09-2717, 09-2719, 09-2720, 09-2723, 09-2724, 09-2729, 09-2730, 09-2879, 09-2880

CIVIL ACTION
NO. 05-4182 "K" (2)

Judge Duval

Magistrate Wilkinson

**DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS**

On May 18, 2009, the Supreme Court of the United States issued its opinion in *Ashcroft v. Iqbal*, No. 07-1015, 2009 WL 1361536 (U.S. May 18, 2009). This new decision is directly relevant to Defendants' Motion to Dismiss because it clarifies the standard of review applicable to a motion to dismiss under FED. R. CIV. P. 12(b)(6), and clarifies the pleading

requirements under Federal Rule of Civil Procedure 8(a)(2). The *Iqbal* decision further supports a dismissal of the lender-placed complaints that are subject to the Motion to Dismiss (Rec. Doc. 18088-3).

As set forth in the Motion to Dismiss, the various complaints filed in these actions do not meet the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In *Iqbal*, the Court explained "[t]wo working principles [that] underlie our decision in *Twombly*." *Iqbal*, 2009 WL 1361536, at *13. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. The Court held that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id*. at *12. The Court ruled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and do not "unlock the doors of discovery for a plaintiff." *Id*. at *13. Thus, while courts "must take all of the factual allegations in the complaint as true" for purposes of a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

Second, the court ruled that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. The court explained that the plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at *12. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at *13 (quoting Fed. R. Civ. P. 8(a)(2)). The court further clarified, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id*. at *12.  And, to avoid any confusion, the Court clarified that *Twombly* applies to "all civil actions." *Id*. at *16.

Plaintiffs contend, without any supporting factual allegations in their complaints, that they are third-party beneficiaries to Defendants' contracts.  *See* Defendants' Memorandum in Support of Motion to Dismiss at 9-12.  Further, some plaintiffs' groups fail to even specify the relationship between individual plaintiffs and Defendants.  *Id*. at 10-12.  As set forth in *Twombly*, and now clarified and buttressed by *Iqbal*, these conclusory arguments are not to be accepted as true and the court cannot assume that Plaintiffs are third-party beneficiaries.  However, even if Plaintiffs cure their pervasive pleading deficiencies, they lack the requisite standing to pursue their claims against the Defendants.  *Id.* at 13-33; Defendants' Reply Memorandum at 2-12.

Defendants, therefore, submit this supplemental authority and respectfully request that the Court dismiss all the FPI Umbrella complaints filed against the Insurer Defendants subject to the Motion to Dismiss.  A copy of *Ashcroft v. Iqbal*, No. 07-1015, 2009 WL 1361536 (U.S. May 18, 2009) is attached.

Respectfully submitted, this 1st day of June, 2009.

    /s/ Wendy Hickok Robinson
Wendy Hickok Robinson (La. Bar No. 25225)
whrobinson@gordonarata.com
Nina Wessel English (La. Bar No. 29176)
nenglish@gordonarata.com
GORDON, ARATA, McCOLLAM DUPLANTIS
   & EAGAN, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
(504) 582-1111
(504) 582-1121 (*Facsimile*)

And

Cari K. Dawson (Ga. Bar No. 213490)
cari.dawson@alston.com
Daniel F. Diffley (Ga. Bar No. 221703)
DDiffley@alston.com
(admitted *pro hac vice*)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000
(404) 881-7777 (*Facsimile*)

**Attorneys for Safeco Insurance Company of America and General insurance Company of America**

And

  /s/ Stephen W. Rider
Stephen W. Rider T.A. (La. Bar No. 2071)
Daniel T. Plunkett (La. Bar No. 21822)
MCGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

**Attorneys for Defendants Balboa Insurance Company, Meritplan Insurance Company And Newport Insurance Company**

and

   /s/  Virginia Y. Trainor
Marshall M. Redmon (Bar #18398)
Virginia Y. Trainor (Bar #25275)
Ginger Trainor
**PHELPS DUNBAR LLP**
445 North Boulevard, Suite 701
Baton Rouge, LA  70802
Telephone: (225) 346-0285
Fax: (225) 381-9197

and

Jacqueline M. Brettner (Bar #30412)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

**Attorneys for Defendants The Involved Lloyd's Underwriters, Southwest Business Corporation and Proctor Financial**

C E R T I F I C A T E

I hereby certify that on this 1st[th] day of June, 2009, a copy of this **SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS** was sent to counsel of record via the electronic filing system for the Eastern District of Louisiana. A copy of this pleading has also been sent by United States mail, postage prepaid, to any counsel of record not registered to receive documents electronically.

        /s/ Wendy Hickok Robinson