UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NUMBER:  05-4182 "K"(2)
JUDGE DUVAL
MAG. WILKINSON

PERTAINS TO:  *Robinson*
(No. 06-2268)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER EXCLUDING THE DEPOSITION
TESTIMONY OF DR. ROBERT A. DALRYMPLE (DOC. NO. 18952)**

**I.      INTRODUCTION**

The Court ruled on Plaintiffs' Memorandum in Support of Admission of Deposition

Testimony of Robert A. Dalrymple to Admit Dalrymple before they could file their a Reply brief

to address several material inaccuracies contained in the Defendant's Opposition to Admission of

Deposition Testimony of Robert A. Dalrymple (Doc. No. 18941).

In order to set the record straight, Plaintiffs' file this Memorandum in Support of their

Motion for Reconsideration for the following reasons:

1.  Dr. Dalrymple was properly identified as a witness in the *Robinson* matter.

2.  Dr. Dalrymple is a defense expert under Defendant's control via its joint defense

agreement with the Washington Group; and

3.  A designated expert is allowed to testify by deposition.

For the reasons set forth in Plaintiffs' opening brief and below, the Court should admit the deposition testimony of Dr. Dalrymple.[1]

## II.     ARGUMENT

Initially, the Government does not dispute that a deposition legally taken in a prior proceeding involving the same subject matter is admissible against the same party in a subsequent proceeding.  Fed. R. Civ. Proc. 32(a)(8); *see also, Aileen Mills Co. v Ojay Mills, Inc.,* 192 F.Supp. 131, 134-35 (S.D.N.Y. 1960); *Moultrie Nat. Bank v. Travelers Indem. Co.,* 181 F.Supp. 444, 445 (M.D. Ga. 1959); *Tobacco & Allied Stocks v. Transamerica Corp.,* 16 F.R.D. 545, 547 (D.C. Del. 1954); *Rivera v. America Export Lines, Inc.,* 113 F.R.D. 27, 29-30 (S.D.N.Y. 1952).

### A.   Dr. Dalrymple Was Properly Identified as a Witness

The Government claims that Dr. Dalrymple was not timely disclosed as a witness.  This simply is not true.  Dr. Dalrymple was properly identified as a witness on the Plaintiffs' List of Witnesses filed on April 3, 2009.  *See* Exhibit "D," Plaintiffs' List of Witnesses (Doc. No. 18445) at No. 52.  Pursuant to rulings established through defense efforts, Dr. Dalrymple was properly identified.  Furthermore, Dr. Dalrymple's deposition transcript (PX0028) and expert report (PX0029) were included in Plaintiffs' Exhibit List first timely presented to the Government on March 18, 2009, and again on April 2, 2009.  No objections were lodged by the Defendant before trial.  That same deposition transcript was included by the Government in the Joint Exhibit List as JX 135, and that same expert report was included as JX 205.

---

[1] Although not essential to the present motion, it should be mentioned that Plaintiffs' previous assertion that the MR-GO led to a 3 foot increase in surge at Reach No. 2 was based on the best evidence it had at the time—Dr. Paul Kemp's declaration.  See, Exh. "G" at p. 29, ¶ 39; p. 31, ¶ 42; p. 41, ¶ 54.

In stark contrast, the Government identified an Army Corps Pete Luisa in its March 2009 Witness List for the first time in well over two years of litigation, forcing Plaintiffs to file a Motion to Strike Mr. Luisa from the witness list. (Doc. No. 18693).  Nonetheless, the Defendant argued persuasively to this Court that the last minute inclusion of the name of a witness in the Witness List was sufficient to comply with the Case Management Order.  As established in this Court's Order dated April 30, 2009, the designation of a witness in the final witness list "technically . . . was not late."  (Doc. No. 18730).

Clearly then, Dr. Dalrymple was timely identified as a witness for trial.

### B.  Dalrymple Is a Defense Expert Under Defendant's Control Via Its Joint Defesnse Agreement With Washington Group

In its Opposition, the Government claims that it had no control over Dr. Dalrymple because he was serving at the behest of Washington Group International, Inc. ("WGI").  This is misleading.  As this Court is aware, both the Defendant United States and WGI were named as Defendants in the MR-GO class action.

The *Robinson* case, upon agreement by all parties, has proceeded to trial as a single, multi-party test case designed as the most efficient manner for evaluating the issue of liability arising from the MR-GO.  As such, the discovery protocol in *Robinson* has generally tracked the discovery protocol of the MR-GO class action litigation.  Approximately one hundred and fifty-eight (158) depositions were taken, and all the expert discovery completed, through the auspices of the MR-GO litigation.

