UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>_____<br><br>FILED IN:  05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6359, 06-0020, 06-1885,<br>06-0225, 06-0886, 06-11208, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163,<br>06-5367, 06-5471, 06-5771, 06-5786,<br>06-5937, 06-7682, 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288,<br>07-1289.<br><br>PERTAINS TO:    LEVEE AND MR-GO<br>_____ | * * * * * * * * * * * * * * * * * * * | CIVIL ACTION<br><br>No.:  05-4182 "K" (2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |

**JOINT MEMORANDUM IN OPPOSITION
TO THE SIMS OBJECTORS' "MOTION TO SEVER"**

**NOW INTO COURT** come Plaintiffs[1] and the Settling Defendants which hereby oppose

the Sims Objectors'[2] so called "Motion to Sever" by which the Sims Objectors seek improperly

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this motion shall have the meanings and/or definitions given them in the Class Settlement Agreement, the original of which, together with all exhibits, is attached to the Joint Motion for Certification of Settlement Class, for Approval of Proposed Settlement and for the Stay of Certain Claims and Actions as *in globo* Exhibit "1."

to *re-open* discovery related to the Certification and Fairness Hearings – specifically with regard to the amount of the limited fund in this case.

As a preliminary matter, this motion offers no basis for severance of anything. There is no suggestion of any improper joinder of claims or parties. And the question of the amount of insurance proceeds available cannot be "severed" from the issue of certification of the limited-fund settlement class, as these issues are inextricably intertwined.[3] Simply put, the request for severance is a ruse. In substance, this motion is nothing more than a belated request to re-open discovery on a topic previously addressed, long after the discovery deadlines have passed without objection, after the Certification and Fairness Hearings have concluded, and after the record has been closed. This is completely improper.

In its December 15, 2008, Order of Preliminary Certification, this Court established a reasonable period for discovery related to Class Certification and the Fairness Hearing. Specifically, the Court ordered that "[d]iscovery related to the Certification Hearing and/or the Fairness Hearing must be completed on or before the 10th calendar day prior to the [March 13,

---

[2] For purposes of this Opposition, the "Sims Objectors" refers to those Plaintiffs represented by James K. Irvin and John J. Cummings, III in the following cases: No. 06-5116 (*Sims*); No. 06-5188 (*Richard*); No. 06-5127 (*DePass*); No. 06-5128 (*Adams*); No. 06-5134 (*Christophe*); No. 06-5137 (*Williams*); No. 06-5131 (*Bourgeois*); No. 06-5142 (*Augustine*); NO. 06-5132 (*Ferdinand*); and No. 06-5140 (*Porter*).

[3] Severance of "any *claim* against any party" under Federal Rule of Civil Procedure 21 (emphasis added), which the Sims Objectors tellingly do not address, would serve to create an entirely independent action. *See*, *e.g.*, *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304, n.19 (5th Cir. 1993). That, of course, would be wholly inappropriate here given the relationship between the Premises Issue and the limited fund. Moreover, even assuming that the Sims Objectors instead sought a separate trial pursuant to Rule 42(b), "[s]eparation of issues....is not the usual course that should be followed." *Id*., at 304. That is particularly the case when the issues are inextricably intertwined rather than separate and distinct. *See*, *e.g.*, *Beechgrove Redevelopment, LLC v. Carter & Sons Plumbing, Heating and Air-Conditioning, Inc.*, 2009 WL 382713 (E.D. La.) (Barbier, J.) The inapplicability of either procedure to the present circumstances further indicates that the Sims Objectors' Motion is simply an attempt to make an end run around prior discovery rulings and delay a decision on the proposed class settlement.

2009] Objection Deadline"[4] – or on or before March 3, 2009. That very same month, December of 2008 (3 months prior to the discovery cut-off set by the Court), counsel for the Sims Objectors issued written discovery – later the subject of hearings before, and rulings from, Magistrate Judge Knowles – that focused not only generally on the nature of the limited fund in this case but also specifically on the "premises issue" under the Orleans Levee District ("OLD") policy. The Sims Objectors did not timely object either to the pre-hearing discovery deadline or to the scope of pre-hearing discovery (nor, tellingly, did any other person or party). And, as shown below, the Sims Objectors failed even to raise the premises question under the post-hearing briefing schedule established by the Court in a timely fashion. In short, the Court provided a reasonable opportunity for pre-hearing discovery in this matter, <u>which counsel for the Sims Objectors took full advantage of</u>. The Sims Objectors' motion is improper, untimely, and should be denied.

