TWENTY FOURTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

No. 624-894                                                        DIVISION

MAURICE DE LA HOUSSAYE, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VS.

THE PARISH OF JEFFERSON, AARON BROUSSARD AND
AMERICAN ALTERNATIVE INSURANCE CORPORATION

CONSOLIDATED WITH

No. 635-594                                         DIVISION "H" TO DIVISION "I"

GAYE T. BENNETT, WILLIAM T. BENNETT, DONNA S. CUMMINGS,
KENNETH GORDON AND DIANE GORDON

VERSUS

BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT,
DRAINAGE DEPARTMENT OF JEFFERSON PARISH PUBLIC WORKS
DEPARTMENT, JEFFERSON PARISH,
SEWERAGE AND WATER BOARD OF NEW ORLEANS,
BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT,
CITY OF NEW ORLEANS, and the
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
BOARD OF COMMISSIONER OF THE PORT OF NEW ORLEANS

FILED: _____     _____
                                          DEPUTY CLERK

PETITIONERS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS,
TO ST PAUL FIRE AND MARINE INSURANCE COMPANY

TO:  St. Paul Fire & Marine Insurance Companies
     Through Louisiana Secretary of State
     8585 Archives Avenue
     Baton Rouge, LA  70809

Plaintiffs, Kenneth Gordon, Diane Gordon, Donna Cummings and Maurice de la Houssaye, persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, and of Gaye T. Bennett and William T. Bennett, persons of the full age of majority and residents of the State of Texas, who meet the definition of class members as defined in the Case Management and Scheduling Order and the Consolidated Master Class Action Petition filed pursuant thereto, through undersigned counsel, propound the following requests for admissions, requests for production of documents and interrogatories to St. Paul Fire & Marine Insurance Company, and request that said defendant respond to the requests for admissions, requests for

EXHIBIT A

production and documents and the interrogatories in writing and under oath, to plaintiffs at the offices of William C. Gambel, Milling Benson Woodward L.L.P., 909 Poydras Street, New Orleans, Louisiana 70112, within the time allowed by the Louisiana Code of Civil Procedure.

## INSTRUCTIONS

1. Where an individual request calls for a response which involves more than one part, each part of the response should be clearly set out so that it is understandable.

2. The answers to these requests shall include such information and documents as are within the defendant's custody, possession or control, or are within the custody, possession or control of defendant's employees, accountants, attorneys or agents, or which are otherwise available to it. In responding to these discovery requests, the defendant is specifically instructed to review any storage and archive facilities and the personal files, records, notes, correspondence, daily calendars, and telephone logs or records of all persons who have knowledge of the information inquired about in each request.

3. If the answers or portions of answers to these requests are supplied upon information and belief rather than upon actual knowledge, the defendant should so state and specifically describe or identify the source or sources of such information and belief.

4. If the defendant cannot respond to a request in full, please explain to the fullest extent possible the inability to respond to the request for admission and supply whatever information or knowledge you have concerning any unanswered portion of the request.

5. If defendant's answer to any request as "unknown", "nonapplicable", or any similar phrase or answer, please detail the efforts made to obtain answers to that response and list the name and address of any person who would know the answer or what the answer could be found or who would contribute information which would bear significantly on the resolution of the request.

6. When request requires you to state facts which it believes supports a particular allegation, contention, conclusion, or statement, please set forth with particularity:

a. All facts relied upon;

b. The identity of all lay witnesses who will or may be called to testify with respect to the facts; and

c. The identity of all experts who will or may be called to testify with respect to the facts.

7.     If you regard any interrogatory or request as objectionable, in whole or in part, you should respond to the extent not objectionable, state the reason for the objection and provide the generic information which is responsive to the inquiry or request sufficient to identify the nature of information or the material withheld. For instance, if documents are privileged, a privileged log should be provided; if attorneys are in possession of notes of interviews of potential witnesses, the identity of the witnesses and the fact that such notes exist should be recorded. In the event of objections regarding relevancy or burdensomeness, the alleged irrelevant information or materials should be described in summary form.

8.     If a request is unclear or susceptible of more than one meaning, please resolve the lack of clarity or doubt by rephrasing the inquiry in a reasonable way sufficient to resolve the matter, premised by the phrase "if what is asked or requested is ..." and answer it as restated.

9.     In response to any request, if you respond that it has no documents "subject to production", or that there are no documents falling within the scope of the requests, or there are documents falling within the scope of the requests that are being withheld because you believe they are not "subject to production", if it is the latter, please assert specific objections and identify the documents on a privilege log. If there are documents falling within the scope of these requests that are being withheld, identify them on a privilege log.

10.     If you regard any request as objectionable, in whole or in part, you should respond to the extent not objectionable, state the reason for the objection and provide the generic information which is responsive to the inquiry or request sufficient to identify the nature of information or the material withheld. For instance, if documents are privileged, a privileged log should be provided; if attorneys are in possession of notes of interviews of potential witnesses, the identity of the witnesses and the fact that such notes exist should be recorded. In the event of objections regarding relevancy or burdensomeness, the alleged irrelevant information or materials should be described in summary form.

11.     If a request is unclear or susceptible of more than one meaning, please resolve the lack of clarity or doubt by rephrasing the inquiry in a reasonable way sufficient to resolve the matter, premised by the phrase "if what is asked or requested is . . ." and answer it as restated.

