UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAYLE T. BENNETT, WILLIAM T. BENNETT, DONNA S. CUMMINGS, KENNETH GORDAN AND DIANE GORDAN | * * * * | CIVIL ACTION: 09-0146 |
| | | SECTION: K |
| VERSUS | * * | MAGISTRATE: 2 |
| BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, DRAINAGE DEPARTMENT OF JEFFERSON PARISH PUBLIC WORKS DEPARTMENT, JEFFERSON PARISH, SEWERAGE AND WATER BOARD OF NEW ORLEANS, BOARD OF COMMISSIONS FOR THE ORLEANS LEVEE DISTRICT, CITY OF NEW ORLEANS, AND THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, BOARD OF COMMISSIONS OF THE PORT OF NEW ORLEANS | * * * * * * * * * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
ANSWER TO BENNETT PLAINTIFFS'
FIRST REQUESTS FOR ADMISSION
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   All Plaintiffs
*Through Plaintiffs' Litigation Committee*
William C. Gambel
Milling, Benson, Woodward, L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010

1

EXHIBIT
B
tabbies

NOW INTO COURT, through undersigned counsel, comes Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), who respectfully responds to the First Requests for Admission and Requests for Production of Documents by Plaintiffs Kenneth Gordon, Diane Gordon, Donna Cummings, Maurice de la Houssaye, Gaye T. Bennett and William T. Bennett on behalf of all similarly situated class members, as follows:

## PRELIMINARY STATEMENT

1.      The Bennett Plaintiffs served the foregoing discovery upon St. Paul when this matter was pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Subsequently, on January 16, 2009, St. Paul removed this matter to the United States District Court for the Eastern District of Louisiana and noticed it as a case related to In re: Katrina (Levee), No. 05-4182. On December 19, 2008, the Honorable Judge Stanwood Duval issued an Order staying all discovery as to St. Paul in the *In re: Katrina Litigation.* St. Paul is filing these responses out of an abundance of caution and in the event the *Bennett* and/or *de la Houssaye* matters are remanded to state court. By filing these responses, St. Paul does not waive and it expressly reserves any and all rights it possesses under the stay order issued by this Court.

2.      Nothing herein should be construed as an admission by St. Paul concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter contained in plaintiffs' discovery.

3.      St. Paul does not in any manner waive nor intend to waive any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

2

4.      St. Paul does not in any manner waive nor intend to waive any objections or defenses and objections to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

5.      St. Paul's search for documents and information is ongoing. St. Paul reserves the right to rely on any facts, documents or other evidence which may develop or come to St. Paul's attention at a later date. St. Paul's responses are based on information presently known to St. Paul and its attorneys and are set forth without prejudice to St. Paul's right to assert additional objections or supplemental responses should St. Paul discover additional documents, information or grounds for objections. St. Paul reserves the right to supplement or amend these responses at any time before trial of this action.

GENERAL OBJECTIONS

The General Objections set forth below apply to each Request for Admission and Request for Production of Documents as if each such General Objection was set forth in each response. In providing responses, St. Paul does not in any manner waive or intend to waive any objections or defenses and is preserving:

1.      All objections and judicial defenses in this action;

2.      All objections as to the competency, relevancy, materiality, and admissibility of any documents or information provided; and

3.      All rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

Subject to the above, St. Paul sets forth the following General Objections:

3

A.      St. Paul objects to each and every Request to the extent it seeks or could be construed to seek information subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege. Privileged information responsive to a particular interrogatory and/or request will not be provided. St. Paul does not waive and intends to preserve and is preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege with respect to such information. None of St. Paul specific responses to any Request shall be construed to mean that St. Paul intends to produce privileged information. Any inadvertent disclosure of privileged information shall not constitute a waiver of any otherwise valid claim of privilege as to that document or communication or any other document or communication so protected.

B.      St. Paul objects to each and every Request to the extent it seeks disclosure of confidential or sensitive business information or documents, and St. Paul will only produce such information subject to an appropriate confidentiality stipulation and/or protective order entered into by the parties.

C.      St. Paul objects to each and every Request to the extent it seeks information or documents in the possession, custody or control of Plaintiffs.

D.      St. Paul objects to each and every Request to the extent it seeks information or documents that are not in St. Paul's possession, custody or control.

