UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES           CIVIL ACTION
CONSOLIDATED LITIGATION
                                        NO.: 05-4182

                                        SECTION "K" (2)

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073,
            05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
            06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346,
            06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
            06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
            06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647,
            07-0993, 07-1284, 07-1286, 07-1288, 07-1289

PERTAINS TO:   LEVEE AND MR-G0

## THE LEVEE DISTRICT DEFENDANTS'[1] BRIEF RESPONSE TO THE BRINKMEYER OBJECTORS REPLY MEMORANDUM

In their Reply to Joint Movants' Supplemental Memorandum (Doc. 18958), the Brinkmeyer Objectors suggest disingenuously an "alternative" to the proposed settlement before the Court, which they know full well is no alternative at all.

Specifically, the Brinkmeyer Objectors argue that the Levee Districts could agree to a settlement in which the "the full amount of the available insurance would be devoted to the Rule 23(b)(3) settlement class;[and] only the opt-outs would forgo a share of the insurance proceeds and take their chances on obtaining potentially uncollectable judgments."[2] In other words, under the Brinkmeyer Objectors' "alternative" the Levee District Defendants would agree to give up all insurance coverage while resolving nothing – and would still face massive litigation for years to come. Worse, in that scenario the Levee District Defendants would be faced with the likelihood

---

[1] The "Levee District Defendants" are Orleans Levee District, East Jefferson Levee District, Lake Borgne Basin Levee District, and their respective Boards of Commissioners.

[2] Brinkmeyer Objectors' Reply to Joint Movants' Supplemental Memorandum, Doc. 18958, Filed 6/1/2009, pgs. 3, 4 (Citations omitted)..

that their insurer will contend that upon the exhaustion of the policy limits its defense obligations under the policies at issue would be extinguished as well.

The Levee District Defendants could not agree to such a settlement <u>and the Brinkmeyer Objectors know this</u>.  They also know that there is no *realistic* settlement that is a viable alternative to the proposed settlement before this Court.

If the proposed settlement fails, the real alternative is protracted and perhaps never ending litigation the defense of which by the Levee District Defendants will only strip these public entities of necessary funds badly needed in the important and ongoing efforts by these parties to protect New Orleans and the surrounding area from future flooding.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

*/s/ Gary M. Zwain*

Gary M. Zwain, (#13809)
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone:   (504) 832-3700
Facsimile:    (504) 837-3119

*Attorneys for East Jefferson Levee District and Lake Borgne Basin Levee District*

*/s/ Thomas P. Anzelmo*

Thomas P. Anzelmo, (#2533)
**MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & MCDANIEL**
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana  70002
Telephone:   (504) 831-0946
Facsimile:    (504) 831-2492

*Attorney for the Orleans Levee District*

*/s/ Ben L. Mayeaux*

Ben L. Mayeaux, Esq.
**LAW OFFICES OF LABORDE & NEUNER**
1001 W. Pinhook Road
P. O. Drawer 52828
Lafayette, Louisiana 70505-2828
Telephone:   337/237-7000
Facsimile:    337/233-9450

*Attorneys for Orleans Levee District*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Gary M. Zwain*

**GARY M. ZWAIN (#13809)**