# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 |
| PERTAINS TO: MRGO<br>05-4181, 05-4182, 05-5237, 05-6073, 05-6314,<br>05-6324, 05-6327, 05-6359, 06-0225, 06-0886,<br>06-1885, 06-2152, 06-2278, 06-2287, 06-2824,<br>06-4024, 06-4065, 06-4066, 06-4389, 06-4634,<br>06-4931, 06-5032, 06-5155, 06-5159, 06-5161,<br>06-5260, 06-5162, 06-5771, 06-5786, 06-5937,<br>07-0206, 07-0621, 07-1073, 07-1271, 07-1285 | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Amended and Restated Motion for Class Certification (Rec. Doc. 16497) ("Mot."). Defendant United States' filed a Memorandum in Opposition to Class Certification, which was filed in opposition to the original motion for class certification (Rec. Doc. 8284) ("Opp."). In its memorandum, the United States asserts that the Plaintiffs' motion for class certification must be denied because no class action may be maintained against the United States under the Federal Tort Claims Act ("FTCA"). Plaintiffs filed a reply to this memorandum (Rec. Doc. 16597) ("Reply"), and the United States filed a supplemental memorandum (Rec. Doc. 17195) ("Supp."). By Orders dated March 13, 2009 and March 29, 2009 (Rec. Docs. 18135 & 18206, respectively), this Court informed the parties that it would address the United States' argument separately from class certification and construe it as a motion to strike class allegations. Having reviewed the briefs, the pleadings, and the relevant law, this Court holds that a class action may be asserted against the United States under the FTCA, and accordingly it will deny the United States' motion to strike class allegations.

1

## I. FACTUAL BACKGROUND

The present motion concerns an array of proposed class actions filed against the U.S. Army Corps of Engineers ("the Corps") within the *In re Katrina Canal Breaches Consolidated Litigation*. This particular set of class actions concern the Mississippi River-Gulf Outlet ("MRGO"), a navigational canal created in 1965 to provide a short-cut route from the Gulf of Mexico to New Orleans. Plaintiffs allege, however, that the Corps permitted the MRGO to cause significant deterioration of the surrounding wetlands over forty years of use. During Hurricane Katrina, Plaintiffs assert that due to this deterioration the MRGO served as a funnel for the storm surge, increasing the power of the surge and the damage caused to portions of New Orleans.

Plaintiffs have filed a class action on behalf of residents who suffered harm during Hurricane Katrina, and they have named the Corps, and thus the United States, as a defendant. Plaintiffs define the "overarching MRGO class" as follows:

> All individuals and entities (both private and public, both natural and juridical) in "GREATER NEW ORLEANS" (defined as that area bounded to the north by Gentilly Boulevard/Gentilly Road to North Broad Street (Gentilly Ridge), to the south by the Mississippi River, to the east by the IHNC [Industrial Canal], and to the west by Esplanade Avenue as well as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have, fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

Mot. at 5.

The Government herein has asserted that no class action may be brought against the

United States under the FTCA. It forwards two main arguments. First, the Government argues that the FTCA requires that each individual claimant must file an administrative claim against the United States prior to suit. Because federal courts have rejected any proposition that an administrative claim class exists, the Government claims that this class action is doomed. Opp. at 7-13. Second, the Government alleges that no class action can be pursued under the FTCA because it only permits lawsuits to be filed by those whose claims have been denied by the relevant agency, or where the agency has taken no action in six months. 28 U.S.C. § 2675(a). Where the application has been pending for six months, the FTCA gives them the option of filing suit or continuing to await agency action. *Id.* Therefore, the Government asserts that any class action on behalf of such individuals would be essentially an "opt-in" suit, and such suits are not permitted by Federal Rule of Civil Procedure 23. Opp. at 13-14; Supp. at 8-10. These two arguments shall be addressed in course.

## II. ANALYSIS

"In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). Such a waiver must be "unequivocally expressed in the statutory text . . . and will not be implied." *Id.*, *quoting Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). "Plaintiff[s] bear[] the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (*quoting St Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

One of these waivers of sovereign immunity is contained within the Federal Tort Claims

3

Act. The FTCA states: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. The Supreme Court has characterized it as a broad waiver: "The Federal Tort Claims Act waives the Government's immunity from suit in sweeping language. It unquestionably waives it in favor of an injured person." *United States v. Yellow Cab Co.*, 340 U.S. 543, 547, 71 S.Ct. 399, 402, 95 L.Ed. 523 (1951).

