# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**IN RE KATRINA CANAL BREACHES**
**CONSOLIDATED LITIGATION**

**CIVIL ACTION**

**NO. 05-4182**

**PERTAINS TO: LEVEE**
**NO. 06-5116 (SIMS)**
**NO. 06-5118 (RICHARD)**
**NO. 06-5127 (DEPASS)**
**NO. 06-5128 (ADAMS)**
**NO. 06-5134 (CHRISTOPHE)**
**NO. 06-5137 (WILLIAMS)**
**NO. 06-5131 (BOURGEOIS)**
**NO. 06-5142 (AUGUSTINE)**
**NO. 06-5132 (FERDINAND)**
**NO. 06-5140 (PORTER)**

**SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is a Motion to Sever (Doc. 18832) brought by plaintiffs in the above referenced cases (such plaintiffs referred to hereafter as "Sims Plaintiffs").  These Sims Plaintiffs have objected to the Motion to Certify Class (Doc. 16647) which was filed on December 9, 2008, jointly by the Proposed Class Representatives, Kenneth & Jeannine Armstrong, Thurman R. Kaiser and Donna Augustine (the Settling Plaintiffs) and by the Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority -East, the Southeast Louisiana Flood Protection Authority - East, and St. Paul Fire and Marine Insurance Company ("St. Paul") in its capacity as the insurer for any and/or all of the Levee Defendants (collectively,

the "Settling Defendants"). In essence, the Settling Defendants are seeking to settle all claims against them by turning over to a Settlement Class all of the insurance proceeds of approximately $20.8 million provided by St. Paul to these Levee defendants for the damages caused by the levee and flood wall breaches.

An Order of Preliminary Certification of a Settlement Class, Preliminary Approval of Proposed Settlement and Stay of Certain Claims and Actions was entered by this Court on December 15, 2008. Notice was given thereunder. The discovery deadline was established for March 3, 2009, and objections were to be filed by March 13, 2009. A Certification Hearing and Fairness Hearing were set and were held on April 2, 2009.

At that combined hearing, the settlement amount was described as consisting of the following: $2 million paid as the total limits with legal interest as the aggregate limits of a policy issued to the Lake Borgne Levee District; $5 million with interest paid under a primary policy with limits of $1 million and an excess policy with limits of $4 million issued to the East Jefferson Levee District; and $10 million plus interest paid as a $1 million proposed limit under a primary policy and a $9 million limit under an excess Policy issued to the Orleans Levee District. (Transcript of Proceedings of April 2, 2009 at 24-25).

However, the Settling Plaintiffs have contended that the Orleans Levee District policy at issue in essence provides coverage for three separate "premises" which would raise the amount due under that policy by an additional $2 million. Indeed, as part of the settlement, in a document entitled "Joint Stipulations" filed on April 1, 2009 (Doc. No. 18369), this legal issue was outlined by the Settling Plaintiffs. It was agreed by the Settling Defendants and the Settling Plaintiffs that this insurance contract dispute would be resolved by the Court after the Fairness

and Certification Hearing on April 2, 2009 and briefing on the issue would be presented thereafter. This issue is one that is strictly legal in nature; it is a matter of contract interpretation.

The Court ordered in open court a briefing schedule at the conclusion of the April hearing. The premises issue was to be briefed by the Settling Defendants on April 17, 2009, with the Settling Plaintiffs filing a response on May 1, 2009, and the Settling Defendants to reply by May 8, 2009. As to the Sims Plaintiffs, their objections to the settlement were to be briefed by May 4, 2009; they were subsequently given a one week extension until May 11, 2009, to complete the task. At no time during this period or any previous period, did the Sims Plaintiffs address in any way the so-called premises issue by brief or motion.

Rather on May 18, 2009, after the briefing period had ended, the instant Motion to Sever was filed wherein the Sims Plaintiffs seek to "sever for separate consideration from the class certification and fairness issues the question of whether one or more 'premises' were covered by the general commercial insurance policy issued by St. Paul to the Orleans Levee District." (Doc. 18832). In the memorandum supporting this motion, the Sims Plaintiffs contend that until the expert report of Peter Ligeros was served on them three days before the April 2, 2009 hearing, they had no notice the issue would be pending.

Such a statement is hard to comprehend in light of the fact that the same counsel for the *Bennett* plaintiffs, which case which was pending in the 24th Judicial District Court for the State of Louisiana in December of 2008, sought discovery concerning the meaning of "premises" in the subject policy. In addition, the motion is untimely as the issue was not raised during the objection period. Nonetheless, even at the time of the hearing, after counsel's alleged "surprise", no objection was raised asking for any time for discovery on the premises issue. Moreover, any

argument that discovery is required to resolve this issue is baseless.  The question before the Court is purely a legal one of contract interpretation; there is nothing ambiguous in the policy language at issue.  The movers chose not to file any brief demonstrating why the policy at issue is ambiguous.   Finally, it is impossible to "sever" this issue from the overarching question of the fairness of the proposed settlement.  The issue speaks directly to the amount of the fund that must be evaluated for its fairness.  Thus, this motion appears to be an attempt to achieve delay rather than the resolution of this matter.   Accordingly,

**IT IS ORDERED** that Motion to Sever (Doc. 18832) is **DENIED**.

New Orleans, Louisiana, this __24th__ day of June, 2009.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**