UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES            CIVIL ACTION
       CONSOLIDATED LITIGATION
                                          NO. 05-4182

PERTAINS TO: LEVEE                        SECTION "K"(2)


## ORDER AND REASONS

Before the Court is an issue of insurance policy construction that pertains to the Joint Motion for Certification of a Settlement Class, For Approval of Proposed Settlement, and for Related Relief (Rec. Doc. 16647) ("Mot."). In order to determine the total amount of the available settlement fund, the parties submitted Joint Stipulations (Rec. Doc. 18369) ("Stip."). The relevant issue concerns whether the St. Paul Fire & Marine Insurance Company ("St. Paul") policy for the Orleans Levee District construes each of the three damaged levee systems within district's jurisdiction as one "premises." If they are one premises, then the primary policy limit is $1,000,000.00; if the three systems are separate premises, then the primary policy limit will be $3,000,000.00. St. Paul has filed a brief supporting the view that the policy interprets all three systems as one "premises." (Rec. Doc. 18615) ("Br."). Plaintiffs opposed, arguing that the three levee systems should be treated separately. (Rec. Doc. 18732) ("Opp."). St. Paul filed a reply. (Rec. Doc. 18771) ("Reply"). Having evaluated the policy terms, the briefs, and the relevant law, this Court determines that the policy construes Orleans Levee District's three levee systems as one "premises."

## I. FACTUAL BACKGROUND

The present case before the Court is one portion of one subsection of the litigation contained within the *In re Katrina Canal Breaches Consolidated Litigation* umbrella. Plaintiffs represent a putative class of property owners who suffered damage in the New Orleans area during Hurricane Katrina, specifically due to levee breaches. Plaintiffs sued numerous defendants, among them various levee boards, municipal entities that exist to maintain the levees protecting various parts of the metropolitan area. Specifically, these defendants, referred to herein as the Levee Boards, include the Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority - East, and the Southeast Louisiana Flood Protection Authority - East. Mot. at 2. The final party to this settlement is one more defendant, St. Paul, which is the insurer for all of the aforementioned Levee Boards. Mot. at 2. These Levee Boards along with St. Paul (collectively referred herein as the "Settling Defendants") reached a class settlement with the named Plaintiffs, the settlement that is now before this Court for approval.

Before the proposed class settlement can be approved, however, one issue of insurance policy interpretation must be resolved concerning the Orleans Levee District's ("OLD") liability policy with St. Paul. Prior to Hurricane Katrina, St. Paul and OLD agreed upon terms for OLD's package insurance policy. Included in this package policy were the Public Entity General Liability Protection and the Umbrella Excess Liability Protection coverage, Policy No. GP06300925. The parties have agreed here that these policies are the only coverage forms that

would be relevant to the class members' claims against OLD. Mot. at 3. The Public General Liability Protection coverage form provides that "Each Event Limit" shall be $1,000,000, and the "General Total Limit" is also $1,000,000.00. The "General Total Limit" is modified by an endorsement that states:

> **PUBLIC SECTOR SERVICES**
> **CHANGE OF LIMITS ENDORSEMENT -**
> **GENERAL TOTAL LIMIT APPLIES PER PREMISES**
>
> This endorsement changes your Public Entity General Liability Protection.
>
> **How Coverage Is Changed**
> The following is added to the General total limit section. This change broadens coverage.
>
> *General total limit applies per premises.*
> The General total limit applies separately to each premises you own, rent, or lease. But only for covered bodily injury, property damage, or medical expenses that result from such premises.
>
> . . .
>
> We'll consider all premises which:
> - share a common boundary; or
> - are divided only by a street or roadway, waterway, or railroad right-of-way;
>
> to be one premises when applying the coverage provided by this endorsement.
>
> **Other Terms**
> All other terms of your policy remain the same.

Mot., Ex. B. The parties agree that this endorsement, by its terms, allows recovery of up to $1,000,000 per premises for covered injuries and damages.[1]

The premises relevant to this inquiry are the flood control structures that were operated by OLD. OLD's flood control system at the time of Hurricane Katrina was "comprised of four

---

[1]There appears no dispute that the Plaintiffs' damages would be covered under the terms of the policy.

