UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| | § | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
EXCLUDING THE DEPOSITION TESTIMONY OF DR. ROBERT A. DALRYMPLE

In their motion for reconsideration, Plaintiffs' make no attempt to challenge the essential points of the United States' opposition: (1) despite repeatedly touting his testimony as proof that wetlands destruction caused three feet of additional storm surge, Plaintiffs' concede Dr. Dalrymple's deposition testimony was *inaccurate*; and (2) Plaintiffs' continue to misrepresent Dr. Dalrymple's testimony, (i) by citing hearsay statements and quoting Dr. Dalrymple's testimony out of context; and (ii) by using Dr. Dalrymple's testimony to support statements that are not seriously in dispute.[1]

---

[1] These arguments are all set forth in the United States' Opposition to Admission of Deposition Testimony of Robert A. Dalrymple. (Doc. 18941). That opposition is incorporated by reference.

Plaintiffs' only new argument is that the United States stated that Dr. Dalrymple was not identified on Plaintiffs' witness list. This statement by the United States was indeed erroneous, as counsel for the United States mistakenly relied upon another witness list filed by Plaintiffs. (Doc. 18508). But this point was not central to the United States' opposition, since Dr. Dalrymple's testimony is inadmissible even if he was identified by Plaintiffs on their witness list.

First, Dr. Dalrymple was designated as an expert only in the MRGO Class Certification proceedings. His expert report dealt with class certification issues and, therefore, did not discuss the essential subject matter at issue in this case – whether the MRGO has any causal effect on flooding. Fed. R. Civ. P. 32(a)(8); *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 162-64 (3d Cir. 1995).

Second, Plaintiffs had ample time to designate Dr. Dalrymple's testimony prior to trial. Instead, Plaintiffs' ignored the Court's scheduling orders and attempted to introduce Dr. Dalrymple's testimony at the conclusion of their case-in-chief. By doing so, Plaintiffs' unfairly prevented the United States from taking any steps to address the designated portions of the transcript.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Reconsideration should be denied.

                            Respectfully submitted,

                            TONY WEST
                            Assistant Attorney General

                            PHYLLIS J. PYLES
                            Director, Torts Branch

                            JAMES G. TOUHEY, JR
                            Assistant Director, Torts Branch

                            ROBIN DOYLE SMITH
                            Senior Trial Counsel, Torts Branch

                             s/ Paul Levine
                            PAUL LEVINE
                            Trial Attorney, Torts Branch
                            Civil Division
                            U.S. Department of Justice
                            Benjamin Franklin Station, P.O. Box 888
                            Washington, D.C.  20044
                            (202) 353-2574 / (202) 616-5200 (Fax)
Dated: June 30, 2008              Attorneys for the United States of America

## CERTIFICATE OF SERVICE

  I, Paul Levine, hereby certify that on June 30, 2009, I served a true copy of the foregoing upon all counsel of record by ECF.

           /s/ Paul Levine
           Paul Levine