## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| PERTAINS TO:  INSURANCE | * | |
| Master Consolidated Class Action Complaint | * | JUDGE:  DUVAL |
| (Rec. Doc. 3413) | * | |
| *Chehardy*, Nos. 05-1672, 05-1673, and 05-1674 | * | SECTION:  K |
| | * | |
| | * | MAG. JUDGE:  WILKINSON |
| | * | |
| | * | MAG. NO.:  2 |
| ****************************************** | * | |

### INSURER DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER

**MAY IT PLEASE THE COURT:**

The Insurer Defendants in the Master Consolidated Class Action Insurance Complaint (Rec. Doc. 3413) ("Master Class Action") and the insurer defendants in *Chehardy, et al. v. State Farm, et al.*, Nos. 05-1672, 05-1673 and 05-1674 ("*Chehardy*"), through their Liaison Counsel, Ralph S. Hubbard III, submit this memorandum in support of their Motion to Sever.

**I.      BACKGROUND**

On March 1, 2007, this Court ordered all pending class actions within the Insurance Umbrella of the *In Re Katrina: Consolidated Canal Breaches Consolidated Litigation*, No. 05-4182 (EDLA) to be consolidated into a single, master complaint.  [Rec. Doc. 3299].  *Chehardy* was one of those pending class actions, and its allegations were consolidated into the Master

Class Action filed on March 15, 2007.  [Rec. Doc. 3299]  The class allegations in the *Chehardy* complaint were subsequently dismissed on November 26, 2008 [Rec. Doc. 16548].

In response to the filing of the Master Class Action, the Insurer Defendants filed a motion to Strike the Class Allegations.  [Rec. Doc. 16711].  That motion was granted on June 16, 2009, wherein the Court ruled that:

> All class allegations in the Master Consolidated Class Action Complaint (Rec. Doc. 3413) are **STRICKEN.**  [Rec. Doc. 19005, p. 18]

Accordingly, there are no longer any class action allegations in either the Master Consolidated Class Action Complaint or *Chehardy*.

## II.   <u>SEVERANCE OF THE REMAINING CLAIMS IS APPROPRIATE</u>

In the absence of the class allegations, both the Master Consolidated Class Action Complaint and *Chehardy* are properly characterized as lawsuits encompassing unrelated and improperly joined plaintiffs' claims for first party insurance benefits related to alleged Hurricane Katrina losses against their first party insurer.  This Court has previously characterized similar such lawsuits as "Mass Joinder Insurance Cases."  Specifically, this Court recognized that these "mass joinder lawsuits" were improperly joined and ruled that *Abadie*, No. 06-5154; *Abadie*, No. 07-5112; *Allen*, No. 07-5111; *Aaron*, 06-4746; *Aguilar*, 07-4852; and *Ancar*, 07-4853 were:

> "Mass Joinder Insurance Cases" that have been pending in the captioned consolidated litigation."  Although the various claims asserted in these cases were misjoined, no severance order separating plaintiffs' individual claims was entered in these cases so that (a) the flood exclusion issue addressed in <u>Sher v. Lafayette Ins. Co.</u>, 988 So. 2d 186 (La. 2008) and <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 214 (5th Cir. 2007), could be resolved, and (b) mass settlement efforts could be undertaken.  *See, e.g.,* Rec. Doc. 44 on the 06-5164 docket and Rec. Doc. 126 on the 06-4746 docket.

The Insurer Defendants respectfully suggest that the Master Class Action and *Chehardy* plaintiffs should now be required to comply with the same obligations this court previously imposed upon the plaintiffs in the former "Mass Joinder Insurance Cases."

In particular, this Court entered the following severance order with respect to the plaintiffs in the former "Mass Joinder Insurance Cases."

*     *     *

As to any plaintiff in the above-referenced cases whose claims have <u>not</u> been settled or dismissed, **IT IS FURTHER ORDERED** that plaintiffs' counsel must, **no later that January 30, 2009**, file an individualized amended complaint for each plaintiff or set of related plaintiffs asserting claims against only the appropriate insurer defendant.  This pleading shall be filed with the Clerk of Court on paper, not electronically.   The caption of the amended complaint must contain only the plaintiff(s) and defendant that are the subject of that specific claim.  The amended complaint shall be accompanied by a copy of the original complaint or Notice of Removal and a copy of this order.  Counsel for plaintiffs must also provide the Clerk of Court with a prepared summons for each amended complaint.

Upon filing of the amended complaint...the Clerk will assign a new docket number and will allot the case at random among the judges of the court.  All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

The newly filed cases will proceed separately and will not be consolidated with the captioned Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K"(2), so they may proceed to resolution independently.

*     *     *

**IT IS FURTHER ORDERED** that plaintiffs shall serve the new amended complaint, a copy of the original complaint or Notice of Removal, and a copy of this order on opposing counsel.

Any substantive motion still pending in the original case must be refiled in the newly assigned case if it pertains to that case.

Any claims…that are not timely brought before the court by amended complaint as ordered herein will be dismissed without further notice. Specifically, by separate order on or after **February 2**, **2009**, Judge Duval will

dismiss the cases identified in the caption above, so that the newly filed severed cases may proceed.

*     *     *

At this juncture in the litigation and in light of dismissal of the class allegations from the Master Class Action and *Chehardy* complaints, the Insurer Defendants suggest that it is appropriate if the remaining plaintiffs whose claims have not already been settled and formally dismissed in both actions are required to file an amending, invidualized complaint in conformity with prior orders issued by this Court concerning "Mass Joinder Insurance Cases."  To that end, the Insurer Defendants have submitted a proposed order for the Court's consideration.

Respectfully submitted:


/s/ Ralph S. Hubbard
Ralph S. Hubbard, III (La. Bar No. 7040)
LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990

**Insurer Defendants' Liaison Counsel**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by electronic notice from the Court's CM/EC Filing System, this 1st day of July, 2009.


/s/ Ralph S. Hubbard III
Ralph S. Hubbard III