UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES    CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO: *Robinson* (06-2268)    SECTION "K"(2)

# ORDER

Before the Court is a Motion for Reconsideration of the Court's Order Excluding the Deposition Testimony of Dr. Robert A. Dalrymple (Doc. 18962) filed by Plaintiffs' counsel. Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the motion. While it is true that the Court relied on a statement by the United States that was erroneous as concerned Dr Dalyrumple's being timely designated as a witness, it is equally true as previously noted that Dr. Dalrymple testified that he had not engaged in any independent study to determine what the surge height would have been in Reach 2 if the wetlands had not been eviscerated. Nonetheless, he offered the testimony that the absence of wetlands led to an increased surge of a meter or about three feet and three inches which apparently was based on his reading of the IPET report, which he now admits was an erroneous conclusion as such information is not found in the IPET report. Moreover, the fact remains that Dr. Dalrymple was designated as an expert only in the MRGO Class Certification proceedings.

But more importantly, plaintiffs did not timely designate or provide the deposition excerpts for Dr. Dalrymple that were to be offered into evidence at trial as ordered by the Court at the pretrial conference held on March 31, 2009. (Doc. No. 18433, Par. 4-5). This Court attempted to accommodate counsel concerning the voluminous number of depositions that were introduced for trial and gave great latitude as to the timing of their production to the Court prior

to trial. As is its practice, the Court reviewed each of these depositions in their entirety prior to commencement of trial.

However, no such excerpts were timely produced with respect to Dr. Dalrymple. The Court informed all counsel in its Minute Entry from the pretrial conference that the Court would not permit the use of deposition testimony not prepared in compliance with its requirements except for good cause shown. That order was entered on April 3, 2009, and it was not until close of trial that this deposition was sought to be moved into evidence without plaintiffs' counsel having followed the protocol required. The Court finds no just cause to enlarge this record any way in light of plaintiffs' failure to comply with the Court's order of March 31, 2009. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration of the Court's Order Excluding the Deposition Testimony of Dr. Robert A. Dalrymple (Doc. 18962) is **DENIED**.

New Orleans, Louisiana, this __13th__ day of July, 2009.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**