UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| _____ | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| PERTAINS TO: | * | |
| CONSOLIDATED LEVEE | * | |
| CASE NOS.   07-4391, 07-4551, 07-4552, 07-4553, | * | |
| 07-4554, 07-4556, 07-4557, 07-4558, 07-4559, 07-4560, | * | |
| 07-4561, 07-4563, 07-4568, 07-4775, 07-494407-4948, | * | |
| 07-4949, 07-4950, 07-4951, 07-4952, 07-4953, 07-4954, | * | |
| 07-4955, 07-4956, 07-4957, 07-4958, 07-4959, 07-4960, | * | |
| 07-4961, 07-4962, 07-4963, 07-4964, 07-4966, 07-4967, | * | |
| 07-4968, 07-4970, 07-4971, 07-4972, 07-4973, 07-4974, | * | |
| 07-4975, 07-4976, 07-4977, 07-4978, 07-4979, 07-4981, | * | |
| 07-4982, 07-4983, 07-4984, 07-4985, 07-4992, 07-4993, | * | |
| 07-4994, 07-4995, 074996, 07-4997, 07-4998, 07-4999, | * | |
| 07-5000, 07-5001, 07-5002, 07-5003, 07-5004, 07-5005, | * | |
| 07-5006, 07-5008, 07-5009, 07-5010, 07-5012, 07-5015, | * | |
| 07-5016, 07-5017, 07-5018, 07-5019, 07-5067, 07-5148, | * | |
| 07-5150, 07-5155, 07-5184, 07-5185, 07-5186, 07-5187, | * | |
| 07-5193, 07-5286, 07-5314, 07-5315, 07-5316, 07-5317, | * | |
| 07-5318, 07-5319, 07-5321, 07-5323, 07-5324, 07-5325, | * | |
| 07-5326, 07-5328, 07-5329, 07-5330, 07-5331, 07-5332, | * | |
| 07-5333, 07-5334, 07-5338, 07-5339, 07-5340, 07-5341, | * | |
| 07-5342, 07-5345, 07-5346, 07-5347, 07-5348, 07-5349, | * | |
| 07-5352, 07-5353, 07-5354, 07-5355, 07-5356, 07-5357, | * | |
| 07-5358, 07-5359, 07-5360, 07-5361, 07-5362, 07-5363, | * | |
| 07-5364, 07-5365, 07-5367, 07-5368, 07-5369, 07-5370, | * | |
| 07-5371, 07-5372, 07-5373, 07-5374, 07-5375, 07-5376, | * | |
| 07-5377, 07-5378, 07-5396, 07-5494, 07-5495, 07-5496, | * | |
| 07-8970 | * | |
| _____ | * | |

**MEMORANDUM SUPPORTING NATIONAL UNION'S UNOPPOSED MOTION FOR CLARIFICATION OF ORDER PURSUANT TO FED. R. CIV. PRO. 60(a)**

National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), defendant, through undersigned counsel, respectfully moves this Court to clarify its original Order and Reasons (Rec. Doc. 18951), entered into the record of this matter on May 29, 2009, which granted NUFIC's motion for summary judgment (Rec. Doc. 17325).

**I.     FACTUAL BACKGROUND**

As undersigned counsel informed the Court on July 2, 2009 (see correspondence attached hereto as Exhibit "A"), NUFIC's original motion for summary judgment (NUFIC's "MSJ") had sought dismissal of "all remaining claims and complaints consolidated in this matter and designated as 'Levee,'" which the Court itself acknowledged in the introduction of its order and reasons granting NUFIC's MSJ.  (Rec. Doc. 18951 at Pg. 1).  Accordingly, NUFIC's requested relief included all claims contained in the First Supplemental and Amending Levee Master Consolidated Class Action Complaint (Rec. Doc. 6941), <u>as well as all other Levee claims which were filed separately by plaintiffs who are not part of the master class, but whose claims were nonetheless consolidated with this matter, and in which NUFIC was named as a party</u>.  The case numbers of those additional claims are included in the caption at the top of this filing.

