3737-20624

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| **PERTAINS TO: SEVERED MASS** | * | **NO: 05-4182** |
| **JOINDER CASES** | * | |
| | * | **SECTION "K" (2)** |
| *Severed from:* | * | |
| *Abadie I, 06-5164, and* | * | **JUDGE DUVAL** |
| *Abadie II, 07-5112* | * | |
| | * | **MAG WILKINSON** |
| | * | |
| *APPLIES TO "FORCED PLACE INSURANCE"* | * | |
| | * | |
| **GARY ROBERT, MARY RYAN, ALTHEA** | * | |
| **HART-JENKINS, DOROTHY THREETON,** | * | |
| **and SANDRA WILLIAMS,** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-2610** |
| | * | |
| **AMERICAN BANKERS INSURANCE** | * | |
| **COMPANY OF FLORIDA** | * | |
| | * | |
| * * * * * * * * | * | * * * * * |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO SEVER**

**MAY IT PLEASE THE COURT:**

Defendant, American Bankers Insurance Company of Florida ("American Bankers"), submits this memorandum in support of its Motion to Sever.

-1-

**I.     BACKGROUND**

On March 1, 2007, this Court ordered all pending class actions within the Insurance Umbrella of the *In Re Katrina: Consolidated Canal Breaches Consolidated Litigation*, No. 05-4182 (EDLA) to be consolidated into a single, master complaint (Rec. Doc. 3299). *Abadie I* and *Abadie II* were two of those pending class actions, and their allegations were consolidated into the Master Class Action.

On January 12, 2009, this Court entered an Order directing any plaintiff whose claims have not been settled or dismissed, no later than January 30, 2009, to file an individualized complaint for each plaintiff or set of related plaintiffs, asserting claims against only the appropriate insurer defendant. For amended complaints filed against defendants who issued forced place policies, the matters were to be assigned to this Section, and consolidated with the above-captioned *In Re Katrina: Consolidated Canal Breaches Consolidated Litigation*, for the purposes of consolidated motion practice, which would be separately scheduled by Judge Duval. (Rec. Doc. 14).

In response to this Order, plaintiffs (five purported homeowners of five separate properties, allegedly holding forced place policies issued by American Bankers) herein have filed the current Supplemental and Amending Complaint, which was served upon American Bankers on July 8, 2009. More particularly, plaintiffs herein allege that they were Louisiana residents, who owned immovable property, which was destroyed or damaged by winds generated by Hurricane Katrina on August 29, 2005. (Rec. Doc. 1, para.. I). Plaintiffs further submit that they owned immovable property with improvements and personal property in the New Orleans metropolitan area, at municipal addresses set forth in Exhibit A of the Supplemental and Amending Complaint. (Rec. Doc. 1, para VI). According to Exhibit A, plaintiffs are five separate property owners with properties located in New

Orleans, St. Bernard Parish, and Jefferson Parish (Marrero, LA).  The Supplemental and Amending Complaint alleges no further community of interest among these five plaintiffs.

**II.**     **SEVERANCE OF THE CURRENT CLAIMS IS APPROPRIATE**

In the absence of any remaining class allegations, the present Supplemental and Amending Complaint is properly characterized as five separate actions, involving claims on five separate properties located across three different parishes.  Each claim will have its own particular facts, including the amount and type of damage sustained, the specific cause of the damage (wind, rain, and/or flood), and the adjustment practices and procedures performed on each specific property. In short, there is simply no judicial rationale to sustain the joinder of these plaintiffs herein.

Under Rule 21 of the Federal Rules of Civil Procedure, a district court has "broad discretion" to sever improperly joined parties.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).  To determine whether parties are properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact in common to all of the plaintiffs that will arise in the action.  Fed.R.Civ.P. 20(a).  Both requirements must be met for the parties to be properly joined.  *See Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, *1 (E.D. La. Aug. 1, 2000).

In an earlier attempt to assert a mass-joinder of Hurricane Katrina claims, in *Accardo v. Lafayette Insurance Company*, the Court found that the mere fact that Hurricane Katrina's winds and rains affected two or more properties that are subject of the same lawsuit does not make the insurance claims made on those properties proper for joinder under Rule 20(a).  *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *6 n. 8 (E.D. La. Jan. 30, 2007).  In *Accardo*, eighteen homeowners in

St. Bernard Parish, sued their respective insurance providers for breach of the policies and bad faith. The Court severed those claims by separate property owners, holding that there was not a sufficient commonality among the claims to warrant joinder in the same matter. *Id.* at *5.

In *Sucherman v. Metropolitan Property*, the Court applied the reasoning of *Accardo*, granting the defendant insurer's Motion to Sever 21 separate property claims, brought by four plaintiffs. *Sucherman v. Metropolitan Property and Cas. Ins. Co.*, 2007 WL 1484067 (E.D. La. May 21, 2007). More particularly, the Court applied the reasoning of *Accardo* and two similar cases from the Southern District of Mississippi, in holding that the plaintiffs could not rely on the fact that one natural disaster, Hurricane Katrina, caused damage to all of their properties, as a basis for joining their claims against the defendant insurer. *Id.* at *2. The Court held:

> The claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained. Therefore, aside from Hurricane Katrina as the cause, the claims against Metropolitan do not arise 'out of the same transaction, occurrence, or series of transactions or occurrences' under Rule 20(a).

*Id.*

## CONCLUSION

Plaintiffs' claims in the instant matter clearly do not rise out of the same transaction or occurrence. Plaintiffs have not set forth in their Supplemental and Amending Complaint, why their individual claims against American Bankers should be joined. Accordingly, plaintiffs' claims should be severed, with each individual plaintiff ordered to file individualized supplemental and amending complaints in accordance with the Court's prior Order of January 12, 2009.

Respectfully submitted,

SALLEY, HITE & MERCER, LLC
**DAVID P. SALLEY, T.A. (#19770)**
**A. JACOB CULOTTA, JR. (#26856)**
365 Canal St., Ste. 1710
New Orleans, Louisiana 70130
(504) 566-8800


By:   /s/ A. Jacob Culotta, Jr.
            A. JACOB CULOTTA, JR.
Attorneys for American Bankers Insurance Company of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 21st day of July, 2009, I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties using this process in this matter. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

     /s/ A. Jacob Culotta, Jr.
       A. JACOB CULOTTA, JR.