**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: INSURANCE | * | SECTION "K"(2) |
| Master Consolidated Class Action | * | |
| Complaint (Doc. 3413) | * | |

**************************************************************************

**THE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF**
**THEIR MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, TO MODIFY**
**THE COURT'S ORDER STRIKING CLASS ALLEGATIONS**
**FROM THE MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

MAY IT PLEASE THE COURT:

Pursuant to Federal Rules of Civil Procedure 23(c)(1) and 59(e), the Plaintiffs, through

the Court's Appointed Liaison Counsel and Insurance Liaison Counsel, together with the Court's

Appointed Plaintiffs' Steering Committee (collectively referred to as "the Insurance PSLC"),

submit this reply memorandum in further support of their motion for reconsideration, and to

address certain arguments advanced by the Insurance Company Defendants in their opposition to

the Plaintiffs' Motion for Reconsideration. Specifically, the Plaintiffs submit this reply

memorandum to rebut three aspects of the Insurance Company Defendants' opposition

1

memorandum: (1) the propriety of their motion for reconsideration, (2) the inapplicability of the cases cited by the Insurance Company Defendants, and (3) the appropriateness of reinstating, at least in part, the class allegations.  For the following reasons, and for the reasons previously stated in the Plaintiffs' memorandum in support of their *Motion for Reconsideration* (Doc. 19079-2), the Plaintiffs respectfully request this Honorable Court reconsider and/or modify its June 16, 2009, *Order and Reasons* (Doc. 19005), and deny the Insurance Company Defendants' *Motion to Strike*.

First, the Insurance Company Defendants' initial statements regarding the propriety of the Plaintiffs' *Motion for Reconsideration* (Doc. 19079) are totally misplaced.  Additionally, the cases cited by the Insurance Company Defendants do not stand for the asserted proposition that reconsideration in this matter is unwarranted.  Neither *Templet v. Hydrochemical Inc.*, 367 F.3d 473 (5th Cir. 2004) nor *Schiller v. Physicians Resource Group Inc.*, 343 F.3d 563 (5th Cir. 2003), cited by the Insurance Company Defendants at pp. 1-2 (Doc. 19159), held a district court's denial of reconsideration was improper.  In fact, both cases considered whether the district courts abused their discretion in denying motions for reconsideration.  The *Templet* court and the *Schiller* court acknowledged a Rule 59(e) motion to amend or alter a judgment was appropriate to correct an error of law.  *See Templet, supra,* at 478-79; *and Schiller, supra,* at 567.  Moreover, Federal Rules of Civil Procedure 23 and 59 expressly provide for reconsideration, or alteration or modification, of an order denying class certification or striking class allegations.  The Insurance Company Defendants cannot point to any authority to the contrary.  Thus, this argument is completely without merit.

Second, the various federal court cases from the Eastern District of Louisiana cited by the

2

Insurance Company Defendants do not alter the propriety of reconsideration of the Court's June 16, 2009, *Order and Reasons* (Doc. 19005).  In support of their erroneous position, the Insurance Company Defendants cite four primary cases from this District which denied class certification and/or struck class allegations.  *Aguilar v. Allstate Fire and Casualty Insurance Company*, 2007 WL 734809 (E.D.La. 2007);  *Caruso v. Allstate Insurance Company*, 2007 WL 2265100 (E.D.La. 2007); *Henry v. Allstate Insurance Company*, 2007 WL 2287817 (E.D.La. 2007); *and Markey v. Louisiana Citizens Fair Plan*, 2008 WL 5427708 (E.D. La. 2008).  In their misguided effort to respond to the Plaintiffs' Motion for Reconsideration, the Insurance Company Defendants totally misread these cases and completely err in their strained efforts to apply those cases' findings to the *Master Consolidated Complaint* (Doc. 3413).

The key issue in each of these cases was the underlying allegations against the defendants to properly pay claims.  Stated differently, the primary consideration by the courts in those cases focused on the loss-payment claims, with the treatment of penalty claims as a secondary or side issue.  *See e.g., Aguilar, supra,* at *1 ("[t]he loss payment to each class member included a below market unit pricing on numerous items . . .").  In *Aguilar*, the court did find that the loss-payment claims failed to satisfy the predominance requirement of Rule 23  *Id.* at *2-3.  Nevertheless, the court found dismissal unwarranted under Rule 12(b), and opted to permit the plaintiffs the right to amend.  *Id.* at *3.  The court then proceeded to note the presence of statutory penalty claims, and particularly, the plaintiffs concessions and/or short-comings regarding their arguments and allegations relative to their penalty claims.  The court likewise permitted amendment to the complaint for the bad-faith allegations.  *Id.* at 4.  Yet, the court did not perform any exhaustive analysis of the plaintiffs' penalty claims which in anyway can be viewed as being relative to

3

denying the Plaintiffs pending Motion for Reconsideration. *Compare with Henry, supra* (wherein the court's examination of class allegations focused on the use of a particular software program with a cursory consideration of penalty claims).

