UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: BARGE | and consolidated cases<br><br>SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UNDER RULE 12(b)**

**1. Introduction**

This lawsuit arises from a contract dispute regarding the expert witness fee of the Petitioner, Dr. Weisler. On August 29, 2005, Hurricane Katrina struck the Greater New Orleans area. This storm caused massive damage and flooding to this region. As a reaction to events, set into motion by this storm, a number of suits were filed in the Eastern District of Louisiana. Eventually, some of these actions were consolidated as the "Katrina Breaches Litigation" and more specifically, the "Barge Case." It is from this foundation that this dispute arises. The Petitioner has brought an action for Breach of Contract and a suit on an "Open" account. However, the Petitioner has failed to state a claim under which he is entitled for relief against the individual Defendants, Richard T. Seymour, Esq., Alan L.

1

Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq. (hereinafter collectively referred to as "the Defendants.")

**2. Facts**

On or about May 14, 2008, Alan Fuchsberg, contacted Dr. Weisler to solicit his expert opinion. Dr. Weisler was asked to determine if it was possible to prepare a report to buttress the Barge Plaintiffs' Litigation Steering Committee ("BPLSC") efforts to certify an "emotional" subclass. Dr. Weisler communicated with various members of BPLSC during this project via email, telephone and face-to-face. A report was ultimately generated by Dr. Weisler. The BPLSC decided to abandon the emotional subclass theory. Dr. Weisler's billed roughly 450 hours at $600/hour for his "work" on the project.

On February 11, 2009, Dr. Weisler filed his Complaint against the Defendants. The Complaint made allegations against the defendant-law firms and sought recovery *against the attorneys, individually, in their personal capacities.* Specifically, the Complaint lists the following individuals, as parties to this action:   Richard T. Seymour, Esq., Alan L. Fuchsberg, Esq., Brian A. Gilbert, Esq., and Lawrence Wilson, Esq. (hereinafter collectively referred to as "the Defendants.") The Complaint fails to notice plead the criteria necessary to pierce the corporate veil.

However, while the Complaint listed the named the attorneys, individually, in their personal capacities as Defendants, *the Complaint failed to allege any set of facts or theories of law as to why these individuals were personally liable.* In fact, the Complaint mentions other particulars, such as, an allegation that the Defendants are collectively bound by the actions of one Defendant (Plaintiff's Complaint Page 6, Paragraph 9) but it is silent as regards to any theory supporting "personal liability" of the Defendants.

2

This silence speaks volumes. It was only after the Defendants filed this 12(b) motion asserting the protections afforded to them under law, that, the Plaintiff attempted to amend his petition to include these allegations by the submittal of the affidavits of Dr. Weisler and Dr. Townsend and copies of checks, invoices and emails (hereinafter collectively referred to as "Documents"). The Plaintiff's position, as espoused in his opposition memorandum, is contrary to his position raised in his Complaint. In his Complaint, the Plaintiff indicates that not only did he have dealings with the Defendants, individually; in regards to the "alleged" work preformed but that he also had meetings with *"members of the Wiedmann firm* to discuss their findings." (Emphasis added) (Plaintiff's Complaint Page 10, Paragraph 15) However, in the Plaintiff's affidavit he states "At no time prior to the filing of my lawsuit against the 'small group of attorneys' *did I ever believe* that I was reaching an agreement with anyone but the individual attorneys who form the 'small group of attorneys.'" (Emphasis added) (Dr. Weisler's Affidavit Page 3, Paragraph 6) Additionally, in the emails provided by the Plaintiff the signature block clearly indicates that "Richard T. Seymour , Law Office of Richard T. Seymour, P.L.L.C." (See the Plaintiff's exhibit 1B) was associated with a law firm and not just an individual attorney.

### 3. Argument

The Defendants, by reference, incorporates all arguments raised in our Memorandum in Support of our Motion to Dismiss, and reasserts them, *in globo.* The Plaintiff in his opposition to our motion to dismiss fails to address any of the five factors listed in *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1167 (La. 1991) that are necessary to pierce the corporate veil. Instead he, for the first time, raises allegations that the Defendants failed to reveal the existence of an agency-principal relationship. More specifically, he claims that the

