UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 |
| PERTAINS TO: INSURANCE<br>      Master Consolidated Class Action Complaint<br>      (Rec. Doc. 3413)<br>      *Chehardy*, Nos. 06-1672, 06-1673, and 06-1674 | SECTION "K"(2) |

## ORDER AND REASONS

The Court has before it two motions. Plaintiffs have filed a Motion for Reconsideration, or in the Alternative, to Modify the Court's Order Striking Class Allegations from the Master Consolidated Class Action Complaint (Rec. Doc. 19079) ("Mot. Reconsid."). Defendant Insurers have filed their opposition (Rec. Doc. 19159) ("Opp. Reconsid."). Defendant Insurers have filed a Motion to Sever (Rec. Doc. 19083) ("Mot. Sever"), that Plaintiffs have also opposed (Rec Doc. 19152) ("Opp. Sever"). Having reviewed the relevant law and the pleadings filed on the record, this Court shall deny the Plaintiffs' Motion for Reconsideration, and it will grant the Defendants' Motion to Sever.

## I. BACKGROUND

*In re Katrina Canal Breaches Consolidated Litigation* is the overarching case consolidating numerous causes of action arising from damage during Hurricane Katrina. The section of this litigation presently before the Court is the Insurance umbrella. Plaintiffs are insurance customers of the Defendant insurance companies who held policies in effect when Hurricane Katrina struck Louisiana on August 29, 2005. Plaintiffs' Insurance Master

1

Consolidated Class Action Complaint ("Compl.") (Rec. Doc. 3413) alleged that the Defendants denied coverage to policyholders in bad faith and contrary to the terms of the policy. The Plaintiffs proposed three potential classes of plaintiffs corresponding to the three types of insurance policies: homeowners' insurance, commercial insurance, and renter's insurance. Compl. ¶ 9. Plaintiffs further proposed subdividing the homeowner's class into 63 separate subclasses corresponding to one class per insurer. Compl. ¶ 10. Defendants filed a motion to strike the class allegations and dismiss specific claims, which this Court granted on June 16, 2009 (Rec. Doc. 19005). As a result, no class allegations are extant in the complaint.

## II. ANALYSIS

Before the Court are the Plaintiffs' Motion for Reconsideration and Defendants' Motion for Severance. Defendants seek severance in light of this Court's striking of the Plaintiffs' class allegations. Accordingly, this Court will address Plaintiffs' motion first.

### A. Motion for Reconsideration

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple – a chance to reargue and sometimes submit additional argument and authority in support of his lost motion." *State of Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). The Fifth Circuit has treated motions to

reconsider as analogous to motions pursuant to Rule 59(e) or Rule 60:

> The federal rules do not recognize a "motion for reconsideration" in haec verba. We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).

*Lavespere v. Niagara Mach, & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994). A motion to alter or amend a judgment "must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). If the motion is brought within ten days of the judgment it is subject to Rule 59(e), if filed after ten days it is subject to Rule 60(b). *Harrington v. Runyon,* 98 F.3d 1337 (5th Cir. 1996) (citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989)). In this case, it appears that Defendants' motion for reconsideration was filed within ten days of judgment and therefore this Court will apply Rule 59(e).[1]

"This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Johnson v. Cain,* Civ. A. No. 05-1943, 2007 WL 1741883, at *1, (E.D. La. June 14, 2007) (citation omitted); *see Arceneaux v. State Farm Fire & Cas. Co.*, Civ. A. No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008). The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or

---

[1]This Court's Order and Reasons granting the Defendants' motion to strike was issued on June 16, 2009; this motion was filed on June 30, 2009. Excluding weekends and holidays, this motion was filed within 10 days. *See* Fed. R. Civ. P. 6.

