United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**F I L E D**

June 30, 2009

**FOR THE FIFTH CIRCUIT**

Charles R. Fulbruge III
Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   AUG 2 7 2009

LORETTA G. WHYTE
CLERK

No. 07-30412

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:06-CV-1885

IN RE: KATRINA CANAL BREACHES LITIGATION

-----------------------------------------------------

MAUREEN O'DWYER; HAROLD JOSEPH GAGNET; SALLY EGERTON
RICHARDS; SHANE E PORTER; STEPHANIE PORTER; ET AL

      Plaintiffs - Appellants

  v.

UNITED STATES OF AMERICA

      Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and was argued by
counsel.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to
defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

ISSUED AS MANDATE:   AUG 2 4 2009

**A True Copy**
    **Attest**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

By: _M. Brignac M. Batiste_
        Deputy

**New Orleans, Louisiana**   AUG 2 4 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2009

No. 07-30412

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BREACHES LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Maureen O'DWYER, et al.

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:06-CV-1885

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants, who suffered injuries due to the flooding associated with Hurricane Katrina, appeal the district court's dismissal of their tort and admiralty claims against the United States for lack of subject matter jurisdiction due to appellants' failure to exhaust administrative remedies. For the following

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons, we AFFIRM.

## I. FACTS AND PROCEEDINGS BELOW

On August 29, 2005, Hurricane Katrina battered the Louisiana and Mississippi Gulf coasts. New Orleans was hit especially hard, in large part due to the catastrophic flooding that resulted when numerous levees around the city failed. Appellants are a group of Louisiana citizens who lost property and loved ones in the flooding. Appellants brought a class-action suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, and the Suits in Admiralty Act, 46 U.S.C. app. § 741 *et seq.* (current version at 46 U.S.C. § 30901 *et seq.*), alleging that the United States Army Corps of Engineers (the Corps) negligently designed, constructed, and maintained several man-made canals in the New Orleans area, thereby causing their injuries.[1]

The district court consolidated appellants' suit with a number of other similar actions within *In re: Katrina Canal Breaches Consolidated Litigation* (E.D. La. No. 05-4182). The district court later dismissed appellants' claims for lack of subject matter jurisdiction, because appellants had failed to exhaust their administrative remedies both for their tort claims under the FTCA and for their admiralty claims, which the district court determined arose, if at all, under the Admiralty Extension Act, 46 U.S.C. app. § 740 (current version at 46 U.S.C. § 30101). Without any certification of final judgment under Federal Rule of Civil

---

[1]The district court noted that:
"The focus of plaintiffs' allegations concern the Government's alleged failure to 'ensure the competent design, construction, inspection, maintenance and operation of an entire navigable waterway system, consisting of the MRGO, the Gulf Intracoastal Waterway, the Industrial Canal, the London Avenue Canal and the Seventeenth Street Canal.' (Complaint, ¶ XII). Plaintiffs also allege that the Government failed to 'properly prepare for and respond to the needs of the People, prior to and in the aftermath of Hurricane KATRINA.'" (Complaint, ¶ XIII)."

Procedure 54(b), appellants filed this timely appeal.

## II. APPELLATE JURISDICTION

Before addressing the merits of this appeal, we must first consider whether this court has appellate jurisdiction. As noted above, this action was consolidated with numerous other cases within *In re: Katrina Canal Breaches Consolidated Litigation*. The Government argues that, because this suit is part of a consolidation and appellants failed to obtain a Rule 54(b) certification, the district court's order dismissing appellants' complaint was not a final judgment affording us appellate jurisdiction under 28 U.S.C. § 1291. The Government stresses that there are numerous proceedings still pending before the district court in this consolidated action, a number of which were filed by the same appellants now before this court. Therefore, the Government contends that the district court's order of dismissal was interlocutory and we have no jurisdiction.

Except in limited circumstances, this court may only exercise appellate jurisdiction over the final judgments of district courts.[2] *See* 28 U.S.C. §§ 1291–1292. In order to be final, a judgment "must adjudicate the rights and liabilities of all parties properly before the court." *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997). However, where there are multiple parties or claims in a single suit, upon request the district court may enter a final judgment as to certain parties or claims without deciding the entire case, thereby rendering those decisions final and appealable. FED. R. CIV. P. 54(b).

