Settlement. The Escrow Agent shall, without need for further Court order, distribute to St. Paul Fire and Marine Insurance Company such amounts as demanded within ten (10) days of written demand by St. Paul Fire and Marine Insurance Company, and the Escrow Agreement, the Preliminary Approval Order and the Final Approval Order and Judgment shall so provide. Notice of each such demand for payment shall be contemporaneously provided by St. Paul Fire and Marine Insurance Company to Class Counsel pursuant to Section V(11) below, and to the Special Master and CADA. Neither the filing nor pendency of any objection to the demand for disbursement shall serve as a basis to preclude the disbursement.

13.    Subject to the occurrence of the Effective Date of Class Settlement, the Parties agree, subject to the Court's approval, to the selection and appointment of a Special Master to serve upon and after the Effective Date of Class Settlement. The Parties agree to recommend to the Court one or more Persons for the role of Special Master, and further agree that any Person(s) so recommended must be mutually acceptable to Plaintiffs and the Settling Defendants each in their sole and absolute discretion. Subject to the Court's approval, the Special Master shall have the authority after the Effective Date of Class Settlement to contract with others and/or retain such Persons as may be necessary to carry out the Special Master's responsibilities. The Special Master's duties and responsibilities shall include but are not limited to the study and recommendation to the Court of the proper and best disposition and/or protocol for the disposition of the remaining Escrowed Funds. At all times, the Special Master shall carry out his/her responsibilities in as economical and effective manner as possible. Except as provided in Sections III(12)(a) and (b), the Special Master must obtain Court Approval for any requested payment from the remaining Escrowed Funds. Notwithstanding the foregoing or any other provision of this Class Settlement Agreement or of any other document, the Special Master shall

not be entitled to any compensation payment from, and shall have no rights in, the Escrowed Funds unless there is the occurrence of the Effective Date of Class Settlement. Subject to the foregoing, after the Effective Date of Class Settlement the Special Master shall be paid in accordance with a proposed budget submitted in advance and approved by Class Counsel, and approved by the Court.

14.     The Parties agree to the selection and appointment of Daniel H. Clavier, Jr., CPA, Bourgeouis Bennett, 111 Veterans Blvd. 17th Floor, New Orleans, LA 70005, Phone: (504) 831-4949; Fax: (504) 833-9093, to serve subject to the Court's approval as the CADA; provided however, that if he/she shall be unable to serve for any reason, any other Person to be appointed as CADA shall be mutually acceptable to Plaintiffs and the Settling Defendants each in their sole and absolute discretion. The CADA's duties include but are not limited to the payment of amounts from the Escrowed Funds prior to the Effective Date of Class Settlement as limited by the terms of this Agreement (including specifically Sections 12(a) and 12(b) above), and after the Effective Date of Class Settlement assisting the Special Master in the administration and disposition of the remaining Escrowed Funds, or as so ordered by the Court. Except as provided in Sections III(12)(a) and (b) and VI(2), the CADA must obtain Court approval for any requested payment from the Escrowed Funds. Subject to the foregoing, the CADA shall be paid in accordance with a proposed budget submitted in advance and (a) approved (i) by Class Counsel and by counsel for St. Paul Fire and Marine Insurance Company (to the extent that the work is to be, or may be, undertaken prior to the Effective Date of Class Settlement) and (ii) by Class Counsel (to the extent that the work is to be undertaken after the Effective Date of Class Settlement), and (b) approved by the Court.

NO.99960878.1

15.     Subject expressly to the limitations set forth in this Agreement, Notice Costs, Special Master fees and costs, Escrow Agent costs and fees, CADA fees and costs, the fees and costs of any Person retained by the Special Master or CADA, and other costs, fees and expenses incurred in the implementation of this Class Settlement Agreement (including but not limited to the costs and fees of all experts of the Parties up to an amount to be agreed to by the Settling Defendants in their sole and absolute discretion) and the disposition of the Escrowed Funds may be paid from the Escrowed Funds.

16.     Class Counsel and counsel of any Class Member shall have the right to seek an award from the Escrowed Funds for fees, costs and expenses (including any enhancement of costs and expenses as may be awarded by the Court) and shall have the right to make an application to the Court for same; provided however, that such request(s) may be made only after the occurrence of the Effective Date of Class Settlement.  Class Counsel agree to recommend to the Court that no attorney's fees should be awarded from the Escrowed Funds, and shall oppose any such request(s).

