UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

No.: 05-4182

FILED IN: 05-4181, 05-4182, 05-4191, 05-4568,
05-5237, 05-6073, 05-6314, 05-6324,
05-6327, 05-6359, 06-0020, 06-1885,
06-0225, 06-0886, 06-11208, 06-2278,
06-2287, 06-2346, 06-2545, 06-3529,
06-4065, 06-4389, 06-4634, 06-4931,
06-5032, 06-5042, 06-5159, 06-5163,
06-5367, 06-5471, 06-5771, 06-5786,
06-5937, 06-7682, 07-0206, 07-0647,
07-0993, 07-1284, 07-1286, 07-1288,
07-1289.

PERTAINS TO: LEVEE AND MR-GO

ORDER OF PRELIMINARY CERTIFICATION OF A SETTLEMENT
CLASS, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
AND STAY OF CERTAIN CLAIMS AND ACTIONS

Except as otherwise expressly provided herein or as the context
otherwise requires, all capitalized terms used in this Preliminary
Approval Order shall have the meaning given them in the Class
Settlement Agreement.

Considering the foregoing Joint Motion for Certification of a Settlement Class, for Approval of Proposed Settlement and for the Stay of Certain Claims and Actions (the "Joint Motion") seeking conditional certification of the Settlement Class for settlement purposes only, preliminary approval of the proposed settlement of the Litigation and, in furtherance of the

NO.99915059.1



Parties' proposed settlement, the stay of certain claims and actions against the Settling Defendants, the evidence submitted in support, and the arguments and recommendations of counsel, the Court, upon preliminary review and with the express reservation to the Class of all objections that may be raised at the Certification Hearing and/or the Fairness Hearing, hereby makes the following findings of fact and/or law in support of this Preliminary Approval Order:[1]

A. The Court has, and retains, jurisdiction over the subject matter of this proceeding;

B. Venue is proper in this Court;

C. The Court finds preliminarily that the Class Settlement Agreement is the result of extensive arms-length negotiations among highly experienced counsel, with sufficient discovery and full knowledge of the risks inherent in this Litigation;

D. The Court finds preliminarily that the Class Settlement Agreement was entered into in good faith, at arms length, and without collusion;

E. The Court finds preliminarily that the Parties have made an informed decision as to the fairness and adequacy of the proposed Class Settlement Agreement;

F. The Court finds preliminarily that it has personal jurisdiction over the Parties to this proceeding, and each Class Member has minimum contacts with this forum;

G. The CADA is impartial, qualified and independent, and his retention and approval are in the best interests of the Class;

H. The form, content and manner of service of the notice required by 28 U.S.C. § 1715 on the Attorney General of the United States, which this Court finds to be the "appropriate Federal official", and the Attorney General of each State of the United States, which this Court finds to be the "appropriate State official", complies with applicable law, including specifically the requirements of 28 U.S.C. § 1715;

I. The form and content of the Class Notice, and the manner this Court has directed such Class Notice to be given to Class Members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement and all related procedures and hearings, are reasonable and reasonably calculated under all the circumstances and are sufficient, both as to form and content, to apprise interested parties of the pendency of the Litigation, the preliminary certification of the Settlement Class, the Class Settlement Agreement and its contents, the Certification Hearing, the Fairness Hearing, and Class Members'

---

[1] All findings of fact will constitute conclusions of law to the extent applicable and all conclusions of law shall constitute findings of fact to the extent applicable.

right to hire counsel, to appear in Court to have their objections heard, and to afford Class Members an opportunity to object. Such notice complies with all requirements of the federal and state laws and constitutions, including the due process clause and Federal Rule of Civil Procedure 23 and constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Class Members of the Settlement Class, as preliminarily certified and defined by this Preliminary Approval Order, and of the Certification Hearing and the Fairness Hearing;

J. The Court finds preliminarily that the requisites of Rule 23, including particularly Rule 23(a) (b)(1)(B) and (e) of the Federal Rules of Civil Procedure are satisfied as to the Class and each Subclass;

