EXHIBIT "E" TO CLASS SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>No.: 05-4182 |
| FILED IN:  05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289. | |

PERTAINS TO: LEVEE AND MR-GO

### SECOND SUPPLEMENTAL LEVEE AND MR-GO MASTER CONSOLIDATED CLASS ACTION COMPLAINT

NOW INTO COURT, come Class Counsel for the purpose of filing this Second Supplemental and Amending Levee Master Consolidated Class Action Complaint:

I.

This Second Supplemental Levee and MR-GO Master Consolidated Class Action Complaint is filed pursuant to leave granted by the Court for the purpose of effectuating a settlement agreement by and between the Class, as defined herein, and Defendants, the Orleans Levee District, Board of Commissioners Orleans Levee District ("Orleans"), the East Jefferson Levee District, Board of Commissioners East Jefferson Levee District ("East Jefferson"), the Lake Borgne Basin Levee District, Board of Commissioners Lake Borgne Basin Levee District

NO.99913692.1                                     1                                     EXHIBIT E

("Lake Borgne"), and their insurer, St. Paul Fire and Marine Insurance Company ("St. Paul"). As such, unless otherwise stated, the allegations contained herein apply only to the Class, as defined herein, and to Orleans, East Jefferson, Lake Borgne and St. Paul.

## II.

Added as a defendant herein is the Lake Borgne Basin Levee District, a political corporation organized under the laws of the State of Louisiana.

## III.

## CLASS ACTION ALLEGATIONS

1.  This action is appropriate for determination through the Federal Class Action Procedure (Fed. R. Civ. P. 23, *et seq.*) and the proposed Class Representatives herein seek to represent the following proposed Greater New Orleans Class, and subclasses as outlined, *infra.*:

    > All Persons (a) who at the time of Hurricane Katrina and/or Hurricane Rita (i) were located, present or residing in the Hurricane Affected Geographic Area, or (ii) owned, leased, possessed, used or otherwise had any interest in homes, places of business or other immovable or movable property on or in the Hurricane Affected Geographic Area, and/or (b) who incurred any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with Hurricane Katrina and/or Hurricane Rita and any alleged Levee Failures and/or waters that originated from, over, under or through the Levees under the authority and/or control of all or any of the Levee Defendants. The term "Class" shall expressly include all Persons who are parties to any of the Pending Actions. The Class shall include and be divided into the following subclasses of Class Members whose alleged Claims are based in any way on, or result in any way from, the acts, omissions, or any sources of liability whatsoever of: (a) *Subclass 1* – the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; (b) *Subclass 2* – the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; and (c) *Subclass 3* – The Orleans Levee District, the Orleans Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing. A Class Member may be included in more than one subclass. Excluded from the Class are the

judge and/or magistrate judge to whom the litigation is assigned at the trial court or upon any appeal.

2. For purposes of the proposed Class, the following terms are defined as follows:

(a) "Person" or "Persons" means an individual, marital community, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated organization, governmental entity, and any other type of legal person or entity, and their respective heirs, legatees, predecessors, successors, representatives and assigns.

(b) "Hurricane Katrina" means the tropical cyclone named "Hurricane Katrina" by the National weather Service's National Hurricane Center which made landfall in Louisiana on or about August 29, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather even and any and all effects due to, caused by, or relating to Hurricane Katrina regardless of whether same occurred prior to, concurrently with, or following Hurricane Katrina's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

(c) "Hurricane Rita" means the tropical cyclone named "Hurricane Rita" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about September 24th, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Rita regardless of whether same occurred prior to, concurrently with, or following Hurricane Rita's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

(d) "Hurricane Affected Geographic Area" means the entire area located within the Parishes of Jefferson, Orleans, Plaquemine and St. Bernard, Louisiana, together with any body of water that is, in whole or in part, adjacent to or within all or any portion of any of these Parishes.

(e) "Levee Failures" means the actual or alleged breaching, overtopping, seepage, collapse, undermining, weakening or any other alleged failure of Levees regardless of cause, whether caused in whole or part by an alleged defect, error or neglect with respect to the design, construction, maintenance, inspection, and/or operation of the Levees, and all dredging operations necessary in connection therewith or incidental thereto, and/or whether caused in whole or in part by any wind, waves, tide, rainfall, storm surge or other force or effect caused by or resulting from Hurricane Katrina and/or Hurricane Rita.

(f) "Levees" means any and all levees, embankments, seawalls, jetties, breakwaters, water-basins, floodwalls, floodgates, outfall canals, drainage canals, berms, spoil banks, and other works in relation to such projects, and/or any other flood or water control structure(s), whether man-made or natural.

