## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION<br><br>No.:  05-4182 "K" (2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |
| FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11208, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, 07-1289. | * * * * * * * * * * * | |
| PERTAINS TO:      LEVEE AND MR-GO | * * | |

## MEMORANDUM IN SUPPORT OF UNOPPOSED JOINT MOTION TO ALTER OR AMEND JUDGMENT

Class Counsel[1] and counsel for the Settling Defendants respectfully submit this memorandum in support of their motion to alter or amend (i) its Final Order and Judgment (Rec. Doc. 19256) and Amended Final Order and Judgment (Rec. Doc. 19271) and (ii) its Order and Reasons (Rec. Doc. 19255).

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this motion shall have the meanings and/or definitions given them in the Amended Class Settlement Agreement, which, together with all exhibits, is attached to the Court's Final Order and Judgment (Doc. No. 19256).

On September 9, 2009, this Court entered its Final Order and Judgment (Rec. Doc. 19256).  On September 17, 2009, this Court entered its Amended Final Order and Judgment (Rec. Doc. 19271) by which the Court expressly certified and defined the settlement class. Movants believe the Court's amended judgment is proper.  *See, e.g.,* Fed. R. Civ. Proc. 23(c)(1)(B) and 23(c)(3)(A).

It now appears that immediately <u>before</u> the Court's amended judgment was entered into the record, on September 17, 2009, Mr. Ashton O'Dwyer, his wife and a friend filed into the record three notices of appeal from this Court's original September 9, 2009 Final Order and Judgment (Rec. Docs. 19268, 19269, and 19270).  The obvious concern raised for the Court and parties is the possibility that the O'Dwyer appeals of the Court's first ruling divested the Court of the jurisdiction to enter the second amended ruling.  *In re Transtexas Gas Corp.*, 303 F.3d 571, 579-79 (5th Cir. 2002) ("It is a fundamental tenent of federal civil procedure that--subject to certain, defined exceptions--the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court", citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982)).

Arguably, these notices of appeal do not present a problem.[2]  However, the solution to the problem presented, if there is one, is simple.  Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to

---

[2] Movers suggest that Rule 60(a) of the Federal Rules of Civil Procedure permitted entry of the Amended Final Order and Judgment given that the appeals had not been docketed, and file this motion on this point only out of an abundance of caution.

appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."[3]  Importantly, the Fifth Circuit has held that -

> Our court has found that the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court.  <u>This holds true regardless of whether the motion was filed *before or after the notice of appeal*</u>.

*Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) (footnotes omitted; highlight and emphasis added).

In *Ross*, the issue before the Fifth Circuit was whether the district court had jurisdiction to deny a motion to intervene that was filed after the district court entered judgment and a notice of appeal filed but before a Rule 59(e) motion was filed.  *Id.* at 751.  The Fifth Circuit held that the district court did have jurisdiction:  "Because [defendant] timely filed his Rule 59 motion to alter of [sic] amend judgment, his motion suspended the effectiveness of his earlier filed notice of appeal until … the date on which the district court entered is [sic] order denying the motion." *Id.* at 752 (footnote omitted).[4]

Under established Fifth Circuit precedent, the filing and consideration of the instant motion, thus, cures any potential jurisdictional impediment to the Court's ability to amend its original Final Order and Judgment.  *See*, *Ross*, 426 F.3d at 751-53.  *See also*, *In re Pequeno*, 221

---

[3] The motions listed in Rule 4(a)(4)(A) are as follows:  for judgment under Rule 50(b); to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; for attorneys' fees under Rule 54 if the district court extends the time to appeal under Rule 58; to alter or amend the judgment under Rule 59; for a new trial under Rule 59; or for relief under Rule 60 if the motion is filed no less than 10 days after the judgment is entered.

[4] In *Ross*, the Fifth Circuit distinguished the holding of *Katz v. Berisford International, PLC*, where the Southern District of New York held that a Rule 59 motion filed by a non-party did not suspend the effectiveness of a previously filed notice of appeal.  *Id.*  *Katz* was distinguishable because the Court would have had to grant the non-party's Rule 24(a) motion in order to allow the filing of the Rule 59 motion; the court could not grant the Rule 24(a) motion because it was divested of jurisdiction by the filing of a notice of appeal.  *Id.*

Fed. Appx. 353 (5th Cir. 2007) ("Pequeno's timely filed Rule 59 motion suspended the effect of his previously filed notice of appeal.").[5]

Further, entry of a corrected Amended Final Order and Judgment is necessary in any event. Certain language contained in the Final Order and Judgment was inadvertently omitted from the amended version. Specifically, the following language appears to have been dropped from the end of Paragraph 14:

> . . . and fees of all experts of the Parties) and the disposition of the Escrowed Funds may be paid from the Escrowed Funds.

And the following language was dropped from the end of Paragraph 17:

> . . . shall have no effect on the rights of the Parties or the Class Members (i) to take action in support of or in opposition to class certification in the Pending Actions, or any other action; or (ii) to prosecute or defend the Pending Actions, or any other action and (b) subject expressly to the reservation and preservation of rights and defenses in favor of the Settling Defendants contained in the Class Settlement Agreement, the Parties and all Class Members shall be restored to their respective *status quo ante* immediately prior to the date the Parties sign the Class Settlement Agreement. In such event, the Class Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law, whether in the Pending Actions or otherwise.

