UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION <br><br> NO. 05-4182 |
| FILED IN: | 05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6369, 06-0020, 06-1885,<br>06-0225, 06-0886, 06-11028, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163,<br>06-5367, 06-5471, 06-5771, 06-5786,<br>06-5937, 06-7682, 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288,<br>and 07-1289 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | SECTION "K"(2) |
| **PERTAINS TO: LEVEE** | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**THE SEWERAGE AND WATER BOARD WITHOUT PREJUDICE**

**NOW INTO COURT**, through undersigned counsel, comes the LEVEE PSLC, which in support of the Motion to Dismiss Without Prejudice, do state as follows:

I.

**FACTS**

As the Court is well aware, hurricane Katrina struck the Louisiana coastline on August 29, 2005. Resultant from widespread flooding was a plethora of lawsuits that were consolidated into the *In re: Katrina Canal Breaches Litigation* umbrella (USDC, EDLA, # 05-4182). One of the named defendants in the above captioned cases was the Sewerage & Water Board of New

Orleans ("S&WB").

Pursuant to the Court's Order, a Corrected Restated Levee Master Consolidated Class Action Complaint (Rec. Doc. 7571) was filed naming, among others, the S&WB and alleged, in general, that the negligence of the S&WB caused the breach of the 17th Street Canal levee and floodwall. On December 23, 2008, the S&WB filed a Motion for Summary Judgment (Rec. Doc. 16843) alleging that it was entitled to dismissal of its remaining claims as it had no duty to plaintiffs regarding the design, construction, and maintenance of the levees and floodwalls along the 17th Street Canal.

On May 7, 2009, the Court issued its Order and Opinion granting the motion in part and denying the motion in part. (Rec. Doc. 18765). In particular, the Court denied the Motion for Summary Judgment "with respect to its claim that acted negligently with respect to the dredging of the Canal." Plaintiffs now seek to dismiss the remaining claims against the S&WB.

## II.

## LAW

Federal Rules of Civil Procedure, Rule 41 sets forth in pertinent part:

> **(a) Voluntary Dismissal.**
>
> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e) 23.1©), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> **(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> **(ii)** a stipulation of dismissal signed by all parties who have appeared.

2

> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2) *By Court Order; Effect***. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The basic purpose of the provision of this rule authorizing voluntary dismissal by plaintiff, with leave of court, is to "freely permit the plaintiff to voluntarily dismiss an action so long as no other party will be prejudiced." This allows for the withdrawal of an action "without prejudice to future litigation," and allows "the court to attach conditions to prevent a defendant from being unfairly affected by such dismissal." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (C.A.5 (Tex.) 1976).

The U.S. Fifth Circuit Court of Appeal has recognized that there is no single formula for balancing a court's discretion when analyzing a motion to voluntarily dismiss a lawsuit. However, the district court may consider the stage of the suit, the pleadings and memoranda filed, conferences attended, whether the parties have undertaken significant discovery, and whether prior court determinations were adverse to the plaintiff. Davis v. Huskipower Equipment Corp., 936 F.2d 193, 199 (5th Cir.1991), Hartford Accident & Indemnity Co. v. Coasta Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir.1990).

While it is true that some of these factors are present, dismissal is not sought for purely tactical reasons. The U.S. Fifth Circuit Court of Appeal has recently ruled that the connection between dredging claims against S &WB to maritime law "...is overshadowed greatly by the canal project's connection to the local interest of drainage and flood-prevention." In re Katrina Canal Breaches Litigation, 324 Fed.Appx. 370, 380 (C.A.5 (La.),2009). As recognized by that Court, the claims currently at issue "raise questions traditionally governed by state law." Id., at 380.

For a denial of a motion to dismiss to be appropriate, the Court should find that (1) dismissal would preclude the court from deciding a pending case or claim-dispositive motion, or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice. Radiant Technology Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 203 (N.D.Tex.1988). The mere prospect of a second lawsuit or the fact that a plaintiff may obtain some tactical advantage are insufficient to establish legal prejudice. Reed v. Falcon Drilling Co., Inc., 2000 WL 222852, at *1 (5th Cir. Feb. 18, 2000).

In the present case, the S&WB will would not suffer substantial prejudice if the action was voluntarily dismissed without prejudice, even though it would potentially lose its choice of forum and advantage of trying case in federal court as it has not been required to expend any resources in preparing for trial that would not be utilized in trial in a different venue. Likewise, the voluntary dismissal would not substantially prejudice the S&WB by stripping it of a defense that would otherwise be available. Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176 (C.A.5 (La.) 1990).

As recognized by the U.S. Fifth Circuit Court of Appeal, the issues giving rise to the

action against the S&WB are traditionally governed by state law, thus the Plaintiffs will not gain any tactical advantage over the S&WB in future litigation.

### III.

### CONCLUSION

**WHEREFORE**, the LEVEE PSLC pray that this Court grant the Motion To Dismiss without Prejudice.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 23rd day of September, 2009.

/s/ Joseph M. Bruno
Joseph M. Bruno