UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES  
CONSOLIDATED LITIGATION

CIVIL ACTION

No.: 05-4182

FILED IN:   05-4181, 05-4182, 05-4191, 05-4568,  
05-5237, 05-6073, 05-6314, 05-6324,  
05-6327, 05-6359, 06-0020, 06-1885,  
06-0225, 06-0886, 06-11208, 06-2278,  
06-2287, 06-2346, 06-2545, 06-3529,  
06-4065, 06-4389, 06-4634, 06-4931,  
06-5032, 06-5042, 06-5159, 06-5163,  
06-5367, 06-5471, 06-5771, 06-5786,  
06-5937, 06-7682, 07-0206, 07-0647,  
07-0993, 07-1284, 07-1286, 07-1288,  
07-1289.

PERTAINS TO: LEVEE AND MR-GO

## FINAL ORDER AND JUDGMENT

Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Final Order and Judgment ("Final Order and Judgment") shall have the meanings and/or definitions given them in the Class Settlement Agreement entered into by or on behalf of the Settlement Class, and the Settling Defendants, adopting the terms and conditions of the Class Settlement Agreement, all of which were preliminarily approved by this Court's Preliminary Approval Order dated December 15, 2008 preliminarily certifying and defining the Settlement Class, preliminarily approving the Class Settlement Agreement, and approving the form and manner of notice. A copy of the Class Settlement Agreement, as amended ("Class Settlement Agreement"), is attached as *in globo* Exhibit "1" to this Final Order and Judgment.

The Certification Hearing and the Fairness Hearing commenced on the 2nd day of April, 2009, at which time the Court considered whether the proposed Class Settlement Agreement is fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, and related matters, all as requested in the Parties' Joint Motion for Certification of a Settlement



NO.99955938.2

Class, for Approval of Proposed Settlement and for the Stay of Certain Claims and Actions (the "Joint Motion").

Having (i) reviewed the proposed Class Settlement Agreement (including all exhibits thereto); (ii) afforded all parties to the Litigation, including all Class Members, the opportunity to be heard on the propriety of the certification of the Settlement Class at the Certification Hearing, and on the terms and conditions of the proposed settlement at the Fairness Hearing; (iii) ordered the issuance of proper, comprehensive, and adequate notice consistent with due process of law; (iv) reviewed fully the record of this proceeding (including this Court's Preliminary Approval Order); (v) considered all factors which pertain to the approval or disapproval of the proposed settlement of a class action; (vi) considered all the evidence introduced at the Certification Hearing and the Fairness Hearing; (vii) considered the representations and argument of Class Counsel, counsel for the Settling Defendants, and counsel for the objectors, including post-hearing briefing; (viii) considered the relevant law, including, without limitation, Federal Rule of Civil Procedure 23; and (ix) considered the Parties' proposed Findings of Fact and Conclusions of Law; and based on this Court's Findings of Fact and Conclusions of Law issued in this matter;

Having further considered all of the objections presented to the fairness, reasonableness, and adequacy of the proposed settlement and concluded that these objections are not meritorious; and having determined and concluded that the proposed settlement is fair, reasonable and adequate and in the best interests of the Settlement Class;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

(1) The Joint Motion is approved, and the Class Settlement Agreement and the settlement contained therein, including (i) any amendments or corrections (including the amendments this Court approved on _____, Doc. _____), (ii) all terms and

conditions thereto, and (iii) all attached exhibits, are now finally approved by the Court pursuant to applicable law, including Rules 23(a), (b)(1)(B) and (e) of the Federal Rules of Civil Procedure.

(2) The preliminary certification of the Settlement Class pursuant to the Preliminary Approval Order is hereby confirmed, and the following Settlement Class is certified for settlement purposes only pursuant to the Class Settlement Agreement and Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure: all Persons (a) who at the time of Hurricane Katrina and/or Hurricane Rita (i) were located, present or residing in the Hurricane Affected Geographic Area, or (ii) owned, leased, possessed, used or otherwise had any interest in homes, places of business or other immovable or movable property on or in the Hurricane Affected Geographic Area, and (b) who incurred any losses, damages and/or injuries arising from, in any manner related to, or connected in any way with Hurricane Katrina and/or Hurricane Rita and any alleged Levee Failures and/or waters that originated from, over, under or through the Levees under the authority and/or control of all or any of the Levee Defendants. The term "Class" or "Settlement Class" shall expressly include all Persons who are parties to any of the Pending Actions. The Settlement Class shall include and be divided into the following subclasses of Class Members whose alleged Claims are based in any way on, or result in any way from, the acts, omissions, or any sources of liability whatsoever of: (a) *Subclass 1* - the Lake Borgne Basin Levee District, the Lake Borgne Basin Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; (b) *Subclass 2* - the East Jefferson Levee District, the East Jefferson Levee District Board of Commissioners, and St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing; and (c) *Subclass 3* - the Orleans Levee District, the Orleans Levee District Board of Commissioners, and

