United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2009

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 08-30493

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:06-CV-5116



IN RE: KATRINA CANAL BREACHES LITIGATION

---

LESLIE SIMS, JR; ROSA MARQUEZ; FLOYD S AARON, III; HASSAR SLEEM; MADELINE BERTUCCI; ET AL

    Plaintiffs - Appellants

v.

PARISH OF JEFFERSON

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is vacated, and this cause is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that appellants pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

## ISSUED AS MANDATE:

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By /s/ Angelique D. Batista
Deputy

New Orleans, Louisiana        SEP 1 8 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30492

IN RE: KATRINA CANAL BREACHES LITIGATION

ELIZABETH H DEPASS; WILLIAM KEITH DEPASS, IV; MARSHALL L HARRIS; MANUEL C TRELLES; WILLIAM B COLEMAN, III; CAROL C GAMBEL; WILLIAM C GAMBEL; RONALD LANDRY

                              Plaintiffs-Appellants

CLEVELAND COBB, SR; RENATE B COLEMAN; WILLIAM B COLEMAN, JR; CAROL C DE LA HOUSSAYE; CLYDE DE LA HOUSSAYE; WAYNE DE LA HOUSSAYE; PAULINE DIXON; LANIER DIXON; MARTHA W ELLIS; COURTNEY FREEMAN; LOUIS MCDANIEL FREEMAN, JR; SHIRLEEN JEFFERSON; IRENE B LUTKEWITTE; THOMAS LUTKEWITTE; CHARLES MARSHALL, JR

                              Appellants

v.

PARISH OF JEFFERSON

                              Defendant-Appellee

Consolidated with
Case No. 08-30493

IN RE: KATRINA CANAL BREACHES LITIGATION

LESLIE SIMS, JR; ROSA MARQUEZ; FLOYD S AARON, III; HASSAR SLEEM; MADELINE BERTUCCI; ET AL

No. 08-30492

Plaintiffs-Appellants

v.

PARISH OF JEFFERSON

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:06-CV-5127, 2:05-CV-4182

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is a consolidated appeal of the district court's dismissal of claims against Jefferson Parish, Louisiana in two cases concerning property damage from flooding that occurred as a result of the levee breaches in New Orleans during Hurricane Katrina. The plaintiffs-appellants, property owners in Jefferson Parish and Orleans Parish, allege that the property damage resulted from deficiencies in the New Orleans flood protection system. In their original complaints, filed on August 28, 2006, the plaintiffs-appellants named as defendants the Board of Commissioners of the Orleans Levee District, the Board of Commissioners of the Port of New Orleans, the Sewerage & Water Board of New Orleans, the East Jefferson Levee District, Jefferson Parish, and the Louisiana Department of Transportation and Development. In their second amended complaints, filed on April 11, 2007, the plaintiffs-appellants added the United States as a defendant. On October 12, 2007, the district court dismissed the claims against Jefferson Parish in both actions. On March 27, 2008, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

substantive dispute is over whether Jefferson Parish was under a general duty to maintain the levees under Louisiana law.

However, we decline to reach the merits of this dispute because the district court exercised subject matter jurisdiction over this case on improper grounds. Although Jefferson Parish did not appeal the district court's ruling on jurisdiction, this panel must nonetheless consider whether federal subject matter jurisdiction exists. *See E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) ("Although neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction sua sponte.").

The district court exercised jurisdiction over the plaintiffs-appellants' claims against Jefferson Parish on the basis of supplemental jurisdiction. Specifically, the district court held that it had original jurisdiction over the plaintiffs-appellants' federal tort claims act claims against the United States that were added in the second amended complaint, and that those claims and the claims against Jefferson Parish arose out of a common nucleus of operative fact, thus warranting the exercise of supplemental jurisdiction over the claims against the Parish. However, the new claims against the United States added in the second amended complaint cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists. *See* 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). That is, an amendment may remedy jurisdictional problems of the "technical" or "formal" variety,[2] but it may not "create an entirely new jurisdictional basis to provide

---

[2] Dropping a dispensable party to perfect diversity jurisdiction is considered to be such a "technical" or "formal" correction. *See* 3 James Wm. Moore et al., *Moore's Federal Practice*

4

competence in a court which lacked authority over the case ab initio." *Falise v. Am. Tobacco Co.*, 241 B.R. 63, 67 (E.D.N.Y. 1999) (Weinstein, J.). This court has specifically held that an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (holding that because "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction," the motion must be denied "[b]ecause § 1653 is limited to curing technical defects only")); *see also United States v. U.S. Fid. & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996) ("[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction."). Thus, supplemental jurisdiction based on the plaintiffs-appellants' federal tort claims act claims against the United States does not provide a valid basis for subject matter jurisdiction over the plaintiffs-appellants' claims against the Parish. Although Jefferson Parish did not object to the plaintiffs-appellants amending the complaint to add the federal tort claims act claims, "[s]ubject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver." *Buchner v. FDIC*, 981 F.2d 816, 821 (5th Cir. 1993).

The plaintiffs-appellants asserted another basis for supplemental jurisdiction over their claims against the Parish in the district court: a common nucleus of operative fact with third-party beneficiary claims in the original

---

§ 15.14[3], at 15–36 (3d ed. 1999) ("A plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction when none exists. A plaintiff may, however, drop dispensable parties, those parties not needed to establish subject matter jurisdiction, in order to perfect diversity jurisdiction." (footnotes omitted)).

No. 08-30492

complaint based on Acts of Assurance that several defendants signed in favor of the United States.[3] Those third-party beneficiary claims as pleaded arise under Louisiana state law, but the plaintiffs-appellants argued that they trigger original subject matter jurisdiction because federal law controls the interpretation of the underlying Acts of Assurance, specifically the hold harmless provisions contained therein that were executed for the benefit of the United States and which the plaintiffs-appellants argued should be interpreted to create a duty to third parties. Federal law arguably does control the interpretation of the Acts of Assurance because the federal government entered into them pursuant to authority conferred by federal statute. *See United States v. Seckinger*, 397 U.S. 203, 210 (1970) ("[F]ederal law controls the interpretation of the contract. This conclusion results from the fact that the contract was entered into pursuant to authority conferred by federal statute and, ultimately, by the Constitution." (citations omitted)). However, the mere presence of a federal issue in a state cause of action is not sufficient to permit federal jurisdiction; this court has held that the presence of such a federal issue is sufficient to create federal jurisdiction only where: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). Although the parties did not raise the issue of whether the third-party beneficiary claims give rise to federal jurisdiction on appeal, it was briefed in the district court, and we fail to see any substantial federal question implicated in the third-party beneficiary claims based on the hold harmless provisions in the Acts of Assurance. Further, the plaintiffs-appellants failed to meet their burden of demonstrating a common

---

[3] It appears that the district court has since dismissed those claims.

nucleus of operative fact between the third-party beneficiary claims and the claims against Jefferson Parish, making only conclusory and unsupported assertions to that effect. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.").

Accordingly, we VACATE the judgment of the district court and DISMISS this suit for lack of jurisdiction.[4]

---

[4] The plaintiffs-appellants' motion to supplement the record is denied as moot.