```
              IN THE DISTRICT COURT OF
           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```
................................................

IN RE: KATRINA CANAL BREACHES :CIVIL ACTION
CONSOLIDATED LITIGATION       :
                              :NO. 05-4182
                              :and consolidated cases

    PERTAINS TO BARGE         :
                              :SECTION "K" (2)

Boutte v. Lafarge           05-5531:
Mumford v. Ingram           05-5724:
Lagarde v. Lafarge          06-5342:JUDGE
Perry v. Ingram             06-6299:STANWOOD R. DUVAL, JR.
Benoit v. Lafarge           06-7516:
Parfait Family v. USA       07-3500:MAG.
Lafarge v. USA              07-5178:JOSEPH C. WILKINSON, JR.
Weber v. Lafarge            08-4459:

................................................
          ORAL DEPOSITION OF DONALD GREEN
                 JUNE 25, 2009
................................................

*Allied*
ADVANCED
REPORTING
INCORPORATED

1647 COLQUITT   HOUSTON, TEXAS   77006-5203

PH: 713.524.6777   FAX: 713.524.6888   TOLL FREE: 800.223.9409

EMAIL: AARI@ALLIEDADVANCEDREPORTING.COM

EXHIBIT E

1   Q.   And you would expect with that understanding   15:55
2   on the part of Mr. Busch that Lafarge would make the   15:55
3   necessary arrangements to secure the barge to   15:55
4   withstand the hurricane; correct?   15:55
5   A.   Yes.   15:55
6   Q.   In Section 5.14 of your March 11, 2009 expert   15:55
7   report, there is a statement, the concluding   15:56
8   sentence, that says, "I am of the opinion that the   15:56
9   failure of Zito, had it received the call to retrieve   15:56
10  the barge, knowing that it was empty, released and   15:56
11  ready for pickup, constituted negligence."   15:56
12  A.   Yes.   15:56
13  Q.   Would you agree that if Zito had not received   15:56
14  the call that your opinion regarding its negligence   15:56
15  would be reversed?   15:56
16  A.   Yes.   15:56
17  Q.   Now, did I understand that your opinion with   15:56
18  respect to the breakaway is based upon a series of   15:56
19  events, one is the five-barge tier that was adjacent   15:56
20  to the location of the Barge 4727 drifted into the   15:56
21  4727?   15:57
22  A.   Yes.   15:57
23       MR. SANDERS:   He said "possible."   15:57
24  A.   Possible.   15:57
25  Q.   (By Mr. Mouledoux)   And you attribute that to   15:57

| | | |
|---|---|---|
| 1 | slippage of a mooring line because they did not use | 15:57 |
| 2 | steel cable to secure the five-barge tier? | 15:57 |
| 3 | A.   Yes. | 15:57 |
| 4 | Q.   And then you indicated that Barge ING 4727 | 15:57 |
| 5 | separated from its adjoining loaded barge 4745 | 15:57 |
| 6 | because proper mooring lines were not used by | 15:57 |
| 7 | Lafarge? | 15:57 |
| 8 | A.   Yes.  I said it was possible as the result | 15:57 |
| 9 | of forces in all of these instances. | 15:57 |
| 10 | Q.   If Lafarge had used proper mooring lines to | 15:57 |
| 11 | secure the barge, is it your opinion that it is more | 15:57 |
| 12 | probable than not that the barge would not have | 15:57 |
| 13 | broken away on August 29th? | 15:57 |
| 14 | MR. WALKER:  Objection. | 15:57 |
| 15 | A.   Say that --  I'm sorry. | 15:57 |
| 16 | Q.   (By Mr. Mouledoux)  In other words, assume | 15:57 |
| 17 | that Lafarge had used the mooring lines that you have | 15:57 |
| 18 | suggested should have been used. | 15:58 |
| 19 | A.   Yes. | 15:58 |
| 20 | Q.   If Lafarge had followed your recommendation, | 15:58 |
| 21 | is it more probable than not the barge would not have | 15:58 |
| 22 | broken away on August 29th, 2005? | 15:58 |
| 23 | A.   Yes. | 15:58 |
| 24 | MR. WALKER:  Same objection. | 15:58 |
| 25 | Q.   (By Mr. Mouledoux)  Would you agree that Zito | 15:58 |

| | |
|---|---|
| 1 | had no responsibility for the securing or mooring of | 15:58 |
| 2 | the five-barge tier? | 15:58 |
| 3 | A. Correct. | 15:58 |
| 4 | Q. And would you agree that Zito had no | 15:58 |
| 5 | responsibility with respect to the mooring of the | 15:58 |
| 6 | Barges 4727 around 4745 as they were shifted on that | 15:58 |
| 7 | Saturday preceding the storm? | 15:58 |
| 8 | A. I agree. | 15:58 |
| 9 | Q. And is it your understanding and appreciation | 15:58 |
| 10 | that Lafarge had the necessary means and equipment to | 15:58 |
| 11 | secure the barges in the manner that you have | 15:58 |
| 12 | recommended in your deposition today? | 15:59 |
| 13 | A. Yes. | 15:59 |
| 14 | Q. Now in your report, going back to | 15:59 |
| 15 | Section 5.14, in the middle of that section you | 15:59 |
| 16 | state, "Had there been a phone call, there clearly | 15:59 |
| 17 | was enough time to move the ING 4727 from the Lafarge | 15:59 |
| 18 | facility to the Zito Fleeting facility on the | 15:59 |
| 19 | Mississippi River." | 15:59 |
| 20 | Would you explain what you mean by | 15:59 |
| 21 | "there clearly was enough time"? | 15:59 |
| 22 | A. Well, they notified them at 9:00 on Saturday | 15:59 |
| 23 | morning purportedly, and so they had from 9:00 that | 15:59 |
| 24 | morning until they closed the port of further | 15:59 |
| 25 | movement some 36 hours later, whatever. It's a lot | 15:59 |