# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES    \* CIVIL ACTION
CONSOLIDATED LITIGATION    \*
   \* NO. 05-4182 "K" (2)
   \*
   \* JUDGE STANWOOD R. DUVAL
   \*
   \* MAG. JUDGE JOSEPH C. WILKINSON, JR.
   \*

***THIS PLEADING APPLIES TO:***    **BARGE**

| | |
|---|---|
| *Boutte v. Lafarge* | C.A. No. 05-5531 |
| *Mumford v. Ingram* | C.A. No. 05-5724 |
| *Lagarde v. Lafarge* | C.A. No. 06-5342 |
| *Perry v. Ingram Barge* | C.A. No. 06-6299 |
| *Benoit v. Lafarge* | C.A. No. 06-7516 |
| *Parfait v. USA* | C.A. No. 07-3500 |
| *LNA v. USA* | C.A. No. 07-5178 |

## LAFARGE NORTH AMERICA INC'S ANSWERS TO INTERROGATORIES PROPOUNDED BY ZITO FLEETING, LLC AND ZITO FLEETING, INC.

Defendant Lafarge North America Inc. ("LNA") hereby answers the Interrogatories

propounded by Zito Fleeting, LLC and Zito Fleeting, Inc., and avers upon information and belief

as follows:



EXHIBIT

M

## GENERAL OBJECTIONS

1.      LNA objects to each Interrogatory to the extent that it purports to require any act not mandated by the Federal Rules of Civil Procedure.  LNA will respond to the Interrogatories in accordance with the obligations imposed by the Federal Rules of Civil Procedure and not otherwise.

2.      LNA objects to each Interrogatory to the extent that it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or similar reason for non-production.   In that connection, LNA expressly avers that on September 8, 2005, it retained counsel and commenced an investigation of the subject matter of this case in anticipation of litigation.  That investigation continues to this day.   In the course of that investigation, LNA, its counsel, and its representatives have generated documents or compilations for the purpose of preparing for trial of claims such as those asserted in these cases, and such materials are protected from disclosure under Fed. R. Civ. P. 26(b)(3).  Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege.  LNA will supply a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5) and accompanying comments.

3.      LNA objects to each Interrogatory to the extent that it contravenes Case Management Order #5 and seeks to preempt the timelines established by the Court.

4.      LNA objects to each and every Interrogatory to the extent that it seeks information that already has already been produced in this litigation or seeks publicly available documents or information that are equally available to Zito as to LNA.

5.      LNA states that it has attempted to retrieve and preserve records from its New Orleans terminal, but can neither guarantee nor represent that none were lost or destroyed because of Hurricane Katrina, which seriously flooded and damaged the plant.  To the extent that an objection may be necessary, LNA objects to producing documents or information which may have been lost as a result of this hurricane.

6.      Each of LNA's answers to these Interrogatories is made to the best of LNA's knowledge at the present time, based upon its investigation to date.  LNA states that its investigation is ongoing and LNA specifically reserves the right to supplement and amend these responses when and if it becomes necessary.

7.      LNA objects to each and all "definitions" to the extent they vary the content of the Interrogatories in a way that renders them cumbersome and unduly burdensome.  LNA will answer the Interrogatories in accordance with the Federal Rules of Civil Procedure, common English usage, and the terms of the Interrogatories themselves.

## SPECIFIC RESPONSES TO ZITO FLEETING, LLC AND ZITO FLEETING, INC.'S INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the telephone number(s) that Edward Busch called and the exact time of the call(s) he allegedly made to Zito on August 27, 2005.

### ANSWER TO INTERROGATORY NO. 1:

The exact number is not known, but LNA states that it had a contact number for Zito of 504-835-8531.  According to Mr. Busch, the telephone call was made between 9 and 10 o'clock a.m.

**INTERROGATORY NO. 2:**

Please identify the telephone number(s) and phone service provider for any telephone(s) (including land lines and mobile/cell ones, both business and personal) that Edward Busch used when he allegedly called Zito on August 27, 2005.

**ANSWER TO INTERROGATORY NO. 2:**

LNA refers Zito to the deposition and trial testimony of Edward Busch.   Further answering, LNA does not know which phone Ed Busch used for the phone call to Zito.  Mr. Busch had use of the following phone numbers: 985-397-3254, 504-943-5550, 504-943-5777, 504-943-5589, and 504-943-5962.

