UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | Case No.: 05-4182 |
| PERTAINS TO: BARGE | And consolidated cases |
| | SECTION "K" (2) |

| | |
|---|---|
| *Boutte v. Lafarge* | 05-5531 |
| *Mumford v. Ingram* | 05-5724 |
| *Lagarde v. Lafarge* | 06-5342 |
| *Perry v. Ingram* | 06-6299 |
| *Benoit v. Lafarge* | 06-7516 |
| *Parfait Family v. USA* | 07-3500 |

Hon. Stanwood R. Duval, Jr.
Magistrate Judge Joseph C. Wilkinson, Jr.

## LAFARGE NORTH AMERICA INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendant Lafarge North America Inc. ("LNA"), by and through its undersigned counsel, hereby moves the Court for summary judgment on all claims in the above-captioned cases.  The grounds for this Motion are set forth below and more fully in the accompanying memorandum of law filed herewith and incorporated by reference herein.

LNA is entitled to summary judgment on all claims brought against it for the following reasons:

1. There is no genuine dispute regarding causation of the two floodwall breaches that occurred on the east side of the Inner Harbor Navigation Canal on August 29, 2005, and specifically that the Barge ING 4727 did not cause either of those breaches.  That is so for two separate reasons. First, it is scientifically impossible for the barge to have been present when the breaches occurred because the barge had no means of self-propulsion and could not have been moved by wind, water current, or waves to the site of either breach prior to the time the breaches occurred.  Moreover, even

had the barge been present, it could not have caused the failure of the deeply-embedded steel sheet pile in the manner that occurred at both breaches, but rather would only have caused localized damage to the concrete cap of the wall and not the steel sheet pile embedded in the soil below.

2.  There is no genuine dispute that even if the IHNC floodwall breaches had never occurred, the levee breaches along the Mississippi River Gulf Outlet would have flooded plaintiffs' properties to the same levels on the same day, only a few hours later.  In these circumstances, the governing case law provides that plaintiffs' damages are limited to the value of the short time that plaintiffs' properties would have remained in their unflooded condition had the IHNC breaches not occurred, and that value is zero.

WHEREFORE, for the reasons stated herein and set forth in the accompanying memorandum of law, Defendant LNA respectfully requests that the Court grant summary judgment in favor of LNA.

Dated:  October 2, 2009                     Respectfully submitted,


> Robert B. Fisher, Jr., T.A. (#5587)
> Derek A. Walker (#13175)
> **CHAFFE MCCALL, L.L.P.**
> 2300 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163-2300
> Telephone:  (504) 585-7000
> Facsimile:  (504) 585-7075
> Fisher@chaffe.com
> Walker@chaffe.com
>
> /s/ John D. Aldock
> John D. Aldock
> Richard M. Wyner
> Mark S. Raffman
> **GOODWIN PROCTER LLP**
> 901 New York Avenue, N.W.
> Washington, DC 20001
> Telephone:  (202) 346-4240
>
> Daniel A. Webb (#13294)
> **SUTTERFIELD & WEBB, LLC**

2

Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone:  (504) 598-2715

***Attorneys for Lafarge North America Inc.***

## Certificate of Service

I hereby certify that I have on this 2nd day of October, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronic filing notification.

/s/ John D. Aldock _____

LIBW/1718657.2