# EXHIBIT 28

Plaintiffs' Response to Request for Admission No. 6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K"  (2) |
| *Boutte v. Lafarge*         05-5531 | * | |
| *Mumford v. Ingram*     05-5724 | * | |
| *Lagarde v. Lafarge*     06-5342 | * | JUDGE |
| *Perry v. Ingram*           06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*        06-7516 | * | |
| *Parfait Family v. USA* 07-3500 | * | MAG. |
| *Lafarge v. USA*            07-5178 | * | JOSEPH C. WILKINSON, JR. |
|  | * | |

**RESPONSES TO REQUESTS FOR ADMISSIONS
PROPOUNDED BY THE BARGE ENTITIES**

  **NOW COME** respondents, through undersigned counsel, who respond as follows:

<u>**GENERAL OBJECTIONS**</u>

A. Plaintiffs object to Defendants' discovery requests insofar as they seek information and/or documents protected by the attorney/client privilege, information obtained by or on behalf of counsel for Plaintiffs in preparation for trial of this proceeding, information protected by the work-product doctrine and/or information beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure. Plaintiffs expressly reserve all claims of privilege and renounce any waiver thereof except where specifically communicated in writing with a full statement of the particulars.

B. Plaintiffs object to each of the requests to the extent that they seek information regarding "each," "all," or "every," person, entity, document, or other thing, or uses a similar all-inclusive adjective. It is not reasonably possible for Plaintiffs to determine whether "each," "all," or "every" document, person or other thing falling within the scope of a request can be determined, located, or included in a response. In the usual course of time, numbers of records may have been created or received, lost or destroyed, particularly in connection with this matter involving a mass disaster and widespread flooding. Records may have been

1

Plaintiffs object to this request because it is not a proper Rule 36 request for admissions, but is in effect an interrogatory in violation of the Court's limit on the number of interrogatories.

Subject to and without waiver of any objections, admitted as to all named class representative plaintiffs.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at all times prior to 8:00 a.m. on the morning of August 29, 2005, the center of Hurricane Katrina was south and east of New Orleans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted, as of 5:30 A.M.

Admitted, that the center of Hurricane Katrina was East of New Orleans prior to 8:00 A.M.

Plaintiffs can neither admit nor deny the request as to whether the center of Hurricane Katrina was South of New Orleans at the times between 5:30 A.M. and 8:00 A.M. because, in spite of a reasonably diligent search for the precise location of the center of Katrina at these times, plaintiffs have not yet found a map or plot or other data showing the latitude of the center during these times.

Plaintiffs are continuing to search for a map or plot or other data showing this information, and will supplement this response if they obtain this information.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Northern Breach on the Industrial Canal (i.e., nearer Florida Avenue) occurred before the Southern Breach (i.e., nearer Claiborne Avenue).

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**