UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K" (2) |
| *Boutte v. LaFarge*      05-5531 | * | |
| *Mumford v. Ingram*   05-5724 | * | |
| *Lagarde v. LaFarge*   06-5342 | * | JUDGE |
| *Perry v. Ingram*         06-6299 | * | STANWOOD R. DUVAL,  JR. |
| *Benoit v. LaFarge*      06-7516 | * | |
| *Parfait Family v. USA*  07-3500 | * | MAG. |
| *LaFarge v. USA*         07-5178 | * | JOSEPH C. WILKINSON,  JR. |

**MEMORANDUM IN SUPPORT OF
BARGE PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO OPPOSE
LAFARGE NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

As always, the Parties to this litigation are acutely sensitive to the Court's intentions that procedural mileposts be reached in direct and deliberate fashion so as to place the matter into a posture for the June 2010 trial. The Parties share this desire. However, unforeseeable events over the last few weeks affect the Barge Plaintiffs' efforts with respect to Lafarge North America, Inc.'s recently filed Motion for Summary Judgment. The present deadline to oppose Lafarge's Motion is October 23, 2009. This motion for a two week extension (until November 6, 2009) to oppose that Motion is based upon three inter-related grounds.

**First**, from roughly September 10, 2009 through October 1, 2009, undersigned Barge Plaintiffs' Liaison, Brian A. Gilbert, suffered an unexpected health crisis. During the early days of this period, what undersigned thought to be a "stomach bug" developed into severe abdominal pain accompanied by insatiable thirst. On September 25, 2009, undersigned was diagnosed with new onset Type II Diabetes and pancreatitis. Undersigned's blood glucose level that day was over 400 mg/dl. Pancreatitis is a painful and sometime fatal condition in which the pancreas, in efforts to produce sufficient insulin to metabolize an excess of blood glucose, literally begins to digest itself. Undersigned was hospitalized at Touro Infirmary on September 26, 2009, and spent five days as an inpatient, receiving IV Dilaudid and morphine. Following discharge, undersigned experienced about a week of fatigue while recovering and adjusting to new medication, and found that working more than two or three hours a day was impossible.

It was during this period that the Barge PSLC was to begin efforts to marshal proof and strategies in order to oppose Lafarge's anticipated Motion for Summary Judgment, filed October 2, 2009. These efforts were deflected and undermined by undersigned's illness and incapacity. Though undersigned now feels better than he has in weeks, two weeks were lost, which the Barge PSLC hopes to regain through this Motion.

**Second**, though the Barge PSLC anticipated that Lafarge would move for summary judgment, the manner and means by which they did so consisted of the filing of Three Thousand Five Hundred and Fifty-Seven (3557) pages. This filing is so voluminous that Your Honor ordered that hard copies be manually delivered. Given the present opposition deadline, October 23, 2009, undersigned counsel must review, digest and then respond (in coherent fashion) to One Hundred and Sixty Nine (169) of

Lafarge's pages per calendar day in order to meet the present deadline. The available days must also include the activities hampered by Mr. Gilbert's medical events. At present, undersigned represent in excess of 20,000 individuals and businesses. Your Honor is aware of the stakes in this litigation, and there is no perceived need to belabor the point that substantive due process is dependent upon the best efforts of the attorneys for all parties. Undersigned do not take lightly the goals they set for themselves in opposing Lafarge's motion, and their best efforts would benefit immensely from an additional two weeks.

**Third**, is a matter of both "housekeeping" and efficient management of the docket. The deadline for *Daubert* motions is presently December 1, 2009, thirteen (13) calendar days after the currently scheduled hearing date (November 18, 2009 at 1:30 p.m.) for Lafarge's Motion for Summary Judgment. From the Barge Plaintiffs' perspective, Lafarge's Motion is driven entirely by its experts' opinions. The Barge Plaintiffs view many of these experts as subject to *Daubert* challenge. Such challenge obviously dovetails with the Barge Plaintiffs' Opposition to the Motion for Summary Judgment. Undersigned respectfully suggest that harmonization of these particular mileposts makes sense in light of the Barge Plaintiffs' present intention to correlate *Daubert* Motions and their Opposition to Lafarge's Motion for Summary Judgment into a concerted effort. It is suggested, therefore, that the Court consider delaying the hearing on the Motion for Summary Judgment in order to allow both the Motion for Summary Judgment and the *Daubert* motions to be argued and deliberated *in pari materia*.

Lafarge, through counsel, has been consulted concerning the present Motion. Lafarge ***does not consent*** to the granting of same.