UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | | * * * * | CIVIL ACTION |
| | | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | | * * | SECTION "K" (2) |
| *Boutte v. Lafarge* | 05-5531 | * | |
| *Mumford v. Ingram* | 05-5724 | * | |
| *Lagarde v. Lafarge* | 06-5342 | * | JUDGE |
| *Perry v. Ingram* | 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* | 06-7516 | * | |
| *Parfait Family v. USA* | 07-3500 | * | MAGISTRATE |
| *Weber v. LNA* | 08-4459 | * * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM OF LAFARGE NORTH AMERICA INC. IN OPPOSITION TO BARGE PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO OPPOSE LNA'S MOTION FOR SUMMARY JUDGMENT**

Defendant Lafarge North America Inc. ("LNA") opposes the Barge plaintiffs' motion (Doc. 19312) to extend their deadline for filing an opposition to LNA's motion for summary judgment (Doc. 19309), particularly to the extent that an extension would interfere with the Court's scheduled hearing date of November 18, 2009 for LNA's summary judgment motion.

The Court's current scheduling order (Doc. 19201) provides a schedule for summary judgment filings under which motions were due on October 2, 2009, oppositions are due October 23, 2009, replies are due October 30, 2009, and the hearing is set for November 18, 2009. The scheduling order provides a separate schedule for briefing *Daubert* motions in December 2009, with a *Daubert* hearing in January 2010. *Id.* at 2. The order includes the following bold-face text: **"No extensions of time to file materials shall be considered."** *Id.*

LNA addresses the grounds for plaintiffs' requested extension as follows:

1. <u>Counsel's health crisis</u>.  LNA is mindful of the standards of professionalism and courtesy to which counsel are expected to adhere in this Court as elsewhere, and does not lightly oppose a request for a continuance that is based on medical difficulties faced by opposing counsel.  For that reason, LNA would readily consent to an extension of a week, or ten days, or even the two weeks requested by plaintiffs, ***provided that such an extension would not interfere with the Court's ability to adhere to the November 18 hearing date.***  LNA cannot, however, consent to an extension that would interfere with the November 18 hearing date, or that would deny the Court adequate time, in its discretion, to review the parties' submissions (including reply briefs) prior to the hearing.  In that connection, LNA notes that Mr. Gilbert is not the only lawyer on plaintiffs' legal team -- indeed, the signature block on plaintiffs' extension motion bears the names of eleven lawyers.  Professionalism and courtesy is a two-way street.  LNA is prepared to accommodate plaintiffs' request for an extension, as stated above, but LNA also believes that there comes a point where it is fair to ask other members of plaintiffs' legal team to do what is needed to maintain the integrity of the Court's overall schedule, rather than visiting the consequences solely on the Court and on LNA.

2. <u>Volume of LNA's motion papers</u>.  Although the exhibits submitted by LNA in support of its motion for summary judgment are voluminous, none of them are new to plaintiffs.  The exhibits consist primarily of deposition transcripts and expert reports that plaintiffs have had for months, and that plaintiffs had necessarily reviewed and analyzed well in advance of receiving LNA's summary judgment motion.

3. <u>Interplay between *Daubert* and summary judgment</u>.  In formulating the current calendar, the Court considered and rejected the idea of combining *Daubert* motions with

summary judgment motions. Accordingly, LNA tailored its summary judgment motion to be independent of *Daubert* analyses. Indeed, LNA's motion identifies issues on which there is no genuine dispute based largely on the reports and deposition testimony of *plaintiffs'* experts.[1] Regardless, if plaintiffs believe LNA's summary judgment motion should be denied based on alleged deficiencies in LNA's expert evidence, such an argument should not require more than a couple of weeks' time to formulate.

## CONCLUSION

Plaintiffs' motion to extend the deadline for filing an opposition memorandum should be denied, except to the extent that any extension would permit the Court to retain its scheduled hearing date of November 18, 2009 with sufficient time for the Court, in its discretion, to review the motion papers (including reply briefs) in advance of the hearing.

---

[1] See, *e.g.*, LNA's Statement of Undisputed Material Facts, Doc. 19309-4, which contains nearly twice as many citations to plaintiffs' expert reports and depositions as it does to LNA's own experts.

3

Dated: October 9, 2009

Respectfully submitted,

LAFARGE NORTH AMERICA, INC.,

By its attorneys,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

/s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240
Fax: (202) 346-4444
jaldock@goodwinprocter.com
rwyner@goodwinprocter.com
mraffman@goodwinprocter.com

## Certificate of Service

I hereby certify that I have on this 9th day of October, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing notification.

/s/ John D. Aldock

4