**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| In Re: | KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| _____ | | § | JUDGE DUVAL |
| | | § | MAG. WILKINSON |
| | PERTAINS TO:  MRGO | § | |
| _____ | | § | |

**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

The Court lacks jurisdiction over the claims pertaining to the East Bank Industrial Area because none of the three Plaintiffs who resided in the Lower Ninth Ward or St. Bernard Parish presented their EBIA claims to the U.S. Army Corps of Engineers before filing suit; rather, they presented claims based entirely on the Mississippi River Gulf Outlet.  Further, two of these Plaintiffs filed suit prematurely, before their claims were denied or had been pending for six months. Plaintiffs' failure to satisfy the FTCA's administrative notice and exhaustion requirements deprives this Court of subject-matter jurisdiction, and compels dismissal of the EBIA claims asserted by all three Plaintiffs and of *all* the claims asserted by the Plaintiffs who filed suit prematurely.

1

## FACTS

There are 14 Plaintiffs named in the Amended MR-GO Master Consolidated Class Action Complaint (Doc. 11471), but only 3 of them—Kenneth Paul Armstrong, Sr., Jeannine B. Armstrong, and Ethel Mae Coats—lived in the Lower Ninth Ward or St. Bernard Parish and asserted claims related to the EBIA.[1]  In Count Three of the Complaint, these Plaintiffs alleged that the United States acted negligently by

> (1) allowing the work [at the EBIA] to proceed; (2) failing to caution the Washington Group about the potential damage to the levee and/or flood wall system by its work; (3) failing to monitor and/or properly inspect the work of the Washington Group; (4) failing to adequately evaluate the potential damage to the levee and/or flood wall structure by the work of Washington Group; (5) failing to correct the damage caused by the actions of the Washington Group; [and] (6) failing to discharge its duty to maintain the integrity of the levee and/or flood wall system of the IHNC/Industrial Canal.[2]

Although the Complaint freely refers the EBIA, WGI, and the IHNC, none of Plaintiffs' administrative claims even mentions them.  Ms. Coats's administrative notice stated as follows:

---

[1]  *See* Doc. 11471 ¶ 13B.  Four additional Plaintiffs listed in Paragraph 13B as living in these areas and asserting EBIA claims were impermissibly added by Plaintiffs' counsel; the Court has since stricken them from Plaintiffs' pleading.  *See* Doc. 16186 at 1 n.2, 6  (striking the claims of Dixon Smith, Patricia Boutwell, James Godfrey, and Kathryn Godfrey).

[2]  *See* Doc. 11471 ¶ 47.

> Since the Mississippi River Gulf Outlet navigational/shipping
> structure was cut into the marshes of St. Bernard and Orleans
> Parishes, the Corps of Engineers has had a legal duty under Louisiana
> law to maintain, operate, design and/or construct the MRGO in a
> manner so as to prohibit the flooding of St. Bernard and Orleans
> Parishes.  The Corps breached that duty by improperly designing,
> constructing, operating and/or maintaining the MRGO which flooded
> St. Bernard and Orleans Parishes and my property.[3]

The Armstrongs presented similar notices that were also premised entirely
on the Corps's conduct vis-à-vis the MRGO.  On June 26, 2006, the Armstrongs
each presented a notice describing the basis for their claims in terms identical to
those used by Ms. Coats and quoted above.[4]  On February 28, 2007, the
Armstrongs presented amended notices describing the basis for their claims in
slightly different terms, but still with a sharp focus on the MRGO:

> Since the Mississippi River Gulf Outlet navigational/shipping
> structure was cut into the marshes of St. Bernard and Orleans
> Parishes, the Corps of Engineers has had a legal duty under federal
> and Louisiana law to maintain, operate, design and/or construct the
> MRGO in a manner so as to prohibit the flooding of St. Bernard and
> Orleans Parishes.  The Corps breached that duty by improperly
> designing, constructing, operating and/or maintaining the MRGO
> which flooded St. Bernard and Orleans Parishes and my property, and
> is responsible for any and all damages and losses sustained or
> incurred by me as a result of these actions, inactions and/or breaches

---

[3]  *See* Ex. 1.

[4]  *See id.*

3

under applicable law including but not limited to the Admiralty Jurisdiction Extension Act.[5]

The Armstrongs filed suit no later than March 15, 2007, just 15 days after presenting their amended claims.[6]

## ARGUMENT

The Court lacks subject-matter jurisdiction over Plaintiffs' EBIA claims because Plaintiffs failed to satisfy the FTCA's administrative claim requirement. Additionally, the Court lacks subject-matter jurisdiction over *all* of the claims asserted by the Armstrongs because they prematurely filed their suit.

