MINUTE ENTRY
DUVAL, J.
October 20, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                     CIVIL ACTION
CONSOLIDATED LITIGATION
                                                 NO. 05-4182

PERTAINS TO:                                     SECTION "K"(2)
MRGO

      Attending a telephonic status conference concerning the United States of America's Motion to Dismiss (Doc. 19323); United States' Motion to Hold Further MRGO Motions Practice in Abeyance (Doc. 19326); and Defendant United States' Ex Parte Motion for Expedited Hearing (Doc.19327) were:

      Joseph Bruno for plaintiffs and

      Robin Smith for defendants.

      The United States had been ordered to file a dispositive motion raising the discretionary function exception as a defense to the MRGO plaintiffs' claims relating to the East Bank Industrial Area ("EBIA") on Wednesday October 21, 2009. While preparing that motion, the United States contends that it ascertained that the three MRGO plaintiffs who allege damage from the EBIA negligence have not complied with the FTCA's administrative claim requirements. It contends that in light of the Court's previous ruling finding that the Form 95 claims filed by the appropriate *Robinson* plaintiffs did not sufficiently put the Corps on notice under the FTCA for the issues presented vis-a-vis the EBIA alleged defalcations to proceed, and the fact that no amendment to those claims were made by the appropriate MRGO plaintiffs, the

claims of these named plaintiffs must be dismissed, mooting the issue of whether the DFE is applicable to the EBIA claims. In addition, the Government made clear that it will take the position that even if there were a substitution of named plaintiffs, that if that plaintiff(s) Form 95(s) was/were amended after the Court's *Robinson* ruling it would be time-barred under *American Pipe* and/or futile.

While the lateness of the Government's raising this issue has strained the Court by virtue of its on-going attempt time manage this litigation, the Court recognizes that it must first address these substantial jurisdictional issues. Accordingly,

**IT IS ORDERED** that Defendant United States' Ex Parte Motion for Expedited Hearing (Doc.19327) is **MOOT** as a result of this status conference.

**IT IS FURTHER ORDERED** that the United States' Motion to Hold Further MRGO Motions Practice in Abeyance (Doc. 19326) is **GRANTED** in so far as the United States is relieved from filing its motion concerning the DFE with respect to the EBIA claims.

**IT IS FURTHER ORDERED** that the United States of America's Motion to Dismiss (Doc. 19323) is **SET for hearing on December 16, 2009 at 11:00 a.m.**

**IT IS FURTHER ORDERED** that the following schedule shall be substituted for the one contained in its May 4, 2009 Minute Entry (Doc. 18756) as amended in its September 15, 2009 Order. (Doc. 19263):

| | |
|---|---|
| October 30, 2009 | Plaintiffs shall file its proposed Motion for Leave to Intervene or a new suit seeking consolidation based on the representations made to the Court during the status conference and its opposition to the United States' Motion to Dismiss. (Doc. 19323). Any motion filed pursuant to this order shall be set for hearing on **December 16, 2009 at 11:00 a.m.** |

2

| | |
|---|---|
| November 12, 2009 | The United States shall file the appropriate, necessary responses/motions to plaintiffs' filings to put at issue the United States' position concerning the Form 95 amendment issues including tolling, as well as any other issues it wishes to address. Any motion filed pursuant to this order shall be set for hearing on **December 16, 2009 at 11:00 a.m.** |
| December 3, 2009 | Plaintiffs shall file their responses to the November 12th filings. |
| December 16, 2009 | Oral Argument shall be had on **December 16, 2009 at 11:00 a.m.** |

**THE COURT SHALL NOT ALTER THIS SCHEDULE CONSIDERING THAT THESE ISSUES COULD AND SHOULD HAVE BEEN ADDRESSED AS EARLY AS SEPTEMBER 2008.**

*[signature]*

JS10(01:10)

JS-10: 30 MINS.