UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | **KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION**<br><br>**NO. 05-4182**<br><br>**SECTION "K" (2)** |
| **FILED IN:** | 05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073, -5-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885, 06-0225, 06-0886, 06-11028, 06-2278, 06-2287, 06-2346, 06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931, 06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471, 06-5771, 06-5786, 06-5937, 06-7682, 07-0206, 07-0647, 07-0993, 07-1284, 07-1286, 07-1288, and 07-1289. | |

### LEVEE PSLC'S REPLY TO SEWERAGE AND WATER BOARD OF NEW ORLEANS' OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

**MAY IT PLEASE THE COURT:**

The Sewerage and Water Board of New Orleans (SWB) advances various versions of the same argument against dismissal of Plaintiffs' claims *without* prejudice.  It also makes the claim that "*literally nothing has been done to move the state court litigation forward and the parties*

Page 1 of  8

*would have to begin litigation anew*." For the reasons which follow, SWB's arguments should be disregarded and the Plaintiffs' claims in this action should be dismissed without prejudice so that this state entity can conclude this litigation in state court.

## ARGUMENT

**I.      Plaintiffs have not delayed the Civil District Court litigation.**

SWB argues that "*literally nothing has been done to move the state court litigation forward and the parties would have to begin litigation anew*." In reality, there have been four years' worth of efforts to recuse the state court trial judge (and every other judge of the Civil District Court). Here is what has happened.

- Hurricane Katrina strikes the Metropolitan New Orleans area. Breaches occurred in both the 17th Street and London Avenue Canal flood walls.

- Suit is filed in Civil District Court for the Parish of Orleans. The case is promptly removed to this Court on the dubious ground of defendants claiming "federal officer" status.

- Plaintiffs move for remand.

- Your Honor remands the case back to Civil District Court.

- Plaintiffs amend their petition to add two additional Louisiana defendants, and make only state law allegations against them.

- Defendants again remove the case to this Court.

- Your Honor again remands the case back to Civil District Court for the same reasons enunciated in his original opinion.

- Plaintiffs file seek a status conference in order to get the case moving.

- Thereafter, Orleans Levee District filed multiple motions to recuse various judges in Civil District Court, including the initial trial judge, Judge Kern Reese. The case then floundered on the various motions recuse because, despite the fact that the CDC judges felt that they could be impartial, OLD challenged the judges' every refusal to recuse themselves.
- Finally, Judge Bagneris, at the hearing on his motion to recuse, urged the parties to seek writs from the higher courts following his decision, regardless of how he ruled.
- On April 30, 2007 Judge Bagneris denied the defendants' motion to recuse him from hearing the motion to recuse Judge Reese. Judge Bagneris found as fact that the defendant-movers failed to make **an actual showing** of bias and prejudice required to warrant the judge's recusal.
- On June 25, 2007, the Fourth Circuit Court of Appeal denied the defendants' writ application, because no bias or prejudice was shown.
- On October 12, 2007, the Supreme Court of Louisiana also denied the defendants' writ application.
- Despite the foregoing rulings by both the Fourth Circuit and the Louisiana Supreme Court, defendants filed the same motion(s) to recuse Judge Bagneris and Judge Reese for the exact same reasons enunciated in their original motion. The only exception is that they now referenced lawsuits filed by Judge Bagneris and Dorothy Reese, Judge Kern Reese's wife.
- On May 23, 2008, Judge Bagneris issued a Judgment and Reasons for Judgment. He ruled that he could properly hear the motion to recuse Judge Reese, and that the evidence

presented did not show that Judge Reese would be biased, and that the record did not mandate that Judge Reese be recused.

- On July 28, 2008, the Fourth Circuit expressly found that Judge Bagneris did not abuse his discretion in denying the applicant's motion to recuse Judge Bagneris from hearing the motion to recuse Judge Reese from hearing the above captioned matter.

- On November 10, 2008, the Supreme Court of Louisiana denied the defendants' writ applications on their motion to recuse Judge Bagneris from hearing the motion to recuse Judge Reese.

- On February 9m, 2009, being unsatisfied with *two* complete trips through the Louisiana appellate courts, defendants sought relief from the U.S. Supreme Court, claiming that the Louisiana Courts' decisions deprived them of their right to a fair trial and impartial tribunal under the Due Process Clause of the Fourteenth Amendment.

- On April 13, 2009, Plaintiffs filed their opposition to the Defendant's Petition for Writ of Certiorari.

- On May 28, 2009, the U.S. Supreme Court denied the defendants' petition.

As the Court can see, SWB's statement that "*literally nothing has been done to move the state court litigation forward and the parties would have to begin litigation anew*" suggests that Plaintiffs have engaged in dilatory conduct.  In fact, it is the state court defendants (including SWB) who have stalled matters for four years.  In fact, it is the state court Plaintiffs who have tried to move the case forward in the face of continual recusal motions.   The Levee PSLC respectfully suggests that this first argument by SWB should be disregarded.

**II.     If the Levee Plaintiffs seek "fairer fields," isn't SWB doing the same thing?**

Last February, the Court denied Plaintiffs first motion to dismiss for lack of jurisdiction because one of the levee board insurers was facially diverse for reasons of CAFA jurisdiction. SWB wanted to stay in federal court. Now the diverse insurer is dismissed, the Court having recently approved a class settlement with the levee boards. This means that there is no basis for federal jurisdiction over a state entity. Although the Levee PSLC's latest motion does not directly address that issue, the fact remains that there is presently no jurisdictional basis for keeping SWB in this Court.

