UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| | SECTION "K" (2) |
| PERTAINS TO: MRGO | |

**MOTION TO INTERVENE**

**NOW INTO COURT**, through undersigned counsel comes all claimants listed on Attachments "A[1]", and Attachment "B"[2], (hereafter collectively referred to as "Intervenors") and for their Complaint in Intervention respectfully state:

I.

Intervenors reallege and re-state each and every allegation of the Amended MR-GO CONSOLIDATED CLASS ACTION COMPLAINT (Rec. Doc. 11471) as if set forth herein in its entirety.

Federal Rule of Civil Procedure 24(a)(2) allows an Intervention of Right upon timely motion of any person who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

II.

Movers have an interest in the subject of the captioned matter, particularly in Count Three

---

[1] Bruno and Committee Claimants.

[2] MR-GO Litigation Group Claimants.

which alleges negligence of the United States of America (hereafter "the Government") pertaining to the Mississippi River Gulf Outlet (MRGO) and the East Bank Industrial Area (EBIA).

III.

The government seeks dismissal of three of the fourteen representative plaintiffs' EBIA claims[3] on the grounds that the Court lacks jurisdiction over said claims because some of the claims were premature under the Federal Tort Claims Act (FTCA), and in others that the notice and presentment requirement was not satisfied as the form SF-95 did not present EBIA claims but instead only presented claims based upon the MRGO.. Should the Court grant the government's motion there will be no representative plaintiffs remaining in the case with a Count Three EBIA claim.

IV.

While the plaintiffs disagree with the government's position and will oppose the motion, and the Court has not yet ruled, should the Court rule in favor of the government there will be no Count Three EBIA plaintiffs remaining in the suit and thus no adequate representation to protect the movants' interest in their EBIA claims.

**WHEREFORE**, the claimants as listed on the attachments move for an Order granting this motion and allowing them to intervene in the in the captioned matter, all according to law, and for the reasons as more fully set forth in the supporting memorandum filed contemporaneously with this motion.

---

[3] Count Three as stated in the Amended MR-GO Master Consolidated Class Action Complaint (Doc. 11471).

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL


s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
DAVID S. SCALIA
LA Bar Roll Number 21369
Law Offices of Joseph M. Bruno.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
James Parkerson Roy

## CERTIFICATE OF SERVICE

       I hereby certify that this pleading has been served upon all parties via the Courts CM/ECF system on this 30th Day of October, 2009.

                                              **s/ Joseph M. Bruno**