UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| PERTAINS TO: MRGO | |

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

MAY IT PLEASE THE COURT:

    A.    **Background**

The facts and procedural history of the captioned consolidated litigation are well known to the Court. Briefly, the necessity of the instant application to intervene arises out of the Government's recent filing of a motion to dismiss certain claims as alleged by representative plaintiffs named in the Amended MR-GO Master Consolidated Class Action Complaint. The Government seeks dismissal of the East Bank Industrial Area (EBIA) claims as alleged by three of the named representative plaintiffs residing in the Lower Ninth Ward or St. Bernard Parish. on the grounds that the Court lacks jurisdiction over said claims because they are premature under the Federal Tort Claims Act (FTCA), and in some because the FTCA notice and presentment requirement is alleged not to be satisfied because the Form 95's did not specify EBIA claims. Should the Court grant the government's motion there will be no representative plaintiffs remaining in the case with a Count Three EBIA claim.

While it is true that the captioned matter alleges a class action, and that in such cases formal intervention is usually not necessary, the necessity may arise in some situations such as exist here,

to cure defects identified by the defendant. *See* Herbert B. Newberg, *Newberg on Class Actions* § 16.6, p. 147 (4th ed.) 2002 (hereinafter *Newberg* at § _____ p. ____"). In the captioned matter the defendant has alleged a "defect" in that it suggests there are no named plaintiffs with valid Count Three EBIA claims. Thus, the unnamed class members identified on Exhibits A and B should be allowed to intervene to cure this alleged defect.

The claimants listed on attachments A and B of the Motion to Intervene respectfully file this memorandum in support of that motion, and suggest that the Motion to Intervene should be granted for the following reasons:

### B.     Legal Standard on Intervention

Federal Rule of Civil Procedure 24 controls intervention, and states in pertinent part:

> On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect it's interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a).

"Thus, in order to successfully intervene, the movant must meet four criteria. The movant must: (1) timely file its application; (2) have an interest relating to the property or transaction that is the subject of the action; (3) be so 'situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest;' and (4) have an interest that is 'inadequately represented by the existing parties to the suit.'" *Arnold v. City of San Antonio,* 2009 WL 2983038 (W.D. Tex, Sept. 14, 2009), *citing Ford v. Hunstville,* 242 F.3d 235, 239 (5th Cir.2001) (*citing Taylor Commc'ns Group, Inc. v. Sw. Bell Tel. Co.,* 172 F.3d 385, 387 (5th Cir.1999). While a movant must meet all of the foregoing criteria, the courts have recognized that

this inquiry is a flexible one, focusing on the particular facts of each case, and intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Arnold, supra., citing Ross v. Marshall,* 426 F.3d 745, 753 (5th Cir.2005).

In the instant case, the requirements have all been met and allowing the intervention will cause no harm, and allows greater justice to be attained by litigating the issues and claims made in Count Three of the plaintiffs' amended complaint.

    **1.**    **Timeliness of the Application for Intervention**.

The first criteria for intervention–Timeliness–is governed by a four part test: (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances. *In the Matter of Lease Oil Antitrust Litigation,* 570 F.3d 244, 247-48 (5th Cir. 2009) *citing Stallworth v. Monsanto Co.,* 558 F.2d 257, 263-66 (5th Cir.1977); *accord Ruiz v. Estelle,* 161 F.3d 814, 827-28 (5th Cir.1998).

    **a.**    **Length of Time Between Learning of Interest and Petition to Intervene**

"The first timeliness factor is '[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.'" *In the Matter of Lease Oil Antitrust Litigation, supra.,* at 248, *citations omitted* "The timeliness clock does not start running until the putative intervenor also knows that class counsel will not represent his interest." *Id.*, *citing Sierra Club v. Espy,* 18 F.3d 1202, 1206 (5th Cir.1994). In this case, all proposed intervenors are class members and thus protected by the class representatives. It was not until October 21, 2009 when the Government moved to dismiss the EBIA

Count Three claims of certain of the class representatives that the proposed intervenors learned that certain of their claims may not be represented by the class. Thus, this Motion to Intervene filed just over a week later is timely.

      **b.**      **Prejudice to Existing Parties by Granting the Motion to Intervene**

The second timeliness factor weighs the prejudice to the existing parties should the intervention be granted. It is important to recognize that it is not the potential prejudice caused by the intervention itself that matters, rather it is how much more prejudice would come from allowing the intervention now rather than at some earlier time. *See In the Matter of Lease Oil Antitrust Litigation, supra.,* at 248. As stated above, the intervention is being sought only a week after the potential need to intervene arose, thus, the concern under this factor is how much more prejudice would come from allowing the intervention now compared to a week ago. There can be no argument made that there is any more prejudice by the passage of a mere week. This second factor is satisfied.

      **c.**      **Prejudice to the Intervenors if the Motion is Denied**.

The third factor considers the prejudice to the party that seeks to intervene in the event that the motion to do so is denied. Here, the intervention is sought because the Government seeks dismissal of plaintiffs EBIA claims as alleged in Count Three of the Amended MR-GO Master Consolidated Class Action Complaint. The basis for the Governments motion is that the court lacks jurisdiction over those Count Three claims because the plaintiffs who make them in the Amended Complaint failed to complete the requirements of the Federal Tort Claims Act. The Intervenors, however, have made the EBIA claims in their FTCA form 95's and the requisite period of time has elapsed such that those claims should be deemed denied by the Government, and the jurisdictional requirements for those claims as to the Intervenors is met. Should the Court grant the Government's

motion, and in addition deny the motion to intervene then Count Three EBIA claims will be dismissed and thus lost to thousands of persons who made such claims on their Form 95's. To allow the EBIA theories of damages asserted by thousands of claimants in their Form 95's to be dismissed from this litigation because of a deficiency in three named plaintiffs' forms would be highly prejudicial to those thousands of claimants whose forms are not deficient. By contrast, allowing the intervention would not prejudice the Government. There could be no claim of prejudice when the claims have been known to the Government at least since February of 2008 when the Amended Complaint (Rec. Doc. 11474) was filed, and since various dates in 2008 when the amended Form 95's were filed. The third factor is satisfied.

