UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>              CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (Judge Duval)<br><br>MAGISTRATE 2 (Judge Wilkinson) |
| PERTAINS TO:   MR-GO and<br>                         07-cv-4608 | |

**MOTION TO CONSOLIDATE THE ENTERGY COMPANIES' INDIVIDUAL CASE WITH THE MR-GO MASTER CONSOLIDATED CLASS ACTION AND INCORPORATED MEMORANDUM**

**Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., Entergy Corporation,** and **Hartford Steam Boiler Inspection and Insurance Company** (collectively "the Entergy Companies"), move the Court to consolidate the Entergy Companies' individual suit, 2:07-cv-4608-SRD-JCW, with the instant Master Consolidated Class Action ("MCCA"). This motion to consolidate is asserted pursuant to Federal Rule of Civil Procedure 42(a).

GAMDE-NO: 274285-2                         1

As stated more fully below, lifting the current stay on the Entergy Companies' complaint and permitting consolidation would serve the interest of judicial economy. Moreover, in light of the Government's recent motion to dismiss, this consolidation is appropriate for the successful resolution of the issues surrounding the damage sustained in the vicinity of the East Bank Industrial Area ("EBIA"). The Entergy Companies' individual action and the MCCA have common questions of law and fact related to the damage caused by the Mississippi River Gulf Outlet ("MR-GO") and in and around the Inner Harbor Navigation Canal ("IHNC"). The Entergy Companies pray that this Court lift the stay on their individual claim, and allow it to be tried jointly with the MCCA.

## **PROCEDURAL HISTORY**

Plaintiff Entergy Corporation is incorporated under the laws of the State of Delaware, with its principal place of business and its principal Louisiana business establishment in the Parish of Orleans, State of Louisiana.

Plaintiff Entergy New Orleans, Inc., a wholly owned subsidiary of Entergy Corporation, is a Louisiana corporation with its registered office and corporate domicile in the Parish of Orleans. ENOI is a regulated public utility that provides utility services in Orleans Parish with its principal place of business in the Parish of Orleans.

Plaintiff Entergy Louisiana, L.L.C. is a Texas L.L.C. with its principal place of business in the Parish of Jefferson, Louisiana. ELL, which is a wholly

owned subsidiary of Entergy Corporation, is a regulated public utility providing services in the State of Louisiana outside the Parish of Orleans.

Plaintiff Entergy Services, Inc. is a Delaware corporation with its principal place of business in Louisiana.  It is a wholly owned subsidiary of Entergy Corporation and provides services to the regulated operating companies, including parties ENOI and ELL.

Plaintiff Hartford Steam Boiler Inspection and Insurance Company ("Hartford") is a foreign insurer organized under the laws of the State of Connecticut, qualified to do and doing business in the State of Louisiana. Hartford was one of the Entergy Companies' excess insurers and is subrogated in part to the Entergy Companies' claims asserted herein, and in particular to part of Entergy Corporation's claim for losses sustained by ENOI.

On February 28, 2007 the Entergy Companies filed Form 95s with the United States of America, Department of the Army, Corps of Engineers, New Orleans District, ("the Corps").[1]  The Entergy Companies' Form 95s specifically placed the United States on notice as to the Entergy Companies' claims associated with the MR-GO and in the EBIA and along the IHNC.

The Entergy Companies' Form 95 Section 8 "Basis of Claim" states in part that the breaches and failure of the hurricane protection levees and walls were a result of the Corps' negligence in permitting dredging in the vicinity of the levees and walls including the "Industrial Canal" and in its negligence

---

[1]   Form 95s for the Entergy Companies and Hartford Steam boiler Inspection and Insurance Company are attached as Exhibit A.

"planning, design, construction and maintenance of these design and construction of these levees, I-walls, Spoilbanks, Floodwalls, and Navigable Waterways, and negligent, hazardous and improper dredging of said navigable waterways."[2]

The Entergy Companies' Form 95 "Insurance Coverage" Sections 15 and 19 identify **Hartford Steam Boiler Inspection and Insurance Company** (Policy No. STA4202148) for subrogation purposes.[3]

On August 28, 2007, six months after the filing of its Form 95s, the Entergy Companies filed their individual complaint in the United States District Court for the Eastern District of Louisiana, case number 2:07-cv-04608-SRD-JCW.[4]

On November 15, 2007, Defendant United States of America moved this Court for a Stay of All Cases Apart From Barge, Robinson, and the Levee and MRGO Master Class Action Cases (doc. 9057).  That motion was granted on January 17, 2008 (doc. 10620).  The purpose of the Stay was to "prevent duplication of discovery and streamlining the matter for trial" (doc. 10620).

