

# GORDON
# ARATA MCCOLLAM DUPLANTIS & EAGAN LLP

Ewell E. Eagan, Jr.
(504) 582-1115
eeagan@gordonarata.com

201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
(504) 582-1111 · Fax (504) 582-1121
www.gordonarata.com

February 28, 2007

**Via Hand Delivery**

United States of America
Department of the Army
Corps of Engineers
7400 Leake Avenue
New Orleans, LA  70118

Re:  Failure of Levees due to Hurricane Katrina

Dear Sir:

Enclosed is a Standard Form 95, which is being submitted on behalf of Entergy New Orleans, Inc.

If you have any questions, please contact me regarding same.

Sincerely,

Ewell E. Eagan, Jr., Esq.
Counsel for Entergy New Orleans, Inc.

GAMDE-NO:200698_1.DOC

400 East Kaliste Saloom Road, Suite 4200 · Lafayette, Louisiana 70508-8517 · (337) 237-0132 · Fax (337) 237-3451
One American Place · 301 Main Street, Suite 1600 · Baton Rouge, Louisiana 70801-1916 · (225) 381-9643 · Fax (225) 336-9763
2200 West Loop South, Suite 1050 · Houston, Texas 77027-3533 · (713) 333-5500 · Fax (713) 333-5501



**Entergy Legal Services**
425 West Capitol Avenue
P.O. Box 551
Little Rock, AR 72203
Tel  501 377 5879
Fax 501 377 5814

**O. H. Storey, III**
Vice President and
Deputy General Counsel

February 28, 2007

Ewell E. Eagan, Jr., Esq.
Gordon, Arata, McCollam, DuPlantis
 & Eagan, LLP
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana  70170-4000

    Re:    Claim Against United States

Dear Mr. Eagan:

    On behalf of Entergy Corporation, Entergy Louisiana, Inc. and Entergy New Orleans, Inc. (hereinafter collectively "Entergy"), I hereby authorize you and your firm to prosecute any and all claims that Entergy may have against the United States relating to the flooding which occurred shortly after Hurricane Katrina. You are specifically authorized to sign and submit Forms 95 on behalf of Entergy Louisiana, Inc. and Entergy New Orleans, Inc. and all supporting documentation in support of these claims.

                              Yours very truly,

                              O. H. Storey III

                              O. H. Storey, III

OHSIII/dpb

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>United States of America, Department of the Army, Corps of Engineers<br>New Orleans District<br>P.O. Box 60267, CEMVN-OC<br>New Orleans, LA 70130 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Entergy New Orleans, Inc.        Represented by Ewell E. Eagan, Jr.<br>639 Loyola Avenue            Gordon Arata McCollam Duplantis & Eagan<br>New Orleans, LA 70113         201 St. Charles Avenue, 40th Floor<br>                      New Orleans, LA 70170-4000 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>August 29 to 30, 2005, and continuing | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The hurricane protection levees and hurricane walls that were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005 and continuing thereafter. The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers' ("the Corps") negligence in granting a permit to the Sewerage and Water Board to dredge the 17th Street Canal and in the design and construction of these levees and walls, including without limitation the alleged failure of the Mississippi River Gulf Outlet (MRGO), the 17th Street Canal, the London Avenue Canal, and the Industrial Canal. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant. [See continuation on attached form.]

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
Destruction of and damage to real and personal property resulting from water damage, including but not limited to electrical generation, transmission and distribution system, natural gas system, and vehicle fleet.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
N/A

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Michael L. Wilson<br>Director, Risk Management<br>Entergy Services, Inc. | 425 West Capitol Avenue<br>Suite 2500F<br>Little Rock, AR 72201 |

12. (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $655,000,000 (*see att.) | N/A | N/A | $655,000,000. (*see atta.) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>504-582-1111 | 14. DATE OF SIGNATURE<br>2/28/2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

95-109                                        NSN 7540-00-634-4046                STANDARD FORM 95
                                                                       PRESCRIBED BY DEPT. OF JUSTICE
                                                                       28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

   1. OIL Insurance Limited (Policy No. 2002-223), Post Office Box HM 1751, Hamilton, Bermuda, HMGX
   2. Certain Underwriters at Lloyds (Policy No. 507/P05SP00471) One Lime Street, London, EC3M 7HA, UK
   3. Hartford Steam Boiler Inspection and Insurance Company (Policy No. STA4202148), 1 State Street, Hartford, CT 06102

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☒ Yes   ☐ No

   DEDUCTIBLE

17. If deductible, state amount.

   $20,000,000.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

   OIL, Lloyds and Hartford have all issued reservation of rights letters. OIL has made a partial payment on ENOI's claims in the amount of approximately $9,897,206. The remainder of the claim is still being adjusted. Lloyds and Hartford have not made any payments on ENOI's claims as of this date.

