UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| PERTAINS TO: MRGO | |

MEMORANDUM IN OPPOSITION TO
UNITED STATES OF AMERICA'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

On October 16, 2009, the United States of America (hereafter "the Government") filed a Motion to Dismiss (Rec. Doc. 19323) pursuant to Federal Rule of Civil Procedure 12(b)(1), seeking dismissal of all claims pertaining to the East Bank Industrial Area (EBIA) as set forth in Count Three of the Amended MR-GO Master Consolidated Class Action Complaint (Rec. Doc. 11471) (hereafter "Amended Complaint"), as well as the claims asserted by Plaintiffs Kenneth B. Armstrong, Sr., and Jeannine B. Armstrong. For all of the reasons as set forth herein, the Government's motion must be denied.

The gist of the Government's argument in support of dismissal is that although Count Three of the Amended Complaint sets forth allegations relating to the East Bank Industrial Area (EBIA), the Inner Harbor Navigational Canal (IHNC), and Washington Group International (WGI), none of the 14 name plaintiffs' administrative claims (Form 95's) makes any mention of them. Therefore, the government argues, the Federal Tort Clam Act's (FTCA) administrative requirements of notice and presentment have not been satisfied and this Court therefore lacks subject matter jurisdiction. In addition, the Government argues that this Court lacks subject matter jurisdiction over the

Armstrong's claims because they filed suit before either a formal denial by the Government, or the passage of six months from the filing of their amended Form 95's.

The Court has been down this road before in the *Robinson* matter where the Government argued and the Court agreed that "[t]he Notice of a Class Claim that was filed on behalf of plaintiffs did not include sufficient facts to place the Corps on notice that these particular plaintiffs sought recovery for the alleged defalcations that occurred at the EBIA[,] . . . [nor was there any] indication that the EBIA, and the work of WGI would be the subject of this lawsuit. Furthermore, with respect to the individual claimant's allegations in the Form 95s." *See In re Katrina Canal Breaches Consolidated Litigation,* 2008 WL 4449970, at *6 (E.D.La. Sept. 29, 2008) (Duval, J.). Plaintiffs respectfully suggest that the Court's decision in *Robinson* was in error, and that the instant motion of the Government should be denied..

**LAW AND ARGUMENT**

**The *Robinson* Decision**

Plaintiffs herein adopt and restate all of the arguments as set forth in the brief in opposition to the motion to dismiss filed by the Government in the *Robinson* matter (See Rec. Doc. 14246).[1] In addition to the arguments previously made, plaintiffs cite an additional case which supports their position. In *Johnson v. United States,* 788 F.2d 845 (2nd Cir. 1986) the Court was presented with a similar motion to dismiss by the Government alleging insufficiency of the administrative claim. There, the Plaintiff brought an action for damages against the United States Postal Service alleging

---

[1]Rather than restate all of the arguments made in opposition brief filed by Plaintiffs in the *Robinson* matter, those arguments are adopted as if stated herein in their entirety. Plaintiffs attached a copy of the brief hereto for the Court's ease of reference.

negligent supervision of a letter carrier who sexually assaulted their infant. *Id.,* at 847. The Plaintiffs filed their administrative claim on a standard government form alleging the sexual molestation of their daughter by a letter carrier and claiming various physical and emotional injuries, as well as medical and psychological expenses. *Id.,* at 847-48. The Government denied the claim stating that as described it alleges an assault and battery, a claim which Congress has specifically stated it does not waive sovereign immunity. *Id.* Thereafter, the plaintiffs filed suit alleging the sexual assault, and stating as a theory of recovery the Government's negligent supervision of its employee–the letter carrier. The Government moved to dismiss contending that the United States had specifically not waived sovereign immunity for claims arising out of assault and battery. *Id.* The district court did not address the Government's contentions, but dismissed the case anyway, holding that "although the complaint alleged negligent supervision, the administrative claim made no mention of such a legal theory or of facts suggesting that 'anyone other than [the letter carrier] might be culpable for [] the injuries.'" *Id.,* at 848. The Second Circuit held that "[a]lthough the [administrative] claim supplied no facts evidencing negligent supervision, and did not allege all of the factual elements of such a theory of liability, a reasonably thorough investigation of the incident should have uncovered any pertinent information in the government's possession relating to the agency's knowledge or lack of knowledge, of any prior sexual misconduct by its employee. . . ." *Id.,* at 849, *citing Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980). The Court went on to hold that it was error for the district court "to require that a ground of liability cannot be maintained unless factual elements uniquely related to that theory were first presented in the administrative claim. *Johnson, id.,* at 849. All that is required of the administrative claim is "'the basic elements of notice of accident and injury and a sum certain representing damages' so that the agency may investigate

it."*Id.,* at 849, *citations omitted.* In our case, the Form 95's that the Government brings into question state the notice of the accident, the injury sustained, and a sum certain representing damages.

### The Position of the Government

On September 19, 2008, in response to plaintiffs inquiry with regard to amending box 8 of form 95's the Government responded with a letter from James F. McConnon, Jr., Trail Attorney, Torts Branch (FTCA Staff)[2]. In that letter, the government states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of t he incident. . . ." Thus, the Government, in its correspondence to plaintiffs counsel takes the position that a claim is presented when it sets forth notice of the accident, the injury, and a sum certain. Now, the Government seeks to expand on those requirements by arguing that in addition to accident, injury and sum certain, the claimant must allege all factual bases and all possible theories for the incident. This is not what the law requires, nor is it what the Government itself stated was required in its letter to plaintiffs' counsel. The test for adequate notice does not require that the plaintiff set forth every conceivable legal theory or cause of action that could potentially be brought in relation to an injury described in the claim. *See Strohm v United States,* 2007 WL 3120704, \*4 (D. Kan. 2007); *citing Bethel v. United States, ex rel. Veterans Admin. Medical Center of Denver, Colorado*, 495 F.Supp.2d 1121, 1124-1125 (D.Colo. 2007). "[A]s long as the language of an administrative claim serves due notice ***that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought***, it

---

[2]See Exhibit "A".

fulfills the notice-of-claim requirement." *Dynamic Images Technologies, Inc., v. United States,* 221 F.3d 34, 40 (1st Cir., 2000) *citing Santiago-Ramirez v. Secretary of the Department of Defense*, 984 F.2d 16, 20 (1st Cir. 1993) (emphasis added).   This is certainly understandable.  The Form 95 is the first step in the process of seeking to redress injuries caused by the torts of the Government.  It is a form that is often filed by the claimant himself, without the assistance of an attorney.  It is a form that must be filled out before any litigation is instituted, and thus before any discovery can be had.  It is a one page claim form that request the claimant to provide a description of accident and the nature and extent of the injury, and it is designed to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite fair settlement of tort claims. *See Johnson, id.,* at 848-49.  To require that the form provide all theories of liability is contrary to the reasons for providing the Form 95—to provide notice of the accident, the injury, and a sum certain, so as to ease court congestion, avoid unnecessary litigation, and facilitate settlement.

## CONCLUSION

For all of the above and foregoing reasons, the Government's Motion to Dismiss should be denied.

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL


s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
DAVID S. SCALIA
LA Bar Roll Number 21369
Law Offices of Joseph M. Bruno.

855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
James Parkerson Roy

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served upon all parties via the Courts CM/ECF system on this 30th Day of October, 2009.

**s/ Joseph M. Bruno**