

# U.S. Department of Justice

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

| | | |
|---|---|---|
| *James F. McConnon, Jr.*<br>*Trial Attorney* | *Post Office Box 888, Benjamin Franklin Station*<br>*Washington, D.C. 20044* | *Telephone: (202) 353-2604*<br>*Facsimile: (202) 616-5200* |

PJP:JGT:JFMcConnon
157-0-272

September 19, 2008

<u>VIA E-MAIL</u>

Rob Warren
The Law Office of Joseph M. Bruno, APLC
855 Baronne Street
New Orleans, LA 70113
rob@jbrunolaw.com

    Re: <u>Amending Hurricane Katrina Claims</u>

Dear Mr. Warren:

    This letter responds to the query set forth in your e-mail of September 17, 2008, a copy of which is enclosed, regarding the most expedient method of amending box 8 of the SF-95 claims forms presented on behalf of claimants represented by Joseph Bruno or the Levee Litigation Group. You propose to send a letter setting forth the amending language, together with an attachment identifying the claimants whose claims forms are being amended and listing their respective claim numbers.

    The regulation governing the amendment of claims presented to a Federal agency under the Federal Tort Claims Act (FTCA) is codified in 28 C.F.R. § 14.2(c) and provides:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

28 C.F.R. § 14.2(c).

Under the express terms of 28 C.F.R. § 14.2(c), therefore, only a claim which has been presented in compliance with 28 C.F.R. § 14.2(a) may be amended. The latter regulation in turn provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

Thus, 28 C.F.R. § 14.2(a) requires, inter alia, that if one purports to present a claim on another person's behalf, evidence of the purported agent's or representative's authority must accompany the claim. This particular requirement would have been complied with if, for example, a claim form was signed by the claimant himself, and identified Mr. Bruno or the Levee Litigation Group as that claimant's agent or legal representative. If the claim was not signed by the claimant himself, however, then the regulation required the submission of other evidence (such as a retainer agreement or power of attorney) of Mr. Bruno's or the Levee Litigation Group's authority to act on the claimant's behalf.

Provided that there was timely compliance with all the requirements of 28 C.F.R. § 14.2(a) with respect to the pending claims, including the submission of evidence of Mr. Bruno's or the Levee Litigation Group's authority to act as the agent or legal representative of each of the claimants referred to in your e-mail, then we think that proceeding in the manner in which you propose is an acceptable alternative to submitting amended claims forms for each of those claimants individually.

The letter and attachment(s) should be submitted directly to the United States Army Corps of Engineers, since it is the Federal agency out of whose activities the claims arose and before whom the claims are pending. See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2. Its mailing address is: Department of the Army, New Orleans District, Corps of Engineers, Post Office Box 60267, New Orleans, Louisiana, 70160-0267.

Please be advised, however, that a claim may not be amended after final agency action or after the claimant has exercised his option under 28 U.S.C. § 2675(a). See 28 C.F.R. § 14.2(c). Accordingly, in the event that the United States Army Claims Service has taken final agency

action on a particular claim, or a claimant already has exercised his option under 28 U.S.C. § 2675(a) by filing suit, an amendment of the claim is not permitted by the regulations.

Furthermore, upon the timely filing of an amendment of a pending claim, the applicable regulation provides that the agency shall have an additional six months within which to make a final disposition of the claim as amended, and the claimant's option to file suit under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of an amendment. See 28 C.F.R. § 14.2(c).

This response to your query should not be construed as a concession by the United States that any claimant initially presented a claim in compliance with the applicable requirements of 28 C.F.R. § 14.2(a), or that any subsequent amendment of such a claim otherwise would be valid. Nor should this response be construed as a waiver by the United States of any of its defenses regarding such claims, either as initially presented or as amended, including but not limited with regard to the timeliness of such claims or amendments.

If you have any questions, you may contact me at (202) 353-2604.

Sincerely,

James F. McConnon, Jr.
Trial Attorney
Torts Branch (FTCA Staff)

Enclosure

cc: Joseph Bruno