UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
|  | * | |
|  | * | NO. 05-4182 |
| **PERTAINS TO: BARGE** | * | and consolidated cases |
|  | * | |
|  | * | SECTION "K" (2) |
| *Boutte v. LaFarge*            05-5531 | * | |
| *Mumford v. Ingram*            05-5724 | * | |
| *Lagarde v. LaFarge*           06-5342 | * | **JUDGE** |
| *Perry v. Ingram*              06-6299 | * | **STANWOOD R. DUVAL, JR.** |
| *Benoit v. LaFarge*            06-7516 | * | |
| *Parfait Family v. USA*        07-3500 | * | **MAG.** |
| *LaFarge v. USA*               07-5178 | * | **JOSEPH C. WILKINSON, JR.** |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

**BARGE PLAINTIFFS' CONTROVERSION OF STATEMENT OF
UNCONTESTED MATERIAL FACTS SUBMITTED BY ZITO FLEETING,
L.L.C., AND ZITO FLEETING, INC**.

**NOW COME** Barge Plaintiffs, through undersigned counsel, who, in response to the Statement of Uncontested Material Facts submitted by the Zito Companies, aver as follows:

1.   Admitted.

2.   Admitted.

3.   **Controverted**.  Ingram was contracted to transport cement to Lafarge's facility in Westlake, Louisiana.  This cement was instead diverted to Lafarge's France Road facility while en route, at Lafarge's request, in light of H-grade cement stockout conditions at the France Road facility.[1]

---

[1] **Plaintiffs' Exhibit 1** *In Globo*, email communications describing Lafarge stockout condition.

4. Admitted.

5. Admitted.

6. Admitted.

7. **Controverted**. At 10:00 p.m. C.D.T. (2200 Hours) on August 25, 2005, the National Weather Service included Hurricane Katrina within a potential storm track (cone of uncertainty) from the Florida Peninsula to the Louisiana coast including the mouth of the Mississippi River near Empire, Boothville and Venice, and the Chandeleur Sound.[2]

8. Admitted.

9. **Controverted**. As of 4:00 p.m. C.D.T. on September 26, 2005, Katrina's potential path included the Gulf Coast from east of Panama City, FL, to west of Lafayette, Louisiana.[3] On the same afternoon, Gov. Kathleen Blanco proclaimed a State of Emergency.[4]

10. Admitted.

11. Admitted.

12. **Controverted**. Lafarge Asst. Terminal Manager Edward Busch testified in Civil Action 05-4419 (*In Re Ingram Barge Company*, etc.) that he called Zito and left a message for them to pick up the empty ING 4727.[5] Likewise,

---

[2] **Plaintiffs' Exhibit 2**, National Weather Service tracking maps.

[3] **Plaintiffs' Exhibit 2**, National Weather Service tracking maps.

[4] **Plaintiffs' Exhibit 3,** Proclamation No. 48 KBB 2005.

[5] **Plaintiffs' Exhibit 4,** Deposition of Edward Busch.

       Jennifer Arnold and Earl Smith testified in their depositions that Ed Busch told them that he called to have the barge "released" or picked up.[6]

13.    Admitted.

14.    Admitted.

15.    Admitted. Positioning ING 4727 outboard of ING 4745 is a logical precursor to having ING 4727 picked up by Zito.

16.    Admitted.

17.    Admitted, but only as to Zito's knowledge. **Whether** Zito had responsibility (i.e., a duty) is not a question of fact, but of law.

18.    **Controverted.** Whether Zito violated rules or laws depends upon whether Zito had a duty, which is a question of law.

19.    **Controverted**. Edward Busch testified that he reached voicemail without speaking to anyone.[7]

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    **Controverted**. Mr. Busch spoke with Jennifer Arnold only once that morning, not several times.[8]

25.    Controverted. Mr. Busch testified in deposition testimony that he called Zito.[9]

---

[6] **Plaintiffs' Exhibit 5,** Deposition of Jennifer Arnold, pp. 32 – 33; **Plaintiffs' Exhibit 9**, Deposition of Earl Smith, pp. 108 – 109.

[7] **Plaintiffs' Exhibit 4,** Deposition of Edward Busch.

[8] **Plaintiffs' Exhibit 5,** Deposition of Jennifer Arnold, p. 31, line 18 – p. 34, line 7.

26. Admitted.

27. Admitted, but only as to Zito's knowledge. The remainder of the statement is not an assertion of fact, but of law, and an opinion as to whether Zito would or would not be negligent.

28. **Controverted**. Zito issued email notification that the fleet would close, but testified in trial of 05-4419 that had Domino notified Zito that Domino wanted to bring ING 4727 to the Zito fleet, "[t]he chances are good that [Zito] would have taken them in."[10]

                                          Respectfully submitted,

                                          **s/Brian A. Gilbert** (21297)
                                          Law Office Of Brian A. Gilbert, P.L.C.
                                          821 Baronne Street
                                          New Orleans, Louisiana 70113
                                          Telephone: (504) 885-7700
                                          Telephone: (504) 581-6180
                                          Facsimile: (504) 581-4336
                                          e-mail: bgilbert@briangilbertlaw.com

                                          Shawn Khorrami (CA SBN #14011)
                                          Dylan Pollard (CA SBN # 180306)
                                          Matt C. Bailey (CA SBN #218685)
                                          Khorrami, Pollard & Abir, LLP
                                          444 S. Flower Street, 33rd Floor
                                          Los Angeles, California 90071
                                          Telephone: (213) 596-6000
                                          Facsimilie: (213) 596-6010
                                          e-mail: Skhorrami@kpalawyers.com;
                                                             Dpollard@kpalawyers.com;
                                                             Mbailey@kpalawyers.com

                                          Lawrence D. Wiedemann.(13457)

---

[9] **Plaintiffs' Exhibit 4**, Deposition of Ed Busch.

[10] **Barge Plaintiffs' Exhibit 6,** EDLA Civil Action 05-4419, Record Doc. 788, Tr., Barry Boudreaux, p. 26, lines 9 – 15.

Karl Wiedemann (18502)
Karen Wiedemann (21151)
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com;
karl@wiedemannlaw.com;
karen@wiedemannlaw.com

Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net

Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com;
ddruker@wgdnlaw1.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 2d day of November, 2009.

                                       \s\Brian A. Gilbert