UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                  NO.:  05-4182

                                                  SECTION "K"(2)

FILED IN:      05-4181, 05-4182, 05-4191, 05-4568, 05-5237,
               05-6073, 05-6314, 05-6324, 05-6327, 05-6359,
               06-0020, 06-1885, 06-0225, 06-0886, 06-11208,
               06-2278, 06-2287, 06-2346, 06-2545, 06-3529,
               06-4065, 06-4389, 06-4634, 06-4931, 06-5032,
               06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
               06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
               07-0647, 07-0993, 07-1284, 07-1286, 07-1288,
               07-1289

PERTAINS TO:  LEVEE

**<u>SURREPLY MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
SEWERAGE AND WATER BOARD OF NEW ORLEANS WITHOUT PREJUDICE</u>**

MAY IT PLEASE THE COURT:

Defendant Sewerage and Water Board of New Orleans ("S&WB") responds to the Levee

PSLC's Reply to Sewerage and Water Board of New Orleans' Opposition to Motion to Dismiss

Without Prejudice. [Doc. 19341].  Like their original arguments, plaintiffs reply arguments fail

to support dismissal of the S&WB without prejudice.

In their reply, plaintiffs raise new, but misleading and incorrect, arguments regarding the

status of the state court litigation and regarding jurisdiction.  For the Court's ease, the S&WB

addresses plaintiffs' latest arguments in headings similar to those plaintiffs used.

1

I.      **Delays in State Court**

Plaintiffs do not dispute that nothing substantive has occurred in the four years since certain plaintiffs filed *Laurendine v. Board of Commissioners for the Orleans Levee District* in the Civil District Court for the Parish of Orleans.  Instead, plaintiffs mislead the Court by claiming defendants spent the last four years delaying litigation in a fruitless attempt to recuse Judge Kern Reese.  In their three-page tale, however, plaintiffs omit a most significant detail:  on January 13, 2009, Judge Robin Giarusso recused Judge Reese.  *See* exhibit 1.  Judge Giarusso held Judge Reese, whose home flooded in Katrina and whose wife and children sued the OLD and S&WB, was a putative class member and must be recused.  *See* exhibit 2.  Thereafter, the Fourth Circuit Court of Appeal affirmed, finding:  "the trial judge did not err in granting the motion to Recuse Judge Reese."  *See* exhibit 3.  Writs to the Louisiana Supreme Court were not sought and the recusal of Judge Reese is final.

*Laurendine* was re-allotted to Division "J," Judge Nadine Ramsey presiding.  After Judge Reese's recusal, nothing happened in *Laurendine* until approximately one month ago when Judge Ramsey announced her resignation.  Reportedly, an ad hoc judge has been appointed to preside temporarily in Division "J" until an election can be held this Winter or in the early Spring of 2010.

No one knows who or when a judge will permanently replace Judge Ramsey or knows about his or her experience with Hurricane Katrina (such that he or she could preside over the case.)  Compared to those unknowns, this Court has invested countless hours in the Katrina litigation and knows the history and facts of the case like no newcomer can.

Since nothing has been done to advance the state court case, if the present suit against the S&WB is dismissed without prejudice the parties will begin litigation anew.

## II.    "Fairer Fields"

First, in their Reply Memorandum, plaintiffs suggest the S&WB is doing the same thing as plaintiffs in seeking a "fairer field" to hear this case.  That is simply not true.  *Plaintiffs chose this field to litigate against the defendants, including the S&WB.*  This case has progressed markedly since plaintiffs filed it shortly after Hurricane Katrina in 2005.  The S&WB seeks not a "fairer field," but to avoid a return to the starting gate.

Second, plaintiffs incorrectly assert this Court does not have jurisdiction over the S&WB. As the S&WB already briefed [Doc. 17837], this Court has original jurisdiction over the plaintiffs and the S&WB under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(once CAFA jurisdiction is established, subsequent changes in parties or status does not oust jurisdiction, *see, e.g., Werner v. KPMG LLP*, 415 F.Supp.2d 688, 696 (S.D.Tex. 2006); *Moniz v. Bayer A.G.*, 447 F.Supp.2d 31, 36 (D.Mass. 2006)); and under 28 U.S.C. §1331, pursuant to the Rivers & Harbors Act, 33 U.S.C. §403 (plaintiffs originally alleged federal jurisdiction against the parties under 33 U.S.C. §403 and their claim against the S&WB for alleged negligent dredging of the 17th Street Canal is pending.)

Even if this Court no longer enjoyed original jurisdiction over plaintiffs' claims against the S&WB, the Court should still exercise jurisdiction under the doctrine of supplemental jurisdiction as adopted by 28 U.S.C. §1367.  Subpart (a) of §1367 reads:

> (a)  Except as provided in subsections (b) and (c) or as expressly
> provided otherwise by Federal statute, in any civil action of which
> the district courts have original jurisdiction, the district courts shall
> have supplemental jurisdiction over all other claims that are so

> related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

As previously briefed, the cases interpreting §1367, together with the issues of judicial economy, convenience, fairness and comity, favor retaining supplemental jurisdiction.   The remaining claims against the S&WB do not raise novel or complex issues of state law and there are no "exceptional circumstances for refusing to retain jurisdiction (such as, for example, the case having progressed to a late stage in state court.)   This Court's intimate familiarity both with the facts and the legal issues weighs heavily in favor of exercising supplemental jurisdiction. *See, e.g., Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999)("The familiarity of the district court with the merits of the Batistes' claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources . . . .")

Additionally, parallel state court litigation does not continence a federal court to decline to exercise its jurisdiction; federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them."  *Colorado River Water Conservation v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976); *Moses Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927 (1983)(examined within the context of federal abstention doctrines.)   Given the degree to which this four-year old litigation has progressed, this Court should decline plaintiffs' request to quit and, instead, exercise the jurisdiction this Court has and finish the case.

Plaintiffs filed suit in this Court in 2005 against defendants, including the S&WB.  They selected this forum.  This Court has expended great resources both in time and with intellectual heft to resolve the factual and legal issues Hurricane Katrina wrought.  At this hour, it would be a waste of the parties' and both this Court's and the State Court's time to begin afresh.  This Court has original jurisdiction, but at the very least enjoys supplemental jurisdiction under 28 U.S.C. §1367 and should keep and conclude this litigation.

**III.**    *Brookshire Brothers Holding, Inc.* **is Quite on Point**

Plaintiffs attempt to distinguish the Fifth Circuit's recent pronouncement favoring retention of supplemental jurisdiction by arguing *Brookshire* was much farther along than this case.  First, plaintiffs' distinction is without a difference.  Second, this case is quite far along.

First, in *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009), *cert. denied*, _____ U.S. ____, 129 S.Ct. 2865 (2009), the Fifth Circuit emphasized that once a case had progressed far along in the federal forum, "[o]ur case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case, that court has abused its discretion under 28 U.S.C. §1367." *Id.*, 602.  The Court of Appeals found the district court abused its discretion by declining supplemental jurisdiction over the state law claims noting that even if the case involved novel or complex state law issues, "the significant amount of judicial resources invested by the district court would lead us to find that the district court abused its discretion in remanding the case." *Id.*, 603.

Nowhere do plaintiffs suggest this Court has not invested a "significant amount of judicial resources" in this litigation these past four years.  As such, *Brookshire* cautions this Court *not* to decline to exercise supplemental jurisdiction.

Second, this case is indeed "quite far along."  For instance, this Court has dismissed the Army Corps of Engineers; disposed of countless motions on various legal grounds against numerous parties; held a class action hearing; certified a settlement class; and disposed of the bulk of plaintiffs' claims against the S&WB.  Indeed, only one theory remains against the S&WB, that being the S&WB's alleged negligent dredging of the 17th Street Canal.

## IV.  "Real Prejudice"

Plaintiffs make an emotional pitch about "real" prejudice suffered by those afflicted by Hurricane Katrina.  The S&WB is mindful of the suffering the catastrophe wrought because the S&WB lost much itself and is comprised of employees who reside in Orleans Parish and suffered significant damage.  Plaintiffs' tug of sympathy aside, the S&WB will face real, *legal* prejudice if this Court dismisses what is left of this case without prejudice.

Through hard work, this Court, plaintiffs and the S&WB have addressed all of the legal theories plaintiffs advanced against the S&WB.  This Court has dismissed by way of motion to strike or summary judgment *all* of plaintiffs theories against the S&WB save one, that being for the allegedly negligent dredging of the 17th Street Canal.

The S&WB has researched the law to determine what preclusive or *res judicata* effect this Court's favorable rulings would have on a subsequent court should this Court accept plaintiffs' invitation to dismiss this case without prejudice.  The S&WB is unable, however, to

conclude that the rulings this Court has rendered via summary judgment orders automatically would stand after a dismissal without prejudice.

Typically, a dismissal without prejudice places the parties in a position as though the litigation were never filed.  Since the rulings in the S&WB's favor are not yet final judgments, the dismissal of the S&WB without prejudice may nullify all of the hard work this Court and the parties have accomplished over the past four years.  Plaintiffs' pursuit of the S&WB in this forum required this Court to expend its valuable resources making factual and legal determinations that now instantly may evaporate only to be reviewed a second time and, perhaps, rejected by the yet-to-be selected judge who will preside over the state court action.

The prejudice to the S&WB of a dismissal without prejudice is clear.  Plaintiffs' plan to dismiss the S&WB and pursue it in state court renders the S&WB's efforts – and the Court's – nothing but a waste.  This is actual, legal prejudice the S&WB will suffer if this Court grants plaintiffs' motion to dismiss without prejudice.[1]

## V.    "Real Reason" the S&WB Opposes Dismissal without Prejudice

Plaintiffs argue the S&WB objects to dismissal without prejudice because it fears individual trials in Civil District Court if plaintiffs fail to obtain class action certification in state court.  Naturally, the S&WB does not relish thousands of trials either in this or any other court, but plaintiffs' argument entirely misses the mark.[2]  The argument neither addresses the legal

---

[1]  A dismissal without prejudice would legally prejudice the S&WB.  At a minimum, however, if this Court were inclined to grant plaintiffs' motion, the Court should condition such dismissal on the Court's certification of the motion to strike and summary judgment orders in favor of the S&WB as "final judgments" under F.R.Civ.P. 54(b).  This Court enjoys great discretion in placing conditions on a dismissal without prejudice under F.R.Civ.P. 41(a)(2).

[2]  Whether any attorney would decide to pursue such a claim against the S&WB *in any court* absent class certification in light of the fact that (1) the S&WB lacks any funds to satisfy

considerations for retaining supplemental jurisdiction, *see Brookshire*, nor those for deciding a dismissal without prejudice under Rule 41.

The S&WB has already set forth above the reasons it objects to plaintiffs motion to dismiss without prejudice and the prejudice it will suffer if the Court grants plaintiffs motion. The S&WB does not want to start litigation all over again in state court before a judge who has not yet been elected especially when so much has been accomplished in this forum. A dismissal of plaintiffs' claims against the S&WB without prejudice at this stage would undo what has been done here and unleash *years and years* of legal expense benefitting no one but attorneys. Such cannot be the epitaph of this Court's case.

## VI.    Class Certification

Plaintiffs posit some "scheme" by the S&WB to require a class certification hearing. They ask:  (1) "When did SWB file a motion for class certification?"  (2) "What right does it have to demand [a] hearing?"  (3) "Might not this demand involve just a wee bit of judicial time and a large expense to counsel?"  As with the recusal issue, plaintiffs ignore a few facts.

Although he signed plaintiffs' reply, it is obvious Mr. Bruno did not write it. Instead, the author is someone who has paid scant attention to this litigation, otherwise he or she would know the questions posed come a little late. For his or her information, *plaintiffs – not the S&WB –*

---

any substantial judgment and (2) the assets of the S&WB are immune from seizure, remains to be seen.  While the Louisiana Constitution provides that the State and its political subdivisions shall not be immune from "suit and liability" for "injury to person or property," La. Const. art. XII, §10(A), the same section provides that "no public property or public funds shall be subject to seizure." *Id*.  The Constitution further states that "[n]o judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." La. Const. art. 12, §10(C).  Absent convincing the Louisiana legislature to authorize funds to satisfy a judgment, persons who hold a judgment against the State or any of its subdivisions have little, if any, recourse other than to await payment.

*filed a motion for class certification*.  As a result of plaintiffs' motion, the parties conducted full discovery, hired experts, exchanged expert reports, deposed experts, filed *Daubert* motions, wrote and filed class certification briefs, and submitted evidence.  This Court received the parties' submissions and took the matter under advisement.  Per Case Management and Scheduling Order No. 7, the certification hearing has already been held.  Presently, the parties await the Court's class certification ruling.

Except for the Court's rendering of a ruling, the "wee bit of judicial time and large expense to counsel" are already spent.  It is the unnecessary repetition of this time and expense that the S&WB hopes to avoid.  Redoing the case would be clearly prejudicial, especially when this Court has already rendered a class certification ruling in a related matter (Barge) that raises many of the same issues as here.  The S&WB does not want to render the parties' and the Court's large investment of time and expense a complete waste.  Plaintiffs filed suit in this Court, requested a class certification hearing, and received one.  Plaintiffs' late change of heart should not be blessed at the expense of the Court and the parties participating in this forum.

### CONCLUSION

This Court has jurisdiction over the claims filed against the Sewerage and Water Board of New Orleans.  Under the circumstances – well known by the Court and as the S&WB briefed – it would be an abuse of discretion not to retain jurisdiction over the remaining claims asserted against the S&WB.

This case is as large and serious a matter as probably will be faced by the people of New Orleans and the S&WB.  This developed case requires serious and thoughtful review and resolution.  It should not lightly be cast aside to begin anew because plaintiffs now like their

chances elsewhere.  Litigation is not a game; it is not a scheme.  Plaintiffs' Motion to Dismiss

Sewerage and Water Board Without Prejudice [Doc. 19275] should be denied.

Respectfully submitted,

/s/ Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**CHARLOTTE JANE SAWYER  - #28493**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE
AND WATER BOARD OF NEW ORLEANS

## CERTIFICATE

I do hereby certify that on the 2nd day of November 2009, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of

electronic filing to all participating counsel of record.  I also certify that I have mailed the

foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

/s/Charles M. Lanier, Jr.

**CHARLES M. LANIER, JR.**
**KEVIN R. TULLY**