UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | andconsolidated cases |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge*  05-5531 | * | |
| *Mumford v. Ingram*  05-5724 | * | |
| *Lagarde v. Lafarge*  06-5342 | * | JUDGE |
| *Perry v. Ingram*  06-6299 | * | STANWOOD R. DUVAL |
| *Benoit v. Lafarge*  06-7516 | * | JR. |
| *Parfait Family v. USA*  07-3500 | * | |
| *Lafarge v. USA*  07-5178 | * | |
| *Weber v. Lafarge*  08-4459 | * * | MAG. JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF BARGE PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' WITNESS LIST**

**MAY IT PLEASE THE COURT:**

Gertrude Leblanc and Frazier Tompkins are clients of the undersigned, whose factual accounts of ING 4727's location on Sunday August 28, 2005 were submitted as Exhibits 22 through 25 to the *Barge Plaintiffs' Opposition to Lafarge's Motion for Summary Judgment*.[1] These exhibits consist of transcripts of Lafarge's surreptitiously recorded, *ex parte* interviews of Mr. Thompson and Ms. Leblance, and Affidavits with attachments attesting to the contents of the secret interviews. These exhibits are the subject of Lafarge's pending *Motion to Strike New Fact And Expert Witness Statements Filed In Support Of Plaintiffs' Opposition To LNA's Motion For Summary Judgment.*

---

[1] Gertrude Leblanc and Frazier Tompkins report that ING 4727 was loose in the IHNC, adrift, close to the eastern IHNC floodwall, at or before mid-afternoon on Sunday, August 28, 2005.

Lafarge's Motion to Strike is based in part upon the absence of an explicit listing of these persons in Plaintiffs' Witness List. They are impeachment witnesses, and as such are not required to be listed in Plaintiffs' Witness List. Fed. R. Civ. P. 26(a)(3)(A)(i).

*   *   *

The law draws a distinction between substantive proof and that urged for impeachment or rebuttal. "And we may also note the rule that rebuttal evidence is generally admissible only to meet the evidence brought out in defendant's case in chief.[fn2] " *Mcvey V. Phillips Petroleum Company*, 288 F.2d 53 (5th Cir. 1961) [fn1] See 6 Wigmore, Evidence § 1867 (1940); 88 C.J.S. Trial § 96 (1955). "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. *See,* John P. Frank, *Pretrial Conferences and Discovery — Disclosure or Surprise?,* 1965 Ins. Law J. 661, 664 (1965). "Impeachment evidence, on the other hand, is that which is offered to "discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony."[2]

Gertrude Leblanc and Frazier Tompkings were not intended as trial witnesses at all until Lafarge urged its Motion for Summary Judgment. This is because Plaintiffs' case in chief is based upon affirmative proof showing that regardless of when the barge came loose or how it got to the eastern IHNC floodwall, it was in fact there, and caused two breaches on the morning of August 28, 2009. Their observations are not being offered as proof that the barge was present at - and breached - the IHNC floodwall, but only to rebut Lafarge's experts' claims that it could not have been, or done so, and to

---

[2] *Chiasson v. Zapata Gulf Marine Corp.,* 988 F.2d 513 (5th Cir. 1993) *Menges V. Cliff's Drilling Co.,* No. 99-2159, 2000 Wl 765083, *1 (E.D. La. 6/12/00).

impeach those experts. Plaintiffs did account for the possibility of rebuttal and impeachment witnesses in Item 128 of the Plaintiffs' Witness List, [3] but at the time that it was due – April 1, 2009 – could not have reasonably anticipated how Lafarge would put it's experts' assertions to use. Lafarge's expert reports containing their implausible theory that the barge could not have been present at the breach locations in order to cause them – flying in the face of numerous fact witness accounts - were not received until the very end of July 2009, not subject to scrutiny until their depositions, and not placed into the legal context of Lafarge's defenses until Lafarge's Motion for Summary Judgment.

Lafarge's Motion for Summary Judgment relies heavily upon their experts' opinion that the barge could not possibly have been located at the breach locations when they occurred. This opinion is based largely upon Lafarge's experts' assumption that the barge broke free from the Lafarge Terminal due to forces at work during Katrina, and from this origin and at such times, could not have moved to the two eastern IHNC floodwall breach locations before they occurred. Lafarge' experts' opinion necessarily depends upon complete disregard for numerous witness accounts – including Mr. Tompkins' and Ms. Leblanc's - which contradict the experts' assertions. This not only includes witnesses who rendered first-hand accounts of having seen and heard the barge scraping along and crashing into the. Gertrude Leblanc and Frazier Tompkins are two unrelated individuals, entirely independent of one another, who report that at separate times and in separate vehicles, each saw ING 4727 loose in the IHNC, adrift, close to the eastern IHNC floodwall, no later than mid-afternoon on Sunday, August 28, 2005, well

---

[3] "128. Any and all needed for rebuttal and/or impeachment of opposing or adverse witnesses." Please see also Item No. 129, "[w]itnesses necessary to identify and authenticate any and all records, documents, and exhibits not stipulated to," which could involve one or more of the Centanni interviews.

before the weather deteriorated. Lafarge has known of these witnesses and their accounts ever since Lafarge's agent, Centanni Investigative, conducted ex parte and surreptitiously recorded interviews of these clients of undersigned. They relayed these accounts in the interviews. Their observations rebut Lafarge's experts' assumptions about when and from what location ING began its trek to the breach locations – which is fundamental to their opinions - and underscore their calculated omissions of available fact in formulating opinions that the barge could not have moved to the breach locations from the Lafarge terminal before the breaches occurred. Ms. Leblanc's and Mr. Tompkin's observations impeach Lafarge's experts.[4]

Their testimony is to be offered solely in response to Lafarge's defenses, based upon their experts' assertions that forces at work during Katrina preclude the barge's presence at the breach locations at the times that they occurred. Plaintiffs are permitted to call these witnesses, without listing them, for purposes of rebutting Lafarge's defenses, and impeaching Lafarge's witnesses.

Fed R. Civ. P. 26(a)(3), concerning pretrial disclosures, states in pertinent part:

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial ***other than solely for impeachment***: (emphasis added)

---

[4] It should be noted that Ms. Leblanc's and Mr. Tompkins' observations are no surprise to Lafarge. Lafarge surreptitiously tape recorded *ex parte* interviews with these clients of undersigned through Lafarge's agent, Centanni Investigative Agency. Please see Centanni Investigative's transcripts of these recordings, Affidavits obtained by Plaintiffs' Counsel attesting to the substance of these transcripts, submitted as Exhibits 22 through 25 to Plaintiffs' Opposition to Lafarge's Motion for Summary Judgment. Lafarge evaded discovery requests that rightly should have yielded early revelation of Ms. Leblanc's and Mr. Frazier's interviews, according to Magistrate Wilkinson's strongly worded rulings condemning The Defense's conduct and vitiating Lafarge's claims of privilege.

    (i)    the name and, if not previously provided, the address and telephone number of each witness — separately identifying those the party expects to present and those it may call if the need arises;

    (iii)    an identification of each document or other exhibit, including summaries of other evidence — separately identifying those items the party expects to offer and those it may offer if the need arises.

Plaintiffs' seek to explicitly add Ms. Leblanc and Mr. Frazier to Plaintiffs Final Witness List, however, simply to alleviate burden created by Lafarge's improper efforts to strike them, and Lafarge's efforts eviscerate the utility of the first bellwether.[5]  This request is timely, in accord with the Eastern District of Louisiana's Standard Final Pretrial Notice, and in accord with Fed. R. Civ. P. 26(a)(3), in light of the fact that the pretrial conference and trial in this case are not scheduled until mid-2010.

The Plaintiffs, therefore, seek an Order permitting them to file **Plaintiffs' Exhibit A** to this motion, Plaintiffs' First Supplemental Exhibit List.  If, as Lafarge claims in its Reply Memorandum in support of its Motion for Summary Judgment, the observations of these impeachment witnesses are insufficient to overcome Lafarge's Motion for Summary Judgment, then Lafarge should have no basis or incentive to oppose their addition to Plaintiffs' Witness List.

    This 11th day of November, 2009

                      Respectfully submitted,

                      *s/Brian A. Gilbert* (21297)
                      Law Office Of Brian A. Gilbert, P.L.C.
                      821 Baronne Street

---

[5] Plaintiffs also reiterate, incorporate and rely upon by reference their *Opposition to Lafarge's Motion to Strike New Fact And Expert Witness Statements Filed In Support Of Plaintiffs' Opposition To Lna's Motion For Summary Judgment.*

New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

Shawn Khorrami (CA SBN #14011)
Dylan Pollard (CA SBN # 180306)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimilie: (213) 596-6010
e-mail: Skhorrami@kpalawyers.com;
Dpollard@kpalawyers.com;
Mbailey@kpalawyers.com

Lawrence D. Wiedemann.(13457)
Karl Wiedemann (18502)
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 581-6180
Facsimile: (504) 581-4336
e-mail: lawrence@wiedemannlaw.com;
k a r l @ w i e d e m a n n l a w . c o m;
Patrick J. Sanders (18741)
3316 Ridgelake Drive
Suite 100
Metairie, LA 70002
Telephone: 504-834-0646
e-mail: pistols42@aol.com

Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net

Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet

Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com;
ddruker@wgdnlaw1.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 11th day of November, 2009.

\s\Brian A. Gilbert