# EXHIBIT 2

GILBERT V. ANDRY, IV†
JONATHAN B. ANDRY*

†Also admitted in Colorado & Texas
*LLM in Energy and Environmental Law


THE ANDRY LAW FIRM L.L.C.

TOLL FREE 1.877.526.8899

CHALMETTE 504.276.8899

BELLE CHASSE 504.366.8899

610 BARONNE STREET | NEW ORLEANS | LOUISIANA 70113 | TELEPHONE 504.586.8899 | FAX 504.586.8911

October 28, 2008

VIA CERTIFIED MAIL
Art. No. 7007 0220 0000 7548 1968

Ms. Angela Drinkwitz
Claims Administrator
Dept. of the Army, Corps of Engineers
New Orleans District
P.O. Box 60267
New Orleans, Louisiana 70160-0267

Re:   Form 95's

Dear Ms. Drinkwitz:

The United States has recently taken a position that USA and Corps of Engineers may be unaware from the hundreds of thousands of SF95's filed with the Corps of Engineers that these claimants also have a claim for damages caused by the USA and its contractors at the East Bank Industrial Area along the Inner Harbor Navigational Canal. We firmly believe this position to be untenable.

However, in an abundance of caution, we are amending Box 8a of the Form 95s to read as follows:

> The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005. The breaches and failures of the federal flood protection system for the metropolitan New Orleans area were the result of the negligent design, construction, and maintenance of the levees and/or flood walls of that federal flood protection system as outlined in the IPET and ILIT reports and the Declarations of Professor Bob Bea which have been provided to the USACE. The breaches and failure of the hurricane protection levees and walls were a result of the Corps of Engineers' negligence in granting a permit to the Sewerage and Water Board to dredge the 17th Street Canal and in the design and construction of these levees and walls and the Mississippi River Gulf Outlet and all of its component parts. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area

from flooding from a fast moving Category Three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant. Further, the breaches and failures of the federal flood protection system along the IHNC were the result of the negligent design, construction, administration and maintenance of the MRGO New Lock and Connecting Channels Lock Replacement Project that the works by the Corps and its contractors, including but not limited to the Washington Group International, Inc., at the East Bank Industrial Canal area caused under seepage inducing foundation instability.

Accordingly, please find enclosed a disk containing a listing of the claimants represented by Jonathan B. Andry and/or the MRGO Litigation Group for whom the claims should be amended.

Thank you for your attention to this matter. Kindly acknowledge and advise.

Yours very truly,

JONATHAN B. ANDRY
On Behalf of the MR-GO Litigation Group

JBA/glh
Encls.
cc: Robin Smith, Esq. (via email)
    Jim McConnon, Esq. (via email)