UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K"(2) |
| PERTAINS TO: LEVEE, <u>Joseph</u>, 06-5032 | JUDGE DUVAL<br>MAG. WILKINSON |

**<u>ORDER ON MOTION</u>**

APPEARANCES:   None (on the briefs)

MOTION:            Plaintiff's Motion to Amend Complaint, Record Doc. No. 19339

<u>O R D E R E D</u>:

<u>XXX</u> : DENIED. This motion seeks to add hundreds of newly named plaintiffs more than three years <u>after</u> the original complaint was filed and <u>after</u> a proposed class settlement, which will result in the dismissal of claims like these, has been approved. <u>See</u> Record Doc. No. 19282 in C.A. No. 05-4182 and Record Doc. No. 13 in C.A. No. 06-5032. This court's Case Management Order of March 1, 2007, Record Doc. No. 3299 ¶ II(A), entered six (6) months <u>after</u> the subject <u>Joseph</u> complaint was filed, provided as follows concerning amendment of pleadings:

> The Court finds that ample time for completion of pleadings has been provided in the first phase of these consolidated matters through the call dockets conducted by the Court, the operation of Fed. R. Civ. P. 4(m) and the other orders of the Court herein. Accordingly, the deadline for amending pleadings is now deemed lapsed, and only answers and responsive motions may now be filed without leave of Court. Except as otherwise provided herein, no further amendments to pleadings, addition of parties, third-party actions, cross-claims and counterclaims will be allowed, except as required by this order or, hereafter, on motion with a proposed order, noticed for hearing, and based on a showing of good cause as required by Fed. R. Civ. P. 16(b).

Rule 16(b) provides that such a schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs

amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. United States Postal Serv., 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008); In re International Marine, LLC, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009) (Fallon, J.).

Applying the foregoing factors, I find that "good cause" for this extremely late amendment has not been demonstrated. More than three years have lapsed since this suit was originally filed. The explanation for the failure timely to move to amend before this time and years beyond the deadline established by the court is unpersuasive. The amendment is unimportant in light of the "Amended Final Order and Judgment" entered in this case, which also appears to render the prejudice and continuance factors of the "good cause" test unsupportive of plaintiffs' untimely motion. For all of the foregoing reasons, the motion is denied.

New Orleans, Louisiana, this ___10th___ day of November, 2009.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**