**United States 7th Circuit Court of Appeals Reports**

KOVALIC v. DEC INTERN., INC., 855 F.2d 471 (7th Cir. 1988)

ROBERT J. KOVALIC, PLAINTIFF-APPELLEE, v. DEC INTERNATIONAL, INC., A WISCONSIN CORPORATION, HENRIK MOE, AND D.E. LINS, DEFENDANTS-APPELLANTS.

No. 87-2217.

United States Court of Appeals, Seventh Circuit.

Argued February 22, 1988.

Decided August 24, 1988.

**Page 472**

Michael H. Auen, Foley & Lardner, Madison, Wis., for defendants-appellants.

Fred Gants, DeWitt, Porter, Huggett, Schmacher & Morgan, Madison, Wis., for plaintiff-appellee.

Appeal from the United States District Court for the Western District of Wisconsin.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

[1] Defendant-appellant, DEC International, Inc., appeals the district court's dismissal of the plaintiff's federal age discrimination lawsuit without prejudice under Federal Rule of Civil Procedure 41(a)(2). We affirm.

I.

[2] DEC discharged the plaintiff-appellee, Robert J. Kovalic, from its employ on March 17, 1986, when he was 54 years of age and on April 29, 1987, Kovalic brought suit against DEC in the U.S. District Court for the Western District of Wisconsin, alleging that his firing violated the Age Discrimination in Employment Act (ADEA). According to Kovalic's complaint, other similarly situated younger employees were not terminated, and DEC ultimately filled his position with a younger person (the plaintiff's complaint neglects to specify the age of that person). The complaint also contained several pendent state law claims, including breach of contract, promissory estoppel, failure to pay wages, defamation, tortious interference and conspiracy. The same day he filed his federal lawsuit (April 29, 1987), Kovalic filed a similar action in the Dane County, Wisconsin, circuit court stating in his brief that he filed the second action "in the event that the district court would lose jurisdiction over one or more of the claims." DEC did not attempt to remove the state lawsuit to federal court.

**Page 473**

[3] On May 19, 1987, DEC filed a motion with the district court for summary judgment on Kovalic's ADEA claim, and the next day moved the state trial court to stay or dismiss the state lawsuit because of the pending federal action. Thereafter, on June 2, 1987, Kovalic moved for voluntary dismissal of his federal action pursuant to Fed.R.Civ.P. 41(a)(2) so that his federal and non-federal claims could be tried in state court "for reasons of judicial economy."

[4] DEC's response to Kovalic's motion to voluntarily dismiss his

federal action claimed that dismissal would improperly deny DEC its right to a federal forum. The district court rejected DEC's argument, finding that any loss of DEC's "right" to a federal forum resulted from DEC's failure to remove the state court action to federal court in a timely fashion, rather than any improper action on the part of Kovalic.

[5] As the district court observed:

> "If defendants lose the right to a federal forum, it is due to their own action, not the action of the plaintiff. After plaintiff filed the state case, defendants had the right to remove the case to federal court. The defendants, however, chose not to remove the case, because they thought it would be a pointless exercise."

[6] On appeal, DEC insists that the district court abused its discretion in granting Kovalic's motion to dismiss the federal action without prejudice pursuant to Rule 41(a)(2).

II.

[7] Federal Rule of Civil Procedure 41(a)(2) provides:

> "(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule [dealing with stipulations to dismiss and plaintiff's motions filed *prior to* the service of an answer or a motion for summary judgment], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[8] In *McCall-Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir. 1985), we noted that

> "[a]s . . . the language and history of Rule 41(a) imply, the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over *so long as the defendant is not hurt.* Thus the plaintiff can dismiss without the court's permission, and without prejudice to his being able to bring a new suit, if the defendant has not yet answered the complaint or moved for summary judgment (Rule 41(a)(1)(i)); or with the court's permission, but again without prejudice unless the court specified that the dismissal is with prejudice, at any later time (Rule 41(a)(2))."

[9] (Emphasis added).

[10] The dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the sound discretion of the district court and may be reversed only if the appellant can establish that the court abused that discretion. *Tyco Laboratories, Inc. v. Koppers Co. Inc.,* 627 F.2d 54 (7th Cir. 1980); *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir. 1971). "The district court abuses its discretion only when it can be established [that] the defendant will suffer `plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.), *cert. denied,* 479 U.S. 961,

107 S.Ct. 457, 93 L.Ed.2d 403 (1986). DEC argues that it will suffer plain legal prejudice if Kovalic's motion to dismiss is sustained here because it will lose its right to defend against the lawsuit in a federal, rather than state, forum.

[11] In *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969), this court delineated several factors for courts to consider in determining whether the defendant has suffered "plain legal prejudice" as a

**Page 474**

result of the dismissal of an action without prejudice:

> ". . . the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."

[12] 409 F.2d at 334. While DEC triggered one of the factors listed in *Pace* when it filed a summary judgment motion, "[t]he enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Laboratories,* 627 F.2d at 56. Further, "[t]he very concept of discretion presupposes a zone of choice within which the trial court may go either way [in granting or denying the motion]." *Kern v. TXO Production Corp.,* 738 F.2d 968, 971 (8th Cir. 1984).

[13] DEC's central contention is that the district court's dismissal of the plaintiff's complaint fell outside this permissible "zone of choice" because the effect of the dismissal will be to deny DEC its "right" to have a federal forum decide the ADEA claim. DEC's argument fails for two principal reasons. Initially, DEC advances no support for its theory that a defendant has the "right" to *defend* an age discrimination lawsuit in a particular forum (other than the right to remove a state court action involving a federal question (such as age discrimination) to federal court pursuant to the procedures Congress promulgated in the federal removal statute. 28 U.S.C. § 1446(b)). To the contrary, the ADEA specifically provides plaintiffs their choice of a federal or state court forum subject only to the defendant's prerogative to remove the case to federal court (as DEC omitted to do here).[fn1] Kovalic properly points out that in this case, DEC's loss of a federal forum resulted not from any "manipulative" actions on its part, but rather was the result of the defendant's conscious decision not to seek removal of the state lawsuit. Under 28 U.S.C. § 1446(b), DEC had 30 days from the filing of Kovalic's state case to remove that case to federal court, yet it decided not to petition for removal based upon its belief that to do so would be a "pointless exercise." That judgment turned out to be mistaken, for had DEC removed the state court action to federal court, the two actions would not only have been consolidated in federal court but DEC would also have been protected from defending the same litigation in two separate forums. But it is not our place to protect the defendants from their mistake in strategy. As the district court summarized, "[d]efendants, however, consciously chose not to take such a preventive measure." We hold that the trial court did not abuse its discretion in dismissing the plaintiff's federal complaint based on its finding that DEC's own calculated decision not to seek removal of the state action should prevent it from contesting the plaintiff's decision to proceed with a single action in state court.

[14] Secondly, DEC fails to establish that it will suffer "plain legal prejudice" if the court's dismissal order is upheld. As the preceding discussion demonstrates, DEC must establish concrete

prejudice beyond the mere self-inflicted deprivation of a federal forum. The prospect of facing a subsequent lawsuit in a state rather than a federal court does not constitute prejudice when, as here, the defendant-appellant fails to take advantage of the opportunity to remove the case to federal court. We conclude that DEC's failure to allege, much less prove, actual prejudice resulting from the dismissal of the federal action without prejudice is fatal to its challenge to the court's dismissal order.

[15] Further, DEC questions Kovalic's intent in filing identical lawsuits in two separate forums, claiming that plaintiff's
**Page 475**
dual filings are an obvious attempt to manipulate the federal rules to secure a state forum. Kovalic responds that he had two legitimate purposes for filing identical complaints in state and federal court: (1) to head off a possible statute of limitations question should the district court decline to exercise pendent jurisdiction over his state law claims, *see Heifetz v. Johnson,* **61 Wis.2d 111**, **117**, **211 N.W.2d 834** (1973) (the Wisconsin statute of limitations is not tolled "if the plaintiff commences his action in a court which completely lacks jurisdiction"); and (2) to avoid the fragmentation of his lawsuit and time delay that would occur if the ADEA claim were dismissed and appealed. While DEC has the right to contest the entry of a voluntary dismissal on the ground that a plaintiff is attempting to manipulate the federal forum, identical lawsuits in separate forums are not *per se* improper. *Cf. Illinois Bell Telephone Company v. Illinois Commerce Commission,* **740 F.2d 566** (7th Cir. 1984) ("a district court need not stay its proceedings where the plaintiff previously had filed an identical suit in state court in the state where the district court sits."). Moreover, in a somewhat analogous situation, the Supreme Court recently rejected the argument that the potential for manipulation of the federal forum justified a categorical rule prohibiting federal courts from remanding pendent state claims once federal claims supporting a prior removal of the lawsuit are dismissed. *Carnegie-Mellon University v. Cohill,* ___ U.S. ___, **108 S.Ct. 614**, **622**, 98 L.Ed.2d 720 (1988). In *Carnegie-Mellon* the defendants had argued that giving district courts the discretion to remand cases involving pendent state-law claims to state court would allow plaintiffs to secure a state forum through the use of manipulative tactics (by simply deleting all federal-law claims from the complaint and requesting that the district court remand the case). The Court rejected this contention, stating:

> "This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. *If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.* The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.
>
>   We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles

   of economy, convenience, fairness, and comity which
   underlie the pendent jurisdiction doctrine.

[16] **108 S.Ct. at 622** (emphasis added).

[17] Analogously, the district court in this case was vested with the discretion to decide whether the plaintiff's actions constituted an unfair manipulation of the federal forum. Because there is evidence that the plaintiff's choice to proceed in two forums and to later seek dismissal of the federal action was motivated not by the desire to secure a state forum but by legitimate concerns about the state statute of limitations and judicial economy as well, the district judge's dismissal of the federal lawsuit was within his permissible "zone of choice." *Kern,* **738 F.2d at 971**. Accordingly, we hold that the court's decision does not amount to an abuse of discretion.

[18] AFFIRMED.

[fn1] **29 U.S.C. § 216**(b) provides:

   "An action [under those sections of the ADEA] . . .
   may be maintained against any employer (including a
   public agency) in any Federal or State Court of
   competent jurisdiction. . . ."

**Page 476**

Copyright © 2009 Loislaw.com, Inc. All Rights Reserved