**United States 6th Circuit Court of Appeals Reports**

---

THOMPSON v. DOANE PET CARE CO., 470 F.3d 1201 (6th Cir. 2006)

Michael S. THOMPSON, Counter-Plaintiff-Appellant, v. DOANE PET CARE CO.;

Greg Dorin, Counter-Defendants-Appellees.

No. 05-5377.

United States Court of Appeals, Sixth Circuit.

Argued: September 21, 2006.

Decided and Filed: December 15, 2006.

Appeal from the United States District Court for the Middle District of Tennessee, William J. Haynes Jr., J.

**ARGUED:** William J. Shreffler, James A. Freeman & Associates, Nashville, Tennessee, for Appellant. Julie M. Burnstein, Boult, Cummings, Conners & Berry, Nashville, Tennessee, John P. Branham, Branham & Day, Brentwood, Tennessee, for Appellees. **ON BRIEF:** William J. Shreffler, James A. Freeman & Associates, Nashville, Tennessee, for Appellant. Julie M. Burnstein, Matthew C. Lonergan, Boult, Cummings, Conners & Berry,
**Page 1202**
Nashville, Tennessee, John P. Branham, Rebecca C. Blair, Branham & Day, Brentwood, Tennessee, for Appellees.

Before: MERRITT, SUTTON and GRIFFIN, Circuit Judges.

**OPINION**

MERRITT, Circuit Judge.

Although this case began as a diversity case for specific performance brought by Doane Pet Care Co., this is now a case for an accounting in which the parties sought, and the trial court granted, a jury trial as to the value of Michael Thompson's interest in a company in which he had a 25% interest. In a series of rulings, the District Court held inadmissible all of the testimony of Thompson's accounting expert and then dismissed his case for lack of admissible accounting evidence. We regard these evidentiary rulings as clear error under an abuse of discretion standard and remand the case for a new trial on the issue of the value of Thompson's interest. We must, therefore, also reverse the Court's ruling under the fee-shifting provision of the contract between the parties because the outcome of the case remains unsettled.

**I.**

Doane Pet Care and Thompson and Greg Dorin created a new company called Doane International Pet Products Co. Doane became a 50% owner, and Thompson and Dorin each effectively owned 25% of the new company. Thompson and Dorin became officers, directors and operators of the new company. Thompson entered into an employment agreement with the new company that allowed the CEO of Doane to fire Thompson "without cause." If discharged without cause, Thompson could require Doane to purchase his interest in the new company at a value determined under a formula based on earnings as calculated "in accordance with generally accepted accounting principles" — the phrase used in the contract between Doane and Thompson that is

at the core of this litigation.

At oral argument before us, the parties agreed that the only real and substantial issue on appeal is whether the District Court erred in its ruling under Fed. Civ. Pro. Rule 26(a)(2)(B)**[fn1]** that the testimony of Von A. Harshman — a CPA who was the expert accounting witness for plaintiff Thompson — is inadmissible because Harshman merely failed to recite in his Rule 26(a)(2)(B) "written report" that Harshman's opinion was based on "generally accepted accounting principles," the phrase used in the contract. The District Court first held that the expert witness in such cases may only "read the report [to the jury] and not one word more." (App. 1037.) The witness may not explain and elaborate on his written report in his direct examination. The Court then held that because the summary report did not repeat the words of the contract expressly stating that the witness's opinion and calculations were based on "generally accepted accounting principles" the witness could not even read his report to the jury at all. The general tenor of the long colloquy in court between Court and counsel on this point is reflected in the following ruling:

**Page 1203**

> Mr. Bivins [counsel for defendant Doane]: Your Honor, nowhere in this report is there a mention of anything that's in accordance with GAAP. GAAP's not even mentioned in this report. He just testified to GAAP. I move to strike the testimony.
>
> The Court: Done.
>
> . . . .
>
> The Court: It's [the phrase "generally accepted accounting principles"] not in his report. It — everything's got to be in his report.

(App.1046-47, 1051.)

The Court then refused to allow plaintiff Thompson to preserve his record by making an "offer of proof because "to allow you to do that offends Rule 26." (App. 1055.) The Court went on to grant judgment to the defendant Doane in the following language:

> THE COURT: The court will grant the motion for a judgment as a matter of law. The court finds, based upon the proof, that an audited return was done by a certified public accountant [for the defendant Doane], that the auditing return was done in accordance with the formula [in the contract between the parties], that there is no expert proof from [Thompson] to contest the calculations or to show that there was any error. Therefore, the court grants judgment as a matter of law.

(App.1121.)

## II.

At oral argument, appellate counsel for Doane conceded that her research had not uncovered case authority supporting the District Court's ruling under Rule 26(a)(2)(B) that the expert witness is limited simply to reading his report or that a CPA's expert testimony is barred because he did not expressly use the magic words "based on generally accepted accounting principles." Our independent research has disclosed no such case authority. We find no precedent or reasoning supporting

such a mechanical and formalistic ruling.

In the absence of an alternative accounting convention pertinent to the case, it may be assumed that certified public accountants base their calculations and opinions**[fn2]** on the normal general standards of their profession, *i.e.*, generally accepted accounting principles. Section 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report. Parties may ordinarily seek permission to depose such experts prior to trial, if necessary. No such request was made in this case. Rule 26(a)(2)(B) should not be used, as here, as a trap for the unwary lawyer not familiar with the particular preferences of individual judges, a preference that the court below in this case repeatedly referred to as the "Judge Higgins rule."**[fn3]** Counsel for Doane did not point out to the District Court or to this Court any particular accounting rule at

**Page 1204**

issue in the case. Counsel does not point out what generally accepted accounting principles Harshman violated or any basis for believing that Harshman was not following the general standards of his profession. Harshman provided a full report on his findings detailing his view that under the contract formula Doane's evaluation was approximately $200,000 below the value of Thompson's interest.

On remand at the new trial, Thompson's accounting expert should be allowed to explain fully his expert findings and conclusions so that the jury will have a full picture of the differences in the value of Thompson's interest between Doane's and Thompson's experts.

Further, we find no error in the District Court's summary judgment rulings on Thompson's other claims in the case regarding the breach of fiduciary duties and the duty of fair dealing. The contract provision allowing Thompson to be fired without cause is inconsistent with these claims, as the District Court found. On these matters, the conclusions of the District Court were correct.

Accordingly, the judgment below is reversed to the extent, and as to the matters, described above and the case remanded for a new trial on the question of the value of Thompson's interest.

[fn1] Rule 26(a)(2)(B) provides in pertinent part: (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions. . . .

[fn2] Harshman is an experienced certified public accountant who served as a senior residence agent for the IRS for 6 years and as an auditor for both the U.S. Army Audit Agency and the Department of Energy. He has been in private practice for 18 years.

[fn3] The so-called "Judge Higgins rule" is said to be set out in a local rule in the Middle District of Tennessee: Local Rule 39.01(e)(6) on expert witnesses. Local rules must comply

with Fed.R.Civ.Pro. **83**(a)(2) on local rules which admonishes:

> (2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

The District Court's ruling in the present case violates this provision, as well as the more flexible standard of Rule 26(a)(2)(B) itself.

**Page 441**

Copyright © 2009 Loislaw.com, Inc. All Rights Reserved