**United States 5th Circuit Court of Appeals Reports**

---

TRAMONTE v. FIBREBOARD CORP., 947 F.2d 762 (5th Cir. 1991)

BERNITA TRAMONTE, SURVIVING WIDOW OF ANGELO TRAMONTE, ET AL.,

PLAINTIFFS-APPELLANTS, v. FIBREBOARD CORPORATION, ET AL.,

DEFENDANTS-APPELLEES.

No. 90-4637.

United States Court of Appeals, Fifth Circuit.

November 21, 1991.

**Page 763**

Stephen W. Hanks, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, Tex., for plaintiffs-appellants.

J. Michael Veron, Richard M. Perles, Scofield, Bergstedt, Gerard, Mount & Veron, Charles, La., David L. Tolin, Weller, Whellus & Green, Beaumont, Tex., for Fibreboard and Pittsburgh.

Randall A. Fish, Michael T. Cali, Dwight G. Paulsen, III, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for Owens-Corning Fiberglas.

A. Wendel Stout, III, Janet L. MacDonnell, Deutsch, Kerrigan & Stiles, New Orleans, La., for GAF and Armstrong.

Lisa Matthew, Maria I. O'Byrne Stephenson, Law Office of Maria O'Byrne Stephenson, New Orleans, La., for Rock Wool Mfg.

D. Russell Holwadel, Robert M. Johnson, Adams & Johnson, New Orleans, La., for Manville Corp. Asbestos Disease Fund.

Ben L. Mayeaux, LaBorde & Neuner, Lafayette, La., for M.H. Detrick.

Richard L. Forman, Forman, Perry, Watkins & Krutz, Jackson, Miss., for Owens Ill. Inc. and Keene Corp.

Appeal from the United States District Court for the Western District of Louisiana.

Before KING and DUHE, Circuit Judges, and SCHWARTZ, Senior District Judge.**[fn*]**

[fn*] Senior District Judge of the Eastern District of Louisiana sitting by designation.


PER CURIAM:

[1] Bernita Tramonte and other survivors of Angelo Tramonte, Sr. (the Tramontes) appeal the district court's decision to exclude the deposition testimony of Dr. Daniel Jenkins as rebuttal evidence. Finding that the district court did not abuse its discretion in excluding the testimony, we affirm.

[2]                I. BACKGROUND AND PROCEDURAL HISTORY

[3] Angelo Tramonte, Sr. sued various manufacturers of asbestos-containing insulation products, alleging that he contracted an asbestos-related lung cancer as a result of his contact with those products while employed as an insulator. Mr.

Tramonte died in 1987. His widow and surviving children continued the suit, and amended it to include a wrongful death action.

[4] The key issue in the case was whether Mr. Tramonte had asbestosis, a diffuse scarring of the lungs caused by excessive asbestos exposure, which would causally link his lung cancer to asbestos exposure. At trial, the Tramontes presented five medical expert witnesses who testified that asbestos exposure was a causal factor in Mr. Tramonte's lung cancer. Although the Tramontes offered the deposition of another medical expert, Dr. Daniel Jenkins, who had examined Mr. Tramonte in 1978, the trial court ruled that this deposition testimony was inadmissible in their case in chief.[fn1]

[5] The defendant asbestos companies countered by presenting experts who testified that they found no evidence of asbestosis. On direct examination, defendants asked their expert Dr. Robert O'Neal whether any of the doctors involved in Mr. Tramonte's treatment in Lake Charles had diagnosed his condition as asbestosis. Dr. O'Neal responded that it was never diagnosed on x-ray or clinically. Defense counsel then asked Dr. O'Neal if he had reviewed the medical records from Mr. Tramonte's spring 1986 visit to M.D. Anderson Cancer Treatment Center in Houston, and whether any of the doctors who saw him then had diagnosed asbestosis on any of the x-rays that they had reviewed. Dr. O'Neal testified that they had not.

[6] On cross-examination, counsel for the Tramontes asked Dr. O'Neal if he had reviewed

**Page 764**

the records of Dr. Daniel Jenkins' 1978 consultation with Mr. Tramonte. Dr. O'Neal indicated that he had. In a side bar discussion, defense counsel objected that plaintiff was attempting to introduce the deposition opinion of Dr. Jenkins during the cross-examination of Dr. O'Neal when the court had already excluded it from the Tramontes' case in chief. After the jury was excused, the Tramontes' attorney attempted to lay a foundation to pursue this line of inquiry. The Tramontes' attorney asked Dr. O'Neal to comment on a specific portion of Dr. Jenkins' report, which stated: "There is some increase in bronchovascular marking into the periphery of both the right and left lungs, particularly in the mid and lower lung fields suggesting possible interstitial disease." Dr. O'Neal indicated that this language could describe early asbestosis, but that it also could describe the condition of someone with a history of heavy cigarette smoking, such as Mr. Tramonte. The trial court sustained the defense objection to this line of cross-examination, noting that Dr. Jenkins did not attribute the described condition to any specific disease in his report.

[7] Following the defense's case in chief, counsel for the Tramontes offered the medical report and deposition of Dr. Jenkins as rebuttal evidence. Defense counsel objected, pointing out that they had not introduced any evidence about Dr. Jenkins during Dr. O'Neal's direct testimony, and that Dr. Jenkins had not diagnosed asbestosis in his report. Counsel for the Tramontes contended that Dr. Jenkins had diagnosed Mr. Tramonte's condition as asbestosis in his deposition testimony. However, he conceded that Dr. O'Neal had not reviewed Dr. Jenkins' deposition. In deciding to exclude Dr. Jenkins' deposition, the district judge observed that while Dr. Jenkins' deposition did not need to appear on the Tramontes' "will call" witness list to be admitted on rebuttal, it could not properly be classified as rebuttal or impeachment evidence because (1) it did not address an issue raised on direct examination, and (2) Dr. O'Neal never saw the deposition. For these reasons, the district judge concluded that the Tramontes could not avoid the earlier ruling excluding Dr. Jenkins' deposition from evidence in the case in chief by bringing it in on rebuttal.

[8] The Tramontes appeal the district court's ruling on two grounds. First, they assert that Dr. Jenkins' medical report and deposition testimony should have been admitted as rebuttal evidence because they directly contradicted Dr. O'Neal's testimony that Mr. Tramonte had never been diagnosed with asbestosis, and their exclusion left this deliberate false impression in the minds of the jurors. Second, they argue that the district court failed to give due consideration to the insignificant prejudicial or disruptive effect the admission of this evidence would have on the trial process. We address these contentions separately below.

[9]     II. ANALYSIS

[10] "The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge." *United States v. Winkle,* [587 F.2d 705](), [712]() (5th Cir.) (citations omitted), *cert. denied,* 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979). Thus, we will not overturn a district court's refusal to allow an expert to testify as a rebuttal witness unless that refusal was an abuse of discretion. *Rodriguez v. Olin Corp.,* [780 F.2d 491](), [494]() (5th Cir. 1986).

[11] The trial court generally admits rebuttal evidence either to counter facts presented in the defendant's case in chief, *McVey v. Phillips Petroleum Co.,* [288 F.2d 53](), [54]() (5th Cir. 1961), or to rebut evidence unavailable earlier through no fault of the plaintiff, *Allen v. Prince George's County,* [737 F.2d 1299](), [1305]() (4th Cir. 1984). The potential for unfairness to the opponent and confusion of the issues militates against admitting new or repetitive evidence at the rebuttal stage. *See generally* 6 John Henry Wigmore, *Wigmore on Evidence* § 1873 (James H. Chadbourn ed., 1976). When a plaintiff makes its prima facie case, therefore, it also must offer evidence on any other issue of potential importance to the outcome in its case in chief. *Russo v. Peikes,* 71 F.R.D. 110, 113

**Page 765**
(E.D.Pa. 1976), *aff'd,* 547 F.2d 1163 (3d Cir. 1977).

[12] First, the Tramontes contend that Dr. Jenkins' deposition testimony and medical reports are proper rebuttal evidence because they directly contradict Dr. O'Neal's assertion that none of the doctors who saw Angelo Tramonte attributed his cancer to asbestos exposure. The Tramontes mischaracterize Dr. O'Neal's statement. It is clear from the record that Dr. O'Neal responded to specific questions framed by defense counsel. Defense counsel did not ask Dr. O'Neal about Mr. Tramonte's 1978 visit to Dr. Jenkins in Houston.[fn2] Since he did not respond to either a general inquiry about all treating physicians, or a specific inquiry about Dr. Jenkins in particular, the record does not show that Dr. O'Neal made such a broad allegation.

[13] The Tramontes further argue that Dr. O'Neal's testimony, as elicited by defense counsel, created a false impression that no doctor involved with Mr. Tramonte's treatment diagnosed asbestosis. We reject this contention. No misrepresentation occurred; defense counsel were only fulfilling their obligation to present their clients' case in the best possible light. Moreover, the record as a whole does not lend itself to this interpretation. Five of the Tramontes' experts testified that Mr. Tramonte's lung cancer resulted at least partially from his exposure to asbestos. The district court did not prevent the Tramontes from rebutting Dr. O'Neal's testimony with this already admitted evidence. *See Rodriguez,* [780 F.2d at 495]() (question is not whether party has an opportunity or right to overcome any statements or misstatements, but whether testimony raises new matters). Thus, the district court did not exceed the bounds of its discretion in refusing to admit the deposition. *See Page v. Barko Hydraulics,* [673 F.2d 134](), [140]() (5th Cir. 1982) (trial court acts within its discretion when it declines to allow plaintiff to

remedy a defect in its case in chief through rebuttal evidence); *Keyes v. Lauga,* 635 F.2d 330, 335 (5th Cir. 1981) (exclusion not an abuse of discretion when plaintiff reasonably could have anticipated the necessity for rebuttal testimony).

[14] Further, because Dr. Jenkins' medical records do not contain a positive diagnosis of asbestosis,[fn3] Dr. O'Neal's response did not misrepresent their contents. On cross-examination, Dr. O'Neal revealed that he reviewed Dr. Jenkins' medical records in forming his opinion as to the cause of Mr. Tramonte's lung cancer. However, only Dr. Jenkins' 1988 deposition testimony, which Dr. O'Neal did not read, states a diagnosis of Mr. Tramonte's condition as early asbestosis. Dr. O'Neal's statement did not open the door to impeachment by Dr. Jenkins' deposition testimony, because that document had no bearing on his credibility as a witness. *See* Fed.R.Evid. 611(b) (limiting cross-examination to matters either brought out on direct examination or affecting the credibility of the witness). Consequently, the district

**Page 766**

court acted within its discretion in determining that the deposition was not proper impeachment evidence.

[15] Finally, the Tramontes maintain that the district court erred in relying on its initial decision to exclude Dr. Jenkins' testimony from their case in chief to prevent its introduction as rebuttal evidence. Specifically, the Tramontes claim that the district judge failed to consider properly that the admission of the deposition would not be likely to provoke surprise, prejudice, or disruption in the orderly and efficient trial of the case. The trial court, however, does not bear the burden of showing that it considered specific criteria in rendering its decision to exclude rebuttal testimony. *See Rodriguez,* 780 F.2d at 494. Since the Tramontes failed to include Dr. Jenkins on the proper witness list, they must show that the exclusion of Dr. Jenkins' testimony resulted in manifest injustice. A trial court does not abuse its discretion in excluding rebuttal evidence when the offering party already has presented evidence on the same issue as a part of its case. *Orduna S.A. v. Zen-Noh Grain Corp.,* 913 F.2d 1149, 1154 (5th Cir. 1990). Since the Tramontes adduced ample testimony in their case in chief to support their claim that Mr. Tramonte had asbestosis, the excluded deposition was not a critical omission. Accordingly, we find that the district court acted within its discretion in excluding the proffered testimony.

[16]                    III. CONCLUSION

[17] Finding that the district court properly exercised its discretionary authority, we AFFIRM its decision in this case.

[18] AFFIRMED.

[fn1] The trial court excluded the deposition from evidence in the case in chief because it was not converted from the "may call" to the "will call" witness list by one week before trial. In a pretrial conference held on February 17, 1989, the court explicitly required all parties to abide by this local rule. In excluding Dr. Jenkins' deposition, the trial judge indicated that both deposition and live testimony receive the same treatment under the rule.

[fn2] The relevant testimony on direct examination was as follows:

  Q: Doctor, in your review of the medical records
  first in this case, can you tell me whether any of
  the doctors involved in Mr. Tramonte's treatment in
  Lake Charles diagnosed asbestosis on any of his

```
x-rays?

A: It was never diagnosed on x-ray, or clinically. It
was not diagnosed.
```

                              \*      \*      \*      \*      \*      \*

```
Q: Did you review the records, Dr. O'Neal, with
regard to Mr. Tramonte's trip to M.D. Anderson Cancer
Treatment Center in Houston in the spring of 1986?

A: Yes, I did.

Q: And did any of the doctors in those records
diagnose asbestosis on any of the x-rays that they
reviewed?

A: No, there was no diagnosis of asbestosis made
there, either.
```

[fn3] Dr. Jenkins' medical report contains the following impressions:

  1. Bilateral pleural thickening and plaque formation, most likely related to asbestos exposure.

  2. Possible slight interstitial fibrosis. . . .

The Tramontes argue that interstitial fibrosis is synonymous with asbestosis. However, as Dr. O'Neal explained, pulmonary interstitial fibrosis can be caused by factors other than asbestos exposure. *See The Merck Manual of Diagnosis and Therapy* 636 (13th ed. 1977).

Copyright © 2009 Loislaw.com, Inc. All Rights Reserved