UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * |  |
| *Mumford v. Ingram* 05-5724 | * |  |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * |  |
| *Parfait Family v. USA* 07-3500 | * | MAGISTRATE |
| *Weber v. Lafarge* 08-4459 | * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF LAFARGE NORTH AMERICA INC.'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF DON GREEN**

Defendant Lafarge North America Inc. ("LNA") has moved to exclude testimony by plaintiffs' maritime expert, Donald Green, asserting that LNA's conduct with respect to the Barge ING 4727 violated (a) federal regulations and (b) LNA's own internal procedures. The first group of opinions, reflected at paragraphs 5.6, 5.7, and 5.8 of Mr. Green's expert report, states legal conclusions and is not proper expert opinion under Fed. R. Evid. 702.[1] The second group of opinions, reflected at paragraphs 5.3 and 5.13 of Mr. Green's expert report, is improper under Rule 702 because no expertise is required in order to decide whether LNA complied with

---

[1] Mr. Green's expert report is Exhibit 29 to LNA's motion for summary judgment (Doc. 19309). For the convenience of the Court and the parties, LNA refers to the summary judgment exhibits previously submitted to the Court ("LNA SJ Exh."), rather than submitting them again in connection with this motion. At the Court's request, LNA will re-submit any or all of these exhibits.

its internal procedures. Accordingly, the Court should exclude both categories of opinions from the bench trial scheduled for June 2010.[2]

## ARGUMENT

### I. THE COURT SHOULD STRIKE MR. GREEN'S OPINIONS ON LEGAL ISSUES.

Fed. R. Evid. 702 permits a court to admit expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue … ." The Advisory Committee Notes to Rule 702 explain that "[w]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier."

In applying Rule 702, courts in this Circuit have made clear that experts may not offer legal opinions. *See*, *e.g.*, *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("Whether the officers and directors breached their fiduciary duties is an issue for the trier of fact to decide. It is not for [the expert] to tell the trier of fact what to decide." Such testimony "is a legal opinion and inadmissible.").[3] In particular, experts may not opine that a party has violated a law or regulation. *See*, *e.g.*, *In re Midland Enters., Inc.*, No. 00-3750, 2002 U.S. Dist. LEXIS 23851, at *12 (E.D. La. Dec. 11, 2002) (striking proposed expert testimony that defendants "violated OSHA regulations" because "[e]xpert testimony that offers a legal opinion is inadmissible"); *Butler v. Ensco Offshore Co.*, No. 07-1700, 2009 U.S. Dist. LEXIS 27198, at *2, 8-9 (W.D. La.

---

[2] Although this motion does not expressly fall within the rubric of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), it is close enough that LNA considered it appropriate to submit according to the Court's deadline for *Daubert* motions. *See* Doc. 19201. In addition, as set forth in footnote 6 below, if the Court were to refrain from striking Mr. Green's untimely-submitted declaration (Exh. 59 to Doc. 19352), that declaration would be subject to exclusion under *Daubert*. LNA reserves all additional objections to Mr. Green's testimony.

[3] *See also Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (recognizing that in *Askanase*, "[w]e held that the proposed testimony offered a legal opinion and, as such, was inadmissible"); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (expert opinion on legal issues is not permitted because "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant").

2

Mar. 27, 2009) (striking "legal conclusions" from expert that defendants violated "various regulatory requirements").

Here, the Court should strike Mr. Green's opinions 5.6, 5.7, and 5.8, which allege that LNA violated two federal regulations (33 CFR 162.75(b)(3)(ii) and 33 CFR 6.19) as well as "the recommendations of the Coast Guard Sector New Orleans Hurricane plan."[4]  Those are legal conclusions.  Whether LNA violated a regulation "is an issue for the trier of fact to decide," and "not for [an expert] to tell the trier of fact what to decide."  *Askanase*, 130 F.3d at 673.

## II. THE COURT SHOULD STRIKE MR. GREEN'S OPINIONS THAT LNA DID NOT FOLLOW ITS OWN INTERNAL PROCEDURES.

It is also settled that an expert may not testify that a party did not follow its own internal procedures.  To determine whether a party has acted consistently with its internal procedures, the fact finder need only identify what the procedures are and decide whether the party's conduct was consistent with the procedures.  No expertise is required in order to do that.

For this reason, courts routinely strike expert reports alleging noncompliance with internal procedures.  For example, in *Bouton v. Kim Susan, Inc.*, No. 96-902, 1997 U.S. Dist. LEXIS 1654 (E.D. La. Feb. 6, 1997), an expert sought to opine that a "ship's captain failed to provide plaintiff with a clean, safe workplace and that this violated [the defendant's] Safety Manual and federal regulations."  *Id.* at *6.  But the court struck that opinion, because "[t]here is simply no expertise required for the opinions."  *Id.*  Similarly, in *Fanning v. M/V Natchez*, No. 02-324, 2002 U.S. Dist. LEXIS 24881, at *9-10 (E.D. La. Dec. 19, 2002), the court struck an expert report opining that a "vessel was in violation of various regulations for the maritime industry, as well as the vessel's own safety manual."  *Id.* at 9-10.  The court did so because such

---

[4] LNA objects to Mr. Green's testimony regarding Coast Guard recommendations only to the extent that plaintiffs have (incorrectly) asserted these as being "requirements" rather than merely recommended measures.

3

expert testimony would not "assist the trier of fact to understand the evidence or to determine a fact in issue," and was therefore not admissible under Rule 702. *Id.*

Likewise here, Mr. Green's opinion that LNA did not follow its "Hurricane Preparation Checklist" is not proper expert opinion under Rule 702. The fact finder can decide whether LNA had relevant internal procedures and whether LNA followed them.[5] Expert opinion would not assist the tier of fact in evaluating that evidence.[6]

## CONCLUSION

LNA's motion to exclude expert testimony from Donald Green should be granted as set forth above.

---

[5] Plaintiffs' Expert Hector Pazos similarly opined that LNA did not follow its Hurricane Preparation Checklist. *See* LNA SJ Exh. 12, Pazos Report at 31, 66-67. If the Court concludes that Mr. Green may not give that opinion, the Court should find that Mr. Pazos may not do so either.

[6] If the Court does not strike Mr. Green's summary judgment declaration as untimely, the Court should strike it on Rule 702 and *Daubert* grounds. In his summary judgment declaration, Mr. Green opined that "tides" and "a large wave" caused the Barge ING 4727 to move across the IHNC and impact both the north and south ends of the IHNC floodwall. Exh. 59 to Doc. 19352. Mr. Green gave those opinions in his declaration even though plaintiffs did not designate him as an expert in tides, waves, or barge movement. *See* Doc. 18390, at 19. In order to arrive at his opinion that tide could have delivered the barge to the eastern side of the IHNC, Mr. Green examined only tide records at three locations ***other than the IHNC*** and concluded that "[t]hese tide records all show tide movement, which would mean tidal current." But Mr. Green did not examine the records of the IHNC Lockmaster, which show that the water levels in the IHNC ***rose or remained steady*** between 1:00 a.m. on August 28, 2005 through the arrival of Hurricane Katrina. *See* LNA's Summary Judgment Exh. 1, Cushing Report at B10. There was therefore no tidal flow to draw the barge north of the North Breach site on August 28 and 29, 2005. Likewise, Mr. Green provides no scientific support for the vague and conclusory opinion that "a large wave" somehow transported the barge to both breach sites (which is in fact contrary to the scientific data). The Court should strike these opinions under Rule 702 and on *Daubert* grounds.

4

LIBW/1723305.4

Dated: December 1, 2009                    Respectfully submitted,

                                        Robert B. Fisher, Jr., T.A. (#5587)
                                        Derek A. Walker (#13175)
                                        **CHAFFE MCCALL, L.L.P.**
                                        2300 Energy Centre
                                        1100 Poydras Street
                                        New Orleans, LA  70163-2300
                                        Telephone:  (504) 585-7000
                                        Facsimile:  (504) 585-7075
                                        Fisher@chaffe.com
                                        Walker@chaffe.com

                                         /s/ John D. Aldock
                                        John D. Aldock
                                        Richard M. Wyner
                                        Mark S. Raffman
                                        **GOODWIN PROCTER LLP**
                                        901 New York Avenue, N.W.
                                        Washington, DC  20001
                                        Telephone:  (202) 346-4240
                                        jaldock@goodwinprocter.com
                                        rwyner@goodwinprocter.com
                                        mraffman@goodwinprocter.com

                                        Daniel A. Webb (#13294)
                                        **SUTTERFIELD & WEBB, LLC**
                                        Poydras Center
                                        650 Poydras Street, Suite 2715
                                        New Orleans, LA  70130
                                        Telephone:  (504) 598-2715

                                        ***Attorneys for Lafarge North America Inc.***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2009.

                                                    /s/ John D. Aldock

LIBW/1723305.4