# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO:  BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K"  (2) |
| *Boutte v. Lafarge* | 05-5531 | * |
| *Mumford v. Ingram* | 05-5724 | * |
| *Lagarde v. Lafarge* | 06-5342 | * |
| *Perry v. Ingram* | 06-6299 | * |
| *Benoit v. Lafarge* | 06-7516 | * |
| *Parfait Family v. USA* | 07-3500 | * |
| *Lafarge v. USA* | 07-5178 | * |
| *Weber v. Lafarge* | 08-4459 | * |

Boutte v. Lafarge 05-5531
Mumford v. Ingram 05-5724
Lagarde v. Lafarge 06-5342
Perry v. Ingram 06-6299
Benoit v. Lafarge 06-7516
Parfait Family v. USA 07-3500
Lafarge v. USA 07-5178
Weber v. Lafarge 08-4459

JUDGE
STANWOOD R. DUVAL, JR.

MAG.
JOSEPH C. WILKINSON, JR

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DEFENSE EXPERT, DANIEL F .RYAN

MAY IT PLEASE THE COURT:

Plaintiffs moves  the Court to conduct a Daubert hearing in regard to the proposed expert

testimony of defense expert, Daniel F. Ryan, and, after due proceedings had, render an order

striking the testimony at the trial of any cases arising out of the above entitled and numbered cause

for the reasons, and under the jurisprudence, hereinafter referenced.

At the outset let us remember that the burden of proof of relevancy and scientific validity

lies with the party, Lafarge herein, offering the witness to the Court as an expert and the Court

is vested with the "gatekeeping" responsibility to see that any and all testimony meets the

jurisprudential standards of Daubert and its progeny.

Mr. Ryan, who retired from the United State Coast Guard in 2004,  testified  in his

discovery deposition of the 9th day of July, 2009, attached as Exhibit "A," regarding his

engagement by defense counsel, and his role as an expert, at pages 26-27, as follows:

> " Q.  All right.  Before sending these
>    reports, did Mr. Forbes indicate to you that
>    your role insofar as mooring would be directed
>    at any particular Coast Guard regulation?
>    A.  No.  It was no specific Coast Guard
>    regulation that was called out.  If I remember
>    correctly, what was asked of me was to look at
>    the reports in regards to what Coast Guard
>    regulations would be applicable, if any, and if
>    there was a requirement to double up the mooring
>    system and, if it been met. "

The Regulation to which he was referring was the Sector New Orleans Maritime Hurricane

Contingency Port Plan, which he testified was applicable to Hurricane Katrina. The pertinent

testimony from his deposition, at page 57,  is as follows:

> "Q.  Okay.  And do you agree that the
> Maritime Hurricane Contingency Port Plan is
> applicable to a circumstance that occurred in
> New Orleans, that is, Hurricane Katrina
> A.  Yes.
> Q.  And that goes into effect when the
> various periods are established by the Coast
> Guard, that is, Whiskey, X-ray and Zulu?
> A.  Yes."

Mr. Ryan was questioned about Appendix 2 of the Sector New Orleans Maritime Hurricane

Contingency Port Plan applicable to barges and gave the following pertinent answers

to questioning by Plaintiff counsel, at page 72:

> " Q.  Appendix 2 says -- is titled
>      "Recommended precautionary measures for
>      barges."  Is that correct?

A.  Yes.
Q.  And the 4727 was a barge.  Is that
correct?
A.  Yes.
Q.  And so this would be applicable to
it?
A.  As a recommendation, yes.
Q.  Yes.  And the recommendation is that
moorings -- "Mooring lines doubled up with due
consideration given to the effects of
predicted storm surge.  Special attention
should be paid -- should be paid to barges
moored in the proximity of bridges."  Do you
understand that?
A.  Yes.
Q.  All right.  And just above that is
the same recommendation when it talks about
ships.  You see that?
A.  Yes.
Q.  "Mooring lines doubled up with due
consideration given to the effects of
predicted storm surge."
A.  Yes."

There is no question but that the lines securing the empty outboard barge, 4727,  to the

dockside full barge, 4745, were one part single lines originally put in place by Lafarge

employees and unchanged when the barges were turned around on September 27, 2009, by

employees of Unique Towing.

Mr. Ryan, in order to dodge the literal inadequacy of the mooring of 4727, at page 81 of

his deposition resorts to a subjective definition of permissible deviation from the literal meaning of

the regulation, admittedly beyond the understanding of seamen or owners of vessels.

Q.  How do you expect, if you take the
position, as you say, that "double up",
"doubling up" doesn't mean doubling the
lines, it means changing the -- accepting the
nature of the lines?  Where do you get that
from?  Tell me one Coast Guard thing, one
document, one anything in writing that says

you are correct.
A.   There's nothing in writing.

It is respectfully submitted that the trier of fact, without expert testimony, can determine

what the term "Doubling Up" means in the Coast Guard regulations. What scientific, or Coast

Guard background, does this witness offer to support his "expert" conclusions. He admits that

he has never found anything in Coast Guard data to support his conclusion and concedes that he

had to use a cordage expert himself to determine the tensile strength of rope.

Wherefore, Plaintiffs pray that defendant be ordered to show cause on a day and at a time,

convenient to the Courts Schedule, why Defendant's expert, Daniel F. Ryan, should not be stricken

under Daubert.

Respectfully submitted,


Brian A. Gilbert, Esq.(21297)
Law Office Of Brian A. Gilbert, P.L.C.
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 885-7700
Facsimile: (504) 581-4336
e-mail: bgilbert@briangilbertlaw.com

Shawn Khorrami (CA SBN #14011)
Dylan Pollard (CA SBN #180306)
Matt C. Bailey (CA SBN #218685)
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
e-mail: Skhorrami@kpalawyers.com,
Dpollard@kpalawyers.com
Mbailey@kpalawyers.com

/s/ Lawrence D. Wiedemann
Lawrence D. Wiedemann (#13457)
Karl Wiedemann (18502)
Wiedemann and Wiedemann
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: 504-581-6180
Facsimile: 504-581-4336
e-mail: ldwiedeman@aol.com
karlwied@bellsouth.net


Patrick J. Sanders (18741)
3316 Ridgelake Drive, Suite 100
Metairie, Louisiana 70002
Telephone: (504) 834-0646
e-mail: pistols42@aol.com


Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Telephone: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseyourlaw.net


Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Drucker & Nolet
Woolworth Building
233 Broadway 5th Floor
New York, NY 10279-0003
Telephone: 212-608-4400
Facsimile: 212-227-5159
e-mail: lwilson@wgdnlaw1.com, ddrucker@wgdnlaw1.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile and/or ECF upload, this 1st day of December, 2009.

/s/ Lawrence D. Wiedemann