UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (Judge Duval)<br><br>MAGISTRATE 2 (Judge Wilkinson) |
| PERTAINS TO:   MR-GO and<br>07-cv-4608 | |

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO CONSOLIDATE

**Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., Entergy Corporation,** and **Hartford Steam Boiler Inspection and Insurance Company** (collectively "the Entergy Companies"), have moved, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate their individual suit, 2:07-cv-4608-SRD-JCW, with the instant Master Consolidated Class Action ("MCCA"). Plaintiffs' counsel in the MCCA support this consolidation. Defendant United States of America ("United States," or "Defendant") has opposed the Entergy Companies' Motion**.**

In its Response to the Entergy Companies' Motion to Consolidate (Doc. 19390), Defendant tellingly does not dispute that consolidation would serve judicial economy; it does not dispute that consolidation is appropriate for the successful resolution of the remaining EBIA

1076145-1                               1

issues; and finally, it does not contest that the Entergy Companies' individual action and the MCCA have common questions of law and fact related to the Inner Harbor Navigation Canal ("IHNC").

Instead, Defendant advances several technical arguments designed to undermine subject matter jurisdiction in the Entergy Companies' individual action. Simply put, these arguments have no merit and consolidation is appropriate. The Entergy Companies are prepared to proceed to trial should this Court grant their pending Motion.

A.  **This Court Has Subject Matter Jurisdiction Over the Entergy Companies' Individual Lawsuit.**

   1.  **Plaintiffs have Complied with all Administrative Requirements under the Federal Torts Claim Act ("FTCA").**

In this case, the Entergy Companies have painstakingly complied with all time requirements under the FTCA in their individual action. In order to begin an action against the United States, all time requirements contained in 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b) must be observed. Pursuant to these two Sections, once an administrative claim is filed within two years of an incident, the burden falls on the affected administrative agency to make a final disposition of that claim "within six months."[1] If a claim is denied by the agency within six months, then a claimant has the option to file suit against the Government "within" six months of this denial. On the other hand, if a final disposition is not made by the administrative agency

---

[1]  28 U.S.C. § 2675(a): "An action shall not be instituted upon a claim against the United States for money damages…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…The failure of any agency to make final disposition of a claim *within six months* after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." (emphasis added).

   28 U.S.C. § 2401(b): "A tort claim against the United States Shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun *within six months* after the date of the mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (emphasis added)."

1076145-1                                             2

within six months, then a claimant can "deem" the claim denied and begin his action at any time thereafter.

In the instant case, the Entergy Companies filed their Standard Form 95s with the United States Army Corps of Engineers on February 28, 2007 in order to provide notice of their claims for damages, including those related to the EBIA.[2]  Having received no response from the Government within six months and in compliance with 28 U.S.C. § 2675(a), the Entergy Companies filed their individual suit, 2:07-cv-04608-SRD-JCW, on August 28, 2007,[3] six months after the submission of its Standard Form 95, thereby complying with all time requirements imposed under the FTCA.

Despite Plaintiffs' compliance, however, Defendant devotes much attention to the argument that the Entergy Companies filed their individual suit one day too soon.  According to the Government, "the fact that the Entergy Companies filed their suit on August 28, 2007 – the last day of the six-month period – renders their suit premature."[4]  As support for its argument, Defendant relies on dicta in the case of *McCallister v. U.S.*, 925 U.S. 841 (5th Cir. 1991).  This case, however, does not evaluate the calculation of time and only mentions in passing when a suit could have been filed based the facts in that case.[5]  Simply put, Defendant's prematurity argument is without merit and is in conflict with established Fifth Circuit precedent that

---

[2]  *See* The Entergy Companies' Motion to Consolidate, (Doc. 19345) at "Exhibit A."

[3]  *See* The Entergy Companies' Motion to Consolidate, (Doc. 19345) at "Exhibit B."

[4]  Doc. 19390 at 18.

[5]  *McCallister v. U.S.*, 925 U.S. 841 (5th Cir. 1991) (Considering whether there is a time limit to bring a claim under the FTCA where there has been no formal denial of an administrative claim).  It should also be noted that no case cited by the Government involved circumstances where a complaint was allegedly premature or late by one day, necessitating a close examination of the method of time calculation.  *But see Scott v. U.S. Veterans Administration*, 929 F.2d 146, 147 (5th Cir. 1991)(Interpreting the "within six months" language where a plaintiff filed his lawsuit one day too late.)

illustrates and explains the "within six months" language at issue and provides a formula for its calculation that supports the timing of the Entergy Companies' filings.[6]

In *Scott v. U.S. Veterans Administration*, 929 F.2d 146, 147 (5th Cir. 1991), the court addressed the calculation of the six month period for filing a complaint under the FTCA once there is a final denial by an agency. Under 28 U.S.C. § 2401(b), a claimant must file his complaint "***within six months*** after the date of mailing…of the notice of final denial."[7] When considering this language, the *Scott* Court reasoned that "the six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later."[8] In that case, the Court held that the "within six months" period "began on October 3, 1989 and ended on April 2, 1990."[9]

To further explain the Fifth Circuit's method of calculation, an explanation given by the court in *Murray v. U.S. Postal Service*[10] is instructive:

> The limitation period began to run on the day following mailing: October 27th. The last day of the first month is therefore November 26 and *not* November 27, which is the first day of the second month. Accordingly, the last day of the sixth month is April 26 - not April 27th…

In other words, contrary to the Defendant's position, it is well settled that "within six months" means that the last day of the six month period ends on the calendar date ***before*** the date of commencement six months earlier.

---

[6] *Vernell v. U.S. Postal Service*, 819 F.2d 108, 111 (5th Cir. 1987) (Holding that where a claimant had "within six months" to file a claim against the Government pursuant § 2401 of the FTCA, "the period runs from the day after the denial of a plaintiff's administrative claim is mailed through the day before that same calendar date six months later"); *Scott v. U.S. Veterans Administration*, 929 F.2d 146, 147 (5th Cir. 1991).

[7] *Scott*, 929 F.2d at 147.

[8] *Id*.

[9] *Id*.

[10] 569 F. Supp. 794 796 (N.D.N.Y. 1983).

In this case, the "within six months" language contained in §2675(a) is identical to the language contained in §2401(b) interpreted by the courts in the aforementioned cases. § 2401(b) states that a claimant must file his action "*within six months*" of the agency's denial of his claim. §2675(a) states that an agency must make a final disposition of claim "*within six months*" from the date that the claim is filed. Thus, since the language in the two statutes is the same, the same standard/formula for time calculation should apply. The Entergy Companies filed their claims on February 28, 2007. Accordingly, Defendant had until August 27, 2007 to make a final disposition of that claim. Starting on August 28, 2007, which was the beginning of the seventh month, the Entergy Companies had the option to "deem" their claim denied and file suit. The Entergy Companies exercised this option and have observed all other time requirements imposed under the FTCA. Therefore, this court should reject Defendant's prematurity argument and grant the Entergy Companies' Motion to Consolidate.

### 2. Requiring the Entergy Companies to Refile Their Action Would Be a Futile, Idle Formality.

In this case, the Entergy Companies strongly oppose the Government's prematurity argument. Assuming *arguendo*, however, that the Entergy Companies' individual action was filed one day too soon, to now require the companies to amend or refile their lawsuit would be an "idle formality"[11] that would accomplish nothing of substance. Contrary to Defendant's argument that the Entergy Companies' case would be dismissed based on this potential procedural flaw, the result would be nothing other than the Entergy Companies having to refile or amend their lawsuit. Rather than requiring these futile actions, this Court should reject the

---

[11] *Socialist Workers Party v. Att'y Gen.*, 642 F.2d 1357, 1414 (S.D.N.Y 1986) (holding that Plaintiffs claims should not be dismissed even though their complaint was not refiled or amended after six months had elapsed from filing their administrative claim).

Defendant's argument and grant consolidation in this matter. Indeed, even cases relied upon by Defendant support disregarding the "idle formality" in favor of judicial economy.[12]

In *Socialist Workers Party v. Att'y. General of the U.S.*, an administrative claim was filed by plaintiffs on July 22, 1976 regarding surreptitious entries. The court, however, stated that the complaints in that case were "obviously" not filed "more than six months after the filing of the July 1976 administrative claim."[13] Further, the Court disagreed with the Government's argument that plaintiffs should have filed a third amended complaint after January 22, 1977 and held that "in practical fact, this would have been an idle formality, which would have accomplished nothing of substance."[14]

In *55 Motor Avenue Co. v. Liberty Industrial Finishing Corp*, 885 F. Supp. 410, 416, (E.D.N.Y. 1994), the court held that where plaintiff filed a complaint in March 1991, but should have waited until August 1991, it would be "the ultimate exercise of form over substance to require plaintiffs to refile their tort claims" because "August 1991 has long since past."[15]

In the instant case, to hold that the Entergy Companies should have waited one more day to file their lawsuit would also be the "ultimate exercise in form over substance." Further, any potential technical flaw created by the timing of the Entergy Companies' filings can be "easily cured by amending" or refiling the complaint.[16] The United States has long conceded "that there is no time limit from filing an FTCA action when an administrative claim is deemed to be

---

[12] *Id.*; *McCallister v. U.S.*, 925 U.S. 841 (5th Cir. 1991) (Holding there is no time limit to bring a claim under the FTCA where there has been no formal denial of an administrative claim).

[13] *Id.*

[14] *Id.*

[15] *55 Motor Avenue Co*, 885 F. Supp. at 416.

[16] *Id.*; *Socialist Workers Party,* 642 F.2d at 1414 (holding that where plaintiffs amended their complaint after the Government failed to issue a formal denial of their administrative claim within six months instead of refiling, they were in "clear compliance with § 2675(a)").

denied under 28 U.S.C. § 2675(a) by virtue of an agency's failure to finally dispose of a claim within six months."[17]  Thus, as alluded to in the aforementioned cases, where there has been no formal denial of an administrative claim, as in this case, the Plaintiff could remedy any prematurity by amending or refiling their action.  Thus, rather than requiring these futile actions, this Court should reject the Defendant's argument and grant consolidation.

### 3. The Entergy Companies Have a Right to Sue the United States Army Corps of Engineers.

Defendant has also argued that the filing of a Third-Party Class Action (No. 06-5161) renders the Entergy Companies' Form 95s "ineffective" because the Army Corps of Engineers had already "been deprived of its authority to settle the claims of the Entergy Companies."[18] This is opposite to the position advanced in its underlying Motion to Dismiss.  In that motion, Defendant argued that the complaint must be dismissed where a class member did not file a timely and comprehensive Form 95.  Now, despite its former position, Defendant urges that a putative class member is *precluded* from filing an administrative claim altogether once a class action is filed.  Defendant, however, offers no cases or statutes, and cannot offer any cases or statutes to support this position.

In fact, Defendant stretches the U.S. Supreme Court's decision in *American Pipe & Constr. Co. v. Utah* far beyond its holding in an attempt to overcome this obvious lack of authority.  *American Pipe* merely held that the commencement of a class action satisfies "the purpose of the limitation provision as to all those who might subsequently participate in the suit." The Court expressly recognized that there might be individuals that "would not rely on the institution" of the class action and individuals who would "opt out" of a class after

---

[17]    *McCallister*, 925 F.2d at 843 (citing *Taumby v. U.S.*, 919 F.2d 69 (8th Cir. 1990)).

[18]    Doc. 19390 at 18 – 24.

certification.[19] Put differently, *American Pipe* functions as a protection mechanism for statute of limitations purposes; it does not rob a population of potential tort victims of their rights to file administrative claims or of their constitutional right to commence an individual lawsuit.

This reading of *American Pipe* is consistent with the rulings of this Court. When considering *American Pipe*, this Court stated that "the *American Pipe* tolling doctrine was created to protect class members from being forced to file individual suits in order to preserve their claims. ***It was not to induce class members to forego their right to sue individually***."[20] Under the Defendant's argument, however, the forfeiture of an individual's right to sue individually is exactly what *American Pipe* would do. According to the Defendant, every individual who filed an administrative claim against the Corps subsequent to the filing of the August 28, 2006 class action – which the Corps also argues is defective and must be dismissed – did so in vain. This is not the holding of *American Pipe,* and this reasoning is inconsistent with the holdings of this Court. Accordingly, the Government's arguments should be rejected.

### 4. Defendant's Position that Hartford's Claims are Separate from the Entergy Companies' is Incorrect.

Defendant has asserted that despite the timing of the Entergy Companies' administrative claims, Hartford, which is a subrogee of the Entergy Companies, must separately perfect its claim against the Corps. This argument fails on several levels. The Hartford hereby adopts, repeats, and incorporates all the aforementioned arguments advanced by the Entergy Companies regarding the futility of requiring the refilling or amending of the complaint to cure any potential prematurity. Moreover, as subrogating insurer of Entergy, the Hartford's claims are valid and are timely.

---

[19] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551-52 (1974).

[20] *See*, Bench Transcript, Docket 05-CV-4182-K, January 23, 2008, at 30. (Agreeing with *WorldCom Securities Litigation*, 496 F.3d 245 (2nd Cir. 2007)) (Emphasis added).

It is well established that because there would be no prejudice to the government, an insurance company as subrogee can be included in the insured's administrative claim *even though not named in it* where the original administrative claim filed by the insured was brought *for the full amount* of the insurer's claim.[21] Here, Hartford was identified on the Entergy Companies' February 28, 2007 Form 95s and the insured amount was included in the full value.[22] As subrogated insurer of Entergy, Hartford "stands in the shoes" of the Entergy Companies to the extent that it has compensated Entergy for any portion of its disclosed loss.[23]

In *Cummings v. U.S.*, the Court held that "[b]ecause the insurance company as subrogee stands in the shoes of the insured, it is the real party in interest in the insured's suit to the extent of the subrogation."[24] Thus, as a real party in interest, Hartford's claim survives based on the Entergy Companies' Form 95 alone; and the Corps cannot claim that it needs independent notice from Hartford. The court in *Sky Harbor Air Service v. United States* 348 F.Supp. 594, 596 (D.Neb. 1972) examined a situation where the Form 95 was presented entirely in the name of the insured, rather than in the names of the insured and the insurers. The Court found that because the claim was presented for the total dollar amount involved, along with the stated purpose on the Form including insurance coverage, a joint claim was proper.[25]

The Eastern District of Louisiana has also adopted the rule that "[a]s long as the government was appraised of a claim…by plaintiffs (the insureds) in their original administrative

---

[21]  *Interboro Mutual Indemnity Ins. Co. v.U.S.*, 431 F.Supp. 1243, 1246 (EDNY 1977).

[22]  *See* The Entergy Companies' Motion to Consolidate, (Doc.19345) at "Exhibit A."

[23]  *Cummings v. United States,* 704 F.2d 437, 439 (9th Cir.1983)

[24]  *Id*.

[25]  *See also*, *Cummings v. United States,* 704 F.2d 437, 439 (9th Cir.1983); *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 517 (6th Cir.1974) (noting that the *Sky Harbor Court* stated that the argument that dismissal is warranted where insurers never filed their own administrative claim was like "standing upon quicksand" and concluded that the insured's filing was effective also for the insurers).

claim to the government, and this claim has not been enlarged or changed by… (the insurer) in its present complaint, the government was given an adequate opportunity to settle the claim" and therefore cannot claim administrative defect.[26] In the instant case, the Hartford is identified on the timely forms of the Entergy Companies. Accordingly, Defendants position with regard to Hartford is without merit.

## CONCLUSION

In this case, the Government's arguments have no merit. The Entergy Companies' Form 95s put the Government on notice of their claims, and the requisite delay between the filing of the Entergy Companies' Form 95s and commencing an action was observed. Lifting the current stay on the Entergy Companies' complaint and permitting consolidation would serve the interest of judicial economy. The Entergy Companies are ready and able to try their case against the Government for the damages sustained in the EBIA if this Court grants this motion for consolidation.

---

[26]   *Severtson v. U.S.,*. 806 F.Supp. 97, 101 (E.D.La., 1992).

Respectfully submitted on December ___3___ 2009,

Ewell E. Eagan Jr. (La. Bar No. 5239), T.A.
Wendy Hickok Robinson (La. Bar No. 25225)
Brian L. Guillot (La. Bar No. 31759)
Gordon, Arata, McCollam,
 Duplantis & Eagan, L.L.P.
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana  70170-4000
          Telephone: (504) 582-1111
          Fax: (504) 582-1121

By:_____/s/Wendy Hickok Robinson_____

and

Marcus V. Brown (La. Bar No. 18817)
Entergy Services, Inc.
639 Loyola Avenue, Suite 2600
New Orleans, LA  70113
Tel:  504-576-2765

Attorneys for Plaintiffs, Entergy New Orleans, Inc., Entergy Louisiana, L.L.C., Entergy Services, Inc., and Entergy Corporation

and

Elisa T. Gilbert (ETG 5713), T.A.
Brendan R. O'Brien (BO 9033)
The Gilbert Firm, LLC
325 East 57th Street
New York, NY 10022

and

Ernest E. Svenson (La. Bar No. 17164)
The Svenson Law firm, LLC
432 Henry Clay Avenue
New Orleans, LA 70118-5724
Tel: 504-208-5199

Attorneys for Hartford Steam Boiler Inspection and Insurance Company

## C E R T I F I C A T E

   I hereby certify that on this 3rd day of December, 2009, I electronically filed the foregoing MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid to all non-CM/ECF participants.

       /s/Wendy Hickok Robinson