UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2) |
| PERTAINS TO: MRGO | |

**SUR-REPLY MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO UNITED STATES OF AMERICA'S MOTION TO DISMISS AND REPLY TO THE UNITED STATES RESPONSE TO PLAINTIFFS' MOTION TO INTERVENE AND CONSOLIDATE**

MAY IT PLEASE THE COURT:

This Reply memorandum is filed to reply to the United States Reply in Support of its Motion to Dismiss and Response to the Motions to Intervene and Consolidate (Rec. Doc 19390). In its memorandum, the United States suggests that plaintiffs' opposition to the Motion to Dismiss offered a "half-hearted" attempt to defend the validity of plaintiffs' administrative claims by suggesting that the Court's Robinson decision was in error, and further that plaintiffs concede their failure to exhaust the administrative remedies and then propose the substitution of thousands of intervenors in their place, all of which the United States argues are time-barred. The United States is wrong on both counts. The United States motion to dismiss must be denied. In the event that the Court believes the Motion to Dismiss has merit, the Motion to Intervene should be granted.

**ARGUMENT**

The instant case does not present facts analogous to those of *Portillo*[1], thus the rationale for

---

[1] *Portillo v United States*, 1994 WL 395174 (5th Cir. 1994)

granting the motion to dismiss in *Robinson*[2] was flawed. In *Portillo*, the plaintiff presented a timely administrative claim alleging injury –a chronic urinary tract infection, alleged to result from the VA hospital's failure to properly monitor him. Eleven months later the plaintiff sough to amend his lawsuit by alleging a spinal injury alleged to be caused by the hospital's negligent administration of anesthesia. Thus, the plaintiff complained of one injury–chronic urinary tract infect–due to failure to monitor, in his administrative claim, and then sought to amend his lawsuit to include an entirely different injury–spinal injury–resulting from negligent administration of anesthesia. The spinal injury had nothing to do with the urinary tract infection, and the urinary tract infection had nothing to do with the spinal injury, and indeed the plaintiffs did not even allege that there was any relation. Neither the two injuries or their alleged causes were related in any way, aside from the fact that they both occurred while the plaintiff was a patient at the VA. Thus the anesthesia claim in Portillo was properly dismissed because an administrative claim alleging a urinary tract infection due to a failure to monitor did not put the government on notice of any facts that would have led it to investigate a separate incident–the administration of anesthesia, and a separate injury to the patient's spine. The instant case does not present the "apples and oranges" scenario as existed in *Portillo*. There is but a single incident and injury alleged by the claimants in this case–the damage resulting from the destruction of the New Orleans metropolitan area by flood water. That the *theory* of EBIA involvement was not set forth with specificity in the original Form 95's should not result in dismissal. It is error for the Court to require that a ground of liability cannot be maintained unless

---

[2]*In re Katrina Canal Breaches Consol. Litig.* ,05-4182, 2008 WL 4449970 (E.D. La. Sept. 29, 2008) (Duval, J.)

factual elements uniquely related to that *theory* were first presented in the administrative claim.[3] The plaintiffs administrative claims apprise the United States of the plaintiffs' claims for damages arising from flood waters due to the negligence of the United States Army Corps of Engineers with regard to the construction and maintenance of the MR-GO, as well as levees and floodwalls. Such a claim brought to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability, and the Government's investigation of those claim should have revealed theories of liability other than those specifically enumerated therein, such as the EBIA theories advanced by plaintiffs in Court Three, and should properly be considered part of the claim. The Government's motion should be denied.

The same arguments hold true for the Intervenors. If their amended Form 95's state new injuries, new incidents, and thus new claims rather than additional theories sufficient to enable it thoroughly to investigate its potential liability, then the filing of those new claims more than two years after accrual would be fatal. But they are not new injuries, incidents, and claims. Rather they are additional theories of liability that the Government's investigation of the administrative claims should have revealed.

The plaintiffs have turned the "square corners" that are necessary as observed by Justice Holmes. They have asserted their administrative claims that have brought to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability. They have

---

[3]*See Johnson v. United States,* 788 F.2d 845 (2nd Cir. 1986); *See also, Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) ( "[The statutory purpose of requiring an administrative claim] will be served as long as a claim brings to the Government's attention ***facts sufficient to enable it thoroughly to investigate its potential liability*** and to conduct settlement negotiations with the claimant. Accordingly, we think that if the Government's investigation of Rise's claim ***should have revealed theories of liability other than those specifically enumerated therein***, those theories can properly be considered part of the claim.") (***emphasis added***).

stated the basic elements of notice of incident, the injury suffered, and a sum certain representing damages. As Justice Holmes has also observed, "courts are apt to err by sticking too closely to the words of a law where those words import a policy that goes beyond them."[4] The statutory purpose of requiring an administrative claim is to bring to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant. To read the FTCA as requiring the administrative claim to state all *theories* that are alleged to give rise to the same injury goes beyond the purpose of the Act. The motion to dismiss must be denied.

## CONCLUSION

For all of the above and foregoing reasons, the Government's Motion to Dismiss should be denied.

Respectfully Submitted,

APPROVED PLAINTIFFS LIAISON COUNSEL


s/ Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
LA Bar Roll Number: 3604
DAVID S. SCALIA
LA Bar Roll Number 21369
Law Offices of Joseph M. Bruno.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

---

[4] *Olmstead v. United States*, 277 U.S. 438, 469 (1928) (Holmes, J., dissenting).

MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE

s/ James Parkerson Roy_____
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE
Jonathan Andry
Clay Mitchell
Pierce O'Donnell
James Parkerson Roy

**CERTIFICATE OF SERVICE**

      I hereby certify that this pleading has been served upon all parties via the Courts CM/ECF system on this \_\_3_____ Day of December, 2009.

      **s/ Joseph M. Bruno**