

Not Reported in F.Supp., 1995 WL 328158 (E.D.La.)
 **(Cite as: 1995 WL 328158 (E.D.La.))**

**H**Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
NEWPORT LIMITED a Partnership in Commendam
v.
SEARS, ROEBUCK & COMPANY.
**Civ. A. No. 86-2319.**

May 30, 1995.

DUVAL, District Judge.

**\*1** A Motion in Limine to Exclude Expert Testimony of Dr. Michael Conte was filed by Sears, Roebuck & Co. ("Sears") and came for hearing on May 12 and 19, 1995. Having conducted this two day hearing brought pursuant to Fed.R.Evid. 104(a), having listened to the testimony of numerous witnesses, and having reviewed voluminous exhibits, memoranda and the law, the Court finds that under the standards set forth in *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S.C ----, 113 S.Ct. 2786 (1993), and for the reasons set forth below, Dr. Conte shall be allowed to testify concerning his opinion with respect to "lost profits" provided, however, that prior to his taking the stand, the Court is satisfied that there is sufficient evidence to support the bulk of the major assumptions underlying the model used as required under Fed.R.Evid. 703 and 705. M. Graham, *Federal Practice and Procedure § 6651 at 279-81* and § 6671 at 339 (if testimony or evidence reveals that expert's bases for his opinion is inadequate, expert's opinion should be stricken as based upon conjecture or speculation).

Dr. Conte, an expert hired by Newport Limited, a Partnership in Commendam ("Newport") has used a multiple regression model to calculate the absorption rate for industrial park property of the type at issue herein to determine the lost profits that Newport has allegedly sustained. Sears moved the Court to exclude this testimony claiming that under the standards set forth in *Daubert* as well as Fed.R.Evid. 403, 702 and 703, Dr. Conte should not testify.

Federal Rule of Evidence 702 provides that:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

Thus, the first line of inquiry is whether Dr. Conte is qualified to testify. Dr. Conte holds a Ph.D. in

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 328158 (E.D.La.)
 **(Cite as: 1995 WL 328158 (E.D.La.))**

economics and has had a distinguished and long career as such. He is imminently qualified to testify with respect to lost profits with his background. As with any expert, he had to rely on data developed by other persons knowledgeable in a particular area-for instance James Thorns concerning real estate prices in New Orleans. This fact does not diminish his expertise.

The second question for the Court is the reliability of his report and opinion. This issue is the gravamen of the Rule 104(a) hearing. The Court is convinced that the multiple regression analysis in calculating the absorption rate of industrial park property employed by Dr. Conte is a valid method to determine lost profits.

*Daubert* suggests the following non-exclusive list of factors that the Supreme Court found to be helpful in the determination of the reliability of a particular methodology:

1. whether the hypothesis can be (and has been) tested;

2. whether the methodology has been subject to peer review and publication;

**\*2** 3. the frequency by which the methodology leads to erroneous results;

4. the existence and maintenance of standards controlling the technique's operation; and

5. whether the methodology has been generally accepted in the scientific community.

 *Daubert,* 509 U.S. at ---- - ----, 113 S.Ct. at 2796-97. Multiple regression analysis is an appropriate methodology to determine the absorption rate of land because it is a viable method to attain simultaneous control of variables and give each characteristic the weight it deserves. This method of analysis and its use by an economist has been recognized even by the Federal Judicial Center in its *Reference Manual on Scientific Evidence* at 439 (West 1994). Thus, the method is not suspect.

While there are no specific publications dealing with the absorption rate of industrial park land allowing for peer review, the multiple regression use in general has been subject to peer review and is widely accepted. With respect to the methodology leading to erroneous results, as long as the assumptions are proper, this methodology provides valid analysis. Certainly there are standards that exist and are maintained to control the technique's operation, and multiple regression has been generally accepted in the scientific community. The Court finds that ample evidence was received to find under *Daubert* that the methodology was proper.

In so far as multiple regression analysis is suitable to aid in determining lost profits in the context of real estate, even though it may not have been used in the context of industrial park real estate before, it has often been used to calculate lost profits in other instances. The Court was presented with no compelling evidence to indicate that the methodology is not equally applicable here.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 328158 (E.D.La.)
 **(Cite as: 1995 WL 328158 (E.D.La.))**

Furthermore, the Court does not believe that Dr. Conte's opinion should be excluded on the basis of Conte's use of the national statistics with respect to real estate absorption in industrial parks. Dr. Conte's choice is within his expertise, and the validity of that choice may be attached on cross-examination and in the testimony of Sears' experts. Likewise, the use of New Orleanian price factors was amply supported to the Court. The proper use for these arguments goes to the weight the jury should give this testimony.

Also, the Court believes that Dr. Conte's analysis may ultimately aid the trier of fact. This methodology can provide a valid analysis with respect to calculating lost profits from a real estate deal gone bad as long as the assumptions upon which it is based have some basis in reality-in particular and not exclusively:

1) whether the Newport facilities could be used as a deep river port;

2) whether there would be rail access to the facility;

3) whether there would be access to interstate facilities; and

4) whether there would be dock facilities; and

5) whether the grants were going to happen.

This list brings the Court to the issue of "how high a threshold for reliability" is required to allow the use of this opinion testimony. *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 743 (3rd Cir.1994).

**\*3** *Daubert* holds that admissibility under Rule 702 is governed by Rule 104(a), which requires the judge to conduct preliminary factfinding, to make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid,' and thus enables the judge to exclude evidence presented in plaintiffs' *prima facie* case."

*Id.* As noted at the outset, where the underlying bases for an opinion are ephemeral, the Court can exclude the testimony under Fed.R.Evid. 705. In *In re Agent Orange Product Liability Litigation,* 611 F.Supp. 1223, 1245 (E.D.N.Y.1985), *aff'd.* 818 F.2d 187 (2d Cir.1987), *cert. denied* 487 U.S. 1234, 108 S.Ct. 2898, 101 L.Ed.2d 932 (1988), the court stated "[i]f the underlying data are so lacking in probative force and reliability that no reasonable expert could base an opinion on them, an opinion which rests entirely upon them must be excluded." Likewise, the Fifth Circuit in *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106 (5th Cir.1991), found that an opinion which was based on critically incomplete or grossly inaccurate data was properly excluded under Fed.R.Evid. 703. The court opined:

Although this rule is primarily directed toward permitting an expert to base his opinion on hearsay or otherwise inadmissible sources, ..., the inquiry into the "types" of "facts and data" underlying an expert's testimony is not limited to the admissibility of that data. District judges may reject

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1995 WL 328158 (E.D.La.)
 **(Cite as: 1995 WL 328158 (E.D.La.))**

opinions founded on critical facts that are plainly untrustworthy, principally because such an opinion cannot be helpful to the jury.

*Id.* at 1114 (emphasis added).

As noted in *Federal Practice and Procedure* with respect to a Rule 703 inquiry, "[i]n determining whether reliance by the expert is reasonable, the proponent of the evidence must satisfy the court, both that such items are of the type customarily relied upon by experts in the field and that such items are sufficiently trustworthy to make such reliance reasonable." M. Graham, *Federal Practice and Procedure § 6651 at 281* (emphasis added). Some outside facts and data may be too speculative or too uncertain to form the basis of an opinion. *Brown v. Parker-Hannifin Corp., 919 F.2d 308 (5th Cir.1990)* (expert testimony barred re failure of coupling which expert never saw, was ignorant of installation and condition of coupling and never ran tests of it); *United States v. Triplett, 922 F.2d 1174 (5th Cir.1991)* (permissible to bar expert testimony that accused would not have set fire in state of rage induced by drugs since speculative).

The Court was not satisfied in the hearing that certain of the underlying assumptions-access to railroads, Interstate Highways, waterways, grants, dock facilities and the like-were present. Furthermore, the Court believes that Newport could not be expected to demonstrate the true viability of these assumptions in the context of a *Daubert* hearing; indeed, the matter of damages would have then been tried twice. Instead, the Court will require that Newport satisfy the Court of a significant number of these factors prior to Dr. Conte taking the stand.

**\*4** The Court will not allow this expert testimony if the evidence demonstrates that the assumptions used to determine the real estate absorption rate of this property were indeed those of a "mythical industrial park." It is for these reasons that the Court is compelled to require that Newport establish sufficient evidence with respect to these assumptions prior to Dr. Conte's testifying. If Newport fails to do so, Dr. Conte's opinion will be excluded. Accordingly,

IT IS ORDERED that Sear's Motion to Exclude is DENIED without prejudice at this time with the proviso that it may be reurged solely on the grounds cited above prior to Dr. Conte taking the stand.

E.D.La.,1995.
Newport Ltd. v. Sears, Roebuck & Co.
Not Reported in F.Supp., 1995 WL 328158 (E.D.La.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



Date of Printing: Dec 01, 2009

### KEYCITE

**H** **Newport Ltd. v. Sears, Roebuck & Co.,** **1995 WL 328158 (E.D.La.,May 30, 1995) (NO. CIV.A. 86-2319)**

#### History

#### Direct History

=>      1 **Newport Ltd. v. Sears, Roebuck & Co.,** 1995 WL 328158 (E.D.La. May 30, 1995) (NO. CIV.A. 86-2319)

#### Related References

**H**      2 Newport Ltd. v. Sears Roebuck & Co., 1986 WL 11182 (E.D.La. Sep 30, 1986) (NO. CIV.A. 86-2319)

**H**      3 Newport Ltd. v. Sears, Roebuck & Co., 1987 WL 25128 (E.D.La. Nov 19, 1987) (NO. CIV.A. 86-2319)

**H**      4 Newport Ltd. v. Sears, Roebuck & Co., 1988 WL 47860 (E.D.La. May 13, 1988) (NO. CIV.A. 86-2319)

**H**      5 Newport Ltd. v. Sears, Roebuck & Co., 1989 WL 30261 (E.D.La. Mar 28, 1989) (NO. CIV.A. 86-2319)

         6 Newport Ltd. v. Sears, Roebuck & Co., 739 F.Supp. 1078, RICO Bus.Disp.Guide 7841 (E.D.La. May 21, 1990) (NO. CIV. A. 86-2319)
                  *Order Vacated by*

         7 Newport Ltd. v. Sears, Roebuck and Co., 941 F.2d 302, RICO Bus.Disp.Guide 7842 (5th Cir.(La.) Aug 26, 1991) (NO. 90-3559)
                  *Rehearing Denied by*

**H**      8 Newport Ltd. v. Sears, Roebuck and Co., 946 F.2d 893 (5th Cir.(La.) Sep 24, 1991) (Table, NO. 90-3559)
                  *AND Certiorari Denied by*

© 2009 Thomson Reuters. All rights reserved.

9 Newport Ltd. v. Sears, Roebuck & Co., 502 U.S. 1096, 112 S.Ct. 1175, 117 L.Ed.2d 420, 60 USLW 3482, 60 USLW 3569, 60 USLW 3578 (U.S.La. Feb 24, 1992) (NO. 91-1044)

*AND On Remand to*

10 Newport Ltd. v. Sears, Roebuck and Co., 1992 WL 245557 (E.D.La. Sep 09, 1992) (NO. CIV. A. 86-2319)

*Decision Reversed by*

11 Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d 1058 (5th Cir.(La.) Oct 29, 1993) (NO. 92-3832)

*Suggestion for Rehearing en Banc Denied by*

12 Newport Ltd. v. Sears, Roebuck & Co., 15 F.3d 1081 (5th Cir.(La.) Feb 01, 1994) (Table, NO. 92-3832)

*AND Certiorari Denied by*

13 Sears, Roebuck and Co. v. Newport Ltd., 512 U.S. 1221, 114 S.Ct. 2710, 129 L.Ed.2d 836, 62 USLW 3837, 62 USLW 3842 (U.S. Jun 20, 1994) (NO. 93-1741)

*AND On Remand to*

14 Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 626188 (E.D.La. Oct 24, 1995) (NO. CIV. A. 86-2319)


15 Newport Ltd. v. Sears, Roebuck & Co., 937 F.2d 605 (5th Cir.(La.) Jul 10, 1991) (Table, NO. 90-3559)

*Order Supplemented by*

16 Newport Ltd. v. Sears, Roebuck and Co., 941 F.2d 302, RICO Bus.Disp.Guide 7842 (5th Cir.(La.) Aug 26, 1991) (NO. 90-3559)

*Rehearing Denied by*

17 Newport Ltd. v. Sears, Roebuck and Co., 946 F.2d 893 (5th Cir.(La.) Sep 24, 1991) (Table, NO. 90-3559)

*AND Certiorari Denied by*

18 Newport Ltd. v. Sears, Roebuck & Co., 502 U.S. 1096, 112 S.Ct. 1175, 117 L.Ed.2d 420, 60 USLW 3482, 60 USLW 3569, 60 USLW 3578 (U.S.La. Feb 24, 1992) (NO. 91-1044)

*AND On Remand to*

19 Newport Ltd. v. Sears, Roebuck and Co., 1992 WL 245557 (E.D.La. Sep 09, 1992) (NO. CIV. A. 86-2319)

*Decision Reversed by*

20 Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d 1058 (5th Cir.(La.) Oct 29, 1993) (NO.

© 2009 Thomson Reuters. All rights reserved.

92-3832)

*Suggestion for Rehearing en Banc Denied by*

**H** [21](#) Newport Ltd. v. Sears, Roebuck & Co., 15 F.3d 1081 (5th Cir.(La.) Feb 01, 1994) (Table, NO. 92-3832)

*AND Certiorari Denied by*

**H** [22](#) Sears, Roebuck and Co. v. Newport Ltd., 512 U.S. 1221, 114 S.Ct. 2710, 129 L.Ed.2d 836, 62 USLW 3837, 62 USLW 3842 (U.S. Jun 20, 1994) (NO. 93-1741)

*AND On Remand to*

**H** [23](#) Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 626188 (E.D.La. Oct 24, 1995) (NO. CIV. A. 86-2319)

**H** [24](#) Newport Ltd., Etc. v. Sears, Roebuck & Co., 1990 WL 71411 (E.D.La. May 21, 1990) (NO. CIV. A. 86-2319)

**H** [25](#) Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 295297 (E.D.La. May 11, 1995) (NO. CIV.A. 86-2319)

**H** [26](#) Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 354846 (E.D.La. Jun 12, 1995) (NO. CIV. A. 86-2319)

**H** [27](#) Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 688799 (E.D.La. Nov 21, 1995) (NO. CIV. A. 86-2319)

**H** [28](#) Newport Ltd. v. Sears, Roebuck & Co., 1995 WL 758941 (E.D.La. Dec 21, 1995) (NO. CIV. A. 86-2319)

## Court Documents

### Dockets (U.S.A.)

**E.D.La.**

[29](#) NEWPORT LTD L L C, ET AL v. SEARS ROEBUCK & CO, NO. 2:86CV02319 (Docket) (E.D.La. Jun. 03, 1986)

© 2009 Thomson Reuters. All rights reserved.



Date of Printing: Dec 01, 2009

**KEYCITE**

H **Newport Ltd. v. Sears, Roebuck & Co.,** 1995 WL 328158 (E.D.La. May 30, 1995) (NO. CIV.A. 86-2319)

**Citing References**

**Secondary Sources (U.S.A.)**

1 Daniel's Georgia Handbook on Criminal Evidence s 7:9, Testimony of experts--Rule 702 (2009)

C 2 THE DAUBERT PUZZLE, 32 Ga. L. Rev. 699, 782+ (1998)

3 HOW TO WIELD THE BIG STICK PRACTICAL CONCERNS FACED IN ADDRESSING CERTAIN "DAUBERT' ISSUES, 4/17/2000 N.Y. L.J. S3, col. 1, S3, col. 1 (2000)

4 EXPERT TESTIMONY AND "DAUBERT' BEYOND SCIENCE, 2/11/98 N.Y. L.J. 3, col. 1, 3, col. 1 (1998)

C 5 THE DYNAMICS OF DAUBERT: METHODOLOGY, CONCLUSIONS, AND FIT IN STATISTICAL AND ECONOMETRIC STUDIES, 87 Va. L. Rev. 1933, 2017 (2001)

6 CASES REFERRED TO IN DAUBERT UPDATE LECTURE, SC57 American Law Institute-American Bar Association 63 (1998)

7 13 BNA Toxics Law Reporter 374, HEDONIC MODELS OF DIMINISHED PROPERTY VALUES: PROOF THAT PROCRUSTES LIVES (1998)

**Court Documents**

**Appellate Court Documents (U.S.A.)**

**Appellate Briefs**

8 Deborah J. NEWMAN and Terry Newtman, Appellants, v. FORD MOTOR COMPANY, Respondent., 1998 WL 34348448, *34348448+ (Appellate Brief) (Mo. Mar 05, 1998) **Appellants' Answer & Reply** (NO. SC80523) ★ ★

© 2009 Thomson Reuters. All rights reserved.

### Trial Court Documents (U.S.A.)

**Trial Motions, Memoranda and Affidavits**

9 STEWART LUBRICANTS & SERVICE COMPANY, INC., et al., Plaintiffs, v. CASTROL INDUSTRIAL NORTH AMERICA, INC., Defendant., 2003 WL 25676080, *25676080 (Trial Motion, Memorandum and Affidavit) (N.D.Ala. Mar 03, 2003) **Motion in Limine and Supporting Memorandum of Law to Exclude the Testimony of Wray Pearce** (NO. CV-00-BE-2845-S) ★ ★

10 OLD REPUBLIC INSURANCE COMPANY, Plaintiff, v. NESS, Motley, Loadholt, Richardson & Poole, P.A.; Motley Rice, L.L.C.; Mrrm, P.A.; Richardson, Patrick, Westbrook & Brickman, L.L.C.; H. Blair Hahn; Michael J. Brickman; Terry E. Richardson, Jr.; Interclaim Holdings, Ltd.; Interclaim Recovery, Ltd.; and Twin City Fire Insurance Company, Defendants., 2005 WL 3286416, *3286416 (Trial Motion, Memorandum and Affidavit) (N.D.Ill. Oct 19, 2005) **Old Republic's Response in Opposition to Twin City and Ness Motley's Motion to Bar Expert Testimony of George Collins** (NO. 103-CV-05238) ★

11 SHADOW LAKE MANAGEMENT COMPANY, INC. and Relais Esplanade L.L.C., v. LANDMARK AMERICAN INSURANCE COMPANY., 2008 WL 2539750, *2539750 (Trial Motion, Memorandum and Affidavit) (E.D.La. May 17, 2008) **Memorandum in Support of Defendant's Motion in Limine to Exclude the Testimony and Expert Reports of William G. Rake** (NO. 06-4357, 06-4358, 06-4359, 06-4360, 06-4428) ★ ★

12 BEECHGROVE REDEVELOPMENT PHASE II, L.L.C., et al, v. LANDMARK AMERICAN INSURANCE COMPANY, et al., 2007 WL 4899670, *4899670 (Trial Motion, Memorandum and Affidavit) (E.D.La. Dec 28, 2007) **Memorandum in Support of Motion in Limine to Exclude Expert Testimony/Report and Sworn Proofs of Loss** (NO. 06-4369, 06-7392, 06-7662) ★ ★

13 PLAQUEMINES PARISH LAW ENFORCEMENT DISTRICT, as operator of Plaquemines Parish Sheriff's Detention Center, v. RSUI INDEMNITY COMPANY AND LANDMARK AMERICAN INSURANCE COMPANY., 2007 WL 4545240, *4545240 (Trial Motion, Memorandum and Affidavit) (E.D.La. Nov 30, 2007) **Reply Memorandum in Support of Motion to Exclude Expert Testimony and Reports** (NO. 06-11368) ★ ★

14 PLAQUEMINES PARISH LAW ENFORCEMENT DISTRICT, as operator of Plaquemines Parish Sheriff's Detention Center, v. RSUI INDEMNITY COMPANY and Landmark American Insurance Company., 2007 WL 4545231, *4545231 (Trial Motion, Memorandum and Affidavit) (E.D.La. Nov 13, 2007) **RSUI Indemnity Company and Landmark American Insurance Company's Memorandum in Support of Motion to Exclude Expert Testimony and Reports** (NO. 06-11368) ★ ★

© 2009 Thomson Reuters. All rights reserved.

15 Sady CHIRINOS, v. DEEP SOUTH TOWING, INC., 2005 WL 2141284, *2141284 (Trial Motion, Memorandum and Affidavit) (E.D.La. Jul 27, 2005) **Supplemental Memorandum in Support of Motion in Limine to Exclude the Testimony and Expert Report of C.W. Jordan** (NO. 04-0589) ★★

16 Mark P. STEWART and Louise R. Stewart, v. BELLSOUTH TELECOMMUNI-CATIONS, INC. Bellsouth Advertising & Publishing Corporation, and L. M. Berry and Company, d/b/a the Berry Company., 2003 WL 23895083, *23895083+ (Trial Motion, Memorandum and Affidavit) (E.D.La. Jun 18, 2003) **Bellsouth Defendants' Reply Memorandum Supporting Motion in Limine to Exclude Expert Testimony of John Theriot** (NO. 02-1789) ★★

17 Dr. George PHOTIAS, Plaintiff, v. Dr. Stephen GRAHAM, Defendant., 1999 WL 34797767, *34797767 (Trial Motion, Memorandum and Affidavit) (D.Me. Apr 06, 1999) **Defendant Stephen Graham's Motion in Limine and Incorporated Memorandum of Law to Exclude the Report and Testimony of Plaintiff's Damages Expert, Paul Grier Pursuant Rules 702 and 403 of the Federal ...** (NO. 98-70-B) ★★

18 POINT PRODUCTIONS A.G., Plaintiff, v. SONY MUSIC ENTERTAINMENT INC., Defendant-Counterclaimant, v. Phonomatic Group, A.G. and Wilhelm F. Mittrich, Additional Defendants on the Counterclaims., 2003 WL 23671593, *23671593+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. May 23, 2003) **Memorandum of Law in Opposition to Motion of Sony Music Entertainment Inc. to Preclude Testimony of Proposed Expert Witness** (NO. 934001, NRB) ★★

19 POINT PRODUCTIONS A.G., Plaintiff, v. SONY MUSIC ENTERTAINMENT INC., Defendant-Counterclaimant; v. Phonomatic Group, A.G. and Wilhelm F. Mittrich, Additional Defendants on the Counterclaims., 2003 WL 23951740, *23951740+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. May 23, 2003) **Memorandum of Law in Opposition to Motion of Sony Music Entertainment Inc. to Preclude Testimony of Proposed Expert Witness** (NO. 934001, NRB) ★★

20 In re BLECH SECURITIES LITIGATION. This Document Relates to: All Actions., 2003 WL 23671627, *23671627+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Feb 12, 2003) **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions in Limine to Exclude the Opinions of Plaintiffs' Damage Expert Blaine F. Nye** (NO. 947696, RWS) ★★

21 In re BLECH SECURITIES LITIGATION. This Document Relates to: All Actions., 2003 WL 25581668, *25581668+ (Trial Motion, Memorandum and Affidavit) (S.D.N.Y. Feb 12, 2003) **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions in Limine to Exclude the Opinions of Plaintiffs' Damage Expert Blaine F. Nye** (NO. 947696, RWS) ★★

22 Larry and Joann LONGSTREATH, Individuals, Plaintiffs, v. EXPLORER TRANSPORT, INC., a Canadian Corporation Case Edina Churchill, an Individual Anatoliy Polyakov d/b/a XL Freight Pro, Iurie Pavlenco, an Individual, Defendants.,

© 2009 Thomson Reuters. All rights reserved.

2007 WL 4911111, *4911111 (Trial Motion, Memorandum and Affidavit) (D.Wyo. Apr 06, 2007) **Brief in Support of Motion to Strike Certain Experts** (NO. 06-CV-114D) ★★

23 Mallie A. ZICKEFOOSE Plaintiff, v. SMITH'S FOOD & DRUG CENTERS, INC., A Delaware Corporation Defendant., 2003 WL 24089500, *24089500 (Trial Motion, Memorandum and Affidavit) (D.Wyo. Dec 17, 2003) **Defendant's Motion to Strike Expert Witness** (NO. 03-CV-167D) ★★

© 2009 Thomson Reuters. All rights reserved.