UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____ | § | |

**United States' Opposition to Plaintiffs' Motion for a New Trial**

Their arguments during trial and extensive post-trial briefing having been rejected, Plaintiffs now attempt to resurrect their rebuffed claim that the MRGO was a substantial factor in the destruction of the Lower Ninth Ward Franz home. The Court's determination of that issue, however, could not have a more solid factual and legal foundation.

The 19-day trial raised perhaps hundreds of disputed facts, but Plaintiffs' Motion for a New Trial attempts to upset the Court's finding on one of the very few issues about which there was universal *agreement*—that the MRGO did not cause the breaches on the east side of the IHNC which flooded the Lower Ninth Ward. It was also undisputed that the water from the IHNC flooded the Lower Ninth

1

Ward before the water emanating from the breaches along Reach 2 of the MRGO traversed westerly across the St. Bernard Parish reaching the Lower Ninth.  When the flood waters from the Reach 2 breaches reached the Franz home, 6 feet of water had already destroyed it.

Timing is everything.  The MRGO cannot be a substantial factor in destruction, due to a separate cause, that already happened.

Although this point is clear, the law surrounding proximate causation is not.  "There is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion." *Prosser and Keeton on Torts*, § 41 (5th ed. 1984).  Plaintiffs' motion for a new trial dives into this thicket of confusing case law.  Plaintiffs' attempts to justify their untenable arguments in the morass of law surrounding the substantial-factor test demonstrates the weakness of their position.

To be a substantial factor, a cause must occur concurrently with another cause.  Here, they did not.  The MRGO is not a substantial factor in the destruction of the Franz home because earlier flooding from another source already destroyed the home beforehand.

The factual and legal bases for the Court's conclusion that the MRGO was not a substantial factor in the destruction of the Franz home are unassailable. The Court's conclusion is correct. Plaintiffs' attempt to relitigate this issue should therefore be rejected.

**1. Plaintiffs' motion for a new trial is a thinly-disguised attempt to rehash previously rejected arguments.**

A Rule 59(e)[1] motion directly questions the correctness of a judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Such a motion serves three purposes: (1) to show an intervening change in controlling law, (2) to present newly discovered evidence, or (3) to correct manifest errors of law or fact. *In re: Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4003023, at *2 (E.D. La. Aug. 28, 2008) (quoting *Washington v. CSC Credit Servs. Inc.,* 180 F.R.D. 309, 311 (E.D. La. 1998)). A Rule 59(e) motion is not a means by which a party can reassert legal theories or arguments that should have been raised before the judgment. *Templet*, 367 F.3d at 479. Nor is it a

---

[1] Whether Plaintiffs' motion is based on Rule 59(e) or Rule 59(a) is unimportant. *Hutches v. Renfroe*, 200 F.2d 337, 341 (5th Cir. 1953).

3

vehicle to challenge matters resolved to the movant's dissatisfaction.  *In re: Katrina*, 2008 WL 4003023 at *2.   Reconsideration of a judgment is "an extraordinary remedy that should be used sparingly." *Id.* "It is within the district court's discretion whether to open a case under [Rule 59(e)]." *Weber v. Roadway Express*, 199 F.3d 270, 276 (5th Cir. 2000).

Plaintiffs bring nothing new in this motion. The court has seen everything Plaintiffs now present before; they present neither new law nor evidence. The Court specifically asked the parties to address the issue of how it was "supposed to allocate damages in . . . the 9th Ward, since there would have been flooding regardless of the MRGO." R.D. 18842. Plaintiffs specifically answered this question in an appendix to their post-trial brief. R.D. 19202, Plt. Post-Trial Brief, app. A. 15-21. They also addressed it in the post-trial brief itself. *Id.* at 64-65.

The Court considered and rejected Plaintiffs' contentions. R.D. 19414-1, Findings of Fact and Conclusions of Law, at 153. Plaintiffs' current motion for a new trial simply attempts to recycle these unsuccessful arguments. Such re-hashing is improper in a Rule 59(e) motion. It is not a vehicle for re-litigation and for that reason alone

4

Plaintiffs' Motion for a New Trial should be denied.

**2. The Court's determination that Franz home was destroyed before the flood waters from the MRGO reached the property is supported by the uncontroverted testimony of multiple experts on both sides.**

As the Court is well aware, there was no shortage of factual disputes that arose during trial, but that the MRGO had nothing to do with the destruction of the Franz home was not one of them. Only a few uncontroverted facts need be recited to show the unassailable basis for this conclusion:

- The north and south breaches on the east side of the IHNC would have occurred regardless of any influence by the MRGO. TT 1225:23-1226:11 (Bea); *Polder Flood Simulations For Greater New Orleans: The Neutral MRGO Scenario* (PX 105) 39, *Expert Report of Bruce A. Ebersole* (JX-0211) 154-55.

- The water that emanated from the north and south breaches flooded the Franz home and by 9:00 a.m., there was at least six feet of water in the home. *Hydrographs for Plaintiffs Properties*, (PX 1771) at 4; TT: 2738:19-2739:16 (Fitzgerald); *Expert Report of Steven Fitzgerald*, (PX 1487) at 22.

- At about 8:30 a.m., the water emanating from the breaches along Reach 2 of the MRGO overtopped the 40 Arpent levee. TT: 828:4-829:23 (Vrijling); TT 2742:15-25 (S. Fitzgerald).

5

- It took at least an hour for the flooding from Reach 2 to flow from the 40 Arpent line to the Franz home arriving, at the earliest, at (9:30 a.m. TT 2738:13-2739:16 (Fitzgerald); *Expert Report of Steven Fitzgerald*, (PX-1487) at 22; *Hydrographs for Plaintiffs Properties*, (PX 1771) at 4.

- The Franz home was a two-story house, with the living quarters on the second story. TT:574-75 (A. Franz).

Linked together, these facts show the progress of flooding around the Franz home, to which both parties agreed. The north and south breaches along the east wall of the IHNC rapidly flooded the Lower Ninth Ward, flooding the Franz home with about 6 feet of water just before 9:00 a.m. Meanwhile, the water from the overtopping and breaching along Reach 2 of the MRGO filled the entire Central Wetlands Unit and overtopped the 40 Arpent levee at 8:30 a.m. Those flood waters flowed east eventually to the Lower Ninth, where they reached the Franz home, at the earliest at 9:30 a.m., rapidly flooding the property to about 11 feet. Plaintiffs' and Defendant's hydrographs for the Franz home describe the rise in water almost identically. *Compare Expert Report of Steven Fitzgerald*, (PX 1487) at 22 *with Hydrographs for Plaintiffs Properties*, (PX 1771) at 4.

### 3. The substantial-factor test is to be applied to only to concurrent causes of an accident.

Generally, legal cause-in-fact is determined by a but-for inquiry. *Id.*; *LeJune v. Allstate Ins. Co.*, 635 So.2d 471, 477 (La. 1978). As Prosser explains, however, the but-for test fails in one situation: "when two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed." *Prosser and Keeton on Torts*, § 41. Under a but-for test, both causes could escape liability because the identical harm would have resulted. *Id.* The examples Prosser provides where the substantial-factor test is applicable demonstrate that the two causes must *concur* to bring about an event:

> Two motorcycles simultaneously pass the plaintiff's horse, which is frightened and runs away; either one alone would have caused the fright; A stabs C with a knife, and B fractures C's skull with a rock; either one alone would have been fatal, and C dies from the effects of both. The defendant sets a fire, which merges with a fire from some other source; the combined fires burn the plaintiff's property, but either one would have done it alone.

*Id.* (citations omitted). In these situations, it is immediately apparent that the causes concur to harm *simultaneously* (in the knife and rock

7

example, C was attacked by A and B at the same time). *Id.* (citing *Wilson v. State*, 24 S.W. 409 (Tex. Crim. App. 1893)). If the harm does not arise from concurrent causes, then there is no need to use the substantial-factor test; the harm from each cause can be analyzed separately under the but-for analysis. *See Louisiana Tort Law* § 4.03 (2009) ("It is suggested that Louisiana courts should continue to begin discussion with the 'but for' test. If the 'but for' test works to establish cause-in-fact the factfinder or judge should proceed to the other elements. . . .").

Louisiana courts have adopted Prosser's analysis and employed the substantial-factor test in situations where concurrent causes combine to cause the same accident. *See, e.g.*, Bonin v. Ferrellgas, Inc., 877 So.2d 89, 94 (La. 2004); *LeJune*, 635 So.2d at 477; *Boykin v. Louisiana Transit. Co.,* 707 So.2d 1225, 1230 n. 10 (La. 1998); *see In re: Katrina Canal Breaches Consl. Litig.,* No. 05-4182 2009 WL 1033783 (Apr. 15, 2009). For 30 years, the Louisiana Supreme Court has continually restated that causes must be concurrent to apply the substantial-factor test. The types of cases in which the Louisiana

Supreme Court has applied the substantial-factor test show, just as clearly as Prosser's examples, that multiple causes must concur to simultaneously cause harm to warrant the substantial-factor analysis.

The first type of case repeatedly analyzed by the supreme court with the substantial-factor test is a traffic accident allegedly caused by multiple causes.  *Lejune* is a prototypical example.  In *Lejune*, a hearse in a funeral cortege was hit in an intersection by a car which sped through a flashing-yellow light at an excessive speed, killing a passenger in the hearse.  365 So.2d at 474.  The trial court found three actors negligent: the driver of the car which struck the hearse; a deputy who should have been stationed at the intersection to escort the cortege through the intersection without it having to stop; and the driver of the hearse who noticed that the deputy had not secured the intersection, but nonetheless proceeded through a flashing-red light.  *Id.* at 473-74.  Applying a but-for causation, the trial court found that both drivers were causes of the accident, but that the deputy's negligence was not a cause-in-fact.  *Id.* at 474.  The court of appeals affirmed.  *Id.* at 475.

The supreme court reversed, finding that the substantial-factor test

9

should have been used to determine causation and that the deputy's failure to secure the intersection was a substantial factor in causing the accident. *Id.* at 476-77. Quoting Prosser, the court noted that the correct test for "two causes [that] concur to bring about an event," when either one would have been sufficient, is the substantial-factor test. *Id.* at 477.

More recently, the supreme court analyzed an accident using the substantial factor test in *Boykin*, where a pedestrian crossing the highway at an intersection was struck by a vehicle which ran a red light. 707 So.2d at 1226. The plaintiff urged two causes of the accident, the fault of the driver and the too-short cycle of the traffic signal set by the Department of Transportation which allegedly did not allow enough time for pedestrians to safely cross the highway. *Id.* The court again re-confirmed that the substantial-factor test was the proper test when there are "concurrent causes of an accident." *Id.* at 1230 n.10.

In a different factual scenario, the supreme court has twice evaluated multiple causes of a single fire using the substantial-factor test. *See Bonin*, 877 So.2d at 94; *Perkins v. Entergy Corp.*, 782 So.2d 606, 611

(La. 2001). In both cases, the court affirmed that the substantial-factor analysis should be used where there are concurrent causes of an accident, such that the but-for causation is improper. *Bonin*, 877 So.2d at 94; *Perkins*, 782 So.2d at 611.

The supreme court has continually insisted that the substantial-factor test apply to factual situations in which two or more causes concurrently cause the plaintiff's injury. Both the language the court has used and the factual scenarios to which it has applied the substantial-factor test hew very closely to Prosser's analysis. Traffic accidents, fires, and concurrent assaults are all the type of incidents where concurrent causes can combine to produce a singular effect. It is only in situations like these where there is concurrent, or simultaneous, harm from multiple causes does the substantial-factor test need be used over the general but-for causation test.

Plaintiffs' plea for the Court to ignore the requirement that multiple causes must inflict simultaneous harm in order for the substantial-factor test to be implicated is transparently feeble. *See* Plt. Mot. for New Trial at 12-13 (RD 19433). First, Plaintiffs ignore more than thirty

years of Louisiana Supreme Court precedent, which firmly establishes that concurrent causes are essential prerequisites for a substantial-factor analysis.  Second, Plaintiffs' proffered support for their position shows it to be little more than an unsubstantiated wish.  Plaintiffs cite *In re: Manguno* for the proposition that concurrent cause need not operate simultaneously.  In fact, this is exactly the opposite of what the court held.  *In re: Manguno* stemmed from damages resulting from lung cancer allegedly caused by exposure to asbestos.  961 F.2d 533 (5th Cir. 1992).  The plaintiffs argued that their smoking of cigarettes and asbestos exposure were concurrent causes of their lung cancer.  *Id.* at 534.  Despite the plaintiffs' concurrent-cause theory, the trial court instructed the jury to use but-for causation.  *Id.* at 535.  The court of appeals reversed, holding that it is "manifest a 'but for' definition of causation is inappropriate in a concurrent cause Louisiana tort action." *Id.*  The court noted that it had rejected but-for causation in cases alleging lung cancer from asbestos injuries because, under Louisiana law, "many factors or things or the conduct of two or more persons or companies may operate *at the same time either independently or*

*together* to cause injury and in such case may be a proximate cause." *Id.* (emphasis added). Plaintiffs' citation to *In re Manguno* for the proposition that concurrent causes need not act simultaneously is simply wrong.

The next citation in Plaintiffs' string is even more befuddling. In *Brantely v. Tremont Gulf Railway, Co.*, the plaintiff sued a railroad company for breaching an embankment which allowed minnows to escape from the plaintiff's pond. 75 So.2d 236 at 237. The defendant argued an act-of-god defense that harsh rains had caused the breach. *Id.* at 238. Rejecting that defense as "purely conjectural," the court found that the defendant's cutting of the bank and repair work caused the breach. *Id.* Thus, the case is but one of thousands where a court found legal cause-in-fact, or proximate causation, despite the fact that there may have been additional causes for the injury. Such is the case with almost every injury ever experienced; there is rarely but one sole cause, but the law usually finds only one legal cause-in-fact. Nowhere in the decision is the substantial-factor test even mentioned. How the case can be read to support the argument that concurrent causes need

13

not be simultaneous is beyond comprehension.

Plaintiffs' final citation for their argument that there is no concurrent requirement in the substantial-factor test is the *Restatement (Second) of Torts*. Plaintiffs extract the typical merging-fires example of concurrent causes. They quote, "[i]t is not necessary that the misconduct of the two or more tortfeasors be simultaneous." Plts. Mot. for New Trial (R.D. 19433-2) at 12 (quoting *Restatement (Second) of Torts* § 433A cmt. on Section 2). Applied to the merged fires example, this quote merely proves that the two fires need not be set at the same time. One tortfeasor could set a blaze that merges with a fire later-set by another tortfeasor. While focusing on the word "simultaneous" plaintiffs fail to recognize that it modifies a tortfeasor's "misconduct." The harm caused by two merged fires, on the other hand, naturally occurs simultaneously.

Plaintiffs offer no basis whatever for their claim that causes need not concurrently cause harm.

## 4. The substantial-factor analysis is inapplicable to the destruction of the Franz home because the causes were not concurrent. The but-for causation test is determinative that the cause of the destruction of the Franz home was the flood waters from the IHNC.

It is uncontroverted that the MRGO had no influence on the IHNC breaches that brought about 6 feet of water by 9:00 a.m. to the Lower Ninth Ward and destroyed the Franz home. It is further uncontroverted that the flood waters from the MRGO did not arrive until at least a half-hour later at 9:30. Under no reasonable analysis can two completely distinct causes of flooding be determined to be "concurrent" if they are separated by at least a half hour.

Because the damages to the Franz home did not occur concurrently, there is no basis for abandoning the but-for causation test. Having arrived at least a half-hour after the first floor of the Franz home was already destroyed by different flood waters, the flood waters from the overtopping and breaching of the MRGO cannot be determined to be the but-for cause of the destruction of the Franz home; the home would have been destroyed anyway.

Thus, the inescapable conclusion that the MRGO was not a

15

substantial factor in the IHNC breaches makes the determination of the cause of the destruction of the Franz home an easy one. Simple but-for causation suffices to resolve the question and the substantial-factor analysis is unnecessary and, indeed, inappropriate. Plaintiffs' perversion of the substantial-factor analysis gets them nowhere. The but-for analysis is determinative.

## Conclusion

For the reasons stated and upon the authorities cited, Plaintiffs' Motion for a New Trial should be denied.

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General

        PHYLLIS PYLES
        Director, Torts Branch

        JAMES G. TOUHEY, JR.
        Assistant Director, Torts Branch

        ROBIN D. SMITH
        Senior Trial Counsel, Torts Branch

        <u>s/ John A. Woodcock</u>
        John A. Woodcock
        Trial Attorney, Torts Branch
        Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station
        P.O. Box 888
        Washington, D.C. 20044
        (202)-616-4400 / (202)-616-5200 (fax)
        Attorney for the United States

Date: December 15, 2009