UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE:   KATRINA CANAL BREACHES                    CIVIL ACTION
         CONSOLIDATED LITIGATION
                                                   NO. 05-4182

FILED IN: 05-4181, 05-4182, 05-4191, 05-4568, 05-5237,    SECTION "K"(2)
          05-6073, 05-6314, 05-6324, 05-6327, 05-6369,
          06-0020, 06-1885, 06-0225, 06-0886, 06-11028,
          06-2278, 06-2287, 06-2346, 06-2545, 06-3529,
          06-4065, 06-4389, 06-4634, 06-4931, 06-5032,
          06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
          06-5771, 06-5786, 06-5937, 06-7682, 07-0206,
          07-0647, 07-0993, 07-1284, 07-1286, 07-1288,
          and 07-1289

PERTAINS TO: LEVEE


## ORDER AND OPINION

Before the Court is the "Motion to Dismiss The Sewerage and Water Board Without Prejudice" filed on behalf of the LEVEE PSLC (Doc. 19275). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

### BACKGROUND

The Corrected Restated Levee Master Consolidated Class Action Complaint (Doc. 7571) names, among other defendants, the Sewerage and Water Board of New Orleans ("SWB") and alleges, in general, that the negligence of the SWB caused the breach of the 17th Street Canal ("Canal") levee and floodwall. Specifically, plaintiffs alleged that the SWB acted negligently in failing to properly design and construct the 17th Street Canal levee and floodwall, in rejecting the

"Barrier Plan," and in failing to take measures to remedy underseepage from the Canal or to report underseepage from the Canal to other authorities. Additionally, plaintiffs alleged that the SWB acted negligently in the following respects related to dredging of the Canal: 1) having the Canal dredged to a depth lower than the sheet piles on the Orleans Parish side of the Canal; 2) having the Canal dredged on only the Orleans Parish side of the Canal; 3) having the Canal dredged in an "offset" manner resulting in dredging too close to the Orleans Parish side of the Canal; and 4) having the Canal dredged in a manner that compromised the safety of the Canal and its flood walls.

The SWB filed a motion for summary judgment seeking dismissal of all of plaintiffs' claims pending against it. (Doc. 16843). The Court denied the SWB's motion to the extent that it sought summary judgment on plaintiffs' claims that the SWB acted negligently with respect to the dredging of the Canal but granted the motion in all other respects. (Doc. 18765).

Plaintiffs now seek to dismiss, without prejudice, their remaining claims against the SWB.

LAW AND ANALYSIS

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court has discretion to dismiss plaintiff's claims without prejudice. 9 C. Wright & A. Miller, *Federal Practice and Procedure*, §2364 at 458 (2008). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elabor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (internal quotation and citation omitted).

In analyzing a Rule 41(a)(2) motion, a district court should first inquire:

> whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some

2

> evidence of abuse by the movant grant the motion. If the district court concludes that granting of the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Id.* at 317-318. "The gain of a tactical advantage for the movants or the prospect of a second lawsuit do not constitute plain legal prejudice." *In the Complaint of TUG ROBERT J. BOUCHARD, INC.*, 2005 WL 2692655 *2 (E.D. La. June 30, 2008) (Vance, J.), citing *Phillips Illinois Central Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989), *Ikospentakis v. Thallasic Steamship Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990). Nor are allegations of forum shopping sufficient to constitute plain legal prejudice. *Id.* at *3, see *Brown v. Schlumberger Technology Corp.*, 2002 WL 550986 (E.D. La. April 11, 2007) (Vance, J.). "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Accident & Indemnity Company* v. *Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 2009).

The SWB contends that *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009) precludes dismissing plaintiffs' claims against the SWB. The Court disagrees. In *Brookshire Brothers*, the Fifth Circuit analyzed whether the district judge abused his discretion by declining to exercise supplemental jurisdiction over state law claims and remanding those claims to state court at a late stage in the proceedings. *Brookshire Brothers* did not involve a motion for voluntary dismissal. In examining a Rule 41(a)(1) motion, the critical inquiry is whether the defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elabor v. Tripath Imaging, Inc.*, 279 F.3d at 317. However, in determining whether to exercise discretion to decline to exercise supplemental jurisdiction over state law claims, a court must

3

examine the statutory factors of 28 U.S.C. §1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *Brookshire Brothers Holdings, Inc. v. Dayco Products, Inc.*, 554 F.3d at 602. Because the analytical framework applicable in *Brookshire Brothers* is not the same as that applied in assessing a Rule 41(a)(1) motion, *Brookshire Brothers* is not dispositive as it is factually and legally distinguishable.

The SWB correctly points out that at the time plaintiffs filed this motion, the docket sheet contained more than 19,200 documents and that more than one million pages of documentation had been produced in the litigation. However, those numbers do not accurately represent the role of the SWB in this matter. The docket sheet reflects <u>all</u> documents filed in this multi-faceted consolidated litigation, which has encompassed numerous sub-categories of litigation: 1) Levee, 2) MR. GO, 3) Responder, 4) St. Rita, 5) Barge, 6) Insurance, 7) Road Home, 8) Severed Mass Joinder, 9) Hurricane Legal Center; and 10) Dredging. The SWB does not specifically identify which entries on the docket sheet represent their exclusive efforts, nor does it indicate how many of the documents produced relate to the claims alleged against it. The SWB is not a defendant in all of these sub-categories, and even as to the Levee sub-category, the sub-category in which this motion is filed, it is the Court's considered opinion, having presided over all of the litigation since shortly after the filing of the lead case, that the SWB has not performed the yeoman task even with respect to the plaintiffs' claims in that sub-category. Thus, neither the size of the docket sheet nor the million plus pages of documents produced in this litigation are useful in assessing whether plaintiffs' motion should be granted.

Although some of the suits in this consolidated litigation have been pending more than four years, contrary to the SWB's assertion, the plaintiffs' motion does not come at a "late stage" with

respect to the proceedings involving the SWB. The case has not proceeded beyond the discovery stage and no trial date has been set for the claims against the SWB. The SWB implores the Court not to dismiss plaintiffs' claims against it without prejudice "prior to a potentially unfavorable ruling on class certification" and urges that the Court's decision denying plaintiffs' motion for class certification in the Barge subcategory "serves as a roadmap for the decision on class certification in Levee." Doc. 19331, p. 11. The SWB overstates the effect of the denial of Barge class certification motion on the Levee plaintiffs' motion for class certification. The decision on the motion for class certification in the Barge sub-category will not dictate the result on the Levee plaintiffs' motion for class certification; that motion will stand or fall on its own merits. Moreover, dismissing plaintiffs' claims against the SWB without prejudice prior to ruling on plaintiffs' motion for class certification would not result in plain legal prejudice to the SWB.

There is already pending in state court a putative class action suit against the SWB. That suit, including the issue of whether class certification is appropriate, will be litigated regardless of the decision on this motion. Additionally, the dismissal without prejudice of this suit will not "waste" the the time, effort, and money expended by the SWB in opposing the pending federal motion for class certification. The state and federal requirements for class certification although not identical, are substantially similar. Each of the federal requirements for a class action under Rule 23(a) of the Federal Rules of Civil Procedure, i.e., numerosity, commonality, typicality, and adequacy of representation, is also a requirement for class certification under Article 591(A) of the Louisiana Code of Civil Procedure. Under both federal and Louisiana law, once the above cited criteria are established, the party seeking class certification must also satisfy at least one of three prerequisites set out in a second tier of requirements. Both Rule 23(b)(1)(B) of the Federal Rules of Civil

5

Procedure and Article 591(B) of the Louisiana Civil Code include as one of the alternative requirements that "questions of law or fact common to members, predominate over any questions affecting only individual members, and that a class action is superior to other available methods" of adjudicating the controversy. The substantial similarity between the federal analytical framework for determining the propriety of class certification and that mandated under Louisiana law supports a conclusion that much of the work already undertaken by the SWB with respect to class certification would apply equally in any future litigation regarding class certification in state court. Thus, the potential that the SWB will have to litigate in state court the issue of class certification with respect to these claims is insufficient to constitute plain legal prejudice.

It is equally true that the possibility that the SWB may have to defend itself in state court against claims identical to those preciously dismissed by this Court as a result of SWB's motions for summary judgment does not qualify as plain legal prejudice. The claims on which the Court granted the SWB summary judgment are state law claims, and even though the doctrine of collateral estoppel/issue preclusion may not bar the plaintiffs from relitigating those claims, the SWB's prior work product would be equally applicable in seeking dismissal of those claims. Because the SWB would not sustain plain legal prejudice if plaintiffs' motion to dismiss without prejudice the claims against it, plaintiffs' motion is GRANTED.

**IT IS ORDERED** that the "Motion to Dismiss the Sewerage and Water Board Without Prejudice" filed on behalf of the LEVEE PSLC (Doc. 19275) is GRANTED;

**IT IS FURTHER ORDERED** that plaintiffs' claims against the Sewerage and Water Board of New Orleans are hereby dismissed without prejudice.

New Orleans, Louisiana, this 17$^h$ day of December, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE