UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: *Robinson*<br>(No. 06-2268) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, MOTION TO AMEND THE JUDGMENT**

I. **Plaintiffs' Motion Is Intended To Correct A Manifest Error Of Fact Or Law Or, Alternatively, To Avoid Manifest Injustice**

Defendant's contention that Plaintiffs' motion is an attempt to "recycle" or "rehash" previous arguments is simply incorrect. To the contrary, Plaintiffs' motion addresses what they believe is a manifest error of fact or law or, alternatively, will prevent manifest injustice, which are two purposes of a Rule 59(e) motion. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Marine & Indus. Healthcare Services, Inc. v. LaVie*, 2003 WL 21284106, *2 (E.D. La. 2003) (Porteous, J.); *see also McWaters v. FEMA*, 408 F.Supp.2d 221, 238 (E.D. La. 2005) (Duval, J.).

While reconsideration of a judgment is an "extraordinary remedy," courts in fact revisit judgments when sufficient cause exists. For example, in *Avondale Indust., Inc. v. Board of Com'rs of Port of New Orleans*, 1996 WL 413645 (E.D. La. 1996) (Sear, J.), defendant's Rule 59(e) motion sought to alter or amend the court's findings of fact and conclusions of law after a bench trial. *Id.* at *1. While the court rejected several of defendant's arguments, it did revisit and actually amend the amount of damages awarded to plaintiff because of the court's mistaken

1

analysis of damages awarded when compared to what various other jurisdictions had awarded for similar situations. *Id*. at \*\* 3-4; *see also Combe v. Life Ins. Co. of North America*, 2007 WL 2668747, \*3 (E.D. La. 2007) (Livaudais, J.) (granting defendant's Rule 59(e) motion to amend prior judgment to include a provision allowing defendant to periodically review plaintiff's disability claim in the future to determine whether plaintiff still qualified for continuing disability payments).

Plaintiffs respectfully suggest that the Franz case also presents the proper circumstances for this Court to revisit its findings as to the sources, causes, and amount of damages suffered, and to find (1) there is no factual or legal basis for finding that the six feet of IHNC floodwaters were the *sole* cause of the destruction of the Franz home; (2) the floodwaters from Reach 2 were a substantial factor in the residence's destruction; (3) the ten feet of floodwaters from the IHNC and Reach 2 merged and are indivisible; (4) there should be no allocation between these two catastrophic sources; and (5) the Franzes are therefore entitled to additional damages of $284,128 for the cost of tearing down and rebuilding their home.

## II. The Floodwaters From The IHNC And The Lower Ninth Ward Were Concurrent Causes Of The Franz Damages

### A. Governing Concurrent Cause Law

Defendant's view of concurrent cause law is erroneous.  "It is not necessary that the misconduct of two or more tortfeasors be simultaneous."  Restatement (Second) Torts § 433A. comment "i."  Thus, "[c]oncurrent acts of negligence which may impose liability on two parties acting separately need not necessarily occur simultaneously if they are so related to directly contribute to the accident."  *Wilson v. Scurlock Oil Company*, 126 So.2d 429, 436 (La. App. 2d Cir. 1960).  Instead, a cause is a substantial factor when two forces combine and are "actively operating" and "each of itself is sufficient to bring about harm to another . . . ."  Restatement

2

(Second) Torts § 432 (2). It is sufficient that a negligent "actor's conduct has created a force or series of forces that *are in continuous and active operation* up to the time of the harm . . . ." Restatement (Second) Torts § 433 (b).

Furthermore, as a matter of Louisiana law, in situations where more than one cause combines to bring about harm to the plaintiff, and a defendant seeks to limit its liability on the ground that the harm is capable of apportionment, that defendant bears the burden of proof as to the apportionment with another tortfeasor. *Hilburn v. Johnson*, 240 So.2d 767, 771 (La. Ct. App. 2d Cir. 1970) (finding negligent driver who struck pedestrian after the pedestrian has been hit by another vehicle entirely liable for the pedestrian's death because negligent driver failed to offer any proof that first collision killed the pedestrian); *see also* Restatements (Second) of Torts § 433(B)(2). Under Louisiana law, apportionment of liability is not proper here because there is *only one tortfeasor*. Plaintiffs' Memorandum at pp. 13-14 (discussing Louisiana Civil Code Article 2324(B)). But even if allocation were proper, Defendant has not even attempted to apportion its liability; thus it is liable for the entire amount of the Franz damages. Restatement Second (Torts) § 433B, Comment on Subsection (2)(d): ("[T]he defendant may justly be required to assume the burden of producing that [apportionment] evidence, or if he is not able to do so, of bearing the full responsibility.")

### B. Both The IHNC And Reach 2 Floodwaters Caused The Destruction

The destruction of the Franz home involves concurrent causation because the Reach 2 floodwaters played a substantial destructive role when they merged indivisibly with the IHNC floodwaters to cause the permanent damage. There is simply *no evidence* that "the destruction of the home was caused by the six feet of water that rushed through the breaches of the IHNC floodwall causing destruction of the foundation of the Franz home." Findings at p. 153. Nor is

3

there any evidence that the residence was *already destroyed* at the time the Reach 2 floodwaters entered the home.

In fact, the evidence establishes that the Franz home was not destroyed by the initial IHNC flood; it was destroyed when the Reach 2 waters combined with the IHNC waters. Together, the waters continually operated to destroy the house. Thus the Reach 2 waters were a substantial factor in bringing about the destruction of the house.

On this record, it is uncontroverted that (a) ten feet of Reach 2 floodwaters arrived only 30 minutes after the IHNC floodwaters; (b) the irreparable damage to the Franz home did not occur during this brief 30 minute interlude of six feet of IHNC floodwaters because six feet of water for only 30 minutes is insufficient to destroy a home; and (c) it is the *resting* water for three weeks (*i.e.*, the merged, indistinguishably mixed IHNC and Reach 2 floodwaters) that rendered the Franz home permanently uninhabitable. *See* Plaintiffs' Memorandum at pp. 7 (Fact No. 13), 9-10.

The inescapable fact here is that damage to any flooded home does not begin until the flooding waters have come to *rest*. TT at pp. 1600:13-1601:14, 1602:2-16 (Taylor). Between the initial floodwaters still flowing from the IHNC that merged with the floodwaters coming from Reach 2, and the subsequent outflow of water through the IHNC breaches, the water that eventually settled in the Franz house did not come to *rest* for many hours. Unfortunately for the Franzes—and their son who remained at the house during Katrina (TT at p. 555:23-24 (Franz))—they could not get to their home quickly to mitigate this initial six feet of flooding because shortly thereafter, their home became engulfed in Reach 2 floodwaters that settled there for several weeks.

Finally, to the extent that the Court believed that damage to the foundation was a cause, there is no evidence that the six feet of IHNC floodwaters destabilized the foundation. There is evidence, however, that supports the conclusion that this harm was caused by a heavy object propelled into the *east side* of the Franz home by floodwaters emanating *from the east from Reach 2* and flowing towards the IHNC. Plaintiffs' Memorandum at pp. 8-9. As a matter of elementary physics and logic, if the IHNC floodwaters had propelled the heavy object, that projectile could only have struck the *west* side of the house. Since the heavy object struck the *east* side of the house, the only plausible conclusion is that Reach 2 floodwaters propelled this object and contributed substantially to the home's demise.

Thus, contrary to Defendant's contention, this is a quintessential concurrent cause case where multiple causes (the heavy object, the IHNC floodwaters, and Reach 2 floodwaters) concur to bring about the Franz's damages (the total destruction of their home). In our case, two or more forces (IHNC and Reach 2 floodwaters) merged and were actively and simultaneously operating together for three weeks, and one of these forces (Reach 2 floodwaters) was caused by Defendant's negligence. *See* Restatement (Second) Torts § 432. Moreover, because these concurrent causes are indistinguishable, the resulting harm is indivisible, and Defendant who played a substantial role in the harm is liable for the entire amount of damages to the Franz home. *See* Plaintiffs' Memorandum at pp. 15-16 (citing Restatement (Second) Torts § 433A).

### III. Plaintiffs Seek To Correct A Manifest Error Of Fact Or Law As To Whether Reach 2 Was A Substantial Factor In The Franz Home's Destruction

In the Findings of Fact and Conclusions of Law (Doc. No. 19415), the Court found that there was "clear testimony by both plaintiffs and defendant that the north and south breaches of the east side of the IHNC *did not contribute greatly to the Lower Ninth Ward being flooded*." Findings at p. 90 (emphasis added). Consistent with this conclusion, the Court then found that

5

the Reach 2 breaches accounted for "88 to 90 percent" of the Lower Ninth Ward flooding. *Ibid*. By any standard, any source that contributes 88 to 90 percent of the damage must be a substantial factor in the total damages suffered.

Where Plaintiffs contend the manifest error of fact or law occurred is the Court's later conclusion that out of the approximately ten feet of flooding received by the Franz home in the Lower Ninth Ward, that six feet of this flood water came from the IHNC (*i.e.*, 60 percent of the Franz flooding came from the IHNC). Findings at p. 153. This amount of water (and respective percentage) is at odds with the Court's earlier findings at page 90.

Plaintiffs respectfully suggest that the Court's finding that Reach 2 contributed to 88 to 90 percent of the Lower Ninth Ward flooding is the correct factual finding and one of the few findings about which both Plaintiffs and Defendant agreed. Findings at p. 90. Accordingly, in order to avoid a manifest error of fact or law, the Court should amend its findings to rule that the ten feet of floodwater that occurred at the Franz home, and its resulting total destruction, were in fact substantially attributable to the MR-GO. Therefore, $284,128 in additional damages to the Franzes should be ordered.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for a New Trial or, in the Alternative, Motion to Amend the Judgment.

Dated: December 21, 2009                                             Respectfully submitted,


                                              **O'Donnell & Associates P.C.**

                                              By: s/ Pierce O'Donnell

                                              Pierce O'Donnell (*pro hac vice*)
                                              550 S. Hope St., Suite 1000

Los Angeles, California 90071
Phone:  (213) 347-0290
Fax:  (213) 347-0298

**Law Offices of Joseph M. Bruno**
By: s/ Joseph M. Bruno
Joseph M. Bruno (LSBA No. 3604)
Plaintiffs' Liaison Counsel
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile:  (504) 581-1493

**The Andry Law Firm, LLC**
By: s/ Jonathan B. Andry
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile:  (504) 585-1788

**Domengeaux Wright Roy & Edwards LLC**
By: s/ James P. Roy
Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
MR-GO PSLC Liaison Counsel
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile:  (337) 233-2796

**Fayard & Honeycutt**
Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile:  (225) 664-6925

**Girardi & Keese**
Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile:  (213) 481-1554

**McKernan Law Firm**
Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile:  (225) 926-1202

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**
Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile:  (850) 436-6123

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**
Elwood C. Stevens, Jr.  (LSBA No. 12459)
1205 Victor II Boulevard

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
Gerald E. Meunier  (LSBA 9471)
2800 Energy Centre

P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile: (985) 385-4861

1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**Michael C. Palmintier, A.P.L.C.**
Michael C. Palmintier
Joshua M. Palmintier
618 Main Street
Baton Rouge, LA 70801-1910
Telephone: (225) 344-3735
Telefax: (225) 336-1146

**Cotchett, Pitre, Simon & McCarthy**
Joseph W. Cotchett (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**
Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Robinson, Calcagnie & Robinson, Inc.**
Mark Robinson (Cal State Bar No. 54426
620 Newport Center Drive – 7th Floor
Newport Beach, CA 92660
1-888-701-1288

**Baron & Budd, P.C.**
Russell W. Budd
Ann Saucer
Thomas M. Sims
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Fax: (214) 520-1181

**Andry & Andry**
Jay Andry
Gilbert V. Andry
Arthur Landry
710 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-4334
Fax: (504) 586-0288

**Carlton Dunlap Olinde & Moore**
John B. Dunlap, III
Richard P. Ieyoub
One American Place, Suite 900
301 Main Street
Baton Rouge, LA 70825
Telephone: (225) 282-0600
Telefax: (225) 282-0650

**The Dudenhefer Law Firm, L.L.C.**
Frank C. Dudenhefer, Jr.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 616-5226

**Dumas & Associates Law Firm, LLC**
Walter C. Dumas
Lawyer's Complex
1261 Government Street
P. O. Box 1366
Baton Rouge, LA 70821-1366

**Glen J. Lerner & Associates**
Glen J. Lerner
4795 S. Durango Drive
Las Vegas, NV 89147
Telephone: (702) 877-1500
Telefax: (702) 968-7572

Telephone:  (225) 383-4701
Telefax:  (225) 383-4719

## CERTIFICATE OF SERVICE

      I, Pierce O'Donnell, hereby certify that on December 21, 2009, I caused to be served **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, MOTION TO AMEND THE JUDGMENT**, upon Defendants' counsel, Robin D. Smith, George Carter, Keith Liddle, and Richard Stone by ECF and email at robin.doyle.smith@usdoj.gov; george.carter@usdoj.gov, keith.liddle@usdoj.gov, and richard.stone@usdoj.gov.

                                            /s/ Pierce O'Donnell