UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES  　　　　　　CIVIL ACTION
　　　CONSOLIDATED LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　NO.  05-4182

PERTAINS TO LEVEE:  　　　　　　　　　　　　SECTION "K"(2)

MORIAL,  No. 07-4551
WHITE,    No. 07-4553
METROLAB INC. OF PITTSBURGH, No. 07-4557
SAVOY PLACE ASSOCIATES, LP No. 07-4558
MINTZ, No: 07-4559
HURWITZ MINTZ FINES FURNITURE
　STORE SOUTH, L.L.C. No. 07-4560
DOLEY, No. 07-4561
MORIAL, No. 07-4563
DILLARD UNIVERSITY, No. 07-4948
ST. AUGUSTINE HIGH SCHOOL, No. 07-4949
HARRISON, No. 07-4952
LIBERTY BANK & TRUST CO., No. 07-4953
GERDES, No. 07-4957
UNION LTD. PARTNERSHIP, No.  07-4959
HERTZ 909 POYDRAS, LLC, No. 07-4960
PRYTANIA MEDICAL COMPLEX, OWNERS,
　　No.  07-4963
PRAT, No. 07-4964
BERENSON, No. 07-4966
ADLER, No.  07-4967
ABUNDANCE SQUARE ASSOCIATES,
LP, No.  07-4869
REDEMPTORIST LTD PARTNERSHIP,
　No. 07-4970
OMEGA HOSPITAL LLC, No. 07-4971
DOLEY, No. 07-4972
WELLS, No. 07-4973
ROBERT, No. 07-4974
MILLER, No. 07-4975
ENTERCOM COMMUNICATION CORP,
　No. 07-4976
ADLER, No. 07-4977
SMYTH, No. 07-4978
WHITE III LLC, No. 07-4979
HAYDEL, No. 07-4980

PATTERSON, NO. 07-4981
TREASURE VILLAGE ASSOCIATES,
  No. 07-4982
DOMINION N.O. CENTRE LLC, No. 07-4984
BAGNERIS, No. 07-4985
MORIAL, No. 07-4988
LOUISIANA INDEPENDENT FEDERATION
  of ELECTORS, INC., No. 07-4989
TANNER, No. 07-4990
ADLER, No. 07-4991
SOUTHPOINT TECHNOLOGIES, No. 07-4992
ADLER'S SPECIAL ACCOUNT, No. 07-4993
BERENSON, No. 07-4994
CII CARBON LLC, No. 07-4995
TOURO INFIRMARY, No. 07-4996
IMPERIAL TRADING COMPANY, No. 07-4997
PHYSICIAN MANAGEMENT SERVICES
  OF LOUISIANA LLC, No. 07-4998
DOLEY, No. 07-5000
ROBERT, No. 07-5001
SHOPS AND GARAGE AT CANAL PLACE,
  No. 07-5002
GREYSTAR DEVELOPMENT &
CONSTRUCTION LLC, No. 07-5003
CAMBRIDGE REALTY WEST LLC,
No. 07-5004
MAJESTIC LIFE INSURANCE CO.,
No. 07-5005
WHITE, 07-5006
UNITED RESTAURANT ENTITIES
  LLC, No. 07-5008
DAVIS, No. 07-5009
WETCO RESTAURANT GROUP LLC,
  No. 07-5012
DOLEY, No. 07-5014
MAJESTIC MORTUARY SERVICE, INC.
  No. 07-5015
UNIVERSAL HEALTH SERVICES, INC.
  No. 07-5016
REID, No. 07-5018
XAVIER UNIVERSITY OF LOUISIANA,
  No. 07-5018
EMBRY, No. 07-5019
GREEN-JOHNSON, No. 07-5155

**CURTIS**, No. 07-5193
**UNIVERSAL HEALTH SERVICES, INC.**
　No. 07-5254
**UNIVERSAL HEALTH SERVICES,**
　No. 07-5286
**DAVIS**, No. 07-5314
**OMEGA HOSPITAL LLC**, No. 07-5315
**GERDES**, No. 07-5316
**ABUNDANCE SQUARE ASSOCIATION**
　LP, No. 07-5317
**UNION LTD PARTNERSHIP**, No. 07-5318
**DOLEY**, No. 07-5319
**SHOPS AND GARAGE AT CANAL PLACE,**
　No. 07-5321
**WELLS**, No. 07-5322
**IMPERIAL TRADING COMPANY**, No. 07-5323
**PHYSICIAN MGT. SERVICES OF LA.**
　No. 07-5324
**BERENSON**, NO. 07-5325
**ST. AUGUSTINE HIGH SCHOOL**, No. 07-5326
**ADLER**, No. 07-5329
**PRYTANIA MEDICAL COMPLEX**
　OWNERS ASSOCIATION, No. 07-5334
**LOUISIANA INDEPENDENT FEDERATION**
　OF ELECTORS, INC., 07-5338
**WETCO RESTAURANT GROUP LLC,**
　No. 07-5339
**CAMBRIDGE REALTY WEST LLC,**
　No. 07-5340
**ROBERT**, No. 07-5341
**UNITED RESTAURANT ENTITIES LLC,**
　No. 07-5342
**ADLER'S SPECIAL ACCOUNT**, No. 07-5345
**MILLER**, NO. 07-5346
**LIBERTY BANK & TRUST CO.**, No. 07-5347
**DOLEY**, No. 07-5348
**GREYSTAR DEVELOPMENT & CONSTRUCTION**
　LP, No. 07-5349
**UNIVERSAL HEALTH SERVICES, INC.,**
　No. 07-5350
**TREASURE VILLAGE ASSOCIATES LP,**
　No. 07-5351
**TOURO INFIRMARY**, No. 07-5352
**EMBRY**, No. 07-5353

**REDEMPTORIST LTD PARTNERSHIP,**
  No. 07-5354
**CII CARBON, No. 07-5355**
**WHITE, No. 07-5356**
**DILLARD UNIVERSITY, No. 07-5359**
**WHITE, No. 07-5360**
**HERTZ 909 POYDRAS LLC, No. 07-5361**
**MORIAL, No. 07-5362**
**PRAT, No. 07-5363**
**DOMINION/NEW ORLEANS CENTRE**
 **LLC, No. 07-5364**
**BERENSON, No. 07-5365**
**XAVIER UNIVERSITY OF LOUISIANA,**
  No. 07-5367
**DOLEY, NO. 07-5368**
**ADLER, No. 07-5369**
**SOUTHPOINT TECHNOLOGIES LLC,**
  No. 07-5371
**GREEN-JOHNSON, No. 07-5373**
**HAYDEL, No. 07-5374**
**ENTERCOM COMMUNICATIONS**
  **CORP., No. 07-5375**
**ADLER, No. 07-5376**
**BAGNERIS, No. 07-5378**
**HARRISON, No. 07-5494**
**REID, No. 07-5495**
**SMYTHE, No. 07-5496**

## ORDER AND OPINION

Before the Court in each of the captioned cases is a "Motion to Dismiss" filed on behalf of defendant CSX Corporation ("CSX")[1] contending that the Court lacks jurisdiction over the person of CSX and that plaintiffs lack sufficient service of process on CSX. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

BACKGROUND

---

[1] Doc. 10696.

The plaintiffs in the 116 captioned cases are individuals and business entities that sustained damage as a result of Hurricane Katrina and the failure of the levees which resulted in catastrophic flooding in the Greater New Orleans Metropolitan area. Plaintiffs filed suit against a number of defendants,[2] including CSX Corporation (CSX) and CSX Transportation, Inc. CSX is the parent company of CSX Transportation, Inc. With respect to CSX, the complaints, which are virtually identical, allege that CSX, together with CSX Transportation, Inc., negligently designed and constructed a railroad crossing at or near the Industrial Canal's flood protection structures which compromised the safety of the levee/floodwall system of the Industrial Canal.

CSX filed a motion to dismiss plaintiffs' claims for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

LAW and ANALYSIS

"When, as here, the district court did not conduct an evidentiary hearing on defendant's motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Central Freight Lines v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

In a diversity action such as this, a federal district court may exercise personal jurisdiction only to the extent permitted by the applicable law of the forum state. Fed. R. Civ. P. 4(e)(1), (h)(1),

---

[2] Plaintiffs also named as defendants: United States of America, Board of Commissioners of the Orleans Levee District, Board of Commissioners of the East Jefferson Levee District, Sewerage and Water Board of New Orleans, St. Paul Fire & Marine Insurance Company, National Union Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh, Board of Commissioners for the Port of New Orleans, and The Public Belt Railroad Commission for the City of New Orleans.

and k(1). The Louisiana long-arm statute extends personal jurisdiction to the maximum limits permitted by due process. La. Rev. Stat. 13: 3201(B); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999).

"The Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Central Freight Lines v. APA Transport Corp.*, 322 F.3d at 380, quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The exercise of personal jurisdiction over a foreign defendant comports with the Due Process Clause when "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts with the forum state, and (2) the exercise of personal jurisdiction does not offend traditional notices of 'fair play and substantial justice.'" *McFadin v. Gerber*, ____ F.3d ____, ____, 2009 WL 3722729 at * 3 (5th Cir. November 9, 2009), quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.2d (1945).

> Sufficient minimum contacts will give rise to either specific or general jurisdiction. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are continuous and systematic. Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to the cause of action.

*Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (internal quotations and citations omitted).

It is undisputed that CSX does not operate as a railroad, has never operated as a railroad, and has been authorized by the Interstate Commerce Commission and the Surface Transportation Board, only to own and control common carrier railroads. The following facts are also undisputed:

- CSX has never been authorized to conduct business in Louisiana;
- CSX has never had an office in Louisiana;

- CSX has never had an officer or other employee working in Louisiana;
- CSX has never had any assets in Louisiana;
- CSX does not have an agent for service of process in Louisiana; and
- CSX has an internet website which can be accessed in Louisiana.

Plaintiffs contend that CSX's internet presence in Louisiana as a result of its website satisfies the requirements for the exercise of personal jurisdiction. The Court disagrees.

In analyzing whether a defendant's website can support a finding of personal jurisdiction over that defendant, the Fifth Circuit has employed the " sliding scale" analysis of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. 1997) which provides:

> At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which "involve the knowing and repeated transmission of computer files over the Internet . . . ." *Zippo*, 952 F.Supp. at 1124. In this situation, personal jurisdiction is proper. *See id.*, (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)). At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. *See id.* (citing *Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295 (S.D. N.Y. 1996), *aff'd*, 126 F.3d 25 (2nd Cir. 1997). In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website. *Id.* (citing *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D. Mo. 1996)).

*Mink v. AAAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999). With respect to satisfying the requirements for the exercise of general jurisdiction, the Fifth Circuit has acknowledged that "[w]hile we deployed [the] sliding scale in *Mink v. AAAA Development LLC*, it is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign

7

defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . ..." *Revell v. Lidov*, 317 F.3d at 471.

Plaintiffs urge that the CSX website is sufficiently interactive to support a finding of general jurisdiction based on the following activities which can be undertaken using the website: 1) potential customers can initiate shipments using CSX's rail, intermodal, and rail-to-truck services; 2) individuals can apply for a job; 3) entities can become a supplier; and individuals can purchase items from the "company store." Plaintiffs also cite the fact that the website "requires that [customers] use electronic tools to conduct shipping transactions" in support of their claim that through the website CSX has the requisite contacts with Louisiana to satisfy the constitutional requirements for this Court to exercise of personal jurisdiction over CSX. Opposition to CSX Corporation's Motion to Dismiss, p.8 (Doc. 11195).

No extensive analysis of the interactive nature of the CSX website is necessary. The website indicates on the "Corporate Structure" page provides in pertinent part that "[a]s used in this Internet site, 'CSX,' 'CSXT,' or 'CSX Transportation' refers to CSX Transportation, Inc., and that 'CSX Corp.' or 'CSX Corporation' refers to CSX Corporation." Doc. 11288, Ex. It is clear that the interactive website functions identified by plaintiffs permit internet users to interact, not with CSX Corporation, but rather only with CSX Transportation, a wholly owned subsidiary of CSX Corporation. As to CSX Corporation, the defendant at issue herein, the website is passive and insufficient to serve as the foundation for the exercise of personal jurisdiction. Accordingly, the motion to dismiss pursuant to Rule 12(b)(2) is GRANTED. Having determined that personal jurisdiction over CSX Corporation is lacking, the Court need not determine whether plaintiffs properly served CSX Corporation.

8

New Orleans, Louisiana, this 22nd day of December, 2009.

                                              STANWOOD R. DUVAL, JR.
                                          UNITED STATES DISTRICT JUDGE