UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES     CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO: *Robinson v. United States*     SECTION "K"(2)
C.A. No. 06-2268

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for New Trial, or, in the Alternative, Motion to Amend the Judgment (Doc. 19433) brought pursuant to Fed. R. Civ. Pro. 59(a) and (e). Plaintiffs seek to have the Court amend its Findings and Judgment to find that:

> (1) there is no factual or legal basis for finding that the IHNC floodwaters were the sole cause of the destruction of the Franz home: (2) the floodwaters from Reach 2, on the undisputed facts, were a substantial factor in the destruction; (3) the floodwaters from the IHNC and Reach 2 are indivisible; (4) there should be no allocation between these two catastrophic sources; and (5) the Franzes are therefore entitled to additional damages of $248,128 for the cost of tearing down and rebuilding their residence.

The Court finds the motion to be without merit for the reasons that follow.

**Standard of Review**

As previously noted by this Court, there are:

> four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins.,* 2002 WL 1268404, at *2. The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," and the Fifth Circuit has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id.* (quoting *Southern Contractors Group, Inc., v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir.1993); *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.1998); *Bardwell v. Sharp,* 1995 WL 517120, at 1

(E.D.La.1995); *see also* Wright, Miller & Kane, *Federal Practice & Procedure* § 2810.1, at 124.

*Toga Society, Inc. v. Lee,* 2005 WL 3541118, 1 (E.D.La. October 13, 2005). A motion for new trial in a non-jury case pursuant to Rule 59(a) should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons. *Genova v. Town of Independence*, 1998 WL 337891 (E.D.La. June 22, 1998) *citing* 11 Charles Allen Wright, Arthur R. Miller and Mary K. Cane, *Federal Practice & Procedure,* § 28094 (1995).

The instant motion is in essence a re-urging of the same arguments made by plaintiffs previously. The Court finds that there is no manifest error of law or fact. Plaintiffs themselves state that it is undisputed that the Franzes' home was approximately 1 mile from the IHNC and 1.23 miles from the 40 Arpent Canal Levee. They state that it also undisputed that by 7:30 a.m., there was about two feet of water at the Franz home; by 9 a.m., there was about seven feet of water there, and by 10 a.m. flooding from all sources reached over ten feet at the Franz home. They also argue that it took about one hour (9:30 a.m.) for the Reach 2 floodwaters to reach the vicinity of the Franz home after the 70 Arpent Canal levee was overtopped at 8:30 a.m.

The Court found that "the destruction of the home was caused by the six feet of water that rushed through the breaches of the IHNC floodwall causing the destruction of the foundation of the Franz home." (Doc. 19415 at 153). Based on the foregoing recitation of undisputed facts, the Court finds no basis to find manifest error. Plaintiffs argue that there is no support for the fact that it was the IHNC water alone destroyed the foundation; however, plaintiffs fail to recognize that it was their burden of proof to demonstrate that the damages were substantially caused by the MRGO flood waters; they failed to do so. Indeed, even as to the evidence that a heavy object crashed into the side of the house about four feet above the ground level, there was

no testimony adduced to prove more probably than not that collision occurred after the second onslaught of water at 9:30 a.m. rather than at four feet when the water was already at 7 feet by 9:00 a.m.

Thus, based on the undisputed facts, the water which harmed the Franzes' home came from two undisputed different sources at two undisputed times. There was no "simultaneous" harm based on these facts with concurrent causes; thus, the legal arguments made by plaintiffs are without force. "There can be more than one cause-in-fact of an accident as long as each cause bears a proximate relation to the harm that occurs and it is substantial in nature." *Rando v. Anco Insulations Inc.,* 16 So.3d 1065 (La. 2009). The Court awarded damages for what it found to be the separate harm caused by the additional water caused the Reach 2 Levee breaching. The Court found that without that occurrence, the second floor of the Franz home would not have flooded. It was additional water, occurring at a subsequent time, creating specific damage which the Court found to be compensable. It will not amend its findings. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for New Trial, or, in the Alternative, Motion to Amend the Judgment (Doc. 19433) is **DENIED**.

New Orleans, Louisiana, this 29th day of December, 2009.

                                        **STANWOOD R. DUVAL, JR.**
                          **UNITED STATES DISTRICT COURT JUDGE**