

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  DEC 3 0 2009
LORETTA G. WHYTE
CLERK

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-30963

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:07-CV-3500

IN RE: KATRINA CANAL BREACHES LITIGATION

---

PARFAIT FAMILY; HELEN FRANK, Individually and as administratix of the succession of Richard Frank, and on behalf of any and all heirs, survivors, relatives, and beneficiaries of the deceased; MICHELLE JONES, "Mink"; KENNETH WILLIAMS; LADANYA WILLIAMS; ET AL

        Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA

        Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, SMITH and HAYNES, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 29 DEC 2009

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

A True Copy
Attest  29 DEC 2009

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Dantrell Johnson_
Deputy

New Orleans, Louisiana

REVISED NOVEMBER 6, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
November 3, 2009

No. 08-30963

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BREACHES LITIGATION

---

PARFAIT FAMILY; HELEN FRANK, Individually and as administratix of the succession of Richard Frank, and on behalf of any and all heirs, survivors, relatives, and beneficiaries of the deceased; MICHELLE JONES, "Mink"; KENNETH WILLIAMS; LADANYA WILLIAMS; ET AL

                                            Plaintiffs-Appellants
v.

UNITED STATES OF AMERICA

                                            Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182;
2:07-CV-3500

Before KING, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30963

The case in this appeal is another in a group of over forty cases currently pending related to Hurricane Katrina that have been consolidated for pretrial purposes in the Eastern District of Louisiana. Plaintiffs-appellants, former residents of the Lower Ninth Ward in New Orleans, filed tort and admiralty claims against the United States of America for injuries due to flooding. The present appeal is taken from the district court's dismissal of these claims for lack of subject-matter jurisdiction based on plaintiffs' failure to exhaust administrative remedies. For the reasons discussed below, we affirm.

## I. Factual and Procedural Background

Plaintiffs sued the United States, along with several Louisiana state and private entities, for personal injury and property damage suffered due to flooding from the Industrial Canal, the Mississippi River Gulf Outlet, and the Gulf Intracoastal Waterway in the wake of Hurricane Katrina. Plaintiffs' claims against the United States included that the United States Army Corps of Engineers violated federal statutory and state tort law by defectively designing and negligently maintaining these waterways and by failing to ensure that at least one privately-owned barge was properly moored. Jurisdiction as to the claims against the United States was premised on the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, the Suits in Admiralty Act (SAA), 46 U.S.C. § 30901 *et seq.*, and the Public Vessels Act (PVA), 46 U.S.C. § 31101, *et seq.*

The district court dismissed the claims against the United States for lack of subject-matter jurisdiction. The court concluded that plaintiffs had failed to exhaust administrative remedies under the FTCA, which waives sovereign immunity only if the claimant has "first presented the claim to the appropriate Federal agency" and the agency has rejected or taken no action on the claim within six months of filing. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2. The court ruled that a December 14, 2006, letter that the plaintiffs submitted to the Army Corps of Engineers did not fulfill the exhaustion requirement because it lacked

sufficient detail to allow the agency to review the claim. Noting that plaintiffs' alleged injuries had occurred on land, the district court also concluded that the SAA and PVA, both of which waive sovereign immunity for admiralty claims and do not contain an exhaustion requirement, did not provide bases for jurisdiction. The district court noted that the Admiralty Extension Act (AEA), 46 U.S.C. § 30101, which extends the SAA and PVA to cover instances in which a vessel on navigable water causes damage on land, could provide a basis for jurisdiction but concluded that the AEA's exhaustion requirement, which is similar to that of the FTCA,[1] had not been met. This appeal followed. Plaintiffs challenge the merits of the district court's decision and also argue for reversal based on what they allege was the district court's improper failure to recuse.

## II. The Challenge on the Merits

As plaintiffs acknowledged in their appellate briefing, this is not the first time that a court in this circuit has addressed precisely these issues between precisely these parties. Plaintiffs raised the same allegations in a complaint and third-party claims against the United States in a related action. In that action, the district court dismissed for lack of subject-matter jurisdiction, concluding that only the FTCA or AEA provided bases for jurisdiction and that plaintiffs had failed to meet the exhaustion requirements of those statutes. *In re Complaint of Ingram Barge Co.*, 435 F. Supp. 2d 524 (E.D. La. 2006). After that dismissal, plaintiffs re-filed these same claims against the United States in an amended third-party complaint. The district court dismissed on the basis of res judicata. *In re Complaint of Ingram Barge Co.*, Nos. 05-4419, 05-4237 (E.D. La. Jan. 16, 2007) (No. 490). Plaintiffs then filed a motion for reconsideration

---

[1] The AEA's administrative exhaustion requirement provides that "[a] civil action [against the United States] may not be brought until the expiration of the 6-month period after the claim has been presented in writing to the agency owning or operating the vessel causing the injury or damage." 46 U.S.C. § 30101(c)(2).

contending, among other things, that a letter submitted to the Army Corps of Engineers that was virtually identical to the letter submitted in the present action met the exhaustion requirement. The district court concluded that the letter lacked sufficient detail to meet the exhaustion requirement and denied reconsideration. *In re Complaint of Ingram Barge Co.,* Nos. 05-4419, 05-4237, 2007 WL 550060 (E.D. La. Feb. 15, 2007). This court affirmed these dismissals. *Ingram Barge Co. v. Parfait Family (In re Complaint of Ingram Barge Co.),* No. 08-30626, 2009 WL 2447716 (5th Cir. Aug. 10, 2009).

Plaintiffs' counsel in the present case also filed substantially similar claims against the United States on behalf of different plaintiffs in the consolidated action. The district court dismissed these claims for lack of subject matter jurisdiction, concluding, like the district court in *Ingram Barge*, that only the FTCA or AEA provided bases for jurisdiction and that plaintiffs had failed to meet the exhaustion requirements of those statutes. *Berthelot v. Boh Bros. Constr. Co., L.L.C.,* Nos. 05-4182, 06-1885, 2007 WL 1239132 (E.D. La. Apr. 27, 2007). This court affirmed the dismissal. *O'Dwyer v. United States (In re Katrina Canal Breaches Litig.),* No. 07-30412, 2009 WL 1868980 (5th Cir. June 30, 2009).

Plaintiffs' appellate briefing in the present case was filed after the appeals were fully briefed in the above cases but before the Fifth Circuit opinions in those cases issued. In their briefing for the present case, plaintiffs asserted that the issues presented here are "virtually identical to and/or overlap with those already fully briefed" for the other Fifth Circuit panels and declined to further brief these issues. Plaintiffs urged instead that this panel incorporate by reference the arguments briefed in the other appeals, arguing "that it would serve no useful purpose to require [plaintiffs] to rebrief matters which have already been exhaustively briefed, several times over."

No. 08-30963

The appeals in the above cases have now been decided against plaintiffs. We find—as plaintiffs anticipated—that these panel opinions and the district court opinions that they affirm address all of the issues that arise in the present case. We are bound by *Ingram Barge*, 2009 WL 2447716, which involved identical issues and parties, and find persuasive *Katrina Canal Breaches*, 2009 WL 1868980, which involved identical issues and reached the same result. *See* 5TH CIR. R. 47.5.4 (unpublished opinions are precedential "under the doctrine of res judicata").[2] Based on these precedents, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

We also note that even if the present appeal involved issues other than those addressed in the panel opinions—and plaintiffs have not made such an assertion—these issues would be waived for failure to brief. Plaintiffs have not briefed any challenge to the district court's ruling in the present case, choosing instead to incorporate by reference arguments made in the related cases. Arguments merely incorporated by reference are not properly considered on appeal. *See Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (refusing to consider arguments before the district court that plaintiff incorporated by reference on appeal, concluding that this was a failure to adequately brief); *Katz v. King*, 627 F.2d 568, 575 (1st Cir. 1980) ("If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court."). Accordingly, plaintiffs have waived any arguments challenging the merits of the district court's dismissal.

---

[2] "Four elements must be met for a claim to be barred by res judicata: '(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Peoples State Bank v. Gen. Elec. Capital Corp. (In re Ark-La-Tex Timber Co.)*, 482 F.3d 319, 330 (5th Cir. 2007). The *Ingram Barge* case supplies all four elements.

No. 08-30963

### III. The Alleged Judicial Bias

Plaintiffs also contend that the district court's dismissal should be reversed because the dismissal was "motivated, at least in part, by actual bias and prejudice and other judicial misconduct" by the district court. The source of the alleged bias is the district court's alleged "close personal friend[ship]" with one of the attorneys that represented the state of Louisiana as a defendant in this case. Plaintiffs unsuccessfully moved the district court for disqualification under 28 U.S.C. §§ 144 and 455. For the reasons discussed in *O'Dwyer v. United States*, No. 08-30962, slip op. at 10–11 (5th Cir. Nov. 3, 2009) (in which the plaintiffs, who were represented by the same counsel as plaintiffs in the present case, raised identical claims regarding the same district judge's failure to recuse), we conclude that plaintiffs have failed to show that the district court abused its discretion in denying their motion to disqualify.

### IV. Conclusion

Accordingly, we AFFIRM the judgment of the district court.

**REVISED NOVEMBER 6, 2009**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

No. 08-30963

Charles R. Fulbruge III
Clerk

IN RE: KATRINA CANAL BREACHES LITIGATION

---

PARFAIT FAMILY; HELEN FRANK, Individually and as administratix of the succession of Richard Frank, and on behalf of any and all heirs, survivors, relatives, and beneficiaries of the deceased; MICHELLE JONES, "Mink"; KENNETH WILLIAMS; LADANYA WILLIAMS; ET AL

                                        Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA

                                        Defendant-Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182;
2:07-CV-3500

---

Before KING, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30963

The case in this appeal is another in a group of over forty cases currently pending related to Hurricane Katrina that have been consolidated for pretrial purposes in the Eastern District of Louisiana. Plaintiffs-appellants, former residents of the Lower Ninth Ward in New Orleans, filed tort and admiralty claims against the United States of America for injuries due to flooding. The present appeal is taken from the district court's dismissal of these claims for lack of subject-matter jurisdiction based on plaintiffs' failure to exhaust administrative remedies. For the reasons discussed below, we affirm.

## I. Factual and Procedural Background

Plaintiffs sued the United States, along with several Louisiana state and private entities, for personal injury and property damage suffered due to flooding from the Industrial Canal, the Mississippi River Gulf Outlet, and the Gulf Intracoastal Waterway in the wake of Hurricane Katrina. Plaintiffs' claims against the United States included that the United States Army Corps of Engineers violated federal statutory and state tort law by defectively designing and negligently maintaining these waterways and by failing to ensure that at least one privately-owned barge was properly moored. Jurisdiction as to the claims against the United States was premised on the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, the Suits in Admiralty Act (SAA), 46 U.S.C. § 30901 *et seq.*, and the Public Vessels Act (PVA), 46 U.S.C. § 31101, *et seq.*

The district court dismissed the claims against the United States for lack of subject-matter jurisdiction. The court concluded that plaintiffs had failed to exhaust administrative remedies under the FTCA, which waives sovereign immunity only if the claimant has "first presented the claim to the appropriate Federal agency" and the agency has rejected or taken no action on the claim within six months of filing. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2. The court ruled that a December 14, 2006, letter that the plaintiffs submitted to the Army Corps of Engineers did not fulfill the exhaustion requirement because it lacked

2

sufficient detail to allow the agency to review the claim. Noting that plaintiffs' alleged injuries had occurred on land, the district court also concluded that the SAA and PVA, both of which waive sovereign immunity for admiralty claims and do not contain an exhaustion requirement, did not provide bases for jurisdiction. The district court noted that the Admiralty Extension Act (AEA), 46 U.S.C. § 30101, which extends the SAA and PVA to cover instances in which a vessel on navigable water causes damage on land, could provide a basis for jurisdiction but concluded that the AEA's exhaustion requirement, which is similar to that of the FTCA,[1] had not been met. This appeal followed. Plaintiffs challenge the merits of the district court's decision and also argue for reversal based on what they allege was the district court's improper failure to recuse.

## II.  The Challenge on the Merits

As plaintiffs acknowledged in their appellate briefing, this is not the first time that a court in this circuit has addressed precisely these issues between precisely these parties. Plaintiffs raised the same allegations in a complaint and third-party claims against the United States in a related action. In that action, the district court dismissed for lack of subject-matter jurisdiction, concluding that only the FTCA or AEA provided bases for jurisdiction and that plaintiffs had failed to meet the exhaustion requirements of those statutes. *In re Complaint of Ingram Barge Co.*, 435 F. Supp. 2d 524 (E.D. La. 2006). After that dismissal, plaintiffs re-filed these same claims against the United States in an amended third-party complaint. The district court dismissed on the basis of res judicata. *In re Complaint of Ingram Barge Co.*, Nos. 05-4419, 05-4237 (E.D. La. Jan. 16, 2007) (No. 490). Plaintiffs then filed a motion for reconsideration

---

[1] The AEA's administrative exhaustion requirement provides that "[a] civil action [against the United States] may not be brought until the expiration of the 6-month period after the claim has been presented in writing to the agency owning or operating the vessel causing the injury or damage." 46 U.S.C. § 30101(c)(2).

3

contending, among other things, that a letter submitted to the Army Corps of Engineers that was virtually identical to the letter submitted in the present action met the exhaustion requirement. The district court concluded that the letter lacked sufficient detail to meet the exhaustion requirement and denied reconsideration. *In re Complaint of Ingram Barge Co.*, Nos. 05-4419, 05-4237, 2007 WL 550060 (E.D. La. Feb. 15, 2007). This court affirmed these dismissals. *Ingram Barge Co. v. Parfait Family (In re Complaint of Ingram Barge Co.)*, No. 08-30626, 2009 WL 2447716 (5th Cir. Aug. 10, 2009).

Plaintiffs' counsel in the present case also filed substantially similar claims against the United States on behalf of different plaintiffs in the consolidated action. The district court dismissed these claims for lack of subject matter jurisdiction, concluding, like the district court in *Ingram Barge*, that only the FTCA or AEA provided bases for jurisdiction and that plaintiffs had failed to meet the exhaustion requirements of those statutes. *Berthelot v. Boh Bros. Constr. Co., L.L.C.*, Nos. 05-4182, 06-1885, 2007 WL 1239132 (E.D. La. Apr. 27, 2007). This court affirmed the dismissal. *O'Dwyer v. United States (In re Katrina Canal Breaches Litig.)*, No. 07-30412, 2009 WL 1868980 (5th Cir. June 30, 2009).

Plaintiffs' appellate briefing in the present case was filed after the appeals were fully briefed in the above cases but before the Fifth Circuit opinions in those cases issued. In their briefing for the present case, plaintiffs asserted that the issues presented here are "virtually identical to and/or overlap with those already fully briefed" for the other Fifth Circuit panels and declined to further brief these issues. Plaintiffs urged instead that this panel incorporate by reference the arguments briefed in the other appeals, arguing "that it would serve no useful purpose to require [plaintiffs] to rebrief matters which have already been exhaustively briefed, several times over."

No. 08-30963

The appeals in the above cases have now been decided against plaintiffs. We find—as plaintiffs anticipated—that these panel opinions and the district court opinions that they affirm address all of the issues that arise in the present case. We are bound by *Ingram Barge*, 2009 WL 2447716, which involved identical issues and parties, and find persuasive *Katrina Canal Breaches*, 2009 WL 1868980, which involved identical issues and reached the same result. *See* 5TH CIR. R. 47.5.4 (unpublished opinions are precedential "under the doctrine of res judicata").[2] Based on these precedents, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

We also note that even if the present appeal involved issues other than those addressed in the panel opinions—and plaintiffs have not made such an assertion—these issues would be waived for failure to brief. Plaintiffs have not briefed any challenge to the district court's ruling in the present case, choosing instead to incorporate by reference arguments made in the related cases. Arguments merely incorporated by reference are not properly considered on appeal. *See Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (refusing to consider arguments before the district court that plaintiff incorporated by reference on appeal, concluding that this was a failure to adequately brief); *Katz v. King*, 627 F.2d 568, 575 (1st Cir. 1980) ("If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court."). Accordingly, plaintiffs have waived any arguments challenging the merits of the district court's dismissal.

---

[2] "Four elements must be met for a claim to be barred by res judicata: '(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Peoples State Bank v. Gen. Elec. Capital Corp. (In re Ark-La-Tex Timber Co.)*, 482 F.3d 319, 330 (5th Cir. 2007). The *Ingram Barge* case supplies all four elements.

### III. The Alleged Judicial Bias

Plaintiffs also contend that the district court's dismissal should be reversed because the dismissal was "motivated, at least in part, by actual bias and prejudice and other judicial misconduct" by the district court. The source of the alleged bias is the district court's alleged "close personal friend[ship]" with one of the attorneys that represented the state of Louisiana as a defendant in this case. Plaintiffs unsuccessfully moved the district court for disqualification under 28 U.S.C. §§ 144 and 455. For the reasons discussed in *O'Dwyer v. United States,* No. 08-30962, slip op. at 10–11 (5th Cir. Nov. 3, 2009) (in which the plaintiffs, who were represented by the same counsel as plaintiffs in the present case, raised identical claims regarding the same district judge's failure to recuse), we conclude that plaintiffs have failed to show that the district court abused its discretion in denying their motion to disqualify.

### IV. Conclusion

Accordingly, we AFFIRM the judgment of the district court.