

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   DEC 3 1 2009

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS   F I L E D

## FOR THE FIFTH CIRCUIT

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-30962

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:06-CV-6099

IN RE: KATRINA CANAL BREACHES LITIGATION

MAUREEN O'DWYER; SHIRLEY D O'DWYER; LISA MARIE O'DWYER;
HAROLD JOSEPH GAGNET; SALLY EDGERTON RICHARDS; ET AL

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, SMITH and HAYNES, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: DEC 2 9 2009

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By _____
Deputy

New Orleans, Louisiana   DEC 2 9 2009

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

# REVISED NOVEMBER 6, 2009
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

November 3, 2009

No. 08-30962

Charles R. Fulbruge III
Clerk

IN RE:  KATRINA CANAL BREACHES LITIGATION

---

MAUREEN O'DWYER; SHIRLEY D O'DWYER; LISA MARIE O'DWYER;
HAROLD JOSEPH GAGNET; SALLY EDGERTON RICHARDS; ET AL

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182;
2:06-CV-6099

Before KING, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The case in this appeal is one of over forty cases currently pending related
to Hurricane Katrina that have been consolidated for pretrial purposes in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-30962

Eastern District of Louisiana. Plaintiffs–appellants, who suffered injuries due to Hurricane Katrina, have sued various federal, state, and local government agencies and officials, alleging that these entities breached their duties to prepare for and respond to the hurricane. The present appeal is taken from the district court's dismissal of plaintiffs' claims against the defendant–appellee, the United States of America, for lack of subject-matter jurisdiction. We affirm the dismissal.

## I.  Factual and Procedural Background

Plaintiffs sued the United States government for "tortious and illegal conduct" relating to its preparations for and response to Hurricane Katrina. Jurisdiction was premised on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, which waives federal sovereign immunity for injury, property loss, or death caused by any federal government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiffs alleged that the government's conduct violated the following statutes, directives, and regulations[1]: the Robert T. Stafford Disaster Relief and Emergency Assistance Act (Stafford Act), 42 U.S.C. §§ 5121, *et seq.*; the Homeland Security Presidential Directive/HSPD-5, which was issued by the

---

[1] Plaintiffs' complaint also alleged that these statutes, regulations, and directives provided independent bases for jurisdiction, but plaintiffs did not reurge this position in their opposition to the motion to dismiss. The district court concluded that these statutes, regulations, and directives do not contain waivers of sovereign immunity, and therefore do not provide independent bases for jurisdiction over claims against the United States. Plaintiffs do not challenge this conclusion on appeal.

2

No. 08-30962

President under authority granted in part by the Stafford Act;[2] the 2004 National Response Plan (NRP), which was developed by the Department of Homeland Security under directions from the Homeland Security Presidential Directive; Section 5 of the Flood Control Act of 1941, 33 U.S.C. § 701 and 33 C.F.R. § 203; and the Lake Pontchartrain and Vicinity Louisiana Hurricane Protection Project promulgated under the Flood Control Act of 1965.[3] Plaintiffs' complaint listed nineteen "duties" that the government allegedly violated in its preparation for and response to Hurricane Katrina, but did not explain how these statutes, regulations, and directives gave rise to those duties.

The United States moved to dismiss for lack of subject-matter jurisdiction, claiming sovereign immunity and failure to exhaust administrative remedies. The district court granted dismissal on the basis of sovereign immunity, concluding that the FTCA's discretionary function exception barred jurisdiction. The discretionary function exception provides that the FTCA's waiver of sovereign immunity "shall not apply to . . . [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The district court analyzed each of the statutes, regulations, and directives that plaintiffs cited and concluded that none imposed mandatory duties on the United States government. The court entered final judgment

---

[2] *See* Homeland Security Presidential Directive/HSPD-5, 2003 WL 604606 (Feb. 28, 2003).

[3] Pub. L. No. 89-298, § 204, 79 Stat. 1073, 1077 (Oct. 27, 1965).

No. 08-30962

under Federal Rule of Civil Procedure 54(b) on September 17, 2008, and plaintiffs filed a notice of appeal the following day.

Before the parties submitted their appellate briefs, this court decided *Freeman v. United States*, 556 F.3d 326 (5th Cir. 2009). In *Freeman*, the plaintiffs sued under the FTCA, claiming that the United States's preparation for and response to Hurricane Katrina violated mandatory duties imposed by the NRP. We affirmed the district court's dismissal for lack of subject-matter jurisdiction, concluding that neither the NRP nor the "Catastrophic Incident Annex" to the NRP imposed mandatory duties on the government. *Id.* at 336–341. We held that the discretionary function exception in the FTCA and a similarly-worded exception in the Stafford Act, 42 U.S.C. § 5148,[4] therefore applied to preclude jurisdiction. *Id.* at 334–341.

On appeal, plaintiffs argue that *Freeman* is distinguishable and was wrongly decided (the latter argument being addressable only to the en banc court). Plaintiffs also contend, for the first time on appeal, that the NRP's Catastrophic Incident Annex was not timely completed, and request discovery into the effect of the government's alleged failure to timely complete the Annex. Plaintiffs finally urge that the district court's opinion should be vacated because the district court judge improperly failed to recuse himself for personal bias. Plaintiffs have not otherwise briefed any challenge to the district court's

_____

[4] The discretionary function exception to the Stafford Act states:

The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C. § 5148.

No. 08-30962

conclusion that the statutes, regulations, and directives that plaintiffs cited in their complaint impose only discretionary duties and therefore fall under the FTCA's discretionary function exception.[5]

## II.  Standard of Review

"We review a district court's dismissal for lack of subject matter jurisdiction de novo." *Stiles v. GTE Sw., Inc.*, 128 F.3d 904, 906 (5th Cir. 1997). "In our de novo review . . ., we apply the same standard as does the district court . . . ." *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007) (internal quotation marks and citation omitted).  The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  Here, the district court did not resolve any disputed facts, so like the district court, we "consider the allegations in the plaintiff[s'] complaint as true." *Id.* at 412.  Plaintiffs, as the party asserting

---

[5] Plaintiffs state that because the district court's opinion and the *Freeman* panel opinion are "quite detailed," they "will not use this opportunity simply to regurgitate the available body of jurisprudence on the issue of the discretionary function exception."  To the extent that this statement can be interpreted as asking this court to incorporate by reference issues and arguments that plaintiffs have previously raised, this does not preserve these issues and arguments for appellate review. *See, e.g., Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (issues inadequately briefed on appeal are waived); *Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (refusing to consider arguments before the district court that plaintiff incorporated by reference on appeal, concluding that this was a failure to adequately brief); *Katz v. King*, 627 F.2d 568, 575 (1st Cir. 1980) ("If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court.").  Accordingly, we consider only the issues and arguments that plaintiffs have briefed on appeal.

No. 08-30962

subject-matter jurisdiction, have the burden to prove that jurisdiction is proper. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

## III.  Analysis

**A.    *Freeman* and the Discretionary Function Exception**

Plaintiffs contend that *Freeman's* holding—that the discretionary function exceptions in the FTCA and Stafford Act bar claims against the United States premised on violations of the NRP—is distinguishable because the present case involves "much broader classes of claimants" than did *Freeman* and involves claims "against potentially liable parties other than the United States." Neither argument provides a basis for distinguishing *Freeman*. As the government points out, the application of the discretionary function exception does not turn on the number of plaintiffs in a case or on the existence of defendants other than the United States. The discretionary function exception turns on whether the statute that the United States is alleged to have violated imposes a mandatory duty. 28 U.S.C. § 2680(a). Plaintiffs have not briefed any challenge to the *Freeman* panel's conclusion, consistent with the district court's conclusion in the present case, that the NRP imposes only discretionary duties on the United States. *Freeman*, 556 F.3d at 336–341. Nor have plaintiffs briefed any challenge to the district court's conclusion that the other statutes, regulations, and directives cited in plaintiffs' complaint impose only discretionary duties on the United States.[6]

---

[6] Plaintiffs do cryptically assert that *Freeman* is distinguishable because "this case includes arguments that either were not made in *Freeman* or which have been 'bolstered' herein since *Freeman* was decided." But plaintiffs do not identify these arguments or explain why they would support a contrary result. Issues not raised or inadequately briefed on appeal are waived. *See Goodman*, 571 F.3d at 399.

6

No. 08-30962

Plaintiffs also urge that *Freeman* was wrongly decided because it held that the discretionary function exception applied regardless of the severity of the tortious conduct alleged. Plaintiffs cite several federal government reports that they contend describe shortcomings in the government's preparations for and response to Hurricane Katrina,[7] and argue that the discretionary function exception should "not allow the Federal Government to escape legal liability in circumstances in which private citizens would be legally liable." Plaintiffs contend that the panel in *Freeman*—and the district court in the present case—should have permitted discovery into the severity of the government's conduct before concluding that the discretionary function exception applied.

Again, in addition to the fact that only the en banc court (or the Supreme Court) can overturn *Freeman*, this contention lacks merit. The plain language of the FTCA provides that sovereign immunity is not waived as to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The FTCA's waiver of sovereign immunity must be strictly construed, *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941), and Congress, in granting a waiver of sovereign immunity, may define the exact conditions of such waiver, *Honda v. Clark*, 386 U.S. 484, 501 (1967). "We are bound to apply 'the plain language of the statute, especially where . . . there is nothing in the statute

---

[7] Plaintiffs did not cite these reports before the district court and do not attach them for this court's review, instead directing this court to a website that does not exist. Arguments not raised before the district court are waived, as are arguments inadequately briefed on appeal. *Butler v. Cain*, 533 F.3d 314, 320 (5th Cir. 2008); *Goodman*, 571 F.3d at 399. These reports may not properly be considered on appeal.

No. 08-30962

or its legislative history to indicate a contrary intent.'" *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 320 (5th Cir. 2009) (quoting *In re DP Partners Ltd.*, 106 F.3d 667, 671 (5th Cir. 1997)). Under the plain language of the FTCA, the severity of the government's conduct is immaterial if the duty that the conduct allegedly violated is discretionary. *Freeman's* holding properly applied the FTCA's discretionary function exception in upholding dismissal.

Plaintiffs contend that the result should differ under the discretionary function exception to the Stafford Act, which is substantially similar to the discretionary function exception to the FTCA but omits the phrase "whether or not the discretion involved be abused." *See* 42 U.S.C. § 5148. Plaintiffs cite the omission for the proposition that the Stafford Act "does not immunize" tortious conduct by the United States. As in *Freeman*, we do not consider the import of this difference in statutory language because plaintiffs have not argued that United States agencies or agents abused their discretion; instead, they have argued that they *lacked* discretion. *See Freeman*, 556 F.3d at 336; *see also St. Tammany Parish*, 556 F.3d at 322 n.9 ("We need not decide whether this distinction has any meaning in this case because the Parish has not argued that the government abused its discretion"—"it has limited its argument to whether the government had any discretion at all."). Plaintiffs' arguments do not provide a basis for concluding that *Freeman* was wrongly decided and do not provide a basis for vacating the district court's dismissal in the present case.

**B.    The Catastrophic Incident Annex**

Plaintiffs argue, for the first time on appeal, that the Catastrophic Incident Annex to the NRP was not prepared within 120 days of the issuance of

8

No. 08-30962

the NRP, as plaintiffs contend the NRP required.  Plaintiffs urge that if the Catastrophic Incident Annex had been timely prepared, it would have imposed mandatory duties on the federal government that would have applied to the preparations for and response to Hurricane Katrina.  Plaintiffs also contend, for the first time on appeal, that they are entitled to discovery as to whether "the deprivations [plaintiffs] suffered would not have been suffered, or would not have been suffered over such a prolonged period of time," had the Catastrophic Incident Annex timely been prepared.

There does not appear to be any factual basis for plaintiffs' contention that the Catastrophic Incident Annex was not timely prepared.  As we observed in *Freeman*, the Catastrophic Incident Annex was published as part of the NRP in December 2004.  556 F.3d at 330.  The NRP did not prescribe a time for publication of the Catastrophic Incident Annex because these documents were published together.[8]  Further, we held in *Freeman* that the NRP and Catastrophic Incident Annex did *not* impose mandatory duties on the government.  556 F.3d at 336–341.  Plaintiffs have not briefed any challenge to that conclusion on appeal, so even if plaintiffs were correct that the Catastrophic Incident Annex was not timely prepared, their contention that a timely-prepared Annex would have imposed mandatory duties would fail.

_____

[8] The NRP and Catastrophic Incident Annex did state that within 120 days of the NRP's publication in December 2004, the Department of Homeland Security should "[i]dentify appropriate assets and establish agreement and procedures for their rapid deployment" in accordance with a "Catastrophic Incident Supplement" that was to be "more detailed and operationally specific" than the Catastrophic Incident Annex and separately published.  The Department of Homeland Security did not complete this task until September 6, 2005, beyond the 120-day window and after the events of Hurricane Katrina.  We held in *Freeman* that the 120-day timeline was discretionary and that the government's failure to meet the deadline did not provide a basis for suit under the FTCA or the Stafford Act.  *See Freeman*, 556 F.3d at 330 n.1, 338.  Plaintiffs have not briefed a challenge to this conclusion on appeal.

9

No. 08-30962

More fundamentally, even if plaintiffs' arguments as to timeliness had merit, this court could not consider them as bases for relief because they are raised for the first time on appeal. *See Butler v. Cain*, 533 F.3d 314, 320 (5th Cir. 2008); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). Plaintiffs' contentions as to the Catastrophic Incident Annex do not provide a basis for vacating the district court's dismissal or granting discovery.

## C.  The Alleged Judicial Bias

Plaintiffs also contend that the district court's dismissal should be reversed because the dismissal was "motivated, at least in part, by actual bias and prejudice and other judicial misconduct" by the district court. The source of the alleged bias is the district court's alleged "close personal friend[ship]" with one of the attorneys that represented the state of Louisiana as a defendant in this case. Plaintiffs unsuccessfully moved the district court for disqualification under 28 U.S.C. § 144 and § 455.

A motion for recusal is committed to the sound discretion of the trial judge. *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). We review the denial of a motion to recuse for abuse of discretion. *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). Motions for recusal under 28 U.S.C. § 144 or § 455 must be timely. *See* 28 U.S.C. § 144 (requiring a "timely and sufficient affidavit" as a basis for refusal); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (recusal motion under § 455 should be timely). A timely motion to recuse is one filed "at the earliest moment after knowledge of the facts demonstrating the basis" for recusal. *Liljeberg*, 38 F.3d at 1410. The failure of

10

No. 08-30962

a judge to recuse "does not provide a basis for reversal absent evidence of actual bias or a nexus between actual errors and the appearance of bias." *United States v. Edwards*, 303 F.3d 606, 647 n.32 (5th Cir. 2002); *see also United States v. Jordan*, 49 F.3d 152, 158 (5th Cir. 1995) (concluding that alleged bias did not provide a basis for reversal where the plaintiff failed to allege "an explicit nexus between the alleged errors and the appearance of bias").

We agree with the district court that plaintiffs' motion to disqualify was not timely. The district court judge disclosed his friendship with the attorney at issue in March 2006, at the outset of the consolidated litigation. Plaintiffs did not raise any objection. Plaintiffs' claims against the state of Louisiana were dismissed on the basis of Eleventh Amendment immunity in June and September 2006. Plaintiffs did not move for recusal until January 2008, nearly two years after the friendship was disclosed and a year-and-a-half after the counsel at issue ceased to represent any defendant in this case.[9] Furthermore, plaintiffs have not explained why any alleged partiality to the state of Louisiana, long dismissed from this litigation, would have affected the district court's decision to dismiss plaintiffs' claims against the federal government, and have not pointed to any actual errors in the district court's judgment. The district court's refusal to recuse does not provide a basis for reversal.

---

[9] The counsel at issue began representing the state of Louisiana as a plaintiff in the consolidated litigation in August 2007, when the state brought a class action suit against more than 200 insurance companies alleging that these insurers breached certain insurance contracts to which Louisiana was a partial assignee. *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 702–04 (5th Cir. 2008). Plaintiffs complain that they are prejudiced by counsel's current participation on the Plaintiffs' Liaison Committee for the consolidated litigation, but do not explain why they are prejudiced, particularly because plaintiffs' interests are generally aligned with those of the Committee. More importantly, plaintiffs do not explain how counsel's participation on the Committee would bias the district court in its adjudication of plaintiffs' claims against the United States.

11

No. 08-30962

## IV.  Conclusion

Accordingly, we AFFIRM the judgment of the district court.