UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                                    CIVIL ACTION
CONSOLIDATED LITIGATION
NO. 05-4182

PERTAINS TO: BARGE                                              SECTION "K"(2)

# ORDER

Before the Court are the following motions:

Barge Plaintiffs' Motion to Exclude Wm. Jason Weiss, (Doc. 19432)
Lafarge Motion to Exclude Expert Testimony by Hector Pazos (Doc. 19437)
Lafarge Motion to Exclude Gennaro Marino (Doc. 19441)
Barge Plaintiffs' Motion in Limine to Exclude Testimony of Austin Dooley (Doc.19442)
Lafarge Motion in Limine to Exclude Expert Testimony by Melvin Spinks (Doc. 19444)
Lafarge Motion in Limine to Exclude Expert Testimony by Robert Bartlett (Doc. 19445)
Lafarge Motion to Strike Portions of Expert Report of Don Green (Doc. 19446)
Daubert Motion to Strike Testimony of Daniel Ryan (Doc. 19448)
Barge Plaintiffs' Motion to Exclude Testimony of D. Phillip Skaer, II (Doc. 19449)
Barge Plaintiffs' Motion to Exclude Testimony of Robert Bea (Doc. 19450)
Barge Plaintiffs' Motion to Exclude Testimony of Charles Cushing (Doc.19462)

As previously noted, these *"Daubert"* motions for the most part, appear to be an outrageous expenditure of time, effort and expense, in the context of a non-jury, judge-tried case such as this one. The vast majority of these motions were based on attacks concerning the underlying facts upon which each opinion was based. That approach is not contemplated under a *Daubert* challenge. "[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 392-93 (5th Cir. 2002)." *General Electric Capital Business Asset funding Corp. v. S.A.S.E. Military Ltd.,* 2004 WL 5495590, *4 (W.D. Tex. Oct. 21, 2004). As further discussed in *General Electric Capital Business:*

> Courts should not [be] lured by arguments disguised as *Daubert* challenges that actually attack the weight of the expert testimony, not its admissibility. "As a

> general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility , and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hartley*, 310 F.3d at 1061 (*quoting Bonner v. ISP Tech., Inc.,* 259 F.3d 924, 929-30 (8th Cir. 2001) (internal citations and quotations omitted). Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility. *Moss v. Ole South Real Estate, Inc.*, 993 F.2d 1300, 1307 (5th Cri. 1991); *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).

*Id.* at *5.

As Judge Barbier noted in *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646 (E.D.La. March 6, 2007):

> . . . that purpose of [a] *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas city Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93, 1113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where the a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)." *Daubert* requires a binary choice- admit or exclude- and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corps.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

*Thompson*, at *1.

The case at bar is a bench trial. (See Doc. 19112). Thus, the objectives of *Daubert* are no longer implicated. Furthermore, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.' *Daubert*, 509 U.S. at 596." *Deville v. Comar marine Corp.*, 2009 WL 1870896 (E.D.La. June 25, 2009). Based on the foregoing, the Court will now rule on the subject motions.

2

**Barge Plaintiffs' Motion to Exclude Wm. Jason Weiss, (Doc. 19432)**

     **IT IS ORDERED** that the motion is **DENIED**.


**Lafarge Motion to Exclude Expert Testimony by Hector Pazos (Doc. 19437)**

     **IT IS ORDERED** that the motion is **DENIED**.


**Lafarge Motion to Exclude Gennaro Marino (Doc. 19441)**

     **IT IS ORDERED** that the motion is **DENIED**.


**Barge Plaintiffs' Motion in Limine to Exclude Testimony of Austin Dooley (Doc. 19442)**

Insofar as plaintiffs seek to strike the opinion of Dr. Dooley as concerns the movement of the barge, specifically such statements as:

(1) "For the barge to move from the western side toward the northeast, a force would be necessary to move it in that direction." (Dooley Report at 31.) and

(2) "This would then keep the barge on the western side of the IHNC with a tendency to move toward the southwest." (Dooley Report at 31.),

the Court finds that these opinions should be stricken as Dr. Dooley has not been tendered as an expert in the movement of a barge and such opinions have nothing to do with his expertise as a meteorologist. Furthermore, such opinions are not actually helpful to the trier of fact, although clearly the Court takes cognizance that some force is necessary to make a barge move. However, this expert shall be allowed to testify fully as to wind direction and velocity as to any relevant time period at issue in this case. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** insofar as testimony concerning his opinion concerning the movement of the barge is **STRICKEN** and **DENIED** in all other respects.

**Lafarge Motion in Limine to Exclude Expert Testimony by Melvin Spinks (Doc. 19444)**

**IT IS ORDERED** that the motion is **DENIED**.

**Lafarge Motion in Limine to Exclude Expert Testimony by Robert Bartlett (Doc. 19445)**

Mr. Bartlett has been tendered as an expert metallurgist. As such, for the most part, the motion has no basis. However, as to the last opinion at p. 8 of his report which states, "[t]he evidence demonstrating that the ING 4727 created a breach at the south end of the IHNC east floodwall confirms the plausibility of the testimony by Mr. Villavaso that he observed a barge create the initial damage to the north breach of the IHNC east floodwall," this opinion does not aid the trier of fact as the Court can make the appropriate inferences as to whether the testimony of Mr. Villavaso is credible. Accordingly,

**IT IS ORDERED** that the motion is **DENIED** except as to the reference noted above concerning whether Mr. Villavaso's testimony is plausible as to which the motion is **GRANTED**.

**Lafarge Motion to Strike Portions of Expert Report of Don Green (Doc. 19446)**

**IT IS ORDERED** that the motion is **DENIED** except as to Opinions 5.6 and 5.7 at page 8 of the Report which are opinions of law which are in the province of the Court. The motion is

4

**GRANTED** with respect to Opinions 5.6 and 5.7. In addition, Mr. Green will be able to testify as to all other opinions including, but not limited to Opinion 5.3 and 5.8.

**Daubert Motion to Strike Testimony of Daniel Ryan (Doc. 19448)**

**IT IS ORDERED** that the motion is **DENIED**.

**Barge Plaintiffs' Motion to Exclude Testimony of D. Phillip Skaer, II (Doc. 19449)**

**IT IS ORDERED** that the motion is **DENIED**.

**Barge Plaintiffs' Motion to Exclude Testimony of Robert Bea (Doc. 19450)**

**IT IS ORDERED** that the motion is **DENIED.**

**Barge Plaintiffs' Motion to Exclude Testimony of Charles Cushing (Doc.19462)**

The primary attack by plaintiffs on this expert's testimony concerns his reliance, at least in part, on the testimony of a non-testifying expert witness Dr. Larry Dagget. It appears that Mr. Dagget's opinion is the type of evidence contemplated under Rule 703 which states "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." "Fed. R. Evid. 703. *See* Fed. R. Evid 702 advisory committee's note (the term "data" is intended to encompass the reliable opinions of other experts)." *General Electric Capital*, 2004 WL 5495590 at *4.

Thus, the Court finds Dr. Cushing may testify and render opinions based upon Dr. Dagget's report; however, Dr. Dagget's report as attached to Dr. Cushing's Report is inadmissible and shall be stricken. However, the Court reserves the right to admit it at trial in the event that it finds its probative value would assist the trier of fact. Accordingly,

**IT IS ORDERED** that the motion is **DENIED** as except with respect to the attached expert report of Mr. Dagget about which the motion is **GRANTED**.

New Orleans, Louisiana, this __6th__ day of January, 2010.

>  
> **STANWOOD R. DUVAL, JR.**  
> **UNITED STATES DISTRICT COURT JUDGE**