UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO * | | MAG. WILKINSON |
| * | | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER
THAT ALL FEES BE SUBJECT TO COURT REVIEW PER CMO NO. 4**

**NOW INTO COURT**, through undersigned counsel, comes the Katrina Canal Breaches Litigation Plaintiffs Liaison Counsel, MRGO Subgroup Liaison Counsel, Robinson Trial Counsel on behalf of themselves and other interested attorneys, (hereinafter collectively referred to as "Movers"), having contributed to the trial preparation of those issues more fully set forth in the MRGO Master Amended and Supplemental Class Action Complaint, the MRGO, *Robinson* (06-2268) merits trial, and the liability Decision and Order issued in MRGO, *Robinson* (06-2268) on November 18, 2009, holding the United States Army Corps of Engineers liable for flooding damage caused during Hurricane Katrina in St. Bernard Parish and the Lower Ninth Ward, who respectfully request this Honorable Court enter a Case Management Order establishing an organizational system for the compensation of common benefit plaintiffs' attorney fees and expenses, upon consideration of the following:

1.) Through the efforts of Movers and others, extensive and valuable professional services have been performed and expenses incurred for the common benefit of all individual plaintiffs, all individual plaintiffs counsel, and all *pro se* plaintiffs with claims against the United States Army Corps of Engineers for flooding damage resultant from Hurricane Katrina, as those claims have been defined in the MRGO Master Amended and Supplemental Class Action Complaint.

2.) The *Manual for Complex Litigation, Fourth Edition* recognizes that a common benefit fund for fees and expenses incurred is appropriate where attorneys' efforts create or preserve a benefit for others in addition to their own clients even where the matter is not a class action. § 14.11 *Manual for Complex Litigation* (4th Ed. 2004) and see, Boeing Co. V. Van Gemert, 444 U.S. 472 (1980); Mills v. Elec. Auto Lite Co., 396 U.S. 375 (1970); Sprague v. Ticonic National Bank, 307 U.S. 161 (1939).

3.) This Court, in conformity with the management protocols established by The *Manual for Complex Litigation, Fourth Edition,* consolidated thousands of actions under the MRGO Master Amended and Supplemental Class Action Complaint, Civil Action No. 05-4182 (K), and subsequently stayed all individual proceedings to permit resolution of liability under the MRGO, *Robinson* plaintiffs' case. Under Case Management Order No. 4, (Document 3299) this Court has recognized that:

> "[T] his group of attorneys has committed substantial time and monetary resources toward research regarding the development of the MRGO and the Federal Tort Claims Act, reviewed tens of thousands of pages of documents from the Corps, interviewed dozens of eyewitnesses, engaged the services of many expert scientists, established financial structure to the group, and devised a litigation plan for individuals to seek reparations for their damages. Further, the Group has expanded in a number of participating attorneys and each participating attorney has entered into a funding and representation agreement."

4.) More than twenty law firms have collaborated toward the verdict in the *Robinson* litigation and have expended over $8 million dollars in evaluating the facts and law, and developing the science necessary to achieve this verdict. Much of the pre-trial efforts of counsel were for the benefit of both the MRGO putative class as well as the MRGO, *Robinson* plaintiffs. It may also be that under principals of equitable estoppel, the United States and the MRGO putative class members may ultimately find their rights to have been decided by the final ruling in MRGO, *Robinson*.

5.) Under CMO No. 4, (Document 3299) this Court exercised its right to control and monitor fees:

> "(7) <u>Control of Fees</u>
>
> The Court shall to the maximum extent allowed under the law control the fees and expenses that may be ultimately awarded in these proceedings. The Court will discharge its obligation and insure that parties to the litigation will be treated fairly and justly. In order to assist the Court in discharging this obligation, all counsel shall keep a daily record of time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, the location, and particular activity. The failure to maintain such records will be grounds for denying Court-awarded attorney's fees, as will an insufficient description of the activity (such as "research" or "review" of correspondence")."

6.) Given the massive infusion of both time and money over the last 4 years of this hard fought litigation, Movants' request that this Court assert its right to evaluate the compensation and distribution of fees associated with the benefit bestowed on all plaintiffs by virtue of the efforts of the Movers who have participated in achieving this verdict. As set forth, in CMO No. 4, the purpose of this monitoring function would be to compensate common benefit counsel for fees and expenses that they incurred for the benefit of any entity receiving compensation, by way of verdict, settlement, or other compensation program set forth by the United States of America for loss or damage sustained as a result of the conduct as alleged in the MRGO Master Amended and Supplemental

Class Action Complaint as well as the MRGO, *Robinson* Complaint and Opinion, entered November 18, 2009.

WHEREFORE, Movers pray for Entry of an Order requiring all settlements and fees to be submitted to the Court for review and evaluation as described in Paragraph 7, of CMO 4 and paragraph 5, *supra*.

                                                  **Respectfully Submitted,**

                                                  **PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com


MR-GO   PLAINTIFFS   SUB-GROUP LITIGATION COMMITTEE

    /s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796


**O'Donnell & Associates P.C.**

    /s/ Pierce O'Donnell
Pierce O'Donnell (*pro hac vice*)
550 S. Hope St., Suite 1000
Los Angeles, California 90071
Phone: (213) 347-0290
Fax: (213) 347-0298

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 14th day of January, 2010.

        /s/ Joseph M. Bruno
        Joseph M. Bruno