UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| SHOUN EVANS | * CIVIL ACTION NO.: 09-2611 |
| | * |
| | * JUDGE: STANWOOD R. DUVAL, JR. |
| VERSUS | * |
| | * MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| NATIONAL LLOYDS INSURANCE | * |
| COMPANY | * |
| | * |
| Severed from Alexander (07-cv-4538) | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO ORIGINAL AND AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, National Lloyds Insurance Company, (hereinafter referred to as "National Lloyds"), who responds to Plaintiff's Original and Amended Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant alleges that plaintiff's claims are barred by prescription.

## THIRD DEFENSE

Defendant alleges that the policy which it issued is a dwelling policy only, not an "all risk" or homeowner's policy, that it provides no coverage for loss of use or loss of contents, and that coverage is specifically limited by the terms, conditions, insuring clauses and exclusions of the policy, all of which are pled herein by reference as though copied herein in extenso.

## FOURTH DEFENSE

Defendant alleges that there is no coverage for any property damage resulting either directly or indirectly from flood, as the policy provides as follows:

> "**A. We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> ....................................................................................
>
> 3. **Water Damage**, meaning:
> a. flood, surface water, waves, tidal water, overflow of a body or water, or spray from any of these, whether or not driven by wind;"

## FIFTH DEFENSE

It is alleged that any property losses sustained by plaintiff was occasioned by causes for which the dwelling policy issued by defendant affords no coverage.

## SIXTH DEFENSE

All sums due and owing plaintiff was promptly paid pursuant to the terms and conditions of the policy of insurance and Louisiana law, and no further insurance proceeds are owed to plaintiffs.

## SEVENTH DEFENSE

And now, responding to the individual allegations of the Original and Amending Complaint, defendant respectfully represents:

## ORIGINAL COMPLAINT

1.

Denied.

2.

Denied.

3.

Denied.

4.

Denied.

5.

Denied.

6.

Denied.

7.

Denied.

8.

Denied.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

**SEVERED COMPLAINT**

1.

Admitted.

2.

Denied.

3.

Admitted upon information and belief.

4.

Denied.

5.

Denied.

6.

Denied.

7.

Denied.

8.

Denied.

9.

Denied.

10.

Admitted.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

**WHEREFORE**, defendant prays that there be judgment in its favor, and against plaintiff, rejecting the demands of plaintiff, and for such further legal and equitable relief as the nature of the case may permit.

Respectfully Submitted,

ALLEN & GOOCH
A Law Corporation

_____
John R. Walker #2165
3900 N. Causeway Suite 1450
Metairie LA 70002
Ph:  504.836.5210
Fax: 504.836.5215
Email: johnwalker@allengooch.com
Attorneys for National Lloyds Insurance Company

**CERTIFICATE OF SERVICE**

**I hereby certify** that a copy of the above and foregoing has been or was filed electronically with the Clerk of Court using the CM/ECF system and served on all counsel of record via facsimile this __14__ day of January, 2010.

_____
John R. Walker