**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                 NO. 05-4182

PERTAINS TO BARGE                                SECTION "K"(2)
*Weissler v. Seymour, et al 09-2737*


<u>ORDER AND OPINION</u>

Before this Court is the Motion to Dismiss for Failure to State a Claim under Fed. R. Civ.

Pro. 12(b)(6) filed on behalf of defendant attorneys Richard Seymour, Alan Fuchsberg, Brian

Gilbert, and Lawrence Wilson (Doc. 18959). Having reviewed the pleadings, memoranda, and

relevant law, this Court, for the reasons assigned, converts this motion to a motion for summary

judgment pursuant to Fed. R. Civ. Pro. 12(d).

**BACKGROUND**

This is a contract dispute arising out of the "Barge Case" of the "Katrina Breaches

Litigation." Dr. Richard Weisler, the plaintiff, is a psychiatrist who worked for the Barge

Plaintiffs' Litigation Steering Committee ("BPLSC") in an effort to certify a proposed

"emotional injury" subclass[1]. Alan Fuchsberg, an attorney representing the Barge plaintiffs, first

contacted Dr. Weisler via email on May 14, 2008. Mr. Fuchsberg told Dr. Weisler that he was

part of a "small group of attorneys" representing the Barge plaintiffs and explained the

"emotional injury" subclass project to Dr. Weisler. Dr. Weisler agreed to take on the project and

---

[1]The BPLSC eventually abandoned the emotional subclass theory.

thereafter had periodic contact with Mr. Fuchsberg and the other attorneys comprising the

BPLSC to discuss his findings.  In late June, 2008, Dr. Weisler submitted a report to the BPLSC.

Dr. Weisler filed suit against both the individual attorneys comprising the BPLSC and

their law firms[2] to collect his unpaid fees[3].  Thereafter, BPLSC attorneys Richard Seymour, Alan

Fuchsberg, Brian Gilbert, and Lawrence Wilson ("the Defendants") filed the instant motion to

dismiss themselves, as individuals, from Dr. Weisler's lawsuit.

## LAW AND ANALYSIS

Fed. R. Civ. Pro. 12(d) states: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated

as one for summary judgment under Rule 56."  A district court has complete discretion to accept

or exclude the "matters outside the pleading." General Retail Services, Inc. v. Wireless Toyz

Franchise, LLC, 255 Fed.Appx. 775, 783 (5th Cir. 2007).  Dr. Weisler has submitted several

documents to this Court which support his position that the Defendants did not disclose to him

the existence of an agency relationship between the Defendants and their law firms at the time

they contracted with Dr. Weisler.  This Court exercises its discretion to accept the documents

and convert the motion to a motion for summary judgment.

There are two central issues in the motion for summary judgment.  The first is whether

---

[2]Richard T. Seymour, P.L.L.C.; The Jacob D. Fuchsberg Law Firm, LLP; The Law Office of Brian A. Gilbert, P.L.C.; Wiedemann & Wiedemann, P.L.C.; and Wilson, Grochow, Druker & Nolet.

[3]Dr. Weisler billed 448.75 hours at $600/hour ($272,049.56 total including travel expenses).  The defendants dispute the quality of Dr. Weisler's work and his billable hours but agree that he did, in fact, submit a report.

Dr. Weisler knew or should have known of an agency relationship between the Defendants and their law firms at the time he contracted to undertake the emotional subclass project. The second is whether the BPLSC is a legal entity that can shield the Defendants from individual liability[4]. Absent evidence to the contrary, this Court is not inclined to find that the BPLSC is a legal entity that would shield the Defendants from individual liability. Therefore, the Defendants must either establish that Dr. Weisler knew or should have known of the agency relationship between the Defendants and their law firms, see LSA-C.C. Art. 3017 ("[a] mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract"), or provide evidence showing the BPLSC to be a legal entity in order to prevail on this motion for summary judgment.

Pursuant to Fed. R. Civ. Pro. 12(d)[5], this Court grants the parties 30 days from the date of entry of this order within which to conduct discovery relevant to this motion for summary judgment. This Court further orders that, not later than March 8, 2010, the Defendants shall file a memorandum in support of the motion for summary judgment, and Dr. Weisler shall, not later than March 15, 2010, file his opposition to the motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim be converted into a motion for summary judgment.

**IT IS FURTHER ORDERED** that the parties shall open discovery, that the Defendants

---

[4]Dr. Weisler's complaint appears to concede that the BPLSC was a disclosed principal.

[5]Rule 12(d) provides, in pertinent part: "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

memorandum in support of the motion for summary judgment be filed with this Court no later

than March 8, 2010, and that Dr. Weisler's opposition be filed with this Court no later than

March 15, 2010.

New Orleans, Louisiana, this 21st day of January, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE