UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NUMBER: 05-4182 "K"(2) |
| | * | |
| | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: MRGO | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

OPPOSITION TO MOTION TO LIFT STAY

NOW INTO COURT, through undersigned counsel, comes the MRGO PSLC, which

opposes the Motion to Lift Stay (Rec. Doc. 19556) filed by Daniel E. Becnel, Jr. and the Becnel

Law Firm, LLC, for the following reasons:

I.

FACTS

As a result of numerous and substantial levee breaches and overtoppings during hurricane

Katrina, numerous lawsuits filed in the United States District Court for the Eastern District of

Louisiana against the United States Corps of Engineers and associated entities were consolidated

before Judge Stanwood R. Duval Jr., Judge, Section "K," under the caption *In Re: Katrina Canal*

*Breaches Litigation*, USDC, EDLA, No 05-4182.  The Court entered Case Management Order

No. 4 (CMO No. 4) on March 1, 2007 to govern the conduct of the parties, with subsequent

Orders modifying the provisions of CMO No. 4.  On May 29, 2007, the Court entered a Master

Protective Order regulating the exchange of information designated as "CONFIDENTIAL

INFORMATION or PARTY SENSITIVE CONFIDENTIAL INFORMATION." (Rec. Doc.

5393).

As part of its obligations in pursuing discoverable information relative to class certification from the defendant United States of America, the PSLC moved to compel the defendant to produce materials responsive to certain Requests for Production, in particular Request for Production No. 1.   This request sought "a copy of every Form 95 that sets forth a claim by any Louisiana citizen against the United States Army Corps of Engineers for losses arising on connection with Hurricane Katrina."  The PSLC urged the court to compel this production because:

> "[t]he RFD sought all Louisiana claimants' SF-95's and the USA will only produce those for the named Class and Subclass representative plaintiffs. Redacted documents or disks can be produced, but if class certification is granted, the Levee PSLC will represent all non-opt out plaintiffs and the economically more sensible solution is for the USA to produce complete copies of all Form 95's subject to a return if class certification is denied."  (Rec. Doc. 5427-2, p. 9).

The Court granted the Motion to Compel relative to Request for Production No. 1, provided that the produced materials would be subject of the Master Protective Order (Rec. Doc. 5393).  In response, the United States withdrew its objection to the Request for Production, and agreed to make available to inspection (in accordance with a previously approved document production protocol) "spreadsheets of information regarding the approximately 32,000 Hurricane Katrina claims processed by the Corps of Engineers." (Rec. Doc. 6299).  All such data was ordered to be treated as "CONFIDENTIAL INFORMATION" pursuant to the Master Protective Order, (Rec. Doc. 5393) as well as the Privacy Act. 5 U.S.C. 552a(b)(11).

Since that time, the Court has entered a number of stay orders pertaining to the various aspects of the Katrina Canal Breaches Litigation, pending resolution of various issues.  Without specifying which stay order he wanted lifted, Daniel Becnel (on behalf of himself an various "co-

counsel" law firms[1]) filed a Motion to Lift Stay on January 8, 2010, undoubtedly the first step in an effort to obtain access to the entire database of SF-95 claimants through the guise of confirming his clients identity and representation as recorded in the database.  However, the Court should view Mr. Becnel's motion with skepticism; the subterfuge of Mr. Becnel's efforts are revealed in the examination of the website of Mr. Becnel's cohort law firm Parker, Waichman, Alonso, LLP, which has commenced a concerted effort to recruit affected New Orleans citizens into their client database with the following ad:

> "If you live in any of the Louisiana zip codes impacted by MRGO flooding, filed SF Form 95 claims with the Army Corps of Engineers on or before Aug. 29, 2007, and have yet to retain an attorney, you must act now to protect your legal rights. Please fill out our online form or call 1 800 LAW INFO (1-800-529-4636) to arrange for a free consultation with one of our experienced MRGO flooding lawyers." (See Exhibit 1).

Mr. Becnel is keenly aware of other, less intrusive means to fulfill his "stated" intent of confirming his clients' inclusion in the SF-95 database.  The Corps of Engineers has continuously maintained a claims staff to respond to claimant's inquiries regarding their current address and phone number, as well as "whether and by whom they are represented." (See Exhibit 2).  Additionally, Joseph Bruno, in his capacity as Plaintiffs Liaison Counsel, has offered to verify the inclusion Mr. Becnel's list of amassed claimants in the database. [2] (See Exhibit 3).  Therefore, Mr. Becnel need only advise his already existing clients to contact the Corps and

---

[1] The association of movants includes: Becnel Law Firm, LLC, Parker, Waichman and Alonso, Law Office of A.J. Rebennack, Law Office of Sidney Torres, Archuletta Law Firm, Lambert and Nelson, Law Offices of Ronnie G. Penton, Law Offioce of Robert Becnel, Law Office of Daniel E,. Becnel, III and all members of Becnel Law Firm.

[2] It should be noted that if the claims that Mr. Becnel wants verified are excessive, or if his database of claimants is corrupted, there may be costs associated with the request.

3

verify their inclusion in the government's database of claimants, or tender his list of claimants to Liaison Counsel, and his "stated" ends will be served.

As a result, the MRGO PSLC asserts that the motion to lift the stay filed by Daniel E. Becnel, Jr. and the Becnel Law Firm, LLC is simply the first step of a subversive effort to obtain information outside the permissible scope of disclosure established in CMO No. 4.   As such, the MRGO PSLC urges that the Court deny the Motion to Lift Stay filed by Mr. Becnel.

## II.

## ARGUMENT

## A.     THE SF 95 DATABASE IS PROTECTED BY THE PRIVACY ACT

Standard Form 95 ("Form 95" or "SF-95") is a form administrative complaint for the submission of claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, to the appropriate federal agency.  Congress enacted the Privacy Act, 5 U.S.C. § 552a, in order to protect the privacy of personal and financial data maintained in federal information systems. The Act regulates the collection, maintenance, use, and dissemination of information by such agencies." Statement of Purpose, Act of Dec. 31, 1974, Pub.L. No. 93-579, § 2, 88 Stat. 1896.

The SF-95 database is such an informational system protected by the Privacy Act, as asserted by the Department of Justice in its pleading in this case. (See Rec. Doc. 62886).[3] Through discovery, as part of its' obligation to prosecute class certification efforts, the LEVEE and MRGO PSLCs pressed the defendant United States to produce the SF-95 database, with the defendant acceding to the Court's order granting a Motion to Compel by producing the SF-95

---

[3] "[T]he SF-95 databases contain information that is protected by the Privacy Act." (Rec. Doc. 6286).

4

database to Liaison Counsel pursuant to a Master Protective Order (Rec. Doc. 5393).[4]

## B.      THE PRIVACY ACT

Congress enacted the Privacy Act, 5 U.S.C. § 552a, in order to protect the privacy of

personal and financial data maintained in federal information systems and regulates the use and

dissemination of this information.  Kimberlin v. U.S., 788 F.2d 434, 436 (6th Cir.1986).  The

Privacy Act being part of the Administrative Procedures Act (5 U.S.C. § 551 et seq. ("the

APA")), standards have been instituted to prevent the disclosure of this information to non-

authorized recipients that "would constitute a clearly unwarranted invasion of personal privacy."

FLRA v. U.S. DOD, 984 F.2d 370, 374 (10th Cir.1993).  The Privacy Act limits access to any

"record"  contained in a "system of records" without the consent of the individual to whom the

record pertains unless disclosure is requested by Congress, a court, an authorized agency, or

certain specifically qualified persons, or is required by FOIA.  Greentree v. U.S. Customs

Service, 674 F.2d 74, 77 (C.A.D.C., 1982).  The conditions for disclosure are specified as

follows:

> **"(b) Conditions of disclosure.**--No agency shall disclose any
> record which is contained in a system of records by any means of
> communication to any person, or to another agency, except
> pursuant to a written request by, or with the prior written consent
> of, the individual to whom the record pertains, unless disclosure of
> the record would be–
>
> (1) to those officers and employees of the agency which maintains
> the record who have a need for the record in the performance of
> their duties;

---

[4] "In light of the Court's order granting the Plaintiff's Motion to Compel with respect to request for
production No. 1 and thereby ordering the United States to produce unredacted copies of the requested SF-95s, and
in the interest of judicial economy, the United States hereby withdraws its objections..." (Rec.Doc. 6286).

(2) required under section 552 of this title;

(3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;

(4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13;

(5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(6) to the National Archives and Records Administration as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Archivist of the United States or the designee of the Archivist to determine whether the record has such value;

(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

(8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;

(9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;

(10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the Government Accountability Office;

6

(11) pursuant to the order of a court of competent jurisdiction; or

(12) to a consumer reporting agency in accordance with section 3711(e) of title 31.

Mr. Becnel's stated attempts to "confirm and verify, that our clients are on the list produced by the government acknowledging receipt of all clients form 95s" is not an enumerated condition for disclosure.  Of the enumerated conditions, only two are arguably within the realm of Mr. Becnel's purview: Condition 2 (Freedom of Information Act) and Condition 11 (court order).

Relative to Condition 11, the court should note that the database in question was produced by the defendant for the limited purpose of discovery relative to class certification, *supra*.  Magistrate Wilkinson was concise and specific in overruling the defendant's objections to the production of the SF-95 database:

> "The Privacy Act has an exception that allows disclosure of records "pursuant to the order of a court of competent jurisdiction. "Id. §552a(b)(11).  This is such a court and such an order.  The objection that the request is overly broad and unduly burdensome is both a relevance objection under Def. R. Civ. P. 26(b)(1) and a proportionality objection under Fed. R. Civ. P. 26(b)(2)(C).  I find that the records sought by Request for Production NO. 1 are vitally material, extraordinarily relevant and absolutely calculated to lead to the discovery of admissible evidence... I find that the benefits of production outweigh the burden or expense of production. "

Clearly, then basis for the disclosure of the SF-95 database was to serve the purpose of the class certification aspect of the proceeding, and no other.  Mr. Becnel's motion utterly fails to address this material issue in any way.

Condition 2 is regulated by the Freedom of Information Act, 5 U.S.C. § 552, which generally requires disclosure of information.  However, Congress created exemptions to its

7

general policy of full agency disclosure under the FOIA "because it realized that legitimate

governmental and private interests could be harmed by release of certain types of information."

Flightsafety Services Corp. v. Department of Labor, 326 F.3d 607 (C.A.5 (Tex.),2003), citing

United States Dep't of Justice v. Julian, 486 U.S. 1, 8, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988).

     In particular, Congress exempted information in "personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).  To determine whether disclosure constitutes a "clearly

unwarranted invasion of personal privacy," the court must balance the harm to the individual

whose privacy interest is breached against the public interest served by disclosure. Department of

the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); Andrews

v. Veterans Administration of the United States, 838 F.2d 418, 422 (10th Cir.), *cert. denied,* 488

U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 35 (1988).

     The Ninth Circuit Court of Appeals has provided additional guidance for the Court's

consideration, seemingly accepted by the Fifth Circuit in light of the appellate court's *de novo*

review of a lower court's determination of any claimed exemption by an agency.  Flightsafety

Services Corp, *supra* at 611.  These four factors include: (1) the plaintiff's interest in disclosure;

(2) the public interest in disclosure; (3) the degree of the invasion of personal privacy; and (4) the

availability of any alternate means of obtaining the requested information. Van Bourg, Allen,

Weinberg & Roger v. NLRB, 728 F.2d 1270, 1272 (9th Cir.1984);  Church of Scientology of

California v. United States Department of the Army, 611 F.2d 738, 746 (9th Cir.1979).

## C.    MR. BECNEL'S COMMERCIAL INTERESTS ARE A CLEARLY UNWARRANTED INVASION OF PRIVACY

An assessment of whether the disclosure of a particular person's information would constitute a clearly unwarranted invasion of personal privacy requires a balancing of an individual's right to privacy in any information associated with him or her against the public interest in disclosure.  Dept' of the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976).  As the United States Supreme Court has emphasized, the FOIA's basic policy of full agency disclosure unless information is exempted under clearly delineated statutory language ... indeed focuses on the citizens' right to be informed about what their government is up to.  U.S. Dep't of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

The Supreme Court has narrowly defined the "public interest" relevant to exemption 6 balancing as "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to the public understanding of the operations or activities of the government." U.S. Dept. of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 114 S.Ct. 1006 (U.S.,1994).  Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose.  However, that purpose is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct.  Sherman v. U.S. Dept. of Army, 244 F.3d 357 (C.A.5 (Tex.),2001).

In the present case, Mr. Becnel does not intend to discover anything about the conduct of the agency that has possession of the requested records.  Indeed, a response to his request would

not shed any light on the conduct of any government agency or official.  When this factor is considered in light of the advertisement of the Parker firm, the efforts of Mr. Becnel are seen as squarely designed for commercial purposes.  As has already been evaluated by the Ninth Circuit Court of Appeals, the use of a list of names maintained by a federal agency for advertising purposes confers no public benefit weighing in favor of disclosure.  Minnis v.United States Department of Agriculture, et. al, 737 F.2d 784 (9th Cir (1984), *cert. denied*, 471 U.S. 1053, 105 S.Ct. 2112, 85 L.Ed.2d 477 (1985).

   In Minnis, the owner of a lodge on a scenic river brought an action under the FOIA to compel the Forest Service to disclose the names and addresses of applicants for permits to travel on the river in order to advertise his lodge to people who were interested in visiting the river.   As the owner's principle interest was commercial, and was unable to prove that government disclosure of the list of applicants was needed to inform the interested public, the Ninth Circuit found that the owner was not entitled to the information sought because the  disclosure would confer no discernible public benefit and would entail more than a minimal invasion of privacy. Id., at 788.

   This ruling substantiates the long standing axiom that there are few things which pertain to an individual in which his privacy has traditionally been more respected than his own home. As eloquently stated by United States Chief Justice Burger, "[t]he ancient concept that a man's home is his castle into which not even the king may enter has lost none of its vitality." Rowan v. United States Post Office Dept., 397 U.S. 728, 737, 90 S.Ct. 1484, 1491, 25 L.Ed.2d 736 (1970). In the present case, disclosure of the requested database would involve the release of each claimant's home address, information that the individual may fervently wish to remain confidential.

Clearly then, Mr. Becnel would not be able to convince a Court that the SF-95 database should be disclosed to him pursuant to Condition 2 of the Privacy Act's disclosure exceptions.

## III.

## CONCLUSION

Mr. Becnel's motion has passingly addressed only one of the four necessary factors for disclosure of the SF-95 database, that being the plaintiff's interest in disclosure.  Mr. Becnel's "stated" intention to confirm and verify the database to assure that his clients have been included can only be viewed as factitious because the opportunity to present an administrative claim for losses resultant from hurricane Katrina has long expired.  Thus, Mr. Becnel's clients are either included in the database of claimants or they are not.

Contrastingly, the release of the database to Mr. Becnel does not inure to the benefit of the public because he has no intention of evaluating the conduct of the agency that has possession of the requested records.  When weighed against the substantial invasion of personal privacy[5] of those individuals that have not sought Mr. Becnel's representation, especially considering the availability of an alternate means of obtaining the requested information, *supra*, the disclosure of the SF-95 database would constitute a clearly unwarranted invasion of personal privacy.

WHEREFORE, the MRGO PSLC, prays that this Honorable Court deny the Motion to Lift Stay.

---

[5] The "disclosure of names and addresses in government files 'would implicate more than a minimal privacy interest.'" Multnomah County Medical Soc. v. Scott, 825 F.2d 1410, 1415 (9th Cir. 1987); Heights Community Congress v. Veterans Administration, 732 F.2d 526, 529 (6th Cir. 1984); *cert. denied*, 469 U.S. 1034, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984); United States v. Liebert, 519 F.2d 542, 548 (3d Cir.), *cert. denied,* 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975).

Respectfully Submitted,
PLAINTIFFS' LIAISON COUNSEL

/s/      Joseph M. Bruno
JOSEPH M. BRUNO
Law Offices of Joseph M. Bruno
LA Bar Roll Number: 3604
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796

For
MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE
Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles,
CA)
James Parkerson Roy (Domengeaux, Wright, et al.,
Lafayette, LA)

12

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above referenced pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 26th day of January, 2010.

                                                    /s/ Joseph M. Bruno
                                                  _____

                                                  Joseph M. Bruno

Respectfully Submitted,

PLAINTIFFS' LIAISON COUNSEL

/s/      Joseph M. Bruno
JOSEPH M. BRUNO
PLAINTIFFS LIAISON COUNSEL
Law Offices of Joseph M. Bruno

LA Bar Roll Number: 3604

855 Baronne Street

New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

MR-GO PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE


s/ James Parkerson Roy
JAMES PARKERSON ROY

MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511

Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: (337) 233-2796

For

MR-GO PLAINTIFFS SUB GROUP LITIGATION
COMMITTEE

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles,
CA)
James Parkerson Roy (Domengeaux, Wright, et al.,
Lafayette, LA)


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above referenced pleading upon all known

counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail,

properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic

transmission this 12th day of January, 2010.

    /s/ Joseph M. Bruno

Joseph M. Bruno