IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | No.   05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| | * | |
| MRGO, *ALL CASES* | * | |
| | * | |

**********************************************************************************

**MEMORANDUM IN OPPOSITION TO MOTION FOR AN ORDER
THAT ALL FEES BE SUBJECT TO COURT REVIEW PER CMO NO. 4 (R. Doc. 19568)**

NOW INTO COURT, comes Daniel E. Becnel, Jr., individually and on behalf of numerous referral lawyers, including Parker Waichman Alonso, A.J. Rebennack, Michael Archuleta, and number others who collectively represent 42,647 clients who have filed Form 95'2 in the MRGO case, as well as Form 95's in the Levee Failure case, and filed the necessary pleadings in the Dredging cases that are presently pending before the U.S. Fifth Circuit Court of Appeals.   Counsel for plaintiff, Daniel E. Becnel, Jr. and the Becnel Law Firm, LLC opposes the Motion For An Order That All Fees Be Subject To Court Review Per CMO No. 4 as premature.

On January 8, 2010, my firm filed a motion to lift the stay and get the list of clients from Liaison Counsel (R.Doc.19556).   Mr. Bruno, as Liaison Counsel, refused to perform his duties and release the list of clients to Daniel E. Becnel, Jr. and his referral lawyers.   In addition, Mr. Becnel expressed to Mr. Bruno that well over 50,000 packages had been sent to people who were adversely affected and many had filed Form 95's against the U.S. Army Corps of Engineers and

placed our name as their attorney but did not put our address and, therefore, we never received a copy.  The purpose of the request to Mr. Bruno, as Liaison Counsel, was to make sure that the list that was transmitted to Mr. Bruno by the U.S. Attorney's Office from Washington, D.C., had no errors concerning who we represented and who may have sent in names stating we represented them but we had no record of the U.S. Army Corps of Engineers and or the U.S. Attorney notifying us.  Despite repeated requests, Mr. Bruno continually refused to supply this information, which is a breach of his duty as Liaison Counsel.  When the Becnel motion was filed, the U.S. Attorney's Office contacted Daniel E. Becnel, Jr. and stated they had no objection to us obtaining the list.  That the purpose of furnishing this list to Mr. Bruno was so he could disseminate this information to the attorneys involved.  See letter sent by James F. McConnon, Jr., attached hereto and marked Exhibit "A."

Even after receiving this letter, Mr. Bruno refused stating that the list was proprietary to him and could not disseminated by Court Order, which upon information and belief is false.

In addition, because of the large number of clients that the Becnel firm had in the various pieces of litigation, Becnel Law Offices were involved in every aspect of the litigation related to Hurricane Katrina, from thousands of insurance damage claims, Murphy Oil claims, dredging claims in the limitation actions, levee failure claims (which ultimately settled), the MRGO case, representing public entities such as the Orleans Parish School Board, to name a few, and businesses and personal injury claims, including death claims.

The Becnel Law Firm provided numerous lawyers who worked for years on these various cases, including Will Percy, who was assigned to work at Mr. Bruno's office and Mr. Lambert's office dealing with reviewing documents, preparing motions, doing legal research, and conferring with clients.  In fact, Daniel E. Becnel, Jr. was asked to join the MRGO group, even

though he was assigned to the Levee group, but because of Mr. Bruno's ethics problem, the MRGO group could not cash the check of Daniel E. Becnel, Jr.  See attached marked Exhibit "B."  In fact, Mr. Becnel's check was not returned to him until after September 25, 2007 even though it had been received by the MRGO group in April of 2007.

It should be noted that the two major experts in the case were immediately retained by Daniel E. Becnel, Jr., Prof. Bea and a Real Estate Expert, Dr. John Kilpatrick.  Since Mr. Becnel had a contract with each, the MRGO group, through Mr. Bruno, asked if these two experts could also be used throughout the litigation, which Mr. Becnel agreed to.

Prof. Bea was originally retained by Daniel E. Becnel, Jr. and Camilo Salas, III shortly after Hurricane Katrina.  Mr. Becnel, Mr. Arsenault and Mr. Joe Cotchett met with Prof. Bea at Stanford to outline the MRGO case.  Mr. Salas and Mr. Becnel met with Prof. Bea at the La Papillon Hotel and at other locations concerning the MRGO case, the Levee Failure case and the dredging case.

Mr. Becnel originally hired Dr. Kilpatrick, a real estate expert, in the Murphy Oil case, as well as the MRGO case, the Levee Failure case and the dredging case.

Ultimately, Mr. Pierce O'Donnell requested that Daniel E. Becnel, Jr. help fund various public relation efforts undertaken by the MRGO group and specifically, Pierce O'Donnell.  See check in the amount of $50,000.00 which was utilized for that effort, marked Exhibit "C."

It is important that the issue of providing the list to the various lawyers who would like to check their databases and make sure that the contracts retaining lawyers through the various pieces of litigation, including the MRGO case, are accurate and correct.  Code of Professional Responsibility requires constant communication with clients, which we cannot do if a Form 95 was filled out by the client, sent in to the Corps of Engineers, but they did not put our address so

our office did not get copies so we could compare the list.

In addition, Mr. Bruno has stated that from the Levee Failure settlements that are presently pending before this Court, he would like to recover all of the costs of the MRGO cases until a final judgment in the MRGO cases are concluded, which request is premature.

No notice has been disseminated to all of the persons who may be affected, including tens of thousands of people who filed out Form 95's with no lawyer named.   This is a very serious issue which must be addressed immediately.   Mr. Bruno is not the only person on the MRGO case who can appear to handle these issues.   For the reason that time is of the essence, we object to a continuance and request this intervention to make our arguments known and heard to the Court.   Therefore, his motion should be denied.

    Respectfully submitted,
    */s/ Daniel E. Becnel, Jr.*
    Daniel E. Becnel, Jr., LA Bar # 2926
    Becnel Law Firm, LLC
    P.O. Drawer H
    Reserve, LA 70084
    985-536-1186
    985-536-6445   (Facsimile)
    dbecnel@becnellaw.com