UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | | CIVIL ACTION |
| CONSOLIDATED LITIGATION * | | |
| * | | NUMBER: 05-4182 "K"(2) |
| * | | |
| * | | JUDGE DUVAL |
| * | | |
| PERTAINS TO: MRGO, Robinson * | | MAG. WILKINSON |
| (No. 06-2268) * | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION TO TAX COSTS**</u>

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz, who in support of their Motion to Tax Costs, do state:

On November 18, 2009, after a 19 day trial, the Court entered judgement ruled in favor of Anthony Franz, Jr, Lucille Franz against United States of America; in favor of Tanya Smith against United States of America; in favor of Kent Lattimore against United States of America; in favor of Lattimore & Associates against United States of America. (Rec Doc. 19416).  Thus as a prevailing party, Plaintiffs are entitled to have the costs associated taxed against the defendant United States of America.

These verified costs are delineated in the attached Exhibits "A" & "B."

**TAXATION OF COSTS IS APPROPRIATE**

Federal Rules of Civil Procedure, Rule 54 sets forth in pertinent part:

(d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs

against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.

The rule establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). To overcome the presumption requires articulation of "a sound basis for doing so." *Id.* at 1039. The district court's determinations are reviewed for abuse of discretion. *See Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1288 (11th Cir. 2002) (reviewing denial of costs for abuse of discretion); *Technical Res. Servs. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1468 (11th Cir. 1998) (reviewing award of costs for "clear abuse of discretion").

Costs, then, are presumptively due unless the court has a "sound basis" for denying them.

Local Rule of court for the Eastern District specifies the delays for the motion as follows:

> "LR54.3E Memorandum of Costs
>
> Within 35 days after receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred. [Amended 12/1/2009]."

Generally, the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision.

> § 1920. Taxation of costs
>
> A judge or clerk of any court of the United States may tax as costs the following:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
>A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The costs that the Court can imposed is regulated by 28 U.S.C.A. § 2412, which holds as follows:

>§ 2412. Costs and fees
>
>(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
>
>(2) A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee.

## SPECIFIC COSTS TO BE TAXED

As a prevailing party, Plaintiffs are entitled to have the costs delineated in the attached Exhibits "A" & "B" taxed against the defendant United States of America. The taxing of said costs is authorized by statutory and jurisprudential, as discussed, *infra*.

*Court Reporters' Fees.* Court reporters' fees and costs of transcripts are recoverable if properly documented so as to prove that they were "necessarily obtained for use in the case." *See* §1920(2); Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997). Daily trial transcripts may be recoverable under compelling circumstances. See, e.g., United States v. Bexar County, 89 F.R.D. 391, 392 n.1 (W.D. Tex. 1981).

*Deposition Transcripts.* Court reporters' fees and costs of transcripts (copies) are recoverable if properly documented so as to prove that they were "necessarily obtained for use in the case." *See* §1920(2); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000); Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997). "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" W & O, Inc., 213 F.3d at 620-21 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981) (quoting §1920(2))). Included in the taxable costs for transcripts are fees for necessary video depositions, *see* Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996), and other costs, such as postage, "associated with the depositions submitted by the parties in support of their summary judgment motions," W & O, Inc., 213 F.3d at 621 (quoting Tilton v. Capital Cities/ABC, Inc., 115 F. 3d 1471, 1474 (10th Cir. 1997)). The judge has great latitude in determining whether a deposition was "necessarily obtained for use in the case" or was obtained merely for the convenience of the attorney. Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981). *See generally*

Kurtis A. Kemper, Annotation, *Propriety Under 28 U.S.C.A. §1920 and Rule(d) of Fed. R. Civ. P. of Allowing Prevailing Party Costs for Copies of Depositions*, 155 A.L.R. Fed. 445 (1999); 10 Fed. Procedure., L. Ed. §26:55 (2003).

*Filing Fees.*  Fees paid to the clerk of court are recoverable under §1920(1), but the party seeking recovery must specify why the fees were paid. See Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

*Photocopies.*  For photocopy costs to be recovered, the photocopies must have been necessarily obtained for use in the case.  *See* §1920(4).  To carry its burden in this regard, the prevailing party is obliged to present a "breakdown of the nature of the copies [and] their use or intended use at trial which would allow the court to determine whether the copies in question were 'reasonably necessary' for trial.  Johnson, 173 F.R.D. at 319 ("Simply making unsubstantiated claims that [documents or copies] were necessary is insufficient to permit recovery.") (quoting Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 352 (N.D. Ga. 1992)) (alteration in original).  See also Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that costs for "general copying" are "clearly nonrecoverable" under §1920).  The Fifth Circuit addressed this precise issue in Fogelman v. ARAMCO, 920 F.2d 278 (5th Cir. 1991), stating:

> "[Prevailing party] ARAMCO has provided no itemized breakdown of the copying costs incurred, beyond distinguishing those duplicated in house by its counsel and those duplicated elsewhere.  It is therefore impossible to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel.  While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation.  The [plaintiffs] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." Id., at 286.

Likewise, in American Key Corp. v. Cumberland Associates, 102 F.R.D. 496 (N.D. Ga. 1984), the court deemed it appropriate to reject a claim for photocopy costs where the prevailing party "has not offered any evidence to show the nature of the documents for which it seeks recovery or how they were used or intended to be used in the case." Id., at 499. The judge wryly observed that "[t]he mere recitation with talismanic regularity of the phrase 'necessarily obtained for use in the case' is not sufficient to overcome [the opponent's] objections. Some further showing is necessary." Id. A multitude of other cases have so held. See Drury v. Pena, 1997 WL 718831, at *13 (M.D. Fla. 1997) ("Plaintiff must present evidence regarding the documents copied and their use or intended use. No evidence was presented . . . therefore they will be disallowed."); Manildra Milling Corp. v. Ogilvie Mills, Inc., 878 F. Supp. 1417, 1428 (D. Kan. 1995) (disallowing photocopy costs where prevailing party "fail[ed] to come forward with any showing as to the nature of the documents copied or how they were necessary for use in the case"); Berryman v. Hofbauer, 161 F.R.D. 341, 344 n.2 (E.D. Mich 1995) (observing that conclusory allegations that costs are correct and necessarily incurred suffices for unopposed motion to tax costs, but "clearly falls short of meeting defendant's burden" when costs are challenged).

*Photographs.* Photographs are deemed encompassed in the statutory phrase "copies of papers." Accordingly, costs are recoverable for reproduction of photographs "necessarily obtained for use in the case." See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).

*Summons & Subpoenas.* Marshal's fees are expressly covered under §1920(1). Private process servers' fees are recoverable so long as the fees do not exceed the statutory fees that would be awarded the marshal pursuant to 28 U.S.C. §1921. See EEOC v. W & O, Inc., 213

F.3d 600, 624 (11th Cir. 2000). The fees charged by the marshal are set out at 28 C.F.R. §0.114

*Travel Expenses—Witnesses.* In order for witness travel expenses to be recovered, "[a] receipt or other evidence of actual cost *shall be furnished*." (quoting 28 U.S.C. §1821(c)(1)) (emphasis in original). Travel expenses for witnesses may be taxed even where the witness without subpoena voluntarily attends trial. *See, e.g.*, Dasher v. Mut. Life Ins. Co. of N.Y., 78 F.R.D. 142 (S.D. Ga. 1978).

*Trial Transcripts.* Court reporters' fees and costs of transcripts are recoverable if properly documented so as to prove that they were "necessarily obtained for use in the case." *See* §1920(2); Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

*Video Depositions.* Absent a stipulation to the contrary, costs associated with the video "transcript" of a deposition are recoverable under §1920(2): "[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed" so long as copies of the videos were "necessarily obtained for use in the case." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996). However, a party may recover neither costs of employing the videographer for playback during trial, *id.* at 465-66, nor costs incurred in renting playback equipment. *See* Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc., 134 F.3d 1458, 1468 (11th Cir. 1998).

## CONCLUSION

The Court is well aware that issues in this matter were highly contested. Considering the magnitude of the litigation, it should be abundantly clear that the costs incurred to present the issues to the court in concise fashion were necessarily obtained for use in the case. Meeting this standard, the costs sought by the Plaintiffs should be taxed against the defendant United States of America.

**WHEREFORE**, the Plaintiffs Norman Robinson, Kent Lattimore, Lattimore & Associates, Tanya Smith, Anthony Franz, Jr., and Lucielle Franz pray that this Court grant the Plaintiffs' Motion to Tax Costs.

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@jbrunolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Memo in Support of Motion to Compel upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 28th day of January, 2010.

    /s/ Joseph M. Bruno
Joseph M. Bruno