UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                        NO. 05-4182

                                                                        SECTION "K"(2)

**PERTAINS TO: FORCED PLACE DOCKET:**
**Specific Case Nos.** 09-1600, 09-1604, 09-1609, 09-1610, 09-1611, 09-1612, 09-1614, 09-1615, 09-2559, 09-2560, 09-2561, 09-2562, 09-2563, 09-2564, 09-2565, 09-2566, 09-2567, 09-2568, 09-2569, 09-2570, 09-2571, 09-2572, 09-2573, 09-2574, 09-2575, 09-2582, 09-2583, 09-2584, 09-2585, 09-2586, 09-2587, 09-2588, 09-2589, 09-2593, 09-2594, 09-2595, 09-2596, 09-2597, 09-2598, 09-2599, 09-2600, 09-2607, 09-2612, 09-2613, 09-2614, 09-2615, 09-2616, 09-2617, 09-2618, 09-2619, 09-2620, 09-2621, 09-2622, 09-2623, 09-2625, 09-2630, 09-2640, 09-2642, 09-2644 , 09-2645, 09-2646, 09-2647 , 09-2648, 09-649, 09-2650, 09-2651, 09-2652, 09-2653, 09-2654,  09-2655, 09-2656, 09-2657, 09-2658, 09-2659, 09-2660, 09-2661, 09-2662, 09-2663, 09-2664, 09-2665, 09-2666, 09-2667, 09-2668, 09-2677, 09-2678, 09-2679, 09-2680, 09-2681, 09-2682, 09-2683, 09-2684, 09-2685, 09-2686, 09-2687, 09-2688, 09-2689, 09-2690, 09-2691, 09-2692, 09-2693, 09-2694, 09-2695, 09-2696, 09-2697, 09-2702, 09-2703, 09-2705, 09-2706, 09-2709, 09-2710, 09-2711, 09-2712, 09-2713, 09-2716, 09-2717, 09-2719, 09-2720, 09-2723, 09-2724, 09-2729, 09-2730, 09-2879, 09-2880

## ORDER

The Court has reviewed Defendants' Motion to Dismiss (Doc. 18100) and finds that the Court requires further clarification prior to taking up this Rule 12(b)(6) motion.   Defendants Safeco Insurance Company of America, General Insurance Company of America, Balboa Insurance Company, Meritplan Insurance Company, Newport Insurance Company, The Involved Lloyd's Underwriters, Southwest Business Corporation, and Proctor Financial seek the dismissal of the above-numbered cases contending that each of these complaints is insufficiently pled and that plaintiffs have no standing to assert any cause of action.  Specifically they contend that (1) no Forced-Placed Insurance ("FPI") plaintiff has any policy of insurance with the Insurer Defendants; (2) plaintiffs are not insured entitled to recover damages for loss under any policy of insurance issued by any defendant; and (3) plaintiffs are not third-party beneficiaries of the forced-place policies.   As such defendants maintain that plaintiffs cannot assert claims against

defendants for breach of contract, violations of La. Rev. Stat. Ann. §§ 22:658, 22:658.2, and 22:1220, including claims for insurance bad faith, or any other cause of action contained within any of the complaints.

Clearly, the Fourth Circuit Court of Appeal for the State of Louisiana issued its ruling in *Scheaffer v. Balboa Ins. Co.*, 1 So.3d 756 (La. App. 4th Cir. 2008) based on its review of the policy language involved therein and found that there was nothing contained in the policy which specifically indicated that the policy was issued to benefit the homeowner. A review of the case law demonstrates that in most instances, federal courts in this district have agreed that these kinds of policies do not provide homeowners with standing as they are not the third-party beneficiaries of these contracts. *Williams v. Fidelity Nati'l Ins. Co.*, 2009 WL 2922310 (E.D.La. Sept. 8, 2009)*; Sanchez v. Certain Underwriters at Lloyds, London,* 2008 WL 687200 (E.D.La. March 10, 2008) (Fallon, J.); *Edwards v. Southwest Business Corp.*, 2008 WL 4372893 (E.D.La. Sept. 22, 2008) (Feldman, J.); *Richardson v. Southwest Business Corporation*, 2007 WL 4259300 (E.D.La. Dec. 3, 2007) (Vance, J.); *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D. La. Jan. 26, 2007) (Barbier, J.). Nonetheless, there are two cases, based on specific contract language, wherein courts have found there to be standing and denied motions to dismiss. *Lee v. Safeco Ins. Co. of America*, 2008 WL 2622997 (E.D. La. July 2, 2008) (Africk, J.); *Martin v. Safeco Ins. Co.*, 2007 WL 2071662 (E.D.La. July 13, 2007). In these instances, the language of the policy provided that "[a]mounts payable in excess of your interest [lender] will be paid to the borrower." *See, e.g., Martin* at *2.

In the instant motion, defendants seek the dismissal of over 100 complaints concerning, in some instances, multiple plaintiffs and various insurers that are in the consolidated Force

2

Placed Insurance Umbrella.  However, based on the memoranda filed, it is impossible for the Court to determine whether any of the plaintiffs involved would fall into the *Lee/ Martin* rubric. Accordingly,

**IT IS ORDERED** that **no later than 5:00 p.m. on Wednesday, February 10, 2010**, a joint stipulation shall be filed by the parties which provides the following information:

(1) Each Complaint Caption;

(2) Plaintiffs named therein;

(3) Specific policy which applies to specific plaintiff in each complaint;

(4) Identification of page and paragraph of insuring language which forms the basis of plaintiffs' contention that he or she is entitled to be considered a third-party beneficiary of that policy; and

(5) Indication whether any claim is moot as proceeds have been paid out pursuant to the contract or for any other reason.

New Orleans, Louisiana, this 2nd day of February, 2010.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**