UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
|  | * | NO. 05-4182 |
|  | * | and consolidated cases |
| PERTAINS TO:  ALL BARGE | * | |
|  | * | SECTION "K" (2) |
|  | * * | |
|  | * * | JUDGE STANWOOD R. DUVAL, JR. |
|  | * | |
|  | * * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA INC.'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF EMOTIONAL DISTRESS**

Defendant Lafarge North America Inc. ("LNA") has moved to exclude all evidence of the Bellweather plaintiffs' alleged emotional distress as a result of the eastern IHNC floodwall breaches. Plaintiffs' Final Witness List states that the Bellweather plaintiffs will testify as to their alleged emotional distress resulting from the effects of Hurricane Katrina.[1] But under maritime law, which governs this case,[2] a plaintiff cannot recover for alleged emotional injuries if he or she neither suffered any physical injuries nor was within the "zone of danger." The

---

[1] See Plaintiffs' Final Witness List (Doc. 18390) at 7 ("Josephine Richardson … to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, death of her husband, *emotional effects of any or all of the foregoing*."); 7 ("Jacob Robert "Bob" Glaser … to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, business losses, *emotional effects of any or all of the foregoing*."); 13 ("John Alford … to prove facts relative to evacuation and displacement, destruction of areas and things within class geography, destruction of property(ies) and/or business(es) within class area, *emotional effects of any or all of the foregoing*.") (all emphasis added).

[2] See Doc. 18799, at 2 (trial is "pursuant to the Court's maritime jurisdiction, which these plaintiffs have invoked").

Court should therefore exclude from the June 2010 trial any evidence of plaintiffs' alleged emotional distress.

The Fifth Circuit has held that under maritime law, a plaintiff may not recover damages for emotional distress unless he or she suffered a physical injury.[3]  To date, the Fifth Circuit has refused to address whether a plaintiff who is not physically injured may nonetheless recover emotional distress damages if he or she was within the "zone of danger."[4]  This Court has, however, permitted plaintiffs who are not physically injured to bring claims for emotional distress if they are within the zone of danger.[5]  In order to satisfy the zone of danger test, the plaintiff must show that he or she "was objectively within the zone of danger, … feared for his life at the time of the accident or person was in danger, and, his emotional injuries were a reasonably foreseeable consequence of the defendant's alleged negligence."  *Owens v. Global Santa Fe Drilling*, No. 04-0702, 2005 U.S. Dist. LEXIS 17807, at *8 (E.D. La. July 22, 2005) (Duval, J.).

Here, plaintiffs suffered no physical injuries as a result of the breaches of the eastern IHNC floodwalls during Hurricane Katrina, and were not within the zone of danger because they evacuated before Hurricane Katrina struck.[6]  Plaintiffs therefore cannot recover any damages for emotional distress.  Thus, any evidence concerning plaintiffs' alleged emotional distress is irrelevant and inadmissible under Fed. R. Evid. 401.  See *Harper v. Illinois Central Gulf R.R.*,

---

[3] See, *e.g.*, *Ainsworth v. Penrod Drilling Corp.*, 972 F.2d 546, 547 (5th Cir. 1992) (affirming dismissal of complaint for emotional distress damages under maritime law because plaintiff suffered no physical injury).

[4] See, *e.g.*, *Ainsworth*, 972 F.2d at 547-48 (recognizing that the Fifth Circuit "has yet to recognize recovery under the zone of danger rule"); *Gough v. Natural Gas Pipeline Co. of Am.*, 996 F.2d 763, 766 (5th Cir. 1993) (in suit under maritime law, noting that "[w]e have repeatedly declined to adopt or preclude the zone of danger theory").

[5] See, *e.g.*, *Duet v. Crosby Tugs*, No. 06-1825, 2008 U.S. Dist. LEXIS 83607, at *12 (E.D. La. Oct. 20, 2008) (applying zone of danger test and noting that the test "limits recovery for emotional injury to those plaintiffs whose psychic injury occurred while they were in *immediate* risk of physical harm by defendant's negligent conduct").

[6] See Deposition of John Alford, Jr. at 15:17-16:18, 19:16-20:10, 22:22-23:13 (Exh. 1 hereto); Deposition of Josephine Richardson at 38:5-12, 58:7-21, 145:2-24 (Exh. 2 hereto); Deposition of Jacob Robert Glaser at 58:2-5, 62:14-16, 110:24-111:5 (Exh. 3 hereto).

808 F.2d 1139, 1140-41 (5th Cir. 1987) (affirming district court's exclusion of evidence of mental anguish because those damages were unavailable as a matter of law).[7]

## CONCLUSION

The Court should exclude from the June 2010 trial evidence concerning plaintiffs' alleged emotional distress.

Dated: March 4, 2010                                          Respectfully submitted,

                                                                 Robert B. Fisher, Jr., T.A. (#5587)
                                                                  Derek A. Walker (#13175)
                                                                  **CHAFFE MCCALL, L.L.P.**
                                                                  2300 Energy Centre
                                                                  1100 Poydras Street
                                                                  New Orleans, LA  70163-2300
                                                                  Telephone:  (504) 585-7000
                                                                  Facsimile:  (504) 585-7075
                                                                 Fisher@chaffe.com
                                                                  Walker@chaffe.com

                                                                  /s/ John D. Aldock
                                                                  John D. Aldock
                                                                  Richard M. Wyner
                                                                  Mark S. Raffman
                                                                  **GOODWIN PROCTER LLP**
                                                                  901 New York Avenue, N.W.
                                                                  Washington, DC  20001
                                                                  Telephone:  (202) 346-4240
                                                                  jaldock@goodwinprocter.com
                                                                  rwyner@goodwinprocter.com
                                                                  mraffman@goodwinprocter.com

                                                                  Daniel A. Webb (#13294)
                                                                  **SUTTERFIELD & WEBB, LLC**
                                                                  Poydras Center
                                                                  650 Poydras Street, Suite 2715

---

[7] In *Robinson*, the United States moved to exclude evidence of mental anguish and inconvenience.  See Doc. 18437-2.  The Court agreed that as a general matter, a plaintiff who was not at or near his or her property during Hurricane Katrina could not recover damages for mental anguish or inconvenience.  See Doc. 18539, at 3.  But the Court denied the government's motion because the *Robinson* plaintiffs has asserted claims under La. Civ. Code art. 667 and based on the law of vicinage.  See *id.*  This case, however, is governed by maritime law, under which, as noted above, emotional distress damages are not available unless the plaintiff was within the zone of danger.

3

4

      New Orleans, LA  70130
      Telephone:  (504) 598-2715

*Attorneys for Lafarge North America Inc.*

4

LIBW/1727856.1

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 4, 2010.

                          /s/ John D. Aldock