UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * CIVIL ACTION * * NO. 05-4182 * and consolidated cases |
| PERTAINS TO: ALL BARGE | * * SECTION "K" (2) * * * JUDGE * STANWOOD R. DUVAL, JR. * * MAGISTRATE * JOSEPH C. WILKINSON, JR. |

### LAFARGE NORTH AMERICA, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' EXHIBITS 375 AND 376 (INTERVIEW TRANSCRIPTS)

Lafarge North America, Inc. ("LNA") has moved to exclude plaintiffs' Exhibits 375 and 376 from the June 2010 trial because (a) the documents are unsworn, out-of-court statements, and therefore they are inadmissible hearsay under Fed. R. Evid. 802, and (b) the documents consist of the statements of two of plaintiffs' "rebuttal/impeachment" witnesses, and therefore plaintiffs may not introduce those individuals' alleged accounts during plaintiffs' case-in-chief. See Doc. 19646.

In their opposition brief (Doc. 19695), plaintiffs make two central arguments, both of which lack merit.

1. Plaintiffs initially claim (at 2-3) that "the statements are not being used to prove the truth of the matter asserted, but rather (1) Notice that witnesses saw the barge floating in the canal the day before the hurricane [and] (2) Notice of the dates (Dec. 2005 and July 2006)

Lafarge had knowledge of the fact that the barge was floating loose in the canal the day before the hurricane." That argument fails for three reasons. First, LNA's supposed "notice" of these individuals' accounts does not make any issue in dispute more or less likely to be true, and thus is irrelevant. Plaintiffs' only attempt to argue otherwise is their assertion (at 3) that LNA knew about the witness statements "and yet did not disclose this evidence to its experts." But the same is true of plaintiffs, who possessed the same two witness statements and yet did not disclose them to their own experts, who opined (as did LNA's experts) that the barge broke free on August 29, *not* August 28. In the circumstances, "notice" of the statements to either side is totally irrelevant.

Second, plaintiffs' argument only proves that the statements are inadmissible hearsay. The supposed "notice" to LNA depends on the truth of the matter asserted – *i.e.*, that the barge *was* in fact "loose in the canal" on August 28, 2005. Given the considerable evidence from other witnesses who saw the canal on Sunday night with no barge present,[1] the accounts of these two witnesses cannot establish "notice" of any established fact unless they are also offered to prove the truth of the witnesses' underlying accounts.

Finally, it would be fundamentally unfair to permit plaintiffs to support their claims in the first instance by relying on unsworn, out-of-court statements by witnesses whom plaintiffs may call live, if at all, only on rebuttal. The unsworn accounts of these witnesses cannot possibly be used to support plaintiffs' claims when the witnesses themselves may testify only on rebuttal.

2. Plaintiffs' other argument is that the statements demonstrate "lack of credibility of Lafarge and its experts." Pl. Br. at 3. Simply put, that argument is absurd. LNA produced the documents to plaintiffs April 21, 2008, over a year before plaintiffs' experts submitted their

---

[1] See LNA Reply Memorandum in Support of Motion for Summary Judgment (Doc. 19370-3) at 8-9 (citing testimony of Arthur Murph, Andrew Sartin, and Michael Bickham); Doc. 18390 (plaintiffs' Final Witness List) items 46, 62, 119.

2

reports.  But plaintiffs thought so little of Ms. LeBlanc and Mr. Tompkins' accounts that they did not list the statements on their final exhibit list (Doc. 18728) (or any preliminary exhibit list) and did not list Ms. LeBlanc or Mr. Tompkins on their final witness list (Doc. 18390) (or any preliminary witness list), but instead listed only fact witnesses who testified that the barge was *not* in the IHNC on August 28.[2]  Further, plaintiffs never provided the statements to their own experts, and thus several of plaintiffs' experts issued reports finding that the barge broke loose during Hurricane Katrina on August 29, 2005, not the day before, as Ms. LeBlanc and Mr. Tompkins allege.[3]

Thus, when it came time for LNA to provide documents to its experts, LNA reasonably understood that plaintiffs did not credit, or at least chose not to rely on, the accounts of Ms. LeBlanc and Mr. Tompkins.  LNA's experts therefore had no reason to consider Mr. Tompkins' or Ms. LeBlanc's statements when preparing their own reports, because plaintiffs' experts did not cite or rely on the statements, and in fact rejected them.  The parties' handling of the two witness statements says nothing about LNA's "credibility"; to the contrary, if anything, it shows that plaintiffs did not consider the witness statements credible – which is, of course, *not* a basis for the Court to admit them in contravention of the hearsay rule.

## CONCLUSION

The Court should grant LNA's motion *in limine*.

---

[2] See *supra* at n.1.

[3] See Hector Pazos Report at 8 ("In the early hours on August 29,2005, barge ING 4727 broke loose from its moorings.") (Exh. 12 to LNA's Motion for Summary Judgment); Donald Green Report at 3, 7 ("During the early morning hours of August 29, 2005, the ING 4727 broke free of its moorings during Hurricane Katrina and drifted south in the IHNC." … cause of breakaway "was most likely the combination of hurricane force winds and rising water levels in advance of Hurricane Katrina);) (Exh. 29 to LNA's Motion for Summary Judgment); Robert Bartlett Report at 4 ("The hopper barge, ING4727 … was docked at the LaFarge [sic] North America Terminal prior to and at the time that Hurricane Katrina made landfall on August 29, 2005.") (Exh. 37 to LNA's Motion for Summary Judgment); see also www.bargecase.com (visited Nov. 4, 2009) ("As anticipated, the barge was unable to sustain the storm that hit the coast of Louisiana with winds upwards of 100 miles per hour and eventually broke away from its moorings.").

Dated: April 8, 2010   Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

 /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240
jaldock@goodwinprocter.com
rwyner@goodwinprocter.com
mraffman@goodwinprocter.com

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

***Attorneys for Lafarge North America Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 8, 2010.

                                         /s/ John D. Aldock