UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" |

PERTAINS TO: BARGE

| | | |
|---|---|---|
| *Mumford* | C.A. No. 05-5724 | *as to claims of plaintiffs Josephine Richardson and Holiday Jewelers, Inc. - ONLY* |
| *Benoit* | C.A. No. 06-7516 | *as to claims of plaintiffs John Alford and Jerry Alford - ONLY* |

## ORDER AND REASONS

Before the Court are the following motions filed by Lafarge North America Inc. ("LNA"):

Motion in Limine to Exclude Plaintiffs' Exhibits 375 and 376 (Doc. 19646);
Motion in Limine to Exclude Untimely Expert Opinions (Doc. 19648);
Motion in Limine to Exclude Excerpts from Interview of Arthur Murph (Doc. 19649); and
Motion in Limine to Exclude Evidence of Emotional Distress (Doc. 19650).

The Court has reviewed the motions, oppositions, exhibits and the relevant law, and is prepared to rule.

**Motion in Limine to Exclude Plaintiffs' Exhibits 375 and 376 (Doc. 19646)**

LNA moves to exclude the admission of Plaintiffs' Exhibits 375 and 376 which are transcriptions of interviews of Gertrude LeBlanc on July 31, 2006 and Frazier Tompkins on December 2, 2005, respectively. It maintains that these documents contain only hearsay statements which are inadmissible under Fed. R. Evid. 802. Plaintiffs respond that these statements are not being used to prove the truth of the matter asserted, but rather that LNA had

notice that witnesses had allegedly seen the barge floating in the canal the day before the hurricane and that it knowledge of this fact, but failed to provide this information to its experts.

The Court concurs with LNA that these transcriptions do constitute hearsay evidence; however, the Court will allow questioning of the experts as to whether they were made aware of this information. Accordingly,

**IT IS ORDERED** that LNA's Motion in Limine to Exclude Plaintiffs' Exhibits 375 and 376 (Doc. 19646) is **GRANTED** with the proviso that plaintiffs' shall be allowed to question whether they were aware of these statements.

**Motion in Limine to Exclude Untimely Expert Opinions (Doc. 19648)**

LNA has moved to exclude from the June 2010 trial all expert opinions set forth in the various expert declarations that plaintiffs filed after the expert disclosure deadline. These declarations are listed as plaintiffs' trial exhibits 381, 389, 401, 404, and 424. LNA maintains that the information contained therein was not included in the timely exchanged experts reports and thus should be stricken.[1] LNA argues that these opinions violate CMO No. 7 and Fed. R. Civ. P. 26(a)(2)(B)(i) which requires that expert disclosures include "a complete statement of all opinions the witness will express and the basis and reasons for them." Plaintiffs respond that these declarations do not prejudice the defendants and were meant to "clarify and explain the plaintiffs' expert witnesses' reports as well as rebut certain positions taken by the defense experts in Defendant's" Motion for Summary Judgment. (Doc. 19700). As such, plaintiffs

---

[1]In essence, LNA has reurged its Motion to Strike (Doc. 19379) which the Court found to be moot with its denial of LNA'S Motion for Summary Judgment. (Doc. 19418)

maintain that the materials were timely exchanged insofar as they constitute rebuttal and/or supplemental materials.

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As stated in *Arizmendi v. ORC Industries, Inc.*, 2007 WL 1672120 (S.D.Tex. June 7, 2007):

> It is within a district court's discretion to sanction a party for failure to comply with Rule 26(a) by striking a party's expert and prohibiting the expert from testifying at trial. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.,* 73 F.3d 546, 572 (5th Cir.1996). When determining whether to strike a party's expert, a district court should consider the following four factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club,* 73 F.3d at 572; *Seymour v. Consol. Freightways,* 187 F.R.D. 541, 542 (S.D.Miss.1999). Exclusion of expert testimony has been described as an "extraordinary sanction," and a court must "consider the effect of the conduct for which that sanction is sought has had on the court's docket, whether it has prejudiced that party's opponent, and whether deterrence is necessary to protect the integrity of the judicial system." *Seymour,* 187 F.R.D. at 542.

*Id.* Here, the issue is not striking the witness, rather simply the evidence provided in the declarations as noted.

To determine whether these materials were disclosed timely, the deadlines for disclosure must be reviewed. To begin, as the record attests and a review of the Case Management Order No. 7 demonstrates, the pre-trial deadlines for exchanging expert materials and the filing of substantive motions have been moving targets as a result of the numerous requests for continuances which have been granted. Indeed, this matter is proceeding to trial almost five

years after the subject occurrence.  The relevant plaintiffs' expert reports were due on July 1, 2009 with defendants' expert reports due on August 3, 2009.  The deadline for filing substantive motions, which plaintiffs contend triggered the need for these declarations, was continued to October 2, 2009.  (Doc. 19201).  However, CMO No. 7 and its addenda were silent as to both supplemental and rebuttal disclosures.  As such, the applicable Federal Rule of Civil Procedure must be examined.

>Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides:
>
>(C) *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
>
>(i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
>(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days after the other party's disclosure.

Plaintiffs maintain that as defendant's motion for summary judgment materials, which contained opinions requiring rebuttal, were filed on October 2, 2009, plaintiffs had until November 2, 2009 to provide such rebuttal materials, which they did. Thus plaintiffs maintain that the disclosures were timely.  The Court concurs in this argument and finds that this Motion in Limine shall be denied as the materials in question are primarily rebuttal in nature and are not sufficiently prejudicial to be stricken.

Moreover, some of the testimony is supplemental in nature and Fed. R. Civ. P. 26(e)(2) provides:

>(e) (2) *Expert Witness*.  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any

additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

The Rule 26(a)(3) period is defined as at least 30 days before trial. Certainly, these declarations were provided within that time frame. The opinions are not "new;" they do not constitute unfair surprise. Indeed, there has been ample time for defendants' to depose these witnesses to cure any prejudice rather than operating on the assumption that these declarations and testimony would be stricken. As such, the Court finds that the information has been provided timely, Rule 37 is inapplicable and the Court denies defendant's motion to strike. Accordingly,

**IT IS ORDERED** that LNA's Motion in Limine to Exclude Untimely Expert Opinions (Doc. 19648) is **DENIED.**

**Motion in Limine to Exclude Excerpts from Interview of Arthur Murph (Doc. 19649)**

LNA moves to exclude from the June 2010 trial Exhibits 240 and 241 which are duplicate documents and are transcriptions of portions of an interview that attorney Richard Guidry conducted with Arthur Murph on January 25, 2006. Arthur Murph resided at 1739 Jourdan Avenue and was present at that address at the time of the collapse of the floodwall. Indeed, the barge in question eventually landed on his home.

In this redacted, unsworn document, Mr. Murph states that he heard the barge break through the levee during Sunday evening. LNA contends that the transcript is inadmissible because it cannot be authenticated and is incomplete under Fed. R. Evid. 901; the admission would be highly prejudicial under Fed. R. Evid. 403; and it contains only out-of court statements that are inadmissible hearsay under Fed. R. 801 and 802.

Plaintiffs contend that Mr. Murph entered into a sealed settlement agreement by which LNA purchased a new home for Mr. and Mrs. Murph. Plaintiffs maintain that it was after this settlement that Mr. Murph's recollection changed. They argue that Lafarge waived any objection to the introduction of the statement when the statement was introduced as an exhibit to their opposition to the LNA Motion for Summary Judgment. Plaintiffs also argue that the redactions are bade to protect Mr. Murph and Mr. Guidry's attorney-client privilege and Mr. Murph from the non-disclosure provisions of the settlement into which Mr. Murph entered.

The circumstances and redacted nature of this document make its admission as such difficult. Clearly, it is not subject to the hearsay exception found at Fed. R. Civ. p. 801(d)(1) as it was neither given under oath subject to the penalty of perjury nor is it consistent with the declarant's deposition testimony and could be offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. However, clearly, this document could be used under Fed. R. Evid. 613 which provides:

> (a) **Examining witness concerning prior statement.** In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel
> (b) **Extrinsic evidence of prior inconsistent statement of witness**. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in rule 801(d)(2).

Fed. R. Evid. 613. Thus, subject to a proper foundation being laid, that is that Mr. Murph be asked whether he made a contradictory statement and denies making it, then it can be proved using this statement. However, if the witness admits the prior inconsistent statement, the prior statement is not admissible. Furthermore, the Court will not prevent plaintiffs from attempting to

demonstrate bias as a result of Mr. Murph's settlement. It is for this reason that the Court feels that it must review the transcript in its entirety.

Thus, the Motion to Exclude shall be granted subject to its being used under Fed. R. Evid. 613 with the proper foundation and under the proper circumstances. Moreover, the Court will require an un-redacted recording or transcript of the entire statement of Arthur Murph of January 25, 2006 be provided to the Court by **May 10, 2010,** so that the Court may be prepared for any difficulties that might arise by virtue of this statement.

Accordingly,

**IT IS ORDERED** that LNA's Motion in Limine to Exclude Excerpts from Interview of Arthur Murph (Doc. 19649) is **GRANTED** in part and **DENIED** insofar as it may be properly used pursuant to Fed. R. Evid. 613.

**Motion in Limine to Exclude Evidence of Emotional Distress (Doc. 19650).**

LNA also moves to exclude from trial evidence of plaintiffs' alleged emotional distress. Josephine Richardson, John and Jerry Alford, and Holiday Jewelers, Inc. which was substituted for Dianne Glaser and Jacob Robert Glaser are to the sole parties to this exemplar trial. Plaintiffs have conceded that the Alfords and the Glasers are not entitled to damages for emotional distress. Thus, the motion will be granted in this regard.

However, with regard to Josephine Richardson, she has invoked the "savings to suitors" clause and has based her claim on the general maritime law as supplemented by Louisiana law. Thus, she has alleged a survival action under Louisiana law for the emotional distress suffered by her husband prior to his death. La. Civ. Code art. 2315.1. In addition, she has alleged a

7

wrongful death claim pursuant to La. Civ. Code Art. 2315. Clearly, neither Mr. or Mrs. Richardson were seafarers and thus their claims are not circumscribed by statutory restrictions placed on maritime workers. The Supreme Court made this clear in *Yamaha Motor Corp. U.S.A. v. Calhoun*, 516 U.S. 199 (1996) where it held that "when the claimants are not seamen or longshore workers, federal maritime law does not displace state wrongful death and survival statutes permitting non-pecuniary damages in wrongful death actions arising out of accidents in territorial waters and that state remedies remain applicable in such cases." *American Dredging Co. v. Lambert*, 81 F.3d 127, 130 (11th Cir. 1996) interpreting *Yamaha Motors, id. See Carmichael v. River Barge Excursion Lines*, 2010 WL 797854 (E.D.La March 2, 2010). Accordingly,

**IT IS ORDERED** that LNA's Motion in Limine to Exclude Evidence of Emotional Distress (Doc. 19650) is **GRANTED** with respect to the Alfords' and the Glasers' claims and **DENIED** with respect to the Richardson claims.

New Orleans, Louisiana, this  20th  day of April, 2010.

									 _____
									   **STANWOOD R. DUVAL, JR.**
									 **UNITED STATES DISTRICT COURT JUDGE**