UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES             CIVIL ACTION
CONSOLIDATED LITIGATION
                                          NO. 05-4182

                                          SECTION "K"

PERTAINS TO:  BARGE

*Mumford*    C.A. No. 05-5724    as to claims of plaintiffs Josephine Richardson and
                                 *Holiday Jewelers, Inc. - ONLY*
*Benoit*     C.A. No. 06-7516    as to claims of plaintiffs John Alford and Jerry Alford -
                                 *ONLY*

RULING ON OBJECTIONS TO EXHIBITS

Before the Court are Barge Plaintiffs' Objections to Lafarge North America Inc's Revised Exhibit List (Doc. 19647) and Lafarge North Americas Inc's Objections to Plaintiffs' Exhibit List (Doc. 19697). Having reviewed the objections, responses and the relevant exhibits the Court is prepared to rule.

**Barge Plaintiffs' Objections to Lafarge North America Inc's Revised Exhibit List (Doc. 19647)**

| Objection to LNA's Exhibit No. | Ruling |
|---|---|
| 15 | **SUSTAINED**, unless at trial it is proven that an expert relied thereon in giving an opinion as one barge lying on another barge has no apparent relevance to the Court. |
| 33 | **OVERRULED**. |
| 35 | **OVERRULED**, provided a proper foundation is laid. After reviewing these photographs, the Court notes the relevance of some of these is not manifestly evident. |
| 36 | **SUSTAINED**. 46 U.S.C. §6308 renders the introduction of and any reference to a Coast Guard Report inadmissible. "By the plain language of the statute, the Coast Guard report disputed here is not admissible in this case. 'The |

content of [a] report may not be introduced into evidence by any party or witness and no portion of the report may be considered.'" *Baker Hughes Oilfield Operations, Inc. v. Seabulk tankers, Inc.*, 2004 WL 859199 (E.D.La. April 19, 2004) *citing The Tokio Marine and Fire Ins. Co., Ltd. v. MV FLORA,* 1998 WL 516110 (E.D.La. 1998).

In that light,  the Court reviewed the Expert Report of Hector Pazos and found that he did not rely on the Coast Guard report, rather he contradicted its findings. Nonetheless, any discussion of the Coast Guard Report contained in the Hector Pazos Expert Report must be stricken.  Accordingly,

**IT IS ORDERED** that the paragraphs at page 31 of the Expert Report of Hector Pazos beginning with "Some photographs taken by the USCG" continuing through the line ending with  "USCG report are the line that have been used to secure the barge covers." are **STRICKEN.**

**IT IS FURTHER ORDERED** that at page 32 of the Pazos report, the portion of the report concerning "Other Comments," Paragraph 1, beginning with "The author of this report disagrees continuing through to "It appears the U.S.C.G. investigation was extremely superficial." is **STRICKEN.**

**IT IS FURTHER ORDERED** that at page 32 of the Pazos report, the portion of the report concerning "Other Comments", Paragraph 2, beginning with "The author of this report and ending with "barge ING 4727 created the breaches." is **STRICKEN.**

| | |
|---|---|
| 37 | **SUSTAINED.** |
| 67 | **OVERRULED**.  However, the Court notes that Hurricane Gustav was a different storm that had a different course, and certainly was not Hurricane Katrina.  Moreover, the floodwalls and levees shown in these pictures are in all likelihood not the floodwalls that existed at time of Hurricane Katrina.<br><br>Photos were used by certain experts in rendering opinions. These experts can be subject to rigorous cross-examination |

|     |     |
| --- | --- |
|     | to the extent any opinion relies on the dynamics vis-s-vis Hurricane Gustav and the floodwalls and levees. |
| 68  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 67. |
| 69  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 67. |
| 72  | **OVERRULED**.  The Court notes that in this bench trial, the possibility of confusion is diminished.  The Court further notes that the photographs in question are of a different location, with damage that was the result of different forces and are of different barges.  The Court assumes that expert testimony will attempt to establish the probative value of the photographs.  The situation may be so dissimilar that the photos have no probative value; however, the Court will hear the evidence. |
| 74  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 72. |
| 75  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 72. |
| 76  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 72. |
| 79  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 67. |
| 80  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 67. |
| 88  | **OVERRULED** for the reasons stated in the ruling on Plaintiffs' Exhibit No. 72. |
| 101 | **OVERRULED** as the document has now been produced and it is an exception to the hearsay rule Fed. R. Evid. 803(8) as it was produced by the National Imagery and Mapping Agency of the United States Government. |
| 200 | **OVERRULED** as Lafarge has represented to the Court that these materials have been produced. |

| | |
|---|---|
| 231 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 232 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 233 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 235 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 236 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 239 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |
| 240 | **SUSTAINED**; however the material may be used for impeachment purposes with the proper foundation as required by Fed. R. Evid. 613. |

**Lafarge North Americas Inc's Objections to Plaintiffs' Exhibit List (Doc. 19697)**

| **Objection to Plaintiffs' Exhibit No.** | **Ruling** |
|---|---|
| 3 | **OVERRULED** provided a proper foundation is laid. |
| 4 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter. |
| 5 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a |

Case 2:05-cv-04182-SRD-JCW   Document 19739   Filed 04/22/10   Page 5 of 10

|   |   |
|---|---|
|   | position to determine until facts are found and after trial of the matter. |
| 6 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter. |
| 7 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter. |
| 8 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter. |
| 9 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter. |
| 10 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter, in particular whether LNA knew or should have known about the change of course of Hurricane Katrina. |
| 11 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter, in particular whether LNA knew or should have known about the change of course of Hurricane Katrina. |
| 12 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter, in particular whether LNA knew or should have known about the change of course of Hurricane Katrina. |
| 13 | **OVERRULED**; however, at trial plaintiffs mut present only those policies and procedures that involve issues related and salient to this case. |

| | |
|---|---|
| 15 | **SUSTAINED**; the document appears to be hearsay and it does not appear to be the business record of LNA |
| 19 | **OVERRULED** provided a proper foundation is laid. LNA is making a merits argument that the Court is not in a position to determine until facts are found and after trial of the matter, in particular whether LNA knew or should have known about the change of course of Hurricane Katrina. |
| 20 | **SUSTAINED**; the business record exception to the hearsay rule applies only to the litigants. Only if a proper foundation is laid by the appropriate official of the Brookings Institute can this document be admitted. |
| 21 | **OVERRULED**; the Court suggest that a stipulation be entered as to the location of the vessel at all relevant times provided there is no dispute concerning this matter. Furthermore, the Court recognizes that the position of other barges does not appear to be relevant to the events involved in this case. |
| 22 | **SUSTAINED**. |
| 23 | **OVERRULED**. |
| 27 | **OVERRULED.** |
| 29 | **SUSTAINED**; the document appears to be a duplicate. |
| 34 | **OVERRULED**; LNA may introduce entire document or any portion thereof that it feels necessary. |
| 38 | **OVERRULED**; Fed. R. Evid. 801(d)(2)–admission by party opponent. |
| 39 | **OVERRULED;** Fed. R. Evid. 801(d)(2)–admission by party opponent. |
| 40 | **SUSTAINED.** |
| 51 | **SUSTAINED.** |
| 59 | **SUSTAINED.** |

| | |
|---|---|
| 133 | **SUSTAINED.** |
| 136 | **SUSTAINED**; in the event some context can be given to the Court, the Court will reconsider its decision. |
| 137 | **SUSTAINED**; in the event some context can be given to the Court, the Court will reconsider its decision. |
| 161 | **SUSTAINED**; this omnibus list is stricken because of words like "any and all" which are specifically prohibited by this Court's rules. The term is insufficiently discrete, is not an individual listing as require by the Court and thus must be stricken. |
| 165 | **SUSTAINED**; this omnibus list is stricken; this description is insufficiently discrete, is not an individual listing as require by the Court and thus must be stricken. |
| 167 | **OVERRULED**. |
| 168 | **SUSTAINED**; this omnibus list is stricken; this description is insufficiently discrete, is not an individual listing as require by the Court and thus must be stricken. |
| 180 | **SUSTAINED** as to Bates number 000919-928 which do not exist as plaintiffs make no argument to the contrary; the objection to PSLC 00874 and 00877 were withdrawn. |
| 197 | **OVERRULED**. |
| 198 | **OVERRULED**. |
| 199 | **OVERRULED**. |
| 200 | **OVERRULED**. |
| 201 | **OVERRULED**. |
| 207 | **OVERRULED** provided a proper foundation is laid. |
| 208 | **OVERRULED** provided a proper foundation is laid. |
| 209 | **OVERRULED** provided a proper foundation is laid. |
| 224 | **OVERRULED**. |

| | |
|---|---|
| 225 | **OVERRULED**. |
| 235 | **SUSTAINED**. |
| 243 | **SUSTAINED**; however the document may be used for impeachment purposes if relevant.  However the Court will not admit this exhibit at this time and will defer ruling until it is used for impeachment purposes. |
| 244 | **OVERRULED**; however, LNA may designate any portion of the IPET and the Court will allow such designation into evidence. |
| 245 | **OVERRULED**; however, LNA may designate any portion of the IPET report and the Court will allow such designation into evidence. |
| 247 | **OVERRULED**; however, LNA may designate any portion of the IPET and the Court will allow such designation into evidence. |
| 249 | **OVERRULED**; however, LNA may designate any portion of the IPET and the Court will allow such designation into evidence. |
| 252 | **OVERRULED**; however, LNA may designate any portion of the IPET and the Court will allow such designation into evidence. |
| 253 | **OVERRULED**; however, LNA may designate any portion of the IPET and the Court will allow such designation into evidence. |
| 255 | **SUSTAINED**. |
| 257 | **OVERRULED.** |
| 259 | **OVERRULED.** |
| 260 | **OVERRULED**. |
| 261 | **OVERRULED**; however, LNA may designate any portion of the report and the Court will allow such designation into evidence. |

| | |
|---|---|
| 262 | **OVERRULED**; however, LNA may designate any portion of the report and the Court will allow such designation into evidence. |
| 264 | **SUSTAINED**; however, it may be used pursuant to Fed. R. Evid. 613 as discussed in Rec. Doc. 19733 with respect to the ruling on the Motion in Limine dealing with the same matter. |
| 265 | **OVERRULED**. |
| 266 | **OVERRULED**. |
| 267 | **OVERRULED**. |
| 268 | **OVERRULED**. |
| 269 | **OVERRULED**. |
| 270 | **OVERRULED**. |
| 271 | **OVERRULED**. |
| 346 | **SUSTAINED**. |
| 355 | **SUSTAINED**; however, it may be used pursuant to Fed. R. Evid. 613 as discussed in Rec. Doc. 19733 with respect to the ruling on the Motion in Limine dealing with the same matter. |
| 364 | **SUSTAINED**.  The entire deposition must be admitted if Mosher is unavailable for trial. |
| 375 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 376 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 381 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 389 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 391 | **OVERRULED**; however, LNA may designate any portion of the text and the Court will allow such designation into evidence. |

| | |
|---|---|
| 393 | **OVERRULED**; however, LNA may designate any portion of the document and the Court will allow such designation into evidence. |
| 401 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 404 | See ruling on Motion in Limine. (Rec. Doc. 19733). |
| 422 | **OVERRULED**; witness can be cross-examined as to issue of other scenarios. |
| 424 | See ruling on Motion in Limine. (Rec. Doc. 19733). |

New Orleans, Louisiana, this 22nd day of April, 2010.

                                                                    _____
                                                                         **STANWOOD R. DUVAL, JR.**
                                                             **UNITED STATES DISTRICT COURT JUDGE**