UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | C.A. NO. 05-4182; "K" (2) |
| CONSOLIDATED LITIGATION | * | JUDGE: DUVAL |
| _____ | * | MAG.: WILKINSON |
| | * | |
| PERTAINS TO: | * | |
| INSURANCE (Alexander, No. 07-4538) | * | |

<u>MEMORANDUM IN SUPPORT OF</u>
<u>MOTION TO ENFORCE SETTLEMENT AGREEMENT</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), to provide this Honorable Court with a Memorandum in Support of its Motion to Enforce Settlement Agreement.

**MAY IT PLEASE THE COURT:**

**I.      INTRODUCTION**

Plaintiff, Ronald Schurr, brought his action against State Farm on or about August 27, 2007 in United States District Court, Eastern District, in and for the State of Louisiana (*Jerald M. Alexander, Sr., et al, vs. Automobile Clun Inter-Insurance Exchange, et al*; Civil Action No. 07-4538).

Per a settlement agreement reached on or about July 29, 2008, the parties agreed to fully settle the present case for fifteen thousand dollars and 00/100 ($15,000.00). Thereafter, on January 8, 2009, State Farm forwarded to plaintiff, his settlement check(s).[1] Furthermore, on February 4, 2009, this Honorable Court signed a Dismissal Order, effectively dismissing

---

[1]      Exhibit A, correspondence from Porteous, Hainkel & Johnson, paralegal to Charles L. Chassaignac, IV to Kevin Klibert, enclosing numerous settlement packages, with attached copy of settlement check(s), *in globo*

Schurr

numerous "Mass Joinder Cases", of which *Alexander, et al*, was made a part.  This dismissal was without prejudice, allowing plaintiffs to reassert their claims via severed amended complaint, and/or the right to reopen the case in order to enforce the settlement.[2]

State Farm's counsel has contacted Plaintiff's counsel numerous times over the past twelve (12) plus months in an effort to secure the signed release.  State Farm has yet to receive the executed release(s).

## II.    LAW AND ARGUMENT

Louisiana Civil Code art. 3071 provides, "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."  Louisiana courts have found a "settlement" to be the equivalent of a "compromise" under art. 3071.  *Townsend v. Square*, 94-0758 (La. App. 4th Cir. 9/29/94), 643 So.2d 787, 788, n.1; *See Trask v. Lewis*, 258 So.2d 603, 605 (La. App. 1st Cir. 1/31/72).  A compromise is valid only if there is a meeting of the minds between the parties as to their intentions when resolving a matter.  *Mayeaux v. Denny's Inc.*, 95-453 (La. App. 5th Cir. 10/18/95), 663 So.2d 822, 824.

Both Plaintiff and Defendant freely and clearly acquiesced to the terms of the settlement agreement.   As evidenced in the correspondence referenced *supra*, the agreement is unambiguous, made by mutual consent, and reduced to writing, and thus constitutes a valid and enforceable settlement.  *Id.* at 825; La. Civ. Code art. 3072.  The agreement is as simple as this: Plaintiff would receive a draft or drafts from State Farm in the amount of fifteen thousand dollars

---

[2]    (Doc. 21 (C.A. No. 07-4538)

Schurr

and 00/100 ($15,000.00) in exchange for executing and returning the provided release document and Joint Motion and Order of Dismissal; however, subject to this Court's Mass Joinder Dismissal referenced above, the individual dismissal was rendered moot.  Plaintiff received the subject funds well over twelve months ago, but has failed to return the executed release(s) to State Farm.

Plaintiff has failed to return the executed release(s) to State Farm within a reasonable time.  Counsel for State Farm has contacted Plaintiff's counsel over the phone and by electronic mail repeatedly during the past twelve months in hopes of securing these documents, to no avail.  As such, State Farm has been forced to bring its Motion to Enforce Settlement Agreement and should, consequently, be reimbursed reasonable costs and fees associated with the Motion.

### III.   **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to fulfill his settlement obligation to execute and return the release(s) to State Farm.  In light of Plaintiff's receipt of settlement funds well over twelve months ago and Defendant's continual requests for the executed documents, State Farm now moves this Honorable Court to issue an order compelling Plaintiff to execute and return the provided release(s) within an expeditious timeframe.  State Farm also prays Plaintiff be assessed Defendant's costs and fees in connection with bringing this Motion.

3

Schurr

Respectfully submitted,

**/s/ Charles L. Chassaignac, IV**
**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA 70801
Telephone: (225) 383-8900
Facsimile: (225) 383-7900
Email: cchassaignac@phjlaw.com
**Attorney for State Farm Fire and Casualty**
**Company**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 29th day of April, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

/s/ Charles L. Chassaignac, IV_____
CHARLES L. CHASSAIGNAC, IV

4

Schurr