IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERGY NEW ORLEANS, INC., ENTERGY LOUISIANA, L.L.C., ENTERGY SERVICES, INC., ENTERGY CORPORATION, AND HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY<br>   Plaintiffs<br><br>VS.<br><br>THE UNITED STATES OF AMERICA<br>   Defendant | * * * * * * * * * * * * | CIVIL ACTION NO. 2:10-cv-77-SRD-JCW<br><br>JUDGE: DUVAL<br><br>SECTION: K<br><br>MAGISTRATE: WILSON |

**Memorandum in Support of the Motion for Leave to Intervene
On Behalf of the Louisiana Public Service Commission**

Now into Court, through the undersigned counsel, comes the Louisiana Public Service Commission, who submits the following memorandum in support of its Motion to Intervene in the above styled action:

**I. Background**

The Louisiana Public Service Commission, (LPSC) is constitutionally-created commission within the executive branch of the Louisiana State Government. Article IV, Section 21 of the Louisiana Constitution of 1974 vests the Commission with plenary regulatory authority over common carriers and public utilities, and provides to the Commission "such other regulatory authority as provided by law."

Louisiana Revised Statute 45:1163(A) further compels the Commission to exercise all

necessary power and authority to fix and regulate the rates charged or to be charged by certain electric public utilities (namely, those defined by Revised Statute 45:121).

Entergy New Orleans, Inc., Entergy Louisiana, L.L.C. ("ELL"), Entergy Services, Inc., Entergy Corporation, and Hartford Steam Boiler Inspection and Insurance Company (collectively, "plaintiffs") initiated this proceeding by filing a complaint against the United States of America for damages sustained during and immediately following Hurricane Katrina, and allegedly caused by the United States Army Corps of Engineers through the faulty design, construction and maintenance of the Mississippi River Gulf Outlet, the Inner Harbor Navigational Canal, the Gulf Intracoastal Waterway, the Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection Project, and other structures.

In Commission Order Number U-29203-B, dated August 21, 2007 ("the Order"), the Commission authorized plaintiff ELL to recover $545 million from ELL's LPSC-jurisdictional customers to cover the cost of damage caused by Hurricanes Katrina and Rita.

Plaintiff ELL's storm damage and storm reserve amounts were financed through the issuance of storm recovery bonds (securitized) pursuant to the provisions of the Louisiana Electric Utility Storm Recovery Securitization Act, codified at Louisiana Revised Statutes 45:1226-1236, and by Commission Financing Order No. U-29203-D (issued on August 15, 2007).

In authorizing plaintiff ELL's recovery of storm damage and storm reserve amounts, the Commission specifically ordered that **all future recoveries of storm costs or storm-related benefits be credited to ELL's customers** in their entirety outside of plaintiff ELL's Formula Rate Plan Sharing mechanism, or any other sharing mechanism that may subsequently be adopted over the life of the securitization payments.

As the plaintiff ELL is subject to the Commission's jurisdiction and regulations, and is specifically subject to Commission Orders regarding the recovery of costs for damages resulting from Hurricane Katrina, the outcome of these proceedings could impact the ratepayers whom the Commission is constitutionally-charged with representing. Therefore, the Commission has a direct and justifiable interest in the outcome of these proceedings, and no other party can adequately represent its interest.

Accordingly, the Commission, on behalf of itself and of the plaintiff ELL's customers, seeks to intervene and participate in this action.

**II Law:**

Federal Rules of Civil Procedure 24(a) (2) provides that a party may intervene in an action as a matter of right when, "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter, impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In Sierra Club v. Espy,[1] the Fifth Circuit addressed the four requirements for a party to intervene as a matter of right. The Court held that under Rule 24(a) (2) a party in entitled to Intervene if: (1) the application for intervention is timely; (2) the applicant has an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest is inadequately represented by the existing parties.[2] Intervention is favored as a matter of judicial policy, and should be allowed "where no

---

[1] **Sierra Club, 18 F.3d 1202 (5th Cir.1994).**
[2] **Id,; See also, Edwards v. City of Houston, 78 F.3d 983 (5th Cir. Tex 1996), New Orleans Public Service Inc.**

one would be hurt and where greater justice could be achieved".[3]

The LPSC application is timely, this matter has been recently filed, and an intervention at this point would prejudice no party. The LPSC has an interest as well as a duty to see to it that the ratepayer's rights are protected. If there is a recover in this matter, the LPSC wants to be certain that Commission Order Number U-29203-B, dated August 21, 2007, is honored and that the ratepayer is reimbursed.

The Supreme Court has stated that under Rule 24(a)(2), an applicant's interest must be one that is "direct, substantial, [and] legally protectable"[4] There is no clear-cut test to determine the nature of the interest required.[5] Instead, " the inquiry is a flexible one which focuses on the facts and circumstances surrounding each application measured by; a practical rather than a technical yardstick"[6] Further, the interest must be "one which the substantive law recognizes as belonging to or being owned by the applicant."[7]

In this case, it is clear that, if successful, the complaining parties have a duty to reimburse the rate payer. The LPSC has a real and concrete interest in the impact that any rulings of this court may have that effects the rights of the ratepayer.

Further, LPSC's interest will be "imputed or impaired" by the disposition of this matter if it is not allowed to intervene. If this is not allowed, LPSC will effectively be bound by any decision that may; be issued by this Court regarding the location of the damaged property, extent of damage, etc.

LPSC's interest will not be adequately represented by the existing parties. The LPSC is

---

v. United Gas Pipeline Co., 732 F.2d 452, 463 (5th Cir 1984).
[3] Sierra Club, 18 F.3d at 1205
[4] Piambino v. Bailey, 610 F. 2d 1306, 1321 (5th Cir. 1980)
[5] Ouch v. Sharpless, 237 F.D.R. 163 (E.D. Tex. 2006).
[6] 237 F.R.D. at 166.
[7] Id., see also Chambers Medical Foundation v Chambers, 236 F.R.D. 299 (M.D. La., 2009).

an entity with the responsibility to the ratepayers and seeks to intervene in order to protect their property interest. The LPSC must be allowed to participate in this action. The LPSC has satisfied all the requirements of Rule 24 with regard to intervention of right, and as such, this court should grant its motion to intervene as of right.

### III. Conclusion

LPSC is entitled to intervention of right in the captioned matter because its application for intervention was timely filed, because LPSC has an interest relating to the claim, because the disposition of this complaint without the involvement of the LPSC would impair its ability to protect the interest of the rate payer and because no other party adequately represents the rate payer's interest.

Respectfully submitted,

*s/Dennis Weber*
**DENNIS C. WEBER**
GENERAL COUNSEL
Louisiana Public Service Commission
Bar Roll Number: 13299
**STEPHEN KABEL**
STAFF ATTORNEY
Louisiana Public Service Commission
Bar Roll Number: 30209
602 North Fifth Street, Galvez Building
12th Floor
Baton Rouge, Louisiana 70802
Telephone Number: (225) 342-9888
Facsimile Number: (225) 342-5610
E-mail: dennis.weber@la.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2010, a copy of the foregoing Memorandum in Support of the Motion for Leave to Intervene On Behalf of the Louisiana Public Service Commission was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

                                                *s/Dennis Weber*
                                      **DENNIS C. WEBER**
                                      GENERAL COUNSEL
                                      Louisiana Public Service Commission
                                      Bar Roll Number: 13299
                                      **STEPHEN KABEL**
                                      STAFF ATTORNEY
                                      Louisiana Public Service Commission
                                      Bar Roll Number: 30209
                                      602 North Fifth Street, Galvez Building
                                      12th Floor
                                      Baton Rouge, Louisiana 70802
                                      Telephone Number:  (225) 342-9888
                                      Facsimile Number: (225) 342-5610
                                      E-mail: dennis.weber@la.gov