UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | SECTION "K" |

| | | |
|---|---|---|
| *Mumford* | C.A. No. 05-5724 | *as to claims of plaintiffs Josephine Richardson and Holiday Jewelers, Inc. ONLY* |
| *Benoit* | C.A. No. 06-7516 | *as to claims of plaintiffs' John Alford and Jerry Alford – ONLY* |

## ORDER

Having considered the parties' Joint Stipulation and Motion to Permit Additional Expert Designation for June 2010 Exemplar Trial, Subject to Conditions, the Court finds that the stipulation and motion are supported by good cause, and it is hereby ORDERED as follows:

1. Dr. David Mitchell will be permitted to testify in the June 2010 bench trial consistent with his expert report as provided to counsel for LNA on April 6, 2010, and attached as Exhibit A to the parties' stipulation and motion.

2. Plaintiffs shall make Dr. Mitchell available for deposition in May 2010 in Houston, Texas.

3. Dr. Mitchell's testimony will be introduced as part of plaintiffs' case in chief, rather than on rebuttal after LNA's case has been presented.

4. LNA's previously-designated experts will be permitted to opine at trial on the matters raised in Dr. Mitchell's report and testimony without the need for further reports or depositions from them.

LIBW/1735923.1

5. If LNA considers it necessary to seek testimony from an additional expert based on Dr. Mitchell's report and/or deposition testimony, LNA will tender a report from such additional expert to plaintiffs and the Court by May 17, 2010, and will make such additional expert available for deposition within three weeks of Dr. Mitchell's deposition. Provided these conditions are fulfilled, such expert will be permitted to testify as part of LNA's case at trial.

6. Plaintiffs' objection the introduction of the report of Dr. Larry Daggett as an Appendix to the report of Dr. Charles Cushing is withdrawn. See Doc. 19554 at 5-6 (ruling that Dr. Cushing would be permitted to rely on Dr. Daggett's report but finding the report itself inadmissible, subject to further consideration at trial). Plaintiffs may <u>cross-examine Dr. Cushing on his reliance on this report as a foundational basis for any of his opinions</u>.

7. LNA will not seek, and plaintiffs will not be required to provide, further depositions from plaintiffs' experts regarding the supplemental declarations that the Court admitted in its ruling on LNA's motion in limine. Doc. 19733 at 2-5. Conversely, LNA's experts will be permitted to opine at trial, without objection from plaintiffs as to timeliness, with respect to any matters raised in the supplemental declarations from plaintiffs' experts, without requiring supplemental reports or further depositions of LNA's experts.

New Orleans, Louisiana, this 10th day of May, 2010.

_____
JUDGE STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

2