# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: BARGE | SECTION "K" |
| *Mumford*        C.A. No. 05-5724 | *as to claims of plaintiffs Josephine Richardson and Holiday Jewelers, Inc. - ONLY* |
| *Benoit*        C.A. No. 06-7516 | *as to claims of plaintiffs John Alford and Jerry Alford -- ONLY* |

## LAFARGE NORTH AMERICA INC.'S OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY

Pursuant to the Court's April 15, 2010, Order (Doc. 19728 at 4), defendant Lafarge North America Inc. ("LNA") hereby objects to the deposition testimony designated by plaintiffs for admission at trial, as follows:

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF ARTHUR ANDERSON, JR., TAKEN ON APRIL 29, 2009 |
|---|---|
| 74:11-75:8 | Speculation as to the cause of the sounds he heard. He acknowledges (at 75:9-13) that he did not see the barge go through the floodwall. Conversations with his son are hearsay. |
| 80:21-82:17 | Relevance. Whether he told someone else about the sound he heard is irrelevant. |
| 91:25-92:11 | Speculation. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF COLLEEN BORDELON, TAKEN ON APRIL 23, 2009 |
|---|---|
| | Objection to entire transcript on relevance grounds.  Water flow and water levels at her location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF DONALD BORDELON, TAKEN ON APRIL 23, 2009 |
|---|---|
| | Objection to entire transcript on relevance grounds.  Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 38:4-12, 47:25-53:3 | Hearsay.  Mr. Bordelon's testimony regarding telephone conversations with relatives in other areas of St. Bernard Parish is hearsay. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF DONNA BORDELON, TAKEN ON APRIL 23, 2009 |
|---|---|
| | Objection to entire transcript on relevance grounds.  Water flow and water levels at her location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF ANTHONY DUNN, TAKEN ON MARCH 23, 2009 |
|---|---|
| 34:5-12 | Hearsay. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF EMILE EDWIN GOETTZ, JR., TAKEN ON JANUARY 14, 2009 |
|---|---|
| | Objection to entire transcript on relevance grounds.  Water flow and water levels at his location is irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 19:4-10 | Relevance.  What vehicles Mr. Goetz left at his home when he evacuated is irrelevant. |
| 44:7-46:7 | Foundation.  No facts support Mr. Goetz's testimony concerning the direction of water flow. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF RICHARD JOSEPH GUIDRY, JR., TAKEN ON MAY 12, 2009 |
|---|---|
| | Objection to all designated excerpts on relevance grounds.  Plaintiffs' sole purpose for seeking to introduce this deposition transcript is to authenticate the transcript and recording of an unsworn, out-of-court interview by Mr. Guidry with Mr. Murph, which LNA argued in its motion *in limine* cannot be used for any purpose.  See Doc. 19649.  The Court has ruled that, if a proper foundation is laid, the document can be used under Fed. R. Evid. 613 as a prior inconsistent statement or to show bias.  But a party may not use a prior inconsistent statement to impeach its own witness when the "primary purpose" for introducing the prior statement is to attempt to prove the substance of the prior statement.  The statement should therefore be excluded, as should Mr. Guidry's deposition transcript, which merely authenticates the statement.  See *United States v. Hogan*, 763 F.2d 697, 701-02 (5th Cir. 1985); *Whitehurst v. Wright*, 592 F.2d 834, 839-40 (5th Cir. 1979). |
| 65:6-66:1 | Relevance.  That Mr. Guidry also had conversations with Mrs. Murph is irrelevant. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF ARTHUR JAMES GUTHRIE, TAKEN ON JUNE 6, 2008 |
|---|---|
| 32:24-25 | No testimony designated; only a question from counsel. |
| 33:24-34:1 | No testimony designated; only a question from counsel. |
| 35:5-6 | No testimony designated; only a question from counsel. |
| 36:2-3 | No testimony designated; only a question from counsel. |
| 36:14-37:9 | Document speaks for itself. |
| 46:5-9 | Speculation. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF EARL LACKINGS, TAKEN ON APRIL 9, 2008 |
| --- | --- |
| 44:18-23 | Relevance.  Speculation.  Lack of foundation. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF MARK MADARY, TAKEN ON APRIL 28, 2009 |
| --- | --- |
|  | Objection to entire transcript on relevance grounds.  Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 40:25-52:25 | Relevance.  Rescue activity after 7:00 a.m. on August 29, 2005 in St. Bernard Parish is irrelevant to causation or any issue in dispute in the June 2010 trial. |
| 83:3-13 | Hearsay.  Mr. Madary's testimony regarding Mr. Aguilar giving him information over the phone is hearsay. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF DENNIS J. MARTINEZ, TAKEN ON APRIL 7, 2009 |
| --- | --- |
|  | Objection to entire transcript on relevance grounds.  Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 45:10-46:1 | Relevance.  Mr. Martinez's testimony regarding rescue activities for the 5-day period following the storm is irrelevant to causation or any issue in dispute in the June 2010 trial. |
| 57:23–58:5 | Relevance.  Mr. Martinez's testimony regarding whether he will evacuate for the next category 3 hurricane in the Greater New Orleans Area is irrelevant. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF RONALD CHARLES MCGILL, TAKEN ON JANUARY 16, 2008 |
| --- | --- |
| 58:20-24 | Speculation.  Lack of foundation.  See Transcript at 71:10-18, 72:2-5, 19-22 (he was inside a house when he heard a boom sound and did not know what caused the sound; he didn't see the barge until he was on top of the Claiborne Avenue bridge). |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF JOHN MEYERS, TAKEN ON APRIL 8, 2009 |
|---|---|
| | Objection to entire transcript on relevance grounds.  Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF ERNEST JOSEPH OFFRAY, TAKEN ON FEBRUARY 19, 2008 |
|---|---|
| 36:24-36:25 | Objection to designation of question without an answer. |
| 59:9-59:14 59:18-59:20 | Relevance.  Mr. Offray's medical condition is irrelevant to the claims in dispute at the June 2010 trial. |
| 72:8-72:19 | Relevance. |
| 92:21-93:4 | Speculation.  Lack of foundation.  Opinion testimony from lay witness. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF PATRINA PETERS, TAKEN ON APRIL 8, 2008 |
|---|---|
| | Objection to all of plaintiffs' designations to the extent that the deposition transcript is marked "Draft Copy." |
| 23:5-17, 26:14, 103:14-104:4 | Relevance.  Ms. Peters' medical condition is irrelevant to the claims in dispute at the June 2010 trial. |
| 33:17-24 | Relevance. |

5

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF JAMES REED, TAKEN ON FEBRUARY 28, 2008 |
|---|---|
| | Objection to entire transcript on relevance grounds. Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 9:21-10:12 | Relevance. Colloquy regarding Mr. Reed's Social Security Number is irrelevant. |
| 18:4-20:17 | Relevance. Mr. Reed's bedtime and breakfast habits and water leaking into his home from a failed chimney are irrelevant. |
| 38:25-39:17 | Relevance. The depth of the water in Chalmette, Louisiana at 1:00 p.m. is irrelevant. |
| 44:24-45:25 | Relevance. Mr. Reed's evacuation efforts at 3:00 p.m. are irrelevant. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF JAMES LOUIS RUIZ, TAKEN ON FEBRUARY 28, 2008 |
|---|---|
| | Objection to entire transcript on relevance grounds. Water flow and water levels at his location are irrelevant to the claims of the plaintiffs being tried at the June 2010 trial. |
| 22:7-24:2 | Relevance. Testimony regarding water levels in Arabi, Louisiana after 10:00 a.m. is irrelevant to causation issues, especially when the water level was dropping. |
| 24:3-26:15 | Relevance. Mr. Ruiz's efforts to save his dogs around noon on the day of the storm are irrelevant to causation. |
| 57:6-17 | Speculation. Opinion testimony by lay witness. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF WILSON MATTHEW SIMMONS, TAKEN ON JANUARY 8, 2007 |
|---|---|
| 49:5-22 | Speculation. Lack of foundation. |
| 50:7-51:5 | Opinion/expert testimony by lay witness. Nonresponsive to question posed. Lack of foundation. |
| 51:13-55:11 | Opinion/expert testimony by lay witness. Nonresponsive to question posed. Lack of foundation. |
| 55:12-21 | Speculation. Lack of foundation. Opinion testimony by lay witness. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF ARCOLA SUTTON, TAKEN ON FEBRUARY 10, 2009 |
|---|---|
| 20:1-2 | No testimony designated; only a question from counsel. |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF WILLIAM VILLAVASSO, JR., TAKEN ON DECEMBER 18, 2007 |
|---|---|
| 10:18-11:21 | Relevance.  Scheduling of deposition of individual other than Mr. Villavasso is irrelevant.  The excerpt is also irrelevant because it does not include any witness testimony. |
| 13:6-16:20 | Objection to designation of attorney colloquy, which is contrary to the Pre-Trial Order.  See Doc. 19728 at 4 (depositions submitted to the Court "shall eliminate all attorney colloquy").<br><br>Relevance.  Whether an unidentified individual took statement from Mr. Villavasso is irrelevant to his testimony.  The excerpt is also irrelevant because it does not include any witness testimony. |
| 52:24-53:15 | Objection to designation of attorney colloquy, which is contrary to the Pre-Trial Order.  See Doc. 19728 at 4 (depositions submitted to the Court "shall eliminate all attorney colloquy"). |
| 70:14-18 | No testimony designated; only a question from counsel. |
| 72:16-73:6 | Mischaracterizes witness's prior testimony.  Witness did not testify that an object was "sticking through" the floodwall. |
| 83:7-84:6 | Objection to designation of attorney colloquy, which is contrary to the Pre-Trial Order.  See Doc. 19728 at 4 (depositions submitted to the Court "shall eliminate all attorney colloquy").<br><br>Objection to introduction or admission of Villavasso Deposition Exhibit 6, which is a drawing of a rectangular object that Mr. Villavasso made during his deposition.  The drawing does not reflect Mr. Villavasso's testimony as to what he actually saw.  He did not testify that he saw an object of that shape or size, but only that he saw the "tip" of an object. |
| 161:24-164:5 | Relevance.  Mr. Villavasso's  medical condition is irrelevant to his testimony. |

7

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF SIDNEY WILLIAMS, TAKEN ON FEBRUARY 19, 2008 |
|---|---|
| 41:24-25 | No testimony designated; only a question from counsel. |
| 45:1 | No question designated; only answer. |
| 45:4-12 | Speculation.  Hearsay. |
| 47:22-24 | No question designated; only answer. |
| 57:16-17 | Answer non-responsive to question posed. |
| 61:9-15 | Relevance. |
| 63:1-8 | Relevance. |
| 71:11 | No question designated; only answer. |
| 74:21 | No question designated; only answer. |
| 74:23-75:6 | Relevance. |
| 80:6-14, 21-25; 84:11-15, 20; 86:14-87:7; 89:19-90:24; 93:19-94:18; 97:2-16; 100:1-7 | Objection to designation of attorney colloquy, which is contrary to the Pre-Trial Order.  See Doc. 19728 at 4 (depositions submitted to the Court "shall eliminate all attorney colloquy"). |

| PAGE-LINE | OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF SIDNEY WILLIAMS, TAKEN ON OCTOBER 9, 2008 |
|---|---|
| 44:7-11 | No question designated; only answer. |

Dated: May 21, 2010                    Respectfully submitted,

                                       Robert B. Fisher, Jr., T.A. (#5587)
                                       Derek A. Walker (#13175)
                                       **CHAFFE MCCALL, L.L.P.**
                                       2300 Energy Centre
                                       1100 Poydras Street
                                       New Orleans, LA  70163-2300
                                       Telephone:  (504) 585-7000
                                       Facsimile:  (504) 585-7075
                                       Fisher@chaffe.com
                                       Walker@chaffe.com

                                        /s/ John D. Aldock
                                       John D. Aldock
                                       Richard M. Wyner
                                       Mark S. Raffman
                                       **GOODWIN PROCTER LLP**
                                       901 New York Avenue, N.W.
                                       Washington, DC  20001
                                       Telephone:  (202) 346-4240
                                       jaldock@goodwinprocter.com
                                       rwyner@goodwinprocter.com
                                       mraffman@goodwinprocter.com

                                       Daniel A. Webb (#13294)
                                       **SUTTERFIELD & WEBB, LLC**
                                       Poydras Center
                                       650 Poydras Street, Suite 2715
                                       New Orleans, LA  70130
                                       Telephone:  (504) 598-2715

                                       ***Attorneys for Lafarge North America Inc.***

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2010.

/s/ John D. Aldock_____