CASE # 1



LEXSEE 2006 U.S. DIST. LEXIS 5405

**TROY LEE GREER, JR. VERSUS LOWES HOME CENTERS, INC.**

CIVIL ACTION NO. 05-0322

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION**

*2006 U.S. Dist. LEXIS 5405*

**January 26, 2006, Decided**

**SUBSEQUENT HISTORY:** Modified by, in part, Objection granted by, in part, Objection denied by, in part *Greer v. Lowe's Home Ctrs., Inc., 2006 U.S. Dist. LEXIS 31958 (W.D. La., Apr. 11, 2006)*

**COUNSEL:** [*1] For Troy Lee Greer, Jr, Plaintiff: Laurie Wilkinson Lyons, Walker Tooke et al, Shreveport, LA.

For Lowes Home Centers Inc, Defendant: Christopher E Moore, Christine M White, McGlinchey Stafford, New Orleans, LA.

**JUDGES:** KAREN L. HAYES, U. S. MAGISTRATE JUDGE. JUDGE JAMES.

**OPINION BY:** KAREN L. HAYES

**OPINION**

**RULING & ORDER**

Before the Court is a Motion to Compel (Doc. # 9) and Supplemental Motion to Compel (Doc. # 17) filed by Defendant, Lowe's Home Centers, Inc. ("Lowes"). For the reasons stated below, Defendant's Motions are **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

Plaintiff, Troy Lee Greer, Jr. ("Greer"), filed a race discrimination action against his former employer, Lowes. On September 14, 2005, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff's counsel. Plaintiff's responses were due October 17, 2005. On October 18, 2005, Defendant granted Plaintiff an extension of time until November 18, 2005 to provide the responses. Plaintiff served his responses and objections to Defendant's discovery requests on November 22, 2005.

Plaintiff was deposed on December 5, 2005. At his deposition, Plaintiff testified that he had [*2] received statements from witnesses after his termination. Defendant filed this Motion to Compel (Doc. # 9) on December 16, 2005, seeking the production of the witness statements and seeking an order continuing the scheduled depositions of these witnesses until after the statements had been produced. Defendant claims that these statements need not be produced under the work-product doctrine. On December 19, 2005, the undersigned deferred ruling on Defendant's Motion to Compel and ordered Plaintiff to respond to the Motion to Compel. The undersigned also continued the scheduled depositions until after a ruling was made on the Motion to Compel.

On January 4, 2006, Defendant filed a Supplemental Motion to Compel (Doc. # 17). In the supplemental motion, Defendant states that the deposition of O.C. Hicks ("Hicks") was taken and concluded on December 20, 2005, prior to counsel learning that the undersigned had continued the depositions. Defendant claims that during the deposition of Hicks, a statement was produced that was purportedly the statement Hicks had previously provided Plaintiff. In the Supplemental Motion to Compel, Defendant alleges that Hicks did not prepare the statement and [*3] that the signature on the statement was not Hick's signature. In addition to the original Motion to Compel, Defendant is seeking leave to depose Plaintiff and/or other persons identified as participating in the preparation of these witness statements and also the production of all prior versions of each witnesses' state-

ments. Plaintiff filed an Opposition to Defendant's Motions to Compel (Doc. # 18).

## ANALYSIS

Defendants are seeking an order requiring Plaintiff to produce the witness statements he acquired prior to litigation. Plaintiff contends that the statements are from present employees of Lowes, former employees of Lowes, family members, and friends of Plaintiff. Plaintiff states that he collected the statements himself with the intent to use the statements to sue Lowes. Plaintiff argues that the witness statements are protected by the work product doctrine. Defendant argues that the work product doctrine does not protect the statements. Defendant argues that Plaintiff waived his right to object to the discovery requests because his responses were untimely, and waived any confidentiality under the work product doctrine by giving the statements to his ex-wife. Defendant [*4] also argues that there is a substantial need for the statements, that Lowes is entitled to the statements without a substantial need, and, in the alternative if the court does not order the plaintiff to produce the statements, that the court order the statements be provided to the court for an *in camera* inspection.

*Rule 26(b)(3) of the Federal Rules of Civil Procedure* states, "...a party may obtain discovery of documents ... prepared in anticipation of litigation or for trial by or for another party ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Plaintiff has stated that all of the witnesses are available for deposition; therefore, Defendant is able to depose these witnesses to obtain information that may be relevant to the litigation, including the facts contained in any statements they might have made.[1]

> 1  Entry # 16 on Plaintiff's Privilege Log states "Handwritten statement - author unknown." If the author of this statement is unknown, it cannot be used as evidence; therefore, the inability to depose this witness is irrelevant.

### [*5] Waiver by Untimeliness

Defendant argues that Plaintiff has waived his right to object to producing the witness statements because Plaintiff failed to respond timely to Defendant's discovery requests. Plaintiff's discovery responses were due October 17, 2005; however, Defendant granted Plaintiff an extension until November 18, 2005 to provide the responses. Plaintiff provided his responses on November 22, 2005. Plaintiff relies on *F.R.C.P. Rule 37(d)* which provides that a party's failure to timely respond to discovery may not be excused on the grounds that the discovery sought is objectionable unless the party moved for a protective order prior to the time for responding. However, *Rule 37(d)* also states that, "If a party ... fails ... to serve answers or objections to interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are *just*. (emphasis added). "District courts have considerable discretion in managing discovery." *Munoz v. Orr, 200 F.3d 291, 305 (5th Cir. 2000),* citing *Geiserman v. MacDonald, 893 F.2d 787, 789 (5th Cir. 1990).* [*6] As Plaintiff has correctly pointed out, the delay in this case was a mere four days (including a weekend). The cases cited by Defendant ruling that objections had been waived consisted of more serious delays. (*See Maloney v. Universalcom, Inc., 2001 U.S. Dist. LEXIS 122, 2001 WL 8589, (E.D.La. 2001)* (45 days); *Francis Services, Inc. v. Clover, 1999 U.S. Dist. LEXIS 9833, 1999 WL 447085 (E.D.La. 1999)* (no production until Court involvement); *Perry v. Golub, 74 F.R.D. 360 (D.C. Ala. 1976)* (no production until Court involvement)). Plaintiff has stated that the 4 day delay was an inadvertent error. In addition, no prejudice has been demonstrated by Defendant; therefore, the Plaintiff has not waived his right to object to producing the witness statements, and the Motion to Compel will not be granted on that basis.

### Waiver by Disclosure

Plaintiff's Opposition states that some of the statements "are hand-written; others were typed, apparently by plaintiff's ex-wife." Defendant argues that Plaintiff waived his right to assert protection over the witness statements by giving them to his ex-wife to type. Defendant cites several cases and claims that

> Plaintiff waived whatever protection [*7] he might have successfully asserted over the witness statements. ... *See e.g. Hanson v. U.S. Agency for International Development, 372 F.3d 286 (4th Cir. 2004)* (implied waiver of attorney-client privilege occurs when party claiming privilege has voluntarily disclosed confidential information on given subject to party not covered by privilege); *Ratliff v. Davis Polk & Wardwell, 354 F.3d 165 (2nd Cir. 2003)* (client lost privilege protection by voluntarily authorizing law firm to send documents in question to SEC during investigation into audits); *Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503 (D.C. Cal. 2003)* (plaintiff's disclosure of information on public website waived work product protection).

(Doc. # 24-1, pg. 5).

The first two cases cited by Plaintiff do not apply to this case. These cases involve waivers of the attorney-client privilege. In Defendant's opposition to Plaintiff's motions, Defendant does not argue the statements are protected by the attorney-client privilege, but that they are protected by the work-product doctrine. Work-product protection

> does not exist to protect a confidential relationship, but [*8] rather *to promote the adversary system by safeguarding the fruits* of an attorney's trial preparations from the discovery attempts of the opponent. The purpose of the work product doctrine is to protect information against opposing parties, rather than against all others outside a particular confidential relationship, in order to encourage effective trial preparation. ... We conclude, then that *while the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege.* (emphasis added)

*U.S. v. American Tel. & Tel. Co.*, 206 U.S. App. D.C. 317, 642 F.2d 1285, 1299 (D.C. Cir. 1980). The third case cited by Defendant, *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 (D.C. Cal. 2003), while addressing work product protection, involved the disclosure of information on a public website. The disclosure of the witness statements to Plaintiff's ex-wife is not a public disclosure, and is not inconsistent with the purpose of encouraging effective trial preparation. Plaintiff has not waived his right to the work product doctrine by disclosing [*9] the statements to his ex-wife, and the Motion to Compel cannot be granted on this basis.

It should be noted that Plaintiff's Opposition states that the written statements may be used at trial for impeachment purposes or to refresh the memory of a witness. If Plaintiff does use the statements to impeach the witness or refresh the witness's memory, the work product privilege will be waived. *See United States v. Nobles*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975).

**Employee Statements**

Defendant argues that any statements made by current or former employees of Lowes should be produced because they could bind Lowes. "A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." *F.R.C.P. 26(b)(3)*. If Plaintiff intends to offer any of the statements made by Defendant's current or former employees as prior statements made by Lowes, those statements are not protected by the work product doctrine. Therefore, the motion to compel is GRANTED as to any such statements, and **IT IS HEREBY ORDERED** that Plaintiff produce those statements within ten days of the date of this order.

[*10] **Substantial Need**

Defendant also argues that there is a substantial need for production of the witness statements because it is likely that most of the statements were taken two years ago, and the witnesses memories will have faded by now. Since the witnesses are available for deposition, Defendant is to first depose the witnesses. If after deposition Defendant determines that the witnesses are in fact unable to provide Defendant with information regarding their knowledge of this case, Defendant may submit the deposition transcripts to the court with a request for an *in camera* inspection of the statements. The Court will then order Plaintiff to submit the witness statements to this Court for a determination on whether there is substantial need for the defendants to obtain the witness statements.

**Leave to Depose**

Defendant seeks leave to depose Plaintiff and/or person(s) identified as participating in the preparation of the witness statements. Defendant contends that O.C. Hicks did not prepare the statement that was purported to be his statement and that the signature on the statement was not Hicks' signature. Mr. Hicks stated in his deposition that he did [*11] not write or sign the statement but claimed that the purported statement has "just been re-written but it's the same thing." However, he was uncertain as to many of the details in the statement, particularly regarding the origin of some of the claims in the statement. Upon reviewing the statement, it is not clear if the "signature" on the typed statement was meant to be a signature or whether it was merely a note identifying the person who purportedly gave the statement. Defendant contends that the manipulation of the statement suggests "serious malfeasance" and that it should be allowed to depose all persons who might have been involved in same. While the undersigned is less convinced that there are substantial inconsistencies between Mr. Hicks' deposition testimony and the typewritten statement, there are no doubt differences. Defendant's motion for leave to depose Plaintiff and/or person(s) identified as participating in the preparation of the witness statements is therefore **GRANTED;** Defendant is also granted leave to depose the witnesses themselves, and the Plaintiff is ordered to cooperate in scheduling the depositions within

the delays set herein. Defendant is given until [*12] **March 31, 2006,** to conclude the depositions in this case.

Accordingly, Defendant's Motions to Compel (Docs. # 9 & 17) are **GRANTED IN PART** and **DENIED IN PART.** Defendant has until **MARCH 31, 2006** to depose witnesses including Plaintiff and/or any person(s) involved in preparing any witness statements. Thereafter, upon motion request by Defendant, the Court will perform an *in camera* inspection to compare the depositions and any witness statements not produced in connection with the depositions or pursuant to this order. Plaintiff is **ORDERED** to produce all statements made by former or current employees of Lowes if Plaintiff intends to offer those statements as prior statements or admissions by Lowes.

THUS DONE AND SIGNED at Monroe, Louisiana this 26th day of January, 2006.

KAREN L. HAYES

U. S. MAGISTRATE JUDGE