UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: BARGE | * <br> * <br> * <br> * | SECTION "K" |
| *Munford*          C.A. No 05-5724 | * <br> * <br> * <br> * | *as to claims of plaintiffs Josephine*<br>*Richardson and Holiday Jewelers,*<br>*Inc. - Only* |
| *Benoit*          C.A. No. 06-7516 | * <br> * <br> * <br> * | *as to claims of plaintiffs John*<br>*Alford and Jerry Alford - Only* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BARGE PLAINTIFFS' AMENDED OPPOSITION TO LAFARGE NORTH AMERICA INC.'S MOTION TO QUASH TRIAL SUBPOENAS SERVED ON WAYNE CENTANNI AND ROBERT GARCIA

**INTRODUCTION**

Plaintiffs oppose defendant Lafarge North America Inc.'s ("LNA") motion to quash trial subpoenas served on Wayne Centanni ("Centanni") and Robert Garcia ("Garcia"), employees of the Centanni Investigative Agency ("Centanni Investigative"). Plaintiffs properly issued trial subpoenas to Centanni and Garcia pursuant to Fed. R. Civ. P. 45. This Court has subpoena power under this Rule. LNA does not challenge the sufficiency of the subpoenas and only argues that any testimony that could be given is protected by the work product doctrine.

Not only is the testimony Plaintiffs seek to elicit from the employees of Centanni Investigative at trial not protected by the work product doctrine, but it also would be highly prejudicial to Plaintiffs if LNA is permitted to use the improperly obtained interviews to impeach at trial without Plaintiffs having an opportunity to question Centanni Investigative employees as to the methods used during those interviews. LNA's motion to quash should fail for several reasons:

First, Plaintiffs do not seek any testimony from Centanni or Garcia that is protected by the work product doctrine.

Second, LNA's motion to quash would prejudice the Plaintiffs as it would allow Defendants to introduce improperly obtained interviews to impeach witnesses without Plaintiffs having the opportunity to question Centanni Investigative employees as to their improper methods.

Third, LNA's motion to quash is overbroad, because the Hon. Judge Duval may rule at trial whether questions posed to Centanni and Garcia are protected by the work product doctrine.

Therefore, for the reasons stated in this opposition, Plaintiffs respectfully request that LNA's motion to quash be denied.

2

I.     **THE TESTIMONY SOUGHT FROM CENTANNI AND GARCIA BY**

      **PLAINTIFFS IS NOT PROTECTED BY THE WORK PRODUCT DOCTRINE.**

Defendants argue repeatedly, and incorrectly, that *all* testimony that could be given by Centanni Investigative employees is protected by the work product doctrine and rely on the previous rulings of Magistrate Judge Wilkinson in support of their contention. This argument is flawed. Although Magistrate Judge Wilkinson has ruled on the disclosure of certain information by Centanni Investigative employees, the information sought by Plaintiffs does NOT fall within the areas that have previously been deemed work product by those rulings.

      a.   *Plaintiffs Seek Testimony Outside the Scope of the Work Product Doctrine.*

The work product doctrine first stated in the Supreme Court in *Hickman* has been codified at Fed. R. Civ. P. 26(b)(3). By its own terms, Fed. R. Civ. P. 26(b)(3) protects only "documents and tangible things," which would not include the testimony of Centanni and Garcia regarding the aforementioned topics. The testimony of Centanni and Garcia would be limited to the methods used during the interviews with the witnesses.

Magistrate Judge Wilkinson's rulings revolved around preventing the disclosure of mental impressions, conclusion, opinions and legal theories. R.D. 13149 at 18. Plaintiffs are not seeking obtain testimony regarding such information. Defendants have used the services of Centanni Investigative to obtain testimony from potential witness that they are planning to use at trial for impeachment purposes. Centanni Investigative employees acted improperly and unethically in obtaining that testimony. Plaintiffs should have the right to question Centanni Investigative's employees as to their conduct and methods during those interviews if Defendants intend to use the improperly obtained interviews at trial. The topics which Plaintiffs intend to raise at trial will not revolve around mental impressions, conclusions, opinions or legal theories,

but rather the methods used to obtain the information during the interviews.  For example, the guidelines that were followed during the interviews, and the safeguards in place during the interviews to prevent unbiased interviews.

**b.  *LNA's Use of the Interviews to Impeach The Witnesses or Refresh Their Memories will Waive Work Product Protection.***

Even if the sought testimony is found to be protected by the work product doctrine, which it is not,  if LNA uses the statements made by the witnesses to Centanni Investigative's employees for impeaching the speakers or to refresh their memories, which they intend to do, LNA will waive work product protection of the interviews and contacts.  Testimonial uses of materials protected by the work product doctrine waive work product protection.  *See* United States v. Nobles, 422 U.S. 225, 240 (1975).  If LNA uses the witnesses' statements to impeach them or refresh their memories, the work product privilege will be waived for those statements. *See* Greer v. Lowes Home Ctrs., Inc., 2006 U.S. Dist. LEXIS 5405, 9 (W.D. La. 2006). Therefore, Plaintiffs should have a right to call the Centanni Investigative employees and question them about those same interviews.

**II.    LNA'S MOTION TO QUASH IS PREJUDICIAL TO PLAINTIFFS**

Centanni Investigative employees used improper methods in obtaining information from potential witnesses. Allowing their improperly obtained interviews into trial to impeach without allowing Plaintiffs an opportunity to question the employees as to those improper methods would be highly prejudicial.

As the agents of LNA's counsel, Centanni Investigative's employees are bound by the Louisiana Rules of Professional Conduct under Louisiana RPC 5.3.  This rule requires that lawyers employing nonlawyers create measures to ensure the nonlawyer's compliance with the

4

professional obligations of the lawyer and hold the lawyer responsible for violations of the RPC

if the lawyer orders the offending behavior, ratifies it with knowledge of the conduct, or fails to

take reasonable remedial action when the consequences may be avoided. *See* Louisiana RPC

5.3. However, Centanni Investigative's employees regularly flouted the Louisiana RPC's

restrictions by failing to provide required disclosures to persons of adverse interest,

surreptitiously recording conversations with witnesses, and through other unethical conduct,

which was performed with full knowledge of LNA.

LNA admitted that Centanni Investigative's interviews of witnesses were conducted

either after this case was filed or in the anticipation of such litigation. Declaration of Wayne R.

Centanni, ¶ 3 (Jan. 31, 2008), filed with LNA's Motion to Quash Subpoena Duces Tecum on

February 4, 2008. Thus, LNA knew that Centanni Investigative was in contact with persons with

adverse interests to itself in violation of Louisiana RPC 4.3, which requires lawyers and their

agents to not tell or imply to unrepresented persons that they are disinterested parties. Centanni

Investigative violated Louisiana RPC 4.3 by stating or implying that it was a disinterested party

to the litigation. Magistrate Judge Wilkinson denied LNA's Motion for Reconsideration in R.D.

12961 noting that Centanni Investigative's employees never stated to the putative class members

that Centanni Investigative had been retained by LNA., a defendant with interests adverse to the

class members. *Id.* at 7. Judge Wilkinson found this behavior "evasive and misleading...a

material omission can be just as misleading as an affirmative misrepresentation." *Id.* Even when

directly confronted, Centanni Investigative's employees refused to be honest about information

that they knew and withheld. This greatly prejudiced the witnesses which they were

interviewing.

As previously detailed, Centanni Investigative has committed several violations of the Louisiana RPC. This court has already chastised LNA and Centanni Investigative for surreptitiously recording conversations with putative class members. *See* Mumford v. Ingram (In re Katrina Canal Breaches), 2008 U.S. Dist. LEXIS 39774, 462-63 (E.D. La. May 14, 2008). The court further scolded Centanni Investigative for its deceptive practices in dealing with putative class members. *See id.* at 463-65.

The evasiveness exhibited by Centanni Investigative's employees aimed at hiding the truth behind their employment unfairly prejudiced the interviewed witnesses. The interviewed witnesses would likely not have been so forthcoming in producing evidence and admitting possible shortcomings in their potential cases if they had known that Centanni Investigative sought to undermine their interests. The use of unethically obtained interviews by LNA at trial is fundamentally unfair, because it would reward the inequitable behavior of both LNA and Centanni Investigative. Centanni Investigative abused its position of authority by misleading witnesses into providing potentially damaging comments and material evidence, such as photographs and videos. If LNA uses any evidence or testimony gathered from Centanni Investigative's interviews during trial, Centanni and Garcia should be available to testify about the methods used during those interviews. Centanni Investigative's deceitful tactics seriously call into question the reliability of their work and Plaintiffs would be prejudiced if they were not permitted to explore that at trial.

III.   **LNA'S MOTION TO QUASH IS OVERBROAD, BECAUSE JUDGE DUVAL MAY RULE AT TRIAL WHETHER THE TESTIMONY OF CENTANNI AND GARCIA IS PROTECTED BY THE WORK PRODUCT DOCTRINE.**

Granting LNA's motion to quash would have the effect of preventing Centanni and Garcia

from testifying on both protected and unprotected matters.  A blanket denial of Plaintiffs'

subpoena would be contrary to the interests of justice and fairness.  Plaintiffs do not intend to

question Centanni Investigative employees on any topics that have previously been deemed

protected by the work product doctrine, however, if any such questions are asked, the Hon. Judge

Duval will be able to determine at trial which information in Centanni and Garcia's testimonies

should be protected by the work product doctrine.

Examples of what could be deemed properly protected work product could include the

purposes behind asking certain questions of putative class members, conclusions drawn by

analyzing the obtained photographs, the contents of notes written during interviews, or thoughts

on what statements by the interviewed class members could mean.  However, there are other

categories of information, such as what Centanni's employees were instructed to do, the

guidelines that were used in the interviews, and the safeguards in place during the interviews to

prevent unbiased interviews. These categories are not protected by the work product doctrine,

nor did Magistrate Judge Wilkinon's previous ruling address these topics. If Plaintiffs' stray

outside of these categories into protected work product areas, LNA's objections can be ruled on

at trial.

## IV.   **CONCLUSION**

Centanni and Garcia should not be shielded from testifying by claiming blanket work

product protection for any and all of their activities, especially considering their long string of

unethical conduct.  Plaintiffs are not seeking any testimony that is protected by the work product

doctrine and to allow Defendants to present unethically obtained interviews for impeachment

purposes at trial without allowing Plaintiffs the opportunity to question Centanni Investigative

employees regarding their methods would be highly prejudicial to Plaintiffs.  For the foregoing

reasons, LNA's motion to quash should be denied in its entirety.

Date: June 8, 2010                          Respectfully submitted,


                                            **/s/ SHAWN KHORRAMI**


                                            Shawn Khorrami (CA SBN #14011)
                                            Dylan Pollard (CA SBN # 180306)
                                            Khorrami, Pollard & Abir, LLP
                                            444 S. Flower Street, 33rd Floor
                                            Los Angeles, California 90071
                                            Telephone: (213) 596-6000
                                            Facsimilie: (213) 596-6010
                                            e-mail: Skhorrami@kpalawyers.com;
                                                    Dpollard@kpalawyers.com;


                                            Brian A. Gilbert (21297)
                                            Best Koeppel Traylor
                                            2030 St. Charles Ave.
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 598-5000
                                            Facsimile: (504) 524-1024
                                            e-mail: bgilbert@briangilbertlaw.com;
                                                    bgilbert@bestkoeppel.com.


                                            Lawrence D. Wiedemann.(13457)
                                            Karl Wiedemann (18502)
                                            Wiedemann & Wiedemann
                                            821 Baronne Street
                                            New Orleans, Louisiana 70113
                                            Telephone: (504) 581-6180
                                            Facsimile: (504) 581-4336
                                            e-mail: lawrence@wiedemannlaw.com;
                                            karl@wiedemannlaw.com

                                            Patrick J. Sanders (18741)
                                            3316 Ridgelake Drive
                                            Suite 100
                                            Metairie, LA 70002
                                            Telephone: 504-834-0646
                                            e-mail: pistols42@aol.com


                                            8

Richard T. Seymour (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Voice: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseymourlaw.net

Lawrence A. Wilson (N.Y.S.B.A. #2487908)
David W. Drucker (N.Y.S.B.A. #1981562)
Wilson, Grochow, Druker & Nolet
Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279-0003
Telephone: (212) 608-4400
Facsimile: (212) 227-5159
e-mail: lwilson@wgdnlaw1.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile, and/or ECF upload, this 8th day of June, 2010.

\s\ Brian Gilbert, Esq.