**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION                     CIVIL ACTION

                                            NO. 05-4182

PERTAINS TO: BARGE
                                            SECTION "K"

*Mumford*          C.A. No. 05-5724    *as to claims of plaintiffs Josephine*
                                       *Richardson and Holiday Jewelers, Inc. -*
                                       *ONLY*


*Benoit*           C.A. No. 06-7516    *as to claims of plaintiffs John Alford and*
                                       *Jerry Alford -- ONLY*


**LAFARGE NORTH AMERICA INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO QUASH TRIAL SUBPOENAS**
**SERVED ON WAYNE CENTANNI AND ROBERT GARCIA**

Plaintiffs' revised opposition to LNA's motion to quash (R.D. 19848-1) advances three

arguments as to why plaintiffs should be able to require testimony by employees of the Centanni

Agency at the upcoming trial.  But plaintiffs fail to acknowledge that, as LNA's motion (R.D.

19824) showed, this Court has already rejected those arguments in its prior rulings.  Specifically,

in <u>completely</u> quashing plaintiffs' subpoenas to depose the Centanni Agency employees and in

denying plaintiffs' motion for production of <u>any</u> materials created by those employees other than

the interview transcripts and details regarding the collection of timepieces, the Court already held

(1) that any testimony by Centanni Agency employees would invade LNA's work product;

(2) that LNA's production of the interview transcripts fully remedied plaintiffs' complaints about

the Centanni Agency's conduct; and (3) that plaintiffs have no need for testimony by the

Centanni Agency employees.  These rulings are the law of this case and foreclose the new

subpoenas.[1]

In any event, plaintiffs are plainly wrong on their merits, and for the same reasons

articulated in this Court's prior rulings.  First, contrary to plaintiffs' argument, the work product

doctrine covers all testimony, not just documents, and LNA's use of witness interview transcripts

would not waive the work product protection as to the Centanni Agency's investigation.  Second,

plaintiffs' claim that the Centanni Agency investigation somehow unfairly prejudiced them

because it resulted in witnesses providing reliable, relevant evidence is frivolous.  Extensive

authority supports the Court's prior rulings that plaintiffs' complaints were fully remedied by

production of the interview tapes and transcripts – the reliability of which is unquestioned.

Finally, plaintiffs have established no category of questions that could fall outside of LNA's

work product protection, and hence the trial subpoenas should be quashed in their entirety, just

as plaintiffs' deposition subpoenas were.

A.      **Plaintiffs' Arguments are Foreclosed by the Court's Prior Decisions**

Each of plaintiffs' arguments has already been rejected by this Court:

●       Plaintiffs argue the work product doctrine does not cover oral testimony.  That

argument is foreclosed by the prior ruling completely quashing plaintiffs' deposition notices to

the Centanni Agency employees.  R.D. 13595.

●       Plaintiffs argue that allowing LNA to use the witness interview transcripts at trial

will be prejudicial because plaintiffs will not be able to introduce testimony of the investigation

methods.  In prior rulings, however, Magistrate Wilkinson and the Court both refused to exclude

the LNA (and plaintiffs) from using the transcripts and refused to allow plaintiffs to depose the

---

[1] Plaintiffs' revised opposition, filed after the deadline that the Court set for their response, deleted some portions of their original response (R.D. 19833) that apparently was lifted verbatim from their prior briefs – the briefs whose arguments the Court had rejected in its earlier rulings.

Centanni Agency employees as to their work-product investigation.  R.D. 13149 at 13-14; R.D.

16484 at 8-9.  In doing so, the Court expressly held that the production of the transcripts fully

remedied plaintiffs' complaints as to the investigation methods.

● Plaintiffs argue that some of their hypothetical questions – such as what the

Centanni Agency employees were instructed to do by LNA's counsel – are not protected work

product.  To the contrary, in completely quashing plaintiffs' deposition notices and in barring

any other discovery of the Centanni Agency, the Court has already held that all aspects of the

Centanni Agency investigation, conducted under the direction of LNA's counsel during the

course of this litigation, are protected by work product.  *See* LNA's Opening Memo

(R.D. 19823-1) at 3 (citing See R.D. 12605, 13149, 13595, 15206, and 16484).

As LNA's opening brief showed (at 9), those rulings are the law of the case and thus are

binding on the plaintiffs.  Because plaintiffs do not even acknowledge these prior rulings, they

also necessarily fail to meet their burden of establishing "extraordinary circumstances" that

would justify altering those prior rulings.  *Waller v. American Seafood Co.*, 1999 U.S. Dist.

LEXIS 13790 (E.D. La. Sept. 7, 1999).  Accordingly, the subpoenas should be quashed based on

the law of this case.

**B.     In Any Event, Plaintiffs' Arguments are Meritless**

1.     All Testimony of Mr. Centanni or Mr. Garcia Is Protected By The Work
       Product Doctrine.

Even if this Court's prior rulings were not binding, plaintiffs have presented no reasons

why work product protections would not bar Mr. Centanni or Mr. Garcia from testifying.

*a.     Plaintiffs Incorrectly State That They Are Seeking Testimony
       Outside the Scope of the Work Product Doctrine.*

Although, as plaintiffs note (at 4-5), Rule 26(b)(3) protects "documents and tangible

things," work product protection is not limited to those items.  *Hickman v. Taylor*, 329 U.S. 495

3

(1947), and progeny continue to protect intangible work product, including attempts to subpoena

testimony of a party's attorney or representative to obtain information that would, if written

down, constitute protected attorney work product.  As the Fifth Circuit held in *Nguyen v. Excel*

*Corp.*, 197 F.3d 200, 210-11 & n.34  (5th Cir. 1999), "[c]ourts have continued to apply *Hickman*

to prevent circumventing the work product doctrine by attempting to elicit an attorney's thought

processes through depositions or interrogatories."  Other courts have taken the same view.  S*ee,*

*e.g., United States v. One Tract of Real Property*, 95 F.3d 422, 428 n.10 (6th Cir. 1996); *In re*

*Seagate Technology, LLC*, 497 F.3d 1360, 1376 (Fed. Cir. 2007).

As the Supreme Court has recognized, recollections of witness interviews taken by a

party's attorney or other litigation agent necessarily involve mental impressions and opinion

work product, not mere facts.  Such interviews necessarily turn on and would review the ques-

tions that the interviewer selected to ask and the interviewer's present memory of the witness's

responses, colored by those facts the investigator found important or worth noting.  As such,

those recollections are not subject to discovery (or admission at trial).  *See, e.g., Hickman*, 329

U.S. at 511 ("[F]orcing an attorney to repeat or write out all that witnesses have told him and to

deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrust-

worthiness.  No legitimate purpose is served by such production.  The practice forces the attor-

ney to testify as to what he remembers or what he saw fit to write down regarding witnesses'

remarks.").  Indeed, plaintiffs' demand for testimony from the Centanni Agency regarding

witness interview notes and memoranda – the very items that the Court has already ruled are

absolutely-protected work product – would render the existing protections a nullity.[2]

---

[2] Plaintiffs' citation to *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982), is inapposite.  That case held that even where a party may have waived work product over tangible things, protections still exist for mental impressions derived from those things.  *Id.* (noting that "[s]ome courts have provided an almost absolute protection for such materials") (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977); *In re Doe*, 662 F.2d

###### b.     Use of Transcripts of Witness Statements Will Not Result in Waiver of Work Product Protection.

Plaintiffs next argue that if LNA attempts to impeach a witness with a transcript of his or

her interview by the Centanni Agency, then any work product protection will be waived as to

that statement and related testimony.  Opp. at 4.  As noted, the Court, in its prior rulings, already

distinguished between the transcripts – which it ordered be produced – and testimony from the

Centanni Agency – which it quashed.  R.D. 13595.  The Court has made clear that the compelled

availability of the transcripts does not in any way undermine work production protection for the

Centanni Agency investigation.  *Id.*

Plaintiffs' waiver argument is also wrong on its merits.  Courts, including those plaintiffs

cite, make clear that where a statement is disclosed, any waiver is limited to the statement itself.

*See Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) ("disclosure to an adversary waives

work product protection as to items actually disclosed."); *Sylve v. Kane*, 2010 U.S. Dist. LEXIS

39992, at *15 (C.D. Cal. Mar. 24, 2010) (party waived privilege only as to report itself when it

used report to cross-examine a witness).[3]  Thus, if LNA impeaches a witness with a portion of her

prior recorded statement, then any work product privilege is waived only as to the statement, and

not as to the investigation.  (Here, of course, there is no work product as to the statement because

the Court previously required that it be produced for use by either party.)[4]

---

1073, 1080 (4th Cir. 1981)).  Courts routinely forbid inquiry into counsel's "work product and mental impressions."  *Nguyen*, 197 F.3d at 210.  Here, there is no basis for testimony from a Centanni Agency employee other than to learn "work product and mental impressions."  Thus, the testimony should be precluded here.

[3] *See also Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 (S.D. Cal. 2003) ("waiver of the protection for the specific communications referenced" only).

[4] As noted, the cases plaintiffs themselves cite (at 4) hold that the work product doctrine is waived with respect to whatever that party affirmatively uses a trial, but none permit the sort of broader waiver urged by plaintiffs.  Thus, in *Greer v. Lowes Home Ctrs., Inc.*, 2006 U.S. Dist. LEXIS 5405, at *9 (W.D. La. Jan. 26, 2006), the court held that a party waived work product protections for a statement only after it affirmatively used that written statements; no further waiver occurred.  *See also United States v. Nobles*, 422 U.S. 225, 239-40 (1975).

Plaintiffs' assertion that use of a statement would result in a broader waiver also ignores the distinction between "opinion" and "factual" work product.  Courts, including this Court in this case, hold that mental impressions are more closely protected than recorded statements. R.D. 13149 at 17-18; *In re Qwest Communications Int'l Inc.*, 2005 U.S. Dist. LEXIS 19129, (D. Colo. Aug. 15, 2005) (waiver of privilege with respect to "fact" work product did not extend to "opinion" work product); *Pittman*, 129 F.3d at 988.[5]  In *Pittman*, the appellant claimed that his adversary had waived work product protections as to all of his investigators work when that party used some of the investigator's photographs at trial.  The Eighth Circuit disagreed and explained, "any waiver of work product protection was limited to the photographs themselves." *Pittman*, 129 F.3d at 988.  Thus, any use of the transcript would not result in a waiver of the opinion work product protection that covers the Centanni Agency investigation.  *See Hickman*, 329 U.S. at 511.

### 2.      Plaintiffs Fail To Show Any Prejudice.

Plaintiffs next argue that allowing LNA to use the transcripts without allowing plaintiffs to examine the Centanni Agency regarding the methods used to conduct the interviews would be prejudicial.  This argument fails for several reasons.  First, as the Court previously held, making the witness interview transcripts available for use by both parties fully remedied plaintiffs' objections to the investigation, and extensive authority relied on in the Court's prior rulings

---

[5] *See also Montana Land & Mineral Owners Ass'n, Inc. v. Devon Energy Corp.*, 2006 U.S. Dist. LEXIS 48742 (D. Mont. June 2, 2006) (holding that waiver was limited to specific affidavits and that "the Court is not, however, authorizing a general 'fishing expedition' into the files of Plaintiffs' counsel or counsels' mental impressions, conclusions, opinions or legal theories" and noting that the "waiver is co-extensive" with the affidavits themselves) (citing *Nobles*, 422 U.S. at 240); *Bernstein v Bernstein*, 1993 WL 184201, at *1 (E.D.N.Y. May 24, 1993) ("The testimony . . . revealed essentially factual (and non-privileged) information regarding these conversations and not mental impressions . . . .  Such factual testimony does not operate as a waiver by plaintiffs of all information regarding these three witnesses, particularly documents containing mental impressions . . . ."); *Long-Term Capital Holdings v. United States*, 2003 WL 1548770, at *9 (D. Conn. Feb. 14, 2003) ("[B]ecause opinion work product is granted a greater protection than fact work product . . . the protection over the pure opinion work-product in this case … may remain intact"); Bank *of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 175 (S.D.N.Y. 2002) ("[T]here is no indication that Terra Nova disclosed anything other than 'fact' work product . . . .  Accordingly, Terra Nova will not be compelled to produce any 'opinion' work product."),

makes clear that relevant evidence cannot be excluded.  *See* R.D. 13149 at 13-14 (rejecting

plaintiffs' argument that the transcripts should be excluded and noting that (1) the transcripts are

"relevant evidence" and (2) that LNA should not "punished" by having them excluded).  Nor are

there issues about the reliability of the witness statements.  In each case where LNA seeks to

introduce a transcript or tape (or might do so), the deponent/witness has testified that it is the

deponent's voice on the tape.

Second, plaintiffs claim (at 6) that the Centanni Agency's "evasiveness … unfairly

prejudiced" the interviews.  Not only is this argument foreclosed by the Court's prior rulings, but

the interviews speak for themselves.  There is no need or basis for invading LNA's work product

by compelling testimony from the Centanni Agency employees on this point.

Finally, plaintiffs admit that that the Centanni Agency's methods may have caused

individuals to be "forthcoming in producing evidence" and led them to "admit" certain facts.  Br.

at 6.  Plaintiffs claim that this is somehow "fundamentally unfair."  As already noted, however,

the Court has already correctly held, on the basis of extensive supporting authority, that

plaintiffs' objections were already fully remedied and that this reliable, probative evidence

should be available for use by both parties.  Moreover, plaintiffs' argument – unsupported by law

and fact – fails to explain what is unfair about impeaching a witness with a transcript of a prior

inconsistent statement, as expressly allowed by the Rules of Evidence.  *See* Fed. R. Evid. 613.

3.      The Court Should Not Delay Ruling On LNA's Motion.

Finally, plaintiffs argue that the Court should wait until Mr. Centanni and Mr. Garcia

appear on the witness stand and then rule on a question-by-question basis.  As noted above,

however, the Court already held that the Centanni Agency employees' investigation is fully

covered by work product protection when the Court completely quashed plaintiffs' deposition

notices and denied any other form of discovery.  R.D. 13595.  Plaintiffs have come forth with

7

nothing to support their claim that they should now be allowed to examine Mr. Centanni or Mr. Garcia at trial as to the same issues that a deposition was barred in 2008.

Moreover, the few topics that plaintiffs propose for questioning (at 7) are both covered by work product and immaterial to the trial. Plaintiffs argue that questions as to "what Centanni's employees were instructed to do" are not privileged. To the contrary, as the Court has recognized, these instructions were formulated by counsel during the litigation and therefore are opinion work product that is barred from discovery. *Lockheed Martin Corp. v. L-3 Communications Corp.*, 2007 WL 2209250, at *9-10 (M.D. Fla. July, 29 2007) (instructions about how to conduct a search and what specifically to search for are opinion work product); *AK Steel Corp. v. Sollac & Ugine*, 234 F.Supp.2d 711, 732 (S.D. Ohio 2002) (instructions on how to perform testing held to be opinion work product); *In re Appeal of Hughes*, 633 F.2d 282 (3d Cir.1980) (instructions from attorney are opinion work product). The same is true with respect to plaintiffs' intention to inquire into the Centanni Agency's "guidelines" and "safeguards." Moreover, these areas of questioning are irrelevant to the issues that the Court will be deciding at trial. In short, plaintiffs have not articulated a single non-protected question they would ask the Centanni Agency employees.

*     *     *

As the Court noted in the hearing on plaintiffs' motion to continue held on June 7th, the parties should be working towards eliminating the need to have witnesses testify live. Requiring Mr. Centanni and Mr. Garcia to appear to testify, even though their testimony both is covered by work product and is irrelevant, runs counter to that admonition.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above and in its opening memorandum of law, the Court should quash the subpoenas served on Wayne Centanni and Robert Garcia.

8

Dated: June 9, 2010                Respectfully submitted,

Robert B. Fisher, Jr., T.A. (#5587)
Derek A. Walker (#13175)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

 /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 346-4240
jaldock@goodwinprocter.com
rwyner@goodwinprocter.com
mraffman@goodwinprocter.com

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA  70130
Telephone:  (504) 598-2715

***Attorneys for Lafarge North America Inc.***

9