# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" |

**PERTAINS TO: BARGE**

| | | |
|---|---|---|
| *Mumford* | C.A. No. 05-5724 | *as to claims of plaintiffs Josephine Richardson and Holiday Jewelers, Inc. - ONLY* |
| *Benoit* | C.A. No. 06-7516 | *as to claims of plaintiffs John Alford and Jerry Alford - ONLY* |

## ORDER AND REASONS

Before the Court is Lafarge North America's Motion to Quash Trial Subpoenas Served on Wayne Centanni and RobertGarcia (Doc. 19823). The Court entertained argument concerning this motion at a pretrial conference held on June 10, 2010. Having reviewed the pleadings, memoranda and having heard the arguments of counsel, the Court finds that the Motion to Quash to be without merit; however, Lafarge's objections to plaintiffs' questions that may inquire into protected work product shall be preserved, and the court shall rule upon such objections as they arise during trial.

**Background**

Lafarge North America, Inc. argues that the trial subpoenas issued by plaintiffs to Lafarge's investigators Wayne Centanni ("Centanni") and Robert Garcia, who are both employed by the Centanni Investigative Agency ("the Agency"), should be quashed because "any relevant testimony that they could offer at trial is protected by the work product doctrine." (Lafarge's Memorandum in Support (Doc. 19283-1, at p. 1). Lafarge relies on some of the prior

rulings of Magistrate Judge Jay Wilkinson which addressed pretrial discovery motions which were subsequently affirmed by the undersigned. (Docs. 12605, 13149, 13595, 15206, (all four by Wilkinson, M.J.), and 16484 (Duval, J.)). In those rulings, the Court held that certain <u>tangible materials</u> created by the Agency's investigators on behalf of Lafarge in anticipation of litigation were protected from discovery by the work product doctrine and Fed. R. Civ. P. 26(b)(3). The Court also quashed a Rule 30(b)(6) deposition notice that had been issued by plaintiffs to the Agency, <u>not</u> the individuals and <u>not</u> on work product grounds.

ANALYSIS:

The Court finds Lafarge's reliance on the Court's prior discovery rulings to support this Motion to Quash Trial subpoenas is misplaced and overly broad, and that its arguments to quash the subpoenas must fail, for the following reasons.

First, because of the Agency's and Lafarge's conduct in obtaining certain materials, the Court previously ruled that Lafarge had waived its work product protection for <u>two</u> categories of materials: (1) surreptitiously recorded interviews with putative class members, (Doc. 12605, at pp. 7, 9-10), and (2) all materials connected with the Agency's unauthorized taking of stopped timepieces from the private residences of putative class members. (The Court also ruled that Lafarge had waived its attorney-client privilege as to the second category.) (Doc. 15206, at pp. 12, 30, 32-34). Thus, the materials in these two categories are <u>not</u> protected from disclosure by Rule 26(b)(3), and plaintiffs may question Centanni and Garcia at trial about <u>materials</u> in these two categories.

Second, the work product doctrine does <u>not</u> protect from disclosure <u>everything</u> that a party or its agent knows. Rule 26(b)(3)(A) provides that, "[o]rdinarily, a party may not discover

documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). By its clear language, the rule "only protects '<u>documents and tangible things</u>' produced by or for an attorney preparing for litigation and . . . it does <u>not</u> protect [against] the disclosure of underlying relevant <u>facts</u>." <u>Blockbuster Entertainment v. McComb Video</u>, 145 F.R.D. 402, 403-04 (M.D. La. 1992) (emphasis added) (citation omitted); <u>accord</u> <u>Bonneau v. F & S Marine, Inc.</u>, No. 09-3336, 2010 WL 1254552, at *2 (E.D. La. Mar. 25, 2010) (Knowles, M.J.) (citing <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 395-96 (1981)); <u>Bross v. Chevron U.S.A. Inc.</u>, No. 06-1523, 2009 WL 854446, at *5 (W.D. La. Mar. 25, 2009) (Methvin, M.J.) (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2026 (2d ed. 2007) (hereafter "Wright & Miller"); <u>Freeport-McMoran Sulphur, LLC v. Mike Millen Energy Equip. Resource, Inc.</u>, No. 03-1496, 2004 WL 1299042, at *5 (E.D. La. June 3, 2004) (Roby, M.J.) (citing <u>Upjohn Co.</u>, 449 U.S. at 395-96).

Nonetheless, when a party is ordered to produce its work product because the discovering party has made the showing mandated by Rule 26(b)(3)(A)(i) and (ii), Rule 26(b)(3)(B) requires the court to "protect against disclosure of the <u>mental impressions, conclusions, opinions, or legal theories</u> of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B) (emphasis added). Thus, tangible materials that contain the mental impressions, conclusions, opinions or legal theories of a party's attorney or representative, otherwise known as "opinion work product," are afforded a high degree of protection. <u>Bross</u>, 2009 WL 854446, at *5; <u>Sec. & Exch. Comm'n v. Brady</u>, 238 F.R.D. 429, 442 (N.D. Tex. 2006) (citing <u>Dunn v. State Farm Fire & Cas. Co.</u>, 927 F.2d 869, 875 (5th Cir. 1991); <u>In re Int'l Sys. & Controls Corp. Sec. Litig.</u>, 693 F.2d 1235, 1240 (5th Cir. 1982)) (additional citations omitted).

Although the Court in this case has ruled that certain <u>tangible materials</u> created by the Agency, such as its interviewers' notes, are Lafarge's work product and are not subject to discovery, neither that ruling nor Rule 26(b)(3) precludes plaintiffs from obtaining the <u>testimony</u> of Centanni and Garcia at trial concerning underlying <u>facts</u> within their knowledge, such as the substance of their discussions with interviewees, things they <u>observed</u> during their investigations or even <u>facts</u> that they learned from tangible work product materials which are not themselves discoverable. At trial, the Court must provide protection and sustain objections only to the extent that answers to the questions would disclose "opinion work product," such as "mental impressions, conclusions, opinions or legal theories" of defense counsel or other defense representatives.

Furthermore, contrary to Lafarge's suggestions in its memorandum, the Court's order granting Lafarge's Motion to Quash the noticed Rule 30(b)(6) deposition of the Agency was <u>not</u> based on the work product doctrine. At that time, plaintiffs' appeal from the magistrate judge's order regarding Lafarge's work product protection was pending before the undersigned, and plaintiffs had agreed not to ask any deposition questions of the Agency that might invade Lafarge's work product. Therefore, Lafarge's Motion to Quash the Deposition was dismissed as moot in part as to their work product argument. The remainder of the motion was granted because the deposition notice was untimely under the Court's scheduling order. (Doc. 13595). Thus, Lafarge's argument that the law of the case doctrine precludes plaintiffs from eliciting trial testimony from Centanni and Garcia is meritless. <u>See</u> 18B Wright & Miller § 4478 at 637 ("Law of the case does not reach a matter that was not decided."); <u>see also</u> <u>Gander Mountain Co. v. Cabela's, Inc.</u>, 540 F.3d 827, 830 (8th Cir. 2008) (quotation omitted) ("The doctrine does not apply to interlocutory orders," such as discovery rulings, which "can always be reconsidered and

modified by a district court prior to entry of a final judgment.")); accord Langevine v. District of Columbia, 106 F.3d 1018, 1022–1023 (D.C. Cir. 1997); Nw. Cent. Pipeline Corp. v. JER P'ship, 943 F.2d 1219, 1223–1225 (10th Cir. 1991); Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 15 (1st Cir. 1986); Gregg v. U.S. Indus., Inc., 715 F.2d 1522, 1528, 1530 (11th Cir. 1983); see also 18B Wright & Miller § 4478 at 636-37 ("The courts are understandably reluctant to reopen a ruling once made. . . . Reluctance, however, does not equal lack of authority. The constraint is a matter of discretion. So long as the same case remains alive, there is power to alter or revoke earlier rulings.").

At trial, the parties and the court must endeavor to distinguish between facts known by Centanni and Garcia, which are not protected by Rule 26(b)(3), and work product, especially "opinion work product," which is protected and into which plaintiffs may not inquire, except to the extent that Lafarge has waived its work product protection as to questions about materials in the two areas described above. According,

**IT IS ORDERED** that the Motion to Quash is **DENIED** ; however, Lafarge's objections to plaintiffs' questions that may inquire into protected work product are preserved, and the Court will rule upon such objections arise during trial.

New Orleans, Louisiana, this 14th  day of June, 2010.

```
                                        STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT COURT JUDGE
```