MINUTE ENTRY
DUVAL, J.
June 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" |

**PERTAINS TO: BARGE**

| | | |
|---|---|---|
| *Mumford* | C.A. No. 05-5724 | *as to claims of plaintiffs Josephine Richardson and Holiday Jewelers, Inc. - ONLY* |
| *Benoit* | C.A. No. 06-7516 | *as to claims of plaintiffs John Alford and Jerry Alford - ONLY* |

Attending a status conference held this day were:

Laurence Best, Brian Gilbert and Patrick Sanders for plaintiffs;

Derek Walker, John Aldock, Mark Raffman, Kirsten Robbin, Daniel Webb; Peter Keeley; and Rob Fisher for Lafarge North America Inc.;

Philip Brooks, Jr. for American Club; and

Josh Lee for American Home and Northern Assurance.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

1. It is agreed that maritime jurisdiction is present.

2. As this case has been subject to a particularized briefing schedule, all **exhibits** have been exchanged and all objections thereto have been made and rulings issued.

   **No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown.**

3. Likewise, the designated **deposition testimony** to be introduced in lieu of live testimony has been provided to the Court. Objections thereto have been lodged and shall be ruled upon prior to trial. **Any objection not briefed will be considered waived.**

4. During the pretrial conference, the Court was informed that there may be more testimony presented by **deposition** by agreement of counsel and that this discussion was proceeding.
   **IT IS ORDERED** that all additional deposition designations and objections thereto to be lodge **no later than NOON on Friday, June 18, 2010.** Any agreements reached that could reduce live testimony are acceptable to the Court; in the event of such agreements, the Court should be notified as soon as possible.

5. In addition, a copy of the report of each expert listed in the pre-trial order has been submitted; the Court assumes that each person's **curriculum vitae** has been included therein. **If not, the curriculum vitae should be provided the day before that expert is called.**

6. **IT IS FURTHER ORDERED** that on the day of trial, the parties shall deliver to the Court's Law Clerk, Janet Daley, one **complete set of exhibits** which are for the Court's use and not to be filed into the record.

7. **IT IS FURTHER ORDERED** that the parties discuss with Sheena Demas her requirements as to the procedures to be used for the introduction and publication of **exhibits** at trial.

8. **IT IS FURTHER ORDERED** that respect to any **power point presentations** used at trial, **two color printed copies** of such presentations shall be provided at the commencement of such presentation–one to Ms. Demas for the record and one for the Court's use. In the event these power points include graphs, documents or other exhibits that have been identified as being introduced into evidence, the designated exhibit number of that document should appear on the respective power point slide thereof.

      Power point presentations which are in the nature of a video presentation need not have such a copy presented.

9. The parties have already filed their respective pre-trial memoranda and suggested findings of fact and conclusions of law.

10. As to the insurance coverage issues which have been stayed in the instant matter, the Court informed the parties of its inclination to view the decision of the Second Circuit to be law of the case.

11. An issue was raised by plaintiffs as to Reda Bakeer's Supplemental Report being untimely and an issue was raised by defendant that while Louis Colin was listed as a trial witness, he was not identified during discovery and thus should not be permitted to be called to testify.

    **IT IS ORDERED** that the moving party shall file their/its motion on these issues no later that Noon on June 21, 2010. An opposition shall be filed to such motion on June 23, 2010.

12. The Court has ordered the use of Real Time court reporters, and the defendant has indicated that it will order daily transcripts of the proceedings. The Court has learned that the Clerk of Court has assigned Court Reporters Cathy Pepper (589-7779) and Jodi Simcox (589-7780) to this trial.

    **IT IS ORDERED** that the parties contact these individuals **no later than Tuesday, June 15, 2010** to establish the protocol for the delivery of these transcripts and to establish a deadline for the submission of a glossary of terms for the real time reporters.

    **IT IS FURTHER ORDERED** that the Court Reporters shall provide to the Court a digital version of these daily transcripts simultaneously as produced to the parties.

    **IT IS FURTHER ORDERED** that the Court requires a **final and completed transcript of the trial sequentially paginated to be completed no later than July 23, 2010.**

    **IT IS FURTHER ORDERED** that these court reporters shall be charged with the duty of determining the use of time by each side as was done in the *Robinson* case.

13. The Court shall allocate 84 hours total for trial testimony; as such, the trial will in all likelihood continue into the week of July 12th. The Court shall permit the parties to agree upon an equitable division of that time, with the understanding that the Court may provide some additional time if deemed absolutely necessary. It should be noted that in

      all likelihood the Court will strictly enforce the 84 hour allocation. Without agreement of the parties by **Wednesday, June 16, 2010,** the Court shall determine the allocation of time. In the event of agreement, the parties shall so inform the Court by e-mail. The parties were informed that the normal workday will commence at 9:00 a.m. and terminate between 5:00 and 5:30 p.m. in light of the need for the production of daily transcripts. Court will not be held on the afternoon of June 23rd, the day of June 24th and the day of July 5th.

14.    **IT IS ORDERED** that plaintiffs shall provide defendant and the Court with a list of witnesses and power point presentations to be used on the first two days of trial by **Noon on Friday, June 18, 2010.** Thereafter, the party who is calling witnesses shall give notice to the Court and the other party two days in advance of any witness testifying.

15.    An issue was raised with respect to Dr. Marino's power point demonstration containing information beyond his report and declaration. If there is no agreement on this issue, **IT IS ORDERED** that defendant shall file a motion concerning this issue on June 15, 2010 and an opposition shall be filed by Friday June 18, 2010.

16.    It was agreed that witnesses can be taken out of order in the event of scheduling difficulties.

17.    In the event any party intends to impeach a witness with deposition testimony, a copy of such deposition shall be provided to the Court prior thereto.

18.    On the day of trial, counsel shall be present in Chambers at 8:30 a.m. to discuss all necessary preliminary matters. Trial shall commence at 9:00 a.m.

19.    **IT IS ORDERED** that the parties shall be allowed 20 minutes each for opening arguments. No closing arguments will be entertained as there will be post-trial briefing.

20.    The parties represented to the Court that they are prepared to use the electronic system for displaying exhibits and will have personnel assisting them in this task.

21.    Amendments to the Pre-Trial Order:

      a)    At page 37, although the Uncontested Issues of Fact were submitted as two separate lists, they are indeed uncontested.

      b)    At page 41, No. 17, this statement shall be considered contested rather than uncontested.

  c) At page 42, the organizational structure and ownership of Lafarge North America, Inc. is **STRICKEN**.

  d) At page 44, No. 32 is **STRICKEN** as a prohibited omnibus provision.

  e) At page 50, No. 22 is **STRICKEN** as a prohibited omnibus provision.

22. The parties designated "will call" witnesses and "may call" witnesses as follows:

**Plaintiffs:**
 **Will Call:**

 Ed Busch
 Earl Smith
 Louis Robin
 Jacob Glaser
 Josphine Richardson
 Terry Adams
 Arthur Murph
 John Alford
 Jerry Alford
 Captain James Hall
 Louis Colin
 Gertrude Leblanc
 Frazier Tompkins
 Lt. Commander Donald Green
 Hector Pazos
 Robert Bartlett, P.E.
 Melvin Spinks, P.E.
 Gennaro Marino, Ph.D., P.E.
 Hugh Fossier
 John Theriot
 Peter Cannizzarro, III
 Dr. David Mitchel


 **May Call:**

 Captain Raymond Graber, Jr.
 Eric Thigpen
 Barry Boudreaux
 Daniel Weber

    Wayne Centanni
    Robert Garcia
    Andrew Sartin
    Kenrick Harding
    Stan Guidry
    Towanda Shexnayder
    Arthrur Anderson, III
    Michael Bickham
    Kevin McFarland

**Defendants**
    **Will Call:**

    Jerome Agguillard
    Larry Arnold
    Ed Busch
    Captain James Hall
    Don McCrosky
    Michael O'Dowd
    Richard Riess
    Reda Bakeer
    Robert G. Bea
    Kenneth J. Boudreaux
    Charles Cushing
    Austin Dooley
    Leslie Lemon
    Wade Ragas
    Daniel Ryan, II
    D. Philip Skeaer II
    Capt. Larry E. Strouse
    Joseph Suhayda
    W. Jason Weiss

    **May Call**

    Debra Blackwell
    Gregory Campbell
    Raymond Cross
    Joy Davis
    Carrie Jenks
    Steven Lentz

Alfred McRoyal
Sarah Price
Wallace Rainey
G. Paul Kemp

23. **IT IS FURTHER ORDERED** that the following will constitute the post-trial briefing schedule.  The issue of spoliation as raised in the pretrial conference shall be addressed therein.  The Court anticipates the parties to filed Findings of Fact and Conclusions of Law that cite specifically into the Record Transcript and Exhibits as introduced at trial. The post-trial memorandum should address any legal argument that the parties feel are better briefed in this format rather than in the Findings of Fact and Conclusions of Law.

| | |
|---|---|
| July 23 | Transcript completed. |
| August 13 | Plaintiffs' Post-Trial Findings of Fact/Conclusions of law and any memoranda of law that may be ordered at the completion of trial. |
| September 3 | Defendant's opposition thereto. |
| September 17 | Plaintiffs' final responses thereto. |

**IT IS FURTHER ORDERED** that concurrently with the filing of these documents, one digital copy of all exhibits introduced at trial with the appropriate identification which are cited in these documents  must be provided to the Court.  It is further requested that there be an index to these digital documents provided within the cd/rom so that the Court will

be able to identify the document directly on the disc without reference to another document.

24. The Court entertained argument concerning Lafarge North America's Motion to quash Trial Subpoenas Served on Wayne Centanni and Robert Garcia (Doc. No. 19823). The Court's decision shall be memorialized in a separate order.

JS-10: 1HOUR, 15 MINS.