UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-418 |
| PERTAINS TO BARGE | |
| | SECTION "K" |

| | | |
|---|---|---|
| **Mumford** | **C.A. NO. 05-5724** | as to plaintiffs Josephine Richardson and Holiday Jewelers, Inc. - ONLY |
| **Benoit** | **C.A. NO. 06-7516** | as to claims of plaintiffs John Alford and Jerry Alford - ONLY |

**PLAINTIFFS' RESPONSES TO LAFARGE NORTH AMERICA INC.'S OBJECTIONS TO PLAINTIFFS' ADDITIONAL DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY**

- *As To The Deposition Testimony Of Arthur M. Anderson III, Taken On April 29, 2009 - 70:19 To 72:25 And 73:5 To 75:25:*

Lafarge has attempted to suggest a theme throughout this case: that if an eyewitness to the barge breaking the floodwall does not report or discuss it, then it must not have happened. Lafarge engaged witness Terry Adams in such a line of questioning on June 22, 2010, and intends to call Sewerage and Water Board employees Richard Reiss and Wallace Rainey to suggest that the absence of a conversation between them and Mr. Villavasso about the barge indicates that Mr. Villavasso's account is not credible.[1]

Arthur Anderson, III is witness to the fact that, whether true or not, Mr. Murph said that he heard and saw the barge break the floodwall, and pass through it. In this sense, the statements are not introduced to prove the truth of the matter asserted, i.e., that the barge hit the floodwall and broke through. The statements are designated to prove that the statements themselves

---

[1] In fact, Mr. Villavasso reported the sighting to his supervisor, John Huerkamp, whom counsel for the Sewerage and Water Board is attempting to help Plaintiffs' counsel locate for rebuttal.

1

occurred, in efforts to thwart yet another anticipated attempt by Lafarge to suggest Mr. Murph told no one and therefore it did not happen. Consider that Mr. Murph also told Mr. Guidry, and that Lafarge bound Mr. Murph into a confidentiality agreement secured by a collateral mortgage over the home Lafarge purchased in settlement of his claims.

In another sense, however, Mr. Anderson's account of Mr. Murph's statements are admissible in accord with Federal Rule of Evidence 613(b), as extrinsic evidence of a prior inconsistency, much as are the designated portions of Mr. Joseph Guidry's deposition, and Mr. Murph's recorded interview.

- *As To Designated Deposition Testimony Of Carolyn Berryhill, Taken On December 13, 2007:*

*33:12-22*: Ms. Berryhill relays the statements of her upstairs neighbor made immediately before the breach of the levee and floodwall. The statements are present sense impressions and excited utterances which occurred in the face of impending doom, and are admissible pursuant to F.R.E. 803 (1) and (2).

*59:15-22*: Ms. Berryhill's testimony regarding the fact that other persons present at the time heard the grinding noises has its foundation on page 34:1-10 and 35:16-25. On those pages, the witness relays her present sense impression of the statements of the other persons indicating that they heard the grinding noise. Moreover, the fact that Ms. Berryhill heard and discussed a grinding noise with others is sufficient foundation in and of itself.

- *As To Designated Deposition Testimony Of Michael Anthony Bickham, Taken On May 4, 2009*

*78:4-7:* The witness' statement about his knowledge of the location of the barge when it landed has its foundation on page 81:8-10 and 22-25. The witness was aware of the post-storm location of the barge because he saw its location on television. He did not have to speculate.

- *As To Designated Testimony Of Barry Boudreaux From In Re Ingram Barge Co. (No. 05-4419), Given On June 4, 2007 26:9-13*

Barry Boudreaux was the Executive Vice President of Zito Fleeting (Tr. 5:17-18), which had a close relationship with Ingram as its local fleeter and towing vendor. It is hardly hypothetical or speculative for Mr. Boudreaux to state that if Ingram wanted 4727 fleeted on Saturday, August 27, 2005, that Zito would have probably taken the barge in. It was Boudreaux's decision to make!

However, F.R.E. 701 allows lay witnesses to provide opinion based upon hypothetical situations where such opinion is rationally based upon the witness' perception and is helpful to understanding the witness' testimony or to the determination of a fact issue. The witness clearly and rationally bases his answer upon his knowledge and experience and the testimony at issue is helpful to understanding his other testimony as well as fact issues surrounding Lafarge's alleged attempts to release the barge for pickup, and alleged excuses for failing to remove it from the canal.

- *As To Plaintiffs' Counterdesignated Deposition Testimony Of Gregory Campbell, Taken On January 23, 2009 Campbelll*

*26: 13-20*: The witness' response is not speculation nor does it lack a foundation. The witness was asked what he was told about the Industrial Canal. He described what he heard on television, thus his response is in no way speculative, is based upon an adequate foundation and is simply responsive to the question he was asked. The statement is not hearsay because it is not introduced to prove the truth of the matter asserted, i.e. the cause of the breach, but instead is introduced to prove that accounts of the cause of the breach, true or not, were being reported by news agencies on television. Lafarge did not object to form when the question was asked.

- *As To Designated Deposition Testimony Of Kevin Mcfarland, Taken On January 29, 2009:*

*58:5-15:* Mr. McFarland relays the statements made by a person during his experiences of the breach and flooding at issue which indicate that the other person heard the same sounds as the witness. Therefore, such statements are present sense impressions and excited utterances which occurred in the face of impending doom, and are admissible pursuant to F.R.E. 803 (1) and (2).

*58:13-15 and 91:7-12*: The witness testifies to his impressions and opinion as to the nature of the noises he heard and their cause. Because the trier of fact will be unable to actually hear what the witness heard, his description of the sounds is vital to the determination of issues of fact regarding the cause of the sounds. USCS Fed Rules Evid R 701 allows lay witnesses to provide opinion where such opinion is rationally based upon the witness' perception and is helpful to understanding the witness' testimony or to the determination of a fact issue. The witness clearly and rationally bases his answer upon his knowledge and experience and the testimony at issue is helpful to understanding his other testimony as well as fact issues surrounding the presence of the barge in the canal.

- *As To Counterdesignated Deposition Testimony Of Sarah Price, Taken On February 13, 2009:*

*20:18 to 21:1:* Ms. Price's statements are elicited by questions from counsel for Lafarge. Plaintiffs designate them not to prove the truth of the matter asserted, i.e. that the barge had some effect on the floodwall in the Industrial Canal. The statement is introduced for context, that is, that statements concerning the barge's involvement in the breach of the IHNC floodwall were

prevalent even among those who did not live there. Therefore, the statement is not hearsay. Because the statement indicates only what was heard, it contains no speculation.

- *As To Counterdesignated Deposition Testimony Of Wade R. Ragas, Ph.D., Taken On September 3, 2009*

*41:16* (It is assumed that Lafarge means to object to lines 41:1-6):  Defendant objects to this designation merely because it contains only part of an answer.  The remainder of the answer was non responsive and irrelevant to the question asked, which was, in effect, whether Dr. Ragas renders legal conclusions in his report.

- *As To Designated Deposition Testimony Of Towonda Schexnayder, Taken On April 29, 2009:*

*50:10-20, 51:19 To 52:2:*  F.R.E. 701 allows lay witnesses to provide opinion where such opinion is rationally based upon the witness' perception and is helpful to understanding the witness' testimony or to the determination of a fact issue.  The witness' statements about the origin of the knocking noise are rationally based upon her experiences during the course of the events immediately before and after the breach of the Industrial Canal levee and floodwall.  The statements assist the trier of fact in understanding the sum total of the witness' testimony as well as fact issues regarding the cause of the breach of the levee and floodwall at issue.

*67:5-8 and 68:2-21:*  Testimony at 68:3-10 is clear that the Ms. Schexnayder spoke with her husband about the events that occurred which they both witnessed.  The defense's objections are better characterized as an attempt to attack the witness' credibility based upon the sum total of her testimony about what her husband saw.  The trier of fact is entitled to weigh 68:3-10 against the witness' other testimony, and therefore, all of the designated portions should be allowed.

- *As To Designated Deposition Testimony Of Daniel Weber, Taken On June 25, 2008:*

*55:17 to 56:9:* The testimony at issue concerns the witness' pre-existing knee problems and his use of a cane to provide support while walking. At 106:10-13, 17-19 and 107:2-3 the defense appears to attempt to prove comparative fault on the part of the witness by implying that he should have exited his flooding house through a door that had just burst open with a torrent of floodwater, but chose to try and exit through a broken window instead. The listed testimony regarding plaintiff's knee supports the witness' perception that exiting through the door, given the condition of his knee and the oncoming rush of floodwater, was an impossibility.

*126:8-10:* In the listed portion of the witness' testimony, the witness describes a sound he heard as an impact. Lafarge knows good and well that the types of sounds reported or experienced by persons living in the Lower Ninth Ward are material to this case. Presumably,, this is why Lafarge agreed that both parties should eliminate numerous live sound witnesses in favor of deposition cuts. So, why object to a designation wherein the deponent describes the sound?

F.R.E. 701 allows lay witnesses to provide opinion where such opinion is rationally based upon the witness' perception and is helpful to understanding the witness' testimony or to the determination of a fact issue. The witness' statements about the noise are rationally based upon his experiences during the course of the events immediately before and after the breach of the Industrial Canal levee and floodwall. The statements assist the trier of fact in understanding the sum total of the witness' testimony as well as fact issues regarding the cause of the breach of the levee and floodwall at issue.

Respectfully submitted,


/s/Laurence E. Best
Laurence E. Best (3012)
Peter S. Koeppel (1465)
**BEST KOEPPEL TRAYLOR**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
E-mail: lebest@bestkoeppel.com
peterklaw@aol.com


/s/Brian A. Gilbert
Brian A. Gilbert (21297)
**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**
(Of Counsel to **BEST KOEPPEL TRAYLOR**)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
E-mail: bgilbert@briangilbertlaw.com,
 bgilbert@bestkoeppel.com


/s/Shawn Khorrami
Shawn Khorrami (CA SBN #14011)
**KHORRAMI, POLLARD & ABIR, LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
e-mail: Skhorrami@kpalawyers.com

Lawrence A. Wilson (N.Y.S.B.A. #2487908)
**WILSON, GROCHOW, DRUKER & NOLET**
233 Broadway, 5th Floor
New York, NY  10279
Telephone:  (212) 608-4400
Facsimile:  (212) 608-0746
e-mail:  lwilson@wgdnlaw1.com

Lawrence D. Wiedemann (#13457)
Karl Wiedemann (18502)

        **WIEDEMANN AND WIEDEMANN**
821 Baronne Street
New Orleans, Louisiana 70113
Telephone: 504-581-6180
Facsimile: 504-581-4336
e-mail: ldwiedeman@aol.com
karlwied@bellsouth.net

Patrick J. Sanders (18741)
**PATRICK J. SANDERS, LLC**
3316 Ridgelake Drive, Suite 100
Metairie, Louisiana 70002
Telephone: (504) 834-0646
e-mail: pistols42@aol.com

Richard T. Seymour (D.C. Bar #28100)
**LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.**
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C. 20036-4129
Telephone: 202-862-4320
Cell: 202-549-1454
Facsimile: 800-805-1065 and 202-828-4130
e-mail: rick@rickseyourlaw.net


### **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile and/or ECF upload, this 22nd day of June, 2010.

                                           /s/ Brian A. Gilbert