UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | * * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

### DEFENDANTS' EX PARTE MOTION FOR FORMAL EXTENSION OF TIME TO RESPOND TO FIRST REQUEST FOR PRODUCTION

**NOW COME** Defendants in this matter, certain members the Barge Plaintiff's Subgroup Litigation Committee ( the "Weisler Defendants) upon suggesting that for the following reasons, they should be afforded additional time to respond to Plaintiff Richard Weisler's Request for Production.

This lawsuit arises from a contract dispute over Dr. Weisler's purported expert witness fee relative to Barge Plaintiffs' emotional damages claims in the underlying litigation. The Weisler Defendants maintain that Dr. Weisler's bill is grossly inflated, that his work product fell far short of his alleged expertise, and that neither the Plaintiffs themselves, nor their attorneys, should be held accountable for the whole of Dr. Weisler's charges. Dr. Weisler will not be able to meet his burden in trial, or to overcome the PSLC's proof that he breached his agreement, and has submitted unfounded bills.

Currently, there is no Case Management Order or other schedule in place as to the Weisler matter.

As both this Court and the District Court are aware, the Weisler Defendants recently completed a complex three week trial in the Barge Litigation Track, requiring many months of arduous pretrial motions practice, travel, last-minute discovery, evidence compilation and disclosure, general preparation, and the like. Dr. Weisler propounded a broad Request for Production on July 15, 2010, at the very tail end of the trial, at which point, post-trial briefing immediately began. Since this time, through the present, and the foreseeable future, the Barge PSLC and all of its time and resources are wholly committed to the Plaintiffs' briefs, which could impact tens of thousands of individuals and businesses whose claims are yet to be tried. The brief encompasses review of over 500 exhibits, and thousands of pages of testimony and opinion by fact and expert witnesses, as well as time consuming treatment of meteorological and geo-technical issues pertaining to the causes of the eastern IHNC floodwall breaches, as per the District Court's specific requests for briefing of same. For these reasons, and upon the Barge PSLC's recent motion, the briefing deadlines were extended, Rec. Doc. 19998, such that the Barge Plaintiff's Post-trial Brief and Proposed Findings of Fact and Conclusions of Law are due on August 27, 2010, and their Reply Brief on October 1, 2010.

The PSLC has not had time to review the multitude of documents potentially encompassed by Dr. Weisler's July 15, 2010 request for production, but has determined only generally that much of that requested is protected from disclosure by attorney client privilege of confidentiality, by privileges against disclosure of protected health information, privileges against revelation of attorney mental impressions and work

product, and that on its face, the request is overbroad, among other possible grounds for objection, all of which are reserved without limitation.  An adequate response will require the PSLC to dedicate many hours in conference with undersigned counsel in order to inspect each potentially responsive item, to determine the existence and extent of danger the request poses to the Barge Plaintiffs' claims against Lafarge,  to redact where appropriate, to formulate formal objections, to construct a privilege log, and otherwise do and participate in all that is necessary for undersigned to render a reasonable response on behalf of the Weisler Defendants.  This includes consideration of the need for a Motion to Stay or a Protective Order in order to unburden the Barge Plaintiffs of any possibility that Dr. Weisler's suit could interfere their rights against Lafarge.  None of this can happen at present, for the same reasons the District Court granted the Barge PSLC's motion to extend the briefing deadlines.

Moreover, as appears from the record (Doc. 19999), undersigned have only recently moved to enroll as additional defense counsel, and respectfully request a reasonable period of time, given the Weisler Defendants' availability, to become acquainted and conversant with respect to Dr. Weisler's suit and the Weisler Defendants' defenses and potential counterclaims.  Undersigned respectfully move for a sixty (60) day extension of time for the Weisler Defendants to respond to Dr. Weisler's discovery, until October 16, 2010, by which time they will have completed and filed post-trial briefs in the underlying litigation.

## CONCLUSION

For the foregoing reasons, undersigned respectfully move for an extension until and including October 16, 2010 to permit response to Dr. Weisler's Request for Production.

New Orleans, Louisiana, this 16th day of August, 2010.

                                           Respectfully submitted,

                                           **BEST, KOEPPEL & TRAYLOR**

                                           ***/s/ Peter S. Koeppel***
Peter S. Koeppel (LSBA # 1465)
W. Scarth Clark (LSBA # 22993)
Jonathan H. Adams (LSBA # 29061)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
peterklaw@aol.com
sclark@bestkoeppel.com
jadams@bestkoeppel.com

## CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via ECF upload this 16th day of August, 2010.

                                           ***/s/ Peter S. Koeppel***