# LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
### A PROFESSIONAL CORPORATION

BURT K. CARNAHAN
DAVID V. BATT
SIDNEY J. ANGELLE
JAMES P. NADER †
JOSEPH M. MESSINA
TARA L. MASON
BRANT J. CACAMO
PAMELA K. RICHARD
ERIC B. BERGER
JAMES J. YOUNG, IV

SHAUN M. SMITH
CHARLES R. RUMBLEY

†ALSO ADMITTED IN TEXAS

ATTORNEYS AT LAW

400 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LOUISIANA 70130-3425

TELEPHONE (504) 586-9292
FACSIMILE (504) 586-1290

WWW.LCBA-LAW.COM

EDWARD P. LOBMAN (1941-2004)

HEATHER CHEESBRO
ANGELA M. GARRETT
SANJAY S. KARNIK
TARA E. FONTENOT
P. MICHAEL BREEDEN
DANIEL M. REDMANN
JESSE A. SCHUDMAK
ROBERT D. REINE

WRITER'S E-MAIL ADDRESS:
RDR@LCBA-LAW.COM

June 8, 2009

Andrew C. Wilson
30th Floor – Energy Centre
1100 Poydras Street
New Orleans, LA 70163

    Re:    Weisler v. Seymour, et al
           USDC No. 05-4182, Div. "K", Mag. 2
           Our File No.: 100.099839

Dear Andrew,

       As we discussed earlier, there are issues which we wish to resolve: (1) the 12(b) motion's hearing date, (2) spoliation of evidence, (3) joint stay of proceedings, (4) protective orders, (5) waiver of service; and (6) sharing of emails and other electronic materials.



       The first issue relates to your request to move the 12(b) motion's hearing date to July 8, 2009, due to a scheduling conflict with your calendar. The court, *sua sponte*, moved the hearing date to July 15, 2009 and will decide if oral arguments are necessary after a review of all briefs. Unfortunately, this date presents a conflict on our end. Our suggestion is that we await the court's determination as to whether it will allow oral arguments on this matter. If so, we will request a change of the hearing date and if not, the scheduling conflict is moot.

       The second issue is spoliation of evidence. Richard Seymour, in his February 8, 2009 letter, reminded you of your duty to preserve evidence in anticipation of litigation. This obligation to prevent spoliation of evidence arises under both Louisiana and Federal



Andrew C. Wilson
June 8, 2009
Page 2 of 3

law. Under Louisiana law, all circuit courts have allowed for the tort of spoliation.[1] Under Federal law, "the authority to sanction litigants for spoliation arises jointly under the Federal Rules of Civil Procedure and the court's own inherent powers."[2] Possible relevant sanctions include: (1) dismissing a party's claim in whole or in part, (2) excluding greater or lesser parts of the destroying party's evidence; and (3) adverse evidence jury instruction. *Id.*

This letter serves to as a formal notification of your duty to preserve evidence and to suspend your client's normal document retention/destruction policy. Additionally, this duty of preservation extends to those reasonably calculated to possess evidence related to this matter, i.e. other professionals that may had worked on the project with your client.[3] We ask that you seek preservation of this related work product.

The third issue involves our interest in securing a joint stay of these proceedings. In an effort to avoid the associated costs of litigating this matter, while the underlying lawsuits are pending; it is our suggestion, that we stay these proceedings for a period of time necessary to allow the court to hear a "test case." Once this "test case" has been heard all parties will be in a better position to evaluate the claims raised by your client in this matter. A joint stay would benefit your client in that it will lower his litigation expenses and may result in him obtaining a more favorable resolution of this matter than if he proceeded with his current litigation.

Another benefit of a stay relates closely with our next issue, protective orders. As revealed by your client's correspondence and emails there are items that may potentially damage multiple, innocent 3rd party litigants in their individual actions. While a stay would put a hold on discovery and limit evidence that may be available to potentially adverse individuals, the failure to secure a stay would allow this information to flow freely. As a result, we will seek a protective order to prevent potentially damaging evidence from being used against these innocent litigants. Additionally, we will seek a protective order to prevent the destruction of evidence.

The next issue is that of waiver of service. In our clients' answer, we asserted various counterclaims. We hereby request that service be waived by the Defendants in Counterclaim.

---

[1] Spoliation: Tort Liability for Missing Evidence, Fowler, Linda C., Louisiana Bar Journal, Vol. 53., No. 6, April/May 2006.
[2] *Toth, et al., v. Calcasieu Parish, et al.*, 2009 WL 528245 (W.D.La. 2009)
[3] "A duty to preserve what it (the party) knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request…The duty to preserve extends to those employees likely to have relevant information-the 'key player.'" *Toth* at 1.

Andrew C. Wilson
June 8, 2009
Page 3 of 3

      The last issue is that of the sharing of emails and other electronic documents. In a previous telephone call, we agreed to a *quid pro quo* sharing our clients' emails and other electronic documents. We will communicate with our clients and have them forward to our attention all such materials. After a review for privilege, we will forward these documents to you and demand that you do the same with your client. This agreement is contingent upon a bi-lateral sharing of information.

      Please let us know if there are any questions.

                                                                  With kind regards, I remain
                                                                  Sincerely,

                                                                  DAVID V. BATT
                                                                  ROBERT D. REINE

DVD/RDR