# LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
## A PROFESSIONAL CORPORATION

### ATTORNEYS AT LAW

400 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LOUISIANA 70130-3425

TELEPHONE (504) 586-9292
FACSIMILE (504) 586-1290

WWW.LCBA-LAW.COM

BURT K. CARNAHAN
DAVID V. BATT
SIDNEY J. ANGELLE
JAMES P. NADER †
JOSEPH M. MESSINA
TARA L. MASON
BRANT J. CACAMO
PAMELA K. RICHARD
ERIC B. BERGER †
JAMES J. YOUNG, IV

†ALSO ADMITTED IN TEXAS

EDWARD P. LOBMAN (1941-2004)

CHARLES R. RUMBLEY
HEATHER CHEESBRO
ANGELA G. BECNEL
DANIEL M. REDMANN
JESSE A. SCHUDMAK
PEYTON C. LAMBERT
BRADLEY S. GROCE

WRITER'S E-MAIL ADDRESS:
BSG@LCBA-LAW.COM

July 27, 2010

Andrew C. Wilson
30th Floor – Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Re: Weisler v. Seymour, et al
USDC No. 05-4182, Div. "K", Mag. 2
Our File No.: 100.099839

Dear Mr. Wilson:

Thank you for your recent correspondence of July 15, 2010. As we stated in our earlier letter, in which we submitted defendants' Rule 26 Initial Disclosures, you have all of our responsive materials. Your letter of July 15 further requests "e-mails between and among the Defendants and their respective law firms, or other mental health care professionals involved, during the period of time preceding this litigation." Clearly, a significant volume of e-mails, correspondences, and other communications, meeting your description, are privileged, and will not be disclosed to you. Furthermore, you should be aware that the defendants are all involved in the Katrina Barge litigation, in which they just completed the bellwether case, and are currently involved in post-trial briefing. Apart from being privileged matter, disclosure of the requested materials could possibly jeopardize the Katrina Barge litigation, and violate the attorney-client privilege in multiple claims, and we are certain that Judge Duval would agree with our position in this regard.

Andrew C. Wilson
June 8, 2009
Page 2 of 2

In your letter of July 15, 2010 you also enclosed Request for Production of Documents. Our current position is that the Request for Production of Documents is premature under the Federal Rules. Rule 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." At this time, Defendants will not stipulate to the opening of formal discovery. Also, there has been no Rule 26(f) preliminary conference and none is scheduled. Furthermore, the court has not issued any scheduling order or case management order relative to this matter. Thus, we believe that your Request for Production of Documents is premature.

In an effort to be cooperative, we have asked our clients to provide any non-privileged communications that are responsive to your requests. A review of all e-mails and other communications would constitute a voluminous and time-consuming task. Consequently, you will have to live with the Rule 26 disclosures that have been provided to you for now.

As we stated, your requests seek clearly privileged information. Additionally, your requests are overbroad, onerous, and unduly burdensome. Furthermore, we intend to question the relevancy of your requests, as we are certain that numerous irrelevant e-mails exist, given the volume of material to be reviewed. If necessary, we will file a Motion to Quash and for Protective Orders to prohibit you from obtaining privileged, protected, or irrelevant information. However, once a scheduling order is set, and formal discovery is allowed to commence, we hope to maintain a spirit of cooperation and comity in the exchange of discoverable information.

Cordially,

DAVID V. BATT
BRADLEY S. GROCE

DVD/BSG