UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | **CIVIL ACTION** |
| | * | |
| **PERTAINS TO: BARGE** | * | **NO. 05-4182** |
| | * | **and consolidated cases** |
| | * | |
| *Weisler v. Seymour, et al.* 09-2737 | * | **SECTION "K" (2)** |
| | * | |
| | * | **JUDGE** |
| | * | **STANWOOD R. DUVAL, JR.** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

### DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE MOTION FOR FORMAL EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, come Defendants in this matter, certain members of the Barge Plaintiff's Subgroup Litigation Committee (hereinafter "Weisler Defendants") who, in reply to Plaintiff's Opposition to Defendants' Ex Parte Motion for Formal Extension of Time to Respond to First Request for Production of Documents (Doc. 20013), respectfully state as follows:

The following are undisputed facts in this matter:

-1-

1. On July 15, 2010, Plaintiff propounded "First Request for Production of Documents Propounded by Plaintiff, Richard H. Weisler, to Defendants, Richard T. Seymour, Esq.; Richard T. Seymour, P.L.L.C.; Alan L. Fuchsberg, Esq.; The Jacob D. Fucshberg Law Firm; Brian A. Gilbert, Esq.; Law Office of Brian A. Gilbert, P.L.C.; Wiedemann & Wiedemann, P.L.C.; Lawrence Wilson, Esq.; and Wilson, Grochow, Druker & Nolet."  (Exhibit "A" to Doc. 20013).

2. The above-referenced First Request for Production contains one Request for Production that reads as follows, "Please produce a copy of any and all documents evidencing communication of any kind between or among the Defendants related to mental health care professionals and/or to experts, contacted during pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Joy D. Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the 'Barge Case', the 'emotional injury subclass', and/or the assessment of mental health issues, injuries and/or damages sustained by Plaintiffs resulting from Katrina."

3. On August 11, 2010, the undersigned filed a "Motion to Enroll as Additional Counsel of Record."  (Doc. 19999).

4. On August 16, 2010, the undersigned filed "Defendants' Ex Parte Motion for Formal Extension of Time to Respond to First Request for Production."  (Doc. 20003).

5. The above-referenced Motion for Extension is the first and only request for an extension of time filed by the undersigned in this case.

6. On August 23, 2010, the undersigned transmitted approximately two hundred and fifty-eight (258) pages of documents in response to Plaintiff's First Request for

   Production of Documents and some of the information contained in those documents was redacted.  (Please see Exhibit "A" Attached Hereto and Incorporated by Reference).

7. On August 25, 2010, Plaintiff filed an Opposition to Defendants' Motion for Extension of Time (Doc. 20013).

  Plaintiff's Opposition is quite lengthy,  touches many issues, and airs many perceived grievances.  Oddly, Plaintiff appears to argue the merits of his case in what should be a procedural matter.  The sole issue before the Court at this time is whether the Weisler Defendants' Motion for Extension of Time is reasonable under the circumstances.  Plaintiff's Request for Production propounded on July 15, 2010 is very broad and requests "communications of any kind between or among the Defendants related to mental health care professionals and/or experts...and/or assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina."

  The undersigned has been the Weisler Defendants' counsel of record in this matter for less than a month.  Plaintiff is specifically requesting communications between attorneys concerning litigation strategy in an active lawsuit involving thousands of people.  Plaintiff also specifically requests mental health data.  If the Weisler Defendants errantly disclose trial strategy and/or protected health information and/or communications between themselves and clients, then the Weisler Defendants not only leave themselves wide open to the possibility of thousands of legal malpractice actions, but, more importantly, the Weisler Defendants run the risk of harming their own clients in the *Barge* litigation currently before this Court.  Therefore, it is paramount that Plaintiff's request be processed judiciously and with care.  On August 23, 2010, the Weisler Defendants made a good faith

effort to comply with Plaintiff's Request for Production by providing over two hundred pages of documents reflecting communications between the Weisler Defendants concerning the mental health experts in *Barge*. (Exhibit "A"). To prevent the release of privileged data, certain information was redacted. The vast majority of the information was not redacted. Further, the Weisler Defendants stated, in writing, that the August 23, 2010 production was only the first document release and more documents would be released as they are reviewed and privileged information redacted.

Unfortunately, Plaintiff appears to be more interested in being unprofessional and airing his perceived grievances than working out a smooth and orderly discovery process. Plaintiff's Opposition contains threats of sanctions that are unfortunately and sadly used as a litigation tactic. The Plaintiff calls the Weisler Defendants "tacky". The Plaintiff threatens Rule 11 sanctions, because the Weisler Defendants have asserted a counter-claim against Plaintiff. The Plaintiff believes that the e mails between the Weisler Defendants will make his case, because, allegedly, those e mails document a grand conspiracy on the part of the Weisler Defendants to not pay Plaintiff. While all of this perhaps makes Plaintiff's Opposition a colorful document to read and it displays notable grandstanding and showmanship, the truth is much less interesting and far more simple.

The Weisler Defendants simply need more time to fully respond to Plaintiff's July 15, 2010 Request for Production, because it requests a large swath of documents that contain privileged information, most notably litigation strategy in the *Barge* litigation. If the Weisler Defendants engage in a "document dump" and release all the records without reviewing them first, the Weisler Defendants do so at the peril of committing professional malpractice. This risk is only heightened by the fact that the Defendants are fully engaged

in attempting to meet impending deadlines for hundreds of pages of post-trial briefing and proposed findings of fact and conclusions of law in the underlying Barge litigation. Accordingly, the Weisler Defendants request a reasonable extension of time in which to perform the following: (1) review the documents requested to determine whether the documents are privileged; (2) prepare a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5); (3) produce the privilege log to Plaintiff; and (4) produce the non-privileged documents and/or redacted documents to Plaintiff, on a rolling basis, within the extensions sought. Alternatively, Defendants are willing to produce all the requested documents to the Court for an *in camera* review to determine the applicability of the attorney-client privilege, the applicability of the attorney work product privilege, whether disclosure of the requested information will violate federal health information privacy laws, and whether further Orders are warranted including but not limited to protective orders, orders sealing the documents, and/or orders striking or ordering modified in whole or in part Plaintiff's discovery request.

## CONCLUSION

For the foregoing reasons, the Court should grant the Weisler Defendants' reasonable request for sixty (60) additional days to respond to Plaintiff's July 15, 2010 Request for Production of Documents. The undersigned has been counsel of record in this case for less than a month. The Weisler Defendants have tried, in good faith, to respond to Plaintiff's Request for Production, but the Weisler Defendants' attempts to satisfy Plaintiff have only offended Plaintiff and caused Plaintiff to make threats of sanctions. Therefore, the Weisler Defendants propose the creation of a privilege log, or producing the

e mail records for *in camera* inspection to protect the Weisler Defendants and the Weisler Defendants' clients in the *Barge* case from the release of litigation strategy and other privileged information pertaining to an active case involving thousands of Plaintiffs.

Respectfully Submitted:

/s/ Peter S. Koeppel
**Best, Koeppel & Traylor**
Peter S. Koeppel (LSBA # 1465)
W. Scarth Clark (LSBA # 22993)
Jonathan H. Adams (LSBA # 29061)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
peterklaw@aol.com
sclark@bestkoeppel.com
jadams@bestkoeppel.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Memorandum has been served on all counsel of record via ECF upload, this 26th day of August, 2010.

/s/ Peter S. Koeppel, Esq.