**BEST KOEPPEL TRAYLOR**

2030 ST. CHARLES AVENUE
NEW ORLEANS, LOUISIANA 70130
TELEPHONE (504) 598-1000
TELECOPIER (504) 524-1024
Tax I.D. No.: 72-1188010

---

4801 WOODWAY DRIVE
SUITE 300 EAST # 22
HOUSTON, TEXAS 77056
TELEPHONE (713) 964-2676

August 23, 2010

Via Electronic Mail:
andreww@spsr-law.com

Mr. Andrew C. Wilson
Simon, Peragine, Smith & Redfearn, LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163

      Re:    In Re Katrina Canal Breaches Consolidated Litigation
               05-4182 and consolidated cases; BARGE; Sect. K
               09-2737, Weisler v. Seymour, et al

Dear Andrew:

     Submitted herewith is Part 1 of Defendants' responses to your Request for Production. Please note that this response is not to be construed as a waiver of any defenses, nor as waiver of the Defendants pending Motion for Extension relative to the discovery requests. These responses are given in the spirit of cooperation, in good faith, and will continue on a rolling basis as frequently as logistics and circumstances permit.

     Should you have any questions or comments, please feel free to contact us.

                                          Yours truly,

                                          \s\ *W. Scarth Clark*

                                          PETER S. KOEPPEL
                                          WILLIAM SCARTH CLARK



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| **PERTAINS TO: BARGE** | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | * | |
| | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

## PARTS 1 and 2 OF RESPONSE TO REQUEST FOR PRODUCTION PROPOUNDED BY RICHARD WEISLER

**NOW COME** Defendants, through undersigned counsel, without waiver of any defenses or remedies available in accord with Fed. R. Civ. P. 12 or 56, specifically including but not limited to defenses based upon Plaintiff having named as defendants persons or entities not properly parties to this suit, who respond as follows to the *First Request For Production Of Documents Propounded By Plaintiff, Richard H. Weisler, To Defendants, Richard T.Seymour, Esq., Richard T. Seymour, P.L.L.C., Alan L. Fuchsberg, Esq., The Jacob D. Fucshberg Law Firm, Brian A. Gilbert, Esq., Law Office Of Brian A. Gilbert, P.L.C. Wiedemann & Wiedemann, P.L.C., Lawrence Wilson, Esq., And Wilson, Grochow, Druker, & Nolet First Request For Production Of Documents Propounded By Plaintiff, Richard H. Weisler, To Defendants, Richard T. Seymour, Esq., Richard T. Seymour, P.L.L.C., Alan L. Fuchsberg, Esq., The Jacob D. Fucshberg Law Firm, Brian A. Gilbert, Esq., Law Office Of Brian A. Gilbert, P.L.C. Wiedemann & Wiedemann, P.L.C. Lawrence Wilson, Esq ., And Wilson, Grochow, Druker, & Nolet.*

**GENERAL OBJECTIONS AND RESERVATIONS**

These general objections apply to each demand and thus, for convenience, are not repeated after each demand, but rather are set forth herein and are hereby incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to these demands does not waive or modify any of Defendants's general objections as set forth below.

1. Defendants object to each and every demand to the extent that it seeks information or documents that are not in Defendants' possession, custody, or control.

2. Defendants' objections as set forth herein are based on information now known to Defendants's and his attorneys, and are made without prejudice to Defendants' right to assert additional objections should Defendants discover additional grounds for objections. That Defendants have responded to any demand is not intended and shall not be construed to be a waiver by Defendants of any objection to any demand.

3. Defendants object to each and every demand to the extent that it seeks information equally available to the Defendant.

4. Defendants object to any demand which may elicit matter subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges, or are otherwise protected from disclosure. To the extent there is any inadvertent disclosure of privileged or otherwise protected information, it shall not constitute waiver of the privileges and protections, and all such material will be returned. Defendants reserve the right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged or protected under the law and that has been revealed or produced inadvertently. Defendants do not by these answers waive any claim of privilege, attorney work product, or other applicable protection.

5. Defendants make these answers subject to the reservation of their right to object to the introduction into evidence in this or any other action of any of the information or material contained herein or produced hereunder on any ground including, but not limited to, relevancy, materiality, and hearsay.

6. Defendants object to interrogatories which use terms such as "each," "every," "any," "all," "describe," "related to," "relating," or "concerning," as being vague, overly broad, and unduly burdensome to the extent they request irrelevant information or routine information of no materiality to the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to the demands to the extent that they are vague and ambiguous, such that Defendants is unable to discern the meaning of a particular demand or phrases or words used therein. Where possible, Defendants will respond based upon their understanding of the demand.

8. Defendants expressly reserve the right to supplement their responses to these demands.

9. Defendants have not yet completed their investigation of the facts pertaining to this action, review of their own documents, discovery, or preparation for trial. Defendants reserve the right to rely on any facts, documents, or other evidence which may develop or come to Defendants' attention at a later time.

10. Defendants object to these interrogatories to the extent they seek to impose obligations upon Defendants greater than those imposed by the Federal Rules of Civil Procedure, particularly the requirements for supplementation.

11. Defendants object to the Request to the extent that it requires respondent to assume facts.

12. Defendants object to the Request to the extent that it presumes that Defendants bear the burden of proof.

13. Defendants object in that the Request exceeds the permissible scope of discovery in that it relates neither to a defense or claim in this matter.

14. Defendants object to the extent that the request is misleading, argumentative, and seek disclosure of trial preparation materials and attorney work product.

15. Defendants object to the extent that the Request calls for disclosure of Protected Health Information, of attorney work product and mental impressions subject of, and prepared in anticipation of, litigation in the underlying Barge Litigation.

16. Defendants object to the extent that the Request calls for disclosure of information subject to attorney-client privilege of confidentiality in the underlying Barge Litigation.

17. Defendants object to the extent that the Request calls for disclosure of information not responsive to any discovery request or obligation in this, the Weisler Litigation.

18. Defendants object to the extent that the Request calls for disclosure of attorney work product, attorney mental impressions, and things prepared or obtained in anticipation of this, the Weisler Litigation.

Subject to and without waiver of any objections, plaintiff responds as follows:

**REQUEST FOR PRODUCTION NO.1:**

Please produce a copy of any and all documents evidencing communication of any kind between or among the Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Joy D. Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case," "the emotional injury subclass," and/or the assessment of mental health issues, injuries or damages sustained by any plaintiffs resulting from Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Please see documents labeled as Bates Nos. Barge PSLC000001 - Barge PSLC 000129 provided herewith. These documents have been redacted in accord with Objections 15 - 18, above. Additional responsive documents will be provided on a "rolling" basis, given the Defendants' duties in the underlying litigation, and the quantity and quality of burdensome and time-consuming document review to be accomplished as responsive materials are tendered.

Respectfully submitted,

**BEST, KOEPPEL & TRAYLOR**

*/s/ Peter S. Koeppel*
Peter S. Koeppel (LSBA # 1465)
W. Scarth Clark (LSBA # 22993)
Jonathan H. Adams (LSBA # 29061)

>2030 St. Charles Avenue
>New Orleans, Louisiana 70130
>Telephone: (504) 598-1000
>Facsimile: (504) 524-1024
>peterklaw@aol.com
>sclark@bestkoeppel.com
>jadams@bestkoeppel.com

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 23d day of August, 2010.

>*/s/ Peter S. Koeppel*