UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION<br><br>NO. 05-4182<br>and consolidated cases<br><br>SECTION "K" (2)<br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |
| PERTAINS TO: BARGE | | |
| *Weisler v. Seymour, et al.* **09-2737** | | |

**PLAINTIFF'S SUR-REPLY MEMORANDUM
IN OPPOSITION TO DEFENDANTS' EX PARTE MOTION
FOR FORMAL EXTENSION OF TIME TO RESPOND TO
<u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**MAY IT PLEASE THE COURT:**

As the Defendants' recent filings reflect, the Plaintiff's have taken nearby two years to produce just 129 pages (not the 258 pages as originally represented by the Defendants)[1]. Further, many of these pages which appear to be primarily e-mails, are "blacked out" to the point

---

[1]   *See* Defendants' recent "Remark." (8/27/10).

1

where most of the relevant information has been eliminated, except where in some cases the Defendants, who are all officers of the Court and counsel of record in the "Barge Case", refer to their own experts as "bozos" and to Plaintiff, Dr. Weisler, as a "fraud."[2] Besides being entirely unprofessional, such comments could not be further from the truth since Dr. Weisler is a nationally and internationally respected specialist in the field of psychiatry and the other experts whom the Defendants retained are also recognized as experts in their field, some of whom have repeatedly qualified as experts in various courts in a number of jurisdictions or who are faculty members at LSU's medical school.

All this aside, the Defendants' extension should be denied for the following reasons:

1. The Defendants, who are all attorneys, have known for two years that these documents would have to be furnished to Dr. Weisler.

2. The Defendants' original attorneys are still counsel of record and have previously advised undersigned counsel for Dr. Weisler as far back as February 15, 2010 that these documents were already in their possession and on two discs; that these were going to be released; and, complimented undersigned counsel for the orderly

---

[2] Exhibit "A-1".

2

        nature of the discovery process as of that time, stating, "On a side note, I appreciate your responsiveness and willingness to work with us on this matter".[3]

3. Undersigned counsel, on behalf of Dr. Weisler, had previously advised counsel for the Defendants that to the extent some type of confidentiality or protective Order was needed to protect the Plaintiffs in the "Barge Case" or to the extent the litigation strategy of those same Plaintiffs was disclosed in any communications between or among the Defendants, Dr. Weisler was amenable to such an Order and, in fact, undersigned counsel had forwarded a draft Order via e-mail to counsel for the Defendants.[4]

4. The subject e-mails between and among the Defendants should have been produced months ago as disclosures under Rule 26, but counsel for the Defendants claimed privileged as Dr. Weisler has already pointed out in his original opposition.

5. The Defendants' refuse to disclose the e-mails they had had for some time prompted undersigned counsel for Dr. Weisler to forward the subject Request for Production over a month and a half ago to which counsel for the Defendants refused to respond, wrongfully claiming a Rule 26 Conference had not be held,

---

[3]     Exhibit "B-1".

[4]     Exhibit "C-1".

which was contrary to the correspondence from those attorneys' own office, as previously noted by Dr. Weisler.

6. The fact that the Defendants have retained "Additional Counsel of Record", should only accelerate rather than impede the production of the subject documents.

7. If the Defendants are given another 60 days to respond to this rather simple discovery request, responses would not be due until October 15, 2010; and if their present production of documents holds true, many of those will be "blacked out" to the point where they are useless, which will then require Dr. Weisler to then file a Motion to Compel, which, in turn, will then delay production of responses to this simple request another 30 days.

8. Dr. Weisler believes that many, if not all of the issues associated with this litigation can be decided on summary judgment if the Defendants are ordered to respond properly and timely to this discovery request, the response to which is now long overdue.

9. Dr. Weisler may be filling additional pleadings based upon the content of these e-mails, and the deadline for filing such pleadings will be set shortly; and

10. It is simply unconscionable for these Defendants, as experienced attorneys, who have now hired not one, but two law firms to defend them, to be unable to produce documents sought nearly two years ago.

For all these reasons, Plaintiff, Dr. Richard Weisler, submits that the Defendants should be required to immediately produce all of their e-mails in unredacted form to the Court for review or to Dr. Weisler subject to a mutually agreeable Confidentiality/Protective Order as was originally agreed months ago.

Respectfully submitted,

/s/ Andrew C. Wilson
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Charles E. Riley, IV (28200)
Christopher B. Conley (31674)
30th Floor– Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Andrew C. Wilson