UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>    CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: BARGE<br>    **Weisler v. Seymour**  C.A. No. 09-2737 | JUDGE DUVAL<br>MAG. WILKINSON |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:    Defendants' Motion for Formal Extension of Time to Respond to First Request for Production, Record Doc. No. 20003

O R D E R E D:

 XXX : GRANTED. "When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A)(emphasis added). In addition, as to Rule 34 production requests, "[a] shorter or longer time [than the 30 days provided for responses by the Rule] may . . . be ordered by the court." The above-referenced motion, filed on August 16, 2010, relates to plaintiff's request for production served on July 15, 2010. Record Doc. No. 20013-1 (Exhibit A at p. 4). Thus, the extension request was filed before a response was due, Fed. R. Civ. P. 34(b)(2)(A), 6(a)(1) and 6(d), and the "good cause" standard applies.

In determining "good cause," the court weighs the following factors: (1) the explanation for the requested extension, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. Nunez v. United States Postal Serv., 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008); Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000-01 (5th Cir. 1998).Weighing the four factors in this instance militates in favor of permitting the requested extension. Given the broad scope of the production request, the relatively recent involvement of moving counsel in this

dispute and the timeliness of the requested extension, the court finds the explanation for the need for an extension persuasive. It is important that defense counsel get the response right, and more time is needed to do so. No trial or discovery schedule has yet been entered, Record Doc. No. 20004, so that no prejudice to plaintiffs' trial preparation efforts will result from the extension. No continuance is necessary, since no trial or discovery deadlines have yet been set. For all of the foregoing reasons, defendants' extension request is reasonable and should be granted. Accordingly,

**IT IS ORDERED** that defendants are hereby granted through and including **October 18, 2010** to serve their response and/or objections to the subject production request.

New Orleans, Louisiana, this ___1st___ day of September, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2