UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | |
| _____ | § | |
| | § | JUDGE DUVAL |
| PERTAINS TO: MRGO | § | |
| *Armstrong*, No. 10-866 | § | |
| *Entergy*, No. 10-77 | § | MAG. WILKINSON |
| _____ | § | |

DEFENDANT UNITED STATES' OPPOSITION TO LEVEE
PSLC'S MOTION TO CERTIFY DOCUMENT
NO. 10984 AS A FINAL JUDGMENT

The PSLC's motion should be denied as untimely. On December 17, 2009, the Court dismissed the Levee plaintiffs' claims against the Sewerage and Water Board of New Orleans. Those claims were the only remaining claims from the Plaintiffs' Corrected Restated Levee Master Consolidated Class Action Complaint. All claims against all other parties had previously been dismissed. That dismissal was therefore a final order, as only the entry of a judgment under Rule 58 remained to be done. The Court, however, did not

-1-

enter a judgment in a separate document as required by Rule 58(a). By rule, therefore, the judgment was entered on May 16, 2010—150 days after the entry of the order dismissing the claims against the Sewerage and Water Board.[1] Accordingly, the PLSC's motion should be denied.

## FACTS

The Corrected Restated Levee Master Consolidated Class Action Complaint sets forth claims against ten defendants.[2]

This master complaint "supersede[d] and replace[d] all prior class-action complaints."[3]

All claims against all defendants in the master complaint were dismissed as of December 17, 2009.[4]

The Sewerage and Water Board of New Orleans appealed its dismissal on January 19, 2010.

---

[1] *See* Fed. R. Civ. P. 58(c)(2)(B).

[2] *See* Doc. 7571 ¶ 16.

[3] Doc. 3299 [CMO 4] at 13.

[4] *Compare* Doc. 19255 [Order approving Levee Boards settlement] at 2 n.2 ("If the present settlement is approved, the only remaining defendants in this litigation will be the Corps and the Sewerage and Water Board of New Orleans.") *with* Doc. 10984 [Order dismissing claims against United States] *and* Doc. 19481 [Order dismissing claims against Sewerage and Water Board].

## ARGUMENT

### THE PSLC'S MOTION SHOULD BE DENIED BECAUSE A FINAL JUDGMENT HAS ALREADY BEEN ENTERED.

Rule 58 provides, with certain exceptions not relevant here, that "[e]very judgment and amended judgment must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a). It further provides that if a judgment is entered and, as here, a separate document is required, then the *time of entry* is when "the *earlier* of these events occurs: **(A)** it [*i.e.,* the judgment] is set out in a separate document; or **(B)** 150 days have run from the entry [of the judgment] in the civil docket." Fed. R. Civ. P. 58(c)(2) (emphasis added).

On December 17, 2009, the Court dismissed all of the remaining claims against the Sewerage and Water Board.[5] The Court had previously dismissed all of the other claims against all of the other parties.[6] At that time, then, the dismissal of the remaining claims against the Sewerage and Water Board was

---

[5] Doc. 19481, at 6.

[6] *Compare* Doc. 19256 [Final Order and Judgment] at 2 ("On the Effective Date of Class Settlement, all Released Claims asserted against the Released Parties in the Litigation are dismissed with prejudice . . . .") *and* Doc. 19255 [Order approving Levee Boards settlement] at 2 n.2 ("If the present settlement is approved, the only remaining defendants in this litigation will be the Corps and the Sewerage and Water Board of New Orleans.") *with* Doc. 10984 [Order dismissing claims against United States].

a final judgment.[7] All that remained to be done was the entry of a separate document setting out the judgment.[8]

Although the PSLC wishes to appeal the interlocutory order that dismissed its claims against the United States, a separate judgment is not needed. "Under general legal principles, earlier interlocutory orders merge into the final judgment, and a party may appeal the latter to assert error in the earlier interlocutory order."[9] When a final judgment was entered on the last remaining claims in the Levee case, on December 17, 2009, then the January

---

[7]Although the dismissal was without prejudice, it was an appealable final judgment because it was entered despite the defendant's opposition and disposed of time-barred claims that could not be refiled. *See State Treasurer of State of Michigan v. Barry,* 168 F.3d 8, 14 -15 (11th Cir. 1999); *Angel v. Consol. Freightways, Inc.,* 71 F.3d 879 (5th Cir. 1995); *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *Mayley v. Hartford Financial Servs. Group, Inc.,* 2008 WL 783548, at *2 (E.D. La. 2008) (Africk, J.).

[8]*See* Fed. R. Civ. P. 58(a).

[9]*Myers v. Sullivan,* 916 F.2d 659, 673 (11th Cir. 1990) (citing 9 Moore's Federal Practice ¶ 110.07 (2d ed. 1990)); *see also Dugas v. Trans Union Corp.*, 99 F.3d 724, 728 (5th Cir. 1996); *Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1370 n.2 (10th Cir. 1979); *cf. CSX Transp., Inc. v. Kissimmee Util. Auth.,* 153 F.3d 1283, 1285 (11th Cir. 1998) ("Section 1291 does not 'permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.'").

30, 2008, order that dismissed the claims against the United States merged into that judgment.[10]

The PSLC's motion is untimely because the time of entry has passed. Under Rule 58(c)(2)(1), the time of entry was May 16, 2010, 150 following the entry of the final judgment on the docket.[11] Even if the Court were now to grant the PSLC's motion and set out the judgment in separate document, the entry of that separate document would be a nullity: Under Rule 58(c)(2), the time of entry is "*the earlier of*" 150 days from the entry of the judgment or the time when the judgment is set out in a separate document.[12]

The PSLC's motion does not implicate Rule 54(b), because "Rule 54(b) has no application when all the claims have been determined as to all the parties. . . . [I]n cases that involve multiple claims or multiple parties, and in which one or more Rule 54(b) orders have been issued, an appeal from the adjudication of the remaining claims or as to the remaining parties does not require certification but may proceed from the judgment entered pursuant to Rule

---

[10]*See Aaro, Inc. v. Daewoo Internat. Corp.*, 755 F.2d 1398, 1400 (11th Cir. 1985) (citing Wright, Miller & Kane); *Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1102 (5th Cir. 1983); *In re LAJET, Inc.,* 163 B.R. 81, 83 (E.D. La. 1993) (Duplantier, J.).

[11]*See also* Fed. R. App. P. 4(a)(7)(A)(ii).

[12]*Accord* Fed. R. App. P. 4(a)(7)(A)(ii).

58."[13]  Accordingly, in *McCabe v. Life-Line Ambulance Service,* the First Circuit held that it had jurisdiction over an appeal from an order granting a summary judgment as to one of several defendants because "[t]he judgment appealed from [was] nonetheless 'final' as to all parties and claims," inasmuch as all claims against the other defendants had either been settled or adjudicated.[14] Given the prior disposition of all of the other claims in the Corrected Restated Levee Master Consolidated Class Action Complaint, Rule 58 governed the dismissal of the remaining claims against the Sewerage and Water Board. Under Rule 58 the entry of an appealable final judgment occurred on May 16, 2010, when "150 days ha[d] run from the entry in the civil docket."[15]

---

[13] 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2656 (3d. ed. 2010) (footnote omitted).

[14] *See McCabe,* 77 F.3d 540, 543 n.3 (1st Cir. 1996).

[15] Fed. R. Civ. P. 58(c)(2)(B); *cf.* Fed. R. App. P. 4(a)(7)(A)(ii).

## CONCLUSION

The PSLC's motion should be denied because it is untimely and futile: the *time* of the judgment's entry has already passed.

>Respectfully Submitted,
>
>TONY WEST
>Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>JAMES G. TOUHEY, JR.
>Assistant Director, Torts Branch
>
> s/ Robin Doyle Smith
>ROBIN DOYLE SMITH
>Senior Trial Counsel, Torts Branch
>Civil Division
>U.S. Department of Justice
>Benjamin Franklin Station,
>P.O. Box 888
>Washington, D.C.  20044
>(202) 616-4400/616-5200 (fax)
>robin.doyle.smith@usdoj.gov
>Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served upon all counsel of record by ECF on September 4, 2010.

/s  Robin D. Smith
ROBIN D. SMITH
