UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO: INSURANCE<br>   <u>Acevedo I</u>, 07-5199<br>   (<u>Paynes v. Standard Fire</u>, 09-1119 "S") | JUDGE DUVAL<br>MAG. WILKINSON |

## **ORDER**

Pursuant to my previous order, Record Doc. No. 20007, a conference was conducted and recorded in this matter on September 2, 2010 in open court. Although plaintiff's counsel, John Conry, was ordered to appear in person, he did not appear.

This court's Local Rule 83.2.9E provides, in pertinent part:

> Counsel's failure to appear, or appearing only extremely late, for conferences with the court or its magistrate judges, or for the argument of motions, trial, or any other proceeding, causes great inconvenience to the court, opposing counsel, and, in some instances, to witnesses and jurors. Accordingly, it will be the court's policy to impose costs or sanctions as follows:
> A.  For failure to appear, or appearing extremely late, at any proceeding before any of the judges or magistrate judges when the lawyer has been given timely notice of the conference or hearing, has failed in advance to seek a continuance, and has no adequate excuse:
>> 1.  If this is the first time counsel has been delinquent, or if the last time he/she failed to appear promptly was more than two years ago, he/she shall be ordered to pay a fee in a reasonable amount to each opposing counsel who has appeared.
>> 2. If this is the second time, and it is within two years of the first, the lawyer will be required to pay a fee in a reasonable amount to each opposing counsel who has appeared, and will,

>    in addition, be cited to show cause before a judge of this court why he or she should not be suspended from practice for a period of time or subjected to some other form of disciplinary action.
>    3. The fee is not to be waived, nor is it to be returned or taken into account on settlement. It is not to be billed or charged to a client in any way.

This is the second or possibly third time that Mr. Conry has failed to appear for conferences or hearings with this court. Accordingly, I orally imposed monetary sanctions on him, the amount to be subsequently determined at another hearing I also orally scheduled. Since that time, I have received through the Clerk of Court a copy of the August 25, 2010 order of the Louisiana Supreme Court in In re John D. Conry, No. 2010-1929. Considering that order, no further proceedings will be conducted concerning this matter at this time and the orally scheduled follow-up hearing is cancelled. Local Rules 83.2.10.1E and 83.2.10E (Rule III(A)(1)(3).

Any party who seeks entry of an order awarding sanctions in a particular amount under Local Rule 83.2.9E based upon my oral order must file and serve a motion, noticed for hearing before me and supported by evidence sufficient to establish a reasonable amount.

New Orleans, Louisiana, this 7th day of September, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2