## RELEASE

1.  The undersigned, **CARLOS GOMEZ AND NIDIA GOMEZ**, individually for and on behalf of all heirs, assigns and all persons in privity with any of them or who could have claimed through any of them (hereinafter collectively referred to as "Releasors"), in consideration of the sum of **TWELVE THOUSAND FIVE HUNDRED SEVENTY-FIVE DOLLARS AND 20/100 $12,575.20) (Coverage A); EIGHT HUNDRED SIXTY-FOUR DOLLARS AND 05/100 ($864.05) (Coverage B); and ONE THOUSAND FIVE HUNDRED FORTY DOLLARS AND 80/100 ($1,540.80) (Coverage C)**, paid to Releasors and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged and confessed, RELEASES, ACQUITS, AND FOREVER DISCHARGES the Released Parties, as defined below, from any and all claims that Releasors have against the Released Parties, including all claims against all available insurance coverages, or any of them, arising out of or related to the Katrina Event, as defined below, including without limitation, any and all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, administrative adjudication, or in any other manner, including without limitation for actual damages, exemplary and punitive damages, statutory damages, penalties of any kind, property damage, damage to dwellings or structures, damage to personal property or contents, additional living expenses, loss of use or rent, personal injuries or death, mental or physical pain or suffering, loss of wages, income, earning, and earning capacity, medical expenses, economic or business losses, disgorgement of profits, prejudgment and postjudgment interest, injunctive or declaratory relief, and any other losses or detriment of any kind, including

Initial: _____
Date: _____

but not limited to any and all claims that Releasors have or may have under **Policy No. 18-EG1371-6 and/or Claim No. 18-R352-459, pertaining to property located at 7224 Hattie St., Arabi, Louisiana, 70132,** whether under the liability, homeowners, flood, medical payment, property damage, theft, contents or any other provision or any other feature or provision of said policy (the "Released Claims"). Without limiting the foregoing, Released Claims include any and all claims for breach of contract, negligence, breach of fiduciary duty, bad faith, fraud, unfair business practices, deceptive trade practices, conspiracy, concert of action, violations of any statute or regulation and all claims that were or could have been asserted by Releasors arising out of or related to the Katrina Event, including but limited to claims under LA RS 22:658 and 22:1220 and those claims that were brought or could have been brought in the action entitled: ***"Jerald M. Alexander Sr., et al vs. Automobile Club Inter-Insurance Exchange, et al"***; **Civil Action No. 07-4538; United States District Court in and for the Eastern District of Louisiana.**

2. "Katrina Event" includes, without limitation (a) Hurricane Katrina, which made landfall in the area of Mississippi near Louisiana on or about August 29, 2005, and subsequent emergency response, clean-up, and claims handling and (b) all transactions regarding any insurance policy issued to the Releasors or any of them by State Farm Fire and Casualty Company ("State Farm") and any other State Farm company that may have provided or could have been alleged to have provided coverage for losses caused by Hurricane Katrina including, without limitation, the procurement of insurance policies potentially responsive to Hurricane Katrina, including all representations or alleged omissions made regarding any such insurance

Initial:
Date:

policy; the sale, negotiation and procurement of any such insurance policy; obtaining, issuing, and renewing any such insurance policy; any alleged failure to procure or provide other or different coverage potentially responsive to Hurricane Katrina or the Katrina Event and any damage claimed to have been occasioned thereby or in any way connected therewith, including but not limited to the breach of any levees and canals; and the handling, adjusting, or processing of claims under any such insurance policy as well as the denial of any claims and the defense of any suits filed regarding same or in any way connected therewith.

3. The "Released Parties" are State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, any affiliated State Farm entity (including but not limited to State Farm General Insurance Company) together with their current and former agents, employees, officers, directors, attorneys, owners, shareholders, policyholders, associated and affiliated companies, divisions, subsidiaries, successors, assigns, reinsurers, and liability insurance carriers. "Released Parties" also includes, to the extent of their liability for the alleged acts or omissions giving rise to the Released Claims, the following persons and entities: State Farm Insurance Agents, independent or contract claim adjusters used by State Farm in connection with the Katrina Event, independent or contract engineers and engineering firms consulted by State Farm in connection with the Katrina Event, together with each of the foregoings' current and former agents, employees, officers, directors, attorneys, owners, shareholders, associated and affiliated companies, divisions, subsidiaries, successors, assigns, and insurers. For purpose of this Release, "State Farm Insurance Agents" includes but is not limited to any person authorized by State Farm, State Farm's parent, State Farm's associated and

Initial: _____
Date: _____

affiliated companies, or authorized State Farm agents, to solicit applications for insurance and financial services; collect premiums, fees and charges; countersign and deliver policies; reinstate and transfer insurance; and/or to assist customers and cooperate with representatives of State Farm, State Farm's parent or State Farm's associated and affiliated companies in reporting and handling claims.

4. Releasors covenant and agree to forever refrain from instituting, maintaining or proceeding against any Released Party on any Released Claim, including Released Claims known and not now known, suspected, or claimed, that Releasors have or hereafter may have against the Released Parties. Releasors hereby instruct counsel of record to file an appropriate motion or stipulation dismissing the action entitled: *"Jerald M. Alexander Sr., et al vs. Automobile Club Inter-Insurance Exchange, et al"*; **Civil Action No. 07-4538; United States District Court in and for the Eastern District of Louisiana,** with prejudice, with each party to bear their own costs of court, as well as any other court actions brought by, or on behalf of, Releasors for the same or substantially similar claims as those subject to this Release, with prejudice, and with each party to bear its own costs. Releasors instruct counsel to satisfy all outstanding court costs from the proceeds of this settlement.

5. Releasors acknowledge and agree that the Released Claims include claims that Releasers do not know or suspect to exist in Releasors' favor at that time of this Release and which, if known by Releasors might have affected Releasors' decision to settle and release the Released Claims. Releasors expressly waive any and all rights that Releasors may have under any statute, regulation, administrative adjudication, or common law principle that would limit the

Initial: _[initials]_
Date: _9/9/10_

effect of this Release to the claims actually known or suspected to exist at the time of this Release.

6.  Releasors acknowledge and agree that Releasors have been apprised of the provisions of coverage in the policy or policies of insurance under which the Releasors are alleging liability, the maximum coverage limits under each such category of alleged coverage, and for purposes of this settlement, the amount of this settlement being allocated against the limits of the coverages of the Releasors' policies of insurance at issue. Releasors acknowledge that they are and have been represented by counsel in these proceedings. Releasors also acknowledge and agree that this settlement is to resolve a litigation dispute by fully and finally releasing all claims currently existing under all alleged or potential coverages to the full extent of such coverages, and is not an admission of liability on the part of the Released Parties that Releasors were entitled to payments based on the terms of Releasors' insurance policy or policies.

7.  Releasors acknowledge and agree that Releasors are responsible for repayment of any grants or loans made to Releasors in connection with the Katrina Event and for discharging any liens or other encumbrances arising from or related to the Katrina Event or the Released Claims, as well as any other liens or encumbrances on real or personal property that are the subject of the Released Claims, including but not limited to, any such grants or loans made by the Small Business Administration, the Road Home Program of the State of Louisiana, or mortgagees. Releasors agree to hold harmless and indemnify the Released Parties from any and all liens, assignments, subrogation claims, encumbrances, garnishments, security interest or any

Initial: _____
Date: _____

other legally perfected right of another person with respect to any amounts to be paid to Releasors or to Releasors' benefit by State Farm under this settlement, including but not limited to claims related to the distribution of the settlement amounts and the allocation of the settlement amount to particular coverage under the policies of insurance at issue. Releasors acknowledge and agree that State Farm may issue settlement checks payable jointly to Releasors and (i) lienholders on the property covered by an insurance policy that is the subject of this Release and/or (ii) assignees of Releasors to these settlement proceeds, such as the State of Louisiana, up to the amount of the assignment.

8. In connection with the preceding paragraph, Releasors represent and warrant the following, as applicable to Releasors' specific circumstances:

(a) To the extent that at any time prior to the execution of this Release, Releasors obtained a grant(s) or loan(s) from the Road Home Program of the State of Louisiana, Releasors represent and warrant that Releasors have (i) executed the Road Home Limited Subrogation/Assignment Agreement; (ii) provided 30 days written notice of this settlement and release to the Division of Administration, Office of Community Development, Legal Counsel for Disaster Recovery Unit, State of Louisiana, (iii) obtained written consent from the State of Louisiana for this settlement if it is to result in a repayment to the State of less than 100% of the amount of the Releasors' grant under the Road Home program, and (iv) provided copies to State Farm of the assignment agreement, written notice, and the written consent of the State referred to above.

(b) To the extent that at any time prior to the execution of this Release, Releasors have become participants in the Road Home Program of the State of Louisiana by


Initial:
Date:

having submitted, or causing to be submitted on Releasors' behalf, an application to the Road Home Program of the State of Louisiana and are awaiting approval and/or funding of benefits from the Road Home Program of the State of Louisiana, Releasors represent and warrant that Releasors (i) have not yet executed any subrogation or assignment agreement of any kind with the Road Home Program of the State of Louisiana, (ii) have advised the Road Home Program of the State of Louisiana of this settlement, and (iii) have updated, supplemented, and/or amended Releasors' pending application to reflect this settlement.

(c)  To the extent that at any time prior to the execution of this Relesase, Releasors did not apply for and/or receive funding from the Road Home Program of the State of Louisiana, Releasors represent and warrant that (i) Releasors have not applied for or received funding from the Road Home Program of the State of Louisiana, (ii) Releasors have not executed, nor caused to be executed on Releasors' behalf, a subrogation and assignment agreement of any type in favor of the Road Home Program or the State of Louisiana, and (iii) if Releasors were to make application to the Road Home Program in the future, Releasors' application will reflect this settlement.

(d)  Further, Releasors agree to indemnify and hold Released Parties harmless from any loss or damage, including reasonable attorneys fees and costs, by reason of any breach of the representations and warranties above, which Releasors hereby acknowledge is material to this settlement and that State Farm is relying on the accuracy of these representations and warranties in deciding to enter into this settlement with Releasors.

9.  Relying solely upon information provided by Releasors' attorney, Releasors acknowledge and agree that this settlement and the settlement amount paid to Releasors is part of the settlement of a larger number of cases by State Farm, that the terms and amounts of the

Initial: _____
Date: _____

aggregate settlement agreement have been disclosed to the Releasors, that unless 100 percent of the claimants subject to the aggregate settlement agree to the settlement and provide releases[1], State Farm has the right to withdraw from this settlement, which if State Farm does so withdraw from the settlement in writing to Releasors' attorney, this settlement and release will be null and void, and that by executing this Release, Releasors agree with these settlement terms, including the distributions among Plaintiffs as agreed to by the parties, and the allocations among the available coverages, which were determined by Plaintiffs' counsel based upon knowledge of the respective claims.

10. If Releasors are not a natural person(s), Releasors represent and warrant that they have all requisite power to execute, deliver and perform this Release and that this Release has been duly and validly executed and delivered by Releasors' authorized agent and any such necessary corporate or partnership authorizations or powers of attorney are included herewith as attachments.

11. Releasors acknowledge and agree that neither this Release, nor any exhibit, document or instrument delivered hereunder is intended to be or shall be construed as or deemed to be evidence of an admission or concession by State Farm or any of the Released Parties of an interpretation of, or course of conduct in connection with, the policy language and forms of insurance policies that are the subject of Released Claims, or of any liability or wrongdoing by State Farm. Releasors expressly acknowledge and agree that this Release, along with all related

---

[1] For purposes of this provision, multiple policyholders on the same policy of insurance count as a single claimant.

Initial: *[signature]*
Date: *[handwritten]*

drafts, motions, court papers, conversations, negotiations and correspondence, the payment by State Farm, and all statements made in connection with negotiation of this Release, constitute an offer to compromise and a compromise within the meaning of Federal Rule of Evidence 408, Louisiana Code of Evidence 408, and any equivalent rule of evidence of any state. Releasors agree that Releasors will not offer this Release, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Release as evidence in this or any other proceeding for any purpose, including as evidence of an interpretation of, or course of conduct in connection with, the policy language and forms of any insurance policy that is the subject of the Released Claims. Releasors acknowledge that this Release may be filed, offered or submitted by State Farm or the Released Parties in order to enforce this Release or otherwise used in support of any defense that Releasors' claims are barred by this Release. This paragraph 11 does not preclude disclosure of information to the extent required by law, court order, subpoena, existing contractual obligations, or ethical obligations; provided that the disclosing Party or its counsel notifies the other Party to this Agreement in sufficient time to permit that Party to take appropriate action to protect the confidentiality of the information.

12. Releasors hereby warrant that, as of the date hereof, Releasors have not divulged or made any hints, suggestions or references regarding the amount of this settlement, except to Releasors' attorneys or accountants, who have agreed to keep such information confidential. Releasors agree to keep the amount and terms of this settlement and Release confidential and not to divulge such information to any other person or entity, or permit Releasors' attorneys and

Initial: *[signature]*
Date: *[handwritten]*

accountants to divulge such information to any other person or entity, without first obtaining the written consent of State Farm, except that the amount and terms of this settlement and Release may be disclosed to Releasors' attorneys, accountants and lien holders, provided that such persons and entities agree to keep such information confidential on terms comparable to that provided in this paragraph. This Release does not preclude disclosure of information to the extent required by law, court order or subpoena; provided that Releasors notify State Farm in sufficient time to permit State Farm to take appropriate action to protect the confidentiality of the information. In addition, Releasors, individually or through counsel, may disclose the terms of his or her respective settlement to the State of Louisiana and the Road Home program, provided that such a disclosure is made with a request for confidentiality from public disclosure under any applicable laws or regulations. In the event of a breach of this provision, undersigned agree that this confidentiality agreement may be enforced on appropriate motion or separate action in either the United States District Court for the Eastern District of Louisiana, provided subject matter jurisdiction is appropriate, or other Louisiana state court, at the option of State Farm.

13. Releasors intend and agree that this Release contains the entire agreement between the parties hereto and shall be complete and shall not be subject to the claim of mistake of fact or law by Releasors and that it expresses a full and complete settlement of liability claimed by Releasors and denied by each and all of the Released Parties and, regardless of the adequacy or inadequacies of the consideration, this Release is intended to avoid litigation and to be final and complete.

Initial: _____
Date: _____

14. Releasors expressly warrant and represent that, before executing this Release, Releasors completely read the terms of this agreement and/or that this agreement has been completely read and explained to Releasors by Releasors' attorney and that the terms of the agreement are fully understood and voluntarily accepted by Releasors and that Releasors have signed, executed and delivered this Release as the voluntary act and deed of Releasors on the date and year hereinafter mentioned and without any fraud or under any duress. Releasors understand that the sum of money mentioned above is all the money that is to be paid to Releasors by State Farm arising from or related to the Katrina Event. Releasors acknowledge that no promise or representation or any kind has been made to Releasors by State Farm or anyone acting for State Farm, or by Releasors' attorneys, in connection with this Release, except as is expressly stated in this Release. Releasors have relied solely and completely on Releasors' own judgment and the advice of Releasors' counsel in making this settlement and executing this release. Releasors acknowledge and understand that all of Releasors' expenses and attorneys' fees arising out of or related to the claims settled are the responsibility of Releasors.

15. If any term, provision, right or duty of this Release is deemed void, voidable, unlawful or unenforceable, the remaining portions of the Release shall not be invalidated and shall remain in full force and effect. To this end, the provisions of this Release are declared to be severable. Furthermore since the purpose of this settlement is to end this matter forever, Releasors agree, covenant and warrant that, should it develop that there are any errors or mistakes, whether legal or factual and whether mutual or unilateral, which cause this document to be defective or which causes the release of the Released Parties to be defective or less than full

Initial: ___
Date: ___

and complete, the undersigned will execute any and all instruments and do any and all things necessary to effectuate a full, final and complete release and indemnification of the Released Parties.

Dated:_____

Insured Name: _____
Social Security Number: _____
Date of Birth: _____

_____
Signature of Insured

Insured Name: _____
Social Security Number: _____
Date of Birth: _____

_____
Signature of Insured

STATE OF Louisiana
PARISH OF _____

    Personally appeared before me, the undersigned authority, on this the 8th day of September, 2008 10 _____ and _____, to me known, or proved to me on the basis of satisfactory evidence, to be the person(s) who executed the foregoing instrument, and he/she/they acknowledged that he/she/they executed the same as a free act and deed.

_____
Notary Public
Printed Name: Matt Moreland
Bar/Notary No.: 24567

Matthew B. Moreland, Notary Public
La. Bar # 24567
Attorney-at-Law
My commission is for life.

Initial: _____
Date: 9/8/10

<u>Attorney Certification</u>

As counsel for the Releasors executing the above release, I hereby certify:

1. That there are no lawsuits or other claims pending which arise out of the Katrina Event for the Releasors, other than those previously disclosed to State Farm;

2. I agree to indemnify, defend and hold harmless the parties released for any court costs, liens, privileges and other costs associated with filing this suit or the damages allegedly sustained therein;

3. That I have read this release to my client and explained to him/her that this release operated as a full remission, renunciation and compromise of any and all claims which he/she has or may have against the Released Parties as a result of the Katrina Event; and

4. My client accepts the terms of the receipt and release as set forth above.

_____
**Name of Insureds' Attorney**

_Daniel E. Becnel Jr._
**Signature of Insureds' Attorney**

Initial: _____
Date: _____