# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES         **CIVIL ACTION**
    CONSOLIDATED LITIGATION

                                       **NO.: 05-4182**

                                       **SECTION "K" (2)**

**PERTAINS TO: LEVEE**

---

### REPLY TO DEFENDANT UNITED STATES' OPPOSITION TO LEVEE PSLC'S
### MOTION TO CERTIFY DOCUMENT NO. 10984 AS A FINAL JUDGMENT
### (Rec. Doc. 20036 & 20041)

**NOW INTO COURT**, through undersigned counsel, comes the Levee Plaintiffs' Subgroup

Litigation Committee, and in reply to the Defendant United States' Corrected Opposition to Levee

PSLC's Motion to Certify Document No. 10984 as a Final Judgment (Rec. Docs. 20036 & 20041),

does state as follows:

## I.

## <u>FACTS</u>

The administration of the complex litigation surrounding the thousands of cases that resulted

from the failure of the levee system protecting the New Orleans area during hurricane Katrina has

been governed by case management orders consolidating the "mammoth litigation" under an

umbrella know as *In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4181. (*See*

Rec. Doc. 19611, p. 2).  In particular, Case Management Order No. 4 ("CMO 4") "consolidated" the

various actions for "case management purposes" into categories of cases. Nonetheless, the complexity of the litigation necessitated modifications of the consolidation to clarify various allegations by geographic location.

It is in this environment that the defendant United States, despite the previous admission that this is the largest litigation in which it has been involved, now asserts that the litigation has simply concluded. However, a clear factual analysis of the procedural history dictates that the defendant's technical argument is without merit.

## II.

## LAW

A.   *The Order and Reasons, signed January 30, 2008 (# 10984), was not a Final Judgment*

Federal Rules of Civil Procedure, Rule 54 (b) specifies as follows:

> **"(b) Judgment on Multiple Claims or Involving Multiple Parties.**
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

By its *Order and Reasons* dated January 30, 2008, the court reluctantly granted the United States' Motion to Dismiss pursuant to the Flood Control Act of 1928 (33 U.S.C § 702c), while simultaneously ordering the plaintiffs to amend the MRGO Master Complaint to include allegations that were stated against the Corps in Counts IV and VIII of the LEVEE Master Complaint. This

2

ruling, amidst the ongoing prosecution of multiple claims against multiple parties, understandably did not grant Plaintiffs the right to seek an interlocutory appeal.  Thus, under well settled reasoning, a notice of appeal filed at that time would have been dismissed by the appellate court as premature. *Accord* Federal Rules of Appellate Procedure, Rule 4.

The United States Court of Appeal for the Fifth Circuit has consistently held that unless the language of an order appealed from, "either independently or together with related parts of the record reflects the trial judge's ***clear intent*** to enter a partial final judgment under Rule 54(b)," the appellate court can not consider the appeal. Kelly v. Lee's Old Fashioned Hamburger's Inc., 908 F.2d 1218, 1220 (5th Cir. 1990)[Emphasis added].  Historically, the separate document rule required that judgment be entered in a *separate* document, one that is "not made part of the opinion and order" of the court.  Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir.2008).  A combined document denominated an "Order and Judgment," containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.  In re Taumoepeau, 523 F.3d 1213 (10th Cir. 2008).  This separate document rule allows clear guidance to the parties that sound judicial administration has been exercised to preserve the "historic federal policy against piecemeal appeals." Curtiss-Wright Corporation v. General Electric Company, 466, U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980).

"Finality," for purposes of the application of Rule 54(b), is generally understood as that degree of finality required to meet the appealability requirements of 28 U.S.C. § 1291. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); International Controls Corp. v. Vesco, 535 F.2d 742 (2d Cir. 1976); Western Geophysical Co. of America, Inc. v. Bolt Associates, 463 F.2d 101, 102-03 (2d Cir.), *cert. denied*, 409 U.S. 1040, 93 S.Ct. 523, 34

L.Ed.2d 489 (1972); 6 <u>Moore's Federal Practice</u> ¶ 54.30(1) n. 13.  This, in turn, is usually defined as a judgment "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Catlin v. United States</u>, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). 9 <u>Moore's Federal Practice</u> ¶ 110.08.

As recognized by the defendant United States, there were still numerous claims pending against numerous parties at the time of the issuance of this *Order and Reasons* (Rec. Doc. 20036 & 20041, p. 2); and therefore there was still much for the court to do.

*B.    With outstanding claims in LEVEE, entry of judgment requires a separate document*

It is the date of "entry" of a judgment or order that starts the time period for noticing an appeal; a judgment or order is not entered within meaning of Federal Appellate Rule 4(a) unless it is entered in compliance with Federal Civil Rule 58 requiring every judgment be set forth on a separate document and Federal Civil Rule 79(a) detailing the civil docketing procedure to be followed by the district court clerk when entering the judgment.  <u>Beaudry Motor Co. v. Abko Properties, Inc.</u>, 780 F.2d 751 (9th Cir.1986), *certiorari denied* 107 S.Ct. 100, 479 U.S. 825, 93 L.Ed.2d 51.

The defendant United States maintains, correctly, that <u>Federal Rules of Civil Procedure</u>, Rule 58 requires that a separate document be utilized to enter judgment, but erroneously asserts that this requirement has been vitiated by the passage of a technical time period.

<u>Federal Rules of Civil Procedure</u>, Rule 58 currently specifies in pertinent part:

**"Rule 58. Entering Judgment**

(a) Separate Document. Every judgment and amended judgment must

4

be set out in a separate document...

(c) Time of Entry. For purposes of these rules, judgment is entered at
the following times:

(1) if a separate document is not required, when the judgment is
entered in the civil docket under Rule 79(a); or

(2) if a separate document is required, when the judgment is entered
in the civil docket under Rule 79(a) and the earlier of these events
occurs:

(A) it is set out in a separate document; or

(B) 150 days have run from the entry in the civil docket."

The defendant United States argues that although the Court's *Order and Reasons* did not

constitute the entry of a judgment, it nevertheless eventually qualified as an entry of judgment under

Rule 58(c)(2)(B) of the Federal Rules of Civil Procedure which provides that "judgment is entered"

automatically when 150 days have run after a judgment appears on a district court's docket. This

argument, however, ignores the unique rules that apply in cases where a court order disposes of

fewer than all of the claims pending in a case.

The 150 day rule is a relatively new aspect to Rule 58.  Both Rule 58 of the Federal Rules

of Civil Procedure and Rule 4 Federal Rules of Appellate Procedure were amended in 2002 to

include this technical time period.  Prior to 2002, if a district court did not enter a separate judgment,

the appeal period never started - and thus never theoretically ended.  While the inclusion of this

definitive period still serves to place the parties on notice that the appellate period has commenced,

the purpose of the rule has not changed.  As before, "the rule is designed to simplify and make

certain the matter of appealability. It is not designed as a trap for the inexperienced.... *The rule

should be interpreted to prevent loss of the right of appeal, not to facilitate loss.*" 9 J. Moore, Federal

Practice ¶ 110.08[2], p. 119-20 (1970);  In re Litas Intern., Inc., 316 F.3d 113 (C.A.2 (N.Y.),2003).

In the present case, the defendant's argument that the time of entry has passed is without merit as there are still claims pending.  Therefore, by the defendant's own admission, entry of the judgment by the mere passage of time is an impossibility.

Defendant's entire argument rests upon the premise that when there were "no remaining claims pending" but those involving the Sewerage and Water Board, and upon the dismissal of the last remaining claims against the Sewerage and Water Board, the decision became a final judgment and only the entry of a judgment under Rule 58 remained to be done.  The defendant reasons that when the Court did not enter a judgment in a separate document as required by Rule 58(a), it happened automatically on May 16, 2010 - 150 days after the entry of the order against the Sewerage and Water Board.

However, there **ARE** remaining claims pending in the LEVEE litigation. By the very terms established by the court, the multiple claims still remain against the levee boards.  In its Final Order and Judgment (Rec. Doc 19256), the Court expressly specified that "[o]n the Effective Date of Class Settlement, all Claims asserted against the Released Parties in the Pending Actions shall be dismissed with prejudice."   The Consolidated Class Action Complaint dismissals are only contemplated upon the "Effective Date of Class Settlement," defined as "the first business day after the date of the Final Approval Order and Judgment become a Final Judgment." (*See* Record Doc. 16647-1, p. 6, ¶ 18[1] ).  This has not yet come to fruition.

Interestingly, while there are a myriad of claims still outstanding (See Exhibit "A" to Class

---

[1] The Court adopted the meaning and definitions given them in the Class Settlement Agreement (Rec. Doc. 19256, p. 1).

Settlement Agreement, Rec Doc. 16647-2), one in particular was not captured in the Superseding Master Consolidated Class Action Complaint.  On September 4, 2007 (nearly 6 months after the Consolidated Class Action Complaint was filed), Abundance Square Associates, LP brought suit against the Levee defendants, including the Corps of Engineers and the Orleans and East Jefferson Levee Districts. (USDC, EDLA 07-5317).  On September 14, 2007, this matter was consolidated with 05-4182, and thereafter stayed.  The defendant United States acknowledged the case on January 31, 2008 (*See* 05-4182, Rec. Doc 11001), which has since only been stayed and not dismissed.  (See Exhibit 1, attached).  The pendency of this case ALONE dictates that the defendant's timing argument fails.

Clearly then, the dismissals cited by the defendant United States dealt with fewer than all of the Plaintiffs' claims to urge an automatic forfeiture of the plaintiffs' rights.  Accordingly, where the district court has not entered a partial final judgment on the claims resolved by the *Order and Reasons* at issue, there was never a Rule 54(b) entry of judgment.  There being no entry of judgment in the present case as required to trigger Rule 59(d)'s timing provisions, the argument that the district court would exceeded its jurisdiction under Rule 59(d) is without merit.

C.     *In the consolidated actions, there has yet to be finality to the litigation*

As further consideration, these matters are all subject of the overarching umbrella of consolidated litigation.  Pursuant to Federal Rules of Civil Procedure, Rule 42(a), the Court properly consolidated the actions stemming from the levee breaches as they involved common questions of law and fact.  As recognized by the Fifth Circuit, a consolidation may not in every respect merge separate actions into a single suit, but there is no "reason why a proper consolidation may not cause

7

otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit." <u>Ringwald v. Harris</u>, 675 F.2d 768, 771 (5th Cir. 1982).

In the present case, most of the issues were properly brought in single suits, only then divided into subcategories pursuant to CMO No. 1. (Rec. Doc. 790). Therefore, it is technically required that all matters within the umbrella be resolved in order to be in compliance with the provisions of Rule 54(b) or the appellate court would be without jurisdiction. <u>Id.</u>, at 771. As the court is well aware, the MRGO and Insurance subcategories as still active, so finality to the litigation has yet to be achieved.

D.     *The Court may still grant additional relief*

Not withstanding the above argument, the Court maintains the discretion to further manage the current issue. <u>Federal Rules of Appellate Procedure</u>, Rule 4 Fed. R.App. P. 4(a)(5) allows the district court to "extend the time to file a notice of Appeal" if a party "shows excusable neglect or good cause."

Here, the prosecution of this "mammoth litigation" continues on many fronts. The interpretation of "remaining claims" cannot be the benchmark for when the appellate period commences. Such a result would be anathema to the long standing principle that Rule 58 rule should be interpreted to prevent loss of the right of appeal, not to facilitate its loss.

This good cause would exist for the court to extend the time to file a Notice of Appeal.

### III

### CONCLUSION

In January 2008, the court issued its Order and Reasons granting the United States's Motion to Dismiss with respect to Counts I-III and VI-VII of the Superseding Master Consolidated Class Action Complaint.  In its effort to seek appellate review of this matter, the Levee PSLC is mandated by the Rules of Appellate Procedure to obtain a judgment certifying as final this judgment.

**WHEREFORE**, the  Levee Plaintiffs' Subgroup Litigation Committee pray that its Motion to Certify as Final Judgment be granted.

Respectfully submitted,

By:     PLAINTIFFS' LIAISON COUNSEL

s/ Joseph M. Bruno
JOSEPH M. BRUNO (3604)
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

LEVEE PLAINTIFFS SUB-GROUP LITIGATION
COMMITTEE

Daniel E. Becnel, Jr.
Joseph M. Bruno
Walter Dumas
D. Blayne Honeycutt
Darleen Jacobs
Hugh P. Lambert
Gerald E. Meunier

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of this pleading upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this 10th day of September, 2010.

**/s/   Joseph M. Bruno**

**JOSEPH M. BRUNO**