UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br><br>*Alexander,* Civil Action 07-4538 | *<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 05-4182<br><br>SECTION K<br><br>MAGISTRATE 2 |
|---|---|---|

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Robert Wayman, who respectfully submits the instant Memorandum in Opposition to Defendant's Motion to Enforce Settlement Agreement and who prays that this Honorable Court will deny same after considering the foregoing.

### FACTS

Plaintiff agreed to resolve his claim against State Farm for damages sustained to his home during Hurricane Katrina. Subsequent to his agreeing to resolve his claim, several issues arose not germane to this motion, which caused a delay in his executing the agreement. Since the filing of the motion Plaintiff, Robert Wayman has executed the release and forwarded the original to Defendant. See Exhibit A. Defendant, however, has indicated it does not believe that the Motion to Enforce Settlement Agreement is moot because Plaintiff's ex-wife, who is not a party to this litigation, has not executed a release, although undersigned counsel forwarded her a copy via email.

### LAW AND ARGUMENTS

Defendant has properly cited Louisiana law on compromise and settlements. Unfortunately, Defendant does not address a situation where a person, not a party to the lawsuit, has not signed a release. Notably, undersigned counsel has received indications that Linda

Wayman, Plaintiff's ex-wife, does intend to return a signed release once she has it notarized. Notably, undersigned counsel only became aware of her location last week.

Although Defendant has indicated it would not dismiss the instant Motion until it received a signed, original authorization from Plaintiff's ex-wife, it should be noted that Plaintiff has completely complied with Defendant's prayer for relief, which states Defendant seeks "an order compelling Plaintiff to execute and return the provided release document and Joint Motion and Order of Dismissal to Defendant[...]." Plaintiff has done all of those things but Defendant is seeking a signed and executed dismissal from a non-party over whom this Honorable Court has no personal jurisdiction.

For the reasons set forth above, Plaintiff prays that this Honorable Court will dismiss Defendant's Motion to Enforce Settlement Agreement as moot.

**RESPECTFULLY SUBMITTED,**

**/s/ Kevin P. Klibert**
**Becnel Law Firm, L.L.C.**
**Daniel E. Becnel, Jr. (La. 2926)**
**Kevin P. Klibert (La. 26954)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA  70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon Defendant, via CM/ECF on this 9th day of September, 2010.

/s/ Kevin P. Klibert