UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NUMBER:  05-4182 "K"(2) JUDGE Duval MAG. Wilkinson |
| PERTAINS TO:   MRGO *Armstrong*, No. 10-866 | |

**MRGO PLAINTIFFS' SUPPLEMENTAL CITATIONS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.      ER 1110-2-1150, ENGINEERING AND DESIGN FOR CIVIL WORKS PROJECT**

In their Opposition memorandum (Doc. No. 20035), Plaintiffs Kenneth Paul Armstrong, Sr., Jeannine B. Armstrong, and Jerald N. Andry, Jr., in his administrative capacity as executor of the Estate of Ethel Coats, cite to ER 1110-2-1150 (USA Exh. 33) as one of several engineering mandates to which the Army Corps failed to adhere in the planning and execution of the EBIA excavation and backfilling locations at the north and south breach cites.  *See* Armstrong Opp. at pp. 9-11.[1]

Plaintiffs cite to ER 1110-2-1150, generally, and also to specific sections.  *See* Armstrong Opp. at pp. 9-11 citing sections 7, 8, 11, 16, and 19.

By this filing, Plaintiffs wish to bring to the Court's attention additional citations that further buttress their claim that because the Army Corps failed to adhere to specific engineering mandates, "which left no room for choice," it cannot prevail under the discretionary function

---

[1] Attached for the Court's convenience is ER 1110-2-1150 (USA Exh. 33).

exception's prong one under *United States v. Gaubert*, 449 U.S. 315, 324 (1991). *See* Armstrong Opp. at pp. 6-16. Specifically, Plaintiffs contend that the Army Corps's failure to have the geotechnical division of the engineering division evaluate the plan that WGI submitted for removal of the sewer lift station near the South Breach, and its failure to perform any engineering analysis to evaluate underseepage below the sheet pile curtains at the locations of the North Breach site violated the mandates of ER 1110-2-1150. *Ibid.*

In particular, Plaintiffs hereby provide the following additional citations to ER 1110-2-1150:

Section 10:  Technical Coordination

- Section 10.1 stating that Engineering Regulations and Engineering Manuals contain mandatory requirements for engineering procedures and design standards. USA Exh. 33 at p. 4.

Section 13:  Engineering During Feasibility Phase

- Sections 13.2 and 13.2.1 mandating that the engineering elements of a project's feasibility study include hydrology and hydraulic studies and the development of geotechnical information. *Id.* at p. 7.

- Section 13.3 mandating that in order to support the plan formulation during the feasibility phase, engineering was required to establish project features, elements, and induced flooding impacts. *Id.* at p. 8.

- Section 13.5.9 mandating that engineering assess risk and uncertainty for safety and functional objectives "clearly estimating and displaying the probable performance of the selected plan in accordance with current risk and uncertainty analysis policy and criteria." *Id.* at. p. 9.

- Section 13.5.13 mandating adequate engineering analysis be undertaken in the feasibility phase to assess and document the intended project's performance. *Id.* at p. 9.

- Section 13.6 mandating that when the required engineering analysis take place that it integrate sound engineering principles and procedures into all phases and features of the project. *Id.* at pp. 9-10.

- Section 13.6.1 mandating that engineering studies determine the functional design and requirements of waters resource project and establish channel capacities, structure configurations, levels of protection, and interior flood-control requirements. *Id.* at p. 10.

- Section 13.6.6 mandating that adequate coordination occur to obtain and process survey, hydrologic, hydraulic, structural, geotechnical, and operations and maintenance information. *Id.* at p. 11.

Section 14. Engineering During Preconstruction Engineering and Design Phase (PED)

- Section 14.15 mandating that engineering prepare a report outlining the engineering considerations and providing instructions for field personnel to aid them in the supervision and inspection of the contract. *Id.* at p. 18.

Section 15.  Engineering During Construction Phase

- Section 15.6 mandating that engineering input into project construction is essential to ensure continuity of the design process through construction, to help improve the viability of future designs, and to provide feedback and advice to the cost engineer and the project manager. *Id.* at p. 20.

Dated:  October 8, 2010

**Respectfully Submitted,**
**PLAINTIFFS LIAISON COUNSEL**

_____/s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION**
**COMMITTEE**

_____/s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

**MR-GO PLAINTIFFS SUB GROUP LITIGATION**
**COMMITTEE**

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
Pierce O'Donnell (O'Donnell & Associates, Los Angeles, CA)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon all counsel of

record by ECF on October 8, 2010.

/s/ Joseph M. Bruno