UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolidated cases |
| Weisler v. Seymour, et al. 09-2737 | * * * | SECTION "K" (2) |
| | * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### WEISLER DEFENDANTS' EX PARTE MOTION FOR ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D) FOR NON-WAIVER OF PRIVILEGE AND PROTECTION CONCERNING INFORMATION DISCLOSED AND PRODUCED IN COMPLIANCE WITH PLAINTIFF'S, RICHARD H. WEISLER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, come Defendants in this matter, Brian A. Gilbert; Law Office of Brian Gilbert, PLC; Lawrence A. Wilson; and Wilson, Druker, Grochow and Nolet, such persons and entities being certain members of the Barge Plaintiff's Subgroup Litigation Committee (hereinafter "Weisler Defendants") who respectfully move this Honorable Court, pursuant to Federal Rule of Evidence 502(d), for the entry of an order holding that any disclosure of information protected by the attorney-client privilege or work-product privilege made by the Weisler Defendants in response to Richard H. Weisler's, Plaintiff's, First Request for Production of Documents will not

-1-

constitute a waiver of such evidentiary privileges in the litigation before this Court or any other Federal or State proceeding.

On July 15, 2010, Plaintiff propounded the following First Request for Production of Documents on the Weisler Defendants:

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of any and all documents evidencing communication of any kind between or among Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case", the "emotional injury subclass", and/or the assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina.

The Weisler Defendants submit to this Court that the documents responsive to this request are primarily e mail communications between various plaintiff attorneys involved in the "Barge" litigation concerning the "Barge" litigation and the Weisler Defendants further submit to this Court that the documents responsive to this request are quite voluminous. The Weisler Defendants have made and continue to make significant and time consuming efforts to examine responsive documents and redact information containing confidential attorney-client communications and material prepared in anticipation of litigation and trial.

Nevertheless, as a prophylactic measure, the Weisler Defendants realize that time is a finite and expensive commodity and, therefore, wish to avail themselves of the protection afforded by Federal Rule of Evidence 502(d) that states in pertinent part:

"[t]he following provisions apply...to disclosure of a communication or information covered by the attorney-client privilege or work-product protection...[a] Federal Court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court -- in which event the disclosure is also not a waiver in any other Federal or State proceeding.

Fed. R. Evid. 502(g) defines attorney-client privilege as "the protection that applicable law provides for confidential attorney-client communications...." Fed. R. Evid. 502 (g) defines work-product protection as "that protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial."

Fed. R. Evid. 502 (d) provides a party with predictable protection made possible by a court order giving legal effect to the party's non-waiver of privileged information by inadvertent disclosure and this predictability is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work-product review and retention. (See Committee note to Fed. R. Evid. 502(d)). As stated previously, the Weisler Defendants are investing considerable time to "pour through" voluminous e mail documents to attempt to redact privileged information. However, given the confidential and voluminous nature of the documents to be produced in response to Plaintiff's First Request for Production of Documents, completing an "air tight" privilege and work-product review would take hundreds of additional man hours and would cause the Weisler Defendants' costs associated with defending themselves to approach probable exposure. Therefore, out of an abundance of caution and to preserve finite and costly resources, the Weisler Defendants seek safe harbor under Fed. R. Evid. 502(d).

## CONCLUSION

Accordingly, the Weisler Defendants respectfully move this Honorable Court to exercise its authority pursuant to Federal Rule of Evidence Rule 502(d) and enter an order holding that any disclosure of information protected by the attorney-client privilege or work-product privilege made by the Weisler Defendants in response to Richard H. Weisler's, Plaintiff's, First Request for Production of Documents will not constitute a waiver of such

evidentiary privileges in the litigation before this Court or any other Federal or State proceeding. The Weisler Defendants further pray this Honorable Court maintain continuing jurisdiction to enforce the provisions of such Order.

                                        Respectfully Submitted:

                                        /s/ Peter S. Koeppel
                                        **Best, Koeppel & Traylor**
                                        Peter S. Koeppel (LSBA # 1465)
                                        W. Scarth Clark (LSBA # 22993)
                                        Jonathan H. Adams (LSBA # 29061)
                                        2030 St. Charles Avenue
                                        New Orleans, Louisiana 70130
                                        Telephone: (504) 598-1000
                                        Facsimile: (504) 524-1024
                                        peterklaw@aol.com
                                        sclark@bestkoeppel.com
                                        jadams@bestkoeppel.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served on all counsel of record via ECF upload, this 15th day of October, 2010.

                              /s/ Peter S. Koeppel, Esq.