# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO:
    05-4181, 05-4182, 05-4191, 05-4568, 05-5237, 05-6073
    05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-1885,
    06-0225, 06- 0886, 06-11208, 06-2278, 06-2287, 06-2346,
    06-2545, 06-3529, 06-4065, 06-4389, 06-4634, 06-4931,
    06-5032, 06-5042, 06-5159, 06-5163, 06-5367, 06-5471,
    06-5771, 06-5786, 06-5937, 06-7682 07-0206, 07-0647,
    07-0993, 07-1284, 07-1286,[1] 07-1288, 07-1289

## ORDER AND REASONS

Before the Court is a Motion to Certify as Final Judgment (Doc. 19987) this Court's Order signed January 30, 2008 (Doc. 10984) as a final judgment as no judgment was entered when the Government was dismissed by that Order. The Order in question dismisses the United States from plaintiffs' suits finding that it was immune from suit with respect to the 17th Street, London Avenue and Orleans floodwall failures based on § 702c immunity found in the Flood Control Act of 1928, 33 U.S.C. §702c.

The United States contends that the instant motion is not timely because under Rule 58(c) of the Federal Rules of Civil Procedure judgment should have been deemed entered after this court dismissed the plaintiffs' claims against the Sewerage and Water Board of New Orleans. It

---

[1] This case number was omitted erroneously in plaintiffs' filing as the "Final Order and Judgment" included C.A. 07-1286 and the pleading (Doc. 19987) omitted same.

is the Government's position that the Sewerage and Water Board was the last remaining defendant and when it was dismissed and a separate judgment was not issued, the provisions of Rule 58(e) applied and the judgment is deemed entered 150 days thereafter, which according to the Government would be May 16, 2010.  Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure provides that in a case involving the United States or an officer or agency of the United States, a Notice of Appeal must be filed within 60 days after the judgment is entered. Therefore, the Government contends that the time for appeal has tolled.  The Government's argument is based on the premise that all claims and defendants have been dismissed.  However, for the reasons that follow, the Court finds the United States' position without merit.

On September 9, 2009, this Court entered a "Final Order of Judgment" (Doc. 19256) based on a class settlement agreement involving all of the remaining defendants, except the Sewerage and Water Board.   Paragraph 4 at page 2 of the Final Order and Judgment provided:

> On the Effective Date of Class Settlement, all Released Claims asserted against the Released Parties in the Litigation are dismissed with prejudice; provided however, that the Litigation shall not be dismissed in its entirety, but shall remain open to facilitate the jurisdiction retained by the Court in Paragraph 8 below.

(Doc. 19256).  Moreover, a stay was issued with respect to all of the claims asserted against the released parties in the pending federal actions which was described in the Preliminary Approval Order.  (See Doc. 19256, ¶ 5 at 2, Final Order and Judgment).

The Amended Class Settlement Agreement (Doc. 19254) which is part of the Final Order and Judgment  provides:

> 18.    The term "Effective Date of Class Settlement" shall mean the first business day after the date the Final Approval Order and Judgment shall become a Final Judgment.

2

> 24. The term "Final Judgment" or "Final Order" shall mean a judgment, order, ruling or decision of a court of competent jurisdiction with respect to said case or matter in which the judgment, order, ruling or decision is entered, and from which no appeals, writs, petitions for certiorari, or requests for court review, rehearing or extraordinary relief have been taken from or with respect to a judgment, order, ruling or decision and that if any such appeal, writ, petition or request for court review, rehearing or extraordinary relief has been taken from or with respect to the judgment, order, ruling or decision, the relevant judgment, order, ruling or decision has been affirmed without revision and there is no further right to appeal, petition, bring a petition for writ of certiorari or request court review, rehearing or extraordinary relief from or with respect to such judgment, order, ruling or decision, unless otherwise agreed in writing by Class Counsel and counsel for the Settling Defendants' provided however that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, may potentially be filed with respect to such judgment, order, ruling or decision shall not cause such judgment, order, ruling or decision not to be a Final Judgment or Final Order.

(Doc. 19254-1).

This Court approved a Class Settlement Agreement with the specific provision that no party would be dismissed unless and until the effective date of the judgment which would not be final until all appeals had been exhausted. Therefore, the claims against the Settling Defendants are still pending, and therefore, Rule 58(c) would not apply as no final judgment or order dismissing these claims has been entered.

Additionally, six months after the Consolidated Class Action was filed, Abundance Square Associates, LP brought suit against the Levee defendants. (C.A. No.07-5317). This suit was consolidated with C.A. No. 05-4182–the master suit; however, this suit was not included in the caption for the entry of the Final Order and Judgment and is presently stayed. Accordingly,

**IT IS ORDERED** that Motion to Certify as Final Judgment (Doc. 19987) is **GRANTED**.

**IT IS FURTHER ORDERED,** finding no just reason for delay, that this Court's Order and Reasons, signed January 30, 2008 (Doc. 10984), be certified as a final judgment pursuant to Fed. R. Civ. Pro. 54(b).

New Orleans, Louisiana, this 14th day of October, 2010.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**