UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolidated cases |
| *Weisler v. Seymour, et al.* 09-2737 | * * * | SECTION "K" (2) |
| | * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER

This matter comes before the Court on Unopposed Motion of the Weisler Defendants[1] for the entry of an order, pursuant to Federal Rule of Evidence 502(d), the purpose of such order to give judicial protection and enforcement to the Weisler Defendants' non-waiver of privilege and protection concerning information disclosed and produced in compliance with Plaintiff's, Richard H. Weisler's, First Request for Production of Documents.  The request for production reads as follows:

REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of any and all documents evidencing communication of any kind between or among Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No.

---

[1]

The Weisler Defendants are as follows: (1) Brian A. Gilbert; (2) Law Office of Brian A. Gilbert, PLC; (3) Lawrence A. Wilson; and (4) Wilson, Druker, Grochow and Nolet.

05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case", the "emotional injury subclass", and/or the assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina.

(See Rec. Doc. 20013, Exhibit "A" at pp. 3 - 4).

Federal Rule of Evidence 502(d) states in pertinent part, "[t]he following provisions apply...to disclosure of a communication or information covered by the attorney-client privilege or work-product protection...[a] Federal Court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - - in which event the disclosure is also not a waiver in any other Federal or State proceeding." Federal Rule of Evidence 502(g) defines attorney-client privilege as "the protection that applicable law provides for confidential attorney-client communications...." Federal Rule of Evidence 502(g) defines work-product protection as "that protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial."

The Court finds good cause for the entry of an order pursuant to Federal Rule of Evidence 502(d). The request for production seeks copies of documents reflecting communications between lawyers and their experts concerning ongoing litigation in 2005-CV-4182 (i.e., the "Barge" case[2]). Also, the request for production seeks copies of documents reflecting communications between attorneys named as co-defendants in 2009-CV-2737 (i.e., the "Weisler" case). The "Barge" case is complex litigation involving

---

[2]

For clarification, 2005-CV-4182 is the docket number for the umbrella Katrina litigation in which the "Barge" case has been consolidated. The specific docket numbers of the "Barge" case are as follows: (1) 2005-CV-5531; (2) 2005-CV-5724; (3) 2006-5342; (4) 2006-CV-6299; (5) 2006-7516; (6) 2007-CV-5178.

thousands of parties and the controversy at issue in the "Weisler" case was born out of a fee dispute between various plaintiffs' attorneys in the "Barge" case and a former expert in the "Barge" case.   Accordingly, the Court anticipates the documents produced in response to Plaintiff's First Request for Production of Documents (Rec. Doc. 20013-1) to be quite voluminous and the Court anticipates the documents to reflect discussions among the Weisler Defendants and their experts concerning the "Barge" case.  The Court finds the volume and the nature of the documents at issue, the vast majority of which are e mails, make an adequate and good faith response to the request for production of documents prone to inadvertant human error.   The Court further finds that complete elimination of this human error, while feasably possible, would consume an inordinate amount of resources in the form of time and money.  In other words, the cost of performing an "airtight" privilege review will very likely be highly disproportionate considering the amount of fees at issue in the "Weisler" case.  By these findings, the Court does not relieve the Weisler Defendants of their responsibility to their clients in the "Barge" case to conduct a privilege review of the documents requested in Plaintiff's First Request for Production of Documents.  Instead the Court finds that the cost of eliminating any possible human error associated with a privilege review is too excessive considering the amount at contoversy.

The Committee notes to Federal Rule of Evidence 502(d) state in pertinent part, "[t]he rule provides a party with a predictable protection from a court-order - - predicability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention."  By the instant Motion, the Weisler Defendants seek the predictability of knowing that an inadvertant disclosure of privileged information on their part will not be construed as a waiver of the attorney-client privilege or the work-

product doctrine as those terms are defined in Federal Rule of Evidence 502(g).

For the foregoing reasons, and because the instant Motion is unopposed, the Court finds no reason why it should not give the Weisler Defendants the predictability they seek.

Accordingly, it is hereby **ORDERED** that the Weisler Defendants' Motion for Order Pursuant to Federal Rule of Evidence 502(d) is granted.  It is hereby **ORDERED** that the inadvertant disclosure of privileged information by the Weisler Defendants will not be deemed as a waiver of either the attorney-client privilege or the work-product protection in the litigation pending before this Court, as well as any other Federal or State proceeding as per Federal Rule of Evidence 502(d).  It is further **ORDERED** that the terms "attorney-client privilege" and "work-product protection" shall be, for purposes of this Order, defined as set forth in Federal Rule of Evidence 502(g).  It is further **ORDERED** that this Court maintains continuing jurisdiction for the purpose of enforcing the provisions of this Order.

The Clerk of Court is hereby **DIRECTED** to file a copy of this Order into the following proceedings: (1) 2009-CV-2737; (2) 2005-CV-5531; (2) 2005-CV-5724; (3) 2006-5342; (4) 2006-CV-6299; (5) 2006-7516; and (6) 2007-CV-5178.

Read and Signed in New Orleans, Louisiana, this _____ day of October, 2010.


_____
**JOSEPH C. WILKINSON, JR.**
**UNITED STATES MAGISTRATE JUDGE**
**EASTERN DISTRICT OF LOUISIANA**