UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| PERTAINS TO: ALL BARGE | * * * | NO. 05-4182<br>and consolidated cases |
| *Boutte v. LaFarge*  05-5531<br>*Mumford v. Ingram*  05-5724<br>*Lagarde v. LaFarge*  06-5342<br>*Perry v. Ingram*  06-6299<br>*Benoit v. LaFarge*  06-7516<br>*LaFarge v. USA*  07-5178 | * * * * * * * * | SECTION "K" (2)<br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |
| *Weisler v. Seymour, et al.*  09-2737 | * | |

### PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c) CONCERNING DOCUMENTS PRODUCED BY THE WEISLER DEFENDANTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (REC. DOC. 20013-1)

On July 15, 2010, Dr. Richard Weisler (hereinafter "Plaintiff") propounded a request for production of documents on Brian A. Gilbert; Law Office of Brian Gilbert, PLC; Lawrence A. Wilson; and Wilson, Druker, Grochow and Nolet, such persons and entities being certain members of the Barge Plaintiff's Subgroup Litigation Committee (hereinafter "Weisler Defendants")(Rec. Doc. 20013-1).

The text of the request for production reads as follows:

Please produce a copy of any and all documents evidencing communication of any kind between or among Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes,



Page 1 of 7

Dr. Howard Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case", the "emotional injury subclass", and/or the assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina. (Rec. Doc. 20013-1, Exhibit"A" at pp. 3 - 4).

The Court finds Plaintiff must set forth more than mere speculation that the documents requested might reveal useful material. *Thomas v. IEM, Inc.*, 2008 U.S. Dist. LEXIS 19186, p. 10 (M.D. La. 2008)(Citations omitted). Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense...." Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having the tendency to make the existence of any fact more probable or less probable than it would be without the evidence."

The Court further finds the request for production, on its face, appears to request information protected from disclosure by the attorney-client privilege, the work-product doctrine, and the health care provider-patient privilege. The request for production seeks copies of documents reflecting communications between lawyers and their experts concerning ongoing litigation in 2005-CV-4182 (i.e., the "Barge" case). Also, the request for production seeks copies of documents reflecting communications between attorneys named as co-defendants in 2009-CV-2737 (i.e., the "Weisler" case) concerning Richard Weisler, the Plaintiff in 2009-CV-2737. The Court has read the request for production (Rec. Doc. 20013-1) and the Court is of the opinion that the request, by the words used to draft it, appears to be designed to capture privileged and protected information.

This is a diversity case and, therefore, the Court must apply the state law of attorney-client privilege. *Kiln Underwriting, Ltd., et al. v. Jesuit High School of New Orleans*, 2008 U.S. Dist. LEXIS 1635, p. 9 (E.D. La. 2008)(Citing Fed. R. Evid. 501).

Page 2 of 7

Louisiana Code of Evidence Article 506(B) states in pertinent part:

> [a] client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication...made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is:
>
> (1) Between the client or a representative of the client and the client's lawyer or representative of the lawyer.
>
> (2) Between a lawyer and a representative of the lawyer.
>
> (3) By the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
>
> ...
>
> (5) Among lawyers and their representatives representing the same client.

Similar to the attorney-client privilege, the health care provider-patient privilege is determined according to state law in diversity cases, such as the case at bar. *U.S. ex Rel. Stewart, et al. v. The Louisiana Clinic, et al.*, 2002 U.S. Dist. LEXIS 24062, p. 6 (E.D. La. 2002)(Citing Fed. R. Evid. 501). Louisiana Code of Evidence Article 510(B)(1) states:

> [i]n a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advise, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.

Unlike the attorney-client privilege and health care provider-patient privilege in which state law applies in diversity cases, considerations of the work-product doctrine are governed by Federal law. *Kiln Underwriting, Ltd.*, 2008 U.S. Dist. LEXIS 1635, p. 11 (Citations omitted). Federal Rule of Civil Procedure 26(b)(3)(A) states in pertinent part: "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation

of litigation or for trial by or for another party or its representative (including the other party's attorney...or agent)." Federal Rule of Civil Procedure 26(b)(3)(B) states, "[i]f a court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

The Weisler Defendants have moved this Court for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) that states in pertinent part:

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending....The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, including one or more of the following:
> ...
> (B) specifying terms, including time and place, for the disclosure or discovery;
> ...
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

The Weisler Defendants represent to the Court that they will produce all currently known documents in their possession, custody, and control responsive to Plaintiff's July 15, 2010 request for production of documents with information they deem protected from disclosure redacted to preserve the attorney-client privilege, the work-product protection, and the health care provider-patient privilege. The Weisler Defendants further represent that they will produce unredacted copies of the documents to this Court for *in camera* review should Plaintiff file a motion to compel the production of unredacted copies of the documents.

The scope of discovery in this case is within the sound discretion of this Court. *Kiln*

*Underwriting*, 2008 U.S. Dist. LEXIS 1635, p. 9. (Citations omitted). This Court has authority to control the conduct of discovery is cases before it. (See e.g., Fed. Rules Civ. Proc. R. 26(b)(1)[Unless otherwise limited by court order, the scope of discovery is as follows....]; Fed. Rules Civ. Proc. R. 26(b)(2)(A) [By order, the court may alter the limits in these rules....]; Fed. Rules Civ. Proc. R. 26(b)(2)(B)[....The Court may specify conditions for the discovery.]; Fed. Rules Civ. Proc. R. 26(b)(2)(C)[...the court may limit the frequency or extent of discovery otherwise allowed by these rules....]). Further, the Court may also issue an order to forbid discovery on certain matters, specify terms of discovery, prescribe methods for conducting discovery, and limit the scope of discovery. Fed. Rules Civ. Proc. R. 26(c).

Considering the foregoing, it is hereby **ORDERED** that the Weisler Defendants' Motion for a protective order is granted.

The Weisler Defendants are hereby **ORDERED** to produce all currently known documents in their possession, control, and custody that are responsive to Plaintiff's July 15, 2010 request for production (Rec. Doc. 20013-1) to Plaintiff no later than two business days after the signing of this Order. The Weisler Defendants are hereby **ORDERED** to redact all information which they deem privileged and/or protected.

The Weisler Defendants are hereby **ORDERED** to produce a privilege log to Plaintiff no later than November 15, 2010. The privilege log shall identify, by bates number, the documents deemed by the Weisler Defendants to be privileged or protected as well as the nature of the privilege or protection asserted. If the redacted copy of the document does not identify the author of the document, the persons to whom the document was

distributed, the date of the document, and/or the subject matter of the document, then that information shall be included in the privilege log as well.

Plaintiff is hereby **ORDERED** to file a motion to compel production of any documents that he deems non-privileged no later than December 15, 2010. The motion to compel shall identify, by bates number, the documents deemed by Plaintiff to not be privileged or protected. The Plaintiff shall specify the reason for compelling the production of the unredacted version of the document, and the reason shall state the basis for relevancy on a document by document basis. A bare assertion that the document might reveal useful information shall not be considered favorably by this Court and will constitute sufficient reason for denial of Plaintiff's motion to compel.

The Weisler Defendants are hereby **ORDERED** to oppose any such motion and to produce an unredacted copy of the documents identified by bates number in Plaintiff's motion to compel to the Court for an *in camera* review no later than December 22, 2010. A copy of the Weisler Defendants' privilege log shall be attached to the documents provided to this Court for *In camera* inspection.

It is hereby **ORDERED** that all information produced in accordance with this Order must be kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation (2009-CV-2737), the parties' counsel of record, staff members employed by counsel of record, and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of this Order and submitting to the jurisdiction of this Court for enforcement of those terms.

It is hereby **ORDERED** that no documents produced in accordance with this Order shall be disclosed, produced, or discussed with any defendants in the "Barge" case bearing the following docket numbers: (1) 2005-CV-5531; (2) 2005-CV-5724; (3) 2006-5342; (4) 2006-CV-6299; (5) 2006-7516; (6) 2007-CV-5178, and any other matter or case consolidated or brought within the Barge Litigation Track. For purposes of this Order, the term "defendants" shall mean the defendant parties, including but not limited to Lafarge North America, Inc. and their insurers, their counsels of record, experts retained by the defendants' counsels of record in connection with the "Barge" case, paralegals employed by the defendants' counsels of record, secretaries and other persons or firms employed or retained by the defendants' counsels of record, and secretaries and other persons employed or retained by experts who have been retained on behalf of Defendants the "Barge" case. These prohibitions shall also apply as to all other parties and potential parties, whether plaintiff or defendant, in the other litigation tracks of the Katrina Canal Breaches umbrella, namely - but without limitation - MRGO, Robinson, Levee, First Responder, Dredge, etc.

It is hereby **ORDERED** that this Court maintains continuing jurisdiction for the purpose of enforcing the provisions of this Order.

Read, Rendered, and Signed in New Orleans, Louisiana, this _____ day of _____, 2010.

**JOSEPH C. WILKINSON, JR.**
**UNITED STATES MAGISTRATE JUDGE**
**EASTERN DISTRICT OF LOUISIANA**
