UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * * * | CIVIL ACTION<br><br>NO.   05-4182 "K"(2)<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |
| PERTAINS TO:<br><br>BEVERLY J. MEREDITH, ET AL.<br>         Plaintiff<br><br>v.<br><br>ELECTRIC INSURANCE COMPANY<br>         Defendant<br><br>C.A. No. 2:10-cv-03022-SRD-JCW | * * * * * * * * * * * * * | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**MAY IT PLEASE THE COURT:**

**INTRODUCTION**

Defendant Electric Insurance Company ("EIC") respectfully moves to dismiss the above captioned action in accordance with Fed.R.Civ. Proc. 12(b)(6). More than two years ago, the

plaintiff was ordered to file this lawsuit by May 1, 2008. Plaintiff was warned that if she failed to file this suit by that deadline, her claim "will be dismissed without further notice." *See* Exhibit C, *infra*.

This suit, which was filed in September of 2010, is clearly untimely under those prior orders of this Court and therefore, this suit should be dismissed.

## LAW APPLICABLE TO PRESENT MOTION

A leading treatise on federal practices observes that under Rule 12(b)(6), district courts possess the power to consider "matters of which the judge may take judicial notice." 5 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.).

According to the authoritative Weinstein treatise:[1]

> Courts have the power to judicially recognize their own records of prior litigation closely related to the present case. Although not required to take judicial notice, courts often recognize part of the record of the same proceeding or in an earlier stage of the same controversy. (Footnote omitted). The records that have been noticed in this context include the following:
> - Documents filed with the court. (Footnote citing numerous Fifth Circuit authorities omitted).
> - Orders and judgments of the court. (Footnote citing numerous Fifth Circuit authorities omitted).

This Court should accordingly take judicial notice of the prior orders of this Court discussed below and of the state of this Court's record.

---

[1] 1 *Weinstein's Federal Evidence*, § 201.12[3] (Matthew Bender 2d Ed.).

2

## PROCEDURAL BACKGROUND

The present suit is an outgrowth of an earlier matter, now closed, styled ***Lynn K. Bailey, et al. v. State Farm Fire and Casualty Company, et al.***, E.D. La. No. 08-941(R)(5). ***Bailey*** was a mass joinder lawsuit originally filed in the 19th Judicial District Court for the Parish of East Baton Rouge. It was filed as the prescriptive period for Katrina-based, insurance suits was about to expire. ***Bailey*** was later removed to the Middle District and then transferred to this Court. ***See*** *in globo* Exhibit A attached hereto.[2] When ***Bailey*** was transferred to this Court from the Middle District, the suit was allotted to Judge Vance. ***Id***.

Exhibit B, *in globo*, consists of selected pages from the ***Bailey*** the docket sheet in the Middle District. Exhibit B shows that while the ***Bailey*** suit was pending in the Middle District, undersigned counsel appeared on Electric's behalf to do two things: consent to the removal of ***Bailey*** and file a Corporate Disclosure Statement. ***Id***.

Exhibit B expressly shows that Beverly Meredith was a plaintiff in the removed ***Bailey*** suit. Exhibit B shows that the Middle District expressly recognized Beverly Meredith as a plaintiff in the removed action, as she indeed was, which ultimately means that the present suit is nothing more than a later stage "of the same controversy . . ." ***See*** 1 Weinstein's Federal Evidence, § 201.12[3], ***supra***.

This is thus clearly nothing more than the individual suit Judge Vance ordered Beverly Meredith to file long ago.

---

[2] Exhibit A is a copy of this Court's docket sheet in ***Bailey***. Exhibit A expressly shows that undersigned counsel appeared therein as counsel of record for defendant Electric Insurance Company.

3

The first relevant order in *Bailey* was document no. 2, attached hereto as Exhibit C. *Cf.* Fed.R.Evid. 201 (West Pamph. 2010). On February 28, 2008, *id.*, Judge Vance ordered "plaintiffs' counsel, . . . within 30 days of this Order, [to] file an amended complaint for *each* plaintiff and that plaintiff's individual property claim." *Id*. (Emphasis added).

In relevant part, Document no. 2 continued, "Any claims not timely brought before the court by amended complaint as ordered herein *will be dismissed* without further notice." *Id*. (Emphasis added).

Judge Vance extended this deadline by 30 days on March 31, 2008. *See* Exhibit D, attached hereto, i.e., document no. 10 in the *Bailey* record.

## ARGUMENT

The present suit was filed against Electric on behalf of Beverly Meredith, individually, on September 12, 2010. See Doc. No. 1.

Judge Vance's orders were explicit and unambiguous and the Rule 201 record Electric has supplied with this brief proves that Beverly Meredith was a member of the population of persons to whom Judge Vance's orders applied. *See* Exhibit B, *supra*. This brief conclusively establishes that Ms. Meredith's individual claim was supposed to have been filed in this Court by May 1, 2008 and that it was not.

**WHEREFORE,** defendant, Electric Insurance Company prays for the dismissal of the above captioned lawsuit.

        Respectfully submitted,

        *s/Alan Dean Weinberger*
        Dominic J. Gianna, #6063
        Alan Dean Weinberger # 13331
        **MIDDLEBERG, RIDDLE & GIANNA**
        201 St. Charles Avenue, Suite 3100
        New Orleans, Louisiana 70170-3100
        Telephone: (504) 525-7200
        ***Attorneys for Electric Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of October, 2010, I electronically filed the foregoing Memorandum with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter that accept service via the electronic filing system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system.

        *s/Alan Dean Weinberger*