UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| PERTAINS TO: ALL BARGE | * * * | NO. 05-4182 and consolidated cases |
| Weisler v. Seymour 09-2737 | * * | SECTION "K" (2) |
| Boutte v. Lafarge 05-5531 | * | JUDGE |
| Mumford v. Ingram 05-5724 | * | STANWOOD R. DUVAL, JR. |
| Lagarde v. Lafarge 06-5342 | * | |
| Perry v. Ingram 06-6299 | * | MAGISTRATE JUDGE |
| Benoit v. Lafarge 06-7516 | * | JOSEPH C. WILKINSON, JR. |
| LaFarge v. USA 07-5178 | * | |

**WEISLER DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S, RICHARD H. WEISLER'S, MEMORANDUM IN OPPOSITION (REC. DOC. 20110)**

**NOW COME** improperly named and joined defendant Brian A. Gilbert, Esq., improperly named and joined defendant Lawrence Wilson, Esq., the Law Office of Brian A. Gilbert, P.L.C., Wilson, Grochow, Druker and Nolet, Wiedemann and Wiedemann, and additionally, for limited purposes of intervention as respondents to discovery propounded by Plaintiff Weisler, COME the Barge Plaintiffs, the Barge Plaintiff's Subgroup Litigation Committee, by and through it members and its Liaison, Brian A. Gilbert, in his official capacity as such, and in his official capacity as Master Committee Barge Liaison, and Brian Gilbert also appearing generally as counsel on behalf of the Weisler Defendants, who respectfully reply to Plaintiff's, Richard H. Weisler's, *Memorandum on Behalf of Plaintiff,*

-1-

*Dr. Richard H. Weisler, In Opposition to Weisler Defendants' Motion for a Protective Order*

(Rec. Doc. 20110) for the following reasons:

First, Dr. Weisler fails to address in his Opposition the actual claims and defenses relevant to proof Dr. Weisler might seek through discovery.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.
>
> Fed. R. Civ. P. 26(b)(1) (in part).

Claims and defenses in this matter include: 1) whether Dr. Weisler has named individuals - other than their law corporations - as proper party defendants; 2) whether and to what level of skill and care Dr. Weisler performed the obligations he undertook by virtue of his contract with the Barge PSLC and/or its members' law corporations; 3) the terms of Dr. Weisler's billing obligations, and any such duties arising under the circumstances; 4) whether Dr. Weisler exercised or even possessed the level of knowledge and expertise he claimed to have concerning the subject matter of his assignment; 3) whether Dr. Weisler had or upheld a duty to inform his obligees that he could not perform the work or attain the objective he undertook; 4) whether Dr. Weisler's activities were warranted under the circumstances; 5) whether Dr. Weisler's activities were intended to benefit the Barge Plaintiffs or himself; 6) whether Dr. Weisler's bill and proffered back-up documentation accurately reflects his time and activities; 7) whether in the foregoing light his bill is justified and legitimate; 8) whether Dr. Weisler impaired the Barge Plaintiffs' claims for emotional damages and/or their attorneys' ability to obtain class treatment as to any of such

-2-

damages. The only email communications relevant to these questions are those to which Dr. Weisler and/or his colleagues were parties. Beyond those, the emails concern only strategic discussion among counsel of the then-unfolding hope for an emotional injury subclass, and the merits of Dr. Weisler's anticipated claims and defenses.

Indeed, Dr. Weisler's discovery request appears focused not upon the claims or defenses inherent to his breach of contract and open account claims, or the claims or defenses relevant to the original Defendants counter-suit, but upon gaining an unfair advantage through discovery of materials through a document request which on its face implicates privileged material, and through a kitchen-sink approach to discovery intended to create scandal. Couching or describing his motives otherwise does not change this reality, or bring the request within the scope allowed by Rule 26.

Second, Plaintiff represents to this Court that the e mails will show that Barge Co-Liaison Counsel Shawn Khorami directed the Weisler Defendants to not to pay Plaintiff and, supposedly, this reason supports not applying privilege. Dr. Weisler's suppositions are misguided both in the erroneous belief that contentions about Mr. Khorrami overcome privilege, and in the effort to single-out Mr. Khorrami. Co-Liaison is not vested with unilateral authority to direct such affairs. The whole of the Barge PSLC agreed, upon review of Dr. Weisler's report and bill, and upon privileged consultation with Mark Ravis, a J.D./ M.D. formerly associated with Mr. Khorrami's firm, and upon discovery of publically available mental health screening protocols not used or disclosed by Dr. Weisler, that Dr. Weisler abused his relationship with the Weisler Defendants and Barge Plaintiffs by "reinventing the wheel" and charging boundlessly for doing same, motivated primarily by

his desire for academic notoriety, rather than by a conscientious forensic approach.[1] Though Dr. Weisler dwells in his opposition upon Shawn Khorrami, the Weisler Defendants are willing to stipulate that, if the e mails were produced, they would show that the entire Barge PSLC thought Plaintiff's invoices indicated significant over-billing on the part of Plaintiff and, therefore, Mr. Khorami voiced opposition to paying Plaintiff one hundred percent (100%) of the billed invoice.[2]  However, Plaintiff, instead seeks to obtain the answer by requesting privileged documents that were authored by attorneys and circulated among attorneys for the purpose of forming a common defense to Plaintiff's clearly anticipated lawsuit.

In point of fact, whether anyone "directed" that the bills not be paid is irrelevant.  It is undisputed that the bills have not been paid. The reasons for the dispute relevant to the original defenses and to the counter-suit should be discoverable, but not through privileged communications.  Dr. Weisler claims falsely to be unable to obtain this information in any manner other than through the privileged email communications.  The information - to the extent not privileged - is available through deposition, wherein it is predicted that the original Defendants will not mince words when discussing how Dr. Weisler's own breaches

---

[1] Indeed, Judge Duval is aware of the Barge Plaintiffs' position that in order to provide the best representation to the Barge Plaintiffs, the PSLC's financial resources must be borne in mind and prudently conserved.  Record Doc. 19835.  Dr. Weisler's demands strike a contrasting chord.

[2] In fact, the Weisler Defendants and Barge PSLC have paid over Three Million Dollars (probably closer to Five Million) to the Plaintiffs' experts in the Barge Litigation, and for other litigation costs.  This includes other experts whose work product, like Dr. Weisler's, has not calculated into the prosecution of the Barge Case for strategic or other reasons.  Dr. Weisler has not been arbitrarily singled out, but is unique in having committed acts and made demands that run counter to the Weisler Defendants duties to their Barge Plaintiff-clients.  Still the Weisler Defendants do not contend that Dr. Weisler did *nothing* he was tasked to do.  In the final analysis, however, and in light of the defenses and counter-claims at issue, he is simply not entitled to anything near what he seeks, and efforts to find common ground have been unsuccessful.

factor into the defenses and counter-claims herein. This information, however, does not warrant Dr. Weisler's sifting through attorney-client communications and attorney work product in anticipation of Dr. Weisler's lawsuit.

Third, in his Opposition, Plaintiff avoids addressing the actual language in his request for production because the request reads as follows:

REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of any and all documents evidencing communication of any kind between or among Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case", the "emotional injury subclass", and/or the assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina.

(Rec. Doc. 20013-1, Exhibit "A" at pp. 3 - 4).  Plaintiff cannot seriously argue that this request for production, by its very language, does not seek - ***on its face*** - the production of information containing information protected by the attorney-client privilege, the work-product doctrine, or the health care provider-patient privilege.  By propounding this request for production and then representing to this Court that he does not want privileged information, Plaintiff is clearly saying one thing and doing another.[3]

By way of example, Dr. Weisler's document request does not - ***by its own terms*** - exclude medical information other than that which Dr. Weisler and his colleagues generated about the Barge Plaintiffs. Only now does Dr. Weisler clarify this point, but the

---

[3]Despite his opposition here, Plaintiff nonetheless grants that privileged information exists.  See the Defendants Fed. R. Evid. 502 "clawback" motion granted after Plaintiff certified that he was unopposed.

request remains as originally worded.  In reply, the Weisler Defendants and other proponents of a Protective Order agree that in response to an amended records request specifying only this subset of medical (or mental health) information, the proponents of the Protective Order would authorize Dr. Weisler to obtain any such information from the other members of mental health evaluation group Drs. Weisler and Townsend assembled, in whose possession the requested information - upon information and belief - now resides. However, this information is absolutely privileged in the context of the underlying Barge Litigation.  That is, unless and until the Barge Plaintiffs place this information at issue through resumption of mental health damages claims such as those abandoned due to Dr. Weisler's unfortunate failures in his duties, Lafarge has no right whatsoever to obtain any such information.  Appropriate safeguards must be in place.

Fourth, though Dr. Weisler refuses in his opposition to recognize attorney-client privilege, he fails in his Opposition to address how or why documents that clearly evidence communications between attorneys of their mental impressions as to legal strategies or theories in the "Barge" litigation and the "Weisler" litigation are not afforded the protections of the attorney-client privilege and the work-product doctrine. All of the documents at issue were authored by and addressed to attorneys who are either representing the plaintiffs in the "Barge" litigation or attorneys who are defendants in the "Weisler" litigation, or both. To explain further, the e mails in question were ***authored by attorneys in the course and scope of representing themselves and giving each other legal advice in anticipation of litigation*** with the Plaintiff.  It is only natural that attorneys would be heavily involved in their own defense.  The Weisler Defendants also anticipated correctly that the expense of

-6-

paying outside counsel might one day impact them, and tried to do as much for themselves in order to stave off this eventuality.  The Weisler Defendants have therefore, and for other reasons, been at times self-represented, at times represented by their co-defendants, at times represented by outside counsel, and at times represented by members of the Barge PSLC not named in Weisler's suit.  Representation includes not only appearances on the record, but the formulation of strategies and giving of legal advice. Anytime a person seeks advice of counsel, whether an ongoing relationship is formed or not, and regardless of whether there is an appearance on the record,  the information exchanged is privileged.

Louisiana caselaw provides that formal enrollment as counsel of record is not the only means of making an appearance of record on behalf of clients in Louisiana courts or between opposing parties.  "Neither the Code of Civil Procedure nor the Revised Statutes require that an attorney must file a motion in order to be recognized as counsel of record for a client." **State through DOTD v. Scramuzza**, 594 So.2d 517 (La. App. 5 Cir. 1/31/92). "We find no requirement in the law that an attorney file a motion in order to become 'counsel of record'; rather, we conclude, any time an attorney signs a pleading he becomes a 'counsel of record.'" *Id*. "An appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record." Perkins v. Carter, 30 So.3d 862, 09-673 (La.App. 5 Cir. 12/29/09) citing **Poret v. Billy Ray Bedsole Timber Contractor, Inc**., 31,531, p. 2 (La.App. 2 Cir. 1/22/99), 729 So.2d 632, 633, citing, La. C.C.P. art. 1671. Such activities have been extensive in the Weisler Litigation. Please see Record Docs. 17992, 17994, 17995, 17996, 18004, 18061, 18450, 20037, 20050, 20086, 20087, 20101

(withdrawal of Lobman, Carnahan and Batt due to and describing extensive self-representation by Weisler Defendants), and 20102.

Plaintiff can not seriously argue or believe that e mails authored by attorneys and circulated among attorneys, all members of the PSLC and all responsible to the Barge Plaintiffs who may have to bear litigation expenses, do not contain legal advice intended to be offered among themselves ***with an expectation*** that the e mails remain protected and confidential. Plaintiff seeks an unfair, unjust, and illegal advantage in the "Weisler" litigation by obtaining the e mails. The several e mails attached by Plaintiff to his Opposition clearly demonstrate that they concern legal strategies or theories in either the "Barge" litigation or the "Weisler" litigation, and serve only to weaken Dr. Weisler's own claims about their exclusion from any protection of privilege.

Finally, Plaintiff's counsel represents that he forwarded a proposed protective order to the Weisler Defendants. This contention is true. However, Plaintiff's counsel fails to mention that the protective order he forwarded to the Weisler Defendants was not specific to this case. Frankly, Plaintiff's "proposed protective order" looks like it was simply copied from a completely unrelated case without any case-specific edits whatsoever. The Weisler Defendants respectfully submit that the act of sending a boiler-plate protective order is not a good-faith attempt to draft a proper protective order in this litigation, especially in light of the odd wording of Plaintiff's request for production.

**CONCLUSION**

Plaintiff's request for production amounts to a thinly veiled attempt to obtain an "insider's look" into the legal strategies and theories authored and received by defendants

-8-

in this case, all of whom are either attorneys and law firms. The exhibits attached to Plaintiff's Opposition clearly show as much. The defendant attorneys in this litigation must be able to communicate between themselves to form a common legal defense to Plaintiff's law suit without harassment or interference by opposing counsel. Plaintiff's request for production, on its face, requests privileged and protected information. Likewise, Plaintiff's effort to obtain privileged attorney-client communications and mental impressions cannot be allowed to wreak collateral damage upon the Barge Plaintiffs' rights. Plaintiff's counsel has not made a good-faith attempt to draft a proposed protective order. For these reasons, and for the reasons set forth in the Weisler Defendants' Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c), this Honorable Court should consider the entry of the Weisler Defendants' proposed protective order, which will allow an orderly and fair discovery process to proceed concerning the e mails at issue.

Respectfully Submitted:


**BEST   KOEPPEL   TRAYLOR**

**/s/ Peter S. Koeppel**
Peter S. Koeppel (LSBA # 1465)
W. Scarth Clark (LSBA # 22993)
Jonathan H. Adams (LSBA # 29061)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
peterklaw@aol.com
sclark@bestkoeppel.com
jadams@bestkoeppel.com

*Attorneys for Brian A. Gilbert, Esq., Lawrence Wilson, Esq.,*

-9-

*Law Office of Brian A. Gilbert, P.L.C., Wilson, Druker, Grochow and Nolet, and Wiedemann and Wiedemann*

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
Brian A. Gilbert (21297)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com,

*Counsel for Barge Plaintiffs, Barge Plaintiff Liaison, Barge Liaison to Master Committee, and co-counsel for Weisler Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served on all counsel of record via ECF upload, this 7th day of November, 2010.

*/s/ Brian A. Gilbert*