MINUTE ENTRY
WILKINSON, M.J.
NOVEMBER 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES             CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                    NO. 05-4182 "K"(2)

PERTAINS TO: BARGE                                    JUDGE DUVAL
   Weisler v. Seymour, 09-2737                 MAG. WILKINSON

## HEARING AND ORDER ON MOTION

APPEARANCES:   Andrew C. Wilson, representing plaintiff; Brian Gilbert and Jonathan Adams, representing defendants

MOTION:   Weisler Defendants' Motion for a Protective Order, Record Doc. No. 20096

O R D E R E D:

XXX : DEFERRED.  IT IS ORDERED that plaintiff's counsel, Andrew Wilson, must review his file and report to defendants' counsel and my office as soon as possible the date when Dr. Weisler retained Mr. Wilson to represent him.

    IT IS FURTHER ORDERED that, no later than noon on Tuesday, November 16, 2010, defendants must provide to my office and plaintiff's counsel a supplemental written response to plaintiff's Request for Production No. 1, signed pursuant to Fed. R. Civ. P. 26(g), which states clearly that defendants have produced to plaintiff (1) unredacted copies of all responsive materials dated on or before August 15, 2008 (when

MJSTAR:  0 :45

defendants terminated Dr. Weisler's services), and (2) copies of all responsive materials dated after August 15, 2008 until the date when Dr. Weisler retained counsel, except that some of these materials have been redacted based on defendants' assertion of the attorney-client privilege and/or work product doctrine and/or medical privacy protection; all subject to the protective order that will be entered in this matter before that date.

IT IS FURTHER ORDERED that, no later than noon on Tuesday, November 16, 2010, defendants must provide to me for in camera review unredacted copies of all responsive materials dated after August 15, 2008 until the date when Dr. Weisler retained counsel that defendants have withheld from production based on their assertion of the attorney-client privilege and/or work product doctrine.

The parties stipulated that plaintiff does not seek and defendants will not produce any responsive materials dated after Dr. Weisler retained counsel.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE