UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION * * NO. 05-4182 * and consolidated cases |
| PERTAINS TO: ALL BARGE | * * SECTION "K" (2) |
| *Boutte v. LaFarge*   05-5531 *Mumford v. Ingram*   05-5724 *Lagarde v. LaFarge*   06-5342 *Perry v. Ingram*   06-6299 *v. LaFarge*   06-7516 *LaFarge v. USA*   07-5178 | * * * JUDGE * STANWOOD R. DUVAL, Benoit * JR. * |
| *Weisler v. Seymour, et al.*   09-2737 | * MAG. * JOSEPH C. WILKINSON, * JR. |

**RESPONSE BY CERTAIN PARTIES AND OTHERS TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF, RICHARD H. WEISLER, TO DEFENDANTS, RICHARD T. SEYMOUR, ESQ., RICHARD T. SEYMOUR, P.L.L.C., ALAN L. FUCHSBERG, ESQ., THE JACOB D. FUCHSBERG LAW FIRM, BRIAN A. GILBERT, ESQ., LAW OFFICE OF BRIAN A. GILBERT, P.L.C., WIEDEMANN & WIEDEMANN, P.L.C., LAWRENCE WILSON, ESQ., WILSON, GROCHOW, DRUKER AND NOLET**

NOW COME improperly named and joined defendant Brian A. Gilbert, Esq., improperly named and joined defendant Lawrence Wilson, Esq., Law Office of Brian A. Gilbert, P.L.C., Wilson, Grochow, Druker and Nolet, and additionally, for limited purposes of intervention as respondents to discovery propounded by Plaintiff Weisler, COME the Barge Plaintiffs, the Barge Plaintiff's Subgroup Litigation Committee, by and through it members and its Liaison, Brian A. Gilbert, in his official capacity as such, and in his official capacity as Master Committee Barge Liaison, who respond as follows to the First Request for Production of Documents Propounded by Plaintiff, Richard H. Weisler:

```
___Fee _____
___Process _____
_x_Dktd _____
___CtRmDep ____
___Doc. No. ____   Weisler Def 4
```

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a copy of any and all documents evidencing communication of any kind between or among Defendants related to mental health care professionals and/or to experts, contacted during the pendency of CA No. 05-4182, including, Dr. Richard Weisler, Dr. Mark Townsend, Dr. Jill Hayes, Dr. Howard Osofosky, Dr. Joy D. Osofosky, Dr. Phillip Griffin and/or other medical experts who worked with or for the Defendants with the "Barge Case", the "emotional injury subclass", and/or the assessment of mental health issues, injuries and/or damages sustained by any Plaintiffs resulting from Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

1. Defendants and Respondents object to the Request to the extent that it requires Defendants to speculate or assume facts.

2. Defendants and Respondents object to the Request to the extent that it presumes that Defendants bear the burden of proving any amounts of money claimed by Plaintiff herein.

3. Defendants and Respondents object to Request to the extent that it that seeks a response as to any individual persons improperly named defendant herein, because, *inter alia* and without limitation, determination of whether the legal limited liability status of the lawfirms is to be disregarded is a question of law that is not resolved by the Court, anything to the contrary notwithstanding, and further, in that requiring a response of the individuals requires Defendants and Respondents to assume facts.

4. Defendants and Respondents object to the Request to the extent that, in the context of the Barge Plaintiffs' litigation against Lafarge, and/or in the context of Plaintiff Weisler's litigation against the Weisler Defendants, calls for revelation of attorney work product,

attorney mental impressions, trial preparation materials, matters subject of attorney-client privilege, matters subject of joint-defense privilege, Protected Health Information as defined by PL 104-191 and any amendments thereto and/or legal, judicial and/or governmental interpretations thereof, and to the extent that the Requests call for production of materials subject of protection from disclosure by prior Orders of this Court in the Katrina Canal Breaches umbrella.

5. Defendants have provided responses based on information currently available, and reserve the right to supplement and/or amend any or all responses upon receipt or awareness of new or additional information upon which a response can be formulated. Defendants and Respondents waive no rights by Defendant's responding to the best of their present ability.

6. Defendants and Respondents further object to the Request in that it is overbroad, unduly burdensome, and is not reasonably calculated, or reasonably restricted in time or scope, to lead to discovery of evidence admissible in any trial of this matter.

7. Further, Defendants and Respondents object in that the Request exceeds the permissible scope of discovery in that it relates neither to a defense or claim in this matter.

9. Further Defendants and Respondents object in that the Request is misleading and argumentative.

10. Defendants and Respondents object to the extent that the Request seeks information or documents that are not in Defendants' possession, custody, or control.

11. Defendants' and Respondents objections as set forth herein are based on information now known to Defendants' and their attorneys, and are made without prejudice to Defendants' right to assert additional objections should Defendants discover additional grounds for

objections. That Defendants have responded to any request for production is not intended and shall not be construed to be a waiver by Defendants of any objection to any request for production.

12. Defendants and Respondents object to each and every request for production to the extent that it seeks information equally available to the Plaintiff.

*Subject to and without waiver of any objections, Defendants and Respondents state as follows:*

Please see documents produced herewith as:

BargePSLC/WeislSeym/Unred/PreReport000001 through
BargePSLC/WeislSeym/Unred/PreReport000629;

BargePSLC/WeislSeym/Unredact/PostReport000001 through
BargePSLC/WeislSeym/Unredact/PostReport000131;

BargePSLC/WeislSeym/Redact/RTSMemo000001 through
BargePSLC/WeislSeym/Redact/RTSMemo000027;

BargePSLC/WeislSeym/Redact/PreReport000001 through
BargePSLC/WeislSeym/Redact/PreReport000183;

BargePSLC/WeislSeym/Redact/PostReport000001 through
BargePSLC/WeislSeym/Redact/PostReport000054;

Defendants will provide a privilege log as to redactions and as to documents withheld.

Defendants reserve the right to supplement.

Respectfully submitted,

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
Brian A. Gilbert (21297)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000

Facsimile: (504) 524-1024
E-mail: bgilbert@briangilbertlaw.com,
bgilbert@bestkoeppel.com

*Counsel for Barge Plaintiffs, Barge Plaintiff Liaison, Barge Liaison to Master Committee*

**BEST KOEPPEL TRAYLOR**

*/s/ Peter S. Koeppel*
Peter S. Koeppel (LSBA # 1465)
W. Scarth Clark (LSBA # 22993)
Jonathan H. Adams (LSBA # 29061)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
peterklaw@aol.com
sclark@bestkoeppel.com
jadams@bestkoeppel.com

*Attorneys for Brian A. Gilbert, Esq., Lawrence Wilson, Esq., Law Office of Brian A. Gilbert, P.L.C., and Wilson, Druker, Grochow and Nolet*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon counsel for Richard H. Weisler via electronic mail and/or United States Mail, and/or By Hand Delivery, this 18th day of October, 2010.

*/s/Peter S. Koeppel*