U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  DEC - 3 2010
LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**FILED**
November 11, 2010

Lyle W. Cayce
Clerk

No. 09-31071

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:06-CV-1672
D.C. Docket No. 2:06-CV-1673
D.C. Docket No. 2:06-CV-1674

IN RE: KATRINA CANAL BREACHES LITIGATION

---

GLADYS CHEHARDY; CHUCK MORRIS; DAY MORRIS; SPENCER FALOU; HEATHER FALOU; ET AL,

    Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY.; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; AMERICAN INSURANCE COMPANY; LAFAYETTE INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; CHUBB CUSTOM INSURANCE COMPANY; AAA HOMEOWNERS AUTO CLUB FAMILY INSURANCE COMPANY; LOUISIANA CITIZENS PROPERTY INSURANCE CORP; LEXINGTON INSURANCE COMPANY; ENCOMPASS INSURANCE COMPANY OF AMERICA; AEGIS SECURITY INSURANCE COMPANY; GREAT NORTHERN INSURANCE COMPANY; HANOVER INSURANCE COMPANY; STANDARD FIRE INSURANCE COMPANY,

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

## JUDGMENT

\_\_ Fee _____
\_\_ Process \_\_\_\_
X Dktd _____
\_\_ CtRmDep \_\_\_
\_\_ Doc. No. \_\_\_

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE:

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Lyna R. Martin_
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2010

No. 09-31071

Lyle W. Cayce
Clerk

IN RE: KATRINA CANAL BREACHES LITIGATION

---

GLADYS CHEHARDY; CHUCK MORRIS; DAY MORRIS; SPENCER FALOU; HEATHER FALOU; ET AL,

            Plaintiffs-Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY.; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; AMERICAN INSURANCE COMPANY; LAFAYETTE INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; CHUBB CUSTOM INSURANCE COMPANY; AAA HOMEOWNERS AUTO CLUB FAMILY INSURANCE COMPANY; LOUISIANA CITIZENS PROPERTY INSURANCE CORP; LEXINGTON INSURANCE COMPANY; ENCOMPASS INSURANCE COMPANY OF AMERICA; AEGIS SECURITY INSURANCE COMPANY; GREAT NORTHERN INSURANCE COMPANY; HANOVER INSURANCE COMPANY; STANDARD FIRE INSURANCE COMPANY,

            Defendants-Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4182

---

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

No. 09-31071

PER CURIAM:[*]

Plaintiffs-Appellants, who are policy holders of the various insurance company defendants, appeal following the district court's grant of a motion to strike class action allegations and subsequent dismissal of Plaintiffs' case. When the Plaintiffs declined the opportunity to refile their claims as individual actions, the district court dismissed. The claims stem from the Hurricane Katrina disaster in Louisiana. Plaintiffs sought, *inter alia*, certification of statutory penalty claims for the Defendants' alleged bad faith in adjusting their Katrina-related insurance claims. The district court held that class certification was improper because the claims required an analysis of myriad individualized, fact-specific issues. We AFFIRM.

The district court's denial of class certification is reviewed for an abuse of discretion, but we review the legal standards employed by the court de novo. *See Archdiocese of Milwaukee Supporting Fund, Inc. v. Halliburton Co.*, 597 F.3d 330, 334 (5th Cir. 2010).

"All classes must satisfy the four baseline requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008); see FED. R. CIV. P. 23. In addition, a putative class must also be one of the three types of class actions listed in Rule 23(b). *See Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). The issue in this appeal is whether the Plaintiffs' proposed class satisfied Rule 23(b)(3), which requires the court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members[.]" FED. R. CIV. P. 23(b)(3). The predominance inquiry is more demanding than the Rule 23(a) question of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

commonality. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003). The court must assess "how the matter will be tried on the merits, which 'entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class.'" *In re Wilborn*, 609 F.3d 748, 755 (5th Cir. 2010) (citation omitted).

The Plaintiffs' underlying claims in this case are based on the Defendants' duties under state law to pay or make written offer to settle claims within thirty days after receipt of satisfactory proof of loss. *See* LA. REV. STAT. ANN. § 22:658 (now codified at LA. REV. STAT. ANN. § 22:1892). A cause of action for statutory penalties for violation of § 22:658 "requires a showing that (1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 2008). Penalties may not be assessed unless "the facts negate probable cause for nonpayment." *Id.* at 1114 (internal quotation marks and citation omitted). This standard requires an assessment of the reasonableness of the defendant insurer's conduct, and "when there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause." *Id.*

The district court held, and we agree, that class certification is not appropriate in this case because each Plaintiff's claim turns on the reasonableness of the Defendants' conduct in deciding whether to make payments to each individual Plaintiff. Such a determination is a fact-specific inquiry that will vary based on the individualized circumstances of each claim. Plaintiffs contend that the Defendants' bad faith may be adjudicated on a class-wide basis because they have alleged an over-arching scheme among the

3

Defendants with respect to adjusting Hurricane Katrina claims. But even in the face of such a scheme, individualized issues will predominate, such as the nature and extent of a class member's damage, whether and how much a class member was paid and for what type of damage, and whether any payment was sufficient and timely. There will also be issues as to whether the class member fulfilled his duty to timely notify the insurer of the claim and whether there was sufficient proof of loss. All of these individual inquiries will be part of the overall determination of whether the insurer acted arbitrarily and capriciously, and therefore defeat class certification. *See, e.g., Maldonado*, 493 F.3d at 525 (holding that class certification not appropriate where reasonableness of medical fees charged to class members depended on multiple factors).

Plaintiffs contend that the reasonableness of Defendants' actions may be determined on a class-wide basis by focusing on a minimal standard of conduct under state law rather than merely the desired conduct of the insurers. We are unpersuaded. As noted by the district court, Plaintiffs' distinction between these purported standards for reasonableness is not supported by legal authority. Moreover, the Louisiana Supreme Court has defined the necessary inquiry into reasonableness as dependent "on the facts known to the insurer at the time of its action." *La. Bag*, 999 So. 2d at 1114. This inquiry will necessarily involve detailed and individualized considerations of each class members' claim. Furthermore, because the state law provides an adequate basis for consideration of the case, Plaintiffs' request for certification of the issues in this appeal to the Louisiana Supreme Court fails. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 208 n.11 (5th Cir. 2007).

Plaintiffs also argue that certification is proper in order to avoid a disparity between the federal courts and the Louisiana state courts, which have permitted similar class actions. Federal class action certification is controlled by federal procedural rules, notwithstanding state law. *See Shady Grove*

4

*Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010). Because Rule 23 governs the instant actions, and we conclude that the district court correctly applied the rule, reliance on state court decisions in support of certification is unavailing.

Finally, Plaintiffs argue that the district court erroneously denied their request to order Defendants to notify individual policyholders of the district court's decision and the existence of their individual rights. They contend that the court was empowered to order such notice by FED. R. CIV. P. 23(d)(1)(B). Even assuming that the district court had the power to issue such an order, which we do not decide, there is nothing that requires the court to order notice of the denial of class certification, and we find no abuse of discretion in the court's refusal to do so. *See, e.g., Pearson v. Ecological Science Corp.*, 522 F.2d 171, 177 (5th Cir. 1975) ("[W]here a court has ruled under Rule 23(c)(1) that an action cannot properly be maintained as a class action the notice requirements of Rule 23(e) do not apply . . . ."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 2153 (1974) ("The usual rule is that a plaintiff must initially bear the cost of notice to the class.").

AFFIRMED.

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

December 03, 2010

Ms. Loretta Whyte
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 09-31071,  In Re: Katrina Canal, et al
    USDC No. 2:05-CV-4182
    USDC No. 2:06-CV-1672
    USDC No. 2:06-CV-1673
    USDC No. 2:06-CV-1674

Enclosed, for the Eastern District of Louisiana, New Orleans only, is a copy of the judgment issued as the mandate.

Enclosed, for the Eastern District of Louisiana, New Orleans only, is a copy of the court's opinion.

Record/original papers/exhibits to be returned.

    Sincerely,

    LYLE W. CAYCE, Clerk

    *Gina Randazzo Martin*
    By: _____
    Gina Randazzo Martin, Deputy Clerk
    504-310-7687

cc: (letter only)
    Mr. Wystan Michael Ackerman
    Ms. Judy Y. Barrasso
    Mr. Joseph M. Bruno
    Mr. Stephen Glenn Bullock
    Mr. Charles Louis Chassaignac IV
    Mr. Lawrence J. Duplass
    Honorable Stanwood R. Duval Jr.
    Mr. Norval Francis Elliot III
    Mr. Calvin Clifford Fayard Jr.
    Mr. Richard L. Fenton
    Mr. Alan Scott Gilbert
    Ms. Lauren E. Godshall

```
        Mr. Ralph S. Hubbard III
        Mr. Kevin Peter Kamraczewski
        Ms. Melanie L. Katsur
        Mr. Wayne Joseph Lee
        Mr. Steven M. Levy
        Mr. Daniel Winthrop Nelson
        Mrs. Maura Z. Pelleteri
        Mr. H Minor Pipes III
        Mr. Emile C. Rolfs III
        Mr. Seth Andrew Schmeeckle
        Mr. Robert I Siegel
        Mr. Steven W. Usdin
        Mr. John W Waters Jr.
        Mr. Edward Robert Wicker Jr.
```

P.S. to Judge Duval: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1