UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES <br> CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION NO.: 05-4182 <br><br> SECTION "K" |
| PERTAINS TO:     C. Abadie, 06-5164 | * <br> * | Judge Stanwood R. Duval, Jr. |
| This pleading applies only to the claim of Sylena Davis <br> regarding 7737-39 Haney Drive, New Orleans, LA 70128 | * <br> * <br> * | MAGISTRATE (2) <br> Magistrate Joseph C. Wilkinson, Jr. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### EX PARTE MOTION FOR LIMITED REOPENING OF CASE FOR THE PURPOSE OF FILING A MOTION FOR LEAVE TO FILE CROSSCLAIM IN INTERPLEADER AND A MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT

**MAY IT PLEASE THE COURT:**

This motion and accompanying supporting filings pertain only to the claims of Sylena Davis. The parties to this suit have reached a settlement agreement. There are no issues of material fact related to the original suit before this court. The parties attempted to perfect the settlement, however, several issues have developed that have precluded Lexington from disbursing the funds. Lexington now reasonably believes that there are at least four stakeholders that may have an interest in the settlement proceeds: the insured, counsel for insured, The State of Louisiana Road Home Program, and the mortgage company that appears on the policy's declaration sheet. Lexington is a mere

disinterested stakeholder who wishes to disburse settlement funds in accordance with the settlement agreement with Ms. Davis. It would be improper for Lexington to unilaterally dictate the amount to disburse between the suspected stakeholders. Such an action would almost certainly result in additional litigation alleging that Lexington acted to the detriment of a stakeholder. This Court may determine which stakeholders have a valid interest in the settlement funds in question. Lexington believes that the Court's assistance in bringing this matter to a full and final conclusion is in the interests of judicial efficiency. Lexington's position is more fully set forth in the companion motions for leave to file a crossclaim in interpleader and leave to deposit funds into the registry of the court.

**WHEREFORE**, Lexington prays that this court reopen this matter for the limited purpose of considering Lexington's Motion for Leave to File Crossclaim in Interpleader and Motion For Leave To Deposit Funds Into Registry of The Court.

Respectfully submitted;

/s/ Robert I. Siegel
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
DANIEL G. RAUH (# 27280)
ERIC C. WALTON (# 29471)
GIEGER, LABORDE & LAPEROUSE, LLC
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
E-mail:      Rsiegel@glllaw.com
             Ewalton@glllaw.com
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 31st day of January, 2011.

    Joseph M. Bruno, Esq.
    Melissa DeBarbieris, Esq.
    **LAW OFFICE OF JOSEPH M. BRUNO, APLC**
    855 Baronne Street
    New Orleans, Louisiana 70113
    **ATTORNEYS FOR PLAINTIFF,**
    **SYLENA DAVIS**

                                                */s/* Robert I. Sigel
                                               ROBERT I. SIEGEL