## PUBLIC MATTER

*ORIGINAL*

*CONFIDENTIAL*

(Do not write above this line.)

### State Bar Court of California
### Hearing Department
### Los Angeles
### PROGRAM FOR RESPONDENTS WITH SUBSTANCE ABUSE OR MENTAL HEALTH ISSUES

| Counsel For The State Bar | Case Number (s) | (for Court's use) |
|---|---|---|
| **DAVID SAUBER**<br>**Deputy Trial Counsel**<br>**Bar #176554**<br><br>**JAYNE KIM**<br>**Assistant Chief Trial Counsel**<br>**Bar #174614**<br><br>Office of the Chief Trial Counsel<br>**1149 S. Hill Street**<br>**Los Angeles, CA 90015**<br>**213-765-1000**<br><br>Bar # | 04-C-12303<br><br>**LODGED**<br>JUL 16 2007<br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES | **FILED**<br>SEP 30 2010<br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| Counsel For Respondent | | |
| **JOANNE E. ROBBINS**<br>**9200 Sunset Blvd. PH7**<br>**Los Angeles, CA 90069**<br>**310-887-3900**<br>**Bar# 82352**<br><br>**JACK J. QUINN**<br>**777 S. Figueroa Ave., 44Floor**<br>**Los Angeles, CA 90017**<br>**213-243-4000**<br>**Bar #29588**<br><br>Bar # | Submitted to:<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW<br><br>☐ PREVIOUS STIPULATION REJECTED | |
| In the Matter Of:<br>**PIERCE HENRY O'DONNELL**<br><br>Bar # 81298<br><br>A Member of the State Bar of California<br>(Respondent) | | |

**Note:  All information required by this form and any additional information which cannot be provided in the space provided, must be set forth in an attachment to this stipulation under specific headings, e.g., "Facts," "Dismissals," "Conclusions of Law," "Supporting Authority," etc.**

## A. Parties' Acknowledgments:

(1)     Respondent is a member of the State Bar of California, admitted **October 12, 1978.**

(Stipulation form approved by SBC Executive Committee 9/18/2002.  Rev. 12/16/2004.)

Program

kwiktag®   035 131 888

### Exhibit "B"

(Do not write above this line.)

(2)    The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition (to be attached separately) are rejected or changed by the Supreme Court. However, if Respondent is not accepted into the Lawyer Assistance Program, this stipulation will be rejected and will not be binding on the Respondent or the State Bar.

(3)    All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated, except for Probation Revocation proceedings. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation consists of **7** pages, excluding the order.

(4)    A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

(5)    Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law".

(6)    No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(7)    Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7 and will pay timely any disciplinary costs imposed in this proceeding.

## B. Aggravating Circumstances [for definition, see Standards for Attorney Sanctions for Professional Misconduct, standard 1.2(b)]. Facts supporting aggravating circumstances are required.

(1)    ☐   **Prior record of discipline** [see standard 1.2(f)]

    (a)   ☐   State Bar Court case # of prior case

    (b)   ☐   Date prior discipline effective

    (c)   ☐   Rules of Professional Conduct/ State Bar Act violations:

    (d)   ☐   Degree of prior discipline

    (e)   ☐   If Respondent has two or more incidents of prior discipline, use space provided below:

(2)    ☐   **Dishonesty:**  Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.

(3)    ☐   **Trust Violation:**  Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4)    ☐   **Harm:**  Respondent's misconduct harmed significantly a client, the public or the administration of justice.

(5)    ☐   **Indifference:**  Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(Stipulation form approved by SBC Executive Committee 9/18/2002.  Rev. 12/16/2004.)

Program

2

(Do not write above this line.)

(6)  ☐  **Lack of Cooperation:**  Respondent displayed a lack of candor and cooperation to victims of his/her misconduct or to the State Bar during disciplinary investigation or proceedings.

(7)  ☒  **Multiple/Pattern of Misconduct:**  Respondent's current misconduct evidences multiple acts of wrongdoing or demonstrates a pattern of misconduct.  **See Stip Attachment, page 5.**

(8)  ☐  **No aggravating circumstances** are involved.

**Additional aggravating circumstances:**


## C. Mitigating Circumstances [see standard 1.2(e)]. Facts supporting mitigating circumstances are required.

(1)  ☐  **No Prior Discipline:**  Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2)  ☒  **No Harm:**  Respondent did not harm the client or person who was the object of the misconduct.

(3)  ☒  **Candor/Cooperation:**  Respondent displayed spontaneous candor and cooperation with the victims of his/her misconduct and to the State Bar during disciplinary investigation and proceedings.  **See page 4.**

(4)  ☒  **Remorse:**  Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.  **See page 4.**

(5)  ☐  **Restitution:**  Respondent paid $          on          in restitution to          without the threat or force of disciplinary, civil or criminal proceedings.

(6)  ☐  **Delay:**  These disciplinary proceedings were excessively delayed.  The delay is not attributable to Respondent and the delay prejudiced him/her.

(7)  ☐  **Good Faith:**  Respondent acted in good faith.

(8)  ☒  **Emotional/Physical Difficulties:**  At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish was directly responsible for the misconduct.  The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.  **See page 4.**  *PARAGRAPH 4. ptt*

(9)  ☐  **Severe Financial Stress:**  At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10)  ☐  **Family Problems:**  At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(11)  ☒  **Good Character:**  Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.  **See page 4.**

(12)  ☐  **Rehabilitation:**  Considerable time has passed since the acts of professional misconduct occurred followed by convincing proof of subsequent rehabilitation.

(13)  ☐  **No mitigating circumstances** are involved.

<u>(Do not write above this line.)</u>

**Additional mitigating circumstances:**

1.   Respondent has no prior record of discipline in approximately 29 years of practice.

 2.   Respondent displayed spontaneous candor and cooperation with the State Bar and with the ~~aforementioned~~ donors.  Prior to the filing of this case, Respondent contacted the State Bar and admitted the facts of the misconduct.  Respondent also kept the State Bar informed of his criminal proceedings.

3.   Respondent demonstrated remorse and recognition of his wrongdoing by cooperating with law enforcement and by paying for the legal fees incurred by the aforementioned donors in relation to Respondent's misconduct.

4.   As established by a medical expert, Respondent suffered extreme emotional difficulties, at the time of the stipulated misconduct, which were directly responsible for the misconduct.

5.   Respondent's good character has been attested to by a wide range of references in the legal and general communities who are aware of the full extent of his misconduct.

6.   Respondent has demonstrated a history of charitable work and contributions, spanning more than a decade.

## ATTACHMENT TO

## STIPULATION RE FACTS, CONCLUSIONS OF LAW ~~AND DISPOSITION~~ *PHO*

IN THE MATTER OF:     PIERCE H. O'DONNELL

CASE NUMBER(S):      04-C-12303

**FACTS AND CONCLUSIONS OF LAW.**

Respondent admits that the following facts are true and that he is culpable of violations of the specified statues and/or Rules of Professional Conduct.

### Facts for Case No. 04-C-12303

1.     Respondent has been a member of the State Bar since October 12, 1978.

2.     In 2000, Respondent pledged to raise $50,000 in political contributions to then Los Angeles Mayor James Hahn.

3.     Respondent made several attempts to raise the money by engaging in a mass mailing effort to friends/colleagues, making personal appeals to potential donors, and arranging a luncheon for individuals to meet personally with Hahn. Despite these efforts, however, Respondent was unable to raise $50,000.

4.     In May 2000, Respondent told his assistant that he would reimburse staff members for contributions to the Hahn campaign. Subsequently, from May 22, 2000, through March 1, 2001, Respondent's assistant advised staff members that Respondent would reimburse them for their political contributions to Hahn's campaign. As a result, Respondent and his assistant caused 26 individuals to contribute a total of $25,500.00 to Hahn's campaign – with the understanding that Respondent would reimburse each donor for his/her contribution.

5.     Of the 26 donors, 23 of them were employees or spouses of employees at Respondent's law firm. The remaining three donors were friends or a spouse of a friend of Respondent's.

Attachment Pag

6.    Respondent's misconduct did not involve financial gain or the practice of law.

7.    On May 20, 2004, the Los Angeles City Attorney's Office filed 26 misdemeanor violations of Government Code section 84301 (using a false name in making political contributions) against Respondent, in case no. 04CR03404.

8.    On February 2, 2006, as part of a plea agreement, Respondent was convicted of five misdemeanor counts of Government Code section 84301 with the remaining counts dismissed.

**Conclusions of Law for Case No. 04-C-~~12498~~ 12303 /MM**

9.    The facts and circumstances surrounding Respondent's convictions involve moral turpitude and other misconduct warranting discipline pursuant to Business and Professional Code sections 6101 and 6102.

Attachment Pag

(Do not write above this line.)

| In the Matter of<br>**PIERCE HENRY O'DONNELL,**<br>Bar # 81298 | Case number(s):<br>04-C-12303 |
|---|---|

## SIGNATURE OF THE PARTIES

By their signatures below, the parties and their counsel, as applicable, signify their agreement with each of the recitations and each of the terms and conditions of this Stipulation Re Fact, Conclusions of Law, and Disposition.

| 1/30/07 | | Plierce H. O'Donnell |
|---|---|---|
| Date | Respondent's Signature | Print Name |
| January 29, 2007 | | JoAnne E. Robbins |
| Date | Respondent's Counsel Signature | Print Name |
| 1-31-07 | | David Sauber |
| Date | Deputy Trial Counsel's Signature | Print Name |

(Stipulation form approved by SBC Executive Committee 10/16/00.  Revised 12/16/2004.)

7

(Do not write above this line.)

| In the Matter Of<br>**PIERCE HENRY O'DONNELL**<br>Bar # 81298 | Case Number(s):<br>**04-C-12303** |
|---|---|

## ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☑ The stipulation as to facts and conclusions of law is APPROVED.

☐ The stipulation as to facts and conclusions of law is APPROVED AS MODIFIED as set forth below.

☐ All court dates in the Hearing Department are vacated.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies or further modifies the approved stipulation; or 3) Respondent is not accepted for participation in the Program or does not sign the Program Contract. (See rule 135(b) and 802(b), Rules of Procedure.)

July 18, 2005
_____
Date

_____
Judge of the State Bar Court

(Stipulation form approved by SBC Executive Committee 9/18/2002  Revised 12/16/2004.)          Program Order

**Page ____**

**FILED SEPTEMBER 30, 2010**

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT – LOS ANGELES

| | | |
|---|---|---|
| In the Matter of | ) | Case No.: **04-C-12303-RAP** |
| | ) | |
| **PIERCE HENRY O'DONNELL,** | ) | |
| | ) | **DECISION AND ORDER SEALING** |
| **Member No. 81298,** | ) | **CERTAIN DOCUMENTS** |
| | ) | |
| A Member of the State Bar. | ) | |

In February 2006, respondent **Pierce Henry O'Donnell** ("respondent") was convicted on five misdemeanor counts of using a false name in making political contributions. This matter was referred to this court for a hearing and decision as to whether the facts and circumstances surrounding these convictions involved moral turpitude or other misconduct warranting discipline and, if so found, a recommendation as to the discipline to be imposed.

Respondent sought to participate in the State Bar Court's Alternative Discipline Program ("ADP"), and on May 23, 2006, this matter was referred to the ADP.[1] On July 10, 2006, respondent submitted a declaration establishing a nexus between his mental health issue and his misconduct. The parties subsequently entered into a Stipulation Re Facts and Conclusions of Law.

On July 18, 2007, the court lodged the Confidential Statement of Alternative Dispositions and Orders, the Contract and Waiver for Participation in the State Bar Court's ADP ("Contract"),

---

[1] This program was earlier referred to by other names.

and the parties' Stipulation Re Facts and Conclusions of Law.  That same day, the court signed an order formally accepting respondent into the ADP.

Upon motion of the State Bar, the court ordered respondent to appear in person on August 2, 2010, for a hearing regarding whether respondent should be terminated from the ADP.

At the August 2, 2010 hearing, at which respondent appeared with counsel, the court found that respondent was not in compliance with the conditions of the court's ADP, and respondent was terminated from the ADP.  The parties' Stipulation Re Facts and Conclusions of Law and addendum thereto was filed, and this matter was submitted for decision.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Stipulation Re Facts and Conclusions of Law, including the court's order approving the Stipulation Re Facts and Conclusions of Law, is attached hereto and hereby incorporated by reference, as if fully set forth herein.

The Stipulation Re Facts and Conclusions of Law sets forth the factual findings, legal conclusions, and aggravating and mitigating circumstances in this matter.  Below is an abbreviated summary of the stipulated facts and conclusions of law.

In 2000, respondent pledged to raise $50,000 in political contributions for then Los Angeles Mayor James Hahn.  Unable to raise the money, respondent, through his assistant, advised his staff members that respondent would reimburse them for their political contributions to Hahn's campaign.  As a result, respondent and his assistant caused 26 individuals to contribute to Hahn's campaign with the understanding that respondent would reimburse each donor for his or her contribution.

In May 2004, the Los Angeles City Attorney's Office filed 26 misdemeanor violations of Government Code section 84301 (using a false name in making political contributions) against

- 2 -

respondent.  On February 2, 2006, as part of a plea agreement, respondent was convicted of five

misdemeanor counts of Government Code section 84301, with the remaining counts dismissed.

The facts and circumstances surrounding respondent's convictions involved moral

turpitude and other misconduct warranting discipline pursuant to Business and Professions Code

sections 6101 and 6102.

In aggravation, respondent's misconduct evidenced multiple acts of wrongdoing.  In

mitigation, respondent had no prior record of discipline in 29 years of practice, he displayed

spontaneous candor and cooperation with the State Bar, he demonstrated remorse and

recognition of his wrongdoing, and he was suffering from extreme emotional difficulties at the

time of the misconduct.  In addition, respondent's good character was attested to by a wide range

of references, he demonstrated a history of charitable work and contributions, and his

misconduct did not result in harm.[2]

## DISCUSSION

The purpose of State Bar disciplinary proceedings is not to punish the attorney but,

rather, to protect the public, to preserve public confidence in the legal profession, and to maintain

the highest possible professional standards for attorneys.  (*Chadwick v. State Bar* (1989) 49

Cal.3d 103, 111.)

The parties submitted briefs on the issue of discipline.  After considering the parties'

briefs, including the case law and standards cited therein, the court advised the parties of the

discipline that would be recommended to the Supreme Court if respondent successfully

completed the ADP and the discipline that would be recommended to the Supreme Court if

respondent was terminated from or failed to successfully complete the ADP.

---

[2] Due to respondent's termination from the ADP, his participation in the ADP does not
warrant consideration as a mitigating circumstance.  (See Rules Proc. of State Bar, tit. IV, Stds.
for Atty. Sanctions for Prof. Misconduct, standard 1.2(e)(iv).)

In determining the appropriate discipline to recommend in this matter if respondent was terminated from the ADP, the court considered the discipline recommended by the parties, as well as standards 1.3, 1.4, 1.6, and 3.2.  The court also considered and distinguished *In re Kristovich* (1976) 18 Cal.3d 468; *In the Matter of Moriarty* (Review Dept. 1990) 1 Cal. State Bar Ct. Rptr. 245; *In re Fahey* (1973) 8 Cal.3d 842; *In re Morales* (1983) 35 Cal.3d 1; *In re Chira* (1986) 42 Cal.3d 904; *In the Matter of DeMassa* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 737; and *In re Brown* (1995) 12 Cal.4th 205.

After agreeing to the court's proposed high and low levels of discipline, respondent executed the Contract to participate in the ADP, and respondent's period of participation in the ADP commenced.

Thereafter, respondent was terminated from the ADP as set forth in the court's August 4, 2010 order.  Accordingly, the court recommends imposition of the discipline set forth in the Confidential Statement of Alternative Dispositions and Orders relating to a termination from or failure to successfully complete the ADP.

## RECOMMENDED DISCIPLINE

It is recommended that respondent **Pierce Henry O'Donnell** be suspended from the practice of law for two (2) years, that execution of that period of suspension be stayed, and that respondent be placed on probation for two (2) years, subject to the following conditions:

1.      Respondent must be actually suspended from the practice of law for the first sixty (60) days of probation;

2.      During the probation period, respondent must comply with the provisions of the State Bar Act and Rules of Professional Conduct;

3.      Within ten (10) days of any change, respondent must report to the Membership Records Office of the State Bar and to the Office of Probation of the State Bar of California

- 4 -

("Office of Probation"), all changes of information, including current office address and telephone number, or other address for Sate Bar purposes, as prescribed by section 6002.1 of the Business and Professions Code;

4.      Within thirty (30) days after the effective date of discipline, respondent must contact the Office of Probation and schedule a meeting with respondent's assigned probation deputy to discuss these terms and conditions of probation.  Upon the direction of the Office of Probation, respondent must meet with the probation deputy either in-person or by telephone. During the period of probation, respondent must promptly meet with the probation deputy as directed and upon request;

5.      Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation.  Under penalty of perjury, respondent must state whether respondent has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter.  Respondent must also state whether there are any proceedings pending against him in the State Bar Court and if so, the case number and current status of that proceeding.  If the first report would cover less than thirty (30) days, that report must be submitted on the next quarter date, and cover the extended period.

In addition to all quarterly reports, a final report, containing the same information, is due no earlier than twenty (20) days before the last day of the period of probation and no later than the last day of the probation period;

6.      Subject to assertion of applicable privileges, respondent must answer fully, promptly, and truthfully any inquiries of the Office of Probation which are directed to respondent personally or in writing relating to whether respondent is complying or has complied with the probation conditions;

- 5 -

7.      Within one (1) year of the effective date of the discipline herein, respondent must provide to the Office of Probation satisfactory proof of attendance at a session of the State Bar Ethics School, and passage of the test given at the end of that session;

8.      Respondent must comply with all conditions of probation imposed in the underlying criminal matter and must so declare under penalty of perjury in conjunction with any quarterly report to be filed with the Office of Probation;

9.      If respondent has not been terminated from the Lawyer Assistance Program ("LAP"), respondent must comply with all provisions and conditions of his Participation Agreement/Plan with the LAP and must provide the Office of Probation with certification of completion of the LAP.  Respondent must immediately report any non-compliance with any provision(s) or condition(s) of his Participation Agreement/Plan to the Office of Probation. Respondent must provide an appropriate waiver authorizing the LAP to provide the Office of Probation and this court with information regarding the terms and conditions of respondent's participation in the LAP and his compliance or non-compliance with LAP requirements. Revocation of the written waiver for release of LAP information is a violation of this condition. Respondent will be relieved of this condition upon providing to the Office of Probation satisfactory certification of completion of the LAP.

If respondent has been terminated from the LAP prior to his successful completion of the LAP, respondent must obtain an examination of his mental and physical condition with respect to his mental health issue pursuant to rule 184 of the Rules of Procedure from a qualified practitioner approved by the Office of Probation and must comply with any treatment/monitoring plan recommended following such examination.  The examination and any further help/treatment/monitoring recommended by the examining practitioner will be at respondent's own expense.  The examination must be conducted no later than thirty (30) days after the

- 6 -

effective date of the Supreme Court's final disciplinary order in this matter. Help/treatment/monitoring should commence immediately after said examination and, in any event, no later than thirty (30) days after said examination. With each quarterly report, respondent must furnish to the Office of Probation sufficient evidence, as specified by the Office of Probation, that he is so complying with this condition of probation. Treatment/monitoring must continue for the period of probation or until a motion to modify this condition is granted and that ruling becomes final.

If the examining or treating practitioner determines that there has been a substantial change in respondent's condition, respondent or the State Bar's Office of Probation or the Office of the Chief Trial Counsel may file a motion for modification of this condition with the Hearing Department of the State Bar Court, pursuant to rule 550 of the Rules of Procedure. The motion must be supported by a written statement from the examining or treating practitioner, by affidavit or under penalty of perjury, in support of the proposed modification.

Upon the request of the Office of Probation, respondent must provide the Office of Probation with medical and confidentiality waivers and access to all of respondent's medical records necessary to monitor this probation condition. Revocation of any medical/confidentiality waiver is a violation of this condition. Any medical records obtained by the Office of Probation will be confidential and no information concerning them or their contents will be given to anyone except members of the Office of the Chief Trial Counsel, the Office of Probation, and the State Bar Court, who are directly involved with maintaining, enforcing or adjudicating this condition;

10.     These probation conditions and the period of probation will commence upon the effective date of the Supreme Court's final disciplinary order in this proceeding (Cal Rules of Court, rule 9.18.); and

11.   At the expiration of the period of this probation, if respondent has complied with all the terms of probation, the order of the Supreme Court suspending respondent from the practice of law for two (2) years will be satisfied and that suspension will be terminated.

It is further recommended that respondent take and pass the Multistate Professional Responsibility Examination ("MPRE") administered by the National Conference of Bar Examiners, MPRE Application Department, P.O. Box 4001, Iowa City, Iowa, 52243 (telephone 319-337-1287), and provide proof of passage to the Office of Probation within one (1) year after the effective date of the discipline herein.[3]

## COSTS

It is recommended that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

## DIRECTION RE DECISION AND ORDER SEALING CERTAIN DOCUMENTS

The court directs a court case administrator to file this Decision and Order Sealing Certain Documents.  Thereafter, pursuant to rule 806(c) of the Rules of Procedure of the State Bar of California ("Rules of Procedure"), all other documents not previously filed in this matter are ordered sealed pursuant to rule 23 of the Rules of Procedure.

It is further ordered that protected and sealed material will only be disclosed to:  (1) parties to the proceeding and counsel; (2) personnel of the Supreme Court, the State Bar Court, and independent audiotape transcribers; and (3) personnel of the Office of Probation when necessary for their duties.  Protected material will be marked and maintained by all authorized individuals in a manner calculated to prevent improper disclosure.  All persons to whom

---

[3] Failure to pass the MPRE within the specified time results in actual suspension by the Review Department, without further hearing, until passage.  (But see Cal. Rules of Court, rule 9.10(b), and Rules Proc. of State Bar, rule 321(a)(1) and (3).)

protected material is disclosed will be given a copy of this order sealing the documents by the person making the disclosure.

**IT IS SO ORDERED.**


Dated:  September 30, 2010.

_____
RICHARD A. PLATEL
Judge of the State Bar Court

⊔ORIGINAL

(Do not write above this line.)

## State Bar Court of California
### Hearing Department
### Los Angeles

| | | |
|---|---|---|
| Counsel For The State Bar<br><br>Dane C. Dauphine<br>Supervising Trial Counsel<br>1149 South Hill St.<br>Los Angeles, CA 90015-2299<br>Tel. (213) 765-1293<br><br>Bar # 121606 | Case Number (s)<br>09-O-17211 | (for Court's use)<br><br>**PUBLIC MATTER**<br><br>**FILED**<br><br>JAN 05 2011<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| Counsel For Respondent<br><br>Ellen A. Pansky<br>Pansky Markle Ham LLP<br>1010 Sycamore Ave., #308<br>South Pasadena, CA 91030<br>Tel. (213) 626-7300<br><br>Bar # 77688 | Submitted to: Assigned Judge<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW AND<br>DISPOSITION AND ORDER APPROVING | |
| In the Matter Of:<br>Pierce Henry O'Donnell<br><br>Bar # 81298<br><br>A Member of the State Bar of California<br>(Respondent) | **ACTUAL SUSPENSION**<br><br>☐  PREVIOUS STIPULATION REJECTED | |

**Note:  All Information required by this form and any additional Information which cannot be provided in the space provided, must be set forth in an attachment to this stipulation under specific headings, e.g., "Facts," "Dismissals," "Conclusions of Law," "Supporting Authority," etc.**

## A. Parties' Acknowledgments:

(1)   Respondent is a member of the State Bar of California, admitted October 12, 1978.

(2)   The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition are rejected or changed by the Supreme Court.

(3)   All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation consists of 10 pages, not including the order.

(4)   A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

(5)   Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law".

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

1

Actual Suspension

(Do not write above this line.)

(6)   The parties must include supporting authority for the recommended level of discipline under the heading "Supporting Authority."

(7)   No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(8)   Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7. (Check one option only):

   ☒   until costs are paid in full, Respondent will remain actually suspended from the practice of law unless relief is obtained per rule 284, Rules of Procedure.
   ☐   costs to be paid in equal amounts prior to February 1 for the following membership years:
        (hardship, special circumstances or other good cause per rule 284, Rules of Procedure)
   ☐   costs waived in part as set forth in a separate attachment entitled "Partial Waiver of Costs"
   ☐   costs entirely waived

## B. Aggravating Circumstances [for definition, see Standards for Attorney Sanctions for Professional Misconduct, standard 1.2(b)]. Facts supporting aggravating circumstances are required.

(1)   ☒   Prior record of discipline [see standard 1.2(f)]

   (a)   ☒   State Bar Court case # of prior case 04-C-12303

   (b)   ☒   Date prior discipline effective Pending with Supreme Court

   (c)   ☒   Rules of Professional Conduct/ State Bar Act violations: Conviction involving moral turpitude and other misconduct warranting discipline for misdemeanor violations of Government Code section 30418 (Improper Identification of Donors)

   (d)   ☒   Degree of prior discipline 60 days actual suspension (2 years stayed suspension and 2 years probation)

   (e)   ☐   If Respondent has two or more incidents of prior discipline, use space provided below.

(2)   ☐   Dishonesty:  Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.

(3)   ☐   Trust Violation:  Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4)   ☐   Harm:  Respondent's misconduct harmed significantly a client, the public or the administration of justice.

(5)   ☐   Indifference:  Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(6)   ☐   Lack of Cooperation:  Respondent displayed a lack of candor and cooperation to victims of his/her misconduct or to the State Bar during disciplinary investigation or proceedings.

(Do not write above this line.)

(7) ☐ **Multiple/Pattern of Misconduct:** Respondent's current misconduct evidences multiple acts of wrongdoing or demonstrates a pattern of misconduct.

(8) ☐ **No aggravating circumstances are involved.**

**Additional aggravating circumstances:**


## C. Mitigating Circumstances [see standard 1.2(e)]. Facts supporting mitigating circumstances are required.

(1) ☐ **No Prior Discipline:** Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2) ☐ **No Harm:** Respondent did not harm the client or person who was the object of the misconduct.

(3) ☒ **Candor/Cooperation:** Respondent displayed spontaneous candor and cooperation with the victims of his/her misconduct and to the State Bar during disciplinary investigation and proceedings. Respondent has cooperated in entering into this stipulation to resolve the State Bar proceedings.

(4) ☐ **Remorse:** Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.

(5) ☐ **Restitution:** Respondent paid $ _____ on _____ in restitution to _____ without the threat or force of disciplinary, civil or criminal proceedings.

(6) ☐ **Delay:** These disciplinary proceedings were excessively delayed. The delay is not attributable to Respondent and the delay prejudiced him/her.

(7) ☐ **Good Faith:** Respondent acted in good faith.

(8) ☐ **Emotional/Physical Difficulties:** At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish was directly responsible for the misconduct. The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.

(9) ☐ **Severe Financial Stress:** At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10) ☐ **Family Problems:** At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(11) ☐ **Good Character:** Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12) ☐ **Rehabilitation:** Considerable time has passed since the acts of professional misconduct occurred followed by convincing proof of subsequent rehabilitation.

(13) ☐ **No mitigating circumstances are involved.**

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

3

Actual Suspension

(Do not write above this line.)

**Additional mitigating circumstances**

> Respondent acknowledges that he bore the ultimate responsibility to be completely accurate with the court and states that he deeply regrets that he did not do so. Respondent has expressed remorse for his conduct. Respondent was admitted pro hac vice after the Nevada court was advised of the California disciplinary proceeding and completed his representation in the Watanabe matter. Respondent's misstatements to the court did not cause any harm to his client.

## D. Discipline:

(1) ☒ **Stayed Suspension:**

    (a) ☒ Respondent must be suspended from the practice of law for a period of two years.

        i. ☐ and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to standard 1.4(c)(ii) Standards for Attorney Sanctions for Professional Misconduct.

        ii. ☐ and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii. ☐ and until Respondent does the following:

    (b) ☐ The above-referenced suspension is stayed.

(2) ☒ **Probation:**

Respondent must be placed on probation for a period of two years, which will commence upon the effective date of the Supreme Court order in this matter. (See rule 9.18, California Rules of Court)

(3) ☒ **Actual Suspension:**

    (a) ☒ Respondent must be actually suspended from the practice of law in the State of California for a period of sixty (60) days consecutive to the sixty-day actual suspension recommended in case no. 04-C-12303 currently pending with the Supreme Court.

        i. ☐ and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct

        ii. ☐ and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii. ☐ and until Respondent does the following:

## E. Additional Conditions of Probation:

(1) ☐ If Respondent is actually suspended for two years or more, he/she must remain actually suspended until he/she proves to the State Bar Court his/her rehabilitation, fitness to practice, and learning and ability in general law, pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct.

(Do not write above this line.)

(2) ☒ During the probation period, Respondent must comply with the provisions of the State Bar Act and Rules of Professional Conduct.

(3) ☒ Within ten (10) days of any change, Respondent must report to the Membership Records Office of the State Bar and to the Office of Probation of the State Bar of California ("Office of Probation"), all changes of information, including current office address and telephone number, or other address for State Bar purposes, as prescribed by section 6002.1 of the Business and Professions Code.

(4) ☒ Within thirty (30) days from the effective date of discipline, Respondent must contact the Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of probation. Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone. During the period of probation, Respondent must promptly meet with the probation deputy as directed and upon request.

(5) ☒ Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation. Under penalty of perjury, Respondent must state whether Respondent has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter. Respondent must also state whether there are any proceedings pending against him or her in the State Bar Court and if so, the case number and current status of that proceeding. If the first report would cover less than 30 days, that report must be submitted on the next quarter date, and cover the extended period.

In addition to all quarterly reports, a final report, containing the same information, is due no earlier than twenty (20) days before the last day of the period of probation and no later than the last day of probation.

(6) ☐ Respondent must be assigned a probation monitor. Respondent must promptly review the terms and conditions of probation with the probation monitor to establish a manner and schedule of compliance. During the period of probation, Respondent must furnish to the monitor such reports as may be requested, in addition to the quarterly reports required to be submitted to the Office of Probation. Respondent must cooperate fully with the probation monitor.

(7) ☒ Subject to assertion of applicable privileges, Respondent must answer fully, promptly and truthfully any inquiries of the Office of Probation and any probation monitor assigned under these conditions which are directed to Respondent personally or in writing relating to whether Respondent is complying or has complied with the probation conditions.

(8) ☐ Within one (1) year of the effective date of the discipline herein, Respondent must provide to the Office of Probation satisfactory proof of attendance at a session of the Ethics School, and passage of the test given at the end of that session.

    ☒ No Ethics School recommended. Reason: Respondent will be required to complete Ethics School in case no. 04-C-12303 currently pending with the Supreme Court.

(9) ☐ Respondent must comply with all conditions of probation imposed in the underlying criminal matter and must so declare under penalty of perjury in conjunction with any quarterly report to be filed with the Office of Probation.

(10) ☐ The following conditions are attached hereto and incorporated:

    ☐ Substance Abuse Conditions     ☐ Law Office Management Conditions

    ☐ Medical Conditions     ☐ Financial Conditions

## F. Other Conditions Negotiated by the Parties:

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Actual Suspension

5

(Do not write above this line.)

(1)  ☐   **Multistate Professional Responsibility Examination:** Respondent must provide proof of passage of the Multistate Professional Responsibility Examination ("MPRE"), administered by the National Conference of Bar Examiners, to the Office of Probation during the period of actual suspension or within one year, whichever period is longer. Failure to pass the MPRE results in actual suspension without further hearing until passage. But see rule 9.10(b), California Rules of Court, and rule 321(a)(1) & (c), Rules of Procedure.

☒ No MPRE recommended. Reason: Respondent will be required to complete the MPRE in case no. 04-C-12303 currently pending with the Supreme Court.

(2)  ☒   **Rule 9.20, California Rules of Court:** Respondent must comply with the requirements of rule 9.20, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(3)  ☐   **Conditional Rule 9.20, California Rules of Court:** If Respondent remains actually suspended for 90 days or more, he/she must comply with the requirements of rule 9.20, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 120 and 130 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(4)  ☐   **Credit for Interim Suspension [conviction referral cases only]:** Respondent will be credited for the period of his/her interim suspension toward the stipulated period of actual suspension. Date of commencement of interim suspension:

(5)  ☐   **Other Conditions:**

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

6

Actual Suspension

## ATTACHMENT TO

## STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

IN THE MATTER OF:          PIERCE HENRY O'DONNELL

CASE NUMBER(S):           09-O-17211

## FACTS AND CONCLUSIONS OF LAW.

Respondent admits that the following facts are true and that he is culpable of violations of the specified statutes and/or Rules of Professional Conduct.

FACTS:

1.  On February 2, 2006, Respondent was convicted of misdemeanor violations of California Government Code section 30418 (Improper Identification of Donors) in the Los Angeles County Superior Court, case no. 4CR03404. Thereafter, a record of the conviction was transmitted to the State Bar Court.

2.  On March 16, 2006, the State Bar Court referred for hearing the matter of Respondent's conviction for determination if the matter involved moral turpitude or other misconduct warranting discipline. On April 24, 2006, the State Bar Court augmented the order to include a recommendation of discipline, if any.

3.  In or about January 2007, Respondent entered into a stipulation admitting to facts and conclusions of law that the facts and circumstances surrounding his convictions involved moral turpitude and other misconduct warranting discipline. On July 18, 2007, Respondent signed a contract and waiver for participation in the State Bar Court's Alternative Discipline Program, and the State Bar Court filed a confidential statement of alternative dispositions and orders which provided that, if Respondent completed the court's Alternative Discipline Program, the court would recommend to the Supreme Court that he be disciplined with an 18-month stayed suspension and a 2-year probation. The order also provided that, if he did not complete the program, the court would recommend that Respondent be disciplined with a 2-year stayed suspension, a 2-year probation and a 60-day actual suspension. Respondent was informed of the court's order.

4.  On October 13, 2009, Respondent verified an application to the District Court of Clark County, Nevada, seeking to be associated as counsel for the defendant in the case entitled *State of Nevada v. Terence K. Watanabe*, case no. C254057 ("the Watanabe case"). In the application, Respondent answered a question so as to state that he was not currently subject to any disciplinary proceedings by any organization. Respondent did not disclose in the verified application the pending disciplinary proceedings in the State Bar Court. Respondent intended that the application would be submitted to a court.

5.  At the time that Respondent verified the application for association of counsel, Respondent knew that he was the subject of pending disciplinary proceedings in the State Bar Court. He did not disclose the proceedings in his application because he considered them to be a diversion program.

7

Attachment Page 1

6. On October 16, 2009, Daniel J. Albregts, a Nevada attorney, filed a motion in the Clark County District Court to associate Respondent as co-counsel for the defendant in the Watanabe case with Respondent's verified application attached.

7. The prosecutor in the Watanabe case learned of Respondent's disciplinary proceedings and brought them to the attention of the court. On November 2, 2009, Respondent appeared before the Clark County District Court for a continued hearing on the motion to associate him as counsel. In responding to questions about the disciplinary proceedings pending in the State Bar Court, Respondent represented to the Clark County District Court that he had worked out a diversionary resolution in lieu of discipline and that there would be no suspension, stay of suspension, fine, sanction or other disability in his ability to practice law and that he would not be disciplined publicly, privately or otherwise.

8. At the time that Respondent appeared before the Clark County District Court, Respondent knew that he would be disciplined at the conclusion of the proceedings in the State Bar Court with at least a stayed suspension. Respondent did not disclose to the Clark County District Court that he would be disciplined as a result of the pending State Bar Court proceedings because he believed that no discipline would be imposed during the time that he was counsel in the Watanabe case.

CONCLUSIONS OF LAW:

9. By stating in the application for association of counsel that he was not currently subject to any disciplinary proceedings by any organization and by stating to the court at the hearing that he would not be disciplined as a result of the State Bar Court proceedings when he knew that he was subject to disciplinary proceedings in California which would result in discipline, Respondent sought to mislead the judge or judicial officer by an artifice or false statement of fact or law in willful violation of Business and Professions Code, section 6068(d).

## PENDING PROCEEDINGS.

The disclosure date referred to on page 2, paragraph A(7), was December 8, 2010.

## WAIVERS TO EXPEDITE TO SUPREME COURT

The parties agree to waive any right to seek review following the approval of this stipulation by the State Bar Court so that the Supreme Court may immediately issue an order imposing discipline in this matter with the actual suspension to be consecutive to the suspension recommended in case no. 04-C-12303 previously transmitted to the Supreme Court. The parties agree that the court may issue orders in both this cases to impose consecutive suspensions and avoid the imposition of separate periods of suspension. This stipulation also recommends that the Court order compliance with rule 9.20, Cal. Rules of Court, since the consecutive suspensions will provide for a continuous period of 120 days actual suspension.

## AUTHORITIES SUPPORTING DISCIPLINE.

The Standards for Attorney Sanctions for Professional Misconduct (the "Standards"):

Standard 2.6 states that culpability of violation of section 6068 of the Business and Professions Code warrants disbarment or suspension depending on the gravity of the offence or the harm, if any, to the victim, with due regard to the purposes of discipline.



Attachment Page 2

## Case Law

Although prior to the implementation of the Standards for Attorney Sanctions, some cases involving the misleading of a court imposed a public reproval, the case law applying the Standards has imposed discipline ranging from stayed suspension to six months actual suspension. See, for instance, *Drociak v. State Bar* (1991) 52 Cal.3d 1085 (**30 days actual suspension** for use of presigned verifications to interrogatories without consulting the client as to truth of the responses); *Bach v. State Bar* (1987) 43 Cal.3d 848 (**60 days actual suspension** for misrepresenting whether the attorney had been advised or ordered to produce his client at a mediation hearing); *In the Matter of Regan* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr. 844 (**75 day actual suspension** for misrepresenting that his clients wanted to pursue an appeal as well as appearing without authority, failing to communicate and release client file); *In the Matter of Chesnut* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 166 (**6 months actual suspension** for false representation that he had personally served an opposing party with a summons and complaint); *In the Matter of Jeffers* (Review Dept. 1994) 3 Cal. State Bar Ct. Rptr. 211 (**stayed suspension, no actual,** for concealing the death of his client from the court at a mandatory settlement conference); *In the Matter of Farrell* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 490 (**6 months actual suspension** for misrepresenting that a witness was under subpoena and for failure to cooperate in the State Bar investigation).

Respondent's misconduct involved misleading statements and harm to the administration of justice but not to any client. In mitigation, he has cooperated in the State Bar proceedings in stipulating to a disposition of this matter. Respondent has been a member since 1978, and there is pending with the Supreme Court a recommendation for a 60-day actual suspension for his 2006 misdemeanor convictions. A 60-day suspension in this matter to be ordered consecutive to the suspension in the pending matter will provide for appropriate discipline within the standards and case law.

9

Attachment Page 3

| (Do not write above this line.) | |
|---|---|
| **In the Matter of**<br>Pierce Henry O'Donnell, #81298 | **Case number(s):**<br>09-O-17211 |

## SIGNATURE OF THE PARTIES

By their signatures below, the parties and their counsel, as applicable, signify their agreement with each of the recitations and each of the terms and conditions of this Stipulation Re Fact, Conclusions of Law and Disposition.

| Date | Signature | Print Name |
|---|---|---|
| 12-10-10 | Respondent's Signature | Pierce H. O'Donnell |
| 12/14/10 | Respondent's Counsel Signature | Ellen A. Pensky |
| 12-16-10 | Deputy Trial Counsel's Signature | Dane C. Dauphine |

10

(Do not write above this line.)

| In the Matter Of<br>Pierce Henry O'Donnell, #81298 | Case Number(s):<br>09-O-17211 |
|---|---|

## ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public,
IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without
prejudice, and:

☒ The stipulated facts and disposition are APPROVED and the DISCIPLINE
RECOMMENDED to the Supreme Court.

☐ The stipulated facts and disposition are APPROVED AS MODIFIED as set forth
below, and the DISCIPLINE IS RECOMMENDED to the Supreme Court.

☐ All Hearing dates are vacated.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify
the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies
or further modifies the approved stipulation. (See rule 135(b), Rules of Procedure.) **The
effective date of this disposition is the effective date of the Supreme Court order herein,
normally 30 days after file date. (See rule 9.18(a), California Rules of Court.)**

1/5/11
_____
Date

_____
Judge of the State Bar Court

DONALD F. MILES

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Actual Suspension Order

## CERTIFICATE OF SERVICE

[Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on January 5, 2011, I deposited a true copy of the following document(s):

STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING

in a sealed envelope for collection and mailing on that date as follows:

☒ by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

ELLEN ANNE PANSKY, ESQ.
PANSKY MARKLE HAM LLP
1010 SYCAMORE AVE UNIT 308
SOUTH PASADENA, CA  91030

☒ by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

DANE DAUPHINE, ESQ., Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on January 5, 2011.

*Rose M. Luthi*
Rose Luthi
Case Administrator
State Bar Court

RECEIVED

JAN 0 6 2011

PANSKY MARKLE HAM LLP