**MINUTE ENTRY**
**DUVAL, J.**
**February 16, 2011**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: | SECTION "K"(2) |
| *Armstrong*, C.A. No. 10-866 | |
| *Entergy*, C.A. No. 10-77 | |

Attending a preliminary telephonic status conference concerning the general posture of this case and establishment of a schedule for proceedings in this action were:

Robin Smith for the United States;

Joseph Bruno, Andy Owen and Jim Roy for MRGO PSLC;

William D. Treeby for WGI;

Elise Gilbert for Hartford/Entergy; and

Tim Eagan and Wendy Hickok Robinson for Entergy.

This Court has remained steadfast in its determination to complete the task it undertook with the creation of the *In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182 umbrella. That task has been to adjudicate in as timely a manner as possible the liability of innumerable defendants with respect to the collapse of the Lake Pontchartrain and Vicinity levees and floodwalls in the wake of Hurricane Katrina. This effort has included, *inter alia*, the three week bench trial of the *Robinson* matter wherein the Court addressed the liability of the United States' Army Corps of Engineers for its malfeasance in relation to the MRGO and its effects on the MRGO levees and Corps' immunity as to the effects of storm surge as it pertained

to New Orleans East levees. The Court also has addressed the application of § 702c immunity of the United States for the outfall canals at 17th Street, London Avenue and Orleans Avenue. This list is by no means exclusive, simply illustrative for what is important at this juncture.

The only remaining issues that must be addressed now concern those arising from the collapse of the eastbank floodwall at the Industrial Canal as allegedly caused by the remediation undertaken by the Washington Group International, Inc. and as directed by the United States Army Corps of Engineers. While the Court had dismissed the Washington Group International, Inc. based on government contractor immunity, the Fifth Circuit reversed that decision on September 14, 2010. *In re Katrina Canal Breaches Litigation*, 620 F.3d 455 (5th Cir. 2010). With that decision, the posture of what remains for trial changed from the last status conference held on June 3, 2010, where the only defendant was the United States. Having now disposed of the geographically related claims that were at issue in the BARGE litigation, the Court now is prepared to move forward and finish what has turned into what is likely to be more than a six year project.

During the course of the instant conference, counsel for the United States expressed his "surprise" that this matter was going to move forward to trial and intimated that the Court had in some way signaled that it had not intended to conduct the trial of this matter until the *Robinson* appeal was resolved.[1] This misapprehension is incorrect and groundless. It has always been and continues to be this Court's desire to bring this matter to resolution as it has stated on numerous occasions. Resolution certainly requires a trial since all dispositive motions including those

---

[1] The *Robinson* four-week trial occurred in April and May of 2009. This Court rendered its opinion after post-trial briefing on November 18, 2009. The matter is on appeal with briefing by the parties on-going and a hearing on the matter not even set.

concerning immunity issues have been heard and decided. This Court in its letter to the Fifth Circuit in response to the United States previous attempt to mandamus the Court to rule on class certification explained the logistical nightmare that such a certification ruling would create needlessly since in this instance a final ruling on liability might render such a decision moot whereas a ruling on certification would generate a filing nightmare for this Court. As the Court stated then and as it is even more convinced of now:

> WGI filed a motion for summary judgment which was granted and which has been appealed. The issue of liability on the part of the United States as concerns the EBIA thus remains at issue in the class action. Needless to say, the applicability of the discretionary function exception with respect to this claim is at issue. Thus, based on the Court's belief that all issues of immunity should proceed to appeal prior to the trial of the class action, the Court established a schedule for the resolution of that one issue by motion. Under the present schedule, all post-trial briefing for the *Robinson* trial shall be completed on July 27, 2009, and the EBIA claim briefing will completed on October 13, 2009 with a hearing scheduled for October 28, 2009[2].
>
> The major reason for this Court's decision not to rule on the MRGO class certification issue remains one concerning serious concerns with respect to case management. The Court has been informed by counsel that they are at least 90,000 potential claims against WGI and the United States arising out of the EBIA claim alone. Some of these have been filed in mis-joined mass complaints. In the event the undersigned would deny certification, the severance of the mis-joined claims would be required which could result in the filing of at least 90,000 individual complaints in this Court. In addition, for those potential class members for whom no case has been filed, prescription as to those claims would start to run with respect to WGI. Such a filing deluge would cause an extreme hardship on the Clerk's Office of the United States District Court for the Eastern District of Louisiana which problems could be for naught considering that through the appeals process, all of these claims could be rendered moot.

---

[2]Note that the EBIA hearing was delayed because the United States brought a jurisdictional issue concerning the notice requirements under the Federal Tort Claims Act which it raised for the first time having never mentioned same at any conference prior to its being filed and heard in December of 2009 further delaying the resolution of the discretionary function issue until this year.

3

The Court finally was able to adjudicate those immunity issues in its ruling on the United States' Motion (Doc. 19993) on February 11, 2011, and found that there were material questions of fact as to whether discretionary function immunity shields the United States in this instance. Thus, that decision thus makes it imperative that the Court bring this issue to trial. The need for closure for the litigants is still at the forefront of this Court's agenda and frankly, considering that the undersigned has taken senior status, it is time to write the final chapter of this odyssey and finish the task so that the complex issues involved can be resolved by this Court and ultimately the appellate courts. Thus, trial shall be held as soon as is practicable. **Any undue delay or obstruction on the part of any party shall not be tolerated.** Accordingly,

**IT IS ORDERED** that an in-person conference to establish a trial schedule shall occur on **March 17, 2011 at 1:30 p.m.**

**IT IS FURTHER ORDERED** that the Court shall not rule on the certification issue prior to the trial for the reasons outlined to the United States Court of Appeals for the Fifth Circuit as noted above.

**IT IS FURTHER ORDERED** that the Court **shall not entertain any more dispositive motions concerning this matter** as the Court is convinced that there are material questions of fact that would preclude the entry of judgment without a trial. Indeed, it is the Court's intent that this matter proceed to trial **no later than October 17, 2011 unless good cause is shown that more time is required.** WGI has been on notice that it would have to confront the liability issue since the reversal of this Court's ruling which occurred on **September 14, 2010**. One year should be sufficient for it to prepare for trial.

**IT IS FURTHER ORDERED** that there will be no more than 6 plaintiffs and such plaintiffs shall be chosen from the relevant geographic area as defined in the Master Complaint**.** The Court sets this as the maximum number; it is up to the litigants to determine whether a lesser number would suffice.

**IT IS FURTHER ORDERED** that counsel shall meet and submit in writing by letter to the Court their positions **no later than noon on March 15, 2011** with respect to the following issues:

    a.    the number of plaintiffs need for the adequate adjudication of this matter, and if possible identify same;

    b.    a suggested schedule for trial preparation to include dates for;

        1.    Preliminary Witness and Exhibit Lists;

        2.    Plaintiffs' Expert Reports;

        3.    Defendants' Expert Reports;

        4.    Final Witness and Exhibit Lists;

        5.    Deposition and Discovery Cut-Offs;

        6.    Daubert filing deadline, response deadline, reply deadline and hearing date;

        7.    Pretrial Order deadline;

        8.    Pretrial Conference date and time;

        9.    Submission of pre-trial briefing deadline;

        10.    Response to pre-trial briefing deadline; and

        11.    Trial date and length of trial.

  c. the efficacy of the Entergy suit being included in this trial as it has not sued WGI and as such the posture of the cases are not the same.

  d. a schedule for "clean-up" matters such as severance or move to stay with respect to the levee districts.

  e. The issue of whether the matter will proceed with a jury as to WGI in light of plaintiffs' request and in the event that plaintiffs waive the jury, whether WGI would then request same.

Where there is agreement, the submission shall so indicate and a joint submission shall be made; however, in the event this task proves impossible, then separate submissions will be accepted on those issues upon which agreement has not been reached.

  **Counsel are hereby placed on notice that notwithstanding the anticipated failure of counsel to agree on all of these issues, the Court shall establish the necessary deadlines and shall impose a trial date for this matter forthwith.  The tail will not wag the dog.**