UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * | NO. 05-4182 and consolidated cases |
| | * * * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.*     09-2737 | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

**DEFENDANTS' – IMPROPERLY JOINED INDIVIDUAL BRIAN A. GILBERT'S AND THE LAW OFFICE OF BRIAN A. GILBERT, P.L.C.'S - OPPOSITION TO MOTION TO FILE UNDER SEAL
MOTION FOR RELIEF UNDER F.R.C.P. 26(b)(5)(B)[1]**

**MAY IT PLEASE THE COURT:**

Plaintiff's motion is not unopposed, at least by this defendant. Plaintiff seeks leave to file what amounts to an untimely motion seeking this Court's reconsideration of its previous rulings protecting from disclosure certain privileged communications. Plaintiff now seeks these very same materials already deemed privileged, after the very same arguments were already considered and rejected by the Court. Plaintiff covers no new ground, and offers no basis whatsoever for any additional relief. Further, Plaintiff is not clearly (sic) in compliance with the already-final discovery Orders of this Court. Yet further, Plaintiff's motion(s) is/are noncompliant with Local Rules governing

---

[1] Defendant preserves any and all privileges and protections, and does not waive same by filing this Opposition electronically. This Opposition does not contain or describe any privileged material.

1

papers required for submission of matters for decision, or those affording an appropriate delay between the filing of a motion and its submission. For these reasons, Plaintiff should not be granted leave to file his *Motion for Relief Under F.R.C.P. 26(b)(5)(B)*.

## Argument

1. *Plaintiff Must Comply With Existing Orders:*

Plaintiff must recognize that he is obligated under Fed. R. Civ. P. 26(b)(5)(B) in light of this Court's Orders at R. Doc. 14 of Civil Action 09-2737, and R. Doc. 20158 of Civil Action 05-4182. By virtue of the former, this Court granted Defendants' motion for a protective order embodying the "clawback" provisions of Federal Rule of Evidence 502(d), which are embodied as well into Case Management Orders governing *In Re Katrina Canal Breaches Consolidated Litigation*. Coupled with production of the Defendants' privilege log identifying the documents subject of Dr. Weisler's present motion (C.A. 09-2737, R. Doc. 16), Dr. Weisler has been obliged since October 22, 2010 to comply with the provisions of Fed. R. Civ. P. 26(b)(5)(B), which require:

> (5) Claiming Privilege or Protecting Trial- Preparation Materials.
>
> (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
>
> (B) *Information Produced*. If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the

> party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party ***must promptly return, sequester, or destroy the specified information and any copies it has***; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may ***promptly*** present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. (emphasis added)

The extent to which Plaintiff has complied is not entirely clear, but is thrown into doubt by the re-appearance of the mistakenly produced privileged communications subject of the "claw-back" order *to which Plaintiff consented* (R. Doc. 14, Civ. Action 09-2737), and of the Order at R. Doc. 20158 which describes the salient privileges attached to the communications.

2. *Untimeliness and Preclusion – Res Judicata:*

The Court's later Order, R. Doc. 20158 of *In Re Katrina Canal Breaches Consolidated Litigation*, is the result of Your Honor already having considered claims of privilege and protection over the documents subject of Dr. Weisler's present motion, as well as Dr. Weisler's arguments to the contrary. Dft. Mot, R. Doc. 20096; Weisler Opp., R. Doc. 20110. The arguments Dr. Weisler presents now are the *same* as those upon which he based his opposition. The Court has already ruled, in a number of instances ordering de-redacted certain portions of certain documents, which have already been produced to Dr. Weisler accordingly. Dr. Weisler has already presented both orally and in writing the arguments he urges here. As the Court recognizes, it is and has always been the Plaintiff, not the Defendants, who attempt to place "at issue"

matters that Plaintiff wrongly argues justify erosion of the privileges described and preserved at R. Doc. 20158.[2]

Nothing has changed in the interim to warrant the Court's reconsideration, reversal or constriction of its findings of privilege, or the expansion of relief already granted. Neither Plaintiff's continued use of inflammatory language, nor his extreme contentiousness centering on matters not even pled, or his allusion to Rule 11, constitute any legitimate ground for his current motion. In fact, the only *potential* ground for this motion is found at pp. 19 – 20 of R. Doc. 20158, in which the Court instructs the Defendants to identify any additional inadvertent disclosures, which would then become subject of a motion for relief filed no later than March 4, 2011. Plaintiff This motion, filed March 4, 2011, deals *not* with any newly discovered inadvertent disclosures – none are known, none were identified to Plaintiff, and hence, as per the Order, standing does not lie – but is simply an untimely rehashing of matters already subject of the Court's rulings, and appears suspiciously like an untimely attempt to "game" the Court concerning final rulings subject to the doctrine of *res judicata.*

3. *Formal and Substantive Defects In the Motion(s):*

Plaintiff seeks leave to file a Motion for Relief which he attempts to schedule for "hearing" on March 23, 2011. As Plaintiff's motion for leave is not yet granted – according to the CM/ECF record at 11:21 a.m. CST on March 14, 2011 – a "Notice of Hearing" designating March 23, 2011 relative to the Motion for Relief does not comport with Local Rule 7.2 in terms of the form of notice, or the mandatory fifteen day delay between filing and submission.

---

[2] See also the Court's ruling at R. Doc. 20177. Defendants adopt, reiterate and incorporate by reference their pleadings and the Court's discovery Orders already a matter of record herein.

## CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to File Under Seal*, and *Motion For Relief Under F.R.C.P. 26(b)(5)(B)* should be denied with prejudice, barring Plaintiff from any further attempts to contravene or re-litigate in a procedurally improper manner any of this Court's rulings.

Respectfully submitted,

**BEST, KOEPPEL & TRAYLOR**

*/s/Brian A. Gilbert*

_____
Brian A. Gilbert, #21297
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com

*Pro se*, Attorney for Barge Plaintiffs, Barge Plaintiffs Liaison Master

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 14th day of March, 2011.

*/s/Brian A. Gilbert*