UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * * | NO. 05-4182 and consolidated cases SECTION "K" (2) |
| *Weisler v. Seymour, et al.*   09-2737 | * * * * * * * * | JUDGE STANWOOD R. DUVAL, JR. MAG. JUDGE JOSEPH C. WILKINSON, JR. |

## NONCONFIDENTIAL MEMORANDUM BY DEFENDANTS RICHARD T. SEYMOUR AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C., IN OPPOSITION TO PLAINTIFF'S UNFILED MARCH 4, 2011 MOTION TO FILE UNDER SEAL, AND OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 26(b)(5)(B)

Defendant Richard T. Seymour and misnamed defendant Richard T. Seymour, P.L.L.C. (hereinafter "Seymour defendants"), oppose plaintiff's unfiled March 4, 2011 Motion to File Under Seal and plaintiff's unfiled March 4, 2011 Motion for Relief Under F.R.C.P. [sic] 26(b)(5)(B).[1]

The Seymour defendants adopt by reference the March 14, 2011 Defendants' – Improperly Joined Individual Brian A. Gilbert's And The Law Office Of Brian A. Gilbert,

---

[1] The Seymour defendants' filing of this nonconfidential Memorandum does not waive any privilege asserted for any document.

1

P.L.C.'s - Opposition To Motion To File Under Seal [and] Motion For Relief Under F.R.C.P. 26(b)(5)(B) (hereinafter, "Gilbert defendants") (Doc. # 20183), and in addition oppose plaintiff's unfiled motions on the following grounds:

      **A.**      **Plaintiff's Motions Are Unfiled, or Have Not Been Properly Filed**

Plaintiff's Motions have not been filed, or at least have not been properly filed, and should be denied for that reason, independently of all other reasons:

*First*, plaintiff has not complied with Local Civil Rule 5.1, which provides:

> **LR 5.1 Place and Manner of Filing**
>
> All documents must be filed with the clerk of court in the manner provided in the court's Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings, available at www.laed.uscourts.gov.  [Amended February 1, 2011]

Plaintiff has not filed his March 4, 2011 Motion to File Under Seal on either the docket of this case, or the docket of all Katrina cases.

*Second*, plaintiff has not complied with any part of Local Civil Rules 5.6(A) or 5.6(B), which provide in pertinent part:

> **LR 5.6 Procedure for Filing Documents Under Seal**
>
> (A) No document or other tangible item may be filed under seal without the filing of a separate motion and order to seal, unless authorized by law.
>
> (B) Any motion providing prospectively for filing materials under seal must be accompanied by a non-confidential supporting memorandum, a notice of the request to seal, and a proposed order.  The non-confidential memorandum and proposed order must include:
>
> > (1) A non-confidential description of what is to be sealed (e.g., medical records);
> >
> > (2) A statement as to why sealing is necessary;
> >
> > (3) Reference to governing case law; and
> >
> > (4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

>The proposed order must recite the findings required by governing case law to support the proposed sealing.
>
>The movant may also submit a confidential memorandum for in camera review in support of the motion. Memoranda supporting or opposing the motion may be submitted and may be designated, in whole or in part, as confidential. Any confidential memoranda must be treated as sealed pending the ruling on the motion to seal.
>
>The clerk must provide public notice by docketing the motion as set forth in the nonconfidential description and date assigned for submission.

*     *     *

Plaintiff has not filed a non-confidential memorandum explaining what is to be sealed, or providing a statement as to why sealing is necessary, or providing any reference to governing case law, or providing any statement of the period of time plaintiff seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

*Third*, plaintiff has not complied with any part of the July 26, 2006 General Order on Procedures For Filing Documents Under Seal In Civil Cases, much of which is contained in Local Civil Rule 5.6.

*Fourth*, Rule 6 of the October 2009 Administrative Procedures for Electronic Filing, which plaintiff represents he followed,[2] does not authorize plaintiff to breach Local Rules 5.1 and 5.6, and the July 26, 2006 General Order on Procedures For Filing Documents Under Seal In Civil Cases:

>**Rule 6-Sealed Documents**
>
>Documents ordered to be placed under seal must be filed conventionally. A motion to file documents under seal and the order of the court authorizing the filing of documents under seal may be filed electronically unless the motion and/or order are also to be kept under seal. If filed conventionally, a paper copy of the order authorizing sealing must be attached to the documents under seal and delivered to the clerk.

---

[2] Plaintiff's Motion to File Under Seal, p. 1.

3

There has been no Order authorizing the filing of any document under seal, and there has been no explanation of any need to file the sealing motion itself under seal.

*Fifth*, Rule 26(b)(5)(B), Fed. R. Civ. Pro., which plaintiff represents as requiring his Motion to File Under Seal to be filed under seal,[3] he followed, does not authorize plaintiff to file his Motion to Seal under seal, or to breach Local Rules 5.1 and 5.6, or to breach the July 26, 2006 General Order on Procedures For Filing Documents Under Seal In Civil Cases. It merely requires that the documents or information subject to the claim of privilege be filed under seal:

> (5) ***Claiming Privilege or Protecting Trial-Preparation Materials.***
>
> \*            \*            \*
>
> (B) *Information Produced*. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Accordingly, plaintiff's Motion to Seal is unfiled or, at best, improperly filed, and should be denied for that reason, independently of all other reasons.

### B. Plaintiff's Reliance on his Asserted Need for Unredacted Versions of the Documents Cannot Justify Invasion of the Attorney-Client Privilege

Plaintiff asserts that his need for the unredacted versions of documents this Court has held to be privileged overrides even the attorney-client privilege: "Plaintiff, Richard H. Weisler, M.D. ("Dr. Weisler), hereby moves the Court for an Order compelling Defendants to produce the documents filed under seal herewith in unredacted form regardless of

---

[3] Plaintiff's Memorandum in Support of Motion for Relief Under F.R.C.P. [sic] 26(b)(5)(B) at p. 10 n.14.

whether they constitute attorney-client privilege or are subject to putative privilege under the work product doctrine."[4]  In addition to the arguments in the Gilbert defendants' opposition, the Seymour defendants submit two additional independent arguments.

*First*, plaintiff has waived any contention as to attorney-client privilege, by representing in his November 2, 2010 at p. 2: "First, the information Dr. Weisler seeks does not involve any attorney-client communication . . . . None of that information is relevant to these proceedings or Dr. Weisler's discovery request."[5]  Plaintiff cannot now assert, on a request for reconsideration, a contention he represented to the Court, at the outset of the discovery dispute, that he had abandoned.

*Second*, a discovering party's need for information is relevant as to work-product privilege, *Hickman v. Taylor*, 329 U.S. 495, 508 (1947) (distinguishing between the two types of privilege), but has no relevance to documents protected by attorney-client privilege.  Rule 26(b)(3)(A)(ii), for example, allows an exception of need for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," but makes no similar provision for documents protected by attorney-client privilege.  The protection for attorney-client privilege is so strong that it even survives the death of the client. *Swidler & Berlin v. United States*, 524 U.S. 399 (1998).  *Swidler* recognized that the price of maintaining the privilege could be the loss of evidence, *id.* at 408, but held that creating an

---

[4] Plaintiff's Motion for Relief Under F.R.C.P. [sic] 26(b)(5)(B) at pp. 1-2.

[5] The complete paragraph is:

> Plaintiff, Dr. Richard Weisler, opposes the Defendants' Motion on three separate grounds.  First, the information Dr. Weisler seeks does not involve any attorney-client communication, nor does he seek to obtain medical information concerning the Plaintiff's mental health or other medical information.  Dr. Weisler had obtained that information himself from the Barge Case Plaintiffs and given it to the Defendants.  None of that information is relevant to these proceedings or Dr. Weisler's discovery request.

exception for the death of the client might render the privilege too uncertain for it to continue its beneficial purpose of encouraging frank communication between client and counsel. *Id.* at 409-10.

LOUISIANA CODE EVID. Art. 506, similarly makes no exception to attorney-client privilege for a claim of need. The exceptions are stated in Art. 506(C), and are as follows:

> C. **Exceptions.** There is no privilege under this Article as to a communication:
>
> (1)(a) If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client or his representative knew or reasonably should have known to be a crime or fraud.
>
> (b) Made in furtherance of a crime or fraud.
>
> (2) Which was with a client now deceased relevant to an issue between parties who claim through that client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos.
>
> (3) Which is relevant to an issue of breach of duty by a lawyer to the client or by a client to the client's lawyer.
>
> (4)(a) Which is relevant to an issue of authenticity or capacity concerning a document which the lawyer signed as a witness or notary.
>
> (b) Concerning the testimony of a representative of a lawyer regarding a communication relevant to an issue of authenticity or capacity concerning a document to which the representative is a witness or notary.
>
> (5) Which is relevant to a matter of common interest between or among two or more clients if the communication was made by any of them or their representative to a lawyer or his representative retained or consulted in common, when subsequently offered by one client against the other in a civil action.
>
> (6) Concerning the identity of the lawyer's client or his representative, unless disclosure of the identity by the lawyer or his representative would reveal either the reason for which legal services were sought or a communication which is otherwise privileged under this Article.

By contrast, LOUISIANA CODE OF CIVIL PROCEDURE Art. 1424(A) allows a court to consider need for the information in question in determining whether to allow a breach of the protections for attorney work-product:

> A. The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.  Except as otherwise provided in Article 1425(E)(1), the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.

### C. **Plaintiff's Reliance on Defendants' Intent is Misplaced**

Plaintiff asserts throughout his Memorandum in Support of Motion for Relief Under F.R.C.P. [sic] 26(b)(5)(B) that he needs unredacted versions of the documents in question in order to show defendants' intent in rejecting his statements.

Intent is not an element of the breach of contract claim plaintiff has pleaded.  "The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."  *Favrot v. Favrot*, 2011 WL 458708, 2010-0986 (La.App. 4th Cir. Feb. 9, 2011) (No. 2010-CA-0986) (preliminary opinion prior to official publication) (citations omitted).[6]  Intent and fraud are not an element of a breach of contract claim.  *ODECO Oil & Gas Co. v. Nunez*, 532 So.2d 453 (La.App. 1st Cir. Oct. 12, 1988), *writ denied*, 535 So.2d 745 (La. Jan. 6, 1989).

Plaintiff's second cause of action is pleaded under Louisiana's Open Account law, LA. REV. STAT. 9:2781 *et seq*.  Sec. 9:2781(D) provides:

> D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.  "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.  For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

---

[6] A copy of the opinion is attached hereto as Exhibit 1.

Intent is also not an element of this cause of action.

Defendants' May 29, 2009 Answer and Counterclaim did not raise any issues about defendants' good faith, but only about plaintiff's good faith.

As such, plaintiff's claims of need are for matters outside the scope of Rule 26(b)(1), Fed. R. Civ. Pro., which presumptively limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense," unlike the former standard of "relevant to the subject matter involved in the action."

### D. Conclusion

For the reasons stated by the Gilbert defendants, as well as for those stated above, the Seymour defendants urge that plaintiff's motion, whether or not filed, be denied.

Respectfully Submitted,

/s/ Richard T. Seymour
Richard T. Seymour  (D.C. Bar #28100)
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue N.W., Suite 900
Washington, D.C.  20036-4129
rick@rickseymourlaw.net
 (202) 862-4320 – Telephone
(202) 549-1454 – Cell
(800) 805-1065 – Facsimile

*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

Dated:  March 14, 2011

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2011, I served a copy of the Nonconfidential Memorandum by Defendants Richard T. Seymour and (Misnamed) Richard T. Seymour, P.L.L.C. in Opposition to Plaintiff's Unfiled March 4, 2011 Motion to File Under Seal, and Opposition to Plaintiff's Motion for Relief Under F.R.C.P. 26(b)(5)(B), on counsel of record for all parties, and/or all parties, as shown below, through the Court's ECF system or by e-mail.

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*