UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| PERTAINS TO: BARGE | * * * * | NO. 05-4182 and consolidated cases |
| | * * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* 09-2737 | * * * * * * * * | JUDGE STANWOOD R. DUVAL, JR. MAG. JUDGE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM BY LAWRENCE A. WILSON, P.C. INCORRECTLY NAMED LAWRENCE A. WILSON AND WILSON, GROCHOW, DRUKER & NOLET, AND WIEDEMANN & WIEDEMANN, P.L.C. IN OPPOSITION TO PLAINTIFF'S MARCH 4, 2011 MOTION TO FILE UNDER SEAL, AND OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 26(b)(5)(B)**

Defendant, Lawrence A. Wilson, P.C., improperly named Lawrence A. Wilson, and Wilson, Grochow, Druker & Nolet, (hereinafter "Wilson"), and Wiedemann & Wiedemann, P.L.C. oppose plaintiff's March 4, 2011 Motion to File Under Seal and plaintiff's March 4, 2011 Motion for Relief Under F.R.C.P. 26(b)(5)(B). Wilson defendants and Wiedemann & Wiedemann adopt by reference the Defendants' – Improperly Joined Individual Brian A. Gilbert's And The Law Office Of Brian A. Gilbert, P.L.C.'s - Opposition to the Motion To File Under Seal and Motion For Relief Under F.R.C.P. 26(b)(5)(B) (hereinafter, "Gilbert defendants") (Doc. # 20183), and the Seymour Opposition to the Motion to File Under Seal and

1

Motion for Relief under F.R.C.P 26(b)(5)(B), and in addition, oppose plaintiff's motions on the following grounds:

### A. DISCOVERING PARTY ASSERTING "AT ISSUE" WAIVER BEARS THE BURDEN OF PROVING THE WAIVER

The discovering party asserting "at issue" waiver bears the evidentiary burden of proving the waiver. *Taita Chem. Co. V. Westlake Styrene Corp.*, 246 F.3rd 377, 388 (5th Cir. 2001)(citing *Fed. Deposit Ins. Corp. v Duffy*, 47 F.3rd 146, 150 (5th Circ. 1995); *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371, 1373 (La. 1987)).  Plaintiff has failed to meet his evidentiary burden.  Plaintiff has not even attached the Defendants' Answers to the within motion.

### B.  PLAINTIFF HAS FAILED TO SHOW THAT HE CAN NOT OBTAIN THE INFORMATION BY OTHER MEANS

Plaintiff without support claims that he can not obtain the information regarding why Dr. Weisler's alleged bill has not been paid through written discovery or by deposing the defendants. Most notably, Plaintiff has failed to serve written discovery or hold depositions in this matter. Plaintiff's claim is pure speculation and is without merit.

### C. DEFENDANTS HAVE NOT WAIVED THE ATTORNEY CLIENT PRIVILEGES OR WORK PRODUCT PROTECTION

Waiver occurs only when the privilege holder "will be forced inevitably to draw upon a privilege communication at trial in order to prevail.  The focus, then, must be on defendants' intended use of protected communications, i.e., on "whether the privilege holders have committed themselves to a course of action that will require the disclosure of privileged communication.  Succession of Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138 at 1146(La. 1987).  Here plaintiff has failed to show that defendants will be forced to draw upon privileged communications in order to prevail at trial.

### D. NONE OF THE EMAILS ATTACHED TO DEFENDANTS' MOTION ARE TO OR FROM WILSON DEFENDANTS

Further, Plaintiff has not and can not provide any emails from the "Wilson" defendant to support the plaintiff's claim that defendant Wilson has placed "in issue" the subject privileged documents or that "Wilson" has acted in bad faith or with a malicious intent. Wilson was not and is not a party to any of the emails attached to the current motion.

### E. PLAINTIFF'S RELIANCE ON DEFENDANTS' INTENT IS MISPLACED

Plaintiff asserts throughout his Memorandum in Support of Motion for Relief Under F.R.C.P. [sic] 26(b)(5)(B) that he needs un-redacted versions of the documents in question in order to show defendants' intent in rejecting his statements. Intent is not an element of the breach of contract claim plaintiff has pleaded. "The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 2011 WL 458708, 2010-0986 (La.App. 4th Cir. Feb. 9, 2011) (No. 2010-CA-0986) (preliminary opinion prior to official publication) (citations omitted). Intent and fraud are not an element of a breach of contract claim. *ODECO Oil & Gas Co. v. Nunez*, 532 So.2d 453 (La.App. 1st Cir. Oct. 12, 1988), *writ denied*, 535 So.2d 745 (La. Jan. 6, 1989).

Plaintiff's second cause of action is pleaded under Louisiana's Open Account law, LA. REV. STAT. 9:2781 *et seq*. Sec. 9:2781(D) provides:

> D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

Intent is also not an element of this cause of action.

Defendants' May 29, 2009 Answer and Counterclaim did not raise any issues about defendants' good faith, but only about plaintiff's good faith. Moreover, Plaintiff fails to attach the defendants' Answers to its motion.

As such, plaintiff's claims are without merit and outside the scope of Rule 26(b)(1), Fed. R. Civ. Pro., which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense.

### F. PLAINTIFF'S ARGUMENTS HAVE ALREADY BEEN CONSIDERED AND REJECTED.

Additionally, Your Honor already has considered claims of privilege and protection over the documents subject of Dr. Weisler's present motion, as well as Dr. Weisler's arguments to the contrary. Dft. Mot, R. Doc. 20096; Weisler Opp., R. Doc. 20110. The arguments Dr. Weisler presents now are the *same* as those upon which he based his opposition. Even if these issued had not been raised " [the court] will not consider an issue raised for the first time in a Motion for Reconsideration." *Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir.1999) (per curiam); *see also LeClerc,* 419 F.3d at 412 n. 13 ("A motion for reconsideration may not be used to ... introduce new arguments."); *Mungo v. Taylor,* 355 F.3d 969, 978 (7th Cir.2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.").

Moreover, Plaintiff has waived any contention as to attorney-client privilege, by representing in his opposition to plaintiffs motion for a protective order, dated November 2, 2010 at p. 2: "First, the information Dr. Weisler seeks does not involve any attorney-client communication . . . . None of that information is relevant to these proceedings or Dr. Weisler's discovery request." Plaintiff cannot now assert, on a request for reconsideration, a contention he

4

represented to the Court, at the outset of the discovery dispute that he had abandoned. See also, La Code Evid. Art 506(B), 506(B)(3), La Code Evid. 506(A)(5), and Fed.R.Civ.P Rule 26(b)(3), 26(b)(3)(B), 26(b)(4) set forth in detail in the courts prior decision dated February 9, 2011.

### G.  CONCLUSION

This court has already held that the expense to the litigants (not to mention the burden to the court) was properly resolved by the stipulation reached by the parties and implemented by the court was a reasonable and sensible solution. For the reasons stated by the Gilbert defendants, the Seymour Defendants, as well as the rules set forth in the La Code Evid. Art 506(B), 506(B)(3), La Code Evid. 506(A)(5), and F.R.C.P Rule 26(b)(3)(B), Rule 26(b)(4), the case law promulgated there under, and for those stated herein, the defendants urge that plaintiff's motion be denied in its entirety.

Dated:  March 15, 2011

Respectfully submitted,

*/s/Lawrence A. Wilson*

_____

Lawrence A. Wilson, P.C., #9584
Admitted pro hoc vice
233 Broadway, 5th Floor
New York, New York 10279
Telephone: (212) 608-4400
Facsimile: (212) 608-0746
lwilson@wgdnlaw1.com

### CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 14th day of March, 2011.

*/s/Brian A. Gilbert*
Attorney for the Barge PSLC, Wilson Defendants, and Wiedemann & Wiedemann