UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * <br> * <br> * | CIVIL ACTION |
| | * <br> * | NO. 05-4182<br>and consolidated cases |
| PERTAINS TO: BARGE | * <br> * | |
| | * | SECTION "K" (2) |
| Weisler v. Seymour, et al. 09-2737 | * <br> * <br> * | JUDGE<br>STANWOOD R. DUVAL, JR. |
| | * <br> * <br> * | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF UNDER F.R.C.P. 26(b)(5)(B)**

**MAY IT PLEASE THE COURT:**

Pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure ("F.R.C.P."), Plaintiff, Richard H. Weisler, M.D. ("Dr. Weisler") moves the Court to order Defendants to produce those e-mails in three categories described below to Plaintiff in unredacted form.

## FACTS

As the Court is aware, on February 23, 2011, the Defendants provided Dr. Weisler with redacted versions of certain documents in response to Dr. Weisler's Request for Production, as they were ordered to do by the Court's Order and Reasons on Motion of February 9, 2011. *See Record ("Rec") Document ("Doc.") 20158, pp. 23-26.* Dr. Weisler has filed this Motion seeking unredacted versions.

Some of the same documents among those the Defendants has now produced were previously provided to Plaintiff in unredacted form. Where that is the case, Plaintiff has attached both versions of the documents to this memorandum, which has been filed **_under seal_** pursuant to the Court's instructions and Local Rule 6 of the Administrative Procedures for Electronic Filing.

There are essentially three categories of documents for which Plaintiff seeks authorization from the Court to use in unredacted form. These are:

1. Those e-mails which constitute impeachment evidence as they completely contract the content of the Defendants' counter-claim and which reflect the fact that Dr. Weisler's report was acceptable to Defendants and/or Defendants' view that Dr. Weisler provided the services for which they had retained him. *See* the following documents attached hereto:

    a. September 3, 2008 e-mail from Richard Seymour Bates Nos. 1829 and 1830 [redacted]; and
    b. The unredacted version of same previously provided by Defendants.

2. Those e-mails which constitute impeachment evidence as they completely contradict the portion taken in their Motion to Dismiss claims for individual and/or persona liability as they reflect the fact that the individual Defendants signed agreements personally obligating them for expenses incurred in the

2

"Barge" case. *See* the following documents attached hereto:

    a.    Bates No. 1773 (redacted);
    b.    Bates No. 1824 (redacted);
    c.    Bates No. 1830 (redacted);
    d.    Bates No. 1826 (redacted);
    e.    Bates No. 1858 (redacted);
    f.    Bates No. 1864 (redacted); and
    g.    Bates No. 1861 (redacted).

3.    Those e-mails which completely undermine their counter-claim and serve as impeachment evidence as they reflect the Defendants' efforts after the fact to justify - - on the basis of specious reasons - - their intentional decision not to pay Dr. Weisler, primarily because they lacked the funds. *See* the following documents attached hereto:

    a.    Bates No. 16 (redacted);
    b.    Bates No. 119 (redacted);
    c.    Bates No. 120 (redacted);
    d.    Bates No. 1797 (redacted);
    e.    Bates No. 1866 (redacted);
    f.    January 11, 2009 e-mail from Mark Ravis, Ex. 6 attached to the Wilson January 14th letter (unredacted);
    g.    January 29, 2009 e-mail from Richard Seymour, Ex. 6 attached to the Wilson January 14th letter (unredacted);
    h.    Bates No. Barge PSLC 9 (redacted);
    I.    Bates No. Barge PSLC 10 (redacted);
    j.    Bates No. Barge PSLC 3 (redacted);
    k.    Bates No. Barge PSLC 16 (redacted);
    l.    Bates No. Barge PSLC 119 (redacted);
    m.    Bates No. Barge PSLC 120 (redacted); and
    n.    January 29, 2009 e-mail from Richard Seymour, Ex. 6 attached to the Wilson January 14th letter (unredacted).

Dr. Weisler submits the following circumstances give rise to the need for the Court to grant Dr. Weisler relief under F.R.CP. 26(b)(5)(B):

1.    

*redacted by* [signature] 3/17/11

2.

3.

4.

5.



redacted by [signature] 3/17/11

## SUMMARY OF THE ARGUMENT

Under these facts - - which can be proven through Defendants' own words in the e-mails they have produced to Dr. Weisler and this Court - - there can be no question that the Defendants are acting in bad faith with respect to their refusal to compensate Dr. Weisler. Given Defendants' nefarious plot, as evidenced by their unredacted and redacted e-mails listed above, to create out of whole cloth a justification for their unlawful decision not to pay Dr. Weisler, Defendants are undeserving of the protections of attorney-client privilege and the work product doctrine. That is, where the party invoking the protection

4

of the privilege or the doctrine has engaged in fraudulent acts that are *contra bonos mores*, or in bad faith, the protection should be deemed to have been waived - - especially where as here, the contents of the very documents to which the attorney-client privilege and/or work product doctrine are involved are evidence of the party's immoral, fraudulent or unlawful acts, and bad faith. Fairness, justice and public policy demand that the protection afforded privileged information and work product be withdrawn in such situations. Surely, the Federal Rules of Civil Procedure related to discovery, including Rule 26, if not Rule 11, were not intended to shield dishonest and deceptive practices designed to obscure the truth.

## APPLICABLE LAW

While the protections afforded by the attorney-client privilege and work product doctrine are often treated as inviolate, the U.S. Supreme Court has noted limitations on both. In *Hickman v. Taylor*[1], the Court considered the scope of the work product doctrine and stated:

> We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's files and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances be admissible in evidence . . . . Or they might be useful for purposes of impeachment or corroboration . . . . Were production of written statements and documents to

---

[1] 329 U.S. 495, 67 S.Ct. 385 (1947); see also *FTC v. Grolier, Inc.*, 462 U.S. 19, 27, 103 S.Ct. 2209, 2214 (1983).

> be precluded under such circumstances, the liberal ideals of the deposition - discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning.[2]

Where, as here, a party can show the necessity for the production of the allegedly protected materials and/or that denial of such production would unduly prejudice the preparation of his case or cause him hardship or injustice, the materials should be ordered produced.[3]

Moreover, Defendants have stated in their Answer that their refusal to pay Dr. Weisler was not based solely on their decision to abandon their attempts to certify the Subclass and have falsely alleged in their Counterclaim against him that their refusal to pay was, *inter alia*, based on "failure of consideration," and that Dr. Weisler was incompetent and negligent. Accordingly, they have placed their real reasons for failing to pay Dr. Weisler "at issue" and the e-mails described above, which clearly belie and impeach Defendants' assertions, are the only means through which Plaintiff can establish Defendants' bad faith refusal to pay.

Thus, Dr. Weisler can make the required showing under Rule 26(b)(3)(A) that he has substantial need for the e-mails - - to disprove Defendants' assertions in their Answer and Counterclaim - - and that Dr. Weisler cannot "obtain their substantial equivalent by other means." FRCP 26(b)(3)(A)(ii). Surely, given the tone and contents of the e-mails, Defendants cannot plausibly assert that Dr. Weisler can obtain information regarding their

---

[2] *Hickman*, 329 U.S. at 511-12, 67 S.Ct. at 394.

[3] *Hickman*, 329 U.S. at 509, 67 S.Ct. at 394; 19 La. Civ. L. Treatise, Evidence and Proof §8.6 (2010).

true motive for not paying him through written discovery or by deposing them. The e-mails are the only means Plaintiff has to prove that Defendants owe him compensation and that they have no legally justifiable reason for not paying his bills.

The work-product doctrine is not an umbrella for avoiding production of all materials prepared by a lawyer or an agent of the client. In Louisiana the privilege afforded by the doctrine is "qualified, not absolute."[4] Certainly, the U.S. Fifth Circuit has generally held: "As long as the primary motivating purpose behind the creation of the document was to aid in potential future litigation," the work-product privilege is implicated.[5] But more significantly, if the materials were assembled or came into being in the ordinary course of business, as here. work-product protection does not reach that far.[6] Moreover, the work-product privilege does not extend to underlying facts relevant to the litigation.[7] What could be more relevant to Dr. Weisler's claims that Defendants have wrongly refused to compensate him than e-mails exchanged among the Defendants that evidence their bad faith efforts to conjure up some plausible legal justification for their self-serving decision not to pay him?[8]

---

[4]   Landis v. Moreau, 779 So.2d 691, 697 (La. 2001).

[5]   See In Re Kaiser Aluminum & Chemical Co., 214 F. 3d 586, 598 (5th Cir. 2000).

[6]   See United States v. El Paso Co., 682 F. 2d. 530, 542 (5th Cir. 1982), cert. denied, 466 U.S. 944 (1984); Beal v. Treasure Chest Casino, 1999 W.L. 461970 at *3 (E.D. La. 7/1/99).

[7]   Nutmeg Insurance Co. v. Atwell, Vogel and Sterling, a Division of Equifax Services, Inc., 120 F.R.D. 504, 509 (W.D. La. 1988).

[8]   See, e.g., In re Grand Jury Subpoenas, 561 F.3d 408, 412 (5th Cir. 2009), in which the court applied the "crime-fraud" exception to the attorney-client privilege in ordering the

7

It is very probable that without these e-mails, Defendants would never admit their true and unjustified purpose for refusing to pay Dr. Weisler. Consequently, under the applicable law, Plaintiff is entitled to obtain the e-mails at issue here in unredacted form regardless of whether they constitute work product. Moreover, it should be noted that any protection to which Defendants could possibly be entitled is already afforded by this Court's Protective Order of November 15, 2010 providing that said documents may <u>only</u> be used in this litigation.[9]

Finally, as this Court noted with regard to many of the e-mails reviewed *in camera* prior to issuing its February 9, 2011 Order [Rec. Doc. 20158], the Defendants have waived any privilege or protection as to the e-mail communications referred to hereinabove under the "placing-at-issue waiver" rule. The Louisiana Supreme Court has held that a "placing-at-issue" waiver occurs when a privilege-holder pleads a claim or a defense in such a way that he will be forced inevitably to draw upon a privileged communication at trial in order to prevail. Consequently, he places "at issue" and waives any privilege or protection as to communications on the same subject under his control. As the court stated:

> Placing-at-issue waiver is an application of the 'anticipatory waiver' principle. An allegation which anticipates a disclosure that will inevitably occur at trial creates the same type of unfairness as a pre-trial partial disclosure: delaying waiver until

---

disclosure of documents that would otherwise have been protected by the privilege. The court noted that "the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." By analogy, this Court should deny Defendants the protection of the attorney-client privilege and the work product doctrine because of their fraudulent and bad faith actions in refusing to pay Dr. Weisler.

[9]  *See* Rec. Doc. 20124, p. 1.

8

trial could hamper settlement evaluation and effective trial preparation. [Citations omitted][10]

The "placing-at-issue" doctrine has been described by this Court in the context of attorney-client privilege as follows:

> [U]nder the 'placing-at-issue' doctrine, a privilege holder waives his privilege if the holder 'pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication at trial . . . to prevail.[11]

The inquiry, therefore, should come down to whether a party's pleadings have placed the information sought "at issue." If so, as to such information, any such privilege or protection is waived.[12] As this Court noted in its February 9, 2011 Order (Rec. Doc. 20158):

> [W]hen privileged matter has been placed at issue and when work product is a basis for a claim or defense, they are not protected from discovery or disclosure because the protection is implicitly waived. (Rec. Doc. 20158, p. 14).

By denying in their Answer that their refusal to pay Dr. Weisler was solely because they abandoned the Subclass and asserting in their Counterclaim causes of action for breach of contract and failure of consideration, Defendants have placed "at issue" the reason(s) for their refusal to pay Dr. Weisler. Thus, under applicable law, the e-mail communications

---

[10] *Petition of Smith v. Kavanaugh Pierson & Talley*, 18 So. 2d 1138, 1140 (La. 1987).

[11] *Asset Funding Group, L.L.C. v. Adams & Reese, L.L.P.*, 2008 WL 927937 at *7 (E.D. La. 4/4/08).

[12] *Conoco, Inc. v. Boh Bros Construction Co.*, 11 F.R.D. 107, 117 (W.D. La. 1998)

at issue herein evidencing Defendants' bad faith strategizing to concoct an explanation and/or justification for their refusal to pay him are discoverable. Moreover, the e-mails sought in unredacted form may not be available to Dr. Weisler to use as he wishes unless this Motion is granted.

Finally, under the February 9, 2011 Protective Order, all of the necessary protections for the Defendants are already in place. Dr. Weisler can <u>only</u> use the materials sought herein in <u>this</u> litigation, <u>must</u> keep them confidential, and may <u>not</u> disclose them or their contents to anyone, except parties, counsel, experts and the mental health professionals who worked with and under Dr. Weisler to prepare the expert reports contracted for by Defendants.[13] Moreover, all pleadings and other documents filed in this matter, including Plaintiff's F.R.C.P. 26(b)(5)(B) Motion herein, must be filed "under seal."[14] Dr. Weisler respectfully submits that the protection afforded Defendants by the various Protective Orders already in place are sufficient to protect their claimed work product, particularly in light of their bad faith efforts to avoid paying Dr. Weisler.

---

[13]  See Rec. Doc. 20124, p. 1.

[14]  F.R.C.P. 26(b)(5)(B).

## CONCLUSION

For the foregoing reasons and under the authorities discussed above, Plaintiff, Dr. Weisler, moves the Court for an Order compelling Defendants to produce unredacted versions of the emails referenced herein and attached as exhibits hereto.

Respectfully submitted,

_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Charles E. Riley, IV (28200)
Christopher B. Conley (31674)
30th Floor Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Plaintiff, Richard H. Weisler, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by facsimile, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 4th day of March, 2010.

_____

N:\DATA\N\50182001\Pleadings\Modify Protective Order Memo (2).wpd