**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * * | SECTION "K" (2) |
| | * | |
| *Weisler v. Seymour, et al.*     09-2737 | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| | * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# PRELIMINARY WITNESS AND EXHIBIT LISTS BY DEFENDANTS RICHARD T. SEYMOUR AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C.

**Table of Contents**

A.      Witness List .................................................................................................................. 2
B.      Exhibit List ................................................................................................................... 9

Pursuant to the September 15, 2010 Scheduling Order herein (Doc. # 20050), defendant Richard T. Seymour and misnamed defendant Richard T. Seymour, P.L.L.C. (hereinafter "Seymour defendants"), hereby submit their Witness List and Exhibit List herein.

Because discovery and analysis is ongoing, the Seymour defendants reserve the right to supplement and re-order this list.

The Seymour defendants are still searching for the current addresses for a number of participants mentioned by plaintiff as having been involved in his Report.

A. **Witness List**

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 1 | Richard H. Weisler, M.D.<br>Richard H. Weisler, M.D., P.A. & Associates<br>700 Spring Forest Road<br>Suite 125<br>Raleigh, NC 27609 | Will call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 2 | Mark H. Townsend, M.D.<br>LSU Behavioral Sciences Center<br>3450 Chestnut Street<br>New Orleans, LA 70115 | May call | Same, plus plaintiff's invoices and invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 3 | Jill Hayes, Ph.D.<br>525 Huey P. Long Avenue<br>Gretna, LA 70053 | May call | Plaintiff's allegations and defendants' defenses; plaintiff's invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; |

| **Number** | **Name and Address of Witness** | **"Will" or "May" Call** | **Expected Testimony** |
|---|---|---|---|
| | | | communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 4 | Howard J. Osofsky, M.D., Ph.D.<br>LSU Health Sciences Center<br>School of Medicine at New Orleans<br>1542 Tulane Avenue<br>Room 228<br>New Orleans, LA 70112 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 5 | Joy Osofsky, M.D., Ph.D.<br>LSU Health Sciences Center<br>Department of Pediatrics<br>Children's Hospital<br>200 Henry Clay Ave<br>New Orleans, LA 70118 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 6 | Alexander Crosby, M.D.<br>1600 Clifton Road North East Stop F36<br>Atlanta, GA 30329 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | members of the medical team |
| 7 | Fran H. Norris, Ph.D.<br>National Center for Disaster Mental Health Research<br>Research Professor of Psychiatry and of Community and Family Medicine<br>Dartmouth Medical School<br>VA Medical Center<br>215 North Main Street<br>White River Junction VT 05009 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 8 | Kara Koehrn<br>Program Analyst,<br>Office of Information Access and Analysis,<br>Office of Environment Information<br>Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 9 | Richard F. Dalton Jr., M.D.<br>Department of Psychiatry, Tulane University School of Medicine<br>1415 Tulane Avenue<br>New Orleans, LA 70112 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 10 | David V. Sheehan, M.D. University South Florida Department of Psychiatry 3515 East Fletcher Ave. Tampa, FL 33613 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 11 | Jessica Hamblen, Ph.D. Deputy Director for Education, National Center for Disaster Mental Health Research, and Asst. Prof. of Psychiatry Dartmouth Medical School VA Medical Center 215 North Main Street White River Junction, VT 05009 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 12 | Jonathan Davidson | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 13 | Allan Chrisman, M.D. Duke University Medical Center | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 14 | Narayan Sastry University of Michigan/Rand Corp. | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 15 | Bonnie Mincey-PDC Finance Private Diagnostic Clinic, PLLC Duke University Medical Center Box 3070 Durham, NC 27710 | May call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
|  |  |  | members of the medical team |
| 16 | Richard T. Seymour<br>Law Office of Richard T. Seymour, P.L.L.C.<br>1150 Connecticut Avenue N.W., Suite 900<br>Washington, D.C. 20036-4129 | Will call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 17 | Alan L. Fuchsberg<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 18 | Leslie Kelmachter<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 19 | Brian Gilbert<br>Best, Koeppel & Traylor<br>2030 St. Charles Avenue<br>New Orleans, Louisiana 70130 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 20 | Shawn Khorrami<br>Khorrami, Pollard & Abir<br>444 S. Flower Street<br>33d Floor<br>Los Angeles, CA 90071 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
|  |  |  | requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 21 | Mark Ravis, M.D., J.D. Mark Ravis & Associates 270 North Canon Dr. 3rd Floor Beverly Hills, Ca 90210 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 22 | Representative of the Medical School of the University of North Carolina at Chapel Hill | May call | Plaintiff's connections with the institution, and the effect of these connections on his hourly rate |
| 23 | Representative of the Medical School of Duke University | May call | Plaintiff's connections with the institution, and the effect of these connections on his hourly rate |
| 26 | Any staff of plaintiff's in 2008 | May call | Plaintiff's work on this case, plaintiff's work on other matters during the time covered by this case, and their involvement in his report |
| 27 | Any persons identified as knowledgeable in response to any of the Seymour defendants' discovery requests | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 28 | Any persons identified as knowledgeable in response to any of the Gilbert defendants' discovery requests | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 29 | Any persons identified as knowledgeable in response to any discovery requests of any party | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 30 | Any persons identified as | May call | The subject matter of the deposition |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
|  | knowledgeable in any deposition taken in this matter |  | testimony as to which the person was identified as knowledgeable |
| 31 | Any witness named by any other party | May call | The subject matter as to which trhe pther person was named, and any other issues relevant to this lawsuit |
| 32 | Any present or former official, employee, consultant, or designee of the Centers for Disease Control and Prevention as to the Mental Health Survey Instrument, | May call | The creation, testing, validation, use, and professional reputation of the Mental Health Survey Instrument |
| 33 | Any witnesses who may be appropriate for impeachment or rebuttal | May call | The subject matter as to which the person may have knowledge suitable for impeachment or rebuttal |

B.   **Exhibit List**

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 1 | Expert report submitted by Plaintiff in the Barge case | Attachment A to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff Richard H. Weisler | May use |
| 2 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." | Attachment B to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff BargePSLCWeisSeym001445 and following pages | May use |
| 3 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff | BargePSLCWeisSeym001445 and following Attachment B to Seymour | May use |

9

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
|  | submitted to Defendants, bearing the date "7/7/08." | defendants' February 24, 2011 First Requests for Discovery from Plaintiff |  |
| 4 | December 12, 2008 Letter from Plaintiff's counsel, Andrew Wilson, to Brian Gilbert | Attachment C to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 5 | Invoice for the time of Dr. Mark Townsend for his work in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment D to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 6 | Plaintiff's Invoice for work in the Barge case, updated through July 28, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment E to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 7 | August 13, 2008 invoice for the work Dr. Townsend performed in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment F to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 8 | "Final Invoice" dated "12/02/08" invoice for the work Dr. Townsend purportedly performed in the Barge case identified in ¶ 6 of Plaintiff's Complaint, updated through August 15, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment G to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 9 | August 12, 2008, e-mail sent by Brian Gilbert to Plaintiff and Dr. Townsend at 11:29 P.M. Central Daylight Time, asking them to suspend all work on the case. | Attachment H to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001736 | May use |
| 10 | February 4, 2009 letter from Andrew | Attachment I to Seymour defendants' February 24, | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| | Wilson to Brian Gilbert | 2011 First Requests for Discovery from Plaintiff | |
| 11 | Statement of Plaintiff's purported compensable time and expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 1 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Attachment J to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 9 | Summary of all of Plaintiff's activity in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, and of Plaintiff's efforts to bill and collect from Barge plaintiff's counsel, Exhibit 2 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Attachment K to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 10 | List of "most of the identified articles, books and materials" that Plaintiff contends he "reviewed either in full or in part secondary [sic] to Barge PSLC Attorney instructed "'examination and discussion of peer-review articles and peer accepted methodologies of the entire area of Disaster Mental Health . . . .", Exhibit 3 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Attachment L to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 11 | "Table of Contents" consisting of excerpts of e-mail messages from and to various persons, with everything omitted except a subject line, a date (sometimes with, and sometimes without, time), sometimes with, and sometimes without, a "from" line, sometimes with, and sometimes without, a "CC" line, | Attachment M to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |

11

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| | always without the body of the message if any, always without an indication of any attachment, and always without any attachment, Exhibit 4 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | | |
| 12 | Plaintiff's time records for the time he spent working in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 5 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | Attachment N to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 13 | Plaintiff's documentation of expenses incurred by Plaintiff while working on the Barge case, Exhibit 6 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | Attachment O to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 14 | February 8, 2009 letter from Richard T. Seymour to Andrew Wilson | Attachment P to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 15 | E-mail thread, with the top e-mail sent by Brian Gilbert at 3:47 P.M. on May 29, 2008, to Plaintiff and others on the medical team and co-counsel, and the second e-mail sent by Dr. Mark Townsend on May 29, 2008, at 2:32 P.M. | Attachment Q to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff  BargePSLCWeisSeym000461 through BargePSLCWeisSeym000463 | May use |
| 16 | E-mail thread, with the top e-mail sent by Mark Townsend at 5:26 P.M. on May 29, 2008, with Plaintiff and others addressed or cc'd. | Attachment R to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff  BargePSLCWeisSeym000466 through BargePSLCWeisSeym000468 | May use |

12

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 17 | E-mail thread Bates-numbered, with the top e-mail sent by Richard Seymour addressed or cc'd to Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 4:36 P.M. Eastern Daylight Time on June 2, 2008 | Attachment S to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000526 through BargePSLCWeisSeym000528 | May use |
| 18 | E-mail thread Bates-numbered, with the top e-mail sent by Karen Wiedemann addressed to Dr. Mark Townsend, and co-counsel at 5:18 P.M. on June 2, 2008 | Attachment T to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000521 through BargePSLCWeisSeym000523 | May use |
| 19 | E-mail thread with the top e-mail sent by Dr. Mark Townsend and addressed or copied to Dr. Jill Hayes, Plaintiff, others on the medical team, and counsel at 7:47 P.M. on May 29, 2008. | Attachment U to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000469 through BargePSLCWeisSeym000472 | May use |
| 20 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Jill Hayes, Plaintiff, Dr. Mark Townsend, and co-counsel at 2:52 P.M. on June 3, 2008. | Attachment V to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000534 through BargePSLCWeisSeym000538 | May use |
| 21 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 5:46 P.M. on June 6, 2008, with the subject line "Re: Barge Cases: Conference Call on Draft Report." | Attachment W to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000594 through BargePSLCWeisSeym000597 | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 22 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and co-counsel at 2:34 P.M. Eastern time on June 29, 2008, with the subject line "Re: Barge Medical: Expert Report." | Attachment X to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001254 through BargePSLCWeisSeym001259 | May use |
| 23 | E-mail Plaintiff sent on August 4, 2008 at 12:31 P.M. to counsel on the Barge case, and to Dr. Mark Townsend, containing information about expert witness fees | Attachment Y to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001530 through BargePSLCWeisSeym001533 | May use |
| 24 | Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide." | Attachment Z to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001529 | May use |
| 25 | Centers for Disease Control and Prevention, Mental Health Survey Instrument, and materials thereon | | May use |
| 26 | Plaintiff's Forthcoming Responses to Seymour defendants' Interrogatories to Plaintiff, or any of them | | May use |
| 27 | Plaintiff's Forthcoming Responses to Seymour defendants' Requests for Admissions from Plaintiff, or any of them | | May use |
| 28 | Plaintiff's Forthcoming Responses to Seymour defendants' Requests for Production from Plaintiff, or any of them | | May use |
| 29 | Materials to be produced in | | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| | discovery by plaintiff, or any of them | | |
| 30 | Materials to be produced in discovery by third parties, or any of them | | May use |
| 31 | Plaintiff's forthcoming Responses to the Gilbert defendants' discovery requests | | May use |
| 32 | E-mail threads in which the top e-mail was sent June 2, 2008 | | May use |
| 33 | E-mail threads in which the top e-mail was sent June 3, 2008 | | May use |
| 34 | E-mail threads in which the top e-mail was sent June 6, 2008 | | May use |
| 35 | E-mail threads in which the top e-mail was sent June 29, 2008 | | May use |
| 36 | E-mail threads in which the top e-mail was sent July 29, 2008 | | May use |
| 37 | E-mail threads in which the top e-mail was sent August 12, 2008 | | May use |
| 38 | E-mail threads in which the top e-mail was sent August 15, 2008 | | May use |
| 39 | Exhibits to any deposition in this case | | May use |
| 40 | Any exhibit listed by any other party | | May use |
| 41 | Any documents appropriate for impeachment or for rebuttal | | May use |

//

//

        Respectfully Submitted,

        /s/ Richard T. Seymour
        Richard T. Seymour  (D.C. Bar #28100)
        Law Office of Richard T. Seymour, P.L.L.C.
        1150 Connecticut Avenue N.W., Suite 900
        Washington, D.C.  20036-4129
            rick@rickseymourlaw.net
         (202) 862-4320 – Telephone
        (202) 549-1454 – Cell
        (800) 805-1065 – Facsimile

        *Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

Dated:  March 18, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2011, I served a copy of the Seymour Defendants' Witness List and Exhibit List, on counsel of record for all parties, and/or all parties, as shown below, through the Court's ECF system or by e-mail.

/s/ Richard T. Seymour
Richard T. Seymour (D.C. Bar #28100)
*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*