UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| | * | |
| *Weisler v. Seymour, et al.*  09-2737 | * | JUDGE |
| | * | STANWOOD R. DUVAL, |
| | * | JR. |
| | * | |
| | * | MAG. JUDGE |
| | | JOSEPH C. WILKINSON, |
| | | JR. |

### DEFENDANTS', IMPROPERLY JOINED INDIVIDUAL LAWRENCE WILSON'S, AND WILSON, GROCHOW, DRUKER AND NOLET'S, AND WIEDEMANN & WIEDEMANN, P.L.C.'S FIRST WITNESS AND EXHIBIT LIST

Witnesses (may call):

1. Karl D. Wiedemann
2. Lawrence D. Wiedemann
   As representatives of Wiedemann & Wiedemann, PLC
   110 Veterans Boulevard, Ste. 444
   Metairie, Louisiana, 70005

   Any and all terms, conditions of, and parties to, any contract by which Dr. Weisler was to have provided any services in the Barge Litigation; Dr. Weisler's methods, duties and activities; Dr. Weisler's expertise and representations thereof; scope and nature of Dr. Weisler's services; Dr. Weisler's results and conclusions; Dr. Weisler's bill and billing practices; Dr. Weisler's effect upon the Barge Litigation; existence and nature of Law Office of Brian A. Gilbert, P.L.C., as such bears upon matters at issue herein; any and all communications between Dr. Weisler and the Barge P.S.L.C., and/or Weisler and other members of the mental health expert team; subject to limits of relevance and admissibility.

3. Lawrence Wilson
   As representative of Wilson, Grochow, Druker and Nolet

    The Woolworth Building
    233 Broadway 5th Fl.
    New York, NY 10279

4. Any and all co-defendants/co-counterclaimants, concerning the same matters as in No. 1, above, without improper cumulation of testimony, subject to limits of relevance and admissibility.

5. Any and all members of the Barge Litigation mental health expert team, concerning the same matters as in No. 1, above, without improper cumulation of testimony, subject to limits of relevance and admissibility.

6. Shawn Khorrami
   444 S. Flower Street, 33d Floor
   Los Angeles, California  90071

   Any and all terms, conditions of, and parties to, any contract by which Dr. Weisler was to have provided any services in the Barge Litigation; Dr. Weisler's methods, duties and activities;  Dr. Weisler's expertise and representations thereof; scope and nature of Dr. Weisler's services; Dr. Weisler's results and conclusions; Dr. Weisler's bill and billing practices; Dr. Weisler's effect upon the Barge Litigation; any and all communications between Dr. Weisler and the Barge P.S.L.C., and/or Weisler and other members of the mental health expert team; subject to limits of relevance and admissibility.

7. Mark Ravis, M.D., J.D.
   Mark Ravis & Associates
   270 North Canon Dr. 3rd Floor
   Beverly Hills, Ca 90210

8. Same as No. 4, above, without improper cumulation of testimony, subject to limits of relevance and admissibility.

9. Any and all called or listed by any other party, as to any relevant matter within such witnesses' knowledge;

10. Any and all yet to be determined or discovered through ongoing investigation and discovery;

11. Any and all needed for rebuttal or impeachment;

12. Any and all by deposition to the extent unavailable for trial or with permission of the Court;

13. Any and all needed to authenticate exhibits.

14. Robert Cancro, M.D.  – Gilbert Defendants and Seymour Defendants also adopt.
    New York University
    Department of Psychiatry
    550 First Avenue
    Floor 4 Room HNN-416
    Milhauser Labs
    New York, NY 10016

    Impeachment or rebuttal.

Exhibits (May use):

1. Any and all relevant, nonprivileged, admissible communications produced via discovery, to the extent admissible;

2. Any and all relevant, nonprivileged, admissible notes, records, communications, reports and writings from, prepared, disclosed, seen, provided to and/or relied upon by Dr. Weisler and/or other members of the mental health expert team during their period of retention in the Barge Litigation, relevant to activities undertaken or not undertaken relative to the Barge Litigation;

3. Any and all written instruments describing or relevant to testing for the mental health conditions purportedly subject of Dr. Weisler's activities and/or report, whether or not such instruments were known to or used by Dr. Weisler.

4. Any and all relevant, nonprivileged, admissible documents and attachments composing the record of Civil Action 05-4182, Pertains to Barge, including but not limited to all Complaints, Witness and Exhibit Lists, Motion for Class Certification, and any and all Orders and Rulings pertaining to BARGE, relevant to the issues in this litigation;

5. And all of the mental health expert team members' billing records and policies for services rendered in the Barge Litigation;

6. Any and all of Dr. Weisler's private practice attendance, appointment, billing, financial, telephone, third-party-payor claims, administrative and other relevant, nonprivileged, admissible records and writings relevant to Dr. Weisler's claims herein;

7. Dr. Weisler's curriculum vitae, and any and all other writings by which he communicated to any Defendant(s) his alleged qualifications;

8. Any and all writings Dr. Weisler claims to use as billing guidelines for expert witness services;

9. Any and all relevant, nonprivileged, admissible communications, email, correspondence and attachments to or from Dr. Weisler and/or his attorney (but not between Dr. Weisler and his attorney) relative to the present litigation

10. Any and all relevant, admissible, nonprivileged discovery herein;

11. Any and all depositions of witnesses unavailable for trial;

12. Any and all relevant records of Wilson, Grochow, Druker and Nolet and Wiedemann and Wiedemann, and/or or other writings, demonstrating the Professional Law Corporation or other limited liability status of same at all pertinent times;

13. Sampling of any and all relevant attorney- Barge client retainer contracts, redacted to exclude privileged information.

14. Web content from http://www.bargecase.com/attorneys.html.

15. Any and all calculations necessary to demonstrate actual and potential monetary losses sustained by the putative Barge class and/or PSLC caused by Dr. Weisler's acts or omissions.

16. Any and all listed or sought to be introduced or relied upon by any other parties;

17. Any and all yet to be identified or determined through ongoing investigation and discovery.

Wilson Defendants and Wiedemann & Wiedemann adopt and incorporate by reference and without limitation, but only to the extent consistent with the their claims and defenses herein, any and all witness and exhibit lists by co-defendants herein.

As discovery is ongoing, Defendant/Counter-Claimant reserves the right to supplement.

Respectfully submitted,

**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*

_____
Brian A. Gilbert, #21297
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000

Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com

*Attorney for Lawrence Wilson, Wilson, Grochow, Druker and Nolet, and Wiedemann & Wiedemann*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 18th day of March, 2011.

*/s/Brian A. Gilbert*