UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * * * * | **CIVIL ACTION** |
| **PERTAINS TO: BARGE** | * * * * * | **NO. 05-4182 and consolidated cases** |
| | * * | **SECTION "K" (2)** |
| *Weisler v. Seymour, et al.*   **09-2737** | * * * * * * | **JUDGE STANWOOD R. DUVAL, JR.** |
| | * | **MAG. JUDGE JOSEPH C. WILKINSON, JR.** |

## MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

Despite the parties' best, ongoing efforts, this matter is not postured as was optimistically planned when the original scheduling order was confected.  This is not due to any failure to act, but due to the timing and sequence of events to date necessary to progress this matter in a forward direction.  This includes months spent in confection of necessary protective orders antecedent to document production,  a lengthy but necessary privilege review by the Magistrate Court of over 3000 pages of email communications, and certain lingering privilege issues still affecting further progress.

Discovery is still in its infancy. The Plaintiff and some Defendants have propounded first sets of written discovery, but nothing more, with both sides still awaiting discovery rulings. Defendants have responded to Plaintiff's first set of discovery, subject to Mag. Wilkinson's decisions on the pending motions.  Defendants have not yet received responses to their first sets of written discovery.

Absent significant written discovery, no depositions have occurred, although the parties intend to depose one another, as well as numerous nonparty witnesses. In fact, recently filed witness lists include over twenty-five such persons. It is necessary to begin depositions in order to determine who will *actually* be called to testify. But given the far-flung geographic locations of the parties and witnesses, the still outstanding written discovery, and the sheer number of potential witness, this cannot and should not happen until written discovery has advanced to a stage where well-informed and productive direct and cross examination can be conducted. This is not presently the case.

Also important to consider is the fact that Plaintiff has declined every suggestion by Mag. Wilkinson and the Defendants that settlement talks ensue. Once the claims and defenses are more developed through discovery, this situation may become more penetrable, more amenable to resolution before trial.

Given the overall status at present, and the dearth of developed, record evidence, dispositive motions and trial are impossible to plan or execute. Movers are aware of the Court's admonitions about scheduling in this case and do not take them lightly. However, there is no reasonable alternative but to seek more time, as this matter is, due to no fault of the parties, simply not in a suitable posture to meet milestones and deadlines, and permit trial in June 2011. This is the first request for any such relief.

## **CONCLUSION**

For the foregoing reasons, Movers respectfully request that the Court either grant the proposed modification *ex parte*, hold a status conference, or after formal submission, rule in favor of Movers.

Respectfully submitted,

**BEST, KOEPPEL & TRAYLOR**
**LAW OFFICE OF BRIAN A. GILBERT,**
**P.L.C.**

*/s/Brian A. Gilbert*

_____

Brian A. Gilbert, #21297
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
bgilbert@briangilbertlaw.com

*Pro se*, Attorney for Barge Plaintiffs, Barge Plaintiffs Liaison Master, and on behalf of Wilson Defendants, Seymour Defendants, and Wiedemann & Wiedemann

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 22nd day of March, 2011.

*/s/Brian A. Gilbert*