UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>* | CIVIL ACTION |
| PERTAINS TO: BARGE | *<br>*<br>* | NO. 05-4182<br>and consolidated cases |
| Weisler v. Seymour, et al.  09-2737 | *<br>*<br>*<br>*<br>*<br>* | SECTION "K" (2)<br><br>JUDGE<br>STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION ON BEHALF OF PLAINTIFF, RICHARD H. WEISLER, M.D.**
<u>**TO LIMIT DISCOVERY AND/OR FOR PROTECTIVE ORDER**</u>

**MAY IT PLEASE THE COURT:**

Defendant, Richard T. Seymour and Richard T. Seymour, PLLC (collectively "Seymour"), has served a discovery pleading on the Plaintiff, Dr. Richard H. Weisler ("Dr. Weisler"), which contains *318* Request for Admissions.  These are clearly designed to harass Dr. Weisler and to make this litigation unnecessarily burdensome and expense.

Rule 26(b)(2)(C) states in relevant part:

    C.    *When required*.   On motion or on its own, the Court may limit the frequency or extent of discovery otherwise

>> allowed by these rules or by Local Rule if it determines:
>
>> (I) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive . . .
>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving issues.

In addition, Rule 26(C) indicates that:

> The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, harassment, or undue burden or expense . . . .

Given the fact that the Defendants maintain that this is merely a "collection case", Plaintiff submits that these 318 Request for Admissions attached as Exhibit No. 1, are clearly intended to harass the Plaintiff, to create an unnecessary burden, and, unnecessarily increase the expense of this litigation. Consequently, Plaintiff seeks an Order limiting discovery and/or for a Protective Order.

Plaintiff submits that under the applicable law, the type of information sought by these Requests for Admissions could be obtained through the taking of a deposition.[1] Certainly all of this information for which admissions are sought could be obtained by

---

[1] *Reichert v. United States*, 51 F.R.D. 500, 503 (N.D. Cal. 1970).

taking the deposition of Dr. Weisler.

In addition, Plaintiff submits that many of the Request for Admissions are vague, overly broad and ambiguous and inquire into irrelevant information. As such Plaintiff should not have to respond to same.[2]

Finally, Plaintiff submits that these Requests for Admissions accomplish little in the way of discovery and are simply intended to increase the Plaintiff's litigation costs. For all of these reasons, Plaintiff submits that Dr. Weisler should simply appear for a deposition and answer these Requests, if possible, to the extent that they seek discoverable information.

Respectfully submitted,

___/s/ Andrew C. Wilson_____
Daniel J. Caruso (3941)
Andrew C. Wilson (01162)
Susan F. Clade (1033)
Christopher B. Conley (31674)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999

Attorneys for Plaintiff, Richard H. Weisler, M.D.

---

[2] *Federal Trade Commission v. Think All Publishing, LLC*, 2008 W.L. 687454 (E.D. Tex. 3/11/08).

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 28, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        ___/s/ Andrew C. Wilson_____
                                             Andrew C. Wilson

N:\DATA\N\50182001\Pleadings\Memo Motion for Protective Order Mot.wpd