UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | |
| **CONSOLIDATED LITIGATION** | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| **PERTAINS TO: BARGE** | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| | * | |
| *Weisler v. Seymour, et al.*     09-2737 | * | JUDGE |
| | * | STANWOOD R. DUVAL, |
| | * | JR. |
| | * | |
| | * | MAG. JUDGE |
| | | JOSEPH C. WILKINSON, |
| | | JR. |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

A pleading (R. Doc 20205) which Dr. Weisler filed *after* Defendants' present Motion to Modify Scheduling Order, whereby Dr. Weisler seeks to avoid responding to the Seymour Defendants' Requests for Admissions, illustrates further why this matter will not be in a trial posture according to the current schedule. Dr. Weisler, just days before responses were due, moved for a protective order seeking absolution from responding to the Seymour Defendants' Requests.[1] This motion is now pending before Magistrate Wilkinson, and is not scheduled to be submitted until April 13, 2011, the same day upon which the present Motion to Modify will be submitted before Your Honor.

---

[1] This deadline has since lapsed, *without a protective order in place*. It is therefore all Defendants' position, in absence of contrary authority, that the mere filing of a *motion* for a protective order does not relieve a party of responding to Requests for Admissions. A motion does not equate with an Order granting that motion. It is Defendants' staunch position, therefore, that all of the matters subject of the Requests are *deemed admitted,* and that Plaintiff's intent to do so is readily inferred from his inexplicable delay until just before the responses were due before he deigned to apply for any relief.

1

Meanwhile, the Seymour Defendants have noticed Dr. Weisler's deposition for April 4, 2011, a date after which all Defendants expected Dr. Weisler to respond to the Requests for Admissions. The deposition contemplated and as noticed is now frustrated and undermined by Dr. Weisler's pending motion. What is more, undersigned and Seymour Defendants learned just moments ago (3:40 p.m. CST on March 31, 2011) that Dr. Weisler has a conflict on April 4, 2011. Seymour Defendants have a conflict on April 8, 2011, the date to which Dr. Weisler wishes to reschedule.

Likewise, Defendants perceive grave deficiencies in Dr. Weisler's responses to the Seymour Defendants' Answers to Interrogatories and Requests for Production, and must bring a motion to compel and/or to determine the sufficiency of same.

And finally, additional written discovery awaits response by Dr. Weisler. It is unknown what form this response will take.

Suffice it to say, with yet further illustration, that discovery will take longer than foreseen, and must necessarily be extended, as must cutoffs and dates which follow discovery. Otherwise, the parties – Dr. Weisler included, whether he agrees or not – do not have sufficient opportunity to fully avail themselves of the proof, or otherwise prepare for dispositive motions and trial.

March 31, 2011

Respectfully submitted,

**BEST, KOEPPEL & TRAYLOR**
**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**

*/s/Brian A. Gilbert*
_____
Brian A. Gilbert, #21297
2030 St. Charles Avenue

3

          New Orleans, Louisiana 70130
          Telephone: (504) 598-1000
          Facsimile: (504) 524-1024
          bgilbert@briangilbertlaw.com

*Pro se*, Attorney for Barge Plaintiffs, Barge Plaintiffs Liaison Master, and on behalf of Wilson Defendants, Seymour Defendants, and Wiedemann & Wiedemann

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States Mail, first class postage prepaid and properly addressed, and/or via facsimile, and/or via electronic mail, and/or via hand delivery, and/or via ECF upload, this 31st day of March, 2011.

*/s/Brian A. Gilbert*