**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * * * * | **CIVIL ACTION** |
| **PERTAINS TO: BARGE** | * * * | **NO. 05-4182 and consolidated cases** |
| | * * * | **SECTION "K" (2)** |
| *Weisler v. Seymour, et al.*    **09-2737** | * * * * | **JUDGE STANWOOD R. DUVAL, JR.** |
| | * * * * | **MAG. JUDGE JOSEPH C. WILKINSON, JR.** |

## DEFENDANTS RICHARD T. SEYMOUR'S AND (MISNAMED) RICHARD T. SEYMOUR, P.L.L.C.'S, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Improperly joined defendants Richard T. Seymour and misnamed defendant Richard T. Seymour, P.L.L.C. (hereinafter, "Seymour defendants"), oppose plaintiff Weisler's Motion for Protective Order on the grounds that (a) the motion is without merit; (b) the motion is untimely, because it was filed shortly before the responses to the Requests for Admissions were due and did not leave time for the Court to take action before the March 28, 2011 deadline for responses; (c) the untimeliness of the motion is prejudicial because it will deprive defendants of the opportunity to use the responses to narrow and focus the deposition of plaintiff, originally noticed for April 4, 2011 but having to be re-scheduled because of plaintiff's unavailability on

that date; and (d) the motion was filed without any attempt to confer with defendants and is therefore in violation of Rule 26(c), Fed. R. Civ. Pro.

A.   **Introduction**

Rule 36 requests for admissions are not disfavored, but are an essential tool in limiting the issues that have to be tried or resolved on summary judgment. "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. . . . Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).

Properly responded-to requests for admissions shorten depositions. This is an important consideration in these days of potentially thousands of dollars in expenses per day for court reporters, videographers, and conference rooms, let alone travel expenses, and an even more important consideration under the presumptive durational limit of one day of seven hours of testimony.[1] Properly responded-to requests for admissions also shorten trials and focus the issues.[2] Finally, properly responded-to requests for admissions facilitate motions for summary judgment.[3] Deemed admissions by a party who fails to respond adequately to request for admissions may also support the grant of summary judgment." *In re Carney*, 258 F.3d at 420-21.

---

[1] Rule 30(d)(1), Fed. R. Civ. Pro., states: "(1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. "

[2] *In re Carney*, *supra*.

[3] Rule 56(c)(1)(A), Fed. R. Civ. Pro., states that a motion for summary judgment may be supported or disputed by a variety of types of evidence, including "admissions."

### B.        History of the Proceedings as to Plaintiff's Motion

The Seymour defendants served their Requests for Admissions on February 23, 2011, as part of a set of discovery requests.[4] If plaintiff had objected timely, the Court could have ruled in the ordinary course prior to the deadline for responses, and plaintiff could have reacted accordingly.

After an unsuccessful effort to coordinate the date of plaintiff's deposition with his counsel,[5] the Seymour defendants noticed plaintiff's deposition in his city of Raleigh, North Carolina, for April 4, 2011.[6] The deposition was timed to allow adequate time to review plaintiff's responses to discovery, including the documents he was requested to provide, and his responses to the Requests for Admissions, in order to focus his deposition on the areas in dispute, while still leaving defendants time to incorporate his testimony in any motion for summary judgment they file by the current[7] April 12, 2011 deadline.[8] All discovery is to close by April 18, 2011[9]. The Seymour defendants notified plaintiff of these time constraints.[10]

---

[4] Exhibit 1 hereto is the February 23, 2011 Defendants Richard T. Seymour and (Misnamed) Richard T. Seymour, P.L.L.C.'s First Requests for Discovery from Plaintiff Richard H. Weisler. The Requests for Admissions are in Part D, on pp. 10-46 of the set. The Seymour defendants believe that no purpose would be served, and the record would be unduly burdened, by attaching the voluminous exhibits to the discovery requests, but would be happy to do so if the Court would prefer to see them as well.

[5] The Seymour defendants had offered to schedule plaintiff's deposition on Sunday, April 3, if that would be preferable to plaintiff as avoiding a conflict with his practice, and if the Seymour defendants could find a willing court reporter and videographer who would not charge an undue additional amount. Exhibit 2 hereto, the March 19, 2011 letter of Richard Seymour to Andrew Wilson, Plaintiff did not respond to this letter.

[6] Exhibit 3 hereto, the March 23, 2011 Seymour defendants' Notice of Video Deposition of Plaintiff Richard H. Weisler, M.D., Doc. # 20199.

[7] Defendants / Counterclaimants have moved for a continuance of these dates. March 22, 2011 Motion to Modify Scheduling Order and supporting documents, Doc. # 20198.

[8] February 8, 2011 Order after telephonic status conference, Doc. # 20159.

[9] September 15, 2010 Scheduling Order, Doc. # 20050, p. 1.

[10] See Exhibit 2 hereto, the March 19, 2011 letter of Richard Seymour to Andrew Wilson.

Two days after the Seymour defendants noticed plaintiff's deposition for April 4, 2011, plaintiff filed his Motion for Protective Order, without making any effort to discuss the matter with the Seymour defendants, and without submitting the required certificate of conference.[11]

Simultaneously, plaintiff served his Answers and Objections to the Seymour defendants' Interrogatories, and his Responses and Objections to the Seymour Defendants' Requests for Production.

On March 31, 2011—twelve days after the undersigned attempted to work out a date with plaintiff's counsel, and two business days before the noticed deposition, plaintiff's counsel informed the undersigned that Dr. Weisler would not be available on April 4 and offered April 8 as a possible date of his deposition instead. The undersigned has a pretrial conference in Maryland on that date. The parties are trying to work out other mutually acceptable dates for plaintiff's deposition, and are currently checking to see whether April 11 would work for both sides. April 12 is the deadline for plaintiff's filing of a motion for summary judgment.

### C. The Requests for Admissions

The Seymour defendants' 316 Requests for Admissions[12] were designed to accomplish several goals:

> (a) *Admissions of the Authenticity of Documents*: Requests 1, 2, 10, 11, 13, 14, 26, 27, 28, 29, 39, 40, 41, 59, 60, 61, 62, 64, 65, 104, 105, 132, 133, 141, 142, and 244 requested plaintiff to admit the authenticity of documents attached to the discovery requests. This is an explicitly permissible use of Rule 36. Rule 36(a)(1)(B) states that a party may serve requests for admissions relating to "(B) the genuineness of any described

---

[11] Rule 26(c), Fed. R. Civ. Pro., requires parties moving for a protective order as to discovery to submit a certificate of conference ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.").

[12] There are 318 requests, but two requests, Nos. 234 and 235, inadvertently repeated Nos. 232 and 233.

documents." *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D.Ind. 1986), held that determining the authenticity of the 244 exhibits to be introduced at trial was an appropriate use of Rule 36: "In the instant case, a large number of documents must be introduced at trial. The genuineness and authenticity of the majority of these documents should not be in dispute. Therefore, Rule 36 is an appropriate procedure to determine which documents will have foundational problems and which will not."

      (b) *Admissions of the Authenticity and Receipt of E-Mails and E-Mail Threads:* Requests 35, 36, 37, 144, 145, 146, 148, 149, 152, 153, 154, 156, 158, 159, 162, 163, 164, 166, 167, 168, 170, 172, 174, 176, 178, 179, 180, 181, 182, 183, 184, 185, 186, 302, and 303 requested plaintiff to admit the authenticity of e-mails and e-mail threads attached to the discovery requests, and to admit that he received or sent them at or about the dates and times indicated.

      (c) *Admissions as to the Contents of Documents and E-Mails:* Requests 3, 6, 7, 8, 9, 15, 17, 18, 22, 30, 32, 34, 38, 43, 45, 54, 56, 57, 67, 69, 70, 71, 73, 74, 75, 77, 78, 79, 81, 84, 85, 86, 88, 90, 91, 92, 94, 95, 97, 98, 100, 101, 103, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 134, 136, 157, 161, 175, 247, 248, 250, 251, 256, 257, 258, 261, 262, 263, 306, and 307 requested admissions as to what was, or what was not, contained in documents, e-mails and e-mail threads attached to the discovery requests.

      (d) *Admissions as to Comparisons of Documents and Differences in Documents:* Requests 16, 19, 20, 23, 24, 25, 44, 46, 49, 63, 118, 131, 313, 314, 315, 316, and 317 requested admissions as to comparisons of specific documents attached to the discovery

requests, or as to differences between specific documents attached to the discovery requests.

(e) *Admissions as to Matters of Arithmetic:* Requests 31, 33, 47, 52, 53, 58, 249, 255, 260, and 265 requested plaintiff to admit the accuracy of matters of simple arithmetic set forth in the requests.

(f) *Admissions as to Lack of Explanations:* Requests 48, 50, and 68 requested plaintiff to admit that he never provided explanations as to the matters described in the requests, including discrepancies among his bills.

(g) *Admissions as to Facts:* Requests 135, 136, 147, 150, 151, 155, 160, 165, 169, 173, 177, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 205, 206, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 232, 233, 236, 237, 241, 242, 243, 245, 246, 274, 275, 276, 277, 278, 279, 280, 283, 286, 289, 292, 295, 296, 297, 298, 299, 304, 305, 308, 309, 310, and 318 requested plaintiff to admit various facts relevant to this litigation.

(h) *Admissions as to the Application of Law to Fact:* Requests 269, 270, 311, and 312 requested plaintiff to admit various applications of law to the facts of this case, or to recognize the existence of a legal doctrine. None asked plaintiff to admit the ultimate legal conclusion of any claim or defense. Rule 36(a)(1)(A), Fed. R. Civ. Pro., states that requests for admissions are proper as to the truth of any matters within the scope of Rule 26(b)(1), relating to "(**A**) facts, the application of law to fact, or opinions about either . . . ." Cf. *United States ex rel. Seals v. Wiman*, 304 F.2d 53, 64 (5th Cir. 1962), *cert. denied*, 372 U.S. 915 and 372 U.S. 924 (1963) ("The requests on their face indicate that no legal conclusions or ultimate facts have been included, and it is irrelevant to their

admissibility that they will support certain legal conclusions. To say that the court cannot draw legal conclusions from facts found in requests for admissions would be to eliminate any purpose for Rule 36.").

(i) *Admissions as to Plaintiff's Lack of Authorizations to Take Specific Actions That He Took:* Requests 82, 83, and 89 requested plaintiff to admit that he had no authorization from defendants or from the Barge P.S.L.C. to take specific actions that he took.

(j) *Admission as to a Specific Document:* Request 66 requested plaintiff to admit a limitation in a specific document attached to the requests.

The requests were also organized under several subheadings, to make it easier for the plaintiff to respond and for the parties to locate and use the relevant responses:

| Subheading | Title | Request Nos. | Pages |
|---|---|---|---|
| 1 | Documents | 1 – 187 | 10 – 32 |
| 2 | The Tasks Given to the Medical Team | 188 – 194 | 32 |
| 3 | The Existence of an Adequate, Field-Tested Instrument | 195 – 200 | 33 |
| 4 | Plaintiff's Familiarity with the Existing, Adequate Instrument | 201 – 204 | 34 |
| 5 | Plaintiff's Concealment of the Existence of an Adequate, Field-Tested Instrument, and the Performance of Unnecessary Work | 205 – 212 | 34 – 35 |
| 6 | The January 2, 2009 Meeting of Counsel | 213 – 221 | 35 – 36 |
| 7 | Plaintiff's Knowledge that Funds for Expert Work Were Limited | 222 – 231 | 36 – 37 |
| 8 | Limits on Plaintiff's Authorization to Work | 232 – 237 | 37 |

| **Subheading** | **Title** | **Request Nos.** | **Pages** |
| --- | --- | --- | --- |
| 9 | Plaintiff's Knowledge of the Consequences of Submitting False or Inflated Time Statements | 238 – 240 | 37 – 38 |
| 10 | Plaintiff's Difficulty In Writing the Expert Report | 241 – 243 | 38 |
| 11 | The Inadequacy of Plaintiff's Expert Report | 244 – 269 | 38 – 40 |
| 12 | Plaintiff's Duty to Barge Counsel, His Breach of That Duty, sand [sic] its Consequences | 270 -278 | 41 |
| 13 | The August 1, 2008 Telephone Conference on Plaintiff's Billing | 279 – 294 | 41 – 43 |
| 14 | The January 2, 2009 Meeting | 295 – 301 | 43 – 44 |
| 15 | Plaintiff's Hourly Rate | 302 – 310 | 44 - 45 |
| 16 | Legal Contentions | 311 – 318 | 45 – 46 |

### D.     **Plaintiff's Motion is Without Merit**

Plaintiff never made any effort to confer with the Seymour defendants as to any specific discovery request, and has not identified in his moving papers any specific problem with any specific request. He simply seeks an order relieving him from answering any requests for admissions. His Motion should therefore be decided on the broad proposition he has asserted: that Rule 36 should simply be barred as a tool for discovery in this action.

Plaintiff has cited no authority supporting his argument that Rule 36 is inapplicable in this action. The Seymour defendants have been unable to find any.

Plaintiff cites a 41-year-old case from the Northern District of California, *Reichert v. United States*, 51 F.R.D. 500, 503 (N.D. Calif. 1970), but this provides no authority for his argument. *Reichert* upheld each of the requests for admissions challenged in that action. *Id.* at 501-02. It also upheld all of the challenged interrogatories except for two subparts of

interrogatory 8.  *Id.* at 502-03.  Plaintiff seems to be relying upon the upheld challenge as to interrogatory 8(c) in that case:

> Plaintiff objects to interrogatory No. 8(c), which relates to the position of each witness at the time of the accident including the direction each witness was from plaintiff and a description of obstructions blocking the witness' view, on the ground that the information requested is within the knowledge of the witness and on the ground that the interrogatory is too detailed.
>
> [     Although mere lack of knowledge is generally not a proper basis for objection, No. 8(c) does request information that defendant should be required to obtain through questions directed to the witnesses themselves and through inspection of the accident site.
>
> Accordingly, plaintiff's objection to No. 8(c) is hereby affirmed.

*Id.* at 503.  That type of discovery request, involving the knowledge of nonparty witnesses, has nothing in common with the specifically targeted requests for admissions herein.

Plaintiff's suggestion of using an expensive and time-limited deposition to accomplish the same result as the requests for admissions would be unworkable.  Defendants do not wish to cast any aspersions on plaintiff, and will therefore argue generally.  Each of these examples has happened to the undersigned in taking depositions:

> (a) A party asked in a deposition to authenticate a document can readily say that the document shown him or her looks similar to a document the party knows about, but he or she would have to compare each page of the document shown him with the corresponding page of a document back in his office—and not available at the site of the deposition—in order to know if it is the same.
>
> (b) A party asked to authenticate receipt of an e-mail, or of part of an e-mail thread, can readily say that he or she would have to check his or her own e-mail system in order to state whether it was received, whether the receipt was at about the date and time indicated, and whether any e-mail sent was actually sent at or about the date and time indicated.

(c) Questions about the content and significance of the document or e-mail can then be answered by saying that the deponent is not certain, because of lack of certainty about the authenticity of the document in question.

(d) Questions about arithmetic can be deflected by saying that the witness cannot calculate sums in his or her head, but would have to have a calculator with which he or she is familiar, and which is not present.

(e) An offer of deposing counsel's calculator can be resisted with the explanation that it is unfamiliar and the witness might get the wrong results using it.

(f) Comparisons of documents can be made extremely time-consuming by a variety of observations extraneous to the question.

(g) Questions as to legal contentions can be deflected by statements that the witness is not a lawyer, and would have to consult with counsel at some time after the deposition before the question can be answered.

(h) Many questions are answered by stating that the witness does not remember at the time of the deposition, leaving open the possibility that the witness will have a better memory at trial.

(i) Answers at depositions are often stated in terms too general, too limited, too vague, or too tentative to form an admission binding at trial.

(j) Finally, Rule 36(a)(4), Fed. R. Civ. Pro., requires the responding party to make a "reasonable inquiry" before responding, and does not allow a simple claim of lack of memory without having made such an inquiry.

Accordingly, plaintiff's suggestion that a Rule 30 deposition makes Rule 36 Requests for Admissions unnecessary is incorrect as a practical matter. It is also incorrect as a legal matter.

As shown in the Introduction, responses to Requests for Admissions, and deemed responses, have a recognized role in motions for summary judgment and at trial.  The Notes of the Advisory Committee on the Civil Rules as to the 1970 amendments to Rule 36 began by emphasizing the importance of Requests for Admissions:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. . . .

*And see* the discussion of *In re Carney*, 258 F.3d 415 (5th Cir. 2001), in the Introduction.

Profs. Wright, Miller, Kane and Marcus state in FEDERAL PRACTICE AND PROCEDURE § 2253, "Relation to Other Discovery Rules" (2011 on-line version):

> For the purposes for which it is intended, Rule 36 is often more effective than the other discovery rules.  Litigants can formulate their own answers to interrogatories and to questions at a deposition and can state their position in an ambiguous and equivocal manner.  Requests for admissions, however, are formulated by the requesting party and are closed–ended.  If the matter to which the request is directed is known to be true, the answering party can avoid an admission only by an answer that is patently false rather than merely evasive.  In addition, responses to other discovery procedures are merely evidence to be introduced at trial and they are subject to contradiction at the trial.  An admission, unless it is allowed to be withdrawn, concludes the matter and avoids any need for proof at trial.  For both of these reasons admissions are more likely to be fruitful in defining and limiting the controversy than are the other devices.

(Footnotes omitted.)  The Fifth Circuit has observed: "For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge.  *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir.1991)."  *In re Carney*, 258 F.3d at 419.

Similarly, a party may use Rule 36 simultaneously with other discovery devices, and does not have to choose between one or the other.  WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2253, "Relation to Other Discovery Rules" (2011 on-line version) ("However, a party need not elect between Rule 36 and the other rules and it may use the various

devices at the same time.") (footnotes omitted). *Woods v. Robb*, 171 F.2d 539, 541 (Former 5th Cir. 1948), held the same: "The interrogatories were intended to establish the same facts as the requested admissions. We do not think their filing constituted an abandonment of the request. The Rules of Procedure give the right to seek discovery by both methods; a party does not have to elect one or the other, and may if he wishes pursue either or both. Rules 33 and 36." *Accord*, *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965), *cert. denied*, 383 U.S. 926 (1966). Similarly, the Seventh Circuit stated in *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987):

> The defendants misinterpret Rule 36. The use of an alternative form of discovery does not eliminate the requirement that a request for admissions be answered within 30 days. . . . Although there may be some overlap in the information requested in the various forms of discovery, parties are not allowed to pick and choose when to respond based on their own determination of whether they have previously answered the questions presented. Kasuboski's participation in depositions does not excuse his failure to respond to the request for admissions.

(Citation and footnote omitted.) The Fifth Circuit repeatedly cited *Kasuboksi* with approval in its opinion in *In re Carney*, albeit on different points.

Plaintiff makes his usual unsupported and scattershot accusations of bad faith and harassment.[13] No purpose would be served by responding to such amorphous statements.

Plaintiff makes a vague statement that "many of the Requests for Admissions are vague, overly broad, and ambiguous and inquire into irrelevant information."[14] Rule 36(a)(5) allowed plaintiff to make specific objections, and plaintiff failed to do so. His broad objection should not be given any weight by this Court, or Rule 36 would be reduced to irrelevance. Moreover, plaintiff apparently admits in his formulation that there are requests for admission that are not

---

[13] Plaintiff's Memorandum at pp. 1, 2, and 3.
[14] *Id.* at p. 3.

vague, are not overly broad, are not ambiguous, enquire into relevant information, and yet he seeks a protective order barring them as well.  Plaintiff's argument falls of its own weight.

Plaintiff's failure to follow the conference procedure required by Rule 26(c), Fed. R. Civ. Pro., is itself ground to deny the Motion.  The purpose of the conference procedure is to narrow discovery disputes, and following the procedure could have avoided the motion by plaintiff's becoming acquainted with the principles of law set forth herein, or forced plaintiff to focus on any specific objections he had.

Plaintiff's delay in filing the motion has prejudiced defendants, because defendants are entitled to depose plaintiff in light of his discovery responses, and to explore the positions he is taking.  Requiring them to divert the limited time available for his deposition in an effort to find out his positions wastes the expensive opportunity afforded by Rule 30, Fed. R. Civ. Pro.  Unless the existing schedules are changed, defendants will now be forced to do just that, and—even if Dr. Weisler's deposition can be taken on April 11, 2011—file their motion for summary judgment the day after his deposition.  If plaintiff had filed his motion on receipt of the requests for admissions, his motion could have been decided in time for responses to have been made in advance of his deposition.

For the reasons stated, the Seymour defendants pray that plaintiff's motion be denied, and that he be given a short period of time within which to respond to the Requests for Admissions, in advance of his deposition.

        Respectfully Submitted,

        /s/ Richard T. Seymour
        Richard T. Seymour
        Law Office of Richard T. Seymour, P.L.L.C.
        1150 Connecticut Avenue N.W., Suite 900
        Washington, D.C.  20036-4129
        rick@rickseymourlaw.net
        (202) 862-4320 – Telephone
        (202) 549-1454 – Cell
        (800) 805-1065 – Facsimile

        *Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*

Dated:  April 4, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2011, I served a copy of Defendants Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C.'s Notice of Deposition of Richard H. Weisler, M.D., on counsel of record for Plaintiff, as shown below, and on all other counsel and parties through the Court's ECF system and, where the party served is not on the ECF system, by e-mail:

>Andrew C. Wilson, Esq.
>Simon, Peragine, Smith & Redfearn, L.L.P.
>30th Floor - Energy Centre
>1l00 Poydras Street
>New Orleans, LA 70163-3000

>/s/ Richard T. Seymour
>Richard T. Seymour
>*Attorney for Defendants Richard T. Seymour and "Richard T. Seymour P.L.L.C."*