UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: BARGE | * | and consolidated cases |
| | * | |
| | * | SECTION "K" (2) |
| *Weisler v. Seymour, et al.* **09-2737** | * | |
| | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM ON BEHALF OF PLAINTIFF,
RICHARD H. WEISLER, IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO MODIFY SCHEDULING ORDER</u>**

**MAY IT PLEASE THE COURT:**

The Defendants have recently filed a Motion to Modify the existing Scheduling Order and to essential continue the trial presently scheduled for June 6, 2011, until December, 2011, because discovery in this matter is "in its infancy".

1

In reality all of the delays in the discovery process are mostly, if not all, a result of the Defendants' deliberate decision to refuse to cooperate in what should be a simple collection matter. As far back as February of 2010, counsel for some or all of the Defendants, agreed to provide initial disclosures in accordance with Rule 26. This didn't happen. Instead, the Defendants waited until June 2010 and then produced all of the documents which Dr. Weisler had already provided to them as his initial disclosures as their own disclosures.

Thereafter, Dr. Weisler sent a simple discovery request for the Defendants' e-mails among themselves, as these should have been produced at the Defendants' initial disclosures. Dr. Weisler also predicted that these e-mails would clearly show that the Defendants have refused to pay Dr. Weisler only because they lacked the funds and/or simply didn't want to, and not for the reasons set forth in their "Counter-Claim". The latter reasons were created long after the Defendants' decision not top ay Dr. Weisler or most of the other medical professionals they hired.

Subsequently, the Defendants filed a Motion for an Extension of Time until October, 2010, to respond to Dr. Weisler's simple discovery request, which the Court granted. When October came around, the Defendants then sought Protective Orders with which Dr. Weisler attempted to comply or cooperate, to the extent possible. For the most part, the Defendants

would only produce e-mails relevant to the case were "redacted" to the point where "blacked-out" areas rendered them useless.[1]  Still, the initial wave of e-mails did show that Dr. Weisler's hunch as to the likely content of those e-mails was correct, barred on the limited, legible content, of just a few. Dr. Weisler has therefore, sought additional relief, including the production of unredacted e-mails, as many of the relevant e-mails related to the Defendants' true motives were rendered essentially useless by the Defendants' "black-out" process.

At this point in time, the discovery process remains mired in the Defendants' protracted production of their e-mails mostly in a redacted (i.e. "blacked-out") state.  Dr. Weisler's Motion to obtain unredacted copies of some of those e-mails remains before the Court.

For all these reasons, and through no fault of Dr. Weisler, it will be necessary to extend some pre-trial deadlines; however, Dr. Weisler opposes pushing the trial in this matter back to December, 2011, as the delays in discovery are being caused by the Defendants.  Accordingly, Dr. Weisler would suggest that a status conference be held to arrange mutually convenient pre-trial deadlines.  Dr. Weisler has therefore filed separately, a Motion to Set a Status Conference, and will confer with opposing counsel to generate mutually agreement pre-trial deadlines to the

---

[1]   See, e.g. Exhibit "1".

extent possible and, if necessary, would ask the Court to set a trial date earlier then December, 2011, if possible.

                                                  Respectfully submitted,

                                                  /s/ Andrew C. Wilson
                                                  Daniel J. Caruso (3941)
                                                  Andrew C. Wilson (01162)
                                                  Charles E. Riley, IV (28200)
                                                  Christopher B. Conley (31674)
                                                  30th Floor– Energy Centre
                                                  1100 Poydras Street
                                                  New Orleans, Louisiana 70163
                                                  Telephone (504) 569-2030
                                                  Facsimile (504) 569-2999
                                                  Attorneys for Plaintiff, Richard H. Weisler, M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                  /s/ Andrew C. Wilson

N:\DATA\N\50182001\Pleadings\Memorandum to Oppose Modifying Scheduling Order (2).wpd