UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO: BARGE<br>    Weisler v. Seymour, 09-2737 | JUDGE DUVAL<br>MAG. WILKINSON |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:           Plaintiff's Motion for Relief Under F.R.C.P. 26(b)(5)(B), Record Doc. No. 20191

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. Fed. R. Civ. P. 26(b)(5) provides: "If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

   In determining this motion, I have applied the same legal principles and balancing standards set out in detail in my prior order. Record Doc. No. 20158. With the two exceptions noted below, this motion pertains to the same materials that I had already considered, both in redacted and unredacted form, in connection with my previous order, and it is denied for the same reasons. Id. As to these materials, I find that plaintiff has failed to make the showing of substantial need without ability to obtain the equivalent of the redacted materials as provided in Rule 26(b)(3). One example will suffice. If a

lawyer, in anticipation of litigation, reaches the mental impression or legal conclusion that one person has or does not have apparent authority to bind another, that impression or opinion, which is core attorney work product, is an opinion which must necessarily be based upon facts. Those facts are discoverable, and I cannot conclude on this record – as plaintiff argues in his motion papers – that lawyers under oath in a deposition will not truthfully testify as to those facts, from which others may or may not reach the same legal conclusions. The core attorney work product which I have already permitted to be redacted must not necessarily be drawn upon for proof of claims or defenses in this case, such that "at issue" waiver has not occurred. For these reasons and those set out in more detail in my previous order, the motion is denied, with the two exceptions discussed below. Plaintiff remains bound by the clawback obligations of Rule 26(b)(5) in connection with these materials.

      The motion is granted, however, as to the two new e-mails, which I had not seen in unredacted form previously. They are Plaintiff's Exhs. 3B and 3L, Bates No. Barge PSLC000119 and Plaintiff's Exhs. 3C and 3M, Bates No. Barge PSLC000120. No evidence has been presented (and there is nothing apparent on the face or in the content of these materials) that might establish that they were made in anticipation of litigation or in preparation for trial of the specifically referenced Weisler case, as opposed to the separate underlying Barge litigation, and they contain nothing that I can conclude renders them core attorney work product or privileged as to the Weisler case. On the contrary, the redacted content appears to be a mere recitation of fact, as opposed to core mental impression or legal opinion, that goes to the very heart of the scope and quality of Dr. Weisler's work as a retained expert in the underlying Barge litigation that is directly "at issue" in the referenced case. As noted in my previous order and like other, similar materials that might be work product in the underlying Barge litigation but not in the specifically referenced Weisler case, the protective order already in place is sufficient to protect these materials insofar as they may be protected from discovery in the underlying Barge litigation. Thus, these two exhibits must be produced to plaintiff in unredacted form, but only subject to the limitations on use, distribution and otherwise set out in the protective order already in place.

      New Orleans, Louisiana, this ___13th___ day of April, 2011.

                                      JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE