UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
CONSOLIDATED LITIGATION

                                              NO. 05-4182 "K"(2)

PERTAINS TO:  BARGE                           JUDGE DUVAL
     Weisler v. Seymour, 09-2737              MAG. WILKINSON

**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:       Motion on Behalf of Plaintiff, Richard H. Weisler, M.D., to Limit
              Discovery and/or for Protective Order, Record Doc. No. 20205

O R D E R E D:

XXX : GRANTED. The requests for admissions are quashed. "By order . . . , the court may . . . limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

The 318 requests for admissions that are the subject of this motion are so numerous and burdensome that they must be characterized as annoying and oppressive, and therefore prohibited. Fed. R. Civ. P. 26(c)(1). At its essence, this is a relatively simple case involving a dispute over work performed by and the amount of fees owed, if any, by lawyers to an expert witness. The amount in controversy is significant, but not great. The parties' resources are about equal, and they have previously exhibited a

willingness to use their resources against each other, out of proportion to the stakes presented by the case itself. Fed. R. Civ. P. 26(b)(2)(C)(iii). As to the vast majority of the subject requests for admissions, the information sought is more effectively obtained through other means, including deposition testimony. Defendants' arguments that their tome of hundreds of requests for admissions is necessary to make plaintiff's deposition more efficient, reduce the time necessary to depose him and increase case preparation efficiency are unpersuasive. The time limit on the duration of any deposition in this case is fully in effect, Fed. R. Civ. P. 30(d)(1), and more than sufficient to control abusive deposition-taking. I am unpersuaded even as to the argument that these requests are useful for the authentication of documents or e-mails. Even in this contentiously litigated case, the court expects counsel to act in good faith and to take seriously the court's order concerning agreement as to the authenticity of trial exhibits and the avoidance of needless disputation of obviously authentic materials contained at Record Doc. No. 20050-1 at ¶ 10, p. 5. In short, these requests are much more than this case requires. Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

**IT IS ORDERED** that no responses to these Requests for Admissions are required and that any new set of requests for admissions submitted by defendants to plaintiff is limited to 25 in number, including all discrete sub-parts.

New Orleans, Louisiana, this ___13th___ day of April, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. STANWOOD R. DUVAL, JR.**