United States District Court
for the Eastern District of Louisiana

| | | |
|---|---|---|
| In Re: Katrina Canal Breaches | § | Civil Action |
| Consolidated Litigation | § | No.05-4182 "K" (2) |
| _____ | § | Judge Duval |
| | § | Mag. Wilkinson |
| Pertains to *Armstrong*, No. 10-866 | § | |
| _____ | § | |

**United States' Memorandum of Law Supporting Dismissal**

The Federal Tort Claims Act requires plaintiffs, before they institute suit, to have "first presented the claim to the appropriate Federal agency."[1] In a prior ruling, this Court held that Plaintiffs Kenneth Armstrong, Jeannine Armstrong, and Ethel Mae Coats satisfied this requirement by setting forth their EBIA claims in a pleading that was not "presented . . . to the appropriate Federal agency," as the Act requires, but was instead filed in this Court.[2]

---

[1] 28 U.S.C. § 2675(a).

[2] Doc. 20164 at 19 (citing *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *12 (E.D. La. Feb. 2, 2010) (Duval, J.)).

1

Prior to this Court's ruling, no other court had ever ruled that § 2675(a) could be complied with by filing a suit setting forth the claim that becomes the basis for a later federal tort action.[3]  The Ninth Circuit, in *Brady*, rejected the plaintiff's argument that "the service of her *first* judicial complaint on the agency . . . amounted to the presentation of an administrative claim to the agency, thus satisfying the jurisdictional prerequisite for her *second* complaint."[4]  Similarly the Sixth Circuit, in *Schaffer,* held that "to allow federal tort complaints to supplement defective agency claims" directly violated the FTCA's presentment requirement.[5]  The court recognized that § 2675(a) requires that a claim be presented "in *advance* of the federal tort suit, not merely in conjunction with it."[6]  Finally, in *Medina*, the plaintiff argued "that attaching an administrative claim to a Complaint filed

---

[3] *See Medina v. City of Philadelphia*, 219 F. App'x 169, 173 (3d Cir. 2007); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Schaffer v. A.O. Smith Corp.*, No. 93-3764, 1994 WL 520853, at *2 (6th Cir. Sept. 21, 1994).

[4] *Brady*, 211 F. 3d at 502.

[5] *Schaffer*, 1994 WL 520853, at *2.

[6] *Id*. (emphasis added).

with the District Court is sufficient to satisfy the FTCA's presentment requirement."[7] The Third Circuit rejected this argument, holding that "[b]ecause Medina did not present her claim to [the agency] *prior* to filing an action in the District Court, this attempt at presentment fails."[8] The court did not suggest that the plaintiff could have avoid the requirement merely by dismissing her suit and filing a new one.

In its earlier ruling, this Court made no mention of these decisions and instead relied on *Williams v. United States*.[9] But in *Williams*, the prior suit (which first asserted the claim) had been dismissed before the administrative claim was properly presented to the agency.[10] *Williams* therefore did not address the question presented here, namely, whether a pending federal tort claims action that supplies information pertinent to a prior administrative claim can be "taken together" with the earlier-presented administrative claim to satisfy the FTCA's administrative-presentment requirement.

---

[7] *Medina*, 219 F. App'x at 173.

[8] *Id.*

[9] 693 F.2d 555 (5th Cir. 1983).

[10] *Id.* at 556.

For these reasons, the Court should decline to apply *Williams* to permit the intervenors' claims. But even if the Court were to adhere to its prior reading of *Williams*, the intervenors have not otherwise complied with the presentment requirement so as to permit them to take advantage of that decision. Their claims therefore must still be dismissed.

**A.     Alvin Livers**

Alvin Livers seeks to recover for damages that occurred at his property located at 4924 St. Claude Ave.[11] On November 1, 2006, he presented to the Corps an administrative claim pertaining to that property.[12] It makes no mention of the EBIA or the Corps' alleged negligence near the IHNC. Instead, it describes the claim as follows:

> The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005. The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers'

---

[11]   *See* Doc. 20241 ("Armstrong Plaintiffs' First Supplement to Initial Disclosures").

[12]   *See* Exhibit 1 (Livers's Administrative Claim).

> negligence in the design and construction of these levees and walls and the Mississippi River Gulf Outlet. In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of claimant.[13]

Because his administrative claim makes no mention of a claim pertaining to the EBIA, the Court must dismiss Livers's lawsuit for lack of subject-matter jurisdiction.[14]

Livers cannot avail himself of the Court's previous application of *Williams*. Although there was a previous lawsuit in which an "Alvin Livers" (not the same one, from all indications) arguably asserted an EBIA claim, that suit was brought with respect to a *different* property, located at 930 Caffin Ave.[15] Thus, even if the previous Livers complaint

---

[13] *Id.*

[14] *See In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4449970, at *6 (E.D. La. Feb. 2, 2010) (Duval, J.) (holding that nearly identical claim "did not include sufficient facts to place the Corps on notice that these particular plaintiffs sought recover for the alleged defalcations that occurred at the EBIA").

[15] *See* Case No. 06-cv-05161-SRD-JCW, Doc. 1 ("Complaint for Damages—Class Action").

could, in theory, satisfy the presentment requirement, it did not present the claim on which the present action is founded.[16] The EBIA claim in this suit must therefore be dismissed.

## B.  Fred Holmes

An administrative claim must, among other things, "inform[] the agency of the . . . amount of the claim."[17]  "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government."[18]  "Where separate claims are aggregated under the FTCA, the claimant must present the government with a definitive damage amount for each claim."[19]

---

[16]  *See Hause v. United States*, No. 07-5817 (MLC), 2008 WL 4510266, at *5 (D.N.J. Sept. 28, 2008) ("Because the USPS was not given the correct location of the accident, it did not have the basic information necessary to perform a reasonably thorough investigation and facilitate settlement. . . .  Plaintiff thus has failed to exhaust his administrative remedies under the FTCA, 28 U.S.C. § 2675(a), and, as such, the Court finds there is no subject matter jurisdiction over this action.").

[17]  *See Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988).

[18]  *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006).

[19]  *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983).

Fred Holmes's EBIA lawsuit must be dismissed because he never presented the amount of his own individual claim.  The only administrative claim presented by Holmes—which refers only to the "failure of the Levee System" and makes no mention of the EBIA—was presented with Jeneen Boudin-Holmes.[20]  It lists claims for property damage ($250,000) and personal injury ($250,000), but does not apportion either of those amounts between the two claimants.  Had the claim even mentioned the EBIA, the Corps of Engineers could not know the amount that Fred Holmes, individually, was claiming for his property damage and personal injuries, and so his claim did not satisfy § 2675(a).

Thus, even if the Court were inclined to view Holmes's 2006 suit as a supplement to Holmes's administrative claim, doing so would surmount only one of the two deficiencies of his claims.  Although the complaint mentions the EBIA, it does not state a sum certain for Holmes's loss.  Because Holmes never provided a sum certain for his claims, they must be dismissed.

---

[20]  *See* Exhibit 2 (Homes's Administrative Claim).

## C.     Clifford Washington

Finally, Clifford Washington presented three administrative claims to the Corps of Engineers.[21] None of them mentions the EBIA; they instead focus entirely on the MRGO. These claims cannot, therefore, support Washington's EBIA claim in this suit, which must be dismissed for lack of subject-matter jurisdiction.[22]

On August 29, 2007, the State of Louisiana and others filed a suit (the "School Board complaint") against the United States that arguably asserted an EBIA claim.[23] That suit, however, does not satisfy the presentment requirement for Washington. First, Washington was not named as a plaintiff in the School Board complaint. In addition to the named parties—State of Louisiana and Orleans Parish School Board—the complaint contains an exhibit listing over 38,000 additional

---

[21] *See* Exhibit 3 (Washington's Administrative Claims).

[22] *See In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4449970, at *6 (E.D. La. Feb. 2, 2010) (Duval, J.) (examining nearly identical claim and concluding that it "did not include sufficient facts to place the Corps on notice that these particular plaintiffs sought recover for the alleged defalcations that occurred at the EBIA").

[23] *See* Case No. 07-cv-05023-SRD-JCW, Doc. 1 ("Plaintiffs' Original Complaint").

persons who also purported to be plaintiffs.  Clifford A. Washington is not among the persons listed in the exhibit.  Instead, among the 38,000 names listed is a "Washington, Cliffred A."  No additional identifying information, such as an address or social security number, is provided.

Putting aside the fact that "Cliffred Washington" and "Clifford Washington" are two different people, the fact that Cliffred Washington's name was listed among thousands of others in an exhibit would not permit either him or Clifford Washington to take advantage of this Court's reading of *Williams*.  The Federal Rules of Civil Procedure require that the "title of the complaint must name all the parties."[24]  Neither "Cliffred" nor "Clifford" Washington is listed in the title of the School Board complaint, and so cannot be considered a party to that suit.  Even under this Court's prior application of *Williams*, then, Washington would not have satisfied the presentment requirement.

---

[24] Fed. R. Civ. P. 10(a).

## Conclusion

Because Alvin Livers, Fred Holmes, and Clifford Washington have failed to satisfy the FTCA's presentment requirement, the Court must dismiss their suits, at least with respect to the United States.

Respectfully Submitted,

Tony West
Assistant Attorney General

Phyllis J. Pyles
Director, Torts Branch

James G. Touhey, Jr.
Assistant Director, Torts Branch

Robin D. Smith
Senior Trial Counsel, Torts Branch

 s/ Jeffrey Paul Ehrlich
Jeffrey Paul Ehrlich
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorney for the United States