UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION |
| | * | NO. 05-4182 |
| | * | |
| PERTAINS TO:  MRGO | * * | SECTION "K" (2) |
| | * | JUDGE DUVAL |
| | * * | MAGISTRATE WILKINSON |

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF THE CONTINUED AVAILABILITY OF <u>GOVERNMENT CONTRACTOR DEFENSE</u>**

Pursuant to this Court's order of March 17, 2011, Defendant Washington Group International, Inc. ("WGII") submits this brief to address "whether the Government Contractor Defense is available to WGII in light of the Fifth Circuit's ruling on this issue." The answer lies in the Fifth Circuit's opinion. Consistent with the usual practice on review of summary judgment, the court refrained from granting summary judgment for plaintiffs on the issue – relief plaintiffs never requested in this Court or in the Fifth Circuit. Instead, the Fifth Circuit specified that "[w]e impose *no limitations* on what matters the district court can consider on remand, and we express no view as to what decisions that court should make." *In re Katrina Canal Breaches Litigation*, 620 F.3d 455, 465 (5th Cir. 2010) (emphasis added). Accordingly, that defense remains available for WGII to interpose at trial.

1056655v.1

I.      **Only in Rare Cases Can an Appellate Court Grant Summary Judgment for a Non-Moving Party**

It would have been an extraordinary thing for the Fifth Circuit to grant Plaintiffs a summary judgment for which they did not move. In a decision addressing precisely the same issue – whether the Fifth Circuit, by reversing summary judgment in favor of defendants on a particular issue, precluded the defendant from raising it at trial – the Fifth Circuit noted that an appellate court will order summary judgment for a non-moving party in such instances only "in the rare case in which it is very clear that all material facts are before the reviewing court." *E. C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105, 109 (5th Cir. 1976). Doing otherwise would deprive the non-moving party of fair notice:

> A party is entitled to notice when the record is being built that it might lose the case on that record, *see* Fed. R. Civ. P. 56(c), and entitlement to such notice is difficult to square with permitting an appellate court to direct entry of summary judgment against a party when such action was never requested

*Latecoere Int'l, Inc. v. U.S. Dep't of Navy*, 19 F.3d 1342, 1366 (11th Cir. 1994).

Here, it is abundantly clear that the reviewing court did not consider the full record on the relevant issues. The Fifth Circuit observed, for example, that "[t]here is no information in the record… to show that the Corps provided specifications for when a certain piece of equipment should be used for a particular type of hole." 620 F.3d at 464. As this Court well knows, however, the relevant plan documents did in fact so specify. *See* WGII Motion for Summary Judgment ("MSJ") Ex. 63, p.5; MSJ Ex. 64, p. 4. Moreover, the Fifth Circuit placed significant emphasis on snippets of deposition testimony regarding WGII's discretion or lack thereof, *see* 620 F.3d at 462-63, testimony that would be explained and tested at trial. With respect to the compaction specifications, the Fifth Circuit also lacked the full presentation of record evidence that a trial would provide. For example, in suggesting that no testing or analysis

was done on fill material, *see id.* at 462, the court omitted any reference to the several hundred page study of the borrow pit material, let alone testimony regarding it. Indeed, it did not even address testimony and documentary evidence cited by this Court that goes to what the parties themselves understood the specifications to entail. While the Fifth Circuit could overturn summary judgment without carefully analyzing all of that evidence, it could not have intended to grant Plaintiffs summary judgment in the face of it. It should instead be taken at its word that the remand imposes "no limitations on what matters the district court can consider." *Id.* at 465.

**II.     Here, the Fifth Circuit Expressly Rejected Plaintiffs' Arguments that the GCD Did Not Apply as a Matter of Law**

This is not a circumstance where the appeal decided a controlling question of law that mandates summary judgment. *Cf. Black Warrior Elec. Membership Corp. v. Mississippi Power Co.*, 413 F.2d 1221, 1226 (5th Cir. 1969) (granting summary judgment for appellant because all parties treated the indemnification issue as a question of law). To the contrary, the Fifth Circuit *rejected* Plaintiffs' arguments that the GCD did not apply as a matter of law. The court rejected Plaintiffs' argument, made extensively in this Court and on appeal, that the GCD required a threshold showing of a "substantial conflict" between state tort liability and federal policy. Instead, the Fifth Circuit held, as this Court did, that such an inquiry was an inherent part of the *Boyle* test. *See* 620 F.3d at 460-61. The Fifth Circuit also rejected Plaintiffs' argument that the GCD applied only to military contracts. *See id.* at 459, n.3. Finally, the court also rejected the idea that the specifications were imprecise as a matter of law because they admittedly did not expressly address "underseepage." *See id.* at 461, n.7.

Instead, the Court accepted Plaintiffs' argument that this Court "ignored multiple genuine issues of material fact" and that "Plaintiffs had exposed disputed factual issues" on the

3

requisite elements of the *Boyle* test. (Huey Br. at 20, 63.)[1]  Plaintiffs quite clearly argued to the Fifth Circuit that this Court "failed to resolve disputes in the non-movant's [plaintiffs'] favor" (Huey Br. at 21) and urged the court to "view[] all evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in that party's favor." (Liaison Br. at 12.) That standard is appropriate in reviewing a grant of summary judgment against a party, but the party may not then leverage such a deferential view of its facts into summary judgment in its favor. To the contrary, as the Fifth Circuit has held in this situation, "[u]nder this standard, our analysis of the limited record before us necessarily [is] of a binding character only with respect to the existence of a genuine triable controversy." *E. C. Ernst*, 537 F.2d at 108.

The dispositive error Plaintiffs attributed to this Court was that it "ignored *the genuine factual dispute regarding* the Corps' approval of reasonably precise specifications." (Huey Br. at 21; emphasis added.)  The Fifth Circuit, in resting its decision on "the absence of reasonably precise Corps specifications," 620 F.3d at 465, agreed. Under *E. C. Ernst,* however, that conclusion only establishes a triable controversy. It is therefore that issue, as well as the other prongs of the *Boyle* test, that are now ripe for trial.

### III. The Fifth Circuit Broad Language Does Not Undercut It Express Statement of This Court's Discretion on Remand

Plaintiffs will likely argue that certain broadly phrased statements in the Fifth Circuit's opinion indicate that it concluded, as a matter of law, that the GCD could not apply. That is not correct. On this point, *E. C. Ernst* is particularly instructive because in it the Fifth

---

[1] Three separate groups of Appellants filed notices of appeal in the Fifth Circuit. Two filed substantive briefs: One was filed by Appellants Quintessa Huey et al., hence "Huey Br."; and the other was filed by Plaintiffs' Liaison Counsel, hence "Liaison Br." A third group, Appellants Betty Lundy et al., filed a brief adopting by reference the argument of the Liaison Brief.

Circuit itself addressed the question of whether a district court erred by holding a trial on defenses on which the Fifth Circuit previously reversed summary judgment. In that case, as in this one, the Fifth Circuit's decision reversing summary judgment "was phrased in broad language which, considered out of context, could be construed as being conclusive" on the issues. 537 F.2d at 107. The court held, however, that those "seemingly conclusive statements" did not amount to a grant of summary judgment for the non-moving party, both because the court made clear that it was reviewing the case under the "usual standard" governing reviews of summary judgment, which construes all facts in favor of the non-moving party, and additionally because "[n]owhere did we state we were entering summary judgment in favor of" the plaintiff. *Id.* at 107-08.

The same is true here. The context of the Fifth Circuit's opinion demonstrates that it was addressing the question of summary judgment on the limited record before it. For example, in concluding that WGII had failed to show as a matter of law that the specifications for the backfill were reasonably precise, the court explained:

> Significantly, the evidence in the record shows that the sole consideration for the Corps in evaluating the backfill was the cost of the material. *If that was the extent of its analysis*, the Corps cannot be said to have approved reasonably precise specifications for the *composition* of the off-site backfill material.

(Op. at 14; first emphasis added.) WGII disagrees with the court's characterization of the record, but regardless, the court, expressing its conclusion conditionally, obviously contemplated that additional evidence on remand might show that the analysis was more far-reaching.

This context, coupled with the Fifth Circuit's clear statement that "we impose no limitations on what matters the district court can consider on remand," 620 F.3d at 465, leaves this Court ample discretion to hear evidence and decide the questions of fact that Plaintiffs in

5

their briefs to the Fifth Circuit argued were in dispute. Indeed, after remand in a closely analogous situation, the Fifth Circuit reiterated, as it has said time and again, that

> the reversal of summary judgment does not foreclose the right and *the imperative duty* of the District Judge to test the case against the actual evidence at every stage of the trial.

*E. C. Ernst*, 537 F.2d at 109 (emphasis added; citations omitted); *see also Matthews v. Ashland Chemical, Inc.*, 770 F.2d 1303, 1307 (5th Cir. 1985); *Nunez v. Superior Oil Co.*, 644 F.2d 534, 535 (5th Cir. 1981). After denial of summary judgment, "it is obvious that a court may have a different perception of a matter after hearing live witnesses subject to cross-examination." *Atchison, Topeka and Santa Fe Ry. v. Chevron U.S.A., Inc.,* 896 F.2d 561, 562 (Em. App. 1989). Accordingly, the GCD remains an available defense that this Court not only may, but must, consider on the full record in light of the standards set out by the Fifth Circuit.

Dated: May 17, 2011                                    Respectfully submitted,

/s/William D. Treeby
William D. Treeby, 12901
James C. Gulotta, Jr., 6594
Heather S. Lonian, 29956
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Adrian Wager-Zito
James E. Gauch
Debra S. Clayman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Attorneys for Washington Group International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Memorandum in Support of The Continued Availability of Government Contractor Defense has been served upon all counsel of record through the Court's CM/ECF electronic filing system, this 17th day of May, 2011.

/s/William D. Treeby

1056655v.1