UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE Duval<br>MAG. Wilkinson |
| PERTAINS TO: MRGO<br>    *Armstrong*, No. 10-866 | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF THE CONTINUED AVAILABLITY OF THE GOVERNMENT CONTRACTOR DEFENSE**

The Fifth Circuit's policy is to grant summary judgment to a non-moving party when all material facts are before it and the parties have had a full and fair opportunity to be heard. That is the situation here. The appellate court ruled unambiguously that WGI is not entitled to Government Contractor Immunity ("GCI"). In so doing, it effectively entered summary judgment for Plaintiffs. Should this Court disagree, the law of the case doctrine nevertheless applies to the highly developed factual record that existed at the time of summary judgment. WGI's ability to rely on new evidence—and the legal significance of such evidence—is circumscribed by the doctrine.

**I.     The Fifth Circuit Properly Granted Summary Judgment to Plaintiffs.**

   *A.  The Fifth Circuit ruled unambiguously that GCI is not available.*

The policy behind Fed. R. Civ. P. 56 is to foster "prompt disposition of cases when there is no genuine issue of any material fact for the court to consider." *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 786 (5th Cir. 1997). In light of this policy, an appellate court can properly grant summary judgment to a non-moving party when "it is very clear that all

1

material facts are before the reviewing court." *E. C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105, 109 (5th Cir. 1976). In fact, it is the Fifth Circuit's "doctrine" to grant summary judgment when there is no genuine need for trial "even if such action was not requested in the summary judgment papers. . . ." *Exxon Corp.*, 129 F.3d at 786. There is no genuine need for trial when "both sides have presented all the facts to the District Court as though the summary judgment hearing were a final one." *E. C. Ernst, Inc.*, 537 F.2d at 109.

The parties here presented all material facts to this Court in support and opposition to WGI's summary judgment motion on GCI. The same record went before the Fifth Circuit. To successfully assert the GCI defense, WGI had to satisfy a three-step test: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *In re Katrina Canal Breaches Litig.*, 620 F.3d at 459-60 (citing *Boyle v. United Technologies Corp.,* 487 U.S. 500, 512 (1988)).

In analyzing the record, the Fifth Circuit's factual findings led it to conclude (three times) that GCI is not available to WGI because it failed the *Boyle* test's first step:

> Because the specifications for the work at issue were not reasonably precise, *WGI has no GCI*, so we reverse the summary judgment and remand.

*In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 457 (5th Cir. 2010) (emphasis added).

> Given that the Corps provided imprecise, and at times non-existent, specifications regarding the composition of the on-site and off-site backfill material, *WGI is not entitled to claim GCI* for its exercise of discretion in choosing the composition of that material.

*Id.* at 463 (emphasis added).

> The Corps did not "make" WGI use the exact backfill material that was utilized, nor did it "require" WGI select the compaction method that was employed. In the absence of reasonably precise Corps specifications, those decisions were made by WGI. *Thus, WGI fails the*

>   *first step of the Boyle test and is not entitled to GCI* for its choice of backfill material and compaction method.

*Id.* at 465 (emphasis added).

Despite this unambiguous holding, WGI contends that the Fifth Circuit actually meant it found "triable issues of fact" with respect to the applicability of the GCI. But that simply is not what the opinion states. To the contrary, the court reviewed the record on appeal, held oral argument, and, based on this fully-developed record on the GCI, found as a matter of law that WGI failed the first step of the *Boyle* test. As a result, WGI cannot assert the GCI at trial.

Specifically, the court found that the Corps did not approve any specifications regarding the precise composition of the on-site backfill material because the Corps neither mandated the composition of the backfill material nor established precise procedures to test material for its suitability as backfill. 620 F.3d at 462. Next, the court found that "WGI understood there to be no precise specifications for compaction" and that the Corps's failure to specify a compaction standard meant that "WGI could choose a method of compaction that did not require a particular final result." *Id.* at 464 and n.10.

WGI now complains that the appellate court ignored or disregarded certain documents and testimony that it believes undermines the appellate court's express findings. (WGI Brief at 2-3.) But WGI's quarrels with the appellate court's view of the record do not change the ruling. WGI was given a full and fair opportunity before both this Court and the Fifth Circuit to develop its facts and legal theories supporting GCI. After all, WGI itself moved for summary judgment on GCI after it believed discovery on this defense was complete. It submitted 120 exhibits, posited 213 "undisputed material facts," opposed Plaintiffs' submissions, and participated in oral argument. Thus, "this is not a case in which no motion was made at the trial level or in which the opponent of the motion did not have an opportunity to respond." *Morgan Guaranty Trust Co.*

3

*of NY v. Martin*, 466 F.2d 593, 600 (7th Cir. 1972) (entering summary judgment for non-moving party).  Moreover, "inquiry at the [appellate] argument failed to reveal any new facts that might be adduced . . . at an evidentiary hearing."  *Abrams v. Occidental Pet. Corp.*, 450 F.2d 157, 166 (2d Cir. 1971) (same).  Put another way, "[b]oth parties [] had more than ample time to develop pleadings and fact issues," thus making it "appropriate to direct that judgment be entered for the [non-moving party]."  *Tabacalera Severiano Jorge, S. A. v. Standard Cigar Co.*, 392 F.2d 706, 716 (5th Cir. 1968).

In short, WGI took its best shot at GCI and it lost.  WGI is not allowed a second bite at the judicial apple, particularly when its argument is premised upon supposed defects in the Fifth Circuit's review of the record.[1]  Under settled Fifth Circuit jurisprudence and given the appellate court's expansive findings on a fully-developed record, the GCI has been adjudicated and WGI is barred from resurrecting it at trial.

> B. *The Fifth Circuit did not reject Plaintiffs' principal argument on summary judgment.*

WGI argues that the Fifth Circuit "expressly rejected Plaintiffs' arguments that the GCD did not apply as a matter of law." (WGI Brief at 3.)  However, the crux of the MRGO PSLC's summary judgment opposition was that WGI failed to satisfy the three *Boyle* requirements.  (Doc. No. 16216 at pp. 9-28.)  The Fifth Circuit's ruling is perfectly consistent with Plaintiffs' position—it expressly held that WGI failed the *Boyle* test.  620 F.3d at 455, 457, 463, 465.

---

[1] If this Court agrees the Fifth Circuit granted summary judgment for Plaintiffs, then any attempt by WGI to introduce new or additional evidence would require relief from the Fifth Circuit's judgment under Federal Rule of Civil Procedure 60(b)(2), which would require WGI to demonstrate (1) that it exercised due diligence in obtaining the information, and (2) the evidence "'is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1201 (5th Cir. 1993) (citation omitted).

4

WGI is correct that the appellate court rejected Plaintiffs' alternative argument that the GCI required a threshold showing of a "substantial conflict" between state tort liability and federal policy. 620 F.3d at 460-61. (WGI Brief at p. 3.) The appellate court rejected Plaintiffs' argument that the GCI applies only to military contracts because it was first raised in Plaintiffs' reply brief. (*Id.* at n.3.) The Fifth Circuit did not address Plaintiffs' contention that the government failed to provide reasonably precise specifications with respect to underseepage because "'the reasonably precise specifications that are required by the first prong of the *Boyle* test 'need not address the specific *defect* alleged; the government need only evaluate the *design feature* in question.'" 620 F.3d at 461, n.7 (citation omitted) (emphasis in original).

A court need never agree with every argument by a party in ruling for that party. It need only agree with one argument, and here the Fifth Circuit agreed with Plaintiffs' principal argument that WGI failed the *Boyle* test. WGI twists the Fifth Circuit's rejection of Plaintiff's alternative arguments into a finding of a "triable controversy" as to whether reasonably precise Corps specifications governed WGI's work. (WGI Brief at pp. 3-4.) In fact, the appellate court analyzed the full record on appeal and found that the Corps neither made WGI use the exact backfill material that was utilized, nor required that WGI select the compaction method that was employed. 620 F.3d at 465. Because of the "absence of reasonably precise Corps specifications, those decisions were made by WGI." *Id.* In light of these incontrovertible factual findings, the court held as a matter of law, that WGI failed the *Boyle* test's first prong and was therefore "*not entitled to GCI* for its choice of backfill material and compaction method." *Id*. (emphasis added).

      *C. Contrary to WGI's assertions, the Fifth Circuit held clearly and unambiguously that GCI is not available.*

WGI's attempt to analogize this case to *E.C. Ernst* is unavailing. The *E.C. Ernst* court explained that its prior opinion in the same case that created confusion was "phrased in broad language which, considered out of context, could be construed as being conclusive on the issues of notice and settlement." *E. C. Ernst, Inc.*, 537 F.2d at 107. In other words, there was a lack of precision in the prior decision's language.

In this case, the appellate court's language in clear and unambiguous and taken in context makes certain that WGI failed the *Boyle* test: "[b]ecause the specifications for the work at issue were not reasonably precise, *WGI has no GCI. . . . WGI is not entitled to claim GCI* for its exercise of discretion in choosing the composition of that material. . . . *WGI fails the first step of the Boyle test and is not entitled to GCI* for its choice of backfill material and compaction method." 620 F.3d at 457, 463, 465 (emphasis added). It is hard to imagine any clearer enunciation of the Fifth Circuit's holding. This ruling forecloses any further litigation on the GCI.

The Fifth Circuit's statement that it does not impose any limitation on what matters this Court can consider on remand must be read in context with the entire paragraph.[2] It holds that GCI is no longer available because WGI failed *Boyle*'s first step, but places "no limitations" on other matters that may be taken up on remand. 620 F.3d at 465.

---

[2] "The Corps did not 'make' WGI use the exact backfill material that was utilized, nor did it 'require' WGI select the compaction method that was employed. In the absence of reasonably precise Corps specifications, those decisions were made by WGI. Thus, WGI fails the first step of the *Boyle* test and is not entitled to GCI for its choice of backfill material and compaction method. The summary judgment is REVERSED, and this matter is REMANDED for further proceedings as needed. We impose no limitations on what matters the district court can consider on remand, and we express no view as to what decisions that court should make." 620 F.3d at 465.

6

## II. If This Court Finds the Fifth Circuit Did Not Grant Summary Judgment, Proceedings are Nevertheless Governed by the Law of the Case.

If this Court declines to hold that the Fifth Circuit granted summary judgment in Plaintiffs' favor, then a question remains as to what new or different evidence WGI might rely upon at trial. WGI contends the Fifth Circuit "contemplated that additional evidence on remand might show that the analysis was more far-reaching" and that this Court must consider "the full record in light of the standards set out by the Fifth Circuit." (WGI Brief at 5, 6.) This is not merely a question of applying certain "standards." Even if the Fifth Circuit is deemed not to have granted summary judgment in Plaintiffs' favor, it ruled unambiguously that GCI is not available on the issues of backfill use and compaction. *Supra* at 5.

The law-of-the-case doctrine provides that "'a decision of a factual or legal issue by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court. . . .'" *Lyons v. Fisher*, 888 F.2d 1071, 1074 (5th Cir. 1989) (quoting *Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003, 1005 (5th Cir. 1982)). This doctrine "applies not only to things decided explicitly but also to matters settled 'by necessary implication:' 'those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case.'" *Cooper Tire & Rubber Co. v. Farese*, 248 F. Appx. 555, 558 (5th Cir. 2007) (citations omitted). Accordingly, the issues upon which the Fifth Circuit ruled in this case may not be relitigated at trial. *See id.* at 558-59 (prior panel's reversal of summary judgment on unconscionability of contract became law of the case and the parties were "precluded from relitigating these issues on remand"); *Lyons*, 888 F.2d at 1073-75 (appellate summary judgment holding that contract lacked proper consideration barred losing party from

7

subsequently introducing new evidence not before the appellate court to prove the adequacy of consideration; also barring new legal argument to show the panel erred); *Barrett v. Thomas*, 809 F.2d 1151, 1155 (5th Cir. 1987) (holding County was "barred from relitigating the issues of official capacity and notice" by law of the case doctrine).

In short, "the law of the case controls legal claims which were fully litigated and decided in the first appeal, *even if parties seek to introduce new legal or factual evidence on remand*." *Cooper Tire*, 248 F. Appx. at 558 (emphasis added). The Fifth Circuit has specifically applied the doctrine to the issue of tort immunities. In *Knotts v. United States*, 893 F.2d 758 (5th Cir. 1990), plaintiff sued under the Federal Tort Claims Act. On an initial appeal, the Fifth Circuit did not directly address the United States' claim of immunity under a statutory employer defense, but did remand the case with instructions to allocate fault between plaintiff and the United States. The issue arose on a subsequent appeal, where the Fifth Circuit held that although it only "tacitly" addressed the immunity issue by its direction to allocate fault, the issue was deemed decided and the court held that any further litigation was barred. *Id.* at 761; *see also id.* ("the doctrine encompasses issues decided by 'necessary implication' as well as those decided explicitly").

Here, the GCI issue was decided explicitly, at least as to issues surrounding the selection, composition, and use of on-site and off-site backfill materials and as to standards, methods, and testing of compaction. The Fifth Circuit's resulting legal conclusion that "WGI fails the first step of the *Boyle* test" may not be relitigated here. *In re: Katrina Canal Breaches Litig.*, 620 F.3d 455, 465 (5th Cir. 2010). As held in *Lyons* and *Cooper Tire*, new evidence on this issue is precluded and the WGI may question neither the adequacy of the Fifth Circuit's review nor its ruling.

8

There are exceptions to the law of the case doctrine, but none applies here. The exceptions are: (1) the evidence at a subsequent trial is substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such cases, or (3) the decision was clearly erroneous and would work manifest injustice. *Lyons*, 888 F.2d at 1075. WGI's brief does not hint at the presence of any one of these exceptions. Only the first could conceivably apply; but WGI indicates that the Fifth Circuit acted precipitously by relying on "snippets of deposition testimony" that would be "explained and tested at trial;" and that the Fifth Circuit ignored or failed to "carefully analyz[e]" other record evidence that will support WGI at trial. (WGI Brief at 2-3.) This is precisely what WGI is forbidden to attempt by the law of the case doctrine.

As discussed above, the caselaw is clear that the issues decided by the Fifth Circuit may not be resurrected at trial and WGI may not relitigate what it already litigated and lost. Just like the defendant in *Lyons*, WGI "fully presented [its] case before moving for, and securing, a summary judgment [and] has had [its] day in court." 888 F.2d at 1076.

Accordingly, the GCI defense is not available to WGI at trial or is circumscribed by the law of the case doctrine.

Dated: May 24, 2011

                **Respectfully Submitted,**
                **PLAINTIFFS LIAISON COUNSEL**

                  /s/ Joseph M. Bruno
                JOSEPH M. BRUNO (La. Bar # 3604)
                Bruno & Bruno, LLP
                855 Baronne Street
                New Orleans, Louisiana 70113
                Telephone: (504) 525-1335
                Facsimile: (504) 561-6775
                Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

  /s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

  /s/Andrew P. Owen
ANDREW P. OWEN
*Admitted Pro Hac Vice*
The Trial Law Firm PC
800 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Telephone: (213) 347-0290
Facsimile: (213) 347-0299
Email: aowen@oslaw.com

**MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE**

Jonathan Andry (The Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing was served upon all counsel of record by ECF on May 24, 2010.

      /s/ Joseph M. Bruno

10