UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§ | Civil Action<br>No. 05-4182 "K" (2) |
| | § | Judge Duval |
| PERTAINS TO:  MRGO | § | Magistrate Wilkinson |
| *Armstrong*, No. 10-866 | §<br>§ | |

**<u>RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. The March 15, 2007 MRGO Master Consolidated Class Action Complaint Put Defendant on Notice of Plaintiffs' EBIA Contentions................................................2

    B. Independently, the Form 95s of Alvin Livers, Fred Holmes, and Clifford Washington Put Defendant on Notice of Plaintiffs' Claims.............................4

    C. Independently, Prior Complaints filed by Fred Holmes and Clifford Washington Put Defendant on Notice of Plaintiffs' Claims............................................8

    D. The Form 95s of Alvin Livers, Fred Holmes, and Clifford Washington Place a Sum Certain Value on Plaintiffs' Claims ............................................................9

III. CONCLUSION................................................................................................ 12

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Adams v. United States*,
 615 F.2d 284 (5th Cir. 1980), *clarified,* 622 F.2d 197 (1980) ......................................1, 5, 6, 7

*Cook v. United States*,
 978 F.2d 164 (5th Cir. 1992) ...............................................................................................1, 6

*Dalrymple v. United States*,
 460 F.3d 1318 (11th Cir. 2006) ..............................................................................................11

*Emery v. United States*,
 920 F. Supp. 788 (W.D. Mich. Feb. 29, 1996) .......................................................................12

*Eskine v. United States*,
 1995 U.S. Dist. LEXIS 12423 (E.D. La Aug. 18, 1995) ............................................10, 11, 12

*In re Katrina Canal Breaches Consol. Litig.*,
 2008 WL 4449970 (E.D. La. Sept. 29, 2008) .......................................................................4, 6

*In re Katrina Canal Breaches Consol. Lit.*,
 2010 WL 487431 (E.D. La. Feb. 2, 2010) .......................................................1, 2, 3, 4, 5, 6, 7, 8

*In re Katrina Canal Breaches Consol. Litig.*,
 2011 WL 651946 (E.D. La. Feb. 11, 2011) .............................................................................3

*Keene Corp. v. United States*,
 700 F.2d 836 (2d Cir. 1983) ...................................................................................................11

*Rise v. United States*,
 630 F.2d 1068 (5th Cir. 1980) ...............................................................................................6, 7

*Williams v. United States*,
 693 F.2d 555 (5th Cir. 1982) ....................................................................................................2

## **FEDERAL STATUTES**

28 U.S.C. § 2675 .............................................................................1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12

I. **INTRODUCTION**

This litigation, which will resolve liability concerning the tragedy emanating from the worst engineering disaster in American history, is one of the largest, most precedential and most complex pieces of litigation in United States history. Thousands of documents have been reviewed, scores of depositions have been taken, and two major trials have concluded, with a third scheduled for June of next year. As this Court made clear in Case Management and Scheduling Order No. 4, it is the intention of the Court to have the litigation proceed in an orderly but expeditious manner. In spite of this, the United States continues to try to elevate form over substance to the detriment of all of the parties and the participants.

Defendant's Motion to Dismiss is a regurgitation of legal arguments that this Court has already repudiated in two prior rulings. Defendant rehashes a jurisdictional challenge, *viz.*, Plaintiffs' purported failure to exhaust their administrative remedies before filing suit as required by the FTCA. Citing no new Fifth Circuit authority, Defendant presents the same argument put forth previously, that § 2675(a) cannot be complied with by filing a suit setting forth the claim that becomes the basis for a later federal tort action. This Court should reject this argument for the same reasons it rejected it twice before. Like its predecessors, this Motion should be denied.

II. **ARGUMENT**

Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). As this Court previously held, a claimant satisfies § 2675's requirement that "the claimant shall have first presented the claim to the appropriate Federal agency" if the claimant (1) gives the agency written notice of his claim sufficient to enable the agency to investigate and (2) places a value on his claim. *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, *8 (E.D. La. Feb. 2, 2010) (citing *Adams v. United States*, 615 F.2d 285, 289 (5th Cir. 1980) & *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992)). No

3

particular form or manner of giving notice is required "'as long as the agency is somehow informed of the fact of and amount of the claim'" in a timely manner. *Id*. at *9 (quoting *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982)).

As set forth below, Alvin Livers, Fred Holmes, and Clifford Washington have satisfied both requirements of § 2675: they provided written notice of their claims sufficient to enable the government to investigate, and they placed a value on their claims.

### A. The March 15, 2007 MRGO Master Consolidated Class Action Complaint Put Defendant on Notice of Plaintiffs' EBIA Contentions.

After extensive briefing and argument, this Court, in allowing Plaintiffs to re-file their suit as to the EBIA claims, ruled that "in the case of Ms. Coats and the Armstrongs, there were documents which taken together give the United States sufficient notice of the claim to meet the requirements of § 2675." *In re Katrina Canal Breaches Consol. Litig*., 2010 WL 487431, *12 (E.D. La. Feb. 2, 2010). Those documents were Form 95s filed by the three named representatives, which the Court noted did not include the EBIA claim (but which did place a value on the claims), and a MRGO Master Consolidated Class Action Complaint filed on March 15, 2007, which the Court noted contained "exact detail concerning the EBIA contentions." *Id*. Relying on *Williams*, this Court concluded that the March 15, 2007 MRGO Master Consolidated Class Action Complaint "gave the United States specific notice of their claim for damages arising out of the EBIA to satisfy the jurisdictional requirements of § 2675." *Id*.

Consistent with the Court's Feb. 2, 2010 ruling, Plaintiffs filed *Armstrong*, which this Court described as "a re-filed version of this Master Consolidated Class Action Complaint (Doc. 11471) as contemplated by this Court's previous ruling on another Motion to Dismiss filed by the United States. *See* Order and Reasons, February 2, 2010 (Doc. 19611)." *In re Katrina Canal Breaches Consol. Litig.*, 2011 WL 651946, *1 (E.D. La. Feb. 11, 2011). Defendant United

4

States then filed a motion to dismiss the *Armstrong* complaint with respect to **all** plaintiffs on the ground "that the service of a complaint commencing an action in federal court cannot satisfy the first step in the requirements of 28 U.S.C. § 2675(a)." *Id*. at *11. This Court summarily rejected Defendant's motion, noting that it had given Defendant the opportunity to secure immediate appellate review of this issue, which opportunity Defendant declined. The Court explained its second ruling as follows:

> This Court rejected this argument as to the Armstrong Plaintiffs with respect to their EBIA claims as well as with respect to the Entergy Plaintiffs in its February 2010 ruling. *In re Katrina Canal Breaches Consol. Lit*., 2010 WL 487431, *12-15 (C.A. 07-4609 (Doc. 7) at 28) and the Court re-iterates those conclusions herein as if copied in full. Indeed, the Court certified the issue for immediate appeal with that decision, and the Government chose to forego that opportunity. To take this position in light of the totality of the circumstances as outlined in that opinion is without merit.

*Id*. at *11.

As set forth above, this Court has already ruled, not only with respect to the named class representatives for *Armstrong*, but with respect to **all** *Armstrong* plaintiffs, that the March 15, 2007 MRGO Master Consolidated Class Action Complaint could, and did, give the United States specific notice of plaintiffs' claims for damages arising out of the EBIA. *In re Katrina Canal Breaches Consol. Litig*., 2011 WL 651946, *11 (E.D. La. Feb. 11, 2011). The March 15, 2007 MRGO Master Consolidated Class Action Complaint made allegations on behalf of all plaintiffs in the proceedings consolidated or cumulated before this Court in *In re Katrina Canal Breaches Consolidated Litigation*, which includes Alvin Livers, Fred Holmes, and Clifford Washington. MRGO Master Consolidated Class Action Complaint (Doc. No. 3415) at 2. The Class Representatives (which include Ms. Coats and the Armstrongs) made allegations in the March 15, 2007 MRGO Master Consolidated Class Action Complaint on behalf of a broadly defined class that includes:

5

> All individuals … in 'GREATER NEW ORLEANS' (defined as that area east of the IHNC/Industrial Canal including the Lower Ninth Ward and New Orleans East areas of the Parish of Orleans and also the Parish of St. Bernard, in the State of Louisiana) who/which sustained damages as a result of inundation/flooding in this area which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and as to the Defendant Corps only, have, or by a date to be determined by the Court will have fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

*Id*. at ¶ 12. Alvin Livers, Fred Holmes, and Clifford Washington are indisputably members of this class and plaintiffs in *Armstrong,* and they have been chosen by the parties as exemplar plaintiffs for the July 16, 2012 *Armstrong* trial that will address the liability of Defendants WGI and the United States for the damages caused by the activity at the EBIA. Thus, the March 15, 2007 MRGO Master Consolidated Class Action Complaint and the Form 95s filed by Mr. Livers, Mr. Holmes and Mr. Washington, taken together, gave the United States sufficient notice of these plaintiffs' claims to meet the requirements of § 2675.

### B. Independently, the Form 95s of Alvin Livers, Fred Holmes, and Clifford Washington Put Defendant on Notice of Plaintiffs' Claims.

In stark contrast to the Form 95s at issue in this Court's prior rulings,[1] the allegations regarding the basis of the claim contained in the Form 95s here went well beyond allegations related to the MRGO and were sufficient to put Defendant on notice of Plaintiffs' claims. Specifically, the Form 95s of Mr. Livers, Mr. Washington, and Mr. Holmes satisfy the notice

---

[1] In its Feb. 2, 2010 decision, the Court considered the Form 95s of Ms. Coats and the Armstrongs. *See In re Katrina Canal Breaches Consol. Litig*., 2010 WL 487431, *4-5 (E.D. La. Feb. 2, 2010) (setting forth the pertinent language from the Form 95s of Ms. Coats and the Armstrongs, which focuses on the MRGO). In its Sept. 29, 2008 decision, the Court considered the Form 95s of the *Robinson* plaintiffs, which stated in pertinent part: "'[a]ll of the damage complained of herein were caused as a direct and proximate result of negligence of the United States Army Corps of Engineers in the design, construction, and maintenance of the Mississippi River Gulf Outlet navigational/shipping structure located in St. Bernard and Orleans Parishes in Louisiana.'" *See In re Katrina Canal Breaches Consol. Litig*., 2008 WL 4449970, *4-5 (E.D. La. Sept. 29, 2008).

6

requirement because they specify water damage from the failure of levees and floodwalls, and do not limit the levees to the MRGO-damaged levees, as did the descriptions of the basis of the claims in the Form 95s previously considered by this Court.

In their Form 95s, both Mr. Livers and Mr. Washington described the basis of their claims as follows:

> The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005.  The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers' negligence in the design and construction of these levees and walls and the Mississippi River Gulf Outlet.  In addition, the Corps knew or reasonably should have known that the hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of the claimant.

United States' Motion to Dismiss (Doc. No. 20244) at Exhibit 1 (Livers's Administrative Claim) & Exhibit 3 (Washington's Administrative Claim).

Mr. Holmes described the basis of his claim in his Form 95 as follows:

> The failure of the Levee System during Hurricane Katrina caused my home to be flooded with 12'-20' of water causing a total loss of my home and of my personal contents.  The damaged property is 1205 Perrin Drive, Arabi, LA 70032 was our only home and our lives have been forever changed because of this.  We both lost our jobs that we had maintained for many years because we could not find housing due to the shortage of homes and therefore we each lost approximately 10 years towards our personal retirement.

United States' Motion to Dismiss (Doc. No. 20244) at Exhibit 2 (Holmes's Administrative Claim).

The Form 95s of Mr. Livers, Mr. Washington, and Mr. Holmes satisfy § 2675 because they gave the agency written notice of their claims *sufficient to enable the agency to investigate* and they placed a value on the claims.  *See In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, *8 (E.D. La. Feb. 2, 2010) (citing *Adams v. United States*, 615 F.2d 285, 289 (5th

Cir. 1980) & *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992)).  The purpose of requiring individuals to file Form 95s prior to commencing an action in court is to give the particular Government agency (the Corps here) an opportunity to consider the causes of the claimant's injuries, offer settlement and raise defenses.  *Adams*, 615 F. 2d at 289.[2]  Unlike the previous Form 95s considered by the Court,[3] these Form 95s put the Corps on notice that the claims are for the negligence of the Corps with respect to the failure of the "hurricane protection levees and hurricane walls" and the "levee system," which were supposed to protect them from flooding and which failed to do so.

At the time that the Form 95s of Mr. Livers, Mr. Washington, and Mr. Holmes were presented to the Corps, it was certainly aware that its negligence with respect to activity at the EBIA may have resulted in flooding in the vicinity of the homes of Mr. Livers, Mr. Washington, and Mr. Holmes.  *See In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *13 (E.D. La. Feb. 2, 2010) ("the Corps was deeply aware of the IHNC issues" at least by August 2006); & at *5 n.4 ("Perhaps one of the most confounding problems with the issues before the Court is the immensity of notice in general that the Corps certainly had with respect to these defalcations – that is the failure of the IHNC floodwalls allegedly caused by its activities at the EBIA.").  Thus, the Form 95s, which encompassed the negligent activity of the Corps with respect to ***all*** hurricane protection levees and hurricane walls, put the Corps on notice to

---

[2] *See also Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980), quoting S.Rep.No. 1327, 89th Cong. 2d Sess. 2516 reprinted in U.S. Code Cong. & Ad. News (1966) pp. 2515-16 (statutory purpose is "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' This purpose will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant.").

[3] The Court noted that "[a]ll of the [Robinson] claims are in terms of the detriment caused by the MRGO with flood waters emanating from the MRGO."  *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4449970, *6 (E.D. La. Sept. 29, 2008).

investigate its negligence with respect to the EBIA as a possible cause of Mr. Livers's, Mr. Washington's, and Mr. Holmes's damages.

The statutory purpose was fully satisfied by these Form 95s in that, had the government had any interest in settling these claims (which by all accounts it did not),[4] it had all of the information it needed to investigate its own conduct, assess its own liability, and make an informed settlement offer. Having been notified of the nature of the claims, it was the *Corps's* obligation after receipt of the Form 95s to undertake an investigation of the causes of these claimants' damages:

> In promulgating section 2675, Congress, therefore, did not seek to allow federal agencies unilaterally to shift the burden of investigation to private claimants while retaining only the responsibility of evaluating the information supplied by the claimant: "This procedure (of filing claims with the appropriate federal agency) would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. *That agency would have the best information concerning the activity which gave rise to the claim*."

*Adams v. United States*, 615 F.2d 284, 290 n.9 (5th Cir. 1980), *clarified,* 622 F.2d 197 (1980), quoting S. Rep. at 7, reprinted in U.S. Code Cong. & Admin. News (1966) at p. 2517 (emphasis added). The Corps was obligated to investigate not only the theories of liability detailed in the Form 95, but also any other related theories of liability. *Rise*, 630 F.2d at 1071 ("[I]f the government's investigation of [plaintiff's] claim should have revealed theories of liability *other than those specifically enumerated therein*, those theories can properly be considered part of the claim.") (emphasis added); *see also Adams*, 615 F.2d at 292.

---

[4] "[I]t was clear from the outset of this litigation by the United States' actions that at no time was it going to settle any of the claims filed based on the failure of the Lake Pontchartrain and Vicinity Levee Protection Project, the defalcations which occurred with respect to the MRGO, or the alleged errors made at the EBIA. It has consistently maintained that it is immune from suit." *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *14 (E.D. La. Feb. 2, 2010).

Thus, standing alone, the Form 95s filed by Mr. Livers, Mr. Holmes and Mr. Washington gave the United States sufficient notice of these plaintiffs' claims to meet the requirements of § 2675.

### C. Independently, Prior Complaints filed by Fred Holmes and Clifford Washington Put Defendant on Notice of Plaintiffs' Claims.

On August 28, 2006, Fred Holmes filed a complaint (*Holmes v. United States*, No. 06-5161) regarding damage to the same property (1205 Perrin Dr., Arabi, Louisiana) at issue here. This Court previously found that Mr. Holmes's complaint "states unequivocally the theory of negligence as to the Corps and WGI. C.A. 06-5161."[5] *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *5 n.4 (E.D. La. Feb. 2, 2010). Thus, the allegations regarding the EBIA set forth in his August 2006 complaint, combined with Mr. Holmes's Form 95 filed on February 25, 2007, gave the United States sufficient notice of Mr. Holmes's claims to meet the requirements of § 2675.

In addition, on August 29, 2007, *State of Louisiana and Orleans Parish School Board, et al. v. United States*, 07-5023 (the "School Board complaint"), was filed. This Court previously described this case as including "thousands of individual plaintiffs" and as having "outline[d] with great specificity the alleged defalcations of the Corps with respect to the EBIA project." *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *13 n.8 (E.D. La. Feb. 2, 2010).

Mr. Washington was one of the thousands of plaintiffs named in the School Board complaint. Defendant claims otherwise, arguing that Mr. Washington is not a party to the School

---

[5] The Court elaborated on the notice provided by Mr. Holmes's complaint: "As a practical manner, the United States had ample notice that there existed a large number of class actions filed concerning the alleged defalcations concerning the EBIA. For example, as previously noted, as early as August 28, 2006, a suit styled *Fred Holmes, et al. v. United States*, C.A. No. 06-5161 was filed outlining the EBIA claims against the United States." *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431, at *13 (E.D. La. Feb. 2, 2010).

Board complaint because his name does not appear in the title of the complaint, and that a typographical error regarding two letters in his first name defeats notice. First, the title of the complaint includes "all Individuals and Entities whose Names Appear on the Attached Exhibit A." As conceded by Defendant, Mr. Washington's name (with a typographical error related to two letters in his first name) appears on Exhibit A. This Court previously described the School Board complaint as including "thousands of individual plaintiffs"; the names of no individuals appear in the caption but the names of all of the individual plaintiffs (including Mr. Washington) appear on Exhibit A. Defendant cites no case law for the proposition that the title of a complaint may not incorporate an exhibit where thousands of parties have filed suit.

Furthermore, the typographical error in the spelling of Mr. Washington's first name ("Cliffred" instead of "Clifford") did not defeat notice, as is evident from Defendant's Motion, in which it obviously was able to connect the dots between Cliffred A. Washington and Clifford A. Washington. Defendant clearly has not been taken by surprise and had all of the information necessary to evaluate Mr. Washington's claim and pursue settlement, had it wished to do so. If Defendant was confused regarding the two-letter mix-up, a letter inquiry would have clarified the matter. Defendant's hyper-technical arguments elevate form over substance, are contrary to the policy justifications for § 2675, and are not sufficient to divest this Court of jurisdiction.

Thus, the allegations regarding the EBIA set forth in the August 2007 School Board complaint, combined with Mr. Washington's Form 95s, gave the United States sufficient notice of Mr. Washington's claims to meet the requirements of § 2675.

### D. The Form 95s of Alvin Livers, Fred Holmes, and Clifford Washington Place a Sum Certain Value on Plaintiffs' Claims.

Alvin Livers seeks to recover for damages that occurred at his property located at 4924 St. Claude Ave. It is undisputed that on November 1, 2006 Mr. Livers presented to the Corps an

administrative claim pertaining to that property, and that he placed a value on his property damage claim of $180,000 and on his personal injury claim of $150,000. United States' Motion to Dismiss (Doc. No. 20244) at 4 & Exhibit 1 (Livers's Administrative Claim). In its Motion, Defendant does not claim that Mr. Livers failed to state a sum certain value for his loss.

Clifford Washington seeks recovery for damages that occurred at his properties located at 5027 N. Derbigny, 1910 Charbonnet, and 1910 ½ Charbonnet. United States' Motion to Dismiss (Doc. No. 20244) at Exhibit 3 (Washington's Administrative Claims). It is undisputed that Mr. Washington presented to the Corps three administrative claim forms pertaining to these properties, the last in time of which is dated August 13, 2007 and places a value on his property damage claims of $321,000 and his personal injury claims of $500,000. In its Motion, Defendant does not claim that Mr. Washington failed to state a sum certain value for his loss.

Fred Holmes seeks to recover for damages that occurred at his property located at 1205 Perrin Dr., in Arabi. On February 25, 2007, Mr. Holmes, along with his wife Jeneen Boudoin-Holmes, presented to the Corps an administrative claim pertaining to that property, and they placed a value on their property damage claim of $250,000 and on their personal injury claim of $250,000. United States' Motion to Dismiss (Doc. No. 20244) at Exhibit 2 (Holmes's Administrative Claim).

Defendant's request that this Court dismiss Mr. Holmes's claims because he did not apportion the property and personal injury damage amounts on his Form 95 between himself and his wife has no legal merit. Prior case law in this judicial district establishes that a husband and wife fully satisfy § 2675's requirements by submitting a single Form 95 with a lump sum amount for their damages. *Eskine v. United States*, 1995 US.Dist. LEXIS 12423, at * 3 & 5-6 (E.D. La Aug. 18, 1995). The court in *Eskine* explained:

> The purpose of § 2675's 'sum certain' requirement is to facilitate settlement and to determine whether the claim exceeds $25,000 . . . Identification of the total amount of a couple's collective damages is adequate for this purpose. None of the Fifth Circuit cases cited by the government stand for the proposition that spouses cannot submit a claim for a single lump sum. Indeed, many courts have held that a lump sum amount for multiple claimants satisfies the 'sum certain' requirement.

*Id*. at *6 (citations omitted). In fact, the *Eskine* court felt so strongly that a lump sum damages amount submitted by a couple on a Form 95 satisfies § 2675's requirements that it cautioned the government that questioning this in the future might subject it to sanctions:

> The Court is unpersuaded by the government's attempt to impose artificial technicalities upon spouse claimants attempting to navigate the administrative claims process, particularly in light of the flexible approach mandated by the legislative history and recognized by the overwhelming majority of courts. While the Court does not feel that the government's motion is so lacking in reasonable basis as to warrant sanctions at this time, the Court feels some concern regarding the government's total failure to address the extensive caselaw in conflict with its position, and would advise a more thorough and candid treatment of the issues in any future memoranda submitted to the Court.

*Id*. at 6-7.

Despite having been warned against taking this position in this judicial district, Defendant again asks this Court to dismiss a couple's claims because they did not apportion the damages between them. Just as in *Eskine*, in its motion here Defendant failed to cite a single case which held that spouses cannot submit a claim for a single lump sum. Instead, Defendant cited the inapposite case *Keene Corp. v. United States*, 700 F.2d 836 (2d Cir. 1983), in which a defendant in asbestos litigation submitted a Form 95 seeking indemnity or contribution from the government with respect to thousands of underlying lawsuits, but did not specify the amount of money it sought with respect to each such suit. The only other case relied upon by Defendant, *Dalrymple v. United States*, 460 F.3d 1318 (11th Cir. 2006), is equally irrelevant in that it

13

concerns the claims of multiple individuals who submitted Form 95s but failed to assert any sought amount on their forms (i.e., that portion of the form was left blank).

As explained by the *Eskine* court, allowing a husband and wife to state a lump sum amount for their property damages and a lump sum amount for their personal injuries is consistent with the purposes of § 2675 to facilitate settlement and to determine whether the claim exceeds $25,000. *Eskine*, 1995 US.Dist. LEXIS 12423, at * 6. As another court addressing the same issue aptly stated: "To rule otherwise would be to elevate form over function in direct contravention of the Congressional policy underlying the statute." *Emery v. United States*, 920 F.Supp. 788, 792 (W.D. Mich. Feb. 29, 1996).

As part of settlement negotiations or otherwise, Mr. and Mrs. Holmes are willing to apportion their damages upon request of the Defendant or Court order. Similarly, Plaintiffs do not oppose adding Mrs. Holmes to the list of exemplar plaintiffs for the July 16, 2012 *Armstrong* trial, should the Court deem that advisable. But a couple's submission of a lump sum damages amount on their Form 95 does not divest this Court of jurisdiction, and Defendant's motion should therefore be denied.

**III.    CONCLUSION**

Alvin Livers, Fred Holmes, and Clifford Washington have satisfied both requirements of § 2675: (1) they provided written notice of their claims sufficient to enable the government to investigate in multiple, independent ways (via the March 15, 2007 MRGO Master Consolidated Class Action Complaint, their Form 95s, Mr. Holmes's August 2006 complaint, and Mr. Washington's School Board complaint); and (2) they placed a value on their claims. For the third time, Defendant's motion should be denied.

Dated:  May 24, 2011

        **Respectfully Submitted,**
        **PLAINTIFFS LIAISON COUNSEL**

           /s/ Joseph M. Bruno
        JOSEPH M. BRUNO (La. Bar # 3604)
        Bruno & Bruno, LLP
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 561-6775
        Email: jbruno@brunobrunolaw.com

        **MR-GO PLAINTIFFS SUB-GROUP LITIGATION**
        **COMMITTEE**

           /s/ James Parkerson Roy
        JAMES PARKERSON ROY
        MR-GO PSLC Liaison Counsel
        LA. Bar Roll Number: 11511
        Domengeaux Wright Roy & Edwards LLC
        P.O.Box 3668
        Lafayette, LA. 70502
        Telephone: (337) 593-4190 or (337) 233-3033
        Facsimile: 337-233-2796
        Email: jimr@wrightroy.com

           /s/Andrew P. Owen
        ANDREW P. OWEN
        *Admitted Pro Hac Vice*
        The Trial Law Firm PC
        800 Wilshire Blvd, Suite 800
        Los Angeles, CA 90017
        Telephone: (213) 347-0290
        Facsimile: (213) 347-0299
        Email: aowen@oslaw.com

        **MR-GO PLAINTIFFS SUB GROUP LITIGATION**
        **COMMITTEE**

        Jonathan Andry (The Andry Law Firm, New Orleans, LA)
        Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
        James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon all counsel of record by ECF on May 24, 2010.

/s/ Joseph M. Bruno
