# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § | CIVIL ACTION NO.  05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| | § § | |
| PERTAINS TO: | § § | |
| MRGO | § § | |
| FILED IN:      05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0225, 06-0886, 06-1885, 06-2152, 06-2278, 06-2287, 06-2824, 06-4024, 06-4065,06-4066, 06-4389, 06-4634, 06-4931, 06-5032, 06-5155, 06-5159, 06-5161, 06-5260, 06-5162, 06-5771, 06-5937, 07-0206,07-0621, 07-1073, 07-1271, 07-1285 | § § § § § § § § § | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFFS' AMENDED MR-GO MASTER CONSOLIDATED
## CLASS ACTION COMPLAINT

Defendant Washington Group International, Inc. ("WGII") [1] , by and through its undersigned attorneys, hereby responds to Plaintiffs' Amended MR-GO Master Consolidated Class Action Complaint (the "Complaint"), as follows:

---

[1] Subsequent to the activities alleged in Plaintiff's Complaint, WGII was acquired by URS Corporation, a Delaware Corporation.  WGII, now known as URS Energy & Construction, Inc., is a subsidiary of URS E&C Holdings, Inc., a Delaware Corporation. URS E&C Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation.  URS Holdings Inc. is a subsidiary of URS Corporation.

## WGII'S AFFIRMATIVE DEFENSES

### A.      FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGII, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGII.

### B.      PRESCRIPTION AND PEREMPTION

Plaintiffs' claims against WGII are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions and by La. R.S. 9:2772.

### C.      NO RIGHT OF ACTION

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

### D.      FAILURE TO JOIN INDISPENSABLE PARTIES

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### E.      DUTY / RISK

Plaintiffs' claims are barred under Louisiana Civil Code Articles 667, 2315, 2316, 2317, and/or 2322, in whole or in part, because they cannot establish:  (i) that WGII's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGII's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGII owed a duty to Plaintiffs that encompassed the risk that

1057261v.1

Plaintiffs would suffer the alleged harm; or (iv) that, if WGII owed any such duty to Plaintiffs, it breached that duty.

### F.    COMPARATIVE FAULT

WGII hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, including Plaintiffs (as applicable), whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGII is not responsible.

### G.    ACT-OF-GOD

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### H.    GOVERNMENT CONTRACTOR

Plaintiffs' claims are barred by the government contractor defense.

### I.    LIMITATION OF LIABILITY

WGII qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997) and the defense provided in La. R.S. 9:2771.

### J.    DISCHARGE IN BANKRUPTCY

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### K.    ADOPTION OF AFFIRMATIVE AND CONSTITUTIONAL DEFENSES AVAILABLE UNDER FEDERAL LAW OR THE LAWS OF OTHER JURISDICTIONS

WGII hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

1057261v.1

### L.   ADOPTION OF AFFIRMATIVE DEFENSES OF OTHER DEFENDANTS

WGII adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGII, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGII hereby reserves its right to amend its answer to assert any such defense.

### M.   SET-OFF

WGII affirmatively alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have settled or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, WGII is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

### N.   ATTORNEY'S FEES NOT AVAILABLE

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

### O.   LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGII brought under the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1251, *et seq*.; 16 U.S.C. § 1451, *et seq*.; the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 741-52; the Admiralty Extension Act, 46 U.S.C. § 740; and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781-90.

### P.     IMPROPER VENUE

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested jury.

### Q.     POLITICAL QUESTION DOCTRINE

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction under the political question doctrine.

### R.     RES JUDICATA AND PRECLUSION

WGII pleads the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion, to the extent that the claims of Plaintiffs or of members of their putative class are or will be barred in whole or in part due to the participation of Plaintiffs, members of their putative class, and/or those in privity with them in this case or in other cases before this Court, or in other courts.

### S.     ACCORD AND SATISFACTION

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs or members of their putative class have or will have released, settled, entered into an accord and satisfaction or otherwise compromised them.

### T.     LACHES, WAIVER, UNCLEAN HANDS, RATIFICATION OR ESTOPPEL

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, unclean hands, ratification or estoppel.

### U.     INTERVENING OR SUPERSEDING CAUSE

Plaintiffs' claims are barred, in whole or in part, because the injuries and damages alleged resulted from an intervening or superseding cause.

1057261v.1

V.     DUE PROCESS AND ACCESS TO COURTS

The certification and maintenance of this action as a class action would violate WGII's due process rights under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and under the Louisiana Constitution and would deny WGII the right of access to the courts to the extent that the certification and maintenance of a class action would deprive WGII of procedural and substantive safeguards and of traditional defenses to liability.

W.     SEVENTH AMENDMENT

The certification and maintenance of this action as a class action would violate WGII's right to a single jury trial as provided by the Seventh Amendment to the United States Constitution.

X.     ADEQUATE REMEDY AT LAW

Plaintiffs' and the putative class members' claims for equitable relief are barred because they have an adequate remedy at law.

Y.     NO CLASS ACTION

Plaintiffs' claims and those of the putative class may not be certified as a class action under Federal Rule of Civil Procedure 23 or any of its subdivisions.

Z.     IMPROPER JOINDER

Plaintiffs' Complaint improperly joins claims in violation of Federal Rule of Civil Procedure 18.

**WGII'S ANSWER**

Except as otherwise expressly stated below, WGII responds only to those allegations of the Complaint that are directed to WGII.  WGII is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward

other defendants and therefore denies them.   WGII denies each and every allegation of the Complaint not specifically admitted below.

In addition, the Introduction contains multiple legal conclusions to which no responses are required.   Answering further, WGII DENIES each and every allegation of the Introduction pertaining to WGII.   WGII admits, however, that on or about August 29, 2005, Hurricane Katrina passed near the City of New Orleans, and that flooding occurred in and around New Orleans in the aftermath of Hurricane Katrina.   WGII is without sufficient information or knowledge as to the remaining allegations of the Introduction and therefore DENIES each and every allegation contained therein.

WGII responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1(a).   WGII admits that jurisdiction exists under the Class Action Fairness Act because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs.   WGII DENIES each and every remaining allegation in Paragraph 1(a) of the Complaint.

1(b).   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 1(b) of the Complaint and therefore DENIES each and every allegation contained therein.   WGII admits, however, that the named Plaintiffs in this action purport to have exhausted their administrative remedies in regard to their claims against the United States Army Corps of Engineers.

1(c).   WGII admits that federal question jurisdiction exists because WGII was a contractor of the Federal Government when it performed the work to which this Complaint pertains.   WGII further admits that supplemental jurisdiction exists over all state law claims asserted in the Complaint.   WGII denies each and every remaining allegation of Paragraph 1(c) of the Complaint.

1(d).   WGII DENIES each and every allegation of Paragraph 1(d) of the Complaint. WGII admits, however, that Plaintiffs purport to plead admiralty and maritime jurisdiction and causes of action under the Admiralty Extension Act, the Suits in Admiralty Act, the Public Vessels Act, and/or the Water Pollution Control Act.

2.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein.  WGII admits, however, that Plaintiffs purport to plead the futility doctrine.

3.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 3 of the Complaint and therefore DENIES each and every allegation contained therein.

4.   WGII DENIES each and every allegation of Paragraph 4 of the Complaint. Venue is improper in this District because any proceeding to a jury in the Eastern District of Louisiana will violate WGII's right to a hearing before a disinterested or jury.

5.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 5 of the Complaint and therefore DENIES each and every allegation contained therein.

6.   WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 6 of the Complaint and therefore DENIES each and every allegation contained therein, except to admit that the named parties in this Paragraph 6 owned properties and resided at the locations alleged.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.   WGII admits, however, that the individuals named in Paragraph 6 of the Complaint purport to be named plaintiffs in this action.

1057261v.1

7.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein.

8.      WGII admits that at the time of the activities alleged in the Complaint, it was a non-Louisiana corporation authorized to do and doing business in the State of Louisiana and in the Parish of Orleans, with its domicile in the State of Ohio, with its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana. Subsequent to the activities alleged in Plaintiff's Complaint, WGII was acquired by URS Corporation, a Delaware Corporation.  WGII, now known as URS Energy & Construction, Inc., is a subsidiary of URS E&C Holdings, Inc., a Delaware Corporation.  URS E&C Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation.  URS Holdings Inc. is a subsidiary of URS Corporation.

9.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein.

10.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein.

11.      WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein.

12.      WGII DENIES each and every allegation of Paragraph 12 of the Complaint and DENIES that this action properly may be maintained as a class action under any subsection of

1057261v.1

Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

13.      WGII DENIES each and every allegation of Paragraph 13 of the Complaint and DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class and sub-class definitions are proper or legally sufficient.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII further states that on October 28, 2008, this Court granted WGII's and the United States' Joint Motion to Strike Additional Sub-Class Representatives From Paragraph 13.B of the Amended MR-GO Master Consolidated Class Action Complaint, striking Dixon Smith, Patricia Boutwell, James Godfrey, and Kathryn Godfrey as Sub-Class Representatives of the Lower Ninth Ward and St. Bernard Sub-Class.

14.      WGII DENIES each and every allegation of Paragraph 14 of the Complaint and DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

15.      WGII DENIES each and every allegation of Paragraph 15 of the Complaint. WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII also DENIES that common questions of law and fact predominate over questions affecting individual members of the putative class.

- 10 -

16.     WGII DENIES each and every allegation of Paragraph 16 of the Complaint. WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII also DENIES that any harm purportedly suffered by the named plaintiffs is similar to that of the members of the putative class.

17.     WGII DENIES each and every allegation of Paragraph 17 of the Complaint. WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class. WGII also DENIES that the interests of the putative Class Representatives do not conflict with the interest of the putative Class Members they seek to represent or that they have no claims antagonistic to those of the putative Class.

18.     WGII DENIES each and every allegation of Paragraph 18 of the Complaint. WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure and that the proposed class definition is proper or legally sufficient.  WGII also DENIES that a class action is the superior method for resolving this litigation.

19.     Paragraph 19 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 19 of the Complaint.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.

1057261v.1

20.    WGII is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein, except WGII admits that the MR-GO is a man-made body of water that has as one terminus, the Gulf of Mexico and the other, the Gulf Intracoastal Waterway.

21.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 21 of the Complaint and therefore DENIES the allegations contained therein.

22.    Paragraph 22 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 22 of the Complaint and therefore DENIES the allegations contained therein.

23.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 23 of the Complaint and therefore DENIES the allegations contained therein.

24.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 24 of the Complaint and therefore DENIES the allegations contained therein.

25.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 25 of the Complaint and therefore DENIES the allegations contained therein.

26.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 26 of the Complaint and therefore DENIES the allegations contained therein.

1057261v.1

27.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 27 of the Complaint and therefore DENIES the allegations contained therein.

28.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 28 of the Complaint and therefore DENIES the allegations contained therein.

29.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 29 of the Complaint and therefore DENIES the allegations contained therein.

30.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 30 of the Complaint and therefore DENIES the allegations contained therein.

31.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 31 of the Complaint and therefore DENIES the allegations contained therein.

32.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 32 of the Complaint and therefore DENIES the allegations contained therein.

33.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 33 of the Complaint and therefore DENIES the allegations contained therein.

1057261v.1

34.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 34 of the Complaint and therefore DENIES the allegations contained therein.

35.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 35 of the Complaint and therefore DENIES the allegations contained therein.

36.     Paragraph 36 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES all allegations of Paragraph 36 pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 36 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

37.     Paragraph 37 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES all allegations of Paragraph 37 pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 37 of the Complaint and therefore DENIES the allegations contained therein.

38.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 38 of the Complaint and therefore DENIES the allegations contained therein, except WGII DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

1057261v.1

39.     WGII DENIES each and every allegation of Paragraph 39 of the Complaint pertaining to WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 39 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

40.     WGII DENIES each and every allegation contained in Paragraph 40 of the Complaint, except WGII admits that in 1999 WGII's predecessor, Morrison Knudsen Corporation, contracted with the Corps pursuant to the Inner Harbor Navigation Canal Lock Replacement Project, which was authorized and approved by the United States Congress. Specifically, WGII demolished property improvements and performed site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east.   WGII began working at the East Bank Industrial Area in January 2001, and completed its work, removed its equipment, and demobilized from the East Bank Industrial Area in May 2005. At all times the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

41.     WGII DENIES each and every allegation of Paragraph 41 of the Complaint, except WGII admits that it was tasked by the Corps with the demolition and removal of structures at the East Bank Industrial Area, removal of surface and subsurface obstructions at the East Bank Industrial Area, and remediation of the East Bank Industrial Area in accordance with Louisiana Department of Environmental Quality standards.

42.     WGII DENIES each and every allegation of Paragraph 42 of the Complaint, except WGII admits that its work at the East Bank Industrial Area consisted of the following

- 15 -

definable features of work: site assessment and surveys; site investigation sampling and analysis; a geophysical survey of the site; grid trenching; above-ground structure demolition; surface cleanup, concrete foundation and onshore piling removal; barge removal and disposal; wharf and offshore piling removal and disposal; remediation of the site; canal bank and Surekote Road removal; miscellaneous abatement operations; final site grading, restoration, and demobilization. WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.

43.     WGII DENIES each and every allegation of Paragraph 43 of the Complaint. WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.  WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

44.     WGII DENIES each and every allegation of Paragraph 44 of the Complaint. WGII further answers that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.  WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

1057261v.1

45.     Paragraph 45 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of Paragraph 45 of the Complaint.  Moreover, the allegations regarding WGII's purported failure to follow "proper procedures" and "appropriate regulations and standards" are so vague and undefined as to preclude a meaningful response thereto or to state an actionable duty or breach thereof.  WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

46.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 46 of the Complaint and therefore DENIES the allegations contained therein.

47.     WGII DENIES that the Corps failed to monitor and/or properly inspect WGII's work at the East Bank Industrial Area and DENIES that WGII caused any damage to the levee and/or flood wall structure.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 47 of the Complaint and therefore DENIES the allegations contained therein.  In an abundance of caution, WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as

those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

48.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 48 of the Complaint and therefore DENIES the allegations contained therein.

49.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 49 of the Complaint and therefore DENIES the allegations contained therein.

50.     WGII DENIES that it caused any damage to the levee and/or flood wall system and DENIES that it undermined the integrity of the levee and/or flood wall.  Moreover, the allegations regarding WGII's purported failure to follow "appropriate regulations and standards" are so vague and undefined as to preclude a meaningful response thereto, or to state an actionable duty or breach thereof.  Answering further, WGII states that it performed its work at the East Bank Industrial Area pursuant to a contract with the Corps, and that the Corps supervised and approved every aspect of the work performed at the East Bank Industrial Area by WGII and its subcontractors.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 50 of the Complaint and therefore DENIES the allegations contained therein, except WGII DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  In an abundance of caution, WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or

- 18 -

flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

51.     WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 51 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

52.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 52 of the Complaint and therefore DENIES the allegations contained therein.

53.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 53 of the Complaint and therefore DENIES the allegations contained therein.

54.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 54 of the Complaint and therefore DENIES the allegations contained therein, except insofar as such allegations may have been specifically admitted in response to the previous allegations.

55.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 55 of the Complaint and therefore DENIES the allegations contained therein.

1057261v.1

56.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 56 of the Complaint and therefore DENIES the allegations contained therein.

57.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 57 of the Complaint and therefore DENIES the allegations contained therein.

58.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 58 of the Complaint and therefore DENIES the allegations contained therein.

59.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 59 of the Complaint and therefore DENIES the allegations contained therein.

60.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 60 of the Complaint and therefore DENIES the allegations contained therein.

61.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 61 of the Complaint and therefore DENIES the allegations contained therein.

62.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 62 of the Complaint and therefore DENIES the allegations contained therein.

1057261v.1

63.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 63 of the Complaint and therefore DENIES the allegations contained therein.

64.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 64 of the Complaint and therefore DENIES the allegations contained therein.

65.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 65 of the Complaint and therefore DENIES the allegations contained therein.

66.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 66 of the Complaint and therefore DENIES the allegations contained therein.

67.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 67 of the Complaint and therefore DENIES the allegations contained therein.

68.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 68 of the Complaint and therefore DENIES the allegations contained therein.

69.     WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 69 of the Complaint and therefore DENIES the allegations contained therein.

1057261v.1

70.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 70 of the Complaint and therefore DENIES the allegations contained therein.

71.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 71 of the Complaint and therefore DENIES the allegations contained therein.

72.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 72 of the Complaint and therefore DENIES the allegations contained therein.

73.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 73 of the Complaint and therefore DENIES the allegations contained therein.

74.    WGII is without sufficient information or knowledge at this time concerning the specific allegations of Paragraph 74 of the Complaint and therefore DENIES the allegations contained therein.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.

75.    Paragraph 75 of the Complaint contains multiple legal conclusions to which no responses are required.  To the extent responses are required, WGII DENIES each and every allegation of Paragraph 75 of the Complaint pertaining to WGII.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.  WGII further DENIES that Plaintiffs and any putative class

1057261v.1

members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 75 of the Complaint and therefore DENIES the allegations contained therein.  WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

76.     The first sentence of Paragraph 76 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGII DENIES each and every allegation of the first sentence of Paragraph 76 of the Complaint.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 76 of the Complaint and therefore DENIES the allegations contained therein.

77.     Paragraph 77 of the Complaint contains multiple legal conclusions to which no responses are required.  To the extent responses are required, WGII DENIES each and every allegation of Paragraph 77 of the Complaint pertaining to WGII.  WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.   WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 77 of the Complaint and therefore DENIES the allegations contained therein. WGII further states that Plaintiffs are barred by the doctrine of *res judicata*

- 23 -

and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

78.     Paragraph 78 of the Complaint contains multiple legal conclusions to which no responses are required.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 78 of the Complaint and therefore DENIES the allegations contained therein.

79.     WGII DENIES each and every allegation of Paragraph 79 of the Complaint pertaining to WGII.  WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII.  WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 79 of the Complaint and therefore DENIES the allegations contained therein. WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

80.     WGII DENIES each and every allegation of Paragraph 80 of the Complaint pertaining to WGII.  WGII further DENIES that Plaintiffs and any putative class members are

entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII. WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 80 of the Complaint and therefore DENIES the allegations contained therein. WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

81.     Paragraph 81 of the Complaint contains multiple legal conclusions to which no responses are required. To the extent responses are required, WGII DENIES each and every allegation of Paragraph 81 of the Complaint pertaining to WGII. WGII further DENIES that this action properly may be maintained as a class action under any subsection of Rule 23 of the Federal Rules of Civil Procedure. WGII further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGII. WGII is without sufficient information or knowledge at this time concerning the remaining allegations of Paragraph 81 of the Complaint and therefore DENIES the allegations contained therein. WGII further states that Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee, and/or flood wall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the excavations known as the Sewer Lift Station located at the Saucer Marine site or the Wedding Cake structure located at the Boland Marine site.

\*       \*       \*

To the extent that any response is required to the Prayer for Relief, WGII DENIES each and every allegation contained therein.

WGII is entitled to and hereby demands a trial by jury on all issues so triable, with the understanding that for any exemplar trial WGII has the right to waive a jury trial without forfeiting its right to a jury trial for any subsequent trials.

Dated:        May 25, 2011                        Respectfully submitted,


/s/William D. Treeby
William D. Treeby, Bar No. 12901
James C. Gulotta, Jr., Bar No. 6594
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
2727 N. Harwood Street
Dallas, TX  75201-1515
Phone:  214-220-3939
Fax:  214-969-5100

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

- 26 -

1057261v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Amended MR-GO Master Consolidated Class Action Complaint has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 25th day of May, 2011.


*/s/William D. Treeby*

1057261v.1