UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br>NO. 05-4182 |
| PERTAINS TO: MRGO | * * * * * | SECTION "K" (2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
REPLY MEMORANDUM IN SUPPORT OF THE CONTINUED
AVAILABILITY OF GOVERNMENT CONTRACTOR DEFENSE**

It takes Plaintiffs six pages to get to the Fifth Circuit's instructions to this Court, which they address in four lines. The appellate court did not, as Plaintiffs assert there, say that this Court could consider "any *other* matters" except the government contractor defense. Pls. Mem. at 6 (emphasis added). Rather, it made clear that "we impose *no limitations* on what matters the district court can consider on remand." *In re Katrina Canal Breaches Litigation*, 620 F.3d 455, 465 (5th Cir. 2010) (emphasis added). In *E. C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105 (5th Cir. 1976), on which both sides rely, the Fifth Circuit explained the distinction. The appellate court reviews the facts on a grant of summary judgment under a standard far more deferential to the non-moving party than the district court must apply on the merits. *See id.* at 108. Even if an appellate decision is "phrased in broad language which . . . could be construed as being conclusive," *id.* at 107—examples of which Plaintiffs liberally quote here—it remains the "imperative duty of the District Judge to test the case against the actual evidence adduced at every stage of the trial." *Id.* at 108 (citation omitted). Plaintiffs agree that *E. C. Ernst* is the law of this circuit. This Court should therefore do exactly what the district court

did, and the Fifth Circuit affirmed, there.  It should proceed to "a full trial of all the issues raised by the pleadings," including the one on which the Fifth Circuit reversed summary judgment.  *Id.* at 106.

I.   **The Fifth Circuit Did Not (And Could Not) Grant Summary Judgment in Favor of Plaintiffs On the Record Before It**

Plaintiffs place great weight on broadly phrased language in the Fifth Circuit's opinion, which they claim amounts to an express determination that the government contractor defense "is not available to WGI[I] because it failed the *Boyle* test's first step."  Pls. Mem. at 2.  But it is well settled that where the court reviews a grant of summary judgment under the "usual standard," viewing the record in the light most favorable to the non-moving party, an opinion reversing that judgment does not constitute entry of summary judgment in favor of the non-moving party, even if that decision is "phrased in broad language which, considered out of context, could be construed as being conclusive."  *E. C. Ernst.*, 537 F.2d at 107.  Here, it is clear that the Fifth Circuit's holding reversed this Court's entry of summary judgment based on the limited record before it, and that the Fifth Circuit contemplated that on remand additional evidence may come to light regarding applicability of the government contractor defense ("GCD").  WGII Mem. at 4-6; *accord In re Katrina*, 620 F.3d at 463.

The Fifth Circuit's decision in *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781 (5th Cir. 1997), is not to the contrary.  In that case, this Court denied St. Paul's summary judgment motion and entered judgment in favor of Exxon (which had opposed St. Paul's motion, but had not independently requested summary judgment).  On appeal, the Fifth Circuit affirmed this Court's decision.  *Id.* at 786-87.  It did *not* take the extraordinary step of entering summary judgment for Exxon in the first instance on appeal.  *Cf. E. C. Ernst*, 537 F.2d at 109 (appellate court may enter summary judgment for nonmoving party "only in the rare case

in which it is very clear that all material facts are before the reviewing court").  Moreover, the dispositive issue in *Exxon* concerned the proper interpretation of St. Paul's insurance policy—in other words, "not a factual, but a legal dispute" that this Court was well-equipped to resolve in Exxon's favor without submitting the matter to trial.  *Exxon*, 129 F.3d at 787.  That is not the case here.  As Plaintiffs themselves argued in this Court and on appeal (and as the Fifth Circuit ultimately held) "genuine *factual dispute*[s]" exist regarding "the Corps' approval of reasonably precise specifications" under the *Boyle* test.  (Huey Br. at 21 (emphasis added); *accord* Liaison Br. at 12.)

At bottom, Plaintiffs' argument turns on their claim that the Fifth Circuit instructed that on remand:

> [the government contractor defense] is no longer available [to WGII] because WGI[I] failed *Boyle*'s first step, but place[d] "no limitations" on *other* matters that may be taken up on remand.

Pls. Mem. at 6 (citing *In re Katrina*, 620 F.3d at 465) (emphasis added).  In reality, however, the Fifth Circuit stated:

> "We impose *no limitations on what matters the district court can consider on remand*, and we express no view as to what decisions that court should make."

*In re Katrina*, 620 F.3d at  465 (emphasis added).  Plaintiffs' paraphrase of the Fifth Circuit's language, adding the word "other," would materially change the scope of the court's holding.  There is a significant substantive difference between imposing "no limitations on what *other* matters the district court can consider" (which the Fifth Circuit did not say) and setting "no limitations on what matters the district court can consider" (which it did).

**II.     The Law of the Case Doctrine Does Not Bar WGII From Relying on the Government Contractor Defense at Trial**

Plaintiffs' reliance on the law of the case doctrine is similarly unavailing. Here, too, their argument assumes that the Fifth Circuit's opinion decided, either expressly or by implication, that the GCD "is not available [to WGII] on the issue of backfill use and compaction." Pls. Mem. at 7-8. But the only issue that the Fifth Circuit "decided" on appeal was that, as Plaintiffs themselves argued, a "genuine factual dispute" existed about whether WGII had satisfied the *Boyle* test, and that as a result summary judgment was improper. WGII Mem. at 4-6; *see also In re Katrina*, 620 F.3d at 463. The court's opinion is therefore binding only insofar as it held that a genuine factual dispute existed regarding the elements of the *Boyle* test. On remand, the parties are not bound by the Fifth Circuit's assessment of the facts any more than they would be if this Court had denied WGII's summary judgment motion in the first instance. *E. C. Ernst*, 537 F.3d at 108 ("As in any reversal of summary judgment, [an] assessment of the facts [is] not a mandatory blueprint for all subsequent proceedings upon remand.") (quoting *Gross v. Southern Ry.*, 446 F.2d 1057, 1060 (5th Cir. 1971)).

1057631v.1

Dated:  May 26, 2011 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/Heather S. Lonian*
　　　　　　　　　　　　　　　　　　　　　William D. Treeby, 12901
　　　　　　　　　　　　　　　　　　　　　James C. Gulotta, Jr., 6594
　　　　　　　　　　　　　　　　　　　　　Heather S. Lonian, 29956
　　　　　　　　　　　　　　　　　　　　　　　Of
　　　　　　　　　　　　　　　　　　　　　STONE PIGMAN WALTHER WITTMANN L.L.C.
　　　　　　　　　　　　　　　　　　　　　546 Carondelet Street
　　　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana  70130
　　　　　　　　　　　　　　　　　　　　　Telephone:  (504) 581-3200
　　　　　　　　　　　　　　　　　　　　　Facsimile:   (504) 581-3361

　　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　　Adrian Wager-Zito
　　　　　　　　　　　　　　　　　　　　　James E. Gauch
　　　　　　　　　　　　　　　　　　　　　Debra S. Clayman
　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001-2113
　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 879-3939
　　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 626-1700

　　　　　　　　　　　　　　　　　　　　　Attorneys for Washington Group
　　　　　　　　　　　　　　　　　　　　　International, Inc.

## CERTIFICATE OF SERVICE

　　　　I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Reply Memorandum in Support of The Continued Availability of Government Contractor Defense has been served upon all counsel of record through the Court's CM/ECF electronic filing system, this 26th day of May, 2011.


　　　　　　　　　　　　　　　　　　　　　*/s/Heather S. Lonian*