## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| COLLEEN BERTHOLOT, ET AL. | * | CIVIL ACTION NO. 05-CV-4182 |
| --- | --- | --- |
| | * | |
| VERSUS | * | JUDGE DUVAL |
| | * | |
| BOH BROS. CONSTRUCTION CO., L.L.C., ET AL. | * | MAG. JUDGE WILKINSON |
| | * | |
| *In Re Canal Breaches Consolidated Litigation* | | |

## MOTION FOR STATUS CONFERENCE

**NOW INTO COURT,** comes undersigned counsel, who requests a status conference with the Court to discuss the actions and inactions of the Division of Administration, Disaster Recovery Unit (hereinafter "Road Home") for the reasons set forth herein:

1.

Undersigned counsel represented more than one thousand Hurricane Katrina victims who asserted claims against their insurance companies as a result of damages they sustained in Hurricane Katrina.

2.

While few of these cases were consolidated with *In Re Canal Breaches Consolidated Litigation,* a majority of those claims were affected by that litigation and particularly this Honorable Court's Case Management Order Re: Road Home Settlement Protocol, Document No. 13598.

3.

According to this Honorable Court's Case Management Order Re: Road Home Settlement Protocol, this Honorable Court determined that "thirty (30) days after receipt [of the

submitted documents] is a reasonable time frame for the State of Louisiana to review and process Exhibits A and B," of document no. 13598.

4.

Moreover, this same Case Management Order affords the policyholder the right to conduct a status conference with the Court if the State of Louisiana fails to respond within the thirty (30) days afforded the State under the Court's Order.

5.

Undersigned counsel, and the claimants listed on Exhibit A, all have claims which have been pending for considerably longer than thirty (30) days, and in some instance, more than six months.

6.

Undersigned counsel has taken significant steps and great pains to avoid judicial intervention into these matters, but the State of Louisiana has largely ignored requests for action on these files.

7.

In many instances the checks received from the insurance companies have gone stale and therefore additional delays will be realized by the claimants as a result of the State's inaction.

8.

Plaintiffs listed herein have sustained actual damages for the State's intentional, egregious violation of this Court's order. It is suggested that the only way future flagrant violations of this Honorable Court's authority can be prevented, or at the very least minimized is through sanction.

9.

The State's inaction is not limited to the inordinate amount of time it takes to determine whether it will assert a lien over a claimant's recovery.  It has also taken significant amounts of time for the State to perform as uncomplicated a task as endorsing a check in connection with a claimant whose lien has already been determined.

**WHEREFORE,** undersigned counsel prays that this Honorable Court will schedule a status conference with the Magistrate Judge and compel the State of Louisiana to have a representative present.

**RESPECTFULLY SUBMITTED,**

/s/ Kevin P. Klibert
**BECNEL LAW FIRM, L.L.C.**
**Kevin P. Klibert (La. 26954)**
**Daniel E. Becnel, Jr. (La. 2926)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA  70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant pleading has been served upon all parties registered to receive such notice via CM/ECF.  Also, the State of Louisiana, Division of Administration, has been served via email and U.S.P.S. through its counsel Dan Rees, all of this done on the 31st day of May, 2011.

/s/ Kevin P. Klibert