UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| COLLEEN BERTHOLOT, ET AL.<br><br>VERSUS<br><br>BOH BROS. CONSTRUCTION CO., L.L.C., ET AL.<br><br>*In Re Canal Breaches Consolidated Litigation* | *<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 05-CV-4182<br><br>JUDGE DUVAL<br><br>MAG. JUDGE WILKINSON |
|---|---|---|

## MEMORANDUM IN SUPPORT OF MOTION FOR STATUS CONFERENCE

**COMES NOW,** undersigned counsel, who respectfully submits the instant Memorandum in Support of Motion for Status Conference on behalf of those claimants listed in Exhibit A, all of whom are aggrieved by the State of Louisiana, Division of Administration, and particularly that agency's disregard for this Honorable Court's Case Management Order Re: Road Home Settlement Approval (Document No. 13598).

**I.     The Road Home Program disregards this Honorable Court's Case Management Order Re: Road Home Approval as a matter of course.**

As listed in Exhibit A, the Becnel Law Firm, L.L.C. has numerous claims that have been pending for considerably longer that the thirty (30) days afforded by this Honorable Court in its prior Order (see Document No. 13598).  As evidenced by Exhibit A, some claims have been pending as long as 760 days.  Undersigned counsel has made numerous attempts to resolve these matters with the State of Louisiana but either receives no response, or mere dilatory responses. Every effort has been made to avoid judicial intervention, but the State's response to these extrajudicial efforts has been to continue to delay performance of its obligations under this Honorable Court's Order.

The State's inexcusable delays are not limited to those claims listed in Exhibit A, and its inactions and omissions have caused actual damages to some of those claimants. For example, in those instances where the insurer has issued drafts contemporaneously with the release documents, many of those checks are now stale. Thus, when the State finally grants consent, an additional few weeks of delay will be suffered by the claimant while the checks are reissued. Insofar as delays of this duration is a *per se* violation of this Honorable Court's Order, this pattern of behavior amounts to contempt of court.

**II.     The State's delays can only be characterized as intentional considering it often takes longer than one month to simply have a check endorsed.**

Also, the State's pattern of delay is not limited to its approval of Road Home settlements. In many instances, it takes considerably longer than the thirty (30) days the Court afforded the State to approve settlements to perform such simple administrative tasks as endorsing a check. For example, on April 19, 2011, undersigned counsel submitted a draft which contained Road Home as a payee for the limited purposes of having the draft endorsed. Exhibit B. Past experiences have made clear that this is apparently not as simple a task as one may think, and thus a copy of the Consent was submitted with the draft. Despite all of these efforts by undersigned counsel, and despite the fact that placing an endorsement on a check is a purely *pro forma* act, more than 38 days later, undersigned counsel has still not received the endorsed draft. Such delays are indefensible and can only be characterized as intentional.

### CONCLUSION

In light of the foregoing, it is abundantly clear that the only remedy left to those claimants listed in Exhibit A is judicial intervention. Plaintiffs thus pray that this Honorable Court will grant this motion and schedule a status conference with Plaintiffs' counsel and counsel for the State of Louisiana.

RESPECTFULLY SUBMITTED,

**/s/ Kevin P. Klibert**
**BECNEL LAW FIRM, L.L.C.**
**Kevin P. Klibert (La. 26954)**
**Daniel E. Becnel, Jr. (La. 2926)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA 70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**
**kklibert@becnellaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon all parties registered for CM/ECF in this matter as well as by email and U.S.P.S., first class postage, postage prepaid and properly addressed on this 31 day of May, 2011.

/s/ Kevin P. Klibert