UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE Duval<br>MAG. Wilkinson |
| PERTAINS TO:  MRGO<br>     *Armstrong*, No. 10-866 | |

# ARMSTRONG PLAINTIFFS' THIRD REQUEST FOR PRODUCTION TO DEFENDANT UNITED STATES

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs request that Defendant United States produce for inspection and copying by Plaintiffs all of the following documents, electronically stored information, and things in its possession, custody, or control. Absent prior agreement between the parties to the contrary, the documents are to be produced at the offices of Bruno & Bruno, 855 Baronne St., New Orleans, LA, within 30 days of service.

## DEFINITIONS

As used herein, the words and phrases set forth below shall have the meaning or meanings prescribed for them.

1. "Documents," as used herein, encompasses <u>all documents and electronically stored information (ESI) and things</u>, as defined in and delimited by Fed. R. Civ. P. 26(b)(2)(B) and 34 and governing case law, within your custody, possession or control, and include all attachments to responsive documents.

1

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 26(e), this request for production shall be deemed to be continuing in nature. If you, your directors, officers, employees, agents, representatives or any person acting on your behalf or under your direction or control subsequently discovers or obtains possession, custody or control of any document previously requested or required to be produced, you shall promptly produce each such document.

2. You are requested and required to furnish all documents in your possession, custody or control (as defined by federal law) regardless of their physical location and regardless of whether they are in your physical custody or that of others.

3. In producing documents, please produce the original of each document requested, together with all non-identical copies and drafts of such document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested document can not be produced in full, you are to produce it to the extent possible, indicating which document or portion thereof is being withheld, and the reason it is being withheld.

5. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents actually requested.

6. All documents shall be produced in the order they are kept or maintained by you in the ordinary course of your business. If any document has been removed from the file in which it was found for purposes of producing it in response to these requests, indicate for each document the file(s) in which the document was originally located.

7. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, please produce copies of all labels or other identifying marks.

8. Documents attached to one another should not be separated, including, but not limited to, hard-copy versions of documents attached to hard-copy printouts of e-mails produced pursuant to these requests.

9. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

10. If you claim any privilege or work product protection for any requested document, you must assert the privilege or protection and you must provide a privilege log that conforms to the requirements of Fed. R. Civ. P. 26(b)(5). The <u>existence</u> of documents is not privileged even if the documents themselves may be. You may not respond "subject to" generic or blanket claims of privilege or work product protection.

11. Unless otherwise agreed, all ESI should be produced in native format. To the extent that any such ESI is not reasonably usable in native format, then such ESI (including any metadata) shall also be produced in such other format as is reasonably usable.

12. If your answer references documents you have previously produced, please provide the specific Bates ranges for the documents that you contend are responsive to this request.

## REQUESTS FOR PRODUCTION

**RFP 1:** All documents requested for review at the U.S. Document Depository pursuant to plaintiff's correspondence of May 20, 2011 regarding the U.S. Corps Indices (Exhibit "A"), e-mail of May 26, 2011 regarding the Physical Evidence Indices (Exhibit "B") and e-mail of May 26, 2011 regarding the Real Estate Documents (Exhibit "C".)

Dated:  May 31, 2011

**Respectfully Submitted,**

**PLAINTIFFS LIAISON COUNSEL**

    /s/ Joseph M. Bruno
JOSEPH M. BRUNO (La. Bar # 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com

**MR-GO PLAINTIFFS SUB-GROUP LITIGATION COMMITTEE**

    /s/ James Parkerson Roy
JAMES PARKERSON ROY
MR-GO PSLC Liaison Counsel
LA. Bar Roll Number: 11511
Domengeaux Wright Roy & Edwards LLC
P.O. Box 3668
Lafayette, LA. 70502
Telephone: (337) 593-4190 or (337) 233-3033
Facsimile: 337-233-2796
Email: jimr@wrightroy.com

      /s/Andrew P. Owen
ANDREW P. OWEN
*Admitted Pro Hac Vice*
The Trial Law Firm PC
800 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Telephone: (213) 347-0290
Facsimile: (213) 347-0299
Email: aowen@oslaw.com

**MR-GO PLAINTIFFS SUB GROUP LITIGATION COMMITTEE**

Jonathan Andry (Andry Law Firm, New Orleans, LA)
Clay Mitchell (Levin, Papantonio, et al., Pensacola, FL)
James Parkerson Roy (Domengeaux, Wright, et al., Lafayette, LA)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon all counsel of record by ECF on May 31, 2011.

/s/ Joseph M. Bruno