UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | CIVIL ACTION NO. 05-4182 |
| **KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | SECTION "K" (2) |
| | JUDGE DUVAL |
| | MAGISTRATE JUDGE WILKINSON |

**PERTAINS TO:     MRGO**

**OPPOSITION TO WASHINGTON GROUP INTERNATIONAL, INC.'s MOTION REGARDING CONTINUED AVAILABILITY OF GOVERNMENT CONTRACTOR DEFENSE**

**May It Please the Court:**

Out of an abundance of caution, certain Plaintiffs in individual tag-along suits — Universal Health Services, Inc.,[1] Liberty Bank and Trust Company,[2] Rain CII Carbon LLC,[3] and Entercom Communications Corp.[4] ["Tag-along Plaintiffs"] — submit this Opposition to the Motion Regarding Continued Availability of Government Contractor Defense filed by Defendant, Washington Group International, Inc. ["WGI"].  First, the trial of WGI's liability is limited to claims made by six exemplar plaintiffs, which do not include any of these Tag-along Plaintiffs.  These individual tag-

---

[1] *Universal Health Servs., Inc. v. United States*, No. 07-5016 (E.D. La. filed Aug. 29, 2007); *Universal Health Servs., Inc. v. United States*, No. 07-5254 (E.D. La. filed Aug. 30, 2007); *Universal Health Servs., Inc. v. United States*, No. 07-5286 (E.D. La. filed Aug. 31, 2007); *Universal Health Servs., Inc. v. United States*, No. 07-5350 (E.D. La. filed Sept. 4, 2007).

[2] *Liberty Bank & Trust Co. v. United States*, No. 07-5347 (E.D. La. filed Sept. 4, 2007).

[3] *CII Carbon, L.L.C. v. United States*, No. 07-5355 (E.D. La. filed Sept. 4, 2007).

[4] *Entercom Communications Corp. v. United States*, No. 07-5375 (E.D. La. filed Sept. 4, 2007).

along cases also are stayed. But out of an abundance of caution, if this Court were to enter a decision in the Tag-along Plaintiffs' individual suits, then these tag-along Plaintiffs adopt the arguments presented in Plaintiffs' Opposition to Defendant Washington Group International, Inc.'s Memorandum in Support of the Continued Availability of the Government Contractor Defense.[5]

## I.   Tag-along Plaintiffs Are Not Among the Exemplar Plaintiffs.

When WGI filed its motion regarding whether the Government Contractor Defense was still available to it, WGI referenced the general "MRGO" category of claims in the pleading's caption.[6] The ECF notice of filing of that pleading also stated that the reference for that pleading was in MRGO.[7] But the ECF notice of filing also listed twenty suits, including seven suits filed by these four Tag-along Plaintiffs.[8] Undersigned counsel understands that the ECF sometimes automatically associates certain cases involving a party when that party is selected, and the ECF lists those cases on an ECF notice of filing, although the cases following the parenthetical "(Reference: . . .)" on the ECF notice of filing are the cases that the filer actually chose for filing. In this instance, because there are multiple cases in which WGI is a defendant, it is believed that the ECF randomly auto-listed Tag-along Plaintiffs' cases and other cases that were not otherwise selected by WGI.[9] But the

---

[5] Rec. Doc. 20248 (filed May 24, 2011).

[6] Rec. Doc. 20245 (filed May 17, 2011).

[7] *See* Exhibit A, E-mail from CM/ECF System of Efile_Notice@laed.uscourts.gov, Summary of ECF Activity in *In re Katrina Canal Breaches Consolidated Litig.* (May 18, 2011).

[8] *See id.*

[9] *See id.*; *see also, e.g.*, Exhibit B, E-mail from CM/ECF System of Efile_Notice@laed.uscourts.gov, Summary of ECF Activity in *In re Katrina Canal Breaches Consolidated Litig.* (May 27, 2011). That ECF notice of filing for WGI's Reply to Plaintiffs' Opposition to WGI's Motion had as its "Reference," i.e., WGI's chosen case of filing, as 05-4182, but the cases listed in an apparently random auto-listing are 06-5308, 06-5785, 06-8708, 07-1113, and 07-1349 — all different cases than the cases that are believed to be

ECF notice of filing states the actual case chosen by WGI as filer was "MRGO," as that notice of filing says "(Reference: MRGO)."

Contrary to WGI's general MRGO caption, on February 18, 2011, this Court had ordered that issues pertaining to WGI shall be tried only as to no more than six exemplar plaintiffs.[10] Ultimately, this Court ordered that it will take to trial the individual *Armstrong* suit.[11] Kenneth and Jeannine Armstrong, the Succession of Ethel Mae Coats, Alvin Livers, Clifford Washington, and Fred Holmes were selected as the exemplar plaintiffs to proceed to trial, including the claims against WGI.[12] No other plaintiffs are proceeding against WGI in this matter at this time. Thus this Court should not permit WGI to file motions against any other plaintiffs at this time.

## II.     All Matters Against Tag-along Plaintiffs Are Stayed.

After Tag-along Plaintiffs' individual cases were filed after Hurricane Katrina, this Court consolidated those cases with the *In re Katrina Canal Breaches Consolidated Litigation* in September 2007. All tag-along cases were stayed in January 2008 as part of this Court's attempt to organize and adjudicate matters dealing with the "Levee" and "MRGO" categories of the master consolidated litigation to prevent duplication of discovery, to limit motion practice that may be otherwise addressed in the matters that were not stayed, and to streamline certain cases in the Levee

---

auto-listed in the May 18, 2011 ECF notice of filing of WGI's motion, and none of which is an individual case filed by these Tag-along Plaintiffs.

[10] *See* Order (entered Feb. 18, 2011) [Rec. Doc. 20167]

[11] *See* Minute Entry (entered Mar 17, 2011) [Rec. Doc. 20220].

[12] *See* Letter from W. Treeby to Hon. S. Duval (filed Apr. 15, 2011) [Rec. Doc. 20229].

and MRGO categories of claims for trial.[13]  Tag-along Plaintiffs are unaware of any modification to this Court's stay that would allow WGI to file a motion in their individual cases.  Therefore, this Court should not consider WGI's motion to be filed at this time in any Tag-along Plaintiff's individual cases.

### III.  Adoption of Plaintiffs' Opposition

When counsel for Tag-along Plaintiffs saw that the ECF notice of filing for WGI's motion listed certain individual cases filed by Tag-along Plaintiffs, counsel e-mailed WGI's counsel and asked him to confirm whether WGI's motion, which was captioned generally in the MRGO litigation, was meant to be filed in Tag-along Plaintiffs' individual suits as well, considering the fact that only six other plaintiffs are proceeding to trial at this time and also considering the stay.  Tag-along Plaintiffs' counsel noted the possibility of the ECF's auto-listing of random cases involving WGI.

But WGI's counsel responded that his understanding of the Court's scheduling order, which was stated in the March 17, 2011 minute entry, was that although the case going to trial is for six plaintiffs, this Court did not limit the required motions, which were required to be filed by May 17, 2011, to those six plaintiffs.  WGI's counsel also stated that he believed that this Court had lifted the stay as it applied to the cases in which WGI is a defendant, when this Court required that WGI engage with Plaintiffs Liaison Counsel in planning for a trial.

Therefore, out of an abundance of caution, if this Court considers WGI's motion filed not only in *Armstrong*, but also in the cases referenced on the ECF notice of filing of WGI's motion,

---

[13] *See* Order and Reasons in *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182 (entered Jan. 17, 2008) [Doc. 10620]; Amended Order in *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182 (entered Jan. 22, 2008) [Doc. 10723]

4

then Tag-along Plaintiffs adopt the arguments raised by Plaintiffs in their opposition to WGI's motion,[14] and Tag-along Plaintiffs request that this Court hold that the Government Contractor Defense is not available to WGI.

Respectfully submitted,

s/ James M. Garner

_____
JAMES M. GARNER #19589 — T.A.
JOHN T. BALHOFF, II #24288
ASHLEY G. COKER #30446
**SHER GARNER CAHILL RICHTER KLEIN &**
  **HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2011 a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ James M. Garner

_____
JAMES M. GARNER

---

[14] Rec. Doc. 20248.