UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION NO. 05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§<br>§ |
| PERTAINS TO:<br><br>MRGO<br>*Armstrong*, No. 10-866 | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Washington Group International, Inc. ("WGII") has caused the attached subpoena *duces tecum* to be issued to the Louisiana Office of Community Development.

Dated: June 27, 2011

Respectfully submitted,

*/s/William D. Treeby*
William D. Treeby, Bar No. 12901
James C. Gulotta, Jr., Bar No. 6590
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Adrian Wager-Zito
Debra S. Clayman
JONES DAY
51 Louisiana Avenue,
N.W. Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to Joseph M. Bruno, Esq., in his capacity as Plaintiffs' Liaison Counsel via e-mail on this 27th day of June, 2011.

                                                                      */s/ William D. Treeby*
                                                                      William D. Treeby

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| In re: Katrina Canal Breaches Consolidated Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 05-4182 "K"(2) (10-866) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Louisiana Office of Community Development, Baton Rouge State Office Bldg., 150 N. Third St., Suite 200, Baton Rouge, LA 70801

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule "A" attached

| Place: Stone Pigman Walther Wittmann LLC<br>546 Carondelet St.<br>New Orleans, LA 70130 | Date and Time:<br>07/11/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/27/2011

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Washington Group International, Inc. _____, who issues or requests this subpoena, are:
William D. Treeby, Stone Pigman Walther Wittmann LLC, 546 Carondelet St., New Orleans, LA 70130
wtreeby@stonepigman.com, 504-581-3200

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  05-4182 "K"(2) (10-866)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

### DEFINITIONS

1. "You" and "your" shall mean the Louisiana Office of Community Development and the Louisiana Recovery Authority.

2. "Document(s)," "data," "report(s)," "information," and "material(s)" shall be used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and shall include any writing of any kind, including, without limitation, any written, printed, taped, electronically or digitally encoded, graphic or other information, including, without limitation, originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Document(s)," "data," "report(s)," "information," and "material(s)" includes, without limitation, affidavits; agreements; analyses; appointment books; articles from publications; workpapers of any kind; books; calendars; charts; checks (canceled or uncancelled); check stubs; communications; computer disks, print outs, tapes; confirmations; contracts; correspondence; credit card receipts; desk calendars; deskpads; diaries; diskettes; drafts; electronic mail; estimates; evaluations; facsimiles; files; filings; forms; graphs; invoices; journals; ledgers; letters; lists; maps; meeting minutes; memoranda; notations; notes; opinions; orders; pamphlets; papers; pictures; press releases; publications; receipts; recordings of conferences, conversations, or meetings; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; transcripts; understandings; videotapes; vouchers; and sheets or things similar to any of the foregoing however denominated.

"Document(s)," "data," "report(s)," "information," and "material(s)" further mean any document now or at any time in the possession, custody or control of the entity to whom these Requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without

limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

3. "All" and "each" shall be construed as "all and each."

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside the scope.

5. "Concerning," "regarding," "relate to," "refer to," and "in connection with" mean referring to, describing, discussing, evidencing, or constituting.

6. "Including" means including without limitation.

7. Unless otherwise set forth specifically in a request, the relevant time period applicable to this subpoena is August 29, 2005 through and including the date of your document production.

## INSTRUCTIONS

1. The documents sought in these Requests include all documents in your possession, custody or control.

2. You shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a request for any and all file folders in which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3. Each document withheld from production based upon privilege or any similar claim shall be identified by: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, without limitation, the author of the document, the relationship of the author and any

recipient to each other. The nature of each claim of privilege shall be set forth in sufficient detail to enable a determination to be made concerning the reasons for the privilege claim.

    4. Documents attached to each other should not be separated.

    5. Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Requests.

    6. If any document within the scope of these Requests has been destroyed, that document shall be identified, including, without limitation, identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

    7. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants or investigators, or by your attorney or their agents, employees, representatives or investigations.

    8. If you object to any part of any request, you shall state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

    9. Each Request shall be construed independently and not with reference to any other document Request for the purpose of limitation.

    10. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

    11. The documents shall be produced in full, without abbreviation or expurgation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents sent by the Louisiana Office of Community Development to Clifford Washington, Alvin Livers, Fred Holmes, or Jeneen Boudoin-Holmes that refer or relate to Hurricane Katrina or Hurricane Rita, including all letters or other correspondence.

2. All documents sent by Clifford Washington, Alvin Livers, Fred Holmes, or Jeneen Boudoin-Holmes to the Louisiana Office of Community Development that refer or relate to Hurricane Katrina or Hurricane Rita, including all letters or other correspondence.

3. All documents that refer or relate to any application(s) by Clifford Washington, Alvin Livers, Fred Holmes, or Jeneen Boudoin-Holmes for payments, grants, or other restitution provided under The Road Home program or any other Louisiana Office of Community Development or Louisiana Recovery Authority program in connection with Hurricane Katrina or Hurricane Rita, including the application(s) itself(themselves).

4. All documents that refer or relate to your denial or similar treatment of any application(s) by Clifford Washington, Alvin Livers, Fred Holmes, or Jeneen Boudoin-Holmes for payments, grants, or other restitution provided under The Road Home program or any other Louisiana Office of Community Development or Louisiana Recovery Authority program in connection with Hurricane Katrina or Hurricane Rita, including the denial(s) itself(themselves).

5. All documents that refer or relate to any payment(s), grant(s), or other restitution provided to Clifford Washington, Alvin Livers, Fred Holmes, or Jeneen Boudoin-Holmes under The Road Home program or any other Louisiana Office of Community Development or Louisiana Recovery Authority program in connection with Hurricane Katrina or Hurricane Rita.