UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO.: 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **SECTION "K"** |
| **PERTAINS TO:  C. Abadie, 06-5164** | * | **Judge Stanwood R. Duval, Jr.** |
| | * | |
| **This pleading applies only to the claim of** | * | **MAGISTRATE (2)** |
| **Sylena Davis regarding 7737-39 Haney Drive,** | * | **Magistrate Joseph C. Wilkinson, Jr.** |
| **New Orleans, LA 70128** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE

**MAY IT PLEASE THE COURT:**

Lexington Insurance Company, in support of its Motion to Dismiss with Prejudice, respectfully sets forth the following:

### PRELIMINARY STATEMENT

Lexington moves this Court for a dismissal pursuant to 28 U.S.C. § 2361[1] which allows for a district court to discharge a disinterested stakeholder from further liability in an interpleader action.

---

[1] In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make injunction permanent, and make all appropriate order to enforce its judgment.

28 U.S.C.A. § 2361

**PROCEDURAL BACKGROUND**

This Honorable Court has granted Lexington's Motion to Deposit Funds Into the Registry of the Court (R. Doc. 20171). The disputed funds have been placed into the registry of the court and all known stakeholders of these funds have been served in the interpleader action (R. Docs. 20285-20286).

**LAW AND ARGUMENT**

"A district court is empowered to discharge a plaintiff from further liability in any civil interpleader action." <u>Advantage Title Agency, Inc. v. Rosen</u>, E.D.N.Y.2003, 297 F.Supp.2d 536. Dismissal of a disinterested stakeholder in an interpleader action is concisely addressed in <u>United States v. High Tech. Products, Inc</u>. where the court held that (summarizing), an interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the funds or property at stake via normal litigation processes, including pleadings, discovery, motions, and trial. When the court decides that interpleader is available (typically, at the conclusion of the first stage) it may issue an order discharging the stakeholder if the stakeholder is disinterested. It is clear that under 28 U.S.C. § 2361 the district court has the authority to issue an order discharging a disinterested stakeholder in an action from liability. <u>United States v. High Tech. Products, Inc.</u>, 497 F.3d 637, 641-42 (6th Cir. 2007) (summarized and internal citation omitted).

The court has completed the first step of the interpleader process by allowing Lexington to deposit the contested funds into the registry of the court. Lexington has divested itself of the funds in question and is now a disinterested stakeholder in the claim. As such it is entitled to

move this court for a dismissal under 28 U.S.C. § 2361.  There is no controversy before the court that involves Lexington Insurance Company.  The only issue before the court is the matter of which stakeholders have a claim to the funds that are presently in the registry of the court.

**WHEREFORE,** Lexington prays that it be dismissed for this matter with prejudice.

Respectfully submitted;

/s/ Robert I. Siegel
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
DANIEL G. RAUH (# 27280)
ERIC C. WALTON (# 29471)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: rsiegel@glllaw.com
jbaay@glllaw.com
drauh@glllaw.com
ewalton@glllaw.com
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage prepaid and properly addressed on this 8th day of July, 2011.

*/s/* Robert I. Siegel
ROBERT I. SIEGEL