UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:  C. Abadie, 06-5164<br><br>This pleading only applies to the claim<br>of Sylena Davis regarding 7737-39<br>Haney Drive, New Orleans, LA 70128 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 05-4182<br><br>SECTION K(2)<br><br>JUDGE STANWOOD R. DUVAL, JR.<br><br>MAG. JOSEPH C. WILKINSON, JR. |

**************************************

**COUNTRYWIDE HOME LOAN, INC.'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE**

Defendant, Countrywide Home Loans, Inc. ("Countrywide"), submits this Memorandum in Support of its Motion to Dismiss With Prejudice.  As explained below, the Court should dismiss Countrywide from this interpleader proceeding on the ground that Countrywide does not have an interest in, and is not asserting a claim to, the funds that Plaintiff, Lexington Insurance Company, deposited into the registry of the Court.

**BACKGROUND AND ARGUMENT**

On February 22, 2011, Lexington commenced this interpleader proceeding, alleging that it entered into a settlement agreement with Sylena Davis ("Davis") concerning a Hurricane Katrina claim by Davis.  (*See* Doc. 20173: Crossclaim in Interpleader ¶ 2.)  Lexington named the following as defendants: Davis; Countrywide; the State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority ("Road Home"); and The Law Office of Joseph M. Bruno, APLC.  (*Id.* ¶ 3.)  Countrywide was named a defendant on the basis that it holds a mortgage loan on the subject property.  (*Id.* ¶ 10.)  In connection with Lexington's interpleader claim, the Court granted Lexington's motion to deposit

the funds into the Court's registry, and the disputed funds have been placed into the registry of the Court.  (*See* Docs. 20156, 20171.)

As for Countrywide's claim to the disputed funds, Countrywide has confirmed that the mortgage loan on the subject property is current and that the relevant repairs to the property have been made.  Accordingly, Countrywide does not have an interest in the disputed funds and asks that it be dismissed from this proceeding.  As Lexington explained in its motion to dismiss papers (Doc. 20311-1), courts have permitted the dismissal of disinterested stakeholders in interpleader actions.  *See United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641-42 (6th Cir. 2007).  In this case, Countrywide does not have an interest or claim to the funds that Lexington deposited in the Court's registry, because Davis's mortgage loan with Countrywide is current and because the repairs to the mortgaged property have been completed.  Accordingly, Countrywide respectfully requests that the Court grant this motion and dismiss Countrywide from this interpleader proceeding.

## **CONCLUSION**

For the foregoing reasons, Countrywide respectfully requests that the Court grant this motion and dismiss Countrywide from this proceeding with prejudice.

Respectfully submitted

/s/ Gabriel A. Crowson
Stephen W. Rider, T.A. (#2071)
Gabriel A. Crowson (#28009)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

*Attorneys for Defendant:*
*Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system, this 15th day of July, 2011.


                                          /s/ Gabriel A. Crowson
                                          Gabriel A. Crowson

932787.1