UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION NO. 05-4182 "K"(2)<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON |
| PERTAINS TO:<br><br>MRGO<br>*Armstrong*, No. 10-866 | § <br>§ <br>§ <br>§ <br>§ <br>§ |

## DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S OBJECTIONS AND RESPONSES TO ARMSTRONG PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT URS ENERGY & CONSTRUCTION INC. (FORMERLY WASHINGTON GROUP INTERNATIONAL, INC.)

In accordance with Fed. R. Civ. P. 33, 34 and 36, Washington Group International, Inc. ("WGII")[1] hereby submits these Objections and Responses to Armstrong Plaintiffs' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS:

WGII objects to these discovery requests as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information unrelated to the Plaintiffs' claims against WGII or WGII's defenses thereto. Specifically, paragraphs 32 through 37 of Plaintiffs' Complaint in Intervention, dated June 8, 2011 ("Complaint"), allege that WGII's demolition and site preparation work in "the East Bank Industrial Area [("EBIA")] – a 32-acre site located between Florida Avenue and Claiborne

---

[1] Subsequent to the activities alleged in Plaintiffs' Complaint, WGII was acquired by URS Corporation, a Delaware Corporation. WGII, now known as URS Energy & Construction, Inc., is a subsidiary of URS E&C Holdings, Inc., a Delaware Corporation. URS E&C Holdings, Inc. is a subsidiary of URS Holdings Inc., a Delaware Corporation. URS Holdings Inc. is a subsidiary of URS Corporation.



1059949v.1

Avenue and extending from the canal to the floodwall . . . . undermined the integrity of the levee, and/or floodwall along the eastern shoreline of the IHNC/Industrial Canal, abutting the Lower Ninth Ward of Orleans Parish," which ultimately caused and/or contributed to its failure. Complaint ¶¶ 33, 35-36. The United States Army Corps of Engineers ("USACE") engaged WGII to perform this work, known as Task Order 26 to the Total Environmental Restoration Contract ("Task Order 26"),[2] in July 1999, and WGII completed all field activities in May 2005. At all times, WGII acted at the direction and under the supervision of the USACE. Accordingly, to the extent Plaintiffs seek information relating to locations other than the EBIA or IHNC/Industrial Canal and/or time periods other than 1999-2005, WGII has interposed specific objections to these requests as set forth below.

WGII also objects to these discovery requests as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information unrelated to the so-called "Wedding Cake" excavation located at the EBIA's Boland Marine site, or the Sewer Lift Station excavation located at the EBIA's Saucer Marine site. Plaintiffs are barred by the doctrine of *res judicata* and/or claim preclusion from asserting that WGII's work undermined the integrity of the levee and/or floodwall along the eastern shoreline of the IHNC abutting the Lower Ninth Ward of Orleans Parish, except insofar as those claims relate to the Sewer Lift Station excavation located at the Saucer Marine site or the Wedding Cake excavation located at the Boland Marine site.[3]

---

[2] *See* WGI000001-791.

[3] In 2008, WGII moved for summary judgment on the grounds that it was entitled to immunity from suit in connection with its work at the EBIA under the federal government contractor defense. *See* Br. in Supp. of WGII Mot. for Summary Judgment (Doc. 15861-2). Plaintiffs, however, opposed the application of the government contractor defense only with respect to WGII's work at the Wedding Cake excavation and the Sewer Lift excavation; they did not object to entry of summary judgment in favor of WGII with respect to all other work that WGII performed at the EBIA. *See, e.g.*, MRGO PSLC's Opp. to WGII's Mot. for Summary Judgment (Doc. 16209) at 2; WGII Reply Br. (Doc. 16296-3) at 1 ("[I]t is now clear that Plaintiffs challenge WGII's entitlement to summary

WGII further objects to these discovery requests as unduly burdensome and harassing to the extent they seek information, documents and/or other materials that WGII previously produced to MRGO Plaintiffs' Liaison Counsel in response the MRGO Plaintiffs' Subgroup Litigation Committee's Interrogatories, Requests for Admission and Requests for Production of Documents,[4] and/or information, documents and/or other materials produced in accordance with the Court's May 12, 2006 Order,[5] the parties' July 2006 Letter Agreement,[6] and/or the Court's March 1, 2007 Order ("CMO No. 4").[7] To date, WGII has produced more than 945,000 pages of documents to Plaintiffs' Liaison Counsel in this action.

---

(continued...)

judgment with respect to only . . . (1) the sewer lift station excavation at Saucer Marine; [and] (2) the 'wedding cake' structure excavation at Boland Marine. . ."). The district court granted WGII's motion in its entirety on December 15, 2008 (Doc. 16723). Plaintiffs appealed the district court's decision to the Fifth Circuit, but as before, they argued that application of the government contractor defense was improper only with respect to the Wedding Cake and Sewer Lift excavations. Because Plaintiffs did not oppose—either in the district court or on appeal—WGII's motion for summary judgment with respect to all other work it performed at the EBIA, the doctrines of *res judicata* and/or claim preclusion bar them from challenging WGII's work at the EBIA other than the work that WBII performed at the Wedding Cake and Sewer Lift excavations. There is therefore a final, unappealed judgment by the district court entering summary judgment in favor of WGII for all work it performed at the EBIA with the exception of WGII's work at the Wedding Cake excavation and the Sewer Lift excavation.

[4] *See* WGII's Objections and Responses to MRGO Plaintiffs' Subgroup Litigation Committee's Requests for Admission, Interrogatories and Requests for Production of Documents, dated June 14, 2007.

[5] Order, dated May 12, 2006, at 4 (requiring defendants to produce to Plaintiffs' Liaison Counsel by June 1, 2006 all contracts with the U.S. Army Corps of Engineers relating to this litigation).

[6] Ltr. from W. Treeby to J. Bruno, dated July 27, 2006 (describing the parties' agreement to produce documents relating to the government contractor defense).

[7] While CMO No. 4, Section IV, directed the parties to conduct discovery concerning "common liability issues," WGII, by responding to the instant discovery, does not agree that "common liability issues" exist or that any trial or trials on "common liability issues" is feasible, warranted or appropriate. The term "common liability issues" is defined in CMO No. 4 as "refer[ring] to the descriptions of all three claim categories set out above [Levee, MRGO and Insurance], but excludes quantification of individual damage claims and individual adjusting and other individual coverage issues asserted in the non-class action cases that are part of the Insurance category." CMO No. 4, § I(A). WGII denies that to the extent any liability issues exist in these consolidated cases, they are common to any of the parties in any way that would allow class certification of any liability issues for trial. WGII herein expressly reserves any and all rights to object to or to otherwise contest a trial or trials on "common liability issues." WGII's position in this regard shall be deemed applicable to any and all further responses to interrogatories, requests for production of documents and requests for admissions.

WGII also objects to these discovery requests to the extent they seek information protected by the attorney-client privilege or attorney work-product doctrine. The inadvertent disclosure of any privileged information shall not signify any intent by WGII to generally waive the rights to such privilege. To the extent so required, WGII will provide Plaintiffs with a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

WGII objects to each and every discovery request seeking information that is not in the custody and/or control of WGII, but rather is in the custody and/or control of the Plaintiffs or some other parties, persons or entities because each such request is unduly burdensome and harassing. WGII further objects to each and every discovery request to the extent it seeks documents that WGII has in its possession, custody, or control solely as a result of discovery produced by any other party to this litigation.

WGII states that it will supplement these discovery responses, as necessary, in accordance with Federal Rule of Civil Procedure 26(e).

### SPECIFIC RESPONSES TO INTERROGATORIES:

### INTERROGATORY NO. 1:

Do you contend any person or entity other than you is or may be liable in whole or in part for the claims asserted against you in this action? If so please state for each: **(a)** their name, and **(b)** the factual and legal basis for the contention.

### RESPONSE:

WGII objects to this Interrogatory as premature because liability discovery in this case is ongoing, and because it improperly accelerates the September 19, 2011 and January 9, 2012 deadlines for WGII to submit its expert report(s). *See* Order, dated March 17, 2011; Order, dated June 9, 2011. WGII also objects to this Interrogatory as an improper invasion of the attorney-client privilege and violation of the work-product doctrine because it calls for legal and factual conclusions formulated by WGII's litigation counsel in preparing WGII's defenses. WGII