## IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION
(USDC, E.D. La. No. 05-4182 "K")

PLAINTIFFS'
LIAISON COUNSEL
JOSEPH M. BRUNO

LEVEE SUBGROUP
LITIGATION
COMMITTEE
Gerald E. Meunier,
Liaison
Daniel E. Becnel, Jr.
Joseph M. Bruno
Walter C. Dumas
Darleen M. Jacobs
Hugh P. Lambert

MRGO SUBGROUP
LITIGATION
COMMITTEE
James P. Roy,
Liaison
John B. Andry
Joseph M. Bruno
Clay H. Mitchell

INSURANCE
SUBGROUP
LITIGATION
COMMITTEE
Calvin C. Fayard,
Jr., Liaison
Joseph M. Bruno
John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier

LITIGATION
COORDINATOR
J. Robert Warren, II

855 BARONNE
STREET
NEW ORLEANS, LA.
70113
(504) 525-1335
(504) 561-6775
FACSMILE

June 29, 2011

**VIA EMAIL**
wtreeby@stonepigman.com

Mr. William D. Treeby
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130

Re: ***Armstrong v. United States***:  **WGI's Discovery Responses**

Dear Bill:

We are in receipt of Defendant URS Energy & Construction Inc.'s (f/k/a/ Washington Group International, Inc.) ("WGI") responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents.

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiffs are hereby attempting in good faith to meet and confer regarding WGI's responses that we believe are deficient or which otherwise need further clarification.

First, you state that WGI has "produced 945,000 pages of documents to Plaintiffs' Liaison Counsel in this action," and your individual responses indicate that all responsive documents have been produced previously (including documents responsive to our interrogatories). However, you also state that WGI "will produce, to the extent they exist, any other non-privileged documents" responsive to Plaintiffs' requests. We ask that you confirm: (1) that no documents have been withheld based upon a claim of privilege; (2) that no documents have been withheld based upon your "general objections;" and (3) that no documents have been withheld based upon your contention that only the wedding cake and sewer lift matters remain at issue.

Second, regardless of whether documents have been withheld pursuant to (3) above, we must ask that WGI withdraw this objection entirely so that the record is clear that this is not a matter for Court consideration. If WGI intends to assert this objection (whether now, as a basis for withholding documents, or later with respect to any other aspect of the case), we feel it must be raised with the Court immediately.

Please advise us of WGI's position on these issues by Friday, July 1. To the extent that a resolution is not reached, we will seek Judge Wilkerson's guidance by a motion to compel to be filed on that date. Thank you.

Sincerely,

Joseph Bruno

EXHIBIT C

# IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION
(USDC, E.D. La. No. 05-4182 "K")

PLAINTIFFS'
LIAISON COUNSEL
JOSEPH M. BRUNO

LEVEE SUBGROUP
LITIGATION
COMMITTEE
Gerald E. Meunier,
Liaison
Daniel E. Becnel, Jr.
Joseph M. Bruno
Walter C. Dumas
Darleen M. Jacobs
Hugh P. Lambert

MRGO SUBGROUP
LITIGATION
COMMITTEE
James P. Roy,
Liaison
John B. Andry
Joseph M. Bruno
Clay H. Mitchell

INSURANCE
SUBGROUP
LITIGATION
COMMITTEE
Calvin C. Fayard,
Jr., Liaison
Joseph M. Bruno
John N. Ellison
James M. Garner
Joseph J. McKernan
Drew A. Ranier

LITIGATION
COORDINATOR
J. Robert Warren, II

855 BARONNE
STREET
NEW ORLEANS, LA.
70113
(504) 525-1335
(504) 561-6775
FACSIMILE

June 30, 2011

**VIA EMAIL**
wtreeby@stonepigman.com

Mr. William D. Treeby
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130

    Re:    *Armstrong v. United States*: WGI's Discovery Responses

Dear Bill:

    We are in receipt of the letter you sent today concerning WGI's position on whether you withheld any documents responsive to Plaintiffs' Requests for Production and Interrogatories based on claims of privilege, general objections, or your contention that only the wedding cake and sewer lift excavations remain at issue.

    We believe two points need clarification: (1) did WGI withhold any information in their responses to Plaintiffs' Interrogatories on these same grounds (as it appears your letter only addressed documents), and (2) does your belief that only the wedding cake and sewer lift excavations remain at issue affect the scope of expert discovery?

    Please advise us of WGI's position on these issues at your earliest convenience. Thank you.

Very truly yours,

Joseph Bruno

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

WILLIAM D. TREEBY
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

OUR FILE NUMBER

62,272

June 30, 2011

**VIA E-MAIL**

Joseph M. Bruno, Esq.
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113

Re: **In re: Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 (Pertains to Armstrong, C.A. No. 10-866)**

Dear Joe:

This responds to your letter of June 29, 2011 with respect to our client's responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents. Your letter indicates that it is a good faith attempt to meet and confer regarding my client's responses that you believe are deficient or need clarification. I have exchanged emails with Stephanie in your office attempting to schedule a telephone, or in person conference, and that has not yet been finalized, but this letter responds to your questions about our client's responses.

We confirm that no documents have been withheld in connection with our responses based on: (1) a claim of privilege; (2) our "general objections"; or, (3) our position that only the wedding cake and sewer lift station excavations remain at issue in the cases against our client. Simply stated, we did not withhold any documents on any grounds whatsoever in connection with our recent responses. However we do maintain our objection so that we would be completely clear that there exists a final judgment in WGII's (now URS' favor) on all matters except those two excavations. If you have any remaining questions about our discovery responses, I am available for a meet and confer by telephone or in person this afternoon, or tomorrow at the times I previously indicated.

With kind regards,

Sincerely,

William D. Treeby

WDT/jpb

1061717v.1

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

WILLIAM D. TREEBY
DIRECT DIAL: (504) 593-0807
DIRECT FAX: (504) 596-0807
E-Mail: wtreeby@stonepigman.com

62,272

July 5, 2011

**VIA E-MAIL**

Joseph M. Bruno, Esq.
Law Offices of Joseph M. Bruno
855 Baronne Street
New Orleans, Louisiana 70113

Re:   In re: **Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 (Pertains to Armstrong, C.A. No. 10-866)**

Dear Joe:

This responds to your letter of June 30, 2011 (emailed to me on July 1, 2011 at 4:43 p.m.) asking for clarification regarding (1) whether WGII withheld any information in responses to Plaintiffs' Interrogatories based on WGII's objections; and, (2) whether WGII's belief that only the wedding cake and sewer lift station excavations remain at issue will affect the scope of expert discovery.

We confirm: (1) that no information was withheld from WGII's Answers to Interrogatories; and, (2) that we do not believe that WGII's belief that only the wedding cake and sewer lift station excavations remain at issue will affect the scope of expert discovery. We have not withheld any information, and do not intend to do so. However if you are inquiring about our intention to assert the affirmative defenses regarding *res judicata* and claim preclusion at the trial of this case against WGII, the answer is that we do so intend. We affirm that our experts will be available to answer any questions related to their expert opinions to be rendered, just as we expect your experts will also be available. If you have any remaining questions about our discovery responses, I am available to discuss these remaining issues.

With kind regards,

Sincerely,

*Bill*

William D. Treeby

WDT/jpb

1061891v.1