U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JUL 2 2 2011
LORETTA G. WHYTE
CLERK

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 28, 2011
Lyle W. Cayce
Clerk

No. 09-30485

D.C. Docket No. 2:05-CV-4182
D.C. Docket No. 2:07-CV-5528

IN RE: KATRINA CANAL BREACHES LITIGATION

---

LOUISIANA STATE, Individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel; JAMES D CALDWELL, also known as Buddy Caldwell, proper plaintiff party, in place of Charles C. Foti, Jr.,

    Plaintiffs - Appellees

v.

ANPAC LOUISIANA INSURANCE COMPANY; AMERICAN NATIONAL GENERAL INSURANCE COMPANY; AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY; REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY; AUTO CLUB FAMILY INSURANCE COMPANY; AEGIS SECURITY INSURANCE COMPANY; AIG CENTENNIAL INSURANCE COMPANY; AIU INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; AMERICA FIRST INSURANCE COMPANY; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA; AMERICAN FAMILY INSURANCE; AMERICAN GENERAL PROPERTY INSURANCE COMPANY; AMERICAN INSURANCE COMPANY; AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY; AMERICAN MODERN INSURANCE GROUP; AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY; AMERICAN RELIABLE INSURANCE COMPANY; AMERICAN SECURITY INSURANCE COMPANY; AMERICAN SUMMIT INSURANCE COMPANY; AMERICAN SOUTHERN HOME INSURANCE COMPANY; AMERICAN WESTERN HOME INSURANCE COMPANY; AMICA MUTUAL

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

INSURANCE COMPANY; ARMED FORCES INSURANCE EXCHANGE; ASSURANCE COMPANY OF AMERICA; AUDUBON INSURANCE COMPANY; BALBOA INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, London Market Insurers; CHUBB INDEMNITY INSURANCE COMPANY; CHUBB CUSTOM INSURANCE COMPANY; CHUBB NATIONAL INSURANCE COMPANY; CLARENDON NATIONAL INSURANCE COMPANY; ECONOMY PREMIER ASSURANCE COMPANY; EMPIRE FIRE & MARINE INSURANCE COMPANY; EMPIRE INDEMNITY INSURANCE COMPANY; ENCOMPASS INSURANCE COMPANY OF AMERICA; ENCOMPASS PROPERTY AND CASUALTY COMPANY; FARMERS INSURANCE EXCHANGE; FEDERAL INSURANCE COMPANY; FIDELITY AND DEPOSIT INSURANCE COMPANY OF MARYLAND; FIDELITY NATIONAL INSURANCE COMPANY; FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; GREAT NORTHERN INSURANCE COMPANY; HANOVER AMERICAN INSURANCE COMPANY; HANOVER INSURANCE COMPANY; HARTFORD ACCIDENT & INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY OF THE MIDWEST; HARTFORD INSURANCE COMPANY OF THE SOUTHEAST; ET AL; HOMESITE INSURANCE COMPANY; HORACE MANN INSURANCE COMPANY; HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY; LAFAYETTE INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY; LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; MERASTAR INSURANCE COMPANY; MERITPLAN INSURANCE COMPANY; METROPOLITAN CASUALTY INSURANCE COMPANY; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; NATIONAL LLOYDS INSURANCE COMPANY; NATIONAL SECURITY FIRE & CASUALTY COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; OMEGA ONE INSURANCE COMPANY; SCOTTSDALE INSURANCE COMPANY; SECURITY PLAN FIRE INSURANCE COMPANY; SHELTER GENERAL INSURANCE COMPANY; SHELTER MUTUAL INSURANCE COMPANY; SOUTHWEST BUSINESS CORPORATION; STANDARD FIRE INSURANCE COMPANY; STATE FARM FIRE & CASUALTY COMPANY; STATE FARM GENERAL

INSURANCE COMPANY; TRINITY UNIVERSAL INSURANCE COMPANY; UNION NATIONAL FIRE INSURANCE COMPANY; UNITED FIRE AND CASUALTY COMPANY; UNITED FIRE AND INDEMNITY COMPANY; UNITED SERVICES AUTOMOBILE ASSOCIATION; UNITRIN AUTO AND HOME INSURANCE COMPANY; UNITRIN PREFERRED INSURANCE COMPANY; USAA CASUALTY INSURANCE COMPANY; USAA GENERAL INDEMNITY COMPANY; USAA; VIGILANT INSURANCE COMPANY; VOYAGER INDEMNITY INSURANCE COMPANY; VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY; ZC STERLING CORPORATION; ZC STERLING INSURANCE AGENCY INC; ZURICH AMERICAN INSURANCE COMPANY; ZURICH NORTH AMERICA; METLIFE INC,

        Defendants - Appellants

        Appeal from the United States District Court for the
        Eastern District of Louisiana, New Orleans

Before JONES, Chief Judge, PRADO, Circuit Judge and O'CONNOR, District Judge*.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party to bear its own costs on appeal.

ISSUED AS MANDATE:   20 JUL 2011

---

* District Judge of the Northern District of Texas, sitting by designation.

A True Copy   20 JUL 2011
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2011

Lyle W. Cayce
Clerk

No. 09-30485

---

IN RE: KATRINA CANAL BREACHES LITIGATION

---

LOUISIANA STATE, Individually and on behalf of State of Louisiana, Division of Administration, Office of Community Development ex rel; JAMES D. CALDWELL, also known as Buddy Caldwell, proper plaintiff party, in place of Charles C. Foti, Jr.,

                              Plaintiffs-Appellees

v.

ANPAC LOUISIANA INSURANCE COMPANY; AMERICAN NATIONAL GENERAL INSURANCE COMPANY; AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY; REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY; AUTO CLUB FAMILY INSURANCE COMPANY; AEGIS SECURITY INSURANCE COMPANY; AIG CENTENNIAL INSURANCE COMPANY; AIU INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; AMERICA FIRST INSURANCE COMPANY; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA; AMERICAN FAMILY INSURANCE; AMERICAN GENERAL PROPERTY INSURANCE COMPANY; AMERICAN INSURANCE COMPANY; AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY; AMERICAN MODERN INSURANCE GROUP; AMERICAN MODERN SURPLUS LINES INSURANCE COMPANY; AMERICAN RELIABLE INSURANCE COMPANY; AMERICAN SECURITY INSURANCE COMPANY; AMERICAN SUMMIT INSURANCE COMPANY; AMERICAN SOUTHERN HOME INSURANCE COMPANY; AMERICAN WESTERN HOME INSURANCE COMPANY; AMICA MUTUAL INSURANCE COMPANY; ARMED FORCES INSURANCE EXCHANGE; ASSURANCE COMPANY OF AMERICA; AUDUBON INSURANCE COMPANY; BALBOA INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, London Market Insurers; CHUBB INDEMNITY INSURANCE COMPANY; CHUBB CUSTOM

INSURANCE COMPANY; CHUBB NATIONAL INSURANCE COMPANY; CLARENDON NATIONAL INSURANCE COMPANY; ECONOMY PREMIER ASSURANCE COMPANY; EMPIRE FIRE & MARINE INSURANCE COMPANY; EMPIRE INDEMNITY INSURANCE COMPANY; ENCOMPASS INSURANCE COMPANY OF AMERICA; ENCOMPASS PROPERTY AND CASUALTY COMPANY; FARMERS INSURANCE EXCHANGE; FEDERAL INSURANCE COMPANY; FIDELITY AND DEPOSIT INSURANCE COMPANY OF MARYLAND; FIDELITY NATIONAL INSURANCE COMPANY; FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; GREAT NORTHERN INSURANCE COMPANY; HANOVER AMERICAN INSURANCE COMPANY; HANOVER INSURANCE COMPANY; HARTFORD ACCIDENT & INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY OF THE MIDWEST; HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, ET AL; HOMESITE INSURANCE COMPANY; HORACE MANN INSURANCE COMPANY; HORACE MANN PROPERTY AND CASUALTY INSURANCE COMPANY; LAFAYETTE INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY; LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY; MERASTAR INSURANCE COMPANY; MERITPLAN INSURANCE COMPANY; METROPOLITAN CASUALTY INSURANCE COMPANY; METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; NATIONAL LLOYDS INSURANCE COMPANY; NATIONAL SECURITY FIRE & CASUALTY COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; OMEGA ONE INSURANCE COMPANY; SCOTTSDALE INSURANCE COMPANY; SECURITY PLAN FIRE INSURANCE COMPANY; SHELTER GENERAL INSURANCE COMPANY; SHELTER MUTUAL INSURANCE COMPANY; SOUTHWEST BUSINESS CORPORATION; STANDARD FIRE INSURANCE COMPANY; STATE FARM FIRE & CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; TRINITY UNIVERSAL INSURANCE COMPANY; UNION NATIONAL FIRE INSURANCE COMPANY; UNITED FIRE AND CASUALTY COMPANY; UNITED FIRE AND INDEMNITY COMPANY; UNITED SERVICES AUTOMOBILE ASSOCIATION; UNITRIN AUTO AND HOME INSURANCE COMPANY; UNITRIN PREFERRED INSURANCE COMPANY; USAA CASUALTY INSURANCE COMPANY; USAA GENERAL INDEMNITY COMPANY; USAA; VIGILANT INSURANCE COMPANY;

VOYAGER INDEMNITY INSURANCE COMPANY; VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY; ZC STERLING CORPORATION; ZC STERLING INSURANCE AGENCY INC; ZURICH AMERICAN INSURANCE COMPANY; ZURICH NORTH AMERICA; METLIFE INC,

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, PRADO, Circuit Judge, and O'CONNOR, District Judge.[*]

EDITH H. JONES, Chief Judge:

In this interlocutory appeal, over 200 insurance companies challenge approximately 151,000 homeowners' insurance claims based upon policyholders' purported assignments of policy rights to the State. Previously, we determined that no controlling Louisiana Supreme Court precedent had determined whether an insurance contract's anti-assignment clause prohibited post-loss assignments of policy rights. *See In re Katrina Canal Breaches Litig.*, 613 F.3d 504 (5th Cir. 2010). Because that issue appeared to be case-dispositive, we certified the following question to the Louisiana Supreme Court:

> 1) Does an anti-assignment clause in a homeowner's insurance policy, which by its plain terms purports to bar any assignment of the policy or an interest therein without the insurer's consent, bar an insured's post-loss assignment of the insured's claims under the policy when such an assignment transfers contractual obligations, not just the right to money due?

*Id.* at 512. The Louisiana Supreme Court accepted the certified question and answered it as follows:

---

[*] District Judge of the Northern District of Texas, sitting by designation.

3

> There is no public policy in Louisiana which precludes an anti-assignment clause from applying to post-loss assignments. However, the language of the anti-assignment clause must clearly and unambiguously express that it applies to post-loss assignments, and thus it must be evaluated on a policy by policy basis.

*In re Katrina Canal Breaches Litig.*, No. 2010-CQ-1823, at *1 (La. May 10, 2011). Without contradicting this court's analysis, however, the Louisiana Supreme Court also observed that "any contradiction or ambiguity in the contract must be strictly construed against the insurer . . . ." *Id.* at *12.

In light of the Louisiana Supreme Court's decision, we are unable to resolve the parties' dispute in this appeal, and the statute of limitations issues. We VACATE the district court's judgment and REMAND for further proceedings consistent herewith.

**VACATED AND REMANDED.**