UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                        CIVIL ACTION
CONSOLIDATED LITIGATION
                                                    NO. 05-4182

PERTAINS TO:  MRGO                                  SECTION "K"(2)


ORDER AND REASONS

Before the Court is Defendant Washington Group International, Inc.'s Motion Regarding Continued Availability of Government Contractor Defense (Doc. 20245).  At issue is whether the decision of the United States Court of Appeals in *In re Katrina Canal Breaches Consolidated Litigation*, 620 F.3d 455 (5th Cir. 2010), reversing this Court's grant of summary judgment in favor of the Washington Group International, Inc. ("WGI") based on government contractor immunity precludes WGI from urging this defense at trial.   Having reviewed the memoranda and the relevant law, the Court finds that the appellate court's ruling clearly forecloses the invocation of such a defense by WGI.

The facts and circumstances surrounding the issue of WGI's actions with respect to the East Bank Industrial Area ("EBIA") has been outlined at length in this Court's prior opinions as well as the above-referenced Fifth Circuit decision.  WGI was hired by the United States Army Corps of Engineers ("the Corps") to remediate the area adjacent to the flood wall running along the Industrial Canal.  Plaintiffs maintain the negligence of WGI and the Corps in accomplishing this work caused the floodwall to collapse during Hurricane Katrina causing the catastrophic inundation of the Lower Ninth Ward of New Orleans.

Because WGI performed this work pursuant to a government contract, it invoked the immunity that can arise when accomplishing such work and filed a motion for summary

judgment to that end. This Court found that WGI had satisfied all the requirements for the application of government-contractor immunity ("GCI") and certified the issue for immediate appeal. As noted the Fifth Circuit reversed this Court.

In its opinion, the Fifth Circuit reiterated the three-step test for the application of this defense as announced in *Boyle v. United Technologies Corp*, 487 U.S. 500 (1988) which steps are that (1) the United States approved reasonably precise specifications; (2)the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *In re Katrina*, 602 F.3d at 460 citing *Boyle*, 487 U.S. at 512. The appellate court focused on the first step and noted that it "entails **both** the existence of reasonably precise specification and the approval of those specifications by the government." *Id.* at 461. The court then went on to find unequivocally that the **specifications** concerning the backfill material to be used and the method of compaction to be used in replacing the materials removed in the remediation process at the EBIA were not reasonably precise.

In doing so, it noted, "[s]pecifications are reasonably precise 'as long as the specification address, in reasonable detail, **the product design feature, alleged to be defective**.'" *Id.* citing *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 438 (5th Cir. 2000) (emphasis added). It further noted that "'[t]he requirement that the specifications be precise means that the discretion over significant details and all critical design choices will be exercised by the government.'" *Id.* Plaintiffs contended that the deficient design features at issue concerned the backfill material to be used and the method of compaction to be undertaken.

As to the specifications with respect to the backfill requirements, the appellate court concluded that the specifications were not reasonably precise because the Corps neither mandated the composition of the backfill material nor established precise procedures to test material for its suitability as backfill.  The Court noted, "The only Corps specification was that the material had to be clean, not contaminated, and not full of debris." *In re Katrina,* 620 F.3d at 462.  The Court relied on testimony by the Corps' Contracting Officer Representative Lee Guillory stating unequivocally that there were no real specification for what could be used. Likewise, the appellate court found that the Corps provided on reasonably precise specifications regarding the composition of off-site backfill materials and it was unaware of what was actually used. It noted further that "the sole consideration for the Corps in evaluating the backfill was the cost of the material."  The court concluded, "Given that the Corps provided imprecise, and at times non-existent, specifications regarding the composition of the on-site and offsite backfill material, WGI is not entitled to claim GCI for its exercise of discretion in choosing the composition of that material." *Id.* at 463.

This Court recognizes that in this section of the opinion that there is some isolated discussion of possible testimony that might have allowed WGI to invoke this defense; however, the discussion appears to be hypothetical.  Indeed, WGI has not provided any evidence that there ever were additional requirements regarding the soil's composition or that there were any testing process being used to evaluate the off-site backfill material before approving its use.  The appellate court concluded, "Given that the Corps provided imprecise, and at time non-existent, specifications regarding the composition of the on-site and off-site backfill material, WGI is not

3

entitled to claim GCI for its exercise of discretion in choosing the composition of that material."

*Id.*

WGI appears to seek this Court review the Fifth Circuit's findings. Indeed, it opines that "the reviewing court did not consider the full record on the relevant issues." (Doc. 20245 at 2). Clearly, this district court is not empowered to reject the Fifth Circuit's ruling. The appellate court based its decision on an interpretation of the law of GCI–that is the **specifications** must be reasonably precise; it reviewed the specification and found them woefully lakcing. The Fifth Circuit decision rejected this court's application of specifications plus governmental participation in subsequent development of the project in the context of WGI's actions as satisfying the first step of GCI analysis, and this Court does not and cannot ignore the Fifth Circuit's mandate.

With respect to the compaction design feature, the Fifth Circuit was even more clear. The court stated:

> One could argue that the Corps' failure to provide standards for compaction or to provide details for the equipment to be employed was, in itself, a precise specification. The approved work plan stated that "[t]he material will be placed in lifts and compacted" and affirmed that "no compaction testing will be required." Given that those general specifications were the result of an intricate approval process, it is reasonable to conclude that the decision not to specify more than basic compaction was a decision made by the Corps, as WGI contends in its brief.
> The question, however, is not whether the Corps approved of *any* decisions regarding the compaction method. The relevant inquiry, instead, is whether the Corps approved sufficiently *precise* specifications, such that it is evident that the government was the primary agent of decision over the compaction method. "If the government approved imprecise or general guidelines, then discretion over important design choices would be left to the government contractor." *Trevino*, 865 F.2d at 1481. By providing only general instructions regarding the compaction method, the Corps ensured that WGI would have significant discretion over the method chosen. The exercise of that discretion by WGI is not protected by the GCI doctrine.

*Id.* at 464-65.  Thus, the appellate court concluded:

> The Corps did not 'make' WGI use the exact backfill material that was utilized, nor did it 'require' WGI select the compaction method that was employed.  In the absence of reasonably precise Corps specifications, those decision were made by WGI.  Thus, WGI fails the first step of the *Boyle* test and is not entitled to GCI for its choice of backfill material and compaction method.

*Id.* at 465.

Nothing then can be more clear.   The United States Court of Appeals for the Fifth Circuit has found that WGI is not entitled to GCI in these regards and this Court will not re-litigate that issue.   A salient point that must be reiterated is that the first step in the *Boyle* test is two-fold and "entails **both** the existence of reasonably precise specification and the approval of those specifications by the government."  *Id.* at 461.  The Fifth Circuit focused on those specifications and found them to not meet that test; as such, the court rejected this defense as a matter of law.

The specificity of the instant findings are in no manner analogous to the facts in *E.C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105 (5th Cir. 1976).  In *Ernst* the issues concerned the notice and settlement defenses raised by a general contractor on a suit concerning a construction contract.   The court there held that the evidence presented generated a jury question on issues of whether plaintiff had given adequate notice of its claims and whether it had settled its claims.  That appellate court stated specifically that the general contractor had demonstrated that there were genuine issues of material fact for a trier of fact to determine. Here, the appellate court made no such statement.  Again, what was at issue here were

specifications–whether they were sufficiently specific.  The Fifth Circuit has found specifically and unequivocally that they were not, and thus WGI cannot wear the *Boyle* shield.

Indeed, the Fifth Circuit has provided the law of the case here, and as such, it must be followed.  The appellate court did not state that there are questions of fact as to GCI; it clearly stated that it is unavailable.  As stated in *Cooper Tire & Rubber Co. v. Farese*, 248 Fed. Appx. 555, 2007 WL 2766146 (5th Cir. 2007):

> "The law of the case doctrine provides that a decision of a factual or legal issue by an appellate court establishes the law of the case and must be followed in all subsequent proceedings in the same case in the trial court..."  *Lyons v. Fisher,* 888 F.2d 1071, 1074 (5th Cir. 1989) (internal quotations omitted); *see also Knotts v. United States*, 893 F.2d 758, 761 (5th Cir. 1990).  Courts have the discretion to ignore the law of the case under certain narrow exceptions: "if substantially different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice."  *Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir. 1989).  Absent such exceptions, the law of the case doctrine applies not only to things decided explicitly but also to matters settled "by necessary implication:" "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case."  *Office of Thrift Supervision v. Felt,* 255 F.3d 220, 225 (5th Cir. 2001).

*Cooper Tire*, 248 Fed. Appx. at 558, 200 WL 2766146, * 2.  In the case at bar, none of the exceptions are applicable.  WGI presented the full record to the Fifth Circuit, and the Fifth Circuit rejected its approach.  This Court will not second guess that decision.

WGI relies on the concluding language for the proposition that this Court should ignore the concept of law of the case and rehear all of the same evidence at this judge trial.  The Fifth Circuit stated (and which this Court has noted above):

> Thus, WGI fails the first step of the *Boyd* test and is not entitled to GCI for its choice of backfill material and compaction method.  The summary judgment is REVERSED, and this matter is REMANDED for further proceedings as needed.

> We impose no limitations on what matters the district court can consider on remand and we express no view as to what decisions that court should make.

*In re Katrina*, 620 F3d at 465. This language simply means that WGI may now proceed to trial and may try the issue of causation and any other defense that is available to it. The Fifth Circuit clearly did not find there to be any question of fact precluded its position that GCI is unavailable as stated. Accordingly,

**IT IS ORDERED** that the Motion Regarding Continued Availability of Government Contractor Defense (Doc. 20245) is **DENIED**; the issue of government contractor immunity is unavailable to WGI, and the Court will not reexamine that issue. However, the Court will allow defendants at the end of trial to proffer whatever materials it deems necessary for that issue on appeal.

New Orleans, Louisiana, this 1st day of August, 2011.

                                          **STANWOOD R. DUVAL, JR.**
                            **UNITED STATES DISTRICT COURT JUDGE**