UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION NO. 05-4182 "K"(2) <br> § JUDGE DUVAL <br> § MAG. WILKINSON <br> § <br> § |
| PERTAINS TO: <br><br> MRGO <br> *Armstrong*, No. 10-866 | § <br> § <br> § <br> § <br> § <br> § <br> § |

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
SUR-REPLY IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT WGII'S
*RES JUDICATA* AND PRECLUSION DEFENSE**

Defendant Washington Group International, Inc. ("WGII") respectfully submits this sur-reply in opposition to Plaintiffs' Motion to Strike WGII's *Res Judicata* and Preclusion Defense.

As set forth in WGII's Opposition to Plaintiffs' Motion to Strike, Plaintiffs failed to oppose, either in this Court or on appeal, WGII's motion for summary judgment with respect to all work it performed apart from the Sewer Lift Station and Wedding Cake excavations. WGII respectfully submits that because they failed to raise any material factual dispute regarding the balance of WGII's work at the EBIA, Plaintiffs are now barred by the doctrines of *res judicata* and/or collateral estoppel from disputing this Court's final order granting WGII's motion for summary judgment for that work. If, however, this Court finds that *res judicata* and/or collateral estoppel does not bar Plaintiffs from challenging the remainder of WGII's work at the EBIA, WGII respectfully submits that the Fifth Circuit's opinion in *In re Katrina Canal Breaches Litigation*, and this Court's August 1, 2011 Order interpreting that opinion, permit

WGII to invoke the government contractor defense with respect to all work it performed pursuant to Task Order 26 other than that relating to the Sewer Lift Station and Wedding Cake excavations.

The Fifth Circuit's opinion—which this Court has now held forecloses WGII from invoking the government contractor defense at trial—addressed only the narrow question of whether the specifications governing the backfill and compaction work on the Sewer Lift Station and Wedding Cake excavations satisfied the test for government contractor immunity articulated in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Because the Fifth Circuit has not held that the specifications governing the remainder of WGII's work pursuant to Task Order 26 fail to satisfy the *Boyle* test, WGII submits that if Plaintiffs are permitted to challenge that work, WGII should be permitted to present evidence supporting the application of government contractor immunity to that work.

## ARGUMENT

WGII's motion for summary judgment argued that WGII was entitled to immunity from suit under the government contractor defense for all work that it performed between February 2001 and March 2005. Mem. In Supp. of WGII's Motion for Summary Judgment ("S.J. Mot.") (Doc. 15861-2).[1] Plaintiffs' opposition, however, expressly challenged only two of those projects:

---

[1] Specifically, WGII identified seven definable features of work ("DFOWs")—Demolition and Piling Removal; Removal of the Sewer Lift Station at Saucer Marine; Removal of Concrete Block #004 (the so-called "Wedding Cake") at Boland Marine; Removal of a Submerged Fuel Tanker Car; Soil Remediation (Including Remediation of the Canal Bank); The Borrow Pit at McDonough Marine Site; and Excavation Under Surekote Road at McDonough Marine—all of which "were completed in accordance with the guidelines developed with and approved by the Corps, and with the work plans and

> "these two breaches occurred because WGII and the Corps improperly backfilled *two excavations*: each of which were approximately 20-22 feet in depth, one the result of the removal of a *buried lift station on the Saucier* [*sic*] *Marine site*, the other from the removal of *a concrete structure called the 'wedding cake' at the Boland Marine* [*sic*]."

MRGO PSLC's Opposition Brief at 1-2 (Doc. 16209) (emphasis added). This Court ultimately granted WGII's motion for summary judgment with respect to all phases of WGII's work at the EBIA pursuant to Task Order 26, and subsequently entered final judgment in favor of WGII. *See* Order and Reasons at 2-3 (Doc. 16723); Order dated April 13, 2009 (Doc. 18541).

The Fifth Circuit subsequently reversed this Court's entry of summary judgment, and this Court has now held that "the appellate court's ruling clearly forecloses the invocation of [the government contractor defense] by WGII." Order dated August 1, 2011 at 1 (Doc. 20346). The Fifth Circuit's ruling, however, addressed only the limited question of whether the Corps' specifications regarding the backfilling and compaction of soil at those two excavations satisfied the *Boyle* test. Indeed, the Court of Appeals expressly stated that "the requirement of reasonably precise specifications must be met by the specific feature at issue in the claim," and that "the specific features at issue" in Plaintiffs' appeal "are the *backfill material* used and the *method of compaction* employed by WGII" at the challenged sites. *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 461 (5th Cir. 2010) (emphasis added); *see also* Liaison Br. at 3 (this Court "failed to address the record evidence that presents a question of fact as to whether WGII's *evacuation and back filling of the Boland and Saucer sites* was performed negligently and in violation of the Louisiana state law negligence standards") (emphasis added).

---

(continued…)

specifications reviewed by the Corps during the Preparatory Phase Meetings." S.J. Mot. at 21.

1066278v.1

This Court, construing the Fifth Circuit's opinion in ruling on WGII's Motion Regarding Continued Availability of the Government Contractor Defense, observed that "[a]s to the specifications with respect to the *backfill requirements*, the appellate court concluded that the specifications were not reasonably precise because the Corps neither mandated the composition of the backfill material nor established precise procedures to test material for its suitability as backfill," and that the court reached a similar conclusion regarding the Corps' compaction specifications. Order, Aug. 1, 2011, at *3-4. "The Fifth Circuit *focused on those specifications* and found them to not meet that test; as such the court rejected this defense as a matter of law." *Id*. at 5 (emphasis added). Accordingly, this Court concluded, the Fifth Circuit found as a matter of law that "WGII is not entitled to [government contractor immunity] *in these regards*." *Id*. (emphasis added).

The Fifth Circuit's opinion is silent, however, on whether the government's specifications regarding WGII's work at the EBIA other than the excavations of the Sewer Lift Station and the Wedding Cake were sufficiently precise to satisfy the *Boyle* test. For example, the Fifth Circuit did not address whether the government's specifications regarding the design, excavation, and maintenance of the "borrow pit" located at the McDonough Marine site were specific enough to satisfy *Boyle*. *See* S.J. Mot. at 36-39. Nor did the Fifth Circuit consider the sufficiency of the Corps' specifications regarding the removal of a submerged fuel tanker car from the eastern edge of the canal. *Id*. at 30-31. And the appellate court's opinion makes no mention of whether the Corps' specifications regarding demolition and piling removal, soil remediation, or the excavation under Surekote Road at McDonough Marine met the *Boyle* standard. *Id*. at 22-23, 31-36, 39-41.

Because the Fifth Circuit did not focus on these particular specifications in its opinion, it could not (and did not) render an opinion regarding the sufficiency of those specifications under the *Boyle* test. As a result, it did not hold that WGII is not entitled to government contractor immunity *in those regards*. Accordingly, should this Court determine that Plaintiffs are not barred by the doctrines of *res judicata* and/or collateral estoppel from challenging the entirety of WGII's work at the EBIA, WGII respectfully submits that this Court should permit WGII to present evidence in support of the government contractor defense for all work it performed other than the excavations of the Sewer Lift Station and the Wedding Cake.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in its Opposition to Plaintiffs' motion to strike WGII's *res judicata* and/or collateral estoppel defense, that motion should be denied. WGII respectfully submits that should this Court grant Plaintiffs' motion, it must also permit WGII to invoke the government contractor defense with respect to all work it performed other than the excavations of the Sewer Lift Station and the Wedding Cake.

1066278v.1

Dated: August 10, 2011                                              Respectfully submitted,


                                                                    */s/Heather S. Lonian*
                                                                    William D. Treeby, Bar No. 12901
                                                                    James C. Gulotta, Jr., Bar No. 6590
                                                                    Heather S. Lonian, Bar No. 29956
                                                                    STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                                    546 Carondelet Street
                                                                    New Orleans, LA 70130
                                                                    Phone: 504-581-3200
                                                                    Fax: 504-581-3361

                                                                    Adrian Wager-Zito
                                                                    Debra S. Clayman
                                                                    Christopher R. Farrell
                                                                    JONES DAY
                                                                    51 Louisiana Avenue, N.W.
                                                                    Washington, D.C. 20001-2113
                                                                    Phone: 1-202-879-3939
                                                                    Fax: 1-202-626-1700

                                                                    *Attorneys for Defendant*
                                                                    *Washington Group International, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Sur-Reply in Opposition to Plaintiffs' Motion to Strike Defendant WGII's *Res Judicata* and Preclusion Defense has been served upon all counsel of record through the Court's CM/ECF electronic filing system or by placing same in the United States mail, postage prepaid and properly addressed, this 10th day of August, 2011.


                                                                    */s/Heather S. Lonian*

1066278v.1