UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES            § | CIVIL ACTION |
|            CONSOLIDATED LITIGATION          § | NO. 05-4182 "K" (2) |
| _____  § | |
|                                                                        § | JUDGE DUVAL |
| PERTAINS TO:  MRGO                                   § | MAG. J. WILKINSON |
|            *Armstrong,* No. 10-866                   § | |
| _____  § | |

**DEFENDANT UNITED STATES' MOTION FOR STAY AND
INCORPORATED MEMORANDUM IN SUPPORT**

Briefing in *Robinson v. United States,* No. 10-30249 (5th Cir.), closed on August 1.  For the following reasons, we respectfully move to stay the *Armstrong* and MRGO intervenors' (Livers, et al.) actions against the United States pending the Fifth Circuit's disposition of *Robinson.*  We ask that the Court rule on this motion by August 19, so that we can expeditiously seek relief from the Fifth Circuit in the event that this Court denies a stay.

-1-

1.  The threshold question in *Robinson* is whether the flood-damage claims are barred by the Flood Control Act of 1928, which provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C. § 702c. Our appellate briefs in *Robinson* urge that this statute bars all of the flood-damage claims arising out of Hurricane Katrina and does not depend on which LPV levee or floodwall failed to contain the storm's floodwaters or the asserted reason for the failure. If the Fifth Circuit agrees, there will be no further trials of flood-damage claims against the United States.

Similarly, a favorable Fifth Circuit ruling on our discretionary-function exception defense would likely obviate the need for further trials. In rejecting our contention that the discretionary-function exception bars the EBIA claims, this Court explicitly relied on its reasoning in *Robinson*. *See* Doc. 20164, at 15-16.

2.  The trial and pre-trial proceedings that have been scheduled in this case are extraordinarily expensive and will constitute an extreme waste of resources if the Fifth Circuit rules that § 702c or the discretionary-function exception bars the *Robinson* claims. The government spent millions of dollars

in *Robinson* and, as our letter of March 15, 2011 explained, proceedings on the EBIA claims are expected to cost $5 million. See Exh. 1 (Mar. 15 Letter) at 2.

As our March 15 letter also explained, the cost of trying the claims of six plaintiffs would far exceed any possible benefit. The United States is not subject to non-mutual offensive collateral estoppel and thus could relitigate any adverse findings in a future case brought by a different party. *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 322 (5th Cir. 1984) ("nonmutual offensive collateral estoppel cannot be used against the government") (citing *United States v. Mendoza*, 464 U.S. 154 (1984)).

3. In similar circumstances, the Fifth Circuit ordered a stay of proceedings in this Court pending its disposition of the interlocutory appeal by the insurance companies. The insurance companies initially sought a stay from this Court, urging that, "in the event the Court's decision with respect to coverage would be overturned, the Court's and the parties' time and resources spent on complex discovery, pretrial proceedings and, possibly, class certification issues involving many parties, may be wasted." Doc. 2597. This Court denied the stay, stating that it was "not persuaded by this argument." *Id.* The insurance companies then sought relief from the Fifth Circuit, which

granted a stay of district court proceedings pending appeal. *See Vanderbrook, et al. v. Hanover Ins. Co., et al.,* No. 07-30119 (5th Cir.) (2/28/2007 Order). The Fifth Circuit ultimately reversed the order that had denied the insurance companies' motion to dismiss the plaintiffs' claims. The Fifth Circuit held that "the flood exclusions in the plaintiffs' policies unambiguously preclude their recovery." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 196 (5th Cir. 2007). *Cf. Sher v. Lafayette Ins. Co.,* 988 So. 2d 186, 195 (La. 2008) ("Finally, even if the exclusion only referred to natural, rather than man-made, floods, the flood at issue was not caused by man. The flood was caused by Hurricane Katrina, not by man. The levees did not cause the flood, they, whether through faulty design, faulty construction, or some other reason, failed to prevent the flood.") (emphasis omitted).

In short, to prevent a needless expenditure of government and taxpayer resources, the United States respectfully requests a stay of proceedings against the United States until the return of the mandate in *Robinson*.

> Respectfully Submitted,
>
> TONY WEST
> Assistant Attorney General
>
> PHYLLIS J. PYLES
> Director, Torts Branch
>
>  s/ Robin Doyle Smith
> ROBIN DOYLE SMITH
> Senior Trial Counsel, Torts Branch
> Civil Division
> U.S. Department of Justice
> Benjamin Franklin Station,
> P.O. Box 888
> Washington, D.C.  20044
> (202) 616-4400/616-5200 (fax)
> robin.doyle.smith@usdoj.gov
> Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served upon all counsel of record by ECF on August 12, 2011.

/s  Robin D. Smith
ROBIN D. SMITH
