UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § | |
| MRGO, *Armstrong, et al.* (10-866) | § | |
| | § | |

**DEFENDANT UNITED STATES' RESPONSE
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, the United States hereby objects and responds to Plaintiffs' First Request for Production[1] as follows:

**GENERAL OBJECTIONS**

The following general objections are continuing in nature and apply to each Request for Production. Accordingly, they are hereby incorporated into each Response provided, as if fully set forth therein, unless expressly waived in a particular Response.

GENERAL OBJECTION NO. 1: The United States objects to the Requests (and any definitions or instructions they incorporate) insofar as they broaden the United States' obligations

---

[1] The Plaintiffs have served two "First Request for Production" of documents. This responds to the second of those requests.

beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any order of the Court.

GENERAL OBJECTION NO. 2: The United States objects to the Requests insofar as they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, immunity, law, or rule. Without waiving these objections or any privileges, the United States answers Plaintiffs' Requests to the extent that the information requested is not privileged; where appropriate, the United States will identify responsive yet privileged documents in a privilege log. Any disclosure of information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and should not be construed as a waiver.

GENERAL OBJECTION NO. 3: The United States objects to the Requests insofar as they are overbroad and unduly burdensome and seek information not reasonably calculated to lead to the discovery of admissible evidence.

GENERAL OBJECTION NO. 4: The United States objects to the Requests insofar as they are vague and ambiguous.

GENERAL OBJECTION NO. 5: The United States objects to the Requests insofar as they seek information more appropriately sought through other discovery devices.

GENERAL OBJECTION NO. 6: The United States objects to the Requests insofar as they seek information that is not within the custody, control, or possession of the United States.

GENERAL OBJECTION NO. 7: The United States objects to the Requests insofar as they seek information that is confidential and/or sensitive, including information from personnel files and information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.

GENERAL OBJECTION NO. 8: The United States has not completed its investigation of the facts relating to this action; nor has it interviewed all potential witnesses, completed discovery, or otherwise completed its preparations for trial.  Accordingly, the United States provides the Responses below without prejudice to its right to produce, at a later time, subsequently discovered evidence relating to presently known material facts as well as all evidence – whenever discovered – relating to subsequently discovered material facts.

GENERAL OBJECTION NO. 9: With the exception of facts explicitly admitted herein, no general admission of any nature is implied in the United States' Responses to these Requests.

**RESPONSES**

Without waiving the foregoing objections and reserving the right to re-assert them at or before trial, the United States hereby responds to each of Plaintiffs' Requests as follows:

REQUEST FOR PRODUCTION NO. 1:  All documents concerning any statement made at any time by any class representative in this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States further objects to this Request because "concerning any statement" is vague, and the Request is overbroad and unduly burdensome. The United States further objects to the term "class representative" as vague because this action has not been certified as a class action.

Notwithstanding and without waiving these objections, responsive documents contained within the Hurricane Katrina claims database have already been produced by the United States.  *See* Doc. Rec. No. 9627.  If any additional non-privileged and non-protected responsive

3

documents are located, they will be produced in accordance with the United States' Document Production Protocol (Doc. Rec. No. 5368) and ESI Production Protocol (Doc. Rec. No. 10121).

REQUEST FOR PRODUCTION NO. 2: All documents created, generated, or obtained before this action was filed that bear the name or other personal identifying information for any class representative to this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because "[a]ll documents created, generated, or obtained" is vague, and the Request is overbroad and unduly burdensome. The United States further objects to the term "class representative" as vague because this action has not been certified as a class action.

Notwithstanding and without waiving these objections, responsive documents contained within the Hurricane Katrina claims database have already been produced by the United States. *See* Doc. Rec. No. 9627. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 3: Every model, map, plat, drawing, motion picture, audio recording, video recording, photograph, or other such image pertaining to any fact or issue involved in this action, including all such documents and items identified in your response to Plaintiffs' First Interrogatories served together with these requests.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because "any fact or issue" is vague, and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.[2] *See* https://ipet.wes.army.mil. Moreover, all documents and items identified in the United States' response to Plaintiffs' First Interrogatories and other potentially responsive documents have already been produced to the United States' Document Repository, and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 4: All documents concerning any agreement you have entered with any other party to this action which (a) constitute a joint defense agreement, or (b) under which you may be required to indemnify the party or under which the party may be required to indemnify you.

---

[2] The United States directs Plaintiffs to reports of the IPET as sources containing information that may be responsive to Plaintiffs' requests. References to IPET reports by the United States in its discovery responses should not be interpreted as an endorsement or adoption of those reports by the United States or the United States Army Corps of Engineers.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States objects to this Request because it is not relevant, "concerning any agreement" is vague, and the Request is overbroad and unduly burdensome.

REQUEST FOR PRODUCTION NO. 5:  All documents supporting any contention that any person or entity other than you may be liable in whole or in part for the claims asserted against you in this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States further objects to this Request because "any contention" is vague, and the Request is overbroad and unduly burdensome.  Additionally, the United States objects to this Request for the reasons stated in response to Plaintiffs' Interrogatory No. 1.

REQUEST FOR PRODUCTION NO. 6:  All documents that alone or together serve to identify (a) every entity that worked on the EBIA Project at the same time as you or (b) every subcontractor or other entity that performed EBIA Project work on your behalf.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source

that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in response to Plaintiffs' Interrogatory No. 4. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 7: Every report, log, bill of lading, dray receipt, or other document reflecting (a) any or all materials transported into the EBIA during and in connection with the EBIA Project and (b) any or all materials transported out of the EBIA during and in connection with the EBIA Project.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because "any or all materials" is vague, and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in response to Plaintiffs' Interrogatory Nos. 5 and 6. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-

privileged or non-protected documents for electronic production.  If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 8:  All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its performance, or after completion of work: (a) any actual or perceived requirement that you or your contractors or subcontractors determine sheet pile depth at any point along the east side of the IHNC; (b) any attempt to determine or actual determination by you or your contractors or subcontractors of the sheet pile depth at any or every point along the east side of the IHNC; and (c) written communications between you and any contractor or subcontractor pertaining to the sheet pile depth at any or every point along the east side of the IHNC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States further objects to this Request because "perceived requirement" and "any attempt to determine" are vague, and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the exhibits filed in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. Rec. Nos. 19993, 20061, & 20107) and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  *See* https://ipet.wes.army.mil.  Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded

8

multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 9: All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its performance, or after completion of work: (a) any actual or perceived requirement that you or your contractors or subcontractors must or must not undertake a stability or other geotechnical analysis of or in relation to the existing floodwalls on the east side of the IHNC; (b) the advisability [sic] a stability or other geotechnical analysis of or in relation to the existing floodwalls on the east side of the IHNC, regardless of whether required or not; (c) the actual performance of a stability or other geotechnical analysis of or in relation to the existing floodwalls on the east side of the IHNC; and (d) retrospective communications between you and any contractor or subcontractor concerning the subject matters of subparts (a) through (c) of this request.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because "advisability" and "perceived requirement" are vague, and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the exhibits filed in support of its Motion to Dismiss, or in the Alternative, for Summary

Judgment (Doc. Rec. Nos. 19993, 20061, & 20107), and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.³ *See* https://ipet.wes.army.mil. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 10: All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its performance, or after completion of work: (a) specifications that authorized or forbid the use of on-site backfill material; (b) specifications or requirements as to the composition of on-site backfill material used during the project for any purpose: (c) the actual composition of on-site backfill material used during the project for any purpose, specifically including but not limited to documents concerning the composition of materials comprising the on-site "borrow pit;" (d) the specific source, including the location of the source, of all on-site backfill material used during the project for any purpose; (e) specifications and procedures for testing on-site backfill materials for suitability as backfill; and (f) the actual testing or failure to test on-site backfill materials for suitability as backfill.

---

³ The United States directs Plaintiffs to reports of the IPET as sources containing information that may be responsive to Plaintiffs' requests. References to IPET reports by the United States in its discovery responses should not be interpreted as an endorsement or adoption of those reports by the United States or the United States Army Corps of Engineers.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in its response to Plaintiffs' Interrogatory No. 11, to the exhibits filed in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. Rec. Nos. 19993, 20061, & 20107), and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  *See* https://ipet.wes.army.mil.  Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production.  If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 11: All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its performance, or after completion of work: (a) specifications that authorized or forbid the use of off-site backfill material; (b) specifications or requirements as to the composition of off-site backfill material used during the project for any purpose; (c) the actual composition of off-site backfill material used during the project for any purpose; (d) the specific source, including the location of the source, of all off-site backfill material used during the project for any purpose: (e) the acquisition and transport of all off-site backfill material used during the project for any

11

purpose; (f) specifications and procedures for testing off-site backfill materials for suitability as backfill; and (g) the actual testing or failure to test off-site backfill materials for suitability as backfill.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States further objects to this Request because the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in its response to Plaintiffs' Interrogatory No. 11, to the exhibits filed in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. Rec. Nos. 19993, 20061, & 20107), and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  *See* https://ipet.wes.army.mil.  Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production.  If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 12:  All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its performance, or after completion of work: (a) specifications that authorized or forbid compaction of backfill material; (b) specifications or requirements concerning proper or improper means or

methods of compacting backfill material; (c) the actual means or methods of compaction of backfill material; (d) specifications or procedures for assessing the effectiveness or ineffectiveness of backfill compaction; (e) the need for or possibility of using materials or methods different from those actually used; and (f) actual assessments of the effectiveness or ineffectiveness of backfill compaction at the site.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States further objects to this Request because "proper or improper means" is vague, and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in its response to Plaintiffs' Interrogatory No. 13, to the exhibits filed in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. Rec. Nos. 19993, 20061, & 20107), and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request. *See* https://ipet.wes.army.mil. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 13: All documents concerning the following subjects in connection with the EBIA Project, whether before its initiation, during its

performance, or after completion of work: (a) any actual or perceived requirement to analyze the potential or actual impact of the EBIA Project on the integrity of the levees and/or floodwalls along the east side of the IHNC; (b) the advisability of or the actual or perceived need to analyze the potential or actual impact of the EBIA Project on the integrity of the levees and/or floodwalls along the east side of the IHNC, regardless of any requirement to do so: (c) the actual performance of any analysis pertaining to the potential or actual impact of the EBIA Project on the integrity of the levees and/or floodwalls along the east side of the IHNC; and (d) retrospective communications you and any contractor or subcontractor and [sic] concerning the subject matters of subparts (a) through (c) of this request.

   RESPONSE TO REQUEST FOR PRODUCTION NO. 13:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States further objects to this Request because "perceived requirement", "perceived need", and "potential or actual impact" are vague, and the Request is overbroad and unduly burdensome.

   Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the exhibits filed in support of its Motion to Dismiss, or in the Alternatiave, for Summary Judgment (Doc. Rec. Nos. 19993, 20061, & 20107), and to the IPET website, which contains reports by the IPET and other documentation that may be relevant to this Request.  *See* https://ipet.wes.army.mil.  Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for

electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 14: Every survey of the area encompassing the EBIA taken at any time during the period 1920 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged and non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 15: All documents concerning any item or all items demolished or removed from the EBIA during and in connection with the EBIA project.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in response to Plaintiffs' Interrogatory No. 6. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 16: All documents concerning the location of any items or all items described in the preceding request.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16: The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). The United States objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in response to Plaintiffs' Interrogatory No. 6. Moreover, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production. If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 17: All documents not produced in response to any previous request which concern sub-surface trenching in connection with the EBIA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States objects to this Request because "concern sub-surface trenching" is vague and the Request is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production.  If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

REQUEST FOR PRODUCTION NO. 18:  All documents not produced in response to any previous request which concern the day-to-day assignments, goals, and progress on the EBIA Project, specifically including all daily subcontractor reports, quality assurance reports, and other routine daily logs or forms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:  The United States objects to this Request to the extent it seeks information and documents that are in the Plaintiffs' possession, custody, or control, or publicly available and/or obtainable from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The United States objects to this Request because it is overbroad and unduly burdensome.

Notwithstanding and without waiving these objections, the United States refers Plaintiffs to the documents cited in response to Plaintiffs' Interrogatories, specifically the seventy-five

boxes of documents related to the EBIA project.  These documents and other potentially responsive documents have already been produced to the United States' Document Repository and the Plaintiffs have been afforded multiple opportunities to review and select non-privileged or non-protected documents for electronic production.  If any additional non-privileged and non-protected responsive documents are located, they will be produced in accordance with the United States' Document Production Protocol and ESI Production Protocol.

Dated:  August 15, 2011                         Respectfully submitted,

TONY WEST
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

JAMES G. TOUHEY, JR.
Assistant Director, Torts Branch

 s/ James F. McConnon, Jr.
JAMES F. McCONNON, JR.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4400 / (202) 616-5200 (Fax)
Attorneys for the United States

**CERTIFICATE OF SERVICE**

  I, James F. McConnon, Jr., hereby certify that on August 15, 2011, I served a true copy of the United States' Response to Plaintiffs' First Request for Production upon all parties by ECF.

            <u> s/ James F. McConnon, Jr. </u>
              James F. McConnon, Jr.