# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| PERTAINS TO:       C. Abadie, 06-5164 | * | Judge Stanwood R. Duval, Jr. |
| | * | |
| This pleading applies only to the claim of Wendell Youngblood | * | MAGISTRATE (2) |
| regarding 11120 Idlewood Court, New Orleans, LA 70128 | * | Magistrate Joseph C. Wilkinson, Jr. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>CROSSCLAIM IN INTERPLEADER</u>

**NOW INTO COURT,** through the undersigned counsel, comes Lexington Insurance Company (hereinafter "Lexington"), who submits the following Crossclaim in Interpleader under 28 U.S.C.A. § 1335, 28 U.S.C.A. § 1397, and 28 U.S.C.A. § 2361.

1.

Crossclaim plaintiff is a surplus lines insurer, and is a Delaware corporation with its principal place of business in Boston, Massachusetts.

2.

This is a Hurricane Katrina claim.  The defendant in the underlying matter, Lexington Insurance Company and original plaintiff, Wendell Youngblood, have reached a settlement agreement

-1-

that disposes of the claim alleged in the original petition.  On information and belief, Zapata has entered into agreements with the State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority; has an active mortgage on the home; and is represented by counsel.

3.

Pursuant to Fed.R.Civ.P. 22, named defendants herein are:

1.  Estate of Wendell Youngblood, Insured;

2.  State of Louisiana, Division of Administration, Office of Community Development, Louisiana Recovery Authority (hereinafter "Road Home"), Administrators of the Road Home Program, a program for victims of Hurricanes Katrina and/or Rita, which, on information and belief, is an instrument of the Louisiana Division of Administration for the State of Louisiana;

3.  U.S. Bank c/o Firststar Home Mortgage; and

4.  The Law Office of Joseph M. Bruno, APLC, a Louisiana entity with its principal place of business in Louisiana.

4.

Two or more adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00 as more fully appears below.  This Court has jurisdiction of this cause and venue is proper in this district and division.

5.

Youngblood entered into a contract for homeowners insurance with Lexington Insurance Company to provide coverage against certain perils for the property located at 11120 Idlewood

Court, New Orleans, Louisiana, including ancillary structures.

6.

On or about August 29, 2005, Hurricane Katrina caused damage to Southeastern Louisiana and more specifically the property located at 11120 Idlewood Court, New Orleans, Louisiana.

7.

Upon notification of the effects of Hurricane Katrina on the subject property, Lexington opened a claims file and began the process of adjusting the loss to determine what damage, if any, was attributable to a peril that was covered under the Lexington Policy.

8.

During the adjustment of the loss, a series of inspections conducted by independent adjusters retained by Lexington determined that a certain amount of damage to the subject property was attributable to perils covered under the Lexington Policy.

9.

Youngblood's allegations were included in the *Abadie* suit which this court is familiar with.

10.

On information and belief, U.S. Bank c/o Firststar Home Mortgage Company held a mortgage on the subject property.  Lexington has not received notice that the mortgage held by U.S. Bank c/o Firststar Home Mortgage Company has been satisfied and thus, on information and belief, U.S. Bank c/o Firststar Home Mortgage Company remains an additional payee on the Settlement Checks as per the terms of the contact of insurance at issue.

11.

The Law Offices of Joseph M. Bruno, APLC, and more specifically Joseph M. Bruno, Esq.,is

the attorney of record for Youngblood and, on information and belief, has a contractual and statutory interest in proceeds from this suit.

12.

Youngblood has entered into an agreement with the State of Louisiana's Road Home program and on information and belief, the State of Louisiana is a stakeholder to the settlement proceeds.

13.

Lexington files this crossclaim interpleader action to ensure that it makes the correct payments to the proper persons/entities.   In light of the conflicting or potentially conflicting claims of the defendants with respect to the proceeds represented by the proceeds, Lexington is or may be subject to multiple liability and to a multiplicity of suits.

14.

As a result of the multiple and conflicting potential interests to the Proceeds contained in this action, Lexington is in doubt and cannot safely determine as among the interests to the Proceeds, without great hazard to itself, and Lexington does not know to which it should correctly pay the Proceeds.

15.

Unless the several defendants are restrained or enjoined from prosecuting suits against Lexington either directly or indirectly and from any effort to collect from Lexington any judgments rendered in any such suits, Lexington may be subjected to multiple or vexatious interests in the Proceeds, inconsistent judgments, and will be prejudiced, and subjected to numerous suits, the outcome of which will not be properly determinative of the manner in which the Proceeds should

be apportioned among the several defendants.  This matter therefore falls within the purview of 28 U.S.C.A. § 2361.

16.

Lexington is merely a disinterested stakeholder in this action inasmuch as it claims no interest in the Proceeds, and admits that the Proceeds are due and owing to someone.  Lexington is prepared to make payment of the Proceeds to whichever defendant or defendants this Honorable Court shall designate as the proper payee(s).  However, to facilitate the prompt tender of funds to the appropriate parties and pursuant to Fed. R. Civ. P. 67, Lexington desires to deposit the Proceeds into the Registry of this Honorable Court as more fully explained in the companion Motion for Leave to Deposit Funds into the Registry of the Court.

17.

Lexington requests leave of court and, by notice of this Crossclaim in Interpleader to the defendants, hereby notifies each party of Lexington's intention to deposit the aforementioned Proceeds into the Registry of this Honorable Court as more fully plead in the companion filing.

18.

Lexington desires to be released from and relieved of all liability and responsibility in connection with the Proceeds so deposited.

WHEREFORE, Lexington prays as follows:

1.   That Lexington be granted leave of court to deposit into the Registry of this Honorable Court the Proceeds represented by the Settlement Checks, totaling in excess of $500.00;

2.   That on Lexington's deposit of the Proceeds into the Registry of this Honorable Court, Lexington will be discharged from any liability in this action;

-5-

3.      That Lexington be released from and relieved of all liability and responsibility in connection
with the funds so deposited;

4.      That Defendants be cited and served in accordance with law and be impleaded and required
to assert their respective claims contradictorily against all other parties claiming adversely, and that
after all due proceedings are had herein, there be judgment distributing the funds so deposited as the
interest of the parties may appear, and decreeing that the funds so deposited are in full compliance
with the obligations of Lexington, and releasing Lexington from any liability with regard to the
Proceeds;

5.      That, pursuant to 28 U.S.C.A. § 2361, the Defendants be restrained or enjoined from
prosecuting suits against Lexington either directly or indirectly, and from any effort to collect
from Lexington any judgments rendered in any such suits;

6.      That Lexington be released from and relieved of any and all liability or responsibility for costs
herein, and that all costs of this proceeding be assessed against the Proceeds deposited into
the Registry of this Honorable Court; and

7.      That there be judgment in favor of Lexington granting all general and equitable relief.

Respectfully submitted;


 /s/ Robert I. Siegel
ROBERT I. SIEGEL (# 12063)
JOHN E.W. BAAY II (# 22928)
ERIC C. WALTON (# 29471)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:      (504) 561-0400
Facsimile:      (504) 561-1011

E-mail:      Rsiegel@glllaw.com
             Ewalton@glllaw.com
*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of

record via the Court's electronic filing system and/or by placing same in the U.S. Mail, postage

prepaid and properly addressed on this 17th day of August, 2011.

Joseph M. Bruno, Esq.
Melissa DeBarbieris, Esq.
**LAW OFFICE OF JOSEPH M. BRUNO, APLC**
855 Baronne Street
New Orleans, Louisiana 70113
**ATTORNEYS FOR PLAINTIFF,**
**WENDELL YOUNGBLOOD**


                    */s/ Robert I. Siegel*_____
                    ROBERT I. SIEGEL