UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES             CIVIL ACTION
CONSOLIDATED LITIGATION

                                                                                NO. 05-4182

PERTAINS TO: *Armstrong*, C.A. No. 10-866            SECTION "K"(2)

ORDER AND REASONS

       Before the Court is the United States' Motion to Dismiss (Doc. 20244) in which the United States seeks the dismissal of the claims of Alvin Livers, Fred Holmes, and Clifford Washington for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Having reviewed the pleadings, exhibits, and the relevant law, the Court finds no merit in the United States' motion.

**Background**

       *In re Katrina Canal Breaches Consolidated Litigation,* C.A. No. 05-4182, is the litigation outgrowth of the catastrophic failure of the levee system surrounding metropolitan New Orleans on August 29, 2005. The Court through this umbrella litigation has over the course of nearly six years attempted to bring to final resolution the myriad claims that came out of the tragedy wrought by Hurricane Katrina and its aftermath. Two exemplar cases have been identified in this umbrella litigation which suits arise out of the alleged negligence of the United States Army Corps of Engineers–*Robinson,* C.A. No. 06-2286 and *Armstrong,* C.A. No. 10–866.

       Protected by the absolute immunity for the failure of levies under § 702c of the Flood Control Act of 1928, 33 U.S.C. §702c, all claims against the United States based on the alleged engineering and construction failures of the levees that resulted in the collapse of the levee

system and destruction of more than eighty percent of the area have been dismissed by this Court.  Nonetheless, the Court has found that where the Corps took some action that was not tied to the levees–that is some action independent of the construction or design of the levee system itself– which action allegedly destroyed the integrity of the levee involved, the immunity provided by the Flood Control Act is inapplicable.  *See, e.g., In re Katrina Canal Breaches Consolidated Litigation,* 577 F. Supp.2d 802 (E.D.La. 2008) (Rec. Doc. 12946 issued May 2, 2008).  The two projects so identified concern the Mississippi River Gulf Outlet Project (MRGO) and the remediation of the East Bank Industrial Area ("EBIA") which occurred on the water side of the flood wall which bordered the Inner-Harbor Navigational Canal ("IHNC") and the Lower Ninth Ward.

*Robinson* focused on 5 individuals and one business entity who contended that the negligent design, construction, maintenance and operation of the MRGO, exclusively and  in and of itself, caused the catastrophic flooding which damaged their property.  That matter was brought to trial and judgment rendered on November 18, 2009.  It is now on appeal.  *In re Katrina Canal Breaches Consolidated Litigation*, 647 F. Supp.2d 644 (E.D.La. 2009) (Rec. Doc. 19415).  The sole causation focus of that trial was the MRGO and **its** effects on the relevant levees and floodwalls.

Prior to that case being tried, on June 13, 2008, counsel for the *Robinson* plaintiffs attempted to add a claim to be tried in *Robinson* concerning the alleged negligent  remediation of the EBIA.  The Corps filed a motion to dismiss those claims which motion was granted.  That decision flowed from the MRGO-specific nature of the *Robinson* complaint; the MRGO focused notice of claim filed therein pursuant to 28 U.S.C. § 2675 as required under the Federal Tort

Claim Act for those plaintiffs; and the fact that the amendment (which did not relate back) was attempted more than two years after the filing of *Robinson* and the Corps' denial plaintiffs' administrative claims. The specifics of the reasoning behind that decision are outlined in detail in *In re Katrina Canal Breaches Consol. Litigation,* 2008 WL 445570, *5-9 (E.D.La. September 29, 2008) and are incorporated by reference herein.

So remaining to be tried by the Court is the issue of the Corps' alleged failures with respect to the EBIA project. Those allegations had been lodged in the MRGO Master Consolidated Class Action Complaint filed on **March 15, 2007** which contained Paragraph 47 which alleges as to the EBIA area that:

> The negligence of the Corps consisted of the following non-exclusive particulars: (1) allowing the work to proceed; (2) failing to caution the Washington Group about the potential damage to the levee and/or flood wall system by its work; (3) failing to monitor and/or properly inspect the work of the Washington Group; (4) failing to adequately evaluate the potential damage to the levee and/or flood wall structure by the work of Washington Group; (5) failing to correct the damage caused by the actions of the Washington Group; (6) failing to discharge its duty to maintain the integrity of the levee and/or flood wall system of the IHNC/Industrial Canal; (7) and other acts of negligence or fault to be shown at trial of the cause.

Doc. 3415, MR-GO Master Consolidated Class Action Complaint at 25. Kenneth Paul Armstrong, Sr., Jeannine B. Armstrong, were named at St. Bernard Parish Sub-Class Representatives and and Ethel Mae Coats was named as the Lower Ninth Ward representative. *Id.* at 11.

Nearly two and a half years later, on October 16, 2009, the United States raised the issue of sufficient notice under § 2675(a) with respect to those three named representatives in the MR-

GO Amended Master Consolidated Class Action Complaint[1] (Ethel Mae Coates, Kenneth P. Armstrong and Jeannine B. Armstrong) in a Motion to Dismiss (Doc. 19323) filed. In *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 487431 (E.D.La. Feb. 2, 2010)[2], the Court denied the motion applying the dictates of the Fifth Circuit and its interpretation of § 2675 based on *Williams v. United States*, 693 F.2d 555 (5th Cir. 1982). That case holds specifically that no particular method of giving notice is required. In addition, the Court discussed the relevant statute's purpose as well as congressional intent; also discussed was the salient regulation, 28 C.F.R. § 14.2 and its effect on the jurisdictional grant to the federal courts under the Federal Tort Claim Act. Finally, the Court addressed the issue of prematurity, that is filing suit prior to a claim being made and the ability to dismiss that suit, allowing the claimant to refile that complaint under the correct circumstances. *Id*. at 6-11.

In applying those concepts, this Court found that the Corps had received sufficient notice of the claim to meet the requirements of § 2675 by virtue of:

> (1) albeit silent as to the EBIA claims, Form 95s filed by the three named representatives in June of 2006; (2) the Armstrongs' Amended Form 95 filed February 27, 2007 which simply added another legal basis for the claim but still did not include the EBIA claim; and (3) a MRGO Master Consolidated Class Action Complaint containing exact detail concerning the EBIA contentions. All of these were filed within the two year limitation on notification. So as to the EBIA claim, the Master Consolidated Class Action Complaint was the first indication that these three individuals were pursuing that claim. **As such, using the *Williams* rationale, that pleading indeed gave the United States specific notice of their claim for damages arising out of the EBIA to satisfy the jurisdictional requirements of §2675.** However, under *McNeil*, the filing of the

---

[1] The Amended MR-GO Master Consolidated Class Action Complaint was filed on February 28, 2008 and has no effect with respect to the EBIA claims as it was a housekeeping matter pulling a claim concerning the **west bank** failure of the IHNC floodwalls out of the LEVEE Master Consolidated Class Action Complaint into the MRGO allegations. See explanation at *6 of 2010 WL 487431.

[2] The Court incorporates those reasons here as if set out in full.

> 2007 suit would be premature especially since that suit did not confer jurisdiction over the EBIA claim as explained *supra*. Thus, the Court lacks jurisdiction over the EBIA claims as stated in the March 2007 complaint, because there was no prior specific notification as to these three plaintiffs. Furthermore, where a court lacks jurisdiction from a suit's inception, it is axiomatic that the amendment of that suit cannot cure that deficiency. *Reynolds v. United* States, 748 F.2d 291, 293 (5th Cir. 1984); *see, generally, McNeil*, *supra.* Thus, the Amended Complaint would be deficient as well.

*In re Katrina Canal Breaches Consolidated Litigation*, 2010 WL 487431, *12. [3] Thus, the Court dismissed the complaint without prejudice and ordered that plaintiffs would be allowed refile it.

At the time the 2010 decision was rendered, the Court specifically certified the issue for appeal noting that the decision with respect to § 2675 and the Court's application of *Williams* involved a controlling question of law. The United States declined the invitation to bring this issue to the appellate court and to insure that this litigation is not without jurisdiction.

On March 12, 2010, the plaintiffs refiled the Class Action complaint claims as ordered by the Court in the February 2, 2010 order; this suit has become referred to as *Armstrong*, C. A. No. 10-866. On August 4, 2010, the United States filed another Motion to Dismiss (Doc. 19993) opining, *inter alia*, the same arguments concerning the propriety of this Court's following the dictates of *Williams*, which is the law of the circuit in which this Court sits. Once again, the Court denied the motion, *In re Katrina Consolidated Canal Breaches*, 2011 WL 651946 (E.D.La Feb. 11, 2011). Those reasons, likewise, are incorporated herein in full.

Then, another wrinkle in this already shar pai-esque litigation occurred. This Court had previously dismissed WGI from the litigation based on government contractor immunity; however, the Fifth Circuit reversed and remanded those claims for trial. So, on March 17, 2011,

---

[3] The Court explains in great detail in that opinion at 12 through 13 the procedural history of this portion of the litigation and the failure of the United States to mention this "deficiency" for approximately two years into the litigation.

the Court held a status conference concerning the posture of the *Armstrong* matter with the reappearance of WGI, and determined to bifurcate *Armstrong* for trial to determine solely the liability of the Untied States and/or WGI for the breaches at the IHNC caused by the remediation. (Doc. 20200).  At that time, plaintiffs were given leave to identify at most three new exemplar plaintiffs.  On June 8, 2011, Alvin Livers, Clifford Washington and Fred Holmes filed a Complaint in Intervention to join in the instant case.

And thus, the United States filed this motion to dismiss, again raising its displeasure with the dictates of *Williams*, citing three circuit decisions, none of which are the law of this circuit and stating  that this Court "never mentioned them."  To begin, this Court is bound by the law of the Fifth Circuit, and it would be error for this Court to follow contrary law from another circuit.  In addition, the facts of the cases cited are in no way analogous to the *In re Katrina Canal Breaches Consolidated Litigation.*  The United States has been on notice concerning the collapse of the floodwalls since about 9:00 a.m. August 29, 2005, and it has been intimately aware that these claims are being pursued by the hundreds of thousands of individuals, businesses and families that lost lives, homes, property and their way of life.  Thus, the Court remains steadfast in its finding that the March 15, 2007 MRGO Master Consolidated Class Action Complaint gave the United States specific notice of the EBIA claims as to satisfy the jurisdictional requirements of § 2675.

It is obvious that the United States is only interested in "judicial economy" when it serves it purposes.  The issue  of sufficient notice could have been directly resolved by appeal more than two years ago.  Instead, after millions of dollars and untold hours of time have been spent in adjudicating this matter, the Corps obliquely attacks the Fifth Circuit approach rather than

raising the argument directly with the court that crafted that interpretation. This Court will not revisit its analysis. The Court will now address each plaintiff and the specific arguments raised as to Alvin Livers, Fred Holmes and Clifford Washington.

**Rule 12(b)(1) Standard and the Jurisdictional Provisions of the FTCA**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 161 citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Here, the inquiry once again turns to the sufficiency of notice under the FTCA.

**Sufficiency of Notice**

    **Form 95s**

Section 2675 of Title 28 of the United States Code, the jurisdictional grant for the Federal Torts Claim Act ("FTCA") provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government . . . unless the claimant shall have been finally denied by the agency in writing and sent by certified registered mail. The failure of an agency to make final disposition of a claim within six month after it is filed shall at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In that notice, all that is required is for the claimant to give the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim. *Adams v. United States*, 615 F.2d 285, 289(5th Cir. 1980) Furthermore, the FTCA has a two year statute of limitations which provides as follow:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless such action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which ti was presented.

28 U.S.C. 2401(b). There has been no denial of claims of the three individuals whose claims' viability is in question herein.

The Fifth Circuit recently reiterated its approach concerning sufficiency of notice in *Life Partners, Inc. v. United States*, ___ F.3d ___, 2011 WL 3572003 (5th Cir. August 16, 2011). In that case, Life Partners purchased a life insurance policy on a government employee at a discounted rate from that person with the intention of eventually receiving the proceeds thereon at the time of the employee's death. The decision to make this purchase was based on information received from the Small Business Administration ("SBA"), the employer of the person so insured, that the policy had not already been assigned. About four years later while attempting to convert the policy, Life Partners learned that indeed the policy had been previously assigned. It filed a claim under the FTCA; however, because sovereign immunity for negligent misrepresentation is not waived thereunder, the claim was denied. Life Partners filed a motion for reconsideration with the SBA contenting that the claim was not barred because it stemmed from its failure to keep appropriate records of the prior assignment. Life Partners filed suit and the district court granted the United States' motion to dismiss for lack of subject matter

jurisdiction finding that the actions fo SBA fit the exact definition of negligent misrepresentation.

On appeal, the Fifth Circuit first examined whether Life Partners properly exhausted its administrative remedies. The appellate court opined:

> An action cannot be brought against the United States for the negligent act of one of its employees "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). That requirement is a prerequisite to suit under the FTCA. *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 222–23 (5th Cir.1989). Its purpose is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Frantz v. United States,* 29 F.3d 222, 224 (5th Cir.1994) (internal quotation marks omitted).
>
> To fulfill that requirement, an FTCA claimant must provide the agency with "facts sufficient to allow his claim to be investigated." *Cook v. United States,* 978 F.2d 164, 166 (5th Cir.1992). **"This court has not required plaintiffs to specifically enumerate legal theories of recovery in their administrative claims."** *Frantz,* **29 F.3d at 224. As long as "the Government's investigation of [the] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim."** *Rise v. United States,* **630 F.2d 1068, 1071 (5th Cir.1980).** Based on that standard, we have held that a plaintiff adequately exhausted his administrative remedies because his claim for medical negligence should have revealed the possibility of an informed consent claim. *Frantz,* 29 F.3d at 224.

*Life Partners*, at * 2. The Court will now turn to the Form 95s filed by these plaintiffs.

**Alvin Livers**

Alvin Livers filed a Form 95for his property located at 4924 St. Claude. The description for the basis of his claims is:

> The hurricane protection levees and hurricane walls which were supposed to protect the New Orleans metropolitan area failed and were breached during the day of August 29, 2005. **The breaches and failure of the hurricane protection levees and walls were a result of Corps of Engineers' negligence in the design and construction of these levees and walls** and the Mississippi River Gulf Outlet. In addition, the Corps knew or reasonably should have known that the

9

>  **hurricane protection levees and walls were inadequate to protect the area from flooding from a fast moving category three hurricane and despite that knowledge, the Corps failed to disclose these inadequacies, to the material detriment of claimant**.

Doc. 20244, Exh. 1 (Livers' Administrative Claim). This wording is sufficient to put the Corps on notice with respect to the EBIA claim. This description includes allegation of negligence in "the design and construction of the **levees and walls**"–the focus is not solely on the effects of the MRGO. There is no requirement that the claim language contain all of the theories of the claimant for the failure of the levees.

The United States argues that the Livers' claim language noted above is "nearly identical" to the language found in the Coates and Armstrong Form 95s and discussed in the Court's February 2, 2010. Based on that proposition the United States contends that the Livers administrative claim "did not include sufficient facts to place the Corps on notice that these particular plaintiffs sought recover (sic) for the alleged defalcations that occurred at the EBIA:" The Coates/Armstrong language is as follows:

> Since the Mississippi River Gulf Outlet navigational/shipping structure was cut into the marshes of St. Bernard and Orleans Parishes, the Corps of Engineers has had a legal duty under Louisiana law to maintain, operate, design and/or construct the MRGO in a manner so as to prohibit the flooding of St. Bernard and Orleans Parishes. The Corps breached that duty by improperly designing, constructing, operating and/or maintaining the MRGO which flooded St. Bernard and Orleans parishes and my property.

*In re Katrina Canal Breaches Consolidated Lit.*, 2010 WL 487431 *6 (E.D.La. Feb. 2, 2010). To say the wording is nearly identical is disingenuous at best.

The United States is well aware that the basis for the Court's decision concerning Armstrong and Coates claims rested on the fact that in the context of the *Robinson* case and claims, everything that had been filed prior to the applicable cut-off and denial of those claims

concerned damages caused **solely** by the MRGO. The contours of the decision rendered in the *Robinson* matter on September 29, 2008 (Doc. 15515) and the February 2, 2010 decision (Doc. 19611) requiring the refiling of the Armstrong and Coates claims are in no way analogous to Livers' Form 95.  The language in those Form 95s were MRGO specific.  The trial preparation and understanding of what was to be tried in *Robinson* was always solely in the context of MRGO.

The Livers Form 95 is sufficient.  Clearly, the Corps is aware of the failures of its own system and the fact WGI's and the Corps's actions concerning the remediation of the EBIA could be considered to be causative of the failure to which the Livers claim is based.

**Gerald Washington**

Gerald Washington filed 3 claim forms for damage to three properties dated September 1, 2006, February 28, 2007 and August 13, 2007. (Doc. 20244-4, Exh. 3 p. 1 of 6)  The September form concerning the basis of the claim, is identical to Mr. Livers' form.  As such, he provided sufficient notice to the United States for the same reasons stated as to Mr. Livers.

**Fred Holmes**

The Form 95 of Mr. Holmes' dated February 25, 2007 states:

> The failure of the Levee system during Hurricane Katrina caused my home to be flooded with 12'-20' of water causing a total loss of my home and of my personal contents. The damaged property is 1205 Perrin Drive, Arabi, LA 70032 was our only home and our lives have been forever changed because of this We both lost our jobs that we had maintained for years because we could not find housing due to the shortages of homes and therefore we each lost approximately 10 years towards our retirement.

Likewise, the statement that he was harmed by the failure of the levee system and the inclusion of the location in the context of this litigation is likewise sufficient.

**Master Consolidated Class Action Complaint**

In addition, with the filing of the March 15, 2007 MRGO Master Consolidated Class Action Complaint, the United States was placed on notice concerning the EBIA claim more specifically. In the event Livers, Washington or Holmes' notice were found deficient as regards the basis of the claim, the refiling of the Class Action Complaint on March 12, 2010 *Armstrong,* C.A. No. 10-866 cured such deficiencies. However, the United States raises other arguments which the Court will now address.

**Holmes and a Sum Certain**

Because Mr. Holmes' administrative claim "lists claims for property damage ($250,000) and personal injury ($250,000) but does not apportion either of those amounts between the two claimants, the United States contends that his form is deficient and thus the Court does not have jurisdiction over this claim. Again, the United States in this motion relies on inapposite cases from two circuits other than the Fifth Circuit. In *Dalrymple v. United States,* 460 F.3d 1318, 1325 (11th Cir. 2006), the plaintiffs had failed to insert any sought amount on their respective forms which were filed on the last day of the two year prescriptive period. As such, the court found that it did not have jurisdiction. In *Keene Corp. v. United States,* 700 F.2d 836, 842 (2d Cir. 1983), an asbestos producing corporation sought indemnity from the United States for the costs of more than 14,000 personal injury and wrongful death actions brought against the corporation. It stated an aggregate amount with an open-ended request as roughly 45 suits per week were being filed. The court found that the failure to specify the amount of indemnity or contribution it demanded for each underlying lawsuit –each of which was a separate occurrence–resulted in the court not having jurisdiction over the matter.

In this instance, there is only one occurrence–the devastation of the Holmes' home. Furthermore, as stated by Judge Schwarz in *Eskine v. United States,* 1995 WL 295903 (E.D.La. Aug. 18, 1995):

> The purpose of § 2675 "sum certain" requirement is to facilitate settlement and to determine whether the claim exceeds $25,000 (in which case the decision to settle must be approved by the Attorney General). *Lunsford v. United States*, 570 F.2d 221, 226 and 226 n.90 (8th Cir. 1977). Identification of the total amount of a couple's collective damage is adequate for this purpose. . . .

*Eskine,* 1995 WL 495903 * 2. The Court concluded there with the following observations which has surprising applicability to the United States actions in this instance, albeit sixteen years later:

> The Court is unpersuaded by the government's attempt to impose artificial technicalities upon spouse claimants attempting to navigate the administrative claims process, particularly in light of the flexible approach mandated by the legislative history and recognized by the overwhelming majority of courts. While the court does not feel that the government's motion is so lacking in reasonable basis as to warrant sanctions at this time, the Court feels some concern regarding the government's total failure to address the extensive caselaw n conflict with its position, and would advise a more through and candid treatment of the issues in any future memoranda submitted to the Court.

*Id.*

**Clifford Washington**

As noted, since the Court finds that Clifford Washington's first Form 95 provides adequate notice, Mr. Washington has exhausted his administrative remedies. Furthermore, even if that were not enough, the fact that he was one of the plaintiffs included in the School Board complaint, *State of Louisiana and Orleans Parish School Board, et al. v. The United States of America*, C. A. 07-5023, filed on August 29, 2007, would constitute sufficient notice as it outlines the EBIA claim.

Because the United States has maintained that it is not subject to class actions, plaintiffs filed that complaint to insure that the statute of limitations would not run on their claims. The Court specifically allowed the complaint to be filed with an Exhibit A which contained the names of all the individuals as the Clerk's Office was not able to process a single complaint with thousands of names in the title; furthermore, it could not have handled an individual complaint to

be filed for each of the thousands, if not hundreds of thousands of individuals who were injured as a result of the total failure of the United States' levee system.

The United States makes the bold assertion that Cliffred Washington and Clifford Washington are two different people with no proof . Plaintiffs' counsel contends that it is a simple typing error. Not surprisingly, this Court has found no support for the proposition that a typographical error–"Cliff**re**d A. Washington" as opposed to Cliff**or**d A. Washington" in another lawsuit can eviscerate a properly filed Form 95 claim.

 Accordingly, based on the foregoing,

**IT IS ORDERED** that the United States' Motion to Dismiss (Doc. 20244) is **DENIED** .

New Orleans, Louisiana, this 22nd day of August, 2011.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**

15