UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES            CIVIL ACTION
CONSOLIDATED LITIGATION

                                                           NO. 05-4182

PERTAINS TO:                                        SECTION "K"(2)
     *Armstrong*, C.A. No. 10-866
     *Entergy*, C.A. No. 10-77

### ORDER AND REASONS

Before the Court is the Armstrong Plaintiffs' Motion to Strike Defendant WGI's Res Judicata and Preclusion Defense (Doc. 20327). Having lost in the Court of Appeals its defense of government contractor immunity with respect to the work performed at the East Bank Industrial Area on the water side of the floodwalls adjacent to the Lower Ninth Ward at the Industrial Canal, *In re Katrina Canal Breaches Litigation*, 620 F.3d 455 (5th Cir. 2010),[1] defendant Washington Group International, Inc. ("WGI") now claims that because plaintiffs allegedly failed to oppose, either in this Court or on appeal, WGI's motion for summary judgment with respect to **all work** performed at the EBIA other than the so-called "Wedding Cake" excavation located at the EBIA's Boland Marine site or the Sewer Lift Station excavation located at the EBIA's Saucer Marine site, that WGI is entitled to government contractor immunity in all other regards. As such, WGI maintains that plaintiffs are precluded from claiming damage from any other activity undertaken by WGI at the EBIA save for those two areas.

---

[1] For a complete discussion concerning the work of WGI at the EBIA, refer to this Fifth Circuit opinion as well as the Court's previous explanation of WGI's work found in *In re Katrina Canal Breaches Litigation,* 2008 WL 5234369 (E.D.La. Dec. 15, 2008).

To that end, WGI filed an Amended Affirmative Defenses and Answer (Doc. 20318) in which it now claims that the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion bar plaintiffs from proceeding with claims for damages arising out of any of WGI's alleged defalcations in completing TERC and Task Order 26 (the EBIA remediation) other than those concerning the Boland Wedding Cake structure and the Saucer Marine Sewer Lift Station. (Doc. 20318). Plaintiffs have filed the instant motion seeking this defense to be stricken as legally insufficient. The Court has reviewed the pleadings, memoranda, exhibits and the relevant law, and finds merit in plaintiffs' motion. As such, the Court will grant the plaintiffs' motion.

**Analysis**

The Court will not provide yet another prolonged discussion of the activity undertaken at the EBIA by WGI. There is no question that WGI was responsible for the total remediation of the multi-acre site under a complex umbrella contract known as the Total Environmental Restoration Contract ("TERC") and specifically Task Order 26 wherein the United States Army Corps of Engineers ("the Corps") approved a Statement of Work ("SOW") for Task Order 26. *In re Katrina*, 620 F.3d at 458-459. The Fifth Circuit (as well as this Court) outlined the review process required under the terms of the TERC and the various SOWs generated for the entirety of the process. The Fifth Circuit explained the process by which the EBIA remediation was undertaken in its entirety and then focused on the some of the specific actions taken with respect to the Wedding Cake Structure.

Nonetheless, the issue presented to this Court and the Fifth Circuit was whether WGI was entitled to government contractor immunity. This inquiry is a **legal** one. The question presented was whether the three-part test as delineated in *Boyle v. United Technologies Corp*, 487 U.S. 500 (1988) was met. Immunity is provided to the government contractor when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the Untied States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. The Fifth Circuit unequivocally found that WGI failed to prove the first factor of the *Boyle* test and was not entitled to government contractor immunity for its choice of back-fill material and in the compaction methods it used.

While it is true that the focus of the inquiry were two site specific activities, it is illogical to suggest that this Court or the Fifth Circuit would have to examine the specifications of each and every hole dug and refilled by WGI to make a determination of the applicability of government contractor immunity with respect to the TERC and Task Order 26. Indeed, the appellate court noted:

> Significantly, the evidence in the record shows that the sole consideration for the Corps in evaluating the backfill was the cost of the material. If that was the extent of its analysis, the Corps cannot be said to have approved reasonably precise specifications regarding the composition of the off-site back-fill material.
> Given that the Corps provided imprecise, and at times non-existent, specifications regarding the composition of the on-site and off-site backfill material, WGI is not entitled to claim GCI for its exercise of discretion in choosing the composition of that material.

*Id.* at 463. As to the issue of compaction, the Fifth Circuit stated:

> The question, however, is not whether the Corps approved of *any* decision regarding the compaction method. The relevant inquiry, instead is whether the Corps approved sufficiently *precise* specification, such that it is evident that the

3

> government was the primary agent of decision over the compaction method. "If the government approved imprecise or general guidelines, then discretion over important design choices would be left to the government contractor." *Trevino* 865 F.2s at 1481. **By providing only general instructions regarding the compaction method, the Corps ensured that WGI would have significant discretion over the method chosen. The exercise of that discretion by WGI is not protect by the GCI doctrine.**

*Id.* at 464-65 (emphasis added). The appellate court then concluded:

> To decide otherwise would lead to an absurdity: The government could provide general specifications, inform the court that it "precisely" chose to approve only general specifications, and thus render all subsequent, discretionary decisions of a government contractor protected under the GCI doctrine. Such an analysis could controvert the very purpose of the GCI defense. The government contractor defense in *Boyle*, "[s]tripped to its essentials," is fundamentally a claim that "[t]he Government made me do it." [footnote omitted]. To adhere to this basic principle, it is essential that the specifications approved by the government are reasonably precise. . . .
> The Corps did not "make" WGI use the exact backfill material that was utilized, nor did it "require" WGI select the compaction method that was employed. In the absence of reasonably precise Corps specifications, those decisions were madeby WGI. **Thus, WGI fails the first step of the *Boyle* test and is not entitled to GCI for its choice of backfill material and compaction method.**

*Id.* at 465. Furthermore, given the dictates of the Fifth Circuit and its explication of the *Boyle* tenets as applied here, this Court is bound by the law of the case as to backfill material and compaction with respect to the entire site. Moreover, causation is obviously still at issue; WGI will not be precluded from contending that it was not negligent in its actions at the remediation site.

In addition, res judicata or collateral estoppel are not applicable here. To reduce the confusion that resulted from the interchangeable use of these terms, courts have refined the nomenclature used in the preclusion doctrine: "res judicata" is now referred to as "claim preclusion" and "collateral estoppel" is now called "issue preclusion." *Tonka Corp. v. Rose Art*

*Ind., Inc.*, 836 F. Supp. 200 (D. N.J. 1993).  For claim preclusion to apply (1) the parties must be identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction ; (3)the prior actions was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  *Test Masters Educational Serv., Inc. v. Singh*, 428 F3d 559, 571 (5th Cir. 2005) citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).  Likewise issue preclusion requires that (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.  *Testmaster*, 224 F.3d at 572.  Thus, for either doctrine to apply, there must be a valid judgment.

There is no valid judgment as to government contractor immunity given to WGI.  The Fifth Circuit reversed this Court's determination in total.  As such, there is no judgment upon which  the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion would apply.  Furthermore, the "claim at issue" as to either preclusion doctrine was a legal one, and the applicability of government contractor immunity for WGI for its remediation of the EBIA was rejected soundly by the Fifth Circuit.  The issue decided was whether that immunity applied not causation.  Therefore no preclusion–either claim or issue–can flow as to causation.

As such, the Court finds that plaintiffs' motion must be granted.  However, in order to allow for a complete record to proceed to the Fifth Circuit, WGI may offer as a proffer all evidence that it deems relevant on this issue at the conclusion of the upcoming 2012 trial. Accordingly,

**IT IS ORDERED** that Armstrong Plaintiffs' Motion to Strike Defendant WGI's Res Judicata and Preclusion Defense (Doc. 20327) is **GRANTED** and Paragraph "R" of the Amended Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Amended MRGO Master Consolidated Class Action Complaint (Doc. 20318) is **STRICKEN.**

**IT IS FURTHER ORDERED** that WGI will be allowed to proffer whatever evidence it deems relevant on this issue at the conclusion of the trial.

New Orleans, Louisiana, this 29th day of August, 2011.

                              **STANWOOD R. DUVAL, JR.**
                      **UNITED STATES DISTRICT COURT JUDGE**