UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES     CIVIL ACTION
CONSOLIDATED LITIGATION

                                               NO. 05-4182

PERTAINS TO:                               SECTION "K"(2)
    *Armstrong*, C.A. No. 10-866

## ORDER AND REASONS

On August 12, 2011, the United States filed the instant Motion for Stay (Doc. 20373) seeking once again an order from this Court to delay this litigation. The thrust of the claims at issue is that the United States is responsible in whole or in part for the collapse of the floodwall at the Industrial Canal (which occurred six years ago to this day) as a result of the remediation work at the East Bank Industrial Canal. The United States previously requested this relief five months ago on March 15, 2011, at which time after a status conference that was held in open court and was transcribed, this Court wrote:

> This Court has repeatedly stated and continues in its belief that its primary duty in this litigation is to adjudicate the issues which arose from the collapse of the Lake Pontchartrain and Vicinity Hurricane Protection levees and floodwalls in the aftermath of Hurricane Katrina which occurred on August 29, 2005. It was for this reason the *In re Katrina Canal Breaches Consolidated Litigation* umbrella was created and for this reason that it continues to exist. The issues that remain pertain to the remediation work undertaken on the East Bank of the Industrial Canal ("EBIA") and whether that work was a substantial cause of the North and South Breaches of the floodwalls that ran adjacent to that area and resulted in the cataclysmic inundation of the Lower Ninth Ward.
>
> The Court has determined that in order to bring some resolution to the issues surrounding those breaches, it will take to trial the *Armstrong* complaint in a bifurcated fashion as allowed under Fed. R. Civ. Pro. 42(b) to determine the liability of the United States and/or the Washington Group International, Inc. ("WGI") for the North and South Breaches of the Industrial Canal or as it is also known, the Inner-Harbor Navigational Canal ("IHNC"). The Court does so because regardless of the outcome of the appeal in the *Robinson* matter which

>concerns the MRGO floodwaters and the liability of the United States Army Corps of Engineers for damage caused by those waters, the alleged liability of WGI and the United States for damages allegedly caused by the activity at the EBIA must be addressed.

(Doc. 20200).

The United States opines that this Court has misapplied the law with respect to § 702c of the Flood Control Act of 1928 which provides that "[n]o liability of any kind shall attach to or rest upon the United states for any damage from or by floods or flood waters at any place." 33 U.S.C. § 702c.  This Court has explained a number of times that based on its interpretation of *Central Green Co. v. United States,* 531 U.S. 425, 434 (2001), it rejects the near Gertrude Stein like approach to immunity that the Government seeks.  In essence, the United States contends that regardless of what action it undertakes, no matter how remote, no matter whether it has anything to do with the construction of a levee, if that action results in flooding, the United States is immune.  Such a reading of the Flood Control Act is untenable.

Furthermore, the United States' argument that a decision in *Robinson* could be decisive is likewise not entirely valid.  There are myriad issues in *Robinson* which are completely discrete from the issues here such as the discretionary function analysis as applied to the facts of that case, as well as NEPA.  To equate the issue of whether the failure to maintain a waterway so as not to destroy a levee, which was at the heart of the *Robinson* trial, with the alleged failure to properly supervise a contractor who was excavating, remediating and compacting soil immediately adjacent to a floodwall is illogical.

Moreover, thousands of peoples lives were forever changed as a result of the collapse of the IHNC floodwall.  The residents of the Lower Ninth Ward have already waited six years, and will have to wait until July of 2012 for trial to commence, because of the time it has taken for the

parties to be prepared for trial. To delay this trial in any further fashion is unfair and unjust to them. A stay could result in years of further delay and will increase the number of litigants who will die prior to the final adjudication of this litigation. Furthermore, by virtue of the liability of the Washington Group International, Inc. ("WGI") being at issue, it is inevitable that there must be a trial. To allow further delay would be shear folly.

In addition, while WGI has not weighed in on the issue, it is clear that judicial economy is not served by a stay. There is no reason to delay the trial of WGI and to sever that inquiry from that of the United States' is patently absurd. The actions of the United States will be squarely before the Court as it is clear that WGI's actions are inextricably linked to those of the United States with respect to the remediation project. The clarity of that statement is underscored by the Fifth Circuit's decision stripping WGI of government contractor immunity in *In re Katrina Canal Breaches Litigation*, 620 F.3d 455 (5th Cir. 2010).

As to the United States' position based on *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 322 (5th Cir. 1984) and *United States v. Mendoza*, 464 U.S. 154 (1984) that it is not subject to non-mutual offensive collateral estoppel and thus could relitigate any adverse finding in a future case brought by a different party, the Court will comment on this legal issue when it is directly before it. However, it cannot help but note that when it behooves the United States to stay a case, the United States cries about the cost of litigation. But when the United States faces the possibility of liability for thousands of claims all caused by the exact same failure of the exact same floodwall, the United States apparently does not mind the cost at all. Accordingly,

**IT IS ORDERED** that Motion for Stay (Doc. 20373) is **DENIED**.

New Orleans, Louisiana, this 29th day of August, 2011.

   _____
   **STANWOOD R. DUVAL, JR.**
   **UNITED STATES DISTRICT COURT JUDGE**