UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K"(2) |
| *Boutte v. Lafarge*          05-5531 | * | |
| *Mumford v. Ingram*      05-5724 | * | JUDGE |
| *Lagarde v. Lafarge*       06-5342 | * | STANWOOD R. DUVAL, JR. |
| *Perry v. Ingram*             06-6299 | * | |
| *Benoit v. Lafarge*          06-7516 | * | MAG. |
| *Parfait Family v. USA*   07-3500 | * | JOSEPH C. WILKINSON. JR. |
| *Lafarge v. USA*              07-5178 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club"), who submits the following Statement of Undisputed Material Facts pursuant to Fed. R. Civ. P. 56(c)(1) and shows that the following material facts cannot be genuinely disputed:

1. Plaintiffs brought the above titled litigation against Lafarge North America, Inc. ("Lafarge") contending that Lafarge's negligent handling of Ingram Barge ING 4727 (hereinafter referred to as the "ING 4727") was a substantial cause of the north and south breaches of the eastern flood walls along the Inner-Harbor Navigation Canal ("IHNC") resulting in the flooding of the Lower Ninth Ward of New Orleans, Louisiana during the passage of Hurricane Katrina over the city. See, Rec. Doc. 20149 at p. 1.

2. Plaintiffs allege that Lafarge's cumulative decisions and negligent conduct leading up to and through Hurricane Katrina resulted in the Barge causing both breaches. See, Rec. Doc. 20149 at p.1.

3. On February 6, 2006, Ethel Mumford, individually and on behalf of a class of persons with common claims, filed her Second Supplemental and Amended Complaint wherein she named the American Club as a party to the consolidated cases alleging "negligence of defendants in breeching the east side wall of the Industrial Canal with the barge under their supervision, management, control, and responsibility..." See, Rec. Doc. 43, Civil Action No. 05-4419.

4. On April 21, 2006, the American Club filed a declaratory judgment action against Lafarge in the United States District Court for the Southern District of New York entitled *American Steamship Owners Mutual Protection and Indemnity Association, Inc. versus Lafarge North America, Inc.*, bearing Civil Action No. 06-3123 before the Honorable Charles S. Haight, Jr. (the "New York Coverage Action"). In that action, the American Club sought a declaration as to whether Lafarge was afforded coverage by the American Club for claims brought against Lafarge for property damage and/or personal injury relating to the ING 4727 and arising from the Hurricane Katrina disaster.

5. Judge Haight found venue to be proper for the coverage dispute in the Southern District of New York on January 29, 2007. See, *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Lafarge North America, Inc.* 474 F.Supp.2d 474 (S.D.N.Y. 2007).

6. The United States Court of Appeals for the Second Circuit found that Judge Haight did not abuse his discretion in denying Lafarge's motion to transfer venue. See, *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102 (2nd Cir. 2010).

7. On September 18, 2008, Judge Haight determined that the American Club did not insure Ingram Barge ING 4727. See, *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Lafarge North America, Inc.*, 2008 AMC 2343, 2008 WL 4449353 (S.D.N.Y. 2008).

8. In its October 9, 2008 Order and Reasons, this Court noted Judge Haight's decision and stated:

> Thus, it is clear that this coverage matter has been and will be adjudicated in New York and in the Second Circuit Court of Appeals in a timely fashion. For reasons of comity and judicial economy, this Court will not undertake a second look at the precise same issues. Judge Haight determined that the first to file rule was not applicable to these disputes and as such, the Court will not take any action to create any potential conflict. Simply put, two federal courts should not be adjudicating the same issues. The consequences of such a

        situation could result in two different results that both of which might be binding if upheld by the respective circuits involved. Therefore, this Court will not be complicit in creating such a legal quagmire.

See, Rec. Doc. 15860.

9. The United States Court of Appeals for the Second Circuit affirmed Judge Haight's October 27, 2008 Judgment. See, *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102 (2nd Cir. 2010).

10. This Court conducted a 13-day bench trial concerning the negligence claims brought in two suits by four specific plaintiffs against Lafarge as stipulated by the parties. See, Rec. Doc. 20149, pp. 1-2.

11. After the trial of the negligence claims, this Court issued its Findings of Facts and Conclusions of Law on January 20, 2011 wherein it found:

        The horror and tragedy of the flooding that occurred in the Lower Ninth Ward is one that must not be taken lightly. The testimony of those caught in the maelstrom is heartbreaking and defies belief that such a catastrophe could occur. However, where as here there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward, the Court must so find. Accordingly, there is no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), IT IS ORDERED that judgment be entered in favor of [Lafarge]...

See, Rec. Doc. 20149, pp. 41-42.

12. The January 20, 2011 Judgment was initially appealed by Plaintiffs; however, the appeal was subsequently dismissed by them and this Court's decision holding that Ingram Barge ING 4727 did not cause the flooding of the Lower Ninth Ward is the law of the case.

Respectfully Submitted,

MONTGOMERY BARNETT, L.L.P.

    *A. Gordon Grant, Jr.*
A GORDON GRANT, JR. (#6221)(T.A.)
PHILIP S. BROOKS, JR. (#21501)
3300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   (504) 585-3200
Facsimile:   (504) 585-7688

AND

CLYDE & CO
John M. Woods, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone:   (212) 710-3900
Facsimile:   (212) 710-3950

*Attorneys for American Steamship Owners*
*Mutual Protection and Indemnity Association, Inc.*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 30th day of August, 2011, electronically filed a copy of the foregoing and with the Clerk of Court using the CM/ECF system, which then sent notification of such filing to counsel of record.

    *A. Gordon Grant, Jr.*