UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| PERTAINS TO: | * | |
| INSURANCE (Young, No. 07-2157) | * | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), to provide this Honorable Court with a Memorandum in Support of its Motion to Enforce Settlement Agreement.

**MAY IT PLEASE THE COURT:**

### I.   INTRODUCTION

Plaintiffs, Joseph Young, Jr. and Julia Young, brought the present action against State Farm on August 25, 2006. By Order of this Court dated March 27, 2007, Plaintiffs' action was severed, and they filed their Supplemental and Amended Complaint on April 20, 2007.[1]

Per a global settlement agreement reached on or about April 14, 2008, and signed on or about May 6, 2008, the parties agreed to fully settle the present case. Thereafter, on January 5, 2009, State Farm forwarded to plaintiffs, their settlement drafts, which was signed for and

---

[1]   (Doc. 1) Original Complaint, Supplemental and Amending Complaint, Court's Severance Order, *in globo.*

1

accepted on January 6, 2009.[2] However, on or about February 17, 2009, undersigned counsel for State Farm was notified that the plaintiffs had paid their mortgage in full, and it was further requested by plaintiffs that the settlement drafts be voided and reissued omitting the mortgage company as a payee (as it pertains to the settlement of the Coverage A drafts only). By letter dated March 2, 2009, and signed for by Hall's office on March 3, 2009, State Farm immediately complied with this request.[3] Further, on January 27, 2009, this Honorable Court signed an order of dismissal based upon the parties' settlement, reserving the right to reopen the case in order to enforce the settlement.[4]

State Farm's counsel (or office personnel) have contacted Plaintiffs counsel numerous times, whether by telephone or electronic mail, over the past thirty-six (36) plus months in an effort to secure the signed release document and Joint Motion and Order of Dismissal. However, State Farm has yet to receive either of the executed documents.

## II.  LAW AND ARGUMENT

Louisiana Civil Code art. 3071 provides, "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana courts have found a "settlement" to be the equivalent of a "compromise" under art. 3071. *Townsend v. Square*, 94-0758 (La. App. 4th Cir. 9/29/94), 643 So.2d 787, 788, n.1; *See Trask v. Lewis*, 258 So.2d 603, 605 (La. App. 1st

---

[2] Exhibit A, correspondence from Paralegal to Charles L. Chassaignac, IV (Regina L. Kudijaroff) to Wanda Capdeville of Jims S. Hall & Associates, enclosing settlement package (settlement drafts, Release, and Joint Motion and Order of Dismissal), *in globo*.
[3] Exhibit B, correspondence from Paralegal for Charles L. Chassaignac, IV (Regina Kudijaroff) to Wanda Capdeville of Jim S. Hall & Associates, enclosing reissued settlement drafts, *in globo*.
[4] (Doc. 3)

2

Cir. 1/31/72). A compromise is valid only if there is a meeting of the minds between the parties as to their intentions when resolving a matter. *Mayeaux v. Denny's Inc.*, 95-453 (La. App. 5th Cir. 10/18/95), 663 So.2d 822, 824.

Both Plaintiffs and Defendant freely and clearly acquiesced to the terms of the settlement agreement. As evidenced in the correspondence referenced *supra*, the agreement is unambiguous, made by mutual consent, and reduced to writing, and thus constitutes a valid and enforceable settlement. *Id.* at 825; La. Civ. Code art. 3072. The agreement is as simple as this: Plaintiffs would receive a draft or drafts from State Farm in exchange for executing and returning the provided release document and Joint Motion and Order of Dismissal. Plaintiffs received the subject funds over forty (4) months ago, yet have failed to return the executed documents to State Farm.

Plaintiffs have failed to return the executed documents to State Farm within a reasonable time. Counsel for State Farm has contacted Plaintiffs' counsel over the phone and by electronic mail repeatedly during the past twenty-four plus months in hopes of securing these documents, but to no avail. As such, State Farm has been forced to bring its Motion to Enforce Settlement Agreement and should, consequently, be reimbursed reasonable costs and fees associated with the Motion.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs have failed to fulfill their settlement obligation to execute and return the release document and Joint Motion and Order of Dismissal to State Farm. In light of Plaintiffs' receipt of settlement funds over forty (40) months ago and Defendant's

3

CLC 895.0426

continual requests for the executed documents, State Farm now moves this Honorable Court to issue an order compelling Plaintiffs to execute and return the provided release document and Joint Motion and Order of Dismissal to State Farm within an expeditious timeframe. State Farm also prays Plaintiffs be assessed Defendant's costs and fees in connection with bringing this Motion.

Respectfully submitted,

/s/ Charles L. Chassaignac, IV
**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA 70801
Telephone: (225) 383-8900
Facsimile: (225) 383-7900
Email: cchassaignac@phjlaw.com
**Attorney for State Farm Fire and Casualty Company**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of September, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

/s/ Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV

4

CLC 895.0426