UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: LEVEE/MRGO<br><br>*KMART CORPORATION* (11- 02062) | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

### MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**MAY IT PLEASE THE COURT:**

#### Introduction

Plaintiffs Kmart Corporation and Sears, Roebuck and Co. have belatedly filed suit against numerous defendants, including the Board of Commissioners of the Port of New Orleans (hereinafter the "Dock Board"), for alleged negligence and strict liability to recover damages for the flooding associated with Hurricane Katrina. As will be explained more fully below, however, Plaintiffs' claims against the Dock Board necessarily fail as a matter of law because Plaintiffs can prove no set of facts showing that the Dock Board was responsible and liable for the design, construction, maintenance, or failure of the levees and floodwalls at issue.

In this regard, this Honorable Court and the U.S. Fifth Circuit have previously held in the Hurricane Katrina Litigation Umbrella (In Re Katrina Breaches Consolidated Litigation, E.D.La. Nos. 05-4182 and consolidated cases), as a matter of law, that the Dock Board has no duties or responsibilities whatsoever with respect to levees,

floodwalls, or flood control— and, therefore, could not be deemed to have had the requisite garde over the allegedly defective levees and floodwalls at issue necessary to be held liable for the flooding associated with Hurricane Katrina— because those duties have been exclusively delegated to another state agency. See In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Levee Master Class Action), 2007 WL 3003001 (E.D.La. 10/12/2007)(J. Duval)(Doc. 8389)(attached as Exhibit A), aff'd, In Re: Katrina Canal Breaches Litigation, No. 08-30234, 309 Fed.Appx. 836 (5th Cir. 03/04/2009)(Doc. 18125)(attached as Exhibit B); In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5116, 06-5127, 06-7682, 06-5118, 06-5128, 06-5131, 06-5132, 06-5134, 06-5137, 06-5140, 06-5142), 2007 WL 3353296 (E.D.La. 11/07/2007)(J. Duval)(Doc. 8913)(attached as Exhibit C); In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 07-4775, 07-5184, 07-5186, 07-5187), 2008 WL 4875680 (E.D.La. 10/28/2008)(J. Duval)(Doc. 16192)(attached as Exhibit D); and In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5131, 06-5132, 06-5134, 06-5137, 06-5140), 2008 WL 4899449 (E.D.La. 11/12/2008)(J. Duval)(Doc. 16352)(attached as Exhibit E). In these decisions, the same or similar claims of alleged fault or neglect on the part of the Dock Board have been dismissed, with prejudice, because the Dock Board, as a matter of law, has no duties or responsibilities with respect to flood control or for the design, construction, and maintenance of any levees and floodwalls. Accordingly, because Plaintiffs' claims against the Dock Board necessarily fail as a matter of law, it is respectfully requested that this Honorable Court

grant the Dock Board's Rule 12(b)(6) Motion and dismiss the Plaintiffs' claims against the Dock Board, with prejudice, each party to bear its own costs.

1. **Plaintiffs' Complaint, in seeking to hold the Dock Board liable for the alleged vices and defects of the levees and floodwalls along the Inner Harbor Navigation Canal, fails to state a claim against the Dock Board upon which relief could be granted because the Dock Board, as a matter of law, cannot be deemed to have had the requisite custody or garde over the levees and floodgates at issue, which is necessary for liability.**

    A. **Standard of review under Rule 12(b)(6) and Plaintiffs' Claims.**

    In ruling upon a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008). As further explained by the U.S. Fifth Circuit:

    > To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. At 1965 (quotation marks, citations, and footnote omitted).

    In re Katrina Canal Breaches Litigation, 495 F.3d at 205. In addition, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Finally, in deciding a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp., 550 U.S. at 555, 127 S.Ct. at 1965 (citation and quotation marks omitted).

    Plaintiffs Kmart Corporation and Sears, Roebuck and Co. have belatedly filed this action against defendant, the Board of Commissioners of the Port of New Orleans

(the "Dock Board",) nearly six years after Hurricane Katrina struck New Orleans. The Dock Board is one of many defendants named in the Plaintiffs' Complaint, wherein Plaintiffs seek to recover damages as a result of flooding caused by the alleged failures of various levee and floodwall protection systems in or around Orleans Parish during Hurricane Katrina. The particular flood control systems at issue include those levees and floodwalls associated with the 17th Street Canal, the London Avenue Canal, the Orleans Avenue Canal, and the Inner Harbor Navigation Canal ("IHNC"). Plaintiffs, however, allege fault on the part of the Dock Board only with respect to the alleged levee and/or floodwall failures along the IHNC. In particular, Plaintiffs make the following conclusory allegations against the Dock Board:

91.

On information and belief, [The Dock Board] has the full and exclusive right, jurisdiction, power and authority to govern the Port of New Orleans and is responsible for the maintenance of it [sic] wharves, terminals, marshaling yards, cranes, and all transportation and infrastructure affecting the regulation of commerce. The Industrial Canal is connected to the Port of New Orleans and is within the jurisdiction and control of [the Dock Board].

92.

On information and belief, [the Dock Board] never tested whether the design, construction, and/or maintenance of the structures of the Industrial Canal were adequate, proper, and compliant with the requisite standards. [The Dock Board's] failure to ensure the adequacy of the design, composition, construction, and maintenance of the Industrial Canal's levees and floodwalls contributed to the breach of the Industrial Canal on the west side.

\* \* \*

184.

On information and belief, the Corps, [the Dock Board], CSX and PBR had a legal responsibility and duty to Plaintiffs to cause, allow, and/or

conduct the design and construction of the levees and flood walls of the Industrial Canal in a manner that would not compromise the safety of the canal's levee/flood wall system. As discussed supra, the Corps, [the Dock Board], CSX, and PBR knew or should have known of the deficiencies in the design, construction, and maintenance of the Industrial Canal.

185.

On information and belief, as a result of the negligence of the Corps, [the Dock Board], CSX, and PBR in the design, construction, and maintenance of the Industrial Canal, the Industrial Canal breached on the west side.

186.

On information, as a direct and proximate result of the negligence of the Corps, [the Dock Board], CSX, and PBR in the design, construction, and maintenance of the Industrial Canal, Plaintiffs suffered extensive damage, including, but not limited to, loss of property (both immovable and movable), loss of rental value and business earnings, attorneys' fees, and other special damages to be proven at trial.

\* \* \*

193.

On information and belief, the Corps and [the Dock Board] had, at all relevant times, the care, custody and control, and thus the *garde* of the Industrial Canal and the levees/floodwalls adjacent thereto. As such those Defendants are strictly liable to Plaintiffs for their damages resulting from the vices and/or defects within the Industrial Canal and its levees/floodwalls, in accordance with Louisiana Civil Code article 2317, *et seq*.

\* \* \*

197.

… As the proprietor of the Industrial Canal, the Corps and [the Dock Board] had a duty, pursuant to Louisiana Civil Code article 667, to refrain from creating a nuisance with respect to this canal. … Because of Defendants' negligence, however, Plaintiffs have been deprived from the use and enjoyment of his property. Thus, Defendants have created a nuisance by ignoring the hazardous conditions in the hurricane protection system.

198.

>On information and belief, Defendants have violated the federal common law doctrine of nuisance. The negligent and/or reckless actions of Defendants in creating and ignoring the hazardous conditions in the hurricane protection system have caused unique and significant harm to Plaintiffs as discussed *supra* and have deprived Plaintiffs from the use and enjoyment of their property. Thus, Defendants are liable for Plaintiffs' damages, including, but not limited to, loss of property (both immovable and movable), loss of rental value and business earnings, attorneys' fees, and other special damages to be proven at trial.

Complaint for Damages at ¶¶ 91, 92, 184, 185, 186, 193, 197 & 198 (Doc. 1 in E.D.La. No. 11-02062).

As will be explained more fully below, the allegations of fact contained in the Complaint are insufficient to state a cause of action against the Dock Board, whether sounding in negligence or in strict liability, since, notwithstanding the Plaintiffs' conclusory allegations to the contrary, the Dock Board, as a matter of law, cannot be deemed the custodian or guardian of the allegedly defective levees or floodwalls at issue, and, therefore, cannot be held liable to the Plaintiffs herein. Accordingly, because the Complaint fails to state a claim against the Dock Board upon which relief can be granted, it is respectfully requested that this Honorable Court grant the Dock Board's motion and dismiss the Plaintiffs' claims against the Dock Board, with prejudice.

**B.   Under Louisiana law, the person who has custody or garde over a defective thing is the one who has the legal duty to prevent the defective thing from harming another.**

Plaintiffs' claims against the Dock Board in the Complaint are based upon the alleged vices or defects in the levees or floodwalls along the Inner Harbor Navigation Canal ("IHNC"). In order to recover against the Dock Board, however, for these allegedly defective things, Plaintiffs must prove that the Dock Board had custody or

garde thereof.  See Smith v. State Department of Public Safety, 620 So.2d 1172, 1182 (La.App.1Cir. 1992); Jacobs v. Spinnakers, 474 So.2d 1019, 1021 (La.App.5Cir. 1985), writ denied, 478 So.2d 149 (La. 1985).

Under Louisiana law, "the person who has the garde of a thing is he who has the legal duty to prevent its vice or defect from harming another." King v. Louviere, 543 So.2d 1327, 1328 (La. 1989).  In this context, custody or garde means the right of supervision, direction, and control over the allegedly defective levees and floodwalls.  See King, 543 So.2d at 1329 ("The things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them."); Tyler v. Our Lady of the Lake Hospital, Inc., 696 So.2d 681, 685 (La.App.1Cir. 1997)("Custody ... refers to a person's supervision and control (garde) over a thing posing an unreasonable risk of harm.").  Absent facts to establish that the Dock Board had supervision and control over the levees or floodwalls at issue, there can be no liability, as a matter of law, for their alleged vices and/or defects.  See Giorgio v. Alliance Operating Corp., 921 So.2d 58, 73 (La. 2006)("Essential to a finding of liability under article 2317 is a finding of the defendant's relationship of custody to the defective thing.").

C. **Plaintiffs' Complaint, despite its conclusory allegations to the contrary, fails to allege facts sufficient to establish that the Dock Board has custody or garde over the allegedly defective things.**

In their Complaint, Plaintiffs allege that "the Corps and [the Dock Board] had, at all relevant times, the care, custody and control, and thus the *garde* of the Industrial Canal and the levees/floodwalls adjacent thereto."  Complaint for Damages at ¶193 (Doc. 1 in 11-02062). Although Plaintiffs make a conclusory allegation that the Dock

Board had garde over the allegedly defective levees and floodwalls, the Complaint contains no allegations of fact which, if true, would lead to that conclusion. It is precisely this type of conclusory allegation that a court must disregard when ruling upon a Rule 12(b)(6) motion to dismiss. As further explained by the U.S. Supreme Court:

> Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. The petitioners' allegation that, by reason of the funding disparities relating to the Sixteenth Section lands, they have been deprived of a minimally adequate education is just such an allegation. The petitioners do not allege that schoolchildren in the Chickasaw Counties are not taught to read or write; they do not allege that they receive no instruction on even the education basics; they allege no actual facts in support of their assertion that they have been deprived of a minimally adequate education. As we see it, we are not bound to credit and may disregard the allegation that the petitioners have been denied a minimally adequate education.

Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). Simply put, the Plaintiffs' use of the word 'garde' in its Complaint "is not a talisman that can change the allegations into colorable claims," Keating v. Shell Chemical Co., 610 F.2d 328, 332 (5th Cir. 1980), without also alleging facts which, if true, would establish the Dock Board's garde.

In any event, Plaintiffs can allege no facts sufficient to prove the Dock Board's alleged garde over the levees or floodwalls at issue because the Dock Board's rights and powers are necessarily limited to those delegated by statute, and those do not include any right or power with respect to the construction, maintenance, etc. of flood control systems. See La. R.S. 34:1, et seq. Rather, by statute, the sole and exclusive right and power to supervise, direct, and control levee and floodwall construction, maintenance, etc. is established in the Orleans Levee District by virtue of Title 38 of the Louisiana Revised Statutes.

D.   **As a matter of law, the Dock Board cannot be deemed the custodian or guardian of the allegedly defective levees or floodwalls at issue because the Legislature has delegated the duty of flood protection, and the power to direct and control levee construction and maintenance, to another state agency.**

Historically, the duty to protect citizens of the State of Louisiana from damage by flood is inherently included as part of the State's police powers. See Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 289 (La. 1986). The Louisiana Legislature, however, "may delegate, either expressly or implicitly, the exercise of the police power to subordinate boards, commissions or political corporations." Board of Commissioners of Orleans Levee District, 496 So.2d at 289. The various levee districts created by the Louisiana Constitution and carried over into Title 38 of the Louisiana Revised Statutes are "creature[s] or agenc[ies] of the state brought into existence for the purpose of discharging the state's duties of flood protection." Board of Commissioners of Orleans Levee District, 496 So.2d at 288; La. R.S. 38:281, et seq. As further explained by the Louisiana Supreme Court:

> The Levee Boards of the State are created by the Legislature under authority of the Constitution. Their jurisdiction, their rights and powers are generally well defined by the statutes creating them. Primarily, it may be said, they have the duty and responsibility of providing, by the best methods, for the thorough protection of their respective districts from overflow, and to this end they are given the control and maintenance, the construction and repair of all levees in their district.

Board of Levee Com'rs of Orleans Levee Dist. v. Kelly, 73 So.2d 299, 301 (La. 1954).

As defined by La. R.S. 38:281(6), a "levee district" is "a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits."

- 9 -

Pursuant to La. R.S. 38:325 (A)(1)(2), the levee districts of Louisiana are mandated to engage in any activities related directly to flood protection and the construction and maintenance of levees. More specifically, for purposes of this action, the rights and powers necessary for flood control within Orleans Parish have been specifically and exclusively delegated to the Orleans Levee District:

> [The Orleans Levee District] shall have full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls ... and other works in relation to such projects ... along, over, and on the shores, bottom, and bed of Lake Pontchartrain in the Parish of Orleans ... and along and on the shores adjacent to the lake and along the canals connected therewith.

La. R.S. 38:307(A)(1).

### E. The Dock Board is empowered to regulate the commerce and traffic of the Port of New Orleans, administer the public wharves and landings, and construct new wharves when necessary; however, the Dock Board has no duties or powers with respect to flood control or for levee maintenance and construction.

Similarly, the Louisiana Supreme Court has recognized that the powers granted to the Dock Board are derived from the Louisiana Legislature and the Louisiana Constitution:

> The [Dock] Board is a state agency carrying on a public business— the operation of the Port of New Orleans. It is given the complete power to operate and regulate the port, wharves, landings, buildings, to expropriate, to legislate, to maintain a police force. R.S. 34:21-44. Its powers are derived from the legislature and the Constitution.

Board of Commissioners of the Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., 273 So.2d 19, 20 (La. 1973). Historically, those powers granted to the Dock Board have been described as follows:

> The dock board has the power to regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in their judgment, be best for its maintenance and development. They have the power, and

> it is their duty, to take charge of and administer the public wharves and landings of the port of New Orleans, to construct new wharves where necessary, and to erect sheds on the wharves to protect merchandise in transit, to place and keep the wharves and landings in good condition, maintain sufficient depth of water, and to provide for lighting and policing such wharves, sheds, and landings, etc.

Warriner v. Board of Com'rs of Port of New Orleans, 62 So. 157, 159 (La. 1913).

Today, the Dock Board's powers are found primarily in Title 34 of the Louisiana Revised Statutes. See, La. R.S. §§ 34:1-4, 21-30, 41-47. For example, La. R.S. § 34:21 provides the following:

> § 21.  Rights and powers of Board in general
>
> A. (1) The board of commissioners shall regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for the maintenance and development thereof.
>
> (2) However, such regulation of such commerce and traffic including international commerce in the parish of St. Bernard shall be governed by the provisions of R.S. 34:1701 et seq.
>
> B. It shall be the duty of the board:
>
> (1) To have charge of, and administer the public wharves, docks, sheds, and landings of the port of New Orleans which are owned and operated, or which may be purchased, acquired, or operated by the board.
>
> (2) To construct new wharves and other structures when necessary.
>
> (3) To erect sheds and other structures on such wharves or landings.
>
> (4) To place and keep these wharves and landings, sheds and other structures in good condition.
>
> (5) To maintain proper depths of water at all such wharves and landings.

> (6) To provide mechanical facilities for the use of such wharves, landings, sheds, and other structures.
>
> (7) To provide light, water, police protection, and any other services for such wharves, landings, and sheds, as it may deem advisable.
>
> (8) To finance, erect, and operate all basins, locks, canals, and warehouse elevators.
>
> (9) To charge for the use of all facilities administered by it, and for all services rendered by it, such fees, rates, tariffs, or other charges as it may establish.

La. R.S. § 34:21.

Notably absent, however, from any list or description of the Dock Board's duties and powers is responsibility for flood control or responsibility for the construction, maintenance, or repair of flood control devices such as levees and floodwalls. The Dock Board cannot have those duties because, as explained above, the Louisiana Legislature has exclusively delegated the state's basic responsibility for those functions to other state agencies, namely, the various Levee Districts. See, e.g., La. R.S. § 38:307; see also Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d at 288 ("Under well settled principles, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection."). Since the Dock Board, by law, has absolutely no authority, direction or control over any levees or floodwalls, and no duties or responsibilities with respect to such things, it cannot, as a matter of law, be deemed the custodian or guardian of those levees or floodwalls along the IHNC. Accordingly, the Dock Board cannot be held liable to Plaintiffs, under either a theory of negligence or strict liability, for the alleged vices or defects of those flood control devices.

**F.** **In the Hurricane Katrina Litigation Umbrella, this Honorable Court, after finding that the state's duties and responsibilities with respect to flood control and for the construction and maintenance of levees and other flood control devices had been vested exclusively in another state agency, and not with the Dock Board, held that the Levee Plaintiffs' claims against the Dock Board were wholly without merit and dismissed those claims against the Dock Board with prejudice.  This decision was affirmed by the U.S. Fifth Circuit.**

This action, filed approximately six years after the landfall of Hurricane Katrina, is time barred on its face under Louisiana law.  See La. C.C. Art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").  Plaintiffs, however, aver in their Complaint, that "this matter is timely with respect to all Defendants and is within the applicable statute of limitations as there is a related class action proceeding pending in this Court in the matter captioned *In re Katrina Canal Breaches Litigation,* No. 05-4182(K)(2)."  Complaint for Damages at ¶14 (Doc. 1 in E.D.La. No. 11-02062).  The class action Plaintiffs apparently refer to is the Levee Master Class Action in the Hurricane Katrina Litigation Umbrella.

In the Levee Master Class Action, this Honorable Court dismissed the claims of the entire Levee Plaintiffs' class against the Dock Board, as a matter of law, for failure to state a claim upon which relief could be granted.  Before, however, finding that the Levee Plaintiffs' claims against the Dock Board wholly lacked merit, and failed as a matter of law, this Honorable Court characterized the Levee Plaintiffs' claims in the following manner:

> Plaintiffs allege fault on the part of the Dock Board with respect to the alleged levee and/or flood gate failures along the Inner Harbor Navigation Canal ("IHNC").  They claim that the IHNC levees and/or flood gates were within the *garde* of the Dock Board, that the Dock Board was negligent in its failure to insure the adequacy of the design composition, construction and maintenance of the IHNC levees and flood gates, and that the IHNC

levees and floodgates contained vices and defects rendering the Board strictly liable pursuant to La. Civ. Code Arts. 2317 and 2317.1.

In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 at p. 1 (Levee Master Class Action), 2007 WL 3003001 at *1 (E.D.La. 10/12/2007)(J. Duval)(Doc. 8389)(attached as Exhibit A). In ultimately dismissing the Dock Board from the Levee Master Class Action, this Court held that the Dock Board has no legal duty relative to the maintenance of the IHNC levees and floodwalls because all such levee and flood control-related duties are, by law, owed exclusively by the Orleans Levee District:

> Furthermore, the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board. It is primarily the state's duty to protect citizens from damage by flood which is inherent within its police power. Such power, however, belongs to the state; the police power may be exercised by agencies of the state only under a delegation of authority. The state retains the right to recall, abrogate o[r] modify the delegation. *Board of Comers of Orleans Levee Dist. v. Dept. of Natal Resources of the State of Louisiana*, 493 So.2d 281, 288-89 (La. 1986). Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection. *Id.*
>
> This delegation is manifested in La. Rev. Stat. 38:281(6) which provides that a levee district "means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits." In addition, La. Rev. Stat. 38:325(A)(1) and (2) mandates that levee boards engage in any activities related to flood protection and maintenance of levees. Finally, La. Rev. Stat. 38:307 provides that the Orleans Levee District "shall have full and exclusive right, jurisdiction, power, and authority" with respect to the levees. Thus, these claims are without merit.

In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 at p. 2-3 (Levee Master Class Action), 2007 WL 3003001 at *1 (E.D.La. 10/12/2007)(J. Duval)(Doc. 8389)(attached as Exhibit A). Having determined that the Dock Board, as a matter of law, could not have had garde over the levees and floodwalls at issue, this Court

granted the Dock Board's motion for judgment on the pleadings, and dismissed the Levee Plaintiffs' claims against the Dock Board, with prejudice. The U.S. Fifth Circuit affirmed:

> As an independent ground for granting the Port's motion, the district court relied on La. Rev. Stat. §38:307, which gives the Orleans Levee District, not the Port, "full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects." La. Rev. Stat. § 38:307. Based on § 38:307, the district court concluded that the Levee Plaintiffs could prove no set of facts showing, as the Master Complaint alleged, that the Port was responsible and liable for the design, construction, maintenance, or failure of the levees and floodgates. We agree....

In Re: Katrina Canal Breaches Litigation, No. 08-30234 at p. 5, 309 Fed.Appx. 836, 839 (5th Cir. 03/04/2009)(Doc. 18125)(attached as Exhibit B). The other decisions attached hereto as Exhibits have reached the same conclusion and dismissed the same or similar claims against the Dock Board in the Hurricane Katrina Litigation Umbrella. See In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5116, 06-5127, 06-7682, 06-5118, 06-5128, 06-5131, 06-5132, 06-5134, 06-5137, 06-5140, 06-5142), 2007 WL 3353296 (E.D.La. 11/07/2007)(J. Duval)(Doc. 8913)(attached as Exhibit C); In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 07-4775, 07-5184, 07-5186, 07-5187), 2008 WL 4875680 (E.D.La. 10/28/2008)(J. Duval)(Doc. 16192)(attached as Exhibit D); and In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5131, 06-5132, 06-5134, 06-5137, 06-5140), 2008 WL 4899449 (E.D.La. 11/12/2008)(J. Duval)(Doc. 16352)(attached as Exhibit E).

Returning to the action at bar, given that this Honorable Court has previously dismissed the claims of the entire Levee Plaintiffs' class contained in the Master Class

Action Complaint against the Dock Board, with prejudice, as a matter of law, and this dismissal was affirmed on appeal, it would be wholly inequitable to allow Plaintiffs herein— as purported members of the Levee Plaintiffs' class— to now achieve a different result in an individual time-barred lawsuit filed six years after the hurricane.

## Conclusion

By way of summary, because the Dock Board, as a matter of law, has no duties or responsibilities whatsoever with regard to flood control or for the construction, maintenance, and repair of flood control devices such as the levees and floodwalls at issue, the Dock Board could not have had the requisite supervision, control, or garde over the levees and floodwalls at issue necessary to be held liable, under either a theory of negligence or strict liability, for their alleged vices and/or defects. The prior decisions of this Honorable Court and the U.S. Fifth Circuit in the Hurricane Katrina Litigation Umbrella regarding the non-liability of the Dock Board for the flooding that occurred during Hurricane Katrina are correct and should respectfully be adhered to in this action. Accordingly, because the Plaintiffs' Complaint, as a matter of law, fails to state a legally cognizable claim against the Dock Board upon which relief can be granted, it is respectfully requested that this Honorable grant the Dock Board's motion and dismiss the Plaintiffs' claims against the Dock Board, with prejudice, each party to bear their own costs.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY: /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH, T.A. (7354)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 13th day of September, 2011.

/s/ Kirk N. Aurandt
KIRK N. AURANDT