UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| _____ | * | NUMBER 05-4182 |
| | * | |
| | * | SECTION "K" |
| PERTAINS TO: | * | |
| | * | JUDGE DUVAL |
| KMART CORPORATION  (11-2062) | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

### MEMORANDUM IN SUPPORT OF F.R.CIV.P. 12(B)(6) MOTION TO DISMISS

The Sewerage and Water Board of New Orleans moves this Court to dismiss plaintiffs' Complaint for Damages under F.R.Civ.P. 12(b)(6).  The claims against the Sewerage and Water Board of New Orleans are prescribed.

### THE LAWSUIT

This lawsuit was filed on August 19, 2011.  It is one of many filed in connection with Hurricane Katrina and the flooding of the New Orleans area.  Plaintiffs, Kmart Corporation and Sears, Roebuck and Co., claim two stores in St. Bernard Parish were damaged as a result of the negligence of many defendants, including the Sewerage and Water Board of New Orleans.  Putting aside the question of how the Sewerage and Water Board of New Orleans could be responsible for damage to stores in St. Bernard Parish, on its face, plaintiffs' suit filed almost six years after the hurricane is not timely.

Plaintiffs' claims against the Sewerage and Water Board of New Orleans are all based upon state law causes of action. They allege negligence in connection with the dredging of the 17th Street Canal (¶158-160), negligence in the design, construction and maintenance of the 17th Street Canal levees and flood walls (¶163-168), negligence in the design, construction and maintenance of the London Avenue Canal levees and flood walls (¶171-176), negligence in the design, construction, and maintenance of the Orleans Avenue Canal levees and flood walls (¶179-181), negligence in implementing the Lake Pontchartrain and Vicinity Hurricane Protection Project (¶188-189), strict liability as to the 17th Street, London Avenue, and Orleans Avenue Canals (¶192), and nuisance under La. C.C. art. 667 (¶197).

## ARGUMENT

Plaintiffs' suit against the Sewerage and Water Board of New Orleans is prescribed. Plaintiffs did not file suit within the applicable one year prescriptive period. Moreover, prescription on the claims against the Sewerage and Water Board of New Orleans were not interrupted by the filing of *In re Katrina Canal Breaches Consolidated Litigation.* Plaintiffs' claims are untimely and should be dismissed.

**I.   The One-Year Prescription Statute Applies to Plaintiffs' Claims against the Sewerage and Water Board of New Orleans**

The one-year prescription period set forth in Article 3492 of the Louisiana Civil Code governs plaintiffs' tort-based claims against the Sewerage and Water Board of New Orleans. *See Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir. 1987). Article 3492 reads, in pertinent part:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

La. C.C. art. 3492.

Plaintiffs allege damages caused on or about August 29, 2005. Therefore, plaintiffs had a year from the time damage was suffered, or until on or about August 29, 2006, to file suit against the Sewerage and Water Board of New Orleans. They did not do so and their claims, filed on August 19, 2011, are time barred.

### A.     The Burden of Proof Shifts

A defendant asserting prescription usually bears the burden of proving that prescription has run except where an action is prescribed on its face. In such cases, plaintiffs bear the burden of proving that prescription was interrupted, suspended or renounced.

In *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902 (5th Cir. 1985), the Court, applying and citing Louisiana law, stated: "When an action appears to have prescribed on the face of the petition, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription." *Id.*, at 908-09; a*lso see Terrebonne Parish School Bd. V. Columbia Gulf Transmission Co.*, 290 F.3d 303 (5th Cir. 2002); *Eldredge v.Martin Marietta Corp.*, 207 F.3d 737 (5th Cir. 2000); *Gary v. Camden Fire Insurance Co.*, 96-0055 (La. 7/2/96); 676 So.2d 553, 555; *Wimberly v. Gatch*, 93-2361 (La. 4/11/94); 635 So.2d 206, 211; *Bouterie v. Crane*, 616 So.2d 657 (La. 1993); *Lima v. Schmidt*, 595 So.2d 624 (La. 1992); *Spott v. Otis Elevator Co.*, 296 So.2d 865 (La. 1992).

Because plaintiffs' claims against the Sewerage and Water Board of New Orleans arose almost six years before they filed them, the claims are prescribed on their face. Plaintiffs bear the burden to prove prescription was interrupted, suspended, or renounced.

3

**II.     *In Re Katrina Canal Breaches Consolidated Litigation* Does Not Interrupt Prescription Against the Sewerage and Water Board of New Orleans**

In their Complaint for Damages, plaintiffs claim their suit is timely "as there is a related class action proceeding pending in this Court in the matter captioned *In re Katrina Canal Breaches Litigation*, No. 05-4182(K)(2)." (¶14).  This allegation is incorrect.  The Sewerage and Water Board of New Orleans is not a party to that suit.  The *In re Katrina Canal Breaches Consolidated Litigation* class action lawsuit does not interrupt prescription against it.  Moreover, by filing their individual suit, Kmart and Sears have opted out of the class action litigation and do not benefit from its tolling provisions.

**A.     The Sewerage and Water Board of New Orleans Is Not a Party to *In Re Katrina Canal Breaches Consolidated Litigation* and that Suit Does Not Interrupt Prescription Against It**

While the Sewerage and Water Board of New Orleans originally was a defendant to *In re Katrina Canal Breaches Consolidated Litigation*, pursuant to F.R.Civ.P. 41, it was voluntarily dismissed without prejudice on December 17, 2009. (Doc. 19481).  The effect of a voluntarily dismissal puts the plaintiff in a position as though the lawsuit was never filed. La. C.C. art. 3463; *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment, Inc.*, 434 F.3d 320 (5th Cir. 2005).

Louisiana Civil Code article 3463 provides:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

La. C.C. art. 3463.

4

Prescription is not considered to have been interrupted by the filing of suit if plaintiffs voluntarily dismiss their claims. *Batson v. Cherokee Beach and Campgrounds, Inc.*, 530 So.2d 1128, 1130 (La. 1988); *Johnston v. Ethyl Corporation*, 683 F. Supp. 1059, 1061 (M.D. La. 1988). Thus, any interruption of prescription derived from the filing of the Levee Master Complaint against the Sewerage and Water Board of New Orleans was erased upon the plaintiffs' voluntary dismissal of their claims against it. *Hilbun*, 823 F.2d at 883-884; *Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985).

This Court in *Fields v. Markel Insurance Company*, 2010 WL 1838507 (E.D. La. 2010) (Duval, J.), rejected the notion that the filing of a class action interrupts prescription against a party that is not a defendant to the litigation. It found *In re Katrina Canal Breaches Consolidated Litigation* did not interrupt the running of prescription with regard to plaintiff's claim for damages against Markel International. "Because Markel International is not named as a defendant in the Insurance Master Consolidated Class Action Complaint, the filing of that class action has no impact on the running of the limitation period with respect to plaintiff's claims against Markel International." *Id.*; *see also Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F.Supp 49, 53-54 (D. Mass. 1995) (when a defendant is dropped from the class action, a potential plaintiff is then required to act upon any claims it hopes to assert); *Arneil v. Ramsey*, 550 F.2d 774, 782 (2nd Cir. 1977).

Here, the Sewerage and Water Board of New Orleans is not a named defendant in *In re Katrina Canal Breaches Consolidated Litigation*. The filing of the class action has no impact on the running of prescription against the Sewerage and Water Board of New Orleans.

Even were prescription considered to have been suspended or interrupted by the filing of the class action, this matter nonetheless is prescribed. If the running of prescription had recommenced upon the dismissal of the Sewerage and Water Board of New Orleans, plaintiffs at most would have had a year to file suit. Since plaintiffs let more than a year run after the dismissal before filing suit, the claims against the Sewerage and Water Board of New Orleans are prescribed.

**B.     Plaintiffs Were Not Putative Class Members to *In re Katrina Canal Breaches Consolidated Litigation***

To the extent a class action lawsuit interrupts prescription, it only does so in favor of persons that are putative class members. Here, the Sewerage and Water Board of New Orleans was a defendant in the Levee portion of the class action litigation. Plaintiffs were not members of the proposed class of plaintiffs in the Levee portion of *In re Katrina Canal Breaches Consolidated Litigation*. Since plaintiffs were not members of the plaintiff class, prescription on their claims was not tolled by the filing of the class action lawsuit.

The proposed class in the Levee portion of *In re Katrina Canal Breaches Consolidated Litigation* is defined as follows:

> All individuals and entities, both private and public and both natural and juridical, *in the geographic area bounded to the north by Lake Pontchartrain, to the south by the Mississippi River, to the east by the IHNC, and to the west by the 17th Street Canal running from Lake Pontchartrain south to Metairie road and then west on Metairie Road to Causeway Boulevard, and then south on Causeway Boulevard to the Mississippi River, who/which sustained damages as a result of the inundation/flooding in this area* which occurred during and immediately following the landfall of Hurricane Katrina on or about August 29, 2005, and who/which, as to the defendant Corps only, have—or, by a date to be determined by the Court, will have—fulfilled whatever administrative claim filing requirements this Court deems applicable in this matter.

6

Article 151, Superseding Master Consolidated Class Action Complaint, No. 05-4182 (Doc. 3420) (emphasis supplied).

Here, plaintiffs indicate they "owned, leased, or/or managed properties and/or conducted operations in Louisiana, including Kmart store # 3665 in St. Bernard Parish" and "Sears store # 2385 in St. Bernard Parish." Articles 1 and 2, Complaint for Damages. They assert:

> This is an action for negligence, nuisance, and strict liability against Defendants resulting from their negligence in the dredging, design, construction, maintenance, and operation of certain canal levees and flood walls, and from the Corps' negligent operation and maintenance of the Mississippi River Gulf Outlet ("MRGO"), which caused the devastation of St. Bernard Parish and other sections of New Orleans, including damage to Kmart store # 3665 and Sears store # 2385 on or about August 29, 2005 during Hurricane Katrina ("Katrina"). . . .

Article 22, Complaint for Damages.

The Complaint alleges Kmart and Sears suffered damage to their two stores in St. Bernard Parish. This property does not fall within the geographic boundary of the Levee class action. The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766 (1974). Kmart and Sears were not asserted members of the class in the class action complaint filed against the Sewerage and Water Board of New Orleans. Accordingly, that class action did not suspend prescription on Kmart's and Sears' claims against the Sewerage and Water Board of New Orleans. *See Arneil*, 550 F.2d at 782-783.

C. *In re Katrina Canal Breaches Consolidated Litigation* Does Not Toll Prescription on Individual Claims Filed Before Class Certification Has Been Decided

Even were plaintiffs asserted to be members of the class, by filing suit before class certification has been decided, plaintiffs have opted out of the class action and do not get the benefit of the tolling of prescription.

The Sewerage and Water Board of New Orleans previously made this same argument in connection with other related individual suits filed long after prescription had run but before class certification was decided. That motion to dismiss was denied. *See In re Katrina Canal Breaches Consolidated Litigation,* No. 05-4182 (E.D. La) (Doc. 11153). This Court held that a plaintiff, by filing an individual suit before class certification is decided, does not forfeit the tolling provisions of the class action enunciated in *American Pipe*.

Given the Court's previous ruling, the Sewerage and Water Board of New Orleans will not belabor the issue, but for the record asserts that Kmart and Sears, by opting out of the class action lawsuit, have forfeited its prescription tolling benefit. And this case well illustrates why that should be.

The Katrina litigation has been pending for six years. In that time, plaintiffs seemingly have been content to participate in the class action. Now, six years later, and almost two years after the plaintiffs in the class action abandoned their claims against the Sewerage and Water Board of New Orleans, Kmart and Sears have spurned the class action in favor of their own individual lawsuit.

The purpose of prescription statutes is to afford a defendant economic and psychological security and to protect it from stale claims and loss of relevant proof. *Terrel v. Perkins*, 1996-2629 (La. App. 1 Cir. 11/7/97), 704 So.2d 35. The present lawsuit involves,

among other issues, the design and construction of floodworks along the 17th Street, London Avenue, and Orleans Avenue outfall canals. The witnesses involved in the design and construction of these levees and floodwalls performed their work beginning in the 1970s and continuing until the early 1990s. In other words, the participants in this work are getting old. Thirty years later, claims are getting stale and relevant proof is being lost. Allowing plaintiffs to file individual actions six years after the occurrence of the events giving rise to their cause of action and 20-35 years after the underlying construction projects were planned and completed does not serve the purposes for which prescription rules were created.

Moreover, an interpretation of *American Pipe* that allows individual plaintiffs to rely on the tolling provisions of the class action while at the same time rejecting participation in the class action does not serve the purpose of the *American Pipe* decision. In *American Pipe*, 414 U.S. at 554, 94 S.Ct. 756, the Supreme Court held the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had suit been permitted to continue as a class action. *Id*. The tolling period ends, and the statute runs anew, once class certification is granted or denied. That tolling not only applies to intervenors to a class action, but also to putative class members who filed actions on their own once class certification was denied. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 103 S.Ct. 3392 (1983).

The reason behind the *American Pipe* tolling rule is judicial economy. By holding that a class action lawsuit interrupts prescription on the personal claims of individual putative class members, the Supreme Court lessened the impact of mass torts on the court system. The Court eliminated the need for filing of numerous individual lawsuits until the issue of

class certification was decided.[1] To hold, on the other hand, that the filing of a class action interrupts prescription on the late-filed personal claims of individuals that reject the class action promotes the opposite of judicial economy and fosters the filing of more suits.

As a result, numerous courts have held that a class action lawsuit does not toll prescription on an individual suit filed before class certification is decided. In *Wyser-Pratte Mgmt. Co., Inc. v. Telxon*, 413 F.3d 553, 469 (6th Cir. 2005), the Court of Appeals held squarely that a plaintiff who filed his own lawsuit could not rely on the tolling afforded by a pending class action. Said the Court:

> . . . a number of district courts have held that a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine. The reasoning rests in part on the holding in *Crown* that '[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.' 462 U.S. at 354, 103 S.Ct. 2392. The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided.

*Wyser-Pratte*, 413 F.3d at 568-69; a*lso see Glater v. Eli Lilly & Co.*, 712 F.2d 735, 739 (1st Cir.1983); *Wachovia Bank and Trust Co., N.A. v. National Student Marketing Corp.*, 650

---

[1] "A federal class action is no longer 'an invitation to joinder' but a truly representative suit designed *to avoid, rather than encourage, unnecessary filing of repetitious papers and motions*. . . To hold to the contrary [that the filing of a class action does not interrupt prescription for all those that might participate in the suit] would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties-precisely the multiplicity of activity which Rule 23 was designed to avoid in those cases where a class action is found 'superior to other available methods for the fair and efficient adjudication of the controversy.' Rule 23(b)(3)." *American Pipe*, 414 U.S. at 550-551, 94 S.Ct. at 765 (emphasis supplied); *see also Crown, Cork & Seal,* 462 U.S. at 351, 103 S.Ct. 2392; *Arctic Slope Native Association, Ltd. v. Sebelius*, 583 F.3d 785, 791-792 (C.A. Fed. 2009).

F.2d 342, fn. 7 (D.C.App. 1981); *and see In Re Enron Corp. Sec., Derivative & ERISA Litig.*, 465 F.Supp.2d 687, 730 (S.D.Tex. 2006); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003); *Rahr v. Grant Thornton LLP*, 142 F.Supp.2d 793 (N.D.Tex.2000); *Stutz v. Minn. Mining & Mfg. Co.*, 947 F.Supp. 399, 404 (S.D.Ind.1996); *In Re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 474146, * 8 (N.D.Ill. Aug. 6, 1998). *But see, contra, In re WorldCom Securities Litigation*, 496 F.3d 245 (2d Cir. 2007); *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1009 (9th Cir. 2008); *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000).

Allowing Kmart and Sears to reject the class action *In re Katrina Canal Breaches Consolidated Litigation* and then rely on its tolling effects defeats the judicial economy purpose of the class action device and the primary reason for the Supreme Court's holding in *American Pipe*.

## CONCLUSION

Plaintiffs' claims against the Sewerage and Water Board of New Orleans are prescribed. Because the Sewerage and Water Board of New Orleans is not a party to the *In re Katrina Canal Breaches Consolidated Litigation* class action and plaintiffs are not putative members of the class, that class action suit does not interrupt prescription. Moreover, because plaintiffs have opted out of the class action litigation before class certification has been decided, their suit does not get the benefit of the tolling of prescription afforded by the class action. Plaintiffs have filed suit six years after the events giving rise to their suit. The suit is untimely and the Sewerage and Water Board of New Orleans' dismissal motion should be granted, dismissing the claims against it, with prejudice, at plaintiffs' costs.

Respectfully submitted,

s/Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR. - #18299, T.A.**
**J. WARREN GARDNER, JR. - #5928**
**KEVIN R. TULLY - #1627**
**OSCAR M. GWIN, IV - #29233**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Facsimile: (504) 561-5743

**GEORGE R. SIMNO III - #12271**
**GERARD M. VICTOR - #9815**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE AND WATER BOARD OF NEW ORLEANS

**C E R T I F I C A T E**

I do hereby certify that on the 14th day of September 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/Charles M. Lanier, Jr.
CHARLES M. LANIER, JR.

CK_DOCS 475724v1

12