UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182 |
| PERTAINS TO: BARGE | * * | and consolidated cases |
| | * * | SECTION "K" (2) |
| | * * | |
| *Weisler v. Seymour, et al.*   09-2737 | * * * * | JUDGE STANWOOD R. DUVAL, JR. |
| | * * * * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

# PRELIMINARY WITNESS AND EXHIBIT LISTS BY DEFENDANTS – IMPROPERLY JOINED LAWRENCE A. WILSON, ESQ. AND WILSON, GROCHOW, DRUKER & NOLET

**Table of Contents**

Pursuant to the April 13, 2011 Scheduling Order herein (Doc. # 20222), defendants Improperly Joined – Lawrence A. Wilson, Esq. and Wilson, Grochow, Druker & Nolet by the Law Office of Lawrence A. Wilson, P.C. (hereinafter "Wilson defendants"), hereby submit their Witness List and Exhibit List herein.

Because discovery and analysis is ongoing, the Wilson defendants reserve the right to supplement and re-order this list.

The Wilson defendants are still searching for the current addresses for a number of participants mentioned by plaintiff as having been involved in his Report.

1

A. **Witness List**

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 1 | Richard H. Weisler, M.D.<br>Richard H. Weisler, M.D., P.A. & Associates<br>700 Spring Forest Road<br>Suite 125<br>Raleigh, NC 27609 | Will call | Plaintiff's allegations and defendants' defenses; invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; agency relationship; oral or written contract; open account, contract claim; communications with attorneys and parties; communications with members of the medical team. |
| 2 | Jill Hayes, Ph.D.<br>525 Huey P. Long Avenue<br>Gretna, LA 70053 | May call | Plaintiff's allegations and defendants' defenses; plaintiff's invoices, invoicing practices, prior representations, qualifications; representations of hourly rate and basis for hourly rate; conversations with attorneys, including Karen Wiedemann; representations of capability to perform the necessary work; assignments given; response to the assignments; quality of work; familiarity with requirements for expert reports or lack thereof; value of work; claims of time spent; communications with counsel for the Barge plaintiffs; communications with members of the medical team |
| 3 | David Druker<br>233 Broadway, 5th Floor,<br>New York, New York<br>10279 | Will call | Communications with plaintiff and defendants; communications plaintiff's representations; communications between counsel; authority of Fuchsberg to bind Lawrence Wilson and David Druker or Wilson, Grochow, Druker & Nolet; the corporate structure of Wilson, Grochow, Druker and Nolet; any oral or written |

2

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | contract claim, or open account with the Parties to the lawsuit; retainer agreements with barge plaintiffs; memorandum(s) of understanding between attorneys; who was responsible for payment for experts, contracts. |
| 4 | Richard T. Seymour<br>Law Office of Richard T. Seymour, P.L.L.C.<br>1150 Connecticut Avenue N.W., Suite 900<br>Washington, D.C. 20036-4129 | may call | Communications with plaintiff and defendants; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 5 | Alan L. Fuchsberg<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue<br>45th Floor<br>New York, NY 10110-0002 | Will call | Communications with plaintiff and defendants; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff communications between counsel; authority of Fuchsberg to bind Lawrence Wilson and David Druker or Wilson, Grochow, Druker & Nolet; any oral or written contract claim, or open account with the Parties to the lawsuit; retainer agreements with barge plaintiffs; memorandum(s) of understanding between attorneys; who was responsible for payment for experts, contracts. |
| 6 | Leslie Kelmachter<br>The Jacob D. Fuchsberg Law Firm<br>500 Fifth Avenue | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | 45th Floor<br>New York, NY 10110-0002 | | lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 7 | Brian Gilbert<br>Best, Koeppel & Traylor<br>2030 St. Charles Avenue<br>New Orleans, Louisiana 70130 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 8 | Shawn Khorrami<br>Khorrami, Pollard & Abir<br>444 S. Flower Street<br>33d Floor<br>Los Angeles, CA 90071 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 9 | Mark Ravis, M.D., J.D.<br>Mark Ravis & Associates<br>270 North Canon Dr.<br>3rd Floor<br>Beverly Hills, Ca 90210 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; damage to Barge plaintiffs' case caused by plaintiff |
| 10 | Representative of the Medical School of the University of North Carolina at Chapel Hill | May call | Plaintiff's connections with the institution, and the effect of these connections on his hourly rate |
| 11 | Representative of the Medical School of Duke University | May call | Plaintiff's connections with the institution, and the effect of these connections on his hourly rate |
| 12 | Any staff of plaintiff's in 2008 | May call | Plaintiff's work on this case, plaintiff's work on other matters during the time covered by this case, and their |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
|  |  |  | involvement in his report; time records for other matters. |
| 13 | Any persons identified as knowledgeable in response to any of the Seymour defendants' discovery requests | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 14 | Any persons identified as knowledgeable in response to any of the Wilson, or Gilbert defendants' discovery requests | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 15 | Any persons identified as knowledgeable in response to any discovery requests of any party | May call | The subject matter of the discovery request as to which the person was identified as knowledgeable |
| 16 | Any persons identified as knowledgeable in any deposition taken in this matter | May call | The subject matter of the deposition testimony as to which the person was identified as knowledgeable |
| 17 | Any witness named by any other party, including those provided in the witness and exhibit list prepared by Gilbert and Seymour | May call | The subject matter as to which trhe pther person was named, and any other issues relevant to this lawsuit |
| 18 | Any present or former official, employee, consultant, or designee of the Centers. for Disease Control and Prevention as to the Mental Health Survey Instrument, | May call | The creation, testing, validation, use, and professional reputation of the Mental Health Survey Instrument |
| 19 | Any witnesses who may be appropriate for impeachment or rebuttal | May call | The subject matter as to which the person may have knowledge suitable for impeachment or rebuttal |

5

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| 20 | Karen Wiedemann<br>Wiedemann & Wiedemann<br>110 Veterans Boulevard, Suite 444<br>Metairie, LA 70005 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; Communications regarding Billing and when first notified of a bills; failure of Fuchsberg to inform the Barge PSLC, or any of the attorneys of ongoing conversation with Wiesler; authority of Fuchsberg to enter into contract; oral or written contract; authority of Fuchsberg to enter into a contract, authority of Fuchsberg to bind Karen Wiedeman or any other party; open accounts; retainer agreement with barge plaintiffs; communications between counsel; authority of Fuchsberg; oral or written contract; open account; retainer damage to Barge plaintiffs' case caused by plaintiff |
| 21 | Lawrence Wiedemann<br>Wiedemann & Wiedemann<br>110 Veterans Boulevard, Suite 444<br>Metairie, LA 70005 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; plaintiff's lack of familiarity with requirements of expert reports; communications between counsel; authority of Fuchsberg; oral or written contract; open account; retainer agreements with barge plaintiffs; memorandum of understanding between counsel; damage to Barge plaintiffs' case caused by plaintiff |
| 22 | Patrick J. Sanders<br>3316 Ridgelake Drive, Suite 100<br>Metairie, Louisiana 70002 | May call | Communications with plaintiff; plaintiff's representations; assignments given to plaintiff and the medical team; quality of plaintiff's work; value of plaintiff's work; lack of utility of plaintiff's report; |

| Number | Name and Address of Witness | "Will" or "May" Call | Expected Testimony |
|---|---|---|---|
| | | | plaintiff's lack of familiarity with requirements of expert reports; authority of Fuchsberg; who was responsible for payment for contracts; retainer agreements; damage to Barge plaintiffs' case caused by plaintiff |
| 23 | Chet Kern<br>61 Broadway, Suite 310<br>New York, NY 10006 | May call | Communications with plaintiff and defendants; memorandum(s) of understanding and financing for the barge litigation; authority of Fuchsberg to bind Chet Kern. |

### B.    Exhibit List

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 1 | Expert report submitted by Plaintiff in the Barge case | Attachment A to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff Richard H. Weisler | May use |
| 2 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." | Attachment B to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001445 and following pages | May use |
| 3 | July 29, 2008 e-mail from Sherry Cofield transmitting Plaintiff's message, instructions for payment, and the attached invoice Plaintiff submitted to Defendants, bearing the date "7/7/08." | BargePSLCWeisSeym001445 and following<br><br>Attachment B to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 4 | December 12, 2008 Letter from Plaintiff's counsel, Andrew Wilson, to Brian Gilbert | Attachment C to Seymour defendants' February 24, 2011 First Requests for | May use |

7

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| | | Discovery from Plaintiff | |
| 5 | Invoice for the time of Dr. Mark Townsend for his work in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment D to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 6 | Plaintiff's Invoice for work in the Barge case, updated through July 28, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment E to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 7 | August 13, 2008 invoice for the work Dr. Townsend performed in the Barge case, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment F to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 8 | "Final Invoice" dated "12/02/08" invoice for the work Dr. Townsend purportedly performed in the Barge case identified in ¶ 6 of Plaintiff's Complaint, updated through August 15, 2008, originally attached to the December 12, 2008 letter from Andrew Wilson to Brian Gilbert | Attachment G to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 9 | August 12, 2008, e-mail sent by Brian Gilbert to Plaintiff and Dr. Townsend at 11:29 P.M. Central Daylight Time, asking them to suspend all work on the case. | Attachment H to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001736 | May use |
| 10 | February 4, 2009 letter from Andrew Wilson to Brian Gilbert | Attachment I to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 11 | Statement of Plaintiff's purported compensable time and expenses in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start | Attachment J to Seymour defendants' February 24, 2011 First Requests for | May use |

8

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
|  | of his involvement through August 15, 2008, Exhibit 1 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Discovery from Plaintiff |  |
| 9 | Summary of all of Plaintiff's activity in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, and of Plaintiff's efforts to bill and collect from Barge plaintiff's counsel, Exhibit 2 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Attachment K to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 10 | List of "most of the identified articles, books and materials" that Plaintiff contends he "reviewed either in full or in part secondary [sic] to Barge PSLC Attorney instructed "'examination and discussion of peer-review articles and peer accepted methodologies of the entire area of Disaster Mental Health . . . .", Exhibit 3 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert | Attachment L to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 11 | "Table of Contents" consisting of excerpts of e-mail messages from and to various persons, with everything omitted except a subject line, a date (sometimes with, and sometimes without, time), sometimes with, and sometimes without, a "from" line, sometimes with, and sometimes without, a "CC" line, always without the body of the message if any, always without an indication of any attachment, and always without any attachment, Exhibit 4 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | Attachment M to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |

9

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 12 | Plaintiff's time records for the time he spent working in the Barge case identified in ¶ 6 of Plaintiff's Complaint, from the start of his involvement through August 15, 2008, Exhibit 5 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | Attachment N to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 13 | Plaintiff's documentation of expenses incurred by Plaintiff while working on the Barge case, Exhibit 6 to February 4, 2009 letter of Andrew Wilson to Brian Gilbert. | Attachment O to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 14 | February 8, 2009 letter from Richard T. Seymour to Andrew Wilson | Attachment P to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff | May use |
| 15 | E-mail thread, with the top e-mail sent by Brian Gilbert at 3:47 P.M. on May 29, 2008, to Plaintiff and others on the medical team and attorneys, and the second e-mail sent by Dr. Mark Townsend on May 29, 2008, at 2:32 P.M. | Attachment Q to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000461 through BargePSLCWeisSeym000463 | May use |
| 16 | E-mail thread, with the top e-mail sent by Mark Townsend at 5:26 P.M. on May 29, 2008, with Plaintiff and others addressed or cc'd. | Attachment R to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000466 through BargePSLCWeisSeym000468 | May use |
| 17 | E-mail thread Bates-numbered, with the top e-mail sent by Richard Seymour addressed or cc'd to Jill Hayes, Plaintiff, Dr. Mark Townsend, and attorneys at 4:36 P.M. Eastern Daylight Time on June | Attachment S to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000526 through | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
|  | 2, 2008 | BargePSLCWeisSeym000528 |  |
| 18 | E-mail thread Bates-numbered, with the top e-mail sent by Karen Wiedemann addressed to Dr. Mark Townsend, and attorneys at 5:18 P.M. on June 2, 2008 | Attachment T to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000521 through BargePSLCWeisSeym000523 | May use |
| 19 | E-mail thread with the top e-mail sent by Dr. Mark Townsend and addressed or copied to Dr. Jill Hayes, Plaintiff, others on the medical team, and counsel at 7:47 P.M. on May 29, 2008. | Attachment U to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000469 through BargePSLCWeisSeym000472 | May use |
| 20 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Jill Hayes, Plaintiff, Dr. Mark Townsend, and attorneys at 2:52 P.M. on June 3, 2008. | Attachment V to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000534 through BargePSLCWeisSeym000538 | May use |
| 21 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and attorneys at 5:46 P.M. on June 6, 2008, with the subject line "Re: Barge Cases: Conference Call on Draft Report." | Attachment W to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym000594 through BargePSLCWeisSeym000597 | May use |
| 22 | E-mail thread with the top e-mail sent by Richard Seymour and addressed or copied to Dr. Mark Townsend, Plaintiff, others on the medical team, and attorneys at 2:34 P.M. Eastern time on June 29, 2008, with the subject line "Re: Barge | Attachment X to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001254 through BargePSLCWeisSeym001259 | May use |

11

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| | Medical: Expert Report." | | |
| 23 | E-mail Plaintiff sent on August 4, 2008 at 12:31 P.M. to counsel on the Barge case, and to Dr. Mark Townsend, containing information about expert witness fees | Attachment Y to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001530 through BargePSLCWeisSeym001533 | May use |
| 24 | Attachment to Plaintiff's August 4, 2008 e-mail, and entitled "Private Diagnostic Clinic, PLLC / Medical-Legal Fee Guide." | Attachment Z to Seymour defendants' February 24, 2011 First Requests for Discovery from Plaintiff<br><br>BargePSLCWeisSeym001529 | May use |
| 25 | Centers for Disease Control and Prevention, Mental Health Survey Instrument, and materials thereon | | May use |
| 26 | Plaintiff's Responses to Seymour defendants' Interrogatories to Plaintiff, or any of them | | May use |
| 27 | Plaintiff's Responses to Seymour defendants' Requests for Production from Plaintiff, or any of them | | May use |
| 28 | Plaintiff's Initial Disclosures, or any of them | | May use |
| 29 | Materials to be produced in discovery by plaintiff, or any of the parties | | May use |
| 30 | Materials to be produced in discovery by third parties, or any of them | | May use |
| 31 | Plaintiff's forthcoming Responses to the Gilbert defendants' discovery requests | | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 32 | E-mail threads in which the top e-mail was sent June 2, 2008 | | May use |
| 33 | E-mail threads in which the top e-mail was sent June 3, 2008 | | May use |
| 34 | E-mail threads in which the top e-mail was sent June 6, 2008 | | May use |
| 35 | E-mail threads in which the top e-mail was sent June 29, 2008 | | May use |
| 36 | E-mail threads in which the top e-mail was sent July 29, 2008 | | May use |
| 37 | E-mail threads in which the top e-mail was sent August 12, 2008 | | May use |
| 38 | E-mail threads in which the top e-mail was sent August 15, 2008 | | May use |
| 39 | Exhibits to any deposition in this case | | May use |
| 40 | Any exhibit listed by any other party | | May use |
| 41 | Any documents appropriate for impeachment or for rebuttal; including emails exchanged. | | May use |
| 42 | Deposition excerpts of deposition of Plaintiff to be taken in this case | | May use |
| 43 | Deposition excerpts of deposition of Medical School of University of North Carolina at Chapel Hill, to be taken | | May use |
| 44 | Deposition excerpts of deposition of Medical School of Duke University, to be taken | | May use |
| 45 | Deposition excerpts of Rule 30(b)(6) deposition of Centers for Disease | | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
|  | Control, to be taken |  |  |
| 46 | Deposition excerpts of deposition of Dr. Mark Townsend |  | May use |
| 47 | Deposition excerpts of deposition of Dr. Jill Hayes |  | May use |
| 48 | Deposition excerpts of deposition of Dr. Howard Osofsky |  | May use |
| 49 | Deposition excerpts of deposition of Dr. Jill Osofsky |  | May use |
| 50 | Any other deposition excerpts from any other deposition |  | May use |
| 51 | Any and all Louisiana Secretary of State filings, occupational licenses, telephone, rent, and other invoices, contracts, letterhead, business cards, advertising materials, tax documents, bank account records, and communications with Plaintiff and/or his attorney reflecting the Limited Liability Company or business enterprise status, footing, and public persona of Law Office of Brian A. Gilbert, P.L.C. at all times pertinent; |  | May use |
| 52 | Any and all documents, writings emails and things traversed between the parties via discovery or otherwise, except those privileged, inadmissible, or otherwise objectionable; |  | May use |
| 53 | Any and all for rebuttal or impeachment. |  | May use |
| 54 | Any and all listed, disclosed, used or relied upon by any other party. |  | May use |
| 55 | Executed January 14, 2010 Amendment to the Memorandum of |  | Will use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
|  | Understanding dated July 25, 2008 |  |  |
| 56 | Executed KP&A Memorandum of Understanding date July 25, 2008 |  | Will use |
| 57 | Memorandum on Behalf of Plaintiff in Opposition to Defendants' Motion to Dismiss | Court Document # 19105 | May use |
| 58 | Email from Brian A. Gilbert to Rick Seymour dated September 13, 2008 11:32 with Subject: Re: Weisler, et al |  | May use |
| 59 | FRCP Rule 26(A)(1) Initial Disclosures on Behalf of Plaintiff, Dr. Richard Weisler |  | May use |
| 60 | Summary of Activity: In Re: Katrina Cana Breaches Litigation, CA No. 05-04182 (SRD/JCW)/ c/w Mumford v. Ingram Barge Company, et al, CA No. 05-05724 Barge Plaintiff's Litigation Steering Committee: Outstanding Expert Fees |  | May use |
| 61 | The Journal of the American Medical Association: Vol 296 No. 5, August 2, 2006, Mental Health and Recovery in the Gulf Coast After Hurricanes Katrina and Rita |  | May use |
| 62 | Draft transcript of Recorded Teleconference: Teleconference September 15, 2008 beginning about 9:15 AM E.S.T. |  | May use |
| 63 | Answer to Interrogatories of Richard H. Weisler to Defendants Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C's First Request for Discovery |  | May use |
| 64 | Response to Request for Production of Documents of Richard H. Weisler to Defendants Richard T. Seymour's and (Misnamed) Richard T. Seymour, P.L.L.C's First Request for Discovery |  | May use |

| Exhibit No. | Description | Bates No. or Other Identification | Will Use or May Use |
|---|---|---|---|
| 65 | Email From Brian Gilbert to Lawrence Wilson dated March 21, 2011, Subject: Re: FW: Fw: Bartlett Engineering Invoice 1046-00 G | | May use |
| 66 | Barge Plaintiffs' Amended Motion to Certify the Class and Subclasses, to Appoint Class Counsel, and to Approve Plaintiff's Proposed Trial Plan | Court Document # 15549 | Will use |
| 67 | Memorandum of Understanding never executed by the barge plaintiff's counsel or Wilson, Grochow, Druker & Nolet, nor David Druker, nor Lawrence Wilson | | Will use |
| 68 | Email from Lawrence Wiedemann to Leslie Kelmachter and Chet Kern with no subject dated July 15, 2008 – 2:48PM | | May use |
| 69 | Retainer agreements with Barge Plaintiffs | | Will use |

Respectfully Submitted,

/s/ Lawrence A. Wilson

Lawrence A. Wilson, #9584
Law Office of Lawrence A. Wilson, P.C.
233 Broadway, 5th Floor
New York, New York 10279
lwilson@wgdnlaw1.com
(212) 608-4400 – Telephone
(212) 608-0746 – Facsimile

*Attorney for Wilson Defendants*

Dated:  September 15, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2011, I served a copy of the Wilson Defendants' Witness List and Exhibit List, on counsel of record for all parties, and/or all parties, as shown below, through the Court's ECF system or by e-mail.

/s/ Lawrence A. Wilson
Lawrence A. Wilson, #9584
*Attorney for Wilson Defendants*