UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>              CONSOLIDATED<br>LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>No. 05-4182 "K" (2) |
| PERTAINS TO LEVEE:<br>KMART CORP., No. 11-2062 | *<br>*<br>*<br>* | JUDGE DUVAL<br><br>MAG. JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF CSX TRANSPORTATION, INC.'S
MOTION FOR DISMISSAL UNDER RULE 12(b)(6)
(FAILURE TO STATE A CLAIM)**

This Court already has ruled the same way *three times* in this consolidated litigation that CSX Transportation, Inc. ("CSXT") owed no duty to protect plaintiffs from flooding and that plaintiffs' claims are preempted by federal law. No. 05-4182, Order and Opinion (Dec. 27, 2007) (Dkt. No. 9856); *see also Pere Marquette Hotel Partners, L.L.C. v. United States*, No. 09-5921 (consolidated into this litigation on March 10, 2010), Order and Opinion (Mar. 10, 2010) (Dkt. No. 34). The Complaint in the above-referenced matter, which has not yet been served on CSXT, again attempts to hold CSXT liable for failing to protect plaintiffs from flooding following Hurricane Katrina and asserts the very same claims that this Court found to be preempted by federal railroad law. *See* No. 05-4182, Order and Opinion (Jan. 26, 2009) (Dkt. No. 17352). Indeed, the allegations against CSXT in this complaint are identical to those in 119 earlier complaints that were filed by the same counsel and were dismissed as to CSXT on preemption and "no-duty" grounds. *Cf.* No. 11-2062, Compl. ¶ 90 (Sep. 19, 2011) (Dkt. No. 1) with *Pere Marquette*, No. 09-5921, Compl. ¶ 90 (Aug. 8, 2009) (Dkt. No. 1).

1

In addition, plaintiffs' complaint is untimely because it was not filed within one year of the date of the occurrence giving rise to plaintiffs' alleged damages. Plaintiffs allege that their claims are timely while the Levee class action is pending. No. 11-2062, Compl. ¶ 14 (Sep. 19, 2011) (Dkt. No. 1). However, they cannot rely on the pendency of the Levee class action to toll the one-year prescriptive period because they are not located within the geographic bounds of the putative class. *See Smith v. Pennington*, 352 F.3d 884, 893 (4th Cir. 2003) (holding that the scope of a plaintiff's asserted class for tolling purposes is that class for which there was fair notice as to both the substantive claims and the number and generic identities of the potential plaintiffs that might participate in the judgment if the class was certified). In further support of this argument, CSXT adopts and incorporates argument II.B, set forth at pages 6–7 of the Sewerage and Water Board's Memorandum in Support of F.R.Civ.P. 12(b)(6) Motion to Dismiss as if fully stated herein. *See* No. 05-4182, Def.'s Mem. Supp. Mot. to Dismiss 6–7 (Sep. 14, 2011) (Dkt. 20431-1) (explaining that plaintiffs' complaint establishes that they were not part of the class defined in the master complaint and therefore they cannot claim tolling of the one-year prescription period).

Accordingly, for the reasons set forth above and in this Court's Orders and Opinions dated December 27, 2007, January 26, 2009 and March 10, 2010, this case too should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

1735298-1

        Respectfully submitted,

    /s/ Brent A. Talbot
BRENT A. TALBOT (#19174)
JONATHAN C. McCALL (#9227)
    -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6095

September 16, 2011    **ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

    s/ Brent A. Talbot

1735298-1