EXHIBIT B

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-418 |
| PERTAINS TO BARGE | SECTION "K" |

### DECLARATION OF COUNSEL PURSUANT TO FED. R. CIV. P. 56(d)

1.      I am counsel of record for the Plaintiffs in the above styled and numbered cause.

2.      I am of the full age of majority, and possess the requisite legal and mental capacity to make this declaration.

3.      I make this Declaration based upon personal knowledge and under penalty of perjury as per the laws of the United States of America.

4.      The universe of named plaintiffs potentially affected by Lafarge North America's Motion for Summary Judgment pending for this Court have not been afforded the benefit of discovery.  Rather, discovery has only been had in a proceeding in which the Court ordered that counsel select four Plaintiffs for the 2010 bellwether trial upon which, consistent with the Court's Order at R. Doc. 20342, Lafarge's motion is based.  The remaining plaintiffs were nonparticipants in any of those earlier proceedings.  The effects upon the remaining Plaintiffs is to deprive them of discovery, and to force revelation of highly significant new evidence without any of the protections afforded by formal discovery, and without any means of incorporating this new evidence into discovery which Plaintiffs had planned to conduct as to Lafarge's experts, and a number of lay witnesses.

5.      The Plaintiffs potentially affected by Lafarge's motion are not bound, as a matter of law, or as a matter of fundamental fairness and in the interests of substantive justice, to press their case or oppose Lafarge's motion based upon depositions and written discovery in a proceeding to which they were not privy, in which the Plaintiffs' class certification motion was denied, and in which the facts and opinions not yet adduced in the absence of discovery contemporaneous with *this* phase of the proceeding could, and are reasonably expected to, shift radically in many respects from those facts and opinions adduced earlier, which form the bases of the first bellwether and Lafarge's motion.  These facts and opinions not yet adduced will be described generally below, and with a greater measure of specificity in the Plaintiffs' opposing papers.

6.      Plaintiffs are not subject to a formal requirement of disclosures and discovery in this stage of the proceeding, nor are they afforded any of the rights attendant to same.  That which Plaintiffs reveal in response to Lafarge's pending motion may suffer from lack of the protections afforded discoverable information, which could in turn affect additional actions Plaintiffs seek to litigate respecting the breakaway of ING 4727 and its consequences.  Likewise, Plaintiffs have no avenue with which to test and evaluate such information before it is revealed, that is, through cross examination of Lafarge's experts and/or use of other discovery devices to the same or similar ends.

7.      The potentially affected Plaintiffs are entitled to and seek full blown discovery as to any and all negligence, causation and damages issues which were extant during times pertinent to the first bellwether but as to which the potentially affected Plaintiffs were nonparticipants, and also discovery relevant to significant newly acquired evidence as to ING 4727's movements, and wind conditions during Katrina,  including but not limited to:

- Expert designations and depositions:

  For one example, Plaintiff's floodwall        breach expert, Genarro Marino, has continued to refine the computerized failure  model subject of his testimony in the first bellwether.

  For a second example, Plaintiffs have also retained additional experts who will testify concerning satellite images showing ING 4727 adrift in the Industrial Canal at 6:52 p.m. on Sunday, August 28, 2011.

  For a third example, Plaintiffs have acquired new experts who will testify that that at times pertinent to the barge's movements during Katrina, mesocyclones were present in the area which radically affected the wind, water, and movements of  the barge.

  Without discovery, Plaintiffs are deprived of the benefit of any procedure or process whereby Lafarge's experts can be cross examined concerning Plaintiffs' new evidence, Lafarge's experts expected testimony related to the new evidence, and all manner of consequences and implications of same affecting Plaintiff's affirmative case or Lafarge's defenses.

- Lay witness depositions:

  In addition to other grounds upon which Plaintiffs must be given discovery opportunities as described above and elsewhere, Plaintiffs are entitled to depose lay witnesses whose testimony may or will be impacted by additional        facts learned after the 2010 belwether, including but not limited to that contained within the new evidence Plaintiffs intend to present at trial. Such  efforts   might

include, without limitation, events at the Lafarge Terminal preceding           and immediately after Katrina as same may have affected the barges left there.

• Written discovery, for the purposes to which it is customarily put, to address a myriad of issues mentioned or implied here which have arisen since commencement of the 2010 bellwether.

8. There is at present no procedural or scheduling allowance for any form of disclosures or discovery. Rather, there is merely a burden which Plaintiffs are being required meet in order to oppose a motion based upon a different proceeding. There has been no additional discovery, but there must be in order to permit ripening of the proof upon which Plaintiff's claims are now based, and the opportunity in light of this ripening body of proof to address Lafarge's defenses. Absent that, there is nothing but a pending Motion for Summary Judgment in proceeding in which discovery has not been had.

9. As stated, Plaintiffs now possess highly significant evidence unavailable in connection with the 2010 bellwether.

This includes a satellite image of a barge loose in the Industrial Canal at 6:52 p.m. on Sunday, August 28, 2005. Given Lafarge's position that ING 4727 was the only barge set free from the Lafarge Terminal, the implications do not require much elaboration. In short, the effect of this new evidence could be to fully negate much of what underpins Lafarge's experts avowed testimony concerning the barge's movements, trajectory, and times and conditions salient to the pertinent claims and defenses.

This also includes an in-depth study of the mesocylones whose effect on the barge at sea level surpassed any effect of the synoptic winds, resulting in the barge having traveled to and caused the eastern IHNC floodwall breaches.

Plaintiffs have retained experts in connection with the above. Pease see the Affidavit and curriculum vitae of Biswasdev (Dev) Roy, Ph.D, submitted with Plaintiffs' Opposition, along with the pertinent exhibit depicting the position of the barge.

10. Plaintiffs and their counsel cannot fully address all of Lafarge's contentions or arguments in its Motion for Summary Judgment without full blown discovery.

Signed this 20th day of September at New Orleans, Louisiana

_____
Brian A. Gilbert