UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | NO. 05-4182 |
| | * | and consolidated cases |
| PERTAINS TO: BARGE | * | |
| | * | SECTION "K" (2) |
| *Boutte v. Lafarge* 05-5531 | * | |
| *Mumford v. Ingram* 05-5724 | * | |
| *Lagarde v. Lafarge* 06-5342 | * | JUDGE |
| *Perry v. Ingram* 06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge* 06-7516 | * | |
| *Weber v. Lafarge* 08-4459 | * | MAGISTRATE |
| *Parfait Family v. USA* 07-3500[1] | * | JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
DEFENDANT LAFARGE NORTH AMERICA, INC.'S
MOTION FOR *IN CAMERA* REVIEW OF DOCUMENTS
THAT PLAINTIFFS ARE SEEKING TO "CLAW BACK"**

Plaintiffs filed their opposition to Lafarge North America, Inc.'s ("LNA") motion for summary judgment on September 20, 2011 (Doc. 20441). To their brief they attached an affidavit from Dr. Biswadev Roy. Doc. 20441-2. Exhibit C to his affidavit was a one-page document, ***initialed by Dr. Roy***, that included two images and certain explanatory text.

Two days later, on September 22, plaintiffs' counsel filed an "Eratta [sic] and 'Clawback' Notice" (the "Notice") (Doc. 20443) seeking to, among other things, substitute a new "Roy Exhibit C" in place of the "Exhibit C" that plaintiffs originally filed. Although the Case Management Order does not permit LNA to disclose the content of the original Exhibit C in this

---

[1] *Parfait Family v. USA,* No. 07-3500, remains stayed and administratively closed. Doc. 13525. However, this motion would apply equally to that case if it were ever to be reopened. *See* Doc. 32 in No. 07-3500 (granting summary judgment to Zito Fleeting, LLC and Zito Fleeting, Inc.).

Motion,[2] the documents differ in two important ways: (a) the original document is initialed by Dr. Roy, whereas the proposed replacement is not, and (b) the original document includes certain text that is highly damaging to plaintiffs' position, whereas the proposed replacement omits that language.

LNA requests that the Court conduct an *in camera* review of the documents to determine whether to grant plaintiffs' request that Exhibit C to the original Roy affidavit be treated as privileged, thereby preventing LNA from using it or referring to it. For the three reasons described below, LNA submits that the Court should rule that Exhibit C to the original Roy affidavit is not privileged or otherwise protected – or that any applicable protection has been waived by plaintiffs' failure to comply with Fed. R. Evid. 502(b), and that LNA should therefore be permitted to use and refer to that document in these proceedings.

### A.   Exhibit C to Dr. Roy's Original Affidavit Appears to Be the Document That He Intended to be Filed.

A document is not privileged or protected if it was intended to be disclosed.[3] The original Exhibit C to Dr. Roy's affidavit appears to be the document that reflects Dr. Roy's actual conclusions, and that he expected would be filed with the Court. Dr. Roy's intentions are made apparent by the fact that Dr. Roy initialed every page of his affidavit and also initialed the Exhibit C that plaintiffs now want to make disappear. By contrast, the new Exhibit C that plaintiffs want to substitute does not bear Dr. Roy's initials. By all outward indications, the

---

[2] This motion is governed by Case Management and Scheduling Order No. 4 (Mar. 1, 2007) (Doc. 5250), which provides (at § IV(E)(3)(e)) that where one side claims that privileged documents have been inadvertently produced and the other side seeks to challenge that claim, the party opposing the claim of privilege "must request an in camera review of the document(s) in question by filing a motion that does not disclose the content of the document(s) over which the producing party has asserted privilege."

[3] See *Consolidated Health Plans, Inc. v. Principal Performance Group, Inc.*, 2003 U.S. Dist. LEXIS 3896, at *15 (E.D. La. Mar 13, 2003) (communications are confidential only if "*not* intended to be disclosed"); *Helen of Troy Ltd. v. John Paul Mitchell Sys., Inc.*, 2007 U.S. Dist. LEXIS 67468, at *22 & n.25 (W.D. Tex. May 16, 2007) (no privilege protection when party "intentionally disclos[ed] the material to third parties").

2

document that plaintiffs claim as "privileged" is the one that Dr. Roy intended to submit, and the replacement document is a sanitized version, possibly even created after the fact.  This inference is supported by the fact that Dr. Roy signed and initialed his affidavit, including the original Exhibit C, on September 20, 2011 – the very day it was submitted to the Court.  Based on an *in camera* review of the documents, we believe the Court will agree and should deny privileged status for the original Exhibit C that Dr. Roy initialed and submitted along with his affidavit.

### B.   The Document Was Not Inadvertently Disclosed Under Fed. R. Evid. 502(b).

Plaintiffs have invoked Fed. R. Evid. 502(b) in seeking to accord privileged status to the original Exhibit C and to substitute a new version that is scrubbed of certain text.  But Rule 502(b) provides that disclosure of a document will not waive any privilege only if, among other things, "(1) the disclosure is inadvertent; [and] (2) the holder of the privilege or protection took reasonable steps to prevent disclosure."  See, *e.g.*, *First Am. CoreLogic, Inc. v. Fiserv, Inc.*, 2010 U.S. Dist. LEXIS 127454, at *10-15 (E.D. Tex. Dec. 2, 2010) (Rule 502 inapplicable where document was intentionally disclosed).  Neither requirement is met here.

As noted above, from all indications based on the documents themselves, it appears that the filing of original Exhibit C was intentional, not inadvertent, and that the views reflected in that document represent Dr. Roy's actual opinions.  In the bottom right corner of every page of Dr. Roy's affidavit, including Exhibit C, there is a page number written by hand and Dr. Roy's hand-written initials on top of a signature line.  There is no reason to believe that Dr. Roy would have signed and initialed an exhibit that did not reflect his actual opinions.  Nor is there any basis given for plaintiffs' statement (Notice at 1) that "[t]he inadvertently included version is from a draft of Dr. Roy's Affidavit/report."  It is difficult to believe that Dr. Roy would have affixed his

3

signature to a document that was just a draft and then sent that document to plaintiffs' counsel for filing that same day.

Further, plaintiffs did not take reasonable steps to prevent the disclosure of the document. In order for plaintiffs' assertions to be true, both Dr. Roy and the plaintiffs must have missed the fact that he had signed, and they were filing, a document that did not reflect his actual opinions, and that the included language that was contrary to those opinions. Instead, what actually happened is that Dr. Roy signed the Exhibit C and plaintiffs filed it with the Court. Plaintiffs took no steps to prevent the document from being disclosed and instead they affirmatively disclosed the document by filing it.

It is important to note that in the days since plaintiffs filed the Notice, their actions have confirmed that their goal here is not to protect Dr. Roy's original Exhibit C from public disclosure, but just to cloak it with "privileged" status for the purpose of preventing LNA from using or referring to the document to show that Dr. Roy's actual opinion is contrary to the conclusion that plaintiffs wanted him to reach. As of the filing of this Motion, the *original* Exhibit C remains publicly available on PACER as Doc. No. 20441-2, so that any member of the public can access it. Plaintiffs have taken *no* steps to have the document removed from the public record. Instead, they simply filed the Notice for the purpose of preventing LNA from using the document in this litigation. The Court should deny plaintiffs' request to accord privileged or protected status to this document.[4]

### C. The Court Should Not Allow Plaintiffs to Create a Misleading Record.

From the record it appears clear what plaintiffs are trying to do: They obtained an affidavit from Dr. Roy, who took the time to initial each page of the affidavit as well as its

---

[4] See *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("Patently, a voluntary disclosure of information which is inconsistent with the confidential nature of the attorney client relationship waives the privilege.").

4

Exhibit C.  Plaintiffs then filed the affidavit and exhibit in support of their opposition to summary judgment.  After reviewing what had been filed, someone apparently read the exhibit closely and realized that it contained language that undermined the opinion that they wanted Dr. Roy to offer and the position they took in their summary judgment brief.  Then plaintiffs' counsel obtained or prepared a new exhibit – which Dr. Roy did not sign – omitting the harmful language, filed it with the Court, and claimed that the original exhibit was "privileged" and never intended to be filed.

This maneuvering raises serious issues regarding the integrity of the expert evidence submitted by the plaintiffs, and warrants the Court's attention.  If plaintiffs' counsel intentionally filed a document, then realized the document was unhelpful, and then sought to have the document substituted with a revised version by alleging that the original was a draft, that is improper, to say the least.  As things stand, plaintiffs' conduct calls into question what Dr. Roy's "true" opinions are, whether the language on the original Exhibit represents his actual opinions, and whether and how those opinions came to change.

The Court should deny plaintiffs' claims of privileged status and allow LNA to use the original Roy affidavit and exhibit.[5]  Alternatively, before ruling that the original Exhibit C is privileged, the Court should at a minimum permit LNA to depose Dr. Roy in order to probe these issues.  Otherwise, there is no way to test plaintiffs' questionable assertions concerning how and why the original Exhibit C came to be filed and whether the new document in fact reflects the witness's opinions.

---

[5] Ultimately, as LNA will show in its summary judgment reply memorandum, the Roy affidavit fails to raise any genuine disputes regarding any material fact – and that is true whether or not the original Exhibit C is treated as privileged or not.  However, the fact that the Roy affidavit is insufficient to overcome summary judgment does not mean that the Court should ignore the circumstances of its submission, or accord privileged or protected status to a document that does not warrant such protection.

## CONCLUSION

The Court should review the original and the revised Exhibit C *in camera*. It should then deny plaintiffs' request to "claw back" the Exhibit C to Dr. Roy's affidavit that was filed on September 20, 2011.

Dated: September 26, 2011				Respectfully submitted,

					Derek A. Walker (#13175)
					Robert B. Fisher, Jr., T.A. (#5587)
					**CHAFFE MCCALL, L.L.P.**
					2300 Energy Centre
					1100 Poydras Street
					New Orleans, LA  70163-2300
					Telephone:  (504) 585-7000
					Facsimile:  (504) 585-7075
					Fisher@chaffe.com
					Walker@chaffe.com

					 /s/ John D. Aldock
					John D. Aldock
					Richard M. Wyner
					Mark S. Raffman
					**GOODWIN PROCTER LLP**
					901 New York Avenue, N.W.
					Washington, DC  20001
					Telephone:  (202) 346-4240
					jaldock@goodwinprocter.com
					rwyner@goodwinprocter.com
					mraffman@goodwinprocter.com


					Daniel A. Webb (#13294)
					**SUTTERFIELD & WEBB, LLC**
					Poydras Center
					650 Poydras Street, Suite 2715
					New Orleans, LA  70130
					Telephone:  (504) 598-2715

					*Attorneys for Lafarge North America Inc.*