UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-418 |
| PERTAINS TO BARGE | |
| | SECTION "K" |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND/OR INDEFINITELY CONTINUE MOTION FOR SUMMARY JUDGMENT BY AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION**

MAY IT PLEASE THE COURT:

The American Steamship Owners Mutual Protection and Indemnity Association (The Club), Lafarge North America's primary P&I insurer at the time of events subject of the Plaintiffs demands, has, through its counsel, filed a Motion for Summary Judgment seeking to dispose pursuant to Fed. R. Civ. P. 56 of all Plaintiffs causes of action against The Club.  This Motion was, according to counsel for The Club, filed because the Court's July 26, 2011 Order at R. Doc. 20342 instructs that "defendants" are to file a Motion for Summary Judgment.  However, the motion is improper and untimely for a number of reasons.  First, the stay affecting all proceedings as to The Club (R. Doc. 14719 at p. 2) has not been lifted.  Second, the Plaintiffs have consequently been afforded no discovery whatsoever as to the claims and defenses pending between the Plaintiffs and the Club. Third, the backdrop against which this Order was rendered, that is, in denial of and alternative to the status conference *Plaintiffs and Lafarge* (*not* The Club) sought via their Joint Motion to Set Status Conference at R. Doc. 20331 lends no inference that The Club was at all subject of the Court's instruction that a Motion for Summary Judgment be

1

filed. Fourth, The Club's motion does not comport with Case Management Orders requiring a party to seek the Court's permission before bringing any Fed. R. Civ. P. 56 motion. Fifth and finally, there is no economy in entertaining The Club's motion when Lafarge itself has also filed a Fed. R. Civ. P. 56 motion seeking to dispose of all current Plaintiffs whose demands remain pending. The Club's exposure depends first upon Lafarge being found at fault.

1. *Stay Order.*

In response to Plaintiffs' desire in 2007 and 2008 to devise a schedule for discovery and an eventual Motion for Summary Judgment against The Club addressing coverage, this Honorable Court ruled that the declaratory action then pending between Lafarge and The Club in the Southern District of New York militated against this Court taking cognizance of or deciding any matters potentially also subject of the declaratory action. After briefing and an in-camera status conference, Your Honor ordered that all proceedings here would be stayed as to The Club. This fact is referenced in Your Honor's Order at R. Doc. 14719, p. 2. Since then, there has been no discernable lifting of the Stay.

2. *No Discovery.*

As a consequence of the Stay Order, Plaintiffs have not been allowed any discovery concerning the factual, contractual and other disputes at the heart of The Club's coverage defense. There has not even occurred any Rule 26 disclosure remotely satisfying The Club's duty to automatically afford Plaintiffs a first look at potential proof. Although Rule 56 permits the parties to move for summary judgment before discovery is completed, summary judgment motions usually are not appropriate at the very outset of

litigation. In fact, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. UnitedStates Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000); *see also Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706-708 (7th Cir. 2006) (in light of pending discovery motions, district court abused its discretion by granting summary judgment). If the motion seems premature, Fed.R.Civ.P. 56(d) allows the court to deny the motion, or defer ruling on it. *Fed. R. Civ. P. 56(d).* In fact, requests for additional time for discovery "are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot oppose." *Raby v. Livingston,* 600 F.3d 552, 561-562 (5th Cir. 2010). Please see Exhibit ____, Plaintiffs' Fed. R. Civ. P. 56(d) Declaration pertinent to the American Club coverage dispute. As this Declaration reflects, events pertinent to negotiating and securing cover, the terms and conditions of such cover, Lafarge's conduct relative to The Club's schedule of vessels covered by the policy, the meanings of words and phrases potentially affecting cover as used and understood by the parties to the contract, ascertaining the identities of persons and acquiring documents pertinent to the foregoing, and the opportunity to test all of such proof through typical motions practice - all customary to disclosure and discovery - have been given no means of advancement.

3.      *The July 26, 2011 Order at R. Doc. 20342.*

Lafarge North America and the Plaintiffs moved jointly for a status conference. The motion was denied, and instead, the Court "ordered that defendants shall file a Motion for Summary Judgment..." No reading of this Order by Plaintiffs' counsel led to any suspicion that it might pertain to The Club, not when The Club did not initiate or join

3

in the motion filed by Plaintiffs and Lafarge, not with a stay in effect, and not without any discovery whatsoever.  It was clear at all times that the Order pertained to Lafarge North America.  It is a strained reading of the Order and a disregard of its legal and historical context which affords a belief that The Club is implied by the language.  This Court has been much more deliberate in other procedural Orders, and there is no reason now that The Club should infer that the July 26, 2011 Order at R. Doc. 20342 would incorporate subtleties such as the tacit lifting of a stay or tacit denial of discovery.

4.      *Case Management Orders 4, 5 and 7.*

As Plaintiffs are aware and, and with which Plaintiffs have been compliant, Case Management Orders 4, 5 and 7 (CMO's 5 and 7 incorporating No. 4) require that a party wishing to bring a Fed. R. Civ. P. 56 motion must first seek the Court's permission.  R. Doc. 3299, p. 45, et seq.  Put simply, this has not happened as to The Club's Motion for Summary Judgment.

5.      *Economy.*

Whether the American Steamship Owners Mutual Protection and Indemnity Association issued to Lafarge an indemnity policy or a liability policy, it is true in any event that Lafarge must first be held to have been at fault for causing damage before the insurer can be held liable to anyone.  While proceedings against The Club have been stayed, The Club has been subject to no appreciable burden or expense in the suits pending here.  It is not necessary to entertain The Club's motion now, especially with Lafarge's dispositive motion pending.  The Plaintiffs respectfully suggest that the interests of judicial economy and the path of least burden to the parties dictate that The Club's motion be stricken or set aside for another time in the indefinite future.

## CONCLUSION

For the foregoing reasons, the Plaintiffs pray that the Motion for Summary Judgment brought by the American Steamship Owners Mutual Protection and Indemnity Association be continued indefinitely or stricken.

Respectfully submitted, September 30, 2011,

*/s/Brian A. Gilbert*
Brian A. Gilbert (21297)
**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
E-mail: bgilbert@briangilbertlaw.com

Lawrence A. Wilson (N.Y.S.B.A. #2487908)
**WILSON, GROCHOW, DRUKER**
233 Broadway, 5th Floor
New York, NY  10279
Telephone:  (212) 608-4400
Facsimile:  (212) 608-0746
e-mail:  lwilson@wgdnlaw1.com

Lawrence D. Wiedemann (#13457)
Karl Wiedemann (18502)
**WIEDEMANN AND WIEDEMANN**
100 Veterans Memorial Blvd., Ste.
Metairie, Louisiana 70005
Telephone: 504-581-6180
e-mail: ldwiedemann@gmail.com
karlwiedemannlaw@gmail.com

Patrick J. Sanders (18741)
**PATRICK J. SANDERS, LLC**
3316 Ridgelake Drive, Suite 100
Metairie, Louisiana 70002
Telephone: (504) 834-0646
e-mail: pistols42@aol.com

Shawn Khorrami (CA SBN #14011)

5

**KHORRAMI, POLLARD & ABIR, LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
e-mail: Skhorrami@kpalawyers.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile and/or ECF upload, this 30th day of September, 2011.

/s/ Brian A. Gilbert