UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| | SECTION "K" |
| PERTAINS TO BARGE | |

### FED. R. CIV. P 56(d) DECLARATION OF COUNSEL

I, undersigned counsel, hereby declare under penalty of perjury as provided by the laws of the United States of America and based upon personal knowledge:

1. I am counsel of record for the Plaintiffs, Barge Track, in the above captioned In Re Katrina Canal Breaches Consolidated Litigation.

2. Defendant, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (The American Club or The Club) issued a policy of primary P&I insurance to Defendant, Lafarge North America, Inc., in full force and effect at all times pertinent to the Plaintiffs' claims, demands and causes of action alleged herein.

3. The Club denies coverage as to the Plaintiffs' claims, demands, and causes of action herein, and has filed an improper and untimely Motion for Summary Judgment seeking dismissal as to all Plaintiffs whose suits are pending in this matter based solely and entirely upon a first-party declaratory action between The Club and Lafarge commenced in the United States District Court for the Southern District of New York, pursuant to the laws of the State of New York, whose subject matter was whether the insurance contract

between The Club and Lafarge affords coverage as to the Louisiana Plaintiffs' Federal and Louisiana state law claims, demands and causes of action pending here.

4. The Plaintiffs were not parties to that action, were provided no formal notice of that action, and were not participants in any of the discovery, if any, which occurred in that action.

5. In this action, the Court stayed any and all proceedings by Plaintiffs with respect to any coverage defenses alleged by The Club, and as a consequence, no Fed. R. Civ. P. 26 disclosures and no discovery whatsoever as to The Club have been permitted in this action.

6. Plaintiffs' ability to oppose The Club's Motion for Summary Judgment depends upon the Plaintiffs ability to obtain Rule 26 disclosures and to conduct discovery, especially against the backdrop of Louisiana statutory and jurisprudential law governing or affecting interpretation of contracts, rights of Louisiana tort victims as per the Louisiana Direct Action Statute and other applicable law not at issue in the New York declaratory action between The Club and Lafarge.

7. The Plaintiffs cannot effectively oppose The Club's Motion for Summary Judgment without discovery including and consisting of, *inter alia*, the following areas of inquiry salient to the claims and defenses at issue between the Plaintiffs and The Club:

    a. Selection, negotiation, drafting, purchase, acquisition, issuance and delivery of The Club policy;

    b. Any and all Lafarge risk management concerns, issues, decisions, policies and procedures affecting and/or affected by the acquisition and/or terms and provisions of the policy;

c.  Any and all customary or other conduct between The Club and Lafarge relative to the coverage terms and provisions of the policy;

d.  Any and all agreed or other interpretations or usages of the coverage terms and provisions of the policy;

e.  Identities of any and all persons with knowledge of facts relevant to the claims and defenses at issue between Plaintiffs and The Club;

f.  Any and all relevant knowledge held by agents, brokers, managers, or other personnel of The Club, any insurance agent(s) and Lafarge;

g.  Any and all knowledge as to inclusion or exclusion of transient vessels at the Lafarge France Road terminal and/or other Lafarge terminals or facilities;

h.  Any and all knowledge such as affords notice of transient barges as above;

i.  Any and all factual matters affecting interpretation and/or reformation of The Club policy provisions at issue;

j.  Nature, extent and effect of any ownership or insurable interest and/or matters affecting and/or affected by "or otherwise" and other inclusive language in the policy relative to cover;

k.  Nature, extent, and effect of any and all findings by Section C of this Honorable Court relative to Civil Action 05-4419, *In Re Ingram Barge Company Petitioning for Exoneration From And/Or Limitation of Liability*, etc., as matters of discoverable fact;

l.  Any and all American Club claims, accounting, rate setting, risk management, and/or underwriting policies, procedures, meetings, communications, writings, decisions,

evaluations, considerations, consultations and other matters relevant to claims and defenses between Plaintiffs and The Club in this matter;

m. Any facts and proof relevant to alleged bases for The Club's restriction or denial of cover;

n. Any and all matters tending to establish Plaintiffs rights as Claimants respecting said policy especially in light of the laws and statutes of the State of Louisiana;

o. Any and all other matters properly subject of Fed. R. Civ. P. 26, 30, also including 30(b)(5) and 30(b)(6), 31, 33, 34 and 36, and any and all other procedures or devices permitted or required by the Federal Rules, Local Rules and this Court's Case Management Orders.

8. Plaintiffs desire and are entitled to disclosures and discovery in accord with all applicable Federal Rules of Civil Procedure, Local Rules, and Orders of this Court, without which, Plaintiffs cannot fully litigate the claims and defenses herein or oppose The American Club's improper and premature Motion for Summary Judgment pending before this Court.

9. Barge Plaintiffs have filed a *Motion To Continue Indefinitely and/or to Strike Motion For Summary Judgment By American Steamship Owners Mutual Protection And Indemnity Association* whose bases include, without limitation, the foregoing.

New Orleans, Louisiana, September 30, 2011.

                                        BRIAN A. GILBERT
                                        Attorney for Barge Plaintiffs