UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO: LEVEE/MRGO<br><br>*KMART CORPORATION* (11- 02062) | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2)<br><br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR STATUS CONFERENCE AND FOR LEAVE OF COURT TO FILE RULE 12(b)(6) MOTION, OR, IN THE ALTERNATIVE, FOR REINSTATEMENT OF PREVIOUSLY FILED, BUT TERMINATED, RULE 12(b)(6) MOTION

**MAY IT PLEASE THE COURT:**

On September 13, 2011, defendant The Board of Commissioners of the Port of New Orleans (the "Dock Board"), in lieu of an Answer to the Complaint for Damages filed by Plaintiffs Kmart Corporation and Sears, Roebuck and Co. in Civil Action No. 11-02062, recently consolidated with the Katrina Litigation Umbrella herein, filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. 20430). The Motion was noticed for submission on October 19, 2011 (Doc. 20430-7). Several days later, however, in a September 16, 2011 ECF Notification, the district court "terminated" the Dock Board's Motion based upon a Stay Order (Doc. 10620) previously entered in the Katrina Litigation. See Doc. 20433. As explained more fully below, the Dock Board respectfully moves the Court for a Status Conference to discuss granting the Dock Board leave of Court to file a Rule 12(b)(6) motion to dismiss the claims of Plaintiffs in this action. In the alternative, and instead of

a formal Status Conference, the Dock Board requests that its previously filed, but terminated, Rule 12(b)(6) Motion (Doc. 20430) be reinstated and allowed to proceed to judgment with a date of submission convenient for the Court.

In January 2008, the Court entered a Stay Order, which states, in part, as follows:

> **IT IS ORDERED** that Defendant United States of America's Motion for a Stay of All Cases Apart from Barge, *Robinson*, and the Levee and MRGO Master Class Action Cases (Doc. 9057) is **GRANTED.** No further motion practice shall occur in any other matter concerning FTCA or AEA claims against the United States until the stay is lifted upon the resolution of the immunity issues inherent therein as proceeding under the CMO No. 4 in the Master Complaints, Barge and *Robinson*. The United States shall provide the Court with a specific list of the cases and case numbers of these matters.

Order and Reasons at p. 2 (Doc. 10620)(emphasis in original). A short time thereafter, the Court entered an Amended Order (Doc. 10723) wherein it authorized a party to seek leave of Court to file a substantive motion in a stayed action by moving the Court for a Status Conference to discuss why such a motion should be allowed to proceed. The Dock Board now seeks such a Status Conference and leave of Court to file a Rule 12(b)(6) motion for the reasons stated below.

In the past, this Honorable Court has entertained and granted the Dock Board's Motion for Judgment on the Pleadings (Doc. 13708) that had been filed after the entry of the Stay Order (Doc. 10620) and dismissed the meritless claims of other Plaintiffs in late-filed Katrina actions categorized in the Stay Order as "tag-alongs." See Order and Reasons (Doc. 16192)(attached as Exhibit D). Similarly, after the entry of the Stay Order (Doc. 10620), this Court also entertained and granted the Dock Board's Motion for Judgment on the Pleadings (Doc. 13670) in other Levee category actions where the

- 2 -

United States had been named as a defendant. See Order and Reasons (Doc. 16352) (attached as Exhibit E).

In support of permitting the Dock Board to proceed with a Rule 12(b)(6) motion, the Dock Board respectfully suggests that the meritless and time-barred claims that Plaintiffs Kmart Corporation and Sears, Roebuck and Co. have belatedly filed against the Dock Board alleging negligence and strict liability, and seeking to recover damages for the flooding associated with Hurricane Katrina, are simply a rehash of the allegations against the Dock Board that this Honorable Court and the U.S. Fifth Circuit Court of Appeals have previously dismissed as a matter of law. See In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Levee Master Class Action), 2007 WL 3003001 (E.D.La. 10/12/2007)(J. Duval)(Doc. 8389)(attached as Exhibit A), aff'd, In Re: Katrina Canal Breaches Litigation, No. 08-30234, 309 Fed.Appx. 836 (5th Cir. 03/04/2009)(Doc. 18125)(attached as Exhibit B); In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5116, 06-5127, 06-7682, 06-5118, 06-5128, 06-5131, 06-5132, 06-5134, 06-5137, 06-5140, 06-5142), 2007 WL 3353296 (E.D.La. 11/07/2007)(J. Duval)(Doc. 8913)(attached as Exhibit C); In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 07-4775, 07-5184, 07-5186, 07-5187), 2008 WL 4875680 (E.D.La. 10/28/2008)(J. Duval)(Doc. 16192)(attached as Exhibit D); and In Re Katrina Canal Breaches Consolidation Litigation, No. 05-4182 (Pertaining to Nos. 06-5131, 06-5132, 06-5134, 06-5137, 06-5140), 2008 WL 4899449 (E.D.La. 11/12/2008)(J. Duval)(Doc. 16352)(attached as Exhibit E). As explained more fully in the Dock Board's terminated Rule 12(b)(6) motion (Doc. 20430), in those actions this Court held that the Dock Board

could not be found liable for the design, construction, maintenance, or failure of the levees and floodwalls associated with the Industrial Canal, as a matter of law, because the Louisiana Legislature had exclusively delegated those duties to another state agency.

Accordingly, because the claims that Plaintiffs herein are attempting to assert against the Dock Board have already been dismissed, as a matter of law, several times before in the Katrina Litigation, it is believed that a swift disposal of the Plaintiffs' action against the Dock Board can be achieved via the simple expedient of a Rule 12(b)(6) motion. The alternative of requiring the Dock Board to file an Answer to a Complaint wholly lacking in merit and remain active in a case for an indefinite period of time contradicts traditional notions of fairness and judicial economy.

Based on the foregoing reasons, the Dock Board respectfully requests that this motion be granted and that the Dock Board be permitted leave of Court to file a Rule 12(b)(6) motion in this action. In the alternative, and in lieu of a formal Status Conference, the Dock Board requests that this Honorable Court reinstate the Dock Board's previously filed, but terminated, Rule 12(b)(6) Motion (Doc. 20430) herein and allow that motion to proceed to judgment with a date of submission convenient for the Court.

Respectfully submitted,

DAIGLE FISSE & KESSENICH, PLC

BY:  /s/ Kirk N. Aurandt
J. FREDRICK KESSENICH, T.A. (7354)
MICHAEL W. MCMAHON (23987)
JON A. VAN STEENIS (27122)
KIRK N. AURANDT (25336)
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the Court's ECF system, this 7th day of October, 2011.

/s/ Kirk N. Aurandt
KIRK N. AURANDT