UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES　　　　　　　　　　CIVIL ACTION
CONSOLIDATED LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 05-4182

PERTAINS TO: 05-4181, 05-4182, 05-4191　　　　　　SECTION "K"(2)
05-4568, 05-5237, 05-6037, 05-6314,
05-6324, 05-6327, 05-6359, 06-0020,
06-1885, 06-0225, 06-0886, 06-11208,
06-2278, 06-2287, 06-2346, 06-2545,
06-3529, 06-4065, 06-4389, 06-4634,
06-4931, 06-5032, 06-5042, 06-5159,
06-5163, 06-5367, 06-5471, 06-5771,
06-5786, 06-5937, 06-7682, 07-0206,
07-0647, 07-0993, 07-1284, 07-1286,
07-1288, 07-1289

PERTAINS TO LEVEE

## ORDER AND REASONS

Before the Court is a Motion for Judgment on the Pleadings (Doc. 5522) filed by the Board of Commissioners for the Port of New Orleans ("the Dock Board") who moved pursuant to Fed. R. Civ. P. 12(c) for the dismissal of all claims asserted against it in the Superseding Master Consolidated Class Action Complaint. Plaintiffs allege fault on the part of the Dock Board with respect to the alleged levee and/or flood gate failures along the Inner Harbor Navigation Canal ("IHNC"). They claim that the IHNC levees and/or flood gates were within the *garde* of the Dock Board, that the Dock Board was negligent in its failure to insure the adequacy of the design composition, construction and maintenance of the IHNC levees and flood gates, and that the IHNC levees and floodgates contained vices and defects rendering the Board strictly liable pursuant to La. Civ. Code arts. 2317 ad 2317.1. (Doc. 3420, ¶¶262-266).

No opposition to this motion has been filed and as such the motion can be granted as



unopposed. Furthermore, the Court finds the motion to have merit.

As this Court has noted before, The Louisiana legislature enacted subsection H of La. Rev. Stat. 9:2800 which concerns limitation of liability for public bodies. It states:

> H.    (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post-hurricane restoration, repair, cleaning, and construction.
>
>    (2) The provision of this subsection shall expire on August 30, 2008.
>
>    (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
>
>    (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

La. Rev. Stat. 9:2800(H).[1] By operation of this statute, all claims for defalcations arising from the garde of any levee or flood gates are barred if brought against a public body.

Furthermore, the maintenance of the levees involved would be the duty of the Orleans Levee District, not the Dock Board. It is primarily the state's duty to protect citizens from damage by flood which is inherent within its police power. " Such power, however, belongs to the state; the police power may be exercised by agencies of the state only under a delegation of authority. The state retains the right to recall, abrogate of modify the delegation. *Board of Comers of Orleans Levee Dist. v. Dept. of Natal Resources of the State of Louisiana,* 493 So.2d 281, 288-89 (La. 1986). Thus, a levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection. *Id.*

---

[1] The only reported case that the Court could find on this section is *Burmaster v. Plaquemines Parish Government*, 2007 WL 2460220 (La. August 31, 2007) wherein the Supreme Court refused an appeal by the State of Louisiana where apparently a trial court discussed in its reasons the unconstitutionality of this act, but the judgment did not contain a declaration that the act was unconstitutional. Thus, the Louisiana Supreme Court found that there was no basis for the exercise of the court's appellate jurisdiction.

This delegation is manifested in La. Rev. Stat. 38:281(6) which provides that a levee district "means a political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits." In addition, La. Rev. Stat. 38:325(A)(1) and (2) mandates that levee boards engage in any activities related to flood protection and maintenance of levees. Finally, La. Rev. Stat. 38:307 provides that the Orleans Levee District "shall have full and exclusive right, jurisdiction, power, and authority" with respect to the levees. Thus, these claims are without merit. Accordingly,

**IT IS ORDERED** that the Motion for Judgment on the Pleadings filed by the Board of Commissioners for the Port of New Orleans (Doc. 5522) is **GRANTED**.

New Orleans, Louisiana, this  12th  day of October, 2007.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**