U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  MAR - 4 2009

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2009

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-30234

D.C. Docket No. 2:07-CV-206
2:06-CV-5786
2:06-CV-5771
2:06-CV-4389
2:06-CV-1885
2:05-CV-4181
2:05-CV-4182  K

IN RE: KATRINA CANAL BREACHES LITIGATION
------------------------------------------

MAUREEN O'DWYER; SALLY EGERTON RICHARDS; STEPHANIE PORTER, doing business as Interior Specialties LLC; SHEILA JORDAN JORDAN; CHARLES EDWARD JORDAN,

    Plaintiffs - Appellants

v.

BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

    IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: MAR 2 2009

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.



EXHIBIT B

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30234

IN RE: KATRINA CANAL BREACHES LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAUREEN O'DWYER et al.

              Plaintiffs-Appellants

v.

BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS

              Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

   Plaintiffs-Appellants Maureen O'Dwyer et al. ("O'Dwyer") appeal the district court's grant of Rule 12(c) judgment on the pleadings in favor of Defendant-Appellee Board of Commissioners of the Port of New Orleans ("the Port"). O'Dwyer's appeal is without merit because it attempts to argue (1) an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue that was not raised or ruled upon below; and (2) an issue that relates to an alternative ground not essential to the district court's decision. Accordingly, we affirm the district court's judgment.

On August 17, 2006, O'Dwyer filed a class action lawsuit in the Eastern District of Louisiana seeking to recover damages for the levee breaches and flooding caused by Hurricane Katrina; the Port was among the many defendants named in this suit. O'Dwyer's suit was consolidated within the *In re: Katrina Canal Breaches Litigation* umbrella, and the claims at issue here were assigned to the "Levee" category.

On March 1, 2007, the district court issued Case Management Order No. 4 pursuant to Federal Rule of Civil Procedure 16. This pre-trial order directed all class-action plaintiffs in the Levee category ("Levee Plaintiffs") to file a single Master Consolidated Class Action Complaint ("Master Complaint"). The order specifically stated that the Master Complaint "shall supersede and replace all previously filed class action complaints." The Levee Plaintiffs complied with the order and filed a Master Complaint, which alleged that the Port held full responsibility and duty for the design, construction, and maintenance of certain levees in New Orleans and that the Port was therefore liable for any flood damage attributable to the failure of those levees.

O'Dwyer filed a "Notice of Objection" to the Master Complaint, asserting that the district court did not have the authority to supersede O'Dwyer's pleadings and objecting to the Master Complaint's use of the word "superseding." O'Dwyer offered no reasoning or authority in support of this objection.

The Port filed an answer to the Master Complaint on March 30, 2007, and subsequently moved for judgment on the pleadings, seeking to dismiss all the Master Complaint's claims against the Port for failure to state a claim upon which relief could be granted. No party opposed the Port's motion.

No. 08-30432

On October 12, 2007, the district court issued an order and reasons granting the Port's motion for judgment on the pleadings. The district court noted that the motion was unopposed and granted the motion on the ground that the Port had no duties or responsibilities under Louisiana law with respect to levee maintenance or flood control; rather, the court held that La. Rev. Stat. § 38:307 vested such duties and responsibilities exclusively in another state agency, the Orleans Levee District. No party filed a motion for reconsideration or a new trial in response to the district court's grant of the Port's motion for judgment on the pleadings, and on November 7, 2007, the Port filed a motion for entry of final judgment under Rule 54(b). Again, no party opposed the motion. Thus, on January 15, 2008, for the reasons stated in its order and reasons dated October 12, 2007, the district court entered judgment dismissing with prejudice the claims by O'Dwyer and others against the Port. O'Dwyer timely appealed, and we now affirm.

O'Dwyer argues that the district court erred in granting judgment on the pleadings because it failed to consider the arguments presented in O'Dwyer's individual complaint but not presented in the Master Complaint. However, this argument lacks merit because the Master Complaint, filed pursuant to the district court's Rule 16 pre-trial order, superseded O'Dwyer's individual complaint. It is well settled that "[o]nce the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (citing *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir. 1992); *Flannery v. Carroll*, 676 F.2d 126, 129-30 (5th Cir. 1982)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ("Here, we have not only an amended complaint, but a final pretrial order that superseded all prior pleadings and 'controll[ed] the subsequent course of the action'") (citing

3

Fed. R. Civ. P. 16(e); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . . .")). Here, the district court entered a Rule 16 pre-trial order stating that the Master Complaint "shall supersede and replace all previously filed class action complaints." Thus, O'Dwyer's individual complaint was superseded, and, contrary to O'Dwyer's assertions, any arguments or claims that appear in O'Dwyer's individual complaint but not in the Master Complaint were waived and cannot be considered on appeal.[1] *See, e.g., Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 335 (5th Cir. 2008) ("If a claim or issue is omitted from the [pretrial] order, it is waived . . . ." (alteration in original)); *Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 245 (5th Cir. 2005) ("It goes without saying that a pre-trial order controls the scope and course of trial; a claim or issue not included in the order is waived . . . ."); *Elvis Presley Enters.*, 141 F.3d at 206.[2]

---

[1] Even if we were to consider the allegations in O'Dwyer's individual complaint, we would still find that the district court properly granted judgment on the pleadings because the allegations in O'Dwyer's individual complaint do not differ materially from those in the Master Complaint, which, as discussed *infra*, were properly dismissed in light of La. Rev. Stat. § 38:307.

[2] Alternatively, O'Dwyer contends that the district court should have allowed amendment of O'Dwyer's individual complaint before granting the Port's motion for judgment on the pleadings. However, this argument again fails to understand that the Master Complaint, rather than O'Dwyer's individual complaint, was the relevant document for the district court to consider in evaluating whether judgment on the pleadings was proper. To the extent that O'Dwyer argues that the district court erred in not permitting amendment to the Master Complaint, such an argument is waived because neither O'Dwyer nor any other plaintiff filed before the district court a motion to amend the Master Complaint or a motion for reconsideration of the district court's judgment on the pleadings. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 189 (5th Cir. 2007) ("As the issue has not been clearly raised in front of the district court, it cannot be considered on appeal."); *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("[I]f a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court. If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.").

4

No. 08-30432

We decline to address O'Dwyer's argument that the district court erred in alternatively basing its decision upon La. Rev. Stat. § 9:2800(H). As an independent ground for granting the Port's motion, the district court relied on La. Rev. Stat. § 38:307, which gives the Orleans Levee District, not the Port, "full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects." La. Rev. Stat. § 38:307 (emphasis added). Based on § 38:307, the district court concluded that the Levee Plaintiffs could prove no set of facts showing, as the Master Complaint alleged, that the Port was responsible and liable for the design, construction, maintenance, or failure of the levees and floodgates. We agree, and we hold that because the district court properly granted the Port's motion under § 38:307, any error in its alternative reliance on § 9:2800(H) would be harmless.

Finally, O'Dwyer argues that the district court and the attorneys primarily responsible for producing the Master Complaint were improperly motivated by conflicts of interest and personal bias. However, these issues are not properly presented in this appeal because O'Dwyer did not include them in her notice of appeal. *Cf. In re Katrina Canal Breaches Litig.*, No. 08-30362, 2008 WL 5069808 at *1 (5th Cir. 2008) (unpublished per curiam) ("O'Dwyer has filed, and the district court denied, two motions to recuse the district judge. Neither of the motions to recuse is part of this appeal. . . . We will not address issues that are not relevant to this appeal.").

For these reasons, the judgment of the district court is AFFIRMED.

5

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. (504) 310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130
www.ca5.uscourts.gov

March 02, 2009

Ms. Loretta Whyte
U. S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 08-30234, In Re: Katrina Canal, et al
        USDC No. 2:05-CV-4182
        USDC No. 2:05-CV-4181
        USDC No. 2:06-CV-1885
        USDC No. 2:06-CV-4389
        USDC No. 2:06-CV-5771
        USDC No. 2:06-CV-5786
        USDC No. 2:07-CV-206

Enclosed, for the United States District Court for the Eastern District of Louisiana at New Orleans only, is a copy of the court's opinion.

Enclosed, for the United States District Court for the Eastern District of Louisiana at New Orleans only, is a copy of the judgment issued as the mandate.

Record/original papers/exhibits is being retained in case 07-30706 - In Re: Katrina.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: *[signature]*

Nancy F. Dolly, Deputy Clerk
504-310-7683

cc: (letter only)
    Mr. Kirk N Aurandt
    Honorable Stanwood R. Duval Jr.
    Mr. John Fredrick Kessenich
    Mr. Ashton R O'Dwyer Jr.
    Mr. Jonathan H Sandoz

Form Name: Mandate Issued - MDT-1 (!ag,tax,img)