UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" |
| PERTAINS TO BARGE | |

### RESPONSE TO LAFARGE NORTH AMERICA'S MOTION
### FOR IN CAMERA REVIEW

Lafarge urges three arguments in its Motion, all of which are equally without basis.  The first is that defendants claim that *Dr Roy intended to attach the draft Exhibit C* to his affidavit because he initialed it and the page was numbered.  The second argument builds on the first, in that defendant also mistakenly argues that the inadvertently attached draft Exhibit C was *not inadvertently disclosed*; and the third and most desperate argument is that *plaintiff's counsel drafted a new exhibit which Dr. Roy did not sign and apparently did not know about;* defendants go on to say that plaintiff's conduct *calls into question what Dr. Roy's true opinions are and whether "the new document reflects the witness' opinions."* [1]

---

[1] The first and third arguments, Lafarge's claims that Dr. Roy *intended* the error, and that Plaintiffs are trying to rewrite his opinion and create a misleading record, are both baseless.  Dr. Roy's opinion is clearly set out in the body of his Affidavit.  His clear certainty expressed there does not comport with tentative, preliminary comments to counsel in the draft exhibit, which Lafarge seeks to characterize as intentionally included.  This is a nonsensical accusation.

All of defendant's arguments are specious and belied by the affidavit of Dr. Roy attached hereto. Simply stated Dr. Roy affirmed in his attached affidavit that the inclusion of a draft exhibit to his report was inadvertent; that he inadvertently attached it to his affidavit, and initialed, a preliminary draft of Exhibit C that was not intended for inclusion in his final report and that his opinions are expressed in his sworn affidavit, not in the preliminary draft Exhibit C that was mistakenly attached to his report. See Roy affidavit attached hereto and made a part hereof.

Defendant, as part of its second argument that the document was not inadvertently disclosed, also discusses Fed. R. Evid. 502(b), and claims that plaintiffs have not taken reasonable steps to prevent disclosure. What defendant fails to inform this Court is that when the inadvertently attached Exhibit C to Dr. Roy's report was uploaded to Pacer it *did not upload properly*. Specifically, defense counsel wrote, "*We also request a complete copy of the graphic [Exhibit C] that appears at page 14 of Dr. Roy's affidavit, which appears to have been cut off in the version that was filed with the court*." **Exhibit A**, (Wed, Sep 21, 2011 at 4:37 PM, Raffman, Mark S (mraffman@goodwinprocter.com)

Plaintiff's counsel advised defendant shortly after receiving the above referenced email from defense counsel that Dr. Roy's affidavit [Exhibit C] contains inadvertently imbedded preliminary findings protected under CMO's Nos. 4, 5 and 7, and subject to the clawback provisions of one of the master protective orders and that plaintiff's would be filing an errata shortly. As Dr. Roy's Affidavit accompanying this Response attests, the

mistaken inclusion of a preliminary draft to counsel and uploaded to pacer was just that - a mistake, even with Dr. Roy's initials and a page number included.[2]

Plaintiffs' counsel admit not detecting Dr. Roy's inadvertence until after uploading the Plaintiffs' Opposition to Lafarge's Motion for Summary Judgment. Plaintiffs counsel also admit some very long days and late nights preparing Plaintiffs' Opposition to Lafarge's Motion for Summary Judgment, amidst anticipation of and planning for Lafarge's other filings since then. Mere fatigue caused an inadvertent filing by plaintiff's counsel, nothing else.

When Plaintiffs counsel did act, by filing Plaintiffs Errata and Clawback Notice, it was with confidence that applicable Case Management Order provisions, Fed. R. Civ. P. 26(b)(5)(b), and Federal Rule of Evidence 502(b) afford governance and remedies the Court can impose without the necessity of separate motions to strike or seal the document. Not all of the document was erroneously compiled and uploaded, just the one page containing Exhibit C, and this page, as defendant's email admits, did not even upload properly. It simply contains a comment that was in a preliminary document, inadvertently filed and does not reflect Dr. Roy's sworn opinion set forth in his affidavit, and should not be used for discovery, as proof, or be shown to the trier of fact. Lafarge's suggestion that privilege is waived unless Plaintiffs do exactly as Lafarge (says it) would

---

[2] Lafarge's overwrought analysis of the initials and a page number is absurd. Of course, the mistaken Exhibit C had Dr. Roy's initials and page numbers - precisely because of it being inadvertently attached to his affidavit. It was part of an Affidavit whose every page had his initials and a page number. Why would a preliminary Exhibit C mistakenly inserted into that Affidavit *not* bear the same initials or pagination as every other page? It would! Likewise, why would the correct Exhibit C necessarily look the same when it was only uploaded *after* Dr. Roy's affidavit was signed with the incorrect Exhibit C attached? Lafarge's baseless suggestion of significance is absurd.

have done is absurd.  Plaintiff has taken reasonable steps, by immediately filing an errata and moving under the CMO's and master clawback provisions governing this case.

Defendant's motion is without merit and should be denied in its entirety

October 7, 2011

          Respectfully submitted,

          */s/Brian A. Gilbert*
          Brian A. Gilbert (21297)
          **LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**
          2030 St. Charles Avenue
          New Orleans, Louisiana 70130
          Telephone: (504) 598-1000
          Facsimile: (504) 524-1024
          E-mail: bgilbert@briangilbertlaw.com

          Lawrence A. Wilson (N.Y.S.B.A. #2487908)
          **WILSON, GROCHOW, DRUKER**
          233 Broadway, 5th Floor
          New York, NY  10279
          Telephone:  (212) 608-4400
          Facsimile:  (212) 608-0746
          e-mail:  lwilson@wgdnlaw1.com

          Lawrence D. Wiedemann (#13457)
          Karl Wiedemann (18502)
          **WIEDEMANN AND WIEDEMANN**
          100 Veterans Memorial Blvd., Ste. 444
          Metairie, Louisiana 70005
          Telephone: 504-581-6180
          e-mail: ldwiedemann@gmail.com
          karlwiedemannlaw@gmail.com

          Patrick J. Sanders (18741)
          **PATRICK J. SANDERS, LLC**
          3316 Ridgelake Drive, Suite 100
          Metairie, Louisiana 70002

Telephone: (504) 834-0646
e-mail: pistols42@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record, by United States Mail, postage prepaid and properly addressed, facsimile and/or ECF upload, this October 7, 2011.

*/s/ Brian A. Gilbert*