UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION |
| | * * | NO. 05-4182 and consolidated cases |
| PERTAINS TO: BARGE | * * | SECTION "K" (2) |
| *Boutte v. Lafarge*   05-5531 | * | |
| *Mumford v. Ingram*   05-5724 | * | |
| *Lagarde v. Lafarge*   06-5342 | * | JUDGE |
| *Perry v. Ingram*   06-6299 | * | STANWOOD R. DUVAL, JR. |
| *Benoit v. Lafarge*   06-7516 | * | |
| *Parfait Family v. USA*   07-3500 | * | MAGISTRATE |
| *Weber v. Lafarge*   08-4459 | * | JOSEPH C. WILKINSON, JR. |

**LAFARGE NORTH AMERICA, INC.'S RESPONSE TO PLAINTIFFS' "STATEMENT OF UNDISPUTED MATERIAL FACTS OMITTED BY LAFARGE"**

Defendant Lafarge North America Inc. ("LNA") responds to plaintiffs' "Statement of Undisputed Material Facts Omitted by Lafarge" (Doc. 20441-1, at pp. 78-79) as follows:

**Plaintiffs' fact No. 1:** It is undisputed that the court evaluated the credibility of witnesses in making its ruling following the bench trial in *In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.*

Response:

1. This is not a material "fact," but rather is plaintiffs' interpretation of the January 20, 2011, Findings of Fact and Conclusions of Law ("FFCL"). Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any credibility findings the Court may have made in the FFCL.

3. The result that the Court reached in the FFCL did not depend upon credibility determinations, but instead depended on "fundamental laws of physics" (FFCL at 15) showing that at all relevant times the wind was blowing the barge "towards

      the west and away from the east bank where the breaches occurred." FFCL at 17. The Court found that plaintiffs' contrary contentions "belie physics and common sense." *Id.*

4. This allegation is void for vagueness because it does not identify the issue(s) on which the Court allegedly made credibility determinations in the FFCL or explain why those determinations serve to overcome summary judgment.

5. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 2: It is undisputed that the court weighed the evidence in making its ruling following the bench trial in *In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.***

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any weighing of evidence the Court may have undertaken in the FFCL.

3. The result that the Court reached in the FFCL did not depend upon the weighing of evidence from which a reasonable factfinder might have found in favor of one party or the other, but instead depended on "fundamental laws of physics" (FFCL at 15) showing that at all relevant times the wind was blowing the barge "towards the west and away from the east bank where the breaches occurred." FFCL at 17. The Court found that plaintiffs' contrary contentions "belie physics and common sense." *Id.*

4. This allegation is void for vagueness because it does not identify the issue(s) on which the Court allegedly weighed evidence in the FFCL or explain why any such weighing serves to overcome summary judgment.

5. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The

> Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 3:** **It is undisputed that the court resolved factual disputes in making its ruling following the bench trial in** *In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.*

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any resolution of factual disputes the Court may have undertaken in the FFCL.

3. The result that the Court reached in the FFCL did not depend upon resolving any factual disputes as to which a reasonable factfinder might have found favor of one party or the other, but instead depended on "fundamental laws of physics" (FFCL at 15) showing that at all relevant times the wind was blowing the barge "towards the west and away from the each bank where the breaches occurred." FFCL at 17. The Court found that plaintiffs' contrary contentions "belie physics and common sense." *Id.*

4. This allegation is void for vagueness because it does not identify the issue(s) on which the Court allegedly resolved factual disputes in the FFCL or explain why any such weighing serves to overcome summary judgment.

5. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 4:** **It is undisputed that the court gave greater weight to Defendant's witness testimony than Plaintiffs' on the presence and location of the barge at the time of the hurricane in making its ruling following the bench trial in** *In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.*

3

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any weighing of evidence the Court may have undertaken in the FFCL.

3. The result that the Court reached in the FFCL did not depend upon the weighing of evidence from which a reasonable factfinder might have found in favor of one party or the other, but instead depended on "fundamental laws of physics" (FFCL at 15) showing that at all relevant times the wind was blowing the barge "towards the west and away from the each bank where the breaches occurred." FFCL at 17. The Court found that plaintiffs' contrary contentions "belie physics and common sense." *Id.*

4. To the extent this allegation refers to plaintiffs' contention that the barge broke from its moorings on August 28, 2005 (before Hurricane Katrina arrived) and was seen near the Claiborne Avenue bridge that afternoon, that allegation is irrelevant because, as the Court held, "there is no possible way for a Barge without motor power to travel north from close to the Claiborne Bridge along the canal to near the Florida Avenue Bridge with the wind blowing from the north." FFCL at 17.

5. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 5:  It is undisputed that the Court determined that the testimony of Plaintiffs' expert, Dr. David Mitchell was "unconvincing" in making its ruling following the bench trial in** *In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.*

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

4

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any determination that the Court may have made in the FFCL.

3. Plaintiffs have taken the term "unconvincing" out of context. In fact, in addressing Dr. Mitchell's testimony that microbursts can produce "omnidirectional winds," the Court concluded that his "testimony and this theory are unconvincing for a number of reasons." FFCL at 18. The Court found that Dr. Mitchell relied on "non-'dealiased' radar data" that "rendered Dr. Mitchell's opinions unreliable." FFCL at 18. The Court also rejected his conclusions because "no evidence was presented to demonstrate, nor can this Court envision, that a three to five second wind burst(s) occurred, and if so, such was or were sufficient to move the Ingram Barge in the manner which is required for plaintiffs' theory of the case to be based in reality." FFCL at 19. Thus, the Court rejected Dr. Mitchell's conclusions as "unreliable" and as failing to establish facts that the plaintiffs would have to prove in order to prevail.

4. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 6:** **It is undisputed that the Court determined the Defendant's expert testimony was more convincing than Plaintiffs' expert testimony as to causation in making its ruling following the bench trial in** *In re Katrina Consolidated Canal Breach Litigation,* *C.A. No. 05-5724 and C.A. No. 06-7516.*

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any determination the Court may made in the FFCL.

3. This allegation is irrelevant because the Court did not consider expert evidence from which a reasonable factfinder might have found in plaintiffs' favor. To the extent the Court found LNA's experts "convincing" and not plaintiffs' experts, such a finding cannot be taken to imply that a reasonable factfinder could have found the converse to be true. Rather, the entire thrust of LNA's motion is that any reasonable factfinder would have to arrive at the same result – *i.e.*, that no

5

reasonable jury could possibly find for the plaintiffs because, among other things, plaintiffs' expert evidence totally fails to provide any basis for a finding that the barge was or could have been present at the IHNC floodwall when the breaches occurred.

4. In the FFCL, the Court held that: "Simply put, the Barge did not do it." FFCL at 41. It also found that "there is overwhelming evidence that the ING 4727 did not cause in any manner cataclysmic flooding of the Lower Ninth Ward." *Id.* The Court thus reviewed the factual record and made findings from which it can be concluded here, based on the factual record, that there is no *genuine* issue as to any fact in dispute. See Fed. R. Civ. P. 56(c)(2) ("no genuine dispute as to any material fact").

**Plaintiffs' fact No. 7: It is undisputed that the Court determined the testimony of Plaintiffs' witnesses were not credible as to causation in making its ruling following the bench trial in** ***In re Katrina Consolidated Canal Breach Litigation, C.A. No. 05-5724 and C.A. No. 06-7516.***

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any credibility findings the Court may have made in the FFCL.

3. The result that the Court reached in the FFCL did not depend upon credibility determinations, but instead depended on "fundamental laws of physics" (FFCL at 15) showing that at all relevant times the wind was blowing the barge "towards the west and away from the each bank where the breaches occurred." FFCL at 17. The Court found that plaintiffs' contrary contentions "belie physics and common sense." *Id.*

4. None of the plaintiffs' fact witnesses on the issue of causation creates a genuine issue of material fact.

    o Arthur Murph *never* testified that he saw the barge strike the floodwall, but instead testified that he first saw the barge after the breach had occurred and the floodwaters had risen "as high as the gutter" on his home. Murph Tr. 700:7-9 (SMF Ex. 1.F).

    o Sidney Williams did not even appear at the 2010 trial. His deposition testimony was "contradictory" (FFCL at 32) with an interview he gave wherein he stated that the first time he saw the barge it was "over the

6

    wall"; "[w]e didn't know it had done broke the wall"; "it sounded more like they blew the wall"' and "I truly honest believe, man, that barge did not break that wall." FFCL at 31-32. Even plaintiffs' expert rejected Mr. Williams' account from his deposition. Marino Tr. 1315:8-18 (SMF Ex. 1.I).

- Terry Adams did not identify the object he saw as being a barge. Adams Tr. 261:24-25, 262:7, 264:9 (SMF Ex. 1.A). He was 2,950 feet away from the South Breach at the time he allegedly observed a "big object." 280:6-7. Those conclusions did not require the Court to find that Mr. Adams was not credible, but just that his account did not show that the barge caused the South Breach. Further, as the Court found, even if plaintiffs' gloss on Mr. Adams' testimony were accepted, that testimony would require the barge to "be moving in a direction contrary to the prevailing winds which have been established beyond peradventure," which was impossible. FFCL at 24.

- William Villavasso's deposition testimony did not establish that the barge was present at the site of the North Breach. The Court concluded that Mr. Villavasso had not seen a barge at the North Breach site because of his "equivocal" testimony about what he saw in the dark conditions without the benefit of his glasses, and because the "tip" of the object he described seeing could not possibly have been the barge since if the barge were at the North Breach site, it would have been sticking up 14 feet above the floodwall. FFCL at 23. Those conclusions did not require the Court to find that Mr. Villavasso was not credible, but just that his account did not show that the barge was at the North Breach site.

**Plaintiffs' fact No. 8: It is undisputed that the Court determined that the testimony of Plaintiffs' expert, Hector Pazos, was "not persuasive" in making its ruling following the bench trial in *In re Katrina Consolidated Canal Breach Litigation*, C.A. No. 05-5724 and C.A. No. 06-7516.**

1. This is not a material "fact," but rather is plaintiffs' interpretation of the FFCL. Nothing about this allegation controverts any of the facts set forth in LNA's statement of undisputed material facts in support of summary judgment (Doc. 20405-2). This allegation is therefore irrelevant to the present motion.

2. This allegation is irrelevant to LNA's pending summary judgment motion because the motion is supported by undisputed record evidence, the truth of which does not depend upon any credibility findings the Court may have made in the FFCL.

3. Plaintiffs' reference to the Court's finding that Mr. Pazos' testimony was "not persuasive" is taken out of context. Those words come from the Court's finding that the barge did not cause the North Breach. The Court reached that conclusion

7

because no force could have moved the barge to the site of the North Breach before the breach occurred (FFCL at 15-21), and therefore it was "impossible" for the barge to have caused the North Breach. FFCL at 24. The Court therefore found Mr. Pazos' testimony that the barge caused the North Breach "unavailing and not persuasive" because he was claiming the barge did something that was "impossible."

4. There is independent evidence in the summary judgment record confirming the Court's earlier finding that Mr. Pazos' claim that the barge caused the North Breach was "impossible." See LNA's Statement of Undisputed Material Facts (Doc. 20405-2) at ¶ 36 (utility pole would have been in the path of the barge had the barge been present at or near North Breach site); at ¶ 37 (barge would have toppled the pole; quoting Pazos Tr. 881:21-25 ("there's no way the barge would have missed that phone pole")).

Dated: October 11, 2011                    Respectfully submitted,

                                                  Derek A. Walker (#13175)
Robert B. Fisher, Jr., T.A. (#5587)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Fisher@chaffe.com
Walker@chaffe.com

 /s/ John D. Aldock
John D. Aldock
Richard M. Wyner
Mark S. Raffman
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4240
jaldock@goodwinprocter.com
rwyner@goodwinprocter.com
mraffman@goodwinprocter.com

Daniel A. Webb (#13294)
**SUTTERFIELD & WEBB, LLC**
Poydras Center
650 Poydras Street, Suite 2715
New Orleans, LA 70130
Telephone: (504) 598-2715

*Attorneys for Lafarge North America Inc.*