Until WGI was dismissed as a result of a successful assertion of the government contractor defense, the United States and WGI operated under a joint defense agreement.[2]  As

---

[2] A similar Joint Defense Agreement was brought before the Court through the defendant's unsuccessful Motion for Order to Show Cause Why Plaintiffs' Attorneys Kea Sherman and

demonstrated in the deposition of Army Corps' employee Joseph J. DiCharry, Jr., the Corps and

WGI worked in conjunction (pursuant to a Joint Defense Agreement it refused to produce

through discovery), with each other in developing their defense. *See* Exhibit "E" (DiCharry Dep.

Tr. at p. 47-49).

       As demonstrated in the deposition transcript, Dr. Dalrymple's was designated as an

expert for *all* MR-GO defendants, and the United States commented on the report.  *See* Exhibit

"F" (Dalrymple Dep. Tr,. at 10:24-11:19).  A representative of the Defendant United States

attended the deposition of Dr. Dalrymple but chose not to ask any questions.  *Id.* at pp. 6-9.

### C.  <u>A Designated Expert is Allowed to Testify by Deposition</u>

       The Government successfully moved to admit the deposition testimony of Dr. Shea

Penland—a deceased Plaintiffs' expert—when in fact it had not identified Dr. Penland in its

Witness List.  This transgression was overlooked by the Court in its Order dated April 17, 2009

when it ruled that the "failure to identify Dr. Penland as a witness in the pretrial order does not

warrant excluding his deposition. The government listed Dr. Penland's deposition as one of its

exhibits, thereby giving plaintiffs notice of its intent to introduce Dr. Penland's testimony."

(Doc. No. 18605).  Therefore, the Government cannot have it both ways:  admit Dr. Penland but

exclude Dr. Dalrymple.

       Finally, consistent with its relentless campaign to disparage Plaintiff's counsel, the

Government argues that counsel "furious[ly] backpedd[les]" from its assertion that the MR-GO

increased Katrina's storm surge by three feet.  (Opposition at p.2).  The fact of the matter is that

Plaintiffs' counsel has always relied in good faith on the state of the record at the time various

motions were being briefed and argued.  Thus, the assertion in the Section 702c immunity

_____

Jonathan Andry Should Not Be Disqualified.  (Doc. No. 18696); however, the Government has
curiously chosen not to mention such a Joint Defense Agreement for the MR-GO litigation.

summary judgment that the MR-GO caused three feet of additional surge at the Reach 2 LPV

structures was based on the then current analysis by Dr. Paul Kemp.  *See*, Kemp's 702c

Declaration, Exhibit "G" at p. 29, ¶ 39; p. 31, ¶ 42; p. 41, ¶ 54.  Since that time, Plaintiffs'

experts have refined their analysis, and as the Court knows, there is substantial evidence that the

MR-GO contributed up to a foot of additional surge and massive waves that attacked and

overtopped the LPV structures along Reach 2.

### D.  **CONCLUSION**

For the foregoing reasons, this Court should admit the deposition testimony of Dr.

Dalrymple.

Dated: June 2, 2009                                    Respectfully submitted,


**O'Donnell & Associates P.C.**

By: s/ Pierce O'Donnell

Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298


**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

**The Andry Law Firm, LLC**                 **Domengeaux Wright Roy & Edwards LLC**
By: s/ Jonathan B. Andry                      Bob F. Wright (LSBA No. 13691)
Jonathan B. Andry (LSBA No. 20081)           James P. Roy (LSBA No. 11511)
610 Baronne Street                            556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                  P.O. Box 3668
Telephone: (504) 586-8899                     Lafayette, Louisiana 70502-3668

Facsimile:  (504) 585-1788

Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**Ranier, Gayle & Elliot, LLC**
N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile:  (504) 528-9973

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile:  (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett  (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

**Barron & Budd, P.C.**
Russell W. Budd
Thomas M. Sims
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Telephone:  (214) 521-3605
Fax: (214) 520-1181

## CERTIFICATE OF SERVICE

I, Pierce O'Donnell, hereby certify that on June 2, 2009, I caused to be served

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR**

**RECONSIDERATION OF THE COURT'S ORDER EXCLUDING THE DEPOSITION**

**TESTIMONY OF DR. ROBERT A. DALRYMPLE (DOC. NO. 18952)**, upon Defendants'

counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at

robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and

richard.stone@usdoj.gov.

/s/ Pierce O'Donnell