## FACTS AND PROCEDURAL HISTORY

As this Court is well aware, the Parties have entered into a Class Settlement Agreement, which was the subject of the Class Certification and Fairness Hearings conducted on April 2, 2009. At that hearing, Class Counsel and Settling Defendants agreed that the $17 Million (plus over $4 Million in judicial interest) deposited by St. Paul into three Escrow Accounts represented the total amount of insurance proceeds potentially available to respond to the Claims of Class Members against the Levee Districts, subject to only one limited exception. Specifically, Class Counsel reserved the right to argue that one of the insurance policies at issue – that policy issued by St. Paul to OLD bearing the policy number GP06300925 (Ex. 2)[5] – potentially provides an

---

[4] *See* the Order of Preliminary Certification, (Doc. No. 16721), p. 9, ¶ 9.

[5] Except as otherwise expressly provided, all exhibits referenced herein refer to the exhibits introduced into evidence during the April 2, 2009 hearings.

additional $2 Million in limits pursuant to a Premises Endorsement (Form G0251 Ed. 10-97) in the Policy (the "Premises Issue").[6]

Prior to the Certification and Fairness Hearings, this Court established March 3, 2009 as the pre-hearing discovery deadline.[7] Counsel for the Sims Objectors took discovery on these very issues, and the parties' disputes related to the discovery were addressed by Magistrate Knowles whose ruling was never appealed to this Court.

Thereafter, at the Certification and Fairness Hearings, the Parties submitted a Joint Statement of Stipulated Facts related to the Premises Issue (including specifically the geography and layout of the OLD levee system). *See,* Joint Stipulation, Ex. 60. The Sims Objectors were represented by counsel during the hearings and did not object to the Joint Stipulation.

Following the April 2, 2009 hearings, the Court ordered post-hearing briefing on (1) the Premises Issue, to be completed by May 8, 2009, and (2) the Sims Objectors' objections, if any, to the proposed settlement, to be completed by May 4, 2009.[8] The Court subsequently extended the deadline for post-hearing briefs concerning objections until May 11, 2009. The Sims Objectors did not submit any post-hearing briefs regarding the Premises Issue by May 8, 2009, nor did the Sims Objectors substantively address the Premises Issue in their post-hearing brief objecting to the limited fund settlement other than to (incorrectly) state that the Premises Issue

---

[6] *See,* Transcript of April 2, 2009 Hearings, Opening Statement by Gerald Meunier at pp. 4-5; *also,* St. Paul Fire and Marine's Post-Hearing Memorandum Regarding Applicable Insurance Limits, Rec. Doc.18615; Plaintiffs' Post-Hearing Memorandum Regarding Applicable Insurance Limits as to "Premises," Rec. Doc. 18732; St. Paul Fire and Marine's Reply Brief in Support of Post-Hearing Memorandum Regarding Applicable Insurance Limits, Rec. Doc. 18771.

[7] *See* fn. 3, above. This deadline was just over two years after the opening of discovery into all common liability issues in the *In Re: Katrina* litigation under the Court's Case Management Order No. 4. Rec. Doc. 3299.

[8] *See,* Minute Entry Amended, April 2, 2009, Rec. Doc. 18620.

was raised for the first time during the April 2, 2009 hearings and they had not been permitted to conduct discovery on the Premises Issue beforehand.

Finally, more than forty-five days *after* the April 2, 2009 Class Certification and Fairness Hearings ended and the record was closed, and *after* the deadlines for post-hearing briefs on the Premises Issue and the Sims Objectors' post-hearing memorandum – on May 18, 2009, the Sims Objectors' filed the instant motion seeking additional discovery. Rec. Doc. 18832. In their motion, the Sims Objectors represent that they did not know about the Premises Issue until March 30, 2009 and are entitled to conduct discovery related to the Premises Issue. As discussed below, the Sims Objectors' motion should be denied as no additional discovery is needed and the Sims Objectors are grossly late in seeking additional discovery at this juncture.

## LAW AND ARGUMENT

**A.     Counsel for the Sims Objectors Were Aware of the Premises Issue By December of 2008, Have Already Conducted Discovery Related to this Issue, and Raised No Objection Before Trial as to the Scope of Discovery Permitted**

The assertion by counsel for the Sims Objectors that they were unaware of the Premises Issue before March 30, 2009, when they received Peter C. Ligeros' Expert Report, is simply incorrect. To the contrary, William C. Gambel (formerly with the law firm of Milling Benson Woodward LLP and who formerly represented the Sims Objectors) and John J. Cummings (current counsel for the Sims Objectors) propounded discovery on this very issue in December, 2008. Specifically, on December 4, 2008 in *Bennett v. Board of Commissioners for the East*

*Jefferson Levee District*,[9] Mssrs. Gambel and Cummings propounded discovery requests upon St. Paul that included the following Request for Production of Documents:

> **REQUEST FOR PRODUCTION NO. 10:**
> Please produce any explanatory materials defining or describing the meaning of the term "premises" as it appears in Form G0251 Ed. 10-97, particularly as applied to the risk that an insured has or may have experienced multiple failures at different places in a system, [sic] the insured operated or has in its care.

12/4/08 Request for Production, attached hereto as Ex. A.

On January 21, 2009, St. Paul issued its response to the discovery, a copy of which is attached hereto as Ex. B. Deeming those responses insufficient, on January 29, 2009, counsel for the Sims Objectors filed a Motion to Compel seeking an order compelling St. Paul to more fully respond to, *inter alia*, Request for Production No. 10. On February 2, 2009, Mr. Gambel conducted a discovery conference with counsel for St. Paul during which each of the requests, including the Premises Endorsement request, was addressed.

Mr. Gambel followed up that conference with a February 3, 2009 letter and a February 5, 2009 clarifying e-mail which further targeted information as to the Premises Endorsement – specifically seeking information on OLD claims that exceeded the General Total Limit of the St. Paul policy (so as to potentially implicate the Premises Endorsement) – and which requested that St. Paul make a corporate representative available for deposition. 2/3/09 Letter and 2/5/09 e-mail, collectively attached hereto as Ex. C. St. Paul responded by letter dated February 13, 2009, advising, *inter alia*, that it was investigating whether any documents responsive to Premises Endorsement request exist, and requesting that Mr. Gambel identify the particular topics on

---

[9] *Bennett* was then pending in the Twenty Fourth Judicial District Court for the Parish of Jefferson under the docket number 624-894. The same discovery requests were also served in *de la Houssaye, et. al. v. The Parish of Jefferson, et. al*, which was also then pending in the Twenty Fourth Judicial District Court for the Parish of Jefferson.

which he would like to depose a representative of St. Paul.  2/13/09 Letter, attached hereto as Ex. D.

A hearing on the Motion to Compel was held on February 17, 2009, at which time Mr. Gambel argued as to why he believed this discovery was pertinent to the limited-funds settlement analysis.  At the conclusion of the hearing, Magistrate Judge Knowles issued a minute entry requiring St. Paul to supplement its discovery responses with any explanatory materials relating to the OLD Policy.  Rec. Doc. No. 17749.  However, Magistrate Knowles denied Mr. Gambel's request to depose St. Paul.  *Id.*  On March 3, 2009, St. Paul sent correspondence to Milling Benson Woodward LLP's managing partner,[10] supplementing its initial discovery responses with respect to the requested materials relating to, *inter alia*, the Premises Endorsement.  3/3/09 Letter, attached hereto as Ex. E.[11]

Despite having already conducted discovery related to the Premises Issue, despite the passage of the March 3, 2009 discovery deadline established by this Court, and (somewhat remarkably) despite the fact that the trial on this matter has already been conducted and the record closed, Mr. Cummings and Mr. Irvin now contend that they should be given additional time to conduct discovery regarding the Premises Issue.  This is simply not so.  As shown above, counsel for the Sims Objectors were aware of this issue before the April 2 hearings, were aware of the Court's deadline for discovery, and actually sought discovery on this issue.  Further, counsel did not seek additional discovery on this issue after St. Paul issued its supplemental

---

[10] Counsel for the Sims Objectors, William Gambel, had passed away in the interim.

[11] In addition to the discovery propounded upon St. Paul, counsel for the Sims Objectors also subpoenaed the files of the OLD's insurance broker and received in response on February 16, 2009, several banker's boxes of documents related to the OLD's policies and the underwriting in connection with same.

discovery responses on March 3, 2009, and did not seek review of Magistrate Knowles' decision as to the scope of discovery that would be permitted[12] – belying their current assertion that more discovery is necessary. Finally, the Sims Objectors have not made any showing whatsoever that additional discovery is actually needed or that Class Counsel have failed to adequately address this issue.

The Sims Objectors' belated, post-trial request for additional discovery should not delay this Court's ruling regarding the Class Action Settlement.

**B.   The Sims Objectors' Post-trial Concerns About the Premises Issue Are Untimely**

Putting aside the fact that counsel for the Sims Objectors have known about the Premises Issue since before December 4, 2008 and have had ample time to pursue discovery, the Sims Objectors failed to timely raise any concerns regarding the impact of the Premises Issue on the Certification or Fairness Hearings.

First, the Sims Objectors did not challenge or object to Mr. Ligeros' testimony during the hearings regarding the effect of the Premises Issue or his conclusion that only $2 Million is in dispute. Second, the Sims Objectors did not object to the Joint Stipulation between Class Counsel and the Settling Defendants, which was entered into evidence during the hearing. Third, the Sims Objectors did not seek leave to file any post-hearing memoranda regarding the Premises Issue before May 8, 2009—the deadline for all post-hearing briefs on the Premises Issue to be submitted. Finally, the Sims Objectors did not even raise any substantive objections concerning the Premises Issue in their post-hearing brief or state at that time that they should be allowed additional time to conduct discovery on the issue.

---

[12] Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 74.1, Judge Knowles' ruling could have been appealed to this Court within 10 days of that Order.

Thus, despite ample time to raise an objection concerning the Premises Issue, the Sims Objectors waited until the eleventh hour and well-after all established deadlines to file the present motion in a transparent effort to derail the proceedings.

## **CONCLUSION**

Despite their assertion, counsel for the Sims Objectors submitted written discovery concerning the Premises Endorsement almost four months before the April 2, 2009 hearing. And, Magistrate Knowles has already heard counsel's argument regarding the need for additional settlement-related discovery and ruled accordingly. That ruling was not appealed to the District Court. And the Sims Objectors raised no objection to the pre-hearing discovery deadline set by this Court.

The Certification and Fairness Hearings are concluded, and the record is closed. The Sims' Objectors motion is a thinly veiled effort to get a "second bite" at the pre-hearing discovery apple. There is no basis for severance of anything.

Having had more than ample time to conduct settlement-related discovery *prior* to the Certification and Fairness Hearings, the Sims Objectors' eleventh-hour request for additional discovery -- *after* the pre-hearing discovery has concluded, *after* the pre-hearing discovery deadline has passed without objection, *after* the introduction of the pertinent facts and evidence without objection at the Certification and Fairness hearings, *after* the record on these matters has been closed, and *after* the post-hearing briefing deadlines have passed -- is simply untimely and without any justification. The Sims Objectors' motion should be denied.

Respectfully submitted,

**LAW OFFICES OF JOSEPH M. BRUNO**

BY: */s/ Joseph M. Bruno*
Joseph M. Bruno (#3604)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone:   (504) 525-1335
Facsimile:   (504) 561-6775

ATTORNEYS ON BEHALF OF CLASS COUNSEL, AND AS LIAISON COUNSEL FOR LEVEE AND MR-GO-PLAINTIFF SUBGROUP LITIGATION COMMITTEES

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: */s/ Gerald E. Meunier*
Gerald E. Meunier (#9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone:   (504) 522-2304
Facsimile:   (504) 528-9973

LIAISON COUNSEL FOR LEVEE-PLAINTIFF SUBGROUP LITIATION COMMITTEE

**DOMENGEAUX WRIGHT ROY & EDWARDS**

BY: */s/ James P. Roy*
James P. Roy (#11511)
556 Jefferson Street
Lafayette, Louisiana 70502
Telephone:   (337) 593-4190
Facsimile:   (337) 233-2796

LIAISON COUNSEL FOR MR-GO-PLAINTIFF SUBGROUP LITIGATION COMMITTEE

**MCCRANIE, SISTRUNK, ANZELMO, HARDY,MAXWELL & MCDANIEL**

BY:   */s/ Thomas P. Anzelmo*
      Thomas P. Anzelmo (#2533)
      3445 N. Causeway Boulevard, Suite 800
      Metairie, Louisiana 70002
      Telephone:   (504) 831-0946
      Facsimile:   (504) 831-2492

ATTORNEYS FOR THE BOARD OF COMMISSIONER'S FOR THE ORLEANS LEVEE DISTRICT AND THE ORLEANS LEVEE DISTRICT


**DUPLASS, ZWAIN, BOURGEOIS, MORTON PFISTER & WEINSTOCK**

BY:   */s/ Gary M. Zwain*
      Gary M. Zwain (#13809)
      Three Lakeway Center, Suite 2900
      3838 North Causeway Boulevard
      Metairie, Louisiana 70002
      Telephone:   (504) 832-3700
      Facsimile:   (504) 837-3119

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, THE EAST JEFFERSON LEVEE DISTRICT, THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT, AND THE LAKE BORGNE BASIN LEVEE DISTRICT


**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

BY:   */s/ Ralph S. Hubbard*
      Ralph S. Hubbard III (#7040)
      601 Poydras Street, Suite 2775
      New Orleans, Louisiana 70130

        Telephone:   (504) 568-1990
        Facsimile:   (504) 310-9195

and

**PHELPS DUNBAR LLP**

BY   */s/ S. Ault Hootsell III*

    S. Ault Hootsell III
    Canal Place
    365 Canal Street, Suite 2000
    New Orleans, LA  70130-6534
    Telephone:  (504) 566-1311
    Telecopier:  (504) 568-9130

ATTORNEYS FOR ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2009, I electronically filed the foregoing with the Clerk of Court by using the CMECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ralph S. Hubbard III