## DEFINITIONS

*OLD Policy*- means the Policy of Insurance issue by St. Paul Fire & Marine Insurance GP06300925 which named the Orleans Levee District as the Insured, stated as in effect for the period 11/1/04 to 11/1/05;

*EJLD Policy* – means the Policy of Insurance issue by St. Paul Fire & Marine Insurance GP06301698 which named the East Jefferson Levee District and Jefferson Levee District as the Insured, stated as in effect for the period 1/1/05 to 1/1/06;

*Predecessor Policy* - means Editions of Identified OLD and EJLD Policies which predate their issuance, or were in effect prior to the particular Policy referenced, that is coming before in time, order, or logic; prior; previous; preceding; and with reference to each such Predecessor Policy, its predecessor,

*Reinsurance* – means the transaction whereby the assuming insurer in consideration of premium paid, agrees to respond with respect to all or part of the loss which St. Paul's insureds, OLD and or EJLD, may have sustained;

*Agreement*- means the contractual understanding about the rights and duties regarding their future performances and consideration as manifested by the contract or by implication from other circumstances such as the usage of trade and the course of performance and the instruments, writings and explanatory material embodying such a contract;

*Explanatory Materials* – means information, however stored or accessed, serving to explain a term or concept, or to illustrate its meaning or application, as by example, or which is expository, illustrative, clarifying, informative, allegorical, interpretive, annotative, instructive, guiding, illuminating, declarative, descriptive, explicative, analytical, graphic, discursive, critical, or supplementary, and as such includes all manuals, Information releases, clarifications of underwriters, slides, teaching materials, drafting aids, referenced materials and discussion pieces;

*Predecessor Forms* - Editions of Identified forms, or revisions, which predate or were in use prior to the form referenced, that is coming before in time, order, or logic; prior; previous; preceding; and with reference to each such predecessor form, its predecessor,

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that the EJLD Policy was in full force and effect for its entire term;

4

REQUEST FOR ADMISSION NO. 2:

Admit verify that the OLD Policy was in full force and effect for its entire term;

REQUEST FOR ADMISSION NO. 3:

Admit that each insured, OLD and EJLD, provided timely notice of losses suffered by residents and property owners in the Hoey Basin in Jefferson Parish;

REQUEST FOR ADMISSION NO. 4:

Admit that neither Insured is in breach of the Policy;

REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the OLD Policy.

REQUEST FOR PRODUCTION NO. 2:

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the EJLD Policy.

REQUEST FOR PRODUCTION NO. 3:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0208 Ed. 10-97, p. 1

REQUEST FOR PRODUCTION NO. 4:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209 Ed. 10-97, p. 9/24.

REQUEST FOR PRODUCTION NO. 5:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209, Rev. 10-02, p. 12/30.

REQUEST FOR PRODUCTION NO. 6:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47123, Ed. 04-91.

REQUEST FOR PRODUCTION NO. 7:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form E0113 995, Ed. 9-95.

REQUEST FOR PRODUCTION NO. 8:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47550, Rev. 01-01.

REQUEST FOR PRODUCTION NO. 9:

Please produce any explanatory material defining or describing the significance of "using or failure to use" Form E0119, Ed. 3-96.

REQUEST FOR PRODUCTION NO. 10:

Please produce any explanatory materials defining or describing the meaning of the term "premises" as it appears in Form G0251 Ed. 10-97, particularly as applied to the risk that an insured has or may have experienced multiple failures at different places in a system, the insured operated or has in its care.

REQUEST FOR PRODUCTION NO. 11:

Please produce all prior editions of each of the forms specifically identified in Request for Production Nos. 3 to 10 or the predecessor forms.

REQUEST FOR PRODUCTION NO. 12:

Please produce any explanatory materials which describe or define the reason for each of the changes effected by the use of a subsequent edition or revision of each of the forms specifically identified in Request for Production Nos. 3 to 11 or Predecessor Forms.

REQUEST FOR PRODUCTION NO. 13:

Please produce all Applications for the OLD Policy inclusive of

REQUEST FOR PRODUCTION NO. 14:

Please produce any Predecessor OLD Policy;

REQUEST FOR PRODUCTION NO. 15.

Please produce any Predecessor EJLD Policy,

REQUEST FOR PRODUCTION NO. 16:

Please produce all correspondence, including notices of claims, between you and the insureds or their representatives post Katrina.

REQUEST FOR PRODUCTION NO. 17:

Please produce all correspondence, including notices of claims, between you and the any agent or broker for EJLD related to or respecting the issuance of any Policy or Predecessor Policy; .

6

REQUEST FOR PRODUCTION NO. 18:

Please produce all Applications for Insurance made by of for EJLD and OLD, including applications for renewal.

Respectfully submitted,

William C. Gambel (#5900)
MILLING BENSON WOODWARD L.L.P
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Telecopy: (504) 569-7001
wgambel@millinglaw.com

STEPHEN K. CONROY, LA Bar No. 4343
Conroy Law Firm, PLC
3838 N. Causeway Boulevard
Suite 3130
Metairie, LA 70002
Telephone: (504) 830-3450
Telecopier: (504) 830-4545

PLAINTIFFS LITIGATION COMMITTEE

JOHN J. CUMMINGS, III, LA Bar # 4652
CUMMINGS & CUMMINGS
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000

CERTIFICATE

This is to certify that a copy of the above and foregoing has been served upon counsel of record by depositing same in the United States Mail, postage pre-paid, or via electronic transmittal, this 4th day of December, 2008, at New Orleans, Louisiana.

WILLIAM C. GAMBEL

W377148

7