E.      St. Paul objects to each and every Request on the grounds and to the extent it inquires about any matter that is irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4

F.   St. Paul objects to each and every Request on the grounds and to the extent it is overly broad, vague, ambiguous, unclear, imprecise, ill-defined, misleading, burdensome, repetitive, overlapping, and/or oppressive.

<u>RESPONSES TO REQUESTS FOR ADMISSION</u>

St. Paul respectfully responds to Plaintiffs' Requests for Admission as follows:

<u>REQUEST FOR ADMISSION NO. 1:</u>

Admit that the EJLD Policy was in full force and effect for its entire term.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2:</u>

St. Paul objects to the Request for admission on the grounds it is vague and ambiguous and fails to define "full force and effect for its entire term." Further, the EJLD policy as defined in the Requests for Admission was not attached thereto as required by La. C.C.P. art. 1466. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

Subject to said objections, St. Paul admits that it issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of the contents. St. Paul further responds that the EJLD Policy provided the coverage detailed therein throughout its entire policy period – January 1, 2005 through January 1, 2006.

<u>REQUEST FOR ADMISSION NO. 2:</u>

Admit verify that the OLD Policy was in full force and effect for its entire term;

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2:</u>

5

St. Paul objects to the Request for Admission on the grounds it is vague and ambiguous and fails to define "full force and effect for its entire term." Further, the OLD policy as defined in the Requests for Admission was not attached thereto as required by La. C.C.P. art. 1466. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

Subject to said objections, St. Paul admits that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of the contents.    St. Paul further responds that the OLD Policy provided the coverage detailed therein throughout its entire policy period – January 1, 2005 through January 1, 2006.

REQUEST FOR ADMISSION NO. 3:

Admit that each insured, OLD and EJLD, provided timely notice of losses suffered by residents and property owners in the Hoey Basin in Jefferson Parish;

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

St. Paul objects to the Request as vague and ambiguous as it does not define "Hoey Basin in Jefferson Parish" nor does the Request define "losses suffered by residents and property owners." St. Paul further objects to the Request in that it calls for a legal conclusion. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference. St. Paul denies the Request as written.

REQUEST FOR ADMISSION NO. 4:

Admit that neither Insured is in breach of the Policy;

6

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 4:</u>

St. Paul objects to the Request on the grounds that it calls for a legal conclusion. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objections, St. Paul denies the Request as written.

<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

St. Paul respectfully responds to Plaintiffs' Requests for Production of Documents as follows:

<u>REQUEST FOR PRODUCTION NO. 1:</u>

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the OLD Policy.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds that the information requested is proprietary and confidential business information.

<u>REQUEST FOR PRODUCTION NO. 2:</u>

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the EJLD Policy.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably

calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds that the information requested is proprietary and confidential business information.

## REQUEST FOR PRODUCTION NO. 3:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0208 Ed. 10-97, p. 1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds the information requested is proprietary and confidential business information. Subject to the foregoing objections, St. Paul responds that it issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

## REQUEST FOR PRODUCTION NO. 4:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209 Ed. 10-97, p. 9/24.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

<u>REQUEST FOR PRODUCTION NO. 5:</u>

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209, Rev. 10-02, p. 12/30.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably

9

calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

## REQUEST FOR PRODUCTION NO. 6:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47123, Ed. 04-91.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms,

conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 7:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form e0113 995, Ed. 9-95.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations

11

contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

## REQUEST FOR PRODUCTION NO. 8:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47550, Rev. 01-01.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

## REQUEST FOR PRODUCTION NO. 9:

Please produce any explanatory material defining or describing the significance of "using or failure to use" Form E0119, Ed. 3-96.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 10:

Please produce any explanatory materials defining or describing the meaning of the term "premises" as it appears in Form G0251 Ed. 10-97, particularly as applied to the risk that an insured has or may have experienced multiple failures at different places in a system, the insured operated or has in its care.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably

calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 11:

Please produce all prior editions of each of the forms specifically identified in Request for Production Nos. 3 to 10 or the predecessor forms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

REQUEST FOR PRODUCTION NO. 12:

14

Please produce any explanatory materials which describe or define the reason for each of the changes effected by the use of a subsequent edition or revision of each of the form specifically identified in Request for Production Nos. 3 to 11 or Predecessor Forms.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

## REQUEST FOR PRODUCTION NO. 13:

Please produce all Applications for the OLD Policy inclusive of [sic].

## RESPONSE TO REQUEST FOR PRODUCION NO 13:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

## REQUEST FOR PRODUCTION NO. 14:

Please produce any Predecessor OLD Policy.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and

15

discovery is allowed to proceed, St. Paul will make available for inspection and copying insurance policies issued by St. Paul to the OLD for prior years, within reason.

## REQUEST FOR PRODUCTION NO. 15:

Please produce any Predecessor EJLD Policy.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and discovery is allowed to proceed, St. Paul will make available for inspection and copying insurance policies issued by St. Paul to the ELDJ for prior years, within reason.

## REQUEST FOR PRODUCTION NO. 16:

Please produce all correspondence, including notices of claims, between you and the insureds or their representatives post Katrina.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

St. Paul adopts its general objections set forth above. St. Paul further objects to this Request to the extent that the documents it seeks are protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege. Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and discovery is allowed to proceed, St. Paul will make available for inspection and copying all non-privileged, responsive documents.

## REQUEST FOR PRODUCTION NO. 17:

Please produce all correspondence, including notices of claims, between you and the any agent or broker for EJLD related to or respecting the issuance of any Policy or Predecessor Policy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

St. Paul adopts its general objections set forth above. St. Paul further objects to this Request on the grounds that it is vague and ambiguous in that it is internally inconsistent. The Request seeks documents such as "notices of claims . . . related to or respecting the issuance of any [p]olicy." Notices of claims are not "related to or respecting the issuance of policies." Thus, St. Paul is uncertain as to exactly what documents are sought by this Request.

REQUEST FOR PRODUCTION NO. 18:

Please produce all Applications for Insurance made by or for EJLD and OLD, including applications for renewal.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

Respectfully Submitted:

JOSEPH P. GUICHET, T.A. Bar #24441
RALPH S. HUBBARD III, Bar #7040
RACHEL A. MEESE, Bar #25457
LUGENBUHL, WHEATON, PECK,
       RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

17

Attorneys for St. Paul Fire and Marine
Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by e-mail, facsimile, and/or placing copy of the same in the United States mail, postage pre-paid and properly addressed, on January 21, 2009.

Rachel A. Meese

18

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAURICE DE LA HOUSSAYE, Individually | * | CIVIL ACTION: 09-0145 |
| and on behalf of all others similarly situated | * | |
| | * | SECTION: K |
| VERSUS | * | |
| | * | MAG: 2 |
| THE PARISH OF JEFFERSON, AARON | * | |
| BROUSSARD AND AMERICAN | * | |
| ALTERNATIVE INSURANCE | * | |
| CORPORATION | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
ANSWER TO DE LA HOUSSAYE PLAINTIFFS'
FIRST REQUESTS FOR ADMISSION
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   All Plaintiffs
*Through Plaintiffs' Litigation Committee*
William C. Gambel
Milling, Benson, Woodward, L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010

NOW INTO COURT, through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), who respectfully responds to the First Requests for

Admission and Requests for Production of Documents by Plaintiffs Kenneth Gordon, Diane

Gordon, Donna Cummings, Maurice de la Houssaye, Gaye T. Bennett and William T. Bennett

on behalf of all similarly situated class members, as follows:

PRELIMINARY STATEMENT

1

1.     The de la Houssaye Plaintiffs served the foregoing discovery upon St. Paul when this matter was pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Subsequently, on January 16, 2009, St. Paul removed this matter to the United States District Court for the Eastern District of Louisiana and noticed it as a case related to In re: Katrina (Levee), No. 05-4182. On December 19, 2008, the Honorable Judge Stanwood Duval issued an Order staying all discovery as to St. Paul in the *In re: Katrina Litigation*. St. Paul is filing these responses out of an abundance of caution and in the event the *Bennett* and/or *de la Houssaye* matters are remanded to state court. By filing these responses, St. Paul does not waive and it expressly reserves any and all rights it possesses under the stay order issued by this Court.

2.     Nothing herein should be construed as an admission by St. Paul concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter contained in plaintiffs' discovery.

3.     St. Paul does not in any manner waive nor intend to waive any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

4.     St. Paul does not in any manner waive nor intend to waive any objections or defenses and objections to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

5.     St. Paul's search for documents and information is ongoing. St. Paul reserves the right to rely on any facts, documents or other evidence which may develop or come to St. Paul's attention at a later date. St. Paul's responses are based on information presently known to St.

2

Paul and its attorneys and are set forth without prejudice to St. Paul's right to assert additional objections or supplemental responses should St. Paul discover additional documents, information or grounds for objections. St. Paul reserves the right to supplement or amend these responses at any time before trial of this action.

## GENERAL OBJECTIONS

The General Objections set forth below apply to each Request for Admission and Request for Production of Documents as if each such General Objection was set forth in each response. In providing responses, St. Paul does not in any manner waive or intend to waive any objections or defenses and is preserving:

1.   All objections and judicial defenses in this action;

2.   All objections as to the competency, relevancy, materiality, and admissibility of any documents or information provided; and

3.   All rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

Subject to the above, St. Paul sets forth the following General Objections:

A.   St. Paul objects to each and every Request to the extent it seeks or could be construed to seek information subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege. Privileged information responsive to a particular interrogatory and/or request will not be provided. St. Paul does not waive and intends to preserve and is preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege with respect to such information. None of St. Paul specific responses to any Request shall be construed to mean that St. Paul intends to produce privileged information. Any

3

inadvertent disclosure of privileged information shall not constitute a waiver of any otherwise valid claim of privilege as to that document or communication or any other document or communication so protected.

      B.      St. Paul objects to each and every Request to the extent it seeks disclosure of confidential or sensitive business information or documents, and St. Paul will only produce such information subject to an appropriate confidentiality stipulation and/or protective order entered into by the parties.

      C.      St. Paul objects to each and every Request to the extent it seeks information or documents in the possession, custody or control of Plaintiffs.

      D.      St. Paul objects to each and every Request to the extent it seeks information or documents that are not in St. Paul's possession, custody or control.

      E.      St. Paul objects to each and every Request on the grounds and to the extent it inquires about any matter that is irrelevant to the subject matter of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

      F.      St. Paul objects to each and every Request on the grounds and to the extent it is overly broad, vague, ambiguous, unclear, imprecise, ill-defined, misleading, burdensome, repetitive, overlapping, and/or oppressive.

4

## RESPONSES TO REQUESTS FOR ADMISSION

St. Paul respectfully responds to Plaintiffs' Requests for Admission as follows:

### REQUEST FOR ADMISSION NO. 1:

Admit that the EJLD Policy was in full force and effect for its entire term.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

St. Paul objects to the Request for admission on the grounds it is vague and ambiguous and fails to define "full force and effect for its entire term." Further, the EJLD policy as defined in the Requests for Admission was not attached thereto as required by La. C.C.P. art. 1466. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

Subject to said objections, St. Paul admits that it issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of the contents. St. Paul further responds that the EJLD Policy provided the coverage detailed therein throughout its entire policy period – January 1, 2005 through January 1, 2006.

### REQUEST FOR ADMISSION NO. 2:

Admit verify that the OLD Policy was in full force and effect for its entire term;

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

St. Paul objects to the Request for Admission on the grounds it is vague and ambiguous and fails to define "full force and effect for its entire term." Further, the OLD policy as defined

in the Requests for Admission was not attached thereto as required by La. C.C.P. art. 1466. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference.

Subject to said objections, St. Paul admits that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of the contents.   St. Paul further responds that the OLD Policy provided the coverage detailed therein throughout its entire policy period – January 1, 2005 through January 1, 2006.

REQUEST FOR ADMISSION NO. 3:

Admit that each insured, OLD and EJLD, provided timely notice of losses suffered by residents and property owners in the Hoey Basin in Jefferson Parish;

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

St. Paul objects to the Request as vague and ambiguous as it does not define "Hoey Basin in Jefferson Parish" nor does the Request define "losses suffered by residents and property owners." St. Paul further objects to the Request in that it calls for a legal conclusion. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference. St. Paul denies the Request as written.

REQUEST FOR ADMISSION NO. 4:

Admit that neither Insured is in breach of the Policy;

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

6

St. Paul objects to the Request on the grounds that it calls for a legal conclusion. St. Paul further objects to this Request for the reasons stated in the General Objections above, which objections are incorporated herein by reference. Subject to said objections, St. Paul denies the Request as written.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the OLD Policy.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds that the information requested is proprietary and confidential business information.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any reinsurance agreements related to or respecting the insureds' risk which is the subject of the EJLD Policy.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds that the information requested is proprietary and confidential business information.

7

## REQUEST FOR PRODUCTION NO. 3:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0208 Ed. 10-97, p. 1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this Request on the grounds the information requested is proprietary and confidential business information. Subject to the foregoing objections, St. Paul responds that it issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

## REQUEST FOR PRODUCTION NO. 4:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209 Ed. 10-97, p. 9/24.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

8

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 5:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form G0209, Rev. 10-02, p. 12/30.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee

9

District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 6:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47123, Ed. 04-91.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the

Policy No. GP0630092.5 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 7:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form e0113 995, Ed. 9-95.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 8:

Please produce any explanatory materials defining or describing the meaning of the terms "event" as it appears in Form 47550, Rev. 01-01.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 9:

Please produce any explanatory material defining or describing the significance of "using or failure to use" Form E0119, Ed. 3-96.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably

12

calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 10:

Please produce any explanatory materials defining or describing the meaning of the term "premises" as it appears in Form G0251 Ed. 10-97, particularly as applied to the risk that an insured has or may have experienced multiple failures at different places in a system, the insured operated or has in its care.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects to this request on the grounds the information requested is proprietary and confidential business information. Subject to said objection and the foregoing objections, St. Paul, issued to "East Jefferson Levee

13

District" a policy of insurance bearing the Policy No. GP06301698 with a policy period of January 1, 2005 to January 1, 2006 (the "EJLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning. St. Paul also issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "OLD Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein, all of which are incorporated herein as if copied *in extenso*. St. Paul further responds that said policy is the best evidence of its contents and meaning.

REQUEST FOR PRODUCTION NO. 11:

Please produce all prior editions of each of the forms specifically identified in Request for Production Nos. 3 to 10 or the predecessor forms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

REQUEST FOR PRODUCTION NO. 12:

Please produce any explanatory materials which describe or define the reason for each of the changes effected by the use of a subsequent edition or revision of each of the form specifically identified in Request for Production Nos. 3 to 11 or Predecessor Forms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

14

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

REQUEST FOR PRODUCTION NO. 13:

Please produce all Applications for the OLD Policy inclusive of [sic].

RESPONSE TO REQUEST FOR PRODUCION NO 13:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

REQUEST FOR PRODUCTION NO. 14:

Please produce any Predecessor OLD Policy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and discovery is allowed to proceed, St. Paul will make available for inspection and copying insurance policies issued by St. Paul to the OLD for prior years, within reason.

REQUEST FOR PRODUCTION NO. 15:

Please produce any Predecessor EJLD Policy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

15

St. Paul adopts its general objections set forth above and further objects to this request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and discovery is allowed to proceed, St. Paul will make available for inspection and copying insurance policies issued by St. Paul to the ELDJ for prior years, within reason.

REQUEST FOR PRODUCTION NO. 16:

Please produce all correspondence, including notices of claims, between you and the insureds or their representatives post Katrina.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16

St. Paul adopts its general objections set forth above.  St. Paul further objects to this Request to the extent that the documents it seeks are protected from disclosure by the attorney-client privilege, the work product doctrine and/or other applicable privilege.  Subject to the foregoing objections, if the stay of discovery is lifted in this matter, or if this suit is remanded and discovery is allowed to proceed, St. Paul will make available for inspection and copying all non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 17:

Please produce all correspondence, including notices of claims, between you and the any agent or broker for EJLD related to or respecting the issuance of any Policy or Predecessor Policy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

St. Paul adopts its general objections set forth above.  St. Paul further objects to this Request on the grounds that it is vague and ambiguous in that it is internally inconsistent.  The

16

Request seeks documents such as "notices of claims . . . related to or respecting the issuance of any [p]olicy." Notices of claims are not "related to or respecting the issuance of policies." Thus, St. Paul is uncertain as to exactly what documents are sought by this Request.

## REQUEST FOR PRODUCTION NO. 18:

Please produce all Applications for Insurance made by or for EJLD and OLD, including applications for renewal.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

St. Paul adopts its general objections set forth above and further objects to this Request on the grounds the information requested is vague and ambiguous, overbroad, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. St. Paul further objects on the grounds that the Request seeks proprietary and confidential business information.

Respectfully Submitted:

JOSEPH P. GUICHET, T.A. Bar #24441
RALPH S. HUBBARD III, Bar #7040
RACHEL A. MEESE, Bar #25457
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Attorneys for St. Paul Fire and Marine
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by e-mail, facsimile, and/or placing copy of the same in the United States mail, postage pre-paid and properly addressed, on January 21, 2009.

Rachel A. Meese

17