First, the Government objects to the proposed class on the grounds that the FTCA does not permit a class action because each claimant must fulfill the FTCA's requirement of filing an administrative claim. Indeed, the Government is correct that the FTCA permits an individual claimant to file suit only if "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency fails to make a final disposition of the claim within six months after it is filed, the claimant may construe such inaction as a denial of the claim at any time thereafter and file suit. *Id.* The requirement to file a administrative claim is deemed to be "jurisdictional in nature." *Sierra Club v. Yeutter*, 926 F.2d 429, 436 (5th Cir. 1991).

Case law supports the Government's assertion that a class action cannot be filed under the FTCA where all claimants have not fulfilled the statute's administrative claim requirement. A prime example cited by the Government is *Lunsford v. United States*, 570 F.2d 221, 222 (8th Cir. 1977), in which the Eight Circuit addressed a class action brought under the FTCA for deaths and property losses due to a flood. The plaintiffs alleged that a government-sponsored

4

cloud seeding program had caused excessive rain, resulting in the flood. *Id.* Plaintiff class representatives filed administrative claims with the U.S. Bureau of Reclamation as administrators of their relatives who lost their lives and/or property. The administrative claims further stated that they were filed "as a class claim and action" on behalf of all persons who lost a relative or sustained damage to property. *Id.* at 223. The district court dismissed the class action because the class representatives did not have the authority to file administrative claims on behalf of the unnamed class members, and the plaintiffs appealed.

On appeal, the Eighth Circuit affirmed. It began by explaining that the FTCA's requirement that a plaintiff first file an administrative claim is "jurisdictional . . . , and thus, it cannot be waived." *Id.* at 224. The court noted that the purpose of the administrative claim requirement was "to improve and expedite disposition of monetary claims against the Government by establishing a system of prelitigation settlement" by mandating the filing of a claim. *Id.* at 224. By failing to file a claim, the unnamed class members deprived the United States "of an identifiable claimant or claimants with whom the government can negotiate a settlement on the basis of the sum certain stated in the administrative claim." *Id.* at 225. The court explained further, "Neither the FTCA nor the regulations promulgated thereunder make provision for the filing of administrative claims against the Untied States on behalf of a class of similarly situated individuals." *Id.* at 225 (citations omitted). As such, the court concluded that dismissal was appropriate for lack of subject matter jurisdiction "since the administrative exhaustion requirement of the FTCA was not met with respect to the claims of the unnamed class members." *Id.* at 227.

Consistent with the Eight Circuit, federal courts have held that administrative class

actions are not permissible where each claimant does not file an administrative claim. *See In re Agent Orange Prod. Liability Litig.*, 818 F.2d 194, 198 (2d Cir. 1987) ("It is well established that neither the district court nor this Court has jurisdiction over a Federal Tort Claims class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant."); *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977) (rejecting administrative claim class because class representatives did not present "evidence of authority to represent each purported class member"); *Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11 (3d Cir. 1975), *overruled on other grounds by* 659 F.2d 306, 317 (3d Cir. 1981); *Founding Church of Scientology of Washington, D.C., Inc. v. Director, Federal Bureau of Investigation*, 459 F. Supp. 748, 754 (D.D.C. 1978) ("All the courts that have considered this issue have concluded that every member of a class must exhaust his administrative remedies.").

However, the Government is not necessarily correct that the FTCA bars a class action where all of the class members *have* filed an administrative claim. Indeed, the language of the statute and case law lead to the conclusion that a class action can be alleged under the FTCA as long as the administrative claim requirements are fulfilled. Returning to the language of the statute, the FTCA clearly provides that the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances," except for interest and punitive damages. 28 U.S.C. § 2674. Courts have consistently interpreted this provision liberally. In *United States v. Yellow Cab Co.*, 340 U.S. 543, 543, 71 S.Ct. 399, 401, 95 L.Ed. 523 (1951), the Supreme Court was presented with the question of whether the FTCA allowed the United States "to be impleaded as a third party defendant and to answer the claim of a joint tort-feasor for contribution." The plaintiffs were four passengers of a taxicab who were

6

injured when the cab collided with a U.S. mail truck. The passengers sued the cab driver's employer, Yellow Cab, which then impleaded the United States as the employer of the mail truck driver. The United States argued that the FTCA did not contain any consent for the Government to be sued as a third-party defendant. The Supreme Court disagreed, finding that the FTCA's language permitted a third-party impleader FTCA states that the United States shall be liable in tort like a "private individual under like circumstances." *Id.* at 548, 71 S.Ct. at 403. The Court bolstered its conclusion by explaining that the Federal Rules of Civil Procedure apply to all civil actions, including those against the United States, and Rule 14 "provides for third-party practice."[1] *Id.* at 553, 71 S.Ct. at 406. The difficulties of a third-party impleader against the United States, such as the requirement of a bench trial, "are not insurmountable" and "could have been handled in a manner comparable to that used when issues of law are tried to a jury and issues of an equitable nature in the same case are tried by the court alone." *Id.* at 555, 71 S.Ct. at 407. Thus, the Court concluded that the FTCA "carries the Government's consent to be sued for contribution not only in a separate proceeding but also as a third-party defendant." *Id.* at 556-557, 71 S.Ct. at 407

This broad application of the FTCA has been recently applied by the Fifth Circuit. In *Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004), the Fifth Circuit sitting *en banc* held that the FTCA allowed guardian *ad litem* fees to be taxed against the Government. In another

---

[1]The *Yellow Cab* Court noted that the FTCA had previously stated that the Federal Rules of Civil Procedure expressly applied to claims against the United States. The Court explained that this language was subsequently removed as "unnecessary" because statutory language added in 1948 clarified that "'the Rules of Civil Procedure promulgated by the Supreme Court shall apply to all civil actions.'" 340 U.S. at 553 n.9, 71 S.Ct. at 406 (quoting S. Rep. No. 1559, 80th Cong., 2d Sess. 12, as to Amendment No. 61).

automobile accident with a federal mail truck, the two parents driving the vehicle that was struck requested that the district court appoint a guardian *ad litem* for their infant son who suffered birth defects due to the accident. The court agreed, and further ordered that reasonable fees would be paid for the representation. After the mail truck driver was found liable, the court taxed the guardian *ad litem* fees against the United States. The United States argued that it had not waived sovereign immunity to be taxed any costs not enumerated in the 28 U.S.C. § 1920, which is cross-referenced by 28 U.S.C. § 2412(a). In rejecting this position, the Fifth Circuit noted that the Supreme Court in *Yellow Cab* had interpreted the FTCA's language as making a broad waiver of sovereign immunity. *Id.* at 455, n.11. It then explained that, while guardian *ad litem* fees are not listed in § 1920, Federal Rule of Civil Procedure 17(c) did permit such taxation. Because "there is no question that FTCA actions are properly subject to the Rules," the court concluded that Rule 17(c) gave federal courts the authority to tax guardian *ad litem* fees. *Id.* at 453-455, n.11.

The same logic applies here. As long as the requirements of the FTCA are followed (such as filing an administrative claim), and barring any other immunity, the federal government should be liable in tort to the same extent as a private individual. *Lunsford* and cases with similar results all involved class actions where the unnamed class members did not file an administrative claim. Here, the definition of the class only includes those who timely filed a claim.[2] These class members have acquired the right to file suit in this Court. Class actions are

---

[2]The Court notes that all administrative claims had to be filed with the Army Corps of Engineers with in two years after Hurricane Katrina, 28 U.S.C. § 2401(b). Considering that the Court understands that none of the administrative claims within the class have been acted upon by the Corps, it appears that all of those persons who filed a timely claim have acquired the right to sue.

permitted under Federal Rule of Civil Procedure 23.  As explained in *Yellow Cab* and *Gaddis*, the Federal Rules apply to suits under the FTCA.  There appears no logical reason why Rule 23 should be excepted from this requirement.  Therefore, Rule 23 permits class actions against the United States under the FTCA.

This Court's conclusion is bolstered by the fact that many authorities agree that a class action may be maintained under the FTCA.  Wright & Miller explain:

> Other sections of the Federal Tort Claims Act define the nature of the administrative and judicial procedure that apply in tort claims proceedings.  For example, in filing a class action under the Tort Claims Act, each class member must satisfy the jurisdictional prerequisites of the statute, including the timely filing of an administrative claim.  The acceptance of an administrative settlement by a claiming party bars any future claim on the cause of action involved.

14 Charles A. Wright, et al., *Federal Practice & Procedure* 3d (2009) § 3658 (footnotes omitted).  Other federal courts have concluded that a class action can be alleged against the United States under the FTCA.[3]  Indeed, even the Eighth Circuit in *Lunsford* reached a similar conclusion:

---

[3]*See Hoskins v. United States*, Civ. A. No. 00-1713, 2001 WL 175237, at *3 (E.D. La. Feb. 20, 2001) (Berrigan, J.) ("A class action may be brought under the FTCA only if each claimant has individually satisfied the jurisdictional prerequisites of maintaining a suit under the FTCA."); *Gollehon Farming v. United States*, 17 F. Supp. 2d 1145, 1161 (D. Mont. 1998) ("The Federal Tort Claims Act makes no distinction between the individual claimant and the claimant who may, by reason of the facts giving rise to his claim, be a member of a class."); *Miles v. Bell*, 621 F. Supp. 51, 70 (D. Conn. 1985) ("[T]he Court is of the opinion that the FTCA implicitly allows for the filing of class actions since it provides that the United States shall be liable for torts in the same manner and to the same extent as a private individual.").

In *Caiden*, a Ninth Circuit case cited by the Government, the court doubted whether a class action could be brought under the FTCA, but it determined that reaching any conclusion on the issue was unnecessary.  *Caiden*, 564 F.2d at 287 ("Because this action must be dismissed on jurisdictional grounds, we do not have to decide the broader question of whether, assuming proper administrative claims have been filed by some or all the members of the class, a class action is permissible under the FTCA.").

> In summary, a class action can be maintained under the FTCA if each of the claimants have individually satisfied all of the jurisdictional requirements. A class action can also be maintained if a class claim has been filed which names the individual claimants, asserts and establishes the authority of the named claimant (or claimants) to present claims on behalf of the unnamed class members, states the total amount of the claim for the entire class and otherwise satisfies the jurisdictional requirements.

*Lunsford*, 570 F.3d at 227. This Court accordingly concludes that the United States' first objection is without merit.

Defendant United States' second point of objection is that a class action under the FTCA would be essentially an "opt-in" class, which the United States asserts is prohibited under the Federal Rules of Civil Procedure. Rule 23(b) sets forth three types of class actions; class actions brought under Rule 23(b)(1) or (b)(2) are "mandatory for individuals falling within the definition of the class;" no class member may opt out. 7B Charles A. Wright, et al., *Federal Practice & Procedure* 3d (2009) § 1807 (footnote omitted). Rule 23(b)(3), however, permits "opt-out" class actions, which "requires individuals falling within the definition of the class to opt out of the litigation if they do not wish to be bound by any judgment that is reached." *Id.* "Opt-in" class actions also exist, but are specifically authorized by statute.[4] The opt-out nature of Rule 23(b)(3) class actions provides some benefits to unnamed class members that do not inure to opt-in class members, such as tolling while class certification is pending. 7B Wright, et al. at § 1807 (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551, 94 S.Ct. 756, 765, 38, L.Ed. 2d 713

---

[4]*See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, [Fair Labor Standards Act] collective actions require potential class members to notify the court of their desire to opt in to the action. 29 U.S.C. § 216(b) (2000)."); *Anson v. Univ. of Tex. Health Science Ctr. at Houston*, 962 F.2d 539 (5th Cir. 1992) (class action under Age Discrimination in Employment Act must be opt-in).

(1974)). It would thus appear inequitable for a Rule 23 class to be an "opt-in" class while enjoying tolling and any other "opt-out" benefits. Indeed, the Second Circuit has reversed a district court's Rule 23 certification where the district judge certified a mass tort class that "required that prospective class members 'opt-in' by affirmatively consenting to inclusion," holding that such a class violated Rule 23 and did not lie within the court's equitable powers. *Kern v. Siemens Corp.*, 393 F.3d 120, 122, 126-29 (2d Cir. 2004).

However, in the present case, this Court need not enter into the foray on whether opt-in class actions are permitted under Rule 23. Despite the Government's assertions to the contrary, Plaintiffs here have not asserted an opt-in class. Those class members who have acquired the right to sue by fulfilling the FTCA's requirements may still opt out of the class after it is certified. There is no authority presented to this Court that would suggest that a class member who opts out would be harmed in any way; instead, that class member's administrative claim would continue pending before the Army Corps of Engineers. The Government would have this Court believe that an FTCA class action is, by definition, an opt-in class because each class member has the right to choose whether to file suit, *i.e.*, opt in. The Government is simply performing linguistic gymnastics here. By the Government's definition, *any* Rule 23 class action would be an opt-in class because each injured class member has a right to sue. Morever, the Plaintiffs here have made no suggestion that this class would be an opt-in class. Therefore, this Court finds that the class action as proposed is indeed an opt-out class, and accordingly it is in compliance with Rule 23(b)(3).

To be clear, this Court's opinion concludes only that (1) a class action can be maintained against the United States under the FTCA if that class is comprised of those who have complied

11

with all of the FTCA's administrative claim requirements, and (2) the class action alleged here is an "opt-out" class that is in compliance with Rule 23(b)(3). This Court makes no intimation concerning the likelihood that Plaintiffs will succeed in certifying the class under Rule 23.

### III. CONCLUSION

For the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendant United States' Motion to Strike Class Allegations is **DENIED**.

New Orleans, Louisiana, this ___9th___ day of June, 2009.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**