component parts: the New Orleans Metro flood control structure, the Lower Ninth Ward flood control structure, the New Orleans East flood control structure, and the New Orleans Westbank flood control structure." Stip. ¶ 1. Each of these structures is a "continuous earthen levee/fronting protection/flood wall structure that encircled the land that it protected."[2] Stip. ¶ 5. These four structures were separated from each other by navigable waterways, to wit, the Mississippi River, the Inner Harbor Navigation Canal, and the Gulf Intracoastal Waterway. Stip. ¶ 6. Three of these four structures failed during Hurricane Katrina (the New Orleans Metro, Lower Ninth Ward, and New Orleans East structures), causing property damage and personal injuries. Under the terms of the policy, therefore, if these three structures are deemed separate "premises," Plaintiffs potentially could recover up to $3,000,000 under this policy. However, if the terms of the policy deem the three structures to be only one "premises," Plaintiffs recovery under this policy would be only $1,000,000. The determination of this issue of contract interpretation is now before the Court.

## II. ANALYSIS

"An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.,* 565 F.3d 948, 954 (5th Cir. 2009) (quoting *Cadwallader v. Allstate Ins. Co.,* 848 So.2d 577, 580 (La.2003)). "Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the

---

[2]The parties note that OLD's Lower Ninth Ward flood control structure also had "one additional levee that was connected to and extended from the encircling structure, extending along the souther bank of the Gulf Intracoastal Waterway." Stip. ¶ 5. This fact does not impact the issue at hand.

words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. If the contract is deemed unambiguous, then under Louisiana law, its interpretation is an issue of law. *Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc.*, 180 F.3d 664, 668 (5th Cir. 1999) ("Under Louisiana law, the interpretation of an unambiguous contract is an issue of law for the court.").

Although the parties appear to agree that the contract is appropriate for interpretation by the Court, Plaintiffs assert that the term "premises" is "confusing and ambiguous under these circumstances." Opp. at 3. They aver that this ambiguity results from St. Paul's failure to define the term in the insurance contract. Therefore, Plaintiffs assert that the policy should be construed in their favor because "any ambiguity in insurance policies must be construed against the insurer that issued the policy and in favor of coverage of the insured." Opp. at 5 (citing La. Civ. Code art. 2056). Plaintiffs are correct that, under the Civil Code, "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text." La. Civ. Code art. 2056. However, in light of the terms of the contract, this Court finds that the text is not ambiguous.

Giving the term "premises" its plain meaning, the Black's Law Dictionary defines premises as "[a] house or building, along with its grounds." Black's Law Dictionary (8th ed. 2004). Webster's similarly defines premises as "[l]and and the buildings on it," or "[a] building or section of a building." Webster's II New Riverside University Dictionary 929 (1994). Plaintiffs assert that these "similar" definitions suggest that structures on different portions of land would be deemed to be separate "premises." This argument would hold weight, but Plaintiffs fail to consider the terms of the endorsement. According to Louisiana law, "[e]very

insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. Rev. Stat. § 22:881. The endorsement in OLD's policy with St. Paul states that premises that are "divided only by a street or roadway, waterway, or railroad right-of-way" shall be deemed to be "one premises." Mot., Ex. B. Therefore, this Court understands that, by the terms of the policy, separate premises should be deemed separate, *unless* the premises are only separated by "street or roadway, waterway, or railroad right-of-way," in which case the separate premises are one premises.

Applying the terms of the policy according to their plain meaning, but as modified by the endorsement, this Court concludes that the premises here should be deemed to be one "premises." The parties have stipulated that "the southeast corner of the New Orleans Metro flood control structure was separated from the western side of the Lower Ninth Ward flood control structure only by the Inner Harbor Navigation Canal," and that "the northern side of the Lower Ninth Ward flood control structure was separated from the southern side of the New Orleans East flood control structure only by the Gulf Intracoastal Waterway." Stip. ¶¶ 3-4. As all three flood control structures are separated only by navigable waterways, under the terms of the insurance policy, they are all one "premises." Accordingly, the limit for the Public Entity General Liability Protection policy is $1,000,000.00.

## III.  CONCLUSION

For the reasons stated herein, the Court finds that OLD's New Orleans Metro flood control structure, Lower Ninth Ward flood control structure, and New Orleans East flood control structure are deemed to be one "premises" under the terms of St. Paul Public Entity General Liability Protection and the Umbrella Excess Liability Protection coverage, Policy No. GP06300925.  Therefore, recovery under that policy is limited to $1,000,000.00 in this action.  Accordingly,

**IT IS ORDERED** that the limit for recovery for Plaintiffs under St. Paul Policy No. GP06300925 is $1,000,000.00, plus appropriate legal interest.

New Orleans, Louisiana, this ___26th___ day of June, 2009.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**