However, despite acknowledging the scope of NUFIC's requested relief at the beginning of its order and reasons granting NFIC's MSJ, the Court's order ultimately stated:

2

> **IT IS ORDERED** that National Union's Motion for Summary Judgment (Doc. 17325) is **GRANTED** as to the claims against it contained in [the] First Supplemental and Amending Levee Master Consolidated Class Action Complaint ("Master Complaint") (Doc. 6941), *Leslie Sims, Jr., et al. v. The Board of Commissioners of the Orleans Levee District, et al.*, C.A. No. 06-5116 and *Elizabeth H. and William Keith DePass, et al. v. The Board of Commissioners of the Orleans Levee District, et al.* …"

(Rec. Doc. 18951, Pg. 10). The stated relief granted by the Court's order is therefore less broad than that contemplated and requested by NUFIC's MSJ.

Further, each of the above-named cases (which were omitted from the Court's relief granted to NUFIC) presents the Court with the same issue regarding NUFIC (as the claims expressly dismissed by the Court's order), i.e., the plaintiffs' claims all arise under NUFIC Policy No. 625-29-23 (the "2006 Policy"), <u>and this Court has already dismissed all claims arising under the 2006 Policy, which excludes coverage for damages that "arise either directly or indirectly from the person[al] injury and/or property damage that occurred as a result of the flooding caused by the breaches of the floodwalls around the City of New Orleans</u>." (See Court's Order granting National Union's Motion to Dismiss claims arising out of the 2006 Policy, Rec. Doc. 14631, Pg. 15).

The Court responded to NUFIC's July 2, 2009 correspondence (Exhibit "A") with an e-mail dated July 9, 2009 (attached hereto as Exhibit "B") in which the Court issued its "apologies for the oversight" in not including the above-named cases in its order granting NUFIC's MSJ. The Court further gave all opposing parties in any of the above-named cases until 5:00 p.m. on

3

July 17, 2009 to lodge an objection to the relief sought by NUFIC herein.  If no parties voiced opposition to the Court and NUFIC by that date, the Court further instructed NUFIC to file the instant motion as unopposed.  (Exhibit "B").  NUFIC has not received any opposition to the relief sought, and, therefore, has filed this motion for clarification of the Court's previous order.

## II.      LEGAL ARGUMENT

Fed. R. Civ. Pro. 60(a) states that "[t]he Court may correct … a mistake arising from oversight or omission whenever one is found in a[n] … order."  Fed. R. Civ. Pro. 60(a).  NUFIC may bring this motion for clarification at this time, as no appeal has been docketed regarding NUFIC's MSJ.  Fed. R. Civ. Pro. 60(a).  Additionally, this motion is timely because it has been brought "within a reasonable time," having been filed immediately following the running of the period for which the Court required any opposition to the relief sought herein to be filed.  Fed. R. Civ. Pro. 60(c)(1).

## III.     CONCLUSION

Considering the foregoing, NUFIC respectfully requests that this Honorable Court clarify its original order granting NUFIC's MSJ (Rec. Doc. 18951), by granting NUFIC summary judgment on all remaining claims made against it by any and all parties in all of the claims whose case numbers appear in the caption listed above, with full prejudice, each party to bear its own costs.

Respectfully submitted,

        */s/ Alex P Tilling*_____
**GEORGE D. FAGAN (#14260)**
**ALEX P TILLING (#29686)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
Email:  *gfagan@leakeandersson.com*
       *atilling@leakeandersson.com*

Attorneys for National Union Insurance Company
of Pittsburgh, Pa., defendant

### CERTIFICATE OF SERVICE

     I hereby certify that the foregoing pleading has been delivered to all counsel of record on July 19, 2009, by ECF filing, and to the court-appointed liaison counsel by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

        _____*/s/ Alex P Tilling*_____