Similarly, in *Caruso*, the court's attention was directed at the plaintiffs' claims under the Louisiana Valued Policy Law (La. R.S. § 22:695). The court did note the plaintiffs asserted breach of contract claims, together with penalty claims. *Caruso, supra,* at *3. Yet, the court's discussion provided no nexus between these claims and the striking of class allegations. Most notably, the court's discussion focused extensively on the inability to certify the underlying actions pursuant to Rule 23(b)(2) and (b)(1). *Id.* at *2-4. The court ultimately held that monetary relief predominated over injunctive and declaratory relief, and that the Valued Policy Law did not permit certification under Rule 23(b)(3). *Id.* at *2-5.

Likewise, the Insurance Company Defendants' reliance upon the *Markey* case is equally misplaced. While it is true the *Markey* case presented claims for breach of contract as well as for bad-faith penalties, the court found the *Markey* plaintiffs only advanced individualized contract and bad-faith claims. *Markey, supra*, at *4. The court stated "[p]laintiffs have not, however, advanced a 'viable theory employing generalized proof to establish liability with respect to the class'". *Id.* (citation omitted). The court further observed that the plaintiffs did not contradict the defendant's arguments or assertions about individual claims analysis. *Id.* Such short-comings do not provide a basis for universal denial of class allegations of Louisiana statutory penalties claims, as the Insurance Company Defendants are attempting to assert in this action.

Equally flawed is the Insurance Company Defendants' reliance upon the Louisiana

Supreme Court's recent decision in *Brooks v. Union Pacific Railroad Company*, 2008-2035 (La.

5/22/09); 2009 WL 1425972.  The *Brooks* court's decision actually supports granting the

Plaintiffs' Motion for Reconsideration.  Most notably, the court found the need for a "common

cause" to warrant satisfaction of the predominance prerequisite.  *Id.* at *5.  Of utmost

importance, the court found "only mass torts arising from a common cause or disaster may be

appropriate for class certification.  In this mass tort case, this means that the cause of flooding

must be the same for each class member."  *Id.* at 10 (contrast with the common cause of a

hurricane in this action).  While the Insurance Company Defendants quote the *Brooks* case, they

fail to properly apply the court's reasoning and holding to the facts in the case at bar, and to

*Oubre v. Louisiana Citizens Fair Plan*, 07-66 (La. App. 5th Cir.5/29/07); 961 So. 2d 504, *writ*

*denied*, 2007-1329 (La. 9/28/07); 961 So. 2d 504 and to *Orrill v. AIG, Inc.*, No. 05-11720 (Civil

District Court, Parish of Orleans).

Of fundamental significance, the Insurance Company Defendants' *Motion to Strike* (Doc.

16711) is directed at the Plaintiffs' *Master Complaint*.  By its very nature, the *Master Complaint*

is not a traditional complaint, but a consolidation of all of the claims presented by numerous

class action complaints filed in the *In re: Katrina anal Breaches Consolidated Litigation*.  As

such, the failure (or striking) of one claim or group of claims should not result in the failure or

striking of any other claims.  Each claim must be viewed separately and independent of the

success or failure of any other claim.[1]  Moreover, the same defendants in this action have already

---

[1]  The Plaintiffs would also direct the Court to Judge Fallon's *Order and Reasons*, dated
6/9/09 (Doc. 18977), in which he denied the Government's motion to strike class allegations in
the MRGO action, and holding that the allegations contained in the *MRGO Master Complaint*

sought to have this Court apply Louisiana appellate court decisions as authoritative which they claimed to be directly on point to another matter preciously pending before this Court. *See Document 18207, 3/19/09* (The Insurance Company Defendants argued the authoritative value of the *R.L. Lucien Tile Co. v. American Sec. Ins. Co.,* No. 2008-1190 (La. App. 4th cir. 3/11/09); 8 So.3d 753 decision in their attempt to strike claims in the *Road Home* action).

In complete contrast, the Insurance Company Defendants totally fail to explain how Louisiana statutory penalty claims cannot proceed as a stand alone class action as in the *Oubre* and *Orrill* cases. They equally fail to adequately respond to why this Court should not show deference to those two cases, especially in light of the *Master Complaint* and progression of these claims separate from other claims which this Court has found to fail the predominance requirement of Rule 23. Further, an analysis of these two state court cases clearly reveal how those actions, and Louisiana statutory penalty claims, can be certified in the case at bar. In particular, a review of former statute R.S. § 22:658(A)(3) reveals penalty claims are appropriate for class treatment. This conclusion is especially true when, as in this matter, the bad-faith claims involve conduct directed to the class rather than to individuals. Thus, the Plaintiffs contend the bad-faith claims in the *Master Complaint* predominate or, in the alternative, deserve class treatment separate from treating any individualized contract claims.

Former statute R.S. § 22:658(A)(3) provides, in part:

> . . . In the case of catastrophic loss, the insurer shall initiate loss adjustment of a
> property damage claim within thirty days after notification of loss by the

---

could withstand scrutiny under a motion to dismiss for a limited class of individuals who timely filed an administrative Form 95 with the Government, as further authority for denying the Insurance Company Defendants' *Motion to Strike* and granting the Plaintiffs' *Motion for Reconsideration*, at least in part.

claimant.  Failure to comply with the provisions of this Paragraph shall subject
the insurer to penalties provided in R.S. 22:1220.

*Id.*  In analyzing this statute, the Louisiana Fifth Circuit found that individual claims did not

predominate over the common questions relative to the entire class.  *Oubre*, 961 So. 2d at 510-

11.  In addition, the *Oubre* court properly noted the class could be defined based upon

"objective, ascertainable criteria." *Id.* at 513.  Most questions presented by this statute are easily

resolved through the Insurance Company Defendants' own records.  A simple review of these

records will reveal when any given policyholder notified his or her insurer, and the date upon

which the insurer initiated loss adjustment.  In this analysis, this preliminary question is resolved

without consideration of any individualized facts other than the time at which the claim was first

made and when loss adjustment was commenced.  Any licensed accountant could easily audit the

records of the Insurance Company Defendants and objectively ascertain this information.  If a

policyholder made a claim and more than thirty days lapsed before the insurer initiated loss

adjustment, then they are a potential class member.  This is the very inquiry for which class

actions exist.

Assuming the identification of a class of individuals for whom loss adjustment was not

initiated within thirty days of notification to the insurer, the only other inquiry is the cause.  The

Plaintiffs respectfully suggest that the evidence in other cases tried to date, and in cases like

*Oubre*, that the Insurance Company Defendants met within days, if not hours of the levee

failures in the Greater New Orleans area.  Upon information and belief, the Plaintiffs respectfully

suggest the Insurance Company Defendants, individually and as part of the insurance industry,

took overt action to develop a plan to deny all claims and to seek to transfer all responsibility to

the Army Corps of Engineers, the NFIP, and others.  To the extent that such action or inaction

7

taken by the Insurance Company Defendants resulted in a concerted effort to refuse to initiate

loss adjustment within thirty days of the claim for all claimants, then the Insurance Company

Defendants are certainly liable for statutory penalties to the class.[2]  Of key importance, the

penalty due is identical for each member of the class–$5000.00–and is not based upon any

individualized criteria (e.g., the degree of damage to a particular structure).  It is this uniformity

and commonality that unequivocally results in satisfaction of the predominance requirement, as

recognized by the *Oubre* court.  Therefore, the Court should grant the Plaintiffs*' Motion for*

*Reconsideration*.

<u>**CONCLUSION**</u>

For the reasons previously stated in the Plaintiffs' original memorandum in support of

their Motion for Reconsideration, and for the following reasons, the Plaintiffs respectfully

request this Honorable Court grant their Motion for Reconsideration, at least in part, reinstating

the class allegations regarding Louisiana statutory penalty claims, or alternatively, permit the

Insurance PSLC a limited opportunity to amend the Master Complaint as a stand alone penalty

class.

---

[2]  At the very least, the Plaintiffs would respectfully suggest the Court afford the
Insurance PSLC a short period of time (fourteen days) in which to amend the *Master Complaint*
to remove any stricken class allegations and to file an amended master complaint as a stand
alone statutory penalty class, consistent with the actions taken by Judge Feldman int eh *Aquillar*
and *Henry* cases in permitting those parties to amend before final dismissal of the class claims.

Respectfully submitted,

**APPROVED PLAINTIFFS LIAISON COUNSEL**

_____/s/ Joseph M. Bruno_____
JOSEPH M. BRUNO (La. Bar # 3604)
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
jbruno@jbrunolaw.com

**INSURANCE PLAINTIFFS' SUB-GROUP
LITIGATION COMMITTEE**

_____s/ Calvin C. Fayard, Jr._____
Calvin C. Fayard, Jr. (La. Bar #5486)
INSURANCE PSLC LIAISON COUNSEL
Fayard & Honeycutt, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925
calvinfayard@fayardlaw.com

For
**INSURANCE PLAINTIFFS' SUB-GROUP
LITIGATION COMMITTEE**
John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier
Calvin C. Fayard, Jr.

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 31st day of July, 2009.

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