3

Defendants failed to reveal their "principal." As mentioned earlier, there is not one mention of this anywhere in the Plaintiff's Complaint. This issue is not plead, with proper notice, in the Plaintiff's Complaint.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Sampson v. The City of New Orleans*, 2005 WL 14908 (E.D.La.) In order for the Plaintiff to satisfy this requirement, "the statement must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' (the elements of the plaintiff's claim(s) 'must be addressed by allegations in the complaint sufficient to give fair notice to a defendant')." *Id.* (internal citations omitted) The Plaintiff's opposition is the first instance when the Defendants became aware of this agency-principal theory (Plaintiff relying on agency principles to establish personal liability). The Defendants were not even afforded the opportunity to file a Rule 12(e) motion for a More Definite Statement to clarify the Plaintiff's position regarding personal liability. Therefore, this Honorable Court should reject these "Documents" and rule on the 12(b) motion on the face of the pleadings alone based on the four corners of the document. It would be improper procedurally to treat this matter as a summary proceeding under Rule 56.

Moreover, the inclusion of the "Documents" with the Plaintiff's opposition is an attempt to amend his original petition by circumventing the requirements of Rule 15(a). Clearly the inclusion of these "Documents" is intended to address the lack of specificity and notice inherent in the Complaint. Under Rule 15(a), amending and supplementing pleadings before trial is improper when a responsive document, in this case the Defendants' answer (the law firms have answered and filed counterclaims), was filed with the court and the

4

Plaintiff attempts to amend his petition without leave of court. The affidavits submitted by the Plaintiff present allegations that the Defendants failed to notify the Plaintiff of their "principal." There was no indication of this allegation in the original Complaint. ***"Counsel cannot amend a complaint by affidavit on motion to dismiss."*** *Sanders v. City of New York*, 692 F.Supp 308 (S.D.N.Y. 1988). As such, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, if this Honorable Court includes these "Documents" in its consideration of the Defendants' 12(b) motion then the Complaint would also fail to give the Defendants adequate notice of this claim. If the Plaintiff had raised the allegation of personal liability based on agency principles in his initial Complaint then the Defendants would have the opportunity to produce contrary evidence in our Motion to Dismiss. Assuming *arguendo*, that the Court would decide to convert the Defendants' 12(b) motion to a Rule 56 motion, then due process, requires that the Defendants be afforded adequate discovery. Such discovery is necessary in order for the Defendants to establish for the court that genuine issues of material facts are extant and preclude summary judgment. ***However, this is not what is before this Honorable Court***. The Plaintiff has never secured leave to amend and in fact has never attempted to formally amend his Complaint. Instead, he has attempted utilize the Defendants' 12(b) motion to deploy his "Trojan Horse" containing the Plaintiff's allegations that were never raised or even hinted at in his Complaint.

*Anderson v. United States Department of Housing and Urban Development*, 554 F.3d 525 (5th Cir. 2008) citing *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161 (5th Cir. 1999) stated that "where the complaint is devoid of facts that would put the defendant on notice as

5

to what conduct supports the claims, *the complaint fails to satisfy the requirement of notice pleading.*" at 528. (Emphasis added). There is no allegation in the Plaintiff's Complaint, explicit or implicit, to suggest culpability based on agency-principal theory. The Complaint on its face only suggests a boilerplate, standard theory of contractual breach and suit on an "open" account.

In the alternative, if this court does decide to include these "Documents" in their consideration of the Defendants' 12(b) motion and convert this motion to a summary proceeding, the Defendants formally ask for leave of court to conduct the necessary discovery to rebut the position asserted by the Plaintiff. *Washington v. AllState Insurance Co.*, 901 F.2d 1281 (5th Cir. 1990). As discovery has not been initiated in this case and as discovery would yield specific facts as to when, where, and how the Plaintiff was made aware of the agency relationship it is vital that leave of court be granted. The Defendants need to investigate the claims raised in the two affidavits as well as secure copies of correspondence, emails and invoices to ascertain when the Plaintiff was made aware or when a reasonable person would had been made aware of the agency-relationship.

### 4. Conclusion

The Plaintiff has failed to state a cause of action upon which relief can be granted. ***There is no set of facts described in his Complaint that would lead to a cause of action against the Defendants in this suit for personal liability for the corporate debts.*** The after-the-fact attempt to amend his Complaint without complying with the Federal Rules of Civil Procedure should not be allowed. For this reason, the court should exclude the submission of

6

the "Documents" and rule on the 12(b) motion from the four corners of the Complaint itself.

In so doing, this case must be dismissed.

Respectfully submitted:

*/s/ Robert D. Reine*

DAVID V. BATT, #2849
ROBERT D. REINE, #28978
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 31ST day of July, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

*/s/ Robert D. Reine*
ROBERT D. REINE