3

amend a judgment." *Southern Contractors Group, Inc., v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiffs advance three arguments to support their motion. First, they assert that this Court erred in dismissing the class allegations regarding bad faith against the Defendants because it used the incorrect standard of reasonableness, namely a "desired conduct" standard. This Court should have used a "minimal conduct" standard, a lower standard that would more easily fulfill the predominance requirement of Rule 23(b)(3). Rec. Mot. at 4. Second, Plaintiffs aver that this Court should reconsider its decision or stay any reconsideration in light of the fact that the United States Supreme Court has granted certiorari in a recent case regarding application of state law to federal court class actions. Rec. Mot. at 14. Lastly, Plaintiffs suggest that this Court should reverse its ruling and refer this matter to Magistrate Judge Wilkinson in order to further settlement. Rec. Mot. at 18.

Plaintiffs' first argument does not warrant serious consideration. This Court previously struck the Plaintiffs' class allegations of bad faith because it would require individualized inquiry into the reasonableness of each Defendant's decision not to make insurance payments to each individual Plaintiff.[2] Plaintiffs argue that no individualized inquiry is needed because all of the Insurers fell below the "minimum conduct" standard for reasonableness, which is allegedly the proper measure of reasonableness in contrast with the "desired conduct" standards. However, Plaintiffs do not cite any legal authority, binding or otherwise, that supports the

---

[2]To maintain a class action under Rule 23(b)(3), a court must find that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

proposition that there are two standards of reasonableness. This Court has conducted its own exhaustive search and has not found any case that describes, let alone applies, these two putative standards for reasonableness. Even if Plaintiffs could establish that a lower standard of reasonableness should apply here, the Louisiana Supreme Court has stated that the reasonableness of an insurer's refusal to make insurance payments "depends on the facts known to the insurer at the time of its action, and [the Louisiana Supreme Court] has declined to assess penalties 'when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense.'" *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)). Plaintiffs cannot make any persuasive argument showing how this Court can avoid making an individualized inquiry into the "facts known to each insurer" to determine if each insurer acted in good faith. The Court finds that this individualized inquiry would predominate over any issues common to the class. Therefore, this Court is unpersuaded to modify its prior decision on this ground.

      Plaintiffs also argue that this Court should reconsider or stay its prior opinion in light of the Supreme Court's recent grant of certiorari to the U.S. Second Circuit Court of Appeals in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 549 F.3d 137 (2d Cir. 2008). In *Shady Grove*, the Second Circuit considered whether a state statute prohibiting certain types of class actions should be enforced by a federal court sitting in diversity. Plaintiffs brought a putative class action against Allstate Insurance alleging that "Allstate failed to pay statutory interest penalties on overdue payments of insurance benefits owed to plaintiffs under no-fault automobile insurance policies issued by Allstate." *Id.* at 140. The Court's jurisdiction was

5

based upon the Class Action Fairness Act ("CAFA"), which extends diversity jurisdiction to federal courts where the matter in controversy exceeds $5,000,000.00 and where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* (quoting 28 U.S.C. § 1332(d)(2)). Allstate moved to dismiss the class action because New York Civil Practice Law and Rules (C.P.L.R.) § 901 prohibited any class action "to recover a penalty" unless the statute "creating or imposing a penalty . . . specifically authorizes the recovery thereof in a class action." *Id.* (quoting N.Y. C.P.L.R. 901). Finding that no statute specifically permitted a class action to recover penalties for failure to pay insurance benefits, the district court granted the motion to dismiss. On appeal, the Second Circuit applied the *Erie* doctrine to determine whether the state law should be applied in a federal action. It first found that there was no conflict between Rule 23 and § 901(b) because that specific subsection "prohibits class actions to recover a penalty or a minimum measure of recovery absent specific statutory authorization." *Id.* at 143. The court further found that § 901(b) was a substantive rule that could be applied in conjunction with Federal Rule of Civil Procedure 23. *Id.* at 143-44. *Erie* also mandated application of § 901(b) because a federal court's failure to enforce § 901 would result in plaintiffs recovering "on a class-wide basis in federal court when they are unable to do the same in state court," and it would "encourage forum-shopping, with plaintiffs and their attorneys migrating toward federal court to obtain the 'substantial advantages' of class actions." *Id.* at 145. Accordingly, the Second Circuit found that a class action for statutory penalties should be barred in federal court as it would be barred in New York state court. The Supreme Court subsequently granted certiorari, 129 S.Ct. 2160 (2009), to decide whether "a state statute limiting the availability of class actions in state courts restrict[s] a federal court's power to

6

certify a class under Federal Rule of Civil Procedure 23 in an action where jurisdiction is based on diversity of citizenship." Brief for Petitioner at *I, *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, No. 08-1008, 2009 WL 2040421 (U.S. July 10, 2009).

Plaintiffs argue that *Shady Grove* is analogous to the present case because this Court used federal rules to dismiss the class action. As the Plaintiffs have asserted previously, Louisiana's rule regarding class certification, La. Code Civ. Proc. 591, is based upon the federal rule, Rule 23. Moreover, Louisiana state courts have certified class actions that are similar to the present action. Mot. Reconsid. at 16 (citing *Oubre v. La. Citizens Fair Plan*, 961 So. 2d 504 (La. Ct. App. 5th Cir. 2007)). Therefore, Plaintiffs argue that this Court should similarly defer to Louisiana's class certification rules and certify this class.

Plaintiffs' argument, while creative, misses the mark. First, this case is not directly analogous to *Shady Grove*. In that case, the Second Circuit dismissed a class action because a state rule *prohibited* any class actions for a specific type of claim, namely one for statutory penalties. Here, Plaintiffs ask this Court to certify this class because a state procedural rule would allegedly permit it. Plaintiffs make no argument as to why Louisiana's certification rules should gain preeminence over federal rules, or why they should be deemed "substantive" in this context. Instead, their argument hinges on the same "minimum conduct" class distinction that has already been discarded by this Court, *supra*. Plaintiffs' argument boils down to: If a federal class action is forbidden because a state substantive law forbids such a class action, then a federal court must permit a class action if state procedural law would likewise permit it. Plaintiffs' conclusion does not follow from the Second Circuit's premise; put simply, this logic does not jibe.

7

Even if this Court were required to engage in a full *Erie* analysis, the result would be no different. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (quoting *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426-27, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)). *Erie* analysis, as refined by *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), requires that where a court is faced with a federal rule of procedure and a state rule, it must determine whether there is a "direct collision" between the two. If there is no such collision, then the court must determine whether the state rule is procedural or substantive because "[w]here the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995). "Whether a particular provision is substantive or procedural for *Erie* purposes is determined by looking to the 'twin aims' of the *Erie* doctrine: the discouragement of forum shopping and the avoidance of inequitable administration of the laws." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 411 (5th Cir. 2006), *quoting Herbert v. Wal-Mart Stores,* 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna*, 380 U.S. at 468, 85 S.Ct. at 1142).

If, however, a "direct collision" exists between the "plain meaning" of the state law and the federal rule, then "the analysis developed under *Hanna* must apply." *Affholder, Inc. v. Southern Rock, Inc.*, 746 F.2d 305, 309 (5th Cir. 1984); *see Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1146 (5th Cir. 1997). There is deemed a collision of the two if "the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). In applying the plain

8

meaning of Federal Rule 23 and La. Code Civ. Proc. 591, both rules concern the procedure by which a class action may be certified, specifically namely, numerosity, commonality, typicality, and adequacy of representation. Rule 23 clearly governs the procedures to determine which class actions "may be maintained" in federal court. Fed. R. Civ. P. 23(b). In contrast, *Shady Grove* concerned a different situation as the specific state law, N.Y. C.P.L.R. 901(b), concerned only which class actions were *not* permitted.[3] Therefore, unlike *Shady Grove*, there appears a direct collision between Rule 23 and La. Code Civ. Proc. 591. Applying the *Hanna* analysis, this Court must determine whether Rule 23 would be "outside the scope of the Rules Enabling Act or beyond the power of Congress under the Constitution?" *Affholder*, 746 F.2d at 309. "Concerning matters covered by the Federal Rules of Civil Procedure, . . . [i]t is settled that if the Rule on point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution,

---

[3]As noted earlier in this opinion, the Second Circuit in *Shady Grove* discussed this distinction:

> Rule 23, fairly construed, is not sufficiently broad to cause a direct collision with CPLR 901(b). Rule 23 provides that a class action "may be maintained" if (1) certain prerequisites for class certification are met – namely, numerosity, commonality, typicality, and adequacy of representation – and (2) the action falls into one of three enumerated categories of actions for which class-based adjudication is the superior method of resolution. CPLR 901(*a*) is a parallel statute, also setting forth the requirements of numerosity, commonality, typicality, adequacy of representation, and that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." CPLR 901(*b*), however, prohibits class actions to recover a penalty or a minimum measure of recovery absent specific statutory authorization. There is no analogue to CPLR 901(b) in Rule 23.

*Shady Grove*, 549 F.3d at 143 (emphasis in original).

the Federal Rule applies regardless of contrary state law."[4] *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (quoting *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 428 n.7, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)). Here, Plaintiffs have made no showing of the invalidity of Rule 23 or how it is beyond the scope of the Rules Enabling Act. This Court knows of no reason why Rule 23 should be inapplicable here. Invalidating a federal rule of procedure merely because it applies to state-created causes of action is contrary to the holding of the Supreme Court in *Hanna*: "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." *Hanna*, 380 U.S. at 473-74, 85 S.Ct. at 1145. Without any substantive reason to question congressional authority or that authority delegated to the Supreme Court to promulgate Rule 23, this Court must follow the federal rule. *See Ellis*, 258 F.3d at 337 ("In the absence of [the defendant's] demonstration of the invalidity of Federal Rule of Civil Procedure 50, and our own inability to detect any, we conclude that Rule 50 clearly applies to the present

---

[4]The Rules Enabling Act provides:

**(a)** The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

**(b)** Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

**(c)** Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

28 U.S.C. § 2072.

case for purposes of determining whether a judgment as a matter of law should be granted."). Therefore, this Court is persuaded that its prior decision to follow Rule 23 and federal case law interpreting Rule 23 was correct.

Plaintiffs' final argument is that reconsideration should be granted in order to permit Magistrate Judge Wilkinson to pursue further settlement among the parties. This argument is not based upon any legal theory, and this Court is unpersuaded to exercise its equitable powers to allow this case to linger for the purposes of settlement. Having been presented with no valid reason to void its prior decision, this Court will deny the Plaintiffs' Motion for Reconsideration.

**B. Motion for Severance**

A trial court has "broad discretion" to sever claims or parties. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Under Rule 20(a), plaintiffs may be joined in a suit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Defendants seek a severance of the individual Plaintiffs' in the Master Class Action and the *Chehardy* suits, and they further request that this Court order the Plaintiffs to refile their suits separately so that they might proceed individually. This Court has previously issued such an order in the Mass Joinder Insurance Cases (*see* Rec. Doc. 16834). Plaintiffs request that this Court deny this motion or defer it to permit the Court to first rule on the Motion for

Reconsideration. Opp. Sever at 2. Alternatively, Plaintiffs request deferral in order to allow the parties to seek further resolution of their claims with the Insurer Defendants. Opp. Sever at 3.

This Court is persuaded to grant Defendants' motion. There appears no reason to further delay severance for the purposes of seeking settlement; indeed, it appears more likely that settlement will be facilitated by severance. As cited by Defendants, this procedure that has been followed by the Court where common issues of law have been decided against plaintiffs' favor, resulting in no further reason to maintain the suits as joined. Any further delay for the purposes of addressing the Motion for Reconsideration is unnecessary in light of this Court's denial of that motion herein. The motion shall be granted.

### III. CONCLUSION

For the foregoing reasons, accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration, or in the Alternative, to Modify the Court's Order Striking Class Allegations from the Master Consolidated Class Action Complaint (Rec. Doc. 19079) is **DENIED;** and

**IT IS FURTHER ORDERED** that Defendant Insurers' Motion to Sever (Rec. Doc. 19083) is **GRANTED.** An order concerning the protocol for severing and refiling individual claims will be issued subsequently.

New Orleans, Louisiana, this __6th__ day of August, 2009.

        **STANWOOD R. DUVAL, JR.**
        **UNITED STATES DISTRICT JUDGE**