---

[2]Appellants argue in the alternative that, should this court determine that the district court's order was interlocutory and we lack jurisdiction under 28 U.S.C. § 1291, we still have jurisdiction pursuant to 28 U.S.C. § 1292(a)(3), which furnishes this court with jurisdiction over interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Because we ultimately conclude that we have jurisdiction under 28 U.S.C. § 1291, we need not and do not consider this argument.

When a suit is part of a consolidated action, whether or not a Rule 54(b) certification is required as a predicate for appeal depends largely upon the extent to which the suits are consolidated. *See Rd. Sprinkler Fitters v. Cont'l Sprinkler,* 967 F.2d 145, 149 (5th Cir. 1992).

As a general rule, suits that are consolidated merely for reasons of convenience and judicial economy retain their separate character for purposes of appeal. *In re Transtexas Gas Corp.,* 303 F.3d 571, 577 (5th Cir. 2002) (citing *Johnson v. Manhattan Ry. Co.,* 53 S.Ct. 721, 727–28 (1933)).  However, if the suits have essentially merged so as to become a single action, this court will deny appellate jurisdiction in the absence of a Rule 54(b) certification. *E.g., Rd. Sprinkler,* 967 F.2d at 149–50; *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir. 1982)).  In determining whether a Rule 54(b) certification is necessary, this court follows no "rigid rule," but rather "inquire[s] into the nature of and extent of consolidation intended by the court." *Rd. Sprinkler,* 967 F.2d at 149.  The seminal case in this circuit to address this issue is *Ringwald,* in which we considered "whether a post-consolidation single judgment or order that disposes of all parties and claims in one of the originally separate suits, but not the other, is governed by . . . Rule 54(b)." 675 F.2d at 770.  We held that where

> "there is a proper consolidation of causes that could have been filed
> as a single suit, and the consolidation is clearly for all purposes, the
> provisions of Rule 54(b) must be complied with notwithstanding that
> the judgment or order in question disposes of all the claims and
> parties in one of the original actions."

*Id.* at 771.

In this particular suit, the district court dismissed all claims against the

4

only defendant, the United States.[3]  The fact that this action was incorporated into *In re: Katrina Canal Breaches Consolidated Litigation* does not render the district court's judgment interlocutory.  That consolidation encompasses dozens of suits filed by literally thousands of plaintiffs.  As a practical matter, it is highly unlikely that all of those actions could have originally been filed as a single suit.  *See id.*  Moreover, it is clear from the district court's various consolidation orders that these suits were clearly *not* consolidated "for all purposes."  *See id.*  Rather, the cases were consolidated solely for purposes of convenience and judicial economy due to the vast number of related cases filed in the Eastern District of Louisiana following Katrina.[4]

Therefore, we find that the district court's judgment was final, and it was unnecessary for appellants to obtain a Rule 54(b) certification in order for this court to exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

### III.  STANDARD OF REVIEW

We review *de novo* a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, applying the same

---

[3]This key fact distinguishes this case from *O'Dwyer, et al. v. United States, et al.*, in which we refused to exercise appellate jurisdiction under 28 U.S.C. § 1291. *See* 277 F. App'x 512, 514 (5th Cir. May 9, 2008) (unpublished).  In that case, the same appellants now before this court brought similar claims against the United States *and* various private parties. *See id.*  The district court dismissed the claims against the United States, but not those brought against the other defendants. *Id.*  On appeal, we determined that the district court's judgment was not final and that we lacked appellate jurisdiction, because there remained numerous claims against the other defendants still pending in the district court. *Id.*  In contrast, here the United States is the *sole* defendant, and there are no outstanding claims remaining in the district court.

[4]We also note that, on at least two occasions, this court has exercised appellate jurisdiction over other suits arising from within *In re: Katrina Canal Breaches Consolidated Litigation*, despite the apparent lack of a Rule 54(b) certification. *See, e.g., In re Katrina Canal Breaches Litigation*, 2009 WL 1162552 (5th Cir. Apr. 30, 2009); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007).

standards as the district court. *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). The party asserting jurisdiction has the burden to prove that jurisdiction is proper when challenging a Rule 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## IV. DISCUSSION

Appellants claim that the district court erred when it dismissed (without prejudice) both their FTCA and their admiralty claims for lack of subject matter jurisdiction. We address each of those arguments in turn.

*A. Federal tort claims*

The FTCA waives sovereign immunity for federal tort claims brought against the United States. 28 U.S.C. § 2674. A district court has no jurisdiction to consider FTCA claims unless the claimant has exhausted his administrative remedies with the appropriate federal agency prior to filing suit. *Id*. § 2675(a); *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981). Here, appellants readily admit that they have not exhausted their administrative remedies, but they argue that they should not be required to do so because those efforts would be futile. We decline this invitation to circumvent the jurisdictional limitations established by Congress when it chose to subject the United States to tort liability under the FTCA. As the Supreme Court has stated in response to a similar argument, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 121 S.Ct. 1819, 1825 n.6 (2001). Thus, the district court did not err in dismissing appellants' federal tort claims for lack of jurisdiction.

*B. Admiralty Claims*

Respecting the asserted admiralty claims, the district court stated:

"Plaintiffs also contend that this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331(1) and pursuant to the Suits in

6

Admiralty Act (46 U.S.C. § 741, *et seq.*) ('SAA'). However, because all the damages alleged by plaintiffs occurred on land, in order to pursue such a claim, a litigant must file an administrative claim under the Admiralty Extension Act, 46 U.S.C. App. § 740 ('AEA').

The AEA provides in pertinent part:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: *Provided*, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948, and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: *Provided further*, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage.

46 App. U.S.C. § 740.

The AEA clearly provides that when a suit is brought pursuant to SAA and the resulting damage occurs on land, no suit **shall be filed** against the United States until six months after the filing of an administrative claim which has been presented in writing to the appropriate federal agency. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340 (5th Cir. 1992). Thus, the Motion to Dismiss is meritorious in this respect as well."

7

We agree.

The district courts are vested with original jurisdiction over suits arising in admiralty. 28 U.S.C. § 1333(1). Traditionally, a tort must have occurred on navigable waters to be actionable in admiralty. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 115 S.Ct. 1043, 1047 (1995). Based on that general rule, the Suits in Admiralty Act (SAA) waives sovereign immunity for the United States in admiralty cases arising from injuries occurring on navigable waters. 46 U.S.C. app. § 742. However, with the passage of the Admiralty Extension Act (AEA) in 1948, Congress extended admiralty jurisdiction, and the United States' waiver of sovereign immunity, to suits involving injuries on land caused by a vessel on navigable waters. *Id.* at 1047–48; *see also* 46 U.S.C. app. § 740.

Here, appellants expressly disclaim any reliance on the AEA.[5] Thus, if we are to find admiralty jurisdiction at all, it must be under the SAA, unaided by the AEA. A tort is deemed to have occurred "where the alleged wrong took effect rather than to the locus of the allegedly tortious conduct." *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 456 (5th Cir. 1999). Because the complained-of injuries in this case occurred on land, admiralty jurisdiction cannot attach under the SAA, unaided by the AEA. Therefore, the district court did not err in dismissing appellants' admiralty claims for lack of subject matter jurisdiction because they had not filed administrative claims as required by the AEA. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991).

## V. CONCLUSION

---

[5]For example, appellants expressly assert in their brief, *inter alia*, that "the Admiralty Extension Act is inapplicable to appellants' claims against the Government" and "nowhere in appellants' pleadings, as supplemented and amended, is the Admiralty Extension Act mentioned in any way, shape or form." Thus, we need not determine whether any proximate causation by one or more vessels on navigable waters is alleged.

We conclude that, despite the fact that this suit is part of a consolidated action with numerous ongoing proceedings in district court, the dismissal of appellants' claims was a final judgment affording this court appellate jurisdiction pursuant to 28 U.S.C. § 1291. We also hold that, as appellants did not exhaust their administrative remedies as required under the FTCA, the district court correctly determined that it lacked jurisdiction to consider appellants' federal tort claims. Finally, because appellants' injuries did not take effect on navigable waters but rather all on land, and because they did not file administrative claims against the United States under the AEA and disclaim jurisdiction thereunder, we find that appellants have failed to establish admiralty jurisdiction under the SAA. Therefore, the district court's judgment dismissing appellants' claims for lack of subject matter jurisdiction is

AFFIRMED.