17.     Notwithstanding any other provision of this Class Settlement Agreement or of any other document, the Settling Defendants shall not be liable for, and shall have no responsibility for payment of, any Class Counsel's attorney's fees, costs and expenses, Class Member's attorney's fees, costs and expenses, Special Master fees and costs, CADA fees and costs, court costs, Notice Costs, the fees and costs of any Person retained by the Special Master or CADA, and/or other costs and fees associated with the Litigation, the approval and/or implementation of this Class Settlement Agreement, the administration of Claims, and/or the disposition of the Escrowed Funds.  Notwithstanding any provision of this Agreement or of any other document,

- 29 -

the Settling Defendants shall have no obligation to pay any amount beyond the Insurance Policy Limits and Judicial Interest.

18.     Until the Effective Date of Class Settlement, no funds in the Escrow Account shall be used or disbursed other than to pay certain fees, costs and expenses as provided in this Class Settlement Agreement.  It is hereby stipulated and agreed that, prior to the Effective Date of Class Settlement, (i) St. Paul Fire and Marine Insurance Company has, and shall retain, exclusive right, title and interest, both legal and equitable, in and to the Escrowed Funds (including without limitation the Insurance Policy Limits, the Judicial Interest and all Accrued Interest), and (ii) no other Person (including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the Special Master, the CADA, Class Counsel and Class Members) shall have any right, title or interest, whether legal or equitable, in or to said Escrowed Funds; provided however, that this provision shall not prevent the payment of Notice Costs and amounts that may be paid to the CADA, the Escrow Agent and/or St. Paul Fire and Marine Insurance Company prior to the Effective Date of Class Settlement from the Escrowed Funds pursuant to Sections III(12)(a) and/or  III(12)(b) above.  Further, the Escrow Agent may be granted a lien on the Escrowed Funds solely to secure amounts owed to the Escrow Agent under the Escrow Agreement.

19.     The Litigation shall be maintained as a non-opt-out, mandatory class action pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure.   Any change in class treatment by Court order or otherwise that entails providing opt-out rights to Class Members in connection with this class settlement shall be deemed a material modification of the Class Settlement Agreement such that any Settling Defendant, in its sole and absolute discretion, may elect to treat the modification as a Class Termination Event pursuant to Section VI(1).

- 30 -

20.     Upon the Effective Date of Class Settlement: (a) except as otherwise provided herein, the remaining Escrowed Funds shall vest in and to the benefit of the Settlement Class; (b) except as otherwise provided herein, the interests of the Released Parties in the remaining Escrowed Funds shall cease; (c) the Released Parties shall no longer have any responsibilities or obligations with respect to the remaining Escrowed Funds or the disposition thereof; (d) the Released Parties shall have no further obligations to the Settlement Class or the Class Members, and (e) Class Counsel shall execute and file in the Litigation a satisfaction of judgment with the Clerk of Court, in form and content satisfactory to the Settling Defendants in their sole and absolute discretion.

## IV.     RELEASES, INDEMNITY, AND JURISDICTION OF COURT

1.     As of the Effective Date of Class Settlement, all Class Members, and anyone claiming through or on behalf of any of them, fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against the Released Parties.

2.     As of the Effective Date of Class Settlement, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims released by this Class Settlement Agreement.

3.     The execution of this Class Settlement Agreement shall not be construed as a release of any Claims the Class Members may have against Third Persons, including but not limited to National Union, which are expressly reserved.  All Class Members reserve all Claims (including but not limited to any and all rights and causes of action no matter how arising under any ordinance, code, law, statute, federal or state, pending or dismissed, known or unknown) against any and all Third Persons named or who or which could have been named in the Pending

- 31 -

Actions, including but not limited to the Barge Consolidated Class Action, the Levee Consolidated Class Action, and the MR-GO Consolidated Class Action.

4.      The Parties agree that the Settlement Class and each of the Class Members shall reduce or satisfy any judgment it or they may obtain against a Third Person, including but not limited to National Union, to the extent necessary to extinguish any Claims for Contribution, Indemnity, and/or Subrogation, whether arising under tort, contract or otherwise, by such Third Person against the Released Parties.  It is the intent of the Parties that the Released Parties shall have no further liability in connection with the Released Claims.

5.      It is expressly understood and agreed that the judgment reduction obligations detailed above shall exist regardless of the legal basis for the claim, demand, cause of action, right of action, liability, lien, or judgment demand asserted by any Person to the extent related to the Released Claims against any Released Party.  In particular, the Class Members expressly bind themselves to the foregoing judgment reduction obligations regardless of whether the claim, demand, suit, liability, lien, judgment, cause of action, or right of action is based on or related to (a) the negligence of any of the Released Parties, sole or concurrent; (b) the strict liability of any of the Released Parties under any theory whatsoever; (c) the absolute liability of any of the Released Parties; (d) the wanton, reckless, or willful misconduct of any of the Released Parties; (e) any actual, alleged or purported right, asserted by any Settling Defendant or any Class Member under a policy of insurance issued by St. Paul; or (f) any other basis whatsoever.

6.      As of the Effective Date of Class Settlement, the Levee Defendants, and/or any Person who or which derives any right or Claims from or through the Levee Defendants, hereby (i) release any Claims whatsoever against St. Paul, including, but not limited to, all Claims for liability, indemnity, "duty to defend," and/or bad faith refusal to settle, under Louisiana law or

- 32 -

any other law (including common law) arising out of, or related in any way to, the Levee

Failures, the Released Claims, the Litigation, or the other Pending Actions (including but not

limited to the MR-GO Consolidated Class Action, Barge Consolidated Class Action, and Levee

Consolidated Class Action) and/or which could have been asserted therein, and/or any and all

past, present, and/or future Claims arising out of or related to indemnity, "duty to defend,"

claims handling, claims adjustment, breach of contract, breach of duty or duties, negligent

inspection, negligent engineering, breach of warranty of uniformity, failure to warn, breach of

implied warranty of fitness for an intended purpose, breach of good faith and fair dealing, bad

faith, interference with contractual relationships, deceptive trade practices, unfair trade practices,

unfair settlement practices, Claims under LSA-R.S. 22:1220, LSA-R.S. 22:655, LSA-R.S.

22:658, conduct in violation of any insurance code, or any other alleged misconduct, omission,

or wrongdoing of any kind, arising out of the Levee Failures, the Released Claims, the

Litigation, or the other Pending Actions (including but not limited to the MR-GO Consolidated

Class Action, Barge Consolidated Class Action, and Levee Consolidated Class Action) and (ii)

agree and stipulate (a) that the aggregate policy limits under the Limited Fund Policies,

individually and collectively, have been exhausted, and (b) that St. Paul has no further duty to

defend and/or indemnify any Person or Persons under the Limited Fund Policies, individually

and/or collectively.

      7.      Notwithstanding any other provision of this Class Settlement Agreement, the

Court shall retain continuing jurisdiction over the Litigation, the Class, the Class Members, and

the Class Settlement Agreement for the purposes of administering, supervising, construing and

enforcing same, and also continuing and exclusive jurisdiction over the Class Settlement Funds

and the distribution of same to Class Members.

NO.99960878.1

## V.  ADDITIONAL PROVISIONS

1.    The Parties specifically acknowledge, agree and admit that this Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Louisiana Code of Evidence article 408, Federal Rules of Evidence article 408, and any equivalent rule of evidence of any state, and shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any Claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the Pending Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Settling Defendants, or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue. The Parties also agree that this Agreement, any orders, pleadings or other documents entered in furtherance of this Agreement, and any acts in the performance of this Agreement are not intended to be, nor shall they in fact be, admissible, discoverable or relevant in any case or other proceeding against all and/or any Settling Defendants to establish grounds for certification of any class involving any Class Member, against St. Paul to prove either the acceptance by any Party hereto of any particular theory of coverage, or as evidence of any obligation that any Party hereto has or may have to anyone.  The provisions of this Class Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Agreement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after contradictory hearing upon application of a Party hereto, (iii) in order to establish payment, an affirmative defense or exception in a subsequent case, including *res judicata*, (iv) in connection with any motion to enjoin or stay any of the Pending Actions, or (v) to obtain Court approval of the Class Settlement Agreement.

2.    The terms and conditions of the Class Settlement Agreement shall bind and inure to the benefit of the predecessors, successors, heirs, legatees, and assigns of all Parties.

3.    Unless and until this Agreement is terminated, Plaintiffs, Settling Defendants and Class Counsel each agree to cooperate in taking all steps necessary to obtain stays, and/or injunctions of all Claims as to the Settling Defendants, and extensions of any delays or deadlines for filing or serving pleadings, memoranda, or discovery, in the Pending Actions.

4.    Approval of the form and substance of the documents, pleadings, and orders described in this Class Settlement Agreement shall be conclusively evidenced by written approval by Class Counsel and counsel for the Settling Defendants, on behalf of their respective clients.

5.    The waiver by a Party of any term, condition, covenant, or breach of the Class Settlement Agreement shall not be deemed to be a continuing waiver of same.

6.    The foregoing constitutes the entire agreement among the Parties and may not be modified, amended or waived except in writing duly executed by Class Counsel and counsel for the Settling Defendants. No prior draft of this Agreement, nor any negotiations or proceedings in pursuance of this Agreement, nor any other parol evidence, shall be offered or received as evidence concerning the interpretation or construction of this Agreement, except as provided by Louisiana law.

7.    Prior to the Final Approval Order and Judgment becoming a Final Judgment, this Class Settlement Agreement may, with approval of the Court, be modified by written agreement of counsel for the Settling Defendants and Class Counsel in their discretion without giving any additional notice to the Class (other than the notice given with respect to the settlement, the Certification Hearing and the Fairness Hearing), provided that such modifications are not

materially adverse to the Class. Such modifications without additional notice may include the adjustment in the amount of the Escrowed Funds that does not reduce the amount of the Escrowed Funds (*e.g.*, a correcting increase in the calculation of Judicial Interest), modification or exclusion of certain costs, fees and/or expenses to be paid from the Escrowed Funds and the determination of, and/or modifications to, the process to be approved by the Court for disposition of the Escrowed Funds.

8.      To the extent that Class Members desire to be notified regarding any additional changes as described in paragraph 7 immediately above, the recommendations of the Special Master as described in paragraph III(12)(a) above, or otherwise after the initial notice of the settlement, the Certification Hearing, and the Fairness Hearing, said Class Members must file with the Clerk of Court in the Litigation a request for notice, or send such a request in writing to Class Counsel, who shall maintain a list of all such requests that are received. Class Members who have and who provide an e-mail address agree to electronic notification. The provisions of this section advising Class Members of this requirement shall be included and emphasized in the initial notice to Class Members regarding the settlement, the Certification Hearing and the Fairness Hearing.

9.      Subsequent to the Final Approval Order and Judgment becoming a Final Judgment, this Class Settlement Agreement may, with approval of the Court, be modified by written agreement of counsel for the Settling Defendants and Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Class Settlement Agreement.

10.      This Class Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana.

- 36 -

NO.99960878.1

11.   Notices of withdrawal from this Class Settlement Agreement as per the provisions of Section VI shall be in writing and forwarded by facsimile or by Federal Express or similar services providing proof of immediate or overnight delivery to the following:

Joseph M. Bruno
LAW OFFICES OF JOSEPH M. BRUNO
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

ON BEHALF OF CLASS COUNSEL,
AND AS LIAISON COUNSEL FOR
LEVEE AND MR-GO-PLAINTIFF
SUBGROUP LITIGATION COMMITTEES


Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800

Telephone: (504) 522-2304
Facsimile: (504) 528-9973

LIAISON COUNSEL FOR LEVEE-PLAINTIFF
SUBGROUP LITIGATION COMMITTEE


James P. Roy
Domengeaux Wright Roy & Edwards
556 Jefferson Street
Lafayette, LA 70502

Telephone: (337) 593-4190
Facsimile: (337) 233-2796

LIAISON COUNSEL FOR MR-GO-PLAINTIFF
SUBGROUP LITIGATION COMMITTEE


Thomas P. Anzelmo
MCCRANIE, SISTRUNK, ANZELMO, HARDY,

- 37 -

MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE ORLEANS
LEVEE DISTRICT AND THE ORLEANS LEVEE DISTRICT


Gary M. Zwain
DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.:  (504) 832-3700
Facsimile No.:  (504) 837-3119

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, THE EAST JEFFERSON LEVEE DISTRICT, THE
BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE
DISTRICT AND THE LAKE BORGNE BASIN LEVEE DISTRICT


Ralph F. Hubbard III
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone:  (504) 568-1990
Telecopier:  (504) 310-9195

and

S. Ault Hootsell III
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans,  LA  70130-6534
Telephone:  (504) 566-1311
Telecopier:  (504) 568-9130

ATTORNEYS FOR ST. PAUL FIRE AND MARINE INSURANCE COMPANY

NO.99960878.1

12.     The headings of each section and paragraph of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

13.     This Agreement has been negotiated at arm's length, with the participation of the Parties.  In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no one shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

14.     Nothing in the negotiation or execution of this Agreement or in the performance of this Agreement according to its terms shall be deemed to be or cited as an act of bad faith, basis for extra contractual liability, or as a violation of any statute, regulation or duty owed by any Party to another Party.

15.     This Agreement may be executed in multiple originals and shall become effective on the date each of the said originals has been signed by all of the Parties.  Due to the importance of time and the distance separating the Parties, it is expressly agreed that copies of the executed signature pages may be sent by telefax between the Parties and that these telefaxed signatures, when received, shall be effective as original signatures for any and all purposes.  Once executed, multiple originals of the Agreement signed by all Parties shall be delivered thereafter by mail or otherwise to the Parties after the telefaxed signatures have been received.

## VI.     TERMINATION OF THIS CLASS SETTLEMENT AGREEMENT

1.     Each Party shall have the right to withdraw from this Class Settlement Agreement at any time before the Effective Date of Class Settlement in their sole and absolute discretion upon giving written notice of withdrawal in accordance with Section V(11) above:

- 39 -

a.  If the Court does not preliminarily certify the Settlement Class and preliminarily approve the settlement; or

b.  If the Court, after the Certification and Fairness Hearings, denies certification of the Settlement Class or denies approval of the settlement; provided however, that if the basis for such denial(s) (i) may be addressed through modification(s) of the Class Settlement Agreement which can be presented again to the Court without the need for additional notice to the Class and (ii) each Settling Defendant agrees to such modification(s) in writing on or before the seventh (7th) business day of receiving a notice of withdrawal by the Plaintiffs under this section, then such notice shall be deemed rescinded and Plaintiffs hereby agree to such modifications and to present same jointly to the Court with the Settling Defendants; or

c.  If the Court's order(s) or judgment(s) certifying the Settlement Class and approving the settlement are reversed on appeal; provided however, that such reversal(s) (i) may be addressed through modification(s) of the Class Settlement Agreement which can be presented again to the Court without the need for additional notice to the Class and (ii) each Settling Defendant agrees to such modification(s) in writing on or before the seventh (7th) business day of receiving a notice of withdrawal by the Plaintiffs under this section, then such notice shall be deemed rescinded and Plaintiffs hereby agree to such modifications and to present same jointly to the Court with the Settling Defendants; or

d.  If this Class Settlement Agreement is modified other than pursuant to Section V(7) above; or

e.  If Class Counsel and counsel for all Settling Defendants mutually agree to the termination of this Agreement; or

f.  As otherwise provided in this Class Settlement Agreement.

Notwithstanding any provision to the contrary herein, St. Paul Fire and Marine Insurance Company shall additionally have the right to withdraw from this Class Settlement Agreement at any time before the Effective Date of Class Settlement in its sole and absolute discretion upon giving written notice of withdrawal in accordance with Section V(11) above:

a.  If the Notice Costs are not acceptable to St. Paul Fire and Marine Insurance Company in its sole and absolute discretion; or

b.  If the Court does not prior to, or contemporaneously with, the preliminary certification of the Settlement Class and preliminary approval of the settlement by the Court, stay (including discovery) all Claims as to the

- 40 -

Released Parties in the Pending Actions, or such stay once entered is subsequently vacated or modified in any way; or

c.      If, after the Certification and Fairness Hearings, the Court does not prior to, or contemporaneously with, the entry of the order(s) or judgment(s) certifying the Settlement Class and approving the settlement by the Court, stay (including discovery) all Claims as to the Released Parties in the Pending Actions, and enjoin all Class Members (and all persons claiming by, through or on behalf of a Class Member) from pursuing any Released Claims against the Released Parties, or such stay of the Pending Actions and/or injunction against the pursuit of Released Claims once entered is subsequently vacated or modified in any way; or

d.      If there is a judicial determination either (i) that there exists insurance coverage that is available to the Class under Levee Defendant insurance policies other than the Limited Fund Policies and/or the National Union Policy, or (ii) that the coverage available under the Limited Fund Policies exceeds the Insurance Policy Limits ($17,000,000.00).

2.      The term "Class Settlement Termination Event" shall mean the failure of a notice of withdrawal pursuant to Section V(11) above to be rescinded in writing by the Party(s) that gave such notice, on or before the seventh (7th) business day after the giving of the notice. Notwithstanding any other provision of the Class Settlement Agreement (or of any other document), on the occurrence of a Class Settlement Termination Event, all remaining Escrowed Funds (that is, the Insurance Policy Limits and Judicial Interest deposited pursuant to Section III(4) above, plus all Accrued Interest, less any amounts paid therefrom in accordance with the terms of this Agreement prior to the receipt by the Escrow Agent of St. Paul Fire and Marine Insurance Company's notice of withdrawal from the Escrow Agreement) less only any then outstanding amounts owed to the Escrow Agent, shall be immediately released from the Escrow Account (and from each sub-account therein) to St. Paul Fire and Marine Insurance Company free and clear of any Claims or alleged rights thereto of any other Persons, including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the Special Master, the CADA, Class Counsel and Class Members.  Neither the filing nor pendency of any objection to

- 41 -

NO.99960878.1

the release of the Escrowed Funds to St. Paul Fire and Marine Insurance Company shall serve as a basis to preclude the release. After the release from the Escrow Account to St. Paul Fire and Marine Insurance Company of all remaining Escrowed Funds free and clear of any Claims or alleged rights thereto of any other Persons, the Amended Complaint shall without further order of the Court be vacated without prejudice pursuant to the Preliminary Approval Order, and this Class Settlement Agreement shall thereafter terminate and be null and void for all purposes, and of no further force and effect, with all Parties having the same rights, claims and defenses as if this Class Settlement Agreement were never executed; provided however, that, notwithstanding the foregoing, Sections III(4)(b), V(1) above and this Section VI(2) shall survive termination of this Class Settlement Agreement.

3.     Notwithstanding any other provision of the Class Settlement Agreement (or of any other document), if this Class Settlement Agreement is terminated, (a) the Agreement shall have no effect on the rights of the Parties or the Class Members (i) to take action in support of or in opposition to class certification in the Pending Actions, or any other action; or (ii) to prosecute or defend the Pending Actions, or any other action and (b) subject expressly to the reservation and preservation of rights and defenses in favor of the Settling Defendants contained in this Class Settlement Agreement, the Parties and all Class Members shall be restored to their respective *status quo ante* immediately prior to the date the Parties sign this Agreement. In such event, the Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

NO.99960878.1

4.      Upon the occurrence of a Class Termination Event, notice of same shall be filed into the record in the Litigation.

## VII.   REPRESENTATIONS AND WARRANTIES

1.      Each Party and their counsel represent and warrant that he or she agrees to assist in causing all conditions precedent to the Effective Date of Class Settlement to occur.

2.      Each named Plaintiff represents and warrants that he/she/it has not assigned or transferred his/her/its interest in the Litigation and/or his/her/its Claims which are the subject of this Class Settlement Agreement, in whole or in part, and each named Plaintiff hereby agrees that if anyone should hereafter commence, join in or in any manner seek relief through any suit or Claim arising out of, based upon or relating to any interest or Claim, or portion thereof, assigned or transferred by said Plaintiff, then said Plaintiff, shall defend, indemnify and hold the Released Parties harmless from and against any such suit or Claim.

3.      Each of the signatories to this Agreement warrants he/she is authorized and empowered to execute this Agreement.

4.      Each named Plaintiff acknowledges that he or she has been represented by counsel of his or her own choosing in connection with the Litigation and the negotiation and execution of this Class Settlement Agreement and that he or she has had a reasonable and sufficient opportunity to consult with counsel to the extent that he or she desires before executing this Class Settlement Agreement.

- 43 -

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be duly executed and delivered in its name and on its behalf as of the dates set forth below.

INDIVIDUAL PLAINTIFFS

Dated: _7-31-09_                    _Donna M. Augustine_
                                    Name:

Dated: _____             _Thurman Richard Kaiser_
                                    Name:

Dated: _____             _____
                                    Name:


LAW OFFICES OF JOSEPH M. BRUNO

Dated: _____             By:_____
                                        Joseph M. Bruno
                                        855 Baronne Street
                                        New Orleans, Louisiana  70113
                                        Telephone:  (504) 525-1335
                                        Telecopier:  (504) 561-6775

                                    ON BEHALF OF CLASS COUNSEL, AND AS
                                    LIAISON COUNSEL FOR LEVEE AND MR-GO-
                                    PLAINTIFF SUBGROUP LITIGATION
                                    COMMITTEES

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be duly executed and delivered in its name and on its behalf as of the dates set forth below.

INDIVIDUAL PLAINTIFFS

Dated: _____        Name: _____

Dated: 8-20-9                   _____
                                Name:

Dated: 8-13-2009                _____
                                Name:

LAW OFFICES OF JOSEPH M. BRUNO

Dated: _____        By:_____
                                   Joseph M. Bruno
                                   855 Baronne Street
                                   New Orleans, Louisiana  70113
                                   Telephone:  (504) 525-1335
                                   Telecopier:  (504) 561-6775

                                ON BEHALF OF CLASS COUNSEL, AND AS
                                LIAISON COUNSEL FOR LEVEE AND MR-GO-
                                PLAINTIFF SUBGROUP LITIGATION
                                COMMITTEES

- 44 -

Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.

Dated: _____     By: _____
                                   Gerald E. Meunier
                                   2800 Energy Centre
                                   1100 Poydras Street
                                   New Orleans, Louisiana 70163-2800

                                   Telephone: (504) 522-2304
                                   Facsimile: (504) 528-9973


                               LIAISON COUNSEL FOR LEVEE-PLAINTIFF
                               SUBGROUP LITIGATION COMMITTEE

                               Domengeaux Wright Roy & Edwards

Dated: _____     By: _____
                                   James P. Roy
                                   556 Jefferson Street
                                   Lafayette, LA 70502

                                   Telephone: (337) 593-4190
                                   Facsimile: (337) 233-2796

                               LIAISON COUNSEL FOR MR-GO-PLAINTIFF
                               SUBGROUP LITIGATION COMMITTEE


                               MCCRANIE, SISTRUNK, ANZELMO, HARDY,
                               MAXWELL & MCDANIEL

Dated: _____     BY: _____
                                   Thomas P. Anzelmo
                                   3445 N. Causeway Boulevard, Suite 800
                                   Metairie, Louisiana 70002
                                   Telephone: (504) 831-0946
                                   Facsimile: (504) 831-2492

                               ATTORNEYS FOR THE BOARD OF
                               COMMISSIONERS FOR THE ORLEANS LEVEE
                               DISTRICT AND THE ORLEANS LEVEE
                               DISTRICT


- 45 -

Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.

Dated: _____        By:_____
                                  Gerald E. Meunier
                                  2800 Energy Centre
                                  1100 Poydras Street
                                  New Orleans, Louisiana 70163-2800

                                  Telephone:  (504) 522-2304
                                  Facsimile:  (504) 528-9973


                              LIAISON COUNSEL FOR LEVEE-PLAINTIFF
                              SUBGROUP LITIGATION COMMITTEE

                              Domengeaux Wright Roy & Edwards

Dated: 7|21|09               By:_____
                                  James P. Roy
                                  556 Jefferson Street
                                  Lafayette, LA 70502

                                  Telephone:  (337) 593-4190
                                  Facsimile:  (337) 233-2796

                              LIAISON COUNSEL FOR MR-GO-PLAINTIFF
                              SUBGROUP LITIGATION COMMITTEE


                              MCCRANIE, SISTRUNK, ANZELMO, HARDY,
                              MAXWELL & MCDANIEL

Dated: _____        BY:_____
                                  Thomas P. Anzelmo
                                  3445 N. Causeway Boulevard, Suite 800
                                  Metairie, Louisiana  70002
                                  Telephone:  (504) 831-0946
                                  Facsimile:  (504) 831-2492


                              ATTORNEYS FOR THE BOARD OF
                              COMMISSIONERS FOR THE ORLEANS LEVEE
                              DISTRICT AND THE ORLEANS LEVEE
                              DISTRICT

- 45 -

Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.

Dated: _____     By:_____
                                          Gerald E. Meunier
                                          2800 Energy Centre
                                          1100 Poydras Street
                                          New Orleans, Louisiana 70163-2800

                                          Telephone:  (504) 522-2304
                                          Facsimile:  (504) 528-9973


                                   LIAISON COUNSEL FOR LEVEE-PLAINTIFF
                                   SUBGROUP LITIGATION COMMITTEE

                                   Domengeaux Wright Roy & Edwards

Dated: _____     By:_____
                                          James P. Roy
                                          556 Jefferson Street
                                          Lafayette, LA 70502

                                          Telephone:  (337) 593-4190
                                          Facsimile:  (337) 233-2796

                                   LIAISON COUNSEL FOR MR-GO-PLAINTIFF
                                   SUBGROUP LITIGATION COMMITTEE


                                   MCCRANIE, SISTRUNK, ANZELMO, HARDY,
                                   MAXWELL & McDANIEL

Dated: _7/27/09_                   BY:_____
                                          Thomas P. Anzelmo
                                          3445 N. Causeway Boulevard, Suite 800
                                          Metairie, Louisiana  70002
                                          Telephone:  (504) 831-0946
                                          Facsimile:  (504) 831-2492

                                   ATTORNEYS FOR THE BOARD OF
                                   COMMISSIONERS FOR THE ORLEANS LEVEE
                                   DISTRICT AND THE ORLEANS LEVEE
                                   DISTRICT

- 45 -

NO.99960878.1

Dated: 7/20/09

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK

BY: _____

    Gary M. Zwain
    Three Lakeway Center, Suite 2900
    3838 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone No.: (504) 832-3700
    Facsimile No.: (504) 837-3119

ATTORNEYS FOR THE BOARD OF COMMISSIONERS FOR THE EAST JEFFERSON LEVEE DISTRICT, THE EAST JEFFERSON LEVEE DISTRICT, THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT, AND THE LAKE BORGNE BASIN LEVEE DISTRICT

Dated: _____

_____
Name:

Chairman of the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, acting on behalf of the Southeast Louisiana Flood Protection Authority-East, the Orleans Levee District, the East Jefferson Levee District, the Lake Borgne Basin Levee District and each of their respective Boards of Commissioners

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

Dated: _____

BY: _____

    Ralph F. Hubbard III
    601 Poydras Street, Suite 2775
    New Orleans, LA 70130
    Telephone: (504) 568-1990
    Telecopier: (504) 310-9195

- 46 -

DUPLASS, ZWAIN, BOURGEOIS, PFISTER &
WEINSTOCK

Dated: 7/30/09

BY: _____
    Gary M. Zwain
    Three Lakeway Center, Suite 2900
    3838 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone No.: (504) 832-3700
    Facsimile No.: (504) 837-3119

ATTORNEYS FOR THE BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, THE EAST
JEFFERSON LEVEE DISTRICT, THE BOARD
OF COMMISSIONERS FOR THE LAKE
BORGNE BASIN LEVEE DISTRICT, AND THE
LAKE BORGNE BASIN LEVEE DISTRICT

Dated: 8/4/09

Name: _____

Chairman of the Board of Commissioners of the
Southeast Louisiana Flood Protection Authority-
East, acting on behalf of the Southeast Louisiana
Flood Protection Authority-East, the Orleans Levee
District, the East Jefferson Levee District, the Lake
Borgne Basin Levee District and each of their
respective Boards of Commissioners

LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD

Dated: _____

BY: _____
    Ralph F. Hubbard III
    601 Poydras Street, Suite 2775
    New Orleans, LA 70130
    Telephone: (504) 568-1990
    Telecopier: (504) 310-9195

- 46 -

NO 99960878 1

DUPLASS, ZWAIN, BOURGEOIS, PFISTER &
WEINSTOCK

Dated: _____          BY:_____

          Gary M. Zwain
          Three Lakeway Center, Suite 2900
          3838 North Causeway Boulevard
          Metairie, Louisiana 70002
          Telephone No.: (504) 832-3700
          Facsimile No.: (504) 837-3119

ATTORNEYS FOR THE BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, THE EAST
JEFFERSON LEVEE DISTRICT, THE BOARD
OF COMMISSIONERS FOR THE LAKE
BORGNE BASIN LEVEE DISTRICT, AND THE
LAKE BORGNE BASIN LEVEE DISTRICT

Dated: _____          _____
          Name:

          Chairman of the Board of Commissioners of the
          Southeast Louisiana Flood Protection Authority-
          East, acting on behalf of the Southeast Louisiana
          Flood Protection Authority-East, the Orleans Levee
          District, the East Jefferson Levee District, the Lake
          Borgne Basin Levee District and each of their
          respective Boards of Commissioners

LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD

Dated: _7/30/09_          BY: _Ralph S. Hubbard III_
          Ralph S. Hubbard III
          601 Poydras Street, Suite 2775
          New Orleans, LA 70130
          Telephone: (504) 568-1990
          Telecopier: (504) 310-9195

and

PHELPS DUNBAR LLP

Dated: 7/30/09                      BY: _____
                                         S. Ault Hootsell III
                                         Canal Place
                                         365 Canal Street, Suite 2000
                                         New Orleans, LA  70130-6534
                                         Telephone:  (504) 566-1311
                                         Telecopier:  (504) 568-9130

                                    ATTORNEYS FOR ST. PAUL FIRE AND
                                    MARINE INSURANCE COMPANY

## **EXHIBITS**

Exhibit "A" -   List of Known Pending Actions

Exhibit "B" -   Form of Preliminary Approval Order

Exhibit "C" -   Form of Final Approval Order and Judgment

Exhibit "D" -   Investment Instructions

Exhibit "E" – Amended Complaint

Exhibit "F" – Joint Motion

NO.99960878.1