K. The Court finds preliminarily that the representatives of the Settlement Class and Class Counsel have fairly and adequately represented all Members of the Class and the Members of each subclass and protected the interests of the Settlement Class and the Members of each subclass;

L. The Court finds preliminarily that, reserving the rights of Class Members to raise objections to certification of the Settlement Class at the Certification Hearing, the certification of the Settlement Class under Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure is proper and satisfies due process;

M. The Court finds preliminarily that this case is preliminarily found to present a definable limited fund insufficient to satisfy the claims of Class Members such that prosecuting separate actions by or against individual Class Members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

N. The Court finds preliminarily that the proposed settlement is not the result of collusion or inequitable treatment of particular Class Members;

O. The Court finds preliminarily that there are no conflicts or inequities between subclasses of Class Members, nor is it necessary or required under these circumstances for the subclasses to be represented by separate counsel;

P. The Court finds that sufficient evidence has been presented to establish preliminarily and to allow the Court preliminarily to ascertain and evaluate independently the limit and insufficiency of the fund with which to satisfy the Claims of Class Members in full;

Q. The Court finds preliminarily that the totals of the aggregated Claims and the fund available to respond to these Claims in the aggregate, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all Claims;

NO.99915059.1

R. The Court finds preliminarily that it would not be fair, reasonable or in the best interests of the Class to allow the available fund to be diminished by the payment of certain Claims, to the detriment of other Claims;

S. The Court finds preliminarily that the whole of the fund is devoted to the Claims (less only necessary fees and expenses). The Court notes that Class Counsel have expressly agreed as part of the Class Settlement Agreement to recommend to the Court that no attorney's fees should be awarded from the Escrowed Funds, and that they shall oppose any such request(s);

T. The Court finds preliminarily that the claimants identified by a common theory of recovery are treated equitably among themselves; and

U. The Class Settlement Agreement is within the range of judicial approval and, reserving the rights of Class Members to raise objections to approval of the settlement at the Fairness Hearing, is preliminarily found to be fair, reasonable and adequate and in the best interests of the Class Members and the Settlement Class.

The rights of Class Members to raise objections for consideration *de novo* to certification of the Settlement Class, approval of the Class Settlement Agreement, and related issues at the Certification/Approval Hearings are expressly reserved.

Further, at this juncture the Court is exercising its discretion and preliminarily certifying the Settlement Class for settlement purposes only and has not determined whether the Litigation could properly be maintained as a class action on behalf of the Settlement Class for purposes of trial. The Court recognizes that the Settling Defendants have reserved all their defenses and objections and rights to oppose certification of a class if the Settlement Class is not certified at the Certification Hearing, the proposed settlement is not finally approved by the Court following the Fairness Hearing, and/or if the Class Settlement Agreement is terminated for any reason.

Accordingly:

IT IS ORDERED that:

1. The request in the Joint Motion for entry of the Preliminary Approval Order is granted, and Class Counsel are hereby authorized to file the Amended Complaint.

2.  With the express reservation to the Class of all objections to certification of the Settlement Class and approval of the Class Settlement Agreement, the following Settlement Class is preliminarily certified for settlement purposes only pursuant to the Class Settlement Agreement and Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure: all Persons (a) who at the time of Hurricane Katrina and/or Hurricane Rita (i) were located, present or residing in the Hurricane Affected Geographic Area, or (ii) owned, leased, possessed, used or otherwise had any interest in homes, places of business or other immovable or movable property on or in the Hurricane Affected Geographic Area, and (b) who incurred any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with Hurricane Katrina and/or Hurricane Rita and any alleged Levee Failures and/or waters that originated from, over, under or through the Levees under the authority and/or control of all or any of the Levee Defendants. The term "Class" or "Settlement Class" shall expressly include all Persons who are parties to any of the Pending Actions. The Settlement Class shall include and be divided into the following subclasses of Class Members whose alleged Claims are based in any way on, or result in any way from, the acts, omissions, or any sources of liability whatsoever of: (a) *Subclass 1* - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; (b) *Subclass 2* - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; and (c) *Subclass 3* - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing (collectively, the "Subclasses" and each a "Subclass"). A Class Member may be included in more than one Subclass. Excluded

from the Settlement Class are the judge and/or magistrate judge to whom the Litigation is assigned at the trial court or upon any appeal.

As used above in the definition of the proposed Settlement Class (and in the Class Settlement Agreement), the following terms are defined as follows:

a. The term "Hurricane Affected Geographic Area" shall mean the entire area located within the Parishes of Jefferson, Orleans, Plaquemine and St. Bernard, Louisiana, together with any body of water that is, in whole or in part, adjacent to or within all or any portion of any of these Parishes.

b. The term "Hurricane Katrina" shall mean the tropical cyclone named "Hurricane Katrina" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about August 29, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Katrina regardless of whether same occurred prior to, concurrently with, or following Hurricane Katrina's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

c. The term "Hurricane Rita" shall mean the tropical cyclone named "Hurricane Rita" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about September 24th, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Rita regardless of whether same occurred prior to, concurrently with, or following Hurricane Rita's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

d. The term "Levees" shall include any and all levees, embankments, seawalls, jetties, breakwaters, water-basins, floodwalls, floodgates, gates, outfall canals, drainage canals, berms, spoil banks, and other works in relation to such projects, and/or any other flood or water control structure(s), whether man-made or natural.

e. The term "Levee Failures" shall mean the actual or alleged breaching, overtopping, seepage, collapse, undermining, weakening or any other alleged failure of Levees regardless of cause, whether caused in whole or part by an alleged defect, error or neglect with respect to the design, construction, maintenance, inspection, and/or operation of the Levees, and all dredging operations necessary in connection therewith or incidental thereto, and/or whether caused in whole or part by any wind, waves, tide, rainfall, storm surge or other force or effect caused by or resulting from Hurricane Katrina and/or Hurricane Rita.

NO.99915059.1

  f. The term "Pending Actions" shall mean any and all lawsuits, administrative claims or other actions, however asserted (including but not limited to any and all petitions, complaints, third-party demands, cross-claims and counter-claims), in which a Released Claim has been, or is, asserted (including but not limited to those lawsuits identified on Exhibit "A" to the Class Settlement Agreement, as same shall be amended from time to time prior to the entry of the Final Approval Order and Judgment).

  3. The Class Settlement Agreement and settlement set forth therein (including all exhibits) attached as *in globo* Exhibit "1" to the Joint Motion, are preliminarily approved by the Court, so that the terms and conditions thereof shall be considered by the Settlement Class.

  4. The nomination by Class Counsel of the following persons to serve as provisional representatives for the Settlement Class is hereby approved: Kenneth & Jeannine Armstrong, 4016 Hamlet Place, Chalmette, LA 70043 (Subclass 1), Thurman R. Kaiser, 3801 N. Turnbull Dr., Metairie, LA 70002 (Subclass 2) and Donna Augustine, 2126 N. Broad Street, New Orleans, LA 70119 (Subclass 3).

  5. The following are hereby approved as Class Counsel: James P. Roy, Gerard Meunier and Joseph M. Bruno.

  6. The form and content of the Class Notice attached to the Joint Motion as Exhibit "2", together with modifications to the form of Class Notice to conform to this Preliminary Approval Order, are approved. Such notice is fair and reasonable and shall be disseminated to putative Class Members pursuant to the Notice Plan, as defined and set forth in the Affidavit of Shannon R. Wheatman, Ph.D. on Settlement Notice Plan and Notices, particularly paragraphs 18 through 27 of the Affidavit and Exhibit "2" thereto. *See* Exhibit "2" to the Joint Motion. The required newspaper publication and initial mailing of notice to the Class (exclusive of any follow-up mailings made in response to any returned mail) are to be completed by no later than January 30, 2009 (the "Notice Date"). The Court finds that the form and method set forth in this Preliminary Approval Order for notifying putative Class Members of the certification of the

- 7 -

NO.99915059.1

Settlement Class and the proposed settlement meet the requirements of due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all potential Members of the Settlement Class. The Settling Defendants shall also serve the Attorney General of the United States and the Attorney General of each State within the United States, as the "appropriate Federal Official" and "appropriate State Official" under 28 U.S.C. § 1715, with the notice required by 28 U.S.C. § 1715. .

7. The Certification Hearing is to be conducted in the United States District Court of the Eastern District of Louisiana, Section "K", New Orleans, LA, commencing on the 2nd day of April, 2009, at 10:00 o'clock a.m., to consider the relief requested in the Joint Motion, including whether the Settlement Class should be finally certified pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, and the related relief requested in the Joint Motion.

8. The Fairness Hearing is to be conducted in the United States District Court of the Eastern District of Louisiana, Section "K", New Orleans, LA, commencing immediately following the Certification Hearing to consider the relief requested in the Joint Motion, including whether the proposed settlement should be given final approval as fair, reasonable and adequate, and whether the Final Order and Judgment shall be entered. The Certification Hearing and the Fairness Hearing may be continued and re-set by the Court.

9. Objections to the matters set forth in the previous paragraphs 7 and 8 will be considered only if (a) the Objection is in writing; (b) the Objection is signed by the Class Member or his/her/its counsel, (c) the Objection contains the caption of the Litigation and includes the name, mailing address, and telephone number of the Class Member if not represented by counsel; (d) the Objection is filed with, or mailed to, the "Clerk of Court for the United States District Court for the Eastern District of Louisiana", C151 Hale Boggs Federal

Building, 500 Poydras Street, New Orleans, LA 70130, (e) the Objection is filed or (if mailed) received by the Clerk of Court by March 13, 2009 (the 'Objection Deadline"), and (f) copies of the Objection are mailed so as to be received by the Objection Deadline to the following counsel:

    Joseph M. Bruno
    LAW OFFICES OF JOSEPH M. BRUNO
    855 Baronne Street
    New Orleans, Louisiana 70113

    And

    S. Ault Hootsell III
    PHELPS DUNBAR LLP
    Canal Place
    365 Canal Street, Suite 2000
    New Orleans, LA 70130-6534

Absent good cause shown, to be heard, Objectors must be present and appear before the Court at the commencement of the Certification/Fairness Hearings. Discovery related to the Certification Hearing and/or the Fairness Hearing must be completed on or before the 10th calendar day prior to the Objection Deadline.

    10.    The Litigation shall be maintained as a mandatory class action pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil procedure; Class Members shall have no right to opt-out of the proposed settlement.

    11.    All notices or entries of appearance by counsel for any Class Members other than Class Counsel shall be filed with the Clerk of Court no later than the Objection Deadline, and copies of the notices or entries of appearance by counsel shall be mailed so as to be received by the Objection Deadline to the counsel identified in paragraph 9 of this Order.

    12.    All Claims asserted against the Released Parties in all federal Pending Actions are stayed (including discovery) effective upon the entry of this Preliminary Approval Order. Appropriate orders to effectuate such stay of claims shall be entered in each of these cases. Class

Members are enjoined from pursuing the Claims asserted against the Released Parties in the federal Pending Actions (including discovery) absent further order of this Court. No finding, judgment, adjudication, or verdict rendered in the federal Pending Actions after the date of this Preliminary Approval Order shall be binding or have any precedential effect on the Released Parties.

13. No Released Party shall be required to file a response to the Amended Complaint in the Litigation. The deadline for any Released Party to respond to the Amended Complaint is extended indefinitely pending the outcome of the settlement approval process. The Released Parties shall retain all substantive and procedural rights and defenses, and the right to take any action in opposition to class certification, in the Litigation or any other action, if the Class Settlement Agreement is not finally approved by the Court, and/or if the Class Settlement Agreement is terminated for any reason, which rights and defenses shall not be affected by the doctrine of judicial estoppel or otherwise, or waived, by the Parties' efforts to obtain approval of the Class Action Settlement.

14. The Court hereby appoints as CADA Daniel H. Clavier, Jr., CPA, Bourgeouis Bennett, 111 Veterans Blvd. 17th Floor, New Orleans, LA 70005. If he shall be unable to serve for any reason, any other Person to be appointed as CADA shall be mutually acceptable to Plaintiffs and the Settling Defendants each in their sole and absolute discretion. The CADA's duties include but are not limited to the payment of amounts from the Escrowed Funds prior to the Effective Date of Class Settlement as limited by the terms of the Class Settlement Agreement (including specifically Sections 12(a) 12(b) thereof), and after the Effective Date of Class Settlement assisting the Special Master in the administration and disposition of the remaining Escrowed Funds, or as so ordered by the Court. Except as provided in Section III(12)(b) of the

Class Settlement Agreement, the CADA must obtain Court Approval for any requested payment from the Escrowed Funds; provided however, that notwithstanding the foregoing the CADA may pay compensation due to the Escrow Agent under the Escrow Agreement for normal services without prior Court approval. Subject to the foregoing, the CADA shall be paid in accordance with a proposed budget submitted in advance and (a) approved (i) by Class Counsel and by counsel for St. Paul Fire and Marine Insurance Company (to the extent that the work is to be, or may be, undertaken prior to the Effective Date of Class Settlement) and (ii) by Class Counsel (to the extent that the work is to be undertaken after the Effective Date of Class Settlement), and (b) approved by the Court.

15. Any request (i) by Class Counsel for an award from the Escrowed Funds for costs and/or expenses (including any enhancement of costs and expenses as may be awarded by the Court) and (ii) by any other counsel for any Class Member for an award from the Escrowed Funds for fees, costs and/or expenses (including any enhancement of costs and expenses as may be awarded by the Court) shall be made by application to the Court for same; provided however, that such request(s) may be made only after the occurrence of the Effective Date of Class Settlement.

16. Subject expressly to the limitations set forth in the Class Settlement Agreement, Notice Costs, Special Master fees and costs, Escrow Agent costs and fees, CADA fees and costs, the fees and costs of any Person retained by the Special Master or CADA, and other costs, fees and expenses incurred in the implementation of the Class Settlement Agreement (including but not limited to the costs and fees of all experts of the Parties) and the disposition of the Escrowed Funds may be paid from the Escrowed Funds.

NO.99915059.1

17.   Notwithstanding any other provision of the Class Settlement Agreement or of any other document or of this Preliminary Approval Order, the Settling Defendants shall not be liable for, and shall have no responsibility for payment of, any Class Counsel's attorney's fees, costs and expenses, Class Member's attorney's fees, costs and expenses, Special Master fees and costs, CADA fees and costs, court costs, Notice Costs, the fees and costs of any Person retained by the Special Master or CADA, and/or other costs and fees associated with the Litigation, the approval and/or implementation of the Class Settlement Agreement, the administration of Claims, and/or the disposition of the Escrowed Funds. Notwithstanding any provision of the Class Settlement Agreement or of any other document or this Preliminary Approval Order, the Settling Defendants shall have no obligation to pay any amount beyond the Insurance Policy Limits and the Judicial Interest.

18.   Until the Effective Date of Class Settlement, no funds in the Escrow Account shall be used or disbursed other than to pay certain fees, costs and expenses as provided in the Class Settlement Agreement. Prior to the Effective Date of Class Settlement, except with regard to any possessory lien and/or security interest granted to the Escrow Agent under the Escrow Agreement solely to secure the payment of amounts coming due to the Escrow Agent under the Escrow Agreement (i) St. Paul Fire and Marine Insurance Company has, and shall retain, exclusive right, title and interest, both legal and equitable, in and to the Escrowed Funds (including without limitation the Insurance Policy Limits, the Judicial Interest and all Accrued Interest), and (ii) no other Person (including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the Special Master, the CADA, Class Counsel and Class Members) shall have any right, title or interest, whether legal or equitable, in or to said Escrowed Funds; provided however, that this provision shall not prevent the payment of Notice Costs and

amounts that may be paid to the CADA, the Escrow Agent and/or St. Paul Fire and Marine Insurance Company prior to the Effective Date of Class Settlement from the Escrowed Funds pursuant to Sections III(12)(a) and/or III(12)(b) of the Class Settlement Agreement.

19.  Upon the occurrence of a Class Termination Event, notice of same shall be filed into the record in the Litigation.

20.  Notwithstanding any other provision of the Class Settlement Agreement or of any other document or of this Preliminary Approval Order, on the occurrence of a Class Settlement Termination Event, all remaining Escrowed Funds (that is, the Insurance Policy Limits and Judicial Interest deposited pursuant to Section III(4) of the Class Settlement Agreement, plus all Accrued Interest, less any amounts paid therefrom in accordance with the terms of the Class Settlement Agreement prior to the receipt by the Escrow Agent of St. Paul Fire and Marine Insurance Company's notice of withdrawal from the Escrow Agreement) less only any then outstanding amounts owed to the Escrow Agent, shall be immediately released from the Escrow Account (and from each sub-account therein) to St. Paul Fire and Marine Insurance Company free and clear of any Claims or alleged rights thereto of any other Persons, including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the Special Master, the CADA, Class Counsel and Class Members. After the release from the Escrow Account to St. Paul Fire and Marine Insurance Company of all remaining Escrowed Funds free and clear of any Claims or alleged rights thereto of any other Persons, the Amended Complaint shall without further order of the Court be vacated without prejudice pursuant to this Preliminary Approval Order, and the Class Settlement Agreement shall thereafter terminate and be null and void for all purposes, and of no further force and effect, with all Parties having the same rights, claims and defenses as if this Class Settlement Agreement were never executed; provided however, that,

notwithstanding the foregoing, Sections III(4)(b), V(1) and VI(2) of the Class Settlement Agreement shall survive termination of the Class Settlement Agreement. For the avoidance of doubt, the provisions of this Preliminary Approval Order, including particularly this paragraph and paragraphs 21 and 22, shall survive termination of the Class Settlement Agreement and the vacating of the Amended Complaint.

21.     Notwithstanding any other provision of the Class Settlement Agreement (or of any other document) or this Preliminary Approval Order, if the Class Settlement Agreement is terminated, (a) the Class Settlement Agreement shall have no effect on the rights of the Parties or the Class Members (i) to take action in support of or in opposition to class certification in the Pending Actions, or any other action; or (ii) to prosecute or defend the Pending Actions, or any other action and (b) subject expressly to the reservation and preservation of rights and defenses in favor of the Settling Defendants contained in the Class Settlement Agreement, the Parties and all Class Members shall be restored to their respective *status quo ante* immediately prior to the date the Parties signed the Class Settlement Agreement. In such event, the Class Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law, whether in the Pending Actions or otherwise.

22.     Notwithstanding any other provision of the Class Settlement Agreement (or of any other document) or this Preliminary Approval Order, this Preliminary Approval Order, the Class Settlement Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, or that may be introduced into evidence at the Certification/Fairness Hearings, or in connection with any related motion (including any motion to enjoin or stay any of the Pending

Actions), and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any Person, including any Party or Class Member, that the Litigation or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.*, of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any Claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the Pending Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Settling Defendants, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

23.    Prior to the entry of the Final Approval Order and Judgment, this Class Settlement Agreement may, with approval of the Court, be modified by written agreement of counsel for the Settling Defendants and Class Counsel in their discretion without giving any additional notice to the Class (other than the notice given with respect to the settlement, the Certification Hearing and the Fairness Hearing), provided that such modifications are not materially adverse to the Class. Such modifications without additional notice may include the modification or exclusion of certain costs, fees and/or expenses to be paid from the Escrowed Funds and the determination

of, and/or modifications to, the process to be approved by the Court for disposition of the Escrowed Funds.

Signed this ___15th___ day of _____December_____, 2008 in New Orleans, Louisiana.

_____
United States District Court Judge
Eastern District of Louisiana

NO.99915059.1