(g) "Levee Defendants" means the Board of Commissioners of the Orleans Levee District, the Orleans Levee District, the Board of Commissioners of the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District, the Board of Commissioners of the East Jefferson Levee District, the East Jefferson Levee District, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, and the Southeast Louisiana Flood Protection Authority-East, and the respective parents, subsidiaries, affiliates, divisions, predecessors, successors,

    heirs, legatees and/or assigns, together with the past, present and future officers, directors, board members, servants, shareholders, members, presidents, managers, partners, employees, agents, representatives, consultants, in-house or outside attorneys, insurers, and reinsurers of the foregoing; provided however, that the term Levee Defendants shall not include National Union Fire Insurance Company of Pittsburgh, PA.

(h)    "Pending Actions" means any and all lawsuits, administrative claims or other actions, however asserted (including but not limited to any and all petitions, complaints, third-party demands, cross-claims and counter-claims), asserted against Levee Defendants and St. Paul, including but not limited to those matters identified on Exhibit "A" attached hereto and made a part hereof.

(i)    "Claim" or "Claims" means any and all claims, rights, demands, suits, actions, rights of action, interventions, liabilities, liens and causes of action, at law, equity, admiralty or otherwise, regardless of legal theory, whether known or unknown, filed or unfiled, asserted or as yet unasserted. The term "Claim" or "Claims" includes those which are derivative of the claims of any Class Member or which may be asserted by an assignee, successor, executor, survivor, beneficiary (including beneficiary under La. C.C. arts. 2315.1 and 2315.2), third-party beneficiary, heir, or representative of any Class Member, specifically including but not limited to the wrongful death of a Class Member.

3.    Class representatives are: Kenneth & Jeannine Armstrong, 4016 Hamlet Place, Chalmette, LA 70043 (Subclass 1), Thurman R. Kaiser, 3801 N. Turnbull Dr., Metairie,

LA 70002 (Subclass 2) and Donna Augustine, 2126 N. Broad Street, New Orleans, LA 70119 (Subclass 3).

4. The numerosity prerequisite of Fed. R. Civ. P. 23(a)(1) is satisfied because the proposed class and subclasses are so numerous that joinder of all members is impracticable.

5. The commonality prerequisite of Fed. R. Civ. P. 23(a)(2) is satisfied because there are common questions of law and fact applicable to both the named Plaintiffs and putative class and subclass members, including, but not limited to:

(a) The cause or causes of the breaches and/or failures of the hurricane protection systems associated with the 17th Street Canal, the London Avenue Canal, the Orleans Avenue Canal, the 40 Arpent Canal, the Mississippi River Gulf Outlet, the Inner Harbor Navigational Canal/Industrial Canal, and the Lake Pontchartrain and Vicinity Hurricane Project;

(b) The legal duties of the defendants owed to the Plaintiffs and the class members;

(c) Each defendant's breach of said duties;

(d) The causal relationship between any such breaches and the failures of the hurricane protection systems at issue; and

(e) Whether the named defendants may assert certain affirmative defenses applicable to all named Plaintiffs and putative class members.

6. The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because the claims of the class and sub-class representatives are typical of the claims of the putative class and sub-class members.

7. The adequacy of representation prerequisite of Fed. R. Civ. P. 23(a)(4) is satisfied because the Class and Sub-Class Representatives will fairly and adequately represent the interests of the proposed classes. Each representative is represented by skilled counsel, experienced in the handling of mass tort cases of class action litigation. These attorneys may be expected to handle this matter in an expeditious and economical manner, serving

the interests of all class and sub-class members. Moreover, the representatives will protect the interests of all class and sub-class members by remaining involved as necessary in the decision-making required on the part of claimants herein.

8. Class Certification is sought pursuant to Fed. R. Civ. P. 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, will be dispositive of the interests of the other members not parties to the individual adjudications or will substantially impair or impede their ability to protect their interests.

9. Orleans, East Jefferson, and Lake Borgne are political corporations organized under the laws of the State of Louisiana such that no judgments against them arising from the causes of action stated herein shall be exigible, payable or paid absent an express appropriation of funds by the political subdivision. La. Const. art. 12 §10(C).

10. St. Paul issued certain policies of liability insurance to Orleans, East Jefferson and Lake Borgne that were in full force and effect on or about August 29, 2005, the cumulative aggregate limits of which are $17,000,000.

## IV.

### SPECIFIC ALLEGATIONS AGAINST THE SETTLING DEFENDANTS

11. On or about August 29, 2005, Hurricane Katrina ("Katrina") hit the Gulf Coast largely sparing Greater New Orleans, which fortunately lay in Katrina's rapidly deteriorating western eye-wall. The result was that Katrina laid waste to virtually everything in its path along the Mississippi Gulf Coast; but in Orleans Parish, Katrina's winds did not register as a Category 3 on the Saffir-Simpson scale, instead barely reaching 100 miles per hour.

12. Nevertheless, through the fault and negligence of Defendants, Katrina's surge rushed from the Gulf of Mexico through the Mississippi River Gulf Outlet ("MR-GO") and converged with another storm surge rushing from Lake Borgne through the Gulf Intracoastal Waterway ("GIWW"). The combined surge was then funneled into the joint MR-GO/GIWW, otherwise known as Reach 1 of the MR-GO inundating Orleans and St. Bernard Parishes from the east by overwhelming levees/floodwalls and/or spoil banks that had been negligently designed, constructed, maintained, undermined, weakened, inspected and/or operated by the Defendants.

13. In addition, through the fault and negligence of Defendants, Katrina's surge rushed unhindered through the Rigolets and Chef Menteur Passes into Lake Pontchartrain to inundate Orleans and Jefferson Parishes from the north by breaching levees/floodwalls and/or spoil banks that had been negligently designed, constructed, maintained, undermined, weakened and/or operated by the Defendants.

14. At all material times, Defendants, Orleans Levee District and East Jefferson Levee District, owned, operated, maintained, and/or designed, the outfall canal known as the 17th Street Canal, including its Levees.

15. At all material times, Defendant, Orleans Levee District, owned, operated, maintained, and/or designed, the outfall canal known as the London Avenue Canal, including its Levees.

16. At all material times, Defendant, Orleans Levee District, owned, operated, maintained, and/or designed, the outfall canal known as the Orleans Avenue Canal, including its Levees.

17. At all material times, Defendant, Orleans Levee District, owned, operated, maintained, and/or designed, the canal known as the Inner Harbor Navigational Canal (IHNC)/Industrial Canal, including its Levees.

18. At all material times, Defendant, Lake Borgne Basin Levee District, was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction including the 40 Arpent Canal. Lake Borgne was specifically granted authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion. Lake Borgne was required to engage in the design, construction, operation, and maintenance of Levees.

19. The Levees along the 17th Street Canal, London Avenue Canal, Orleans Avenue Canal, IHNC/Industrial Canal, 40 Arpent Canal, and other flood control structures owned, operated, constructed, designed, and/or maintained by the Defendants experienced Levee Failures incident to Hurricane Katrina and/or Hurricane Rita.

20. The Levee Failures were proximately caused by the Defendants' failure to discharge their statutorily mandated responsibilities relative to flood control and design, construction, operation and/or maintenance of the Levees.

21. Each of the Defendants was negligent in the following, non-exclusive particulars:
    a. requesting and causing the 17th Street Canal to be dredged to a depth lower than the sheet piles situated in or beneath the Levees;
    b. requesting and causing the 17th Street Canal to be dredged only on the Orleans Parish side;
    c. requesting and causing the 17th Street Canal to be dredged too close to the Levee on the Orleans Parish side;

NO.99913692.1        9

d.  requesting and causing the 17th Street Canal to be dredged in a manner that compromised the safety of the Levees; and

e.  having received reports from residents of water underseeping the Levee and onto adjacent residential property and then failing to take any action on said reports, including but not limited to actions to investigate the source or sources of the water, report the existence of the water on the adjacent properties to other authorities, and/or to take measures to remedy the cause of the under seepage;

f.  negligently allowing, and/or by negligently failing to challenge and prevent, the aforesaid dredging in the 17th Street Canal;

g.  negligently failing to conduct appropriate oversight, maintenance and inspection of the 17th Street Canal Levee, thus allowing the safety flaws and discoverable dangers of the system to remain uncorrected and undisclosed to the public;

h.  negligently rejecting the "Barrier Plan" and insisting upon implementation of the flawed High Level parallel plan implemented for the 17th Street Canal;

i.  negligently supervising demolition and site preparation of the East Bank Industrial Area, including, but not limited to, removal of wharfage, salvage, debris, and other materials from the IHNC/Industrial Canal and/or its banks and/or its Levees, thus, contributing to the weakening of such Levees and the ultimate Levee Failures;

j.  negligently designing, constructing, operating and/or maintaining the London Avenue Canal and its Levees;

k.  negligently designing, constructing, operating and/or maintaining the Orleans Avenue Canal and its Levees;

l. negligently designing, constructing, operating and/or maintaining the 40 Arpent Canal and its Levees;

m. negligently causing or contributing to the failure to preserve natural marshes and swamps that acted as buffers against surges off of Lake Borgne that could affect Hurricane Affected Geographic Area;

n. negligently failing to adequately evaluate potential damage to Levees by storm surges;

o. negligently failing to correct known defects in the Levees; and

p. all other acts of negligence alleged in the Pending Actions.

22. At all material times, Defendants, as the proprietors of the 17th Street Canal, London Avenue Canal, Orleans Avenue Canal, IHNC/Industrial Canal and/or 40 Arpent Canal and all other flood control and/or drainage structures, failed to exercise their duties pursuant to Louisiana Civil Code articles 667 to refrain from creating a nuisance. As the result of such nuisance created by the Defendants, the proposed class has been deprived of the enjoyment of their property.

23. Defendants are liable under Louisiana Civil Code article 2322 for the deterioration of the Levees known to them before Hurricane Katrina and/or Hurricane Rita and or failing to repair same.

24. At all material times, Defendants had *garde* as contemplated by Louisiana Civil Code article 2317 of the 17th Street Canal, London Avenue Canal, Orleans Avenue Canal, IHNC/Industrial Canal and/or 40 Arpent Canal and all other flood control and/or drainage structures, and are thus strictly liable for damages resulting from damages caused by defects therein.

V.

## DAMAGES

25. In addition to damages as alleged throughout this Complaint, Plaintiffs on behalf of themselves and the Class and Subclasses, allege as a result of the Defendants' negligent, grossly negligent, reckless, wanton and/or illegal inactions described throughout this Complaint, damages as follows:

   a. **PROPERTY AND OTHER SPECIAL DAMAGES:** As a direct and proximate result of the Defendants' negligence, gross negligence, reckless, wanton and/or illegal acts and/or failures to act, Plaintiffs, Class and Subclass Members have suffered property damages and other special damages including, but not limited to, the following: loss of property (real and personal), immovable and movable; diminution of property value; loss of income; costs of relocation; loss of business opportunities and business interruption; evacuation expenses; loss of opportunity to avoid injury and damage through preventative measures, including, but not limited to, relocation, raising of homes, and purchase of additional insurance, which actions would have been taken had knowledge of the insufficiency of the flood protection system been known, and other special damages to be proven at trial.

   b. **PERSONAL INJURY AND OTHER GENERAL DAMAGES:** As a direct and proximate result of the Defendants' negligence, gross negligence, reckless, wanton and or illegal acts and/or failures to act, Plaintiffs, Class and Subclass members have suffered personal injury and other general damages including, but not limited to, the following: wrongful death, survival damages, fear, fright and

    emotional distress, grief, mental anguish, inconvenience, pain and suffering, loss of the capacity to enjoy life; loss of consortium; and costs of suit.

  c. **DAMAGES TO THE CLASS AS A WHOLE.** As a direct and proximate result of the Defendants' negligence, gross negligence, reckless, wanton and/or illegal acts and/or failures to act, the Class as a whole has suffered a societal harm which includes the breakdown of Hurricane Affected Geographic Area's social structure, the loss of cultural heritage, and the dramatically altered physical, economic, political, social, and psychological character of the New Orleans metropolitan area.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that after due proceedings had there be a judgment or judgments entered in Plaintiffs' favor and against Defendants in the following particulars:

(a) certifying the Class and Subclasses as proposed herein;

(b) appointing Class Representatives as proposed herein;

(c) appointing undersigned counsel as Class counsel;

(d) taking all such actions, including but not limited to interpreting, inspecting, reviewing, analyzing, examining, reforming, evaluating, construing, scrutinizing, restating, and otherwise considering any and all insurance policies and/or contracts of Orleans, East Jefferson and/or Lake Borgne, as may be necessary and appropriate for this Court to determine the existence and proper amount of insurance coverage available for the claims asserted herein;

(e) declaring the existence and available limits of any and all insurance coverage available for the claims asserted herein;

(f) awarding damages as alleged herein; and

(g) providing such other relief as the Court deems just and equitable.

Respectfully submitted,

JOSEPH M. BRUNO, LA #3604
L. SCOTT JOANEN, LA #21431
LAW OFFICES OF JOSEPH M. BRUNO
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

and

GERALD E. MEUNIER, LA #9471
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

and

JAMES PARKERSON ROY, LA #11511
DOMENGEAUX, WRIGHT, ROY & EDWARDS L.L.C.
P. O. Box 3668
Lafayette, LA 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796
Email: jimr@wrightroy.com