With regard to the Court's September 9, 2009 Order and Reasons (Doc. No. 19255), movants believe that in the final full paragraph on page 36 the word "not" was inadvertently

---

[5] *See also Transtexas*, 303 F.3d at 579 ("Thus, Bankruptcy Rule 8002 [an adaption of Federal Rule of Appellate Procedure 4(a)(4)] dictates that a number of post-judgment motions will render the underlying judgment non-final, both when filed before an appeal is taken -- thus tolling the time for taking an appeal -- and when filed after the notice of appeal -- thus divesting the appellate court of jurisdiction and rendering the previously filed notice of appeal 'dormant' until the post-judgment motion is adjudicated" (citation omitted)); *Stone v. I.N.S.*, 514 U.S. 386, 403 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment non-final both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction). Other motions, such as Rule 60(b) motions filed more than 10 days after judgment, do not affect the finality of a district court's judgment, either when filed before the appeal (no tolling), or afterwards (appellate court jurisdiction not divested)").

omitted from this finding by the Court: "The notice should [   ] be so detailed or complex so as to 'confuse class members and impermissibly encumber their rights to benefit from the action.'" As such, movants have respectfully requested that such sentence be amended to state: "The notice should **not** be so detailed or complex so as to 'confuse class members and impermissibly encumber their rights to benefit from the action.'"

Movants believe their motion is well founded, and ask that the Court grant the motion and (i) enter a new Corrected Amended Final Order and Judgment consistent with the foregoing, and (ii) amend its Order and Reasons (Doc. No. 19255) to address a single dropped word, as more fully discussed above.

Respectfully submitted,

LAW OFFICES OF JOSEPH M. BRUNO

BY:   */s/ Joseph M. Bruno*
　　　　Joseph M. Bruno (#3604)
　　　　855 Baronne Street
　　　　New Orleans, Louisiana 70113
　　　　Telephone:　(504) 525-1335
　　　　Facsimile:　(504) 561-6775

ATTORNEYS ON BEHALF OF CLASS COUNSEL, AND AS LIAISON COUNSEL FOR LEVEE AND MR-GO-PLAINTIFF SUBGROUP LITIGATION COMMITTEES

GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.


BY:___*/s/ Gerald E. Meunier*_____
       Gerald E. Meunier (#9471)
       2800 Energy Centre
       1100 Poydras Street
       New Orleans, Louisiana 70163-2800
       Telephone:    (504) 522-2304
       Facsimile:    (504) 528-9973

LIAISON COUNSEL FOR LEVEE-PLAINTIFF
SUBGROUP LITIATION COMMITTEE


DOMENGEAUX WRIGHT ROY & EDWARDS


BY:___*/s/ James P. Roy*_____
       James P. Roy (#11511)
       556 Jefferson Street
       Lafayette, Louisiana 70502
       Telephone:    (337) 593-4190
       Facsimile:    (337) 233-2796

LIAISON COUNSEL FOR MR-GO-PLAINTIFF
SUBGROUP LITIGATION COMMITTEE

MCCRANIE, SISTRUNK, ANZELMO, HARDY,
MAXWELL & MCDANIEL


BY:___*/s/ Thomas P. Anzelmo*_____
       Thomas P. Anzelmo (#2533)
       3445 N. Causeway Boulevard, Suite 800
       Metairie, Louisiana 70002
       Telephone:    (504) 831-0946
       Facsimile:    (504) 831-2492

ATTORNEYS FOR THE BOARD OF
COMMISSIONER'S FOR THE ORLEANS
LEVEE DISTRICT AND THE ORLEANS LEVEE
DISTRICT

DUPLASS, ZWAIN, BOURGEOIS, MORTON
PFISTER & WEINSTOCK


BY:   /s/ Gary M. Zwain
      Gary M. Zwain (#13809)
      Three Lakeway Center, Suite 2900
      3838 North Causeway Boulevard
      Metairie, Louisiana 70002
      Telephone:    (504) 832-3700
      Facsimile:    (504) 837-3119


ATTORNEYS FOR THE BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, THE EAST
JEFFERSON LEVEE DISTRICT, THE BOARD
OF COMMISSIONERS FOR THE LAKE
BORGNE BASIN LEVEE DISTRICT, AND THE
LAKE BORGNE BASIN LEVEE DISTRICT


LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD


BY:   /s/ Ralph S. Hubbard
      Ralph S. Hubbard III (#7040)
      601 Poydras Street, Suite 2775
      New Orleans, Louisiana 70130
      Telephone:    (504) 568-1990
      Facsimile:    (504) 310-9195

and

PHELPS DUNBAR LLP


BY:     /s/ S. Ault Hootsell III
        S. Ault Hootsell III
        Canal Place
        365 Canal Street, Suite 2000
        New Orleans, LA  70130-6534
        Telephone:  (504) 566-1311
        Telecopier:  (504) 568-9130

ATTORNEYS FOR ST. PAUL FIRE AND
MARINE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been electronically filed with the Clerk of Court by using the CMECF system which will send a notice of electronic filing to all counsel of record this 21st day of September, 2009.


/s/ S. Ault Hootsell III