NO.99955938.2

St. Paul Fire and Marine Insurance Company, in its capacity as insurer of each of the foregoing (collectively, the "Subclasses" and each a "Subclass"). A Class Member may be included in more than one Subclass. The term "Class" or "Settlement Class" shall expressly include all Persons entitled to assert a Claim on behalf of any Class Member and/or who derives any right or claim from or through any Class Member by way of assignment, subrogation or otherwise. Excluded from the Settlement Class are the judge and/or magistrate judge to whom the Litigation is assigned at the trial court or upon any appeal.

As used above in the definition of the proposed Settlement Class (and in the Class Settlement Agreement), the following terms are defined as follows:

a. The term "Hurricane Affected Geographic Area" shall mean the entire area located within the Parishes of Jefferson, Orleans, Plaquemine and St. Bernard, Louisiana, together with any body of water that is, in whole or in part, adjacent to or within all or any portion of any of these Parishes.

b. The term "Hurricane Katrina" shall mean the tropical cyclone named "Hurricane Katrina" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about August 29, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Katrina regardless of whether same occurred prior to, concurrently with, or following Hurricane Katrina's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

c. The term "Hurricane Rita" shall mean the tropical cyclone named "Hurricane Rita" by the National Weather Service's National Hurricane Center which made landfall in Louisiana on or about September 24th, 2005 including, but not limited to, its classification as a tropical depression, storm, hurricane and/or other weather event and any and all effects due to, caused by, or relating to Hurricane Rita regardless of whether same occurred prior to, concurrently with, or following Hurricane Rita's landfall including, but not limited to, storm surge, flooding, rainfall, lightning, wind and/or tornados.

d. The term "Levees" shall include any and all levees, embankments, seawalls, jetties, breakwaters, water-basins, floodwalls, floodgates, gates, outfall canals, drainage canals, berms, spoil banks, and other works in relation to such projects, and/or any other flood or water control structure(s), whether man-made or natural.

e. The term "Levee Failures" shall mean the actual or alleged breaching,

overtopping, seepage, collapse, undermining, weakening or any other alleged failure of Levees regardless of cause, whether caused in whole or part by an alleged defect, error or neglect with respect to the design, construction, maintenance, inspection, and/or operation of the Levees, and all dredging operations necessary in connection therewith or incidental thereto, and/or whether caused in whole or part by any wind, waves, tide, rainfall, storm surge or other force or effect caused by or resulting from Hurricane Katrina and/or Hurricane Rita.

    f.    The term "Pending Actions" shall mean any and all lawsuits, administrative claims or other actions, however asserted (including but not limited to any and all petitions, complaints, third-party demands, cross-claims and counter-claims), in which a Released Claim has been, or is, asserted (including but not limited to those lawsuits identified on Exhibit "A" to the Class Settlement Agreement, as amended).

(3)    The preliminary approval of the Class Representatives and Class Counsel is hereby confirmed, and the Class Representatives and Class Counsel are approved.

(4)    Each and every term, provision, condition and agreement of the Class Settlement Agreement, including all exhibits and amendments thereto, are hereby made part of this Final Order and Judgment as if copied herein *in extenso* and shall be effective, implemented and enforced as provided therein.

(5)    All Objections made to certification of the Settlement Class and/or approval of the Class Settlement Agreement, including specifically any objections to due process, constitutionality, procedures, and compliance with law (including, but not limited to, the adequacy of notice and the fairness of the proposed Class Settlement Agreement), are overruled, as are any untimely Objections.

(6)    The Objections made and briefed by Mary Brinkmeyer, Michelle LeBlanc, and Thomas C. Stuart are overruled.

(7)    The Objections made and briefed on behalf of the plaintiffs in Case No. 06-5116 (*Sims*), Case No. 06-5118 (*Richard*), Case No. 06-5142 (*Augustine*), Case No. 06-5132 (*Ferdinand*), Case No. 06-5131 (*Bourgeois*), Case No. 06-5134 (*Christophe*), Case No. 06-5137

(*Williams*), Case No. 06-5127 (*DePass*), Case No. 06-5128 (*Adams*), and Case No. 06-5140 (*Porter*) are overruled.

(8)     On the Effective Date of Class Settlement, all Released Claims asserted against the Released Parties in the Litigation are dismissed with prejudice; provided however, that the Litigation shall not be dismissed in its entirety, but shall remain open to facilitate the jurisdiction retained by the Court in Paragraph 12 below.

(9)     The stay (including discovery) of all Claims asserted against the Released Parties in the federal Pending Actions contained in the Preliminary Approval Order is hereby re-confirmed and remains in effect. Further, all Claims asserted against the Released Parties in the remaining Pending Actions are stayed (including discovery). Pending the Effective Date of Class Settlement, Class Members are enjoined from pursuing the Released Claims against the Released Parties, including but not limited to all Claims asserted against the Released Parties in the Pending Actions (as well as discovery against the Released Parties in the Pending Actions absent further order of this Court). On the Effective Date of Class Settlement, all Claims asserted against the Released Parties in the Pending Actions, shall be dismissed with prejudice. The Class Members, through their Counsel, shall file in the Pending Actions appropriate Final Judgments to effectuate such dismissals to be entered in each of these cases. No finding, judgment, adjudication, or verdict rendered in the Pending Actions after the date of this Final Order and Judgment, or rendered by any Court and/or jury in any proceeding or action after the Claims in such proceeding or action have been stayed or enjoined as to the Released Parties, shall be binding or have any precedential effect on the Released Parties.

(10) On the Effective Date of Class Settlement, the Released Parties are hereby finally released from any and all Released Claims by, through, or on behalf of a Class Member in state or federal court.

(11) On the Effective Date of Class Settlement, each and every Class Member (and all persons claiming by, through or on behalf of a Class Member), are hereby finally and permanently barred and enjoined from instituting, continuing, maintaining or prosecuting any actions against the Released Parties with respect to any and/or all Released Claims.

(12) Notwithstanding any other provision of this Final Order and Judgment and/or the Class Settlement Agreement, the Court reserves continuing jurisdiction over the Litigation, the Class, the Class Members, and the Class Settlement Agreement for the purpose of administering, supervising, construing and enforcing the Class Settlement Agreement, and also continuing and exclusive jurisdiction over the Class Settlement Funds and the distribution of same to Class Members.

(13) The Court's retention of jurisdiction as set forth above shall not affect the finality of this Final Order and Judgment. Further, the Court hereby makes an express determination that there is no just reason for delay and orders entry of this Final Order and Judgment. Accordingly, this Final Order and Judgment is immediately appealable.

(14) Class Counsel and counsel of any Class Member shall have the right to seek an award from the Escrowed Funds for fees, costs and expenses (including any enhancement of costs and expenses as may be awarded by the Court) and shall have the right to make an application to the Court for same; provided however, that such request(s) may be made only after the occurrence of the Effective Date of Class Settlement, and provided that Class Counsel have expressly waived any right to seek attorneys' fees.

(15) After the occurrence of the Effective Date of Class Settlement and upon considering recommendations to be made by the Parties, the Court will appoint a Special Master to serve upon and after the Effective Date of Class Settlement. After the Effective Date of Class Settlement and upon such appointment, and subject to the Court's approval, the Special Master shall have the authority to contract with others to appoint such agents that may be necessary to carry out the Special Master's responsibilities. After the Effective Date of Class Settlement, the Special Master's duties and responsibilities shall include but are not limited to the study and recommendation to the Court of the proper and best disposition and/or protocol for the distribution of the Class Settlement Funds, and whether the distribution should be made for the benefit of the Class as a whole or to individual Class Members. At all times, the Special Master shall carry out his/her responsibilities in as economical and effective manner as possible. Except as provided in Section III(12)(b) of the Class Settlement Agreement, the Special Master must obtain Court Approval for any requested payment from the remaining Escrowed Funds; provided however, that notwithstanding the foregoing the Special Master may pay compensation due to the Escrow Agent under the Escrow Agreement for normal services without prior Court approval. Notwithstanding the foregoing or any other provision of this Class Settlement Agreement or of any other document or the Preliminary approval Order or this Final Order and Judgment, the Special Master shall not be entitled to any compensation payment from, and shall have no rights in, the Escrowed Funds unless there is the occurrence of the Effective Date of Class Settlement. Subject to the foregoing, the Special Master shall be paid in accordance with a proposed budget submitted in advance and approved by Class Counsel, and approved by the Court.

(16) The Court hereby re-confirms the appointment of CADA Daniel H. Clavier, Jr., CPA, Bourgeouis Bennett, 111 Veterans Blvd. 17th Floor, New Orleans, LA 70005, Phone: (504) 831-4949; Fax: (504) 833-9093 as the CADA. If he shall be unable to serve for any reason, any other Person to be appointed as CADA shall be mutually acceptable to Plaintiffs and the Settling Defendants each in their sole and absolute discretion. The CADA's duties include but are not limited to the payment of amounts from the Escrowed Funds prior to the Effective Date of Class Settlement as limited by the terms of the Class Settlement Agreement (including specifically Sections III(12)(a) and 12(b) thereof), and after the Effective Date of Class Settlement assisting the Special Master in the administration and disposition of the remaining Escrowed Funds, or as so ordered by the Court. Except as provided in Section III(12)(b) of the Class Settlement Agreement, the CADA must obtain Court approval for any requested payment from the Escrowed Funds; provided however, that notwithstanding the foregoing the CADA may pay compensation due to the Escrow Agent under the Escrow Agreement for normal services without prior Court approval. Subject to the foregoing, the CADA shall be paid in accordance with a proposed budget submitted in advance and (a) approved (i) by Class Counsel and by counsel for St. Paul Fire and Marine Insurance Company (to the extent that the work is to be, or may be, undertaken prior to the Effective Date of Class Settlement) and (ii) by Class Counsel (to the extent that the work is to be undertaken after the Effective Date of Class Settlement), and (b) approved by the Court.

(17) Subject expressly to the limitations set forth in the Class Settlement Agreement, Notice Costs, Special Master fees and costs, Escrow Agent costs and fees, CADA fees and costs, the fees and costs of any Person retained by the Special Master or CADA, and other costs, fees and expenses incurred in the implementation of the Class Settlement Agreement (including but

not limited to the costs and fees of all experts of the Parties) and the disposition of the Escrowed Funds may be paid from the Escrowed Funds.

(18)  Notwithstanding any other provision of the Class Settlement Agreement or of any other document or of the Preliminary Approval Order or this Final Order and Judgment, the Settling Defendants shall not be liable for, and shall have no responsibility for payment of, any Class Counsel's attorney's fees, costs and expenses, Class Member's attorney's fees, costs and expenses, Special Master fees and costs, CADA fees and costs, court costs, Notice Costs, the fees and costs of any Person retained by the Special Master or CADA, and/or other costs and fees associated with the Litigation, the approval and/or implementation of the Class Settlement Agreement, the administration of Claims, and/or the disposition of the Escrowed Funds. Notwithstanding any provision of the Class Settlement Agreement or of any other document or this Preliminary Approval Order, the Settling Defendants shall have no obligation to pay any amount beyond the Insurance Policy Limits and the Judicial Interest.

(19)  Until the Effective Date of Class Settlement, no funds in the Escrow Account shall be used or disbursed other than to pay certain fees, taxes, costs and expenses as provided in the Class Settlement Agreement (including specifically Sections III(12)(a) and (12)(b) thereof). Prior to the Effective Date of Class Settlement, except with regard to any possessory lien and/or security interest that may be granted to the Escrow Agent under the Escrow Agreement solely to secure the payment of amounts coming due to the Escrow Agent under the Escrow Agreement (i) St. Paul Fire and Marine Insurance Company has, and shall retain, exclusive right, title and interest, both legal and equitable, in and to the Escrowed Funds (including without limitation the Insurance Policy Limits, the Judicial Interest and all Accrued Interest), and (ii) no other Person (including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the

Special Master, the CADA, Class Counsel and Class Members) shall have any right, title or interest, whether legal or equitable, in or to said Escrowed Funds; provided however, that this provision shall not prevent the payment of Notice Costs and amounts that may be paid to the CADA, the Escrow Agent and/or St. Paul Fire and Marine Insurance Company prior to the Effective Date of Class Settlement from the Escrowed Funds pursuant to Sections III(12)(a) and/or III(12)(b) of the Class Settlement Agreement.

(20) Upon the occurrence of a Class Termination Event, notice of same shall be filed into the record in the Litigation.

(21) If (i) this Final Order and Judgment and/or the Class Settlement Agreement is materially modified in any way absent mutual written consent of Class Counsel and counsel for the Settling Defendants (no modification may be materially adverse to the Settlement Class), (ii) this Final Order and Judgment is reversed on appeal and the reversal becomes final, or (iii) upon any Class Termination Event, then notwithstanding any other provision herein or in the Class Settlement Agreement, (a) all remaining Escrowed Funds (that is, the Insurance Policy Limits and Judicial Interest deposited pursuant to Section III(4) of the Class Settlement Agreement, plus all Accrued Interest, less any amounts paid therefrom in accordance with the terms of the Class Settlement Agreement prior to the receipt by the Escrow Agent of St. Paul Fire and Marine Insurance Company's notice of withdrawal from the Escrow Agreement) less only any then outstanding amounts owed to the Escrow Agent, shall be immediately released from the Escrow Account (and from each sub-account therein) to St. Paul Fire and Marine Insurance Company free and clear of any Claims or alleged rights thereto of any other Persons, including, but not limited to, Plaintiffs, Plaintiffs' counsel, counsel for any Class Member, the Special Master, the CADA, Class Counsel and Class Members. After the release from the Escrow Account to St.

Case 2:05-cv-04182-SRD-JCW   Document 19282-6   Filed 09/24/09   Page 12 of 15
Case 2:05-cv-04182-SRD-JCW   Document 19072-3   Filed 06/26/2009   Page 12 of 15

Paul Fire and Marine Insurance Company of all remaining Escrowed Funds free and clear of any Claims or alleged rights thereto of any other Persons, the Amended Complaint shall without further order of the Court be vacated without prejudice pursuant to the Preliminary Approval Order and this Final Order and Judgment, and the Class Settlement Agreement shall thereafter terminate and be null and void for all purposes, and of no further force and effect, with all Parties having the same rights, claims and defenses as if this Class Settlement Agreement were never executed; provided however, that, notwithstanding the foregoing, Sections III(4)(b), V(1) and VI(2) of the Class Settlement Agreement shall survive termination of the Class Settlement Agreement. For the avoidance of doubt, the provisions of the Preliminary Approval Order, including particularly paragraphs 20, 21 and 22 thereof, and the provisions of this Final Order and Judgment, including particularly this paragraph and paragraphs 22 and 23 below, shall survive termination of the Class Settlement Agreement and the dismissal of the Amended Complaint.

(22) Notwithstanding any other provision of the Class Settlement Agreement (or of any other document) or the Preliminary Approval Order or this Final Order and Judgment, if the Class Settlement Agreement is terminated, (a) the Class Settlement Agreement shall have no effect on the rights of the Parties or the Class Members (i) to take action in support of or in opposition to class certification in the Pending Actions, or any other action; or (ii) to prosecute or defend the Pending Actions, or any other action and (b) subject expressly to the reservation and preservation of rights and defenses in favor of the Settling Defendants contained in the Class Settlement Agreement, the Parties and all Class Members shall be restored to their respective *status quo ante* immediately prior to the date the Parties sign the Class Settlement Agreement. In such event, the Class Settlement Agreement and all negotiations, proceedings, documents

- 12 -
NO.99955938.2

prepared and statements made in connection herewith shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law, whether in the Pending Actions or otherwise.

(23)   Notwithstanding any other provision of the Class Settlement Agreement (or of any other document) the Preliminary Approval Order or this Final Order and Judgment, the Preliminary Approval Order, this Final Order and Judgment, the Class Settlement Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, at the Certification Hearing, at the Fairness Hearing, or in connection with any related motion (including any motion to enjoin or stay any of the Pending Actions), and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to the Settling Defendants and Plaintiffs, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any Person, including any Party or Class Member, that the Litigation or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.*, of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any Claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the Pending Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Settling Defendants, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

NO.99955938.2

(24)  The terms of the Class Settlement Agreement, this Final Order and Judgment, and the Preliminary Approval Order shall be binding on the Parties and all Class Members, as well as their heirs, executors, and administrators, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such Persons.

(25)  The Court expressly approves the releases set forth in the Class Settlement Agreement and makes part hereof and incorporates such releases as if fully set forth in this Final Order and Judgment *in extenso*.

(26)  Nothing in this Final Order and Judgment shall preclude any action before the Court to enforce the terms of the Class Settlement Agreement.

(27)  Prior to this Final Order and Judgment becoming a Final Judgment, this Class Settlement Agreement may, with approval of the Court, be modified by written agreement of counsel for the Settling Defendants and Class Counsel in their discretion without giving any additional notice to the Class (other than the notice given with respect to the settlement, the Certification Hearing and the Fairness Hearing), provided that such modifications are not materially adverse to the Class. Such modifications without additional notice may include the modification or exclusion of certain costs, fees and/or expenses to be paid from the Escrowed Funds and the determination of, and/or modifications to, the process to be approved by the Court for disposition of the Escrowed Funds.

(28)  Subsequent to this Final Order and Judgment becoming a Final Judgment, this Class Settlement Agreement may, with approval of the Court, be modified by written agreement of counsel for the Settling Defendants and Class Counsel in their discretion without giving any

additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Class Settlement Agreement.

Signed this _____ day of _____, 2009 in New Orleans, Louisiana.

_____
United States District Court Judge
Eastern District of Louisiana