**INTERROGATORY NO. 3:**

Please identify the full names, addresses, telephone numbers, job titles, and employers of any and all witnesses that purport to support the claim that a representative of Lafarge North America, Inc. called and left a voice mail message with Zito on the morning of August 27, 2005.

**ANSWER TO INTERROGATORY NO. 3:**

Ed Busch, 409 Magnolia Lane, Slidell, Louisiana; Earl Smith, 6761 Downman Road, New Orleans, Louisiana.  LNA refers to the depositions of Ed Busch and Earl Smith wherein Ed Busch testified that he called Zito on August 27, 2005 to inform them that the barge ING 4727 was released, and the deposition testimony of Earl Smith wherein Mr. Smith stated that Mr. Busch told him that he had released the barge.  LNA also identifies Jennifer Arnold, area safety manager at LNA, who spoke with Mr. Busch on the morning of August 27, 2005, and was told by Mr. Busch that he had released ING 4727.

**INTERROGATORY NO. 4:**

Please identify all facts, documents, evidence, and witnesses (if any) that you are aware of that purportedly show that Zito had knowledge during the period August 27, 2005 through August 29, 2005 that Barge ING 4727 had been offloaded and/or was ready for pickup from your facility.

**ANSWER TO INTERROGATORY NO. 4:**

LNA refers to the deposition testimony of Ed Busch, who testified that he called Zito and got an answering machine, on which he left the message that the Barge ING 4727 was released, and the deposition of Earl Smith, who that Ed Busch had informed him that he had released the barge.

**INTERROGATORY NO. 5:**

If you disagree with Barry Boudreaux's testimony that had a telephone call been placed to Zito's 504-835-8531 phone number on August 27, 2005, the call would not go to an answering machine or a voice mail system, identify all facts, documents, evidence and witnesses (if any) that you are aware of that support your contention.

**ANSWER TO INTERROGATORY NO. 5:**

LNA refers to the testimony of Ed Busch and Earl Smith, as described in its Answers to Interrogatories No. 3 and 4 above.

**INTERROGATORY NO. 6:**

If you contend that Zito had the means to pickup Barge ING 4727 on August 27, 2005 after Edward Busch allegedly left a voice mail message with Zito that morning, identify the specific basis for this contention including all facts, documents, evidence and witnesses (if any) that you are aware of that purportedly support this contention.

**ANSWER TO INTERROGATORY NO. 6:**

LNA objects to this interrogatory to the extent that it seeks information that is particularly and peculiarly within Zito's own possession and control. LNA has not contended, to this point, that Zito had the means to pick up Barge ING 4727 on August 27 2005. Rather, LNA understands that Zito may have closed its facility to incoming barges on the morning of August 27, 2005, such that it would have been impossible for LNA to have sent Barge ING 4727 away from its dock. LNA states that LNA's investigation and discovery in this case are ongoing, and LNA specifically reserves the right to supplement and amend this answer.

**INTERROGATORY NO. 7:**

Identify the telephone numbers and phone service providers for all telephones (including land lines and mobile/cell phones, both business and personal) that the Lafarge North America, Inc. employees and representatives were using to communicate on August 27, 2005 at your IHNC facility in New Orleans.

**ANSWER TO INTERROGATORY NO. 7:**

Please refer to the Nextel billing records produced in response to Zito's Request for Production No. 3. Further Answering, BellSouth provided service for the following landlines: 504-943-5550, 504-943-5777, 504-943-5589, and 504-943-5962.

DATED:  December 28, 2007

Respectfully Submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
Ivan M. Rodriguez (#22574)
Parker Harrison (#27538)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com
Harrison@chaffe.com

     Mark S. Raffman     
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 346-4240

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

## VERIFICATION

      I declare under penalty of perjury that the foregoing answers  to first set of interrogatories are true and correct to the best of my knowledge, information and belief.

_____

John H. Shelonko
For Lafarge North America Inc.

Dated: December ____, 2007

## Certificate of Service

I do hereby certify that I have on this 28th day of December, 2007 served a copy of the foregoing document on counsel for all parties to this proceeding by e-mail.

_____/s/ Mark S. Raffman_____