## I.     Ms. Coats and the Armstrongs failed to provide sufficient notice regarding their EBIA claims.

Presenting an administrative claim to the agency responsible for the alleged injury is a jurisdictional prerequisite to filing suit under the FTCA.[7]  To satisfy the FTCA, an administrative claim must provide to the United States "facts sufficient

---

[5]  *See id.*

[6]  *See* Doc. 3415.

[7]  *See* 28 U.S.C. § 2675(a); *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 2186400, at *2 (E.D. La. May 27, 2008) (Duval, J.).

to allow [the] claim to be investigated."[8]   To meet this standard, "the theory put

forward in the complaint filed in the district court [must] be based on the facts that

are stated in the administrative claim."[9]  Thus, "a  suit brought under the [FTCA]

cannot include additional claims never presented to the appropriate agency."[10]

Applying this jurisdictional rule, this Court, in the *Robinson* case, dismissed

the plaintiffs' EBIA claims because they had not been presented prior to filing

suit.  In that case, this Court held that dismissal was required because the plaintiffs

had presented notice of a claim related to the MRGO, but sought to recover in

their lawsuit for negligence related to the EBIA:

> The Notice of a Class Claim that was filed on behalf of
> plaintiffs did not include sufficient facts to place the Corps on notice
> that these particular plaintiffs sought recovery for the alleged
> defalcations that occurred at the EBIA.  The *Robinson* claim as filed
> with the Corps focuses on the alleged harm caused and defalcations
> surrounding MRGO.  There is simply no indication that the EBIA,
> and the work of WGI would be the subject of this lawsuit.
> Furthermore, with respect to the individual claimant's allegations in
> the Form 95s included in the Notice, there is not a single mention of

---

[8]  *Cook*, 978 F.2d at 166; *accord Portillo v. United States*, No. 93-8275, 1994 WL
395174, at *4 (5th Cir. 1994).

[9]  *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999).

[10]  *Franz v. United States*, 414 F. Supp. 57, 59 (D. Ariz. 1976); *see also Dynamic Image
Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000) (affirming dismissal where "the
amended complaint exceeded the scope of the administrative claim"); *Portillo v. United States*,
816 F. Supp. 444, 446 (W.D. Tex. 1993) ("Facts and theories of liability which were never
presented to the agency as part of an administrative claim cannot form the basis for a complaint
under the Federal Tort Claims Act."), *aff'd*, 1994 WL 395174.

WGI, the failure of the Industrial Canal floodwall, the EBIA project
or the like.  All of the claims are in terms of the detriment caused by
the MRGO with flood waters emanating from the MRGO.

*     *     *

While it is beyond cavil that flooding caused plaintiffs' damages,
there is a distinct difference between lodging a claim based on the
defalcations concerning a navigable waterway—the MRGO and the
storm surge it allegedly caused—and a lock replacement project that
concerned different contracts and a different waterway—the
Industrial Canal.[11]

The Court's holding in *Robinson* controls this case.  Like the administrative

claims in *Robinson*—which this Court correctly held to be inadequate—the

administrative claims in this case "did not include sufficient facts to place the

Corps on notice that these particular plaintiffs sought recovery for the alleged

defalcations that occurred at the EBIA."[12]  Like the administrative claims in

*Robinson*, the administrative claims in this case "focus[] on the alleged harm

caused and defalcations surrounding MRGO[;] [t]here is simply no indication that

the EBIA, and the work of WGI[,] would be the subject of this lawsuit."[13]  Like

the administrative claims in *Robinson*, in the administrative claims in this case,

---

[11] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4449970, at *6
(E.D. La. Sept. 29, 2008) (Duval, J.) (footnote omitted).

[12] *Id.*

[13] *Id.*

6

"there is not a single mention of WGI, the failure of the Industrial Canal floodwall, the EBIA project[,] or the like."[14]  And, finally, like the administrative claims in *Robinson*, "[a]ll of the claims [in this case] are in terms of the detriment caused by the MRGO with flood waters emanating from the MRGO"—not from the IHNC.[15]

Simply put, what the Court said about the administrative claims in *Robinson* is equally applicable to the instant case:  "While it is beyond cavil that flooding caused plaintiffs' damages, there is a distinct difference between lodging a claim based on the defalcations concerning a navigable waterway—the MRGO and the storm surge it allegedly caused—and a lock replacement project that concerned different contracts and a different waterway—the Industrial Canal."[16]  Because it asserts a claim that was not included in Plaintiffs' administrative notice, Count Three must be dismissed.

## II.    The Armstrongs prematurely filed their suit.

A court lacks jurisdiction over any suit that was filed less than six months after the plaintiff presented his administrative claim, unless the claim has already

---

[14]  *Id.*

[15]  *Id.*

[16]  *Id.*

been denied by the appropriate agency.[17]  When a claimant has presented an

amended claim prior to filing suit, that amendment supersedes any previously

presented claim,[18] and requires the claimant to wait an additional six months

before filing suit.[19]

Neither Kenneth P. Armstrong, Sr., nor Jeannine B. Armstrong waited six

months from the date they presented their amended administrative claims before

filing suit.  They presented their amended claims on February 28, 2007.  At the

latest, they filed suit on March 15, 2007—just 15 days after presenting their

amended claims—when they were named as Plaintiffs in the original MR-GO

--------

[17]  *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993) (refusing to permit litigation to proceed where exhaustion was not completed until after suit had been filed); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (finding lack of jurisdiction because "[a]lthough appellants have filed an administrative claim for relief against the FDIC as required by the FTCA, they concede they did not await the required six month period prior to bringing this action, nor was there the required formal denial"); *Barnes v. United States*, No. 97-30384, 1997 WL 680403, at *1 (5th Cir. 1997) ("The district court properly dismissed the FTCA claim because no formal rejection was received from the Coast Guard and Barnes did not wait the full six months, after the filing of his claim, to file suit in federal court under the FTCA, as that Act requires.  The district court therefore lacked jurisdiction to hear the claim.").

[18]  *See Keene Corp. v. United States*, 700 F.2d 836, 840 n.5 (2d Cir. 1983) ("Since Keene's Amended Notice of Claim was filed prior to final administrative disposition of the September Notice, it totally supersedes that initial Notice.").

[19]  *See Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 463 (W.D. Tex. 1999) ("The FBI and ATF received amended claims . . . .  In such cases, the time within which suit may be brought runs from the date of the amended claim."); *Stokes v. U.S. Postal Serv.*, 937 F. Supp. 11, 16 (D.D.C. 1996) (holding that suit may not be filed less than six months after presentment of an amended claim).

Master Consolidated Class Action Complaint.[20]  This Court therefore lacks

jurisdiction over all of their claims (both EBIA and others), and must dismiss them

for this reason as well.[21]

### CONCLUSION

Because it lacks subject-matter jurisdiction, the Court must dismiss Count

Three, Plaintiffs' EBIA claim.

> Respectfully Submitted,
>
> TONY WEST
> Assistant Attorney General
>
> PHYLLIS J. PYLES
> Director, Torts Branch

---

[20]  To the extent that the Armstrongs (and other Plaintiffs, too, for that matter) fell within the definition of a class identified in an earlier-filed class action complaint, their claims may have been "instituted" even *prior* to the filing of the MR-GO Master Consolidated Class Action Complaint.  *See Amer. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974) (holding that filing of class action complaint commences action for all members of class as subsequently determined).

[21]  This jurisdictional defect also exists with respect to six *other* Plaintiffs who have not asserted EBIA claims.  Daisy Innis presented an amended claim on February 28, 2007, and filed suit no later than in *Augustine v. United States*, 07-CV-1286 (Sec. K) (E.D. La.), just 13 days later.  Henry Davis presented an amended claim on March 1, 2007, and filed suit no later than in this case (Doc. 3415) just 14 days later.  Gladys LeBeaud and Donna Augustine each presented amended claims on March 1, 2007, and each filed suit no later than in *Augustine* 12 days later.  Betty Jones presented an amended claim on October 16, 2006, and filed her suit no later than in *Augustine* on March 13, 2007, just four months and 24 days later.  Finally, Dixon Smith presented an amended claim on August 29, 2007, and filed his suit no later than in this case (Doc. 11471) on February 28, 2008, just five months and 30 days later.

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

ROBIN D. SMITH
Senior Trial Counsel, Torts Branch

 s/ Jeffrey Paul Ehrlich
Jeffrey Paul Ehrlich
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorney for the United States