**III.    This case is different from Brookstone Brothers Holding Inc.**

SWB relies on the Fifth Circuit's opinion in Brookstone Brothers Holding Inc. v. Dayco Products, Inc., 554 F.3d 595 (5th Cir. 2009), *cert. denied,* 129 S.Ct. 2865 (2009), for the proposition that this litigation is just so far along that it would be an abuse of discretion to dismiss it without prejudice. Unfortunately, while involving many parties and almost 20,000 docket entries (largely due to the widespread nature of the damages to person, property and life), this litigation is nevertheless not in the same posture as the case in Brookstone Brothers Holding Inc. Here, trial hasn't already been continued four times, and no one is making *final* preparations for trial. This case is not in a "late stage" by any stretch of the imagination.

As far as re-litigation of issues goes, SWB has won several issues on summary judgment (e.g., duty to construct or maintain flood walls) and one is hard-pressed to see how they might be successfully "relitigated" in state court. SWB has provided no examples of that being done successfully.

SWB cites other "late stage" cases, including one from this District, entitled Braud v.

Transport Services of Illinois, 2009 WL 413505 (E.D. La.), where a class certification hearing was postponed pending a motion to dismiss without prejudice. There, unlike here, "…..the parties were poised for the certification hearing." Id.

Next, SWB mentions the Court's ruling on class certification in the "Barge" portion of this litigation. Although a component of this overall Katrina litigation, the admiralty-based barge litigation has nothing whatsoever to do with the canal litigation. It is irrelevant what the Court has done – or not done – in that portion of the litigation.

**IV.     Let's talk about real prejudice.**

SWB complains that it will be "seriously prejudiced" by dismissal without prejudice of the claims against it. Is that interest superior to the legal interests arising from the deaths of over 800 victims in Lakeview? They were "seriously prejudiced" too. Or what about the tens of thousands of homes that were flooded? Their owners were "seriously prejudiced" too. To pretend that there is some equivalence is absurd. SWB is already a defendant in state court and that is precisely the right forum for trying what are all Louisiana law tort and wrongful death claims. It is a sub-entity of the State of Louisiana and it belongs entirely in state court.

A variation of this theme is the "S&WB has invested enormous time, money, energy and intellectual capital reaching the current stage of this litigation." Since when does the expenditure of "intellectual capital" or other legal resources provide a ground for dismissing a defendant which arguably caused so many deaths?

**V.     The real reason SWB wants a dismissal with prejudice.**

Let's also revisit the Court's May 7, 2009 ruling on the "negligent dredging" issue in the SWB's recent motion for summary judgment. There, the Court held:

> The SWB attempts to relieve itself of liability for its negligence, if any, arising from the dredging of the Canal contending that the dredging, as executed, complied with the parameters of the dredging permit issued to it by the Corps. Contrary to its contention, the SWB can be liable for negligent dredging even if the dredging, as completed, complied with the permit issued by the Corps. Because no government contractor defense is available to the SWB, compliance with the permit does not preclude a finding that the SWB negligently dredged the Canal.

This is the real reason that SWB wants to avoid a dismissal without prejudice. The Court has found that SWB may be liable to Plaintiffs and a failed class certification effort might force individual trials in Civil District Court.

## VI. The class certification scheme.

Amazingly, SWB claims that *"It would be an abuse of discretion to allow plaintiffs to escape a ruling in Levee on class certification by moving to dismiss their claims against S&WB without prejudice."* Since when does a party which has no jurisdictional standing have a right to demand a certification hearing? When did SWB file a motion for class certification? What right does it have to demand that hearing? Might not this demand involve just a wee bit of judicial time and a large expense to counsel?

In fact, the beauty of having taken so much federal court discovery is that litigation in the Civil District Court will be greatly streamlined! Rather than being delayed or inconvenienced, SWB will enjoy a rapid path to trial. Rather than being a handicap, the federal proceedings thus far will enable the state court to cut years out of the pre-trial proceedings.

## VII. Conclusion.

For the foregoing reasons, the Levee PSLC's pending motion to dismiss without prejudice the remaining claims against SWB should be granted.

Respectfully submitted,

 /s/ Joseph M. Bruno
Joseph M. Bruno (La. Bar# 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-1335
Plaintiffs' Liaison Counsel

Gerald E. Meunier (La. Bar# 9471)
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Liaison Counsel, Levee Plaintiffs' Sub-Group Litigation Committee

Darlene M. Jacobs (La. Bar # 7208)
Jacobs, Sarrat & Lovelace
823 St. Louis Street, New Orleans, LA 70112
Levee Plaintiffs' Sub-Group Litigation Committee

Richard M. Martin, Jr. (La. Bar #8998)
Law Office of Richard M. Martin, Jr., L.L.C.
20 Versailles Boulevard
New Orleans, LA 70125-4114
Telephone: (504) 861-8476
Levee Plaintiffs' Sub-Group Litigation

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. I further certify that there are no non-CM/ECF participants that would require a first-class mailing to of the foregoing document and notice of electronic filing.

/s/ Joseph M. Bruno