        **d.**    **Unusual Circumstances**.

The final timeliness consideration is whether there are any unusual circumstances with regard to the timeliness of the filing of the Motion to Intervene. As stated previously, the motion to intervene, being filed within days of the filing of Government's Motion to Dismiss the EBIA claims, is anything but untimely. There is nothing unusual about such a timely filing. If it is to be said that any unusual circumstance exists, it is that the Government waited more than a year to file its Motion to Dismiss. Thus, the "lateness" of the intervention, if it is indeed deemed late, was created by the Government's inexplicable delay.

Moreover, timeliness of the Intervention is further exemplified by this Court's Order of October 20, 2009 (Rec. Doc. 19329) inviting and setting a date to Intervene by October 30, 2009. Thus, this Motion to Intervene is responsive to the Court's invitation and timely in terms of the knowledge of the grounds for Intervention. Analysis under the fourth timeliness factor weighs in favor of allowing the intervention.

2.     **Intervenors Interest Relating to the Action**.

To support intervention of right, the intervenors must have an interest in the action which the substantive law recognizes.  *See In the Matter of Lease Oil Antitrust Litigation, supra.,* at 250 (citations omitted). The intervenors have an interest in the action.  Each intervenor has completed a form 95 setting forth EBIA claims sufficient to pursue the Count Three claims as stated in the Amended Complaint.  The form 95's have put the Government on notice of those claims, and all claims having been filed in 2008, the requisite 90 days has passed.  Thus, each has a right to pursue such claims in this Court.  The captioned matter was filed as a class action, and therefore even though each of the intervenors has a claim, they were represented in the class action by the representative plaintiffs.  Indeed, should the Court deny the Government's motion, the intervenor's rights will remain protected by the class representatives.  Should the Court grant the Government's motion, and in addition deny the intervention, there will be no representative plaintiffs to pursue the EBIA Count Three claims, and short of filing a new lawsuit to then be consolidated with the instant lawsuit, those EBIA claims made by thousands of claimants, properly presented on Form 95's, will be lost.  The Intervenors possess the substantive legal right to pursue the EBIA Count Three claims. Should the Court grant the Government's motion, the Intervenor's will be the only ones to possess the substantive legal right to pursue the EBIA Count Three claims.

3.     **The Intervenors' Interests Will be Impaired or Impeded if Intervention is Denied.**

As stated above, should the Court grant the Government's motion, and in addition deny the intervention, there will be no representative plaintiffs to pursue the EBIA Count Three claims, and short of filing a new lawsuit to then be consolidated with the instant lawsuit, those EBIA claims

made by thousands of claimants, properly presented on Form 95's, will be lost. While the Intervenors could file new lawsuits to litigate their EBIA claims, doing so would require re-litigation of matters already litigated in the underlying class action complaint and would unnecessarily create an unnecessary delay in the resolution of the Katrina Litigation.

### 4. Intervenor's Interest is not Adequately Represented by Existing Parties.

The Government's motion to dismiss, if granted, will remove from the litigation all theories of liability relating to the Count Three EBIA claims. In such a case, the Intervenors will have no representation in the case relating to their interest in their EBIA Count Three claims. Intervenors' interest in these claims will not only be inadequately represented, it will be completely unrepresented.

### C. Conclusion

Taking into consideration all of the elements that Fed.R.Civ.P. 24 requires to be considered by the Court in deciding a motion to intervene, it is clear that intervention in this case is warranted. The intervenors have timely moved to intervene. They have an interest in the action that would be impaired if the motion is denied. Further, should the Court grant the Government's motion to dismiss the Count Three EBIA claims, the intervenors will have no representation in the action to advance those claims.

The Government has been on notice of the Count Three EBIA claims for more than a year. To allow intervention by persons with Form 95's setting forth such claims to intervene in the action would work no hardship, undue or otherwise, upon the Government. On the other hand, to deny the intervention would strike those claims from the action. In such a scenario the intervenors would be forced to file new lawsuits duplicating the years of effort of the parties and the Court, or lose the

EBIA theories of liability in pursuing their claims. The Motion to Intervene should be granted.

        Respectfully Submitted,

        APPROVED PLAINTIFFS LIAISON COUNSEL


        s/ Joseph M. Bruno
        JOSEPH M. BRUNO
        PLAINTIFFS LIAISON COUNSEL
        LA Bar Roll Number: 3604
        DAVID S. SCALIA
        LA Bar Roll Number 21369
        Law Offices of Joseph M. Bruno.
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@brunobrunolaw.com

        MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

        s/ James Parkerson Roy
        JAMES PARKERSON ROY
        MR-GO PSLC Liaison Counsel
        LA. Bar Roll Number: 11511
        Domengeaux Wright Roy & Edwards LLC
        P.O.Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: 337-233-2796
        Email: jimr@wrightroy.com

        For

        MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
        Jonathan Andry
        Clay Mitchell
        James Parkerson Roy

## CERTIFICATE OF SERVICE

      I hereby certify that this pleading has been served upon all parties via the Courts CM/ECF system on this 30th Day of October, 2009.

                                              **s/ Joseph M. Bruno**