On October 16, 2009, Defendant United States of America filed a motion to dismiss the claims of MCCA that related to claims in the area of the EBIA.  This motion is based exclusively on allegations of defective administrative filings by the current class representatives (doc. 19323).

---

[2]   *Id.*

[3]   *Id.*

[4]   The Entergy Companies' complaint is attached as Exhibit B.

On October 20, 2009 this Court Ordered that plaintiffs come forth and identify claimants who may be unaffected by the Government's pending motion (doc. 19329).

## **STATEMENT OF FACTS**

Seeking to hold the Government responsible for the damages it caused following Hurricane Katrina, the Entergy Companies filed their Standard Form 95s on February 28, 2007 in order to provide notice of their claims for damages, including those related to the EBIA.  Having received no response from the Government, and in compliance with 28 U.S.C. § 2675(a), the Entergy Companies filed their individual suit, 2:07-cv-04608-SRD-JCW, on August 28, 2007[5] six months after the submission of its Standard Form 95.  As noted above, the Court issued a stay in the Entergy Companies' individual suit pending the resolution of the instant MCCA.

On October 16, 2009, the Government filed a Motion to Dismiss Count Three of the MCCA, arguing that of the 14 Plaintiffs named in the MCCA Complaint, "only 3 of them…lived in the Lower Ninth Ward or St. Bernard Parish and asserted claims related to the EBIA."[6]  The Government asserts that "[a]lthough the complaint freely refers [to] the EBIA, WGI, and the IHNC, none of the Plaintiff's administrative claims even mentions them."[7]  Relying upon this Court's rationale for dismissing the EBIA claims in the *Robinson* case, the

---

[5]   *Id.*

[6]   United States of America's Memorandum of Law In Support of Its Motion to Dismiss (Doc. 19323-2), at 2.

[7]   *Id.*

Government argues that the EBIA claims of the MCCA should similarly be dismissed where the named plaintiffs' administrative claims did not "include sufficient facts to place the Corps on notice that these particular plaintiffs sought recovery for the alleged defalcations that occurred at the EBIA."[8]

In connection with the Government's Motion to Dismiss, this Court issued an order on October, 20, 2009, allowing applicants with potentially adequate administrative claims and timely filed lawsuits to seek to either intervene or consolidate their claims.  In response to this Court's request, the Entergy Companies file this Motion to Consolidate their individual suit with the MCCA so that the issues related to the EBIA can be resolved on the merits.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42(a): "If actions before the court involve a common question of law or fact, the court may, … consolidate the actions…" In *Judicial Watch, Inc. v. United States Department of Energy, et al.*, 207 F.R.D. 8 (D.D.C. 2002), the court stated:

> Under Rule 42 of the Federal Rules of Civil Procedure, the Court has discretion to consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation.  *Id.* at 8.

In *Mylan Pharmaceuticals Inc., v. Henney*, 94 F.Supp.2d 36 (D.D.C. 2000), the court stated that consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into

---

[8]    *Id.*

a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* at 43. The court further stated that a "court has discretion to consolidate cases under Rule 42(a) if such consolidation will help it mange its caseload with "economy of time and effort for itself, for counsel, and for litigants." *Id.*

In the instant case, lifting the current stay on the Entergy Companies' complaint and permitting the Entergy Companies to consolidate with the pending Master Class Complaint would serve the interests of judicial economy. The Entergy Companies' individual suit and the instant case have common questions of law and fact relating to damages sustained as a result of the Unites States Army Corps of Engineers' negligence in connection with the MRGO and the IHNC. In fact, the Entergy Companies' claims are substantially similar to those asserted in the class action. The only substantive difference is that the Entergy Companies name only the United States as defendant, and not Washington Group International, Inc., the Boards of Commissioners of the Orleans Parish Levee District and the Lake Borne Basin Levee District, or the St. Paul Fire and Marine Insurance Company.[9] Stated plainly, the Entergy Companies do not present any new issues in the litigation. The Entergy Companies do not ask to be designated as class representatives; nor do Counsel for the Entergy Companies seek to become class counsel in the MCCA.

---

[9] Causes of action against these separate defendants have been preserved by the MCCA.

On October 16, 2009, the Government filed a Motion to Dismiss arguing that this Court lacks jurisdiction because the named plaintiffs' administrative claims are inadequate and that their lawsuits were filed prematurely. In response, this Court ordered claimants who may be unaffected by the Government's pending objection to come forward.

In compliance with the Court's Order, the Entergy Companies now move to consolidate because they have undoubtedly sustained damage in the Lower Ninth Ward and St. Bernard areas, but do not share the same alleged defect in administrative claims or the timing of their lawsuit. The Form 95s submitted by the Entergy Companies state:

> The breaches and failure of the hurricane protection levees and walls were a result of the Corps of Engineers negligence…in the design and construction of the levee walls, including without limitation the alleged failure of the…***Industrial Canal***…
>
> These breaches and failures of the hurricane protection levees and walls were a result of the Corps' negligence in permitting the dredging of the 17th Street Canal, and in the design and construction of the hurricane protection system, including without limitation the levees and walls of the 17th Street Canal, the London Avenue Canal, the **Industrial Canal**, and the MRGO…
>
> The Corps knew or reasonably should have known that the maintenance of ***these waterways*** was performed in a negligent or dangerous manner and resulted in the levees, I-walls, spoilbanks, floodwalls and waterways that were supposed to protect and serve the New Orleans metropolitan area in fact undermining these very structures.[10]

---

[10] Exhibit A (emphasis added).

This language evidences that the Entergy Companies' administrative claims include sufficient facts to place the Corps on notice that they were going to pursue claims based on the Government's negligence at the Industrial Canal. Further, the Entergy Companies filed their administrative claims on February 28, 2007, and in compliance with 28 U.S.C. § 2675(a), waited six months to file their suit. Put simply, the Government lacks any jurisdictional challenges to the Entergy Companies' suit and consolidation will assist with resolution of the EBIA issues.

Further, the Government would not be prejudiced if this consolidation were allowed. The Entergy Companies' claims have been known to the Government since February 28, 2007 when the Entergy Companies' Form 95s were submitted. The Government faces no new allegations or issues that it would not otherwise have to defend in the MCCA. There is also no prejudice as a result of the timeliness of the Motion to Consolidate. As stated previously, this motion comes only 14 days following the Government's Motion to Dismiss the EBIA claims from the MCCA. Thus, any issues regarding "lateness" were not created by the timing of the Motion to Consolidate, but by the timing of the Government's Motion to Dismiss. Further, and more significantly, this Motion is made at the behest of the Court. Consolidation would not slow the resolution of the instant case and the interests of judicial economy would be served.

## CONCLUSION

The Entergy Companies have an independent interest in this action. The companies' Form 95s and Complaint set forth EBIA claims that are similar to those set forth in Count Three claims of the Amended MRGO Master Class Consolidated Complaint. The Entergy Companies' Form 95s put the Government on notice of those claims, and the requisite delay between the filing of the Entergy Companies' Form 95s and commencing an action was observed. The Entergy Companies are ready and able to try their case against the Government for the damages sustained in the EBIA if this Court grants this motion for consolidation.

Counsel for the Entergy Companies have contacted and obtained consent from the Plaintiffs' liaison counsel to file this Motion. This Court should grant the Entergy Companies' Motion for Consolidation.

WHEREFORE, the Entergy Companies pray that an order be issued herein by the Court granting their Motion to Consolidate their Individual action with the MCCA.

Respectfully submitted on October __30__, 2009,

>Ewell E. Eagan Jr. (La. Bar No. 5239), T.A.
>Wendy Hickok Robinson (La. Bar No. 25225)
>Brian L. Guillot (La. Bar No. 31759)
>Gordon, Arata, McCollam,
> Duplantis & Eagan, L.L.P.
>201 St. Charles Avenue, 40th Floor
>New Orleans, Louisiana  70170-4000
>   Telephone: (504) 582-1111
>   Fax: (504) 582-1121
>
>By:_____/s/Wendy Hickok Robinson_____

and

O.H. Storey (Arkansas Bar No. 69078)
Marcus V. Brown (La. Bar No. 18817)
Entergy Services, Inc.
639 Loyola Avenue, Suite 2600
New Orleans, LA  70113
Tel:  504-576-2765

Attorneys for Plaintiffs, Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., and Entergy Corporation

and

Elisa T. Gilbert (ETG 5713), T.A.
Brendan R. O'Brien (BO 9033)
The Gilbert Firm, LLC
325 East 57th Street
New York, NY 10022

and

Ernest E. Svenson (La. Bar No. 17164)
The Svenson Law firm, LLC
432 Henry Clay Avenue
New Orleans, LA 70118-5724
Tel: 504-208-5199

Attorneys for Hartford Steam Boiler Inspection and Insurance Company

C E R T I F I C A T E

I hereby certify that on this 30th day of October, 2009, I electronically filed the foregoing MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid to all non-CM/ECF participants.

/s/Wendy Hickok Robinson