19. Do you carry public liability and property damage insurance? ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

   1. OIL Insurance Limited (Policy No. 2002-223), Post Office Box HM 1751, Hamilton, Bermuda, HMGX
   2. Certain Underwriters at Lloyds (Policy No. 507/P05SP00471) One Lime Street, London, EC3M 7HA, UK
   3. Hartford Steam Boiler Inspection and Insurance Company (Policy No. STA4202148), 1 State Street, Hartford, CT 06102

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

8a. CONTINUED

This claim is brought based on the Federal Tort Claims Act, The Public Vessels Act, 46 U.S.C. app. Sec. 781, the Suits in Admiralty Act, 46 U.S.C. Sec. 741 and the Extension of Admiralty Jurisdiction Act, 46 U.S.C. app. Sec. 740, and the statute of limitations prescribed by the Suits in Admiralty Act, 46 U.S.C. Sec. 745, and any other statute deemed to be applicable, in the event the United States of America is found legally liable for certain damages incurred or about August 29, 2005, resulting from the alleged failure of the flood protection system surrounding the greater New Orleans metropolitan area. The hurricane protection levees and hurricane walls that were suppose to protect the New Orleans metropolitan area failed and were breached on or about the day of August 29, 2005. These breaches and failures of the hurricane protection levees and walls were a result of the Corps' negligence in permitting the dredging of the 17th Street Canal, and in the design and construction of the hurricane protection system, including without limitation the levees and walls of the 17th Street Canal, the London Avenue Canal, the Industrial Canal, and the MRGO.

In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies to the material detriment of the claimant.

Particularly, the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area including but not limited to the MRGO, 17th Street Canal, Industrial Canal and the London Avenue Canal, the outer levees fronting Lake Borgne, the incomplete floodwall at the southern end of the Orleans Canal, their tributaries, other tributaries, water distribution and navigation waterways, failed and were breached during the day of August 29, 2005, with continuing failures thereafter. The breaches and failures of the levees, I-walls, spoilbanks and flood walls were a result of the Corps' negligence in planning, design, construction and maintenance of these levees, I-walls, spoilbanks, flood walls and navigable waterways, and negligent, hazardous and improper dredging of said navigable waterways. In addition, the Corps knew or reasonably should have known that the levees, I-walls, spoilbanks, flood walls and waterways were not planned correctly, designed correctly, constructed correctly or maintained correctly and were in a state of disrepair as a result thereof and were therefore inadequate to protect the area from the results of a hurricane. Further, the Corps knew or reasonably should have known that the maintenance of these waterways was performed in a negligent or dangerous manner and resulted in the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area in fact undermining these very structures. Despite this knowledge, the Corps failed to disclose these inadequacies and to remedy these inadequacies to the material detriment of the claimant.

## 12a Continued

This figure represents approximate total Hurricane Katrina and/or flood related damage to Claimant. It is the intention of Claimant to revise this amount downward to exclude non-flood damage from this Claim and to reflect recovery that may be received from the Community Development Block Grant Program, as such information becomes available.

Documentary support for the amount claimed is voluminous. It can be made available in electronic form, if desired. Please inform Claimant how to proceed with providing this supporting information.

# GORDON
# ARATA MCCOLLAM DUPLANTIS & EAGAN LLP

Ewell E. Eagan, Jr.
(504) 582-1115
eeagan@gordonarata.com

201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
(504) 582-1111 · Fax (504) 582-1121
www.gordonarata.com

February 28, 2007

**Via Hand Delivery**

United States of America
Department of the Army
Corps of Engineers
7400 Leake Avenue
New Orleans, LA 70118

    Re: Failure of Levees due to Hurricane Katrina

Dear Sir:

    Enclosed is a Standard Form 95, which is being submitted on behalf of Entergy Louisiana, LLC.

    If you have any questions, please contact me regarding same.

Sincerely,

Ewell E. Eagan, Jr., Esq.
Counsel for Entergy Louisiana, LLC

GAMDE-NO:200699_1.DOC

400 East Kaliste Saloom Road, Suite 4200 · Lafayette, Louisiana 70508-8517 · (337) 237-0132 · Fax (337) 237-3451
One American Place · 301 Main Street, Suite 1600 · Baton Rouge, Louisiana 70801-1916 · (225) 381-9643 · Fax (225) 336-9763
2200 West Loop South, Suite 1050 · Houston, Texas 77027-3533 · (713) 333-5500 · Fax (713) 333-5501



**Entergy Legal Services**
425 West Capitol Avenue
P.O. Box 551
Little Rock, AR 72203
Tel 501 377 5879
Fax 501 377 5814

O. H. Storey, III
Vice President and
Deputy General Counsel

February 28, 2007

Ewell E. Eagan, Jr., Esq.
Gordon, Arata, McCollam, DuPlantis
 & Eagan, LLP
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000

   Re: Claim Against United States

Dear Mr. Eagan:

  On behalf of Entergy Corporation, Entergy Louisiana, Inc. and Entergy New Orleans, Inc. (hereinafter collectively "Entergy"), I hereby authorize you and your firm to prosecute any and all claims that Entergy may have against the United States relating to the flooding which occurred shortly after Hurricane Katrina. You are specifically authorized to sign and submit Forms 95 on behalf of Entergy Louisiana, Inc. and Entergy New Orleans, Inc. and all supporting documentation in support of these claims.

          Yours very truly,

          *O. H. Storey III*

          O. H. Storey, III

OHSIII/dpb

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>United States of America, Department of the Army, Corps of Engineers<br>New Orleans District<br>P.O. Box 60267, CEMVN-OC<br>New Orleans, LA 70130 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Entergy Louisiana, LLC          Represented by Ewell E. Eagan, Jr.<br>4809 Jefferson Highway        Gordon Arata McCollam Duplantis & Eagan<br>Jefferson, LA, 70121               201 St. Charles Avenue, 40th Floor<br>                                                    New Orleans, LA 70170-4000 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>August 29 to 30, 2005, and continuing | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The hurricane protection levees and hurricane walls that were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005 and continuing thereafter. The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers' ("the Corps") negligence in granting a permit to the Sewerage and Water Board to dredge the 17th Street Canal and in the design and construction of these levees and walls, including without limitation the alleged failure of the Mississippi River Gulf Outlet (MRGO), the 17th Street Canal, the London Avenue Canal, and the Industrial Canal. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant. [See continuation on attached form.]

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)
Destruction of and damage to real and personal property resulting from water damage, including but not limited to electrical generation, transmission and distribution system, and vehicle fleet.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
N/A

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Michael L. Wilson<br>Director, Risk Management<br>Entergy Services, Inc. | 425 West Capitol Avenue<br>Suite 2500F<br>Little Rock, AR 72201 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>$560,000,000 (*see att.) | 12b. PERSONAL INJURY<br>N/A | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$560,000,000 (*see atta.) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>504-582-1111 | 14. DATE OF SIGNATURE<br>2/28/2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109                                    NSN 7540-00-634-4046                                    STANDARD FORM 95
                                                                                                  PRESCRIBED BY DEPT. OF JUSTICE
                                                                                                  28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance?  ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

1. OIL Insurance Limited (Policy No. 2002-223), Post Office Box HM 1751, Hamilton, Bermuda, HMGX
2. Certain Underwriters at Lloyds (Policy No. 507/P05SP00471) One Lime Street, London, EC3M 7HA, UK
3. Hartford Steam Boiler Inspection and Insurance Company (Policy No. STA4202148), 1 State Street, Hartford, CT 06102

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☒ Yes  ☐ No | 17. If deductible, state amount.

DEDUCTIBLE | $20,000,000.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

OIL, Lloyds and Hartford have all issued reservation of rights letters. OIL has made a partial payment on ELL's claims in the amount of approximately $12,094,509. The remainder of the claim is still being adjusted. Lloyds and Hartford have not made any payments on ELL's claims as of this date.

19. Do you carry public liability and property damage insurance? ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

1. OIL Insurance Limited (Policy No. 2002-223), Post Office Box HM 1751, Hamilton, Bermuda, HMGX
2. Certain Underwriters at Lloyds (Policy No. 507/P05SP00471) One Lime Street, London, EC3M 7HA, UK
3. Hartford Steam Boiler Inspection and Insurance Company (Policy No. STA4202148), 1 State Street, Hartford, CT 06102

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

8a. CONTINUED

This claim is brought based on the Federal Tort Claims Act, The Public Vessels Act, 46 U.S.C. app. Sec. 781, the Suits in Admiralty Act, 46 U.S.C. Sec. 741 and the Extension of Admiralty Jurisdiction Act, 46 U.S.C. app. Sec. 740, and the statute of limitations prescribed by the Suits in Admiralty Act, 46 U.S.C. Sec. 745, and any other statute deemed to be applicable, in the event the United States of America is found legally liable for certain damages incurred or about August 29, 2005, resulting from the alleged failure of the flood protection system surrounding the greater New Orleans metropolitan area. The hurricane protection levees and hurricane walls that were suppose to protect the New Orleans metropolitan area failed and were breached on or about the day of August 29, 2005. These breaches and failures of the hurricane protection levees and walls were a result of the Corps' negligence in permitting the dredging of the 17th Street Canal, and in the design and construction of the hurricane protection system, including without limitation the levees and walls of the 17th Street Canal, the London Avenue Canal, the Industrial Canal, and the MRGO.

In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies to the material detriment of the claimant.

Particularly, the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area including but not limited to the MRGO, 17th Street Canal, Industrial Canal and the London Avenue Canal, the outer levees fronting Lake Borgne, the incomplete floodwall at the southern end of the Orleans Canal, their tributaries, other tributaries, water distribution and navigation waterways, failed and were breached during the day of August 29, 2005, with continuing failures thereafter. The breaches and failures of the levees, I-walls, spoilbanks and flood walls were a result of the Corps' negligence in planning, design, construction and maintenance of these levees, I-walls, spoilbanks, flood walls and navigable waterways, and negligent, hazardous and improper dredging of said navigable waterways. In addition, the Corps knew or reasonably should have known that the levees, I-walls, spoilbanks, flood walls and waterways were not planned correctly, designed correctly, constructed correctly or maintained correctly and were in a state of disrepair as a result thereof and were therefore inadequate to protect the area from the results of a hurricane. Further, the Corps knew or reasonably should have known that the maintenance of these waterways was performed in a negligent or dangerous manner and resulted in the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area in fact undermining these very structures. Despite this knowledge, the Corps failed to disclose these inadequacies and to remedy these inadequacies to the material detriment of the claimant.

## 12a Continued

This figure represents approximate total Hurricane Katrina and/or flood related damage to Claimant. It is the intention of Claimant to revise this amount downward to exclude non-flood damage from this Claim and to reflect recovery that may be received from the Community Development Block Grant Program, as such information becomes available.

Documentary support for the amount claimed is voluminous. It can be made available in electronic form, if desired. Please inform Claimant how to proceed with providing this supporting information.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| United States of America, Dept. of the Army, Corp of Engineers<br>U.S. Army Engineer District, New Orleans<br>P.O. Box 60267, CEMVN-OC<br>New Orleans, LA 70160-0267 | AIG located at: 175 Water Street, 29th Floor New York, NY 10038<br>as Subrogated Insurer of Entergy New Orleans<br>Represented by Gilbert & Gilbert, LLC<br>350 5th Avenue, Suite 5615 New York, NY 10118 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>N/A | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>August 29, 2005 | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The hurricane protection levees and hurricane walls that were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005 and continuing thereafter. The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers ("The Corps") negligence in granting a permit to the Sewage and Water Board to dredge the 17th Street Canal and in the design and construction of those levees and walls, including without limitation the failure of the Mississippi River Gulf Outlet (MRGO), the 17th Street Canal, the London Avenue Canal, and the Industrial Canal. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant. [SEE CONTINUATION ON ATTACHED FORM]

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Entergy New Orleans: 639 Loyola Avenue New Orleans, LA 70113

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
Destruction of, and damage to, real property B.I. resulting from water damage to Entergy New Orleans: throughout New Orleans including but not limited to: Electrical generation, transmission and distribution system, natural gas system and vehicle fleet.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

N/A

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Michael L. Wilson<br>Director, Risk Management<br>Entergy Services, Inc. | 425 West Capitol Avenue, Suite 2500F<br>Little Rock, Arkansas 72201 |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 69,500,000.00 | 0 | | 69,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* Gilbert & Gilbert | 13b. Phone number of person signing form<br>212 286 8505 | 14. DATE OF SIGNATURE<br>8-17-07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109     NSN 7540-00-634-4046     STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

Not Applicable as claimants are the subrogating insurers.
The policy number is: STA 42 02 148 written by: AIG as: Hartford Steam Boiler Inspection and Insurance Company: 175 Water Street, 29th Floor New York, NY 10038

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No       17. If deductible, state amount.

Not Applicable as claimants are the subrogating insurers.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

AIG as: Hartford Steam Boiler Inspection and Insurance Company paid $69,500,000.00

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

AIG as: Hartford Steam Boiler Inspection and Insurance Company: 175 Water Street, 29th Floor New York, NY 10038

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95 BACK

8a. CONTINUED

This claim is brought based on the Federal Tort Claims Act, The Public Vessels Act, 46 U.S.C. app. Sec. 781, the Suits in Admiralty Act, 46 U.S.C. Sec. 741 and the Extension of Admiralty Jurisdiction Act, 46 U.S.C. app. Sec. 740, and the statute of limitations prescribed by the Suits in Admiralty Act, 46 U.S.C. Sec. 745, and any other statute deemed to be applicable, in the event the United States of America is found legally liable for certain damages incurred or about August 29, 2005, resulting from the alleged failure of the flood protection system surrounding the greater New Orleans metropolitan area. The hurricane protection levees and hurricane walls that were suppose to protect the New Orleans metropolitan area failed and were breached on or about the day of August 29, 2005. These breaches and failures of the hurricane protection levees and walls were a result of the Corps' negligence in permitting the dredging of the 17th Street Canal, and in the design and construction of the hurricane protection system, including without limitation the levees and walls of the 17th Street Canal, the London Avenue Canal, the Industrial Canal, and the MRGO.

In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies to the material detriment of the claimant.

Particularly, the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area including but not limited to the MRGO, 17th Street Canal, Industrial Canal and the London Avenue Canal, the outer levees fronting Lake Borgne, the incomplete floodwall at the southern end of the Orleans Canal, their tributaries, other tributaries, water distribution and navigation waterways, failed and were breached during the day of August 29, 2005, with continuing failures thereafter. The breaches and failures of the levees, I-walls, spoilbanks and flood walls were a result of the Corps' negligence in planning, design, construction and maintenance of these levees, I-walls, spoilbanks, flood walls and navigable waterways, and negligent, hazardous and improper dredging of said navigable waterways. In addition, the Corps knew or reasonably should have known that the levees, I-walls, spoilbanks, flood walls and waterways were not planned correctly, designed correctly, constructed correctly or maintained correctly and were in a state of disrepair as a result thereof and were therefore inadequate to protect the area from the results of a hurricane. Further, the Corps knew or reasonably should have known that the maintenance of these waterways was performed in a negligent or dangerous manner and resulted in the levees, I-walls, spoilbanks, flood walls and waterways that were supposed to protect and serve the New Orleans metropolitan area in fact undermining these very structures. Despite this knowledge, the Corps failed to disclose these inadequacies and to remedy these inadequacies to the material detriment of the claimant.



# GILBERT & GILBERT, LLC

THE EMPIRE STATE BUILDING
350 5ᵀᴴ AVENUE, SUITE 5615
NEW YORK, NY 10118
212-286-8524
(FAX) 212-286-8522

August 14, 2007

Mr. Thomas Casson
Vice President
AIG Global Energy Claims
175 Water Street 29 Floor
New York, NY 10038

    Re: **Subrogation of Katrina Losses**
       **Entergy New Orleans**
       <u>**File No.: 5602**</u>

Dear Mr. Casson:

  This letter will confirm that AIG Global Energy, among other insurers, has retained Gilbert & Gilbert, LLC to represent its interests to pursue recovery of insured losses incurred by Entergy New Orleans during Hurricane Katrina.

  Where appropriate, this office will file a US Form 95 notifying the United States through U.S. Army Corp of Engineers of the claims being made for damage incurred as a result of the construction and faulty maintenance of the waterways associated with the Mississippi River Gulf Outlet. Additionally, this office will commence litigation in the Federal District Court of the State of Louisiana, Eastern District, New Orleans on behalf of the subrogating insurers for this loss.

  Kindly countersign this letter and return for our files.

Very truly yours,
Gilbert & Gilbert, LLC

Elisa T. Gilbert

AIG Global Energy Claims

BY: